UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| | * | |
| FILED IN: 05-4181, 05-4182, 05-5237, 05-6073, | * | |
| 05-6314, 05-6324, 05-6327, 05-6359, | * | |
| 06-0225, 06-0886, 06-1885, 06-2152, | * | |
| 06-2278, 06-2287, 06-2824, 06-4024, | * | |
| 06-4065, 06-4066, 06-4389, 06-4634, | * | |
| 06-4931, 06-5032, 06-5155, 06-5159, | * | |
| 06-5161, 06-5260, 06-5162, 06-5771, | * | |
| 06-5937, 07-0206, 07-0621, 07-1073, | * | |
| 07-1271, 07-1285 | * | |
| | * | |
| PERTAINS TO MRGO | * | |

*********************************************

**BOARD OF COMMISSIONERS, LAKE BORGNE BASIN LEVEE DISTRICT'S ANSWER TO MR-GO MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, the Board of Commissioners, Lake Borgne Basin Levee District (hereinafter "Lake Borgne") who answers the MR-GO Master Consolidated Class Action Complaint ("Complaint") and sets forth its affirmative defenses as follows:

1

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

## SECOND DEFENSE

Lake Borgne is a political subdivision of the State of Louisiana and is entitled to discretionary immunity for all actions and inactions as alleged in the Complaint under La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, Lake Borgne is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

## FOURTH DEFENSE

Defendant affirmatively pleads the doctrine of *Lis Pendens*.

## FIFTH DEFENSE

Defendant avers that the levee systems were constructed in accordance with federal guidelines.

## SIXTH DEFENSE

Defendant alleges that plaintiffs failed to mitigate their damages.

## SEVENTH DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735 and La. R.S. 9:2793.1.

**EIGHTH DEFENSE**

Defendant affirmatively alleges that it never had actual or constructive notice, prior to the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm.

**NINTH DEFENSE**

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is denied.

**TENTH DEFENSE**

Defendant alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue.

**ELEVENTH DEFENSE**

Defendant denies that it was negligent, but in the event that it is deemed negligent, then the negligence or fault of the defendant should be compared to the negligence or fault of others, both parties and non-parties the instant action, and any recovery against defendant should be reduced accordingly.

**TWELFTH DEFENSE**

Defendant affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

**THIRTEENTH DEFENSE**

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

**FOURTEENTH DEFENSE**

Defendant affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause for which defendant may not be held responsible.

**FIFTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

**SIXTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by the defendant.

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct alleged in plaintiffs' Complaint.

**EIGHTEENTH DEFENSE**

Defendant affirmatively alleges that, at all times relevant hereto, it acted as a Federal Officer and/or a Federal Contractor under 28 U.S.C. § 1442(a)(1).

**NINETEENTH DEFENSE**

Pleading further in the alternative, Lake Borgne avers that if plaintiffs suffered any damages, which is again denied, then such damages were caused in part by the acts or omissions of third parties, and plaintiffs' damages, if any, should be reduced by the percentage of causation contributed to the negligence or other fault of such third parties.

### TWENTIETH DEFENSE

Lake Borgne affirmatively pleads the provisions of LSA-R.S. 9:2798.1 (Policymaking or discretionary acts or omissions of public entities or their officers or employees).

### TWENTY-FIRST DEFENSE

Lake Borgne affirmatively pleads the provisions of LSA-R.S. 9:2800 (Limitation of liability for public bodies).

### TWENTY-SECOND DEFENSE

The Plaintiffs' (and the putative class members') claims against Lake Borgne are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law, including 33 U.S.C. § 701, *et seq.*

### TWENTY-THIRD DEFENSE

Lake Borgne affirmatively pleads the provisions of LSA-R.S. 9:5624 (Actions for damages to property damaged for public purposes).

### TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others. To the extent that the same is applicable, defendant pleads the Government Contractor Defense.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that plaintiff's allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs to amend its answer.

**TWENTY-SIXTH DEFENSE**

Defendant affirmatively pleads that plaintiffs are not entitled to attorney's fees.

