UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * | CIVIL ACTION<br>NO: 05-4182<br>JUDGE DUVAL<br>MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FILED IN:   05-4181; 05-4182; 05-5237; 05-6073
05-6314; 05-6324; 05-6327; 06-0020
06-0225; 06-0886; 06-2278; 06-2287
06-2346; 06-4065; 06-4389; 06-4634
06-4931; 06-5032; 06-5042; 06-5471
06-5786 and 06-5937

PERTAINS TO:   **LEVEE GROUP**

NOW INTO COURT, through undersigned counsel, comes B&K Construction Company, Inc. ("B&K") and in response to the Superseding Master Consolidated Class Action Complaint filed by Plaintiffs, answers as follows:

### B&K'S AFFIRMATIVE DEFENSES

1.

B&K pleads *res judicata* based on this Court's December 8, 2006 Judgment (Doc. 2145) granting B&K summary judgment based on peremption in Civil Action Nos. 05-4181

(O'Dwyer); 05-4182 (Berthelot); 05-5327 (A. Vodanovick); 05-6073 (Kirsch); 05-6314 (Ezell); 05-6324 (Brown); 05-6327 (LeBlanc); 06-0020 (Tauzin); 06-0225 (Bradley); 06-0886 (Finney); 06-2278 (Christenberry); 06-2287 (Sanchez) and 06-2346 (Fitzmorris).

2.

Plaintiffs' claims against B&K are barred by the peremptive period under 9 L.R.S. §2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.  B&K's peremption defense is the subject of its pending Motion to Dismiss and/or Motion for Summary Judgment Based on Peremption (Doc. 2968) ("Pending Peremption Motion") filed in all of the remaining civil actions captioned above, which were not subject to the Court's December 8, 2006 Judgment (Doc. 2145). Specifically, B&K's Pending Peremption Motion was filed in Civil Action Nos. 06-4065 (C. Adams); 06-4389 (O'Dwyer); 06-4634 (G. Adams); 06-4931 (Brock); 06-5032 (Joseph); 06-5042 (Cohen); 06-5471 (Williams); 06-5786 (O'Dwyer); and 06-5937 (Yacob), and submitted to the Court for decision on March 23, 2007.

3.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.,* 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' SUPERSEDING MASTER CONSOLIDATED CLASS ACTION COMPLAINT, B&K ASSERTS AS FOLLOWS:**

15.

To the extent the allegations of failures and deficiencies in Paragraph 1 are directed against B&K, they are denied. The remaining allegations of this Paragraph are admitted.

16.

To the extent the allegations of fault in Paragraph 2 are directed against B&K, they are denied.  The remaining allegations of this Paragraph are admitted.

17.

The allegations of Paragraph 3 are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

18.

In response to Paragraph 4, B&K admits that it is a Louisiana corporation, formerly known as B&K Construction Company, Inc., domiciled in St. Tammany Parish and doing business in Orleans Parish.  No other allegations of Paragraph 4 require a response by B&K.

19.

The allegations of Paragraphs 5-6 are not directed against B&K, but in an abundance of caution are denied.

20.

Concerning the allegations of Paragraph 7, B&K admits the Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), but denies jurisdiction over Plaintiffs' claims against B&K under the Federal Water Pollution Control Act, 33 U.S.C. §§1251 et seq., the Coastal Zone Management Act 16 U.S.C. §1451 et seq., and the River & Harbors Act, 33 U.S.C.  §§403 et seq.

21.

The allegations of Paragraph 8 are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

22.

The allegations of Paragraph 9 are denied.

23.

The allegations of Paragraphs 10-11 are not directed against B&K, but in an abundance of caution are denied.

24.

The allegations of Paragraph 12 are denied.

25.

The allegations of Paragraphs 13-14 are admitted.

26.

The allegations of Paragraphs 15-16 are not directed against B&K, but in an abundance of caution are denied.

27.

The allegations of Paragraphs 17-74 require no answer by B&K.

28.

The allegations of Paragraphs 75-76 are denied due to lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 77 are denied.

30.

The allegations of Paragraphs 78-86 are denied due to lack of sufficient information to justify a belief therein.

31.

To the extent Paragraph 87 alleges fault by B&K, it is denied.

32.

The allegations of Paragraph 88 are denied due to lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraphs 89-103 require no answer by B&K.

34.

The allegations of Paragraph 104 are admitted.

35.

The allegations of Paragraphs 105-148 are denied due to lack of sufficient information to justify a belief therein.

36.

To the extent Paragraph 149 alleges fault by B&K, it is denied.

37.

The allegations of Paragraphs 150-195 are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

38.

The allegations of Paragraphs 196-234 require no answer by B&K.

39.

The allegations of Paragraphs 235-236 are denied to the extent they assert the fault of B&K.

40.

The allegations of Paragraph 237 require no answer of B&K, but out of an abundance of caution, they are denied.

41.

The allegations of Paragraph 238 are denied.

42.

The allegations of Paragraphs 239-279 require no answer of B&K, but out of an abundance of caution, they are denied.

WHEREFORE, defendant, B&K Construction Co., Inc., prays that this answer be deemed good and sufficient and that after all due proceedings had, there be judgment in its favor and against plaintiffs, and for all other general and equitable relief to which it may be entitled.

**SEE FOLLOWING PAGE FOR SIGNATURE BLOCK**

Respectfully submitted,

____/s/ Betty F. Mullin_____
Herman C. Hoffmann, Jr.  (#6899)
Betty F. Mullin, (#9818)
Wade M. Bass (#29081)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

New Orleans, Louisiana, this 30TH day of March, 2007.

___/s/ Betty F. Mullin_____
Herman C. Hoffmann, Jr., Bar No. 6899
Betty F. Mullin, Bar No. 9818
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street
30th Floor - Energy Center
New Orleans, Louisiana 70163
(504) 569-2030
Attorneys for B&K Construction Company, Inc.

N:\DATA\K\03409023\Consolidated Pleadings\Answer-MasterClassAction.org.wpd