UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
            06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
            06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
            06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
            07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MRGO

## THE MRGO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

PURSUANT TO ¶ III(A) of Case Management and Scheduling Order No. 4 and Fed. R. Civ. P. 23, the MRGO PSLC, on behalf of the consolidated class action representatives, hereby moves this Court for an order certifying this action as a class action based upon the Class and Sub-Class definitions provided herein. Pursuant to CMO No. 4, a memorandum in support of this motion will be filed no later than August 31, 2007.

1. ***Basis for Class Certification.*** This action is appropriate for class certification because the requirements of Fed. R. Civ. P. 23(a)(1)-(4) are met and certification is appropriate under Fed. R. Civ. P. 23(b)(1)(B), (b)(2), and (b)(3).

1a. *Rule 23(a)(1)—Numerosity.* The proposed class is so numerous that joinder of all members is impracticable. There are thousands—perhaps hundreds of thousands—of putative class members, many of whom are displaced.

1b. *Rule 23(a)(2)—Commonality.* Questions of law and fact common to the class predominate over any questions affecting only individual members. In a nutshell, all class members have a common interest in establishing by common evidence where the water came from, how high the water got, how long it remained before receding, whether it damaged all properties within the scope of the class, and whether it resulted from breaches of various legal duties owed the class members by the Defendants. The Defendants' respective anticipated defenses would be common to the class as well.

1c. *Rule 23(a)(3)—Typicality.* The claims of the proposed class representatives are typical of the claims of the class because irrespective of the facts underlying any given specific loss, Plaintiffs allege that a single course of misconduct by the Defendants caused a classwide catastrophe that resulted in classwide damages and individual damages that are substantially similar from member to member.

1d. *Rule 23(a)(4)—Adequacy.* The class representatives have agreed to serve as such and will fairly and adequately protect the interests of the class. They are represented by a consortium of attorneys, both local and from across the country, who are as experienced as any in mass-tort and class actions.

1e. *Rule 23(b)(1)(B)—Substantial Impairment.* The prosecution of separate actions by individual class members would create a risk of adjudications of individual claims that would, as a practical matter, be dispositive of the interests of other class members or substantially impair or impede their ability to protect their interests. Given the number and magnitude of losses involved, individual adjudications would take a lifetime and would require either a nearly infinite repetition of discovery and presentation of trial evidence or denial to the vast majority of class members of any meaningful opportunity to obtain and present such evidence.

1f. *Rule 23(b)(2)—Injunctive and Declaratory Relief.* The Defendants have acted on grounds generally applicable to the class. To the extent final injunctive relief or corresponding declaratory relief is warranted with respect to the class as a whole, certification would be appropriate pursuant to Fed. R. Civ. P. 23(b)(2). Specifically, certain elements of classwide damage, such the breakdown in social structure and loss of cultural identity, might be remedied by way of declaratory and/or injunctive relief.

1g. *Rule 23(b)(3)—Common Question Class/Superiority.* Common questions predominate in this action as noted above. A class proceeding is superior to any other method for the fair and efficient adjudication of this action. The interest any class members may have in individually controlling separate actions is vastly outweighed by the efficiencies of class treatment. There is extensive related litigation already concentrated before this Court. The difficulties in class management are virtually nonexistent when compared to the alternative of piecemeal resolution of the tens or hundreds of thousands of interrelated, individual claims arising from the Defendants' misconduct.

Additionally, there are damages that, once proved, will inure to the benefit of the class as a whole rather than to any single class member. Such damages include the breakdown of New Orleans' social structure, the loss of its cultural heritage, and the dramatically altered physical, economic, political, social, and psychological character of the New Orleans area. These are damages suffered by the class as a whole and are most fairly and efficiently adjudicated on a classwide basis.

