## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES    *    CIVIL ACTION
CONSOLIDATED LITIGATION    *    NO. 05-4182 "K" (2)
   *    JUDGE DUVAL
   *    MAGISTRATE WILKINSON
   *
PERTAINS TO LEVEE    *
FILED IN:      05-4181, 05-4182, 05-5237,    *
05-6073, 05-6314, 05-6324, 05-6327, 06-0020,    *
06-0225, 06-0886, 06-2278, 06-2346, 06-2545,    *
06-4065, 06-4389, 06-4634, 06-4931, 06-5159,    *
06-5163, 06-5786, 06-7682, 07-0993, 07-1284,    *
07-1288, 07-1289    *
**********************************************

### THE SEWERAGE AND WATER BOARD OF NEW ORLEANS ANSWER TO SUPERSEDING MASTER CONSOLIDATED CLASS ACTION COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Sewerage and Water Board of New Orleans to answer the Superseding Master Consolidated Class Action Complaint (Complaint) and to set forth its affirmative defenses as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the Sewerage and Water Board of New Orleans for which relief can be granted.

### SECOND DEFENSE

The Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana and is entitled to discretionary immunity for all actions and inactions as alleged in the Complaint under La. R.S. 9:2798.1.

1

**THIRD DEFENSE**

As a political subdivision of the State of Louisiana, the Sewerage and Water Board of New Orleans is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

**FOURTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively pleads the doctrine of *Lis Pendens*.

**FIFTH DEFENSE**

The Sewerage and Water Board of New Orleans avers that the levee was constructed in accordance with federal guidelines.

**SIXTH DEFENSE**

The Sewerage and Water Board of New Orleans alleges that plaintiffs failed to mitigate their damages.

**SEVENTH DEFENSE**

The Sewerage and Water Board of New Orleans is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.

**EIGHTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that it never had actual or constructive notice, prior to the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm.

**NINTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is denied.

**TENTH DEFENSE**

The Sewerage and Water Board of New Orleans alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue.  To the contrary, the exclusive right, jurisdiction, power and authority to design, construct, and maintain the levees in question was conferred by law to persons or entities other than the Sewerage and Water Board of New Orleans.

**ELEVENTH DEFENSE**

The Sewerage and Water Board of New Orleans denies that it was negligent and/or at fault, but in the event that it is deemed negligent, then the negligence or fault of the defendant should be compared to the negligence or fault of others, both parties and non-parties the instant action, and any recovery against defendant should be reduced accordingly.

**TWELFTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

**THIRTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

**FOURTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, then the injuries and damages resulted from

an independent, intervening, and/or superseding cause for which defendant may not be held responsible.

**FIFTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

**SIXTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by the defendant.

**SEVENTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct alleged in plaintiffs' Complaint.

**EIGHTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges, in the alternative, that, at all relevant times, it acted as a Federal Officer and/or a Federal Contractor under 28 U.S.C. §1442(a)(1).

**NINETEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others, to the extent the Sewerage and Water Board of New Orleans was obligated to be in said compliance. To the extent that the

same is applicable, the Sewerage and Water Board of New Orleans pleads the Government Contractor Defense.

## TWENTIETH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous.  As such, defendant reserves the right to seek more definite allegations from plaintiffs to amend its answer.

## TWENTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads that plaintiffs are not entitled to attorney's fees, costs or judicial interest.

## TWENTY-SECOND DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads that plaintiffs' claims are barred either in whole or in part by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY-THIRD DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

## TWENTY-FOURTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. §702(c).

## TWENTY-FIFTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that to the extent that plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the Sewerage and Water Board of New Orleans is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source Doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SIXTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that maintaining this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, the Sewerage and Water Board of New Orleans's actions (which alleged actions are made part of plaintiffs' allegations) were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## TWENTY-SEVENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads improper or inconvenient venue.

## TWENTY-EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-NINTH DEFENSE

The Sewerage and Water Board of New Orleans avers that plaintiffs have failed to join indispensable parties as required by Federal Rule of Civil Procedure 19.

## THIRTIETH DEFENSE

This action cannot be properly maintained as a class action.

## THIRTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' claims, and the claims of the putative class members, in part or in whole, are not maintainable as a class action under the provisions of the Federal Rules of Civil Procedure, because, for example and without limitation, the class representatives do not adequately represent the interests of the class, and litigating this case as a class action is impractical and inappropriate.

