UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>_____<br><br>PERTAINS TO:<br>No. 05-4181, 05-6073, 06-4389,<br>06-5471 and 06-5786<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, GOTECH, Inc. (GOTECH), which respectfully responds to plaintiffs' "Superceding Master Consolidated Class Action Complaint" pertaining to the Levee cases (Master Levee Complaint), as follows.

### RULE 12 (B)(6) DEFENSES

### First Rule 12 (b)(6) Defense

The Master Levee Complaint fails to state a cause of action against GOTECH upon which relief can be granted.

### Second Rule 12 (b)(6) Defense

The Master Levee Complaint fails to state a timely claim against GOTECH upon which relief can be granted. GOTECH did not design the features of the levees that failed.

1

### Third Rule 12 (b)(6) Defense

The Master Levee Complaint fails to state a viable claim against GOTECH. Any claim against GOTECH is perempted as a matter of law. The averred cause of action expired before the plaintiffs filed the Master Levee Complaint and the original complaints.

### Fourth Rule 12 (b)(6) Defense

The Master Levee Complaint fails to state a claim against GOTECH upon which relief can be granted because GOTECH's last engineering services were finished more than five years before the plaintiffs' filed suit.

### Fifth Rule 12 (b)(6) Defense

The Master Levee Complaint fails to state a claim for recovery of damages, attorney's fees, litigation costs or legal interests.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

GOTECH performed all of its professional engineering services on the subject project in accordance with the standard of care exercised by other design professionals in this area on similar projects.

### Second Affirmative Defense

The damages claimed by plaintiffs were caused by the negligence, fault or breach of obligations on the part of others, for whom GOTECH is not responsible.

### Third Affirmative Defense

The damages claimed by plaintiffs were caused in whole or in part by plaintiffs' own negligence and their recovery, if any, should be reduced by plaintiffs' percentage of fault.

**Fourth Affirmative Defense**

GOTECH denies that it is solidarily liable with any of the other defendants. Solidary liability has been abolished in Louisiana, except for instances of intentional or willful acts and the Master Levee Complaints makes no such allegations.

**Fifth Affirmative Defense**

The claims alleged in the Master Levee Complaint arose from *force majeure*, acts of God and other causes beyond the control or responsibility of GOTECH.

**Sixth Affirmative Defense**

This case should be transferred to avoid prejudice to GOTECH because the jurors of this District are potential members of the purported class.

**Seventh Affirmative Defense**

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

**Eighth Affirmative Defense**

GOTECH was not engaged by the United States Corps of Engineers or any other federal governmental body to provide engineering services, however, to the extent that others allege federal question jurisdiction based upon government contractor status, which GOTECH denies, GOTECH pleads, in the alternative, all defenses available to government contractors.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based is barred, discharged or enjoined in bankruptcy.

**Tenth Affirmative Defense**

To the extent plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off and/or offset in the amount of said settlements or payments, which are not subject to the collateral source rule, and/or for the amount of the settling and/or paying parties allocated percentage of fault.

**Eleventh Affirmative Defense**

The design criteria for the levees were exceeded during Hurricane Katrina.

**Twelfth Affirmative Defense**

GOTECH incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12 (b)(6) Defenses.

**Thirteenth Affirmative Defense**

GOTECH adopts and incorporates by reference any affirmative defense pled by any other defendant in these consolidated actions or any other defendant to the Master Levee Complaint to the extent that such defense applies to GOTECH and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings.  GOTECH reserves its right to amend its answer to assert any such defense.

**ANSWER TO MASTER LEVEE COMPLAINT**

AND NOW, in answer to the averments contained in the Master Levee Complaint filed by the plaintiffs, GOTECH states:

1.

The allegations of the section entitled "INTRODUCTION," paragraphs 1 through 2, are denied for lack of sufficient information to justify a belief therein, except to admit that Hurricane Katrina occurred on or about August 29, 2005, that numerous actions, including purported class actions have been brought as a result of the hurricane, and that the instant Master Levee Complaint was mandated by Case Management Order No. 4.

2.

The allegations of the section entitled "PARTIES," paragraphs 3 through 4, are denied except to admit that GOTECH is a Louisiana corporation domiciled in the parish of East Baton Rouge and that it is doing or has done business in the parish of Orleans, State of Louisiana.

3.

The allegations of the section entitled "JURISDICTION," paragraphs 5 through 13, are denied for lack of sufficient information to justify a belief therein.

4.

For answer to the section entitled "VENUE," paragraph 14, it is admitted that venue is proper in this district, however, GOTECH maintains that the case should be transferred to avoid prejudice to GOTECH because the residents of this District are potential members of the purported class.

5.

