**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | **KATRINA CANAL BREACHES** * | **CIVIL ACTION** |
| | **CONSOLIDATED LITIGATION** * | |
| | * | **NO. 05-4182** |
| | * | |
| **FILED IN:** | * | **SECTION "K"(2)** |
| **05-4181, 05-4182, 05-5237, 05-6073, 05-6314,** | * | |
| **05-6342, 05-6327, 05-6359, 06-0225, 06-0886,** | * | |
| **06-1885, 06-2152, 06-2278, 06-2287, 06-2824,** | * | |
| **06-4024, 06-4065, 06-4066, 06-4389, 06-4634,** | * | |
| **06-4931, 06-5032, 06-5155, 06-5159, 06-5161,** | * | |
| **06-5260, 06-5162, 06-5771, 06-5937, 07-0206,** | * | |
| **07-0621, 07-1073, 07-1271, 07-1285** | * | |
| | * | |
| **PERTAINS TO: MRGO** | * | |
| | * | |

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER**
**TO PLAINTIFFS' MR-GO MASTER CONSOLIDATED**
**CLASS ACTION COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and

Marine Insurance Company ("St. Paul"), which, for its Answer to the Plaintiff's MR-GO Master

Consolidated Class Action Complaint for Damages (the "Complaint") filed by Plaintiffs Kenneth

Paul Armstrong, Sr., et al., purportedly for themselves and all others similarly situated,

(collectively, the "Plaintiffs"), respectfully responds to the particular paragraphs of the

Complaint as follows:

1.

The unnumbered paragraph entitled Introduction, requires no answer of St. Paul. However, to the extent an answer is deemed necessary, the allegations relating to the liability, fault, negligence and/or strict liability of St. Paul are denied.  The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

2.

The allegations of Paragraph 1(a) of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations are denied.

3.

The allegations of Paragraph 1(b) of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

4.

The allegations of Paragraph 1(c) of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations are denied.

5.

The allegations of Paragraph 1(d) of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations are denied.

6.

The allegations of Paragraph 2 of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary,

the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations of Paragraph 3 of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations of Paragraph 4 of the Complaint regarding venue are admitted.  The allegations in Paragraph 4 of the Complaint relating to negligence, fault, strict liability and/or wrongful acts and damages are denied insofar as the allegations relate or refer to St. Paul.  Any remaining allegations in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 5 of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations of Paragraph 7 of the Complaint contain a legal conclusion which requires no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

14.

The allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

In response to the allegations of Paragraph 11 of the Complaint, St. Paul denies the allegations therein except to admit that it has been named as a defendant herein and that it is a foreign insurer authorized to do and doing business in the State of Louisiana.  St. Paul further responds that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Orleans Levee District Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein.  St. Paul further responds that it issued to "The Lake Borgne Basin Levee District " a policy of insurance bearing the Policy No. GP09312536 with a policy period

of June 8, 2005 to June 8, 2006 (the "Lake Borgne Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein.

16.

The allegations of Paragraph 12 of the Complaint are denied.

17.

The allegations of Paragraph 13A of the Complaint are denied.

18.

The allegations of Paragraph 13B of the Complaint are denied.

19.

The allegations of Paragraph 14 of the Complaint are denied.

20.

The allegations of Paragraph 15 and subparts a. through f. of the Complaint are denied.

21.

The allegations of Paragraph 16 of the Complaint are denied in so far as the allegations relate or refer to St. Paul.

22.

The allegations of Paragraph 17 of the Complaint are denied.

23.

The allegations of Paragraph 18 of the Complaint are denied.

24.

The allegations of Paragraph 19 and sub-parts a. through c. of the Complaint are denied.

25.

The allegations of Paragraph 20 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein

26.

The allegations of Paragraph 21 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein .

27.

The allegations of Paragraph 22 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations of Paragraph 23 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations of Paragraph 24 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations of Paragraph 25 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

31.

The allegations of Paragraph 26 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

32.

The allegations of Paragraph 27 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations of Paragraph 28 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations of Paragraph 29 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations of Paragraph 30 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

36.

The allegations of Paragraph 31 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

37.

The allegations of Paragraph 32 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

38.

The allegations of Paragraph 33 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

39.

The allegations of Paragraph 34 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

40.

The allegations of Paragraph 35 of the Complaint requires no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

41.

In response to the allegations of Paragraph 36 of the Complaint, St. Paul would reallege and reaver its responses to the previous allegations of fact and allegations of fault, as incorporated herein.  For further answer, to the extent that the allegations of Paragraph 36 of the

Complaint refer or relate to St. Paul, those allegations are denied.  The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

42.

The allegations of Paragraph 37 of the Complaint are denied in so far as those allegations may relate or refer to St. Paul.  The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

43.

The allegations of Paragraph 38 of the Complaint are denied insofar as the allegations relate or refer to St. Paul.  The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

44.

In response to the allegations of Paragraph 39 of the Complaint, St. Paul would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.  Further, to the extent that the allegations of Paragraph 39 of the Complaint refer or relate to St. Paul, those allegations are denied.  The remaining allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

46.

The allegations of Paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

47.

The allegations of Paragraph 42 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

47.

48.

The allegations of Paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

49.

The allegations of Paragraph 44 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

50.

The allegations of Paragraph 45 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

51.

The allegations of Paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

52.

The allegations of Paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

53.

The allegations of Paragraph 48 of the Complaint are denied.

54.

The allegations of Paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

55.

