UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION  NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: MASTER COMPLAINT | * * * | JUDGE DUVAL |
| FILED IN: O'DWYER, No. 05-4181 TAUZIN, No. 06-0020 O'DWYER, No. 06-4389 ADAMS, No. 06-4634 O'DWYER, No. 06-5786 | * * * * * * | MAG. WILKINSON |

CSX TRANSPORTATION, INC.'S AND CSX CORPORATION'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (FAILURE TO STATE A CLAIM), FED. R. CIV. P. 12(b)(2) (LACK OF JURISDICTION OVER THE PERSON) , AND FED. R. CIV. P. 12(b)(5) (INSUFFICIENCY OF SERVICE OF PROCESS)

CSX Transportation, Inc. ("CSXT") and CSX Corporation, sought to be made defendants herein, with full reservation of all defenses and objections, move this Court to dismiss the plaintiffs' "Superseding Master Consolidated Class Action Complaint," Dkt. No. 3420 ("the Master Complaint"), filed against CSX Transportation, Inc. and CSX Corporation in Civil Actions No. 05-4181, *O'Dwyer*; No. 06-0020, *Tauzin*; No. 06-4389, *O'Dwyer*; No. 06-4634, *Adams*; and No. 06-5786, *O'Dwyer*.

952822_1.DOC

- 1 -
## CSXT AND CSX CORPORATION HAVE PENDING MOTIONS TO DISMISS

Defendants CSXT and CSX Corporation have filed Rule 12 motions in the captioned class actions that remain pending. Because this Court's "Case Management and Scheduling Order No. 4," Dkt No. 3299, p. 13, requires the filing of pleadings responsive to the Master Complaint by March 30, 2007, CSXT and CSX Corporation are filing this protective motion to reiterate the grounds for which they should be dismissed from the captioned actions.

- 2 -
## DEFENDANT CSX TRANSPORTATION, INC.

The Master Complaint against CSXT must be dismissed because it fails to state a claim against CSXT on which relief can be granted, for two independent reasons. First, the complaint does not allege a legally enforceable duty owed by CSXT to the plaintiffs. Assuming that plaintiffs have attempted to plead a claim of negligence against CSXT (though this is not explicitly stated), the existence of a legal duty is an element of the plaintiffs' negligence claim, and the absence of a pled enforceable duty requires dismissal. Second, the plaintiffs' claim is pre-empted by federal law, in particular the Interstate Commerce Commission Termination Act of 1995 and the Federal Railroad Safety Act.

CSXT incorporates by reference its motions to dismiss and supporting memoranda in the following civil actions:

- No. 05-4181, *O'Dwyer*, Dkt. No. 1045, filed on August 29, 2006 (and reply, Dkt. No. 1473),

- No. 06-4389, *O'Dwyer*, Dkt. No. 1886, filed on November 29, 2006,

- No. 06-5786, *O'Dwyer*, Dkt. No. 3095, filed on February 8, 2007, and

- No. 06-0020, *Tauzin*, and No. 06-4634, *Adams*, Dkt. No. 3099, filed on February 8, 2007.

- 3 -

## DEFENDANT CSX CORPORATION

The Master Complaint against CSX Corporation must be dismissed on the following grounds:

(a) Under Fed. R. Civ. P. 12(b)(2), for lack of jurisdiction over the person of CSX Corporation, as set forth in CSX Corporation's motions to dismiss in:

- No. 05-4181, *O'Dwyer*, Dkt. No. 1046
- No. 06-4389, *O'Dwyer*, Dkt. No. 1550
- No. 06-5786, *O'Dwyer*, Dkt. No. 3097

(b) Under Fed. R. Civ. P. 12(b)(5), for insufficiency of service of process, as set forth in CSX Corporation's motions to dismiss in:

- No. 05-4181, *O'Dwyer*, Dkt. No. 1046
- No. 06-5786, *O'Dwyer*, Dkt. No. 3097

(c) Under Fed. R. Civ. P. 12(b)(6), for failure to state a claim, as set forth in CSX Corporation's motion to dismiss in:

- No. 06-4389, *O'Dwyer*, Dkt. No. 1550.

CSX Corporation adopts by reference its motions and supporting memoranda in those civil actions.[1]

**WHEREFORE** defendants CSX Transportation, Inc. and CSX Corporation move this Court to dismiss the plaintiffs' "Superseding Master Consolidated Class Action Complaint," Dkt. No. 3420, against CSX Transportation, Inc. and CSX Corporation in Civil Actions No. 05-4181, *O'Dwyer*; No. 06-0020, *Tauzin*; No. 06-4389, *O'Dwyer*; No. 06-4634, *Adams*; and No. 06-5786, *O'Dwyer*.

---

[1] The Master Complaint actually names "CSX Transportation Corporation" as a defendant, but that entity does not exist. To the extent that the plaintiffs intended to name CSX Corporation, the defenses asserted in the motions referenced herein apply and support dismissal.

952822_1.DOC               3

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
  -of-
**RODNEY & ETTER, L.L.C.**
620 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 483-3224
Facsimile: (504) 483-2259

**ATTORNEYS FOR DEFENDANTS
CSX TRANSPORTATION, INC. AND
CSX CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall
