UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATION LITIGATION | * | |
| | * | NO.: 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| FILED IN:    05-4181, 05-4182, 05-4191, 05-4568, | * | |
| 05-5237, 05-6073, 05-6314, 05-6324, | * | |
| 05-6327, 05-6359, 06-0020, 06-1885, | * | |
| 06-0225, 06-0886, 06-11208, 06-2278, | * | |
| 06-2287, 06-2346, 06-2545, 06-3529, | * | |
| 06-4065, 06-4389, 06-4634, 06-4931, | * | |
| 06-5032, 06-5042, 06-5159, 06-5163, | * | |
| 06-5367, 06-5471, 06-5771, 06-5786, | * | |
| 06-5937, 06-7682, 07-0206, 07-0647, | * | |
| 07-0993, 07-1284, 07-1286, 07-1288, | * | |
| 07-1289 | * | |
| | * | |
| PERTAINS TO: LEVEE | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO SUPERSEDING MASTER CONSOLIDATED CLASS ACTION COMPLAINT

The United States of America hereby answers and otherwise responds to Plaintiffs'

Complaint as follows:[1]

_____

[1]Any allegations in the Complaint, including those set forth in captions or headings in Plaintiffs' Complaint, not expressly admitted herein are denied.  All responses, answers, admissions and statements made herein are by counsel for the United States for the sole purpose

1

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action.

**SECOND DEFENSE**

Plaintiffs seek damages for harm caused by a flood or by flood waters, and the United States is immune from liability for such damages.  <u>See</u> 33 U.S.C. § 702c.

**THIRD DEFENSE**

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  <u>See</u> 28 U.S.C. § 2680(a).

**FOURTH DEFENSE**

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  <u>See</u> 28 U.S.C. § 2680(a).

**FIFTH DEFENSE**

This class action suit is barred to the extent Plaintiffs did not present tort claims in writing to the appropriate federal agency before this action was instituted.  <u>See</u> 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

**SIXTH DEFENSE**

The Court lacks jurisdiction over the subject matter of the action to the extent Plaintiffs have failed to exhaust their administrative remedies.

---

of the above-captioned case and shall not be considered binding outside this suit.

## SEVENTH DEFENSE

Plaintiffs' claims were presented outside the statute of limitations and are therefore

barred.  See 28 U.S.C. § 2401(b).

## EIGHTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## NINTH DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused by any

negligent or wrongful act or omission of any employee of the United States while acting within

the scope of office or employment.

## TENTH DEFENSE

The United States, through its employees and agents, did not breach any duty of care it

allegedly owed Plaintiffs and/or his/her decedent(s).

## ELEVENTH DEFENSE

The alleged injuries, death, and damages were caused by third parties for whose acts or

omissions the United States cannot be held liable.

## TWELFTH DEFENSE

To the extent Plaintiffs are entitled to recover damages from the United States in this

action, the United States is entitled to a credit or set-off for any past or future benefits paid to or

on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and

statutory law.

## THIRTEENTH DEFENSE

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits Defendants' liability or Plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## FOURTEENTH DEFENSE

Plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their administrative claim.  28 U.S.C. § 2675(b).

## FIFTEENTH DEFENSE

The United States is not liable for prejudgment interest or punitive damages.  See 28 U.S.C. § 2674.

## SIXTEENTH DEFENSE

Plaintiffs' demand for a jury trial as to the United States is barred.  28 U.S.C. § 2402.

## SEVENTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

## EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiffs' alleged injury, cutting off the legal effect of Defendant United States' negligence, which is expressly denied.

**NINETEENTH DEFENSE**

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of Plaintiffs and/or his/her decedent(s) was a substantial factor in, and the proximate cause of, and contributed to any alleged injuries or damages sustained by him and/or Plaintiffs.

**TWENTIETH DEFENSE**

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic payment statute.

**TWENTY-FIRST DEFENSE**

To the extent that Plaintiffs seek equitable relief, this claim it is not cognizable under the Federal Tort Claims Act, which permits only money damages.  See 28 U.S.C. § 1346(b)(1).

**TWENTY-SECOND DEFENSE**

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such law.

**TWENTY-THIRD DEFENSE**

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

**TWENTY-FOURTH DEFENSE**

Class action lawsuits are impermissible under the Federal Tort Claims Act.

