UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**IN RE:**   **KATRINA CANAL BREACHES**          CIVIL ACTION
       **CONSOLIDATED LITIGATION**

                                       NO.: 05-4182

                                       SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
       05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
       06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
       06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
       06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
       07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MRGO

---

## ANSWER TO MR-GO CONSOLIDATED CLASS
## ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

   **NOW INTO COURT**, through undersigned counsel, comes defendant, Orleans Levee

District, formerly known as The Board of Commissioners for the Orleans Levee District, ("Orleans

Levee District"), and for answer to the Superseding Master Consolidated Class Action Complaint,

respectfully represents:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action against the Orleans Levee District upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Orleans Levee District have prescribed.

### THIRD DEFENSE

The plaintiffs have failed to join indispensable parties required by Federal Rule of Civil Procedure 19.

### FOURTH DEFENSE

The Orleans Levee District affirmatively pleads improper or inconvenient venue.

### FIFTH DEFENSE

The Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages were directly and proximately caused by the fault, negligence and/or want of due and reasonable care of third parties for whom Orleans Levee District is neither liable nor responsible, directly or vicariously.

### SIXTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages were caused in part by the acts or omissions of third parties, and plaintiffs' damages, if any, should be reduced by the percentage of causation attributed to the negligence or other fault of such third parties.

- 2 -

## SEVENTH DEFENSE

The Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages occurred, in whole or in part, as a result of an Act of God, force majeure, and/or a fortuitous event for which the Orleans Levee District cannot be held responsible.

## EIGHTH DEFENSE

The Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages complained of were solely caused or contributed to by plaintiffs' own negligence, fault and/or assumption of the risks, which serves to diminish or extinguish plaintiffs' rights to recovery.

## NINTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that plaintiffs have failed, as required by law, to mitigate or ameliorate their alleged damages, leading to the inflation of the plaintiffs' claims for damages, and Orleans Levee District is neither liable nor responsible for payment of any claimed losses or injuries which resulted from any such failure of plaintiffs to mitigate or ameliorate their alleged damages.

## TENTH DEFENSE

The Orleans Levee District affirmatively alleges that the plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts and omissions that may be proven at trial.

## ELEVENTH DEFENSE

The Orleans Levee District affirmatively alleges that the risks of flooding, injury and loss of property constituted known risks.

## TWELFTH DEFENSE

Further answering, the Orleans Levee District specifically pleads that at no time was it in any way negligent or otherwise at fault, directly or indirectly, in causing or contributing to the damages or injuries sought to be recovered in the Master Complaint.

## THIRTEENTH DEFENSE

The Orleans Levee District is not the owner, custodian nor in control of MRGO or the Forty Arpent canal, and owes no legally recognized duty to the plaintiffs with the respect to MRGO or the Forty Arpent canal.

## FOURTEENTH DEFENSE

The Orleans Levee District affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levees at issue.

## FIFTEENTH DEFENSE

The injuries complained of by plaintiffs were caused by pre-existing conditions over which the Orleans Levee District had no control and for which the Orleans Levee District is not responsible and may not be held liable.

## SIXTEENTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that in no event are plaintiffs entitled to recovery of attorney's fees, the costs of these proceedings, or judicial interest.

## SEVENTEENTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that it is entitled to a credit or offset based on any settling co-defendants, against the damages, if any, awarded plaintiffs

as against the Orleans Levee District.

## EIGHTEENTH DEFENSE

Any recovery based upon a theory of liability without fault is unconstitutional in that it would impair the right of redress of grievances, deprive the Orleans Levee District of property without due process of law, and deny the Orleans Levee District equal protection of the laws.

## NINETEENTH DEFENSE

Further answering, plaintiffs are not entitled to the recovery of exemplary or punitive damages against the Orleans Levee District, because any activities of the Orleans Levee District of which plaintiffs complain do not come within the ambit of any applicable exemplary or punitive statute or jurisprudence. Any award of exemplary or punitive damages to plaintiffs would deny the Orleans Levee District due process of law and constitutes a denial of equal protection in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana.

## TWENTIETH DEFENSE

Any claim by or award to plaintiffs of exemplary or punitive damages cannot be sustained because an award of exemplary or punitive damages under Louisiana law without proof of every element of such claim beyond a reasonable doubt would violate the Orleans Levee District's due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, § 2 of the Constitution of the State of Louisiana.

## TWENTY-FIRST DEFENSE

Any claim by or award to plaintiffs of exemplary or punitive damages cannot be sustained because an award of exemplary or punitive damages under Louisiana law subject to no pre-determined upper limit, either as a maximum multiple of compensatory damages or an absolute

maximum amount, would violate the Orleans Levee District's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, § 2 of the Constitution of the State of Louisiana, and may result in a violation of the Orleans Levee District's rights not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-SECOND DEFENSE

The acts and omissions of others, including other defendants and/or third parties, were new, superseding and independent causes of any damages suffered by plaintiffs.

