UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**IN RE:**   **KATRINA CANAL BREACHES**         CIVIL ACTION
         **CONSOLIDATED LITIGATION**

                              NO.: 05-4182

                              SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
       05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
       06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
       06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
       06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
       06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
       07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

---

## ANSWER TO SUPERSEDING MASTER CONSOLIDATED
## CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Orleans Levee

District, formerly known as the Board of Commissioners for the Orleans Levee District ("Orleans

Levee District"), and for answer to the Superseding Master Consolidated Class Action Complaint,

respectfully represents:

1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action against the Orleans Levee District upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against the Orleans Levee District have prescribed.

### THIRD DEFENSE

The plaintiffs have failed to join indispensable parties required by Federal Rule of Civil Procedure 19.

### FOURTH DEFENSE

The Orleans Levee District affirmatively pleads improper or inconvenient venue.

### FIFTH DEFENSE

The Orleans Levee District avers that if plaintiffs suffered any damages, which is denied, then such damages were directly and proximately caused by the fault, negligence and/or want of due and reasonable care of third parties for whom the Orleans Levee District is neither liable nor responsible, directly or vicariously.

### SIXTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages were caused in part by the acts or omissions of third parties, and plaintiffs' damages, if any, should be reduced by the percentage of causation attributed to the negligence or other fault of such third parties.

### SEVENTH DEFENSE

The Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages occurred, in whole or in part, as a result of an Act of God, force majeure, and/or a fortuitous event for which the Orleans Levee District cannot be held responsible.

### EIGHTH DEFENSE

The Orleans Levee District avers that if plaintiffs suffered any damages, which is again denied, then such damages complained of were solely caused or contributed to by plaintiffs' own negligence, fault and/or assumption of the risks, which serves to diminish or extinguish plaintiffs' rights to recovery.

### NINTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that plaintiffs have failed, as required by law, to mitigate or ameliorate their alleged damages, leading to the inflation of the plaintiffs' claims for damages, and the Orleans Levee District is neither liable nor responsible for payment of any claimed losses or injuries which resulted from any such failure of plaintiffs to mitigate or ameliorate their alleged damages.

### TENTH DEFENSE

The Orleans Levee District affirmatively alleges that the plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts and omissions that may be proven at trial.

## ELEVENTH DEFENSE

The Orleans Levee District affirmatively alleges that the risks of flooding, injury and loss of property constituted known risks.

## TWELFTH DEFENSE

Further answering, the Orleans Levee District specifically pleads that at no time was it in any way negligent or otherwise at fault, directly or indirectly, in causing or contributing to the damages or injuries sought to be recovered in the Master Complaint.

## THIRTEENTH DEFENSE

The Orleans Levee District affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levees at issue.

## FOURTEENTH DEFENSE

The injuries complained of by plaintiffs were caused by pre-existing conditions over which the Orleans Levee District had no control and for which the Orleans Levee District is not responsible and may not be held liable.

## FIFTEENTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that in no event are plaintiffs entitled to recovery of attorney's fees, the costs of these proceedings, or judicial interest.

## SIXTEENTH DEFENSE

Pleading further in the alternative, the Orleans Levee District avers that it is entitled to a credit or offset based on any settling co-defendants, against the damages, if any, awarded plaintiffs as against the Orleans Levee District.

## SEVENTEENTH DEFENSE

Any recovery based upon a theory of liability without fault is unconstitutional in that it would impair the right of redress of grievances, deprive the Orleans Levee District of property without due process of law, and deny the Orleans Levee District equal protection of the laws.

## EIGHTEENTH DEFENSE

Further answering, plaintiffs are not entitled to the recovery of exemplary or punitive damages against the Orleans Levee District, because any activities of the Orleans Levee District of which plaintiffs complain do not come within the ambit of any applicable exemplary or punitive statute or jurisprudence.  Any award of exemplary or punitive damages to plaintiffs would deny the Orleans Levee District due process of law and constitutes a denial of equal protection in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana.

## NINETEENTH DEFENSE

Any claim by or award to plaintiffs of exemplary or punitive damages cannot be sustained because an award of exemplary or punitive damages under Louisiana law without proof of every element of such claim beyond a reasonable doubt would violate the Orleans Levee District's due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, § 2 of the Constitution of the State of Louisiana.

