**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
|      CONSOLIDATION LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| FILED IN:    05-4181, 05-4182, 05-5237, 05-6073 | * | |
|              05-6314, 05-6324, 05-6327, 05-6359 | * | |
|              06-0225, 06-0886, 06-1885, 06-2152, | * | |
|              06-2278, 06-2287, 06-2824, 06-4024, | * | |
|              06-4065, 06-4066, 06-4389, 06-4634, | * | |
|              06-4931, 06-5032, 06-5155, 06-5159, | * | |
|              06-5161, 06-5260, 06-5162, 06-5771, | * | |
|              06-5937, 07-0206, 07-0621, 07-1073, | * | |
|              07-1271, 07-1285 | * | |
| | * | |
| PERTAINS TO:  MRGO | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNITED STATES' ANSWER TO MRGO MASTER**
**CONSOLIDATED CLASS ACTION COMPLAINT**

The United States of America hereby answers and otherwise responds to Plaintiffs'

Complaint as follows[1]:

---

[1]  Any allegations in the Complaint, including those set forth in captions or headings, not expressly admitted herein are denied.  All responses, answers, admissions and statements made herein are by counsel for the United States for the sole purpose of the above-captioned case and shall not be considered binding outside this suit.

## FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of the action.

## SECOND DEFENSE

Plaintiffs seek damages for harm caused by a flood or by flood waters, and the United States is immune from liability for such damages.  33 U.S.C. § 702c.

## THIRD DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  28 U.S.C. § 2680(a).

## FOURTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  28 U.S.C. § 2680(a).

## FIFTH DEFENSE

This class action suit is barred to the extent Plaintiffs did not present tort claims in writing to the appropriate federal agency before this action was instituted.  28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

## SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action to the extent Plaintiffs have failed to exhaust their administrative remedies.

## SEVENTH DEFENSE

Plaintiffs' claims were presented outside the statute of limitations and are therefore barred. 28 U.S.C. § 2401(b).

**EIGHTH DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**NINTH DEFENSE**

The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

**TENTH DEFENSE**

The United States, through its employees and agents, did not breach any duty of care it allegedly owed Plaintiffs and/or their decedent(s).

**ELEVENTH DEFENSE**

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

**TWELFTH DEFENSE**

To the extent Plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and statutory law.

**THIRTEENTH DEFENSE**

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits liability or Plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## FOURTEENTH DEFENSE

Plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their administrative claim.  28 U.S.C. § 2675(b).

## FIFTEENTH DEFENSE

The United States is not liable for prejudgment interest or punitive damages.  28 U.S.C. § 2674.

## SIXTEENTH DEFENSE

Plaintiffs' demand for a jury trial as to the United States is barred.  28 U.S.C. § 2402.

## SEVENTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

## EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiffs' alleged injury, cutting off the legal effect of Defendant United States' negligence, which is expressly denied.

## NINETEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of Plaintiffs and their decedents was a substantial factor in, and the proximate cause of, and contributed to any alleged injuries or damages.

-4-

## TWENTIETH DEFENSE

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic-payment statute.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiffs seek equitable relief, the claim is not cognizable under the FTCA, which permits only money damages.  28 U.S.C. § 1346(b)(1).

## TWENTY-SECOND DEFENSE

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such laws.

## TWENTY-THIRD DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## TWENTY-FOURTH DEFENSE

Class action lawsuits are impermissible under the Federal Tort Claims Act.

## TWENTY-FIFTH DEFENSE

The United States Army Corps of Engineers cannot be sued *eo nomine* under the Federal Tort Claims Act.

## TWENTY-SIXTH DEFENSE

The United States is not liable for acts or omissions of any contractor with the United States.  28 U.S.C. § 2671.

-5-

**TWENTY-SEVENTH DEFENSE**

This Court lacks jurisdiction over suits filed pursuant to the Federal Water Pollution Control Act, 33 U.S.C. § 1321.  In accordance with 33 U.S.C. § 1321(i), suit must be filed in the United States Court of Federal Claims.

**TWENTY-EIGHTH DEFENSE**

The claims are barred to the extent that they are based on or arise out of misrepresentation or deceit. 28 U.S.C. § 2680(h).

