**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

**ANSWER**

The United States of America hereby answers and otherwise responds to the plaintiffs'

Complaint as follows:[1]

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action.

**SECOND DEFENSE**

The plaintiffs seek damages for harm caused by a flood or by flood waters, and the

United States is immune from liability for such damages.  33 U.S.C. § 702c.

_____

[1] Any allegations in the Complaint, including those set forth in captions or headings in the plaintiffs' Complaint, not expressly admitted herein are denied.  All responses, answers, admissions and statements made herein are by counsel for the United States for the sole purpose of the above-captioned case and shall not be considered binding outside this suit.

**THIRD DEFENSE**

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  28 U.S.C. § 2680(a).

**FOURTH DEFENSE**

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  28 U.S.C. § 2680(a).

**FIFTH DEFENSE**

To the extent the claims are cognizable under the Suits in Admiralty Act, Public Vessels Act, or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter jurisdiction conferred by the Federal Tort Claims Act.  28 U.S.C. §2680(d).

**SIXTH DEFENSE**

The plaintiffs have failed to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**

The plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

**EIGHTH DEFENSE**

The claims are barred to the extent that they are based on or arise out of misrepresentation or deceit.  28 U.S.C. § 2680(h).

**NINTH DEFENSE**

The United States is not liable for acts or omissions of any contractor with the United States.  28 U.S.C. § 2671.

**TENTH DEFENSE**

The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

**ELEVENTH DEFENSE**

The United States, through its employees and agents, did not breach any duty of care it allegedly owed the plaintiffs and/or his/her decedent(s).

**TWELFTH DEFENSE**

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

**THIRTEENTH DEFENSE**

To the extent the plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by the plaintiffs, to the extent allowed under federal and state common and statutory law.

**FOURTEENTH DEFENSE**

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits the defendants' liability or the plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

**FIFTEENTH DEFENSE**

The plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their administrative claim.  28 U.S.C. § 2675(b).

3

## SIXTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

## SEVENTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the plaintiffs' alleged injury, cutting off the legal effect of defendant United States' negligence, which is expressly denied.

## EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of the plaintiffs and/or his/her decedent(s) was a substantial factor in, and the proximate cause of, and contributed to any alleged injuries or damages sustained by him and/or the plaintiffs.

## NINETEENTH DEFENSE

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic payment statute.

## TWENTIETH DEFENSE

To the extent that the plaintiffs seek equitable relief, this claim it is not cognizable under the FTCA, which permits only money damages.  28 U.S.C. § 1346(b)(1).

## TWENTY-FIRST DEFENSE

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such law.

## TWENTY-SECOND DEFENSE

The United States is not liable for prejudgment interest or punitive damages.  28 U.S.C. § 2674.

## TWENTY-THIRD DEFENSE

A jury trial as to the United States is barred.  28 U.S.C. § 2402.

## TWENTY-FOURTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## TWENTY-FIFTH DEFENSE

The United States Army Corps of Engineers cannot be sued *eo nomine* under the Federal Tort Claims Act.

## TWENTY-SIXTH DEFENSE

The United States is not subject to liability without fault.

## TWENTY-SEVENTH DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

## TWENTY-EIGHTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the plaintiff before he voluntarily exposed himself to it.

**TWENTY-NINTH DEFENSE**

The Complaint alleges negligent or wrongful acts and omissions as to which the defendant is absolutely immune from suit.

**THIRTIETH DEFENSE**

To the extent the plaintiffs have suffered any damages, they have failed to mitigate them.

**ANSWERS TO SPECIFIC ALLEGATIONS**

In answer to the allegations of the Complaint, the United States avers and states as follows in response to the enumerated paragraphs:

**INTRODUCTION**[2]

1.      The allegations contained in paragraph 1 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

2.      The United States denies the allegations contained in paragraph 2 of the Complaint, except that it admits that the Mississippi River-Gulf Outlet ("MR-GO") extends from the Gulf of Mexico to the Inner Harbor Navigation Canal ("IHNC" or "Industrial Canal") in New Orleans.

3.      Denied.

4.      Denied.

---

[2] All headings, such as this one, contained in this Answer have been duplicated from the plaintiffs' Complaint for the sole purpose of assisting the reader in matching the United States' responses to the corresponding allegations as stated in the plaintiffs' Complaint.  The United States expressly denies all headings, as they are alleged.

