UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>    C.A. No. 06-4389<br>    C.A. No. 06-6099<br>    C.A. No. 06-5786 | SECTION "K"(2) |

## ORDER AND REASONS

On February 28, 2007, the following motions came for hearing before the Court:

Doc. 1731    Motion to Dismiss in 06-4389 and 06-6099 filed by the State of Louisiana, Governor Kathleen Blanco, State of Louisiana through the Department of Transportation and Development (DOTD), State of Louisiana through the Military Department, Office of Homeland Security and Emergency Preparedness, Col. Jeff Smith, State of Louisiana through the Department of Social Services (DSS),  Sec. Ann S. Williams, State of Louisiana, through the Department of Public Safety and Corrections (DPSC) and Sec. Richard S. Stalder.

Doc. 2919    Motion to Dismiss Defendants in 06-5786 filed by State of Louisiana, Governor Kathleen Blanco, State of Louisiana through the Department of Transportation and Development (DOTD), Johnny Bradberry, Sec. of DOTD, State of Louisiana, through the Department of Public Safety and Corrections (DPSC), Sec. of DPSC Richard S. Stalder

Doc. 2382    Plaintiffs' Motion to Disqualify the Louisiana Department of Justice as Counsel of Record for All State and State Agency Defendants

Doc. 2345    Motion for Sanctions by the State of Louisiana based on Rule 11 and 28 U.S.C. § 1927.

For the reasons stated in open court as well as those found in the Court's opinion concerning the dismissal of the Governor Kathleen Blanco, individually and in her official capacity as the Governor of the State of Louisiana and the State of Louisiana in Doc. No. 788 entered on July 19, 2006 in the Katrina Consolidated Canal Breaches Litigation, as well as the

reasons stated in the Court's opinion of September 22, 2006 (Doc. 1231) dismissing the State of Louisiana through the Department of Transportation and Development,

**IT IS ORDERED** that the Motion to Dismiss filed in C.A. No. 06-4389 and C.A. No.06-6099 filed by the State of Louisiana, Governor Kathleen Blanco, State of Louisiana through the Department of Transportation and Development ("DOTD"), State of Louisiana through the Military Department, Office of Homeland Security and Emergency Preparedness, Col. Jeff Smith, State of Louisiana through the Department of Social Services ("DSS"), Sec. Ann S. Williams, State of Louisiana, through the Department of Public Safety and Corrections ("DPSC") and Sec. Richard S. Stalder is **GRANTED** dismissing for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) all federal claims alleged except with respect to the constitutional or civil rights claims brought against said defendants in their individual capacity; dismissing with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) all claims brought pursuant to 42 U.S.C. § 1983, *et seq*.; and dismissing without prejudice all state law claims as this Court has declined to exercise its supplemental jurisdiction thereto.

**IT IS FURTHER ORDERED** for the reasons stated in open court, that the Motion to Dismiss Defendants in 06-5786 filed by State of Louisiana, Governor Kathleen Blanco, State of Louisiana through the Department of Transportation and Development ("DOTD"), Johnny Bradberry, Secretary of DOTD, State of Louisiana, through the Department of Public Safety and Corrections ("DPSC"), Secretary of DPSC Richard S. Stalder (Doc. 2919) is **GRANTED**.

**IT IS FURTHER ORDERED** for the reasons stated in open court, that Plaintiffs' Motion to Disqualify the Louisiana Department of Justice as Counsel of Record for All State and State Agency Defendants (Doc. 2382) is **DENIED**.

**Motion for Sanctions**

The Court will now address the Motion for Sanctions by the State of Louisiana based on Rule 11 and 28 U.S.C. § 1927 (Doc. 2345). Rule 11(b)(1) provides, *inter alia,* that an attorney's signature on a pleading constitutes a certification that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that a claim or pleading is filed "not to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). If after notice and a reasonable opportunity to respond, a court finds that this dictate has been violated, the court may impose the appropriate sanction upon the attorney violating the rule. Section 1927 of Title 28 of the United States Code provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasoanbly incurred because of such conduct." 28 U.S.C. § 1927.

