# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILLIP REED, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION<br>NO. 06-2152 |
| VERSUS | SECTION "S"<br>JUDGE MARY ANN VIAL LEMMON |
| THE UNITED STATES OF AMERICA, ET AL. | MAG. DIV. 4<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

### AFFIDAVIT OF VINCENT J. DINKLER

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned notary public, personally came and appeared

**Vincent J. Dinkler**

who, after being duly sworn, did depose and state as follows:

1. That he is a competent natural person of the full age of majority;

2. That he is, and has been since 1998, the Area Manager of Manson Gulf, L.L.C. ("Manson Gulf"), a Louisiana limited liability company having its principal place of business in Houma, Louisiana;

3. That in his capacity as Manson Gulf's Area Manager, he has personal knowledge of the matters set forth in this affidavit;

NO.99610963.1



4. That he has studied the allegations against Manson Gulf which are at issue in the underlying civil actions entitled, *Phillip Reed, on behalf of himself and all others similarly situated v. The United States of America, et al.*, Civil Action No. 06-2152, Section "K," United States District Court for the Eastern District of Louisiana; and *Louana Artus, et al. v. The United States of America, et al.*, Civil Action No. 06-2824, Section "K," United States District Court for the Eastern District of Louisiana;

5. That Manson Gulf has never performed any dredging work whatsoever on the Mississippi River Gulf Outlet, nor entered into any contracts with the United States Army Corps of Engineers or sub-contracts with its contractors or subcontractors to perform any dredging work on the Mississippi River Gulf Outlet;

6. That Manson Gulf did not perform in any capacity or in any role any of the dredging work at issue and referenced in the two civil actions mentioned above;

7. That Manson Gulf was not involved in any manner whatsoever with any of the dredging work allegedly performed by named co-defendant, "Manson Construction Co. (a/k/a Manson Construction and Engineering Co.)," on the Mississippi River Gulf Outlet;

8. That, for these reasons, Manson Gulf has been improperly and/or erroneously named as a defendant in the aforementioned cases; and

9. That he would so testify in Court.

Executed on this 23rd day of June, 2006.

*[signature]*
VINCENT J. DINKLER

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 23rd DAY
OF June, 2006.

*[signature]*
NOTARY PUBLIC

Jeanice St. Germaine
Notary Public
ID #9586
Commissioned for Life

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                      NO. 05-4182

PERTAINS TO: DREDGING                 SECTION "K"(2)
REED 06-2152

## ORDER

Before the Court is a Motion to Dismiss, or, alternatively, for Summary Judgment (Doc. 825) in which Manson Gulf, L.L.C. seeks dismissal based on the fact that it had no involvement in the dredging activities at issue in this case. As the motion is unopposed and the Court finds merit therein,

**IT IS ORDERED** that the Motion to Dismiss or, Alternatively, for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this __13th__ day of December, 2006.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE



# PHELPS DUNBAR LLP
### COUNSELORS AT LAW

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

EVANS MARTIN MCLEOD
Partner
Admitted in Louisiana and Mississippi
mcleodm@phelps.com

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

www.phelpsdunbar.com

July 25, 2006

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

13895-40

BY FAX

Camilo K. Salas, III
Salas & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, LA 70130

Re: *Philip Reed, et al. v. The United States of America, et al.*
USDC-EDLA, C.A. No. 05-4181 C/W 06-2152, Sec. "K"

*Louana Artus, et al. v. The United States of America, et al.*
USDC-EDLA, C.A. No. 06-2824, Sec. "K"

Dear Mr. Salas:

I write simply to confirm our conversation this morning that with respect to our client/defendant, Manson Gulf, LLC, plaintiffs have no information that Manson Gulf was involved whatsoever in any of the dredging work at issue in the captioned MRGO dredging litigation.

Rather, it is my understanding from you that plaintiffs sued Manson Gulf because it possessed some documents indicating that Manson Construction & Engineering Co. performed dredging work on the MRGO for the United States Army Corps of Engineers, and because that entity could not be identified as one which could be sued in Louisiana, plaintiffs chose to sue Manson Gulf in its place. Now, plaintiffs wish to substitute Manson Construction & Engineering Co. in Manson Gulf's place as a defendant.

Respectfully, plaintiffs' goal of improperly suing Manson Gulf with no legitimate basis of doing so and then hoping to use that to serve another defendant—Manson Construction & Engineering Co., constitutes, in our view, an abuse of the Federal Rules of Civil Procedure.



EXHIBIT "C"

NO.99618667.1

Camilo K. Salas, III
July 25, 2006
Page 2

Under these circumstances, we request that Manson Gulf, LLC be immediately dismissed from this litigation, absent which we will unfortunately be compelled to seek immediate relief from the Court.

Yours very truly,

Evans Martin McLeod

EMM/gjc

cc:   Daniel E. Becnel, Jr.

NO.99618667.1