**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: LEVEE:  Nos. 06-5116 (*Sims*), | § | |
| 06-5118 (*Richard*), 06-5127 (*Depass*), 06-5128 | § | |
| (*Adams*), 06-5131 (*Bourgeois*), 06-5132 | § | |
| (*Ferdinand*), 06-5134 (*Christophe*), 06-5137 | § | |
| (*Williams*) 06-5140 (*Porter*), 06-5142 (*Augustine*) | § | |
| | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' NOTICE OF NON-OPPOSITION
TO MOTION FOR ENTRY OF A PROCEDURE ORDER SIMPLIFYING THE
PROCEDURES FOR THE ADDITION OF CLAIMS AGAINST THE CORPS OF
ENGINEERS AND FOR ADDING NEW PARTIES ASSERTING LIKE CLAIMS**

Defendant the United States hereby gives notice of its non-opposition to Plaintiffs'

motion requesting a simplified procedure adding claims against the U.S. Army Corps of

Engineers ("Corps").  Specifically, should the Court find such a procedure desirable, the United

States does not oppose Plaintiffs' proposal that (a) they be deemed to assert causes of action

against the Corps upon proof that they filed administrative claims with the Corps six months

previously, and (b) non-parties be added as Plaintiffs to an existing suit by filing a notice of

intervention.

1

While the United States does not oppose Plaintiffs' motion, it does wish to alert the Court that the proposed procedures may not satisfy the requirement of the Federal Tort Claims Act that "[a]n action shall not be instituted" until final agency denial of the administrative claim or until the passage of six months from filing of the claim.  28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).  To avoid such difficulties, the United States suggests an alternative:  that claimants, upon exhausting their administrative remedies, file new actions in this Court and simultaneously move to consolidate those actions with the existing cases pursuant to Federal Rule of Civil Procedure 42(a).

Whether or not the Court adopts Plaintiffs' proposal, the United States reserves the right to assert, where the circumstances dictate, that causes of action brought against the Corps do not

comport with 28 U.S.C. § 2675(a).   The United States also reserves the right to challenge the

legal sufficiency of any claim that has been presented to the Corps.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

s/ Robin D. Smith
ROBIN D. SMITH
BRIAN E. BOWCUT
Trial Attorneys
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov
Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

I certify that on April 11, 2007, a true copy of Defendant United States' Notice of Non-Opposition to Motion for Entry of a Procedure Order Simplifying the Procedures for the Addition of Claims Against the Corps of Engineers and for Adding New Parties Asserting Like Claims was served on all counsel of record by ECF, electronic mail, facsimile, or first class mail.

s/ Robin D. Smith