## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | * | |
| | | |
| VERSUS | * | JUDGE:  STANWOOD R. DUVAL, JR |
| | * | |
| PERTAINS TO: | * | |
| INSURANCE: 06-9077 | * | MAGISTRATE: WILKINSON |

### ANSWER AND AFFIRMATIVE DEFENSES
### AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, come Defendants, State Farm Fire

and Casualty Company ("State Farm") and Mel Nelson.  State Farm appears herein privately in

all respects as to the homeowner's policy of insurance at issue in the instant lawsuit.  As to the

Standard Flood Insurance Policy ("SFIP") at issue, State Farm appears in its capacity as a Write-

Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program

("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001,

*et seq.*) (the "NFIA"), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the

United States,"[2] and at the expense of the federal treasury.[3]  Defendants file the following as

their Answer and Affirmative Defenses and Request for Trial by Jury, as to the homeowner

---

[1]  44 C.F.R. §62.23(f).

[2]  42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir. 1998).

[3]  42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

0895-0303 EWW

policy issues only, to the Petition for Damages ("Petition") of the Plaintiffs in the captioned matter, to wit:

## FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a cause and/or a right of action upon which relief can be granted against State Farm Fire and Casualty Company.

## SECOND AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company denies that it acted arbitrarily, capriciously or without probable cause and further avers that at all times it acted in good faith and in compliance with all applicable Louisiana statutory law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have no right to recover penalties attorney fees and/or costs.

## FOURTH  AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that no coverage exists under the homeowner's policy for the Plaintiffs' losses caused or contributed to by flood.

## FIFTH AFFIRMATIVE DEFENSE

State Farm avers that the terms and conditions of the policy of insurance issued by it to Plaintiffs, particularly the anti-concurrent clause found therein are valid, binding and fully comply with Louisiana law and, as such, must be applied.

0895-0303 EWW

## SIXTH AFFIRMATIVE DEFENSE

Without waiving any other defenses elsewhere asserted herein, State Farm would aver and plead that any allegation contained in the Plaintiffs' Petition which is not herein specifically admitted is hereby denied.

## SEVENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs' Petition improperly attempts to require State Farm to provide insurance coverage under a homeowner's policy for flood losses for which State Farm received no premiums and would violate State Farm's protections under the Constitution of Louisiana and the Constitution of the United States.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that Plaintiffs are charged with knowledge of their homeowner's policies of insurance and specifically that the policies do not provide coverage for "flood" damages. There can be no reasonable reliance, as a matter of law, on a person failing to know this, the terms of the homeowner's policy, the terms of the Standard Flood Insurance Policy and/or the law related thereto.

## NINTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that to the extent Plaintiffs have received funds from other sources as a result of their damages claimed from Hurricane KATRINA, herein, and the same may be required to be repaid as a result of any recovery hereunder, that State Farm is not required to make such payment on behalf of the insured, or is entitled to a set-off for the same.

-3-

0895-0303 EWW

In this regard, without limitation, State Farm as homeowner's insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiffs under a flood insurance policy.

### TENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs have the burden of proving a loss insured and its amount by the policy.

### ELEVENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the homeowner's policy issued by State Farm under which the Plaintiffs are making a claim is the best evidence of the policy's contents and is pled herein and attached hereto as exhibit A *in extenso.*.  State Farm specifically pleads all terms, conditions and exclusions, without limitations, of the Plaintiffs' homeowners' policy.  Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

### TWELTH AFFIRMATIVE DEFENSE

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Petition is vague and ambiguous on its face and a more definitive statement is required.

0895-0303 EWW

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are premature and Plaintiffs have failed to present amicable demand.

**FIFTEENTH AFFIRMATIVE DEFENSE**

State Farm Fire and Casualty Company deny that the facts as alleged in the Petition occurred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

State Farm Fire and Casualty Company is entitled to a credit for any and all monies or documents paid or to be paid to or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, The Red Cross or any other governmental agency, insurance company or charitable organization.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

With regard to the Plaintiffs' homeowners' policy, to the extent that the Petition claims entitlement to recovery under La.R.S. 22:695, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit. State Farm further avers that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana. Further, as to State farm as a WYO carrier, the SFIP is not a valued policy.

