UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATION LITIGATION<br>_____<br><br>PERTAINS TO: LEVEE<br><br>No. 07-1289 | : CIVIL ACTION<br>:<br>: NO. 05-4182  "K" (2)<br>:<br>: JUDGE DUVAL<br>:<br>: MAGISTRATE WILKINSON<br>: |

### ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
### TO THE COMPLAINT OF LAURIE CONIGLIO, ET AL

Modjeski and Masters, Inc. ("Modjeski"), for answer to the Purported Class Action Complaint of Laurie Coniglio, et al, ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully avers:

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response.  Admissions or denials of such

allegations are, accordingly, difficult or impossible. Further, many of the allegations of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. According, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

### FIRST AFFIRMATIVE DEFENSE

The claims against Modjeski are barred by *res judicata* and/or collateral estoppel since these claims have been litigated to conclusion by this Honorable Court as reflected in Doc. 2148 and 2149.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with flood protection for the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with flood protection for the Industrial Canal.

As respects the 17th Street Canal, Modjeski's last professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

**FIFTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

**SIXTH AFFIRMATIVE DEFENSE**

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

**SEVENTH AFFIRMATIVE DEFENSE**

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

**NINTH AFFIRMATIVE DEFENSE**

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that others allege federal

-4-

question jurisdiction based upon government contractor status, which Modjeski denies, Modjeski pleads, in the alternative, all defenses available to government contractors.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs, including members of the putative class, where applicable, have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

### TWELFTH AFFIRMATIVE DEFENSE

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated

proceedings, and Modjeski hereby reserves its right to amend its answer to assert any such defense.

### MODJESKI'S ANSWER TO THE COMPLAINT

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the Complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 1.

2.

Modjeski denies the allegations of paragraph 2.

3.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 3 through 5.

4.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 6 and therefore denies each and every allegation contained therein, except it admits in regard to paragraph 6(e) that it is a non-

Louisiana corporation authorized to do business in the State of Louisiana and is doing business in New Orleans, Louisiana.

5.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 7 through 10.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 11.

7.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 12 through 18.

8.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 19 through 26.

9.

Modjeski denies the allegations of paragraphs 27 and 28 and refers to the drawings and specifications for the project entitled "Excavation Flood Protection - 17th Street Canal, Capping of Flood Walls, East Side Levee Improvements", for the design and configuration of the flood wall of the east side of the 17th Street Canal.

10.

Modjeski denies the allegations of paragraphs 29 and 30 and refers to the drawings and specifications for the project entitled "Excavation Flood Protection - 17th Street Canal, Capping of Flood Walls, East Side Levee Improvements", for the design and configuration of the flood wall of the east side of the 17th Street Canal.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 31.

12.

Modjeski denies the allegations of paragraphs 32 and 33.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 34.

14.

Modjeski denies the allegations of paragraph 35.

15.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 36.

16.

Modjeski denies the allegations of paragraphs 37 and 38.

17.

Modjeski denies the allegations of paragraph 39 except to admit that it is a non-Louisiana corporation authorized to do business in the State of Louisiana and is doing business in New Orleans, Louisiana.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 40.

19.

Modjeski denies the allegations of paragraph 41.

20.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 42 through 54.

21.

Modjeski denies the allegations of paragraph 55.

22.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 56 through 59.

23.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of paragraphs 60 through 70.

24.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of paragraphs 71 through 90.

25.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 91 through 98, except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and passed somewhat to the East of the City of New Orleans.

26.

Modjeski denies the allegations of paragraph 99.

27.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 100 through 104, and therefore denies each and every allegation contained therein.

28.

Modjeski denies the allegations of paragraph 105.

29.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 106 through 115, and therefore denies each and every allegation contained therein.

30.

Modjeski denies the allegations of paragraphs 116 and 117.

31.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 118

32.

Modjeski denies the allegations of paragraphs 119 through 121.

33.

Modjeski denies the allegations of paragraph 122.

34.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of paragraphs 123 through 124.

35.

Modjeski denies the allegations of paragraph 125.

36.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 126 and 127.

37.

Modjeski denies the allegations of paragraph 128.

38.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 129 and 130.

39.

Modjeski denies the allegations of paragraph 131.

40.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 132 and 133.

41.

Modjeski denies the allegations of paragraphs 134 through 136.

42.

Modjeski denies the allegations of paragraph 137.

43.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 138 through 140.

44.

Modjeski denies the allegations of paragraphs 141 and 142.

45.

Modjeski denies the allegations of paragraphs 143 and 144.

46.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 145.

47.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 146.

48.

Modjeski denies the allegations of paragraphs147 through 155.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity may require.

/s/ Scott J. Hedlund
Francis J. Barry, Jr., T.A.  (#02830)
Email: fbarry@dkslaw.com
Keith J. Bergeron (#25574)
Email: kbergeron@dkslaw.com
Frederick R. Boat (#03285)
Email: fbott@dkslaw.com
Scott J. Hedlund (#30549)
Email: shedlund@dkslaw.com
of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
**Attorneys for Modjeski and Masters, Inc., Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 13th day of April, 2007, I electronically filed the foregoing Answer on Behalf of Modjeski & Master, Inc. with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel fo record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants.

/s/  Scott J. Hedlund
Scott J. Hedlund

#405933