**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


IN RE KATRINA CANAL BREACHES                        CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182


PERTAINS TO:                                        SECTION "K" (2)
*Palumbo*, C.A. No. 06-7922


<u>ORDER</u>


Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 3445). Defendant

removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party,

Defendant Elaine Bilstad is improperly joined. Defendants maintain that action against Bilstad is

prescribed. La. R.S. § 9:5606 provides for a one-year/three-year peremptive period for claims

against insurance agents.

The Court previously addressed the application of this statute in the context of motions to

remand in which there is an assertion of improper joinder. This Court held that the peremptive

period commenced upon issuance of the policy because any alleged misrepresentations could

have been discovered given the policy's clear language regarding extent of coverage. *See*

*Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006)

(misrepresentations could not have been justifiably relied upon because they could have been

discovered upon issuance of the policy given the policy's clear language); *see also Dobson v.*

*Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.)

(misrepresentations made at renewal period could not be justifiably relied upon if policy

language is clear as to extent of coverage).

The policies in dispute were issued in 2003. Suit was not filed until 2006, well over a

year after the policies had been issued. All of the insurance agent's alleged failures relate to

procurement of the policy, which means the peremptive period commenced upon the policy's

issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶ XXVI

(Rec.Doc.No. 1).

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged

failures regard procurement of the policy and any alleged misrepresentations could not be

justifiably relied upon given the clear language in the policy with respect to the extent of

coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the

policy.

The Court also finds that because any claims against him are perempted, Defendant

Bilstad is improperly joined in this action, and with Bilstad's dismissal, the Court can exercise

subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete

diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 3445) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Bilstad is **DISMISSED**.

New Orleans, Louisiana, on this ___16th___day of April, 2007.


_____
        STANWOOD R. DUVAL, JR.
    UNITED STATES DISTRICT COURT JUDGE