# LOWE, STEIN, HOFFMAN, ALLWEISS & HAUVER, L.L.P.

ATTORNEYS AT LAW

ONE SHELL SQUARE

SUITE 3600

701 POYDRAS STREET

NEW ORLEANS, LOUISIANA 70139-7735

WWW.LSHAH.COM

TELEPHONE (504) 581-2450

FACSIMILE (504) 581-2461

WRITER'S E-MAIL:

msanchez@lshah.com

ROBERT C. LOWE†
MARK S. STEIN*
MITCHELL J. HOFFMAN‡
MICHAEL R. ALLWEISS(1)
ELLEN WIDEN KESSLER†
MAX J. COHEN(2)
DAVID M. PRADOS†
SUZETTE MARIE SMITH†
MARYNELL L. PIGLIA
PAULA H. LEE
JEFFREY M. HOFFMAN
JAMES T. BUSENLENER(2)
GREGORY S. MARSIGLIA
KIM N. NGUYEN
MARCELLE P. MOULEDOUX(2)
MONICA C. SANCHEZ
SERENA E. POLLACK(1)
JOHN J. STEGER IV*

*LL.M. IN TAXATION
 BOARD CERTIFIED TAX ATTORNEY
† BOARD CERTIFIED FAMILY LAW SPECIALIST
‡A PROFESSIONAL LAW CORPORATION
(1) ADMITTED IN ILLINOIS
(2) ALSO ADMITTED IN TEXAS

TERENCE L. HAUVER
(1947-2002)

OF COUNSEL
MARK S. GOLDSTEIN
ALICIA M. BENDANA

RECEIVED
DISTRICT COURT
DISTRICT OF LA

2007 APR 16  PM 1:02

LORETTA G. WHYTE
CLERK

April 13, 2007

Loretta G. Whyte
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Rm C151
New Orleans, LA 70130

RE:  *Darren Weese v. Insurance Underwriters, et al.*
     34th JDC, No. 106-915, Div. E
     Reallotted to:  USDC, EDLA No. 06-10499, Section (K)
     Our File No.:  0881-06-114

Dear Madam Clerk:

Enclosed please find a signed Order from Judge Duval dismissing Insurance Underwriters from this matter.

I would kindly ask that you remove my email address from the following E-Notification List:

MSanchez@LSHAH.COM

Thank you for your assistance in this matter.

Very truly yours,

Monica C. Sanchez

MCS/jms
Enclosure

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>*Weese*, C.A. No. 06-10499 | SECTION "K" (2) |

### ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 2645). Defendant removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant Insurance Underwriters, Ltd. ("Underwriters"), is improperly joined. Defendants maintain that action against Underwriters is perempted by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year peremptive period for claims against insurance agents.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

The policy was issued in February 2005, and suit was not filed until August 29, 2006, well over a year after the policies had been issued. All of the insurance agent's alleged failures relate to misrepresentations regarding scope of coverage, which means the peremptive period commenced upon the policy's issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶ XIII-XIV (Rec.Doc.No. 1).

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

The Court also finds that because any claims against him are perempted, Defendant Underwriters is improperly joined in this action, and with Underwriters's dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 2645) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Underwriters is **DISMISSED**.

New Orleans, Louisiana, on this __8th__ day of March, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**