be had on these motions. Within ten (10) days after entry of any order that results in one or more of the Railroad Group defendants remaining as a party, the remaining Railroad Group Defendant(s) must confer with plaintiffs' liaison counsel and defense liaison counsel and submit to the Court a proposed order for initial disclosures and discovery involving the Railroad Defendants within thirty (30) days of entry of such an order. The proposed order must track the provisions of this order as much as is practicable.

(f) Contractors' Group

1. Non-Party Contractors (Defendants Boh Bros Construction Co., LLC, B&K Construction Company, Inc., ~~James Construction Group, LLC,~~ T.L. James & Company, Inc.)

a. On **December 8, 2006**, the Court dismissed the claims asserted against ~~3~~2 contractors, Boh Bros, and B & K~~,~~ ~~and James Construction~~ in 14 civil actions. The remaining claims against the ~~four~~ three contractors (including newly added T. L. James) will be addressed in motions to be filed on or before **March 14, 2007**.[6] Such motions shall be set for hearing on **April 4, 2007;** no oral arguments will be had on these motions. These ~~four~~ three contractors will be treated as non-parties except for the following requirements:

b. Plaintiff's counsel will propound by **April 2, 2007**, one Joint Master Set of Requests for Production of Documents to the Contractors, under Fed. R. Civ. P. 34, limited to files relating to construction of projects in which a breach later occurred, or which involved other work at a site where a breach occurred, and the Contractors will provide answers to these requests no later than **May 15, 2007**.

---

[6] See Footnote 2

c. No other merits discovery of Contractors will be conduced until after the Class Certification issues are decided by the Court.

(g) Remaining Contractor Parties~~y~~ (Washington Group International, Inc. ("Washington Group"), James Construction Group, LLC ("James"), Gulf Group, Inc. ("Gulf Group"), and CR Pittman Construction Co., Inc. ("CR Pittman"))

a. Washington Group has provided initial disclosures to plaintiffs, which Plaintiffs' Liaison Counsel has deemed satisfactory as of December 2006. No further initial disclosures are required from Washington Group unless and until Judge Duval denies Washington Group's proposed motion for summary judgment based on government contractor immunity.

b. In lieu of Rule 26(a)(1) Initial Disclosures, the named plaintiffs shall disclose the following to the remaining contractor, Washington Group, no later than **April 16, 2007**:

- The name and, if known, the address and telephone number of each individual likely to have discoverable information that the plaintiffs may use to support their allegations of liability (including any opposition to Washington Group's proposed motion for summary judgment based on government contractor immunity), identifying the subjects of the information;

- An electronic copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the plaintiffs and that plaintiffs may use to support its allegations of liability (including any opposition to Washington Group proposed motion for summary judgment

{N1628344.1}   25

**Formatted:** Font: 8 pt
**Formatted:** Justified

based on government contractor immunity) including photographs and witness statements.