U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 APR 20  PM 12: 00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MANSON CONSTRUCTION CO., AS OWNER AND OPERATOR OF THE HOPPER DREDGES NEWPORT AND BAYPORT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. **06-8891**<br><br>SECTION<br>MAG. DIV. **SECT. K MAG. 2** |

### ORDER APPROVING LIMITATION PLAINTIFF'S BOND FOR LIMITATION FUND, ~~DIRECTING ISSUANCE OF NOTICE~~ AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint having been filed hereon on October 23, 2006 by Manson Construction Co. (hereinafter "Limitation Plaintiff"), as owner and operator of the Hopper Dredges NEWPORT and BAYPORT (the "Vessels"), for exoneration from or limitation of liability, pursuant to Sections 4281-4285 and 4289 of Title 46 of the United States Code (46 U.S.C. §§ 181-185 and 188) and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims of the Federal Rules of Civil Procedure, for any loss, damage, injury, or deaths caused, occasioned or occurring on the voyages of the said Vessel which began in approximately November 2002, and terminated on December 7, 2004, and between approximately January 2003 to July 11, 2003, and October 2004 to December 7, 2004, respectfully, as more fully described in the Complaint;

NO.99694474.1

Fee ____
Process ____
X Dktd ____
✓ CtRmDep ____
Doc. No ____

And the Complaint having stated that the value of Limitation Plaintiff's interest in the said Vessels and their pending freight at the end of such voyage does not exceed $35,400,000.00, as set forth in Limitation Plaintiff's Verified Complaint.

And Limitation Plaintiff having deposited with the Court as security for the benefit of claimants, a Bond for Limitation Fund issued by Manson Construction Co., as principal, and Safeco Insurance Company of America, as surety, dated October 18, 2006, not less than equal to the amount or value of Limitation Plaintiff's interest in the said Vessel and its pending freight in the sum of $35,400,000.00 with interest at six (6%) per cent per annum from its date, executed by duly authorized representatives of Safeco Insurance Company of America, as Agents and Attorneys-In-Fact for them;

NOW on motion of Phelps Dunbar, LLP, attorneys for the Limitation Plaintiff, it is

ORDERED as follows:

1.  The above-described Bond for Limitation Fund deposited by the Limitation Plaintiff with the Court for the benefit of claimants, in the sum of $35,400,000.00, with interest as aforesaid, as security for the amount or value of the Limitation Plaintiff's interest in the Hopper Dredges NEWPORT and BAYPORT and their pending freight, be and it is hereby approved.

2.  The Court, upon motion, shall cause due appraisement of such value and may thereupon order the said security increased or reduced if it finds the amount thereof insufficient or excessive; and, upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provisions of Section 4283 of Title 46 of the United States Code (46 U.S.C. § 183), as amended, in respect of loss of life or bodily injury.

5.   The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Limitation Plaintiff, as aforesaid, against the Hopper Dredges NEWPORT and BAYPORT, her officers and crews, against any property of Limitation Plaintiff, or against Limitation Plaintiff's employees or underwriters except in this action, to recover damages for or in respect of any loss, damage, injury, or death occasioned or incurred on the said voyages of the NEWPORT and BAYPORT as alleged in the Complaint, be and they hereby are restrained, stayed, and enjoined until the hearing and determination of this action.

6.   Service of this order as a restraining order may be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

New Orleans, Louisiana, this 20 day of April, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
George M. Gilly, T.A. (Bar #6234)
William J. Riviere (Bar #20593)
Evans Martin McLeod (Bar #24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

ATTORNEYS FOR LIMITATION PLAINTIFF,
MANSON CONSTRUCTION CO.

4

NO.99694474.1