UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182 |
| VERSUS | * * * | JUDGE: DUVAL |
| PERTAINS TO : INSURANCE   06-4173 | * * * | MAGISTRATE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**VIGILANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST SUPPLEMENTAL
AND AMENDING COMPLAINT FOR DAMAGES**

Defendant, Vigilant Insurance Company (for itself and as erroneously sued as Chubb Insurance Company, a non-entity, incapable of being sued), ("Vigilant"), responds and answers the Plaintiff's First Supplemental and Amending Complaint for Damages as follows:

**A.**

**AFFIRMATIVE DEFENSES**

I.

Vigilant incorporates and reiterates all of its defenses and responses of its Original Answer and Affirmative Defenses as if copied herein.

- 1 -

83801

### II.

Plaintiff's amending complaint fails to state a cause of action.

### III.

To the extent the plaintiff made a claim on her flood policy that flood damaged her property and/or contents, the plaintiff is judicially, legally and equitably estopped from claiming that wind caused the same damage to the property and/or contents.

### IV.

To the extent that monies recoverable under the plaintiff's policy are payable to a mortgagee or other third-party (collectively, "Mortgagee"), Vigilant is entitled to a set-off for any amounts paid to the Mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of her interest.

### B.
### **ANSWER**

**AND NOW**, responding to the specific allegations of the First Amended Complaint, Vigilant further states the following:

### I.

Vigilant denies the allegations of Paragraph 15 of Plaintiff's First Supplemental and Amending Complaint for Damages.

83801

II.

Vigilant denies the allegations of Paragraph 16 of Plaintiff's First Supplemental and Amending Complaint for Damages for lack of sufficient information to justify a belief therein.

III.

Vigilant denies the allegations of Paragraph 17 (incorrectly referred to as paragraph III) of Plaintiff's First Supplemental and Amending Complaint for Damages.

IV.

No answer is necessary to Plaintiff's Prayer, but to the extent an answer is deemed necessary, plaintiff's Prayer is denied.

**WHEREFORE**, Vigilant respectfully requests that this Amended Answer and Affirmative Defenses to Plaintiff's First Supplemental and Amending Complaint for Damages be deemed good and sufficient and that after due proceedings be had there be judgment rendered in favor of Vigilant dismissing plaintiff's claim with prejudice and awarding Vigilant all relief under the law to which it may be entitled.

Respectfully submitted,

*/s/ Steven W. Usdin*
_____
Steven W. Usdin, 12896
Shera J. Finn, 29184
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Vigilant Insurance Company

83801

## **C E R T I F I C A T E**

I hereby certify that on April 23, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Steven W. Usdin
_____
susdin@barrassousdin.com