UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIN BURKS** | **CIVIL ACTION NO. 06-4173** |
| | **CONSOLIDATED W/ 05-4182** |
| **VERSUS** | |
| | **SECTION "I"** |
| **PRUDENTIAL FINANCIAL GROUP, LIBERTY MUTUAL INSURANCE COMPANY, ET AL.** | **JUDGE DUVAL** |

### ANSWER TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Jay Trusheim ("Trusheim"), who submits this *Answer to Plaintiff's First Supplemental and Amending Complaint for Damages* as follows:

I.

Defendant is not called upon to admit or deny the allegations in Paragraph I of *Plaintiff's First Supplemental and Amending Complaint for Damages*. In an abundance

of caution, Defendant denies the allegations for lack of sufficient information to justify a belief therein.

II.

Defendant denies the allegations in Paragraph II of *Plaintiff's First Supplemental and Amending Complaint for Damages*.

III.

Defendant denies the allegations in Paragraph III of *Plaintiff's First Supplemental and Amending Complaint for Damages*.

Defendant denies all liability to and damages and other relief sought by Plaintiff in her prayer for relief in her *First Supplemental and Amending Complaint for Damages.*

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### FIRST DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by prescription, peremption, and any applicable statute of limitations.

### THIRD DEFENSE

Plaintiff has failed to mitigate its damages, if any.

### FOURTH DEFENSE

Plaintiff's claims asserted in the Petition for Damages are barred in whole or in part by the doctrine of contributory negligence or comparative negligence.

## FIFTH DEFENSE

Plaintiff's claims asserted in the Petition for Damages are barred because Defendants have paid all benefits due under the insurance policies at issue.

## SIXTH DEFENSE

Plaintiff's claims asserted in the Petition for Damages are barred because Defendants did not engage in any unlawful conduct, and no act or omission of Defendants caused Plaintiff any injury, including the injury alleged in the Petition.

## SEVENTH DEFENSE

Plaintiff's claims asserted in the Petition for Damages are barred by the express terms of the applicable insurance policies.

## EIGHTH DEFENSE

In the event Plaintiff should prove that the fault of others caused her flood insurance to lapse, then in that event, Jay Trusheim avers that any such damages arising from such fault occurred through no negligence or fault on his part or on the part of any persons for whom he may be held responsible, but to the contrary, occurred through the negligence or fault of third parties over whom Defendant had no control or authority, in fact or in law.

Defendant reserves the right to add other and further defenses as may be revealed by further investigation and discovery in this case.

**WHEREFORE,** Jay Trusheim prays that this, his *Answer to Plaintiff's First Supplemental and Amending Complaint for Damages,* be deemed good and sufficient, and that after due proceedings there be judgment in his favor and against Plaintiff thereby dismissing *Plaintiff's Petition for Damages* and *Plaintiff's First Supplemental and Amending Complaint for Damages* at its cost and for such other and further relief as justice and law may require.

Respectfully submitted,

 /s/ Thomas P. Hubert
THOMAS P. HUBERT   (LA #19625)
ROBERT L. WALSH   (LA #17850)
JANE H. HEIDINGSFELDER (LA #28604)
***Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.***
201 St. Charles Avenue – 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:   (504) 582-8000
Facsimile:   (504) 582-8015
***COUNSEL FOR DEFENDANT,
   JAY TRUSHEIM***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 23, 2007, I electronically filed the foregoing *Answer to Plaintiff's First Supplemental and Amending Complaint for Damages* with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record listed below:

Jack Howard Tobias, Esq.
***Law Office of Jack H. Tobias***
Alexandre Building
336 Camp Street – Suite 340
New Orleans, Louisiana  70130

Gerald J. Nielsen, Esq.
William Ross DeJean, Esq.
***Nielsen Law Firm***
3838 North Causeway Boulevard – Suite 2850
Metairie, Louisiana  70002

Kent A. Lambert, Esq.
Tommy D. Snyder, Esq.
Anne Derbes Keller, Esq.
***Baker Donelson Bearman Caldwell & Berkowitz, PC***
201 St. Charles Avenue – Suite 3600
New Orleans, Louisiana  70170

Steven W. Usdin, Esq.
Shera J. Finn, Esq.
***Barrasso Usdin Kupperman Freeman & Sarver, LLC***
LL&E Tower
909 Poydras Street – Suite 1800
New Orleans, Louisiana  70112

      /s/ Thomas P. Hubert
      THOMAS P. HUBERT