UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| ALL LEVEE, MRGO | * | |
| RESPONDER CASES AND TO | * | JUDGE DUVAL |
| NO. 06-4389 | * | |
|    06-6099 | * | MAGISTRATE WILKINSON |
|    06-5786 | * | |

* * * * * * * * * * * * * * * * * *

ASHTON O'DWYER'S RESPONSE
TO THE BILL FOR ATTORNEY'S FEES BY THE
STATE OF LOUISIANA

**MAY IT PLEASE THE COURT:**

Ashton O'Dwyer does not agree with Your Honor's decision to impose sanctions against him, ostensibly as a result of O'Dwyer's "harassment" of the rich and powerful State of Louisiana due to his filing of allegedly "duplicative" lawsuits.[1] O'Dwyer has not yet attempted to count how many of his clients' loved-ones were killed as a direct result of criminal, willful and grossly negligent malfeasance committed by employees and agencies of the State, both prior to and after Hurricane KATRINA, not to mention the large numbers of his clients who suffered immersion in the toxic soup which inundated the area, and the loss of or damage to real and personal "things" they had worked a lifetime to acquire. To date, not one penny has been paid in compensation or in

---

[1] O'Dwyer also disagrees both with the allegation and with the Court's factual determination.

-1-

"sanctions" to the innocent survivors of other "Victims of KATRINA" by the State. Notwithstanding his disagreement, O'Dwyer will take his punishment, but he nonetheless plans to wear the sanctions imposed upon him by Your Honor as a "badge of courage", while he continues to pursue the State and its agencies relentlessly in another forum.

The bill for attorney's fees totaling $7,058.50 submitted by the lawyers within the Louisiana Department of Justice is truly a "piece of work". O'Dwyer is quite familiar with lawyer's bills as a result of having worked as a defense lawyer for over thirty-five years. Time is money for defense lawyers in the legal profession, and several things "leap" out from what have been erroneously described as "attorney's fees incurred" by the lawyers for the LODJ:

    1.    First and foremost, the State of Louisiana's Office of Risk Management may claim that they are billed by lawyers within the LDOJ, but the fact remains that all employees of the State of Louisiana are public servants, who get a paycheck from the State regardless of whether they are trying a case, writing briefs, eating lunch or going to the bathroom. Accordingly, it is patently absurd for the LDOJ to submit a bill for the time spent by lawyers in this case, who are paid salaries by the State in amounts far below the claimed billing rates for purposes of imposing sanctions. The State collects taxes and pays everyone it employs. Neither the Office of Risk Management nor the LDOJ has the right to divine something called "attorneys fees incurred", which is just a trick to move the State's own

        money from one "stovepipe" agency to another, but without adding anything to the State's coffers.[2]

2.    It is patently obvious that this case has been "overstaffed" by the LDOJ, which appears to have "double-billed", with two lawyers recording time for intraoffice meetings, duplicative review of the same documents, and editing of drafts already prepared by other lawyers who also have charged time to the case. Indeed (4) four different lawyers have charged time to the case, without any showing that putting four (4) lawyers on the case contributed to the outcome. Perhaps the best example of "overstaffing" is the fact that three (3) hours time was charged to the case for the February 28, 2007 hearing. O'Dwyer avers that it was totally unnecessary for three (3) lawyers for the LDOJ to be present at that hearing.

3.    Because the case has been overstaffed, it is also patently obvious that lawyers' time has been "thrown" at the case wastefully, perhaps because it will do something "numbers" the LDOJ submits to the Office of Risk Management. O'Dwyer simply doesn't know, because there was no evidence adduced on this issue whatsoever, the Court and counsel being left to speculate. However, O'Dwyer asks rhetorically, if the attorney's fees submitted to the Court by the LDOJ were truly "incurred", then why weren't any costs incurred, as well? O'Dwyer submits that was because nothing was actually "incurred" by the State in attorney's fees or costs, because State-employed lawyers were working "in-house", whether

---

[2] Rule 11(c)(2) and 28 U.S.C. §1927 provide for "the reasonable attorney's fees and other expenses incurred" and "attorney's fees reasonably incurred" respectively.

        actually working on this case or other cases, and whether they were actually working or not.

4.     Lastly, it is patently obvious that most of the time billed to the case by the LDOJ was incurred researching, drafting the motion for sanctions, and pursuing O'Dwyer for sanctions, rather than "defending" his clients' claims against the State on 11th Amendment or qualified immunity grounds, which legal arguments the LDOJ undoubtedly has "canned" in word-processing "boilerplate", available at the push of a button. O'Dwyer thought he was sanctioned because he allegedly caused the State to incur something "extra" in order to defend the claims asserted by his clients against the State actors. O'Dwyer asserts that LDOJ should not be permitted to bill him for the time they spent pursuing him for sanctions. By analogy, O'Dwyer refers the Court to cases which allow recovery of attorney's fees incurred in <u>defending</u> a plaintiff's claims in cases which also involve claims between defendants for express contractual indemnity, but deny recovery of attorney's fees for the time spent by the indemnitee actually pursuing the indemnitor.

O'Dwyer doesn't know where he is going to get the money to pay the State, which he assumes Your Honor will reduce at some point to a judgment. The $7,000 or so now being claimed by the State already was earmarked to pay a portion of the property taxes that O'Dwyer and his spouse owe the City of New Orleans for the "privilege" of living here and having garbage picked up twice a week (sometimes) rather than only once a week. However, O'Dwyer gives notice of his intention to appeal that judgment and to

-4-

apply for a stay of execution pending appeal.  In the meantime, O'Dwyer submits that the bill for "attorney's fees incurred" submitted by the lawyers for the LDOJ are not only exorbitant, but constitute "smoke and mirrors", for nothing actually was "incurred" by the State.  O'Dwyer will continue to pursue his client's claims against the almighty State of Louisiana in another forum, although his first choice of forum was Federal Court, which Your Honor has, to date, denied to him and his clients.

                Respectfully submitted,

                 S/Ashton R. O'Dwyer, Jr.
                **Ashton R. O'Dwyer, Jr.**
                **In Proper Person**
                **Law Offices of Ashton R. O'Dwyer, Jr.**
                Bar No. 10166
                One Canal Place
                365 Canal Street, Suite 2670
                New Orleans, LA 70130
                Tel.:  (504) 561-6561
                Fax.  (504) 561-6560

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 26, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

kellerm@ag.state.la.us
dealp@ag.state.la.us
glazerp@ag.state.la.us
wiltonp@ag.state.la.us
jamesmullaly1@hotmail.com
jvdirosa@cityofno.com
sdick@fjdlegal.com
aclark@fjdlegal.com
jbonaventure@fjdlegal.com
Sandra.Gutierrez@usdoj.gov
boylek@phelps.com
alessann@phelps.com

                  **S/Ashton R. O'Dwyer, Jr.**