UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COLLEEN BERTHELOT, ET AL.,**                                    **CIVIL ACTION**

**VERSUS**                                                                        **NO. 05-4182**

**BOH BROTHERS CONSTRUCTION CO.,**                **SECTION "K"(2)**
**L.L.C., ET AL.**                                                        **CONS. KATRINA CANAL**

**PERTAINS TO:  O'Dwyer  06-1885**

## ORDER AND REASONS

Before the Court is the United States' Motion to Dismiss (Doc. 543) based on Fed. R. Civ. P. 12(b)(1) and 12(h)(3).   The United States contends that this Court lacks subject matter jurisdiction over plaintiffs in this putative class action lawsuit because, *inter alia*, plaintiffs have not met the statutory requirements to file suit against the United States. Having reviewed the complaint, the pleadings, memoranda and the law, the Court finds merit in this motion.

## BACKGROUND

The instant Katrina-based suit was filed on April 13, 2006 seeking money damages "arising out of the destruction of a major Metropolitan Area, which occurred as a result of fault and neglect by the Peoples' Government."[1]  Named as plaintiffs are citizens of Orleans, Jefferson and St. Bernard Parish of the State of Louisiana who incurred physical, mental and economic injury as a result of the destruction caused by the overtopping and failure of the levee system surrounding the

---

[1] This suit is one among ten that counsel has filed on behalf of a number of plaintiffs, many of whom appear in each of the separate suits.  This Court dismissed counsel's first filed suit, *O'Dwyer, et al. v. United States, et al.*, C.A. No. 05-4181 (Doc. 788) on July 19, 2006.

greater New Orleans area. In this Complaint, unlike the first-filed suit, plaintiffs sue only the United States. They invoke as the jurisdictional bases for this case a wholesale listing of federal and state statutes. This complaint contains tort claims based on various constitutional and statutory allegations, as well as allegations invoking maritime law and stating claims against the United States based on the Suits in Admiralty Act (46 U.S.C. § 741).

The focus of plaintiffs' allegations concern the Government's alleged failure to "ensure the competent design, construction, inspection, maintenance and operation of an entire navigable waterway system, consisting of the MRGO, the Gulf Intracoastal Waterway, the Industrial Canal, the London Avenue Canal and the Seventeenth Street Canal." ( Complaint, ¶ XII). Plaintiffs also allege that the Government failed to "properly prepare for and respond to the needs of the People, prior to and in the aftermath of Hurricane KATRINA." (Complaint, ¶ XIII).

**Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001). As the Fifth Circuit has stated:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id*. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction. *Id*.

With this standard in mind, the Court will turn to the allegations of the complaint.

### Federal Tort Claim Act Allegation

There is one central tenet as concerns a suit brought against the United States. Under the Federal Tort Claim, 28 U.S.C. § 1346(b), 2671 *et seq.* ("FTCA"), prior to filing suit, plaintiffs must have exhausted their administrative remedies. This fact is based on the undeniable premise that the United States is immune from suit in tort absent a waiver of immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Under the FTCA, 28 U.S.C. § 2675(a), an action may not be instituted against the United States unless the claimant first presents the claim to the appropriate federal agency and the agency has denied the claim in writing. If the claim is not finally disposed of within six months, the claimant may treat the claim as denied and file suit in federal court. This prerequisite is jurisdictional in nature. *Id.* at 204. Thus, the United States claims that plaintiffs have not complied with these jurisdictional prerequisites.

The minimum requisites for notice are set forth at 28 C.F.R. §14.2 which provides:

(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2. Accordingly, this regulation has been interpreted to require at a minimum (1) written notice of the claim sufficient to enable the agency to investigate (2) placement of a value

on the claim and (3) authorization by the claimant. *Montoya v. United States*, 841 F.2d 102, 104 95th Cir. 1988). Furthermore, the Fifth Circuit recognizes that no specific form is required as long as that particular necessary information is provided. *Graubarth v. United States*, 2005 WL 3543763, *2 (E.D.La. 2005).

