UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO: | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| INSURANCE, | * | |
| *Beulah Baptist Church, Inc.*, No. 06-3430 | * | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Fidelity and Guaranty Insurance Underwriters, Inc. ("Fidelity and Guaranty"), improperly named as St. Paul Travelers Insurance Company,[1] which hereby responds to the allegations in Plaintiff's Amended Complaint, captioned as a "First Amending and Supplemental Petition," as follows:

## RESPONSES TO PARTICULAR ALLEGATIONS

The Amended Complaint does not re-allege Paragraphs 1 through 12 of Plaintiff's original Petition, filed in the Civil District Court for the Parish of Orleans on May 17, 2006, but rather adds additional paragraphs. To the extent that the Amended Complaint was intended to incorporate by reference Paragraphs 1 through 12 of Plaintiffs' original Petition, Fidelity and

---

[1] Erroneously named defendant "St. Paul Travelers Insurance Company" is not a legal entity; it does not underwrite or issue insurance policies. Accordingly, "St. Paul Travelers Insurance Company" cannot be sued and, thus, is not a proper defendant. The entity which issued the insurance policy to the Plaintiff is Fidelity and Guaranty. The ultimate parent corporation of Fidelity and Guaranty is The Travelers Companies, Inc.

1

Guaranty hereby incorporates by reference herein its Answer, filed in the Civil District Court on June 16, 2006.

XIII.

Fidelity and Guaranty denies the allegations in the first sentence of Paragraph XIII for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. With respect to the remaining allegations in Paragraph XIII, Fidelity and Guaranty admits that there was some wind damage to the roof of Plaintiff's property, and that wind may have caused damage to one roof vent. Fidelity and Guaranty denies the remaining allegations in Paragraph XIII.

XIV.

Fidelity and Guaranty denies the allegations in the first sentence of Paragraph XIV for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. Fidelity and Guaranty denies the remaining allegations in Paragraph XIV.

XV.

Fidelity and Guaranty denies the allegations in Paragraph XV and avers that the terms, conditions, limitations and exclusions in the insurance policy issued to the Plaintiff (hereinafter, the "Policy") speak for themselves.

XVI.

Fidelity and Guaranty admits that it placed a valuation upon the property covered under the Policy and used that valuation as one factor in determining the premium charged for the Policy. Except as expressly stated above, Fidelity & Guaranty denies the allegations of Paragraph XVI.

XVII.

Fidelity and Guaranty denies the allegations in Paragraph XVII and avers that the terms, conditions, limitations and exclusions in the Policy speak for themselves.

XVIII.

Fidelity and Guaranty avers that the allegations in Paragraph XVIII consist of a legal conclusion to which no response is required. To the extent a response may be deemed to be required, Fidelity and Guaranty denies the allegations in Paragraph XVIII for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

XIX.

Fidelity and Guaranty admits the allegations in Paragraph XIX.

XX.

Fidelity and Guaranty denies the allegations in the first sentence of Paragraph XX. With respect to the allegations in the second sentence of Paragraph XX, Fidelity and Guaranty admits that it has refused to pay for damage caused by flood in accordance with the water damage exclusion in the Policy. Fidelity and Guaranty denies the allegations in the third sentence of Paragraph XX, except that it admits that it pled the water damage exclusion as an affirmative defense to Plaintiff's original Petition. With respect to the allegations in the fourth sentence of Paragraph XX, to the extent that they concern Plaintiff's belief, Fidelity and Guaranty denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. The remaining allegations in the fourth sentence of Paragraph XX are denied.

XXI.

Fidelity and Guaranty denies the allegations in Paragraph XXI.

XXII.

In response to the allegations in Paragraph XXII, Fidelity and Guaranty admits that it has received certain documentation from Plaintiff concerning the insurance claim, but denies that plaintiff has submitted sufficient proof of its claimed loss.  Fidelity and Guaranty denies the remaining allegations in Paragraph XXII.

XXIII.

Fidelity and Guaranty denies the allegations in Paragraph XXIII.

XXIV.

Fidelity and Guaranty denies the allegations in Paragraph XXIV and avers that the statutes referred to therein speak for themselves.

XXV.

Fidelity and Guaranty denies the allegations in Paragraph XXV and avers that the statutes referred to therein speak for themselves.

XXVI.

Fidelity and Guaranty denies the allegations in Paragraph XXVI and avers that the statutes referred to therein speak for themselves.

XXVII.

