UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" (JUDGE DUVAL) |
| PERTAINS TO: LEVEE CASES, | MAGISTRATE (2) (MAG. WILKINSON ) |

## ENGINEERS' RESPONSES TO CLASS ACTION WRITTEN DISCOVERY

Burk Kleinpeter, Inc. (BKI) and BKI, LLC, (collectively "Responders") respond to Plaintiffs' **Class Action Written Discovery** as follows:

## RESPONSES TO REQUEST FOR ADMISSIONS

1. Each class representative, including sub-class representatives. has submitted a Form 95 to the Corps.

*RESPONSE:*
**Objection 1:** The requesting party has not served responding parties with the documents for which authentication is requested, or with information establishing a fact from which truth of the requested admission can readily be inferred.
**Objection 2 :** The request is not relevant nor likely to lead to the discovery of admissible evidence relating to claims against BKI/Engineering defendants, nor BKI, LLC. The existence or non-existence of a form 95 has no bearing on the liability of an engineer or on class certification issues.
**Objection 3:** Given that last year, the Court granted motions by Responders to dismiss, and Responders presently have identical motions pending, Responders have not made extensive inquiry or investigation about the facts or cause of the flooding, particularly regarding class action issues.
**Objection 4:** Respondent does not have adequate information to answer the request, and is not required to make a reasonable inquiry on the basis of Objections 1, 2 and 3.

2.  The Form 95 submitted by each respective class and sub-class representative was legally sufficient.

**_RESPONSE:_**
See Response/Objections to Request No. 1.

3.  The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

**_RESPONSE:_**
See Response/Objections to Request No. 1.

4.  No Defendant has paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

**_RESPONSE:_**
It is **admitted** that Responders have not paid, settled or otherwise resolved any hurricane related claim by any person, including any plaintiffs or representatives. Otherwise see Objections/Response to Request No. 1.

5.  Each class and sub-class representative has satisfied all statutory conditions precedent to maintenance of any action pursuant to 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act).

**_RESPONSE:_**
See Response/Objections to Request No. 1.

6.  Each class and sub-class representatives suffered some damage as a result of inundation associated with Hurricane Katrina.

**_RESPONSE:_**
The request is **admitted** to the extent it requests admission only that "some damage" be a qualification for representation. The request is **denied** to the extent it requests establishing as fact a premise for liability other than class representation purposes. It is also **admitted** that someone could meet this qualification, but it is currently unknown whether the named individuals meet those qualifications. Otherwise, **Objection 4:** Given that the court last year granted Responders' Motions to Dismiss, and Responders have identical Motions pending, these Respondents have not made a extensive inquiry into the issue posed, nor have plaintiffs provided any information on which to make such an inquiry.

7. Each class and sub-class representative suffered damage to real property as a result of inundation associated with Hurricane Katrina.

***RESPONSE:***
See Response to Request No. 6.

8. Each class and sub-class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

***RESPONSE:***
See Response to Request No. 6.

9. Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

***RESPONSE:***
It is **admitted** that members of the Class and Sub Classes as defined are so numerous that joinder is impracticable.

10. Members of Sub-Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

***RESPONSE:***
See Response to Request 9.

11. Members of Sub-Class Two are so numerous that joinder of all such persons and entities int his action is impracticable.

***RESPONSE:***
See Response to Request 9.

12. Members of Sub-Class Three are so numerous that joinder of all such persons and entities in this action is impracticable.

***RESPONSE:***
See Response to Request 9.

13. Members of Sub-Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE:**
See Response to Request 9.

14. Members of Sub-Class Five are so numerous that joinder of all such persons and entities int his action is impracticable.

**RESPONSE:**
See Response to Request 9.

15. Members of the Class are so geographically dispersed that joinder of all such persons and entities int his action is impracticable.

**RESPONSE:**
It is **admitted** the members of the Class and the Sub-Classes are probably now so geographically dispersed that joinder of all such persons and entities is impracticable.

15. Members of Sub-Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE:**
It is **admitted** the members of the Class and the Sub-Classes are probably now so geographically dispersed that joinder of all such persons and entities is impracticable. (there are two requests numbered as 15)

16. Members of Sub-Class Two are geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE:**
See response to request 15 (the second request numbered 15).

17. Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE:**
See response to request 15 (the second request numbered 15).

18. Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE:**
See response to request 15 (the second request numbered 15).

19. Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this actions is impracticable.

**RESPONSE:**
See response to request 15 (the second request numbered 15).

20. The filing of an individual civil action of Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

**RESPONSE:**
It is **admitted** the filing of separate actions would create a risk of inconsistent or varying adjudications

21. The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

**RESPONSE:**
It is **admitted** the filing of separate actions would create the risk of adjudications which would substantially impair the ability of some class members to protect their interests.

22. As of August 29, 2205, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

**RESPONSE:**
**Denied.** Neither BKI nor Burk Kleinpeter, LLC "had custody" over the canals or their flood protection structures at the time of Hurricane Katrina.

23. The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

**RESPONSE:**
**Objection 1 :** the request is not relevant nor leads to the discovery of admissible evidence relating to claims against BKI/Engineering defendants, or BKI, LLC. The existence or non-existence of a form 95 or payment by the USA has no bearing on the liability of an engineer or on class certification issues **Objection 2:** As a practical matter there is no reasonable way for responders to

inquire on a statement this vast.

24. No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

**_RESPONSE:_**
It is **admitted** that neither BKI nor BKI, LLC have paid, settled or otherwise resolved in whole or in part any Katrina-related cases asserted by anyone, including those by any Class members. There is no reasonable inquiry Responders can make to determine with certainty as to what other defendants might have done.

25. Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

**_RESPONSE:_**
See Response to Request No. 6.

26. Every member of the Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

**_RESPONSE:_**
Denied. The question of when, and from which water source, individual properties of plaintiffs were flooded would require enormous investigation and technical inquiry. Given that their motions to dismiss were granted, Responders have not undertaken, and will undertake such inquiry unless the remaining Motions to Dismiss are denied. The IPET report states New Orleans suffered from record rainfalls during Katrina, and that a large part of New Orleans suffered rainfall flooding as irrespective of levee breach flooding, see e.g. Vol. I, Executive Summary and Overview, Figure 25 and related text. Additional information should be found in the detailed version-Vol VII, The Consequences.

27. Every member of the Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

**_RESPONSE:_**
See response to request 26.

28. Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

**RESPONSE:**
See response to request 26.

29. Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

**RESPONSE:**
See response to request 26.

30. Every member of Sub-Class Five experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

**RESPONSE:**
See response to request 26.

31. The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

**RESPONSE:**
It is **admitted** that the sources of inundation is a question common to each member of a Class or sub-class.

32. The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

**RESPONSE:**
See response to request 31.

33. The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

**RESPONSE:**
See response to request 31.

34. The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

**RESPONSE:**
See response to request 31.

35. The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

***RESPONSE:***
See response to request 31.

36. The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub-Class.

***RESPONSE:***
See response to request 31.

37. Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint if s question that is common to every member of Sub-Class One, Two and Five.

***RESPONSE:***
[See apparent problems of mis-identification of Sub Classes, described in Response to 39, below]

38. Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

***RESPONSE:***
[See apparent problems of mis-identification of Sub Classes, describe in Response to 39, below]

39. Whether the Corps, B&K Construction, Burk-Kleinpeter, or GOTECH committed negligent acts and omissions as described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

***RESPONSE:***
It is **admitted** that whether the Corps, B&K Construction, BKI and GOTECH committed negligent acts or omissions is a question common to some members of some class(es). However, it is **denied** that any question of BKI negligence is common to members of Sub-Class One, because Sub-Class One members only allege damage from the 17th Street Canal (Master Levee Complaint, par. 162), and BKI did work only relating to the London Ave Canal, not the 17th Street Canal. The Master Levee Complaint alleges flooding from the London Ave. canal caused damage only to those plaintiffs in Sub Classes Two ( Master Levee Complaint, par. 169), Three (Master Levee Complaint, par. 176), and Five (Master Levee Complaint, par. 189). Burk Kleinpeter, LLC denies that whether it committed any negligent acts or omissions is open question, inasmuch as the LLC has established

without contradiction that it is not an engineering firm, does no engineering, and had nothing to do with any of the canals or flood control structures thereon.

40. Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

**RESPONSE:**
[See apparent problems of mis-identification of Sub Classes, describe in Response to 39, above]

41. Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

**RESPONSE:**
[See apparent problems of mis-identification of Sub Classes, describe in Response to 39, above]

42. Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class, and the response of Burk Kleinpeter, LLC.

**RESPONSE:**
It is **denied** that any of the Civil Code articles listed, other than article 2315, apply to Engineers. However, it is **admitted** the question of whether BKI/Engineers violated and Louisiana Civil Code article 2315 is a question common to every member of the Class. See also previous answer of Burk Kleinpeter, LLC to Request 39.

43. The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

**RESPONSE:**
It is **admitted** the attorneys representing the class members are competent to fairly and adequately protect the interests of the class.

44. Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

*RESPONSE:*
**Objection 5**: Not relevant nor lead to discovery of admissible evidence. The breakdown of social structure and loss of cultural heritage in the New Orleans area as a whole is not a criteria for determination of whether a class should be certified or not. Nor can Responders make a knowledgeable response without better definition of the terms "breakdown of social structure and loss of cultural heritage", and "consequent damages," followed by substantial and burdensome inquiry in the light of better definitions.

45. Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damage to the Class.

*RESPONSE:*
**Objection 5**: Not relevant nor lead to discovery of admissible evidence. Also, "alteration of the physical, economic, political, social and psychological character of New Orleans" is not a criteria for determination of whether a class should be certified or not. Nor can Responders give an accurate answer without clearer definitions of the phrase "alteration of the physical economic, political, social and psychological character," followed by detailed inquiry in light of the better definition.

46. The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

*RESPONSE:*
It is **denied** that the <u>causes of classwide losses</u> are susceptible to analysis and determination, at least without definition of "classwide losses" particularly in light of the two previous requests. Further, some of the damages were caused by massive amount of rain which fell during Katrina and was not pumped out of the bowl which is New Orleans. Those damages may not correspond with the Class designation or sub-class designations. Any in any event the possible losses described in Requests 44 and 45 cannot be analyzed without better definition.

47. The causes of the individual property losses suffered by members of the Class and the five Sub-Classes are susceptible to proof by way of a class trial.

*RESPONSE:*
It is **admitted** the <u>causes of individual property losses</u> are susceptible to proof by way of a class trial, but **deny** this determination can be made on the basis of the classes listed. Some of the damages were caused by massive amount of rain which fell during Katrina and was not pumped out of the bowl which is New Orleans. Those damages may not correspond with the Class designation or sub-class designations.

48.    The source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses.

**RESPONSE:**
Responders are not certain whether the source of inundation affecting any given property encompassed by the Class or a subclass is susceptible to analysis and determination by expert witnesses, and Responders cannot safely answer without an explanation of the methodology an expert planned use.

49.    The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

**RESPONSE:**
It is admitted the USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and sub-classes.

## RESPONSES TO LEVEE CLASS PLAINTIFFS' INTERROGATORIES

1.    For each request for admission you denied, or for which you qualified your answer, please provide the following: (I) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

**RESPONSE:**
BKI Vice President Michael Jackson and undersigned counsel, based on years of experience and general knowledge of New Orleans.

2.    If you contend that Fed. R. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

**RESPONSE:**
See Response to Request for Admission No. 9.

3.    If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please (I) set forth every fact you believe supports your contention, and (ii)

identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

## RESPONSE:
It is agreed that the claims of the representative parties would be typical of the claims of the class including the issue of whether damage was caused by flooding due to breaches or flooding due to rainfall not pumped out of New Orleans.

4. If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please (I) set forth every fact you believe supports your contentions, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

## RESPONSE:
Defendant does not have information to suggest that the Class Representatives will not fairly and adequately represent the interests of the Class.

5. Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you. If the answer is "none known at this time" please say so.

## RESPONSE:
Responders have received no claims forms or other information from plaintiffs. It is probable that some class members may have received more flooding from rainfall than either the Class Representatives or other Class Members. Otherwise, "none known at this time".

6. Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

## RESPONSE:
It is agreed that there are some questions of law or fact common to members of the Class, including Class Representatives.

