UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
| | SECTION: "K"(2) |
| PERTAINS TO: | |
| INSURANCE: *Meloncon*, 06-7962 | JUDGE: DUVAL |
| | MAGISTRATE: WILKINSON |

**MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO SEVER AND TRANSFER FROM IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION**

**MAY IT PLEASE THE COURT:**

Defendant, Republic Fire And Casualty Insurance Company ("Republic"), submits this *Memorandum in Support of Ex Parte Motion to Sever and Transfer from In Re: Katrina Canal Breaches Consolidated Litigation*, and respectfully requests this Honorable Court to sever this civil action from the *In Re: Katrina Canal Breaches Consolidated Litigation* (No. 05-4182) and transfer this matter back to Section "R", where this civil action was originally allotted. The claims asserted by plaintiff do not satisfy the criteria set forth by this Honorable Court in the

Minute Entry dated November 29, 2006 (Rec. Doc. 2034) and, therefore, this civil action should not have been transferred to Section "K" and consolidated herein.

**FACTUAL BACKGROUND**

On or about August 22, 2006, plaintiff, Alice Meloncon, filed a *Petition for Damages* ("Petition")(Rec.Doc 1-2 in 06-7962) in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiff filed this civil action against Republic seeking to recover for alleged damages to her dwelling and property located at "1024 Raymond Street, Metairie, Louisiana 70001." (Petition, ¶ 4). Plaintiff alleges that Hurricane Katrina caused extensive damage to her property, and as a result, plaintiff submitted a claim and demand to Republic (Petition, ¶ 7). Plaintiff asserts claims against Republic for additional payments under the Republic policy, statutory claims for damages and penalties under LSA-R.S. §§ 22:658 and 22:1220, and for policy limits should it be determined that plaintiff sustained a "total loss," presumably under the Louisiana Valued Policy Law, LSA-R.S. § 22:695. (Petition, ¶¶ 9-20, 23). At no place in the Petition does plaintiff claim or allege that her property was damaged as a result of flooding caused by a breach of a canal or levee or that her property was flooded as a result of the MR-GO. In fact, plaintiff's property did not sustain any damage as a result of flooding caused by the breach of a flood wall or levee or from the MR-GO.

The property that is the subject of this civil action is not located anywhere near the levee breaches in Orleans Parish or the MR-GO. The property that plaintiff alleges was damaged during Hurricane Katrina, and which forms the basis of this civil action, is a single family residence located at 1024 Raymond Street, Metairie, Louisiana 70001. The property is located in a neighborhood bordered to the north by Airline Highway, to the south by Earhart Expressway, to the east by Cleary Avenue, and to the west by Clearview Parkway. (See, Property Location

2

Map from Map Quest, attached as Exhibit "1"). This is an area that is known not to have flooded as a result of breaches in flood walls or levees, and it is an area known not to have been damaged by flood waters from the MR-GO.

This matter was transferred by Judge Sarah S. Vance to this Honorable Court on November 15, 2006 as part of a mass transfer with thirteen other lawsuits. (Rec.Doc. 9 in 06-7962). In the Order issued by Judge Vance, the following reason was provided for the mass transfer of cases: "The above captioned cases involve the Water Exclusion clause in plaintiffs' respective homeowner' insurance policies. Consistent with the practices of the Court in Katrina-related cases, this matter is transferred to Section K, where the same issue is pending in other cases, for resolution of the common issue." (Rec.Doc. 9 in 06-7962). Shortly thereafter, this Honorable Court issued the Minute Entry dated November 29, 2006 (Rec.Doc. 2034) in which it was ordered that if the parties are "invoking coverage under an All-Risk policy for flooding caused BY A BREACH OF A CANAL or are relying on a Water Damage Exclusion as a defense to a claim for flooding CAUSED BY A BREACH OF A CANAL under an All-Risk policy . . ." (Rec.Doc. 2034 at 7-8)(emphasis in original), then the civil action would be transferred and consolidated. On December 12, 2006, the instant civil action was subsequently consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*. (Rec.Doc. 11 in 06-7962).

## ARGUMENT

I. **THE ALLEGATIONS IN THE INSTANT CIVIL ACTION DO NOT MEET THE CRITERIA FOR TRANSFER AND CONSOLIDATION UNDER THE MINUTE ENTRY DATED NOVEMBER 29, 2006 (REC.DOC. 2034)**

Republic respectfully submits that this civil action should be severed from the *In Re: Katrina Canal Breaches Consolidated Litigation* and transferred back to Section "R", where this

civil action was originally allotted. The claims asserted by plaintiff do not satisfy the criteria set forth by this Honorable Court in the Minute Entry dated November 29, 2006 (Rec. Doc. 2034) and, therefore, this civil action should not have been transferred to Section "K" and consolidated herein. The criteria for transfer and consolidation were provided by this Honorable Court, as follows:

> **NOTICE TO ALL LITIGANTS INVOLVED IN**
> **ANY KATRINA-RELATED INSURANCE LITIGATION**
>
> **It is the intention of the Eastern District of Louisiana for any case concerning the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal to be transferred to Section "K" for consolidation with the In Re: Katrina Canal Breaches Consolidated Litigation . . .**
>
> **If you are invoking coverage under an All-Risk policy for flooding caused BY A BREACH OF A CANAL or are relying on a Water Damage Exclusion as a defense to a claim for flooding CAUSED BY A BREACH OF A CANAL under an All-Risk policy, you must move to transfer that case for consolidation to In Re: Katrina Canal Breaches Consolidated Litigation, C.A. No. 05-4182 "K" (2). Flooding caused by the failure of the pumping stations in Jefferson Parish are NOT INCLUDED in this litigation.**

Minute Entry dated November 29, 2006 (Rec. Doc. 2034 at 7-8)(emphasis in original).

