UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:  *Lucien*, 06-9852 | *   CIVIL ACTION<br>*<br>*   NO. 05-4182<br>*<br>*   SECTION: "K"(2) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF DEFENDANT MERITPLAN'S
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION

Defendant Meritplan Insurance Company, misnamed as Balboa Insurance Company ("Meritplan"), submits this Memorandum in Support of its Motion to Dismiss, or in the Alternative, to Stay the above-captioned action. This case should be dismissed due to the plaintiff's duplicative lawsuit entitled *Kathleen and Peter Terrebonne, et al. v. Allstate Insurance Company, et al.*, Civil Action No. 06-4697, which is presently pending in Section "R" of this Court (the "*Terrebonne* Case").

### FACTS AND PROCEDURAL HISTORY

On August 25, 2006, Kathleen Lucien, as a named class representative, filed her class action complaint in the *Terrebonne* Case against Meritplan (incorrectly named as Balboa) as a defendant. *See Terrebonne* Complaint, attached as Ex. A. In her *Terrebonne* complaint, Lucien seeks to represent a class of persons whose property in Louisiana was damaged by Hurricane Katrina and who suffered a total loss:

> All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with BALBOA INSURANCE COMPANY [MERITPLAN], who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.

*Terrebonne* Complaint, Ex. A, at ¶ V(7).

The alleged common questions of law and fact in the *Terrebonne* Case include: (1) whether the insurance policies at issue are subject to the Louisiana Valued Policy Law ("VPL"), La. Rev. Stat. § 22:695(A); (2) whether the defendant insurer placed a valuation on the covered property and used the valuation for purposes of determining the policy premium; (3) whether plaintiffs suffered a "covered loss of, or damage to" the covered property pursuant to the VPL; (4) whether the immovable property was rendered a total loss by Hurricane Katrina; (5) whether plaintiffs bear the burden of proof under the VPL; (6) whether plaintiffs are entitled to recover the full face value of their policies; and (7) the effect of rebuttable presumptions under the VPL. *Terrebonne* Complaint, Ex. A, at ¶ VII.

Later on August 25, 2006, Lucien fax filed her Petition (the "Petition") in this case in the Civil District Court for the Parish of Orleans. Her suit was then timely removed to this Court.[1] In her Petition in this case, Lucien claims that her "property sustained damage as a result of the catastrophic events of August 29, 2005 and the following days." Petition, attached as Ex. B. at ¶ II. "As a result of Hurricane Katrina, [Plaintiff alleges] the property of [Plaintiff] was severely damaged, resulting in a total loss." Petition, Ex. B, at ¶ III. According to Lucien, "[U]nder La. R.S. 22:695 [the Louisiana Valued Policy Law], [Meritplan] is liable for the policy limits of

---

[1] This court denied Lucien's motion to remand this case on March 8, 2007. Docket No. 9.

[Plaintiff's] total losses." Petition, Ex. B, at ¶ XII. In addition, Lucien alleges that Meritplan's refusal to pay for these covered losses means that Meritplan "is liable under the duty of good faith and fair dealing under La. R.S. 22:1220. . . ." Petition, Ex. B, at ¶ XVI

## LAW AND ARGUMENT

Lucien has improperly brought two actions against Meritplan based on the same set of operative facts, and asserting essentially the same claims. To conserve judicial resources, foster comity of federal courts, and prevent against harassing litigation, this Court should dismiss this second, duplicative action under the "first to file rule." The Court should dismiss this action, which is the second action that Lucien filed, and require Lucien to pursue all of her claims against Meritplan in the *Terrebonne* Case, in which Lucien is a named plaintiff and putative class representative.

"The federal courts have long recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – too exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-729 (5th Cir. 1985) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952); *Covell v. Heyman*, 111 U.S. 176 (1884)). Pursuant to this principle, the Fifth Circuit adopted the Supreme Court's instruction in *Colorado River* to avoid duplicative litigation by following the "first to file rule." *West Gulf*, 751 F.2d at 728-729 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf*, 751 F.2d at 729 (citations omitted). To foster these goals, "a district court

may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.*

The duplicative suits need not have identical parties or issues in order for dismissal to be appropriate. If there is a substantial overlap between the two actions, the court in which the subsequently filed action is pending should dismiss or stay the second action. *West Gulf*, 751 F.2d at 730 (finding incomplete identity of parties does not mandate two "essentially identical" actions when complete relief is available in one forum and the missing parties could be added to the action in that forum); *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 705-751 (5th Cir. 1997); *Nat'l Health Fed'n v. Weinberger*, 518 F.2d 711 (7th Cir. 1975) (dismissing the seond-filed action even though it involved different plaintiffs than the first-filed action); *Watershed Software Group, LLC v. Camping Co., Inc.*, 2002 WL 31528464, at *4 (E.D. La. Nov. 8, 2002).

