

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 25  AM 11: 02

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

KATHLEEN AND PETER TERREBONNE,  
HERMAN WALTON, PATRICIA BORJA,  
KENNY AND LYNN REICHERT,  
SHIRLEY WALKER, FAY EBEYER,  
LOUIS AND DEBBIE BOURG,  
HAROLD WILHELMUS, KATHLEEN LUCIEN,  
ESTATE OF EDWARD NICHOLSON,  
MARIE SMITH, DUANE DENNIS,  
ESTATE OF ODILE HOWARD, and  
CLARENCE MCLAUGHLIN, Individually and  
On behalf of all others similarly situated  

CASE NUMBER:

DIVISION:

**06-4697**
**SECT. I MAG 3**

VERSUS

MAGISTRATE:

ALLSTATE INSURANCE COMPANY,  
STATE FARM FIRE AND CASUALTY COMPANY,  
LOUISIANA CITIZENS PROPERTY INSURANCE  
CORPORATION,  
LIBERTY MUTUAL INSURANCE COMPANY,  
THE HARTFORD INSURANCE COMPANY,  
METROPOLITAN PROPERTY & CASUALTY  
INSURANCE COMPANY,  
BALBOA INSURANCE COMPANY,  
FARMERS AND MERCHANTS INSURANCE COMPANY,  
ASSURANT INSURANCE COMPANY,  
UNITED FIRE AND CASUALTY COMPANY,  
HANOVER INSURANCE COMPANY, and  
THE TRAVELERS CASUALTY INSURANCE  
COMPANY OF AMERICA

Fee $35.00
Process
X Dktd
__ CtRmDep
__ Doc. No

EXHIBIT
A

## CLASS ACTION COMPLAINT

**NOW INTO COURT**, through undersigned counsel, pursuant to Federal Rule of Civil procedure 23(a) and (b)(1), come KATHLEEN AND PETER TERREBONNE, HERMAN WALTON, PATRICIA BORJA, KENNY AND LYNN REICHERT, SHIRLEY WALKER, FAY EBEYER, LOUIS AND DEBBIE BOURG, HAROLD WILHELMUS, KATHLEEN LUCIEN, ESTATE OF EDWARD NICHOLSON, MARIE SMITH, DUANE DENNIS, ESTATE OF ODILE HOWARD, and CLARENCE MCLAUGHLIN, all persons of the full age of majority and citizens of the State of Louisiana, who individually and on behalf of all others similarly situated represent as follows:

I.

Plaintiffs herein are residents of the State of Louisiana, who at all material times hereto, including on August 29, 2005, owned immovable property located in the State of Louisiana, which was insured by the below listed defendants under a homeowner's policy:

A. **KATHLEEN AND PETER TERREBONNE, insured by ALLSTATE INSURANCE COMPANY;**
B. **HERMAN WALTON, insured by STATE FARM FIRE AND CASUALTY COMPANY;**
C. **PATRICIA BORJA, insured by LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION;**
D. **KENNY AND LYNN REICHERT, insured by ALLSTATE INSURANCE COMPANY;**
E. **SHIRLEY WALKER, insured by LIBERTY MUTUAL INSURANCE COMPANY;**
F. **FAY EBEYER, insured by ALLSTATE INSURANCE COMPANY;**
G. **LOUIS AND DEBBIE BOURG, insured by THE HARTFORD INSURANCE COMPANY;**
H. **HAROLD WILHELMUS, insured by MET. PROP. & CAS. INS. COMPANY;**
I. **KATHLEEN LUCIEN, insured by BALBOA INSURANCE COMPANY;**
J. **ESTATE OF EDWARD NICHOLSON, insured by FARMERS INSURANCE COMPANY;**
K. **MARIE SMITH, insured by ASSURANT INSURANCE COMPANY;**
L. **DUANE DENNIS, insured by UNITED FIRE;**
M. **ESTATE OF ODILE HOWARD, insured by HANOVER INSURANCE COMPANY; and**
N. **CLARENCE MCLAUGHLIN, insured by THE TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA.**

II.

Made defendants herein are:

2

A. Defendant Allstate Insurance Company (hereinafter referred to as "Allstate"), a foreign insurer organized and existing under the laws of the State of Illinois and doing business in the State of Louisiana who be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd,, Baton Rouge, LA 70809.

B. Defendant State Farm Fire & Casualty Company (hereinafter referred to as "State Farm"), a foreign insurer organized and existing under the laws of the State of Illinois and doing business in the State of Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

C. Defendant Louisiana Citizens Property Insurance Corporation (hereinafter referred to as "LA FAIR Plan"), an insurer domiciled in the State of Louisiana who can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809, or at their place of business at 433 Metairie Road, Suite 400, Metairie, LA 7005, or at their official mailing address P.O. Box 60730, New Orleans, LA 70160.

