

**Keith Couture**
Attorney at Law

Keith Couture
Samuel Beardsley
Peter DiIorio, *of Counsel*

1341 W. Causeway Approach
P.O. Box 2381
Mandeville, LA 70470-2381
Northshore (985) 674-4428
Southshore (504) 279-8555
Fax (985) 674-4462
www.couturelaw.net

Brandi R. Culotta, *Paralegal*
Rhonda C. Couture, R.N.
Paulette A. Calcagno, *Legal Secretary*

FILED 2006 AUG 25 P 3:48
CIVIL DISTRICT COURT

**DATE:** August 25, 2006
**ATTN:** NEW SUIT FILING
**FAX NO.:** 504.592.9128
**REFERENCE:** KATHLEEN LUCIEN vs. BALBOA INSURANCE COMPANY
**FROM:** Keith Couture, Esq.

**NUMBER OF PAGES TO BE TRANSMITTED (INCLUDING COVER SHEET)** 6

**MESSAGE:**

**CONFIDENTIALITY NOTICE**

This facsimile transmission and/or documents accompanying it may contain confidential information belonging to the sender which is protected by the Attorney Client Privilege. This information is intended only for the use of the individual or the entity to whom this transmission is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

**THIS INFORMATION IS / IS NOT BEING MAILED**

**PLEASE CALL** _____ **AT 504-279-8555 SHOULD YOU HAVE ANY QUESTIONS**



EXHIBIT B

# CLERK OF CIVIL DISTRICT COURT COVER SHEET

**PLAINTIFFS** (Name of first plaintiff listed)
KATHLEEN LUCIEN

**DEFENDANTS** (Name of first defendant listed)
BALBOA INSURANCE COMPANY

**PARISH OF RESIDENCE OF FIRST LISTED PLAINTIFF**

**PARISH OF RESIDENCE OF FIRST LISTED DEFENDANT**

2006 AUG 29

**ATTORNEYS** (Firm Name, Address, & Telephone No.)
KEITH COUTURE, ESQ.
1341 W. Causeway Approach
Mandeville, LA 70471
(985) 674.4428

**TO BE FILED IN CIVIL CLERK'S OFFICE**
CASE NO. _____ DISTRICT _____
DIVISION _____
JURY DEMAND _____ (yes or no)

| PROBATE | CONTRACT | SPECIAL PROCEEDING | TORTS - PERSONAL INJURY | STATUS & DOMESTIC |
|---|---|---|---|---|
| ___110 Simple Possession (No will) | ___210 Open Account | ___310 Injunction | ___410 Motor Vehicle | ___510 Separation |
| ___115 Petition to Probate Will (with administration) | ___215 Breach of Contract | ___315 Declaratory Judgment | ___415 Motor Vehicle - Product Liability | ___515 Divorce |
| ___120 Petition to Probate Will (without administration) | ___220 Suit on Note | ___320 Judicial Review Zoning | ___420 Product Liability - Other | ___520 Annulment |
| ___125 Petition to Search for Will | ___225 Suit on Note with Foreclosure of Chattel Mortgage | ___325 Mandamus (non-real estate) | ___425 Medical Malpractice | ___525 Custody (not filed with separation or divorce) |
| ___130 Other | ___230 Suit for Earned Wages | ___330 Election Suit | ___430 Premises (liability for premises) | ___530 Disavowment Of Paternity |
| | ___235 Suit for Accounting | ___335 Minor's Settlement | ___435 Marine | ___535 Suit to Establish Paternity |
| | ___240 Other | ___340 Concursus | ___440 Intentional Tort | ___536 Child Support |
| **LABOR** | **IMMOVABLE PROPERTY** | ___345 Petition for Discovery | ___445 Defamation | ___540 Name Change |
| ___610 Joint Petition for Workmen's Compensation | ___710 Suit on Note with Foreclosure of Mortgage | ___350 Petition for Writ for Sequestration | ___450 Other | ___545 Emancipation |
| ___615 Judicial Review | ___720 Suit to Rescind Sale or for Refund of Purchase Price | ___355 Petition to Make Judgment Executory | ___455 Asbestos | ___550 Interdiction |
| ___620 Workmen's Compensation | ___725 Suit for Specific Performance | ___360 Tax Suit | ___460 Class Action | ___555 Commitment |
| ___625 Other | ___730 Declaratory Judgment | ___365 Petition to Become Notary | | ___560 Petition to Appoint Curator |
| | ___735 Rent and/or Eviction | ___370 Other | | ___565 Partition of Community (separate Action) |
| | ___740 Expropriation | | | ___570 Marital Agreement |
| | ___745 Mandamus to Cancel Mortgage | | | ___575 Pet. To make Judgment Executory (Domestic) |
| | _X_ 750 Other | | | ___580 Other |

Check if this is a CLASS ACTION ___ under ___

Check [X] in if demanded in complaint:

Demand $ _____
Other _____

**RELATED CASE (S) IF ANY**
JUDGE _____
CASE NO. _____
CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVES:
1. Property included in an earlier numbered pending suit
2. Same issue of fact or grows out of the same transaction
3. Validity or infringement of the same patent copyright or trademark

CIVIL DISTRICT COURT

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 06-9091     DIVISION: F-10

KATHLEEN LUCIEN

VERSUS

BALBOA INSURANCE COMPANY

FILED: _____    _____
                                    DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, come Petitioner Kathleen Lucien, a person of the age of majority, and a citizen of and domiciled in the Parish of Orleans at the date of loss, who respectfully represents that:

I.

