UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 |
| | * | SECTION: "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| _____ | * | |
| | * | |
| PERTAINS TO: INSURANCE (06-4173) | * | |
| | * | |
| ERIN BURKS v. PRUDENTIAL, et al. | * | |
| *    *    *    *    *    *    *    * | * | |

**LIBERTY MUTUAL INSURANCE COMPANY'S and PRUDENTIAL INSURANCE
COMPANY OF NORTH AMERICA D/B/A PRUDENTIAL FINANCIAL GROUP'S
ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

COMES NOW THE DEFENDANTS, LIBERTY MUTUAL INSURANCE COMPANY

("Liberty Mutual") and PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA D/B/A

PRUDENTIAL FINANCIAL GROUP ("Prudential"), Write-Your-Own Program insurance carriers

participating in the United States government's National Flood Insurance Program, pursuant to the

National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in their "fiduciary"[2]

---

[1]  42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. §62.23(f).

1

capacity as the "fiscal agent of the United States"[3] to file this Answer and Affirmative Defenses to the Plaintiff's First Supplemental and Amending Complaint, to wit:

### 1.

The allegations in paragraph I of the First Supplemental and Amending Complaint are largely directed toward other defendants in this matter and to the extent that said allegations are directed toward other defendants, they are denied due to lack of sufficient information upon which to base a belief. To the extent that the allegations contained in paragraph I are directed toward Prudential and Liberty Mutual, they are denied.

### II.

The allegations in paragraph II of the First Supplemental and Amending Complaint are denied.

### III.

The allegations in paragraph III of the First Supplemental and Amending Complaint are denied.

### IV.

Prudential and Liberty Mutual deny that the Plaintiff is entitled to any of the relief sought in her prayer for relief following paragraph III of her First Supplemental and Amending Complaint for Damages.

AND NOW, IN FURTHER ANSWER, come Defendants, Prudential and Liberty Mutual, to assert the following Affirmative Defenses, to wit:

---

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

**FIRST DEFENSE**

The Plaintiff fails to state a claim for which relief may be granted against Defendants, Liberty Mutual and Prudential.

**SECOND DEFENSE**

The Plaintiff has no cause of action and no right of action against Defendants, Liberty Mutual and Prudential.

**THIRD DEFENSE**

The Petition of the Plaintiff is vague and ambiguous as against Defendants, Liberty Mutual and Prudential.

**FOURTH DEFENSE**

Federal law governs the SFIP, not state law. See 44 C.F.R. part 61, App. A(1), Art. IX.

**FIFTH DEFENSE**

Federal law requires an application and a premium payment to be submitted at the same time in order for a policy to be issued.  See 44 C.F.R.§§ 61.4;  61.5(b); 61.11; and 44 C.F.R. Part 61, App. A(1), Article I and Article II, Definition (3).  If no premium was submitted for a particular coverage, then federal law prohibits the issuance or the increase of such coverage.

**SIXTH DEFENSE**

Liberty Mutual and Prudential cannot be liable under state law for obeying the mandates of federal law.

**SEVENTH DEFENSE**

At all material times herein, the acts of Liberty Mutual and Prudential fell within the scope of the "Arrangement" by and between those insurers, known as "WYO carriers," and FEMA.  See

3

44 C.F.R. Part 62, Appendix A, the "Arrangement."

## EIGHTH DEFENSE

Pursuant to 44 C.F.R. 61.5(e), any representations regarding the extent and scope of coverage that are inconsistent with the terms of the SFIP are void as a matter of federal law, and the insurance agent acts for the insured, not Liberty Mutual or Prudential.

## NINTH DEFENSE

Liberty Mutual and Prudential are insurance companies.  They are not insurance agents.  Agents selling Liberty Mutual's and Prudential's products are not employees of those insurance companies; they are in fact independent agents.  Liberty Mutual and Prudential have no liability for the acts and/or omissions of the agent, the agency, or its employees.

## TENTH DEFENSE

No part, provision or requirement of the SFIP may be waived, altered or amended by Defendants.  Only the Federal Insurance Administrator may issue such a waiver and it must be in writing.  This would include, but not be limited to, the requirement that an application and a premium be submitted for the Standard Flood Insurance Policy (SFIP) before it can be issued, renewed, or coverages increased.  See 44 C.F.R. Part 61.11; 61.13(c), (d), (e) and (f);  and 44 C.F.R. Part 61, Appendix A(1), Article VII (D).  No evidence of any such waiver has been presented.

## ELEVENTH DEFENSE

Defendants are signatories to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under Defendants' logo. Defendants agree to issue these policies and at the same time agrees to abide by

4

all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency. Defendants do not have the authority to change, alter, or interpret the underwriting or claims guidelines of the National Flood Insurance Program (NFIP). The Federal Insurance Administration is the sole authority.

**TWELFTH DEFENSE**

The question of whether the Plaintiff is entitled to anything, and if so how much, is strictly governed by the federal laws, rules and regulations applicable to this matter, and all of the policy's terms and conditions as set forth in the SFIP which can be found 44 C.F.R. Part 61, Appendix A(1), together with all applicable provisions of the Code of Federal Regulations, as well as the National Flood Insurance Act itself.

