UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   KATRINA CANAL BREACHES<br>              CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" (JUDGE DUVAL) |
| | MAGISTRATE (2) (MAG. WILKINSON) |
| PERTAINS TO:   LEVEE CASES | |

_____

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF BURK KLEINPETER, LLC'S SUPPLEMENTAL MOTION TO DISMISS**
_____

MAY IT PLEASE THE COURT:

The very earliest flood class actions all alleged that two Burk-Kleinpeter entities, Burk Kleinpeter, Inc. ("BKI") and Burk Kleinpeter, L.L.C., had been involved with the engineering of the flood structure on the London Avenue Canal.

As part of the BKI Appendix in the first Engineer's Joint Motion (Document 463), Burk Kleinpeter, Inc. ("BKI") submitted the Affidavit of Michael G. Jackson, BKI vice-president; and that Affidavit, while denying any and all allegations of negligence, error or

-1-

omission, admitted and asserted that BKI (as opposed to BKLLC), was the firm under contract with the New Orleans Levee Board to prepare and, which did, prepare, plans and specifications for flood structures on the London Avenue Canal.

With BKLLC's First Motion for Summary Judgment, filed June 13, 2006 (Document 552-1) BKLLC submitted the Affidavit of George Kleinpeter, to the effect that BKLLC was not an engineering firm; had never done any engineering work; and in particular, had never done <u>any</u> work of <u>any</u> kind on the London Avenue Canal, or any of the canals that breached during Katrina.

There was not a single filing in opposition to BKLLC's original motion, and a number of plaintiffs withdrew their complaints against BKLLC prior to argument on August 25, 2006. The Court granted that motion (Document 1080) as set out in this motion. Since then additional complaints and class action complaints were filed, naming BKLLC as having done negligent engineering on London Avenue Canal. And BKLLC filed motions against almost all of them, as set out in detail in this supplemental Motion.

Then inexplicably, in the Consolidated Master Complaint, plaintiffs again name BKLLC as performing engineering on the London Avenue Canal, even though a number of members of the plaintiff's committee had withdrawn their complaints against BKLLC in the earlier-filed class actions.

This needs to end. BKLLC is entitled to be dismissed definitively from all of these lawsuits. Particularly the master consolidated complaint.

                                Respectively submitted,

                                /s/ *Charles F. Seemann, Jr.*
                                CHARLES F. SEEMANN, JR. (11912)
                                Deutsch, Kerrigan & Stiles, L.L.P.
                                755 Magazine Street
                                New Orleans, LA 70130-3672
                                Telephone:   (504) 581-5141
                                Facsimile:   (504) 566-1201
                                Attorneys for Burk-Kleinpeter, Inc. and Burk-Kleinpeter, L.L.C.

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 1st day of May, 2007, I electronically filed the foregoing Supplemental Motion by Burk Kleinpeter, LLC in Compliance with Magistrate Wilkinson's Order of April 17, 2007 Incorporating Supplemental Memorandum, and Supplemental Memorandum in Support of Burk Kleinpeter, LLC'S Supplemental Motion to Dismiss, with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel fo record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants.

                                /s/ *Charles F. Seemann, Jr.*