## STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

WILLIAM D. TREEBY
DIRECT DIAL: (504) 593-0807
DIRECT FAX: (504) 596-0807
E-Mail: wtreeby@stonepigman.com

OUR FILE NUMBER

62,272

May 31, 2006

**VIA HAND DELIVERY**

Mr. Joseph Bruno
Bruno and Bruno PPL
855 Baronne Street
New Orleans, Louisiana 70113

Re: *Berthelot v. Boh Bros. Construction Co.*, Civ. No. 05-04182; *Vodanovich v. Boh Bros. Construction Co.*, Civ. No. 05-5237,-6069; *Kirsch v. Boh Brothers Construction Co.*, Civ. No. 05-6073; *Brown v. Boh Brothers Construction Co.*, Civ. No. 05-6324; *LeBlanc v. Boh Brothers Construction Co.*, Civ. No. 05-6327; *Ezell v. Boh Brothers Construction Co.*, Civ. No. 05-6314; *Tauzin v. Board of Comm'rs of the Orleans Levee Dist.*, Civ. No. 06-0020; *Finney v. Boh Brothers Constr. Co., LLC*, No. 06-0886; *Christenberry v. Board of Comm'rs*, Civ. No. 06-2278; *Sanchez v. Boh Bros. Construction Co.*, Civ. No. 06-2287; *Bradley v. Pittman Construction Co., Inc.*, Civ. No. 06-0225

Dear Mr. Bruno and Plaintiffs:

As we have discussed over the past weeks, on behalf of Defendant Washington Group International, Inc. ("Washington Group"), we are writing to inform you of the general types of factual proof that we expect to rely on in our proposed motion for summary judgment on "immunity." *See* Order, dated Apr. 11, 2006 at 7-8. This list is not necessarily exhaustive, but is intended to give you an idea of what our motion will entail so that you can make an informed decision about the extent of discovery, that Plaintiffs may want to take from Washington Group and/or the U.S. Army Corps of Engineers ("Army Corps") in advance of briefing. We will try to answer any questions you may have regarding the extent of the documentation that Washington Group expects to submit, along with affidavits, to support what it believes to be the factual basis for its Motion, facts that we expect will be uncontroverted once you have concluded your discovery. By this means we are attempting to provide an orderly basis for scheduling the briefing and hearing on this matter.



EXHIBIT A

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 2

May 31, 2006

Between 1999 and mid-2005, Washington Group worked as a contractor under the supervision of the Army Corps on a demolition and environmental remediation project in the East Bank Industrial Area ("EBIA") of New Orleans pursuant to Task Order No. 26 of a Total Environmental Restoration Contract ("TERC"). The other Task Orders pursuant to this TERC are unrelated to the EBIA. As a government contractor, Washington Group functioned essentially as an agent of the United States. Indeed, Washington Group contracted for an/or itself performed all of its activities on this project in accordance with precise specifications approved by the Army Corps. Accordingly, Washington Group intends to assert its right to immunity from suit in these cases under the "government contractor defense."

Among other things, Washington Group intends to argue that there is no genuine issue of material fact that (1) the United States approved reasonably precise means and methods for performing its work pursuant to Task Order 26; (2) Washington Group's work conformed to these specific means and methods; and (3) Washington Group was not aware of any danger posed to the levees or floodwalls bordering the Industrial Canal at any time before, during or after the implementation of Task Order 26.

At this point, we intend to use the following types of evidence in support of the three-pronged argument above. (Additional types of documents or evidence, however, may be included later as needed.)

- Affidavits from one or more of the following Washington Group employees that managed or supervised Washington Group's work in the EBIA: Richard Lesser, Dennis O'Conner and Phillip Staggs.

- Affidavits from one or more of the Army Corps employees that managed or supervised Washington Group's work in the EBIA.

- TERC Contract DACA56-94-D-0021, Task Order No. 26 and modifications thereto.

- Statements of Work for Task Order No. 26 and modifications thereto.

- Project Work Plans and Remedial Field Action Plans for each site and/or area of Washington Group's work, as well as Comment Submittal forms evidencing the Army Corps' input into and approval of these plans.

- Preparatory Phase Meeting Agendas, Meeting Minutes and Inspection Checklist Forms for discrete activities performed at the EBIA site.

