## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | |
| | § | CIVIL ACTION NO.: 05-4182 |
| _____ | § § | JUDGE: DUVAL SECTION "K" |
| PERTAINS TO: INSURANCE     Civil Action No.:06-3799 | § § § | MAGISTRATE: 2 JUDGE: WILKINSON |
| _____ | § | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

COMES NOW, the Defendant, Fidelity National Insurance Company, (hereinafter "Fidelity") a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, (the "NFIA"), as amended (42 U.S.C. §4001, *et seq.*), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the federal treasury,[3] and files the following as its Answer and Affirmative Defenses to the Plaintiffs' Supplemental and Amending Complaint.   Defendant

---

[1]  44 C.F.R. §62.23(f).

[2]  42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3]  42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

respectfully avers as follows:

**ANSWER**

1.

The allegations contained in paragraph I of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

2.

The allegations contained in paragraph II of the Plaintiffs' Complaint are admitted upon information and belief.  Answering further, it is believed that Plaintiffs had a mortgage on the property as well.

3.

The allegations contained in paragraph III of the Plaintiffs' Complaint are admitted only to the extent that  at all material times herein Fidelity was acting in its capacity as a Write-Your-Own carrier participating in the U.S. Government's NFIP.  Otherwise, denied.

4.

The allegations contained in paragraph IV of the Plaintiffs' Complaint are denied as written. Answering further, the independent insurance agent acts for the insured, not Fidelity pursuant to 44 C.F.R. §61.5(e).  Furthermore, there is no "underwriting" of a Standard Flood Insurance Policy ("SFIP") as Defendant understands that term.

5.

The allegations contained in paragraph V of the Plaintiffs' Complaint are admitted only insofar as Robert Sheard Insurance Agency, Inc.  is the agency involved in the application and procurement of Plaintiffs' SFIP by and through Fidelity.  Any remaining allegations are denied for

lack of sufficient information or knowledge to justify a belief therein.

6.

The allegations contained in paragraph VI of Plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

7.

The allegations contained in paragraph VII of the Plaintiffs' Complaint are admitted. Answering further, this Honorable Court will have to analyze federal laws, rules and regulations, along with the Appropriations, Commerce and Supremacy clauses of the U.S. Constitution in order to resolve Plaintiffs' claims for damages in this matter involving the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*). Therefore it is clear that there is federal question jurisdiction pursuant to 28 U.S.C. §1331. It is admitted that the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state-law-based claims alleged in Plaintiffs' Complaint.

Answering further, Plaintiffs have also plead a breach of contract claim under the SFIP. See paragraph XX (c) of the Plaintiffs' Complaint. Therefore, there is original exclusive subject-matter jurisdiction over the claims of the Plaintiffs in the United States District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. §4072. This also gives rise to federal question jurisdiction pursuant to 28 U.S.C. §1331. Additionally, as Plaintiffs' have plead claims arising from the NFIA, an act of Congress regulating commerce, there is federal jurisdiction over this case pursuant to 28 U.S.C. §1337. Finally, as Plaintiffs have sued Fidelity as its capacity as FEMA's fiduciary and fiscal agent, there is jurisdiction over this matter pursuant to 28 U.S.C. §1442(a).

8.

The allegations contained in paragraph VIII (erroneously labeled by Plaintiffs as "VII" a

second time) of the Plaintiffs' Complaint are admitted only insofar as Plaintiffs applied for a SFIP

with building coverage amount of $240,000, and no contents coverages were applied for, for their

property as alleged in paragraph VII.  It is denied that the Plaintiffs were issued a policy with

$240,000 in building coverage.  It is admitted that Fidelity was acting as a WYO Program carrier.

Any remaining allegations are denied.

9.

