## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                              CIVIL ACTION
CONSOLIDATED LITIGATION
                                                          NO. 05-4182

PERTAINS TO:        *Abadie*, 06-5164                     SECTION "K"(2)
                    *Aaron*, 06-4746
                    *Kiefer*, 06-5370
                    *Austin*, 06-5383

### ORDER

Pending before this Court are Plaintiffs' Motion for Leave to File Motion and

Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron , et*

*al. v. AIG, et al.,* No. 06-4746 (Doc. 2237), Plaintiffs' Motion for Leave to File Motion and

Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Abadie ,*

*et al. v. Aegis Sec. Ins. Co., et al.,* No. 06-5164 (Doc. 2238) and  Plaintiffs' Unopposed Motion

and Incorporated Memorandum in Support for Entry of an Order Administratively Closing

*Kiefer, et al. v. Allstate, et al.*, No. 06-5370 (Doc. 2659).[1]  While the *Abadie* case contains class

action allegations, these cases for the most part are cases of mass joinder wherein hundreds of

individual plaintiffs are joined in a single complaint alleging causes of actions against a myriad

of insurers with none of the specifics required by the Federal Rules of Civil Procedure.

The Court held a hearing on these motions on January 24, 2007, and certain agreements

were reached at that hearing in that all the insurers, except State Farm Fire and Casualty

Company,  were satisfied with the Court administratively closing these cases for a period of time

subject to certain conditions.  After that hearing, the en banc court of the Eastern District of

---

[1]At the hearing, it was agreed that any action taken would also apply to the *Austin* case, C. A. 06-5383.

Louisiana met and determined that these mass joinder cases must be severed into individual suits, with each suit addressing one distinct property.

In addition, as a result of the stay entered by the United States Court of Appeals for the Fifth Circuit with respect to *Chehardy, Vanderbrook* and *Xavier* concerning the applicability of the water exclusion provisions in various insurance policies to damages caused by levee breaches, this Court entered a Stay Order (Doc. 3426) **as to all Insurance Cases** which stayed all discovery and application of deadlines established in the Case Management Order No. 4 as to all common liability issues–that is causation of the levee breaches– and class action certification. In addition, the Court noted that the Master Insurance Class Action Complaint was stayed as well pending a resolution of the pending appeal in *Chehardy, Vanderbrook* and *Xavier* or until such time the Court determines otherwise.  However, discovery and the application of deadlines established in the Case Management Order No. 4 for the individual insurance claims was not stayed except with respect to the common liability issues.

Based on all of the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron , et al. v. AIG, et al.,* No. 06-4746 (Doc. 2237), Plaintiffs' Motion for Leave to File Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Abadie , et al. v. Aegis Sec. Ins. Co., et al.,* No. 06-5164 (Doc. 2238) and  Plaintiffs' Unopposed Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Kiefer, et al. v. Allstate, et al.*, No. 06-5370 (Doc. 2659)[2] are **GRANTED** in part and **DENIED** in part.

---

[2]At the hearing, it was agreed that any action taken would also apply to the *Austin* case, C. A. 06-5383.

*Aaron, et al. v. AIG, et al.*, C.A. No. 06-4746, *Abadie, et al. v. Aegis Security Ins. Co., et al.*, No. 06-5164; *Kiefer v. Allstate Ins. Co.*, No. 06-5370 and *Austin v. Allstate Fire and Casualty Ins. Co.*, No. 06-5383 are hereby **ADMINISTRATIVELY CLOSED**, subject to the conditions enumerated below with respect to all defendants **except as to State Farm Fire and Casualty Company**:

The cases will be administratively closed, except as to State Farm Fire and Casualty Company, subject to the following conditions:

1.     Plaintiffs or Defendants shall retain the option to move the Court to re-open any of these matters at any time.  The Court can re-open these matters upon its own initiative at any time.  A party may also seek to re-open any case of the limited purpose of asking the Court to address a motion or issue particular to that party, without re-opening the case for all Parties, and leave to re-open these cases shall be freely granted as justice requires;

2.     The Case Management and Scheduling Order No. 4 entered in the *In re Katrina Canal Breaches Consolidated Litigation*  shall not apply to *Abadie, Aaron, Austin* and *Keifer,* and the parties shall not be subject to the disclosure requirements of the Federal Rules of Civil Procedure.  No discovery shall be taken in *Abadie, Aaron, Austin* and *Keifer* until such time as the cases are re-opened, and Plaintiffs and Defendants confer in good faith.

3.     On the first of each month, after a form is determined, counsel for Plaintiffs will provide the Court with a monthly progress report on the cases which remain

administratively closed.  Counsel for Plaintiffs shall provide the monthly report to
all counsel of record and shall be filed using the CM/ECF system.  The Court and
Liaison counsel will determine the form and content requirements for the monthly
reports.  A joint-proposed form shall be filed with the court on or before May 15,
2007.  The Court may periodically hold status conferences to address with
counsel for the Parties whether the cases should remain administratively closed,
and to address any other issues the Parties believe should be raised regarding the
litigation;

4.      The administrative closure does not preclude the parties from seeking to settle or
resolve these matters on their own, and the Parties shall cooperate in good faith in
the exchange of information outside of the formal discovery process in order to
facilitate settlement negotiations;

   **IT IS FURTHER ORDERED** that with respect to the claims lodged against State Farm
Fire and Casualty Company,  plaintiffs' claims in these cases will be severed into individual
suits, each addressing one distinct property or porperties if covered by the same policy of
insurance.  In order to accomplish this action,

   **IT IS FURTHER ORDERED** that plaintiffs' counsel shall, within 30 days of this order,
file an amended complaint for each individual property claim.  This pleading shall be filed with
the Clerk on paper, not electronically.

