UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | JUDGE:  DUVAL |
| | * | |
| PERTAINS TO: INSURANCE | * | MAGISTRATE WILKINSON |
| Cloud, No. 06-6093 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER TO AMENDED PETITION AND AFFIRMATIVE DEFENSES

Defendant Allstate Insurance Company ("Allstate") responds and answers the plaintiff's Amended Petition for Damages ("Petition") as follows:

### A.
### AFFIRMATIVE AND OTHER DEFENSES

### I.

Plaintiff's Allstate homeowner insurance policy specifically excludes coverage for loss due to "flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these,  whether or not driven by wind."

84291

II.

Plaintiff's Allstate homeowner insurance policy specifically excludes coverage for loss, *inter alia*, caused by "weather conditions that contribute in any way with a cause of loss excluded" that produces a loss; and where there are two or more causes of loss to property and the predominant cause of loss is excluded.

III.

The plaintiff's claims are diminished and/or barred by the other insurance provisions of her Allstate homeowner insurance policy.

IV.

Plaintiff has been fully compensated for her damages.

V.

Plaintiff's Allstate homeowner policy excludes loss caused by faulty, inadequate or defective design, repair, construction, or maintenance of property whether on or off the residence premises by any person or organization.

VI.

Plaintiff's claims, or some of them, are preempted by the National Flood Insurance Program (42 U.S.C. § 4001).

VII.

If plaintiff suffered any damages, as alleged, such injuries were caused in whole or in part by the actions or inactions of third parties, and not Allstate.

84291

VIII.

The Valued Policy Law, La. R.S. 22:695, does not apply to plaintiff's claims.

IX.

Plaintiff's Allstate homeowner insurance policy specifically excludes coverage for loss, *inter alia*, because of water or any other substance on or below the surface of the ground, regardless of its source, including water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

X.

To the extent that monies recoverable under plaintiff's policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of their interest.

XI.

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, payment, estoppel, and set-off, and/or by plaintiffs' judicial admissions.

XII.

Plaintiff has no cause of action or right of action for arbitrary and capricious conduct.

XIII.

Plaintiff's homeowner insurance policy does not cover losses when there are two or more causes of loss to the covered property and the predominant cause of loss is excluded.

84291

XIV.

Plaintiff's claims are barred to the extent she has failed to mitigate her damages.

XV.

Allstate further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

## B.

## ANSWER

**AND NOW**, responding to the specific allegations of the Petition, Allstate further states the following:

I.

Allstate re-alleges and incorporates each and every paragraph in its Answer and Affirmative Defenses to the original Petition as if plead herein, in response to paragraph I.

II.

Except as expressly admitted herein, Allstate denies the allegations of paragraph II for lack of information sufficient to justify a belief therein. Allstate admits that plaintiff's property sustained some damage, for which she has been fully compensated under the provisions of her Allstate homeowner insurance policy. Allstate further states that, on information and belief, plaintiff had a flood insurance policy that provided coverage for damage caused by water and plaintiff received payments under that policy for damage resulting from Hurricane Katrina.

84291

III.

Allstate denies the allegations of paragraph III for lack of information sufficient to justify a belief therein.

IV.

Except as expressly admitted herein, Allstate denies the allegations of paragraph IV. Allstate admits that plaintiff seeks recovery for alleged damage to her property. Allstate avers that it has paid plaintiff all sums due under her homeowner insurance policy, and denies that it owes further payments.

Allstate further denies the allegations contained in the paragraph beginning WHEREFORE and denies that plaintiff is entitled to any relief.

**WHEREFORE**, defendant Allstate Insurance Company prays that its Answer to Amended Petition for Damages and Affirmative Defenses be deemed good and sufficient, and that after due proceedings had, this Court render judgment in its favor, with all costs and fees alleged against the plaintiff.

Respectfully Submitted,

*/s/  Mary Dawn Pugh*
_____
Judy Y. Barrasso, 2814
Craig Isenberg, 29603
Mary Dawn Pugh, 30025
    Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Attorneys for Allstate Insurance Company

84291

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Answer and Affirmative Defenses to the Amended Petition for Damages of Allstate Insurance Company has been served upon all counsel of record through the electronic filing system, this 9th day of May, 2007.


*/s/  Mary Dawn Pugh*
_____

84291