# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>PERTAINS TO: SEVERED MASS JOINDER CASES | *   **CIVIL ACTION**<br>*<br>*   **No. 05-4182**<br>* |
| *severed from Abadie, 06-5164* | *   **SECTION "K" (2)**<br>* |
| **JAVIER PAZMINO, VANESSA M PAZMINO**<br>      Plaintiff | *<br>* |
| **VERSUS** | *   **CIVIL ACTION**<br>* |
| | *   **No. 07-2351** |
| **STATE FARM FIRE and CASUALTY COMPANY**<br>      Defendant | *<br>*   **SECTION "K" ()** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL AND AMENDING COMPLAINT

### PURSUANT TO ORDER OF SEVERANCE DATED MARCH 27, 2007

**NOW INTO COURT,** through undersigned counsel, comes Javier Pazmino, Vanessa M Pazmino, who respectfully supplements and amends his or her Complaint as follows:

I.

Made defendant herein is:

1.    STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter "State Farm"),

a foreign insurer authorized to do and doing business the State of Louisiana.

II.

This Court has personal jurisdiction over State Farm because it was transacting business in this District within the relevant time periods by way of selling insurance policies to Javier Pazmino, Vanessa M Pazmino.

III.

−1−

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and State Farm regularly transacts business in this District.

IV.

Petitioner seeks compensatory and punitive damages from State Farm as a result of its wrongful conduct, for the following reasons, to wit:

## FACTUAL BACKGROUND

V.

At all pertinent times, Javier Pazmino, Vanessa M Pazmino owned immovable property with improvements and personal property at 1241 Papworth Ave, in Metairie, Louisiana.

VI.

Javier Pazmino, Vanessa M Pazmino purchased a homeowner's insurance policy (the "All Risk Policy") from State Farm.

VII.

Javier Pazmino, Vanessa M Pazmino purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind.

VIII.

Javier Pazmino, Vanessa M Pazmino trusted and relied upon State Farm's representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their Insurance Policy would cover any and all hurricane damage.

IX.

The amount of insurance coverage for Javier Pazmino, Vanessa M Pazmino was based on the estimated cost of replacing the home, an amount estimated by State Farm or an agent authorized by them to determine the replacement cost of each individual home.

X.

At all times relevant hereto, Javier Pazmino, Vanessa M Pazmino made timely payment of the premiums due on their All Risk Policy, which was in full force and effect at the time of their loss.

XI.

At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Grande Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 a.m.

XII.

As a result of the effects of Hurricane Katrina on the New Orleans region, Javier Pazmino, Vanessa M Pazmino had substantial damage to their home and the contents of their home were destroyed.

XIII.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina and it's aftermath, Javier Pazmino, Vanessa M Pazmino instituted a claim for loss pursuant to their insurance policy.

XIV.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, State Farm continuously utilized dilatory tactics leading to substantial delays in adjusting Javier Pazmino, Vanessa M Pazmino claims.

XV.

Additionally, State Farm refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

### COUNT I — BREACH OF CONTRACT

XVI.

Javier Pazmino, Vanessa M Pazmino repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XVII.

A valid contract exists between Javier Pazmino, Vanessa M Pazmino and State Farm in the form of the All Risk Policy, which obligates State Farm to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms.

XVIII.

Javier Pazmino, Vanessa M Pazmino paid all premiums due under their All Risk Policy and materially performed their obligations under that policy.

XIX.

Upon proper and repeated demands by Javier Pazmino, Vanessa M Pazmino, State Farm has refused to meet its obligations under the All Risk Policy and refused to pay the full extent of damages sustained by Javier Pazmino, Vanessa M Pazmino home as a result of being destroyed

or damaged by the efficient proximate cause of windstorms.

XX.

As a direct and proximate result of the breach by State Farm, Javier Pazmino, Vanessa M Pazmino was deprived of the benefit of insurance coverage for which State Farm was paid substantial premiums and, accordingly, Javier Pazmino, Vanessa M Pazmino has suffered substantial damages.

XXI.

Javier Pazmino, Vanessa M Pazmino avers that State Farm negligently failed to exercise reasonable care in fulfilling its duties to Javier Pazmino, Vanessa M Pazmino, more particularly, but not limited to:

1).   Failing to initiate loss adjustment of a claim after notification of loss;

2).   Failing to promptly and adequately adjust the claims presented;

3).   Provide an initial tender of payment at prices falling below regional commercial standards;

4).   Failing to make complete payment after receipt of satisfactory proofs of loss of that claim;

5).   Failing to fulfill the terms and conditions of the insurance contract at issue;

6).   Failing to exercise reasonable care in the supervision of subordinates and employees;

7).   Failing to exercise reasonable care;

8).   Breach of express and implied warranties; and

9).   Any and all other acts of negligence to be proven at trial.

