# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION PERTAINS TO: SEVERED MASS JOINDER CASES | * **CIVIL ACTION** <br> * <br> * **No. 05-4182** <br> * |
| *severed from Abadie, 06-5164* | * **SECTION "K" (2)** <br> * |
| **PAUL SCALIA** <br>        **Plaintiff** | * <br> * <br> * **CIVIL ACTION** |
| **VERSUS** | * <br> * **No. 07-2358** |
| **STATE FARM FIRE and CASUALTY COMPANY** <br>        **Defendant** | * <br> * **SECTION "K" ()** <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL AND AMENDING COMPLAINT

### PURSUANT TO ORDER OF SEVERANCE DATED MARCH 27, 2007

**NOW INTO COURT,** through undersigned counsel, comes Paul Scalia , who respectfully supplements and amends his or her Complaint as follows:

I.

Made defendant herein is:

1.     STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter "State Farm"),

       a foreign insurer authorized to do and doing business the State of Louisiana.

II.

This Court has personal jurisdiction over State Farm because it was transacting business

in this District within the relevant time periods by way of selling insurance policies to Paul Scalia

.

III.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and State Farm regularly transacts business in this District.

IV.

Petitioner seeks compensatory and punitive damages from State Farm as a result of its wrongful conduct, for the following reasons, to wit:

**FACTUAL BACKGROUND**

V.

At all pertinent times, Paul Scalia  owned immovable property with improvements and personal property at 5401 Laurel St., in New Orleans, Louisiana.

VI.

Paul Scalia  purchased a homeowner's insurance policy (the "All Risk Policy") from State Farm.

VII.

Paul Scalia  purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind.

VIII.

Paul Scalia  trusted and relied upon State Farm's representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their Insurance Policy would cover any and all hurricane damage.

IX.

–2–

The amount of insurance coverage for Paul Scalia was based on the estimated cost of replacing the home, an amount estimated by State Farm or an agent authorized by them to determine the replacement cost of each individual home.

X.

At all times relevant hereto, Paul Scalia made timely payment of the premiums due on their All Risk Policy, which was in full force and effect at the time of their loss.

XI.

At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Grande Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 a.m.

XII.

As a result of the effects of Hurricane Katrina on the New Orleans region, Paul Scalia had substantial damage to their home and the contents of their home were destroyed.

XIII.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina and it's aftermath, Paul Scalia instituted a claim for loss pursuant to their insurance policy.

XIV.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, State Farm continuously utilized dilatory tactics leading to substantial delays in adjusting Paul Scalia claims.

XV.

Additionally, State Farm refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

## COUNT I — BREACH OF CONTRACT

### XVI.

Paul Scalia  repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

### XVII.

A valid contract exists between Paul Scalia  and State Farm in the form of the All Risk Policy, which obligates State Farm to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms.

### XVIII.

Paul Scalia  paid all premiums due under their All Risk Policy and materially performed their obligations under that policy.

### XIX.

Upon proper and repeated demands by Paul Scalia , State Farm has refused to meet its obligations under the All Risk Policy and refused to pay the full extent of damages sustained by Paul Scalia  home as a result of being destroyed or damaged by the efficient proximate cause of windstorms.

### XX.

As a direct and proximate result of the breach by State Farm, Paul Scalia  was deprived of the benefit of insurance coverage for which State Farm was paid substantial premiums and,

accordingly, Paul Scalia has suffered substantial damages.

XXI.

Paul Scalia avers that State Farm negligently failed to exercise reasonable care in fulfilling its duties to Paul Scalia , more particularly, but not limited to:

1).    Failing to initiate loss adjustment of a claim after notification of loss;

2).    Failing to promptly and adequately adjust the claims presented;

3).    Provide an initial tender of payment at prices falling below regional commercial standards;

4).    Failing to make complete payment after receipt of satisfactory proofs of loss that claim;

5).    Failing to fulfill the terms and conditions of the insurance contract at issue;

6).    Failing to exercise reasonable care in the supervision of subordinates and employees;

7).    Failing to exercise reasonable care;

8).    Breach of express and implied warranties; and

9).    Any and all other acts of negligence to be proven at trial.

XXII.

As a result of the above referenced conduct, Paul Scalia has sustained damages in the following non exclusive ways:

1.    loss of personal property and property value;

2.    inconvenience;

3.    loss of use of property;

4.      loss of income;

5.      loss of profits;

6.      loss of business opportunity;

7.      as well as other damages to be proven at trial.

**WHEREFORE**, Paul Scalia  demands judgment against State Farm for all amounts due under the All Risk Policy, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

## COUNT II — BREACH OF THE IMPLIED COVENANT OF

## GOOD FAITH AND FAIR DEALING

### XXIII.

Paul Scalia  repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

### XXIV.

By selling its All Risk Policy to Paul Scalia , State Farm assumed a duty of good faith and fair dealing to Paul Scalia , including an obligation to promptly indemnify Paul Scalia  for the losses.

### XXV.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina and its aftermath, Paul Scalia  instituted a claim for loss pursuant to their insurance policy.

### XXVI.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, State Farm continuously utilized dilatory tactics leading to substantial delays in

adjusting Paul Scalia claims.

XXVII.

Additionally, State Farm refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

XXVIII.

By engaging in the conduct described above, State Farm has violated the duties of good faith and fair dealing owed to Paul Scalia .

XXIX.

Moreover, by engaging in the conduct above, State Farm's persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Paul Scalia rights so as to warrant the imposition of punitive damages against State Farm.

XXX.

Additionally, that despite the fact that settlement negotiations have taken place, Paul Scalia contends that State Farm has been arbitrary and capricious in the adjustment and handling of this claim pursuant to Louisiana Revised Statute 22:658.

XXXI.

 Paul Scalia further contends that the actions of State Farm were arbitrary and capricious and violated the duty to deal with Paul Scalia in good faith in failing to make a reasonable effort to settle its claim pursuant to La. R.S. 22:1220.

XXXII.

Pursuant to La. Rev. Stat. Ann. § 22:1220(A), State Farm owes Paul Scalia a "duty of

–7–

good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Paul Scalia .

XXXIII.

La. Rev. Stat. Ann. § 22:1220(B) prohibits State Farm from, inter alia, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim . . . when such failure is arbitrary, capricious or without probable cause."

XXXIV.

As such, State Farm has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

XXXV.

By engaging in all of the above conduct, State Farm has engaged in bad faith conduct in violation of La. Rev. Stat. Ann. § 22:1220.

XXXVI.

As a direct and proximate result of the State Farm's bad faith actions, Paul Scalia  has suffered, and will continue to suffer, substantial damages.

XXXVII.

Paul Scalia  hereby demands trial by jury on all issues so triable.

**WHEREFORE**, Paul Scalia  prays that the defendant State Farm Fire and Casualty Company be duly served and cited to appear and answer the Supplemental and Amending Complaint Pursuant to Order of Severance dated March 27, 2007, and for trial by jury; and that

–8–

after due proceedings, that there be judgment in favor of Paul Scalia and against State Farm Fire

and Casualty Company for damages as are reasonable in the premises with legal interest thereon

from date of judicial demand and for all costs of these proceedings, and all general and equitable

relief deemed proper by this Honorable Court.

Respectfully submitted:

By: _____
JOSEPH M. BRUNO, (#3604)
L. SCOTT JOANEN (#21431)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, LA   70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493