UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                        CIVIL ACTION
CONSOLIDATED LITIGATION
                                                    NO. 05-4182

PERTAINS TO: ST. RITA                               SECTION "K"(2)
*Johnson*   C. A. No. 06-7400

## ORDER AND REASONS

Before the Court are the following motions:

(1)  Motion to Remand filed by plaintiff, Alan Johnson ("Johnson") (Doc. 1599) and

(2)  United States' Motion to Dismiss Third-Party Demands (Doc. 1959).[1]

This case is one among 45 cases filed in state court concerning alleged negligence and nursing home malpractice that occurred at St. Rita's Nursing Home Facility ("St. Rita's") in the flooding that occurred in the wake of Hurricane Katrina. Having reviewed the pleadings, memoranda and the relevant law, the Court is prepared to rule.

**Background**

This case was filed in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana by Alan Johnson, a Georgia resident and the sole surviving heir of Mabel Johnson, who died at St. Rita's. He has sued Buffman, Inc. which did business as St. Rita's, Mabel Mangano and Salvador Mangano, employees and owners of Buffman. These defendants in turn filed third-party claims in this suit against the United States and other state and local officials

---

[1] This document pertains to numerous pending suits in this matter. The Court finds that for purposes of docketing and case management, the Court will deal with this case first as it had the earliest filed Motion to Remand.

and agencies seeking indemnity and contribution based on the Government's alleged negligent design, construction and maintenance of the MRGO.

Defendants contend that such negligence caused or exacerbated the flooding of the St. Rita's and that the Government should indemnify them in the event that they are held liable to plaintiff. The defendants' claims against the United States were made pursuant to the Federal Tort Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. (Doc. No. 1-2, Third Party Demand at 7-10. ) The United States removed this case on October 6, 2006, pursuant to 28 U.S.C. §§ 1346(b)(1),[2] 1441(a)[3], and 1442(a)[4].

**Motion to Remand**

Plaintiff contends that because the plaintiff has not set out a claim against the United States that diversity of citizenship does not exist. Furthermore, he argues that under Louisiana law, there is no right to contribution. Comparative fault, as defined in La. Civ. Code art. 2323, is the method by which responsibility for damages would be assessed against the defendants. Only where there is an intentional or willful act can solidary liability apply. Article 2324(B) provides:

---

[2] Section 1346(b)(1) of the FTCA provides that federal district courts:
. . . have exclusive jurisdiction of civil actions on claims against the Untied states, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

[3] Section 1441(a) is the "general removal statute" which allows removal of a state court case to federal court when the district court has original jurisdiction over the claim.

[4] Section 1442(a) is the federal agencies and officers removal statute which provides for the removal of a state suit to federal court when it is one filed against the United States, any of its agencies and/or officers.

>If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault of such other person, including the person suffering injury, death, or loss, regardless os such other person's insolvency, ability to pay, degree of fault, immunity by statue or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

La. Civ. Code art. 2324.

Defendants oppose the Motion to Remand based on their contention that the Government would owe them indemnity if they were found liable. Thus, they third-partied the Government. They maintain that under the FTCA, a defendant in a state court action is permitted to bring a third party demand against the United States without first exhausting administrative remedies. *Hassan v. Louisiana Dept. of Trans. and Dev.*, 923 F Supp. 890 (W.D. 1996). Thus, the question turns on whether the Government has the right to remove this matter to federal court based on this third-party demand.

As stated in *Manorcare Potomac v. Understein*, 2002 WL 31426705 (M.D.Fla. October 16, 2002):

>Although a third-party defendant typically may not remove an action to federal court, a third-party defendant proceeding under 28 U.S.C. § 1442(a)(1) may remove an action. *See e.g. Johnson v. R.G. Showers v. Nat'l Flood Ins. Program,* 747 F.2d 1228 (8th Cir.1984); *IMFC Prof'l Serv. of Fla., Inc. v. Latin Arn. Home Health, Inc. v. Schweiker,* 676 F.2d 152 (5th Cir.1982); *Hendrickson v. Superior Aviation,* 934 F.Supp. 332 (E.D.Mo.1996); *Davenport v. Borders v. Harris,* 480 F.Supp. 903 (N.D.Ga.1979).

*Id*., n.1 at *1. Section 1442(a)(1) of Title 28 of the United States Code provides, in pertinent part:

>(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office...

*Id.* The power to remove is absolute, provided the proper procedures are followed. *Ryan v. Dow Chemical*, 781 F.Supp. 934, 939 (E.D.N.Y. 1992) ( *citing Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)).  "The only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency.  There is no indication in § 1442 that the federal court must have subject matter jurisdiction over the claims against the federal officer. "  *IMFC Professional Serv. of Fla., Inc. v. Schweiker*, 676 F.2d 152, 156 (5th Cir. 1982).  Thus, the removal was proper.  Accordingly,

**IT IS ORDERED** that Motion to Remand filed by plaintiff, Alan Johnson ("Johnson") (Doc. 1599) is **DENIED**.

### United States' Motion to Dismiss Third-Party Demands

The United States has moved pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) to dismiss the third-party demand filed against it by defendants Buffman Inc. d/b/a St. Rita's Nursing home Facility, Mabel Mangano, and Salvador Mangano), owners of St. Rita's ("defendants" or "third-party plaintiffs").  The Government's primary argument is that this Court has no jurisdiction over the subject matter of this case, because when a  case is removed pursuant to 28 U.S.C. § 1442, the district court acquires only the same subject matter jurisdiction that the state court could have exercised.  The state court from which this suit was removed had no jurisdiction because only federal courts have original jurisdiction under the FTCA. Thus, this Court has no subject matter jurisdiction.  The United States also raises a substantive argument as

to whether third-party plaintiffs even raise a valid state law claim as it maintains that Louisiana law provides no cause of action for indemnity in this instance and only comparative fault would apply.

