UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | CIVIL ACTION NO. 05-4182 |
| | | JUDGE: DUVAL |
| PERTAINS TO: INSURANCE (06-9096) | * | MAGISTRATE: WILKINSON |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**MAY IT PLEASE THE COURT:**

Defendant, Kenneth Tayor ("Taylor") moves this court for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Court, in denying Plaintiffs' Motion for Remand, has already ordered that any claims against him are preempted, and alternatively, that he did not breach any duty to plaintiffs, Kim P. Thomas, wife of/and Kenneth O. Thomas ("Plaintiffs").

### I.  FACTUAL BACKGROUND

This litigation arises out of Plaintiff's alleged Hurricane Katrina losses to his property located at 3221 Acorn Drive in Violet, Louisiana.[1] Plaintiffs assert that Kenneth Taylor was the agent through whom they obtained both homeowner's and flood insurance on the property.[2]

Plaintiffs also named as a defendant Allstate Insurance Company.[3] Thereafter, Allstate Insurance Company removed the case to the United States District Court for the Eastern District

---

[1] See R. Doc. 1, attachment 1, at ¶ II.

[2] *Id.* at ¶¶ XXII to XXV.

[3] *Id.* at ¶ I.

of Louisiana.[4]  After Plaintiffs moved to remand the case to state court, the District Court denied the Plaintiffs' Motion, concluding that Taylor was fraudulently joined, as the Plaintiffs failed to establish that he breached a duty to them, and because the claims against Taylor were preempted.[5]  Taylor submits that as a consequence, the claims against him must be dismissed.

## II.  LAW AND ARGUMENT

The purpose of the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint not to judge the merits of the case.[6]  The complaint must be liberally construed in favor of the plaintiff and all the facts pled in the complaint must be taken as true to determine whether the plaintiff has any valid claim for relief.[7]  Dismissal is appropriate if it appears beyond a doubt that the plaintiff can prove no set of facts that entitle her to relief.[8]  However, courts do not have to accept legal conclusions, unsupported conclusions and unwarranted references or sweeping legal conclusions cast in the form of factual allegations.[9]

### A.  The Order Concerning the Motion to Remand Precludes a Cause of Action Against Taylor

In denying Plaintiffs' Motion to Remand, the District Court specifically addressed the claims asserted against Taylor.  Concerning the breach of duty claims, the Court concluded:

> Here, the petition is devoid of any allegations that Taylor failed to use reasonable diligence in placing the insurance requested or did

---

[4]  R. Doc. 1.

[5]  R. Doc. 17.

[6]  *First National Bank of Louisville v. Lustig*, 809 F.Supp. 444 (E.D. La. 1992).

[7]  *Brown v. Nations Bank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999).

[8]  *U.S. Exrel Thompson v. Columbia HCA/Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

[9]  *In Re: Mastercard Intern, Inc., Internet Gambling Litigation*, 132 F.Supp.2d 468, 476 (E.D.La. 2001), aff'd, 313 F.3d 257 (5th Cir. 2002).

>not promptly notify the client if he has failed to obtain the insurance requested. There are no allegations that Taylor undertook any greater duty to the plaintiffs. As such, Allstate has shown that Taylor was improperly joined.[10]

Alternatively, regarding Allstate's preemption argument, the Court instructed:

>Allstate's alternative argument that any claim against Taylor are preempted is also persuasive.[11]

Thus, the Court concluded that Taylor was fraudulently joined, and denied Plaintiffs' Motion to Remand.

For the reasons set forth in Order denying plaintiff's Motion to Remand, Plaintiffs fail to state a claim against Taylor and such claims are preempted pursuant to La. R.S. 9:5606. Accordingly, plaintiffs' claims against Taylor should be dismissed with prejudice.

### III.  CONCLUSION

**WHEREFORE**, for the foregoing reasons Defendant, Kenneth Taylor, respectfully submits that the claims of Plaintiffs, Kim P. Thomas, wife of/and Kenneth O. Thomas, must be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

>Respectfully submitted,
>
>**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**
>
>s/Joseph G. Glass
>
>_____
>**JOSEPH G. GLASS #25397**
>3838 N. Causeway Blvd., Suite 2900
>Metairie, LA 70002
>(504) 832-3700
>**Counsel for Defendant, Kenneth Taylor**

---

[10]  See R. Doc. 17, at p. 4.

[11]  *Id.*

**C E R T I F I C A T E**

I hereby certify that on the 16th day of May, 2007, a copy of the foregoing Memorandum in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to the following individuals by operation of the court's electronic filing system.

- Gary Michael Pendergast
  gmpendergastllc@aol.com

- Glenn B. Adams
  gadams@phjlaw.com

- Dorothy L. Tarver
  dtarver@nielsenlawifrm.com

- Michael W. Collins
  mcollins@phjlaw.com

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/Joseph G. Glass
_____
**JOSEPH G. GLASS #25397**
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002
(504) 832-3700
jglass@duplass.com
**Counsel for Defendant, Kenneth Taylor**