UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES             CIVIL ACTION NO. 05-4182
CONSOLIDATED LITIGATION

SECTION "K" (JUDGE DUVAL)

MAGISTRATE (2) (MAG. WILKINSON)

PERTAINS TO: LEVEE,

---

## BURK KLEINPETER, INC. RESPONSES TO REQUEST FOR PRODUCTION

Burk Kleinpeter, Inc., (BKI), responds to the Plaintiffs' **Common Liability Issues** Request for Production as follows:

### BKI GENERIC OBJECTION AND RESPONSE

BKI objects to the Request for Production by the Plaintiffs to the extent it exceeds the discovery allowed by Case Management Order 4 (CMO4), which under Section IV(1)(b)1 was (a) limited to Master a Set of Requests for Production of Documents, (Sec IV (1)(b) 1, which were (b) "limited to files related to construction of <u>projects in which a breach later occurred</u>, or which involved other <u>work at a site where a breach occurred</u>." (Emphasis supplied). It also specifically ordered (CMO IV (1)(b) 2) that "no other merits discovery of Engineers will be conducted <u>until after the Class Certification issues are decided</u> by the Court. (Emphasis supplied)

Because this Request for Production is by CMO4 "limited to files relating to construction of projects in which a breach later occurred, or which involved work at a site where a breach later occurred", BKI further responds that it has previously acknowledged and explained its connection to work on the London Avenue Canal floodwalls, in which there were later breaches during Katrina, and BKI responds here regarding that project.

BKI has also acknowledged having worked on projects on the 17th Street Canal which did not breach, and which were at considerable distance from the location of any later breach, so BKI objects to, makes no production with respect to any projects on the 17th Street Canal.

BKI has had its files on the London Avenue Canal reproduced and numbered in digital form on three compact disks (tiff format), in the order in which the files were regularly kept, and produces them herewith to Lead Counsel for Plaintiffs Committee, along with a table of contents which includes names of file folders, keyed to document numbers. The original records will, upon request, be made available for inspection at a mutually convenient time.

Thus, BKI's responses here are limited to BKI's work in connection with the London Avenue Floodwalls, which is the only work BKI did on a project which breached, or which was near a project which breached.

1. Please produce a certified copy of any and all policies of insurance, including the declarations page, issued to or covering you which was in effect from 1975 through August 29, 2005; including, but not limited to, any and all excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, insurer, specific coverage and effective dates of any and all policies of insurance in full force and effect from 1975 through August 29, 2005.

**_RESPONSE:_**
See Generic Objection.   Also the request for copies of policies from 1975 through 2005 does not ask for information which is relevant nor will lead to the discovery of relevant evidence, because the policies covering the Engineers are "claims made" policies, not "occurrence" policies.

Subject to these objections BKI produces herewith its Errors & Omissions Policies which covered the periods when Katrina claims were made, because it is easier to and less expensive to produce them than even attending a Local Rule 37.1 conference.

2. Please produce copies of any and all documents and/or exhibits and/or items of demonstrative evidence that you may or will seek to introduce as evidence, or otherwise utilize at the time of trial to prove any element of your case.

**_RESPONSE:_**
See Generic Objection.

Subject to the objection, BKI also responds that because Engineers First Motion to Dismiss was granted, and because of CMO, BKI has not identified or generated material like that described in this Request.

3. Please produce any and all documents reviewed by you and/or relied upon in preparing your Answers to Interrogatories.

**_RESPONSE:_**
See Generic Objection.  BKI also responds that no documents were reviewed.

4. Please produce any and all statements of any kind given by Defendants and/or Defendants' representatives and/or by any witness or other person who may have knowledge of relevant facts, including such persons identified in Defendants' Answers to Interrogatories regarding the subject incident.

**RESPONSE:**
See Generic Objection. BKI responds that no such statements exist, except statements made to counsel; and the only records thereof are counsel's notes, which were not transcribed and were work product, and contain mental impressions, of counsel.

5. Please produce any and all documents relating to any and all investigations and/or investigation reports pertaining to the incident sued upon herein.

**RESPONSE:**
See Generic Objection. Subject to the objection, BKI further responds that given, the peremption defense, and the successful Engineers' Joint Motion, BKI has made no investigations, other than to read the result of the investigations by others.

6. Please produce and all written expert reports in connection with this litigation.

**RESPONSE:**
See Generic Objection and Response.

Subject to the foregoing, any reports obtained from any expert in connection with design or construction of the London Avenue Project will be in the production made here by BKI.

