UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
       CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO: Levee, Richardson (06-8708)      JUDGE DUVAL
                                                                        MAG. J. WILKINSON

## **ORDER ON MOTION**

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days before the date set for hearing of the motion. No memorandum in opposition to Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint, Record Doc. No. 3885, set for hearing on May 16, 2007 at 11:00 a.m. without oral argument, has been timely submitted.

Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit, IT IS ORDERED that the motion is GRANTED, for the following reasons.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit

denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 3299, which has lapsed, id. at pp. 12-13, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'"

Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535).

Plaintiff, Josephine Richardson, seeks to amend her complaint to allege that she has timely presented her claims for damages to the United States and the United States Army Corps of Engineers, that six months has elapsed since she filed her claims and that the Corps has failed either to accept or reject her claims, which she elects to consider as a final denial of her claims.  Plaintiff also seeks to amend the recitation of her damages.

Richardson's explanation for the delay in filing her amendment is sufficient.  The amendment is important because it allows Richardson to proceed with her claims against the United States.  No prejudice arises to any party from the amendment, and no continuance of any deadline would be necessary.  Accordingly, plaintiff has shown good cause to amend the scheduling order, and the amendment is allowed.

New Orleans, Louisiana, this   16th   day of May, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE