UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.  05-4182 |
| | * | CIVIL ACTION NO. 06-7846 |
| PERTAINS TO:  INSURANCE | * * | SECTION: "K" |
| GWEN BURK WIFE OF/AND WILLIAM BURK | * * | HON. STANWOOD R. DUVALL, JR. |
| VERSUS | * * * | MAGISTRATE "2" HON. JOSEPH C. WILKINSON, JR. |
| SCOTTSDALE INSURANCE COMPANY KATIE HYMEL AND E&O INSURER | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF KATIE HYMEL'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE  12(B)(6)**

**MAY IT PLEASE THE COURT:**

Defendant Katie Hymel ("Hymel"), files this Memorandum in Support of her Motion to Dismiss for failure to state a claim for which relief can be granted.

**I.    FACTUAL BACKGROUND**

Plaintiffs commenced this action in connection with damages to their properties located at 717-719 Loque Street ("Loque Street Property") and 5710 Bancroft Drive ("Bancroft Drive Property"), resulting from Hurricane Katrina.  Plaintiff sued the Scottsdale Insurance Company as well as Katie Hymel ("Hymel"), a local Insurance Agent.  In connection with the alleged damages sustained on their Loque Street Property, plaintiffs contend that Hymel breached her duty to advise them of their proper

insurance needs.  Specifically, plaintiffs contend that Hymel should have advised them that flood limits of less than $250,000 for their dwelling were insufficient. Plaintiffs' Petition for Damages contains similar allegations as to their Bancroft Drive Property, in so far as they allege that Hymel should have advise them to purchase flood limits in an amount no less than $250,000.  See Plaintiffs' Petition, paras. 14-17, 25-30.

## II.    LAW AND ARGUMENT

### A.    Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint and not judge the merits of the complaint. *First National Bank of Louisville v. Lusting*, 809 F.Supp. 444 (E.D. La. 1992). The complaint must be liberally construed in favor of the plaintiff, and all the facts pleaded in the complaint must be taken as true to determine whether the plaintiff has any valid claim for relief.  *U.S. Ex Rel. Thompson v. Columbia HCA/Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

### B.    Plaintiffs' Allegations Against Hymel As Agent of Plaintiffs Should Be Dismissed Because Plaintiffs Have Failed to State A Claim Against Hymel

Generally, an insured has a duty to know and understand his coverages and limits, and an agent is only responsible for placing the insurance specifically requested by an insured.  *Sullivan v. State Farm,* No. 06-0004 (E.D. La. 2006); *See also, Davis v. Allstate,* 2006 WL 2078423, 06-1064 (E.D. La. 2006).   Moreover, the insured is responsible for adequately advising the agent of the coverage needed and for reading

the clear provisions of the insurance policy. *Motor Ins. Co. v. Bud's Boat Rental, Inc.,* 917 F. 2d 199, 205 (5th Cir. 1990)

In *Parker v. Lexington Insurance Co.,* Judge Zainey recently addressed an insurance agent's duty to advise in the context of a Motion to Remand and a Motion to Dismiss the insurance agent from the suit. 2006 WL 3328041 (E.D.La. 2006). Judge Zainey observed that two common threads of case law have emerged when an insured states a cause of action against an insurance agent. *Id.* The first thread is demonstrated by cases where the insurance agent has negligently failed to procure the coverage requested by the insured. *Id.* The second thread arises where an insurance agent owes a duty to provide the client with certain information. *Id.* The *Parker* decision notes that the duty to disclose described in the second line of cases only arises when the agent has superior knowledge given his insurance experience as well as specific knowledge of the insured's situation. *Id.* As such, Judge Zainey held that plaintiffs' assertions that their insurance agent owed a duty to advise them of the need for more flood coverage failed to state a cause of action against the agent recognized under Louisiana Law, as the allegations did not fall under the first or second thread of case law stating a duty on the part of an insurance agent. *Id.*

Furthermore, Judge Zainey affirmatively cited *Dobson v. Allstate Insurance Co.*, in which Judge Vance noted that no Louisiana case imposes a duty upon an agent to spontaneously identify a client's needs and to advise him as to whether he is underinsured. *Id.* at * 4 (citing *Dobson v. Allstate Insurance Co.*, 2006 WL 2078423 at * 10 (E.D.La. 2006) *citations omitted)*; See *also*, *Smith v. Millers Mutual Insurance Co.*,

419 So.2d 59, 64-65 (La.App. 2 Cir. 1982) (In which the Louisiana Second Circuit Court of Appeals concluded that an insurance agent owes no duty to advise an insured regarding policy limits).  Finally, it was observed that plaintiffs were in a better position than their insurance agent to know that their property was worth more than the coverage limits selected.  *Id.*  As plaintiffs allegations did not state a cause of action under state law, the Motion to Remand was denied and the Motion to Dismiss the insurance agent was granted.  *Id.*; see also *Ruiz v. Allstate Ins. Co.*, 2007 WL 781308 (E.D.La. 2007)(wherein Judge Feldman also affirmatively cited *Dobson* and *Parker* in observing that Louisiana law imposes no duty on agents to identify spontaneously a client's needs and advise him as to whether he is underinsured or carries the right type of coverage).

Plaintiffs make no allegations that Hymel failed to procure a specific coverage that they requested on either their Bancroft Drive or Loque Street Properties.  Rather, plaintiffs contend that Hymel should have "spontaneously identified their needs" and advised them as to whether they were underinsured.  Pursuant to the law set forth above, Hymel was only responsible for placing the specific insurance requested by the requested by the insured.  Plaintiff makes no allegations that the coverage requested was not procured.  Accordingly, based on the foregoing, plaintiff has not and cannot state a cause of action against Hymel.

### III.  CONCLUSION

Based on this law and facts set forth above, plaintiff has failed to state a claim against Hymel.  Accordingly, Hymel's Motion to Dismiss should be granted.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/Kevin R. Derham

_____
**KEVIN R. DERHAM (#27163)**
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
Attorney for Defendant, Katie Hymel

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

s/Kevin R. Derham

_____
**KEVIN R. DERHAM**