# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 |
| _____ | * | CIVIL ACTION NO. 06-7846 |
| PERTAINS TO: INSURANCE | * * | SECTION: "K" |
| GWEN BURK WIFE OF/AND WILLIAM BURK | * * | HON. STANWOOD R. DUVALL, JR. |
| VERSUS | * * * | MAGISTRATE "2" HON. JOSEPH C. WILKINSON, JR. |
| SCOTTSDALE INSURANCE COMPANY KATIE HYMEL AND E&O INSURER | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF KATIE HYMELTO PLAINTIFFS'
## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Katie Hymel ("Hymel"), who, in response to plaintiffs' First Supplemental and Amending Complaint, answers as follows:

## 1.

Hymel admits that she is a person of the age of majority as alleged in paragraph 1. All remaining allegations set forth therein are denied.

**2.**

The allegations set forth in paragraph 2 do not require an answer of this defendant and, as such, any allegations set forth therein are denied for lack.

**3.**

The allegations set forth in paragraph 3 are denied for lack of sufficient information so as to justify a belief therein.

**4.**

The allegations set forth in paragraph 4 are denied for lack of sufficient information so as to justify a belief therein.

**5.**

The allegations set forth in paragraph 5 are denied for lack of sufficient information so as to justify a belief therein.

**6.**

The allegations set forth in paragraph 6 are denied for lack of sufficient information so as to justify a belief therein.

**7.**

The allegations set forth in paragraph 7 are denied for lack of sufficient information so as to justify a belief therein.

**8.**

The allegations set forth in paragraph 8 are denied for lack of sufficient information so as to justify a belief therein.

**9.**

The allegations set forth in paragraph 9 are denied for lack of sufficient information so as to justify a belief therein.

**10.**

The allegations set forth in paragraph 10 are denied for lack of sufficient information so as to justify a belief therein.

**11.**

The allegations set forth in paragraph 11 are denied for lack of sufficient information so as to justify a belief therein.

**12.**

Hymel admits that she had, in the past, assisted plaintiffs in the procurement of various insurance policies for plaintiffs' properties.  All remaining allegations set forth in paragraph 12 are denied for lack of sufficient information so as to justify a belief therein.

**13.**

Hymel admits that petitioners utilized the services of Hymel for the procurement of certain insurance applicable to the property located at 717 – 719 Loque Street.  All remaining allegations set forth in paragraph 13 are denied for lack of sufficient information so as to justify a belief therein.

**14.**

The allegations set forth in paragraph 14 are denied.

**15.**

The allegations set forth in paragraph 15 are denied for lack of sufficient information so as to justify a belief therein.

**16.**

The allegations set forth in paragraph 16 are denied.  Furthermore, Ms. Hymel does not have a duty to advise petitioners of their insurance needs.

**17.**

The allegations set forth in paragraph 17 are denied

**18.**

The allegations set forth in paragraph 18 are denied.

**19.**

The allegations set forth in paragraph 19 are denied for lack of sufficient information so as to justify a belief therein.

**20.**

The allegations set forth in paragraph 20 are denied.

**21.**

The allegations set forth in paragraph 21 are denied for lack of sufficient information so as to justify a belief therein.

**22.**

The allegations set forth in paragraph 22 are denied for lack of sufficient information so as to justify a belief therein.

**23.**

The allegations set forth in paragraph 23 are denied for lack of sufficient information so as to justify a belief therein.

**24.**

The allegations set forth in paragraph 24 are denied for lack of sufficient information so as to justify a belief therein.

**25.**

Ms. Hymel admits that she had been utilized by plaintiffs for the procurement of certain insurance policies applicable to certain of plaintiffs properties in the past.   All remaining allegations set forth in paragraph 25 are denied for lack of sufficient information so as to justify a belief therein.

**26.**

Hymel denies the allegations set forth in paragraph 26.  Hymel submits that she performed prudently all actions required and/or requested of her and that plaintiffs failed to take appropriate actions to secure the procurement of insurance for the property which they allege they should have had.

**27.**

The allegations set forth in paragraph 27 are denied.  In addition, Hymel has no duty to advise plaintiffs of their insurance needs.

**28.**

The allegations set forth in paragraph 28 are denied for lack of sufficient information so as to justify a belief therein.

**29.**

The allegations set forth in paragraph 29 are denied.  In addition, Hymel has no duty to advise petitioners of their insurance needs.

**30.**

The allegations set forth in paragraph 30 are denied.

**31.**

The allegations set forth in paragraph 31 are denied.

**32.**

The allegations set forth in paragraph 32 are denied for lack of sufficient information so as to justify a belief therein.

**33.**

The allegations set forth in paragraph 33 are denied.

**34.**

The allegations set forth in paragraph 34 are denied for lack of sufficient information so as to justify a belief therein.

**35.**

The allegations set forth in paragraph 35 do not require an answer of this defendant.  Hymel similarly demands a trial by jury on all issues so triable.

**36.**

The allegations set forth in paragraph 36 do not require an answer of this defendant; however, any allegations set forth therein are denied for lack of sufficient information to justify a belief therein.  In addition, Hymel reavers all answers and defenses which she has previously set forth to any and all prior pleadings asserted by plaintiffs and/or any other party in this matter.

**37.**

Hymel denies that plaintiffs are entitled to any/or all of the relief set forth in plaintiffs' "WHEREFORE" paragraph.

**WHEREFORE,** after due proceedings be had, Hymel asks that her answers to plaintiffs' First Supplemental and Amending Petition be deemed sufficient and that there be judgment in her favor dismissing all of plaintiffs' claims against her, with prejudice, and that she be entitled to all other relief as the law a/or equities may afford.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON,
PFISTER & WEINSTOCK**

s/  Kevin R. Derham

_____
**KEVIN R. DERHAM (#27163)**
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
Email:  kderham@duplass.com
Attorney for Defendant, Katie Hymel

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 18th day of May, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

                         s/ Kevin R. Derham

                         _____

                         **KEVIN R. DERHAM**