UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES       *
CONSOLIDATED LITIGATION              *   Case No. 05-4182
                                     *   Div. "K"
_____  *
                                     *   Judge Duval
                                     *
                                     *
PERTAINS TO: INSURANCE               *
    (Chester Vidacovich, No. 06-4719) *
                                     *   Magistrate Wilkinson
*************************************

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

MAY IT PLEASE THE COURT:

### STATEMENT OF FACTS

On or about August 29, 2005, Hurricane Katrina destroyed plaintiffs, Chester and Murleen Vidacovich's ("Vidacovichs") home located at 2209 Kingfisher Drive in Chalmette, Louisiana. Less than a year later, the Vidacovichs filed suit against their homeowner's insurer, Hartford Insurance Company ("Hartford"), alleging numerous causes of action. Specifically, the Vidacovichs alleged that Hartford undervalued their covered losses, acted in bad faith throughout the loss adjustment process and acted in bad faith for failing to tender the proper amounts owed within thirty (30) days as required under La. R.S. 22:658 and sixty (60) days as required under La. R.S. 22:1220. The Vidacovichs attached their first set of Interrogatories and Request for Production of Documents to their Complaint.

Next, on or about January 29, 2007, several months after the Vidacovichs propounded their discovery, Hartford finally responded. However, Hartford thoroughly answered only two (2) of the fifteen (15) interrogatories (See answers to interrogatories numbers 2 and 4) and with respect to the other interrogatories, partially answered one (See answer to interrogatory number 8), objected without providing any information to one (See answer to interrogatory number 5)

and referenced its not yet produced claims file as answers to the remaining interrogatories (See answers to interrogatories numbers 3, 6, 8, 9, 11 and 12).[1] Moreover, Hartford objected to the production of certain documents (See responses to request for production numbers 2, 4, 9 and 10), did not produce any of the documents described in its responses to request for production of documents despite stating that the documents would in fact be produced (See responses to request for production of documents number 1 and 7).[2]

Counsel for plaintiff recently spoke to defendant about the deficient discovery responses. At that time, defendant indicated that no revised answers to interrogatories would be forthcoming and that no documents, including the Vidacovichs' claim file, would be produced absent a protective order. Given the defendant's steadfast refusal to answer their discovery, the Vidacovichs now move this Court for an Order instructing defendant to fully and completely answer all fifteen of their Interrogatories, produce any and all documents requested in their Request for Production of Documents and produce any and all documents listed or referenced in any of defendant's discovery responses and pay plaintiffs a reasonable attorney's fee for having to file the present Motion to Compel.

## LAW AND ARGUMENT

I.  **ALL OF THE INFORMATION AND DOCUMENTS REQUETSED ARE RELEVANT AND THUS, DISCOVERABLE**

All of the information and documents sought are admittedly relevant and thus, discoverable. Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery .... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible information.

---

[1] See Exhibit "A"- Hartford's Answers to Interrogatories
[2] See Exhibit "B"- Hartford's Responses to Request for Production of Documents

In the instant case, all of the information and documents sought are unquestionably relevant. Accordingly, unless another valid basis exists for not answering or producing the requested documents, Hartford must fully and completely answer the interrogatories and produce the documents. For clarity and organizational purposes, the Vidacoviches will address each of Hartford's deficient responses beginning with its Answers to Interrogatories and ending with its Responses to Request for Production of Documents.

Furthermore, plaintiffs' memorandum only addresses the discovery requests that were objected to and not the discovery requests that concern documents Hartford indicated would be produced, but have not been, i.e. the Vidacovichs' claims file.[3] With respect to the documents Hartford repeatedly promised to produce (See responses to request for production of documents numbers 1, 4, 6 and 8) but failed to do so, the Vidacovichs request that the Court order Hartford to immediately produce the documents and provide the information requested as Hartford has waived any objection thereto. See Fed. R. Civ. P. 34 (b); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989); Estate of Manship v. United States, 236 F.R.D. 291, 296 (M.D. La.), vacated in part on other grounds, 237 F.R.D. 141 (M.D. La. 2006).

A.   **HARTFORD'S ANSWERS TO INTERROGATORIES**

i.   **Interrogatory Number 1**

Please state the name and job title of each and every individual who answered or assisted in answering any of these Interrogatories.

**Hartford's Response**

Hartford Insurance Company of the Midwest responds to these discovery requests with the assistance of counsel.

---

[3] During several discovery conferences with counsel for Hartford, the suggestion was made that the Vidacovich's claims file was "proprietary" and therefore, Hartford did not have to produce the claims file materials absent a protective order. The Vidacovichs submit that this argument is meritless and baseless as the claims file if owned by anybody, is owned by them based on the fact they paid yearly premiums for their homeowner's coverage. Thus, the Vidacovichs are admittedly entitled to the claims file and have an absolute right to do whatever they choose with the materials that comprise the claims file.

