Ex. "A"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LIGITATION | * * * * * * | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| PERTAINS TO:   INSURANCE (*Chester Vidacovich*, No. 06-4719) | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Hartford Insurance Company of the Midwest ("Hartford") serves the following as its Objections and Answers to Plaintiff's First Set of Interrogatories.

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1.**

Please state the name and job title of each and every individual who answered or assisted in answering any of these Interrogatories.

**ANSWER:**

Hartford objects to Interrogatory No. 1 because it is overbroad and unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Subject to these objections and without waiving same:

Hartford Insurance Company of the Midwest responds to these discovery requests with the assistance of counsel.

## INTERROGATORY NO. 2.

Please state the exact date(s) you first received notice of the property damage claim(s) made subject of this suit.

## ANSWER:

Hartford received its first notice of loss on or about September 1, 2005.

## INTERROGATORY NO. 3.

Please describe in complete detail the processes and/or procedures you employed to adjust the property losses made subject of this suit. Please include in your response the following information:

a) The name and job title of each and every individual who handled or assisted in the handling of the property damage claim made subject of this suit. This request seeks only the name(s) of the adjuster(s) and any individuals with authority to honor or deny the claim and not the names of administrative personnel with no direct involvement in handling the claim;

b) The exact date(s) upon which the individuals listed in subpart (a) participated in the handling the claim;

c) A brief description of what the individual(s) listed in subpart (a) did in adjusting the property loss made subject of this suit.

## ANSWER:

Hartford objects to this Interrogatory No. 3 on the basis that it is overly broad, unduly burdensome and exceeds the scope of available discovery under the rules in that it requires Hartford to set forth "in complete detail" Hartford's adjustment of the subject loss. Hartford is not required to marshal all of its proof in response to an interrogatory.

Subject to these objections and without waiving the same, Hartford will produce responsive information in the claim file that will be produced subject to a review for privilege and after a mutually agreeable protective confidentiality order is entered. Please see the documents bates-labeled Hartford/Vidacovich 000001 - 000042. Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this Interrogatory may be derived or ascertained from the claim file produced by Hartford in this case. The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.

## INTERROGATORY NO. 4.

Did you or someone acting on your behalf inspect, following Hurricane Katrina, the following properties, to-wit:

Chester and Murleen Vidacovich, 2209 Kingfisher Dr., St. Bernard, Louisiana 70092.

If so, then please state the name(s) of the individual(s) who inspected the property and exact date(s) associated with each property.

## ANSWER:

Bob Currie of Cat Crew inspected the residence on October 9, 2005. Cat Crew was retained by Hartford for the purpose of supplying an independent adjuster to perform this inspection.

## INTERROGATORY NO. 5.

For each person listed in your answer to interrogatory number 4, please give the following information:

- a) The total number of years the individual(s) worked as a claims adjuster prior to adjusting the property losses made subject of this suit;

- b) The approximate total number of residential property damage claims the individual(s) adjusted prior to adjusting the losses made subject of this suit;

- c) The relevant education, including the name(s) of the school(s), college(s), and/or institutions(s) attended and the date(s) of graduation;

- d) The name(s) of any and all professional license(s), certificate(s) and/or degree(s) possessed by the individuals(s), the name(s) of the State(s) that issued the license(s) and the date(s) upon which the license(s) were obtained;

- e) A description of any and all training you administered to and/or the person underwent, regarding how to adjust property damage losses and the date(s) upon which individual(s) underwent the training;

- f) The name(s) of any and all companies the individual(s) worked for or on behalf of as an adjuster prior to working for you. Please give the date(s) of employment for each company listed;

- g) The name(s) of any and all continuing education seminars, lectures or other events attended by the individuals(s) and the date(s) so attended.

3

**ANSWER:**

Hartford objects to this Interrogatory No. 5 on the basis that it is overly broad, unduly burdensome, exceeds the scope of available discovery under the rules, and is not reasonably calculated to lead to the discovery of relevant evidence. Subject to this objection and without waiving same, the information requested is not within the care, custody or control of this defendant, but Hartford's investigation is ongoing and Hartford reserves the right to supplement this answer if additional responsive information is acquired.

**INTERROGATORY NO. 6.**

Did you or someone acting on your behalf speak to any person not affiliated with you about the property damage claim made subject of this suit? If so, please state the name(s) of the individual(s) and the exact dates upon which you or someone acting on your behalf spoke to the individual(s).

