Ex. "B"

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LIGITATION | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| PERTAINS TO: INSURANCE (*Chester Vidacovich*, No. 06-4719) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION

Defendant Hartford Insurance Company of the Midwest serves the following as its Objections and Responses to Plaintiff's First Set of Request for Production.

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1.

Copies of any and all logs, journals, diaries, e-mail correspondence or other written documentation maintained by any and all people who participated in the investigation, handling and/or adjusting of the property damage claim made subject of this suit.

### ANSWER:

Hartford will produce the claim file herein subject to a review for privilege and after a mutually agreeable protective confidentiality order is entered. See also Policy No. 55 RBB 715016 is attached, bearing bates label range Hartford/Vidacovich 001 – 053.

**REQUEST FOR PRODUCTION NO. 2.**

Copies of any and all written policies, handbooks, instruction booklets or other documentation regarding the adjustment of property damage claims.

**ANSWER:**

Hartford objects to Request for Production No. 2 because it is overbroad in scope and time. As written, this request is unlimited as to time, geographic region, coverage type or cause of loss, and necessarily calls for production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This request is so broad as to be unduly burdensome and harassing and the request is an impermissible fishing expedition. Hartford further objects to Request for Production No. 2 because, as Hartford understands this Request, it appears to seek confidential, proprietary business information and trade secrets. Hartford further objects to Request for Production No. 2 because it is unduly burdensome to produce and as written the request calls for production of documents protected from discovery by the attorney-client and work product privileges. Hartford further objects to Request for Production No. 2 to the extent that it calls for production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3.**

Copies of the transcripts from any and all recorded statements taken in connection with the property damage claim made subject of this suit.

**ANSWER:**

None.

**REQUEST FOR PRODUCTION NO. 4.**

Copies of any and all reports, including, but not limited to, adjuster's reports, prepared by you or someone acting on your behalf regarding the property damage claim made subject of this suit.

**ANSWER:**

Hartford objects to Request for Production No. 4 because it is overbroad and unduly burdensome to produce, calling for production of "any and all" documents in the specified category and as written the request necessarily calls for production of documents protected from discovery by the attorney-client and work product privileges. Responsive documents are being withheld pursuant to the attorney-client, work product or party communications privileges. Subject to these objections and without waiving same, see response to Request for Production No. 1. Some responsive documents may in the possession of third parties and not within the care, custody or control of this defendant, but Hartford's investigation is ongoing and Hartford reserves the right to supplement this answer if additional responsive information is acquired.

## REQUEST FOR PRODUCTION NO. 5.

Copies of any and all expert reports prepared on your behalf about any matter or issue relating to the property damage claim made subject of this suit.

## ANSWER:

Hartford objects to this request as discovery is in its early stages and the parties are not yet required to exchange expert reports. Hartford further objects to request for Production No. 5 because it is not limited to testifying and seeks production of documents protected from discovery by the consulting expert privilege. Hartford will provide expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 6.

Copies of any and all photographs, maps, drawings and/or sketches of the property located at:

Chester and Murleen Vidacovich, 2209 Kingfisher Dr. St. Bernard La, 77092.

## ANSWER:

Hartford objects to Request for Production No. 6 because it is overbroad and unduly burdensome to produce, calling for production of "any and all" documents in the specified category and as written the request necessarily calls for production of documents protected from discovery by the attorney-client and work product privileges. Subject to this objection, see Response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 7.

Copies of any and all documentation that concerns or pertains to the property damage claim made subject of this suit.

## ANSWER:

Hartford objects to Request for Production No. 7 because it is overbroad and unduly burdensome to produce, calling for production of "any and all" documents in the specified category and as written the request necessarily calls for production of documents protected from discovery by the attorney-client and work product privileges. As written, the request fails to identify the documents requested with reasonable particularity and the request is nothing more than an impermissible fishing expedition. Responsive documents are being withheld pursuant to the attorney-client, work product or party communications privileges. Subject to this objection and without waiving same, see Response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 8.

A certified copy of plaintiffs' State Farm homeowner's policy, with the declarations page, in effect on the date Hurricane Katrina struck southeast Louisiana.

## ANSWER:

Hartford is not aware of a responsive "State Farm homeowner's policy" and has no such policy in its possession, custody or control. A true and correct copy of Hartford Policy No. 55 RBB 715016 is attached, bearing bates label range Hartford/Vidacovich Policy 001 – 053.

## REQUEST FOR PRODUCTION NO. 9.

Copies of any and all licenses, certificates and/or degrees described in your answer to interrogatory number 5(d).

## ANSWER:

Hartford has objected to Interrogatory No. 5 and objects to this Request for Production No. 9 on the basis that they are overly broad, unduly burdensome, exceed the scope of available discovery under the rules, and are not reasonably calculated to lead to the discovery of relevant evidence. Hartford further objects to Request for Production No. 9 because the documents requested are not within Hartford's care, custody or control. Hartford's investigation is ongoing and Hartford reserves the right to supplement this response if responsive documents are acquired.

## REQUEST FOR PRODUCTION NO. 10.

Copies of any and all certificates or other documentation obtained following completion of the seminar(s), lecture(s) and/or event(s) described in your answer to interrogatory number 5(g).

## ANSWER:

Hartford has objected to Interrogatory No. 5 and objects to this Request for Production No. 10 on the basis that they are overly broad, unduly burdensome, exceed the scope of available discovery under the rules, and are not reasonably calculated to lead to the discovery of relevant evidence. Hartford further objects to Request for Production No. 10 because the documents requested are not within Hartford's care, custody or control. Hartford's investigation is ongoing and Hartford reserves the right to supplement this response if responsive documents are acquired.

Respectfully submitted,

_____
Simeon Reimonenq, T.A., La. Bar. # 19755
Ralph S. Hubbard, III, La. Bar # 7040
LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

And

OF COUNSEL:

Christopher W. Martin
Texas Bar No.: 13057620
Martin R. Sadler
Texas Bar No.: 00788842
Ethan D. Carlyle
Texas State Bar No.: 24031794
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:   (713) 632-1700
Facsimile:   (713) 222-0101

**Attorneys for Defendant,
Hartford Insurance Company
of the Midwest**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2007, a copy of these Responses to First Set of Plaintiff's Request for Production has been served upon all counsel of record in this action by depositing same in the United States Mail, first class postage prepaid, properly addressed to:

Remy Voisin Starns
Attorney at Law
2098 A Staring Lane
Baton Rouge, Louisiana 70810

Simeon Reimonenq