UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>PERTAINS TO: LEVEE AND INSURANCE | * * * * | CIVIL ACTION<br>NO: 05-4182<br><br>SECTION "K"(2) |
| MARY MUSTACCHIA MORELLO<br>Plaintiff | * * | |
| VERSUS | * * | CIVIL ACTION<br>NO: 07-2763 |
| AUTO CLUB FAMILY INSURANCE<br>Defendant | * * * | DIVISION "C" |
| | * | MAGISTRATE: 4 |

### ANSWER AND REQUEST FOR JURY

Answer to Petitional and Homeowners Insurance Policy and for penalties and attorney's fees and Supplemental and Amended Petition defendant, Auto Club Family Insurance Company, responds and answers the plaintiffs original and amended petitions as follows:

### A. DEFENSES

1.

Plaintiff Auto Club Family Insurance Company Homeowner's Policy specifically excludes coverage for loss due to flood and mold.

2.

The Auto Club Family Insurance Company Homeowner's Insurance Policy also specifically excludes coverage for loss whether there are two or more causes of loss to property and the predominant cause of loss is an excluded peril.

3.

Plaintiff's claims are diminished and/or barred by the other insurance provisions of her Auto Club Homeowner's Insurance Policy.

4.

Plaintiff has been fully compensated for her damages.

5.

Plaintiff's claims, or some of them, are preempted by the National Flood Insurance Program (42 USC § 4001).

6.

If plaintiff suffered any damages, as alleged, such injuries were caused in whole or in part by the actions or inactions of third parties, and not Auto Club.

7.

To the extent that monies recoverable under plaintiff's policy are payable to a mortgagee or other third party, Auto Club is entitled to a set off for any amounts paid to the mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee, to the extent of their interest.

8.

Plaintiff has no cause of action or right of action for arbitrary and capricious conduct.

9.

Plaintiff's claims are barred in whole or in part by the doctorine of waiver, payment, estopple, and set off and/or by plaintiff's own juridical admissions.

## B. ANSWER

## ORIGINAL PETITION

1.

The allegations in paragraph 1 of the original petition merely allege party status and therefore require no response. To the extent that they may deemed to be factual and otherwise require a response, they are denied.

2.

The allegations in paragraph 2 are denied for lack of sufficient knowledge of justify belief therein.

3.

The allegations in paragraph 3 are admitted insofar as they allege that a Homeowner's Insurance Policy was issued by defendant to plaintiff with respect to the property at issue. The insurance policy is pled as the best evidence of its terms, exclusions, coverages and contents. All other allegations in paragraph 3 are denied.

4.

The allegations in paragraph 4 are denied for lack of sufficient knowledge to justify a belief therein.

5.

The allegations in paragraph 5 are denied for lack of sufficient knowledge to justify a belief therein.

6.

The allegations in paragraph 6 are denied.

7.

The allegations in paragraph 7 are denied.

8.

The allegations in paragraph 8 are denied.

9.

The allegations in paragraph 9 with respect to the value of plaintiff's alleged claim is denied. To the extent that plaintiff requests a trial by jury, no response is required.

## ANSWER TO SUPPLEMENTAL AND AMENDED PETITION

1.

The allegations in paragraph 1 of the Supplemental and Amended Petition merely allege status. To the extent that they may be deemed to be factual and otherwise require a response, they are denied.

2.

The allegations in paragraph 2 of the Supplemental and Amended Petition are denied.

3.

The allegations in paragraph 3 of the Supplemental and Amended Petition are admitted insofar as they allege that a Homeowner's Insurance Policy was issued by defendant to plaintiff with respect to the property at issue. The insurance policy is pled as the best evidence of its terms, exclusions, coverages and contents. All other allegations in paragraph 3 are denied.

4.

The allegations in paragraph 4 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

5.

The allegations in paragraph 5 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

6.

The allegations in paragraph 6 of the Supplemental and Amended Petition are admitted insofar as they allege that a Homeowner's Insurance Policy was issued by defendant to plaintiff with respect to the property at issue. The insurance policy is pled as the best evidence of its terms, exclusions, coverage's and contents. All other allegations in paragraph 6 are denied.

7.

The allegations in paragraph 7 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

8.

The allegations in paragraph 8 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

9.

The allegations in paragraph 9 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

10.

The allegations in paragraph 10 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

11.

The allegations in paragraph 11 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

12.

Admitted insofar as it is alleged that a Homeowner's Policy of Insurance was issued by Auto Club. All other allegations with respect to paragraph 12 are denied. The contents, limitations, exclusions, coverages and policy provisions in general are alleged as the best evidence of their contents and are pled herein in limitation and bar of plaintiff's recovery.

13.

The allegations in paragraph 13 of the Supplemental and Amended Petition are denied for lack of sufficient knowledge to justify a belief therein.

14.

The allegations in paragraph 14 of the Supplemental and Amended Petition are denied.

15.

The allegations in paragraph 15 of the Supplemental and Amended Petition are denied.

16.

The allegations in paragraph 16 of the Supplemental and Amended Petition are denied.

17.

The allegations in paragraph 17 of the Supplemental and Amended Petition with respect to the value of plaintiff's alleged claim is denied. To the extent that plaintiff requests a trial by jury, no response is required.

18.

Defendant, Auto Club Family Insurance Company, specifically prays for trial by jury in this matter.

**WHEREFORE,** defendant, Auto Club Family Insurance Company, prays that this answer be deemed good and after all due delays and legal proceedings are had, there be Judgment in favor of the defendant and against the plaintiff dismissing all claims against defendant, with prejudice, and for all costs of these proceedings incurred to be assessed against plaintiff.

RESPECTFULLY SUBMITTED:

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY: /s/ Gina P. Campo
_____
**GINA PULEIO CAMPO (#22139)**
3636 S. I-10 Service Road West
Suite 300
Metairie, Louisiana 70001
Telephone: (504) 833-8007
Facsimile: (504) 833-2866

*Attorneys for Auto Club Family Insurance Company*

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served on all counsel of record, by electronic filing, this 22nd day of May, 2007.

/s/ Gina P. Campo

_____

**GINA P. CAMPO**