UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>PERTAINS TO: LEVEE, MRGO, INSURANCE<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br><br>NO. 05-4182 "K" (2)<br><br>JUDGE DUVAL<br>MAG. WILKINSON |

**DISCOVERY ORDER CONCERNING MATERIALS
AS TO WHICH PRIVILEGES MAY BE ASSERTED**

Pursuant to and in furtherance of Fed. R. Civ. P. 16, 26(b)(5)(B) and Case Management and Scheduling Order No. 4 ("CMO No. 4"), Record Doc. No. 3299, the court hereby enters the following order concerning privileges.

The parties and the court anticipate that a large volume of documents and electronically stored information ("ESI") will be produced during discovery in these cases. Under these circumstances and in view of the time restraints imposed by the court, it is foreseeable that parties will inadvertently produce documents and ESI that are privileged or otherwise protected. To speed production, it is hereby **ORDERED** that the production of a document or ESI, in whole or in part, shall not alone constitute a waiver of any privilege or other protection as to any portion of that document or ESI, in this or in any other proceeding.

In addition, because the United States and other parties may be engaging in a review and select procedure as part of document production, certain documents will be seen by the receiving party prior to a privilege review by the producing parties. Therefore, for purposes of this order, such viewing by the receiving party shall not be deemed a waiver of any privilege or protection.

A party who wishes to assert privilege or other protection as to a document or ESI produced shall "file a notice into the record identifying the document [or ESI] by its specific identifying characteristic, such as by Bates number." CMO No. 4, ¶ IV(C)(3)(e). This notice shall contain information sufficient to identify: (1) the document or ESI, including information as necessary to locate the materials produced; and (2) the privilege or other protection that applies.  Notice may be made orally on the record at a deposition or hearing, provided that it is subsequently confirmed in writing, per CMO No. 4, ¶ IV(C)(3)(e), within 10 days from the date of the hearing or receipt of the deposition transcript by the party asserting privilege or other protection.

Upon notice per CMO No. 4, ¶ IV(C)(3)(e), from the producing party pursuant to this order, the parties shall attempt to reach agreement regarding the assertion of privilege or protection that may apply to the document or ESI or any portion of the document or ESI.  If the parties do not reach an agreement within 20 days after notice ("the meet and confer period"), the receiving party "is to immediately destroy the document [or ESI]

received and all copies thereof, unless it received the original, in which case it shall return the original to the producing party." CMO No. 4, ¶ IV(C)(3)(e). "If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved." Fed. R. Civ. P. 26(b)(5)(B).

Within 30 days of the expiration of the meet and confer period described herein, "[a]ny party seeking to contest the assertion of privilege [or protection] as to inadvertently produced documents [or ESI] must request in camera review of the document(s) [or ESI] in question by filing a motion that does not disclose the content of the document(s) [or ESI] over which the producing party has asserted privilege." CMO No. 4, ¶ IV(C)(3)(e). If the receiving party fails to file such a motion within the 30 days period, it waives any right to dispute the privilege or protection with respect to that document or ESI unless good cause exists for the failure to file such a motion (for example, evidence not available at the time privilege was asserted demonstrates the document or ESI was not privileged).

At all times after the producing party provides the requisite notice, the receiving party shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, trial or submission to the court; nor will the

3

receiving party disclose the substance of that material to any third party; however, the receiving party may reference the allegedly privileged or protected material to the court in accordance with ¶ IV(C)(3)(e) of CMO No. 4.

A party may challenge the assertion of any privilege or other protection for any documents or ESI originally withheld from production, or asserted as an objection to any Interrogatory or interposed during any deposition by filing a timely motion to compel, provided, however, that within 90 days of the objection or withholding, the moving party notifies in writing the party claiming the privilege or protection that the assertion of a privilege or protection is being challenged.  The notice required by this paragraph shall contain information sufficient to: (1) identify the document, ESI, interrogatory, or deposition at issue; (2) identify the privilege or protection that is being challenged; and (3) briefly explain the basis for the challenge.  The parties shall in good faith attempt to resolve the matter.  If the matter has not been resolved within 30 days from the receipt of the notice required by this paragraph, the party challenging the privilege or protection may file a motion to compel.

Nothing in this order shall prohibit a party, consistent with the Federal Rules of Civil Procedure, the Local Rules, or Case Management Orders entered by the court, from withholding from review and/or production any document or ESI covered by any

privilege(s) or protection(s). To the extent this order is inconsistent with any provision of a Case Management Order, this order controls.

New Orleans, Louisiana, this __23rd__ day of May, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**

**HON. STANWOOD R. DUVAL, JR.**