## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATD LITIGATION** | * | |
| **PERTAINS TO: SEVERED MASS JOINDER CASES** | * | **NO. 05-4182** |
| | * | |
| *Severed from Abadie, 06-5164* | * | **SECTION "K"(2)** |
| | * | |
| | * | |
| **KATRINA DANIELS** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO.  07-2377** |
| **STATE FARM FIRE and CASUALTY COMPANY** | * | |
| **Defendant** | * | **SECTION "K"(2)** |

**************************************************

## ANSWER AND DEFENSES

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), through undersigned counsel, and in answer to the plaintiff's Supplemental and Amending Complaint pursuant to Order of Severance dated March 27, 2007 (hereinafter "Complaint"), and upon information and belief, respectfully represents as follows:

## FIRST DEFENSE

The Petition fails to state a claim or cause of action against State Farm for which relief may be granted.

**SECOND DEFENSE**

The plaintiff has been fully compensated for losses insured by the applicable homeowner's policy.

**THIRD DEFENSE**

The damages sought by the plaintiff was not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in their entirety, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils.

**FOURTH DEFENSE**

State Farm has not been afforded satisfactory proof of loss as is required by jurisprudential law, statutory law and the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which pled as if are copied herein in their entirety.

**FIFTH DEFENSE**

In the alternative, should it be found that the damages sought by the plaintiff was caused in part by a covered peril, said damages were concurrently caused by a non-covered peril and therefore the damages sought are not insured under the applicable State Farm homeowner's policy, said policy being the best evidence of its contents, the terms and conditions of which are pled as if copied herein in their entirety.

## SIXTH DEFENSE

To the extent the plaintiff has received payments under an insurance policy insuring against the peril of flood for losses or damages to her dwelling and contents, she is estopped from alleging that the same and/or similar losses or damages were caused by wind.

## SEVENTH DEFENSE

The Louisiana valued policy law, La. Rev. Stat. §22:695 does not provide the plaintiff a basis for the relief that they seek and is not applicable.

## EIGHTH DEFENSE

To the extent the plaintiff has not adequately mitigated her alleged losses and damages, she is liable for all resulting consequences and damages.

## NINTH DEFENSE

State Farm is entitled to a credit for any payments which may have been made or may in the future be made to the plaintiff pursuant to any insurance policy for perils covered under the homeowner's policy and the plaintiff has no cause or right of action for any such amounts.

## TENTH DEFENSE

At all times, State Farm has adjusted the plaintiff's claims in good faith, in accord with the terms and conditions of the applicable State Farm homeowner's policy and in compliance with any applicable statutory or jurisprudential law.

## ELEVENTH DEFENSE

Should it be found that the damages sought by the plaintiff were caused in part by a covered peril and any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm homeowner's policy, said policy

being the best evidence of its contents, the terms and conditions of said policy being pled as if copied herein in their entirety.

## TWELFTH DEFENSE

As the plaintiff's claims are based on a contract of insurance between the parties, State Farm Fire and Casualty Company avers that if a policy of insurance is shown to exist, said policy being a written contract is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, but not exclusively, the exclusion for water damage and the anti-concurrent cause clause.

## THIRTEENTH DEFENSE

In further answer, to the extent that plaintiff may be claiming a right to penalties and attorney's fees of any amended version of La. R.S. 22:658, La. R.S. 22:1220, or any other such statute, defendant contends that these amendments do not have retroactive effect, and that to give them retroactive effect, or to apply them to events and/or losses that occurred prior to the date of the amendment would be violative of the Constitutions of the United States and State of Louisiana and Louisiana codal, statutory and jurisprudential law.

## FOURTEENTH DEFENSE

As a matter of law, any potential damages awarded for physical damage to the insured structure and personal property contents are limited to the difference between the pre-Katrina value of the insured structure and personal property contents and the insurance payments already received under any other insurance policies for damage to the insured structure and personal property contents.

## FIFTHTEENTH DEFENSE

In the alternative, as a matter of law, any potential damages awarded for physical damage to the insured structure and personal property contents are limited to the difference between the percentage of damage determined, if any, to be caused by wind, transposed into a percentage of the available policy limits under the State Farm homeowners' policy, less any insurance payments already received under any other insurance policies for damage to the insured structure and personal property contents.

## SIXTEENTH DEFENSE

Should it be determined that the plaintiff was insured under one or more flood insurance policies and received payments under such policy or policies for the value of her loss or damage the plaintiff is estopped as a matter of law from asserting that wind or any other peril covered under their State Farm Homeowners Policy was the cause of her loss.

