UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K"(2) |

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289

**PERTAINS TO: LEVEE**

---

**MEMORANDUM IN SUPPORT OF LEVEE PLAINTIFFS' MOTION TO DEEM MATTERS ADMITTED AS TO REQUESTS FOR ADMISSIONS PROPOUNDED TO DEFENDANTS, EUSTIS ENGINEERING COMPANY, INC., GULF GROUP INC. OF FLORIDA, AND PITTMAN CONSTRUCTION COMPANY, INC. AND FOR ATTORNEYS' FEES AND EXPENSES**

MAY IT PLEASE THE COURT:

Levee Plaintiffs, through undersigned counsel, respectfully request that this Honorable Court deem Plaintiffs' Requests for Admissions propounded to Defendants, Eustis Engineering Company, Inc. ("Eustis"), Gulf Group Inc. of Florida ("Gulf Group"), and Pittman Construction Company, Inc. ("Pittman"), admitted and that this Honorable Court award attorneys' fees and expenses in this regard for the following reasons:

1

## I.  INTRODUCTION

Pursuant to Case Management Order #4 Section III(B)(2), Plaintiffs served Defendants, Eustis, Gulf Group, and Pittman, Class Certification Interrogatories, Requests for Production, and **Requests for Admission** on March 30, 2007.  Responses to Plaintiffs' Class Certification Requests for Admission were due on April 30, 2007.  To date, Plaintiffs have not received Defendants' Responses to Plaintiffs' Class Certification Requests for Admissions.  Therefore, Plaintiffs respectfully request that this Honorable Court deem these Requests admitted by operation of law.

## II.  LAW AND ARGUMENT

A. *Defendants' Failure to Respond to Plaintiffs' Class Certification Requests for Admissions Constitutes Grounds for Deeming all Matters Requested by Plaintiffs Admitted*

Defendants, Eustis, Gulf Group, and Pittman, failed to respond to Plaintiffs' Requests for Admissions propounded pursuant to Case Management Order #4 Section III(B)(2), entitled Class Certification Disclosure and Written Discovery, which states in pertinent part:

> No later than **March 30, 2007**, plaintiffs and defendants must submit to the other side three (3) separate sets (one each for Levee, MRGO (if necessary) and Insurance cases) of no more than twenty five (25) interrogatories, no more than fifty (50) requests for production and no more than fifty (50) requests for admissions, all limited to class certification issues.  Written responses to this discovery must be provided no later than **April 30, 2007**….

Plaintiffs propounded Class Certification Discovery to the above referenced Defendants on March 30, 2007.  (Please see Exhibit "A").  To date, Plaintiffs have received no response.

Federal Rule of Civil Procedure 36(a) states:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. (FRCP 36(a)).

Pursuant to Case Management Order #4, Defendants were required to respond to Class Certification Discovery on April 30, 2007. Defendants have filed no Responses nor have they filed any objections to Plaintiffs' Requests for Admissions, thereby waiving any objections they may have had. This Honorable Court has held, "Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection." *Ordoyne v. McDermott, Inc.*, No. 99-3456, 2000 WL 1154616 (E.D.LA).

The magnitude of this case demands order and, therefore, strict adherence to the rules of discovery and deadlines clearly set forth in the Case Management Order. Defendants' actions in not responding to Plaintiffs' Class Certification Requests for Admissions hinder progress in that regard. This Honorable Court has frowned on such behavior in the past, holding that "blatant disregard of the Local Rules and the Rules of Civil Procedure cannot be countenanced." *Stewart v. Marriot Courtyard, 2004 WL 2988488 (E.D.LA)*. Defendants have not responded to Plaintiffs' Class Certification Requests for Admissions nor have they filed any objections to same. Plaintiffs submit that Defendants' failure in this regard should deem Plaintiffs' Requests for Admission admitted by operation of law.

### B. *Defendants' Failure to Respond to Plaintiffs' Class Certification Requests for Admissions Necessitates this Motion and, Therefore, Plaintiffs Should Be Awarded Attorneys' Fees and Expenses*

Should Plaintiffs' Motion be granted by this Honorable Court, Plaintiffs seek reasonable attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) which states in pertinent part:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees…

Plaintiffs would not be required to seek relief from this Honorable Court but for Defendants' refusal to adhere to the Case Management Order. Plaintiffs respectfully request attorneys' fees and expenses associated with bringing the instant motion.

## III. CONCLUSION

Defendants failed to comply with Case Management Order #4 Section III by not responding at all to Plaintiffs' Class Certification Requests for Admissions. Defendants have had ample time to respond and have failed to object or respond in any way to Plaintiffs' discovery. Defendants' disregard for the deadlines set forth in this Honorable Court's Scheduling Order necessitated the instant motion. Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion to Deem Matters Admitted as to Requests for Admissions Propounded to Defendants, Eustis Engineering Company, Inc., Gulf Group Inc. of Florida, and Pittman Construction Company, Inc., and Order Payment of Attorneys' Fees and Expenses as provided for by the Federal Rules of Civil Procedure.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

s/ Joseph M. Bruno

JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com


**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

 s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas