UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br> <br> versus <br> <br> PERTAINS TO: INSURANCE <br> NANCY E. JACKSON, WIFE OF AND <br> TIMOTHY JACKSON <br> (06-8952) | CIVIL ACTION NO. 05-4182 <br> <br> JUDGE: STANWOOD DUVALL <br> <br> MAGISTRATE: WILKINSON |

### ANSWER, AFFIRMATIVE DEFENSES AND REQUEST FOR TRIAL BY JURY TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, who appears for the purposes of answering the First Amended Complaint and with respect, avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause and/or a right of action upon which relief can be granted against State Farm Fire and Casualty Company.

-1-

## SECOND AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause and further avers that at all times it acted in good faith and in compliance with all applicable Louisiana statutory law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have no right to recover penalties attorney fees and/or costs.

## FOURTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that no coverage exists under the homeowner's policy for the Plaintiffs' losses caused or contributed to by flood. The damages sought by the Plaintiff's were not cause by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in their entirety, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the damages claimed by the Plaintiffs herein were concurrently caused by a non-covered peril (water/flood/surge) and a covered peril (wind) State Farm asserts there is not coverage under the terms and conditions of the applicable State Farm policy, particularly the "anti-concurrent clause" found therein and State Farm pleads said policy and provisions attached hereto as exhibit A *in extenso*.

Our file: 0895-0290 EWW

## SIXTH AFFIRMATIVE DEFENSE

Without waiving any other defenses elsewhere asserted herein, State Farm would aver and plead that any allegation contained in the Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

## SEVENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs' Complaint improperly attempts to require State Farm to provide insurance coverage under a homeowner's policy for flood losses for which State Farm received no premiums and would violate State Farm's protections under the Constitution of Louisiana and the Constitution of the United States.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that Plaintiffs are charged with knowledge of the purpose of the National Flood Insurance Program, specifically that homeowner's policies of insurance do not provide coverage for "flood" damages. There can be no reasonable reliance, as a matter of law, on a person failing to know this, the terms of the homeowner's policy, the terms of the National Flood Insurance Policy and/or the law related thereto.

## NINTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that to the extent Plaintiffs have received funds from other sources as a result of their damages claimed from Hurricane KATRINA, herein, and the same may be required to be repaid as a result of any recovery hereunder, that State Farm is not required to make such payment on behalf of the insured, or is entitled to a set-off for the same. In this regard, without limitation, State Farm as homeowner's insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiffs under a flood insurance policy.

Our file: 0895-0290 EWW

## TENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs have the burden of proving a loss insured and its amount by the policy occurred causing damage to the property insured by the policy.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages sought by the Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in their entirety and attached hereto as exhibit A *in extenso*, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is vague and ambiguous on its face and a more definitive statement is required.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are premature and Plaintiffs have failed to present amicable demand.

## FIFTEENTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company denies that the facts as alleged in the Complaint occurred.

## SIXTEENTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company is entitled to a credit for any and all documents paid or to be paid to or on behalf of Plaintiffs, including but not limited to any monies received

-4-

Our file: 0895-0290 EWW

or recoverable from FEMA, The Red Cross Louisiana Road Home Program, SBA or any other governmental agency, insurance company or charitable organization.

### SEVENTEENTH AFFIRMATIVE DEFENSE

With Regard to the plaintiffs' homeowner's policy, to the extent that the petition claims entitlement to recovery under La.R.S. 22:695, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit. State Farm further avers that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana.

### EIGHTEENTH AFFIRMATIVE DEFENSE

With regard to the Plaintiffs' homeowner's policy, to the extent that Plaintiffs claim entitlement to penalties or attorney's fees or damages, consequent to any amended version of La.R.S. 22:658, 22:1220 or any other such statute, State Farm avers that these amendments are without retroactive effect.

