UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.  05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| _____ | * | |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| INSURANCE | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH
DEPOSITION OF ALEXIS KING AND FOR PROTECTIVE ORDER**

State Farm Fire and Casualty Company ("State Farm") moves this Court for entry of a protective order precluding the deposition of Alexis King, unilaterally noticed by Plaintiffs' Insurance Liaison Counsel for June 11, 2007. *See* Ex. A.  As set forth more fully below, Alexis King was a Catastrophe Claim Team Manager for State Farm based in Mississippi.  Ms. King had no responsibilities for any Louisiana Hurricane Katrina or Rita claims.  Accordingly, the proposed deposition is not reasonably calculated to lead to the discovery of relevant and admissible evidence, particularly when corporate representatives who did supervise the Louisiana claims will provide corporate testimony in compliance with the Master 30(b)(6)

873249v.1

Deposition Notice served by Plaintiffs' Liaison Counsel pursuant to the schedule established in accordance with Case Management Order ("CMO") No. 4. Moreover, this Court's CMO No. 4 specifically precludes any party from taking the deposition of a fact witness on common liability issues prior to July 23, 2007, without leave of Court. The deposition of Alexis King should be quashed and a protective order entered preventing the plaintiffs from deposing Ms. King on the grounds that Ms. King does not possess information relevant to the claim or defense of any party in these consolidated proceedings. Additionally, the deposition should be quashed as premature.

**I.   BACKGROUND**

On August 29, 2005, Hurricane Katrina struck the Gulf Coast, causing damage to areas in Southeast Louisiana as well as coastal Mississippi. Flooding inundated the New Orleans metropolitan area following the hurricane due to various breaches of levees. Following Hurricane Katrina, thousands of insurance claims were submitted by State Farm homeowner insureds in both Louisiana and Mississippi. Louisiana and Mississippi are in different operational zones under State Farm's organizational structure, with Louisiana being part of State Farm's Central Zone and Mississippi being part of the Southern Zone. Ex. B at ¶ 4. Each zone has its own executive and management structure, and State Farm's corporate Catastrophe Services operation, which provides claims handling services to the zones in response to catastrophes, coordinates with the particular zone for which it is providing such services. *Id.* at ¶ 3. Thus, the catastrophe claims handling operations established in Louisiana and Mississippi in response to Hurricane Katrina were separate and distinct.

With respect to Louisiana, Michael Entwistle, Catastrophe Section Manager for Louisiana and Arkansas, coordinated State Farm's response to Hurricane Katrina in Louisiana and was responsible for managing State Farm's catastrophe claims offices in Louisiana. Ex. B at ¶¶ 5-6. Mr. Entwistle's responsibilities included working with other Louisiana Catastrophe

Claim Section Managers and supervising Team Managers assigned to the Louisiana operations. Ex. B at ¶ 6.

Alexis King who plaintiffs seek to depose, was not assigned to State Farm's Louisiana operations following Hurricane Katrina. Ex. B at ¶ 7. Rather, she was a Catastrophe Claims Team Manager for the distinct operation run in Mississippi for State Farm's Southern Zone. *Id.* At no time did Ms. King have responsibility over State Farm's handling of Hurricane Katrina or Hurricane Rita claims in Louisiana for State Farm's Central Zone. Ex. B at ¶ 7.

In Louisiana, the damages caused by the flooding following the breaches of the levees quickly proliferated massive litigation. Numerous lawsuits (both putative class and individual actions) were filed against both government and non-government entities arising out of the failure of levees in and around New Orleans. In addition, Louisiana insureds filed individual and putative class actions in this court seeking a declaration that State Farm's (as well as other insurers) water damage exclusions were not applicable to the flooding caused by breaches in the levees following Hurricane Katrina. Because numerous suits had been filed in this Court alleging various causes of action related to the levee failures, this Court on April 11, 2006, consolidated for pre-trial purposes approximately 21 cases before Section K under C.A. No. 05-4182. The basis of the consolidation was that each of these cases (whether against the Orleans Levee Board, state or local government entities, contractors, or homeowners insurers) all arose out of the levee breaches.[1] Doc. 70. Included as part of this initial consolidation were

---

[1] On May 1, 2006, the Court issued another Order "that all Katrina Canal Breach cases are to be directly assigned to Section 'K'" pursuant to the Court's April 11, 2006, consolidation Order. Doc. 259.

