UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.05-4182 |
| CONSOLIDATED LITIGATION | * | |
| PERTAINS TO: SEVERED MASS | * | SECTION: K (2) |
| JOINDER CASES | * | |
| | * | |
| Severed from Ailes 06-7822 | * | |
| | * | |
| ELAINE ELLIS | * | CIVIL ACTION NO. 07-1599 |
| | * | |
| VERSUS | * | JUDGE |
| | * | SECTION   K |
| STATE FARM FIRE AND | * | |
| CASUALTY COMPANY | * | MAGISTRATE  2 |

*************************************

## ANSWER AND REQUEST FOR TRIAL BY JURY

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"),

through undersigned counsel, and in answer to the plaintiff's First Supplemental and

Amending Complaint filed pursuant to Order of Severance dated March 30, 2007

(hereinafter "Complaint") and upon information and belief, respectfully represents as

follows:

## FIRST DEFENSE

The Petition fails to state a claim or cause of action against State Farm for which

relief may be granted.

## SECOND DEFENSE

The plaintiff has been fully compensated for losses insured by the applicable

homeowner's policy.

## THIRD DEFENSE

The damages sought by the plaintiff were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in their entirety, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils.

## FOURTH DEFENSE

State Farm has not been afforded satisfactory proof of loss as is required by jurisprudential law, statutory law and the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which pled as if are copied herein in their entirety.

## FIFTH DEFENSE

In the alternative, should it be found that the damages sought by the plaintiff were caused in part by a covered peril, said damages were concurrently caused by a non-covered peril and therefore the damages sought are not insured under the applicable State Farm homeowner's policy, said policy being the best evidence of its contents, the terms and conditions of which are pled as if copied herein in their entirety.

## SIXTH DEFENSE

To the extent the plaintiff has received payments under an insurance policy insuring against the peril of flood for losses or damages to her dwelling and contents, she is estopped from alleging that the same and/or similar losses or damages were caused by wind.

## SEVENTH DEFENSE

The Louisiana valued policy law, La. Rev. Stat. §22:695 does not provide the plaintiff a basis for the relief that she seeks and is not applicable.

## EIGHTH DEFENSE

To the extent the plaintiff has not adequately mitigated her alleged losses and damages, she is liable for all resulting consequences and damages.

## NINTH DEFENSE

State Farm is entitled to a credit for any payments which may have been made or may in the future be made to the plaintiff pursuant to any insurance policy for perils covered under the homeowner's policy and the plaintiff has no cause or right of action for any such amounts.

## TENTH DEFENSE

At all times, State Farm has adjusted the plaintiff's claims in good faith, in accord with the terms and conditions of the applicable State Farm homeowner's policy and in compliance with any applicable statutory or jurisprudential law.

## ELEVENTH DEFENSE

Should it be found that the damages sought by the plaintiff were caused in part by a covered peril and any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm homeowner's policy, said policy being the best evidence of its contents, the terms and conditions of said policy being pled as if copied herein in their entirety.

## TWELFTH DEFENSE

As the plaintiff's claims are based on a contract of insurance between the parties, State Farm Fire and Casualty Company avers that if a policy of insurance is shown to exist, said policy being a written contract is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, but not exclusively, the exclusion for water damage and the anti-concurrent cause clause.

## THIRTEENTH DEFENSE

In further answer, to the extent that plaintiff may be claiming a right to penalties and attorney's fees of any amended version of La. R.S. 22:658, La. R.S. 22:1220, or any other such statute, defendant contends that these amendments do not have retroactive effect, and that to give them retroactive effect, or to apply them to events and/or losses that occurred prior to the date of the amendment would be violative of the Constitutions of the United States and State of Louisiana and Louisiana codal, statutory and jurisprudential law.

## FOURTEENTH DEFENSE

As a matter of law, any potential damages awarded for physical damage to the insured structure and personal property contents are limited to the difference between the pre-Katrina value of the insured structure and personal property contents and the insurance payments already received under any other insurance policies for damage to the insured structure and personal property contents.

## FIFTHTEENTH DEFENSE

In the alternative, as a matter of law, any potential damages awarded for physical damage to the insured structure and personal property contents are limited to the difference between the percentage of damage determined, if any, to be caused by wind, transposed into a percentage of the available policy limits under the State Farm homeowners' policy, less any insurance payments already received under any other insurance policies for damage to the insured structure and personal property contents.

## SIXTEENTH DEFENSE

Should it be determined that the plaintiff was insured under one or more flood insurance policies and received payments under such policy or policies for the value of her loss or damage the plaintiff is estopped as a matter of law from asserting that wind or any other peril covered under her State Farm Homeowners Policy was the cause of her loss.

## SEVENTEENTH DEFENSE

Should it be determined that the plaintiff was insured under one or more flood insurance policies and received her full flood policy limits for damages to her dwelling and its contents a result of Hurricane Katrina the plaintiff is then estopped as a matter of law from asserting that wind or any other peril caused her dwelling and its contents to be rendered a total loss.

