UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 "K" (2) CONS. KATRINA CANAL |
| PERTAINS TO INSURANCE: | * | |
| | | JUDGE STANWOOD R. DUVAL, JR. |
| *Sean Goodman and his wife Silvia Goodman v. Fidelity National Insurance Company, Robert Sheard Insurance Agency, Inc., Robert Sheard and ABC Insurance Company No. 06-3799* | * * * | MAGISTRATE JUDGE JOSEPH WILKINSON |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION'S ANSWER TO ORIGINAL AND SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION ("LCPIC"), a non-profit corporation created by the Legislature (*LRS 22:1430, et seq.*) to operate residual market insurance programs for the State of Louisiana, responds to Plaintiffs' *Complaint for Damages* (hereafter "Complaint") and *Supplemental and Amending Complaint for Damages* (hereafter "Amended Complaint") as follows:

# FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

# SECOND DEFENSE

In response to Plaintiff's Complaint for Damages (hereafter "Complaint"), LCPIC avers:

1.

The allegations of Paragraph I of the Complaint are denied for lack of information sufficient to justify a belief therein.

2.

The allegations of Paragraph II of the Complaint are denied for lack of information sufficient to justify a belief therein.

3.

The allegations of Paragraph III of the Complaint are denied for lack of information sufficient to justify a belief therein.

4.

The allegations of Paragraph IV of the Complaint are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of Paragraph V of the Complaint are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of Paragraph VI of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of Paragraph VII of the Complaint are admitted.

8.

The allegations of paragraph VIII (improperly labeled as VII) of the Complaint are denied for lack of information sufficient to justify a belief therein.

9.

The allegations of paragraph IX of the Complaint are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of paragraph X of the Complaint are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of paragraph XI of the Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of paragraph XII of the Complaint are admitted.

13.

The allegations of paragraph XIII of the Complaint are denied for lack of information sufficient to justify a belief therein.

14.

The allegations of paragraph XIV of the Complaint are denied for lack of information sufficient to justify a belief therein.

15.

The allegations of paragraph XV of the Complaint are denied for lack of information sufficient to justify a belief therein.

16.

The allegations of paragraph XVI of the Complaint are denied for lack of information sufficient to justify a belief therein.

17.

The allegations of paragraph XVII of the Complaint are denied for lack of information sufficient to justify a belief therein.

18.

The allegations of paragraph XVIII of the Complaint are denied for lack of information sufficient to justify a belief therein.

19.

The allegations of paragraph XIX of the Complaint are denied for lack of information

sufficient to justify a belief therein.

20.

The allegations of paragraph XX of the Complaint are denied for lack of information sufficient to justify a belief therein.

21.

The allegations of paragraph XXI of the Complaint are denied for lack of information sufficient to justify a belief therein.

AND NOW, for answer to Plaintiffs' Supplemental and Amending Complaint for Damages (hereafter "Amended Complaint"), LCPIC avers:

22.

The allegations of paragraph I of the Amended Complaint are admitted.

23.

The allegations of paragraph II of the Amended Complaint, amending paragraph VI of the Complaint, are denied for lack of information sufficient to justify a belief therein.

24.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXIII, are denied as stated. LCPIC further avers that it is a non-profit corporation created by the Legislature (*LRS 22:1430, et seq.*) to administer residual market insurance programs for the State of Louisiana. It administers insurance programs but is not a "Louisiana insurance company". LCPIC calls for strict proof of any policy, and avers that such policy, being an instrument in

writing, is the best evidence of its terms, conditions and limitations, which are pled herein.

25.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXIV, are denied.

26.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXV, are denied.

27.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXVI, are denied.

28.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXVII, are denied.

29.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXVIII, are denied as stated.

30.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXIX, are denied.

31.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXX, are denied.

32.

The allegations of paragraph III of the Amended Complaint, adding paragraph XXXI, are denied.

33.

The allegations of paragraph IV of the Amended Complaint are denied.

### THIRD DEFENSE

LCPIC is a non-profit corporation created by the Legislature (*LRS 22:1430, et seq.*) to operate residual market insurance programs for the State of Louisiana. It administers insurance programs but is not a "Louisiana insurance company" or "insurer" to which the penalties provisions of *LRS 22:658* and *22:1220* apply.

### FOURTH DEFENSE

LCPIC is a non-profit corporation created by the Legislature (*LRS 22:1430, et seq.*) to operate residual market insurance programs for the State of Louisiana, and enjoys limited statutory immunity as provided by *LRS 22:1430.5 et seq*.

### FIFTH DEFENSE

The amount of any recoveries by Plaintiff herein is limited to the extent that there have been payments made in accordance with the terms, limitations, conditions and exclusions of the

policy, and such payments are pled herein as a setoff.

