UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONALD SENSEBE AND ALAINNA** | * | **CIVIL ACTION** |
| **SENSEBE D/B/A INK WELL PRINTING** | * | |
| | * | |
| **VERSUS** | * | **NO. 06-5255** |
| | * | |
| | * | **SECT.  N** |
| **LAFAYETTE INSURANCE COMPANY** | * | |
| **AND POWELL INSURANCE AGENCY** | * | **MAG.   5** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**MAT IT PLEASE THE COURT:**

Defendant, Powell Insurance Agency, Inc. ("Powell") has filed a motion to dismiss on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted.  As a result, Powell respectfully requests that this Court issue an order dismissing Plaintiffs' claims against it.

**A.   FACTS**

This suit, filed in the United States District Court for the Eastern District of Louisiana on August 28, 2006, arises out of Plaintiffs claims under their Lafayette Insurance Company ("Lafayette") property and liability insurance policy for losses allegedly caused by Hurricane Katrina.  Powell, a local insurance agent, procured an insurance policy for Plaintiff's property through Lafayette.  The Petition alleges that Plaintiff's property was substantiality damaged and that Plaintiff suffered business interruption losses as a result of Hurricane Katrina.  The Petition further alleges that: (1) Lafayette and Powell were fully advised of the facts of Plaintiff's claim and proof of loss yet handled the claim in a capricious, arbitrary, and unreasonable manner and (2) intentionally breached their duty of good faith owed to Plaintiff.

Specifically, in Paragraph VII of the Petition, Plaintiff alleged that Powell and Lafayette should be held liable *in solido* for the property losses Plaintiff sustained for failure to make timely payment pursuant to La.R.S. 22:658 and La.R.S.22:1220. Further, in Paragraph X of the Petition, Plaintiff alleged that Lafayette is liable for damages for breaching its duty owed to insureds to deal fairly and in good faith pursuant to La.R.S.22:1220. The only connection between Powell and Plaintiffs is the fact that Powell sold Plaintiffs a property and liability insurance policy through Lafayette[1], which is neither a breach of some fiduciary duty nor an act of negligence.

**B. LAW**

In Louisiana, the fiduciary duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested. Tomlinson v. St. Paul Fire Marine Ins. Co., 2006 WL 2632105, at *3 (E.D.La. Sep. 12, 2006); Ragas v. Tarleton, 2006 WL 2925448, at *3 (E.D.La. 2006); see also Graves v. State Farm Mut. Auto Ins. Co., 821 So.2d 769, 772 (La.App. 2002); Smith v. Millers Mut. Ins. Co., 419 So.2d 59, 64 (La.App. 1982); and Porter v. Utica Mut. Ins. Co., 357 So.2d 1234, 1238 (La.App. 1978). Procurement of insurance includes advising customers regarding recommended coverage and possible gaps in coverage, *see* Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co., 910 F.2d 224, 231 (5th Cir.1990), obtaining the right amount of coverage requested by the customer, *see* Karam v. St. Paul Fire & Marine Insurance, 281 So.2d 728 (La.1973), and promptly notifying of a failure to obtain coverage for the customer, see Cambre v. Lloyd's Indemnity Co., 404 So.2d 511, 516 (La.App. 1982). The fiduciary duty owed by insurance agents and brokers to customers does not include the duty to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer. Ragas, 2006 WL 2925448, at *3; Tomlinson, 2006 WL

---

[1] See, affidaivt of Linda Gurtner, Powell's Branch Manager, attached herto as Exhibit "A".

G:\DOCS\10000's\10000-10099\10011\12b6MotDis.pjh.doc      3

2632105, at *4; Tomlinson v. Allstate Indem. Co., 2006 WL 1331541, at *6 (E.D.La. May 12, 2006).

C. **ARGUMENT**

Plaintiffs still can not succeed in their claims against Powell because they have failed to state a cause of action against Powell. Plaintiffs alleged that Powell was negligent for the following: (1) handling Plaintiffs claim in a capricious, arbitrary, and unreasonable manner, (2) intentionally breaching its duty of good faith owed to Plaintiffs and (3) failing to make timely payment to Plaintiffs pursuant to La. R.S. 22:658 and La.R.S.22:1220. However, as shown in the law outlined above, insurance agencies do not have any of the duties which Plaintiff alleged that Powell breached. No jurisprudential or statutory authority in Louisiana imposes any such duties upon insurance agents. Clearly, Powell breached no duty owed to Plaintiff. The allegations brought by Plaintiffs under La. R.S. 22:658 and La.R.S.22:1220 may only be brought against insurance carriers, not insurance agents. A careful reading of the Petition clearly shows that no viable cause of action has been asserted against Powell.

D. **CONCLUSION**

Plaintiffs have failed to state a claim against Powell upon which relief can be granted. The only connection between Powell and Plaintiffs is the fact that Powell sold Plaintiffs insurance policies[2], which is neither a breach of some fiduciary duty nor an act of negligence. A carefully reading of the Petition shows that no viable cause of action has been asserted against Powell. As a result, Powell respectfully requests that this Court issue an order dismissing Plaintiffs' claims against it with prejudice and at Plaintiffs' coasts.

---

[2] See, affidavit of Linda Gurtner, Powell's Branch Manager, attached herto as Exhibit "A".
G:\DOCS\10000's\10000-10099\10011\12b6MotDis.pjh.doc     4

Respectfully submitted:

**UNGARINO & ECKERT L.L.C.**

/s/ Stephen Gele
_____
STEPHEN GELE (#22385) (T.A.)
PAUL HAMMER (#30540)
Suite 1280 Lakeway Two
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone:     504/836-7537
Fax:                504/836-7538
sgele@ungarino-eckert.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following:  Perry Michael Nicosia, Stephen R. Barry    I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following: Perry Michael Nicosia, Stephen R. Barry

/s/ Stephen Gele_____
UNGARINO & ECKERT, LLC
3850 N. Causeway Blvd., Suite 1280
Metairie, LA 70002
Telephone: (504) 836-7537
Fax: (504) 836-7538
sgele@ungarino-eckert.com