**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION NO.  05-4182** |
| **PERTAINS TO: INSURANCE:  07-1481 (Mayeur)** | **SECTION: K JUDGE STANWOOD R. DUVAL, JR.** <br><br> **MAGISTRATE: 2 MAG. JOSEPH C. WILKINSON, JR.** |

## ANSWER OF THE HANOVER INSURANCE COMPANY TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Hanover Insurance Company ("Hanover"), which hereby responds to the allegations in the First Supplemental and Amended Complaint ("Amended Complaint"), filed by Alice C. Mayeur (the "Plaintiff") as follows:

### RESPONSES TO PARTICULAR ALLEGATIONS

1.

Hanover adopts and incorporates by reference all responses and defenses previously set forth in its Original Answer to Plaintiff's Petition for Damages filed in Civil Action No. 06-7886, United States District Court, Eastern District of Louisiana, as if reprinted here *in extenso* in

response to Paragraph I of the Amended Complaint.

2.

Hanover admits the allegations of Paragraph II of the Amended Complaint.

3.

Hanover admits the allegations of Paragraph III of the Amended Complaint.

4.

Hanover denies the allegations of Paragraph IV of the Amended Complaint for lack of sufficient information to form a belief as to the truth of those allegations.

5.

Except to admit that Plaintiff's personal property/contents were damaged by flooding from the canals and/or MRGO, Hanover denies the allegations of Paragraph V.

6.

Hanover denies the allegations of Paragraph VI of the Amended Complaint.

7.

Hanover denies the allegations of Paragraph VII of the Amended Complaint.

8.

Hanover denies the allegations of Paragraph VIII of the Amended Complaint.

9.

Hanover denies the allegations of Paragraph IX of the Amended Complaint.

10.

Hanover denies the allegations of Paragraph X of the Amended Complaint.

11.

Hanover denies the allegations of Paragraph XI of the Amended Complaint.

12.

Hanover denies the allegations of Paragraph XII of the Amended Complaint.

**Final Paragraph**

The final paragraph of the Amended Complaint contains no factual allegations against Hanover, but only a prayer for relief.  Consequently, this paragraph requires no response.  To the extent a response may be deemed necessary, Hanover denies the allegations in the final paragraph of the Petition and expressly denies that Plaintiff is entitled to any of the relief he seeks.

**AND NOW**, further answering the First Supplemental and Amended Complaint, Hanover asserts the following defenses:

**FIRST DEFENSE**

The Petition fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Coverage is precluded, in whole or in part, to the extent Plaintiff's claimed losses fall outside the insuring language of the Policy.

**THIRD DEFENSE**

No coverage exists to the extent Plaintiff's claimed losses fall within a policy deductible.

**FOURTH DEFENSE**

No coverage exists to the extent Plaintiff's claimed losses exceed any applicable limit of insurance or time limit specified in the Policy.

## FIFTH DEFENSE

No coverage exists to the extent Plaintiff's claimed losses were not to "Dwelling," "Other Structures," or "Personal Property" as specified in the Policy.

## SIXTH DEFENSE

No coverage exists to the extent Plaintiff's claimed losses were to "Property Not Covered" as specified in the Policy.

## SEVENTH DEFENSE

No coverage exists to the extent that Plaintiff's claimed losses were not necessitated by a physical loss of or damage to property at the described premises caused by or resulting from a covered cause of loss, as specified in the Policy.

## EIGHTH DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiff's claimed losses fall within an exclusion and/or limitation to the coverage provided by the Policy.

## NINTH DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiff seeks to recover losses attributable to an Ordinance or Law.

## TENTH DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiff seeks to recover losses attributable to the failure of power or other utility service.

## ELEVENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

> 1.  We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of

any other cause or event contributing concurrently or in any sequence to the loss.

. . .

c.      **Water Damage**, meaning:

(1)      flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2)      water which backs up through sewers or drains or which overflows from a sump; or

(3)      water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

…

## TWELFTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

2.      We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

a.  **Weather conditions.**  However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss.

. . .

## THIRTEENTH DEFENSE

Coverage is precluded, in whole or in part, to the extent the Policy's exclusion related to "pollution" and/or "pollutants" precludes coverage.

## FOURTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

> 2.      We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
>
> . . .
>
> b.      **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body.

. . .

## FIFTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

> 2.      We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
>
> . . .
>
> c.      **Faulty, inadequate or defective**:
>
> (1)      planning, zoning, development, surveying, siting;
>
> (2)      design, specifications, workmanship, repair,

- 6 -

construction,     renovation,     remodeling,
grading, compaction;

(3)     materials used in repair, construction,
renovation or remodeling; or

(4)     Maintenance;

of part or all of any property whether on or off the
Described Location.

## SIXTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following provision in the Policy, or

language functionally similar thereto:

We insure against risk of direct loss to the property described in Coverages
A and  B only if that loss is a physical loss to property; however, we do not
insure loss:

2.     caused by:
. . .

e.     wind, hail, ice, snow or sleet to:

(1)     outdoor radio and
television antennas and
aerials including their lead-
in wiring, masts or towers;
or

(2)     trees, shrubs, plants or
lawns.
. . .

## SEVENTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or

language functionally similar thereto:

We insure against risk of direct loss to the property described in Coverages A and
B only if that loss is a physical loss to property; however, we do not insure loss:

2.     caused by:

…

h.  (1)  wear and tear, marring, deterioration;

(2)  inherent vice, latent defect, mechanical breakdown;

(3)  smog, rust or other corrosion, mold, wet or dry rot;

…

(6)  settling, shrinking, bulging, or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs, or ceilings.

…

## EIGHTEENTH DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, of the Policy have been satisfied.  The Policy's conditions include, but are not limited to, those detailed in the provisions entitled "Concealment or Fraud," "No Benefit to Bailee," "Other Insurance," "Policy Period," "Suit Against Us," "Abandonment of Property," "Appraisal," "Your Duties After Loss," and "Loss Payment."  To the extent Plaintiff has not satisfied and/or have violated any conditions precedent or subsequent identified in the Policy, Hanover has no liability under the Policy.

## NINETEENTH DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy, or conditions functionally similar thereto, have been violated and/or not satisfied:

**Your Duties After Loss**.  In case of a loss to covered property, you must see that the following are done:

- 8 -

a.    give prompt notice to us or our agent;

b.    (1)    protect the property from further damage;

        (2)    make reasonable and necessary repairs to protect the property; and

        (3)    keep an accurate record of repair expenses;

c.    prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss.  Attach all bills, receipts and related documents that justify the figures in the inventory;

d.    as often as we reasonable require:

        (1)    show the damaged property;

        (2)    provide us with records and documents we request and permit us to make copies, and

        (3)    submit to examination under oath, while not in   the presence of any other named insured, and sign the same;

e.    send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

        (1)    the time and cause of loss;

        (2)    your interest and that of all others in the property involved and all liens on the property;

        (3)    other insurance which may cover the loss;

        (4)    changes in title or occupancy of the property during the term of the policy;

<div style="margin-left:2em">

(5)    specifications of damaged buildings and detailed repair estimates;

(6)    the inventory of damaged personal property described in 4.c.;

(7)    receipts for additional living expenses incurred and records that support the fair rental value loss.

</div>

## TWENTIETH DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy, or a condition functionally similar thereto, applies:

13.    **Loss Payment.**  We will adjust all losses with you.  We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after we receive your proof of loss and:

a.    reach an agreement with you;

b.    there is an entry of a final judgment; or there is a filing of an appraisal award with us.

## TWENTY-FIRST DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, applies:

3.    **Concealment or fraud.**  The entire policy will be void if, whether before or after a loss, you have:

(a)    intentionally concealed or misrepresented any material fact or circumstance;

(b)    engaged in fraudulent conduct; or

(c)    made false statements;

relating to this insurance.

## TWENTY-SECOND DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the

following condition in the Policy, or a condition functionally similar thereto, applies:

>       16.     **No benefit to Bailee.**  We will not recognize any
>               assignment or grant any coverage that benefits a person or
>               organization holding, storing or moving property for a fee
>               regardless of any other provision of this policy.

## TWENTY-THIRD DEFENSE

No coverage exists under the Policy, in whole or in part, to the extent the following

condition in the Policy, or a condition functionally similar thereto, applies:

>       9.      **Other insurance.**  If property covered by this policy is also
>               covered by other fire insurance, we will pay only the
>               proportion of a loss caused by any peril insured against
>               under this policy that the limit of liability applying under
>               this policy bears to the total amount of fire insurance
>               covering the property.

## TWENTY-FOURTH DEFENSE

Plaintiff's Petition is barred, in whole or in part, to the extent the following condition in

the Policy, or a condition functionally similar thereto, has been violated and/or not satisfied:

>       11.     **Suit Against Us.**  No action can be brought unless the
>               policy provisions have been complied with and the action is
>               started within one year after the date of loss.

## TWENTY-FIFTH DEFENSE

The claims in Plaintiff's Petition are barred, in whole or in part, to the extent Plaintiff

failed to provide a sufficient proof of loss to Hanover.

## TWENTY-SIXTH DEFENSE

The claims in Plaintiff's Petition are barred, in whole or in part, to the extent Plaintiff

failed to mitigate, minimize, or avoid their alleged damages, the fact and extent of which Hanover denies.

## TWENTY-SEVENTH DEFENSE

The claims in Plaintiff's Petition are barred, in whole or in part, to the extent Plaintiff failed to cooperate with Hanover in the investigation or adjustment of Plaintiff's insurance claim, including, but not limited to, failing to permit Hanover to conduct adequate and sufficient inspections of the damaged property.

## TWENTY-EIGHTH DEFENSE

The claims in Plaintiff's Petition are barred, in whole or in part, because Hanover at all times acted reasonably and in good faith in connection with Plaintiff's insurance claim.

## TWENTY-NINTH DEFENSE

The claims in Plaintiff's Petition are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTIETH DEFENSE

Plaintiff's Petition is barred and/or Plaintiff's alleged damages, the fact and extent of which Hanover denies, are reduced to the extent that Plaintiff's alleged damages were the result of the contributory, comparative, or active fault of Plaintiff or his agents, employees, attorneys, or representatives.

