MINUTE ENTRY
WILKINSON, M.J.
MAY 24, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
         CONSOLIDATED LITIGATION

                                                  NO. 05-4182 "K" (2)

                                                  JUDGE DUVAL
PERTAINS TO:  ALL CASES                           MAG. WILKINSON


On May 24, 2007, at the request of Liaison Counsel, a status conference was

conducted before me in open court.  Participating were:  Liaison Counsel Joseph Bruno

for plaintiffs and Ralph Hubbard for defendants.  Additional appearances were made by

Jim McConnon, for the United States; William Treeby, Francis Barry and Andre

Lagarde, representing various defendants; and Hugh P. Lambert and Frank C.

Dudenhefer, Jr., representing various plaintiffs.  Numerous other counsel for various

parties were also in attendance.

The purpose of the conference was to discuss discovery logistics, including (a) the

competing proposals for a document repository vendor; (b) a Master Protective Order,

MJSTAR:  **1 : 10**

proprietary or otherwise for confidential materials, a proposed version of which, with objections and competing proposals, had previously been submitted to me by Liaison Counsel; and (c) mechanisms for possible informal resolution of discovery disputes without extensive motion practice.

During the conference, the court voiced its concerns about the enormous financial burden that the projected cost of the electronic document repository, jointly proposed by the parties and adopted by the court as part of its Case Management Order No. 4, would impose upon all parties. It was agreed that counsel will explore ways in which these and other of the substantial costs anticipated during this action may be reduced; including, for example, by adopting a preliminary review procedure that would result in the parties selecting only certain materials for inclusion in the electronic document repository. Liaison Counsel will report the results of those efforts to me as soon as possible.

As to the electronic document repository, the parties have been unable to agree upon a vendor. Plaintiffs favor the proposal submitted by DAegis. Defendants favor the proposal submitted by File Control. Counsel and the court agreed that Liaison Counsel will jointly select a single independent information systems consultant to review both proposals and recommend one of these two vendors. If no agreement on a vendor can be reached based upon the consultant's recommendation, the recommendation will be submitted to me in writing, and the court will designate the vendor.

Pending completion of these discussions concerning cost containment and the proposed vendor, **IT IS ORDERED** that the requirement in CMO No. 4 that all documents be placed in an electronic document repository is temporarily suspended.

Counsel described their proposals for resolution of minor disputes between the parties on discovery matters that might be efficiently addressed by the court informally without formal motion practice.  Counsel raised the possibility of submitting an agenda of discovery disputes via letter briefs to be resolved by me, if possible, on an expedited, regularly scheduled basis. The court is willing to employ the suggestion of counsel to determine if it will work.  Accordingly,

**IT IS FURTHER ORDERED** that Liaison Counsel or their designees may, every **Wednesday**, submit to me a letter brief concerning discovery disputes, to which opposing Liaison Counsel or his designee may respond with a letter brief by the following **Friday**.  All such issues will be addressed by me in open court at **10:00 a.m.** on the following **Wednesday**.

Counsel also proposed that in the interest of cost containment, in instances in which counsel jointly agree to do so, the scope and extent of mandatory document disclosures may be reduced from what is required in Case Management Order No. 4, subject to the further understanding of the parties that full disclosures may later be

required.  Counsel were informed that any such agreement between counsel is acceptable to the court.  All such agreements, however, should be reduced to writing between counsel.

As to the proposed Master Protective Order, it appears that no stipulation, which is also acceptable to the court, can reached by the parties.  Accordingly the court will separately enter its own Master Protective Order, using the proposal submitted by Liaison Counsel as its starting point.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**