

THE O'NEIL GROUP, L.L.C.
AN INTERNATIONAL PRACTICE
701 N. CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70001

May 25, 2007

Honorable Joseph C. Wilkinson, Jr.
United States District Court, Eastern District of Louisiana
500 Camp Street
Chambers B409
New Orleans, Louisiana 70130

In Re: KATRINA CANAL BREACHES      CIVIL ACTION
       CONSOLIDATED LITIGATION

                                                          NO. 05-4182 "K" (2)

PERTAINS TO:                        JUDGE DUVAL
LEVEE (06-6642)
(PONCHARTRAIN BAPTIST CHURCH)     MAG. WILKINSON

Dear Judge Wilkinson:

     Attached is the Joint Report and enclosures.

                                                               Respectfully,

                                                              William E. O'Neil
                                                  *Counsel for Pontchartrain Baptist Church*

**By Hand Delivery**

**By e-mail: To all Counsel**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO:<br>LEVEE (06-6642)<br>(PONCHARTRAIN BAPTIST CHURCH) | JUDGE DUVAL<br><br>MAG. WILKINSON |

**JOINT REPORT CONCERNING ISSUES RAISED IN WILLIAM E. O'NEIL'S LETTER OF APRIL 26, 2007 AND OTHER MATTERS FOR COURT CONSIDERATION**

May 25, 2007

Submitted by:
    William E. O'Neil, Counsel for Pontchartrain Baptist Church
    Glenn Adams, Counsel for Gulf Group, Inc.
    Frank Barry, Counsel for Modjeski and Masters.
    Michael Reiss, Counsel for Boh Bros. Construction, L.L.C.
    Richard Tyler, Counsel for James Construction Group, LLC
    Charles Lanier, Counsel for Sewerage and Water Board
    Thomas Anzelmo, Counsel for Orleans Levee Board
    Jason Markey, Counsel for C.R. Pittman Construction, Co.
    Counsel for City of New Orleans was not present

1

MAY IT PLEASE THE COURT:

This Joint Report **PERTAINS TO: Levee, <u>Pontchartrain Baptist Church</u> (06-6642) in the In Re: Katrina Canal Breaches Consolidated Litigation.**

## TABLE OF CONTENTS

I. INTRODUCTION AND FOCUS..................................................1
II. ISSUES RAISED IN APRIL 26, 2007 LETTER............................4
III. OTHER MATTERS FOR THE COURT TO CONSIDER........................5

**I. INTRODUCTION** (Counsel for James indicated that **I. Introduction** and **IV. Conclusion** were inappropriate and should be deleted).

To expedite movement of this case and avoid wasteful pre-trial activities, the Background of this case set out in the April 26, 2007 letter will not be repeated. Counsel for PBC (without agreement of Counsel for James) views, the focus of the Pontchartrain Baptist Church (PBC) case as follows:

- Works and actions in connection with remote projects involving activities for bridge demolition, reconstruction and repair, dredging, and excavation using vessels and appurtenances for Bridge Projects in and on the 17th Street Canal (in particular the Hammond Highway Bridge).

- Works and actions in connection with remote projects involving the same type of activities using vessels and appurtenances for the Bridge Projects in and on the London Avenue Canal, namely Mirabeau Avenue, Filmore Avenue, and Leon C. Simon Bridges.

- The Petition in general alleges negligence, statutory violations, breaches of tort and contract duties, and continuing tortuous action, more specifically as follows:
    - Negligence
    - Gross negligence
    - Wanton, willful, and reckless acts and omissions
    - Strict liability
    - Absolute liability
    - Abuse of rights
    - Failure to warn
    - Ultra-hazardous activities (pile driving)
    - Knowledge and failure to act or warn
    - Alteration of natural servitudes of drainage
    - Constitutional torts
    - Inverse condemnation

In the state court petition, admiralty and maritime claims were asserted under the "savings to suitors" clause (28 U.S.C. § 1333) and The Admiralty Extension Act (46 U.S.C. § 740). PBC's position is that maritime subject matter jurisdiction has never been timely nor formally contested. No Rule 12(b)(1) motion was ever filed challenging the bases of admiralty jurisdiction except in a disguised form (Doc. 2484) responded to.

Defendant James and the parties consenting to removal asserted "federal question jurisdiction" in the Notice of Removal. That assertion PBC feels gives rise to <u>Romero</u> issues (disputed and not acknowledged by Counsel for James and Modjeski) and the conflict between 28 U.S.C. § 1333 and 28 U.S.C. § 1442(a)(1). This savings to suitors case could have been filed

3

in Federal court from the start because this Court has exclusive, original maritime subject matter jurisdiction and the state court has concurrent jurisdiction. To the extent that this Federal Court exercises Supplemental Jurisdiction over certain parties claims, those claims are still maritime in nature according to Scarborough V. Clemco Industries Inc., 391 F.3d 660 (5th Cir. 2004)

SUMMARY

Plaintiff asserts that this is a Grubart-type lawsuit subject to Scarborough. Some defendants disagree some made no comment. All motions regarding maritime jurisdiction and its impact on this case have been briefed and are under submission to the Court.

