

"Stephanie Pizani"
<stephaniep@brunobrunolaw
.com>

05/10/2007 06:10 PM

To <wilkinso@laed.uscourts.gov>
cc
bcc

Subject  In Re Katrina Canal Breaches Consolidated Litigation; Case
No.: 05-4182, Section "K" (2)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY 30  AM 11: 02

LORETTA G. WHYTE
CLERK

History:      ↳ This message has been forwarded.

Dear Magistrate Wilkinson:

Attached is the Master Protective Order proposed by the Defendants and submitted to Your
Honor via email  Friday, May 4.  The Plaintiffs have added their comments/objections to the
draft for the Court's consideration. The Plaintiffs are prepared to discuss their concerns with the
Court at directed.

Very truly yours,

Joseph M. Bruno

Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113

Telephone:  (504) 525-1335

Facsimile:  (504) 561-6775

Email: jbruno@brunobrunolaw.com

*file in the
Record*
*5/29/07*

The information contained in this electronic message is attorney privileged and confidential information intended
only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended
recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby
notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If
you have received this transmission in error, please immediately notify us by telephone at (504) 525-1335.

CleanVersion2.doc

___ Fee_____
___ Process_____
X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

*Plaintiffs' response to Defendants proposed MPO filed May 4, 2007 are in red, bold and italicized.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| | * * | SECTION "K" |
| PERTAINS TO: | * * | JUDGE DUVAL |
| ALL UMBRELLAS | * * * | MAGISTRATE WILKINSON |

*********************************************************

## <u>MASTER STIPULATION AND PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1.    Any party or third party (hereinafter "Designating Party") who is required to produce documents or provide testimony or information to any other party (hereinafter "Non-Designating Party") in the Katrina Canal Breaches Consolidated Litigation ("Consolidated Litigation") may designate such document, testimony or information as CONFIDENTIAL INFORMATION, as defined herein.    Once designated as CONFIDENTIAL INFORMATION, any use of such document, testimony or information shall be regulated by this Master Stipulation and Protective Order to protect such

CONFIDENTIAL INFORMATION from disclosure beyond what is necessary for the furtherance of the lawsuits consolidated in the Katrina Canal Breaches Consolidated Litigation.

2.     "Documents" include all writings, recordings and photographs as defined by Federal Rule of Evidence 1001, including originals and all copies thereof, in whatever form maintained or produced.

3.     As used herein, the term CONFIDENTIAL INFORMATION refers to information that a Designating Party claims in good faith to be its trade secrets or other confidential research, development, claims or commercial information, or information not in the public domain which is proprietary or competitively sensitive, including but not limited to sensitive financial data and technical information or information relating to business processes or procedures, disclosure of which could cause injury to the Designating Party.  The term CONFIDENTIAL INFORMATION also includes information implicating privacy concerns *protected by law or statute* with respect to individuals including but not limited to insureds or employees.  Such information may be designated as CONFIDENTIAL INFORMATION as set forth below.  Parties shall designate documents, testimony or information in good faith and shall not indiscriminately designate, such that produced documents, testimony or information are not over-designated as CONFIDENTIAL INFORMATION.  CONFIDENTIAL INFORMATION can be produced to the Central Repository once *The Plaintiffs request deletion of the phrase* a procedure has been established with the Central Repository Vendor to ensure that the only parties with access to CONFIDENTIAL INFORMATION contained in the Central Repository are parties permitted such access under this Master Stipulation and

<u>Protective Order</u>. *and substitute, each person, as a condition of access to the Central Repository, signs Exhibit "A" attached hereto*.

