29.068996

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHRYN LARROQUE, WIFE OF/** | * | CIVIL ACTION NO. 06-8451 |
| **AND URBAN G. LARROQUE, JR.** | * | |
| | * | SECTION. C |
| VS | * | |
| | * | MAGISTRATE DIV. 3 |
| **STATE FARM INSURANCE** | * | |
| **COMPANY** | * | HON. JUDGE BERRIGAN |
| | * | |
| | * | HON. MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INTERROGATORIES

TO:    Kathryn Larroque and
       Urban G. Larroque
       Through their attorney of record
       Gary M. Pendergast, Esq.
       1515 Poydras Street, Suite 2260
       New Orleans, LA  70112

**NOW INTO COURT**, through undersigned counsel, comes defendant, State Farm Fire

and Casualty Company (hereinafter "State Farm'), and requests that plaintiff, Kathryn Larroque

and Urban G. Larroque, answer the following interrogatories pursuant to the Federal Rules of

Civil Procedure, within the delays provided for therein.

## DEFINITIONS

1.    "Plaintiff", "you," "your" or "yours" refers to plaintiffs, Kathryn Larroque and

Urban G. Larroque, individually and collectively, and all representatives or persons acting for or

on behalf of, or at the request of, any or all of the plaintiffs.

2.    "State Farm" refers to State Farm Fire and Casualty Company, and all related or

affiliated companies, employees, associates, or representatives.

**EXHIBIT**

**A**

3.      "Your home" refers to the property located at 6569 - 6571 Avenue A in New Orleans, Louisiana.

4.      The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail and graphic matter of any kind or character and any recorded material, however produced or reproduced, in Kathryn Larroque and/or Urban G. Larroque's possession, custody, or control or known by Kathryn Larroque and/or Urban G. Larroque to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of any accountant relating or referring in any way to the subject matter of these interrogatories.

5.      "Identify" or "identification," when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

6.      "Identify" or "identification," when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

## INSTRUCTIONS FOR USE

1.      All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2.      Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer shall be set out so that it is understandable.  If any of the interrogatories cannot be answered in full, please answer to the extent possible, indicating the

part you are answering, and the reason why the interrogatory cannot be answered in full. You are requested to submit supplemental information at a later date.

3.     If you lack information necessary to answer any of the interrogatories, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4.     These interrogatories are intended as continuing interrogatories, requiring you to supplement your answers, setting forth any information within the scope of the interrogatories as may be acquired by you, your attorney, agents or representatives subsequent to the filing of your original answers. Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5.     When an interrogatory asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6.     With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that are related to the subject matter of each interrogatory and your answer thereto.

7.     If objection is made to any interrogatory or request for production of documents propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

(a)     The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

(b)     If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such document responds;

(c)     If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the defendant to whom the substance of the communication has been disclosed.

8.     With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document. You are also to describe any system which the defendant has for the periodic destruction or retirement of documents.

**INTERROGATORY NO. 1:**

Please list the name, address and telephone number of all witnesses whom you anticipate may be called by you as witnesses at the trial of the captioned matter. As to all witnesses, please indicate the substance of their anticipated testimony. As to all expert witnesses, please include their field of expertise as well as the substance of any pertinent expert opinion anticipated to be given at the trial of this matter.

**INTERROGATORY NO. 2:**

Please list the name, address and telephone number of all expert witnesses with whom you have consulted in connection with the above-captioned litigation whether or not you intend to call said witnesses to testify at the trial of this matter.

**INTERROGATORY NO. 3:**

Please identify each and every witness statement you have obtained in the captioned matter. As to each statement, kindly identify the name, address and telephone number of the person(s) whose statement was obtained, the name address and telephone number of the person who obtained the statement(s), as well as the name, address and telephone number of all individuals who currently possess a copy of the audio tape or transcription of said statement. If you contend that any statement is privileged, kindly indicate the name of the individual who gave the statement and the date the statement was obtained.

**INTERROGATORY NO. 4:**

State your full name and any other names you have been known by; date and place of birth; marital status; present home address; and your Social Security number.

**INTERROGATORY NO. 5:**

Have you ever asserted <u>any other</u> claim(s) for damages or for compensation for theft of personal property, personal injuries or property damage? If so, please state with particular detail the date and nature of the damage sustained, the name and address of the person or entity against whom said claim was made, and the disposition of said claim(s). If a lawsuit is filed in connection with said claim, kindly indicate the court where the suit was filed, the civil suit number, and the date of its filing.

**INTERROGATORY NO. 6:**

Please identify all expert witnesses whom you have consulted, whether or not you anticipate they may be called by you as witnesses at the trial of the captioned matter and state the qualifications of the expert and substance of the anticipated expert opinion.

**INTERROGATORY NO. 7:**

Please identify any and all documents of any kind supplied to your experts identified in the Interrogatories herein.

**INTERROGATORY NO. 8:**

Please identify all photographs or video of any kind supplied to your experts identified in the Interrogatories herein.

