# GARY M. PENDERGAST, L.L.C.
### ATTORNEYS AT LAW

1515 POYDRAS STREET, SUITE 2260
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 523-0454
FACSIMILE: (504) 523-0464

February 12, 2007

Joseph M. Messina, Esq.
Lobman, Carnahan, Batt, Angelle & Nader
The Texaco Center, Suite 2300
400 Poydras Street
New Orleans, Louisiana 70130

      Re:    Kathryn Larroque, wife of/and Urban G. Larroque, Jr.
             v. State Farm Insurance Company

Dear Joe:

      This letter follows my receipt of your letter of February 9, 2007 in a telephone conversation of that date. As we discussed, since the Larroque matter has been consolidated with the In Re Katrina Canal Breaches consolidated litigation (05-4182) there is no discovery which may be conducted until such time as the court's joint agenda is promulgated. It is for that reason that I have not responded to State Farm's previous interrogatories and request for production of documents.

      As for your request for admissions, since discovery is untimely, I will not formally respond to those requests at this time. I have no objection, however, to addressing the requests which you have made.

      Mr. and Mrs. Larroque lived in a one story house on Avenue A several blocks from the 17th Street Canal levee breach. Their house was a total loss. There was no flood insurance and they were paid approximately $16,000.00 in homeowner dwelling payments by State Farm. They were not paid for any content.

      Mr. and Mrs. Larroque actually stayed in their home during Hurricane Katrina and saw, first hand, the damage which was done to their house both by wind and, subsequently, by water from the adjacent 17th Street Canal levee breach.

      According to Mr. and Mrs. Larroque, their home suffered significant wind damage, with rain intrusion, many hours before they noticed water from the levee breach entering their home. Fortunately, the Larroques were able to escape their home without injury.

EXHIBIT F

RECEIVED FEB 13 2007

29.06-8996

Joseph M. Messina, Esq.
February 12, 2007
Page 2

In any event, against the above backdrop, this is a claim challenging State Farm's water damage exclusion. Plaintiffs' lawsuit also includes a claim under the Louisiana Value Policy Law. While there are allegations of arbitrary and capriciousness, I certainly would not maintain that State Farm was arbitrary and capricious in failing to pay for water damage from the 17th Street Canal levee breach. While I do question State Farm's failure to pay for any content loss to the Larroques' home as a result of wind and rain damage, I have no evidence which would suggest that such was done in bad faith, considering the uncertainty in the law and the fact that the levee breach waters, ultimately, consumed the entire home and all of its content.

As for your request regarding pricing, I would admit that there are no pricing issues regarding items of damage which State Farm has already paid.

Although I have already addressed request for admission number 4, obviously we would not agree that State Farm has paid all provable wind damage in this matter, particularly relating to interior damage and content loss from wind and rain water.

If you need further information regarding this file before Judge Duval's joint agenda becomes available, please do not hesitate to contact me.

With kindest wishes, I remain

Very truly yours,

Gary M. Pendergast

GMP/lwm