UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES     CIVIL ACTION
CONSOLIDATED LITIGATION

NO.: 05-4182
SECTION "K" (2)

FILED IN:    05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1185, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

## OBJECTIONS AND ANSWERS TO LEVEE PLAINTIFFS' FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CLASS CERTIFICATION

       In accordance with Fed. R. Civ. P. 33, 34, and 36, and CMO #4 Sec. (B)(2), the Orleans

Levee District ("O.L.D.") submits these Objections and Answers to Levee Plaintiffs' First

Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

### General Objections

1.      The O.L.D. objects to the extent that these discovery requests seek production of expert

reports in advance of the deadlines set forth in CMO #4, Sec. II (D)(3).

1



EXHIBIT
A

tabbies®

2.    The O.L.D. objects to the extent that these discovery requests seek disclosure of draft

expert reports, which disclosure is specifically protected as attorney work product under CMO

#4, Sec. II (D)(5).

3.    The O.L.D. reserves the right to supplement these responses through its expert reports

and briefing relating to class certification as set forth in CMO #4.

## ANSWERS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Each class representative, including sub-class representatives, have submitted a Form 95

to the Corps.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

The O.L.D. was not a recipient of any Form 95 filed by the proposed class

representatives.  Moreover, copies of the Form 95s purportedly submitted by the proposed class

representatives were not attached to these discovery requests nor otherwise provided to the

O.L.D.  Therefore, the information sought is not known or readily available to the O.L.D. upon

reasonable inquiry to persons or review of documents within the O.L.D.'s control.

Consequently, the O.L.D. is unable to truthfully admit or deny this request. *Camp v. The*

*Progressive Corp.*, __ F.Supp. __ 2003 WL 21939778, p.3 (E.D. La. 2003) (Answering party

may cite lack of information or knowledge as a basis for denying a request for admission if such

information is not known or readily available to the party upon reasonable inquiry.); *T. Rowe*

*Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ("Generally, a

'reasonable inquiry' is limited to review and inquiry of those persons and documents that are

within the responding party's control.").

## REQUEST FOR ADMISSION NO. 2:

The Form 95 submitted by each respective class and sub-class representative was legally sufficient.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, Copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the O.L.D. Therefore, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 3:

The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

The O.L.D. was not a party to any settlements of claims made against the Corps by the proposed class representatives. Moreover, neither copies of the Form 95s nor any settlement

3

documents were produced with these discovery requests. Consequently, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 4:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

With respect to the O.L.D., admitted. With respect to any other defendant, the O.L.D. was not party to any settlements which may have been reached. Moreover, copies of any settlement agreements reached with other parties have not been produced with these discovery requests. Consequently, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Therefore, the O.L.D. cannot truthfully admit or deny this assertion.

## REQUEST FOR ADMISSION NO. 5:

Each class and sub-class representative has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act).

## RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

4

The O.L.D. was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the O.L.D. Therefore, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 6:**

Each class and sub-class representative suffered some damage as a result of inundation associated with Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The O.L.D. has no knowledge with respect to whether the proposed class representatives were "inundated," and if so, no information whether this "inundation" caused damages. Moreover, information regarding whether any individual was "inundated" and whether such "inundation" caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request at this time.

**REQUEST FOR ADMISSION NO. 7:**

Each class and sub-class representative suffered damage to real property as a result of inundation associated with Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

The O.L.D. has no knowledge with respect to whether the proposed class representatives were "inundated," and no information whether this "inundation" caused damages to real property. Moreover, information regarding whether any individual was "inundated" and whether such "inundation" caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 8:

Each class and sub-class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

The O.L.D. has no knowledge with respect to whether the proposed class representatives were "inundated", and no information whether this "inundation" caused damages to personal property. Moreover, information regarding whether any individual was "inundated" and whether such "inundation" caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 9:

Members of the Class are so numerous that joinder of all such persons and entities in this

6

action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

**REQUEST FOR ADMISSION NO. 10:**

Members of Sub-Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

**REQUEST FOR ADMISSION NO. 11:**

Members of Sub-Class Two are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

**REQUEST FOR ADMISSION NO. 12:**

Members of Sub-Class Three are so numerous that joinder of all such persons and entities

in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

REQUEST FOR ADMISSION NO. 13:

Members of Sub-Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

REQUEST FOR ADMISSION NO. 14:

Members of Sub-Class Five are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

REQUEST FOR ADMISSION NO. 15:

Members of the Class are so geographically dispersed that joinder of all such persons and

8

entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 15:

Members of Sub-Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

9

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 16:

Members of Sub-Class Two are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of

documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 17:

Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 18:

Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

11

## RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 19:

Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

12

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 20:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

Denied. Each individual claim for Hurricane Katrina flooding damages turns on its own facts and circumstances and will require individual evaluations of the fault of each defendant, if any, and the damages, if any, associated with the fault of each defendant. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

13

REQUEST FOR ADMISSION NO. 21:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

Denied. Each individual claim for Hurricane Katrina flooding damages turns on its own facts and circumstances and will require individual evaluations of the fault of each defendant, if any, and the damages, if any, associated with the fault of each defendant. Thus, a judgment in one individual action will not have preclusive effect on another individual's action. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 22:

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of the Louisiana Civil Code art. 2317.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Objection. This request is improper as it seeks conclusions of law. Moreover, the term "Canal" is not defined. The referenced canals or drainage outfall canals are comprised of

14

multiple segments, components, structures, and equipment, and this request does not specify to which it is directed. Therefore, this question is vague and ambiguous and cannot be accurately answered as written. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

Depending upon which segment, component, structure, or equipment is at issue, the O.L.D. admits that one or more of the named defendants and other persons had "custody" of a given segment, component, structure, or equipment as of August 29, 2005. In all other respects, denied.

REQUEST FOR ADMISSION NO. 23:

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

The O.L.D. was not a party to any settlements of claims made against the USA by the proposed class members. Therefore, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 24:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 24:</u>

With respect to the O.L.D., admitted. With respect to any other defendant, the O.L.D. was not party to and has no information regarding the status of any settlements and no settlement documents were produced with these discovery requests. Therefore the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. cannot truthfully admit or deny this assertion.

