UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: ST. PAUL FIRE AND MARINE INSURANCE COMPANY

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

MAY IT PLEASE THE COURT:

Plaintiffs' Management Committee submits that the discovery provided by the St. Paul Fire and Marine Insurance Company defendant is insufficient.

In Interrogatory No. 1 plaintiffs request that for each admission that was denied, defendant produce a list of all persons contacted in formulating its response; a description of information provided and an explanation of the basis for the denial. Defendant objects, stating that the information is privileged or a work product.

Defendant objects to Interrogatory No. 2 stating that it calls for a legal conclusion.

Answers 5, 7, 12 and 13 are also answered with objections.

The purpose of discovery is to allow full disclosure of all information relevant to the issues so that both sides can assist the court in reaching the truth. The scope of discovery is broad and demands a liberal interpretation of legal relevance.

Originally, the Federal Rules of Civil Procedure characterized discovery as a method each side, through negotiation, could use to gain information for the preparation of a case. The 1993 amendments expand the scope of discovery further, however, and impose a duty upon each party to disclose a substantial amount of information.

Federal Rule 33(B) states each interrogatory must be answered separately and fully in writing unless an objection is interposed in lieu of an answer. The answer must include all information within the party's control or known by the party's agent. This includes facts in an attorney's possession and information supplied to the party by others. If no such information is available, the answer may so state. If only some information is available that information must be provided. Rule 34 sets forth the procedures for obtaining access to documents and things.

In *Hansel vs. Shell Oil Corporation* 169 FRD 303, 305 (E.D. Pa 1996). The court stated that a defendant's answer should set forth the efforts used to attempt to obtain the requested information.

The fact that documents are available from another source such as public records is not, by itself, a valid basis for objecting or refusing to produce such documents if they are within the possession, custody or control of the responding party. See *Sabouri vs. Ohio Bureau of Employment Services*, 2000 WL 1620915 and (s.d. Ohio 2000). Plaintiffs' Management Committee submits that the defendant has done an investigation regarding the levee failures and in fact has obtained certain information regarding those failures which can be reflected in their answers to the above mentioned interrogatories.

It is respectfully submitted that this Honorable Court should order the defendant to answer plaintiffs' interrogatories.

      **Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775


**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

 s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com


For

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 31st day of May, 2007.

                                                 /s/ Joseph M. Bruno
                                                  Joseph M. Bruno