UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:       KATRINA CANAL BREACHES     *       CIVIL ACTION
             CONSOLIDATED LITIGATION    *
                                        *       NO. 05-4182
                                        *
PERTAINS TO:                            *       SECTION "K" (2)
05-4181, 05-4182, 05-4191, 05-4568, 05-5237,   *
05-6073, 05-6314, 05-6324, 05-6327, 05-6359,   *
06-0020, 06-1885, 06-0225, 06-0886, 06-11208,  *
06-2278, 06-2287, 06-2346, 06-2545, 06-3529,   *
06-4065, 06-4389, 06-4634, 06-4931, 06-5032,   *
06-5042, 06-5159, 06-5163, 06-5367, 06-5471,   *
06-5771, 06-5786, 06-5937, 06-7682, 07-0206,   *
07-0647, 07-0993, 07-1284, 07-1286, 07-1288,   *
07-1289                                 *
                                        *
PERTAINS TO: LEVEE                      *
                                        *

ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER
TO LEVEE PLAINTIFFS'
FIRST REQUESTS FOR ADMISSION, INTERROGATORIES,
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   All Plaintiffs
*Through Plaintiffs' Liaison Counsel*
Joseph M. Bruno
855 Baronne Street
New Orleans, LA 70113

NOW INTO COURT, through undersigned counsel, comes Defendant St. Paul

Fire and Marine Insurance Company ("St. Paul"), who respectfully responds to the Levee

1



Plaintiffs' First Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

1.    Nothing herein should be construed as an admission by St. Paul concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter contained in plaintiffs' discovery.

2.    St. Paul does not in any manner waive nor intend to waive any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

3.    St. Paul does not in any manner waive nor intend to waive any objections or defenses and objections to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

4.    St. Paul's search for documents and information is ongoing. St. Paul reserves the right to rely on any facts, documents or other evidence which may develop or come to St. Paul's attention at a later date. St. Paul's responses are based on information presently known to St. Paul and its attorneys and are set forth without prejudice to St. Paul's right to assert additional objections or supplemental responses should St. Paul discover additional documents, information or grounds for objections. St. Paul reserves the right to supplement or amend these responses at any time before trial of this action.

2

## GENERAL OBJECTIONS

The General Objections set forth below apply to each Plaintiffs' Requests for Admissions, Interrogatories and Requests for Production of Documents as if each such General Objection was set forth in the response. In providing responses, St. Paul does not in any manner waive or intend to waive any objections or defenses and is preserving:

1.   All objections and judicial defenses in this action;

2.   All objections as to the competency, relevancy, materiality, and admissibility of any documents or information provided; and

3.   All rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

Subject to the above, St. Paul sets forth the following General Objections:

A.   St. Paul objects to each and every Interrogatory and/or Request to the extent it seeks or could be construed to seek information subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege. Privileged information responsive to a particular interrogatory and/or request will not be provided. St. Paul does not waive and intends to preserve and is preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege with respect to such information. None of St. Paul specific responses to any Interrogatory and/or Request shall be construed to mean that St. Paul intends to produce privileged information. Any inadvertent disclosure of privileged information shall not constitute a waiver of any otherwise valid

claim of privilege as to that document or communication or any other document or communication so protected.

B.   St. Paul objects to each and every Interrogatory and/or Request to the extent it seeks disclosure of confidential or sensitive business information or documents, and St. Paul will only produce such information subject to an appropriate confidentiality stipulation and/or protective order entered into by the parties.

C.   St. Paul objects to each and every Interrogatory and/or Request to the extent it seeks information or documents in the possession, custody or control of Plaintiffs.

D.   St. Paul objects to each and every Interrogatory and/or Request to the extent it seeks information or documents that are not in St. Paul's possession, custody or control.

E.   St. Paul objects to each and every Interrogatory and/or Request on the grounds and to the extent it inquires about any matter that is irrelevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

F.   St. Paul objects to each and every Interrogatory and/or Request on the grounds and to the extent it is overly broad, vague, ambiguous, unclear, imprecise, ill-defined, misleading, burdensome, repetitive, overlapping, and/or oppressive.

4

## RESPONSES TO REQUESTS FOR ADMISSION

Defendant, ("St. Paul") respectfully responds to Plaintiffs' Requests for Admission as follows:

### REQUEST FOR ADMISSION NO. 1:

Each class representative, including sub-class representatives has submitted a Form 95 to the Corps.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Request No. 1 does not appear to be directed to defendant St. Paul.  To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from the United States Government to which the defendant St. Paul is not privy.  St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to that objection St. Paul states that it has made a reasonable inquiry and that the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the Request.

