UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

FILED IN:　05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
　　　　　　05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
　　　　　　06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
　　　　　　06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
　　　　　　06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
　　　　　　06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
　　　　　　07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: BOARD OF COMMISSIONERS FOR THE PORT OF NEW ORLEANS

---

<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY</u>

MAY IT PLEASE THE COURT:

　　Plaintiffs' Management Committee submits that the discovery provided by the Board of Commissioners for the Port of New Orleans is insufficient.

　　Federal Rule 33(B) states each interrogatory must be answered separately and fully in writing unless an objection is interposed in lieu of an answer. The answer must include all information within the party's control or known by the party's agent. This includes facts in an attorney's possession and information supplied to the party by others. If no such information is available, the answer may so state. If only some information is available that information must be provided. Rule 34 sets forth the procedures for obtaining access to documents and things.

　　In *Hansel vs. Shell Oil Corporation* 169 FRD 303, 305 (E.D. Pa 1996). The court stated that a defendant's answer should set forth the efforts used to attempt to obtain the requested information.

The fact that documents are available from another source such as public records is not, by itself, a valid basis for objecting or refusing to produce such documents if they are within the possession, custody or control of the responding party.  See *Sabouri vs. Ohio Bureau of Employment Services*, 2000 WL 1620915 and (s.d. Ohio 2000).  Plaintiff's Management Committee submits that the defendant has done an investigation regarding the levee failures and in fact have obtained certain information regarding those failures which can be reflected in their answers to the above mentioned answers to Interrogatories 1, 2 and 13.

It is respectfully submitted that this Honorable Court should order the defendant to answer these interrogatories.

Defendant has failed to adequately answer Admissions of Fact Nos. 22, 26, 27, 37, 38, 39, 40 and 46.  Their response to these Admissions of Fact is an objection stating that the request is improper as it seeks a conclusion of law.

The importance of an admission lies in enabling the requesting party to avoid the burdensome accumulation of proof prior to a pretrial conference.  Admissions, under Rule 36, are sought first to facilitate proof with respect to issues that cannot be eliminated from the case and secondly to narrow the issues by eliminating those that can be eliminated.  A request may be made to admit any matters within the scope of Rule 26(B) that relates to statements or opinions of fact or of the application of law to fact.  The 1970 amendment to Rule 36 eliminates the requirement that the matters be of fact.  Defective answers to admissions bring about admissions just as effectively as if no answer had been served (So. RY. Co. vs. Crosby 201 Federal 2nd 878, 4th Cir. 1953.)

Objecting to the Admissions of Fact is not a valid answer and defendants should be made to answer same in accordance with Federal Rule 26.

The Plaintiffs' Management Committee moves this Honorable Court to order the defendants to answer these admissions in preparation for trial on class issues.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

 s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 31st day of May, 2007.

                                                         /s/ Joseph M. Bruno
                                                           Joseph M. Bruno