**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289 | CIVIL ACTION<br><br>NO.  05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE  DUVAL<br><br>MAGISTRATE WILKINSON |

## THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS' RESPONSE TO THE LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, in response to the Levee Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, and reserving its right to further supplement and amend these responses as circumstances may require, respectfully avers as follows:

- 1 -



**RESPONSE TO LEVEE CLASS PLAINTIFFS' FIRST REQUESTS FOR ADMISSION**

REQUEST FOR ADMISSION NO. 1:

Each class representative, including sub-class representatives, has submitted a Form 95 to the Corps.

ANSWER TO REQUEST FOR ADMISSION NO. 1:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board regarding the alleged submission by each class representative, including sub-class representatives, of a Form 95 to the Corps is insufficient to enable the Dock Board to truthfully admit or deny the Request. No such Form 95s were filed with the Dock Board, the Dock Board has not been provided copies of any such Form 95s, and the Dock Board does not have within its possession or control information regarding the submission of Form 95s to the Corps.

REQUEST FOR ADMISSION NO. 2:

The Form 95 submitted by each respective class and sub-class representative was legally sufficient.

ANSWER TO REQUEST FOR ADMISSION NO. 2:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board regarding the legal sufficiency of the Form 95 allegedly submitted by each respective class and sub-class representative is insufficient to enable the Dock Board to truthfully admit or deny the Request. No such Form 95s were filed with the Dock Board, and the Dock Board has not been provided copies of any Form 95s.

- 2 -

REQUEST FOR ADMISSION NO. 3:

The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

ANSWER TO REQUEST FOR ADMISSION NO. 3:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Dock Board was not a party to any such settlement by the Corps, and the Dock Board does not have within its possession or control information regarding the Corps' disposition of Form 95 claims.

REQUEST FOR ADMISSION NO. 4:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative.

ANSWER TO REQUEST FOR ADMISSION NO. 4:

The Dock Board admits that it has not paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the remainder of the Request regarding whether other defendants have paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against them by any class or sub-class representative. The Dock Board was not a party to any such settlement by

- 3 -

any other defendant, and the Dock Board does not have within its possession or control information regarding the payment, settlement, or other resolution of Hurricane Katrina-related claims by any other defendant.

REQUEST FOR ADMISSION NO. 5:

Each class and sub-class representative has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, et seq. (Federal Tort Claims Act).

ANSWER TO REQUEST FOR ADMISSION NO. 5:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. No Form 95s were filed with the Dock Board. The Dock Board has not been provided copies of any Form 95s. The Dock Board does not have within its possession or control information regarding the submission of Form 95s to the Corps. The Dock Board has not received the Corps' final disposition of any such Form 95s filed with the Corps. The Dock Board does not have within its possession or control information regarding the Corps' final disposition of Form 95 Claims.

REQUEST FOR ADMISSION NO. 6:

Each class and sub-class representative suffered some damage as a result of inundation associated with Hurricane Katrina.

- 4 -

ANSWER TO REQUEST FOR ADMISSION NO. 6:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that each class and sub-class representative suffered any such damage, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 7:

Each class and sub-class representative suffered damage to real property as a result of inundation associated with Hurricane Katrina.

ANSWER TO REQUEST FOR ADMISSION NO. 7:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that each class and sub-class representative suffered any such damage, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 8:

Each class and sub-class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

- 5 -

ANSWER TO REQUEST FOR ADMISSION NO. 8:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that each class and sub-class representative suffered any such damage, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 9:

Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 9:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Class, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 10:

Members of Sub-Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 10:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class One, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 11:

Members of Sub-Class Two are so numerous that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 11:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Two, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 12:

Members of Sub-Class Three are so numerous that joinder of all such persons and entities in this action is impracticable.

- 7 -

ANSWER TO REQUEST FOR ADMISSION NO. 12:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Three, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 13:

Members of Sub-Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 13:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Four, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 14:

Members of Sub-Class Five are so numerous that joinder of all such persons and entities in this action is impracticable.

- 8 -

ANSWER TO REQUEST FOR ADMISSION NO. 14:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Five, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 15:

Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 15:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential Class members that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 15:

Members of Sub-Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 15:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class One that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 16:

Members of Sub-Class Two are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 16:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Two that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 17:

Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

- 10 -

ANSWER TO REQUEST FOR ADMISSION NO. 17:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Three that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 18:

Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

ANSWER TO REQUEST FOR ADMISSION NO. 18:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Four that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 19:

Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

- 11 -

ANSWER TO REQUEST FOR ADMISSION NO. 19:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Five that are geographically dispersed, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 20:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

ANSWER TO REQUEST FOR ADMISSION NO. 20:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. There is no prior track record of trials in this matter from which the Dock Board could formulate an opinion on this issue.

REQUEST FOR ADMISSION NO. 21:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

- 12 -

ANSWER TO REQUEST FOR ADMISSION NO. 21:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. There is no prior track record of trials in this matter from which the Dock Board could formulate an opinion on this issue.

