UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| | § | |
| FILED IN:<br>    06-1885, 06-4634, 06-5042, 06-5159,<br>    06-5163, 06-5771, 07-0206, 07-0647,<br>    07-1284, 07-1286, 07-1288, 07-1289 | §<br>§<br>§<br>§<br>§ | |
| | § | |
| PERTAINS TO: LEVEE | § | |

## DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO
## THE LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 36, and Case Management and

Scheduling Order No. 4 (CMO 4), Defendants United States of America and the U.S. Army

Corps of Engineers (collectively herein, the "United States")[1] hereby provide Responses to the

Levee Plaintiffs' First Set of Requests for Admission ("RFAs"). These Responses relate only to

---

[1] The United States Army Corps of Engineers cannot be sued eo nomine under the
Federal Tort Claims Act. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181,
183 (5th Cir. 1988).



the civil actions to which the United States is a named defendant. In addition, these Responses are made on behalf of the United States, and not on behalf of any other Defendants.

In accordance with Fed. R. Civ. P. 36, any admission made below is for the purpose of this pending, consolidated action only and is not an admission for any other purpose, nor may it be used against the United States in any other proceeding.

## GENERAL OBJECTIONS

The following general objections are continuing in nature and apply to each RFA, and are hereby incorporated into each Response provided, as if fully set forth therein, unless expressly waived with regard to a particular RFA.

GENERAL OBJECTION NO. 1: The United States objects to any definition or instruction in Plaintiffs' RFAs, including those referenced in the Levee Master Complaint, insofar as they purport to broaden the United States' obligations under the Federal Rules of Civil Procedure in answering these RFAs.

GENERAL OBJECTION NO. 2: The definitions and instructions render many of the RFAs vague, ambiguous, incomprehensible, or otherwise objectionable.

GENERAL OBJECTION NO. 3: The United States objects to Plaintiffs' definitions of and references to any "class," "class member," "class representative," or "sub-class," as described in Plaintiffs' First Set of RFAs, as well as those referenced in the Levee Master Complaint.

GENERAL OBJECTION NO. 4: The RFAs as propounded are overly broad, unduly burdensome, and request information that is not reasonably calculated to lead to the discovery of

2

admissible evidence. See Fed. R. Civ. P. 26(b)(1).

GENERAL OBJECTION NO. 5: The RFAs as propounded are vague and ambiguous.

GENERAL OBJECTION NO. 6: The United States objects to providing information in response to Plaintiffs' RFAs to the extent that they call for information that is not within the custody, control or possession of the United States.

GENERAL OBJECTION NO. 7: The United States objects generally to all RFAs, as well as the instructions contained therewith, which call for information covered by the attorney-client privilege or any other applicable privilege, including but not limited to work-product protection.

GENERAL OBJECTION NO. 8: The United States has not completed its investigation of the facts relating to this action; has not interviewed all potential witnesses; has not completed discovery; and has not completed its preparation for any trial or evidentiary hearing in this matter. Accordingly, the Responses are given without prejudice to the United States' right to produce, at any time, subsequently discovered evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts.

GENERAL OBJECTION NO. 9: The United States objects to any discovery concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Rule 23 because it has not yet completed reviewing and processing all of the Standard Form 95s ("SF-95s") it has received that purportedly assert claims for damages related to Hurricane Katrina (hereinafter, "Katrina"). To date, the United States estimates that approximately 325,000 SF-95s, purporting to be administrative claims related to Katrina, have been submitted to the U.S.

3

Army Corps of Engineers ("Corps), the majority of which have not been processed. As all SF-95s have not been processed, the United States is currently unable to respond fully to the RFAs.

GENERAL OBJECTION NO. 10: The United States objects to providing information in response to Plaintiffs' RFAs to the extent that they call for information that is confidential and/or sensitive, including information from personnel files and information protected by the Privacy Act, 5 U.S.C. § 552a.

GENERAL OBJECTION NO. 11: The United States objects to all RFAs concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Federal Rule of Civil Procedure 23. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a) states,

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

This administrative claim requirement applies equally to suits filed under the Admiralty Extension Act ("AEA"), 46 U.S.C. § 740. Accordingly, class certification is inappropriate against the United States because the Court will lack jurisdiction over *any* FTCA or AEA actions (class or individual) in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual claimant.

GENERAL OBJECTION NO. 12: The United States objects to these RFAs because they ask the United States to provide the potential legal arguments, theories, and conclusions it

4

may use to oppose class certification. RFAs that call for legal conclusions are improper. In

addition, any such discovery requests are premature, as the defendants are not required to present

their legal arguments in opposition to class certification until September 28, 2007, pursuant to

CMO 4(III)(E)(2), and seek the mental impressions of attorneys that are protected by the work

product doctrine. Fed. R. Civ. Pro. 26(b)(3). The United States will present its legal arguments

in opposition to class certification when its opposition brief is due, after it has had the

opportunity to conduct affirmative discovery on the potential class certification issues.

