UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| FILED IN:<br>    06-1885, 06-4634, 06-5042, 06-5159,<br>    06-5163, 06-5771, 07-0206, 07-0647,<br>    07-1284, 07-1286, 07-1288, 07-1289 | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| PERTAINS TO: LEVEE | §<br>§ | |

### DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO
### THE LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Case Management and

Scheduling Order No. 4 (CMO 4), Defendants United States of America and the U.S. Army

Corps of Engineers (collectively herein, the "United States")[1] hereby provide Responses to the

Levee Plaintiffs' First Set of Requests for Production ("RFPs"). These Responses relate only to

---

[1] The United States Army Corps of Engineers cannot be sued eo nomine under the
Federal Tort Claims Act. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181,
183 (5th Cir. 1988).



the civil actions to which the United States is a named defendant. In addition, these Responses are made on behalf of the United States, and not on behalf of any other Defendants.

Certain of Plaintiffs RFPs consist of two or more requests, and the United States construes such compound requests as multiple requests for production that count against the 50 requests for production that Plaintiffs are permitted to propound pursuant to ¶ III(B)(2) of CMO 4, issued March 1, 2007. By responding to Plaintiffs First Requests for Production, the United States has responded to 18 of the 50 RFPs that Plaintiffs are permitted to propound.

## GENERAL OBJECTIONS

The following general objections are continuing in nature and apply to each RFP, and are hereby incorporated into each Response provided, as if fully set forth therein, unless expressly waived with regard to a particular RFP.

GENERAL OBJECTION NO. 1: The United States objects to any definition or instruction in Plaintiffs' RFPs, including those referenced in the Levee Master Complaint, insofar as they purport to broaden the United States' obligations under the Federal Rules of Civil Procedure in answering these RFPs.

GENERAL OBJECTION NO. 2: The definitions and instructions render many of the RFPs vague, ambiguous, incomprehensible, or otherwise objectionable.

GENERAL OBJECTION NO. 3: The United States objects to Plaintiffs' definitions of and references to any "class," "class member," "class representative," or "sub-class," as described in Plaintiffs' First Set of RFPs, as well as those referenced in the Levee Master Complaint.

2

GENERAL OBJECTION NO. 4: The RFPs as propounded are overly broad, unduly burdensome, and request information that is not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

GENERAL OBJECTION NO. 5: The RFPs as propounded are vague and ambiguous.

GENERAL OBJECTION NO. 6: The United States objects to providing information in response to Plaintiffs' RFPs to the extent that they call for information that is not within the custody, control or possession of the United States.

GENERAL OBJECTION NO. 7: The United States objects generally to all RFPs, as well as the instructions contained therewith, which call for information covered by the attorney-client privilege or any other applicable privilege, including but not limited to work-product protection. Without waiving this objection or any applicable privileges, the United States responds herein to Plaintiffs' RFPs to the extent that the information requested is not privileged and, where appropriate, will identify any responsive privileged documents on a privilege log.

GENERAL OBJECTION NO. 8: The United States has not completed its investigation of the facts relating to this action; has not interviewed all potential witnesses; has not completed discovery; and has not completed its preparation for any trial or evidentiary hearing in this matter. Accordingly, the Responses are given without prejudice to the United States' right to produce, at any time, subsequently discovered evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts.

GENERAL OBJECTION NO. 9: The United States objects to any discovery concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Rule

3

23 because it has not yet completed reviewing and processing all of the Standard Form 95s ("SF-95s") it has received that purportedly assert claims for damages related to Hurricane Katrina (hereinafter, "Katrina"). To date, the United States estimates that approximately 325,000 SF-95s, purporting to be administrative claims related to Katrina, have been submitted to the U.S. Army Corps of Engineers ("Corps), the majority of which have not been processed. As all SF-95s have not been processed, the United States is currently unable to respond fully to the RFPs.

GENERAL OBJECTION NO. 10: The United States objects to providing information in response to Plaintiffs' RFPs to the extent that they call for information that is confidential and/or sensitive, including information from personnel files and information protected by the Privacy Act, 5 U.S.C. § 552a.

GENERAL OBJECTION NO. 11: The United States objects to all RFPs concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Federal Rule of Civil Procedure 23. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a) states,

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

This administrative claim requirement applies equally to suits filed under the Admiralty Extension Act ("AEA"), 46 U.S.C. § 740. Accordingly, class certification is inappropriate against the United States because the Court will lack jurisdiction over *any* FTCA or AEA actions

(class or individual) in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual claimant.

