UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | §<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| FILED IN:<br>        06-1885, 06-4634, 06-5042, 06-5159,<br>        06-5163, 06-5771, 07-0206, 07-0647,<br>        07-1284, 07-1286, 07-1288, 07-1289 | §<br>§<br>§<br>§<br>§<br>§ | |
| PERTAINS TO: LEVEE | §<br>§<br>§ | |

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO
THE LEVEE PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Case Management and

Scheduling Order No. 4 (CMO 4), Defendants United States of America and the U.S. Army

Corps of Engineers (collectively herein, the "United States")[1] hereby provide Responses to the

Levee Plaintiffs' First Set of Requests for Interrogatories. These Responses relate only to the

---

[1] The United States Army Corps of Engineers cannot be sued eo nomine under the
Federal Tort Claims Act. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181,
183 (5th Cir. 1988).

EXHIBIT
3

civil actions to which the United States is a named defendant. In addition, these Responses are made on behalf of the United States, and not on behalf of any other Defendants.

Several of Plaintiffs' interrogatories demand answers to more than one query and may not properly be viewed as individual interrogatories or subparts of individual interrogatories as defined in ¶ III(B)(2) of CMO 4, issued March 1, 2007. The United States construes such interrogatories as multiple interrogatories which count against the 25 interrogatories that Plaintiffs are permitted to propound pursuant to CMO 4. Specifically, the United States contends that Interrogatory No. 1 counts as 50 individual interrogatories. By answering Plaintiffs' First Interrogatories the United States has answered 63 (50+13) interrogatories, 38 in excess of the 25 interrogatories Plaintiffs are permitted to propound under CMO 4.

## GENERAL OBJECTIONS

The following general objections are continuing in nature and apply to each Interrogatory, and are hereby incorporated into each Response provided, as if fully set forth therein, unless expressly waived with regard to a particular Interrogatory.

GENERAL OBJECTION NO. 1: The United States objects to any definition or instruction in Plaintiffs' Interrogatories, including those referenced in the Levee Master Complaint, insofar as they purport to broaden the United States' obligations under the Federal Rules of Civil Procedure in answering these Interrogatories.

GENERAL OBJECTION NO. 2: The definitions and instructions render many of the Interrogatories vague, ambiguous, incomprehensible, or otherwise objectionable.

GENERAL OBJECTION NO. 3: The United States objects to Plaintiffs' definitions of and references to any "class," "class member," "class representative," or "sub-class," as

2

described in Plaintiffs' First Set of Interrogatories, as well as those referenced in the Levee

Master Complaint.

GENERAL OBJECTION NO. 4:  The Interrogatories as propounded are overly broad,

unduly burdensome, and request information that is not reasonably calculated to lead to the

discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).

GENERAL OBJECTION NO. 5:  The Interrogatories as propounded are vague and

ambiguous.

GENERAL OBJECTION NO. 6:  The United States objects to providing information in

response to Plaintiffs' Interrogatories to the extent that they call for information that is not within

the custody, control or possession of the United States.

GENERAL OBJECTION NO. 7:  The United States objects generally to all

Interrogatories, as well as the instructions contained therewith, which call for information

covered by the attorney-client privilege or any other applicable privilege, including but not

limited to work-product protection.

GENERAL OBJECTION NO. 8:  The United States has not completed its investigation

of the facts relating to this action; has not interviewed all potential witnesses; has not completed

discovery; and has not completed its preparation for any trial or evidentiary hearing in this

matter.  Accordingly, the Responses are given without prejudice to the United States' right to

produce, at any time, subsequently discovered evidence relating to presently known material facts

and to produce all evidence, whenever discovered, relating to subsequently discovered material

facts.

GENERAL OBJECTION NO. 9:  The United States objects to any discovery concerning

3

the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Rule

23 because it has not yet completed reviewing and processing all of the Standard Form 95s ("SF-

95s") it has received that purportedly assert claims for damages related to Hurricane Katrina

(hereinafter, "Katrina").   To date, the United States estimates that approximately 325,000 SF-

95s, purporting to be administrative claims related to Katrina, have been submitted to the U.S.

Army Corps of Engineers ("Corps), the majority of which have not been processed.  As all SF-

95s have not been processed, the United States is currently unable to respond fully to the

Interrogatories.

