## I. REQUESTS FOR ADMISSION

**GENERAL PRINCIPLE:** Fed.R.Civ.P. 36 (a) provides that a party may serve upon any other party a written request for admission of the truth of the matters set forth in the request that relate to statements, or opinions of fact *or the application of law to fact.*

**NO. 9:** Numerosity issue.  Request for admission concerns the whole class.  The USA is in possession of information regarding the number of persons affected locally by Hurricane Katrina based upon, e.g., the extent of flooding, FEMA aid claims, FEMA trailer requests, U.S. mail forwarding requests, SBA loan requests, etc. Further, the USA is under a good faith requirement to explain its denial that joinder of all persons and entities claimant is impractical.

**NO. 10:** Same numerosity issues raised as in No. 9, except limited to Subclass One.

**NO. 11:** Same numerosity issues raised as in No. 9, except limited to Subclass Two.

**NO. 12:** Same numerosity issues raised as in No. 9, except limited to Subclass Three.

**NO. 13:** Same numerosity issues raised as in No. 9, except limited to Subclass Four.

**NO. 14:** Same numerosity issues raised as in No. 9, except limited to Subclass Five.

**NO. 15(1):** Geographic dispersal issue. Request for admission concerns the whole class. Upon information and belief, the USA has been presented with tens of thousands of SF-95's which each identify a unique location where injury to or loss of property, personal injury, or death is alleged to have occurred by reason of the Hurricane Katrina-related flooding.  The USA knows or has access to readily obtainable information regarding claimants' geographic disbursal.

**NO. 15(2):** Same dispersal issues raised as in No. 15(1), except limited to Subclass One.

**NO. 16:** Same dispersal issues raised as in No. 15(1), except limited to Subclass Two

**NO. 17:** Same dispersal issues raised as in No. 15(1), except limited to Subclass Three.

**NO. 18:** Same dispersal issues raised as in No. 15(1), except limited to Subclass Four.

**NO. 19:** Same dispersal issues raised as in No. 15(1), except limited to Subclass Five.

**NO. 20:** The USA is under a good faith requirement to explain its denial that the filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

**NO. 21:** The USA is under a good faith requirement to explain its denial that the filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

**NO. 22:** The MRGO and IHNC are presently navigable water bodies of the USA, and the USA is able to admit it had their "garde" or explain who else did.

**NO. 25:** Concerns the entire class. At a bare minimum, the USA knows if the addresses set forth on the proposed class members' SF-95's was flooded (and to what depth). It is in a position to admit or deny that each member of the Class, as defined, suffered some damage as a result of inundation.

**NO. 26:** Upon information and belief, a large body of information exists with regard to the areas inundated subsequent to the failure of the 17th Street Canal and the overtopping of the south end of the Orleans Canal, or both. That information, coupled with address information contained in Subclass One claimants' SF-95's, enables the USA to admit this RFA or identify an alternative source of initial inundation.

**NO. 27:** Upon information and belief, a large body of information exists with regard to the areas inundated subsequent to the overtopping of the south end of the Orleans Canal or the failure of the London Avenue Canal, or both. That information, coupled with address information contained in Subclass Two claimants' SF-95's, enables the USA to admit this RFA or identify an alternative source of initial inundation.

**NO. 28:** Upon information and belief, a large body of information exists with regard to the areas inundated subsequent to the failure of the London Avenue Canal and the IHNC, or both. That information, coupled with address information contained in Subclass Three claimants' SF-95's, enables the USA to admit this RFA or identify an alternative source of initial inundation.

**NO. 29:** Upon information and belief, a large body of information exists with regard to the areas inundated subsequent to the failure of the London Avenue Canal and the IHNC, or both. That information, coupled with address information contained in Subclass Four claimants' SF-95's, enables the USA to admit this RFA or identify an alternative source of initial inundation.

**NO. 30:** Upon information and belief, a large body of information exists with regard to the areas inundated subsequent to the failure and/or overtopping of the 17th Street Canal, the Orleans Canal, the London Avenue Canal and the IHNC, or any of them. That information, coupled with address information contained in Subclass Five claimants' SF-95's, enables the USA to admit this RFA or identify an alternative source of initial inundation.

**NO. 31:** Concerns the source of inundation for the entire class. Upon information and belief, a large body of information exists as to the areas inundated and the five subclass areas. The USA is able to admit the truth of this RFA.

**NO. 32:** Same issue except limited to Subclass One

**NO. 33:** Same issue except limited to Subclass Two

**NO. 34:** Same issue except limited to Subclass Three

**NO. 35:** Same issue except limited to Subclass Four

**NO. 36:** Same issue except limited to Subclass Five

**NO. 37:** A large body of *factual* information already exists as to whether the defendants, either individually or collectively, committed the acts or omissions described in Count I of the Complaint were common to every member of Subclasses One, Two and Five. The USA, based on both, is able to admit the truth of this RFA.

**NO. 38:** A large body of *factual* information already exists as to whether the defendants, either individually or collectively, committed the acts or omissions described in Count II of the Complaint were common to every member of Subclasses One, Two and Five. The USA, based on both, is able to admit the truth of this RFA.

**NO. 39:** A large body of *factual* information already exists as to whether the defendants, either individually or collectively, committed the acts or omissions described in Count III of the Complaint were common to every member of Subclasses One, Three and Five. The USA, based on both, is able to admit the truth of this RFA.

**NO. 40:** A large body of *factual* information already exists as to whether the defendants, either individually or collectively, committed the acts or omissions described in Count IV of the Complaint were common to every member of Subclasses Four and Five. The USA, based on both, is able to admit the truth of this RFA.

