## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES | § | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | § | NO.: 05-4182 "K"(2) |
| | | § | JUDGE DUVAL |
| | | § | MAG. WILKERSON |
| | | § | |
| | | § | |
| PERTAINS TO: | | § | |
| LEVEE: | | § | |
| C.R. PITTMAN CONSTRUCTION COMPANY, INC. | | § | |
| (07-2771) | | § | |

## MEMORANDUM IN SUPPORT OF C.R. PITTMAN CONSTRUCTION COMPANY, INC.'S MOTION TO DEFER COLLECTION, APPROVE SECURITY OR ALTERNATIVELY TO DISPENSE WITH SECURITY

MAY IT PLEASE THE COURT:

Plaintiff, C.R. Pittman Construction Company, Inc. (hereinafter, "CRPCCI"), respectfully requests an Order pursuant to 48 C.F.R. 32.613(a)(l), granting a deferment of collection of the claim at issue in this case; deeming CRPCCI's request for deferment of collection timely; and finding CRPCCI's current surety bond to be good and sufficient security for the claims as required by 48 C.F.R. 32.613(l) all as follows.

1

## I.     FACTUAL BACKGROUND

### A.     On April 6, 2007, the Corps issued Final Decisions and demands payment on the claims it had against CRPCCI.

On April 6, 2007, the Contracting Officer, Charles Zammit, issued his final decision pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq*. that CRPCCI was indebted to the United States of America, through the U.S. Army Corps of Engineers, under the contract for the construction of the Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station, Orleans Parish, Louisiana project (hereinafter the "Dwyer Contract"), Contract Number DACW29-00-C-0093, in the amount of $1,940,218.62.[1]   On April 6, 2007, the Contracting Officer, Charles Zammit, issued his final decision pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq*. that CRPCCI was indebted to the United States of America, through the U.S. Army Corps of Engineers, under the contract for the construction of the West Bank and Vicinity, New Orleans Louisiana Hurricane Protection Project, West of Algiers Canal Cousins Pumping Station Expansion and Fronting Protection Jefferson Parish, Louisiana project (hereinafter the "Cousins Contract"), Contract Number DACW29-02-C-0062, in the amount of $399,890.91.[2]

### B.     The Final Decisions of the Corps were Appealed and Challenged through this Action.

On May 3, 2007, and pursuant to the provisions of the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq*., CRPCCI filed suit against the United States of America, who at all times was acting by and through the United States Army Corps of Engineers, a division of the United States Government under the direct jurisdiction of the Department of Army (all collectively referred to hereinafter as the "Corps"), as a result of damage to the equipment stored at

---

[1] *See* Exhibit "A".
[2] *See* Exhibit "B".

CRPCCI's storage yard and warehouse on Franklin Avenue in New Orleans, Louisiana.[3]   The alleged damages were due to the flood waters resulting from Hurricane Katrina.[4]   The equipment being stored was for the construction projects under the Dwyer Contract[5] and Cousins Contract,[6] respectively. The floodwaters damaged all of the items purchased and stored at CRPCCI's warehouse so severely that they will require either total replacement or substantial refurbishment and restoration prior to installation.[7]

C.   **CRPCCI requested deferment of collection pending appeal on the claims by the Corps as set forth in the Final Decisions.**

In its correspondence dated May 22, 2007, CRPCCI informed Charles Zammit that it had filed suit against the Corps regarding the Dwyer Contract and Cousins Contract, respectively, appealing both of the April 6, 2007 final decisions finding that CRPCCI was indebted to the United States of America, through the U.S. Army Corps of Engineers, under the aforementioned contracts and amounts for the respective projects.[8]   CRPCCI informed Charles Zammit that pursuant to 48 C.F.R. 32.613(a), CRPCCI was formally requesting a deferment of collection in order to avoid extreme financial hardship on CRPCCI as a small business concern; the request for deferment was advisable based upon the strength of its claims and need to avoid over collection as provided by 48 C.F.R. 32.613(d); and the loss and undue hardship on CRPCCI outweighed the need for the Corps to obtain security for the potential loss as set forth in 48 C.F.R. 32.613(e).[9]   Furthermore, in its correspondence to Charles Zammit dated May 31, 2007, CRPCCI informed the Corps that it was prepared to present security in the amount of the claims as required by 48 C.F.R. 32.613(l) and requested advisement concerning whether a bond or other

---

[3] *See* Complaint (R. Doc. 1 in Member Case 07-2771).
[4] *See Id.* at ¶'s 18 and 27.
[5] *See Id.* at ¶ 16.
[6] See *Id.* at ¶ 25.
[7] See *Id.* at ¶'s 18 and 27.
[8] *See* Exhibit "C".
[9] *See Id.*

collateral was acceptable to the Corps for this purpose, as CRPCCI already had in place a sufficient surety bond to comply with the regulations.[10]

## II.    LAW AND ARGUMENT

CRPCCI is entitled to an Order pursuant to 48 C.F.R. 32.613(a)(l), granting a deferment of collection of the claim at issue in this case; deeming CRPCCI's request for deferment of collection timely; and finding CRPCCI's current surety bond to be good and sufficient security for the claims as required by 48 C.F.R. 32.613(l).

