UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>INSURANCE | SECTION "K" MAG "2" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR
## PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF

**May it Please the Court:**

The Insurance Plaintiffs' Subgroup Litigation Committee (the "Insurance PSLC"), as the representative of numerous Plaintiffs who have asserted Katrina-related claims against insurance companies (the "Insurers"), submits the following Memorandum in Support of its Motion for Partial Summary Judgment Regarding Burden of Proof:

In the above-captioned suit, most of the Defendant insurance companies (the "Insurers") issued "all risk" policies to Plaintiffs. Excepting instances of misconduct or fraud, an "all risk" policy provides coverage for all "fortuitous losses . . . unless the policy contains a specific provision expressly excluding the loss from coverage."[1]  In this motion, the Insurance PSLC asks this Court to determine that (1) plaintiffs do not bear the burden of proving that their losses do not fall within a particular exclusion and (2) the Insurers do bear such a burden, i.e., they must prove that the loss falls within an exclusion if they so contend.

Louisiana law has long provided that the burden of proving the applicability of a coverage exclusion rests with the insurer. The Insurance PSLC requests that this Court grant its motion and declare that the Insurers bears the burden of proving that any exclusion in the policy bars coverage for Plaintiffs' losses.

## BACKGROUND

In this matter, Plaintiffs allege damage as a result of Hurricane Katrina and the subsequent breaches of the various levees in the New Orleans area. As recognized in this Court's November 27, 2006 Order, a "Homeowners' Policy is considered a type of 'all risks' insurance."[2] Following Katrina, Plaintiffs filed suit against the Insurers for their failure to pay what was owed under the "all risk" policies. In the various suits, the Insurers answered and asserted numerous policy exclusions as affirmative defenses. The Insurance PSLC submits that the burden is on the Insurers to prove that these "policy exclusions" do, in fact, bar coverage for plaintiffs' losses.

## ARGUMENT

### I.  The Insurer Has the Burden of Proving the Applicability of a Policy Exclusion.

It is well established that, under Louisiana law, an insurer has the burden of proving that a loss is excluded from coverage in an insurance policy.[3] When an insurer denies coverage

---

[1] *Dow Chem. Co. v. Royal Indem. Co.*, 635 F. 2d 379, 386 (5th Cir. 1981). *See also Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 n.11 (5th Cir. 1990).

[2] *See* November 27, 2006 Order, p. 9.

[3] *Cochran v. B.J. Servs., Co.*, 302 F.3d 499 (5th Cir. 2002); *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000) ("On the other hand, the insurer bears the burden of proving the applicability of an exclusionary clause within a policy."); *Dawson Farms, L.L.C. v. Millers Mut. Fire Ins. Co.*, 794 So. 2d 949, 951 (La. App. 2 Cir. 2001) ("Under Louisiana law, it is the insurance company's burden to prove that a loss comes within a policy exclusion.").

2

based on an exclusion, "it bears the burden of proving facts which place the claim within the exclusion."[4] This is especially true where, as in the present case, the policies at issue were "all risk" policies, which "create[] a special type of coverage that extend[] to risks not usually covered under other insurance."[5] Plaintiffs' storm-related losses, which indisputably were fortuitous losses, are presumed to be covered unless the Insurers can prove by a preponderance of the evidence that the damages were caused by an excluded cause of loss.

Courts considering damages arising out of Hurricane Katrina have reached a similar conclusion regarding the burden of proof. In *Broussard v. State Farm Fire and Casualty Co.*,[6] the court, ruling on a motion for judgment as a matter of law, discussed the applicable burdens of proof:

> Once the plaintiffs established this prima facie case, based on the stipulations in the pre-trial order, ***the burden shifted to State Farm to prove the merits of its affirmative defense based upon the water damage exclusion to the policy.*** That burden of proof *requires State Farm to establish*, by a preponderance of the evidence, *what portion of the total loss is attributable to flood damage and is therefore outside the policy coverage.*[7]

The rule is universal.[a]

---

[4] *Richard v. Old S. Life Ins. Co.*, 502 So. 2d 1168 (La. App. 3 Cir. 1987). *See also Oliver & Wool Const. Co. v. Metro. Erection Co.*, 524 So. 2d 911 (La. App. 5 Cir. 1988) (stating that Louisiana law is well settled in that the insurer has the burden of proving facts which limit its liability); *Lawrence v. Moore*, 362 So. 2d 803 (La. App. 4 Cir. 1978) (holding that insurer did not bear its burden of proving facts necessary to bring the situation within the exclusionary clause);

[5] *Dow Chem. Co. v. Royal Indem. Co.*, 635 F2d 379, 386 (5th Cir. 1981). *See also Trinity Indus. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 n.11 (5th Cir. 1990).

[6] 2007 WL 113942 (S.D. Miss. Jan. 17, 2007).

