UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: MASTER COMPLAINT | * * * * | JUDGE DUVAL |
| FILED IN: O'DWYER, No. 05-4181 TAUZIN, No. 06-0020 O'DWYER, No. 06-4389 ADAMS, No. 06-4634 O'DWYER, No. 06-5786 | * * * * * * | MAG. WILKINSON |
| ALSO FILED IN: BOURGEOIS, No. 06-5131 FERDINAND, No. 06-5132 | * * * | |

**CSX TRANSPORTATION, INC.'S AND CSX CORPORATION'S
<u>SUBMISSION OF SUPPLEMENTAL AUTHORITY</u>**

On May 21, 2007, the United States Supreme Court, in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), clarified and reinforced the burden a plaintiff faces in meeting federal pleading requirements and avoiding dismissal on a motion to dismiss. The Court's opinion is attached. Ruling in an antitrust case brought under Section 1 of the Sherman Act, the Court held that a plaintiff's failure to allege facts identifying an illegal agreement or a basis for inferring

966914-1

agreement mandates dismissal, before any discovery commences. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 127 S. Ct. at 1964-65.

The *Twombly* Court focused on what it deemed Rule 8's "entitlement" and "plausibility" requirements. Absent the pleading of facts which suggest that a claim is "plausible," a plaintiff with "'a largely groundless claim'" could "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id.* at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005)). When a complaint fails "the Rule 8 entitlement requirement," and suggests no plausibility, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 233-234 (3d ed. 2004)).

*Twombly* is fatal to the claims against the two CSX entities sued in this proceeding. As previously briefed in full,[1] the sole cause of action asserted against the CSX entities is one for negligence. Negligence requires the existence of a legally actionable duty. Yet the master consolidated complaint, like its predecessor complaints, makes no allegations that raise an entitlement to claim that the CSX entities owed plaintiffs any duty – let alone that a duty was breached. Plaintiffs seek to hold the CSX entities liable for flood damage. Yet the complaints

---

[1] *See, e.g.,* Memorandum in Support of CSX Transportation, Inc.'s and CSX Corporation's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Failure to State a Claim), Fed. R. Civ. P. 12(b)(2) (Lack of Jurisdiction Over the Person), and Fed. R. Civ. P. 12(b)(5) (Insufficiency of Service of Process) (Dkt. 3621).

966914-1                                   2

plead no facts suggesting that CSX plays a role in flood protection. Nor do the complaints allege a single fact that, if true, would exempt this action from the preemptive force of two separate federal railway statutory regimes. Nor, finally, do the complaints assert any facts even potentially giving rise to personal jurisdiction over CSX Corporation. The Court is thus left with "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 127 S. Ct. at 1965. This *Twombly* forbids.

There are no facts pled by plaintiffs, or which could be pled, to make their grievance against CSX "plausible" or to give them the pleading "heft" required by Rule 8. *Id.* at 1966. Nor is effective case management a cure. As *Twombly* teaches, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' . . . ." *Id.* at 1967. A pleading failure is a pleading failure, not curable through discovery. District courts must "retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* In reminding district courts of this threshold command, the Court emphasized that the costs of discovery, and increasing caseloads of the federal courts, must be considered when examining the sufficiency of a complaint, particularly when "there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Id.* at 1967, citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

CSX Transportation, Inc. and CSX Corporation respectfully bring this supplemental authority to the Court's attention.

s/ Brent A. Talbot
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
  -of-
**RODNEY & ETTER, L.L.C.**
620 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 483-3224
Facsimile: (504) 483-2259

**ATTORNEYS FOR DEFENDANTS
CSX TRANSPORTATION, INC. AND
CSX CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Brent A. Talbot