UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMILY PECQUET wife of/and** | * |
| **GEORGE PECQUET** | *  Case No. 06-04718 |
|       **Plaintiffs** | * |
| versus | * |
| | *  Judge Lemelle |
| **THE STANDARD FIRE INSURANCE COMPANY** | * |
|       **Defendant** | * |
| | *  Magistrate Shushan |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

### STATEMENT OF FACTS

On or about August 29, 2005, Hurricane Katrina destroyed the plaintiffs, George and Emily Pecquet's ("Pecquets") home located at 3211 Lyndell Drive in Chalmette, Louisiana. Less than a year later, the Pecquets filed suit against their homeowner's insurer, Standard Fire Insurance Company ("Standard Fire") alleging numerous causes of action, including mis-adjustment/under valuation of their covered losses, bad faith in the adjustment process and bad faith for failing to tender the proper amounts owed within thirty (30) days as required under La. R.S. 22:658 and sixty (60) days as required under La. R.S. 22:1220. The Pecquets attached their first set of Interrogatories and Request for Production of Documents to their Complaint.

Next, on or about January 8, 2007, several months after the Pecquets propounded their discovery, Standard Fire finally responded. However, Standard Fire thoroughly answered only a few of the fifteen (15) interrogatories and with respect to the other interrogatories, partially answered one (See answer to interrogatory number 9), objected to one (See answer to interrogatory number 5) and referenced its not yet produced claims file as answers to the

remaining interrogatories (See answers to interrogatories numbers 3, 6-8).[1] Moreover, Standard Fire objected to the production of certain documents (See response to request for production number 2), did not produce any of the documents described in its responses to request for production of documents despite stating that the documents would in fact be produced (See responses to request for production of documents number 1, 4, 6 and 8) and simply did not answer the last request for production (See request for production number 9).[2]

Since January 8, 2007, undersigned counsel has spoken to Standard Fire's counsel on at least three (3) different occasions regarding the deficient discovery responses. On each occasion, the defendant assured undersigned counsel that proper responses and/or documentation would be forthcoming. However, despite defendant's repeated assurances no additional information or documents have been produced. Accordingly, plaintiffs move this Court for an Order instructing Standard Fire to fully and completely answer all fifteen of their Interrogatories, produce any and all documents requested in their Request for Production of Documents, produce any and all documents listed or referenced in any of their discovery responses and pay plaintiffs a reasonable attorney's fee for having to file the present Motion to Compel.

## LAW AND ARGUMENT

**I.     ALL OF THE INFORMATION AND DOCUMENTS REQUETSED ARE RELEVANT AND THUS, DISCOVERABLE**

All of the information and documents sought are admittedly relevant and thus, discoverable. Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery .... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible information.

---

[1] See Exhibit "A"- Standard Fire's Answers to Interrogatories
[2] See Exhibit "B"- Standard Fire's Responses to Request for Production of Documents

In the instant case, Standard Fire did not object to any of the Pecquets' interrogatories on the basis that the information sought was irrelevant and objected to only one request for production, number 9, on the basis of relevancy. Accordingly, unless another valid basis exists for not answering or producing the requested documents, Standard Fire must fully and completely answer the interrogatories and produce the documents. For clarity and organizational purposes, the Pecquets will address each of Standard Fire's deficient responses beginning with its Answers to Interrogatories and ending with its Responses to Request for Production of Documents.

Furthermore, plaintiffs' memorandum only addresses the discovery requests that were objected to and not the discovery requests that concern documents and/or information Standard Fire agreed to produce or provide, but for some reason has yet to do so. With respect to both the documents Standard Fire repeatedly promised to produce (responses to request for production of documents numbers 1, 4, 6 and 8) but did not and the discovery requests that remain unanswered (request for production number 9), the Pecquets request that the Court order Standard Fire to immediately produce the documents and provide the information requested as Standard Fire has waived any objection thereto. See Fed. R. Civ. P. 34 (b); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989); Estate of Manship v. United States, 236 F.R.D. 291, 296 (M.D. La.), vacated in part on other grounds, 237 F.R.D. 141 (M.D. La. 2006).

