

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE PECQUET, ET AL | CIVIL NO.: 06-04718 |
| VERSUS | JUDGE LEMELLE |
| STANDARD FIRE INSURANCE COMPANY | MAGISTRATE SHUSHAN |

### ANSWERS TO INTERROGATORIES

The Standard Fire Insurance Company ("Standard Fire") responds to plaintiffs' interrogatories as follows:

#### General Objections

Standard Fire objects to each interrogatory on the following grounds:

A. Standard Fire objects to the extent that any interrogatory seeks information protected by the attorney/client privilege, work product doctrine or the prepared in anticipation of litigation doctrine. All responses are subject to this objection.

B. Standard Fire objects to the extent that the preamble, definitions and instructions seek to impose a greater or more onerous obligation upon Standard Fire than required or allowed by the Federal Code of Civil Procedure.

C. To the extent that there is any inadvertent production of non-discoverable documents or documents subject to the attorney client privilege, work product doctrine or anticipation of litigation doctrine, such objections and privileges are preserved and retained without waiver.

General Statements.

The non-privileged discovery information and documents will be provided to the extent it is currently available.

Responses

**INTERROGATORY NO. 1:**

Please state the name and job title of each and every individual who answered or assisted in answering any of these Interrogatories.

    **RESPONSE:** Douglas C. Longman, Jr.

        Dick Sweeney
        The St. Paul Travelers Companies, Inc.
        One Tower Square
        Hartford, CT 06183

**INTERROGATORY NO. 2:**

Please state the exact date(s) you first received notice of the property damage claim(s) made the subject of this suit.

    **RESPONSE:** Standard Fire received a telephone call on September 6, 2005 from Plaintiffs advising that they had evacuated the state and did not know the extent of damages but believed their home was destroyed.

**INTERROGATORY NO. 3:**

Please describe in complete detail the processes and/or procedures you employed to adjust the property losses made subject of this suit. Please include in your response the following information:

    (a)    The name and job title of each and every individual who handled or assisted in the handling of the property damage claim made subject of this suit. This request seeks only the name(s) of the adjuster(s) and any individuals with authority to honor or deny the claim and not the names of administrative personnel with no direct involvement in handling the claim;

    (b)    The exact date(s) upon which the individuals listed in subject (a) participated in handling the claim.

2

    (c)    A brief description of what the individual(s) listed in subpart (a) did in adjusting the property loss made subject of this suit.

**RESPONSE:** (a)    Those with knowledge include:

    1.    Mitchell Wettstein
Claim Representative
Standard Fire

    2.    Monique McQueen
Claim Representative
Standard Fire

    3.    Ginger Gayski
Claim Representative
Standard Fire

    4.    Daniel Lang
Claim Representative

    (b)    See the claim file produced in response to request for production no. 1.

    (c)    See the claim file produced in response to request for production no. 1.

## INTERROGATORY NO. 4:

Did you or someone acting on your behalf inspect, following Hurricane Katrina, the following properties, to-wit:

George and Emily Pecquet, 3211 Lyndell, Chalmette, Louisiana 70043

If so, then please state the name(s) of the individual(s) who inspected the property and exact date(s) each of those individuals inspected said property.

**RESPONSE:** Yes. The initial inspection was conducted on October 8, 2005 by Daniel Lang.

## INTERROGATORY NO. 5:

For each person listed in your answer to interrogatory number 4, please give the following information:

3

(a) The total number of years the individual(s) worked as a claims adjuster prior to adjusting the property losses made subject of this suit;

(b) The approximate total number of residential property damage claims the individual(s) adjusted prior to adjusting the losses made subject of this suit;

(c) The relevant education, including the name(s) of the school(s), colleges(s) and/or institution(s) attended and the date(s) of graduation;

(d) The name(s) of any and all professional license(s), certificate(s) and/or degree(s) possessed by the individual(s), the name(s) of the State(s) that issued the license(s) and the date(s) upon which the license(s) were obtained;

(e) A description of any and all training you administered to and/or the person underwent, regarding how to adjust property damage losses and the date(s) upon which individual(s) underwent the training;

(f) The name(s) of any and all companies the individual(s) worked for or on behalf of as an adjuster prior to working for you. Please give the date(s) of employment for each company listed; and

(g) the name(s) of any and all continuing education seminars, lectures or other events attended by the individual(s) and the date(s) so attended.

**RESPONSE:** Objection. The interrogatory is overly broad and burdensome.

**INTERROGATORY NO. 6:**

Did you or someone acting on your behalf speak to any person not affiliated with you about the property damage claim made subject of this suit? If so, please state the name(s) of the individual(s) and the exact dates upon which you or someone acting on your behalf spoke to the individual(s).

