UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE PECQUET, ET AL | CIVIL NO.: 06-04718 |
| VERSUS | JUDGE. LEMELLE |
| STANDARD FIRE INSURANCE COMPANY | MAGISTRATE SHUSHAN |

**MEMORANDUM OF THE STANDARD FIRE INSURANCE COMPANY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

<u>Preliminary Statement</u>

The Standard Fire Insurance Company timely objected to discovery requests that seek detailed background information on adjusters and a wide array of manuals, guidelines and booklets from Standard Fire. The plaintiffs have now moved to compel production. Because the requested discovery is overly broad and burdensome and not likely to lead to the discovery of admissible evidence, the motion should be denied.

Facts

Plaintiffs claim that their residence, which was insured by a homeowner's policy issued by Standard Fire, was damaged as a result of Hurricane Katrina. After Hurricane Katrina, Standard Fire inspected the home and adjusted the loss. Payments were made to plaintiffs and Standard Fire advised that additional payments would be paid upon proof that the work was performed. Subsequently plaintiffs filed suit against Standard Fire seeking damages for losses allegedly incurred under the policy and for penalties and attorney's fees. The case was originally assigned to Judge Lemelle. After it became apparent that plaintiffs were making a flood claim and the Water Exclusion in the policy was at issue, Standard Fire moved to transfer and consolidate the suit in accordance with Judge Duval's order.[1] Plaintiffs opposed the motion despite the order issued by Judge Duval. Recently the motion was granted and the claim was transferred and consolidated with In re: Katrina Canal Breaches Consolidated Litigation.[2]

Prior to the transfer, plaintiffs submitted discovery requests to Standard Fire. Several of the requests were overly broad and burdensome and were not likely to lead to the discovery of admissible evidence. Standard Fire timely objected to the requests and now plaintiffs have moved to compel.

---

[1] Set forth in the Minute Entry by Judge Duval dated November 29, 2006 (the "Minute Entry"). *See* Civ. Action 05-4182, Rec. Doc. No. 2034.

[2] *See* Judge Lemelle's May 17, 2007 Order (Civ. Action 06-4718, Rec. Doc. No. 15).

Argument

The plaintiffs, in violation of the Rule 26(d), sought to serve discovery requests prior to the Rule 26(f) conference.  Counsel for Standard Fire advised opposing counsel of the violation and stated that the requests would be treated as having been served as of the date of the conference.  Thus, the responses filed by Standard Fire are timely. Standard Fire responded to the discovery requests by providing the names of the adjusters, the payments made, a certified copy of the policy and the claims file.[3] Several of the requests were very broad and not likely to lead to the discovery of admissible evidence.  Standard Fire objected to those requests.

Plaintiffs' motion to compel focuses on three discovery requests.  Those requests will be addressed separately:

Interrogatory no. 5

The interrogatory requires Standard Fire to provide seven categories of information on each of the adjusters listed in response to interrogatory no. 1.  The seven categories seek information regarding the total years worked, the number of residential claims adjusted, educational background, professional licenses and certifications, complete description of all training, employment history and continuing education history.  Standard Fire objected to the interrogatory because it is overly broad and burdensome.

Standard Fire should not be required to provide the detailed and wide ranging background information sought on the adjusters.  The education, employment history

---

[3] Response attached as Exhibit A.

and numerous other matters regarding the adjusters is hardly relevant to plaintiffs claim against Standard Fire for coverage under the policy. The request is clearly overly broad and burdensome. If plaintiffs truly need such information, it can be obtained from the adjusters, when and if , they are deposed.

### Request for Production no. 2

The request seeks copies of "any and all" written policies, handbooks, instruction booklets or other documents "regarding the adjustment of property damage claims". Standard Fire objected to the request because it is overly broad and vague and not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire should not be required to provide the requested wide array of "any and all" policies, handbooks and other documents "regarding adjustment of property damage claims". Not only is the request overly broad and vague, but such material is hardly relevant to plaintiffs claim. At issue is whether there is coverage under the policy for the losses claimed by plaintiffs and coverage will be decided by the policy and not the wide assortment of material sought by plaintiffs.

Additionally, the request concerns the type of issue involved in the common liability discovery being conducted in accordance with Case Management and Scheduling Order No. 4. As such, the request is duplicative and violates CMO No. 4.

### Request for Production no. 9

The request seeks copies of "any and all" licenses, certificates and degrees of any person that inspected the residence on behalf of Standard Fire. Contrary to the

memo of plaintiffs, Standard Fire timely objected to the request as being overly broad and burdensome.

Summary

    The Court should deny the motion to compel.

    Respectfully submitted:

    PERRET DOISE, APLC

    s/Gary J. Russo
    GARY J. RUSSO (#10828)
    DOUGLAS C. LONGMAN, JR. (#8719)
    CAMILLE BIENVENU POCHÉ (#22597)
    P. O. Drawer 3408
    Lafayette, LA. 70502-3408
    Telephone: (337) 262-9000
    Fax: (337) 262-9001

    ATTORNEYS FOR THE STANDARD FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2007 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

                              s/Gary J. Russo
                              GARY J. RUSSO (#10828)
                              DOUGLAS C. LONGMAN, JR.  (#8719)
                              CAMILLE BIENVENU POCHÉ (#22597)
                              P. O. Drawer 3408
                              Lafayette, LA.  70502-3408
                              Telephone: (337) 262-9000
                              Fax: (337) 262-9001