## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
      CONSOLIDATED LITIGATION
                                     NO.: 05-4182

                                     SECTION "K"(2)

FILED IN:    05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073
              05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
              06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346
              06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931
              06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
              06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
              07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

_____

## MEMORANDUM IN SUPPORT OF LEVEE PSLC'S MOTION TO COMPEL CLASS CERTIFICATION DISCOVERY RESPONSES FROM DEFENDANTS, BOH BROS. CONSTRUCTION COMPANY, INC., GULF GROUP, INC. OF FLORIDA, PITTMAN CONSTRUCTION CO., INC., AND EUSTIS ENGINEERING, CO., INC.

## I. BACKGROUND

In accordance with this Court's Case Management and Scheduling Order No.4, on March 30, 2007, the Levee PLSC propounded Class Certification Discovery, Interrogatories, Requests for Production, and Requests for Admissions, upon Defendants including, but not limited to, Boh Bros. Construction Company, Inc., Gulf Group, Inc. of Florida, Pittman Construction Co., Inc., and Eustis Engineering Co., Inc.  Each of these Defendants have not sufficiently responded to Plaintiffs' Class Certification Discovery Requests and the Levee PSLC shows as follows:

## A.  Boh Bros. Construction Co., Inc.

On March 30, 2007, the LEVEE PSLC served upon Defendant, Boh Bros. Construction Co., Inc., Class Certification Interrogatories, Requests for Production, and Requests for Admission pursuant to Case Management Order #4 Section III(B)(2) entitled, Class Certification Disclosure and Written Discovery, which states in pertinent part as follows:

> No later than **March 30, 2007**, plaintiffs and defendants must submit to the other side three (3) separate sets (one each for Levee, MRGO (if necessary) and Insurance cases) of no more than twenty five (25) interrogatories, no more than fifty (50) requests for production and no more than fifty (50) requests for admissions, all limited to class certification issues.  Written responses to this discovery must be provided no later than **April 30, 2007**....

On May 1, 2007, Boh. Bros. responded to the Levee PSLC's Request for Admissions stating that "The above identified Request for Admissions are in violation of Case Management and Scheduling Order No. 4 (Doc. 3299) and for that reason, Boh Bros. objects to these Requests."  (Please see Exhibit "A" attached hereto).  On Monday, May 21, 2007, the Levee PSLC forwarded to counsel for Boh Bros. a 37.1 letter in this regard. (Please see Exhibit "B" attached hereto).  To date, the Levee PSLC has received no response.

## B.  Gulf Group Inc. of Florida

On March 30, 2007, the LEVEE PSLC served upon Defendant, Gulf Group Inc. of Florida, Class Certification Interrogatories, Requests for Production, and Requests for Admission pursuant to Case Management Order #4 Section III(B)(2) entitled, Class Certification Disclosure and Written Discovery, which states in pertinent part as follows:

No later than **March 30, 2007**, plaintiffs and defendants must submit to the other

side three (3) separate sets (one each for Levee, MRGO (if necessary) and Insurance cases) of no more than twenty five (25) interrogatories, no more than fifty (50) requests for production and no more than fifty (50) requests for admissions, all limited to class certification issues.  Written responses to this discovery must be provided no later than **April 30, 2007**....

The Levee PSLC received no response from Gulf Group Inc. of Florida.  Therefore, the Levee PSLC filed the Levee Plaintiffs' Motion to Deem Matters Admitted as to Requests for Admissions Propounded to Defendants, Eustis Engineering Company, Inc., Gulf Group Inc. of Florida, and Pittman Construction Company, Inc. and For Attorneys' Fees and Expenses (Doc. 5278).  On Thursday, May 24, 2007, the Levee PSLC forwarded to counsel for Gulf Group a 37.1 letter in this regard.  (Please see Exhibit "C" attached hereto).  To date, the Levee PSLC has received no response.

