

**MAT M. GRAY, III**
Partner
Direct Dial: 504.595.5106
Email: mgray@frc-law.com

May 24, 2007

<u>Via Email Delivery</u>

E. Alexis Bevis, Esq.
Lambert & Nelson
701 Magazine Street
New Orleans, Louisiana 70130-3629

    Re:    In Re: Katrina Canal Breaches Consolidated Litigation
            Civil Action No. 05-4182 "K" (2)
            Class Certification Discovery
            Our File: 5270-001

Dear Alexis:

    You are correct that it is my opinion that the engineers did not have to respond to plaintiffs' Class Certification Interrogatories and Request for Production of Documents. We only had to respond to one master set of requests for production, which we have done.

    Insofar as the Class Certification discovery, we timely filed objections to the Interrogatories and Requests for Production, and answered the Requests to Admit. Therefore, I have no idea how you could file a Motion to Deem Plaintiffs' Requests for Admissions As Admitted and we have not received a copy, if filed. A copy of our response to the Request for Admissions is attached hereto. Also, I filed specific objections relating to the Class Action Interrogatories and Request for Production of Documents. Please see the enclosure.

    The only date I can meet with you is on the afternoon of Wednesday, May 30, 2007. Please advise if you still wish to meet.

                Very truly yours,

                Mat M. Gray, III
                *FOWLER, RODRIGUEZ, FLINT, GRAY,*
                *MCCOY, SULLIVAN & CARROLL, L.L.P.*

MMG/ddb
Enclosures



COUNSELLORS AT LAW
New Orleans • 400 Poydras Street, 30th Floor, New Orleans, Louisiana 70130 • Phone: (504) 523-2600 • Fax: (504) 523-2705

New Orleans • Houston • Miami • Mobile • Rosario

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES   CIVIL ACTION
CONSOLIDATED LITIGATION
                                NO.: 05-4182

                                SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
            05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
            06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
            06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
            06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
            06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
            07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

## OBJECTIONS AND ANSWER
## TO THE LEVEE PLAINTIFFS' FIRST SET OF REQUESTS
## FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS

**NOW COMES** Eustis Engineering Company, Inc. ("Eustis") through its undersigned counsel, and in response to the Levee Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, responds as follows:

### GENERAL OBJECTIONS

Under Case Management Order No. 4, Eustis is not required to answer any discovery except for one Master Set of Requests for Production of Documents, which has been separately propounded by the Levee plaintiffs. Also, no merit discovery is to be propounded to the Engineers, including Eustis. Accordingly, Eustis objects to this discovery. Eustis is not answering the Interrogatories or Requests for Production of Documents herein. Subject to its objection, out of an abundance of precaution, Eustis answers the Requests for Admission.

## RESPONSE TO REQUESTS FOR ADMISSIONS –
## LEVEE CLASS DISCOVERY

1.     Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. The existence or non-existence of a form 95 has no bearing on the liability of an engineer. Objection 2: The requesting party has not served the responding party with the document requested for authentication. Objection 3: Respondent does not have adequate information to answer the request, and it is not subject to a determination from Eustis' file or reasonable inquiry.

2.     Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. The existence or non-existences of a form 95 has no bearing on the liability of an engineer. Objection 2: The requesting party has not served the responding party with the document requested for authentication. Objection 3: Respondent does not have adequate information to answer the request, and it is not subject to a determination from its files or outside information based upon a reasonable inquiry.

3.     Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. The existence or non-existences of a form 95 has no bearing on the liability of an engineer. Objection 2: The requesting party has not served the responding party with the document requested for authentication. Objection 3: Respondent does not have adequate information to answer the request, and it is not subject to a determination from its files or outside information based upon a reasonable inquiry.

4.     It is admitted that Eustis has not paid, settled or otherwise resolved any hurricane related claim by any person, including any plaintiffs or representatives. Information as to the other parties cannot be learned upon reasonable inquiry and it is objected to as burdensome.

5.  Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. Objection 2: Eustis does not have adequate information to answer the request. Objection 3: The request calls for a conclusion of law, the subject of trial against other parties.

6.  The request is denied. Eustis has no reasonable means to verify this statement. It has no access to Class or Sub-Class representatives' personal information. The request is denied to the extent it requests establishing as fact a premise for liability other than class representation. It is admitted that someone would meet this qualification, but it is currently unknown whether the named individuals meet those qualifications.

7.  The request is denied. Eustis has no reasonable means to verify this statement. It has no access to Class or Sub-Class representatives' personal information. The request is denied to the extent it requests establishing as fact a premise for liability other than class representation. It is admitted that someone would meet this qualification, but it is currently unknown whether the named individuals meet those qualifications.

8.  The request is denied. Eustis has no reasonable means to verify this statement. It has no access to Class or Sub-Class representatives' personal information. The request is denied to the extent it requests establishing as fact a premise for liability other than class representation. It is admitted that someone would meet this qualification, but it is currently unknown whether the named individuals meet those qualifications.

