UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: INSURANCE | * | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEPOSITION OF ALEXIS KING AND FOR PROTECTIVE ORDER**

Plaintiffs' Opposition Memorandum constitutes nothing more than conclusory assertions that not only are unsupported, but are clearly contradicted by the record. Plaintiffs ignore the clear language and intent of CMO No. 4 and assert, without any basis, that the deposition of Alexis King is timely. In addition, Plaintiffs' argument that Ms. King's deposition is relevant to the instant litigation is unsupported by the facts and misapprehends the applicable Rule 26 standards. Plaintiffs have provided no valid grounds in opposition to State Farm's Motion to Quash Deposition of Alexis King and For Protective Order. State Farm's Motion should be granted and an Order entered prohibiting the deposition of Alexis King.

## I. MICHAEL ENTWISTLE'S AFFIDAVIT ESTABLISHES THAT MS. KING WAS NOT A PART OF THE LOUISIANA HURRICANE KATRINA OPERATION

Although Plaintiffs' Opposition contains numerous spurious allegations, the Plaintiffs have presented no facts that controvert the basic proposition that Ms. King was not part of State Farm's Louisiana Hurricane Katrina team. Plaintiffs have pointed to no individual claim that involved Ms. King or any facts tending to show any involvement by Ms. King in Louisiana. As set forth in State Farm's opening Memorandum Ms. King is not an appropriate fact witness for Louisiana claims because she had no supervision or responsibility for the handling or adjustment of Louisiana Hurricane Katrina claims. *See* Entwistle Affidavit at ¶ 7, Doc. 5328, Ex. B.

Despite the uncontroverted facts set forth in Mr. Entwistle's Affidavit regarding State Farm's operational structure, Plaintiffs pin their argument on the fact that Ms. King was a claims Team Manager in Mississippi. However, as established by Mr. Entwistle's Affidavit, he was the Section Manager responsible for the State Farm Hurricane Katrina Catastrophe Operations in Louisiana. *Id.* at ¶¶ 5,6. Mr. Entwistle along with other Claims Section Managers supervised the Team Managers in the Central Zone, which included Louisiana. *Id.* at ¶¶ 4-6. He did not supervise Ms. King because Ms. King was not a part of the Louisiana operation since she was assigned to Mississippi which was not even included within the Central Zone. *Id.* at ¶¶ 4,7. The simple fact is that Ms. King was not responsible for adjusting claims in Louisiana after Hurricane Katrina and cannot provide relevant testimony regarding State Farm's Louisiana Hurricane Katrina operation.

## II. PLAINTIFFS HAVE NOT SATISFIED FEDERAL RULE OF CIVIL PROCEDURE 26

As a threshold matter, Plaintiffs must demonstrate that the deposition of Ms. King is relevant to the claims and defenses of this litigation. Plaintiffs' contention that they have

numerous issues to explore with Ms. King is insufficient because not one of the issues identified by Plaintiffs involves the handling of Louisiana claims specifically. Permitting a deposition of Ms. King, an individual with no responsibility for the supervision or adjustment of Louisiana claims, would be a waste of the Court's and parties' time and resources. There are individuals who were involved in State Farm's Louisiana Hurricane Katrina operation who are able to provide information regarding State Farm's general claims handling procedure and the procedures employed in Louisiana after Hurricane Katrina. Those persons will be made available in accordance with the Federal Rules and CMO No. 4.

The "host of inquiries" Plaintiffs propose to direct to Ms. King are nothing more than sweeping queries that could be directed to any number of State Farm personnel and presumably will be directed to State Farm through an appropriate Rule 30(b)(6) deposition at the time authorized by CMO No. 4.[1] Specifically, Plaintiffs say they want to depose Ms. King on State Farm's overall claims handling practices, its policy regarding conflicting reports, its policy regarding the denial of claims, and how State Farm's claims handling practices in Louisiana compare to Ms. King's practice in Mississippi.[2] Until Plaintiffs first address the practices in Louisiana, the practices in Mississippi are both irrelevant and immaterial. Moreover, to the extent Plaintiffs seek to depose Ms. King on general claims handling procedures of State Farm,

---

1 Indeed, Plaintiffs have forwarded a proposed Rule 30(b)(6) deposition to Defendants which also seeks corporate testimony regarding all of these issues.

2 Plaintiffs additionally contend that they seek to discover whether the same adjusters and engineers involved in criminal investigations in Mississippi were assigned to any Louisiana claims. Doc. 5383 at 5. Plaintiffs have served discovery which State Farm is in the process of responding to which seeks identification of engineering and adjusting firms used by State Farm. To the extent any of those requests is proper, Plaintiffs can discern the information sought from Ms. King from State Farm's responses to Plaintiffs' Master Discovery.

this information is properly the subject of a Rule 30(b)(6) deposition and State Farm will provide a Rule 30(b)(6) witness in accordance with the Court's CMO No. 4.[3] Because Ms. King was not responsible for the handling of Louisiana claims, she would have no first hand knowledge on either the facts of any specific claims nor be able to address the general procedures actually employed in Louisiana. Plaintiffs should not be permitted to depose Ms. King, a State Farm Mississippi Claim Team Manager, on information that is ascertainable from State Farm personnel involved in the adjustment of Louisiana Hurricane Katrina claims. Ms. King's deposition is nothing more than pure harassment as Plaintiffs set forth no topics that can only be addressed by Ms. King, much less any topics that deal directly with State Farm's handling of Louisiana Hurricane Katrina claims.

