UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: Insurance, <u>Pecquet</u>, 06-4718 | JUDGE DUVAL<br>MAG. WILKINSON |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Plaintiffs' Motion to Compel and for Attorney's Fees, Record Doc. No. 5453 (previously Record Doc. No. 14 in 06-4718)

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. Although counsel briefed in detail only the alleged deficiencies in defendant's responses to Interrogatory No. 5 and Request for Production No. 2, the motion asserts that defendant's answers to <u>all</u> 15 of plaintiffs' interrogatories are insufficient and that document production has not been forthcoming as to <u>all</u> of plaintiffs' requests for production. Accordingly, I have reviewed the subject written discovery in its entirety.

"When considering a motion to compel, "an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). Thus, the motion is granted as to Interrogatory No. 1 because the answer is incomplete.  Defendant must provide the job title of each person listed to answer the interrogatory "fully," as required by Fed. R. Civ. P. 33(b)(1).

The motion is denied as to Interrogatories No. 2 and 4. The current answers are sufficient.

The motion is granted as to Interrogatory No. 3. Defendant has qualified its answer provided in response to section (a) of this interrogatory by providing a list of only individuals "with knowledge" rather than those "who handled or assisted in the handling" of the insurance claim that is the subject of this lawsuit. The answer is further qualified

by the use of the word "include," indicating that a mere sampling of the persons who handled or assisted in handling plaintiffs' claim has been provided, rather than "each and every" such person, as requested. These qualifiers render the answer vague and evasive. Thus, the answer to section (a) of Interrogatory No. 3 must be clarified to eliminate these qualifiers and insure that it is complete. The answers to sections (b) and (c) of Interrogatory No. 3 direct plaintiffs generally to the "claim file." While Fed. R. Civ. P. 33(d) permits a party answering interrogatories the option of producing business records, such an answer must "specify the records from which the answer may be derived or ascertained . . . . A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained" (emphasis added). Vague reference to a "claim file" does not satisfy this requirement. These sections of Interrogatory No. 3 must either be answered fully or the required specification required.

The motion is granted as to Interrogatory No. 5. All objections are overruled. The experience, background and training of the various persons (apparently four) whom defendant assigned to handle adjustment of plaintiffs' insurance claim are highly relevant to plaintiffs' claim in this case that defendant breached the affirmative duty to adjust claims fairly and promptly and otherwise acted in bad faith. Record Doc. No. 1 (Complaint at ¶'s 16-22). There is no evidence that the burden or expense of providing the requested information about only four persons would outweigh the benefits of this relevant information to the case. Fed. R. Civ. P. 26(b)(2)(iii).

The motion is granted as to Interrogatories No. 6 and 8. All objections are overruled. For the same reasons discussed above in connection with Interrogatory No. 3, defendant's vague reference to its "claim file" does not comply with Rule 33(d). A full and complete answer to these interrogatories or the required specification must be provided.

The motion is granted as to Interrogatory No. 7. Again, the answer fails to comply with Rule 33(d). A full and complete answer to this interrogatory or the required specification must be provided.

The motion is granted as to Interrogatory No. 9 because the answer is incomplete. Defendant must provide the dates of payments made in order to answer this interrogatory "fully," as required by Fed. R. Civ. P. 33(b)(1).

The motion is granted as to Interrogatories No. 10, 11, 12 and 13. "See response to interrogatory no. 9" does not answer Interrogatory No. 10, 11, 12 or 13 "separately and fully" as required by Fed. R. Civ. P. 33(b)(1). Each of these interrogatories must be fully and completely answered.

The motion is granted as to Interrogatory No. 14. The current answer is so vague as to be virtually unresponsive. What "price lists" were used? What particular policy provisions governed defendant's conclusions concerning "coverage and deductibles"? This interrogatory must be answered fully and completely.

The motion is denied as to Interrogatory No. 15. All objections are sustained.

In addition to the deficiencies noted above, the copies of defendant's answers to interrogatories provided to me by counsel in connection with this motion are not sworn under oath by a person with authority and knowledge sufficient to verify them, as required by Fed. R. Civ. P. 33(b)(1) and (2). The required verification of all interrogatory answers must be provided.

