UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*FILED*
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
*2007 JUN -6  PM 1: 27*
LORETTA G. WHYTE
CLERK

In Re:  KATRINA CANAL BREACHES            *
CONSOLIDATED LITIGATION                   *     Case No. 05-4182
                                          *     Div. "K"
                                          *
_____         *
                                          *     Judge Duval
PERTAINS TO:  INSURANCE                    *
     (George Pecquet, No. 06-4718)         *
                                          *     Magistrate Wilkinson
                                          *

**************************************

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

The Pecquets file the present Reply Memorandum in order to address several important facts, factual inaccuracies and omissions contained in defendants' Opposition Memorandum.   First and foremost, the defendant notably does not dispute that it promised for over *six (6) months* both verbally (three telephone conversations) and in writing (See Exhibits A, B, and C attached to plaintiffs' Memorandum in Support of Motion to Compel) to produce certain documents, i.e. the claims file and insurance policy, but failed to do so until after the present Motion to Compel was filed. Remarkably and likely because defendant is now subject to sanctions under Rule 37 (a)(4)(A) of the Federal Rules of Civil Procedure, the defendant failed to inform this Honorable Court that the claims file and insurance policy were delivered to undersigned counsel on or about *May 20, 2007,* within weeks *after* plaintiffs filed the present Motion to Compel.  In this regard, the defendant insurer offers no explanation why almost a year passed before certain agreed to documents were finally produced.

Finally, the defendant makes no argument whatsoever regarding why the briefed



Fee _____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____

discovery requests are "overly broad or unduly burdensome." Instead, the defendant repeats its conclusory objections without any factual support. The defendant then has the audacity to state that if the Pecquets need information regarding the qualifications of the adjuster(s), who inspected their home, they can simply depose the adjusters. Nowhere in the Federal Rules of Civil Procedure is a party permitted to not answer or respond to a discovery request because the party *does not agree with* the discovery device used. Interrogatories are an accepted, widely utilized method of obtaining information and should be answered unless a valid legal basis exists for the party not to answer. In sum, the defendant's responses make a mockery of authorized discovery tools and thus, the defendant should be compelled to thoroughly answer the Pecquets' Interrogatories and produce all documents asked for in their Request for Production.

## I. THE DEFENDANT IS LIABLE FOR THE PECQUETS' ATTORNEY'S FEES INCURRED WITH FILING THE PRESENT MOTION TO COMPEL

The defendant insurer did not provide any of the requested documents until after the Motion to Compel was filed and thus, the Pecquets are entitled to attorney's fees under Federal Rule of Civil Procedure 37 (a)(4)(A). Federal Rule of Civil Procedure 37 (a)(4)(A) titled "Expenses and Sanctions" provides in pertinent part as follows:

> (A) *If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall*, after affording an opportunity to be heard, *require the party or deponent whose conduct necessitated the motion* or the party or attorney advising such conduct or both of them *to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees*, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, *or objection was substantially justified*, or that other circumstances make an award of expenses unjust.

In the instant case, the defendant undisputedly did not produce any documents until after the Motion to Compel was filed and has offered no reason(s) or excuse(s) why items such as the insurance policy and claims file were not produced until after the Motion to Compel was filed.   The defendant insurer has left the Pecquets with no alternative other than to "jump through hoops" in order to obtain materials and information that should have been produced months ago.   Accordingly, the Pecquets request that this Honorable Court award them $1,200.00 as a reasonable attorney's fee in connection with drafting and filing the present Motion to Compel and Reply Memorandum pursuant to Federal Rule of Civil Procedure 37 (a)(4)(A).

RESPECTFULLY SUBMITTED:

**RÉMY VOISIN STARNS (Bar #26522)**
**RYAN P. REECE (Bar #26479)**
533 Europe Street
Baton Rouge, Louisiana 70802
(225) 381-3131

## CERTIFICATE OF SERVICE

I do herby certify that I have on this *31ˢᵗ* day of *May, 2007*, served a copy of the foregoing pleading on counsel for all parties to this proceeding via electronic notification.

RYAN REECE