UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION NO. 05-4182 <br><br> SECTION "K" (2) |
| PERTAINS TO: | * <br> * | JUDGE DUVAL |
| INSURANCE 06-5733 (Levy) | * <br> * | MAGISTRATE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Axis Surplus Insurance Company (hereinafter "Axis"), who responds to plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

The terms of the policy were fully disclosed to the plaintiffs, including the coinsurance requirement.

### THIRD DEFENSE

Axis affirmatively alleges the terms, limitations, conditions, and exclusions in the policy of insurance. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and

-1-

are pled as if copied herein *in extenso*.

### FOURTH DEFENSE

Axis affirmatively alleges the debris removal terms, limitations and exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### FIFTH DEFENSE

Axis affirmatively alleges the coinsurance provisions, terms, limitations and exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### SIXTH DEFENSE

In the alternative, Axis alleges that the plaintiffs' alleged injuries were caused by persons or parties over whom this defendant exercises no authority, jurisdiction, control and supervision, and for whom it is not legally responsible.

### SEVENTH DEFENSE

If Axis was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiffs have no claim for bad faith against Axis as the policy issued excludes or does not provide coverage or Axis' actions were reasonable in light of the circumstances or Axis did not receive satisfactory proof of loss from plaintiffs.

### NINTH DEFENSE

Axis affirmatively alleges the "Ordinance or law" exclusion contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### TENTH DEFENSE

Axis affirmatively alleges the "Water" exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### ELEVENTH DEFENSE

Axis affirmatively alleges the "Absolute Microorganism Exclusion" contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### TWELFTH DEFENSE

Axis affirmatively alleges the "Electronic Property" exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### THIRTEENTH DEFENSE

Axis affirmatively alleges the "Earth Movement" exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### FOURTEENTH DEFENSE

Axis affirmatively alleges the "Governmental Action" exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### FIFTEENTH DEFENSE

Axis affirmatively alleges the "Utility Services" exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### SIXTEENTH DEFENSE

Axis affirmatively alleges the "Seepage and/or Pollutant and/or Contamination" exclusions contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### SEVENTEENTH DEFENSE

Axis affirmatively alleges the "Actual Cash Value" endorsement contained in the policy. Said policy is the best evidence of its terms, limitations, conditions, and exclusions and are pled as if copied herein *in extenso*.

### EIGHTEENTH DEFENSE

Axis affirmatively alleges the right to a credit or offset for any claims payments that have already been made by it or any party or third party, and/or which might be made by it or any party or third party during the pendency of this action, but prior to final judgment.

## NINETEENTH DEFENSE

Axis affirmatively alleges that plaintiffs failed to mitigate their damages.

## TWENTIETH DEFENSE

Axis affirmatively alleges that plaintiffs are estopped from seeking damages for which they have received payments under their flood policies.

AND NOW, answering separately the allegations of the First Supplemental and Amending Complaint, Axis responds as follows:

1.

The allegations of Paragraph 10a are denied.

2.

The allegations of Paragraph 10b are denied.

**WHEREFORE,** defendant, Axis, prays that this answer be deemed good and sufficient, that after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs with prejudice, and at plaintiffs' cost.

Respectfully submitted,

_____
MICHAEL R. SISTRUNK (#12111)
KYLE P. KIRSCH (#26363)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
ATTORNEY FOR DEFENDANT
AXIS SURPLUS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically on the 7th day of June, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ [signature]*