UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * | CIVIL ACTION |
| _____ | * * | NO. 05-4182 |
| LEVEE CASES PERTAINS TO: 06-5116 (Leslie Simms, Jr., et al) | * * * * * | SECTION "K (2)" JUDGE DUVAL MAGISTRATE WILKINSON |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS TO PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND REQUEST FOR JURY TRIAL AND ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDMENT TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND REQUEST FOR TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes defendant Sewerage and Water Board of New Orleans and in answer to and in defense of plaintiffs' first amendment to complaint for declaratory judgment and damages and request for trial by jury and in answer and in defense of plaintiffs' second amendment to complaint for declaratory judgment and damages and request for trial by jury, avers as follows:

**FIRST DEFENSE**

The Sewerage and Water Board of New Orleans reavers and reasserts each and every answer and defense to the plaintiffs' original complaint previously set forth in its Answer and Affirmative Defenses as if stated again herein. And, as to the first and second amendment to

complaint, Sewerage and Water Board of New Orleans asserts the following defenses which, if not previously asserted in the Answer and Affirmative Defenses, also apply to the original Complaint for Declaratory Judgment and Damages and Request for Jury Trial.

### SECOND DEFENSE

The first amendment to complaint and second amendment to complaint fail to state a claim against the Sewerage and Water Board of New Orleans for which relief can be granted.

### THIRD DEFENSE

The Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana and is entitled to discretionary immunity for all actions and inactions as may be alleged in the first and second amendment to complaint under La. R.S. 9:2798.1.

### FOURTH DEFENSE

As a political subdivision of the State of Louisiana, the Sewerage and Water Board of New Orleans is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

### FIFTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads the doctrine of Lis Pendens.

### SIXTH DEFENSE

The Sewerage and Water Board of New Orleans avers that the levee was constructed in accordance with federal guidelines.

**SEVENTH DEFENSE**

The Sewerage and Water Board of New Orleans alleges that plaintiffs failed to mitigate their damages.

**EIGHTH DEFENSE**

The Sewerage and Water Board of New Orleans is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, La. R.S. 9:2800, and La. R.S. 9:2800.17.

**NINTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that it never had actual or constructive notice, before the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm.

**TENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect(s), the existence of which is denied.

**ELEVENTH DEFENSE**

The Sewerage and Water Board of New Orleans alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue. To the contrary, the exclusive right, jurisdiction, power and authority to design, construct, and maintain the levees in question was conferred by law to persons or entities other than the Sewerage and Water Board of New Orleans.

## TWELFTH DEFENSE

The Sewerage and Water Board of New Orleans denies that it was negligent and/or at fault, but in the event that it is deemed negligent, then the negligence or fault of the Sewerage and Water Board of New Orleans should be compared to the negligence or fault of others, both parties and non-parties the instant action, and any recovery against the Sewerage and Water Board of New Orleans should be reduced accordingly.

## THIRTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

## FOURTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## FIFTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, any such injuries and damages resulted from an independent, intervening, and/or superseding cause for which defendant may not be held responsible.

## SIXTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

## SEVENTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by the Sewerage and Water Board of New Orleans.

## EIGHTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct as plaintiffs may allege in the first amendment and second amendment to complaint.

## NINETEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges, in the alternative, that, at all relevant times, it acted as a Federal Officer and/or a Federal Contractor under 28 U.S.C. §1442(a)(1).

## TWENTIETH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others, to the extent the Sewerage and Water Board of New Orleans was obligated to be in said compliance. To the extent that the same is applicable, the Sewerage and Water Board of New Orleans pleads the Government Contractor Defense.

## TWENTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous.

**TWENTY-SECOND DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively pleads that plaintiffs are not entitled to attorney's fees, costs or judicial interest.

**TWENTY-THIRD DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively pleads that plaintiffs' claims are barred either in whole or in part by the applicable period of limitations or prescriptive/peremptive period.

**TWENTY-FOURTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

**TWENTY-FIFTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. §702(c).

**TWENTY-SIXTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively alleges that to the extent that plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the Sewerage and Water Board of New Orleans is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source Doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-SEVENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that maintaining this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, the Sewerage and Water Board of New Orleans's actions (which alleged actions are made part of plaintiffs' allegations) were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### TWENTY-EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads improper or inconvenient venue.

### TWENTY-NINTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges application of the Federal Tort Claims Act.

### THIRTIETH DEFENSE

The Sewerage and Water Board of New Orleans avers that plaintiffs have failed to join indispensable parties as required by Federal Rule of Civil Procedure 19.

### THIRTY-FIRST DEFENSE

If any of the plaintiffs have heretofore received compensation or reimbursement or should hereafter receive compensation or reimbursement for any of their respective alleged damages, the Sewerage and Water Board of New Orleans is entitled to a credit or setoff.

**THIRTY-SECOND DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively pleads the provisions of LSA-R.S. 9:2772 (Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

**THIRTY-THIRD DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively pleads the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LSA-R.S. 29:721, *et seq.*).

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims against the Sewerage and Water Board of New Orleans are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law, including 33 U.S.C. § 701, *et seq*.

**THIRTY-FIFTH DEFENSE**

The Sewerage and Water Board of New Orleans avers the Independent Contractor Defense to the extent plaintiffs seek to hold the Sewerage and Water Board of New Orleans responsible for the acts and/or omissions and/or fault of any third party entities, including but not limited to contractors and/or subcontractors.

**THIRTY-SIXTH DEFENSE**

The Sewerage and Water Board of New Orleans avers that plaintiffs' claims are barred under the provisions of LSA—C.C. art. 2315, in whole or in part, because plaintiffs cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial

factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the Sewerage and Water Board of New Orleans breached any such duty.

## THIRTY-SEVENTH DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative defenses and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply in whole or in part to this action.

## THIRTY-EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans further shows that the allegations contained in the first amendment to complaint and in the second amendment to complaint do not appear to require a response from the Sewerage and Water Board of New Orleans.

## THIRTY-NINTH DEFENSE

The Sewerage and Water Board of New Orleans objects to trial by jury.

## FORTIETH DEFENSE

The Sewerage and Water Board of New Orleans reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

AND NOW, in responding to the specific allegations of the first amendment to complaint and to the specific allegations to the second amendment to complaint, the Sewerage and Water Board of New Orleans responds as follows:

## RESPONSE TO FIRST AMENDMENT TO COMPLAINT

1.

The amended article 6 of the first amendment to complaint does not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of amended paragraph 6 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of article 71.1 of the first amendment to complaint are denied.

3.

The allegations of article 75.1 do not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of article 75.1 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of article 75.2 do not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of article 75.2 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of article 75.3 do not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of article 75.3 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of article 75.4 are denied insofar as they allege any control by the Sewerage and Water Board of New Orleans over the 17th Street Canal and are further denied

insofar as they allege any fault, liability or responsibility against the Sewerage and Water Board of New Orleans; as thus qualified or answered, any remaining allegations of article 75.4 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of article 75.5 do not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of article 75.5 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of article 75.6 do not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of article 75.6 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of article 75.7 are denied insofar as they allege any control by the Sewerage and Water Board of New Orleans over the 17th Street Canal and are further denied insofar as they allege any fault, liability or responsibility against the Sewerage and Water Board of New Orleans and/or the existence of a "common enterprise"; as thus qualified or answered, any remaining allegations of article 75.7 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of article 75.8 are denied.

11.

The allegations of article 75.9 do not appear directed to the Sewerage and Water Board of New Orleans, but to the extent that a response is required, the allegations of article 75.9 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of article 75.10 are denied.

13.

The allegations of article 75.11 are denied.

## RESPONSE TO SECOND AMENDMENT TO COMPLAINT

1.

The allegations of article 7.A do not require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of article 11.A do not require a response from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 11.A are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of article 11.B are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of article 11.C do not require a response from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 11.C are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of article 11.D do not require a response from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 11.D are denied for lack of sufficient information to justify a belief therein.

WHEREFORE, defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and after due proceedings are had, that there be judgment in favor of defendant, Sewerage and Water Board of New Orleans, dismissing the claims against it, with prejudice, and at plaintiffs' cost, and for all equitable and just relief.

Respectfully submitted,

s/ Charles M. Lanier, Jr.
_____

**CHARLES M. LANIER, JR. - #18299, T.A.**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**GREGORY S. LACOUR - #23823**
**H. CARTER MARSHALL - 28136**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

13

>GEORGE R. SIMNO III (#12271)
>GERARD M. VICTOR (#9815)
>625 St. Joseph Street, Room 201
>New Orleans, Louisiana 70165
>Telephone:  (504) 585-2242
>Facsimile:   (504) 585-2426
>
>ATTORNEYS FOR DEFENDANT SEWERAGE
>AND WATER BOARD OF NEW ORLEANS

## **CERTIFICATE**

I do hereby certify that on the 8th day of May, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

>s/ Charles M. Lanier, Jr.
>_____

CK_DOCS 377177v1