UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| | * | *   JUDGE DUVAL MAGISTRATE WILKINSON * |
| PERTAINS TO:   INSURANCE (*Xavier Univ.*, No. 06-0516) | * * | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

In federal court, it is well-settled that discovery statutes are construed liberally and broadly to achieve the objectives of discovery, which are to ". . . allow the parties to develop fully and crystallize concise factual issues for trial." *Burns v. Thiokol Chemical Corporation*, 483 F.2d 300, 304 (5th Cir. 1973). Further, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery. . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible information.

FRCP Rule 26(b)(1).

Plaintiff has failed to fully respond to discovery and is in violation of the Federal Rules of Civil Procedure.

On August 18, 2006, Travelers Property Casualty Company of America ("Travelers") propounded its First Set of Interrogatories, First Request for Production of Documents and First Set of Requests for Admissions on plaintiff. (Exhibit "A"). On September 6, 2006, plaintiff served its responses to discovery. (Exhibit "B"). Since that time counsel for the parties have had numerous discussions concerning plaintiff's deficient responses to discovery. In November 2006, a discovery conference was held where plaintiff advised they would continue to object to certain of Travelers requests but agreed to supplement some responses. Since that time, plaintiff has supplemented its discovery responses on several occasions, but plaintiff's responses to discovery in numerous instances remain deficient.[1] Because of the continued deficiency in plaintiff's responses, a second discovery conference was held on April 27, 2007, in an effort to resolve the remaining discovery issues. Unfortunately, the parties were unable to resolve their discovery dispute.

This case concerns plaintiff's claims for millions of dollars in damages arising out of flooding and wind damage resulting from Hurricane Katrina. The discovery requests at issue are designed to probe plaintiff's damage claims and obtain all documentation supporting them. They are also designed to ascertain which damages resulted from flooding, which is not covered under the Travelers policy, and which resulted from wind, which is covered. Finally, as the plaintiff cannot recover twice for the same damages, Travelers is seeking all information relating to flood insurance claims made by, and paid to, plaintiff as a result of the loss, clearly a relevant area of

inquiry. *See Wellmeyer v. Allstate Insurance Company*, 2007 WL 1335042 (E.D. La.) And *Esposito v. Allstate Insurance Company*, 2007 WL 1125761 (E.D. La). Travelers is also seeking information relating to other sources of payment for plaintiff's losses.

As shown in plaintiff's responses to discovery, Exhibit "B" and the specific requests and responses set forth below, all of the information and documents requested by Travelers is relevant to the subject matter at issue in this action. No privilege attaches to the requested information and documents, and the information and documents sought relate to the parties' claims and defenses. Travelers' discovery fully complies with the Federal Rules of Civil Procedure and Travelers is entitled to complete responses to its requests. Travelers is entitled to complete disclosure under the Federal Rules of Civil Procedure to allow it to fully develop its case for trial. Plaintiff's continued refusal to fully respond, despite numerous letters and conferences designed to resolve this dispute without resort to court, evinces a lack of good faith in the discovery process Plaintiff should be compelled to produce the information requested, and sanctioned for its intransigent conduct.

## I. DEFICIENT RESPONSES TO INTERROGATORIES

**A.  Request for Flood Insurance Information**

> **INTERROGATORY NO. 15:**
> Identify by name of carrier and policy number, all policies of insurance providing coverage for flood to YOU that were in force on August 29, 2005.

---

[1]Travelers' attorneys sent numerous letters requesting plaintiff supplement its discovery responses. Plaintiff intermittently supplemented its responses through March 2007, however, plaintiff has not fully responded.

181111-1                                   3

**ANSWER TO INTERROGATORY NO. 15:**
Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**INTERROGATORY NO. 16:**
With respect to all insurance policies identified in the preceding interrogatory, state the amounts paid to YOU pursuant to said policies, the categories of loss (e.g. building, contents business interruption) for which the payments were made, and the dates said amounts were received by you.

**ANSWER TO INTERROGATORY NO. 16:**
Objection such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

Travelers' requests for information related to plaintiff's flood insurance is clearly relevant to these proceedings, and as it relates directly to the claims and defenses of the parties. While plaintiff may dispute whether what occurred in New Orleans is a "flood," it knows what a flood insurance policy is, and cannot deny that it made claim for and received flood insurance payments. The requested information is also relevant to how plaintiff characterized its losses to its flood insurer, and is further relevant to the issue of credits for claim payments made to plaintiff by its flood insurer. *See Wellmeyer v. Allstate Insurance Company*, 2007 WL 1335042 (E.D. La.) And *Esposito v. Allstate Insurance Company*, 2007 WL 1125761 (E.D. La). Accordingly, plaintiff's objections and refusal to provide information and documents responsive to Interrogatory Nos. 15 and 16 are without merit, and plaintiff should be compelled to respond and sanctioned for its refusal to provide the requested information.

B. <u>**Requests for Donations, Grants and Funding Information**</u>

### INTERROGATORY NO. 17:
Identify every grant or other donation you received in any way resulting from related to or connected with Hurricane Katrina describing the person, organization, government, foundation, non-profit organization making the donation, the dollar amount or value of the grant or donation, the purpose of the grant or donation, and how the grantor or donor intended for the grant or donation to be used.

### ANSWER TO INTERROGATORY NO. 17:
Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

### INTERROGATORY NO. 18:
Other than insurance recoveries, or grants or donations identified in the preceding paragraph, please identify any other sources of funding that YOU used to repair loss and damage to the PROPERTY caused by or resulting from Hurricane Katrina, and state, with respect to each, the amount of funding received and the purpose for which said funding was used.

### ANSWER TO INTERROGATORY NO. 18:
Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence. Subject to that objection, due to the arbitrary and capricious failure of Travelers to comply with the terms of its policy of insurance, Xavier has paid for repairs utilizing some of the University's Endowment Funds, some of the Unrestricted Current Fund's working capital, and some Restricted Current Funds gift income, which impairs the ability of the University to fulfill the mission of Sister Katherine Drexel.

Travelers' requests for information related to certain donations, grants and hurricane funding is relevant to these proceedings, and relates directly to the claims and defenses of the parties. As the nature of plaintiff's losses is a key disputed issue in this litigation, the information is also relevant to how plaintiff characterized its losses in applications or other requests for the donations, grants and hurricane funding, for what purpose it requested any such funding, and how the funding was characterized or earmarked by its providers. Accordingly,

plaintiff's objections and refusal to provide information and documents responsive to Interrogatory Nos. 17 and 18 are without merit, and plaintiff should be compelled to respond and sanctioned for its refusal to provide the requested information.

## II. DEFICIENT RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

A. **Estimate/Scope Documents**

**REQUEST NO. 2:**
Produce all DOCUMENTS related to THE CLAIM.

**RESPONSE TO REQUEST NO. 2:**
Objection to the extent that this request calls for work product or attorney/client communications. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 10:**
Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

**RESPONSE TO REQUEST NO. 10:**
Objection, work product and attorney client privilege. See previous objections relating to the use of the term "flood." Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjusters. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 11:**
Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

**RESPONSE TO REQUEST NO. 11:**
Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copies and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**B.    Flood Insurance Documents**

Plaintiffs' intransigence in providing all information regarding its multimillion dollar damage claim is a major source of contention in this litigation. While plaintiff has pressed for and obtained document and deposition discovery from Travelers regarding the basis for its claim payments and other issues regarding claim handling, it has been unwilling to provide full disclosure in regard to the bases for its claim, both before and after it commenced this lawsuit. In particular, despite Travelers' repeated requests for detailed scopes and estimates of the work performed on plaintiff's campus, plaintiff has failed and refused to produce any such scopes (other than the rough scope prepared by Landis Construction) or estimates detailing its loss. In the most recent documents received from plaintiff on March 7, 2007, Travelers has learned of detailed cost estimates and budgets as well as detailed scopes of work plaintiff prepared for FEMA. Construction meeting minutes recently produced by plaintiff (but requested by Travelers long ago) also indicate that as-built drawing exist, along with videos of the damage, and

CAD files which were prepared by plaintiff or its representatives. Exhibit "C". None of these documents have ever been produced by plaintiff.

The documents requested and discussed in the meeting minutes are critical to Travelers' analysis of plaintiff's claims and the defense of this suit and should be produced. Travelers is entitled to complete disclosure to allow it to develop its case for trial. There is no merit to plaintiff's objection to the requested documents and plaintiff should be sanctioned for refusing to produce said documents.

**REQUEST NO. 3:**
Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**RESPONSE TO REQUEST NO. 3:**
Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO 4:**
Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**RESPONSE TO REQUEST NO. 4:**
Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see all communications with Travelers. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO. 5:**
Produce all DOCUMENTS relating to the claim YOU filed with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all

> DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.
>
> **RESPONSE TO REQUEST NO. 5:**
> Objection, relevance. Objection work product and attorney client privilege. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding the same. Xavier objects to the production of any information concerning its NFIP insurance.
>
> **REQUEST NO. 6:**
> Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).
>
> **RESPONSE TO REQUEST NO. 7:**
> Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding same. Xavier objects to the production of any information concerning its NFIP.

In addition to the interrogatories concerning flood insurance information, Travelers requested that plaintiff produce all documents concerning its flood insurance claim, including but not limited to all documents related to its flood insurance claim. Again, plaintiff has objected and refused to provide documents responsive to Travelers' requests, and only provided a schedule of limits, and coyly feigned ignorance as to the meaning of the term "flood." This is not a semantic game, but a request for documentation concerning flood insurance policies, and flood insurance coverage. Travelers is entitled to the documents requested as they are relevant and are directly related to Travelers' analysis of plaintiff's claim and related to both the claims and defenses of the parties. At a minimum, the documents are related to the issue of credits for flood insurance payments, which the courts in this district have consistently held is relevant in property

181111-1                                9

insurance claims. Plaintiff has no basis for its refusal to respond and should be sanctioned for its conduct.

C. **FEMA/HUD Documents**

> **REQUEST NO. 8:**
> Produce all DOCUMENTS and communication related to your claim or application for reimbursement, or other payment filed with FEMA or any other governmental entity.
>
> **RESPONSE TO REQUEST NO. 8:**
> Objection, work product and attorney client privilege. Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is overly broad and burdensome.
>
> **REQUEST NO. 9:**
> Produce all DOCUMENTS relating to the claim or application YOU filed claim with FEMA or any other governmental agency seeking reimbursement or other payment for damages caused by Hurricane Katrina.
>
> **RESPONSE TO REQUEST NO. 9:**
> Objection, work product and attorney client privilege. Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is overly broad and burdensome.
>
> **REQUEST NO. 16:**
> Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.
>
> **RESPONSE TO REQUEST NO. 16:**
> Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

As shown above, the documents related to submissions to FEMA and HUD actually exist and have not been produced. These documents are critical to Travelers' analysis and defenses to plaintiff's claims. The information requested is relevant to the issues of this case and are directly

related to the claims and defenses of the parties, including but not limited to, the adjustment issues, flood credit issues, and bad faith issues which are at the heart of this case. Plaintiff's objections have no merit and plaintiff must be sanctioned for its refusal to respond.

### D.    Donations, Grants, Funding Documents

**REQUEST NO. 17:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 17:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 18:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 18:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 19:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 19:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 20:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 20:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 21:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO 22:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The National Endowment for the Humanities subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 22:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 23:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 23:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 24:**
Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 24:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 25:**
Produce all DOCUMENTS reflecting, evidencing, or relating to all grants or other donations YOU received subsequent to Hurricane Katrina from any entity, corporation, foundation, individual, nation, partnership, non-profit organization, religious order, or other institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

**RESPONSE TO REQUEST NO. 25:**
Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

Travelers' quite specific requests for information and documents related to plaintiff's donations, grants and funding is relevant to these proceedings, and relates to the claims and defenses of the parties. The information contained in any application, request, or other inquiry for donations, grants, or other funding requests for donations are directly related to how plaintiff has characterized its losses, the purpose of the grants, donations, or other funding and the reasons plaintiff sought such grants or donations. Grants received may offset the plaintiff's potential additional recovery under the Travelers policy or they may not, but Travelers is entitled to documentation concerning them. Plaintiff's blanket objection to Travelers' requests on the basis of "relevance" are without merit, and plaintiff should be compelled to respond and sanctioned for its refusal to provide the requested information.

## III. SANCTIONS

Plaintiff's failure to answer the Travelers discovery was not substantially justified and thus, Travelers is entitled to attorney's fees under Federal Rule of Civil Procedure 37(a)(4)(A). More particularly, Federal Rule of Civil Procedure 37(a)(4))(A) titled "Expenses and Sanctions" provides in pertinent part as follows:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording any opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure without court action, or that the opposing party's nondisclosure, response, or objection was

181111-1                                    13

> substantially justified, or that other circumstances make an award of expenses unjust.

In the instant case, despite the passage of almost ten (10) months since the discovery was first propounded, Travelers has not received many documents responsive to its Request for Production and little, if any, information responsive to the Interrogatories at issue. All of the documents and information requested are at the heart of plaintiff's case against Travelers. Plaintiff's failure to produce this information has hampered Travelers' ability to move ahead in the discovery process. Thus, Travelers requests that this honorable Court award them a reasonable attorney's fees for plaintiff's conduct.

## IV. CONCLUSION

Travelers respectfully requests that the Court order plaintiff to fully and completely answer the Interrogatories and produce any and all documents requested in Travelers Requests for Production of Documents pay Travelers reasonable attorney's fees for having to file the present Motion to Compel.

For the foregoing reasons, Travelers Property Casualty Company of America's Motion to Compel should be granted.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
**SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

OF COUNSEL:

**CHRISTOPHER J. HUG**
**STEPHEN E. GOLDMAN**
**WYSTAN M. ACKERMAN**
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

**Attorneys for Travelers Property**
**Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, a copy of Memorandum in Support of Motion to Compel was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all attorneys on the court's electronic listing by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to those attorneys listed by the court as non-CM/ECF participants.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.