## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| XAVIER UNIVERSITY OF LOUISIANA | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-0516 |
| | * | |
| TRAVELERS PROPERTY CASUALTY | * | SECTION "R" |
| COMPANY OF AMERICA | * | |
| | * | MAGISTRATE (2) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### INTERROGATORIES

TO:   Plaintiff, Xavier University of Louisiana
      Through its Attorney of Record:
      Darnell Bludworth, Esq.
      Sher Garner Cahill Richter Klein & Hilbert LLC
      909 Poydras Street, 28th Floor
      New Orleans, LA 70112

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant, Travelers Property Casualty Company of America hereby requests plaintiff, Xavier University of Louisiana, to respond to the following interrogatories within thirty (30) days:



A-1

## DEFINITIONS

For the purposes of these interrogatories, the words in CAPITALS shall have the following meanings, unless otherwise stated:

The words "YOU" and "YOUR" mean or refer to Xavier University of Louisiana, plaintiff herein, and where appropriate any of its present or former employees, agents, representatives, officers, directors, members, accountants, investigators, consultants, attorneys, and any other person or entity acting or purporting to act on its behalf.

The term "TRAVELERS" refers to Travelers Property Casualty Company of America, defendant herein, and where appropriate any of its present or former employees, agents, representatives, officers, directors, accountants, investigators, consultants, attorneys, and any other person or entity acting or purporting to act on its behalf.

The term "THE POLICY" means Commercial Insurance Policy No. Y-630-528D9763-TIL-04, issued by Travelers Property Casualty Company of America to Xavier University of Louisiana.

The term "THE PROPERTY" means the property of Xavier University of Louisiana, One Drexel Drive, New Orleans, Louisiana listed in the Location Schedule of THE POLICY.

The term "DOCUMENT" means any and all writings, recordings, photographs, or other recordation of information of whatever type, as set forth and defined in Federal Rule of Evidence 1001.

The term "IDENTIFY," when used in relation to a DOCUMENT, shall mean to state the date the document was prepared, the author of the DOCUMENT, the recipient of the DOCUMENT, if applicable, and the subject matter of the DOCUMENT.

The term "THE COMPLAINT" shall mean YOUR Complaint for Damages in this action, filed on February 2, 2006.

### INTERROGATORIES

**Interrogatory No. 1:**

Explain in detail what YOU claim is the cause or causes of any non-wind related water damage to THE PROPERTY.

**Interrogatory No. 2:**

Explain in detail what YOU claim is the cause, or causes, of loss to the PROPERTY at issue in this litigation.

**Interrogatory No. 3:**

State all facts that support YOUR allegation in paragraph 24 of THE COMPLAINT that "Travelers ... failed to comply with its obligations under the insurance policy. . . ."

**Interrogatory No. 4:**

State all facts that support YOUR allegation in paragraph 25 of THE COMPLAINT that "Travelers is an obligor in bad faith. . . ."

**Interrogatory No. 5:**

State all facts that support YOUR allegation in paragraph 26 of THE COMPLAINT that "Travelers' actions were ". . . arbitrary, capricious and without probable cause. . . ."

**Interrogatory No. 6:**

State all facts that support YOUR allegation in paragraph 27 of THE COMPLAINT that "Travelers failed to initiate adjustment of Xavier's loss within 30 days of notice of loss."

A - 3

**Interrogatory No. 7:**

Describe, in detail, what the term "adjustment of Xavier's loss" means, as used in paragraph 27 of THE COMPLAINT.

**Interrogatory No. 8:**

IDENTIFY and describe the "notice of loss" to which YOU are referring in paragraph 27 of THE COMPLAINT.

**Interrogatory No. 9:**

State all facts that support YOUR allegation in paragraph 28 of THE COMPLAINT that "Travelers breached a duty "to adjust Xavier's claims fairly and promptly."

**Interrogatory No. 10:**

State all facts that support YOUR allegation in paragraph 29 of THE COMPLAINT that Travelers ". . . failed to pay Xavier within 60 days of receipt of satisfactory proof of loss."

**Interrogatory No. 11:**

Identify all amounts that you allege are still due and owing under the POLICY.

**Interrogatory No. 12:**

Identify the amounts you allege are still due and owing for each individual element of your claim.

**Interrogatory No. 13:**

To the extent not set forth above, state all facts on which YOU base YOUR claim(s) for damages against Travelers in this action.

A - 4

**Interrogatory No. 14:**

Identify every item that you contend Travelers is liable for as damages and describe those item(s) of damages in detail, including a description of the damages, the dollar amounts thereof, and how those dollar amounts were calculated.

**Interrogatory No. 15:**

Identify by name of carrier and policy number, all policies of insurance providing coverage for flood to YOU that were in force on August 29, 2005.

**Interrogatory No. 16:**

With respect to all insurance policies identified in the preceding interrogatory, state the amounts paid to YOU pursuant to said policies, the categories of loss (e.g. building, contents, business interruption) for which the payments were made, and the dates said amounts were received by you.

**Interrogatory No. 17:**

Identify every grant or other donation you received in any way resulting from related to or connected with Hurricane Katrina describing the person, organization, government, foundation, non-profit organization making the donation, the dollar amount or value of the grant or donation, the purpose of the grant or donation, and how the grantor or donor intended for the grant or donation to be used.

**Interrogatory No. 18:**

Other than insurance recoveries, or grants or donations identified in the preceding paragraph, please identify any other sources of funding that YOU used to repair loss and damage

to the PROPERTY caused by or resulting from Hurricane Katrina, and state, with respect to each, the amount of funding received and the purpose for which said funding was used.

**Interrogatory No. 19:**

Please explain in detail all damages, including but not limited to the location, type, scope and amount of damage at each location, YOU sustained that YOU allege were caused by or resulted from Hurricane Katrina.

Respectfully submitted,

RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Travelers Property
Casualty Company of America**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been forwarded to all counsel of record via U.S. mail, postage prepaid, this 18th day of August, 2006.

SIMEON B. REIMONENQ, JR.

A-6

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| XAVIER UNIVERSITY OF LOUISIANA | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-0516 |
| | * | |
| TRAVELERS PROPERTY CASUALTY | * | SECTION "R" |
| COMPANY OF AMERICA | * | |
| | * | MAGISTRATE (2) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     Plaintiff, Xavier University of Louisiana
         Through its Attorney of Record:
         Darnell Bludworth, Esq.
         Sher Garner Cahill Richter Klein & Hilbert LLC
         909 Poydras Street, 28th Floor
         New Orleans, LA 70112

Pursuant to Federal Rule of Civil Procedure 34, Travelers Property Casualty Company of America hereby asks plaintiff, Xavier University of Louisiana, to produce and permit inspection and copying of the documents described below. Production shall be made on September 17, 2006, in the offices of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, Pan American Life Center, 601 Poydras Street, Suite 2775, New Orleans, Louisiana.

A-7

## DEFINITIONS

The words "YOU" and "YOUR" mean or refer to Xavier University of Louisiana, plaintiff herein, and where appropriate any of its present or former employees, agents, representatives, officers, directors, members, accountants, investigators, consultants, attorneys, and any other person or entity acting or purporting to act on its behalf.

The term "TRAVELERS" refers to Travelers Property Casualty Company of America, defendant herein, and where appropriate any of its present or former employees, agents, representatives, officers, directors, accountants, investigators, consultants, attorneys, and any other person or entity acting or purporting to act on its behalf.

The term "THE POLICY" means Commercial Insurance Policy No. Y-630-528D9763-TIL-04, issued by Travelers Property Casualty Company of America to Xavier University of Louisiana.

The term "THE CLAIM" means the insurance claim at issue in YOUR Complaint for Damages in this action.

The term "THE PROPERTY" means the property of Xavier University of Louisiana, One Drexel Drive, New Orleans, Louisiana listed in the Location Schedule of THE POLICY.

The term "DOCUMENT(S)" means any and all writings, recordings, photographs, or other recordation of information of whatever type, as set forth and defined in Federal Rule of Evidence 1001.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all DOCUMENTS related to THE POLICY.

2

A-8

**REQUEST NO. 2:**

Produce all DOCUMENTS related to THE CLAIM..

**REQUEST NO. 3:**

Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**REQUEST NO. 4:**

Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**REQUEST NO. 5:**

Produce all DOCUMENTS relating to the claim YOU filed claim with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.

**REQUEST NO. 6:**

Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).

**REQUEST NO. 7:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by flood.

**REQUEST NO. 8:**

Produce all DOCUMENTS and communication related to your claim or application for reimbursement, or other payment filed with FEMA or any other governmental entity.

**REQUEST NO. 9:**

Produce all DOCUMENTS relating to the claim or application YOU filed claim with FEMA or any other governmental agency seeking reimbursement or other payment for damages caused by Hurricane Katrina.

**REQUEST NO. 10:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

**REQUEST NO. 11:**

Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

**REQUEST NO. 12:**

Produce all DOCUMENTS reflecting, evidencing, or related to YOUR alleged damages in this action.

**REQUEST NO. 13:**

Produce all DOCUMENTS reflecting, evidencing, or relating to expenses YOU incurred from August 29, 2005 to the present in connection with repairs YOU made or had made to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina.

A-10

**REQUEST NO. 14:**

Produce all DOCUMENTS reflecting, evidencing, or relating to payments made by YOU to Landis Construction Company from August 29, 2005 to the present in connection with repairs YOU made or made on your behalf to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina, including but not limited to cancelled checks and other proof of payment.

**REQUEST NO. 15:**

Produce all DOCUMENTS that YOU identified, referenced, referred to, or relied upon in drafting YOUR responses to accompanying interrogatories.

**REQUEST NO. 16:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.

**REQUEST NO. 17:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

**REQUEST NO. 18:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

**REQUEST NO. 19:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane Katrina.

**REQUEST NO. 20:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

**REQUEST NO. 21:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

**REQUEST NO. 22:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The National Endowment for the Humanities subsequent to Hurricane Katrina.

**REQUEST NO. 23:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

**REQUEST NO. 24:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

**REQUEST NO. 25:**

Produce all DOCUMENTS reflecting, evidencing, or relating to an grants or other donations YOU received subsequent to Hurricane Katrina from any entity, corporation, foundation, individual, nation, partnership, non-profit organization, religious order, or other institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

Respectfully submitted,

RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Travelers Property
Casualty Company of America**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been forwarded to all counsel of record via U.S. mail, postage prepaid, this 18th day of August, 2006.

SIMEON B. REIMONENQ, JR.

7

A-13