UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA          CIVIL ACTION NO. 06-0516

VERSUS                                               SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

### PLAINTIFF'S RESPONSES TO INTERROGATORIES PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana ("Xavier"), who, pursuant to Federal Rules of Civil Procedure, responds to the following Interrogatories propounded upon them by Travelers Property Casualty Company of America ("Travelers"):

### GENERAL OBJECTIONS

1.     Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Interrogatories. The following responses are given without prejudice to Xavier's right to alter or amend these responses



EXHIBIT
"B"

β - 1

as the result of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.      Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.      Xavier objects to the Interrogatories to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.      Xavier objects to the Interrogatories to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.      Xavier objects to the Interrogatories to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.      Xavier objects to the Interrogatories to the extent they seek the production of information or documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including information or documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.      Xavier objects to the Interrogatories to the extent they contain vague and/or ambiguous terms.

8.      Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

2

β - 2

9.      Xavier generally objects to Defendants' Interrogatories to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.     By responding to Defendant's Interrogatories, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Interrogatories. Xavier will respond to Defendants' Interrogatories in accordance with its understanding of the fair and reasonable meaning of the Interrogatories.

## RESPONSES TO DEFENDANT'S INTERROGATORIES

### INTERROGATORY NO. 1:

Explain in detail what YOU claim is the cause or causes of any non-wind related water damage to THE PROPERTY.

### ANSWER TO INTERROGATORY NO. 1:

Hurricane Katrina, and its high winds and rains, caused significant damage to Xavier's campus. The nature and extent of that damage has been viewed by Travelers and its representatives numerous times. Additionally, detailed documentation regarding the nature and extent of the damages has been previously produced. Subsequent to Hurricane Katrina's damage to the campus, man-made structures, including the levees at the 17th Street Canal and London Avenue Canal, failed and allowed water to enter much of the campus. This water was the result of man-made causes not natural causes, as had the levees, which are man-made, not failed, ground water would not have entered Xavier's campus buildings. Xavier reserves the right to supplement this answer as it is still determining the nature, extent and cause of such damages.

B - 3

## INTERROGATORY NO. 2:

Explain in detail what YOU claim is the cause, or causes, of loss to the PROPERTY at issue in this litigation.

## ANSWER TO INTERROGATORY NO. 2:

Hurricane Katrina, and its high winds and rains, caused significant damage to Xavier's campus. The nature and extent of that damage has been viewed by Travelers and its representatives numerous times. Additionally, detailed documentation regarding the nature and extent of the damages has been previously produced. Subsequent to Hurricane Katrina's damage to the campus, man-made structures, including the levees at the 17th Street Canal and London Avenue Canal, failed and allowed water to enter much of the campus. This water was the result of man-made causes not natural causes, as had the levees, which are man-made, not failed, ground water would not have entered Xavier's campus buildings.

## INTERROGATORY NO. 3:

State all facts that support YOUR allegation in paragraph 24 of THE COMPLAINT that "Travelers ... failed to comply with its obligations under the insurance policy."

## ANSWER TO INTERROGATORY NO. 3:

As detailed in the Complaint, which is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10, Xavier provided Travelers with prompt notice of loss, and voluminous documents constituting proof of loss. Until the commencement of this litigation, Travelers had failed to pay a single penny under the policy of insurance issued by it.

4

B - 4

**INTERROGATORY NO. 4:**

State all facts that support YOUR allegation in paragraph 25 of THE COMPLAINT that "Travelers is an obligor in bad faith.. . ."

**ANSWER TO INTERROGATORY NO. 4:**

Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single penny under the policy for many months, and until commencement of this litigation. This is despite the fact that Travelers had set reserves of $2,525,000 as early as October 17, 2005.

**INTERROGATORY NO. 5:**

State all facts that support YOUR allegation in paragraph 26 of THE COMPLAINT that "Travelers' actions were ". . . arbitrary, capricious and without probable cause."

**ANSWER TO INTERROGATORY NO. 5:**

See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single penny under the policy for many months, and until commencement of this litigation. This arbitrary and capricious conduct occurred despite the fact that Travelers had

5

β - 5

set reserves of $2,525,000 on October 17, 2005.

**INTERROGATORY NO. 6:**

State all facts that support YOUR allegation in paragraph 27 of THE COMPLAINT that "Travelers failed to initiate adjustment of Xavier's loss within 30 days of notice of loss."

**ANSWER TO INTERROGATORY NO. 6:**

To Xavier's knowledge, Travelers did nothing that constituted initiation of adjustment of Xavier's loss within 30 days of notice of loss. Simply assigning an adjuster does not constitute "initiation of adjustment" of Xavier's loss. See the Complaint for Damages, which is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. *See also,* Traveler's own claims file, which establishes that loss adjustment was not initiated timely, and in fact reserves were not even established until October 17, 2005, over 1 month after notice of loss.

**INTERROGATORY NO. 7:**

Describe, in detail, what the term "adjustment of Xavier's loss" means, as used in paragraph 27 of THE COMPLAINT.

**ANSWER TO INTERROGATORY NO. 7:**

Objection, as this calls for a legal conclusion. See. La. Rev. Statute 22:658(A)(3), which refers to the legal standard for this wording.

**INTERROGATORY NO. 8:**

IDENTIFY and describe the "notice of loss" to which YOU are referring in paragraph 27 of THE COMPLAINT.

B - 6

**ANSWER TO INTERROGATORY NO. 8:**

In the days immediately after Katrina, Xavier University contacted Travelers and informed it that Xavier had sustained substantial damages. Travelers' own documents establish that notice of loss was received on September 7, 2005 (See Trav 000927).

**INTERROGATORY NO. 9:**

State all facts that support YOUR allegation in paragraph 28 of THE COMPLAINT that Travelers breached a duty "to adjust Xavier's claims fairly and promptly."

**ANSWER TO INTERROGATORY NO. 9:**

See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single penny under the policy for many months, and until commencement of this litigation. This breach of duty occurred despite the fact that Travelers had set reserves of $2,525,000 on October 17, 2005.

**INTERROGATORY NO. 10:**

State all facts that support YOUR allegation in paragraph 29 of THE COMPLAINT that Travelers ". . . failed to pay Xavier within 60 days of receipt of satisfactory proof of loss."

7

β-7

**ANSWER TO INTERROGATORY NO. 10:**

   See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10.  Travelers, through its adjuster, Mr. Claypool, was given visual proof of Xavier's loss in early October, 2005. Subsequently, Travelers, through its adjuster, Mr. Claypool, was given voluminous proof of loss on October 13, 2005 (financial statements), November 14, 2005 (extra expenses), December 1, 2005 (voluminous documents concerning Xavier's physical damages, consisting of three boxes of documents, including detailed estimates  and schedules by Landis Construction, and all pay applications by Landis up until that date, including backup thereof), December 8, 2005 (Landis Spreadsheet breaking out first floor versus other floors), December 12, 2005 (CD of damage supports and Landis pay application no. 5), and additional documentation Xavier has made available at the office of its counsel. Despite detailed documentation of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, Travelers failed to advance a single penny under the policy for many months after receiving this documentation of Xavier's losses, and until commencement of this litigation.  The first payment under the policy was more than 60 days after all of this documentation was given to Xavier. This failure to pay occurred despite the fact that Travelers' adjuster, Mr. Claypool, acknowledged that Xavier had at least $2.4 million in damages in October of 2005.

**INTERROGATORY NO. 11:**

   Identify all amounts that you allege are still due and owing under the POLICY,

### ANSWER TO INTERROGATORY NO. 11:

Xavier is entitled to all amounts that it has expended and will expend in the future to repair its damages, including all amounts reflected in all Landis Pay applications, replacement of all contents damaged, as partially set forth in the spreadsheets that have been provided to Travelers enumerating such losses, its lost business income, as established by the financial data provided to Travelers' accountants, and all extra expenses, including those in the data provided to Mr. Claypool in October, 2005. Additionally, Xavier is entitled to statutory penalties and attorney's fees.

### INTERROGATORY NO. 12:

Identify the amounts you allege are still due and owing for each individual element of your claim.

### ANSWER TO INTERROGATORY NO. 12:

See response to interrogatory number 11. The amounts owed are set forth in the documents referred to therein, and are only subject to reduction for the amounts advanced since commencement of this litigation.

### INTERROGATORY NO. 13:

To the extent not set forth above, state all facts on which YOU base YOUR claim(s) for damages against Travelers in this action.

### ANSWER TO INTERROGATORY NO. 13:

Objection, overly broad. Subject to this objection, please see all facts set forth in the Complaint, as well as those set forth in the Motion for Partial Summary Judgment filed on

β 9

August 24, 2006, which is incorporated herein by reference pursuant to Federal Rule of Civil
Procedure 10.

**INTERROGATORY NO. 14:**

Identify every item that you contend Travelers is liable for as damages and
describe those item(s) of damages in detail, including a description of the damages, the dollar
amounts thereof, and how those dollar amounts were calculated.

**ANSWER TO INTERROGATORY NO. 14:**

See answer to Interrogatory 11, set forth above. Additionally, as set forth in the
Complaint, Xavier is entitled to statutory penalties and attorney's fees as a result of Travelers'
failure to comply with Louisiana law concerning loss adjustment and timely payment of claims.

**INTERROGATORY NO. 15:**

Identify by name of carrier and policy number, all policies of insurance providing
coverage for flood to YOU that were in force on August 29, 2005.

**ANSWER TO INTERROGATORY NO. 15:**

Objection, the term "flood" is not defined by you. If you refer to the inundation of
the campus as a result of levee failure, which Xavier denies constitutes "flood" within the
meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance
Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October
31, 2006. Other than this document, Xavier objects to the production of any information
concerning its NFIP insurance.

10

$\beta - 10$

## INTERROGATORY NO. 16:

With respect to all insurance policies identified in the preceding interrogatory, state the amounts paid to YOU pursuant to said policies, the categories of loss (e.g. building, contents, business interruption) for which the payments were made, and the dates said amounts were received by you.

## ANSWER TO INTERROGATORY NO. 16:

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

## INTERROGATORY NO. 17:

Identify every grant or other donation you received in any way resulting from related to or connected with Hurricane Katrina describing the person, organization, government, foundation, non-profit organization making the donation, the dollar amount or value of the grant or donation, the purpose of the grant or donation, and how the grantor or donor intended for the grant or donation to be used.

## ANSWER TO INTERROGATORY NO. 17:

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

## INTERROGATORY NO. 18:

Other than insurance recoveries, or grants or donations identified in the preceding paragraph, please identify any other sources of funding that YOU used to repair loss and damage to the PROPERTY caused by or resulting from Hurricane Katrina, and state, with respect to each, the amount of funding received and the purpose for which said funding was used.

β -11

**ANSWER TO INTERROGATORY NO. 18:**

        Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence. Subject to that objection, due to the arbitrary and capricious failure of Travelers to comply with the terms of its policy of insurance, Xavier has paid for repairs utilizing some of the University's Endowment Funds, some of the Unrestricted Current Fund's working capital, and some Restricted Current Funds gift income, which impairs the ability of the University to fulfill the mission of Sister Katherine Drexel.

**INTERROGATORY NO. 19:**

        Please explain in detail all damages, including but not limited to the location, type, scope and amount of damage at each location, YOU sustained that YOU allege were caused by or resulted from Hurricane Katrina.

**ANSWER TO INTERROGATORY NO. 19:**

        Objection. See response to number 11. Xavier is entitled to recover all amounts caused by Katrina or by the failure of man-made levees, as described above.

        Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
504-299-2100
Counsel for Xavier University of Louisiana

12

ß-12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answers to Interrogatories has

been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

by placing same in the United States Mail, postage prepaid, this ___ day of _____,

2006.

_____
JAMES M. GARNER

13

β - 13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA     CIVIL ACTION NO. 06-0516

VERSUS     SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana, who, pursuant to Federal Rules of Civil Procedure, responds to the following Request for Production of Documents propounded upon them by Travelers Property Casualty Company of America:

### GENERAL OBJECTIONS

1. Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Requests. The following responses are given without prejudice to Xavier's right to alter or amend these responses as the result

of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.      Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.      Xavier objects to the Requests to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.      Xavier objects to the Requests to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.      Xavier objects to the Requests to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.      Xavier objects to the Requests to the extent they seek the production of documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.      Xavier objects to the Requests to the extent they contain vague and/or ambiguous terms.

8.      Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

2

B-15

9.    Xavier generally objects to Defendant's Requests for Production of Documents to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.    By responding to Defendant's Requests, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Requests. Xavier will respond to Defendant's Requests in accordance with its understanding of the fair and reasonable meaning of the Requests.

## RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

### REQUEST NO. 1:

Produce all DOCUMENTS related to THE POLICY.

### RESPONSE TO REQUEST NO. 1:

The policy was attached to the Complaint.

### REQUEST NO.2:

Produce all DOCUMENTS related to THE CLAIM.

### RESPONSE TO REQUEST NO. 2:

Objection to the extent that this request calls for work product or attorney/client communications. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

3

β-16

**REQUEST NO.3:**

Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**RESPONSE TO REQUEST NO. 3:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.4:**

Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**RESPONSE TO REQUEST NO. 4:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see all communications with Travelers. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.5:**

Produce all DOCUMENTS relating to the claim YOU filed claim with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.

4

**RESPONSE TO REQUEST NO. 5:**

Objection, relevance. Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding the same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.6:**

Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).

**RESPONSE TO REQUEST NO. 7:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.7:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by flood.

**RESPONSE TO REQUEST NO. 7:**

Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. Xavier denies it had any damages as a result of "flood" within the meaning of that term as set forth in the policy. If you refer to the inundation of the campus as a result of

5

β 18

levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy,

see the Travelers policy, and claims documentation previously produced by Xavier. Xavier

objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.8:**

Produce all DOCUMENTS and communication related to your claim or

application for reimbursement, or other payment filed with FEMA or any other governmental

entity.

**RESPONSE TO REQUEST NO. 8:**

Objection, work product and attorney client privilege. Objection, relevance. This

request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is

overly broad and burdensome.

**REQUEST NO.9:**

Produce all DOCUMENTS relating to the claim or application YOU filed claim

with FEMA or any other governmental agency seeking reimbursement or other payment for

damages caused by Hurricane Katrina.

**RESPONSE TO REQUEST NO. 9:**

Objection, work product and attorney client privilege. Objection, relevance. This

request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is

overly broad and burdensome.

**REQUEST NO. 10:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU

contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports

β-19

prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

## RESPONSE TO REQUEST NO. 10:

Objection, work product and attorney client privilege. See previous objections relating to the use of the term "flood." Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

## REQUEST NO. 11:

Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

## RESPONSE TO REQUEST NO. 11:

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

7

B-20

**REQUEST NO. 12:**

Produce all DOCUMENTS reflecting, evidencing, or related to YOUR alleged damages in this action.

**RESPONSE TO REQUEST NO. 12:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 13:**

Produce all DOCUMENTS reflecting, evidencing, or relating to expenses YOU incurred from August 29, 2005 to the present in connection with repairs YOU made or had made to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina.

**RESPONSE TO REQUEST NO. 14:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

8

B-21

**REQUEST NO. 14:**

Produce all DOCUMENTS reflecting, evidencing, or relating to payments made by YOU to Landis Construction Company from August 29, 2005 to the present in connection with repairs YOU made or made on your behalf to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina, including but not limited to cancelled checks and other proof of payment.

**RESPONSE TO REQUEST NO. 14:**

Xavier is in the process of obtaining these documents, and they will be produced upon receipt.

**REQUEST NO. 15:**

Produce all DOCUMENTS that YOU identified, referenced, referred to, or relied upon in drafting YOUR responses to accompanying interrogatories.

**RESPONSE TO REQUEST NO. 15:**

See documents previously produced.

**REQUEST NO. 16:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 16:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

9

B-22

REQUEST NO. 17:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

RESPONSE TO REQUEST NO. 17:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

REQUEST NO. 18:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

RESPONSE TO REQUEST NO. 18:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

REQUEST NO. 19:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane Katrina.

RESPONSE TO REQUEST NO. 19:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

REQUEST NO. 20:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

10

β - 23

RESPONSE TO REQUEST NO. 21:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

REQUEST NO. 21:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

RESPONSE TO REQUEST NO. 21:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

REQUEST NO. 22:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The National Endowment for the Humanities subsequent to Hurricane Katrina.

RESPONSE TO REQUEST NO. 22:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

REQUEST NO. 23:

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

RESPONSE TO REQUEST NO. 23:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

11

## REQUEST NO. 24

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

## RESPONSE TO REQUEST NO. 24:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

## REQUEST NO. 25:

Produce all DOCUMENTS reflecting, evidencing, or relating to an grants or other donations YOU received subsequent to Hurricane Katrina from any entity, corporation, foundation, individual, nation, partnership, non-profit organization, religious order, or other institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

## RESPONSE TO REQUEST NO. 25:

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

Respectfully submitted:

James M. Garner, #19589.
Darrell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras St., 28th Floor
New Orleans, LA  70112
504-299-2100
Counsel for Xavier University of Louisiana

12

B - 25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Responses to Request for

Production of Documents has been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

via hand delivery, this 7th of September 2006.

_____
JAMES M. GARNER

13

B-26