## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | **CIVIL ACTION NO. 05-4182** |
| | * | |
| _____ | * | **SECTION: K(2)** |
| | * | |
| **PERTAINS TO:** | * | **JUDGE DUVAL** |
| | * | |
| **INSURANCE (*Vidacovich*, 2:06-cv-4719)** | * | **MAG. WILKINSON** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### HARTFORD'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant Hartford Insurance Company of the Midwest ("Hartford"), files this Motion

for Entry of Protective Order and respectfully shows unto the Court as follows:

### I.     INTRODUCTION

A protective order should be entered because:

▪ Hartford has responded to Plaintiff's discovery request for the claim file by stating it will
   produce the information subject to an agreed protective order.  Hartford seeks the
   protective order primarily to prevent further disclosure of its confidential and proprietary
   commercial information and trade secrets outside this litigation.  However, Plaintiff
   refuses to sign the protective order, yet articulates no reasonably legitimate basis as to
   why it should be allowed to further disseminate information it obtains through discovery
   in this litigation.

## II.    ARGUMENT AND AUTHORITIES

**A.    A protective order should be entered.**

Hartford maintains that a protective order is appropriate in this case.  Good cause exists to enter the protective order attached hereto as Exhibit "A" requiring non-dissemination of any responsive non-privileged documents outside of this litigation.  By entering into the proposed protective order Plaintiffs are not conceding that any of the documents designated as "confidential" are in fact confidential, and Plaintiffs can challenge the designation after reviewing the documents.  Therefore, Plaintiffs could have signed the protective order and received the documents weeks ago, while still reserving their right to challenge the designation of confidential documents.

Federal Rule of Civil Procedure 26(c) specifically provides for the entry of a protective order "that a trade secret or other confidential research, development or **commercial information** not be revealed or be revealed only in a designated way." See Fed. Rule Civ. P. 26(c) (emphasis added).  The claim file contains such commercial information and trade secrets. Contrary to Plaintiffs' assertions, Hartford's information is not public.  But for this litigation, Plaintiffs would not be entitled, nor would anyone else, to access this privately maintained corporate information.

Trade secret issues are governed by state law.  *Aroson v. Quick Point Pencil Co.*, 940 U.S. 257, 265-66 (1979).  The threshold inquiry is whether any legally protectable information exists. A trade secret is information that has independent economic value because it is not generally known or readily ascertainable and efforts are taken to maintain the information's secrecy. *SDT Industries, Inc. v. Leeper*, 793 So.2d 327, 331 (La. App. 2 Cir. 2001).

The claim file reveals the manner in which claims are adjusted, inspected, and analyzed. This information is not public knowledge. Hartford considers the whole claim file to be a confidential and proprietary set of documents. The materials are generated in connection with a particular claim and should remain confined to the discrete claim. The primary objective of the protective order is to limit use of the documents to the case at hand and to obtain a promise to return the documents after the litigation is over. This is the only way to maintain the confidential status of the information. The protective order request is not onerous, and is routinely agreed to by Plaintiffs' lawyers in most jurisdictions, including in several Katrina related cases.

The claim file contain proprietary information that should be kept confidential. If such information is revealed to the public, Hartford may lose its claim to trade secret status in future matters, some of which may be commercial/contractual and unrelated to this case or bad faith claims. Furthermore, this proprietary information is wholly unrelated to how Hartford fulfills its good faith obligation to its customers. Accordingly, Hartford seeks to protect the entire claim file.

The claim file documents reflect Hartford's own method of claims handling / management, including the manner in which the information is compiled and patterned that is unique to Hartford; thus meeting the legal definition of trade secret. The files also represent information on how the claims handlers perform their work pursuant to Hartford's own general business operations. These operations are all part of what, when combined with the entire claim file, helps Hartford do its business in a competitive insurance market. Hartford should be permitted to keep this information confidential and Plaintiffs should not be allowed, especially in the Katrina environment, to broadcast it to anyone who is not a party to this litigation, which is precisely the protection Hartford seeks. Plaintiffs have no legitimate purpose for this

information outside of this litigation and no legitimate basis for disseminating it further, yet won't agree not to do so.

Federal courts have recognized the significant potential damage that an insurance company could suffer if its confidential claims handling information were released without the benefit of a protective order and these courts have complied with defendant insurance company's requests under Rule 26(c). *See e.g., Cohen v. Metropolitan Life Ins. Co.*, No. 00CV6112, 2003 WL 1563349 (S.D.N.Y. Mar. 26, 2003) (finding that the "Best Practices Manual" and "Claims Management Guidelines" of the defendant insurance company contained "confidential information, valuable to [the defendant] and potentially valuable to its competitors who could take unfair advantage of [the defendant's] substantial analytical and experiential investment by using the material to achieve efficiencies in their claims handling operations, and that the material thus warrants appropriate protection"); *Republic Services, Inc. v. Liberty Mut. Ins. Companies*, No. 03CV 494, 2006WL1635655 (E.D. Ky. June 9, 2006) (holding that the defendant insurance companies claims handling and training manuals "have independent economic value to [the defendant] due to . . . their confidential nature, . . . the time, effort and expense . . . invested in creating these materials . . . and . . . the fact that competitors in the . . . industry do not disclose information about their claims handling policies and procedures to one another" and finding that issuance of a protective order was appropriate); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420 (S.D. Ind. 2001) (issuing protective order as to the defendant insurance company's claims handling materials); *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331 (E.D. Pa. 1999) (ordering that the information in the defendant insurance company's claims manuals and training materials were to be kept confidential).

Because the claim file – in both form and content – is the embodiment of the client's adjusting manuals and training materials, these cases are instructive and highly persuasive, strongly supporting the issuance of a protective order in this case. This is particularly true where entry of the protective order does not restrict the Plaintiffs' ability to use the materials in the present litigation, but merely imposes an obligation to maintain the confidential character of the documents and to return them once the case is resolved.

Additionally, and more importantly, courts in the Eastern District of Louisiana have entered protective orders in several Katrina-related cases. *See e.g. Fischer v. Encompass Ins. Co.*, No. 06-2498; *Tomlinson v. Allstate*, No. 06-0617. Furthermore, Judge Duval recently entered a protective order in the *In Re Katrina* matter which covers multiple insurers and policyholders. *See In re Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 2:05-cv-4182, Rec. Doc. 5393.

Accordingly, the Court should enter a protective order prohibiting dissemination of the claim file and any underwriting materials outside of this litigation. Indeed, if Hartford does not seek such protection it may later be prohibited from precluding use of the information in unrelated litigation should Plaintiffs disseminate it further. Plaintiffs have not even expressed an intent or need to disseminate the material outside of the lawsuit and would suffer no harm if a protective order were entered.

WHEREFORE, Hartford Insurance Company of the Midwest respectfully requests that the Court Enter the Protective Order attached hereto as Exhibit "A" and award Hartford any such further relief to which it is entitled.

Respectfully submitted,


s/Simeon B. Reimonenq, Jr.
Simeon B. Reimonenq, Jr., T.A., La. Bar. # 19755
Ralph S. Hubbard, III, La. Bar # 7040
LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile:   (504) 310-9195

And

OF COUNSEL:

Christopher W. Martin
Texas Bar No.: 13057620
Martin R. Sadler
Texas Bar No.: 00788842
Ethan D. Carlyle
Texas Bar No.: 24031794
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:    (713) 632-1700
Facsimile:    (713) 222-0101

**Attorneys for Defendant,
Hartford Insurance Company
of the Midwest**

## CERTIFICATE OF SERVICE


I hereby certify that on 8th day of June, 2007 a copy of Hartford's Motion for Entry of
Protective Order was filed electronically with the Clerk of Court using the CM/ECF system.
Notice of this filing will be sent to Remy Voisin Starns by operation of the court's electronic
filing system.


s/Simeon B. Reimonenq, Jr.
Simeon B. Reimonenq, Jr.,

181226-1