UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br> _____ <br> PERTAINS TO: <br> INSURANCE (*Vidacovich*, 2:06-cv-4719) | CIVIL ACTION NO. 05-4182 <br><br> SECTION: K(2) <br><br> JUDGE DUVAL <br><br> MAG. WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROTECTIVE ORDER REGARDING
## CONFIDENTIAL INFORMATION

Plaintiffs Chester and Murleen Vidacovich ("Plaintiffs") have sought from Defendant, Hartford Insurance Company of the Midwest ("Hartford"), and may in the future seek, the discovery of certain information that Hartford considers to be trade secrets and/or confidential or proprietary information. Hartford has agreed to produce such documentation and material to Plaintiffs in response to Plaintiffs First Set of Requests for Production.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over alleged confidentiality, adequately protect and ensure the confidentiality of designated documents, deposition testimony and other materials, the Court enters this protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure. Notwithstanding the foregoing, nothing contained herein shall be construed as an admission or agreement by



EXHIBIT "A"

Plaintiffs or their counsel, that any documentation that Hartford contends is "confidential" is, in fact, confidential, proprietary or a trade secret. Plaintiffs may contest the designation of confidentiality of any documents, deposition testimony or other material designated to be subject to this Order.

IT IS HEREBY ORDERED THAT:

1.  This Order shall govern the handling, disclosure, and disposition of Hartford's claim file and activity logs (Hartford/Vidacovich 001-042) and such other documents or information, including deposition testimony, that Hartford may designate as "Confidential" at the time the documents or information are produced in response to discovery requests (hereinafter referred to as the "Discovery Material"). Hartford may designate specifically identified portions of deposition testimony of a witness as confidential at the time that the deposition testimony is elicited by indicating on the record at the deposition that the testimony is "Confidential" or by notifying Plaintiffs in writing within 60 days of receipt of the transcript. Nothing in this Order shall be construed as prejudicial to either the rights of Hartford to designate any other materials as confidential, or to the rights of Plaintiffs to contest any such designation of confidentiality. If Plaintiffs contest Hartford's designation of any document or information as "Confidential" under this Order, then Hartford has the burden to establish that the document or information is confidential, proprietary or a trade secret justifying protection under this Order.

2.  The Discovery Material designated herein as "Confidential" by Hartford in Paragraph 1 may be used by Plaintiffs only for purposes of preparing for and conducting pretrial and trial proceedings in this action. The "Confidential" Discovery Material described above, and information derived therefrom, shall be shown only to Plaintiffs and their counsel of record in this action and may be disclosed by Plaintiffs or their counsel only to the following persons:

2.1    Counsel for Plaintiffs and employees of such counsel as are required to assist in the preparation or conduct of this action; provided that, before being shown the above-referenced "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advised that they are bound by it.

2.2    Officers, employees, agents, or representatives of Plaintiffs who are actually engaged in preparing for or conducting pretrial proceedings in this action, but only to the extent necessary to do so; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advise that they are bound by it.

2.3    Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advise that they are bound by it.

2.4    Persons hired or consulted with as experts during the course of this litigation; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advise that they are bound by it.

2.5    This Court or any other court before which this action is pending, including any Court personnel, jurors, and all other persons lawfully present in the Court proceeding.

3.    The persons described in Paragraph 2 as having access to the "Confidential" Discovery Material described in Paragraph 1 shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the

willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

4.     Upon conclusion of this action, all "Confidential" Discovery Material produced by Hartford, including designated deposition testimony, and all copies thereof shall be immediately returned to Hartford. In addition, within forty-five (45) days of the conclusion of this action, an affidavit of compliance shall be provided to Hartford by counsel returning the "Confidential" Discovery Material swearing or affirming that all "Confidential" Discovery Material and all copies thereof from Plaintiffs' counsel and all of the persons identified in paragraph 2 above have been returned to Hartford.

5.     This Order is entered without prejudice to Hartford's right to bring before the Court at any time other objections to the production of any Discovery Material, and this Order is entered without prejudice to the rights of Plaintiff to contest any such allegation.

New Orleans, Louisiana, this _____ day of _____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE