UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6037, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289<br><br>PERTAINS TO: LEVEE | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted in support of the Rule 12(c) motion for judgment on the pleadings filed by the Board of Commissioners of the Port of New Orleans (hereinafter "the Dock Board"). In support of said Motion, the Dock Board submits that, for the following reasons, all claims asserted against the Dock Board in the Levee Plaintiffs' "Superseding Master Consolidated Class

Action Complaint" (hereinafter "Master Complaint") should be dismissed for failing to state a claim upon which relief can be granted.

## BACKGROUND

The Board of Commissioners of the Port of New Orleans (hereinafter "the Dock Board") is among many defendants named in the Levee Plaintiffs' Master Complaint in which they seek recovery of damages caused by alleged failures of flood control systems in or around Orleans Parish during or immediately after the landfall of Hurricane Katrina. Particularly, the flood control systems at issue include those levees, flood walls and/or flood gates which failed along the 17th Street Canal, the London Avenue Canal, and the Inner Harbor Navigation Canal (hereinafter "the IHNC").

Plaintiffs allege fault on the part of the Dock Board only with respect to the alleged levee and/or flood gate failures along the IHNC. In particular, Plaintiffs allege:

(1)     That the IHNC levees and/or flood gates were "within the care, custody, control and *garde*" of the Dock Board;

(2)     That the Dock Board's alleged failure "to ensure the adequacy of the design, composition, construction and maintenance of the IHNC levees and flood gates constituted negligence;" and

(3)     That "the [IHNC] levees and floodgates contained vices and defects, which were known or should have been known," thus rendering the Dock Board strictly liable pursuant to La.C.C.P. arts. 2317 and 2317.1.

2

The Dock Board submits that the allegations of fact contained within Plaintiffs' Master Complaint are insufficient to state a cause of action against the Dock Board for the alleged vices or defects in the IHNC levees and flood gates either in negligence or strict liability since, notwithstanding Plaintiffs' conclusory allegation, the Dock Board, as a matter of law, cannot be deemed the custodian or guardian of the allegedly defective levees or flood gates at issue. Accordingly, Plaintiffs' claims against the Dock Board require dismissal pursuant to Fed.R.Civ.P. 12(c) for failure to state a claim upon which relief can be granted.

## LAW AND ARGUMENT

**1.   *The Standard for Rule 12(c) Dismissals:***

In deciding a motion for judgment on the pleadings under FRCP 12(c), the U.S. Fifth Circuit has outlined the following procedure:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

*Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A Rule 12(b)(6) dismissal is warranted where a plaintiff's complaint fails to present a legally cognizable claim. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding such a motion, the district court is to accept a plaintiff's well-pleaded allegations of fact as true and determine whether the law affords relief based upon those alleged facts. *Tel-Phonic Servs., Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Although the court is required to accept allegations of fact as true, it may

not rely upon, and must disregard, conclusory allegations or legal conclusions disguised as factual allegations. *Lovick v. Ritemoney, Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004).

### 2. *There is no Legally Cognizable Claim Here Absent Custody or Garde Over the Allegedly Defective Things:*

Plaintiffs' claims against the Dock Board are based upon the alleged vices or defects in the IHNC levees or flood gates. To recover against the Dock Board for these allegedly defective "things," whether in negligence or strict liability, Plaintiffs must prove that the Dock Board had custody or *garde* thereof. See *Smith v. State Department of Public Safety,* 620 So.2d 1172, 1182 (La.App. 1 Cir. 1992); *Jacobs v. Spinnakers,* 474 So.2d 1019 (La.App. 5 Cir. 1985).

Custody or *garde* in this context means the right or power to "supervise and control" the allegedly defective levees and flood gates. See *Socorro v. City of New Orleans,* 579 So.2d 931 (La. 1991); *Loescher v. Parr,* 324 So.2d 441, 449 n.7 (La. 1975); *Colleps v. State Farm General Ins. Co.,* 446 So.2d 988 (La.App. 3 Cir. 1984). Absent facts to establish that the Dock Board had supervision and control over the levees or flood gates at issue, there can be no liability, as a matter of law, for their alleged vices and/or defects. See *Socorro,* 579 So.2d 931; *Johnson v. Meredith,* 780 So.2d 1281 (La.App. 3 Cir. 2001).

### 3. *Plaintiffs' Master Complaint Fails to Allege Facts Sufficient to Establish That the Dock Board Had Custody or Garde Over the Allegedly Defective Things:*

A defendant's *garde* can only be proven by facts establishing that the defendant had the right of direction and control over the thing at issue. *Dupree v. City of New Orleans,* 765 So.2d 1002, 1008-09 (La. 2000). Whether a defendant

4

has *garde* is a conclusion that must be based upon facts which establish its right of direction and control. See *Dupree*, 765 So.2d at 1008.

Here, although Plaintiffs make a conclusory allegation that the Dock Board had *garde* over the allegedly defective levees or flood gates, their Complaint contains no allegations of fact which, if true, would lead to that conclusion. It is precisely this type of conclusory allegation which must be disregarded in this court's determination of a Rule 12(c) dismissal motion. Simply put, Plaintiffs' use of the word *garde* in their Complaint is not a talisman that can transform their claim to a colorable one without facts alleged which, if true, would indeed establish the Dock Board's *garde*. See Keating v. Shell Chemical Co., 610 F.2d 328, 332 (5th Cir. 1980) (use of the word "intent" in a complaint failed to state a cause of action for intentional tort absent factual allegations which, if true, would establish that the tort was indeed intentional so as to circumvent the exclusivity provision of Louisiana workers' compensation law).

Here, once Plaintiffs' conclusory allegation of *garde* is disregarded, Plaintiffs' claim undoubtedly fails as a matter of law. Indeed, Plaintiffs can allege no facts sufficient to prove the Dock Board's alleged *garde* over the levees or flood gates at issue. The Dock Board's rights and powers are necessarily limited to those delegated by statute, which do not include any right or power with respect to the construction, maintenance, etc. of flood control systems. See La.R.S. 34:1, *et seq.* Rather, by statute, the sole and exclusive right and power to supervise, direct, and control levee and flood gate construction, maintenance,

etc. is established in the Orleans Levee District by virtue of Title 38 of the Louisiana Revised Statutes.

**4.  As a Matter of Law, the Dock Board Cannot be Deemed the Custodian or Guardian of the Allegedly Defective Levees or Flood Gates:**

Historically, the duty to protect citizens of the State of Louisiana from damage by flood is inherently included as part of the State's police powers. *Board of Commissioners of Orleans Levee District v. Department of Natural Resources*, 496 So.2d 281, 289 (La. 1986). The State legislature, however, is empowered to delegate the exercise of its police powers to subordinate boards, commissions or political corporations. *Id.* The various levee districts created by the Louisiana Constitution and carried over into Title 38 of the La. Revised Statutes, are creatures or agencies of the State brought into existence for purposes of discharging the State's duties related to flood protection. *Board of Commissioners of Orleans Levee District*, 496 So.2d at 288; La.R.S. 38: 281, *et seq.*

As defined by La.R.S. 38:281(6), a "levee district" is "a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits." Pursuant to La.R.S. 38:325, the levee districts of Louisiana are mandated to engage in any activities related directly to flood protection and the construction and maintenance of levees.

6

The rights and powers necessary for flood control within Orleans Parish has been specifically delegated to the Orleans Levee District. <u>See</u> La.R.S. 38:307. Section 307 provides, in pertinent part:

> [The Orleans Levee District] **shall have full and exclusive right, jurisdiction, power, and authority** to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls . . . and other works in relation to such projects . . . along, over, and on the shores, bottom, and bed of Lake Pontchartrain in the Parish of Orleans . . . and along and on the shores adjacent to the lake and along the canals connected therewith.

(Emphasis added).

The Dock Board is likewise a political subdivision of the State of Louisiana. As such an organization, its rights, duties and responsibilities are limited to those expressly delegated by statute. <u>See</u> *Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury*, 371 So.2d 1127, 1131 (La. 1979) (a political subdivision of the State of Louisiana possesses only those rights or powers conferred by the State's Constitution and statutes).

The Dock Board was created by the State of Louisiana to administer the publicly owned navigable waterways and their banks within its territorial limits. <u>See</u> *Board of Commissioners for Port of New Orleans v. New Orleans & S.F.R. Co.*, 112 La. 1011, 36 So. 837 (1904). In that regard, the State delegated to the Dock Board only those powers and duties relative to the regulation of commerce and traffic within the port and harbor of New Orleans. <u>See</u> La.R.S. 34:21(A)(1). Specifically, the Louisiana legislature delegated to the Dock Board only those rights and duties specified in La.R.S. 34:21(B)(1)-(9), namely:

7

(1) To have charge of, and administer the public wharves, docks, sheds, and landings of the port of New Orleans;

(2) To construct new wharves and other structures when necessary;

(3) To erect sheds and other structures on such wharves or landings;

(4) To place and keep these wharves and landings, sheds and other structures in good condition;

(5) To maintain proper depths of water at all such wharves and landings;

(6) To provide mechanical facilities for the use of such wharves and landings;

(7) To provide light, water, police protection, and any other services for such wharves, landings, and sheds, as it may deem advisable;

(8) To finance, erect, and operate all basins, locks, canals, and warehouse elevators;

(9) To charge for the use of all facilities administered by it, and for all services rendered by it, such fees, rates, tariffs, or other charges as it may establish.

None of these specific powers or duties includes jurisdiction over, or the right or power to control or direct, the construction or maintenance of flood protection devices. *Id.* Notably, its duties or powers cannot include those things, not only because not specifically delegated by statute, but also because La. R.S. 38:307 provides that the delegation of that function lies solely and exclusively with the Orleans Levee District.

Since the Dock Board, by law, has absolutely no authority, direction or control over any levees or flood gates in Orleans Parish, it cannot, as a matter of law, be deemed the custodian or guardian of those levees or flood gates along the IHNC. Accordingly, the Dock Board cannot be held liable, under either

8

negligence or strict liability, for the alleged vices or defects of those flood control devices. As such, Plaintiffs' Master Complaint fails to state a legally cognizable claim against the Dock Board, and the Dock Board should be dismissed as a defendant herein.

## CONCLUSION

Plaintiffs' Master Complaint alleges that the Dock Board is liable, under negligence and strict liability theories of recovery, for damages allegedly caused by defective levees and/or flood gates along the IHNC. However, the Dock Board cannot, as a matter of law, be held liable for any alleged vice or defect of those flood control devices unless it had *garde* thereof.

Plaintiffs' Master Complaint contains no factual allegations which, if true, would establish that garde over those flood control devices lies with the Dock Board. Indeed, the Dock Board has no custody or control over those devices as, by law, the only State entity which could be deemed the custodian or guardian thereof is the Orleans Levee District by virtue of Title 38 of the La. Revised Statutes.

Since, as a matter of law, the Dock Board cannot be deemed the guardian or custodian of the levees or flood gates at issue, Plaintiffs' Master Complaint fails to state a legally cognizable claim against the Dock Board, and the Dock Board should therefore be dismissed as a defendant herein pursuant to Fed.R.Civ.P. 12(c).

9

Respectfully submitted, this 11th day of June, 2007.

                                          DAIGLE FISSE & KESSENICH, PLC

BY:    s/ Jonathan H. Sandoz
          J. FREDRICK KESSENICH (7354)
          JONATHAN H. SANDOZ (23928)
          MICHAEL W. MCMAHON (23987)
          JON A. VAN STEENIS (27122)
          KIRK N. AURANDT (25336)
          P. O. Box 5350
          Covington, Louisiana 70434-5350
          Telephone: 985/871-0800
          Facsimile: 985/871-0899
          Attorneys for Defendant, The Board of
          Commissioners of the Port of New
          Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 11th day of June, 2007.

                                                    s/Jonathan H. Sandoz
                                                    JONATHAN H. SANDOZ