UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO. 05-4182 "K" (2)

PERTAINS TO:  Levee, MRGO, Insurance   JUDGE DUVAL
                                       MAG. WILKINSON


## CASE MANAGEMENT AND SCHEDULING ORDER NO. 4

The total number of cases consolidated in this action varies from day to day, but currently includes approximately 170 separately filed civil actions, including about four dozen putative class actions.  They have been consolidated in this Court for case management purposes because they appear to include common issues of law and fact involving the cause and effect of the inundation by water of the Greater New Orleans area during Hurricane Katrina on August 29, 2005 and immediately thereafter.

The first phase of the handling of these matters, including pleading, creation of docketing and information systems, evidence preservation matters, case administration and organization and initial Rule 12 motions, has been substantially completed. The Court has classified the various individual cases in six categories: (1) Levee, (2) MRGO,[1] (3) Insurance, (4) Responder, (5) Dredging Limitations and (6) St. Rita's Nursing Home.  As the first phase nears completion, the Court finds that entry of this case management order governing, and geared toward substantial resolution in the foreseeable future of, class certification and common liability issues, including disclosure, discovery, further motion practice, trial preparation and related proceedings in the Levee, MRGO and Insurance categories of cases is appropriate.

---

[1]"MRGO" is an acronym for Mississippi River Gulf Outlet.

This order does not apply to the cases that have been classified in the Responder, Dredging Limitations and St. Rita's categories.  In addition, the Court finds that the case of Robinson et al v. United States, C.A. No. 06-2268, is appropriate for a separate scheduling order, including trial of all issues. Except in the individualized non-class action Insurance category cases described below, and as may be necessary in connection with class certification proceedings, the order does not address damages.  **IT IS ORDERED** that all trial dates and other pretrial dates and deadlines set in the individualized non-class action Insurance category cases are CONTINUED.  Separate case management or other orders for all of these matters may be issued later, if appropriate.

Liaison Counsel, Joseph M. Bruno for plaintiffs and Ralph Hubbard and Seth Schmeekle for defendants, with input from the parties' various litigation committees, have submitted a thorough proposed case management plan for the Court's consideration.  The Court has studied the proposal and conferred extensively with Liaison Counsel.  In addition, the Court has received and considered the supplemental letters of plaintiffs' liaison counsel and the various suggestions and objections of numerous defense counsel attached to defendants' motion for expedited hearing received on February 8, 2007.  Record Doc. No. 3100.

The Court cannot accept the proposed case management order of the parties in its entirety.  Instead, considering the input of the parties and the record as a whole, the Court finds that the interests of the litigants and the public are best served by issuing a case management order that limits and controls both the scope and timing of discovery and maximizes efficiencies in trial preparation.  The aim of this order is to obtain substantial resolution of significant parts of these matters within approximately two years, keeping in mind that the event that precipitated this litigation occurred approximately 18 months ago.

Moreover, it is the duty of the Court to bring resolution to the various issues presented to it in a time frame that gives the resolution at least some temporal relevance. The Court finds that these interests are best achieved by the implementation of an order that moves all three categories of cases covered by this order (Levee, MRGO and Insurance) forward simultaneously on three separate trial preparation tracks, including (a) class certification, (b) common liability issues and (c) individual insureds' adjusting and other issues that are not common to the three case categories.

Accordingly, acting pursuant to Fed. R. Civ. P. 16, **IT IS ORDERED** that the Levee, MRGO and Insurance cases consolidated under this umbrella must now proceed as follows:

## I.      CLAIM AND PARTY CATEGORIES AND COORDINATION

### (A)      CLAIM CATEGORIES

The claims that are the subject of this order are placed in three categories:

(1)      Levee:  The plaintiffs in the Levee umbrella allege that the defendants are liable for water damage caused by the breaching of an I-wall on the 17th Street Canal, the breaching of I-walls on the London Avenue Canal, and the breaching of the levees on the Industrial Canal.

(2)      MRGO:  The plaintiffs in the MRGO umbrella allege that the United States and other defendants are liable for water damage caused by the MRGO in the areas of the Upper and Lower Ninth Ward, New Orleans East, and St. Bernard Parish.

(3)      Insurance:  The plaintiffs in the insurance umbrella are insureds who allege, among other things relating principally to individual adjusting and coverage issues, that the efficient proximate cause of the surface water damage to their property in the New Orleans Metropolitan area was the neglect of the same parties made defendants in the Levee and MRGO umbrellas.

3

"Common liability issues," as that term is employed in this order, refers to the descriptions of all three claim categories set out above, but excludes quantification of individual damage claims and individual adjusting and other individual coverage issues asserted in the non-class action cases that are part of the Insurance category.

**(B)**    **PARTY CATEGORIES**

For purposes of disclosure requirements, discovery limitations and conduct and other proceedings provided in this order, the parties are classified in the following categories:

    (1)    Plaintiffs

        (a)    Levee Plaintiffs

        (b)    MRGO Plaintiffs

        (c)    Putative Class Insurance Plaintiffs

        (d)    Individual Insureds Asserting Individual Claims

    (2)    Defendants

        (a)    Insurers and Independent Insurance Agents

        (b)    State and Local Government Entities

        (c)    the United States

        (d)    Railroads

        (e)    Engineers and Architects

        (f)    Contractors

**(C)**    **COUNSEL MANAGEMENT AND COORDINATION**

The work of the party categories will be coordinated and conducted through Liaison Counsel or their designees in their respective litigation committees or liaison groups. As provided herein, each individual attorney and unrepresented party shall be responsible for conferring with Liaison Counsel or his designee in their respective liaison groups with the

goal of accomplishing the following: (a) coordination, compilation and service of written discovery addressing issues present in multiple cases; (b) coordination of the preparation and service of discovery motions and supporting memoranda addressing issues present in multiple cases; (c) coordination, scheduling and noticing of depositions of parties and witnesses as requested by the parties to be served after notice to Liaison Counsel; (d) conducting the conferences required by all applicable rules with respect to discovery motions which raise issues common to the parties served by Liaison Counsel; and (e) coordination of the briefing and arguing of common issues present in multiple cases. Liaison Counsel and their designees by group or category are established as follows:

    (1)    <u>Liaison Counsel for Both Sides</u>

    (a)    Liaison Counsel are selected <u>by the Court</u> to assist the Court in formulating and coordinating its case management procedures and facilitating communication between the Court and the large number of attorneys in these cases. Liaison Counsel also occupy a position of leadership and have an obligation to maintain appropriate communication with other attorneys in their groups, periodically informing them of the progress of the litigation and consulting with them when major decisions affecting their clients must be made.

    (b)    In addition to the privileged communications protected by the Federal Rules of Evidence and Civil Procedure, communications of any kind whatsoever, whether written, oral, or electronic, between or among plaintiffs' counsel and between or among plaintiffs' counsel and any plaintiffs shall be privileged.  Communications of any kind whatsoever, whether written, oral, or electronic, between or among defendants' counsel and between or among defendants' counsel and any defendants shall be privileged.

    (c)    Nothing in this order shall be construed to preclude an unrepresented party or individual attorney from taking any action necessary to represent his/her client, including but

not limited to the right to participate in and/or conduct any conference, hearing, or trial, consistent with the terms and provisions of this order and subject to any limitations or restrictions this Court may impose.  The designation of Liaison Counsel and the assignment of duties to them has been set forth for the purposes of minimizing expense and time for all parties and to establish order.

(d)     Liaison Counsel or their designees shall attend all hearings and conferences conducted by the Court.  Nothing in this section shall prevent any party from participating in any hearing or status conference scheduled by the Court, but the Court may conduct conferences at which it limits attendance to Liaison Counsel or other designated counsel.

(e)     To assure continuity of communication between the parties and with the Court, the Preliminary Master Committees appointed on May 5, 2006 shall become the Permanent Master Committees ("PMC"), each committee retaining the same members.  Joseph M. Bruno and Ralph Hubbard are hereby respectively designated as the Plaintiffs' Liaison Counsel and the Defendants' Liaison Counsel.

(2)     Plaintiffs' Subgroup Litigation Committees

A Plaintiffs' Subgroup Litigation Committee ("PSLC") shall be appointed for each of the following subgroups of the Katrina Canal Breach Consolidated Litigation: Levee, MRGO, and Insurance.  Each PSLC is hereby appointed by order of the Court.  Each PSLC shall have a minimum of three members.  Plaintiffs' Liaison Counsel shall be a standing member of each subclass committee. Nothing in this Case Management Order shall be construed to suggest that a current member of the PMC is prohibited from accepting a role as a member of a PSLC or liaison counsel for a PSLC.

Each PSLC shall have authority to manage its respective subgroup of this consolidated litigation. A Subgroup Liaison Counsel shall be appointed to chair each PSLC and

communicate with the Court and the parties relative to their respective subgroup issues. Plaintiffs' Liaison Counsel and each PSLC liaison counsel shall serve on the Master Discovery Coordinating Committee to implement this Case Management Order and the other orders of this Court.

(a)     Levee PSLC

The Court has been advised that the attorneys prosecuting claims regarding the levee breaches have met and organized a committee.  The group selected Daniel E. Becnel, Jr., Joseph M. Bruno, D. Blayne Honeycutt, Hugh P. Lambert, and Gerald E. Meunier to serve on an internal Executive Committee.  The Court recognizes these selections and also appoints Daniel E. Becnel, Jr., Joseph M. Bruno, Hugh P. Lambert, Darleen Jacobs, Walter Dumas and Gerald E. Meunier as members of the PSLC - Levee.  The Court appoints Gerald E. Meunier as Liaison Counsel of the PSLC - Levee.   The work performed to date may, at the appropriate time, be submitted to the Court for approval as compensable work performed as if performed with the approval and direction of the PSLC - Levee.

(b)     MRGO PSLC

The Court is similarly aware that in December 2005, a group of attorneys from nine law firms organized into a MRGO Litigation Group, which Group has performed extensive research on litigation of this nature.  This Group of attorneys filed the *Robinson* case, C.A. No. 06-2268, alleging that the negligent design, construction, operation, and/or maintenance of the MRGO by the United States Army Corps of Engineers caused vast damage in the Greater New Orleans area.  The Group also filed an injunction suit seeking a remediation plan to prevent the MRGO from causing damages in the future, which suit has been allotted to another section of the United States District Court for the Eastern District of Louisiana.

The Court has been advised that this Group of attorneys has committed substantial time and monetary resources toward research regarding the development of the MRGO and the Federal Tort Claims Act, reviewed tens of thousands of pages of documents from the Corps, interviewed dozens of eyewitnesses, engaged the services of many expert scientists, established financial structure to the Group, and devised a litigation plan for individuals to seek reparations for their damages. Further, the Group has expanded in number of participating attorneys and each participating attorney has entered into a funding and representation agreement.

The Court recognizes the work performed by this Group in prosecuting this litigation to date and encourages these attorneys and other attorneys interested in the MRGO litigation to continue to work together.  The work performed to date may, at the appropriate time, be submitted to the Court for approval as compensable work performed as if performed with the approval and direction of the PSLC-MRGO. The Group suggests, and the Court hereby appoints, James P. Roy, Pierce O' Donnell, John Andry and Clay Mitchell to serve on the PSLC - MRGO.  James P. Roy is hereby appointed as Liaison Counsel for the PSLC - MRGO.

(c)     Insurance PSLC

The Court is also aware that Joseph M. Bruno, Calvin C. Fayard, Jr. and Joseph McKernan initially filed the putative class action entitled *Chehardy v. State Farm* on September 15, 2005 in the 19th Judicial District Court, which was removed to the United States District Court, Middle District of Louisiana and subsequently transferred to the Eastern District of Louisiana, where it is now pending as C.A. No. 06-1672, 1673 and 1674 within this consolidated litigation in this Court.  Since that time, other attorneys have instituted actions on behalf of individual insureds in which class action status is not sought.

8

These attorneys have organized and subsequently associated other counsel who are presently working together to prosecute the insurance litigation pending before the Court. The Court hereby appoints John N. Ellison, Calvin C. Fayard, Jr., Joseph J. McKernan, Drew Ranier, and James M. Garner as members of the PSLC - Insurance. Calvin C. Fayard, Jr. shall serve as PSLC - Insurance Liaison Counsel.  The work performed to date may, at the appropriate time, be submitted to the Court for approval as compensable work performed as if performed with the approval and direction of the PSLC - Insurance.

(3)   Plaintiffs' Master Discovery Coordinating Committee

(a)   The Plaintiffs' Master Coordinating Discovery Committee is comprised of the Plaintiffs' Liaison Counsel and the liaison for each of the PSLCs.

(b)   Plaintiffs' Master Discovery Coordinating Committee shall have primary responsibility for making certain that discovery is coordinated and not duplicated.

(c)   Plaintiffs' Master Discovery Coordinating Committee shall review and approve all notices of depositions prior to service.

(d)   To eliminate duplicate requests, the Plaintiffs' Master Coordinating Committee shall coordinate with each PSLC and compile the discovery provided in this CMO.

(e)   All motions, requests for discovery or other pre-trial proceedings with respect to an umbrella subgroup shall be submitted to the Plaintiffs' Master Discovery Coordinating Committee before filing and service.

(f)   The Plaintiffs' Master Discovery Coordinating Committee shall verify that the motions and/or requests are not duplicative before approving their service and filing.

(4)     Duties of Plaintiffs' Subgroup Liaison Counsel

(a)     Each Subgroup Liaison Counsel shall, in coordination with Liaison Counsel for the PMC, maintain a master service list of all plaintiffs' attorneys of record containing their names, addresses, e-mail addresses, telephone numbers, facsimile numbers, and names of parties who they represent.  Each party shall be responsible for notifying PSLC Liaison Counsel of any changes necessary to maintain an accurate and current Master Service List.  From time to time, as directed by the Court, Subgroup Liaison Counsel shall file with the Clerk of Court a copy of the updated master service lists.

(b)     Each Subgroup Liaison Counsel or his designees shall be responsible for conferring with individual counsel and/or unrepresented parties on their service lists as warranted under the circumstances and for accomplishment of the following: (a) coordination, compilation and service of written discovery addressing similar issues on behalf of the Liaison Counsel group; (b) coordination of the preparation and service of motions and supporting memoranda addressing issues common to the group; (c) coordination scheduling and noticing depositions of witnesses as requested by the group; (d) conducting the conferences required by all applicable rules with respect to motions which raise issues common to the group; (e) Coordination of the briefing and argument of common issues on behalf of the group; and (f) providing to all counsel and unrepresented parties within the group minutes of the substance of Liaison Counsel meetings and all conferences and hearings before the Court.

(5)     Duties of Plaintiffs' Subgroup Litigation Committees

(a)     All motions, requests for discovery or other pretrial proceedings with respect to plaintiffs in a subgroup shall be initiated and filed through the respective umbrella subgroup PSLC.  Such filings shall be coordinated with and through the umbrella subgroup

10

PSLC Liaison Counsel.  If the PSLC does not support the motion, discovery or other proceeding, then it shall include a certificate of non-support attached thereto.

(b)     All motions, requests for discovery or other pre-trial proceedings with respect to an umbrella subgroup shall be submitted to the Master Discovery Coordinating Committee before filing and service.  The Plaintiffs' Discovery Coordinating Committee shall verify that the motions and/or requests are not duplicative.

(6)     <u>Defendants' Litigation Committees</u>

The Court recognizes that the various categories of defendants have unique interests that would not be served adequately by division of the defendants' into three subgroups or committees.  As a consequence, Defendants' Litigation Committees will consist of the following:

(a)     Defendants' Insurance Litigation Committee, represented by Ralph Hubbard (Liaison Counsel), Alan Yacoubian, Judy Barrasso, Stephen Goldman, Kevin Kamraczewski, Martin Sadler, Cari Dawson, Robert Siegel, Dave Walker, Charles Chassaignac and Steve Usdin;[2]

(b)     Defendants' State/Local Governmental Entities Litigation Committee, represented by Thomas P. Anzelmo;

(c)     Defendants' Federal Governmental Entities Litigation Committee, represented by Robin D. Smith;

(d)     Defendants' Railroad Entities Litigation Committee, represented by Roy J. Rodney, Jr., Brent Talbot, Galen Brown, Carl Hellmers, Ben Slater and Patrick Talley. Brent Talbot is hereby appointed to the Defendants' Master Committee.

---

[2]Defendants are required to add a single attorney representing independent insurance agency defendants to this committee.

(e)     Defendants' Engineers/Architects Litigation Committee, represented by Francis J. Barry, Jr.  Francis J. Barry, Jr. is hereby appointed to the Defendants' Master Committee and Thomas Gardner is relieved of this position.

(f)     Defendants' Contractors Litigation Committee, represented by William D. Treeby.

(7)     <u>Control of Fees</u>

The Court shall to the maximum extent allowed under the law control the fees and expenses that may be ultimately awarded in these proceedings.  The Court will discharge its obligation and insure that the parties to the litigation will be treated fairly and justly.  In order to assist the Court in discharging this obligation, all counsel shall keep a daily record of the time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, the location, and particular activity.  The failure to maintain such records will be grounds for denying Court-awarded attorneys' fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

(8)     <u>Special Master</u>

The Court at some point in these proceedings shall appoint a Special Master pursuant to Fed. R. Civ. P. 53 to, among other responsibilities assigned by the Court, review, tabulate and audit claims made by class members or other litigants involved in this umbrella.  The Special Master shall be instructed to establish procedures to resolve disputes regarding the eligibility of persons to be members of any class.

## II.     **PLEADINGS**

## (A)     **PLEADING DEADLINE**

The Court finds that ample time for completion of pleadings has been provided in the first phase of these consolidated matters through the call dockets conducted by the Court, the

operation of Fed. R. Civ. P. 4(m) and the other orders of the Court herein.  Accordingly, the deadline for amending pleadings is now deemed lapsed, and only answers and responsive motions may now be filed without leave of Court.  Except as otherwise provided herein, no further amendments to pleadings, addition of parties, third-party actions, cross-claims and counterclaims will be allowed, except as required by this order or, hereafter, on motion with a proposed order, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P. 16(b).

**(B)**   **MASTER CLASS ACTION PLEADINGS**

    (1)   Complaints

For the Levee, MRGO and Insurance cases in which class action allegations have been filed, **no later than March 15, 2007,** Plaintiffs must file three separate Master Consolidated Class Action Complaints, one for each category. These Master Consolidated Class Action Complaints must designate proposed class representatives, not to exceed five (5) in number, for each separate proposed class and/or for each separate proposed sub-class.  These Master Consolidated Class Action Complaints shall supersede and replace all previously filed class action complaints.

    (2)   Responsive Pleadings

As to the Master Consolidated Class Action Complaints required above, defendants must file three separate Answers, one for each category, no later than **March 30, 2007**. These answers must include any cross-claims among defendants and any third-party complaints. The answers shall supersede and replace all previously filed class action answers.

**(C)**   **FTCA/AEA CLAIMS**

The Plaintiffs and the United States of America have agreed and hereby stipulate before the Court that the timely filing of a valid claim under the Federal Tort Claims Act

13

("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680, will constitute the filing of a valid claim under the Admiralty Extension Act ("AEA"), 46 U.S.C. app. § 740.

## III.  CLASS CERTIFICATION

## (A)  MOTIONS TO CERTIFY CLASSES

Plaintiffs must file three Motions for Class Certification, one each for the Levee, MRGO and Insurance categories, **no later than March 30, 2007**, with these motions to be noticed for hearing on November 5, 2007 at 9:30 a.m.  Each motion must describe each proposed class and sub-class and designate proposed class representatives (not to exceed five (5) in number), for each proposed class and/or for each proposed sub-class, and the specific bases in the Federal Rules of Civil Procedure as to which class certification is sought.  As to each proposed class representative, the motions must provide his or her full name, current address, occupation and age, and the street address of any property as to which he or she seeks to recover damages in these cases, including whether he or she owned or leased the property, a brief description of the size of the property and any buildings or other improvements on it, and whether it was or is used for residential and/or business purposes. Plaintiffs must use their best efforts in good faith to identify the proposed classes as to which they will seek certification.  No amendments to these motions will be permitted, except on the written consent of all affected defendants, or on motion and order for good cause shown. Any such motion to amend must be filed no later than **July 18, 2007** and noticed for hearing on **August 8, 2007 at 9:30 a.m.**  Written opposition to any such motion to amend must be filed no later than **August 1, 2007**.

After the motions to certify classes are filed, disclosure, discovery and class certification hearing preparation, limited to the issue of class certification, must proceed as follows:

**(B)**     **CLASS CERTIFICATION DISCLOSURE AND WRITTEN DISCOVERY**

(1)     No later than **March 30, 2007**, three (3) separate Preliminary Lists of Witnesses  who may or will be called to testify at any class certification hearing and three separate Preliminary Lists of Exhibits that may or will be introduced at any class certification hearing (one each for the Levee, MRGO and Insurance cases) must be filed by the plaintiffs and another set of three such Preliminary Lists of Witnesses and Exhibits must be filed by the defendants.  The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible.  These lists must include, for each witness, both fact and expert, their names, addresses, and anticipated subject matter of their testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.] Thereafter, each side, through Liaison Counsel, is under a continuing obligation to file updated witness and exhibit lists on the 20th day of every month, until the Final Lists of Witnesses and Exhibits for class certification hearings are due, so as to facilitate regular and ongoing preparation for the class certification hearings.

(2)     No later than **March 30, 2007**, plaintiffs and defendants must submit to the other side three (3) separate sets (one each for the Levee, MRGO (if necessary) and Insurance cases) of no more than twenty-five (25) interrogatories, no more than fifty (50) requests for production and no more than fifty (50) requests for admissions, all limited to class certification issues. Written responses to this discovery must be provided no later than **April 30, 2007**, and no extensions of this response date will be permitted, except on motion for good cause shown.  After full compliance with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1E, motions to compel concerning class certification written discovery must be filed no later than **May 30, 2007**.

(3)     No later than **June 27, 2007**, three (3) separate Final Lists of witnesses (one for each case category) who may or will be called to testify at any class certification hearing and three (3) separate Final Lists of Exhibits (one for each case category) that may or will be introduced at any class certification hearing must be filed by plaintiffs and another set of such Final Lists of Witnesses and Exhibits must be filed by defendants. These lists shall include, for each witness, their name, address, and the anticipated subject matter of their testimony.  **A mere description of the anticipated testimony as "fact" or "expert" will not suffice.**  A copy of each listed exhibit must exchanged between counsel together with the list.

**The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless they are identified on these final lists, without an order to do so issued on motion for good cause shown.**

The Court shall impose a limit on the number of witnesses and hours allowed for testimony at the hearings for class certification.

**(C)     CLASS CERTIFICATION FACT DEPOSITIONS**

(1)     Numerical Limits: Depositions of fact witnesses concerning class certification are limited to twenty (20) per side per each of the three separate case categories (20 per side in the Levee case, 20 per side in the MRGO (if necessary) case and 20 per side in the Insurance case).  This number may be expanded upon written agreement of Liaison Counsel or on motion and order for good cause shown.

(2)     Fact depositions must be taken and all fact discovery for class certification purposes must be completed no later than **July 27, 2007**.  Immediately after the exchange of initial preliminary witness lists, Liaison Counsel or their designees must confer in person to schedule fact depositions within this time frame.

**(D)**    **CLASS CERTIFICATION EXPERTS**

(1)    Limits:  No more than five (5) expert witnesses concerning class certification issues per side in each of the three separate case categories may be called to testify at any class certification hearing.  The parties are specifically instructed that the Court is <u>not</u> inclined to permit any purported "complex litigation specialist" expert to testify at any class certification hearing.

(2)    Written reports of class certification experts who may be witnesses for plaintiffs must be obtained and delivered to Liaison Counsel for defendants or his designee as soon as possible, but in no event later than **August 10, 2007**.

(3)    Written reports of class certification experts who may be witnesses for defendants must be obtained and delivered to Liaison Counsel for plaintiffs or his designee as soon as possible, but in no event later than **August 24, 2007**.

(4)    All reports of expert witnesses who may testify at class certification hearings must comply fully with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

(5)    Drafts of class certification expert reports are considered protected work product and shall not be discoverable or admissible for any purpose, including impeachment.

(6)    Depositions of class certification expert witnesses must be completed no later than **September 14, 2007**.

**(E)**    **MOTIONS CONCERNING CLASS CERTIFICATION**

(1)    The deadline for plaintiffs to file their memoranda in support of their motions for class certification is **August 31, 2007**.

(2)    All memoranda in opposition  to plaintiffs' motions to certify any class must be filed no later than **September 28, 2007**.

17

(3)      Reply briefs with respect to the Motions for Certification shall be filed **no later than October 9, 2007.**

(4)      All other contrary motions concerning class certification, including *Daubert* motions regarding class certification experts and motions in limine regarding class issues, must be filed no later than **September 26, 2007**.  Memoranda in opposition to any such motions must be filed no later than **October 3, 2007**.

All motions concerning *Daubert* or other pre-class certification motions shall be noticed for and commence on **October 17, 2007 at 1:30 p.m.** and shall conclude no later than **October 19, 2007**.

**(F)      PRE-HEARING CONFERENCES AND ORDERS CONCERNING CLASS CERTIFICATION**

(1)      No later than **October 25, 2007**, counsel shall jointly submit three separate proposed pre-hearing orders (one for each of the three case categories) setting forth: (a) the issues to be adjudicated with respect to any class sought to be certified, including but not limited to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the adequacy of representation, the predominance of common issues and the superiority and manageability of the litigation as a class action; (b) the  names and a brief description of the testimony of each witness who will or may be called to testify by each side; (c) a list of all exhibits that will be introduced by each side, including a statement of whether the exhibit will be introduced without objection and, if not, a brief recitation of the objection; (d) stipulations of fact and as to the authenticity of exhibits; (e) a list of all pending motions concerning class certification, and (f) any other matters to be addressed for purposes of the class certification hearing.

Liaison Counsel shall also submit a proposed schedule for the Class Certification Hearings setting forth a proposed amount of time required for witnesses.

(2)      Three (3) separate pre-hearing conferences (if necessary) concerning any class certification hearings will be conducted before the Court on **October 30, 2007** at specific times to be set by the Court.  Thereafter, the Court will enter pre-hearing orders, based upon the submissions of counsel, that will control the course and scope of the class certification hearings.  The pre-hearing orders of the Court may impose time or other limits on the presentation of testimony, other evidence and argument at the class certification hearings.

**(G)      CLASS CERTIFICATION HEARINGS**

In its pre-hearing orders, the Court will assign specific dates for the class certification hearings **which shall commence on November 5, 2007 and which shall conclude no later than November 16, 2007**.  The Court will determine at that time whether to permit post-hearing briefing. Should any class be certified, the plaintiffs designated as class representatives will represent the class in all subsequent matters contemplated by this order.

**(H)      AMENDMENTS TO THE CLASS CERTIFICATION SCHEDULE**

The parties are instructed that this is a Rule 16 order, and the deadlines and other provisions in it will not be amended, except upon a showing of good cause.

**IV.      COMMON LIABILITY ISSUES**

It is the Court's intent to control the scope and extent of discovery in this matter and to move these cases to resolution as efficiently as possible.  Regardless whether any class action is certified in this matter, hundreds of individual named claimants asserting claims involving common liability issues will remain.  There is no reason to delay resolution of these claims pending class certification proceedings.  Thus, disclosure and discovery will commence, but will be limited to common liability issues as defined above and will not include damages, except as permitted later in this order for individual cases in the Insurance category. All parties to these consolidated cases, including all parties to any administratively

closed matter within the *In Re Katrina Canal Breaches Consolidated Litigation* who are not also parties to other open matters, shall be bound by all common liability issues discovery and will not be permitted to duplicate any discovery in the event a closed case is reopened. As to common liability issues, the Court will not allow unnecessary duplication of discovery, such as multiple Rule 30(b)(6) depositions of the same entity or more than one deposition of the same fact witness or testifying expert and will enter appropriate orders in that regard, as necessary. In addition, presumptive limits on the numbers of written discovery requests, fact depositions and experts will also be imposed, either in this order or in later orders, as may be appropriate. Ultimately, the Court will also impose time limits or restrictions on the number of witnesses who may testify at trial and other restrictions on the presentation of testimony, other evidence and argument.

In furtherance of the foregoing general principles, disclosure and discovery in the Levee, MRGO and Insurance cases will commence upon entry of this case management order and proceed as follows:

**(A)**     **COMMON ISSUES LIABILITY MANDATORY DISCLOSURES**

    (1)     Initial Disclosures

In their proposals to the Court, the parties submitted that certain disclosures other than those required by Fed. R. Civ. P. 26(a)(1) should be made in this case. In addition, the parties' proposals, to a large extent, treated some parties differently from others in terms of mandatory disclosure requirements. Defendants objected strenuously to the Court's suggestion that broader disclosures, though limited in number, than those required by Rule 26(a)(1) should be made. Accordingly, the only Rule 26(a)(1) disclosures required in this matter are as follows.

      (a)     Insurance Cases

         No later than **April 16, 2007**, all named Insurance plaintiffs, whether putative class representatives or individual insureds asserting individual claims, must, unless previously disclosed, also disclose the following to their insurers:

         1.     The identity of each policy of insurance held by, or potentially benefitting, each plaintiff on the date of the loss (including without limitation flood policies). This identification must include the complete name of the insured, the complete name of the insurer, all policy numbers and all claim numbers for claims made for loss(es);

         2.     The address of each property for which a loss is claimed;

         3.     Each plaintiff's and insured's current address;

      No later than **April 16, 2007**, all named Insurer defendants must, unless previously disclosed, disclose the following to their insureds who are named plaintiffs:

         1.     Their claim files pertaining to claims made by individual plaintiffs for coverage based on the hurricane, including without limitation all loss reports and damages assessments generated in connection with the adjustment of each plaintiff's claim(s) but excluding any privileged material; and

         2.     The policy of insurance.

         For cases which are consolidated or for parties who are joined after the entry of this order, the foregoing disclosures are due on **April 16, 2007** or within thirty (30) days of the transfer or joinder, whichever is later.

      (b)     Defendant Engineers' Group

         On December 8, 2006, the Court dismissed the Engineers as party defendants in 14 civil actions.  The Engineers shall file any outstanding motions to dismiss by **March 14, 2007**, in regard to the remaining civil actions based on the Court's previous ruling. Under

these circumstances, the Engineers are not required to make the foregoing witness or exhibit disclosures. [3] Such motions shall be noticed for hearing on **April 4, 2007;** no oral argument will be had on these motions.

        1.      Plaintiffs' counsel will propound no later than **April 2**, **2007**, one Joint Master Set of Requests for Production of Documents to the Engineers, under Fed. R. Civ. P. 34, limited to files relating to construction of projects in which a breach later occurred, or which involved other work at a site where a breach occurred, and the Engineers will provide written responses to these requests no later than **May 15, 2007**.

        2.      No other merits discovery of Engineers will be conducted until after the Class Certification issues are decided by the Court.

        (c)      Federal Government Entities Group

        In view of the substantial number of documents that the United States has made available on its website, https://ipet.wes.army.mil, the United States' mandatory disclosure requirement under Fed. R. Civ. P. 26(a)(1)(B) is deemed satisfied.

        No later than **April 16, 2007**, any plaintiff whose administrative claim has been finally denied by the appropriate Federal agency or who has deemed it to have been finally denied pursuant to 28 U.S.C. § 2675(a), and any defendant with a pending suit against the United States, shall make the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and (B) to the United States.

---

[3]**NOTE:  On November 29, 2006, the Court ordered that all Rule 12 motions were to be filed by February 1, 2007 with respect to all cases that had been filed or would have been filed and consolidated with this umbrella as of December 15, 2006. (Doc. 2034)  This new cut-off pertains <u>only</u> to cases filed and/or consolidated under this umbrella after December 15, 2006. If a party has failed to file a motion properly under the November 29th Order, then leave must be sought to file any such Rule 12 motion**.

(d)      State/Local Government Entities Group

The Orleans Levee District and the Sewerage & Water Board New Orleans will provide plaintiffs (and any other defendants who request copies) with all documents, if any, in their possession, custody or control relevant to the construction and design of: (1) the London Avenue Canal in the vicinity of the levee breach from March 1990 through August 28, 2005; (2) the 17th Street Canal in the vicinity of the levee breach from January 1989 through August 28, 2005; and (3) the Industrial Canal in the vicinity of the levee breaches from November 1984 through August 28, 2005. The production of these documents shall begin no later than **May 29, 2007** and must be supplemented every thirty (30) days thereafter.

The Parish of Jefferson, The State of Louisiana, its agencies, and officers will not be required to provide the foregoing disclosures or participate in discovery pending rulings by the Court as to any motions to remand, Rule 12(b)(6) motions, or Rule 12(b)(1) motions filed on or before **March 14, 2007**.[4] Such motions shall be noticed for hearing on **April 4, 2007**; no oral argument will be had on these motions.

(e)      Railroad Entities Group

Notwithstanding any provision in this order to the contrary, all disclosures and discovery involving the Railroad Defendants (BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway Company, CSX Transportation, Inc., CSX Corporation, The Alabama Great Southern Railroad, and The Public Belt Railroad Commission for the City of New Orleans) are stayed unless and until the Court enters an order denying the dispositive motions that the Railroad Group Defendants have filed or will file on or before **March 14, 2007**.[5] Such motions shall be noticed for hearing on **April 4, 2007**; no oral argument will

---

[4]See Footnote 2.

[5]See Footnote 2.

be had on these motions. Within ten (10) days after entry of any order that results in one or more of the Railroad Group defendants remaining as a party, the remaining Railroad Group Defendant(s) must confer with plaintiffs' liaison counsel and defense liaison counsel and submit to the Court a proposed order for initial disclosures and discovery involving the Railroad Defendants within thirty (30) days of entry of such an order. The proposed order must track the provisions of this order as much is practicable.

      (f)    Contractors' Group

      1.    Non-Party Contractors (Defendants Boh Bros Construction Co., LLC, B&K Construction Company, Inc., James Construction Group, LLC, T.L. James & Company, Inc.)

      a.    On **December 8, 2006**, the Court dismissed the claims asserted against three contractors, Boh Bros, B & K, and James Construction, in 14 civil actions. The remaining claims against the four contractors (including newly added T. L. James) will be addressed in motions to be filed on or before **March 14, 2007**.[6] Such motions shall be noticed for hearing on **April 4, 2007**; no oral argument will be had on these motions. These four contractors will be treated as non-parties, except for the following requirements:

      b.    Plaintiff's counsel will propound by **April 2, 2007**, one Joint Master Set of Requests for Production of Documents to the Contractors, under Fed. R. Civ. P. 34, limited to files relating to construction of projects in which a breach later occurred, or which involved other work at a site where a breach occurred, and the Contractors will provide written responses to these requests no later than **May 15, 2007**.

      c.    No other merits discovery of Contractors will be conducted until after the Class Certification issues are decided by the Court.

---

[6]See Footnote 2.

(g)     Remaining Contractor Party (Washington Group International, Inc. ("Washington Group")

a.     Washington Group has provided initial disclosures to plaintiffs, which Plaintiffs' Liaison Counsel has deemed satisfactory as of December 2006.  No further initial disclosures are required from Washington Group, unless and until Judge Duval denies Washington Group's proposed motion for summary judgment based on government contractor immunity.

b.     In lieu of the disclosures required herein, the named plaintiffs shall disclose the following to the remaining contractor, Washington Group, no later than **April 16, 2007**:

•     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the plaintiffs may use to support their allegations of liability (including any opposition to Washington Group's proposed motion for summary judgment based on government contractor immunity), identifying the subjects of the information;

•     An electronic copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the plaintiffs and that plaintiffs may use to support its allegations of liability (including any opposition to Washington Group proposed motion for summary judgment based on government contractor immunity) including photographs and witness statements.

(2)     Preliminary and Periodic Witness and Exhibit List Disclosures

No later than **June 20, 2007**, three (3) separate Preliminary Lists of Fact Witnesses who may or will be called to testify at any trial concerning common liability issues and three (3) separate Preliminary Lists of Exhibits that may or will be introduced at any trial

concerning common liability issues (one each for the Levee, MRGO and Insurance cases) must be filed by the plaintiffs, and another set of three (3) such Preliminary Lists of Fact Witnesses and Exhibits must be filed by the defendants.  The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible.  These lists must include, for each fact witness, their names, addresses, and anticipated subject matter of their testimony.  [Mere descriptions of the anticipated testimony as "fact" will not suffice.]  Thereafter, each side, through Liaison Counsel, is under a continuing obligation to file updated witness and exhibit lists on the 20th day of every month, until the Final Lists of Witnesses and Exhibits are due, so as to facilitate regular and ongoing preparation for common liability issues trials.

      (3)    <u>Final Witness and Exhibit List Disclosures</u>

No later than **March 20, 2008**, three (3) separate Final Lists of Fact Witnesses who may or will be called to testify and three (3) separate Final Lists of Exhibits that may or will be introduced at any trial concerning common liability issues (one each for the Levee, MRGO and Insurance cases) must be filed by the plaintiffs and another set of three (3) such Final Lists of Fact Witnesses and Exhibits must be filed by the defendants.  No witness who is not identified in these lists will be permitted to testify and no exhibit that is not identified in these lists will be permitted to be used at trial, unless there has been full compliance with this order as it pertains to the witness and/or exhibits, without an order to do so on motion for good cause shown.

**(B)**    **COMMON LIABILITY ISSUES WRITTEN FACT DISCOVERY**

(1)    Master Written Discovery Plan

Except as otherwise provided in this order, all written discovery (interrogatories, requests for production and requests for admissions) to other parties to this litigation concerning common liability issues must be issued no later than **April 30, 2007** and must comply with the following:

(a)    The plaintiffs (consisting of all PSLCs) shall serve a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to the non-insurer/insurance agency defendants, except the United States.

(b)    The Insurance PSLC shall serve a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to the insurer/insurance agency defendants.

(c)    The insurer/insurance agency defendants shall serve a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to the Insurance PSLC group.

(d)    The non-insurer defendants, except the United States, shall serve a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-

parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to each of the PSLC groups.

(e)     The plaintiffs (consisting of all PSLCs) shall serve a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to the United States.

(f)     The defendants (consisting of all defendant party categories, except the United States) shall serve a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts)directed to the United States.

(g)     The United States shall serve (1) a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to the plaintiffs (consisting of all PSLC's), and (2) a single master set of interrogatories (limited to a total of 50, including sub-parts), a single master set of requests for document production (limited to a total of 100, including sub-parts), and a single master set of requests for admissions (limited to a total of 50, including sub-parts) directed to the defendants (through Liaison Counsel).

(h)     Written responses to all common liability issues interrogatories, requests for production and requests for admissions must be provided no later than **June 14, 2007**. No extensions of this deadline will be permitted, except on motion and order for good cause shown.

(i)     Actual production, inspection, and related Rule 34 activities in response to requests for production must be scheduled and coordinated by counsel in a mutually convenient fashion and in accordance with the special document and evidence repository and other guidelines established herein.  Documents that have been made available by any party as part of the disclosure provisions herein or by the United States on the IPET website, https://ipet.wes.army.mil, need not be reproduced in response to any subsequent or duplicative production request.  Large-scale document production in response to particular requests may be accomplished on a rolling basis but must be made in a timely fashion, supplemented no less frequently than the **20th day of each month**.  All document production must be completed no later than **February 29, 2008**.

(2)     Additional Written Discovery Among Parties

The parties will confer concerning, and attempt in good faith to agree upon, any additional or supplemental written discovery requests not described above.  In the absence of written agreement of Liaison Counsel for both sides and counsel for the United States (involving written discovery to or from the United States) or order of the Court, no further written discovery may be propounded by any party to any other party without prior order of the Court issued after motion, noticed for hearing before Magistrate Judge Wilkinson, establishing good cause.  Any such motion for leave must attach as exhibits the proposed written discovery requests.

(3)     Production Subpoenas to Non-Parties

No later than **August 31, 2007**, any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to Fed.R.Civ.P. 45, but shall notice testimonial depositions of non-parties in accordance with the other provisions of this order.  A copy of any subpoena issued shall be filed into the record contemporaneously with

service of the subpoena. Thereafter, <u>no</u> Rule 45 subpoena duces tecum may be issued to a non-party without <u>prior</u> order of the Court issued after motion, noticed for hearing before Magistrate Judge Wilkinson, establishing good cause.

**(C)**     **SPECIAL RULES CONCERNING DOCUMENTS AND EXHIBITS**

   (1)     <u>Respository Set Up</u>

      (a)     Except for documents and other evidentiary materials in the exclusive possession, custody or control of the United States (which will be maintained separately as provided herein), a joint electronic repository to contain a copy of all documents produced during discovery shall be maintained through a third-party vendor to be selected by agreement of the parties.  The cost of the joint electronic repository shall be borne 50% by plaintiffs and 50% by the defendants.  Parties dismissed from these consolidated proceedings or from whom discovery is stayed shall have no further obligation to pay joint repository costs from the date of the dismissal or the stay by the District Court unless they desire access to the repository, in which case they will be required to pay their share of the costs.  All of the details regarding the joint control of the repository contemplated by this Order will be negotiated and agreed to by the Plaintiffs' Master Discovery Coordinating Committee and Master Defendants' Committees, failing which by further order of the Court.

      (b)     In addition to depositing a copy of the electronic documents in the joint repository, counsel shall file into the record notice of their production to the repository identifying the Bates ranges of the images deposited.

      (c)     The repository shall be governed by the provisions of the Confidentiality order as described below.

(d)    Nothing herein shall bar any PSLC from establishing an electronic document repository containing all documents contained in the document repository, subject to the terms of the conditions of confidentiality orders.

(2)    <u>Respository of the United States Materials</u>

The Court has previously ordered that various materials, whether or not they are currently on IPET's website, which have been or will be (a) collected, retained or stored by IPET, the United States or any of its agencies and contractors pursuant to the various evidence preservation protocols submitted to the Court in connection with these proceedings, and (b) generated in the anticipation and planning of all repair, materials collection activities and investigations concerning breach sites that are the subject matter of this litigation be retained in a safe and orderly manner by the United States indefinitely and cannot be destroyed or disposed of in any way without further order of the Court.  Record Doc. No. 286.  The United States is hereby required to (1) establish one or more evidence repositories consisting of all such materials that are <u>not</u> privileged, and (2) prepare a log as contemplated by Rule 26(b)(5) as to all such materials which the United States contends are privileged. No later than **May 1, 2007**, counsel for the United States must meet with Liaison Counsel or their designees to formulate and submit to Magistrate Judge Wilkinson a plan for making such materials available for inspection by counsel and their experts for use in these proceedings.

(3)    <u>Rules Regarding Document Production</u>

(a)    Numbering and Indexing

The plaintiffs' Master Discovery Coordinating Committee and the defendants shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation.  The parties will solicit proposals

31

from third party vendors relative to numbering, scanning and indexing the documents produced in this matter. Each producing party will give each page of its produced documents a unique number, using a numbering system that identifies the producing party (using a letter or series of letters as a prefix). The parties should make all reasonable efforts to produce documents in an electronic format.

        (b)     Documents Produced by Non-Parties

In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of this order.

        (c)     Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

        (d)     Authentication

Documents produced by any party or former party, whether as part of the initial disclosure, in response to formal document requests, or by agreement, shall by reason of such production be presumed to be authentic documents under Fed. R. Evid. 901. Such presumption may be rebutted, but the party challenging the presumption shall bear the burden of establishing that the document is not authentic.

        (e)     Inadvertent Production of Documents

A party that inadvertently produces a document that it maintains is privileged shall, upon becoming aware of the inadvertent production, immediately file a notice into the

record identifying the document by its specific identifying characteristic, such as by Bates number.  Any party that received the privileged document inadvertently produced is to immediately destroy the document received and all copies thereof, unless it received the original, in which case it shall return the original to the producing party.  No use whatsoever may be made of an inadvertently produced privileged image or information contained therein until such time as the producing party withdraws the claim of privilege or the Court determines on motion, that the document is not privileged.  Any party seeking to contest the assertion of privilege as to inadvertently produced documents must request in camera review of the document(s) in question by filing a motion that does not disclose the content of the document(s) over which the producing party has asserted privilege.

(f)     Filing Discovery Requests and Responses

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or if the request and response is the subject of a motion, in which case the request and response must be filed as an attachment to the motion.

(g)     Preservation

Parties shall preserve evidence in accordance with the applicable law and any orders of the Court.

(h)     Later Filed Cases

This order shall also apply to related cases later filed in, removed to, or transferred to this Court, and if the Court hereafter permits any new party to be added to these proceedings, the party who sought the addition of the new party shall contemporaneously transmit to the new party a copy of this order and all prior case management orders.

(i)      Confidentiality

No later than **May 1, 2007**, Liaison Counsel are directed to work together to propose to the court an individual or joint protective order to safeguard, as appropriate, confidential, proprietary, trade secret or private information that may be produced during discovery.  Any proposed protective order must comply with the provisions of the Court's general order dated July 26, 2006 concerning filing materials under seal.  If the parties are unable to agree, they shall file separate motions and proposed orders  by that date, and notice such motions for hearing before Magistrate Judge Wilkinson. Nothing herein shall affect the Stipulation and Protective Order entered by the Court between Washington Group International, Inc. and plaintiffs in this case on **September 5, 2006**.

**(D)**      **COMMON LIABILITY ISSUES FACT DEPOSITIONS**

(1)      The requirement of Fed. R. Civ. P. 30(a)(2)(A) that leave of Court be obtained prior to taking more than ten (10) depositions is eliminated, except in those cases in the Insurance umbrella brought by individual insureds asserting individual claims that are <u>not</u> putative class actions. The Court will impose presumptive limits on the number of fact depositions that may be noticed without leave of Court in a subsequent order as provided herein.

(2)      Absent written agreement of the Liaison Counsel and any party to be deposed or an order of the Court based on motion for good cause shown or as provided elsewhere in this order, no fact deposition may be noticed before **July 23, 2007**.  This provision does not apply to individual, non-Rule 30(b)(6), case specific discovery in non-putative class actions brought by individual insureds within the Insurance umbrella.

(3)     Absent written agreement of the Liaison Counsel or order of the Court based on motion for good cause shown, the plaintiffs' Master Discovery Coordinating Committee and the defendants as a group will be allowed a single seven-hour long Rule 30(b)(6)[7] deposition of each entity defendant and of each non-party corporation, partnership, limited liability company, or other organization. No further Rule 30(b)(6) depositions of a defendant or of a non-party shall be allowed absent written agreement of the Liaison Counsel <u>and</u> the deponent or order of the Court.

(4)     A copy of any deposition notice issued shall be filed into the record of this proceeding.

(5)     Liaison Counsel and/or their designees are directed to meet and confer as soon as practicable with respect to scheduling, coordinating and minimizing duplicative fact depositions and must propose appropriate procedures and/or deposition scheduling orders to the Court, as necessary.

(6)     No later than **July 23, 2007**, Liaison Counsel must provide to Magistrate Judge Wilkinson a written report concerning the scheduling of fact depositions.  The report of Liaison Counsel must also propose limits on the number of fact witness depositions that may be conducted without prior leave of Court for each case category, with an explanation supporting each proposed limit. Thereafter, the Court may require supplemental reports concerning the scheduling and number of fact depositions and impose numerical limits, as appropriate.

(7)     All fact witness depositions concerning common liability issues must be completed no later than **May 16, 2008**.

---

[7]Rule 30(b)(5) depositions of parties will <u>not</u> be permitted. Requests for production must be made pursuant to Rule 34 and the special rules for document requests provided in this order.

**(E)** **COMMON LIABILITY ISSUES EXPERTS**

    (1)    <u>Limits</u>

By subsequent order, the Court will impose limits on the number of expert witnesses whose testimony may be offered at common liability issues trials or in connection with motions concerning common liability issues. These limits will be imposed after the Court receives the following disclosures from all parties, through Liaison Counsel or their designees.

    (a)    No later than **September 17, 2007**, plaintiffs, through Liaison Counsel or his designee, must file a single list of all expert witnesses who may be used at trial or in connection with motions concerning common liability issues to present evidence under Fed. R. Evid. 702, 703 or 705.

    (b)    No later than **October 17, 2007**, defendants, through Liaison Counsel or his designee, must file a single list of all expert witnesses who may be used at trial or in connection with motions concerning common liability issues to present evidence under Fed. R. Evid. 702, 703 or 705.

    (c)    For each such expert witness, the foregoing lists must provide the full name, business address, employment affiliation with any entity, field of proffered expertise, and a <u>brief</u> description of the general subject matter about which the witness will testify (e.g. soil conditions at the 17th Street Canal breach site). The list must also designate the case category or categories (Levee, MRGO, Insurance) in which the witness will testify and whether <u>all</u> plaintiffs or defendants join in the designation or the witness is proposed for use by any particular PSLC, defendant(s) or defendants' litigation committee.

(d)     As to only those fields of expertise included on defendants' list that plaintiffs have <u>not</u> previously identified any expert, plaintiffs may supplement their list in that field(s) of expertise only, no later than **October 31, 2007**.

(e)     As to <u>all</u> experts identified in the foregoing lists, a brief resume or curriculum vitae for the expert must accompany the list.

(f)     Counsel are directed to avoid duplicating experts in the same fields of expertise.  After review of these disclosures, the Court, in consultation with Liaison Counsel, will impose limits on the number of experts who may be used.

(2)     All reports of expert witnesses concerning common liability issues must comply fully with the requirements of Fed. R. Civ. P. 26(a)(2)(B).  Drafts of expert reports shall not be discoverable or admissible for any purpose including impeachment.

(3)     Plaintiffs' deadline to produce expert reports is **May 30, 2008**.

(4)     Defendants' deadline to produce expert reports is **June 30, 2008**.

(5)     The depositions of plaintiffs' experts shall be completed no later than **August 18, 2008**.

(6)     The depositions of defendants' experts shall be completed no later than **September 19, 2008**.

**(F)     <u>SPECIAL PROVISIONS REGARDING ALL DEPOSITIONS</u>**

(1)     <u>Cooperation</u>:  Counsel are expected to cooperate with, and be courteous to, each other and deponents.

(2)     <u>Videotape Appearances</u>.  Attendance at depositions is governed by Fed. R. Civ. P. 30(c) and <u>In re Terra, Inc.</u>, 134 F.3d 302 (5th Cir. 1998). Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

(3)    <u>Examination</u>.  For each deposition, Defendants Liaison Counsel shall designate one but no more than three attorneys as lead interrogators on behalf of the group, each with equal interrogation time to conduct the principal examination concerning issues common to that side and examination by other counsel shall be limited to matters not previously covered. For each deposition, Plaintiffs Liaison Counsel shall, after consultation with the Master Discovery Coordinating Committee, designate one but no more than three attorneys as lead interrogators on behalf of the group, each with equal interrogation time to conduct the principal examination concerning issues common to that side and examination by other counsel shall be limited to matters not previously covered.  The attorney appointed as lead interrogator by Liaison Counsel shall accept and endeavor to comply with written requests from counsel on his or her side asking that specific questions be posed on their behalf at depositions.  The lead interrogator shall also be responsible for determining whether any other parties present at the deposition may conduct any examination and, if so, for allocating the deposition time appropriately.  The Court will not allow additional examination time for a witness where counsel failed to coordinate in advance.  Unless further agreed in writing by the parties or established by order of the Court, deposition time shall be divided equally between plaintiffs and defendants regardless of which side notices the deposition.

(4)    <u>Objections</u>.  Fed. R. Civ. P. 30(c) and (d)(1) apply.  Absent written or oral agreement on the record by the parties to the contrary, the only objections that should be raised at the deposition are those involving a privilege against disclosure or some matter that may be remedied if presented at the time, such as to the form of the question or the responsiveness of the answer.  Objection on other grounds is unnecessary and should generally be avoided.  All objections should be concise and must not suggest answers or otherwise coach the deponent.  Argumentative interruptions will not be permitted.

(5)    <u>Directions Not to Answer</u>.  Directions to the deponent not to answer are improper and prohibited, except for the three grounds permitted by Fed. R. Civ. P. 30(d)(1). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, other persons to whom the contents of the statement has been disclosed, and the general subject matter of the communication.

(6)    <u>Telephone Depositions</u>.  Attendance at depositions by telephone is permitted, except that counsel designated as lead interrogators and counsel designated to defend the deponent must attend in person.  Any party who wishes to participate by telephone shall provide three business days notice to the party that noticed the deposition.  The party that noticed the deposition is responsible to ensure that telephone participation is available.

(7)    <u>Disputes During Depositions</u>.  Disputes arising during depositions that cannot be resolved by agreement and that if not immediately resolved will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to Magistrate Judge Wilkinson by telephone.  In the first instance, the parties are directed to negotiate such disputes in good faith.  In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the Court shall arrange such a telephone conference call with the Magistrate's Judge's office at the Court's earliest convenience.  Facilities shall be provided so that counsel attending the deposition and the reporter can hear the proceedings.  The deposition reporters shall make a transcript of the conference call proceedings, which will be transcribed immediately and bound separately. During such proceedings, counsel may have the opportunity to argue to the Court, in the Court's discretion. The Court will, whenever

possible, resolve the dispute during the conference call proceedings, but may order the filing of motions and briefing, if appropriate.

(a)     In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

(b)     None of the provisions in this paragraph shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.  The provisions of Fed. R. Civ. P. 30(d)(3) and (4) concerning the award of fees and expenses in connection with any such action apply.

(c)     Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

(8)     <u>Stipulations</u>.  Unless otherwise agreed in writing among the parties or stated on the record at a particular deposition, the following stipulations shall apply to all depositions in this action:

(a)     An objection by a single defendant shall be deemed an objection by all defendants unless otherwise noted; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise noted;

(b)     <u>All</u> objections and <u>all</u> motions to strike are reserved until trial, unless the basis for the objection is privilege or one which might have been obviated or removed if presented at the time of the deposition.  Corrections to a deposition shall be listed on an errata sheet, which the deponent shall submit to the court reporter within thirty (30) days of the court reporter's transmittal of the transcript.  The court reporter shall serve copies of the errata sheet on all parties purchasing the transcript;

(c)    To the extent practical, exhibits shall be attached to the original transcript, but where the form or bulk of an exhibit makes attachment impractical, the custody of such exhibit shall be deposited into the repository and shall additionally be maintained by the party who attached the exhibit or as otherwise agreed by the parties participating in the deposition.

(9)    <u>Early Depositions</u>.  By written agreement of Liaison Counsel or order of the Court, if the parties become aware of persons who possess relevant information but who by reason of age, ill health or otherwise may become unavailable for deposition, the deposition may be taken as soon as practicable.

(10)    <u>Postponements</u>.  Once a deposition has been scheduled, it shall not be taken off the calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon written agreement by Liaison Counsel or by leave of Court for good cause shown.

(11)    <u>Numbering of Deposition Exhibits</u>.  Each document referred to at deposition shall be referred to by its production number (alpha-numeric) in addition to exhibit numbers except in the case of documents which have not yet received production numbering at the time of the deposition.  Once an exhibit has been numbered, it shall retain that number throughout the case. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.  The noticing party is responsible for verifying that the court reporter has deposited scanned exhibits into the repository.

(12)    <u>Private Consultations</u>

Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege

should be asserted.  Unless prohibited by the Court for good cause shown, such conferences may be held during normal recesses and adjournments.

(13)   <u>Location</u>

Except as otherwise agreed in writing by Liaison Counsel (and counsel for the deponent) or ordered by the Court, all depositions of fact witnesses who are current or former officers, directors or employees of a party defendant shall be conducted in the city and state where such individual resides.  The location of non-party depositions will be determined by written agreement of the counsel who notices the deposition and the witness or his/her counsel, but if no agreement can be reached, the deposition must be taken at a location convenient to the witness.

(14)   <u>Deposition Day</u>.  A deposition day shall commence at 8:30 a.m. and terminate no later than 5:30 p.m. local time.  Unless otherwise agreed to in writing or orally on the record by counsel, the deposition day will include a one-hour and 15-minute lunch break, one 15-minute break during the morning session, and two 15-minute breaks during the afternoon session.  Breaks shall not be counted against the seven-hour time limit.  Absent agreement in writing or orally on the record of Liaison Counsel or order of the Court, no depositions will be scheduled on a Saturday, Sunday or legal holidays.  Modest variations in this schedule may be made by written agreement of counsel who noticed the deposition and counsel for the witness, but may not be unilaterally changed without approval of the Court.

(15)   <u>Stenographic Recording</u>.  A certified court reporter shall stenographically record all deposition proceedings and testimony.  The court reporter shall administer the oath or affirmation to the deponent.  A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

42

(16)   <u>Videotaping</u>**.** The provisions of this order regarding examination of deponents apply to videotaped depositions.  Any deposition may be videotaped at the request of any party pursuant to Fed. R. Civ. P. 30(b)(4) and the following terms and conditions:

(17)   <u>Simultaneous Stenographic Recording</u>.  All videotaped depositions shall be simultaneously stenographically recorded.

(18)   <u>Cost of the Deposition.</u>  The party requesting videotaping of the deposition shall bear the expense of videotaping.

(19)   <u>Videotape Operator</u>.  The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(20)   <u>Interruptions</u>.  No attorney shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.  The video operator shall record on camera the time of suspension and any subsequent reconvening during the deposition.

(21)   <u>Videotape Appearances</u>. Where a deposition is videotaped, each witness, attorney, and other person attending the deposition shall identify themselves audibly on the tape at the commencement of the deposition.  Only the deponent (and demonstrative materials used during the deposition) will be videotaped.

(22)   <u>Standards</u>.  The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition

will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials sued during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or counsel during the deposition will not be permitted.

(23)    <u>Index</u>. The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

(24)    <u>Filing</u>. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video tape recording in the same manner as a stenographic court reporter, and file a true copy of the video tape, the transcript, and certificate with Liaison Counsel for whomever notice the deposition.

(25)    <u>Use</u>. Depositions may, under the conditions prescribed in Fed.R.Civ.P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) --

        (a)    who was present or represented at the deposition,

        (b)    who had reasonable notice thereof, or

(c)     who, within thirty (30) days after the filing of the deposition (or, if later, within sixty (60) days after becoming a party in this Court in any action which is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

(26)     Deponents with professional licenses, including corporate representatives, will not be asked questions regarding new calculations not presented in an expert report, including the contemporaneous development of calculations at the deposition, unless the party seeking inquire about calculations shall have provided to counsel representing the deponent, at least seven (7) days before the deposition, the nature, substance, and all predicates and factors associated with the new calculations that will be addressed in the deposition.

## V.     MOTIONS

## (A)     MOTION PRACTICE TO BE CONTROLLED THROUGH LIAISON COUNSEL

The Court shall continue to control the flow of motions in this matter to insure  that matters are addressed in an orderly fashion.  To that end, NO MOTION SHALL BE FILED IN ANY OF THE CONSOLIDATED CASES WITHOUT SUCH MOTION HAVING BEEN REVIEWED BY LIAISON COUNSEL.  Liaison Counsel shall then confer with the Court as to the proper time for noticing such motion and shall act in conjunction with the Court to schedule motions in an orderly fashion to reduce unnecessarily duplication.

## (B)     RULE 56 MOTIONS – PRIOR APPROVAL

Prior to filing a motion for summary judgment, including a motion for partial summary judgment, counsel shall schedule and appear for a status conference before this Court at which time the motion will be discussed by all parties.  Counsel for any party may

participate by telephone if the Court is furnished with a telephone number at least two working days prior to the conference.

**(C)**      **GENERAL PROCEDURES**

(1)      All motions must be submitted in conformity with the Local Rules of this Court and the applicable Federal Rule of Civil Procedure. Oral argument requests are governed by Local Rule 78.1E, and dates for any oral argument of motions granted by the Court will be scheduled by the judge who will hear such motion.

(2)      All contested pretrial motions concerning discovery must be noticed for hearing before Magistrate Judge Wilkinson.

(3)      All pretrial motions concerning common liability issues, including motions in limine regarding the admissibility of expert testimony (<u>Daubert</u>) and all other motions in limine, must be filed no later than **October 16, 2008**, and noticed for hearing pursuant to this order on **January 15, 2009.**

(4)      Written opposition to any motions filed on or within fourteen (14) days of the foregoing deadline must be filed no later than **November 17, 2008**.

(5)      Reply memoranda shall be filed no later than **December 15, 2008**.

(6)      After the filing of these substantive common liability issue motions, the Court in conjunction with Liaison Counsel shall confer **on January 8, 2008 at 1:30 p.m.** concerning the scheduling of Oral Argument thereon and will be reset for Oral Argument as is seen necessary.

(7)      Any motions filed for hearing in violation of this order or the applicable Local Rules shall be deemed waived unless good cause has been shown.

## VI.   PRETRIAL CONFERENCES FOR COMMON LIABILITY ISSUES TRIALS

(A)    No later than **March 16, 2009,** Liaison Counsel shall jointly submit three separate proposed pre-trial orders concerning the feasibility and possible conduct of three separate common liability issues trials (one for each of the three case categories).  The pretrial orders must be drafted and counsel must be prepared, to the extent possible, in accordance with the Court's standard Final Pretrial Notice attached. The proposed pretrial orders submitted to the Court must be double-spaced and signed by Liaison Counsel <u>and</u> his designee for the particular case category.

(B)    Three (3) separate pretrial conferences concerning the feasibility and possible conduct of three separate common liability issues trial will be conducted before the Court on **March 26 and 27, 2009**. The MRGO pretrial conference will commence at **9:00 a.m on Thursday, March 26, 2009**.  The Levee pretrial conference will commence at **2:00 p.m. on Thursday, March 26, 2009**.  The Insurance pretrial conference will commence at **10:00 a.m. on Friday, March 27, 2009**.  Thereafter, based upon the submissions of counsel, the Court will determine the feasibility, if any, and scope of common liability issues trials, and enter final pre-trial and scheduling orders, if appropriate.

## VII.   BIFURCATION OF INDIVIDUAL INSURANCE CLAIM CASES

The Court recognizes that dozens of individual insureds asserting individual claims involving individual adjusting and coverage issues, without putative class allegations, have been filed in this Court and consolidated in this matter in the Insurance category of cases. The Court recognizes that resolution of the issues of class certification and common liability issues may impact the timing of final resolution of such individual claims and that many such individual claims will not be fully resolved or addressed in common liability proceedings. While far from making any preliminary determination on the class action superiority issue,

the Court recognizes the benefit of implementing a procedure that permits the resolution of the individual issues to go forward while the common issues proceed. The Court finds that, as resolution of common liability issues proceeds pursuant to this order, discovery and trial preparation of individual issues, including liability and damages, that will not be resolved under the remainder of this order should not be delayed. The Court further finds that bifurcation of these individual issues will expedite the overall resolution of the action, without disrupting the orderly disposition of these consolidated cases, and that such bifurcation is otherwise in the interest of judicial and party economy. Accordingly,

In all non-class action cases in the Insurance category, the Court will enter an order, upon motion of any party submitted to Judge Duval, bifurcating the trial of those individual claims, including but not limited to individualized adjusting issues; bad faith claims handling; total amount of damages from wind, including water damage from wind; total amount of damage from water; and whether there is total loss.

Upon an order bifurcating any case for individual claims scheduling and trial, the Court will refer the matter for scheduling of a preliminary conference for the individual case, to be conducted initially by Magistrate Judge Wilkinson, and enter additional orders to address specific pretrial and discovery matters to facilitate the trial of the bifurcated issues and/or settlement of such individual cases as a whole, where possible, within nine (9) months of entry of an individual insurance case scheduling order.

The Court also recognizes that in the Insurance umbrella certain fact discovery relating to individual issues may be common to all insureds of a particular insurance company. The nature and type of those discovery requests that <u>may</u> be the same for each insurance company include but are not limited to the cost basis of goods and services utilized in the adjusting process to determine what amount would be paid for repair (pricing systems

and cost databases); the methodology for differentiating water damage from wind damage, and covered water damage from damage relating to levee or MRGO breaches; the timing of water damage from wind versus the timing of water damage from levee or MRGO breaches; the determination of whether there is a concurrent cause, and if so,  the effect thereof; and the claims handling procedure of a particular company in general.

It is the intent of the Court to limit discovery of such general adjusting issues to one Rule 30(b)(6) deposition and one master set of written discovery (interrogatories, requests for production, requests for admissions) per insurer.  Liaison Counsel or their designees are hereby **ORDERED** to confer and submit to the Court no later than **March 30, 2007**, a proposal concerning such common discovery in the individual insurance cases.

## VIII.  <u>DEFERRED MATTERS</u>

In their submissions concerning the contents of this case management order, counsel submitted competing proposals concerning costs assessments, expedited trial preparation and trial of the MRGO case filed by individual plaintiffs, <u>Robinson v. United States</u>, C.A. No. 06-2268, and identification of FTCA claimants and the status of their administrative claims. The Court makes no particular provision for these matters in this order, but the parties may file and notice for hearing motions concerning these matters, which may also be the subject of separate orders to be entered by the Court.

## IX.  <u>COORDINATION BETWEEN OTHER FEDERAL AND STATE COURTS HANDLING SIMILAR RELATED CLAIMS</u>

The Court is aware that there are many cases pending in the Eastern District of Louisiana and in other state and federal district courts that include discovery issues pertaining to the levee and MRGO breaches and insurance issues identical to those addressed in this document.  This Court and the parties shall explore ways to minimize duplicative or repetitive discovery or proceedings in multiple forums.

## X.    RELIEF

The Court may from time to time conduct status hearings or conferences to review the operation of this case management order and may amend it sua sponte, if appropriate. Otherwise, this is an order pursuant to Fed. R. Civ. P. 16.  Deadlines, cut-off dates, or other limits fixed herein may only be extended or modified by the Court upon timely motion filed in compliance with the Local Rules of this Court and based upon a showing of good cause. Fed. R. Civ. P. 16(b).  Any such motions must be directed to and noticed for hearing in the first instance before Judge Duval, who may refer such motions to Magistrate Judge Wilkinson, if appropriate.

## XI.    EFFECT OF STAY ENTERED FEBRUARY 28, 2007

As the Court was about to sign this Case Management Order, it received a facsimile transmission of an order entered in the appeals of the Insurance Coverage cases as constituted on the Court of Appeals' Docket No. 07-30119.  The order granted the stays requested by various insurers.  There is no explication of the precise extent of the stay, and this Court is not certain as to what effect, if any, it has on this Case Management Order.  Counsel for the Insurers who sought the stay, together with Defendants' Liaison Counsel Ralph Hubbard, shall meet with Plaintiffs' Liaison Counsel, and any member of the Insurance PSLC designated by Plaintiffs' Liaison Counsel to discuss what effect the stay has on this Case Management Order.  To the extent there is agreement, the parties shall make a joint submission to the Court as to the areas of agreement by **March 9, 2007.**  Additionally, if there are areas of disagreement, each side shall submit a position paper on the areas of disagreement by **March 9, 2007.**  Thereafter, if disagreements occur in the discovery process

50

set forth in the Case Management Order which specifically relate to the stay, a motion shall be brought before Magistrate Judge Wilkinson for clarification and determination.

New Orleans, Louisiana, this __1st__ day of March, 2007.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

51