# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **IN RE:** | **KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| | **CONSOLIDATED LITIGATION** | * | |
| | | * | **NO. 05-4182** |
| | | * | |
| **PERTAINS TO:** | | * | **SECTION "K" (2)** |

**PERTAINS TO:**
05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289

**PERTAINS TO: LEVEE**

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
## MEMORANDUM IN OPPOSITION TO
## MOTION TO COMPEL CLASS CERTIFICATION DISCOVERY

MAY IT PLEASE THE COURT:

On May 31, 2007 plaintiffs filed a Motion to Compel Class Certification Discovery Responses from St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul").   Plaintiffs' contend that St. Paul did not adequately respond to certain discovery requests, specifically Interrogatories Nos. 1, 2, 5, 7, 12 and 13.  St. Paul submits that Plaintiffs failed to conduct a proper rule 37.1 conference regarding the aforementioned discovery requests, failed to respond to St. Paul's inquiries regarding its submission of proposed supplemental discovery responses, and seek information St. Paul has already provided or information which Plaintiffs are not entitled to, as discussed in more detail below.

**I.      Failure to Conduct Proper Discovery Conference under Rule 37.1**

On  Thursday, May 17, 2007 counsel for St. Paul received correspondence from

plaintiffs' counsel unilaterally setting a Rule 27 discovery conference at her offices on

the following Monday, May 21, 2007.  (Ex. A).  The correspondence failed to outline

which discovery responses by St. Paul were at issue (i.e. whether it was the MRGO or

LEVEE class certification discovery) and further set the conference at two different times

on the same day.  Counsel for St. Paul responded to the correspondence seeking

clarification of the discovery in dispute and a rescheduling of the discovery conference.

(Ex. B).  Upon receipt of a voice-mail from plaintiffs' counsel which left unclear whether

the above correspondence was received, counsel for St. Paul re-sent the correspondence

and again expressed its willingness to attempt to work through the discovery issues upon

clarification of which discovery was at issue.  (Ex. C).

On May 24, 2007, counsel for St. Paul discussed its discovery responses with

plaintiffs' counsel and forwarded to counsel a draft of supplemental responses to the

discovery on the same day based upon this discussion.  (Ex. D and Ex. E).  St. Paul did

not receive a response from plaintiff counsel regarding its attempt to supplement the

discovery responses.

On June 1, 2007, St. Paul received notice of filing of the instant Motion to

Compel, and contacted plaintiff's liaison counsel, Joseph Bruno, regarding the

sufficiency of the proposed supplemental responses by St. Paul.  (Ex. F).  Despite a

request by liaison counsel that plaintiffs' counsel respond regarding whether or not the

supplemental responses proposed by St. Paul resolved the discovery dispute, no response

has been received to date.  (Ex. G).  Accordingly, St. Paul asserts that plaintiffs have not

"in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure information without court order," pursuant to Rule 37.1.

## II.    St. Paul's Responses to Interrogatories

### A.    Interrogatory No. 1

Plaintiffs' first Interrogatory requests that for each of the 49 Requests for Admission propounded, that St. Paul provide a list of all persons contacted in formulating the response, a description of the information provided in formulating the response, and an explanation of the basis for denial or qualification of the response.  As an initial matter, most of the 49 Requests for Admission propounded by the plaintiffs are clearly not directed at St. Paul.  As this Court is aware, St. Paul is named as a defendant in the above captioned matter solely in its capacity as the insurer of the Orleans Levee District. Accordingly, St. Paul is not in a position to answer most of the requests.

However, as St. Paul's response to Interrogatory No. 1 indicated, St. Paul responded in detail to each Request for Admission with explanation, denial or objection to each of the 49 Requests for Admission, whether they appeared directed at St. Paul or not.   It is overly burdensome and duplicative to require St. Paul to re-iterate each of its Responses to Requests for Admission in response to Interrogatory No.1.  Further, in the Motion to Compel, plaintiffs complain that St. Paul objects on the basis of privilege. This is an incomplete summary of St. Paul's response, which incorporated its responses to all 49 Requests for Admissions by reference.

Further, in the draft supplemental discovery forwarded to plaintiffs' counsel, to which undersigned never received a response, St. Paul provided further information,

including those persons consulted with respect to St. Paul's Responses to Requests for

Admission.  The proposed supplemental response states:

> Counsel responded to most, if not all, of the requests for admission based upon information known to counsel, which knowledge was confirmed and/or supplemented with information obtained from Ms. Darnelle Phillips, Senior Counsel with St. Paul.  Ms. Phillips confirmed the lack of St. Paul's knowledge as to the accuracy of the requests.  As for the basis for St. Paul's denials, St. Paul responds that the basis for the denial for each particular request for admission is stated within St. Paul's response to that request for admission.  As reflected by those responses, nearly all of the requests for admission call for the admission of certain facts or legal conclusions that can only be answered after certain information about the purported class members and their alleged damages and claims – information that is unquestionably outside St. Paul's scope of knowledge at this point in the litigation – is obtained through discovery. A few of those requests for admission do not appear to be directed to St. Paul at all, as they seek confirmation of facts that are in the possession of other parties (such as whether the Corps or U.S.A. has paid any claim submitted by any class representative [Req. No. 3, 23]).

Accordingly, St. Paul contends that it has adequately responded to Interrogatory No. 1 by

providing the person(s) contacted in responding to Requests for Admission 1-49 and an

adequate explanation of each Response to the Requests for Admission.  Plaintiffs provide

no legal support for their contention that the St. Paul's Answer to Interrogatory No. 1 is

in any way legally deficient.

Indeed, St. Paul's response to Interrogatory No. 1 goes far beyond that which is

required by way of explanation as to a denial of a Request for Admission.  As discussed

by Magistrate Wilkinson in *Camp v. Progressive Corp.*, 2003 WL 21939778 (E.D.La.

2003), requests for admissions are not principally discovery devices.  Magistrate

Wilkinson further noted that "[w]hen responding to requests for admissions, explanation

generally is unnecessary."  See *Camp, supra, citing* 8A Charles Alan Wright, Arthur R.

Miller & Richard L. Marcus, [ *Federal Practice and Procedure* ] § 2252, at 524-525 [2d

ed. 1994] ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36 .") (footnotes omitted); *The Jules Fribourg,* 19 F.R.D. at 436; see 7 *Moore's Federal Practices* § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.")

Accordingly, St. Paul has complied with the letter of the law in responding to Plaintiffs' burdensome and overly broad Requests for Admission.  No further explanation than that already provided by St. Paul in its initial Responses to Requests for Admission is warranted by the Rules of Civil Procedure, regardless of whether or not the plaintiffs' have couched the request in the form of an Interrogatory.  Further, St. Paul has indicated that it is willing to provide the additional information stated in its draft supplemental responses.  Plaintiff's Motion to Compel with respect to Interrogatory No. 1 should therefore be denied.

### B.      Interrogatory No. 2

In Interrogatory No. 2, plaintiffs asked, "If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (I) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.  If you agree that the numerosity requirement is satisfied, please say so."  St. Paul initially objected to this Interrogatory on the basis that

it calls for a legal conclusion.  The issue of whether or not the numerosity requirement for the class has been met is one which must be made by the Court at the class certification hearing.  Nonetheless, in the spirit of cooperation, St. Paul forwarded the following supplemental response to counsel in its draft supplemental responses:

> Reserving all objections and defenses to the motion for class certification save for the single element of numerosity under FRCP Rule 23(a)(1), St. Paul states that it will not contest the "numerosity" element with respect to the proposed class and sub-classes.

Counsel for plaintiffs never responded regarding whether or not this supplemental response satisfied their concerns regarding Interrogatory No. 2.

St. Paul believes its initial response is adequate and plaintiffs have provided no persuasive argument that St. Paul's initial response to same is deficient in anyway. Further, St. Paul has expressed its willingness to supplement its response as stated above. Accordingly, plaintiffs' Motion to Compel with Respect to Interrogatory No. 2 should be denied in light of the proposed supplemental response quoted above.

**C.  Interrogatory No. 5**

Interrogatory No. 5 asks, "Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representatives' claim against you.  If the answer is "none known at this time" please say so.

This Interrogatory presents a host of problems.  As an initial matter, it is grammatically incorrect and confusing.  Moreover, as stated in St. Paul's initial objections to the Interrogatory, it improperly seeks a legal conclusion regarding possible

defenses to claims  which may or may not come to light through discovery.  Further, the

Interrogatory appears to request that St. Paul assert all its defenses against non-

representative class members who have yet to be, and may never be, identified.  As St.

Paul has no way of knowing at this stage what claims each non-representative class

member may or may not have, it cannot further speculate as to what defenses it may

assert with respect to these speculative claims.  Further, the Interrogatory seeks

information based on documents which had not yet been provided to St. Paul.  St. Paul

has never been in possession of all of the proposed class member's claim forms.  Indeed,

to date, St. Paul is only in possession of the representative class member's claim forms.

Despite the above stated problems with the Interrogatory, St. Paul, in good faith,

attempted to respond by incorporating by reference all affirmative defenses asserted in its

Answer to the LEVEE Master Complaint.  Moreover, in an attempt to avoid a Motion to

Compel, St. Paul further proposed the following supplementation to its responses:

> St. Paul received certain plaintiffs' claims forms late last week and has not
> yet analyzed them.  Moreover, no discovery has been conducted on this
> issue to date.  Consequently, St. Paul has not yet analyzed this issue.
> Subject to these limitations and the objections in its initial response, St.
> Paul responds: none known at this time.

St. Paul never received a response from plaintiffs' counsel regarding the adequacy

of this supplemental response.  St. Paul contends that it properly raised all

affirmative defenses in its Answer to the LEVEE Master Complaint and has more

than adequately responded to this vague and speculative Interrogatory.

### D.       Interrogatory No. 7.

Interrogatory No. 7 also asks St. Paul to make premature legal conclusions based

on incomplete information.   Interrogatory No. 7 seeks identification of all questions of

law or fact affecting individual members of the class which would not also affect class

representatives and whether and in what way individual questions predominate over

questions that are common to the class members.   The issue of predominance is one for

the Court to determine, and St. Paul should not be forced to make a legal conclusion or

assert all objections to class certification in its discovery responses.  Further, St. Paul

does not know the details of every non-representative class member's claim and cannot

therefore analyze whether the claims presented therein are different from those of the

representative class members.

        Additionally, St. Paul provided plaintiffs with a proposed supplemental response

to Interrogatory No. 7 which states:

> St. Paul received certain plaintiffs' claims forms late last week and has not
> yet analyzed them.  Moreover, no discovery has been conducted on this
> issue to date.  Consequently, St. Paul has not yet analyzed this issue.
> Subject to these limitations and the objections in its initial response, St.
> Paul responds: none identified at this time.

Plaintiffs have not provided any legal authority to suggest that St. Paul's response

to this Interrogatory are in any way improper or evasive given the preliminary

state of discovery in this matter.  Furthermore, this Court has established a

detailed schedule by which the parties will submit their respective motion,

opposition and proof concerning class certification. CMO #4.  As found by

Magistrate Wilkinson in the case of *In re Ford Motor Co. Vehicle Paint*

*Litigation*, 1996 WL 99343 (E.D.La. 1996), the appropriate and most effective

and efficient time at which defendant could answer such a wide ranging

Interrogatory aimed at contentions and proof concerning class certification, would

be simultaneously with their opposition to plaintiff's motion to certify a class, not

in response to initial discovery.

### E.      Interrogatory No. 12

Interrogatory No. 12 requests that St. Paul "describe the results/conclusions of the

reports of all efforts to date undertaken by you to estimate the number of persons who

sustained damages or incurred losses in the geographical area covered by the Class and

its five Sub-Classes."  St. Paul responded that it has not produced any reports or analysis

estimating the population of the geographical area covered by the Class.   In its proposed

supplemental response, St. Paul further averred, "Subject to the objections in its initial

response, St. Paul responds that it has not produced any reports or analysis estimating the

number of persons who sustained damages or incurred losses in the geographical area

covered by the Class and its five Sub-Classes."   St. Paul has answered the Interrogatory

as posed.  Plaintiffs are attempting to compel St. Paul to produce information which it has

already responded that it simply does not have.

### F.      Interrogatory No. 13

In Interrogatory No. 13, plaintiffs ask St. Paul to "describe in detail each source of

inundation and the manner in which you contend the inundation occurred with respect to

the geographical area encompassed by the five Sub-Class (e.g., flooded solely by one

water source, flooded by commingled sources)."  St. Paul responded to the above

Interrogatory with a reasonable response, that it is in the litigation solely as an insurer and

has no expertise in "inundation" which would enable it to respond to this Interrogatory.

Further, in its proposed supplemental responses, St. Paul further objected to the

Interrogatory on the basis that it seeks the mental impressions or work product of

counsel, or the preliminary opinions and draft reports of experts which are specifically protected from disclosure by CMO #4.  Subject to that objection, St. Paul further responded that it "possesses no knowledge or information on this issue other than what has been reported in the media and through public reports."  Plaintiffs vaguely assert in their Memorandum in Support of the Motion to Compel that St. Paul's objection is inadequate because it refers to documents available from another source, i.e. public records, and cites to an Ohio District Court opinion, *Sabouri v. Ohio Bureau of Employment Services,* 2000 WL 1620915 (S.D. Ohio 2000) for the proposition that an objection that a document is available as a public record is not a valid objection.

However, Louisiana District Courts have often found that the responding party need not produce documents or responses which are equally available to both parties via access to public records.  For instance, in *Paddio v. City of Hammond*, 1998 WL 241540 (E.D.La. 1998) a Louisiana District Court, when faced with a similar Interrogatory response, held that documents that are also public records need not be provided by defendant since they are available for plaintiff's inspection from that source.  See also *Shepach v. Tanner,* 1997 WL 473698 (E.D.La. 1997)(Court held similar interrogatory overbroad and excessively burdensome, particularly in light of the fact that the information requested is equally available to plaintiffs from public records); *Landrum v. Banana Wheels, Inc. of Houston*, 1990 WL 163635 (E.D.La.,1990)(Denying motion to compel production of Louisiana State Police Desk Log, holding that document is part of the public record and equally accessible to the plaintiffs).  Accordingly, the case law cited by plaintiffs' in support of this contention is not applicable in the Eastern District,

and plaintiffs have failed to demonstrate that St. Paul must provide to plaintiffs documents readily available to plaintiffs by other means.

Finally, plaintiffs summarily conclude, despite St. Paul's response that it is unable to respond to the Interrogatory, that St. Paul "has done an investigation regarding the levee failures and in fact has obtained certain information regarding those failures which can be reflected in their answers to the above mentioned interrogatories."   Plaintiffs produce no support for their accusation that St. Paul is being untruthful in its response or any evidence to suggest that St. Paul has conducted an independent investigation regarding the levee failures in conjunction with this litigation.   St. Paul has adequately responded to the Interrogatory posed and has no further responsive material or documents in its possession which are not similarly available to the plaintiffs from another source.

**III.    Conclusion**

The Court should deny Plaintiffs' Motion to Compel in its entirety because plaintiffs failed to conduct an adequate Rule 37.1 discovery conference and filed a Motion to Compel before discussing St. Paul's proposed supplemental discovery responses with counsel.  Moreover, as discussed in detail above, St. Paul's responses and proposed supplemental responses to the complained of Interrogatories are legally sufficient and proper under the applicable Rules of Civil Procedure and case law interpreting same.  Accordingly, even if this Court entertains plaintiffs' Motion to Compel despite the lack of a proper Rule 37.1 conference, plaintiffs' Motion to Compel fails on the merits and should be denied.

Respectfully Submitted:


_/s/ Rachel A. Meese_____
JOSEPH P. GUICHET, T.A. Bar #24441
RALPH S. HUBBARD III, Bar #7040
RACHEL A. MEESE, Bar #25457
**LUGENBUHL, WHEATON, PECK,**
 **RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine**
**Insurance Company**


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a true and correct copy of the foregoing pleading has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this 12 day of June, 2007.


_/s/ Rachel A. Meese_____