UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

FILED IN :   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314,
05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886,
06-11208, 06-2278, 06-2287, 06-2346, 06-062545, 06-3529, 06-4065,
06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163,
06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289

**PERTAINS TO: LEVEE**

---

**OPPOSITION TO MOTION TO COMPEL DEFENDANT'S ANSWERS TO
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**MAY IT PLEASE THE COURT:**

East Jefferson Levee District ("EJLD") responds to and opposes Plaintiffs' Motion to Compel Answers to Interrogatories and Requests for Production of Documents as follows:

1.

Plaintiffs' contend that EJLD's responses to Requests for Production 9 through 16 are deficient. Request for Production No. 9 reads as follows:

"Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the **source** of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it." (Emphasis added).

Request for Production 10 through 16 are identical to Requests for Production No. 9 except the word source is replaced by the words "cause," "process," "timing," "depth," "duration," "receding" and "timing, duration, and depth of precipitation."

EJLD responded by advising that EJLD's expert reports are in the process of preparation and that they will be produced in conformity to the requirements of Case Management Order No. 4. EJLD further responded by directing the plaintiffs to the exhibit lists filed by EJLD and others that identify the relevant documents about which EJLD is currently aware. Additional exhibit lists are due to be filed on June 20, 2007 and June 27, 2007. EJLD and its experts are making every effort to locate and identify documents that may be responsive to the plaintiffs' requests. Attached hereto are copies of the exhibit lists to which the plaintiffs' were directed. All of the documents are in the public domain and it is undersigned counsel's understanding that plaintiffs' counsel has them.

2.

Plaintiffs' contend that EJLD's response to Request for Admissions No. 1 and 2 are deficient. Request for Admission No. 1 requested that EJLD admit that "each class representative… has submitted a Form 95 to the Court." Request for Admission No. 2 requested an admission that each Form 95 submitted by each class representative is "legally sufficient."

EJLD responded to Requests for Admissions 1 and 2 by stating that EJLD had insufficient knowledge to either admit or deny the requests as it had not been furnished any evidence that Form 95s had been submitted by the class representatives. EJLD's responses were exchanged on April 30, 2007. Subsequently, on May 18, 2007, plaintiffs' counsel forwarded copies of Form 95s purportedly filed by the class representatives. EJLD's counsel advised plaintiffs' counsel at a Rule 37.1 conference on May 21, 2007, that EJLD's responses to

Case 2:05-cv-04182-SRD-JCW   Document 5541   Filed 06/12/07   Page 3 of 5

Requests for Admissions 1 and 2 will be supplemented to reflect that EJLD has received copies of Form 95s and that it would appear that such Forms were filed. However, counsel also advised plaintiffs' counsel, Ms. Jacobs, that EJLD lacks sufficient knowledge to know whether or not the Forms are legally sufficient, and that the requests improperly call for a legal conclusion in that regard.

3.

Plaintiffs' contend that EJLD's Response to Interrogatory Nos. 5, 6, 13 and 14 are insufficient.

Plaintiffs' contend that EJLD's Response to Interrogatory No. 5 is insufficient. In light6 of its May 18, 2007 receipt of Form 95s purportedly filed by class representatives, EJLD agreed with plaintiffs' counsel during a Rule 37.1 conference on May 21, 2007, that it would supplement and amend its response to set forth potential defenses it may make to claims brought by the class representatives.

EJLD contends that its Response to Interrogatory No. 6, plaintiffs' objection notwithstanding, is sufficient. Plaintiffs' inquire in Interrogatory No. 6, whether or not EJLD agrees "that there are some questions of law or fact common to the members of the class." EJLD responded by stating, "There are no common issues of law or fact the determination of which will resolve disputes on a class-wide basis." EJLD stands by its response.

Interrogatory No. 13 requested a detailed description of "each source of inundation and the manner in which you contend the inundation occurred." EJLD responded by identifying experts with whom it was consulting to answer that very question. EJLD is not currently in possession of sufficient information with which to fairly respond to Interrogatory No. 13, but

expects that its expert reports tendered in conformity with Case Management Order No. 4, will satisfy the plaintiffs' inquiry.

Interrogatory No. 14 inquired as to the identity of the persons who assisted in formulation of any Requests for Admission, Requests for Production and Interrogatories. EJLD answered by identifying its Executive Director, Fran Campbell, and the experts identified in responses to previous interrogatories. EJLD stands by that response.

For the reasons stated above, EJLD requests that plaintiffs' Motion to Compel Defendants' Answers to Interrogatories and Responses to Requests for Production of Documents be denied.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON PFISTER & WEINSTOCK**

*/s/ Gary M. Zwain*
_____
Lawrence J. Duplass, (#5199)
Gary M. Zwain, (#13809)
Andrew D. Weinstock, (#18495)
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone No.: (504) 832-3700
Facsimile No.: (504) 837-3119

*Attorneys for Board of Commissioners for The East Jefferson Levee District*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on the following counsel of record via hand delivery, facsimile transmission, electronic transmission and/or U. S. Mail, First Class postage prepaid, this 12th day of June, 2007.

*/s/ Gary M. Zwain*

**GARY M. ZWAIN (#13809)**