UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
      CONSOLIDATED LITIGATION

                                        NO. 05-4182

                                        SECTION "K" (2)

FILED IN:      05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314,
               05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886,
               06-11208, 06-2278, 06-2287, 06-2346, 06-062545, 06-3529, 06-4065,
               06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163,
               06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
               07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289, 07-1349

PERTAINS TO:       LEVEE

FILED: _____          _____
                                        DEPUTY CLERK

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THE MAY 1, 2007 SUPPLEMENTAL MOTION FILED IN COMPLIANCE WITH MAGISTRATE WILKINSON'S APRIL 17, 2007 ORDER

**MAY IT PLEASE THE COURT:**

Now into court, through undersigned counsel, come plaintiffs in these consolidated matters, who hereby respond to the joint reply memoranda filed by Boh Brothers Construction Company, L.L.C. and B & K Construction Company as well as by Burk Kleinpeter, Inc., Burk Kleinpeter, L.L.C., Eustis Engineering Company, Inc., and Majeski and Masters, Inc., in the above–referenced matter.

In their joint reply memorandum, Boh Brothers and B & K Construction dispute the existence of maritime jurisdiction with respect to the claims brought against them. Defendants somehow want

to divorce the work they performed as dredgers of the Seventeenth Street Canal from the work performed on the "I-wall" adjacent to the canal. Such work is not so easily separated, for the one–"negligent dredging"–contributed to the failure of the other.

Defendants repeatedly refer to the Seventeenth Street Canal as a "drainage ditch," as if to call it this will somehow magically defeat the fact that the Seventeenth Street Canal is a navigable waterway for purposes of maritime jurisdiction. As plaintiffs pointed out in their original opposition, it does not matter whether a waterway is man-made or natural for purposes of jurisdiction so long as it comprises part of an interstate highway. Defendants cite *Board of Commissioners for the Pontchartrain Levee District v. Baron*, 109 So. 2d 441 (La. 1959), for the proposition that the Seventeenth Street Canal is not a navigable river or stream. Defendants' contention begs the question, however, for a navigable waterway does not necessarily have to be a river or stream. As well, the issue of maritime jurisdiction was not before the court in *Baron*; instead, quite the contrary, that litigation involved an eviction proceeding brought by a levee district with respect to property adjacent to the area of the Seventeenth Street Canal.

Defendants also cite numerous cases for the general proposition that an obstruction can render a stretch of water nonnavigable for purposes of admiralty jurisdiction. Review of the cases cited by defendants, however, reveals that they involve, by and large, waterways on which navigation was impeded because of obstructions, particularly, dams. The Seventeenth Street Canal is different. A bridge, such as that over the Seventeenth Street Canal at Old Hammond Highway, manifestly does not render a waterway nonnavigable; the Crescent City Connection bridges over the Mississippi River represent an obvious example of this. The Seventeenth Street Canal was and remains navigable even with the bridge. *See* Affidavit of Ronald Jean Blanchard, attached hereto as Exhibit

- 2 -

1. *See also* attached photographs [Exhibit 2] depicting the presence of vessels and vessel traffic on the area of the canal where the breach occurred.

Finally, in addressing the existence of maritime jurisdiction, the defendants continue to overlook an important tenet of the law: it is not the actual disruption of maritime commerce that is a component of maritime jurisdiction, but instead the potential to disrupt maritime commerce. *Sisson v. Ruby*, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed. 2d 292 (1990). Defendants' actions certainly had this potential; as the evidence will also ultimately reveal, this potentiality became actuality.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
The Law Offices of Joseph M. Bruno, APLC
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

1

For

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

## CERTIFICATE OF SERVICE

I hereby certify that, on this [12th] day of June,  2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system.

/s/ Joseph M. Bruno