## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

SECTION K (2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314,
05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886,
06-11208, 06-2278, 06-2287, 06-2346, 06-062545, 06-3529, 06-
4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-
5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-
0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO LEVEE

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### EUSTIS ENGINEERING CO., INC.'S ANSWER TO
### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS
### RELATING TO THE CLASS CERTIFICATION ISSUE

Now comes Defendant Eustis Engineering Co., Inc. ("Eustis"), through its undersigned

counsel. Subject to objections, Eustis has previously answered Plaintiffs' First Set of Requests

for Admission. Eustis has previously objected to answering the Interrogatories and Requests for

Production of Documents based upon the guidance of Case Management Order No. 4. Plaintiffs

contend that Case Management Order No. 4 does not excuse Eustis from answering the Class

Certification Discovery Interrogatories and Requests for Production of Documents.

Eustis continues its objection based on Case Management Order No. 4 that it is not

required to answer the Class Certification Interrogatories, Requests for Production of

Documents, or Requests for Admission. As a precaution, however, Eustis did answer the

Requests for Admissions and, subject to the objections stated herein, Eustis will provide the

limited information available to it with respect to the Interrogatories and Requests for Production of Documents, most of which is already included in the Responses to the Requests for Admissions.

## GENERAL OBJECTIONS

In addition to the Case Management Order No. 4, in which it is stated that only one Request for Production of Documents was to be submitted to the Engineer and Contractor non-party Defendants, Eustis makes the following objections to the Interrogatories and to the Requests for Production of Documents:

1.      Eustis objects to Interrogatories and Requests for Production with respect to Form 95s, reportedly submitted by Plaintiffs to the United States Corp of Engineers.  Plaintiffs know that Eustis has no such information.

2.      With respect to Interrogatories concerning class representatives or sub-class representatives, Plaintiffs know that Eustis has no information upon which to answer whether these representatives can properly represent each proposed sub-class.  Further, Eustis has no information about any class representative or individual in the proposed five sub-classes.  At this time, Eustis cannot agree to the numerosity or typicality requirements, or the ability of the class representatives to fairly and protect the interests of the class, as Eustis has no factual basis upon which to respond to such interrogatories.  Eustis objects in that the Plaintiffs seem to be attempting to shift the burden of proof of establishing the requisites for class certification to the Defendants, including Eustis, when the information is not available to the Defendants, including Eustis.

3.      Most of the Interrogatories and Requests for Production have been answered in the Responses to the Request for Admission of Facts and the accompanying objection or

explanation provided in those responses.   Therefore, the Interrogatories and Requests for Production are duplicitous, the information having already been provided.

4.      Eustis objects to the fact that the Plaintiffs did not comply with federal court procedures as no meeting was held with respect to their demand that additional discovery responses be provided.   The only correspondence related to a request that Requests for Admissions be Deemed Admitted for lack of response, which was responded to by Eustis in writing enclosing the timely responses provided to the Requests for Admissions.   Thereafter, a Motion to Compel Answers to the Interrogatories and Requests for Production was filed without any meeting as required under Fed. R. Civ. P. 37(a)(2).

Subject to the foregoing objections, Eustis makes the following response to the Interrogatories and the Requests for Production of Documents Relating to Class Certification:

## LEVEE CLASS PLAINTIFFS FIRST INTERROGATORIES

Interrogatory No. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

Answer to Interrogatory No. 1:

Undersigned counsel contacted Mr. William Gwyn, President of Eustis, in formulating a response to the Request for Admissions, which were timely answered.   Eustis files were reviewed relating to the breach sites and work done at the breach sites.   Please see Defendant's response to the individual Requests for Admissions.

Interrogatory No. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied a to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

Answer to Interrogatory No. 2:

Eustis has insufficient information upon which to admit or deny the Fed. R. Civ. P. 23(a) numerosity requirement. It has no information regarding the class representatives and their individual claims, or the individual members of the five proposed sub-classes. Nonetheless, it is probable that the numerosity requirement is satisfied. Please see response to the Requests for Admissions.

Interrogatory No. 3:

If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

Answer to Interrogatory No. 3:

Eustis is unable to answer at this time. It has no information concerning the class representatives or members of each proposed class. It has insufficient information upon which to admit or deny Plaintiffs' contention of typicality under Fed. R. Civ. P. 23(a).

Interrogatory No. 4:

If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

Answer to Interrogatory No. 4:

Eustis is unable to answer at this time.  It has no information regarding the class representative or the individual members of the five proposed sub-classes.  Nonetheless, it is probable that the numerosity requirement is satisfied.

Interrogatory No. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you.  If the answer is "none known at this time" please say so.

Answer to Interrogatory No. 5:

Eustis has no copies of any claims forms that may have been submitted to other parties or other information, other than the Complaint.  Eustis does not know what additional defenses may be available with respect to an individual class member as distinguished from the proposed class representative.  In part, this will depend upon individual facts unknown to Defendant Eustis.

Interrogatory No. 6:

Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

Answer to Interrogatory No. 6:

Eustis does not have sufficient information to answer.  It has no information regarding the class representatives claims, but it is likely that there are some common questions of law and fact between the individual class representatives and the proposed class.

Interrogatory No. 7:

Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and (ii) state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

Answer to Interrogatory No. 7:

No claim forms have been forwarded to Eustis or other factual information about the class representatives or the sub-class representatives.  This question cannot be answered at this time.

Interrogatory No. 8:

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-a-vis the members of the Class and five Sub-Classes?  If not, please (i) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

Answer to Interrogatory No. 8:

Eustis does not have sufficient information upon which to answer this Interrogatory.

Interrogatory No. 9:

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

Answer to Interrogatory No. 9:

Unknown at this time.  Defendant does not have sufficient information to answer.

Interrogatory No. 10:

Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

Answer to Interrogatory No. 10:

Eustis has no information upon which to answer this Interrogatory.

Interrogatory No. 11:

Please describe in detail the ways in which the information contained in the Form 95s described in the proceeding interrogatory has been compiled and collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

Answer to Interrogatory No. 11:

Eustis has no information upon which to answer this Interrogatory.

Interrogatory No. 12:

Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

<u>Answer to Interrogatory No. 12</u>:

Eustis has conducted no such investigation and has no reports in its files which estimates the number of persons who allegedly sustained damages or incurred losses in the respective geographical areas. This information is unknown.

<u>Interrogatory No. 13</u>:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

<u>Answer to Interrogatory No. 13</u>:

Eustis has no factual basis upon which to answer Interrogatory No. 13, except that heavy rain occurred, along with overtopping of certain levees, breach of levees, as reported in the news media. At this time, Eustis has no particular contention as to how the inundation occurred with respect to the various geographical areas in the proposed five sub-classes.

<u>Interrogatory No. 15</u>:

Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production.

<u>Answer to Interrogatory No. 15</u>:

Undersigned counsel and Mr. William Gwyn, President, Eustis Engineering Company, Inc.

## LEVEE CLASS PLAINTIFFS' REQUESTS
## FOR PRODUCTION OF DOCUMENTS

Request for Production No. 1:

Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

Response to Request No. 1:

Eustis has no Form 95s.

Request for Production No. 2:

Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with the form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

Response to Request No. 2:

Eustis has no such documents.

Request for Production No. 3:

Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

Response to Request No. 3:

Eustis has no such documents.

Request for Production No. 4:

Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2 - 4 above, or any of them.

Response to Request No. 4:

Eustis has no such documents.

Request for Production No. 5:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

Response to Request No. 5:

Eustis has no such documents.

Request for Production No. 6:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 12 above.

Response to Request No. 6:

Eustis has no such documents.

Request for Production No. 7:

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request No. 7:

Eustis has no such documents.

Request for Production No. 8:

Please produce a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Class definition, or any Sub-Class of it, since August 29, 2005.

Response to Request No. 8:

Eustis has no such documents.

Request for Production No. 9:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request No. 9:

Eustis has no such documents.

Request for Production No. 10:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request No. 10:

Eustis has no such documents.

Request for Production No. 11:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request No. 11:

Eustis has no such documents.

Request for Production No. 12:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

<u>Response to Request No. 12</u>:

Eustis has no such documents in its files and has not researched the issue, particularly in view of the Court's Judgment of December 8, 2006..

<u>Request for Production No. 13</u>:

Please produce each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

<u>Response to Request No. 13</u>:

Eustis has no such documents.  Eustis has not researched the question.

<u>Request for Production No. 14</u>:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the duration of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

<u>Response to Request No. 14</u>:

Eustis has no such documents.  Eustis has not researched this subject.

<u>Request for Production No. 15</u>:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the receding of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

<u>Response to Request No. 15</u>:

Eustis has no such documents.  Eustis has not researched this subject.

Request for Production No. 16:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request No. 16:

Eustis has no such documents.  Eustis has not researched this subject.

Respectfully submitted,

MAT M. GRAY, III (La. No. 6264)
ALANSON T. CHENAULT, IV (La. No. 20747)
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 523-2600
Telecopier:  (504) 523-2705
Email: mgray@frc-law.com
Email: achenault@frc-law.com
Attorneys for Eustis Engineering Company, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 12, 2007, I forwarded a copy of the foregoing to Joseph M. Bruno, Esq. and Seth A. Schmeeckle, Esq.

MAT M. GRAY, III