MINUTE ENTRY
WILKINSON, M.J.
JUNE 13, 2007

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
       CONSOLIDATED LITIGATION
                                             NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, Vidacovich, 06-4719  JUDGE DUVAL
                                             MAG. WILKINSON

Oral argument concerning plaintiffs' Motion to Compel and for Attorney's Fees, Record Doc. No. 5060, was conducted today. Participating were Remy Starns and Ryan Reece, representing plaintiffs, Chester and Murleen Vidacovich; and Simeon B. Reimonenq, Jr. and Martin Sadler, representing defendant, Hartford Insurance Company of the Midwest.

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. Defendant filed an untimely opposition memorandum on Friday, June 8, 2007, only three business days before the scheduled

MJSTAR:   :10

hearing, without seeking leave of court to do so. Record Doc. No. 5501. Plaintiffs received leave to file a reply memorandum in which, among other things, they objected to the untimeliness of defendant's opposition memorandum. The court admonishes defense counsel for defendant's untimely opposition memorandum, but has considered the opposition nevertheless. It appears to the court that the motion has merit in substantial part. Accordingly, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

Although plaintiffs' counsel briefed in detail only the alleged deficiencies in defendant's responses to Interrogatory Nos. 1 and 5 and Request for Production Nos. 2, 4, 9 and 10, the motion asserts that defendant's answers to <u>all</u> 13[1] of plaintiffs' interrogatories are insufficient and that document production has not been forthcoming as to <u>all</u> of plaintiffs' requests for production. Accordingly, I have reviewed the subject written discovery in its entirety.

When considering a motion to compel, "an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). Thus, defendant's objections are overruled and the motion is granted

---

[1] Although plaintiffs assert in their memorandum that they propounded 15 interrogatories, they have not attached the original discovery requests to their motion. Instead, they have attached defendant's responses, which respond to only 13 interrogatories. Plaintiff's Exh. A.

as to Interrogatory No. 1 because the answer is incomplete. To answer the interrogatory "fully," as required by Fed. R. Civ. P. 33(b)(1), defendant must provide the name and job title of each person at Hartford who assisted its counsel in preparing the answers.

The motion is denied as to Interrogatories No. 2 and 4. The current answers are sufficient.

The motion is granted as to Interrogatory No. 3. After reciting several objections, defendant states that it will produce responsive information in its "claim file . . . subject to a review for privilege and after a mutually agreeable protective confidentiality order is entered," and states that plaintiffs will be able to ascertain the responsive information from that file, when it is produced. There are several problems with this answer.

First, the answer implies that some responsive information may be withheld from production on privilege grounds, but Hartford has failed to comply with Fed. R. Civ. P. 26(b)(5) in this regard.

Second, a Master Protective Order has been entered in these consolidated cases. Record Doc. No. 5393. All discovery in the instant case is subject to that order. Accordingly, defendant's objection to any of plaintiffs' discovery requests on the basis of the need for a protective order is moot.

Third, while Fed. R. Civ. P. 33(d) permits a party answering interrogatories the option of producing business records, such an answer must "<u>specify</u> the records from

which the answer may be derived or ascertained . . . . A specification <u>shall be in sufficient detail</u> to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." (Emphasis added). Vague reference to a "claim file" does not satisfy this requirement. Interrogatory No. 3 must either be answered fully or the required specification made.

The motion is granted as to Interrogatory No. 5. According to Hartford's Answer to Interrogatory No. 4, it hired an independent adjuster to inspect plaintiffs' property. The experience, background and training of the person(s) whom defendant assigned to handle adjustment of plaintiffs' insurance claim are highly relevant to plaintiffs' claim in this case that defendant breached the affirmative duty to adjust claims fairly and promptly and otherwise acted in bad faith. Record Doc. No. 1 (Complaint at ¶¶ 16-22).

Hartford has asserted that the information requested by this interrogatory is "not within its care, custody or control." This is not the correct standard for answering an interrogatory. Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry." Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer

> to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007); Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977).

Accordingly, Hartford must supplement its answer to Interrogatory No. 5 to provide any information available to its agents or representatives. If Hartford lacks the necessary information to make a full, fair and specific answer to this interrogatory, it must so state under oath and should set forth in detail the efforts made to obtain the information. Hartford also remains obligated to supplement its answer seasonably if it obtains new, responsive information. Fed. R. Civ. P. 26(e)(2).

The motion is granted as to Interrogatory Nos. 6, 8, 9, 11 and 12. All objections are overruled. For the same reasons discussed above in connection with Interrogatory No. 3, defendant's vague reference to its "claim file" does not comply with Rule 33(d). Hartford must provide either full and complete answers to these interrogatories or the required specification.

The motion is denied as to Interrogatory Nos. 7, 10 and 13. The answers are sufficient.

In addition to the deficiencies noted above, the copies of defendant's answers to interrogatories provided to me by counsel in connection with this motion are not sworn under oath by a person with authority and knowledge sufficient to verify them, as required by Fed. R. Civ. P. 33(b)(1) and (2). Hartford must provide the required verification of all interrogatory answers.

As to plaintiffs' requests for production, the motion is granted as to Requests for Production Nos. 1, 4 and 6. In response to a request for a variety of types of materials, all of which are highly relevant to plaintiffs' claims, defendant has responded only that it will produce the claim file "subject to a review for privilege" or that responsive documents are being withheld because of a privilege or the work product doctrine. These responses are insufficient because they provide neither plaintiffs nor the court with any assurance that <u>all</u> requested materials are in the claim file and therefore that "inspection and related activities will be permitted <u>as requested</u>," as required by Fed. R. Civ. P. 34(b). In addition, the responses either imply or state that some responsive materials are being withheld from production on privilege grounds, but defendant has failed to comply with Fed. R. Civ. P. 26(b)(5) in this regard. Hartford must provide plaintiffs with a new written response to these requests, signed pursuant to Fed. R. Civ. P. 26(g)(2) and in full

compliance with Rule 34(b), clearly stating that <u>all</u> non-privileged responsive materials are being produced and attaching the privilege log required by Rule 26(b)(5) as to any responsive privileged materials that defendant is withholding from production.

The motion is granted in part and denied in part as to Request for Production No. 2. As previously noted, the Master Protective Order applies and defendant's objection that the request seeks confidential or proprietary information is moot. The objections are sustained in part because the request is unlimited in time and scope as written, but the motion is granted in part in that defendant must provide all responsive materials, limited to those applicable to residential claims arising from Hurricane Katrina of the sort asserted by plaintiffs. To the extent that the request seeks some broader range of materials, the motion is denied. If defendant is claiming some privilege, it must provide the privilege log required by Rule 26(b)(5) as to any responsive privileged materials that it is withholding from production.

The motion is denied as to Request for Production Nos. 3 and 8. The current answers are sufficient.

Defendant's objection is overruled and plaintiffs' motion is granted as to Request for Production No. 5. It is no ground for objection that the court's scheduling order requires a production of expert reports at a later date. If Hartford has any expert reports responsive to Request for Production No. 5, it must produce them. If it has none now,

it must so state, and must supplement its response later if its response is no longer accurate.

The motion is also denied as to Request No. 7, which appears duplicative of other, more specifically drawn requests that are the subject of other provisions of this order.

The motion is granted as to Requests for Production Nos. 9 and 10. All objections are overruled. However, defendant must produce only those responsive materials that are in its "possession, custody or control," as required by Fed. R. Civ. P. 34(a). If defendant has no such responsive materials in its possession, custody or control, it must clearly say so in writing, signed pursuant to Rule 26(g)(2), and that will be a sufficient response, as long as it is true.

Plaintiffs also allege that even those few materials that defendant's responses indicate would be produced had not in fact been provided to them. The court hereby instructs defendant that <u>all</u> responsive materials that are the subject of this order must be produced to plaintiffs as provided herein.

Defendant must provide all supplemental answers to interrogatories and written responses to requests for production, the Rule 33(b) verification and any necessary Rule 26(b)(5) privilege log, together with production of all responsive materials, to plaintiffs within ten (10) days of entry of this order.

As to plaintiffs' request for an award of reasonable expenses, including attorney's fees, incurred in connection with this motion, the motion has been granted in part and denied in part. In these circumstances, Fed. R. Civ. P. 37(a)(4)(C) provides that the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Defendant's discovery responses were largely insufficient and failed to comply with the applicable Rules in a variety of ways. Only five of the thirteen interrogatories and two of the ten requests for production were answered sufficiently or asserted entirely valid grounds for objection. Viewed as a whole, I cannot conclude that defendant's discovery responses were submitted in good faith. Its refusal to produce responsive materials has been egregious.

In their reply memorandum, plaintiffs ask for $2,500 in attorney's fees. They cite their counsel's work expended on their original 13-page memorandum in support of their motion to compel; additional work spent over the weekend reading, researching and replying to defendant's untimely opposition memorandum and contemporaneously filed motion for protective order and motion for expedited hearing seeking to have the motion

for protective order set for hearing on June 13th as well;[2] and the need for counsel to travel from Baton Rouge to New Orleans on the hearing date.

This request is excessive. First, much of the 13-page memorandum consists simply of copying the applicable discovery requests and responses. Second, no reply memorandum was necessary. Third, plaintiffs' choice to hire counsel based in Baton Rouge rather than in New Orleans cannot be used to penalize defendant, especially when plaintiffs are the ones who requested oral argument.

Plaintiffs' counsel was questioned by me during oral argument concerning the request made in plaintiffs' reply memorandum for $2,500 in attorney's fees. Given counsel's responses to my questions, the extent of the required pre-motion discussions described in the motion papers, defendant's dilatory responses and failure to comply with various Rules and the motion work itself, I find that eight (8) hours of lawyer time billed at $150 per hour, or $1,200, would be a reasonable amount. Thus, I conclude that a

---

[2]I separately denied defendant's motion for expedited hearing and set the motion for protective order for hearing on June 27, 2007, which gives plaintiffs ample time to respond. Record Doc. No. 5514.

reasonable apportionment of the fees and expenses incurred in connection with this motion is that defendant must pay plaintiffs 75% of such reasonable expenses. Accordingly, **IT IS FURTHER ORDERED** that defendant must pay plaintiffs $900.00.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE