UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 12  PM 4:42

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * Case No. 05-4182 <br> * Div. "K" <br> * <br> * Judge Duval <br> * |
| PERTAINS TO: INSURANCE (Chester Vidacovich, No. 06-4719) | * <br> * Magistrate Wilkinson <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND INCORPORATED MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

Plaintiffs, Chester and Murleen Vidacovich ("Vidacoviches"), file the present Reply Memorandum in order to address several important facts, factual inaccuracies and omissions contained in defendant's untimely filed Opposition Memorandum and Motion for Protective Order.

**I.   DEFENDANT'S OPPOSITION MEMORANDUM WAS NOT FILED UNTIL FIVE (5) DAYS PRIOR TO THE SCHEDULED HEARING DATE AND THEREFORE, SHOULD BE STRUCK UNDER LOCAL RULE 7.5E**

Defendants' Opposition Memorandum is untimely and therefore, should be struck pursuant to Local Rule 7.5E. More particularly, Rule 7.5E of the Local Rules for the Eastern District of Louisiana mandates as follows:

**LR7.5E Response and Memorandum**

> **Each party opposing a motion shall file, in duplicate, a memorandum** of the reasons advanced in opposition to the motion **.... no later than the eighth calendar day prior to the noticed hearing date** and shall at the same time serve a copy thereof on the opposing parties. **The opposition memorandum, in duplicate, must be in the hands of the judge who will hear the motion no later than the day such memorandum is due to be filed.**

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

1

In the present case, the Vidacoviches filed their Motion to Compel on May 21, 2007 and set the Motion for hearing on June 13, 2007. The Vidacoviches also mailed courtesy copies to defense counsel located in *both* New Orleans and Houston that same day. Accordingly, defendant's opposition was due on June 5, 2007. However, despite having the Vidacoviches' Motion at least twenty (20) days in advance of the hearing date and having *two* different law firms defending its interests, the defendant did not file any opposition until approximately ***6:00 P.M. on Friday, June 8, 2007, five days before the scheduled hearing date.***

It should also be noted that defendant, in an effort to circumvent the eight (8) day rule, also filed a Motion and Memorandum for Protective Order and Motion for Expedited Hearing along with its Opposition Memorandum. Of course, undersigned counsel for the Vidacoviches did not receive either of the documents until Saturday morning and had to spend the better of their weekend reading the materials, researching the cited cases and preparing the present Reply Memorandum and Opposition Memorandum. Thus, the Vidacoviches respectfully request that this Honorable Court strike defendant's Opposition Memorandum and enter an Order granting their Motion to Compel in all respects as prayed for therein.

II. **SHOULD THIS HONORABLE COURT ALLOW DEFENDANT'S MEMORANDUM TO STAND, THEN THE VIDACOVICHES SUBMIT THAT DEFENDANT'S RESPONSES ARE SEVERELY DEFICIENT**

In the event this Honorable Court allows defendant's Memorandum to stand, then the Vidacoviches submit that defendant's responses remain deficient. For example, defendant submits that in response to interrogatory number 1 asking for the ***name and job title of each and every individual*** who answered or assisted in answering any of these Interrogatories that an appropriate response is "Hartford Insurance Company of the Midwest responds to these discovery requests with the assistance of counsel." Despite ***not listing one*** name or job title, defendant submits that its answer is completely

2

responsive to the interrogatory and then has the audacity to state the people whose names were requested are no longer employed by defendant and thus, their names do not have to be disclosed. Such brazen unresponsiveness and steadfast refusal to disclose even the most basic information is precisely what the sanction component of the Federal Rules of Civil Procedure was drafted to stop and/or prevent.

Furthermore, defendant attempts to play the game of "hide the ball" with respect to the production of certain documents. Essentially, defendant submits that it retained and paid an adjuster to evaluate the Vidacoviches' homeowner's claim. Then, based off of the adjuster's evaluation(s), paid the Vidacoviches a sum of money for their homeowner's claim. But, despite hiring the adjuster, presumably reviewing his report and issuing a check with Hartford's name on it, defendant contends all of the relevant documents and background information is outside its "control". Defendant then suggests that the Vidacoviches, not defendant, should go to defendant's adjuster to obtain the requested information and documents. Such an answer or assertion implies that defendant either never had the information or documents and made a blind payment, or had the documents and information, but is simply abusing the discovery rules in an effort to further delay litigation.

Finally, the Vidacoviches cannot fathom how defendant could have accepted premiums for homeowner's insurance coverage, evaluated their homeowner's claim and then issued a check, even one in an amount substantially lower than the true value of their loss, without any responsive documents. The Vidacoviches once again emphasize and note that their annual premiums for homeowner's insurer were paid to the Hartford, not "Cat Crew" or "Bob Currie". Accordingly, the Vidacoviches submit that Hartford has an undisputed duty to produce documents that its hand picked adjuster may possess and any argument to the contrary is completely without merit.

3

### III. DEFENDANT'S ATTEMPT TO CONDITION THE PRODUCTION OF ALL DISCOVERABLE MATERIALS ON A PROTECTIVE ORDER IS WITHOUT MERIT

Defendant's attempt to condition the production of all discoverable materials on a protective order is without merit. Pre-trial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings. See Bryan v. Eichenwald, 191 F.R.D. 650, 652 (D.Kan.2000) ("the public has an interest in everything that occurs in [a] case, whether at trial or during the discovery stage of the litigation."). See also Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995) ("strong presumption in favor of access"); Citizens First National Bank v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999) ("The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding."). In fact, no per se privilege exempting trade secrets from discovery exists such that courts must only exercise discretion to avoid unnecessary disclosure of [trade secret] information. AutoMed Technologies, Inc. v. Eller, 160 F.Supp.2d 915, 926 (N.D.Ill.2001), quoting Triangle Ink and Color Co. v. Sherwin-Williams Co., 61 F.R.D. 634, 636 (N.D.Ill.1974).

In view of the foregoing, defendants' contention that *all* of the documents generated in connection with the Vidaocivches' homeowner's claim, including items such as adjuster's reports and photographs of the Vidacoviches' home is "proprietary" is so baseless that the contention standing alone, warrants sanctions. Undersigned counsel is engaged in hurricane litigation involving multiple insurers, not one of which has refused to tender their insureds/clients' claims file absent a protective order. In fact, undersigned counsel has received the claims in most cases as part of the Rule 26 initial disclosures. Defendant has yet to articulate any basis for its position that *any and all* relevant documents should only be produced under a protective order. The present dispute concerns a first party homeowner's claim, not a dispute between Apple and Microsoft over operating system specifications or Coke and Pepsi over soft drink

formulas. See e.g. Republic Services, Inc. v. Liberty Mutual Insurance Co., No. 03 CV 494 (E.D. Ky. June 9, 2006) cited by defendant. Under defendant's untenable position, very little, if any, litigation could take place without a protective order in place.

Furthermore, the cases cited by defendant confirm that not all discoverable materials should be hidden under a protective order's veil of secrecy. For example, defendant cites Hamilton v. State Farm Mutual Automobile Insurance Company, 204 F.R.D. 420 (S.D. Ind. 2001) and Adams v. Allstate Insurance Company, 189 F.R.D. 331 (E.D. Pa. 1999) but fails to relate several important facts about the cases. First and foremost, the court in Hamilton *denied* State Farm's request for protective order as submitted. Hamilton at 424. The Hamilton court specifically noted that the protective order as requested would have given the defendant insurer "carte blanche" to designate whatever documents it chose as either confidential or trade secrets. Id. Moreover, the Hamilton court relied upon substantive Indiana law when determining that the claims handling manual constituted a trade secret and was therefore, protected. Id. at 423. Finally, both the Hamilton and Adams courts placed only the claims handling manuals under protective order, not every single relevant document as defendant contends. Id. at 424; Adams, 189 F.R.D. at 334.

Unlike the defendant insurer in Hamilton, defendant cannot cite one Louisiana state law or case that states its adjuster's manual somehow constitutes a "trade secret" as contemplated by Federal Rule of Civil Procedure 26(c)(7). Furthermore, like the defendant insurer in Hamilton, defendant basically wanted "carte blanche" to declare everything a trade secret, including mundane items like adjuster's reports and pictures. Finally, as illustrated by defendant's cases, the issues surrounding what is and is not proper for a protective order have been somewhat settled for almost eight (8) years. Yet, defendant steadfastly refused to produce any documents unless *all* of the documents were subject to a protective order.

### III. THE DEFENDANT'S DILATORY AND INADEQUATE DISCOVERY RESPONSES JUSTIFY THE AWARD OF A REASONABLE ATTORNEY'S FEE

In view of the defendant's dilatory and inadequate discovery responses, the Vidacoviches submit that a reasonable attorney's fee in the amount of $2,500.00 is warranted. As stated previously in their original Memorandum, the defendant refused to produce even the simplest documents, i.e. pictures of the Vidacoviches' home, copies of adjuster's reports and background information regarding its adjuster, without a court order or a protective order. Also, despite asserting "work product" and "attorney client" privileges throughout their original Answers to Interrogatories and Responses to Request for Production, defendant does not support or even mention these objections in its Opposition Memorandum. The Federal Civil Procedure discovery rules were drafted to prevent defendant's shotgun approach of asserting multiple objections without due regard to their merit.

Moreover, Defendant did not move for a Protective Order until five days before the scheduled hearing date on the Vidacoviches' Motion to Compel. If defendant believed plaintiff was entitled to the documents, but only subject to a protective order, then defendant should have moved months ago for the protective order. Instead, defendant delayed the issue until the Vidacoviches filed their Motion to Compel.

Finally, an attorney's fee of $2,500.00 is more than justified given the amount of reading and briefing work required of undersigned counsel. Specifically, undersigned counsel was first forced to file a thirteen (13) page Memorandum in support of the Vidacoviches' Motion to Compel. Then, undersigned counsel had to spend all day Saturday, June 9, 2007, and most of Sunday, June 10, 2007, reviewing defendant's late filed Opposition and Motion for Protective Order and preparing a Reply Memorandum thereto. Finally, undersigned co-counsel, Remy Starns, will have to travel from Baton

Rouge, Louisiana in order to appear before the Court on June 13, 2007. Accordingly, the Vidaocviches request that this Honorable Court award them a reasonable attorney's fee in the amount of $2,500.00 pursuant to Federal Rule of Civil Procedure 37 (a)(4)(A).

RESPECTFULLY SUBMITTED:

_____
REMY VOISIN STARNS (Bar #26522)
RYAN P. REECE (Bar #26479)
533 Europe Street
Baton Rouge, Louisiana 70802
(225) 381-3131

### CERTIFICATE OF SERVICE

I do herby certify that I have on this *11th* day of *June, 2007*, served a copy of the foregoing pleading on counsel for all parties to this proceeding via facsimile, U.S. mail postage pre-paid and electronic notification.

_____
RYAN REECE

7