## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT DOLL, ET AL** | * | **CIVIL ACTION NO.: 07-2730** |
| **versus** | * | **SECTION: K** |
| **STATE FARM MUTUAL AUTO. INSURANCE COMPANY** | * | **MAG. 3** |

### MEMORANDUM IN SUPPORT OF EX PART MOTION OF STATE FARM TO DECONSOLIDATE AND REMOVE CASE FROM LEVEE BREACH LITIGATION

### FACTUAL BACKGROUND/PROCEDURAL HISTORY

Plaintiffs Robert Doll and Norma Doll and Roy and Joann Leebrick, residents of St. Tammany Parish living in Slidell, Louisiana, brought suit in the 22nd Judicial District Court for the Parish of St. Tammany against State Farm Fire and Casualty Company ("State Farm") for damages and losses occurring to plaintiffs' dwellings, personal property/contents, and other claims arising out of Hurricane Katrina. On October 13, 2006, State Farm filed a Notice of Removal, removing the lawsuit from the 22nd Judicial District Court to the docket of Section N, Judge Engelhardt. The removed lawsuit bore Civil Action No. 06-8035.

On April 16, 2007, Judge Engelhardt issued an order in Civil Action No. 06-8035 in which he required that the claims of both plaintiffs be severed into individual suits, each

ESM 8950151

addressing one distinct property within thirty (30) days of the date of the order. The court's order specifies that upon the filing of an Amended Complaint for each plaintiff, that the clerk of court is to assign it a new docket number and allot the suit at random among the judges of the Eastern District.

On May 1, 2007, plaintiffs Doll and Leebrick through counsel William P. Connick filed a First Supplemental and Amending Complaint on May 1, 2007 in which it is alleged in Paragraph XX, XXI, and XXII that:

### XX.

The damages suffered by Complainants to their residence located at 4443 Pontchartain (Hwy. 11), Slidell, Louisiana was caused by wind, wind driven rain, flooding and waters entering the City of Metairie and surrounding parishes on August 29, 2005.[1]

\* \* \*

### XXI.

The flooding and water entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees and/or levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees and levee walls.

\* \* \*

### XXII.

The breaking or failure of the levee systems in the City of New Orleans and surrounding parishes which resulted from the negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Complainants herein in contract to other policies available in the market, and

---

[1] The First Supplemental and Amended Complaint filed on behalf of the Leebricks is identical to that filed on behalf of the Dolls, except that Paragraph XX of the Leebricks' petition lists that their residence was located at 2979 Camellia Drive, Slidell, Louisiana.

ESM 8950151

>neither falls within the regular definition of "flood" nor within any of the said insurance policy's exclusion of "flood."

Due to the fact that plaintiff's counsel alleges that the breaches in the Orleans, Jefferson and St. Bernard Parish canals as well as breaches in the City of New Orleans' Levee System caused flooding at plaintiffs' residences in Slidell, Louisiana, the two recently separated lawsuits were not randomly allotted but placed in the Levee Breach/ Canal Breach Consolidated Litigation. By letter dated May 4, 2007, undersigned counsel wrote to plaintiff's counsel William Connick and requested that he file an amendment or Motion to Strike the above cited allegations of the Petition regarding levee failure and/or canal breaches in both the Doll and Leebrick lawsuits and that he file a motion to remove these two lawsuits from the Levee Breach Consolidated Litigation by May 21, 2007. To date, Mr. Connick as counsel for the plaintiffs has not responded to State Farm's requests.

## REMOVAL OF CASE FROM CONSOLIDATED LEVEE BREACH LITIGATION

It is not a disputed fact within the parishes comprising the judicial district for the Eastern District of Louisiana that St. Tammany Parish and the City of Slidell is not within the protection of the levee system. (See 1997 Amendments to La. R.S. 38: 291 (O) which repealed the creation of the St. Tammany Levee District and the repeal of La. R.S. 38:343, which had granted authority to St. Tammany Levee District to collect a parcel fee for the purpose of constructing and maintaining levees. [2] ) Thus any damage caused by Hurricane Katrina to a

---

[2] As of the 2004 amendments to La. R.S. 38:291 (naming of levee districts; limits of districts; composition of boards) levee districts are authorized for the Atchafalaya Basin Levee District; Bossier Levee District; Caddo Levee District; East Jefferson Levee District; Fifth Louisiana Levee District (West Carroll and Concordia Parishes); Lafourche Basin Levee District; Lake Borgne Levee District; Natchitoches Levee and Drainage District; Nineteenth Louisiana Levee District (Grant Parish); North Bossier Levee District; Orleans Levee District; Pontchartain Levee District (River Parishes) Red River, Atchafalaya, and Bayou Beouf Levee District; Red River Levee and Drainage District; South Lafourche

residence in Slidell, Louisiana in St. Tammany Parish would not result from water entering the City of New Orleans or City of Metairie resulting from "breaches in and failure of the levees and/or levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet .." and/or from alleged acts of negligence "in the design, construction and maintenance of said levees and levee walls." (Amended Complaint, Paragraph XXI).

As such, plaintiff's case should be severed and deconsolidated from the "In Re: Katrina Canal Breaches Consolidated Litigation", Civil Action No. 05-4182 Concerning Levee Breach Litigation and randomly re-allotted amongst the judges of the Eastern District.

## CONCLUSION

For the reasons stated above, State Farm requests that this court grant its Motion to Deconsolidate Plaintiff's Lawsuit from the Levee Breach as plaintiff's residence is located in St. Tammany Parish.

Respectfully submitted,

/s/ Adrianne L. Baumgartner
ADRIANNE L. BAUMGARTNER (2861)
Porteous, Hainkel & Johnson
408 N. Columbia Street
Covington, LA 70433
Telephone: (985) 893-4790

---

Levee District; Tensas Basin Levee District; West Jefferson Levee District; Grand Isle Independent Levee District; North Lafourche Conservation, Levee and Drainage District; and Terrebonne Levee and Conservation District.

ESM 8950151

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by electronic filing, facsimile transmission, hand delivery, or by mailing same by United States Mail, properly addressed and first class postage prepaid, on this 14th day of June, 2007.

/s/ Adrianne L. Baumgartner
**ADRIANNE L. BAUMGARNTER**

ESM 8950151