MINUTE ENTRY
WILKINSON, M. J.
JUNE 6, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: INSURANCE CASES | SECTION "K" (2) |

## HEARING AND ORDER ON MOTION

APPEARANCES:  Scott Joanen, representing plaintiffs; Lindsay Larson and David Strauss, representing defendant State Farm Fire and Casualty Co. ("State Farm")

MOTION:  Defendant State Farm's Motion to Quash Deposition of Alexis King and for Protective Order, Record Doc. No. 5328

O R D E R E D:

 XXX : DENIED, subject to the order postponing the subject deposition contained herein. State Farm seeks to quash the deposition of Alexis King, who was State Farm's Catastrophe Claims Team Manager for southern Mississippi addressing claims arising from Hurricane Katrina. The deposition is noticed for June 11, 2007. For the following reasons, the motion is DENIED.

MJSTAR:    : **20**

State Farm seeks to quash the deposition essentially on two grounds. First, it argues that the deposition is premature under Case Management Order No. 4, Record Doc. No. 3299, which prohibits fact depositions concerning "common liability issues" before July 23, 2007, without leave of court.  The "common liability issues" that bind the insurance cases together in this litigation include (a) whether the subject policies provide coverage for the kind of water damage alleged, and (b) whether the proximate cause of the alleged water damage was the neglect of other defendants in this litigation.  Ms. King's deposition is not a deposition relating to "common liability issues as that term is defined in the order and therefore it is not prohibited by this order.  Rather, Ms. King's is a deposition of the type specifically contemplated to be allowed by Case Management Order No. 4 when it stated that the foregoing restriction "does not apply to individual, non-Rule 30(b)(6), case specific discovery in non-putative class actions brought by individual insureds within the Insurance umbrella." Id. at p. 34.

In defining "common liability issues," the court's order excluded "individual adjusting and other individual coverage issues asserted in the non-class action cases that are part of the Insurance category."  Record Doc. No. 3299, Section I(A) at p. 4.  The information plaintiffs seek to obtain from Ms. King is not information concerning levee/floodwall breaches or the legal issues concerning "flood" coverage exclusions that are currently pending in the Fifth Circuit. Rather, it is information concerning State Farm's more general manner of claims handling and adjusting practices related to individualized claims arising from Hurricane Katrina, including but not limited to the alleged bad faith nature of those practices. The information sought is relevant to hundreds of civil actions filed by individual insureds whose cases have been consolidated in the captioned matter only because one of their several claims against State Farm relates to the cause of levee/floodwall breaches and thus deal with "common liability issues" as defined in Case Management Order No. 4 only in part. These individual claims will remain pending and require discovery of the sort sought in Ms. King's deposition, regardless what happens in the Fifth Circuit or in connection with the "common liability" levee/floodwall breach issues. Thus, the predominant nature of the information about which Ms. King can be expected to testify relates to the individual adjusting claims of individual insureds of the type specifically contemplated to proceed without further delay by Section VII of Case Management Order No. 4.

Case Management Order No. 4 does not prohibit this deposition and is no impediment to the deposition proceeding.

Second, State Farm argues that because Ms. King's responsibility was for Hurricane Katrina claims in southern Mississippi, not Louisiana, her deposition is irrelevant to the captioned litigation and therefore outside the scope of Fed. R. Civ. P. 26(b)(1). In support of this argument, State Farm attaches the affidavit of Michael Entwistle, who states that he was in charge of State Farm's catastrophe claims offices responsible for claims handling and adjusting in Louisiana arising from Hurricane Katrina. Mr. Entwistle states in pertinent part in his affidavit that "Ms. King was never assigned to State Farm's catastrophe operation in Louisiana following Hurricane Katrina," but that "it is possible that Ms. King had communications with State Farm personnel assigned to catastrophe operations in Louisiana." Record Doc. No. 5188-5 (Exhibit B to Memorandum in Support).

State Farm's view of the concept of relevance under Rule 26(b)(1) is far too restrictive. Ms. King concededly occupied the same kind of managerial and supervisory position concerning State Farm's adjusting and claims handling practices arising from Hurricane Katrina in Mississippi as Entwistle occupied in Louisiana. As such, she can be expected to possess knowledge with corporation-wide relevance to the individual adjusting claims brought by insureds in the captioned litigation. It would strain credulity to conclude on the current record that State Farm's adjusting and claims handling practices relating to Hurricane Katrina claims in Mississippi were so different from its practices concerning claims arising from the same storm in Mississippi's close neighbor, Louisiana, that Ms. King has no relevant knowledge discoverable under Rule 26(b)(1). At a minimum, her testimony is reasonably calculated to lead to the discovery of evidence that may be admissible under Fed. R. Evid. 406 and/or 404(b), and her deposition should therefore proceed.

The grounds asserted by defendant in its written motion are without merit. However, <u>for the first time during oral argument</u>, defense counsel suggested that Ms. King's deposition should be quashed because during any such deposition she will be instructed by counsel not to answer questions and will assert her right not to incriminate herself under the Fifth Amendment. Defense counsel are admonished for the delay in these proceedings that is being caused by their failure to raise this important issue before today. However, under these circumstances, it would be a waste of time and expense to require that the deposition proceed as noticed. Accordingly,

**IT IS ORDERED** that the deposition currently scheduled for June 11, 1007, is hereby POSTPONED.
3

**IT IS FURTHER ORDERED** that counsel for defendant must file no later than **June 12, 2007**, a motion for protective order based on Fifth Amendment grounds. Plaintiffs' written opposition must be filed no later than **June 19, 2007**. The motion should be noticed for hearing before me on **June 27, 2007.** Any request for oral argument should be made in writing at the time of these required filings. Local Rule 78.1E.

                                JOSEPH C. WILKINSON, JR.
                                UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**