UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: LEVEE | * * | MAGISTRATE WILKINSON |
| 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289 | * * * * * * * * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED SUBMITTED ON BEHALF OF GULF GROUP INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MAY IT PLEASE THE COURT**: Contractor's defendant, Gulf Group Inc., submits the following Memorandum in Opposition to Plaintiff's Motion to Deem Matters Admitted and for attorney's fees and expenses.

Pursuant to Case Management Order No. 4 Section III (B)(2), plaintiff's were ordered to propound discovery pertaining to and limited to class certification issues. Exactly what would qualify as a class certification issue is obviously open to some level of interpretation, but it is clear that discovery propounded on specific defendants must go toward subjects about which the defendant has some plausible basis of knowledge pertaining to matters of consequence in the

context of this Court's effort to adjudicate the merits of plaintiff's class allegations. To that end, plaintiff's Request for Admissions to Gulf Group, Inc. fail substantially.

In addition to the limitations imposed by Case Management Order No. 4, the general rules of discovery apply. Request for Admission are governed by Federal Rule of Civil Procedure 36. Rule 36 allows for the service of Request for Admission as to the truth of any matter within the scope of Federal Rule of Civil Procedure 26 (b)(1).

In response to plaintiff's purported class certification Request for Admission, several defendant's, Gulf Group, Inc. included, objected on grounds that request are not compliant with Case Management Order No. 4. The merits of those objections have not been tested and ruled upon by the court. Gulf Group, Inc. does not wish to mislead the court and does acknowledge that its own objections were served upon plaintiff's counsel under cover of May 8, 2007. Obviously, this response was provided after the stated deadline of April 30, 2007, but if, in fact, the requests fall outside of the scope discovery permitted by a Case Management Order No. 4 then they are nullity as they were not properly propounded in the first place. For various reasons discussed herein below, Gulf Group, Inc. submits that the requests are non-compliant. Further the remedy sought by plaintiff's counsel would itself be a nullity insofar as the effect of an admission by Gulf Group as to the various matters addressed in plaintiff's Request for Admission would have absolutely no substantive bearing on the courts consideration of class certification issues. In short, plaintiff's Motion seeks to have Gulf Group judicially estopped from denying matters upon which it has no basis of knowledge to admit or deny, many of which have no or only barely discernible relevance to the issue at hand.

In addition to asking for a Court order deeming certain matters admitted by Gulf Group, Inc., plaintiff's asked the Court to impose a sanction of attorney's fees and expenses. Plaintiff's

submit that they are entitled to the monetary sanction pursuant to Federal Rule of Civil Procedure 37(a)(4)(A). A simple reading of the cited statute makes perfectly clear that this remedy is not available in context of the present Motion. The quoted language applies to Motions for Order Compelling Discovery propounded pursuant to Federal Rules of Civil Procedure 26,30,31,33 and 34. Refusals (failures) to respond to Request for Admission are subject to the provisions of Federal Rule Civil Procedure 37(c). That subparagraph contains no provision for an award of cost and attorney fees incurred in connection with the instant Motion. Given the availability of self-executing remedial deemed admissions, there is no reason why plaintiff would need to bring the instant Motion and, therefore, there is no reason why this defendant should be sanctioned with plaintiff's cost and attorney's fees incurred in connection with the Motion. The only reason for bringing the instant Motion is to test the sufficiency of plaintiff's compliance with Case Management Order No. 4 which is, after all, the basis of various defendants, including Gulf Group, Inc.'s, objections to the requests.

With the foregoing in mind, Gulf Group, Inc. incorporates plaintiff's Request for Admission by reference and submits the following brief comments with respect to each. Gulf Group, Inc. has no knowledge, nor should it be expected to have any knowledge, as to whether any or all purport class representatives have submitted form 95, referenced in Request for Admissions No. 1 to the US Army Corps of Engineers. Request for Admission 2 and 3 likewise address matters of concern between individual plaintiff's and the Corps of Engineers only. Request for Admission No. 4 is irrelevant to the issue of class certification insofar as resolution of claims between Gulf Group, Inc. and any class or subclass representative has any bearing on class certification issues. Request for Admission No. 5 again asks Gulf Group to admit matters for which it has no basis of knowledge. Request for Admission No. 6 is vague and ambiguous to

the point of being incapable of being meaningfully addressed. Request for Admission No. 7 and 8 again asked for Gulf Group, Inc. to admit matters as to which it has no basis of knowledge. Gulf Group, Inc. acknowledges that potential members of the purported class are numerous to the point where jointers of each in a single cumulated action would be impracticable. The same may be said for Request for Admission No. 10-14. Gulf Group, Inc. has no knowledge as to the truth of matters asserted in Request for Admission 15-19. Request for Admission No. 20 ask Gulf Group to admit a uniform risk of inconsistent varying adjudications of claims among unidentified people to whom Gulf Group has varying degrees of potential liability including many to whom this defendant has no potential liability whatsoever. Request for Admission No. 21 is ambiguous and Gulf Group is incapable of meaningfully responding to this request. Group Gulf, Inc. has no knowledge as to whether each of the identified waterways in Request for Admission No. 22 were in the custody of one or more defendants. Request for Admission No. 23 again ask about form 95 which is beyond the scope of Gulf Group's knowledge in this matter. Gulf Group, Inc. also has no knowledge as to the accuracy of matters set forth in Request for Admission No. 24-49.

Even if the court were to determine that Gulf Group has admitted the matters set forth in Request for Admission the practical effect would be minimal as the Court's class certification decision will have little or no relevance to Gulf Group's position on these matters. Arguably the Court could preclude Gulf Group from challenging certification on grounds specific to these particular requests, but Gulf Group's lack of meaningful knowledge on these subjects makes such a ruling an essentially vain and useless act.

For the foregoing reasons Gulf Group, Inc. respectfully submits that plaintiff's motion should be denied in its entirety.

RESPECTFULLY SUBMITTED,

_____
GLENN B. ADAMS (Bar No. 2316)
MICHAEL W. COLLINS (Bar No. 12919)
JAMES ERIC JOHNSON (Bar No. 23800)
BRYAN J. HAYDEL, Jr. (Bar No. 27500)
ELEANOR W. WALL (Bar No. 29695)
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
(225) 383-8920 Telephone
(225) 383-7900 Facsimile
Attorneys for Gulf Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing has been served upon the members of the Levee Litigation Group by electronic means and/or United States Mail, this __15th__ day of June, 2007.

_____
James Eric Johnson