UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
|  | * | JUDGE DUVAL |
|  | * | MAG. WILKINSON |
|  | * |  |
|  | * |  |
| _____ | * |  |
|  | * |  |
| PERTAINS TO: | * |  |
| INSURANCE CASES | * |  |
|  | * |  |

**************************************************

**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH DEPOSITION OF ALEXIS KING**
**AND FOR PROTECTIVE ORDER**

State Farm Fire and Casualty Company ("State Farm"), moves this Court for entry of an order quashing the deposition of Alexis King and precluding her deposition as noticed by Plaintiff's Insurance Liaison Counsel.  (Notice of Deposition attached as Exhibit "A").  As set forth herein, Alexis King was a catastrophe claim team manager for State Farm based in Mississippi following Hurricane Katrina.   Due to ongoing criminal and congressional investigations involving Ms. King, Ms. King would be instructed by her counsel to assert the Fifth Amendment privilege against self incrimination should she be compelled to provide

deposition testimony in this matter.  Accordingly, the proposed deposition is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

## I.      BACKGROUND

State Farm previously moved this Court to quash the deposition of Alexis King on the basis that:  1) the deposition notice violated Case Management Order No. 4 and 2) the deposition would not lead to relevant evidence because Ms. King had no association with the handling of claims in Louisiana.  This Court issued an Order denying State Farm's motion and postponing the deposition of Alexis King.  This Court invited State Farm to submit a second Motion to Quash based on State Farm's representations that it believed Ms. King would assert the Fifth Amendment privilege against self incrimination should she be compelled to testify.

The United States Attorney for the Southern District of Mississippi is currently conducting an investigation related to allegations of criminal misconduct by State Farm and other insurers, as well as certain of their employees, arising from the adjustment of insurance claims filed for damages to properties following Hurricane Katrina.  In addition, the Attorney General of the State of Mississippi and two congressional subcommittees (House Homeland Security Committee and Financial Services Committee) have open investigations related to the same allegations.  (See Affidavit of Joseph M. Hollomon, attached as Exhibit "B").

Alexis King is an employee of State Farm who was a catastrophe claim team manager assigned to supervise claims in Mississippi arising from Hurricane Katrina.  Due to Ms. King's position with State Farm she has been identified as a target and/or potential target of these ongoing investigations (Exhibit "B").  Therefore Ms. King has retained attorney Joseph M. Hollomon pertaining to these investigations.  As noted by the attached Affidavit from Mr. Hollomon, the United States Attorney for the Southern District of Mississippi has refused to

provide binding assurances to Mr. Hollomon regarding Ms. King's status other than to state the federal investigation is ongoing (Exhibit "B").   Furthermore, the Special Assistant Attorney General for the State of Mississippi specifically advised Mr. Hollomon that Ms. King was a target of the criminal investigation being conducted by the Mississippi Attorney General (Exhibit "B").   The Attorney General informed State Farm that his criminal investigation had been concluded but has since been quoted in the news media indicating the contrary (Exhibit 'B').   The Attorney General has also since reinstituted a civil suit which was understood to have been resolved at the same time that he asserted that his criminal investigation had been concluded. (Exhibit "B").

In the context of Hurricane Katrina litigation pending in the United States District Court for the Southern District of Mississippi and United States District Court for the Northern District of Alabama certain plaintiffs have sought the deposition of Alexis King for the same or similar reasons stated by the plaintiffs herein.   These depositions were allowed to proceed under a Protective Order sealing those depositions.   *See*, *e.g.*, *Lott v. State Farm Fire and Casualty Company*, No. 1:06CV519-LTS-RHW (S.D. Miss. 04/08/07) (Order – Document 75) (Attached as Exhibit "C"); *Guy v. State Farm Fire and Casualty Company*, No. 1:06CV249-LTS-RHW (S.D. Miss. 04/05/07) (Order – Document 119).   (Attached as Exhibit "D").   During these depositions Ms. King's counsel instructed Ms. King to assert her Fifth Amendment privilege. (Exhibit "B" at p. 2).

Based upon the foregoing and other facts known to Ms. Hollomon, he attests that if his client, Ms. King, is compelled to testify at a deposition in this matter he will instruct her to invoke her rights under the Fifth Amendment to the Constitution of the United States and he fully expects her to follow his advice as she has in prior such depositions.  (Exhibit "B").

3

## II.    LAW AND ARGUMENT

This Court noted during oral argument on State Farm's previously filed Motion for Protective Order on this matter that if Ms. King has a valid reason to assert her Fifth Amendment privilege against self incrimination and were to be instructed to utilize this privilege in her deposition, the deposition would not result in any meaningful discovery.  As noted above, Ms. King indeed has a valid basis for asserting her Fifth Amendment privilege and will be instructed to do so by her personal counsel.

The Fifth Amendment privilege against self incrimination applies in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.  *In Re:   Corrugated Container Anti-Trust Litigation*, 620 F.2d 1086, 1091 (5th Cir. 1980).  The privilege

> applies only when the possibility of self-incrimination is a real danger, not a remote and speculative possibility….[T]he claim of privilege must be sustained if it is 'evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'  If, however, the incriminating nature of the response is not readily apparent to the court, the claimant must 'specify how he would be injured by any specific question [or answer]' …. In short, unless the danger of self-incrimination is readily apparent, the burden of proving that the danger exists lies on the claimant.

*Steinbrecher v. Commission of Internal Revenue*, 712 F.2d 195, 197 (5th Cir. 1983) (quoting *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951), and *United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977)). Yet, "If a party reasonably apprehends a risk of self-incrimination, he may claim the privilege though no criminal charges are pending against him…and even if the risk of prosecution is remote." *Wehling v. Columbia Broadcasting System,* 608 F.2d. 1084, 1086 Fn. 5 (5th Cir. 1979)*(citations omitted).*

In *Wehling v. Columbia Broadcasting System,* the Fifth Circuit emphasized the need for a protective order to protect civil litigants that face potential (but not pending) criminal prosecution. Therein, Wehling filed a civil libel action against CBS alleging CBS defamed him by airing a show that suggested Wehling had defrauded the students of schools he operated and the federal government by abuse of the federal student loan program. CBS sought Wehling's deposition. Wehling sought a protective order from the district court based on the fact that he had been subpoenaed to testify in a grand jury proceeding that was generally investigating federal student loan programs. The district court denied his Motion and ordered that he give testimony. Wehling asserted his Fifth Amendment privilege to the questions. The district court in turn dismissed Wehling's suit for failure to comply with a discovery order.

Wehling appealed the district court's dismissal. The Fifth Circuit reversed. The court of appeal noted that there was no question under the circumstances that Wehling had the right to assert the privilege. The Fifth Circuit  further held that the district court should have issued a protective order precluding the deposition for three years, until the statute of  limitations for any potential criminal action had expired. In attempting to balance the right of CBS to conduct discovery and the need to "protect the party exercising a constitutional privilege from unnecessary adverse consequences" the court held the balance tips in favor of the party asserting the privilege. *Id.* at 1088-1089.

Also instructive is this Court's Order and Reasons in *Leo Mitchell v. La. Law Enforcement Agency, et al*, No. 01-877 (E.D. La. 5/4/2004) (document 67).   Therein Mr. Mitchell was a pre-trial detainee awaiting a criminal trial in state court on a charge of first degree murder.  Simultaneously he filed a civil rights action against the Louisiana Law Enforcement Agency alleging excessive force was used against him in connection with his arrest.  This Court

granted the defendant's Motion to Stay Discovery in Mr. Mitchell's civil matter. This Court noted that under those circumstances the plaintiff in the civil matter would be entitled to assert the privilege against self incrimination. This Court explained that the potentially incriminating nature of any testimony the plaintiff might provide in a discovery deposition in the civil matter concerning his claim of excessive force in connection with the incident that lead to him being charged criminally was readily apparent. Thus this Court found that if the civil case proceeded and discovery ensued there was considerable danger the plaintiff would jeopardize his Fifth Amendment privilege.

Here, it is evident from the areas of inquiry identified by the plaintiffs for which they intend to question Ms. King that any claim of privilege would be valid. Ms. King is associated with two separate criminal investigations and two separate congressional investigations concerning claims handling procedures utilized by State Farm in adjusting Hurricane Katrina insurance claims. The plaintiffs herein have specified they intend to question Ms. King about those very claims handling practices. Thus, as Mr. Hollomon has attested, Ms. King would properly be instructed to assert her privilege against self incrimination were she required to provide any testimony in this civil proceeding. Ms. King had no involvement in the adjustment of claims in Louisiana, thus her testimony would necessarily be limited to discussion of the Mississippi claims handling practices that are the subject of the referenced investigations and would not include testimony about facts that are outside the scope of the privilege. (Affidavit of Michael Entwistle, attached as Exhibit "E"). The plaintiffs cannot reasonably assert they will obtain any relevant or admissible evidence by deposing Ms. King, who will have no alternative but to refuse to answer any questions on the basis of privilege. The defendants suggest that the reason the plaintiffs seek the deposition of Ms. King is to improperly ask her inflammatory

questions that they know she cannot supply an answer to other than to assert her privilege and in turn attempt to manipulate this evidence to prejudice the triers of fact who may ultimately be called upon to decide the issues in the Katrina Canal Breaches Consolidated Litigation.

## III.   CONCLUSION

For the reasons set forth herein, the deposition of Ms. King must be quashed and this Court should issue a Protective Order precluding Ms. King from being deposed as any such discovery will both place her right to avoid self incrimination in jeopardy and furthermore not result in any discoverable information as pertinent to the issues at hand.

Respectfully submitted:

_____/s/ David A. Strauss_____
DAVID A. STRAUSS #24665
LINDSAY A. LARSON, III #8053
CHRISTIAN A. GARBETT #26293
ADAM P. MASSEY #29330
SARAH R. SHANNAHAN #30957
KING, LEBLANC AND BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
Attorneys for State Farm Fire and Casualty Company
dstrauss@klb-law.com
llarson@klb-law.com
cgarbett@klb-law.com
amassey@klb-law.com
sshannahan@klb-law.com

_____/s/ Wayne J. Lee_____
Wayne J. Lee #7916
Stephen G. Bullock #3648
Sarah H. Barcellona #28080
   Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361


_____/s/Charles L. Chassaignac, IV_____
CHARLES L. CHASSAIGNAC, IV #20746
JAMES ERIC JOHNSON #23800
BRYAN J. HAYDEL, JR. #27500
ELEANOR WEEKS WALL #299695
PORTEOUS, HAINKEL AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801-1309
(225) 383-8900 Telephone
(225) 383-79000 Facsimile
Attorneys for State Farm Fire and Casualty Company

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Motion to Quash Deposition of Alexis King and for Protective Order has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by electronic mail this 18th day of June, 2007.

_____/s/ David A. Strauss_____