UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO.: 05-4182 |
| | SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1185,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

---

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION AND ORDER TO
COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
ON BEHALF OF ORLEANS LEVEE DISTRICT**

The defendant, Orleans Levee District ("O.L.D.") submits the following memorandum in opposition to the plaintiffs' Motion to Compel.

**BACKGROUND**

O.L.D. timely responded to the plaintiffs' class certification written discovery on April

-1-

30, 2007. Plaintiffs now contend that certain responses are inadequate and seek to compel supplementation of those responses. O.L.D. contends that all of its responses are sufficient and opposes the motion to compel.

## ARGUMENT

**I.    Requests for Production**

The plaintiffs contend that the O.L.D. responses to their Requests for Production Numbers 7, 9, 10, 12, 13, 14, 15, and 16 are insufficient.[1] Plaintiffs compel the production of documents which O.L.D. does not have and therefore cannot produce. Plaintiffs' Request No. 7 seeks documents that "would establish the number of persons residing on August 29, 2005 in the geographical are encompassed by the class definition or subclass of it."[2] O.L.D. has no such documents in its possession. Moreover, O.L.D. does not contest the "numerosity" element with respect to the proposed class and sub-classes in this matter.[3] Therefore, this request is irrelevant.

Plaintiffs also compel responses to Requests No. 9, 10, 12, 13, 14, 15, and 16. These requests seek documents regarding the source, cause, process, timing, depth, duration and recession of the inundation and precipitation within the geographical area encompassing the putative class. O.L.D. has no such documents in its possession but has referred plaintiffs to relevant public documents regarding these issues. Plaintiffs compel these responses in their

---

[1] See attached Appendix "A," which lists plaintiffs' discovery requests along with responses of O.L.D. which are in contention in plaintiffs' Motion to Compel.

[2] The Levee Plaintiffs' First Set of Requests for Admission, Interrogatories and Requests for Production of Documents, p. 14.

[3] Objections and Answers to Levee Plaintiffs' First Requests for Admission, Interrogatories, and Requests for Production of Documents Regarding Class Certification, p. 6-8.

motion, arguing that O.L.D.'s responses are insufficient because public availability of requested documents is not, by itself, "a valid basis for objecting or refusing to produce such documents if they are within the possession, custody or control of the responding party."[4]  Relative to the scope of requests for production of documents, Federal Rule 34(a) provides that "any party may serve on another party a request" to produce documents "which are in the possession, custody or control of the party upon whom the request is served."  "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."[5]

Plaintiffs are in possession of the same reports and materials where information responsive to the Requests for Production can be found.  O.L.D. properly directed the plaintiffs to the publicly available documents identified in the class certification hearing exhibit list previously submitted, which documents are the same as those listed in plaintiffs' class certification witness and exhibit list.  As plaintiffs have equal access to these materials, O.L.D. should not be compelled to produce them.

**2.      Requests for Admissions**

Plaintiffs further contend that O.L.D. failed to adequately respond by stating objections to Requests for Admissions No. 22, 26, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, and 42.[6]  Contrary

---

[4] Memorandum in Support of Plaintiffs' Motion to Compel Discovery, p. 3.

[5] *Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325, 333 (D. Kan. 1991)(citing *Securities & Exchange Commission v. Samuel H. Sloan & Co.,* 369 F.Supp. 994, 995 (S.D.N.Y. 1973)).

[6] See Appendix "A," p. 2-12.

to the plaintiffs' assertion that "objecting to the Admissions of Fact is not a valid answer,"[7] according to the language of Rule 36(b), "the party to whom the request is directed serves upon the party requesting the admission a written answer or an objection addressed to the matter ... if objection is made, the reasons therefor shall be stated."[8]

In response to each of the plaintiffs' Requests for Admissions, O.L.D. has either denied, admitted, or objected to the subject matter. For each requests to which it objected, O.L.D. provided the reason therefor pursuant to the clear provisions of Rule 36(b). Because O.L.D. has fulfilled the requirements of Rule 36 governing responses to Requests for Admissions, plaintiffs are not entitled to compel different responses to the properly answered requests.

**3.    Interrogatories**

Plaintiffs assert that O.L.D.'s answers to Interrogatory Nos. 1, 4, 5 and 7 are insufficient, but do not disclose why the answers are inadequate.[9] O.L.D. provided a detailed answer to Interrogatory No. 1, but for Interrogatory Nos. 4, 5, and 7 could give no answer due to the lack of knowledge at this early stage of discovery. Pursuant to its continuing duty to supplement its responses, O.L.D. will submit further answers once the non-privileged information becomes known and/or discovered by O.L.D., but cannot be compelled to do so at this time because it does not currently have the requested information.

**CONCLUSION**

---

[7]    Memorandum in Support of Plaintiffs' Motion to Compel Discovery, p. 3.

[8]    Fed.R.Civ.P. 36.

[9]    See Appendix "A," p. 12-14.

O.L.D. opposes the plaintiffs' Motion to Compel because its discovery responses to plaintiffs' Requests for Production, requests for Admission and Interrogatories are adequate given the knowledge and information of O.L.D. and the discovery completed to date.

WHEREFORE, the Orleans Levee District prays that the plaintiffs' Motion to Compel Defendant's Answer to Interrogatories and Request for Production of Documents be denied.

Respectfully submitted,

LABORDE & NEUNER

*s/Ben L. Mayeaux*
Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:	(337) 237-7000
FACSIMILE:	(337) 233-9450

and

McCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & McDANIEL
Thomas P. Anzelmo, P.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE:	(504) 831-0946
FACSIMILE:	(504) 831-2492

Attorneys for the ORLEANS LEVEE DISTRICT

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of June, 2007, a copy of the above and foregoing **Memorandum in Opposition to Plaintiffs' Motion to Compel** was filed electronically with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system.

                                        *s/Ben L. Mayeaux*
                                          COUNSEL