# APPENDIX "A"

**A Listing of the Levee Plaintiffs' Discovery Requests and O.L.D.'s Corresponding Responses:**

1.  REQUESTS FOR PRODUCTION OF DOCUMENTS

    Request for Production No. 9:

    Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

    Response to Request for Production No. 9:

    See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

    Request for Production No. 10:

    Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

    Response to Request for Production No. 10:

    See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

    Request for Production No. 12:

    Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request for Production No. 12:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

Request for Production No. 13:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>depth</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request for Production No. 13:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

Request for Production No. 14:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>duration</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request for Production No. 14:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

Request for Production No. 15:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the <u>receding</u> of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request for Production No. 15:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

Request for Production No. 16:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Class definition, or any Sub-Class of it.

Response to Request for Production No. 16:

See the publicly available documents identified in the class certification hearing exhibit list previously submitted. Otherwise, this request is premature. The reports of the experts retained by the O.L.D. as outlined above will be produced in accordance with CMO #4. Finally, to the extent this request seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

2. REQUESTS FOR ADMISSIONS

Request for Admission No. 22:

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of the Louisiana Civil Code art. 2317.

Response to Request for Admission No. 22:

Objection. This request is improper as it seeks conclusions of law. Moreover, the term "Canal" is not defined. The referenced canals or drainage outfall canals are comprised of multiple segments, components, structures, and equipment, and this request does not specify to which it is directed. Therefore, this question is vague and ambiguous and cannot be accurately answered as written. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:
Depending upon which segment, component, structure, or equipment is at issue, the O.L.D. admits that one or more of the named defendants and other persons had "custody" of a given segment, component, structure, or equipment as of August 29, 2005. In all other respects, denied.

Request for Admission No. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

Response to Request for Admission No. 26:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated." Moreover, the O.L.D. has no knowledge as to the sources of the "initial inundation" for each class member which sources may have included rain, wind-blown rain, overtopping of levees, or drainage facilities that were overwhelmed. The source of the "initial inundation" experienced by each individual class member is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request.

Request for Admission No. 31:

The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

Response to Request for Admission No. 31:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:
The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single

4

source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 32:

The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

Response to Request for Admission No. 32:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:
The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 33:

The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

Response to Request for Admission No. 33:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 34:

The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

Response to Request for Admission No. 34:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that

were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 35:

The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

Response to Request for Admission No. 35:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:
The O.L.D. has no knowledge with respect to whether all proposed class members within the proposed class geographical boundaries were "inundated," or if "inundated," whether an individual class member's "inundation" was due to a single source or multiples sources. Numerous sources, which may have included rain water accumulation, wind-blown rain, overtopping of levees, and drainage facilities that were overwhelmed, may have been contributing sources, acting alone or in concert with other sources, of "inundation" to the class members. The sources of the waters contributing to the "inundation" of each individual class member and the determination of whether, and if so, to what extent each potential source contributed to an individual class member's "inundation" is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the source of the "inundation" affecting every class member is "common" are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 37

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

Response to Request for Admission No. 37:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and/or SWB caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and/or SWB with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and/or SWB is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 38:

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

Response to Request for Admission No. 38:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and/or SWB caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and/or SWB with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and/or SWB is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 39:

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

Response to Request for Admission No. 39:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all

class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of Corps, B&K Construction, Burk-Kleinpeter, and/or Gotech caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, B&K Construction, Burk-Kleinpeter, and/or Gotech with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, B&K Construction, Burk-Kleinpeter, and/or Gotech is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 40:

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

Response to Request for Admission No. 40:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:
With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, Corps, OLD, and/or St. Paul caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, OLD, and/or St. Paul with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, OLD, and/or St. Paul is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit

or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 41:

Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

Response to Request for Admission No. 41:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant was negligent, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of Corps, CSX, OLD, PBR, PNO, and/or St. Paul caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the Corps, CSX, OLD, PBR, PNO, and/or St. Paul with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the Corps, CSX, OLD, PBR, PNO, and/or St. Paul is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

Request for Admission No. 42:

Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

Response to Request for Admission No. 42:

Objection. This request is improper as it seeks a conclusion of law. However, in the event this objection is not sustained, and out of an abundance of caution, the O.L.D. responds as follows:

With respect to determining the existence of common issues for class certification purposes, the determination of whether a defendant breached a statutory, in a vacuum, is insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether any defendant was at fault for the breach of a statutory duty, and whether that fault caused every proposed class members' damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the defendants with other persons caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

3. INTERROGATORIES

Interrogatory No. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: **(i)** a list of all persons, by name and title, you contacted in formulating your response; **(ii)** a description of the information they provided to you in formulating your response; and **(iii)** an explanation of the basis for your denial or qualification of your response.

Answer to Interrogatory No. 1:

Objection. This interrogatory requests communications protected by the attorney-client privilege and seeks production of attorney work product and preliminary opinions and draft reports of experts specifically protected from disclosure by CMO #4 Sec. II(D)(5). Without waiving the objections, the O.L.D. responds as follows:

(I.) For each request for admission that was denied, and for each request for admission that was admitted with qualifications, counsel conferred with Stevan Spencer, Director of Hurricane & Flood Protection for the Orleans Levee District, and experts retained on behalf of the O.L.D., Dr. Paul Kuhlmeier, Gregory Rigamer, Michael Truax, Dan Milham, and Dr. James Richardson.

(II.)     Mr. Spencer identified categories of information and data compiled or utilized in the O.L.D.'s ordinary business activities and information known or readily available to the O.L.D. upon reasonable inquiry of persons or review of documents within the O.L.D.'s control. The preliminary opinions of experts consulted by the O.L.D. are specifically protected from disclosure by CMO #4 Sec. II(D)(5).

(III.)     Objection. For each request for admission that was denied, and for each request for admission that was admitted with qualifications, the explanation for the denial or qualification is included within the response. Thus this interrogatory is redundant. Moreover, to the extent this interrogatory seeks the mental impressions or work product of counsel, or the preliminary opinions and draft reports of experts, that information is privileged and specifically protected from disclosure by CMO #4 Sec. II(D)(5).

Interrogatory No. 4:

If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please **(i)** set forth every fact you believe supports your contention, and **(ii)** identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

Answer to Interrogatory No. 4:

The O.L.D. contests whether the class representatives' claims satisfy the "adequacy" requirement.
This interrogatory is premature at this time as there has been no discovery in this regard.

Interrogatory No. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you. If the answer is "none known at this time" please say so.

Answer to Interrogatory No. 5:

This interrogatory is premature as claim forms have not been produced and there has been no discovery in this regard. _____

Interrogatory No. 7:

Based upon the claims forms and/or all other information received to date, including the Complaint, please **(i)** identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and **(ii)** state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the class representatives.

Answer to Interrogatory No. 7:

This interrogatory is premature as claim forms have not been produced, and there has been no discovery in this regard.