## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289<br><br>PERTAINS TO: LEVEE | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

## MEMORANDUM OF THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**MAY IT PLEASE THE COURT:**

### Introduction

On April 30, 2007, the Board of Commissioners of the Port of New Orleans timely responded to the Levee Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents. See, Exhibit 1. On May 14, 2007, Plaintiffs'

- 1 -

counsel, Darleen M. Jacobs, sent a letter to Charles M. Lanier, Jr., Esq., attorney for the Sewerage and Water Board of New Orleans ("S&WB"), unilaterally setting up a Rule 37.1 Conference for May 21, 2007, at 10:00 a.m., and containing the conclusory statement that certain discovery responses by the Board of Commissioners of the Port of New Orleans ("Dock Board") were insufficient. See, Exhibit 2. Mr. Lanier is not counsel of record for the Dock Board. A copy of this letter was not sent by Miss Jacobs to undersigned counsel for the Dock Board. Several hours after the discovery conference was to have occurred on May 21, 2007, a copy of this May 14, 2007 letter was forwarded by Mr. Lanier to undersigned counsel via facsimile. See, Exhibit 3. Because the May 14th letter discussed Mr. Lanier's request to Plaintiffs' counsel for Form 95s (something that counsel for the Dock Board had not requested) it was assumed that Plaintiffs' counsel had simply mistaken the Dock Board for the S&WB in her letter.

Two days later, however, on May 23, 2007, undersigned counsel received a telephone call from Miss Jacobs, and a telephone conference regarding the alleged deficiencies in the Dock Board's responses to certain of Plaintiffs' discovery requests was held. In the spirit of cooperation, on May 24, 2007, the Dock Board prepared and served supplemental responses to those discovery requests the Plaintiffs felt were insufficient. See, Exhibit 4.

Plaintiffs have now filed a Motion to Compel wherein Plaintiffs again make statements regarding counsel for the S&WB being the Dock Board's enrolled counsel of record, attach the S&WB's discovery responses as an exhibit, and make no reference

to, or even mention of, the Dock Board's 24 May supplemental responses. As explained below, the Plaintiffs' motion lacks merit and should respectfully be denied.

### 1. The Dock Board's responses to Plaintiffs' Request for Admissions fully comply with FRCP 36(a).

In their motion, Plaintiffs state that defendant "has failed to adequately answer Admissions of Fact Nos. 22, 26, 27, 37, 38, 39, 40 and 46." Plaintiffs further state that "[o]bjecting to the Admissions of Fact is not a valid answer." A plain reading of FRCP 36 shows that there are at least five appropriate responses to a Request for Admission:

(1)   Admit;

(2)   Deny;

(3)   Object, stating the reasons for the objection;

(4)   Neither admit nor deny based upon lack of information or knowledge after a reasonable inquiry shows that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny; or

(5)   When a party considers that the matter of which an admission has been requested presents a genuine issue for trial, the party may either: (a) Deny the matter, subject to the provisions of Rule 37(c); or (b) Set forth reasons why the party cannot admit or deny the request.

See, FRCP 36 (a). As will be explained more fully below, it is respectfully submitted that the Dock Board's responses to the Requests for Admissions at issue fully comply with FRCP 36.

In its supplemental response, the Dock Board objected to Request for Admission No. 22 because it improperly seeks an admission regarding a legal conclusion. Plaintiffs' Request for Admission No. 22 stated:

- 3 -

> As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

The Dock Board responded:

ANSWER TO REQUEST FOR ADMISSION NO. 22:

> Objection. This Request improperly seeks an admission regarding a legal conclusion. Defendant further objects to this request to the extent it seeks admissions that are irrelevant to any claim advanced in this litigation. To the extent that plaintiffs' definition of "things" refers to the flood control devices along the identified waterways, this request is denied as it pertains to the Dock Board.

See, Exhibit 4.

Louisiana Civil Code Article 2317, referenced in the Request, reads in part, "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Under FRCP 36, it is well settled that a request to admit a pure matter of law is improper. See, Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997). Whether or not the various bodies of water Plaintiffs refer to in Request for Admission No. 22 qualify as "things" under this Code Article and whether one or more defendants had "custody" over any or all of them, within the meaning of the Article, call for a legal interpretation of the Article's statutory language and is not the proper subject of a Request for Admission. Statutory interpretation is a pure matter of law for the Court to undertake. See, Atlantic City Municipal Utilities Authority v. Regional Administrator, 803 F.2d 96, 105 (3rd Cir. 1986)("The interpretation of statutory language is a matter of

- 4 -

law subject to review in the courts."). Given the foregoing, it is respectfully requested that the Dock Board's objection to Plaintiffs' Request for Admission No. 22 be sustained.

In the remaining Requests for Admission Nos. 26, 27, 37, 38, 39, 40, and 46 at issue, the Plaintiffs seek admissions regarding matters which present a genuine issue for trial at either the class certification phase or the common liability phase of the litigation:

REQUEST FOR ADMISSION NO. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

REQUEST FOR ADMISSION NO. 38:

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

REQUEST FOR ADMISSION NO. 39:

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III

of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

REQUEST FOR ADMISSION NO. 40:

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Subclasses Four and Five.

REQUEST FOR ADMISSION NO. 46:

The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

As authorized by FRCP 36, the Dock Board responded to these Requests as follows:

The matter of which an admission has been requested presents a genuine issue for trial at the class certification phase of the litigation. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.[1]

See, Exhibit 4.

It will be noted that the Dock Board is not referenced in any of these Requests for Admissions. Also, at this beginning stage of the discovery process, the Dock Board simply does not have sufficient knowledge or information to truthfully admit or deny these requests. The Dock Board does not know whether "every member" of a particular sub-class was even subjected to flooding let alone whether "every member" experienced initial inundation that had as its source a particular body of water. That will be determined by the trial in this matter after all of the evidence has been gathered. Also, whether the commission of allegedly negligent acts or omissions by certain listed

---

[1] In the responses to Request for Admission Nos. 26 and 27, the phrase "at the class certification phase of the litigation" was omitted at the end of the first sentence.

- 6 -

defendants is a question common to "every member" of a particular class or sub-class presupposes that "every member" suffered damage and that the damage suffered was caused by the specified defendant's alleged negligent acts or omissions. Once again, the Dock Board does not know whether "every member" suffered damage or whether the actions of a particular defendant caused any such damage. Whether or not a class should be certified is a hotly contested issue and goes to the very heart of this litigation. It is respectfully submitted that the Dock Board's responses to Plaintiffs' Requests for Admission are valid under FRCP 36 and should be upheld.

2. **Plaintiffs' Interrogatory No. 1 is arguably improper as it seeks information contrary to that required by FRCP 36. Plaintiffs' remaining Interrogatories seek information that the Dock Board does not yet have at this early stage of discovery.**

Turning next to the Interrogatories at issue, the Plaintiffs do not discuss why they feel that the Dock Board's responses to Interrogatory Nos. 1, 2, and 13 are insufficient. Plaintiffs' Interrogatory No. 1 states as follows:

INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

In answering Interrogatory No. 1, it should be noted that the Dock Board did not specifically deny any Request for Admission. Also, the Dock Board interpreted the phrase "qualified your answer" as pertaining to a Request for Admission that was admitted in part and denied in part. Thus, the Interrogatory was essentially not

applicable. The only potential "denial" was conceivably in a follow-on to Request for Admission No. 22, which was objected to on the basis that the Request sought an admission regarding a legal conclusion, wherein the Dock Board further stated, "[t]o the extent that plaintiffs' definition of 'things' refers to flood control devices along the identified waterways, this request is denied as it pertains to the Dock Board." See, Answer to Request for Admission No. 22 (Exhibit 4). This denial was based upon the duties and responsibilities assigned to the Dock Board by the Louisiana Legislature in Title 34, said duties and responsibilities of the Dock Board not including flood control devices. Also, the responsibility for flood control devices was exclusively assigned by the Louisiana Legislature to other defendants in Title 38 of the Louisiana Revised Statutes. Those statutory titles were referenced in the Dock Board's response to subpart (iii) of Interrogatory No. 1.

Moreover, even if this Interrogatory was applicable, which is specifically denied, Plaintiffs' Interrogatory No. 1 is improper:

> Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admission were intended to serve..

See, Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D.Cal. 1998). "Requests for admissions and interrogatories are not interchangeable procedures." See, In re Olympia Holding Corporation, 189 B.R. 846, 853 (M.D.Fla. 1995). Mandating that a party explain its denial of a Request for Admission conflicts with FRCP 36, which requires no explanation for such a denial. Finally, because there is generally no limit on

the number of Requests for Admission that may be served upon a party, Courts have recognized such interrogatories as attempts to "circumvent the numerical limit [on interrogatories] contained in Rule 33 (a)." See, Safeco of America, 181 F.R.D. at 445.

Plaintiffs' Interrogatory Nos. 2 and 13 seek information from the Dock Board that it simply does not have in this beginning stage of the discovery process:

INTERROGATORY NO. 2:

>If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

INTERROGATORY NO. 13:

>Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

The Dock Board responded to these Interrogatories as follows:

ANSWER TO INTERROGATORY NO. 2:

>Discovery is in its beginning stages. The Dock Board does not yet have sufficient information to form an opinion as to whether or not the numerosity requirement is satisfied.

ANSWER TO INTERROGATORY NO. 13:

>Discovery is in its beginning stages. The Dock Board does not yet have sufficient information to form an opinion regarding the source of inundation or the manner in which the inundation referred to in the request occurred.

See, Exhibit 4. In these two interrogatories, the Plaintiffs are essentially asking the Dock Board to prematurely commit itself to a position on crucial aspects of this litigation before the Dock Board has had the benefit of discovery or the opinions of its experts. At this stage of the proceeding, the Dock Board has not been able to determine whether Plaintiffs' numerosity requirement is satisfied. Also, the Dock Board does not yet have a 'theory' as to how the inundation referred to in Interrogatory No. 13 occurred. Further along in this litigation, when the Dock Board has had the opportunity to complete adequate discovery and receive the reports of its experts, it will be in a better position to supplement its responses.

## Conclusion

In their Motion to Compel, the Plaintiffs have not set forth any reason why the Dock Board's discovery responses are allegedly insufficient. As set forth above, the Dock Board's responses to the Plaintiffs' discovery requests fully comply with the applicable federal rules. Accordingly, it is respectfully requested that this Honorable Court deny the Plaintiffs' Motion to Compel.

Respectfully submitted, this 18th day of June, 2007.

                DAIGLE FISSE & KESSENICH, PLC

BY:   /s/ Kirk N. Aurandt
         J. FREDRICK KESSENICH (7354)
         JONATHAN H. SANDOZ (23928)
         MICHAEL W. MCMAHON (23987)
         JON A. VAN STEENIS (27122)
         KIRK N. AURANDT (25336)
         P. O. Box 5350
         Covington, Louisiana 70434-5350
         Telephone: 985/871-0800
         Facsimile: 985/871-0899
         Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 18th day of June, 2007.

         /s/ Kirk N. Aurandt
         KIRK N. AURANDT