# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

FILED IN:  05-4181, 05-4182, 05-4191,
05-4568, 05-5237, 05-6073, 06-6314,
05-6324, 05-6327, 05-6359, 06-0020,
06-1885, 06-0225, 06-0886, 06-11208,
06-2278, 06-2287, 06-2346, 06-2545,
06-3529, 06-4065, 06-4389, 06-4634,
06-4931, 06-5032, 06-5042, 06-5159,
06-5163, 06-5367, 06-5471, 06-5771,
06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286,
07-1288, 07-1289

CIVIL ACTION

NO.  05-4182
& Consol. Cases

SECTION "K" (2)
JUDGE  DUVAL

MAGISTRATE WILKINSON

## THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS' RESPONSE TO THE LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board

of Commissioners of the Port of New Orleans (the "Dock Board"), who, in response to

the Levee Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests

for Production of Documents, and reserving its right to further supplement and amend

these responses as circumstances may require, respectfully avers as follows:

- 1 -



## RESPONSE TO LEVEE CLASS PLAINTIFFS' FIRST REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Each class representative, including sub-class representatives, has submitted a Form 95 to the Corps.

## ANSWER TO REQUEST FOR ADMISSION NO. 1:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board regarding the alleged submission by each class representative, including sub-class representatives, of a Form 95 to the Corps is insufficient to enable the Dock Board to truthfully admit or deny the Request. No such Form 95s were filed with the Dock Board, the Dock Board has not been provided copies of any such Form 95s, and the Dock Board does not have within its possession or control information regarding the submission of Form 95s to the Corps.

REQUEST FOR ADMISSION NO. 2:

The Form 95 submitted by each respective class and sub-class representative was legally sufficient.

## ANSWER TO REQUEST FOR ADMISSION NO. 2:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board regarding the legal sufficiency of the Form 95 allegedly submitted by each respective class and sub-class representative is insufficient to enable the Dock Board to truthfully admit or deny the Request. No such Form 95s were filed with the Dock Board, and the Dock Board has not been provided copies of any Form 95s.

- 2 -

REQUEST FOR ADMISSION NO. 3:

The Corps has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any class or sub-class representative.

**ANSWER TO REQUEST FOR ADMISSION NO. 3:**

**Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Dock Board was not a party to any such settlement by the Corps, and the Dock Board does not have within its possession or control information regarding the Corps' disposition of Form 95 claims.**

REQUEST FOR ADMISSION NO. 4:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative.

**ANSWER TO REQUEST FOR ADMISSION NO. 4:**

**The Dock Board admits that it has not paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any class or sub-class representative. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the remainder of the Request regarding whether other defendants have paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against them by any class or sub-class representative. The Dock Board was not a party to any such settlement by**

- 3 -

any other defendant, and the Dock Board does not have within its possession or control information regarding the payment, settlement, or other resolution of Hurricane Katrina-related claims by any other defendant.

REQUEST FOR ADMISSION NO. 5:

Each class and sub-class representative has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, et seq. (Federal Tort Claims Act).

**ANSWER TO REQUEST FOR ADMISSION NO. 5:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. No Form 95s were filed with the Dock Board. The Dock Board has not been provided copies of any Form 95s. The Dock Board does not have within its possession or control information regarding the submission of Form 95s to the Corps. The Dock Board has not received the Corps' final disposition of any such Form 95s filed with the Corps. The Dock Board does not have within its possession or control information regarding the Corps' final disposition of Form 95 Claims.

REQUEST FOR ADMISSION NO. 6:

Each class and sub-class representative suffered some damage as a result of inundation associated with Hurricane Katrina.

- 4 -

**ANSWER TO REQUEST FOR ADMISSION NO. 6:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with proof that each class and sub-class representative suffered any such damage, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 7:

Each class and sub-class representative suffered damage to real property as a result of inundation associated with Hurricane Katrina.

**ANSWER TO REQUEST FOR ADMISSION NO. 7:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with proof that each class and sub-class representative suffered any such damage, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 8:

Each class and sub-class representative suffered damage to personal property as a result of inundation associated with Hurricane Katrina.

- 5 -

<u>ANSWER TO REQUEST FOR ADMISSION NO. 8</u>:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that each class and sub-class representative suffered any such damage, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

<u>REQUEST FOR ADMISSION NO. 9</u>:

Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

<u>ANSWER TO REQUEST FOR ADMISSION NO. 9</u>:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Class, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

<u>REQUEST FOR ADMISSION NO. 10</u>:

Members of Sub-Class One are so numerous that joinder of all such persons and entities in this action is impracticable.

## ANSWER TO REQUEST FOR ADMISSION NO. 10:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class One, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

## REQUEST FOR ADMISSION NO. 11:

Members of Sub-Class Two are so numerous that joinder of all such persons and entities in this action is impracticable.

## ANSWER TO REQUEST FOR ADMISSION NO. 11:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Two, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

## REQUEST FOR ADMISSION NO. 12:

Members of Sub-Class Three are so numerous that joinder of all such persons and entities in this action is impracticable.

**ANSWER TO REQUEST FOR ADMISSION NO. 12:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Three, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 13:

Members of Sub-Class Four are so numerous that joinder of all such persons and entities in this action is impracticable.

**ANSWER TO REQUEST FOR ADMISSION NO. 13:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Four, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 14:

Members of Sub-Class Five are so numerous that joinder of all such persons and entities in this action is impracticable.

- 8 -

<u>ANSWER TO REQUEST FOR ADMISSION NO. 14</u>:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of the proposed Sub-Class Five, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

<u>REQUEST FOR ADMISSION NO. 15</u>:

Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

<u>ANSWER TO REQUEST FOR ADMISSION NO. 15</u>:

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential Class members that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

<u>REQUEST FOR ADMISSION NO. 15</u>:

Members of Sub-Class One are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

- 9 -

**ANSWER TO REQUEST FOR ADMISSION NO. 15:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class One that are geographically dispersed, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 16:

Members of Sub-Class Two are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**ANSWER TO REQUEST FOR ADMISSION NO. 16:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Two that are geographically dispersed, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 17:

Members of Sub-Class Three are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**ANSWER TO REQUEST FOR ADMISSION NO. 17:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Three that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 18:

Members of Sub-Class Four are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**ANSWER TO REQUEST FOR ADMISSION NO. 18:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Four that are geographically dispersed, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 19:

Members of Sub-Class Five are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**ANSWER TO REQUEST FOR ADMISSION NO. 19:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the number of potential members of proposed Sub-Class Five that are geographically dispersed, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 20:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

**ANSWER TO REQUEST FOR ADMISSION NO. 20:**

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. There is no prior track record of trials in this matter from which the Dock Board could formulate an opinion on this issue.

REQUEST FOR ADMISSION NO. 21:

The filing of an individual civil action for Katrina-related property losses by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

- 12 -

**ANSWER TO REQUEST FOR ADMISSION NO. 21:**

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. There is no prior track record of trials in this matter from which the Dock Board could formulate an opinion on this issue.

REQUEST FOR ADMISSION NO. 22:

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

**ANSWER TO REQUEST FOR ADMISSION NO. 22:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 23:

The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in the Form 95 submitted by any member of the Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 23:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Dock Board was not a party to any such settlement by the Corps, and the Dock Board does not have any information regarding the Corps' disposition of Form 95 claims in its possession or control.

REQUEST FOR ADMISSION NO. 24:

No Defendant has paid, settled, or otherwise resolved, in whole or in part, any Katrina-related claim asserted against it by any member of the Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 24:**

**The Dock Board admits that it has not paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against it by any member of the proposed Class. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the remainder of the Request regarding whether other defendants have paid, settled, or otherwise resolved, in whole or in part, any Hurricane Katrina-related claim asserted against them by any member of the proposed Class. The Dock Board was not a party to any such settlement by any other defendant, and the Dock Board does not have information regarding the payment, settlement, or other resolution of Hurricane Katrina-related claims by any other defendant within its possession or control.**

REQUEST FOR ADMISSION NO. 25:

Each member of the Class, as defined, has suffered some damage as a result of inundation associated with Hurricane Katrina.

**ANSWER TO REQUEST FOR ADMISSION NO. 25:**

**The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to**

- 14 -

truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with proof that each member of the proposed Class suffered any such damage, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

ANSWER TO REQUEST FOR ADMISSION NO. 26:

The matter of which an admission has been requested presents a genuine issue for trial.  Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class One suffered any such inundation, and the Dock Board does not have such information within its possession or control.  Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

**ANSWER TO REQUEST FOR ADMISSION NO. 27:**

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Two suffered any such inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 28:

Every member of Sub-Class Three experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

**ANSWER TO REQUEST FOR ADMISSION NO. 28:**

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Three suffered any such initial inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

- 16 -

REQUEST FOR ADMISSION NO. 29:

Every member of Sub-Class Four experienced initial inundation that had as its sources the London Avenue Canal and the IHNC, or both.

**ANSWER TO REQUEST FOR ADMISSION NO. 29:**

**The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Four suffered any such initial inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.**

REQUEST FOR ADMISSION NO. 30:

Every member of Sub-Class Five experienced initial inundation that had as its sources the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC, or any of them.

**ANSWER TO REQUEST FOR ADMISSION NO. 30:**

**The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that every member of proposed Sub-Class Five suffered**

- 17 -

any such initial inundation, and the Dock Board does not have such information within its possession or control. Such information will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 31:

The source of inundation affecting any member of the Class is a question that is common to every member of the Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 31:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 32:

The source of inundation affecting any member of Sub-Class One is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 32:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 33:

The source of inundation affecting any member of Sub-Class Two is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 33:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 34:

The source of inundation affecting any member of Sub-Class Three is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 34:**

**Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 35:

The source of inundation affecting any member of Sub-Class Four is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 35:**

**Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 36:

The source of inundation affecting any member of Sub-Class Five is a question that is common to every member of that Sub-Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 36:**

**Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

**ANSWER TO REQUEST FOR ADMISSION NO. 37:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 38:

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

**ANSWER TO REQUEST FOR ADMISSION NO. 38:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 39:

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

**ANSWER TO REQUEST FOR ADMISSION NO. 39:**

Objection. This Request improperly seeks an admission regarding a legal conclusion.

REQUEST FOR ADMISSION NO. 40:

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Subclasses Four and Five.

- 20 -

**ANSWER TO REQUEST FOR ADMISSION NO. 40:**

    **Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 41:

    Whether the Corps, CSX, OLD, PBR, PNO, and St. Paul committed the negligent acts and omissions described in Count V of the Complaint is a question that is common to every member of Sub-Classes Four and Five.

**ANSWER TO REQUEST FOR ADMISSION NO. 41:**

    **Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 42:

    Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 42:**

    **Objection.  This Request improperly seeks an admission regarding a legal conclusion.**

REQUEST FOR ADMISSION NO. 43:

    The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

- 21 -

**ANSWER TO REQUEST FOR ADMISSION NO. 43:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with information regarding the competency of the attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the Levee PSLC, and the Dock Board does not have such information within its possession or control.

REQUEST FOR ADMISSION NO. 44:

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 44:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that the inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans are encompassed by the Class definition and caused consequent damages to the Class, and the Dock Board does not have such information within its possession or control.

- 22 -

REQUEST FOR ADMISSION NO. 45:

Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

**ANSWER TO REQUEST FOR ADMISSION NO. 45:**

**Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request. The Levee Plaintiffs have not provided the Dock Board with proof that the inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class, and the Dock Board does not have such information within its possession or control.**

REQUEST FOR ADMISSION NO. 46:

The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

**ANSWER TO REQUEST FOR ADMISSION NO. 46:**

**The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.   The Levee Plaintiffs have not provided the**

Dock Board with information regarding whether the causes of the classwide losses allegedly suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis, and the Dock Board does not have such information within its possession or control.  This matter will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 47:

The causes of the individual property losses suffered by members of the Class and the five Sub-Classes are susceptible to proof by way of a class trial.

**ANSWER TO REQUEST FOR ADMISSION NO. 47:**

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.   The Levee Plaintiffs have not provided the Dock Board with information regarding whether the causes of the individual property losses allegedly suffered by members of the Class and Five Sub-Classes are susceptible to proof by way of a class trial, and the Dock Board does not have such information within its possession or control.  This matter will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 48:

The source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses.

- 24 -

**ANSWER TO REQUEST FOR ADMISSION NO. 48:**

The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.   The Levee Plaintiffs have not provided the Dock Board with information regarding whether the source of inundation affecting any given property encompassed by the Class or five Sub-Classes is susceptible to analysis and determination by expert witnesses, and the Dock Board does not have such information within its possession or control.   This matter will be the subject of discovery that is currently in its beginning stages.

REQUEST FOR ADMISSION NO. 49:

The USA has undertaken efforts to analyze and determine the source or sources of inundation affecting properties encompassed by the Class and five Sub-Classes.

**ANSWER TO REQUEST FOR ADMISSION NO. 49:**

Upon reasonable inquiry, the information known or readily obtainable by the Dock Board is insufficient to enable the Dock Board to truthfully admit or deny the Request.  The Dock Board was not a party to any such effort, and the Dock Board does not have such information within its possession or control.

## RESPONSE TO LEVEE CLASS PLAINTIFFS' FIRST INTERROGATORIES

INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following:  (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

**ANSWER TO INTERROGATORY NO. 1:**

**Not applicable.**

INTERROGATORY NO. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.  If you agree that the numerosity requirement is satisfied, please say so.

**ANSWER TO INTERROGATORY NO. 2:**

**Discovery is in its beginning stages.  The Dock Board does not yet have sufficient information to form an opinion as to whether or not the numerosity requirement is satisfied.**

INTERROGATORY NO. 3:

If you contend that any one or all of the respective claims set forth by the Class Representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with

respect to the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the class representatives satisfy the typicality requirement, please say so.

**ANSWER TO INTERROGATORY NO. 3:**

The typicality requirement is not satisfied because the Class Representatives fail to state a claim against the Dock Board upon which relief can be granted. The Dock Board, by law, has no authority, direction, or control over any levees or flood gates along the IHNC, and under La. R.S. §9:2800(H)(1) is immune from liability imposed under Civil Code Articles 2317 and 2317.1 for any damages arising from Hurricane Katrina.

**INTERROGATORY NO. 4:**

If you contend that the Class Representatives, or any of them will not fairly and adequately protect the interests of the Class, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.

**ANSWER TO INTERROGATORY NO. 4:**

Discovery is in its beginning stages, and the Dock Board does not yet have sufficient information to form an opinion as to whether or not the Class Representatives, or any of them, will fairly and adequately protect the interests of the Class.

- 27 -

INTERROGATORY NO. 5:

Based upon the claims forms and/or all other information received to date, including the Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any class representative's claim against you.  If the answer is "none known at this time" please say so.

**ANSWER TO INTERROGATORY NO. 5:**

Discovery is in its beginning stages and the Dock Board has not received any claims forms.   In any event, neither the class representatives nor any class member have a valid claim against the Dock Board.

INTERROGATORY NO. 6:

Do you agree that there are some questions of law or fact common to the members Class, including the class representatives?

**ANSWER TO INTERROGATORY NO. 6:**

While they may be some questions of law or fact common to the members Class, individual issues predominate.

INTERROGATORY NO. 7:

Based upon the claims forms and/or all other information received to date, including the Complaint, please (i) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives and Sub-Class Representatives, and (ii) state whether and in what way you contend

that such individual questions predominate over questions that are common to the class members and the class representatives.

## ANSWER TO INTERROGATORY NO. 7:

Discovery is in its beginning stages and the Dock Board has not received any claims forms.   In any event, neither the class representatives nor any class member have a valid claim against the Dock Board.  Also, given the vast disparity of damages allegedly suffered by each individual class member, individualized proof of any such damages, along with the cause of that person's alleged damages, will be necessary.

## INTERROGATORY NO. 8:

Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action vis-à-vis the members of the Class and five Sub-Classes?  If not, please (i) state in detail why you disagree, and (ii) describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

## ANSWER TO INTERROGATORY NO. 8:

No.  A class action trial is not superior.  Class actions are not appropriate in alleged mass tort situations and create undue pressure for defendants to settle.  Non-meritorious claims often accompany mass tort suits.  Also, the lack of a prior litigation track record precludes the Court from drawing the information necessary to make the required predominance and superiority analysis.  Given the vast disparity of damages allegedly suffered by each class member,

individualized proof of any such damages will be necessary.  Finally, allowing traditional trials to go forward without a class action will result in a consensus or pattern which can be gleaned from a pooling of the judgments of different tribunals and a larger and more diverse sample of decision makers, rather than basing everything upon one trial.

INTERROGATORY NO. 9:

Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Complaint.

**ANSWER TO INTERROGATORY NO. 9:**

At this early stage of the litigation, the Dock Board is unable to predict every difficulty that is likely to be encountered in the management of the class action proposed by the Complaint.

INTERROGATORY NO. 10:

Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

**ANSWER TO INTERROGATORY NO. 10:**

The Dock Board has not received any Form 95s and is without knowledge or information sufficient to respond to this Interrogatory.

INTERROGATORY NO. 11:

Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by the

- 30 -

USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

## ANSWER TO INTERROGATORY NO. 11:

The Dock Board has not received any Form 95s and is without knowledge or information sufficient to respond to this Interrogatory.

INTERROGATORY NO. 12:

Please describe the results/conclusions of the reports of all efforts to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Class and its five Sub-Classes.

## ANSWER TO INTERROGATORY NO. 12:

No such reports have been undertaken.

INTERROGATORY NO. 13:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

## ANSWER TO INTERROGATORY NO. 13:

Objection.  This Interrogatory seeks information beyond the scope of the Class Certification Discovery authorized by Case Management Order No. 4.

INTERROGATORY NO. 15:

Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to each part or sub-part of the Levee Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Request for Production.

**ANSWER TO INTERROGATORY NO. 15:**

**Undersigned counsel. Joseph Fritz, Board of Commissioners of the Port of New Orleans, 1350 Port of New Orleans Place, New Orleans, LA 70130. Jeff Lynch, Board of Commissioners of the Port of New Orleans, 1350 Port of New Orleans Place, New Orleans, LA 70130.**

## RESPONSE TO LEVEE CLASS PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce a copy of every Form 95 that sets forth a claim by any Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with

the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Please produce a copy of each and every document that you believe supports your answers to Interrogatories No. 2-4 above, or any of them.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 11 above.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.6:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in response to Interrogatory No. 12 above.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005, in the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Please produce a copy of each and every document that would establish the number of persons residing in the geographical area encompassed by the Class definition, or any Sub-Class of it, since August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the source of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the cause of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the process of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the duration of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the receding of any inundation within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

**None to be produced.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of

precipitation during the period August 27, 2005, and September 1, 2005, within the geographical area encompassed by the Class definition, or any Sub-Class of it.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

**None to be produced.**


Respectfully submitted, this 30th day of April, 2007.


DAIGLE FISSE & KESSENICH, PLC

BY: _____
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile:  985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon Plaintiffs' and Defendants' Liaison Counsel by electronic mail this 30th day of April, 2007.

_____
KIRK N. AURANDT