```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              1713
CONNECTION TEL                          5045223819
CONNECTION ID
ST. TIME              05/24 17:19
USAGE T               02'15
PGS. SENT             9
RESULT                OK
```



**COUNSELORS AT LAW**
**NEW ORLEANS * COVINGTON**

P.O. Box 5350
Covington, LA 70434

Telephone:   985.871.0800
Facsimile:   985.871.0899

## Facsimile Cover Sheet

DATE:       May 24, 2007

TO:         Miss Darleen M. Jacobs, Esq.

FAX NO.:    (504) 522-3819

FROM:       Kirk N. Aurandt, Esq.

RE:         Katrina Levee Breaches (Board of Commissioners of the Port of New Orleans)

OUR FILE NO.:    710-19

NUMBER OF PAGES __9__ (including cover sheet)



EXHIBIT 4



COUNSELORS AT LAW
NEW ORLEANS * COVINGTON

P.O. Box 5350
Covington, LA 70434

Telephone: 985.871.0800
Facsimile:  985.871.0899

## Facsimile Cover Sheet

DATE: May 24, 2007

TO: Miss Darleen M. Jacobs, Esq.

FAX NO.: (504) 522-3819

FROM: Kirk N. Aurandt, Esq.

RE: Katrina Levee Breaches (Board of Commissioners of the Port of New Orleans)

OUR FILE NO.: 710-19

NUMBER OF PAGES __9__ (including cover sheet)

CONFIDENTIALITY NOTICE

*This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney/client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.*



# DAIGLE FISSE
# & KESSENICH

KIRK N. AURANDT

PLEASE REPLY TO:

P.O. Box 5350
COVINGTON, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
kaurandt@daiglefisse.com

May 24, 2007

**VIA FACSIMILE: (504) 522-3819**
Miss Darleen M. Jacobs, Esq.
JACOBS & SARRAT
823 St. Louis Street
New Orleans, LA   70112

   Re: Katrina Levee Breaches (Board of Commissioners for the Port of
      New Orleans)
      Our File No. 710-19

Dear Miss Jacobs:

  In response to your May 14, 2007 letter addressed to Charles M. Lanier, Jr., Esq., and in follow-up to our telephone conversations of yesterday and today, please find the attached supplemental and amending discovery responses on behalf of the Board of Commissioners of the Port of New Orleans.

  With kind regards, I remain

               Very truly yours,

               KIRK N. AURANDT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289 | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

### THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS' FIRST SUPPLEMENTAL AND AMENDING RESPONSE TO THE LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, further supplements and amends its response to the Levee Plaintiffs' First Set of Requests for Admission and Interrogatories in the following respects:

## FIRST SUPPLEMENTAL AND AMENDING RESPONSE TO LEVEE CLASS PLAINTIFFS' FIRST REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 22:

As of August 29, 2005, the MRGO, the 17th Street Canal, the Orleans Canal, the London Avenue Canal, and the IHNC were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code art. 2317.

**ANSWER TO REQUEST FOR ADMISSION NO. 22:**

**Objection. This Request improperly seeks an admission regarding a legal conclusion. Defendant further objects to this request to the extent it seeks admissions that are irrelevant to any claim advanced in this litigation. To the extent that plaintiffs' definition of "things" refers to the flood control devices along the identified waterways, this request is denied as it pertains to the Dock Board.**

REQUEST FOR ADMISSION NO. 26:

Every member of Sub-Class One experienced initial inundation that had as its sources the 17th Street Canal and the Orleans Avenue Canal, or both.

**ANSWER TO REQUEST FOR ADMISSION NO. 26:**

**The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.**

- 2 -

REQUEST FOR ADMISSION NO. 27:

Every member of Sub-Class Two experienced initial inundation that had as its sources the Orleans Avenue Canal and the London Avenue Canal, or both.

**ANSWER TO REQUEST FOR ADMISSION NO. 27:**

**The matter of which an admission has been requested presents a genuine issue for trial. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.**

REQUEST FOR ADMISSION NO. 37:

Whether the Corps, Boh Bros, Eustis, EJLD, M&M, OLD, and SWB committed the negligent acts and omissions described in Count I of the Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

**ANSWER TO REQUEST FOR ADMISSION NO. 37:**

**The matter of which an admission has been requested presents a genuine issue for trial at the class certification phase of the litigation. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.**

REQUEST FOR ADMISSION NO. 38:

Whether the Corps, Boh Bros, Eustis, EJLD, Gulf Group, M&M, OLD, Pitman, and SWB committed the negligent acts and omissions described in Count II of the

Complaint is a question that is common to every member of Sub-Classes One, Two and Five.

### ANSWER TO REQUEST FOR ADMISSION NO. 38:

**The matter of which an admission has been requested presents a genuine issue for trial at the class certification phase of the litigation. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.**

### REQUEST FOR ADMISSION NO. 39:

Whether the Corps, B&K Construction, Burk-Kleinpeter, and Gotech committed the negligent acts and omissions described in Count III of the Complaint is a question that is common to every member of Sub-Classes One, Three and Five.

### ANSWER TO REQUEST FOR ADMISSION NO. 39:

**The matter of which an admission has been requested presents a genuine issue for trial at the class certification phase of the litigation. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.**

### REQUEST FOR ADMISSION NO. 40:

Whether the Corps, OLD, and St. Paul committed the negligent acts and omissions described in Count IV of the Complaint is a question that is common to every member of Subclasses Four and Five.

**ANSWER TO REQUEST FOR ADMISSION NO. 40:**

The matter of which an admission has been requested presents a genuine issue for trial at the class certification phase of the litigation. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.

REQUEST FOR ADMISSION NO. 46:

The causes of the classwide losses suffered by members of the Class and Five Sub-Classes are susceptible to analysis and determination on a classwide basis.

**ANSWER TO REQUEST FOR ADMISSION NO. 46:**

The matter of which an admission has been requested presents a genuine issue for trial at the class certification phase of the litigation. Upon reasonable inquiry, the information known, readily obtainable, or within the Dock Board's possession or control is insufficient to enable the Dock Board to truthfully admit or deny the Request.

## FIRST SUPPLEMENTAL AND AMENDING RESPONSE TO LEVEE CLASS PLAINTIFFS' FIRST INTERROGATORIES

INTERROGATORY NO. 1:

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they

- 5 -

provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

**ANSWER TO INTERROGATORY NO. 1:**

**(i) None; (ii) None; (iii) <u>See</u>, Titles 34 and 38 of the Louisiana Revised Statutes and interpretive jurisprudence.**

INTERROGATORY NO. 2:

If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class and/or any of its five proposed sub-classes, please (i) set forth every fact you believe supports your contention, and (ii) identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses. If you agree that the numerosity requirement is satisfied, please say so.

**ANSWER TO INTERROGATORY NO. 2:**

**Discovery is in its beginning stages. The Dock Board does not yet have sufficient information to form an opinion as to whether or not the numerosity requirement is satisfied.**

INTERROGATORY NO. 13:

Please describe in detail each source of inundation and the manner in which you contend the inundation occurred with respect to the geographical area encompassed by the five Sub-Classes (e.g., flooded solely by one water source, flooded by commingled sources).

- 6 -

**ANSWER TO INTERROGATORY NO. 13:**

Discovery is in its beginning stages. The Dock Board does not yet have sufficient information to form an opinion regarding the source of inundation or the manner in which the inundation referred to in the request occurred.

Respectfully submitted, this 24th day of May, 2007.

DAIGLE FISSE & KESSENICH, PLC

BY: _____
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon Plaintiffs' and Defendants' Liaison Counsel by electronic mail this 24th day of May, 2007.

_____
KIRK N. AURANDT