# STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

WILLIAM D. TREEBY
A PROFESSIONAL CORPORATION
DIRECT DIAL: (504) 593-0807
DIRECT FAX: (504) 596-0807
E-Mail: wtreeby@stonepigman.com

62,272

June 6, 2007

**VIA FAX**

Honorable Joseph C. Wilkinson, Jr.
Magistrate Judge
500 Poydras Street
Room C-368
New Orleans, Louisiana 70130

Re: *In re: Katrina Canal Breach Consol. Litig.*, Case No. 05-4182

Dear Judge Wilkinson:

On behalf of the MRGO and Levee defendants, we write concerning two discovery matters that compromise the Court's ambitious schedule for a class certification hearing and that require immediate relief. Plaintiffs' Liaison Counsel has agreed that these issues can be handled pursuant to the Court's May 24 minute entry, by letter brief, and be heard on Wednesday, June 13, 2007 at 10 o'clock a.m.

A. <u>Plaintiffs' Excessive Designation of Expert Witnesses Violates The Spirit and Letter of CMO # 4 (Record Docs 3299).</u>

CMO # 4 (herein "the CMO") limits each side to five expert witnesses. To facilitate the expedited preparation of the class issues, the CMO also requires the parties to submit monthly preliminary lists of witnesses, including experts, that "are as complete as possible." Prior to issuing the CMO, the Court sought input from the parties as to (1) the amount of time that resolution of the class certification motion would take; (2) the number of expert witnesses that each side expected to call at the class certification hearing, and (3) the expected fields of expertise. Plaintiffs' counsel represented to the Court that the plaintiffs would be ready to try class certification within seven months, that is, by September 2007. Plaintiffs also represented that the maximum number of experts to testify at a class certification hearing was four, and that plaintiffs' class experts would have expertise in hydrology, topography, photography, surveying, meteorology, and climatology. (Exhibit A, attached)

After receiving these representations from the plaintiffs, on March 1, 2007, the Court issued the CMO which mandated that "(n)o more than 5 expert witnesses concerning class



certification issues per side" may be called at the class certification hearing. In an acknowledgement of the short timeline, the parties were further ordered to submit monthly witness and exhibit lists for class certification issues through June 27, the date that the Final Witness and Exhibit Lists were due. The Court directed that the parties "must use their best efforts and act in good faith in making these lists as complete as possible."

Against these directives, plaintiffs' first witness lists (Record Docs. 3627, attached; and 3617) submitted on March 30, designated 14 experts professing expertise in at least 8 different fields. Plaintiffs listed experts in "Local History & Katrina History" (Douglas Brinkley); "Cultural Demography" (Kevin Mulcahy); "Complex Property Valuations" (Wade Ragas); "Demography & Statistics" (Martin Wells); and "Geography, Anthropology, Climatology, & Meteorology" (Barry Keim). Significantly, none of these areas of expertise had been designated by the plaintiffs in their submission to the Court (Exhibit A) A simple review of plaintiffs' witness list evidences significant redundancy in violation of the spirit, if not the letter, of the CMO. One would expect this number of redundant experts to decrease, along with the areas of expertise covered by experts, but that has not been the case here. Instead, plaintiffs' most recent disclosure, submitted on May 22, lists more and different experts and fields than their February or March lists.[1]

Despite the maximum of five experts whom they can call, plaintiffs have now identified 17 experts whom they may call. (Record Docs. 5149, attached; and 5053) Eleven of the original expert witnesses have been retained (Robert Bea, S. Ahmet Binselam, Lee Branscome, Marco Kaltofen, Barry Keim, G. Paul Kemp, Larry W. Mays, Kevin Mulcahy, Shea Penland, Martin Wells and Ivor Van Heerden). Three of the original have been dropped (Ioannis Georgiou, Douglas Brinkley and Wade Ragas).

Six totally new experts have been designated: John Kilpatrick ("Real Estate valuation, real estate market feasibility, real estate analysis, going concern valuations, business valuations and economic impact from negative externalities"); Matthijs Kok ("Coastal & Environmental Engineering & Hydraulic Modeling") Chad Morris ("Land Surveying, Datum Issues, Map Preparation/Presentation"); Gordon Boutwell ("Civil Engineer"); Michael Sartisky ("Cultural Demography"); and, Richard Henning ("Climatologist"). Plaintiffs have refused to address this matter, and despite numerous Rule 37.1 conferences to address the problem, plaintiffs are unwilling to limit their list of experts and areas of expertise in accordance with the CMO, the effect of which would be to hide the names of their intended witnesses and areas of expertise until July 30 (the deadline for plaintiffs' experts reports). Since defendants' experts' reports are due on August 27, defendants would either have to retain and prepare many more experts than necessary, or be faced with the impossible task of retaining experts, and securing their reports within 28 days, in fields that defendants did not guess plaintiffs would use. We do not believe this is what the Court intended by the CMO for the following reasons.

---

[1] Plaintiffs did not serve a witness list in April, 2007. The plaintiffs' latest designation (Record Doc. 5053) in the MRGO cases was actually served two days late, May 22.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
3

June 6, 2007

First, the current designation exceeds by more than three fold the maximum number of experts the Court will allow. That maximum number of five in the CMO was set at one more than the plaintiffs initially represented to the Court they would offer. Undoubtedly, in limiting the parties to no more than five experts and in determining the time necessary for the parties to conduct fact and expert discovery, the Court relied, in part, on the plaintiffs' February representations that four experts were all that that they would present. If plaintiffs now realize that the issues in this litigation cannot be presented with five experts, but require 17 experts, embracing 10-12 areas of expertise, a cascade of effects must necessarily follow, threatening the Court's schedule for the class certification hearing and *Daubert* challenges. If plaintiffs intend to only use 5 experts, but delay revealing their five experts until July 30, that will result in wasted time, money and resources by defendants. Neither solution is fair or acceptable.

Second, the fact that the plaintiffs have substantially increased the number of experts obviously shows that plaintiffs are not attempting to conform their designations to the Court's mandate. Rather than working to bring their designations within the maximum number, plaintiffs are moving in the opposite direction.

Third, the plaintiffs' practice of naming, dropping and substituting/adding witnesses in such a short period of time is highly irregular in light of the impending Final Witness List due on June 27. This shuffling of witnesses suggests a cavalier approach in designations. How was it that plaintiffs on February 9 represented that they would only need four experts and now 90 days later have named 17?

Fourth, this multiplication, rather than winnowing, of plaintiffs' experts imposes great hardships on defendants. Even as amended, the timeline is itself ambitious: the CMO was issued March 1; the Master Class Action Complaint was filed March 15; the Final Witness Designation is due June 27; Close of Fact Depositions is July 27 and, the Close of Expert Depositions is September 17. Given that the defendants include the United States government, various state agencies and private corporations, significant time must be devoted to coordination among defense counsel to insure that the defendants will be in compliance with the Court's mandate regarding the maximum number of experts. Defendants have worked hard at resolving their witness focus to insure no more than the maximum. For plaintiffs to flout that mandate while defendants in good faith are trying to comply with it prejudices defendants even more.

Defendants simply should not be required to wait until the July 30 expert report deadline to see which of the 17 plaintiff experts and fields of expertise have made the cut. This fundamental information is essential to defendants' final selection of and consultation with their own experts. Plaintiffs' expert witness shuffling imperils the defendants' ability to timely present their own expert testimony, which will largely, of necessity, be responsive to Plaintiffs. Defendants ask the Court to order plaintiffs to immediately comply with the spirit and letter of the CMO and winnow their designations to those five individuals whom they expect in good faith to call at the class certification hearing. Anything less severely prejudices the defendants as they attempt to prepare their defense to plaintiffs' motion for class certification.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
4

June 6, 2007

### B. Plaintiffs Failed to Timely Answer Class Certification Written Discovery

Plaintiffs also failed to comply with the CMO (as amended) with respect to responding to written class certification discovery. On April 30, in accordance with the CMO (as amended), defendants timely propounded class certification discovery, including requests for admission, interrogatories, and requests for production. The April 17 order amending the CMO (Record Doc. 3776) required that plaintiffs respond to defendants' written discovery by May 30. They did not. On June 4, undersigned counsel for the MRGO defendants and the Levee defendants conferred with plaintiffs' Liaison Counsel, who advised that plaintiffs had confused the class certification discovery response deadline (May 30) with the deadline for "common liability" issue discovery responses (June 14). Mr. Bruno stated that plaintiffs' responses would be forthcoming, but did not specify a date. Under the CMO (as amended) there is a June 15 deadline for motions to compel. Record Doc. 3776. To date, plaintiffs have not responded to the class discovery and as of today, plaintiffs are eight days late with their responses.

Plaintiffs' delay in answering the written discovery directly affects the ambitious schedule embodied in the CMO. By June 27, all parties are required to file their Final Witness and Exhibit Lists for Class Certification. That is, defendants will have to designate their final witness and exhibit list 21 days from now, notwithstanding that the plaintiffs have failed yet to answer written discovery as to class certification issues. Moreover, defendants are currently in the process of noticing the depositions of the 28 class representatives and attempting to determine and schedule deponents for other fact depositions that need to be completed by the July 27 deadline. In the absence of written discovery responses, defendants are unable to refer to responses or documents produced in discovery in preparing for these depositions and in determining the need to subpoena any additional documents for the representatives' depositions or notice any additional fact depositions. This prejudice further exacerbates the problems with the plaintiffs' expert designations. Defendants are a little more than three weeks from final witness and exhibit designations with no written discovery responses and a moving target of as many as 17 potential opposing expert witnesses. Surely, this is not what the Court intended when it issued the CMO.

Even if plaintiffs respond to the class discovery before the June 13 hearing on these issues, *any* delay in answering the only permitted written class discovery prejudices the defendants. An immediate adverse consequence of plaintiffs' tardiness is the impact on several imminent deadlines, including the deadline for Motions to Compel, June 15, and the deadline for Final Witness and Exhibit Lists. Defendants had only 16 days from the May 30 deadline for plaintiffs' discovery responses to review those responses to determine the sufficiency thereof, conduct a Rule 37 discovery conference and prepare and file a motion to compel, if necessary. Plaintiffs' late response compresses that time frame even further, and depending on precisely when the responses are served, might actually preclude defendants from being able to file a Motion to Compel prior to the current June 15 deadline. The Court should not permit any such prejudice to defendants by plaintiffs' failure, and the current June 15 deadline should be extended. Pending Plaintiffs' delinquent responses, and fully reserving Defendants' rights, under

June 6, 2007

the Federal Rules of Civil Procedure, to seek all remedies resulting from untimeliness once the actual responses are received and reviewed, defendants request that the Court allow them 16 days from service of plaintiffs' class certification discovery to file any motions to compel as to class discovery.

When the Court issued the CMO it set a very tight schedule for resolution of class certification issues. The Court allowed a little more than 90 days from the date of filing of the Master Class Action Complaint until the final witness and exhibit lists are due. *Any* delay as to any one step in this tight timeline has a ripple effect throughout the calendar. Delays that in other cases would be viewed as *de minimis* are significant in this timeline. A two-week delay, when parties have approximately 12 weeks between Master Complaint and Final Witness and Exhibit Lists, has an irretrievably adverse impact necessitating further relief. Such further relief will be sought once written discovery responses are provided and evaluated.

Respectfully yours,

William D. Treeby, Bar No. 12901
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130

On behalf of
MRGO Defendants

Gary M. Zwain, Bar No. 13809
Duplass, Zwain, Bourgeois, Morton, Pfister
& Weinstock
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002

On behalf of
Levee Defendants

cc: Joseph M. Bruno, Esq., Via scanned e-mail for all Plaintiffs
All MRGO and Levee Defense Counsel

#777784v.1