UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO: 05-4182 (K)(2) |
| PERTAINS TO LEVEE | * | |
| | * | JUDGE DUVAL |
| FILED IN:         05-4181, 05-4182, 05-5237, | * | |
| 05-6073, 05-6314, 05-6324, 05-6327, 06-0020, | * | MAG. WILKINSON |
| 06-0225, 06-0886, 06-2278, 06-2346, 06-2545, | * | |
| 06-4065, 06-4389, 06-4634, 06-4931, 06-5159, | * | |
| 06-5163, 06-5786, 06-7682, 07-0993, 07-1284, | * | |
| 07-1288, 07-1289 | * | |

*******************************************

**SEWERAGE AND WATER BOARD OF NEW ORLEANS'
OPPOSITION MEMORANDUM TO LEVEE PLAINTIFFS'
MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

MAY IT PLEASE THE COURT

Plaintiffs have filed a Motion to Compel Discovery Responses pertaining to class certification. Plaintiffs assert that the Sewerage and Water Board of New Orleans ("SWB") failed to provide adequate responses to thirty-eight identified discovery requests. Plaintiffs' Memorandum in Support, however, is notably deficient in providing the specific basis and/or legal support for its contention that the identified responses are inadequate. That being said, SWB responds to and opposes Plaintiffs' Motion to Compel Answers to Interrogatories and Requests for Production of Documents as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs' motion to compel production of documents identified in Requests for Production 4, 6, 9, 11, 14, 15, and 16 baselessly assert that SWB "has documents in its

1

possession which disclose this information but refuses to produce them to the Plaintiffs' Committee." This assertion is without merit, and plaintiff's motion to compel production of documents should be denied.

Request for Production 4 relates to Interrogatories 2 through 4 and seeks documents supporting any challenge by SWB to the numerosity and typicality requirements of Fed. R. Civ. R. 23(a), and the adequacy of class representation. While reserving its objections and defenses to plaintiffs' motion for class certification, the SWB expressly states in its answer to Interrogatory No. 2 that it would not contest the "numerosity" element with respect to the proposed class and sub-classes. This response moots the plaintiffs' request for documents supporting a challenge to the numerosity element and plaintiffs' Motion to Compel with respect to Request for Production 4 as it pertains to Answer to Interrogatory 2 should be denied.

Request for Production 4 also seeks documents supporting SWB's contention that the proposed class fails to meet the "typicality" and "adequacy" requirements of class certification. Given that this litigation is still in the very initial phases of discovery, SWB rightly objects to this request as premature. SWB asserts in its Answers to Interrogatories 3 and 4, that the source, responsibility, and nature of damages (whether property or personal injury) are unique and will require individual proof and analysis. Because discovery is in its initial stages, a request for every supporting fact, witness and document is plainly premature. Nonetheless, SWB has already provided plaintiffs with a list of experts who will specifically address these issues. Their reports and supporting documents will be provided in accord with Case Management Order #4. SWB's initial response is adequate, given the early discovery stage of this complicated litigation, and

plaintiffs' motion shows no persuasive basis for asserting otherwise. Plaintiffs' Motion to Compel the Response to Request for Production 4 as it pertains to SWB Answers to Interrogatories 3 and 4 should be denied.

Request for Production 6 relates to Interrogatory 12 and asks for documents supporting any efforts made by SWB to estimate the number of persons who sustained damages or incurred losses in the geographic areas represented by the proposed Class and its Sub-Classes. SWB objected to this request on the basis that theoretically the documents could be generated in the future which may be responsive to this request, but privileged. For example, draft expert reports are considered privileged under Paragraph III(D)(5) of CMO # 4. However, SWB expressly Interrogatory 12 that it has yet to undertake any effort to make this estimate the number of persons who sustained damages or incurred losses in the described areas, and SWB has plainly stated in its response to Request for Production 6 that it does not possess or control any documents supporting any such efforts. SWB simply does not have possession or control of documents responsive to this request at this time. Plaintiffs' Motion to Compel Response to Request for Production 6 should be denied.

Requests for Production 9, 11, 14, 15 seek documents that discuss, analyze, depict, illustrate, simulate or otherwise reflect, respectively, the source, process, duration, and receding of any inundation within the geographical area encompassed by the proposed Class definition, or any Sub-Class of it. Request for Production 16 seeks documents that discuss, analyze, depict, illustrate, simulate or otherwise reflect the timing, duration, and depth of precipitation during August 27, 2005 to September 1, 2005 within the pertinent geographical region.

SWB objected to these requests to the extent they seek documents and information which theoretically could be generated which would be protected under the attorney work-product doctrine. Again, draft expert reports are privileged under Paragraph III(D)(5) of CMO # 4. However, SWB adequately responded to these requests by advising plaintiffs that expert reports addressing these issues, together with supporting documentation, would be produced in compliance with the requirements of CMO # 4. SWB further referred plaintiffs to exhibit lists previously filed by it and others, and the public reports included there, which identify potentially responsive documents.[1] Moreover, additional exhibit lists are due June 20, 2007 and June 27, 2007, each of which will provide plaintiffs with additional relevant information. Finally, SWB has agreed to produce certain pumping station logs which may contain information relevant to some of the request.

SWB's responses to plaintiffs' requests for production are adequate and, contrary to plaintiff's contention, SWB is making every effort to identify and locate responsive documents. Plaintiffs' Motion to Compel Responses to Requests for Production 9, 11, 14, 15, and 16 should be denied.

---

[1] The 1983 amendments to Fed. Rule Civ. Proc. 26(6) state that discovery need not be ordered if the discovering party can obtain the documents in question as readily as can the adverse party and/or is obtainable from some other source that is more convenient or equally accessible to all parties.

## REQUESTS FOR ADMISSION

Plaintiffs wrongly assert that SWB "declined" to answer Requests for Admission 2, 5, 6, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 29, 30, 32, 33, 35, 36, 38, 44 and 49. In fact, each of the SWB Responses to Requests for admission complies with Rule 36 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 36(a) provides that the party to whom a request for admission is directed serves a written answer or objection. If an objection is made, the reasons for the objection must be stated. In compliance with Rule 36, for each of the Requests for Admission at issue here to which SWB lodged a specific objection, the basis for that objection was spelled out. Furthermore, in an abundance of caution, SWB thereafter provided a response to each and every Request for Admission.

SWB objects to Requests for Admission 2, 5, 15,[2] 16, 17, 18, 19, 20, 21, 22, 32, 33, 35, 36, and 38 because they ask for legal conclusions, variously pertaining to:

(1) the legal sufficiency of Forms 95 purportedly filed by the proposed class representatives with the U.S. Army Corps of Engineers (Request for Admission 2);

(2) class representative satisfaction of all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. 2671, *et seq.* (Federal Tort Claims Act)(Request for Admission 5);

(3) the impracticality of joinder of all persons and entities of the members of the proposed class and its various proposed sub-classes due to geographic dispersal (Requests for Admission 15 (both), 16, 17, 18, and 19);

---

[2] Plaintiffs' Requests for Admission contained two requests numbered as 15. SWB objected to both of these on the same grounds.

(4)  a determination that individual civil actions for Katrina-related property losses by proposed class members would result in inconsistent adjudications, substantially impairing or impeding the ability of some class members to protect their interests (Requests for Admission 20 and 21);

(5)  an admission that various identified waterways were "things" over which one or more of the Defendants had "custody" within the meaning of Louisiana Civil Code 2317 (Request for Admission 22);

(6)  an admission that the "source of inundation" affecting any member of proposed sub-classes One, Two, Four and Five is a question common to every member of those proposed sub-classes (Requests for Admission 32, 33, 35, 36)[3]

(7)  an admission that a question common to every member of proposed sub-classes One, Two and Five is whether various defendants, including SWB, committed the negligent acts and omissions described in Count II of the Complaint (Request for Admission 38).

Requests for admission cannot be used to compel an admission of a conclusion of law.[4]  It is not for SWB to determine, for example, whether necessary claims forms are

---

[3] Requests for Admission 31 and 34 also ask for the same legal conclusion about the member of the proposed larger Class and sub-class Three, respectively, but plaintiffs have not challenged the sufficiency of SWB's responses in their motion or memorandum.

[4] *See Playboy Enterprises, Inc.*, 60 F.Supp 2d 1050 (S.D. Cal 1999)(citing *Reliance Ins. Co. v. Marathon LeTournneau Co.,* 152 F.R.D. 524, 525 (S.D.W.Va. 1994)(defendant could properly object to an admission seeking to have defendant admit that she was a "public figure").  *See also, English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Illl. 1986)(request that defendant admit that it was subject to certain statutes called for a conclusion of law beyond the scope of Rule 36).

legally sufficient, whether class representatives – individuals not under its employment, supervision, or control - meet certain federal statutes, or whether certain defendants have "custody" over various waterways. These are legal determinations for the Court.

Plaintiffs argue that Rule 36 permits requests for admissions relating to the application of law to fact. This may be so, but plaintiffs' objectionable requests call for broad conclusions of law which are not allowed. *See*, footnote 3. Further, even if the Court were to conclude that these requests seek an application of law to the facts of the case, plaintiffs have nonetheless failed to offer sufficient facts for SWB to make the admissions requested. For example, with respect to Request for Admission 2, plaintiffs failed to comply with Rule 36(a) insofar as copies of the referenced Forms 95 were not served with the request nor were they otherwise furnished or made available for inspection by the time SWB's responses were due. While copies of the forms were later provided to SWB, SWB, a local public entity, should not be forced to make legal conclusions about the sufficiency of claims filed only against the U.S. Army Corps of Engineers pursuant to federal claims statute.

Moreover, discovery of the relevant facts in this case pertaining to the proposed class representatives and/or members is still in its infancy and has yet to produce a sufficient factual basis for the SWB, or any other defendant for that matter, to make specific admissions applying law to fact. The Advisory Committee notes to the 1970 Amendment to Rule 36 expressly recognize that "[r]equests for admission involving the application of law to fact may create disputes between the parties which are best resolved in the presence of the judge *after much or all of the other discovery has been completed."* (Emphasis Added). At the very least, these Requests for Admissions are premature.

SWB further objects to Requests for Admission 6, 25, 26, 27, 28, 29, 30, 44 and 49 as vague and ambiguous and not conducive to simple admissions or denials. These requests contain words and phrases subject to any number of interpretations and connotations, such as:

(1) "some damage" (Requests for Admission 6 and 25);

(2) "initial inundation" (Requests for Admission 26, 27, 28, 29 and 30);

(3) "breakdown in social structure" and "loss of cultural heritage" (Request for Admission 44); and

(4) "USA" (Request for Admission 49).

Rule 36 requires that "[r]equests for admission should be simple and direct. Parties are not required to admit or deny requests that consist of statements that are vague or ambiguous."[5] The rule permits a responding party to qualify its answer to address ambiguities in the requestor's statements, but this should be the exception, rather than the rule.[6] A recent opinion by the District Court for the Eastern District of Kentucky provides a most complete and succinct analysis of why broad, vague, and ambiguous requests for admissions, such those objected to here, should not be permitted:

> Where the requests generally suffer from vagueness or repeatedly require the respondent the qualify its answer, compelling responses would frustrate rather than further the goals of Rule 36:
>
> * * *

---

[5] *Moore v. Rees*, 2007 WL 1035013 (E.D. Ky.)(citing 7-36 Moore's Federal Practice Civil 36.10[6](citing *Henry v. Champlain Enters.,* 212 F.R.D. 73, 77 (N.D.N.Y. 2003)(request must be simple and direct, not vague or ambiguous, so that they can be answered with simple admit or deny, without explanation); *Dubin v. E.F. Hutton,* 135 F.R.D. 372, 376 (S.D.N.Y. 1989); *Tulip computers Int'l B.V. v. Dell Computer Corp.,* 210 F.R.D. 100, 107-108 (D.Del. 2002)(requests for admission should be phrased so that they may be admitted or denied with little or not explanation or qualification).

[6] *Moore* at * 16 (citing *Diederich v. Department of the Army,* 132 F.R.D. 614, 619 (S.D.N.Y. 1990).

> [defendants contend] each statement sought to be admitted may contain an isolated bit of truth; but standing alone out of the context of the whole truth such statements convey unwarranted and unfair inferences. This objection goes to the heart of the difficulties which arise when a party attempts to use Rule 36 to cover every facet of a case … the purpose of the Rule is to separate the wheat from the chaff and to get down to the real issues in the case. In other words, are admissions to supplement other discovery privileges such as depositions and interrogatories or were they intended to supplant them and, more important, to give to the party making use of the Rule rights which he would not have had on the trial of the cause? If we conclude that Rule 36 is so broad that almost any question with any relevancy directly or indirectly to the issue can be asked and an answer required, the result could be as here, namely, a number of statement each of which may tell a small part of a long story; which may be out of context; which may necessitate detailed explanation in order to put them in proper perspective. Of course, the party admitting the truth of a statement or fact may qualify his answer under the specific terms of Rule 36, but it is not always possible by qualifying an admission to avoid the inferences arising from the phrasing of the statement sought to be admitted.[7]

Requests for Admission 6, 25, 26, 27, 28, 29, 30, 44 and 49 are far from the simple and direct statements contemplated by Rule 36. Plaintiffs' Motion to Compel Responses to these Requests should be denied.

Alternatively, with respect to the Requests for Admission identified above as objectionable, in an abundance of caution, in the event the objections were not to be sustained, SWB nonetheless provided adequate responses. In many instances, SWB denied the requests and went even further and provided explanations for its denials,

---

[7] *Moore v. Rees*, 2007 WL 1035013, at P. * 16 (E.D. Ky.), *(citing Johnstone v. Cronlund*, 25 F.R.D. 42, 44-45 (E.D. Pa. 1960); *Honeycutt v. First Federal Bank*, 2003 WL 1054235, *1 (W.D.. Tenn. 2003)(unpublished disposition)(statements that are vague, susceptible of more than one interpretation, combine fact, conclusion, and argument, require lengthy explanations before they can be answered, or require inference defeat the goals of Rule 36 and are properly objectionable.)

although the federal rules do not require it to do so.[8]  In other instances, SWB detailed why it could not truthfully admit or deny the matter set forth.  In each contested response, and in compliance with Rule 36, SWB attested that it had made the necessary reasonable inquiry and that the information then known or readily obtainable by it was insufficient to admit or deny the Request.  An answering party may cite lack of information or knowledge as a basis for denying a request for admission if such information is not known or readily available to the party upon reasonable inquiry.[9]

## ANSWERS TO INTERROGATORIES

Finally, Plaintiffs take issue with SWB Answers to Interrogatories 1, 4, 7, 8, 9, and 13.

Interrogatory 1 seeks information regarding preparation of SWB's responses to plaintiffs' Requests for Admissions.  SWB has adequately responded to both this interrogatory and plaintiff's Requests for Admissions.  No further argument is necessary.  Plaintiffs' Motion to Compel as to Interrogatory 1 should be denied.

Interrogatories 4, 7, 8, and 9 ask SWB to render conclusions and opinions regarding the adequacy of class representation, the existence of questions of law and fact not common to all members of the proposed class and subclasses and whether such questions would predominate over those common to the proposed class, the relative superiority of the class action trial in this case and, finally, each and every "difficulty" that might be encountered in the management of the proposed class action.

---

[8] *See Camp v. The Progressive Corp.*, 2003 WL 21939778 (E.D.La. 2003)(citing *Safeco of Am. v. Rawstron*, 181 F.R.D. 441 at 447 (quoting 8A Wright, Miller & Marcus, *Federal Practice and Procedure* §2258, at 546-547; citing *United Coal Co. v. Powell Constr. Co.,* 839 F.2d 958, 968 (3rd Cir. 1988)("Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation.  Explanation is only required if the party cannot truthfully admit or deny).

[9] *Camp v. The Progressive Corp.,* 2003 WL 21939778 at 3 (E.D. La. 2003).

Interrogatory 13 asks for a detailed description of each source of inundation and the manner in which SWB contends inundation occurred in the geographical area encompassed by the five sub-classes.

Given that discovery has essentially just begun, SWB objects to each of these as premature. Plaintiffs have not yet been deposed and discovery yet to be taken of SWB's co-defendants or third parties. Further, at the time SWB produced its discovery responses, it had not yet received plaintiffs' response to defendants' class discovery.

More importantly, as noted in its Answers, SWB objects to these interrogatories because they improperly accelerate the schedule established by the Court in Case Management Order #4 for SWB to state its basis for opposing class certification. SWB further objects to the interrogatories because they seek to shift the burden of proof by having SWB declare its position on the superiority and manageability requirements of Federal Rule of Civil Procedure 23 before it has seen plaintiffs' brief and evidence in support of their motion for class certification.

For these reasons, plaintiffs' motion to compel responses to Interrogatories 1, 4, 7, 8, 9 and 13 should be denied.

## **CONCLUSION**

In their Memorandum, plaintiffs have stated only conclusory, sweeping statements and have provided no clearly discernible legal basis for asserting that SWB's responses are improper, inadequate or insufficient. Accordingly, and for all the reasons discussed in detail above, plaintiffs' Motion to Compel Defendants' Answers to Interrogatories and Requests for Production of Documents should be denied.

Respectfully submitted,

s/Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR., T.A. - 18299**
**LAWRENCE J. ERNST – 5363**
**J. WARREN GARDNER, JR. – 5928**
**KEVIN R. TULLY – 1627**
**ELIZABETH S. CORDES –1786**
**GREGORY S. LACOUR – 23823**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Facsimile:  (504) 561-5743

**GEORGE R. SIMNO III – 12271**
**GERARD M. VICTOR – 9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone: (504) 585-2242
Facsimile:  (504) 585-2426

ATTORNEYS FOR SEWERAGE AND
WATER BOARD OF NEW ORLEANS

# CERTIFICATE

I do hereby certify that on the 19th day of June 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR.**