UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | : | CIVIL ACTION |
| CONSOLIDATED LITIGATION | : | |
| | : | NO. 05-4182 "K"(2) |
| _____ | : | |
| PERTAINS TO: | : | JUDGE DUVAL |
| LEVEE (06-6642) | : | |
| (PONTCHARTRAIN BAPTIST CHURCH) | : | MAGISTRATE WILKINSON |
| | : | |

_____

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC. TO THE
FIRST AMENDED COMPLAINT OF PONTCHARTRAIN BAPTIST CHURCH, ET AL.**

_____

Modjeski and Masters, Inc. ("Modjeski"), for answer to the First Amended

Complaint of Pontchartrain Baptist Church, et al., ("Plaintiffs"), respectfully avers:

**PRELIMINARY STATEMENT**

Modkjeski reavers, reiterates and incorporates by reference the entirety of

its Answer (Doc No. 1542) to the Original Complaint of Pontchartrain Baptist Church, et

al.(consolidated by Doc No. 1525).

The First Amended Complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations of the Amended Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski's last professional services for that reach where the breach occurred in the 17th Street Canal were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of

Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps").   OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces.   Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

### MODJESKI'S ANSWER TO THE FIRST AMENDED COMPLAINT

Modjeski responds to Plaintiffs' allegations specifically set forth in the paragraphs of the First Amended Complaint as follows:

1.

Those allegations which are identical in paragraph number and content to the allegations in the Original Complaint are answered by referring to Modjeski's Original Answer  (Doc No. 1542) as if copied herein in its entirety.

Modjeski further responds to those allegations in the First Amended Complaint  which appear amended or altered[1] from the Original Complaint as follows:

---

[1]Plaintiff has given no guide as to the changes put forth in the First Amended Complaint.  Modjeski has been able to answer only after a careful comparison of the Amended Complaint to the Original Complaint. In the event amendments were overlooked, Modjeski relies on its Preliminary Statement that all allegations are denied unless specifically admitted.

2.

The allegations of paragraphs 5a, 5b, 5c and 5d require no answer.  To the extent that an answer is required, Modjeski denies the allegations.

3.

Modjeski denies the allegations of paragraph 6.

4.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 11, and therefore denies the allegations contained therein.

5.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 22, and therefore denies the allegations contained therein.

6.

Modjeski denies the allegations of paragraphs 23 and 24.

7.

Modjeski denies the allegations of paragraphs 26 and 27.

8.

Modjeski denies the allegations of paragraph 30.

9.

Incomplete information is provided in paragraphs 33 through and including 36 to allow Modjeski to answer.  To the extent an answer is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 33 through and including 36, and therefore denies the allegations contained therein.

10.

The allegations of paragraph 37 require no answer.  To the extent that an answer is required, Modjeski denies the allegations.

11.

Modjeski denies the allegations of paragraph 53.

12.

Incomplete information is provided in paragraphs 56, 60, 65 and 72 to allow Modjeski to answer.  To the extent an answer is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 56, 60, 65 and 72 and therefore denies the allegations contained therein.

13.

Modjeski denies the allegations of paragraph 73.

14.

Incomplete information is provided in paragraph 78 to allow Modjeski to answer.  To the extent an answer is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph78 and therefore denies the allegations contained therein.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

/s/ Francis J. Barry, Jr.
Francis J. Barry, Jr. (#2830)

Keith J. Bergeron (#25574)
Scott J. Hedlund (#30549)
        of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Modjeski and Masters, Inc.,
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the above and foregoing Answer has been served this 21st day of June, 2007, by e-mail or by placing same in the United States Mail, postage prepaid and properly addressed to the counsel of record on file.


/s/ Francis J. Barry, Jr.
Francis J. Barry, Jr.

#454715v1<DKS> -amended answer2 - Pontchartrain Baptist