UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO.   05-4182 "K"(2) |
| § | | JUDGE DUVAL |
| § | | MAG. WILKINSON |
| _____ § | | |
| § | | |
| PERTAINS TO: § | | |
| § | | |
| ALL CASES § | | |
| § | | |
| _____ § | | |

**MEMORANDUM IN SUPPORT OF *EX-PARTE* MOTION FOR TO EXPEDITED HEARING**

NOW INTO COURT, through undersigned counsel, comes the PSLC in the above referenced cases, who respectfully move for an Order setting an expedited hearing for the Motion to Compel Videotaped Federal Rule 30(b)(6) Deposition, for the following reasons to wit:.

In accordance with this Court's Case Management and Scheduling Order No. 4, on June 5, 2007, the Plaintiffs' Subgroup Litigation Committees (PSLC) noticed the Videotaped Federal 30(b)(6) Deposition of the Corps of Engineers.  Prior to this notice being served, a courtesy copy was provided to Robin Smith, trial counsel for the United States.  The United States indicated that the government would not comply with the deposition.

1

Accordingly, on June 6, 2007, the PSLC provided to Magistrate Wilkinson a letter brief to resolve this issue pursuant to Minute Entry of May 24, 2007. This letter brief format was dispensed with by the Magistrate prior to this issue being resolved.

The pertinent inquiry of the Notice of Deposition was the following:

A. The *sources* of inundation of the class area;
B. The *causes* of the inundation of the class area;
C. The *process* of the inundation of the class area;
D. The *timing* of the inundation fo the class area;
E. Information reflecting the *depth* of the inundation of the class area;
F. Information reflecting the *duration* of the inundation of the class area;
G. Information reflecting the *recession* of the inundation of the class area.

The United States has consistently maintained that they would not provide specific responses to these areas of inquiries as the information sought was "publicly available and therefore, obtainable from some source that is more convenient, less burdensome, and less expensive. Fed.R.Civ.P. 26(b)(2)(C)(1)." The United States directed Plaintiffs to the website containing the IPET report and other documentation that *may* be relevant to this request.

The United States has now produced two hard drives containing materials alleged to contain the background materials for the conclusions contained in the IPET report. However, the IPET website itself contains the disclaimer that the IPET "report is the independent opinion of the IPET and is not necessarily the official position of the United States Army Corps of Engineers."

It is imperative that the United States be required to produce a witness who can provide testimony substantiating the veracity of the background information and conclusions of the report which it asserts is responsive to the PSLC's discovery. However, the PSLC has not been able to secure a date for the United States to produce a witness to testify about the completeness

2

or accuracy of this information. With a discovery deadline fast approaching, the PSLC must move to compel the United States to appear at deposition and respond to the inquiries as presented in the above referenced Videotaped Federal 30(b)(6) Deposition.

Because Plaintiffs are seeking the same documents as were requested in written discovery, and disclosed as being responsive to those inquires, the government should be required to appear at deposition, producing the appropriate records, and submit to inquiry regarding the same. A Motion to Compel concerning Interrogatories and Request for Production directed at the same areas of inquiry is already scheduled for Wednesday, June 27, 2007 at 11:00 a.m.

The court's next available rule date is July 11, 2007. Plaintiffs' motion is necessary to prevent a potential abuse of the discovery process and of the limitations of class certificatiion discovery.

Furthermore, Defendant's are neither prejudiced by the expedited motion on Plaintiffs' Motion to Compel, or by the Motion to Compel itself.,

**WHEREFORE**, the PSLC respectfully moves for the entry of an Order setting an expedited hearing for their Motion to Compel Videotaped Federal Rule 30(b)(6) Deposition.

        **Respectfully Submitted,**
        **APPROVED PLAINTIFFS LIAISON COUNSEL**

        /s/ Joseph M. Bruno
        JOSEPH M. BRUNO (La. Bar # 3604)
        PLAINTIFFS LIAISON COUNSEL
        Law Offices of Joseph M. Bruno
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775
        Email: jbruno@jbrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**
s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Tel: (225) 664-4193
Fax: (225) 664-6925
calvinfayard@fayardlaw.com

For

INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

   s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

## CERTIFICATE OF SERVICE

   I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 21st day of June, 2007.

       /s/ Joseph M. Bruno
       Joseph M. Bruno