UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| ALL CASES | § | |
| | § | |
| _____ | § | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**
**VIDEOTAPED FEDERAL 30(b)(6) DEPOSITION**

**I.**

**BACKGROUND**

In accordance with this Court's Case Management and Scheduling Order No. 4, on June 5, 2007, the Plaintiffs' Subgroup Litigation Committees (PSLC) noticed the Videotaped Federal 30(b)(6) Deposition of the Corps of Engineers. (See Exhibit 1).  Prior to this notice being served, a courtesy copy was provided to Robin Smith, trial counsel for the United States.  The United States indicated that the government would not comply with the deposition.  (See Exhibit 2).

Accordingly, on June 6, 2007, the PSLC provided to Magistrate Wilkinson a letter brief to resolve this issue pursuant to Minute Entry of May 24, 2007. (See Exhibit 3).  This letter brief format was dispensed with by the Magistrate prior to this issue being resolved.

1

In response to discovery previously propounded, the United States has produced a hard drive containing electronic data which it claims was responsive to the inquires presented in the Notice of Deposition. However, PSLC has not been able to secure a date for the United States to produce a witness to testify about the completeness or accuracy of this information. With a discovery deadline fast approaching, the PSLC moves the Court to compel the United States to appear at deposition and respond to the inquiries as presented in the above referenced Videotaped Federal 30(b)(6) Deposition.

## II. ARGUMENT

Federal Rules of Civil Procedure, Rule 26(b)(1) holds in pertinent part:

> "b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is, as follows:
>
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

In the present case, the Court issued CMO No. 4 (Document 3299) on March 1, 2007 to govern the discovery and pre-trial proceedings under the Levee, MRGO and Insurance Group cases. CMO No. 4 (C)(2) provides:

> "Fact depositions must be taken and all fact discovery for class certification purposes must be completed no later than **July 27, 2007**. Immediately after the exchange of initial preliminary witness lists, Liason Counsel or their designees must confer in person to schedule fact depositions within this time frame."

The pertinent inquiry of the Notice of Deposition was the following:

A.   The *sources* of inundation of the class area;
B.   The *causes* of the inundation of the class area;
C.   The *process* of the inundation of the class area;

      D.      The *timing* of the inundation fo the class area;
      E.      Information reflecting the *depth* of the inundation of the class area;
      F.      Information reflecting the *duration* of the inundation of the class area;
      G.      Information reflecting the *recession* of the inundation of the class area.

The United States has consistently maintained that they would not provide specific responses to these areas of inquiries as the information sought was "publicly available and therefore, obtainable from some source that is more convenient, less burdensome, and less expensive. Fed.R.Civ.P. 26(b)(2)(C)(1)." The United States directed the PSLC to the website containing the IPET report and other documentation that *may* be relevant to this request.

The PSLC soon determined that the IPET website did not allow public access to a plethora of information upon which the IPET report is based. The information was password protected, accessible only to members of the IPET team and/or the government. After a number of telephone conferences to discuss these issues, the PSLC developed a Notice of Deposition specifically setting forth the items of inquiry concerning the IPET report.

The materials sought are relevant to class certification. The United States has now produced two hard drives containing materials alleged to contain the background materials for the conclusions contained in the IPET report. However, the IPET website itself contains the disclaimer that the IPET "report is the independent opinion of the IPET and is not necessarily the official position of the United States Army Corps of Engineers." Therefore, it is imperative that the United States be required to produce a witness who can provide testimony substantiating the veracity of the background information and conclusions of the report which it asserts is responsive to the PSLC discovery.

Under the Federal Rules of Civil Procedure, relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. Miller v. Doctor's

General Hospital, 76 F.R.D. 136 (W.D.Okl.1977).  Discovery rules are to be recorded a broad and liberal treatment.  Schlagenhauf v. Holder, 379 U.S. 104, 85 S. Ct. 234, 13 L.Ed.2d 152 (1964); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Rule 26 ( c) provides in pertinent part:

> "Upon motion by a party or by the person from whom discovery is sought, and for good case shown, the court in which the action is pending... may make any order which justice requires to protect a party Or person from annoyance, embarrassment, oppression or undue burden or expense..."

The United States enjoys no general right to withhold information from an opposing litigation and secrecy must be predicated upon a specific claim of some privilege based upon considerations peculiar to the operation of the government or the government must conform to rules governing private parties.  U.S. v. Swift & Co., 24 F.R.D. 280 (N.D.I11. 1959).  The government has shown no claim of such privilege.

Because the PSLC is seeking the same documents as were requested in written discovery, and disclosed as being responsive to those inquires, the government should be required to appear at deposition, producing the appropriate records, and submit to inquiry regarding the same.  A Motion to Compel concerning Interrogatories and Request for Production directed at the same areas of inquiry is already scheduled for Wednesday, June 27, 2007 at 11:00 a.m.

### III. CONCLUSION

The PSLC is entitled to depose representatives of the U.S. Corps of Engineers about matters relevant to class certification.  As such, the Court should issue an order compelling the United States to appear at deposition and respond to the inquiries as presented in the above referenced Videotaped Federal 30(b)(6) Deposition.

4

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com
**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC

P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Tel: (225) 664-4193
Fax: (225) 664-6925
calvinfayard@fayardlaw.com

For

INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

   s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

### CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 21st day of June, 2007.

       /s/ Joseph M. Bruno
       Joseph M. Bruno