UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | NO.  05-4182 |
| | SECTION "K"(2) |
| | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO LIMIT THE DEFENDANTS TO NO MORE THAN THREE (3) HOUR PER DEPOSITION OF PLAINTIFF-CLASS REPRESENTATIVES**

MAY IT PLEASE THE COURT:

Plaintiffs in the above referenced matter move this Honorable Court to issue a protective order limiting the defendants to no more than three (3) hours per deposition of each of the plaintiff-class representatives in the above captioned matter, on the grounds that said depositions are being taken solely on the issue of class certification.  Liability is not at issue for the purposes of class certification.  The only issues before the Court that said depositions pertain to are:

(1) whether the class is so numerous that joinder of all members is impracticable;

(2) whether there are questions of law or fact common to the class;

(3) whether the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) whether the representative parties will fairly and adequately protect the interests of the class.  **Rule 23** *of the Federal Rules of Civil Procedure*.

3

All of the foregoing can be determined in less than three (3) hours of examination, and that additional examination beyond three (3) hours would be unduly burdensome, overly broad, and constitute nothing more than mere harassment and abuse of the discovery process.

Pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, the Plaintiffs' Management Committee respectfully requests that this Honorable Court enter a case specific order directing that all of the class certification depositions in this cases be limited to three (3) hours if it deems such to be appropriate. *(Plaintiffs specifically direct the Court's attention to the comments following Rule 30(d)(2) of the Federal Civil Judicial Procedure and Rules publication by Thomson/West).*

While the defendants may argue about the general liberalness of discovery, a Court does not abuse its discretion in limiting discovery to information that relates directly and solely to class certification issues, or where other information that may be sought by the deposing party is only minimally relevant. *In re International Business Machines Corporate Securities Litigation,* 163 F.3d 102 (2nd Cir. 1998).

The decision to grant a protective order is a discretionary one to be used by courts to control the course of class action litigation. The discretion to issue such orders has been vested with trial courts because it is well-recognized that class actions present opportunities for abuse as well as problems for courts and counsel in the management of cases. Because of the potential for

abuse, a district court has both the **duty and the broad authority to exercise control over a class action** and to enter appropriate orders governing the conduct of counsel and parties. *Gulf Oil v. Bernard, 452 U.S. 89, 100-01, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1081); Williams v. Chartwell Financial Services, Ltd., 204 F.3d 748, 759 (7th Cir. 2000)* (emphasis added).

Furthermore, to the extent that the defendants seek to discover information concerning liability (which is not at issue on class certification), or even the specifics with respect to each of the plaintiff's individual and particular damages (which are not at issue on class certification), then those questions are not **relevant**, and therefore may not be asked in these class certification issue depositions. *Alexander v. Federal Bureau of Investigation, 186 F.R.D. 188 (D.D.C. 1999)* (emphasis added).

The exclusive four (4) issues which are properly the subject of these class certification depositions can be determined in well under three (3) hours per plaintiff's deposition. Beyond, the defendants would simply be harassing the plaintiffs and abusing the discovery process. For all of the foregoing reasons, the plaintiffs' motion for protective order to limit the respective plaintiff-representative depositions to no more than three (3) hours per plaintiff, must be granted by this Honorable Court.

                                                Respectfully submitted,

                                                _/s/ Darleen M. Jacobs_____
                                                DARLEEN M. JACOBS, BAR # 7208
                                                Plaintiffs' Management Committee

823 ST. LOUIS STREET  
NEW ORLEANS, LOUISIANA 70112  
(504) 522-0155  

Counsel for Plaintiffs
Plaintiffs' Management Committee

CERTIFICATE OF SERVICE

_____I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by electronic mail transmission, this __20th___day of __June____, 2007.

_/s/ Darleen M. Jacobs_____
DARLEEN JACOBS

6