**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | | |
| **PERTAINS TO: SEVERED MASS** | * | **NO. 05-4182** |
| **JOINDER CASES** | | |
| | * | **SECT. "K"(2)** |
| *severed from Kiefer, 06-5370* | | |
| | * | |
| | | |
| **MARY BETH GILLASPIE** | * | **CIVIL ACTION** |
| | | |
| **VERSUS** | * | **NO.  07-2661** |
| | | |
| **STATE FARM FIRE & CASUALTY CO.** | * | **SECT. "K",  MAG. 2** |

\*      \*      \*      \*      \*      \*      \*      \*

**STATE FARM'S DEFENSES, AFFIRMATIVE DEFENSES, AND
ANSWER TO SUPPLEMENTAL AND AMENDING COMPLAINT PURSUANT TO
SEVERANCE ORDER DATED 03/27/07**

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire

and Casualty Company ("State Farm") who submits the following Defenses, Affirmative

Defenses, and Answer to plaintiffs' Supplemental and Amending Complaint:.

**DEFENSES AND AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The Complaint as amended fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Any plaintiffs who are not named insureds under the policies issued by State Farm lack

standing to bring this action against State Farm.

THIRD DEFENSE

The claims of any plaintiffs who are not in privity of contract with State Farm are barred.

FOURTH DEFENSE

Plaintiffs' claims are preempted under the National Flood Insurance Act, 42 U.S.C.

§ 4001, *et seq.* and the Supremacy Clause of the Constitution of the United States.

FIFTH DEFENSE

State Farm has detrimentally relied upon prior approval of its policy forms by the

Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies

offered in accordance with the approved forms.

SIXTH DEFENSE

Plaintiffs' claims are barred by estoppel, waiver or by the doctrine of laches.

SEVENTH DEFENSE

Granting the relief sought by plaintiffs' claims would result in unjust enrichment.

EIGHTH DEFENSE

Plaintiffs are barred from recovery as State Farm has made payment in full for all

amounts owing to plaintiffs, which payment acts to release all plaintiffs' claims against State

Farm.

## NINTH DEFENSE

Plaintiffs are not entitled to recoveries sought in the Complaint because they have received all payments owing from insurance policies and/or programs, including any policies issued by State Farm.

## TENTH DEFENSE

The recoveries sought in the Complaint are barred in whole or in part because the losses sued upon were not caused by a peril covered by the policies issued by State Farm.

## ELEVENTH DEFENSE

The amount of any recoveries by plaintiffs herein is limited by the terms and conditions of the policy sued upon, including all limitations as to coverage payable.

## TWELFTH DEFENSE

State Farm avers that plaintiffs' policies of insurance are the best evidence of their contents and are pled herein as though copied in their entirety.  State Farm specifically denies any allegations which tend to contradict, contravene, or enlarge the terms, conditions, exclusions, or limitations of said policies.

## THIRTEENTH DEFENSE

The State Farm homeowners' policies exclude coverage for plaintiffs' flood claims. Among other provisions that may bear on coverage, the State Farm homeowners' policies specifically exclude coverage for loss, *inter alia*, caused by Water Damage, including "flood" and "surface water", "whether driven by wind or not"; when such loss "would not have occurred in

3

the absence" thereof.  State Farm does not "insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these." Additionally, the State Farm homeowners' policy does not cover a loss resulting from flood or surface water even though such loss is due to the "conduct, act, failure to act, or decision of any person . . . or governmental body whether intentional, wrongful, negligent, or without fault," or resulted from a defect in "planning, zoning, . . . design, specifications, workmanship, construction, . . ." materials, or maintenance.

FOURTEENTH DEFENSE

The Complaint improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

FIFTEENTH DEFENSE

The Complaint improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Louisiana.

SIXTEENTH DEFENSE

The Complaint improperly seeks to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

SEVENTEENTH DEFENSE

The Complaint improperly seeks to effect a deprivation of property in contravention of rights guaranteed State Farm by the due process clauses of the Constitutions of the United States and the State of Louisiana.

EIGHTEENTH DEFENSE

The Complaint improperly seeks to deprive State Farm of equal protection of the law in contravention of the Constitutions of the United States and the State of Louisiana.

NINETEENTH DEFENSE

Plaintiffs' claims are barred by principles of *res judicata*, collateral estoppel, or both.

TWENTIETH  DEFENSE

Plaintiffs' claims seek to impose on State Farm a rate structure that has not been filed with or approved by the Louisiana Insurance Rating Commission in accordance with La. R.S. 22:1401 *et seq.,* and therefore violates Louisiana law.

TWENTY-FIRST DEFENSE

Plaintiffs' claims interfere with the exclusive or primary jurisdiction of the Commissioner of Insurance of Louisiana, including his jurisdiction over policy forms.

TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the filed rate doctrine.

## TWENTY-THIRD DEFENSE

With respect to any determinations made under the Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program for those plaintiffs who purchased such policies, State Farm reserves all defenses with respect to the SFIP including but not limited to all applicable conditions precedent, coverage limitations, exclusions, limitations on remedies and damages, appraisal rights, other insurance or payments, loss payee requirements, and other requirements and provisions of the SFIP, the National Flood Insurance Act, and the Federal Emergency Management Agency, as well as causation, assumption of the risk, the Appropriations Clause of the United States Constitution, and the Separation of Powers doctrine.

## TWENTY-FOURTH DEFENSE

The Complaint as amended does not present a justiciable case or controversy between plaintiffs who are not State Farm insureds and State Farm.

## TWENTY-FIFTH DEFENSE

Louisiana's Valued Policy Law, La. R.S. 22:695, relied upon by plaintiffs in their Complaint as amended, is inapplicable because the plaintiffs' dwelling structures were not rendered a "total loss" by a peril or damage covered by their State Farm homeowners policies.

## TWENTY-SIXTH DEFENSE

State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policies as defenses against the plaintiffs' claims.

TWENTY-SEVENTH DEFENSE

State Farm owes no duty to its insureds to advise them regarding types of insurance or coverages they should seek or purchase.

TWENTY-EIGHTH DEFENSE

To the extent that any allegation in the Complaint as amended has not been answered, State Farm specifically denies same.

**ANSWER**

AND NOW, answering the numbered allegations of plaintiffs' Supplemental and Amending Complaint, State Farm states as follows:

1.

State Farm admits its status as alleged in Paragraph 1.

2.

State Farm admits to the personal jurisdiction of this Court.

3.

State Farm admits that this Court is a proper venue.

4.

State Farm denies the allegations of Paragraph 4 of the Supplemental and Amending Complaint, including each of the sub-parts a through e of Paragraph 4.

5.

State Farm denies the allegations of Paragraph 5 of the Supplemental and Amending Complaint for lack of sufficient information to justify a complete belief therein.

6.

State Farm denies the allegation of Paragraph 6 of the Supplemental and Amending Complaint that it issued an "All Risk Policy" or "All Risk Policies" to plaintiff and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies. Further answering, the policy issued to each insured is the best evidence of that policy's terms and conditions.  Otherwise, State Farm denies the allegations of Paragraph 6 of the Supplemental and Amending Complaint for lack of knowledge sufficient to justify a belief therein.

7.

State Farm denies the allegations of Paragraph 7 of the Supplemental and Amending Complaint.

8.

State Farm denies the allegations of Paragraph 8 of the Supplemental and Amending Complaint.

9.

State Farm denies the allegations of Paragraph 9 of the Supplemental and Amending Complaint.

10.

State Farm denies the allegations of Paragraph 10 as written insofar as they relate to State Farm.  State Farm does not determine the amount of insurance.  Rather, the applicant or policyholder determines their amount of insurance.  State Farm admits to making available tools to determine replacement costs for the policyholder to help them determine the appropriate amount of insurance.  Further answering, State Farm denies for lack of information sufficient to

8

justify a belief therein the allegations of Paragraph 10 of the Complaint to the extent those allegations relate to anyone other than State Farm.

11.

State Farm denies the allegations of Paragraph 11 of the Supplemental and Amending Complaint for lack of knowledge sufficient to justify a belief therein.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to plaintiff and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.

12.

State Farm denies the allegations of Paragraph 12 of the Complaint, as written, except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005.

13.

State Farm denies for lack of sufficient information to justify a complete belief therein the allegations of Paragraph 13 of the Supplemental and Amending Complaint, except to the extent the damages covered by the State Farm policy, if any, were paid by State Farm to the plaintiff.

14.

The allegations of Paragraph 14 are conclusions of law to which no response is required. However, in the event a response is deemed necessary, State Farm denies the allegations.  Further answering, State Farm denies that the State Farm homeowners policy provides coverage for improper and/or negligent design, construction, maintenance of the levees by various third parties and/or third party negligence which resulted in water damage to the property of the plaintiff.

15.

The allegations of Paragraph 15 of the Supplemental and Amending Complaint are denied as written.  State Farm admits that a claim has been made that included both covered and non-covered losses.

16.

State Farm denies the allegations of Paragraph 16 of the Supplemental and Amending Complaint.

17.

State Farm denies the allegations of Paragraph 17 of the Supplemental and Amending Complaint.

18.

The allegations of Paragraph 18 of the Supplemental and Amending Complaint restate the allegations of Paragraphs 1-17 of the Complaint.  State Farm reasserts its responses set forth in the previous Paragraphs 1-17.

19.

State Farm admits the allegations of Paragraph 19 of the Supplemental and Amending Complaint with respect to the claims against State Farm brought by plaintiff.   Further answering, State Farm denies that its homeowners policy provides coverage for the claims brought by plaintiff herein, and denies any remaining allegations of Paragraph 19.

20.

The allegations of Paragraph 20 of the Supplemental and Amending Complaint assert conclusions of law and do not require an answer.  However, in the event a response is deemed

necessary, State Farm denies that the plaintiff is entitled to any relief against State Farm under 28 U.S.C. § 2201.

21.

State Farm denies the allegations of Paragraph 21 of the Supplemental and Amending Complaint.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to the plaintiff and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.

22.

State Farm denies the allegations of Paragraph 22 of the Supplemental and Amending Complaint.

23.

State Farm denies the allegations of Paragraph 23 of the Supplemental and Amending Complaint.  Further answering, State Farm denies that it is obligated to indemnify the plaintiff for those losses alleged in this Complaint.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to plaintiff and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.  Further answering, the policy issued by State Farm is the best evidence of that policy's terms and conditions.

24.

This paragraph was misnumbered as #34.  State Farm assumes this was merely a typographical error and answers as follows: State Farm admits that it has refused to indemnify its insureds who are plaintiffs for losses that are not covered under their policies, but otherwise denies the allegations of Paragraph 24 of the Supplemental and Amending Complaint.

25.

State Farm denies the allegations of Paragraph 25 of the Supplemental and Amending Complaint.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to any of the plaintiffs and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.  Further answering, the policy issued to each State Farm insured is the best evidence of that policy's terms and conditions.

26.

The allegations of Paragraph 26 state conclusions of law that require no response. However, to the extent a response is deemed necessary, State Farm denies the allegations of Paragraph 26 of the Supplemental and Amending Complaint.

27.

The allegations of Paragraph 27 state conclusions of law that require no response. However, to the extent a response is deemed necessary, State Farm denies the allegations of Paragraph 27 of the Supplemental and Amending Complaint.

28.

State Farm denies the allegations of Paragraph 28 of the Supplemental and Amending Complaint.

29.

State Farm denies the allegations of Paragraph 29 of the Supplemental and Amending Complaint.

30.

State Farm denies the allegations of Paragraph 30 of the Supplemental and Amending Complaint.

31.

State Farm denies the allegations of Paragraph 21 of the Supplemental and Amending Complaint.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to any of the plaintiffs and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.  Further answering, the policy issued to each State Farm insured is the best evidence of that policy's terms and conditions.

32.

The allegations of Paragraph 32 state conclusions of law to which no response is required. However, to the extent a response is deemed necessary, State Farm admits that in 1968 the National Flood Insurance Act was passed and the National Flood Insurance Program ("NFIP") was created pursuant to that Act, but denies the remaining allegations of Paragraph 32 of the Supplemental and Amending Complaint.

33.

The allegations of Paragraph 33 of the Supplemental and Amending Complaint state conclusions of law to which no response is required.  However, to the extent a response is deemed necessary, State Farm denies the allegations of Paragraph 33.  Further answering, State Farm avers that the provisions of the National Flood Insurance Act are the best evidence of its terms and conditions.

34.

State Farm denies the allegations of Paragraph 34 of the Supplemental and Amending

Complaint.

35.

State Farm denies the allegations of Paragraph 35 of the Supplemental and Amending Complaint.

36.

State Farm denies the allegations of Paragraph 36 of the Supplemental and Amending Complaint for lack of sufficient information to justify a complete belief therein.

37.

The allegations of Paragraph 37 of the Supplemental and Amending Complaint restate the allegations of Paragraphs 1-36 of the Complaint.  State Farm reasserts it responses set forth in the previous Paragraphs 1-36.

38.

State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to plaintiff and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.  Further answering, the policy issued to each State Farm insured is the best evidence of that policy's terms and conditions.

39.

State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to plaintiff and denies the appropriateness of plaintiffs' use of such term to describe State Farm's homeowners policies.

40.

14

State Farm denies the allegations of Paragraph 40 of the Supplemental and Amending Complaint.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to plaintiff and denies the appropriateness of plaintiff's use of such term to describe State Farm's homeowners policies.  Further answering, the policy issued to each State Farm insured is the best evidence of that policy's terms and conditions.

41.

State Farm denies the allegations of Paragraph 41 of the Supplemental and Amending Complaint.

42.

State Farm denies the allegations of Paragraph 42 of the Supplemental and Amending Complaint.

43.

State Farm denies the allegations of Paragraph 43 of the Supplemental and Amending Complaint.

44.

The allegations of Paragraph 44 of the Supplemental and Amending Complain restate the allegations of Paragraphs 1-43 of the Supplemental and Amending Complaint.  State Farm reasserts its responses set forth in the previous Paragraphs 1-43.

45.

The allegations of Paragraph 45 of the Supplemental and Amending Complaint contain legal conclusions to which no response is required.  However, to the extent a response is deemed necessary, State Farm denies the allegations of Paragraph 45 of the Supplemental and Amending

Complaint.  Further answering, State Farm denies that it issued an "All Risk Policy" or "All Risk Policies" to the plaintiff and denies the appropriateness of plaintiff's use of such term to describe State Farm's homeowners policies.  Further answering, the policy issued to each State Farm insured is the best evidence of that policy's terms and conditions.

46.

State Farm denies the allegations of Paragraph 46 of the Supplemental and Amending Complaint.

47.

State Farm denies the allegations of Paragraph 47 of the Supplemental and Amending Complaint.

48.

State Farm denies the allegations of Paragraph 48 of the Supplemental and Amending Complaint.

49.

State Farm denies the allegations of Paragraph 49 of the Supplemental and Amending Complaint.

50.

State Farm denies the allegations of Paragraph 50 of the Supplemental and Amending Complaint.

51.

State Farm denies the allegations of Paragraph 51 of the Supplemental and Amending Complaint.

52.

The allegations of Paragraph 52 contain conclusions of law to which no response is required.  However, to the extent a response is deemed necessary, State Farm denies the allegations of Paragraph 52 of the Supplemental and Amending Complaint.

53.

State Farm denies the allegations of Paragraph 53 of the Supplemental and Amending Complaint.

54.

State Farm denies the allegations of Paragraph 54 of the Supplemental and Amending Complaint.

55.

State Farm denies the allegations of Paragraph 55 of the Supplemental and Amending Complaint.

56.

State Farm denies the allegations of Paragraph 56 of the Supplemental and Amending Complaint.

57.

The allegations of Paragraph 57 of the Supplemental and Amending Complaint contain conclusions of law to which no response is required.  To the extent required, State Farm denies any violation of the cited provisions.

58.

The allegations of Paragraph 58 of the Supplemental and Amending Complaint contain

17

conclusions of law to which no response is required.  To the extent required, State Farm denies any violation of the cited provisions.

59.

State Farm denies the allegations of Paragraph 59 of the Supplemental and Amending Complaint.

60.

State Farm denies the allegations of Paragraph 60 of the Supplemental and Amending Complaint.

61.

State Farm denies the allegations of Paragraph 61 of the Supplemental and Amending Complaint.

62.

State Farm denies the allegations of Paragraph 62 of the Supplemental and Amending Complaint.

63.

The allegations of Paragraph 63 of the Supplemental and Amending Complaint merely contains a demand for jury trial and requires no answer.  State Farm also prays for trial by jury of all issues so triable.

WHEREFORE, Defendant State Farm Fire & Casualty Company prays that its Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings, this Court render judgment in its favor, with all costs and fees assessed against the plaintiff.

18

**ZAUNBRECHER TREADAWAY, LLC**

**/s/ Alan A. Zaunbrecher** _____

**ALAN A. ZAUNBRECHER  (#13783)**
**RANDELL E. TREADAWAY (#1624)**
**TRICIA E. BOLLINGER (# 26204)**
**Suite 1045 – Lakeway II**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**(504) 833-7300**
alan@ztlalaw.com
randy@ztlalaw.com
tricia@ztlalaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that a copy of the foregoing Motion to Substitute Counsel of Record has been served on all counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, this _____ day of _____, 2007.**

_____