UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | NO.  05-4182 |
| | SECTION "K"(2) |
| | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO PROHIBIT THE DEFENDANTS FROM QUESTIONING THE PLAINTIFF-CLASS REPRESENTATIVES ON THEIR INDIVIDUAL DAMAGES**

MAY IT PLEASE THE COURT:

Plaintiffs in the above referenced matter move this Honorable Court to issue a protective order prohibiting the defendants from questioning each of the plaintiff-class representatives in the above captioned matter on their individual damages, on the grounds that said depositions are being taken solely on the issue of class certification.  Liability is not at issue for the purposes of class certification.  The only issues before the Court that said depositions pertain to are:

(1) whether the class is so numerous that joinder of all members is impracticable;

(2) whether there are questions of law or fact common to the class;

(3) whether the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) whether the representative parties will fairly and adequately protect the interests of the class.  **Rule 23** *of the Federal Rules of Civil Procedure*.

3

All of the foregoing can be determined without the necessity of questioning each of the representative plaintiffs on their respective individual damages. Such questioning, which is beyond the scope of class certification issues would be unduly burdensome, overly broad, and constitute nothing more than mere harassment and abuse of the discovery process.

Pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, this Honorable Court enter a case specific order directing that all of the class certification depositions in this cases be limited to class certification issues, and to exclude questioning of the representative plaintiffs on their individual damages. *(Plaintiffs specifically direct the Court's attention to the comments following Rule 30(d)(2) of the Federal Civil Judicial Procedure and Rules publication by Thomson/West).*

While the defendants may argue about the general liberalness of discovery, a Court does not abuse its discretion in limiting discovery to information that relates directly and solely to class certification issues, or where other information that may be sought by the deposing party is only minimally relevant. *In re International Business Machines Corporate Securities Litigation,* 163 F.3d 102 (2nd Cir. 1998).

The decision to grant a protective order is a discretionary one to be used by courts to control the course of class action litigation. The discretion to issue such orders has been vested with trial courts because it is well-recognized that class actions present opportunities for abuse as well as problems for courts and counsel in the management of cases. Because of the potential for

4

abuse, a district court has both the **duty and the broad authority to exercise control over a class action** and to enter appropriate orders governing the conduct of counsel and parties. *Gulf Oil v. Bernard,* 452 **U.S.** 89, 100-01, 101 **S.Ct.** 2193, 68 L.Ed.2d 693 (1081); *Williams v. Chartwell Financial Services, Ltd.,* 204 F.**3d** 748, 759 (7th Cir. **2000**) *(emphasis added).*

Furthermore, to the extent that the defendants seek to discover information concerning liability (which is not at issue on class certification), or even the specifics with respect to each of the plaintiff's individual and particular damages (which are not at issue on class certification), then those questions are not **relevant**, and therefore may not be asked in these class certification issue depositions. *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 188 (D.D.C. 1999) *(emphasis added).*

The exclusive four (4) issues which are properly the subject of these class certification depositions can be determined without going into the individual plaintiff's damages. Beyond that, the defendants would simply be harassing the plaintiffs and abusing the discovery process. For all of the foregoing reasons, the plaintiffs' motion for protective order to prohibit the defendants from questioning the respective plaintiff-representatives in their depositions on the issue of their damages, must be granted by this Honorable Court.

                                              Respectfully submitted,

                                              _/s/ Darleen M. Jacobs_____

        DARLEEN M. JACOBS, BAR # 7208
        Plaintiffs' Management Committee

        5

        823 ST. LOUIS STREET
        NEW ORLEANS, LOUISIANA 70112
        (504) 522-0155

        Counsel for Plaintiffs
        Plaintiffs' Steering Committee

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by electronic mail transmission, this __20th___ day of __June____, 2007.

        _/s/ Darleen M. Jacobs_____
           DARLEEN JACOBS

6