UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO:  ALL CASES | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION OF PLAINTIFFS'**
***EX-PARTE* MOTION FOR EXPEDITED HEARING**
_____

The *Ex-parte* Motion for Expedited Hearing filed yesterday by Plaintiffs' Subgroup Litigation Committees (PSLC) in the above-referenced cases should be denied in order to allow the United States adequate time to fully respond the Motion to Compel Videotaped Federal 30(b)(6) Deposition, which PSLC filed simultaneously with same Motion for Expedited Hearing.

On June 5, 2007, PSLC noticed the Videotaped Federal 30(b)(6) Deposition of the Corps of Engineers.  On June 6, 2007, PSLC submitted a letter brief to Magistrate Wilkinson requesting

1

the Court's assistance in resolving certain discovery matters. On June 7, 2007, the United States objected to the submission of the letter brief. That same day, counsel for the United States contacted Plaintiffs' Liaison Counsel and informed him that the electronic information at issue would be provided to Plaintiffs on June 15, 2007. Plaintiffs' Liaison Counsel agreed to postpone the noticed deposition. *See* Exh. A (June 7 email from Traci L. Colquette to Joseph Bruno).

On June 15, the United States produced to Plaintiffs' Liaison Counsel nearly all of the ESI (electronically stored information) from the IPET's web-based data repository—more than 400 gigabytes of data, on two hard drives.[1] Plaintiffs only communication concerning this ESI production consisted of a telephone call from Plaintiffs' Liaison Counsel to United States' counsel Robin D. Smith in which Plaintiffs' Liaison Counsel expressed surprise that the hard drives were internal rather than external. Plaintiffs did not express dissatisfaction with the ESI production or advise or intimate in any way that they intended to proceed with the previously noticed deposition, which Plaintiffs' Liaison Counsel had agreed to postpone. Plaintiffs did not meet and confer with the United States concerning their dissatisfaction with the ESI production nor did they indicate that they intended to re-notice the deposition. The only "meet and confer" took place *before* the June 7 agreement that Plaintiffs would withdraw their letter brief and postpone the deposition. *See* R. Doc. 5730-7 (June 6 email from U.S. Counsel Richard Stone to Plaintiffs' Counsel Scott Joanen).

---

[1] Approximately two gigabytes of ESI from the data repository were inadvertently not produced due to a glitch. (This unintentional omission was discovered during a post-production quality check.) Additionally, a small amount of ESI was intentionally withheld pending completion of a privilege review. The United States will supplement the June 15 ESI production pursuant to CMO No. 4.

The United States had no notice that the PSLC intended to proceed with the deposition or was planning to move to compel.  The PSLC made no attempt to secure a date for the deposition, nor did they inform the United States that they desired anything other than the ESI that the United States produced on June 15.  Indeed, Plaintiffs' Liaison Counsel expressly represented that the PSLC would be satisfied if the requested ESI were produced and that no testimony was sought.  The United States received no other communications regarding this matter from the PSLC until learning through the ECF system (after the fact) of the filing of the motion to compel and the motion for expedited hearing.

In view of the PSLC's failure to meet and confer after agreeing to postpone the deposition, the Motion for Expedited Hearing should be denied, to afford the United States the usual period in which to respond fully and completely to the PSLC's Motion to Compel.

For these reasons, the United States respectfully requests that the PSLC's *Ex-parte* Motion for Expedited Hearing be denied.

        Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

  //s// Tara A. Bowman
TARA A. BOWMAN
ROBIN D. SMITH
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202)-616-4400 / (202) 616-5200 (Fax)

Attorneys for the United States

Dated: June 22, 2007

## **CERTIFICATE OF SERVICE**

  I, Tara A. Bowman, hereby certify that on June 22, 2007, I served a true copy of the United States' Memorandum in Opposition of Plaintiffs' *Ex-parte* Motion for Expedited Hearing upon all parties by ECF.


            s/   Tara A. Bowman
           TARA A. BOWMAN