UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROL A. NEWMAN-HAROLD | ) | CIVIL ACTION NO.:   07-CV-1528 |
| | ) | |
| VERSUS | ) | SECTION "B" |
| | ) | JUDGE IVAN L. R. LEMELLE |
| LEXINGTON INSURANCE COMPANY | ) | |
| | ) | MAG. "M4" |
| | ) | MAGISTRATE KAREN WELLS ROBY |

## ANSWER TO COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Lexington Insurance Company (hereinafter, "Lexington" or "Defendant"), who for answer to the complaint of plaintiff respectively avers as follows:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Answering separately the allegations asserted by plaintiff, the defendant respectfully avers as follows:

1.

Lexington admits that it is a surplus lines insurer issuing policies in accordance with the Louisiana Surplus Lines Statutes, and that it issued Policy No. LE 059229001 to plaintiff.

Lexington pleads the terms, conditions, limitations, exclusions, and other provisions of the policy as the best evidence of the coverage provided by the policy, as if copied in extenso. Except as admitted, the allegations of paragraph I of the Complaint are denied.

2.

The allegations of paragraph II of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph III of the Complaint state conclusions of law which require no answer. However, to the extent an answer is required, the allegations of this paragraph are denied.

4.

Lexington admits that the property located at 5400 Pratt Drive, New Orleans, Louisiana 70122 (the "property") was damaged by a water inundation associated with Hurricane Katrina, but states that such damage is an exclusion under Policy No. LE 059229001. Lexington further admits that Hurricane Katrina caused wind damage to the property, but denies that Hurricane Katrina caused substantial wind damage or that the structure was "totally destroyed." In the alternative, if the property is a total loss, Lexington denies that it was totally destroyed due to a covered peril.

5.

Lexington admits that it has made payments for damages it reasonably determined were owed for covered perils. Except as admitted the allegations of paragraph V of the Complaint are denied.

6.

The allegations of paragraph VI of the Complaint state conclusions of law which require no answer. However, to the extent an answer is required, the allegations of this paragraph are denied.

7.

The allegations of paragraph VII of the Complaint state conclusions of law which require no answer. However, to the extent an answer is required, the allegations of this paragraph are denied.

8.

The allegations of paragraph VIII of the Complaint are denied.

9.

The allegations of paragraph IX of the Complaint state conclusions of law which require no answer. However, to the extent an answer is required, the allegations of this paragraph are denied.

10.

The allegations of paragraph X of the Complaint are denied.

11.

The allegations of paragraph XI of the Complaint state conclusions of law which require no answer. However, to the extent an answer is required, the allegations of this paragraph are denied.

12.

The allegations of paragraph XII of the Complaint are denied.

13.

The allegations of paragraph XIII of the Complaint state conclusions of law which require no answer. However, to the extent an answer is required, the allegations of this paragraph are denied.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
(POLICY TERMS AND CONDITIONS)

The policy issued by Lexington is the best evidence of its terms, conditions, coverages, and

exclusions and is pleaded herein as if copied in full. Lexington asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholder's claims.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
#### (WATER DAMAGE EXCLUSION)

Policyholder's claims are excluded from coverage, in whole or in part, under the Lexington policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

1.  We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

    . . . .

    c.  **Water Damage**, meaning:

        (1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

        (2) Water which backs up through sewers or drains or which overflows from a sump; or

        (3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

        Direct loss by fire, explosion or theft resulting from water damage is covered.

The Lexington policy further contains the following notice:

#### IMPORTANT FLOOD INSURANCE NOTICE

Your homeowners or dwelling policy does NOT provide coverage for loss caused by flood or mudslide, which is defined, in part, by the National Flood Insurance Program as:

> A general and temporary condition of partial or complete inundation of normally dry land areas from overflow of inland or tidal waters or from the unusual and rapid accumulation or runoff of surface waters from any source.
>
> If you are required by your mortgage lender to have flood insurance on your property, or if you feel that your property is susceptible to flood damage, insurance covering damage from flood is available on most buildings and contents in participating communities through the National Flood Insurance Program.
>
> Information about flood insurance and whether your community participates in the program can be obtained from your insurance company from your insurance agent/broker, or directly from the National Flood Insurance Program by calling 1-800-638-6620.
>
> If you purchase the maximum limits available through the National Flood Insurance Program, and require additional limits, contact your agent/broker for information regarding the Lexington Insurance Company's Excess Flood Program.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (ORDINANCE OR LAW EXCLUSION)

Policyholder's claims are excluded from coverage, in whole or in part, under the Lexington policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

   a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (WEATHER CONDITIONS EXCLUSION)

Policyholder's claims are excluded from coverage, in whole or in part, under the Lexington policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**

**SECTION I – EXCLUSIONS**

. . . .

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

   a. **Weather conditions.** However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph **1.** above to produce the loss;

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(ACTS OR DECISIONS EXCLUSION)

Policyholder's claims are excluded from coverage, in whole or in part, under the Lexington policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

. . . .

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

   . . . .

   b. **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
(FAULT, INADEQUACY, OR DEFECT EXCLUSION)

Policyholder's claims are excluded from coverage, in whole or in part, under the Lexington policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

. . . .

2.  We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    . . . .

    c.  **Faulty, inadequate or defective:**

    (1) Planning, zoning, development, surveying, siting;

    (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    (3) Materials used in repair, construction, renovation or remodeling; or

    (4) Maintenance; of part or all of any property whether on or off the "residence premises."

### NINTH SEPARATE AND ADDITIONAL DEFENSE
### (MOLD RELATED ITEMS EXCLUSION)

Policyholder's claims are excluded from coverage, in whole or in part, under the Lexington policy for loss caused by any of the following:

**LIMITED MOLD RELATED COVERAGE**

**SECTION I – PROPERTY COVERAGES**

**ADDITIONAL COVERAGES**

The following Additional Coverage is added; but subject to a sub-limit of liability of $5,000:

**12. "Mold Related Items"**

  a.  The amount shown in the Schedule above is the most we will pay for:

      (1) The total of all loss payable under Section I – Property

Coverages caused by "mold related items";

(2)    The cost to remove "mold related items" from property covered under Section **I** – Property Coverages;

(3)    The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "mold related items"; and

(4)    The cost of testing of air or property to confirm the absence, presence or level of "mold related items" whether performed prior to, during or after removal, repair, restoration or replacement. The cost of such testing will be provided only to the extent that there is a reason to believe that there is the presence of "mold related items".

    **b.**    The coverage described in **12.a.** only applies when such loss or costs are a result of a Peril Insured Against that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at and after the time the Peril Insured Against occurred.

    **c.**    The amount shown in the Schedule for this coverage is the most we will pay for the total of all loss or costs payable under this Additional Coverage regardless of the:

        (1)    Number of locations insured under this endorsement; or

        (2)    Number of claims made.

    **d.**    If there is covered loss or damage to covered property, not caused, in whole or in part, by "mold related items", loss payment will not be limited by the terms of this Additional Coverage, except to the extent that "mold related items" causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Endorsement.

This coverage does not increase the limit of liability applying to the damaged covered property.

. . . .

## SECTION I – EXCLUSIONS

Exclusion **1.i.** is added.

    **I.**    **"Mold Related Items"**

"Mold Related Items" including the presence, growth, proliferation, spread or any activity of "mold related items".

This Exclusion does not apply:

(1)    When "Mold Related Items" results from fire or lightning; or

(2)    To the extent coverage is provided for in the "Mold Related Items" Additional Coverage under Section I – Property Coverages with respect to loss caused by a Peril Insured Against other than fire or lightning.

Direct loss by a Peril Insured Against resulting from "Mold Related Items" is covered.

## TENTH SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO EXHAUST CONTRACTUAL REMEDIES)

Policyholder's claims are barred in whole or in part by the failure to exhaust mandatory contractual remedies. The Lexington policy requires, by way of example only and not as a complete list of conditions, the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

. . . .

6.    **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is

located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

    **a.**    Pay its own appraiser; and

    **b.**    Bear the other expenses of the appraisal and umpire equally.

. . . .

**8.**    **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (ASSISTANCE AND COOPERATION)

The Lexington policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that Policyholder breached these provisions, coverage is precluded under the Lexington policy, which states the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

**2.**    **Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

    **a.**    Give prompt notice to us or our agent;

    **b.**    Notify the police in case of loss by theft;

    **c.**    Notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;

    **d.**    Protect the property from further damage. If repairs to the property are required, you must:

      (1)    Make reasonable and necessary repairs to protect the property; and

      (2)    Keep an accurate record of repair expenses;

e.    Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

f.    As often as we reasonably require:

      (1)    Show the damaged property;

      (2)    Provide us with records and documents we request and permit us to make copies; and

      (3)    Submit to examination under oath, while not in the presence of any other "insured," and sign the same;

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE
(SUFFICIENT PROOF OF LOSS)

Policyholder's claims are barred in whole or in part by the failure to provide sufficient proof of loss under Louisiana Revised Statutes § 22:1220 and under the terms of the Lexington policy, which states the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

2.    **Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

. . . .

g.    Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

      (1)    The time and cause of loss;

*Page -11-*

(2) The interest of the "insured" and all others in the property involved and all liens on property;

(3) Other insurance which may cover the loss;

(4) Changes in title or occupancy of the property during the term of the policy;

(5) Specifications of damaged buildings and detailed repair estimates;

(6) The inventory of damaged personal property described in **2.e.** above;

(7) Receipts for additional living expenses incurred and records that support the fair rental value loss; and

(8) Evidence or affidavit that supports a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
(POLICY LIMITS)

The amount of any recovery by Policyholder is limited by the terms and conditions of the Lexington policy sued upon, including any limitations as to coverage payable, including the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

I. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

   a. To the "insured" for more than the amount of the "insured's" interest at the time of loss; or

   b. For more than the applicable limit of liability.

*Page -12-*

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (OTHER INSURANCE)

Lexington's liability, if any, for Policyholder's claims is limited by the other insurance clause in Lexington's policy of insurance, which states the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

7.  **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (SETOFF)

Policyholder's claims are barred in whole or in part to the extent that Policyholder has already been compensated for her alleged loss through payment of her claims.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (UNJUST ENRICHMENT)

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholder.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (COMPARATIVE FAULT – THIRD PARTIES)

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both) to any injury or damage to Policyholder and any liability of Lexington, that liability should be reduced by the percentage of fault attributed to those other persons and entities pursuant to Louisiana Civil Code

art. 2323.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
(ABSENCE OF REASONABLE RELIANCE)

Policyholder's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Lexington to Policyholder upon which Policyholder could have reasonably or justifiably relied.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
(INAPPLICABILITY OF LA. REV. STAT. §§ 22:1220 & 22:658)

Neither § 22:1220 nor § 22:658 of the Louisiana Revised Statutes are applicable under the facts of this case, as alleged by Policyholder.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
(GOOD FAITH)

Without admitting application of the referenced statutory provisions to it, Lexington alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
(NO FIDUCIARY DUTY)

Lexington owed no fiduciary duty to Policyholder.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
(NO DUTY TO PAY ATTORNEYS' FEES OR OTHER COSTS)

Lexington has no duty to pay Policyholder's attorneys' fees or other costs incurred in prosecuting her claim for coverage against Lexington or any other insurer.

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
(FAILURE TO MITIGATE)

Policyholder's claims are barred in whole or in part to the extent that Policyholder failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
(PREEMPTION)

Policyholder's claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

### THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
(DUE PROCESS)

To the extent that Lexington's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Lexington liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
(EQUITABLE DOCTRINES)

Policyholder's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(ADDITIONAL DEFENSES)

Lexington reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholder's position.

WHEREFORE, defendant, Lexington Insurance Company, prays that this Answer to the Complaint for Damages of plaintiff be deemed good and sufficient and that, after due proceedings are had, that there be judgment rendered herein, dismissing plaintiffs suit at their cost; and for all general and equitable relief.

Respectfully submitted,

/s/ Robert I. Siegel

**GIEGER, LABORDE, & LAPEROUSE, L.L.C.**
ROBERT I. SIEGEL, ESQ. (12063)
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
*Attorney for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that have on this **22nd** day of **June 2007**, served a copy of the foregoing **Answer to Complaint for Damages** on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.

/s/ Robert I. Siegel

ROBERT I. SIEGEL