**COMMON INSURANCE DISCOVERY (ROG) DEFENSE GENERAL OBJECTIONS**

| | INTERROGATORY OBJECTION | INTERPOSED AGAINST INTERROGATORIES |
|---|---|---|
| A | To he extent it exceeds the permissible scope of common discovery as addressed in Case Management and Scheduling Order No. 4, insofar as the Request relates to issues that are not individual issues common to all insureds of a particular insurance company, the quantification of individual damage claims, individual adjusting and other individual coverage issues or to any issues other than general and common claims adjustment. | ALL except 17 |
| B | As overly broad and unduly burdensome to the extent that it requires CARRIERS to conduct a file-by-file review of their records. | ALL, 2( split into two sentences though) |
| C | To the extent it is unlimited in time or otherwise not limited to a time frame relevant to the individual lawsuits at issue.  Such a request is overbroad, unduly burdensome and seeks information which is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. | 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 18 |
| D | To the extent it seeks information relating to the adjustment of insurance claims outside the State of Louisiana and/or not affected by Hurricane Katrina.  Such a request is overly broad, unduly burdensome and seeks information which is not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. | ALL |
| E | To the extent it seeks information addressing events in areas outside the geographic scope of the MRGO and/or Levee and/or Insurance Master Consolidated Complaints | ALL |

| | | |
|---|---|---|
| F | To the extent it seeks information relating to any type of property insurance policy or claim (such as commercial, mobile home, landlord or other non-homeowner property insurance policy or claim) that is not a type of policy or claim specifically at issue in any of the individual lawsuits consolidated against a particular CARRIER on the grounds that such request is overly broad, unduly burdensome and seeks information which are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. | 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, |
| G | To the extent it seeks information containing or constituting trade secrets or other confidential or proprietary business information of CARRIERS and/or of third parties, and CARRIERS will not produce any such documents in the absence of the entry of an appropriate protective order in this case. | ALL |
| H | To the extent that it may be construed as calling for documents or information that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by Federal law that makes such documents or information otherwise undiscoverable. CARRIERS will not produce any such documents or provide any such information. It is not CARRIER's intention to waive any privileges, and to the extent any privileged or protected document or information is produced or provided, that production is inadvertent. | ALL |
| I | To the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance Cases, all discovery and application of deadlines established in the CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues." | 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18 |
| J | To the extent it violates the Joint Liaison Counsel Submissions Re: Purported Common Insurance Discovery Protocol, entered by the Court on April 18, 2007, which says, "It is understood that the Purported Common Insurance Discovery shall not include discovery regarding issues that fall within the scope of the stay orders such as discovery related to the water damage exclusion." | 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, |
| K | To the extent it seeks information not in the possession, custody or control of CARRIER | 2, 3, 4, 5, 8, 9, 10, 11, 12, 16, 18 |

| | | |
|---|---|---|
| L | Further object to this Interrogatory as argumentative and built on false presumptions to the extent it suggests that CARRIERS did not evaluate claims in Louisiana on an individual basis. | 2, 3, 8, 9, 11, 12, 13, 14 |
| M | To the extent it seeks information concerning policyholders other than the individual policyholders whose claims are at issues in this litigation.  Such a request is overbroad, unduly burdensome, improperly invasive of the privacy of CARRIER insureds and may be subject to or protected by applicable privacy statutes and regulations.  With the exception of the individually named plaintiffs, CARRIERS will not provide information or documents related to any individual CARRIER policyholder. | 3, 6, 7, 8, 9, 11, 12, 14, 15, 18 , |
| N | Further object to this Interrogatory as vague and ambiguous to the extent it requests a description of "each document routinely generated in connection with a Katrina-related Louisiana property damage claim." | 3 |
| O | Further objects to this request as argumentative, unduly burdensome, overly broad, and seeking information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence | 3 |
| P | Further object to the extent that the term "agent" is vague and ambiguous | 4, 12 ("objects to the term 'agents' because it is vague and ambiguous, as used in this context") |
| Q | Further object to this Interrogatory as unduly burdensome and overbroad to the extent it seeks to identity of "every agent and employee," including individuals who were not involved in the adjustment of the claims at issues in these consolidated suits. | 4 |
| R | Further object to this Interrogatory because it seeks personal information related to, amongst other things, salaries and employment or contract termination that is irrelevant and inadmissible under Rules 403 and 404 of the Federal Rules of Evidence | 4 |
| S | Further object to the extent that this interrogatory seeks personal, confidential or proprietary information of any third party | 4 |

| | | |
|---|---|---|
| T | Further object to this Interrogatory to the extent it seeks information related to the assignment of adjusters on claims other than the Katrina-related individual plaintiff claims that are at issue in these consolidated lawsuits | 5 |
| U | Because the term "similar entity" as utilized in this context, is vague and ambiguous | 6 |
| V | Further object to this interrogatory as overly broad and unduly burdensome and seeking information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence, because, *inter alia*, it seeks information in connection with losses sustained by insureds who are not individual plaintiffs in these consolidated lawsuits and whose claims are not at issue | 8, 9, 10, 11 |
| W | To the extent it seeks information already within Plaintiffs' possession and/or control or that is obtainable with equal or greater facility by Plaintiffs | 9, 10, 11, 13, 14, 16, |
| X | Further object to the extent that the term "Greater New Orleans area" is vague and ambiguous | 9, 11 |
| Y | Further object to this Interrogatory as vague and ambiguous | 14, |
| Z | Further object to this Interrogatory because it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence | 18 |
| AA | Further object to this Interrogatory that the phrase "in any way related to your business practices" is vague and ambiguous | 18 |
| BB | Further object to this Interrogatory to the extent it seeks information relating "in any way" to their "business practices" on the basis that it exceeds the scope of the allegations against CARRIERS | 18 |
| CC | On the basis of Mississippi Code ANN. Section 97-9-53, which prohibits any grand juror, witness, district attorney, clerk, sheriff, or any other officer of the court from disclosing the fact of any indictment or any action or proceeding in relation thereto, before the finding of indictment or in six months thereafter. | 18 |

| | | |
|---|---|---|
| DD | Further object on the basis of *In re Knapp*, 536 So. 2d 1330 (Miss. 1988), which provides that, pursuant to this statute, one has the right in a civil action to refuse to state whether he has been a witness before the grand jury | 18 |
| EE | Further object on the basis that "Records, orders and subpoenas relating to grand jury proceedings are required to be kept under seal 'to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury.' Fed. Rule Crim. P. 6(e)(6)." *U.S. v. McVeigh*, 918 F. Supp. 1452 (W.D. Okla. 1996). | 18 |
| FF | Further object to this request as unduly burdensome, overly broad, and seeking information that is not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. | 18 |
| GG | Further object to this request to the extent it seeks documents regarding "conduct relating in any way to Hurricane Katrina," generally on the basis that it exceeds the scope of the allegations against CARRIER. | 18 |