**COMMON INSURANCE DISCOVERY (RFP) DEFENSE GROUP OBJECTIONS**

| | RFP OBJECTION | INTERPOSED AGAINST RFPs |
|---|---|---|
| A | To the extent it exceeds the permissible scope of common discovery as addressed in Case Management and Scheduling Order No. 4, insofar as the Request relates to issues that are not individual issues common to all insureds of a particular insurance company, the quantification of individual damage claims, individual adjusting and other individual coverage issues or to any issues other than general and common claims adjustment. | 1, 2, 3, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 37, 38, 39 |
| B | As overly broad and unduly burdensome to the extent that it requires CARRIER to conduct a file-by-file review of its records. | 1-21(19 objects twice), 28-39 |
| C | To the extent it is unlimited in time or otherwise not limited to a time frame relevant to the individual lawsuits at issue.  Such a request is overbroad, unduly burdensome and seeks documents which are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. | 1-27, 29, 36, 37, 38, 39 |
| D | To the extent it seeks documents relating to the adjustment of insurance claims outside the State of Louisiana and/or not affected by Hurricane Katrina.  Such a request is overly broad, unduly burdensome and seeks documents which are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. | 1-29, 36, 37, 38, 39 |
| E | To the extent it seeks information relating to any type of property insurance policy or claim (such as commercial, mobile home, landlord or other non-homeowner property insurance policy or claim) that is not a type of policy or claim specifically at issue in any of the individual lawsuits consolidated against a particular CARRIER on the grounds that such request is overly broad, unduly burdensome and seeks documents which are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. | ALL |
| F | To the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by Federal law that makes such documents otherwise undiscoverable.  CARRIERS will not produce any such documents.  It is not CARRIER's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent. | ALL |
| G | To the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO and/or Levee and/or Insurance Master Consolidated Complaints. | 1-27, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39 |

| | | |
|---|---|---|
| H | To the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary business information of CARRIERS and/or of third parties, and CARRIERS will not produce any such documents in the absence of the entry of an appropriate protective order in this case. | ALL |
| I | CARRIERS further incorporate any objections set forth in response to the Interrogatory that is the subject of this request | 1, 3, 4, 11, 13, 14, 15, 16, 22, 23, |
| J | To the extent that the term "your claims process" is vague and ambiguous | 2 |
| K | To this Request to the extent it seeks information regarding "your claims process" generally, on the basis that it exceeds the scope of the allegations against CARRIERS | 2 |
| L | To the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance Cases, all discovery and application of deadlines established in the CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues." | 3, 5, 6, 7, 8, 9, 10, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39 |
| M | To the extent it violates the Joint Liaison Counsel Submissions Re: Purported Common Insurance Discovery Protocol, entered by the Court on April 18, 2007, which says, "It is understood that the Purported Common Insurance Discovery shall not include discovery regarding issues that fall within the scope of the stay orders such as discovery related to the water damage exclusion." | 3, 5, 6, 7, 8, 9, 10, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39 |
| N | To the extent it seeks documents or information not in the possession, custody, or control of CARRIER | 3, 4, 8, 9, 10,12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 30, 31, 32, 33, 34, 35, 36, 37, 38 |
| O | To the extent it seeks documents already within Plaintiffs' possession and/or control or that are obtainable with equal or greater facility by Plaintiffs. | 3, 8, 9, 10, 11, 14, 19, 30, 31, 32, 33, 34, 35, 37, 38 |
| P | To the extent it seeks information concerning individual policyholders other than the individual policyholders whose claims are at issues in this litigation.  Such a request is overbroad, unduly burdensome, improperly invasive of the privacy of CARRIER insureds and may be subject to or protected by applicable privacy statutes and regulations.  With the exception of the individually named plaintiffs, CARRIERS will not produce documents related to any individual CARRIER policyholder. | 3, 4, 8, 9, 10, 14, 15, 16, 17, 18, 19, 20, 21, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39 |
| Q | Further object to this request to the extent that it seeks information constituting proprietary business information that is confidential, contains trade secrets and the disclosure of which could be detrimental to the interests of third parties and/or CARRIERS | 4 |
| R | Further object to the extent that the term "claims-related bulletin" is vague and ambiguous. | 6, 7 |
| S | To the extent CARRIERS have utilized a pricing database licensed to CARRIER by a third party, such database is a proprietary product that does not belong to CARRIER | 8, 9 |

| | | |
|---|---|---|
| T | Further object to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence, because, *inter alia*, it seeks documents used in connection with losses sustained by insureds who are not individual plaintiffs in these consolidated lawsuits and whose claims are not at issue. | 8, 9, 10 |
| U | Further object to the extent that the terms "depreciation table or other such document" and "recommended for use" are vague and ambiguous | 10 |
| V | Further object to the request as unduly burdensome and overbroad the [sic] extent is [sic] seeks documents that were "recommended for use" by someone other than the CARRIER. | 10 |
| W | Further object to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence, because, *inter alia*, it is not limited to relevant agreements, to the extent they exist, regarding "the establishment or use of a price database (reflecting repair costs)" that is particular the insured individual plaintiffs or properties at issue in these consolidated lawsuits. | 12 |
| X | CARRIERS further object because these consolidated lawsuits involve the adjustment of Katrina-related insurance claims of only the individual plaintiffs.  This Request is overly broad and unduly burdensome, because, *inter alia*, it is not limited to relevant documents, to extent that they exist, related to any "loss-estimating software" that was used in the adjustment of the claims made by the individual plaintiffs in these consolidated lawsuits | 13 |
| Y | Further object to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence, because, *inter alia*, it is not limited to relevant documents, to the extent that they exist, related to any "loss-estimating methods" that were used in the adjustment of the claims made by the individual plaintiffs in these consolidated lawsuits. | 14 |
| Z | Further object to this Request as argumentative and built on false presumptions to the extent it suggests that CARRIERS did not evaluate claims in Louisiana on an individual basis | 17, 18, 19, 20, 21 |
| AA | Further object to the extent that the undefined term "water line" is vague and ambiguous. | 19 |
| BB | Further object to this Request as overly broad and unduly burdensome because it is not limited to "applications and requests" submitted to officials of the state of Louisiana | 24, 25, 26, 27, |
| CC | Further object to Request No. 29 to the extent it seeks information regarding application forms for property casualty policies generally on the basis that it exceeds the scope of the allegations against CARRIER | 29 |

| | | |
|---|---|---|
| DD | Further object to this request as unduly burdensome, overly broad and seeking documents that are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence.  The subject matter of this request is a subject for expert analysis and discovery, not fact discovery.  Further, this request is not limited to facts relevant to the individual cases that are the subject of this discovery or the issues that are appropriate discovery at this time | 31 |
| EE | Further object to the extent that the term "Greater New Orleans area" is vague and ambiguous | 31, 37 ("Greater New Orleans" only…i.e…no "area") |
| FF | Further object to this request on the grounds that request for every document that "inaccurately discusses, analyzes, depicts, illustrates, simulates or otherwise reflects" the subject matter at issue necessarily seeks material that is protected by the work product doctrine. | 31, 33, 35 |
| GG | Further object to this request as argumentative and "loaded."  To the extent any of the CARRIERS were to produce documents in response to this request for documents that "inaccurately" reflect the issues set forth in the request, it would be inappropriate to argue that any document not produced has been deemed by CARRIERS or CARRIERS' counsel to be "accurate." | 31, 33, 35 |
| HH | Further object to this request on the grounds that the request for every document that "accurately discusses, analyzes, depicts, illustrates, simulates or otherwise reflects" the subject matter at issue necessarily seeks material that is protected by the work product doctrine | 32, 34 |
| II | Further object to this request as argumentative and "loaded."  To the extent any of the CARRIERS were to produce documents in response to this request for documents that "accurately" reflect the issues set forth in the request, it would be inappropriate to argue that any document not produced has been deemed by CARRIERS or CARRIERS' counsel to be "inaccurate." | 32, 34 |
| JJ | Further object to this request as vague and ambiguous. | 36 |
| KK | Further object to this request as unduly burdensome, overly broad and seeking documents that are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs have not and cannot demonstrate that "any statement by any of [CARRIER's] employees or agents that the flooding or inundation of Greater New Orleans was caused by the negligence of the United States Army Corps of Engineers or some other third party" would form an admissible opinion as to that subject.  The issue of the cause of the "flooding or inundation of Greater New Orleans" must necessarily be proven by expert technical and scientific analysis and even if an employee or agent of CARRIER made statements regarding this topic, such statements are not relevant to this litigation.  CARRIERS further object that there is no reasonable means to determine whether any employee or agent of CARRIERS made such a statement. | 37, 39 (First sentence only) |

| | | |
|---|---|---|
| LL | Further object to this request as vague and ambiguous.  CARRIERS further object to this request as argumentative, unduly burdensome, overly broad, and seeking documents that are not relevant to the claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence | 38 |
| MM | On the basis of Mississippi Code ANN. Section 97-9-53, which prohibits any grand juror, witness, district attorney, clerk, sheriff, or any other officer of the court from disclosing the fact of any indictment or any action or proceeding in relation thereto, before the finding of indictment or in six months thereafter | 39 |
| NN | Further object on the basis of *In re Knapp*, 536 So. 2d 1330 (Miss. 1988), which provides that, pursuant to this statute, one has the right in a civil action to refuse to state whether he has been a witness before the grand jury | 39 |
| OO | Further object on the basis that "Records, orders and subpoenas relating to grand jury proceedings are required to be kept under seal 'to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury.'  Fed. Rule Crim. P. 6(e)(6)."  *U.S. v. McVeigh*, 918 F. Supp. 1452 (W.D. Okla. 1996). | 39 |
| PP | Further object to this request to the extent it seeks documents regarding "conduct relating in any way to Hurricane Katrina," generally on the basis that it exceeds the scope of the allegations against CARRIER. | 39 |