**COMMON INSURANCE DISCOVERY (30(b)(6)) DEFENSE GROUP OBJECTIONS**

| | 30(b)(6) OBJECTION | INTERPOSED AGAINST ITEMS |
|---|---|---|
| A | To the extent it exceeds the permissible scope of common discovery as addressed in Case Management and Scheduling Order No. 4, insofar as the request relates to issues that are not individual issues common to all insureds of a particular insurance company, the quantification of individual damage claims, individual adjusting and other individual coverage issues or to any issues other than general and common claims adjustment. | ALL |
| B | To the extent they violate the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance Cases, all discovery and application of deadlines established in the CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues." | 2, 3, 4, 6, 7, 8, 9, 10, 11, 12,13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 |
| C | To the extent they violate the Joint Liaison Counsel Submissions Re: Purported Common Insurance Discovery Protocol, entered by the Court on April 18, 2007, which says, "It is understood that the Purported Common Insurance Discovery shall not include discovery regarding issues that fall within the scope of the stay orders such as discovery related to the water damage exclusion." | 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 |
| D | As overly broad and unduly burdensome. Further, complete response may require a file-by-file review. | 1-6, 10, 12, 13, 16, 19, 20, 21, 22, 23, 25, 26, 29, 32, 33, 34, 38, 39, 40, 41, 42, 43, 44, 45, |
| E | Because they seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence | 1-6, 10, 12, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, |
| F | To the extent they are unlimited in time or otherwise not limited to a time frame relevant to the individual lawsuits at issue. Such requests are overbroad, unduly burdensome and seek information which is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. | 1, 2, 4, 6, 7, 8, 9, 10, 11, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 |
| G | To the extent they seek information relating to the adjustment of insurance claims outside the State of Louisiana and claims not affected by Hurricane Katrina. Such requests are overly broad, unduly burdensome and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. | 1-14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, |

| | | |
|---|---|---|
| H | To the extent they seek testimony or documents addressing events in areas outside the geographic scope of the MRGO and/or Levee and/or Insurance Master Consolidated Complaints. | ALL |
| I | To the extent they seek information relating to any type of property insurance policy or claim (such as commercial, mobile home, landlord or other non-homeowner property insurance policy or claim) that is not a type of policy or claim specifically at issue in any of the individual lawsuits consolidated against a particular CARRIER on the grounds that such requests are overly broad, unduly burdensome and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. | 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 30, 31, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 |
| I | To the extent they testimony or documents containing or constituting trade secrets or other confidential or proprietary business information of CARRIERS and/or of third parties, and CARRIERS will not provide any such information in the absence of the entry of an appropriate protective order in this case. | ALL |
| J | To the extent they may be construed as calling for documents or information that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by Federal law that makes such documents otherwise undiscoverable.  CARRIERS will not produce any such documents or provide any such information.  It is not CARRIER's intention to waive any privileges, and to the extent any privileged or protected document is produced or provided, that production is inadvertent. | ALL |
| K | Because the topic is not a proper subject for oral deposition testimony, response would be burdensome and oppressive, and the information sought can be ascertained from CARRIERS' interrogatory responses and document production. | 1, 3, 4, 5 |
| L | Object to the Phrase "organizational structure because it is vague and ambiguous as used in this context. | 1 |
| M | To the extent they seek information not in the possession, custody or control of CARRIER. | 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 18, 19, 20, 21, 22, 23, 25, 26, 29, 32, 33, 37, 40, 42, 43, 45 |
| N | Further object to these requests as argumentative and built on false presumptions to the extent they suggest that CARRIERS did not evaluate claims in Louisiana on an individual basis. | 2, 3, 9, 10, 12, 13, 15, 20, 21, 22, 23, 25, 28, 29, 33, 41, 45 |

| | | |
|---|---|---|
| O | To the extent they seek information concerning policyholders other than the individual policyholders whose claims are at issue in this litigation. Such requests are overbroad, unduly burdensome, improperly invasive of the privacy of CARRIER insureds and the information sought may be subject to or protected by applicable privacy statutes and regulations. With the exception of the individually named plaintiffs, CARRIERS will not provide a witness or produce documents related to any individual CARRIER policyholder. | 3, 7, 8, 9, 10, 12, 13, 15, 16, 18, 20, 21, 22, 23, 24, 27, 30, 31, 33, 35, 36, 37, 38, 40, 41, 44, 45 |
| P | Further object to these requests as vague and ambiguous to the extent they request testimony and documents regarding "each document routinely generated in connection with a Katrina-related Louisiana property damage claim." | 3 |
| Q | Further object to these requests as argumentative, unduly burdensome, overly broad, and seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. | 3 |
| R | Further object these requests as unduly burdensome and overbroad to the extent they seek the identity of "every adjuster," including individuals who were not involved in the adjustment of the claims at issue in these consolidated suits. | 4 |
| S | Further object to these requests because they seek personal information related to, among other things, salaries and employment or contract termination that is irrelevant and inadmissible. | 4, 5 |
| T | Further object to these requests to the extent they seek personal, confidential or proprietary information of any third party. | 4, 34, |
| U | Further object to the extent that the term "agent" is vague and ambiguous. | 5, 8 (slightly different wording), 13 (slightly different wording), |
| V | Further object to theses requests as unduly burdensome and overbroad to the extent they seek the identity of "each employee or agent," including individuals who were not involved in the adjustment of the claims at issue in these consolidated suits. | 5 |
| W | Further object to these requests to the extent they seek personal, confidential or proprietary information of any third party. | 5 |
| X | Further object to these requests to the extent they seek information related to the assignment of adjusters on claims other than the Katrina-related individual plaintiff claims that are at issue in these consolidated lawsuits | 6 |
| Y | As overly broad, unduly burdensome and seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. | 7, 8, 9, 10, 14, 15, 16, 17, 18 |

| | | |
|---|---|---|
| Z | Because the term "similar entity" is vague and ambiguous as used in this context. | 7 |
| AA | Further object to these requests as overly broad, unduly burdensome and seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, because, *inter alia*, they seek information that in connection with losses sustained by insureds who are not individual plaintiffs in these consolidated lawsuits and whose claims are not at issue | 9, 10, 11, 12 |
| BB | As vague and ambiguous by their reference to "the preceding interrogatory" because there is not a preceding interrogatory | 10 |
| CC | To the extent they seek information already within Plaintiffs' possession and/or control or that is obtainable with equal or greater facility by Plaintiffs | 10, 11, 12, 14, 15, 17, 19, |
| DD | Further object to these requests to the extent that the term "Greater New Orleans area" is vague and ambiguous. | 10, 12, |
| EE | Further object to the term "training" because it is vague and ambiguous as used in this context | 11 |
| FF | Object to the term "differentiating" because it is vague, ambiguous, and assumes facts not in evidence | 13, |
| GG | To the terminology "you placed" because it is vague, ambiguous, and assumes facts not in evidence | 15 |
| HH | As overly broad to the extent they seek information relating to the adjustment of insurance claims not affected by Hurricane Katrina. | 15 |
| II | Because they are vague and ambiguous | 15, 34, 40, 41, 42, 43, 44, 45 (slightly different wording w/ 15) |
| JJ | Because the phrase "would be deemed sufficient application for such" is vague and ambiguous as used in this context and calls for a conclusion | 16 |
| KK | Further object that the phrase "in any way related to your business practices" is vague and ambiguous. | 18 |
| LL | Further object to these requests to the extent they seek information relating "in any way" to their "business practices" on the basis that the requests exceed the scope of the allegations against CARRIERS | 18 |
| MM | Further object to theses requests on the basis of Mississippi Code Ann. Section 97-9-53, as well as any other similar criminal code provisions in other states, which prohibits any grand juror, witness, district attorney, clerk, sheriff, or any other officer of the court from disclosing the fact of any indictment or any action or proceeding in relation thereto, before the finding of indictment or in six months thereafter. | 18 |

| | | |
|---|---|---|
| NN | Further object on the basis of *In re Knapp*, 536 So. 2d 1330 (Miss. 1988), which provides that, pursuant to this statute, one has the right in a civil action to refuse to state whether he has been a witness before the grand jury. | 18 |
| OO | Further object on the basis that "Records, orders and subpoenas relating to grand jury proceedings are required to be kept under seal 'to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury.' Fed. Rule Crim. P. 6(e)(6)." *U.S. v. McVeigh*, 918 F. Supp. 1452 (W.D. Okla. 1996). | 18 |
| PP | Further object to these requests to the extent they seek information regarding "conduct relating in any way to Hurricane Katrina," on the basis that the requests exceed the scope of the allegations against CARRIER | 18 |
| QQ | As overly broad and unduly burdensome | 24, 27, 28, 30, 31, 35, 36, 37, |
| RR | Further object to theses requests as unduly burdensome and overbroad to the extent they seek all personnel files of the described employees, which would include individuals who were not involved in the adjustment of the claims at issue in these consolidated suits | 26 |
| SS | Further object to theses requests because they seek personal information that is irrelevant and inadmissible | 26 |
| TT | Further object to these requests to the extent they seek personal, confidential or proprietary information of any third party | 26 |