UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES       CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

SECTION "K" MAG "2"

PERTAINS TO:
INSURANCE (XAIVER UNIVERSITY
OF LOUISIANA V. TRAVELERS
CASUALTY PROPERTY COMPANY
OF AMERICA NO. 06-516)

**********************************************************************

<u>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING BURDEN OF PROOF**</u>

**MAY IT PLEASE THE COURT:**

Plaintiff, Xavier University of Louisiana ("Xavier"), submits the following Memorandum

in Support of its Motion for Partial Summary Judgment Regarding Burden of Proof:

Travelers Casualty Property Company of America ("Travelers") issued an "all risks" policy

to Xavier.  Excepting instances of misconduct or fraud, an "all risks" policy provides coverage for

all "fortuitous losses . . . unless the policy contains a specific provision expressly excluding the loss

from coverage."[1]  In the present motion, Xavier seeks this Court's determination that Travelers must prove that the loss falls within an exclusion and that Xavier does not bear the burden of proving that its losses do not fall within a particular exclusion.

Louisiana law has long provided that the burden of proving the applicability of a coverage exclusion rests with the insurer.  Xavier requests, as such, that this Court grant Xavier's motion and declare that Travelers bears the burden of proving that any exclusion in the policy bars coverage for Xavier's losses.

## BACKGROUND

Xavier's campus sustained significant damage as a result of Hurricane Katrina and the subsequent breaches of the various levees in the New Orleans area.  At the time, Xavier was covered by a policy issued by Travelers, bearing number Y-630-528d9763-TIL-04 ("the Policy").[2]  Travelers, through its corporate representative, Richard Greubel, has admitted that the Policy is a form of "all risks" coverage.[3]  An "all risks" policy, as defined by Mr. Greubel "means that all risks of loss are covered as long as they are accidental or fortuitous and – except excluded or limited by other policy provisions that follow."[4]

Following the storm, Xavier made demand on Travelers for coverage for the damages

---

[1] *Dow Chem. Co. v. Royal Indem. Co.*, 635 F. 2d 379, 386 (5th Cir. 1981).  *See also Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 n.11 (5th Cir. 1990).

[2] A copy of the Policy has already been entered into the Record and is attached as Exhibit 1 to Xavier's Motion for Partial Summary Judgment, Record Doc. No. 1217.

[3] *See* January 29, 2007 Deposition of Richard Greubel at 40, lines 5-18, attached hereto as Exhibit A.

[4] *Id.* at p. 39, lines 21-25 to p. 40, lines 1-4.

sustained.  Because Travelers failed to adjust Xavier's claims timely, Xavier filed the present action

in this Court.  Travelers answered and asserted numerous policy exclusions as affirmative defenses.

Xavier submits that the burden is on Travelers to prove that these "policy exclusions" do, in fact, bar

coverage for Xavier's losses.

## LAW AND ANALYSIS

**I.**      **The Insurer Has the Burden of Proving the Applicability of a Policy Exclusion.**

It is well established that, under Louisiana law, an insurer has the burden of proving that a

loss is excluded from coverage in an insurance policy.[5]  When an insurer denies coverage based on

an exclusion, "it bears the burden of proving facts which place the claim within the exclusion."[6]

This is especially true where, as in the present case, the policy at issue is an "all risks" policy.

Consistent with Mr. Greubel's testimony cited above, an "all risks" policy "creates a special type of

coverage that extends to risks not usually covered under other insurance."[7]  Xavier's losses, which

were indisputably fortuitous losses, are presumed to be covered unless Travelers can prove, by a

---

[5]*Cochran v. B.J. Services, Co.*, 302 F.3d 499 (5th Cir. 2002); *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000) ("On the other hand, the insurer bears the burden of proving the applicability of an exclusionary clause within a policy."); *Dawson Farms, L.L.C. v. Millers Mutual Fire Ins. Co.*, 794 So. 2d 949, 951 (La. App. 2d Cir. 2001) ("Under Louisiana law, it is the insurance company's burden to prove that a loss comes within a policy exclusion.").

[6] *Richard v. Old Southern Life Insurance Co.*, 502 So.2d 1168 (La. App. 3 Cir. 1987). *See also Oliver and Wool Const. Co., Inc. v. Metropolitan Erection Co., Inc.*, 524 So.2d 911 (La. App. 5 Cir.1988) (stating that Louisiana law is well settled in that the insurer has the burden of proving facts which limit its liability); *Lawrence v. Moore,* 362 So.2d 803 (La. App. 4 Cir.1978) (holding that insurer did not bear its burden of proving facts necessary to bring the situation within the exclusionary clause); *Denies v. First Nat. Life Ins. Co.*, 144 So.2d 570 (La. App. 4 Cir. 1962) (finding that since the insurer rested its defense on excepted risks, the law imposes on it a duty to prove the facts which it asserts exculpates it from liability under the exclusionary provisions of the policy).

[7]*Dow Chem. Co. v. Royal Indem. Co.*, 635 F2d 379, 386 (5th Cir. 1981).  *See also Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 n.11 (5th Cir. 1990).

preponderance of the evidence, that the damages were caused by an excluded cause of loss.

Courts considering damages arising out of Hurricane Katrina have reached a similar conclusion regarding the burden of proof. In *Broussard v. State Farm Fire and Casualty Co.*,[8] the court, ruling on a motion for judgment as a matter of law, discussed the applicable burdens of proof of the parties:

> Once the plaintiffs established this prima facie case, based on the stipulations in the pre-trial order, *the burden shifted to State Farm to prove the merits of its affirmative defense based upon the water damage exclusion to the policy*. That burden of proof **requires State Farm to establish**, by a preponderance of the evidence, **what portion of the total loss is attributable to flood damage and is therefore outside the policy coverage.**[9]

This canon of insurance policy interpretation is universal.[10]

## II.   The Burden of Proof Is Not Shifted Even If an Exclusion Is Held to Be Ambiguous.

A judicial determination that a policy exclusion is ambiguous does not alter the ordinarily accepted burden of proof as the exclusion's applicability to the loss at issue. In *Smith v. Reliance Insurance Co. of Illinois*,[11] the court considered the applicability of a total pollution exclusion, which had previously been held ambiguous by the Louisiana Supreme Court in the *Doerr* case. The court,

---

[8] 2007 WL 113942 (S.D. Miss. Jan. 17, 2007), a copy of which is attached as Exhibit 2 for the Court's reference.

[9] *Id.* at * 2 (emphasis added).

[10] *Battishill v. Farmers Alliance Ins. Co.*, 127 P.2d 1111, 1113 (N.M. 2006) ("That the insurer has the burden to prove coverage under an all -risks policy is the American rule in all states, with the possible exception of Texas.") (citing 1 Holmes' Appleman on Insurance § 1.10 at 43(2d ed. 1996); *see also Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 930-31(Tex. App. Ct. 2007 (insurer bears the burden of proving the applicability of a surface water exclusion in an all-risk policy).

[11] 807 So. 2d 1010 (La. App. 5th Cir. 2002).

4

after noting that the insurer had failed to meet its burden of proof on the applicability of the exclusion, concluded that the insured's damages were covered.[12]  Similarly, in *Pro-Boll Chemical & Fertilizer Co. v. United States Fire & Guaranty Co.,*[13] the court held that, because the insurer had met its burden of proving that the insured's losses were within the scope of the exclusion, the insurer properly denied coverage.[14]

Here, Xavier has satisfied its burden of showing that it sustained damages to its property that is covered under the Travelers policy.  Louisiana law clearly places the burden on Travelers to show that Xavier's losses are excluded from coverage.  To avoid its coverage obligations, then, Travelers must prove, by a preponderance of the evidence, that the Xavier's losses were caused by an excluded cause of loss under its all risks Policy.[15]

<u>**CONCLUSION**</u>

Under the Policy it issued to Xavier, Travelers is obligated to cover all fortuitous losses unless specifically excluded by the Policy.  Under Louisiana law, Travelers bears the burden of proving the applicability of any such exclusion, regardless of whether the exclusion is deemed to be ambiguous.  Accordingly, Xavier requests that this Court grant its Motion for Partial Summary

---

[12]*Id.* at 1020.

[13]2004 WL 3494045 (W.D. La. Nov. 15, 2004).

[14]*Id.* at * 7.

[15]If this motion is granted, at trial, Xavier will need to present evidence of the terms of the Policy and the fortuitous nature of the damage to establish coverage.  At that point, Travelers will bear the burden of presenting evidence that a particular exclusion in the Policy applies to deny coverage.  As a specific example, in accordance with this Court's prior ruling on the "flood exclusion," Xavier can establish coverage by introducing the policy and demonstrating that the water damage was a fortuitous event.  Travelers will then bear the burden of proving that the water damage to Xavier's property was caused by a natural event, not the acts of man.

Judgment and declare that, in any trial, Travelers will bear the burden of proving that Xavier's

damages were caused by an excluded cause of loss.

Respectfully Submitted:

 /s/ James M. Garner_____
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
 COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

AND

CALVIN C. FAYARD, JR., #5486
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Telephone: 225-664-4193
Fax: 225-664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER