UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| | **SECTION "K" MAG "2"** |
| **PERTAINS TO: INSURANCE (XAIVER UNIVERSITY OF LOUISIANA V. TRAVELERS CASUALTY PROPERTY COMPANY OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING RETROACTIVITY OF ACT 813**</u>

**MAY IT PLEASE THE COURT:**

PLAINTIFF, Xavier University of Louisiana ("Xavier"), submits the following memorandum in support of its Motion for Partial Summary Judgment on the applicability of Act 813.

Xavier submits that Act 813, which amended Louisiana Revised Statute 22:658(B)(1), should be applied to Xavier's claims against Travelers Property and Casualty Company ("Travelers") for two reasons. First, as a matter of law, the Legislature intended that Act 813 apply retroactively to govern all claims arising out of Hurricanes Katrina and Rita. Second, even if this Court concludes that Act 813 applies prospectively only, it still governs Xavier's claims because Travelers' obligation

to adjust Xavier's losses did not terminate upon Xavier's filing suit. Travelers' obligation to adjust Xavier's claim continued after the filing of the lawsuit. Travelers' failure to pay what it owed within thirty days of receipt of a satisfactory proof of loss to Travelers subject it to the penalties set forth in the amended version of Section 22:658. Thus, to the extent Xavier can show at trial that it has submitted a satisfactory proof of loss since the filing of its complaint, Act 813 should govern those claims.

## SUMMARY OF ARGUMENT

**I.     Act 813 Applies Retroactively**

- In assessing the temporal effect of a law, courts must determine whether the legislature intended the law to apply retroactively or prospectively.[1]

- Louisiana courts rely on legislative history as a source for determining the legislature's intent.[2]

    - The history of Act 813 indisputably establishes that, in passing the bill, the **legislature intended "to encourage" insurers to settle hurricane claims quickly.**[3]

    - Louisiana courts rely on "Historical and Statutory Notes" as a source for determining the legislature's intent.[4]

---

[1]*Genusa v. Dominique*, 1997-0047 (La.App. 1 Cir. 2/20/1998), 708 So. 2d 784, 790.

[2]*See Dombrowski v. Saints*, 2005-0762 (La.App. 1 Cir. 8/2/2006), 943 So. 2d 403, 408; *Industrial Risk Insurers v. New Orleans Public Service*, 735 F.Supp. 200, 202 (E.D. La. 1990).

[3]*See* House Committee on Insurance, Minutes of Meeting, 2006 Regular Session, May 31, 2006, p. 2, attached as Exhibit "A."

[4]*See Wilcox v. Gamble Guest Care Corp.,* 40,650 (La.App. 2 Cir. 4/12/2006), 928 So. 2d 695, 698.

- The "Historical and Statutory Notes" to Louisiana Revised Statute §22:658 demonstrate that the legislature was motivated to pass Act 813 because of its belief that the insurance companies' conduct in **"stalling or refusing to pay claims . . . cause[d] delays in the recovery process**."[5]

• Applying Act 813 retroactively will not impermissibly impair contractual obligations or disturb vested rights.

- The Louisiana Supreme Court has already held that Katrina-related emergency legislation does not unconstitutionally impair contractual rights.[6]

- Insurers had no "vested right" in the penalties provisions in the prior version of Louisiana Revised Statute §22:658 because, in the aftermath of Katrina, those provisions, when compared with the revised version of the statute, **constituted a "future benefit" only**.[7]

## II. Act 813 Applies Prospectively to Xavier's Claims.

• A "satisfactory proof of loss," under Louisiana Revised Statute § 22:658, means proof "sufficient to fully apprise the insurer of the insured's claim."[8]

---

[5] *See* Louisiana Revised Statute § 22:658, Historical and Statutory Notes.

[6] *See State v. All Property and Casualty Insurance Carriers Authorized and Licensed to Do Business in the State of Louisiana*, 2006-2030 (La. 8/25/2006), 937 So. 2d 313 (hereinafter, "*All Property and Casualty Carriers*").

[7] *Tenant v. Russell,* 214 La. 1046, 1052, 39 So. 2d 726, 7285 (1949) (emphasis added).

[8] *Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd.,* 554 So. 2d 1347, 1353 (La.App. 1 Cir. 1989).

- Louisiana courts have found that Petitions, or Complaints, can constitute a proof of loss.[9]

- The obligation and duty to adjust an insured's claims continues even after a lawsuit is filed.

- After suit was filed and after the effective date of Act 813, Xavier has responded to Travelers' discovery requests and continues to produce documentation concerning its damages.

- To the extent these submissions constitute a satisfactory loss, Travelers has an ongoing obligation to adust Xavier's claim in accordance with section 658 as amended by Act 813.

**INTRODUCTION**

**I.    XAVIER'S CLAIMS AGAINST TRAVELERS**

Hurricane Katrina, called "The Storm that Changed America" by Time Magazine, made landfall in south Louisiana on August 29, 2005. Wind, wind-driven rain, and water that gushed through a defective levee system caused millions of dollars of damage to Xavier's campus. Xavier was covered by an "all risks" policy issued by Travelers, bearing number Y-630-528d9763-TIL-04 ("the Policy").[10] Immediately following Katrina, Xavier timely provided notice of the loss to its insurer, Travelers.

Despite receiving sufficient proof of loss, Travelers failed to pay what it owed under the policy. On February 2, 2006, Xavier filed its Complaint,[11] asserting, *inter alia*, that Xavier was entitled to penalties under Louisiana Revised Statute § 22:658. Xavier's suit was ultimately

---

[9] *Hayes v. Shumake*, 582 So. 2d 959, 962 (La.App. 2 Cir. 1991).

[10] A copy of the Policy has already been entered into the Record and is attached as Exhibit 1 to Xavier's Motion for Partial Summary Judgment, Record Doc. No. 1217.

[11] *See* Record Doc. No. 1, Civ. Act. No. 06-516.

consolidated into the above-captioned matter.

The parties have exchanged written discovery and Xavier has continued to provide Travelers with documentation supporting its claims in accordance with its obligation to update discovery responses. Xavier's responses to Travelers' discovery requests were sent to counsel for Xavier on September 6-7, 2006.[12] In pertinent part, these responses demonstrate that Xavier voluntarily provided to Travelers full access to more than 20 large binders containing damage support documents that filled three file drawers.[13] In addition, Xavier provided Travelers with documents Bates Labeled XAVIER000001 THROUGH XAVIER001993.[14]

Subsequent to its initial document production, Xavier has continued to provide Xavier with information relative to its claim. The chart below reflects the dates on which various documents were produced by Xavier to Travelers:

| September 11, 2006 | XAVIER001994[15] |
| October 3, 2006 | XAVIER001995 thru XAVIER002195[16] |
| November 7, 2006 | XAVIER002196 thru XAVIER002346[17] |

---

[12]In support of this motion, Xavier is attaching as Exhibits B, C, and D, respectively, its Responses to Requests for Production of Documents, Responses to Interrogatories, and Responses to Requests for Admission. As noted below, Act 813 became effective on August 15, 2006.

[13]*See* Response to Request for Production No. 2 at p. 3.

[14]*Id.*

[15]*See* September 11, 2006 Letter to Ralph Hubbard, attached hereto as Exhibit E.

[16]*See* October 3, 2006 Letter to Ralph Hubbard, attached hereto as Exhibit F.

[17]*See* November 7, 2006 Letter to Ralph Hubbard, attached hereto as Exhibit G.

| February 5, 2007 | XAVIER002347 thru XAVIER003827[18] |
| --- | --- |
| April 13, 2007 | XAVIER003828 thru XAVIER004128[19] |
| May 1, 2007 | XAVIER004129 thru XAVIER006007[20] |

Xavier respectfully submits that, to the extent each of these document productions constitutes a proof of loss, Travelers was required to continue adjustment of Xavier's claim and that its duty to adjust was governed by the amended provisions of section 658.

## II. THE LOUISIANA LEGISLATURE RESPONDS TO THE CONDUCT OF INSURANCE COMPANIES.

As this Court is all too aware, Xavier is not the only person or business that objected to its insurer's claims handling practices following Hurricane Katrina. In a resolution passed by the Louisiana Legislature in 2005, the House of Representatives declared that displaced residents "can not begin to return home to rebuild their destroyed businesses and homes because **insurance companies are contesting the validity of homeowners' insurance policies and stalling or refusing to pay claims**."[21]  The Legislature further found that "**this delay and refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process**."[22]  This resolution was designated as part of the "Historical and Statutory Notes" for Louisiana Revised Statute § 22:658.

---

[18]*See* February 5, 2007 Letter to Ralph Hubbard, attached hereto as Exhibit H.

[19]*See* April 13, 2007 Letter to Ralph Hubbard, attached hereto as Exhibit I.

[20]*See* May 1, 2007 Letter to Ralph Hubbard, attached hereto as Exhibit J.

[21]*See* Louisiana Revised Statute § 22:658, Historical and Statutory Notes, House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session (emphasis added).

[22]*See id.* (emphasis added).

In 2006, the Legislature formally amended Louisiana Revised Statute § 22:658, which sets forth penalties for insurers who arbitrarily and capriciously fail to pay claims within thirty days after receiving a satisfactory proof of loss. As proposed in Act 813, the amended version of the statute increased penalties for insurers who fail to pay claims timely.[23]

The legislative history conclusively demonstrates that the legislature intended Act 813 to apply retroactively. Senator Edwin Murray, who sponsored the bill, stated that he "had several constituents complain about their insurance companies"[24] regarding adjustment of their Hurricane Katrina claims. Senator Murray declared that the "<u>penalties were not enough to encourage these insurers to be more timely in getting adjusters to these people's homes **so that these claims can be settled**</u>."[25] In arguing in support of an attorneys' fees provision, Senator Murray stated that it would be wrong to force insureds who have "to deal with costs associated with a disaster" to "pay for an attorney in order to get their claims settled."[26]

The legislature's response to insurance companies' handling of Katrina claims was, in short, twofold — first, the legislature resolved that the dilatory conduct of insurers "caus[ed] delays" in the recovery process; then, the legislature formally revised the law "to encourage" insurers to settle the claims of insureds who were already "deal[ing] with the costs associated with a disaster." Plainly, the legislature enacted Act 813 to pressure insurance companies to settle claims related to Hurricane

---

[23]*See* Act No. 813 (enrolled), attached as Exhibit "J." As stated above, the revised version of Act 813 increased the penalty on insurers who arbitrarily and capriciously fail to pay claims to fifty percent (from twenty-five percent), plus reasonable attorneys' fees and costs.

[24]*See* Exhibit "A," p. 2.

[25]*See id.*

[26]*See id.,* p. 3.

Katrina (and Rita), regardless of when these claims were filed. Accordingly, Xavier submits that the Louisiana Legislature intended for Act 813 to apply retroactively.

**ARGUMENT**

**I.     ACT 813 APPLIES RETROACTIVELY**

   **A.     Assessing the Temporal Effect of Laws**

Generally, laws cannot be applied retroactively. As stated by the Louisiana Supreme Court, though, "civilian theory . . . admits three exceptions" to this general rule: laws that lessen penalties, laws that are merely interpretive of existing legislation, and **those that the legislature has expressly or impliedly declared to be retroactive**.[27]

Aside from civilian theory, there are two statutes that set forth rules for deciding whether a law may be applied retroactively — Louisiana Civil Code article 6 and Louisiana Revised Statute § 1:2. Louisiana courts construe the two statutes as "co-extensive."[28] Reading these statutes "together to determine whether a legislative enactment is to be applied retroactively or prospectively, the courts must ascertain whether in the enactment the legislature expressed its intent regarding retroactive or prospective application."[29] Accordingly, if a court decides that the "legislature expressed its intent regarding retrospective or prospective application . . . [its] inquiry is at an end."[30]

---

[27] *Ardoin v. Hartford Accident and Indemnity Co.,* 360 So. 2d 1331, 1338 (La. 1978).

[28] *Genusa v. Dominique*, 1997-0047 (La.App. 1 Cir. 2/20/98), 708 So. 2d 784, 790.

[29] *Id.*

[30] *All Property and Casualty Carriers*, 937 So. 2d at 321.

**B.     Legislative History and Historical Notes Establish Legislature's Intent to Apply Act 813 Retroactively.**

In his treatise of Legislative Law and Procedure, Professor Raymond Lamonica observed that, where appropriate, courts may "consider . . . legislative history" when interpreting a statute.[31] Legislative history that directly relates to statutory construction typically "refers to utterances (and some events) that engage the attention of the legislature during the process, from conception to birth, of enacting the statute being interpreted."[32]

Courts consider legislative history when determining whether legislation applies retroactively. *Dombrowski v. New Orleans Saints*, for example, centered on a dispute over the applicability of a workers' compensation provision related to offsets.[33] This provision, Louisiana Revised Statute § 23:1225, was in effect at the time plaintiff signed his employment contract (in 1996), but had been legislatively repealed in 2004. Plaintiff argued that the repeal should be applied retroactively, which would mean that Section 23:1225 would be treated as if it never existed.[34] The Louisiana First Circuit Court of Appeal reasoned, however, that the "**legislative history indicates the contrary**, in that it reflects that the legislature considered and expressly rejected the thought of making the repeal of Section 1225(D) retroactive."[35]

---

[31] 20 La. Civ. L. Treatise, Legis. Law & Proc. § 7.10.

[32] *See id.*

[33] 2005-0762 (La.App. 1 Cir. 8/02/2006), 943 So. 2d 403.

[34] *See id.* at 408.

[35] *Id.* (emphasis added).

*Industrial Risk Insurers v. New Orleans Public Service, Inc.* arose out of a 1980 fire.[36] Plaintiff sued several entities, including the New Orleans Fire Department. The fire department ultimately moved to dismiss the claims, arguing that it was immune from suit under Louisiana Revised Statute § 9:2798.1, the 1985 statute that immunized government employees from their discretionary or policy-making acts.[37] Judge Mentz agreed with state court rulings that "the legislature intended that [Section 9:2798.1] be applied retroactively."[38] As support for this statement, **Judge Mentz cited the Minutes of Meetings in both the Louisiana House of Representatives and the Louisiana Senate**.[39] It is, therefore, appropriate for this Court to consider the Minutes of Meetings connected with the enactment of Act 813 when considering whether the legislature intended for this Act to apply retroactively.[40]

Furthermore, as discussed, the "Historical and Statutory Notes" to Louisiana Revised Statute § 22:658 include House Concurrent Resolution No. 58, which blames insurance companies' dilatory conduct for "delays in the recovery process." Along with legislative history, Louisiana courts examine "Historical and Statutory Notes" to determine legislative intent.[41] In *Beutler England*

---

[36] 735 F.Supp. 200 (1990).

[37] *See id.* at 201.

[38] *Id.* at 202.

[39] *See id.*

[40] *See also Abate v. Healthcare Int'l, Inc.,* 560 So. 2d 812, 814 (La. 1990) (referring to legislative history to determine if legislative history evinced intent to overrule jurisprudence); *Wooley v. State Farm Fire and Cas. Ins. Co.*, 2005-1490 (La.App. 1 Cir. 2/10/2006), 928 So. 2d 618, 622 (reviewing legislative history to decide if statute "should be given retroactive effect").

[41] *See Wilcox v. Gamble Guest Care Corp.,* 40,650 (La.App. 2 Cir. 4/12/2006), 928 So. 2d 695, 698.

*Chiropractic Clinic v. Mermentau Rice, Inc.,* for example, the court reviewed the "Historical and Statutory Notes" to determine whether, for retroactivity purposes, a statute could be considered procedural or interpretive.[42]

Here, the "Historical and Statutory Notes" to Louisiana Revised Statute § 22:658 establish the legislature's concern that the failure of insurance companies to adjust claims timely stalled the recovery process. Senator Murray confirmed this belief when he noted, in support of his bill, that increasing the penalties available under Section 22:658 would "<u>encourage" insurers to timely resolve the claims of insureds who were already "deal[ing] with the costs associated with a disaster</u>."[43] The statements of Senator Murray, the bill's sponsor, *have no meaning* unless the Act is retroactively applied to cover insurers who arbitrarily and capriciously failed to pay claims timely in the aftermath of Hurricane Katrina.

Xavier expects that Travelers may cite rulings from other courts that hold that Act 813 does not apply to claims asserted before its enactment. In *Tomlinson v. Travelers Indemnity Co.*, No. 06-617 (E.D. La. Feb. 12, 2007), Judge Feldman stated that the 2003 version of Section 22:658 applied to claims asserted before the passage of Act 813. It is, however, unclear whether the plaintiff in *Tomlinson* presented the legislative history of that Act, which unmistakably evidences the legislature's intent that Act 813 apply retroactively. Further, in a case pending in Orleans Parish, *Sher v. Lafayette Insurance Company, et al.,* No. 06-9276, Judge Robin Giarusso agreed with the

---

[42] 2005-942 (La.App. 3 Cir. 5/31/2006), 931 So. 2d 553, 561 (Peters, J., concurring).

[43] *See* Exhibit "A," pp. 2-3 (emphasis added).

11

insured's argument that Act 813 applies retroactively.[44] Also, Judge Kern A. Reese awarded attorney's fees and 50% of the insured's damages in *Royal Cloud Nine, L.L.C. v. Lafayette Insurance Co.*, No. 2006-5691, in the Civil District Court for the Parish of Orleans.[45] Similarly, Xavier submits that, in light of the legislative history and "Historical and Statutory Notes," which establish the legislature's disgust over the dilatory conduct of insurance companies, the intent of the Louisiana Legislature is clear: Act 813 should be applied retroactively.

### C. Applying Act 813 Retroactively Will Not Impermissibly Impair Contractual Obligations or Disturb Vested Rights.

Once a court finds that the legislature intended a law to apply retroactively, it must then decide whether such an application unconstitutionally "impair[s] contractual obligations or disturb[s] vested rights."[46] To the extent Travelers argues that the retroactive application of Act 813 impairs contractual obligations,[47] the Louisiana Supreme Court has already determined that legislation enacted to combat the unique problems caused by Katrina is constitutional.

In *All Property and Casualty Carriers*, the Court reviewed Louisiana Revised Statute § 22:658.3, which extended the prescriptive period to file certain claims arising out of Hurricanes

---

[44] *See* Judgement in *Sher v. Lafayette Insurance Company, et al.,* No. 06-9276, Civil District Court for the Parish of Orleans dated May 2, 2007, and attached hereto as K.

[45] *See* Judgment and Reasons for Judgment dated March 21, 2007, in *Royal Cloud Nine, L.L.C. v. Lafayette Insurance Co.*, No. 2006-5691, in the Civil District Court for the Parish of Orleans. attached hereto as Exhibit L.

[46] *All Property and Casualty Carriers*, 937 So. 2d at 313.

[47] In *Nettleton v. Audubon Ins. Co.,* 93-1576 (La.App. 1 Cir. 5/20/1994), 637 So. 2d 792, 795, the court noted that the penalties set forth in Section 22:658 "are predicated upon the contractual relationship between the insurer and his insured and the obligations which flow therefrom."

12

Katrina and Rita.[48]  After concluding that the legislature intended the statute to apply retroactively, the Court next addressed whether the legislative extension of the one-years prescriptive period set forth in the policies unconstitutionally impaired contractual rights and obligations.

The Court observed that Louisiana Revised Statute § 22:658 did, in fact, impair contractual obligations and that the impairment "could be said to be substantial."[49]  Nevertheless, the Court upheld the constitutionality of the statute, finding a significant and legitimate public purpose behind its enactment.  Specifically, the Court found that the "unimaginable hardship" inflicted on Louisiana citizens, including forced evacuation and multiple relocations, justified the extension of the prescriptive period.[50]

The Court also reasoned that, in the heavily-regulated insurance industry, a legislative-mandated change in the rights and obligations of an insurer and insured "may be anticipated."[51]  Because there was, as such, "considerably less than the total destruction of the insurers' contractual expectations," the Court held that the retroactive application of Louisiana Revised Statute § 22:658 was constitutional.[52]  The reasons that the Louisiana Supreme Court found Section 22:658.3 to be constitutional apply with equal force to the revised version of Louisiana Revised Statute § 22:658. The statute does not, therefore, unconstitutionally impair contractual obligations.

Just as there is no unconstitutional impairment of contractual obligations, there is no

---

[48]2006-2030 (La. 8/25/2006), 937 So. 2d 313.

[49]*Id.* at 325.

[50]*See id.*

[51]*Id.* at 327.

[52]*Id.* at 325.

13

unconstitutional disturbance of vested rights in the retroactive application of Act 813. The Louisiana Supreme Court described vested rights as "absolute, complete, and unconditional, independent of any contingency . . . . **a mere expectancy of future benefit, or a contingent interest in property does not constitute a vested right**."[53] The pre-Act 813 version of Section 22:658.2 provided, at most, the "expectancy of a future benefit" with respect to the penalty provisions.

In *Alleman v. Ke-Co, Inc.,* an injured employee entered into a stipulated judgment that enabled his employer's insurer to offset amounts owed to him with social security disability payments received by the employee.[54] Fifteen days after the judgment was rendered, the Louisiana Supreme Court issued a decision (*Al Johnson Construction Co. v. Pitre*) that prohibited employers (or their insurers) from using social security payments to offset amounts owed for workers' compensation.[55] The insurer argued that *Al Johnson* could not apply retroactively because it had a vested right to the offset set forth in the stipulated judgment. The court disagreed, holding that the right to offset "was conditioned on [the employee] receiving Social Security Disability benefits."[56] Because the employee had not received the social security benefits at the time of the judgment, *Al Johnson* applied to the employee's claims.

In this matter, the applicability of Louisiana Revised Statute § 22:658 is conditioned upon a finding that an insurer arbitrarily and capriciously adjusted an insured's claims. Until such a finding is rendered, the insurer's "right" to pay twenty-five percent (as opposed to fifty percent) of

---

[53]*Tennant*, 39 So. 2d at 728 (emphasis added).

[54]2000-1138 (La.App. 3 Cir. 1/31/2001), 783 So. 2d 409.

[55]*See id.* at 411.

[56]*Id.* at 412.

the difference of the amount tendered and the amount due, is simply a "future benefit."

Similarly, in *Henderson v. Pacific Marine Ins. Co.,* a workers' compensation insurer argued that, after paying benefits to an injured employee, it had a vested right to pursue a subrogation claim against the third-party torfeasor, which trumped a recently-enacted statute that prohibited subrogation claims against an insured (*i.e.,* the third-party tortfeasor) whose insurer, as in *Henderson*, was insolvent.[57] The court dismissed the subrogation claims of the insurer and concluded that insurer's right to subrogation was "merely a hypothetical expectancy."[58] Just like the alleged "right" of subrogation in *Henderson*, Travelers's alleged "right" to a twenty-five percent penalty for arbitrary and capricious adjusting is merely a "hypothetical" expectancy that is subject to change in a heavily-regulated insurance industry. Accordingly, the retroactive application of Act 813 does not disturb any vested rights.

## II. EVEN IF ACT 813 APPLIES PROSPECTIVELY ONLY, IT STILL GOVERNS XAVIER'S CLAIMS.

Xavier submits that Act 813 should be applied retroactively. But even assuming, for the sake of argument, that Act 813 applies prospectively only, it still governs Xavier's claim against Travelers. Governor Blanco signed Act 813 into law on June 30, 2005.[59] The Bill History lists the effective date of Act 813 as August 15, 2006.[60]

Louisiana Revised Statute § 22:658 imposes a duty on insurers to "adjust claims fairly and

---

[57] 611 So. 2d 822 (La.App. 3 Cir. 1992).

[58] *Id.* at 824.

[59] *See* Bill History, 2006 Regular Session, Senate Bill 620, attached as Exhibit "M."

[60] *See id.*

promptly and to take reasonable steps to settle valid claims." Louisiana courts have also recognized the principle that an insurer has a continuing obligation to adjust a claim after suit is filed. In *Harris v. Fontenot*,[61] the court observed that there is nothing in either section 658 or 1220 limiting its application to "pre-litigation conduct."[62] In *Theriot v. Midland Risk Insurance Co.*,[63] moreover, the court held that the duties of good faith and fair dealing imposed on insurers by section 658 "continue throughout the litigation."[64]

In *Madere v. State Farm Fire & Casualty Co.*,[65] this Court recently recognized that an insurer's obligation to adjust a claim did not cease when a suit is filed and that the amended provisions of section 658 apply to suits, like the captioned matter, filed before August 15, 2006. In *Madere*, this Court held:

> The critical factor in determining the applicability of the amendment to § 658 is not whether suit was filed prior to the effective date of the amendment as urged by State Farm, but rather whether the thirty day period within which State Farm had to pay the claim, trigger[ed] by its receipt of a "satisfactory proof of loss," expired on or after August 15, 2006. If plaintiff provided "satisfactory proof of loss" to defendant and the thirty (30) [day] statutory period for paying the claim elapsed prior to August 15, 2006 . . . then any penalty . . . would be limited to 25 percent of the loss. ***However, if plaintiff provided satisfactory proof of loss to defendant and the thirty day period for paying the claim elapsed after the effective date of the act, then plaintiff's right to a penalty would have arisen after the effective date of the amendment, and the amendment would apply in determining the amount of any penalty imposed on***

---

[61]606 So. 2d 72 (La. App. 3d Cir. 1992).

[62]*Id.* at 74.

[63]664 So.2d 547 (La. App. 3d Cir. 1995).

[64]*Id.* at 550. *See also McDill v. Utica Mutual Ins. Co.*, 475 So.2d 1085, 1092 (La. 1985); *Defazio v. City of Baton Rouge*, 625 So.2d 733, 734 (La. App. 1st Cir. 1993).

[65]Civ. Act. No. 06-2889(K)(4).

16

*State Farm.*[66]

Furthermore, in *Broussard v. State Farm Fire and Casualty Co.*,[67] Judge Senter, considering a Hurricane Katrina claim in Mississippi, ruled that insurers had a "continuing duty to act reasonably and in good faith in investigating and paying legitimate claims under its policies."[68] Although this opinion applied Mississippi law, Louisiana law is no different for the reasons stated above.

Xavier submits that its numerous document productions to Travelers since August 15, 2006 constitute satisfactory proofs of loss, and, accordingly, the revised provisions of Act 813 govern this matter. Travelers' duty to adjust Xavier's claim fairly and promptly extends beyond August 15, 2006, and continues to this day, subjecting Travelers to the increased penalties provisions set forth in Act 813. In effect, then, Travelers had a "safe harbor" of 30 days following August 15, 2006, to pay claims pursuant to any satisfactory proof of loss it received. Any failure to make payments within this "safe harbor" period will be governed by the current version of section 658.

## CONCLUSION

Following Hurricane Katrina, the Louisiana Legislature concluded that the dilatory practices of insurance companies were stalling the region's recovery. To "encourage" insurers to act quicker to resolve claims, the legislature amended Louisiana Revised Statute § 22:658 to increase the penalties for arbitrary and capricious claims handling. As expressed in the legislative history and the "Historical and Statutory Notes," the legislature intended that this amendment apply

---

[66] June 4, Order and Opinion at 4, *Madere v. State Farm Fire & Cas. Co.*, Civ. Act. No. 06-2889(K)(4)(emphasis added)[Document Number 23].

[67] 2007 WL 113942 (S.D. Miss. Jan. 17, 2007).

[68] *Id.* at * 3.

retroactively.  Accordingly, Xavier requests that this Court grant Xavier's motion and find that Act 813, amending Louisiana Revised Statute § 22:6587, applies retroactively.

Alternatively, if this Court holds that Act 813 applies prospectively only, Xavier requests that this Court find Travelers had a continuing obligation after Xavier filed its lawsuit and after August 15, 2006 to continue to fairly adjust Xavier's claim.  This is particularly so given the considerable documentation provided to Travelers since August 15, 2006 as set forth herein.  Travelers' failure to properly adjust Xavier's claim upon receipt of this information subjects it to the amended penalty provisions of section 658.

        Respectfully Submitted:


         /s/ James M. Garner
        JAMES M. GARNER, #19589
        DARNELL BLUDWORTH, #18801
        TIMOTHY B. FRANCIS, #14973
        KEVIN M. MCGLONE, #28145
        **SHER GARNER CAHILL RICHTER**
        **KLEIN & HILBERT, L.L.C.**
        909 Poydras St., 28th Floor
        New Orleans, LA   70112
        Telephone:  504-299-2100
        Facsimile: 504-299-2300
         COUNSEL FOR XAVIER UNIVERSITY
        OF LOUISIANA

        AND

        CALVIN C. FAYARD, JR., #5486
        FAYARD AND HONEYCUTT, APLC
        519 Florida Avenue, SW
        Denham Springs, Louisiana 70726
        Telephone: 225-664-4193
        Fax: 225-664-6925
        calvinfayard@fayardlaw.com
        LIAISON COUNSEL – INSURANCE PSLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER
