UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" MAG "2" |
| PERTAINS TO:<br>INSURANCE (XAIVER UNIVERSITY<br>OF LOUISIANA V. TRAVELERS<br>CASUALTY PROPERTY COMPANY<br>OF AMERICA NO. 06-516) | |

**********************************************************************

**STATEMENT OF UNCONTESTED MATERIAL FACTS**

Plaintiff, Xavier University of Louisiana ("Xavier") respectfully submits the following Statement of Uncontested Material Facts in Support of its Motion for Partial Summary Judgment Regarding Retroactivity of Act 813.

1. Xavier procured from Travelers a policy bearing number Y-630-528d9763-TIL-04 ("the Policy").

2. The Policy contained a Deluxe Property Coverage Form that provided "all risks" coverage "for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."

3. Hurricane Katrina struck the City of New Orleans on August 29, 2005, causing substantial damage to Xavier's campus.

4. Xavier made demand on Travelers to adjust its losses arising out of Hurricane Katrina.

5. In a resolution passed by the Louisiana Legislature in 2005, the House of Representatives declared that displaced residents "cannot begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of

      homeowners' insurance policies and stalling or refusing to pay claims."[1]

6.     The Louisiana Legislature further found that "this delay and refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process."[2]

7.     In the May 31, 2006 meeting minutes for the House Committee on Insurance, Senator Edwin Murray, who sponsored Act 813, stated that he "had several constituents complain about their insurance companies."[3]

8.     Senator Murray declared that the "penalties were not enough to encourage these insurers to be more timely in getting adjusters to these people's home so that these claims can be settled."[4]

9.     In arguing in support of an attorneys' fees provision, Senator Murray stated that it would be wrong to force insureds who have "to deal with costs associated with a disaster" to "pay for an attorney in order to get their claims settled."[5]

10.     Despite receiving sufficient proof of loss from Xavier, Travelers failed to pay what it owed under the policy.

11.     On February 2, 2006, Xavier filed its Complaint,[6] asserting, *inter alia*, that Xavier was entitled to penalties under Louisiana Revised Statute § 22:658.

---

[1] La. Rev. Stat. Ann. § 22:658, Historical an Statutory Notes, House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session.

[2] *Id.*

[3] House Committee on Insurance, Minutes of Meeting, 2005 Regular Session, May 31, 2006.

[4] *Id.*

[5] *See id.* at p. 3.

[6] *See* Record Doc. No. 1, Civ. Act. No. 06-516.

12. Xavier's responses to Travelers' discovery requests were sent to counsel for Xavier on September 6-7, 2006.[7]

13. In pertinent part, these responses demonstrate that Xavier voluntarily provided to Travelers full access to more than 20 large binders containing damages support documents that filled three file drawers.[8]

14. In addition, Xavier provided Travelers with damage support documents Bates Labeled XAVIER000001 THROUGH XAVIER001993.[9]

15. Subsequent to its initial document production, Xavier has continued to provide Xavier with information relative to its claim. The chart below reflects the dates on which various documents were produced to Travelers:

    September 11, 2006   XAVIER001994[10]

    October 3, 2006   XAVIER001995 thru XAVIER002195[11]

    November 7, 2006   XAVIER002196 thru XAVIER002346[12]

    February 5, 2007   XAVIER002347 thru XAVIER003827[13]

---

[7] *See* Exhibits B, C, and D the Memorandum in Support hereof.

[8] *See* Response to Request for Production No. 2 at p. 3.

[9] *Id.*

[10] *See* September 11, 2006 Letter to Ralph Hubbard, attached to Memorandum in Support as Exhibit E.

[11] *See* October 3, 2006 Letter to Ralph Hubbard, attached to Memorandum in Support as Exhibit F.

[12] *See* November 7, 2006 Letter to Ralph Hubbard, attached to Memorandum in Support as Exhibit G.

[13] *See* February 5, 2007 Letter to Ralph Hubbard, attached to Memorandum in Support as Exhibit H.

April 13, 2007          XAVIER003828 thru XAVIER004128[14]

May 1, 2007             XAVIER004129 thru XAVIER006007.[15]


Respectfully Submitted:


 /s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
 COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

AND

CALVIN C. FAYARD, JR., #5486
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Telephone: 225-664-4193
Fax: 225-664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC

---

[14]*See* April 13, 2007 Letter to Ralph Hubbard, attached to Memorandum in Support as Exhibit I.

[15]*See* May 1, 2007 Letter to Ralph Hubbard, attached to Memorandum in Support as Exhibit J.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER