# HOUSE COMMITTEE ON INSURANCE

Minutes of Meeting
2006 Regular Session
May 31, 2006

## I.   CALL TO ORDER

Representative Karen Carter, Chair of the House Committee on Insurance, called the meeting to order in Committee Room 3 in the State Capitol, in Baton Rouge, Louisiana, at 9:24 a.m.

## II.   ROLL CALL

**MEMBERS PRESENT:**                    **MEMBERS ABSENT:**

Representative Karen Carter, Chair
Representative Shirley Bowler
Representative Dale Erdey
Representative Robert Faucheux
Representative Rick Farrar
Representative Terrell Harris
Representative Troy Hebert
Representative Ronnie Johns
Representative Chuck Kleckley
Representative Tom McVea
Representative Dan Morrish
Representative Cedric Richmond
Representative Steve Scalise
Representative Gary Smith
Representative Joseph Toomy
Representative Taylor Townsend
Representative Jim Tucker
Representative Michael Walsworth

## III.   STAFF MEMBERS PRESENT:

Theresa Ray, Senior Legislative Analyst
Zaren James, Attorney
Christie Russell, Secretary

1



### IV.  DISCUSSION OF LEGISLATION

#### House Bill No. 157 by Representative Carter

Representative Carter presented House Bill No. 157, which re-creates the Department of Insurance.

Mr. Chad Brown, representing the Department of Insurance, P.O. Box 94214, Baton Rouge, LA 70804-9214, informed the committee that House Bill No. 157 recreates the Department of Insurance in accordance with the sunset provision in current law.  He added that the proposed legislation was discussed at length at a previous committee meeting and would be happy to answer any questions from the committee.

Representative Carter offered an amendment to House Bill No. 157, which deletes provisions re-creating the Department of Insurance for six years, with a termination date of July 1, 2013, and instead provides for a two-year re-creation with a termination date of July 1, 2009.  There being no objection to the motion, the amendment passed by a vote of 13 yeas and 0 nays.  Members voting yea were Representatives Carter, Bowler, Farrar, Faucheux, Harris, Hebert, Johns, Kleckley, Morrish, Richmond, Smith, Toomy, and Townsend.

Representative Carter offered a motion to report House Bill No. 157 with amendments.  There being no objection, the proposed legislation was reported with amendments by a vote of 13 yeas and 0 nays.  Members voting yea were Representatives Carter, Bowler, Farrar, Faucheux, Harris, Hebert, Johns, Kleckley, Morrish, Richmond, Smith, Toomy, and Townsend.

#### Senate Bill No. 620 by Representative Murray

Senator Murray presented Senate Bill No. 620, which increases penalties for insurers who fail to timely pay claims.

Senator Murray stated that the proposed legislation seeks to increase the penalty from 25% to 50% for insurers who are found to not handle consumers claims in a timely manner as well as award reasonable attorney's fees and costs.  Senator Murray said that he had several constituents complain about their insurance companies to pay their claims and felt that the penalties were not enough to encourage these insurers to be more timely in getting adjusters to these people homes so that these claims can be settled.

Representative Farrar asked for Senator Murray to explain language in Senate Bill No. 620 regarding an insurer being arbitrary or capricious or without probable cause.  Senator Murray stated that the insurance company has to be given sufficient information to put them on notice that they have a claim with them.  Once the insurer has that information and notice and if they fail to act, that is considered to be arbitrary or capricious.  In the end, a judge would have to rule the allegations are true and correct.

Representative Johns stated that he had no problem with many of the provisions in Senate Bill No.

620, but was concerned about one part of the bill. He stated his concerns about the addition of reasonable attorneys' fees and costs and asked for his perspective on that part of the language. Senator Murray stated that the addition of this language and making it law would make the law more accessible to consumers to get into court if their insurance companies are not settling their claims, and felt that the burden and cost of getting an attorney is just too much for the average consumer. He said that not only are consumers having to deal with costs associated with a disaster, they are also having to still make their insurance premiums and felt that it is wrong for these consumers to pay for an attorney in order to get their claims settled.

Representative Richmond stated his full support for Senate Bill No. 620 and reiterated the fact that the bill only applies when an insurance company is obviously arbitrary and capricious.

Senator Murray stated that it was his opinion that many consumers spend years paying insurance premiums, only to be told that what they thought was covered was in fact not. He said that this piece of legislation gives them an avenue to get their claims settled if they feel the insurer is not taking responsibility as they should according to their policy.

Mr. Chuck McMains, representing the Property and Casualty Insurers Association, 8551 United Plaza Blvd., Baton Rouge, LA 70806, stated his opposition to the increase of penalties that are already imposed to insurance companies and said the proposed legislation is uncalled for under current circumstances. He added that there has been no indication of any need for changing current law.

Mr. Kevin Cunningham, 8601 Jefferson Hwy, Baton Rouge, LA 70806, stated that while he understood the members concerns regarding their constituents welfare, he felt the legislation if passed would only hurt the insurance market and its stability in Louisiana, especially after Hurricanes Katrina and Rita and the costs associated with them.

Representative Johns offered an amendment to Senate Bill No. 620, which removes language regarding attorneys' fees and costs. There being an objection to the motion, a roll call vote was taken and the amendment failed to pass by a vote of 7 yeas and 8 nays. Members voting yea were Representatives Bowler, Erdey, Johns, Kleckley Morrish, Scalise, and Toomy. Members voting nay were Representatives Carter, Farrar, Faucheux, Harris, Hebert, Richmond, Smith, and Townsend.

Representative Richmond offered a motion to report Senate Bill No. 620 favorably. There being an objection, a roll call vote was taken and Senate Bill No. 620 was reported favorably by a vote of 10 yeas, 4 nays, and 1 abstaining vote. Members voting yea were Representatives Farrar, Faucheux, Harris, Hebert, Johns, Kleckley, Morrish Richmond, Smith, and Townsend. Members voting nay were Representatives Bowler, Erdey, Scalise, and Toomy. The member with the abstaining vote was Representative Carter.

### Senate Bill No. 685 by Senator Ellington

At the request of the author, Mr. Fred Burkett, representing the Towing and Recovery Association, no address given, presented Senate Bill No. 685, which prohibits an insurer from assuming the legal

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA          CIVIL ACTION NO. 06-0516

VERSUS                                            SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

### **PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana, who, pursuant to Federal Rules of Civil Procedure, responds to the following Request for Production of Documents propounded upon them by Travelers Property Casualty Company of America:

### **GENERAL OBJECTIONS**

1.      Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Requests. The following responses are given without prejudice to Xavier's right to alter or amend these responses as the result



EXHIBIT
B

of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.      Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.      Xavier objects to the Requests to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.      Xavier objects to the Requests to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.      Xavier objects to the Requests to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.      Xavier objects to the Requests to the extent they seek the production of documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.      Xavier objects to the Requests to the extent they contain vague and/or ambiguous terms.

8.      Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

2

9.      Xavier generally objects to Defendant's Requests for Production of Documents to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.     By responding to Defendant's Requests, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Requests. Xavier will respond to Defendant's Requests in accordance with its understanding of the fair and reasonable meaning of the Requests.

## RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

### REQUEST NO. 1:

Produce all DOCUMENTS related to THE POLICY.

### RESPONSE TO REQUEST NO. 1:

The policy was attached to the Complaint.

### REQUEST NO.2:

Produce all DOCUMENTS related to THE CLAIM.

### RESPONSE TO REQUEST NO. 2:

Objection to the extent that this request calls for work product or attorney/client communications. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

3

**REQUEST NO.3:**

Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**RESPONSE TO REQUEST NO. 3:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.4:**

Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**RESPONSE TO REQUEST NO. 4:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see all communications with Travelers. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.5:**

Produce all DOCUMENTS relating to the claim YOU filed claim with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.

4

**RESPONSE TO REQUEST NO. 5:**

Objection, relevance. Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding the same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.6:**

Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).

**RESPONSE TO REQUEST NO. 7:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.7:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by flood.

**RESPONSE TO REQUEST NO. 7:**

Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. Xavier denies it had any damages as a result of "flood" within the meaning of that term as set forth in the policy. If you refer to the inundation of the campus as a result of

5

levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and claims documentation previously produced by Xavier. Xavier objects to the production of any information concerning its NFIP insurance.

## REQUEST NO.8:

Produce all DOCUMENTS and communication related to your claim or application for reimbursement, or other payment filed with FEMA or any other governmental entity.

## RESPONSE TO REQUEST NO. 8:

Objection, work product and attorney client privilege. Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is overly broad and burdensome.

## REQUEST NO.9:

Produce all DOCUMENTS relating to the claim or application YOU filed claim with FEMA or any other governmental agency seeking reimbursement or other payment for damages caused by Hurricane Katrina.

## RESPONSE TO REQUEST NO. 9:

Objection, work product and attorney client privilege. Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is overly broad and burdensome.

## REQUEST NO. 10:

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports

6

prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

## RESPONSE TO REQUEST NO. 10:

Objection, work product and attorney client privilege. See previous objections relating to the use of the term "flood." Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

## REQUEST NO. 11:

Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

## RESPONSE TO REQUEST NO. 11:

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

7

**REQUEST NO. 12:**

Produce all DOCUMENTS reflecting, evidencing, or related to YOUR alleged damages in this action.

**RESPONSE TO REQUEST NO. 12:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 13:**

Produce all DOCUMENTS reflecting, evidencing, or relating to expenses YOU incurred from August 29, 2005 to the present in connection with repairs YOU made or had made to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina.

**RESPONSE TO REQUEST NO. 14:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

8

**REQUEST NO. 14:**

Produce all DOCUMENTS reflecting, evidencing, or relating to payments made by YOU to Landis Construction Company from August 29, 2005 to the present in connection with repairs YOU made or made on your behalf to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina, including but not limited to cancelled checks and other proof of payment.

**RESPONSE TO REQUEST NO. 14:**

Xavier is in the process of obtaining these documents, and they will be produced upon receipt.

**REQUEST NO. 15:**

Produce all DOCUMENTS that YOU identified, referenced, referred to, or relied upon in drafting YOUR responses to accompanying interrogatories.

**RESPONSE TO REQUEST NO. 15:**

See documents previously produced.

**REQUEST NO. 16:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 16:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

9

**REQUEST NO. 17:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 17:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 18:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 18:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 19:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane

Katrina.

**RESPONSE TO REQUEST NO. 19:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 20:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**

        Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 21:**

        Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**

        Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 22:**

        Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from The National Endowment for the Humanities subsequent to

Hurricane Katrina.

**RESPONSE TO REQUEST NO. 22:**

        Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 23:**

        Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 23:**

        Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 24**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 24:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 25:**

Produce all DOCUMENTS reflecting, evidencing, or relating to an grants or other

donations YOU received subsequent to Hurricane Katrina from any entity, corporation,

foundation, individual, nation, partnership, non-profit organization, religious order, or other

institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

**RESPONSE TO REQUEST NO. 25:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
504-299-2100
Counsel for Xavier University of Louisiana

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Responses to Request for

Production of Documents has been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA 70130
> Attorneys for Travelers Property Casualty Company of America

via hand delivery, this 7th of September 2006.

JAMES M. GARNER

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA          CIVIL ACTION NO. 06-0516

VERSUS                                  SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## **PLAINTIFF'S RESPONSES TO INTERROGATORIES PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier

University of Louisiana ("Xavier"), who, pursuant to Federal Rules of Civil Procedure, responds to

the following Interrogatories propounded upon them by Travelers Property Casualty Company of

America ("Travelers"):

## **GENERAL OBJECTIONS**

1.      Xavier has not completed its search for documents, records, and information, has not

completed discovery in this action, and has not completed its legal research in respect of the issues

raised in this action. All of the responses set forth below are (subject to the qualifications identified)

based solely upon the information and documents presently available to Xavier. Discovery will

continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by

Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As

that investigation and discovery proceed, witnesses, facts, documents, and evidence may be

discovered that are not set forth herein but that may be responsive to the Interrogatories. The

following responses are given without prejudice to Xavier's right to alter or amend these responses



**EXHIBIT**

C

as the result of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.    Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.    Xavier objects to the Interrogatories to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.    Xavier objects to the Interrogatories to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.    Xavier objects to the Interrogatories to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.    Xavier objects to the Interrogatories to the extent they seek the production of information or documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including information or documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.    Xavier objects to the Interrogatories to the extent they contain vague and/or ambiguous terms.

8.    Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

2

9.      Xavier generally objects to Defendants' Interrogatories to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.     By responding to Defendant's Interrogatories, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Interrogatories. Xavier will respond to Defendants' Interrogatories in accordance with its understanding of the fair and reasonable meaning of the Interrogatories.

## RESPONSES TO DEFENDANT'S INTERROGATORIES

### INTERROGATORY NO. 1:

Explain in detail what YOU claim is the cause or causes of any non-wind related water damage to THE PROPERTY.

### ANSWER TO INTERROGATORY NO. 1:

Hurricane Katrina, and its high winds and rains, caused significant damage to Xavier's campus. The nature and extent of that damage has been viewed by Travelers and its representatives numerous times. Additionally, detailed documentation regarding the nature and extent of the damages has been previously produced. Subsequent to Hurricane Katrina's damage to the campus, man-made structures, including the levees at the 17th Street Canal and London Avenue Canal, failed and allowed water to enter much of the campus. This water was the result of man-made causes not natural causes, as had the levees, which are man-made, not failed, ground water would not have entered Xavier's campus buildings. Xavier reserves the right to supplement this answer as it is still determining the nature, extent and cause of such damages.

3

**INTERROGATORY NO. 2:**

Explain in detail what YOU claim is the cause, or causes, of loss to the PROPERTY at issue in this litigation.

**ANSWER TO INTERROGATORY NO. 2:**

Hurricane Katrina, and its high winds and rains, caused significant damage to Xavier's campus. The nature and extent of that damage has been viewed by Travelers and its representatives numerous times. Additionally, detailed documentation regarding the nature and extent of the damages has been previously produced.  Subsequent to Hurricane Katrina's damage to the campus, man-made structures, including the levees at the 17th Street Canal and London Avenue Canal, failed and allowed water to enter much of the campus. This water was the result of man-made causes not natural causes, as had the levees, which are man-made, not failed, ground water would not have entered Xavier's campus buildings.

**INTERROGATORY NO. 3:**

State all facts that support YOUR allegation in paragraph 24 of THE COMPLAINT that "Travelers ... failed to comply with its obligations under the insurance policy."

**ANSWER TO INTERROGATORY NO. 3:**

As detailed in the Complaint, which is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10, Xavier provided Travelers with prompt notice of loss, and voluminous documents constituting proof of loss. Until the commencement of this litigation, Travelers had failed to pay a single penny under the policy of insurance issued by it.

4

**INTERROGATORY NO. 4:**

State all facts that support YOUR allegation in paragraph 25 of THE

COMPLAINT that "Travelers is an obligor in bad faith.. . ."

**ANSWER TO INTERROGATORY NO. 4:**

Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly

pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed

knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial

hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single

penny under the policy for many months, and until commencement of this litigation. This is

despite the fact that Travelers had set reserves of $2,525,000 as early as October 17, 2005.

**INTERROGATORY NO. 5:**

State all facts that support YOUR allegation in paragraph 26 of THE

COMPLAINT that "Travelers' actions were ". . . arbitrary, capricious and without probable

cause."

**ANSWER TO INTERROGATORY NO. 5:**

See all allegations of the Complaint, which are incorporated herein by reference

pursuant to Federal Rule of Civil Procedure 10. Travelers, by issuing a policy of insurance to

Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless,

Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual

knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy,

failed to advance a single penny under the policy for many months, and until commencement of

this litigation. This arbitrary and capricious conduct occurred despite the fact that Travelers had

5

set reserves of $2,525,000 on October 17, 2005.

## INTERROGATORY NO. 6:

State all facts that support YOUR allegation in paragraph 27 of THE

COMPLAINT that "Travelers failed to initiate adjustment of Xavier's loss within 30 days of

notice of loss."

## ANSWER TO INTERROGATORY NO. 6:

To Xavier's knowledge, Travelers did nothing that constituted initiation of

adjustment of Xavier's loss within 30 days of notice of loss. Simply assigning an adjuster does

not constitute "initiation of adjustment" of Xavier's loss. See the Complaint for Damages, which

is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. *See also*,

Traveler's own claims file, which establishes that loss adjustment was not initiated timely, and in

fact reserves were not even established until October 17, 2005, over 1 month after notice of loss.

## INTERROGATORY NO. 7:

Describe, in detail, what the term "adjustment of Xavier's loss" means, as used in

paragraph 27 of THE COMPLAINT.

## ANSWER TO INTERROGATORY NO. 7:

Objection, as this calls for a legal conclusion. See. La. Rev. Statute 22:658(A)(3),

which refers to the legal standard for this wording.

## INTERROGATORY NO. 8:

IDENTIFY and describe the "notice of loss" to which YOU are referring in

paragraph 27 of THE COMPLAINT.

6

**ANSWER TO INTERROGATORY NO. 8:**

In the days immediately after Katrina, Xavier University contacted Travelers and informed it that Xavier had sustained substantial damages. Travelers' own documents establish that notice of loss was received on September 7, 2005 (See Trav 000927).

**INTERROGATORY NO. 9:**

State all facts that support YOUR allegation in paragraph 28 of THE COMPLAINT that Travelers breached a duty "to adjust Xavier's claims fairly and promptly."

**ANSWER TO INTERROGATORY NO. 9:**

See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single penny under the policy for many months, and until commencement of this litigation. This breach of duty occurred despite the fact that Travelers had set reserves of $2,525,000 on October 17, 2005.

**INTERROGATORY NO. 10:**

State all facts that support YOUR allegation in paragraph 29 of THE COMPLAINT that Travelers ". . . failed to pay Xavier within 60 days of receipt of satisfactory proof of loss."

7

## ANSWER TO INTERROGATORY NO. 10:

See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. Travelers, through its adjuster, Mr. Claypool, was given visual proof of Xavier's loss in early October, 2005. Subsequently, Travelers, through its adjuster, Mr. Claypool, was given voluminous proof of loss on October 13, 2005 (financial statements), November 14, 2005 (extra expenses), December 1, 2005 (voluminous documents concerning Xavier's physical damages, consisting of three boxes of documents, including detailed estimates and schedules by Landis Construction, and all pay applications by Landis up until that date, including backup thereof), December 8, 2005 (Landis Spreadsheet breaking out first floor versus other floors), December 12, 2005 (CD of damage supports and Landis pay application no. 5), and additional documentation Xavier has made available at the office of its counsel. Despite detailed documentation of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, Travelers failed to advance a single penny under the policy for many months after receiving this documentation of Xavier's losses, and until commencement of this litigation. The first payment under the policy was more than 60 days after all of this documentation was given to Xavier. This failure to pay occurred despite the fact that Travelers' adjuster, Mr. Claypool, acknowledged that Xavier had at least $2.4 million in damages in October of 2005.

## INTERROGATORY NO. 11:

Identify all amounts that you allege are still due and owing under the POLICY.

8

## ANSWER TO INTERROGATORY NO. 11:

Xavier is entitled to all amounts that it has expended and will expend in the future to repair its damages, including all amounts reflected in all Landis Pay applications, replacement of all contents damaged, as partially set forth in the spreadsheets that have been provided to Travelers enumerating such losses, its lost business income, as established by the financial data provided to Travelers' accountants, and all extra expenses, including those in the data provided to Mr. Claypool in October, 2005. Additionally, Xavier is entitled to statutory penalties and attorney's fees.

## INTERROGATORY NO. 12:

Identify the amounts you allege are still due and owing for each individual element of your claim.

## ANSWER TO INTERROGATORY NO. 12:

See response to interrogatory number 11. The amounts owed are set forth in the documents referred to therein, and are only subject to reduction for the amounts advanced since commencement of this litigation.

## INTERROGATORY NO. 13:

To the extent not set forth above, state all facts on which YOU base YOUR claim(s) for damages against Travelers in this action.

## ANSWER TO INTERROGATORY NO. 13:

Objection, overly broad. Subject to this objection, please see all facts set forth in the Complaint, as well as those set forth in the Motion for Partial Summary Judgment filed on

9

August 24, 2006, which is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10.

## INTERROGATORY NO. 14:

Identify every item that you contend Travelers is liable for as damages and describe those item(s) of damages in detail, including a description of the damages, the dollar amounts thereof, and how those dollar amounts were calculated.

## ANSWER TO INTERROGATORY NO. 14:

See answer to Interrogatory 11, set forth above. Additionally, as set forth in the Complaint, Xavier is entitled to statutory penalties and attorney's fees as a result of Travelers' failure to comply with Louisiana law concerning loss adjustment and timely payment of claims.

## INTERROGATORY NO. 15:

Identify by name of carrier and policy number, all policies of insurance providing coverage for flood to YOU that were in force on August 29, 2005.

## ANSWER TO INTERROGATORY NO. 15:

Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

10

**INTERROGATORY NO. 16:**

With respect to all insurance policies identified in the preceding interrogatory, state the amounts paid to YOU pursuant to said policies, the categories of loss (e.g. building, contents, business interruption) for which the payments were made, and the dates said amounts were received by you.

**ANSWER TO INTERROGATORY NO. 16:**

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

**INTERROGATORY NO. 17:**

Identify every grant or other donation you received in any way resulting from related to or connected with Hurricane Katrina describing the person, organization, government, foundation, non-profit organization making the donation, the dollar amount or value of the grant or donation, the purpose of the grant or donation, and how the grantor or donor intended for the grant or donation to be used.

**ANSWER TO INTERROGATORY NO. 17:**

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

**INTERROGATORY NO. 18:**

Other than insurance recoveries, or grants or donations identified in the preceding paragraph, please identify any other sources of funding that YOU used to repair loss and damage to the PROPERTY caused by or resulting from Hurricane Katrina, and state, with respect to each, the amount of funding received and the purpose for which said funding was used.

11

## ANSWER TO INTERROGATORY NO. 18:

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence. Subject to that objection, due to the arbitrary and capricious failure of Travelers to comply with the terms of its policy of insurance, Xavier has paid for repairs utilizing some of the University's Endowment Funds, some of the Unrestricted Current Fund's working capital, and some Restricted Current Funds gift income, which impairs the ability of the University to fulfill the mission of Sister Katherine Drexel.

## INTERROGATORY NO. 19:

Please explain in detail all damages, including but not limited to the location, type, scope and amount of damage at each location, YOU sustained that YOU allege were caused by or resulted from Hurricane Katrina.

## ANSWER TO INTERROGATORY NO. 19:

Objection. See response to number 11. Xavier is entitled to recover all amounts caused by Katrina or by the failure of man-made levees, as described above.

Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
504-299-2100
Counsel for Xavier University of Louisiana

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answers to Interrogatories has

been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

by placing same in the United States Mail, postage prepaid, this _6_ day of _September_,

2006.

_____
JAMES M. GARNER

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA          CIVIL ACTION NO. 06-0516

VERSUS                                  SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## **PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana ("Xavier"), who, pursuant to the Federal Rules of Civil Procedure, responds to the following Request for Admissions propounded upon it by Travelers Property Casualty Company of America ("Travelers"):

### **REQUEST FOR ADMISSION NO. 1:**

Please admit that the Library (Building 8) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

### **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied as written. The Library had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.


EXHIBIT

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the depth of the flood water on your campus was at least three (3) feet.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied as written. The campus had standing water in some locations. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that the Administration Building (Building 1) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied as written. The Administration Building had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that the Administration Annex (Building 2) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied as written. The Administration Annex had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers.

2

See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 5:

Please admit that the House of Studies (Building 4) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Denied as written. The House of Studies had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 6:

Please admit that the Pharmacy (Building 5) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Denied as written. The Pharmacy had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 7:

Please admit that the Pharmacy Addition (Building 6) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

3

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Denied as written. The Pharmacy Addition had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 8:

Please admit that the Gymnasium (Building 7) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Denied as written. The Gymnasium had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 9:

Please admit that the Music Building (Building 9) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Denied as written. The Music Building had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

4

**REQUEST FOR ADMISSION NO. 10:**

Please admit that the St. Joseph's Residence (Building 11) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied as written. The St. Joseph Residence Hall had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that the Katherine Drexel Residence (Building 12) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied as written. The Katherine Drexel Residence Hall had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that the Counseling Center was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied as written. The Counseling Center had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the

5

Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 13:

Please admit that the University Center (Building 16) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Denied as written. The University Center had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 14:

Please admit that the Central Plant (Building 13) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Denied as written. The Central Plant had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

## REQUEST FOR ADMISSION NO. 15:

Please admit that the St. Michael's Residence (Building 14) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

6

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied as written. The St. Michael's Residence Hall had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that the Student Center (Building 15) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied as written. The Student Center had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 17:**

Please admit that the NSC Science Building (Building 17) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied as written. The NSC Science Building had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

7

**REQUEST FOR ADMISSION NO. 18:**

Please admit that the NSC Addition (Building 18) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied as written. The NSC Addition had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that the Library (Building 8) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

See Response to request for admission number one.

**REQUEST FOR ADMISSION NO. 20:**

Please admit that the Xavier South (Building 19) was flooded with at least three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Denied as written. Xavier South had water enter it. However, it is denied that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

8

## REQUEST FOR ADMISSION NO. 21:

Please admit that the dePorres Residence (Building 25) was flooded with at least three

(3) feet of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Denied as written. DeP orres Residence Hall had water enter it. However, it is denied

that such water was "flood" water as defined by the Policy of insurance issued by Travelers. See the

Motion for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers

"flood" exclusion.

## REQUEST FOR ADMISSION NO. 22:

Please admit that the Claver Hall (Building 21) was flooded with at least three (3) feet

of water for more than two weeks as a result of Hurricane Katrina.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Denied as written. Claver Hall had water enter it. However, it is denied that such

water was "flood" water as defined by the Policy of insurance issued by Travelers. See the Motion

for Partial Summary Judgment of Xavier with respect to the meaning of the Travelers "flood"

exclusion.

## REQUEST FOR ADMISSION NO. 23:

Please admit that the Health Services Building was flooded with at least three (3) feet

of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied as written. If any water entered this building, it is denied that such water was

"flood" water as defined by the Policy of insurance issued by Travelers. See the Motion for Partial

Summary Judgment of Xavier with respect to the meaning of the Travelers "flood" exclusion.

**REQUEST FOR ADMISSION NO. 24:**

Please admit that the Living/Learning Center (Building 22) was flooded with at least

three (3) feet of water for more than two weeks as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Denied as written. The Living Learning Center did not have water enter it. Moreover,

it is denied that any such water was "flood" water as defined by the Policy of insurance issued by

Travelers. See the Motion for Partial Summary Judgment of Xavier with respect to the meaning of

the Travelers "flood" exclusion.

Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
504-299-2100
Counsel for Xavier University of Louisiana

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Requests for Admission has

been served upon:

Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA 70130
Attorneys for Travelers Property Casualty Company of America

by placing same in the United States Mail, postage prepaid, this 6 day of September, 2006.

JAMES M. GARNER

11