UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: KATRINA LEVEE BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
|---|---|
| | SECTION: "K"(2) |
| PERTAINS TO: | JUDGE: DUVAL |
| INSURANCE: *Held*, 07-1610 | |
| | MAGISTRATE: WILKINSON |

**ANSWER TO *FIRST SUPPLEMENTAL AND AMENDING COMPLAINT***

**NOW INTO COURT**, through undersigned counsel, comes Republic Fire And Casualty Insurance Company ("Republic"), named as a defendant herein, which in answer to the *First Supplemental and Amending Complaint* filed by plaintiff, Edward Held, respectfully avers as follows:

**FIRST DEFENSE**

The *Petition* and *First Supplemental and Amending Complaint* fail to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

The *Petition* and *First Supplemental and Amending Complaint* fail to state a right of action for which relief and remedy may be granted.

1

**THIRD DEFENSE**

Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a) and 1441(a). This civil action arises out of alleged damage to property located in the Parish of St. Bernard, State of Louisiana, which is within the jurisdiction of the United States District Court for the Eastern District of Louisiana. Moreover, this matter was properly removed to this venue as "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**FOURTH DEFENSE**

If plaintiff suffered any damages as alleged, which is denied, such damages were caused in whole or in part by the actions or inactions of third parties, and not defendant herein.

**FIFTH DEFENSE**

If plaintiff suffered any damages as alleged, which is denied, such damages were caused in whole or in part by plaintiff, and plaintiff failed to mitigate his damages, which is a complete bar or diminution to plaintiff's damages, if any.

**SIXTH DEFENSE**

Republic hereby pleads, as if set forth herein *in extenso*, any policy of insurance which it issued to plaintiff, including any and all provisions, limitations, exclusions, and/or endorsements to said policy, which is the best evidence of said policy.

**SEVENTH DEFENSE**

Plaintiff's claims are subject to, diminished and/or barred by the provisions of the "NAMED STORM DEDUCTIBLE – LOUISIANA" Endorsement – attached to and made a part of any policy of insurance which defendant may have issued to plaintiff, which endorsement provides as follows:

\* \* \*

**B.** **Named Storm Deductible.**

1. For a premium credit, we will pay only that part of the total of the loss for all Section **I** property coverages that exceeds the Named Storm deductible shown on the Declarations page.

2. This Named Storm deductible applies in the event of direct physical loss of property covered under this policy caused directly by a named storm, subject to all the exclusions and other provisions of the policy. This deductible provision applies regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\* \* \*

## EIGHTH DEFENSE

Plaintiff's claims are precluded and/or barred by the "**Ordinance Or Law**" Exclusion in any policy of insurance which defendant may have issued to plaintiff, which Exclusion, as modified by the Special Provisions – Louisiana Endorsement, provides as follows:

**SECTION I – EXCLUSIONS**

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\* \* \*

1. Ordinance Or Law, meaning any ordinance or law:

   a. Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. This Exclusion **1.a**. in all forms other than **HO 00 03, 1.a.(1)** in Form **HO 00 03**, does not apply to the amount of coverage that may be provided for under Additional Coverages, Glass Or Safety Glazing Material or Ordinance Or Law;

   b. The requirements of which result in a loss in value to property; or

    c.    Requiring any "insured" or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants.

        Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

    This exclusion applies whether or not the property has been physically damaged.

### NINTH DEFENSE

Plaintiff's claims are precluded and/or barred by the "**Water Damage**" Exclusion in any policy of insurance which defendant may have issued to plaintiff, which Exclusion provides as follows:

**SECTION I – EXCLUSIONS**

**1.**    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

          \*      \*      \*

    c.    **Water Damage**, meaning:
        (1)    Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

        (2)    Water which backs up through sewers or drains or which overflows from a sump; or

        (3)    Water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

    Direct loss by fire, explosion or theft resulting from water damage is covered.

4

**TENTH DEFENSE**

Plaintiff's claims are precluded and/or barred by the "**Power Failure**" Exclusion in any policy of insurance which defendant may have issued to plaintiff, which Exclusion, as modified by the Special Provisions – Louisiana Endorsement, provides as follows:

**SECTION I – EXCLUSIONS**

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

*       *       *

4. Power Failure, meaning the failure of power or other utility service if the failure takes place off the "residence premises". But if the failure of power or other utility service results in a loss, from a Peril Insured Against on the "residence premises", we will pay for the loss or damage caused by that Peril Insured Against.

**ELEVENTH DEFENSE**

Plaintiff's claims are precluded and/or barred by the "**Neglect**" Exclusion in any policy of insurance which defendant may have issued to plaintiff, which Exclusion provides as follows:

**SECTION I – EXCLUSIONS**

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

*       *       *

**e. Neglect**, meaning neglect of the "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

## TWELFTH DEFENSE

Plaintiff's claims are precluded and/or barred by the "**Weather conditions**," "**Acts or decisions**," and/or "**Faulty, inadequate or defective**" Exclusions in any policy of insurance which defendant may have issued to plaintiff, which Exclusions provide as follows:

**SECTION I – EXCLUSIONS**

\*   \*   \*

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

   a. **Weather conditions**. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph **1**. above to produce the loss;

   b. **Acts or decisions,** including the failure to act or decide, of any person, group, organization, or governmental body;

   c. **Faulty, inadequate or defective:**

      (1) Planning, zoning, development, surveying siting;

      (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

      (3) Materials used in repair, construction, renovation or remodeling; or

      (4) Maintenance;

   of part or all of any property whether on or off the "residence premises."

## THIRTEENTH DEFENSE

Plaintiff's claims are subject to, diminished and/or barred by the "**Insurable Interest and Limit of Liability**," and/or "**Your Duties After Loss**," Conditions in any policy of insurance which defendant may have issued to plaintiff, which are pled as if copied herein *in extenso*.

6

**FOURTEENTH DEFENSE**

Plaintiff's claims are subject to, diminished and/or barred by the "**Other Insurance**" Condition in any policy of insurance which defendant may have issued to plaintiffs, which Condition provides as follows:

**SECTION I – CONDITIONS**

\*         \*         \*

7.   **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

**FIFTEENTH DEFENSE**

Plaintiff's claims are subject to, diminished, and/or barred by the provision in the Perils Insured Against section of any policy of insurance which defendant may have issued to plaintiff, as modified by the "LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA COVERAGE-LOUISIANA" Endorsement, which provides as follows:

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not insure, however, for loss:

\*         \*         \*

2.   Caused by:

\*         \*         \*

e.   Any of the following:

(1)   Wear and tear, marring, deterioration;

(2)   Inherent vice, latent defect, mechanical breakdown;

7

    (3)    Smog, rust or other corrosion;

    \*    \*    \*

    (6)    Settling, shrinking, bulging or expansion, including resulting cracking of pavements, patios, foundations walls, floors, roofs or ceilings;

### SIXTEENTH DEFENSE

Plaintiff's claims are subject to, diminished and/or barred by the "LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA COVERAGE – LOUISIANA" Endorsement in any policy of insurance which defendant may have issued to plaintiff, which endorsement provides as follows:

**SECTION I – PROPERTY COVERAGES**

**ADDITIONAL COVERAGES**

The following Additional Coverage is added:

**"Fungi", Wet Or Dry Rot, Or "Bacteria"**

    **a.**    The amount shown in the Schedule above is the most we will pay for:

        **(1)**    The total of all loss payable under Section **I** – Property Coverages caused by "fungi", wet or dry rot, or "bacteria";

        **(2)**    The cost to remove "fungi" wet or dry rot, or "bacteria" from property covered under Section **I** – Property Coverages;

        **(3)**    The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "fungi", wet or dry rot, or "bacteria"; and

        **(4)**    The cost of testing of air or property to confirm the absence, presence or level of "fungi", wet or dry rot, or "bacteria" whether performed prior to, during or

8

>             after removal, repair, restoration or replacement.
>             The cost of such testing will be provided only to the
>             extent that there is a reason to believe that there is
>             the presence of "fungi", wet or dry rot, or
>             "bacteria".
>
>   **b.**    The coverage described in **12.a.** only applies when such
>             loss or costs are a result of a Peril Insured Against that
>             occurs during the policy period and only if all reasonable
>             means were used to save and preserve the property from
>             further damage at and after the time the Peril Insured
>             Against occurred.
>
>   **c.**    The amount shown in the Schedule for this coverage is the
>             most we will pay for the total of all loss of costs payable under
>             this Additional Coverage regardless of the:
>
>             **(1)** Number of locations insured under this endorsement;
>                     or
>             **(2)** Number of claims made.

This coverage does not increase the limit of liability applying to the damaged covered property.

### SEVENTEENTH DEFENSE

Plaintiff's claims are precluded and/or barred by the "**'Fungi' Wet Or Dry Rot, Or 'Bacteria'**" Exclusion in any policy of insurance which defendant may have issued to plaintiff, which Exclusion added by the "LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA COVERAGE – LOUISIANA" Endorsement provides as follows:

> **SECTION I – EXCLUSIONS**
>
> **1.**    We do not insure for loss caused directly or indirectly by any of the
>           following. Such loss is excluded regardless of any other cause or event
>           contributing concurrently or in any sequence to the loss.
>
>                         *          *          *
>
> Exclusion **1.i.** is added:
>
>   **i.**    **"Fungi", Wet Or Dry Rot, Or "Bacteria"**

9

"Fungi, Wet Or Dry Rot, Or "Bacteria" meaning the presence, growth, proliferation, spread or any activity of "fungi", wet or dry rot, or "bacteria".

This exclusion does not apply:

(1)  When "Fungi", wet or dry rot, or "bacteria" result from fire or lightning;

(2)  To the extent coverage is provided for in the "Fungi", Wet Or Dry Rot, Or "Bacteria" Additional Coverage under Section **I** – Property Coverages with respect to loss caused by a Peril Insured Against other than fire or lightning; or

(3)  With respect to "fungi", wet or dry rot, or "bacteria" that is located on the portion of the covered property that must be repaired or replaced because of direct physical damage caused by a Peril Insured Against.

However, the exclusion shall continue to apply to:

(a)  The cost to treat, contain, remove or dispose of "Fungi", Wet Or Dry Rot, or "Bacteria" beyond that which is required to repair or replace the covered property physically damaged by a Peril Insured Against;

(b)  The cost of any testing of air or property to confirm the absence, presence or level of "Fungi", Wet Or Dry Rot or "Bacteria" whether performed prior to, during or after removal, repair, restoration or replacement; and

(c)  Any increase in loss under Coverage D-Loss of Use and Additional Cover **1.** Debris Removal resulting from **(3)(a)** and **(b)**.

Direct loss by a Peril Insured Against resulting from "fungi", wet or dry rot, or "bacteria" is covered.

10

**EIGHTEENTH DEFENSE**

Plaintiff's claims are subject to, diminished and/or barred by the "**Debris Removal**" provision in any policy of insurance which defendant may have issued to plaintiff, which provision provides as follows:

**SECTION I – PROPERTY COVERAGES**

*      *      *

**ADDITIONAL COVERAGES**

1. **Debris Removal.** We will pay your reasonable expense for the removal of:

    a. Debris of covered property if a Peril Insured Against that applies to the damaged property causes the loss; or

    b. Ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

    This expense is included in the limit of liability that applies to the damaged property. If the amount to be paid for the actual damage to the property plus the debris removal expense is more than the limit of liability for the damaged property, an additional 5% of that limit of liability is available for debris removal expense.

    We will also pay your reasonable expense, up to $500.00, for the removal from the "residence premises" of:

    a. Your tree(s) felled by the peril of windstorm or hail;

    *      *      *

    c. A neighbor's tree(s) felled by a Peril Insured Against under Coverage C;

    provided the tree(s) damages a covered structure. The $500 limit is the most we will pay in any one loss regardless of the number of fallen trees.

## NINETEENTH DEFENSE

Republic affirmatively avers that plaintiff's claims are subject to, diminished and/or barred by the "**Loss Settlement**" Condition in any policy of insurance which defendant may have issued to plaintiff, as revised by the "REVISED LOSS PROVISIONS" Endorsement, which Condition provides as follows:

**SECTION I – CONDITIONS**

\*     \*     \*

**3**.    **Loss Settlement**.  Covered property losses are settled as follows:

    **a.**    Property of the following types:

        (1)    Personal property;

        (2)    Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and

        (3)    Structures that are not buildings;

    at actual cash value at the time of loss but not more than the amount required to repair or replace.

    **b.**    Buildings under Coverage A or B at replacement cost without deduction for depreciation subject to the following:

        (1)    If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:

            (a)    The limit of liability under this policy that applies to the building;

            (b)    The replacement cost of that part of the building damaged for like construction and use on the same premises; or

12

      (c)    The necessary amount actually spent to repair or replace the damaged building.

(2) If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:

      (a)    The actual cash value of that part of the building damaged; or

      (b)    That proportion of the cost to repair or replace, after application of deductible and without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

           \*        \*        \*

(4) We will pay no more than the actual cost value of the damage until actual repair or replacement is complete. Repair or replacement must be completed within 365 days of the loss unless you request in writing that the time limit be extended for an additional 180 days. Once actual repair or replacement is complete, we will settle the loss according to the provisions of b.(1) and b.(2) above.

           \*        \*        \*

### TWENTIETH DEFENSE

Plaintiff's claims are diminished and/or barred by the "Homeowners Enhancement Plus" Endorsement contained in any policy of insurance which defendant may have issued to plaintiff which Endorsement is plead as if copied herein *in extenso*.

## **TWENTY-FIRST DEFENSE**

**AND NOW**, for answer to the specific allegations of the *First Supplemental and Amending Complaint*, Republic avers and alleges upon information and belief as follows:

I.

The allegations contained in Paragraph 1 of the *First Supplemental and Amending Complaint* require no answer from defendant. However, to the extent a response is required, defendant reasserts, reavers and realleges all answers and defenses previously set forth in its original Answer to the *Petition* filed in this matter, as if copied and set forth herein *in extenso.*

II.

The allegations contained in Paragraph 2 of the *First Supplemental and Amending Complaint*, which adds paragraph XX, are admitted to the extent that the dwelling located at 1813 Mehle Street, Arabi, Louisiana was damaged by Hurricane Katrina, including flooding, which is excluded under the Republic policy. Except to the extent admitted above, all remaining allegations are denied for lack of sufficient information or knowledge to justify a belief as to the truth of the allegations contained therein.

III.

The allegations contained in Paragraph 3 of the *First Supplemental and Amending Complaint*, which adds paragraph XXI, are denied for lack of sufficient information or knowledge to justify a belief as to the truth of the allegations contained therein.

IV.

The allegations contained in Paragraph 4 of the *First Supplemental and Amending Complaint*, which adds paragraph XXII, state conclusions of law regarding insurance coverage, which do not require an answer from this defendant. Defendant further states that the allegations

concern a policy of insurance, which, as a written document, is the best evidence of its contents, terms, conditions, provisions, exclusions and/or endorsements, which are pled herein by reference as if copied *in extenso*.  However, out of an abundance of caution, and to the extent that an answer is required, the allegations are denied.

V.

The allegations contained in Paragraph 5 of the *First Supplemental and Amending Complaint*, which adds paragraph XXIII, state conclusions of law regarding insurance coverage, which do not require an answer from this defendant.  Defendant further states that the allegations concern a policy of insurance which, as a written document, is the best evidence of its contents, terms, conditions, provisions, exclusions and/or endorsements, which are pled herein by reference as if copied *in extenso*.  However, out of an abundance of caution, and to the extent that an answer is required, the allegations are denied.  Defendant further answers that the dwelling located at 1813 Mehle Street, Arabi, Louisiana was damaged by Hurricane Katrina, including flooding, which is excluded under the Republic policy.

VI.

The allegations contained in Paragraph 6 of the *First Supplemental and Amending Complaint*, which adds paragraph XXIV, are denied for lack of sufficient information or knowledge to justify a belief as to the truth of the allegations contained therein.  Defendant further states that, upon information and belief, the property located at 1813 Mehle Street, Arabi, Louisiana was damaged by Hurricane Katrina, including flooding, which is excluded under the Republic policy.  Defendant further answers that plaintiff has the burden of proving a total loss, and that the alleged total loss was caused entirely by a covered peril.

VII.

The allegations contained in Paragraph 7 of the *First Supplemental and Amending Complaint*, which adds paragraph XXV, contain conclusions of law and fact, which do not require an answer from this defendant. However, out of an abundance of caution, and to the extent that an answer is required, the allegations are denied.

VIII.

The allegations contained in Paragraph 8 of the *First Supplemental and Amending Complaint*, which adds paragraph XXVI, contain conclusions of law and fact, which do not require an answer from this defendant. However, out of an abundance of caution, and to the extent that an answer is required, the allegations are denied.

IX.

The allegations contained in Paragraph 9 of the *First Supplemental and Amending Complaint*, which adds paragraph XXVII, are denied.

X.

Defendant, Republic Fire And Casualty Insurance Company, denies any and all allegations contained in any unnumbered or misnumbered paragraphs or prayers of the *First Amended and Supplemental Complaint*, as well as any other allegation which has not been otherwise admitted, denied, or qualified.

**TWENTY-SECOND DEFENSE**

**AND NOW**, further answering, and in the alternative, and as a separate and complete defense, Republic affirmatively avers that if plaintiff prevails on his principal demand against Republic, which is denied, then Republic is entitled to a credit for any and all amounts of damages or payments made or tendered to plaintiff arising out of this alleged loss.

**TWENTY-THIRD DEFENSE**

**AND NOW**, further answering, and in the alternative, and as a separate and complete defense, Republic avers that if plaintiff prevails on his principal demand, which is denied, then Republic is entitled to a credit for the full amount of any flood insurance policies issued to plaintiff, or amounts paid under said policies, whether or not plaintiff collected any and all damages under said flood policies.

**TWENTY-FOURTH DEFENSE**

**AND NOW**, further answering, and in the alternative, and as a separate and complete defense, Republic avers that plaintiff has not provided satisfactory proof of loss to Republic, and Republic has not acted arbitrarily and capriciously such that plaintiff is entitled to statutory penalties, costs or attorneys' fees, if any are allowable under Louisiana law.

**TWENTY-FIFTH DEFENSE**

**AND NOW,** further answering, and in the alternative, and as a separate and complete defense, Republic affirmatively avers that if plaintiff prevails on his principal demand, which is denied, then Republic is entitled to assert all policy limits and policy deductibles as a credit and/or set-off for any and all amounts awarded to plaintiff.

**TWENTY-SIXTH DEFENSE**

**AND NOW,** further answering, and in the alternative, and as a separate and complete defense, Republic affirmatively avers that accord and satisfaction has been made and that all payments due under the policy of insurance which Republic issued to plaintiff has been made with nothing further being due or owing to plaintiff.

Republic reserves the right to file additional Answers, Third-Party Complaints, Counterclaims and/or Crossclaims, and to assert additional, supplemental defenses and/or Affirmative Defenses, such as the facts may later disclose and require.

**WHEREFORE**, defendant, Republic Fire And Casualty Insurance Company prays:

1. That this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Republic dismissing the *Petition* and *First Supplemental and Amending Complaint*, filed by plaintiff, with prejudice, and with all costs of these proceedings assessed solely to plaintiff;

2. For trial by jury; and

3. For all such other general and equitable relief as this Honorable Court may deem just under the circumstances and be competent to grant.

Respectfully submitted,

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565

**BY:**   */s/ Christopher R. Pennison*
**JAY M. LONERO, T.A. (No. 20642)**
jlonero@lpw-law.com
**CHRISTOPHER R. PENNISON (No. 22584)**
cpennison@lpw-law.com
**ANGIE ARCENEAUX AKERS (No. 26786)**
aakers@lpw-law.com
**SCOT P. KOLOSKI (No. 27537)**
skoloski@lpw-law.com

**ATTORNEYS FOR REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of June, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Christopher R. Pennison*