UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO.   05-4182 "K"(2) |
| § | | JUDGE DUVAL |
| § | | MAG. WILKINSON |
| _____ § | | |
| § | | |
| PERTAINS TO: § | | |
| § | | |
| ALL CASES § | | |
| § | | |
| _____ § | | |

**REPLY TO DEFENDANT UNITED STATES OPPOSITION TO PLAINTIFFS'**
***EX-PARTE* MOTION FOR EXPEDITED HEARING**

NOW INTO COURT, through undersigned counsel, comes the PSLC in the above referenced cases, which in reply to the Defendant United States' Opposition to Plaintiff's *Ex-Parte* Motion for Expedited Hearing does state:

Since first propounding written discovery to the United States Corps of Engineers on March 30, 2007, the PSLC has continuously sought the underlying information that provides the basis for conclusions contained in the IPET website.[1]  However, the United States has consistently avoided providing concise answers, instead presenting evasive and incomplete

---

[1] The pertinent areas of inquiry are: the *sources* of inundation of the class area, the *causes* of the innundation of the class area, the *process* of the innundation of the class area, the *timing* of the innundation of the class area, information reflection the *depth* of the innundation of the class area, information reflection the *duration* of the innundation of the class area, and information reflection the *recession* of the innundation of the class area.

1

responses. The United States stated in its responses that it would not provide specific answers to these areas of inquiry as the information sought was publicly available and therefore, obtainable from some source that is more convenient, less burdensome, and less expensive; this "source" was identified as the IPET website.[2]

When the PSLC heeded this directive and turned to the IPET website for the information, it was determined that the IPET website did not allow public access to a plethora of information upon which the IPET report was based. This information was password protected, accessible only to members of the IPET team and/or the government. Then, the United States refused to provide the password!

To overcome this dilatory tactic, the PSLC developed a deposition notice pursuant to F.R.C.P., Rule 30(b)(6), to obtain this relevant data. The United States resisted the effort to have it appear, instead relying upon the production of two hard drives of information on June 15, 2007 as a fulfillment of its obligations under F.R.C.P., Rule 30. Upon review of these hard drives, the purpose for the United States' delay became clear. The hard drives contain what appears to be a data dump, with no apparent organization. There are approximately 400 gigabytes of data that is effectively useless without an organizational structure. In addition, some of the files will not open due to error messages that refer to improper access authorization due to network settings.

The data includes photographs, spreadsheets, emails, shape files, misc. text files, etc. with nothing that denotes where any data on a particular area or topic is located. To give the court an idea about the amount of data involved. Listed below is a rough approximation of 100

---

[2] The evasive nature of the United States' responses is readily apparent by the highlighted disclaimer on the home page of the IPET website that states "[t]his report is the independent opinion of the IPET and is not necessarily the official position of the United States Army Corps of Engineers."

Gigabytes obtained from a quick web search.

| | | |
|---|---|---|
| 1. | **Gigabyte**<br><br>**(GB)** | 1,000,000,000 bytes OR $10^9$ bytes<br><br>100 Gigabytes: A library floor of academic journals. |

Based on a LexisNexis estimate, the amount of materials at issue is the equivalent of eighty million (80,000,000) pages of information.  The Court should note that the PSLC is dealing with the equivalent of 4 library floors of academic journals, but with no organizational structure. Basically, the United States tore all the pages out and piled them in the middle of the floor and said "here's your data."

In addition, some of the files will not open due to error messages which refer to improper access authorization due to network settings.  As the PSLC expressed to the United States before filing the Motion to Compel, this issue could be solved in 5 minutes with username and password access to the publicly funded IPET GIS website.

A Motion to Compel further responses concerning the Class Certification Interrogatories and Request for Production of Documents is already scheduled for Wednesday, June 27, 2007 at 11:00 a.m., so the United States will already have a representative present. (*See* Document No. 5427).  The underlying basis of the currently set Motion to Compel is the United States' evasive and incomplete responses to the class certification written discovery.  The proposed Rule 30(b)(6) deposition seeks the same information that is already subject of the Interrogatories and Request for Production of Documents at issue in the Motion to Compel.

The need for the two Motions to Compel lies completely with the United States; however, the United States fails to enunciate any prejudice it would suffer should the *Ex Parte* Motion to Expedite the Hearing on the Motion to Compel be granted.

The PSLC developed the Rule 30(b)(6) Notice of Deposition to obtain the background information upon which the IPET conclusions rest. Unfortunately, the United States lulled the PSLC into postponing the Rule 30(b)(6) Deposition, as exhibited by the June 7, 2007 correspondence to Liaison Counsel Joseph Bruno. (See defendants' Opposition Exhibit 1-Document 5844-2). Now, the United States has successfully burned two and one half (2 ½) weeks of the limited class certification discovery period.

It should be clear to the Court that the meet and confer requirements established by F.R.C.P., Rule 37 are being exploited by the United States. The PSLC has made every attempt to resolve the discovery dispute amicably; and has initiated or participated in numerous discussions to narrow the issues and reduce the costs of litigation prior to filing its motion, all to no avail. Any further dispute resolution efforts would be similarly futile.

In order to prevent the continued discovery abuses by the United States, the PSLC has no other choice but to seek an expedited hearing to set the Motion to Compel, wherein the Court should issue an order compelling the United States to appear at deposition and respond to the inquiries as presented in the above referenced Notice of Videotaped Federal 30(b)(6) Deposition.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**
s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC

P.O.Box 3668

Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Tel: (225) 664-4193
Fax: (225) 664-6925
calvinfayard@fayardlaw.com
For

INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

                        **LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

                  s/Gerald E. Meunier
              GERALD E. MEUNIER (La. Bar #9471)
              LEVEE PSLC LIAISON COUNSEL
              Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
              2800 Energy Centre
              1100 Poydras Street
              New Orleans, Louisiana 70163-2800
              Phone:504/522-2304
              Facsimile:504/528-9973
              E-mail:gmeunier@gainsben.com

              For

              LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

              Gerald E. Meunier
              Daniel E. Becnel, Jr.
              Joseph M. Bruno
              D. Blayne Honeycutt
              Hugh P. Lambert
              Darlene Jacobs
              Walter Dumas

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 25th day of June, 2007.

                                        /s/ Joseph M. Bruno
                                  Joseph M. Bruno