UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| PERTAINS TO: | * | |
| INSURANCE CASES | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO STATE FARM'S MOTION TO QUASH DEPOSITION OF ALEXIS KING AND FOR PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel, comes State Farm Fire and Casualty Company ("State Farm") in the above referenced matters, to respectfully reply to the Plaintiffs' Opposition to State Farm's Motion to Quash Deposition of Alexis King and for Protective Order for the following reasons, to wit:

**I.  ALEXIS KING WILL ASSERT THE FIFTH AMENDMENT PRIVILEGE IF REQUIRED TO TESTIFY**

As established by State Farm in its second motion to quash the deposition of Alexis King, there are pending and potential criminal investigations in the State of Mississippi that directly involve claims handling practices for which Ms. King was responsible in the State of

1

Mississippi. Therefore, regardless of the plaintiffs' suggestion that Ms. King's testimony in this matter would not endanger her rights against self-incrimination, Ms. King's counsel has unequivocally stated that he will advise Ms. King to assert the Fifth Amendment if she supplies deposition testimony in the context of these proceedings. The plaintiffs assert that they intend to ask Ms. King questions concerning "overall catastrophe claims handling practices within the State Farm organization …". It is these very issues that form the basis of the criminal investigations in Mississippi, thus any testimony by Ms. King on these issues would obviously warrant a justifiable assertion of the privilege as explained by her counsel. Any effort to depose Ms. King will be a waste of the parties' time and resources.

## II. THE PLAINTIFFS MAY OBTAIN THE DISCOVERY THEY SEEK VIA THE 30(b)(6) DEPOSITION OF STATE FARM

The plaintiffs claim to be interested in learning about State Farm's catastrophe handling practices generally within the organization and further as these practices relate to "catastrophe claims handling practices in Louisiana post-Hurricane Katrina." While plaintiffs portray their request to depose Ms. King as a simple quest for relevant information from a State Farm employee familiar with the State Farm catastrophe operations; that is belied by the fact that they are already due to obtain testimony on these very matters through a 30(b)(6) deposition. (Notice of 30(b)(6) Deposition, Exhibit "A"). As is demonstrated by the attached Notice of the 30(b)(6) deposition, the plaintiffs intend to broadly explore those very issues by deposing State Farm. This manner for obtaining the information sought is consistent with a discovery process that this Court envisioned and set forth in the Case Management Order and accompanying discovery protocols which address such broad common matters as "claims operations."

Furthermore, State Farm reiterates that Ms. King was merely one of many catastrophe Claim Team Managers mangers working in the State of Mississippi with regard to Hurricane

2

Katrina claims. State Farm has now identified the Claim Section Manager who was responsible for overseeing the entire catastrophe operation for Hurricane Katrina in the <u>State of Louisiana</u>. That individual may be presented for deposition as a corporate representative of State Farm during the soon to be held 30(b)(6) deposition of State Farm. The plaintiffs cannot now reasonably suggest that their intent to depose Ms. King is a routine request for discovery on claims handling procedures in Louisiana – clearly this is an effort by the plaintiffs to manipulate evidence by asking provocative questions to a witness that has no option but to assert the Fifth Amendment privilege against self-incrimination.

### III. CONCLUSION

For the reasons set forth herein State Farm reiterates its request for a protective order precluding the deposition of Alexis King for the reasons stated herein.

Respectfully submitted:

/s/ David A. Strauss
DAVID A. STRAUSS #24665
LINDSAY A. LARSON, III #8053
CHRISTIAN A. GARBETT #26293
ADAM P. MASSEY #29330
SARAH R. SHANNAHAN #30957
KING, LEBLANC AND BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
Attorneys for State Farm Fire and Casualty Company
dstrauss@klb-law.com
llarson@klb-law.com
cgarbett@klb-law.com
amassey@klb-law.com
sshannahan@klb-law.com

/s/ Wayne J. Lee
Wayne J. Lee #7916
Stephen G. Bullock #3648
Sarah H. Barcellona #28080
  Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361


/s/Charles L. Chassaignac, IV
CHARLES L. CHASSAIGNAC, IV #20746
JAMES ERIC JOHNSON #23800
BRYAN J. HAYDEL, JR. #27500
ELEANOR WEEKS WALL #299695
PORTEOUS, HAINKEL AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801-1309
(225) 383-8900 Telephone
(225) 383-79000 Facsimile
Attorneys for State Farm Fire and Casualty Company

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Reply Memorandum has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by electronic mail this 25th day of June, 2007.

/s/ David A. Strauss

S:\2900\STATE FARM ABADIE CASES\COMMON ISSUE DISCOVERY RE INSURANCE DEFENDANTS\MT TO QUASH & PROTECTIVE ORDER.DOC