THE LAW OFFICE OF

# JOSEPH M. BRUNO

FEDERAL TRIAL LAWYERS *
855 BARONNE STREET
NEW ORLEANS, LA. 70113
(504) 525-1335
(504) 561-6775

L. SCOTT JOANEN

* PRACTICE RESTRICTED TO
U.S. FEDERAL COURTS

## FACSIMILE TRANSMISSION

DATE:       June 6, 2007

TO:         Honorable Joseph C. Wilkinson, Jr.    FAX:      504-589-7633
            Magistrate Judge, USDC, EDLA          PHONE:    504-589-7630

FROM:       The Law Office of Joseph M. Bruno     FAX:      504-581-1493
            Joseph M. Bruno, #3604
            L. Scott Joanen, #21431               PHONE:    504-525-1335

RE:         Katrina Canal Breaches Consolidated
            Litigation; Pertains to Levees and MRGO

PAGES:       38 , including this cover sheet

*IN CASE OF DIFFICULTY IN RECEIVING TRANSMISSION, CONTACT:*
*Scott Joanen @ 504-525-1335 ext. 135*

MESSAGE: Judge Wilkinson: Attached is a brief letter concerning two discovery matters requiring the Court's attention on Wednesday, June 13, 2007, 10 a.m., pursuant to the Court's May 24, 2007 Minute Entry.  Defendant's Liaison Counsel has agreed for these matter to be taken up pursuant to the procedure outlined in the Court's Minute Entry.  Joseph M. Bruno, L. Scott Joanen, counsel for Plaintiffs
cc: Ralph M. Hubbard, Seth Schmeeckle, Robin D. Smith, B. Franklin Martin, III

### *CONFIDENTIALITY NOTICE*

This facsimile transmission (and/or the document accompanying it) may contain confidential information belonging to the sender which is protected by the attorney/client privilege. The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

855 BARONNE ST., NEW ORLEANS, LA 70113 • WWW.JBRUNOLAW.COM• TEL 504-525-1335 • TOLL FREE 1-800-966-1335 • FAX 504-561-6775

# THE LAW OFFICE OF
# JOSEPH M. BRUNO
### FEDERAL TRIAL LAWYERS *
855 BARONNE STREET
NEW ORLEANS, LA.70113
**(504) 525-1335**
**(504) 561-6775**

L. SCOTT JOANEN

\* PRACTICE RESTRICTED
TO U.S. FEDERAL COURTS

June 6, 2007

VIA FACSIMILE TRANSMISSION 504/589-7633
Joseph C. Wilkinson, Jr.
Magistrate Judge, Division 2
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room B409
New Orleans, LA 70130

RE:    *In Re: Katrina Canal Levee Breaches Litigation,*
USDC, EDLA, Case No. 05-4182 "K"(2)

Dear Judge Wilkinson:

Pursuant to your Minute Entry dated may 24, 2007, Liaison Counsel for the plaintiffs in the above referenced matter submit this letter brief concerning discovery disputes that should be addressed by the Court to provide guidance to the concerned parties. We ask that the matters set forth below be addressed in open court on Wednesday, June 13, 2007 at 10:00 a.m.

MATTER NO. 1    RULE 30(b)(6) NOTICE OF DEPOSITION TO THE U.S. CORPS OF ENGINEERS

Pursuant to Case Management Order # 4, Plaintiffs propounded class certification-related written discovery to the United States Corps of Engineers on March 30, 2007. Pertinent inquiry concerning class certification sought information concerning the following:

A.    the *sources* of inundation of class area.;
B.    the *causes* of inundation of class area;
C.    the *process* of inundation of class area;
D.    the *timing* of inundation of class area;
E.    information *reflecting the depth* of inundation of class area;
F.    information *reflecting the duration* of inundation of class area;
G.    infomation *reflecting the recession* of inundation of class area.

On April 30, 2007, the United States served its responses and objections. In response to the above listed topic of inquiry, the Corps lodged objection, stating that the information sought was "publicly available and, therefore, obtainable from some source that is more convenient, less burdensome, and less expensive. Fed.R.Civ. P. 26(b)(2)(C)(I). The United States refers Plaintiffs

to the website containing the IPET report and other documentation that may be relevant to this request. See https://ipet.wes.army.mil/."

Plaintiffs have determined that the IPET website does not allow public access to a plethora of information upon which the IPET report is based. This information is password protected, accessible only to members of the IPET team and/or the government. After a number of telephone conferences to discuss these issues, Plaintiffs developed a Notice of Rule 30(b)(6) Deposition specifically setting forth the items of inquiry concerning the IPET report. This Notice was served on June 5, 2007. (See attached Exhibit 1).   Additional communications were held, but the parties have been unable to reach resolution. (See attached Exhibit 2).

The materials sought are relevant to class certification.  The deadline for fact depositions and fact discovery for class certification is July 27, 2007.  The information sought is readily available for production as it forms the basis of the IPET conclusions. The Plaintiffs have even gone so far as to specifically identify the documents which should be produced, as well as where and how they can be retrieved. Yet the Government steadfastly refuses to comply with its discovery obligations.

Plaintiffs seek an expedited ruling on this matter, based not only on the deadline for class certification discovery, but also because strict compliance with the discovery deadlines would be to no avail because the government would still not produce the requested documents.  The information sought is believed to be readily available by the simple disclosure of a password which the government controls.

United States enjoys no general right to withhold information from an opposing litigant and secrecy must be predicated upon a specific claim of some privilege based upon considerations peculiar to the operation of the government or the government must conform to rules governing private parties. U.S. v. Swift & Co., 24 F.R.D. 280 (N.D.Ill.1959).  The government has shown no claim of such privilege.

Because the Plaintiffs are seeking the same documents as were requested in written discovery, and disclosed as being responsive to those inquiries, the government should be required to appear at deposition, producing the appropriate records, and submit to inquiry regarding the same.

MATTER NO. 2      RULE 30(b)(6) NOTICE OF DEPOSITION TO 3001 INC.

As part of its duties in representing the putative class of plaintiffs, the PSLC must establish matters concerning the inundation of the class areas.  The IPET report identifies a local corporation, 3001 Inc., as having performed a number of survey using a technology named Light Detection And Ranging ( "LIDAR").  In order to obtain this information, a Notice of Rule 30(b)(6) Deposition was served on 3001, Inc. (See attached Exhibit 3).

Discussions have been held between Liaison Counsel's office and Frank Martin, counsel for 3001 Inc.  In addition, 3001 filed an objection to the Notice of Deposition.  Mr. Martin indicated that the information sought was available in the public domain through a website via Louisiana State University (www.atlas.lsu.edu).  The website has some information available, but a vast array of pertinent information is password protected and only accessible by those with

the password. (None of the PSLC members have access to this password).  As a result, it is impossible to obtain the necessary information referenced in the IPET report concerning these issues.

      Furthermore, there are a number of issues raised by 3001 concerning ownership of the materials developed through the LIDAR surveys and proprietary materials that cannot be easily resolved by the parties.  As such, plaintiffs believe that guidance from the court is necessary to facilitate the resolution of this discovery dispute.

      Sincerely,

      LAW OFFICES OF JOSEPH M. BRUNO

      Joseph M. Bruno

LSJ:jlb
Enclosures


cc:    Ralph M. Hubbard
       Seth Schmeeckle
       Robin D. Smith
       B. Franklin Martin, III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KATRINA CANAL BREACHES | § | CIVIL ACTION |
|---|---|---|
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
|  | § | JUDGE DUVAL |
|  | § | MAG. WILKINSON |
|  | § |  |
|  | § |  |
| PERTAINS TO: | § |  |
|  | § |  |
| ALL CASES | § |  |
|  | § |  |
|  | § |  |

## NOTICE OF VIDEOTAPED FEDERAL RULE 30(b)(6) DEPOSITION

TO:   To all Defendants and their respective counsel,
        Through Defense Liaison Attorney of Record:
        Ralph S. Hubbard III
        Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
        601 Poydras St.
        Suite 2775
        New Orleans, Louisiana 70130-6041

PLEASE TAKE NOTICE that Plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, will take the videotaped deposition upon oral examination of **The United**

**States Army Corps of Engineers**, concerning the matters as set forth on Exhibit A and B

attached hereto.

The oral examination will take place on Monday, June 11, 2007 at the offices of Bruno &

1



Bruno, 855 Baronne Street, New Orleans, Louisiana 70113 at 9:00 a.m. and will continue from day to day until completed. The deposition will be taken before a Notary Public or some other officer authorized to administer oaths under the law. This deposition is taken for discovery and use at trial and for any other purpose permitted under the Federal Code of Civil Procedure. The deposition will be recorded stenographically and by videotape. You are invited to attend and examine the witnesses if you so desire.

**The United States Army Corps of Engineers** is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify as the person most knowledgeable concerning each subject on its behalf, and to set forth, for each person designated, the matters on which the person will testify.

In connection with and pursuant to Fed. Rule of Civil Procedure 30(b)(5), the deponent is requested to designate and produce for inspection and copying documents responsive to this Notice two (2) business days prior to the deposition as identified on Exhibit "B."

## DEFINITIONS

1.    "You" and its various forms such as "your" and "yourself" shall mean the person and/or entity subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person and/or entity, including, but not limited to, the deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of the entity subject to the Notice.

2.    "Describe" means to explain in detail and/or provide a detailed description of the information sought in the particular Request Interrogatory.

3.    "Document(s)" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, original and all non-identical copies, and all tangible things within the

2

scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications and attachments, instant messages, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), graphic and aural representations of any kind (including, without limitation, photograph, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans drawings and surveys) and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, including metadata, blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

The term "photographs" shall be interpreted to mean all pictorial depictions by whatever means and shall include negatives, positive prints, and copies of prints, Polaroid, or any other pictorial information in the custody of the defendant.

The term "file" shall be interpreted to mean any and all documents, as defined herein,

3

in your possession.

"Imaged copy" means bit-by-bit copy or replication of data stored on a device in an accessible format.

4.    "Relate(s) to," "related to", or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

5.    With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such document (and, where applicable, each attachment thereto):
   a.   the name of the sender, if any, of the document;
   b.   the name of the author of the document;
   c.   The name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;
   d.   the name of the person, if any, to whom the document and copies were sent;
   e.   The name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading, or substantial summarization;
   f.   the date of the document;
   g.   the date on which the document was received by those having possession of the document;
   h.   a description of the nature and the subject matter of the document;
   i.   the statute, rule or decision which is claimed to give rise to the privilege;
   j.   the last-known custodian of the document and the present location of the document;
   k.   attachments to the document;
   l.   the number of pages comprising the document;
   m.   whether the document is handwritten, typewritten or otherwise prepared;
   n.   A statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice;
   o.   The identity and position of the person(s) supplying the attorney, if any, signing the list with the information requested in the subparagraphs above.
   p.   any other information which is useful in identifying or is necessary to identify the document.

6.    If any response is qualified, made in part, but not in whole, objected to, or if any requested information is withheld on the basis of privilege or otherwise, please:

      i.    State the name, address, and status or job title of the person(s) asserting any objection or privilege, or withholding any requested information;

4

        ii.    State in detail the privilege asserted or other reason for withholding the requested information; and

        iii.   State in general the nature of the information or response withheld sufficient to establish the claim or privilege or other reason for withholding the information.

7.    Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

8.    All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

9.    "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

10.   "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

"Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

"Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

11.   The term "IHNC/Industrial Canal" means the Inner Harbor Navigation Canal a/k/a the "Industrial Canal," which connects Lake Pontchartrain, the Mississippi River and Reach 1 of the MRGO.

12.   The term "IHNC Lock Replacement Project" means the project authorized by the River and Harbor Act of 1956 and the Water Resources Development Acts of 1986 and 1996 designed to enlarge and deepen the IHNC lock.

13.   The term "IPET Report" means the Final Report of the Interagency Performance Evaluation Task Force, Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System, all volumes, dated March 26, 2007.

14.   The term "TLR" means Team Louisiana report.

15.   The term "ILIT" means Independent Levee Investigation Team.

5

16.   The term "LPVHPP" means the Lake Pontchartrain and Vicinity Hurricane Protection Project as authorized by the Flood Control Act of 1965.

17.   The term "GIWW" means the Gulf Intracoastal Waterway.

18.   The term "MR-GO" or "MRGO" means the Mississippi River Gulf Outlet (specifically including the reach along Lake Borgne and the reach between New Orleans East and St. Bernard Parish referred to at times by the Defendants as a reach of the GIWW).

19.   The term "Reach 1" means the segment of the MRGO connecting with the Gulf Intracoastal Waterway between New Orleans East and St. Bernard Parish that runs into the IHNC/Industrial Canal.

20.   The term "Reach 2" means the land cut segment of the MRGO along Lake Borgne, between the interconnection of the MRGO and the GIWW running southeasterly into the Gulf of Mexico.

21.   "17th Street Canal," "London Avenue Canal," "Orleans Canal," and "Industrial Canal" means the entirety of the canal systems associated with the 17th Street Canal, London Avenue Canal, Orleans Canal and Industrial Canal and, unless otherwise noted, is not limited to any specific breach location.

22.   The East Jefferson Levee District also means the Pontchartrain Levee District.

23.   The term "RPC" means Regional Planning Commission.

**THIS DEPOSITION IS NOT FOR RECORDS ONLY.**

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL

_____

JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

INSURANCE   PLAINTIFFS'   SUB-GROUP   LITIGATION
COMMITTEE

s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Tel: (225) 664-4193
Fax: (225) 664-6925
calvinfayard@fayardlaw.com

For

INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

7

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Deposition upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 5th day of June, 2007.

_____
Joseph M. Bruno

8

<u>"EXHIBIT "A"</u>

Please produce, pursuant to Federal Rule 30(b)(6), the person(s) most knowledgeable of the following areas:

1. Information on all data as listed and described in the IPET Report, Volume IX. – General Appendices - Appendix A; including but not limited to what work was undertaken, what studies were conducted, and how the findings and conclusions were reached, particularly regarding the following items contained on the list of Geographic Information System ("GIS") data layers (Appendix IX-A-4 through Appendix IX-A-6):

   A. High water marks collected by USGS and FEMA for Louisiana;
   B. High water marks collected by USACE Louisiana;
   C. High water marks collected by CHL for Mississippi;
   D. Levee centerlines in the CEMVN digitized from the best available;
   E. 3001 Inc. 1ft true color imagery - post-Katrina (42 files);
   F. Center of levees;
   G. Estimated water depth for the specified day's inundation for New Orleans East;
   H. New Orleans Levee Breaches not attributed;
   I. Estimated peak water depth for New Orleans;
   J. Estimated water depth for the specified day's inundation for New Orleans;
   K. Estimated peak water depth for St. Bernard;
   L. Digital Elevation Model for the St. Bernard Levee District, part 1;
   M. Digital Elevation Model for the St. Bernard Levee District, part 2;
   N. Estimated water depth for the specified day's inundation for St. Bernard;
   O. maximum levee/ floodwall elevations extracted from the adjusted pre-Katrina DEMs;
   P. levee damage points.

2. Information on all data used in the Advanced Circulation ("ADCIRC") Model - TF01x2 implementation - as listed and described in the IPET Report, Volume IV – The Storm; including, but not limited to what work was undertaken, what studies were conducted, and how the findings and conclusions were reached. Additional inquiry will address whether the data was processed through/exists as ASCII format (or binary PC readable), in particular, whether the following data sets were used as model input, or generated as model output, by the ADCIRC Model - TF01x2 implementation - used for the Katrina storm surge simulation as presented in the IPET Report:

   A. Input files:

      (1) fort.15, which contains simulation parameters and flags;
      (2) fort.13, which contains node attributes;
      (3) fort.14, which contains node coordinates, bathymetry, and other geographic information;
      (4) fort.22, which contains wind and surface pressure data;

9

B.     Output files:

     (1)     fort.16, which echoes the model configuration and simulation parameters, node coordinate and bathymetry information;

     (2)     fort.63, which provides global water surface elevation at each node and output interval;

     (3)     fort.64, which provides global water velocity (current) at each node and output interval;

     (4)     fort.73, which provides global atmospheric pressure at each node and output interval;

     (5)     fort.74, which provides global wind velocity at each node and output interval.

(For all ADCIRC outputs, information on the datum used, as well as the cartographic projection will be addressed).

3.     The methods and metadata used to prepare the maps showing the extend and depth of flooding in the greater New Orleans area (Jefferson, Orleans, and St. Bernard Parishes).

4.     The satellite data that was used to show the extend and depth of flooding in the greater New Orleans area (Jefferson, Orleans, and St. Bernard Parishes).

5.     The elevation datum, and its origin/proprietor, that was used to examine and measure the extend and depth of flooding in the greater New Orleans area (Jefferson, Orleans, and St. Bernard Parishes).

6.     A explanation of how the data showing the extend and depth of flooding in the greater New Orleans area (Jefferson, Orleans, and St. Bernard Parishes) that was hosted by the National Oceanic & Atmospheric Administration ("NOAA") on their website.

7.     The identification of all reports and maps on the storm surge of Hurricanes Katrina and Rita in Southeast Louisiana and the New Orleans region (Parishes of Orleans, Jefferson, and St. Bernard).

8.     The identification of all tide gauge water level time-series documents of the storm surges of Hurricanes Katrina: flooding and draining.

9.     The identification of all information, methods of calculation, maps, and reports that quantify the flooding volumes of Southeast Louisiana and the New Orleans region (Parishes of Orleans, Jefferson, and St. Bernard).

10.     The identification of all maps that depict the maximum storm surge elevations of Hurricanes Katrina.

11.     The identification of all information and reports on the location and data from temporary water level gauges installed to monitor the draining of Southeast Louisiana and the New Orleans region.

10

12.   The identification of all maps, data, and reports depicting the water levels observed in Southeast Louisiana and the New Orleans region (Parishes of Orleans, Jefferson, and St. Bernard), for the time period of August 15, 2005 through October 15, 2005.

13.   The identification of any Light Detection And Ranging (hereinafter "LIDAR") surveys, aerial and terrestrial, performed by you or at your request or behest, for any person or entity, in Southeast Louisiana post-Katrina.

14.   The metadata for any LIDAR survey, aerial and terrestrial, performed by you or at your request or behest, for any person or entity, in Southeast Louisiana post-Katrina.

15.   Any LIDAR surveys, aerial and terrestrial, performed by you or at your request or behest, for any person or entity, in Southeast Louisiana pre-Katrina.

16.   The metadata for any LIDAR survey, aerial and terrestrial, performed by you or at your request or behest, for any person or entity, in Southeast Louisiana pre-Katrina.

17.   The post-processed data in Digital Elevation Model (DEM) format, with a horizontal resolution of five meters or better (to match the pre-storm LIDAR).

18.   The metadata for the post-processed data in Digital Elevation Model (DEM) format, with a horizontal resolution of five meters or better (to match the pre-storm LIDAR), including but not limited to, the date of acquisition, source, and post-processing methodology.

19.   The identity and roles of any additional partners needed to complete the LIDAR, aerial and terrestrial, post-Katrina.

20.   The quality control/quality assurances necessary to assure that the LIDAR, aerial and terrestrial, met or exceeded relevant NSSDA and fully complied with the FGDC metadata format, post-Katrina.

21.   The quality control/quality assurances necessary to assure that the LIDAR, aerial and terrestrial, met or exceeded National map Accuracy Standards for DEM (Digital Elevation Model) and contour generation.

22.   The quality control/quality assurances necessary to assure that the total LIDAR system was calibrated prior to any LIDAR survey project initiation, as well as on a daily basis for the purpose of identifying and correcting systematic errors.

23.   The quality control/quality assurances necessary to assure that any LIDAR survey of Southeast Louisiana met both horizontal and vertical accuracy.

24.   Information regarding any aerial and terrestrial post-Katrina LIDAR data gathered along the breach locations at the 17th Street Canal, the London Avenue Canal, the Industrial Canal east and west sides, the navigation structure at Bayou Bienvenue (along the MR-GO), and navigation structure at Bayou Dupre (along the MR-GO).

25.     The identification of all videos taken on or after August 29, 2005 along the breach locations at the 17th Street Canal, the London Avenue Canal, the Industrial Canal east and west sides, the navigation structure at Bayou Bienvenue (along the MR-GO), and navigation structure at Bayou Dupre (along the MR-GO).

26.     The identification all vertical and oblique photography taken on or after August 29, 2005 along the breach locations at the 17th Street Canal, the London Avenue Canal, the Industrial Canal east and west sides, the navigation structure at Bayou Bienvenue (along the MR-GO), and navigation structure at Bayou Dupre (along the MR-GO).

27.     All reports, topographic maps, hydrographic/bathymetric maps and surveys that were produced and conducted on and after August 25, 2005 along the breach locations at the 17th Street Canal, the London Avenue Canal, the Industrial Canal east and west sides, the navigation structure at Bayou Bienvenue (along the MR-GO), and navigation structure at Bayou Dupre (along the MR-GO).

28.     The names of all survey companies, organizations, government agencies that performed work and surveyed any breach locations along the 17th Street Canal, the London Avenue Canal, the Industrial Canal east and west sides, the navigation structure at Bayou Bienvenue (along the MR-GO), and navigation structure at Bayou Dupre (along the MR-GO).

29.     All information regarding the exact size of any breach/flood wall failure along the 17th Street Canal, the London Avenue Canal, the Industrial Canal east and west sides, the navigation structure at Bayou Bienvenue (along the MR-GO), and navigation structure at Bayou Dupre (along the MR-GO). We want information about and access to the survey data gathered at these and any other breach sites where the sill height of the breach extended below sea level.

## EXHIBIT "B"

1.    Any and all documents relative to Paragraph 1 (A-P) of Exhibit "A";

2.    Any and all documents relative to Paragraph 2 (A-B) of Exhibit "A";

3.    Any and all documents relative to Paragraph 3 of Exhibit "A";

4.    Any and all documents relative to Paragraph 4 of Exhibit "A";

5.    Any and all documents relative to Paragraph 5 of Exhibit "A";

6.    Any and all documents relative to Paragraph 6 of Exhibit "A";

7.    Any and all documents relative to Paragraph 7 of Exhibit "A";

8.    Any and all documents relative to Paragraph 8 of Exhibit "A";

9.    Any and all documents relative to Paragraph 9 of Exhibit "A";

10.   Any and all documents relative to Paragraph 10 of Exhibit "A";

11.   Any and all documents relative to Paragraph 11 of Exhibit "A";

12.   Any and all documents relative to Paragraph 12 of Exhibit "A";

13.   Any and all documents relative to Paragraph 13 of Exhibit "A";

14.   Any and all documents relative to Paragraph 14 of Exhibit "A";

15.   Any and all documents relative to Paragraph 15 of Exhibit "A";

16.   Any and all documents relative to Paragraph 16 of Exhibit "A";

17.   Any and all documents relative to Paragraph 17 of Exhibit "A";

18.   Any and all documents relative to Paragraph 18 of Exhibit "A";

19.   Any and all documents relative to Paragraph 19 of Exhibit "A";

20.   Any and all documents relative to Paragraph 20 of Exhibit "A";

21.   Any and all documents relative to Paragraph 21 of Exhibit "A";

22.   Any and all documents relative to Paragraph 22 of Exhibit "A";

23.   Any and all documents relative to Paragraph 23 of Exhibit "A";

24.    Any and all documents relative to Paragraph 24 of Exhibit "A";

25.    Any and all documents relative to Paragraph 25 of Exhibit "A";

26.    Any and all documents relative to Paragraph 26 of Exhibit "A";

27.    Any and all documents relative to Paragraph 27 of Exhibit "A";

28.    Any and all documents relative to Paragraph 28 of Exhibit "A";

29.    Any and all documents relative to Paragraph 29 of Exhibit "A";

THE LAW OFFICE OF

# JOSEPH M. BRUNO

FEDERAL TRIAL LAWYERS *
855 BARONNE STREET
NEW ORLEANS, LA.70113
(504) 525-1335
(504) 561-6775

* PRACTICE RESTRICTED
TO U.S. FEDERAL COURTS

L. SCOTT JOANEN

June 5, 2007

VIA ELECTRONIC TRANSMISSION ONLY
Robin D. Smith
Attorney of Record for:
The United States of America
through its agencies the US Army Corps of Engineers
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

RE:   *In Re: Katrina Canal Levee Breaches Litigation,*
USDC, EDLA, Case No. 05-4182 "K"(2)

Dear Robin:

Attached is a copy of the Plaintiffs' Notice of Videotaped 30(b)(6) Deposition concerning class certification issues. Please note that we have set the date of this deposition for Monday, June 11, 2007 at 9:00 a.m.

It is my understanding from our previous conversations that the Corps of Engineers will not be able to comply with the necessary disclosures set forth in the deposition notice. As such we have set the above referenced date to facilitate guidance on an expedited basis from the Court concerning this discovery dispute. It is my understanding that our last telephone conference concerning this matter constituted a Rule 37.1 conference.

Please contact my office today, Tuesday June 5, 2007 at 4:00 p.m. Central Standard Time to discuss this matter further and to confirm my understanding that our last telephone conference concerning this matter constituted a Rule 37.1 conference.

Sincerely,
LAW OFFICES OF JOSEPH M. BRUNO

Joseph M. Bruno

LSJ:jlb
Enclosures

**EXHIBIT**
tabbies
2

## Scott Joanen

| | |
|---|---|
| **From:** | Stone, Richard (CIV) [Richard.Stone@usdoj.gov] |
| **Sent:** | Wednesday, June 06, 2007 12:27 PM |
| **To:** | Scott Joanen |
| **Cc:** | Colquette, Traci L. (CIV); Touhey, James (CIV); Smith, Robin (CIV); McConnon, Jim (CIV); Levine, Paul (CIV); Corlies, Catherine (CIV) |

**Subject:** Rule 37 Meet and Confer

We agree that you have met your Rule 37 meet and confer burden.  We believe, however, that the filing of a letter brief on the 30(b)(6) notice as served is in bad faith.  We also are not offering either documents or access to documents (including ESI ) outside the schedule set by the CMO and the document production protocol.

## Scott Joanen

| | |
|---|---|
| **From:** | Joe Bruno |
| **Sent:** | Tuesday, June 05, 2007 3:47 PM |
| **To:** | 'Stone, Richard (CIV)' |
| **Cc:** | Corlies, Catherine (CIV); Smith, Robin (CIV); Touhey, James (CIV); Joni Scioneaux; rhubbard@lawla.com; Scott Joanen |
| **Subject:** | RE: U.S. Corps 30(b)(6) deposition issue |

With respect, the documents and testimony which are the subject of these notices are related to class discovery. There is no prohibition and in fact the time for that discovery is running out. I take your response to clearly reflect that to the extent that you might argue that rule 37 has not been complied with that compliance would avail the parties nothing.

Joseph M. Bruno
The Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone:  (504) 525-1335
Facsimile (504) 561-6775
Email:  jbruno@jbrunolaw.com
Website: www.jbrunolaw.com

The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as a recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at (504) 525-1335.

-----Original Message-----
From: Stone, Richard (CIV) [mailto:Richard.Stone@usdoj.gov]
Sent: Tuesday, June 05, 2007 3:36 PM
To: Joe Bruno
Cc: Corlies, Catherine (CIV); Smith, Robin (CIV); Touhey, James (CIV)
Subject: U.S. Corps 30(b)(6) deposition issue

Joe-

Robin Smith is out of the office today and tomorrow.  I cannot speak to your conversations with him and whether they satisfy any meet and refer requirement.  However, our position at this time is that we are in the process of collecting the very broad universe of documents generally identified in your production requests.  There is a case management order in effect and a document production protocol has also been established.  Your improper 30 (b)(6) deposition notice appears to be nothing more than an effort unilaterally to change the schedule for document production. You have agreed to be bound by a review and select procedure from our production beginning June 15 to obtain the very paper documents that you are asking for at this time. You are also aware of the constraints on collecting the ESI. We are searching -- at your request -- for potentially terabytes of information in hard drives, servers, etc. across the Corps.

I believe that Robin has informed you that we are not obligated to provide you documents at this time through any procedure other than that already set by the court.

It has also come to my attention today that your office may intend to file a letter brief with the court tomorrow to demand indices that we are trying to collect and produce to you this coming Saturday.  As promised, those indices should be all that we have available at this time.  These demands seem to be efforts on your part affirmatively to generate disputes rather than resolve them.

We are making every effort to cooperate, but intend to do so in the organized manner established by the Court.

-----Original Message-----
From: Smith, Robin (CIV)
Sent: Tuesday, June 05, 2007 3:25 PM
To: Stone, Richard (CIV); Colquette, Traci L. (CIV)
Subject: Fw: U.S. Corps 30(b)(6) deposition issue


Robin D. Smith
Trial Attorney
U.S. Dept. of Justice
202-616-4289


----- Original Message -----
From: Scott Joanen <scott@jbrunolaw.com>
To: Ralph Hubbard <rhubbard@lawla.com>; Seth Schmeeckle
<sschmeeckle@lawla.com>; Smith, Robin (CIV)
Cc: Joe Bruno <jbruno@jbrunolaw.com>
Sent: Tue Jun 05 15:19:07 2007
Subject: U.S. Corps 30(b)(6) deposition issue

Ralph/ Seth,


Attached please find a Notice of Deposition of the United States Corp of Engineers filed on behalf of the plaintiffs. I also direct your attention to the attached letter addressed to Robin Smith at the Justice Department concerning this matter.


Robin,


Attached is a formal deposition notice setting forth the topics of inquiry I believe you & Joe discussed last week.  I've also attached a letter directed to your attention formally requesting a telephone conference between yourself & Joe regarding this issue.  We ask that this conference take place today, June 5, at 4:00 p.m. Central Standard Time.


Scott Joanen

Law Offices of Joseph M. Bruno

855 Baronne St.

New Orleans, LA 70113

Tel: (504) 525-1335

2

Fax: (504) 561-6775

The information contained in this electronic message is attorney
privileged and confidential information intended only for the use of the
owner of the email address listed as the recipient of this message.   If
you are not the intended recipient, or the employee or agent responsible
for delivering this message to the intended recipient, you are hereby
notified that any disclosure, dissemination, distribution, or copying of
this communication is strictly prohibited.  If you have recieved this
transmission in error, please immediately notify us by telephone at
(504) 525-1335.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KATRINA CANAL BREACHES | § | CIVIL ACTION |
|---|---|---|
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| ALL CASES | § | |
| | § | |
| | § | |

## NOTICE OF VIDEOTAPED FEDERAL RULE 30(b)(6) DEPOSITION

TO:   To all Defendants and their respective counsel,
Through Defense Liaison Attorney of Record:
Ralph S. Hubbard III
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St.
Suite 2775
New Orleans, Louisiana 70130-6041

PLEASE TAKE NOTICE that Plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, will take the videotaped deposition upon oral examination of **3001, Inc.,**

concerning the matters as set forth on Exhibit A and B attached hereto.

The oral examination will take place on Tuesday, May 15, 2006 at the offices of Bruno &

Bruno, 855 Baronne Street, New Orleans, Louisiana 70113 at 9:00 a.m. and will continue from

1



day to day until completed. The deposition will be taken before a Notary Public or some other

officer authorized to administer oaths under the law. This deposition is taken for discovery and

use at trial and for any other purpose permitted under the Federal Code of Civil Procedure. The

deposition will be recorded stenographically and by videotape. You are invited to attend and

examine the witnesses if you so desire.

3001, Inc. is requested to designate one or more officers, directors, or managing agents,

or other persons who consent to testify as the person most knowledgeable concerning each

subject on its behalf, and to set forth, for each person designated, the matters on which the person

will testify. The deponent is requested to designate documents responsive to this Notice two (2)

business days prior to the deposition.

## DEFINITIONS

1.    "You" and its various forms such as "your" and "yourself" shall mean the person and/or entity subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person and/or entity, including, but not limited to, the deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of the entity subject to the Notice.

2.    "Describe" means to explain in detail and/or provide a detailed description of the information sought in the particular Request Interrogatory.

3.    "Document(s)" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, original and all non-identical copies, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications and attachments, instant messages, memoranda, minutes, notes, contracts, agreements, books, diaries,

2

time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), graphic and aural representations of any kind (including, without limitation, photograph, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans drawings and surveys) and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, including metadata, blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

The term "photographs" shall be interpreted to mean all pictorial depictions by whatever means and shall include negatives, positive prints, and copies of prints, Polaroid, or any other pictorial information in the custody of the defendant.

The term "file" shall be interpreted to mean any and all documents, as defined herein, in your possession.

"Imaged copy" means bit-by-bit copy or replication of data stored on a device in an accessible format.

4.      "Relate(s) to," "related to", or "relating to" means to refer to, reflect, concern, pertain

to or in any manner be connected with the matter discussed.

5.   With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such document (and, where applicable, each attachment thereto):

   a.   the name of the sender, if any, of the document;
   b.   the name of the author of the document;
   c.   The name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;
   d.   the name of the person, if any, to whom the document and copies were sent;
   e.   The name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading, or substantial summarization;
   f.   the date of the document;
   g.   the date on which the document was received by those having possession of the document;
   h.   a description of the nature and the subject matter of the document;
   i.   the statute, rule or decision which is claimed to give rise to the privilege;
   j.   the last-known custodian of the document and the present location of the document;
   k.   attachments to the document;
   l.   the number of pages comprising the document;
   m.   whether the document is handwritten, typewritten or otherwise prepared;
   n.   A statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice;
   o.   The identity and position of the person(s) supplying the attorney, if any, signing the list with the information requested in the subparagraphs above.
   p.   any other information which is useful in identifying or is necessary to identify the document.

6.   If any response is qualified, made in part, but not in whole, objected to, or if any requested information is withheld on the basis of privilege or otherwise, please:

   i.   State the name, address, and status or job title of the person(s) asserting any objection or privilege, or withholding any requested information;
   ii.  State in detail the privilege asserted or other reason for withholding the requested information; and
   iii. State in general the nature of the information or response withheld sufficient to establish the claim or privilege or other reason for withholding the information.

4

7.    Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

8.    All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

9.    "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

10.   "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

      "Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

      "Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

11.   The term "IHNC/Industrial Canal" means the Inner Harbor Navigation Canal a/k/a the "Industrial Canal," which connects Lake Pontchartrain, the Mississippi River and Reach 1 of the MRGO.

12.   The term "IHNC Lock Replacement Project" means the project authorized by the River and Harbor Act of 1956 and the Water Resources Development Acts of 1986 and 1996 designed to enlarge and deepen the IHNC lock.

13.   The term "IPET Report" means the Final Report of the Interagency Performance Evaluation Task Force, Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System, all volumes, dated March 26, 2007.

14.   The term "TLR" means Team Louisiana report.

15.   The term "ILIT" means Independent Levee Investigation Team.

16.   The term "LPVHPP" means the Lake Pontchartrain and Vicinity Hurricane Protection Project as authorized by the Flood Control Act of 1965.

17.   The term "GIWW" means the Gulf Intracoastal Waterway.

18.  The term "MR-GO" or "MRGO" means the Mississippi River Gulf Outlet (specifically including the reach along Lake Borgne and the reach between New Orleans East and St. Bernard Parish referred to at times by the Defendants as a reach of the GIWW).

19.  The term "Reach 1" means the segment of the MRGO connecting with the Gulf Intracoastal Waterway between New Orleans East and St. Bernard Parish that runs into the IHNC/Industrial Canal.

20.  The term "Reach 2" means the land cut segment of the MRGO along Lake Borgne, between the interconnection of the MRGO and the GIWW running southeasterly into the Gulf of Mexico.

21.  "17th Street Canal," "London Avenue Canal," "Orleans Canal," and "Industrial Canal" means the entirety of the canal systems associated with the 17th Street Canal, London Avenue Canal, Orleans Canal and Industrial Canal and, unless otherwise noted, is not limited to any specific breach location.

22.  The East Jefferson Levee District also means the Pontchartrain Levee District.

23.  The term "RPC" means Regional Planning Commission.

**THIS DEPOSITION IS NOT FOR RECORDS ONLY.**

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL

_____
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIEFS LIAISON COUNSEL
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

s/ James Parkerson Roy
_____
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668

6

Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Tel: (225) 664-4193
Fax: (225) 664-6925
calvinfayard@fayardlaw.com

For

INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre

7

1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Deposition upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 7th day of May, 2007.

Joseph M. Bruno

8

## "EXHIBIT "A"

Please produce, pursuant to Federal Rule(b)(6), the person(s) most knowledgeable of the following areas:

1. Your legal status (e.g. corporation, partnership, etc.);

2. Your legal domicile;

3. Your principal place of business in Louisiana;

4. Your principal place of business in any other state;

5. The state where you are incorporated;

6. Your management hierarchy;

7. Any Light Detection And Ranging (LIDAR) surveys performed by you or at your request or behest, for any person or entity, post-Katrina.

8. The metadata for the Light Detection And Ranging (LIDAR) statewide survey performed by you or at your request or behest, for any person or entity, post-Katrina.

9. Any Light Detection And Ranging (LIDAR) surveys performed by you or at your request or behest, for any person or entity, in Southeast Louisiana pre-Katrina.

10. The metadata for the Light Detection And Ranging (LIDAR) surveys performed by you or at your request or behest, for any person or entity, in Southeast Louisiana pre-Katrina.

11. Any Light Detection And Ranging (LIDAR) survey performed and produced for the State of Louisiana;

12. The metadata for the Light Detection And Ranging (LIDAR) statewide survey performed and produced for the State of Louisiana;

13. The post-processed data in Digital Elevation Model (DEM) format, with a horizontal resolution of five meters or better (to match the pre-storm LIDAR);

14. The metadata for the post-processed data in Digital Elevation Model (DEM) format, with a

9

horizontal resolution of five meters or better (to match the pre-storm LIDAR), including but not limited to, the date of acquisition, source, and post-processing methodology;

15. Correspondence between 3001, Inc. and The State of Louisiana concerning the Light Detection And Ranging (LIDAR) statewide survey performed and produced for the State of Louisiana;

16. Site photographs and/or photographs utilized to produce any the Light Detection And Ranging (LIDAR) statewide surveys produced for the State of Louisiana;

17. Any and all aerial photographs or satellite imagery and/or radar imagery utilized to produce the Light Detection And Ranging (LIDAR) statewide survey for the State of Louisiana;

18. The determination of which areas would be funded for the Light Detection And Ranging (LIDAR) statewide survey for the State of Louisiana;

19. The identity and roles of any additional partners needed to complete the Light Detection And Ranging (LIDAR) statewide survey for the State of Louisiana;

20. The quality control/quality assurances necessary to assure that the Light Detection And Ranging (LIDAR) statewide survey produced for the State of Louisiana met or exceeded relevant NSSDA and fully complied with the FGDC metadata format.

21. The quality control/quality assurances necessary to assure that the Light Detection And Ranging (LIDAR) statewide survey produced for the State of Louisiana met or exceeded National map Accuracy Standards for DEM (Digital Elevation Model) and contour generation.

22. The quality control/quality assurances necessary to assure that the total Light Detection And Ranging (LIDAR) system was calibrated prior to the statewide (LIDAR) survey project initiation as well as on a daily basis for the purpose of identifying and correcting systematic errors;

23. The quality control/quality assurances necessary to assure that the Light Detection And Ranging (LIDAR) statewide survey produced for the State of Louisiana met both horizontal and vertical accuracy.

## EXHIBIT "B"

1.    Any and all documents relative to Paragraph 1 of Exhibit "A";

2.    Any and all documents relative to Paragraph 2 of Exhibit "A";

3.    Any and all documents relative to Paragraph 3 of Exhibit "A";

4.    Any and all documents relative to Paragraph 4 of Exhibit "A";

5.    Any and all documents relative to Paragraph 5 of Exhibit "A";

6.    Any and all documents relative to Paragraph 6 of Exhibit "A";

7.    Any and all documents relative to Paragraph 7 of Exhibit "A";

8.    Any and all documents relative to Paragraph 8 of Exhibit "A";

9.    Any and all documents relative to Paragraph 9 of Exhibit "A";

10.   Any and all documents relative to Paragraph 10 of Exhibit "A";

11.   Any and all documents relative to Paragraph 11 of Exhibit "A";

12.   Any and all documents relative to Paragraph 12 of Exhibit "A";

13.   Any and all documents relative to Paragraph 13 of Exhibit "A";

14.   Any and all documents relative to Paragraph 14 of Exhibit "A";

15.   Any and all documents relative to Paragraph 15 of Exhibit "A";

16.   Any and all documents relative to Paragraph 16 of Exhibit "A";

17.   Any and all documents relative to Paragraph 17 of Exhibit "A";

18.   Any and all documents relative to Paragraph 18 of Exhibit "A";

19.   Any and all documents relative to Paragraph 19 of Exhibit "A";

20.   Any and all documents relative to Paragraph 20 of Exhibit "A";

21. Any and all documents relative to Paragraph 21 of Exhibit "A";

22. Any and all documents relative to Paragraph 22 of Exhibit "A";

23. Any and all documents relative to Paragraph 23 of Exhibit "A";

S: AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

|                    EASTERN                    | DISTRICT OF |          LOUISIANA          |
|-----------------------------------------------|-------------|-----------------------------|

In Re: KATRINA CANAL BREACHES,
CONSOLIDATED LITIGATION

**SUBPOENA IN A CIVIL CASE**
Case Number:[1]    05-4182   Section "K" (2)

TO:    3001 Inc.
       through registered agent
       Stephen L. Hebert
       1046 Hollis Rd.
       Westlake, LA 70669

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>BRUNO & BRUNO, L.L.P.<br>855 Baronne Street, New Orleans, Louisiana. 70113 | DATE AND TIME<br>May 15, 2007 at 9:00 a.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A and B.

| PLACE<br>BRUNO & BRUNO, L.L.P.<br>855 Baronne Street, New Orleans, LA 70113 | DATE AND TIME<br>May 15, 2007 at 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*   Attorney for Plaintiff | DATE<br>May 7, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joseph M. Bruno        Bruno & Bruno<br>855 Baronne Street, New Orleans, Louisiana  70113     (504) 525-1335 | |

(See Rule 45, Federal Rules of Civil Procedure, Pans C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.