

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 26  PM 3: 49

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:    **KATRINA CANAL BREACHES** **CONSOLIDATED LITIGATION** | * * * * * * | **CIVIL ACTION** **NO. 05-4182 "K" (2)** **JUDGE DUVAL** |
| **PERTAINS TO:   LEVEE: 06-6642** **(PONTCHARTRAIN BAPTIST CHURCH)** **(BRIDGE PROJECTS)** | * * * | **MAG. WILKINSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED EXHIBITS AND MEMORANDUM IN SUPPORT

NOW come Plaintiffs, Pontchartrain Baptist Church, Arthur C. Sargent, Lucy T. Sargent, Pamela Young Smallpage, Richard Matiland Smallpage, Jr., Mr & Mrs. H. J. Bosworth, Rothfos Corporation, InterAmerican Coffee, Inc. and Noble Americas Corporation, by and through their undersigned counsel, who pursuant to the Court's Minute Entry of May 30, 2007 (Doc. 5437), Fed. R. Civ. P. 15(c)(3) and 16(b), and Case Management Order #4 (Doc. 3299 Sec 2(A), page 13), request leave of this Court to file the attached Second Amended Complaint and Incorporated Exhibits and Memorandum in Support.

Plaintiffs will not repeat arguments made and recorded by the Court at the May 30, 2007 Case Management Conference (Doc. 3299). Suffice it to say that Plaintiffs

1

at all times acted in "good faith" in adhering to CMO #4 and will provide email evidence as support should the Court desire the same.

Plaintiffs have added as an additional Defendant the Board of Commissioners for the East Jefferson Levee District ("EJLD"), not a new party in the In Re: Katrina Consolidated Litigation.

## PROCEDURAL HISTORY

Judge Duval aptly characterized the Katrina cases as "Hydra-like" - and they are! The resolution of one legal issue seemingly results in the Hydra like growth of two more. But that is not the case here.

This non-Hydra-like Pontchartrain Baptist Church ("PBC") (06-6642) case presents predominantly admiralty claims with non-admiralty claims easily resolvable by the Court donning its Admiralty hat. The application of the general federal maritime law eliminates complex choice of law questions. The issues in this case are narrow and similar to those in Jerome B. Grubart, Inc., v. Great Lakes Dredge and Dock, Co., 513 U.S. 527 (1995).

Filed in 24th JDC, this suit was Noticed for Removal on September 28, 2006, a Remand Motion filed on November 7, 2006 (Doc. 1526), Oral Argument set on November 29, 2006, and then were cancelled (Doc. 1670).

The Pontchartrain Baptist Church (06-6642) case is essentially a navigable water maritime tort and contract case involving "Vessels and Appurtenances" working on

"Activities"[1] involving "Bridge Projects."[2]  It is different in nature from other consolidated cases in that respect.

## JURISDICTION

The United States, USACE, and the State of Louisiana are <u>not defendants in this suit</u>. The pending 12 (b)(6) and Summary Judgment Motions (Docs. 2974 and 2986) frankly did not attack admiralty subject matter jurisdiction. It was only after Plaintiffs' Opposition (the only one, Doc. 3550) was filed, that Defendants raise the maritime jurisdictional issues in their Rule 12(b)(6) and Rule 56 Motions.

This Court has maritime subject matter and Supplemental Jurisdiction to adjudicate the claims asserted in the Petition/Complaint (Doc. 3644) in and in Plaintiffs' Second Amended Complaint. Plaintiffs' maritime tort, contract and Admiralty Extension Act claims are proper and not-frivolous. Plaintiffs seek to hold Defendants liable for the operation of their Vessels and Appurtenances (hereinafter "Vessels") on the navigable waters of the 17th Street and London Avenue Canals. Those Vessels were doing what Vessels of those kinds normally do on navigable waters, i.e. marine repair work, removal of pilings, driving of pilings, dredging, excavation and similar activities related to the Bridge Projects. Those missions were accomplished using boats and barges which are

---

[1] The term "Activities" used throughout this Motion includes, without limitation, those activities relating to the repair, excavation, dredging, demolition, reconstruction, pile-removal, pile-driving, and other vibratory activities of the various Bridges in and over the 17th Street and London Avenue Canals.

[2] The term "Bridge Projects" as used herein and in the previous pleadings includes, without limitation, work, actions, and activities, maritime and non-maritime, of Defendants acting as Vessel operators on navigable waters using Vessels, materialmen suppliers and vendors of goods, products, and components necessary in the Activities in the repairs, operations, excavation, and dredging, in, under, and in the vicinity of the Bridges (Hammond Highway, Robert E. Lee, Filmore Avenue, and Mirabeau Avenue), in particular, north and south of the Bridges.

unquestionably vessels under Stewart v. Dutra Construction Co., 543 U.S. 481 (2005).

The incidents alleged in the pleadings occurred on navigable waters for which Defendants are liable. They not only posed threats to maritime commerce, the threats, in fact, were real. (Doc. 3170). The incidents which are the subject of the admiralty and maritime claims arose from maritime activities and subject matter jurisdiction exists under the general maritime law, "savings to suitors" clause, 28 U.S.C. § 1333 and the Admiralty Extension Act. In fact, this Court has subject matter jurisdiction solely under the Admiralty Extension Act, 46 U.S.C. § 741 et seq. The AEA includes all cases of injury on land caused by vessels on navigable waters.

In the pleadings and in Plaintiffs' Second Amended Complaint, the claims asserted have always been, in large measure, maritime torts and contract claims all subject to the general maritime substantive law where applicable. *See* Grubart, *supra*; Scarborough v. Clemco Industries, 391 F.3d 660 (5th Cir. 2004).

Justice Frankfurter, writing for the Court, said that admiralty and maritime claims do not arise under federal law under 28 U.S.C. § 1331. The main reason he gave was that, if they did, the Court would have to look at each admiralty claim and say, does this arise under state law or federal law? What is the governing law? He rightly said that such type of analysis is inappropriate and it is just as inappropriate today as it was in 1959. Romero v. International Terminal Operating Co., 358 U.S. 354 (1959).

These Bridge Projects claims are probably the strongest cases for traditional maritime activity to visit this Court in sometime. They present: (1) Maritime commerce,

4

(2) Vessels on navigable waters used by contractors in maritime work and Activities (3) Commercial Activities by contractors which are maritime in nature, and (4) Damages arising from such Activities impacting Plaintiffs on land.

Plaintiffs' affirmative actions in this Court constitute a waiver of remand, and remand is moot. Defendants are not prejudiced by the filing of Plaintiffs' Amended Complaint or the addition of EJLD as a Defendant.

Accordingly, Plaintiffs request that their Motion for Amend be granted.

Respectfully submitted,

WILLIAM E. O'NEIL (#10213)
THE O'NEIL GROUP, L.L.C.
701 N. CAUSEWAY BLVD.
METAIRIE, LA 70001
(504) 833-4770
weo@theoneilgroup.com

-and-

DON M. RICHARD (#11226)
ATTORNEY AT LAW
701 N. CAUSEWAY BLVD.
METAIRIE, LA 70001
(504) 834-9882
dmr@dmr-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, e-mail, hand delivery, or facsimile this 26 day of June, 2007.

New Orleans, Louisiana this 26 day of June, 2007.

_____
WILLIAM E. O'NEIL