UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" (2) |
| PERTAINS TO: SEVERED MASS | * | |
| JOINDER CASES | * | JUDGE DUVAL |
| Severed from: Austin, 06-5383 | * | |
| | * | MAGISTRATE WILKINSON |
| CHARLIE WARD AND CALEIA WARD | * | |
|     Plaintiffs | * | CIVIL ACTION NO. 07-2680 |
| VERSUS | * | |
| | * | SECTION "K" (2) |
| STATE FARM FIRE AND CASUALTY | * | |
| COMPANY, and STATE FARM | * | |
| GENERAL INSURANCE COMPANY | * | |
|     Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

## ANSWER AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), the only proper entity named in this action, who, in answer to Plaintiffs' Supplemental and Amending Complaint Pursuant to Order of Severance Dated March 27, 2007, respectfully represents as follows:

FIRST DEFENSE

Plaintiffs' Supplemental and Amending Complaint fails to state a claim against defendant upon which relief can be granted.

SECOND DEFENSE

With full reservation of rights, defendant specifically answers the individual paragraphs of Plaintiffs' Supplemental and Amending Complaint as follows:

I.

The allegations of Paragraph I of Plaintiffs' Supplemental and Amending Complaint are denied, except to admit that State Farm Fire and Casualty Company is a foreign insurer authorized to do and doing business in the State of Louisiana. State Farm General Insurance Company is not a proper entity.

II.

The allegations of Paragraph II of Plaintiffs' Supplemental and Amending Complaint are denied.

III.

The allegations of Paragraph III of Plaintiffs' Supplemental and Amending Complaint are denied.

IV.

The allegations of Paragraph IV of Plaintiffs' Supplemental and Amending Complaint are denied.

V

The allegations of Paragraph V of Plaintiffs' Supplemental and Amending Complaint

Petition are denied, including all of its subsections.

## VI. (Improperly labeled as IV)

The allegations of Paragraph VI of Plaintiffs' Supplemental and Amending Complaint are denied.

## VII.

The allegations of Paragraph VII of Plaintiffs' Supplemental and Amending Complaint are denied.

## VIII.

The allegations of Paragraph VIII of Plaintiffs' Supplemental and Amending Complaint are denied.

## IX.

The allegations of Paragraph IX of Plaintiffs' Supplemental and Amending Complaint are denied.

## X.

The allegations of Paragraph X of Plaintiffs' Supplemental and Amending Complaint are denied.

## XI.

The allegations of Paragraph XI of Plaintiffs' Supplemental and Amending Complaint are denied as defendant made no such representations.

## XII.

The allegations of Paragraph XII of Plaintiffs' Supplemental and Amending Complaint are denied.

XIII.

The allegations of Paragraph XIII of Plaintiffs' Supplemental and Amending Complaint are denied.

XIV.

The allegations of Paragraph XIV of Plaintiffs' Supplemental and Amending Complaint are denied as written.

XV.

The allegations of Paragraph XV of Plaintiffs' Supplemental and Amending Complaint are denied as written.

XVI.

The allegations of Paragraph XVI of Plaintiffs' Supplemental and Amending Complaint are denied.

XVII.

The allegations of Paragraph XVII of Plaintiffs' Supplemental and Amending Complaint are denied.

XVIII.

The allegations of Paragraph XVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

XIX.

The allegations of Paragraph XIX of Plaintiffs' Supplemental and Amending Complaint are denied.

XX.

The allegations of Paragraph XX of Plaintiffs' Supplemental and Amending Complaint are denied.

XXI.

The allegations of Paragraph XXI of Plaintiffs' Supplemental and Amending Complaint are denied.

XXII.

The allegations of Paragraph XXII of Plaintiffs' Supplemental and Amending Complaint are denied.

XXIII.

The allegations of Paragraph XXIII of Plaintiffs' Supplemental and Amending Complaint are denied.

XXIV.

The allegations of Paragraph XXIV of Plaintiffs' Supplemental and Amending Complaint are denied.

XXV.

The allegations of Paragraph XXV of Plaintiffs' Supplemental and Amending Complaint are denied.

XXVI.

The allegations of Paragraph XXVI of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXVII.

The allegations of Paragraph XXVII of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXVIII.

The allegations of Paragraph XXVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXIX.

The allegations of Paragraph XVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXX.

The allegations of Paragraph XXX of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXXI.

The allegations of Paragraph XXXI of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXXII.

The allegations of Paragraph XXXII of Plaintiffs' Supplemental and Amending Complaint are denied.

## XXXIII.

The allegations of Paragraph XXXIII of Plaintiffs' Supplemental and Amending Complaint are denied.

XXXIV.

The allegations of Paragraph XXXIV of Plaintiffs' Supplemental and Amending Complaint are denied.

XXXV.

The allegations of Paragraph XXXV of Plaintiffs' Supplemental and Amending Complaint are denied.

XXXVI.

The allegations of Paragraph XXXVI of Plaintiffs' Supplemental and Amending Complaint are denied.

XXXVII.

The allegations of Paragraph XXXVII of Plaintiffs' Supplemental and Amending Complaint are denied.

XXXVIII.

The allegations of Paragraph XXXVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

XXXIX.

The allegations of Paragraph XXXIX of Plaintiffs' Supplemental and Amending Complaint are denied, along with all of its subsections.

XL.

The allegations of Paragraph XL of Plaintiffs' Supplemental and Amending Complaint are denied.

XLI.

The allegations of Paragraph XLI of Plaintiffs' Supplemental and Amending Complaint are denied as written.

XLII.

The allegations of Paragraph XLII of Plaintiffs' Supplemental and Amending Complaint are denied.

XLIII.

The allegations of Paragraph XLIII of Plaintiffs' Supplemental and Amending Complaint are denied.

XLIV.

The allegations of Paragraph XLIV of Plaintiffs' Supplemental and Amending Complaint are denied.

XLV.

The allegations of Paragraph XLV of Plaintiffs' Supplemental and Amending Complaint are denied.

XLVI.

The allegations of Paragraph XLVI of Plaintiffs' Supplemental and Amending Complaint are denied, and defendant pleads the terms, conditions, and exclusions of said policy as if copied in extenso.

XLVII.

The allegations of Paragraph XLVII of Plaintiffs' Supplemental and Amending Complaint are denied.


## XLVIII.

The allegations of Paragraph XLVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

## XLIX.

The allegations of Paragraph XLIX of Plaintiffs' Supplemental and Amending Complaint are denied.

## L.

The allegations of Paragraph L of Plaintiffs' Supplemental and Amending Complaint are denied.

## LI.

The allegations of Paragraph LI of Plaintiffs' Supplemental and Amending Complaint are denied.

## LII.

The allegations of Paragraph LII of Plaintiffs' Supplemental and Amending Complaint are denied.

## LIII.

The allegations of Paragraph LIII of Plaintiffs' Supplemental and Amending Complaint are denied.

## LIV.

The allegations of Paragraph LIV of Plaintiffs' Supplemental and Amending Complaint are denied.

LV.

The allegations of Paragraph LV of Plaintiffs' Supplemental and Amending Complaint are denied.

LVI.

The allegations of Paragraph LVI of Plaintiffs' Supplemental and Amending Complaint are denied.

LVII.

The allegations of Paragraph LVII of Plaintiffs' Supplemental and Amending Complaint are denied.

LVIII.

The allegations of Paragraph LVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

LIX.

The allegations of Paragraph LIX of Plaintiffs' Supplemental and Amending Complaint are denied.

LX.

The allegations of Paragraph LX of Plaintiffs' Supplemental and Amending Complaint are denied.

LXI.

The allegations of Paragraph LXI of Plaintiffs' Supplemental and Amending Complaint are denied.

LXII.

The allegations of Paragraph LXII of Plaintiffs' Supplemental and Amending Complaint are denied.

LXIII.

The allegations of Paragraph LXIII of Plaintiffs' Supplemental and Amending Complaint are denied.

LXIV.

The allegations of Paragraph LXIV of Plaintiffs' Supplemental and Amending Complaint are denied.

LXV.

The allegations of Paragraph LXV of Plaintiffs' Supplemental and Amending Complaint are denied.

LXVI.

The allegations of Paragraph LXVI of Plaintiffs' Supplemental and Amending Complaint are denied.

LXVII.

The allegations of Paragraph LXVII of Plaintiffs' Supplemental and Amending Complaint are denied.

LXVIII.

The allegations of Paragraph LXVIII of Plaintiffs' Supplemental and Amending Complaint are denied.

LXIX.

The allegations of Paragraph LXIX of Plaintiffs' Supplemental and Amending Complaint are denied.

LXX.

The allegations of Paragraph LXX of Plaintiffs' Supplemental and Amending Complaint are denied.

LXXI.

The allegations of Paragraph LXXI of Plaintiffs' Supplemental and Amending Complaint are denied

LXXII.

State Farm is entitled to and requests a trial by jury herein on all issues.

**AND NOW, FURTHER ANSWERING:**

THIRD DEFENSE

The plaintiffs have been fully compensated and paid the policy limits under the only identified policy with State Farm, a flood insurance policy, bearing number 98-RS-5820-7 under Flood Insurance Claim No. 18-R492-066 for the insured property at 31 Beresford Drive in Metairie, Louisiana.

FOURTH DEFENSE

At the time of the subject incident, plaintiffs did not secure a policy of homeowner's insurance with State Farm Fire and Casualty Company.

FIFTH DEFENSE

According to Plaintiffs' Rule 26(A)(1) Disclosures, plaintiffs only identifies the flood policy

with State Farm Fire and Casualty Company and the flood insurance claim number, and no identifiable homeowner's coverage/policy and/or claim number.

## SIXTH DEFENSE

State Farm Fire and Casualty Company has made a search of its records and cannot locate a homeowner's policy issued to Charlie and Caleia Ward for their property at 31 Beresford Drive in Metairie, Louisiana, and thus, there is no coverage for plaintiffs' allegations set forth in their Supplemental and Amending Complaint.

## SEVENTH DEFENSE

Plaintiffs have no further cause of action against State Farm Fire and Casualty Company arising out of Hurricane Katrina.

## EIGHTH DEFENSE

Alternatively, and only in the event if plaintiffs correctly identify that they secured a homeowner's policy with State Farm Fire and Casualty Company that was in full force and effect on August 29, 2005, for damages caused by Hurricane Katrina, then, and in that event only, defendant pleads that the damages sought by the plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the available State Farm homeowner's policy, denying that plaintiffs had secured a policy of insurance with State Farm.

## NINTH DEFENSE

State Farm is not responsible for any consequential damages caused by the fact that plaintiffs failed to mitigate their damages emanating from Hurricane Katrina.

## TENTH DEFENSE

State Farm has not been afforded satisfactory proof of loss by the plaintiffs as is required by

jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm homeowner's policy, if the plaintiffs prove that they had secured one with State Farm, and in that case, said policy being the best evidence of its own contents and pled herein as if copied in extenso.

## ELEVENTH DEFENSE

Alternatively, if a homeowner's policy was issued by State Farm on the subject property, then, in that event only, defendant, State Farm, is entitled to any credits paid under the flood policy as plaintiffs should not receive an amount in excess of the pre-Katrina value of their residence.

## TWELFTH DEFENSE

In the alternative, and assuming that a homeowner's policy is located for the plaintiffs with State Farm Fire and Casualty Company, State Farm then adjusted the plaintiffs' claim in this action in good faith, and in accordance with the terms and conditions of the State Farm homeowner's policy, and in compliance with any applicable statutory or jurisprudential law.

## THIRTEENTH DEFENSE

Alternatively, in the event that a homeowner's policy is located for the property at issue in this action, then, because plaintiffs' claims would be based on a contract of insurance between the parties, and that the policy is a written contract, State Farm pleads that it would be the best evidence of its terms, its conditions, exclusions and limitations, and they are pled herein as if copied in extenso, including specifically, the exclusion for water damage loss, mold, and the conditions of the applicability of additional living expenses.

## FOURTEENTH DEFENSE

Alternatively, and in the event that a homeowner's policy is found for the subject property, defendant pleads that should it be found that the damages sought by the plaintiffs were caused in part

-14-

by a covered peril, and damages were concurrently caused by a non-covered peril, i.e., floodwaters, the damages sought are not insured under the applicable State Farm homeowner's policy, with said policy being the best evidence of its own contents.

### FIFTEENTH DEFENSE

As a further defense, defendant alleges that plaintiffs' damages were not causally related to the wind associated with Hurricane Katrina.

### SIXTEENTH DEFENSE

As a further defense, and in the alternative, defendant alleges that plaintiffs' residence was not made uninhabitable by wind damage associated with Hurricane Katrina.

### SEVENTEENTH DEFENSE

In the alternative, and only in the event that a homeowner's policy is located on the subject property, to the extent that plaintiffs are claiming that they may be entitled to recovery under their insurance policy in accordance with L.R.S. 22:695, Louisiana Valued Policy Law (VPL), State Farm denies that the VPL applies to this claim. State Farm further avers that the plaintiffs have not suffered a total loss, which was caused by a covered peril; rather, the majority of their loss was caused by an excluded peril - i.e. water damage. State Farm further avers that an award to plaintiffs under Louisiana's VPL would be in violation of the contract that exists between the parties, would result in the taking without just compensation, would interfere with interstate commerce, would constitute a deprivation of property without due process, and would deprive State Farm of equal protection of the laws, all in contravention of the Constitutions of the United States of America and the State of Louisiana.

## EIGHTEENTH DEFENSE

In further answer, and only in the event that a homeowner's policy is located in the subject property, to the extent that plaintiffs are claiming a right to penalties and attorney's fees of any amended version of L.R.S. 22:658 and L.R.S. 22:1220, or any other such penal statute, defendant contends that these amendments do not have retroactive effect, and that to give them retroactive effect, or to apply them to events and/or losses that occurred prior to the effective date of the amendment would be a violation of the U.S. Constitution and the Louisiana State Constitution.

**WHEREFORE,** State Farm prays that its Answer to Plaintiffs' Supplemental and Amending Complaint and affirmative defenses be deemed good and sufficient, and that after all due proceedings had, that there be judgment herein in favor of defendant, and against plaintiffs, dismissing plaintiffs' suit at plaintiffs' costs, for all general and equitable relief, and for a trial by jury herein.

Respectfully submitted,

s/ *Donna Bramlett Wood*
DONNA BRAMLETT WOOD, T.A. (22692)
ROY C. BEARD (17461)
MCCRANIE, SISTRUNK, ANZELMO, HARDY,
    MAXWELL & MCDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
(504)831-0946
Attorneys for State Farm Fire and Casualty Company

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the U.S. mail, postage prepaid and properly addressed this 27th day of June, 2007.

s/ *Donna Bramlett Wood*