UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                        NO. 05-4182

PERTAINS TO:  LEVEE, MRGO              SECTION "K" (2)


**ORDER AND REASONS ON MOTION**

Plaintiffs filed a motion to compel seeking additional responses to requests for admissions and answers to interrogatories from defendant Board of Commissioners for the Port of New Orleans ("Dock Board").  Record Doc. No. 5426.  Specifically, the motion seeks additional responses to plaintiffs' Requests for Admissions Nos. 22, 26, 27, 37, 38, 39, 40 and 46 and answers to plaintiffs' Interrogatories Nos. 1, 2, and 13.  Id. at ¶ 3.  Defendant filed a timely opposition memorandum.  Record Doc. No. 5605.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows:

I.     REQUESTS FOR ADMISSIONS

Plaintiffs make no specific argument in their memorandum in support of this motion concerning any of the contested responses.  Instead, plaintiffs contend generally

that the Dock Board has responded to each of these requests by objecting that the requests call for a legal conclusion and that an objection is not a valid answer to a Request for Admissions.

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.  Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).  "Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions . . . ." Warnecke v. Scott, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (citing In re Carney, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice & Procedure § 2255 & n. 8 (2003) (collecting cases)); accord Adventis, Inc. v. Consolidated Prop. Holdings, Inc., 124 Fed. Appx. 169, 2005 WL 481621, at *3 (4th Cir. Mar. 2, 2005).

Rule 36 provides a procedure for denying the requests or qualifying one's partial admissions or denials.

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to

2

> admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a).

> [R]equests for admissions are not principally discovery devices, see 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, [Federal Practice and Procedure] § 2252, at 524-525 [2d ed. 1994] ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.  A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence . . . ."  The Jules Fribourg, 19 F.R.D. at 436;  see 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted).

Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

> Therefore,

> [w]hen responding to requests for admissions, explanation generally is unnecessary.  "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."  Fed. R. Civ. P. 36(a).  "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation."  Explanation is only required if the party cannot truthfully admit or deny.

3

Id. at 447 (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2258, at 546-47; citing United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 968 (3d Cir. 1988)).

Plaintiffs' motion is granted as to defendant's response to Request for Admissions No. 22. The Dock Board originally responded solely by objecting that this request seeks a legal conclusion. That objection is overruled. This request asks for the application of law to fact. In its supplemental answer to Request No. 22, the Dock Board objected on relevance grounds. This objection is also overruled. The limited denial contained in the supplemental answer is deficient because it does not address the request in its entirety. The Dock Board must answer Request for Admission No. 22.

The motion is denied as to Requests for Admission Nos. 37, 38, 39 and 40. The original answers asserted only an objection that the requests seek admissions regarding a legal conclusion. That objection is overruled. These requests concern the application of law to fact. The supplemental answers initially asserted that the requested admission "presents a genuine issue for trial at the class certification phase." This is neither a valid objection nor a proper response. However, the final sentence of the supplemental answers explaining that the Dock Board has made a reasonable inquiry and is unable to admit or deny these requests is a sufficient response under Fed. R. Civ. P. 36(a).

Plaintiffs' motion is denied as to defendant's responses to Request for Admissions Nos. 26, 27 and 46. The Dock Board has responded that it has insufficient information to admit or deny these requests. That response is sufficient at this time, but the court reminds the Dock Board of its obligation seasonably to supplement these and its other responses in the event it learns information that enables it to admit or deny the requests. Fed. R. Civ. P. 26(e)(2).

II.   <u>INTERROGATORIES</u>

Except to the extent a valid objection may be asserted, "[e]ach interrogatory shall be answered separately and fully. . . ." Fed. R. Civ. P. 33(b)(1). As with all other responses to written discovery, "an evasive or incomplete . . . answer . . . is to be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(3).

The motion is denied as to Interrogatory No. 1. The answer as supplemented is sufficiently responsive. While the reference to Titles 34 and 38 of the Louisiana Revised Statutes in the supplemental answer is inscrutable, no further response will be required.

The motion is granted as to Interrogatory No. 2. The interrogatory does not call for an "opinion." Instead, by its terms it specifically limits itself to contentions of fact and identification of witnesses. The interrogatory is not premature and requires no "discovery." Instead, it is merely a contention interrogatory of the sort specifically contemplated by Fed. R. Civ. P. 33(c). As to contention interrogatories of this sort,

5

Rule 33(c) provides that "the court <u>may</u> order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." This Rule is purely permissive. The court may – but is certainly not required to – delay a response. In this instance, there is no reason to delay discovery about the Dock Board's contentions concerning the requested facts and witnesses on the numerosity issue. Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry." Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

<u>General Cigar Co. v. Cohiba Caribbean's Finest, Inc.</u>, No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing <u>Essex Builders Group, Inc. v. Amerisure Ins. Co.</u>, 230 F.R.D. 682, 685 (M.D. Fla. 2005); <u>Continental Ill. Nat'l Bank & Trust Co. v. Caton</u>, 136 F.R.D. 682, 684 (D. Kan. 1991); <u>Miller v. Doctor's Gen'l Hosp.</u>, 76 F.R.D. 136, 140 (W.D. Okla. 1977)). This interrogatory must be answered in good faith by the Dock Board.

The motion is granted as to Interrogatory No. 13, subject to the requirements provided herein.  The objection is overruled.  This is a contention interrogatory of the sort specifically contemplated by Fed. R. Civ. P. 33(a).  The interrogatory is most decidedly not beyond the scope of Case Management Order No. 4 and seeks information relevant to class certification issues.  However, this question clearly contemplates reliance on expert input, as other defendants who have recognized its relevance to class certification issues have stated in their answers to this same interrogatory.  If the Dock Board has no information responsive to this interrogatory and does not intend to offer expert opinion as to this issue in the class certification stage, it must clearly say so now in a supplemental interrogatory answer.  If the Dock Board intends to develop expert information concerning this issue, it must clearly say so now in a supplemental interrogatory answer and provide an answer to this interrogatory on the same date that expert reports for class certification purposes are required.

Finally, the copies of the Dock Board's interrogatory answers provided to me with these motion papers, even as supplemented, do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2).  The required verification must be provided.

\* \* \* \* \*

**IT IS FURTHER ORDERED** that all additional answers to interrogatories, together with the required verification, and the single additional response to requests for

7

admissions required herein must be provided by the Dock Board to plaintiffs within ten

(10) days of entry of this order.

New Orleans, Louisiana, this 27th day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

_____

CLERK TO NOTIFY:
HON. STANWOOD R. DUVAL, JR.

8