UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
CONSOLIDATED LITIGATION
                                             NO. 05-4182

PERTAINS TO:  LEVEE, MRGO                    SECTION "K" (2)


### ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel seeking additional responses to written discovery from defendant, the East Jefferson Levee District ("East Jefferson").  Record Doc. No. 5422.  Specifically, the motion seeks additional responses to plaintiffs' Requests for Production Nos. 9, 10, 11, 12, 13, 14, 15 and 16; Requests for Admissions Nos. 1 and 2; and Interrogatories Nos. 5, 6, 13 and 14.  Id. at ¶ 3.  Defendant filed a timely opposition memorandum.  Record Doc. No. 5541.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows:

I.   REQUESTS FOR ADMISSIONS

Plaintiffs seek additional responses to their Request for Admissions Nos. 1 and 2. Plaintiffs make essentially no argument in their memorandum in support of their motion

and make no specific arguments concerning any of the contested responses. Plaintiffs argue only that an objection is not a proper answer to a Request for Admissions.

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted). "Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions . . . ." Warnecke v. Scott, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (5th Cir. Oct. 21, 2003) (citing In re Carney, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice & Procedure § 2255 & n. 8 (2003) (collecting cases)); accord Adventis, Inc. v. Consolidated Prop. Holdings, Inc., 124 Fed. Appx. 169, 2005 WL 481621, at *3 (4th Cir. Mar. 2, 2005).

Rule 36 provides a procedure for denying the requests or qualifying one's partial admissions or denials.

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable

<u>inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny</u>.

Fed. R. Civ. P. 36(a) (emphasis added).

> [R]equests for admissions are not principally discovery devices, see 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, [<u>Federal Practice and Procedure</u>] § 2252, at 524-525 [2d ed. 1994] ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence . . . ." <u>The Jules Fribourg</u>, 19 F.R.D. at 436; see 7 <u>Moore's Federal Practices</u> § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted).

<u>Safeco of Am. v. Rawstron</u>, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

> Therefore,
>
> [w]hen responding to requests for admissions, explanation generally is unnecessary. "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." Explanation is only required if the party cannot truthfully admit or deny.

<u>Id.</u> at 447 (quoting 8A Wright, Miller & Marcus, <u>Federal Practice and Procedure</u> § 2258, at 546-47; citing <u>United Coal Cos. v. Powell Constr. Co.</u>, 839 F.2d 958, 968 (3d Cir. 1988)).

Plaintiffs' motion is denied as to Request for Admissions No. 1 and 2, subject to the order contained herein.  East Jefferson's original answers, explaining why it cannot truthfully admit or deny the requests, were sufficient.  However, in its opposition memorandum, East Jefferson has stated that it has now received copies of Form 95's and that it is now in a position to supplement its responses to these requests.  Accordingly, the responses must be supplemented.

II.     INTERROGATORIES

The motion is granted as to Interrogatory No. 5.  This interrogatory is merely a contention interrogatory concerning the issues of commonality and typicality of the sort specifically contemplated by Fed. R. Civ. P. 33(c).  It does not request privileged information, attorney work product or the mental impressions of counsel.  Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry."  Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)).  Interrogatory No. 5 asks a simple question.  It merely asks if there is some defense that East Jefferson would assert against an individual claimant that it would not also assert against any of the named class representatives.  This same interrogatory has been understood and adequately answered by other defendants.  In its opposition memorandum, East Jefferson has stated that it has now received Form 95's and will supplement its answer to Interrogatory No. 5.  It must be answered in good faith by East Jefferson.

The motion is denied as to Interrogatory No. 6.  The question asks "[d]o you agree" with the proposition set out in the interrogatory.  The answer clearly states that the responding party does not agree with the stated proposition.  This answer is sufficient.

The motion is denied as to Interrogatory No. 13, subject to the requirements for provision of an answer to this interrogatory later in time, as provided herein.  As discussed above, this is also a contention interrogatory of the sort specifically contemplated by Fed. R. Civ. P. 33(a).  Unlike Interrogatory No. 5, however, this question clearly contemplates reliance on expert input of the sort described by East

Jefferson in its answer.  As to contention interrogatories of this sort, Rule 33(c) provides that "the court <u>may</u> order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."  **IT IS ORDERED** that East Jefferson may delay its response to this interrogatory, as long as it provides an answer within the expert reports required by Case Management Order No. 4.  If the answer is not contained in those expert reports, East Jefferson must provide an answer to this interrogatory on the same date that expert reports for class certification purposes are required.

The motion is granted in limited part as to Interrogatory No. 14 (misnumbered 15), only because the current answer is incomplete.  While an otherwise sufficient answer is provided, the question also asked for the "current professional address" of each person identified.  Thus, East Jefferson must provide the requested address.  Otherwise, the answer is sufficient, and the motion is denied insofar as it may seek some further relief.

Finally, the copies of East Jefferson's interrogatory answers provided to me with these motion papers do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2).  The required verification must be provided.

### III.   REQUESTS FOR PRODUCTION

Fed. R. Civ. P. 34(b) sets forth the requirements of a proper response to a request for production in pertinent part as follows:  "The party upon whom the request is served

shall serve a written response," which "shall state , with respect to each item or category, that inspection and related activities will be permitted <u>as requested, unless the request is objected to</u> . . . . If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The Rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

    A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, <u>Federal Practice and Procedure</u> § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are <u>not</u> in the responding party's possession, custody or control. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." <u>Id.</u> at 403-04.

    Responsive materials must be made available for inspection, either "as they are kept in the usual course of business" or the responding party "shall organize them to

correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i). As with other kinds of responses to written discovery requests, "an evasive or incomplete . . . response" to a Rule 34 request for production "is to be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(3).

Applying the foregoing principles, plaintiffs' motion is granted as to Requests for Production Nos. 9, 10, 11, 12, 13, 14, 15 and 16. All of these responses suffer from the same defects. The reference in these responses to anticipated expert reports is neither a well-founded objection nor a sufficient response under Rule 34(b). The requirement that expert reports be produced is a disclosure requirement pursuant to Fed. R. Civ. P. 26(a)(2), not discovery. Disclosure and discovery are two distinct procedural functions. While East Jefferson is not required to provide its expert reports prior to the disclosure deadline contained in the court's other orders, it is required to produce all other non-privileged materials responsive to this request. In this regard, East Jefferson's current response that "the Plaintiffs are directed to exhibit lists previously filed by EJLD and others" is vague and therefore evasive because it provides neither the court nor the discovering parties with any assurance that <u>all</u> non-privileged responsive materials are being produced. Since no valid objections have been made, East Jefferson must provide plaintiffs with new written responses to these requests, clearly stating that <u>all</u> responsive materials in its possession, custody or control are being provided, with the exception of

its expert reports. In light of the nature of this request and East Jefferson's previous vague responses indicating that some responsive materials have already been produced, East Jefferson's written responses must also specify by category which particular materials are responsive to which particular request.

* * * * *

**IT IS FURTHER ORDERED** that all additional answers to interrogatories, together with the required verification, and all additional responses to requests for admissions and production required herein, together with actual production of any responsive materials that have not already been produced, must be provided by East Jefferson to plaintiffs within ten (10) days of entry of this order.

New Orleans, Louisiana, this 27th day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

9