UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO:  LEVEE, MRGO                        SECTION "K" (2)


## ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel seeking additional answers to interrogatories from defendant, the Sewerage and Water Board of New Orleans ("SWB").  Record Doc. No. 5424.  Specifically, the motion seeks additional answers to plaintiffs' Requests for Production Nos. 4, 6, 9, 11, 14, 15 and 16; Requests for Admissions Nos. 2, 5, 6, 15 through 22, 25 through 30, 32 through 36, 38, 44 and 49; and Interrogatories Nos. 1, 4, 7, 8, 9 and 13.  Id. at ¶ 3.  Defendant filed a timely opposition memorandum.  Record Doc. No. 5624.

At the request of defendant, Record Doc. No. 5625, oral argument was conducted on June 27, 2007.  Participating were:  Darlene Jacobs, Richard Martin and Lewis Lusco, representing plaintiffs, and Charles Lanier, representing defendant.  Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows:

I.      REQUESTS FOR ADMISSIONS

Plaintiffs make essentially no argument in their memorandum in support of this motion and make no specific arguments concerning any of the contested responses. Plaintiffs argue only generally that the SWB has information readily available to enable it to admit questions concerning commonality and typicality of the plaintiffs, and that an objection is not a proper answer to a Request for Admissions.

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.  Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).  "Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions . . . ."  Warnecke v. Scott, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (citing In re Carney, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice & Procedure § 2255 & n. 8 (2003) (collecting cases)); accord Adventis, Inc. v. Consolidated Prop. Holdings, Inc., 124 Fed. Appx. 169, 2005 WL 481621, at *3 (4th Cir. Mar. 2, 2005).

Rule 36 provides a procedure for denying the requests or qualifying one's partial admissions or denials.

The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a).

[R]equests for admissions are not principally discovery devices, see 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, [Federal Practice and Procedure] § 2252, at 524-525 [2d ed. 1994] ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.  A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence . . . ." The Jules Fribourg, 19 F.R.D. at 436;  see 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted).

Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Therefore,

[w]hen responding to requests for admissions, explanation generally is unnecessary.  "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). "Each request for an admission should be phrased simply and directly so that it

> can be admitted or denied without explanation."   Explanation is only
> required if the party cannot truthfully admit or deny.

Id. at 447 (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2258,

at 546-47; citing United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 968 (3d Cir.

1988)).

Plaintiffs' motion is denied as to all contested Requests for Admissions, for the

following reasons.

The SWB's objections to Request for Admissions Nos. 2 and 5 are sustained.

Request for Admissions No. 2 asks for an admission that Standard Forms 95 ("SF-95")

submitted to the Army Corps of Engineers are "legally sufficient."   Request for

Admissions No. 5 asks for an admission that each class representative has satisfied all

statutory conditions precedent to maintenance of an action under the Federal Tort Claims

Act.   These requests seek legal conclusions, not the application of law to fact.   In

addition, because the SWB was not a recipient of any SF-95 Forms, it has no knowledge

on which to base an admission or denial.   Thus, even if the objections were overruled,

the SWB's answers are sufficient.

The court overrules defendant's objection that the phrase "some damage" in

Request for Admissions Nos. 6 and 25 is vague and ambiguous.   The meaning of the

phrase is clear in the context of the entire sentence.  Nonetheless, the SWB's answers to these requests, explaining why it cannot truthfully admit or deny them, are sufficient.

The SWB's objection that Request for Admissions No. 15, 16, 17, 18 and 19 seek a legal conclusion is overruled.  However, the SWB's answers, explaining why it cannot truthfully admit or deny the requests, are sufficient.

The SWB denied Request for Admissions 20, 21, 22, 32, 33, 34, 35 and 36.  This is a sufficient response.

The SWB has adequately explained why it cannot truthfully admit or deny Request for Admissions 26, 27, 28, 29, 30 and 38.  These are sufficient responses.

The SWB's objection that Requests for Admissions Nos. 44 and 49 are vague and ambiguous is overruled.  However, the SWB's answers, explaining why it cannot truthfully admit or deny these requests, are sufficient.

II.    INTERROGATORIES

Except to the extent a valid objection may be asserted, "[e]ach interrogatory shall be answered separately and fully. . . ."  Fed. R. Civ. P. 33(b)(1).  As with all other responses to written discovery, "an evasive or incomplete . . . answer . . . is to be treated as a failure to . . . answer."  Fed. R. Civ. P. 37(a)(3).

The motion is denied as to Interrogatory No. 1.  The answer is sufficiently responsive, and the objections are sustained.

The motion is granted as to Interrogatory No. 4.  This interrogatory by its terms specifically limits itself to contentions of fact and identification of witnesses.  The interrogatory is not premature.  Instead, it is merely a contention interrogatory of the sort specifically contemplated by Fed. R. Civ. P. 33(c).  As to contention interrogatories of this sort, Rule 33(c) provides that "the court <u>may</u> order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."  This Rule is purely permissive.  The court may – but is certainly not required to – delay a response.  In this instance, there is no reason to delay discovery about SWB's contentions concerning the requested facts and witnesses on the adequacy of representation issue.  Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry."  Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

<u>General Cigar Co. v. Cohiba Caribbean's Finest, Inc.</u>, No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing <u>Essex Builders Group, Inc. v. Amerisure Ins. Co.</u>, 230 F.R.D. 682, 685 (M.D. Fla. 2005); <u>Continental Ill. Nat'l Bank

& Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l

Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)).  This interrogatory must be answered in

the fashion required above.

The motion is denied as to Interrogatory No. 7, and all objections are sustained.

Unlike Interrogatory No. 4, this interrogatory requests a mini-legal brief, as opposed to

facts or a fleshing out of contentions that relate to the application of law to fact.  The

court will not require such a mini-legal brief at this time in the form of an interrogatory

answer, Fed. R. Civ. P. 33(c), when deadlines for full briefing have been set in its other

scheduling orders.

The motion is denied as to Interrogatories No. 8 and 9.  While all objections are

overruled, the responsive information provided "[s]ubject to the foregoing objections"

at the end of these prolix responses is sufficient.

The motion is denied as to Interrogatory No. 13, subject to the requirements for

provision of an answer to this interrogatory at a later time, as provided herein.  This is

a contention interrogatory of the sort specifically contemplated by Fed. R. Civ. P. 33(a).

However, this question clearly contemplates reliance on expert input of the sort described

by the SWB in its answer.  As to contention interrogatories of this sort, Rule 33(c)

provides that "the court may order that such an interrogatory need not be answered until

after designated discovery has been completed or until a pre-trial conference or other

later time."  Accordingly, **IT IS ORDERED** that the SWB may delay its response to this interrogatory, as long as it provides an answer within the expert reports required by Case Management Order No. 4.  If the answer is not contained in those expert reports, the SWB must provide an answer to this interrogatory on the same date that expert reports for class certification purposes are required.

Finally, the copies of the SWB's interrogatory answers provided to me with these motion papers do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2).  The required verification must be provided.

III.    REQUESTS FOR PRODUCTION

Fed. R. Civ. P. 34(b) sets forth the requirements of a proper response to a request for production in pertinent part as follows:  "The party upon whom the request is served shall serve a written response," which "shall state , with respect to each item or category, that inspection and related activities will be permitted <u>as requested, unless the request is objected to</u> . . . .  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  The Rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the request is served . . . ." Fed. R. Civ. P. 34(a). Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, Federal Practice and Procedure § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are not in the responding party's possession, custody or control. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." Id. at 403-04.

Responsive materials must be made available for inspection, either "as they are kept in the usual course of business" or the responding party "shall organize them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i). As with other kinds of responses to written discovery requests, "an evasive or incomplete . . . response" to a Rule 34 request for production "is to be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(3).

Applying the foregoing principles, plaintiffs' motion is granted as to Requests for Production Nos. 4 and 16. The prematurity objection is overruled. The requirement that expert reports be produced is a disclosure requirement pursuant to Fed. R. Civ. P.

9

26(a)(2), not discovery.  Disclosure and discovery are two distinct procedural functions.

While SWB is not required to provide its expert reports prior to the disclosure deadline

contained in the court's other orders, it is required to produce all other non-privileged

materials responsive to this request.  In this regard, SWB's current responses, including

the phrase "see exhibit lists previously filed by SWB [. . .] and others," are vague and

therefore evasive.  The argument in SWB's opposition memorandum that its answer to

Interrogatory No. 2 moots any response to Request for Production No. 4 is unavailing.

If SWB has materials responsive to this request, they must be provided, regardless

whether it contests the numerosity requirement.  Since no valid objections have been

made, SWB must provide plaintiffs with new written responses to these requests, clearly

stating that all responsive materials in its possession, custody or control are being

provided, with the exception of its expert reports.  In light of the nature of this request

and SWB's previous vague responses indicating that some responsive materials have

already been produced, SWB's written responses must also specify by category which

particular materials are responsive to which particular request.

The motion is granted in limited part as to Request No. 6.  The response raises the

single objection that the request seeks materials "protected by the attorney client

privilege and work product doctrine."  However, the materials provided to me in

connection with this motion fail to comply with Fed. R. Civ. P. 26(b)(5) in this regard.

In its opposition memorandum, SWB asserts that it has no privileged materials responsive to this request, but may generate some in the future.  If it has no privileged materials, it must say so now.  If it does, SWB must provide  the required privilege log. In all other respects, the remainder of the response, that "SWB does not possess or control such documents," is sufficient, as long as it is true.

The motion is granted as to Requests for Production No. 9, 11, 14 and 15 because the current responses suffer from the same kinds of defects addressed above.  SWB must provide  new written responses to these requests that comply with the requirements set out above in connection with Request No. 4, together with the required Rule 26(b)(5) privilege log as set out above in connection with Request No. 6.

*  *  *  *  *

**IT IS FURTHER ORDERED** that all additional answers to interrogatories, together with the required verification, and all additional written responses to requests for production required herein, together with the Rule 26(b)(5) privilege log and production of any additional responsive materials, must be provided by the SWB to plaintiffs within ten (10) days of entry of this order.

New Orleans, Louisiana, this 27th day of June, 2007.

CLERK TO NOTIFY:                                    JOSEPH C. WILKINSON, JR.
Hon. Stanwood R. Duval, Jr.                UNITED STATES MAGISTRATE JUDGE

11