UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO:  LEVEE, MRGO                         SECTION "K" (2)

## ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel seeking additional responses to written discovery from defendant, the United States of America.  Record Doc. No. 5427. Specifically, the motion seeks additional responses to plaintiffs' Requests for Production Nos. 1 through 5 and 7 through 16; Requests for Admissions Nos. 9 through 14, 15(1), 15(2),[1] 16 through 22, and 25 through 49; and Interrogatories Nos. 2 through 9 and 11 through 13.  Defendant filed a timely opposition memorandum.  Record Doc. No. 5626.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART, DENIED IN PART and DEFERRED IN PART, as follows.

---

[1]Plaintiffs' Request for Admissions erroneously included two requests numbered 15, which they have now re-numbered as 15(1) and 15(2).

I.    REQUESTS FOR ADMISSIONS

Plaintiffs' "motion to compel" seeks additional responses to their Request for Admissions Nos. 9 through 14, 15(1), 15(2), 16 through 22, and 25 through 49.  This motion is properly viewed, not as a motion to compel, but as a motion "to determine the sufficiency of the answers or objections" to the requests.  Fed. R. Civ. P. 36(a).

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.  Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).  "Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions . . . ."  Warnecke v. Scott, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (5th Cir. Oct. 21, 2003) (citing In re Carney, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice & Procedure § 2255 & n. 8 (2003) (collecting cases)); accord Adventis, Inc. v. Consolidated Prop. Holdings, Inc., 124 Fed. Appx. 169, 2005 WL 481621, at *3 (4th Cir. Mar. 2, 2005).

Rule 36 provides a procedure for denying the requests or qualifying one's partial admissions or denials.

The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a).

[R]equests for admissions are not principally discovery devices, see 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, [Federal Practice and Procedure] § 2252, at 524-525 [2d ed. 1994] ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence . . . ." The Jules Fribourg, 19 F.R.D. at 436; see 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted).

Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Therefore,

[w]hen responding to requests for admissions, explanation generally is unnecessary. "The answer [to a request for admission] shall specifically

3

deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." Explanation is only required if the party cannot truthfully admit or deny.

Id. at 447 (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2258, at 546-47; citing United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 968 (3d Cir. 1988)).

The United States specifically incorporates three of its General Objections in the contested responses to Requests for Admissions. In General Objection No. 9, the United States objects to any class certification discovery on the basis that it has not finished processing all of the approximately 325,000 administrative claims on Standard Form 95 ("SF-95") that the Army Corps of Engineers has received. That objection is overruled. The United States also estimates that it has not yet processed even the majority of the SF-95 forms. Thus, the United States objects that it is currently unable to respond fully to some Requests for Admissions. This portion of the objection is reasonable, at least insofar as it applies to plaintiffs' Requests for Admissions, and is sustained to the extent applicable, but the United States is reminded of its obligation to supplement its responses seasonably when it obtains additional information. Fed. R. Civ. P. 26(e)(2).

In General Objection No. 11, the United States objects on the ground that class certification against it is not appropriate until all claimants have exhausted their administrative claims under either the Federal Tort Claims Act, 28 U.S.C. § 2675, or the Admiralty Extension Act. 46 U.S.C. § 740. This objection is overruled. Whether class certification is appropriate against the United States will be determined at the class certification hearing. Written discovery and Requests for Admissions are designed to prepare the parties for that hearing. This objection is unavailing.

In General Objection No. 12, the United States objects to any Requests for Admissions that ask it to provide its legal arguments, theories and conclusions that it may use to oppose class certification. Defendant contends that (1) requests that call for a legal conclusion are improper and (2) such requests are premature because defendants are not required to present their legal arguments in opposition to class certification until the Case Management Order No. 4 ("CMO") requires them to do so on September 28, 2007. While Requests for Admissions concerning legal conclusions are improper, most of the requests are <u>not</u> addressed to pure legal conclusions, but instead properly relate to facts <u>as applied</u> to law. For similar reasons, the prematurity objection is also generally misplaced. Thus, except as otherwise noted, these objections are overruled.

The motion is denied as to Request for Admissions Nos. 9, 10, 11, 12, 13, 14, 20 and 21. Although the objections are overruled, the United States has denied these requests. Thus, these responses are sufficient.

The motion is denied as to Requests for Admissions Nos. 15, 16, 17, 18 and 19. Although the objections are overruled, the United States has stated that it has made a reasonable inquiry and that the information known or readily obtainable by it is insufficient to enable it to admit or deny these requests. Specifically, Requests for Admissions Nos. 15(1) through 19 ask the United States to admit that the members of the proposed Class and each Sub-Class "are so geographically dispersed that joinder of such persons and entities in this action is impracticable." Plaintiffs argue that the United States should be able to respond to these requests because it has received tens of thousands of SF-95 forms (approximately 325,000, according to the United States) that "identify a unique location where injury to or loss of property, personal injury or death is alleged to have occurred by reason of the Hurricane Katrina-related flooding," with the result that information regarding the claimants' geographic dispersal is "readily obtainable" by the United States. Even assuming that the SF-95 forms contain the current location of each claimant (although that is not what plaintiffs contend), the United

States' objection that it cannot answer fully at this time because it has not yet reviewed the majority of the forms (i.e., it has reviewed fewer than 162,500 of them) has been sustained, subject to Fed. R. Civ. P. 26(e)(2).

As to Request for Admissions No. 22, the objection that the request calls for a legal conclusion is overruled.  The request does not seek a legal conclusion.  Instead, it seeks an admission that relates to "the application of law to fact."  Fed. R. Civ. P. 36(a). The United States is correct that it is not required to respond to Request for Admissions No. 22 to the extent that the request pertains to any other defendant, and that objection is sustained.  However, the answer of the United States to this request includes an express denial.  That answer is sufficient, so that the motion is denied as to Request for Admissions No. 22.

The motion is denied as to Request for Admissions No. 25.  The same ruling as to General Objections No. 9 and 11 set out above applies to this request.  The court overrules defendant's objection that the phrase "some damage" in Request for Admissions No. 25 is vague and ambiguous.  The meaning of the phrase is clear in the context of the entire sentence.  However, the United States has explained why it cannot

truthfully admit or deny the request, and that answer is sufficient, subject to the ongoing obligation to supplement this answer as required in Fed. R. Civ. P. 26(e)(2).

The motion is denied as to Request for Admissions Nos. 26 through 49. The various objections to these requests, including but not limited to the objection that some are vague and ambiguous, are overruled. Plaintiffs argue that, because the United States has <u>some</u> information in its possession regarding the subject matter of Request for Admissions Nos. 26 through 49, the United States must either admit each request or explain its straightforward denial of those requests. That is not the law. Rule 36 requires either an admission or a specific denial, <u>without</u> any explanation, <u>or</u> an explanation why the answering party cannot admit or deny the matter or can in good faith qualify an answer or deny only a part of the matter. Because the United States has unqualifiedly denied each of these Requests for Admissions, its responses to Request for Admissions Nos. 26 through 49 are sufficient. If plaintiffs have any <u>evidence</u> that the denials of the United States are not in good faith, plaintiffs may present that evidence to the court along with a request for sanctions. The United States is again cautioned that it must seasonably supplement its responses when additional information is obtained. Fed. R. Civ. P. 26(e)(2).

II.   <u>INTERROGATORIES</u>

The motion seeks additional answers to plaintiffs' Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, 9, 11, 12 and 13.  Except to the extent a valid objection may be asserted, "[e]ach interrogatory shall be answered separately and fully."  Fed. R. Civ. P. 33(b)(1).  As with all other responses to written discovery, "an evasive or incomplete . . . answer . . . is to be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(3). Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry."  Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

<u>General Cigar Co. v. Cohiba Caribbean's Finest, Inc.</u>, No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing <u>Essex Builders Group, Inc. v. Amerisure Ins. Co.</u>, 230 F.R.D. 682, 685 (M.D. Fla. 2005); <u>Continental Ill. Nat'l Bank & Trust Co. v. Caton</u>, 136 F.R.D. 682, 684 (D. Kan. 1991); <u>Miller v. Doctor's Gen'l Hosp.</u>, 76 F.R.D. 136, 140 (W.D. Okla. 1977)).

9

Interrogatories seeking to flesh out the contentions of parties are specifically permitted.  "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."  Fed. R. Civ. P. 33(c).

As an initial matter, the objection of the United States that the interrogatories exceed the permissible numerical limit is overruled.  The court considers Interrogatory No. 1, which the United States satisfactorily answered, a single interrogatory for present purposes.

The motion is granted in part and denied in part as to Interrogatories No. 2, 3 and 4.  Although all objections are overruled, the responsive information provided subject to those objections is sufficient as to the part of these interrogatories concerning the factual contentions of the United States.  However, the responses are incomplete.  In addition to seeking a factual explanation of the contentions of the United States concerning numerosity and typicality, these interrogatories also seek identification of witnesses who possess relevant knowledge concerning those contentions.  "Parties may

obtain discovery regarding . . . the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The answers of the United States identify no such witnesses, although the interrogatories ask for such identification. In its opposition memorandum, the United States argues that Interrogatories No. 2 and 4 concern a legal argument and that "there are no witnesses" with knowledge responsive to these interrogatories. The interrogatories do not concern a pure legal issue, but instead relate to the application of fact to law. The United States must supplement its answers to these interrogatories, either to state clearly that it has no witnesses or to identify the requested witnesses.

The motion is denied as to Interrogatories No. 5, 7 and 11. Although all objections are overruled, the information provided in response to these interrogatories is sufficient, subject to the obligation to supplement these answers imposed by Fed. R. Civ. P. 26(e)(2), with which the United States is expected to comply, as appropriate.

The motion is granted as to Interrogatory No. 6. All objections are overruled. The responsive information provided subject to those objections is vague and evasive. This is a simple question susceptible to a "yes" or "no" answer as to whether the United States agrees with the posed proposition. The United States must answer it.

11

The motion is denied as to Interrogatories Nos. 8 and 9.  Although all objections are overruled, the information provided in response to these interrogatories, subject to the objections, is sufficient.

The motion is granted as to Interrogatory No. 12.  All objections are overruled. This is a simple question susceptible to an answer that contains an estimated number. The requested number can in no way constitute a privileged communication or work product.  As to the reference in this answer to documents provided in the form of initial disclosures and the IPET Report, while Fed. R. Civ. P. 33(d) permits a party answering interrogatories the option of producing business records, such an answer must "specify the records from which the answer may be derived or ascertained . . . .  A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." (Emphasis added).  Vague references of the sort included in this answer do not satisfy this requirement.  In other locations in its responses to these interrogatories, the United States has in fact provided an estimate of the number of persons who have filed SF-95 forms.  A similar estimate must be provided in response to this interrogatory, if known, or the specification required by Rule 33(d) must be provided.  Defendant's opposition

12

memorandum implicitly recognizes that the United States should be able to answer this interrogatory.  It must do so.

The motion is granted as to Interrogatory No. 13.  All objections are overruled. The requested information is factual in nature and can in no way constitute a privileged communication or work product.  Although this question may contemplate reliance on expert input, the responsive information provided in this answer, subject to the overruled objections, indicates that the United States has responsive information somewhere in its initial disclosures or in the IPET Report and can provide it without waiting for its expert reports.  As discussed above, vague references to documents of this sort do not satisfy the requirements of Fed. R. Civ. P. 33(d).  The United States must answer this interrogatory with non-privileged information or provide the required specification.

III.   REQUESTS FOR PRODUCTION

Plaintiffs seek additional responses to plaintiffs' Requests for Production Nos. 1 through 5 and 7 through 16.

Fed. R. Civ. P. 34(b) sets forth the requirements of a proper response to a request for production in pertinent part as follows:  "The party upon whom the request is served shall serve a written response," which "shall state , with respect to each item or category,

that inspection and related activities will be permitted <u>as requested, unless the request is</u> <u>objected to</u> . . . .   If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."   The Rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the request is served."   Fed. R. Civ. P. 34(a).   Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, <u>Federal Practice and Procedure</u> § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are <u>not</u> in the responding party's possession, custody or control.   "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control."   <u>Id.</u> at 403-04.

Responsive materials must be made available for inspection, either "as they are kept in the usual course of business" or the responding party "shall organize them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i). As with other kinds of responses to written discovery requests, "an evasive or incomplete . . . response" to a Rule 34 request for production "is to be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(3).

Applying the foregoing principles, plaintiffs' motion is granted as to Request for Production No. 1, as follows. In its Rule 34(b) written response, the United States asserts two objections to this request: (1) the request seeks records protected from disclosure by the Privacy Act, 5 U.S.C. § 552a(b), and (2) the request is "overly broad and unduly burdensome." Both of these objections are overruled. The Privacy Act has an exception that allows disclosure of records "pursuant to the order of a court of competent jurisdiction." Id. § 552a(b)(11). This is such a court and such an order. The objection that the request is overly broad and unduly burdensome is both a relevance objection under Fed. R. Civ. P. 26(b)(1) and a proportionality objection under Fed. R. Civ. P. 26(b)(2)(C). I find that the records sought by Request for Production No. 1 are vitally material, extraordinarily relevant and absolutely calculated to lead to the discovery of

admissible evidence.  The burden of inspecting these materials is largely upon the plaintiffs.  They want this opportunity, regardless of the burden.  The principal burden of responding to this request that falls upon the United States is to make these materials available for inspection.  Although the responsive materials are undoubtedly voluminous, considering the amount in controversy, the parties' resources and the vital importance of these materials to this litigation, I find that the benefits of production outweigh the burden or expense of production.  The United States must make the requested SF-95 forms available for inspection without further delay.  The United States need not redact any information or otherwise deal with these materials.  Although the materials may contain some sensitive personal information, such information will be adequately protected as follows:  All materials produced in response to Request for Production No. 1 will be treated as "CONFIDENTIAL INFORMATION" pursuant to the Master Protective Order, Record Doc. No. 5393, which is made applicable to these materials.

The motion is granted in part and deferred in part as to Requests for Production Nos. 2, 3, 4 and 5.  All objections are overruled except as to attorney-client privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3).  All non-privileged, non-work product and non-Rule 26(b)(3) materials responsive to these requests must be produced

in accordance with the previously approved document production protocol, and the United States must provide a new written response without objection, except on the three grounds noted above, clearly stating that it will do so.

The motion is deferred in part as to materials subject to defendant's objections on the grounds of privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3).  At this time, these objections of the United States are unsubstantiated.  It is not established that the requested materials are protected from discovery as a matter of law.  The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege. High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985)); In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . .  To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald,

17

conclusory, or ipse dixit assertion.  The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . .  Although an attorney's word may be "taken on its face," a privilege claim is not self-executing.  It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, <u>Attorney-Client Privilege in the United States</u> § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Thus, these objections of the United States may be sustained only if the objections are both properly asserted and the facts supporting them are established by evidence. First, the party who asserts privilege and/or work product objections to a request for production must comply with Fed. R. Civ. P. 26(b)(5).  The materials provided to me in connection with this motion do not include the required privilege log.  Second, despite the fact that defendant bears the burden of proof on this claim, defendant has submitted <u>no evidence</u> of any kind, by affidavit, deposition testimony or otherwise, that might establish that the requested information is privileged in any way.  The mere assertion of a lawyer in defendant's opposition memorandum or in the letter attached as Exhibit "1" that the materials were prepared in anticipation of litigation <u>is not evidence</u> sufficient to bear the burden.

Assuming that the United States can support its objections that the requested materials are Rule 26(b)(3) materials, work product or privileged in some way, plaintiffs may still obtain discovery of such materials.  It appears from the argument contained principally in the opposition memorandum or in the letter attached as Exhibit "1" that a decision on plaintiffs' motion concerning Requests for Production Nos. 2, 3, 4 and 5 turns in large part on whether Fed. R. Civ. P. 26(b)(3) and/or the work product doctrine protect "both databases" referenced in Exhibit "1" to the opposition memorandum (the letter of Daniel M. Barish to Richard M. Martin, Jr. dated June 15, 2007).  If the United States carries its burden to show that the requested materials were created in anticipation of litigation or for trial, then the materials are protected from disclosure, unless plaintiffs meet their burden established in Fed. R. Civ. P. 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

19

Thus, plaintiffs may obtain the requested materials, even if they are protected as a threshold matter, if they make the required showing.  Accordingly, ruling on this part of the motion is deferred pending the following:

IT IS ORDERED that, no later than July 5, 2007, the United States must file and serve the required privilege log and all evidence necessary to sustain its burden concerning its assertion of any privilege or any other protective doctrine.  In addition, in camera review of "both databases" referred to in the opposition materials, if feasible, may aid the court in its determination of this issue.  Accordingly, no later than July 5, 2007, the United States must also provide to me for in camera review a written statement concerning whether in camera production to me of "both databases," on compact disc or other electronic format that can be provided without undue cost or effort, is feasible.

IT IS FURTHER ORDERED that, no later than July 12, 2007, plaintiffs must file and serve their response to these submissions, including any evidence necessary to make the showing required by Rule 26(b)(3).  Thereafter, the court will rule on this part of the motion on the record without further briefing.

Plaintiffs' motion is granted in part and denied in part as to Request for Production Nos. 7 and 8, the responses to which must be supplemented, but only as provided herein.

These requests seek documents establishing the <u>number</u> of persons residing in the relevant areas, both on the day before and after Hurricane Katrina struck. The objections are well-founded in part. Thus, the court will require only that the United States must produce those non-privileged responsive materials, if any, which reflect these numbers, have not previously been made publicly available and were prepared, authored, generated or maintained by the precise agency involved in this litigation, the Corps of Engineers. The United States is <u>not</u> required to produce United States Census Bureau materials or other data prepared by other governmental agencies or other publicly available materials in response to these requests. The United States must provide a new written response clearly stating that all responsive materials, as limited herein, in its possession, custody or control will be made available for inspection by plaintiffs in accordance with the previously approved document production protocol.

Plaintiffs' motion is granted as to Request for Production Nos. 9 through 16. The court overrules all of defendant's objections, including but not limited to the objection that the terms "source, cause, process, timing and depth" of any inundation are vague and ambiguous. The United States must provide a new written response clearly stating that all non-privileged responsive materials in its possession, custody or control will be made

available for inspection by plaintiffs in accordance with the previously approved document production protocol.

*  *  *  *  *

IT IS FURTHER ORDERED that all additional answers to interrogatories and all additional written responses to requests for production required herein must be provided to plaintiffs by the United States within ten (10) days of entry of this order. Access to the SF-95 forms responsive to Request for Production No. 1 must be provided as soon as practicable. All other responsive materials must be timely produced in accordance with the previously approved document production protocol.

New Orleans, Louisiana, this 27th day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

22