UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:  LEVEE, MRGO | SECTION "K" (2) |

### ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel seeking additional answers to interrogatories from defendant St. Paul Fire and Marine Insurance Company ("St. Paul"). Record Doc. No. 5425. Specifically, the motion seeks additional answers to plaintiffs' Interrogatories Nos. 1, 2, 5, 7, 12 and 13. Id. at ¶ 3. Defendant filed a timely opposition memorandum. Record Doc. No. 5539.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows:

The motion is granted in part and denied in part as to Interrogatory No. 1. The objections are overruled insofar as they apply to subsection (i) of this interrogatory. For each request for admission that St. Paul denied, it must provide a supplemental interrogatory answer that lists the names and job titles of all persons who provided information used to deny the request. A mere list of these persons in this respect cannot

possibly constitute privileged materials. If the person identified in the "proposed" supplemental answer referenced in the opposition memorandum is the only person who was consulted, the answer should be supplemented in that respect. In all other respects, the objections are sustained as to Interrogatory No. 1, and no further responses are required.

The motion is granted as to Interrogatory No. 2. All objections are overruled. The interrogatory does not call for a legal conclusion. Instead, by its terms it specifically limits itself to contentions of fact and identification of witnesses. The interrogatory is not premature and shifts no "burden." Instead, it is merely a contention interrogatory of the sort specifically contemplated by Fed. R. Civ. P. 33(c). As to contention interrogatories of this sort, Rule 33(c) provides that "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." This Rule is purely permissive. the court may – but is certainly not required – to delay a response. In this instance, there is no reason to delay discovery about St. Paul's contentions concerning the requested facts and witnesses on the numerosity issue. Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry." Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available

> to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)). If, as St. Paul states in the "proposed" supplemental answer referenced in its opposition memorandum, St. Paul knows of no such facts or witnesses and will not contest the numerosity requirement, it should clearly say so, without objection.

The motion is granted as to Interrogatory No. 5. All objections are overruled. As discussed above, this is a contention interrogatory concerning the issues of commonality and typicality. The question asked is a simple one. It merely asks if there is some defense that St. Paul would assert against an individual claimant that it would not also assert against any of the named class representatives. This same interrogatory has been understood and adequately answered by other defendants. It must be answered in good faith by St. Paul. If made without objection, and subject to the continuing

supplementation requirement of Fed. R. Civ. P. 26(e)(2), the "proposed" supplemental answer referenced in the opposition memorandum will be sufficient.

The motion is denied as to Interrogatory No. 7, and all objections are sustained. Unlike the foregoing contention interrogatories, this interrogatory requests a mini-legal brief, as opposed to facts or a fleshing out of contentions that relate to the application of law to fact. The court will not require such a mini-legal brief at this time in the form of an interrogatory answer, Fed. R. Civ. P. 33(c), when deadlines for full briefing have been set in its other scheduling orders.

The motion is denied as to Interrogatories Nos. 12 and 13. The responsive information provided by St. Paul in the last clause of its answer is sufficient, as long as it is true. Of course, these answers are subject to the requirements of Fed. R. Civ. P. 26(e)(2), and St. Paul must supplement its answers to these interrogatories immediately upon receipt of any "estimate [of] the number of persons" described in Interrogatory No. 12 or any information concerning "each source of inundation and the manner in which you contend the inundation occurred," as described in Interrogatory No. 13.

Finally, the copies of St. Paul's interrogatory answers, including the "proposed" supplemental answers, provided to me with these motion papers do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2). The required verification must be provided, as to all interrogatory answers.

All supplemental answers to interrogatories ordered herein, including the Rule 33(b) verification, must be provided by St. Paul to plaintiffs within ten (10) days of entry of this order.

New Orleans, Louisiana, this 27th day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.