UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:  LEVEE, MRGO | SECTION "K" (2) |

### ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel seeking additional responses to written discovery from defendant Orleans Levee District ("OLD").  Record Doc. No. 5423. Specifically, the motion seeks additional responses to plaintiffs' Requests for Production Nos. 7, 9, 10, 12, 13, 14, 15 and 16; Requests for Admissions Nos. 22, 26, 31 through 35 and 37 through 42; and Interrogatories Nos. 1, 4, 5 and 7.  Id. at ¶ 3.  Defendant filed a timely opposition memorandum.  Record Doc. No. 5592.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows:

I.      REQUESTS FOR ADMISSIONS

As to all of the Requests for Admissions that are the subject of this motion, plaintiffs contend that OLD has responded to each of these requests by objecting that the requests call for a legal conclusion and that an objection is not a valid answer to a Request for Admissions.  However, plaintiffs fail to mention that, in addition to and alternatively to the objection, OLD has in fact provided answers to each of these Requests for Admissions.

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.  Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).  "Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions . . . ."  Warnecke v. Scott, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (citing In re Carney, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice & Procedure § 2255 & n. 8 (2003) (collecting cases)); accord Adventis, Inc. v. Consolidated Prop. Holdings, Inc., 124 Fed. Appx. 169, 2005 WL 481621, at *3 (4th Cir. Mar. 2, 2005).

2

Rule 36 provides a procedure for denying the requests or qualifying one's partial admissions or denials.

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a).

> [R]equests for admissions are not principally discovery devices, see 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, [Federal Practice and Procedure] § 2252, at 524-525 [2d ed. 1994] ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence . . . ." The Jules Fribourg, 19 F.R.D. at 436; see 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted).

Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

>Therefore,
>
>[w]hen responding to requests for admissions, explanation generally is unnecessary. "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." Explanation is only required if the party cannot truthfully admit or deny.

Id. at 447 (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2258, at 546-47; citing United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 968 (3d Cir. 1988)).

For the following reasons, plaintiffs' motion is denied in all respects as to all contested Requests for Admissions.

The court overrules OLD's objection to Requests for Admissions Nos. 22, 31 through 35 and 37 through 41 that these requests seek conclusions of law. These requests ask for the application of law to fact.

However, the court sustains OLD's objection that Request for Admissions No. 42 seeks conclusions of law. Request for Admissions No. 42 differs from its predecessor Requests for Admissions Nos. 37 through 41. Request for Admissions No. 42 asks OLD to admit or deny whether the question of whether the defendants violated several

4

<u>Louisiana Civil Code articles</u> is a question common to all class members, while the preceding requests asked the OLD to admit or deny whether a defendant's commission of certain acts described in the Complaint is a question common to all class members. Whether any defendant violated any Civil Code articles is indeed a conclusion of law that is overlaid on top of the factual commonality question.

Nonetheless, plaintiffs' motion is denied as to Requests for Admissions Nos. 26, 31 through 35 and 37 through 42 because OLD's answers to these requests, explaining why it cannot truthfully admit or deny them, are sufficient. The motion is also denied as to Request for Admissions No. 22 because OLD admits it in part and denies the rest. This is all that is required.

II.     <u>INTERROGATORIES</u>

The motion is denied as to Interrogatory No. 1. The responsive information provided in the answer to this interrogatory is sufficient, and the objections are sustained in all other respects.

The motion is granted as to Interrogatory No. 4. By its terms, the interrogatory specifically limits itself to contentions of fact and identification of witnesses. Thus, it is merely a contention interrogatory of the sort specifically contemplated by Fed. R. Civ.

5

P. 33(c). When the current answer states that "O.L.D. contests whether the class representatives' claims satisfy the 'adequacy' requirement," it implies that the answering party has some basis in fact for contesting the adequacy requirement. Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry." Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)).

As to the statement in this answer that the interrogatory is "premature," to whatever extent, if any, that this constitutes an objection, it is overruled. Rule 33(c) provides that, as to contention interrogatories of this sort, "the court may order that such

6

an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." This Rule is purely permissive. The court may – but is certainly not required – to delay a response. In this instance, there is no reason to delay discovery about OLD's contentions concerning the requested facts and witnesses on the adequacy issue, and the interrogatory must be answered.

If, as stated in its opposition memorandum, OLD has no information responsive to this interrogatory, it must say so, without objection, in a supplemental answer, subject to its duty to supplement as required by Fed. R. Civ. P. 26(e)(2).

Similarly, Interrogatory No. 5 is merely a contention interrogatory. For reasons similar to those discussed above, the motion is granted as to Interrogatory No. 5, and the prematurity objection is overruled.

The motion is denied as to Interrogatory No. 7, and the prematurity objection is sustained in this particular instance. Unlike the foregoing contention interrogatories, this interrogatory requests a mini-legal brief, as opposed to facts or a fleshing out of contentions that relate to the application of law to fact. The court will not require such

a mini-legal brief at this time in the form of an interrogatory answer, Fed. R. Civ. P. 33(c), when deadlines for full briefing have been set in its other scheduling orders.

Finally, the copies of OLD's interrogatory answers provided to me with these motion papers do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2). The required verification must be provided.

### III.     REQUESTS FOR PRODUCTION

Fed. R. Civ. P. 34(b) sets forth the requirements of a proper response to a request for production in pertinent part as follows: "The party upon whom the request is served shall serve a written response," which "shall state , with respect to each item or category, that inspection and related activities will be permitted <u>as requested, unless the request is objected to</u> . . . . If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The Rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the

request is served." Fed. R. Civ. P. 34(a). Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, <u>Federal Practice and Procedure</u> § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are <u>not</u> in the responding party's possession, custody or control. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." <u>Id.</u> at 403-04.

Responsive materials must be made available for inspection, either "as they are kept in the usual course of business" or the responding party "shall organize them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i). As with other kinds of responses to written discovery requests, "an evasive or incomplete . . . response" to a Rule 34 request for production "is to be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(3).

Applying the foregoing principles, plaintiffs' motion is denied as to Request for Production No. 7, subject to the conditions contained herein. By responding "None," with the qualifying sentence concerning supplementation that follows that word, the

9

court finds that OLD has stated that it has no materials responsive to this request in its possession, custody or control, but that its expert reports may have such information. This is a sufficient response, as long as it is true. If OLD intended something else, or if it currently has responsive materials in its possession, custody or control, it is obligated to supplement this response immediately. Fed. R. Civ. P. 26(e)(2). Otherwise, the response is sufficient.

The motion is granted as to Requests for Production Nos. 9, 10, 12, 13, 14, 15 and 16. The prematurity objection is overruled. The requirement that expert reports be produced is a disclosure requirement pursuant to Fed. R. Civ. P. 26(a)(2), not discovery. Disclosure and discovery are two distinct procedural functions. While OLD is not required to provide its expert reports prior to the disclosure deadline contained in the court's other orders, it is required to produce all other non-privileged materials responsive to this request. In this regard, OLD's current response, including the phrase "see the publicly available documents identified in the class certification hearing exhibit list previously submitted," is vague and therefore evasive because it assures neither the court nor plaintiffs that all non-privileged responsive materials have been produced.

In its opposition memorandum, OLD states that "it has no such documents in its possession." If this is so, OLD must clearly say so in new responses to these requests, with the exception of its expert reports and privileged materials, as addressed below, without objection and signed pursuant to Fed. R. Civ. P. 26(g)(2). Otherwise, OLD must provide plaintiffs with new written responses to these requests, clearly stating that all responsive materials in its possession, custody or control are being provided, with the exception of its expert reports and privileged materials, as addressed below. In light of the nature of this request and OLD's previous vague responses indicating that some responsive materials have already been produced, OLD's written responses must also specify by category which particular materials are responsive to which particular requests.

In response to all of the Requests for Production at issue in this motion, OLD has asserted privilege and/or work product objections. However, the materials provided to me in connection with this motion fail to comply with Fed. R. Civ. P. 26(b)(5) in this regard. If OLD in fact is withholding documents or other tangible materials responsive to these requests on privilege or work product grounds, it must provide the required

11

privilege log. Otherwise, it must clearly say in a supplemental written response that it is not withholding such protected materials.

\* \* \* \* \*

**IT IS FURTHER ORDERED** that all additional answers to interrogatories, together with the required verification, and all additional responses to requests for production, including any privilege log, together with actual production of additional responsive materials, if any, required herein must be provided by OLD to plaintiffs within ten (10) days of entry of this order.

New Orleans, Louisiana, this 27th day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.