UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>No. 05-4182 "K"(2)<br>JUDGE DUVAL |
| PERTAINS TO: INSURANCE<br>(Imperial Trading, et al. No. 06-4262) | MAGISTRATE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROPOSED PROTECTIVE ORDER

WHEREAS, Defendant, Travelers Property Casualty Company of America (Travelers")has demanded certain information and material of Plaintiffs, Imperial Trading Co., Inc. et al ("Imperial"), which is confidential, proprietary, or trade secret to Imperial, and/or other entities, and should not be reviewed without appropriate protection for its confidential status; and

WHEREAS, it is expected that Travelers and/or Imperial will seek material which are confidential, proprietary, or trade secret through the discovery process; and

WHEREAS, the parties agree that certain of information and material may be reviewed by the other parties to determine relevance and use in the preparation for trial and at the trial of this matter, so long as the information and material is subject to a Protective Order entered by this Honorable Court.

**NOW, THEREFORE**, in accordance with the agreement of the parties concerning any confidential, proprietary and trade secret information and materials,

**IT IS HEREBY ORDERED THAT:**

1) A party who produces or discloses information and material (whether in documents, interrogatory answers, deposition transcripts, or any other form) that the party wishes subject to this Protective Order may designate all or any portion as "CONFIDENTIAL";

2) Information and materials submitted in this proceeding, either voluntarily or pursuant to the Order of this Honorable Court, must be clearly marked "CONFIDENTIAL" to be subject to this Protective Order;

3) No matter designated "CONFIDENTIAL" shall be disclosed by the receiving party to anyone other than persons designated in this Protective Order. Information and materials so designated shall be handled as set forth below and shall not be used other than in connection with this litigation, unless and until such designation is removed either by agreement of counsel or by Order of this Honorable Court;

4) In the absence of written permission from the producing party or an Order of this Honorable Court, no documents, deposition transcripts, interrogatory answers or other material designated "CONFIDENTIAL" shall be disclosed by the receiving party to anyone other than: (a) counsel of record for the parties (including, their associates, law clerks, paralegals, secretarial and stenographic personnel); (b) qualified persons taking testimony involving the information, as well as any necessary stenographic and clerical personnel; and (c) expert witnesses, consultants and their staff;

5) Information and material designated "CONFIDENTIAL" shall not be disclosed to persons other than designated in paragraphs 4(a) and 4(b) unless they shall have read this Protective

Order and have agreed, in writing, to (i) to be bound by its terms, (ii) disclose information designated "CONFIDENTIAL" to no one other than the people identified in paragraphs 4(a) and 4(b), and (iii) utilize information designated "CONFIDENTIAL" solely for purposes of this litigation;

6) All material designated "CONFIDENTIAL" as well as all reproductions, photocopies, summaries, or memorandum relating to the information and material shall be retained by the receiving party in the custody of counsel of record and/or any persons set forth in Item 4 above.

7) Any party shall have fourteen (14) days after receipt of a deposition transcript within which to inform the other party which (if any) portions of the transcript are to be designated "CONFIDENTIAL". The right to make such designation shall be waived unless made within the fourteen (14) day period, but until such time has elapsed deposition transcripts are to be considered as marked "CONFIDENTIAL" in their entirety.

8) In the event a party produces files or records for inspection, all material produced shall be initially considered as marked "CONFIDENTIAL". Upon selection of specified material and documents by the inspecting party, the producing party shall mark copies of the documents it wishes subject to this Protective Order as "CONFIDENTIAL" at the time the copies are produced to the inspecting party.

9) In the event that the information, documents, answers to interrogatories, or deposition transcripts designated "CONFIDENTIAL" are filed in Court, they shall be filed in a sealed envelope marked on the outside with the title of the action, the identification of each document within, and a statement substantially in the following form:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**

"This Envelope (or Container) Contain the Above-Identified Material Filed by [Name of Party] Is Not To Be Opened and Its Contents Are Not To Be Displayed or Revealed Except By

Order of This Honorable Court or Agreement of the Parties."

10) A party receiving an item designated "CONFIDENTIAL" may object to the designation. All objections concerning confidentiality must be written. If the receiving party objects to the designation, the producing party must seek a ruling from this Honorable Court concerning the confidentiality of the disputed item within fourteen (14) days of service; failure to do so shall constitute a waiver of "CONFIDENTIAL" status. If the producing party does timely move, the item shall be treated as "CONFIDENTIAL" pending resolution of the motion.

11) No action or inaction in accordance with this Protective Order shall constitute a waiver of any claim or defense. Moreover, objections to furnishing information responsive to discovery are not waived by entry of this Protective Order.

12) If information designated as "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Protective Order, the responsible party must immediately bring all pertinent facts to the attention of counsel and this Honorable Court, and make every effort to prevent further disclosure.

13) Should anyone violate or threaten to violate any term of this Protective Order, the parties agree that the aggrieved party may immediately apply for injunctive relief. It shall not be a defense that the aggrieved party possesses an adequate remedy at law. The parties and any other persons subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over the dispute and them for the purpose of enforcing this Protective Order.

14) In the event that either party attaches any document that has been marked "CONFIDENTIAL" as an exhibit to a pleading, exhibit, or any filing to the Court, the parties will submit such materials under seal in accordance with the governing rules and the July 26, 2006 Order of the Eastern District of Louisiana captioned "Procedures For Filing Documents Under Seal In Civil

Cases," attached hereto as Exhibit "A".

15) On or before the date the parties exchange trial exhibits, the parties shall discuss stipulations and other alternative means of avoiding the disclosure of specific information designated as "CONFIDENTIAL".

16) The manner in which materials "CONFIDENTIAL" are used at trial shall be governed by the Protective Order of this Honorable Court.

17) The parties shall use their best efforts to minimize the amount of material marked "CONFIDENTIAL".

18) At the conclusion of this litigation, each party shall assemble and return to the producing party all items designated "CONFIDENTIAL", including all copies furnished to expert witnesses and consultants. All documents on which notes or other attorney's work product has been placed by counsel for the receiving party are to be destroyed. Receipt of material returned to the producing party shall be acknowledged in writing.

New Orleans, Louisiana, this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Agreed to Form:

IMPERIAL TRADING CO., INC.
By its Attorneys,

_____
James M. Garner (#19589)
Darnell Bludworth (#18801)
R. Scott Hogan (#29911)
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
(504) 299-2100 (Phone)

Dated: 6/22, 2007

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
By its Attorneys,

_____
Ralph S. Hubbard, III (#7040)
Joseph Pierre Guichet (#24441)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
Telephone (504) 568-1990
Facsimile: (504) 310-9195

Dated: 6/22, 2007