UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 "K" (2) CONS. KATRINA CANAL |
| PERTAINS TO INSURANCE: | * | |
| | | JUDGE STANWOOD R. DUVAL, JR. |
| *Joyce Stall v. Scottsdale Insurance Company*: 07-1223 | * | |
| | | MAGISTRATE JUDGE JOSEPH WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PETITION FOR DAMAGES

Defendant, SCOTTSDALE INSURANCE COMPANY, answers the Petition for Damages of Joyce Stall as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Answering the allegations for the Petition for Damages, Scottsdale Insurance Company says:

-1-

I.

The allegations of paragraph I of the are denied as written; Scottsdale avers that it is a foreign insurer doing business in this parish and state; further, Scottsdale avers that is issued policy number DFS 0577060 to Joyce Stall, affording insurance protection for properties located at 420 32nd Street, 408 32nd Street and 409 30th Street, New Orleans, Louisiana 70124, but that the policy is a written contract subject to all of the terms, provisions, conditions, limitations and exclusions contained therein, all of which are pled herein as if copied *in extenso*.

II.

The allegations of paragraph II are denied.

III.

The allegations of paragraph III are denied.

IV.

The allegations of paragraph IV are denied.

V.

The allegations of paragraph V are denied; the Valued Policy Law does not apply because the buildings in question are not total losses, and, even if there were, the buildings were not rendered a total loss by causes covered by the policy; further, the Valued Policy Law, but its terms, does not apply to movable property or claims for loss of use.

VI.

The allegations of paragraph VI are denied.

VII.

The allegations of paragraph VII are denied.

VIII.

The allegations of paragraph VIII are denied, for the reason set out in paragraph V of its Answer, and for the reasons set forth hereinafter.

IX.

The allegations of paragraph IX are denied.

X.

The allegations of paragraph X are denied.

### THIRD DEFENSE

Scottsdale has made the following payments pursuant to the terms and provisions of the policy:

1. 408 32nd Street and 409 34th Street        $5,534.97

2. 420 32nd Street        $25,473.32

Scottsdale avers the amount paid represent all damage caused by a covered peril, and nothing further is owed.

### FOURTH DEFENSE

Scottsdale avers that its policy contains the following exclusionary language:

"**GENERAL EXCLUSIONS**

A.  We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to thee loss.

*   *   *

3.  **Water Damage**, meaning:

    a.  flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

    b.  water which backs up through sewers or drains or which overflows from a sump; or

    c.  water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

        Direct loss by fire or explosion resulting from water damage is covered."

Scottsdale avers that the property was damaged by flood waters associated with Hurricane Katrina, and there is no coverage for loss resulting from water damage.

**FIFTH DEFENSE**

The policy of insurance is a named peril policy, and plaintiff bears the burden of a loss covered by the policy of insurance, and Scottsdale calls for strict proof.

WHEREFORE, defendant, SCOTTSDALE INSURANCE COMPANY, prays that its answer be deemed good and sufficient, and that plaintiff's suit be dismissed with prejudice at plaintiff's cost.

>Respectfully submitted,
>
>BIENVENU, FOSTER, RYAN & O'BANNON, LLC
>
>BY: _____/s/ David E. Walle_____
>DAVID E. WALLE (#13199)
>1010 Common Street, Suite 2200
>New Orleans, LA 70112-2401
>Telephone:  (504) 310-1500
>Facsimile:  (504) 310-1501
>Email:        Dwalle@bfrob.com

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile transmission, hand delivery, electronic mail and/or depositing same in the United States Mail, postage pre-paid on June 25, 2007.

>_____/s/ David E. Walle_____