UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182<br><br>SECTION: K<br><br>MAGISTRATE: 2 |
| PERTAINS TO:<br>INSURANCE (#06-8637) | * * * | |
| BSD CONSTRUCTION, INC. | * * | |
| VERSUS | * * | |
| STONE INSURANCE, INC. AND ZURICH<br>AMERICAN INSURANCE COMPANY | * * * | |
| *    *    *    *    *    *    *    * | | |

**ASSURANCE COMPANY OF AMERICA'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR INSURANCE BENEFITS AND DAMAGES
WITH JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Assurance Company of America (erroneously sued as Zurich American Insurance Company) (hereinafter referred to as "ACA"), who in response to Plaintiff's First Amended Complaint for Insurance Benefits and Damages with Jury Demand respectfully avers as follows:

ACA reiterates all answers and defenses set forth in its original answer to plaintiff's original petition as if copied herein *in extensor*.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim or cause of action against Zurich American Insurance Company as it did not issue policy number BR 50971770, effective September 24, 2005 through September 24, 2006, to BSD Construction, Inc. (hereinafter referred to as "BSD"). Said policy was issued by Assurance Company of America.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim or cause of action against ACA as policy number BR 50971770, effective September 24, 2005 through September 24, 2006, issued to BSD specifically excludes damage resulting from flood.

## ANSWER

**AND NOW FURTHER ANSWERING** the allegations of the complaint, paragraph by paragraph, ACA states:

1.

The allegations contained in Paragraph I of plaintiff's complaint are denied. Further answering, ACA reasserts its First Affirmative Defense.

2.

The allegations contained in Paragraph II of plaintiff's complaint are denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph III of plaintiff's complaint are denied. Further answering, ACA reasserts its defenses set forth in its First Affirmative Defense.

4.

The allegations contained in Paragraph III (should be Paragraph IV) of plaintiff's complaint are denied for lack of information sufficient to justify a belief therein. To the extent that plaintiff alleges that ACA is liable for the allegations contained in Paragraph III of plaintiff's complaint, those allegations are denied.

5.

The allegations contained in Paragraph IV of plaintiff's complaint do not require a response by this defendant as they are plaintiff's rendition of the events that occurred on September 28, 2005. To the extent that the allegations contained in Paragraph IV of plaintiff's complaint require a response by ACA, those allegations are denied.

6.

The allegations contained in Paragraph V of plaintiff's complaint are admitted insofar as ACA received plaintiff's claim and assigned said claim the claim number 5100044608. The allegations contained in Paragraph V of plaintiff's complaint are denied for all other reasons. ACA reasserts its First Affirmative Defense.

7.

The allegations contained in Paragraph VI of plaintiff's complaint are denied.

8.

The allegations contained in Paragraph VII, including subparts "a" through "e", of plaintiff's complaint are denied for lack of information sufficient to justify a belief therein. To the extent that the allegations contained in Paragraph VII, including subparts "a" through "e" of plaintiff's complaint allege that ACA is liable for damages, those allegations are denied.

9.

The allegations contained in Paragraph VIII, including subparts "a" through "f", of plaintiff's complaint are denied.

10.

The allegations contained in Paragraph IX of plaintiff's complaint are denied.

11.

The allegations contained in Paragraph X of plaintiff's complaint are denied for lack of information sufficient to justify a belief therein.  To the extent that the allegations contained in Paragraph X of plaintiff's complaint allege that ACA is liable for damages, those allegations are denied.

12.

The allegations contained in the Paragraph beginning WHEREFORE of plaintiff's complaint are denied.

13.

Defendant requests a trial by jury.

**AND NOW FURTHER ANSWERING**, ACA respectfully avers:

### THIRD AFFIRMATIVE DEFENSE

ACA, at all times relevant hereto, acted reasonably and in good faith in its dealings with BSD and thus, ACA has complied with 22:658 and 22:1220.

### FOURTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by BSD against ACA is or may be barred, in whole or in part, to the extent it is proven that BSD's claims, or a part of them, will not constitute direct physical loss from any Covered Cause of Loss.

4

**FIFTH AFFIRMATIVE DEFENSE**

This action and/or any relief sought by BSD against ACA is or may be barred, in whole or in part, by exclusionary language set forth in the insurance contract upon which the instant claims have been made, including, but not limited to any and all "exclusions" and "limitations" specified in the ACA insurance contract upon which the instant claims have been made.

**SIXTH AFFIRMATIVE DEFENSE**

This action and/or any relief sought by BSD against ACA is or may be barred, in whole or in part, to the extent that it is proven that all or some of the alleged damages sustained by BSD, if any, resulted from a cause not insured under the ACA insurance contract upon which the instant claims have been made.

**SEVENTH AFFIRMATIVE DEFENSE**

This action and/or any relief sought by BSD against ACA is or may be barred, in whole or in part, by the terms, conditions, exclusions, exceptions, and/or limitations set forth in the ACA insurance contract upon which the instant claims have been made.

**EIGHTH AFFIRMATIVE DEFENSE**

This action and/or relief sought by BSD against ACA is or may be barred, in whole or in part, due to additional affirmative defenses that cannot now be articulated by ACA; as such, ACA reserves its right to supplement this answer and raise additional defenses as may become applicable upon further amplification of BSD's claims and discovery of information presently unknown to ACA.

**WHEREFORE**, having fully answered, defendant, Assurance Company of America, erroneously sued as Zurich American Insurance Company, prays that its Answer be deemed good and sufficient and demands judgment in its favor dismissing plaintiff's claims with prejudice, at plaintiff's sole cost and for all other general and equitable relief, including, but not limited to, all reasonable attorney's fees.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Assurance Company of America*
*(erroneously sued as Zurich American*
*Insurance Company)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of June, 2007, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECG system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**