# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.          05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| PERTAINS TO: SEVERED MASS | * | |
| JOINDER CASES | * | JUDGE:  STANWOOD R. DUVAL, JR |
| | * | MAGISTRATE : WILKINSON |
| SEVERED FROM:  *Aaron* 06-4746 | * | |
| | * | |

| | | |
|---|---|---|
| | * | |
| CLIFTON & ESTELLE ALLEN | * | CIVIL ACTION NO.          07-1859 |
| | * | |
| | * | JUDGE: STANWOOD R. DUVAL, JR. |
| VERSUS | * | MAGISTRATE: WILKINSON |
| | * | |
| STATE FARM FIRE & CASUALTY | * | |
| COMPANY | * | |

**************************************************************************

## ANSWER AND AFFIRMATIVE DEFENSES
## TO SUPPLEMENTAL AND AMENDED COMPLAINT
## AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel comes State Farm Fire and Casualty Company (hereinafter "State Farm"), who, for the purposes of responding to Plaintiffs' Supplemental and Amended Complaint, does aver as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause and/or right of action upon which relief can be granted against State Farm.

-1-

0895-0597

## SECOND AFFIRMATIVE DEFENSE

State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La. R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have no right to recover penalties, attorney fees and/or costs.

## FOURTH  AFFIRMATIVE DEFENSE

The damages sought by Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in its entirety, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the damages claimed by Plaintiffs herein were concurrently caused by a non-covered peril (water/flood/surge) and a covered peril (wind), State Farm asserts there is no coverage under the terms and conditions of the applicable State Farm policy, particularly the "anti-concurrent clause" found therein, and State Farm pleads said policy and provisions as if copied herein *in extenso*.

0895-0597

## SIXTH AFFIRMATIVE DEFENSE

Without waiving any other defenses elsewhere asserted herein, State Farm would aver and plead that any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

## SEVENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that Plaintiffs' Complaint improperly attempts to require State Farm to provide insurance coverage under a homeowner's policy for flood losses for which State Farm received no premiums and would violate State Farm's protections under the Constitution of Louisiana and the Constitution of the United States.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company affirmatively pleads that Plaintiffs are charged with knowledge of the homeowner's policy of insurance and specifically that their homeowner's policy of insurance does not provide coverage for "flood" damages.  There can be no reasonable reliance, as a matter of law, on a person failing to know this, the terms of the homeowner's policy, the terms of the National Flood Insurance Policy and/or the law related thereto.

## NINTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that to the extent Plaintiffs have received funds from other sources, namely but not limited to, a Standard Flood Insurance Policy, for damages claimed from Hurricane KATRINA, herein, and the same may be required to be repaid as a result of any recovery hereunder, that State Farm is not required to make such payment on behalf of the insured, or is entitled to a set-off for the same.  In this regard, without limitation, State

0895-0597

Farm, as a homeowner's insurance carrier, pleads all rights and defenses arising from the existence of and payment to Plaintiffs under a flood insurance policy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have the burden of proof in establishing a loss caused by a covered peril and further have the burden of demonstrating the extent of that loss that may be attributable to a covered peril as defined under the terms and conditions of the applicable State Farm policy, which policy is pled as if copied in its entirety.

### ELEVENTH AFFIRMATIVE DEFENSE

As Plaintiffs' claims are based on a contract of insurance between the parties, State Farm avers that if the policy of insurance is shown to exist, said policy being a written contract is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein *in extenso*, including, specifically, but not exclusively, the exclusion for water damage and the anti-concurrent cause clause.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is vague and ambiguous on its face and a more definitive statement is required.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are premature and Plaintiffs have failed to present amicable demand.

0895-0597

## FOURTEENTH AFFIRMATIVE DEFENSE

State Farm denies that the facts as alleged in the Complaint occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

State Farm is entitled to a credit for any and all documents paid or to be paid to or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, The Red Cross, Louisiana Road Home Program, SBA or any other governmental agency, insurance company or charitable organization.

## SIXTEENTH AFFIRMATIVE DEFENSE

With regard to Plaintiffs' homeowner's policy, to the extent that the Complaint claims entitlement to recovery under La. R.S. 22:695, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit.  State Farm further avers that Plaintiffs have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La. R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana.

## SEVENTEENTH AFFIRMATIVE DEFENSE

With regard to Plaintiffs' homeowner's policy, to the extent that Plaintiffs are entitled to penalties or attorney's fees or damages, consequent to any amended version of La. R.S. 22:658,

22:1220, or any other such statute, State avers that these amendments are without retroactive effect.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not adequately mitigated their alleged losses and damages and thus are liable for all consequences and damages resulting there from.

## NINETEENTH AFFIRMATIVE DEFENSE

State Farm avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

## TWENTIETH AFFIRMATIVE DEFENSE

State Farm asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage, as alleged, such injuries were caused in whole or in part by action or inactions of third parties for which State is not responsible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

State Farm pleads the comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly

0895-0597

communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Although State Farm contends that there is no cause of action for the claims asserted herein, should this Court find any negligence and/or fault on the part of State Farm, which is specifically denied, then State Farm avers the limitations set forth in La Civ. Code Art. 2324, under which each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with any other party or non-party.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are subject to any rights of set off and/or recoupment that State Farm may have.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to Plaintiffs' own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any damages proximately caused by State Farm.

0895-0597

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are barred by the statute of frauds and/or parol evidence rule.

## THIRTIETH AFFIRMATAVE DEFENSE

The claims asserted by Plaintiffs should be dismissed, or alternatively, its damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

State Farm denies it breached its contractual or statutory duties to Plaintiffs, should Plaintiffs establish a breach of contact and/or violation of statutory duties, the Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

State Farm asserts Plaintiffs are not entitled to Additional Living Expenses under the homeowner's policy, as the damage to the property was caused by an excluded peril.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

State Farm asserts that Plaintiffs have violated and consequently voided all coverages that might have been afforded by virtue of the following non-exclusive particulars to-wit:

(a) Refusing or failing to provide satisfactory Proofs of Loss;

(b) Refusing to provide information that has been specifically requested;

(c) Failing to cooperate with the adjustor and claims representatives in the investigation of the claim; and

0895-0597

(d) Any other circumstances discovered now and between the trial of this matter.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

State Farm specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' homeowner's insurance policy.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are responsible for reading their policy, as well as any renewal notices, and are presumed to know the provisions of their policy, including the insurer's limits of liability. No person may avail himself of ignorance of the law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have been fully compensated for losses insured by the applicable homeowner's policy.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have received payments under their flood policy for damages to their dwelling and contents, they are estopped from alleging that the same and/or similar losses are caused by wind.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Should it be found that the damages sought by Plaintiffs were caused in part by a covered peril and any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm homeowner's policy, said policy being the best evidence of its contents, the terms and conditions of said policy being pled as if copied herein *in extenso*.

-9-

## THIRTY-NINTH AFFIRMATIAVE DEFENSE

As a matter of law, any potential damages awarded for physical damage to the insured structure and personal property contents are limited to the difference between the pre-Katrina value of the insured structure and personal property contents and the insurance payments already received under any other insurance policies for damage to the insured structure and personal property contents.

## FORTIETH AFFIRMATIVE DEFENSE

Should it be determined that Plaintiffs were insured through a Standard Flood Insurance Policy and received their full policy limits under their Standard Flood Insurance Policy, the insureds are estopped as a matter of law from asserting that their home and its contents were rendered a total loss due to wind.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm, and as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of their insurance policies, particularly the State Farm homeowner's policy.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under their State Farm policy, State Farm pleads such representations are in violation of the terms and condition of said policy, thereby

voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said policy which are pled as if copied *in extenso*.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

In the alternative, State Farm is entitled to a credit for payments which may have been made or may in the future be made to Plaintiffs pursuant to any insurance policy for perils covered under the homeowner's policy and Plaintiffs have no cause or right of action for any such amounts.

**AND NOW, FURTHER ANSWERING**, State Farm responds to the specific numbered allegations of the Supplemental and Amended Complaint filed by Plaintiffs as follows:

I.

State Farm denies the allegations of paragraph I of the Supplemental and Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

II.

State Farm denies the allegations of paragraph II of the Supplemental and Amended Complaint for lack of sufficient information to justify a reasonable belief therein except to admit State Farm Fire and Casualty Company is a foreign insurance corporation authorized to do business in the state of Louisiana.

III.

State Farm admits this claim involves a cause of action between citizens of different states.  State Farm admits the amount in controversy exceeds $75,000.00; however, State Farm denies Plaintiffs' covered damages exceed $75,000.00.

IV.

State Farm denies the allegations of paragraph IV of the Supplemental and Amended Complaint except to admit that the policy of insurance issued by State under which Plaintiffs are making a claim is the best evidence of  the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso.* State Farm further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

V.

State Farm denies the allegations of paragraph V of the Supplemental and Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

VI.

State Farm denies the allegations of paragraph VI of the Supplemental and Amended Complaint.

VII.

State denies the allegations of paragraph VII of the Supplemental and Amended Complaint.

VIII.

State Farm denies the allegations of paragraph VIII of the Supplemental and Amended Complaint.

IX.

State Farm denies the allegations of paragraph IX of the  Supplemental and Amended Complaint.

X.

State Farm denies the allegations of paragraph X of the Supplemental and Amended Complaint.

XI.

State Farm denies the allegations of paragraph XI of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

0895-0597

XII.

State Farm denies the allegations of paragraph XII of the Supplemental and Amended Complaint except to admit the policy of insurance issued by State Farm Fire and Casualty Company under which the Plaintiffs are making a claim is the best evidence of the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso*  State Farm further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

XIII.

State Farm denies the allegations of paragraph XIII of the Supplemental and Amended Complaint except to admit the policy of insurance issued by State Farm Fire and Casualty Company under which the Plaintiffs are making a claim is the best of  the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso*  State further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

0895-0597

XIV.

State Farm denies the allegations of paragraph XIV of the Supplemental and Amended Complaint except to admit the policy of insurance issued by State Farm Fire and Casualty Company under which the Plaintiffs are making a claim is the best of the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso*  State Farm further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

XV.

State Farm denies the allegations of paragraph XV of the Supplemental and Amended Complaint except to admit the policy of insurance issued by State Farm Fire and Casualty Company under which the Plaintiffs are making a claim is the best of the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso*  State Farm further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

0895-0597

## XVI.

State Farm denies the allegations of paragraph XVI of the Supplemental and Amended Complaint except to admit the policy of insurance issued by State Farm Fire and Casualty Company under which the Plaintiffs are making a claim is the best of the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso*  State Farm further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

## XVII.

State denies the allegations of paragraph VII of the Supplemental and Amended Complaint.

## XVIII

State denies the allegations of paragraph XVIII of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

-16-

XIX.

State Farm denies the allegations of paragraph XIX of the Supplemental and Amended Complaint except to admit the policy of insurance issued by State Farm Fire and Casualty Company under which the Plaintiffs are making a claim is the best of  the policy's terms, conditions, provisions, applications, exclusions, deductibles and limits of liability and is pled herein as if copied herein *in extenso*  State Farm further avers that all terms, conditions, provisions, applications, exclusions, deductibles and limits of liability of said policy are valid and enforceable and comply with Louisiana statutory and jurisprudential law. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

XX.

State Farm denies the allegations of paragraph XX of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXI.

State Farm denies the allegations of paragraph XXI of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658,

La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXII.

State Farm denies the allegations of paragraph XXII of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXIII.

State Farm denies the allegations of paragraph XXIII of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXIV.

State Farm denies the allegations of paragraph XXIV of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658,

-18-

La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997. State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXV.

State Farm denies the allegations of paragraph XXV of the Supplemental and Amended Complaint. State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La. R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997. State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXVI.

State Farm denies the allegations of paragraph XXVI of the Supplemental and Amended Complaint. State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La. R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997. State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

XXVII.

State Farm denies the allegations of paragraph XXVII of the Supplemental and Amended Complaint. State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La. R.S. 22:658,

-19-

La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

### XXVII.

State Farm denies the allegations of the second numbered paragraph XXVII (the above paragraph is also XXVII) of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

### XIX.

State Farm denies the allegations of second numbered paragraph XIX (there is another paragraph XIX earlier in the Complaint) of the Supplemental and Amended Complaint.  State Farm denies that it acted arbitrarily, capriciously or without probable cause, denies that it violated any of the statutory provisions governing it, in particular, La.  R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:1214 (14) a-o, La. R.S. 22:658.2, La. R.S. 22:1220 (A), La. R.S. 22:1220 (B) and La. Civil Code Art. 1997.  State Farm further avers that, at all times pertinent, it acted in good faith and in compliance with all applicable statutory law.

0895-0597

XX.

State Farm denies the allegations of second numbered paragraph XX (there is another paragraph XX earlier in the Complaint) of the Supplemental and Amended Complaint. State Farm pleads comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

XXI.

State Farm denies the allegations of second numbered paragraph XXI (there is another paragraph XXI earlier in the Complaint) of the Supplemental and Amended Complaint. State Farm pleads comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

XXII.

State Farm denies the allegations of second numbered paragraph XXII (there is another paragraph XXII earlier in the Complaint) of the Supplemental and Amended Complaint. State Farm pleads comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

XXIII.

State Farm denies the allegations of second numbered paragraph XXIII (there is another paragraph XXIII earlier in the Complaint) of the Supplemental and Amended Complaint. State

0895-0597

Farm pleads comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

XXIII.

State Farm denies the allegations of third numbered paragraph XXIII (there are two other paragraph XXIII's earlier in the Complaint) of the Supplemental and Amended Complaint. State Farm pleads comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to properly communicate with the insurance agent and/or the mortgagees and failure to act as a prudent person under the circumstances.

XXIX.

State Farm denies the allegations of paragraph XXIX of the Supplemental and Amended Complaint and Respondent calls for strict proof.

XXX.

State Farm denies the allegations of paragraph XXX of the  Supplemental and Amended Complaint and re-avers, re-alleges and re-iterates all of its affirmative defenses, as previously plead herein, as if reiterated herein in extenso.

**RESERVATION OF RIGHTS**

To the extent permitted by law, State Farm reserves the right to supplement and amend this Answer and Affirmative Defenses to the Supplemental and Amended Complaint and

-22-

Request for Trial by Jury and to assert additional affirmative defenses as future discovery may warrant and require.

## REQUEST FOR TRIAL BY JURY

State Farm is entitled to and hereby requests and prays for a trial by jury in all claims relating to homeowner's insurance policies.

**WHEREFORE**, State Farm Fire and Casualty Company prays that this Answer and Affirmative Defenses to the Supplemental and Amended Complaint and Request for Trial by Jury be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiffs against State Farm Fire and Casualty Company, with prejudice, and at Plaintiffs' costs.

Respectfully submitted,

_____
CHARLES L. CHASSAIGNAC, IV (#20746)
JAMES ERIC JOHNSON (#23800)
BRYAN J. HAYDEL, JR. (#27500)
ELEANOR WEEKS WALL (#29695)
**PORTEOUS, HAINKEL & JOHNSON, L.L.P.**
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
P: (225) 383-8900; F:(225) 383-7900
*Counsel for Defendant, State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing Answer and Affirmative Defenses to the Supplemental and Amended Complaint and Request for Trial by has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by electronic mail this 28th day of June, 2007.

_____

CHARLES L. CHASSAIGNAC, IV (#20746)
JAMES ERIC JOHNSON (#23800)
BRYAN J. HAYDEL, JR. (#27500)
ELEANOR WEEKS WALL (#29695)