UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO:  MRGO AND LEVEE | | |
| FILED IN:    ALL MRGO AND LEVEE | | |

**MEMORANDUM IN SUPPORT OF**
**MRGO AND LEVEE DEFENDANTS' MOTION FOR RULE 16(b) RELIEF**

The MRGO and Levee Defendants (collectively hereinafter "Defendants"), through undersigned counsel, respectfully submit the following memorandum in support of their Motion for Rule 16(b) Relief. Pursuant to Rule 16(b) and Section X of Case Management Order No. 4 (Rec. Doc. 3299)("CMO"), the MRGO and Levee Defendants move for entry of an Order compelling the MRGO and Levee Plaintiffs (hereinafter collectively "Plaintiffs") to immediately designate the 5 expert witness whom they will call at the class-certification hearing.

### I.   STATEMENT OF THE FACTS

The CMO limits each side to five expert witnesses. To facilitate the expedited preparation of the class issues, the CMO also requires the parties to submit monthly preliminary lists of witnesses including experts, that "are as complete as possible." Prior to issuing the CMO, the Court sought input from the parties as to (1) the amount of time that resolution of the class certification motion would take; (2) the number of expert witnesses that each side expected to call at the class certification hearing, and (3) the expected fields of expertise. Plaintiffs' counsel represented to the Court that the Plaintiffs would be ready to try class certification within seven months, that is, by September 2007. Plaintiffs also represented that the maximum number of

experts to testify at a class certification hearing was four, and that Plaintiffs' class experts would have expertise in hydrology, topography, photography, surveying, meteorology, and climatology. (Plaintiffs' correspondence to the Court is attached hereto as Exhibit A.)

After receiving these representations from the Plaintiffs, on March 1, 2007, the Court issued the CMO which mandated that "(n)o more than 5 expert witnesses concerning class certification issues per side" may be called at the class certification hearing. In an acknowledgement of the short timeline, the parties were further ordered to submit monthly witness and exhibit lists for class certification issues through June 27, the date that the Final Witness and Exhibit Lists were due. The Court directed that the parties "must use their best efforts and act in good faith in making these lists as complete as possible."

Against these directives, Plaintiffs' first witness lists (Record Docs. 3627, attached hereto as Exhibit B; and 3617) submitted on March 30, designated 14 experts professing expertise in at least 8 different fields. Plaintiffs listed experts in "Local History & Katrina History" (Douglas Brinkley); "Cultural Demography" (Kevin Mulcahy); "Complex Property Valuations" (Wade Ragas); "Demography & Statistics" (Martin Wells); and "Geography, Anthropology, Climatology, & Meteorology" (Barry Keim). Significantly, none of these areas of expertise had been designated by the Plaintiffs in their submission to the Court (Exhibit A). A simple review of Plaintiffs' witness list evidences significant redundancy in violation of the spirit, if not the letter, of the CMO. One would expect this number of redundant experts to decrease, along with the areas of expertise covered by experts, but that has not been the case

2

here. Instead, Plaintiffs' most recent disclosure, submitted on May 22, lists more and different experts and fields than their February or March lists.[1]

Despite the maximum of 5 experts whom they can call, Plaintiffs have now identified 17 experts whom they may call. (Record Docs. 5149, attached hereto as Exhibit C; and 5053) Eleven of the original expert witnesses have been kept on Plaintiffs' list (Robert Bea, S. Ahmet Binselam, Lee Branscome, Marco Kaltofen, Barry Keim, G. Paul Kemp, Larry W. Mays, Kevin Mulcahy, Shea Penland, Martin Wells and Ivor Van Heerden). Three of the original have been dropped (Ioannis Georgiou, Douglas Brinkley and Wade Ragas).

Six totally new experts have been designated: John Kilpatrick ("Real Estate valuation, real estate market feasibility, real estate analysis, going concern valuations, business valuations and economic impact from negative externalities"); Matthijs Kok ("Coastal & Environmental Engineering & Hydraulic Modeling") Chad Morris ("Land Surveying, Datum Issues, Map Preparation/Presentation"); Gordon Boutwell ("Civil Engineer"); Michael Sartisky ("Cultural Demography"); and, Richard Henning ("Climatologist"). Plaintiffs have refused to address this matter, and despite numerous Rule 37.1 conferences to address the problem, Plaintiffs are unwilling to limit their list of experts and areas of expertise in accordance with the CMO. The effect of Plaintiffs' recalcitrance, if not remedied by the Court, would be to hide the names of their intended witnesses and areas of expertise until July 30 (the deadline for Plaintiffs' experts reports). Since Defendants' experts' reports are due on August 27, Defendants would either have to retain and prepare many more experts than necessary, or be faced with the impossible task of retaining experts, and securing their reports within 28 days, in fields that

---

[1] Plaintiffs did not serve a witness list in April, 2007. The Plaintiffs' latest designation (Record Doc. 5053) in the MRGO cases was actually served one day late, May 22. Plaintiffs did not serve an exhibit list in April or May 2007.

3

Defendants did not guess Plaintiffs would use. The Defendants respectfully submit that this is not the outcome the Court intended by the CMO.

On June 6, 2007, the Defendants, pursuant to the Magistrate Court's Order dated May 24, 2007 (Rec. Doc. 5391) and with the consent of the Plaintiffs, submitted a letter brief to the Magistrate Court (attached hereto as Exhibit D) setting forth their arguments and requesting the relief sought herein. On June 11, 2007, the Magistrate Court issued a Minute Entry (Rec. Doc. 5512) discontinuing the letter brief procedure and instructed the parties to resolve all future discovery disputes through motion practice. Pursuant to Rule 16(b) and Section X of the CMO, the Defendants respectfully move for entry of an Order compelling the Plaintiffs to immediately designate the 5 expert witnesses whom they will call at the class-certification hearing.

## II.   LAW & ARGUMENT

The Court may modify a Rule 16 scheduling order for good cause shown. Fed. R. Civ. P. 16(b). Section X of the CMO instructs the parties to notice such motions to the Court, who may refer such motions to the Magistrate Court if appropriate. Because the Defendants' ability to adequately prepare for the class-certification hearing is impaired by the Plaintiffs' unwillingness to limit their list of experts and areas of expertise in accordance with the CMO, the Court should grant the Defendants' Motion and order the Plaintiffs to immediately designate the 5 expert witnesses whom they will call at the class-certification hearing.

The Plaintiffs' current designation exceeds by more than three fold the maximum number of experts the Court will allow. That maximum number of 5 in the CMO was set at one more than the Plaintiffs initially represented to the Court they would offer. Undoubtedly, in limiting the parties to no more than 5 experts and in determining the time necessary for the parties to conduct fact and expert discovery, the Court relied, in part, on the Plaintiffs' February representations that four experts were all that that they would present. If Plaintiffs now realize

4

that the issues in this litigation cannot be presented with 5 experts, but require 17 experts, embracing 10-12 areas of expertise, a cascade of effects must necessarily follow, threatening the Court's schedule for the class certification hearing and *Daubert* challenges. If Plaintiffs intend to only use 5 experts, but delay revealing their 5 experts until July 30, the result will necessarily be wasted time, money and resources by Defendants. Neither solution is fair or acceptable.

Moreover, the fact that the Plaintiffs have substantially increased the number of experts obviously shows that Plaintiffs are not attempting to conform their designations to the Court's mandate. Rather than working to bring their designations within the CMO's maximum number, Plaintiffs are moving in the opposite direction.

Additionally, the Plaintiffs' practice of naming, dropping and substituting/adding witnesses in such a short period of time is highly irregular in light of the impending Final Witness List due on June 27. This shuffling of witnesses suggests a cavalier approach with regard to compliance with the Court's order. On February 9 Plaintiffs represented that they would only need four experts and now 90 days later they have named 17.

This multiplication, rather than winnowing, of Plaintiffs' experts imposes great hardships on Defendants. Even as amended, the timeline is itself ambitious: the CMO was issued March 1; the Master Class Action Complaint was filed March 15; the Final Witness Designation is due June 27; Close of Fact Depositions is July 27 and, the Close of Expert Depositions is September 17. Given that the Defendants include the United States government, various state agencies and private corporations, significant time must be devoted to coordination among defense counsel to insure that the Defendants will be in compliance with the Court's mandate regarding the maximum number of experts. Defendants have worked hard at resolving their witness focus to insure no more than the allowed maximum. For Plaintiffs to flout that

mandate while Defendants in good faith are trying to comply with it prejudices Defendants even more.

Defendants simply should not be required to wait until the July 30 expert report deadline to see which of the 17 plaintiff experts and fields of expertise have made the cut. This fundamental information is essential to Defendants' final selection of and consultation with their own experts. Plaintiffs' expert witness shuffling imperils the Defendants' ability to timely present their own expert testimony, which will largely, of necessity, be responsive to Plaintiffs, since Plaintiffs bear the burden of establishing each of the requirements for class certification under Rule 23. Defendants ask the Court to order Plaintiffs to immediately comply with the spirit and letter of the CMO and winnow their designations to those 5 individuals whom they expect in good faith to call at the class certification hearing. Anything less prejudices the Defendants severely as they attempt to prepare their defense to Plaintiffs' motion for class certification.

## III. CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' motion and order the Plaintiffs to immediately designate the 5 expert witnesses whom they will call at the class-certification hearing. In satisfying the meet and confer obligations of Rule 37, Plaintiffs have not given any reasonable basis for any alternative form of relief; however, Defendants are open to the possibility of alternative relief that would allow the Defendants the time necessary to address the issues raised by Plaintiffs' threefold increase in the number of experts with more than twice the areas of expertise than can reasonably be covered with the 5 expert witnesses allowed by Defendants.

Respectfully submitted,

/s/ William D. Treeby
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

/s/Thomas P. Anzelmo
Thomas P. Anzelmo, 2533
Mark E. Hanna, 19336
Kyle P. Kirsch, 26363
Andre J. Lagarde, 28649
MCCRANIE, SISTRUNK, ANZELMO, HARDY,
 MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: 504-831-0946
Fax: 504-831-2492

Counsel for the Board of Commissioners of the Orleans Levee District, on behalf of the Levee Defendants

George T. Manning
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
Julie E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 202 879-3939
Fax: 202 626-1700

Attorneys for Defendant Washington Group International, Inc., on behalf of the MRGO Defendants

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum in Support of MRGO and Levee Defendants' Motion for Rule 16(b) Relief has been served upon all counsel of record through the Court's CM/ECF system or by placing same in the United States mail, postage prepaid and properly addressed, this 18th day of June, 2007.

/s/ William D. Treeby

7