UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                               CIVIL ACTION
CONSOLIDATED LITIGATION
                                                           NO. 05-4182

PERTAINS TO LEVEE:                                         SECTION "K"(2)
05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314,
05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886,
06-11208, 06- 2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065,
06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163,
06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289,
07-1349, 06-629, 07-1113, 06-6642, 06-8708,

## ORDER AND REASONS

On December 8, 2006, the Court issued its Order and Reasons granting a Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints on Behalf of Eustis Engineering Company, Inc., Burk-Kleinpeter, Inc. and Modjeski and Master, Inc. (Doc. 463) and a Motion for Summary Judgment filed by Gotech, Inc. (Doc. 894); each motion was based on La. Rev. Stat. 9:5607, the state peremptive statute applicable to engineers. (Doc. 2149). This decision pertained to C.A. No. 05-4181 *O'Dwyer,* 05-4182 *Berthelot*, 05-4191 *Jared Vodanovich,* 05-5237 *Ann Vodanovich*, 05-6073 *Kirsch*, 06-0886 *Finney,* 05-6314 *Ezell*, 05-6324 *Brown,* 05-6327 *LeBlanc*, 06-0020 *Tauzin*, 06-0225 *Bradley*, 06-2278 *Christenberry*, 06-2287 *Sanchez*, 06-2346 *Fitzmorris*, 06-2545 *Marcello.*

Also, on December 8, 2006, the Court issued another Order and Reasons granting Boh Bros. Construction Co., L.L.C.'s Rule 56 Motion for Summary Judgment (Doc. 560) and B & K

Construction Company, Inc.'s Motion for Summary Judgment Based on Peremption (Doc. 624), each motion based on La. Rev. Stat. 9:2772, the applicable peremptive statute concerning contractors. (Doc. 2145). That decision pertained to C.A. No. 05-4181 *O'Dwyer,* 05-4182 *Berthelot*, 05-5237 *Ann Vodanovich*, 05-6073 *Kirsch*, 05-6314 *Ezell*, 05-6324 *Brown,* 05-6327 *LeBlanc*, 05-6359 *Bradley,* 06-0020 *Tauzin*, 06-0886 *Finney,* 06-2278 *Christenberry*, 06-2287 *Sanchez*, 06-2346 *Fitzmorris*, and 06-2545 *Marcello.*

After this initial round of motions was submitted, additional cases were filed which were not included in the first rulings concerning these parties. The Court ordered another flight of motions to be submitted concerning all cases filed subsequent to the first rulings. These motions have come to be called "me again" motions–that is the parties raise the same defenses for the same alleged defalcations as were ruled upon in the previously mentioned Orders and Reasons. Thus, the Engineers' Joint Motion on Res Judicata/Collateral Estoppel (Doc. 2974) and the Engineers' Joint Motion to Dismiss (Doc. No. 2986) were filed on February 1, 2007. Those motions pertain to 06-4065 *Adams, Cathy*, 06-4634 *Adams, Glenn*, 06-0225 *Bradley*, 06-5367 *Breithoff,* 06-4931 *Brock*, 06-5785 *Cochran*, 06-6473 *Deane*, 06-5308 *Gisevius*, 06-5163 *Gordon*, 06-5032 *Joseph*, 06-6642 *Pontchartrain Baptist*, 06-5471 *Williams, E.,* 06-5937 *Yacob, 06-5260 Leduff*, 06-4389 *O'Dwyer*, 06-5786 *O'Dwyer.*

In addition, contractor Boh Bros. filed its "me again" Motion for Summary Judgment (Doc. No. 2970) in 06-4065 *Adams, Cathy*, 06-4643 *Adams, Glenn*, 06-5367 *Breithoff,* 06-4931 *Brock,* 06-5785 *Cochran,* 06-5042 *Cohen,* 06-6473 *Deane*, 06-5159 *Fleming*, 06-5308 *Gisevius*, 06-5163 *Gordon*, 06-5161 *Holmes*, 06-5032 *Joseph*, 06-6642 *Pontchartrain Baptist*, 06-8708 *Richardson*, 06-5937 *Yacob*, 06-5260 *Leduff*, 06-4389 *O'Dwyer,* and 06-5786 *O'Dwyer.*

Contractor B&K Construction Company, Inc. filed its "me again" Motion to Dismiss or Summary Judgment (Doc. 2968) on February 1, 2007. That motion concerned 06-4065 *Adams, Cathy*, 06-4643 *Adams, Glenn*, 06-4931 *Brock*, 06-5785 *Cochran*, 06-5042 *Cohen*, 06-5308 *Gisevius*, 06-5032 *Joseph*, 06-5471 *Williams, E.*, 06-5937 *Yacob*, 06-5260 *Leduff*, 06-4389 *O'Dwyer*, and 06-5786 *O'Dwyer*. T.L. James filed a Motion for Summary Judgment likewise on February 1, 2007 (Doc. 2954) concerning 06-5163 *Gordon*.

On March 14, 2007, the Engineers filed a Third Joint Motion to Dismiss (Doc. No. 3404) which concerns 06-0629 *Carney*, 07-1113 *Douville*. Also filed was a Motion to Dismiss filed by T.L. James & Company, Inc. (Doc. 2954) and two Motions to Dismiss by Burk-Kleinpeter, LLC to Dismiss (Docs. 3406 and 3425).

On March 15, 2007, pursuant to this Court's Case Management Order No. 4, a Superseding Master Consolidated Class Action Complaint was filed which reiterates and re-urges the individual claims brought in the cases enumerated therein. In an attempt to find a global method to deal with this number of pending motions, which in essence concern the exact same issues in an unwieldy number of cases, Magistrate Judge Wilkinson ordered filed a "Supplemental Motion in Compliance with Magistrate Wilkinson's Order of April 17, 2007 Incorporating Supplemental Memorandum, By Non-Party Engineers and Contractors Affected by December 8, 2006, Judgments." (Doc. 4118).

Thus, the Court has before it these "me again" motions as synopsized in Document 4118.[1] In addition, as of May 1, 2007, two more suits not addressed in the "me agains" were filed–*Coniglio v. United States*, 07-1289 and *Hennessey v. United States*, C.A. No. 1288. Eustis and

---

[1] Burk Kleinpeter, LLC also filed a Supplemental Motion (Doc. 4120) which will be addressed in the body of this order..

Modjeski are named in these cases and these defendants seek dismissal from these cases as well. Also, *Douville v. Boh Bros.*, C.A. No. 07-1118 and *Carney v. Boh Bros.*, C.A. 07-1349 were filed and were not included in the "me again" filings. These two suits include the same allegations against B&K and Boh Bros. These defendants seek dismissal from these suits also. Finally, an additional issue that has not been previously addressed by the Court which must be ruled upon that is raised with the filing of the Superseding Master Complaint. The Court will begin its analysis with this new issue.

**Maritime Jurisdiction**

    **Background**

As noted, on March 15, 2007, pursuant to this Court's Case Management Order No. 4, a Superseding Master Consolidated Class Action Complaint was filed which reiterates and re-urges the individual claims brought in the above-numbered cases. In that document, an issue that had not been squarely addressed by the Court on the merits is raised at Paragraph 9; plaintiffs seek to invoke subject-matter jurisdiction under "the Admiralty/Maritime Law of the United States, pursuant to 28 U.S.C. § 1331(1)."  Plaintiffs seek to assert causes of actions against Boh Brothers, Eustis Engineering Company, and Modjeski and Masters, for dredging work they allegedly performed on the 17th Street. Each of these defendants had previously been dismissed on December 8, 2006 with respect to the cases concerning their activities on the 17th Street Canal. The dismissals were based on peremption under the appropriate Louisiana statute as the work at issue had been performed more than 5 years from the time the various suits were filed. (See Docs. 2145 and 2149)  By invoking the admiralty jurisdiction of the Court, plaintiffs

seek to avoid the state peremptive period and invoke the maritime doctrine of laches with respect to the viability of these claims which might allow this cause of action to proceed. Thus, the Court must address whether maritime jurisdiction exists over these claims arising out of activities in the Seventeenth Street Canal.

**Analysis**

"[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(a) over a tort claim must satisfy conditions both of location and connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock*, 513 U.S. 527, 534 (1995) (applying the test for determining admiralty jurisdiction as clarified in *Sisson v. Ruby*, 497 U.S. 358 (1990)). As to the location prong, a court "must determine whether the tort occurred on **navigable water** or whether injury suffered on land was caused by a vessel on **navigable water.**" *Id.* (emphasis added). The connection prong raises two issues:

> A court, first, must "assess the general features of the type of incident involved," 497 U.S., at 363, 110 S.Ct., at 2896, to determine whether the incident has "a potentially disruptive impact on maritime commerce," *id.,* at 364, n. 2, 110 S.Ct., at 2896, n. 2. Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity." *Id.,* at 365, 364, and n. 2, 110 S.Ct., at 2897, 2896, and n. 2.

*Id. See Scarborough v. Clemco Indus.*, 391 F.3d 660, 663-64 (5th Cir. 2004); *Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453, 456 (5th Cir. 1999). Thus, the first issue presented is whether the 17th Street Canal can be considered a "navigable waterway;" if it is not, the inquiry ends.

5

Plaintiffs contend that because one could travel from the canal to Lake Pontchartrain and ultimately into the Gulf of Mexico, the canal is a navigable waterway which is governed by the Inland Navigation Rules, 33 U.S.C. §§ 2001-2073.  Plaintiffs also note that the navigable waters of the United States are defined in 33 C.F.R. Parts 329.1 and 329.4 as traditional waters where permits are required for work or structures pursuant to section 9 and 10 of the River and Harbor Act of 1899.  They also argue that the because the canal hosted, and continues to host, a commercial fishing fleet, it meets the definition of waters of the United States, including territorial seas."  33 U.S.C. § 1362(7).   These arguments are misplaced.

As noted in *Livingston v. United States* 627 F.2d 165 (8th Cir. 1980),  four separate purposes have been identified underlying definitions of "navigability":  "to delimit the boundaries of the navigational servitude; to define the scope of Congress' regulatory authority under the commerce clause; to determine the extent of the authority of the Corps of Engineers under the Rivers and Harbors Act of 1899; and to establish the limits of federal admiralty jurisdiction."  *Id.* at 170. The court noted that "[e]ach of these areas of the law might well require a different definition of navigability."  *Id*.  Here, the inquiry must focus on the issue of admiralty jurisdiction.

In *The Daniel Ball*, 77 U.S. (10 Wall.) 557, 563 (1870), the Supreme Court first articulated the definition of navigable water for purposes of admiralty jurisdiction.  There, it stated:

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water. And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the

> navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

*Id.* at 563. *See Wilder v. Placid Oil Co.,* 611 F. Supp. 841 (W.D. La. 1985) Thus, the concept of navigability is inexorably tied to the concept of the body of water in question being susceptible of being used for commercial purposes. Therefore, any reliance on the past historical navigability of a body of water for jurisdiction fails where subsequent actions destroy its commercial nature. *LeBlanc v. Cleveland*, 198 F.3d 353 (2nd Cir. 1999); *see generally Livingston v. United* States, 627 F.2d 165 (8th Cir. 1980); *Smith v. Hustler, Inc.*, 514 F. Supp. 1265 (W.D.La. 1981).

Plaintiffs argue that because the Seventeenth Street Canal is subject to the ebb and flow of the tide, the canal should be considered navigable. Clearly, plaintiffs' reliance on the "ebb and flow of the tide" concept is misplaced. In *In re Paradise Holdings, Inc.*, 795 F.2d 756 (9thCir. 1986), a cruise ship's owners sought exoneration from and limitation of liability for claims arising out of the death of a body surfer allegedly caused by the propeller of the cruise ship. There the owners sought to rely on the fact that there was shallow water, reefs and state regulations prohibiting boating the area where the decedent was killed. In that opinion, the court noted that the waters in question were clearly subject to the ebb and flow of ties, and "tidal waters have been held to be within the definition of navigable waters.'" However, this case does not stand for the proposition that commercial navigability is irrelevant in this inquiry. Indeed, the court explained this necessity in its discussion of *Adams v. Montana Power co.*, 528 F.2d 437. *See In re Paradise Holdings*, 795 F.2d at 759. A cruise ship is a commercial vessel. If it

was capable of navigating the waters in which the claimant was killed, clearly then the water was navigable under the *Adams* rationale.

Thus, while there are different definitions of navigability to be used–for instance, where a court is attempting to determine whether it has jurisdiction under the Commerce Clause or under 28 U.S.C. § 1331(1), ultimately for purposes of admiralty jurisdiction, it is whether the waterway allows for commercial maritime activity.  In *LeBlanc*, the Second Circuit relied on the Ninth Circuit's explication found in *Adams v. Montana Power Co.,* 528 F.2d 437 (9th Cir. 1975)  as follows:

> The definitions of navigability may vary because, as in the present case, the purposes served by the commerce clause and admiralty jurisdiction may vary. Congress' commerce power is designed in part to preserve and protect the nation's waterways which, in their natural condition, are navigable in interstate commerce. *United States v. Appalachian Electric Power Co., supra*. By virtue of this power, Congress may prevent or regulate obstruction of these waterways by the states through which they pass. *United States v. Rio Grande Dam and Irrigation Co.*, 174 U.S. 690, 19 S.Ct. 770, 43 L.Ed. 1136 (1899). The damming of a previously navigable waterway by a state cannot divest Congress of its control over a potentially useful artery of commerce, since such obstructions may always be removed. Hence the courts have reasonably held that a navigable river is not rendered non-navigable by artificial obstruction.
>
> However, if the damming of a water-way has the practical effect of eliminating commercial maritime activity, no federal interest is served by the exercise of admiralty jurisdiction over the events transpiring on that body of water, whether or not it was originally navigable. No purpose is served by application of a uniform body of federal law, on waters devoid of trade and commerce, to regulate the activities and resolve the disputes of pleasure boaters. *See George v. Beavark, Inc., supra.*[footnote omitted]. Only the burdening of federal courts and the frustrating of the purposes of state tort law would be thereby served.

*LeBlanc*, 198 F.3d at 358,  *citing Adams*, 528 F.2d at440-41.

Based on the foregoing rationale, the Court finds that the Seventeenth Street Canal is not a navigable body of water.  It is a drainage ditch.  In *Board of Commissioners for the*

*Pontchartrain Levee District v. Baron*, 236 La. 846 (1959), the Supreme Court for the State of Louisiana found that "The Seventeenth Street Canal is not a navigable river or stream, but is a man-made drainage ditch at least three miles long.  It has its beginning near the rear of the New Orleans waterworks plant in Orleans Parish and, after practically tracking the dividing line between Orleans and Jefferson parishes, empties into Lake Pontchartrain." *Id.* at 849-50.  There is a bridge at Veterans Highway towards the southern end of the canal and the Old Hammond Highway Bridge at the northern edge of the canal.

The court will take judicial notice of certain facts pursuant to Rule 201 of the Federal Rules of Evidence.  As stated in *Smith v. Hustler, Inc.*, 514 F. Supp. 1265 (W.D. La. 1981), "Rule 201 allows the court to take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute" in that they are "generally known within the territorial jurisdiction of the trial court." *Id.* at 1268.

While there might exist a fishing fleet at the reach of the canal, commercial activity  is blocked  in the canal by virtue of the Old Hammond Highway Bridge.  That bridge acts in essence like the dams in *Smith* and *Livingston*; it is so low that no commercial vessel would ever be able to traverse from the reach into the canal proper; indeed, the bridge substantially limits the amount of recreational traffic on the canal by virtue of the height restriction caused by that bridge. Also,  like Lake Bistineau in the *Smith case,* the property values around the canal would be adversely affected if there were an attempt to open the waters to commercial traffic. Moreover, the sole purpose of this waterway is to provide an outlet for drainage water being pumped from New Orleans and Jefferson Parish to be emptied into Lake Pontchartrain.  There is simply no commercial activity involved along this body of water.  Furthermore, the location of

the dredging at issue is substantially farther inland than the location of the bridge, making it even more remote in character.[2]  Likewise, the breaches were substantially to the south of the Old Hammond Highway Bridge.

Thus, pretermitting any argument concerning the timeliness of this additional jurisdictional allegation, the Court finds that there is no admiralty or maritime jurisdiction over these claims arising from work performed in the Seventeenth Street Canal. Thus, these claims must be dismissed.   Accordingly,

**IT IS ORDERED** that the "Supplemental Motion in Compliance with Magistrate Wilkinson's Order of April 17, 2007 Incorporating Supplemental Memorandum, By Non-Party Engineers and Contractors Affected by December 8, 2006, Judgments" (Doc. 4118) is **GRANTED** with respect to the allegations of maritime jurisdiction as the Court finds that there is no basis for same as they relate to the Seventeenth Street Canal, the Orleans Avenue Canal and the London Avenue Canal.  All allegations of maritime jurisdiction based on alleged defalcations in any of these canals are **DISMISSED** in any pending case.

**IT IS FURTHER ORDERED** for the reasons set forth in the Court's December 8, 2007, ruling concerning peremption and fraud, the Supplemental Motion is **GRANTED** as concerns *Coniglio v. United States*, 07-1289 and *Hennessey v. United States,* C.A. No. 1288 dismissing

---

[2]The Court would also note that in *Pontchartrain Baptist Church,* C.A. No. 06-6642, there are allegations that the Seventeenth Street Canal, the London Avenue Canal, and the Orleans Avenue Canal are all navigable waters. For the same reasons the Court finds the Seventeenth Street Canal is not navigable, the rationale applies with equal force to the London Avenue Canal and the Orleans Avenue Canal.  Simply put, these are drainage ditches; they are not navigable waterways susceptible of commercial navigation.  They provide no basis for admiralty jurisdiction.

claims against Eustis and Modjeski and *Douville v. Boh Bros.*, C.A. No. 07-1118 and *Carney v. Boh Bros.*, C.A. 07-1349 dismissing claims against B&K and Boh Bros.

**IT IS FURTHER ORDERED** that to the extent that there are any claims against the Engineer Defendants and/or the Contractor Defendants as concerns activities with respect to the Industrial Canal and MRGO, those claims are **DISMISSED**.

The Court will now turn to the individual "me again" motions.

**Doc. 2968       B & K Construction Company, Inc.'s Motion to Dismiss and/or Motion for Summary Judgment Based on Peremption**

B & K Construction Company, Inc. has filed the instant motion urging that the additional suits enumerated therein should be dismissed based on peremption as the Court previously ruled on December 8, 2006. All of these new suits are based on the same alleged defalcations contained in the previously dismissed suits, and no substantive arguments different from those previously dismissed are raised. There is only one exception to this statement–that is in the *Edward Williams v. Board of Comm'rs*, C.A. No. 06-5471, there is an allegation of fraud.

The allegation of fraud in the *Williams* complaint is as follows:

> In addition to the foregoing, the silence of the Defendants BOARD OF COMMISSIONERS OF THE ORLEANS PARISH LEVEE DISTRICT, THE SEWERAGE AND WATER BOARD OF NEW ORLEANS, MODJESKI AND MASTERS, LLC, BURK-KLEINPETER, INC. B&K CONSTRUCTION COMPANY, INC., GO-TECH ENGINEERING and EUSTIS ENGINEERING COMPANY, INC. constitutes fraud through silence or inaction as set forth in La. Civil Code article 1953 in that defendants failed to disclose an obvious defect in the flood protection system.

11

(*Williams* Complaint ¶ 57). Defendant maintain that this allegation fails to assert an essential element under La. Civ. code art. 1953–that is that B&K acted with the intention either to obtain an unjust advantage for B&K or to cause a loss or inconvenience to the Plaintiffs. No specific opposition with respect to the dismissal of the allegations of fraud was filed. Furthermore, this Court previously rejected other similar plaintiffs' request to allow discovery concerning fraud stating that there is no "competent evidence presented to the Court that would create a genuine issue as to a material fact or convince the Court to allow discovery on this issue." As such, the Court finds that the motion to dismiss is well-taken in this regard as well. Thus, for the reasons stated in the Court's previous Order and Reasons (Doc. 2142) and the reasons stated herein,

**IT IS ORDERED** that B&K Construction Company, Inc's Motion to Dismiss and/or Motion for Summary Judgment Based on Peremption (Doc. 2968) is **GRANTED**.

**Doc. 2970     Rule 56 Motion for Summary Judgment on Behalf of Boh Bros. Construction Co., L.L.C.**

Boh Bros. Construction Co., L.L.C. ("Boh Bros.") seeks by this motion the dismissal of the claims against it plead in the additional suits enumerated therein based on peremption as the Court previously ruled on December 8, 2006. All of these new suits are based on the same alleged defalcations contained in the previously dismissed suits, and no substantive arguments different from those previously dismissed are raised. There is only one exception to this statement. In *Creato Gordon*, C.A. No. 06-5163, at sub-paragraph 4 of paragraph 61, plaintiffs allege "Additionally Defendant [Boh Bros.] failed to warn of or disclose the existence of risks posed to Plaintiffs in the 17th Street Canal levee system and fraudulently concealed such risks.

Failure to disclose these risks constitutes fraud in accordance with article 1953 of the Louisiana Civil Code."  As stated with respect to B&K Construction Company, Inc's motion, this Court previously rejected other similar plaintiffs' request to allow discovery concerning fraud stating that there is no "competent evidence presented to the Court that would create a genuine issue as to a material fact or convince the Court to allow discovery on this issue."  As such, the Court finds that the motion to dismiss is well-taken in this regard as well.

Finally, as to the opposition posed by plaintiffs in the *Pontchartrain Baptist Church*, considering that the Court has found that there is no maritime jurisdiction available as the canals are not navigable waterways as contemplated for maritime jurisdiction, there is no basis for those plaintiffs' claims to survive the peremption defense.  Accordingly, for the reasons stated herein and the Court's Order and Reasons (Doc. 2142),

**IT IS ORDERED** that the Rule 56 Motion for Summary Judgment on Behalf of Boh Bros. Construction Co., L.L.C. (Doc. 2970) is **GRANTED**.


**Doc. 2974**   **Rule 56 Joint Motion of Engineers for Summary Judgment on the Affirmative Defenses of *Res Judicata*, or in the Alternative, Collateral Estoppel**

**Doc. 2986**   **Engineers' Joint Rule 12(b)(6) Motion to Dismiss and Rule 56 Motion for Summary Judgment**

Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc. Gotech, Inc. and Modjeski and Masters, Inc. filed two motions seeking dismissal of the claims against them plead in the additional suits enumerated therein based on peremption.  The first motion (Doc. 2974) seeks

relief based on principles of res judicata and/or collateral estoppel. The second motion seeks an adjudication on the merits of the claim in the event that the Court were to deny the first motion.

All of these new suits are based on the same alleged defalcations contained in the previously dismissed suits, and no substantive arguments different from those previously dismissed are raised. As this Court has explained in detail in its December 8, 2007 Order and Reasons granting a Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints on Behalf of Eustis Engineering Company, Inc., Burk-Kleinpeter, Inc. and Modjeski and Master, Inc. (Doc. 463) and a Motion for Summary Judgment filed by Gotech, Inc. (Doc. 894), the Court found La. Rev. Stat. 9:5607, the state peremptive statute, applicable to the relief sought by those plaintiffs. (Doc. 2149) Furthermore, the Court has rejected any fraud allegations that might appear in conjunction with the work in question. Finally, the Court has also ruled herein that the Seventeenth Street Canal, the Orleans Avenue Canal and the London Avenue Canal are drainage ditches and are not susceptible to commerce making admiralty jurisdiction unavailable to any plaintiff in this regard. Thus, for all the reasons previously stated,

**IT IS ORDERED** that Engineers' Joint Rule 12(b)(6) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Doc. 2986) is **GRANTED** and Rule 56 Joint Motion of Engineers for Summary Judgment on the Affirmative Defenses of *Res Judicata*, or in the Alternative, Collateral Estoppel (Doc. 2974) is **MOOT.**

**Doc. 3404        Engineers' Third Joint Motion to Dismiss Cases Recently Filed or Consolidated into This Katrina Flood Litigation**

Modjeski and Masters, Inc. and Burk-Kleinpeter, Inc. filed this Third Joint Motion seeking their dismissal from *Douville* C.A. No. 07-113 and *Carney*, C.A. 06-0629. No opposition to this motion was filed. Furthermore, for all the reasons stated above, because these allegations are virtually the same as those discussed previously,

**IT IS ORDERED** that Engineers' Third Joint Motion to Dismiss (Doc. 3404) is **GRANTED**.

**Docs. 3406, 3425 and 4120    Motions by Burk-Kleinpeter, LLC**

Burk-Kleinpeter, LLC filed two Motions to Dismiss (Doc. 3406 and Doc. 3425) and a Supplemental Motion (4120) re-urging the prior motions in compliance with the aforementioned Magistrate Judge's order in that regard. In these motions, it argues that it had nothing whatsoever to do with the design, construction or maintenance of any of the floodwalls that failed or breached as a result of Hurricane Katrina. These motions are unopposed. Furthermore, it is apparent that Burk-Kleinpeter, LLC was mistakenly sued; Burk-Kleinpeter, Inc. is the entity which performed work on the London Avenue Canal. Accordingly,

**IT IS ORDERED** that the Motions to Dismiss (Doc. 3406, Doc. 3425 and 4120) filed by Burk-Kleinpeter, LLC are **GRANTED**.

**Doc. 2954     Motion to Dismiss Pursuant to Rule 12(B)(6)**

T.L. James filed the above referenced motion contending that any claim against them is barred by peremption. No opposition has been filed thereto, and finding the motion to have merit,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 2954) is **GRANTED**.


**Doc. 3403     C.R. Pittman Construction Company, Inc.'s Motion for Summary Judgement**
           **Base on Remoteness**

C.R. Pittman Construction Company, Inc's Motion for Summary Judgment Based on Remoteness (Doc. 3403) is unopposed. As such, and finding the motion to have merit,

**IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this  29th  day of June, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**