UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: MRGO FILED IN: 05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 06-0225, 06-0886, 06-2278, 06-2287, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5159, 06-5161, 06-5260, 06-5786, 06-5937, 07-1271 | § § § § § § § § § § § § § § § | |

**WASHINGTON GROUP INTERNATIONAL, INC.'S RESPONSE TO
PLAINTIFFS' POST-HEARING MEMORANDUM**

In a last-ditch attempt to oppose Washington Group International, Inc.'s ("WGII") motion to dismiss, plaintiffs now seek to file an unsolicited "Post-Hearing Memorandum." *See* Plaintiffs' Post-Hearing Memorandum, filed on June 26, 2007 ("Pls. Mem.").[1]  In that memorandum, plaintiffs accuse WGII of "argu[ing] facts outside the confines of the Complaint" and "exceed[ing] the scope of the pleadings to gain tactical advantage" during the June 13, 2007 hearing on its Motion to Dismiss the MRGO Plaintiffs' Master Consolidated Class Action Complaint ("Complaint").  Pls. Mem. at 2.

---

[1] WGII it is not aware that plaintiffs' Liaison Counsel "confer[red] with the Court" prior to submitting their Motion for Leave to File Post-Hearing Memorandum as required by Case Management Order No. 4 ("CMO No. 4").  CMO No. 4, § V(A).  Consequently, the Court should deny plaintiffs' motion for leave on that ground alone.

Of course, as explained below (and previously recognized by the Court), WGII has done no such thing.  *See* Hearing Transcript, *In re Katrina Canal Breaches* (No. 4140), June 13, 2007 ("Tr.") (attached as Exhibit 1), at 16-17, 20, 38-39, 48.  Indeed, stripped of its baseless accusations, it is apparent that plaintiffs filed their post-hearing memorandum for one purpose:  to ask the Court to consider the April 16, 2007 Declaration of their expert, Dr. Robert Bea, in evaluating the sufficiency of their Complaint against WGII under Rule 12.  *See* Pls. Mem. at 2, 4-6, 10.  Plaintiffs' request must be rejected.

As a preliminary matter, WGII did not present a Rule 56 Motion for Summary Judgment during oral argument before this Court.  *See* Tr. at 39 (Court) ("what I know [is] it's not a summary judgment [motion]"); *id.* at 6 (Treeby) ("we are making a facial attack under 12(b)(1), and it does not require the *Montez* evaluation").  *See also* Tr. at 10, 17, 20, 48, 53.  Moreover, contrary to the plaintiffs' representation (Pls. Mem. at 2), the slides that WGII's counsel displayed during the June 13th hearing in connection with its "duty-risk" argument (*see* Tr. at 26-38) were nothing more than a "visual graphic" of the precise allegations in the MRGO Plaintiffs' Master Complaint.  *See* Tr. at 32, 38; PowerPoint Presentation on WGII's Motion to Dismiss, dated June 13, 2007 (attached as Exhibit 2).  Not surprisingly, the plaintiffs' Post-Hearing Memorandum does not identify a single fact that WGII relied on -- either in its briefs or during the hearing – that was not also in the Complaint.  *Cf.* Mem. in Support of Mot. to Dismiss, dated May 2, 2007 ("Mot. to Dismiss") at 11-19 (arguing that even if plaintiffs' allegations in the Complaint are taken as true, they fall short of stating a claim for negligence under Louisiana law);

Reply in Support of Mot. to Dismiss, dated June 11, 2007 ("Reply") at 3-9 (same); Tr. at 10 (same).

Ironically -- and well after the time for responding to WGII's motion has passed -- it is the plaintiffs that seek to refute WGII's Motion to Dismiss by using facts *outside* of the Complaint. Apparently recognizing that their Complaint does not set out the requisite facts required to state a claim pursuant to the general pleading standards set forth in the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), plaintiffs accuse WGII of "disingenuously" failing "to mention the Declaration of Dr. Bea that was part of the plaintiffs' Rule 26 Disclosures," which provides "information that far exceeds the basic requirements set forth *Twombly*." Pls. Mem. at 3; Mot. for Leave to File Post-Hearing Mem. at 2 (the evidence in Bea's Declaration "answers the questions posed by the Court at the hearing on the Motion[] to Dismiss"). But, of course, Dr. Bea's Declaration and the information in it -- disclosed to WGII more than two weeks after the Complaint -- is *not* part of the plaintiffs' Complaint.[2] Accordingly, the Court should not and cannot consider its contents in ruling on WGII's motion to dismiss under Federal Rule of Civil Procedure 12. *See, e.g.*, *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004) (when deciding a motion to

---

[2] Moreover, the time for amending any complaint in this litigation has long passed. *See* Reply at 10-11; CMO No. 4, § II(A) ("the deadline for amending pleadings is now deemed lapsed").

WAI-2834434v1

dismiss, the "court must take the facts as alleged in the complaint as true," and it may not consider materials outside of the complaint); Mot. to Dismiss at 6 (citations omitted).[3]

The remainder of plaintiffs' Post-Hearing Memorandum does nothing more than repeat the same misguided arguments that plaintiffs already raised in their Opposition to WGII's Motion to Dismiss. Indeed, portions of pages 3, 6, 7 and 8 of the Memorandum regarding the standards for dismissal under Rule 12(b)(1) and for establishing the government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), are virtually *identical* to the text on pages 3, 5, 6 and 7 of the plaintiffs' previously-filed Opposition brief. *See* Pls.' Opposition. Accordingly, WGII will not infringe upon the Court's time by responding to these arguments for a fourth time here. *See* Mot. to Dismiss at 2-11 & n.2; Reply at 2-3; Tr. at 6-13, 19-25, 53-55.

Finally, WGII notes that despite another attempt to do so, plaintiffs still have not proffered any substantive response to WGII's argument that the Complaint must be dismissed because it fails to "demonstrate that the defendant's duty encompassed the type of harm arising from the facts alleged in the complaint." Reply at 7 (citing *Roberts v. Benoit*, 605 So.2d 1032, 1044-45 (La. 1991)). *See* Tr. at 28-38. The Louisiana Supreme

---

[3] Moreover, plaintiffs' unexplained (and irrelevant) accusation that WGII "present[ed] [] case law that was not contained its original motion or reply brief" during the hearing is patently untrue. Pls. Mem. at 2. The substance of all of the cases that WGII discussed during oral argument had been cited previously in WGII's memoranda in support of its motion to dismiss. Plaintiffs presumably are referring to the Fifth Circuit's opinion in *McLachlan v. New York Life Insurance*, No. 2007 WL 1548492 (May 30, 2007), which WGII discovered the day before the hearing. The Fifth Circuit's opinion was notable for its holding – that where, as here, a plaintiff seeks to impose a duty broader than the work a defendant was asked to perform – a trial court may properly dismiss the complaint. Moreover, the opinion was significant in that it adopted the trial court's decision (cited at page 10 of WGII's opening memorandum) nearly word-for-word. Plaintiffs knew about this case long before the June 13 hearing. They had no response to it then, and they have no response to it now.

Court has held that this duty-risk analysis is essential to "avoid making a defendant an insurer of all persons against all harms." *Todd v. Louisiana*, 699 So. 2d 35, 39 (La. 1997).

As explained during the hearing, the Fifth Circuit recently considered whether an insurance company, which failed to disclose to plaintiff the results of certain blood tests taken in connection with his life insurance application, could be liable for damages resulting from plaintiff's subsequent kidney failure. *See McLachlan v. New York Life Ins. Co.*, 2007 WL 1548942, No. 06-30449, at *1 (5th Cir. May 30, 2007); Tr. at 28-31. The Fifth Circuit, affirming Judge Vance's dismissal of the case under Rule 12, held that the insurer did *not* have an affirmative duty to disclose the elevated creatinine levels identified in McLachlan's laboratory results to plaintiff where (1) the purpose of the test was only to determine the amount of plaintiff's insurance premium and "not for his well-being," *id.* at *4; (2) the insurer was not performing (and did not have the expertise to perform) the services of a doctor, *id.*; and (3) the insurer "didn't set the disease in motion," *id.* at *2 (citation omitted).[4] Indeed, the Court suggested that imposing such a duty on the insurer would effectively "require everyone to warn everyone else of various physical dangers, regardless of the relationship." *Id.* at*3.

---

[4] The factors the Court considered in determining "the existence of a duty, and . . . whether the duty extends to protect a particular plaintiff from a particular harm" include:

> 1) whether the imposition of a duty would result in an unmanageable flow of litigation; 2) the ease of association between the plaintiff's harm and defendant's conduct; 3) the economic impact on society and similarly situated parties; 4) the nature of the defendant's activity; 5) moral considerations, particularly victim fault; 6) precedent; and 7) the direction in which society and its institutions are evolving.

*Id.* (citations omitted).

Similar and even stronger considerations dictate WGII's dismissal here.  *First*, plaintiffs did *not* allege that Washington Group worked on the levee or floodwalls bordering the Industrial Canal, or that it was hired to evaluate the integrity of those structures.  *See, e.g.*, Compl., ¶ 41 (the USACE hired WGII to remove "wharfage, salvage, debris, and other materials from the IHNC/Industrial Canal and/or its banks").  *Second*, the Complaint does not (and cannot) allege that WGII's employees had or were supposed to have the expertise needed to maintain, monitor and/or detect problems with the levees or floodwalls.  *See* Compl., ¶¶ 40-45.  Rather, the Complaint lays responsibility for engineering, evaluation and maintenance of the levees and floodwalls on the U.S. Army Corps of Engineers ("USACE") – for whom WGII worked.  *See, e.g.,* Compl., Count Six.  *Third*, it is plain that WGII did not set in motion the tragic confluence of events alleged in the plaintiffs' Complaint, from the allegedly defective design and maintenance of the MRGO (Count One), the allegedly defective design, construction and maintenance of the levees and floodwalls (Count Six), and the forceful hurricane that struck the New Orleans area on August 29, 2005.  Accordingly, WGII submits that plaintiffs have failed to allege that WGII owed an actionable duty to plaintiffs under Louisiana law, and their negligence claims against WGII must be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those previously argued in its Memoranda in Support of its Motion to Dismiss and during oral argument, WGII respectfully requests

WAI-2834434v1

that the Court deny Plaintiff's Motion for Leave to File a Post-Hearing Memorandum and grant WGII's Motion to Dismiss.

Dated: June 29, 2007

Respectfully submitted,

  /s/William D. Treeby
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

George T. Manning
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
Julia E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 202-879-3939
Fax: 202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Plaintiffs' Post-Hearing Memorandum has been served on all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid, on this 29th day of June, 2007.

                                      ___*/s/William D. Treeby*_____
                                      William D. Treeby