# Hearing on Motion to Dismiss Complaint Against Washington Group International, Inc.

## June 13, 2007



# Plaintiffs' Key Allegations Against WGII



41.     The initial phases of work included demolition and site preparation of what was referred to as the East Bank Industrial Area – a 32 acre site located between Florida Avenue and Claiborne Avenue and extending from the canal to the floodwall.  Defendant Washington Group's tasks included, but were not limited to, the **removal of wharfage, salvage, debris, and other materials from the IHNC/Industrial Canal and/or its banks.**



# Plaintiffs' Key Allegations Against WGII

> 42.     Defendant Washington Group's scope of work included . . . demolition of abandoned industrial structures . . . removal of underground structures . . . abatement of vegetation . . . removal of the Jordan Street wharf and canal side obstructions. . . removal of all electrical, sewer, gas, and telephone facilities . . . bank removal . . . removal of structures, slabs, sunken or partially sunken barges, and pilings . . . grid trenching . . . grading and hydro-mulching the site . . . and other such work to be demonstrated through the course of discovery and trial.



# Plaintiffs' Key Allegations Against WGII



45. Defendant Washington Group was negligent and/or at fault in the following non-exclusive respects: (1) it knew or should have known that its work was causing damage to the levee and/or flood wall structures and did nothing to correct the problem; (2) it failed to follow proper procedures in performing its work; (3) it failed to comply with appropriate regulations and standards in performing its work; (4) it failed to notice the damage caused by its work and failed to call that damage to the attention of the appropriate authorities; (5) and any other acts of fault or negligence to be proven upon the trial of the cause.



# Plaintiffs' Key Allegations About MRGO



23.  The Corps' negligence and/or fault in designing, engineering inspecting, and/or constructing MR-GO . . . included, without limitation (1) failing to take account of the waterway's inherent and known capability of serving as a funnel or conduit for rapidly-accelerated, storm-driven surges which would magnify the storm surge's force against levees, flood walls and spoil banks in New Orleans and St. Bernard Parish

# Plaintiffs' Key Allegations About MRGO



23. The Corps' negligence and/or fault in designing, engineering inspecting, and/or constructing MR-GO . . . included, without limitation (2) failing to "armor" levees on both banks of the MR-GO



# Plaintiffs' Key Allegations About MRGO



> 23.     The Corps' negligence and/or fault in designing, engineering inspecting, and/or constructing MR-GO . . . included, without limitation (3) failing to account for the devastation . . . of the wetlands, forests and land masses thus denuding and destroying a critical natural buffer against storm surge, thereby further exacerbating the funnel effect created by the MR-GO's design.
>
> 24.     . . . While the negligent design of the MR-GO caused destruction of the surrounding wetlands, the Corps' ongoing negligent maintenance of the MR-GO further exacerbated it.

# Plaintiffs' Key Allegations About The Levees

> 63/64.   The Corps based its overall design specifications on inadequate and obsolete hurricane strength assumptions . . . .



# Plaintiffs' Key Allegations About The Levees



65/66.   The Corps elected to base the overall design specifications on the wrong elevation datum . . . . No provision was made to account for the 3 to 4 feet/century subsidence rates . . . [resulting] in prolonged overtopping of floodwalls and levees long IHNC [and leading] to catastrophic breaches into the Lower Ninth Ward . . . .

# Plaintiffs' Key Allegations About The Levees



> 71.    . . . certain levees and floodwalls collapsed or were otherwise compromised or overtopped due to construction by the Corps with porous, erodible lightweight "shell sand" fill, or other inappropriate fill material not suitable for levee construction, especially without sheetpile cutoff concrete armoring or similar features to prevent erosion, undercutting, collapse or failure . . . .



# Plaintiffs' Key Allegations About The Levees



**TOO WEAK, TOO SHORT, TOO FRAGILE**

# Plaintiffs' Key Allegations About Hurricane Katrina



34.     As a result of the negligence and/or fault of the Corps, during and/or immediately following Hurricane Katrina an accelerated/enhanced hurricane surge was propelled up the MR-GO rushing through and/or over the so-called levees and/or I-Walls and/or spoil banks, including but not limited to [] Forty Arpent Canal . . .

# Plaintiffs' Key Allegations About Hurricane Katrina



34.    . . . Then said surge further rushed through the MR-GO/GIWW in an even greater surge smashing into the I-Walls and/or levees along the MR-GO/GIWW and the IHNC Industrial Canal causing massive inundation of all of the class geography.

# WGII's Work on the IHNC and its Banks Did Not Give Rise to a Duty to Insure Against All Defects in the Levees

