UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: MRGO and LEVEE | JUDGE DUVAL<br>MAG. WILKINSON |
| FILED IN   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-0225, 06-0886, 06-1885, 06-2152, 06-2278, 06-2287, 06-2346, 06-2545, 06-2824, 06-3529, 06-4024, 06-4065, 06-4066, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5155, 06-5159, 06-5161, 06-5162, 06-5163, 06-5260, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 06-11208, 07-0206, 07-0621, 07-0647, 07-0993, 07-1073, 07-1271, 07-1284, 07-1285, 07-1286, 07-1288, 07-1289 | |

**MRGO AND LEVEE DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTIONS TO LIMIT
<u>THE NAMED PLAINTIFFS' DEPOSITIONS</u>**

The MRGO and Levee Defendants submit this joint memorandum in opposition

to plaintiffs' two motions seeking to limit the named plaintiffs' depositions in scope (Docket

882046v.1

Nos. 5761 & 6011)[1] and in duration, to three hours per named plaintiff (Docket Nos. 5764 & 5769). Plaintiffs' motions seek protective orders that would dramatically and unjustifiably limit the named plaintiffs' depositions and would prevent the development of a proper record for the Court's class-certification decision. Both motions should be denied.

In their first motion, plaintiffs say that the named plaintiffs should not be required to answer deposition questions on their individual claims regarding either "liability" or "damages." (Pls.' Mem. re Scope at 3, 5.) Plaintiffs apparently take the position that such questions, because they depend on proof that will be individual to the named plaintiffs, are somehow not relevant to the Court's decision on whether the named plaintiffs' claims for liability and damages meet the requirements for class certification under Federal Rule of Civil Procedure 23. Plaintiffs are plainly wrong.

In deciding whether this case should be certified as a class action, this Court will be required to consider the types of evidence and proofs that will be necessary to try *all aspects* of plaintiffs' claims, not just the few issues cherry picked as "common" by plaintiffs' counsel. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740-41 (5th Cir. 1996) (explaining that the class-certification decision must consider all aspects of plaintiffs' causes of action, not just a few supposedly "common" issues, even if bifurcation is proposed). *Castano* instructs that a court must go beyond the pleadings to "understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Id*. at 744. Indeed, the Rule 23 predominance requirement can only be measured by considering each cause of action as a whole — not, as plaintiffs suggest, by considering only select issues. *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006) ("The cause of action

---

[1] Plaintiffs appear to have filed both of their motions twice. Docket Nos. 5761 and 6011 appear to be identical, as do Docket Nos. 5764 and 5769.

882046v.1

as a whole must satisfy Rule 23(b)(3)'s predominance requirement." (citing *Castano*, 84 F.3d at 745 n.21)). For this reason, the Advisory Committee's Notes to Rule 23 specifically contemplate "discovery in aid of the certification decision" that includes "information required to identify the nature of the issues that actually will be presented at trial" and "controlled discovery into the 'merits'" as relevant to an informed class-certification decision. Fed. R. Civ. P. 23 advisory committee's notes (2003 amend. to subsection (c)). If plaintiffs' requested limits on discovery were imposed, the defendants would be denied the right to properly oppose class certification, and this Court would lack the record required to undertake a proper class-certification analysis under Fifth Circuit law.

Plaintiffs are also wrong in suggesting that the scope of the named plaintiff depositions should be limited to the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. There is no basis in class-certification law for such artificial discovery limits, when the Court's class-certification decision must determine, *in addition to* the requirements of Rule 23(a), whether one of the subsections of Rule 23(b) is satisfied. Issues relating to "liability" — such as the cause of each named plaintiff's alleged injuries — and issues relating to "damages" — such as the categories of damage each named plaintiff is claiming — directly relate to Rule 23(b)(3)'s predominance and superiority requirements. Under *Castano*, a proper Rule 23(b)(3) analysis requires an evaluation of the elements of proof for each cause of action alleged, the likely affirmative defenses, and the damages issues, and an analysis of whether individual issues or common issues will predominate. *See Castano*, 84 F.3d at 739-40, 744-45.

In any event, questions about "liability" and "damages" will always directly relate to the typicality and adequacy requirements of Rule 23(a), because a named plaintiff's injuries

and damages may not be representative of those of his proposed class, or may demonstrate why there are conflicts within the same class. Defendants must be permitted to ask questions at deposition about the named plaintiffs' injuries, the cause(s) of those injuries, the extent of those injuries, and the resulting claimed damages in order to test whether the proofs of the named plaintiffs would be typical of the absent class members and whether the named plaintiffs would be adequate class representatives. Plaintiffs' motion to limit the scope of class-certification discovery to preclude questioning the named plaintiffs about liability and damages therefore should be denied.

In their second motion, plaintiffs ask the Court to limit the named plaintiffs' depositions to no more than three hours in duration — less than half the time ordinarily permitted under the Federal Rules of Civil Procedure. Plaintiffs' motion is premised solely on the misconceived argument that all individual issues relating to the named plaintiffs' claims for liability and damages are beyond the scope of class-certification discovery. As such, plaintiffs' second motion also should be denied. Moreover, it is entirely reasonable to permit defendants to question the named plaintiffs at their depositions for the normal period, seven hours, and the agreed-upon deposition schedule is already set up to allow for this. The argument that the named plaintiff depositions in one of the largest proposed class actions in history should be limited to three hours is unjustified on its face.

882046v.1

I. **DEPOSITION QUESTIONS ABOUT "LIABILITY" AND "DAMAGES" ARE PROPER BECAUSE THE CAUSES OF EACH NAMED PLAINTIFF'S INJURIES AND HIS OR HER DAMAGES ARE CRITICAL TO THIS COURT'S DECISION WHETHER TO CERTIFY PLAINTIFFS' PROPOSED CLASS.**

   A. **Plaintiffs' Attempt To Limit Class-Certification Discovery To Their Cherry-Picked, Supposedly "Common" Issues Is Not Permissible Under Fifth Circuit Law, Which Requires The Court Also To Consider Individual Issues When Deciding Class Certification.**

Apparently taking the position that any discovery relating to individual issues is not relevant to class certification, plaintiffs argue that defendants should not be allowed to ask the named plaintiffs questions about liability or damages. (Pls.' Mem. re Scope at 3, 5; Pls.' Mem. re Duration at 3, 5.) Plaintiffs took the same tack in their responses to defendants' written discovery requests, suggesting that because plaintiffs seek only "common issues certification," class-certification discovery must be limited to the few issues that plaintiffs' counsel have cherry picked as "common" in their motion for class certification. (*See* Pls.' Disc. Resp. at 21-22 (Resp. to Interrog. 15), and at 15-16 (Resp. to Interrog. 1) excerpts attached as Ex. A.) Based on this logic, plaintiffs have refused even to *identify* the types of injuries alleged by the named plaintiffs, other than the street address of property allegedly damaged. (*Id*. at 21-22 (Resp. to Interrog. 15).) And plaintiffs have argued that the *cause* of an individual named plaintiff's damages is "beyond the scope of class certification discovery." (*Id*. at 1 (General Obj. #1).)[2]

But plaintiffs' suggestion that individual issues like causation of a plaintiff's injury and resulting damages can be ignored for class-certification purposes was flatly rejected

---

[2] Defendants are concurrently filing motions to compel, addressing plaintiffs' failure to respond to defendants' class-certification discovery.

882046v.1

by the Fifth Circuit in *Castano*, and has been repeatedly rejected in the Circuit's later decisions.[3]
The predominance test of Rule 23(b)(3) first identifies which questions are common to the class, and which questions will depend on individualized proof, and then determines whether — for the cause of action as a whole[4] — the common questions predominate over the individual ones. Thus, a proper predominance determination cannot ignore individual issues just because the plaintiffs have proposed a bifurcated, or so-called "issues" trial under Rule 23(c)(4):

> The proper interpretation of the interaction between subdivisions (b)(3) and (c)(4) is that *a cause of action, as a whole, must satisfy the predominance requirement of (b)(3)* and that (c)(4) is a housekeeping rule that allows courts to sever the common issues for a class trial.

*Castano*, 84 F.3d at 745 n.21 (citations omitted) (emphasis added); *Exxon Mobil*, 461 F.3d at 601 (same (citing *Castano*, 84 F.3d at 745 n.21)). The Fifth Circuit specifically explained that severing individual issues until the remaining common issues predominate is not allowed under Rule 23:

> Reading rule 23(c)(4) as allowing a court to sever issues until the remaining common issue predominates over the remaining individual issues would eviscerate the predominance requirement of rule 23(b)(3) . . . .

*Castano*, 84 F.3d at 745 n.21. Thus, "[a] district court cannot manufacture predominance through the nimble use of subdivision (c)(4)." *Id.*; *see also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422 (5th Cir. 1998) (same); *Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350, 355 (5th Cir. 2005) (same (citing *Castano*, 84 F.3d at 745 n.21)).

---

[3]   *Castano*, 84 F.3d at 745 n.21; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422 (5th Cir. 1998); *Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350, 355 (5th Cir. 2005); *Exxon Mobil*, 461 F.3d at 601.

[4]   *Exxon Mobil*, 461 F.3d at 601 (citing *Castano*, 84 F.3d at 745 n.21).

Thus, even if the Court were to determine, in its analysis of class certification, that individual issues of causation, comparative fault, and damages could be bifurcated and deferred for later trials — which defendants maintain would be unmanageable and would violate the Seventh Amendment [5] — such issues are still the proper subject of class-certification discovery and later briefing. Whether plaintiffs can meet their burden of showing that common issues predominate over individual ones is a key class-certification question. As *Castano* makes clear, plaintiffs cannot ignore individual issues of "liability" or "damages" to make their burden on predominance easier. *Castano*, 84 F.3d at 740-41, 744-45 (rejecting trial plan and reversing class certification where the district court's "predominance inquiry did not include consideration of how a trial on the merits would be conducted" and the district court refused to consider what issues would have to be decided in individual trials).

In their discovery responses, plaintiffs also suggest that the Court has already held the "cause" of the individual plaintiff's damages to be beyond the scope of class-certification discovery, citing CMO No. 4, Section IV at page 19. (Pls.' Discovery Resp. at 1, 21.) But the cited section of the Court's CMO refers not to class-certification discovery, but to "Common Liability Issues" and merits discovery. Class-certification discovery is governed by a different section of the CMO, Section III. Moreover, the Court defined "common liability issues" to exclude only "*quantification* of individual damage claims" (CMO No. 4, § I(A) at 4 (emphasis added)) — not, as plaintiffs suggest, all discovery relating in any respect to damages, including their *cause*. Finally, page 2 of the CMO specifically contemplates that damages "may be necessary in connection with class certification proceedings." (*Id*. at 2.) And surely the Court did not intend to limit class-certification discovery in a manner that would make it impossible for

---

[5]   *See Castano*, 84 F.3d at 750-51.

882046v.1

the parties to develop the record necessary to understand how issues such as causation, comparative fault, injury, and damages would have to be proven. Without such a record, there would be no basis to decide the class-certification motion in accordance with Federal Rule of Civil Procedure 23 and Fifth Circuit law.[6]

> **B.    The Court's Rigorous Analysis Of The Rule 23 Requirements For Class Certification Requires A Properly Developed Factual Record Regarding The Proofs That Will Be Necessary For Each Cause Of Action.**

When the Fifth Circuit decided *Castano* in 1996, it instructed that before certifying a class, the "district court must conduct a rigorous analysis of the rule 23 prerequisites." *Castano*, 84 F.3d at 740; *see also Exxon Mobil*, 461 F.3d at 601 (same). Over the past decade, class-certification law has explicitly emphasized the need for courts to consider numerous issues as part of this "rigorous analysis," and hence the need for class-certification discovery on such matters.

For plaintiffs seeking certification under Rule 23(b)(3), as plaintiffs do here, courts must consider "how a trial on the merits would be conducted." *Castano*, 84 F.3d at 740. At trial, the proofs of the named plaintiffs must be able to stand in for the proofs of the absent class members; if they cannot, then the matter is not appropriate for class certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (proposed classes must be "sufficiently cohesive to warrant adjudication by representation"). While the strength of a plaintiff's claim should not affect the certification decision, "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues."

---

[6] *See Castano*, 84 F.3d at 740 (court's discretion "must be exercised within the framework of rule 23").

*Castano*, 84 F.3d at 744; *Allison*, 151 F.3d at 419; *Exxon Mobil*, 461 F.3d at 601. These inquiries necessarily depend on the parties' being free to conduct class-certification discovery.

Consistent with this evolving class-certification case law, there have also been changes to Rule 23. Courts no longer are allowed to "conditionally certify" class actions, and courts must "find, not merely assume, the facts favoring class certification." *See Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, No. 05-10791, 2007 WL 1430225, at *5 (5th Cir. May 16, 2007) (internal citation omitted); *see also* Fed. R. Civ. P. 23 advisory committee's notes (2003 amend. to subsection (c)) (explaining elimination of practice of conditional certification and growing trend of requiring class certification movants to submit trial plans). And courts are no longer in a hurry to decide class certification "as soon as practicable." Instead, courts are instructed to decide class certification "at an early practicable time." *See* Fed. R. Civ. P. 23(c)(1)(A); Fed. R. Civ. P. 23 advisory committee's note (2003 amend. to subsection (c)). This change was intended to allow more time for the parties to develop a class-certification record. The Advisory Committee's Notes to Rule 23 specifically contemplate that the class-certification decision may require a certain amount of "merits" discovery, even though the Court does not decide the merits at class certification. Thus,

> discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis.

Fed. R. Civ. P. 23 advisory committee's note (2003 amend. to subsection (c)). As the Advisory Committee's Notes explain, such discovery is necessary to determine the critical class-certification question of how the case will be tried:

> A critical need is to determine how the case will be tried. An increasing number of courts require a party requesting class

882046v.1

>certification to present a "trial plan" that describes the issues likely to be presented at trial and tests whether they are susceptible of class-wide proof.

*Id*. Absent knowledge of the types of proofs and evidence that will be required to try the claims, the Court cannot properly evaluate whether individual or common issues will predominate. *See Castano*, 84 F.3d at 744-45. It is improper for plaintiffs to attempt to force defendants to brief, and the Court to decide, key class-certification issues in the abstract, without the critical record that must be developed through discovery of the named plaintiffs.

### C. Discovery On The Cause Of Each Named Plaintiff's Alleged Injuries And The Extent, Nature, And Claimed Amount Of His Or Her Damages Is Relevant And Indeed Critical To A Proper Determination Of Rule 23(b)(3)'s Predominance And Superiority Requirements.

Plaintiffs' argument that the requirements of Rule 23(a) — numerosity, commonality, typicality, and adequacy — are the only issues relevant to the named plaintiffs' depositions is simply incorrect. In order to certify a proposed class, plaintiffs must prove and the Court must determine that, in addition to the requirements of Rule 23(a), the requirements of one of the subsections of Rule 23(b) are met. Fed. R. Civ. P. 23(a), (b). Plaintiffs here are seeking certification under at least two subsections — Rule 23(b)(2) and (b)(3) — each with a set of issues deserving discovery.

Rule 23(b)(3), for example, requires plaintiffs to demonstrate that common issues predominate over individual issues, and that a class-action trial is superior. "The predominance inquiry requires that questions of law or fact common to the members of the class 'predominate over any questions affecting only individual members.'" *Exxon Mobil*, 461 F.3d at 601 (citation omitted). If individual issues predominate, class certification is not proper. *Id*. In opposing class certification here, defendants expect to demonstrate that individual issues such as the cause(s) of each plaintiff's injuries, comparative fault, and damages predominate and preclude

class certification. *Cf. Allison*, 151 F.3d at 419-20 (affirming finding that predominance and superiority requirements were not met where plaintiffs' claims for damages would focus on individual issues, including the kind of harm each plaintiff suffered, the effect of the harm on each plaintiff, and medical treatment received by each plaintiff).[7]  Moreover, courts have specifically found in Hurricane Katrina cases that class certification was not appropriate because of individual issues of causation. *See Guice v. State Farm Fire & Cas. Co.*, No. 1:06CV001 LTS-RHW, 2007 WL 912120, at *1 (S.D. Miss. March 22, 2007) (class of insureds denied coverage for property damage owing to Hurricane Katrina could not be certified because of differences of "evidence available to ascertain the cause of the destruction and damage to" the relevant properties); *Comer v. Nationwide Mut. Ins. Co.*, No. 1:05 CV 436 LTD RHW, 2006 WL 1066645, at *2 (S.D. Miss. Feb. 23, 2006) (denying plaintiffs' motion to certify a defendant class of insurers because the "combination of forces [that] caused" each property owner's damages "will vary greatly in its particulars" such that "with respect to the issue of damages, each individual claim will require particular evidence to establish the cause of . . . the loss"). *Cf. Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *3 (E.D. La. Jan. 17, 2007) (severing plaintiffs' claims from one another where "each individual claim [required] particular evidence to establish the cause of and the extent of the loss.").  Surely defendants must be entitled to conduct discovery in this case to present a similar class-action record here.  Thus, issues of injury-in-fact, cause of injury, comparative fault, if any, and damages all relate to the predominance inquiry and are the proper subject of class-certification discovery.

---

[7]  *See also Corley*, 152 F. App'x at 355 (individual issues related to damages defeated the predominance requirement because "the injury to the landowners varie[d] in substantial ways, depending on the value, character, and location of the property"); *Exxon Mobil*, 461 F.3d at 602 ("[W]here individual damages cannot be determined by reference to a mathematical or formulaic calculation, the damages issue may predominate over any common issues shared by the class.").

Further, issues of causation and damages are relevant to the superiority requirement of Rule 23(b)(3). The more individual issues of damages, liability, and defenses to liability are likely to predominate such that a class action would degenerate in practice into multiple lawsuits separately tried, the less likely a class action provides a superior method of adjudication. *Exxon Mobil*, 461 F.3d at 604-05; *see also Castano*, 84 F.3d at 745 n.19 (same (citing to Fed. R. Civ. P. 23(b)(3) advisory committee's note; *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627-28 (3rd Cir. 1996); *In re Am. Med. Sys.*, 75 F.3d 1069, 1084-85 (6th Cir. 1996))); *Allison*, 151 F.3d at 419.

### D. The Causes Of Each Named Plaintiff's Alleged Injuries And His Or Her Damages Are Also Relevant To Rule 23(a)'s Typicality And Adequacy Requirements.

Plaintiffs' improper attempt to narrow the named plaintiff depositions to the requirements of Rule 23(a) also fails to recognize that deposition questions on the causes of the named plaintiffs' alleged injuries and the damages each is seeking would still be proper: such evidence is certainly relevant to the typicality and adequacy analyses of Rule 23(a). If the kind(s) of injury each named plaintiff claims to have sustained, or the cause(s) of each such injury, are not the same as those of other proposed class members, the named plaintiff's claims might not be typical, or he or she might not be an adequate representative. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (citation and internal quotation omitted); *see also Gen. Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 156-59 (1982); *E. Tex.*

*Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403-04 (1977); *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986).[8]

### E.   Plaintiffs Have Failed To Show Good Cause For A Protective Order Limiting The Scope Of Class-Certification Discovery.

Plaintiffs have the burden of showing there is good cause for issuance of a protective order, which requires they show "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Fed. R. Civ. P. 26(c); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted); *Williams v. Chrysler Fin'l Corp.*, No. Civ. A. 98-2931, 1999 WL 221119, at *4 (E.D. La. Apr. 9, 1999). Plaintiffs' motion is filled with nothing more than conclusory statements reflecting plaintiffs' "desire to limit [defendants'] discovery to topics [plaintiffs] deem[] relevant, without any particularized demonstration of fact to support its argument." *Williams*, 1999 WL 221119, at *4. Plaintiffs have failed to meet their burden to show good cause, and their motion should be denied.[9]

Moreover, questioning named plaintiffs about individual damages does not, as plaintiffs argue, constitute "harassment" or "abuse of the discovery process." (*See* Pls.' Mem. re Scope at 4.) It is a completely normal part of class-certification discovery, and named plaintiffs are routinely asked about such issues in both written discovery and in depositions. *Cf. Wallace*

---

[8]   *See Gen. Tel. Co.*, 457 U.S. at 157-58, 160 (reversing certification decision where district court looked only to the pleadings to determine class representative suffered same injury as class members).

[9]   Plaintiffs rely solely upon *Alexander v. FBI*, 186 F.R.D. 188 (D.D.C. 1999), for their contention that the specifics of each named plaintiff's individual damages are not relevant to class certification and, therefore, may not be inquired into during their depositions. (Pls.' Mem. re Scope at 5.) But *Alexander* said nothing about the relevance of damages in class-action discovery. *See generally Alexander*, 186 F.R.D. 188.

882046v.1

*v. Chevron Oronite Co., L.L.C.*, No. 07-0574, 2007 WL 1747004**,** at *2 (E.D. La. June 14, 2007) (requiring plaintiffs to amend class action complaint to identify the types and severity of alleged damages that they individually suffered).

## II.  PLAINTIFFS HAVE ALSO FAILED TO SHOW GOOD CAUSE FOR LIMITING THE NAMED PLAINTIFFS' DEPOSITIONS TO THREE HOURS.

Plaintiffs likewise have failed to make the requisite showing of any cause, let alone good cause, for altering the presumptive duration of seven hours for a deposition and limiting the named plaintiffs' depositions to three hours instead.[10]  Plaintiffs' argument is based on the flawed premise that all issues regarding liability and damages, including the cause(s) of their injuries, are irrelevant to the Court's decision on class certification.  As explained above, plaintiffs' argument for limiting defendants from questioning class representatives about "liability" or "damages" is meritless.

Moreover, plaintiffs offer no support for their estimate that three hours will provide sufficient time to question deponents about the relevant issues, even the ones plaintiffs deem relevant.  *Cf. In re Terra Int'l*, 134 F.3d at 306 (good cause not shown where movant "did not support its motion for protective order with any affidavits or other evidence").  Plaintiffs merely speculate that all Rule 23(a) factors can be determined in less than three hours of examination.  (Pls.' Mem. re Duration at 4.)  In fact, plaintiffs' delayed and uncooperative responses to defendants' written discovery requests have impeded the progress of discovery and diminished defendants' ability to prepare for the upcoming depositions.  In these circumstances,

---

[10]  *See* Fed. R. Civ. P. 30(d)(2) advisory committee's note (2000 amend.) ("The party seeking a court order to…alter the limitation[] is expected to show good cause to justify such an order."); *In re Vioxx Prods. Liab. Litig.*, No. MDL NO. 1657, 2005 WL 928538, at *2 (E.D. La. Apr. 15, 2005); *Globe Savings Bank, F.S.B. v. U.S.*, 61 Fed. Cl. 91, 102 (Fed. Cl. 2004).

the Advisory Committee's Notes contemplate that such discovery failures justify an *extension* of time, rather than a limitation, for the named plaintiffs' depositions. *See* Fed. R. Civ. P. 30(d)(2) advisory committee's note (2000 amend.) (factors justifying an extension of time include circumstances in which requested documents have not been produced, the interrogating party was unable to provide the deponent sufficient time to examine relevant documents in advance of the deposition, and/or the deponent or other person impedes or delays the examination).

Plaintiffs suggest that more than three hours of examination would be unduly burdensome and overly broad and would constitute mere harassment and abuse of the discovery process. (Pls.' Mem. re Duration at 4.) But plaintiffs' "[m]ere assertions . . . of harassment . . . provide no evidence of undue burden." *Horsewood v. Kids "R" Us*, No. Civ. A. 97-2441-GTV, 1998 WL 526589, at *4 (D. Kan. 1998) (plaintiff failed to establish good cause for limiting duration of deposition where plaintiff "merely offer[ed] conclusory and speculative statements" about need for limiting duration). Defendants have no intention of conducting, and plaintiffs have no basis whatsoever for speculating that they will conduct, the upcoming depositions in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress any deponent. In any event, the time to seek relief for any improper conduct is when it occurs. *See id.*; Fed. R. Civ. P. 30(d)(3), (4).

### III. CONCLUSION

For these reasons, the MRGO and Levee Defendants respectfully request that this Court deny Plaintiffs' Motion for Protective Order to Prohibit the Defendants from Questioning Plaintiff-Class Representatives as to the Entirety of Their Damages (Docket Nos. 5761 & 6011) and deny Plaintiffs' Motion for Protective Order to Limit the Defendants to No More Than Three (3) Hours Per Deposition of Plaintiff-Class Representatives (Docket Nos. 5764 & 5769).

Dated: July 2, 2007                                                       Respectfully submitted,

| | |
|---|---|
| */s/ Gary M. Zwain* | */s/Ralph S. Hubbard III* |
| Lawrence J. Duplass, 5199 | Ralph S. Hubbard III, T.A., 7040 |
| Gary M. Zwain, 13809 | Joseph P. Guichet, 24441 |
| Andrew D. Weinstock, 18495 | Rachel Meese, 25457 |
|     Of |     Of |
| Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock | Lugenbuhl, Wheaton, Peck, Rankin & Hubbard |
| 3838 N. Causeway Blvd., Suite 2900 | 601 Poydras Street, Suite 2775 |
| Metairie, Louisiana 70002 | New Orleans, Louisiana 70130 |
| Telephone: (504) 832-3700 | Telephone: (504) 568-1990 |
| Facsimile: (504) 837-3119 | Facsimile: (504) 310-9195 |
| | |
| Attorneys for Board of Commissioners for the Lake Borgne Basin Levee District and Board of Commissioners of the East Jefferson Levee District, on behalf of the Levee Defendants | Attorneys for St. Paul Fire and Marine Insurance Company |

882046v.1

*/s/Thomas P. Anzelmo*
Thomas P. Anzelmo, 2533
Mark E. Hanna, 19336
Kyle P. Kirsch, 26363
Andre J. Lagarde, 28649
    Of
McCranie, Sistrunk, Anzelmo, Hardy,
  Maxwell & McDaniel
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

And

James L. Pate, 10333
Ben L. Mayeux, 19042
    Of
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, Louisiana  70505-2828
Telephone:  (337) 237-7000

Attorneys for the Orleans Levee District,
on behalf of the Levee Defendants

*/s/ William D. Treeby*
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for Washington Group
International, Inc.

Of counsel
Adrian Wager-Zito
Julie McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-4645
Facsimile:  (202) 626-1700

Jerome R. Doak
Jones Day
2727 N. Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

882046v.1

*/s/Robin D. Smith*
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Telephone:  (202) 616-4289
Facsimile:   (202) 616-5200

Attorney for United States

## CERTIFICATE

I hereby certify that a copy of the above and foregoing MRGO and Levee Defendants' Memorandum in Opposition to Plaintiffs' Motions to Limit the Named Plaintiffs' Depositions has been served upon all counsel of record by electronic notice via the Court's CM/ECF System, this 2nd day of July, 2007.

  */s/ William D. Treeby*
  William D. Treeby

882046v.1