# Exhibit A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>           CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K"(2) |

**FILED IN:**   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
07-0621, 07-1073, 07-1271, 07-1285

**PERTAINS TO: MR-GO**

---

**PLAINTIFFS' RESPONSE TO MRGO DEFENDANTS' FIRST SET OF JOINT CLASS-CERTIFICATION REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36 and Case Management and Scheduling Order No. 4, Section III(B)(2), as amended by Order issued March 29, 2007, the plaintiffs submit these responses to the MRGO Defendants' First Set of Joint Class-Certification Requests for Admission, Interrogatories, and Requests for Production of Documents to Plaintiffs.

**General Objection # 1.**

The issues relevant to this discovery concern only class certification. Determination of the cause of individual plaintiff's damages is beyond the scope of class certification discovery. *See* CMO No. 4, § IV, at page 19.

**General Objection # 2.**

Plaintiffs assert a continuing objection to the premature disclosure of a Trial Plan more appropriately disclosed and discussed at the conclusion of class certification discovery. All responses to this discovery are made with full reservation of, and subject to, this objection.

1

Admit that the law of a state other than Louisiana will apply to determine the damages of at least one named plaintiff or proposed class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that both of your proposed subclasses include corporations that suffered damage as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Admitted.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate each element of proof required for each cause of action alleged against each defendant.

**ANSWER TO INTERROGATORY NO. 1:**

It is the intent of the Plaintiffs, consistent with CMO #4, that a jury will hear and decide the certified common issues. This common issues trial will determine the cause(s) of the levee breach(es) which allowed water to penetrate the geographical boundaries of the class, the parties at fault who are responsible for the levee breach(es), and the apportionment of fault between the Defendants. The common questions of the causation fault, and the apportionment of fault will then be determined for all class members. The common question of the geographical reach of the flood waters will likewise be determined. There also may be common questions of certain class-wide damages to be tried.

15

The Court may include in its Trial Plan provisions to permit the Class Representatives or other selected Plaintiffs to try their individual damage claims. In that event, the Trial Plaintiff will then be required to prove that he or she was caused injury and damages as a result of the flooding. If damages were proven, the jury would then assess damages specific to that particular Plaintiff.

**INTERROGATORY NO. 2:**

If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate the cause(s) of each injury alleged by each proposed class member.

**ANSWER TO INTERROGATORY NO. 2:**

See Answer to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate comparative fault with regard to the various injuries alleged by each proposed class member.

**ANSWER TO INTERROGATORY NO. 3:**

See Answer to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to determine all damage issues, including the amount of damage, for each proposed class member.

**ANSWER TO INTERROGATORY NO. 4:**

See Answer to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

If the Court were to certify your proposed class, explain whether your proposed trial plan would use the same or different juries to adjudicate (i) the elements of proof for each cause of action, (ii) affirmative defenses, and (iii) damage issues. If you propose the use of two or more different juries, explain what each jury will determine, and what each jury will be informed about the results of previous phases of the trial. If you contend that particular issues do not require a jury, identify those issues and describe how those issues will be adjudicated.

**ANSWER TO INTERROGATORY NO. 5:**

The same jury would address those common issues and others which may be certified by the Court.  Those common issues would include causes of action common to all Plaintiffs and affirmative defenses common to all Plaintiffs.  Depending on the trial plan adopted by the Court, it may be that the Class Representatives or other selected Trial Plaintiffs will try their individual damage claims to the common issue jury.

Subsequent to a determination of all certified common issues, individual trials, to a jury or to the Bench which would be limited to individualized proofs of damages and quantum.  Various Courts have used different methods to address these individualized proofs.  Any more detailed discussion of individual damage trials is premature. Claims against the government would be tried to the Bench contemporaneously with the common issues jury trial as to all common issues.

**INTERROGATORY NO. 6:**

If you contend that defendants are not entitled to individual proofs at trial for each proposed class member to determine: (i) the cause of each injury alleged by each proposed class member; (ii) the allocation of fault among all persons causing or contributing to each such injury; and (iii) the amount of any damages sustained by each proposed class member as a result of each defendant's

17

alleged negligence, then identify and describe the trial procedures that you contend would enable the Court to adjudicate each of these issues.

**ANSWER TO INTERROGATORY NO. 6:**

See Answer to Interrogatory Nos. 1 and 5.

**INTERROGATORY NO. 7:**

If the Court does not accept the futility-doctrine argument set forth in paragraphs 2 and 3 of the MR-GO Master Consolidated Class Action Complaint, describe in detail how your proposed class-trial plan would enable the Court to determine whether or not each proposed class member had fulfilled the administrative claim filing requirements necessary to maintain a claim under the Federal Tort Claims Act.

**ANSWER TO INTERROGATORY NO. 7:**

The common issues trial as proposed by the Plaintiffs would not require such proof. The trial of individualized damage claims would be the appropriate time for the introduction of such proof.

**INTERROGATORY NO. 8:**

Identify and describe any mathematical or formulaic calculations or other models that you contend may be used to determine the cause(s) of alleged injuries to any proposed class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

**ANSWER TO INTERROGATORY NO. 8:**

Objection. The words "mathematical or formulaic calculations or other models" are vague and ambiguous insofar as they could be intended to refer to damage calculation or to levee breach scenarios.

Plaintiffs further object as this interrogatory as premature as it seeks information that would be considered "protected work product" as contemplated by CMO #4 (III)(D).

18

**INTERROGATORY NO. 9:**

Identify and describe any mathematical or formulaic calculations or other models that you contend may be used to determine the type or amount of damages sustained by any proposed class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

**ANSWER TO INTERROGATORY NO. 9:**

See Answer to Interrogatory No. 8.

**INTERROGATORY NO. 10:**

If you are seeking class certification under Federal Rule of Civil Procedure 23(b)(1), describe the basis for your assertion that class certification would be appropriate pursuant to Rule 23(b)(1).

**ANSWER TO INTERROGATORY NO. 10:**

See Plaintiffs' Motion for Class Certification.

**INTERROGATORY NO. 11:**

If you are seeking class certification under Federal Rule of Civil Procedure 23(b)(2), describe the basis for your assertion that class certification would be appropriate pursuant to Rule 23(b)(2), including a description of the specific injunctive and/or declaratory relief you seek and the specific conduct of each defendant that you seek to enjoin and/or compel.

**ANSWER TO INTERROGATORY NO. 11:**

See Plaintiffs' Motion for Class Certification.

**INTERROGATORY NO. 12:**

In your motion for class certification, you contend that "certain elements of classwide damage, such as the breakdown in social structure and loss of cultural identity, might be remedied

by way of declaratory and/or injunctive relief." State whether you are seeking such relief and, if so, describe the specific declaratory and/or injunctive relief that you are seeking to remedy these alleged damages.

**ANSWER TO INTERROGATORY NO. 12:**

Objection. Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**INTERROGATORY NO. 13:**

In paragraphs 12 and 13 of the MR-GO Master Consolidated Class Action Complaint, your definitions for your proposed class and subclasses refer to "[a]ll individuals and entities **in** . . ." (emphasis added) the various geographical areas. For purposes of ascertaining class membership, explain what you mean by "in," how you believe the Court would determine whether an individual or entity was "in" the geographical areas specified in your class and subclass definitions, and state the time or date as of which you would make that determination. (For example, does "in" mean a resident of, owned property in, or was physically present on August 29, 2005, etc.?)

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiffs object to this interrogatory on the grounds that it fails to address the word "in" in proper context and specifically fails to acknowledge any logical and grammatical relationship between the word "in" and the balance of the class and subclass definitional language limiting class/subclass membership to those "who/which sustained damages as a result of the inundation/flooding in [the] area."

**INTERROGATORY NO. 14:**

Do you contend that named plaintiffs or proposed class members who have recovered damages in other lawsuits related to Hurricane Katrina, or who by the time of trial will have

20

recovered such damages in other lawsuits, (including for example the *Murphy Oil* settlement), are members of your proposed class? If so, how do you propose to account for the monetary awards in those other lawsuits in determining any damages award to a proposed class member in this case?

**ANSWER TO INTERROGATORY NO. 14:**

Yes. During the course of the individualized damage trial the Court or the jury will take into account appropriate offsets as may be permitted by law.

**INTERROGATORY NO. 15:**

For each named plaintiff, identify and describe each separate type of injury alleged by the named plaintiff, including but not limited to the nature and extent of each such injury, when and where each such injury occurred, the amount of monetary damages being sought for each such injury, and all facts that form the basis of your contention that one or more MR-GO defendants proximately caused each such injury.

**ANSWER TO INTERROGATORY NO. 15:**

Objection. This Interrogatory seeks to discover information which is outside the permissible bounds of discovery at this time. CMO #4 at III(A) limits discovery as follows: "As to each proposed class representative, the motions must provide his or her full name, current address, occupation and age, and the street address of any property as to which he or she seeks to recover damages in these cases, including whether he or she owned or leased the property, a brief description of the size of the property and any buildings or other improvements on it, and whether it was or is used for residential and/or business purposes." Plaintiffs have complied with these directives and would refer the Defendants to its previously filed Motion.

CMO #4, IV limits current discovery "…to common liability issues as defined above and will not include damages, except as permitted later in this Order for individual cases in the insurance category." CMO #4, III(B)(2) limits certification discovery to "class certification issues." The

21

Plaintiffs' certification papers seek only common issues certification as discussed in Response to Interrogatory No. 1, *supra*. For these reasons Plaintiffs object to all and any individualized damage discovery directed to putative class members, and named Plaintiffs.

As to Class Representatives, the Plaintiffs have complied with their discovery obligations as defined by the Court.

**INTERROGATORY NO. 16:**

For each named plaintiff, identify and describe every time you have seen a physician, psychologist, psychiatrist, or other medical professional as a result of any injuries or damages alleged in the lawsuit or otherwise related to Hurricane Katrina. Include in your description the name and address of each such medical professional, the date of visit, the reason for the visit, and the medications, if any, that were prescribed.

**ANSWER TO INTERROGATORY NO. 16:**

Objection. See Response to Interrogatory No. 15.

**INTERROGATORY NO. 17:**

For each named plaintiff, identify and describe any payment, insurance proceed, settlement, loan disbursement, government assistance, benefit, or other funds paid to the named plaintiff or on his/her behalf related to Hurricane Katrina passing near New Orleans on or about August 29, 2005, or Hurricane Rita passing near New Orleans on or about September 24, 2005.

**ANSWER TO INTERROGATORY NO. 17:**

Objection. See Response to Interrogatory No. 15.

**INTERROGATORY NO. 18:**

Identify all lawsuits related to Hurricane Katrina that have been filed by any of plaintiffs' counsel, other than the previously filed class-action complaints that were superseded and replaced

22

by any of the three Master Consolidated Class Action Complaints (per Case Management Order No. 4, § II.B.1).

**ANSWER TO INTERROGATORY NO. 18:**

Objection. This Interrogatory does not seek discovery of admissible evidence nor is it calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 19:**

Identify and describe every source of water that entered the "Greater New Orleans" area (as defined in your proposed class definition) and caused injury or damage to proposed class members, including a description of which geographical area(s) were affected by each source of the water.

**ANSWER TO INTERROGATORY NO. 19:**

Plaintiffs respectfully refer the Defendants to their MR-GO Master Consolidated Class Action Complaint.

**INTERROGATORY NO. 20:**

For each source of water you identify in response to Interrogatory 19, identify all persons or entities, (including entities that are not currently parties to this lawsuit), that you contend caused the water to enter the "Greater New Orleans" area (as defined in your proposed class definition).

**ANSWER TO INTERROGATORY NO. 20:**

Plaintiffs respectfully refer the Defendants to their MR-GO Master Consolidated Class Action Complaint. See also Plaintiffs' Witness List previously filed herein.

**INTERROGATORY NO. 21:**

Identify all issues that you expect to be tried in a class proceeding and all issues you expect to be tried individually.

**ANSWER TO INTERROGATORY NO. 21:**

See Response to Interrogatory No. 1.

**INTERROGATORY NO. 22:**

As to each named plaintiff, identify and describe each levee breach, overtopping, or other source of water that resulted in damage to each named plaintiff's property at issue and identify the geotechnical and structural failure modes and causes for each such source of water.

**ANSWER TO INTERROGATORY NO. 22:**

Objection. See Response to Interrogatory No. 12.

**INTERROGATORY NO. 23:**

If you contend that the futility doctrine applies to waive the administrative exhaustion requirements imposed by federal law, state the basis for, and the facts that support, this contention.

**ANSWER TO INTERROGATORY NO. 23:**

The doctrine in question is explained in the jurisprudence of which Defendants should be aware. Its applicability here will be briefed as ordered by the Court

**INTERROGATORY NO. 24:**

If you contend that each of the named plaintiffs and/or proposed class members have exhausted their administrative remedies before instituting an action, state the basis for, and the facts that support, this contention.

**ANSWER TO INTERROGATORY NO. 24:**

Plaintiffs have previously produced all available Form 95's filed by each Class Representative. Plaintiffs have, through previously filed discovery, asked the Government to produce all Form 95's which it received. The Government has objected. Plaintiffs adopt the Government's objections to the extent that this Interrogatory seeks Form 95's from putative class members not yet Plaintiffs in this litigation.

**INTERROGATORY NO. 25:**

State the name, present address, address as of August 29, 2005, occupation, and age for each named plaintiff.

**ANSWER TO INTERROGATORY NO. 25:**

Objection. See Response to Interrogatory No. 15.

**INTERROGATORY NO. 26:**

Do you contend that the law of any state other than Louisiana will apply to determine the legal claims or damages of any proposed class members? If so, provide the following information: each state's law that will apply, each legal issue to which that state's law applies, and identify each plaintiff to whom that state's law will apply.

**ANSWER TO INTERROGATORY NO. 26:**

No.

**INTERROGATORY NO. 27:**

State all of the common legal duties that you allege each defendant owed to the named plaintiffs and the proposed class members.

**ANSWER TO INTERROGATORY NO. 27:**

Plaintiffs respectfully refer the Defendants to their Superseding Master Consolidated Class Action Complaint.

**INTERROGATORY NO. 28:**

Given that there is no jury trial allowed under the Federal Tort Claims Act, explain in detail how your proposed trial plan will coordinate the bench-trial claims against the United States with the jury-triable claims against other defendants.

**ANSWER TO INTERROGATORY NO. 28:**

Plaintiffs will suggest that trials to both the Bench and jury will occur simultaneously.

25

**INTERROGATORY NO. 29:**

Identify and describe in detail the circumstances if any of the named plaintiffs have ever been convicted of a crime, filed for bankruptcy, or been subject to a claim of breach of fiduciary duty.

**ANSWER TO INTERROGATORY NO. 29:**

Objection. See Response to Interrogatory No. 15.

**INTERROGATORY NO. 30:**

Identify and described in detail the circumstances if any of the named plaintiffs suffer from any mental or physical illness, disability, or impairment.

**ANSWER TO INTERROGATORY NO. 30:**

Objection. See Response to Interrogatory No. 15.

**INTERROGATORY NO. 31:**

If you contend that any of the individuals or entities identified in Requests for Admission No. 13-26 above are not included in each of your proposed subclasses, please describe in detail the reasons why they would not be included.

**ANSWER TO INTERROGATORY NO. 31:**

See Response to Request for Admissions Nos. 13 through 26.

**INTERROGATORY NO. 32:**

For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

**ANSWER TO INTERROGATORY NO. 32:**

(i)     Undersigned Plaintiffs' Counsel, Plaintiffs' Counsel in MR-GO Litigation, and their staff(s).

    (ii)    The IPET Report, Team Louisiana Report, the Independent Levee Investigation Team report, and all discovery provided by any party to this Litigation, all of which is publicly available and incorporated herein by reference. See also those documents listed on Exhibit "A" annexed hereto and incorporated herein by reference.

    (iii)    See Response to Request for Admissions.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of each Standard Form 95 submitted to the United States Army Corps of Engineers by you or by any member of the proposed class from August 29, 2005, to the present, that is in the possession, custody, or control of the named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. See Response to Interrogatory No. 24. The United States is the only entity in possession of copies of all Form 95's.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all administrative claims relating to Hurricane Katrina that you or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority), that are in the possession, custody, or control of the named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. See Response to Interrogatory No. 15.

Respectfully Submitted,
APPROVED PLAINTIFFS LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
Law Offices of Joseph M. Bruno.
855 Baronne Street
New Orleans, Louisiana 701 13
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP
LITIGATION COMMITTEE

/s/ Jonathan B. Andry
Jonathan B. Andry, Esq.
THE ANDRY LAW FIRM, LLC
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504)586-8933
Email:  johnandry@yahoo.com

For
MR-GO PLAINTIFFS SUB GROUP
LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 12th day of June, 2007.

/s/ Joseph M.Bruno

Joseph M. Bruno

38