# Exhibit 2

## Summary of Plaintiffs' June 12, 2007 Responses to Class Discovery Requests for Admission

| No. | REQUEST | RESPONSE |
|---|---|---|
| 1. | **Proposed Subclasses** — necessary to determine if individual sustained damages as a result of inundation. | Denied. Class inclusion will be based on Court's acceptance of class definition once class certification requirements are satisfied. |
| 2. | **Proposed Subclasses** — necessary to determine if individual has fulfilled administrative claim filing requirements. | Denied as to putative class action against Government because of "futility doctrine." <br><br> Denied as to putative class action against other Defendants on grounds of relevance. |
| 3. | **Proposed Subclasses** include individuals who have not submitted Form 95's. | Denied. Class definition fulfills Form 95 Requirement. Plaintiffs reserve right to amend if Court recognizes Futility Doctrine. |
| 4. | for **each cause of action, jury must determine cause(s)** of each different injury alleged by any P. | Objection. The "cause of individual plaintiff's damages is beyond the scope of class certification discovery." (citing CMO No. 4, § IV, p. 19) <br><br> Denied. Jury will hear and decide certified common issues: <br><br> (1) the cause(s) of the levee breach(es); <br><br> (2) parties at fault responsible for the levee breach(es); <br><br> (3) the apportionment of fault between the Defendants; and |

| No. | REQUEST | RESPONSE |
|-----|---------|----------|
|  |  | (4) the geographical reach of the flood waters.<br><br>The common questions of causation fault, apportionment of fault, and geographical reach of flood waters will then be determined for all class members. Common questions of certain class-wide damages may also be tried.<br><br>The Court may include provisions permitting Class Reps or other Plaintiffs to try individual damage claims. In that event, the Plaintiff must prove injury and damages caused by flooding. If proven, jury would assess damage to particular Plaintiff and comparable fault attributable to that Plaintiff. |
| 5. | **Proposed Subclasses** include individuals that sustained multiple injuries, each possibly caused by different legally responsible persons. | Denied. The common issues trial will determine legal responsibility for flooding/inundation (general causation), and apportionment of fault. A given plaintiff's damages due to the flooding will be a separate, triable question. If general causation established, all defendants responsible for flooding will be responsible for all elements of plaintiff's damages proven to be caused by the flooding (individual causation). |
| 6. | **same jury** that determines **cause(s)** of multiple injury must determine **comparative fault** by allocating percentages. | Denied. See Response to RFA 5 (Stating the common issues trial will determine apportionment of fault. A given plaintiff's damages due to the flooding will be a separate, triable question. If general causation established, all defendants responsible for flooding will be responsible for all elements of plaintiff's damages proven to be caused by the flooding.) |
| 7. | list of individuals to be **allocated fault** will not be the same for every member of New | Denied. (No explanation in response or in response to Interrog. 32) |

| No. | REQUEST | RESPONSE |
|---|---|---|
|  | Orleans East subclass. |  |
| 8. | list of individuals to be **allocated fault** will not be the same for every member of Lower Ninth Ward and St. Bernard subclass. | Denied. (No explanation in response or in response to Interrog. 32) |
| 9. | **individualized proof** required to determine **cause in fact** and resulting injury (if any) for each class member. | Denied. Requirement of individualized proofs will depend on which "trial" this request references. Individualized proof will not be offered in trial of common issues of fault, apportionment, and general causation. Individualized proof will be required in trial determining class member's individual damages. |
| 10. | **individualized proof** required to determine **amount of damages** for any class member. | See Response to RFA 9 (Stating that individualized proof will not be offered in trial of common issues of fault, apportionment, and general causation. Individualized proof will be required in trial determining class member's individual damages.) |
| 11. | seeking only the following **categories of damages**:<br><br>a) loss of real property<br>b) loss of personal property<br>c) diminution of property value<br>d) loss of income<br>e) costs of relocation<br>f) loss of business/interruption | Denied. (No explanation in response or in response to Interrog. 32) |

3

| No. | REQUEST | RESPONSE |
|---|---|---|
|  | g) evacuation expenses<br>h) personal injury<br>i) wrongful death<br>j) survival damages<br>k) fear, fright, and emotional distress<br>l) grief<br>m) mental anguish<br>n) inconvenience<br>o) pain and suffering<br>p) loss of capacity to enjoy life<br>q) loss of consortium<br>r) costs of suit. |  |
| 12. | One or more class members seek to **recover repair**, remediation, or restoration costs **exceeding FMV** of properties pre-Katrina. | Denied. "More" is vague and ambiguous, as written. "Fair Market Value" is vague and ambiguous without pre or post-Katrina time reference.<br><br>Plaintiffs do admit that at least one class member falls within this request. |
| 13. | **Proposed Subclasses** include individuals who **did not sustain any personal injury**. | Admitted to the extent that at least one class member may fall within request. |
| 14. | **Proposed Subclasses** include individuals who did **not sustain any property damage**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 15. | **Proposed Subclasses** include individuals damaged or injured, | Denied, as written. "More" is vague and ambiguous. [Note: "More" is not used in |

4

| No. | REQUEST | RESPONSE |
|---|---|---|
|  | in whole or part, because of **rain, wind** or tornadoes related to Katrina | the request.]<br><br>Partially admit request because one or more class members damaged *in part* because of rain, wind, or tornados; but, deny that any class member damaged *in whole* because of rain, wind or tornados. |
| 16. | **Proposed Subclasses** include individuals whose property was damaged, in whole or part, by water that **overtopped** levee or floodwall. | Denied, as written. "More" is vague and ambiguous. [Note: "More" is not used in the request.]<br><br>Partially admit request because one or more class members damaged *in part* by water that overtopped levee or floodwall; but, deny that any class member damaged *in whole* by water that overtopped levee or floodwall. |
| 17. | **Proposed Subclasses** include individuals damaged or injured, in whole or part, because of **electrical power** lost due to heavy wind or rain from Katrina. | Denied, as written. "More" is vague and ambiguous. [Note: "More" is not used in the request.]<br><br>Partially admit request because one or more class members damaged *in part* by electrical power lost due to heavy wind or rain; but, deny that any class member damaged *in whole* by electrical power lost due to heavy wind or rain. |
| 18. | **Both proposed subclasses include** individuals damaged or injured, in whole or part, because of **looting** or criminal activity after Katrina. | Denied, as written. "More" is vague and ambiguous. [Note: "More" is not used in the request.]<br><br>Partially admit request because one or more class members damaged *in part* by looting or criminal activity; but, deny that any class member damaged *in whole* by looting or criminal activity. |
| 19. | **Proposed Subclasses include** individuals damaged or injured, in whole or part, because of | Denied, as written. "More" is vague and ambiguous. [Note: "More" is not used in the request.] |

5

| No. | REQUEST | RESPONSE |
|---|---|---|
|  | Hurricane **Rita**. | Partially admit request because one or more class members damaged *in part* by Hurricane Rita; but, deny that any class member damaged *in whole* by Hurricane Rita. |
| 20. | **Proposed Subclasses** include individuals whose residences or businesses were **constructed** in the **19th century**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 21. | **Proposed Subclasses** include individuals whose residences or businesses had pre-existing, **unrepaired damage** prior to Katrina. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 22. | **Proposed Subclasses** include individuals that filed insurance claims for property damage caused by **wind or rain**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 23. | **Proposed Subclasses** include individuals that do **not have clear title** to the real property they claim was damaged. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 24. | **Proposed Subclasses** include individuals who sustained damages or injuries that were the result of **multiple causes**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |

| No. | REQUEST | RESPONSE |
|---|---|---|
| 25. | **Proposed Subclasses** include individuals that sustained property damage from rising water **irrespective of any levee** and/or floodwall breaches in "Greater New Orleans" area. | Denied. Plaintiffs unaware of any rising water causing property damage arising for reasons other than levee and/or flood wall breaches. |
| 26. | **Proposed Subclasses** include individuals who sustained property damages exclusively by **Act of God**. | Denied. (No explanation given in response or in response to Interrog. 32) |
| 27. | **Proposed** Lower Ninth Ward and St. Bernard **subclass** includes individuals damaged or injured, in whole or in part, because of **crude oil** or other spill from storage tank on Murphy Oil's Meraux property. | Objection. Class boundary affected by crude oil or other spill is already established.<br><br>Denied to extent request seeks admissions regarding subclass outside established boundary.<br><br>Partially admit request because one or more class members damaged *in part* by crude oil or other spill from storage tank on Meraux property; but, deny that any class member damaged *in whole* by crude oil or other spill from storage tank on Meraux property. |
| 28. | **Proposed class definition** for **New Orleans East subclass** included individuals also members of proposed **Lower Ninth Ward and St. Bernard subclass**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |

7

| No. | REQUEST | RESPONSE |
|---|---|---|
| 29. | **Proposed class definition** for MRGO includes individuals **also members of Levee Group.** | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 30. | **Proposed class definition** for MRGO includes individuals **also members of Insurance Group.** | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 31. | **Primary relief** sought is monetary. | Denied, as written. "Primary" is vague and ambiguous.<br><br>Admit they are seeking such compensation and relief entitled as to which they are entitled by law. |
| 32. | Some **proposed class members** have made **assignment of their legal rights.** | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 33. | Some **proposed class members** have received payments from **insurance** companies for property damage, and those companies may have **subrogation rights**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 34. | Some **proposed class members** who have received payments on property damage claims from insurance companies, have | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |

| No. | REQUEST | RESPONSE |
|---|---|---|
|  | **subrogated** their recovery to extent of insurance proceeds for same property damage. |  |
| 35. | As of date of MRGO complaint filing, every member of proposed class had **not exhausted administrative remedies** under FTCA. | Denied as written. Complaint proposes putative class that will have exhausted administrative remedies as of date Order of Certification is granted. |
| 36. | … every member of proposed class had **not exhausted administrative remedies** under Admiralty Extension Act. | Denied as written. Complaint proposes putative class that will have exhausted administrative remedies as of date Order of Certification is granted. |
| 37. | Some named plaintiffs and/or proposed class members currently **reside outside Louisiana**. | See Response to RFA 13 (admitted to the extent that at least one class member may fall within request). |
| 38. | **Law of a state** other than Louisiana will determine legal rights of at least one named plaintiff or proposed class member. | Denied.  (No explanation in response or in response to Interrog. 32) |
| 39. | **Law of a state** other than Louisiana will determine damages of at least one named plaintiff or proposed class | Denied.  (No explanation in response or in response to Interrog. 32) |

9

| No. | REQUEST | RESPONSE |
|---|---|---|
|  | member. |  |
| 40. | **Proposed Subclasses** include **corporations**. | Admitted. |

DLI-6121618v2