# Exhibit 3

## Summary of Plaintiffs' June 12, 2007 Responses to
## Class Discovery Interrogatories

| No. | INTERROGATORY | RESPONSE |
|---|---|---|
| 1. | **Describe trial plan** that would enable court to adjudicate each **element of proof** for each cause of action | Common issues trial will determine cause(s) of levee breach(es)<br><br>• cause(s) which allowed water into class area<br><br>• the parties at fault for levee breaches<br><br>• the apportionment of fault among Defendants<br><br>• geographical reach of flood waters<br><br>• may also determine certain class-wide damages<br><br>Class reps may prove individual damage claims: that rep was caused injury and damages as result of flooding; jury would assess damages specific to rep. |
| 2. | Describe **trial plan** that would enable court to adjudicate **cause(s) of each injury** alleged by each class member | See Answer to Rog. 1 |
| 3. | Describe **trial plan** . . . to adjudicate **comparative fault** | See Answer to Rog. 1 |
| 4. | Describe **trial plan** . . . to determine **all damage issues**, including amount, for each class member | See Answer to Rog. 1 |

| No. | INTERROGATORY | RESPONSE |
|---|---|---|
| 5. | Explain whether **trial plan** would **use same jury** for (i) elements of each cause of action, (ii) affirmative defenses, and (iii) damages | Same jury would address common issues, including affirmative defenses, certified by Court. Class reps will try individual damages claims.<br><br>Then, individual trials to a jury or to the Bench limited to individualized proofs of damages and quantum<br><br>More detailed discussion of individual damage trials is premature.<br><br>Claims against U.S. would be tried to bench contemporaneously with common issues jury trial. |
| 6. | If defendants are not entitled to individualized proofs at trial, describe **trial plan** that would enable court to adjudicate (i) cause of injury, (ii) allocation of fault, and (iii) amount of any damages, for each class member. | See answers to Rogs. 1 & 5. |
| 7. | If Court does not accept futility, describe how **trial plan** would enable the Court to determine if each class member had fulfilled **administrative requirements**. | Common issues would not require this proof. Trial of individualized damage claims is the time for such proof. |
| 8. | Describe any "mathematical or formulaic **calculations**" or models that you may use to **determine cause** of injury to any class member and how they would be legally sufficient. | Objection that words "mathematical or formulaic calculations or other models" are vague and ambiguous because they could refer to damage calculation or to levee breach scenarios.<br><br>Further object that interrogatory is premature in that it seeks "protected work product" under CMO #4 (III)(D) (which relates to draft reports**)**. |
| 9. | Describe mathematical or formulaic **calculations** or models that you may use to | See answer to Rog. 8. |

| No. | INTERROGATORY | RESPONSE |
|---|---|---|
|  | **determine damages**. |  |
| 10. | If seeking class cert under **Rule 23(b)(1)**, describe basis | See Ps' Mot. for Class Cert. |
| 11. | If . . .**Rule 23(b)(2)**, describe basis, including specific injunctive or declaratory relief you seek | See Ps' Mot. for Class Cert. |
| 12. | State whether you are seeking injunctive relief for breakdown in social structure, and **describe injunctive relief** being sought | Objection that seeks disclosure of expert opinions and reliance materials, which are not yet due. |
| 13. | Proposed classes describe individuals **"in"** geographical area. What does "in" mean? Resident of, owned property in, or physically present on 8/29/2005? | Object to the word "in" and fails to acknowledge "in" and the rest of the class definition limiting the class to those "who/which sustained damages as a result of inundation/flooding in [the] area." |
| 14. | Do you contend there are class members who have received **damages in other Katrina lawsuits**, including *Murphy Oil*? If so, how to account for those awards? | Yes. Individualized damage trials will take into account offsets. |
| 15. | For **each named plaintiff**, identify and **describe each** type of **injury** alleged, **nature** of injury, **when** and where, **amount** of damages, and factual basis | Objection. (Citing CMO #4 III(A) and CMO #4, IV). Refers to Ps' Mot. For Class Cert.<br><br>(No answer given.) |

| No. | INTERROGATORY | RESPONSE |
|---|---|---|
| 16. | For **each named plaintiff**, identify and describe every time you saw **medical professional** for Katrina-related injuries | Objection same as Rog. 15. |
| 17. | For **each named plaintiff**, identify and describe **any Katrina-related payment** (insurance, government, etc.) received | Objection same as Rog. 15. |
| 18. | Identify **all Katrina lawsuits** filed by plaintiffs' counsel | Objection. Does not seek admissible evidence nor calculated to lead to it. |
| 19. | Identify and describe every **source of water** that entered GNO and caused injury | Refer Ds' to consolidated complaint. (No reference to ¶ or page.) |
| 20. | Identify **persons** or entities that **caused water** to enter GNO area for each water source | Refer Ds' to consolidate complaint and Plaintiffs' Witness List. |
| 21. | Identify all issues to be tried in class proceeding and all issues to be tried individually. | See Response to Rog. 1. (Identifying cause of breaches, fault apportionment, and geographical reach of flood waters, and may be certain damages as class issues.) |
| 22. | **As to each named plaintiff**, identify **each levee breach**, overtopping or **other source of water "that resulted in damage"** and identify the geotechnical and structural failure modes. | Objection. See Response to Rog. 12. (Requests disclosure of expert opinions and reliance materials which are not yet due.) |
| 23. | State the basis that **futility doctrine** applies to **waiver exhaustion requirements and supporting facts**. | Doctrine is "explained in the jurisprudence of which Defendants should be aware." It will be briefed as ordered by the Court. |

4

DLI-6121621v3

| No. | INTERROGATORY | RESPONSE |
|---|---|---|
| 24. | State basis for **named plaintiff** and proposed class having **exhausted administrative remedies**. | Ps have produced Form 95's filed by named plaintiffs. The US has objected to producing Form 95's that it has. Ps object to the extent that this Rog seeks Form 95's from putative class members not yet Plaintiffs in litigation. |
| 25. | State **name, present address**, address as of Aug. 29, 2005, **occupation and age for each named plaintiff**. | Objection. See Rog. 15. |
| 26. | Does **law of state** other than LA apply? | No. |
| 27. | State all common legal duties owed to Ps. | Refers Ds to Consolidated Complaint. |
| 28. | How will **trial plan** coordinate **bench trial under FTCA** with jury trials against other Ds. | Both will occur simultaneously. |
| 29. | **Named plaintiff convicted of crime**, filed BK, or subject to claim of breach of fiduciary duty? | Objection. See Rog. 15. |
| 30. | Identify and describe if any **named plaintiff** suffers **mental or physical illness**. | Objection. *See* Rog. 15. |
| 31. | If any of individuals or entities in RFA 13-26 **[persons who did not suffer PI, property damages, did suffer wind/rain, damaged by overtopping, loss of electrical power, etc.]** are not in class, describe why. | See response to RFA's 13 through 26. |
| 32. | For **each RFA** that was denied, (i) identify persons whom you contacted to formulate the response, (ii) the information they provided; | (i) P's counsel; (ii) IPET Report, Team LA Report, Independent Levee Investigation Team Report, discovery and documents on |

| No. | INTERROGATORY | RESPONSE |
|---|---|---|
|  | and (iii) **basis for denying RFA** | Exhibit A; (iii) see response to RFAs. |

6

DLI-6121621v3