# Exhibit 4

## Summary of Plaintiffs' June 12, 2007 Responses to Class Discovery Requests for Production

| No. | REQUEST | RESPONSE |
|---|---|---|
| 1. | Produce **Form 95's**, submitted to USACE by any **proposed class member** (in possession, custody, or control of named plaintiffs or their attorneys) | Objection. See response to Rog 24 (stating that Plaintiffs have produced Form 95's filed by named plaintiffs. The US has objected to producing Form 95s received. Ps object to the extent that this seeks Form 95's from putative class members not yet Plaintiffs.). US is only entity in possession of all Form 95's. |
| 2. | Produce all **administrative claims** regarding Katrina that **proposed class members** submitted to **any governmental body** (in custody of named plaintiffs or their attorney) | Objection. See response to Rog 15 (stating outside permissible bounds of discovery, and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 3. | Documents refer or relate to **insurance claims**, submitted by you or **proposed class members** (in custody of named plaintiffs or their attorney) | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 4. | Documents that refer or relate to the **composition** of **proposed class** or subclasses. | Objection. Discovery request is over broad, burdensome, and unreasonable. See response to RFP 6 (stating objection to production of damages materials referencing CMO #4; objection to common issue materials on grounds of work-product privilege, burden and disclosure prior to expert deadline; and referring Defs to IPET, Team LA Rpt, ILIT Rpt, and all discovery produced, as well as Exh "A.") |

| No. | REQUEST | RESPONSE |
|---|---|---|
| 5. | Documents that refer or relate to any **eye witness account** of Katrina (in custody of named plaintiffs or their attorneys). | Objection. Discovery request is over broad, burdensome, and unreasonable. See response to RFP 6 (stating objection to production of damages materials; objection to common issue materials on grounds of work-product privilege, disclosure prior to expert deadline; and referring Defs to IPET, Team LA Rpt, ILIT Rpt, and all discovery produced, as well as Exh "A.") |
| 6. | Documents that refer or relate to matters alleged in MRGO Complaint or **damages or injuries** sustained by any **proposed class member** as result of Katrina. | Objection, as to damages materials. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV)<br><br>Objection, as to common issue materials. RFP requests disclosure of privileged mental impressions and work product of counsel. RFP seeks disclosure of expert opinions and reliance materials prior to CMO deadline. RFP is overly broad, unduly burdensome and/or oppressive, and requests irrelevant information.<br><br>Plaintiffs have not completed investigation, and thus reserve right to produce subsequently discovered material facts.<br><br>Ps refer Defs to factual allegations of IPET Report, Team Louisiana Report, Independent Levee Investigation Team Report, and all discovery produced as well as docs listed on Exh "A." |

| No. | REQUEST | RESPONSE |
|---|---|---|
| 7. | All **statements**, notes, recordings, that **refer or relate** to matters alleged in MRGO Complaint or any **damages or injuries** suffered. | Objection, as to expert materials, requesting disclosure of expert opinions and reliance materials prior to CMO deadline.<br><br>Objection, as to statements, transcripts. See Response to Request #15 (objecting on grounds of atty/client privilege). |
| 8. | Duplicates of all **photographs, DVDs, video tapes** that **refer or relate** to matters alleged in MRGO Complaint or any **damages or injuries** suffered. | Objection. Discovery request is over broad, burdensome, and unreasonable. See response to RFP 6 (stating objection to production of damages materials referencing CMO #4; objection to common issue materials on grounds of work-product privilege, burden and disclosure prior to expert deadline; and referring Defs to IPET, Team LA Rpt, ILIT Rpt, and all discovery produced, as well as Exh "A.") |
| 9. | All **documents** that refer or relate to any claim a named plaintiff is asserting for any damage alleged in MRGO Complaint, including damage from **chemical or other contamination** of property, land, home, commercial bldgs and/or improvements. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 10. | For each **named plaintiff**, all documents regarding **lost earnings**, future earnings, business opportunities, lost rental income, etc. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV<br><br>See also response to Rog 24 (stating that Plaintiffs have produced Form 95's filed by named plaintiffs. The US has objected to producing Form 95's received. Ps object to the extent that this seeks Form 95's from putative class members not yet Plaintiffs.). |

3

| No. | REQUEST | RESPONSE |
|---|---|---|
| 11. | For each **named plaintiff**, all documents that evidence your claim for **personal injury**, **mental distress**, pain and suffering, etc. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 12. | All **calculations** or **models** that relate to determining **cause(s) of injury** to any plaintiff or proposed class member. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 13. | All **calculations** or models that relate to calculation of **damage** to any plaintiff or proposed class member. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 14. | For each **named plaintiff**, produce documents that relate to **Ps evacuation, relocation**, and return to New Orleans, including records of expense. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 15. | All **statements**, transcripts, notes, recordings, diagrams, **descriptions of events** by **named plaintiffs** relating to Katrina/litigation. | Objection. Attorney/Client Privilege. |
| 16. | All logs, **journals, diaries**, etc. by **named plaintiffs** relating to Katrina/litigation. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV)<br><br>Ps unaware of any logs, journals, etc. relating to common liability issues. |

4

| No. | REQUEST | RESPONSE |
|---|---|---|
| 17. | All **medical records** from August 2000 to present for named plaintiffs. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 18. | All documents evidencing **application** for or **receipt** of any **benefit, payment, insurance proceeds**, etc. paid to **named plaintiff** or on their behalf. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 19. | All **demonstrative evidence or exhibits** you may refer to at **class cert hearing** and all docs relating to said evidence/exhibits. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 20. | All **computer models** you may refer to at **class cert hearing** and all docs relating to said models. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 21. | All **models**, diagrams, maps, etc. of areas that show **cause,** extent, timing, duration, process, location, depth or receding of **flood water intrusion** due to levee/floodwall breach or overtopping. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 22. | All **photos** of any **named plaintiff's real property** before and after Katrina. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |

| No. | REQUEST | RESPONSE |
| --- | --- | --- |
| 23. | All **reports**, notes, photos, drawings, evaluations for each piece of **property** that was **inspected**, examined, etc. by plaintiffs' experts or consultants. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 24. | All **data** or other information **considered by** any **expert witness** expected to testify or submit evidence on behalf of plaintiffs in support of motion for class cert and all docs related to said information. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 25. | All **exhibits** to be used as a **summary** of support for opinions of any **expert** expected to testify or submit evidence on behalf of plaintiffs in support of motion for class cert and all docs related to said exhibits. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 26. | All **documents** furnished by any **member of public** as a result of **public advertisements** seeking potential **plaintiffs or eyewitnesses**. | Objection. Requesting disclosure of expert opinions and reliance materials prior to CMO deadline. |
| 27. | All **documents consulted** or relied upon in **preparing response to Defs RFAs or ROGs**, or that are related to or are identified in any response. | IPET Report, Team Louisiana Report, Independent Levee Investigation Team Report, and all discovery produced as well as docs listed on Exh "A." |

| No. | REQUEST | RESPONSE |
|---|---|---|
| 28. | A copy of the complaint for any **prior litigation** to which any **named plaintiff** has been a party. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 29. | A copy of any **lease agreements** entered into between any **named plaintiff** and any **proposed class member**. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 30. | All documents that relate to any **eviction proceedings** instituted by or against **named plaintiffs**. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 31. | Any documents that indicate whether **proposed class member** has **consented to be represented** by counsel. | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |
| 32. | Any documents indicating that proposed **named plaintiffs** will **protect interests of proposed class**). | Unable to respond – vague and confusing. |

| No. | REQUEST | RESPONSE |
|---|---|---|
| 33. | Sign, date and return **authorizations** including:<br><br>1) **disclose medical information;**<br>2) disclose patient acc't information;<br>3) disclose **psychiatric** information | Objection. See response to Rog 15 (stating outside permissible bounds of discovery and citing CMO #4 III(A) that describes what is required in the class motion and CMO #4, IV) |

DLI-6121672v4