# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
     CONSOLIDATED LITIGATION

NO.: 05-4182

SECTION "K"(2)

FILED IN:    05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073
              05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
              06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346
              06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931
              06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
              06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
              07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

---

## PLAINTIFFS RESPONSE TO LEVEE DEFENDANTS' FIRST SET OF JOINT CLASS-CERTIFICATION REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36 and Case Management and Scheduling Order No.4, Section III(B)(2), as amended by Order issued March 29, 2007, the Levee Plaintiffs submit their response to the Levee Defendants' First Set of Joint Class-Certification Requests for Admission, Interrogatories, and Requests for Production of Documents to Plaintiffs.

## GENERAL OBJECTIONS

### General Objection # 1.

The issues relevant to this discovery concern only class certification. Determination of the cause of individual plaintiff's damages is beyond the scope of class certification discovery. *See* CMO No. 4, § IV, at page 19.



EXHIBIT
2

-1-

**General Objection # 2.**

Plaintiffs assert a continuing objection to the premature disclosure of a Trial Plan more appropriately disclosed and discussed at the conclusion of class certification discovery. All responses to this discovery are made with full reservation of, and subject to, this objection.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO.1:**     Admit that in order to determine whether any individual or entity is included in your class and five proposed subclasses, it will be necessary to determine whether or not that individual or entity sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005.

**RESPONSE TO REQEST FOR ADMISSION NO. 1:**

Denied. Class inclusion for an individual will be based on the Court's acceptance of an appropriate class definition once the class certification requirements of Rule 23 are satisfied.

**REQUEST FOR ADMISSION NO. 2:**     Admit that in order to determine whether any individual or entity is included in your class and five proposed subclasses, it will be necessary to determine whether or not that individual or entity has fulfilled the administrative claim filing requirements necessary to maintain a claim under the Federal Tort Claims Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied as to the putative class action against the Government because of the "futility doctrine" plead by Plaintiffs and  denied as to the putative class action brought against all other Defendants on the grounds of relevance.

-2-

**REQUEST FOR ADMISSION NO. 3**:     Admit that your proposed class and subclasses include individuals and entities that have not submitted to the United States Army Corps of Engineers a Standard Form 95 or other administrative claim requesting damages related to Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied.  The class definition, as pled, fulfills the Form 95 requirement.  Plaintiffs reserve the right amend this response should the Court recognize the Futility Doctrine.

**REQUEST FOR ADMISSION NO. 4**:     Admit that, for each of the causes of action pleaded in your Superseding Master Consolidated Class Action Complaint -Levee, the jury will be required under substantive law to determine the cause(s) of each different injury alleged by any plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection.   The issues relevant to this discovery concern only class certification. Determination of the cause of individual plaintiff's damages is beyond the scope of class certification discovery.  *See* CMO No. 4, § IV, at page 19.

Denied.  It is the intent of the Plaintiffs, consistent with CMO #4, that a jury will hear and decide the certified common issues.  This common issues trial will determine the cause(s) of the levee breach(s) which allowed water to penetrate the geographical boundaries of the class, the parties at fault who are responsible for the levee breach(s), and the apportionment of fault between the Defendants.  The common questions of the causation fault, and the apportionment of fault will then be determined for all class members.   The common question of the geographical reach of the flood waters will likewise be determined. There also may be common questions of certain class-wide damages to be tried.

The Court may include in its Trial Plan provisions to permit the Class Representatives or other selected Plaintiffs to try their individual damage claims.  In that event, the Trial Plaintiff will then be

-3-

required to prove that he or she was caused injury and damages as a result of the flooding. If damages were proven, the jury would then assess damages specific to that particular Plaintiff. This jury could also assess the comparable fault attributable to the Plaintiff.

**REQUEST FOR ADMISSION NO.5:**      Admit that your proposed class and subclasses include individuals or entities that sustained multiple injuries, (such as injury to real property, injury to personal property, and lost income), each of which injuries might have been caused by different legally responsible persons.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied. The common issues trial contemplated by the Plaintiffs will determine the legal responsibility of the Defendants for the flooding/inundation at issue (general causation), and the apportionment of fault. The extent to which a given plaintiff's damages (all elements are due to this flooding/inundation will be a separate, trialble question. If general causation is established, all defendants found responsible for the flooding/inundation will be responsible for all proven elements of plaintiff's damages found to be caused by the flooding/inundation, (individual causation).

**REQUEST FOR ADMISSION NO.6:**      Admit that the same jury that determines the cause(s) of multiple injuries alleged by a particular class member also will also have to determine comparative fault by allocating percentages of fault among all persons causing or contributing to each of those injuries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied. See Response to Request for Admission No. 5, *supra.*

**REQUEST FOR ADMISSION NO. 7:**      Admit that the list of individuals and entities to be allocated fault by the jury will not be the same for every member of the proposed class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO.8:**      Admit that the list of individuals and entities to be

allocated fault by the jury will not be the same for every member of the proposed subclasses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied. The individuals and entities to whom and which fault will be allocated, will be

identical as to each sub-class, though variable depending upon the sub-class.

**REQUEST FOR ADMISSION NO.9:**      Admit that individualized proofs will be required at

trial to determine the cause in fact and resulting injury (if any) for each proposed class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied. Whether individualized proofs will be required will depend upon the "trial" to which

this request refers. Such proof will not be offered in connection with the adjudication of the common

issues of fault, fault apportionment, and general causation. On the other hand, such individualized

proofs will be necessary in the trial of a given class member's individual damages.

**REQUEST FOR ADMISSION NO. 10:**      Admit that individualized proofs will be required at

trial to determine the amount of damages for any proposed class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

See Response to Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 11:**      Admit that you are seeking for the proposed class only

the following categories of damages, which are specifically identified in the Prayer for Relief of the

Superseding Master Consolidated Class Action Complaint -Levee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied. While the categories of damages sought include those pled in the Superseding Master

Consolidated Class Action's Prayer for Relief, the Levee PLSC cannot predict what discovery may reveal and cannot say that future damages sought are limited to what is set forth in the Superseding Master Consolidated Complaint

**REQUEST FOR ADMISSION NO. 12:**   For each of your proposed subclasses, admit that one or more proposed class members seek to recover repair, remediation, or restoration costs that exceed the fair market value of their properties before Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

The term "fair market value" is not given a pre or post-Katrina time reference, rendering it vague and ambiguous.  Without waiving said objection, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 13:**   For each of your proposed subclasses, admit that one or more proposed class members did not sustain any personal injury due to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member did not suffered a *physical* injury while nevertheless suffering a mental injury resulting from, e.g., evacuation hardships, family diaspora, knowledge of lost personal and/or real property, etc.

**REQUEST FOR ADMISSION NO. 14:**   For each of your proposed subclasses, admit that one or more proposed class members did not sustain any property damage due to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 15**:     For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of rain, wind, or tornados related to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Without waiving said objection, the Plaintiffs partially admit this request: one or more proposed class members were damaged or injured, in part, because of rain, wind, or tornados related to Hurricane Katrina passing near New Orleans on or about August 29, 2005; but deny that any proposed class members were damaged or injured, *in whole*, because of rain, wind, or tornados related to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 16**:     For each of your proposed subclasses, admit that one or more proposed class members' property was damaged, in whole or in part, by water that overtopped a levee or floodwall on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied.

Without waiving said objection, the Plaintiffs partially admit this request: one or more proposed class members' property was damaged, in part, by water that overtopped a levee or floodwall on August 29, 2005 ; but deny that any proposed class members were damaged or injured, *in whole*, by water that overtopped a levee or floodwall on August 29, 2005.

**REQUEST FOR ADMISSION NO. 17**:     For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of electrical power that was lost due to heavy wind or rain when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Without waiving said objection, the Plaintiffs partially admit this request: one or more proposed class members' property was damaged, in part, because of electrical power that was lost due to heavy wind or rain when Hurricane Katrina passed near New Orleans on or about August 29, 2005; but deny that any proposed class members were damaged or injured, *in whole*, because of electrical power that was lost due to heavy wind or rain when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 18**:   For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of looting or other criminal activity following Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Without waiving said objection, the Plaintiffs partially admit this request: one or more proposed class members' property was damaged, in part, because of looting or other criminal activity following Hurricane Katrina; but deny that any proposed class members were damaged or injured, *in whole*, because of looting or other criminal activity following Hurricane Katrina.

**REQUEST FOR ADMISSION NO. 19**:   For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of Hurricane Rita passing near New Orleans on or about September 24, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Without waiving said objection, the Plaintiffs partially admit this request: one or more proposed class

-8-

members' property was damaged, in part, because of Hurricane Rita passing near New Orleans on or about September 24, 2005; but deny that any proposed class members were damaged or injured, *in whole*, because of Hurricane Rita passing near New Orleans on or about September 24, 2005.

**REQUEST FOR ADMISSION NO. 20**:    For each of your proposed subclasses, admit that one or more proposed class members' residences or businesses were constructed the 19th century.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 21**:    For each of your proposed subclasses, admit that one or more proposed class members' residences or businesses had pre-existing, unrepaired damage when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 22:**    For each of your proposed subclasses, admit that one or more proposed class members filed insurance claims for property damage that was caused by wind or rain on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUESTFOR ADMISSION NO.23**:     For each of your proposed subclasses, admit that one or more proposed class members do not have clear title to the real property that they claim was damaged when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 24**:     For each of your proposed subclasses, admit that one or more proposed class members sustained damages or injuries that were the result of multiple causes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 25:**     For each of your proposed subclasses, admit that one or more proposed class members sustained property damages from rising water irrespective of any levee and/or floodwall breaches when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Denied.  Plaintiffs are unaware of any rising water causing property damage arising for reasons other than levee and/or flood wall breaches.

-10-

**REQUEST FOR ADMISSION NO. 26**: For each of your proposed subclasses, admit that one or more proposed class members sustained damages on August 29, 2005, exclusively due to an Act of God.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

    Denied.

**REQUEST FOR ADMISSION NO. 27:**   Admit that your proposed class definition for the Levee Class Action includes individuals or entities that are also members of the proposed class in the MRGO Class Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

    Plaintiffs object. The class definitions speak for themselves and therefore, Plaintiffs are not required to either admit or deny this Request.  Should an answer be required, this Request is denied. The class definitions are geographically distinguishable.

**REQUEST FOR ADMISSION NO. 28**:   Admit that your proposed class definition for the Levee Class Action includes individuals or entities that are also members of the proposed classes in the Insurance Class Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

    The term "individuals or entities" is vague and ambiguous and therefore, as written this Request is denied.  Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 29**:   Admit that the primary relief you are seeking is monetary relief.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

The term "primary" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit that they are seeking such compensation and relief as to which they are entitled under the law.

**REQUEST FOR ADMISSION NO. 30**:    Admit that one or more proposed class members have made an assignment of their legal rights arising out of Hurricane Katrina (including, for example, class members who obtained SBA loans).

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request

**REQUEST FOR ADMISSION NO. 31**:    Admit that one or more proposed class members have already received payments from their insurance companies for property damage due to Hurricane Katrina and those class members' insurance companies may have subrogation rights under the insurance policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 32:**    Admit that one or more proposed class members who have received payments on Hurricane Katrina property damage claim(s) from their insurance companies have legally subrogated their recovery to the extent of any insurance proceeds paid to them for the same property damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied.

Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 33**:   Admit that as of the date that the Superseding Master Consolidated Class Action Complaint Levee was filed each and every member of the proposed class had not exhausted their administrative remedies under the FTCA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Denied as written.  The Superseding Master Consolidated Class Action Complaint-Levee proposes a putative class which includes individuals or entities that will have exhausted their administrative remedies as of the date on which the Order of Certification is granted.

**REQUEST FOR ADMISSION NO. 34:**   Admit that as of the date that the Superseding Master Consolidated Class Action Complaint - Levee was filed, each and every member of the proposed class had not exhausted their administrative remedies under the Admiralty Extension Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Denied as written.  The Superseding Master Consolidated Class Action Complaint-Levee proposes a putative class which includes individuals or entities that will have exhausted their administrative remedies as of the date on which the Order of Certification is granted.

**REQUEST FOR ADMISSION NO. 35:**   Admit that one or more named plaintiffs and/or proposed class members currently reside outside of the State of Louisiana.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

-13-

**REQUEST FOR ADMISSION NO. 36:**     Admit that one or more named plaintiffs and/or proposed class members resided outside of the State of Louisiana on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

The term "more" is vague and ambiguous and therefore, as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 37.**     Admit that the law of a state other than Louisiana will apply to determine the legal lights of at least one named plaintiff or proposed class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

Denied. Plaintiffs have asserted no cause of action dependent upon state law other than that of Louisiana.

**REQUEST FOR ADMISSION NO. 38:**     Admit that the law of a state other than Louisiana will apply to determine the damages of at least one named plaintiff or proposed class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied.  Plaintiffs have asserted no cause of action dependant upon state law other than that of Louisiana.

**REQUEST FOR ADMISSION NO. 39:**     Admit that your proposed subclasses include corporations that suffered damage as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

Admit.

-14-

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:         If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate each element of proof required for each cause of action alleged against each defendant.

## RESPONSE TO INTERROGATORY NO. 1:

It is the intent of the Plaintiffs, consistent with CMO #4, that a jury will hear and decide the certified common issues. This common issues trial will determine the cause(s) of the levee breach(es) which allowed water to penetrate the geographical boundaries of the class, the parties at fault who are responsible for the levee breach(es), and the apportionment of fault between the Defendants. The common questions of the causation fault, and the apportionment of fault will then be determined for all class members. The common question of the geographical reach of the flood waters will likewise be determined. There also may be common questions of certain class-wide damages to be tried.

The Court may include in its Trial Plan provisions to permit the Class Representatives or other selected Plaintiffs to try their individual damage claims. In that event, the Trial Plaintiff will then be required to prove that he or she was caused injury and damages as a result of the flooding. If damages were proven, the jury would then assess damages specific to that particular Plaintiff. This jury could also assess the comparable fault attributable to the Plaintiff.

**INTERROGATORY NO.2**:         If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate the cause(s) of each injury alleged by each proposed class member.

## RESPONSE TO INTERROGATORY NO. 2:

See Response to Interrogatory No. 1, *supra*.

**INTERROGATORY NO.3:**        If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate comparative fault with regard to the various injuries alleged by each proposed class member.

**RESPONSE TO INTERROGATORY NO. 3:**

See Response to Interrogatory No. 1, *supra*.

**INTERROGATORY NO.4:**        If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to determine all damage issues, including the amount of damage, for each proposed class member.

**RESPONSE TO INTERROGATORY NO. 4:**

See Response to Interrogatory No. 1, *supra*.

**INTERROGATORY NO.5:**        If the Court were to certify your proposed class, explain whether your proposed trial plan would use the same or different juries to adjudicate (i) the elements of proof for each cause of action, (ii) affirmative defenses, and (iii) damage issues. If you propose the use of two or more different juries, explain what each jury will determine, and what each jury will be informed as to the results of previous phases of the trial. If you contend that particular issues do not require a jury, identify those issues and describe how those issues will be adjudicated.

**RESPONSE TO INTERROGATORY NO. 5:**

The same jury would address those common issues and others which may be certified by the Court. Those common issues would include causes of action common to all Plaintiffs and affirmative defenses common to all Plaintiffs.  Depending on the trial plan adopted by the Court, it may be that

the Class Representatives or other selected Trial Plaintiffs will try their individual damage claims to the common issue jury.

Subsequent to a determination of all certified common issues, individual trials, to a jury or to the Bench which would be limited to individualized proofs of damages and quantum.  Various Courts have used different methods to address these individualized proofs.  Any more detailed discussion of individual damage trials is premature.  Claims against the government would be tried to the Bench contemporaneously with the common issues jury trial as to all common issues.

**INTERROGATORY NO. 6:**       If you contend that defendants are not entitled to individual proofs at trial for each proposed class member to determine: (i) the cause of each injury alleged by each proposed class member; (ii) the allocation of fault among all persons causing or contributing to each such injury; and (iii) the amount of any damages sustained by each proposed class member as a result of each defendant's alleged negligence, then identify and describe the trial procedures that you contend would enable the Court to adjudicate each of these issues.

**RESPONSE TO INTERROGATORY NO. 6:**

See Responses to Interrogatories Nos. 1 and 5, *supra*.

**INTERROGATORY NO.7:**       If the Court does not accept the futility-doctrine argument set forth in the Superseding Master Consolidated Class Action Complaint - Levee paragraph 6, describe in detail how your proposed class-trial plan would enable the Court to determine whether or not each proposed class member had fulfilled the administrative claim filing requirements necessary to maintain a claim under the Federal Tort Claims Act.

**RESPONSE TO INTERROGATORY NO. 7:**

The common issues trial as proposed by the Plaintiffs would not require such proof.  The trial of individualized damage claims would be the appropriate time for the introduction of such proof.

**INTERROGATORY NO.8**:           Identify and describe any mathematical or formulaic calculations or other models that you contend may be used to determine the cause(s) of alleged injuries to any proposed class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection.  The words "mathematical or formulaic calculations or other models" are vague and ambiguous insofar as they could be intended to refer to damage calculation or to levee breach scenarios.

Otherwise, the answer to this interrogatory is unknown at this time.

**INTERROGATORY NO. 9:**           Identify and describe any mathematical or formulaic calculations or other models that you contend may be used to determine the type or amount of damages sustained by any proposed class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection.  The words "mathematical or formulaic calculations or other models" are vague and ambiguous insofar as they could be intended to refer to damage calculation or to levee breach scenarios.

Otherwise, the answer to this interrogatory is unknown at this time.

**INTERROGATORY NO. 10**:           If you are seeking class certification under Federal Rule of Civil Procedure 23(b)(1), describe the basis for your assertion that class certification would be appropriate pursuant to Rule 23(b)(1).

**RESPONSE TO INTERROGATORY NO. 10:**

See Plaintiffs' Motion for Class Certification.

-18-

**INTERROGATORY NO. 11**:        If you arc seeking class certification under Federal Rule of Civil Procedure 23(b)(2). describe the basis for your assertion that class certification would be appropriate pursuant to Rule 23(b)(2), including a description of the specific injunctive and/or declaratory relief you seek and the specific conduct of each defendant that you seek to enjoin and/or compel.

**RESPONSE TO INTERROGATORY NO. 11:**

See Plaintiffs' certification papers.

**INTERROGATORY NO. 12**:        In your motion for class certification, you contend that "certain elements of class wide damage such as the breakdown in social structure and loss of cultural identity, might be remedied by way of declaratory and/or injunctive relief" State whether you are seeking such relief and, if so, describe the specific declaratory and/or injunctive relief that you are seeking to remedy these alleged damages.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection.  Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**INTERROGATORY NO. 13:**        In the Superseding Master Consolidated Class Action Complaint --Levee. your definitions for the proposed class and subclasses refer to "[a]ll individuals and entities in ..." (emphasis added) the various geographical areas. For purposes of ascertaining class membership, explain what you mean by "in," how you believe the Court would determine whether an individual or entity was "in" the geographical areas specified in your class and subclass definitions, and state the time or date as of which you would make that determination. (For example, does "in" mean a resident of, owned property in, or was physically present on August 29, 2005, etc.")

-19-

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. The intent of the definition is to include all individuals and entities who sustained damages in the area Plaintiffs object on the grounds that the class definition makes clear which individuals and entities are to be included in the proposed class, without defining the word "in."

**INTERROGATORY NO. 14:**      Do you contend that named plaintiffs or proposed class members who have recovered damages in other lawsuits related to Hurricane Katrina, or who by the time of trial will have recovered such damages in other lawsuits, are members of your proposed class? If so, how do you propose to account for the monetary awards in those other lawsuits in determining any damages award to a proposed class member in this case?

**RESPONSE TO INTERROGATORY NO. 14:**

Yes. During the course of the individualized damage trial the Court or the jury will take into account appropriate offsets as may be permitted by law.

**INTERROGATORY NO. 15:**      For each named plaintiff, identify and describe each separate type of injury alleged by the named plaintiff, including but not limited to the nature and extent of each such injury, when and where each such injury occurred, the amount of monetary damages being sought for each such injury, and all facts that form the basis of your contention that one or more defendants proximately caused each such injury.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. This Interrogatory seeks to discover information which is outside the permissible bounds of discovery at this time. CMO #4 at III(A) limits discovery as follows: "As to each proposed class representative, the motions must provide his or her full name, current address, occupation and age, and the street address of any property as to which he or she seeks to recover damages in these cases, including whether he or she owned or leased the property, a brief description

-20-

of the size of the property and any buildings or other improvements on it, and whether it was or is used for residential and/or business purposes." Plaintiffs have complied with these directives and would refer the Defendants to its previously filed Motion.

CMO #4, IV limits current discovery "...to common liability issues as defined above and will not include damages, except as permitted later in this Order for individual cases in the insurance category." CMO #4, III(B)(2) limits certification discovery to "class certification issues." The Plaintiffs' certification papers seek only common issues certification as discussed in Response to Interrogatory No. 1, *supra*. For these reasons Plaintiffs object to all and any individualized damage discovery directed to putative class members, and named Plaintiffs.

As to Class Representatives, the Plaintiffs have complied with their discovery obligations as defined by the Court.

**INTERROGATORY NO. 16:**     For each named plaintiff, identify and describe every time you have seen a physician, psychologist, psychiatrist, or other medical professional as a result of any injuries or damages alleged in the lawsuit or otherwise related to Hurricane Katrina. Include in your description the name and address of each such medical professional, the date of visit, the reason for the visit, and the medications, if any, that were prescribed.

**RESPONSE TO INTERROGATORY NO. 16**:

Objection. See Response to Interrogatory No. 15.

**INTERROGATORY NO. 17**:     For each named plaintiff, identify and describe any payment, insurance proceed, settlement, loan disbursement, government assistance, benefit, or other funds paid to the named plaintiff or on his/her behalf related to Hurricane Katrina passing near New Orleans on or about August 29, 2005, or Hurricane Rita passing near New Orleans on or about September 24, 2005.

**RESPONSE TO INTERROGATORY NO. 17:**

      Objection.  See Response to Interrogatory No. 15.

**INTERROGATORY NO. 18:**     Identify all lawsuits related to Hurricane Katrina that have been filed by any of plaintiffs' counsel, other than the previously filed class-action complaints that were superseded and replaced by any of the three Master Consolidated Class Action Complaints (per Case Management Order No.4, § II.B.I).

**RESPONSE TO INTERROGATORY NO. 18:**

      Objection.  This Interrogatory does not seek discovery of admissible evidence nor is it designed to lead to discovery of admissible evidence.

**INTERROGATORY NO. 19:**     Identify and describe every source of water that entered the proposed class geographic areas (as defined in your proposed class and subclass definitions) and caused injury or damage to proposed class members, including a description of which geographical area(s) were affected by each source of the water.

**RESPONSE TO INTERROGATORY NO. 19:**

      Plaintiffs respectfully refer the Defendants to their Superseding Master Consolidated Class Action Complaint-Levee.

**INTERROGATORY NO. 20:**     For each source of water you identify in response to Interrogatory 19, identify all persons or entities, (including entities that are not currently parties to this lawsuit), that you contend caused the water to enter the proposed class geographic areas (as defined in your proposed class and subclass definitions).

**RESPONSE TO INTERROGATORY NO. 20:**

      Plaintiffs respectfully refer the Defendants to their Superseding Master Consolidated Class Action Complaint-Levee.  See also Plaintiffs' Witness List previously filed herein.

**INTERROGATORY NO. 21**:        Identify all issues that you expect to be tried in a class proceeding and all issues you expect to be tried individually.

**RESPONSE TO INTERROGATORY NO. 21**:

    See Response to Interrogatory No. 1.

**INTERROGATORY NO. 22**:        As to each named plaintiff, identify and describe each levee breach, overtopping, or other source of water that resulted in damage to each named plaintiffs property at issue and identify the geotechnical and structural failure modes and causes for each such source of water.

**RESPONSE TO INTERROGATORY NO. 22**:

    Objection.  See Response to Interrogatory No. 15.

**INTERROGATORY NO. 23**:        If you contend that the futility doctrine applies to waive the administrative exhaustion requirements imposed by federal law, state the basis for, and the facts that support, this contention.

**RESPONSE TO INTERROGATORY NO. 23**:

    The doctrine in question is explained in the jurisprudence of which Defendants should be aware. Its applicability here will be briefed as ordered by the Court.

**INTERROGATORY NO. 24**:        If you contend that each of the named plaintiffs and/or proposed class members have exhausted their administrative remedies before instituting an action, state the basis for, and the facts that support this contention.

**RESPONSE TO INTERROGATORY NO. 24**:

    Plaintiffs have previously produced all available Form 95's filed by each Class Representative. Plaintiffs have, through previously filed discovery, asked the Government to produce all Form 95's which it received.  The Government has objected.  Plaintiffs adopt the Government's objections to

the extent that this Interrogatory seeks Form 95's from putative class members not yet Plaintiffs in this litigation.

As to named Plaintiffs, Plaintiffs adopt the objections previously tendered by the Government.

**INTERROGATORY NO. 25**:        State the name, present address, address as of August 29,2005, occupation, and age for each named plaintiff.

**RESPONSE TO INTERROGATORY NO. 25:**

Objection.  See Response to Interrogatory No. 15.

**INTERROGATORY NO. 26**:        Do you contend that the law of any state other than Louisiana will apply to determine the legal claims or damages of any proposed class members? If so, provide the following information: each state's law that will apply, each legal issue to which that state's law applies, and identify each plaintiff to whom that state's law will apply.

**RESPONSE TO INTERROGATORY NO. 26**:

No.

**INTERROGATORY NO. 27**:        State all of the common legal duties that you allege each defendant owed to the named plaintiffs and the proposed class members.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiffs respectfully refer the Defendants to their Superseding Master Consolidated Class Action Complaint-Levee.

**INTERROGATORY NO. 28**:        Given that there is no jury trial allowed under the Federal Tort Claims Act, explain in detail how your proposed trial plan will coordinate the bench-trial claims against the United States with the jury-maybe claims against other defendants.

-24-

**RESPONSE TO INTERROGATORY NO. 28:**

      Plaintiffs will suggest that trials to both the Bench and jury will occur simultaneously.

**INTERROGATORY NO. 29**:      Identify and describe in detail the circumstances of the named plaintiffs, if any, who have ever been convicted of a crime, filed for bankruptcy, or been subject to a claim of breach of fiduciary duty.

**RESPONSE TO INTERROGATORY NO. 29:**

      Objection.  See Response to Interrogatory No. 15.

**INTERROGATORY NO. 30**:      Identify and described in detail the circumstances of the named plaintiffs, if any, who suffer from any mental or physical illness, disability, or impairment.

**RESPONSE TO INTERROGATORY NO. 30:**

      Objection.  See Response to Interrogatory No. 15.

**INTERROGATORY NO. 31**:      If you contend that any of the individuals or entities identified in Requests for Admission Nos. 12 -26 above are not included in any of your proposed subclasses, please describe in detail the reasons why they would not be included.

**RESPONSE TO INTERROGATORY NO. 31:**

      See Response to Request for Admissions Nos. 12 through 26.

**INTERROGATORY NO. 32:**      For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

**RESPONSE TO INTERROGATORY NO. 32**:

       (i)     Undersigned Plaintiffs' Counsel, Plaintiffs' Counsel in Levee Litigation, and their staff(s).

       (ii)     The IPET Report, Team Louisiana Report, the Independent Levee Investigation Team report, and all discovery provided by any party to this Litigation, all of which is publicly available and incorporated herein by reference. See also those documents listed on Exhibit "A" annexed hereto and incorporated herein by reference.

       (iii)     See Response to Request for Admissions

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO.1:**   Produce a copy of each Standard Form 95 submitted to the United States Army Corps of Engineers by you or by any member of the proposed class from August 29, 2005, to the present, that is in the possession, custody, or control of the named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

     Objection.  See Response to Interrogatory No. 24. The United States is the only entity in possession of copies of all Form 95's.

**REQUEST FOR PRODUCTION NO.2:**   Produce all administrative claims relating to Hurricane Katrina that you or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority), that are in the possession, custody, or control of the named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

      Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO.3:**   Produce all documents that refer or relate to

insurance claims that you or proposed class members have filed to recover for damages or injuries

(personal or property) sustained between August 28, 2005, and September 25, 2005, that are in

the possession, custody, or control of the

named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

      Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO.4**:   Produce all documents that refer or relate to the

composition of your proposed class or subclasses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

      Objection.  This discovery request is over broad, burdensome, and unreasonable.  See also

Plaintiffs' Response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO.5**:   Produce all documents in the possession, custody, or

control of the named plaintiffs or their attorneys that refer or relate to any eye witness accounts of

Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

      Objection.  This discovery request is over broad, burdensome, and unreasonable.  See also

Plaintiffs' Response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 6**:   Produce all documents in the possession, custody, or

control of the named plaintiffs or their attorneys that refer or relate to the matters alleged in the

Superseding Master Consolidated Class Action Complaint -Levee or any damages or injuries

allegedly sustained by any proposed class member as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

As to damage materials, objection, see Response to Interrogatory No. 15. As to common issue materials, Plaintiffs object to the extent this Interrogatory seeks to have Plaintiffs' counsel disclose mental impressions and work product, all of which is privileged and protected from disclosure. Plaintiffs further object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by the CMO # 4, as amended.  Plaintiffs further object as this request is overly broad, unduly burdensome and/or oppressive and requests information that is irrelevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs have not completed their investigation of the facts relating to this action, have not interviewed all potential witnesses, have not completed discovery and have not completed their preparation for the trial or any evidentiary hearing in this matter.  Accordingly, the response provided is given without prejudice to Plaintiffs' rights to produce, at any time, subsequently discovered evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts.

Plaintiffs refer Defendants to the factual allegations of the IPET Report, Team Louisiana Report, the Independent Levee Investigation Team report, and all discovery provided by any party to this Litigation, all of which is publicly available and incorporated herein by reference. See also those documents listed on Exhibit "A" annexed hereto and incorporated herein by reference.

**REQUEST FOR PRODUCTION NO.7:**   Produce all statements, transcriptions of recorded statements, tape recordings, notes, diagrams and/or descriptions that refer or relate to the matters alleged in the Superseding Master Consolidated Class Action Complaint -Levee or any damages or injuries allegedly sustained by any proposed class member as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

To the extent this Request seeks expert materials, Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

As to statements, transcriptions, etc. see Response to Request # 15

**REQUEST FOR PRODUCTION NO.8:**   Produce duplicates of all photographs, digital video discs and/or video tapes that refer or relate to the matters alleged in the Superseding Master Consolidated Class Action Complaint -Levee or any damages or injuries allegedly sustained by any proposed class member as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection.  This discovery request is over broad, burdensome, and unreasonable.  See also Plaintiffs' Response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO.9:**   For each named plaintiff, produce all documents that refer or relate to any claim a named plaintiff is asserting for any damage alleged in the Superseding Master Consolidated Class Action Complaint -Levee, including but not limited to damages from chemical or other contamination to his or her property, land, home, commercial buildings and/or improvements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 10:** For each named plaintiff, produce all documents that refer or relate to any claim a named plaintiff is asserting for lost earnings, lost future earnings, lost business opportunities, lost future business income, business interruption, lost rental income, and/or lost future rental income.

-29-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. See Response to Interrogatory No. 15. See also Plaintiffs' Response to Interrogatory No. 24.

**REQUEST FOR PRODUCTION NO.11:** For each named plaintiff, produce all documents that evidence, reflect, support, or contradict your claim for economic and compensatory damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO.12:** Produce all mathematical or formulaic calculations or other models that refer or relate to determining the cause(s) of injury to any named plaintiff, any proposed class member, or any group of proposed class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

To the extent this Request seeks expert materials, Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 13:** Produce all mathematical or formulaic calculations or other models that refer or relate to the calculation of damages for any named plaintiff, any proposed class member, or any group of proposed class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See Response to Interrogatory No.15

**REQUEST FOR PRODUCTION NO. 14:** For each named plaintiff, produce documents that refer or relate the named plaintiff's evacuation, relocation, and, if applicable, eventual return to the New Orleans area, including but not limited to records of expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 15**:   For each named plaintiff, produce all statements,

transcriptions of recorded statements, tape recordings, notes, diagrams, and/or descriptions of

events by the named plaintiff relevant to the matters at issue in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. Communications between counsel and the Plaintiffs is privileged.

**REQUEST FOR PRODUCTION NO. 16**:    For each named plaintiff, produce all logs,

journals, diaries, or other writings by the named plaintiff that refer or relate to Hurricane Katrina

or the matters at issue in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Objection.  See Response to Interrogatory No. 15.  Further, Plaintiffs are presently unaware

of any such logs, journals, etc. that relate to common liability issues.

**REQUEST FOR PRODUCTION NO. 17**:    For each named plaintiff, produce all medical

records from August 2000 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 18**:    For each named plaintiff, produce all documents

evidencing the application for or receipt of any benefit, payment, insurance proceed, settlement,

loan disbursement, or other funds paid to the named plaintiff or all his/her behalf related to

Hurricane Katrina and/or its aftermath.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection.  See Response to Interrogatory No. 15.

-31-

**REQUEST FOR PRODUCTION NO. 19**:    Produce all demonstrative evidence or exhibits that you may refer to at the class certification hearing and all documents that refer or relate to such demonstrative evidence or exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Objection.  Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 20**:    Produce all computer models that you may refer to at the class certification hearing or in support of class certification and all documents that refer or relate to such computer models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection.  Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 21**:    Produce all models, diagrams, maps, and/or graphical depictions of the areas of the proposed class and sub-classes that show the cause, extent, timing, duration; process, location, depth, or receding of flood water intrusion due to each levee/floodwall breach or levee/floodwall overtopping.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Objection.  Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 22**:      Produce a copy of all photographs of any named plaintiff's real property, including photographs taken before Hurricane Katrina and after Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

       Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 23**:      Produce all reports, notes, photographs, drawings, and/or evaluations for each and every piece of property (including but not limited to lands, homes, commercial buildings, improvements, movables, and/or other tangible properties, etc.) that was inspected, examined, tested, or appraised by plaintiffs' experts or consultants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

       Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 24**:      Produce all data or other information considered by any expert witness expected to testify, submit an affidavit, or otherwise produce or submit evidence on behalf of plaintiffs in support of your motion for class certification, and all documents that refer or relate to such data or other information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

       Objection.  Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 25**:   Produce all exhibits to be used as a summary of or support for the opinions of any expert witness expected to testify, submit an affidavit, or otherwise produce or submit evidence on behalf of plaintiffs in support of your motion for class certification. and all documents that refer or relate to such exhibits.

-33-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

  Objection. Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 26:**  Produce all documents furnished by any member of the public as a result of your public advertisements (whether billboards, newspapers, or others) seeking either potential plaintiffs or eyewitnesses in connection with the claims asserted in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

  Objection. Plaintiffs object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by CMO # 4, as amended.

**REQUEST FOR PRODUCTION NO. 27:**  Produce all documents that you consulted or relied upon in preparing your response to the above Requests for Admission or Interrogatories, or that refer or relate to any of your answers to those discovery requests, or that are identified in any response to your answers to those discovery requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

  The IPET Report, Team Louisiana Report, the Independent Levee Investigation Team report, and all discovery provided by any party to this Litigation, all of which is publicly available and incorporated herein by reference. See also those documents listed on Exhibit "A" annexed hereto and incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 28:**  Produce a copy of the complaint or petition in any prior litigation to which any named plaintiff has been a party.

-34-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

      Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 29:**  Produce a copy of any lease agreements entered into between any named plaintiff and any proposed class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

      Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 30:**  Produce all documents that relate to any eviction proceedings instituted by or against any named plaintiff after Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

      Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 31:**  Produce any and all documents that indicate whether a proposed class member has consented to be represented by counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

      Objection.  See Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 32:**  Produce any and all documents in your possession indicating that the proposed named plaintiffs will protect the interests of the proposed class.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

      This discovery Request is vague and confusing and therefore Plaintiffs are unable to respond.

**REQUEST FOR PRODUCTION NO. 33:**  For each proposed class representative, please execute and return the attached medical records authorization form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:.**

      Objection.  See Response to Interrogatory No. 15.

Respectfully Submitted,

**APPROVED PLAINTIFFS LIAISON COUNSEL**

_____/s/ Joseph M. Bruno_____
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com


**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

_____s/Gerald E. Meunier_____
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

-36-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 11th day of June, 2007.

/s/ Joseph M.Bruno

Joseph M. Bruno

## EXHIBIT "A"

1. IPET Report.

2. Team Louisiana Report.

3. Independent Levee Investigation Team Report.

4. Plaintiffs' Preliminary Witness and Exhibit List previously submitted in this litigation

5. Levee Superceding Master Consolidated Class Action Complaint, and the documents referenced/cited therein.

6. July 15, 1974, S&WB application for a "Permit To Discharge Or Work In Navigable Waters And Their Tributaries" filed with the Corps' New Orleans District.

7. August 1974 Louisiana Department of Public Works' response to S&WB permit application.

8. May 23, 1977, Corps' response to S&WB's application with no action because the S&WB failed to furnish information requested by, among others, the Louisiana Department of Public Works.

9. August 23, 1979, Modjeski dredging permit application on behalf of the S&WB.

10. December 29, 1980, Modjeski permit application on behalf of the S&WB.

11. January 28, 1981, memorandum by Modjeski to the Corps addressing the stability of the existing levees and sheet pile wall along the canal.