UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION

NO.: 05-4182

SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
            05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1185,
            06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
            06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
            06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
            06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
            07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

---

### LEVEE DEFENDANTS' FIRST SET OF JOINT CLASS-CERTIFICATION REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36 and Case Management and Scheduling Order No. 4, Section III(B)(2), as amended by Order issued March 29, 2007, the undersigned Levee Defendants[1] submit these Joint Class-Certification Requests for Admission, Interrogatories, and Requests for Production of Documents to Plaintiffs.

---

[1] This discovery does not include submissions by the Railroad Defendants due to the disclosure and discovery stay in place covering the Railroad Defendants. See CMO #4, at 23."

1



EXHIBIT
1

The joint nature of the instant filing is made solely in conformity with the Court's order and should not be construed as an adoption, approval, or endorsement of anything contained therein by any particular defendant unless specified as such. The Levee Defendants request that plaintiffs produce responsive documents at the offices of McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, PC, 3445 N. Causeway Blvd., Suite 800, Metairie, Louisiana.

## DEFINITIONS AND INSTRUCTIONS

For the purposes of these consolidated discovery requests, the following definitions shall apply:

1.  "Plaintiff," "you," and "your" shall mean the persons named as proposed class representatives in the Superseding Master Consolidated Class Action Complaint – Levee, their present attorneys, Plaintiffs' Liaison Counsel, and the Levee PSLC.

2.  "Documents" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and include all writings of any kind, including, but not limited to: electronic mail, letters, agreements, drafts, communications, correspondence, telegrams, cables, facsimiles, memoranda, records, books, financial statements, summaries, diaries, calendars, forecasts, statistical statements, accountant work papers, graphs, maps, diagrams, tables, indexes, recordings, microfilm, charge slips, accounts, minutes of meetings, minutes of conferences, consultant's opinions, consultant's reports, appraisals, negotiation reports, negotiation

summaries, handwritten notes, stenographic notes, typed notes, projections, working papers, brochures, pamphlets, circulars, trade letters, press releases, contracts, front and back of checks, federal and state income tax returns, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer print outs, computer disks, computer tapes, digital information, photographs, electronic data, charts, or videotapes.

 3. "Property," unless otherwise specified, shall include both real/immovable property and personal property.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that in order to determine whether any individual or entity is included in your class and five proposed subclasses, it will be necessary to determine whether or not that individual or entity sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005.

### REQUEST FOR ADMISSION NO. 2:

Admit that in order to determine whether any individual or entity is included in your class and five proposed subclasses, it will be necessary to determine whether or not that individual or entity has fulfilled the administrative claim filing requirements necessary to maintain a claim under the Federal Tort Claims Act.

### REQUEST FOR ADMISSION NO. 3:

Admit that your proposed class and subclasses include individuals and entities that have not submitted to the United States Army Corps of Engineers a Standard Form 95 or other administrative claim requesting damages related to Hurricane Katrina.

**REQUEST FOR ADMISSION NO. 4:**

Admit that, for each of the causes of action pleaded in your Superseding Master Consolidated

Class Action Complaint – Levee , the jury will be required under substantive law to determine

the cause(s) of each different injury alleged by any plaintiff.

**REQUEST FOR ADMISSION NO. 5:**

Admit that your proposed class and subclasses include individuals or entities that sustained

multiple injuries, (such as injury to real property, injury to personal property, and lost income),

each of which injuries might have been caused by different legally responsible persons.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the same jury that determines the cause(s) of multiple injuries alleged by a particular

class member also will also have to determine comparative fault by allocating percentages of

fault among all persons causing or contributing to each of those injuries.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the list of individuals and entities to be allocated fault by the jury will not be the same

for every member of the proposed class.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the list of individuals and entities to be allocated fault by the jury will not be the same

for every member of the proposed subclasses.

**REQUEST FOR ADMISSION NO. 9:**

Admit that individualized proofs will be required at trial to determine the cause in fact and

resulting injury (if any) for each proposed class member.

4

**REQUEST FOR ADMISSION NO. 10:**

Admit that individualized proofs will be required at trial to determine the amount of damages for any proposed class member.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you are seeking for the proposed class only the following categories of damages, which are specifically identified in the Prayer for Relief of the Superseding Master Consolidated Class Action Complaint – Levee:

      a.     economic damages,
      b.     compensatory damages,
      c.     pre-judgment interest,
      d.     post-judgment interest,
      e.     attorneys' fees, and
      f.     cost of litigation.

**REQUEST FOR ADMISSION NO. 12:**

For each of your proposed subclasses, admit that one or more proposed class members seek to recover repair, remediation, or restoration costs that exceed the fair market value of their properties before Hurricane Katrina.

**REQUEST FOR ADMISSION NO. 13:**

For each of your proposed subclasses, admit that one or more proposed class members did not sustain any personal injury due to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 14:**

For each of your proposed subclasses, admit that one or more proposed class members did not sustain any property damage due to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 15:**

For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of rain, wind, or tornados related to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 16:**

For each of your proposed subclasses, admit that one or more proposed class members' property was damaged, in whole or in part, by water that overtopped a levee or floodwall on August 29, 2005.

**REQUEST FOR ADMISSION NO. 17:**

For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of electrical power that was lost due to heavy wind or rain when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 18:**

For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of looting or other criminal activity following Hurricane Katrina.

## REQUEST FOR ADMISSION NO. 19:

For each of your proposed subclasses, admit that one or more proposed class members were damaged or injured, in whole or in part, because of Hurricane Rita passing near New Orleans on or about September 24, 2005.

## REQUEST FOR ADMISSION NO. 20:

For each of your proposed subclasses, admit that one or more proposed class members' residences or businesses were constructed in the 19th century.

## REQUEST FOR ADMISSION NO. 21:

For each of your proposed subclasses, admit that one or more proposed class members' residences or businesses had pre-existing, unrepaired damage when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

## REQUEST FOR ADMISSION NO. 22:

For each of your proposed subclasses, admit that one or more proposed class members filed insurance claims for property damage that was caused by wind or rain on August 29, 2005.

## REQUEST FOR ADMISSION NO. 23:

For each of your proposed subclasses, admit that one or more proposed class members do not have clear title to the real property that they claim was damaged when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

## REQUEST FOR ADMISSION NO. 24:

For each of your proposed subclasses, admit that one or more proposed class members sustained damages or injuries that were the result of multiple causes.

**REQUEST FOR ADMISSION NO. 25:**

For each of your proposed subclasses, admit that one or more proposed class members sustained property damages from rising water irrespective of any levee and/or floodwall breaches when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**REQUEST FOR ADMISSION NO. 26:**

For each of your proposed subclasses, admit that one or more proposed class members sustained property damages on August 29, 2005, exclusively due to an Act of God.

**REQUEST FOR ADMISSION NO. 27:**

Admit that your proposed class definition for the Levee Class Action includes individuals or entities that are also members of the proposed class in the MRGO Class Action.

**REQUEST FOR ADMISSION NO. 28:**

Admit that your proposed class definition for the Levee Class Action includes individuals or entities that are also members of the proposed classes in the Insurance Class Action.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the primary relief you are seeking is monetary relief.

**REQUEST FOR ADMISSION NO. 30:**

Admit that one or more proposed class members have made an assignment of their legal rights arising out of Hurricane Katrina (including, for example, class members who obtained SBA loans).

**REQUEST FOR ADMISSION NO. 31:**

Admit that one or more proposed class members have already received payments from their insurance companies for property damage due to Hurricane Katrina and those class members' insurance companies may have subrogation rights under the insurance policies.

**REQUEST FOR ADMISSION NO. 32:**

Admit that one or more proposed class members who have received payments on Hurricane Katrina property damage claim(s) from their insurance companies have legally subrogated their recovery to the extent of any insurance proceeds paid to them for the same property damages.

**REQUEST FOR ADMISSION NO. 33:**

Admit that as of the date that the Superseding Master Consolidated Class Action Complaint – Levee was filed, each and every member of the proposed class had not exhausted their administrative remedies under the FTCA.

**REQUEST FOR ADMISSION NO. 34:**

Admit that as of the date that the Superseding Master Consolidated Class Action Complaint – Levee was filed, each and every member of the proposed class had not exhausted their administrative remedies under the Admiralty Extension Act.

**REQUEST FOR ADMISSION NO. 35:**

Admit that one or more named plaintiffs and/or proposed class members currently reside outside of the State of Louisiana.

**REQUEST FOR ADMISSION NO. 36:**

Admit that one or more named plaintiffs and/or proposed class members resided outside of the State of Louisiana on August 29, 2005.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the law of a state other than Louisiana will apply to determine the legal rights of at least one named plaintiff or proposed class member.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the law of a state other than Louisiana will apply to determine the damages of at least one named plaintiff or proposed class member.

**REQUEST FOR ADMISSION NO. 39:**

Admit that your proposed subclasses include corporations that suffered damage as a result of Hurricane Katrina.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate each element of proof required for each cause of action alleged against each defendant.

**INTERROGATORY NO. 2:**  If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate the cause(s) of each injury alleged by each proposed class member.

**INTERROGATORY NO. 3:**  If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to adjudicate comparative fault with regard to the various injuries alleged by each proposed class member.

**INTERROGATORY NO. 4:**  If the Court were to certify your proposed class, describe in detail the trial plan that you contend would enable the Court to determine all damage issues, including the amount of damage, for each proposed class member.

10.

**INTERROGATORY NO. 5:**  If the Court were to certify your proposed class, explain whether your proposed trial plan would use the same or different juries to adjudicate (i) the elements of proof for each cause of action, (ii) affirmative defenses, and (iii) damage issues.  If you propose the use of two or more different juries, explain what each jury will determine, and what each jury will be informed as to the results of previous phases of the trial.  If you contend that particular issues do not require a jury, identify those issues and describe how those issues will be adjudicated.

**INTERROGATORY NO. 6:**  If you contend that defendants are not entitled to individual proofs at trial for each proposed class member to determine:  (i) the cause of each injury alleged by each proposed class member; (ii) the allocation of fault among all persons causing or contributing to each such injury; and (iii) the amount of any damages sustained by each proposed class member as a result of each defendant's alleged negligence, then identify and describe the trial procedures that you contend would enable the Court to adjudicate each of these issues.

**INTERROGATORY NO. 7:**  If the Court does not accept the futility-doctrine argument set forth in the Superseding Master Consolidated Class Action Complaint – Levee paragraph 6, describe in detail how your proposed class-trial plan would enable the Court to determine whether or not each proposed class member had fulfilled the administrative claim filing requirements necessary to maintain a claim under the Federal Tort Claims Act.

**INTERROGATORY NO. 8:**  Identify and describe any mathematical or formulaic calculations or other models that you contend may be used to determine the cause(s) of alleged injuries to any proposed class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

**INTERROGATORY NO. 9:**  Identify and describe any mathematical or formulaic calculations or other models that you contend may be used to determine the type or amount of damages sustained by any proposed class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

**INTERROGATORY NO. 10:**  If you are seeking class certification under Federal Rule of Civil Procedure 23(b)(1), describe the basis for your assertion that class certification would be appropriate pursuant to Rule 23(b)(1).

**INTERROGATORY NO. 11:**  If you are seeking class certification under Federal Rule of Civil Procedure 23(b)(2), describe the basis for your assertion that class certification would be appropriate pursuant to Rule 23(b)(2), including a description of the specific injunctive and/or declaratory relief you seek and the specific conduct of each defendant that you seek to enjoin and/or compel.

**INTERROGATORY NO. 12:**  In your motion for class certification, you contend that "certain elements of classwide damage, such as the breakdown in social structure and loss of cultural identity, might be remedied by way of declaratory and/or injunctive relief."  State whether you are seeking such relief and, if so, describe the specific declaratory and/or injunctive relief that you are seeking to remedy these alleged damages.

**INTERROGATORY NO. 13:**  In the Superseding Master Consolidated Class Action Complaint – Levee, your definitions for the proposed class and subclasses refer to "[a]ll individuals and entities **in** . . ." (emphasis added) the various geographical areas.  For purposes of ascertaining class membership, explain what you mean by "in," how you believe the Court would determine whether an individual or entity was "in" the geographical areas specified in

12

your class and subclass definitions, and state the time or date as of which you would make that determination. (For example, does "in" mean a resident of, owned property in, or was physically present on August 29, 2005, etc.?)

**INTERROGATORY NO. 14:**  Do you contend that named plaintiffs or proposed class members who have recovered damages in other lawsuits related to Hurricane Katrina, or who by the time of trial will have recovered such damages in other lawsuits, are members of your proposed class?  If so, how do you propose to account for the monetary awards in those other lawsuits in determining any damages award to a proposed class member in this case?

**INTERROGATORY NO. 15:**  For each named plaintiff, identify and describe each separate type of injury alleged by the named plaintiff, including but not limited to the nature and extent of each such injury, when and where each such injury occurred, the amount of monetary damages being sought for each such injury, and all facts that form the basis of your contention that one or more defendants proximately caused each such injury.

**INTERROGATORY NO. 16:**  For each named plaintiff, identify and describe every time you have seen a physician, psychologist, psychiatrist, or other medical professional as a result of any injuries or damages alleged in the lawsuit or otherwise related to Hurricane Katrina.  Include in your description the name and address of each such medical professional, the date of visit, the reason for the visit, and the medications, if any, that were prescribed.

**INTERROGATORY NO. 17:**  For each named plaintiff, identify and describe any payment, insurance proceed, settlement, loan disbursement, government assistance, benefit, or other funds paid to the named plaintiff or on his/her behalf related to Hurricane Katrina passing near New

13

Orleans on or about August 29, 2005, or Hurricane Rita passing near New Orleans on or about September 24, 2005.

**INTERROGATORY NO. 18:**  Identify all lawsuits related to Hurricane Katrina that have been filed by any of plaintiffs' counsel, other than the previously filed class-action complaints that were superseded and replaced by any of the three Master Consolidated Class Action Complaints (per Case Management Order No. 4, § II.B.1).

**INTERROGATORY NO. 19:**  Identify and describe every source of water that entered the proposed class geographic areas (as defined in your proposed class and subclass definitions) and caused injury or damage to proposed class members, including a description of which geographical area(s) were affected by each source of the water.

**INTERROGATORY NO. 20:**  For each source of water you identify in response to Interrogatory 19, identify all persons or entities, (including entities that are not currently parties to this lawsuit), that you contend caused the water to enter the proposed class geographic areas (as defined in your proposed class and subclass definitions).

**INTERROGATORY NO. 21:**   Identify all issues that you expect to be tried in a class proceeding and all issues you expect to be tried individually.

**INTERROGATORY NO. 22:**  As to each named plaintiff, identify and describe each levee breach, overtopping, or other source of water that resulted in damage to each named plaintiff's property at issue and identify the geotechnical and structural failure modes and causes for each such source of water.

14

**INTERROGATORY NO. 23:**  If you contend that the futility doctrine applies to waive the administrative exhaustion requirements imposed by federal law, state the basis for, and the facts that support, this contention.

**INTERROGATORY NO. 24:**  If you contend that each of the named plaintiffs and/or proposed class members have exhausted their administrative remedies before instituting an action, state the basis for, and the facts that support, this contention.

**INTERROGATORY NO. 25:**  State the name, present address, address as of August 29, 2005, occupation, and age for each named plaintiff.

**INTERROGATORY NO. 26:**  Do you contend that the law of any state other than Louisiana will apply to determine the legal claims or damages of any proposed class members?  If so, provide the following information:  each state's law that will apply, each legal issue to which that state's law applies, and identify each plaintiff to whom that state's law will apply.

**INTERROGATORY NO. 27:**  State all of the common legal duties that you allege each defendant owed to the named plaintiffs and the proposed class members.

**INTERROGATORY NO. 28:**  Given that there is no jury trial allowed under the Federal Tort Claims Act, explain in detail how your proposed trial plan will coordinate the bench-trial claims against the United States with the jury-triable claims against other defendants.

**INTERROGATORY NO. 29:**  Identify and describe in detail the circumstances of the named plaintiffs, if any, who have ever been convicted of a crime, filed for bankruptcy, or been subject to a claim of breach of fiduciary duty.

**INTERROGATORY NO. 30:**  Identify and described in detail the circumstances of the named plaintiffs, if any, who suffer from any mental or physical illness, disability, or impairment.

**INTERROGATORY NO. 31:** If you contend that any of the individuals or entities identified in Requests for Admission Nos. 12 - 26 above are not included in any of your proposed subclasses, please describe in detail the reasons why they would not be included.

**INTERROGATORY NO. 32:** For each request for admission you denied, or for which you qualified your answer, please provide the following: (i) a list of all persons, by name and title, you contacted in formulating your response; (ii) a description of the information they provided to you in formulating your response; and (iii) an explanation of the basis for your denial or qualification of your response.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of each Standard Form 95 submitted to the United States Army Corps of Engineers by you or by any member of the proposed class from August 29, 2005, to the present, that is in the possession, custody, or control of the named plaintiffs or their attorneys.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all administrative claims relating to Hurricane Katrina that you or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority), that are in the possession, custody, or control of the named plaintiffs or their attorneys.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents that refer or relate to insurance claims that you or proposed class members have filed to recover for damages or injuries (personal or property) sustained between

16

August 28, 2005, and September 25, 2005, that are in the possession, custody, or control of the named plaintiffs or their attorneys.

### REQUEST FOR PRODUCTION NO. 4:

Produce all documents that refer or relate to the composition of your proposed class or subclasses.

### REQUEST FOR PRODUCTION NO. 5:

Produce all documents in the possession, custody, or control of the named plaintiffs or their attorneys that refer or relate to any eye witness accounts of Hurricane Katrina.

### REQUEST FOR PRODUCTION NO. 6:

Produce all documents in the possession, custody, or control of the named plaintiffs or their attorneys that refer or relate to the matters alleged in the Superseding Master Consolidated Class Action Complaint – Levee or any damages or injuries allegedly sustained by any proposed class member as a result of Hurricane Katrina.

### REQUEST FOR PRODUCTION NO. 7:

Produce all statements, transcriptions of recorded statements, tape recordings, notes, diagrams and/or descriptions that refer or relate to the matters alleged in the Superseding Master Consolidated Class Action Complaint – Levee or any damages or injuries allegedly sustained by any proposed class member as a result of Hurricane Katrina.

### REQUEST FOR PRODUCTION NO. 8:

Produce duplicates of all photographs, digital video discs and/or video tapes that refer or relate to the matters alleged in the Superseding Master Consolidated Class Action Complaint – Levee or

17

any damages or injuries allegedly sustained by any proposed class member as a result of Hurricane Katrina.

### REQUEST FOR PRODUCTION NO. 9:

For each named plaintiff, produce all documents that refer or relate to any claim a named plaintiff is asserting for any damage alleged in the Superseding Master Consolidated Class Action Complaint – Levee, including but not limited to damages from chemical or other contamination to his or her property, land, home, commercial buildings and/or improvements.

### REQUEST FOR PRODUCTION NO. 10:

For each named plaintiff, produce all documents that refer or relate to any claim a named plaintiff is asserting for lost earnings, lost future earnings, lost business opportunities, lost future business income, business interruption, lost rental income, and/or lost future rental income.

### REQUEST FOR PRODUCTION NO. 11:

For each named plaintiff, produce all documents that evidence, reflect, support, or contradict your claim for economic and compensatory damages.

### REQUEST FOR PRODUCTION NO. 12:

Produce all mathematical or formulaic calculations or other models that refer or relate to determining the cause(s) of injury to any named plaintiff, any proposed class member, or any group of proposed class members.

### REQUEST FOR PRODUCTION NO. 13:

Produce all mathematical or formulaic calculations or other models that refer or relate to the calculation of damages for any named plaintiff, any proposed class member, or any group of proposed class members.

## REQUEST FOR PRODUCTION NO. 14:

For each named plaintiff, produce documents that refer or relate the named plaintiff's evacuation, relocation, and, if applicable, eventual return to the New Orleans area, including but not limited to records of expenses.

## REQUEST FOR PRODUCTION NO. 15:

For each named plaintiff, produce all statements, transcriptions of recorded statements, tape recordings, notes, diagrams, and/or descriptions of events by the named plaintiff relevant to the matters at issue in this litigation.

## REQUEST FOR PRODUCTION NO. 16:

For each named plaintiff, produce all logs, journals, diaries, or other writings by the named plaintiff that refer or relate to Hurricane Katrina or the matters at issue in this litigation.

## REQUEST FOR PRODUCTION NO. 17:

For each named plaintiff, produce all medical records from August 2000 to the present.

## REQUEST FOR PRODUCTION NO. 18:

For each named plaintiff, produce all documents evidencing the application for or receipt of any benefit, payment, insurance proceed, settlement, loan disbursement, or other funds paid to the named plaintiff or on his/her behalf related to Hurricane Katrina and/or its aftermath.

## REQUEST FOR PRODUCTION NO. 19:

Produce all demonstrative evidence or exhibits that you may refer to at the class certification hearing and all documents that refer or relate to such demonstrative evidence or exhibits.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all computer models that you may refer to at the class certification hearing or in support of class certification and all documents that refer or relate to such computer models.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all models, diagrams, maps, and/or graphical depictions of the areas of the proposed class and sub-classes that show the cause, extent, timing, duration, process, location, depth, or receding of flood water intrusion due to each levee/floodwall breach or levee/floodwall overtopping.

**REQUEST FOR PRODUCTION NO. 22:**

Produce a copy of all photographs of any named plaintiff's real property, including photographs taken before Hurricane Katrina and after Hurricane Katrina.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all reports, notes, photographs, drawings, and/or evaluations for each and every piece of property (including but not limited to lands, homes, commercial buildings, improvements, movables, and/or other tangible properties, etc.) that was inspected, examined, tested, or appraised by plaintiffs' experts or consultants.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all data or other information considered by any expert witness expected to testify, submit an affidavit, or otherwise produce or submit evidence on behalf of plaintiffs in support of your motion for class certification, and all documents that refer or relate to such data or other information.

20

## REQUEST FOR PRODUCTION NO. 25:

Produce all exhibits to be used as a summary of or support for the opinions of any expert witness expected to testify, submit an affidavit, or otherwise produce or submit evidence on behalf of plaintiffs in support of your motion for class certification, and all documents that refer or relate to such exhibits.

## REQUEST FOR PRODUCTION NO. 26:

Produce all documents furnished by any member of the public as a result of your public advertisements (whether billboards, newspapers, or others) seeking either potential plaintiffs or eyewitnesses in connection with the claims asserted in this lawsuit.

## REQUEST FOR PRODUCTION NO. 27:

Produce all documents that you consulted or relied upon in preparing your response to the above Requests for Admission or Interrogatories, or that refer or relate to any of your answers to those discovery requests, or that are identified in any response to your answers to those discovery requests.

## REQUEST FOR PRODUCTION NO. 28:

Produce a copy of the complaint or petition in any prior litigation to which any named plaintiff has been a party.

## REQUEST FOR PRODUCTION NO. 29:

Produce a copy of any lease agreements entered into between any named plaintiff and any proposed class member.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents that relate to any eviction proceedings instituted by or against any named plaintiff after Hurricane Katrina.

**REQUEST FOR PRODUCTION NO. 31:**

Produce any and all documents that indicate whether a proposed class member has consented to be represented by counsel.

**REQUEST FOR PRODUCTION NO. 32:**

Produce any and all documents in your possession indicating that the proposed named plaintiffs will protect the interests of the proposed class.

**REQUEST FOR PRODUCTION NO. 33:**

For each proposed class representative, please execute and return the attached medical records authorization form.

Submitted,

LABORDE & NEUNER
James L. Pate #10333
Ben L. Mayeux #19042
One Petroleum Center
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, Louisiana 70505-2828
TEL: (337) 237-7000
FAX: (337) 233-9450

and

McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
Thomas P. Anzelmo #2533
Mark E. Hanna #19336
Kyle P. Kirsch #26363
Andre J. Lagarde #28649
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
TEL: (504) 831-0946
FAX: (504) 831-2492

Attorneys for the Orleans Levee District

Lawrence J. Duplass, 5199
Gary M. Zwain, 13809
Andrew D. Weinstock, 18495
Of
DUPLASS, ZWAIN, BOURGEOIS,
MORTON, PFISTER & WEINSTOCK
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
TEL: (504) 832-3700
FAX: (504) 837-3119

Attorneys for Board of Commissioners for the
East Jefferson Levee District

Ralph S. Hubbard III, 7040
Joseph P. Guichet, 24441
Rachel Meese, 25457
Of
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
TEL: (504) 568-1990
FAX: (504) 310-9195

Attorneys for St. Paul Fire and Marine
Insurance Company

23

Peter D. Keisler
Assistant Attorney General
Jeffrey S. Bucholtz
Principal Deputy Assistant Attorney General
C. Frederick Beckner III
Deputy Assistant Attorney General
Phyllis J. Pyles
Director, Torts Branch
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
 Of
U.S. DEPARTMENT OF JUSTICE
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
TEL:  (202) 616-4289
FAX:  (202) 616-5200

Attorneys for United States
J. Frederick Kessenich #7354
Jonathon H. Sandoz #23928
Michael W. McMahon #23987
Jon A. Van Steenis #27122
Kirk N. Auraudt #25336
 Of
DAIGLE FISSE & KESSENICH, PLC
P.O. Box 3530
Covington, LA 70434-5350
TEL:  985-871-0800
FAX:  985-871-0899

Attorneys for the Board of Commissioners of
the Port of New Orleans

Mr. Charles M. Lanier, Jr. #18299
Mr. J. Warren Gardner, Jr. #5928
Ms. Elizabeth Cordes #1786
 Of
CHRISTOVICH & KEARNEY, LLP
Pan American Life Center
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
TEL:  504-593-4272
FAX:  504-561-5743

Attorneys for the Sewerage and Water Board
of New Orleans

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon Plaintiffs'

Liaison Counsel, Joseph M. Bruno, and Defendants' Liaison Counsel, Ralph Hubbard, via

electronic transmission on this 30th day of April, 2007.

_____
BEN L. MAYEAUX

Subject:

REQUEST FOR ACCESS AND AUTHORIZATION FOR USE AND/OR DISCLOSURE OF
PROTECTED HEALTH INFORMATION

PATIENT NAME: _____

PATIENTS ADDRESS: _____
_____
                         (Street)

_____
(City)                   (State)                              (Zip Code)

PHONE NUMBER: _____

SOCIAL SECURITY NUMBER: _____

DATE OF BIRTH: _____

I hereby request _____ to disclose and provide photocopies of my
protected health information to Mr. Thomas Anzelmo, of the firm McCranie, Sistrunk, Anzelmo,
Hardy, Maxwell & McDaniel, 3445 N. Causeway Blvd., Suite 800, Metairie, Louisiana 70002,
or such other person he may authorize.

The purpose of this request is for litigation or claim for damages.

The description of the specific protected health information to be accessed and/or disclosed.

_____ My Medical Records for the Admission/Discharge Dates of: _____.
Or

(Indicate by placing an "X" on the following line(s))

_____ My Medical Records for all admissions to this facility (including outpatient testing)

            _____ Complete medical record
            _____ Discharge Summary(ies)
            _____ Operative Report(s)
            _____ Pathology Report(s)
            _____ History and Physical(s)
            _____ Laboratory Report(s)
            _____ Radiology Report(s)
            _____ Consultation(s)
            _____ Autopsy Report
            _____ Other (Specify) _____
_____ My billing Records

26

This request authorizes the release of information (if applicable) pertaining to:

_____Psychiatry/Psychology     _____Drug  _____Alcohol     _____Genetic Testing

_____ I am indicating that I DO NOT authorize the release of HIV Test Results.  An HIV Test Result is the original document, or copy thereof, transmitted to the medical record form the laboratory or other testing site with the result of an HIV-related test.  It does not include any other note, notation, disagnosis, report, or other writing or document.  An HIV-related test is a test that is performed solely for the purpose of identifying the presence of antibodies or antegens indicative of infection of Human Immunodeficiency Virus. (This restriction does not apply to the release of HIV test results as otherwise prescribed by law.)  I DO NOT authorize release of HIV Test Results.

EXPIRATION

This authorization shall expire upon the following expiration Date or Event (if I fail to specify an expiration date or event, this authorization will expire (6) months from the date on which it was signed): _____

      I.     I  understand that I have the right to revoke this authorization at any time.  I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the Heath Information Management Department.  I understand that the revocation will not apply to information that has already been released in response to this authorization.  I understand that the revocation will not apply to my insurance company for services already rendered.

      II.    The information used or disclosed pursuant to the authorization may be subject to redisclosure by the recipient and no longer protected.

      III.   Fees/charges will comply with all laws and regulations applicable to release of information.

      IV.   I understand authorizing the use or disclosure of the information identified above is voluntary.  My treatment, payment, enrollment, or eligibility for benefits may be conditioned on signing this authorization.  I do not need to sign this form to ensure healthcare treatment.

27

I have read the above and authorize the disclosure of the protected heath information as stated.

_____          _____
Signature of Patient/Legal Representative          Date

If signed by legal representative, relationship to patient:   _____

_____          _____
Signature of Witness          Date

**ALL ASPECTS OF THIS FORM MUST BE FILLED OUT <u>COMPLETELY</u>.**

28