UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES         CIVIL ACTION
       CONSOLIDATED LITIGATION
                                      NO. 05-4182

                                      SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
            06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
            06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
            06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
            07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MRGO & LEVEE
_____

**OPPOSITION TO MOTION FOR RULE 16(B) RELIEF**

Plaintiffs in the above referenced actions hereby oppose the MRGO and Levee Defendants' Motion for Rule 16(B) Relief.

Pursuant to Case Management Order No. 4, the Court instructed that "[n]o more than five (5) expert witnesses concerning class certification issues per side in each of the three separate case categories *may be called to testify* at any class certification hearing."[Emphasis added].

The purpose of a pretrial order under Rule 16 is to insure the economical and efficient trial of every case on its merits without chance or surprise. Smith v. Ford Motor Co., 626 F.2d 784, 795 (10th Cir.1980), cert. denied, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981).

These procedures require candid and complete disclosure of both potential exhibits and witnesses.  Gardner v. Safeway Stores, Inc., 99 F.R.D. 258 (D.C.Kan. 1983).

Plaintiffs have consistently maintained that the testimony to be presented at the class certification hearing would focus in great part on the following areas:

    A.    the *sources* of inundation of class area;
    B.    the *causes* of inundation of class area;
    C.    the *process* of inundation of class area;
    D.    the *timing* of inundation of class area;
    E.    information *reflecting the depth* of inundation of class area;
    F.    information *reflecting the duration* of inundation of class area; and
    G.    infomation *reflecting the recession* of inundation of class area.

These areas of interest will be the subject of expert testimony.  Federal Rules of Evidence, Rule 702 allows the opinion testimony of a witness qualified as an expert, while Federal Rules of Evidence, Rule 703 allows that the facts or data upon which the expert witness bases his opinion or inference may be those perceived by or made known to the expert at or before the hearing.  The Defendants have indicated that they will attack each of the underpinnings of the conclusions set forth by the testifying experts.  Therefore, it is imperative that Plaintiffs disclose the identity of all of their experts that will provide this underlying information.

The listing of all of the PSLC's experts does not prejudice the Defendants or the Court as the Defendants argue.  In fact, the opposite is true; the listing of all of the experts allows Defendants to prepare their Daubert challenges by evaluating the foundations upon which the testifying experts will base their opinions.

The need for this full disclosure is further highlighted by the United States' responses to written discovery.  The United States has vacillated with regard to their responses to discovery requests seeking information concerning the innundation issues set forth above.   Despite

lodging objection, the Corps responded that the information sought was "publicly available and, therefore, obtainable from some source that is more convenient, less burdensome, and less expensive. Fed.R.Civ. P. 26(b)(2)(C)(I). The United States refers Plaintiffs to the website containing the IPET report and other documentation that may be relevant to this request. See https://ipet.wes.army.mil/." However, the Corps has consistently maintained that the opinions of IPET are "not necessarily the official opinion of the United States Army Corps of Engineers."

Clearly, the United States is disingenuous when it refers Plaintiffs to a "responsive" document while still denying that it is the official opinion of that party. It is just this type of conduct that requires that Plaintiffs disclose all of its experts in order to fully and completely comply with CMO No. 4 and the Federal Rules of Civil Procedure. Therefore, in the spirit of full disclosure dictated by the Federal Rules of Civil Procedure and this Honorable Court's Case management Order No. 4, Plaintiffs have set forth all of their experts, including those experts whose opinions will be relied upon, either through testimony or consultation, in the class certification procedure.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

  /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

     s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

     s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

4

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 3rd day of July, 2007.

                                                                /s/ Joseph M. Bruno
                                                                 Joseph M. Bruno