UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES           CIVIL ACTION
        CONSOLIDATED LITIGATION
                                        NO. 05-4182 "K" (2)

PERTAINS TO: ALL CASES                  JUDGE DUVAL
                                        MAG. WILKINSON

## ORDER ON MOTIONS

APPEARANCES: None (on the briefs)

MOTIONS: (1) Plaintiffs' Motion for Protective Order to Prohibit the Defendants from Questioning Plaintiff-Class Representatives as to the Entirety of Their Damages, Record Doc. No. 5761
(2) Plaintiffs' Motion for Protective Order to Limit the Defendants to no More than Three (3) Hours per Deposition of Plaintiff-Class Representatives, Record Doc. 5764
(3) Plaintiffs' Motion for Protective Order to Prohibit the Defendants from Questioning Plaintiff-Class Representatives as to the Entirety of Their Damages, Record Doc. No. 5769
(4) Plaintiffs' Motion for Protective Order to Prohibit the Defendants from Questioning Plaintiff-Class Representatives as to the Entirety of Their Damages, Record Doc. No. 6011

O R D E R E D:

 (1) (2) (3) (4) : DENIED. The wide-ranging nature of the allegations in plaintiffs' pending motions for class certification require that inquiry into the individual damages of the named plaintiffs/putative class representatives must be allowed during this phase of discovery. The MRGO Plaintiffs allege in their motion for class certification that common issues for determination in the proposed class action include "where the water came from, how high the water got, how long it remained before receding, [and] whether it damaged all properties within the scope of the class." The motion defines the proposed MRGO class and sub-classes as including "[a]ll individuals and entities . . . who/which sustained damages as a result of inundation/flooding in this area." Id. ¶¶ 2, 3a, 3b. The MRGO Plaintiffs assert that defendants' conduct "caused a classwide [sic] catastrophe that

resulted in classwide [sic] damages and individual damages that are substantially similar from member to member." Record Doc. No. 3616, ¶¶ 1b, 1c (emphasis added). Finally, the motion names the proposed class representatives and describes their individual damages in terms of the property that each one lost. See id. at pp. 5-6.

The Levee Plaintiffs similarly define their class and subclasses as including "[a]ll individuals and entities . . . who/which sustained damages as a result of the inundation in this area." Their motion also describes the damaged individual properties of each class representative. Record Doc. No. 3629, at pp. 2-11. The Levee Plaintiffs designate as common questions "how high the water got and how long the water remained before receding." Id. at p. 11.

Thus, the class certification motions do not limit themselves to a request that only a liability class or some other limited scope class be certified. On the contrary, the motions raise issues that relate both to individual damages and class-wide damages. Certainly, an understanding of the individual damages of the plaintiff-class representatives is relevant, even vitally important, to class certification issues of commonality, typicality and adequacy of representation of the classes by their proposed representatives, given the broad scope of the proposed classes.

Fed. R. Civ. P. 30(d)(2) limits the duration of individual depositions to one day of seven (7) hours. Protective orders of the sort sought by plaintiffs, whether to limit the scope of inquiry or to restrict the duration of depositions, may be granted only upon a showing of "good cause." Fed. R. Civ. P. 26(c). To establish "good cause" under Rule 26(c), a "particular and specific demonstration of fact" supporting entry of the protective order must be made. In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998). Under the circumstances posed by these motions, good cause has not been shown, either to reduce the duration of the depositions to three (3) hours or to prohibit damages questioning. The depositions should proceed, limited to seven hours in one day. The "Special Provisions Regarding All Depositions" set out in Case Management Order No. 4, Record Doc. No. 3299, will apply. The usual seven-hour, one-day time limit and the "Special Provisions" of CMO No. 4 should eliminate the specter of "harassment" posed in plaintiffs' motions, which I find on this record is, at best, chimerical.

New Orleans, Louisiana, this  3rd  day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE