9|6|06

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA

CIVIL ACTION NO. 06-0516

VERSUS

SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## PLAINTIFF'S RESPONSES TO INTERROGATORIES PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana ("Xavier"), who, pursuant to Federal Rules of Civil Procedure, responds to the following Interrogatories propounded upon them by Travelers Property Casualty Company of America ("Travelers"):

## GENERAL OBJECTIONS

1.      Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Interrogatories. The following responses are given without prejudice to Xavier's right to alter or amend these responses



EXHIBIT

1

as the result of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.     Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.     Xavier objects to the Interrogatories to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.     Xavier objects to the Interrogatories to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.     Xavier objects to the Interrogatories to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.     Xavier objects to the Interrogatories to the extent they seek the production of information or documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including information or documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.     Xavier objects to the Interrogatories to the extent they contain vague and/or ambiguous terms.

8.     Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

2

9.     Xavier generally objects to Defendants' Interrogatories to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.     By responding to Defendant's Interrogatories, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Interrogatories. Xavier will respond to Defendants' Interrogatories in accordance with its understanding of the fair and reasonable meaning of the Interrogatories.

### RESPONSES TO DEFENDANT'S INTERROGATORIES

#### INTERROGATORY NO. 1:

Explain in detail what YOU claim is the cause or causes of any non-wind related water damage to THE PROPERTY.

#### ANSWER TO INTERROGATORY NO. 1:

Hurricane Katrina, and its high winds and rains, caused significant damage to Xavier's campus. The nature and extent of that damage has been viewed by Travelers and its representatives numerous times. Additionally, detailed documentation regarding the nature and extent of the damages has been previously produced. Subsequent to Hurricane Katrina's damage to the campus, man-made structures, including the levees at the 17th Street Canal and London Avenue Canal, failed and allowed water to enter much of the campus. This water was the result of man-made causes not natural causes, as had the levees, which are man-made, not failed, ground water would not have entered Xavier's campus buildings. Xavier reserves the right to supplement this answer as it is still determining the nature, extent and cause of such damages.

3

**INTERROGATORY NO. 2:**

Explain in detail what YOU claim is the cause, or causes, of loss to the PROPERTY at issue in this litigation.

**ANSWER TO INTERROGATORY NO. 2:**

Hurricane Katrina, and its high winds and rains, caused significant damage to Xavier's campus. The nature and extent of that damage has been viewed by Travelers and its representatives numerous times. Additionally, detailed documentation regarding the nature and extent of the damages has been previously produced.  Subsequent to Hurricane Katrina's damage to the campus, man-made structures, including the levees at the 17th Street Canal and London Avenue Canal, failed and allowed water to enter much of the campus. This water was the result of man-made causes not natural causes, as had the levees, which are man-made, not failed, ground water would not have entered Xavier's campus buildings.

**INTERROGATORY NO. 3:**

State all facts that support YOUR allegation in paragraph 24 of THE COMPLAINT that "Travelers ... failed to comply with its obligations under the insurance policy."

**ANSWER TO INTERROGATORY NO. 3:**

As detailed in the Complaint, which is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10, Xavier provided Travelers with prompt notice of loss, and voluminous documents constituting proof of loss. Until the commencement of this litigation, Travelers had failed to pay a single penny under the policy of insurance issued by it.

4

**INTERROGATORY NO. 4:**

State all facts that support YOUR allegation in paragraph 25 of THE

COMPLAINT that "Travelers is an obligor in bad faith.. . ."

**ANSWER TO INTERROGATORY NO. 4:**

Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly

pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed

knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial

hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single

penny under the policy for many months, and until commencement of this litigation. This is

despite the fact that Travelers had set reserves of $2,525,000 as early as October 17, 2005.

**INTERROGATORY NO. 5:**

State all facts that support YOUR allegation in paragraph 26 of THE

COMPLAINT that "Travelers' actions were ". . . arbitrary, capricious and without probable

cause."

**ANSWER TO INTERROGATORY NO. 5:**

See all allegations of the Complaint, which are incorporated herein by reference

pursuant to Federal Rule of Civil Procedure 10. Travelers, by issuing a policy of insurance to

Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless,

Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual

knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy,

failed to advance a single penny under the policy for many months, and until commencement of

this litigation. This arbitrary and capricious conduct occurred despite the fact that Travelers had

5

set reserves of $2,525,000 on October 17, 2005.

## INTERROGATORY NO. 6:

State all facts that support YOUR allegation in paragraph 27 of THE COMPLAINT that "Travelers failed to initiate adjustment of Xavier's loss within 30 days of notice of loss."

## ANSWER TO INTERROGATORY NO. 6:

To Xavier's knowledge, Travelers did nothing that constituted initiation of adjustment of Xavier's loss within 30 days of notice of loss. Simply assigning an adjuster does not constitute "initiation of adjustment" of Xavier's loss. See the Complaint for Damages, which is incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. *See also*, Traveler's own claims file, which establishes that loss adjustment was not initiated timely, and in fact reserves were not even established until October 17, 2005, over 1 month after notice of loss.

## INTERROGATORY NO. 7:

Describe, in detail, what the term "adjustment of Xavier's loss" means, as used in paragraph 27 of THE COMPLAINT.

## ANSWER TO INTERROGATORY NO. 7:

Objection, as this calls for a legal conclusion. See. La. Rev. Statute 22:658(A)(3), which refers to the legal standard for this wording.

## INTERROGATORY NO. 8:

IDENTIFY and describe the "notice of loss" to which YOU are referring in paragraph 27 of THE COMPLAINT.

6

**ANSWER TO INTERROGATORY NO. 8:**

In the days immediately after Katrina, Xavier University contacted Travelers and informed it that Xavier had sustained substantial damages. Travelers' own documents establish that notice of loss was received on September 7, 2005 (See Trav 000927).

**INTERROGATORY NO. 9:**

State all facts that support YOUR allegation in paragraph 28 of THE COMPLAINT that Travelers breached a duty "to adjust Xavier's claims fairly and promptly."

**ANSWER TO INTERROGATORY NO. 9:**

See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. Travelers, by issuing a policy of insurance to Xavier, obligated itself to promptly pay claims covered by the policy of insurance. Nonetheless, Travelers, despite detailed knowledge of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, failed to advance a single penny under the policy for many months, and until commencement of this litigation. This breach of duty occurred despite the fact that Travelers had set reserves of $2,525,000 on October 17, 2005.

**INTERROGATORY NO. 10:**

State all facts that support YOUR allegation in paragraph 29 of THE COMPLAINT that Travelers ". . . failed to pay Xavier within 60 days of receipt of satisfactory proof of loss."

7

## ANSWER TO INTERROGATORY NO. 10:

See all allegations of the Complaint, which are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10. Travelers, through its adjuster, Mr. Claypool, was given visual proof of Xavier's loss in early October, 2005. Subsequently, Travelers, through its adjuster, Mr. Claypool, was given voluminous proof of loss on October 13, 2005 (financial statements), November 14, 2005 (extra expenses), December 1, 2005 (voluminous documents concerning Xavier's physical damages, consisting of three boxes of documents, including detailed estimates and schedules by Landis Construction, and all pay applications by Landis up until that date, including backup thereof), December 8, 2005 (Landis Spreadsheet breaking out first floor versus other floors), December 12, 2005 (CD of damage supports and Landis pay application no. 5), and additional documentation Xavier has made available at the office of its counsel. Despite detailed documentation of the extent of Xavier's covered losses, and despite actual knowledge of the financial hardship placed upon Xavier by its refusal to pay under the policy, Travelers failed to advance a single penny under the policy for many months after receiving this documentation of Xavier's losses, and until commencement of this litigation. The first payment under the policy was more than 60 days after all of this documentation was given to Xavier. This failure to pay occurred despite the fact that Travelers' adjuster, Mr. Claypool, acknowledged that Xavier had at least $2.4 million in damages in October of 2005.

## INTERROGATORY NO. 11:

Identify all amounts that you allege are still due and owing under the POLICY.

8

## ANSWER TO INTERROGATORY NO. 11:

Xavier is entitled to all amounts that it has expended and will expend in the future to repair its damages, including all amounts reflected in all Landis Pay applications, replacement of all contents damaged, as partially set forth in the spreadsheets that have been provided to Travelers enumerating such losses, its lost business income, as established by the financial data provided to Travelers' accountants, and all extra expenses, including those in the data provided to Mr. Claypool in October, 2005. Additionally, Xavier is entitled to statutory penalties and attorney's fees.

## INTERROGATORY NO. 12:

Identify the amounts you allege are still due and owing for each individual element of your claim.

## ANSWER TO INTERROGATORY NO. 12:

See response to interrogatory number 11. The amounts owed are set forth in the documents referred to therein, and are only subject to reduction for the amounts advanced since commencement of this litigation.

## INTERROGATORY NO. 13:

To the extent not set forth above, state all facts on which YOU base YOUR claim(s) for damages against Travelers in this action.

## ANSWER TO INTERROGATORY NO. 13:

Objection, overly broad. Subject to this objection, please see all facts set forth in the Complaint, as well as those set forth in the Motion for Partial Summary Judgment filed on

9

August 24, 2006, which is incorporated herein by reference pursuant to Federal Rule of Civil

Procedure 10.

**INTERROGATORY NO. 14:**

            Identify every item that you contend Travelers is liable for as damages and

describe those item(s) of damages in detail, including a description of the damages, the dollar

amounts thereof, and how those dollar amounts were calculated.

**ANSWER TO INTERROGATORY NO. 14:**

            See answer to Interrogatory 11, set forth above. Additionally, as set forth in the

Complaint, Xavier is entitled to statutory penalties and attorney's fees as a result of Travelers'

failure to comply with Louisiana law concerning loss adjustment and timely payment of claims.

**INTERROGATORY NO. 15:**

            Identify by name of carrier and policy number, all policies of insurance providing

coverage for flood to YOU that were in force on August 29, 2005.

**ANSWER TO INTERROGATORY NO. 15:**

            Objection, the term "flood" is not defined by you. If you refer to the inundation of

the campus as a result of levee failure, which Xavier denies constitutes "flood" within the

meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance

Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October

31, 2006. Other than this document, Xavier objects to the production of any information

concerning its NFIP insurance.

## INTERROGATORY NO. 16:

With respect to all insurance policies identified in the preceding interrogatory, state the amounts paid to YOU pursuant to said policies, the categories of loss (e.g. building, contents, business interruption) for which the payments were made, and the dates said amounts were received by you.

## ANSWER TO INTERROGATORY NO. 16:

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

## INTERROGATORY NO. 17:

Identify every grant or other donation you received in any way resulting from related to or connected with Hurricane Katrina describing the person, organization, government, foundation, non-profit organization making the donation, the dollar amount or value of the grant or donation, the purpose of the grant or donation, and how the grantor or donor intended for the grant or donation to be used.

## ANSWER TO INTERROGATORY NO. 17:

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence.

## INTERROGATORY NO. 18:

Other than insurance recoveries, or grants or donations identified in the preceding paragraph, please identify any other sources of funding that YOU used to repair loss and damage to the PROPERTY caused by or resulting from Hurricane Katrina, and state, with respect to each, the amount of funding received and the purpose for which said funding was used.

11

**ANSWER TO INTERROGATORY NO. 18:**

Objection, such information has no relevance to the subject matter of this suit, and is not calculated to lead to discoverable evidence. Subject to that objection, due to the arbitrary and capricious failure of Travelers to comply with the terms of its policy of insurance, Xavier has paid for repairs utilizing some of the University's Endowment Funds, some of the Unrestricted Current Fund's working capital, and some Restricted Current Funds gift income, which impairs the ability of the University to fulfill the mission of Sister Katherine Drexel.

**INTERROGATORY NO. 19:**

Please explain in detail all damages, including but not limited to the location, type, scope and amount of damage at each location, YOU sustained that YOU allege were caused by or resulted from Hurricane Katrina.

**ANSWER TO INTERROGATORY NO. 19:**

Objection. See response to number 11. Xavier is entitled to recover all amounts caused by Katrina or by the failure of man-made levees, as described above.

Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
504-299-2100
Counsel for Xavier University of Louisiana

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answers to Interrogatories has

been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

by placing same in the United States Mail, postage prepaid, this _6_ day of _September_,

2006.

_____
JAMES M. GARNER

13

9|7|06

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA  CIVIL ACTION NO. 06-0516

VERSUS         SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

    NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana, who, pursuant to Federal Rules of Civil Procedure, responds to the following Request for Production of Documents propounded upon them by Travelers Property Casualty Company of America:

### GENERAL OBJECTIONS

    1. Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Requests. The following responses are given without prejudice to Xavier's right to alter or amend these responses as the result

EXHIBIT

2

of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.      Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.      Xavier objects to the Requests to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.      Xavier objects to the Requests to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.      Xavier objects to the Requests to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.      Xavier objects to the Requests to the extent they seek the production of documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.      Xavier objects to the Requests to the extent they contain vague and/or ambiguous terms.

8.      Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

9.      Xavier generally objects to Defendant's Requests for Production of Documents to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.     By responding to Defendant's Requests, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Requests. Xavier will respond to Defendant's Requests in accordance with its understanding of the fair and reasonable meaning of the Requests.

<b>RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION</b>

**REQUEST NO. 1:**

Produce all DOCUMENTS related to THE POLICY.

**RESPONSE TO REQUEST NO. 1:**

The policy was attached to the Complaint.

**REQUEST NO.2:**

Produce all DOCUMENTS related to THE CLAIM.

**RESPONSE TO REQUEST NO. 2:**

Objection to the extent that this request calls for work product or attorney/client communications. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

3

**REQUEST NO.3:**

Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**RESPONSE TO REQUEST NO. 3:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.4:**

Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**RESPONSE TO REQUEST NO. 4:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see all communications with Travelers. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.5:**

Produce all DOCUMENTS relating to the claim YOU filed claim with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.

4

**RESPONSE TO REQUEST NO. 5:**

Objection, relevance. Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding the same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.6:**

Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).

**RESPONSE TO REQUEST NO. 7:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.7:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by flood.

**RESPONSE TO REQUEST NO. 7:**

Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. Xavier denies it had any damages as a result of "flood" within the meaning of that term as set forth in the policy. If you refer to the inundation of the campus as a result of

5

levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy,

see the Travelers policy, and claims documentation previously produced by Xavier. Xavier

objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.8:**

Produce all DOCUMENTS and communication related to your claim or

application for reimbursement, or other payment filed with FEMA or any other governmental

entity.

**RESPONSE TO REQUEST NO. 8:**

Objection, work product and attorney client privilege. Objection, relevance. This

request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is

overly broad and burdensome.

**REQUEST NO.9:**

Produce all DOCUMENTS relating to the claim or application YOU filed claim

with FEMA or any other governmental agency seeking reimbursement or other payment for

damages caused by Hurricane Katrina.

**RESPONSE TO REQUEST NO. 9:**

Objection, work product and attorney client privilege. Objection, relevance. This

request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is

overly broad and burdensome.

**REQUEST NO. 10:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU

contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports

6

prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

## RESPONSE TO REQUEST NO. 10:

Objection, work product and attorney client privilege. See previous objections relating to the use of the term "flood." Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

## REQUEST NO. 11:

Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

## RESPONSE TO REQUEST NO. 11:

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

7

**REQUEST NO. 12:**

Produce all DOCUMENTS reflecting, evidencing, or related to YOUR alleged damages in this action.

**RESPONSE TO REQUEST NO. 12:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 13:**

Produce all DOCUMENTS reflecting, evidencing, or relating to expenses YOU incurred from August 29, 2005 to the present in connection with repairs YOU made or had made to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina.

**RESPONSE TO REQUEST NO. 14:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

8

**REQUEST NO. 14:**

Produce all DOCUMENTS reflecting, evidencing, or relating to payments made by YOU to Landis Construction Company from August 29, 2005 to the present in connection with repairs YOU made or made on your behalf to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina, including but not limited to cancelled checks and other proof of payment.

**RESPONSE TO REQUEST NO. 14:**

Xavier is in the process of obtaining these documents, and they will be produced upon receipt.

**REQUEST NO. 15:**

Produce all DOCUMENTS that YOU identified, referenced, referred to, or relied upon in drafting YOUR responses to accompanying interrogatories.

**RESPONSE TO REQUEST NO. 15:**

See documents previously produced.

**REQUEST NO. 16:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 16:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

9

**REQUEST NO. 17:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 17:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 18:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 18:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 19:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 19:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 20:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

10

**RESPONSE TO REQUEST NO. 21:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 21:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 22:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The National Endowment for the Humanities subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 22:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 23:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 23:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

11

**REQUEST NO. 24**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other

donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 24:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

**REQUEST NO. 25:**

Produce all DOCUMENTS reflecting, evidencing, or relating to an grants or other

donations YOU received subsequent to Hurricane Katrina from any entity, corporation,

foundation, individual, nation, partnership, non-profit organization, religious order, or other

institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

**RESPONSE TO REQUEST NO. 25:**

Objection, relevance. This request is not calculated to lead to the discovery of

relevant evidence.

Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
504-299-2100
Counsel for Xavier University of Louisiana

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Responses to Request for

Production of Documents has been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

via hand delivery, this 7th of September 2006.

JAMES M. GARNER

13

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER [6]
STEVEN L. KLEIN [1,4]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [3]
JOSHUA S. FORCE [5,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
JACOB A. AIREY
THOMAS J. MADIGAN, II [6]
KEVIN M. McGLONE
SHARONDA R. WILLIAMS [5,9]
CHAD P. MORROW

LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

September 11, 2006

**VIA MAIL**
Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA   70130

Re:   Xavier University of Louisiana v.
Travelers Property Casualty Company of America
Our ref 17004.0002

Dear Ralph and Simeon:

Enclosed you will find Xavier's Bates label XAVIER001994 produced as a part of our ongoing discovery obligation

Please advise if you have any questions.

Cordially,

James M. Garner
Darnell Bludworth

Enclosures

JMG/kl

EXHIBIT
tabbies
3

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,8]
PETER L. HILBERT, JR.
MARIE A. MOORE [2]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [1]
RYAN D. ADAMS
JACOB A. AIREY
THOMAS J. MADIGAN, II [8]
KEVIN M. McGLONE
SHARONDA R. WILLIAMS [1,9]
CHAD P. MORROW

LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN


OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

October 3, 2006

**VIA MAIL**
Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA   70130

Re:   Xavier University of Louisiana v.
      Travelers Property Casualty Company of America
      Our ref 17004.0002

Dear Ralph and Simeon:

Enclosed you will find Xavier's Bates labels XAVIER001995 through XAVIER002195 produced as a part of our ongoing discovery obligation

Please advise if you have any questions.

Cordially,

James M. Garner
Darnell Bludworth

Enclosures

JMG/kl


EXHIBIT
C/
tabbies

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN L. KLEIN [5,6]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [3]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [3]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
JACOB A. AIREY
THOMAS J. MADIGAN, II [6]
KEVIN M. McGLONE
SHARONDA R. WILLIAMS [5,9]
CHAD P. MORROW

LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

dbludworth@sbergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

November 7, 2006

**VIA MAIL**
Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA  70130

        Re:    Xavier University of Louisiana v.
               Travelers Property Casualty Company of America
               Our ref 17004.0002

Dear Ralph and Simeon:

        Enclosed you will find Xavier's Bates labels XAVIER002196 through
XAVIER002346 produced as a part of our ongoing discovery obligation

        Please advise if you have any questions.

                       Cordially,

                       James M. Garner
                       Darnell Bludworth

Enclosures

JMG/kl



EXHIBIT
5

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER[1]
JAMES M. GARNER[2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN[1,4]
PETER L. HILBERT, JR.
MARIE A. MOORE[2]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH[2]
MARTHA Y. CURTIS[2]
NEAL J. KLING
KEITH A. KORNMAN[2]
JOSHUA S. FORCE[2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE[2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
ELIZABETH S. ROBINS
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III[2]
RYAN D. ADAMS
TERRI B. LOUGHLIN
JACOB A. AIREY
THOMAS J. MADIGAN, II[6]
KEVIN M. McGLONE

SHARONDA R. WILLIAMS[5,9]
CHAD P. MORROW
LAUREN L. HUDSON[3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER[7]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

February 5, 2007

Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA  70130

RE:   Xavier University of Louisiana v. Travelers
       USDC No. 06-0516
       Our File:  17004.0002

Gentlemen:

Enclosed please find Xavier's bates labels XAVIER 002347- XAVIER 003827.

Please advise if you have any additional questions.

Sincerely,

Darnell Bludworth
Kevin M. McGlone

DB/tw
Enclosures



EXHIBIT
6

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,6]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
ELIZABETH S. ROBINS
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
TERRI B. LOUGHLIN
JACOB A. AIREY
THOMAS J. MADIGAN, II [6]
KEVIN M. McGLONE

SHARONDA R. WILLIAMS [3,9]
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

April 2, 2007

Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA  70130

RE:   Xavier University of Louisiana v. Travelers
      USDC No. 06-0516
      Our File:  17004.0002

Gentlemen:

Enclosed please find Xavier's bates labels XAVIER 003828- XAVIER 004128.

Please advise if you have any additional questions.

Sincerely,

Darnell Bludworth
Kevin M. McGlone

DB/tw
Enclosures

EXHIBIT

tabbies®

7

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN L KLEIN [1,8]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
ELIZABETH S. ROBINS
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
TERRI B. LOUGHLIN
JACOB A. AIREY
THOMAS J. MADIGAN, II [5]
KEVIN M. McGLONE

SHARONDA R. WILLIAMS [5,9]
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

May 1, 2007

**VIA HAND DELIVERY**
Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA 70130

> RE: Xavier University of Louisiana v. Travelers
> USDC No. 06-0516
> Our File: 17004.0002

Gentlemen:

Enclosed please find the following:

1) Landis Pay Application No. 23- XAVIER4129-4497;

2) Landis Pay Application No. 24- XAVIER4498-4834;

3) Landis Pay Application No. 25- XAVIER 4835-5364;

4) Landis Pay Application No. 26- XAVIER5365-5717; and

5) Landis Pay Application No. 27- XAVIER5718-6007.

Please advise if you have any additional questions.



EXHIBIT
tabbies
8

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER
## KLEIN & HILBERT, L.L.C.

May 1, 2007
Page - 2 - _____

                                        Sincerely,

                                        Darnell Bludworth
                                        Kevin M. McGlone

DB/tw
Enclosures



JUN 21 2007

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| _____ | * | |
| | * | |
| PERTAINS TO: INSURANCE | * | |
| (*Xavier Univ.*, No. 06-0516) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF RECORDS DEPOSITION

TO:    Plaintiff, Xavier University of Louisiana
       Through its Attorney of Record:
       Darnell Bludworth, Esq.
       Sher Garner Cahill Richter Klein & Hilbert LLC
       909 Poydras Street, 28th Floor
       New Orleans, LA 70112

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure,
defendant, Travelers Property Casualty Company of America ("Travelers"), will take the records
deposition of the following:

| | | |
|---|---|---|
| Landis Construction Company | July 10, 2007 | 10:00 a.m. |
| Foxcor, Inc. | July 10, 2007 | 10:30 a.m. |

**EXHIBIT**

9

beginning on the dates and times stated above and continuing until such time as the deposition is

concluded.  The deponents will be served with subpoenaes duces tecum requiring the production

of:

     Any and all records, including, but not limited to, proposals, quotes, bids, estimates, summaries, photographs, diagrams, test results, repair proposals, repair plans, estimates, repair estimates, invoices, correspondence (electronic and/or magnetic), construction documents, memos, notes, field notes, inspection notes, drafts, or other writings (whether in draft form or otherwise) notations on photographs, photographs, videotapes, and reports or preliminary reports relating to plaintiffs for the following entity.

**NOTE:**     **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

     You are invited to attend and participate as you may deem fit and proper.

     Respectfully submitted,

     SIMEON B. REIMONENQ, JR., T/A., #19755
     RALPH S. HUBBARD III, #7040
     LUGENBUHL, WHEATON, PECK,
           RANKIN & HUBBARD
     601 Poydras Street, Suite 2775
     New Orleans, LA 70130
     Telephone:    (504) 568-1990
     Facsimile:    (504) 310-9195

     OF COUNSEL:

     **CHRISTOPHER J. HUG**
     **STEPHEN E. GOLDMAN**
     **WYSTAN M. ACKERMAN**
     **ROBINSON & COLE LLP**
     280 Trumbull Street
     Hartford, CT 06103-3597
     Telephone: (860) 275-8200
     Facsimile: (860) 275-8299

     **Attorneys for Travelers Property**
     **Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, a copy of the Notice of Records Deposition has been served on all counsel of record via U.S. mail, postage prepaid.

SIMEON B. REIMONENQ, JR.

3

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,4]
PETER L. HILBERT, JR.
MARIE A. MOORE [2]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [3]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
ELIZABETH S. ROBINS
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
TERRI B. LOUGHLIN
JACOB A. AIREY
THOMAS J. MADIGAN, II [2]
KEVIN M. McGLONE

SHARONDA R. WILLIAMS [3,9]
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
   BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
   UNITED STATES PATENT AND TRADEMARK
   OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

April 13, 2007

**VIA EMAIL**
Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA   70130

      RE:    Xavier University of Louisiana v. Travelers
             USDC No. 06-0516
             Our File:  17004.0002

Gentlemen:

      In accordance with Case Management Order No. 4 issued by Judge Duval on March 1, 2007, we make the following initial disclosures regarding the above referenced matter. American Bankers Insurance Company of Florida, 8655 East Via De Ventura, Scottsdale, Arizona 85258 provided flood insurance coverage to Xavier University at all pertinent times.

      The additional information required by Case Management Order No. 4 has already been provided. We refer you to those documents bates labeled XAVIER 000062 -XAVIER 000088. They were also attached to George Claypool's deposition exhibit no. 13. The claim numbers are the same as the policy numbers for the insured locations.



EXHIBIT
10
tabbies®

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER
## KLEIN & HILBERT, L.L.C.

April 13, 2007
Page - 2 -

Please advise if you have any additional questions.

Sincerely,

James Garner
Darnell Bludworth
Kevin M. McGlone

JG/tw

U.S. Department of Homeland Security
500 C Street SW
Washington, DC 20472



FEMA

W-05054

September 21, 2005

MEMORANDUM FOR:       Write Your Own Principal Coordinators and the NFIP Servicing Agent

FROM:                          David I. Maurstad      *[signature: David I. Maurstad]*
                                    Acting Administrator / Director
                                    Mitigation Division
                                    Federal Emergency Management Agency

SUBJECT:                     Hurricane Katrina - Flood Claim Handling Standards

The numbers and severity of Katrina flood losses are unprecedented in the history of the National
Flood Insurance Program (NFIP). The complexities presented, both logistically and in terms of
claim handling itself, have not been encountered before. To date, the WYO companies and the NFIP
Servicing Agent have reported 150,000 claims. As a point of reference, the NFIP handled 74,000
flood claims nationwide in 2004. The situation requires innovative claim handling that will assist
our policyholders to quickly recover from these losses, while maintaining adequate controls over
NFIP funds.

FEMA, with the help of claims experts from some of our WYO companies, has sought to identify
characteristics of flood claims that would lend those losses to an expedited claim handling process.

As a result, we have developed three processes, described in Attachment A, for handling claims with
specific characteristics. Process # 1 should be used to expedite the claims handling of structures that
have or have had standing water in them for an extended period of time. In order for your company
to participate in this process, you must be able to acquire a reliable square foot measurement so that
an accurate value can be developed. Some companies have a homeowner policy base that largely
matches the flood policy base and may develop the square foot measurement from that information.

Process # 2 is to be used when it has been determined that the structure has been washed off its
foundation by flood water and the square foot measurements are known. The company should use
the same settlement procedures as in process # 1. All other claims require a site visit and will be
handled using the company's normal claim procedures (process # 3).

www.fema.gov



EXHIBIT

/ /

Hurricane Katrina – Flood Claim Handling Standards
September 21, 2005
Page 2

As part of a separate e-mail to individual companies, we will provide depth data that includes three
sets of data identified by the value in the "floodarea" field. One set includes areas that are known to
have flooded (identified as "in"). The second set includes areas that may have flooded (identified as
"near0"). The third set includes areas that did not flood to the best of our knowledge (identified as
"out"). If a company receives a claim for a risk located in an area identified as "out" in the third set,
it cannot use process # 1 or # 2.

Attached to this memorandum are three documents:

      Attachment A: Description of Katrina Expedited Claim Handling Processes;
      Attachment B: File Documentation Requirements; and
      Attachment C: Example of a Valuation Worksheet

The NFIP's general adjusters will be involved in closely monitoring the performance and procedures
of the WYO carriers utilizing this process. Their activities will include site visits to field operations
and the homes and businesses of insureds.

The existing NFIP fee schedule will be modified for the claims handled by processes # 1 and # 2.
The fee will be $750.00 for each claim + $400.00 if a site visit is necessary at a later date. Process
# 3 will be paid based upon the existing NFIP fee schedule. FEMA will not seek reimbursement
from the company when a subsequent review identifies overpayments resulting from the company's
proper use of the FEMA depth data and a reasonable method of developing square foot value in
concluding claims.

If your company has a method of acquiring reliable square foot measurements and wants to
participate in these processes of handling Katrina claims, please reply to Jim Shortley or Tim
Johnson at: James.Shortley@dhs.gov or Timothy.Johnson@dhs.gov. If your company chooses not
to participate in process # 1 or # 2, it should still use process # 3 for those circumstances.


Attachments (3)

cc: Vendors, IBHS, FIPNC, WYO Marketing Committee, Government Technical Representative

Suggested Routing: Claims, Marketing, Underwriting

ATTACHMENT - A

## KATRINA EXPEDITED CLAIM HANDLING PROCESSES

### # 1 APPLIES TO PRE-SELECTED AREAS

WYO carriers will utilize available depth data to determine areas of standing water. A site inspection would not be required.

The process uses flood depth data to identify structures that have been severely impacted. Depth data will be furnished by FEMA for the area of flooding caused by failure of the levees in the New Orleans area, resulting in flooding from Lake Pontchartrain. The depth data is being provided relative to the prevailing ground level at the risk. In addition, the flood elevation is estimated to be 2.7 feet relative to National Geodetic Vertical Datum (NGVD29). These water depths were at this level for at least five days.

Using the flood elevation and the depth data provided, the company should be able to determine the depth of the flood waters in the risk. For risks that are not elevation rated, speak with the insured to determine the first floor level of the risk relative to the prevailing ground. This information should be subtracted from the FEMA provided water depth relative to the prevailing ground to calculate the depth of the water in the building. If the resulting depth is a negative number, it is an indication that the risk may not have been flooded. For elevation rated risks, the first floor level relative to NGVD29 should be verified from the elevation certificate information. This information can be subtracted from the 2.7 foot NGVD29 flood elevation to determine depth of water in the building.

The company should use its best judgment, based on the depth and duration of the water in the building, to determine if it is likely that the covered damage exceeds policy limits. If the depth of water in the building is not likely to cause damage in excess of the policy limits the company should proceed based upon # 3.

The risks in selected areas as identified above will be subject to the following claim handling process for the Dwelling form and General Property form of the Standard Flood Insurance Policy. While this is primarily for certain parishes in Louisiana, this process may also be used in other areas if the WYO carrier or NFIP Servicing Agent has a method to determine the damage will exceed policy limits without a site visit.

The insured should be given the option to decline to have their claims processed in this manner. If the insureds accepts this process, but are not satisfied with the settlement offer from this process, the company should proceed based upon # 3.

**Reminder** – The Proof of Loss requirement has been waived as noted in WYO Bulletin W-05040.

### BUILDING – DWELLING FORM

- If known, Insurer will obtain the square foot area of the building from their underwriting records to determine the replacement cost, utilizing the square foot cost determined for the specific geographic area.

1

**ATTACHMENT – A**

## KATRINA EXPEDITED CLAIM HANDLING PROCESSES

- If square footage is unavailable from the underwriting record, ask insured for the square footage of the property. If the information provided appears incorrect, advise insured a site inspection will be needed. File needs to be documented as to how square footage was determined.

- If RCV or ACV, as appropriate, is more than the limit of liability, pay the limit.

- If the risk is not insured to 80% of value, a detailed discussion will take place with the insureds to determine appropriate depreciation to be applied to the building component categories.

**CONTENTS – DWELLING FORM\***

- Assist the insured to list major categories of contents (e.g. Appliances, electronics, furniture, clothing, etc.).

- If ACV of the contents exceeds policy limits, issue payment of policy limits.

- If ACV does not exceed policy limits, issue amount agreed upon with insured.

- Serial and Model numbers for appliances are not required.

- File documentation by the adjuster must reflect how amounts were determined, e.g. # of adults / children in the residence, etc.

**BUILDING – GENERAL PROPERTY FORM**

- If known, Insurer will obtain the square foot area of the building from the underwriting records to determine the replacement cost, utilizing the square foot cost determined for the specific geographic area.

- If square footage is unavailable from the underwriting record, ask the insured for the square footage of the property. If the information provided appears incorrect, advise insured a site inspection will be needed. File needs to be documented as to how square footage was determined.

- Determine the age of the building and apply depreciation.

- If ACV of building is more than the limit of liability, pay the limit.

**CONTENTS – GENERAL PROPERTY FORM\***

- Assist insured to list major categories of contents.

- If ACV of contents exceeds policy limits, issue payment of policy limits.

- If ACV does not exceed policy limits, issue amount agreed upon with insured.

- Serial and Model numbers for appliances are not required.

- File documentation by the adjuster must reflect how amounts were determined, e.g. # of adults / children in the residence, etc.

2

ATTACHMENT - A

# KATRINA EXPEDITED CLAIM HANDLING PROCESSES

### # 2 - APPLIES TO STRUCTURES WASHED OFF THEIR FOUNDATIONS

This process is to be used in handling of losses without a site visit, where the covered damages appear to exceed policy limits, where only a slab or pilings remain or where the company can obtain its own flood depth data.

### BUILDING – DWELLING FORM

- If known, Insurer will obtain the square foot area of the building from their underwriting records to determine the replacement cost, utilizing the square foot cost determined for the specific geographic area.
- If square footage is unavailable from the underwriting record, ask insured for the square footage of the property. If the information provided appears incorrect, advise insured a site inspection will be needed. File needs to be documented as to how square footage was determined.
- If RCV or ACV, as appropriate, is more than the limit of liability, pay the limit.
- If the risk is not insured to 80% of value, a detailed discussion will take place with the insureds to determine appropriate depreciation to be applied to the building component categories.

### CONTENTS – DWELLING FORM*

- Assist the insured to list major categories of contents (e.g. Appliances, electronics, furniture, clothing, etc.).
- If ACV of the contents exceeds policy limits, issue payment of policy limits.
- If ACV does not exceed policy limits, issue amount agreed upon with insured.
- Serial and Model numbers for appliances are not required.
- File documentation by the adjuster must reflect how amounts were determined, e.g. # of adults / children in the residence, etc.

### BUILDING – GENERAL PROPERTY FORM

- If known, Insurer will obtain the square foot area of the building from the underwriting records to determine the replacement cost, utilizing the square foot cost determined for the specific geographic area.
- If square footage is unavailable from the underwriting record, ask the insured for the square footage of the property. If the information provided appears incorrect, advise insured a site inspection will be needed. File needs to be documented as to how square footage was determined.

3

ATTACHMENT - A

## KATRINA EXPEDITED CLAIM HANDLING PROCESSES

- Determine the age of the building and apply depreciation.
- If ACV of building is more than the limit of liability, pay the limit.

### CONTENTS – GENERAL PROPERTY FORM*

- Assist insured to list major categories of contents.
- If ACV of contents exceeds policy limits, issue payment of policy limits.
- If ACV does not exceed policy limits, issue amount agreed upon with insured.
- Serial and Model numbers for appliances are not required.
- File documentation by the adjuster must reflect how amounts were determined, e.g. # of adults / children in the residence, etc.

### # 3 – APPLIES TO ALL OTHER CLAIMS

#### BUILDING

If the claim requires a site visit it will be handled using the company's normal claim procedures.

#### CONTENTS*

- Assist insured to list major categories of contents.
- If ACV of the contents exceeds policy limits, issue payment of policy limits.
- If ACV does not exceed policy limits, issue amount agreed upon with insured.
- Serial and Model numbers for appliances are not required.
- File documentation by the adjuster must reflect how amounts were determined, e.g. # of adults / children in the residence, etc.

**\* The contents portion of a claim file must reflect the basis for the adjuster's determination of the quantity, quality and value of the insured's personal property.**

4

**ATTACHMENT - A**



Elevation Rated
FEMA provides flood elevation = 2.7 ft NGVD29
Adjuster determines low floor elevation = -1.2 ft NGVD29
Depth in risk = flood elevation – low floor elevation
Depth in risk = 2.7 ft NGVD29 – (-1.2 ft NGVD29)
Depth in risk = 3.9 ft

Flood elevation = 2.7 ft NGVD29

0.0 NGVD29

Low Floor elevation = -1.2 ft NGVD29

Depth in risk 3.9 ft

ATTACHMENT - A



**Non-Elevation Rated**
FEMA provides depth relative to ground = 5.4 ft
Adjuster determines low floor height above ground = 1.5 ft
Depth in risk = FEMA provided depth = low floor height above ground
Depth in risk = 5.4ft -- 1.5 ft
Depth in risk = 3.9 ft

Depth provided by FEMA = 5.4 ft above ground

Prevailing ground elevation

Depth in risk = 3.9 ft

Height = 1.5 ft above ground

**ATTACHMENT - B**

# FILE DOCUMENTATION

#1
- Insured and coverage information
- Activity log
- Adjuster's narrative report
- NFIP final report
- Water Depth data or equivalent
- Valuation worksheet – including square footage
- Contents information – listed by major categories
- Letter to insured including ICC language

#2
- Insured and coverage information
- Activity log
- Adjuster's narrative report
- NFIP final report
- Company obtained data such as water depths, aerial photographs or the equivalent
- Valuation worksheet – including square footage
- Contents information – listed by major categories
- Letter to insured including ICC language

#3
- Normal Claim Handling Procedure (with the exception that personal property may be grouped)
- Letter to insured including ICC language

1

ATTACHMENT - C

# VALUATION WORKSHEET
## - EXAMPLE -

**Policyholder Structure**

| | |
|---|---|
| Policy Number: | 1-2345-6789-0 |
| Name: | Donald Waters |
| Property Address: | 1234 Main Street |
| | Hammond, LA  70402 |
| | |
| Date of Loss: | 08/29/2005 |
| Date Assigned: | 09/05/2005 |

**Structure Type**

| | |
|---|---|
| Configuration: | 100% - 1 Story |
| Style: | Ranch |
| Built In: | 1988 |
| Purpose: | Single Family |
| Sq. Feet: | 1,500 |
| Roof Type: | 70% Gable |
| | 30% Hip |
| Overall Quality: | Average |

**Foundation**

| | |
|---|---|
| Shape: | L Shape |
| Construction: | 100 % Basement |
| Lot Slope: | None/Moderate |
| Foundation: | 100% Concrete |

**Room Information**

| | |
|---|---|
| Living Space: | 1 Hallway |
| | 1 Living Room |
| | 1 Nook |
| Bedrooms: | 3 Bedrooms |
| Kitchen: | 1 Kitchen |
| Bathrooms: | 2 Full Baths |
| Utility/Closets: | 1 Laundry Room |
| | 1 Linen Closet |
| | 1 Pantry |
| | 1 Utility Room |
| | 1 Walk-in Closet |
| Garage | 1 Two-Car Garage |

1

ATTACHMENT - C

# VALUATION WORKSHEET
## - EXAMPLE -

| | |
|---|---|
| **Room Finishes and Features** | |
| Wall Materials | 100 % 1/2" Drywall over Wood or Steel Framing - Ready to Paint |
| Wall Finishes | 75% Paint |
| | 10% Open -- No wall or included in home's exterior wall finish |
| | 15% Wallpaper |
| Ceiling Finishes | 100% Paint |
| Floor Covering | 70% Carpet |
| | 30% Ceramic Tile/Slate |
| | |
| **Room Features** | 1 Cathedral/Vaulted Ceiling |
| | 2 Ceiling Fan |
| | 3 Corner or Crown Molding |
| | 3 Chair Rail |
| | 8 Recessed Lights |
| | 1 Chandelier |
| **Avg. Interior Wall Height** | 8'0" |
| | |
| **Kitchen and Bathroom** | |
| Kitchen Appliances | 1 Garbage Disposal |
| | 1 Dishwasher |
| | 1 Range Hood |
| | |
| **Bath Fixtures & Features** | 1 Acrylic/Fiberglass Tub or Shower Surround |
| | 1 Ceramic Tile tub or Shower Surround |
| | 1 Extra sink (one sink is iucluded w/each bathroom) |
| | |
| **Counter/Vanity Tops** | 50% Plastic Laminate Countertop |
| | 50% Tile Countertop |
| | |
| **Cabinet/Vanity Features** | 1 Peninsula Bar (enter the number in all selected rooms) |
| | 1 Island |
| | |
| **HVAC** | |
| | |
| **Heating, AC, and Fireplace** | 1 Forced Air Heating System |
| | 1 Central Air Conditioning |
| | 1 Masonry Fireplace |
| | |
| **Home Specialty** | 1 Intercom System |

2

ATTACHMENT - C

## VALUATION WORKSHEET
## - EXAMPLE -

**Appurtenant Private Structures - Garage**

| | |
|---|---|
| **Interior Wall Material** | 100% 1/2" Drywall over wood or steel framing, ready for paint |
| **Interior Wall Finishes** | 100% Paint |
| **Ceiling Finishes** | 100% Paint |
| **Floor Covering** | 100 % Paint/Epoxy Finish on Concrete |
| **Ext. Wall Finishes** | 25% Brick Veneer |
| | 75 % Stucco |
| **Roof Covering** | 100 % Tile |

**Exterior Finishes and Features**

| | |
|---|---|
| **Exterior Wall Finish** | 25% Brick Veneer |
| | 75 % Stucco over Framing |
| **Exterior Feature** | 2 Exterior Doors |
| | 1 Patio Door |
| | 1 Double Garage Door |
| **User Defined** | Redwood Deck |

3