# Exhibit 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K" (2) |
| PERTAINS TO: MRGO | JUDGE DUVAL<br>MAG. WILKINSON |
| FILED IN    05-4181, 05-4182, 05-5237, 05-6073,<br>05-6314, 05-6324, 05-6327, 05-6359,<br>06-0225, 06-0886, 06-1885, 06-2152,<br>06-2278, 06-2287, 06-2824, 06-4024,<br>06-4065, 06-4066, 06-4389, 06-4634,<br>06-4931, 06-5032, 06-5155, 06-5159,<br>06-5161, 06-5162, 06-5260, 06-5771<br>06-5786, 06-5937, 07-0206, 07-0621,<br>07-1073, 07-1271, 07-1285 | |

## NOTICE OF VIDEOTAPED DEPOSITION

To:   All Plaintiffs' Counsel
      through Plaintiffs' Liaison Counsel,
      Joseph M. Bruno, Esq.
      The Law Office of Joseph M. Bruno
      855 Baronne Street
      New Orleans, Louisiana 70113
      (504) 525-1335
      *jbruno@jbrunolaw.com*

**PLEASE TAKE NOTICE** that the MRGO Defendants, through their counsel, will take the videotaped deposition of Jeannine B. Armstrong at the offices of Bruno & Bruno, 855 Baronne Street, New Orleans, Louisiana 70113 on Monday, July 9, 2007 at 9:00 a.m. The videotaped deposition will be taken for all purposes allowed under the Federal Rules of Civil Procedure before a court reporter or other official duly authorized to administer oaths and record oral testimony.

879093v.1

879093v.1

Pursuant to Rules 30(b)(5) and 34 of the Federal Rules of Civil Procedure and the Requests for Production propounded by the MRGO Defendants on April 30, 2007, the MRGO Defendants request that Ms. Armstrong produce the documents set forth in Exhibit A to the Office of Stone Pigman Walther Wittmann L.L.C. no later than July 3, 2007.

Dated: June 26, 2007                                  Respectfully submitted,

| | |
|---|---|
| /s/*Gary M. Zwain* | /s/*Ralph S. Hubbard III* |
| Lawrence J. Duplass, 5199 | Ralph S. Hubbard III, T.A., 7040 |
| Gary M. Zwain, 13809 | Of |
| Andrew D. Weinstock, 18495 | Lugenbuhl, Wheaton, Peck, Rankin & |
| Of | Hubbard |
| Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock | 601 Poydras Street, Suite 2775 |
| | New Orleans, Louisiana 70130 |
| 3838 N. Causeway Blvd., Suite 2900 | Telephone: (504) 568-1990 |
| Metairie, Louisiana 70002 | Facsimile: (504) 310-9195 |
| Telephone: (504) 832-3700 | |
| Facsimile: (504) 837-3119 | Attorneys for St. Paul Fire and Marine Insurance Company and |
| Attorneys for Board of Commissioners for the Lake Borgne Basin Levee District | In His Capacity as Defendants' Liaison Counsel |

2

/s/Thomas P. Anzelmo
Thomas P. Anzelmo, 2533
Mark E. Hanna, 19336
Kyle P. Kirsch, 26363
Andre J. Lagarde, 28649
    Of
McCranie, Sistrunk, Anzelmo, Hardy,
  Maxwell & McDaniel
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

And

James L. Pate, 10333
Ben L. Mayeux, 19042
    Of
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, Louisiana 70505-2828
Telephone: (337) 237-7000

Attorneys for the Counsel for the
Board of Commissioners for the
Orleans Levee District

/s/William D. Treeby
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Washington Group
International, Inc.

Of counsel
Adrian Wager-Zito
Julie McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-4645
Facsimile: (202) 626-1700

Jerome R. Doak
Jones Day
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

879093v.1

879093v.1

/s/Robin D. Smith
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4289
Facsimile: (202) 616-5200

Attorneys for United States

# CERTIFICATE

I hereby certify that a copy of the above and foregoing Notice of Videotaped Deposition has been served upon Plaintiffs' Liaison Counsel via e-mail, this 26th day of June, 2007.

/s/William D. Treeby

4

## **EXHIBIT A TO NOTICE OF DEPOSITION**

1) A copy of each Standard Form 95 submitted to the United States Army Corps of Engineers, as well as any drafts thereof, by the deponent from August 29, 2005, to the present;

2) All administrative claims relating to Hurricane Katrina that the deponent has submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority);

3) All documents that refer or relate to insurance claims that the deponent has filed to recover for damages or injuries (personal or property) sustained between August 28, 2005, and September 25, 2005;

4) All documents in the possession, custody, or control of the deponent or his or her attorneys that refer or relate to any eye witness account of Hurricane Katrina;

5) All documents in the possession, custody, or control of the deponent or his or her attorneys that refer or relate to the matters alleged in the MR-GO Master Consolidated Class Action Complaint or any damages or injuries allegedly sustained by the deponent as a result of Hurricane Katrina;

6) All statements, transcriptions of recorded statements, tape recordings, notes, diagrams and/or descriptions that refer or relate to the matters alleged in the MR-GO Master Consolidated Class Action Complaint or any damages or injuries allegedly sustained by the deponent as a result of Hurricane Katrina;

7) Duplicates of all photographs, digital video discs and/or video tapes that refer or relate to the matters alleged in the MR-GO Master Consolidated Class Action Complaint or any damages or injuries allegedly sustained by the deponent as a result of Hurricane Katrina;

8) All documents that refer or relate to any claim the deponent is asserting for any damage alleged in the MR-GO Master Consolidated Class Action Complaint, including but not limited to damages from chemical or other contamination to his or her property, land, home, commercial buildings and/or improvements;

9) All documents that refer or relate to any claim the deponent is asserting for lost earnings, lost future earnings, lost business opportunities, lost future business income, business interruption, lost rental income, and/or lost future rental income;

10) All documents that evidence, reflect, support, or contradict the deponent's claim for personal injury and "wrongful death, survival damages, fear, fright and emotional distress, grief, mental anguish, inconvenience, pain and suffering, loss of the capacity to enjoy life; [and] loss of consortium ...." in the MR-GO Master Consolidated Class Action Complaint;

11) All mathematical or formulaic calculations or other models that refer or relate to determining the cause(s) of injury to the deponent;

12) All mathematical or formulaic calculations or other models that refer or relate to the calculation of damages for the deponent;

13) All documents that refer or relate the deponent's evacuation, relocation, and, if applicable, eventual return to New Orleans, including but not limited to records of expenses;

14) All statements, transcriptions of recorded statements, tape recordings, notes, diagrams, and/or descriptions of events by the deponent relevant to the issues subject to this litigation;

15) All logs, journals, diaries, or other writings by the deponent that refer or relate to Hurricane Katrina or the matters at issue in this litigation;

16) All of the deponent's medical records from August 2000 to the present;

17) All documents evidencing the application for or receipt of any benefit, payment, insurance proceed, settlement, loan disbursement, or other funds paid to the deponent or on his/her behalf related to Hurricane Katrina and/or its aftermath;

18) All demonstrative evidence or exhibits that the deponent or his or her attorneys may refer to at the class certification hearing and all documents that refer or relate to such demonstrative evidence or exhibits;

19) All computer models that the deponent or his or her attorneys may refer to at the class certification hearing or in support of class certification and all documents that refer or relate to such computer models;

20) A copy of the complaint or petition in any prior litigation to which the deponent has been a party;

21) A copy of any lease agreements entered into between the deponent and any proposed class member;

22) All documents that relate to any eviction proceedings instituted by or against the deponent after Hurricane Katrina;

23) Any and all documents in the deponent's possession indicating that the deponent will protect the interests of the proposed class.