## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| _____ | * | MAGISTRATE WILKINSON |
| | * | |
| PERTAINS TO: | * | |
| (No. 06-9008 *Judith F. Burris*) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATION AND PROTECTIVE ORDER BETWEEN
### JUDITH F. BURRUS AND MASSACHUSETTS BAY INSURANCE COMPANY

**NOW INTO COURT**, comes plaintiff, Judith F. Burrus ("Burrus") and defendants, The

Hanover Insurance Company, erroneously sued herein, and Massachusetts Bay Insurance

Company, erroneously sued herein as "The Massachusetts Bay Insurance Company",

collectively ("Massachusetts Bay"), who respectfully submit the following Stipulation and

Protection Order agreed to by the parties.

WHEREAS, the parties desire to facilitate discovery in this action by entry of a

Stipulation and Protective Order; and

WHEREAS, it is hereby stipulated and agreed by and between Burrus and Massachusetts

Bay, through their respective attorneys;

IT IS HEREBY ORDERED, as follows:

## PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY OF INFORMATION

1.    a.    Any party to this proceeding may designate as "Confidential" material by marking with the words "Confidential," in accordance with Paragraphs 5, 6, and 7 below, all or part of any document, testimony or material that contains proprietary or other confidential information identified in Paragraph 2 below, the disclosure of which is likely to prejudice the rights of one or more parties.

b.    Documents or testimony produced by any party other than the parties to this litigation and that contains a party's trade secret, proprietary or other confidential research, development, commercial information or other sensitive information, the disclosure of which is likely to prejudice the rights of one or more parties, shall be considered "Confidential" under this Order for fourteen (14) business days after production by such third party to a particular party to this litigation. Within such fourteen (14) business days, any party may designate such documents or testimony as "Confidential" in accordance with 1.a., above. If no party to this Order designates such documents or testimony as "Confidential" in writing by the fifteenth (15th) business day after the production of such documents or testimony, such documents or testimony shall not be considered "Confidential" under this Order, except to the extent otherwise stated herein or by further Order of the Court.

2.    "Confidential Material," as used in this Order, shall refer to any so designated document, testimony or other material and all copies thereof, and shall also refer to the information contained in such materials.

3.    Material designated "Confidential" shall be maintained in confidence by the party

to whom such materials are produced or given, solely for use in connection with this action, and

shall not be disclosed to any person except:

a.    The United States District Court for the Eastern District of Louisiana in this litigation and any reviewing appellate courts, including any judge presiding over this matter, judicial clerks, support staff, court reporters, persons operating video equipment and any special discovery masters or allocation masters appointed by the United States District Court for the Eastern District of Louisiana;

b.    The parties' counsel of record in this litigation, and employees of counsel of record under the direct supervision of counsel of record, who are involved in or consulted in connection with this litigation;

c.    In-house counsel and other employees of the parties who are involved in or consulted with respect to the prosecution or defense of this action and those current and former employees of the parties to this case engaged in assisting counsel;

d.    Employees, former employees and agents of the parties who are working on behalf of the parties in this litigation, but only in connection with such work;

e.    Reinsurers, retrocessionaries, reinsurance intermediaries, retrocessionary accountants, and auditors of any party, who have access to, or to whom a party has a contractual, business, legal or regulatory obligation to provide such confidential material;

f.    Witnesses, deponents and their counsel, to the extent necessary to prepare and/or allow them to testify;

g.    Experts or consultants engaged or consulted by counsel of record or the parties to assist in the prosecution or defense of this litigation, but only in connection with such work;

h.    Auditors of the parties, who, in the normal course of business, would have access to, or to whom a party has a contractual, business, legal or regulatory obligation to provide, such confidential material;

i.    Court reporting services; imaging, copying, and microfilm vendors; and litigation support vendors retained to assist in recording, preserving, organizing, filing, storing, and retrieving documents, information and data in connection with this action; and

j.　　　Any person designated by the Court, in the interests of justice, to receive such confidential material, upon such terms and as the Court may deem just and appropriate.

No disclosure is allowed under this Paragraph unless the person to whom such disclosure is made is first advised of the terms of this Order. Each consultant, expert, or non-party witness to whom "Confidential" material is disclosed pursuant to Paragraphs 3(f), and/or 3(g) of this Order is required to execute an undertaking in the form of Exhibit A ("Consent Form"). Counsel of record shall keep and maintain executed Consent Forms from each person who is required to execute such a Consent Form. These executed Consent Forms shall be considered privileged work-product material of the party requesting the execution thereof, and shall be subject to disclosure only by an agreement of all parties or by Court order based upon a reason to believe that a breach of the Protective Order has occurred; and nothing in this Order shall be construed to limit in any way the use a party may make of its own information and materials.

"Confidential" material may be disclosed to a deponent in a deposition in this litigation, but the party disclosing it shall so advise the deponent on the record that the material is protected pursuant to this Order, and each term of the attached Consent Form shall be read to the deponent and agreed to by the deponent on the record.

4.　　　In the event that any party believes disclosure of another party's "Confidential" material is required by law, court order, subpoena, or order of a governmental agency or arbitration tribunal in another action or proceeding, it shall provide notice to the party that has designated such material as protected at least ten (10) days prior to disclosing such material. The notice shall be in writing, shall be given as soon as practicable and shall set forth: (a) the information and material that the disclosing party has been required to disclose; (b) the identity of each person to whom such material must be disclosed; (c) the statute or other legal authority

that requires such disclosure; and (d) the circumstances under which such disclosure is to be made.

5.      Any party or other person producing documents in this litigation may designate documents as "Confidential" by plainly and legibly marking each page of each document so designated with the word "Confidential" prior to production of the document.

6.      Any party or person giving deposition testimony in this litigation may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof, as "Confidential" by advising the reporter and all parties of such fact during the deposition. Transcripts of deposition testimony designated as "Confidential" or relating to any "Confidential" material shall be marked "Confidential" on each page.  Testimony at trial or hearings relating to "Confidential" material shall proceed in accordance with whatever specific rulings and orders are issued by the Court at that time.

7.      All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as "Confidential" by the responding party by plainly and legibly marking the words "Confidential" on the face of the response and each page so designated.

8.      In the event that information, documents or responses to interrogatories or requests for admission, other than deposition transcripts, that could have been designated "Confidential" are inadvertently produced without being so designated, the producer may subsequently designate all or part as "Confidential" by providing written notice to all parties who have received or have access to the documents or information within thirty (30) days of the date of such disclosure, but not less than ninety (90) days prior to trial.  Upon receiving such notice, a

party shall immediately take such actions as are necessary to thereafter maintain the "Confidential" material in conformance with this Order.

9.      No "Confidential" material shall be filed unsealed in the public record of this action.  Portions of briefs, motions, affidavits, or other documents to be filed with the Court that contain "Confidential" material may be designated as "Confidential" by the party or parties filing the brief, motion, affidavit, or other document by plainly and legibly marking the words "Confidential" on each page of the brief, motion, affidavit, or other paper containing "Confidential."  All material so designated in accordance with the terms of this Order that is filed with the Court, and any briefs, motions, affidavits, or other documents filed with the Court disclosing, or to which are appended, such material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of this Court.  To facilitate compliance with this Order by the Clerk's office, material filed under the designation "Confidential" shall be contained in a sealed envelope marked "Confidential" and bearing the caption of the case and title of the enclosed document(s), with one copy of such version marked "Judge's Copy" and furnished under seal in a similarly labeled envelope to the Court's chambers at the time and in the manner specified by this Court.

10.      Material designated as "Confidential" shall be used or disclosed solely in this action in accordance with the provisions of this Protective Order, and such "Confidential" material shall not be used by any non-producing party in any other litigation or for any other purpose with respect to the parties to this agreement without further order of this Court.

11.      The parties reserve the right to petition the Court for further modification of this Protective Order at any time, and the entry of this Order shall not constitute a waiver of any

party's right to seek such modification of any or all terms of the Protective Order and/or any Supplemental Protective Order.

12.     The designation of any document, testimony or other evidence as "Confidential" shall not be deemed a waiver of a party's ability to challenge its admissibility at hearing or trial. Nothing in this Order should be construed to prevent the introduction of admissible evidence in open court.

13.     At the conclusion of this case, all "Confidential" material produced by a party, and all copies thereof, shall be returned to that party, or counsel of record shall certify in writing that such material has been destroyed.

14.     This Stipulation and Protective Order shall survive the termination of this action and continue in full force and effect.

IT IS SO ORDERED this _____ day of _____, 2007.


_____
Judge


AGREED TO IN FORM AND CONTENT:

Respectfully submitted,

_____
Earl F. Sundmaker, III #24226.
Chaffe, , McCall, Phillips,
Toler & Sarpy, L.L.P
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:     (504) 585-7000
Facsimile:     (504) 585-7075-6088
**Attorneys for Judith F. Burrus**

_____
Simeon B. Reimonenq, Jr., #19755
Ralph S. Hubbard III, # 7040
Lugenbuhl, Wheaton, Peck,
Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195
**Attorneys for The Hanover Insurance
Company Erroneously Sued Herein, and
Massachusetts Bay Insurance Company**

176779-1                                         7