## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATRINA CANAL BREACHES** | § | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | § | **NO.   05-4182 "K"(2)** |
| | § | **JUDGE DUVAL** |
| | § | **MAG. WILKINSON** |
| _____ | § | |
| | § | |
| **PERTAINS TO:** | § | |
| | § | |
| **ALL CASES** | § | |
| | § | |
| _____ | § | |

## REPLY TO DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO PSLC'S MOTION TO COMPEL VIDEOTAPED FEDERAL 30(b)(6) DEPOSITION

NOW INTO COURT, through undersigned counsel, comes the PSLC in the above referenced cases, which in reply to the Defendant United States of America's Memorandum in Opposition to PSLC's Motion to Compel Videotaped Federal 30(b)(6) Deposition, does state:

## I.

## OVERVIEW

The Court should note that this issue matter is before the Court solely because of the defendant United States' strategy of delay and obfuscation.  This is plainly evident by the United States' admission in its opposition that:

> "[a]fter receiving notice of the 30(b)(6) deposition, counsel for the
> United States, informed counsel for PSLC that the United States
> would provide the requested information, i.e., the information

1

upon which the IPET report is based, in accordance with the
United States' Document Production Protocol created in
accordance with paragraph IV( C)(2) of this Court's" CMO No. 4.
(Def. Opposition, pg. 2 & 3).

However paragraph IV of the CMO governs **common liability issues**!

Paragraph III of CMO No. 4 governs **class certification issues**, the stage under which this disputed deposition is noticed.  The PSLC first sought information concerning the City of New Orleans's innundation from the defendants on March 30, 2007 through written discovery governed by paragraph III(B)(2) of CMO No. 4. Written responses were to be provided by April 30, 2007.  Of course, no such documents were produced, and the PSLC filed its obligatory Motion to Compel in a timely fashion, which the United States has of course opposed.[1]

The United States ultimately produced two hard drives of information on June 15, 2007, which was six (6) weeks late.  As shown in the PSLC's Motion to Compel, and admitted to in the United States' Opposition, the format of the hard drive data dump rendered the information nearly useless.  All of PSLC's efforts described in the United States' Opposition to the PSLC's Motion to Compel are undertaken in an attempt to resolve issues surrounding the Motion to Compel written discovery responses from the United States filed on May 31, 2007.

Admittedly, these efforts are simultaneously applied to the request associated with the Notice of Deposition Request for Production, and are further evidence of the PSLC's efforts to work amicably with the United States in defining and resolving disputed matters.  But these efforts do not give the United States license to avoid being deposed on issues relevant to class certification.

---

[1] This matter is under submission, the date of the Motion was June 27, 2007.

## III.

## THE DEPOSITION NOTICE CANNOT BE PREMATURE BECAUSE THE DOCUMENTS SOUGHT WERE DUE TO THE PSLC ON APRIL 30, 2007

Joseph Bruno, Liaison Counsel for the PSLC communicated with Robin Smith in May 2007 to coordinate this Deposition.  Mr. Smith maintained that the PSLC was not entitled to such a deposition because the documents need not be produced by mid-June pursuant to CMO No. 4, as well as the procedural delays set forth in F.R.C.P., Rule 30(b)(5).  Because any further discussions would merely prove futile, the PSLC served the deposition notice to expedite the process of getting this matter before the Court as quickly as possible and prevent the wasting of time.

## IV.

## THE PSLC HAS CONFERRED IN GOOD FAITH

The PSLC is cognizant that before the Court can rule on its motion to compel, the parties must demonstrate they acted in good faith to resolve the issue among themselves. Fed. R. Civ. Pro. 37(a)(2)(A).

On May 18, 2007, the Levee PSLC contacted counsel for the United States with regard to the scheduling of a Local Rule 37.1 conference, and provided to the United States a comprehensive listing of discovery issues the Levee PSLC believed were the subject of insufficient responses, including matters concerning the innundation of the City of New Orleans and class areas.  On May 30, 2007, a telephone conference was conducted with counsel for the United States, Daniel Barish and Traci Colquette, by Joseph M. Bruno, Richard M. Martin, Jr. and Scott Joanen on behalf of the Levee PSLC.  Because this effort proved fruitless, a Motion to Compel was filed.

In late May, Joseph Bruno discussed the taking of the 30(b)(6) deposition of the United

States with Robin Smith.  The focus of this conversation concerned innundation of the class

areas, and documents associated with these areas of inquiry already being 30 days overdue.

On June 6, 2007, the PSLC filed a letter brief with the Court setting forth that the areas of

inquiry regarding innundation of the class areas.  In response, the United States admitted that the

"meet and confer" requirement had been satisfied.  Therefore, it is completely disingenuous of

the United States to assert that the "meet and confer" requirement has not been satisfied, or that

additional delays pursuant to Rule 30(b)(5) are appropriate.  These efforts by the United States

are reflective of its strategy to delay the taking of discovery during the class certification

discovery period.

## V.

## THE DEPOSITION IS PROPER

Federal Rules of Civil Procedure, Rule 30 (a)(1) allows a party to take the testimony of

any person, including a party, by deposition upon oral examination without leave of court

(except as provided in paragraph (2), which does not apply in the present case).  The United

States relies upon Rule 30 (b)(1) as the basis for avoiding of its obligation to appear.  However,

it can cite no authority that the 30 day requirement set forth in F.R.C.P., Rule 34 applies to a

document production request that seeks the very same documents that are already past due for

production.

In fact just the opposite is true.  When a notice of deposition is in proper form,[2] the

requirement for the production of documents does not invalidate the notice, but if the party to be

deposed considers it to be too broad, the party has a right to proceed under Rule 30(b) to limit

the examination.  Peitzman v. City of Illmo, 141 F.2d 956 (C.C.A.8 (Mo.) 1944), certiorari

---

[2] Service of the notice upon the attorney for defendants was all that was required to make it incumbent upon
the parties to appear.  Spaeth v. Warner Bros. Pictures, Inc., 1 F.R.D. 729, 730 (D.C.S.D.N.Y.).

denied, 65 S.Ct. 47, 323 U.S. 718, 89 L.Ed. 577, rehearing denied, 65 S.Ct. 112, 323 U.S. 813,

89 L.Ed. 647.  The United States has been properly informed of the scope of inquiry, the

documents themselves were already to have been produced, and the PSLC is entitled to know,

through sworn testimony, what aspects of the IPET report the United States concurs with, and

what aspects it refutes.

## VI.

## THE ELECTRONICALLY STORED INFORMATION (ESI) ON THE DATABASES DELIVERED TO THE PLAINTIFFS CANNOT BE ACCESSED

For months, the Court has directed the production of evidence critical to Plaintiffs

pending Motion for Certification and which remains today unavailable. Several discovery

initiatives by the Plaintiffs to obtain what the Court directed to be produced in March, 2007

remain on hold pending motion practice. The Court correctly anticipated that if not addressed,

clearly and unambiguously, a fight over Government production was soon to follow. For those

reasons, the Court in Case Management Order No. 4, at IV(A)(1)(c)  ordered that:

> In view of the substantial number of documents that the United
> States has made available on its website, https://ipet.wes.army.mil,
> the United States' mandatory disclosure requirement under Fed. R.
> Civ. P. 26(a)(1)(B) is deemed satisfied.

Section (B) provides that a party, here the Government, shall produce:

> (B) a copy of, or a description by category and location of, all
> documents, data compilations, and tangible things that are in the
> possession, custody, or control of the party and that the disclosing
> party may use to support its claims or defenses, unless solely for
> impeachment;

The question is not what has been produced, the questions are what has not been

produced, how soon can it be retrieved, what impact on the certification schedule will this

continuing delay have and what relief should the Court grant?

What has not been produced in accessible format? For example, this list includes the

collection of sheet pile elevations, flood wall elevations, and hydrographic data. (Exhibit A, Declaration of Morris, at Para 5 and 7). All of this data, and much, much more, was collected and documented by the Government as part of the multi-million dollar IPET Study funded by our tax dollars. This data, as well as much of the "special data" sought by the 30(b)(6) notice is understood to be contained in the hard drives delivered to the Plaintiffs on the 15th of June. The "special data" referred to is that which is listed on Appendix "A". Volume 9 IPET Study and attached to the Declaration of Morris attached hereto as Exhibit "A".

While it is true that many "meet and confer" conferences have been held as documented in the Government's opposition, the following critical deficiencies remain:

1. There are 27,000 plus documents in Native Format (EDP)which lack objective coding, such as author, date, subject and can only be searched by file name or by manually opening each and every file.

2. Without proper file extensions, these files cannot be opened and manually searched.

3. Only a partial, extension list was furnished on June 2, 2007 at 3:51pm. (Exhibit B").

How soon can this data be retrieved?  Months if the Plaintiffs are not given relief. The IPET web site is pass word protected and is accessible to the several hundred scientists participating in the Study. Certainly they have access and the means to search, review, and download information. The Plaintiffs requested the very same have access and have been refused. If there are security implications, simply assign Plaintiffs passwords that allow read and download only. Or, perhaps move the site to another unsecured server.

What is the impact on the certification schedule? Dramatic, the Plaintiffs experts required access to these data sets not later than last Friday if they were to report as required by the CMO.

The Government asserts that its ESI production complies with the approved protocol. Conceding for the purpose of brevity that what the Government produced does comply, the appropriate response is to amend the protocol to make it work in the real world, not the world as thought to exist when drafted.

What is the appropriate relief? The Plaintiffs ask the Court to order the Government to grant Plaintiffs and their experts password access to the IPET site. Alternatively, Plaintiffs ask that they be given access to all areas of the IPET a web site created for their use and all interfaces to these areas-in effect, the PSLC requests the same tools for locating and reading data as given to other scientists involved with IPET. (See attached Exhibit A to Declaration of Chad Morris).

In addition, Plaintiffs asks that the Court order the 30(b)(6) deposition to proceed as soon as possible in the event that the Government further delays access to these data sets by appeals or technical delays relating to pass words or establishing other web sites. Once Plaintiffs have access, they can better understand the scheduling delay this lack of timely access has caused.

## VII.

## <u>CONCLUSION</u>

It should be clear to the Court that the meet and confer requirements established by <u>F.R.C.P.</u>, Rule 37 are being exploited by the United States.  The PSLC has made every attempt to resolve the discovery dispute amicably; and has initiated or participated in numerous discussions to narrow the issues and reduce the costs of litigation prior to filing its motion, all to no avail.

In order to prevent the continued discovery abuses by the United States, the PSLC has no choice but to seek an Order compelling the United States to appear at deposition and respond to class certification inquiries.  The PSLC is prepared to proceed on any date and time set by the

Court for the United States to appear for deposition concerning class certification issues.

However, without such an Order the United States will continue to play its "catch me if you can"

game.

In addition, Plaintiffs ask the Court to order the Government to provide pass word access

to the Plaintiffs so that all areas of the IPET Site are searchable and able to be downloaded as

this site presently exists or at another site on which the IPET Study is also located, at the option

of the Government.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com


**MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE**
s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

 For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/ Calvin C. Fayard, Jr.
_____
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Tel: (225) 664-4193
Fax: (225) 664-6925
calvinfayard@fayardlaw.com

For

INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/Gerald E. Meunier
_____
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504-522-2304
Facsimile:504-528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 5th day of July, 2007.

_____/s/ Joseph M. Bruno_____

Joseph M. Bruno