**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| FILED IN: | § | |
| 06-1885, 06-4634, 06-4931, 06-5042, | § | |
| 06-5159, 06-5163, 06-5771, 07-0206, | § | |
| 07-0647, 07-1284, 07-1286, 07-1288, | § | |
| 07-1289 | § | |
| | § | |
| PERTAINS TO:  LEVEE, MRGO | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' NOTICE, PURSUANT TO COURT'S ORDER AND REASONS ON MOTION (DOC. 6053), OF WITHDRAWAL OF CLAIM OF PRIVILEGE WITH RESPECT TO REQUEST FOR PRODUCTION NOS. 2, 3, 4, AND 5, AND REQUEST FOR ISSUANCE OF ORDER AUTHORIZING PRODUCTION OF MATERIAL SUBJECT TO MASTER PROTECTIVE ORDER**

In the Court's Order and Reasons on Motion (Doc. 6053), the Court deferred in part on ruling on the Plaintiffs' Motion to Compel with respect to Requests For Production Nos. 2, 3, 4, and 5. The Court overruled the United States' objections to these requests except as to attorney-client privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3). The Court ordered that no later than July 5, 2007, the United States must file and serve the required privilege log and all

evidence necessary to sustain its burden concerning its assertion of any privilege or any other protective doctrine with respect to these requests.  Additionally, the Court ordered that the United States provide to Judge Wilkinson for in camera review a written statement concerning whether in camera production of "both databases" in electronic format is feasible.  Defendant United States of America hereby files this notice on these matters.

In light of the Court's order granting the Plaintiff's Motion to Compel with respect to Request for Production No. 1 and thereby ordering the United States to produce unredacted copies of the requested SF-95s, and in the interest of judicial economy, the United States hereby withdraws its objections of attorney-client privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3) to Requests for Production Nos. 2, 3, 4, and 5.

As explained in the United States' June 15, 2007, letter to the Levee PLSC (Exhibit 1 of Doc. 5626), data from the over 300,000 Hurricane Katrina claims received to date is being compiled by a contractor.  There are three applications for using this data, one of which requires Microsoft SQL Server, and the other two require Oracle Database Applications.  The United States can provide the database or data in an industry standard format such as Microsoft SQL Server, Oracle Database Application or Comma Separate Value files.  Plaintiffs should elect a technical representative to discuss the specifications with a technical representative from the United States.  Additional information such as comments by attorneys may be added in the future to one or more of the applications.  In the event that such privileged or protected entries are added to one or more of the applications in the future, the United States will seasonably assert a claim of privilege with respect to such privileged or protected entries and will provide a privilege log.

As explained in the United States' June 15, 2007, letter to the Levee PLSC, the Army Corps of Engineers processed approximately 32,000 administrative claims related to Hurricane Katrina. Information from the 32,000 claims was inputted into a Corps database which contains information for all administrative claims submitted to the Corps, including claims completely unrelated to Hurricane Katrina which have not been requested by the Levee PLSC. The Corps is unable to provide this database without also producing data from non-Katrina claims which has not been requested by the Plaintiffs and they are not entitled to discover in any event. However, the United States can provide spreadsheets for the 32,000 Katrina claims which contain information compiled from these claims by the Corps. It is also important to note that information from these 32,000 claims is also included in the aforementioned data compiled by the contractor relating to the over 300,000 claims received by the Corps. Additionally, the claims themselves will be provided pursuant to the Court's order (Doc. 6053).

Finally, because the SF-95 databases contain information that is protected by the Privacy Act, the United States cannot produce this information unless ordered to do so by the Court. See 5 U.S.C. § 552a(b)(11). The United States, therefore, respectfully requests that the Court enter the attached proposed order directing the United States to produce the data and spreadsheets compiled from the Katrina claims, and further directing that all such data and information be treated as "CONFIDENTIAL INFORMATION" pursuant to the Master Protective Order, Record Doc. No. 5393.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

 s/ Daniel M. Barish
DANIEL M. BARISH
TRACI L. COLQUETTE
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4272 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated: July 5, 2007

**CERTIFICATE OF SERVICE**

    I, Daniel M. Barish, hereby certify that on July 5, 2007, I served a true copy of the Defendant United States' Notice, Pursuant to Court's Order and Reasons on Motion (Doc. 6053), of Withdrawal of Claim of Privilege with Respect to Request for Production Nos. 2, 3, 4, and 5, and Request for Issuance of Order Authorizing Production of Material Subject to Master Protective Order and Proposed Order upon all parties by ECF.


                                            s/ Daniel M. Barish
                                        DANIEL M. BARISH