UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES			CIVIL ACTION
   CONSOLIDATED LITIGATION

                 NO. 05-4182 "K" (2)

PERTAINS TO:  LEVEE, MRGO			JUDGE DUVAL
                 MAG. WILKINSON

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION: Plaintiffs' Motion to Compel Discovery from the United States, Record Doc. No. 5951

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. The motion is denied insofar as it seeks to compel the United States to designate one or more witnesses in response to the precise contours of the Rule 30(b)(6) notice that is the subject of this motion. As drafted, the notice is overly broad and unduly burdensome, particularly for class certification purposes, which is the only current focus of deposition discovery.

  The motion is also denied insofar as it seeks an order requiring the production of documents or other tangible materials pursuant to Rule 30(b)(5). The production of documents and other materials in the possession, custody or control of the United States has been the subject of extensive discovery pursuant to Fed. R. Civ. P. 34 and related orders of the court. Plaintiffs' attachment of a Rule 30(b)(5) request to their deposition notice in this instance does nothing more than undermine and circumvent the orderly conduct of Rule 34 discovery that has been the subject of other proceedings and orders in this matter.

  The motion is granted in two respects. First, **IT IS ORDERED** that the Rule 30(b)(6) deposition of the United States, particularly the Army Corps of Engineers, must be scheduled by counsel and conducted as provided herein. Second, prior to the deposition, the United States must provide a means by which <u>all</u> electronically stored data contained on the two hard drives of electronically stored information produced by the United States to Plaintiffs' Liaison Counsel on or about June 15, 2007, may be

accessed and reviewed by the recipients of this production. To accomplish these purposes, **IT IS FURTHER ORDERED** that:

No later than **July 12, 2007**, Joseph Bruno, Ralph Hubbard and Robin Smith must confer via telephone and (a) jointly advise me in writing of the place and date on which the Rule 30(b)(6) deposition of the United States concerning class certification issues will occur, and (b) insure that a mechanism for making accessible and reveiwable <u>all</u> electronically stored data on the two hard drives produced by the United States on or about June 15, 2007, has been provided to plaintiffs. If counsel fail to agree upon a date and place for the deposition, the court will make its own order.

The topic of the deposition will be class certification issues, including the IPET Report, with all of its attachments and appendices, dated March 26, 2007, and the contents of the two hard drives of electronically stored information produced by the United States to Plaintiffs' Liaison Counsel on or about June 15, 2007. The United States may designate more than one person to respond to the deposition questions. If there are multiple designees, they may appear to be questioned as a panel, with one or more of the designees on the panel responding to particular questions, as appropriate. If no member of the panel of designees has knowledge sufficient to respond to a particular question, a good faith effort must be made by the panel to identify the person or persons who would have such knowledge.

No production of documents or other tangible materials pursuant to Rule 30(b)(5), except as otherwise provided herein, is permitted or will be required to occur in connection with this deposition.

The Rule 30(b)(6) deposition the United States for class certification purposes is hereby limited to one day of seven hours to be taken in accordance with the Special Provisions for fact depositions contained in the court's Case Management Order No. 4.

New Orleans, Louisiana, this  6th  day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

Clerk to Notify:
Hon. Stanwood R. Duval, Jr.