UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
CONSOLIDATED LITIGATION
                                          NO. 05-4182

PERTAINS TO:  LEVEE, MRGO                 SECTION "K" (2)

### ORDER ON MOTION

The court previously deferred a ruling on plaintiffs' motion to compel additional responses to plaintiffs' Requests for Production Nos. 2 through 5 from the United States of America. Record Doc. No. 5427. The deferred portion of the motion addressed only the protection from disclosure claimed by the United States based on the attorney-client privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3). I ordered the United States to file a privilege log and all evidence necessary to sustain its burden concerning its assertion of any privilege or any other protective doctrine. In addition, I ordered the United States to provide to me for in camera review a written statement concerning whether in camera production of "both databases" is feasible. Record Doc. No. 6053.

The United States has now filed a timely memorandum in response to this order in which it withdraws all objections to Request for Production Nos. 2 through 5 on the

grounds of attorney-client privilege, work product doctrine and Rule 26(b)(3).  Record Doc. No. 6286.

Accordingly, IT IS ORDERED that the deferred portion of plaintiffs' motion is GRANTED as to Request for Production Nos. 2, 3, 4 and 5.  There is no longer any need for plaintiffs to make the submissions by July 12, 2007, required in my previous order.  The United States must provide a new written response to these four requests clearly stating that all responsive materials in its possession, custody or control will be made available for inspection by plaintiffs as soon as practicable in accordance with the previously approved document production protocol.  In addition, the United States must make all responsive materials available to plaintiffs for inspection, copying and related Rule 34 activities as soon as practicable, including the data and/or database in which the more than 300,000 Hurricane Katrina claims are being compiled.  The United States also must make available for inspection, copying and related Rule 34 activities as soon as practicable spreadsheets of information regarding the approximately 32,000 Hurricane Katrina claims processed by the Army Corps of Engineers. All such data, materials and information will be treated as "CONFIDENTIAL INFORMATION" pursuant to the Master Protective Order, Record Doc. No. 5393, which is made applicable to these

materials. This is an order of a court of competent jurisdiction pursuant to the Privacy Act. 5 U.S.C. § 552a(b)(11).

New Orleans, Louisiana, this  6th  day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.