UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES (2) | * * | CIVIL ACTION NO. 05-4182 "K" |
| CONSOLIDATED LITIGATION | * * | |
| PERTAINS TO: ALL INSURANCE | * * * | |
| GWEN BURK WIFE OF/AND WILLIAM BURK | * * * | CIVIL ACTION NO.: 06-7846 |
| versus | * * | SECTION "K" J. DUVAL |
| SCOTTSDALE INSURANCE COMPANY, KATIE HYMEL, AND E&O INSURER | * * * * | MAG/JUDGE  (2) - WILKENSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SCOTTSDALE INSURANCE COMPANY'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

Plaintiffs Gwen and William Burk (hereafter "Burks") assert that they do not have to answer defendant Scottsdale Insurance Company's Interrogatories and Requests for Production, which were propounded to plaintiffs on January 12, 2007, in connection with the *Burk* lawsuit prior to its consolidation with the *In Re: Katrina Canal Breaches Consolidation Litigation* because a Rule 26(d) conference has yet to be held and therefore, all discovery… "is premature and cannot be the subject of a motion to compel".  In refusing to provide documents and information, including plaintiffs' Rule

1

26 Initial Disclosures, plaintiffs are contravening the whole purpose of Rule 26 and hampering any resolution of this matter.

## I.

## BACKGROUND

On April 15, 2007, plaintiffs amended their Complaint to assert flood due to levee breach damage and the case was consolidated with the instant action.  Defendant duly answered the amended Complaint and, on April 25, 2007, sent a letter reminding plaintiffs' counsel of the outstanding discovery and advising that there would be no preliminary conference inasmuch as the suit had been consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*.  To date, neither plaintiffs' Rule 26 Initial Disclosures[1] nor plaintiffs' responses to the First Set of Interrogatories and Requests for Production of Documents[2] have been received.

## II.

## LAW/ARGUMENT

**A.** **Rule 26(a)(1)**

Rule 26(a)(1) provides in pertinent part as follows:

**(a) Required Disclosures; Methods to Discover Additional Matters.**

> (1) **Initial Disclosures.**  Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulate or directed by order, **a party must, without awaiting a discovery request, provide to other parties** (emphasis supplied):
>
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

---

[1] Defendant Scottsdale's Rule 26 Initial Disclosures were mailed to plaintiffs' counsel on May 18, 2007.
[2] See Exhs. "A1" and "A2" of defendant's Memo in Support of Motion to Compel.

2

>(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
>
>(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
>(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**B.      Preliminary Conferences & Case Management Order No. 4**

It was the undersigned's understanding from defendants' liaison counsel that no preliminary conferences were being held in the consolidated cases and further, that the Court had stated that discovery was to commence in all cases (subject to any stay orders).

Thus, pursuant to the Court's Case Management Order No. 4, all named Insurance plaintiffs must disclose certain information, including the existence of flood policies, to defendants. (Sec. IV(A)(1)(a)).[3]

### III.

### CONCLUSION

It is respectfully submitted that the lack of plaintiffs' discovery responses, which were due on February 12, 2007 (two months prior to the consolidation of this matter)  is seriously hampering any possible resolution of this matter.

---

[3] In addition, defendant filed an Ex Parte Motion to Bifurcate in accordance with CMO #4, VII on July 5, 2007.

**ACCORDINGLY**, defendant Scottsdale Insurance Company seeks and is entitled to an Order compelling Plaintiffs to provide responses to Interrogatories and Requests for Production of Documents within 15 days of the hearing of this matter. Defendant also respectfully requests costs and attorney's fees incurred in bringing the instant Motion.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**

_S/Cynthia J. Thomas_____
**KEVIN L. COLE, Bar No. 4248**
**CYNTHIA J. THOMAS, Bar No. 22631**
#3 Sanctuary Blvd., Suite 301
Mandeville, LA 70471
Tel: (985) 674-6680
Fax: (985) 674-6681
*Attorney for Defendant,*
*Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 06th day of July, 2007, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

    ( ) Hand Delivery    ( ) Prepaid U.S. Mail

    ( ) Facsimile    ( ) UPS/Federal Express

    ( ) Certified Mail Return Receipt Requested

    ( X ) Electronic Mail

_S/Cynthia J. Thomas_____
**CYNTHIA J. THOMAS**