UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| _____ | * * | JUDGE DUVALL |
| PERTAINS TO: | * * | MAG. WILKINSON |
| LEVEE:   06-6642 (PONTCHARTRAIN) | * * | |

* * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Orleans Levee District ("O.L.D."), who respectfully requests that this Court deny plaintiffs' leave to file their Second Amended Complaint.

Plaintiffs, in their Second Amended Complaint, reallege that "[t]his Court has jurisdiction over the subject matter of these claims under the general maritime law, the Saving to Suitors clause, 28 U.S.C. §1333, the Extension of Admiralty Jurisdiction Act, 46 U.S.C. §740, Supplemental Jurisdiction under 28 U.S.C. §1367 et seq," and for the first time allege "the Suits in Admiralty Act,

46 U.S.C. §741 et seq" as a new basis for jurisdiction.[1] Additionally, in their proposed Second Amended Complaint, plaintiffs routinely refer to the 17th Street Canal and the London Avenue Canal as navigable waters/waterways and specifically try to make such changes as amending paragraph 7 so it further alleges "that the 17th Street and London Avenue Canals are navigable waters of the United States" and, in Paragraph 18(f), that the numerous contract referenced in their amended complaint "are maritime in nature [because they] involved Activities using Vessels in navigable waters..."

Furthermore, in Plaintiffs' Motion for Leave to File their Second Amended Complaint, they state that their case "is essentially a navigable water maritime tort and contract case."[2] Plaintiffs acknowledge that they are seeking to distinguish their case from the other consolidated cases by showing that their case "presents predominantly admiralty claims with non-admiralty claims easily resolvable by the Court donning its Admiralty hat."[3]

This Court cannot grant plaintiffs leave to file their Second Amended Complaint for a very simple reason, the Honorable Judge Duval recently ruled that the "Seventeenth Street Canal is not a navigable body of water"[4] and that "with respect to the allegations of maritime jurisdiction ... the Court finds that there is no basis for same as they relate to the Seventeenth Street Canal, the Orleans

---

[1] See Plaintiff's proposed Second Amended Complaint and Incorporated Exhibits, ¶ 3 (internal quotations ommitted).

[2] Plaintiff's (sic) Motion to Leave to File Second Amended Complaint and Incorporated Exhibits and Memorandum in Support, page 2.

[3] Plaintiff's (sic) Motion to Leave to File Second Amended Complaint and Incorporated Exhibits and Memorandum in Support page 2.

[4] In Re Katrina Canal Breaches Consolidated Litigation, 05-4182, Judge Duval's Order and Reasons, Document 6175 filed June 19, 2007, Page 8.

Avenue Canal, and the London Avenue Canal."[5]

Plaintiffs, in their Second Amended Complaint, are attempting to emphasize that there is maritime/admiralty jurisdiction in this case. Unfortunately, plaintiffs' attempt to distinguish their case, by focusing and emphasizing alleged liability under maritime and admiralty law,[6] is unavailing as this Court has already explained that with respect to allegations relating to the Seventeenth, London, and Orleans Avenue Canals "there is no admiralty or maritime jurisdiction over these claims."[7]

Thus, for all of the above reasons, it is respectfully requested that plaintiffs not be granted leave to file their Second Amended Complaint as this Court has already recognized that the purported admiralty claims plaintiffs are attempting to assert are not viable.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (30469)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800

---

[5] In Re Katrina Canal Breaches Consolidated Litigation, 05-4182, Judge Duval's Order and Reasons, Document 6175 filed June 19, 2007, Page 10.

[6] "The Pontchartrain Baptist Church (06-6642) case is essentially a navigable water maritime tort and contract case involving Vessels and Appurtenances working on Activities involving Bridge Projects. It is different in nature from other consolidated cases in that respect." Plaintiff's (sic) Motion to Leave to File Second Amended Complaint and Incorporated Exhibits and Memorandum in Support, page 2-3 (internal quotations ommitted).

[7] In Re Katrina Canal Breaches Consolidated Litigation, 05-4182, Judge Duval's Order and Reasons, Document 6175 filed June 19, 2007, Page 10.

Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492


-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Enroll was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants, this 9th day of July, 2007.

_____
THOMAS P. ANZELMO, T.A. (#2533)
tanzelmo@mcsalaw.com

4