UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATRINA CANAL BREACHES § | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | NO.   05-4182 "K"(2) |
| § | JUDGE DUVAL |
| § | MAG. WILKINSON |
| _____ § | |
| § | |
| PERTAINS TO: § | |
| § | |
| LEVEE and MRGO § | |
| § | |
| _____ § | |

**LEVEE and MRGO PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW RESPONSES TO MRGO AND LEVEE REQUESTS FOR ADMISSIONS AND FOR LEAVE TO AMEND SAID RESPONSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(b) WITHIN TEN DAYS**

The Levee and MRGO defendants have moved to compel plaintiffs to provide proper responses to the Interrogatories and Requests for Production, and have further asked the Court to enter an Order that their Requests for Admissions deemed admitted, because plaintiffs failed to respond or object by the deadline established in the Court's Case Management Order No. 4. (CMO4) (Docket No. 3299.) Per CMO4, plaintiffs' responses to defendants Requests for Admissions were due on May 30, 2007. When the defendants did not receive plaintiffs' responses defense counsel contacted Plaintiffs' Liaison Counsel. It was at that time that Plaintiffs realized that they had misread of CMO4, confusing the deadline for class-certification-discovery responses (May 30) with the deadline for common-liability-issue-discovery responses (June 14). Plaintiffs' Liaison Counsel informed defendants that the responses would be forthcoming and on June 12, 2007. Twenty-one days later, on July 2, 2007, the defendants filed

their Motion to Compel Answers to MRGO Defendants' First Set of Joint Class-certification Interrogatories, to Compel Production of Documents, and to Declare Requests for Admissions Admitted and Objections Waived.

Plaintiffs now move to withdraw the admissions that have resulted from their untimely response to Defendant's requests, and further for leave to amend their responses within ten (10) days.

## LAW AND ARGUMENT

Requests for Admission are governed by Federal Rule of Civil Procedure 36. Rule 36(a) states in pertinent part that "[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing . . . the party to whom the request is directed serves upon the party requesting the admission, a written answer or objection addressed to the matter. . . ." Rule 36(b) allows that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits the withdrawal or amendment of the admission."

Plaintiffs recognize that the passage of the delay without denying or objecting to a request results in the admission of the request. This does not mean however, that the plaintiffs having "admitting" by inadvertently failing to timely reply are forever bound to such an admission. The admissions may be amended or withdraw upon the filing of a motion to do so. This is such a motion.

This court has discretion to allow the withdrawal or amendment of the admission, however, it appears that there is no discretion to allow such a withdrawal or amendment by any method other than by motion. Thus the late filed response does not cure the deficiency. The Fifth Circuit has "stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001), citing *American Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1119 (5th Cir.1991). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would

not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney, id.,* citing *American Auto.,* 930 F.2d at 1119. The Fifth Circuit has held that "[a]lthough the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b)." *Le v. Cheesecake Factory Restaurants, Inc.,* 2007 WL 715260, *2, (5th Cir. 2007) (unpublished), citing *American Auto. Ass'n v. AAA Legal Clinic,* 930 1117, 1119 (5th Cir.1991); *Carney,* 258 F.3d at 419.

### Rule 36(b) factors

Factors to consider in ruling on Rule 36(b)'s first requirement (withdrawal or amendment would serve the presentation of the case on the merits) include whether denying the withdrawal or amendment would eliminate the presentation of the merits of the case as well as "whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.'" *Le, id.,* citing *N. La. Rehab. Ctr. Inc. v. United States,* 179 F.Supp.2d 658, 663 (W.D.La.2001) (quoting *Ropfogel v. United States,* 138 F.R.D. 579, 583 (D.Kan.1991)); *accord Branch Banking & Trust Co. v. Deutz-Allis Corp.,* 120 F.R.D. 655, 658-59. The Fifth Circuit "has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, *Pickens v. Equitable Life Assurance Soc.,* 413 F.2d 1390, 1394 (5th Cir.1969), or its diligence in seeking withdrawal, *Covarrubias v. Five Unknown INS/Border Patrol Agents,* 192 F. App'x 247, 248 (5th Cir.2006) (per curiam) (unpublished). (as cited in *Le v. Cheesecake Factory Restaurants, Inc.,* 2007 WL 715260, *2, (5th Cir. 2007) (unpublished), (footnote omitted). Here, the twelve day tardiness in responding was the result of an honest error by the plaintiffs. This error was brought to the attention of Plaintiffs by Defense Counsel who was then informed that the responses would be forthcoming. This conversation took place on June 4, 2007 and the responses were forwarded to Defendants on

June 12.  It seemed that the conversation between counsel, the explanation of the error, and the prompt remedy by providing the responses by June 12 was satisfactory to all concerned and resulted in a tacit agreement to enlarge the time for responding.  Believing that a tardy filing was acceptable to the defendants, plaintiffs did not move to withdraw their "admissions" that failing to timely respond, but instead filed their responses on June 12.  The silence of the defendants on the issue thereafter until the end of June further lulled plaintiffs into a belief that the late filing was acceptable.  On July 2, however, Defendant's proceeded to file a motion to have the Requests deemed admitted for failure if plaintiffs' to respond by the deadline. Plaintiffs now seek to withdraw the admissions that resulted from the passage of the deadline, and amend those responses with the responses that defendants have had since June 12. Plaintiffs' honest mistake in failing to timely file and the diligent efforts to remedy the error should be considered by the court in ruling on the motion to withdraw and/or amend.  Further, allowing the withdrawal of the admissions that occurred on May 30 with the passage of the deadline and the replacement of those admissions with the responses that the defendants have had since June 12, can work no prejudice to the defendants.

In the recent opinion of the Fifth Circuit in *Le v. Cheesecake Factory Restaurants, supra.,* with regard to Rule 36(b)'s second requirement, the Court stated:

> "we agree . . . that '[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.' *American Auto.,* 930 F.2d at 1117. The Eighth Circuit has interpreted this standard to not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions, *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1314 (8th Cir.1983), and other courts contemplating the standard have concluded that merely having to prove the matters admitted does not constitute prejudice. *No. La. Rehab. Ctr.,* 179 F.Supp.2d at 663. Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. *See, e.g., Branch Banking & Trust Co.,* 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); *No. La. Rehab. Ctr.,* 179 F.Supp.2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery)."

*Le., id.,* *3.

One wonders what prejudices could befall the defendants in having their requests for admissions answered 12 days late.  Surely the defendants cannot point to any special difficulty that it will now face by a "sudden need" to obtain evidence in light of the withdrawal of the admissions.  Plaintiffs recognized the error in a timely manner when notified by the defendants, and believing that late responses would be acceptable acted promptly to get the responses to them.  Having received the motion to the requests admitted, plaintiffs have now diligently moved, within a matter of a few days, to withdraw the admissions and amend the responses.  Furthermore, Plaintiffs' effort to withdraw and amend is not occurring at the eleventh hour on the eve of trial leaving the defendants no time to obtain further evidence, as discovery of the plaintiffs is ongoing through the month of July.

Plaintiffs respectfully suggest that the matters deemed admitted by the passage of the May 30, 2007 deadline be withdrawn and that plaintiffs further be granted leave to amend their responses to the Requests for Admission within ten (10) days.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**
     /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

 s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States Mail, properly addressed and first class postage pre-paid, or by facsimile, or other electronic transmission this 9th day of July, 2007.

/s/ Joseph M. Bruno

Joseph M. Bruno