UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

**FILED IN:**   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
　　　　　　05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
　　　　　　06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
　　　　　　06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
　　　　　　06-5032, 06-5042, 06-5159, 06-5163, 06-5367,06-5471,
　　　　　　06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
　　　　　　07-0993, 07-1284, 07-1286, 07-1288, 07-1289

**PERTAINS TO: LEVEE**

_____

**MEMORANDUM IN SUPPORT OF LEVEE PLSC'S MOTION FOR LEAVE TO DEPOSE LT. GEN. ELVIN R. HEIBERG, III, USACE (RET'D.)**

**MAY IT PLEASE THE COURT:**

　　While the Levee PLSC is *presently* entitled to obtain the oral deposition testimony of Lt. Gen. Elvin R. Heiberg, III, USACE (Ret'd.) in connection with class certification,[1] and can do so

---

[1] *See* CMO No. 4, § III ( C ) which requires class certification fact witness depositions be completed by July 27, 2007.

before the class certification deposition deadline, it also seeks to obtain his fact testimony in connection with its defense of the United States' pending Rule 12 motion.[2]  Because Lt. Gen. Heiberg's deposition could be construed as an attempt to obtain fact testimony *before* it is authorized,[3] the Levee PLSC seeks the Court's approval to take his deposition.

Fortunately, Lt. Gen. Heiberg is already scheduled to be in New Orleans on July 19-20, 2007 for a change of command ceremony, and this fortuitous coincidence presents the perfect opportunity to obtain his deposition testimony.

As grounds for taking the deposition, the Levee PLSC suggests:

(1)  Lt. Gen. Heiberg's deposition relates to class certification and discovery thereon is presently permitted;

(2)  Lt. Gen. Heiberg's deposition relates to the Rule 12 motion in which the Levee PLSC's response is due *before* common liability fact depositions are otherwise authorized by CMO No. 4, § IV (D)(2) ;

(3)  Lt. Gen. Heiberg's [own] June 22, 2007 letter to the Times-Picayune shows that he has personal knowledge of changes from the Barrier Plan to the High Level Plan to the Parallel Protection Plan, and thus the §702c immunity issue;

(4)  Lt. Gen. Heiberg is probably the most senior living USACE fact witness;

(5)  Lt. Gen. Heiberg is one of the most important fact witnesses;

---

[2] The Court's June 15, 2007 Order (Document # 5584) requires the United States to submit its Rule 12 Motions to Dismiss by Monday, July 9, 2007, and requires the Levee PLSC's opposition brief to be filed no later than Monday, July 23, 2007.

[3] *See* CMO No. 4, § IV (D)(2) which provides that common liability fact depositions may not be noticed before July 23, 2007.

(6)   Lt. Gen. Heiberg was the Colonel in charge of the New Orleans District in 1974-75, when the Barrier Plan was approved by Congress;

(7)   Lt. Gen. Heiberg was the Chief of Engineers from 1984 - 88, when it was decided to abandon the Barrier Plan in favor of the High Level Plan or the Parallel Protection Plan;

(8)   The United States's answers to the Levee PLCS's common liability Interrogatories 38 - 43 make it clear that the Chief of Engineers played a role in the ever-changing LPVHPP:

   (A)   For example, the United States' partial answer to Interrogatory No. 38 says that *"any USACE modifications to the LPVHPP likely would have been authorized by the United States Army Corps' Chief of Engineers, within the discretion authorized by Congress."* Was this Lt. Gen. Heiberg?

   (B)   For example, the United States' answer to Interrogatory No. 40 says the Chief of the New Orleans District's Engineering Division recommended the Parallel Protection Plan to the Lower Mississippi Valley Division's Chief of Engineering Division, who then forwarded Design Memorandum 20 to the unidentified Chief of Engineers (Lt. Gen. Heiberg?) for his approval.

(9)   Lt. Gen. Heiberg is long retired from active duty, and is no longer part of the U|SACE's command structure or policy-making hierarchy;

(10)   Lt. Gen. Heiberg was not on active duty when Hurricane Katrina struck New

Orleans;

(11)  Lt. Gen. Heiberg is already independently scheduled to be in New Orleans on July 19 20, 2007 and is available for deposition; and

(120  The United States' Rule 12 motion, to be filed on Monday, July 9, 2007, is directed toward common liability.

For the foregoing reasons, the Levee PLSC believes it has shown good cause for the Court to modify CMO No. 4, § IV (D)(2) on a limited basis so as to permit Lt. Gen. Heiberg's deposition to be taken before July 23, 2007.

RESPECTFULLY SUBMITTED:

LEVEE LITIGATION GROUP

BY:   s/Joseph M. Bruno
Joseph M. Bruno (#3604)
The Law Office of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile:(504) 581-1493
E-Mail:jbruno@brunobrunolaw.com
Plaintiffs' Liaison Counsel

-and-

GERALD E. MEUNIER (La. Bar #9471)
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com
Levee PSLC Liaison Counsel