UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>* | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |
| PERTAINS TO:   INSURANCE<br>(*Xavier Univ.*, No. 06-0516) | *<br>*<br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO XAVIER'S MOTION TO CONTINUE

**MAY IT PLEASE THE COURT:**

Defendant, Travelers Property Casualty Company of America ("Travelers") files this opposition to plaintiff's Xavier University of Louisiana's ("Xavier") Motion to Continue as follows:

Xavier has not adequately shown that its request for a continuance of Travelers' Motion to Compel herein should be granted. This Court is well aware that Xavier has filed various motions for summary judgment, including a Motion on Collateral Source Documents, that have now been set for September 12, 2007. (No. 6349). Xavier is now requesting that this court continue Travelers' Motion to Compel until sometime after a decision is rendered on Xavier's Motion for Summary Judgment. Xavier's request is without merit, and is not in the interest of justice.

Xavier has continuously delayed or simply refused to provide documents that are discoverable and relevant to these proceedings. Xavier argues that the information sought is collateral source information which is inadmissible and therefore, not discoverable. However, as this Court is well aware, the test for whether evidence is discoverable is not whether it is admissible, but whether it is relevant and reasonably calculated to lead to the discovery of admissible evidence.[1]

First, the subject of Travelers' Motion to Compel goes beyond whether "collateral source" documents are not admissible as alleged by Xavier. Travelers' Motion to Compel seeks estimates and scope documents, financial documents, and FEMA documents, *inter alia*, which Xavier has refused to produce. The information requested includes scope documents and estimates which have been provided to FEMA, but have not been produced herein. This information is essential to show how Xavier has characterized its losses and the scope and classification of its damages which are at the heart of this litigation.

Second, the scope of the discovery is broader than the scope of admissible evidence. *Id.* The information requested is relevant to show how Xavier has characterized its own damages in nature, scope and value. These requests are certainly calculated to lead to the discovery of admissible evidence when the information sought goes to the very heart of the issues of the case – whether the damage was flood-based or wind-based, whether the plaintiffs' proffered allocation of wind versus flood damages is accurate, and the valuation of those damages.

---

[1] "Discoverable information is not limited to admissible evidence, but includes anything 'reasonably calculated to lead to the discovery of admissible evidence.' Courts have traditionally construed 'relevance' broadly: information is relevant if it 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991).

186344-1                                                                   2

Therefore, the information is relevant and is reasonably calculated to lead to the discovery of admissible evidence.

Xavier is simply attempting to delay Travelers' efforts to obtain discoverable information that is relevant to these proceedings. Allowing Xavier to continue this matter until after its motions are resolved only prevents Travelers from preparing its case, and at the same time encourages Xavier to proceed with discovery unfettered.

Xavier's conduct in delaying discovery in this matter cannot continue and Xavier's Motion to Continue should be denied.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
**SIMEON B. REIMONENQ, JR., T.A., #19755**
**RALPH S. HUBBARD III, #7040**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195

OF COUNSEL:

**CHRISTOPHER J. HUG**
**STEPHEN E. GOLDMAN**
**WYSTAN M. ACKERMAN**
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

**Attorneys for Travelers Property Casualty Company of America**

## CERTIFICATE OF SERVICE

    I hereby certify that on July 9, 2007, a copy of Memorandum in Opposition to Xavier's Motion to Continue was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all attorneys on the court's electronic listing by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to those attorneys listed by the court as non-CM/ECF participants.

                                              s/Simeon B. Reimonenq, Jr.
                                              SIMEON B. REIMONENQ, JR.