UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| | **SECTION "K" MAG "2"** |
| **PERTAINS TO:** <br> **INSURANCE (XAVIER UNIVERSITY OF LOUISIANA V. TRAVELERS CASUALTY PROPERTY COMPANY OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COLLATERAL SOURCE**</u>

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Supplemental Memorandum in Support of its Motion for Partial Summary Judgment Regarding Collateral Source. Xavier's motion initially considered only whether defendant, Travelers Property and Casualty Company of America ("Travelers") was entitled to an offset for any NFIP payments received by Xavier. Since the filing of that motion, Travelers has suggested in pleadings filed with this Court that Travelers is also entitled to an offset for any benefits or financial aid received from either FEMA or HUD and charitable contributions received

from private charitable sources.[1]

Xavier submits that the same arguments regarding the availability of an offset for NFIP payments also applies to these other sources of funds. Travelers should not be entitled to avoid contractual obligation to make Xavier whole for its hurricane-related damages and claim an offset for those items when Travelers' insurance policy does not provide for an offset in such circumstances. Additionally, any FEMA/ HUD proceeds or charitable contributions constitute a collateral source for the following reasons:

- Federal regulations provide that disaster-related assistance are reduced by the amount of any insurance proceeds that are receive, and, thus, if an offset were provided in the present case, Xavier's recovery would be reduced twice; and

- Well established principles of Louisiana law provide that gifts and other funds received through another's benevolence are a collateral source for which no offset is permitted.

**I.   FUNDS RECEIVED BY FEMA OR HUD ARE ALREADY SUBJECT TO A REDUCTION FOR INSURANCE PROCEEDS RECEIVED AND SHOULD NOT BE REDUCED AGAIN BY ANY AMOUNT PAID BY TRAVELERS.**

As noted, Travelers contends that it is entitled to an offset for any funds received by Xavier from FEMA or HUD. For the reasons expressed in Xavier's Motion, Xavier submits that these funds constitute a collateral source. Travelers, in its Policy issued to Xavier, has not explicitly provided for an offset or credit against such funds received by Xavier. Furthermore, federal law provides that any disaster-related assistance will be reduced by any insurance proceeds received. 44 C.F.R. § 206.253 provides:

---

[1] *See* Travelers' Motion to Compel [Record Doc. No. 5500].

2

> Prior to approval of a Federal grant for the restoration of a facility and its contents which were damaged by a disaster other than flood, the Grantee shall notify the Regional Director of any entitlement to insurance settlement or recovery for such facility and its contents. ***The Regional Director shall reduce the eligible costs by the actual amount of insurance proceeds relating to the eligible costs.***

44 C.F.R. § 206.253(a) (emphasis added).

Thus, any proceeds received from FEMA will be reduced by amounts recovered from Travelers. There is no wording in Travelers' policy allowing such an offset.

Moreover, the Louisiana Supreme Court has held that funds received from a government source are a collateral source. In *Louisiana Department of Transportation and Development v. Kansas City Southern Railway Co., Inc.*,[2] the court observed:

> We recognize that the collateral source rule is most commonly applied to insurance proceeds. Under this general rule, a tortfeasor's liability to an injured plaintiff should be the same, regardless of whether or not that plaintiff had the foresight to obtain insurance. ***However, our courts have applied the doctrine to a range of situations where the collateral source is provided to the plaintiff by a government agency or even a gratuitous source***.[3]

Thus, there can be no dispute that Louisiana law would treat the funds received from FEMA or HUD as a collateral source for which no offset is available.

## II.   CHARITABLE DONATIONS RECEIVED BY XAVIER CONSTITUTE AN INADMISSIBLE COLLATERAL SOURCE.

Travelers also contends that Xavier's recovery should also be offset for any funds received by private donors who generously responded to Xavier's need in the aftermath of Hurricane Katrina. That gifts constitute a collateral source is not subject to any serious debate. As the *Kansas City Southern* court, quoted above, held, gratuitous donations are a collateral source. Other courts have

---

[2] 846 So. 2d 734 (La. 2003).

[3] *Id.* at 740 (emphasis added).

3

recognized the same principle.[4] Again, Travelers seeks to avoid its legal obligations to its insured because Xavier received assistance from various entities at the time it was most in need following the devastation of Hurricane Katrina. This Court should not continue to permit Travelers to escape its contractual obligations by seeking an offset to which it is not legally entitled.

### III.   CONCLUSION

For the foregoing reasons, Xavier respectfully requests that this Honorable Court permit the filing of this Supplemental Memorandum and grant its Motion for Partial Summary Judgment holding that any proceeds received from FEMA, HUD, or charitable contributions constitute a collateral source.

Respectfully Submitted:

 /s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
 COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

---

[4] *See Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 930 (5th Cir. 1992); *Smith v. Roy O. Martin Lumber Co.*, 871 So. 2d 661, 668 (La. App. 3d Cir. 2004).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 10, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

                                      /s/ James M. Garner
                                      JAMES M. GARNER