UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182**<br><br>**SECTION "K" MAG "2"** |
| **PERTAINS TO:**<br>**INSURANCE (XAVIER UNIVERSITY**<br>**OF LOUISIANA V. TRAVELERS**<br>**CASUALTY PROPERTY COMPANY**<br>**OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION TO QUASH**</u>

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Motion to Quash the subpoenas duces tecum issued by defendant, Travelers Property Casualty Company of America ("Travelers") to Landis Construction Comapny ("Landis") and FoxCor, Inc. ("FoxCor"). While Landis and FoxCor are in the process of producing numerous documents responsive to Travelers subpoenas, the subpoenas seek information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Xavier requests that this Honorable Court partially quash these subpoenas to the extent that they seek certain documents.

In particular, Xavier requests that this Court quash these subpoena to the extent that they seek the following types of information:

- Information relative to work performed on Xavier's campus before Hurricane Katrina;

- Documents pertaining to any requests for funds or aid from FEMA; and

- Correspondence or documentation pertaining to the adjustment of Xavier's NFIP claim.

## I.   FACTS AND PROCEDURAL HISTORY

Following Hurricane Katrina, Xavier retained Landis as its general contractor to oversee the repairs its severely damaged campus.  Xavier also retained FoxCor, a construction consultant, to work with Landis, in overseeing the plan for the reconstruction of Xavier's campus.  Travelers issued identical, broadly worded subpoenas seeking the following of Landis[1] and FoxCor[2]:

> Any and all records, including, but not limited to, proposals, quotes, bids, estimates, summaries, photographs, diagrams, test results, repair proposals, repair plans, estimates, repair estimates, invoices, correspondence (electronic and/or magnetic), construction documents, memos, notes, field notes, inspection notes, drafts, or other writings (whether in draft form or otherwise) notations on photographs, photographs, videotapes, and reports or preliminary reports relating to plaintiffs for the following entity.[3]

Landis is producing boxes of documents responsive to its subpoena, an FoxCor is producing

---

[1] A copy of the subpoena issued to Landis is attached hereto as Exhibit 1.

[2] A copy of the subpoena issued to FoxCor is attached hereto as Exhibit 2.

[3] *See* Exhibits 1 and 2.

numerous boxes of documents and photographs demonstrating the extent of Xavier's damages.[4] Xavier submits, however, that the scope of the subpoenas should be limited only to documents concerning the post-hurricane activities of Landis and FoxCor related to the damages to which Travelers' Policy applies. Furthermore, the subpoenas should be limited to exclude the production of information concerning submissions to FEMA for disaster-related funds and documentation pertaining to the adjustment of Xavier's NFIP claim. As set forth herein, this information is irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

Counsel for Xavier exchanged a number of e-mails with counsel for Travelers regarding the scope of the requested production. On June 26, 2007, counsel for Xavier asked whether the scope of the subpoena would be limited only to post-Hurricane Katrina work and exclude FEMA-related documents.[5] Counsel was also advised of the voluminous nature of these documents and the potential burdens associated with making the requested production.[6] Travelers' counsel did not respond to this e-mail, and a follow-up e-mail was sent on June 28.[7]

Although Travelers' counsel did respond, he did not discuss the overly broad nature of the

---

[4]FoxCor will produce further documents when it can access them in its office which is currently inaccessible due to the collapse of an adjacent structure.

[5]*See* June 26, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached hereto as Exhibit 3.

[6]*Id.*

[7]*See* June 28, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached hereto as Exhibit 4.

request as it related to the post-Hurricane Katrina work and FEMA-related information.[8] After no response was forthcoming, counsel for Xavier sent another e-mail on July 2 advising that neither pre-Katrina documents nor FEMA-related information would be produced.[9]

Counsel for Travelers responded on July 3 requesting the pre-Katrina and FEMA information, although no clarification was offered as to why counsel considered this information relevant.[10] Moreover, counsel did not respond to a request to delay production of the FEMA-related information pending this Court's ruling on Travelers' motion to compel.[11] Having been unable to resolve their discovery dispute, Travelers brings this motion to quash the FoxCor and Landis subpoenas.

For the following reasons, Xavier moves this Court to quash, in part, the subpoenas issued to Landis and FoxCor concerning the scope of any production pertaining to pre-hurricane activities, information submitted to FEMA, or Xavier's NFIP claims as these documents are irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

---

[8] June 28, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached hereto as Exhibit 5.

[9] *See* July 2, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached hereto as Exhibit 6.

[10] *See* July 3, 2007, e-mail from Simeon Reimonenq to Darnell Bludworth, attached hereto as Exhibit 7.

[11] July 3, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached hereto as Exhibit 8.

4

**II.     LAW AND ANALYSIS**

    **A.     Pre-Hurricane Katrina Work at Xavier's Campus Is Irrelevant to the Present Litigation.**

Any work performed by Landis on Xavier's campus prior to the storm is irrelevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The present litigation concerns the manner in which Travelers adjusted, or, rather, failed to adjust, Xavier's Katrina-related damages. The only relevant issue is the scope of work performed by Landis *after* the hurricane. Travelers cannot demonstrate a need to review pre-storm construction files related to work at Xavier. The subpoena should be quashed with respect to this information.

    **B.     The Subpoenas Should Be Quashed to the Extent They Seek Information Regarding FEMA Submissions Because the Production of Such Information Would be Unduly Burdensome, and it is also Irrelevant and Inadmissible in the Present Litigation.**

Travelers seeks documents from FoxCor and Landis concerning aid provided to Xavier from FEMA. As an initial matter, production of this information should be quashed because it consists of many thousands of pages of information, and FoxCor and Landis would be unduly burdened by having to produce such information.

Second, this Court should quash the Landis and FoxCor subpoenas because they seek information that is irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence. The documents requested constitute a collateral source because they pertain to amounts received by Xavier outside of the Travelers policy. Thus, the subpeonas should be quashed to the extent this information is sought.

Travelers, in its Policy issued to Xavier, has not explicitly provided for an offset or credit against such funds received by Xavier. Furthermore, federal law provides that any disaster-related

5

assistance will be reduced by any insurance proceeds received. 44 C.F.R. § 206.253 provides:

> Prior to approval of a Federal grant for the restoration of a facility and its contents which were damaged by a disaster other than flood, the Grantee shall notify the Regional Director of any entitlement to insurance settlement or recovery for such facility and its contents. ***The Regional Director shall reduce the eligible costs by the actual amount of insurance proceeds relating to the eligible costs.***

44 C.F.R. § 206.253(a) (emphasis added).

Thus, any proceeds received from FEMA have already been reduced by expected insurance recovery from Travelers. Travelers does not get a second bite at the apple to further offset Xavier's damages. Even if this Court were to conclude that information received from another insurance company was not a collateral source, there can be no dispute that funds received from FEMA or HUD constitute a collateral source and bear no relationship to any insurance policy.

Moreover, the Louisiana Supreme Court has held that funds received from a government source are a collateral source. In *Louisiana Department of Transportation and Development v. Kansas City Southern Railway Co., Inc.*,[12] the court observed:

> We recognize that the collateral source rule is most commonly applied to insurance proceeds. Under this general rule, a tortfeasor's liability to an injured plaintiff should be the same, regardless of whether or not that plaintiff had the foresight to obtain insurance. ***However, our courts have applied the doctrine to a range of situations where the collateral source is provided to the plaintiff by a government agency or even a gratuitous source***.[13]

Thus, there can be no dispute that Louisiana law would treat the funds received from FEMA or HUD as a collateral source for which no offset is available.

Thus, such information is irrelevant and not reasonably calculated to lead to the discovery

---

[12]846 So. 2d 734 (La. 2003).

[13]*Id.* at 740 (emphasis added).

of admissible evidence. Travelers' subpoenas should be quashed to the extent such information has been requested.

      **C.    Any Information Concerning Xavier's NFIP Claim Is an Inadmissible Collateral Source.**

At the time of Hurricane Katrina, Xavier was also covered by certain policies of insurance issued by American Bankers Insurance Company through the National Flood Insurance Program ("NFIP"). Xavier submits that any proceeds received from American Bankers Insurance Company constitute an inadmissible collateral source and are irrelevant to this case.[14] Xavier has had two prior occasions to address the collateral source issue as it relates to its NFIP claims.

On June 22, 2007, Xavier filed a Motion for Partial Summary Judgment Regarding Collateral Source (Record Doc. No. 5848]. This motion challenges the admissibility of any evidence regarding Xavier's receipt of funds through the NFIP and is set for hearing before Judge Duval on September 12, 2007. Travelers has also moved to compel production of this information by Xavier, and this motion has been set for hearing on July 11, 2007. In opposition to this motion to compel, Xavier has argued that information regarding Xavier's NFIP claims are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. *See* Record Doc. No. 6226. Xavier refers this Court to the arguments raised in these two pleadings in support of the present motion to quash. For the reasons stated in those pleadings, Xavier submits that information pertaining to its NFIP claim is

---

[14]On June 22, 2007, Xavier filed a Motion for Partial Summary Judgment Regarding Collateral Source (Record Doc. No. 5848]. This motion challenges the admissibility of any evidence regarding Xavier's receipt of funds through the NFIP and is set for hearing before Judge Duval on July 27, 2007. Travelers has also moved to compel production of this information by Xavier, and this motion has been set for hearing on July 11, 2007. Xavier respectfully requests that this Court defer consideration of the motion to compel and the motion to quash until Judge Duval has had an opportunity to consider the admissibility of the documents sought by Travelers

inadmissible and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As such, the Landis and FoxCor subpoenas should be quashed to the extent such information is being sought.

Finally, Xavier respectfully requests that this Court defer consideration of the motion to compel and the motion to quash until Judge Duval has had an opportunity to consider the admissibility and relevance of the documents sought by Travelers.

### III.   CONCLUSION

For the foregoing reasons, Xavier respectfully requests that this Honorable Court grant its Motion to Quash and issue a protective order limiting the scope of the subpoenas duces tecum issued to Landis and FoxCor to exclude production of the following:

1. Information regarding pre-Hurricane Katrina construction activities on Xavier's campus;

2. Information concerning Xavier's claim for funds from FEMA; and

3. Information concerning Xavier's NFIP claim.

> Respectfully Submitted:
> /s/ James M. Garner
> JAMES M. GARNER, #19589
> DARNELL BLUDWORTH, #18801
> TIMOTHY B. FRANCIS, #14973
> KEVIN M. MCGLONE, #28145
> **SHER GARNER CAHILL RICHTER**
> **KLEIN & HILBERT, L.L.C.**
> 909 Poydras St., 28th Floor
> New Orleans, LA   70112
> Telephone:  504-299-2100
> Facsimile:  504-299-2300
> COUNSEL FOR XAVIER UNIVERSITY
> OF LOUISIANA

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 10, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

                                    /s/ James M. Garner
                                    JAMES M. GARNER