AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

___EASTERN_____ DISTRICT OF ___LOUISIANA_____

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER. [1]      05-4182 "K" (2)

PERTAINS TO:      INSURANCE
                  (*Xavier Univ.*, No. 06-0516)

TO:    Landis Construction Co., 241 Industrial Avenue, Jefferson, LA 70121

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY * | COURTROOM * |
|---|---|
| | DATE AND TIME * |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME<br>July 10, 2007 @ 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT "A".**

**Please note:**   **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

| PLACE   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME<br>July 10, 2007 @ 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *SBReimoneng Jr*    Attorney for Travelers | DATE<br>6/19/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Simeon B. Reimonenq, Jr., #19755, 601 Poydras St., Suite 2775, New Orleans, LA 70130 (504) 568-1990

EXHIBIT

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit "A"
## DOCUMENTS TO BE PRODUCED

This request pertains to all documents in written, photographic or electronic form.

1.    Your complete file regarding your investigation, inspection and work performed on the campus of Xavier University of Louisiana following Hurricane Katrina.

2.    All documents and tangible things, including all contracts, estimates, proposals, schedules, scopes of work, reports, physical models, compilations, data, field notes and other material prepared, used or relied upon by you in your evaluation, inspection, construction, and work on the campus of Xavier University of Louisiana following Hurricane Katrina.

3.    All documents relating to reports, mental impressions and opinions, schedules, meeting minutes, factual observations, physical models, tests, supporting data, calculations, photographs and compilations of data and other material prepared by you in your evaluation, inspection, construction and remediation work on the campus of Xavier University of Louisiana following Hurricane Katrina..

4.    All documents relating to allocations of damages, damage assessment, estimates of damages, scopes of work and remediation work between and among buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

5.    All documents relating to allocations of damages, damage assessments, estimates of damage scopes of work and remediation work between the first and upper floors of the each of the buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

6.    All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina.prepared by you or on your behalf for FEMA or any other governmental entity.

7.    All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina prepared by you or on your behalf for any insurance company.

8.    All documents including correspondence, contracts, estimates regarding all remediation work performed or to be performed by entities retained by you including but not limited to Munters and BMS CAT. on the campus of Xavier University of Louisiana following Hurricane Katrina.

9.    All documents prepared for Xavier University of Louisiana in connection with any claim to FEMA.

182688-1                                          1

10. All documents prepared for Xavier University of Louisiana in connection with any claim for flood insurance coverage following Hurricane Katrina.

11. All documents relating to any capital improvements made to any building at Xavier University of Louisiana during 18 months preceding Hurricane Katrina.

12. All documents relating to capital improvement plans to buildings at Xavier University of Louisiana as of the date of Hurricane Katrina that were planned or potentially planned for a period after Hurricane Katrina.

13. All documents relating to payments made from Xavier University of Louisiana to You related to Hurricane Katrina.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| _____ | * | |
| PERTAINS TO:    INSURANCE (*Xavier Univ.*, No. 06-0516) | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF RECORDS DEPOSITION

TO:    Plaintiff, Xavier University of Louisiana
Through its Attorney of Record:
Darnell Bludworth, Esq.
Sher Garner Cahill Richter Klein & Hilbert LLC
909 Poydras Street, 28th Floor
New Orleans, LA 70112

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendant, Travelers Property Casualty Company of America ("Travelers"), will take the records deposition of the following:

| | | |
|---|---|---|
| Landis Construction Company | July 10, 2007 | 10:00 a.m. |
| Foxcor, Inc. | July 10, 2007 | 10:30 a.m. |

beginning on the dates and times stated above and continuing until such time as the deposition is

concluded.  The deponents will be served with subpoenaes duces tecum requiring the production

of:

Any and all records, including, but not limited to, proposals, quotes, bids, estimates, summaries, photographs, diagrams, test results, repair proposals, repair plans, estimates, repair estimates, invoices, correspondence (electronic and/or magnetic), construction documents, memos, notes, field notes, inspection notes, drafts, or other writings (whether in draft form or otherwise) notations on photographs, photographs, videotapes, and reports or preliminary reports relating to plaintiffs for the following entity.

**NOTE:**      **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

You are invited to attend and participate as you may deem fit and proper.

Respectfully submitted,

SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
     RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

OF COUNSEL:

**CHRISTOPHER J. HUG**
**STEPHEN E. GOLDMAN**
**WYSTAN M. ACKERMAN**
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

**Attorneys for Travelers Property**
**Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, a copy of the Notice of Records Deposition  has been served on all counsel of record via U.S. mail, postage prepaid.

SIMEON B. REIMONENQ, JR.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

EASTERN _____ DISTRICT OF ___ LOUISIANA _____

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER.        05-4182 "K" (2)

PERTAINS TO:    INSURANCE
(*Xavier Univ.*, No. 06-0516)

TO:   **Foxcor, Inc., 1121 Marengo Street, New Orleans, LA 70115**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY * | COURTROOM * |
|---|---|
| | DATE AND TIME * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME<br>July 10, 2007 @ 10:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT "A".**

**Please note:**   **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

| PLACE   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME<br>July 10, 2007 @ 10:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*S B Reimoneq*   Attorney for Travelers | DATE<br>6/19/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Simeon B. Reimoneq, Jr., #19755, 601 Poydras St., Suite 2775, New Orleans, LA 70130 (504) 568-1990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
2
tabbies

AO 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit "A"
## DOCUMENTS TO BE PRODUCED

This request pertains to all documents in written, photographic or electronic form.

1.   Your complete file regarding your investigation, inspection and work performed on the campus of Xavier University of Louisiana following Hurricane Katrina.

2.   All documents and tangible things, including all contracts, estimates, proposals, schedules, scopes of work, reports, physical models, compilations, data, field notes and other material prepared, used or relied upon by you in your evaluation, inspection, construction, and work on the campus of Xavier University of Louisiana following Hurricane Katrina.

3.   All documents relating to reports, mental impressions and opinions, schedules, meeting minutes, factual observations, physical models, tests, supporting data, calculations, photographs and compilations of data and other material prepared by you in your evaluation, inspection, construction and remediation work on the campus of Xavier University of Louisiana following Hurricane Katrina..

4.   All documents relating to allocations of damages, damage assessment, estimates of damages, scopes of work and remediation work between and among buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

5.   All documents relating to allocations of damages, damage assessments, estimates of damage scopes of work and remediation work between the first and upper floors of the each of the buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

6.   All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina.prepared by you or on your behalf for FEMA or any other governmental entity.

7.   All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina prepared by you or on your behalf for any insurance company.

8.   All documents including correspondence, contracts, estimates regarding all remediation work performed or to be performed by entities retained by you including but not limited to Munters and BMS CAT. on the campus of Xavier University of Louisiana following Hurricane Katrina.

9.   All documents prepared for Xavier University of Louisiana in connection with any claim to FEMA.

10. All documents prepared for Xavier University of Louisiana in connection with any claim for flood insurance coverage following Hurricane Katrina.
11. All documents relating to any capital improvements made to any building at Xavier University of Louisiana during 18 months preceding Hurricane Katrina.
12. All documents relating to capital improvement plans to buildings at Xavier University of Louisiana as of the date of Hurricane Katrina that were planned or potentially planned for a period after Hurricane Katrina.
13. All documents relating to payments made from Xavier University of Louisiana to You related to Hurricane Katrina.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| | * | |
| | * | |
| PERTAINS TO:      INSURANCE | * | |
| (*Xavier Univ.*, No. 06-0516) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF RECORDS DEPOSITION

TO:    Plaintiff, Xavier University of Louisiana
Through its Attorney of Record:
Darnell Bludworth, Esq.
Sher Garner Cahill Richter Klein & Hilbert LLC
909 Poydras Street, 28th Floor
New Orleans, LA 70112

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure,

defendant, Travelers Property Casualty Company of America ("Travelers"), will take the records

deposition of the following:

| | | |
|---|---|---|
| Landis Construction Company | July 10, 2007 | 10:00 a.m. |
| Foxcor, Inc. | July 10, 2007 | 10:30 a.m. |

beginning on the dates and times stated above and continuing until such time as the deposition is

concluded. The deponents will be served with subpoenaes duces tecum requiring the production

of:

> Any and all records, including, but not limited to, proposals, quotes, bids, estimates, summaries, photographs, diagrams, test results, repair proposals, repair plans, estimates, repair estimates, invoices, correspondence (electronic and/or magnetic), construction documents, memos, notes, field notes, inspection notes, drafts, or other writings (whether in draft form or otherwise) notations on photographs, photographs, videotapes, and reports or preliminary reports relating to plaintiffs for the following entity.

**NOTE:** **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

You are invited to attend and participate as you may deem fit and proper.

Respectfully submitted,

SIMEON B. REIMONENQ, JR., T/A., #19755
**RALPH S. HUBBARD III, #7040**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

OF COUNSEL:

**CHRISTOPHER J. HUG**
**STEPHEN E. GOLDMAN**
**WYSTAN M. ACKERMAN**
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

**Attorneys for Travelers Property**
**Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, a copy of the Notice of Records Deposition has been served on all counsel of record via U.S. mail, postage prepaid.

SIMEON B. REIMONENQ, JR.

3

## McGlone, Kevin

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Tuesday, June 26, 2007 11:07 AM |
| **To:** | Simeon Reimonenq |
| **Cc:** | Garner, James M.; McGlone, Kevin |
| **Subject:** | Xavier |

Simeon:

Both Landis and Foxcor have contacted us with concerns regarding the scope of your notice of deposition/subpoena. [We have seen the deposition notice but not the subpoenas - please forward us a copy of the subpoenas as required by Rule 45(b)(1)]. If the subpoenas have the same wording as the notice of deposition, we share their concerns. The description simply requests a broad grocery list of documents "relating to plaintiffs for the following entity."

Initially, as we have discussed, the request seems to include the very voluminous pay applications that we have already produced. Do you expect Landis and Foxcor to produce these again, despite the fact that Xavier has already produced them?

Further, the scope does not appear to be limited to Katrina repairs. We do not believe any pre-Katrina work is relevant. (for example, Landis built several buildings on campus in recent years). Please confirm you agree to so limit the request.

We have already produced a number of Landis documents such as the Sarah Busch notebooks, photographs, meeting minutes, response to requests for proposals, etc. Please confirm that you do not want Landis and Foxcor to produce this same data a second time.

Do you intend for the notice to include FEMA related documents? If so, we will need either to agree that Foxcor will not produce such documents until such time as we have a ruling on your motion to compel on this topic, or will need to file a motion to quash. In addition to being irrelevant to this matter, the FEMA project worksheets are many thousands of pages of documents and will be very burdensome to produce.

Please let us know if we can work out an agreement on these issues so that we can move forward with assisting Foxcor and Landis in complying with the subpoenas.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.



EXHIBIT

3

**McGlone, Kevin**

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Thursday, June 28, 2007 8:51 AM |
| **To:** | Simeon Reimonenq |
| **Cc:** | Garner, James M.; McGlone, Kevin; Washington, Teresa |
| **Subject:** | Xavier |

Simeon:

Could you please try to get us answers to the questions about the Landis and Foxcor subpoenas today?  They need time to respond given the volume of documents, and if motion practice is necessary we will need to move forward with that as well.

Thanks very much.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.



EXHIBIT
4

## McGlone, Kevin

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Thursday, June 28, 2007 3:28 PM |
| **To:** | 'Simeon Reimonenq' |
| **Cc:** | Garner, James M.; McGlone, Kevin |
| **Subject:** | RE: Xavier |

Simeon:

Thanks for your email. The email below addresses a few issues beyond the pay application issue. We really need to know your position on all of these issues as it will impact the scope of production that Foxcor and Landis need to make. They are asking for direction given that the wording is broad.

We normally send documents to Choice. Their rates are competitive, so this should not prove to be a problem.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.

---

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Tuesday, June 26, 2007 11:07 AM |
| **To:** | Simeon Reimonenq |
| **Cc:** | Garner, James M.; McGlone, Kevin |
| **Subject:** | Xavier |



**EXHIBIT**

tabbies®

3

Simeon:

Both Landis and Foxcor have contacted us with concerns regarding the scope of your notice of deposition/subpoena. [We have seen the deposition notice but not the subpoenas - please forward us a copy of the subpoenas as required by Rule 45(b)(1)]. If the subpoenas have the same wording as the notice of deposition, we share their concerns. The description simply requests a broad grocery list of documents "relating to plaintiffs for the following entity."

Initially, as we have discussed, the request seems to include the very voluminous pay applications that we have already produced. Do you expect Landis and Foxcor to produce these again, despite the fact that Xavier has already produced them?

Further, the scope does not appear to be limited to Katrina repairs. We do not believe any pre-Katrina work is relevant. (for example, Landis built several buildings on campus in recent years). Please confirm you agree to so limit the request.

We have already produced a number of Landis documents such as the Sarah Busch notebooks, photographs, meeting minutes, response to requests for proposals, etc. Please confirm that you do not want Landis and Foxcor to produce this same data a second time.

Do you intend for the notice to include FEMA related documents? If so, we will need either to agree that Foxcor will not produce such documents until such time as we have a ruling on your motion to compel on this topic, or will need to file a motion to quash. In addition to being irrelevant to this matter, the FEMA project worksheets are many thousands of pages of documents and will be very burdensome to produce.

1

Please let us know if we can work out an agreement on these issues so that we can move forward with assisting Foxcor and Landis in complying with the subpoenas.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.

**McGlone, Kevin**

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Monday, July 02, 2007 6:10 PM |
| **To:** | 'Simeon Reimonenq' |
| **Cc:** | Garner, James M.; McGlone, Kevin |
| **Subject:** | RE: Xavier |

Simeon:

Given that we have not received a response to the below questions we will instruct Landis and Foxcor as follows:

1.    Not to produce documents that Xavier has previously produced or made available for inspection, including pay applications, meeting minutes, Busch notebooks, photographs, proposals, etc.

2.    Not to produce pre-Katrina documents.

3.    Not to produce FEMA documents.

If you do not agree with any of the foregoing, please let us know. Our plan is to ask Choice and Ikon (with whom we are familiar and can recommend be entrusted with original documents) for competitive pricing on the copying and bates labeling of the documents.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Thursday, June 28, 2007 3:28 PM |
| **To:** | 'Simeon Reimonenq' |
| **Cc:** | Garner, James M.; McGlone, Kevin |
| **Subject:** | RE: Xavier |

Simeon:

Thanks for your email. The email below addresses a few issues beyond the pay application issue. We really need to know your position on all of these issues as it will impact the scope of production that Foxcor and Landis need to make. They are asking for direction given that the wording is broad.

We normally send documents to Choice. Their rates are competitive, so this should not prove to be a problem.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422



EXHIBIT
6

1

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Tuesday, June 26, 2007 11:07 AM |
| **To:** | Simeon Reimonenq |
| **Cc:** | Garner, James M.; McGlone, Kevin |
| **Subject:** | Xavier |

Simeon:

Both Landis and Foxcor have contacted us with concerns regarding the scope of your notice of deposition/subpoena. [We have seen the deposition notice but not the subpoenas - please forward us a copy of the subpoenas as required by Rule 45(b)(1)]. If the subpoenas have the same wording as the notice of deposition, we share their concerns. The description simply requests a broad grocery list of documents "relating to plaintiffs for the following entity."

Initially, as we have discussed, the request seems to include the very voluminous pay applications that we have already produced. Do you expect Landis and Foxcor to produce these again, despite the fact that Xavier has already produced them?

Further, the scope does not appear to be limited to Katrina repairs. We do not believe any pre-Katrina work is relevant. (for example, Landis built several buildings on campus in recent years). Please confirm you agree to so limit the request.

We have already produced a number of Landis documents such as the Sarah Busch notebooks, photographs, meeting minutes, response to requests for proposals, etc. Please confirm that you do not want Landis and Foxcor to produce this same data a second time.

Do you intend for the notice to include FEMA related documents? If so, we will need either to agree that Foxcor will not produce such documents until such time as we have a ruling on your motion to compel on this topic, or will need to file a motion to quash.  In addition to being irrelevant to this matter, the FEMA project worksheets are many thousands of pages of documents and will be very burdensome to produce.

Please let us know if we can work out an agreement on these issues so that we can move forward with assisting Foxcor and Landis in complying with the subpoenas.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.

**McGlone, Kevin**

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Tuesday, July 10, 2007 11:55 AM |
| **To:** | McGlone, Kevin |
| **Subject:** | FW: Xavier |

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and
confidential information intended only for the use of the owner of the email address
listed as the recipient of this message.  If you are not the intended recipient, or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any disclosure, dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this transmission in error,
please immediately notify us by telephone at 504-299-2100, permanently delete the message,
and return any printed copies of the original message to us at Sher Garner Cahill Richter
Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112
via the United States Postal Service.

-----Original Message-----
From: Simeon Reimonenq [mailto:sreimonenq@lawla.com]
Sent: Tuesday, July 03, 2007 9:50 AM
To: Bludworth, Darnell
Subject: RE: Xavier

Darnell,

1. We do not want pay applications, but we do want meeting minutes, Busch notebooks,
photographs, proposals, etc.

2.  We do want some pre-Katrina and I will be sending you a memo clarifying what we
specifically want.

3.  We want all FEMA documents.

Please send the documents to IKON.

Thanks

Simeon

Simeon B. Reimonenq, Jr., Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
(504) 568-1990 Ext. 125
(504) 310-9195 (Fax)

This message is intended solely for the use of the Addressee and may contain information
that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are
hereby notified that any dissemination of this communication is strictly prohibited.  If
you have received this communication in error, please erase all copies of the message and
its attachments and notify me immediately.  Thank you.

1

**EXHIBIT**

7

>>> "Bludworth, Darnell" <DBludworth@SHERGARNER.com> 7/2/2007 6:09 PM
>>> >>>
Simeon:

Given that we have not received a response to the below questions we will instruct Landis
and Foxcor as follows:

1.    Not to produce documents that Xavier has previously produced or made available for
inspection, including pay applications, meeting minutes, Busch notebooks, photographs,
proposals, etc.

2.    Not to produce pre-Katrina documents.

3.    Not to produce FEMA documents.

If you do not agree with any of the foregoing, please let us know. Our plan is to ask
Choice and Ikon (with whom we are familiar and can recommend be entrusted with original
documents) for competitive pricing on the copying and bates labeling of the documents.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and
confidential information intended only for the use of the owner of the email address
listed as the recipient of this message.  If you are not the intended recipient, or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any disclosure, dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this transmission in error,
please immediately notify us by telephone at 504-299-2100, permanently delete the message,
and return any printed copies of the original message to us at Sher Garner Cahill Richter
Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112
via the United States Postal Service.


> _____
> From:    Bludworth, Darnell
> Sent:    Thursday, June 28, 2007 3:28 PM
> To: 'Simeon Reimonenq'
> Cc: Garner, James M.; McGlone, Kevin
> Subject:  RE: Xavier
>
> Simeon:
>
> Thanks for your email. The email below addresses a few issues beyond the pay application
issue. We really need to know your position on all of these issues as it will impact the
scope of production that Foxcor and Landis need to make. They are asking for direction
given that the wording is broad.
>
> We normally send documents to Choice. Their rates are competitive, so this should not
prove to be a problem.
>
> Darnell Bludworth
> Sher Garner Cahill Richter Klein & Hilbert
> 909 Poydras St. 28th Floor
> New Orleans, Louisiana 70112
> telephone 504 299-2114
> fax 504 299-2314
> cell 504 723-5422
>
> The information contained in this electronic message may be attorney privileged and
confidential information intended only for the use of the owner of the email address
listed as the recipient of this message.  If you are not the intended recipient, or the

2

employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any disclosure, dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this transmission in error,
please immediately notify us by telephone at 504-299-2100, permanently delete the message,
and return any printed copies of the original message to us at Sher Garner Cahill Richter
Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112
via the United States Postal Service.
>
>
> _____
> From:      Bludworth, Darnell
> Sent:      Tuesday, June 26, 2007 11:07 AM
> To: Simeon Reimonenq
> Cc: Garner, James M.; McGlone, Kevin
> Subject:  Xavier
>
> Simeon:
>
> Both Landis and Foxcor have contacted us with concerns regarding the
> scope of your notice of deposition/subpoena. [We have seen the
> deposition notice but not the subpoenas - please forward us a copy of
> the subpoenas as required by Rule 45(b)(1)]. If the subpoenas have the
> same wording as the notice of deposition, we share their concerns. The
> description simply requests a broad grocery list of documents
> "relating to plaintiffs for the following entity." >
>
> Initially, as we have discussed, the request seems to include the very voluminous pay
applications that we have already produced. Do you expect Landis and Foxcor to produce
these again, despite the fact that Xavier has already produced them?
>
> Further, the scope does not appear to be limited to Katrina repairs. We do not believe
any pre-Katrina work is relevant. (for example, Landis built several buildings on campus
in recent years). Please confirm you agree to so limit the request.
>
> We have already produced a number of Landis documents such as the Sarah Busch notebooks,
photographs, meeting minutes, response to requests for proposals, etc. Please confirm that
you do not want Landis and Foxcor to produce this same data a second time.
>
> Do you intend for the notice to include FEMA related documents? If so, we will need
either to agree that Foxcor will not produce such documents until such time as we have a
ruling on your motion to compel on this topic, or will need to file a motion to quash.  In
addition to being irrelevant to this matter, the FEMA project worksheets are many
thousands of pages of documents and will be very burdensome to produce.
>
> Please let us know if we can work out an agreement on these issues so that we can move
forward with assisting Foxcor and Landis in complying with the subpoenas.
>
> Darnell Bludworth
> Sher Garner Cahill Richter Klein & Hilbert
> 909 Poydras St. 28th Floor
> New Orleans, Louisiana 70112
> telephone 504 299-2114
> fax 504 299-2314
> cell 504 723-5422
>
> The information contained in this electronic message may be attorney privileged and
confidential information intended only for the use of the owner of the email address
listed as the recipient of this message.  If you are not the intended recipient, or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any disclosure, dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this transmission in error,
please immediately notify us by telephone at 504-299-2100, permanently delete the message,
and return any printed copies of the original message to us at Sher Garner Cahill Richter
Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112
via the United States Postal Service.
>

**McGlone, Kevin**

| | |
|---|---|
| **From:** | Bludworth, Darnell |
| **Sent:** | Tuesday, July 03, 2007 10:00 AM |
| **To:** | Simeon Reimonenq |
| **Cc:** | Garner, James M.; McGlone, Kevin; Washington, Teresa |
| **Subject:** | RE: Xavier |

Thanks for the response.

1.    We have previously produced minutes, Busch notes (you reviewed the originals and had them copied), photographs, proposals from Landis. WE do not understand why you want the same paper twice.

2.    We do not understand the relevance of any pre-Katrina documents.

3.    You currently have a motion pending on the FEMA issue (among others). Will you agree that motion will resolve the issue vis a vis the subpoena to Foxcor, or do we need to file a separate motion to quash on this issue?


Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.

-----Original Message-----
From: Simeon Reimonenq [mailto:sreimonenq@lawla.com]
Sent: Tuesday, July 03, 2007 9:50 AM
To: Bludworth, Darnell
Subject: RE: Xavier

Darnell,

1. We do not want pay applications, but we do want meeting minutes, Busch notebooks, photographs, proposals, etc.

2. We do want some pre-Katrina and I will be sending you a memo clarifying what we specifically want.

3. We want all FEMA documents.

Please send the documents to IKON.

Thanks

Simeon

Simeon B. Reimonenq, Jr., Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard



EXHIBIT

601 Poydras Street, Suite 2775
New Orleans, LA 70130
(504) 568-1990 Ext. 125
(504) 310-9195 (Fax)
_____

This message is intended solely for the use of the Addressee and may contain information
that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are
hereby notified that any dissemination of this communication is strictly prohibited.  If
you have received this communication in error, please erase all copies of the message and
its attachments and notify me immediately.  Thank you.

>>> "Bludworth, Darnell" <DBludworth@SHERGARNER.com> 7/2/2007 6:09 PM
>>> >>>
Simeon:

Given that we have not received a response to the below questions we will instruct Landis
and Foxcor as follows:

1.    Not to produce documents that Xavier has previously produced or made available for
inspection, including pay applications, meeting minutes, Busch notebooks, photographs,
proposals, etc.

2.    Not to produce pre-Katrina documents.

3.    Not to produce FEMA documents.

If you do not agree with any of the foregoing, please let us know. Our plan is to ask
Choice and Ikon (with whom we are familiar and can recommend be entrusted with original
documents) for competitive pricing on the copying and bates labeling of the documents.

Darnell Bludworth
Sher Garner Cahill Richter Klein & Hilbert
909 Poydras St. 28th Floor
New Orleans, Louisiana 70112
telephone 504 299-2114
fax 504 299-2314
cell 504 723-5422

The information contained in this electronic message may be attorney privileged and
confidential information intended only for the use of the owner of the email address
listed as the recipient of this message.  If you are not the intended recipient, or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any disclosure, dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this transmission in error,
please immediately notify us by telephone at 504-299-2100, permanently delete the message,
and return any printed copies of the original message to us at Sher Garner Cahill Richter
Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112
via the United States Postal Service.

> _____
> From:      Bludworth, Darnell
> Sent:      Thursday, June 28, 2007 3:28 PM
> To: 'Simeon Reimonenq'
> Cc: Garner, James M.; McGlone, Kevin
> Subject:  RE: Xavier
>
> Simeon:
>
> Thanks for your email. The email below addresses a few issues beyond the pay application
issue. We really need to know your position on all of these issues as it will impact the
scope of production that Foxcor and Landis need to make. They are asking for direction
given that the wording is broad.
>
> We normally send documents to Choice. Their rates are competitive, so this should not
prove to be a problem.
>

> Darnell Bludworth
> Sher Garner Cahill Richter Klein & Hilbert
> 909 Poydras St. 28th Floor
> New Orleans, Louisiana 70112
> telephone 504 299-2114
> fax 504 299-2314
> cell 504 723-5422
>
> The information contained in this electronic message may be attorney privileged and
confidential information intended only for the use of the owner of the email address
listed as the recipient of this message.  If you are not the intended recipient, or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any disclosure, dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this transmission in error,
please immediately notify us by telephone at 504-299-2100, permanently delete the message,
and return any printed copies of the original message to us at Sher Garner Cahill Richter
Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112
via the United States Postal Service.
>
>
> _____
> From:        Bludworth, Darnell
> Sent:        Tuesday, June 26, 2007 11:07 AM
> To: Simeon Reimonenq
> Cc: Garner, James M.; McGlone, Kevin
> Subject:  Xavier
>
> Simeon:
>
> Both Landis and Foxcor have contacted us with concerns regarding the
> scope of your notice of deposition/subpoena. [We have seen the
> deposition notice but not the subpoenas - please forward us a copy of
> the subpoenas as required by Rule 45(b)(1)]. If the subpoenas have the
> same wording as the notice of deposition, we share their concerns. The
> description simply requests a broad grocery list of documents
> "relating to plaintiffs for the following entity." >
>
> Initially, as we have discussed, the request seems to include the very voluminous pay
applications that we have already produced. Do you expect Landis and Foxcor to produce
these again, despite the fact that Xavier has already produced them?
>
> Further, the scope does not appear to be limited to Katrina repairs. We do not believe
any pre-Katrina work is relevant. (for example, Landis built several buildings on campus
in recent years). Please confirm you agree to so limit the request.
>
> We have already produced a number of Landis documents such as the Sarah Busch notebooks,
photographs, meeting minutes, response to requests for proposals, etc. Please confirm that
you do not want Landis and Foxcor to produce this same data a second time.
>
> Do you intend for the notice to include FEMA related documents? If so, we will need
either to agree that Foxcor will not produce such documents until such time as we have a
ruling on your motion to compel on this topic, or will need to file a motion to quash.  In
addition to being irrelevant to this matter, the FEMA project worksheets are many
thousands of pages of documents and will be very burdensome to produce.
>
> Please let us know if we can work out an agreement on these issues so that we can move
forward with assisting Foxcor and Landis in complying with the subpoenas.
>
> Darnell Bludworth
> Sher Garner Cahill Richter Klein & Hilbert
> 909 Poydras St. 28th Floor
> New Orleans, Louisiana 70112
> telephone 504 299-2114
> fax 504 299-2314
> cell 504 723-5422
>
> The information contained in this electronic message may be attorney privileged and

confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100, permanently delete the message, and return any printed copies of the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty Eighth Floor, 909 Poydras Street, New Orleans, LA 70112 via the United States Postal Service.