UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**IN RE KATRINA CANAL BREACHES**          **CIVIL ACTION**
**CONSOLIDATED LITIGATION**

                                                                                     **NO. 05-4182**

                                                                                     **SECTION "K" MAG "2"**

**PERTAINS TO:**
**INSURANCE (XAVIER UNIVERSITY**
**OF LOUISIANA V. TRAVELERS**
**CASUALTY PROPERTY COMPANY**
**OF AMERICA NO. 06-516)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**RULE 37.1 CERTIFICATE**</u>

       NOW COMES, through undersigned counsel, Plaintiff, Xavier University of Louisiana ("Xavier") who submits this Rule 37.1 Certificate concerning its good faith efforts to resolve the issues raised in the foregoing Motion to Quash the subpoenas issued by defendant Travelers Casualty Property Company of America ("Travelers") to Landis Construction Company and FoxCor, Inc. ("FoxCor").

       Counsel for Xavier exchanged a number of e-mails with counsel for Travelers regarding the scope of the identical subpoenas. On June 26, 2007, counsel for Xavier asked whether the scope of the subpoena would be limited only to post-Hurricane Katrina work and exclude FEMA-related

documents.[1] Counsel was also advised of the voluminous nature of these documents and the potential burdens associated with making the requested production.[2] Travelers' counsel did not respond to this e-mail, and a follow-up e-mail was sent on June 28.[3]

Although Travelers' counsel did respond, he did not discuss the overly broad nature of the request as it related to the post-Hurricane Katrina work and FEMA-related information.[4] After no response was forthcoming, counsel for Xavier sent another e-mail on July 2 advising that neither pre-Katrina documents nor FEMA-related information would be produced.[5] Counsel for Travelers responded on July 3 requesting the pre-Katrina and FEMA information, although no clarification was offered as to why counsel considered this information relevant.[6] Moreover, counsel did not respond to a request to delay production of the FEMA-related information pending this Court's ruling on Travelers' motion to compel.[7] Having been unable to resolve their discovery dispute, Travelers brings this motion to quash the FoxCor and Landis subpoenas.

---

[1] *See* June 26, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached to Xavier's Memorandum in Support as Exhibit 3.

[2] *Id.*

[3] *See* June 28, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached to Xavier's Memorandum in Support as Exhibit 4.

[4] June 28, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached to Xavier's Memorandum in Support as Exhibit 5.

[5] *See* July 2, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached to Xavier's Memorandum in Support as Exhibit 6.

[6] *See* July 3, 2007, e-mail from Simeon Reimonenq to Darnell Bludworth, attached to Xavier's Memorandum in Support as Exhibit 7.

[7] July 3, 2007, e-mail from Darnell Bludworth to Simeon Reimonenq, attached to Xavier's Memorandum in Support as Exhibit 8.

Respectfully Submitted:

/s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY OF LOUISIANA

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER