UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2)<br>JUDGE DUVALL<br>MAG WILKINSON |

**PERTAINS TO:**

**LEVEE:** *Ponchartrain Baptist Church*, 06-06642

### JAMES CONSTRUCTION GROUP, LLC'S OPPOSITION
### TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, James Construction Group, LLC ("James"), submits this Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion for Leave") (R. Doc. 6029).

### BACKGROUND

On November 7, 2006, Plaintiffs filed suit in state court. That suit asserted Louisiana state law causes of action for inverse condemnation, "absolute liability" under La. Civil Code art. 667, "general liability" under La. Civil Code art. 667, "Liability Under the General Maritime law and or La. Civil Code Articles 2315 and 2317," and

---

[1] The name change is noted in the on-line records of the Louisiana Secretary of State. See http://www.sos.louisiana.gov/cgibin?rqstyp=crpdtlC&rqsdta=34684511Q

{N1679715.2}

1

liability under La. Civil Code art. 665, Petition (attached to R. Doc. 1 in member case 06-6642), ¶¶ 56-79.  The suit was removed to this Court by James on September 28, 2006.  R. Doc. 1 in member case 06-6642.  A Motion for Remand was filed November 7, 2006 (R. Doc. 1526), but Plaintiffs subsequently filed a first amended petition (R. Doc. 3644), thereby accepting federal jurisdiction and rendering the remand motion moot.

The petition that commenced this proceeding is practically identical to the numerous complaints filed by the various plaintiffs in the captioned consolidated litigation alleging that defendants involved in the design, construction and maintenance of the hurricane protection system adjacent to the 17th Street Canal, Orleans Avenue Canal, and London Avenue Canal committed various acts or omissions that ultimately resulted in the failure of the canal and massive flooding and damages.  *Compare, e.g.*, Petition, ¶ 38 *with* Master Levee Complaint (R. Doc. 3420), ¶240.  In their Motion for Remand, however, the Plaintiffs maintained that their claims were different than those asserted by the other consolidated plaintiffs because they sought to invoke the Court's admiralty jurisdiction.  In response, defendants consistently denied the existence of admiralty jurisdiction, and have repeatedly argued that the claims raised by these Plaintiffs are no different from those raised by other consolidated plaintiffs and thus merit no special treatment.  *See e.g.* James' Opposition to Motion to Remand (R. Doc. 2354).[1]

Now, Plaintiffs seek leave to amend their petition a second time in order to "shore up" their admiralty claims.  For the following reasons, Plaintiffs' Motion for Leave should be denied.

## LAW AND ARGUMENT

---

[1] For efficiency's sake, James will not repeat the arguments made in its Opposition to Motion to Remand, but incorporates those arguments herein, and makes them a part of this Opposition.

{N1679715.2}

Under Fed. R. Civ. P. 15(a), leave to amend is not automatic. *See Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). In deciding whether to grant leave to amend, courts consider such factors as (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failures to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment. In the instant case, Plaintiffs' Motion for Leave to Amend should be denied because it is futile. *Whitaker v. City of Houston, Texas,* 963 F.2d 831, 834 (5th Cir. 1992); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314 (5th Cir. 1991). Denial of an amendment for futility is proper where the amendment would not survive a motion to dismiss or a motion for summary judgment. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981) ("Clearly, if the complaint as amended would still be subject to dismissal, no abuse of discretion occurs when amendment is denied"). Here, it is clear that Plaintiffs' proposed Second Amended Complaint ("Amended Complaint") would not survive such review.

Plaintiffs' Second Amended Complaint does nothing more than formally allege the existence and applicability of admiralty jurisdiction, and expand upon the supposed "maritime torts" committed by the various defendants. This Court, however, has conclusively established that admiralty jurisdiction does not lie for claims arising out of the design and construction of the canal flood walls.

On June 29, 2007, Judge Duval entered an Order (R. Doc. 6175) that tackled head-on the "new issue" raised by the Master Levee Complaint, specifically the assertion that subject-matter jurisdiction existed under "the Admiralty/Maritime Law of the United States, pursuant to 28 U.S.C. § 1331(1)." In the Order, Judge Duval correctly noted that

"[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. §1333(a) over a tort claim must satisfy conditions both of location and connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock*, 513 U.S. 527, 534 (1995) (applying the test for determining admiralty jurisdiction as clarified in *Sisson v. Ruby*, 497 U.S. 358 (1990)). As to the location prong, a court "must determine whether the tort occurred on **navigable water** or whether injury suffered on land was caused by a vessel on **navigable water.**" *Id.* (emphasis added). Thus, Judge Duval noted, in determining whether admiralty jurisdiction applies, "the first issue presented is whether the 17th Street Canal can be considered a 'navigable waterway;' if it is not, the inquiry ends." June 29, 2007 Order at 5.

Judge Duval then went through a lengthy review of cases defining "navigable waters."[2]  Based upon this case review, the Court concluded that for admiralty jurisdiction purposes, "the Seventeenth Street Canal is not a navigable body of water. It is a drainage ditch." *Id.* at 8.  In a footnote, the Court made it clear that this ruling applies to all drainage canals at issue in the consolidated litigation, making specific reference to the *Pontchartrain Baptist Church* case:

> The Court would also note that in *Pontchartrain Baptist Church,* C.A. No. 06-6642, there are allegations that the Seventeenth Street Canal, the London Avenue Canal, and the Orleans Avenue Canal are all navigable waters. For the same reasons the Court finds the Seventeenth Street Canal is not navigable, **the rationale applies with equal force to the London**

---

[2] In addition, the Court took judicial notice of a number of facts supporting the finding that the 17th Street Canal is not a navigable waterway.  Specifically, the Court noted that (1) while there is a fishing fleet at the reach of the canal, commercial activity is blocked in the canal by virtue of the Old Hammond Highway Bridge; (2) the bridge acts like a dam in that it is so low that no commercial vessel would be able to cross under it; (3) the property values around the canal would be affected by any attempt to open it to commercial traffic; (4) the sole purpose of the canal is to provide an outlet for drainage water being pumped from New Orleans and Jefferson Parish.  The Court applies this rational with equal force to the London Avenue and Orleans Avenue Canals.  Indeed, the bridges traversing the London Avenue Canal similarly too low to prevent commercial traffic.  *See* Exhibit "A," photographs of the bridges crossing the London Avenue Canal at Lakeshore Drive, Leon C. Simon Ave., and Robert E. Lee Blvd.

{N1679715.2}

> **Avenue Canal and the Orleans Avenue Canal. Simply put, these are drainage ditches; they are not navigable waterways susceptible of commercial navigation. They provide no basis for admiralty jurisdiction**.

*See* June 29, 2007 Order at p. 10, fn. 2. (Emphasis added).

In light of this Court's June 29 Order, it is clear that proposed amendments in Plaintiffs' proposed Amended Complaint are futile. First, Plaintiffs' proposed amendments to their "Jurisdiction and Venue" allegations are clearly futile in light of Judge Duval's ruling. *See* proposed Amended Complaint at pp. 3-4. Second, the Court's ruling eliminates the possibility that the 17th Street and London Avenue Canals can be considered navigable waters, as asserted by Plaintiffs in pp. 9-13 of their Amended Complaint. Finally, considering that the Court has conclusively ruled that the canals are not navigable waterways (that they are simply drainage ditches), and that, as a result, there is no basis for admiralty jurisdiction, it is futile for the Plaintiffs to assert any maritime claim against the defendants. As Plaintiffs admit, the proposed amendments set forth "a navigable water maritime tort." *See* Motion for Leave at 2. It is axiomatic that a party cannot prevail on such a claim if there was no navigable waterway involved. Indeed, the Court cannot even invoke admiralty jurisdiction without a navigable waterway. *See In Re Ingram Barge Company*, 435 F. Supp. 2d 524, 526 (E.D. La. 2006). *Executive Jet Aviation, Inc. v. City of Cleveland Ohio*, 409 U.S. 249, 255, 93 S. Ct. 493, 497 (1972) (citing *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 205 n. 2, 92 S.Ct. 418, 421 (1971) ("'(t)he historic view of this Court has been that the maritime tort jurisdiction of the federal courts is determined by the locality of the accident and that **maritime law governs only those torts occurring on the navigable waters** of the United States.'") (Emphasis added).

**CONCLUSION**

For these reasons, it is clear that the Plaintiffs' proposed amendments are futile. The proposed Amended Complaint will not survive a motion to dismiss or motion for summary judgment before Judge Duval because the canals at issue simply are not "navigable waterways." Accordingly, James Construction Group, LLC respectfully requests that this Court deny the Plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

__/s/ Emily E. Eagan _____
RICHARD J. TYLER, T.A. (#1155)
EMILY E. EAGAN (#29166)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
(504) 582-8266
Fax: (504) 589-8266
Attorneys for James Construction Group, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, ECF, e-mail, hand delivery, or facsimile this 10th day of July, 2007.

__/s/ Emily E. Eagan_____