FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUL -9  PM 4: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: **KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * * * * | **CIVIL ACTION** <br> **NO. 05-4182 "K" (2)** |
| | * | **JUDGE DUVAL** |
| PERTAINS TO: LEVEE: 06-6642 (PONTCHARTRAIN BAPTIST CHURCH) (BRIDGE PROJECTS) | * * * | **MAG. WILKINSON** |

**************************************************

## PLAINTIFFS' MOTION *AND INCORPORATED MEMORANDUM* FOR CLARIFCATION AND RECONSIDERATION OF ADMIRALTY JURISDICTION RULING (DOC. 6175): THE PONTCHARTRAIN BAPTIST CHURCH CASE IS INDISTINGUISHABLE FROM GRUBART

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, by and through their undersigned counsel, come Plaintiffs seeking clarification and reconsideration by the Court of its June 29, 2007 Order and Reasons (Doc. 6175) as set forth below:

### CLARIFICATIONS

1. Plaintiffs respectfully request this Court clarify that the waters of the 17th Street Canal from Lake Pontchartrain to the **southern** edge of the Hammond Highway Bridge are navigable waters for purposes of admiralty jurisdiction. Plaintiffs' request is supported by the following photograph which depicts a

1

barge partially underneath the Hammond Highway Bridge performing commercial maritime activities on April 15, 2005.



2. Plaintiffs respectfully request that this Court clarify which structure on the London Avenue Canal, from the Lake Pontchartrain waters' entrance, acts as the dividing line between navigable and non-navigable waters for determining "navigable waters of the United States" for purposes of admiralty jurisdiction.

3. Plaintiffs respectfully request that this Court clarify that the Court's granting of Boh Bros.' Motion for Summary Judgment (Doc. 2986) and of Modjeski & Masters' Motion for Summary Judgment (Doc. 2970) only relate to the affirmative defense of peremption, and that Plaintiffs' claims are not dismissed.

2

## RECONSIDERATION

The claims in Plaintiffs' suit relate to torts, breaches of maritime contracts, and other claims related to the repair, reconstruction, and demolition of the Hammond Highway, Robert E. Lee, Mirabeau Avenue, and Filmore Avenue Bridges (the "Bridge Projects"). Plaintiffs respectfully request this Court reconsider its finding that Plaintiffs claims are preempted as they relate to commercial activities at, under, and adjacent to the Bridge Projects with vessels in navigable waters of the United States for purposes of admiralty jurisdiction. (Doc. 6029-4).

Assuming *arguendo* that this Court's *per se* "commercial activity" rule for determining "navigable waters of the United States" for the purposes of maritime tort jurisdiction is the correct rule, under that rule Plaintiffs' allegations of admiralty jurisdiction are not frivolous or conclusory. There is ample evidence of maritime commercial activity on the Bridge Projects involving the removal of piles and other activities at all Bridge Project locations.

Plaintiffs respectfully request this Court reconsider and modify its Order and Reasons (Doc. 6175) to reflect that concerning the Bridge Project claims asserted by Plaintiffs in their lawsuit, none of which are perempted or prescribed, admiralty jurisdiction exists since the wrongs giving rise to Plaintiffs' claims occurred on vessels in navigable waters at, under, and adjacent to the Bridge Projects at issue.

Counsel is mindful of the Court's concern regarding the evaluation of a Federal interest for finding admiralty jurisdiction. During oral argument in *Grubart*, Justice Kennedy made the following statement:

> ...You're urging us to evaluate the federal interest in admiralty jurisdiction. It reminds me, the only other field I can think of where we do an interest analysis kind of case that comes readily to mind, anyway, is conflicts of laws, where, in the past 30 years or so, interest analysis has become, in academic circles at least, a fashionable thing. It has not produced very much certainty in the law. In fact, that is a gross understatement. It has produced a great chaos in the entire field."

Transcript of oral argument, Grubart v. Great Lakes Dredge & Dock Co., 1994 WL 665269 at p. 25 (1994) (Interestingly Chief Justice John G. Roberts, Jr. was counsel for respondent Great Lakes Dredge & Dock Co. during oral argument.)

In addition, Plaintiffs suggest to this Court that the holding in the *Complaint of Paradise Holdings, Inc.* does not support this Court's rejection of the application of the "ebb and flow" rule of navigable waters. In this case the waters at issue are coastal, tidal waters and not inland waters. The *Paradise* Court made that clear when it held:

> Because we conclude that none of the activities on the river constituted commerce we held the action was not cognizable in admiralty. **This ruling extends only to inland bodies of water and was not intended to alter the rule pertaining to tidal waters**. (emphasis added).

*Complaint of Paradise Holdings, Inc.*, 785 F.2d 756, 761 (9th Cir. 1986), *cert den'd*, 479 U.S. 1008 (1986).[1]

Finally, Plaintiffs recognize that although admiralty contract subject matter jurisdiction and the Admiralty Extension Act are not discussed in Doc. 6175, this Court will at some time address those questions as they relate to this case. Defendants in their Answers repeatedly admit entering into contracts for the Bridge Projects with the Corps of Engineers and with others. No Bridge Project is perempted or prescribed. Yet each

---

[1] Plaintiffs incorporate by reference herein the Levee and MRGO PLSC's Memorandum in Opposition to Motion to Strike Admiralty Claims Against the United States (Doc. 6352), which does not address the Bridge Project claims asserted in the Pontchartrain Baptist Church case.

4

Project involved excavation, dredging, pile removal and pile driving activities at, under, and adjacent to the Bridges (Doc. 6029).

Maritime contract jurisdiction does not require the same prerequisites as maritime tort jurisdiction. It only requires that the nature and characteristics of the contracts at issue to be maritime and/or mixed as they are in this. *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307 (2nd Cir. June 30, 2005), citing *Norfolk S. Ry. Co. v. James N. Kirby, Pty. Ltd.*, 543 U.S. 14 (2004).

## CONCLUSION

Counsel recognizes the overwhelming task of this Court in these Katrina cases and that Judges in the lower district federal courts have long recognized difficulties in trying to apply different standards and definitions relating to legal issues, but they lack the power to clarify and enunciate one uniform rule. As Fifth Circuit Judge Edith H. Jones noted, "Our lower courts may not defy the High Court's rulings," even though a judge may disagree with the law. It is the Supreme Court's task to interpret and straighten out the awkward. *Bienvenue v. Texaco, Inc.*, 164 F.3d 901, 911 (5th Cir. 1999) (en banc) (Jones, J. dissenting).

Finally, the United States Constitution does not require that the Plaintiffs in this case offer proof of navigability without discovery as a threshold matter in order to invoke this District Court's admiralty jurisdiction. Only if allegations are sham and raise no genuine issues of fact should a case be dismissed for want of admiralty jurisdiction.

5

Respectfully submitted,

_____
WILLIAM E. O'NEIL (#10213)
THE O'NEIL GROUP, L.L.C.
701 N. CAUSEWAY BLVD.
METAIRIE, LA 70001
(504) 833-4770
weo@theoneilgroup.com

-and-

_____
DON M. RICHARD (#11226)
ATTORNEY AT LAW
701 N. CAUSEWAY BLVD.
METAIRIE, LA 70001
(504) 834-9882
dmr@dmr-law.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, e-mail, hand delivery, or facsimile this _____ day of July, 2007.

New Orleans, Louisiana this __5__ day of July, 2007.

_____
WILLIAM E. O'NEIL

6