UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO:  INSURANCE, Xavier, 06-516 | SECTION "K" (2) |

### ORDER AND REASONS ON MOTION

Defendant, Travelers Property Casualty Company of America, filed a motion to compel plaintiff, Xavier University of Louisiana, to provide more responsive answers to defendant's discovery requests. Travelers also seeks sanctions for plaintiff's alleged "bad faith refusal to respond to discovery."  Record Doc. No. 5500, at p. 1.  Specifically, Travelers seeks more responsive answers to its Interrogatory Nos. 15, 16,  17 and 18, and its Request for Production Nos. 2, 3, 4, 5, 6, 8, 9, 10, 11, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25.  Xavier filed a timely opposition memorandum.  Record Doc. No. 6226.

Travelers issued to Xavier an "all risks" policy that was in effect when Hurricane Katrina struck the New Orleans area on August 29, 2005.  Plaintiff's opposition memorandum, Record Doc. No. 6226, at p. 2.  Xavier also had in effect a flood insurance policy issued by another insurer under the National Flood Insurance Program ("NFIP").

Xavier received payment under its flood insurance policy for damages resulting from Hurricane Katrina.

Xavier sought payment from Travelers under the all risks policy for all of plaintiff's hurricane-related damages, regardless whether they were caused by wind or water. After several months had passed following the hurricane, during which Travelers paid Xavier nothing, Xavier sued Travelers for breach of contract, bad faith breach of an insurance contract, failure to pay claims timely, breach of the duty of good faith and fair dealing and breach of the affirmative duty to adjust claims fairly and promptly. Complaint, Record Doc. No. 1. Although Travelers moved to dismiss plaintiff's claim as to damages caused by inundation, that motion was denied and the ruling is currently on appeal to the United States Fifth Circuit Court of Appeals.

Having considered the written submissions of counsel, their oral argument, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART, DENIED IN PART, DEFERRED IN PART and DISMISSED AS MOOT IN PART, as follows.

I.      INTERROGATORIES

In Interrogatories Nos. 15 and 16, Travelers seeks information concerning Xavier's flood insurance policies and the post-hurricane proceeds received by Xavier under those policies. Plaintiff's objection that the term "flood" is not defined is overruled. However,

defendant's motion is denied as to Interrogatory No. 15. The responsive information provided subject to the objection is sufficient.

Defendant's motion is granted and plaintiff's objections are overruled as to Interrogatory No. 16. Xavier argues that its flood policies and proceeds are irrelevant and inadmissible under the collateral source rule. Based on the same arguments, Xavier has filed a Motion for Partial Summary Judgment Regarding Collateral Source, Record Doc. No. 5848, which challenges the admissibility of any evidence regarding Xavier's receipt of funds through the NFIP. In its memorandum in opposition to defendant's motion to compel, Xavier asks the court to defer ruling on defendant's motion to compel, pending a ruling on plaintiff's motion for partial summary judgment.

That request is denied. The hearing on Xavier's partial summary judgment motion has recently been reset for September 12, 2007. Record Doc. No. 6349. Discovery cannot await that hearing. The scope of discovery is broader than the standard for admissibility of evidence at trial. Parties may "obtain discovery regarding any matter, not privileged, [that] is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Timely responses to discovery requests that are within the scope of Rule 26(b)(1) should be provided without further delay.

Plaintiff's relevance objection is overruled. The judges of this court have held in similar Hurricane Katrina insurance coverage cases that the proceeds from a plaintiff's flood insurance policy are relevant to the amount that the plaintiff can recover under its other policies, because an insured cannot be indemnified by its insurance policies for more than the total value of its loss. See, e.g., Louque v. State Farm Fire & Cas. Co., No. 06-2881, 2007 WL 1343636, at *2 (E.D. La. May 4, 2007) (McNamara, J.); Wellmeyer v. Allstate Ins. Co., No. 06-1585, 2007 WL 1235042, at *2-3 (E.D. La. Apr. 26,2007) (Feldman, J.); Esposito v. Allstate Ins. Co., No. 06-1837, 2007 WL 1125761, at *2 (E.D. La. Apr. 16, 2007) (Zainey, J.); Weiss v. Allstate Ins. Co., No. 06-3774, 2007 WL 891869, at *2-3 (E.D. La. Mar. 21, 2007) (Vance, J.); see also Wellmeyer, 2007 WL 1235042, at *3 n.2 (citing

> Tejedor v. State Farm Fire & Cas. Co., No. CIVA1:05CV679LTS-RHW, 2006 WL 325726, at *2 (S.D. Miss. Nov. 6, 2006) ("[T]he Plaintiff's actual loss is the maximum recovery he may receive from all applicable policies of insurance for both his dwelling and personal property. [I]t is a basic proposition that '[i]nsurance law is based on the principle of indemnification and is aimed at reimbursement. The benefit derived from insurnace [sic] should be no greater in value than the loss.' (quoting Estate of Murrell v. Quin, 454 So.2d 437, 444 (Miss. 1984) (Prather, J., dissenting)); Cole v. Celotex Corp., 599 So.2d 1058, 1080 (La. 1992) ("'As a general rule the claimant may recover under all available coverages provided that there is no double recovery.' 15A Couch on Insurance 2d, § 56:34 (1983); [s]ee also 8D Appleman, Insurance Law and Practice, § 5192 (1981) (noting that under pro-stacking rule, while an insured may not recover in excess of his actual loss, an insured may recover under each policy providing coverage until the total loss sustained is indemnified).");

> State Farm Fire & Cas. Co. v. Griffin, 888 S.W.2d 150, 156 (Tex. App. 1994) ("An insurance contract is by definition a contract of indemnity, under which an insurer cannot be required to pay its insured more than the amount of his actual loss.")).

Xavier has cited no decisions in which a court has applied the collateral source rule to prohibit discovery of insurance policies that may provide alternative or additional coverage for a covered loss, and my research has uncovered none. I am neither persuaded that there is an inevitable windfall at issue nor that the proper question is whether Xavier, "which has suffered through the fault of others," plaintiff's memorandum at p.17, should receive a windfall in preference to Travelers, which has received Xavier's premiums for years and would "unfairly and unjustifiably" "avoid[ ] the obligation to pay for covered losses." Id. As the decisions cited above have held, Travelers is obligated to pay for all covered losses according to its contract, but that does not mean that Xavier can recover insurance proceeds twice, once from its flood policy and once from its Travelers policy, for an identical loss. Xavier is contractually entitled to be made whole for its losses, not more.

Thus, this court need not decide whether the collateral source rule prohibits the admission of evidence concerning Xavier's flood insurance proceeds to find that Travelers may discover that information. Such information is relevant to the parties' claims and defenses and reasonably calculated to lead to the discovery of admissible

5

evidence. Accordingly, defendant's motion is granted and plaintiff must fully answer Interrogatory No. 16.

In Interrogatories Nos. 17 and 18, Travelers seeks information related to any post-Katrina grants, donations or other <u>non</u>-insurance sources of funding that Xavier received. Defendant's motion is denied and plaintiff's objections are sustained as to these two interrogatories. Xavier is a private institution of higher learning. It can safely be assumed that Xavier regularly solicits and receives gifts and grants of all types for a wide variety of purposes. Such proceeds are of an entirely different kind than the proceeds of its NFIP policy discussed above. The fact that Xavier may be in a position to tap <u>non</u>-insurance proceeds to assist itself in a time of disaster has nothing to do with the claim in this case that Travelers failed to meet its contractual, insurance obligations to do so. Thus, unlike other <u>insurance</u> proceeds, Xavier's receipt of funds from other, <u>non</u>-insurance sources is completely irrelevant to Travelers' obligations under its contract of insurance with Xavier.

Defendant argues that plaintiff's characterization of its losses and the causes of its losses in its applications for other funding sources is relevant to the claims and defenses in this action. However, Xavier's claim is that Travelers owes it indemnity under the policy for <u>all</u> of its damages, not just damages caused by wind. The presiding district judge has denied defendant's motion to dismiss plaintiff's claim for damages caused by

6

inundation. Although that holding is on appeal, the Fifth Circuit has not yet ruled and plaintiff's claim for all damages remains in this case. Thus, how Xavier may have characterized its damages when applying for other funds is irrelevant. While plaintiff's characterization of its losses may be marginally "relevant to the subject matter involved in" the instant action, Travelers has not borne its burden to show "good cause" to expand the scope of discovery to encompass such marginally relevant information. Fed. R. Civ. P. 26(b)(1).

Finally, the copies of plaintiff's interrogatory answers provided to me with these motion papers do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2). The required verification must be provided within ten (10) days of entry of this order.

## II.    REQUESTS FOR PRODUCTION OF DOCUMENTS

Travelers seeks additional responses to its Requests for Production Nos. 2, 3, 4, 5, 6, 8, 9, 10, 11, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25. These requests fall into four categories.

In the first category, Travelers requested materials related to the estimates and scope of Xavier's claims in Requests for Production Nos. 2, 10 and 11. Initially, Xavier's objection to Request for Production No. 10 regarding the term "flood" is overruled.

Next, Xavier objected to Requests for Production Nos. 2, 10 and 11 on the basis of the attorney-client privilege and work product doctrine. In its opposition memorandum, Xavier does not address its privilege objections, other than to state generally that it has produced all non-privileged, responsive documents. If plaintiff is waiving its privilege objections or is <u>not</u> withholding responsive materials on privilege or protective doctrine grounds, as plaintiff's counsel stated during oral argument, it must provide supplemental answers to Request for Production Nos. 2, 10 and 11, stating clearly that it has produced or will make available for inspection and copying <u>all</u> responsive documents, and/or that it is not withholding responsive materials on privilege grounds. If Xavier continues to assert its privilege objections, Xavier's current written responses are unclear whether it has actually produced <u>all</u> non-privileged, responsive documents. Thus, Xavier must supplement its responses to Requests for Production Nos. 2, 10 and 11 to state that it has produced or will make available for all Rule 34 purposes <u>all</u> non-privileged, responsive documents, if that is accurate.

Finally, Xavier's privilege and work product objections have not been properly substantiated in two ways. First, the party who asserts privilege and/or work product objections to a request for production must comply with Fed. R. Civ. P. 26(b)(5). The materials provided to me in connection with this motion do not include the required privilege log. Second, despite the fact that Xavier bears the burden of proof on this

claim, it has submitted <u>no evidence</u> of any kind, by affidavit, deposition testimony or otherwise, that might establish that the requested information is privileged in any way. The mere assertion of a lawyer that the materials are privileged or were prepared in anticipation of litigation <u>is not evidence</u> sufficient to bear the burden.

Even if Xavier can support its objections that the requested materials are Rule 26(b)(3) materials, work product or privileged in some way, Travelers may still obtain discovery of such materials. If Xavier carries its burden to show that the requested materials are privileged or were created in anticipation of litigation or for trial, then the materials are protected from disclosure, unless defendant meets its burden established in Fed. R. Civ. P. 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Thus, Travelers may obtain the requested materials, even if they are protected as a threshold matter, if it makes the required showing. Accordingly, ruling on this part of the motion is deferred pending the following:

IT IS ORDERED that, no later than July 25, 2007, plaintiff must file and serve the required privilege log and all evidence necessary to sustain its burden concerning its assertion of any privilege or any other protective doctrine, if plaintiff intends to assert any such privilege or protective doctrine.

IT IS FURTHER ORDERED that, no later than August 8, 2007, defendant must file and serve its response to these submissions, including any evidence necessary to make the showing required by Rule 26(b)(3). Thereafter, the court will rule on this part of the motion on the record without further briefing.

Travelers' second category of requests seeks flood insurance documents in Requests for Production Nos. 3, 4, 5, and 6. Defendant's motion is granted and plaintiff's objections are overruled. For the reasons stated above in connection with the interrogatories, flood insurance information is within the scope of discovery.

The third category of document requests seeks materials related to any claims or applications for payments related to hurricane damages by Xavier from the Federal Emergency Management Agency or the United States Department of Housing and Urban Development. The fourth category seeks materials concerning any post-Katrina grants, donations or payments received by Xavier from various named charitable and non-charitable organizations and a catch-all designation of any entity, foundation, individual, nation, partnership, non-profit organization, religious order or other institution not named

10

in the previous requests. Defendant's motion is denied and plaintiff's relevance objection is sustained as to Request for Production Nos. 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25. For reasons similar to those discussed above, unlike proceeds from other <u>insurance</u> policies, Xavier's applications for and/or receipt of funds from these named and unnamed other sources are completely irrelevant to Travelers' insurance obligations to Xavier under its contract. As explained above, plaintiff's characterization of its losses when applying for other funding is irrelevant to its claim against Travelers to recover for <u>all</u> hurricane-related damages. Again, while Xavier's characterization of its losses in its applications for other funding may be marginally "relevant to the subject matter involved in" the instant action, Travelers has not borne its burden to show "good cause" to expand the scope of discovery to encompass such marginally relevant information. Fed. R. Civ. P. 26(b)(1).

III.   <u>SANCTIONS</u>

At oral argument, defendant withdrew its request for an award of attorney's fees and costs. Accordingly, that portion of the motion is dismissed as moot.

\* \* \* \* \* \* \* \* \*

Except as otherwise provided herein concerning privilege or other protective doctrine assertions, all additional answers to interrogatories, including the Rule 33(b) verification, and all additional written responses to requests for production required

herein must be provided to defendant by plaintiff and all responsive materials must be made available for inspection and copying within twenty (20) days of entry of this order.

New Orleans, Louisiana, this  12th  day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE