UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                          CIVIL ACTION
CONSOLIDATED LITIGATION
                                                       NO. 05-4182

PERTAINS TO:                                          SECTION "K" (2)
*Richardson*, C.A. No. 06-8708


ORDER AND REASONS


Before the Court is the Motion to Remand (Rec.Doc.No. 1716) of Plaintiffs Josephine Richardson, individually and on behalf of her deceased husband, Joseph Richardson (collectively "Richardson"), wherein Plaintiffs contend that removal was improper because there is no federal subject matter jurisdiction and the Notice of Removal did not have consent of all Defendants. Defendants Boh Bros. Construction Co., L.L.C. ("Boh Bros.") and Washington Group International, Inc. ("Washington Group") oppose remand contending that subject matter jurisdiction exists under 28 U.S.C. § 1442(a)(1) ("federal officer removal statute").[1] After

---

[1] Part (a) of the federal officer removal statute provides as follows:

> A civil action or criminal prosecution commenced in State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)  The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official capacity for any act under the color of such office or on account of any right, title or authority claimed under any Act of Congress for the

1

reviewing the pleadings, memoranda, and relevant law, the Court finds that subject matter jurisdiction exists over Plaintiffs' claims against the Defendants.

## I. BACKGROUND

Plaintiffs bring this suit alleging, *inter alia*, that Boh Bros. and Washington Group caused damage to the levee and/or flood wall along the Industrial Canal which ultimately resulted in a breach of the levee and/or flood wall when Hurricane Katrina struck New Orleans, Louisiana, on the morning of August 29, 2005. *See* Petition ¶¶ 12 & 13 (Rec.Doc.No. 1). Specifically, Plaintiffs allege that Defendants' "use of heavy vehicles and/or other heavy construction equipment along the Industrial Canal...damaged the levee and/or flood wall and caused and/or contributed to the above mentioned breach in the levee and/or flood wall." *Id.*

The action was removed on October 19, 2006, by Boh Bros. with the consent of Washington Group.[2] On November 2, 2006, the case was consolidated with *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (E.D. La. filed Sept. 19, 2005). *See* Consol. Order (Rec.Doc.No. 3). On November 17, 2006, the instant Motion to Remand was filed by Plaintiffs.

Plaintiffs ostensibly contend that there is no subject matter jurisdiction over this

---

>> apprehension or punishment of criminals or the collection of
>> the revenue.

28 U.S.C § 1442(a) (2007).

[2] Washington Group filed their consent to removal on October 24, 2006. *See* Consent (Rec.Doc.No. 2).

proceeding under 28 U.S.C. § 1332 (diversity). Moreover, Plaintiffs requested additional time to address whether there was subject matter jurisdiction under 28 U.S.C. § 1442(a)(1). However, they did not supplement this motion and have indicated that they no longer oppose this Court's exercise of subject matter jurisdiction over their claims against Defendants Washington Group and Boh Bros. Nevertheless, because the issue was raised the Court, on its own motion, examines its subject matter jurisdiction over this Plaintiffs' claims against Washington Group and Boh Bros.

## II. LEGAL STANDARD

**A.     Removal**

Pursuant to 28 U.S.C. §1441(b), "an action filed in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction based on a claim or right arising under the Constitution, treaties or laws of the United States." *Jernigan v.Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).  The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). If the right to remove is doubtful, the case should be remanded.  *Ryan v. Dow Chemical,* 781 F. Supp. 934, 939 (E.D.N.Y. Jan. 29, 1992).

The Court noted previously that the determination as to whether a cause of action presents a federal question, making it subject to removal, depends on the allegations made on the

face of the plaintiff's complaint as it exists at the time of removal. *Lightfoot v. Bellsout Telecommunications, Inc.*, 2004 WL 2381533 (E.D. La., Oct. 27, 2004) (*citing Carpenter v. Wichita Falls Indep. School Dist.,* 44 F.3d 362, 366 (5th Cir. 1995).

### III. ANALYSIS

**A.    Federal Officer Removal Jurisdiction**

Despite the fact that Plaintiffs no longer oppose the Court's exercise of subject matter jurisdiction over the controversy, the question presented is whether there is subject matter jurisdiction overt this action under 28 U.S.C. § 1441(a)(1). A federal district court may examine subject matter jurisdiction, *sua sponte*, at any time. *See Russell v. Choicepoint Servs., Inc.,* 302 F.Supp.2d 654 (E.D.La. 2004); *Patterson v. Hamrick*, 885 F.Supp. 145 (E.D. La.1995); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007).

The Court has previously addressed the exercise of removal jurisdiction under §1441(a)(1), stating the following:

> [W]hen a "person" "acting under" federal officers can present a colorable "government contractor defense," the case is removable by such "person." The power to remove is absolute, provided the proper procedures are followed. *Ryan v. Dow Chemical*, 781 F.Supp. 932, 939 (E.D.N.Y. 1992) (citing *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)).
> In order to remove a state law claim under this statute, as a federal officer, or "person" acting under him, the removing party must "(1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to the plaintiffs' claims and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office." *Mesa v. California*, 489

4

U.S. 121, 131-132, 109 S.Ct. 959, 966, 103 L.Ed.2d 99 (1989); *Crocker v. Borden, Inc.*, 852 F.Supp. 1322, 1325 (E.D. La. 1994); *Pack v. AC and S, Inc.*, 838 F.Supp. 1099, 1101 (D. Md. 1993).

*Berthelot v. Boh Brothers Construction Co.*, No. 05-4182 (E.D. La. Jun. 1, 2006)

Defendant Washington Group submits that it is a "person"[3] acting as a contractor on a government project. Plaintiffs claim negligence on the part Washington Group in the performance of its contract with the Corp to "demolish property improvements and perform site preparation services" at a work site along the Industrial Canal. *See* Opp. Mot. Remand (Rec.Doc.No. 2680). Washington Group raises the government contractor defense with respect to these claims. *Id.* Thus, the Court finds that this action was properly removed under § 1442(a)(1) as Washington Group is a government contractor, there is a causal nexus between Plaintiffs' claims and the work performed at the request of the government, and Washington Group has raised a colorable federal defense.[4]

Defendant Boh Bros. also asserts that removal jurisdiction exists under § 1442(a)(1), despite the fact that it is a government subcontractor. The Court need not find that the claims against Boh Bros. can also be removed under § 1442(a)(1) as they are so related to the claims against Defendant Washington Group "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also Crocker v. Borden*, 852 F.Supp. 1322, 1327 (E.D. La. May 6, 1994). Thus, the Court finds that supplemental jurisdiction

---

[3] A corporation has been recognized as a "person," as that term is contemplated by 28 U.S.C. § 1442(a)(1) by the Fifth Circuit. *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55 (5th Cir. 1975).

[4] The Court notes that Washington Group has merely raised the government contractor defense, and the instant ruling has no bearing on the merits of that assertion.

exists over the claims against Boh Bros. Accordingly,

**IT IS ORDERED** that the Motion to Remand (Rec.Doc.No. 1716) is **DENIED**.

New Orleans, Louisiana, on this 12th day of July, 2007.

> **STANWOOD R. DUVAL, JR.**
> **UNITED STATES DISTRICT COURT JUDGE**