**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | NUMBER 05-4182 |
| | * | |
| THIS DOCUMENT RELATES TO | * | SECTION "K" (2) |
| LEVEE:  07-1113  (DOUVILLE) | * | |
| | * | JUDGE DUVAL |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | MAGISTRATE WILKINSON |

<u>ANSWER AND DEFENSES</u>

NOW INTO COURT, through undersigned counsel, comes defendant Sewerage and Water Board of New Orleans and in answer to and in defense of plaintiffs' Complaint for Damages avers as follows:

<u>FIRST DEFENSE</u>

The Complaint fails to state a claim against the Sewerage and Water Board of New Orleans for which relief can be granted pursuant to F.R.Civ.P. 12(b)(6).

<u>SECOND DEFENSE</u>

The Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana and is entitled to discretionary immunity for all actions and inactions as may be alleged in the first and second amendment to complaint under La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, the Sewerage and Water Board of New Orleans is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

## FOURTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads the doctrine of Lis Pendens.

## FIFTH DEFENSE

The Sewerage and Water Board of New Orleans avers that the levee was constructed in accordance with federal guidelines.

## SIXTH DEFENSE

The Sewerage and Water Board of New Orleans alleges that plaintiffs failed to mitigate their damages.

## SEVENTH DEFENSE

The Sewerage and Water Board of New Orleans is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, La. R.S. 9:2800, and La. R.S. 9:2800.17.

## EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that it never had actual or constructive notice, before the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm.

## NINTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect(s), the existence of which is denied.

## TENTH DEFENSE

The Sewerage and Water Board of New Orleans alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue.   To the contrary, the exclusive right, jurisdiction, power and authority to design, construct, and maintain the levees in question was conferred by law to persons or entities other than the Sewerage and Water Board of New Orleans.

## ELEVENTH DEFENSE

The Sewerage and Water Board of New Orleans denies that it was negligent and/or at fault, but in the event that it is deemed negligent, then the negligence or fault of the Sewerage and Water Board of New Orleans should be compared to the negligence or fault of others, both parties and non-parties the instant action, and any recovery against the Sewerage and Water Board of New Orleans should be reduced accordingly.

## TWELFTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

## THIRTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## FOURTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, any such injuries and damages resulted from an independent, intervening, and/or superseding cause for which defendant may not be held responsible.

## FIFTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

## SIXTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by the Sewerage and Water Board of New Orleans.

## SEVENTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct as plaintiffs may allege in the first amendment and second amendment to complaint.

## EIGHTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges, in the alternative, that, at all relevant times, it acted as a Federal Officer and/or a Federal Contractor under 28 U.S.C. §1442(a)(1).

## NINETEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others, to the extent the Sewerage and Water Board of New Orleans was obligated to be in said compliance.  To the extent that the same is applicable, the Sewerage and Water Board of New Orleans pleads the Government Contractor Defense.

## TWENTIETH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous.

## TWENTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads that plaintiffs are not entitled to attorney's fees, costs or judicial interest.

## TWENTY-SECOND DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads that plaintiffs' claims are barred either in whole or in part by the applicable period of limitations or prescriptive/peremptive period.

### TWENTY-THIRD DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

### TWENTY-FOURTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. §702(c).

### TWENTY-FIFTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that to the extent that plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the Sewerage and Water Board of New Orleans is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source Doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-SIXTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges that maintaining this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, the Sewerage and Water Board of New Orleans's actions (which alleged actions are made part of plaintiffs' allegations) were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## TWENTY-SEVENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans avers that plaintiffs have failed to join indispensable parties as Federal Rule of Civil Procedure 19 requires.

## TWENTY-NINTH DEFENSE

If any of the plaintiffs have received compensation or reimbursement or should receive compensation or reimbursement for any of their respective alleged damages, the Sewerage and Water Board of New Orleans is entitled to a credit or setoff.

## THIRTIETH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads the provisions of LSA-R.S. 9:2772 (Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

## THIRTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans affirmatively pleads the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LSA-R.S. 29:721, *et seq.*).

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against the Sewerage and Water Board of New Orleans are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law, including 33 U.S.C. § 701, *et seq.*

### THIRTY-THIRD DEFENSE

The Sewerage and Water Board of New Orleans avers the Independent Contractor Defense to the extent plaintiffs seek to hold the Sewerage and Water Board of New Orleans responsible for the acts and/or omissions and/or fault of any third party entities, including but not limited to contractors and/or subcontractors.

### THIRTY-FOURTH DEFENSE

The Sewerage and Water Board of New Orleans avers that plaintiffs' claims are barred under the provisions of LSA—C.C. art. 2315, in whole or in part, because plaintiffs cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the Sewerage and Water Board of New Orleans breached any such duty.

### THIRTY-FIFTH DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative defenses and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply in whole or in part to this action.

## **THIRTY-SIXTH DEFENSE**

The Sewerage and Water Board of New Orleans reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

AND NOW, in responding to the specific allegations of the Complaint for Damages, the Sewerage and Water Board of New Orleans responds as follows:

1.

The allegations of article 1 are denied except to admit that the Sewerage and Water Board of New Orleans is domiciled in the Parish of Orleans which parish is incorporated within this district court.

2.

The allegations of article 2 are denied for lack of information to justify a belief therein.

3.

The allegations of article 3 call for a legal conclusion and/or do not require an answer from the Sewerage and Water Board of New Orleans, however out of an abundance of caution, the allegations of article 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of article 4 call for a legal conclusion and/or do not require an answer from the Sewerage and Water Board of New Orleans, but if a response is deemed to be required, the allegations of article 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of article 5 call for a legal conclusion and/or do not require an answer from the Sewerage and Water Board of New Orleans, but if a response is deemed to be required, the allegations of article 5 are denied for lack of sufficient information to justify a belief therein.

6.

The Sewerage and Water Board of New Orleans, reserving its rights to object to suit in federal court, admits that if this Court has jurisdiction over this action, venue is proper in this Court.

7.

The allegations of article 7A through D are denied for lack of sufficient information to justify a belief therein.

8.

In response to the allegations of article 8(p), the Sewerage and Water Board of New Orleans admits that it is a political subdivision and/or agency and/or board created by statute, LSA—R.S. 33 4071, *et seq*., and as thus admitted or qualified, the remaining allegations of

article 8(p) are denied; the allegations of article 8(a) through (o) and (q) are denied for lack of sufficient information to justify a belief therein.

9.

On information and belief, the allegations of article 9 are admitted.

10.

On information and belief, the allegations of article 10 are denied for lack of sufficient information to justify a belief therein.

11.

In response to the allegations of article 11, the Sewerage and Water Board of New Orleans admits that Hurricane Katrina made landfall sometime on August 29, 2005, in the proximity of the Louisiana/Mississippi State Line, and as thus admitted, the remaining allegations of article 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of article 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of article 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of article 14 are denied for lack of sufficient information to justify a belief therein; and to the extent the allegations of article 14 aver fault, negligence or responsibility on the part of the Sewerage and Water Board of New Orleans, those allegations are denied.

15.

The allegations of article 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of article 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of article 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of article 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of article 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of article 20 are denied for lack of sufficient information to justify a belief therein.

21.

In response to the allegations of article 21, the Sewerage and Water Board of New Orleans admits that Hurricane Katrina made landfall somewhere along the Louisiana/Mississippi state line on August 29, 2005, and as thus admitted or qualified, the remaining allegations of article 21 are denied for lack of sufficient information to justify a belief therein.

22.

In response to the allegations of article 22 are denied for lack of sufficient information to justify a belief therein.

23.

Insofar as the allegations of article 23 aver fault, negligence, responsibility and liability to an on the part of the Sewerage and Water Board of New Orleans, those allegations are denied; the remaining allegations of article 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of article 24(A)(1) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(A)(1) are denied for lack of sufficient information to justify a belief

therein; the allegations of article 24(A)(2) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(A)(2) are denied for lack of sufficient information to justify a belief therein; the allegations of article 24(A)(3) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(A)(3) are denied for lack of sufficient information to justify a belief therein; and, the allegations of article 24(A)(4) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(A)(4) are denied for lack of sufficient information to justify a belief therein.  The allegations of article 24(B)(1) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(B)(1) are denied for lack of sufficient information to justify a belief therein; the allegations of article 24(B)(2) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(B)(2) are denied for lack of sufficient information to justify a belief therein; the allegations of article 24(B)(3) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(B)(3) are denied for lack of sufficient information to justify a belief therein; the allegations of article 24(B)(4) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(B)(4) are denied for lack of sufficient information to justify a belief

therein; and, the allegations of article 24(B)(5) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(B)(5) are denied for lack of sufficient information to justify a belief therein.   The allegations of article 24(C)(1) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(C)(1) are denied for lack of sufficient information to justify a belief therein; the allegations of article 24(C)(2) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(C)(2) are denied for lack of sufficient information to justify a belief therein; and, the allegations of article 24(C)(3) do not appear to require an answer from the Sewerage and Water Board of New Orleans, but out of an abundance of caution, the allegations of article 24(A)(3) are denied for lack of sufficient information to justify a belief therein.  The allegations of article 24(D)(1) through (11) do not appear to require a response from the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations of article 24(D)(1) through (11) are denied for lack of sufficient information to justify a belief therein.   The allegations of article 24(E)(1) through (3) do not appear to require a response from the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations of article 24(E)(1) through (3) are denied for lack of sufficient information to justify a belief therein.   The allegations of article 24(F)(1) through (4) are denied.

25.

In response to the allegations of article 25, the Sewerage and Water Board of New Orleans denies each and every allegation of article 25 that avers or suggests negligence, fault, liability and responsibility on its part in connection with the plaintiffs' claims, and as thus answered, the remaining allegations of article 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of article 26 do not appear to require a response from the Sewerage and Water Board of New Orleans, but should it be deemed that a response is required, the allegations of article 26 are denied.

27.

To the extent that any response is required to plaintiffs' WHEREFORE paragraph, including subparagraphs 1 through 4, any claims or allegations contained therein are denied.

Wherefore, the Sewerage and Water Board of New Orleans prays that after due proceedings are held that there be judgment rendered in its favor and against plaintiffs, dismissing plaintiffs' claims and complaint at their cost and prejudice.  Further, the Sewerage and Water Board of New Orleans prays for any additional relief this Court may grant in law or in equity.

Respectfully submitted,

s/Kevin R. Tully

**CHARLES M. LANIER, JR. - #18299, T.A.**
**LAWRENCE J. ERNST, - #5363**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**ELIZABETH S. CORDES – #1786**
**GREGORY S. LACOUR - #23823**
**H. CARTER MARSHALL - 28136**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

## C E R T I F I C A T E

I do hereby certify that on the 12th day of July 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/Kevin R. Tully
**KEVIN R. TULLY**

CK_DOCS 380115v2