UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES ) | | CIVIL ACTION |
| CONSOLIDATED LITIGATION ) | | |
| ) | | NO. 05-4182 |
| ) | | |
| PERTAINS TO: LEVEES AND MRGO ) | | SECTION "K"(2) |
| _____) | | |

REPLY BRIEF IN SUPPORT OF
MOTION TO STRIKE ADMIRALTY CLAIMS
AGAINST THE UNITED STATES

Defendants, United States of America and United States Army Corps of Engineers [hereafter "United States" or "government"], herewith file their reply brief to the Levee and MRGO PSLC's Memorandum in Opposition (Doc. 6352) to the government's Motion to Strike Admiralty Claims Against United States (Doc. 5855). In its Order of June 1, 2007 (Doc. 5435), the Court requested a reply brief on the part of the United States. Oral argument on the United States' Motion is set for July 18, 2007 at 10:30 a.m.

REPLY TO MRGO PSLC'S SUBMISSION

In their submission regarding the MRGO Master Consolidated Class Action Complaint ["MRGO Complaint"] (Doc. 3415), the MRGO Plaintiffs have essentially agreed with the United States' position that the allegations of the MRGO Complaint against the United States do not sound in admiralty (Doc. 6352 at 1-4). Therefore, the allegations of admiralty and maritime jurisdiction which are in the MRGO Complaint (Doc. 3415) at ¶¶ 1(d) and 5, should be stricken.

## REPLY TO LEVEE PSLC'S SUBMISSION

In their submission regarding the Superseding Master Consolidated Class Action Complaint ["Levee Complaint"] (Doc. 3420), the Levee Plaintiffs (Doc. 6352 at 4-20) raise objections to the United States' position which can basically be divided into three main arguments. First, they aver that a motion to strike is inappropriate to challenge jurisdiction, and therefore the motion should be denied outright (*id.* at 4-5, 19-20). Second, they make a lengthy argument attempting to obtain a reversal of this Court's recent ruling that the 17th Street Canal is non-navigable and therefore the claims arising there do not arise in admiralty (*id.* at 6-13). Finally, they aver that the claims in the Levee Complaint involve "traditional maritime activity", *i.e.,* dredging, and are therefore within admiralty jurisdiction (*id.* at 14-19).[1]

Nowhere in their submission do the Levee plaintiffs address the United States' principal argument: that a claim under the Admiralty Extension Act ["AEA"], 46 U.S.C. § 30101, must involve a particular maritime *incident* involving a specific, identifiable *vessel or vessels*. Their failure to address this argument indicates that they either agree with it, or have nothing to say about it. In either case, they have failed to oppose it and the Unites States should prevail.

Moreover, this Court's recent holding that the 17th Street Canal is non-navigable

---

[1] The Levee Plaintiffs briefly raise an additional argument that there are unaddressed maritime issues concerning claims arising on the Inner Harbor Navigation Canal (*id.* at 5-6). The United States will separately address those claims.

(Doc. 6175) independently and conclusively establishes that admiralty jurisdiction does not exist over those claims. Further, as set forth in the United States' recent Motion (Doc. 6380-3), allegations relating to the MRGO in the Levee Complaint are contrary to the Court's recent Scheduling Order (Doc. 3299), and should be stricken.

I.  A Motion to Strike is an Appropriate Means of
    <u>Challenging an Assertion of Jurisdiction</u>.

The Levee Plaintiffs, at 19-20, appear to be arguing that the government is seeking to strike the entire Complaint, or at least that it is seeking to strike factual allegations that, it is claimed, have evidentiary support. However, at another point (at 4-5), they argue that the United States is only challenging the "form" or "wording" of the Complaint and are not challenging maritime jurisdiction at all.[2]

The Levee Plaintiffs mischaracterize the government's position. The government is not seeking to strike the factual or even legal allegations of the Levee Complaint, nor to suggest a change in wording. It is seeking to strike only the allegations of admiralty jurisdiction, which can be found at ¶¶ 9-10 of the Levee Complaint.

Contrary to the Levee Plaintiffs' argument, it is completely appropriate to file a motion to strike jurisdictional allegations as "immaterial" where there are other, more appropriate allegations of jurisdiction which could support the claims. Fed.R.Civ.P. 12(f); *Smith v. Sentry Insurance*, 1986 WL 443 at *2 (N.D.Ga. 1986). Since the Levee

---

[2] Although the bulk of this argument is at the end of the Levee Plaintiffs' brief (at 19-20), since it raises a procedural issue in the United States' motion, it will be discussed first.

Complaint alleges subject matter jurisdiction under other statutes (*see* ¶¶ 5, 7, 8, 12) which are not being challenged at this time, the appropriate motion is a motion to strike. *Id.* However, if the Court deems it more appropriate to address the issue of admiralty jurisdiction under Fed.R.Civ.P. 12(b)(1) or (6), the government has no objection.[3]

II.     As this Court Has Already Decided, the 17th Street Canal is Non-Navigable for Admiralty Jurisdiction Purposes, and Therefore Such Jurisdiction Cannot Attach for Claims Involving the 17th Street Canal.

At pages 6-13 of their submission, the Levee Plaintiffs engage in a lengthy re-argument of the navigability, for admiralty jurisdiction purposes, of the 17th Street Canal. This is simply a collateral attack on the Court's Order and Reasons of June 29, 2007 (Doc. 6175 at 4-10) that the 17th Street Canal is non-navigable, and therefore cannot support admiralty jurisdiction.[4] This is the "law of the case" and no compelling reason has been given as to why it should be re-visited by this Court.

As discussed in the government's opening Memorandum, admiralty jurisdiction requires satisfaction of both a "locus" or "location" requirement and a "nexus" requirement. the "locus" requirement for admiralty jurisdiction requires either that the maritime incident in question occurred on navigable waters, or that it involves damage to land which was caused by a vessel on navigable waters (pursuant to the Admiralty

---

[3] Levee Plaintiffs have also suggested the possible application of Fed.R.Civ.P. 56, however, the United States has not sought to introduce matters outside the pleadings. Moreover, as will be shown herein, the Exhibits which the Levee Plaintiffs have sought to rely on are material only to an issue of navigability which has already been decided by this Court.

[4] Plaintiffs have not directly sought reconsideration of this ruling.

Extension Act, 46 U.S.C. § 30101). *See* Doc. 5855-3 at 6-7.   Since all of the damages in the Levee Complaint are land-based, the locus requirement can only be met if the damages were caused by a vessel on navigable waters.[5]

With respect to the "navigable waters" requirement, the United States in its opening Memorandum supported the view then stated by other defendants, that the 17th Street Canal is non-navigable.  However, that issue had not yet been resolved.  Therefore, the United States focused on the "caused by a vessel" requirement in the AEA and showed that, regardless of navigability, the damages were not "caused by a vessel" within the meaning of that phrase.

The Court has now decided that the 17th Street Canal is, indeed, non-navigable.  Therefore, with respect to the 17th Street Canal, the lack of navigability further supports the United States' argument that the claims relating to that canal were not "caused by a vessel on navigable waters," and thus admiralty jurisdiction does not attach to those claims.

III.    The "Inner Harbor Navigation Canal" Claim Does Not Sound in Admiralty.

Levee Plaintiffs argue, very briefly (at heading I(C), pp. 5-6), that the United States did not address "maritime issues" relating to the Inner Harbor Navigation Canal ["IHC"].  The only specific allegation against the government involving the IHC is at ¶ 90

---

[5] Of course, admiralty jurisdiction requires *both* a maritime "locus" and a maritime "nexus".  *See*

of the Levee Complaint, where it is alleged that the Corps of Engineers was "aware" of problems regarding the excavation work for dikes.[6] No "vessels" of any kind are mentioned. Because only land-based damages are involved, the only basis for admiralty jurisdiction would be under the AEA which requires that such damages are "caused by a vessel." Therefore, there is no admiralty jurisdiction over the IHC claim.

IV. The "Maritime Nexus" Argument is Inapplicable
    Where There is no "Maritime Locus".

At pages 14-19 of their submission (headings III (G through I)), Levee Plaintiffs strenuously argue that their claims satisfy the requirement of a "maritime nexus" and therefore admiralty jurisdiction attaches. However, they fail to rebut the government's original argument that there is no "maritime locus" because of the absence of a maritime incident involving an identifiable "vessel on navigable waters" as a cause of the damage, as required by the AEA. *See* government's Memorandum (Doc. 5855-3 at 3-6). If there is no maritime "locus," the question of "nexus" need not even be reached.

The cases cited by Levee Plaintiffs are not to the contrary. *See, Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527 (1995); *Southern Natural Gas Co. v. Pontchartrain Mat'ls, Inc.,* 711 F.2d 1251 (5th Cir. 1983); and *Lakes of Gum Cove Hunting and Fishing, L.L.C.*, 182 F.Supp.2d 537 (W.D.La. 2001).[7] All of these

---

[6] In Count V of the Complaint at ¶ 254, the "Corps" is mentioned as a party responsible for the "failure" of the IHNC. However, no specific allegation of liability against it is made.

[7] In two other cases cited by Levee Plaintiffs, maritime jurisdiction was not analyzed under the AEA because traditional admiralty jurisdiction was deemed to attach, as the damage

cases involve damages to land or a shore structure by a maritime incident involving an identifiable vessel operating on navigable waters.  *See, Grubart* (crane on Great Lakes barge drove pilings into riverbed, undermining a tunnel structure and causing a flood); *Southern Natural Gas* (pipeline ruptured by dredge MAUREPAS); and *Lakes of Gum Cove* (spoils dumped by dredge TOM JAMES).  The Levee Plaintiffs make so such specific claim.

Moreover, even if one reaches the maritime "nexus" argument, this case is simply not one involving "traditional maritime activity."  While Plaintiffs repeatedly drum the argument that dredging is "traditional maritime activity," this case is *not* "about" the allegedly negligent operation of a dredge or dredges.  Plaintiffs do not point to any occasion when a specific vessel was operated negligently.  Rather, they complain of a shore-based plan of levee and waterway maintenance over many years that allegedly weakened levees and/or created a storm surge.  The AEA was never intended to cover that type of land-based activity.[8]

It should also be noted that the only waterways in which "dredging" is alleged to be a basis for governmental liability in the Levee Complaint are the 17th Street Canal (¶¶

---

(or at least a substantial part of it) occurred on navigable water.  *Scarborough v. Clemco Industries*, 391 F.3d 660 (5th Cir. 2004); *Sisson v. Ruby*, 497 U.S. 358 (1990).

[8] The United States has already discussed *In re Ingram Barge Co.*, 2007 WL 837181, C.A. 05-4419 (E.D.La. 2007), in its opening Memorandum at 9-10.  However, it bears noting that the *Ingram* Court expressly deferred ruling on what substantive law would govern the case.  Instead, the Court simply determined that, regardless of whether the claims arose under the Federal Tort Claims Act or admiralty, the Court would still have jurisdiction over defendant's third-party claims against the United States.  *Id.* at *8.

25-55, 196-205) and the MR-GO (¶¶ 101, 248-9).  However, as noted above, the Court has ruled that the 17th Street Canal is non-navigable for admiralty jurisdiction purposes. Therefore, for this independent reason, admiralty jurisdiction is lacking as to the 17th Street Canal.

Further, as the United States argued in its Motion and Memorandum of July 9, 2007 to dismiss or strike counts of the Levee Complaint (Doc. 6380-3 at 15), the allegations as to the MRGO should be stricken under Fed. R. Civ. P. 16(f) as being in violation of the Case Management and Scheduling Order No. 4 (Doc. 3299) ¶¶ I(A) and II(B), which required three separate complaints for the Levee, MRGO, and Insurance claims.  Because the MRGO Plaintiffs have now agreed that jurisdiction is lacking as to their claims (Doc. 6352 at 1-4), and the raising of these claims in the Levee Complaint is improper, the MRGO "dredging" claims in the Levee Complaint should be disregarded.

## Conclusion

For the above reasons, and the reasons stated in the government's opening Memorandum (Doc. 5855-3), the admiralty jurisdictional claims against the government set forth in the MR-GO Complaint (Doc. 3415) and the Levee Complaint (Doc. 3420) should be stricken.

Dated:      July 12, 2007

                                 Respectfully submitted,

                                 PETER D. KEISLER
                                 Assistant Attorney General

        PHYLLIS J. PYLES
Director

JAMES TOUHEY
Assistant Director

ROBIN D. SMITH
Trial Attorney


/s/ Damon C. Miller
DAMON C. MILLER
Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044
Tel: (202) 616-4047
Fax: (202) 616-4159
E-mail: damon.miller@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I, Damon C. Miller, hereby certify that on July 12, 2007, I served a true copy of the foregoing upon all parties by ECF.

/s/ Damon C. Miller
DAMON C. MILLER