UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2007 JUL 13 PM 1: 18

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| IN RE: | KATRINA CANAL BREACHES  *  | CIVIL ACTION |
| | CONSOLIDATED LITIGATION  *  | NO. 05-4182 "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |
| PERTAINS TO: LEVEE:06-6642 | * | |
| (PONTCHARTRAIN BAPTIST CHURCH) | * | |
| (BRIDGE PROJECTS) | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PONTCHARTRAIN BAPTIST CHURCH'S OPPOSITION MEMORANDUM AND INCORPORATED EXHIBIT TO ENGINEERS AND CONTRACTORS JOINT EX-PARTE MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b) AND PROPOSED ORDER FOR FINAL JUDGMENT UNDER RULE 54 (b)

MAY IT PLEASE THE COURT:

Pending before this Court is Pontchartrain Baptist Church's Motion and Incorporated Memorandum for Clarification and Reconsideration of admiralty jurisdiction (Doc. 6175). That Motion was filed on July 9, 2007. Additionally, pending before this Court is Pontchartrain Baptist Church's Motion for Leave to File Second Amended Complaint and Incorporated Exhibits and Memorandum in Support filed June 26, 2007 (Doc. 6029) which is the result of a status conference before Judge Joseph C. Wilkinson, Jr., on May 30, 2007. A copy of the Transcript of that conference is attached hereto as Exhibit "A".

The defendants in filing their Rule 54(b) request for final judgment mis-

-1-

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

characterized this Court's Order and Reasons as overly broad and sweeping. Additionally, the Proposed Order is defective. This Court has not ruled on maritime contract jurisdiction in its Order and Reasons of June 29, 2007 (Doc. 6175) or in the earlier Order and Reasons (Doc. 2148 and 2142). Allegations have been asserted in Plaintiffs Complaints from the outset and again in Plaintiffs First Amended Complaint as well. Allegations and defenses of Bridge Contractors are in the Answers filed by various Defendants. Further this Court has also not ruled on admiralty tort or contact jurisdiction under 46 USC §740 The Extension of Admiralty Jurisdiction Act.

In this counsel's view, all the Court has said in its Order and Reasons is that maritime tort jurisdiction under 28 USC 1333(1) does not apply and accordingly maritime substantive law does not affect the peremption defenses which were the subjects of the motions. This Court did not and could not say that claims and wrongs asserted in Pontchartrain Baptist Church's Complaints, which are not perempted or prescribed, are perempted and prescribed as a result of this Court's ruling (Doc. 6175). Since none of the Bridge Project claims are perempted or prescribed (as defendants will readily concede), the Court's ruling on the <u>Pontchartrain Baptist Church claims are not dismissed</u>.

Plaintiffs' maritime contract claims do not require the prerequisites that maritime tort jurisdiction requires. Accordingly, this Court did not address the maritime contract claims in its June 29, 2007 Order and Reasons nor did it address the nexus requirement of the maritime tort claims under The Extension of Admiralty Jurisdiction Act.

We respectfully request that this Court deny or defer ruling on the motion for the 54(b) entry of final judgment and order until the above are clarified as requested in Doc. 6413.

Respectfully submitted,

_____
WILLIAM E. O'NEIL (#10213)
THE O'NEIL GROUP, L.L.C.
701 N. CAUSEWAY BLVD.
METAIRIE, LA 70001

-and-

_____
DON M. RICHARD (#11226)
ATTORNEY AT LAW
701 N. CAUSEWAY BLVD.
METAIRIE, LA 70001

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, e-mail, hand delivery, or facsimile this __13__ day of July, 2007.

New Orleans, Louisiana this __13__ day of __July__, 2007.

_____
WILLIAM E. O'NEIL