**TWENTY-SEVENTH DEFENSE**

Defendant affirmatively pleads that plaintiffs' claims are barred either in whole or in part by the applicable period of limitations or prescriptive/peremptive period, and/or latches.

**TWENTY-EIGHTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

**TWENTY-NINTH DEFENSE**

Defendant affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. § 702(c).

**THIRTIETH DEFENSE**

Defendant affirmatively alleges that to the extent that plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**THIRTY-FIRST DEFENSE**

Defendant affirmatively alleges that maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

**THIRTY-SECOND DEFENSE**

Defendant affirmatively alleges application of the Federal Tort Claims Act.

**THIRTY-THIRD DEFENSE**

Plaintiffs have failed to join indispensable parties as required by Federal Rule of Civil Procedure 19.

**THIRTY-FOURTH DEFENSE**

This action cannot be properly maintained as a class action.

**THIRTY-FIFTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' claims, and the claims of the putative class members, in part or in whole, are not maintainable as a class action under the provisions of the Federal Rules of Civil Procedure, because, for example and without limitation, the class representatives do not adequately represent the interests of the class, and litigating this case as a class action is impractical and inappropriate.

**THIRTY-SIXTH DEFENSE**

Defendant objects to the maintenance of this action as a class action, and, in particular, asserts that class certification is inappropriate for the following reasons:

   a. Lack of proper definition of proposed class;

   b. Lack of numerosity;

   c. Lack of commonality of questions of law;

   d. Lack of commonality of questions of fact;

   e. Lack of typicality;

   f. Lack of adequacy of representation;

    g.  Lack of the requirements for certification under FED R. CIV. P. 23(b)(1);

    h.  Lack of the requirements for certification under FED. R. CIV. P. 23(b)(3);

    i.  Individual issues predominate over common issues;

    j.  A class action is not superior to other available methods for the fair and efficient adjudication of this controversy, and

    k.  There are difficulties that are likely to be encountered in the management of a class action such that class certification is impractical, overly costly, and burdensome on the court and the parties.

### THIRTY-SEVENTH DEFENSE

The plaintiffs are not proper class representatives.

### THIRTY-EIGHTH DEFENSE

The damages sought by the named plaintiffs on behalf of the alleged putative class cannot be recovered without specific proof by each alleged putative class member that he or she has been damaged.

### THIRTY-NINTH DEFENSE

The damages sought by the putative class exceed the assets available to defendant. Thus, this putative class' interests conflict with other putative classes represented by opposing counsel to the extent that the classes all seek recovery from defendant's limited fund.

### FORTIETH DEFENSE

The putative sub-classes proposed in the Complaint do not satisfy the predominance requirements of FRCP 23(b)(3). Moreover, absent certification of a class, plaintiffs request for certification of sub-classes is premature.

**FORTY-FIRST DEFENSE**

The putative class members' individual damages cannot be determined by reference to a mathematical or formulaic calculation, thus common damage issues do not predominate over individual damage issues.

**FORTY-SECOND DEFENSE**

The amount of compensatory damages to which any individual putative class member may be entitled cannot be calculated by objective standards, thus common damages issues do not predominate over individual damage issues.

**FORTY-THIRD DEFENSE**

The sources of individual putative class members damages are varied, and the fault attributable to each source varies as well. Thus, common liability issues do not predominate over individual liability issues.

**FORTY-FOURTH DEFENSE**

If any of the plaintiffs have heretofore received compensation or reimbursement or should hereafter receive compensation or reimbursement for any of their respective alleged damages, the defendant is entitled to a credit or setoff.

**AND NOW**, answering each and every allegation contained in the Complaint, the Lake Borgne responds as follows:

1.

The allegations contained in Paragraphs 1(a), 1(b) and 1(c) are admitted. Paragraph 1(d) of the Complaint is denied. Nevertheless, federal jurisdiction is also appropriate under 28 U.S.C. §1442(a)(1).

2.

In response to the allegations contained in Paragraph 2 of the Complaint, those allegations do not require a response on the part of answering Defendant.

3.

In response to the allegations contained in Paragraph 3 of the Complaint, those allegations do not require a response on the part of answering Defendant.

4.

In response to the allegations contained in Paragraph 4 of the Complaint, Lake Borgne admits that venue is proper in this district. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

In response to the allegations contained in Paragraph 5 of the Complaint, those allegations do not require a response on the part of answering Defendant.

6.

In response to the allegations contained in Paragraph 6 of the Complaint, answering Defendant denies that these individuals are appropriate class representatives.

7.

The allegations contained in Paragraphs 7 through 10 of the Complaint do not require a response on the part of answering Defendant.

8.

The allegations contained in Paragraph 11 of the Complaint do not require a response on the part of answering Defendant.

9.

The allegations contained in Paragraphs 12 through 15 of the Complaint are denied.

10.

The allegations contained in Paragraphs 16 through 19 of the Complaint constitute a legal conclusion and Prayer for Relief to which no response is required.  However, to the extent that a response is required the allegations contained in Paragraphs 16 through 19 of the Complaint are denied.

11.

The allegations contained in Paragraphs 20 through 35 of the Complaint do not require a response on the part of answering Defendant.  However, to the extent that a response is required the allegations contained in Paragraphs 20 through 35 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraphs 33 through 50 of the Complaint do not require a response on the part of answering Defendant.  However, to the extent that a response is required the allegations contained in Paragraphs 33 through 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraphs 51, 52 and 53 of the Complaint constitute a legal conclusion to which no response is required.  However, to the extent that a response is required, the allegations contained in Paragraphs 51, 52 and 53 of the Complaint are denied as written.

14.

The allegations contained in Paragraphs 54 through 58 of the Complaint do not require a response on the part of answering Defendant. However, to the extent that a response is required, the allegations contained in Paragraphs 54 through 58 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraphs 59 through 62 of the Complaint regarding the purported history of The Inner harbor Navigation Canal, The Gulf Intracoastal Waterway and The Mississippi River Gulf Outlet do not require a response on the party of answering Defendant. However, to the extent that a response is required, the allegations contained in Paragraphs 59 through 62 of the Complaint are denied as written.

16.

The allegations contained in Paragraphs 63 through 70 of the Complaint do not require a response on the part of answering Defendant. However, to the extent that a response is required, the allegations contained in Paragraphs 63 through 70 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraphs 71 through 74 of the Complaint do not require a response on the part of answering Defendant. However, to the extent that a response is required, the allegations contained in Paragraphs 71 through 74 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 75 of the Complaint constitute a legal conclusion and Prayer for Relief to which no response is required.  However, to the extent that a response is required, the allegations contained in Paragraph 75 are denied.

19.

The allegations contained in Paragraph 76 of the Complaint do not require a response on the part of answering Defendant.  However, to the extent that a response is required, the allegations contained in Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraphs 77 through 80 of the Complaint constitute a legal conclusion and Prayer for Relief to which no response is required.  However, to the extent that a response is required, the allegations contained in Paragraphs 77 through 80 are denied.

**WHEREFORE**, Defendant, Lake Borgne, prays that this answer be deemed good and sufficient, and that after due proceedings, there be a judgment in favor of the Lake Borgne and

against plaintiffs, with prejudice, at plaintiffs' cost.  Lake Borgne further prays for any legal, general, or equitable relief to which it may be entitled.

>Respectfully submitted,
>
>**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**
>
>s/ Andrew D. Weinstock
>_____
>LAWRENCE J. DUPLASS #5199
>ANDREW D. WEINSTOCK #18495
>3838 North Causeway Boulevard, Suite 2900
>Metairie, Louisiana  70002
>Telephone:  (504) 832-3700
>Facsimile:  (504) 837-3119
>**Counsel for Defendant, Board of Commissioners, Lake Borgne Basin Levee District**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March, 2007, a copy of the foregoing Board of Commissioners, Lake Borgne Basin Levee District's Answer to MR-GO Master Consolidated Class Action Complaint and Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

>s/ Andrew D. Weinstock
>_____
>ANDREW D. WEINSTOCK
>andreww@duplass.com