2. ***Proposed Class.*** The proposed class representatives—Plaintiffs Kenneth Paul Armstrong, Jeanine Armstrong, Ethel May Coates, Henry Davis, and Glynn Wade—seek to represent the following proposed Greater New Orleans Class:

> All individuals and entities (both private and public, both natural and juridical) in "GREATER NEW ORLEANS" (defined as that area east of the IHNC/Industrial Canal including the Lower Ninth Ward and New Orleans East areas of the Parish of Orleans and also the Parish of St. Bernard, in the State of Louisiana) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

3. ***Proposed Sub-Classes.*** Plaintiffs propose the following two sub-classes.

3a. *The Lower Ninth Ward & St. Bernard Sub-Class.*

> All individuals and entities (both private and public, both natural and juridical) in all of the Parish of St. Bernard, Louisiana as well as the lower Ninth Ward of the Parish of Orleans (that is, the portion of Orleans Parish lying to the East of IHNC/Industrial Canal, and to the South of the Gulf Intracoastal Waterway/MR-GO) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

4

The Lower Ninth Ward & St. Bernard Sub-class will be represented by husband and wife MR. KENNETH PAUL ARMSTRONG, SR. (DOB 2/21/63) and MRS. JEANINE B. ARMSTRONG (DOB 1/18/62). Before the hurricane, the Armstrongs resided at 4016 Hamlet Place, Chalmette, Louisiana (St. Bernard Parish). Mr. Armstrong is a sales supervisor for Budweiser and Mrs. Armstrong is a registered nurse. Their damaged property in Chalmette was their residence, which was an 1800 square foot, single story, four bedroom, two bath brick home with attached garage on a fifty by one hundred foot lot. They evacuated for Hurricane Katrina and returned to find their property completely destroyed. Because they lost their home, Mr. and Mrs. Armstrong were forced to leave their community in St. Bernard Parish. They currently reside at 28 Park Place Dr., #601, Covington, Louisiana 70433.

The Lower Ninth Ward & St. Bernard Sub-Class also will be represented by MS. ETHEL MAE COATS (DOB 10/12/51) who, before the hurricane, resided at 1020-22 Charbonnet Street, in-between St. Claude Avenue and North Rampart Street, in New Orleans, Louisiana. Her home was a shotgun double in the Lower Ninth Ward. She resided in one half of the double and rented the other half for $200.00 per month. She evacuated for the hurricane and returned to find her property completely destroyed. Because she lost her home, Ms. Coats was forced to move from her community in the Lower Ninth Ward. She currently resides at 756 Louisiana Ave., New Orleans, Louisiana 70118.

3b. *The New Orleans East Sub-Class.*

> All individuals and entities (both private and public, both natural and juridical) in that portion of Orleans Parish, Louisiana lying to the East of the IHNC/Industrial Canal and North of the GIWW/Intracoastal Waterway, who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane

>Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

The New Orleans East Sub-Class will be represented by MR. HENRY DAVIS (DOB 11/6/52) who, before the hurricane, resided in a home he owned at 7650 Morel Street, New Orleans, Louisiana. The property is in New Orleans East. He resided in a single story, three bedroom, two bath single family brick home with a detached workshed. Mr. Davis is a retired instructor with the Regional Transit Authority. He evacuated for the hurricane and returned to find his property nearly destroyed. Mr. Davis has been able to repair his property to the point of habitability. He currently resides in the home with his wife.

The New Orleans East Sub-Class also will be represented by MS. GLYNN WADE (DOB 10/19/45) who, before the hurricane, resided in a home she owned at 4719 Bundy Rd, New Orleans, Louisiana. The property is in New Orleans East. She resided in a single story, three bedroom, two bath, single family brick home. Ms. Wade is employed as a social worker by the State of Louisiana. She evacuated the Saturday before Katrina's landfall to counsel evacuees who fled to Baton Rouge. She returned to find her property nearly destroyed. Ms. Wade has been able to repair her property to the point of habitability. She currently resides in the home with her husband.

WHEREFORE, the class representatives respectfully request that this Court grant their motion and certify the Greater New Orleans Class and its two proposed sub-classes.

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)