## THIRTY-SECOND DEFENSE

The Sewerage and Water Board of New Orleans objects to maintaining this action as a class action, and, in particular, the Sewerage and Water Board of New Orleans asserts that class certification is inappropriate for the following reasons:

a.  Lack of proper definition of proposed class;

b.  Lack of numerosity;

c.  Lack of commonality of questions of law;

d.  Lack of commonality of questions of fact;

e.  Lack of typicality;

f.  Lack of adequacy of representation;

g.  Lack of the requirements for certification under FED R. CIV. P. 23(b)(1);

h.  Lack of the requirements for certification under FED. R. CIV. P. 23(b)(3);

i.  Individual issues predominate over common issues;

j.  A class action is not superior to other available methods for the fair and efficient adjudication of this controversy, and

k.  There are difficulties that are likely to be encountered in the management of a class action such that class certification is impractical, overly costly, and burdensome on the court and the parties.

## THIRTY-THIRD DEFENSE

The plaintiffs are not proper class representatives.

## THIRTY-FOURTH DEFENSE

The damages sought by the named plaintiffs on behalf of the alleged putative class cannot be recovered without specific proof by each alleged putative class member that he or she has been damaged.

## THIRTY-FIFTH DEFENSE

The damages sought by the putative class exceed the assets available to the Sewerage and Water Board of New Orleans.  Thus, this putative class' interests conflict with other putative classes represented by opposing counsel to the extent that the classes all seek recovery from the Sewerage and Water Board of New Orleans's limited fund and/or assets.

## THIRTY-SIXTH DEFENSE

The putative sub-classes proposed in the Complaint do not satisfy the predominance requirements of FRCP 23(b)(3).  Moreover, absent certification of a class, plaintiffs request for certification of sub-classes is premature.

## THIRTY-SEVENTH DEFENSE

The putative class members' individual damages cannot be determined by reference to a mathematical or formulaic calculation, thus common damage issues do not predominate over individual damage issues.

## THIRTY-EIGHTH DEFENSE

The amount of compensatory damages to which any individual putative class member may be entitled cannot be calculated by objective standards, thus common damages issues do not predominate over individual damage issues.

## THIRTY-NINTH DEFENSE

The sources of individual putative class members damages are varied, and the fault attributable to each source varies as well.  Thus, common liability issues do not predominate over individual liability issues.

## FORTIETH DEFENSE

If any of the plaintiffs have heretofore received compensation or reimbursement or should hereafter receive compensation or reimbursement for any of their respective alleged damages, the Sewerage and Water Board of New Orleans is entitled to a credit or setoff.

## FORTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads the provisions of LSA-R.S. 9:2772 (Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

### FORTY-SECOND DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads the provisions of
the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LSA-R.S.
29:721, et seq.).

### FORTY-THIRD DEFENSE

Plaintiffs' (and the putative class members') claims against the Sewerage and Water
Board of New Orleans are barred, in whole or in part, by the Supremacy Clause, Article VI of
the United States Constitution, because those claims are preempted by Federal law, including 33
U.S.C. § 701, *et seq.*

### FORTY-FOURTH DEFENSE

The certification and maintenance of this class action as a class action would violate the
Separation of Powers' Provision of the United States Constitution as, at all pertinent times, the
Sewerage and Water Board of New Orleans's actions were specifically guided by the United
States Army Corps of Engineers, through the authority delegated by Congress.

### FORTY-FIFTH DEFENSE

The Sewerage and Water Board of New Orleans avers the Independent Contractor
Defense to the extent plaintiffs seek to hold the Sewerage and Water Board of New Orleans
responsible for the acts and/or omissions and/or fault of any third party entities, including but not
limited to contractors and/or subcontractors.

### FORTY-SIXTH DEFENSE

The Sewerage and Water Board of New Orleans avers that plaintiffs' claims are barred
under the provisions of LSA—C.C. art. 2315, in whole or in part, because plaintiffs cannot

establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the Sewerage and Water Board of New Orleans breached any such duty.

## FORTY-SEVENTH DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative defenses and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply in whole or in part to this action.

## FORTY-EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

**AND NOW**, answering each and every allegation contained in the Complaint, the Sewerage and Water Board of New Orleans responds as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are conclusory and require no answer, but out of an abundance of caution, are denied.

2.

The allegations contained in Paragraph 2 of the Complaint are conclusory and require no answer, but out of an abundance of caution, are denied.  Further, Case Management Order No. 4 and the contents of the Complaint speak for themselves.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of information upon which to form a reasonable belief.

4.

The allegations contained in Paragraph 4(c) of the Complaint are admitted, but the remaining allegations of Paragraph 4 are denied for lack of information upon which to form a reasonable belief.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of information upon which to form a reasonable belief.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of information upon which to form a reasonable belief.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of information upon which to form a reasonable belief.

11.

The allegations contained in Paragraph 11 of the Complaint require no answer but out of abundance of caution are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of information upon which to form a reasonable belief.

14.

The allegations contained in Paragraph 14 of the Complaint are admitted.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of information upon which to form a reasonable belief.

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of information upon which to form a reasonable belief.

17 - 74.

The allegations contained in Paragraphs 17-74 of the Complaint regarding the purported history of, construction of and post-construction events concerning the 17th Street Canal are denied as written; further, to the extent the allegations of paragraphs 17 through 74 could be construed to allege fault, negligence and/or responsibility on the part of the Sewerage and Water Board of New Orleans, then such allegations are denied.

75 - 88.

The allegations contained in Paragraphs 75-88 of the Complaint regarding the history and construction of the London Avenue Canal are denied for lack of information upon which to form a reasonable belief; except and further, to the extent the allegations of paragraphs 75 through 88 could be construed to allege fault, negligence and/or responsibility on the part of the Sewerage and Water Board of New Orleans, then such allegations are denied.

89-92.

The allegations contained in Paragraphs 89-92 of the Complaint regarding the Inner Harbor Navigational Canal are denied for lack of information upon which to form a reasonable belief.

93-95.

The allegations contained in Paragraphs 89-92 of the Complaint regarding the Gulf Intracoastal Waterway are denied for lack of information upon which to form a reasonable belief.

96-103.

The allegations contained in Paragraphs 89-92 of the Complaint regarding the Mississippi River Gulf Outlet are denied for lack of information upon which to form a reasonable belief.

104-127.

The allegations contained in Paragraphs 104-127 of the Complaint regarding the Lake Pontchartrain, Louisiana and Vicinity, Hurricane Protection Project are denied as written.

128-149.

The allegations contained in Paragraphs 128-149 of the Complaint regarding the Hurricane Katrina and the Failure of the Hurricane Protection System are denied as written.

150.

The allegations contained in Paragraph 150 of the Complaint are denied.

151.

The allegations contained in Paragraph 151 of the Complaint are denied.

152.

The allegations contained in Paragraph 152 of the Complaint are denied.

153.

The allegations contained in Paragraph 153 of the Complaint are denied.

154.

The allegations contained in Paragraph 154 of the Complaint are denied.

155.

The allegations contained in Paragraph 155 of the Complaint are denied.

156.

The allegations contained in Paragraph 156 of the Complaint are denied.

157.

The allegations contained in Paragraph 157 of the Complaint are denied.

158.

The allegations contained in Paragraph 158 of the Complaint are denied.

159.

The allegations contained in Paragraph 159 of the Complaint are denied.

160.

The allegations contained in Paragraph 160 of the Complaint are denied.

161.

The allegations contained in Paragraph 161 of the Complaint are denied.

162.

The allegations contained in Paragraph 162 of the Complaint are denied.

163.

The allegations contained in Paragraph 163 of the Complaint are denied.

164.

The allegations contained in Paragraph 164 of the Complaint are denied.

165.

The allegations contained in Paragraph 165 of the Complaint are denied.

166.

The allegations contained in Paragraph 166 of the Complaint are denied.

163.

The allegations contained in Paragraph 163 of the Complaint are denied.

164.

The allegations contained in Paragraph 164 of the Complaint are denied.

165.

The allegations contained in Paragraph 165 of the Complaint are denied.

166.

The allegations contained in Paragraph 166 of the Complaint are denied.

167.

The allegations contained in Paragraph 167 of the Complaint are denied.

168.

The allegations contained in Paragraph 168 of the Complaint are denied.

169.

The allegations contained in Paragraph 169 of the Complaint are denied.

170.

The allegations contained in Paragraph 170 of the Complaint are denied.

171.

The allegations contained in Paragraph 171 of the Complaint are denied.

172.

The allegations contained in Paragraph 172 of the Complaint are denied.

173.

The allegations contained in Paragraph 173 of the Complaint are denied.

174.

The allegations contained in Paragraph 174 of the Complaint are denied.

175.

The allegations contained in Paragraph 175 of the Complaint are denied.

176.

The allegations contained in Paragraph 176 of the Complaint are denied.

177.

The allegations contained in Paragraph 177 of the Complaint are denied.

178.

The allegations contained in Paragraph 178 of the Complaint are denied.

179.

The allegations contained in Paragraph 179 of the Complaint are denied.

180.

The allegations contained in Paragraph 180 of the Complaint are denied.

181.

The allegations contained in Paragraph 181 of the Complaint are denied.

182.

The allegations contained in Paragraph 182 of the Complaint are denied.

183.

The allegations contained in Paragraph 183 of the Complaint are denied.

184.

The allegations contained in Paragraph 184 of the Complaint are denied.

185.

The allegations contained in Paragraph 185 of the Complaint are denied.

186.

The allegations contained in Paragraph 186 of the Complaint are denied.

187.

The allegations contained in Paragraph 187 of the Complaint are denied.

188.

The allegations contained in Paragraph 188 of the Complaint are denied.

189.

The allegations contained in Paragraph 189 of the Complaint are denied.

190.

The allegations contained in Paragraph 190 of the Complaint are denied.

191.

The allegations contained in Paragraph 191 of the Complaint are denied.

192.

The allegations contained in Paragraph 192 of the Complaint are denied.

193.

The allegations contained in Paragraph 193 of the Complaint are denied.

194.

The allegations contained in Paragraph 194 of the Complaint are denied.

195.

The allegations contained in Paragraph 195 of the Complaint are denied.

196.

The allegations contained in Paragraph 196 of the Complaint require no answer.  The Complaint speaks for itself, but to the extent the allegations aver fault, neglect or responsibility on the part of the Sewerage and Water Board of New Orleans, then such allegations are denied.

197.

The allegations contained in Paragraph 197 of the Complaint are denies insofar as they relate to Sewerage and Water Board of New Orleans, and otherwise denied for lack of information upon which to form a reasonable belief.

198.

The allegations contained in Paragraph 198 of the Complaint are denied for lack of information upon which to form a reasonable belief.

199.

The allegations contained in Paragraph 199 of the Complaint are denied for lack of information upon which to form a reasonable belief.

200.

The allegations contained in Paragraph 200 of the Complaint are denied for lack of information upon which to form a reasonable belief.

201.

The allegations contained in Paragraph 201 of the Complaint are denied for lack of information upon which to form a reasonable belief.

202.

The allegations contained in Paragraph 202 of the Complaint are denied for lack of information upon which to form a reasonable belief.

203.

The allegations contained in Paragraph 203 of the Complaint are denied for lack of information upon which to form a reasonable belief.

204.

The allegations contained in Paragraph 204 of the Complaint are denied for lack of information upon which to form a reasonable belief.

205.

The allegations contained in Paragraph 205 of the Complaint are denied for lack of information upon which to form a reasonable belief.

206.

The allegations contained in Paragraph 206 of the Complaint are denied.

207.

The allegations contained in Paragraph 207 of the Complaint are denied.

208.

The allegations contained in Paragraph 208 of the Complaint are denied.

209.

The allegations contained in Paragraph 209 of the Complaint are denied for lack of information upon which to form a reasonable belief.

210.

The allegations contained in Paragraph 210 of the Complaint are denied for lack of information upon which to form a reasonable belief.

211.

The allegations contained in Paragraph 211 of the Complaint are denied for lack of information upon which to form a reasonable belief.

212.

The allegations contained in Paragraph 212 of the Complaint are denied for lack of information upon which to form a reasonable belief.

213.

The allegations contained in Paragraph 213 of the Complaint are denied for lack of information upon which to form a reasonable belief.

214.

The allegations contained in Paragraph 214 of the Complaint are denied for lack of information upon which to form a reasonable belief.

215.

The allegations contained in Paragraph 215 of the Complaint are denied for lack of information upon which to form a reasonable belief.

216.

The allegations contained in Paragraph 216 of the Complaint are requires no answer but out of abundance of caution are denied.

217.

The allegations contained in Paragraph 217 of the Complaint are denied to the extent they relate to the Sewerage and Water Board of New Orleans and are otherwise denied for lack of information upon which to form a reasonable belief.

218.

The allegations contained in Paragraph 218 of the Complaint are denied for lack of information upon which to form a reasonable belief.

219.

The allegations contained in Paragraph 219 of the Complaint are denied for lack of information upon which to form a reasonable belief.

220.

The allegations contained in Paragraph 220 of the Complaint are denied for lack of information upon which to form a reasonable belief.

221.

The allegations contained in Paragraph 221 of the Complaint are denied for lack of information upon which to form a reasonable belief.

222.

The allegations contained in Paragraph 222 of the Complaint are denied for lack of information upon which to form a reasonable belief.

223.

The allegations contained in Paragraph 223 of the Complaint are denied for lack of information upon which to form a reasonable belief.

224.

The allegations contained in Paragraph 224 of the Complaint are denied for lack of information upon which to form a reasonable belief.

225.

The allegations contained in Paragraph 225 of the Complaint are denied for lack of information upon which to form a reasonable belief.

226.

The allegations contained in Paragraph 226 of the Complaint are denied for lack of information upon which to form a reasonable belief.

227.

The allegations contained in Paragraph 227 of the Complaint are denied for lack of information upon which to form a reasonable belief.

228.

The allegations contained in Paragraph 228 of the Complaint are denied for lack of information upon which to form a reasonable belief.

229.

The allegations contained in Paragraph 229 of the Complaint are denied to the extent they relate to the Sewerage and Water Board of New Orleans and are otherwise denied for lack of information upon which to form a reasonable belief.

230.

The allegations contained in Paragraph 230 of the Complaint are denied to the extent they relate to the Sewerage and Water Board of New Orleans and are otherwise denied for lack of information upon which to form a reasonable belief.

231.

The allegations contained in Paragraph 231 of the Complaint are denied to the extent they relate to the Sewerage and Water Board of New Orleans and are otherwise denied for lack of information upon which to form a reasonable belief.

232.

The allegations contained in Paragraph 232 of the Complaint are denied for lack of information upon which to form a reasonable belief.

233.

The allegations contained in Paragraph 233 of the Complaint are denied for lack of information upon which to form a reasonable belief.

234.

The allegations contained in Paragraph 234 of the Complaint are denied.

235-241.

The allegations contained in Paragraphs 235-241 of the Complaint concerning legal fault in the design and construction of the London Avenue Canal levees and flood walls do not pertain to the Sewerage and Water Board of New Orleans, but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

242-252.

The allegations contained in Paragraphs 242-252 of the Complaint concerning legal fault regarding the MRGO do not pertain to Sewerage and Water Board of New Orleans but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

253-266.

The allegations contained in Paragraphs 253-266 of the Complaint concerning legal fault regarding the IHNC protection system on the west side do not pertain to the Sewerage and Water Board of New Orleans but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

267-272.

The allegations contained in Paragraphs 267-272 of the Complaint concerning legal fault in connection with the entire New Orleans levee system do not pertain to but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

273-276.

The allegations contained in Paragraphs 273-276 of the Complaint concerning legal fault in connection with the Lake Pontchartrain Vicinity Hurricane Protection Project do not pertain to but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

277-279.

The allegations contained in Paragraphs 277-279 of the Complaint concerning nuisance in violation of Louisiana and/or federal common law do not pertain to the Sewerage and Water Board of New Orleans but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

## RESPONSE TO PRAYER FOR RELIEF

In response to plaintiffs' prayer for relief, the Sewerage and Water Board of New Orleans shows in response to subparagraph (g) of the Prayer for Relief, that the Sewerage and Water Board of New Orleans avers that by law and statute plaintiffs are not entitled to a jury trial on their claims against the Sewerage and Water Board of New Orleans; as thus set forth, to the extent that any further response is required to plaintiffs' Prayer for Relief, the Sewerage and Water Board of New Orleans denies the prayer and any and all allegations contained therein.

**WHEREFORE**, defendant, the Sewerage and Water Board of New Orleans, prays that this answer and defenses be deemed good and sufficient, and that after due proceedings are had, there be a judgment in favor of the Sewerage and Water Board of New Orleans and against plaintiffs, dismissing plaintiffs' Superseding Master Consolidated Class Action Complaint with prejudice, at plaintiffs' cost.

Respectfully submitted,

s/Kevin R. Tully

**CHARLES M. LANIER, JR. -- 18299**
**J. WARREN GARDNER, JR. -- - 5928**
**KEVIN R. TULLY - BAR #1627**
**GREGORY S. LACOUR - 23823**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700


**GEORGE R. SIMNO III, T.A. – 12271**
**GERARD M. VICTOR – 9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

**ATTORNEYS FOR SEWERAGE AND**
**WATER BOARD OF NEW ORLEANS**

**C E R T I F I C A T E**

I do hereby certify that on the 30th day of March, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/Kevin R. Tully
**KEVIN R. TULLY**

CK_DOCS 373605v1