The allegations of the section entitled "WAIVER OF SOVEREIGN IMMUNITY," paragraphs 15 through 16, are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of the section entitled "FACTUAL ALLEGATIONS," paragraphs 17 through 149, are denied for lack of sufficient information to justify a belief therein, except to admit that in 1993, GOTECH agreed to provide limited design services on the project known as the "London Avenue Canal Flood Wall Improvements Contract Three," as a sub-consultant to Burke-Kleinpeter, Inc.  GOTECH completed its design and surveying work on this project by November, 1993, almost twelve years prior to Hurricane Katrina, and, therefore, all of plaintiffs' claims against GOTECH are perempted.  GOTECH did not perform any work related to the 17th Street Canal, the Industrial Canal, the Orleans Avenue Canal, the Gulf Intercoastal Waterway or the Mississippi Gulf Outlet.  Further, GOTECH admits that Hurricane Katrina occurred on or about August 29, 2005, however, the remaining allegations of this section are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of the section entitled "CLASS ACTION ALLEGATIONS," paragraphs 150 through 195, are denied for lack of sufficient information to justify a belief therein, except to admit that certain plaintiffs are purported subclass representatives of certain purported subclasses.

8.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT I: LEGAL FAULT IN THE DREDGING OF THE 17TH STREET CANAL," paragraphs 196 through 215, are denied for lack of sufficient information to justify a belief therein.  GOTECH did not perform any work, dredging or otherwise, related to the 17th Street Canal.

9.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT II: LEGAL FAULT IN THE DESIGN AND CONSTRUCTION OF THE 17TH STREET CANAL LEVEES AND FLOODS WALLS," paragraphs 216 through 234, are denied for lack of sufficient information to justify a belief therein.  GOTECH did not perform any work, design, construction, or otherwise, related to the 17th Street Canal levees and flood walls.

10.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT III: LEGAL FAULT IN THE DESIGN AND CONSTRUCTION OF THE LONDON AVENUE CANAL LEVEES AND FLOOD WALLS," paragraphs 235 through 241, are denied as they relate to GOTECH, except to admit that in 1993, GOTECH agreed to provide limited design services on the project known as the "London Avenue Canal Flood Wall Improvements Contract Three," as a sub-consultant to Burke-Kleinpeter, Inc.  GOTECH performed all of its engineering services on the subject project in accordance with the standard of care exercised by other design professionals on similar projects in this area.  Further, GOTECH completed its design and surveying work on this project by November, 1993, almost twelve years prior to Hurricane Katrina, and, therefore, all of plaintiffs' claims against GOTECH are perempted.  The remaining allegations of this section are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT IV: LEGAL FAULT REGARDING THE MRGO," paragraphs 242 through 252, are denied for lack of sufficient information to justify a belief therein.  GOTECH did not perform any work related to the MRGO.

12.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT V: LEGAL FAULT REGARDING THE IHNC PROTECTION SYSTEM ON THE WEST SIDE," paragraphs 253 through 266, are denied for lack of sufficient information to justify a belief therein. GOTECH did not perform any work related to the Inner Harbor Navigation Canal.

13.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT VI: LEGAL FAULT IN CONNECTION WITH THE ENTIRE NEW ORLEANS LEVEE SYSTEM," paragraphs 267 through 272, are denied as they relate to GOTECH. GOTECH adopts and incorporates by reference all of its prior responses to plaintiffs' allegations of fault against GOTECH. The remaining allegations of this section are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT VII: LEGAL FAULT IN CONNECTION WITH THE LAKE PONTCHARTRAIN VICINITY HURRICANE PROTECTION PROJECT," paragraphs 273 through 276, are denied for lack of sufficient information to justify a belief therein. GOTECH did not perform any work related to the Lake Pontchartrain Vicinity Hurricane Protection Project.

15.

The allegations of the section entitled "ALLEGATIONS OF FAULT, COUNT VIII: NUISANCE VIOLATION OF LOUISIANA AND/OR FEDERAL COMMON LAW," paragraphs 277 through 279, are denied for lack of sufficient information to justify a belief therein. GOTECH did not perform any work related to the MRGO.

**WHEREFORE,** GOTECH, Inc. prays that this Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs and for all other relief that justice and equity require.

By attorneys:

**LONG LAW FIRM, L.L.P.**


   /s/ Adrian G. Nadeau
**ALBERT DALE CLARY, T.A.**
Bar Roll Number 4165
**ADRIAN G. NADEAU**
Bar Roll Number 28169
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana   70809
(225) 922-5110
ADC@longlaw.com
AGN@longlaw.com


**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 30th day of March, 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronically filing or by mailing the same by United States mail, properly addressed, and first class postage prepaid.


   /s/Adrian G. Nadeau
**ADRIAN G. NADEAU**

9