The allegations of Paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

56.

In response to the allegations of Paragraph 51 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein. For further answer, the allegations of Paragraph 51 of the Complaint are denied in so far as those allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

58.

The allegations of Paragraph 53 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

59.

In response to the allegations of Paragraph 54 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein. For further answer, the allegations of Paragraph 54 of the Complaint are denied in so far as those allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of Paragraph 55 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

61.

The allegations of Paragraph 56 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

62.

The allegations of Paragraph 57 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

63.

In response to the allegations of Paragraph 58 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein. For further answer, the allegations of Paragraph 58 of the Complaint are denied in so far as those allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of Paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

65.

The allegations of Paragraph 60 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

66.

The allegations of Paragraph 61 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

67.

The allegations of Paragraph 62 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

68.

The allegations of Paragraph 63 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

69.

The allegations of Paragraph 64 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

70.

The allegations of Paragraph 65 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

71.

The allegations of Paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

72.

The allegations of Paragraph 67 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

73.

The allegations of Paragraph 68 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

74.

The allegations of Paragraph 69 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

75.

The allegations of Paragraph 70 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

76.

The allegations of Paragraph 71 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

77.

The allegations of Paragraph 72 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

78.

The allegations of Paragraph 73 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

79.

The allegations of Paragraph 74 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

80.

The allegations of Paragraph 75 of the Complaint are denied in so far as the allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 76 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

82.

The allegations of Paragraph 77 of the Complaint are denied insofar as the allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph 78 of the Complaint are denied insofar as the allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph 79 of the Complaint are denied insofar as the allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations of Paragraph 80(a) and (b) of the Complaint are denied insofar as the allegations relate or refer to St. Paul.  The remaining allegations of Paragraph 80(a) and (b) are denied for lack of sufficient information to justify a belief therein.

86.

St. Paul denies the allegations of the Prayer for Relief.

87.

St. Paul prays for trial by jury as to all issues so triable.

**AND NOW**, in further answer to the Complaint, St. Paul asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

## SECOND DEFENSE

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

### THIRD DEFENSE

To the extent any alleged insured of St. Paul has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

### FOURTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by The New Orleans Levee District and/or the Board of Commissioners for the Orleans Levee District (and/or any supplement thereto) to the Plaintiffs' Complaint to the extent such defenses are not inconsistent with any of the defenses asserted herein.

### FIFTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Lake Borgne Basin Levee District and/or the Board of Commissioners of the Lake Borgne Basin Levee District in its Answer (and/or any supplement thereto) to the Plaintiffs' Complaint to the extent such defenses are not inconsistent with any of the defenses asserted herein.

### SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by any alleged policy of liability insurance issued by St. Paul in favor of the Commissioners of the Lake Borgne Basin Levee District or the Commissioners of the Orleans Parish Levee District (the "Policies") and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policies.

### SEVENTH DEFENSE

If the Orleans Levee District Policy provides any insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form.  None of the other portions of those coverage forms nor any portion of any other coverage form in that policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

## EIGHTH DEFENSE

If the Lake Borgne Policy provides any insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form.  None of the other portions of that coverage form nor any portion of any other coverage form in that policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

## NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Policies.

## TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Policies.

## ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the Policies.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Policies is legally obligated to pay as damages for covered property damage that happened while the Policies were in effect and that was caused by an event.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policies.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Impaired property" exclusion in the Policies.

## FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution injury or damage" exclusion in the Policies.

## SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution work loss, cost or expense" exclusion in the Policies.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Mold or other fungi" exclusion in the Policies.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Damage to your products or completed work" exclusion in the Policies.

## NINETEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

**TWENTIETH DEFENSE**

Any liability by St. Paul under the Policies is limited by any and all "Limits of Coverage" provisions in the Policies, including but not limited to the "General total limit," "Products and completed work total limit, " "Each event limit," "Each wrongful act limit," "Total limit," and/or any other "Limit" provisions in the Policies.

**TWENTY-FIRST DEFENSE**

Any liability by St. Paul under the Policies is subject to any "Other Insurance" clauses in the Policies.

**TWENTY-SECOND DEFENSE**

St. Paul has no obligations under any primary coverage portions of the Policies unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

**TWENTY-THIRD DEFENSE**

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Orleans Levee District Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

**TWENTY-FOURH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by pre-existing conditions over which the

insured under its Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Petition.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Policies, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

## THIRTIETH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for declaratory and/or injunctive relief.

## THIRTY-SECOND DEFENSE

If and to the extent St. Paul has any liability under the Policies, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Petition.

## THIRTY-THIRD DEFENSE

If and to the extent St. Paul has any liability under the Policies, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Policies as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policies.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policies, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policies might apply.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any "Excluded Operations and Premises Endorsements" in the Policies.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any "claims-made" provisions in the Policies.

## THIRTY-EIGHTH DEFENSE

The Petition fails to state a cause of action against St. Paul for attorney's fees.

## THIRTY-NINTH DEFENSE

The Complaint is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policies, or the applicable law, St. Paul has in response to the Complaint.  St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs (and members of the putative class), dismissing all of the claims of the Plaintiffs (and members of the putative class) against St. Paul, with prejudice, at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

/s/ Rachel A. Meese
RALPH S. HUBBARD III, T.A., Bar. #7040
JOSEPH P. GUICHET, Bar #24441
RACHEL A. MEESE, Bar #25457
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a true and correct copy of the foregoing pleading has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this ____ day of March, 2007.

/s/ Rachel A. Meese