**TWENTY-FIFTH DEFENSE**

The United States Army Corps of Engineers cannot be sued *eo nomine* under the Federal

Tort Claims Act.

**TWENTY-SIXTH DEFENSE**

The United States is not liable for acts or omissions of any contractor with the United

States.  See 28 U.S.C. § 2671.

**TWENTY-SEVENTH DEFENSE**

This Court lacks jurisdiction over suits filed pursuant to the Federal Water Pollution

Control Act, 33 U.S.C. § 1321.  In accordance with  33 U.S.C. § 1321(i), such must be filed in

the United States Court of Federal Claims.

**TWENTY-EIGHTH DEFENSE**

The claims are barred to the extent that they are based on or arise out of misrepresentation

or deceit.  See 28 U.S.C. § 2680(h).

**TWENTY-NINTH DEFENSE**

Plaintiffs have failed to properly effectuate service upon the United States pursuant to

Rule 4 of the Federal Rules of Civil Procedure.

**THIRTIETH DEFENSE**

To the extent the claims are cognizable under the Suits in Admiralty Act, Public Vessels

Act, or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter

jurisdiction conferred by the Federal Tort Claims Act.  See 28 U.S.C. §2680(d).

## THIRTY-FIRST DEFENSE

Plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

## THIRTY-SECOND DEFENSE

The United States is not subject to liability without fault.

## THIRTY-THIRD DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

## THIRTY-FOURTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by Plaintiffs before they voluntarily exposed themselves to it.

## THIRTY-FIFTH DEFENSE

The Complaint alleges negligent or wrongful acts and omissions as to which Defendant is absolutely immune from suit.

## THIRTY-SIXTH DEFENSE

The prerequisites to a class action have not been satisfied in accordance with Rule 23 of the Federal Rules of Civil Procedure.

## THIRTY-SEVENTH DEFENSE

To the extent Plaintiffs have suffered any damages, they have failed to mitigate them.

## ANSWERS TO SPECIFIC ALLEGATIONS

### INTRODUCTION[2]

1.  Denied.

2.  The United States denies the allegations contained in paragraph 2, except that it admits that (1) numerous actions, including class actions have been brought and that a number of defendants have been named in the current proceedings and (2) the instant Complaint was mandated by Case Management Order No. 4, entered on March 1, 2007.

### PARTIES

3.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

4.  (a)  The United States admits that it and the United States Army Corps of Engineers (Corps) are named defendants, but avers that they are not rightfully so.  The United States further admits it is a sovereign government.  The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

    (b) - (t)  The United States is without sufficient information to admit or deny the allegations contained in these sub-paragraphs or such allegations are legal conclusions to which no response is required.  To the extent a response is required the allegations are denied.

---

[2]All headings, such as this one, contained in this Answer have been duplicated from Plaintiffs' Complaint for the sole purpose of assisting the reader in matching the United States' responses to the corresponding allegations as stated in Plaintiffs' Complaint.  The United States expressly denies all headings, as they are alleged.

8

## JURISDICTION

5.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

6.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

7.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

8.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

9.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

10.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

11.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

12.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

13.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

VENUE

14.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

WAIVER OF SOVEREIGN IMMUNITY

15.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

16.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

FACTUAL ALLEGATIONS

(A) History and Construction of the 17th Street Canal

17.  Admitted.

18.  Admitted.

19.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

20.  The United States admits that the community of Bucktown, where the northern end of the 17th Street Canal enters Lake Pontchartrain, began more than a hundred years ago as a group of fishing and hunting camps along the canal and Lake Pontchartrain.  The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

21.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

22.  The United States admits SWB had lease agreements which provided for the docking of shrimp boats at the 17th Street Canal.  The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

23.  Denied.

24.  The United States admits the 17th Street Canal was dredged in 1897 and in 1929. The United States further admits SWB completed the construction of Pumping Station No. 6 in 1913.  The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

(B) The 17th Street Canal Dredging Project

25.  Admitted.

26.  With respect to the allegations of this paragraph, the United States admits that SWB filed an application with the Corps for a dredging permit.  The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

27.  The United States denies the allegations contained in paragraph 27, except that it admits that the Corps' Operations Division has the authority to issue permits for dredging.

28.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

11

29.  The United States denies the allegations contained in paragraph 29, except that it admits that Corps returned the permit application to SWB on or about May 23, 1977.

30.  Admitted.

31.  The United States denies the allegations contained in paragraph 31, except that it admits that SWB re-submitted an application on or about December 29, 1980.

32.  The United States denies the allegations contained in paragraph 32, except that it admits M&M corresponded with the Corps via a letter dated January 28, 1981 and avers that such letter is the best evidence of its terms.

33.  The United States denies the allegations contained in paragraph 33, except that it admits that on or about February 6, 1981, M&M provided the Corps with a stability analysis of the existing sheet pile wall along the east side of the canal, north of Hammond Highway.

34.  The United States denies the allegations contained in paragraph 34, except that it admits that on or about March 5, 1981, the Corps issued an internal memorandum addressing the soil stability analyses provided by M&M and avers that such memorandum is the best evidence of its terms.

35.  Denied.

36.  The United States denies the allegations contained in paragraph 36, except that it admits that a public hearing was held on or about March 31, 1981 regarding the 17th Street Canal permit application.

37.  Denied.

38. The United States denies the allegations contained in paragraph 38, except that it admits an internal Corps memorandum dated June 16, 1981 exists and that such memorandum is the best evidence of its terms.

39. The United States denies the allegations contained in paragraph 39, except that it admits an internal Corps memorandum from the Corps' Engineering Division to the Corps' Operations Division, dated February 12, 1982 exists and that such memorandum is the best evidence of its terms.

40. The United States denies the allegations contained in paragraph 40, except that it admits that on or about August 23, 1982, Eustis provided M&M with a subsoil investigation report and avers that such report is the best evidence of its terms.

41. Admitted.

42. Admitted.

43. Denied.

44. The United States denies the allegations contained in paragraph 44, except that it admits that on or about May 9, 1983, M&M submitted on behalf of SWB a permit application for the 17th Street Canal project and avers that such application is the best evidence of its terms.

45. The United States denies the allegations contained in paragraph 45, except that it admits that on or about July 27, 1983, Eustis submitted a report and avers that such report is the best evidence of its terms.

46. The United States denies the allegations contained in paragraph 46, except that it admits that (1) from on or about November 29 to on or about December 16, 1983, a test section was dug just south of Interstate 10 and (2) Eustis's report was submitted to the Corps on or about January 17, 1984. The United States avers that such report is the best evidence of its terms.

47. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48. Admitted.

49. The United States denies the allegations contained in paragraph 49, except that it admits a "Statement of Findings" was issued with the permit and avers that such is the best evidence of its terms.

50. Admitted.

51. The United States denies that Phase I was completed June 1, 1984. The United States admits the Corps granted an extension of the permit work on February 20, 1987. The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

52. The United States denies the allegations contained in paragraph 52, except that it admits that an internal Corps' memo dated April 24, 1987, with drawings contained therein, exists and avers that such memorandum is the best evidence of its terms.

53. Admitted.

54. Admitted.

55.   The United States admits the SWB permit did allow for "bucket-dredging" to be conducted in the 17th Street Canal.  The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

(C) <u>Construction of 17th Street Canal Concrete Monoliths</u>

56.   Denied.

57.   Denied.

58.   The United States denies the allegations contained in paragraph 58, except that it admits the Corps considered three options: levees, T-walls, and I-walls.

59.   The United States denies the allegations contained in paragraph 59, except that it admits the Corps approved an I-wall design which called for the construction of a concrete monolith on top of the sheet pile.

60.   The United States admits that levee flood walls constructed for the 17th Street Canal were of an "I-wall" design.  The United States admits the U.S. Army Corps of Engineers Manual on Engineering, Design and Construction of Levees dated, April 30, 2000 exists and avers it is the best evidence of its terms.  The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

61.   Denied.

62.   Denied.

63. Admitted.

64. Denied.

65. Denied.

66. Denied.

67. The United States denies the allegations contained in paragraph 67, except that it admits subsidence occurred in the soil adjacent to the 17th Street Canal levee.

68. The United States denies the allegations contained in paragraph 68, except that it admits that in 1993 Pittman was retained for the construction of the concrete monoliths atop the steel sheet pile wall along the east side of the 17th Street Canal.

69. The United States denies the allegations contained in paragraph 69, except that it admits that during the construction of the concrete monoliths, Pittman reported to the Corps that the sheet pile walls, with the concrete monolith installed on the top, were beginning to lean towards the canal side.

70. The United States denies the allegations contained in paragraph 70, except that it admits the construction of the I-walls was completed prior to August 29, 2005.

71. Denied.

72. The United States denies the allegations contained in paragraph 72, except that it admits that Pittman built and placed concrete flood walls on top of sheet piling driven into soil beneath the sheet piling.

(D) <u>Post-Construction Events</u>

73. The United States denies the allegations contained in paragraph 73, except that it admits that the Gulf Group contracted to replace the existing Hammond Highway Bridge with a new flood-proof bridge as a part of the Lake Pontchartrain and Vicinity Hurricane Protection Project.

74. The United States denies the allegations contained in paragraph 74, except that it admits reports of canal water in the yards of homes adjacent to the 17th Street Canal were made to SWB, prior to August 29, 2005.

(E) <u>The History and Construction of the London Avenue Canal</u>

75. The United States admits that the London Avenue Canal was constructed in the first half of the 19th century through an area that was mostly swampland and later became part of the City of New Orleans. The United States admits said canal was used for drainage purposes. The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

76. Denied.

77. The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

78. The United States denies the allegations contained in paragraph 78, except that it admits that (1) the Corps proposed to provide protection from storm surge with the use of flood gates where the London Avenue Canal entered Lake Pontchartrain and (2) OLD and SWB objected to this plan and preferred to raise the height of the parallel flood walls and levee

structures along each side of the canal, which has been referred to as the "Parallel Protection Plan."

79.  Denied.

80.  The United States denies the allegations contained in paragraph 80, except that it admits that the London Avenue Canal is constructed over beach sands of the Pine Island trend.

81.  Denied.

82.  The United States denies the allegations contained in paragraph 82, except that it admits that soil borings of the levee at the site of London Avenue Canal south breach indicated the presence of sand at a depth of 10 to 15 feet below sea level.

83.  Denied.

84.  Denied.

85.  The United States denies the allegations contained in paragraph 85, except that it admits that (1) the levee flood walls along the London Avenue Canal are constructed with an "I-wall" design and (2) the U.S. Army Corps of Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000 exists and avers such is the best evidence of its terms.

86.  Denied.

87.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

88.  The United States admits that James Construction contracted to flood-proof the Filmore Avenue Bridge and the Mirabeau Bridge over the London Avenue Canal.  The United States admits that flood-proofing of the bridges required that the original bridges be demolished and replaced with new bridges that have steep concrete sides which continue the flood wall from one side of the canal to the other.  The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

### (F) The Inner Harbor Navigation Canal

89.  The United States admits the construction of the Inner Harbor Navigation Canal (IHNC) commenced on June 6, 1918.  The United States is without sufficient information to admit or deny the remaining allegations contained in this paragraph; accordingly, these allegations are denied.

90.  Denied.

91.  Denied.

92.  The United States denies the allegations contained in paragraph 92, except that it admits that the water level in the IHNC was and still is controlled by the tides in Lake Pontchartrain.

### (G) The Gulf Intracoastal Waterway

93.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

94.  Denied.

19

95.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

(H) <u>The Mississippi River Gulf Outlet</u>

96.  The United States denies the allegations contained in paragraph 96, except that it admits that the MRGO runs from the Gulf of Mexico to the IHNC.

97.  The United States denies the allegations contained in paragraph 97, except that it admits that the Corps deepened and widened the GIWW from the point of connection to the IHNC.

98.  The United States denies the allegations contained in paragraph 98, except that it admits that the Chief, U.S. Army Corps of Engineers, submitted a report concerning the MRGO printed at H.R. Doc. 82-245 (1st Sess. 1951) to the U.S. House of Representatives in 1951 and avers that such report is the best evidence of its terms.

99.  Denied.

100.  Denied.

101.  The United States denies the allegations contained in paragraph 101, except that it admits that (1) the Corps is responsible for the maintenance of MRGO and (2) this maintenance includes dredging the bottom of the waterway to remove sediment.

102.  Denied.

103.  The United States admits both sides of the IHNC experienced breaks and overtopping.  With regard to the remaining allegations contained in this paragraph, the United

States is without sufficient information to admit or deny them; accordingly, these allegations are denied.

   (I) <u>The Lake Pontchartrain, Louisiana and Vicinity, Hurricane Protection Project</u>

104.  Admitted.

105.  The United States denies the allegations contained in paragraph 105, except that it admits that (1) Congress authorized construction of the Lake Pontchartrain Project in the Flood Control Act of 1965 to provide hurricane protection to areas around Lake Pontchartrain and (2) this project was authorized as a joint federal, state, and local effort, with the federal government paying 70% and the state and local entities paying 30%.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  The United States admits that in 1981, the Office of the Chief of Engineers in Washington issued Engineering Regulation ER 1110-2-1453, and avers the text of that regulation is the best evidence of what it states.  The remaining allegations contained in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

112.  Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   The United States denies the allegations contained in paragraph 116, except that it admits that in 1985, the Corps adopted a policy to use the 1929 NGVD29 adjustment for elevation control.

117.   Denied.

118.   Denied.

119.   The United States denies the allegations contained in paragraph 119, except that it admits that (1) the "Barrier Plan" included a series of levees along the lakefront, concrete flood walls along the IHNC, and control structures, including barriers and flood control gates located at the Rigolets, Chef Menteur Pass, and Seabrook at the northern end of the IHNC and (2) said structures were intended to prevent storm surges from entering Lake Pontchartrain, protecting from overflowing the levees along the lakefront.

120.   The United States denies the allegations contained in paragraph 120, except that it admits that (1) the Barrier Plan was implemented and (2) the "High Level Plan" excluded the barriers and flood control gates at the Rigolets, Chef Menteur Pass, and Seabrook complexes and employed higher levees and flood protection structures along the lakefront.

121.   (a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

(e) Denied.

(f) Admitted.

(g) Denied.

(h) Denied.

122.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

123.  Admitted.

124.  Admitted.

125.  The United States denies the allegations contained in paragraph 125, except that it admits the Corps implemented the High-Level-Plan in 1984.

126.  The United States denies the allegations contained in paragraph 126, except that it admits that no adjustments were made to the flood walls along the IHNC, upon implementation of the High Level Plan.

127.  The United States denies the allegations contained in paragraph 127, except that it admits that as of 2005, the Lake Ponchartrain Project was still under construction, forty years after its authorization.

(J) <u>Hurricane Katrina and the Failure of the Hurricane Protection System</u>

128.  The United States denies the allegations contained in paragraph 128, except that it admits that Hurricane Katrina made landfall near Buras, Louisiana, at around 6:10 a.m. Central Daylight Time (CDT), on the morning of August 29, 2005.

129.  The United States denies the allegations contained in paragraph 129, except that it admits that (1) after its first landfall, Hurricane Katrina followed a track due north that took it across the Mississippi River to a final landfall near the mouth of the Pearl River at the Lousiana/Mississippi border at about 9:45 a.m CDT; (2) the central pressure rose gradually as the storm was traversing southeast Louisiana; (3) at the time of the Mississippi landfall, pressure had reached 928 mb and Katrina was still a Category 3 hurricane; (4) the hurricane accelerated after its Louisiana landfall; (5) after moving inland over south and central Mississippi, it became a Category 1 hurricane by 1:00 p.m CDT, about three hours after the Mississippi landfall; and (6) the National Hurricane Center downgraded Hurricane Katrina to a tropical storm approximately six hours later, when the remnants of the eye were northwest of Meridian, Mississippi.

130.  The United States denies the allegations contained in paragraph 130, except that it admits that (1) Katrina's strongest winds were in the right-hand leading quadrant and (2) a few instrumented towers placed in various locations in the greater New Orleans metropolitan area measured sustained winds in the range of 71-79 mph.

131.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

132.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

133.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

134.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

135.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

136.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

137.  Denied.

138.  The United States denies the allegations contained in paragraph 138, except that it admits a breach occurred on the 17th Street Canal on the east side at approximately 9:00 a.m. CDT, on August 29, 2005.

139.  Denied.

140.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

141.  The United States denies the allegations contained in paragraph 141, except that it admits the breach on the east side of the London Avenue Canal, just north of Mirabeau Avenue bridge is referred to as the "south breach" of the London Avenue Canal.

25

142.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

143. The United States denies the allegations contained in paragraph 143, except that it admits the breach on the west side of the London Avenue Canal just south of the Robert E. Lee Bridge is referred to as the "north breach" of the London Avenue Canal.

144.  The United States is without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, these allegations are denied.

145.  Denied.

146.  Denied.

147. Denied.

148.  Denied.

149.  Denied.

<u>CLASS ACTION ALLEGATIONS</u>

150.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

151.  The United States is without sufficient information to admit or deny the allegations regarding the purported "class representatives"; accordingly, these allegations are denied.  The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

152.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

153.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

154.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

155.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

156.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

157.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

158.  The allegations in this paragraph constitute a prayer for relief, for which no response is required.  To the extent a response is required, this allegation is denied.

159.  The allegations in this paragraph constitute a prayer for relief, as to which no response is required.  To the extent a response is required, this allegation is denied.

160.  The allegations in this paragraph constitute a prayer for relief, as to which no response is required.  To the extent a response is required, this allegation is denied.

<u>SUBCLASS ONE</u>

161.  The United States is without sufficient information to admit or deny the allegations regarding the purported "subclass representatives"; accordingly, these allegations are denied. The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

162.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

163.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

164.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

165.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

166.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

167.  The allegations in this paragraph constitute a prayer for relief, as to which no response is required.  To the extent a response is required, this allegation is denied.

<u>SUBCLASS TWO</u>

168.  The United States is without sufficient information to admit or deny the allegations regarding the purported "subclass representatives"; accordingly, these allegations are denied.

The remaining allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

169. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

170. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

171. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

172. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

173. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

174. The allegations in this paragraph constitute a prayer for relief, as to which no response is required. To the extent a response is required, this allegation is denied.

<u>SUBCLASS THREE</u>

175. The United States is without sufficient information to admit or deny the allegations regarding the purported "subclass representatives"; accordingly, these allegations are denied. The remaining allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29

176.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

177.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

178.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

179.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

180.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

181.  The allegations in this paragraph constitute a prayer for relief, as to which no response is required.  To the extent a response is required, this allegation is denied.

<u>SUBCLASS FOUR</u>

182.  The United States is without sufficient information to admit or deny the allegations regarding the purported "subclass representatives"; accordingly, these allegations are denied. The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

183.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

184.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

185.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

186.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

187.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

188.  The allegations in this paragraph constitute a prayer for relief, as to which no response is required.  To the extent a response is required, this allegation is denied.

<u>SUBCLASS FIVE</u>

189.  The United States is without sufficient information to admit or deny the allegations regarding the purported "subclass representatives"; accordingly, these allegations are denied. The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

190.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

191.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

192.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

193.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

194.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

195.  The allegations in this paragraph constitute a prayer for relief, as to which no response is required.  To the extent a response is required, this allegation is denied.

## ALLEGATIONS OF FAULT

196.  Paragraph 196 of the Complaint incorporates paragraphs one through 195, to which the United States has already responded, and as such, no additional response is required.  To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 195 of the Complaint.

197.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

198.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

199.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

200.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

201.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

202.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

203.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

204.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

205.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

206.  The allegations contained herein are directed to Defendant SWB and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

207.  The allegations contained herein are directed to Defendant SWB, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

33

208.  The allegations contained herein are directed to Defendant SWB, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

209.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, he allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

210.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

211.  The allegations contained herein are directed to Defendants OLD and EJLD; as such,  no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

212.  The allegations contained herein are directed to Defendants OLD and EJLD; as such,  no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

213.   The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

214.   The allegations contained herein are directed to Defendants Eustis and M&M; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

215.   The allegations contained herein are directed to Defendants Eustis and M&M; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

216.   Paragraph 216 of the Complaint incorporates paragraphs one through 215, to which the United States has already responded, and as such, no additional response is required.  To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 215 of the Complaint.

217.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

218.   The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

219.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

220.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

221.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

222.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

223.  The allegations contained herein are directed to Defendants M&M, Eustis, Boh Bros., and Pittman; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

224.  The allegations contained herein are directed to Defendants M&M and Eustis; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

225.  The allegations contained herein are directed to Defendants Boh Bros. and Pittman; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

226.  The allegations contained herein are directed to Defendant Pittman, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

227.  The allegations contained herein are directed to Defendant Boh Bros., and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

228.  The allegations contained herein are directed to Defendants Boh Bros. and Pittman; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

229.  The allegations contained herein are directed to Defendants SWB, OLD, and EJLD; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

230.  The allegations contained herein are directed to Defendants SWB, OLD, and EJLD; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

231. The allegations contained herein are directed to Defendants OLD, and EJLD; as such, no response from the United States is required. Further, the allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

232. The allegations contained herein are directed to Defendant Gulf Group, and no response from the United States is required. Further, the allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

233. The allegations contained herein are directed to Defendant Gulf Group, and no response from the United States is required. Further, the allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

234. The allegations contained herein are directed to Defendant SWB, and no response from the United States is required. Further, the allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

235. Paragraph 235 of the Complaint incorporates paragraphs one through 234, to which the United States has already responded, and as such, no additional response is required. To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 234 of the Complaint.

236.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

237.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

238.  The allegations contained herein are directed to Defendant B&K, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

239.  The allegations contained herein are directed to Defendant Burk-Kleinpeter, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

240.  The allegations contained herein are directed to Defendant Gotech, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

241.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal

conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

242.  Paragraph 242 of the Complaint incorporates paragraphs one through 241, to which the United States has already responded, and as such, no additional response is required.  To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 241 of the Complaint.

243.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

242.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

243.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

244.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

245.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

246.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

247.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

248.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

249.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

250.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

251.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

252.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

253.  Paragraph 253 of the Complaint incorporates paragraphs one through 252, to which the United States has already responded, and as such, no additional response is required.  To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 252 of the Complaint.

254.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

255.  The allegations contained herein are directed to Defendant PBR, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

256.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

257.  The allegations contained herein are directed to Defendant PBR, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

258.  The allegations contained herein are directed to Defendant CSX, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

259.  The allegations contained herein are directed to Defendant CSX, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

260.  The allegations contained herein are directed to Defendant CSX, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

261.  The allegations contained herein are directed to Defendant CSX, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

262.  The allegations contained herein are directed to Defendant PNO, and no response from the United States is required.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

263.  The allegations contained herein are directed to Defendant PNO, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

264.  The allegations contained herein are directed to Defendant PNO, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

265.  The allegations contained herein are directed to Defendant PNO, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

266.  The allegations contained herein are directed to Defendant PNO, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

267.  Paragraph 267 of the Complaint incorporates paragraphs one through 266, to which the United States has already responded, and as such, no additional response is required.  To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 266 of the Complaint.

268.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

269.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

270.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

271.  The allegations contained herein are directed to Defendant OLD, and no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

272.  The allegations contained herein are directed to Defendants St. Paul and OLD; as such, no response from the United States is required.  Further, the allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

273.  Paragraph 273 of the Complaint incorporates paragraphs one through 272, to which the United States has already responded, and as such, no additional response is required.  To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 272 of the Complaint.

274.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

275.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

276.   The allegations contained in this paragraph are legal conclusions to which no response is required.   To the extent a response is required, the allegations are denied.

277.   Paragraph 277 of the Complaint incorporates paragraphs one through 276, to which the United States has already responded, and as such, no additional response is required.   To the extent that an additional response is required, the United States incorporates its responses to paragraphs one through 276 of the Complaint.

278.   The allegations contained in this paragraph are legal conclusions to which no response is required.   To the extent a response is required, the allegations are denied.

279.   The allegations contained in this paragraph are legal conclusions to which no response is required.   To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

The paragraph beginning with "WHEREFORE" is Plaintiffs' prayer for relief, and as such, a response is not required.   To the extent that a response is required, the United States denies that Plaintiffs are entitled to the relief sought in the Complaint, or to any relief whatsoever.

Any allegation contained in Plaintiff's Complaint which is not expressly admitted or denied herein is hereby denied.

WHEREFORE, having fully answered, the United States prays that this action be dismissed with prejudice and that the United States be granted its costs.

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

PHYLLIS J. PYLES
Director, Torts Branch


 /s/ Robin D. Smith
ROBIN D. SMITH
Trial Attorney, Torts Branch
TARA A. BOWMAN
Trial Attorney, Torts Branch
CATHERINE J. FINNEGAN
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 888,  Benjamin Franklin Station
Washington, DC  20044
(202) 616-4916/(202) 616-5200 (FAX)

Attorneys for the United States of America

Dated: March 30, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, Robin D. Smith, hereby certify that on March 30, 2007, I served a true copy of Defendant United States' Answer to Superseding Master Consolidated Class Action Complaint upon all parties by ECF or first class mail.

 /s/ Robin D. Smith    
ROBIN D. SMITH