## TWENTY-THIRD DEFENSE

Any recovery by plaintiffs and against the Orleans Levee District should be reduced by the amount attributable to third parties and/or other defendants.

## TWENTY-FOURTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:5624 (Actions for damages to property damaged for public purposes).

## TWENTY-FIFTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:2798.1 (Policymaking or discretionary acts or omissions of public entities or their officers or employees).

## TWENTY-SIXTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:2800 (Limitation of liability for public bodies) and LSA-R.S. 9:2800.16 (Immunity of state and political subdivisions; operational activities related to Hurricanes Katrina and Rita).

### TWENTY-SEVENTH DEFENSE

The Orleans Levee District affirmatively alleges that it never had actual or constructive notice, prior to the incident at issue, of any vice or defect, nor was it given a reasonable opportunity to remedy any such vice or defect which allegedly caused the plaintiffs' harm.

### TWENTY-EIGHTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:2772 (Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

### TWENTY-NINTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 13:5106 (Limitations).

### THIRTIETH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LSA-R.S. 29:721, et seq.).

### THIRTY-FIRST DEFENSE

The Orleans Levee District affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. (28 U.S.C. § 1442(A)(1)).

### THIRTY-SECOND DEFENSE

The Plaintiffs' (and the putative class members') claims against the Orleans Levee District are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law, including 33 U.S.C. § 701, *et seq.*

- 7 -

## THIRTY-THIRD DEFENSE

The certification and maintenance of this action as a class action would violate the Separation of Powers' Provision of the United States Constitution as, at all pertinent times, the Orleans Levee District's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## THIRTY-FOURTH DEFENSE

The Orleans Levee District affirmatively alleges that it is immune from liability for any damages caused by flood waters. (33 U.S.C. § 702(c)).

## THIRTY-FIFTH DEFENSE

The Orleans Levee District affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with the respect to the conduct alleged in the plaintiffs' (and the members of the putative class') complaint.

## THIRTY-SIXTH DEFENSE

The Orleans Levee District affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others. To the extent that same is applicable, the Orleans Levee District specifically pleads the Government Contract of Defense.

## THIRTY-SEVENTH DEFENSE

The Orleans Levee District is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

## THIRTY-EIGHTH DEFENSE

This action cannot be properly maintained as a class action.

- 8 -

## THIRTY-NINTH DEFENSE

The Orleans Levee District affirmatively alleges that the plaintiffs' claims, and the claims of the putative class members, in part or in whole, are not maintainable as a class action under the provisions of the Federal Rules of Civil Procedure, because, for example and without limitation, the class representatives do not adequately represent the interest of the class, and litigating this case as a class action is impractical and inappropriate.

## FORTIETH DEFENSE

The Orleans Levee District objects to the maintenance of this action as a class action, and, in particular, asserts that class certification is inappropriate for the following reasons:

a.   Lack of proper definition of proposed class;

b.   Lack of numerosity;

c.   Lack of commonality of questions of law;

d.   Lack of commonality of questions of fact;

e.   Lack of typicality;

f.   Lack of adequacy of representation;

g.   Lack of the requirements for certification under Federal Rule of Civil Procedure 23(b)(1);

h.   Lack of the requirements for certification under Federal Rule of Civil Procedure 23(b)(3);

i.   Individual issues predominate over common issues;

j.   A class action is not superior to the other available methods for the fair and efficient adjudication of this controversy; and

k.      There are difficulties that are likely to be encountered in the management of a class action such that class certification is impractical, overly costly, and burdensome on the court and the parties.

### FORTY-FIRST DEFENSE

The plaintiffs are not proper class representatives.

### FORTY-SECOND DEFENSE

The damages sought by the named defendants on behalf of the alleged putative class cannot be recovered without specific proof by each alleged putative class member that he or she has been damaged.

### FORTY-THIRD DEFENSE

The damages sought by the putative class exceed the assets available to the Orleans Levee District.  Thus the putative class' interests conflict with the other putative classes represented by opposing counsel to the extent that the classes all seek recovery from a limited fund.

### FORTY-FOURTH DEFENSE

The putative sub-classes proposed in the Master Complaint do not satisfy under predominance requirements of Federal Rule of Civil Procedure 23(b)(3).  Moreover, absent certification of a class, the plaintiffs' request for certification of sub-classes is premature.

### FORTY-FIFTH DEFENSE

The putative class members' individual damages cannot be determined by reference to a mathematical or formulaic calculation, thus common damage issues do not predominate over individual damage issues.

- 10 -

### FORTY-SIXTH DEFENSE

The amount of compensatory damages to which any individual putative class member may be entitled cannot be calculated by objective standards, thus common damage issues do not predominate over individual damage issues.

### FORTY-SEVENTH DEFENSE

The sources of individual putative class members' damages are varied, and the fault attributable to each source varies as well.  Thus, common liability issues do not predominate over individual liability issues.

### FORTY-EIGHTH DEFENSE

The Orleans Levee District reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

**AND NOW,** answering separately the allegations of the Master Complaint, the Orleans Levee District avers on information and belief as follows:

1.

The unnumbered paragraph entitled Introduction, requires no answer of the Orleans Levee District, however, to the extent an answer is deemed necessary, the allegations relating to the liability, fault, negligence and/or strict liability of the Orleans Levee District are denied.  The remaining averments are denied for lack of sufficient information to justify a belief as to the truth therein.

2.

The allegations of Paragraph 1(a) of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied.

3.

The allegations of Paragraph 1(b) of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

4.

The allegations of Paragraph 1(c) of the Master Complaint are admitted.

5.

The allegations of Paragraph 1(d) of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied.

6.

The allegations of Paragraph 2 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations of Paragraph 3 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations of Paragraph 4 of the Master Complaint contain a legal conclusion which requires no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein. Moreover, any averments in Paragraph 4 of the Master Complaint relating to negligence, fault, strict liability and/or wrongful acts and damages are denied insofar as the allegations relate or refer to the Orleans Levee District.

9.

The allegations of Paragraph 5 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations of Paragraph 6 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations of Paragraph 7 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations of Paragraph 8 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The Orleans Levee District admits it is a local governmental entity and further admits only that it maintained and operated flood control structures in accordance with the specific contractual instructions from the United States government, as well as state and federal regulations and statutes. All other averments are denied.

14.

The allegations of Paragraph 10 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

In response to the allegations of Paragraph 11 of the Master Complaint, the Orleans Levee District admits that all times pertinent hereto it was issued a policy of liability insurance by St. Paul Fire and Marine Insurance Company. The policy is a written instrument, and, as such, the Orleans Levee District pleads its provisions as if copied herein *in extenso*.

16.

The allegations of Paragraph 12 of the Master Complaint are denied.

17.

The allegations of Paragraph 13A of the Master Complaint are denied.

18.

The allegations of Paragraph 13B. of the Master Complaint are denied.

19.

The allegations of Paragraph 14 of the Master Complaint are denied.

20.

The allegations of Paragraph 15 and subparts a. through f. of the Master Complaint are denied.

21.

The allegations of Paragraph 16 of the Master Complaint are denied are denied in so far as the allegations relate or refer to the Orleans Levee District.

22.

The allegations of Paragraph 17 of the Master Complaint are denied.

23.

The allegations of Paragraph 18 of the Master Complaint are denied.

24.

The allegations of Paragraph 19 and sub-parts a. through c. of the Master Complaint are denied.

25.

The allegations of Paragraph 20 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein

26.

The allegations of Paragraph 21 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein .

27.

The allegations of Paragraph 22 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations of Paragraph 23 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations of Paragraph 24 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations of Paragraph 25 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

31.

The allegations of Paragraph 26 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

32.

The allegations of Paragraph 27 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations of Paragraph 28 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations of Paragraph 29 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations of Paragraph 30 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

36.

The allegations of Paragraph 31 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

37.

The allegations of Paragraph 32 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

38.

The allegations of Paragraph 33 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

39.

The allegations of Paragraph 34 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

40.

The allegations of Paragraph 35 of the Master Complaint require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

41.

In response to the allegations of Paragraph 36 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to the previous allegations of fact and allegations of fault, as incorporated herein.  For further answer, to the extent that the allegations of Paragraph 36 of the Master Complaint refer or relate to the Orleans Levee District, those allegations are denied.

The remaining averments are denied for lack of sufficient information to justify a belief as to the truth therein.

42.

The allegations of Paragraph 37 of the Master Complaint are denied in so far as those allegations may relate or refer to the Orleans Levee District. The remaining averments are denied for lack of sufficient information to justify a belief as to the truth therein.

43.

The allegations of Paragraph 38 of the Master Complaint are denied insofar as the allegations relate or refer to the Orleans Levee District. The remaining averments are denied for lack of sufficient information to justify a belief as to the truth therein.

44.

In response to the allegations of Paragraph 39 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein. Further, to the extent that the allegations of Paragraph 39 of the Master Complaint refer or relate to the Orleans Levee District, those allegations are denied. The remaining allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 40 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

46.

The allegations of Paragraph 41 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

47.

The allegations of Paragraph 42 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

48.

The allegations of Paragraph 43 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

49.

The allegations of Paragraph 44 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

50.

The allegations of Paragraph 45 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

51.

The allegations of Paragraph 46 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

52.

The allegations of Paragraph 47 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

53.

The allegations of Paragraph 48 of the Master Complaint are denied.

54.

In response to the allegations of Paragraph 49 of the Master Complaint, the Orleans Levee District admits that it maintained and operated flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes. All other averments are denied.

55.

The allegations of Paragraph 50 of the Master Complaint are denied.

56.

In response to the allegations of Paragraph 51 of the Master Complaint, the Orleans Levee District realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein. For further answer, the allegations of Paragraph 54 of the Master Complaint are denied in so far as those allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph 52 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

58.

The allegations of Paragraph 53 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

59.

In response to the allegations of Paragraph 54 of the Master Complaint, the Orleans Levee District realleges and reavers its responses to those allegations of fact and allegations of fault, as

incorporated herein.  For further answer, the allegations of Paragraph 54 of the Master Complaint are denied in so far as those allegations relate or refer to the Orleans Levee District.  The remaining allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of Paragraph 55 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

61.

The allegations of Paragraph 56 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

62.

The allegations of Paragraph 57 of the Master Complaint are denied.

63.

In response to the allegations of Paragraph 58 of the Master Complaint, the Orleans Levee District realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein.  For further answer, the allegations of Paragraph 58 of the Master Complaint are denied.

64.

The allegations of Paragraph 59 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

65.

The allegations of Paragraph 60 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

66.

The allegations of Paragraph 61 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

67.

The allegations of Paragraph 62 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

68.

The allegations of Paragraph 63 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

69.

The allegations of Paragraph 64 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

70.

The allegations of Paragraph 65 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

71.

The allegations of Paragraph 66 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

72.

The allegations of Paragraph 67 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

73.

The allegations of Paragraph 68 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

74.

The allegations of Paragraph 69 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

75.

The allegations of Paragraph 70 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

76.

The allegations of Paragraph 71 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

77.

The allegations of Paragraph 72 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

78.

The allegations of Paragraph 73 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

79.

The allegations of Paragraph 74 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

80.

The allegations of Paragraph 75 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 76 of the Master Complaint require no answer from this defendant; however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

82.

The allegations of Paragraph 77 of the Master Complaint are denied insofar as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph 78 of the Master Complaint are denied insofar as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph 79 of the Master Complaint are denied insofar as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations of Paragraph 80(a) and (b) of the Master Complaint are denied insofar as the allegations relate or refer to the Orleans Levee District.  The remaining allegations of Paragraph 80(a) and (b) are denied for lack of sufficient information to justify a belief therein.

86.

The Orleans Levee District denies the allegations of the Prayer for Relief.

**WHEREFORE**, the defendant, Orleans Levee District, formerly known as The Board of Commissioners for the Orleans Levee District, prays that this Answer be deemed good and sufficient and that after all due proceedings are had herein there be judgment in its favor and against the plaintiffs, dismissing the plaintiffs' demands with full prejudice and at the plaintiffs' sole cost, and for all general and equitable relief, etc.

Respectfully submitted,

**MCCRANIE,  SISTRUNK,  ANZELMO, HARDY, MAXWELL & MCDANIEL, PC**

**THOMAS P. ANZELMO (#2533)**
**MARK E. HANNA (#19336)**
**KYLE P. KIRSCH (#26363)**
**ANDRE J. LAGARDE (#28649)**
**DARCY E. DECKER (#30469)**
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Fax: (504) 831-2492

AND

- 27 -

**LABORDE & NEUNER**
**JAMES L. PATE (#10333)**
**BEN L. MAYEAUX (#19042)**
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, Louisiana 70503
Post Office Drawer 52828
Lafayette, Louisiana  70505-2828
Telephone: (337) 237-7000
Fax: (337) 233-9450
**Attorneys for the Orleans Levee District**


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on March 30, 2007, a copy of the above and foregoing

documents was filed electronically with the Clerk of Court using the CM/ECF system which will

send a notice of electronic filing to all participating counsel of record.  I also certify that I have

mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants

**THOMAS P. ANZELMO (#2533)**
**MARK E. HANNA (#19336)**
**KYLE P. KIRSCH (#26363)**
**ANDRE J. LAGARDE (#28649)**
**DARCY E. DECKER (#30469)**
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
tanzelmo@mcsalaw.com