## TWENTIETH DEFENSE

Any claim by or award to plaintiffs of exemplary or punitive damages cannot be sustained because an award of exemplary or punitive damages under Louisiana law subject to no pre-determined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate the Orleans Levee District's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by Article 1, § 2 of the Constitution of the State of Louisiana, and may result in a violation of the Orleans Levee District's rights not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-FIRST DEFENSE

The acts and omissions of others, including other defendants and/or third parties, were new, superseding and independent causes of any damages suffered by plaintiffs.

## TWENTY-SECOND DEFENSE

Any recovery by plaintiffs and against the Orleans Levee District should be reduced by the amount attributable to third parties and/or other defendants.

## TWENTY-THIRD DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:5624 (Actions for damages to property damaged for public purposes).

## TWENTY-FOURTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:2798.1 (Policymaking or discretionary acts or omissions of public entities or their officers or employees).

## TWENTY-FIFTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:2800 and 2800.16 (Limitation of liability for public bodies).

## TWENTY-SIXTH DEFENSE

The Orleans Levee District affirmatively alleges that it never had actual or constructive

notice, prior to the incident at issue, of any vice or defect, nor was it given a reasonable opportunity to remedy any such vice or defect which allegedly caused the plaintiffs' harm.

## TWENTY-SEVENTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 9:2772 (Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

## TWENTY-EIGHTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of LSA-R.S. 13:5106 (Limitations).

## TWENTY-NINTH DEFENSE

The Orleans Levee District affirmatively pleads the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LSA-R.S. 29:721, et seq.).

## THIRTIETH DEFENSE

The Orleans Levee District affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. (28 U.S.C. § 1442(A)(1)).

## THIRTY-FIRST DEFENSE

Plaintiffs' (and the putative class members') claims against the Orleans Levee District are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law, including 33 U.S.C. § 701, *et seq.*

## THIRTY-SECOND DEFENSE

The certification and maintenance of this action as a class action would violate the Separation of Powers' Provision of the United States Constitution as, at all pertinent times, the Orleans Levee

District's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### THIRTY-THIRD DEFENSE

The Orleans Levee District affirmatively alleges that it is immune from liability for any damages caused by flood waters.  (33 U.S.C. § 702(c)).

### THIRTY-FOURTH DEFENSE

The Orleans Levee District affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with the respect to the conduct alleged in the plaintiffs' (and the members of the putative class') complaint.

### THIRTY-FIFTH DEFENSE

The Orleans Levee District affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others.  To the extent that same is applicable, the Orleans Levee District specifically pleads the Government Contract of Defense.

### THIRTY-SIXTH DEFENSE

The Orleans Levee District is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

### THIRTY-SEVENTH DEFENSE

This action cannot be properly maintained as a class action.

### THIRTY-EIGHTH DEFENSE

The Orleans Levee District affirmatively alleges that the plaintiffs' claims, and the claims of the putative class members, in part or in whole, are not maintainable as a class action under the

provisions of the Federal Rules of Civil Procedure, because, for example and without limitation, the class representatives do not adequately represent the interest of the class, and litigating this case as a class action is impractical and inappropriate.

## THIRTY-NINTH DEFENSE

The Orleans Levee District objects to the maintenance of this action as a class action, and, in particular, asserts that class certification is inappropriate for the following reasons:

a.  Lack of proper definition of proposed class;

b.  Lack of numerosity;

c.  Lack of commonality of questions of law;

d.  Lack of commonality of questions of fact;

e.  Lack of typicality;

f.  Lack of adequacy of representation;

g.  Lack of the requirements for certification under Federal Rule of Civil Procedure 23(b)(1);

h.  Lack of the requirements for certification under Federal Rule of Civil Procedure 23(b)(3);

I.  Individual issues predominate over common issues;

j.  A class action is not superior to the other available methods for the fair and efficient adjudication of this controversy; and

k.  There are difficulties that are likely to be encountered in the management of a class action such that class certification is impractical, overly costly, and burdensome on the court and the parties.

## FORTIETH DEFENSE

The plaintiffs are not proper class representatives.

## FORTY-FIRST DEFENSE

The damages sought by the named defendants on behalf of the alleged putative class cannot be recovered without specific proof by each alleged putative class member that he or she has been damaged.

## FORTY-SECOND DEFENSE

The damages sought by the putative class exceed the assets available to the Orleans Levee District. Thus the putative class' interests conflict with the other putative classes represented by opposing counsel to the extent that the classes all seek recovery from a limited fund.

## FORTY-THIRD DEFENSE

The putative sub-classes proposed in the Master Complaint do not satisfy the predominance requirements of Federal Rule of Civil Procedure 23(b)(3). Moreover, absent certification of a class, the plaintiffs' request for certification of sub-classes is premature.

## FORTY-FOURTH DEFENSE

The putative class members' individual damages cannot be determined by reference to a mathematical or formulaic calculation, thus common damage issues do not predominate over individual damage issues.

## FORTY-FIFTH DEFENSE

The amount of compensatory damages to which any individual putative class member may be entitled cannot be calculated by objective standards, thus common damage issues do not predominate over individual damage issues.

### FORTY-SIXTH DEFENSE

The sources of individual putative class members' damages are varied, and the fault attributable to each source varies as well. Thus, common liability issues do not predominate over individual liability issues.

### FORTY-SEVENTH DEFENSE

The Orleans Levee District reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

**AND NOW,** answering separately the allegations of the Master Complaint, the Orleans Levee District avers on information and belief as follows:

1.

In response to the allegations of Paragraph 1 of the Master Complaint, the Orleans Levee District avers that no response is necessary. If a response be deemed necessary, the allegations are denied in so far as they relate or refer to the Orleans Levee District.

2.

In response to the allegations of Paragraph 2 of the Master Complaint, the Orleans Levee District avers that no response is necessary. If a response be deemed necessary, Orleans Levee District admits that numerous class actions have been brought in which the Orleans Levee District is a defendant and that Case Management Order No. 4, entered on March 1, 2007, is intended to supersede and replace all the previous class actions previously filed.

3.

The allegations of Paragraph 3 of the Master Complaint regarding the identity and status of the named defendants are denied for lack of sufficient information to justify a belief as to the truth

therein. The remaining allegations of Paragraph 3 of the Master Complaint require no answer of the Orleans Levee District, however, should a response be deemed necessary, it is admitted that the Master Complaint alleges proposed classes and subclasses under the heading CLASS ACTION ALLEGATIONS.

4.

In response to the allegations of Paragraph 4 of the Master Complaint, the Orleans Levee District admits it is a local governmental entity amenable to suit, and domiciled in the Parish of Orleans, State of Louisiana. The remaining averments regarding the status of the other defendants are denied for lack of sufficient information to justify a belief as to the truth therein.

5.

The allegations of Paragraph 5 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

6.

The allegations of Paragraph 6 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations of Paragraph 7 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations of Paragraph 8 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations of Paragraph 9 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations of Paragraph 10 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations of Paragraph 11 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations of Paragraph 12 of the Master Complaint state a conclusion of law which require no response of the Orleans Levee District. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The allegations of Paragraph 13 of the Master Complaint state a conclusion of law which requires no response of the Orleans Levee District.  To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

14.

The allegations of Paragraph 14 of the Master Complaint state a conclusion of law which requires no response of the Orleans Levee District.  To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

The allegations of Paragraph 15 of the Master Complaint state a conclusion of law which requires no response of the Orleans Levee District.  To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

16.

The allegations of Paragraph 16 of the Master Complaint state a conclusion of law which requires no response of the Orleans Levee District.  To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

17.

The allegations of Paragraph 17 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

18.

The allegations of Paragraph 18 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

19.

The allegations of Paragraph 19 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

20.

The allegations of Paragraph 20 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

21.

The allegations of Paragraph 21 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

22.

The allegations of Paragraph 22 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

23.

The allegations of Paragraph 23 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

24.

The allegations of Paragraph 24 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

25.

The allegations of Paragraph 25 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

26.

The allegations of Paragraph 26 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

27.

The allegations of Paragraph 27 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations of Paragraph 28 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations of Paragraph 29 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations of Paragraph 30 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

31.

The allegations of Paragraph 31 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

32.

The allegations of Paragraph 32 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations of Paragraph 33 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations of Paragraph 34 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations of Paragraph 35 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

36.

The allegations of Paragraph 36 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

37.

The allegations of Paragraph 37 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

38.

The allegations of Paragraph 38 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

39.

The allegations of Paragraph 39 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

40.

The allegations of Paragraph 40 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

41.

The allegations of Paragraph 41 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

42.

The allegations of Paragraph 42 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

43.

The allegations of Paragraph 43 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

44.

The allegations of Paragraph 44 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

45.

The allegations of Paragraph 45 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

46.

The allegations of Paragraph 46 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

47.

The allegations of Paragraph 47 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

48.

The allegations of Paragraph 48 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

49.

The allegations of Paragraph 49 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

50.

The allegations of Paragraph 50 of the Master Complaint are admitted.

51.

The allegations of Paragraph 51 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

52.

The allegations of Paragraph 52 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

53.

The allegations of Paragraph 53 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

54.

The allegations of Paragraph 54 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

55.

The allegations of Paragraph 55 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

56.

The allegations of Paragraph 56 of the Master Complaint state a conclusion of law which requires no response of the Orleans Levee District.  To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

57.

The allegations of Paragraph 57 of the Master Complaint state a conclusion of law which requires no response of the Orleans Levee District.  To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

58.

The allegations of Paragraph 58 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

59.

The allegations of Paragraph 59 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

60.

The allegations of Paragraph 60 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

61.

The allegations of Paragraph 61 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

62.

The allegations of Paragraph 62 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

63.

The allegations of Paragraph 63 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

64.

The allegations of Paragraph 64 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

65.

The allegations of Paragraph 65 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

66.

The allegations of Paragraph 66 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

67.

The allegations of Paragraph 67 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

68.

The allegations of Paragraph 68 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

69.

The allegations of Paragraph 69 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

70.

The allegations of Paragraph 70 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

71.

The allegations of Paragraph 71 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

72.

The allegations of Paragraph 72 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

73.

The allegations of Paragraph 73 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

74.

The allegations of Paragraph 74 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

75.

The allegations of Paragraph 75 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

76.

The allegations of Paragraph 76 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District.

77.

The allegations of Paragraph 77 of the Master Complaint are denied as written.

78.

The allegations of Paragraph 78 of the Master Complaint are denied as written.

79.

The allegations of Paragraph 79 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

80.

The allegations of Paragraph 80 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

81.

The allegations of Paragraph 81 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

82.

The allegations of Paragraph 82 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

83.

The allegations of Paragraph 83 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

84.

The allegations of Paragraph 84 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

85.

The allegations of Paragraph 85 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

86.

The allegations of Paragraph 86 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

87.

The allegations of Paragraph 87 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

88.

The allegations of Paragraph 88 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

89.

The allegations of Paragraph 89 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

90.

The allegations of Paragraph 90 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

91.

The allegations of Paragraph 91 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

92.

The allegations of Paragraph 92 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

93.

The allegations of Paragraph 93 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

94.

The allegations of Paragraph 94 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

95.

The allegations of Paragraph 95 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

96.

The allegations of Paragraph 96 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

97.

The allegations of Paragraph 97 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

98.

The allegations of Paragraph 98 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

99.

The allegations of Paragraph 99 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

100.

The allegations of Paragraph 100 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

101.

The allegations of Paragraph 101 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

102.

The allegations of Paragraph 102 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

103.

The allegations of Paragraph 103 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

104.

The allegations of Paragraph 104 of the Master Complaint are admitted.

105.

The allegations of Paragraph 105 of the Master Complaint are denied as written.

106.

The allegations of Paragraph 106 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

107.

The allegations of Paragraph 107 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

108.

The allegations of Paragraph 108 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

109.

The allegations of Paragraph 109 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

110.

The allegations of Paragraph 110 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

111.

The allegations of Paragraph 111 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

112.

The allegations of Paragraph 112 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

113.

The allegations of Paragraph 113 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

114.

The allegations of Paragraph 114 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

115.

The allegations of Paragraph 115 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

116.

The allegations of Paragraph 116 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

117.

The allegations of Paragraph 117 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

118.

The allegations of Paragraph 118 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

119.

The allegations of Paragraph 119 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

120.

The allegations of Paragraph 120 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

121.

The allegations of Paragraph 121 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

122.

The allegations of Paragraph 122 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

123.

The allegations of Paragraph 123 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

124.

The allegations of Paragraph 124 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

125.

The allegations of Paragraph 125 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

126.

The allegations of Paragraph 126 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

127.

The allegations of Paragraph 127 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

128.

Except to admit the existence of Hurricane Katrina, the allegations of Paragraph 128 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

129.

Except to admit the existence of Hurricane Katrina, the allegations of Paragraph 129 of the Master Complaint, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

130.

The allegations of Paragraph 130 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

131.

The allegations of Paragraph 131 of the Master Complaint are admitted.

132.

Except to admit that a breach occurred at Floodgate W-30, the allegations of Paragraph 132 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

133.

The allegations of Paragraph 133 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

134.

The allegations of Paragraph 134 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

135.

The allegations of Paragraph 135 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

136.

The allegations of Paragraph 136 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

137.

The allegations of Paragraph 137 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

138.

Except to admit that a breach occurred on the 17th Street Canal, the allegations of Paragraph 138 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

139.

The allegations of Paragraph 139 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

140.

The allegations of Paragraph 140 of the Master Complaint are denied as written.

141.

Except to admit that a breach occurred on the London Avenue Canal, the allegations of Paragraph 141 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

142.

The allegations of Paragraph 142 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

143.

Except to admit that a breach occurred on the London Avenue Canal, the allegations of Paragraph 143 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

144.

The allegations of Paragraph 144 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

145.

The allegations of Paragraph 145 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

146.

The allegations of Paragraph 146 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

147.

The allegations of Paragraph 147 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

148.

The allegations of Paragraph 148 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

149.

The allegations of Paragraph 149 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 149 of the Master Complaint are denied as written.

150.

The allegations of Paragraph 150 of the Master Complaint are denied.

151.

The allegations of Paragraph 151 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

152.

The allegations of Paragraph 152 of the Master Complaint are denied.

153.

The allegations of Paragraph 153 of the Master Complaint are denied.

154.

The allegations of Paragraph 154 of the Master Complaint are denied.

155.

The allegations of Paragraph 155 of the Master Complaint are denied.

156.

The allegations of Paragraph 156 of the Master Complaint are denied.

157.

The allegations of Paragraph 157 of the Master Complaint are denied.

158.

The allegations of Paragraph 158 of the Master Complaint are denied.

159.

The allegations of Paragraph 159 of the Master Complaint are denied.

160.

The allegations of Paragraph 160 of the Master Complaint are denied.

161.

The allegations of Paragraph 161 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

162.

The allegations of Paragraph 162 of the Master Complaint are denied.

163.

The allegations of Paragraph 163 of the Master Complaint are denied.

164.

The allegations of Paragraph 164 of the Master Complaint are denied.

165.

The allegations of Paragraph 166 of the Master Complaint are denied.

166.

The allegations of Paragraph 166 of the Master Complaint are denied.

167.

The allegations of Paragraph 167 of the Master Complaint are denied.

168.

The allegations of Paragraph 168 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

169.

The allegations of Paragraph 169 of the Master Complaint are denied.

170.

The allegations of Paragraph 170 of the Master Complaint are denied.

171.

The allegations of Paragraph 171 of the Master Complaint are denied.

172.

The allegations of Paragraph 172 of the Master Complaint are denied.

173.

The allegations of Paragraph 173 of the Master Complaint are denied.

174.

The allegations of Paragraph 174 of the Master Complaint are denied.

175.

The allegations of Paragraph 175 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

176.

The allegations of Paragraph 176 of the Master Complaint are denied.

177.

The allegations of Paragraph 177 of the Master Complaint are denied.

178.

The allegations of Paragraph 178 of the Master Complaint are denied.

179.

The allegations of Paragraph 179 of the Master Complaint are denied.

180.

The allegations of Paragraph 180 of the Master Complaint are denied.

181.

The allegations of Paragraph 181 of the Master Complaint are denied.

182.

The allegations of Paragraph 182 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

183.

The allegations of Paragraph 183 of the Master Complaint are denied.

184.

The allegations of Paragraph 184 of the Master Complaint are denied.

185.

The allegations of Paragraph 185 of the Master Complaint are denied.

186.

The allegations of Paragraph 186 of the Master Complaint are denied.

187.

The allegations of Paragraph 187 of the Master Complaint are denied.

188.

The allegations of Paragraph 188 of the Master Complaint are denied.

189.

The allegations of Paragraph 189 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

190.

The allegations of Paragraph 190 of the Master Complaint are denied.

191.

The allegations of Paragraph 191 of the Master Complaint are denied.

192.

The allegations of Paragraph 192 of the Master Complaint are denied.

193.

The allegations of Paragraph 193 of the Master Complaint are denied.

194.

The allegations of Paragraph 194 of the Master Complaint are denied.

195.

The allegations of Paragraph 195 of the Master Complaint are denied.

196.

In response to the allegations of Paragraph 196 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

197.

The allegations of Paragraph 197 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District, except to admit that a certain policy of liability insurance was issued to the Orleans Levee District by St. Paul Fire and Marine Insurance Company, which policy is a written instrument and the provisions of the policy are incorporated herein as if copied *in extenso*. The remaining allegations of Paragraph 197 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

198.

The allegations of Paragraph 198 of the Master Complaint require no answer from this defendant.

199.

The allegations of Paragraph 199 of the Master Complaint require no answer from this defendant.

200.

The allegations of Paragraph 200 of the Master Complaint require no answer from this defendant.

201.

The allegations of Paragraph 201 of the Master Complaint require no answer from this defendant.

202.

The allegations of Paragraph 202 of the Master Complaint require no answer from this defendant.

203.

The allegations of Paragraph 203 of the Master Complaint require no answer from this defendant.

204.

The allegations of Paragraph 204 of the Master Complaint require no answer from this defendant.

205.

The allegations of Paragraph 205 of the Master Complaint require no answer from this defendant.

206.

The allegations of Paragraph 206 of the Master Complaint require no answer from this defendant.

207.

The allegations of Paragraph 207 of the Master Complaint require no answer from this defendant.

208.

The allegations of Paragraph 208 of the Master Complaint require no answer from this defendant.

209.

The allegations of Paragraph 209 of the Master Complaint are denied.

210.

The allegations of Paragraph 210 of the Master Complaint are denied.

211.

The allegations of Paragraph 211 of the Master Complaint are denied in so far as they relate or refers to the Orleans Levee District. The remaining allegations of Paragraph 211 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

212.

The allegations of Paragraph 212 of the Master Complaint are denied in so far as they relate or refers to the Orleans Levee District. The remaining allegations of Paragraph 212 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

213.

The allegations of Paragraph 213 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District, except to admit that a certain policy of liability insurance was issued to the Orleans Levee District by St. Paul Fire and Marine Insurance Company, which policy is a written instrument and the provisions of the policy are incorporated herein as if copied *in extenso*. The remaining allegations of Paragraph 213 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

214.

The allegations of Paragraph 214 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

215.

The allegations of Paragraph 215 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

216.

In response to the allegations of Paragraph 216 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

217.

The allegations of Paragraph 217 of the Master Complaint are denied in so far as those allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 217 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

218.

The allegations of Paragraph 218 of the Master Complaint state a conclusions of law which require no response of the Orleans Levee District.

219.

The allegations of Paragraph 219 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

220.

The allegations of Paragraph 220 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

221.

The allegations of Paragraph 221 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

222.

The allegations of Paragraph 222 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

223.

The allegations of Paragraph 223 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

224.

The allegations of Paragraph 224 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

225.

The allegations of Paragraph 225 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

226.

The allegations of Paragraph 226 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

227.

The allegations of Paragraph 227 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

228.

The allegations of Paragraph 228 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

229.

The allegations of Paragraph 229 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 229 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

230.

The allegations of Paragraph 230 of the Master Complaint are denied in so far as the

allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 230 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

231.

The allegations of Paragraph 231 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 231 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

232.

The allegations of Paragraph 232 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

233.

The allegations of Paragraph 233 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

234.

The allegations of Paragraph 234 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

235.

In response to the allegations of Paragraph 235 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

236.

The allegations of Paragraph 236 of the Master Complaint are denied in so far as the

allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 236 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

237.

The allegations of Paragraph 237 of the Master Complaint are denied.

238.

The allegations of Paragraph 238 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

239.

The allegations of Paragraph 239 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

240.

The allegations of Paragraph 240 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

241.

The allegations of Paragraph 241 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District, except to admit that a certain policy of liability insurance was issued to the Orleans Levee District by St. Paul Fire and Marine Insurance Company, which policy is a written instrument and the provisions of the policy are incorporated herein as if copied *in extenso*. The remaining allegations of Paragraph 241 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

242.

In response to the allegations of Paragraph 242 of the Master Complaint, the Orleans Levee

District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

243.

The allegations of Paragraph 243 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 243 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

244.

The allegations of Paragraph 244 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

245.

The allegations of Paragraph 245 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

246.

The allegations of Paragraph 246 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

247.

The allegations of Paragraph 247 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

248.

The allegations of Paragraph 248 of the Master Complaint contain a legal conclusion which

requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

249.

The allegations of Paragraph 249 of the Master Complaint contain a legal conclusion which requires no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

250.

The allegations of Paragraph 250 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

251.

In response to the allegations of Paragraph 251 of the Master Complaint, the Orleans Levee District admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as federal and state regulations. The remaining allegations of Paragraph 251 of the Master Complaint are denied as written.

252.

The allegations of Paragraph 252 of the Master Complaint are denied.

253.

In response to the allegations of Paragraph 253 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

254.

The allegations of Paragraph 254 of the Master Complaint are denied in so far as the

allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 254 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

255.

The allegations of Paragraph 255 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

256.

Defendant herein admits the occurrence of an accident involving a New Orleans Public Belt Railroad derailment on September 11, 2004. Further answering, defendant herein admits that Flood Gate W30 is within the jurisdiction of the Orleans Levee District. The remaining allegations of Paragraph 256 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

257.

Defendant herein admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96. The remaining allegations of Paragraph 257 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

258.

The allegations of Paragraph 258 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

259.

The allegations of Paragraph 259 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

260.

The allegations of Paragraph 260 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

261.

The allegations of Paragraph 261 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

262.

The allegations of Paragraph 262 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

263.

The allegations of Paragraph 263 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

264.

The allegations of Paragraph 264 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

265.

The allegations of Paragraph 265 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

266.

The allegations of Paragraph 266 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

267.

In response to the allegations of Paragraph 267 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

268.

The allegations of Paragraph 268 of the Master Complaint are denied as written.

269.

The allegations of Paragraph 269 of the Master Complaint are denied.

270.

The allegations of Paragraph 270 of the Master Complaint are denied.

271.

The allegations of Paragraph 271 of the Master Complaint are denied.

272.

The allegations of Paragraph 272 of the Master Complaint are denied in so far as the allegations relate or refer to the Orleans Levee District, except to admit that a certain policy of liability insurance was issued to the Orleans Levee District by St. Paul Fire and Marine Insurance Company, which policy is a written instrument and the provisions of the policy are incorporated herein as if copied *in extenso*. The remaining allegations of Paragraph 272 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

273.

In response to the allegations of Paragraph 273 of the Master Complaint, the Orleans Levee

District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

274.

The allegations of Paragraph 274 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

275.

The allegations of Paragraph 275 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

276.

The allegations of Paragraph 276 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

277.

In response to the allegations of Paragraph 277 of the Master Complaint, the Orleans Levee District would reallege and reaver its responses to those allegations of fact and allegations of fault, as incorporated herein.

278.

The allegations of Paragraph 278 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

279.

The allegations of Paragraph 279 of the Master Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

280.

The Orleans Levee District denies the allegations of the prayer of the plaintiffs' Master Complaint in so far as those allegations relate or refer to the Orleans Levee District. The remaining allegations of Paragraph 280 of the Master Complaint are denied for lack of sufficient information to justify a belief therein.

**WHEREFORE**, the defendant, the Orleans Levee District, formerly known as the Board of Commissioners for the Orleans Levee District, prays that this Answer be deemed good and sufficient and that after all due proceedings are had herein there be judgment in its favor and against the plaintiffs, dismissing the plaintiffs' demands with full prejudice and at the plaintiffs' sole cost, and for all general and equitable relief, etc.

Respectfully submitted,

**MCCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & MCDANIEL, PC**

**THOMAS P. ANZELMO (##2533)**
**MARK E. HANNA (#19336)**
**KYLE P. KIRSCH (#26363)**
**ANDRE J. LAGARDE (#28649)**
**DARCY E. DECKER (#30469)**
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Fax: (504) 831-2492

AND

**LABORDE & NEUNER**
**JAMES L. PATE (#10333)**
**BEN L. MAYEAUX (#19042)**
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, Louisiana 70503
Post Office Drawer 52828
Lafayette, Louisiana  70505-2828
Telephone: (337) 237-7000
Fax: (337) 233-9450
**Attorneys for The Board of Commissioners**
**for the Orleans Levee District**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on March 30, 2007, a copy of the above and foregoing documents was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants

**THOMAS P. ANZELMO (#2533)**
**MARK E. HANNA (#19336)**
**KYLE P. KIRSCH (#26363)**
**ANDRE J. LAGARDE (#28649)**
**DARCY E. DECKER (#30469)**
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
tanzelmo@mcsalaw.com