**TWENTY-NINTH DEFENSE**

Plaintiffs have failed to properly effectuate service upon the United States pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**THIRTIETH DEFENSE**

To the extent that the claims are cognizable under the Suits in Admiralty Act or the Public Vessels Act, they are beyond the subject-matter jurisdiction conferred by the Federal Tort Claims Act.  28 U.S.C. § 2680(d).

**THIRTY-FIRST DEFENSE**

The plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

**THIRTY-SECOND DEFENSE**

The United States is not subject to liability without fault.

**THIRTY-THIRD DEFENSE**

The claims do not allege a negligent or wrongful act by an employee of the Government.

## THIRTY-FOURTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the plaintiffs before they voluntarily exposed themselves to it.

## THIRTY-FIFTH DEFENSE

The Complaint alleges negligent or wrongful acts and omissions as to which the defendant is absolutely immune from suit.

## THIRTY-SIXTH DEFENSE

The prerequisites to a class action have not been satisfied.  See Fed. R. Civ. P. 23.

## THIRTY-SEVENTH DEFENSE

To the extent plaintiffs have suffered any damages, they have failed to mitigate them.

## ANSWERS TO SPECIFIC ALLEGATIONS

## INTRODUCTION[2]

The allegations in the first unenumerated paragraph are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

The allegations in the second unenumerated paragraph are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

The allegations in the third unenumerated paragraph are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

---

[2]  All headings, such as this one, contained in this Answer have been duplicated from Plaintiffs' Complaint for the sole purpose of assisting the reader in matching the United States' responses to the corresponding allegations as stated in Plaintiffs' Complaint.  The United States expressly denies all headings, as they are alleged.

# I.  JURISDICTION

1(a).  The allegations in paragraph 1(a) are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

1(b).  The allegations in paragraph 1(b) are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

1(c).  The allegations in paragraph 1(c) are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

1(d).  The allegations in paragraph 1(d) are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

**Futility Doctrine**

2.  The allegations in paragraph 2 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

3.  The allegations in paragraph 3 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

# II.  VENUE

4.  The allegations in paragraph 4 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

# III.  WAIVER OF SOVEREIGN IMMUNITY

5.  The allegations in paragraph 5 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

## IV.  PARTIES

### Proposed Class Representatives

6.  Paragraph 6 contains conclusions of law which require no answer.  To the extent an answer is required, they are denied.  The United States lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in paragraph 6, and they are therefore denied.

### Defendants

7.  The allegations in paragraph 7 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

8.  The allegations in paragraph 8 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

9.  The allegations in paragraph 9 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

10.  The allegations in paragraph 10 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied

11.  The allegations in paragraph 11 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## V.  CLASS ACTION ALLEGATIONS

12.  The allegations in paragraph 12 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## PROPOSED SUB-CLASSES

13.  The allegations in paragraph 13 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

14.  The allegations in paragraph 14 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

15 and (a) - (f).  The allegations in paragraphs 15 and (a) - (f) are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

16.  The allegations in paragraph 16 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

17.  The allegations in paragraph 17 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

18.  The allegations in paragraph 18 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

19 and (a) - (c).  The allegations in paragraphs 19 and (a) - (c) are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

## VI.  COUNT ONE

### THE MRGO ALLEGATIONS AGAINST THE CORPS

#### (Applicable to Entire Class)

#### Introduction

20.  The allegations in Paragraph 20 are denied, except to admit that the Mississippi River-Gulf Outlet ("MR-GO") extends from the Gulf of Mexico, through St. Bernard Parish, and to the Inner Harbor Navigation Canal ("IHNC" or "Industrial Canal") in New Orleans.

21.  The allegations in paragraph 21 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

22.  The allegations in paragraph 22 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

#### The MR-GO's Faulty Design and Construction

23.  The allegations in paragraph 23 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

#### Negligent Operation and Maintenance of the MR-GO

24.  The allegations of paragraph 24 include conclusions of law to which no answer is required.  To the extent an answer is required, they are denied. The remaining allegations in paragraph 24 are denied.

25.  Denied.

**Regulatory Violations of the Corps**

*Illegal Failure of Corps to Coordinate with State of Louisiana*

26.  The allegations in paragraph 26 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

*Violation of Fish and Wildlife Coordination Act of 1934, as amended- Failure to coordinate with Louisiana and Department of Interior and to do required study*

27.  The allegations in paragraph 27 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.   The referenced report is the best evidence of its terms.

*Failure of the Corps to Follow MR-GO 1951 Authorization Report*

28.  The allegations of paragraph 28 are denied, except to admit that a report was submitted to Congress, which report is the best evidence of its terms.

*Failure of the Corps to do studies recommended by its own Board of Engineers*

29.   The allegations of paragraph 29 are denied, except to admit that the referenced report is the best evidence of its terms.

*Other Regulatory Violations by Corps*

30.  The allegations in paragraph 30 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

***Illegal and/or negligent failure of Corps to follow authorized design, route, and alignment***

31.  Denied.

***Failure of Corps to heed multiple warnings of impending disaster***

32.  The allegations in paragraph 32 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

33.   The allegations in paragraph 33 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

34.  The allegations in paragraph 34 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

35.  The allegations in paragraph 35 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## VII.  <u>COUNT TWO</u>

### CREATING A NUISANCE IN VIOLATION OF LOUISIANA AND/OR FEDERAL COMMON LAW

**(Applicable to the Entire Class)**

36.  The allegations in paragraph 36 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

37.  The allegations in paragraph 37 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

38.  The allegations in paragraph 38 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## VIII.  COUNT THREE

### THE IHNC/INDUSTRIAL NAVIGATION CANAL:
### AGAINST WASHINGTON GROUP, THE CORPS and ORLEANS

### (Affects Only the Lower Ninth Ward/St. Bernard Sub Class)

39.  The allegations in paragraph 39 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

40. The allegations of paragraph 40 include conclusions of law to which no answer is required.  To the extent an answer is required, they are denied, except to admit that Defendant Washington Group contracted with the Corps in connection with the IHNC/Industrial Project Canal Lock Replacement Project to level and clear abandoned industrial sites along the IHNC/Industrial Canal between the flood wall and the canal itself for the purpose of  clearing acreage to make way for the digging of a new canal to be used for a similar purpose as the existing IHNC/Industrial Canal while the new lock was constructed.

41.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 41, and therefore they are denied, except that it is admitted that the work included demolition and site preparation of the East Bank Industrial Area and the removal of wharfage, salvage, debris, and other materials from the IHNC/Industrial Canal or its banks.

42.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 42, and therefore they are denied.

43.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 43, and therefore they are denied.

-14-

44.  The allegations in paragraph 44 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

45.  The allegations in paragraph 45 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

46.  The allegations in paragraph 46 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

47.  The allegations in paragraph 47 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

48.  The allegations in paragraph 48 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

49.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore they are denied.

50.  The allegations in paragraph 50 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

51.  The United States lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 51, and therefore they are denied.  In addition, paragraph 51 contains statements amounting to conclusions of law which require no answer.  To the extent an answer is required, they are denied.

52.   The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and they are therefore denied.

53.   The allegations in paragraph 53 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

54.   The allegations in paragraph 54 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

55.   The allegations in paragraph 55 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

56.   The allegations in paragraph 56 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

57.   The allegations in paragraph 57 are conclusions of law to which no answer is required.  To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore they are denied.

58.   The United States lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 58, and therefore they are denied.  In addition, paragraph 58 contains conclusions of law which require no answer.  To the extent an answer is required, they are denied.

## XI.  COUNT SIX

## LAKE PONTCHARTRAIN AND VICINITY HURRICANE PROTECTION PROJECT

## LEVEE ALLEGATIONS AGAINST CORPS ONLY

### (Applicable to the Entire Class)

### Factual Background of The Navigation Canals Involved

*The Inner Harbor Navigation Canal*

59.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, except that it is admitted that the construction of the IHNC commenced on or about June 6, 1918, and that the water level in the IHNC was and is controlled by the tides in Lake Pontchartrain.

*The Gulf Intracoastal Waterway*

60.  Denied.

*The Mississippi River Gulf Outlet*

61.  The allegations of paragraph 61 are denied, except that it is admitted that the referenced documents are the best evidence of their terms.

### The Lake Pontchartrain, and Vicinity, Hurricane Protection Project

62.  The United States denies the allegations in paragraph 62, except that it is admitted that the flood control structures that surround the New Orleans metropolitan area were constructed, in part, under the authority of the "Lake Pontchartrain, Louisiana and Vicinity, Hurricane Protection Project," which Congress authorized the Corps to design and construct.

## NEGLIGENT AND INHERENTLY DANGEROUS DESIGN CRITERIA
## AND REGULATORY VIOLATION BY CORPS

*(i) Standard Project Hurricane*

63.  Denied.

64.  The United States denies the allegations in paragraph 64, except that it is admitted

that, in 1981, the Office of Engineers issued regulation ER 1110-2-1453, which speaks for itself.

*(ii) Negligent and Inherently Dangerous Design Criteria - the Elevation Datum*

65.  The United States denies the allegations in paragraph 65, except that it is admitted

that in 1985 the Corps adopted a policy to use the 1929 NGVD29 adjustment for elevation

control.

66.  Denied.

*(iii) Negligent and Inherently Dangerous Design Criteria - the Barrier Plan*

67.  The United States denies the allegations in paragraph 67, except that it is admitted

that the "Barrier Plan" included a series of levees along the lakefront, concrete flood walls along

the IHNC, and control structures, including barriers and flood control gates located at the

Rigolets, Chef Menteur Pass, and Seabrook at the northern end of the IHNC, intended to prevent

storm surges from entering Lake Pontchartrain.

68.  The United States denies the allegations contained in paragraph 68, except that it

is admitted that the "Barrier Plan" included a series of levees along the lakefront, concrete flood

walls along the IHNC, and control structures, including barriers and flood control gates located at

the Rigolets, Chef Menteur Pass, and Seabrook at the northern end of the IHNC intended to

prevent storm surges from entering Lake Pontchartrain and overflowing the levees along the lakefront.

*(iv) Illegal and/or Grossly Negligent Change from Barrier to High-Level Plan*

69.    The United States denies the allegations in  paragraph 69, except that it is admitted that the Corps began to implement the High-Level-Plan in 1984.

70.  The United States denies the allegations in paragraph 70, except that it is admitted that, as of 2005, the Lake Pontchartrain Project was still under construction.

**The Failure of the Hurricane Protection System**

71. Denied.

72. Denied.

73. Denied.

**Violation by Corps of its own Design and Construction Criteria**

74. Denied.

**XII.  ALLEGATIONS RELATING TO ALL COUNTS
NEGLIGENCE**

75.  The allegations in paragraph 75 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

76. The allegations in paragraph 76 are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

**STRICT LIABILITY**

77.  The allegations in paragraph 77 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

78.  The allegations in paragraph 78 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

79.  The allegations in paragraph 79 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## XIII.  DAMAGES

80.  The allegations in paragraph 80 are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

80(a).  The allegations in paragraph 80(a) are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

80(b).  The allegations in paragraph 80(b) are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## PRAYER FOR RELIEF

The paragraph beginning with "WHEREFORE" is Plaintiffs' prayer for relief, and as such, a response is not required.  To the extent that a response is required, the United States denies that Plaintiffs are entitled to the relief sought in the Complaint, or to any relief whatsoever.

Any allegation contained in Plaintiff's Complaint which is not expressly admitted or denied herein is hereby denied.

WHEREFORE, having fully answered, the United States prays that this action be dismissed with prejudice and that the United States be granted its costs.

Respectfully submitted,

PETER KEISLER
Assistant Attorney General
Civil Division

C. FREDERICK BECKNER III
Deputy Assistant Attorney General
Torts Branch, Civil Division

PHYLLIS J. PYLES
Director, Torts Branch
Civil Division

s/ Robin D. Smith
ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888,  Benjamin Franklin Station
Washington, DC  20044
(202) 616- 4289

Attorneys for the United States of America

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

I certify that on March 30, 2007, I served a true copy of Defendant United States' Answer to MR-GO Master Consolidated Class Action Complaint upon all parties by ECF or first class mail.


/s Robin D. Smith