5.      The allegations contained in paragraph 5 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

6.      The allegations contained in paragraph 6 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## JURISDICTION

7.      The allegations contained in paragraph 7 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## VENUE

8.      The allegations contained in paragraph 8 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## PARTIES

### Plaintiffs

9.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and they are therefore denied, except that the United States admits that five individuals and a business bring this legal action.

10.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and they are therefore denied, except that the United States admits that the United States Army Corps of Engineers

received an administrative tort claim from Norman Robinson on or about October 24, 2005, and that the claim was denied on May 18, 2006.

11.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and they are therefore denied.

12.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and they are therefore denied.

13.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and they are therefore denied, except that the United States admits that the Army Corps of Engineers received an administrative tort claim from Kent Lattimore on or about October 24, 2005, and that the claim was denied on May 18, 2006.

14.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and they are therefore denied, except that the United States admits that the Army Corps of Engineers received an administrative tort claim from Lattimore & Associates on or about October 24, 2005, and that the claim was denied on May 18, 2006.

15.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and they are therefore denied.

16.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and they are therefore denied.

17.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and they are therefore denied.

18.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and they are therefore denied, except that the United States admits that the Army Corps of Engineers received an administrative tort claim from Tanya Smith on or about October 24, 2005, and that the claim was denied on May 18, 2006.

19.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and they are therefore denied, except that the United States admits that the Army Corps of Engineers received an administrative tort claim from Lucille Franz on or about October 24, 2005, and that the claim was denied on May 18, 2006.

22.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and they are therefore denied, except that the United States admits that the Army Corps of Engineers received an administrative tort claim from Anthony Franz on or about October 24, 2005, and that the claim was denied on May 18, 2006.

23.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and they are therefore denied.

24.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and they are therefore denied.

25.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and they are therefore denied.

**Defendants**

26.     The allegations contained in paragraph 26 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

27.     The United States admits the allegations contained in paragraph 27 of the Complaint, but avers that the United States Army Corps of Engineers cannot be sued *eo nomine*.

## FACTUAL ALLEGATIONS

28.     Denied.

29.     The United States denies the allegations contained in paragraph 29 of the Complaint, except that the United States admits that Hurricane Katrina was one of the most devastating natural catastrophes in the history of the United States.

30.     The United States denies the allegations contained in the first sentence of paragraph 30 of the Complaint.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and they are therefore denied.

31.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and they are therefore denied.

32.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and they are therefore denied.

33.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 33, and they are

therefore denied.  The United States denies the allegations contained in the third sentence of paragraph 33.

34.     The United States denies the allegations contained in paragraph 34 of the Complaint, except that it admits that Congress approved the construction of the MR-GO and charged the Army Corps of Engineers with its design, construction, operation, and maintenance.

35.     The United States denies the allegations contained in paragraph 35 of the Complaint, except that the United States admits that the MR-GO is a navigable waterway constructed under the authority of Public Law 455, 84th Congress, 2nd Session, approved March 29, 1956, substantially in accordance with the recommendations of the Army Corps' Chief of Engineers, as contained in House Document 245, 82nd Congress, 1st Session, and the United States admits that the figure referenced in paragraph 35 shows the general location of the MR-GO but does not include the entire limits of the waterway.

36.     The United States denies the allegations contained in paragraph 36 of the Complaint, except that the United States admits that the MR-GO is a deep-draft channel constructed by the Army Corps of Engineers from 1958 to 1968, that at the time of its authorization the estimated cost of construction was $88 million, that the channel is approximately 76 miles long, including approximately 43 miles of land cut, and that the channel runs generally on a northwest direction from the Gulf of Mexico through the parishes of St. Bernard and Plaquemines to New Orleans, connecting with the Gulf Intracoastal Waterway ("GIWW") and the Industrial Canal.  The United States admits that the MR-GO enables ships to travel from the Gulf of Mexico to New Orleans on a route east of the Mississippi River, approximately 36 miles shorter than the Mississippi River route.  The United States further admits that the MR-GO has been used as an alternative route to the Mississippi River during

emergency closures of the river and that the MR-GO provides an alternate route to the GIWW when the IHNC lock is either closed or experiencing long delays.

37.     The United States denies the allegations contained in paragraph 37 of the Complaint, except that it admits that the MR-GO was authorized to a depth of 36 feet and a bottom width of 500 feet, with the bar channel portion in the Gulf of Mexico authorized to a depth of 38 feet and a bottom width of 600 feet.  The United States further admits that the Army Corps of Engineers altered the route originally proposed in the report of the Chief of Engineers, H.R. Doc. 82-245 (1951), redirecting the channel toward Breton Sound instead of Chandeleur Sound.

38.     The United States denies the allegations contained in paragraph 38 of the Complaint, except that it admits that a purpose of the MR-GO was to provide a navigable waterway for vessels.

39.     The allegations contained in paragraph 39 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied, except that the United States admits that the MR-GO is a navigation channel.

40.     The allegations contained in paragraph 40 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

41.     The United States denies the allegations contained in paragraph 41 of the Complaint, except that the United States admits that the U.S. Army submitted the report of the Chief, U.S. Army Corps of Engineers, concerning the MR-GO at House Document 245, 82nd

Congress, 1st Session, to the U.S. House of Representatives in 1951.  The report itself is the best evidence of its terms.

42.      The United States denies the allegations contained in paragraph 42 of the Complaint, except that the United States admits that the MR-GO authorizing legislation was signed into law by President Dwight D. Eisenhower on March 29, 1956.  The Congressional Record, U.S. Senate, 5027 (March 19, 1956), is the best evidence of its terms.

43.      Denied.

44.      The United States denies the allegations contained in paragraph 44 of the Complaint, except that the United States admits that the MR-GO is a ship channel constructed by the Army Corps of Engineers substantially in accordance with the design recommended by the Chief of Engineers, as contained in House Document 245, 82nd Congress, 1st Session, and as authorized by Congress in Public Law 84-455 (1956).  The United States admits that the report of the Chief of Engineers at H.R. Doc. 82-245 (1951) recommended "construction of a seaway canal 36 feet deep and 500 feet wide extending 70 miles as a land and water cut on tangents and easy curves from a point south of the Intracoastal Waterway at Micheaud southeasterly to and along the south shore of Lake Borgne and through the marshes to and across Chandeleur Sound to Chandeleur Island at or north of Errol Island, thence increasing gradually to a width of 600 feet and depth of 38 feet in the Gulf of Mexico, with protective jetties at the entrance, a permanent retention dike through Chandeleur Sound, and a wing dike along the islands as required; a turning basin at the landward end of the seaway canal, 36 feet deep, 1,000 feet wide and 2,000 feet long; and a connecting channel 36 feet deep and 500 feet wide extending westerly along the Gulf Intracoastal Waterway from the turning basin to the Industrial Canal, including construction of a suitable highway bridge with approaches to carry Louisiana State Highway 61

over the channel; all generally in accordance with the plans of the division engineer and with

such modifications thereof as in the discretion of the Secretary of the Army and the Chief of

Engineers may be desirable . . . ."

45.     The United States denies the allegations contained in paragraph 45 of the

Complaint, except that the United States admits that construction of the MR-GO deep draft

channel began in March 1958 and was completed in January 1968; that an interim channel 36 by

250 feet (bottom width) was opened to traffic in July 1963; and that a turning basin at the

intersection of the MR-GO and the Industrial Canal, a high level bridge at Paris Road, and jetties

extending from the seaward end of the land cut also were constructed.

46.     The United States lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 46 of the Complaint, and they are therefore

denied.

47.     The United States lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 47 of the Complaint, and they are therefore

denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     The United States denies the allegations contained in paragraph 51 of the

Complaint, except that the United States admits that the Army Corps of Engineers is responsible

for the maintenance of MR-GO, and that maintenance included dredging the bottom of the

channel to remove deposited sediment and to retain its design depth.

52.     Denied.

53.     Denied.

54.     Denied.

55.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55; accordingly, they are denied.

56.     The United States denies the allegations contained in paragraph 56 of the Complaint, except that it admits that approximately 43 miles of the MR-GO fall within a "land cut" and that Army Corps of Engineers published a report entitled "Mississippi River-Gulf Outlet, St. Bernard Parish, Louisiana Reconnaissance Report on Channel Bank Erosion," dated February 1988 ("1988 Reconnaissance Report").

57.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57; accordingly, they are denied.

58.     The United States denies the allegations contained in the first two sentences of paragraph 58 of the Complaint.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58, and they are therefore denied.

59.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and they are therefore denied.

60.     The United States denies the allegations contained in paragraph 60 of the Complaint, except that the United States admits that the peak tonnage transported on the MR-GO occurred in 1978, at approximately 9.4 million tons.

61.     Denied.  The Army Corps of Engineers' 1988 Reconnaissance Report provides the best evidence of its terms.

62.     Denied.

63.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 at this time; accordingly, they are denied.

64.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 at this time; accordingly, they are denied.

65.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 at this time; accordingly, they are denied.

66.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 at this time; accordingly, they are denied.

67.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 at this time; accordingly, they are denied.

68.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 at this time; accordingly, they are denied.

69.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 at this time; accordingly, they are denied.

70.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70; accordingly, they are denied.

71.     The United States denies the allegations contained in the first two sentences of paragraph 71 of the Complaint.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 71; accordingly, they are denied, except that the United States admits the following:  that Hurricane Betsy occurred in September 1965 and caused damage in St. Bernard Parish and the Lower Ninth Ward; that Hurricane Georges occurred in September 1998, that it caused shoaling in the MR-GO, and that the Corps of Engineers spent approximately $37.5 million dredging the MR-

GO after Hurricane Georges; that the Corps of Engineers contributed to a December 1998 coastal restoration plan; that in 1999, the Corps of Engineers initiated a re-evaluation study to gauge the environmental and economic implications of closing the MR-GO or keeping it open; and that the hurricane exercise "Hurricane Pam" occurred in July 2004.

72.    Denied.

73.    Denied.

74.    Denied.

75.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint; accordingly, they are denied.

76.    Denied.

77.    Denied.

78.    The United States denies the allegations contained in paragraph 78 of the Complaint, except that the United States admits that the term "armoring" refers to putting an erosion-resistant layer on the surface of a levee to guard against two threats: (1) the pounding by waves from wind-driven storm surge that can dislodge soil or vegetation and cause the levees to collapse; and (2) the overtopping by the surge or waves that, as the water rushes down the land-side levee slope, erode soil on the land-ward side, again leading to eventual soil instability and collapse.

79.    The United States denies the allegations contained in the first three sentences of paragraph 79 of the Complaint.  The United States lacks knowledge or information sufficient to form a belief as to the allegations in the fourth sentence of paragraph 79; accordingly, they are denied.

80.     The United States denies the allegations in paragraph 80 of the Complaint, except that the United States admits that Al Naomi was a Senior Project Manager for the Army Corps of Engineers in September 2005.

81.     Denied.

82.     Denied.

83.     Denied.

84.     The United States denies the allegations contained in paragraph 84 of the Complaint, except that the United States admits that the Army Corps of Engineers' 1988 Reconnaissance Report analyzed bank erosion and erosion-related problems in the vicinity of the MR-GO.  The report itself is the best evidence of its terms.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## COUNT ONE

### Negligence

90.     The allegations contained in paragraph 90 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

91.     The United States denies the allegations contained in paragraph 91 of the Complaint, except that the United States admits that the Army Corps of Engineers was responsible for the design, construction, operation, and maintenance of the MR-GO pursuant to

authorization provided by the United States Congress in the River and Harbor Act of March 29, 1956.

92.     The allegations contained in paragraph 92 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

93.     The allegations contained in paragraph 93 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

94.     The allegations contained in paragraph 94 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

95.     The allegations contained in paragraph 95 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

96.     The allegations contained in paragraph 96 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

97.     The allegations contained in paragraph 97 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

98.     The allegations contained in paragraph 98 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

99.     The allegations contained in paragraph 99 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

100.     The allegations contained in paragraph 100 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

101.     The allegations contained in paragraph 101 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

102.     The allegations contained in paragraph 102 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

103.     The allegations contained in paragraph 103 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

104.     The allegations contained in paragraph 104 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

105.     The allegations contained in paragraph 105 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

106.     The allegations contained in paragraph 106 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

107.     The allegations contained in paragraph 107 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

108.     The allegations contained in paragraph 108 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## **COUNT TWO**

### **Strict Liability**

109.     The allegations contained in paragraph 109 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

110.     The allegations contained in paragraph 110 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

111.     Denied.

112.     The allegations contained in paragraph 112 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

113.     The allegations contained in paragraph 113 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

114.     The allegations contained in paragraph 114 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

115.     The allegations contained in paragraph 115 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

Any allegation contained in the Complaint that is not expressly admitted or denied herein is hereby denied.

//

//

//

//

//

//

//

//

//

WHEREFORE, having fully answered, the United States prays that this action be dismissed with prejudice and that the United States be granted its costs.

Dated: April 2, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

 s/ Kara K. Miller
Kara K. Miller
Robin D. Smith
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202)-616-4448 / (202) 616-5200 (Fax)
Attorneys for the United States

## <u>CERTIFICATE OF SERVICE</u>

I, Kara K. Miller, hereby certify that on April 2, 2007, I served a true copy of the United States' Answer upon all parties by ECF or first class mail:

　　　s/ Kara K. Miller　　　　　
　　　　　Kara K. Miller