As noted in *McLaurin v. Werner*, 909 F. Supp. 447 (S.D. Miss. 1995):

> The Fifth Circuit recently addressed the district court's sanction powers under Rules 11, 26(g) and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 and adopted the position that, "although conduct that violated one rule may not warrant the same type or amount of sanction as conduct that violates another rule, we think the underlying principles elucidated in *Thomas* in the context of Rule 11 apply across-the-board to all of the district court's sanction powers." *Topalian,* 3 F.3d at 936 n. 5.
> The principles set forth by the Fifth Circuit in *Thomas v. Capital Securities Services, Inc.,* 836 F.2d 866 (5th Cir.1988), govern this court's analysis of the question of sanctions. When one signs a pleading, such as the complaint in the instant case, the signature certifies, among other things, that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Thomas,* 836 F.2d at 873-74. Rule 11 of the Federal Rules of Civil Procedure requires that every paper signed and filed during the course of proceedings be well-grounded in fact and warranted by law. Under the "snapshot" rule set forth in *Thomas,* the court must not rely

3

upon hindsight. It should focus instead upon what the signer of the pleading objectively knew when the papers in question were signed and ask whether, at the time they were signed, the papers violated the Rule 11 standard of good faith. *Jennings v. Joshua Independent School District,* 877 F.2d 313, 320 (5th Cir.1989). It is not necessary to find that a pleading was filed for an improper purpose in order to find a Rule 11 violation for failure to conduct the reasonable inquiries into the facts and law required by Rule 11. *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1130 (5th Cir.1987). However, Rule 11 focuses on the instant when the attorney's signature was placed upon the document or documents giving rise to the motion for sanctions. In determining whether a violation has occurred, the court must consider the factual and legal situations which confronted the attorney at the time of the alleged violation. Only when a violation is established does Rule 11 mandate the application of sanctions. *Thomas,* 836 F.2d at 874-877. In order to comply with his duties under Rule 11, one need not provide an absolute guarantee of the correctness of one's legal theory advanced in one's pleading. *Smith v. Our Lady of the Lake Hospital,* 960 F.2d 439, 444 (5th Cir.1992), citing *City of El Paso v. City of Socorro,* 917 F.2d 7, 8 (5th Cir.1990). However, it is necessary that the signer certify that he has conducted reasonable inquiry into the relevant law.

*Id.* at 456 .

The defendants herein seek sanctions under these statutes based on Mr. O'Dwyer's having filed three duplicative lawsuits with the same plaintiffs named in all three which resulted in the unnecessary delay and needless increase in the cost of litigation and, to circumvent the order of this Court prohibiting the amendment of the complaint in *O'Dwyer v. United States*, C.A. No. 05-4181.

The following chronology encapsulates the filings and rulings of this Court with respect to the litigation filed by Mr. O'Dwyer where the State of Louisiana and/or its agencies where named on behalf of the plaintiffs he represents.   This chronology demonstrates vividly the repetitive nature of the cases filed and Mr. O'Dwyer's total disregard of this Court's admonitions.

9/19/05        **C.A. No. 05-4181** is filed and over the course of time amended 11 times. At the time leave is granted for the 11th time, Magistrate Judge Knowles instructs Mr. O'Dwyer no further amendments will be allowed.

| | |
|---|---|
| 3/09/06 | Motion for Leave to File 12th Amended Complaint attempting to allege the applicability of general maritime law to the claims denied. |
| 5/10/06 | Appeal of that denial with respect to 12th Amended Complaint is denied. |
| 5/22/06 | Motion for Reconsideration of Denial filed. |
| 6/13/06 | Motion for Reconsideration of Denial is denied |
| 6/21/06 | A 12th Amended Complaint is allowed to be filed adding B&K Construction Co., Inc., Burk Kleinpeter, Inc. GeoTech, Inc. Pittman Construction CO, Inc. and the Washington Group International, Inc. alleging negligence with respect to services on all the canals.  This pleading also added CSX concerning negligence as to the Industrial Canal. |
| 7/19/06 | Court issues Order and Reasons (Doc. 788) in C. A. No. 05-4181stating unequivocally that: |

(1) Eleventh Amendment immunity attaches to State actors so that based on sovereign immunity State actors are dismissed;

(2) Qualified Immunity applies as to all § 1983 claims as against Governor Blanco;

(3) The wholesale list of federal jurisdictional grounds with allegations of how specifically that basis applies to a specific actor bordered on the absurd and found it "verging on the sanctionable;"

(4) Counsel's hyperbolic language would not be tolerated and might subject him to sanctions; and

(5) Pleadings were conclusory, non-specific and incomprehensible.

Judgment was entered and appeals were taken on that ruling.

| | |
|---|---|
| 8/04/06 | Boh Brothers filed Motion for Sanctions concerning actions taken by Mr. O'Dwyer with respect to litigation and preservation of evidence at certain canal breach sites. |
| 8/17/06 | O'Dwyer plaintiffs filed **C.A. No. 06-4389** against State of Louisiana through DOTD Sec. Johnny Bradberry as well as a litany of other defendants, some previously named, others not, all involved with the building and overseeing of the levees at issue herein. |

>Contrary to the Court's previous ruling, counsel based jurisdiction on the general maritime law, circumventing the Court's previous order denying leave to amend, and restated more articulately the same levee allegations found in C.A. No. 05-4181 at Count 2 ("malfeasance, misfeasance and non-feasance in defendants' failure to ensure competent design, construction, maintenance and inspection of the levee systems for the Industrial Canal, the London Avenue Canal and the Seventeenth Street Canal) , Count 3 (failure to stop flooding) and Count 9 (pollution of the environment).
>
>Counsel again sought supplemental jurisdiction which the Court specifically ruled that it would not entertain in its July 19, 2006 ruling.
>
>Moreover, this pleading uses the same shotgun approach to pleading where a list of federal statutes are invoked with no specifics given tying actions of an actor to the jurisdictional allegation.

| | |
|---|---|
| 8/22/06 | O'Dwyer responds with Motion for Sanctions against Boh Bros. counsel |
| 8/26/06 | O'Dwyer files what is to become C.A. No. 06-5786 in state court which would be the proper course of action. |
| ` 9/06/06 | At the hearing on Boh Bros./O'Dwyer Sanctions, Court ruled from bench and reiterated its warning to O'Dwyer concerning his pleadings in this matter. |
| 9/08/06 | **C.A. No. 06-5786 is removed to federal court from state court by B&K Construction Co.** This case is in essence like C.A. No. 05-4181, and was Mr. O'Dwyers attempt to sue state actors in a court of competent jurisdiction. |
| 9/19/06 | The O'Dwyer plaintiffs file a third suit, C. A No. **06-6099** styled "Protective Refiled Complaint for Compensatory and Exemplary Damages and for Reasonable Attorneys Fees and Taxable Costs"–noting in the pleadings themselves that some of the claims lodged in it are the same as those lodged and dismissed in C. A. No. 05-4181. |

>This complaint is another broadside against all government entities, the United States, the State of Louisiana through various departments and local governmental agencies but the focus is on the "responder" issues–failure to evacuate, failure to maintain the peace. While this complaint is more clear in its contentions and its allegations of wrongdoing over a broader period of time, it encompasses the same allegations as those contained in Count 1 (failure to order the timely evacuation of critical care patients), Count 4 (failure to secure the water supply causing increased fires), Count 5 (failure to protect public from criminals).

|  |  |
|---|---|
|  | Plaintiffs base jurisdiction on federal question and jurisdiction arising out of the Federal Torts Claim Act.  He alleges supplemental jurisdiction over the State of Louisiana defendants claiming they violated the Stafford Act. 42 U.S.C. § 5121. |
| 9/22/06 | DOTD is dismissed from C.A. Nos. 05-4181, 05-6073 and 06-0020 based on sovereign immunity (which was not a party to the initial motion to dismiss which was the subject of the ruling of  July 19, 2007. |
| 9/26/06 | DOTD was served with 06-4389. |
| 10/23/06 | DOTD and all other moving defendants were served with C.A. No. 06-6099 |
| 11/21/06 | Motion to Dismiss  State defendants in 06-4389 and 06-6099 filed (Doc. 1731) |
| 12/22/06 | Motion for Sanctions filed by State defendants |
| 12/29/06 | Plaintiffs' Motion to Disqualify the Louisiana Department of Justice as Counsel fo Record for All Sate and State Agency Defendants |
| 01/11/07 | Plaintiffs request service on C.A. No. **06-5786**. |
| 01/30/07 | Motion to Dismiss State defendants in C.A. No. 06-5786 filed |

The plain facts demonstrate that Mr. O'Dwyer with the filing of  **C. A Nos. 06-4389** attempted to circumvent this Court's specific finding that he would not be allowed to amend in a maritime jurisdictional ground after having been given leave to amend substantively so many times before.  Furthermore, the complaint contains the same "buckshot" attempt at jurisdictional bases that the Court specifically had noted verged on the sanctionable in its July 19, 2006 ruling.  Finally,  Mr. O'Dwyer  reurged the exact same contentions that the State of Louisiana has waived its Eleventh Amendment immunity which were urged and rejected in the first suit he filed, *O'Dwyer v. United States of America*, C.A. No. 05-4181,  and which is on appeal at this time.  The Court has previously ruled and maintains that this position is frivolous at best.

Mr. O'Dwyer then filed C.A. No. **06-6099** styled  "Protective Refiled Complaint for Compensatory and Exemplary Damages and for Reasonable Attorneys Fees and Taxable

Costs"–noting in the pleadings themselves that some of the claims lodged in it are the same as those lodged and dismissed in C. A. No. 05-4181. This filing could result in nothing more than needless duplication and expense for the State of Louisiana. Again, Mr. O'Dwyer ignored the Court's ruling that he not use a "buckshot" approach to jurisdiction which the Court specifically ruled was unacceptable and the Court's previous ruling on Eleventh Amendment immunity.

As to C.A. No. 06-5786, that case was properly filed in state court and arguably was the only suit which was properly filed against the state entities. Unfortunately, Mr. O'Dwyer failed to serve them timely. This suit is not a basis for sanctions.[1]

Nonetheless, the Court finds that Mr. O'Dwyer's actions have consistently caused undue expense and time in contravention of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. His Motion to Disqualify filed in response to the Motion for Sanctions was another meritless pleading. The Court in the proceedings with respect to Boh Brothers admonished Mr. O'Dwyer concerning his conduct, and the Court in that matter did not award monetary sanctions. It is evident that a sanction without monetary teeth means nothing to Mr. O'Dwyer. Accordingly,

**IT IS ORDERED** that the State of Louisiana's Motion for Sanctions (Doc. 2345) is **GRANTED** and Mr. O'Dwyer shall be required to pay the costs and attorneys' fees incurred by the State of Louisiana with respect to its filing the Motion to Dismiss (Doc. 1731) and the Motion for Sanctions (Doc. 2345).

---

[1] In addition, the Court would note that Mr. O'Dwyer has filed a number of other suits some of which are the subject of other Motions to Dismiss. These are:
C.A. No. 06-4024     *Maureen O'Dwyer v. United States*
C.A. No. 06-5771     *Maureen O'Dwyer v. United States*
C.A. No. 06-1850     *Ashton O'Dwyer v. United States*
C.A. No. 06-7280     *Ashton O'Dwyer v. State of Louisiana.*

**IT IS FURTHER ORDERED** that the State of Louisiana shall file with this Court a detailed itemization of costs and fees so incurred **no later than April 17, 2007.** Any response thereto shall be filed by Mr. O'Dwyer **no later than April 24, 2007.**

**IT IS FURTHER ORDERED** finding no just cause for delay, that a Judgment shall be entered pursuant to Fed. R. Civ. P. 54(b) with respect to the dismissal of the State of Louisiana, Governor Kathleen Blanco, State of Louisiana through the Department of Transportation and Development (DOTD), State of Louisiana through the Military Department, Office of Homeland Security and Emergency Preparedness, Col. Jeff Smith, State of Louisiana through the Department of Social Services (DSS), Sec. Ann S. Williams, State of Louisiana, through the Department of Public Safety and Corrections (DPSC) and Sec. Richard S. Stalder in C.A. No. 06-4389 and C.A. No. 6099 as well as the dismissal of the State of Louisiana, Governor Kathleen Blanco, State of Louisiana through the Department of Transportation and Development (DOTD), Johnny Bradberry, Sec. of DOTD, State of Louisiana, through the Department of Public Safety and Corrections (DPSC), Sec. of DPSC Richard S. Stalder with respect to C.A. No. 06-5786.

New Orleans, Louisiana, this  3rd  day of April, 2007.

                                            **STANWOOD R. DUVAL, JR.**
                                    **UNITED STATES DISTRICT COURT JUDGE**