0895-0303 EWW

## EIGHTEENTH AFFIRMATIVE DEFENSE

With regard to the Plaintiffs' homeowners' policy, to the extent that Plaintiffs claim entitlement to penalties or attorney's fees or damages, consequent to any amended version of LA.R.S. 22:658, 22:1220, or any other such statute, State Farm avers that these amendments are without retroactive effect.

## NINETEENTH AFFIRMATIVE DEFENSE

As to State Farm in its capacity as a WYO carrier, jurisdiction and venue over this dispute are exclusive to the U.S. District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## TWENTIETH AFFIRMATIVE DEFENSE

The issuance of an SFIP by the WYO Program carrier is strictly governed by 44 C.F.R. §§61.5, 61.11, 61.13; 44 C.F.R. Pt. 61, App. A(1)(Oct. 1, 2004 ed.); 44 C.F.R. Pt. 62, App. A(Oct. 1, 2004 ed.); and 42 U.S.C. §4001, *et seq.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

State Farm, in its capacity as a WYO Program carrier administering a Standard Flood Insurance Policy, has paid policy limits under Plaintiffs' SFIP. Therefore, no further benefits are available to the insureds.

0895-0303 EWW

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Agreement of the SFIP insures "against all direct physical loss by or from flood to the insured property," for which there must be physical changes to the property, and provided that the insured has paid the correct premiums, complied with all the terms and conditions of the SFIP, and has furnished accurate information and statements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred by one or more of the SFIP exclusions, limitations, requirements or specific non-covered perils authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to the provisions enumerated in Articles I, III, IV, V and VII.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiff's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of

0895-0303 EWW

property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are charged with the knowledge of the requirements and provisions of the SFIP, as the policy is a codified federal regulation, and the National Flood Insurance Act of 1968, as amended, and Title 44 of the Code of Federal Regulations. The Plaintiffs are under a further duty to familiarize themselves with the rules and regulations of the federal program to which they are participants including renewal requirements.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

By statute, State Farm is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). State Farm's role as a WYO carrier is to ". . .act in a fiduciary capacity utilizing Federal funds to sell and administer the Standard Flood Insurance Policies . . . ." 44 C.F.R. Pt. 62, App. A, Art. I, ¶ 5. (emphasis added.) By regulation, State Farm's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

0895-0303 EWW

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as 44 C.F.R. Pt. 61, App. A(1), Art. VII(D). State Farm thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program.   Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, State Farm asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, State Farm respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

0895-0303 EWW

## THIRTIETH AFFIRMATIVE DEFENSE

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

State Farm is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under State Farm's logo. State Farm agrees to abide by all rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency when it issues an SFIP. State Farm does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the flood program. The Federal Insurance Administrator is the sole authority.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of either State Farm or Nelson. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of

0895-0303 EWW

federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of

claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7), and (8).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

State Farm asserts that the homeowner's policy does not provide coverage for mold or

dry rot:

Section I - Losses Not Insured

1. We do not insure for any loss to the property described in Coverage A which
   consists of, or is directly and immediately caused by, one or more of the perils
   listed in items a. through n. below, regardless of whether the loss occurs
   suddenly or gradually, involves isolated or widespread damage, arises from
   natural or external forces, or occurs as a result of any combination of these:

   i.    wet or dry rot;.....
   j.    contamination;.....
   l.    settling, cracking, shrinking, bulging, or expansion of pavements,
         patios, foundation, walls, floors, roofs or ceilings.;....

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

State Farm asserts that the damages resulting from flood are an excluded peril under the

homeowner's policy.   Specifically, the homeowner's policy does not provide coverage as

follows:

2. We do not insure under any coverage for any loss which would not have
   occurred in the absence of one or more of the following excluded events;  We
   do not insure for such loss regardless of : (a) the cause of the excluded event;
   or (b) other causes of the loss; or (c) whether other causes acted concurrently
   or in any sequence with the excluded event to produce the loss; or (d) whether
   the event occurs suddenly or gradually, involves isolated or widespread
   damage, arises from natural or external widespread damage, arises from
   natural or external forces, or occurs as a result of any combination of these:

-11-

0895-0303 EWW

c.      **Water Damage**, meaning:

(1)     flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

(2)     water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;

(3)     water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

g.      **Fungus.**  We also do not cover:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair or replacement, by **fungus;**

(2) any remediation of **fungus,** including cost to:
(a) remove the **fungus** from covered property or to repair, restore or replace that property; or
(b) tear out and replace any part of the building or other property as needed to gain access to fungus; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus** whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

-12-

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

State Farm asserts that the Plaintiffs have violated their duties after the loss under the homeowner's policy.   Specifically, the homeowner's policy provides that the insured has the following duties after the loss:

**2. Your duties after loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.   give immediate notice to us or our agent.  Also notify the police if the loss is caused by theft.  Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b.   protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c.   prepare an inventory of damage or stolen personal property.  Show in detail the quantity, description, age, replacement cost and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.   as often as we reasonably require;

    (1)   exhibit the damaged property
    (2)   provide us with records and documents we request and permit us to make copies;
    (3)   submit to and subscribe, while not in the presence of any other insured;
        (a) statements; and
        (b) examination under oath; and
        (c) any special limit of liability described in the policy; or
        (d) any applicable Coverage B limit of liability.

e.   submit to us within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

0895-0303 EWW

    (5)    specifications of any damaged building and detailed estimates for repair of the damage;

    (7)    receipts for additional living expenses incurred and records supporting the fair rental value loss;

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

State Farm asserts that Plaintiffs have violated and consequently voided all coverages that might have been afforded by virtue of the following non-exclusive particulars to-wit:

    (a) Refusing or failing to provide satisfactory Proofs of Loss;

    (b) Refusing to provide information that has been specifically requested;

    (c) Failing to cooperate with the adjustor and claim representatives in the investigation of the claim; and

    (d) Any other circumstances discovered now and between the trial of this matter.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The responsibilities of the Defendants to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendants assert that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.,* 1994 WL 905630 (S.D. Fla. 1994),

0895-0303 EWW

Defendants pray that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under their SFIP, and that the Defendants thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Out of an abundance of caution, State farm asserts that some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

## FORTIETH AFFIRMATIVE DEFENSE

In an abundance of caution, State farm asserts that in the event of any recovery by the Plaintiffs, Defendants affirmatively assert the mortgage clause of the SFIP, and affirmatively assert that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

0895-0303 EWW

## FORTY - FIRST AFFIRMATIVE DEFENSE

In an abundance of caution, State farm asserts that if the Plaintiffs' SFIP claims dispute reaches a point where it is established that there are (1) further benefits available under Plaintiffs' SFIP (which is specifically denied), (2) full and complete compliance with all conditions precedent to the making of a claim, and (3) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendants affirmatively assert and invoke the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). Defendants affirmatively assert that the Plaintiffs do not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## FORTY-THIRD AFFIRMATIVE DEFENSE

All state law based extra contractual and tort theories arising out of the handling of the claim under the SFIP are preempted and barred by federal constitutional, regulatory and statutory law. Further, interest is barred by the "no interest" rule.

0895-0303 EWW

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants aver that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or its agents.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage, as alleged, such injuries were caused in whole or in part by action or inactions of third parties for which Defendants are not responsible.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants plead the comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Although Defendants contend that there is no cause of action for the claims asserted herein, should this Court find any negligence and/or fault on the part of Defendants, which is specifically denied, then Defendants aver the limitations set forth in La. Civ. Code Art. 2324, under which each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with any other party or non-party.

## FORTY-EIGHTH AFFIRMATIAVE DEFENSE

The claims asserted by the Plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

-17-

0895-0303 EWW

## FORTY-NINTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are subject to any rights of set off and/or recoupment that State Farm may have.

## FIFTIETH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs should be dismissed, or alternatively, its damages (the existence of which damages is denied) should be reduced due to the Plaintiffs own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

## FIFTY-FIRST AFFIRAMATIVE DEFENSE

Plaintiffs have not sustained any damages proximately caused by State Farm or Nelson.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are barred by the statute of frauds and/or parol evidence rule.

## FIFTY-THIRD AFFIRMATIAVE DEFENSE

The claims asserted by the Plaintiffs should be dismissed, or alternatively, its damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

State Farm and Nelson have not breached any duty (the existence of which is denied) to the Plaintiffs.

-18-

0895-0303 EWW

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

State Farm avers all applicable federal and state prescriptive and/or preemptive limitations as a bar to any recovery of the Plaintiff herein.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

State Farm asserts Plaintiffs are not entitled to Additional Living Expenses under the homeowner's policy as the damages to the property was caused by an excluded peril. Additional Living Expenses are not provided under the SFIP.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants specifically deny that they breached any duty to the Plaintiffs with respect to the procurement and/or maintenance of the Plaintiffs' flood or homeowner's insurance policy.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Petition fails to state a valid cause of action as to Nelson, because an agent for a known principal cannot be held personally liable.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Nelson did not personally bind himself, exceed his authority or assume a duty toward the Plaintiffs, except as a disclosed agent for State Farm.

### SIXTIETH AFFIRMATIVE DEFENSE

Nelson affirmatively states that he had no contractual relationship with the Plaintiffs and that there is no basis in fact for any of the claims asserted against him, as he does not and did not owe Plaintiffs any duties that allegedly have been breached.

0895-0303 EWW

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are responsible for reading their policy as well as any renewal notices, and are presumed to know the provisions of their policy, including the insurer's limits of liability. No person may avail himself of ignorance of the law, and the SFIP is itself a federal law. See La. C.C. Article 5.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

AND NOW, FURTHER ANSWERING, State Farm Fire and Casualty Company responds to the specific numbered allegations of the Complaint filed by the Plaintiffs as follows:

### I.

Article I, sentence I, is denied as written.

Article I, sentence II, is denied except to admit State Farm Fire and Casualty Company is a foreign insurance corporation authorized to do business in the state of Louisiana.

Article I, sentence III is denied.

### II.

Article II is denied for lack of sufficient information to justify a reasonable belief therein.

### III.

Article III is denied as written except to admit that a homeowner's policy of insurance bearing policy number 18-BS-6418-8  was issued by State Farm Fire and Casualty Company wherein the name of the insureds were Charles and Gwendolyn Little and to admit that said policy is the best evidence of its terms, conditions, provisions, applications, exclusions,

-20-

0895-0303 EWW

deductibles and limits of liability, the entirety of said policy being plead herein as if copied

herein and attached hereto as Exhibit "A" *in extenso*.   State Farm Fire and Casualty Company

further avers that all terms, conditions, provision, applications, exclusions, deductibles and limits

of liability of said policy is valid and enforceable and complies with Louisiana statutory and

jurisprudential law. With regard to the Plaintiffs' homeowners' policy, to the extent that the

petition claims entitlement to recovery under La.R.S. 22:655, the Louisiana Valued Policy Law,

State Farm denies the applicability of that law to the facts of this suit.   State Farm further avers

that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any

award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract,

result in a taking without just compensation, would interfere with interstate commerce, would

constitute deprivation of property without due process, and would deprive State Farm of equal

protection of the law, all in contravention of the constitutions of the United States of America

and the State of Louisiana.

IV.

Article IV is denied.   State Farm avers that the terms and conditions of the policy of

insurance issued by it to Plaintiffs, particularly the anti-concurrent clause found therein are valid,

binding and fully comply with Louisiana law and, as such, must be applied.   With regard to the

Plaintiffs' homeowners' policy, to the extent that the petition claims entitlement to recovery

under La.R.S. 22:655, the Louisiana Valued Policy Law, State Farm denies the applicability of

that law to the facts of this suit.   State Farm further avers that Plaintiffs have not suffered a total

-21-

loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana.

V.

Article V is denied.  State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6). State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

VI.

Article VI is denied.  Article VI is denied as written except to admit that a homeowner's policy of insurance bearing policy number 18-BS-6418-8  was issued by State Farm Fire and Casualty  Company wherein the name of the insureds were Charles and Gwendolyn Little and to admit that said policy is the best evidence of its terms, conditions, provisions, applications, exclusions, deductibles and limits of liability, the entirety of said policy being plead herein  and attached hereto as Exhibit "A" *in extenso*.  State Farm Fire and Casualty Company further avers that all terms, conditions, provision, applications, exclusions, deductibles and limits of liability of said policy is valid and enforceable and complies with Louisiana statutory and jurisprudential

-22-

law. With regard to the Plaintiffs' homeowners' policy, to the extent that the Petition claims entitlement to recovery under La.R.S. 22:655, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit.   State Farm further avers that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana. Further, as to State farm as a WYO carrier, the SFIP is not a valued policy.

### VII.

Article VII is denied.   Article VII is denied with Regard to the Plaintiffs' homeowners' policy, to the extent that the petition claims entitlement to recovery under La.R.S. 22:695, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit.  State Farm further avers that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana. Further, as to State farm as a WYO carrier, the SFIP is not a valued policy.

0895-0303 EWW

## VIII.

Article VIII is denied as written and Respondent calls for strict proof.

## IX.

Article IX is denied.  State Farm admits a homeowner's policy of insurance bearing policy number 18-BS-6418-8 was issued by State Farm Fire and Casualty Company wherein the name of the insureds were Charles and Gwendolyn Little and to admit that said policy is the best evidence of its terms, conditions, provisions, applications, exclusions, deductibles and limits of liability, the entirety of said policy being plead herein and attached hereto as Exhibit "A" *in extenso.* State Farm Fire and Casualty Company further avers that all terms, conditions, provision, applications, exclusions, deductibles and limits of liability of said policy is valid and enforceable and complies with Louisiana statutory and jurisprudential law.

## X.

Article X is denied.  State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6). State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law.

0895-0303 EWW

## XI.

Article XI is denied.  With regard to the Plaintiffs' homeowners' policy, to the extent that the petition claims entitlement to recovery under La.R.S. 22:695, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit.  State Farm further avers that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana. Further, as to State farm as a WYO carrier, the SFIP is not a valued policy.  State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6).  State Farm Fire and Casualty company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law.

## XII.

Article XII is denied.   State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory

0895-0303 EWW

provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6). State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law.  State Farm asserts Plaintiffs are not entitled to Additional Living Expenses under the homeowner's policy as the damages to the property was caused by an excluded peril.  Additional Living Expenses are not provided under the SFIP.

### XIII.

Article XIII is denied.  State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6). State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law.

### XIV.

Article XIV is denied.  State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6).

0895-0303 EWW

State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law.

### XV.

Article XV is denied. State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6). State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law. Article XV, section (1) is denied as written and Respondent alls for strict proof. Article XV, section (2) is denied. State Farm asserts Plaintiffs are not entitled to Additional Living Expenses under the homeowner's policy as the damages to the property were caused by an excluded peril. Additional Living Expenses are not provided under the SFIP.

### XVI.

Article XVI is denied as written except to admit that a homeowner's policy of insurance bearing policy number 18-BS-6418-8 was issued by State Farm Fire and Casualty Company wherein the name of the insureds were Charles and Gwendolyn Little and to admit that said

-27-

policy is the best evidence of its terms, conditions, provisions, applications, exclusions, deductibles and limits of liability, the entirety of said policy being plead herein as if copied herein and attached hereto as Exhibit "A" *in extenso*.   State Farm Fire and Casualty Company further avers that all terms, conditions, provision, applications, exclusions, deductibles and limits of liability of said policy is valid and enforceable and complies with Louisiana statutory and jurisprudential law.

## XVII.

Article XVI is admitted in that State Farm, in its capacity as a WYO Program carrier, issued SFIP No. 98-RF-1843-0, for policy period August 17, 2005 to August 17, 2006, with coverages of $75,000.00 for building and $30,000.00 for contents for property located at 32 W. Carmack, Chalmette, Louisiana.  All other allegations are denied.

## XVIII.

Article XVIII is denied. Defendants plead the comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgages and failure to act as a prudent person under the circumstances.  Answering further, the allegations contained in Article XVIII are denied as conclusions of law and/or fact.

## XIX.

Article XIX is denied.  Defendants plead the comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure

-28-

to properly communicate with the insurance agent and/or the mortgages and failure to act as a prudent person under the circumstances. Answering further, the allegations contained in Article XVIII are denied as conclusions of law and/or fact.

## XX.

Article XX is denied and Respondent calls for strict proof.

## XXI.

Article XXI, paragraphs A-H are denied. Answering further, the allegations contained in Article XVIII are denied as conclusions of law and/or fact.

## XXII.

Article XXII is admitted in that Nelson was authorized to service the insurance policies at issue in the instant matter.  All other allegations are denied.  Answering further, the allegations contained in Article XVIII are denied as conclusions of law and/or fact.

## XXIII.

Article XXIII is denied.  Answering further, Nelson adopt and incorporates the answers contained herein at Articles XV through XX as if copied in extenso.

## XXIV.

Article XXIV is denied.  Answering further, the allegations contained in Article XVIII are denied as conclusions of law and/or fact.

0895-0303 EWW

### XXV.

Article XXV is denied.  State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, LSA R.S. 22:658, 22:1220, 22:658 and 22:1220 B(6). State Farm Fire and Casualty Company further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law. State Farm further avers, in its capacity as a WYO Program carrier, that all extra-contractual and state-law tort theories of recovery are preempted and barred by federal constitutional, statutory and regulatory law.

### XVI.

The allegations in Article XVI of Plaintiffs' Petition for Breach of Contract and Damages are admitted in that Plaintiffs' covered damages do not exceed $50,000.00; however, the amount in controversy exceeds $50,000.00.

### RESERVATION OF RIGHTS

To the extent permitted by law, Defendants reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

### REQUEST FOR TRIAL BY JURY

State Farm Fire and Casualty Company is entitled to and hereby requests and prays for a trial by jury in all claims relating to homeowner's insurance policies.

0895-0303 EWW

WHEREFORE, Defendants, State Farm Fire and Casualty Company and Mel Nelson, pray that their Answer and Affirmative Defenses and Request for Trial by Jury be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiffs against State Farm Fire and Casualty Company, with prejudice, and at the Plaintiffs' costs.

Respectfully submitted,

*Eleanor W. Wall*

CHARLES L. CHASSAIGNAC, IV (#20746)
JAMES ERIC JOHNSON (#23800)
BRYAN J. HAYDEL, JR. (#27500)
ELEANOR WEEKS WALL (#29695)
**PORTEOUS, HAINKEL & JOHNSON, L.L.P.**
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
P: (225) 383-8900; F:(225) 383-7900
Email:  cchassaignac@phjlaw.com
*Counsel for Defendant, State Farm Fire and Casualty*
*Company as to the Homeowners Policy*

*s/ JOSEPH J. AGUDA*

GERALD J. NIELSEN, (#17079)
JOSEPH J. AGUDA, JR., (#27762)
**NIELSEN LAW FIRM, LLC**
3838 North Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Phone: 504 - 837-2500; Fax : 504-832-9165
Email: gjnielsen@aol.com
Email: jaguda@nielsenlawfirm.com
*Counsel for Defendant, State Farm Fire and Casualty*
*Company and Mel Nelson, as to the Flood Policy*

-31-

0895-0303 EWW

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2007, a copy of the foregoing Answer, Affirmative Defenses and Request for Trial by Jury was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Charles L. Chassaignac IV, Bryan Joseph Haydel, Jr., Gary Michael Pendergast, Eleanor Weeks Wall and Gerald J. Neilsen by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service, properly addressed, and first class postage prepaid, this filing to the following non-CM/ECF participants:

(No Manual Recipients)

*Eleanor W. Wall*

_____

ELEANOR WEEKS WALL (#29695)

-32-

0895-0303 EWW