In the instant case, plaintiffs maintain that the (1) the presentation of the complaints in C.A. No. 05-4181 and 05-4237 as part of a request for information and documents made pursuant to the Freedom of Information Act ("FOIA") (Complaint, ¶ XIV) suffices. Contrary to plaintiffs' contentions, this action is not the "functional equivalent" of what is required under the applicable regulation. There is no personal information concerning the specific injuries or damages incurred by any one of the named plaintiffs. Indeed, not even an address is provided for any of the named plaintiffs in these complaints, nor is there a specific indication of the amount of damages any plaintiff seeks and whether such damages are for property damage or personal injuries. Furthermore, while the plaintiffs in C.A. No. 05-4181 are most of the same plaintiffs in this Complaint, neither of the complaints demonstrate that counsel is authorized to represent each named plaintiff and each potential class member.

Plaintiffs argue that regardless of whether that FOIA request is insufficient, the letter from the U.S. Army Corps of Engineers, informing counsel of the insufficiency of the counsel's January 10, January 20 and February 17, 2006 letters constitutes a denial sufficient to trigger the entitlement to file suit. This contention is devoid of merit. A letter explaining deficiencies cannot constitute a denial of the claim; the thrust of the letter is that counsel has yet to present properly a claim. Likewise, contentions that counsel has sufficiently apprised the Corps of Engineers because of

certain telephone conversations with a Corps representative are equally null. Oral discussions will not suffice under the regulation noted above.

Finally, in *McNeil v. United States*, 508 U.S. 106, 133 S. Ct. 1980 (1993), the Supreme Court held that a suit filed before the six-month interval must be dismissed even after the six-month period had run. The Court stated:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of a body of litigation is best served by adherence to the straight - forward statutory command.

*Id*. at 112, 1984. Thus, the motion must be granted with respect to subject matter jurisdiction under the FTCA.

### Suits in Admiralty Claims

Plaintiffs also contend that this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331(1) and pursuant to the Suits in Admiralty Act (46 U.S.C. § 741, *et seq.*) ("SAA"). However, because all of the damages alleged by plaintiffs occurred on land, in order to pursue such a claim, a litigant must file an administrative claim under the Admiralty Extension Act, 46 U.S.C. App. § 740 ("AEA").

The AEA provides in pertinent part:

> The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.
>
> In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or

> damage has been done and consummated on navigable water: *Provided*, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948, and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: *Provided further*, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage.

46 App. U.S.C.A. § 740 .

The AEA clearly provides that when a suit is brought pursuant to SAA and the resulting damage occurs on land, no suit **shall be filed** against the United States until six months after the filing of an administrative claim which has been presented in writing to the appropriate federal agency. *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340 (5th Cir. 1992).  Thus, the Motion to Dismiss is meritorious in this respect as well.

### Other Federal Jurisdictional Allegations

In this suit, plaintiffs have alleged, as was alleged in C.A. No. 05-4181, original jurisdiction pursuant to the Fifth Amendment of the United States Constitution, this time based on "the taking of plaintiffs' property without just compensation,"[2] federal question jurisdiction pursuant to 28 U.S.C. § 1331,  the Oil Pollution Act of 1990, the Comprehensive Environmental Response Compensation and Liability Act, the Federal Water Pollution Control Act, the Clean Water Act, Clean air Act, the National Environmental Policy Act, the Toxic Substances Control Act and The Resource Conservation and Recovery Act and various Louisiana environmental laws.  This Court

---

[2] It would likewise appear that plaintiffs must be seeking mor that $10,000 in damages which would remove such a taking claim from this Court's jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)92). *Wilkerson v. United States* , 67 F.3d 112, 118 (5th Cir. 1995).

6

has discussed these jurisdictional bases before in its opinion of July 19, 2006 dismissing C.A. No. 05-4181. (Doc. 788) and found them without merit.  The Court re-urges and adopts its analysis found therein particularly from pages 12 through 17.  Plaintiffs' wholesale approach to jurisdiction and stunning failure to provide factual allegations with respect to these federal statutes as noted verges on the sanctionable under Fed. R. Civ. P. 11.

**State Law Claims**

As to the litany of state law claims alleged, all such claims are controlled by the FTCA. Thus, these allegations fall as well for the reasons previously stated.   Accordingly,

**IT IS ORDERED** that the United States' Motion to Dismiss (Doc. 543) is **GRANTED** and judgment shall be entered in favor of the United States and against plaintiffs dismissing this Complaint without prejudice.

New Orleans, Louisiana, this  27th  day of April, 2007.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**