Fidelity and Guaranty denies the allegations in Paragraph XXVII and avers that the statutes referred to therein speak for themselves.

XXVIII.

Fidelity and Guaranty denies the allegations in Paragraph XXVIII and avers that the statutes referred to therein speak for themselves.

XXIX.

Fidelity and Guaranty denies the allegations in Paragraph XXIX and avers that the statutes referred to therein speak for themselves.

XXX.

Fidelity and Guaranty avers that the allegations in Paragraph XXX consist of a legal conclusion to which no response is required.  To the extent a response may be deemed to be required, the allegations are denied.

XXXI.

Fidelity and Guaranty denies the allegations in the first sentence of Paragraph XXXI. Fidelity and Guaranty avers that the allegations in the second and third sentences of Paragraph XXXI consist of legal conclusions to which no response is required.  To the extent a response may be deemed to be required, the allegations are denied.

XXXII.

Fidelity and Guaranty denies the allegations in Paragraph XXXII.

XXXIII.

In response to Paragraph XXXIII, Fidelity and Guaranty repeats and realleges its Answer and Affirmative Defenses to the original Petition as if set forth in full herein.

**IN FURTHER ANSWER**, Fidelity and Guaranty avers as follows:

XXXIV.

The Complaint fails to state a claim upon which relief may be granted.

XXXV.

Policy No. BK0244868, issued by Fidelity and Guaranty to Beulah Baptist Church, Inc., with effective dates of April 6, 2005 to April 6, 2006 (hereinafter, the "Policy"), contains the

following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

    **1.**    We will not pay for loss to Covered Property caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. Unless otherwise stated, the following exclusions apply to all SECTION I - Coverages.

        a.    Water

            (1)    Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not.

            If electrical "covered equipment" requires drying out because of the above, we will pay for the direct expenses of such drying out subject to the applicable Limit of Insurance and deductible.

            *  *  *

            (3)    Water under the ground surface pressing on or flowing or seeping through:

                (a)    Foundations, walls, floors or paved surfaces;

                (b)    Basements, whether paved or not; or

                (c)    Doors, windows or other openings;

XXXVI.

Policy No. BK0244868, issued by Fidelity and Guaranty to Beulah Baptist Church, Inc., with effective dates of April 6, 2005 to April 6, 2006 (hereinafter, the "Policy"), contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

    **1.**    We will not pay for loss to Covered Property caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

> Unless otherwise stated, the following exclusions apply to all SECTION I - Coverages.
>
> * * *
>
> b..    Earth Movement.
>
> > (1) Any earth movement (other than sinkhole collapse), such as an earthquake, landslide, mine subsidence, or earth sinking, rising, or shifting. But if earth movement results in fire or explosion, we will pay for the loss caused by that fire or explosion.

## XXXVII.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

> **4.** We will not pay for the loss caused by or resulting from any of the causes of loss listed in SECTION I. C. 4. a. through 4. c. below. But if an excluded cause of loss that is listed in SECTION I. C. 4. a. through 4. c. below results in a Covered Cause of Loss, we will pay for the loss caused by that Covered Cause of Loss. The following applies to all SECTION I - Coverages.
>
> * * *
>
> **c.**    **Weather conditions.** But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in SECTION I. C. 1. a. through 1. f. to produce the loss or damage.

## XXXVIII.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

> **4.** We will not pay for the loss caused by or resulting from any of the causes of loss listed in SECTION I. C. 4. a. through 4. c. below. But if an excluded cause of loss that is listed in SECTION I. C. 4. a. through 4. c. below results in a Covered Cause of Loss, we will pay for the loss caused by that Covered Cause of Loss. The following applies to all SECTION I - Coverages.
>
> * * *

      **b.**    **Negligent Work.** Faulty, inadequate or defective:

          **(1)**    Planning, zoning, development, surveying, siting;

          **(2)**    Design, specification, workmanship, repair, construction, renovation, remodeling, grading, compaction;

          **(3)**    Materials used in repair, construction, renovation or remodeling; or

          **(4)**    Maintenance;

      of part or all of any property on or off the described premises.

### XXXIX.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

    **4.**    We will not pay for the loss caused by or resulting from any of the causes of loss listed in SECTION I. C. 4. a. through 4. c. below. But if an excluded cause of loss that is listed in SECTION I. C. 4. a. through 4. c. below results in a Covered Cause of Loss, we will pay for the loss caused by that Covered Cause of Loss. The following applies to all SECTION I - Coverages.

      **a.**    **Acts or Decisions.** Acts or decisions including the failure to act or decide, of any person, group, organization or governmental body.

### XL.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

    **2.**    We will not pay for loss caused by or resulting from any of the following. Unless otherwise stated, the following applies to all SECTION I - Coverages.

      **j.**    **Other Types of Loss.**

          **(1)**    Wear and tear;

          **(2)**    Rust, corrosion, fungus, hidden decay, deterioration, hidden or latent defect or any

       quality in property that causes it to damage or destroy itself;

* * *

  **(4)**  Settling, cracking, shrinking, bulging or expansion;

* * *

  **(7)**  The following causes of loss to personal property:

    **(a)** Dampness or dryness of atmosphere;

    **(b)** Changes in or extremes of temperature;

XLI.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

  **2.**  We will not pay for loss caused by or resulting from any of the following. Unless otherwise stated, the following applies to all SECTION I - Coverages.

    **l.**  **Substance Seepage or Leakage.** Seepage or leakage of any substance that has manifested and is then continuous or repeated.

XLII.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

  **3.**  We will not pay for loss caused by or resulting from the discharge, dispersal, seepage, migration, release or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss." But if the discharge, dispersal, seepage, migration, release or escape of "pollutants" results in a "specified cause of loss," we will pay for the loss caused by that "specified cause of loss."

9

XLIII.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

> **24.** The following is added to Paragraph **C. Exclusions. 1.**
>
> **Ordinance, regulation or law.** The enforcement of any ordinance, regulation, or law governing the use, construction, repair, or demolition of any property. This includes removal of debris.
>
> This exclusion applies whether the loss or damage results from:
>
> **(1)** An ordinance or law that is enforced even if the Covered Property has not been damaged; or
>
> **(2)** The increased costs are incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of Covered Property, or the removal of debris, following a physical loss or damage to Covered Property.

XLIV.

Any amount payable under the Policy is subject to all applicable deductibles and all applicable limits of insurance.

XLV.

No coverage exists to the extent Plaintiff's claimed losses were not to "Covered Property" as specified in the Policy.

XLVI.

No coverage exists to the extent Plaintiff's claimed losses were not caused by a "Covered Cause of Loss" as specified in the Policy.

XLVII.

Coverage is precluded, in whole or in part, to the extent Plaintiff's claimed losses fall within an exclusion and/or limitation to the coverage provided by the Policy.

XLVIII.

The Policy contains the following language, which bars, in whole or in part, the damages being claimed herein by Plaintiff:

    **3.**    **Duties in the Event of Loss.**

        **a.**    You must see that the following are done in the event of loss to Covered Property:

            **(1)**    Notify the police if a law may have been broken.

            **(2)**    Give us prompt notice of the loss or damage. Include a description of the property involved.

            **(3)**    As soon as possible, give us a description of how, when, and where the loss or damage occurred.

            **(4)**    Take all reasonable steps to protect the Covered Property from further damage from a Covered Cause of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a record of your expenses for emergency and temporary repairs for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

            **(5)**    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

            **(6)**    Permit us to inspect the property, books and records proving the loss and make facsimiles or copies if necessary. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis.

            **(7)**    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this

11

        within 60 days after our request. We will supply you with the necessary forms.

   **(8)**   Cooperate with us in the investigation or settlement of the claim.

   **(9)**   Resume all or part of your operations as quickly as possible. You must use all available means to eliminate unnecessary delay.

IL.

Fidelity and Guaranty reserves the right to amend this answer to assert any additional defenses or any other applicable terms, conditions, exclusions or limitations in the Policy that may become applicable during the ongoing investigation and discovery.

WHEREFORE, Fidelity and Guaranty prays that the claims asserted against it in Plaintiff's Petition be dismissed with prejudice and Judgment be entered directing that Plaintiff take nothing from Fidelity and Guaranty in this action. Fidelity further prays that it be awarded reasonable costs and attorney fees, and such other and further relief as may be appropriate.

    Respectfully Submitted:

    /s/ W. Lee Kohler
    W. Lee Kohler, T.A., Bar No. 17658
    Ralph S. Hubbard III, Bar No. 7040
    Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
    601 Poydras Street, Suite 2775
    New Orleans, LA 70130
    Telephone:   (504) 568-1990
    Facsimile:    (504) 310-9195

    Attorneys for Fidelity and Guaranty Insurance Underwriters, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of April, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants:

                                /s/ W. Lee Kohler
                                W. Lee Kohler