7. Based upon the claims forms and/or all other information received to date, including the Complaint, please **(I)** identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and **(ii)** state whether and in what way you contend that such individual

questions predominate over questions that are common to the class members and the class representatives.

## *RESPONSE:*

As described in Answer to Interrogatory No. 5 and elsewhere in this response to written discovery, there is a significant question of the impact of rainfall flooding, and the amount of rainfall flooding will vary from Class Member to Class Member in a way that may not be consistent with the Classes as proposed. However, it is not contended that such individual questions predominate over questions to the Class Members and Class Representatives. Beyond that responders show that they have not made an extensive investigation into these issues in light of the court's granting Engineers' Peremption Motion and BK LLC's Motion to Dismiss, and CMO 4.

8. Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-a-vis the members of the Class and five Sub-Classes? If not, please **(I)** state in detail why you disagree, and **(ii)** describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

## *RESPONSE:*

It is agreed a class action trial is the superior method for the fair and efficient adjudication of the liability issues raised.

9. Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

## *RESPONSE:*

There likely will be numerous difficulties but those difficulties do not make the class action unmanageable.

10. Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

## *RESPONSE:*

**Objection 1 :** the request is not relevant nor does it lead to the discovery of admissible evidence relating to claims against BKI/Engineering defendants. The existence or non-existence of a form 95 has no bearing on the liability of an engineer. **Objection 2:** The requesting party has not served the responding parties with the document requested for authentication. **Objection 3:** Respondent does not have adequate information to answer the request, and is not required to make a reasonable

inquiry on the basis of Objections 1 and 2.

11.  Please describe in detail the ways in which the information contained in the form 95s described in the preceding interrogatory has been compiled and collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

*RESPONSE:*
Responders have no information, and cannot readily investigate, how the USA compiled, collected and organized information from Form 95s.

12.  Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

*RESPONSE:*
None.

13.  Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

*RESPONSE:*
Since the court has already ruled once that the claims against the Engineers are barred by peremption and most of the claims against the Engineers have already been dismissed on that basis, Responders have not made any significant effort to identify the sources of innundation. However, the IPET reports specifically describes the record rainfalls and the locations of that rainfall as a source of innundation. Additionally, the IPET report describes in detail the flooding caused by overtopping (as opposed to breaching) of the Inner Harbor Navigation Canal. See also BK, LLC response to earlier requests.

There is no Interrogatory No. 14.

15.  Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories and Request for Production.

*RESPONSE:*
Counsel, based on several discussions with Michael Jackson.

### RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

*RESPONSE:*
Responders do not have any Form 95s filed against the USACE.

2. Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

*RESPONSE:*
See Response to Request for Production No. 1.

3. Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

*RESPONSE:*
See Response to Request for Production No. 1.

4. Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2-4 above, or any of them.

*RESPONSE:*
None.

5. Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

*RESPONSE:*
None.

6.   Please produce a copy of every document consulted, obtained, or generated in connection with any activities describe in response to Interrogatory No. 12 above.

**RESPONSE:**
See the IPET report.

7.   Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE:**
Responders do not have any information that would establish the number of persons residing on August 28, 2005 in the geographical area encompassed by the Class or any Sub Class.

8.   Please produced a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Class definition, or any Sub-Class of it, since August 29, 2005.

**RESPONSE:** Responders do not have any such information.

9.   Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE:**
See the IPET report.

10.  Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE:**
See the IPET report.

11.  Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE:**
See the IPET report.

2. Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

***RESPONSE:***
See the IPET report.

3. Please produce each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

***RESPONSE:***
See the IPET report

4. Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the duration of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

***RESPONSE:***
See the IPET report.

5. Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the receding of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

***RESPONSE:***
See the IPET report.

6. Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Class definition, or any Sub-Class of it.

***RESPONSE:***
See the IPET report

s/Charles F. Seemann, Jr.
CHARLES F. SEEMANN, JR. (11912)
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, LA 70130-3672
Telephone:   (504) 581-5141
Facsimile:   (504) 566-1201
COUNSEL FOR BURK-KLEINPETER, INC.
AND BURK KLEINPETER, LLC.

## CERTIFICATE

I HEREBY CERTIFY that on April ___, 2007, I electronically filed the foregoing with the Clerk or Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Charles F. Seemann, Jr.
**CHARLES F. SEEMANN, JR.**