The criteria set forth by this Honorable Court mandates that only those cases which involve "the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal" should be transferred and consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*. The instant civil action does not meet the criteria for transfer and consolidation as it does not "pertain to damage allegedly caused by a breach in a canal."

In should be noted that the decision by Judge Vance to transfer the instant matter was made prior to the issuance of the Minute Entry dated November 29, 2006 (Rec.Doc. 2034). In

4

another ruling in a separate case that was issued by Judge Vance after the November 29th Minute Entry was issued, the following decision was rendered:

> The Court has contacted the attorney for the plaintiff, reviewed the pleadings and has determined this matter does not fit under the In Re Katrina Canal Breaches Litigation C.A. No. 05-4182, as there are no allegations seeking recovery based upon the breach of a levee. ***This umbrella includes allegations of direct harm caused by the canal breaches—i.e. a suit against those parties allegedly responsible for the levees, and insurance issues which implicate a levee breach*** such as an allegation that the water damage exclusion in an all-risk policy is inapplicable when third party negligence is involved—i.e. negligent design and/or maintenance of a levee.

*Gulf Ventures Associates v. American Zurich Insurance Co.*, No. 06-8689 (E.D.La. December 21, 2006)(Vance, J.)(Rec.Doc. 8 in 06-8689)(emphasis added). Based upon the difference in the orders issued by Judge Vance in the instant civil action and in *Gulf Ventures*, the instant matter clearly would not have been transferred if the decision was made after the issuance of the November 29th Minute Entry.

The instant civil action clearly does not meet the criteria set forth by this Honorable Court in the November 29th Minute Entry for transfer and consolidation with the *In Re: Katrina Canal Breaches Consolidated Litigation.* The facts and issues in the instant civil action do not "concern[ ] the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal . . ." (Rec.Doc. 2034 at 7). Although plaintiff in the instant civil action allegedly sustained damage as a result of Hurricane Katrina, and seeks to recover for such damage, the property in question clearly did not sustain any damage as a result of water damage and/or flooding damage "allegedly caused by a breach in a canal." *Id*. Accordingly, this civil action should be severed and transferred back to Section "R", where this civil action was originally allotted.

## II. THE ALLEGATIONS IN THE INSTANT CIVIL ACTION DO NOT MEET THE CRITERIA FOR CONSOLIDATION UNDER RULE 42, FED.R.CIV.P.

As the facts of this case do not satisfy the criteria for transfer and consolidation set forth in the November 29th Minute Entry, there is no legal or practical justification for allowing the instant civil action to remain consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*. The consolidated litigation will necessarily involve substantial discovery, class action proceedings, and pre-trial motion practice regarding the design, construction and maintenance of the flood walls and levees surrounding Orleans and St. Bernard Parishes and the MR-GO, all of which will not apply to or have anything in common with the instant civil action. The consolidated litigation predominately will involve significant factual and legal issues that are not common to those in the instant civil action.

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of action and provides, *inter alia*, as follows:

> **(a) Consolidation.** When actions involving a ***common question of law or fact*** are pending before the court, it may order a joint hearing or trial of any and all the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

Rule 42, Fed.R.Civ.P. (emphasis added). Consolidation under Rule 42(a) is only appropriate for those actions involving a "common question of law or fact." The instant civil action and the consolidated litigation, however, are not "actions involving a common question of law or fact." The consolidation of the instant civil action with the consolidated litigation will not facilitate the administration of justice and does not result in the savings of time and effort, which are the principles underlying Rule 42. To the contrary, the continued consolidation of the instant civil action with the consolidated litigation will impose substantial unnecessary costs and expenses upon the parties. Accordingly, the consolidation of the instant civil action with the *In Re:*

*Katrina Canal Breaches Consolidated Litigation* does not comport with the letter and spirit of Rule 42(a).

## CONCLUSION

Considering the above, Republic respectfully requests this Honorable Court to sever this civil action from the *In Re: Katrina Canal Breaches Consolidated Litigation* and transfer this matter back to Section "R", where this civil action was originally allotted.  The claims asserted by plaintiff do not satisfy the criteria set forth by this Honorable Court in the Minute Entry dated November 29, 2006 (Rec. Doc. 2034) and, therefore, this civil action should not have been transferred to Section "K" and consolidated herein.

                    Respectfully submitted,

                    **LARZELERE PICOU WELLS**
                        **SIMPSON LONERO, LLC**
                    Suite 1100 - Two Lakeway Center
                    3850 N. Causeway Boulevard
                    Metairie, LA   70002
                    Telephone:     (504) 834-6500
                    Fax:  (504) 834-6565

**BY:**    */s/ Christopher R. Pennison*
           **JAY M. LONERO, T.A. (No. 20642)**
                jlonero@lwp-law.com
           **CHRISTOPHER R. PENNISON (No. 22584)**
                cpennison@lwp-law.com
           **ANGIE ARCENEAUX AKERS (No. 26786)**
                aakers@lwp-law.com

           **ATTORNEYS FOR REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

8

**CERTIFICATE OF SERVICE**

     I hereby certify that on this  1st  day of May, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                      */s/ Christopher R. Pennison*