Lucien filed the first action (the *Terrebonne* class action) in federal court at 11:02 a.m. on August 25, 2006. *See,* Ex A. She fax filed her second lawsuit (this action) at 3:48 p.m. on August 25, 2006 and subsequently delivered a paper copy to the Clerk of Court for the Civil District Court for Orleans Parish on August 28, 2006. Ex. B. The first filed action is the *Terrebonne* class action.

Lucien's two actions involve nearly identical claims against the same defendant, Meritplan. In both her individual and class action, Lucien asserts the same claim – that Meritplan is liable for the policy limits for property damage sustained as a result of Hurricane Katrina under the Louisiana Valued Policy Law. The only differences between her two actions are the nature of the actions, class versus individual, and the addition of a bad faith claim in the

individual action. Therefore, the overlap between the issues and parties involved in both suits are undoubtedly substantial.

Allowing Lucien to pursue virtually identical claims in two different courts, with two different sets of pleadings, discovery proceedings, motions and eventual trials wastes the already strained judicial resources of this Court, as well as the those of the defendant. The duplicative actions may also result in inconsistent rulings, requiring further attention by the judiciary. This type of duplicative action is exactly what the Supreme Court and Fifth Circuit have protected against for more than fifty years. Pursuant to the Fifth Circuit's mandate under the first to file rule, Lucien's individual action must be dismissed or stayed.

The necessity of this result is also mandated by the principles of *res judicata*. "A main purpose behind the rule preventing claim splitting is to protect the defendant from bring harassed by repetitive actions based on the same claim." *Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996), *citing, Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995)). Meritplan should also not be harassed by Lucien's repetitive lawsuits based on property damage from Hurricane Katrina.

The Louisiana Code of Civil Procedure also expressly requires plaintiffs to "assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." La. Code Civ. P. art. 425(A). Under Article 425, all of a plaintiff's claims arising out of the same factual transaction or occurrence must be asserted in the same suit. *Davis v. Teleflex, Inc.*, 137 Fed.Appx. 714, 715 (5th Cir. 2005); *Matsushita Elec. Corp. of Am. v. Adams*, 2006 WL 851187, at *5 (E.D. La. March 14, 2006); *Westerman v. State Farm Mut. Auto. Ins. Co.*, 2001-2159 (La.App. 1 Cir. 9/27/02); 834 So.2d 445, 448. State laws, such as Article 425, which

determine whether a cause of action has been improperly split, are considered to be substantive in nature; not procedural. *See Hayes v. T.G. Solomon*, 597 F.2d 958, 983 (5th Cir. 1979). Since this action was removed based on diversity jurisdiction, the Louisiana anti-claim splitting Article 425 controls, and prohibits Lucien from bringing two actions based on the same transaction or occurrence. *Id.*

### Conclusion

Both Fifth Circuit precedent and the Louisiana anti-claim splitting Article warrant dismissal of this case, which is Lucien's second, duplicative action against Meritplan. Lucien's individual and class action are both based on the amount of property damage incurred by Lucien as a result of Hurricane Katrina. Judicial efficiency, conservation of resources, comity and protection from harassing litigation mandate dismissal of this action. Accordingly, Meritplan respectfully requests this Court to dismiss or stay the current litigation.

Respectfully submitted, this ___ day of May, 2007.

_____
STEPHEN W. RIDER, T.A. (La. #02071)
LAUREN E. CAMPISI (La. #29787)
**McGLINCHEY STAFFORD, PLLC**
643 Magazine Street
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
**ATTORNEYS FOR DEFENDANT
MERITPLAN INSURANCE COMPANY,
misnamed as Balboa Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been served upon all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed, this ___ day of May, 2007.

_____
STEPHEN W. RIDER

689983.1