D. Defendant Liberty Mutual Insurance Company (hereinafter referred to as "Liberty Mutual"), a foreign insurer organized and existing under the laws of the State of Massachusetts and doing business in the State of Louisiana who can be served through their registered agent for service of

3

process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

E. Defendant The Hartford Insurance Company (hereinafter referred to as "Hartford"), a foreign insurer organized and existing under the laws of the State of Connecticut and doing business in the State of Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

F. Defendant Metropolitan Property and Casualty Insurance Company (hereinafter referred to as "MetLife"), a foreign insurer organized and existing under the laws of the State of Rhode Island and doing business in the State of Louisiana who can be served through their registered agent for service of process, C T CORPORATION SYSTEM, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

G. Defendant Balboa Insurance Company (hereinafter referred to as "Balboa"), a foreign insurer organized and existing under the laws of the State of California and doing business in the State of Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

H. Defendant Farmers and Merchants Insurance Company (hereinafter referred to as "Farmers"), a foreign insurer organized and existing under the laws of the State of Massachusetts and doing business in the State of

Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

I. Defendant Assurant Insurance Company (hereinafter referred to as "Assurant"), a foreign insurer organized and existing under the laws of the State of New York and doing business in the State of Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

J. Defendant United Fire and Casualty Company (hereinafter referred to as "United Fire"), a foreign insurer organized and existing under the laws of the State of Iowa and doing business in the State of Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

K. Defendant Hanover Insurance Company (hereinafter referred to as "Hanover"), a foreign insurer organized and existing under the laws of the State of New Hampshire and doing business in the State of Louisiana who can be served through their registered agent far service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

L. Defendant Travelers Casualty Insurance Company of America (hereinafter referred to as "Travelers"), a foreign insurer organized and existing under the laws of the State of Connecticut and doing business in

the State of Louisiana who can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

M.     The foregoing Defendants will hereinafter be collectively referred to as the "Insurance Company Defendants."

## JURISDICTION

### III.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), because plaintiffs are citizens of the state of Louisiana and of the Eastern District, defendant is a citizen of a state other than Louisiana, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs as to plaintiffs and each member of the proposed class.

Alternatively, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because this is a class action in which there is at least minimal diversity and the matter in controversy exceeds the sum of Five Million Dollars ($5,000,000.00), exclusive of interests and costs.

## VENUE

### IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because all immovable properly that is the subject of this action is located in the Eastern District of Louisiana, all damage to said immovable property occurred in the Eastern District of Louisiana, plaintiffs reside in the Eastern District of Louisiana, and the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

## CLASS ALLEGATIONS

### V.

Plaintiffs propose to proceed on behalf of the following class:

*All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place on August 29, 2005 a fire (homeowner's) insurance policy, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

Plaintiffs propose to proceed on behalf of the following sub-class:

1. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with ALLSTATE INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

2. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with STATE FARM FIRE AND CASUALTY COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

3. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

4. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with LIBERTY MUTUAL INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

5. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with THE HARTFORD INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

6. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

7. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a*

*fire (homeowner's) insurance policy with BALBOA INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

8. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with FARMERS AND MERCHANTS INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

9. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with ASSURANT INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

10. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with UNITED FIRE AND CASUALTY COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

11. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with HANOVER INSURANCE COMPANY, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

12. *All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place an August 29, 2005 a fire (homeowner's) insurance policy with TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss.*

## NUMEROSITY

### VI.

This action is maintainable as a class action because the size of the class, upon information and belief, is so numerous that joinder of all members would be impracticable. This level of numerosity is better handled through the class action procedure.

## COMMON QUESTIONS OF LAW AND FACT

### VII.

Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class are:

(i) whether the homeowner's insurance policy issued by defendant to plaintiffs (and the policies of all those similarly situated) is subject to La.

R.S. 22:695(A), Louisiana's "Valued Policy Law" (VPL), which provides:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

(ii) whether defendant placed a valuation on the covered property (and on the covered properties of all those similarly situated) and used such valuation for purposes of determining the premium charges to be made under the policy;

(iii) whether plaintiffs (and all those similarly situated) suffered a "covered loss of, or damage to" the covered property pursuant to La. R.S. 22:695(A);

(iv) whether the immovable property owned by plaintiffs (and those similarly situated) has been rendered a "total loss" by Hurricane Katrina, as defined by Louisiana law;

9

(v) whether plaintiffs (and those similarly situated) are required to bear the burden of proof under La. R.S. 22:695(A);

(vi) whether plaintiffs (and those similarly situated) are entitled, under La. R.S. 22:695(A), to recover the full value stated on the face of their policies;

(vii) whether plaintiffs (and those similarly situated) are entitled, under La. R.S. 22:695(A) to a rebuttable presumption to recover the full value on the face of their policies;

(viii) whether plaintiffs (and those similarly situated) are entitled, under La. R.S. 22:695(A)'s rebuttable presumption, to recover the full value unless the Insurer can prove that a non-covered peril caused the entire total loss;

## TYPICALITY

### VIII.

The claims of the class representatives are typical of the claims of the class. Plaintiffs are owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place on August 29, 2005 homeowner's insurance policies with defendants, whereby defendants placed valuations on the covered properties and used such valuations for the purposes of determining the premiums to be charged. Furthermore, the immovable property owned by plaintiffs (and the immovable properties of all those similarly situated) sustained a covered loss or damage, and such property (and the immovable properties of all those similarly situated) was rendered a total loss as a result of Hurricane Katrina.

## CLASS REPRESENTATIVES

### IX.

Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs, the class representatives herein, have retained counsel who are skilled and experienced in the prosecution of class action litigation, and who will adequately handle thus action in an expeditious manner to the best interests of all members of the class.

## SUPERIORITY

### X.

A class action is a superior vehicle for the fair and efficient adjudication of this litigation, because individual joinder of all class members is impracticable and would be expensive and unduly burdensome on individual class members, defendants, and the court system. Additionally, because of the disparity of resources available to the defendants, as compared to those available to individual class members, prosecution of separate actions would work a financial hardship on many class members. Finally, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, and would substantially impair their ability to protect their interests.

### XI.

Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure; Rule 23(b)(3) and/or Rule 23(b)(1)(A), and the class action mechanism is the superior method for handling this litigation.

## FACTUAL ALLEGATIONS

### XII.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a Category 3/4 hurricane bearing sustained winds of 140 miles per hour.

## XIII.

Plaintiffs' homes (and the homes of all others similarly situated) sustained loss or damage from the following non-exclusive list, which are covered perils under the policies issued by defendant(s):

1. *Wind storm;*
2. *Water;*
3. *Civil authority;*
4. *Third party negligence; and*
5. *Loss of use.*

## XIV.

As a result of the above, plaintiffs (and all others similarly situated) sustained substantial damage to their home, rendering them a total loss or a constructive total loss.

## XV.

Defendants placed or should have placed a valuation upon the covered immovable property owned by plaintiffs (and on the covered properties of all others similarly situated).

## XVI.

Defendants used or should have used such valuation for purposes of determining the premium charges to be made under the policy covering plaintiffs' immovable property (and under the policies covering the immovable properties of all those similarly situated).

## XVII.

Defendants did not use a different method in the computation of the loss of the covered immovable property owned by plaintiffs (or of the covered immovable properties owned by all others similarly situated).

## XVIII.

The homeowner's insurance policies, and any application therefore, issued by defendants to plaintiffs (and policies and applications of all others similarly situated) did not set forth in type of equal size a different method which was actually used in the loss computation.

## XIX.

The defendants have failed to present evidence, which is their duty under Louisiana law, to prove that the total loss and/or constructive total loss was not caused by the covered perils listed in their policies. Pursuant to LA R.S. 22:695 and Louisiana jurisprudence, the insured(s) are relieved of that burden, until such time as the insurer(s) have produced competent evidence to the contrary.

## XX.

Accordingly, plaintiffs (and all others similarly situated) are entitled to recover the face value stated in their homeowner's insurance policies insuring their covered immovable property, without deduction or offset, pursuant to La. R.S. 22:695(A).

## XXI.

This Complaint presents purely state-law issues whose resolution depends solely on the interpretation and application of a single Louisiana statute: La. R.S. 22:695(A).

## XXII.

Plaintiffs, individually and on behalf of all those similarly situated, request a trial by jury.

WHEREFORE, plaintiffs, individually and on behalf of all those similarly situated, pray that this matter be certified as a class action in accordance with Federal Rules of Civil Procedure, Rule 23(b)(3) and/or Rule 23(b)(1)(A), and after all legal delays and due proceedings are had,

hat there be judgment in favor of plaintiffs and all others similarly situated, and against defendant, for (1) the face value stated in their fire (homeowner's) insurance policy insuring their covered immovable property, without deduction or offset; (2) Alternatively, a judgement delineating the legal presumption of LA R.S. 22:695 and the burden of the Insurer(s); (3) pre-judgment and post judgment interest; (4) all costs of these proceedings; (5) a trial by jury; and (6) all general and equitable relief.

**RESPECTFULLY SUBMITTED,**

**THE LAW OFFICE OF KEITH COUTURE**

**KEITH COUTURE, #22759**
**PETER J. DIIORIO, #29837**
**SAMUEL BEARDSLEY, #22252**
**1341 West Causeway Approach**
**P.O. Box 2381**
**Mandeville, LA 70470-2381**
**(985) 674-4428**
**(985) 867-9540 Fax**