Made defendant herein is BALBOA INSURANCE COMPANY, a foreign insurer domiciled in the State of California and doing business in the State of Louisiana.

II.

Petitioner Kathleen Lucien is the owner of immovable property with improvements located thereon, all said property being located at 4009 Cessna Court, New Orleans, Louisiana, in the Parish of Orleans, all of which property sustained damage as a result of the catastrophic events of August 29, 2005 and the following days. On June 26, 2006, Petitioner made amicable demand for $86,405.21 in covered damages.

III.

As a result of Hurricane Katrina, the property of Petitioner was severely damaged, resulting in a total loss.

IV.

Petitioner had contracted a Homeowners Insurance Policy for the property with Defendant, which was on the date of loss, and still is, in full effect.

V.

Petitioner's losses were caused by covered perils, the efficient causes of their losses were covered perils, and the efficient and proximate causes of loss were covered perils.

## VI.

Petitioner paid all premiums due under the policy and materially performed the obligations under those policies.

## VII.

Satisfactory proofs of loss and amicable demands have been made by Petitioner to Defendant, but to no avail.

## VIII.

Upon proper and repeated demands by Petitioner, Defendant has refused to meet its obligations under the policies and refused to pay the full amount of damages due Petitioner.

## IX.

Despite timely notice and other information provided by Petitioner, Defendant has refused to establish property-loss reserves.

## X.

As a direct and proximate result of the breaches by Defendant, Petitioner was deprived of the benefit of insurance coverage for which Defendant was paid substantial premiums and, accordingly, Petitioner has suffered substantial damages.

## XI.

Petitioner seeks specific performance of the insurance contracts and an accounting for payments due thereon and for indemnities for losses suffered as a result.

## XII.

Under La. R.S. 22:695, Defendant is liable for the policy limits of Petitioner's total losses.

## XIII.

Defendant is liable for damages due to wind and water damages and all resulting from such damages, whether or not these damages involved concurrent causes.

## XIV.

Defendant was aware of the law which made them liable for damages in such an

2

event.

## XV.

The dominant and efficient cause of the losses due to water entering Orleans Parish beginning on August 29, 2005 from the breaches in the flood walls along the Industrial Canal and the levees along the Mississippi River Gulf Outlet was acts of negligence and "windstorm," standard covered perils in the defendants' homeowners insurance policies, and do not fall within the exclusion of "rising water", "act of God", and "other causes" standard excluded perils in the defendant's homeowner insurance policies.

## XVI.

Defendant is liable under the duty of good faith and fair dealing under La. R.S. 22:1220, for the following acts:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

Accordingly, Petitioner is entitled to both general and special damages for Defendant's breach of this imposed duty, and Petitioner should be awarded penalties assessed against the insurer.

## XVII.

Defendant is further liable under La. R.S. 22:658, which requires the insurer to "make a written offer to settle any property damage claim ... within thirty days after receipt of satisfactory proofs of loss of that claim."

## XVIII.

Petitioner seeks damages for interest, punitive damages provided by statutes, attorney fees and expenses.

## XIX.

As a result of the injuries sued upon, Petitioner has incurred damages, injuries, inconvenience, physical discomfort, pain and suffering, past, present and future mental anguish.

## XX.

Petitioner specifically pleads the Doctrine of Respondeat Superior and Res Ipsa

3

Loquitur.

WHEREFORE, Petitioner prays that Defendant be duly cited and that after due proceedings be had, there be judgment herein in favor of Petitioner, Kathleen Lucien, and against Defendant, Balboa Insurance Company, for specific performance of the insurance contract in question and an accounting for payments due thereon and for indemnity for losses suffered as a result, as well as both general and special damages, punitive damages provided by statute, attorney fees and expenses, and other relief entitled to by law.

RESPECTFULLY SUBMITTED,

THE LAW OFFICE OF KEITH COUTURE
KEITH COUTURE, #22759
PETER J. DIIORIO, #29837
SAMUEL BEARDSLEY, #22252
1341 West Causeway Approach
Post Office Box 2381
Mandeville, LA 70470-2381
(985) 674-4428
(985) 674-4462 fax

**PLEASE SERVE:**

Balboa Insurance Company
Through the Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809

4