**THIRTEENTH DEFENSE**

The SFIP in question in this lawsuit was written by the United States Government (not the Defendants), pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Part 61, Appendix A(1). As the federal government is the ultimate underwriter of the NFIP, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of the Plaintiff's allegations premised upon state law provisions are completely preempted, unfounded and inapplicable.

**FOURTEENTH DEFENSE**

Defendants are not liable for the acts, errors or omissions of the Plaintiff or any other person or entity in this matter. Defendants are entitled to an offset and a credit for any percentages of liability attributable to the Plaintiff, Co-Defendants, or any third parties, and are not liable for any amounts over and above any percentage of fault it may have (and defendant denies it has any fault).

5

Solidary liability is inapplicable and contrary to Louisiana law.

## FIFTEENTH DEFENSE

All persons are charged with knowledge of the published federal laws, rules and regulations, and the SFIP is itself codified and found at 44 C.F.R. Part 61, Appendix A(1). Furthermore, per U.S. Supreme Court precedents, the Plaintiff has an obligation to familiarize herself with the terms and conditions for participating in this federal program.

## SIXTEENTH DEFENSE

Under the McCarren-Ferguson Act, including but not limited to 15 U.S.C. § 1012(b), federal law (not state law) governs this federal program.

## SEVENTEENTH DEFENSE

No insurance binders are permitted in the NFIP. See 44 C.F.R. 61.13(e). Payment of premiums must accompany any application for flood insurance or any renewals or increases thereto.

## EIGHTEENTH DEFENSE

Defendant pleads Article I, "Agreement," of the SFIP as an affirmative defense and the Plaintiff's failure to comply with same.

## NINETEENTH DEFENSE

A SFIP represents an obligation upon the U.S. Treasury to pay out U.S. Treasury funds in the event of a covered loss. Premiums paid for a SFIP are U.S. Treasury funds from the moment they are paid (not the funds of Defendants). State law cannot impose different requirements for the issuance of a U.S. Treasury obligation than federal law.

## TWENTIETH DEFENSE

There was no duty owed by Liberty Mutual or Prudential to the Plaintiff for the damages

6

complained of, no breach of any duty, no causation, and no damages attributable to any alleged act, error, or omission on the part of these Defendants.

### TWENTY-FIRST DEFENSE

The Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution, and the separation of powers doctrine, prohibit the awarding of any damages to the Plaintiff.

### TWENTY-SECOND DEFENSE

At all times herein, the acts of Liberty Mutual and Prudential were reasonable and in compliance with the applicable laws, rules and regulations.

### TWENTY-THIRD DEFENSE

Plaintiff cannot recover any damages greater than what could have been recovered had a SFIP been in force for her, and the SFIP only provides coverage for direct physical loss by or from flood. Wind, rain, earth movement and other causes of damages are excluded, and claims for interest are not recoverable in the NFIP, nor are relocation and transportation expenses, lost income or lost economic opportunity, damage to credit history or record, loss of quality and enjoyment of life, roof damage, termite treatment, pool damage and pump replacement, repairs to the deck, pest control, or subsequent damage.

### TWENTY-FOURTH DEFENSE

Any representations that the Plaintiff allegedly relied upon that were inconsistent with the terms of the controlling federal laws, rules and regulations surrounding the NFIP or the terms of the policy themselves are unreasonable as a matter of law.

### TWENTY-FIFTH DEFENSE

Plaintiff did not rely on any alleged misrepresentations of either Defendant or anyone for

7

whom they might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedent bars such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

## TWENTY-SIXTH DEFENSE

Pursuant to 44 C.F.R. § 61.11(c), the Plaintiff must wait 30 calendar days from the time of requesting increased coverage on her SFIP limits and the effective date of when such new policy limits go into effect.

## TWENTY-SEVENTH DEFENSE

Defendant pleads the provisions of 44 C.F.R. Part 62, App. A, Article II(D), Policy Issuance, as a defense hereto.

## TWENTY-EIGHTH DEFENSE

Defendant pleads the entirety of the SFIP as a defense hereto, as the policy is codified federal law.

## TWENTY-NINTH DEFENSE

The Defendants must comply with the written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP. 44 C.F.R. Part 62, App. A, Article II(G)(1). Defendants have so complied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendants reserve the right to supplement and amend this

8

Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, Defendants, Liberty Mutual Insurance Company and Prudential Insurance Company of North America d/b/a Prudential Financial Group , pray that after all due proceedings are had, that there be judgment herein in favor of Defendants and against Plaintiff dismissing all claims against said Defendants with prejudice and for all general and equitable relief.

Respectfully submitted,


*/s/ William R. DeJean*
NIELSEN LAW FIRM, L.L.C.
GERALD J. NIELSEN, La. S.B. 17078
WILLIAM R. DEJEAN, La. S.B. 22762
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
wdejean@nielsenlawfirm.com
P: (504) 837-2500
F: (504) 832-9165
Counsel for Defendants: Liberty Mutual Insurance Company and Prudential Insurance Company of North America d/b/a Prudential Financial Group


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all parties to the suit via the Court's CM/ECF system on this 1st day of May, 2007.


_____     */s/ William R. DeJean*

9