811645v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
3

May 31, 2006

- Demolition and Excavation releases signed by the Army Corps.

- Daily, Weekly and Monthly Reports submitted by Washington Group to the Army Corps.

- Final acceptance reports and technical completion reports approved by the Army Corps.

- RECAP ("Risk Evaluation/Corrective Action Program") Plans drafted by Washington Group and submitted by the Army Corps to the Louisiana Department of Environmental Quality ("LDEQ"), as well as Comment Submittal forms evidencing the Army Corps' input into and approval of these submissions.

- No Further Action At This Time ("NFAATT") Reports drafted by Washington Group and submitted by the Army Corps to the LDEQ, as well as Comment Submittal forms evidencing the Army Corps' input into and approval of these submissions.

- Correspondence between Washington Group and the Army Corps.

Please review this information with those plaintiffs' counsel interested in the claims against Washington Group so that a reasonable determination can be made as to the extent of the discovery that is intended. We are providing the Court ordered disclosure relating to Washington Group's contract with the Army Corps with this hand-delivered letter. We hope to begin a rolling discovery of the groups of materials we believe will be required to satisfy the factual predicate for our government contractor defense, and we should be able to complete that process by approximately August 1.

Task Order 26 is divided into six (6) discrete work sites that were worked, by and large, in a chronological fashion from South to North. These worksites were identified by the six separate industrial sites that were demolished and remediated. We believe we can demonstrate that only two of these six sites were adjacent to the levee/floodwall breaches on the east side of the Inner Harbor Navigation Canal, one of which was at the access point location for materials and equipment for the entire site. It would appreciably reduce the magnitude of discovery materials if plaintiffs become satisfied that they need not process the materials from the remaining four (4) sites. We should discuss some agreed limitation on the document discovery accordingly.

If you plan any depositions of the affiants, or others, related to these factual predicates, I would assume you would want to begin those depositions after receiving the documents.

To the extent any of these documents contain confidential information I would trust we could agree to a suitable protective order, since Washington Group is in a competitive environment and would prefer not to disclose information that could compromise or impair its ability to compete unnecessarily.

With kind regards,

Sincerely,

*William D. Treeby*

William D. Treeby

Enclosure



FRANK S. BRUNO
JOSEPH M. BRUNO
STEPHEN P. BRUNO
ROBERT J. BRUNO
CHRISTOPHER J. BRUNO

DAVID S. SCALIA
STEPHANIE MAY BRUNO
STEPHEN S. KRELLER

June 29, 2006

**VIA FACSIMILE (504) 596-0807 AND US MAIL**
William D. Treeby
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA 70130-3588

      Re: Your File Number: 62,272; *Berthelot v. Boh Bros. Construction Co.*, Civ No. 05-04182

Dear Mr. Treeby:

      I am writing this letter to you, pursuant to Order dated Apr. 11, 2006, on behalf of a number of attorneys interested in the claims against the Washington Group who have reviewed your May 31, 2006 correspondence and associated documentation. I hope this letter will accurately reflect the scope of initial discovery needed.

      Initially, we are interested in reviewing the entirety of Task Order 26, including materials concerning all six (6) discrete work sites. It would be imprudent to eliminate any potential areas of interest until a thorough analysis has been performed. I will of course entertain any discussions concerning a "limitation of document discovery" and present it to other counsel.

      Additionally, we are concerned that the materials provided do not encompass the full extent of materials referenced in your letter's 12 bullet points. As such, discovery into those is contemplated. We believe discovery will encompass matters referenced in your bullet points, as well as additional documentation associated with the Washington Group's performance of the contract(s), which will include the following:

      A. all materials concerning modifications to the Inner Harbor Navigation Canal Lock Replacement Project;

      B. all materials concerning the Statement of Work;

      C. all materials concerning the contractors duties, including but not limited to,
          1. The USACE Recommended Report for demolition and site preparation activities;
          2. Work Plans;
          3. Any LDEQ Recap requested;
          4. Licensing and permits materials;
          5. Biweekly progress reports;



      6. Monthly cost reports;
      7. Monthly Project Photographs;
      8. Drafts and Final RA Completion Reports and Record Drawings;
      9. Contractor Quality Control Party Reports;
     10. Inspection quality checks;
     11. Documents associated with any project close-out punch lists.

D. All architectural engineering (A-C) type services in support of remedial action, including but not limited to:

    1. All design documentation;
    2. Implementation plans and specifications;
    3. Drawings and plans;
    4. Design Analysis;
    5. Cost estimates;
    6. Submitted reviews;
    7. Engineering activity;
    8. Record drawings;

E. Any and all Work Plans (WP), including but not limited to:

    1. Draft WP;
    2. Final WP
    3. Docs. re: WP acceptance
    4. Docs. re: WP execution
    5. Docs. re: qualifications of program manager
    6. " " " project manager
    7. " " " regulatory specialist
    8. " " " certified industrial hygenist
    9. " " " contractor quality control (CQC) system manager
   10. " " " project chemist
   11. " " " hydrogeologist
   12. " " " site geologist
   13. " " " project geotechnical engineer
   14. " " " project environmental engineer
   15. " " " remediation manager
   16. " " " senior contract manager
   17. " " " health physicist
   18. " " " occupational health physician

F. All documentation concerning a Quality Control Plan;

G. Any and all notes from coordination meetings

H. Any and all documentation concerning the following:

1. Any preparatory plans;
2. Any initial plans;
3. Any follow-up plans;
4. Any additional preparatory, initial or follow-up plans;
5. All tests performed, including but not limited to testing procedures;
6. Any completion inspections.

I. All notifications of non-compliance, including but not limited to Chemical Quality Control and the Chemical Data Aquisition Plan (CDAP);

J. Any Party Quality Control Reports (PQCR);

K. Any Site Safety & Health Plans (SSHP);

L. Any documentation concerning Pre-field operation planning;

M. Any documentation concerning the phased process of comprehensive Site Safety & Health Plans;

N. A complete manifest package for all waste streams;

O. All As-built drawings;

P. Any and all documentation concerning the TERC Certified Management Procedures;

Q. All statements of work for evacuation disposal of additional subsurface foundations, ACM and concrete wastes.

The needs associated with above reference materials were primarily developed through a review of the materials you provided. We expect that our needs will be expanded once we have reviewed the above reference materials.

Accordingly, we feel that 90 days is an appropriate time frame in which to obtain the above referenced documentation and complete any associated discovery.

With kind regards, I remain

Very truly yours,

Joseph M. Bruno

JMB

## STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

WILLIAM D. TREEBY
DIRECT DIAL: (504) 593-0807
DIRECT FAX: (504) 596-0807
E-Mail: wtreeby@stonepigman.com

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

62,272

July 27, 2006

<u>VIA FACSIMILE & U.S. MAIL</u>

Mr. Joseph Bruno
Bruno and Bruno PPL
855 Baronne Street
New Orleans, Louisiana 70113

Re:   <u>In Re: Katrina Canal Breaches Litigation--ALL LEVEE-Civil Action 05-4182</u>

Dear Mr. Bruno and Plaintiffs:

As you know, on July 20, 2006, we met with plaintiffs' counsel at Stone Pigman's office to discuss reasonable limits to your June 29, 2006 discovery requests of Defendant Washington Group International, Inc. ("Washington Group"). This letter summarizes the agreements we reached and provides answers to some of the questions counsel raised at that meeting. Please let us know as soon as possible if you disagree with the scope of discovery set forth below for purposes of addressing Washington Group's prospective motion relating to government contractor immunity, as outlined in our prior correspondence of May 31, 2006.

1. Washington Group will produce documents responsive to the following requests by August 21, 2006. To the extent that Washington Group finds additional documents that are responsive to your requests after August 21, we will produce them on a rolling basis.

2. Washington Group will produce all documents listed in our letter to you dated May 31, 2006.

3. Any affidavits that Washington Group intends to file with its summary judgment brief based on the government contractor defense will be provided to you in advance to allow you a limited but reasonable period to take depositions of those affiants.

4. We will produce documents responsive to your June 29, 2006 letter with the following limitations:

**Request A. All materials concerning modifications to the Inner Harbor Navigation Canal Lock Replacement Project.**

821473v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 2

July 27, 2006

> Plaintiffs agreed to limit their request to all materials concerning modifications to Task Order 26, which is the only portion of the Inner Harbor Navigation Canal Lock Replacement Project that Washington Group has worked on to date. Washington Group already produced the modifications to Task Order 26, but will produce all other non-privileged drafts, proposals or correspondence relating thereto.

**Request B. All materials concerning the Statement of Work.**

> Plaintiffs agreed that this request is limited to Statements of Work for Task Order 26 only. Washington Group already produced these Statements of Work, but will produce all other non-privileged drafts, proposals or correspondence relating thereto.

**Request C. All materials concerning the contractor's duties, including but not limited to: (1) USACE Recommended Report; (2) Work Plans; (3) LDEQ Recaps; (4) Licensing and permit materials; (5) Biweekly progress reports; (6) Monthly cost reports; (7) Monthly Project Photographs;[1] (8) Drafts and Final RA Completion Reports; (9) Contractor Quality Control Party Reports; (10) Inspection quality checks; (11) Documents associated with any project close-out punch lists.**

> Washington Group agreed to produce documents, to they extent they exist, responsive to requests 1-4 and 6-11. Request 5 is not applicable because Washington Group did not maintain biweekly progress reports for Task Order 26. Plaintiffs agreed that to the extent the above documents (such as RECAP reports) are site specific, then the above requests may be limited to documents relating to the two sites that were closest to the breaches on the Industrial Canal: Saucer Marine and Boland Marine. If a document responsive to these requests is not site specific (such as a Daily Contractor Quality Control Report), then Washington Group nevertheless will produce it. Of course, plaintiffs reserve the right to seek documents pertaining to the other four work sites (ITT, Mayer Yacht, McDonough Marine and Indian Towing) at a later date.

**Request D. All architectural engineering (A-C) type services in support of remedial action, including but not limited to: (1) All design documentation; (2) Implementation plans and specifications; (3) Drawings and plans; (4) Design Analysis; (5) Cost estimates; (6) Submitted reviews; (7) Engineering activity; (8) Record drawings.**

---

[1] It appears that Washington Group does not have the actual photographs that it submitted to the USACE on a monthly basis, rather it maintained a black and white Xerox copy of these photographs in its files. We will produce those to you as they existed in Washington Group's files. For a limited number of months, Washington Group apparently maintained .jpeg files (or electronic copies of the photographs), which we will produce as well.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 3

July 27, 2006

> Many of the documents responsive to these requests also are responsive to Request C. Washington Group will produce documents responsive to these requests; however, to the extent such documents are site specific, it will produce those relating to Boland Marine and Saucer Marine only. Of course, plaintiffs reserve the right to seek documents pertaining to the other four work sites (ITT, Mayer Yacht, McDonough Marine and Indian Towing) at a later date.

**Request E. Any and all Work Plans (WP), including but not limited to: (1) Draft WP; (2) Final WP; (3) Documents re: WP acceptance; (4) Documents re: WP execution; (5) Documents re: qualifications of program manager; (6) project manager; (7) regulatory specialist; (8) certified industrial hygienist; (9) CQC system manager; (10) project chemist; (11) hydrogeologist; (12) site geologist; (14) project geotechnical engineer; (15) remediation manager; (16) senior contract manager; (17) health physicist; (18) occupational health physician.**

> Requests 1-4 are duplicative of Request C and any such responsive documents will be produced as indicated above. Plaintiffs have agreed to withdraw requests 8, 10, 17 and 18. As you may know, the TERC states that the "requirements for on-site and off-site personnel will differ for each project...." TERC § 4 (WGI000135). Our current understanding is that for Task Order 26, Washington Group had a Project Manager, Construction Manager, Chief Site Safety and Health Officer, Contractor Quality Control System Manager and Environmental Manager on site (in addition to various personnel from the USACE.). Washington Group agrees to produce the credentials for its Project Managers and Construction Manager, for whom we will provide affidavits. If you seek additional credentials, please let us know the basis for your request.

**Request F. All documentation concerning a Quality Control Plan.** This Request is duplicative of Requests C and E. Washington Group will produce any such responsive documents.

**Request G. Any and all notes from coordination meetings.** Washington Group will produce documents responsive to this request.

**Request H. Any and all documentation concerning: (1) preparatory plans; (2) initial plans; (3) follow-up plans; (4) additional preparatory, initial or follow-up plans; (5) tests performed, including testing procedures; (6) completion inspections.**

> Washington Group agrees to produce documents responsive to requests 1-6. To the extent these materials are site specific, it will produce documents relating to Boland Marine and Saucer Marine only. Of course, plaintiffs reserve the right to seek documents pertaining to the other four work sites (ITT, Mayer Yacht, McDonough Marine and Indian Towing) at a later date. Plaintiffs have agreed

821473v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
   4

July 27, 2006

that Washington Group does not have to produce voluminous environmental/chemical laboratory test procedures and results.

**Request I. All notification of non-compliance, including but not limited to Chemical Quality Control and the Chemical Data Acquisition Plan.**

Washington Group agrees to produce any notices of non-compliance, but not notices (if they exist) relating to a Chemical Quality Control and/or Chemical Data Acquisition Plan. Plaintiffs also have agreed that notices of non-compliance strictly related to the remediation of chemicals, toxins or other substances in the environment, to the extent they exist, will not be produced.

**Request J. Any Party Quality Control Reports.** This Request is duplicative of Request C. Washington Group will produce any such responsive documents.

**Request K. Any Site Safety & Health Plans (SSHP).** This Request is duplicative of Requests C and E. Washington Group will produce any such responsive documents.

**Request L. Any documentation concerning Pre-field operation planning.** Washington Group agreed to produce any such responsive documents.

**Request M. Any documentation concerning the phased process of comprehensive SSHPs.** This Request appears to be duplicative of Request K. Washington Group will produce any such responsive documents.

**Request N. A complete manifest package for all waste streams.** Plaintiffs agreed to withdraw this request.

**Request O. All As-built drawings.** Washington Group is unaware of any documents that fit this description, however, to the extent they exist, it will produce them.

**Request P. Any and all documentation concerning the TERC Certified Management Procedures.**

Plaintiffs already received these management procedures. Plaintiffs agreed to limit their request for additional documents, to the extent they exist, to those relating to the TERC Certified Management Procedures as applied to Task Order 26 only.

**Request Q. All statements of work for evacuation disposal of additional subsurface foundations, ACM and concrete wastes.**

821473v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
    5

July 27, 2006

>Plaintiffs already received all statements of work relating to Task Order 26. Plaintiffs agreed to withdraw its request for statements of work that relate to other Task Orders.
>
>With kind regards,
>
>           Sincerely,
>
>           William D. Treeby

cc:   Gerald E. Meunier, Esq.
       Alexis Bevis, Esq.
       Scott Joanen, Esq.

821473v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

62,272

August 31, 2006

### VIA FACSIMILE & U.S. MAIL

Mr. Joseph Bruno
Bruno and Bruno PPL
855 Baronne Street
New Orleans, Louisiana 70113

Re: *In Re: Katrina Canal Breaches Litigation—ALL LEVEE-Civil Action 05-4182*

Dear Mr. Bruno and Plaintiffs:

In accordance with the agreement set forth in our July 27, 2006 letter, Washington Group International, Inc. ("Washington Group") is producing documents responsive to your June 29, 2006 discovery requests, as well as the documents Washington Group agreed to produce in its letter dated May 31, 2006. The documents are bates labeled WGI000802-WGI078279. This constitutes the bulk of Washington Group's production. We anticipate locating a limited number of additional responsive documents over the coming weeks, and we produce them to you as soon as possible.

As with the last production, we have withheld from production and are logging any privileged documents. To the extent that the documents contained in this production include privileged information, such production is inadvertent and will not waive any applicable work product and/or privilege protection. At this point, we have withheld very few documents from production, and we will produce a privilege log to you within the next two weeks. We have not designated any of the documents in this production "confidential" pursuant to the Stipulation and Protective Order in this case.

Thirty-five boxes are being sent directly to your attention from Jones Day in Atlanta. These boxes are being sent via UPS Ground, and can be identified by the attached tracking numbers. For your convenience, the documents have been separated by blue slip sheets. There are 20,745 slip sheets, adding over 5 boxes of paper to the production.

527006v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
    2
August 31, 2006

Should there be any difficulty in receipt of these boxes, the sender was:

Jamila M. Hall
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Phone: (404) 581-8465

With kind regards,

                Sincerely,

                *William D. Treeby* (signature)

                William D. Treeby

Enclosures

cc:    Gerald E. Meunier, Esq.
        Alexis Bevis, Esq.
        Scott Joanen, Esq.

827036v.1