As to the allegations contained in paragraph IX  of the Plaintiffs' Complaint, it is admitted

that Plaintiffs did submit an application with the assistance of the Robert Sheard Insurance Agency,

Inc. for a SFIP for $240,000 in building coverage by and through Fidelity.  It is also admitted that

the SFIP policy term was to run from October 19, 2004 through October 19, 2005 as alleged.  Any

remaining allegations are denied.  Answering further, as per the application dated October 19, 2004

signed by the Plaintiff, the total premium due for the $240,000 in building coverage only was the

amount of $374.00 (three hundred seventy-four dollars), not $285.00 (two-hundred eighty-five

dollars) as alleged.

10.

The allegations contained in paragraph X of the Plaintiffs' Complaint are admitted  only in

that Plaintiffs applied for building coverage only under the SFIP at issue. It is also admitted that no

contents coverage was applied for by the Plaintiffs or in force and effect for the date of loss at issue

under the SFIP at issue.  Any remaining allegations are denied for lack of sufficient information or

knowledge to justify a belief therein.  Answering further, the application signed by Sean Goodman

-4-

clearly shows that it is an application for building coverage only.

11.

The allegations contained in paragraph XI of the Plaintiffs' Complaint are admitted only insofar as Plaintiffs did submit an application for a flood insurance policy seeking $240,000 in building coverage, and did pay the $285.00 as requested by Robert Sheard.  Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.  Answering further, the total premium due for the $240,000 in coverage as sought was $374.00 as per the application signed by the Plaintiffs, not $285.

12.

The allegations contained in paragraph XII of the Plaintiffs' Complaint are admitted  only insofar as Plaintiffs had flood damage as a result of Hurricane Katrina.  Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.  Answering further, upon information and belief, Plaintiffs had less than 4 feet of water in their building, not 8 feet as alleged.

13.

The allegations contained in paragraph XIII of the Plaintiffs' Complaint are admitted insofar as Plaintiffs did attempt to make a flood insurance claim with Fidelity, and that Plaintiffs' SFIP only had coverage in the amount of $75,600 for building damages.  Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.  Answering further, Plaintiffs applied for, but did not pay enough premium to receive $240,000 in building coverage, and the declarations page issued to the Plaintiffs for the SFIP showed that they only had $75,600 in building coverage.

14.

The allegations contained in paragraph XIV of the Plaintiffs' Complaint are admitted in that not enough premium was submitted to purchase the dollar amount of coverages applied for on the application signed by the Plaintiffs.   Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.   Answering further, Plaintiffs never had $240,000 in building coverage under their SFIP - they only had $75,600 and knew or should have known for almost one year prior to the loss at issue that they only had $75,600 in building coverage and no contents coverage.

15.

The allegations contained in paragraph XV of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.   Answering further, the application signed by the Plaintiff showed that the premium due for $240,000 in building coverage was more than $285, and the declarations page issued showed that they only had $75,600 in building coverage.

16.

The allegations contained in paragraph XVI of the Plaintiffs' Complaint are denied.   Any allegations concerning destruction of the co-defendants' records are denied for lack of sufficient information or knowledge to justify a belief therein.

17.

The allegations contained in paragraph XVII of the Plaintiffs' Complaint are denied.

18.

The allegations contained in paragraph XVIII of the Plaintiffs' Complaint are not directed at Fidelity and do not appear to require an answer.  However, out of an abundance of caution, are

denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, the application signed by the Plaintiffs and the declarations page showed that no contents coverage was applied for or issued under the SFIP.

19.

The allegations contained in paragraph XIX of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

20.

The allegations contained in paragraph XX of the Plaintiffs' Complaint are denied, including all subparts thereto.

21.

The Defendant denies that Plaintiffs are entitled to any of the relief sought against Fidelity in paragraph XXI of the Complaint, including subparts 1-7 therein.

22.

The Defendant denies that Plaintiffs are entitled to a jury trial as it relates to Fidelity and will contest the same.

23.

The allegations contained in paragraph XXII of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant. However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein. Answering further, Fidelity cannot answer on behalf of other defendants.

24.

The allegations contained in paragraph XXIII of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant. However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein. Answering further, Fidelity cannot answer on behalf of other defendants.

25.

The allegations contained in paragraph XXIV of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant. However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein. Answering further, Fidelity cannot answer on behalf of other defendants.

26.

The allegations contained in paragraph XXV of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant. However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein. Answering further, Fidelity cannot answer on behalf of other defendants.

27.

The allegations contained in paragraph XXVI of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant. However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph XXVII of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant. However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein.

Answering further, Fidelity cannot answer on behalf of other defendants.

29.

The allegations contained in paragraph XXVIII of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant.  However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph XXIX of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant.  However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein. Answering further, Fidelity cannot answer on behalf of other defendants.

31.

The allegations contained in paragraph XXX of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant.  However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein. Answering further, Fidelity cannot answer on behalf of other defendants.

32.

The allegations contained in paragraph XXXI of Plaintiffs' Supplemental and Amending Complaint do not require an answer of this Defendant.  However, out of an abundance of caution, Plaintiffs' allegations are denied for lack of sufficient information to justify a belief therein.

33.

Defendant, Fidelity, incorporates and asserts all of its Answers and Affirmative Defenses to

Plaintiffs' Original Complaint as if fully set forth at length herein.

34.

Defendant, Fidelity National Insurance Company, denies that Plaintiffs are entitled to the relief sought in their prayer following paragraph IV of the Supplemental and Amending Complaint for Damages.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim for which this Honorable Court may grant relief.

**SECOND DEFENSE**

Plaintiffs' claims are time barred pursuant to the applicable statute of limitations, including but not limited to La. R.S. 9:5606.

**THIRD DEFENSE**

Plaintiffs failed to submit the requisite premium for the amount of building coverage requested and as applied for on October 19, 2004, and the application signed by the Plaintiff clearly shows that no contents coverage was applied for by the Plaintiffs. A request for the extra $85 needed for the $240,000 in coverages was sent out, but the requested extra premium was not submitted. As such, federal law mandated that the policy be issued only with enough coverage that could be purchased for the amount of money actually submitted along with the application (that being $285), resulting in the SFIP being issued with only $75,600 in building coverage. At no time did the Plaintiffs ever have $240,000 in building coverage under their SFIP, and they never applied for contents coverage.

**FOURTH DEFENSE**

-10-

The SFIP is itself a codified federal law found in its entirety at 44 C.F.R. Pt. 61, App. A(1)(2004 edition).   The amounts of building coverage and contents coverage available are published in the Code of Federal Regulations in 44 C.F.R. §61.6.   All persons are charged with knowledge of the published federal laws, rules and regulations, including the SFIP and the terms and conditions for procuring specific dollar amounts of coverage. See also Louisiana Civil Code Article 5. The risk premium rates are also published in the C.F.R. Plaintiffs therefore knew or should have known that the amount of coverage desired by them could not be purchased for the amount of premium submitted by them.

### FIFTH DEFENSE

No part, provision or requirement of the SFIP may be waived, altered or amended by this Defendant.  Only the Federal Insurance Administrator may issue any type of a waiver and it must be submitted in writing.  See 44 C.F.R. 61.13(d) and Art. VII (D) of the SFIP itself.  No evidence of any waiver such that any greater amounts could be paid to the Plaintiffs has been presented.

### SIXTH DEFENSE

Only federal law controls the SFIP, claims and claims handling related issues.  State law does not govern how a SFIP, which represents an obligation upon the U.S. Treasury, may be issued.  See e.g., Art. IX of the SFIP itself.

### SEVENTH DEFENSE

The named insured must submit the correct premium along with the application for the amount of coverage requested.  Plaintiff failed to do so.  See 44 C.F.R. §§61.5(b);61.11, and Art. I of the SFIP.  See also Art. II, Definition of "Application".  See also the application signed by the Plaintiffs showing the total premium due is $374.00.

**EIGHTH DEFENSE**

The SFIP is not a valued policy as per Article II of the SFIP.

**NINTH DEFENSE**

Plaintiffs never applied for, nor submitted any premium for contents coverage, and had no contents coverage at the time of the loss.  Plaintiffs

**TENTH DEFENSE**

The Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution and the Separation of Powers Doctrine prohibit payment of Plaintiffs' claims in a manner not sanctioned by federal law.

**ELEVENTH DEFENSE**

Out of an abundance of caution, and in the event that Plaintiffs are pursuing increased costs of compliance benefits under the terms of their SFIP for up to $30,000 in accordance with Article III, Coverage D of the SFIP, and are also seeking to have $240,000 in coverage for their building put in force and effect under the terms of the SFIP at issue, Plaintiffs recovery cannot exceed the statutory maximum of $250,000 between building coverage and increased costs of compliance coverage in accordance with Article III, Coverage D of the SFIP.

**TWELFTH DEFENSE**

Out of an abundance of caution, and  because Defendant does not know exactly what damages the Plaintiffs are seeking recovery for in the instant matter, Defendant asserts the following provisions of the SFIP as affirmative defenses:

- Article IV sections (6),(8),(9) and (12);

- Article V, section (A) and all subparts thereto; section  (C) and all subparts thereto,

-12-

section (D) and all subparts thereto and section (F).

As further discovery may warrant and require, Defendant reserves the right to assert additional exclusions or limitations on coverage.

### THIRTEENTH DEFENSE

To the extent that Plaintiffs have sought and obtained payments for wind damages or other types of damage from any other policies of insurance, or from any other sources either prior to, during or subsequent to the initiation of this lawsuit, Defendant is entitled to an offset and credit for any amounts paid.

### FOURTEENTH DEFENSE

Defendant pleads Article VII (G) of the SFIP and all subparts as an affirmative defense.

### FIFTEENTH DEFENSE

Out of an abundance of caution, Defendant pleads Article VII (J)(4) through (8) as affirmative defenses.  Defendant also asserts that Article VII(J)(9) of the SFIP is applicable only where the value of the claim is $7,500 or less, and Plaintiffs' claim exceeds $7,500.  In any event, Plaintiff did not comply with Article VII(J)(9).

### SIXTEENTH DEFENSE

Defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Defendant's logo. Defendant agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance

-13-

Administration and the Federal Emergency Management Agency. Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority.

## SEVENTEENTH DEFENSE

The question of whether the Plaintiff is entitled to anything, and if so how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the Standard Flood Insurance Policy which is set forth at 44 C.F.R. Part 61, Appendix A(1), together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

## EIGHTEENTH DEFENSE

The SFIP in question in this lawsuit was written by the United States Government (not this Defendant), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Part 61, Appendix A(1). As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of the Plaintiffs' allegations premised upon state law provisions, including but not limited to the prayer for attorney's fees, are completely preempted, unfounded and inapplicable.

## NINETEENTH DEFENSE

Any mortgage company must be listed as an additional named payee as per Article VII (Q) of the SFIP.

## TWENTIETH DEFENSE

Plaintiff failed to comply with "all" of the terms of the Policy as required as Article VII(R).

-14-

As such, Plaintiffs may not have the ability to pursue the instant litigation.

## TWENTY-FIRST DEFENSE

All state-law-based extra-contractual claims are preempted and barred by federal constitutional, regulatory and statutory law.

## TWENTY-SECOND DEFENSE

The independent insurance agent acts for the insured and does not act for Fidelity.  Any representations regarding the extent and scope of coverage which are inconsistent with the terms of the SFIP of the Plaintiffs are void as a matter of federal law.  See 44 C.F.R. 61.5(e).

## TWENTY-THIRD DEFENSE

Given the various federal principles outlined within this Answer, Defendant asserts that not only do the Plaintiffs have no viable claim for relief against this Defendant, but in addition, Plaintiffs have no viable claim for relief against the agent. However, in the alternative, Defendant asserts that any claim of imputed fault where Plaintiffs allege that Defendant should be cast in judgment under any theory of imputed fault arising under state law for the acts or omissions of the agent, is precluded by federal law. Federal law establishes a line of demarcation separating the WYO carrier from the agent for these purposes. As a matter of federal law, the WYO carrier is the fiscal agent and fiduciary of the United States, while the agent acts for the insureds. See 42 U.S.C. §4071(a)(1), 44 C.F.R. §61.5(e), and 44 C.F.R. §62.23(f).

## TWENTY-FOURTH DEFENSE

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.   See also 44 C.F.R. §61.13(e).

## TWENTY-FIFTH DEFENSE

Federal law clearly provides that for a person to obtain an SFIP and thereby to participate in this program, they must submit an application on a form approved by FEMA, and, they must pay the full amount of premium in advance of the policy term. In addition, except in limited circumstances provided for by federal law, all of this must happen more than 30 days before the loss occurs. Given that the Plaintiffs neither allege nor can prove these conditions precedent to the issuance of a federally backed National Flood Insurance Program Standard Flood Insurance Policy, Plaintiffs can establish no claim whatsoever, regardless of whether their claim is couched in tort or in contract.

## TWENTY-SIXTH DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program.  Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

## TWENTY-SEVENTH DEFENSE

Plaintiffs did not rely on any alleged misrepresentations of any Defendant or anyone for whom they might be legally responsible. Further, no theory of detrimental reliance upon any alleged

misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedent

bars such claims in the context of federal insurance programs. Moreover, FEMA's regulations

expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void

as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the

context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

### TWENTY-EIGHTH DEFENSE

There was no meeting of the minds to form a contract by and between the parties.  As such,

the SFIP is void and Plaintiffs must return all amounts of U.S. Treasury benefits to which they are

not entitled.

### TWENTY-NINTH  DEFENSE

There was no duty owed by this Defendant to the Plaintiffs that gives rise to any claim; no

breach of any duty by this Defendant; no causation and no damages can be attributable to this

Defendant.

### THIRTIETH DEFENSE

The Defendant is entitled to an offset for the percentage of liability and comparative fault

attributable to the acts, errors or omissions of the Plaintiffs, the co-defendants and any third party.

### THIRTY-FIRST DEFENSE

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to

42 U.S.C. §4072, 28 U.S.C. §1391, and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R) regardless of the

amount in controversy.  Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §1331,

§1332, §1337 and §1442.  Jurisdiction over any state law claim exists pursuant to 28 U.S.C. §1367,

but defendant denies that such claims are viable.  Venue is proper pursuant to 28 U.S.C. §1391 and

42 U.S.C. §4072 and 44 C.F.R. §61, App. A(1), Article VII(R) as the as the property and events in question occurred in the territorial jurisdiction of this court.

### THIRTY-SECOND DEFENSE

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." See Article VII(R). In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, payment of the appropriate premium, separation of property, documentation, cooperation, proof of loss, and other requirements in Case of Loss. There is no timely submitted proof of loss and there has been no documentation to support a claim payment of any additional monies as required by Article VII(J) of the SFIP and any extension granted by the Federal Insurance Administration. See Article VII(J)(3) & VII(J)(4), and VII(R) of the SFIP.

### THIRTY-THIRD DEFENSE

Defendant, Fidelity, asserts 44 C.F.R. Pt. 61, App. A(1), Articles VII(J)(5), VII(J)(7), and VII(J)(8) of the SFIP as affirmative defenses. The independent insurance adjuster is provided to the assured as a "courtesy only" and it is the responsibility of the insured to submit the proof of loss statement and documents to support the claim for any amounts over and above what the independent adjuster estimated within the extension granted by the Federal Insurance Administrator after the loss, even if the adjuster does not provide the form or assist, for any amounts over and above what the independent adjuster estimated. Further, the adjuster is not authorized to approve or disapprove claims or to tell the insured whether a particular claim will be approved or the amount that would

-18-

be distributed if any.

### THIRTY-FOURTH DEFENSE

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the SFIP, for they agreed to be bound by all program rules as a condition of the insurance that is being sought.

### THIRTY-FIFTH DEFENSE

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of the SFIP at issue, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties.  In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.,* 1994 WL 905630 (S.D. Fla. 1994), Defendant, Fidelity, prays that the Court order the return by the Plaintiffs of any amounts previously paid to them under the SFIP, and that the Defendant thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

### THIRTY-SIXTH DEFENSE

Congress made clear at the outset of the adoption of the NFIA that the actual scope of coverage would be limited via Executive Branch regulations.  See 42 U.S.C. §4013.  As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions.  Numerous economic, consequential and incidental damages arising from flooding are not covered.  Indeed many losses

that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program.  As such, Fidelity, affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

THIRTY-SEVENTH DEFENSE

Defendant, Fidelity, asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.  Furthermore, Plaintiffs cannot profit from an insurance claim.

THIRTY-EIGHTH DEFENSE

If these Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim against the WYO Carrier, as required by 44 C.F.R. Pt. 61, App. A(1), Article VII(R), and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant, Fidelity, affirmatively asserts and invokes the appraisal clause of the SFIP 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

THIRTY-NINTH DEFENSE

By statute, the Defendant, Fidelity, is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f).  Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019.  Those standards govern

all of the WYO Program companies and all of the insureds in a nationally uniform manner.

### FORTIETH DEFENSE

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### FORTY-FIRST DEFENSE

Defendant, Fidelity, pleads as an affirmative defense Article IV of the SFIP, but specifically Article IV(2), IV(6),  IV(9) and IV(12).

### FORTY-SECOND DEFENSE

Defendant, Fidelity, pleads as an affirmative defense the limitations of coverage set forth in Article III(A), (C), and (D) regarding those items specifically covered under the SFIP.

### FORTY-THIRD DEFENSE

 Defendant, Fidelity, pleads as an affirmative defense Article V(A), V(C),  and (D), and all subparts thereto and Article VII(M), of the SFIP.

### FORTY-FOURTH DEFENSE

Federal law governs the SFIP, not state law.  See 44 C.F.R. Pt. 61, App. A(3), Art. IX.  All state law based claims are preempted and barred by federal constitutional, statutory, and regulatory law.  Defendant, Fidelity, cannot be liable under state law for obeying the mandates of federal law. The question of whether the Plaintiffs are entitled to anything, and if so how much, is strictly governed by the federal laws, rules and regulations applicable to this matter, and all of the policy's terms and conditions as set forth in the SFIP which can be found 44 C.F.R. Part 61, App. A(1), together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

## FORTY-FIFTH DEFENSE

All persons are charged with knowledge of the published federal laws, rules and regulations, and the SFIP is itself codified and found at 44 C.F.R. Part 61, App. A(1). Furthermore, per U.S. Supreme Court precedents, the Plaintiffs have an obligation to familiarize themselves with the terms and conditions for participating in this federal program.

## FORTY-SIXTH DEFENSE

Plaintiffs' recovery from this lawsuit, if any is allowed, is limited and controlled by Article VII(V) of the SFIP.

## FORTY-SEVENTH DEFENSE

Some, or all of the claims of the Plaintiffs are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to damage that was pre-existing, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by flood is excluded or otherwise not covered under the SFIP.  No amounts can be paid for pre-existing damages or prior unrepaired damages.  Under federal law, all burdens of proof upon this issue rest upon the Plaintiffs.

## FORTY-EIGHTH DEFENSE

As to Plaintiffs' claim under their SFIP, all state-law based, extra-contractual claims are preempted and barred by federal constitutional, regulatory, and statutory law.  In addition, the States do not have the right or authority to regulate the U.S. Government's flood insurance program operated and funded with U.S. Treasury Funds.  See the McCarren-Ferguson Act, 15 U.S.C. §1011 *et seq.,* specifically 15 U.S.C. §1012(b).  See also Article IX of the SFIP.  Accordingly, Defendant

requests that this Court dismiss Plaintiffs' claims for extra-contractual, state-law based remedies to the extent it regards Plaintiffs' SFIP, as said claims fail to state a claim upon which relief may be granted.  Further, because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for prejudgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## FORTY-NINTH DEFENSE

As to the SFIP, only federal law, not state law, controls. By federal law, Fidelity is the fiduciary of FEMA and the U. S. Government.  Even under Louisiana state law, there is no fiduciary status between Plaintiffs and Fidelity as the relationship is contractual.

## FIFTIETH DEFENSE

Plaintiffs are responsible for reading their policy as well as any renewal notices, and are presumed to know the provisions of their policy, including the insurer's limits of liability.

## FIFTY-FIRST DEFENSE

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that Plaintiffs seek any recovery from Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

## FIFTY-SECOND DEFENSE

To the extent federal time limitations are not applicable, Defendant asserts all available prescriptive and preemptive statutes of limitations, whether general or specific.

## FIFTY-THIRD DEFENSE

-23-

To the extent that Plaintiffs have sought and obtained payments for wind damages or other types of damage from any other policies of insurance, or from any other sources either prior to, during or subsequent to the initiation of this lawsuit, Defendant is entitled to an offset and credit for any amounts paid.

## FIFTY-FOURTH DEFENSE

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). A court does not have this power. Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

## FIFTY-FIFTH DEFENSE

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

## FIFTY-SIXTH DEFENSE

Defendant is not liable for the acts, errors or omissions of the Plaintiffs, the co-defendants or any third parties and is entitled to an offset for any percentage of liability attributable to other parties or non-parties to this lawsuit.

## FIFTY-SEVENTH DEFENSE

Defendant pleads Article VII (C) of the SFIP and all subparts as an affirmative defense. If a loss covered by Plaintiffs' SFIP is also covered by other insurance that includes flood coverage not insured under the Act, Plaintiff cannot be paid more than the insurance they are entitled to for lost, damaged, or destroyed property insured under the SFIP at issue and the SFIP shares the loss on a pro-

-24-

rata basis..

## FIFTY-EIGHTH DEFENSE

Any SFIP overpayments must be refunded to the U.S. Treasury before Plaintiffs receive any additional flood damage payments.

## FIFTY-NINTH DEFENSE

Defendant pleads Article VII (S) of the SFIP as an affirmative defense.  Plainitffs' right to recover from any other person or entity is subject to the subrogation provision of the Standard Flood Insurance Policy.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves the right to supplement and amend this answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Fidelity National Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiffs against the Defendant, with prejudice, and that all costs and expenses will be taxed to the Plaintiffs.

Dated: May 7, 2007.

Respectfully submitted,

**NIELSEN LAW FIRM, L.L.C.**

/s/ *Dorothy L. Tarver*
GERALD J. NIELSEN, La. S.B. 17078
Email: gjnielsen@aol.com
THOMAS C. PENNEBAKER, La.S.B.24597
Email: tpennebaker@nielsenlawfirm.com
DOROTHY L. TARVER, LA. S.B. 29714
EMAIL: dtarver@nielsenlawfirm.com

-25-

3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500   Fax (504) 832-9165
Counsel for Defendant: Fidelity National
 Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2007, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the

following:

J. Douglas Sunseri, Esq.
Dawn Danna Marullo, Esq.
Svetlana Crouch, Esq.
Nicaud, Sunseri & Fradella, LLC
3000 18th Street
Metairie, LA 70002
Counsel for Plaintiffs

Sue R. Laporte, Esq.
Stacey M. Stein, Esq.
Best Koeppel, APLC
2030 St. Charles Avenue
New Orleans, LA 70130
Counsel for Robert Sheard
and Lexington Insurance Company

Frank J. Achary
BIENVENU, FOSTER, RYAN
& O'BANNON
1010 Common Street, Suite 2200
New Orleans, Louisiana 70112
Counsel for Louisiana Citizens Property Insurance
Corporation, Citizens Fair Plan

*/s/ Dorothy L. Tarver*
Dorothy L. Tarver