   In addition to (1) the *In re Katrina Canal Breaches Consolidated Litigation* caption and
(2) the name of the case from which it is being severed,  the caption of the Amended Complaint
shall contain only the individual plaintiff(s) and defendant(s) which are the subject of that

specific claim.   Upon filing, the clerk will assign a new docket number and **will allot it directly**

**to this section** of the Court since such pleading should contain allegations concerning insurance

coverage for damages caused by levee breaches.  All pleadings regarding that claim shall

thereafter shall bear that caption.

The Caption should appear as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | **NO. 05-4182** |
| **PERTAINS TO:  SEVERED MASS JOINDER CASES** | **SECTION "K"(2)** |
| **[pick appropriate case]** | |
| *Severed from:*     ***Abadie*, 06-5164** | |
|          ***Aaron*, 06-4746** | |
|          ***Kiefer*, 06-5370** | |
|          ***Austin*, 06-5383** | |

| | |
|---|---|
| [PLAINTIFF] | CIVIL ACTION |
| VERSUS | NO. |
| [DEFENDANT] | SECTION "K"() |

**IT IS FURTHER ORDERED** that an addition category of case is hereby created under

the umbrella, that is **SEVERED MASS JOINDER CASES.**

**IT IS FURTHER ORDERED** that plaintiffs shall serve each new amended complaint, a

copy of the original complaint  and a copy of this order on opposing counsel and on each

defendant not yet having appeared in the litigation.

**IT IS FURTHER ORDERED** that any motions still pending in the original case must

be refiled in any newly assigned cases to which they pertain.

5

**IT IS FURTHER ORDERED** that any claims not timely brought before the Court by amended complaint as ordered herein will be dismissed without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark the following motions as **DISMISSED BY REASON OF THIS ORDER:**

1709   Motion to Sever filed by Hartford Entities–Aaron
1711   Motion to Sever filed by USAA Entities–Aaron
1751   Motion to Sever filed by Safeco Entities–Aaron
1756   Motion to Sever filed by State Farm Entities–Aaron
1794   Motion to Sever filed by Scottsdale–Aaron
1878   Motion to Sever filed by Allstate Entities–Aaron
1963   Motion to Sever filed by Hanover Entities–Aaron
2056   Motion to Sever filed by Standard Entities–Aaron
2057   Joinder in Motion to Sever field by Horace Mann Entities–Aaron
2240   Motion to Sever filed by Empire Fire and Marine, et al–Aaron
2280   Motion to Sever filed by MetLife Entities–Aaron
2315   Motion to Sever filed by Southwest Business Corp–Aaron

2964   Motion to Sever filed by State Farm–Abadie
2979   Motion to Sever filed by State Farm–Austin
2985   Motion to Sever filed by State Farm–Kiefer

1708   Motion for a More Definite Statement by Hartford Entities–Aaron, 06-4746
1710   Motion for a More Definite Statement filed by USAA entities–Aaron
1758   Motion for a More Definite Statement filed by State Farm entities–Aaron
1795   Motion for a More Definite Statement filed by Standard/Travelers–Aaron
1824   Motion for a More Definite Statement filed by Hanover Entities–Aaron
1827   Motion for a More Definite Statement filed by Horace Mann Entities–Aaron
2144   Motion for a More Definite Statement filed by Southwest Business–Aaron
2230   Motion for a More Definite Statement filed by Scottsdale Entities–Aaron
2241   Motion for a More Definite Statement filed by Empire Fire and Marine, et al–Aaron
2279   Motion for a More Definite Statement filed by MetLife Entities–Aaron

2960   Motion for a More Definite Statement filed by State Farm–Abadie

2975   Motion for a More Definite Statement filed by State Farm–Austin

1760   Motion to Dismiss the First Supplemental and Amended Complaint filed by AIG entities–Aaron

1794   Motion to Dismiss Case filed by Scottsdale–Aaron
2280   Motion to Dismiss filed by  MetLife Entities–Aaron

1844   Motion for Judgment on the Pleadings filed by Republic Fire and Cas.–Aaron
1846   Motion for Judgment on the Pleadings filed by American National–Aaron


   Finally, the Court notes that plaintiffs' have indicated an intention to dismiss the class

allegations in *Abadie* by virtue of the  Master Insurance Class Action Complaint that has been

filed.   Counsel for State Farm and the *Abadie* plaintiffs shall meet and file a written report to the

Court as to the consequences of this order as concerns the class action allegations contained in

*Abadie* **no later than April 12, 2007**.  Furthermore, as a stay with respect to Insurance Class

Actions remains in place,

   **IT IS ORDERED** that the Motion to Dismiss Class Allegations filed by State

Farm–Abadie (Doc. 2943) is dismissed  and may be re-urged when the Stay is lifted.

   New Orleans, Louisiana, this  _27th_  day of March, 2007.

               **STANWOOD R. DUVAL, JR.**
         **UNITED STATES DISTRICT COURT JUDGE**