XXII.

As a result of the above referenced conduct, Javier Pazmino, Vanessa M Pazmino has

sustained damages in the

following non exclusive ways:

1.     loss of personal property and property value;

2.     inconvenience;

3.     loss of use of property;

4.     loss of income;

5.     loss of profits;

6.     loss of business opportunity;

7.     as well as other damages to be proven at trial.

**WHEREFORE**, Javier Pazmino, Vanessa M Pazmino demands judgment against State

Farm for all amounts due under the All Risk Policy, other compensatory damages, interest,

attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

## COUNT II — BREACH OF THE IMPLIED COVENANT OF

## GOOD FAITH AND FAIR DEALING

XXIII.

Javier Pazmino, Vanessa M Pazmino repeats and re-alleges the allegations of the

foregoing paragraphs as if the  same were set forth at length herein.

XXIV.

By selling its All Risk Policy to Javier Pazmino, Vanessa M Pazmino, State Farm

assumed a duty of good faith and fair dealing to Javier Pazmino, Vanessa M Pazmino, including

an obligation to promptly indemnify Javier Pazmino, Vanessa M Pazmino for the losses.

XXV.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina and its aftermath, Javier Pazmino, Vanessa M Pazmino instituted a claim for loss pursuant to their insurance policy.

XXVI.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, State Farm continuously utilized dilatory tactics leading to substantial delays in adjusting Javier Pazmino, Vanessa M Pazmino claims.

XXVII.

Additionally, State Farm refused to adequately adjust the claims and make payment ofthe amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

XXVIII.

By engaging in the conduct described above, State Farm has  violated the duties of good faith and fair dealing owed to Javier Pazmino, Vanessa M Pazmino.

XXIX.

Moreover, by engaging in the conduct above, State Farm's persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Javier Pazmino, Vanessa M Pazmino rights so as to warrant the imposition of punitive damages against State Farm.

XXX.

Additionally, that despite the fact that settlement negotiations have taken place, Javier Pazmino, Vanessa M Pazmino contends that State Farm has been arbitrary and capricious in the adjustment and handling of this claim pursuant to Louisiana Revised Statute 22:658.

## XXXI.

Javier Pazmino, Vanessa M Pazmino further contends that the actions of State Farm were arbitrary and capricious and violated the duty to deal with Javier Pazmino, Vanessa M Pazmino in good faith in failing to make a reasonable effort to settle its claim pursuant to La. R.S. 22:1220.

## XXXII.

Pursuant to La. Rev. Stat. Ann. § 22:1220(A), State Farm  owes Javier Pazmino, Vanessa M Pazmino a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Javier Pazmino, Vanessa M Pazmino.

## XXXIII.

La. Rev. Stat. Ann. § 22:1220(B) prohibits State Farm from, inter alia, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim . . . when such failure is arbitrary, capricious or without probable cause."

## XXXIV.

As such, State Farm has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

XXXV.

By engaging in all of the above conduct, State Farm has engaged in bad faith conduct in violation of La. Rev. Stat. Ann. § 22:1220.

XXXVI.

As a direct and proximate result of the State Farm's bad faith actions, Javier Pazmino, Vanessa M Pazmino has suffered, and will continue to suffer, substantial damages.

XXXVII.

Javier Pazmino, Vanessa M Pazmino hereby demands trial by jury on all issues so triable.

**WHEREFORE**, Javier Pazmino, Vanessa M Pazmino prays that the defendant State Farm Fire and Casualty Company be duly served and cited to appear and answer the Supplemental and Amending Complaint Pursuant to Order of Severance dated March 27, 2007, and for trial by jury; and that after due proceedings, that there be judgment in favor of Javier Pazmino, Vanessa M Pazmino and against State Farm Fire and Casualty Company for damages as are reasonable in the premises with legal interest thereon from date of judicial demand and for all costs of these proceedings, and all general and equitable relief deemed proper by this Honorable Court.

Respectfully submitted:

BY: _____

JOSEPH M. BRUNO, (#3604)
L. SCOTT JOANEN (#21431)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, LA  70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493