The defendants have filed an opposition to this motion contending that the Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied because the motion directly attacks the merits of the third-party demand. They rely on *Lombard v. New Orleans Naval Support Activity Commission*, 2004 WL 2988483 (E.D. La. Dec. 10, 2004) where a third-party claim against the United States was brought **in federal court.** This case is procedurally inapposite to the subject case and has no bearing on the issue of subject matter jurisdiction, which is the threshold issue.

The "derivative jurisdiction doctrine" recognizes that a court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction. *Barnaby v. Quintos*, 410 F. Supp. 2nd 142, 143 (S.D.N.Y. 2005).[5] This doctrine has been circumscribed in relation to removal under § 1441 by virtue of § 1441(f), which states that "The court to which a civil action is removed under this action is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." However, courts have consistently held that § 1441(f) does not apply to actions removed under § 1442. *Id. citing Singleton v. Elrac, Inc.,* No. 03 Civ. 4979(JFK), 2004 WL 2609554 at *1-2 (S.D.N.Y. Nov. 16, 2004); *Gionfriddo v. Salaf,* 343 F.Supp.2d 109, 111 (D.Conn.2004); *Charles v. Inam,* No. 99 Civ. 12427(SWK), 2001 WL 79900 at *1 (S.D.N.Y. Jan. 30, 2001); *Giuffre v. City of New York,*

---

[5]This case provides an extensive explanation of the legislative history of this provision.

No. 00 Civ. 1517(MBM), 2000 WL 557324 at *1 (S.D.N.Y. May 8, 2000); *Moreland v. Van Buren GMC,* 93 F.Supp.2d 346, 353-55 (E.D.N.Y.1999). *Contrast Strychasz v. Maron Const. Co., Inc.,* No. Civ. 3:01 CV 2063(PCD), 2002 WL 32500874 at *2 (D.Conn. July 16, 2002) (noting that derivative jurisdiction was "eliminated to some extent" by the 1985 amendment, but declining to address the viability of derivative jurisdiction for cases removed under 28 U.S.C. § 1442 because the Government had cited 28 U.S.C. § 1441 as the basis for removal).  Indeed, one court has stated, "In virtually every court that has addressed the issue has concluded that the derivative jurisdiction doctrine still applies to removals filed pursuant to 28 U.S.C. § 1442(a)) *McCarter v. John Hancock Center*, 2002 WL 31875470, *3 (N.D.Ill. 2002) *citing Smith v. Cromer,* 159 F.3d 875, 879 (4th Cir.1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction."); *Elko County Grand Jury v. Siminoe,* 109 F.3d 554, 555 (9th Cir.1997) ("[B]ecause this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *Giuffre v. City of New York,* 2000 WL 557324, at *1 (S.D.N.Y. May 8, 2000) ("there is no exception to the derivative jurisdiction doctrine that governs cases removed pursuant to Section 1442."); *Moreland v. Van Buren GMC,* 93 F.Supp.2d 346, 355 (E.D.N.Y.1999) ("the Court holds that the doctrine of derivative jurisdiction remains viable under Section 1442."); *Bosaw v. Nat'l Treasury Employees' Union,* 887 F.Supp. 1199, 1209 (S.D.Ind.1995) ("[T]he most recent Seventh Circuit precedent indicates that the Court's jurisdiction is restricted to whatever jurisdiction the state court had over this ... dispute."); *but*

*see North Dakota v. Fredericks,* 940 F.2d 333, 337 (8th Cir.1991) ("[T]he policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative-jurisdiction doctrine."). This Court shall follow the great weight of jurisprudence and finds that the derivative jurisdiction doctrine is still viable with respect to cases removed pursuant to 28 U.S.C. § 1442(a) as this suit was. *See generally Foval v. First nat. Bank of Commerce,* 841 F.2d 126, 128 (E.D.La. 1988). Thus, as this Court has no jurisdiction over this matter,

**IT IS ORDERED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED** and the Third-Party Claims shall be **DISMISSED without prejudice.**

Considering the foregoing, the only claims with respect to the main action and the third-party action are among and against Louisiana residents.[6] Thus, there is neither diversity jurisdiction over the matter, nor does this Court find any reason to exercise its supplemental jurisdiction over this case. 28 U.S.C. § 1367(c)(3). Accordingly, as there is no jurisdictional grounds for this matter to remain in this Court,

---

[6]A Joint Motion to Dismiss was filed on behalf of third-party defendants, Kathleen Balnco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary of the Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D. in his official capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of the Attorney General of the State of Louisiana (Doc. 1805) which the Clerk's Office deemed deficient as the cases included therein had not yet all been consolidated under the umbrella. The Court will not rule on this motion for the reasons stated.

**IT IS ORDERED** pursuant to 28 U.S.C. 1447(c), this case is **REMANDED** the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this  15th  day of May, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**