7. Please produce any and all reports and/or memoranda and/or other writings prepared by any person retained and/or consulted as an expert.

**RESPONSE:**
See Generic Objection and Response.

Subject to the foregoing, any reports obtained from any expert in connection with design or construction of the London Avenue Floodwalls will be in the production made here by BKI.

8. Please produce the curriculum vitae for any person retained and/or consulted as an expert herein.

**RESPONSE:**
See Generic Objection and Response.

9. Please produce a list of any and all witnesses who may or will testify at the time of trial of this matter, including the witnesses' address and telephone numbers and the knowledge of each such witness regarding the incident involved herein and the subject matter and facts to which you expect each such witness to testify. If the witness is an expert witness, please

state the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds of reach opinion, as well as any and all documents of any kind the expert relied on in forming those opinions.

**_RESPONSE:_**
See Generic Objection. Subject to the objections, BKI has made no such list.

10. Please produce a privilege log of all documents and things, information or expert opinions which are otherwise discoverable but as to which you claim a privilege against discovery or assert is subject to protection as trial preparation material.

**_RESPONSE:_**
See Generic Objection. Further, nothing is being withheld from BKI's original file on the project.

## RESPONSES RELATIVE TO THE 17TH STREET CANAL DREDGING PROJECT

11. Please produce any and all documents of any kind evidencing communications with the Untied States Army Corps of Engineers in any way relating to the 17th Canal Dredging Project including but not limited to studies, analyses, reports, contracts, notes, memoranda, phone logs, letters, e-mails, faxes or other correspondence which in any way relates to refers to the dredging project on the 17th Street Canal.

**_RESPONSE:_**
See Generic Objection and Response.

12. Please produce any and all documents of any kind relating to any and all Retainer Agreements between the New Orleans Sewerage and Water Board, Modjeski & masters, Inc., and Eustis Engineering, Co., Inc. or any other individual or entity in connection with the design and implementation of any and all dredging projects from 1975 through the presents, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such Agreements.

**_RESPONSE:_**
See Generic Objection and Response.

13. Please produce any and all documents of any kind, including, but not limited to, transcripts of hearings, proposals, studies, correspondence between agencies and engineering firms, etc. relating to the applications for all Dredging Permits from 1975 through the present including, but not limited to, any and all applications and back-up data thereto, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such applications.

*RESPONSE:*
See Generic Objection and Response.

14. Please produce any and all documents of any kind relating to any and all geological survey and/or studies and/or analyses and/or reports and/or documents of any kind regarding the soils and subsoils beneath the canal and its levees including as well as studies and/or analyses and/or reports and/or documents of any kind regarding the impact of the dredging on the levees including, but not limited to, solid and subsoil stability, relief wells, preventative.

*RESPONSE:*
See Generic Objection and Response.

15. If not otherwise addressed in Request for Production No. 14, please produce any and all documents of any kind relating to any and all plans regarding any and all proposals to address the concern that dredging may negatively impact the levees, both pre-dredging and post-dredging, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such activities.

*RESPONSE:*
See Generic Objection and Response.

16. Please produce any and all documents of any kind relating to the test section excavated in 1983, as well as phone longs, letters, e-mails, faxes or other correspondence which in any way relates or refers to any such test excavation.

*RESPONSE:*
See Generic Objection and Response.

17. Please produce any and all documents of any kind depicting engineering drawings including, but not limited to, "as-builts" of the levee system pre-dredging and post-dredging.

*RESPONSE:*
See Generic Objection and Response.

18. Please produce any and all documents of any kind depicting drawings profiles for dredging specifications.

*RESPONSE:*
See Generic Objection and Response.

19. Please produce any and all photographs and/or videotapes and/or recordings taken during any dredging activity at the subject Canal from 1975 through the presents.

*RESPONSE:*
See Generic Objection and Response.

20. Please produce any and all documents of any kind that evidence, reflect or contain an identification or the location where any and all dredging took place, including by latitude and longitude coordinates or other specific identifying information from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such identification.

**RESPONSE:**
See Generic Objection and Response.

21. Please produce any and all documents of any kind that evidence and/or reflect and/or contain and/or discuss reports, summaries or other conclusions drawn as a result of the dredging of the subject Canal from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such conclusions.

**RESPONSE:**
See Generic Objection and Response.

22. Please produce any and all documents of any kind that evidence and/or reflect and/or contain and/or discuss any and all writings or reports of any kind (including all drafts) prepared concerning the dredging of the subject Canal and any and all instructions, edits, criticisms, corrections, deletions, and/or additions from any other related entity regarding any reports and/or studies and/or writings of any kind by Defendant concerning the dredging from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such reports or writings.

**RESPONSE:**
See Generic Objection and Response.

## RELATIVE TO THE 17TH STREET CANAL

23. Please produce any and all documents of any kind reflecting soils testing and analysis performed from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates to such testing and/or the analysis and/or results of such testing.

**RESPONSE:**
See Generic Objection and Response.

24. Please produce any and all documents of any kind reflecting piezometer testing and analysis performed from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any relates or refers to such testing and/or the analysis and/or results of such testing.

***RESPONSE:***
See Generic Objection and Response.

25. Please produce any and all documents of any kind reflecting soil borings testing and analysis performed from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such testing and/or the analysis and/or results of such testing.

***RESPONSE:***
See Generic Objection and Response.

26. Please produce any and all documents of any kind reflecting height and stability analysis of the I-wall design from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to the height and stability analysis of the I-wall design.

***RESPONSE:***
See Generic Objection and Response.

27. Please produce any and all documents of any kind depicting engineering drawings including, but not limited to, "as-builts" of the levee system from 1975 through the present.

***RESPONSE:***
See Generic Objection and Response.

28. Please produce any and all documents of any kind reflecting floodwall design and/or stability issues with respect to the subject Canal from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such design and stability issues.

***RESPONSE:***
See Generic Objection and Response.

29. Please produce any and all documents of any kind reflecting any and all concerns or reports of under seepage into the yards of homes adjacent to the 17th Street Canal from 1975 through the present as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such under seepage issues and any actions taken by you or others in this regard.

***RESPONSE:***
See Generic Objection and Response.

30. Please produce any and all documents of any kind relating to any and all studies and/or analyses and/or reports and/or documents of any kind regarding the impact of soil stability on the levee system, as well as phone logs, letters, e-mails, faxes or other correspondence

which in any way relates or refers to such activities.

**RESPONSE:**
See Generic Objection and Response.

31. Please produce any and all documents of any kind relating to any and all studies and/or analyses and/or reports and/or documents of any kind regarding the impact of flood wall stability on the levee system, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such activities.

**RESPONSE:**
See Generic Objection and Response.

32. Please produce any and all documents of any kind relating to any and all contracts and/or Retainer Agreements with any entity in connection with the design and engineering of the subject Canal from 1975 through the present, as well as phone logs, letters, e-mail, faxes or other correspondence which in any way relates or refers to such investigations.

**RESPONSE:**
See Generic Objection and Response.

33. Please produce any and all documents of any kind relating to any and all post-Katrina investigations of the subject Canal performed by you or on your behalf, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such investigation.

**RESPONSE:**
See Generic Objection and Response.

34. Please produce any and all documents of any kind reflecting your version of how the incident made the basis of these proceedings occurred at the subject Canal, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such contentions.

**RESPONSE:**
See Generic Objection and Response.

35. If you contend that any other Defendant in any way caused or contributed to this incident, please provide a list which completely details each and every act or omission on the part of these Defendants which you allege caused or contributed to the incident, including the witnesses, documents and/or other evidence upon which you rely and base such contention or understanding, as well as phone lodge, letters, e-mails, faxes or other correspondence which in any relates or refers to such contentions.

**RESPONSE:**
See Generic Objection and Response.

36. Please produce any and all photographs and/or videotapes and/or recordings taken during the sampling and/or analysis of materials at the subject Canal from 1975 through the present.

**RESPONSE:**
See Generic Objection and Response.

37. Please produce any and all project documents of any kind, including, but not limited to, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations. Environmental Impact Statements (EIS), Supplemental Environment Impact Statements (SEIS). High Level Plans, studies, proposals, work orders, change orders, requests for payments, relative to:

   a. engineering projects;
   b. Hydrology and Hydraulics Analysis Design Memoranda;
   c. engineering analysis of tidal gates and pumps at the outfall of the subject Canal;
   d. the sinking of the subject Canal;
   e. recommended levee construction plans along the subject Canal;
   f. alternative levee construction plans along the subject Canal;
   g. re-evaluation studies concerning the levees and floodwalls along the subject Canal;
   h. modifications indicated by engineering judgment and experience which differed from standard engineering protocol of the levees and floodwalls along the subject Canal;
   I. the expropriation of property lining the subject Canal, as well as the condemnation and removal of residences along the subject Canal;
   j. any and all assessments and/or input performed by the Sewerage and Water Board and/or the Orleans Levee District regarding the design, construction, maintenance, or inspection of the levees and floodwalls along the subject Canal;
   k. any and all assessments performed prior to Hurricane Katrina that indicated the existence of any problem, issue, or undesired condition related to the design, construction, maintenance, monitoring, inspection, or otherwise of the levees and floodwalls along the subject Canal;
   l. the pulling and driving of sheet piles along the subject Canal;
   m. all phases of flood wall capping along the subject Canal;
   n. a system of monitoring pore water (ground water) pressures adjacent to the subject Canal; and
   o. regular inspections of the levees and floodwalls along the subject Canal.

   where a breach later occurred in the subject Canal or which involved other work at a site where a breach occurred.

***RESPONSE:***
See Generic Objection and Response.

38. Please produce any and all documents of any kind that evidence any and all reports of any kind (including all drafts) prepared concerning the soil stability and/or height and stability analysis of the I-wall design and/or floodwall design and/or engineering concerns in connection with the subject Canal and any and all instructions, edits, criticisms, corrections, deletions, and/or additions from any other related entity regarding any reports and/or studies and/or writings of any kind by Defendant concerning the soil stability and/or height and stability analysis of the I-wall design and/or floodwall design and/or engineering concerns in connection with the subject Canal from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such reports.

***RESPONSE:***
See Generic Objection and Response.

39. Please produce any and all documents of any kind concerning the original Barrier Plan and/or High Level Plan and/or the Lake Pontchartrain and Vicinity Hurricane Protection Project relative to engineering projects from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such projects in light of the Barrier Plan and/or High Level Plan and/or the Lake Pontchartrain and Vicinity Hurricane Protection Project.

***RESPONSE:***
See Generic Objection and Response.

## RELATIVE TO THE LONDON AVENUE CANAL

40. Please produce any and all documents of any kind reflecting soils testing and analysis performed in 1975 through the represent, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such testing and/or the analysis and/or results of such testing.

***RESPONSE:***
The entire file of Burk-Kleinpeter, Inc., on the London Avenue Floodwall has been digitally copied in the order originally kept, and is numbered and is produced herewith in three attached compact disks, with an outline of file titles.

41. Please produce any and all documents of any kind reflecting piezometer testing performed from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such testing and/or the analysis and/or results of such testing.

*RESPONSE:*
See Response to Request for Production No. 40.

42. Please produce any and all documents of any kind reflecting solid borings testing and analysis performed form 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such testing and/or the analysis and/or results of such testing.

*RESPONSE:*
See Response to Request for Production No. 40.

43. Please produce any and all documents of any kind depicting engineering drawings including, but not limited to "as builts" of the levee system from 1975 through the present.

*RESPONSE:*
See Response to Request for Production No. 40.

44. Please produce any and all documents of any kind relating to any and all studies and/or analyses and/or reports and/or documents of any kind regarding the impact of soil stability on the levee system, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such activities.

*RESPONSE:*
See Response to Request for Production No. 40.

45 Please produce any and all documents of any kind relating to any and all studies and/or analyses and/or reports and/or documents of any kind regarding the impact of flood wall stability on the levee system as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such activities.

*RESPONSE:*
See Response to Request for Production No. 40.

46. Please produce any and all documents of any kind relating to any and all contracts and/or Retainer Agreements with any entity in connection with the design and engineering of the subject Canal from 1975 through the present as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such Agreements and/or contracts.

*RESPONSE:*
See Response to Request for Production No. 40.

47. Please produce any and all documents of any kind relating to any and all post-Katrina investigations of the subject Canal performed by you or on your behalf as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such investigations.

**RESPONSE:**
See Response to Request for Production No. 40. Further, to the extent past investigation has been made post Katrina and recorded, it has been done by counsel; and the result is counsel's work product.

48. Please produce any and all documents of any kind reflecting your version of how the incident made the basis of these proceedings occurred at the subject Canal as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such contentions.

**RESPONSE:**
See Generic Objection and Response, and Response to Request for Production No. 40.

49. If you content that any other Defendant in any way caused or contributed to this incident, please provide a list which completely details each and every act or omission on the part of those Defendants which you allege caused or contributed to the incident, including the witnesses, documents and/or other evidence upon which you rely and base such contention or understanding as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such contentions.

**RESPONSE:**
See Generic Objection and Response, and Response to Request for Production No. 40.

50. Please produce any and all documents of any kind reflecting height and stability analysis of the I-wall design from 1975 through the present, as well as phone logs, letters, e-,ails, faxes or other correspondence which in any way relates or refers to such height and stability analysis of the I-wall design.

**RESPONSE:**
See Response to Request for Production No. 40.

51. Please produce any and all documents of any kind reflecting floodwall design and/or stability issues with respect to the subject Canal from 1975 through the present as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such design and stability issues.

**RESPONSE:**
See Response to Request for Production No. 40.

52. Please produce any and all photographs and/or videotapes and/or recordings taken during the sampling and/or analysis of materials at the subject Canal from 1975 through the present.

**RESPONSE:**
See Response to Request for Production No. 40.

53. Please produce any and all project documents of any kind, including, but not limited to, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (EIS), Supplemental Environment Impact Statements (SEIS), High Level Plans, studies, proposals, work orders, change orders, requests for payment, relative to:

   a. engineering projects;
   b. Hydrology and Hydraulics Analysis Design Memoranda;
   c. engineering analysis of tidal gates and pumps at the outfall of the subject Canal;
   d. the sinking of the subject Canal;
   e. recommended levee construction plans along the subject Canal;
   f. alternative levee construction plans along the subject Canal;
   g. re-evaluation studies concerning the levees and floodwalls along the subject Canal;
   h. modifications indicated by engineering judgment and experience which differed from stand engineering protocol of the levees and floodwalls along the subject Canal.
   i. the expropriation of property lining the subject Canal, as well as the condemnation and removal of residences along the subject Canal;
   j. any and all assessments and/or input performed by the Sewerage and Water Board and/or the Orleans Levee District regarding the design, construction, maintenance, or inspection of the levees and floodwalls along the subject Canal;
   k. any and all assessments performed prior to Hurricane Katrina that indicated the existence of any problem, issue, or undesired condition related to the design, construction, maintenance, monitoring, inspection, or otherwise of the levees and floodwalls along the subject Canal;
   l. the pulling and driving of sheet piles along the subject Canal;
   m. all phases of flood wall capping along the subject Canal;
   n. a system of monitoring pore water (ground water) pressures adjacent to the subject Canal; and
   o. regular inspections of the levees and floodwalls along the subject Canal.

   where a breach later occurred in the subject Canal or which involved other work at a site where a breach occurred.

**RESPONSE:**
See Response to Request for Production No. 40.

54. Please produce any and all documents of any kind that evidence any and all reports of any kind (including all drafts) prepared concerning the soil stability and/or height and stability analysis of the I-wall design and/or floodwall design and/or engineering concerns in connection with the subject Canal and any and all instructions, edits, criticisms, corrections, deletions, and/or additions from any other related entity regarding any reports and/or studies and/or writings of any kind by Defendant concerning the soil stability and/or height and stability analysis of the I-wall design and/or floodwall design and/or engineering concerns in connection with the subject Canal from 1975 through the present, as well as phone logs,

letters, e-mails, faxes or other correspondence which in any way relates or refers to such reports.

**_RESPONSE:_**
See Response to Request for Production No. 40.

55. Please produce any and all documents of any kind concerning the original Barrier Plan and/or High Level Plan and/or the Lake Pontchartrain and Vicinity Hurricane Protection Project relative to engineering projects from 1975 through the present, as well as phone logs, letters, e-mails, faxes or other correspondence which in any way relates or refers to such projects in light of the Barrier Plan and/or High Level Plan and/or the Lake Pontchartrain and Vicinity Hurricane Protection Project.

**_RESPONSE:_**
See Generic Objection and Response, and Response to Request for Production No. 40.

<div style="margin-left:50%">

s/Charles F. Seemann, Jr.
CHARLES F. SEEMANN, JR. (11912)
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, LA 70130-3672
Telephone:    (504) 581-5141
Facsimile:     (504) 566-1201
COUNSEL FOR BURK-KLEINPETER, INC.

</div>

## CERTIFICATE

I HEREBY CERTIFY that on May ___, 2007, I electronically filed the foregoing with the Clerk or Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<div style="text-align:center">

s/Charles F. Seemann, Jr.
**CHARLES F. SEEMANN, JR.**

</div>