The Vidacovichs submit that interrogatory number 1 requested basic information regarding who within Hartford was providing any information responsive to plaintiffs' interrogatories. Such information is extremely important to the Vidacovichs as they try to identify principals within Hartford who have knowledge regarding how their homeowner's claim was evaluated. Accordingly, since Hartford's response is essentially a non-response Hartford should be compelled to answer the question in its entirety as it has waived any objection to the question.

    ii.    **Interrogatory Number 5:**

For each person (who inspected plaintiffs' property) listed in your answer to interrogatory number 4, please give the following information:

    a) The total number of years the individual(s) worked as a claims adjuster prior to adjusting the property losses made subject of this suit;

    b) The approximate total number of residential property damage claims the individual(s) adjusted prior to adjusting the losses made subject of this suit;

    c) The relevant education, including the name(s) of the school(s), college(s) and/or institution(s) attended and the date(s) of graduation;

    d) The name(s) of any and all professional license(s), certificate(s) and/or degree(s) possessed by the individual(s), the name(s) of the State(s) that issued the license(s) and the date(s) upon which the license(s) were obtained;

    e) A description of any and all training you administered to and/or the person underwent, regarding how to adjust property damage losses and the date(s) upon which individual(s) underwent the training;

    f) The name(s) of any and all companies the individual(s) worked for or on behalf of as an adjuster prior to working for you. Please give the date(s) of employment for each company listed;

    g) The name(s) of any and all continuing education seminars, lectures or other events attended by the individual(s) and the date(s) so attended.

**Hartford's Response:**

Hartford objects to this Interrogatory No. 5 on the basis that it is overly broad, unduly burdensome, exceeds the scope of available discovery under the rules and is not reasonably

calculated to lead to the discovery of relevant evidence. Subject to and without waving same, the information requested is not within the care, custody or control of this defendant, but Hartford's investigation is ongoing and Hartford reserves the right to supplement this answer if additional responsive information is acquired.

  The Vidacovichs first submit that Hartford bears the burden of proving why interrogatory number 5 is overly broad or unduly burdensome and to date, has not met its burden by offering no factual support for its conclusory objection. Moreover, interrogatory number 5 is not overly broad as it seeks background information regarding the individual(s) whose recommendations and evaluations Hartford relied upon when deciding how much money to pay the Vidacovichs' for their losses. Such information is of vital importance in a case where alleged improper loss adjustment/evaluations gave rise to the entire suit, including the bad faith claims. Furthermore, Hartford is not unduly burdened by producing the information as it has already identified the individuals/employees in question and can simply refer the question(s) to him or her for answering.

  Finally, plaintiffs fail to comprehend how Hartford can seriously claim that it has no information in its possession concerning the qualifications (education, training, experience, etc...) of the individual(s) who inspected the Vidacovichs' home. If true, then plaintiffs request that defendant stipulate to the fact that it did no background check regarding the individual(s)' qualifications before sending him or her to inspect their home following the worst natural disaster in United States history. Accordingly, the Vidacovichs respectfully request that the Court order Hartford to completely and thoroughly answer interrogatory number 5 or in the alternative, enter a stipulation that Hartford did no background check regarding the individual(s)' qualifications before sending him or her to inspect their home.

B.  **HARTFORD'S RESPONSES TO REQUEST FOR PRODUCTION**

    i.  **Request for Production Number 2**

Copies of any and all adjuster's manuals, written policies, handbooks, instruction booklets or other documentation regarding the adjustment of property damage claims.

**Hartford's Response:**

Hartford objects to request for Production No. 2 because it is overly broad in scope and time. As written, this request is unlimited as to time, geographic region, coverage type or cause of loss and necessarily calls for production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Hartford also objects as the request seeks confidential, proprietary business information, and trade secrets. Hartford also objects based on work product and attorney-client privilege and that request for production no. 2 calls for the production of documents not reasonably calculated to lead to the discovery of admissible evidence.

As previously indicated, the Vidacovichs' entire case is premised on the allegation(s) that Hartford mis-evaluated or underestimated the nature and extent of their covered losses. Additionally, the Vidacovichs' have alleged that Hartford handled their homeowner's claim in bad faith and thus, violated La. R.S. 22:658 and La. R.S. 22:1220. In order to prove these claims, the Vidacovichs not only need, but are entitled to a copy of Hartford's adjuster's manual and any other written materials that discuss, illustrate or instruct Hartford's adjusters regarding how to adjust homeowner's claims. These materials will enable plaintiffs to learn what was required of the Hartford adjusters who handled their homeowner's claim and whether or not those same adjusters followed Hartford's own rules and procedures. The possibility also exists that Hartford's homeowner's loss adjustment processes and procedures as outlined in their manuals are themselves deficient. Of some note, undersigned counsel obtained all versions of State Farm's homeowner's loss adjustment manual going back *twenty (20) years* without having

to obtain a Court order.

Besides seeking extremely relevant and admissible documents, request for production number 2 is not vague or overly broad. Specifically, the Vidacovichs informed defendant that they were only seeking versions of defendant's homeowner's loss adjustment manual used immediately prior to, during and after Hurricane Katrina. Defendant is fully aware that the Vidacovichs are not seeking the loss adjustment manual used by Hartford adjusters when evaluating claims submitted under a Hartford automobile policy. Consequently, the Vidacovichs respectfully request that the Court order defendant to produce the version of its homeowner's loss adjustment manual used immediately prior to, during and after Hurricane Katrina.

### ii. Request for Production Number 4

Copies of any and all reports, including, but not limited to, adjuster's reports, prepared by you or someone acting on your behalf regarding the property damage claim made subject of this suit.

**Hartford's Response:**

Hartford also objects to Request for Production No. 4 based on work product and attorney-client privilege. Also, some responsive documents may be in the possession of third parties and not within the care, custody or control of this defendant.

Once again, like the defendant's answer to interrogatory number 5, the Vidacovichs fail to comprehend how defendant cannot possess all versions/copies of its adjuster's reports prepared in connection with defendant's evaluation of their homeowner's claim. Moreover, the adjuster's reports were prepared in the ordinary course of business and thus, cannot as a matter of law, constitute work product or be subject to any attorney-client privilege. The Vidacovichs' certainly hope that the defendant was not adjusting their losses with an eye towards litigation when the initial inspection of their home took place on October 9, 2005, barely a month after Katrina devastated the southeast Louisiana. Therefore, the Vidacovichs respectfully request that

the Court order defendant to produce all copies of the adjuster's reports prepared in connection with their homeowner's claim.

### iii. Requests for Production Numbers 9 and 10

Copies of any and all licenses, certificates and/or degrees described in your answer to interrogatory number 5(d); copies of any and all certificates or other documentation obtained following completion of the seminar(s), lecture(s) and/or event(s) described in your answer to interrogatory number 5(g).

**Hartford's Response:**

Hartford objects to Request for Production Nos. 9 and 10 on the basis that the requests are overly broad, unduly burdensome, exceeds the scope of available discovery under the rules and is not reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waving same, the information requested is not within the care, custody or control of this defendant, but Hartford's investigation is ongoing and Hartford reserves the right to supplement this answer if additional responsive information is acquired.

Not surprisingly, defendant asserted its form objections to the Vidacovichs' request for documentation verifying the qualifications of the individual(s) whose evaluations defendant relied upon when determining what was and was not covered under their homeowner's policy. Of course these documents are relevant and as stated throughout this memorandum, are crucial to determining whether or not the adjuster(s) employed by defendant were qualified to make the evaluations at issue. Accordingly, the Vidacovichs request that the Court order defendant to produce the documents requested in their Request for Production Nos. 9 and 10.

## II. DEFENDANT'S FAILURE TO ANSWER THE VIDACOVICHS' DISCOVERY WAS NOT SUBSTANTIALLY JUSTIFIED AND THUS, THE VIDACOVICHS ARE ENTITLED TO ATTORNEY'S FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(A)

Defendant's failure to answer the Vidacovichs' discovery was not substantially justified

and thus, the Vidacovichs are entitled to attorney's fees under Federal Rule of Civil Procedure 37 (a)(4)(A). More particularly, Federal Rule of Civil Procedure 37 (a)(4)(A) titled "Expenses and Sanctions provides in pertinent part as follows:

> (A) ***If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall***, after affording an opportunity to be heard, ***require the party or deponent whose conduct necessitated the motion*** or the party or attorney advising such conduct or both of them ***to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees***, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, ***or objection was substantially justified***, or that other circumstances make an award of expenses unjust.

In the instate case, despite the passage of almost ten (10) months since the discovery was propounded, the Vidacovichs have not received any documents responsive to their Request for Production and little, if any, information responsive to their Interrogatories. All of the documents and information requested are mundane, basic items that speak to the heart of plaintiffs' case against defendant. In this regard, defendant has made no reasonable effort to either answer or attempt to answer the discovery and incredibly, refuses to produce the Vidacoivchs' claims file without a protective order. The same claims file that was generated because the Vidacovichs paid premiums for a homeowner's policy that was never used until Hurricane Katrina. Thus, the Vidacovichs request that this Honorable Court award them a reasonable attorney's fee.

In conclusion, the Vidacovichs respectfully request that the Court order defendant to fully and completely answer all fifteen (15) of their Interrogatories, produce any and all documents requested in their Request for Production of Documents, produce any and all documents listed or referenced in any of their discovery responses and pay plaintiffs a reasonable attorney's fee for having to file the present Motion to Compel.

RESPECTFULLY SUBMITTED:

_____
REMY VOISIN STARNS (Bar #26522)
RYAN P. REECE (Bar #26479)
533 Europe Street
Baton Rouge, Louisiana 70802
(225) 381-3131

## CERTIFICATE OF SERVICE

I do herby certify that I have on this *21st* day of *May, 2007*, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
RYAN REECE