**ANSWER:**

Hartford objects to this Interrogatory No. 6 as the word "affiliated" is vague and ambiguous and undefined. As written, this interrogatory is vague and ambiguous and does not identify the information requested with reasonable particularity. Hartford further objects to Interrogatory No. 6 because it is not limited in scope or time and is therefore overbroad and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and without waiving same, responsive information will be made available through Hartford's production of the claim file that will be produced following a review for privilege and subject to an agreed protective order. Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this Interrogatory may be derived or ascertained from the claim file produced by Hartford in this case. The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.

**INTERROGATORY NO. 7.**

Please state the exact date(s) you received any proofs of loss. Please include in your response a brief description of any and all documentation that plaintiff's submitted along with their proofs of loss. Also please include a brief description of any other receipt of proof of loss.

**ANSWER:**

Hartford did not receive a proof of loss from the insured.

4

**INTERROGATORY NO. 8.**

Did you tender plaintiffs any money within thirty (30) days of learning that the property(s) listed in Interrogatory No. 4 were damaged as a result of Hurricane Katrina's violent winds?

**ANSWER:**

The amounts and dates of payments to Plaintiffs are set forth in the claim file that will be produced following a review for privilege and subject to an agreed protective order. Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this Interrogatory may be derived or ascertained from the claim file produced by Hartford in this case. The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant. Subject to these objections and without waiving same, Hartford did pay covered losses within 30 days of learning of the existence of covered damages.

**INTERROGATORY NO. 9.**

If your answer to interrogatory number 8 was "Yes", then please state the amount of money you tendered and the date(s) upon which you tendered the money as to each property listed in Interrogatory No. 4.

**ANSWER:**

The amounts and dates of payments to Plaintiffs are set forth in the claim file that will be produced following a review for privilege and subject to an agreed protective order. Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this Interrogatory may be derived or ascertained from the claim file produced by Hartford in this case. The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.

**INTERROGATORY NO. 10.**

If your answer to interrogatory number 8 was "No", then please state each and every reason why you did not tender any money to plaintiffs within thirty days of learning that the property was damaged as a result of Hurricane Katrina's violent winds.

**ANSWER:**

No response is required because the answer to Interrogatory No. 8 was not "no."

**INTERROGATORY NO. 11.**

Did you tender plaintiffs anything money [sic] the damage to their homes, as listed in Interrogatory No. 4, within sixty (60) days of learning that the property was damaged as a result of Hurricane Katrina's violent winds?

**ANSWER:**

Hartford objects to this interrogatory as it is vague and ambiguous and does not make grammatical sense. Hartford further objects to this request because it unfairly characterizes factual information rendering the Interrogatory vague and ambiguous. Subject to and without waiver of these objections, The amounts and dates of payments to Plaintiffs are set forth in the claim file that will be produced following a review for privilege and subject to an agreed protective order. Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this Interrogatory may be derived or ascertained from the claim file produced by Hartford in this case. The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.

**INTERROGATORY NO. 12.**

If your answer to interrogatory number 11 was "yes", then please state the amount of money you tendered and the date(s) upon which you tendered the money as to each property listed in Interrogatory No. 4.

**ANSWER:**

Hartford objects to this interrogatory as it is vague and ambiguous and does not make grammatical sense. Hartford further objects to this request because it unfairly characterizes factual information rendering the Interrogatory vague and ambiguous. Subject to and without waiver of these objections, The amounts and dates of payments to Plaintiffs are set forth in the claim file that will be produced following a review for privilege and subject to an agreed protective order. Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this Interrogatory may be derived or ascertained from the claim file produced by Hartford in this case. The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.

**INTERROGATORY NO. 13.**

If your answer to interrogatory number 11 was "No", then please state each and every reason why you did not tender any money to plaintiffs within sixty days of learning that the property was damaged as a result of Hurricane Katrina's violent winds.

**ANSWER:**

No response is required because the answer to Interrogatory No. 11 was not "no."

Respectfully submitted,

*/s/ S B Reimonenq/*

Simeon Reimonenq, T.A., La. Bar. # 19755
Ralph S. Hubbard, III, La. Bar # 7040
LUGENBUHL, WHEATON, PECK,
     RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile:  (504) 310-9195

And

OF COUNSEL:

Christopher W. Martin
Texas Bar No.: 13057620
Martin R. Sadler
Texas Bar No.: 00788842
Ethan D. Carlyle
Texas Bar No.: 24031794
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:   (713) 632-1700
Facsimile:   (713) 222-0101

**Attorneys for Defendant,
Hartford Insurance Company
of the Midwest**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2007, a copy of these Answers to First Set of Plaintiff's Interrogatories has been served upon all counsel of record in this action by depositing same in the United States Mail, first class postage prepaid, properly addressed to:

Remy Voisin Starns
Attorney at Law
2098 A Staring Lane
Baton Rouge, Louisiana 70810

*/s/ S B Reimonenq/*
Simeon Reimonenq