## SEVENTEENTH DEFENSE

Should it be determined that the plaintiff was insured under one or more flood insurance policies and received their full flood policy limits for damages to her dwelling and its contents a result of Hurricane Katrina the plaintiffs are then estopped as a matter of law from asserting that wind or any other peril caused their dwelling and its contents to be rendered a total loss.

## EIGHTEENTH DEFNESE

The plaintiff has no statutory or jurisprudential right of action to recover attorney's fees.

## NINETEENTH DEFENSE

To the extent the damages claimed by the plaintiff herein were concurrently caused by a non-covered peril (water/flood/surge) and a covered peril (e.g., wind) State Farm asserts there is no coverage under the terms and conditions of the applicable State Farm policy, particularly the "anti-concurrent cause" provision found therein and State Farm pleads said policy and provisions as if copied herein in their entirety.

## TWENTIETH DEFENSE

To the extent that plaintiff has received compensation from other sources, namely but not limited to, any flood insurance policy, for damages to her dwelling and its contents and to the extent the same damages may be required to be repaid as a result of any recovery hereunder, State Farm is not required to make any such payment on behalf of the insured and/or is entitled to a set-off for the receipt of this compensation received from other sources.

## TWENTY-FIRST DEFENSE

The plaintiff has the burden of proving a covered loss and the extent of that loss as set forth in the terms and conditions of the applicable State Farm policy, which policy is pled as if copied in its entirety herein, and as established by jurisprudential and statutory law.

## TWENTY-SECOND DEFENSE

The Complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

## TWENTY-THIRD DEFENSE

Plaintiff is charged with the knowledge of the requirements and provisions of the Standard Flood Insurance Policy, as the policy is a codified federal regulation, and further charged with such knowledge pursuant to the National Flood Insurance Act of 1968, as amended,

and Title 44 of the Code of Federal Regulations.  To the extent the plaintiff has made a claim for recovery of damages to their dwelling and personal property contents pursuant to a Standard Flood Insurance Policy, the plaintiff is, therefore, presumed to have known that said damages were caused by water/flood/surge, which are non-covered perils under the applicable State Farm homeowner's policy.

## TWENTY-FOURTH DEFENSE

Plaintiff did not and cannot rely on any alleged misrepresentations of State Farm and as a matter of law plaintiff has no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations.  Plaintiff is presumed to know the terms and conditions of her insurance policies, particularly the State Farm homeowner's policy and, if applicable, the Standard Flood Insurance Policy.

## TWENTY-FIFTH DEFENSE

Although State Farm denies that State Farm in any manner breached its contractual or statutory duties to the plaintiff, should the plaintiff establish a breach of contract and/or violation of statutory duties, the plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

## TWENTY-SIXTH DEFENSE

Should it be shown that the plaintiff has made any material misrepresentations in connection with their claim for recovery of damages under their State Farm policy, State Farm pleads such representations are in violation of the terms and conditions of said policy thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said policy which are pled as if copied in their entirety.

**AND NOW**, further answering, State Farm avers as follows:

**I.**

The allegations in paragraph 1 of the plaintiff's Supplemental and Amending Complaint are admitted.

**II.**

The allegations in paragraph 2 of the plaintiff's Supplemental and Amending Complaint are admitted.

**III.**

The allegations in paragraph 3 of the plaintiff's Supplemental and Amending Complaint are admitted.

**IV.**

State Farm admits that Plaintiff seek the relief described in paragraph 4 of the plaintiff's Supplemental and Amending Complaint but denies that Plaintiff is entitled to any such relief.

**V.**

The allegations in paragraph 5 of the plaintiff's Supplemental and Amending Complaint are admitted.

**VI.**

State Farm admits that plaintiff purchased a homeowners insurance policy from State Farm.  State Farm denies that "All Risk Policy" is the name of the homeowners insurance policy issued to the plaintiff.

**VII.**

State Farm denies the allegations in paragraph 7 of the plaintiff's Supplemental and Amending Complaint to the extent they allege that the plaintiff's expectations contrary to the

terms of the insurance policy were reasonable.  State Farm is without information sufficient to admit or deny the allegations of plaintiff's expectations and therefore denies them.

**VIII.**

The allegations in paragraph 8 of the plaintiff's Supplemental and Amending Complaint are denied.

**IX.**

State Farm denies that it made any representations contrary to the terms of the homeowner's insurance policy and further denies that plaintiff reasonably could have believed that the homeowner's policy would cover and all damage causally related to a hurricane.  The remaining allegations in paragraph 9 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

**X.**

State Farm admits that it may have supplied the plaintiff an estimate of the replacement cost of plaintiff's home.  State Farm denies the allegations in paragraph 10 of the plaintiff's Supplemental and Amending Complaint to the extent they allege State Farm rather than the plaintiff determined the limits of insurance coverage under the plaintiff's policy are denied for lack of sufficient information to justify a belief therein.

**XI.**

The allegations in paragraph 11 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein with regard to the plaintiff's alleged timely payment of the premiums.  State Farm admits it issued a policy of homeowners insurance insuring the policy at issue and that said policy was in full force and effect at the time of the plaintiff's loss.

## XII.

State Farm admits that on August 29, 2005, Hurricane Katrina made landfall near Louisiana and denies all additional allegations in paragraph 12 of the plaintiff's Supplemental and Amending Complaint for lack of sufficient information to justify a belief therein.

## XIII.

The allegations in paragraph 13 of the plaintiff's Supplemental and Amending Complaint are, to the extent that State Farm is aware of such damage as a result of adjusting an insurance claim of claims made by the plaintiff, admitted.

## XIV.

The allegations in paragraph 14 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations in paragraph 15 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations in paragraph 16 of the plaintiff's Supplemental and Amending Complaint are denied.

## XVII.

The allegations in paragraph 17 of the plaintiff's Supplemental and Amending Complaint are denied.

## XVIII.

State Farm reavers and realleges all answers to the allegations the plaintiff reaver in paragraph 18 of **his/her** Supplemental and Amending Complaint.

## XIX.

The allegations in paragraph 19 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations in paragraph 20 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations in paragraph 21 of the plaintiff's Supplemental and Amending Complaint are denied to the extent plaintiff suffered losses as a result of Hurricane Katrina that were excluded from coverage under his homeowners policy, including but not limited losses due to flood.

## XXII.

The allegations in paragraph 22 of the plaintiff's Supplemental and Amending Complaint are admitted to the extent that the plaintiff has submitted a claim under their State Farm homeowner's policy.

## XXIII.

The allegations in paragraph 23 of the plaintiff's Supplemental and Amending Complaint are denied to the extent they allege State Farm is obligated to indemnify the plaintiff for losses not covered under the State Farm homeowners policy issued to the plaintiff.

## XXIV.

The allegations in paragraph 24 of the plaintiff's Supplemental and Amending Complaint are denied to the extent they allege State Farm failed to indemnify the plaintiff for losses covered

under their State Farm homeowners insurance policy according to the terms and conditions of that policy.

## XXV.

The allegations in paragraph 25 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXVI.

The allegations in paragraph 26 of the plaintiff's Supplemental and Amending Complaint are denied to the extent the plaintiff's losses were caused by flood or other perils excluded from coverage under their State Farm homeowners policy.

## XXVII.

The allegations in paragraph 27 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXVIII.

The allegations in paragraph 28 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXIX.

The allegations in paragraph 29 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXX.

The allegations in paragraph 30 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXI.

The allegations in paragraph 31 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXII.

State Farm admits that Congress enacted the Federal Flood Insurance Act and denies anything and everything at variance therewith and denies any allegations in paragraph 32 of the plaintiff's Supplemental and Amending Complaint that are contrary to the provisions of the National Flood Insurance Act.

## XXXIII.

State Farm admits that the National Flood Insurance Program provides for available levels of coverage under the standard flood insurance policy and denies anything and everything alleged by the plaintiff in paragraph 33 of her Supplemental and Amending Complaint that is contrary to the provisions of the National Flood Insurance Program.

## XXXIV.

State Farm admits it generally had knowledge of the availability of excess flood insurance and denies all other allegations of paragraph 34 of the plaintiff's Supplemental and Amending Complaint.

## XXXV.

The allegations in paragraph 35 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXVI.

The allegations in paragraph 36 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXVII.

State Farm realleges and reavers all answers to all of the allegations realleged and reavered by the plaintiff's in paragraph 37 of their Supplemental an Amending Complaint.

## XXXVIII.

The allegations in paragraph 38 of the plaintiff's Supplemental and Amending Complaint are denied as written.  State Farm pleads the applicable State Farm policy to be the best evidence of its contents and denies everything and anything at variance therewith.

## XXXIX.

The allegations in paragraph 39 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## XL.

The allegations in paragraph 40 of the plaintiff's Supplemental and Amending Complaint are denied.

## XLI.

The allegations in paragraph 41 of the plaintiff's Supplemental and Amending Complaint are denied.

## XLII.

The allegations in paragraph 42 of the plaintiff's Supplemental and Amending Complaint are denied.

## XLIII.

The allegations in paragraph 43 of the plaintiff's Supplemental and Amending Complaint are denied.

**XLIV.**

State Farm realleges and reavers all answers the plaintiff's reallege and reaver in paragraph 44 of their Supplemental and Amending Complaint.

**XLV.**

The allegations in paragraph 45 of the plaintiff's Supplemental and Amending Complaint are denied as written.  State Farm admits that it owes its policyholders a duty of good faith and fair dealing in the adjustment of covered claims under their insurance policies.

**XLVI.**

The allegations in paragraph 46 of the plaintiff's Supplemental and Amending Complaint are denied.

**XLVII.**

The allegations in paragraph 47 of the plaintiff's Supplemental and Amending Complaint are denied.

**XLVIII.**

The allegations in paragraph 48 of the plaintiff's Supplemental and Amending Complaint are denied except to admit that the applicable State Farm homeowners policy contains an exclusion precluding coverage for any damages due to water and State Farm pleads said policy is the best evidence of its contents and denies everything and anything at variance therewith.

**XLIX.**

The allegations in paragraph 49 of the plaintiff's Supplemental and Amending Complaint are denied.

**L.**

The allegations in paragraph 50 of the plaintiff's Supplemental and Amending Complaint are denied.

**LI.**

The allegations in paragraph 51 of the plaintiff's Supplemental and Amending Complaint are denied.

**LII.**

The allegations in paragraph 52 of the plaintiff's Supplemental and Amending Complaint are denied.

**LIII.**

The allegations in paragraph 53 of the plaintiff's Supplemental and Amending Complaint are denied.

**LIV.**

The allegations in paragraph 54 of the plaintiff's Supplemental and Amending Complaint are denied.

**LV.**

The allegations in paragraph 55 of the plaintiff's Supplemental and Amending Complaint are denied.

**LVI.**

The allegations in paragraph 56 of the plaintiff's Supplemental and Amending Complaint are denied.

## LVII.

The allegations in paragraph 57 of the plaintiff's Supplemental and Amending Complaint are denied as written.

## LVIII.

The allegations in paragraph 58 of the plaintiff's Supplemental and Amending Complaint are denied as written.

## LIX.

The allegations in paragraph 59 of the plaintiff's Supplemental and Amending Complaint are denied.

## LX.

The allegations in paragraph 60 of the plaintiff's Supplemental and Amending Complaint are denied.

## LXI.

The allegations in paragraph 61 of the plaintiff's Supplemental and Amending Complaint are denied.

## LXII.

The allegations in paragraph 62 of the plaintiff's Supplemental and Amending Complaint are denied.

## LXIII.

The allegations in paragraph 62 of the plaintiff's Supplemental and Amending Complaint do not require an answer by State Farm.

**WHEREFORE**, State Farm Fire and Casualty Company prays that its Answer to the Plaintiff's Supplemental and Amending Complaint Pursuant to Order of Severance dated March

27, 2007 be deemed good and sufficient and that after due proceedings be had there be a judgment rendered in favor of State Farm Fire and Casualty Company and against plaintiff, dismissing all claims asserted in Plaintiff's Supplemental and Amending Complaint Pursuant to Order of Severance dated March 27, 2007, at plaintiff's cost, and State Farm further prays for any and all equitable, jurisprudential and statutory relief.

Respectfully submitted,

/S/ David A. Strauss
DAVID A. STRAUSS, #24665
LINDSAY A. LARSON, III, #8053
CHRISTIAN A. GARBETT, #26293
ADAM P. MASSEY, #29330
SARAH R. SHANNAHAN, #30957
KING, LEBLANC AND BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Attorneys for State Farm Fire and
Casualty Company
dstrauss@klb-law.com
llarson@klb-law.com
cgarbett@klb-law.com
amassey@klb-law.com
sshannahan@klb-law.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties in the litigation.

/S/ David A. Strauss

U:\DSTRAUSS\STATE FARM ABADIE CASES\2900-048\DANIELS ANSWER WIND-FLOOD.DOC