### NINETEENTH AFFIRMATIVE DEFENSE

As to State Farm Fire and Casualty Company in its capacity as a WYO carrier, jurisdiction and venue over this dispute are exclusive to the U.S. District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

Our file: 0895-0290 EWW

## TWENTIETH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company, in its capacity as a WYO Program carrier administering a Standard Flood Insurance Policy, has paid the appropriate amount under Plaintiffs' SFIP. Therefore, no further benefits are available to the insureds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Agreement of the SFIP insures "against all direct physical loss by or from flood to the insured property," for which there must be physical changes to the property, and provided that the insured has paid the correct premiums, complied with all the terms and conditions of the SFIP, and has furnished accurate information and statements.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no basis under federal law for any recovery related to the NFIP other than what is expressly allowed under the statutes and regulations to that federal program.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred by one or more of the SFIP exclusions, limitations or specific non-covered perils authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to the provisions enumerated in Articles III, IV, and V.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of

Our file: 0895-0290 EWW

property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are charged with the knowledge of the requirements and provisions of the SFIP, as the policy is a codified federal regulation, and the National Flood Insurance Act of 1968, as amended, and Title 44 of the Code of Federal Regulations. The Plaintiffs are under a further duty to familiarize themselves with the rules and regulations of the federal program to which they are participants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

By statute, State Farm Fire and Casualty Company is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). State Farm Fire and Casualty Company's role as a WYO carrier is to ". . .act in a fiduciary capacity utilizing Federal funds to sell and <u>administer</u> the Standard Flood Insurance Policies . . . ." 44 C.F.R. Pt. 62, App. A, Art. I, ¶ 5. (emphasis added.) By regulation, State Farm Fire and Casualty Company's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as 44 C.F.R. Pt. 61, App. A(1), Art. VII(D). State Farm Fire and Casualty Company thus affirmatively pleads that it cannot legally waive

Our file: 0895-0290 EWW

program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, State Farm Fire and Casualty Company asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, State Farm Fire and Casualty Company respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have not adequately mitigated their alleged losses and damages and thus are liable for all consequences and damages resulting there from.

## THIRTIETH AFFIRMATIVE DEFENSE

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

Our file: 0895-0290 EWW

## THIRTY-FIRST AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under State Farm Fire and Casualty Company's logo. State Farm Fire and Casualty Company agrees to abide by all rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency when it issues an SFIP. State Farm Fire and Casualty Company does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the flood program. The Federal Insurance Administrator is the sole authority.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm Fire and Casualty Company. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7), and (8).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of the Plaintiffs herein.

Our file: 0895-0290 EWW

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The responsibilities of the State Farm Fire and Casualty Company to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then State Farm Fire and Casualty Company asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.*, 1994 WL 905630 (S.D. Fla. 1994), State Farm Fire and Casualty Company prays that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under their SFIP, and that State Farm Fire and Casualty Company thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Out of an abundance of caution, State Farm Fire and Casualty Company asserts that some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

Our file: 0895-0290 EWW

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

In an abundance of caution, State Farm Fire and Casualty Company asserts that in the event of any recovery by the Plaintiffs, State Farm Fire and Casualty Company affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

In an abundance of caution, State Farm Fire and Casualty Company asserts that if these Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) State Farm Fire and Casualty Company affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). State Farm Fire and Casualty Company affirmatively asserts that the Plaintiffs do not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

### FORTIETH AFFIRMATIVE DEFENSE

All state law based extra contractual and tort theories arising out of the handling of the claim under the SFIP are preempted and barred by federal constitutional, regulatory and statutory law. Further, interest is barred by the "no interest" rule.

### FORTY-FIRST AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company avers that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm Fire and Casualty Company.

### FORTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage, as alleged, such injuries were caused in whole or in part by action or inactions of third parties for which State Farm Fire and Casualty Company is not responsible.

### FORTY-THIRD AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company pleads the comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgages and failure to act as a prudent person under the circumstances.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Although State Farm Fire and Casualty Company contends that there is no cause of action for the claims asserted herein, should this Court find any negligence and/or fault on the part of State Farm Fire and Casualty Company, which is specifically denied, then State Farm Fire and Casualty Company avers the limitations set forth in La Civ. Code Art. 2324, under which each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with any other party or non-party.

Our file: 0895-0290 EWW

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are subject to any rights of set off and/or recoupment that State Farm Fire and Casualty Company may have.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs should be dismissed, or alternatively, its damages (the existence of which damages is denied) should be reduced due to the Plaintiffs own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any damages proximately caused by State Farm Fire and Casualty Company.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are barred by the statute of frauds and/or parol evidence rule.

### FIFTIETH AFFIRMATAVE DEFENSE

The claims asserted by the Plaintiffs should be dismissed, or alternatively, its damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company denies it breached its contractual or statutory duties to the Plaintiffs, should the Plaintiffs establish a breach of contact and/or violation of

Our file: 0895-0290 EWW

statutory duties, the Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company asserts Plaintiffs are not entitled to Additional Living Expenses under the homeowner's policy, as the damage to the property was caused by an excluded peril. Additional Living Expenses re provided under the SFIP.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company asserts that Plaintiffs have violated and consequently voided all coverages that might have been afforded by virtue of the following non-exclusive particulars to-wit:

> (a) Refusing or failing to provide satisfactory Proofs of Loss;
>
> (b) Refusing to provide information that has been specifically requested;
>
> (c) Failing to cooperate with the adjustor and claims representatives in the investigation of the claim; and
>
> (d) Any other circumstances discovered now and between the trial of this matter.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company specifically denies that it breached any duty to the Plaintiffs with respect to the procurement and/or maintenance of the Plaintiffs' flood or homeowner's insurance policy.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are responsible for reading their policy as well as any renewal notices, and are presumed to know the provisions of their policy, including the insurer's limits of liability. No person may avail himself of ignorance of the law, and the SFIP is itself a federal law.

Our file: 0895-0290 EWW

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs have been fully compensated for losses insured by the applicable homeowner's policy.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have received payments under their flood policy for damages to their dwelling and contents; they are estopped from alleging that the same and/or similar losses are caused by wind.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Should it be found that the damages sought by the Plaintiffs were caused in part by a covered peril and any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm homeowner's policy, said policy being the best evidence of its contents, the terms and conditions of said policy being pled as if copied herein in its entirety and is attached hereto as exhibit A *in extenso*.

### FIFTY-NINTH AFFIRMATIAVE DEFENSE

As a matter of law, any potential damages awarded for physical damage to the insured structure and personal property contents are limited to the difference between the pre-Katrina value of the insured structure and personal property contents and the insurance payments already received under any other insurance policies for damage to the insured structure and personal property contents.

### SIXTIETH AFFIRMATIVE DEFENSE

Should it be determined that the Plaintiffs were insured through a Standard Flood Insurance Policy and received their full policy limits under their Standard Flood Insurance Policy, the insureds are estopped as a matter of law from asserting that their home and its contents were rendered a total loss due to wind.

-15-

Our file: 0895-0290 EWW

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and as a matter of law Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of their insurance policies, particularly the State Farm homeowner's policy and, if applicable, the Standard Flood Insurance Policy.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under their State Farm policy, State Farm pleads such representations are in violation of the terms and condition of said policy thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said policy which are pled as if copied herein and is attached hereto as exhibit A *in extenso*.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

In the alternative, State Farm is entitled to a credit for payments which may have been made or may in the future be made to the Plaintiffs pursuant to any insurance policy for perils covered under the homeowner's policy and the Plaintiffs have no cause or right of action for any such amounts.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

The issuance of an SFIP by the WYO Program carrier is strictly governed by 44 C.F.R. §§61.5, 61.11, 61.13; 44 C.F.R. Pt. 61, App. A(1)(Oct. 1, 2004 ed.); 44 C.F.R. Pt. 62, App. A(Oct. 1, 2004 ed.); and 42 U.S.C. §4001, *et seq*.

Our file: 0895-0290 EWW

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

AND NOW, FURTHER ANSWERING, State Farm Fire and Casualty Company responds to the specific numbered allegations of the First Amended Complaint filed by the Plaintiffs as follows:

I.

State Farm Fire and Casualty Company denies the allegations of paragraph I of the First Amended Complaint.

II.

State Farm Fire and Casualty Company denies the allegations of paragraph II of the First Amended Complaint except to admit the policy of insurance is issued by State Farm Fire and Casualty Company under which the Plaintiff is making a claim is the best evidence of the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein and is attached hereto as exhibit A *in extenso*. State Farm Fire and Casualty Company further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm Fire and Casualty Company specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

III.

State Farm Fire and Casualty Company denies the allegations of paragraph III of the First Amended Complaint except to admit the policies of insurance are issued by State Farm Fire and Casualty Company under which the Plaintiff is making a claim are the best evidence of the policies' terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and are pled herein as if copied in their entirety (the homeowner's policy being attached

Our file: 0895-0290 EWW

hereto as exhibit A *in extensor*). State Farm Fire and Casualty Company further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policies are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm Fire and Casualty Company specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policies.

IV.

State Farm Fire and Casualty Company denies the allegations of paragraph IV of the First Amended Complaint for damages for a lack of sufficient information to justify a reasonable belief therein.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

State Farm does not waive any defenses asserted in the original Answer and Affirmative Defenses or the First Amended Answer and Affirmative Defenses and Request for Trial by Jury. The Answer and Affirmative Defenses and Request for Trial by Jury to Plaintiff's First Amended Complaint is intended to supplement additional defenses to the original Answer and Affirmative Defenses and the First Amended Answer and Affirmative Defenses and Request for Trial by Jury.

## REQUEST FOR TRIAL BY JURY

State Farm Fire and Casualty Company is entitled to a trial by jury on all homeowner's issues and claims and hereby requests and prays for same.

## RESERVATION OF RIGHTS

State Farm reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

Our file: 0895-0290 EWW

WHEREFORE, the forgoing considered, State Farm Fire and Casualty Company prays that this Answer and Affirmative Defenses and Request for Trial by Jury to Plaintiff's First Amended Complaint be deemed good and sufficient, and after due proceeding had, there be judgment rendered in its favor dismissing the Complaint filed by Plaintiffs and the First Amended Complaint filed by Plaintiff's, both with prejudice, at their cost for trial by jury and for all other general and equitable relief.

Respectfully submitted,

*/s/ signature/*

**CHARLES L. CHASSAIGNAC, IV, ESQUIRE (#20746)**
**JAMES ERIC JOHNSON, ESQUIRE (#23800)**
**BRYAN J. HAYDEL, JR., ESQUIRE (#27500)**
**ELEANOR WEEKS WALL (#29695)**
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
(225) 383-8900 Telephone; (225) 383-7900 Facsimile
email: cchassaignac@phjlaw.com

Our file: 0895-0290 EWW

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May 2007, a copy of the foregoing First Amended Answer and Affirmative Defenses and Request for Trial by Jury was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Adrianne L. Baumgartner, Charles L. Chassaignac IV, Bryan Joseph Haydel, Jr., Andrew Allen Lemmon, Irma L. Netting, Kim Huong Ashley Tran and Gerald J. Neilsen by operation of the Court's electronic filing system, in addition to all other parties listed in this litigation. I also certify that I have mailed by United States Postal Service, properly addressed, and first class postage prepaid, this filing to the following non-CM/ECF participants:

(No manual recipients)

*[signature]*

**CHARLES L. CHASSAIGNAC, IV, ESQUIRE (#20746)**

Our file: 0895-0290 EWW