873249v.1

those Louisiana Hurricane Katrina lawsuits initiated against homeowner insurers alleging breach of contract claims for these homeowner insurers' purported failure to pay for flood damages. *Id.*

For organizational purposes the Court on July 19, 2006, issued CMO No. 1 which among other items, divided the consolidated litigation into four sub-categories (Levee, MRGO, Insurance, and Responder). Doc. 790. By March 1, 2007, when CMO No. 4 was issued, approximately 170 cases had been consolidated in the *In re Katrina Consolidated Litigation* and six sub-categories existed for organizational purposes. Doc. 3299 at 1. CMO No. 4, however, governs only the Levee, MRGO and Insurance groups.

CMO No. 4 established certain discovery and pre-trial deadlines for all cases consolidated under the *In re Katrina Canal Breaches Consolidated Litigation* and set certain class certification deadlines, certain common liability deadlines, and certain deadlines for the individual non-class action insurance cases. Doc. 3299. With respect to "Common Liability Issues Fact Depositions" CMO No. 4 specifically provides:

> Absent written agreement of the Liaison Counsel and any party to be deposed or an Order of the Court based on motion for good cause shown or as provided elsewhere in this order, no fact deposition may be noticed before **July 23, 2007**. This provision does not apply to individual, non-Rule 30(b)(6), case specific discovery in non-putative class actions brought by individual insureds within the Insurance umbrella.

*Id.* at 34 (emphasis in original). As used in CMO No. 4 the phrase "common liability issues" refers to the description of Levee, MRGO and Insurance categories described in CMO No. 4, "but excludes quantification of individual damage claims and individual adjusting and other individual coverage issues asserted in the non-class action cases that are part of the Insurance

4

category." *Id*. at 4.[2] CMO No. 4 also requires that any deposition notice be filed into the record. *Id.* at 35.

On March 16, 2007, this Court stayed all class certification deadlines in the Insurance Cases. Doc. 3426. Thus, at this time class certification deadlines relating to the Master Insurance Class Action Complaint are stayed and no depositions or other discovery can proceed related to the Master Class Action Insurance Complaint.

On May 9, 2007, Plaintiffs' Liaison Counsel served by electronic mail a Notice of Deposition of Alexis King on Defendants' Liaison Counsel and Defendants' Liaison Counsel subsequently disseminated the Notice of Deposition to all Defendants. The Notice of Deposition does not specify any individual insurance case, but rather the caption states that the Notice applies to "Insurance Cases" and thus indicates plaintiffs purportedly intend to depose Ms. King as a fact witness for common liability issues. Ex. A.[3] Thus, in addition to Plaintiffs' counsel unilaterally noticing this "fact witness" deposition for a witness who was not part of State Farm's Louisiana Hurricane Katrina operation, Plaintiffs' counsel failed to obtain leave of Court prior to noticing the deposition as required by CMO No. 4.

Ms. King's deposition should be quashed and a protective order entered precluding the taking of her deposition because Ms. King cannot offer relevant or competent

---

[2] On April 9, 2007, a Common Insurance Discovery Protocol was submitted to the Court in accordance with CMO No. 4. Doc. 3687. This protocol, which was approved by the Court on April 18, 2007, established a protocol for written discovery and Rule 30(b)(6) depositions pertaining to common insurance discovery. It did not alter the July 23, 2007, date pertaining to common liability fact witnesses set in CMO No. 4.

[3] Moreover, as Ms. King was not part of State Farm's distinct Louisiana catastrophe operation, she would not be a witness in an individual damage claim.

873249v.1

information relating to the handling of Katrina claims arising out of levee breaches and because the Notice of Deposition violates CMO No. 4.

## II.     LAW AND ARGUMENT

### A.     <u>Applicable Law.</u>

Parties are permitted to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. Pr. 26(b)(1). However, the Court has authority to prohibit plaintiffs from proceeding with the Alexis King deposition pursuant to Fed. R. Civ. Pr. 26(b)(2), which provides in pertinent part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules . . . <u>shall be limited by the court</u> if it determines that . . . .
>
> the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, <u>and the importance of the proposed discovery in resolving the issues.</u>

(emphases supplied). The Rules authorize, "for good cause," the Court "in which the action is pending" to "make any order which justice requires to protect a party," including ordering that discovery not be had, or be had only subject to appropriate limitations. Fed. R. Civ. P. 26(c). The Fifth Circuit recognizes Rule 26(c) as giving courts much discretion to enter protective orders when appropriate. *Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

To determine the relevance of discovery, the courts must focus on the parties' "actual claims and defenses." Fed. R. Civ. Pr. 26(b)(1), Advisory Committee Notes, 2000 Amendments. Irrelevance is grounds for quashing of discovery. *See Micro Motion Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990). Depositions may be disallowed if, among other reasons, they are irrelevant or unduly burdensome. *Matter of Evangeline Refining Co.*, 890 F. 2d 1312, 1320-21 (5th Cir. 1989). Such control is particularly necessary in these proceedings involving hundred of litigants as recognized by CMO No. 4. Thus, insurance discovery in this *In*

*re Katrina Canal Breaches Consolidated Litigation* must be limited to matters *relevant* to the claims and defenses related to insurance claims arising out of the *levee breaches* in the New Orleans metropolitan area.

Here, plaintiffs opted unilaterally to notice the deposition of a State Farm Catastrophe Team Manager who was part of the Mississippi catastrophe operation reporting to State Farm's Southern Zone for a deposition in insurance cases by Louisiana policyholders related to levee breaches in New Orleans, State Farm's Central Zone. Plaintiffs' action in noticing this deposition is nothing more than mere annoyance and harassment. Plaintiffs have acted in disregard of the provisions of CMO No. 4 in scheduling the deposition of a "fact witness" unconnected to the claims raised in the Katrina insurance cases pending before this Court.

### B.  Alexis King Does Not Have Information Relevant To The Insurance Plaintiffs' Louisiana Hurricane Katrina Claims.

Alexis King is a State Farm Catastrophe Claim Team Manager who was assigned to State Farm's Southern Zone as part of the Katrina catastrophe operations in Mississippi. Ex. B at ¶ 7. Ms. King was not part of the catastrophe operation assigned to the Central Zone to adjust losses in Louisiana caused by Hurricane Katrina. Ex. B at ¶¶ 4, 7. Rather, Mr. Entwistle and other State Farm personnel in Louisiana were responsible for coordinating, supervising, and handling claims brought by Louisiana State Farm insureds following Hurricane Katrina. Ex. B at ¶ 6.

Ms. King is not a proper witness to testify about common liability issues relevant to claims arising out of the breached levees in Louisiana. Ms. King's responsibilities were limited to Mississippi and the State Farm Southern Zone. The Mississippi claims are specifically not at issue in these consolidated levee breach proceedings. State Farm is prepared to produce

7

persons with the requisite knowledge to testify as corporate representatives as to legitimate discovery issues as required by Rule 30(b)(6) and at the times specified by this Court's CMO. Thus, plaintiffs can obtain information relevant to the adjustment of Hurricane Katrina insurance claims in Louisiana from appropriates sources, i.e., those State Farm employees who actually oversaw claims adjusting in Louisiana.  The proposed deposition of Ms. King is improper and a waste of party and Court resources.

The purpose of these consolidated proceedings is to efficiently and effectively litigate those legal and factual issues arising out of the breaches of the levees in and around New Orleans.  Ms. King's deposition will not assist the Court or the parties in this litigation as she was not involved in the supervision or adjustment of insurance claims arising out of damage caused by the breaches of levees in and around the New Orleans area.  This Court should quash plaintiffs' Notice of Deposition and enter a protective order prohibiting plaintiffs from deposing Ms. King in these proceedings.

### C. The Notice Of Deposition Violates CMO No. 4.

Pursuant to Federal Rule of Civil Procedure 16(c), a Rule 16 Order "shall control the subsequent course of the action unless modified by a subsequent order."  CMO No. 4 is a Rule 16 Order and as such controls the course of pre-trial discovery in this litigation.  CMO No. 4 at 19.  Moreover, this Court specifically found that "entry of this case management order governing, and geared toward substantial resolution in the foreseeable future of, class certification and common liability issues, including disclosure, discovery, further motion practice, trial preparation and related proceedings in the Levee, MRGO and Insurance categories of cases is appropriate."  Doc. 3299 at 1.

Here, the Insurance Plaintiffs' notice of Ms. King's deposition is not in accord with this Court's carefully crafted CMO No. 4.  As served, the Notice of Deposition purports to

apply to "Insurance Cases" generally. No specific insurance case is identified and the insurance class certification deadlines are stayed. Thus, the Notice of Deposition can only be intended to obtain deposition discovery regarding common liability issues. The deposition is premature and should be quashed.

The provisions of CMO No. 4 specifically preclude fact witness depositions prior to July 23, 2007, absent leave of Court or written agreement of Liaison Counsel and the party to be deposed. Plaintiffs plainly violated CMO No. 4 by unilaterally noticing Ms. King's deposition. Thus, there is no written agreement permitting this deposition to go forward. Nor have plaintiffs filed any motion requesting leave of court to take Ms. King's deposition.[4] Plaintiffs' notice for the deposition of Ms. King thus violates the clear provisions of CMO No. 4. Accordingly, the Notice of Deposition should be quashed.

### III.    CONCLUSION

For the foregoing reasons State Farm requests that this Court enter an order prohibiting the deposition of Alexis King. Plaintiffs unilateral attempt to depose Ms. King is unwarranted as Ms. King was not part of State Farm's Louisiana Hurricane Katrina operation and

---

[4] For the reasons set forth in § II.B. any request for leave to take Ms. King's deposition should be denied as Ms. King did not have responsibility over the handling of Louisiana Hurricane Katrina claims.

violates the plain provisions of CMO No. 4.  The deposition of Ms. King should be quashed and a protective order entered precluding plaintiffs from deposing Ms. King.

        Respectfully submitted,

        /s/ Sarah H. Barcellona
        _____
        Wayne J. Lee, 7916
        Stephen G. Bullock, 3648
        Sarah H. Barcellona, 28080
            of
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Telephone:  (504) 581-3200
        Facsimile: (504) 581-3361


        /s/  David A. Strauss
        _____
        DAVID A. STRAUSS, #24665
        LINDSAY A. LARSON, III, #8053
        CHRISTIAN A. GARBETT, #26293
        ADAM P. MASSEY, #29330
        SARAH R. SHANNAHAN, #30957
        KING, LEBLANC AND BLAND, P.L.L.C.
        201 St. Charles Avenue, Suite 4500
        New Orleans, Louisiana 70170
        Telephone: (504) 582-3800
        Facsimile: (504) 582-1233
        Attorneys for State Farm Fire and
        Casualty Company
        dstrauss@klb-law.com
        llarson@klb-law.com
        cgarbett@klb-law.com
        amassey@klb-law.com
        sshannahan@klb-law.com



_____
CHARLES L. CHASSAIGNAC, IV, ESQUIRE (#20746)
JAMES ERIC JOHNSON, ESQUIRE (#23800)
BRYAN J. HAYDEL, JR., ESQUIRE (#27500)
ELEANOR WEEKS WALL (#29695)
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
(225) 383-8900 Telephone
(225) 383-7900 Facsimile

Attorneys for State Farm Fire and Casualty Company

**C E R T I F I C A T E**

    I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Quash Deposition of Alexis King and Motion for Protective Order has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by electronic mail this 23rd day of May, 2007.

    /s/ Sarah H. Barcellona
    _____

873249v.1