## EIGHTEENTH DEFNESE

The plaintiff has no statutory or jurisprudential right of action to recover attorney's fees.

## NINETEENTH DEFENSE

To the extent the damages claimed by the plaintiff herein were concurrently caused by a non-covered peril (water/flood/surge) and a covered peril (e.g., wind) State Farm asserts

there is no coverage under the terms and conditions of the applicable State Farm policy, particularly the "anti-concurrent cause" provision found therein and State Farm pleads said policy and provisions as if copied herein in their entirety.

## TWENTIETH DEFENSE

To the extent that plaintiff has received compensation from other sources, namely but not limited to, any flood insurance policy, for damages to her dwelling and its contents and to the extent the same damages may be required to be repaid as a result of any recovery hereunder, State Farm is not required to make any such payment on behalf of the insured and/or is entitled to a set-off for the receipt of this compensation received from other sources.

## TWENTY-FIRST DEFENSE

The plaintiff has the burden of proving a covered loss and the extent of that loss as set forth in the terms and conditions of the applicable State Farm policy, which policy is pled as if copied in its entirety herein, and as established by jurisprudential and statutory law.

## TWENTY-SECOND DEFENSE

The Complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

## TWENTY-THIRD DEFENSE

Plaintiff is charged with the knowledge of the requirements and provisions of the Standard Flood Insurance Policy, as the policy is a codified federal regulation, and further charged with such knowledge pursuant to the National Flood Insurance Act of 1968, as amended, and Title 44 of the Code of Federal Regulations. To the extent the plaintiff has made a claim for recovery of damages to her dwelling and personal property

contents pursuant to a Standard Flood Insurance Policy, the plaintiff is, therefore, presumed to have known that said damages were caused by water/flood/surge, which are non-covered perils under the applicable State Farm homeowners policy.

## TWENTY-FOURTH DEFENSE

Should it be shown that the plaintiff has made any material misrepresentations in connection with her claim for recovery of damages under their State Farm policy, State Farm pleads such representations are in violation of the terms and conditions of said policy thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said policy which are pled as if copied in their entirety.

**AND NOW**, further answering, State Farm avers as follows:

### I.

State Farm re-avers and re-alleges all answers to the allegations that plaintiff incorporates and adopts in paragraph I of her Supplemental and Amending Complaint.

### II.

The allegations in paragraph II of the plaintiff's Supplemental and Amending Complaint require no answer by this defendant. To the extent an Answer is deemed necessary, State Farm admits that an Order of the Court was issued, determining that plaintiff's claims be severed into individual suits, said Order being the best evidence of its provisions.

### III.

The allegations in paragraph III of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XX to the original Complaint are denied for lack of sufficient information to justify a belief therein.

**IV.**

The allegations in paragraph IV of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXI to the original Complaint are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations in paragraph V of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXII to the original Complaint are denied as written.   State Farm pleads the applicable State Farm policy to be the best evidence of its contents and denies everything and anything at variance therewith.

**VI.**

The allegations in paragraph VI of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXIII to the original Complaint are denied as written.   State Farm pleads the applicable State Farm policy to be the best evidence of its contents and denies everything and anything at variance therewith.

**VII.**

The allegations in paragraph VII of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXIV are denied for lack of sufficient information to justify a belief therein.

**VIII.**

The allegations in paragraph VIII of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXV are denied as written.  Further answering State Farm avers that a policy coverage amount is one factor among a number of factors that State Farm may use to determine the amount of a policy holders premium.

**IX.**

The allegations in paragraph IX of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXVI to the original Complaint are denied as written. State Farm pleads the applicable State Farm policy to be the best evidence of its contents and denies everything and anything at variance therewith.

**X.**

The allegations in paragraph X of the plaintiff's Supplemental and Amending Complaint which seeks to add paragraph XXVII to the original Complaint are denied as written. State Farm pleads the applicable State Farm policy to be the best evidence of its contents and denies everything and anything at variance therewith.

**XI.**

State Farm desires and is entitled to trial by jury of all issues herein.

**WHEREFORE,** State Farm Fire and Casualty Company prays that its Answer to the plaintiff's Supplemental and Amending Complaint Pursuant to Order of Severance dated March 30, 2007 be deemed good and sufficient and that after due proceedings be had there be a judgment rendered in favor of State Farm Fire and Casualty Company and against plaintiff, dismissing all claims asserted in plaintiff's First Supplemental and Amending Complaint, at plaintiff's cost, and State Farm further prays for any and all equitable, jurisprudential and statutory relief.

Respectfully Submitted,


SIDNEY J. HARDY, ESQ. (#1938)
ROY C. BEARD, ESQ. (#17461)
McCRANIE, SISTRUNK, ANZELMO, HARDY
 MAXWELL & MCDANIEL
3445 N. Causeway Blvd./Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court using the CM/ECF system this 24th day of May, 2007.


SIDNEY J. HARDY  (1938)