## SIXTH DEFENSE

Plaintiff failed to submit adequate proofs of loss for claims asserted, in accordance with the terms, conditions and limitations of the policy, which are pleaded herein.

## SEVENTH DEFENSE

The policy issued by the insurance program upon which Plaintiff seeks recovery contains an exclusion for flood and surface waters, as set out in the exclusion in the policy, which is incorporated herein as if copied, which bars or in the alternative reduces Petitioner's claims.

## EIGHTH DEFENSE

The policy upon which Plaintiff is suing contains a provision on 'Other insurance", which provision limits the liability under the policy here in proportion to the total amount of insurance covering the loss, which language of the policy is incorporated herein as if copied. To the extent Plaintiff has other policies of insurance applicable to any part of the loss claimed, the "Other insurance" provision of the policy incorporated herein limits or reduces any liability LCPIC has for Plaintiff's claim.

## NINTH DEFENSE

The policy contains provisions with respect to duties of the insured following the loss, which provisions are incorporated herein as if copied. Plaintiff failed to comply with some of the terms and conditions of the policy.

## TENTH DEFENSE

The policy upon which Plaintiff makes claim is a written instrument and is the best evidence of its terms, conditions, limitations and exclusions, which are pled herein as though copied in its entirety. LCPIC specifically denies any allegations which contradict, contravene, or seek to enlarge or alter the terms, conditions, limitations and exclusions of the policy.

## ELEVENTH DEFENSE

For claims of statutory penalties, LCPIC pleads in abeyance, mitigation or denial the unprecedented scope of damage wrought by Hurricanes Katrina and Rita; the unprecedented numbers of claims; the loss of communications and government control following Hurricanes Katrina and Rita; the physical and legal restrictions on access to the property; and the displacement of insureds from the area.

## TWELFTH DEFENSE

LCPIC, through its service provider, timely and properly investigated this matter and made payment in accordance with the terms, limits and conditions of the policy issued to Petitioners. That adjustment was reasonable, and neither arbitrary, capricious, nor without probable cause under the circumstances.

## THIRTEENTH DEFENSE

Louisiana's Valued Policy Law, *LRS 22:695*, is inapplicable because Plaintiff's dwelling structure was not rendered a total loss by a peril covered by the policy at issue.

**FOURTEENTH DEFENSE**

Louisiana's Valued Policy Law, *LRS 22:695*, is inapplicable because plaintiff's application for coverage and policy provided, in type of equal size, the actual method of loss computation used, in accordance with the exception to *LRS 22:695*.

**FIFTEENTH DEFENSE**

The Complaint improperly seeks to effect a taking without just compensation in contravention of rights guaranteed by the Constitutions of the United States and the State of Louisiana.

**SIXTEENTH DEFENSE**

The Complaint improperly seeks to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States and the State of Louisiana.

**SEVENTEENTH DEFENSE**

The Complaint improperly seeks to deprive LCPIC of liberty and property in contravention of rights guaranteed by the due process clauses of the Constitutions of the United States and the State of Louisiana.

**EIGHTEENTH DEFENSE**

The Complaint improperly seeks to deprive LCPIC of equal protection of law in contravention of the Constitutions of the United States and the State of Louisiana.

**NINETEENTH DEFENSE**

The Complaint improperly seeks to impair the obligations of contracts in contravention

of rights guaranteed to LCPIC by the Constitutions of the United States and the State of Louisiana.

## TWENTIETH DEFENSE

Granting the relief sought in the Complaint would result in unjust enrichment.

## TWENTY-FIRST DEFENSE

Plaintiff seeks to impose on LCPIC a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission in accordance with *LRS 22:1401, et seq.*, and therefore violates Louisiana law.

## TWENTY-SECOND DEFENSE

Interpreting the Valued Policy Law as Petitioner contends would lead to absurd consequences, contravening fundamental principles of statutory construction.

## TWENTY-THIRD DEFENSE

LCPIC is entitled to a credit for any payments for damage to the property, whether by Petitioner's flood carrier or otherwise, for damages caused by Hurricane Katrina.

## TWENTY-FOURTH DEFENSE

LCPIC requests and is entitled to trial by jury on all issues.

WHEREFORE, defendant Louisiana Citizens Property Insurance Corporation prays that its answer be filed, and after due proceedings are had, there be judgment herein dismissing Plaintiffs' claims with prejudice and at Plaintiffs' cost.

Respectfully Submitted,

BIENVENU, FOSTER, RYAN & O'BANNON, LLC


BY: _____S/Gregory J. McDonald_____
GREGORY J. MCDONALD,T.A.(#1933)
DAVID E. WALLE (#13199)
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Telephone: (504) 310-1500
Fax: (504) 310-1501
*Attorneys for Louisiana Citizens Property Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage pre-paid, May 24, 2007.

_____S/Gregory J. McDonald_____