## THIRTY-FIRST DEFENSE

Plaintiff's alleged damages, the fact and extent of which Hanover denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Hanover, for which Hanover is not

responsible.  Such intentional conduct, negligence, or fault bars recovery against Hanover or comparatively reduces the percentage of fault, if any, of Hanover.

## THIRTY-SECOND DEFENSE

Plaintiff's alleged damages, the fact and extent of which Hanover denies, were proximately caused by intervening, superseding, and/or supervening acts or events for which Hanover has no responsibility.

## THIRTY-THIRD DEFENSE

The claims in Plaintiff's Petition are barred, in whole or in part, to the extent that Plaintiff lacks an insurable interest in the covered property.

## THIRTY-FOURTH DEFENSE

Coverage is precluded, in whole or in part, by the following language, or language functionally similar thereto, in the Policy:

> We insure for direct loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in the General Exclusions.
> . . .

> 2.     **Windstorm or hail.**
>     This peril does not include loss to:

> a.     property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.
> . . .

## THIRTY-FIFTH DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy, or conditions functionally similar thereto, have been violated and/or not satisfied:

- 13 -

8. **Appraisal.**  If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.  In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located.  The appraisers will separately set the amount of loss.  If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will set the amount of loss.

Each party will:

a. pay its own appraiser; and

b. bear the other expenses of the appraisal and umpire equally.

## THIRTY-SIXTH DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiff seeks to recover losses for accounts, bills, currency, deeds, food stamps or other evidences of debt, money, notes or securities.

## THIRTY-SEVENTH DEFENSE

No coverage exists under the Policy's provisions to the extent Plaintiff's claimed losses were incurred outside of the applicable covered time period provided under the Policy.

## THIRTY-EIGHTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

1. We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
    . . .

    e. **Neglect**, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.
    . . .

## THIRTY-NINTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

> If a loss to property described in Coverage A, B, or C by a Peril Insured Against under this policy makes the Described Location unfit for its normal use, we cover your:
>
> **Additional Living Expense**, meaning any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.
>
> Payment will be for the shortest time required to repair or replace the Described Location or, if you permanently relocate, the shortest time required for your household to settle elsewhere.  If a civil authority prohibits you from use of the Described Location as a result of direct damage to a neighboring location by a Peril Insured Against in this policy, we cover the Additional Living Expense for no more than two weeks.  We do not cover loss or expense due to cancellation of a lease or agreement.

## FORTIETH DEFENSE

Any liability that Hanover may have to Plaintiff is subject to the Limit of Liability set forth in the Policy.

## FORTY-FIRST DEFENSE

Plaintiff's alleged damages, the fact and extent of which Hanover denies, were proximately caused by intervening, superseding, and/or supervening acts or events for which Hanover has no responsibility.

## FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FORTY-THIRD DEFENSE

Plaintiff's claims under the Valued Policy Law are barred because the Valued Policy Law is limited on its face to fire insurance coverage.

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred under the Valued Policy Law to the extent their damages did not result in a total loss.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred under the Valued Policy Law to the extent plaintiff's damages did not result from a covered cause.

## FORTY-SIXTH DEFENSE

Hanover reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Hanover's ongoing investigation and discovery.

**WHEREFORE**, Hanover prays that the claims asserted against it in Plaintiff's Petition be dismissed with prejudice and Judgment be entered directing that Plaintiff take nothing from Hanover in this action.  Hanover further prays that it be awarded reasonable costs and attorney fees, and such other and further relief as may be appropriate.

Respectfully submitted,

s/LaDonna G. Wilson
**LADONNA G. WILSON, T.A., La. Bar #28814**
**RALPH S. HUBBARD III, La. Bar #7040**
**SETH A. SCHMEECKLE, La. Bar #27076**
**LUGENBUHL, WHEATON, PECK, RANKIN &**
**HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195

**Attorneys for The Hanover Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2007 a copy of the foregoing ANSWER OF THE HANOVER INSURANCE COMPANY was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to:

| | |
|---|---|
| lwilson@lawla.com | ramedeejr@aol.com |
| rhubbard@lawla.com | aberger@allan-berger.com |
| sschmeeckle@lawla.com | pconnick@connicklaw.com |
| ron@hinglelaw.com | bfeingerts@aol.com |
| servewmh@hinglelaw.com | pgkehoejr@kehoejr.com |
| alestelle@lestellelaw.com | lestelle@lestellelaw.com |
| infor@robichauxlaw.com | struckhoff@lestellelaw.com |
| courts@ungarlawyers.com | |

by operation of the court's electronic filing system.

I further certify that there are no non-CM/ECF participants.


s/LaDonna G. Wilson
**RALPH S. HUBBARD III, La. Bar #7040**
**LADONNA G. WILSON, T.A., La. Bar #28814**
**SETH A. SCHMEECKLE, La. Bar #27076**
**LUGENBUHL, WHEATON, PECK, RANKIN**
   **& HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:      (504) 310-9195
e-mail: rhubbard@lawla.com
            sschmeeckle@lawla.com
            lwilson@lawlaw.com