**I. ISSUES IN APRIL 26, 2007 LETTER**

1. Amended Complaint, Timing, and Additional parties

Plaintiff is in the process of completing it's Amended Complaint and informed defendants' Counsel at the meeting of all its theories and the names of most parties that it intends to add.

Defendant, Modjeski and Masters, Inc., has taken the position that the Draft Amended Complaint (Doc. 3643) is in fact PBC's Amended Complaint. PBC respectfully disagrees and will discuss this at the Conference.

2. Deconsolidation from the Umbrella

As this Court observed at the last conference, Plaintiff's Liaison Counsel for the Levee Group, Mr. Bruno, feels PBC's case should be deconsolidated. In Minute Entry of 12/6/06 (Doc. 2034), the Court discussed relevant areas of discrete issues one of which was "Maritime Jurisdiction Issues." That same discrete issue is not included in Case Management Order No. 4, which confuses PBC's Counsel. Attempted communication with Plaintiffs' Liaison Counsel

4

concerning this case have gone for the most part unanswered. The reasons will be discussed at the Care Management Conference ("conference").

3. Discovery

All defendants take the position that Case Management Order No. 4 governs PBC's discovery. PBC disagrees, especially in light of the non-common, unique liability issues raised in PBC's lawsuit.

4. Rule 26 Disclosures

All defendants take the position that PBC is bound by CMO No. 4 which at page 21 does not require the Engineers to make witness or exhibit disclosures, despite the fact that the PBC suit is a remaining civil action.

To date, Counsel for PBC has received no documents (especially bridge contracts) from any defendants despite requests. James, however, provided a contract which was lost and again requested but not resent. Gulf Group has promised to produce the contracts for the Hammond Highway Bridge. The Contractors group has provided no disclosures.

At page 24, CMO No. 4 the documents that defendants are required to produce seemingly do not cover the Bridge work and actions. Counsel will discuss this further at the "conference."

## II. OTHER MATTERS FOR THE COURT TO CONSIDER

At the request of Counsel for the Sewerage and Water Board, Counsel for PBC was asked to disclose all theories of liability and any additional parties to be included in the Amended Complaint. Counsel for plaintiff responded fully. This will be discussed further at the "conference."

On another matter, despite briefing on the Law of the Case, *res judicata*, and *collateral estoppel* in PBC's response to the Rule 12(b)(6) and Rule 56 motions, Counsel for PBC brings to

5

this Court's attention PBC's Memorandum in Opposition to those motions (Doc. 3550). Plaintiff's position remains that none of the above doctrines apply with which defendants disagree. Simply stated, the doctrines do not apply because identity of the parties and issues are lacking. Defendants had different roles in the alleged works and activities in this case which raises different issues, specifically maritime issues, which PBC believes were not addressed by this Court. Certain defendants do not agree and feel the 12/08/06 Judgments control this matter.

Lastly, PBC submitted a settlement demand to defendants at the meeting.

### III. CONCLUSION

Plaintiffs' Counsel is of the view that admiralty practice is a unique system of substantive law and procedure with which this District Court and learned defense Counsel are singularly familiar. In connection with Case Management Order No. 4, counsel for PBC will address any issues of good faith and due diligence in its attempts to work with Plaintiffs' Liaison Counsel and defense counsel and the Court.

Respectfully,

All Counsel

Enclosures:

PBC e-mail

James e-mail

Modjeski e-mail

Counselors:

Some of you could not open the file I sent yesterday because it is in Word 2007 format. David Meyer has formatted the document in Word 97-2003 format for you. I attach it to this email. If you were able to open the attachment, then please disregard this message.

Please send me any corrections, changes as soon as you can make them. I will submit the report to the Judge tomorrow (Fri) afternoon.

Regards,
Bill

5/25/2007

## William E. O'Neil

**From:** Barry, Francis [fbarry@dkslaw.com]
**Sent:** Thursday, May 24, 2007 11:20 AM
**To:** William E. O'Neil; gadams@phjlaw.com; mriess@kingsmillriess.com; rtyler@joneswalker.com; eeagan@joneswalker.com; cmlanier@christovich.com; tanzelmo@mcsalaw.com; jmarkey@gjtbs.com
**Cc:** David Meyer
**Subject:** RE: 06-6642 Pontchartrain - Draft report, reformatted

Bill & David : In behalf of Modjeski, I suggest : 1) the references to Plaintiffs' Liaison Counsel throughout the letter are sometimes possibly ambiguous because you omit the word "Plaintiffs'" in front of Liaison Counsel. I think "Plaintiffs' Liaison Counsel" should be used throughout to avoid any confusion.
    2) I disagree with using any statement along the lines of "Defendants' seemingly agree...." at top of page 4. Defendants' position that there is no admiralty jurisdiction has been advanced from the beginning, and defendants do not agree to acknowledge any "Romero" issues ,etc. The defendants have consistently removed these cases to federal court based on federal jurisdiction ,under 28 USC Sec 1442, for federal officers/federal contractors.
    3) Judge Duval's 12/8/06 judgments in regard to the Contractors on peremption and in regard to the Engineers on peremption contained rulings in regard to the remote projects, and that has been carried over into the Case Management Order, and acknowledged by the Plaintiffs' Liaison Committee in drafting the Superseding Class Action Consolidated Complaint (Levee Cases).
    4) We are awaiting Judge Duval's decision in regard to the 2/1/07 Motions filed by Engineers and by Contractors in numerous cases, including your Pontchartrain Baptist Church case.
    5) I think you must report to Magistrate Wilkinson the identities of the additional defendants you believe you can add to your amended complaint. (Thank you for including my position that your amended complaint has already been filed and that you do not have an open ended Order allowing you further amendments.)

Frank

---

**From:** David Meyer [mailto:dmeyer@theoneilgroup.com] **On Behalf Of** William E. O'Neil
**Sent:** Thursday, May 24, 2007 12:31 PM
**To:** gadams@phjlaw.com; mriess@kingsmillriess.com; Barry, Francis; rtyler@joneswalker.com; eeagan@joneswalker.com; cmlanier@christovich.com; tanzelmo@mcsalaw.com; jmarkey@gjtbs.com
**Cc:** David Meyer
**Subject:** 06-6642 Pontchartrain - Draft report, reformatted

Counselors:

Some of you could not open the file I sent yesterday because it is in Word 2007 format. David Meyer has formatted the document in Word 97-2003 format for you. I attach it to this email. If you were able to open the attachment, then please disregard this message.

Please send me any corrections, changes as soon as you can make them. I will submit the report to the Judge tomorrow (Fri) afternoon.

Regards,
Bill

The information contained in this email and any attachments hereto may be confidential and/or l

5/25/2007

# William E. O'Neil

**From:** Tyler, Rich [rtyler@joneswalker.com]
**Sent:** Thursday, May 24, 2007 12:44 PM
**To:** William E. O'Neil; gadams@phjlaw.com; mriess@kingsmillriess.com; fbarry@dkslaw.com; Eagan, Emily; cmlanier@christovich.com; tanzelmo@mcsalaw.com; jmarkey@gjtbs.com
**Cc:** David Meyer
**Subject:** RE: 06-6642 Pontchartrain - Draft report, reformatted

Bill and David:

On behalf of James Construction Group, we have the following comments on the "Joint Report"

1. Sections I and IV should be deleted. It is inappropriate to use this report as a platform to argue your client's position, especially when no provision is made for elucidation of opposing points of view. You may argue your position at the conference, but you should not present it as part of a "joint" submission thereby implying that defendants agree with any portion of PBC's jurisdictional position.

2. Along this same lines, surmises regarding the reasons for action or inaction by Plaintiff's Liaison Counsel and/or defense counsel are wholly speculative and inappropriate. For example, your surmise that Plaintiff's Liaison Counsel "has treated PBC's case as different from the start and apparently feels PBC's case should be deconsolidated because it raises non-common, unique interests" is unsubstantiated. Based on our meeting, one could also surmise that Plaintiff's Liaison Counsel has treated PBC's case differently simply because PBC refuses to ante up for admission to the plaintiff's group.

In short, this should be a short, simple, non-value laden report. Section II largely accomplishes this purpose. It should be retained and the rest jettisoned.

**Richard J. Tyler, Esq.**
Chair, construction law practice group
Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: 504-582-8266
Facsimile: 504-582-8011
E-Mail: rtyler@joneswalker.com
Bio: http://www.jwlaw.com/attorneys/bios/bio.asp?ID=R623765588
Internet: www.joneswalker.com

---

**From:** David Meyer [mailto:dmeyer@theoneilgroup.com] **On Behalf Of** William E. O'Neil
**Sent:** Thursday, May 24, 2007 12:31 PM
**To:** gadams@phjlaw.com; mriess@kingsmillriess.com; fbarry@dkslaw.com; Tyler, Rich; Eagan, Emily; cmlanier@christovich.com; tanzelmo@mcsalaw.com; jmarkey@gjtbs.com
**Cc:** David Meyer
**Subject:** 06-6642 Pontchartrain - Draft report, reformatted