Information to be treated under this Master Stipulation and Protective Order as CONFIDENTIAL INFORMATION shall include:

a.   Information produced as part of Federal Rule of Civil Procedure ("FRCP") Rule 26 initial disclosures and in response to discovery requests or in documents produced for inspection provided that, prior to delivery to the Non-Designating Party, the responses or copies are marked by the Designating Party with the following legend:

CONFIDENTIAL
PRODUCED PURSUANT
TO PROTECTIVE ORDER
IN RE:KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION
CIVIL ACTION NO. 05-4182 "K" (2);

b.   Information revealed during a deposition upon oral examination, if the Designating Party has: (i) has indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain CONFIDENTIAL INFORMATION; (ii) has instructed the court reporter on the record that prior to distribution of the transcript to all counsel a copy of the transcript should be provided to the Designating Party only, allowing said party twenty (20) business days to return the transcript to the court reporter with a written page

and line designation of the portions of the transcript designated as confidential, and that the court reporter shall then attach the page and line designation to the transcript to be distributed to all counsel and indicate on the face page of the transcript: PORTIONS OF THIS DEPOSITION AS INDICATED IN WRITING AND ATTACHED HERETO BY PAGE AND LINE DESIGNATION ARE CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, CIVIL ACTION NO. 05-4182; and (iii) has provided any other counsel for the parties with the written page and line designations at the same time and in the same manner as provided to the court reporter; and/or

c.    Information produced as part of FRCP Rule 26 initial disclosures or in response to discovery requests or in documents produced for inspection prior to the execution of this Master Stipulation and Protective Order, if within fifteen (15) business days of the entry date of this Master Stipulation and Protective Order, the Producing Party designates as CONFIDENTIAL INFORMATION the information or documents previously produced.

4. Access to information designated as CONFIDENTIAL INFORMATION shall be limited to the following persons:

a.    Counsel of record in the Consolidated Litigation in which production is made and in-house counsel for a Non-Designating Party in the

Consolidated Litigation; such counsel's stenographic, clerical, and legal assistant employees; and such counsel's agents whose functions related to prosecuting or defending that particular lawsuit require access to CONFIDENTIAL INFORMATION;

b.   Outside experts or consultants for a Non-Designating Party in the Consolidated Litigation in which production is made who have been retained by such party in connection with that action, including their stenographic and clerical personnel provided that such outside experts and consultants have reviewed this Master Stipulation and Protective Order and agree to be bound by its terms, subject to the written acknowledgment requirement in Paragraph 7 below;

c.   This Court and its personnel, court reporters and videographers who record depositions or other testimony in this action;

d.   The author, addressees and recipients of the CONFIDENTIAL INFORMATION or any person who would have had access to such CONFIDENTIAL INFORMATION by virtue of his employment, as well as during a deposition to deposition witnesses presently *or formerly* employed by the Designating Party, unless prohibited by *privacy* law*(s) or statutes(s),* subject to the written acknowledgment requirement in Paragraph 7 below;

e.   In the event that counsel for a Non-Designating Party feels it necessary to share CONFIDENTIAL INFORMATION with a deponent in a deposition in the Consolidated Litigation in which

production is made who is believed to have authored, viewed, received, or otherwise believed to have knowledge of CONFIDENTIAL INFORMATION *or for any other purpose permitted by the Federal Rules of Civil Procedure or Evidence,* subject to the written acknowledgment requirement in Paragraph 7 below; and

f. *The Plaintiffs object and request deletion of this paragraph for the reason that Plaintiffs, once suit is filed, have waived any privilege they may otherwise enjoy save statutory privileges earlier protected in (4)(d), supra.* Insurance claim or underwriting files, or other documents relating to an individual insured or adjustment of an individual loss, are produced solely for use in the particular lawsuit involving the specified insured and are not to be made available to other insureds, other parties, or their counsel in any other consolidated or non-consolidated cases or otherwise used in any other consolidated or non-consolidated cases absent consent of the producing Insurance Carrier or by order of the Court.

Nothing in this order relieves any party from following applicable Federal or state law regarding the release of CONFIDENTIAL INFORMATION.

5.     In addition to the protections for CONFIDENTIAL INFORMATION described in this Master Stipulation and Protective Order, the parties further recognize that in the Insurance Umbrella cases, some CONFIDENTIAL INFORMATION subject to

the terms of the Master Stipulation and Protective Order may be particularly sensitive for the business and proprietary purposes of the Designating Party. *The Plaintiffs suggest deletion of the phrase* or because of privacy concerns. *since privacy concerns have been addressed in (4)(d), supra.* Where designation of documents or information as PARTY

SENSITIVE CONFIDENTIAL INFORMATION is done to protect business or proprietary information, the designation is to be reserved for only those confidential documents or information for the Designating Party has a good faith expectation that disclosure to one or more other parties in the Consolidated Litigation may lead to a specific or immediate injury to the Designating Party's commercial or proprietary interests or give a commercial advantage to other parties in the Consolidated Litigation who are market competitors of the Designating Party.   *The Plaintiffs suggest deletion of the sentence* Where designation of documents or information as PARTY SENSITIVE CONFIDENTIAL INFORMATION is done to protect privacy interests, the designation is to be reserved for only those confidential documents or information which have a particularized basis for protection from disclosure to one or more other parties in the Consolidated Litigation *for the reason that the issue of privacy protected by statute, or law has been preserved in (4)(d), supra and that any other privacy right has been waived by filing suit.* Such information will be identified by the Designating Party as "PARTY SENSITIVE  CONFIDENTIAL INFORMATION" and when so designated shall be subject to more stringent use conditions and such use shall be regulated by this

Master Stipulation and Protective Order.   Any information designated as PARTY SENSITIVE CONFIDENTIAL INFORMATION will only be made available for review or use by the individuals identified in 5(a) – 5(d) below. At this time, PARTY SENSITIVE CONFIDENTIAL INFORMATION will not be loaded to the Central Repository, but the parties agree to discuss this issue as discovery progresses.  The Designating Party will provide notice to Liaison Counsel of the production of PARTY SENSITIVE CONFIDENTIAL INFORMATION.    Such information shall not be further disclosed without prior written permission from the Designating Party.  If the Designating Party objects to any proposed further disclosure, no such disclosure shall be made unless the Court, upon application by the party requesting such permission, orders otherwise.  A Designating Party may later choose to de-designate certain PARTY SENSITIVE CONFIDENTIAL INFORMATION and any such information shall then be treated as CONFIDENTIAL INFORMATION as described in this Master Stipulation and Protective Order. Access to information designated as PARTY SENSITIVE INFORMATION shall be limited to the following persons:

      a.    Counsel of record for particularly identified Non-Designating Parties as identified by the Designating Party in the particular lawsuit in which production is made and in-house counsel for such identified Non-Designating Parties in that particular lawsuit; such counsel's stenographic, clerical, and legal assistant employees; and such counsel's agents whose functions related to prosecuting or defending that particular lawsuit require access to PARTY SENSITIVE CONFIDENTIAL INFORMATION;

b.  Outside experts or consultants for the particularly identified Non-Designating Parties who have been retained by such Non-Designating Party solely in connection with the particular individual Insurance Umbrella lawsuit in which the PARTY SENSITIVE CONFIDENTIAL INFORMATION is disclosed, including their stenographic and clerical personnel provided that such outside experts and consultants have reviewed this Master Stipulation and Protective Order and agree to be bound by its terms subject to the written acknowledgment requirement in Paragraph 7 below;

c.  This Court and its personnel, court reporters and videographers who record depositions or other testimony in this action;

d.  The author, addressees and recipients of the PARTY SENSITIVE CONFIDENTIAL INFORMATION or during a deposition to any deposition witnesses presently employed by the Designating Party, unless prohibited by law, subject to the written acknowledgment requirement in Paragraph 7 below;

*The Plaintiffs object to paragraph 5(d) and offer the following rewrite:*

*The author, addressees and recipients of the PARTY SENSITIVE CONFIDENTIAL INFORMATION or any person who would have had access to such PARTY SENSITIVE*

*CONFIDENTIAL INFORMATION by virtue of his employment, as well as during a deposition to deposition witnesses presently or formerly employed by the Designating Party, unless prohibited by privacy law(s) or statutes(s), subject to the written acknowledgment requirement in Paragraph 7 below;*

e.   *In the event that counsel for a Non-Designating Party who is otherwise permitted to have access to and feels it  necessary to share PARTY SENSITIVE CONFIDENTIAL INFORMATION with a deponent in a deposition in the Consolidated Litigation in which production is made who is believed to have authored, viewed, received, or otherwise believed to have knowledge of PARTY SENSITIVE CONFIDENTIAL INFORMATION or for any other purpose permitted by the Federal Rules of Civil Procedure or Evidence, subject to participation and transcript protocols to be established by agreement or Court Order when such information is discussed and the written acknowledgment requirement in Paragraph 7 below; and*

*The Plaintiffs object to this paragraph for the very same reasons as offered in 4(f) and urge deletion.* Insurance claim or underwriting files, or other documents relating to an individual insured or adjustment of an individual loss, are produced solely for use in the particular lawsuit involving the specified insured and are not to be made available to other insureds, other parties, or their counsel in any other consolidated or non-consolidated cases or otherwise used in any other consolidated or non-consolidated cases absent consent of the producing Insurance Carrier or by order of the Court.

*g.* Information to be treated under this Master Stipulation and Protective Order as PARTY SENSITIVE CONFIDENTIAL INFORMATION shall include information and documents produced as part of Federal Rule of Civil Procedure ("FRCP") Rule 26 initial disclosures and in response to discovery requests or in documents produced for inspection provided that, prior to delivery to the particularly identified Non-Designating Party, the responses or copies are marked by the Designating Party with the following legend:

PARTY SENSITIVE CONFIDENTIAL INFORMATION
PRODUCED PURSUANT
TO PROTECTIVE ORDER
[CAPTION OF THE PARTICULAR INSURANCE
UMBRELLA CASE(S) FOR WHICH THE
DOCUMENT/INFORMATION IS BEING PRODUCED]

6.     CONFIDENTIAL     INFORMATION     and     PARTY     SENSITIVE
CONFIDENTIAL INFORMATION shall not be made public by the Non-Designating
Party, and shall be used by or disclosed to only those persons permitted access to it
under Paragraphs 4 or 5. PARTY SENSITIVE CONFIDENTIAL INFORMATION shall
not be posted to the Court-ordered Central Repository. Each party agrees that it and its
counsel shall treat as confidential all information designated as CONFIDENTIAL
INFORMATION and PARTY SENSITIVE CONFIDENTIAL INFORMATION.   *The
Plaintiffs object to the sentence* The parties and their counsel also agree to accord
such CONFIDENTIAL INFORMATION and PARTY SENSITIVE CONFIDENTIAL
INFORMATION the same degree of care and protection that they would each use for
their own confidential information, trade secrets and proprietary information, *as this
sentence creates a second set of unknown standards which may or may not be in
conflict with this MPO. Any party could easily violate such unknown standards.*

7. Prior to the disclosure of any CONFIDENTIAL INFORMATION or PARTY
SENSITIVE CONFIDENTIAL INFORMATION to any persons other than those
described in Paragraphs 4(a), 4(c), 5(a) or 5(c), counsel for the Non-Designating Party
shall provide such persons with a copy of this Master Stipulation and Protective Order
and shall have such persons execute a copy of the acknowledgment attached hereto as
Exhibit A.   Counsel for the Non-Designating Party shall maintain the original
acknowledgment of such person during the pendency of the particular lawsuit in which
production is made.  Any such acknowledgment shall be made available for inspection
by counsel for any other party upon a showing of good cause.

8.    If a party wishes to disclose any information designated as CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION to any persons not described in Paragraphs 4 or 5 of this Master Stipulation and Protective Order, prior permission to so disclose must be obtained from the Designating Party in writing.  The Designating Party may in good faith object if such objection is not interposed for purposes of delay.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

9.    If a party wishes to file any document containing information that has been designated CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION, that party shall file a motion with the Court seeking permission to file those documents under seal in conformity with the provisions of the standing July 26, 2006 Order of the United States District Court for the Eastern District of Louisiana attached hereto.  However, any pleading or brief referencing information that has been designated CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION also may be filed with the Clerk with the reference to or discussion of the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION redacted and accompanied by the necessary filing under the standing July 26, 2006 Order.

10.    The acceptance of CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION is in fact

confidential.  Any Non-Designating Party may at any time request the Designating Party to remove the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION designation with respect to any document, object or information.  Such request shall be made to counsel for the Designating Party, and shall particularly identify the designated CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION that the Non-Designating Party contends is not confidential and the reasons supporting that contention.  If after ten (10) business days, the Designating Party does not agree to remove the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION designation, then the party contending that such documents or information are not confidential may request by motion that the Court remove such information from the restrictions of this Master Stipulation and Protective Order.  The burden of demonstrating that the information should be treated as CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION shall be on the Designating Party.  However, the Non-Designating Party may request that the motion be heard on an expedited basis for an order shortening time if a scheduled deposition or Court date could be delayed or cancelled.  In addition to the procedures described above, the following shall apply to the designation process:

> a.   A party shall not be obligated to challenge the propriety of a confidential designation at the time that designation is made, and failure to so challenge does not preclude a subsequent challenge;

-14-

b.    With permission of the Court, either the Designating or Non-

Designating Party may request a short informal discovery

conference to be held telephonically with the Court in order to avoid the need for any motion; and

c.    The parties shall attempt in good faith to combine as many issues

under this Master Stipulation and Protective Order as possible so

that matters can be handled efficiently and effectively.

11.    Inadvertent failure to designate any information pursuant to this Master Stipulation and Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) business days of the discovery of the inadvertent failure. At such time, *and at the option of each of the Non-Designation parties,* arrangements shall be made for *all such information to be appropriately marked or for the* return of all copies of the inadvertently undesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies. The parties agree that the reasonable expenses of such effort and are not covered by this Master Stipulation and Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement or with the Court.

12.      The Court's Case Management Order Number 4 shall govern inadvertently produced CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION in the same manner as described for privileged and/or work product documents.   However, this Protective order will not supersede any other order with respect to the procedures and protections for privileged or otherwise protected information.

13.      The restrictions and obligations set forth in this Master Stipulation and Protective Order relating to CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION shall not apply to any information which:   (i) the Designating Party agrees (and the Designating Party is not otherwise prohibited from agreeing and/or disclosing), or the Court rules,   has been previously produced, disclosed or made available to the public or otherwise available for public access; (ii) the Designating Party agrees (and the Designating Party is not otherwise prohibited from agreeing and/or disclosing), or the Court rules, has become public knowledge other than as a result of disclosure that is in violation of other provisions of this Master Stipulation and Protective Order; (iii) is in the Non-Designating Party's legitimate possession independently of production herein by the Designating Party and is not marked confidential; or (iv) the Designating Party agrees (and the Designating Party is not otherwise prohibited from agreeing and/or disclosing), or the Court rules, has not been preserved or maintained in a manner calculated to preserve its confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions with any person regarding CONFIDENTIAL INFORMATION or PARTY SENSITIVE

CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

14. If any party to this Master Stipulation and Protective Order, or its counsel, receives a subpoena, discovery demand, or any other demand or request for any CONFIDENTIAL INFORMATION or PARTY SENSITIVE INFORMATION, that party or its counsel shall immediately notify the Designating Party and all other parties to this Master Stipulation and Protective Order, or their counsel of that event.   The Non-Designating Party receiving the subpoena, discovery demand, or any other demand or request for any CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION will *reasonably* cooperate with the Designating Party to permit the Designating Party to assert its rights and privileges with respect to the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION.   The parties agree that the reasonable expenses of such cooperative effort are not covered by this Master Stipulation and Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement or with the Court. The Designating Party shall bear the burden of asserting its rights and privileges with respect to the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION.

15. If a third party provides discovery to any party in connection with this action, and if the third party so elects (by means of a letter to all undersigned counsel indicating such election), then *the provisions* of this Master Stipulation and Protective Order shall apply to such discovery as if such discovery were being provided by a party.   Under such circumstances, the third party shall have the same rights and obligations under

this Master Stipulation and Protective Order as held by a producing party under this Master Stipulation and Protective Order; provided, however, that such third party shall not have access to CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION produced by the parties to any given consolidated lawsuit simply by virtue of such third party's status as a producing party in that lawsuit.

16. This Master Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

17. This Master Stipulation and Protective Order shall survive the termination of this action.

18. After final termination of this action, counsel for the Non-Designating Party either shall return all CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION in his or her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Non-Designating Party to counsel for the Designating Party or shall certify destruction thereof to such counsel.  In addition, after final termination of any particular Insurance Umbrella case counsel for the Non-Designating Party either shall return all CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION provided in connection with such case that is in his or her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Non-Designating Party to counsel for the Designating Party or shall certify destruction thereof to such counsel.  As to CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL

INFORMATION maintained or stored in computer databases or backup tapes, the Non-Designating Party shall delete all such CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION.  Notwithstanding the foregoing, however, counsel of record may retain their file copies of court filings, deposition or hearing transcripts and exhibits, and correspondence, *Plaintiffs object to and ask that the phrase* EXCEPT that any copies of documents labeled CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION that are included as exhibits or attachments to court filings, deposition or hearing transcripts, or correspondence shall either be returned to the Designating Party or the counsel of record will certify as to their destruction. *be deleted and the phrase, "all of which will continued to be held subject to the terms and stipulations of this Master Stipulation and Protective Order" be added.* The parties agree that the reasonable expenses of such effort are not covered by this Master Stipulation and Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement or with the Court   .

19. Except as otherwise provided herein, all parties and persons to whom CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION is disclosed are prohibited from using CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION except as provided herein and are further prohibited from disclosing CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION to any other person, except in accord with the provisions of this Master Stipulation and Protective Order.  *Delete the phrase* Discovery information and FRCP Rule 26 initial disclosures produced in any particular

Insurance Umbrella case shall be restricted for disclosure and use in that particular case.   Individual Insurance Umbrella FRCP Rule 26 initial disclosures and case discovery should not be included in the Central Repository.

20. Breach of the provisions of this Master Stipulation and Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

21.    The United States District Court for the Eastern District of Louisiana will retain jurisdiction to enforce and/or modify the provisions of this Master Stipulation and Protective Order, regardless of the resolution of one or more of the lawsuits in the consolidated litigation.

<table>
<tr><td>

Joseph M. Bruno    (La Bar No. 3604)<br>
David S. Scalia    (La Bar No. 21369)<br>
L. Scott Joanen    (La Bar No. 21431)<br>
BRUNO & BRUNO<br>
855 Baronne Street<br>
New Orleans, LA   70113<br>
(504) 525-1335<br><br>
Liaison Counsel on Behalf of the<br>
Plaintiffs

</td><td>

Ralph S. Hubbard, III   (La Bar No. 7040)<br>
Seth A. Schmeeckle    (La Bar No. ____)<br>
Lugenbuhl, Wheaton, Peck, Rankin<br>
       & Hubbard<br>
601 Poydras Street, Suite 2775<br>
New Orleans, LA   70130<br>
(504) 568-1990<br><br>
Liaison Counsel on Behalf of<br>
Defendants

</td></tr>
</table>

SO ORDERED:

New Orleans, Louisiana, this _____ day of _____, 2007.


_____
                    DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT OF OBLIGATION**

I, the undersigned, hereby acknowledge that I have read the attached Master Stipulation and Protective Order entered in the United States District Court for the Eastern District of Louisiana in the consolidated lawsuits styled In re: Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182, Section "K". I understand the terms of this Master Stipulation and Protective Order and agree to be bound by all the terms thereof. Without limiting the generality of the foregoing statement, I agree not to disclose any document or information designated as CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION pursuant to the terms of this Master Stipulation and Protective Order (or any copies, extracts, summaries, or information otherwise derived therefrom) to any person or entity not authorized under this Master Stipulation and Protective Order to receive such information. I further agree to use any CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION disclosed to me in connection with the lawsuit in which the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION was produced solely for the purposes of that lawsuit and for no other purposes. I further acknowledge and agree that the terms of this Master Stipulation and Protective Order are enforceable against me by any party to the lawsuit both during and after the conclusion of the lawsuit. I further consent to the enforcement of the terms of this Master Stipulation and Protective Order in the United States District Court for the Eastern District of Louisiana.

Date: _____     Signature: _____

Print Name: _____