**INTERROGATORY NO. 9:**

Please identify each and every exhibit or other piece of demonstrative evidence which you intend to introduce or display as a trier of fact at the trial of this matter.  As to each exhibit, identify any and all witnesses who will be used to authentic or otherwise utilize said exhibit or demonstrative aid.

**INTERROGATORY NO. 10:**

Please specify in detail the basis for your allegations that the damages you seek were solely and/or concurrently caused by wind rather than flood.

**INTERROGATORY NO. 11:**

Please specify in detail each and every fact that supports your allegation that State Farm acted in bad faith in adjusting your claim and identify each individual with personal knowledge of said alleged facts.

**INTERROGATORY NO. 12:**

Please list each item of immovable and/or movable property you alleged was damaged at 6569 - 6571 Avenue A, New Orleans, LA prior to the breach of the 17th Street Canal on August 29, 2005 according to paragraph V (1) of your Petition for Damages.

**INTERROGATORY NO. 13:**

Please identify and list each document and witness (by full name and current address and phone number), which can provide support to your answer to Interrogatory No. 12.

**INTERROGATORY NO. 14:**

Please describe in detail the type of damage allegedly sustained to each item of immovable and/or movable property at 6569 - 6571 Avenue A, New Orleans, LA prior to the breach of the 17th Street Canal on August 29, 2005 according to paragraph V (1) of your Petition for Damages.

**INTERROGATORY NO. 15:**

Please describe in detail all additional living expenses incurred by you for the loss of use of your home and allegedly covered by homeowners' insurance policy no. 18-45-1232-7, but was not paid to you by State Farm according to paragraph V (3) of your Petition for Damages.

**INTERROGATORY NO. 16:**

Please describe in detail each item in homeowners' insurance policy no. 18-45-1232-7, which you allege indicates that "the water entering [your] home from the breach in the 17th Street Canal was a peril covered under the subject policy", according to paragraph V (2) of your Petition for Damages.

**INTERROGATORY NO. 17:**

Please indicate the policy number, coverage effective dates, insurer, and coverage limits for all policies of flood insurance on the property at 6569 - 6571 Avenue A, New Orleans, LA you on August 29, 2005.

**INTERROGATORY NO. 18:**

Please identify any and all documents, photographs or video of any kind submitted in support of your claim the property at 6569 - 6571 Avenue A, New Orleans, LA was damaged by wind and not flood water on August 29, 2005.

**INTERROGATORY NO. 19:**

Please identify the date that your home was built and the contractor, if known.

**INTERROGATORY NO. 20:**

Please identify any and all improvements, repairs, or alterations to your home while you were the owner of said home prior to Hurricane Katrina and identify the individuals, contractors or companies who performed said alterations, repairs or improvements.

**INTERROGATORY NO. 21:**

Identify and describe any repairs or improvements made by you to your home after Hurricane Katrina, and identify the individuals, contractors or companies who made such repairs or improvements, and identify the amount of said repairs or improvements.

These INTERROGATORIES are intended as continuing INTERROGATORIES, requiring you to answer by supplemental answers, setting forth any information within the scope of these INTERROGATORIES which may be subsequently acquired by you, your agents, attorneys, or representatives following your original answers.

Respectfully submitted:

BURT K. CARNAHAN, #3920
JOSEPH M. MESSINA, #14216
TARA L. MASON, #24544
BRANT J. CACAMO, #26227
PAMELA K. RICHARD, #25223
ERIC B. BERGER, #26196
CHARLES R. RUMBLEY, #29666
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*

## C E R T I F I C A T E

I hereby certify that a copy of the above has been served on all counsel of record via facsimile and by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below on this _13_ of November, 2006.

Gary M. Pendergast, Esq.
1515 Poydras Street, Suite 2260
New Orleans, LA  70112
Attorney for Plaintiffs
Urban G. Larroque and
Kathryn B. Larroque

29.068996

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHRYN LARROQUE, WIFE OF/** | * | CIVIL ACTION NO. 06-8451 |
| **AND URBAN G. LARROQUE, JR.** | * | |
| | * | SECTION. C |
| **VS** | * | |
| | * | MAGISTRATE DIV. 3 |
| **STATE FARM INSURANCE** | * | |
| **COMPANY** | * | HON. JUDGE BERRIGAN |
| | * | |
| | * | HON. MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Kathryn Larroque and
       Urban G. Larroque
       Through their attorney of record
       Gary M. Pendergast, Esq.
       1515 Poydras Street, Suite 2260
       New Orleans, LA  70112

**NOW INTO COURT,** through undersigned counsel, comes defendant, State Farm Fire and Casualty Company (hereinafter "State Farm') and requests that plaintiffs, Kathryn Larroque and Urban G. Larroque, answer the following request for production of documents pursuant to the Federal Rules of Civil Procedure, within the delays provided for therein.

## DEFINITIONS

1.      "Plaintiff", "you," "your" or "yours" refers to plaintiffs, Kathryn Larroque and Urban G. Larroque, individually and collectively, and all representatives or persons acting for or on behalf of, or at the request of, any or all of the plaintiffs.

2.      "State Farm" refers to State Farm Fire and Casualty Company, and all related or affiliated companies, employees, associates, or representatives.

3.    "Your home" refers to the property located at 6569 - 6571 Avenue A in New Orleans, Louisiana.

4.    The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail and graphic matter of any kind or character and any recorded material, however produced or reproduced, in Kathryn Larroque and/or Urban G. Larroque's possession, custody, or control or known by Kathryn Larroque and/or Urban G. Larroque to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of any accountant relating or referring in any way to the subject matter of these requests for production of documents.

5.    "Identify" or "identification," when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

6.    "Identify" or "identification," when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

### INSTRUCTIONS FOR USE

1.    All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2.    Where an individual request for production of documents calls for an answer which involves more than one part, each part of the answer shall be set out so that it is understandable.  If any of the requests for production of documents cannot be answered in full,

please answer to the extent possible, indicating the part you are answering, and the reason why the request for production of documents cannot be answered in full. You are requested to submit supplemental information at a later date.

3.      If you lack information necessary to answer any of the requests for production of documents, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4.      These requests for production of documents are intended as continuing requests for production of documents, requiring you to supplement your answers, setting forth any information within the scope of the requests for production of documents as may be acquired by you, your attorney, agents or representatives subsequent to the filing of your original answers. Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5.      When a request for production of documents asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6.      With respect to each request for production of documents, in addition to supplying the information requested, you are to identify all documents that are related to the subject matter of each request for production of documents and your answer thereto.

7.      If objection is made to any request for production of documents propounded below on the grounds that it requests information that falls within the attorney-client privilege, is

protected by the work product immunity or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

      (a)     The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

      (b)     If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such document responds;

      (c)     If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the defendant to whom the substance of the communication has been disclosed.

      8.     With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document. You are also to describe any system which the defendant has for the periodic destruction or retirement of documents.

**REQUEST FOR PRODUCTION NO. 1:**

      Please provide a copy of each and every statement and any recordings you have obtained from any and all witnesses you have identified in connection with the above-captioned matter. If you contend that any statement is privileged, kindly indicate the name of the individual who gave the statement and the date the statement was obtained.

**REQUEST FOR PRODUCTION NO. 2:**

      Please provide a copy of any and all reports, diagrams, and drawings prepared by any expert witnesses you intend to call to testify at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all drawings, plots, photographs and diagrams prepared, between December 1, 2004 and the present date, of the property located at 6569 - 6571 Avenue A, New Orleans, LA, whether or not you intend to use same at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all reports and receipts of special damages claimed to have been incurred by Kathryn Larroque and Urban G. Larroque as a result of damages sustained to the property located at 6569 - 6571 Avenue A, New Orleans, LA between August 29, 2005 and the present date.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all exhibits or other documents, which Kathryn Larroque and Urban G. Larroque intends to utilize at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all reports and receipts evidencing the value of all movable and immovable property owned by Kathryn Larroque and Urban G. Larroque at 6569 - 6571 Avenue A, New Orleans, LA as of August 28, 2005.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of all resumes or curricula vitae pertaining to the persons whom you intend to call as expert witnesses in the captioned matter.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all documents of any kind identified in your answers to the accompanying Interrogatories.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all demonstrative aids that you may use at the trial of the referenced matter.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all reports issued by any and all experts that you have consulted and/or may call as a witness at the trial of the referenced matter.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all documents that you have supplied any expert that you have consulted and/or retained relative to the referenced matter.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all photographs and/or videos and/or DVD's showing your home before and after Hurricane Katrina.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all documents you presented to your insurer in support of your flood claim.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all correspondence of any kind, written or electronic, by and between you and the adjuster and/or insurer responsible for adjusting any flood claim you filed for damages sustained to the property at 6569 - 6571 Avenue A, New Orleans, LA on August 29, 2005.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all statements taken by you in connection with the claim giving rise to the above referenced litigation.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all damage and/or repair estimates of any kind relative to damages to your home following Hurricane Katrina.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of any and all retainer agreements and/or contracts between you and your public adjuster.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all documents that you contend support your allegations that State Farm adjusted your claim in bad faith.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all documents that you contend support your allegation that the damages you seek in the referenced litigation were solely and/or concurrently caused by wind.

These REQUESTS FOR PRODUCTION OF DOCUMENTS are intended as continuing REQUESTS FOR PRODUCTION, requiring you to answer by supplemental answers, providing any and all documentation within the scope of these REQUESTS FOR PRODUCTION OF DOCUMENTS as may be subsequently acquired by you, your agents, attorneys, or representatives following your original responses.

Respectfully submitted:

BURT K. CARNAHAN, #3920
JOSEPH M. MESSINA, #14216
TARA L. MASON, #24544
BRANT J. CACAMO, #26227
PAMELA K. RICHARD, #25223
ERIC B. BERGER, #26196
CHARLES R. RUMBLEY, #29666
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*

## C E R T I F I C A T E

I hereby certify that a copy of the above has been served on all counsel of record via facsimile and by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below on this 31th of November, 2006.

Gary M. Pendergast, Esq.
1515 Poydras Street, Suite 2260
New Orleans, LA  70112
Attorney for Plaintiffs
Urban G. Larroque and
Kathryn B. Larroque

8