<u>REQUEST FOR ADMISSION NO. 25:</u>

Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 25:</u>

The O.L.D. admits that the proposed class definition as set forth in paragraph 151 of the Master Consolidated Complaint includes those who "sustained damages as a result of inundation/flooding" due to Hurricane Katrina. In all other respects, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," and if so, no information whether this inundation caused each proposed class member damages. Moreover, information regarding whether any individual was "inundated" and whether such inundation caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of

documents within the O.L.D.'s control.  Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

## RESPONSE TO REQUEST FOR ADMISSION NO. 26:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover, the O.L.D. has no knowledge as to the sources of the "initial inundation" for each class member which sources may have included rain, wind-blown rain, overtopping of levees, or drainage facilities that were overwhelmed. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

## RESPONSE TO REQUEST FOR ADMISSION NO. 27:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover, the O.L.D. has no knowledge as to the sources of the "initial inundation" for each class member which sources may have included rain, wind-blown rain, overtopping of levees, or drainage facilities that were

overwhelmed. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 28:

Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

## RESPONSE TO REQUEST FOR ADMISSION NO. 28:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover, the O.L.D. has no knowledge as to the sources of the "initial inundation" for each class member which sources may have included rain, wind-blown rain, overtopping of levees, or drainage facilities that were overwhelmed. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 29:

Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC or both.

## RESPONSE TO REQUEST FOR ADMISSION NO. 29:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover, the O.L.D. has no knowledge as to the sources of the "initial inundation" for each class member which sources may

18

have included rain, wind-blown rain, overtopping of levees, or drainage facilities that were overtopping overwhelmed. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 30:

Every member of Sub-Class Five experienced initial inundation that had as its sources the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC, or any of them.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover, the O.L.D. has no knowledge as to the sources of the "initial inundation" for each class member which sources may have included rain, wind-blown rain, overtopping of levees, or drainage facilities that were overwhelmed. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 31:

The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 31:</u>

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

<u>REQUEST FOR ADMISSION NO. 32:</u>

The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 32:</u>

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D.

21

reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 33:

The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s

22

control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 34:

The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to

23

the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 35:

The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation"

affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 36:

The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub-Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the

25

O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

## RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the Corps, Boh Bros,

26

Eustis, EJLD, M&M, OLD, and/or SWB caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and/or SWB with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and/or SWB is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 38:

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

## RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to

establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and/or SWB caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and/or SWB with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and/or SWB is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 39:

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of Corps, B&K Construction, Burk-Kleinpeter, and/or Gotech caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, B&K Construction, Burk-Kleinpeter, and/or Gotech with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, B&K Construction, Burk-Kleinpeter, and/or Gotech is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the

O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 40:

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

## RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, Corps, OLD, and/or St. Paul caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, OLD, and/or St. Paul with other persons and defendants caused each class

30

member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, OLD, and/or St. Paul is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 41:

Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

## RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple

defendants sued for "inundation" damages. Whether the fault, if any, of Corps, CSX, OLD, PBR, PNO, and/or St. Paul caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, CSX, OLD, PBR, PNO, and/or St. Paul with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, CSX, OLD, PBR, PNO, and/or St. Paul is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 42:

Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant breached a statutory, in a vacuum, is

32

insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether any defendant was at fault for the breach of a statutory duty, and whether that fault caused every proposed class members' damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the defendants with other persons caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 43:

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 43:

The O.L.D. admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in competing and over-lapping class and other actions which present conflicts of interests. These

33

conflicts are particularly acute in these circumstances where defendants with limited assets have been sued by these same counsel in competing and over-lapping class and other actions.

## REQUEST FOR ADMISSION NO. 44:

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 44:

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact in the New Orleans area encompassed by the Class definition. The O.L.D. has no knowledge with respect to whether there have been changes in New Orleans' "social structure" or "cultural heritage," and if so whether or how the proposed class members were damaged due to these changes. Such information is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 45:

Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact on the New Orleans area encompassed by the Class definition. Whether, and to what extent this event contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area is information not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny the remainder of this request.

REQUEST FOR ADMISSION NO. 46:

The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

RESPONSE TO REQUEST FOR ADMISSION NO. 46:

Denied. The O.L.D. has no independent knowledge with respect to the causes of the losses to each proposed class member, and whether the causes of losses for all class members is susceptible to determination on a classwide basis are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. The O.L.D. contends that the causes of losses for the proposed class members cannot be determined on a classwide basis. The O.L.D. has retained and is consulting with experts with respect to these issues, but the experts have not completed their analysis nor issued reports. The O.L.D. objects to production of preliminary opinions or reports of its experts as this disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5). The

O.L.D. will supplement this response in accordance with the expert report requirements of CMO #4.

## REQUEST FOR ADMISSION NO. 47:

The causes of the individual property losses suffered by members of the Class and the Five Sub-Classes are susceptible to proof by way of a class trial.

## RESPONSE TO REQUEST FOR ADMISSION NO. 47:

Denied. The O.L.D. has no independent knowledge with respect to the causes of the property losses to each proposed class member, and whether the causes of losses for all class members is susceptible to determination on a classwide basis are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. The O.L.D. contends that the causes of losses for the proposed class members cannot be determined on a classwide basis. The O.L.D. has retained and is consulting with experts with respect to these issues, but the experts have not completed their analysis nor issued reports. The O.L.D. objects to production of preliminary opinions or reports of its experts as this disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5). The O.L.D. will supplement this response in accordance with the expert report requirements of CMO #4.

## REQUEST FOR ADMISSION NO. 48:

The source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses.

## RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Denied that a single source of "inundation" "affected" every property and that the determination of the sources causing or contributing to damages to property can be made on a classwide basis, but admitted that the sources of "inundation" for individual properties are susceptible to analysis and determination of causation by experts.

## REQUEST FOR ADMISSION NO. 49:

The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

## RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Admitted that the U.S. Army Corps of Engineers was involved in the development of the IPET report. Otherwise, the O.L.D. has no knowledge with respect to other efforts which may have been undertaken by the USA to analyze and determine the sources of "inundation."

## ANSWERS TO FIRST INTERROGATORIES

## INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

37

## ANSWER TO INTERROGATORY NO. 1:

Objection. This interrogatory requests communications protected by the attorney-client privilege and seeks production of attorney work product and preliminary opinions and draft reports of experts specifically protected from disclosure by CMO #4 Sec. II(D)(5). Without waiving the objections, the O.L.D. responds as follows:

(I.)   For each request for admission that was denied, and for each request for admission that was admitted with qualifications, counsel conferred with Stevan Spencer, Director of Hurricane & Flood Protection for the Orleans Levee District, and experts retained on behalf of the O.L.D., Dr. Paul Kuhlmeier, Gregory Rigamer, Michael Truax, Dan Milham, and Dr. James Richardson.

(II.)   Mr. Spencer identified categories of information and data compiled or utilized in the O.L.D.'s ordinary business activities and information known or readily available to the O.L.D. upon reasonable inquiry of persons or review of documents within the O.L.D.'s control. The preliminary opinions of experts consulted by the O.L.D. are specifically protected from disclosure by CMO #4 Sec. II(D)(5).

(III.)   Objection. For each request for admission that was denied, and for each request for admission that was admitted with qualifications, the explanation for the denial or qualification is included within the response. Thus this interrogatory is redundant. Moreover, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft

38

reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

## ANSWER TO INTERROGATORY NO. 2:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

## INTERROGATORY NO. 3:

If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

<u>ANSWER TO INTERROGATORY NO. 3:</u>

The O.L.D. contests whether the class representatives' claims satisfy the "typicality" requirement.

(i) and (ii):   The O.L.D. contends that the sources of the "inundation" for each class member, the parties or persons responsible for the sources, and how those various sources combined to cause inundation, are different across the proposed class area. Moreover, whether the fault, if any, of any defendant caused every proposed class member's property damages or losses, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of defendants and others may have combined to cause property damages are facts that are not known to the O.L.D. at this time. Additionally, the O.L.D. contends that the damages sustained by each class representative are unique, and whether property damage or personal injury, will require individualized proof and analysis.

The O.L.D. has consulted with expert witnesses, Dr. Paul Kuhlmeier, Gregory Rigamer, Michael Truax, Dan Milham, and Dr. James Richardson, with respect to these issues, but these experts have not completed their analyses nor issued reports. The O.L.D. will supplement this response in accordance with the CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

<u>INTERROGATORY NO. 4:</u>

If you contend that the Class Representatives, or any of them, will not fairly and

40

adequately protect the interests of the Class, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

### ANSWER TO INTERROGATORY NO. 4:

The O.L.D. contests whether the class representatives' claims satisfy the "adequacy" requirement.

This interrogatory is premature at this time as there has been no discovery in this regard.

### INTERROGATORY NO. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you. If the answer is "none known at this time" please say so.

### ANSWER TO INTERROGATORY NO. 5:

This interrogatory is premature as claim forms have not been produced and there has been no discovery in this regard.

### INTERROGATORY NO. 6:

Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

### ANSWER TO INTERROGATORY NO. 6:

No. There are no meaningful common questions of fact or law that could serve as a basis for class certification. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).

## INTERROGATORY NO. 7:

Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and (ii) state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

## ANSWER TO INTERROGATORY NO. 7:

This interrogatory is premature as claim forms have not been produced, and there has been no discovery in this regard.

## INTERROGATORY NO. 8:

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-a-vis the members of the Class and five Sub-Classes? If not, please (I) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

## ANSWER TO INTERROGATORY NO. 8:

No - for the reasons outlined in Answer to Interrogatory Nos. 3 and 4, specifically that: (i) the typicality and adequacy prongs are not met due to the various potential causes of the plaintiffs' damages; (ii) the fault, if any, attributable to any defendant or any other person or

entity; and (iii) the overall need of individualized proof of damages. Moreover, common issues do not predominate over issues requiring individualized proof.

With respect to superior procedures, the O.L.D. objects because this interrogatory seeks a conclusion of law. Nevertheless, in a good faith effort to respond, the O.L.D. contends that class certification will not avoid multiple trials to determine causation and damages regarding individual class members. Therefore, the manageability issues inherent in multiple individual trials preclude class certification. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 9:

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

## ANSWER TO INTERROGATORY NO. 9:

Objection. This interrogatory is premature, vague, ambiguous, overly broad and unduly burdensome. The O.L.D. cannot possibly know, nor even anticipate, every difficulty that may be encountered. However, in a good faith and preliminary effort to respond, the O.L.D. identifies the following potential difficulties in manageability:

1.    multiple sources of "inundation";

2.    different persons potentially associated with differing sources of "inundation";

43

3.   differing areas affected by differing sources of "inundation" or combinations of

     sources of "inundation";

4.   individualized damages for each proposed class member;

5.   differing damages claimed by class members; and

6.   the lack of any mathematical or formulaic calculations to determine each

     proposed class members' damages.

The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4.  Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

INTERROGATORY NO. 10:

Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

ANSWER TO INTERROGATORY NO. 10:

Unknown to the O.L.D.

INTERROGATORY NO. 11:

Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which

44

such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

## ANSWER TO INTERROGATORY NO. 11:

Unknown to the O.L.D.

## INTERROGATORY NO. 12:

Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

## ANSWER TO INTERROGATORY NO. 12:

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 13:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

## ANSWER TO INTERROGATORY NO. 13:

Counsel for the O.L.D. has consulted with experts with respect to some of these issues, but the expert evaluations and analyses have not been completed and no reports have been

issued. However, in a good faith preliminary effort to respond: the O.L.D. contends that the potential sources of "inundation" may include rainfall, drainage systems and sewers which were overwhelmed, pump stations, levee over-toppings, and floodwall over-toppings. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

INTERROGATORY NO. 15:

Please identify by name, employer, position, and current professional address each person who assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production.

ANSWER TO INTERROGATORY NO. 15:

The responses were formulated by counsel after consulting with Stevan Spencer and the experts identified below:

Stevan Spencer
Director of Hurricane & Flood Protection
Orleans Levee District
6001 Stars & Stripes Blvd., Suite 202
New Orleans, LA    70126

Dr. James A. Richardson
Public Administration Institute
3200 CEBA Bldng., Louisiana State University
Baton Rouge, LA, 70803

46

Paul Kuhlmeier, Ph.D.
5296 E. Softwood Drive
Boise, ID 83716

Gregory C. Rigamer
GCR & Associates, Inc.
2021 Lakeshore Drive, Suite 100
New Orleans, LA    70122

Michael W. Truax, MAI
Truax Robles & Baldwin Appraisers LLC
3045 Ridgelake Drive
Suite 100
Metairie, Louisiana   70002

Dan Milham
WDSU News Channel 6
846 Howard Ave.
New Orleans, LA    70113

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

None.

### REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

47

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

    None.

**REQUEST FOR PRODUCTION NO. 3:**

    Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

    None.

**REQUEST FOR PRODUCTION NO. 4:**

    Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2-4 above, or any of them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

    This request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. For further answer, see the class certification hearing exhibit list previously submitted. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

**REQUEST FOR PRODUCTION NO. 5:**

    Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

None.

## REQUEST FOR PRODUCTION NO. 6:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 12 above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 7:

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Class definition, or any Sub-Class of it, since August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

REQUEST FOR PRODUCTION NO. 10:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>cause</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

REQUEST FOR PRODUCTION NO. 11:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>process</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the

preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 12:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 13:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally,

to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

### REQUEST FOR PRODUCTION NO. 14:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>duration</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted.  Otherwise, this request is premature.  The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4.  Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

### REQUEST FOR PRODUCTION NO. 15:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>receding</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted.  Otherwise, this request is premature.  The reports of the experts

retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 16:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

54

Submitted,

LABORDE & NEUNER

Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:          (337) 237-7000
FACSIMILE:          (337) 233-9450

and

McCRANIE, SISTRUNK, ANZELMO, HARDY,
Thomas P. Anzelmo, T.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE:          (504) 831-0946
FACSIMILE:          (504) 831-2492
Attorneys for the ORLEANS LEVEE DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon Plaintiffs'

Liaison Counsel, Joseph M. Bruno, and Defendants' Liaison Counsel, Ralph Hubbard, via

electronic transmission on this 30th day of April, 2007.

BEN L. MAYEAUX

55

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO.: 05-4182
                                       SECTION "K" (2)

FILED IN:    05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
             05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
             06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
             06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
             06-5161, 06-5260 06-5162, 06-5771, 06-5937, 07-0206,
             07-0621, 07-1073, 07-1271, 07-1285, 06-5786

PERTAINS TO: MRGO

OBJECTIONS AND ANSWERS TO MRGO PLAINTIFFS' FIRST REQUESTS FOR
ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF
DOCUMENTS REGARDING CLASS CERTIFICATION

In accordance with Fed. R. Civ. P. 33, 34, and 36, and Section (B)(2) of CMO #4, the

Orleans Levee District (O.L.D.) submits these Objections and Answers to the MRGO Plaintiffs'

First Requests for Admission, Interrogatories, and Requests for Production of Documents as

follows:

General Objections

1.      The O.L.D. objects to the extent that these discovery requests seek production of expert

reports in advance of the deadlines set forth in CMO #4, Sec. II (D)(3).

1

2.    The O.L.D. objects to the extent that these discovery requests seek disclosure of draft expert reports, which disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5).

3.    The O.L.D. reserves the right to supplement these responses through its expert reports and briefing relating to class certification as set forth in CMO #4.

## ANSWERS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Each class representative has submitted a Form 95 to the USA.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

The O.L.D. was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the O.L.D. Therefore, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. *Camp v. The Progressive Corp.*, __ F.Supp. __ 2003 WL 21939778, p.3 (E.D. La. 2003) (Answering party may cite lack of information or knowledge as a basis for denying a request for admission if such information is not known or readily available to the party upon reasonable inquiry.); *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ("Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control.").

2

**REQUEST FOR ADMISSION NO. 2:**

The Form 95 submitted by each respective class representative was legally sufficient.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, Copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the O.L.D. Therefore, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 3:**

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class representative.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

The O.L.D. was not a party to any settlements of claims made against the USA by the proposed class representatives. Moreover, neither copies of the Form 95s nor any settlement documents were produced with these discovery requests. Consequently, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of

3

documents within the O.L.D.'s control. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

### REQUEST FOR ADMISSION NO. 4:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any class representative.

### RESPONSE TO REQUEST FOR ADMISSION NO. 4:

With respect to the O.L.D., admitted. With respect to any other defendant, the O.L.D. was not party to any settlements which may have been reached. Moreover, copies of any settlement agreements reached with other parties have not been produced with these discovery requests. Consequently, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Therefore, the O.L.D. cannot truthfully admit or deny this assertion.

### REQUEST FOR ADMISSION NO. 5:

Each class representative has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act).

### RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, copies of the Form 95s purportedly submitted by the proposed class

4

representatives were not attached to these discovery requests nor otherwise provided to the

O.L.D. Therefore, the information sought is not known or readily available to the O.L.D. upon

reasonable inquiry to persons or review of documents within the O.L.D.'s control.

Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 6:

Each class representative suffered some damage as a result of inundation associated with

Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6:

The O.L.D. has no knowledge with respect to whether the proposed class representatives

were "inundated," and if so, no information whether this "inundation" caused damages.

Moreover, information regarding whether any individual was "inundated" and whether such

"inundation" caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business

activities. Therefore, these facts are not known or readily available to the O.L.D. upon

reasonable inquiry to persons or review of documents within the O.L.D.'s control.

Consequently, the O.L.D. is unable to truthfully admit or deny this request at this time.

## REQUEST FOR ADMISSION NO. 7:

Each class representative suffered damage to real property as a result of inundation

associated with Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

The O.L.D. has no knowledge with respect to whether the proposed class representatives

were "inundated," and no information whether this "inundation" caused damages to real

5

property. Moreover, information regarding whether any individual was "inundated" and whether such "inundation" caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 8:

Each class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

The O.L.D. has no knowledge with respect to whether the proposed class representatives were "inundated", and no information whether this "inundation" caused damages to personal property. Moreover, information regarding whether any individual was "inundated" and whether such "inundation" caused damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 9:

Members of the Greater New Orleans Class are so numerous that joinder of all such persons and entities in this action is impracticable.

6

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

REQUEST FOR ADMISSION NO. 10:

Members of the New Orleans East Sub-Class are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

REQUEST FOR ADMISSION NO. 11:

Members of the Lower Ninth Ward & St. Bernard Sub-Class are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

REQUEST FOR ADMISSION NO. 12:

Members of the Greater New Orleans Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses. Therefore, the O.L.D. has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities. Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 13:

Members of the New Orleans East Sub-Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were

8

"dispersed" returned to their homes or businesses.  Therefore, the O.L.D. has no information whether joinder is impracticable.  Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities.  Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 14:

Members of the Lower Ninth Ward and St. Bernard Sub-Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Objection.  This request is improper as it seeks a conclusion of law.  However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members who were "dispersed" returned to their homes or businesses.  Therefore, the O.L.D. has no information whether joinder is impracticable.  Moreover, information regarding these questions is not data compiled or utilized in the O.L.D.'s ordinary business activities.  Consequently, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control, and the O.L.D. is unable to truthfully admit or deny this request.

<u>REQUEST FOR ADMISSION NO. 15:</u>

The filing of an individual civil action for Katrina-related property losses by each member of the Greater New Orleans Class would create the risk of inconsistent or varying adjudications among such actions.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 15:</u>

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

Denied. Each individual claim for Hurricane Katrina flooding damages turns on its own facts and circumstances and will require individual evaluations of the fault of each defendant, if any, and the damages, if any, associated with fault of each defendant. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

<u>REQUEST FOR ADMISSION NO. 16:</u>

The filing of an individual civil action for Katrina-related property losses by each member of the Greater New Orleans Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 16:</u>

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

10

Denied. Each individual claim for Hurricane Katrina flooding damages turns on its own facts and circumstances and will require individual evaluations of the fault of each defendant, if any, and the damages, if any, associated with the fault of each defendant. Thus, a judgment in one individual action will not have preclusive effect on another individual's action. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 17:

As of August 29, 2005, the MRGO was a "thing" over which the USA had "custody" within the meaning of the Louisiana Civil Code art. 2317.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Objection. This request is improper as it seeks a conclusion of law.

REQUEST FOR ADMISSION NO. 18:

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Greater New Orleans Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

The O.L.D. was not a party to any settlements of claims made against the USA by the proposed class members. Therefore, the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

11

<u>REQUEST FOR ADMISSION NO. 19:</u>

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Greater New Orleans Class.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 19:</u>

With respect to the O.L.D., admitted. With respect to any other defendant, the O.L.D. was not party to and has no information regarding the status of any settlements and no settlement documents were produced with these discovery requests. Therefore the information sought is not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. cannot truthfully admit or deny this assertion.

<u>REQUEST FOR ADMISSION NO. 20:</u>

Each member of the Greater New Orleans Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 20:</u>

The O.L.D. admits that the proposed class definition as set forth in paragraph 12 of the Master Consolidated Complaint includes those who "sustained damages as a result of inundation/flooding" due to Hurricane Katrina. In all other respects, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," and if so, no information whether this "inundation" caused each proposed class member damages. Moreover, information

12

regarding whether any individual was "inundated" and whether such "inundation" caused

damages, is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore,

these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons

or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to

truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 21:

Every member of the New Orleans East Sub-Class experienced inundation that had as its

sole source the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

The O.L.D. has no knowledge with respect to whether all proposed class members within

the proposed class geographical boundaries were "inundated." Numerous other factors, which

may have included rain water accumulation, wind-blown rain, overtopping of levees, and

drainage facilities that were overwhelmed, may have been contributing sources of "inundation"

to the class members. The sources of the waters contributing to the "inundation" of each

individual class member and the determination of whether, and if so, to what extent each

potential source contributed to an individual class member's "inundation" is not data compiled or

utilized in the O.L.D.'s ordinary business activities. Therefore, whether the MRGO and/or these

potential other sources contributed solely or in combination to "inundation" experienced by each

class member, and the respective contributions from the MRGO and potential other sources to

each class members' "inundation," are facts which are not known or readily available to the

13

O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 22:

Every member of the New Orleans East Sub-Class experienced inundation that had as one of its sources the MRGO.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Numerous other factors, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the MRGO and/or these potential other sources contributed solely or in combination to "inundation" experienced by each class member, and the respective contributions from the MRGO and potential other sources to each class members' inundation, are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

14

REQUEST FOR ADMISSION NO. 23:

Every member of the New Orleans East Sub-Class has suffered loss or damage due to inundation that had as one of its sources the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," and if so, whether this inundation caused damages. Numerous other factors, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" and damages is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the MRGO and/or these potential other sources contributed solely or in combination to "inundation" and damages experienced by each class member, and the respective contributions from the MRGO and potential other sources to each class members' "inundation" and damages, are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 24:

Every member of the Lower Ninth Ward & St. Bernard Sub-Class experienced inundation that had as its source the IHNC, the MRGO, or both of them.

15

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

      The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Numerous other factors, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the IHNC, the MRGO and/or these potential other sources contributed solely or in combination to "inundation" experienced by each class member, and the respective contributions from the IHNC, the MRGO and potential other sources to each class members' "inundation," are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 25:

      Every member of the Lower Ninth Ward & St. Bernard Sub-Class has suffered loss or damage due to inundation that had as its source the IHNC, the MRGO, or both of them.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

      The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," and if so, whether this

"inundation" caused damages. Numerous other factors, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" and damages is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the IHNC, the MRGO and/or these potential other sources contributed solely or in combination to "inundation" and damages experienced by each class member, and the respective contributions from the IHNC, the MRGO and potential other sources to each class members' "inundation" and damages, are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 26:

The source of inundation affecting any member of the Greater New Orleans Class is a question that is common to every member of the Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

17

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included the configuration of the IHNC, the configuration of the MRGO, rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 27:

The source of inundation affecting any member of the New Orleans East Sub-Class is a question that is common to every member of that Sub-Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included the configuration of the IHNC, the configuration of the MRGO, rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

19

<u>REQUEST FOR ADMISSION NO. 28:</u>

The source of inundation affecting any member of the Lower Ninth & St. Bernard Sub-Class is a question that is common to every member of that Sub-Class.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 28:</u>

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included the configuration of the IHNC, the configuration of the MRGO, rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or

deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 29:

Whether the USA committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of the Greater New Orleans Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the USA caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the USA with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the USA is a "common" issue for all class members are facts which are not known or readily available to

21

the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 30:

Whether the USA violated Louisiana Civil Code article 667, as alleged in Count II of the Complaint, is a question that is common to every member of the Greater New Orleans Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the USA caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the USA with other persons and defendants caused each class member's damages, are facts not compiled

22

or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the USA is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 31:

Whether the Washington Group and/or Orleans and/or Lake Borgne committed the negligent acts and omissions described in Counts III and IV of the Complaint, or either of them, is a question that is common to every member of the Lower Ninth Ward & St. Bernard Sub-Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple

defendants sued for "inundation" damages. Whether the fault, if any, of these defendants caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the these defendants with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of these defendants is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

REQUEST FOR ADMISSION NO. 32:

Whether Orleans committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of the New Orleans East Sub-Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993).

24

Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the O.L.D. caused any proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the O.L.D. with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the O.L.D. is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

### REQUEST FOR ADMISSION NO. 33:

Whether the USA committed the negligent acts and omissions described in Count VI of the Complaint is a question that is common to every member of the Greater New Orleans Class.

### RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to

establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the USA caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the USA with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the USA is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

## REQUEST FOR ADMISSION NO. 34:

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the MRGO PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 34:

The O.L.D. admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in

26

competing and over-lapping class and other actions which present conflicts of interests. These conflicts are particularly acute in these circumstances where defendants with limited assets have been sued by these same counsel in competing and over-lapping class and other actions.

**REQUEST FOR ADMISSION NO. 35:**

Inundation of the properties of the Greater New Orleans Class substantially contributed to the breakdown in social structure and loss of cultural heritage in New Orleans (including the area encompassed by the Greater New Orleans Class definition).

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact on Greater New Orleans. The O.L.D. has no knowledge with respect to whether there have been changes in New Orleans' "social structure" or "cultural heritage," and if so whether or how the proposed class members were damaged due to these changes. Such information is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 36:**

Each member of the Greater New Orleans Class has suffered damages as a result of the breakdown in New Orleans' social structure and loss of cultural heritage.

27

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact on Greater New Orleans. The O.L.D. has no knowledge with respect to whether there have been changes in New Orlean's "social structure" or "cultural heritage," and if so whether or how the proposed class members were damaged due to these changes. Such information is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 37:

Inundation of the properties of the Greater New Orleans Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area (including the area encompassed by the Greater New Orleans Class definition).

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact on Greater New Orleans. Whether, and to what extent this event contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area is information not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny the remainder of this request.

28

REQUEST FOR ADMISSION NO. 38:

Each member of the Greater New Orleans Class has suffered damages as a result of the alteration of the physical, economic, political, social, and psychological character of the New Orleans area (including the area encompassed by the Greater New Orleans Class definition).

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact on Greater New Orleans. Whether, and to what extent there was an alteration of the physical, economic, political, social, and psychological character of the New Orleans area, and whether these circumstances caused damages to every proposed class member, is information not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny the remainder of this request.

REQUEST FOR ADMISSION NO. 39:

The causes of the classwide losses suffered by members of the New Orleans East Sub-Class are susceptible to analysis and determination on a classwide basis.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Denied. The O.L.D. has no independent knowledge with respect to the causes of the losses to each proposed class member, and whether the cause of losses for all class members is susceptible to determination on a classwide basis are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the

29

O.L.D.'s control. The O.L.D. contends that the causes of losses for the proposed class members cannot be determined on a classwide basis. The O.L.D. has retained and is consulting with experts with respect to these issues, but the experts have not completed their analysis nor issued reports. The O.L.D. objects to production of preliminary opinions or reports of its experts as this disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5). The O.L.D. will supplement this response in accordance with the expert report requirements of CMO #4.

## REQUEST FOR ADMISSION NO. 40:

The causes of the classwide losses suffered by members of the Lower Ninth Ward & St. Bernard Sub-Class are susceptible to analysis and determination on a classwide basis.

## RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Denied. The O.L.D. has no independent knowledge with respect to the causes of the losses to each proposed class member, and whether the cause of losses for all class members is susceptible to determination on a classwide basis are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. The O.L.D. contends that the causes of losses for the proposed class members cannot be determined on a classwide basis. The O.L.D. has retained and is consulting with experts with respect to these issues, but the experts have not completed their analysis nor issued reports. The O.L.D. objects to production of preliminary opinions or reports of its experts as this disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5). The

O.L.D. will supplement this response in accordance with the expert report requirements of CMO #4.

## REQUEST FOR ADMISSION NO. 41:

The causes of the individual property losses suffered by members of the Lower Ninth Ward & St. Bernard Sub-Class are susceptible to proof by way of a class trial.

## RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Denied. The O.L.D. has no independent knowledge with respect to the causes of the property losses to each proposed class member, and whether the cause of losses for all class members is susceptible to determination on a classwide basis are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. The O.L.D. contends that the causes of losses for the proposed class members cannot be determined on a classwide basis. The O.L.D. has retained and is consulting with experts with respect to these issues, but the experts have not completed their analysis nor issued reports. The O.L.D. objects to production of preliminary opinions or reports of its experts as this disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5). The O.L.D. will supplement this response in accordance with the expert report requirements of CMO #4.

## REQUEST FOR ADMISSION NO. 42:

The causes of the individual property losses suffered by members of the New Orleans East Sub-Class are susceptible to proof by way of a class trial.

31

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Denied. The O.L.D. has no independent knowledge with respect to the causes of the property losses to each proposed class member, and whether the cause of losses for all class members is susceptible to determination on a classwide basis are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. The O.L.D. contends that the causes of losses for the proposed class members cannot be determined on a classwide basis. The O.L.D. has retained and is consulting with experts with respect to these issues, but the experts have not completed their analysis nor issued reports. The O.L.D. objects to production of preliminary opinions or reports of its experts as this disclosure is specifically protected as attorney work product under CMO #4, Sec. II (D)(5). The O.L.D. will supplement this response in accordance with the expert report requirements of CMO #4.

REQUEST FOR ADMISSION NO. 43:

The source of inundation affecting any given property encompassed by the Lower Ninth Ward & St. Bernard Sub-Class definition is susceptible to analysis and determination by expert witnesses.

RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Denied that a single source of "inundation" "affected" every property and that the determination of the sources causing or contributing to damages to property can be made on a classwide basis, but admitted that the sources of "inundation" for individual properties are susceptible to analysis and determination of causation by experts.

32

REQUEST FOR ADMISSION NO. 44:

      The source of inundation affecting any given property encompassed by the New Orleans East Sub-Class definition is susceptible to analysis and determination by expert witnesses.

RESPONSE TO REQUEST FOR ADMISSION NO. 44:

      Denied that a single source of "inundation" "affected" every property and that the determination of the sources causing or contributing to damages to property can be made on a classwide basis, but admitted that the sources of "inundation" for individual properties are susceptible to analysis and determination of causation by experts.

REQUEST FOR ADMISSION NO. 45:

      The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Greater New Orleans Class definition.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

      Admitted that the U.S. Army Corps of Engineers was involved in the development of the IPET report. Otherwise, the O.L.D. has no knowledge with respect to other efforts which may have been undertaken by the USA analyze and determine the sources of "inundation."

## ANSWERS TO FIRST INTERROGATORIES

INTERROGATORY NO. 1:

      For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in

formulating your response; and **(iii)** an explanation of the basis for your denial or qualification of your response.

## ANSWER TO INTERROGATORY NO. 1:

Objection. This interrogatory requests communications protected by the attorney-client privilege and seeks production of attorney work product and preliminary opinions and draft reports of experts specifically protected from disclosure by CMO #4 Sec. II(D)(5). Without waiving the objections, the O.L.D. responds as follows:

(I.)   For each request for admission that was denied, and for each request for admission that was admitted with qualifications, counsel conferred with Stevan Spencer, Director of Hurricane & Flood Protection for the Orleans Levee District, and experts retained on behalf of the O.L.D., Dr. Paul Kuhlmeier, Gregory Rigamer, Robert Dalrymple, Michael Truax, Dan Milham, Lee Wooten, and Dr. James Richardson.

(II.)   Mr. Spencer identified categories of information and data compiled or utilized in the O.L.D.'s ordinary business activities and information known or readily available to the O.L.D. upon reasonable inquiry of persons or review of documents within the O.L.D.'s control. The preliminary opinions of experts consulted by the O.L.D. are specifically protected from disclosure by CMO #4 Sec. II(D)(5).

(III.)   Objection. For each request for admission that was denied, and for each request for admission that was admitted with qualifications, the explanation for the denial

34

or qualification is included within the response. Thus this interrogatory is redundant. Moreover, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Greater New Orleans Class and/or each of its proposed sub-classes, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

## ANSWER TO INTERROGATORY NO. 2:

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the O.L.D. states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

## INTERROGATORY NO. 3:

If you contend that any one or all of the respective claims set forth by the class representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Greater New Orleans Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which

such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

## ANSWER TO INTERROGATORY NO. 3:

The O.L.D. contests whether the class representatives' claims satisfy the "typicality" requirement.

(i) and (ii):     The O.L.D. contends that the sources of the "inundation" for each class member, the parties or persons responsible for the sources, and how those various sources combined to cause "inundation," are different across the proposed class area. Moreover, whether the fault, if any, of any defendant caused every proposed class member's property damages or losses, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of defendants and others may have combined to cause property damages are factors that are not known to the O.L.D. at this time. Additionally, the O.L.D. contends that the damages sustained by each class representative are unique, and whether property damage or personal injury, will require individualized proof and analysis.

The O.L.D. has consulted with expert witnesses, Dr. Paul Kuhlmeier, Gregory Rigamer, Robert Dalrymple, Michael Truax, Dan Milham, Lee Wooten, and Dr. James Richardson, with respect to these issues, but these experts have not completed their analyses nor issued reports. The O.L.D. will supplement this response in accordance with the CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary

36

opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 4:

If you contend that the class representatives, or any of them, will not fairly and adequately protect the interests of the New Orleans Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

## ANSWER TO INTERROGATORY NO. 4:

The O.L.D. contests whether the class representatives' claims satisfy the "adequacy" requirement.

This interrogatory is premature at this time as there has been no discovery in this regard.

## INTERROGATORY NO. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you. If the answer is "none known at this time" please say so.

## ANSWER TO INTERROGATORY NO. 5:

This interrogatory is premature as claim forms have not been produced and there has been no discovery in this regard.

37

<u>INTERROGATORY NO. 6:</u>

Do you agree that there are some questions of law or fact common to the members Greater New Orleans Class, including the class representatives?

<u>ANSWER TO INTERROGATORY NO. 6:</u>

No.  There are no meaningful common questions of fact or law that could serve as a basis for class certification.  *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).

<u>INTERROGATORY NO. 7:</u>

Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Greater New Orleans Class that you contend would not also affect the class representatives, and (ii) state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

<u>ANSWER TO INTERROGATORY NO. 7:</u>

This interrogatory is premature as claim forms have not been produced, and there has been no discovery in this regard.

<u>INTERROGATORY NO. 8:</u>

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-a-vis the members of the Greater New Orleans Class?  If not, please (i) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

38

## ANSWER TO INTERROGATORY NO. 8:

No - for the reasons outlined in Answer to Interrogatory Nos. 3 and 4, specifically that: (i) the typicality and adequacy prongs are not met due to the various potential causes of the plaintiffs' damages; (ii) the fault, if any, attributable to any defendant or any other person or entity; and (iii) the overall need of individualized proof of damages. Moreover, common issues do not predominate over issues requiring individualized proof.

With respect to superior procedures, the O.L.D. objects because this interrogatory seeks a conclusion of law. Nevertheless, in a good faith effort to respond, class certification will not avoid multiple trials to determine causation and damages regarding individual class members. Therefore, the manageability issues inherent in multiple individual trials should preclude class certification. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 9:

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

## ANSWER TO INTERROGATORY NO. 9:

Objection. This interrogatory is premature, vague, ambiguous, overly broad and unduly burdensome. The O.L.D. cannot possibly know, nor even anticipate, every difficulty that may be

39

encountered. However, in a good faith and preliminary effort to respond, the O.L.D. identifies the following potential difficulties in manageability:

1.  multiple sources of "inundation";

2.  different persons potentially associated with differing sources of "inundation";

3.  differing areas affected by differing sources of "inundation" or combinations of sources of "inundation";

4.  individualized damages for each proposed class member;

5.  differing damages claimed by class members; and

6.  the lack of any mathematical or formulaic calculations to determine each proposed class members' damages.

The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## INTERROGATORY NO. 10:

Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

## ANSWER TO INTERROGATORY NO. 10:

Unknown to the O.L.D.

40

INTERROGATORY NO. 11:

Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

ANSWER TO INTERROGATORY NO. 11:

Unknown to the O.L.D.

INTERROGATORY NO. 12:

Please set forth your best estimate of the number of Form 95s described in Interrogatory No. 10 that have been received by members of the Greater New Orleans Class.

ANSWER TO INTERROGATORY NO. 12:

Unknown to the O.L.D.

INTERROGATORY NO. 13:

Please describe (i) all efforts, if any, to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Greater New Orleans Class, and (ii) describe all results or conclusions derived as a result of such efforts, specifically including in your response any estimate of the number of affected persons and/or structures, and any estimate of monetary damages or losses.

41

ANSWER TO INTERROGATORY NO. 13:

Counsel for the O.L.D. has consulted with experts with respect to some of these issues, but the expert evaluations and analyses have not been completed and no reports have been issued. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

INTERROGATORY NO. 14:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to (i) the geographical area encompassed by the New Orleans East Sub-Class and (ii) the geographical area encompassed by the Lower Ninth Ward & St. Bernard Sub-Class.

ANSWER TO INTERROGATORY NO. 14:

Counsel for the O.L.D. has consulted with experts with respect to some of these issues, but the expert evaluations and analyses have not been completed and no reports have been issued. However, in a good faith preliminary effort to respond: the O.L.D. contends that the potential sources of inundation may include rainfall, drainage systems and sewers which were overwhelmed, pump stations, levee over-toppings, and floodwall over-toppings. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this interrogatory seeks the

mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

INTERROGATORY NO. 15:

Please identify by name, employer, position, and current professional address each person who assisted in the formulation of responses to any of your responses to the MRGO Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production, including in your response (I) the request(s) that each such person assisted in answering, and (ii) a general description of the assistance provided.

ANSWER TO INTERROGATORY NO. 15:

The responses were formulated by counsel after consulting with Stevan Spencer and the experts identified below:

Stevan Spencer
Director of Hurricane & Flood Protection
Orleans Levee District
6001 Stars & Stripes Blvd., Suite 202
New Orleans, LA    70126

Prof. Robert A. Dalrymple
Civil Engineering Dept.
210 Latrobe Hall
Johns Hopkins Univ.
Baltimore MD, 21218

Lee Wooten, P.E.
GEI Consultants, Inc.
400 Unicorn Park Dr.
Woburn MA, 01801

Dr. James A. Richardson
Public Administration Institute
3200 CEBA Bldng.
Louisiana State University
Baton Rouge, LA, 70803

Paul Kuhlmeier, Ph.D.
5296 E. Softwood Drive
Boise, ID 83716

Gregory C. Rigamer
GCR & Associates, Inc.
2021 Lakeshore Drive, Suite 100
New Orleans, LA      70122

Michael W. Truax, MAI
Truax Robles & Baldwin Appraisers LLC
3045 Ridgelake Drive
Suite 100
Metairie, Louisiana  70002

Dan Milham
WDSU News Channel 6
846 Howard Ave.
New Orleans, LA      70113

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens

against the United States Army Corps of Engineers for losses arising in connection with

Hurricane Katrina.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

None.

44

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

None.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

None.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2-4 above, or any of them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

This request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. For further answer, see the class certification hearing exhibit list previously submitted. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of

45

experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 5:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 13 above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 6:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 14 above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

This request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. For further answer, see the class certification hearing exhibit list previously submitted. Finally, to the extent this request seeks the mental impressions or work

46

product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. For further answer, see the class certification hearing exhibit list previously submitted. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Greater New Orleans Class definition, or any part of it, since August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

None. The O.L.D. reserves the right to supplement this response through its expert reports and briefing relating to class certification as set forth in CMO #4. For further answer, see the class certification hearing exhibit list previously submitted. Finally, to the extent this request

47

seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 9:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

## REQUEST FOR PRODUCTION NO. 10:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts

retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

### REQUEST FOR PRODUCTION NO. 11:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the geographical area encompased by the Greater New Orleans Class definition, or any part of it.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

### REQUEST FOR PRODUCTION NO. 12:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompased by the Greater New Orleans Class definition, or any part of it.

49

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

<u>REQUEST FOR PRODUCTION NO. 13:</u>

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>depth</u> of any inundation within the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13:</u>

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

<u>REQUEST FOR PRODUCTION NO. 14:</u>

Please produce a copy of each and every document that discusses, analyzes, depicts,

illustrates, simulates, or otherwise reflects the <u>duration</u> of any inundation within the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

      See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

**REQUEST FOR PRODUCTION NO. 15:**

      Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>receding</u> of any inundation within the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

      See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

51

REQUEST FOR PRODUCTION NO. 16:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Greater New Orleans Class definition, or any part of it.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

Submitted,

LABORDE & NEUNER

Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:      (337) 237-7000
FACSIMILE:       (337) 233-9450

and

McCRANIE, SISTRUNK, ANZELMO, HARDY,
Thomas P. Anzelmo, T.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE:      (504) 831-0946
FACSIMILE:       (504) 831-2492
Attorneys for the ORLEANS LEVEE DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon Plaintiffs'

Liaison Counsel, Joseph M. Bruno, and Defendants' Liaison Counsel, Ralph Hubbard, via

electronic transmission on this 30th day of April, 2007.

BEN L. MAYEAUX

53