### REQUEST FOR ADMISSION NO. 2:

The Form 95 submitted by each respective class and sub-class representative is legally sufficient.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2

Request No. 2 does not appear to be directed to defendant St. Paul.  To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from the United States Government to which the defendant St. Paul is not privy.  St. Paul further objects to the Request in that it calls for a legal conclusion.  St.

Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul states that it has made a reasonable inquiry and that the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the Request.

## REQUEST FOR ADMISSION NO. 3:

The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3

Request No. 2 does not appear to be directed to defendant St. Paul. To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from the United States Government to which the defendant St. Paul is not privy. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul states that it has made a reasonable inquiry and that the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the Request.

## REQUEST FOR ADMISSION NO. 4:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Objection. The Request is overly broad, unduly burdensome, and vague and ambiguous. Specifically, "Katrina-related" and "claim," have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written. Specifically, St. Paul has not paid, settled, or otherwise resolved, in whole or in party, any claim as alleged in plaintiffs' Levee Master Complaint in its capacity as insurer for the Board of Commissioners for the Orleans Levee District.

REQUEST FOR ADMISSION NO. 5:

Each class and sub-class representative has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act).

RESPONSE TO REQUEST FOR ADMISSION NO. 5

Objection. The Request calls for a legal conclusion. In further objection, the Request is vague and ambiguous. Specifically, the terms "conditions" and "precedent" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 6:

Each class and sub-class representative suffered some damage as a result of inundation associated with Hurricane Katrina.

RESPONSE TO REQUEST FOR ADMISSION NO. 6

Objection.  St. Paul objects that the Request is vague and ambiguous.
Specifically, the term "some" and "damage" have not been properly defined.  St. Paul
further objects for the reasons stated in the General Objections above, which objections
are incorporated herein by reference.   Subject to said objection(s) to the extent that a
response is deemed necessary, St. Paul is without information or knowledge to admit or
deny this Request.  At this point in the litigation, the proposed class and sub-class
representatives have not responded to defendants' written discovery or been deposed.
Consequently, St. Paul denies the Request for lack of information.

**REQUEST FOR ADMISSION NO. 7:**

Each class and sub-class representative suffered damage to real property as a
result of inundation associated with Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Objection.  St. Paul objects that the Request is vague and ambiguous.
Specifically, the terms "real property" and "damage" have not been properly defined.  St.
Paul further objects for the reasons stated in the General Objections above, which
objections are incorporated herein by reference.   Subject to said objection(s) to the extent
that a response is deemed necessary, St. Paul is without information or knowledge to
admit or deny this Request.  At this point in the litigation, the proposed class and sub-
class representatives have not responded to defendants' written discovery or been
deposed.  Consequently, St. Paul denies the Request for lack of information.

**REQUEST FOR ADMISSION NO. 8:**

Each class and sub-class representative suffered damage to personal property as a
result of inundation associated with Hurricane Katrina.

8

### RESPONSE TO REQUEST FOR ADMISSION NO. 8

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the term "personal property" has not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request. At this point in the litigation, the proposed class and sub-class representatives have not responded to defendants' written discovery or been deposed. Consequently, St. Paul denies the Request for lack of information.

### REQUEST FOR ADMISSION NO. 9:

Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

### RESPONSE TO REQUEST FOR ADMISSION NO. 9

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "numerous" and "impracticable" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

### REQUEST FOR ADMISSION NO. 10:

Members of Sub-Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

### RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "numerous" and "impracticable" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

## REQUEST FOR ADMISSION NO. 11:

Members of Sub-Class Two are so numerous that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 11

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "numerous" and "impracticable" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

## REQUEST FOR ADMISSION NO. 12:

Members of Sub-Class Three are so numerous that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 12

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "numerous" and "impracticable" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which

objections are incorporated herein by reference.   Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

**REQUEST FOR ADMISSION NO. 13:**

Members of Sub-Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Objection.  St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "numerous" and "impracticable" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

**REQUEST FOR ADMISSION NO. 14:**

Members of Sub-Class Five are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Objection.  St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "numerous" and "impracticable" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 15:

Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "geographically" and "dispersed" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 15:

Members of Sub-Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Objection. St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "geographically" and "dispersed" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 16:

Member of Sub-Class Two are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

12

RESPONSE TO REQUEST FOR ADMISSION NO. 16

Objection.  St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "geographically" and "dispersed" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 17:

Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 17

Objection.  St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "geographically" and "dispersed" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 18:

Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 18

Objection.  St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "geographically" and "dispersed" have not been properly defined.

13

St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 19:

Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 19

Objection.  St. Paul objects that the Request is vague and ambiguous. Specifically, the terms "geographically" and "dispersed" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

REQUEST FOR ADMISSION NO. 20:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

RESPONSE TO REQUEST FOR ADMISSION NO. 20

Objection.  St. Paul objects that the request calls for legal conclusion and speculation. St. Paul further objects that the Request is vague and ambiguous. Specifically, the terms "property losses," "risk," "inconsistent," and "varying," have not been properly defined. St. Paul further objects for the reasons stated in the General

14

Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

## REQUEST FOR ADMISSION NO. 21:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impeded the ability of some class members to protect their interests.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Objection. St. Paul objects that the request calls for legal conclusion and speculation. St. Paul further objects that the Request is vague and ambiguous. Specifically, the terms "property losses," "risk," "adjudications," "impair," "impede" "protect" and "interests" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul denies the Request for Admission as written.

## REQUEST FOR ADMISSION NO. 22:

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22

Objection. St. Paul objects that the request calls for legal conclusion. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objections, and to the extent that a

response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request as to any of the other Defendants. St. Paul denies that it had "custody," within the meaning of Louisiana Civil Code art. 2317, over the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, or the IHNC.

## REQUEST FOR ADMISSION NO. 23:

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 23

Request No. 23 does not appear to be directed to defendant St. Paul. To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from the United States Government to which defendant St. Paul is not privy. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objections, and to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request.

## REQUEST FOR ADMISSION NO. 24:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24

Objection. The Request is overly broad, unduly burdensome, and vague and ambiguous. Specifically, "Katrina-related" and "claim," have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent

that a response is deemed necessary, St. Paul denies the Request for Admission as written. Specifically, St. Paul has not paid, settled, or otherwise resolved, in whole or in party, any claim as alleged in plaintiffs' Levee Master Complaint in its capacity as insurer for the Board of Commissioners for the Orleans Levee District.

**REQUEST FOR ADMISSION NO. 25:**

Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

Objection. The Request is overly broad, unduly burdensome, and vague and ambiguous. Specifically, "some," "damage," and "result of" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul states that it has made a reasonable inquiry and that the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the Request. In further answer, upon information and belief St. Paul denies that each person in the geographical area for the proposed Greater New Orleans Class has suffered some damage as a result of Hurricane Katrina.

**REQUEST FOR ADMISSION NO. 26:**

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Objection. The Request is vague and ambiguous. Specifically, "experienced," "initial," and "sources" have not been properly defined. St. Paul further objects for the

reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experience initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

### RESPONSE TO REQUEST FOR ADMISSION NO. 27

Objection.  The Request is vague and ambiguous.  Specifically, "experienced," "initial," and "sources" have not been properly defined.  St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 28:

Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

### RESPONSE TO REQUEST FOR ADMISSION NO. 28:

Objection.  The Request is vague and ambiguous.  Specifically, "experienced," "initial," and "sources" have not been properly defined.  St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 29:

Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

### RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Objection. The Request is vague and ambiguous. Specifically, "experienced," "initial," and "sources" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 30:

Every member of Sub-Class Five experienced initial inundation that had as its sources the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC, or any of them.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30

Objection. The Request is vague and ambiguous. Specifically, "experienced," "initial," and "sources" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 31:

The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "source," "affecting" "question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 32:

The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "source," "affecting" "question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 33:

The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "source," "affecting" "question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 34:

The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "source," "affecting"

"question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 35:

The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "source," "affecting" "question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 36:

The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub-Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "source," "affecting" "question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

## REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Class One, Two and Five.

## RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Request No. 37 does not appear to be directed to defendant St. Paul. To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from other parties to which defendant St. Paul is not privy. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request. At this point in the litigation, the proposed class representatives have not responded to defendants' written discovery or been deposed. Consequently, St. Paul denies the Request for lack of information.

## REQUEST FOR ADMISSION NO. 38:

Whether the Corps, Boh Bros, Eustis, ELJD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

## RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Request No. 38 does not appear to be directed to defendant St. Paul. To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from other parties to which defendant St. Paul is not privy. St. Paul further objects for the reasons stated in the General Objections above, which objections

22

are incorporated herein by reference.  Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request.  At this point in the litigation, the proposed class representatives have not responded to defendants' written discovery or been deposed.  Consequently, St. Paul denies the Request for lack of information.

**REQUEST FOR ADMISSION NO. 39:**

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Class One, Three and Five.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Request No. 39 does not appear to be directed to defendant St. Paul.  To the extent said Request is deemed directed to St. Paul, it objects to this Request in that it seeks information from other parties to which defendant St. Paul is not privy.  St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request.  At this point in the litigation, the proposed class representatives have not responded to defendants' written discovery or been deposed.  Consequently, St. Paul denies the Request for lack of information.

**REQUEST FOR ADMISSION NO. 40:**

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

23

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

St. Paul objects to this interrogatory for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request. At this point in the litigation, the proposed class representatives have not responded to defendants' written discovery or been deposed. Consequently, St. Paul denies the Request for lack of information.

**REQUEST FOR ADMISSION NO. 41:**

Whether the Corps, CSX, OLD, PRB, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

**RESPONSES TO REQUEST FOR ADMISSION NO. 41:**

St. Paul objects to this interrogatory for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) to the extent that a response is deemed necessary, St. Paul is without information or knowledge to admit or deny this Request. At this point in the litigation, the proposed class representatives have not responded to defendants' written discovery or been deposed. Consequently, St. Paul denies the Request for lack of information.

**REQUEST FOR ADMISSION NO. 42:**

Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 23115, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

24

Objection. The Request calls for legal conclusion and analysis. St. Paul further objects that the Request is vague and ambiguous. Specifically, "individually," "alone" "together," "in concert," "question" and "common" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. At this point in the litigation, the proposed class representatives have not responded to defendants' written discovery or been deposed. Subject to the foregoing objections, St. Paul denies the Request for lack of information.

### REQUEST FOR ADMISSION NO. 43:

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

### RESPONSE TO REQUEST FOR ADMISSION NO. 43

Objection. The Request calls for legal conclusion and analysis and improper comment on the Judge's prior ruling(s). St. Paul further objects that the Request is vague and ambiguous. Specifically, the terms "PSLC," "competent," "fairly," "adequately," "protect," and "interests" have not been properly defined. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 44:

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

25

RESPONSE TO REQUEST FOR ADMISSION NO. 44

Objection.  The Request is vague and ambiguous.  Specifically, the terms "contributed," "breakdown in social structure," and "loss of cultural heritage" have not been properly defined.  St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) St. Paul denies the Request as written.

REQUEST FOR ADMISSION NO. 45:

Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

RESPONSE TO REQUEST FOR ADMISSION NO. 45

Objection.  The Request is vague and ambiguous.  Specifically, the terms "contributed," "breakdown in social structure," and "loss of cultural heritage" have not been properly defined.  St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection(s) St. Paul denies the Request as written.

REQUEST FOR ADMISSION NO. 46:

The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

RESPONSE TO REQUEST FOR ADMISSION NO. 46

Objection.  The Request calls for legal conclusion and analysis.  St. Paul further objects to this Request because it improperly assumes that proposed members of the Class and Five Sub-Classes suffered "classwide losses."  St. Paul further objects that the

Request is vague and ambiguous.  Specifically, the terms "classwide," "losses,"

"analysis," and "determination" have not been properly defined.  St. Paul further objects

for the reasons stated in the General Objections above, which objections are incorporated

herein by reference.  Subject to said objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 47:

The causes of the individual property losses suffered by members of the Class and

the five Sub-Classes are susceptible to proof by way of a class trial.

### RESPONSE TO REQUEST FOR ADMISSION NO. 47

Objection.  The Request calls for legal conclusion and analysis.  St. Paul further

objects to this Request because it improperly assumes that proposed members of the

Class and the five Sub-Classes suffered individual property losses.  St. Paul further

objects that the Request is vague and ambiguous.  Specifically, the term "susceptible" has

not been properly defined.  St. Paul further objects for the reasons stated in the General

Objections above, which objections are incorporated herein by reference.  Subject to said

objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 48:

The source of inundation affecting any given property encompassed by the Class

or five Sub-Classes is susceptible to analysis and determination by expert witnesses.

### RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Objection.  The Request calls for legal conclusion and analysis.  St. Paul further

objects that the Request is vague and ambiguous.  Specifically, the terms "source,"

"affecting," "any given," "property," "encompassed," "analysis," "determination," and

"expert witnesses" have not been properly defined.  The Request further fails to specify

the type of expert witness or his or her respective qualifications. St. Paul further objects
for the reasons stated in the General Objections above, which objections are incorporated
herein by reference.   Subject to said objection(s) St. Paul denies the Request as written.

### REQUEST FOR ADMISSION NO. 49:

The USA has undertaken efforts to analyze and determine the source or sources of
inundation affecting properties encompassed by the Class and five Sub-Classes.

### RESPONSE TO REQUEST FOR ADMISSION NO. 49

This request does not appear to be directed to St. Paul.  To the extent a Response
is deemed necessary, St. Paul objects that the Request is vague and ambiguous.
Specifically, the terms "undertaken," "efforts," "analyze," "determine," "source(s),"
"affecting," and "encompassed," have not been properly defined.  St. Paul further objects
for the reasons stated in the General Objections above, which objections are incorporated
herein by reference.   Subject to said objection(s) St. Paul denies the Request as written.

### ANSWERS TO LEVEE CLASS PLAINTIFFS' FIRST INTERROGATORIES

Defendant, ("St. Paul") respectfully responds to Class Plaintiffs' First
Interrogatories as follows:

### INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your
answer, please provide the following: (I) a list of all persons, by name and title, you
contacted in formulating your response; (ii) a description of the information they
provided to you in formulating your response; and (iii) an explanation of the basis for
your denial or qualification of your response.

### ANSWER TO INTERROGATORY NO. 1

Objection. Interrogatory calls for privileged and/or work product information. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. In further response, an explanation of the basis for each denial or qualification of the responses to Plaintiff's extensive list of Requests for Admission is contained in each individual response and requires no further explanation here.

## INTERROGATORY NO. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

## ANSWER TO INTERROGATORY NO. 2:

Objection. Interrogatory calls for legal conclusion and analysis. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

St. Paul also objects because this interrogatory improperly accelerates the September 28, 2007 deadline (established by the Court in Case Management Order #4) for St. Paul to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having St. Paul declare its position on the numerosity requirement of Federal Rule of Civil Procedure 23 before St. Paul has seen plaintiffs' brief and evidence in support of their motion for class certification.

## INTERROGATORY NO. 3:

If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

ANSWER TO INTERROGATORY NO. 3:

Objection. Interrogatory calls for legal conclusion and analysis, and is premature because discovery in the case has just begun. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

St. Paul also objects because this interrogatory improperly accelerates the September 28, 2007 deadline (established by the Court in Case Management Order #4) for St. Paul to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having St. Paul declare its position on the typicality requirement of Federal Rule of Civil Procedure 23 before St. Paul has seen plaintiffs' brief and evidence in support of their motion for class certification.

Furthermore, St. Paul objects to the interrogatory because it improperly invades the attorney-client privilege and violates the opinion-work-product doctrine; while directed to St. Paul, the interrogatory can only be answered by St. Paul's litigation counsel.

Subject to the foregoing objections, St. Paul will contend that the named plaintiffs do not satisfy the typicality requirement of Federal Rule of Civil Procedure 23 because

their proofs will not be representative or typical of any other proposed class members. Furthermore, with respect to subparts (i) and (ii) of this interrogatory, St. Paul states that each of the named plaintiffs possesses facts demonstrating that their proofs are applicable only to themselves and not to any other proposed class member.

Each proposed class member is uniquely situated, and the nature of each proposed class member's injury/injuries will vary depending on the location of the property, the nature of the alleged injuries, and the circumstances causing the alleged injury/injuries. For example, the proofs that will be needed to determine the claims of named plaintiff Henry Davis, living near Lake Pontchartrain in New Orleans East, will not be typical of those of a proposed class member living near the Industrial Canal, or of another proposed class member who lives near the Gulf Intracoastal Waterway. Similarly, named plaintiffs Kenneth Paul Armstrong, Sr. and Jeannine B. Armstrong, living near the Forty Arpent Levee, would not have proofs typical of a proposed class member living on the far east side of St. Bernard Parish near the Mississippi River-Gulf Outlet. As Judge Feldman recently held:

> Each property owner . . . who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars, depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage. Thus, at least with respect to the issue of damages, each individual claim will require particular evidence to establish the cause of and the extent of the loss.

*Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *3 (E.D. La. Jan. 17, 2007).

Furthermore, a proposed class member who has only suffered damage to real property would not be typical of another proposed class member who has suffered only personal injury. Similarly, some proposed class members will be subject to unique defenses, while others will not. Finally, the claim of a named plaintiff who satisfied the administrative-filing requirements of the Federal Tort Claims Act would not be typical of other proposed class members who did not. As a Circuit Court has explained: the "premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). There is no typicality when a "named plaintiff who proved his own claim *would not have proved anybody else's claim.*" *Id.*

## INTERROGATORY NO. 4:

If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts including which such facts each witness possesses.

## ANSWER TO INTERROGATORY NO. 4:

Objection. Interrogatory calls for legal conclusion and analysis. St. Paul further objects to this interrogatory as premature because discovery in the case has just begun. Plaintiffs have not yet been deposed or responded to defendants' class discovery and discovery has not yet been taken of co-defendants or third parties. St. Paul should not be required to determine and state its class-opposition arguments now, when discovery is still ongoing. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

St. Paul also objects because this interrogatory improperly accelerates the September 28, 2007 deadline (established by the Court in Case Management Order #4) for St. Paul to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having St. Paul declare its position on the adequacy requirement of Federal Rule of Civil Procedure 23 before St. Paul has seen plaintiffs' brief and evidence in support of their motion for class certification.

Furthermore, St. Paul objects to the interrogatory because it improperly invades the attorney-client privilege and violates the opinion-work-product doctrine; while directed to St. Paul, the interrogatory can only be answered by St. Paul's litigation counsel.

Subject to the foregoing objections, St. Paul will contend that the named plaintiffs do not satisfy the adequacy requirement of Federal Rule of Civil Procedure 23 because of the enormous conflicts within the very large and diverse class proposed by plaintiffs. With respect to subparts (i) and (ii) of this interrogatory, each of the named plaintiffs, and each proposed class member, possesses facts demonstrating these conflicts within the class.

For example, some of the proposed class members will satisfy the administrative-filing requirements to pursue a claim under the Federal Tort Claims Act, while other proposed class members will not. Another conflict will exist between proposed class members who suffered only real property damage compared to those who suffered only personal injuries. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (quotation marks omitted). A further conflict will

33

occur between proposed class members who filed or have a claim for property damage resulting from the wind, as opposed to proposed class members who allege damage from the flood waters. *See, Weiss v. Allstate Ins. Co.*, No. 06-3774 Section "R" (5), 2007 U.S. Dist. LEXIS 28022, at *6 (E.D. La. Apr. 9, 2007).

## INTERROGATORY NO. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representatives' claim against you. If the answer is "none known at this time" please say so.

## ANSWER TO INTERROGATORY NO. 5:

Objection. The Interrogatory as written is vague and ambiguous and grammatically incorrect and confusing. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. In further answer, St. Paul incorporates by reference each and every affirmative defense alleged in its Answer to any of the individual plaintiff's petitions and its answer to the Master Class Action Complaint.

## INTERROGATORY NO. 6:

Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

## ANSWER TO INTERROGATORY NO. 6

Objection. Interrogatory calls for legal conclusion and analysis. St. Paul further objects for the reasons stated in the General Objections above, which objections are

incorporated herein by reference.  Subject to said objection, St. Paul contends that there are no meaningful common questions of fact or law, as that term is used in Federal Rule of Civil Procedure 23 that could serve as the basis for representative litigation.  *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (explaining that "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality.  What we are looking for is a common issue the resolution of which will advance the litigation.").

<u>INTERROGATORY NO. 7:</u>

Based upon the claims forms and/or all other information received to date, including the Complaint, please (1) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and (ii) state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

<u>ANSWER TO INTERROGATORY NO. 7:</u>

Objection.  Interrogatory calls for legal conclusion and analysis.  St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

St. Paul further objects to this interrogatory as premature because discovery in the case has just begun.  Plaintiffs have not yet been deposed or responded to defendants' class discovery, and discovery has not yet been taken of St. Paul's co-defendants or third parties.  Nor has St. Paul received any "claim forms."  St. Paul should not be required to determine and state its class-opposition arguments now, when discovery is still ongoing.

St. Paul also objects because this interrogatory improperly accelerates the September 28, 2007 deadline (established by the Court in Case Management Order #4) for St. Paul to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having St. Paul declare its position on the predominance requirement of Federal Rule of Civil Procedure 23 before St. Paul has seen plaintiffs' brief and evidence in support of their motion for class certification.

St. Paul further objects to the interrogatory because Federal Rule of Civil Procedure 23 places the burden of proof on the named plaintiffs to establish that common questions predominate over individual issues; it is not the defendants' burden to show the contrary, and the interrogatory thus subverts the burden of proof requirements of Federal Rule of Civil Procedure 23.

Furthermore, St. Paul objects to the interrogatory because it improperly invades the attorney-client privilege and violates the opinion-work-product doctrine; while directed to St. Paul, the interrogatory can only be answered by St. Paul's litigation counsel.

## INTERROGATORY NO. 8:

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-à-vis the members of the Class and five Sub-Classes? If not, please (I) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

## ANSWER TO INTERROGATORY NO. 8

36

Objection. Interrogatory calls for legal conclusion and analysis. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

St. Paul further objects to this interrogatory as premature because discovery in the case has just begun. Plaintiffs have not yet been deposed or responded to defendants' class discovery, and discovery has not yet been taken of St. Paul's co-defendants or third parties. Nor has St. Paul received any "claim forms." St. Paul should not be required to determine and state its class-opposition arguments now, when discovery is still ongoing.

St. Paul also objects because this interrogatory improperly accelerates the September 28, 2007 deadline (established by the Court in Case Management Order #4) for St. Paul to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having St. Paul declare its position on the predominance requirement of Federal Rule of Civil Procedure 23 before St. Paul has seen plaintiffs' brief and evidence in support of their motion for class certification.

St. Paul further objects to the interrogatory because Federal Rule of Civil Procedure 23 places the burden of proof on the named plaintiffs to establish that common questions predominate over individual issues; it is not the defendants' burden to show the contrary, and the interrogatory thus subverts the burden of proof requirements of Federal Rule of Civil Procedure 23.

Furthermore, St. Paul objects to the interrogatory because it improperly invades the attorney-client privilege and violates the opinion-work-product doctrine; while directed to St. Paul, the interrogatory can only be answered by St. Paul's litigation counsel.

### INTERROGATORY NO. 9:

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

### ANSWER TO INTERROGATORY NO. 9

Objection. Interrogatory calls for legal conclusion and analysis. The Interrogatory further calls for a response which is highly speculative. St. Paul further objects to the interrogatory because Federal Rule of Civil Procedure 23 places the burden of proof on the named plaintiffs to establish that a class-action trial would be manageable; it is not the defendants' burden to show the contrary, and the interrogatory thus subverts the burden of proof requirements of Federal Rule of Civil Procedure 23. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

### INTERROGATORY NO. 10:

Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

### ANSWER TO INTERROGATORY NO. 10

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul responds that it is not in possession of the information requested and is not currently privy to the information requested of the Army Corps of Engineers or the United States Government.

INTERROGATORY NO. 11:

Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information existed, e.g., database, spreadsheet, physical repository, etc.

ANSWER TO INTERROGATORY NO. 11:

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul responds that it is not in possession of the information requested and is not currently privy to the information requested of the Army Corps of Engineers or the United States Government.

INTERROGATORY NO. 12:

Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

ANSWER TO INTERROGATORY NO. 12:

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul responds that it has not produced any reports or analysis estimating the population of the geographical area covered by the Class.

## INTERROGATORY NO. 13:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Class (e.g., flooded solely by one water source, flooded by commingled sources).

## ANSWER TO INTERROGATORY NO. 13:

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul responds that has no expertise in the area of "inundation" and is not qualified to respond to the Interrogatory as posed.

## INTERROGATORY NO. 15:

Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production.

## ANSWER TO INTERROGATORY NO. 15:

Objection.   Interrogatory calls for information which is privileged and/or work product. St. Paul further objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.   Subject to said objection,

1.     Joseph Guichet
       Rachel Meese
       Lugenbuhl, Wheaton, Peck, Rankin and Hubbard
       601 Poydras Street, Suite 2775
       New Orleans, LA  70130

2.   Ms. Darnelle Phillips
St. Paul Travelers
111 Schilling Road
Hunt Valley, Maryland 21031

## RESPONSES TO LEVEE CLASS PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, ("St. Paul") respectfully responds to Class Plaintiffs' First Set of

Requests for Production of Documents as follows:

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce a copy of every Form 95s that sets forth a claim by any Louisiana

citizens against the United States Army Corps of Engineers for losses arising in

connection with Hurricane Katrina.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT 1:

Objection.   St. Paul objects for the reasons stated in the General Objections

above, which objections are incorporated herein by reference.  Subject to said objection,

St. Paul does not believe that this Interrogatory is directed to it, but to the extent an

answer is deemed necessary, St. Paul is not in possession of any Form 95s.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Please produce a copy of all electronic files, databases, spreadsheets or other

documents that sort, collate, organize, categorize, or deal in some similar fashion with the

Form 95s, or any of them, identified in the preceding request and /or any information

contained in such Form 95s.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO. 2:

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul is not in possession of any Form 95s or documents organizing same.

## REQUEST FOR PRODUCTION OF DOCUMENT NO. 3:

Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO. 3

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul is not in possession of any Form 95s or any documents calculating dollar amount(s) of same.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2-4 above, or any of them.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Objection.   St. Paul objects for the reasons stated in the General Objections above, which objections are incorporated herein by reference.  Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5**

Please refer to St. Paul's Answer to Interrogatory No. 11 above, said answer is incorporated herein by reference. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference. Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul did not consult, obtain, or generate any document other than these responses in response to Interrogatory No. 11 above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 12 above.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO. 6**

Please refer to St. Paul's Answer to Interrogatory No. 12 above, said answer is incorporated herein by reference. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference. Subject to said objection, St. Paul does not believe that this Interrogatory is directed to it, but to the extent an answer is deemed necessary, St. Paul did not consult, obtain, or generate any document other than these responses in response to Interrogatory No. 12 above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Class definition, or any Sub-Class of it.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Objection.  Request for Production is overly burdensome, vague and ambiguous and requests documents which are public record or already available to Plaintiffs. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Please produce a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Class definition, or any Sub-Class of it, since August 29, 2005.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Objection.  Request for Production is overly burdensome, vague and ambiguous and requests documents which are public record or already available to Plaintiffs. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9

Objection. Request for Production calls for documents which are protected by attorney/client privilege and/or work product privilege. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

Further, St. Paul objects to this Request to the extent it seeks documents such as the IPET Report, Team Louisiana Report, etc. that are available through public sources and already in the possession of plaintiffs, as disclosed in Plaintiffs' Initial Disclosures submitted herein on April 16, 2007. Beyond these publicly available documents already in plaintiffs' possession, St. Paul has no documents that are responsive to this Request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10

Objection. Request for Production calls for documents which are protected by attorney/client privilege and/or work product privilege. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

Further, St. Paul objects to this Request to the extent it seeks documents such as the IPET Report, Team Louisiana Report, etc. that are available through public sources and already in the possession of plaintiffs, as disclosed in Plaintiffs' Initial Disclosures submitted herein on April 16, 2007. Beyond these publicly available documents already in plaintiffs' possession, St. Paul has no documents that are responsive to this Request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Objection. Request for Production calls for documents which are protected by attorney/client privilege and/or work product privilege. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

Further, St. Paul objects to this Request to the extent it seeks documents such as the IPET Report, Team Louisiana Report, etc. that are available through public sources and already in the possession of plaintiffs, as disclosed in Plaintiffs' Initial Disclosures submitted herein on April 16, 2007. Beyond these publicly available documents already in plaintiffs' possession, St. Paul has no documents that are responsive to this Request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12

Objection. Request for Production calls for documents which are protected by attorney/client privilege and/or work product privilege. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

Further, St. Paul objects to this Request to the extent it seeks documents such as the IPET Report, Team Louisiana Report, etc. that are available through public sources and already in the possession of plaintiffs, as disclosed in Plaintiffs' Initial Disclosures submitted herein on April 16, 2007. Beyond these publicly available documents already in plaintiffs' possession, St. Paul has no documents that are responsive to this Request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

. Please produce each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>depth</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13

Objection. Request for Production calls for documents which are protected by attorney/client privilege and/or work product privilege. St. Paul further objects for the reasons stated in the General Objections above, which objections are also incorporated herein by reference.

Further, St. Paul objects to this Request to the extent it seeks documents such as the IPET Report, Team Louisiana Report, etc. that are available through public sources and already in the possession of plaintiffs, as disclosed in Plaintiffs' Initial Disclosures submitted herein on April 16, 2007. Beyond these publicly available documents already in plaintiffs' possession, St. Paul has no documents that are responsive to this Request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>duration</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.