REQUEST FOR ADMISSION NO. 22:

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

ANSWER TO REQUEST FOR ADMISSION NO. 22:

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 23:

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

ANSWER TO REQUEST FOR ADMISSION NO. 23:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Dock Board was not a party to any such settlement by the Corps, and the Dock Board does not have any information regarding the Corps' disposition of Form 95 claims in its possession or control.

REQUEST FOR ADMISSION NO. 24:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

ANSWER TO REQUEST FOR ADMISSION NO. 24:

The Dock Board admits that it has not paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any member of the proposed Class. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the remainder of the Request regarding whether other defendants have paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against them by any member of the proposed Class. The Dock Board was not a party to any such settlement by any other defendant, and the Dock Board does not have information regarding the payment, settlement, or other resolution of Hurricane Katrina-related claims by any other defendant within its possession or control.

REQUEST FOR ADMISSION NO. 25:

Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

ANSWER TO REQUEST FOR ADMISSION NO. 25:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to

- 14 -

truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that each member of the proposed Class suffered any such damage, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

ANSWER TO REQUEST FOR ADMISSION NO. 26:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class One suffered any such inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

- 15 -

ANSWER TO REQUEST FOR ADMISSION NO. 27:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Two suffered any such inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 28:

Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

ANSWER TO REQUEST FOR ADMISSION NO. 28:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Three suffered any such initial inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

- 16 -

REQUEST FOR ADMISSION NO. 29:

Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

ANSWER TO REQUEST FOR ADMISSION NO. 29:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Four suffered any such initial inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 30:

Every member of Sub-Class Five experienced initial inundation that had as its sources the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC, or any of them.

ANSWER TO REQUEST FOR ADMISSION NO. 30:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Five suffered

- 17 -

any such initial inundation, and the Dock Board does not have such information within its possession or control.   Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 31:

The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

ANSWER TO REQUEST FOR ADMISSION NO. 31:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 32:

The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

ANSWER TO REQUEST FOR ADMISSION NO. 32:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 33:

The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

ANSWER TO REQUEST FOR ADMISSION NO. 33:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 34:

The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 34:**

**Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 35:

The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 35:**

**Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 36:

The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 36:**

**Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

- 19 -

ANSWER TO REQUEST FOR ADMISSION NO. 37:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 38:

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

ANSWER TO REQUEST FOR ADMISSION NO. 38:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 39:

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

ANSWER TO REQUEST FOR ADMISSION NO. 39:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 40:

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Subclasses Four and Five.

- 20 -

ANSWER TO REQUEST FOR ADMISSION NO. 40:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 41:

Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

ANSWER TO REQUEST FOR ADMISSION NO. 41:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 42:

Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

ANSWER TO REQUEST FOR ADMISSION NO. 42:

Objection.  This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 43:

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

ANSWER TO REQUEST FOR ADMISSION NO. 43:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the competency of the attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the Levee PSLC, and the Dock Board does not have such information within its possession or control.

REQUEST FOR ADMISSION NO. 44:

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

ANSWER TO REQUEST FOR ADMISSION NO. 44:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that the inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans are encompassed by the Class definition and caused consequent damages to the Class, and the Dock Board does not have such information within its possession or control.

- 22 -

REQUEST FOR ADMISSION NO. 45:

Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

ANSWER TO REQUEST FOR ADMISSION NO. 45:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that the inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class, and the Dock Board does not have such information within its possession or control.

REQUEST FOR ADMISSION NO. 46:

The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

ANSWER TO REQUEST FOR ADMISSION NO. 46:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the

- 23 -

Dock Board with information regarding whether the causes of the classwide losses allegedly suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis, and the Dock Board does not have such information within its possession or control. This matter will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 47:

The causes of the individual property losses suffered by members of the Class and the five Sub-Classes are susceptible to proof by way of a class trial.

ANSWER TO REQUEST FOR ADMISSION NO. 47:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding whether the causes of the individual property losses allegedly suffered by members of the Class and Five Sub-Classes are susceptible to proof by way of a class trial, and the Dock Board does not have such information within its possession or control. This matter will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 48:

The source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses.

- 24 -

ANSWER TO REQUEST FOR ADMISSION NO. 48:

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding whether the source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses, and the Dock Board does not have such information within its possession or control. This matter will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 49:

The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

ANSWER TO REQUEST FOR ADMISSION NO. 49:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Dock Board was not a party to any such effort, and the Dock Board does not have such information within its possession or control.

## RESPONSE TO LEVEE CLASS PLAINTIFFS' FIRST INTERROGATORIES

INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

ANSWER TO INTERROGATORY NO. 1:

**Not applicable.**

INTERROGATORY NO. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

ANSWER TO INTERROGATORY NO. 2:

**Discovery is in its beginning stages. The Dock Board does not yet have sufficient information to form an opinion as to whether or not the numerosity requirement is satisfied.**

INTERROGATORY NO. 3:

If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with

respect to the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.  If you agree that the class representatives satisfy the typicality requirement, please say so.

ANSWER TO INTERROGATORY NO. 3:

The typicality requirement is not satisfied because the Class Representatives fail to state a claim against the Dock Board upon which relief can be granted.   The Dock Board, by law, has no authority, direction, or control over any levees or flood gates along the IHNC, and under La. R.S. §9:2800(H)(1) is immune from liability imposed under Civil Code Articles 2317 and 2317.1 for any damages arising from Hurricane Katrina.

INTERROGATORY NO. 4:

If you contend that the Class Representatives, or any of them will not fairly and adequately protect the interests of the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

ANSWER TO INTERROGATORY NO. 4:

Discovery is in its beginning stages, and the Dock Board does not yet have sufficient information to form an opinion as to whether or not the Class Representatives, or any of them, will fairly and adequately protect the interests of the Class.

- 27 -

INTERROGATORY NO. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you.  If the answer is "none known at this time" please say so.

ANSWER TO INTERROGATORY NO. 5:

Discovery is in its beginning stages and the Dock Board has not received any claims forms.   In any event, neither the class representatives nor any class member have a valid claim against the Dock Board.

INTERROGATORY NO. 6:

Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

ANSWER TO INTERROGATORY NO. 6:

While they may be some questions of law or fact common to the members Class, individual issues predominate.

INTERROGATORY NO. 7:

Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and (ii) state whether and in what way you contend

that such individual questions predominate over questions that are common to the class members and the class representatives.

ANSWER TO INTERROGATORY NO. 7:

Discovery is in its beginning stages and the Dock Board has not received any claims forms.   In any event, neither the class representatives nor any class member have a valid claim against the Dock Board.  Also, given the vast disparity of damages allegedly suffered by each individual class member, individualized proof of any such damages, along with the cause of that person's alleged damages, will be necessary.

INTERROGATORY NO. 8:

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-à-vis the members of the Class and five Sub-Classes?  If not, please (i) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

ANSWER TO INTERROGATORY NO. 8:

No.  A class action trial is not superior.  Class actions are not appropriate in alleged mass tort situations and create undue pressure for defendants to settle.  Non-meritorious claims often accompany mass tort suits.  Also, the lack of a prior litigation track record precludes the Court from drawing the information necessary to make the required predominance and superiority analysis.  Given the vast disparity of damages allegedly suffered by each class member,

individualized proof of any such damages will be necessary. Finally, allowing traditional trials to go forward without a class action will result in a consensus or pattern which can be gleaned from a pooling of the judgments of different tribunals and a larger and more diverse sample of decision makers, rather than basing everything upon one trial.

INTERROGATORY NO. 9:

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

ANSWER TO INTERROGATORY NO. 9:

At this early stage of the litigation, the Dock Board is unable to predict every difficulty that is likely to be encountered in the management of the class action proposed by the Complaint.

INTERROGATORY NO. 10:

Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

ANSWER TO INTERROGATORY NO. 10:

The Dock Board has not received any Form 95s and is without knowledge or information sufficient to respond to this Interrogatory.

INTERROGATORY NO. 11:

Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by the

- 30 -

USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

ANSWER TO INTERROGATORY NO. 11:

The Dock Board has not received any Form 95s and is without knowledge or information sufficient to respond to this Interrogatory.

INTERROGATORY NO. 12:

Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

ANSWER TO INTERROGATORY NO. 12:

No such reports have been undertaken.

INTERROGATORY NO. 13:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

ANSWER TO INTERROGATORY NO. 13:

Objection.  This Interrogatory seeks information beyond the scope of the Class Certification Discovery authorized by Case Management Order No. 4.

- 31 -

INTERROGATORY NO. 15:

Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Request for Production.

**ANSWER TO INTERROGATORY NO. 15:**

**Undersigned counsel.  Joseph Fritz, Board of Commissioners of the Port of New Orleans, 1350 Port of New Orleans Place, New Orleans, LA   70130.   Jeff Lynch, Board of Commissioners of the Port of New Orleans, 1350 Port of New Orleans Place, New Orleans, LA   70130.**

## RESPONSE TO LEVEE CLASS PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with

- 32 -

the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

**None to be produced.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

**None to be produced.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2-4 above, or any of them.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

**None to be produced.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.6:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 12 above.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Please produce a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Class definition, or any Sub-Class of it, since August 29, 2005.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

- 34 -

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the duration of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the receding of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:

None to be produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of

- 36 -

precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:

      **None to be produced.**

Respectfully submitted, this 30th day of April, 2007.

DAIGLE FISSE & KESSENICH, PLC

BY:  _____

J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

- 37 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon Plaintiffs' and Defendants' Liaison Counsel by electronic mail this 30th day of April, 2007.

KIRK N. AURANDT

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | jbruno@brunobrunolaw.com |
| **To:** | dollyno@aol.com,  fcdlaw@aol.com |
| **Cc:** | joni@brunobrunolaw.com,  Rob@brunobrunolaw.com |
| **Subject:** | FW: In Re: Katrina Litigation USDC ED LA # 05-4182 - SWB Discovery Responses |
| **Date:** | Mon, 30 Apr 2007 7:12 PM |
| **Attachments:** | 20070430164937747.pdf (6219K) |

Take the point on substance and motion practice.

*Joseph M. Bruno*

Joseph M. Bruno
Managing Partner
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile (504) 561-6775
jbruno@brunobrunolaw.com



The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as a recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at (504) 525-1335.

**From:** Ann Robin [mailto:arobin@christovich.com]
**Sent:** Monday, April 30, 2007 4:55 PM
**To:** Joe Bruno; Ralph S. Hubbard, Esq.; Seth A. Schmeeckle, Esq.
**Cc:** Charles M. Lanier, Jr.; Kevin R. Tully; J. Warren Gardner, Jr.; Elizabeth S. Cordes; Gregory S. LaCour
**Subject:** In Re: Katrina Litigation USDC ED LA # 05-4182 - SWB Discovery Responses

Attached are the Sewerage and Water Board of New Orleans Answer to Levee Plaintiffs' First Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

If you have any problem viewing the document, please do not hesitate to contact me.

Ann Robin
Secretary toCharles M. Lanier Jr.
Christovich & Kearney, LLP
Suite 2300, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: 504-593-4227
arobin@christovich.com

This electronic mail transmission contains confidential information intended only for the person(s) named. Any use, distribution, copying or disclosure by any other person is strictly prohibited.

CHRISTOVICH & KEARNEY, LLP
ATTORNEYS AT LAW
SUITE 2300, PAN AMERICAN LIFE CENTER
601 POYDRAS STREET · NEW ORLEANS, LOUISIANA 70130-6078
TELEPHONE: (504) 561-5700   FAX: (504) 561-5743
WWW.CHRISTOVICH.COM

CHARLES M. LANIER, JR.
Also Admitted in Texas

504-593-4272
cmlanier@christovich.com

April 30, 2007

Joseph M. Bruno, Esq.
Bruno & Bruno
855 Baronne Street
New Orleans, LA 70113

Re:     In Re:  Katrina Canal Breachs Consolidated Litigation
        U.S.D.C. E.D. La. # 05-4182 "K"(2)
        Our File No. DD 38864

Dear Joe:

Enclosed please find a copy of the Sewerage and Water Board of New Orleans Answer to Levee Plaintiffs' First Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

Very truly yours,

Charles M. Lanier, Jr.

CML,Jr./car
Enclosure
cc:     Ralph S. Hubbard, III, Esq. / Seth A. Schmeeckle, Esq. (w/encl)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| PERTAINS TO LEVEE | * | |
| FILED IN:      05-4181, 05-4182, 05-5237, | * | |
| 05-6073, 05-6314, 05-6324, 05-6327, 06-0020, | * | |
| 06-0225, 06-0886, 06-2278, 06-2346, 06-2545, | * | |
| 06-4065, 06-4389, 06-4634, 06-4931, 06-5159, | * | |
| 06-5163, 06-5786, 06-7682, 07-0993, 07-1284, | * | |
| 07-1288, 07-1289 | * | |

*****************************************

### THE SEWERAGE AND WATER BOARD OF NEW ORLEANS ANSWER TO LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Now, through undersigned counsel, comes defendant, the Sewerage and Water Board of

New Orleans ("SWB") and responds to the Requests for Admission, First Set of Interrogatories

and Requests for Production of Documents propounded by Levee plaintiffs, as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

The Sewerage and Water Board's responses to the Request for Admissions are set forth

below. There are numerous requests to which the Sewerage and Water Board has lodged an

objection or has responded that it has insufficient information to admit or deny the request. For

each such request, in an abundance of caution, in the event a request is deemed necessary, the

request is denied.

### REQUEST FOR ADMISSION NO. 1:

Each class representative, including sub-class representatives has submitted a Form 95 to

the Corps.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The SWB was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the SWB. Therefore, the information sought is not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request. *Camp v. The Progressive Corp.*, 2003 WL 21939778, p.3 (E.D. La. 2003)(Answering party may cite lack of information or knowledge as a basis for denying a request for admission if such information is not known or readily available to the party upon reasonable inquiry.); *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)("Generally, a ' reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control.").

**REQUEST FOR ADMISSION NO. 2:**

The Form 95 submitted by each respective class and sub-class representative was legally sufficient.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the SWB. Therefore, the information sought is not known or readily available to the SWB upon reasonable inquiry to

persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

### REQUEST FOR ADMISSION NO. 3:

The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any form 95 submitted by any class or sub-class representative.

### RESPONSE TO REQUEST FOR ADMISSION NO. 3:

The SWB was not a party to any settlements of claims made against the USA by the proposed class representatives. Moreover, neither copies of the Form 95s nor any settlement documents were produced with these discovery requests. Consequently, the information sought is not known or readily available to the SWB upon reasonable inquiry to persons or review of documents with the SWB's control. Therefore, the SWB is unable to truthfully admit or deny this request.

### REQUEST FOR ADMISSION NO. 4:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative.

### RESPONSE TO REQUEST FOR ADMISSION NO. 4:

With respect to the SWB, admitted. With respect to any other defendant, the SWB was not party to any settlements reached. Moreover, copies of any settlement agreements reached with other parties have not been produced with these discovery requests. Consequently, the information sought is not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Therefore, the SWB cannot truthfully admit or deny this assertion.

3

**REQUEST FOR ADMISSION NO. 5:**

Each class and sub-class representative has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 USC § 2671, *et seq.* (Federal Tort Claims Act).

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB was not a recipient of any Form 95 filed by the proposed class representatives. Moreover, copies of the Form 95s purportedly submitted by the proposed class representatives were not attached to these discovery requests nor otherwise provided to the SWB. Therefore, the information sought is not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 6:**

Each class and sub-class representative suffered some damage as a result of inundation associated with Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The SWB objects to this request on the grounds that the phrase "some damage" is vague and ambiguous. Subject to its objection, the SWB has no knowledge with respect to whether the proposed class representatives were "inundated," and if so, no information whether this inundation caused damages. Moreover, information regarding whether any individual was "inundated" and whether such inundation caused damages, is not data compiled or utilized in the SWB's ordinary business activities. Therefore, these facts are not known or readily available to

4

the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request at this time.

## REQUEST FOR ADMISSION NO. 7:

Each class and sub-class representative suffered damage to real property as a result of inundation associated with Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

The SWB has no knowledge with respect to whether the proposed class representatives were "inundated," and no information whether this inundation caused damages to real property. Moreover, information regarding whether any individual was "inundated" and whether such inundation caused damages, is not data compiled or utilized in the SWB's ordinary business activities. Therefore, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 8:

Each class and sub-class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

The SWB has no knowledge with respect to whether the proposed class representatives were "inundated," and no information whether this inundation caused damages to personal property. Moreover, information regarding whether any individual was "inundated" and whether such inundation caused damages, is not data compiled or utilized in the SWB's ordinary business activities. Therefore, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

5

**REQUEST FOR ADMISSION NO. 9:**

Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

While SWB denies the legal sufficiency of plaintiffs' proposed class and sub-class definitions, SWB admits that the number of people who resided within the geographic boundaries of plaintiffs' proposed class and sub-classes would meet the numerosity requirement of Federal Rule of Civil Procedure 23.

**REQUEST FOR ADMISSION NO. 10:**

Members of the Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

While SWB denies the legal sufficiency of plaintiffs' proposed class and sub-class definitions, SWB admits that the number of people who resided within the geographic boundaries of plaintiffs' proposed class and sub-classes would meet the numerosity requirement of Federal Rule of Civil Procedure 23.

**REQUEST FOR ADMISSION NO. 11:**

Members of the Class Two are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

While SWB denies the legal sufficiency of plaintiffs' proposed class and sub-class definitions, SWB admits that the number of people who resided within the geographic boundaries of plaintiffs' proposed class and sub-classes would meet the numerosity requirement of Federal Rule of Civil Procedure 23.

**REQUEST FOR ADMISSION NO. 12:**

Members of the Class Three are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

While SWB denies the legal sufficiency of plaintiffs' proposed class and sub-class definitions, SWB admits that the number of people who resided within the geographic boundaries of plaintiffs' proposed class and sub-classes would meet the numerosity requirement of Federal Rule of Civil Procedure 23.

**REQUEST FOR ADMISSION NO. 13:**

Members of the Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

While SWB denies the legal sufficiency of plaintiffs' proposed class and sub-class definitions, SWB admits that the number of people who resided within the geographic boundaries of plaintiffs' proposed class and sub-classes would meet the numerosity requirement of Federal Rule of Civil Procedure 23.

**REQUEST FOR ADMISSION NO. 14:**

Members of the Class Five are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

While SWB denies the legal sufficiency of plaintiffs' proposed class and sub-class definitions, SWB admits that the number of people who resided within the geographic boundaries of plaintiffs' proposed class and sub-classes would meet the numerosity requirement of Federal Rule of Civil Procedure 23.

7

**REQUEST FOR ADMISSION NO. 15:**

Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members have returned to their homes or businesses. Therefore, the SWB has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the SWB's ordinary business activities. Consequently, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 15**

Members of Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

8

The SWB has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members have returned to their homes or businesses. Therefore, the SWB has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the SWB's ordinary business activities. Consequently, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 16:

Members of Sub-Class Two are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members have returned to their homes or businesses. Therefore, the SWB has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the SWB's ordinary business activities. Consequently, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 17:**

Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members have returned to their homes or businesses. Therefore, the SWB has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the SWB's ordinary business activities. Consequently, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 18:**

Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

10

The SWB has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members have returned to their homes or businesses. Therefore, the SWB has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the SWB's ordinary business activities. Consequently, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

REQUEST FOR ADMISSION NO. 19:

Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB has no knowledge with respect to whether the proposed class members were "dispersed," and if so, no information whether the proposed class members have returned to their homes or businesses. Therefore, the SWB has no information whether joinder is impracticable. Moreover, information regarding these questions is not data compiled or utilized in the SWB's ordinary business activities. Consequently, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

11

**REQUEST FOR ADMISSION NO. 20:**

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney,* 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Each individual claim for Hurricane Katrina flooding damages turns on its own facts and circumstances and will require individual evaluations of the fault of each defendant, if any, and the damages, if any, associated with each defendants' fault.

**REQUEST FOR ADMISSION NO. 21:**

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudication that would substantially impair or impede the ability of come class members to protect their interests.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney,* 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Each individual claim for Hurricane Katrina flooding damages turns on its own facts and circumstances and will require individual evaluations of the fault of each defendant, if

12

any, and the damages, if any, associated with each defendants' fault. Thus, a judgment in one individual action will not have preclusive effect on another individual's action.

**REQUEST FOR ADMISSION NO. 22:**

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 23:**

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

The SWB was not a party to any settlements of claims made against the USA by the proposed class representatives. Therefore, the information sought is not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 24:**

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

With respect to the SWB, admitted. With respect to any other defendant, the SWB was not party to and has no information regarding the status of any settlements and no settlement documents were produced with these discovery requests. Therefore, the information sought is not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB cannot truthfully admit or deny this assertion

**REQUEST FOR ADMISSION NO. 25:**

Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

The SWB objects to this request on the grounds that the phrase "some damage" is vague and ambiguous. However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

The SWB admits that the proposed class definition as set forth in Paragraph 151 of the Superseding Master Consolidated Class Action Complaint includes those who "sustained damages as a result of inundation/flooding" due to Hurricane Katrina. In all other respects, the SWB responds as follows:

The SWB has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," and is so, no information whether this inundation caused each proposed class member damages. Moreover, information regarding whether any individual was "inundated" and whether such inundation caused damages, is not data compiled or utilized in the SWB's ordinary business activities. Therefore, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of

14

documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

## RESPONSE TO REQUEST FOR ADMISSION NO. 26:

SWB objects to this request on the grounds that the phrase "initial inundation" is vague and ambiguous, particularly in view of plaintiffs' definition of the term "inundation" to mean the mere "touching of real or personal property by water (other than but possibly including precipitation) . . ." Subject to its objection, the SWB has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover the SWB has no knowledge as to the sources of the "initial inundation" for each class member. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the SWB's ordinary business activities. Therefore, the SWB is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

## RESPONSE TO REQUEST FOR ADMISSION NO. 27:

SWB objects to this request on the grounds that the phrase "initial inundation" is vague and ambiguous, particularly in view of plaintiffs' definition of the term "inundation" to mean the mere "touching of real or personal property by water (other than but possibly including precipitation) . . ." Subject to its objection, the SWB has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated."

15

Moreover the SWB has no knowledge as to the sources of the "initial inundation" for each class member. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the SWB's ordinary business activities. Therefore, the SWB is unable to truthfully admit or deny this request.

### REQUEST FOR ADMISSION NO. 28:

Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

### RESPONSE TO REQUEST FOR ADMISSION NO. 28:

SWB objects to this request on the grounds that the phrase "initial inundation" is vague and ambiguous, particularly in view of plaintiffs' definition of the term "inundation" to mean the mere "touching of real or personal property by water (other than but possibly including precipitation) . . ." Subject to its objection, the SWB has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover the SWB has no knowledge as to the sources of the "initial inundation" for each class member. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the SWB's ordinary business activities. Therefore, the SWB is unable to truthfully admit or deny this request.

### REQUEST FOR ADMISSION NO. 29:

Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

### RESPONSE TO REQUEST FOR ADMISSION NO. 29:

SWB objects to this request on the grounds that the phrase "initial inundation" is vague and ambiguous, particularly in view of plaintiffs' definition of the term "inundation" to mean the mere "touching of real or personal property by water (other than but possibly including

16

precipitation) . . ."  Subject to its objection, the SWB has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover the SWB has no knowledge as to the sources of the "initial inundation" for each class member.  The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the SWB's ordinary business activities.  Therefore, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 30:**

Every member of Sub-Class Five experienced initial inundation that had as its sources the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC, or any of them.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

SWB objects to this request on the grounds that the phrase "initial inundation" is vague and ambiguous, particularly in view of plaintiffs' definition of the term "inundation" to mean the mere "touching of real or personal property by water (other than but possibly including precipitation) . . ."  Subject to its objection, the SWB has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover the SWB has no knowledge as to the sources of the "initial inundation" for each class member.  The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the SWB's ordinary business activities.  Therefore, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 31:**

The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

17

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Hurricane Katrina created numerous sources of inundation, as that term is defined by plaintiffs. The effect each source of inundation had with respect to a particular class member varies case by case.

**REQUEST FOR ADMISSION NO. 32:**

The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Hurricane Katrina created numerous sources of inundation, as that term is defined by plaintiffs. The effect each source of inundation had with respect to a particular class member varies case by case.

**REQUEST FOR ADMISSION NO. 33:**

The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

18

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Hurricane Katrina created numerous sources of inundation, as that term is defined by plaintiffs. The effect each source of inundation had with respect to a particular class member varies case by case.

**REQUEST FOR ADMISSION NO. 34:**

The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Hurricane Katrina created numerous sources of inundation, as that term is defined by plaintiffs. The effect each source of inundation had with respect to a particular class member varies case by case.

**REQUEST FOR ADMISSION NO. 35:**

The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

19

### RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Hurricane Katrina created numerous sources of inundation, as that term is defined by plaintiffs. The effect each source of inundation had with respect to a particular class member varies case by case.

### REQUEST FOR ADMISSION NO. 36:

The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub- Class.

### RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied. Hurricane Katrina created numerous sources of inundation, as that term is defined by plaintiffs. The effect each source of inundation had with respect to a particular class member varies case by case.

### REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of the Sub-Classes One, Two and Five.

20

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

With respect to determining the existence of common issues for class certification purposed, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of any defendant caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of any defendant with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the SWB's ordinary business activities. Therefore, whether the fault of the various defendants is a "common" issue for all class members are facts which are not known or readily available to the SWB upon reasonable inquiry to persons or review of document within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 38:**

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of the Sub-Classes One, Two and Five.

21

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

With respect to determining the existence of common issues for class certification purposed, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of any defendant caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of any defendant with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the SWB's ordinary business activities. Therefore, whether the fault of the various defendants is a "common" issue for all class members are facts which are not known or readily available to the SWB upon reasonable inquiry to persons or review of document within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 39:**

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of the Sub-Classes One, Two and Five.

22

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

With respect to determining the existence of common issues for class certification purposed, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of any defendant caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of any defendant with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the SWB's ordinary business activities. Therefore, whether the fault of the various defendants is a "common" issue for all class members are facts which are not known or readily available to the SWB upon reasonable inquiry to persons or review of document within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 40:**

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of the Sub-Classes Four and Five.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

With respect to determining the existence of common issues for class certification purposed, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of any defendant caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of any defendant with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the SWB's ordinary business activities. Therefore, whether the fault of the various defendants is a "common" issue for all class members are facts which are not known or readily available to the SWB upon reasonable inquiry to persons or review of document within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 41:**

Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of the Sub-Classes Four and Five.

24

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

With respect to determining the existence of common issues for class certification purposed, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of any defendant caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of any defendant with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the SWB's ordinary business activities. Therefore, whether the fault of the various defendants is a "common" issue for all class members are facts which are not known or readily available to the SWB upon reasonable inquiry to persons or review of document within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 42:**

Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Codes articles 667, 3215, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 43:**

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

The SWB admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in competing and over-lapping class and other actions which present conflicts of interests. These conflicts are particularly acute in these circumstances where defendants with limited assets have been sued by these same counsel in competing and over-lapping class and other actions.

**REQUEST FOR ADMISSION NO. 44:**

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

The SWB objects to this request on the grounds that it is overly broad, vague and ambiguous, and irrelevant. Subject to this objection, the SWB has no knowledge with respect to whether there has been breakdown in New Orleans' "social structure" or loss of "cultural

26

heritage," and whether such breakdown or loss caused damage to individual members of the proposed class. Such information is not data compiled or utilized in the SWB's ordinary business activities. Therefore, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny this request.

## REQUEST FOR ADMISSION NO. 45:

Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damage to the Class.

## RESPONSE TO REQUEST FOR ADMISSION NO. 45:

The SWB objects to this request on the grounds that it is overly broad, vague and ambiguous, and irrelevant. Subject to this objection, whether inundation of properties has contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area and whether this alteration caused damages to every proposed class member, is information not compiled or utilized in the SWB's ordinary business activities. Therefore, these facts are not known or readily available to the SWB upon reasonable inquiry to persons or review of documents within the SWB's control. Consequently, the SWB is unable to truthfully admit or deny the remainder of this request.

## REQUEST FOR ADMISSION NO. 46:

The causes of the class wide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a class wide basis.

## RESPONSE TO REQUEST FOR ADMISSION NO. 46:

Denied. The class members' damages, if any, require individualized analysis and calculation.

27

**REQUEST FOR ADMISSION NO. 47:**

The causes of the individual property losses suffered by members of the Class and the five Sub-Classes are susceptible to proof by way of a class trial.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Denied. The class members' damages, if any, require individualized analysis and calculation.

**REQUEST FOR ADMISSION NO. 48:**

The source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination of expert witnesses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Denied that a single source of "inundation" "affected" every property and that this determination can be made on a class wide basis, but admitted that the potential sources of "inundation" for individual properties are susceptible to analysis and determination of causation by experts on a case by case basis.

**REQUEST FOR ADMISSION NO. 49:**

The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

SWB objects to this request on the basis that it is vague and ambiguous in that the term "USA" is not defined. Subject to this objection, it is admitted that the U.S. Army Corps of Engineers was involved in the development of the IPET report. Otherwise, SWB has no knowledge whether or not the USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

RESPONSES TO FIRST SET OF INTERROGATORIES

28

## INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

## ANSWER TO INTERROGATORY NO. 1:

SWB objects to this interrogatory on ground that it requires disclosure of information protected by the attorney-client privilege and/or the work product of counsel for SWB. Subject to this objection:

(I)     For each request for admission that was denied, and for each request for admission that was admitted with qualifications, Marcia St. Martin, Executive Director of the SWB.

(II)    Ms. St. Martin provided these responses insofar as the information requested was known or readily available to the SWB upon reasonable inquiry of persons or review of documents within the SWB's control. Ms. St. Martin is intimately familiar with the documents and information compiled and maintained by the SWB.

(III)   Objection. For each request for admission that was denied, and for each request for admission that was admitted with qualifications, the explanation for the denial or qualification is included within the response. Thus this interrogatory is redundant.

29

**INTERROGATORY NO. 2:**

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

**ANSWER TO INTERROGATORY NO. 2:**

Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), the SWB states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

**INTERROGATORY NO. 3:**

If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

**ANSWER TO INTERROGATORY NO. 3:**

SWB contests whether the class representatives' claims satisfy the "typicality" requirement.

(i) and (ii):    The SWB believes that the sources of the inundation for each class member, the parties or persons responsible for the sources, and how those various sources combined to cause inundation, are different across the proposed class area. Moreover, whether the fault, if any, of any defendant caused every proposed class member's property damages or

30

losses, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of defendants and others may have combined to cause property damages are factors that are not known to the SWB at this time as discovery has just begun.     Additionally, SWB believes that the damages sustained by each class representative are unique, and whether property damage or personal injury, will require individualized proof and analysis. The SWB has listed expert witnesses with respect to these issues, but they have not completed their analysis nor issued reports. Expert reports will be produced in compliance with the deadlines set forth in CMO #4. However, under Paragraph III(D)(5) of the CMO, drafts of class certification expert reports are considered protected work product and shall not be discoverable or admissible for any purpose, including impeachment.

**INTERROGATORY NO. 4:**

If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please (i) set forth every facts you believe supports your contentions, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

**ANSWER TO INTERROGATORY NO. 4:**

SWB contests whether the class representatives' claims satisfy the "adequacy" requirement. This interrogatory is premature as discovery has just begun.

**INTERROGATORY NO. 5:**

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you. If the answer is "none known at this time" please say so.

31

**ANSWER TO INTERROGATORY NO. 5:**

This request is premature as claim forms have not been produced and discovery has just begun.

**INTERROGATORY NO. 6:**

Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

**ANSWER TO INTERROGATORY NO. 6:**

No. There are no meaningful common questions of fact or law, as that term is used in Federal Rule of Civil Procedure 23 that could serve as the basis for representative litigation. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388,397 (6th Cir. 1998)(explaining that "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What we are looking for is common issue the resolution of which will advance the litigation.").

**INTERROGATORY NO. 7:**

Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representations, and (ii) state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

**ANSWER TO INTERROGATORY NO. 7:**

This request is premature as claim forms have not been produced and discovery has just begun.

32

INTERROGATORY NO. 8:

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-à-vis the members of the Class and five Sub-Classes? If not, please (i) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

ANSWER TO INTERROGATORY NO. 8:

SWB objects to this interrogatory as premature because discovery in the case has just begun. Plaintiffs have not yet been deposed or responded to defendants' class discovery, and discovery has not yet been taken of SWB's co-defendants or third parties. SWB should not be required to determine and state its class-opposition arguments now, when discovery is still ongoing.

SWB also objects because this interrogatory improperly accelerates the deadline (established by the Court in CMO #4) for SWB to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having SWB declare its position on the superiority requirement of Federal Rule of Civil Procedure 23 before SWB has seen plaintiffs' brief and evidence in support of their motion for class certification.

SWB further objects to the interrogatory because Federal Rule of Civil Procedure 23 places the burden of proof on the named plaintiffs to establish that a class-action trial would be superior to individual trials: it is not the defendants' burden to show the contrary, and the interrogatory thus subverts the burden of proof requirements of Federal Rule of Civil Procedure 23.

33

Furthermore, SWB objects to the interrogatory because it calls for a conclusion of law, improperly invades the attorney-client privilege and violates the opinion-work-product doctrine: while directed to SWB, the interrogatory can only be answered by SWB's litigation counsel.

Subject to the foregoing objections, SWB will contend that this proposed class action does not satisfy the superiority requirement of Federal Rule of Civil Procedure 23. Class certification will not avoid multiple trials to determine liability and damages regarding multiple class members.

**INTERROGATORY NO. 9:**

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

**ANSWER TO INTERROGATORY NO. 9:**

Objection. This interrogatory is premature, vague, ambiguous, overly broad and burdensome and calls for legal opinions

SWB objects to this interrogatory as premature because discovery in the case has just begun. Plaintiffs have not yet been deposed or responded to defendants' class discovery, and discovery has not yet been taken of SWB's co-defendants or third parties. SWB should not be required to determine and state its class-opposition arguments now, when discovery is still ongoing.

SWB also objects because this interrogatory improperly accelerates the deadline (established by the Court in CMO #4) for SWB to state its basis for opposing class certification. Moreover, the interrogatory improperly seeks to shift the burden of proof by having SWB declare its position on the manageability requirement of Federal Rule of Civil Procedure 23 before SWB has seen plaintiffs' brief and evidence in support of their motion for class certification.

34