GENERAL OBJECTION NO. 13: Except for explicit facts admitted herein, no general

admission of any nature whatsoever is implied or should be inferred from the United States'

Responses to these RFAs.


Without waiving these objections and reserving the right to reassert them at or before any

trial or evidentiary hearing in this matter, the United States hereby provides its Responses to the

Levee Plaintiffs' First Set of Requests for Admission.


**RESPONSES TO LEVEE PLAINTIFFS' FIRST REQUESTS FOR ADMISSION (RFAs)**

Subject to the forgoing conditions and objections, as well as the objections noted herein,

the United States responds as follows:

RFA NO. 1: Each class representative, including sub-class representatives has submitted a Form

95 to the Corps.

RESPONSE TO RFA NO. 1: The United States objects to this RFA as it is vague,

ambiguous, and irrelevant, to the extent that it could be interpreted to refer to claims unrelated to

Katrina, as well as claims submitted to federal agencies other than the Corps, both of which are irrelevant to this litigation. The United States denies this RFA, except that the United States admits that according to its review of the SF-95s that the Corps has received, at the present time, the Corps confirms that it has received SF-95s from the following named plaintiffs, whom Levee Plaintiffs' counsel have identified as proposed "class representatives":

> Michelle Hennessey
> Leo Mitchell
> Lenniece Morrell
> Charles Moses
> Laura Greer
> Gary Greer
> Gertrude Esteves
> Stella Washington
> John B. Williams
> Emanuel Wilson
> Lucinda Coco
> Leslie Dorantes
> Anita Harrison
> Trenise Jackson
> Dwayne Mallett
> Donna Augustine
> Gladys La Beaud
> Daisy Innis
> Betty Jones
> Joella Cephas
> Beatrice Drew
> Eddie Knighten
> Calvin Levy
> Nicola McCathen

At present, the Corps has no record of SF-95s for the following proposed "class representative" Levee Plaintiffs:

> Laurie Coniglio
> Alice Meyer
> Denise Meade

6

RFA NO. 2: The Form 95 submitted by each respective class and sub-class representative was legally sufficient.

RESPONSE TO RFA NO. 2: The United States objects to this RFA because it calls for a legal conclusion. The United States also objects to this RFA because the phrase "legally sufficient" is vague and ambiguous. Further, the United States objects, to the extent that this RFA could be interpreted to refer to claims unrelated to Katrina, as well as claims submitted to federal agencies other than the Corps, both of which are irrelevant to this litigation. To the extent a response is required, the United States denies this RFA.

RFA NO. 3: The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

RESPONSE TO RFA NO. 3: The United States objects to this RFA as it is vague, ambiguous, and irrelevant, to the extent that it could be interpreted to refer to claims unrelated to Katrina, as well as claims submitted to federal agencies other than the Corps, both of which are irrelevant to this litigation. The United States denies this RFA, except that the United States admits that it has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina set forth in any Form 95 submitted to the Corps by any proposed "class or sub-class representative."

RFA NO. 4: No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative.

RESPONSE TO RFA NO. 4: To the extent this RFA pertains to Defendants other than

7

the United States, the United States is not required to respond. The United States objects to this

RFA as it is vague, ambiguous, and irrelevant, to the extent that it could be interpreted to refer to

claims submitted to federal agencies other than the Corps, which are irrelevant to this litigation.

The United States denies this RFA, except that the United States admits that it has not paid,

settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina set

forth in any Form 95 submitted to the Corps by any proposed "class or sub-class representative."

RFA NO. 5: Each class and sub-class representative has satisfied all statutory conditions

precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, et seq. (Federal Tort Claims

Act).

RESPONSE TO RFA NO. 5: The United States objects to this RFA because it calls for a

legal conclusion. The United States refers the Plaintiffs to its Affirmative Defenses as set forth

in its Answer to the Levee Superceding Master Consolidated Class Action Complaint. The

United States denies this RFA.

RFA NO. 6: Each class and sub-class representative suffered some damage as a result of

inundation associated with Hurricane Katrina.

RESPONSE TO RFA NO. 6: The United States objects to this RFA as "some damage" is

vague and ambiguous. The United States has made a reasonable inquiry and the information

known or readily obtainable by the United States is insufficient to enable it to admit or deny this

RFA. The United States has not completed its investigation of the facts relating to this action;

has not interviewed all potential witnesses; and has not completed discovery. Further, the

8

proposed class representatives have not responded to the United States' written discovery and have not been deposed.

RFA NO. 7: Each class and sub-class representative suffered damage to real property as a result of inundation associated with Hurricane Katrina.

RESPONSE TO RFA NO. 7: The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA. The United States has not completed its investigation of the facts relating to this action; has not interviewed all potential witnesses; and has not completed discovery. Further, the proposed class representatives have not responded to the United States' written discovery and have not been deposed.

RFA NO. 8: Each class and sub-class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

RESPONSE TO RFA NO. 8: The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA. The United States has not completed its investigation of the facts relating to this action; has not interviewed all potential witnesses; and has not completed discovery. Further, the proposed class representatives have not responded to the United States' written discovery and have not been deposed.

RFA NO. 9: Members of the Class are so numerous that joinder of all such persons and entities

in this action is impracticable.

RESPONSE TO RFA NO. 9:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.


RFA NO. 10:  Members of Sub-Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 10:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.


RFA NO. 11:  Members of Sub-Class Two are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 11:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.


RFA NO. 12:  Members of Sub-Class Three are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 12:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.


RFA NO. 13:  Members of Sub-Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 13:  The United States refers the Plaintiffs to General

Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 14: Members of Sub-Class Five are so numerous that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 14: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 15: Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 15: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 15: Members of Sub-Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 15: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 16: Members of Sub-Class Two are so geographically dispersed that joinder of all

11

such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 16:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 17:  Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 17:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 18:  Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

RESPONSE TO RFA NO. 18:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 19:  Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

12

RESPONSE TO RFA NO. 19:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 20:  The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

RESPONSE TO RFA NO. 20:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.

RFA NO. 21:  The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

RESPONSE TO RFA NO. 21:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.

RFA NO. 22:  As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

RESPONSE TO RFA NO. 22:  The United States objects to this RFA because it calls for a legal conclusion.  To the extent that a response is required, the United States denies this RFA.

13

To the extent this RFA pertains to Defendants other than the United States, the United States is not required to respond.

RFA NO. 23: The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

RESPONSE TO RFA NO. 23: The United States objects to this RFA as it is vague, ambiguous, and irrelevant, to the extent that it could be interpreted to refer to claims unrelated to Katrina, as well as claims submitted to federal agencies other than the Corps, both of which are irrelevant to this litigation. The United States denies this RFA, except to admit that the United States has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina submitted to the Corps via SF-95 by any proposed Levee class member.

RFA NO. 24: No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

RESPONSE TO RFA NO. 24: The United States objects to this RFA as it is vague, ambiguous, and irrelevant, to the extent that it could be interpreted to refer to claims submitted to federal agencies other than the Corps, which are irrelevant to this litigation. To the extent this RFA pertains to Defendants other than the United States, the United States is not required to respond. The United States denies this RFA, except to admit that the United States has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina submitted to the Corps via SF-95 by any proposed Levee class member.

14

RFA NO. 25: Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

RESPONSE TO RFA NO. 25: The United States objects to this RFA because the phrase "some damage" is vague and ambiguous. The United States refers the Plaintiffs to General Objection Nos. 9 and 11. Further, the United States has not completed its investigation of the facts relating to this action; has not interviewed all potential witnesses; and has not completed discovery. To the extent a response is required, the United States has made a reasonable inquiry and the information known or readily obtainable by the United States is insufficient to enable it to admit or deny this RFA.

RFA NO. 26: Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

RESPONSE TO RFA NO. 26: The United States refers the Plaintiffs to General Objection No. 11. The United States denies this RFA.

RFA NO. 27: Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

RESPONSE TO RFA NO. 27: The United States refers the Plaintiffs to General Objection No. 11. The United States denies this RFA.

RFA NO. 28: Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

RESPONSE TO RFA NO. 28: The United States refers the Plaintiffs to General Objection No. 11. The United States denies this RFA.

RFA NO. 29: Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

RESPONSE TO RFA NO. 29: The United States refers the Plaintiffs to General Objection No. 11. The United States denies this RFA.

RFA NO. 30: Every member of Sub-Class Five experienced initial inundation that had as its sources the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC, or any of them.

RESPONSE TO RFA NO. 30: The United States refers the Plaintiffs to General Objection No. 11. The United States denies this RFA.

RFA NO. 31: The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

RESPONSE TO RFA NO. 31: The United States objects to this RFA because the phrase "source of inundation" is vague and ambiguous. The United States refers the Plaintiffs to General Objection Nos. 11 and 12. To the extent that a response is required, the United States denies this RFA.

RFA NO. 32: The source of inundation affecting any member of Sub-Class One is a question

16

that is common to every member of that Sub-Class.

RESPONSE TO RFA NO. 32: The United States objects to this RFA because the phrase "source of inundation" is vague and ambiguous. The United States refers the Plaintiffs to General Objection Nos. 11 and 12. To the extent that a response is required, the United States denies this RFA.

RFA NO. 33: The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

RESPONSE TO RFA NO. 33: The United States objects to this RFA because the phrase "source of inundation" is vague and ambiguous. The United States refers the Plaintiffs to General Objection Nos. 11 and 12. To the extent that a response is required, the United States denies this RFA.

RFA NO. 34: The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

RESPONSE TO RFA NO. 34: The United States objects to this RFA because the phrase "source of inundation" is vague and ambiguous. The United States refers the Plaintiffs to General Objection Nos. 11 and 12. To the extent that a response is required, the United States denies this RFA.

RFA NO. 35: The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

17

RFA NO. 35: The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

RESPONSE TO RFA NO. 35:  The United States objects to this RFA because the phrase "source of inundation" is vague and ambiguous.  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  To the extent that a response is required, the United States denies this RFA.

RFA NO. 36:  The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub-Class.

RESPONSE TO RFA NO. 36:  The United States objects to this RFA because the phrase "source of inundation" is vague and ambiguous.  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  To the extent that a response is required, the United States denies this RFA.

RFA NO. 37:  Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

RESPONSE TO RFA NO. 37:  The United States refers the Plaintiffs to General Objection Nos. 11 and 12.  The United States denies this RFA.

RFA NO. 38:  Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

RESPONSE TO RFA NO. 38:  The United States refers the Plaintiffs to General

18

Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 39: Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

RESPONSE TO RFA NO. 39: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 40: Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

RESPONSE TO RFA NO. 40: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 41: Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

RESPONSE TO RFA NO. 41: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 42: Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is

19

common to every member of the Greater New Orleans Class.

RESPONSE TO RFA NO. 42: The United States refers the Plaintiffs to General

Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 43: The attorneys (and their respective firms) appointed by the Court as Plaintiffs'

Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately

protect the interests of the Greater New Orleans Class.

RESPONSE TO RFA NO. 43: The United States refers the Plaintiffs to General

Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 44: Inundation of the properties of the Class substantially contributed to the

breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed

by the Class definition, and caused consequent damages to the Class.

RESPONSE TO RFA NO. 44: The United States objects to this RFA because it calls for

a legal conclusion. The United States also objects to this RFA because the phrases "substantially

contributed to," "the breakdown in social structure," and "loss of cultural heritage" are vague and

ambiguous. To the extent that a response is required, the United States denies this RFA.

RFA NO. 45: Inundation of the properties of the Class substantially contributed to alteration of

the physical, economic, political, social, and psychological character of the New Orleans area

encompassed by the Class definition, and caused consequent damages to the Class.

RESPONSE TO RFA NO. 45: The United States objects to this RFA because it calls for

a legal conclusion. The United States also objects to this RFA because the phrase "substantially contributed to alteration of the physical, economic, political, social, and psychological character" is vague and ambiguous. To the extent that a response is required, the United States denies this RFA.

RFA NO. 46: The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

RESPONSE TO RFA NO. 46: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 47: The causes of the individual property losses suffered by members of the Class and the five Sub-Classes are susceptible to proof by way of a class trial.

RESPONSE TO RFA NO. 47: The United States refers the Plaintiffs to General Objection Nos. 11 and 12. The United States denies this RFA.

RFA NO. 48: The source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses.

RESPONSE TO RFA NO. 48: The United States objects to this RFA because the phrase "any given property" is vague and ambiguous. The United States refers the Plaintiffs to General Objection Nos. 11 and 12. To the extent a response is required, the United States denies this RFA.

21

RFA NO. 49: The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

RESPONSE TO RFA NO. 49: The United States objects to this RFA because the phrases "undertaken efforts" and "source or sources of inundation" are vague and ambiguous. To the extent a response is required, the United States denies this RFA.

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

*Theodore L. Hunt*

THEODORE L. HUNT
Trial Attorney, Torts Branch
TARA A. BOWMAN
Trial Attorney, Torts Branch
TRACI L. COLQUETTE
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
(202) 305-7536/(202) 616-5200 (FAX)

Attorneys for the United States of America

Dated: April 30, 2007.

22

## CERTIFICATE OF SERVICE

I, Theodore L. Hunt, hereby certify that on April _30_, 2007, I served a true copy of Defendant United States' Responses to the Levee Plaintiffs' First Set of Requests for Admission upon Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel by email and Federal Express, for circulation to the respective parties.

Plaintiff Liaison Counsel
Joseph M. Bruno
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana 70113
joe@brunobrunolaw.com
stephaniep@brunobrunolaw.com

Defendant's Liaison Counsel
Ralph S. Hubbard III
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
rhubbard@lawla.com
sschmeeckle@lawla.com


_____
Theodore L. Hunt