GENERAL OBJECTION NO. 12: The United States objects to these RFPs because they ask the United States to provide documents and other things that the United States may use to support the potential legal arguments, theories, and conclusions it may use to oppose class certification. Any such discovery requests are premature, as the defendants are not required to present their legal arguments in opposition to class certification until September 28, 2007, pursuant to CMO 4(III)(E)(2), and seek the mental impressions of attorneys that are protected by the work product doctrine. Fed. R. Civ. Pro. 26(b)(3). The United States will present its legal arguments in opposition to class certification when its opposition brief is due, after it has had the opportunity to conduct affirmative discovery on the potential class certification issues.

GENERAL OBJECTION NO. 13: Except for explicit facts admitted herein, no general admission of any nature whatsoever is implied or should be inferred from the United States' Responses to these RFPs.


Without waiving these objections and reserving the right to reassert them at or before any trial or evidentiary hearing in this matter, the United States hereby provides its Responses to the Levee Plaintiffs' First Set of Requests for Production.

## RESPONSES TO LEVEE PLAINTIFFS' FIRST SET OF
## REQUESTS FOR PRODUCTION (RFPs)

Subject to the forgoing conditions and objections, as well as the objections noted herein, the United States responds as follows:

RFP NO. 1:  Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

RESPONSE TO RFP NO. 1:  The United states objects to this RFP because it is overly broad and unduly burdensome.  The United States also objects to this RFP to the extent that it calls for disclosure of information protected by the Privacy Act, 5 U.S.C. § 552a. Notwithstanding and without waiving these objections, the United States produces herewith the SF-95s, or other written notification of an incident and supplemental materials sent therewith, submitted to the Corps purportedly by or on behalf of the proposed named Levee Plaintiffs, with the exception of the three named Plaintiffs for which the Corps has no record of any SF-95s and other supporting documentation.  See Response to RFA No. 1.  These proposed named Levee Plaintiffs have authorized the release of these documents to certain other parties in this action. Accordingly, the United States produces the SF-95s, and other supporting documentation, *only* to those counsel who are authorized to receive them, pursuant to each signed authorization.  The United States also produces the written authorizations purportedly signed by the proposed named Levee Plaintiffs.  The SF-95s, or other written notification of an incident and supplemental materials sent therewith, for the proposed named Levee Plaintiffs are bates-stamped: NRL-500-0025 to NRL-500-0147.  The written authorizations are bates-stamped: REL-001-0002 to REL-

6

001-0055. These documents are located on the Production CD – KC 001, that accompanies these Responses.

RFP NO. 2: Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

RESPONSE TO RFP NO. 2: The United states objects to this RFP because it is overly broad and unduly burdensome. The United States also objects to this RFP because it seeks documents and information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3). Furthermore, the United States also objects to this RFP to the extent that it calls for disclosure of information protected by the Privacy Act, 5 U.S.C. § 552a. The United States also refers the Plaintiffs to General Objection No. 9. Notwithstanding and without waiving its objections, the United States is attempting to locate documents that are responsive to this request. If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 3: Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

RESPONSE TO RFP NO. 3: The United states objects to this RFP because it is overly

7

broad and unduly burdensome. The United States also objects to this RFP because it seeks

documents and information protected by the attorney-client privilege and work-product doctrine.

Fed. R. Civ. P. 26(b)(3). The United States also refers the Plaintiffs to General Objection No. 9.

Notwithstanding and without waiving its objections, the United States is attempting to locate

documents that are responsive to this request. If any non-privileged and non-protected

responsive documents are located, they will be produced in accordance with the Court-approved

Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 4: Please produce a copy of each and every document that you believe supports your

answers to Interrogatories No. 2-4 above, or any of them.

RESPONSE TO RFP No. 4: The United States notes that this RFP demands separate

answers regarding Interrogatories 2-4. The United States construes such as 3 separate RFPs that

will count against the 50 Plaintiffs are permitted to propound pursuant to CMO 4.

RESPONSE TO RFP NO. 4, INTERROGATORY NO. 2: The United states objects to

this RFP because it is overly broad and unduly burdensome. The United States also objects to

this RFP because it seeks documents and information protected by the attorney-client privilege

and work-product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also refers the Plaintiffs

to General Objection No. 9. Notwithstanding and without waiving its objections, the United

States is attempting to locate documents that are responsive to this request. If any non-privileged

and non-protected responsive documents are located, they will be produced in accordance with

the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RESPONSE TO RFP NO. 4, INTERROGATORY NO. 3: The United states objects to

8

this RFP because it is overly broad and unduly burdensome. The United States also objects to this RFP because it seeks documents and information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also refers the Plaintiffs to General Objection No. 9. Notwithstanding and without waiving its objections, the United States is attempting to locate documents that are responsive to this request. If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RESPONSE TO RFP NO. 4, INTERROGATORY NO. 4: The United states objects to this RFP because it is overly broad and unduly burdensome. The United States also objects to this RFP because it seeks documents and information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also refers the Plaintiffs to General Objection No. 9. Notwithstanding and without waiving its objections, the United States refers Plaintiffs to the SF-95s and their supporting documentation produced herewith. See NRL-500-0025 to NRL-500-0147. The United States is attempting to locate additional documents that are responsive to this request. If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 5: Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

RESPONSE TO RFP NO. 5: The United states objects to this RFP because it is overly broad and unduly burdensome. The United States also objects to this RFP because it seeks

9

documents and information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also objects to this RFP because it seeks documents and information that are not reasonably calculated to lead to the discovery of relevant admissible evidence. Notwithstanding and without waiving its objections, the United States is attempting to locate documents that are responsive to this request. If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 6: Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 12 above.

RESPONSE TO RFP NO. 6: The United states objects to this RFP because it is overly broad and unduly burdensome. The United States objects to this RFP because it seeks documents and information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also objects to this RFP because it seeks documents and information that are not reasonably calculated to lead to the discovery of relevant admissible evidence. The United States also objects to the extent this RFP seeks documents and information that is publicly available and, therefore, obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the website containing the IPET report[2] and other documentation that

---

[2] The Plaintiffs are directed to the IPET report as a source containing information which may be responsive to Plaintiffs' discovery request. This reference to the IPET report, and any reference hereafter in the United States' discovery responses, should not be interpreted as an endorsement or adoption of the IPET report by the United States or United States Army Corps of Engineers.

10

may be relevant to this request. See https://ipet.wes.army.mil/. Notwithstanding and without

waiving its objections, the United States is attempting to locate documents that are responsive to

this request. If any non-privileged and non-protected responsive documents are located, they will

be produced in accordance with the Court-approved Document Production Protocol pursuant to

CMO 4 (IV)(C)(2).


RFP NO. 7: Please produce a copy of each and every document that would establish the number

of persons residing on August 28, 2005, in the geographical area encompassed by the Class

definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 7: The United States objects to this RFP because it is overly

broad and unduly burdensome. The United States also objects to the extent this RFP seeks

documents and information that is publicly available and, therefore, obtainable from some other

source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P.

26(b)(2)(C)(i).


RFP NO. 8: Please produce a copy of each and every document that would establish the number

of persons residing in the geographical area encompassed by the Class definition, or any

Sub-Class of it, since August 29, 2005.

RESPONSE TO RFP NO. 8: The United States objects to this RFP because it is overly

broad and unduly burdensome. The United States also objects to the extent this RFP seeks

documents and information that is publicly available and, therefore, obtainable from some other

source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P.

11

26(b)(2)(C)(i).

RFP NO. 9:  Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 9:  The United States objects to this RFP because it is overly broad and unduly burdensome.  The United States also objects to this RFP because the phrase "source of any inundation" is vague and ambiguous.  The United States also objects to the extent this RFP seeks documents and information that is publicly available and, therefore, obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States refers Plaintiffs to the website containing the IPET report and other documentation that may be relevant to this request.  See https://ipet.wes.army.mil/.  Notwithstanding and without waiving its objections, the United States is attempting to locate documents that are responsive to this request.  If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 10:  Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 10:  The United States objects to this RFP because it is overly broad and unduly burdensome.  The United States also objects to this RFP because the phrase

12

"cause of any inundation" is vague and ambiguous.  The United States also objects to the extent

this RFP seeks documents and information that is publicly available and, therefore, obtainable

from some other source that is more convenient, less burdensome, and less expensive.  Fed. R.

Civ. P. 26(b)(2)(C)(i).  The United States refers Plaintiffs to the website containing the IPET

report and other documentation that may be relevant to this request.  See

https://ipet.wes.army.mil/.  Notwithstanding and without waiving its objections, the United States

is attempting to locate documents that are responsive to this request.  If any non-privileged and

non-protected responsive documents are located, they will be produced in accordance with the

Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 11:  Please produce a copy of each and every document that discusses, analyzes,

depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the

geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 11:  The United States objects to this RFP because it is overly

broad and unduly burdensome.  The United States also objects to this RFP because the phrase

"process of any inundation" is vague and ambiguous.  The United States also objects to the

extent this RFP seeks documents and information that is publicly available and, therefore,

obtainable from some other source that is more convenient, less burdensome, and less expensive.

Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States refers Plaintiffs to the website containing the

IPET report and other documentation that may be relevant to this request.  See

https://ipet.wes.army.mil/.  Notwithstanding and without waiving its objections, the United States

is attempting to locate documents that are responsive to this request.  If any non-privileged and

13

non-protected responsive documents are located, they will be produced in accordance with the
Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 12:  Please produce a copy of each and every document that discusses, analyzes,
depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the
geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 12:  The United States objects to this RFP because it is overly
broad and unduly burdensome.  The United States also objects to this RFP because the phrase
"timing of any inundation" is vague and ambiguous.  The United States also objects to the extent
this RFP seeks documents and information that is publicly available and, therefore, obtainable
from some other source that is more convenient, less burdensome, and less expensive. Fed. R.
Civ. P. 26(b)(2)(C)(i).  The United States refers Plaintiffs to the website containing the IPET
report and other documentation that may be relevant to this request.  See
https://ipet.wes.army.mil/.  Notwithstanding and without waiving its objections, the United States
is attempting to locate documents that are responsive to this request.  If any non-privileged and
non-protected responsive documents are located, they will be produced in accordance with the
Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 13:  Please produce each and every document that discusses, analyzes, depicts,
illustrates, simulates, or otherwise reflects the depth of any inundation within the geographical
area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 13:  The United States objects to this RFP because it is overly

14

broad and unduly burdensome. The United States also objects to this RFP because the phrase "depth of any inundation" is vague and ambiguous. The United States also objects to the extent this RFP seeks documents and information that is publicly available and, therefore, obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the website containing the IPET report and other documentation that may be relevant to this request. See https://ipet.wes.army.mil/. Notwithstanding and without waiving its objections, the United States is attempting to locate documents that are responsive to this request. If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 14: Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the duration of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 14: The United States objects to this RFP because it is overly broad and unduly burdensome. The United States also objects to this RFP because the phrase "duration of any inundation" is vague and ambiguous. The United States also objects to the extent this RFP seeks documents and information that is publicly available and, therefore, obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the website containing the IPET report and other documentation that may be relevant to this request. See https://ipet.wes.army.mil/. Notwithstanding and without waiving its objections, the United States

15

is attempting to locate documents that are responsive to this request. If any non-privileged and
non-protected responsive documents are located, they will be produced in accordance with the
Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 15: Please produce a copy of each and every document that discusses, analyzes,
depicts, illustrates, simulates, or otherwise reflects the receding of any inundation within the
geographical area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 15: The United States objects to this RFP because it is overly
broad and unduly burdensome. The United States also objects to this RFP because the phrase
"receding of any inundation" is vague and ambiguous. The United States also objects to the
extent this RFP seeks documents and information that is publicly available and, therefore,
obtainable from some other source that is more convenient, less burdensome, and less expensive.
Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the website containing the
IPET report and other documentation that may be relevant to this request. See
https://ipet.wes.army.mil/. Notwithstanding and without waiving its objections, the United States
is attempting to locate documents that are responsive to this request. If any non-privileged and
non-protected responsive documents are located, they will be produced in accordance with the
Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

RFP NO. 16: Please produce a copy of each and every document that discusses, analyzes,
depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of
precipitation during the period August 27, 2005, and September 1, 2005, within the geographical

16

area encompassed by the Class definition, or any Sub-Class of it.

RESPONSE TO RFP NO. 16: The United States objects to this RFP because it is overly broad and unduly burdensome. The United States also objects to the extent this RFP seeks documents and information that is publicly available and, therefore, obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the website containing the IPET report and other documentation that may be relevant to this request. See https://ipet.wes.army.mil/. Notwithstanding and without waiving its objections, the United States is attempting to locate documents that are responsive to this request. If any non-privileged and non-protected responsive documents are located, they will be produced in accordance with the Court-approved Document Production Protocol pursuant to CMO 4 (IV)(C)(2).

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

THEODORE L. HUNT
Trial Attorney, Torts Branch
TARA A. BOWMAN
Trial Attorney, Torts Branch

17

TRACI L. COLQUETTE
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
(202) 305-7536/(202) 616-5200 (FAX)

Attorneys for the United States of America

Dated: April 30, 2007.

18

## CERTIFICATE OF SERVICE

I, Theodore L. Hunt, hereby certify that on April 3ₒ, 2007, I served a true copy of Defendant United States' Responses to the Levee Plaintiffs' First Set of Requests for Production upon Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel by email and Federal Express, for circulation to the respective parties.

Plaintiff Liaison Counsel
Joseph M. Bruno
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana 70113
joe@brunobrunolaw.com
stephaniep@brunobrunolaw.com

Defendant's Liaison Counsel
Ralph S. Hubbard III
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
rhubbard@lawla.com
sschmeeckle@lawla.com


Theodore L. Hunt