GENERAL OBJECTION NO. 10:  The United States objects to providing information in

response to Plaintiffs' Interrogatories to the extent that they call for information that is

confidential and/or sensitive, including information from personnel files and information

protected by the Privacy Act, 5 U.S.C. § 552a.

GENERAL OBJECTION NO. 11:  The United States objects to all Interrogatories

concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case

pursuant to Federal Rule of Civil Procedure 23.  The Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2675(a) states,

> "An action shall not be instituted upon a claim against the United States
> for money damages for injury or loss of property or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment, unless
> the claimant shall have first presented the claim to the appropriate Federal
> agency and his claim shall have been finally denied by the agency in writing
> and sent by certified or registered mail.  The failure of an agency to make final
> disposition of a claim within six months after it is filed shall, at the option of
> the claimant any time thereafter, be deemed a final denial of the claim for
> purposes of this section."

4

This administrative claim requirement applies equally to suits filed under the Admiralty Extension Act ("AEA"), 46 U.S.C. § 740. Accordingly, class certification is inappropriate against the United States because the Court will lack jurisdiction over *any* FTCA or AEA actions (class or individual) in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual claimant.

GENERAL OBJECTION NO. 12: The United States objects to these Interrogatories because they ask the United States to provide the potential legal arguments, theories, and conclusions it may use to oppose class certification. Any such discovery requests are premature, as the defendants are not required to present their legal arguments in opposition to class certification until September 28, 2007, pursuant to CMO 4(III)(E)(2), and seek the mental impressions of attorneys that are protected by the work product doctrine. Fed. R. Civ. Pro. 26(b)(3). The United States will present its legal arguments in opposition to class certification when its opposition brief is due, after it has had the opportunity to conduct affirmative discovery on the potential class certification issues.

GENERAL OBJECTION NO. 13: Except for explicit facts admitted herein, no general admission of any nature whatsoever is implied or should be inferred from the United States' Responses to these Interrogatories.

Without waiving these objections and reserving the right to reassert them at or before any trial or evidentiary hearing in this matter, the United States hereby provides its Responses to the Levee Plaintiffs' First Set of Interrogatories.

**RESPONSES TO LEVEE PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Subject to the forgoing conditions and objections, as well as the objections noted herein, the United States responds as follows:

INTERROGATORY NO. 1:  For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

RESPONSE TO INTERROGATORY NO. 1:  The United States objects to this Interrogatory in its entirety because it is overly broad and unduly burdensome.  The United States objects to this interrogatory as it demands separate answers addressing each of the 50 propounded Requests for Admission (RFAs).  The United States, therefore, construes this Interrogatory as 50 separate interrogatories.  See Estate of Manship v. United States, 232 F.R.D. 552 (M.D. La. 2005).  By responding to Interrogatory No. 1, the United States will have responded to 50 interrogatories, 25 in excess of the number of interrogatories the Plaintiffs are permitted to propound in accordance with CMO 4.

The United States refers the Plaintiffs to its objections and responses to each RFA, and to General Objection Nos. 11 and 12.  The United States' objections to each specific RFA also apply to each corresponding response to Interrogatory No. 1, below.

Unless otherwise specified below, because the Plaintiffs' RFAs almost universally call for legal conclusions, the United States' responses to Plaintiffs' RFAs concerning class certification were formulated by counsel for the United States.  Identification of the specific

6

names of and information possessed by litigation counsel is subject to the attorney-client privilege, and/or protected by the attorney work product doctrine. Therefore, the United States objects to Interrogatory 1 in its entirety on this basis as well.

Notwithstanding and without waiving any of its objections, the United States explains the bases for its denials or qualifications of responses to the RFAs as follows:

*Response to Interrogatory No. 1, RFA No. 1:*

Angela Drinkwitz, Claims Administrator, provided copies of the SF-95s which appear to have been submitted by the Levee proposed class representatives.

The Corps confirms that it has received SF-95s from the following named plaintiffs, whom Levee Plaintiffs' counsel have identified as proposed "class representatives":

> Michelle Hennessey
> Leo Mitchell
> Lenniece Morrell
> Charles Moses
> Laura Greer
> Gary Greer
> Gertrude Esteves
> Stella Washington
> John B. Williams
> Emanuel Wilson
> Lucinda Coco
> Leslie Dorantes
> Anita Harrison
> Trenise Jackson
> Dwayne Mallett
> Donna Augustine
> Gladys La Beaud
> Daisy Innis
> Betty Jones
> Joella Cephas
> Beatrice Drew
> Eddie Knighten
> Calvin Levy

7

Nicola McCathen

At present, the Corps has no record of SF-95s for the following proposed "class representative" Levee Plaintiffs:

Laurie Coniglio
Alice Meyer
Denise Meade

***Response to Interrogatory No. 1, RFA No. 2:***

The United States provides the following examples of legal deficiencies within the administrative claims of the proposed class representatives that it has identified to date. However, these illustrative examples are not exhaustive of the legal deficiencies that may exist within the administrative claims of the proposed class representatives or any proposed class members.

Several of the proposed class representatives filed a lawsuit before exhausting their administrative remedies. Thus, their suits against the United States are premature because they have not exhausted their administrative remedies in accordance with 28 U.S.C. § 2675(a), which is a statutorily mandated prerequisite to suit against the United States under the FTCA. The provisions of 28 U.S.C. § 2675(a) are jurisdictional in nature and cannot be waived. Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981). The passage of time cannot cure the jurisdictional defect resulting from the premature commencement of an action. See McNeil v. United States, 508 U.S. 106, 112 (1993); Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995) ("The subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. 2675(a), which declares that 'an action shall not be instituted' unless the plaintiff has filed an

8

administrative claim and either obtained a written denial or waited six months. . . . An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." (citing <u>McNeil</u> and <u>Gregory</u>)). The only way to sure the jurisdictional defect to is file a new suit. <u>See, e.g.,</u> In Re <u>Katrina Canal</u> <u>Breaches Consolidated Litigation</u>, Record Docket No. 788, pp. 29-33 (dismissing plaintiffs' suit without prejudice for failure to comply with 28 U.S.C. § 2675(a)). At present, the United States has identified the following proposed Levee class representatives who have filed their suits before exhausting their administrative remedies: Laura Greer, Gary Greer, Gertrude Esteves, Stella Washington, Emanuel Wilson, Gladys Le Beaud, Daisy Innis, Betty Jones, Beatrice Drew, and Calvin Levy, Jr.

In addition, certain purported class representatives failed to include required information in their SF-95s. For example, Gertrude Esteves appears to assert a claim for personal injury, but does not include a sum certain amount of damages. The box on the form for identifying a sum certain for her alleged personal injury damages states "depressed mind."

*Response to Interrogatory No. 1, RFA No. 3:*

The United States has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina set forth in any Form 95 submitted to the Corps by any proposed "class or sub-class representative."

*Response to Interrogatory No. 1, RFA No. 4:*

The United States has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina set forth in any Form 95 submitted to the Corps by any proposed "class or sub-class representative." The United States cannot answer for other

9

Defendants.

*Response to Interrogatory No. 1, RFA No. 5:*

The United States refers the Plaintiffs to the affirmative defenses set forth in United States' Answer to Levee Master Complaint.

*Response to Interrogatory No. 1, RFA No. 6:*

The United States does not know, at this early stage, whether each proposed class representative suffered "some damage" as a result of any flooding or inundation associated with Hurricane Katrina. The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery. The proposed class representatives have not responded to the United States' written discovery and have not been deposed.

*Response to Interrogatory No. 1, RFA No. 7:*

The United States does not know, at this early stage, whether each proposed class representative suffered damage to real property as a result of any flooding or inundation associated with Hurricane Katrina. The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery. The proposed class representatives have not responded to the United States' written discovery and have not been deposed.

*Response to Interrogatory No. 1, RFA No. 8:*

The United States does not know, at this early stage, whether each proposed class representative suffered damage to personal property as a result of any flooding or inundation associated with Hurricane Katrina. The United States has not completed its investigation of the

10

facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery. The proposed class representatives have not responded to the United States' written discovery and have not been deposed.

*Response to Interrogatory No. 1, RFA No. 9:*

As the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the administrative claim requirements.

*Response to Interrogatory No. 1, RFA No. 10:*

As the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the administrative claim requirements.

*Response to Interrogatory No. 1, RFA No. 11:*

As the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United

11

States since the proposed class would consist solely of those who have satisfied the administrative claim requirements.

*Response to Interrogatory No. 1, RFA No. 12:*

As the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the administrative claim requirements.

*Response to Interrogatory No. 1, RFA No. 13:*

As the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the administrative claim requirements.

*Response to Interrogatory No. 1, RFA No. 14:*

As the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the

administrative claim requirements.

*Response to Interrogatory No. 1, RFA No. 15:*

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 15:*

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 16:*

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 17:*

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 18:*

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 19:*

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 20:*

Plaintiffs' appear to be implying that Fed. R. Civ. P. 23(b)(1)(A) is applicable to this case. However, this subsection applies in cases "'where the party is obliged by law to treat the

members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity...." Achem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997), citing Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv. L.Rev. 356, 388. This subsection is not applicable to the instant case.

*Response to Interrogatory No. 1, RFA No. 21:*

Plaintiffs appear to be implying that Fed. R. Civ. P. 23(b)(1)(B) is applicable in this case. However, this subsection applies to "limited fund" cases–instances in which numerous persons make claims against a fund insufficient to satisfy all claims. See Achem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997).   In the current case, there is no such "limited fund" held by the United States.

*Response to Interrogatory No. 1, RFA No. 22:*

Plaintiffs have cited Louisiana Civil Code art. 2317 in their Master Complaint as part of their claims based on strict liability.  Levee Master Consolidated Class Action Complaint ¶¶ 266, 270. The United States is not subject to liability without fault.

*Response to Interrogatory No. 1, RFA No. 23:*

The United States has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina submitted to the Corps via SF-95 by any proposed Levee class member.

*Response to Interrogatory No. 1, RFA No. 24:*

The United States has not paid, settled, or otherwise resolved, in whole or in part, any purported claims related to Katrina submitted to the Corps via SF-95 by any proposed Levee

class member.

*Response to Interrogatory No. 1, RFA No. 25:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, and has not completed discovery.

*Response to Interrogatory No. 1, RFA No. 26:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

There cannot be a class-wide determination of causation. Given the various waterways and sources of water that may have caused or contributed to any individual class member's damages, along with the differing roles that various Defendants played in the design, construction, maintenance, and operation of the various waterways, each class member's claims will be highly individualized with respect to causation and therefore inappropriate for class certification. See Steering Committee v. Exxon Mobile Corp., 461 F.3d 598, 602 (5th Cir. 2006) (denying class certification in a mass tort case in which plaintiffs claims required individualized determination of causation and damages). Moreover, many of the members of the proposed class and subclasses may have suffered damages attributable to wind and rain rather than or in addition to flooding.

Further, each individual class member's damages also will require individualized proof. For example, as Judge Feldman recently held, each property owner who had real and personal property damaged in Hurricane Katrina is uniquely situated:

15

> No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars, depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage. Thus, at least with respect to the issue of damages, each individual claim will require particular evidence to establish the cause of and the extent of the loss.

Rohr v. Metro. Ins. & Cas. Co., No. 06-10511, 2007 WL 163037, at *3 (E.D. La. Jan. 17, 2007).

The personal injury claims in this case also will require individualized proof. For example, if the SF95s submitted by the proposed class representatives are any indication, then it is likely that most proposed class members will be claiming damages for mental distress or emotional injuries. "'The very nature of these damages, compensating plaintiffs for emotional and other intangible injuries, necessarily implicates the subjective differences of each plaintiff's circumstances; they are an individual, not class-wide, remedy.'" Exxon, 461 F.3d at 602 (citing Allison v. Citgo Petroleum Corp., 151 F.3d 402, 417 (5th Cir. 1998)).

Thus, in this case, there are no meaningful "common" questions of fact or law, as that term is used in Federal Rule of Civil Procedure 23, that could serve at the basis for representative litigation. See Sprague v. General Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998) (explaining that "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What we are looking for is a common issue the resolution of which will advance the litigation.").

*Response to Interrogatory No. 1, RFA No. 27:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26,

16

as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 28:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 29:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 30:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 31:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 32:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 33:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 34:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 35:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 36:*

The United States objects to this interrogatory because it exceeds the number of

18

interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 37:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 38:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 39:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 40:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26,

as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 41:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 42:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA 43:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

To the extent the purported class members have not exhausted their administrative remedies, they are in a different position than those purported class members/proposed class representatives who have. Accordingly, counsel cannot represent them all in the same manner. Given the inherent conflicts within the proposed class, any counsel purporting to represent the proposed class would be inadequate.

*Response to Interrogatory No. 1, RFA No. 44:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

As noted in the objections to this RFA, several of the terms in this request are vague and ambiguous, so much so that no meaningful response can be made at this time. Moreover, claims for "the breakdown in social structure and loss of cultural heritage" are not cognizable under the FTCA. See 28 U.S.C. § 1346(b)(1).

*Response to Interrogatory No. 1, RFA No. 45:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

As noted in the objections to this RFA, several of the terms in this request are vague and ambiguous, so much so that no meaningful response can be made at this time. Moreover, claims for "alteration of the physical, economic, political, social, and psychological character of the New Orleans area" are not cognizable under the FTCA. See 28 U.S.C. § 1346(b)(1).

*Response to Interrogatory No. 1, RFA No. 46:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

*Response to Interrogatory No. 1, RFA No. 47:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

21

*Response to Interrogatory No. 1, RFA No. 48:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

Expert testimony – if it meets the standards required by the Federal Rules of Evidence and <u>Daubert</u> – may assist a trier of fact in analyzing and, if possible, determining the sources of water affecting *some* types of individual property, on an individual basis. No analysis, however, can be made on a classwide or sub-classwide basis as proposed in the Levee Master Complaint.

*Response to Interrogatory No. 1, RFA 49:*

The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The Corps has analyzed the "breach" sites in order to determine whether levees and floodwalls were overtopped or breached. The IPET team[2] has analyzed sources of flooding affecting properties encompassed by the geographical area defined by Plaintiffs as the area encompassed by the proposed Class and Sub-Classes.

INTERROGATORY NO. 2: If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you

_____

[2] The Plaintiffs are directed to the IPET report as a source containing information which may be responsive to Plaintiffs' discovery request. This reference to the IPET team and report, and any reference hereafter in the United States' discovery responses, should not be interpreted as an endorsement or adoption of the IPET report by the United States or United States Army Corps of Engineers.

22

believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

RESPONSE TO INTERROGATORY NO. 2: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

Notwithstanding and without waiving these objections, the United States responds that, as the court will lack jurisdiction over any FTCA and AEA class actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the administrative claim requirements.

INTERROGATORY NO. 3: If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

RESPONSE TO INTERROGATORY NO. 3: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to

23

propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

Notwithstanding and without waiving these objections, the United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

In addition, the United States responds that the proposed class representatives' claims do not satisfy the typicality requirement of Fed. R. Civ. P. 23 to the extent that the proposed class representatives have exhausted their administrative remedies under the AEA and FTCA and the proposed class members have not.

INTERROGATORY NO. 4: If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

RESPONSE TO INTERROGATORY NO. 4: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

Notwithstanding and without waiving these objections, the United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

In addition, the United States responds that the proposed class representatives' claims do not satisfy the adequacy requirement of Fed. R. Civ. P. 23 because, to the extent that the proposed class representatives have exhausted their administrative remedies under the AEA and

24

FTCA, they will be unable to adequately represent those class members who have not properly exhausted their administrative remedies.

INTERROGATORY NO. 5: Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you. If the answer is "none known at this time" please say so.

RESPONSE TO INTERROGATORY NO. 5: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

Notwithstanding and without waiving these objections, the United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

In addition, the United States responds that, to the extent that the proposed class representatives have exhausted their administrative remedies under the AEA and FTCA and the proposed class members have not, the failure to exhaust administrative remedies would be one such defense. There are potentially numerous other defenses which the United States could assert against the purported class members, but it is impossible to tell what those defenses are until the individuals have actually filed suit against the United States.

INTERROGATORY NO. 6: Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

25

RESPONSE TO INTERROGATORY NO. 6: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

The Unites States objects to this Interrogatory as it is vague and ambiguous with regard to the word "some."

Notwithstanding and without waiving these objections, the United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

INTERROGATORY NO. 7: Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and (ii) state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

RESPONSE TO INTERROGATORY NO. 7: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

Notwithstanding and without waiving these objections, the United States hereby incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

In addition, the United States responds that, to the extent that the proposed class

26

representatives have exhausted their administrative remedies under the AEA and FTCA and the

proposed class members have not, the failure to exhaust administrative remedies would be one

such example. There are potentially numerous other differences in questions of law or fact that

would affect the potential class members' claims and not the class representatives' claims, but it

is impossible to tell what those are until the individuals have actually filed suit against the United

States.

INTERROGATORY NO. 8: Do you agree that a class action trial is the superior method for the

fair and efficient adjudication of the controversies raised in this action vis-a-vis the members of

the Class and five Sub-Classes? If not, please (i) state in detail why you disagree, and (ii)

describe any and every procedure you contend would be superior, including in your description

the reasons it would be superior.

RESPONSE TO INTERROGATORY NO. 8: The United States objects to this

interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to

propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

Notwithstanding and without waiving these objections, the United States hereby

incorporates its Response to Interrogatory No. 1, RFA No. 26, as if fully set forth herein.

In addition, the United States responds that it does not agree that a class action trial is the

superior method for the fair and efficient adjudication of the controversies raised in this action

vis-a-vis the members of the proposed class and sub-classes. Plaintiffs have the burden of

proving superiority and will not be able to do so. "Mass torts resulting in injuries to numerous

27

persons are ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present, affecting the individuals in different ways." Exxon, 461 F.3d at 604 (5th Cir. 2006). "In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried." Id.

In this case, the proofs required to show causation, resulting injury, and allocation of fault will depend on individualized facts and evidence. Each of these determinations would require a mini-trial to address these individual proofs. As has been discussed through out these responses to interrogatories, there also must be individual determinations as to whether each purported class member has properly exhausted his administrative remedies. In addition, the United States will have defenses that are unavailable to other defendants, and jury trials are not available against the United States under the FTCA. All of these factors will result in an unworkable trial plan.

For these reasons, the United States submits that individual trials are superior to a class trial. Given the nature of the plaintiffs' claims, individual class members have an incentive to bring and control their own claims should they choose to do so. The plaintiffs' individual claims are not small or negative-value claims. To the contrary, if the SF95s of the proposed class representatives are any indication, the plaintiffs will be individually claiming hundreds of thousands, or even millions, of dollars in damages against the United States.

INTERROGATORY NO. 9: Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

28

RESPONSE TO INTERROGATORY NO. 9:  The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the Plaintiffs to General Objection Nos. 11 and 12.

The United States objects to this Interrogatory as it is vague, ambiguous, and overly-broad to the extent it asks for the identification of "every difficulty."

Notwithstanding and without waiving these objections, the United States hereby incorporates its Responses to Interrogatory No. 1, RFA No. 26, and Interrogatory No. 8, as if fully set forth herein.


INTERROGATORY NO. 10:  Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

RESPONSE TO INTERROGATORY NO. 10:  The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the plaintiffs to General Objection No. 9.

Notwithstanding and without waiving these objections, the United States responds that the Corps is still attempting to process all of the administrative claims it has received that are purportedly related to Katrina.  The Corps does not yet know the total number of SF-95s that it has received.  However, it estimates that, as of April 26, 2007, it has received approximately 325,000 SF-95s purporting to be administrative claims related to Katrina.

INTERROGATORY NO. 11:  Please describe in detail the ways in which the information

contained in the Form 95s described in the preceding interrogatory has been compiled and

collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc.,

including each format in which such compiled and/or collated information exists, e.g., database,

spreadsheet, physical repository, etc.

RESPONSE TO INTERROGATORY NO. 11:  The United States objects to this

interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to

propound pursuant to CMO 4.

The United States refers the plaintiffs to General Objection No. 9.

The United States objects to this interrogatory to the extent it seeks information protected

by the attorney-client and work product doctrine.  Fed. R. Civ. P. 26(b)(3).

Notwithstanding and without waiving these objections, the United States responds that

the majority of the Form 95s received by the Corps in connection with Katrina are currently

organized by the date of their receipt and are being processed at a facility in London, Kentucky.

Approximately 32,000 SF-95s are currently at the office of the New Orleans Corps of Engineers

awaiting transport to the London, Kentucky facility.  The United States has hired a contractor to

scan all of the SF-95s received by the Corps in connection with Katrina.  Once all of the SF-95s

have been counted and scanned, it is anticipated that certain information from the SF-95s will be

collected.  This information may include, to the extent provided in the SF-95s, claimants' names

and addresses, any counsels' names and addresses, and limited information concerning the types

of injuries and damages claimed.  It is uncertain at this time how long it will take the contractor

to complete this process.  Based upon a preliminary estimate, it is expected to take at least eight

(8) weeks. Hard copies of the claims will be kept at the New Orleans office of the Corps of Engineers once they have been scanned and the information noted above has been collected.

INTERROGATORY NO. 12: Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

RESPONSE TO INTERROGATORY NO. 12: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States objects to this interrogatory as being overly broad and unduly burdensome. This information can be obtained from other sources that are more convenient, less burdensome, and less expensive.

The United States further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3).

Notwithstanding and without waiving these objections, the United States responds that information which may be responsive to this request was made available through the United States' initial disclosures pursuant to CMO 4 (IV)(A)(1)(c). See IPET Report, available at https://ipet.wes.army.mil/.

INTERROGATORY NO. 13: Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled

sources).

RESPONSE TO INTERROGATORY NO. 13:  The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States objects to this interrogatory as being overly broad and unduly burdensome.  This information can be obtained from other sources that are more convenient, less burdensome, and less expensive.

The United States also objects to this interrogatory because the phrase "source of inundation" is vague and ambiguous.

The United States further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine.  Fed. R. Civ. P. 26(b)(3).

Notwithstanding and without waiving these objections, the United States responds that information which may be responsive to this request was made available through the United States' initial disclosures pursuant to CMO 4 (IV)(A)(1)(c).  See IPET Report, available at https://ipet.wes.army.mil/.

INTERROGATORY NO. 15:  Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production.

RESPONSE TO INTERROGATORY NO. 15:  The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to

propound pursuant to CMO 4.

Further, the United States objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also objects to the extent that this interrogatory calls for the disclosure of information protected by the Privacy Act, 5 U.S.C. § 552a.

Notwithstanding and without waiving these objections, several attorneys within the United States Army Corps of Engineers Office of Counsel and the Department of Justice assisted in the formulation of the responses – particularly in response to the numerous Requests for Admission, Interrogatories, and Requests for Production that call for legal conclusions or ask the United States to address legal issues. In addition, Angela Drinkwitz, Claims Administrator, United States Army Corps of Engineers, New Orleans, LA, assisted in the formulation of these responses to the extent that she provided copies of the SF95s submitted to the Corps by the proposed class representatives.

As to Objections and Responses to Interrogatories calling for legal conclusions or statements,

PETER KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

33

_Theodore L. Hunt_

THEODORE L. HUNT
Trial Attorney, Torts Branch
TARA A. BOWMAN
Trial Attorney, Torts Branch
TRACI L. COLQUETTE
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
(202) 305-7536/(202) 616-5200 (FAX)

Attorneys for the United States of America

Dated: April 30, 2007.

34

## VERIFICATION

I declare under penalty of perjury that the foregoing Responses to the First Set of

Interrogatories propounded by The Levee Plaintiffs are true and correct to my best information

and belief, based upon a review of available records and consultation with other agency

employees.

Murray P. Starkel
LTC, EN
Deputy District Commander
New Orleans District
United States Army Corps of Engineers

Dated this _30th_ day of April, 2007.

## CERTIFICATE OF SERVICE

I, Theodore L. Hunt, hereby certify that on April $3\vartheta$, 2007, I served a true copy of Defendant United States' Responses to the Levee Plaintiffs' First Set of Interrogatories upon Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel by email and Federal Express, for circulation to the respective parties.

Plaintiff Liaison Counsel
Joseph M. Bruno
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana 70113
joe@brunobrunolaw.com
stephaniep@brunobrunolaw.com

Defendant's Liaison Counsel
Ralph S. Hubbard III
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
rhubbard@lawla.com
sschmeeckle@lawla.com


Theodore L. Hunt