**NO. 41:**   A large body of *factual* information already exists as to whether the defendants, either individually or collectively, committed the acts or omissions described in Count V of the Complaint were common to every member of Subclasses Four and Five.  The USA, based on both, is able to admit the truth of this RFA.

**NO. 42:**   A large body of *factual* information already exists as to whether the defendants, either individually or collectively, violated Louisiana Civil Code articles 667, 2315, 2316, 2317, and 2317.1. The USA, based on both, is able to admit the truth of this RFA.

**NO. 43:**   The USA is able to admit the truth of this RFA.

**NO. 44:**   A large body of *factual* information already exists which documents inundation as a force contributing to "the breakdown in the social structure of New Orleans. to whether the defendants, either individually or collectively, committed the acts or omissions described in Count I of the Complaint were common to every member of Subclasses one, Two and Five.  The USA, based on both, is able to admit the truth of this RFA.

**NO. 45:**   A large body of *factual* information already exists as to the impact of inundation upon the local culture and character of New Orleans, e.g., lost local businesses and restaurants. The USA is able to admit the truth of this RFA or explain its denial.

**NO. 46:**   The USA possesses information regarding the areas and causes of inundation, and the SF-95 addresses and claims of tens of thousands of Class and Subclass claimants.  The USA can admit the truth of this RFA or explain its denial.

**NO. 47:**   The USA possesses sufficient information, through its receipt of tens of thousands of SF-95, to admit that individual property losses suffered by members of the Class and five subclasses are susceptible to proof by way of class trial.  The USA can admit the truth of this RFA or explain its denial.

**NO. 48:**   The USA possesses information regarding the areas and causes of inundation, and has itself hired experts to opine about the cause of the flooding of New Orleans.

**NO. 49:**   The USA possesses information regarding the areas and causes of inundation, and can admit the truth of this RFA or explain its denial.

## II.  REQUESTS FOR PRODUCTION

**GENERAL PRINCIPLE:** The USA has produced no documents whatsoever.  It has failed to comply with its discovery obligations.

**NO. 1:**    The RPD sought all Louisiana claimants' SF-95's and the USA will only produce those for the named Class and Subclass representative plaintiffs.  Redacted documents or disks can be produced, but if class certification is granted, the Levee PSLC will represent all non-opt out plaintiffs and the economically more sensible solution is for the USA to produce complete copies of all Form 95's subject to a return if class certification is denied.

**NO. 2:**    This is the electronic equivalent of RPD #1.  The USA represents it is "attempting to locate" responsive documents.  Same possible remedy as for #1, supra.

**NO. 3:**    This RPD seeks any document or thing containing a collective total of the "sum certain" damages set forth in SF-95's already delivered to the USA.  If such a totaling exists (e.g., spread sheet reports) it should be produced.

**NO. 4:**    (ref. Int. No. 2) If *numerosity* denied, produce documents proving same

(ref. Int. No. 3) If *typicality* denied, produce documents proving same.

(ref. Int. No. 4) If *adequacy* denied, produce documents proving same.

**NO. 5:**    (ref. Int. No. 11) Produce documents any Form 95 information compiled or collated into categories such as, e.g., ZIP code, damage type, source of inundation, and the format containing the information (e.g., Excel).

**NO. 7:**    Seeks population data for class geographic area as of August 28, 2005.

**NO. 8:**    Seeks population data for class geographic area since August 29, 2005.

**NO. 9:**    Seeks documents and things showing *sources* of inundation of class area.

**NO. 10:**    Seeks documents and things showing *causes* of inundation of class area.

**NO. 11:**    Seeks documents and things showing *process* of inundation of class area.

**NO. 12:**    Seeks documents and things showing *timing* of inundation of class area.

**NO. 13:**    Seeks documents and things *reflecting the depth* of inundation of class area.

**NO. 14:**    Seeks documents and things *reflecting the duration* of inundation of class area.

**NO. 15:**    Seeks documents and things *reflecting the recession* of inundation of class area.

**NO. 16:**    Seeks documents and things reflecting the timing, duration, and depth of precipitation of class area between August 27, 2005 and September 1, 2005.

### III.  ANSWERS TO INTERROGATORIES

**NO. 2:**    The USA denies *numerosity,* so it must identify all facts and identify all witnesses supporting that contention.

**NO. 3:**    The USA denies *typicality*, so it must identify all facts and identify all witnesses supporting that contention.

**NO. 4:**    The USA denies *adequacy of representation*, so it must identify all facts and identify all witnesses supporting that contention.

**NO. 5:**    If the USA is aware of, or becomes aware of any new defenses, it must identify them.

**NO. 6:**    The USA evades answering if some questions of law and fact are common to the class.

**NO. 7:**    The USA fails to answer whether there are questions of fact or law affecting individual class members but no class representatives, and evades answering whether such individual questions predominate over questions common to the class..

**NO. 8:**    The USA denies that a class action trial is the superior method fo adjudication of this action, but fails to identify a superior method and the reasons why that method would be superior.

**NO. 9:**    The USA evades identification of difficulties it contends would likely be encountered if the matter is managed as a class action.

**NO. 11:**    The USA's answer speaks only of possible *prospective* methods of data organization and does not identify how the SF-95's *has been* compiled already.

**NO. 12:**    The USA is certainly analyzing the Form 95's and can answer how many persons it estimates sustained damages or incurred losses in the class area..

**NO. 13:**    The USA is certainly analyzing the source(s) and progress of the class area's inundation.  If it is doing so, it must explain what it has learned.