### A.    CRPCCI is entitled to an Order pursuant to 48 C.F.R. 32.613(a)(l), granting a deferment of collection of the claim at issue in this case.

Pursuant to 48 C.F.R. 32.613(l), this action filed by CRPCCI under the Disputes Clause of the contract at issue in this case does not automatically suspend or delay collection. Until the action is decided, deferments of collection must be requested. Such deferments shall be granted if, within 30 days after filing of such action, the contractor presents to the responsible official a good and sufficient bond, or other collateral acceptable to the responsible official, in the amount of the claim, and approved by the responsible official. Further, pursuant to 48 C.F.R. 32.6213(a), if a responsible official receives a written request from the contractor for a deferment of the debt collection, the official shall promptly review the request to determine if the information included by the contractor is adequate for action on the request. If the information is not sufficient, the contractor shall be asked to furnish the needed information and any necessary changes to the terms of the proposed deferment agreement shall also be suggested.

### B.    CRPCCI's request for deferment of collection was timely.

CRPCCI filed its suit under the Contract Disputes Act against the Corps on May 3, 2007.[11] On May 22, CRPCCI informed Charles Zammit of its pending suit against the United

---

[10] *See* Exhibit "D".

States of America, appealing his final decision that CRPCCI was indebted to the United States of America, through the U.S. Army Corps of Engineers under the Dwyer Contract and Cousins Contract in the amounts of $1,940,218.62 and $399,890.91, respectively.[12]   Further, CRPCCI formally requested a deferment of collection, and its reasons for doing so, in the correspondence sent to Charles Zammit.[13]

As CRPCCI's suit was filed on May 3, 2007, CRPCCI's request for deferment of collection, dated May 22, 2007, is timely since it was requested within thirty (30) days of filing suit as required by 48 C.F.R. 32.613(l).   Further, as provided by 48 C.F.R. 32.613(a), Charles Zammit, the responsible official, shall promptly review the request for deferment of collection to determine if the information submitted by CRPCCI is adequate.   As of this date, neither Charles Zammit, nor any other official from the Corps, has indicated that additional information concerning the request for deferment of collection is required.   Therefore, as no notice has been provided that the information submitted by CRPCCI concerning its request for deferment of collection is not sufficient to warrant granting of the request, CRPCCI's request for deferment of collection shall be deemed granted.

### C.    CRPCCI's current surety bond is good and sufficient security for the claims as required by 48 C.F.R. 32.613(l)

As required by 48 C.F.R. 32.613(l), CRPCCI must, within thirty (30) days of filing its action, present to the responsible official a good and sufficient bond, or other collateral acceptable to the responsible official, in the amount of the claim, and approved by the responsible official.   In CRPCCI's correspondence dated May 31, 2007, CRPCCI informed

---

[11] *See* Complaint (R. Doc. 1 in Member Case 07-2771).
[12] *See* Exhibit "C".
[13] *See Id.*

Charles Zammitt that it already had in place a sufficient surety bond which complied with 48 C.F.R. 32.613(l).[14]

In accordance with both contracts, CRPCCI obtained payment and performance bonds from Travelers Casualty and Surety Company of America for the Dwyer Contract and Cousins Contract, respectively.  Copies of each bond are attached as Exhibits "E" and "F."  These bonds remain in effect and are, by their terms, sufficient security for the claims made by the Corps.

A finding requiring that CRPCCI obtain an additional bond or other collateral would be an unnecessary expense and/or burden on CRPCCI because there is already sufficient security in place to adequately protect the Corps from loss.  As such, CRPCCI respectfully requests that the Court deem the current surety bond in place for the Dwyer Contract and Cousins Contract, respectively, to be good and sufficient under the regulations to serve as security in the amount of the claim, thereby dispensing with the need for CRPCCI to provide additional security during the pendency of its action against the Corps and that a deferment of collection be granted on behalf of CRPCCI.

## III.  CONCLUSION

In accordance with 48 C.F.R. 32.613, CRPCCI's request for a deferment of collection has been timely requested.  As of this date, CRPCCI has not received any indication by the Corps requiring additional information to support its request for a deferment of collection.  Further, CRPCCI's current surety bond, not only satisfies, but exceeds the amount of the claims determined to be due by the Corps for the Dwyer Contract and the Cousins Contract, respectively, and, as such, shall be deemed to be good and sufficient to serve as security during the pendency of the determination of CRPCCI's action against the Corps, as outlined by 48 C.F.R. 32.613(l).

_____

[14] *See* Exhibit "D".

CRPCCI is entitled to an Order pursuant to 48 C.F.R. 32.613(a)(l), granting a deferment of collection of the claim at issue in this case; deeming CRPCCI's request for deferment of collection timely; and finding CRPCCI's current surety bond to be good and sufficient security for the claims as required by 48 C.F.R. 32.613(l).

Respectfully submitted:

_____
GERALD A. MELCHIODE (#22525)
jmelchiode@gjtbs.com
WILLIAM J. PERRY (#19100)
wperry@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
One Shell Square
701 Poydras Street, 40TH Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:   (504) 525-2456
COUNSEL FOR PLAINTIFF, C.R. PITTMAN
CONSTRUCTION COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of same will be mailed to all non-CM/ECF participating counsel.

_____