[7] *Id.* at * 2 (emphasis added).

[a] *See, e.g., Battishill v. Farmers Alliance Ins. Co.*, 127 P.3d 1111, 1113 (N.M. 2006) ("**That the insurer has the burden of proof to prove no coverage under an all-risks policy is the American rule in all states,** with the possible exception of Texas.") (quoting 1 *Holmes's Appleman on Ins.* s. 1.10 at 43 (2d ed. 1996)); *see also Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 930-31 (Tex. App. Ct. 2007) (insurer bears the burden of proving the applicability of a surface water exclusion in an all-risk policy).

## II.     The Burden of Proof Is Not Shifted Even If an Exclusion Is Held to Be Ambiguous.

A judicial determination that a policy exclusion is ambiguous does not alter the ordinarily accepted burden of proof as the exclusion's applicability to the loss at issue. In *Smith v. Reliance Insurance Co. of Illinois*,[8] the court considered the applicability of a total pollution exclusion, which had previously been held ambiguous by the Louisiana Supreme Court in the *Doerr* case. The court, after noting that the insurer had failed to meet its burden of proof on the applicability of the exclusion, concluded that the insured's damages were covered.[9] An insurer also raised the total pollution exclusion as a defense in *Pro-Boll Chemical & Fertilizer Co. v. United States Fire & Guaranty Co.*[10] In *Pro-Boll*, the court held that, because the insurer had met its burden of proving that the insured's losses were within the scope of the exclusion, the insurer properly denied coverage.[11]

In sum, Louisiana law clearly places the burden on the Insurers to show that Plaintiffs' losses are excluded from coverage. To avoid their coverage obligations, then, the Insurers must prove, by a preponderance of the evidence, that Plaintiffs' respective losses were caused by an excluded cause of loss under their "all risk" policies.[12]

---

[8] 807 So. 2d 1010 (La. App. 5 Cir. 2002).

[9] *Id.* at 1020.

[10] 2004 WL 3494045 (W.D. La. Nov. 15, 2004).

[11] *Id.* at * 7.

[12] If this motion is granted, then, at trial, a plaintiff will need only to present evidence of the terms of the policy and the fortuitous nature of the damage to establish coverage. At that point, the Insurers will bear the burden of presenting evidence that a particular exclusion in the policy applies to deny coverage. As a specific example, in accordance with this Court's prior ruling on the "flood exclusion," a plaintiff can establish coverage by introducing the policy and demonstrating that the water damage was a fortuitous event. The Insurers will then bear the

## CONCLUSION

Under the policies they issued to Plaintiffs, the Insurers are obligated to cover all fortuitous losses unless specifically excluded by the policy. Under Louisiana law, the Insurers bear the burden of proving the applicability of any such exclusion, regardless of whether the exclusion is deemed to be ambiguous. Accordingly, the Insurance PSLC requests that this Court grant its Motion for Partial Summary Judgment and declare that, in any trial, the Insurer defendant will bear the burden of proving that the plaintiff's damages were caused by an excluded cause of loss.

---

burden of proving that the water damage to plaintiff's property was caused by a natural event, not the acts of man.

**Respectfully Submitted:**

PLAINTIFFS' LIAISON COUNSEL

/s/ Joseph M. Bruno
Joseph M. Bruno (#3604)
THE LAW OFFICES OF JOSEPH M. BRUNO
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
jbruno@jbrunolaw.com
FOR THE INSURANCE PLAINTIFFS
SUBGROUP LITIGATION COMMITTEE

AND

Calvin C. Fayard, Jr. (La. Bar No. 5486)
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC


AND

John N. Ellison, Esq.
ANDERSON, KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 568-4202
Facsimile: (215) 568-4375
jellison@andersonkill.com
*Admitted Pro Hac Vice*

AND

>James M. Garner (La. Bar No. 19589)
>SHER, GARNER, CAHILL, RICHTER, KLEIN,
>& HILBERT
>909 Poydras Street, Suite 2800
>New Orleans, LA 70112
>Telephone: (504) 299-2100
>Facsimile: (504) 299-2300
>jgarner@shergarner.com

>AND

>Joseph J. McKernan (La. Bar. No. 10027)
>MCKERNAN LAW FIRM
>8710 Jefferson Highway
>Baton Rouge, LA 70809
>Telephone: (225) 926-1234
>Facsimile: (225) 926-1202
>jemckernan@mckernanlawfirm.com

>AND

>Drew A. Ranier (La. Bar No. 8320)
>RANIER, GAYLE and ELLIOT, L.L.C.
>1419 Ryan Street
>Lake Charles, LA 70601
>Telephone: (337) 494-7171
>Facsimile: (337) 494-7218
>drainer@rgelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 1st day of June, 2007 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

>/s/ Joseph M. Bruno
>JOSEPH M. BRUNO