A. **STANDARD FIRE'S ANSWERS TO INTERROGATORIES**

i. **Interrogatory Number 5:**

For each person (who inspected plaintiffs' property) listed in your answer to interrogatory number 4, please give the following information:

a) The total number of years the individual(s) worked as a claims adjuster prior to adjusting the property losses made subject of this suit;

b) The approximate total number of residential property damage claims the individual(s) adjusted prior to adjusting the losses made subject of this suit;

c) The relevant education, including the name(s) of the school(s), college(s) and/or institution(s) attended and the date(s) of graduation;

d) The name(s) of any and all professional license(s), certificate(s) and/or degree(s) possessed by the individual(s), the name(s) of the State(s) that issued the license(s) and the date(s) upon which the license(s) were obtained;

e) A description of any and all training you administered to and/or the person underwent, regarding how to adjust property damage losses and the date(s) upon which individual(s) underwent the training;

f) The name(s) of any and all companies the individual(s) worked for or on behalf of as an adjuster prior to working for you. Please give the date(s) of employment for each company listed;

g) The name(s) of any and all continuing education seminars, lectures or other events attended by the individual(s) and the date(s) so attended.

**Standard Fire's Response:**

Objection. The interrogatory is overly broad and unduly burdensome.

The Pecquets first submit that Standard Fire bears the burden of proving why interrogatory number 5 is overly broad or unduly burdensome and to date, has not met its burden by offering no factual support for the objection. Moreover, interrogatory number 5 is not overly broad as it seeks background information regarding the individual(s) whose recommendations and evaluations Standard Fire relied upon when deciding how much money to pay the Pecquets' for their loss. Such information is of vital importance in a case where the alleged improper loss evaluations form the basis for the Pecquets' entire claim, including their bad faith claims. Furthermore, Standard Fire is not unduly burdened by producing the information as it has already identified the individuals/employees in question and can simply refer the question(s) to him or her for answering. In lieu of answering the questions, Standard Fire could also produce the relevant portions of the individuals' personnel files that presumably contain the information.

Accordingly, the Pecquets respectfully request that the Court order Standard Fire to answer interrogatory umber 5 in its entirety.

B.  **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

### Request for Production Number 2

Copies of any and all written policies, handbooks, instruction booklets or other documentation regarding the adjustment of property damage claims.

### Standard Fire's Response:

Objection. The request is overly broad and vague and is not reasonably calculated to lead to the discovery of admissible evidence.

As previously indicated, the Pecquets' entire case is premised on the allegation(s) that Standard Fire mis-evaluated or underestimated the nature and extent of their covered losses. Additionally, the Pecquets have alleged that Standard Fire handled their homeowner's claim in bad faith and thus, violated La. R.S. 22:658 and La. R.S. 22:1220. In order to prove these claims, the Pecquets need and are therefore, entitled to a copy of Standard Fire's homeowner's loss adjustment manual and other training/instruction materials that discuss or instruct its adjusters on how to evaluate claims. These materials will enable plaintiffs to learn what was required of the Standard Fire adjusters who handled the Pecquets' claims and whether or not those same adjusters followed Standard Fire's own rules and procedures. The possibility also exists that Standard Fire's loss adjustment processes and procedures as outlined in their manuals are themselves deficient. Of some note, undersigned counsel obtained the State Farm adjuster's manual in another case pending in the Eastern District without having to resort to a Court order.

Besides requesting extremely relevant and admissible documents, request for production number 2 is not vague or overly broad. Specifically, plaintiffs have limited their request to the property loss adjustment manual used adjust the Pecquets' Hurricane Katrina homeowner's

claim. For example, the Pecquets are not requesting the loss adjustment manual used by Standard Fire when evaluating automobile comprehensive, collision or liability claims. Consequently, the Pecquets respectfully request that the Court order Standard Fire to produce its entire homeowner's loss adjustment manual.

In conclusion, the Pecquets respectfully request that the Court order Standard Fire to fully and completely answer all fifteen of their Interrogatories, produce any and all documents requested in their Request for Production of Documents, produce any and all documents listed or referenced in any of their discovery responses and pay plaintiffs a reasonable attorney's fee for having to file the present Motion to Compel.

RESPECTFULLY SUBMITTED:

_____
RÉMY VOISIN STARNS (Bar #26522)
RYAN P. REECE (Bar #26479)
533 Europe Street
Baton Rouge, Louisiana 70802
(225) 381-3131

### CERTIFICATE OF SERVICE

I do herby certify that I have on this *11th* day of *May, 2007*, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
RYAN REECE