    **RESPONSE:** Objection. The interrogatory is vague and ambiguous. Subject to, and without waiving the objection, see the claim file produced in response to request no. 1.

**INTERROGATORY NO. 7:**

Please state the exact date(s) you received any proofs of loss. Please include in your response a brief description of any and all documentation that plaintiffs submitted along with their proofs of loss. Also please include a brief description of any other receipt of proof of loss.

    **RESPONSE:** See the claim file produced in response to request for production no. 1.

4

**INTERROGATORY NO. 8:**

Did you tender plaintiffs any money within thirty (30) days of learning that the property(s) listed in Interrogatory No. 4 were damaged as a result of Hurricane Katrina's violent winds?

> **RESPONSE:** Objection. The interrogatory is vague and ambiguous. Subject to and without waiving the objection, the payments to Plaintiffs are detailed in the claims file produced in response to document request no. 1.

**INTERROGATORY NO. 9:**

If your answer to interrogatory number 8 was "Yes", then please state the amount of money you tendered and the date(s) upon which you tendered the money as to each property listed in Interrogatory No. 4.

> **RESPONSE:** The payments are detailed in the claims file produced in response to request for production no. 1. Plaintiffs were issued the following payments:
>
> | | |
> |---|---|
> | Building | $8,452.31 |
> | Contents | $2,097.50 |
> | O/S | $2,043.61 |
> | ALE | $7,000.00 |

In the Statement of Loss dated 1/23/06, Standard Fire advised the Plaintiffs that the following would be paid upon proof that work was performed.

> | | |
> |---|---|
> | Building | $1,117.47 |
> | O/S | $   21.04 |
> | Contents | $2,077.50 |

**INTERROGATORY NO. 10:**

If your answer to interrogatory number 8 was "No", then please state each and every reason why you did not tender any money to plaintiffs within thirty days of learning that the property was damaged as a result of Hurricane Katrina's violent winds.

> **RESPONSE:** See response to interrogatory no. 9.

**INTERROGATORY NO. 11:**

Did you tender plaintiffs any money for the damage to their homes, as listed in Interrogatory No. 4, within sixty (60) days of learning that the property was damaged as a result of Hurricane Katrina's violent winds?

**RESPONSE:** See response to interrogatory no. 9.

**INTERROGATORY NO. 12:**

If you answer to interrogatory number 11 was "Yes", then please state the amount of money you tendered and the date(s) upon which you tendered the money as to each property listed in Interrogatory No. 4.

**RESPONSE:** See response to interrogatory no. 9.

**INTERROGATORY NO. 13:**

If your answer to Interrogatory No. 11 was "No", then please state each and every reason why you did not tender any money to plaintiffs within sixty days of learning that the property was damaged as a result of Hurricane Katrina's violent winds.

**RESPONSE:** See response to interrogatory no. 9.

**INTERROGATORY NO. 14:**

Please list each and every reason why Standard Fire Insurance Company has not tendered the full policy limits of Standard Fire Homeowner's Policy Number 0318057366339 to the plaintiffs after the total losses that they have suffered to their home due to Hurricane damage.

**RESPONSE:** An inspection was undertaken to determine the cause and extent of the damage. Customary and reasonable costs of material and labor were determined by price lists. The policy determined the coverage and deductibles.

**INTERROGATORY NO. 15:**

Please list all suits, with the case number and court, alleging damage from Hurricanes Katrina or Rita wherein Standard Fire is a defendant.

**RESPONSE:** Objection. The request is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted:

PERRET DOISE, APLC

_____
DOUGLAS C. LONGMAN, JR. (#8719)
GARY J. RUSSO (#10828)
CAMILLE BIENVENU POCHÉ (#22597)
P. O. Drawer 3408
Lafayette, LA. 70502-3408
Telephone: (337) 262-9000

Ex. B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE PECQUET, ET AL | CIVIL NO.: 06-04718 |
| VERSUS | JUDGE LEMELLE |
| STANDARD FIRE INSURANCE COMPANY | MAGISTRATE SHUSHAN |

## RESPONSE TO REQUEST FOR PRODUCTION

The Standard Fire Insurance Company ("Standard Fire") responds to plaintiffs' request for production as follows:

### General Objections

Standard Fire objects to each request on the following grounds:

A. Standard Fire objects to the extent that any request seeks information protected by the attorney/client privilege, work product doctrine or the prepared in anticipation of litigation doctrine. All responses are subject to this objection.

B. Standard Fire objects to the extent that the preamble, definitions and instructions seek to impose a greater or more onerous obligation upon Standard Fire than required or allowed by the Federal Code of Civil Procedure.

C. To the extent that there is any inadvertent production of non-discoverable documents or documents subject to the attorney client privilege, work product doctrine or

anticipation of litigation doctrine, such objections and privileges are preserved and retained without waiver.

### General Statements.

The non-privileged discovery information and documents will be provided to the extent it is currently available.

### Responses

**REQUEST NO. 1:**

Copies of any and all logs, journals, diaries, e-mail correspondence or other written documentation maintained by any and all people who participated in the investigation, handling and/or adjusting of the property damage claim made subject of this suit.

**RESPONSE:** Standard Fire will produce that non-privileged portion of the claims file.

**REQUEST NO. 2:**

Copies of any and all written policies, handbooks, instruction booklets or other documentation regarding the adjustment of property damage claims.

**RESPONSE:** Objection. The request is overly broad and vague and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

Copies of the transcripts from any and all recorded statements taken in connection with the property damage claim made subject of this suit.

**RESPONSE:** Standard Fire does not have any recorded statements.

**REQUEST NO. 4:**

Copies of any and all reports, including, but not limited to, adjuster's reports, prepared by you or someone acting on your behalf regarding the property damage claim made subject of this suit.

**RESPONSE:** See the documents provided in response to request no. 1.

1

**REQUEST NO. 5:**

Copies of any and all expert reports prepared on your behalf about any matter or issue relating to the property damage claim made subject of this suit.

**RESPONSE:** Standard Fire does not have any documents responsive to the request.

**REQUEST NO. 6:**

Copies of any and all photographs, maps, drawings and/or sketches of the property located at:

George and Emily Pecquet, 3211 Lyndell Dr., Chalmette, 70043.

**RESPONSE:** See the documents provided in response to request no. 1.

**REQUEST NO. 7:**

Copies of any and all documentation that concerns or pertains to the property damage claim made subject of this suit.

**RESPONSE:** Objection. The request is overly broad and vague. Subject to, and without waiving the objection, see the documents produced in response to request nos. 1 and 8.

**REQUEST NO. 8:**

A certified copy of plaintiffs' Standard Fire homeowner's policy in effect on the date Hurricane Katrina struck southeast Louisiana.

**RESPONSE:** Standard Fire will produce a certified copy of policy #0318057366339.

**REQUEST NO. 9:**

Copies of any and all licenses, certificates and/or degrees described in your answer to interrogatory number 5(d).

2



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE PECQUET, ET AL                CIVIL NO.: 06-04718

VERSUS                                JUDGE LEMELLE

STANDARD FIRE INSURANCE COMPANY       MAGISTRATE SHUSHAN

### INITIAL DISCLOSURES

The Standard Fire Insurance Company ("Standard Fire") files its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) as follows:

A.  INDIVIDUALS WITH RELEVANT KNOWLEDGE

   1.  Kevin R. Smith
       Claims Representative
       Standard Fire

       Adjustment, investigation and handling of claim, inspection of property, preparation of estimate, discussion with insured and payments to the insured.

   2.  Mitchell Wettstein
       Claims Representative
       Standard Fire

       Adjustment, investigation and handling of the claim, inspection of property and preparation of estimate.

    3.    Monique McQueen
         Claims Representative
         Standard Fire

         Adjustment, investigation and handling of the claim, inspection of property and preparation of estimate.

    4.    Carl Waterford
         Claims Representative
         Standard Fire

         Adjustment, investigation and handling of the claim, inspection of property and preparation of estimate.

    5.    Mike Rivers
         Claims Representative
         Standard Fire

         Adjustment, investigation and handling of the claim, inspection of property and preparation of estimate.

    6.    Daniel Lang
         Claims Representative
         Standard Fire

         Adjustment, investigation and handling of the claim, inspection of property and preparation of estimate.

B.    DOCUMENTS

    1.    Certified copy of Standard Fire policy number 0318057366339.

    2.    Estimate prepared by Mitchell Wettstein.

    3.    Non-privileged portion of Standard Fire claims file.

    4.    Correspondence between the parties.

C.    DAMAGES

Not applicable to Standard Fire.

D.  INSURANCE AGREEMENTS

Standard Fire will provide a certified copy of policy number 0318057366339.

Respectfully submitted:

PERRET DOISE, APLC

_____
DOUGLAS C. LONGMAN, JR. (#8719)
GARY J. RUSSO (#10828)
CAMILLE BIENVENU POCHÉ (#22597)
P. O. Drawer 3408
Lafayette, LA. 70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001

ATTORNEYS FOR THE STANDARD FIRE INSURANCE COMPANY

3