## C. Pittman Construction Co., Inc.

On March 30, 2007, the LEVEE PSLC served upon Defendant, Pittman Construction Co., Inc., Class Certification Interrogatories, Requests for Production, and Requests for Admission pursuant to Case Management Order #4 Section III(B)(2) entitled, Class Certification Disclosure and Written Discovery, which states in pertinent part as follows:

> No later than **March 30, 2007**, plaintiffs and defendants must submit to the other side three (3) separate sets (one each for Levee, MRGO (if necessary) and Insurance cases) of no more than twenty five (25) interrogatories, no more than fifty (50) requests for production and no more than fifty (50) requests for admissions, all limited to class certification issues.  Written responses to this discovery must be provided no later than **April 30, 2007**....

The Levee PSLC received no response from Pittman Construction Co., Inc.  Therefore, the Levee PSLC filed the Levee Plaintiffs' Motion to Deem Matters Admitted as to Requests for Admissions Propounded to Defendants, Eustis Engineering Company, Inc., Gulf Group

Inc. of Florida, and Pittman Construction Company, Inc. and For Attorneys' Fees and

Expenses (Doc. 5278).  On Wednesday, May 30, 2007, the Levee PSLC forwarded to

counsel for Pittman a 37.1 letter in this regard.  (Please see Exhibit "D" attached hereto).

To date, the Levee PSLC has received no response.

### D. Eustis Engineering Co., Inc.

On March 30, 2007, the LEVEE PSLC served upon Defendant, Eustis

Engineering Co., Inc., Class Certification Interrogatories, Requests for Production, and

Requests for Admission pursuant to Case Management Order #4 Section III(B)(2) entitled,

Class Certification Disclosure and Written Discovery, which states in pertinent part as

follows:

> No later than **March 30, 2007**, plaintiffs and defendants must submit
> to the other side three (3) separate sets (one each for Levee, MRGO
> (if necessary) and Insurance cases) of no more than twenty five (25)
> interrogatories, no more than fifty (50) requests for production and no
> more than fifty (50) requests for admissions, all limited to class
> certification issues.  Written responses to this discovery must be
> provided no later than **April 30, 2007**....

The Levee PSLC received no response from Eustis Engineering Co., Inc. Therefore, the

Levee PSLC filed the Levee Plaintiffs' Motion to Deem Matters Admitted as to Requests

for Admissions Propounded to Defendants, Eustis Engineering Company, Inc., Gulf Group

Inc. of Florida, and Pittman Construction Company, Inc. and For Attorneys' Fees and

Expenses (Doc. 5278).  On Thursday, May 24, 2007, the Levee PSLC forwarded to counsel

for Eustis a 37.1 letter in this regard.  (Please see Exhibit "E" attached hereto).  That same

day, counsel for Eustis forwarded to the Levee PSLC correspondence indicating that Eustis

timely filed objections to the Interrogatories, Requests for Production, and Requests for

Admissions.  (Please see Exhibit "F" attached hereto).  The Levee PSLC has no record of

receipt of Eustis' response in this regard.  However, the certificate of service indicates that

Eustis served its Objection and Answer to the Levee Plaintiffs' First Set of Requests for

Admission, Interrogatories, and Request for Production of Documents  Liaison Counsel on

April 30, 2007.  The Levee PSLC has no reason to doubt the veracity of counsel for Eustis'

statements regarding its timely filed objections, but still brings the instant motion due to a

lack of sufficient response to Class Certification Discovery.

In short, Defendants, Pittman and Gulf Group Inc. of Florida, have not respondedin

any manner to Plaintiffs' Class Certification Discovery Requests.  Defendants, Boh Bros.

and Eustis, objected to Plaintiffs' Class Certification Discovery Requests.

## II. ARGUMENT

The crux of Defendants' objections is that Defendants are exempt from discovery

pursuant to Case Management Order No. 4.  Not only are Defendants' objections baseless,

they also run afoul of Case Management Order No. 4.  Case Management Order No. 4

governs disclosure and discovery relating to, among others, the following issues: (1) Class

Certification Issues and (2) Common Liability Issues.  On March 30, 2007, The Levee

PLSC propounded to Defendants the Interrogatories, Requests for Production, and

Request for Admissions pertaining to the first issue, Class Certification.  The Defendants'

objections, presumably, are based upon language pertaining to the second issue, Common

Liability.  With regard to permitted Contractor discovery relating to the common liability

issue, Case Management Order No. 4 Section IV(A)(f) entitled, Common Issues Liability

Mandatory Disclosures, states:

> Plaintiff's counsel will propound by April 2, 2007, one Joint Master Set
> of Requests for Production of Documents to the Contractors, under
> Fed. R. Civ. P. 34, limited to files relating to construction of projects

in which a breach later occurred, or which involved other work at a site where a breach occurred, and the Contractors will provide written responses to these requests no later than May 15, 2007.

With regard to permitted Engineer discovery relating to the common liability issue, Case Management Order No. 4 Section IV(A)(b) entitled, Common Issues Liability Mandatory Disclosures, states the same parameters for common liability discovery. The Case Management Order then explains "[n]o other **merits** discovery of Contractors will be conducted until after the Class Certification issues are decided by the Court."[1] Obviously, this language limits the ability of the Levee PLSC to conduct discovery in connection with common liability issues until after the Court renders a determination on class certification.

However, the Levee PLSC is not attempting to conduct discovery on common liability issues in its Class Certification Discovery. It is attempting to conduct discovery on the issue of class certification and, as to this issue, Case Management Order No. 4 Section III(B)(2) entitled, Class Certification Disclosure and Written Discovery, states in pertinent part as follows:

> No later than March 30, 2007, plaintiffs and defendants must submit to the other side three (3) separate sets...of no more than twenty-five (25) interrogatories, no more than fifty (50) requests for production and no more than fifty (50) requests for admissions, **all limited to class certification issues.** Written responses to this discovery must be provided no later than April 30, 2007...."

The plain wording of Case Management Order No. 4 allows discovery to proceed unabated with regard to class certification. Therefore, the Defendants are not in compliance with this Honorable Court's Order.

---

[1] *Id.* at § IV (A)(1)(f)(1)(c)(Emphasis added). The CMO addresses discovery relating to Engineers in the same manner. *See Id.* at §§ IV (A)(1)(b)(1)-(2)

More critical for purposes of the instant motion, however, is not what Case Management Order No. 4 states, but what it does not state.  In stark contrast to the section governing Discovery pertaining to Common Liability, the section governing Discovery pertaining to Class Certification neither references the dismissal of certain Engineers and Contractors, nor does it stay the discovery process.  Quite the contrary, each side is allowed to propound a certain number of Interrogatories, Requests for Production, and Requests for Admission.  Case Management Order No. 4 does not restrict the Levee PLSC's prerogative under the Federal Rules of Civil Procedure to conduct discovery and receive adequate and timely responses.[2]  The Defendants must comply with this Court's Scheduling Order governing the scope and course of discovery, despite the minor inconvenience because "a litigant has no discretion to ignore court orders it deems improvident."[3]

Moreover, the Levee PLSC submits that its interpretation of the language in Case Management Order No. 4 is correct because the following Contractor and Engineer Defendants have responded to the Levee PSLC's Class Certification Discovery: Modjeski & Masters, Burk Kleinpeter, Inc., James Construction Group, B&K Construction Group, and Gotech, Inc.

## III.  CONCLUSION

As previously stated, Defendants' objections are without any merit whatsoever and, accordingly, the Levee PLSC is entitled to relief under Fed. R. Civ. P. 37(a)(2)(B).

---

[2]*See generally* Fed. R. Civ. P. 33-36

[3]*Synanon Church v. U.S.*, 579 F.Supp. 967, 976 (D.C.D.C. 1984), *aff'd* 820 F.2d 421 (D.C. Cir. 1987)

Furthermore, pursuant to Fed. R. Civ. P. 37(a)(4)(A), the Levee PLSC is entitled to reasonable costs incurred with bringing this motion, including attorneys' fees.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

 s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**
Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States Mail, properly addressed and first class postage pre-paid, or by facsimile, or other electronic transmission this 4th day of June, 2007.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Joseph M. Bruno
　　　　　　　　　　　　　　　　　　　　　　Joseph M. Bruno