9.  Denied as written. There is no certified Class or Sub-Class. It is admitted that members of the proposed Class are so numerous that joinder is impracticable.

10. Denied as written. There is no certified Class or Sub-Class. It is admitted that proposed Sub-Class One members are so numerous that joinder is impracticable.

11. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

12. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

13. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

14. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

15. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

15. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable. (There are two requests numbered as 15.)

16. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

17. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

18. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

19. Denied as written. There is no certified Class or Sub-Class. It is admitted that alleged Sub-Class Two members are so numerous that joinder is impracticable.

20. It is admitted the filing of separate actions would create a risk of inconsistent or varying adjudications, including the source of each loss, who, if anyone, is liable, and the nature and amount of damages.

21. It is admitted that the filing of separate actions would create the risk of adjudications which may substantially impair the ability of some class members to protect their interests, particularly as to liability and quantum. Objection: Eustis cannot know or learn by reasonable inquiry if it would actually impair any class member, if a class is certified.

22. Denied. Eustis did not have "custody" over the levees at the time of Hurricane Katrina.

23. Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. The existence or non-existence of a form 95 has no bearing on the liability of an engineer. Objection 2: The requesting party has not served the responding party with the document requested for authentication. Objection 3: Respondent does not have adequate information to answer the request and it is not information obtainable on reasonable inquiry.

24. Eustis has not paid, settled, or otherwise resolved any Katrina related claim asserted by any purported member of the class. The rest is denied. Objection: Eustis does not have access to this information and it is not obtainable on reasonable inquiry.

25. Objection: This is unknown and cannot be determined upon reasonable inquiry. It is denied.

26. Objection: This is unknown and cannot be determined upon reasonable inquiry. It would require a complex engineering analysis. It is denied.

27. Objection: This is unknown and cannot be determined upon reasonable inquiry. It would require a complex technical analysis. It is denied.

28. Objection: This is unknown and cannot be determined upon reasonable inquiry. It would require a complex technical analysis. It is denied.

29. Objection: This is unknown and cannot be determined upon reasonable inquiry. It would require a complex technical analysis. It is denied.

30. Objection: This is unknown and cannot be determined upon reasonable inquiry. It would require a complex technical analysis. It is denied.

31. Admitted. There may be different sources of inundation, which are not known by Eustis and cannot be determined upon reasonable inquiry, as to each proposed class member.

32. Objection: There may be different sources of inundation, which are not known by Eustis and cannot be determined upon reasonable inquiry. It is denied.

33. Objection: There may be different sources of inundation, which are not known by Eustis and cannot be determined upon reasonable inquiry. It is denied.

34. Objection: There may be different sources of inundation, which are not known by Eustis and cannot be determined upon reasonable inquiry. It is denied.

35. Objection: There may be different sources of inundation, which are not known by Eustis and cannot be determined upon reasonable inquiry. It is denied.

36. Objection: There may be different sources of inundation, which are not known by Eustis and cannot be determined upon reasonable inquiry. It is denied.

37. Denied.

38. Denied.

39. Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. Objection 2: Respondent does not have adequate information to answer the request, and it is not subject to a determination from Eustis' file or reasonable inquiry.

40. Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. Objection 2: Respondent does not have adequate information to answer the request, and it is not subject to a determination from Eustis' file or reasonable inquiry.

41. Objection 1: The request is not relevant nor leads to the discovery of admissible evidence relating to claims against Eustis. Objection 2: Respondent does not have adequate information to answer the request, and it is not subject to a determination from Eustis' file or reasonable inquiry.

42. Denied as written. Some code articles have no application to Eustis, such as Articles 667, 2317 and 2317.1, or to other individual defendants.

43. Admitted to the best of our knowledge, if a Greater New Orleans Class should be certified.

44. Denied.

45. Denied.

46. Denied.

47. Objection: Eustis cannot determine upon reasonable inquiry whether there will be differences among Class members as to the cause of losses, mitigation and proof of damages. It is denied.

48. Objection: This must be determined at trial. Experts may disagree. Eustis has not seen, nor been provided with, any expert reports. Admitted as to analysis. Denied as to a determination.

49. Denied as written. Some studies were done. However, Eustis knows of no inundation study by the USA as regards of the proposed Class or the five Sub-Classes.

Respectfully submitted,

*[signature]*

MAT M. GRAY, III (La. No. 6264)
ALANSON T. CHENAULT, IV (La. No. 20747)
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: (504) 523-2600
Telecopier: (504) 523-2705
Email: mgray@frc-law.com
Email: achenault@frc-law.com
Attorneys for Eustis Engineering Company, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 30, 2007, I forwarded a copy of the foregoing to Joe Bruno, Esq. and Seth A. Schmeeckle, Esq.

*[signature]*

MAT M. GRAY, III (La. No. 6264)
ALANSON T. CHENAULT, IV (La. No. 20747)
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: (504) 523-2600
Telecopier: (504) 523-2705
Email: mgray@frc-law.com
Email: achenault@frc-law.com
Attorneys for Eustis Engineering Company, Inc.