Likewise, Plaintiffs' assertion that Ms. King's deposition is relevant to the "subject matter" of the litigation is unavailing. In 2000, Federal Rule of Civil Procedure 26 was amended to clarify that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."[4] As discussed herein, Plaintiffs have failed to show how Ms. King's testimony is relevant to the claims of Louisiana insureds relating to damage arising out of Hurricane Katrina and the failure of the levees in and around New Orleans. That Ms.

---

[3] Ms. King as a fact witness not a Rule 30(b)(6) witness could not testify on behalf of State Farm but rather could only testify as to her personal knowledge. As such, the testimony would not be binding on State Farm. *See* 7 MOORE'S FEDERAL PRACTICE, § 30.03[2], (3rd ed. 2005) (distinguishing between Rule 30(b)(6) deponent and non-Rule 30(b)(6) employee witness who is treated as an ordinary non-party witness); *see also*, 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 2103.

[4] Rule 26 had previously permitted discovery of information relevant to the subject matter involved in the pending litigation. In an effort to narrow the reaches of discovery, Rule 26 currently provides that for "good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Even under a flexible standard, good cause does not exist here.

King possesses knowledge of State Farm's general procedures is unavailing, as numerous personnel located in Louisiana and throughout the United States possess knowledge of general procedures. Ms. King lacked any authority or responsibility for the handling of the Louisiana claims at issue in this consolidated litigation and thus cannot provide information relevant to the claims and defenses present in this litigation.

Finally, Ms. King's deposition is not relevant to determination of Plaintiffs' claims because Plaintiffs cannot prove each individual claim by pointing to alleged actions in another state. Rather, in each of the individual cases before this Court, the Plaintiffs must individually establish that State Farm's claims handling practices resulted in an underpayment to the respective claimants and that such underpayment was in bad faith. The deposition of Ms. King is neither necessary nor relevant to a determination of the allegations of any individual Louisiana insured because she has no connection to either their claims or the claims handling procedures utilized in this state. The notice of deposition should be stricken.

## III. THE DEPOSITION IS PREMATURE

CMO No. 4 makes clear that fact witness depositions regarding common liability issues cannot occur prior to July 23, 2007, absent agreement of counsel or leave of Court. Doc. 3299 at 34. Moreover, CMO No. 4 specifically limits discovery of "such general adjusting issues," which Plaintiffs seek to discover from Ms. King, to "one Rule 30(b)(6) deposition and one master set of written discovery" per insurer. *Id.* at 49. Plaintiffs admit that they seek to depose Ms. King purportedly for common issue discovery and that they seek to discover information regarding State Farm's claims handling process from Ms. King. Doc. 5383 at 2, 15. Plaintiffs' meager assertion that because the April 9, 2007, Insurance Discovery Protocol "does

not limit the commencement of discovery regarding individual issues common to all insureds of State Farm," ignores the clear provisions of CMO No. 4.[5] Common insurance depositions regarding claims handling and adjusting is explicitly limited to one Rule 30(b)(6) deposition and common liability fact witness depositions may not occur before July 23, 2007. The deposition of Alexis King should be quashed as premature.

**IV. CONCLUSION**

Plaintiffs have identified broad general categories of information they purportedly seek to discover from Ms. King. These issues do not bear on the Louisiana claims specifically, but rather general claims handling procedures. The matters that are relevant to these Louisiana claims is what happened in Louisiana. To the extent Plaintiffs seek to discover information relating to State Farm's overall Katrina strategy and the implementation of that strategy in Louisiana, a Rule 30(b)(6) deposition of a State Farm employee with responsibility in Louisiana is the appropriate means of discovery. This Court should issue an Order prohibiting Ms. King's deposition because the unrebutted evidence demonstrates that Ms. King had no authority or supervision over Louisiana Hurricane Katrina claims and thus was not responsible for the

---

5 Plaintiffs' disregard of CMO No. 4 is not limited to the Notice of Deposition of Ms. King. On Friday June 1, 2007, Plaintiffs in the Insurance Group filed three Motions for Partial Summary Judgment also in violation of procedures outlined in CMO No. 4.

implementation of State Farm procedures in Louisiana. Pursuant to Rule 26, Ms. King's deposition should be prohibited because it is cumulative and duplicative of Rule 30(b)(6) topics and constitutes nothing more than harassment.

Respectfully submitted,

/s/ Sarah H. Barcellona

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Sarah H. Barcellona, 28080
of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

/s/ David A. Strauss

DAVID A. STRAUSS, #24665
LINDSAY A. LARSON, III, #8053
CHRISTIAN A. GARBETT, #26293
ADAM P. MASSEY, #29330
SARAH R. SHANNAHAN, #30957
KING, LEBLANC AND BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Attorneys for State Farm Fire and
Casualty Company
dstrauss@klb-law.com
llarson@klb-law.com
cgarbett@klb-law.com
amassey@klb-law.com
sshannahan@klb-law.com



CHARLES L. CHASSAIGNAC, IV, ESQUIRE (#20746)
JAMES ERIC JOHNSON, ESQUIRE (#23800)
BRYAN J. HAYDEL, JR., ESQUIRE (#27500)
ELEANOR WEEKS WALL (#29695)
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
(225) 383-8900 Telephone
(225) 383-7900 Facsimile

Attorneys for State Farm Fire and Casualty Company

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing Reply Memorandum in Support of Motion to Quash Deposition of Alexis King and Motion for Protective Order has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by electronic mail this 5th day of June, 2007.

/s/ Sarah H. Barcellona