As to plaintiffs' requests for production, the motion is granted as to Requests for Production Nos. 1, 4 and 6. In response to a request for a variety of types of materials, all of which are highly relevant to plaintiffs' claims, defendant has responded only that it "will produce that non-privileged portion of the claims file." These responses are insufficient because they provide neither plaintiffs nor the court with any assurance that <u>all</u> requested materials are in the claim file and therefore that "inspection and related activities will be permitted <u>as requested</u>," as required by Fed. R. Civ. P. 34(b). In addition, the responses imply that some responsive materials are being withheld from production on privilege grounds, but defendant has failed to comply with Fed. R. Civ. P. 26(b)(5) in this regard. Defendant must provide plaintiffs with a new written response to this request, signed pursuant to Fed. R. Civ. P. 26(g)(2) and in full compliance with Rule 34(b), clearly stating that <u>all</u> non-privileged responsive materials are being produced and attaching the privilege log required by Rule 26(b)(5) as to any responsive privileged materials defendant is withholding from production.

The motion is granted in part and denied in part as to Request for Production No. 2. Initially, I note that defendant's argument that this and other discovery requests that are the subject of this motion are violative of Case Management Order No. 4. This argument is without merit. Although this case has been placed in the Katrina Canal Breaches Consolidated Litigation because it alleges, in part, homeowners policy coverage for water damage resulting from levee breaches, the claim asserted in this case in large part addresses individual adjusting and claims handling issues of the sort on which Case Management Order No. 4 permits individualized claims discovery. Request No. 2 is in significant part such a request. Thus, the objections are sustained only in part, but the motion is granted in part in that defendant must provide all responsive materials, limited to those applicable to residential claims arising from Hurricane Katrina of the sort asserted by plaintiffs. To the extent that the request seeks some broader range of materials, the motion is denied.

The motion is denied as to Requests for Production Nos. 3, 5 and 8. The current answers are sufficient, as long as they are true. Of course, these responses remain subject to the obligation to supplement them provided in Fed. R. Civ. P. 26(e)(2). The motion is also denied as to Request No. 7, which appears duplicative of other, more specifically drawn requests that are the subject of other provisions of this order.

The motion is granted as to Requests for Production Nos. 9 and 10. All objections are overruled. However, defendant must produce only those responsive materials that are in its "possession, custody or control," as required by Fed. R. Civ. P. 34(a). If defendant has no such responsive materials in its possession, custody or control, it must clearly say so in writing, signed pursuant to Rule 26(g)(2), and that will be a sufficient response, as long as it is true.

The original motion papers also alleged, specifically as to Requests for Production Nos. 1, 4, 6 and 8, that even those few materials that defendant's responses indicate would be produced had not in fact been provided to plaintiffs. The opposition memorandum makes no response to this allegation. Plaintiffs' reply memorandum asserts that a claims file and the insurance policy were finally produced nine (9) days after this motion was filed. The court hereby instructs defendant that <u>all</u> responsive materials that are the subject of this order must be produced to plaintiffs by defendant as provided herein.

Both defendant's interrogatory answers and its written responses to plaintiffs' requests for production suffer from the additional deficiency of failure to include a signed, dated certificate of service, as required by Fed. R. Civ. P. 5(d). Because no service date was provided by defendant, it has been impossible for the court to determine the timeliness of its responses. The required certificate of service must be provided.

All supplemental answers to interrogatories and written responses to requests for production, the Rule 33(b) verification, any necessary Rule 26(b)(5) privilege log, the Rule 5(d) certificate of service, together with production of all responsive materials, must be provided by defendant to plaintiffs within ten (10) days of entry of this order.

As to plaintiffs' request for an award of reasonable expenses, including attorney's fees, incurred in connection with this motion, the motion has been granted in part and denied in part. In these circumstances, Fed. R. Civ. P. 37(a)(4)(C) provides that the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Defendant's discovery responses were largely insufficient and failed to comply with the applicable Rules in a variety of ways. Only three of the 15 interrogatories and four of the 10 requests for production were answered sufficiently or asserted entirely valid grounds for objection. Viewed as a whole, I cannot conclude that defendant's discovery responses were submitted in good faith. Its delay in

4

producing even those few materials it has now produced was egregious. Thus, I conclude that a reasonable apportionment of the fees and expenses incurred in connection with this motion is that defendant must pay plaintiffs 75% of such reasonable expenses.  In their reply memorandum, plaintiffs have requested an award of $1,200.00.  This would amount to eight (8) hours of lawyer time billed at $150 per hour.  Given the extent of the required pre-motion discussions described in the motion papers, defendant's dilatory response and failure to comply with various Rules in those responses, and the motion work itself, I find this amount reasonable.  Accordingly, **IT IS FURTHER ORDERED** that defendant must pay plaintiffs $900.00.

New Orleans, Louisiana, this 6th day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE