## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:** | | |
| **KATRINA CANAL BREACHES** | § | **CIVIL ACTION NO. 05-4182** |
| **CONSOLIDATED LITIGATION** | § | |
| | § | **SECTION "K"** |
| | § | |
| **PERTAINS TO:   INSURANCE** | § | **JUDGE DUVAL** |
| | § | |
| | § | **MAGISTRATE NO. 2** |
| **MALCOLM SCHULZ       NO.:  07-3081** | § | |
| | § | **MAGISTRATE WILKINSON** |
| **VERSUS** | § | |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| _____ | § | |

### AFFIRMATIVE DEFENSES, ANSWER TO PETITION AND ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**,  through undersigned counsel, comes Defendant, Allstate Casualty Company (erroneously referred to as Allstate Insurance Company) (hereafter sometimes referred to as "Allstate" or "Insurers"), who for the purposes of responding to Plaintiff's Petition and First Supplemental and Amended Complaint, respectfully represents as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a cause and/or right of action upon which relief can be granted against Allstate.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has been fully compensated for his alleged damages and/or for all covered losses under his homeowner's policy.

1

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by his failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Allstate adopts all terms, conditions, exclusions, and endorsements of its homeowner's policy as a defense to the Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are subject to all applicable deductibles.

## SIXTH AFFIRMATIVE DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions governing it, in particular, La. R.S. 22:658, La. R.S. 22:1220, La. R.S. 22:667, and La. R.S. 22:695. Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## SEVENTH AFFIRMATIVE DEFENSE

The Allstate policy specifically excludes coverage for loss, *inter alia,* consisting of or caused by flood, "including but not limited to surface water, waves, tidal water, or overflow of body of water, or spray from any of these, whether or not driven by wind."

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are diminished and/or barred by the other insurance provisions of the Allstate policy.

## NINTH AFFIRMATIVE DEFENSE

The Allstate policy specifically excludes coverage for loss, *inter alia*, caused by "weather conditions that contribute in any way with a cause of loss excluded" to produce a loss.

2

The policy also excludes loss when there are two or more causes of loss to property and the predominate cause of loss is excluded.

## TENTH AFFIRMATIVE DEFENSE

The Allstate policy specifically excludes coverage for loss, *inter alia*, caused by a faulty, inadequate, or defective planning, construction, or maintenance of property "whether on or off the residence premises by any person or organization."

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the page of declaration.

## TWELFTH AFFIRMATIVE DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is complete.

## THIRTEENTH AFFIRMATIVE DEFENSE

Allstate further gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff has suffered damage, it was caused by third-parties and not by Allstate.  Allstate is not liable for such damage.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Allstate homeowner's insurance policy specifically excludes coverage for loss, *inter alia*, because of water or any other substance on or below the surface of the

ground, regardless of its source, including water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the resident's premises.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that money's recoverable under the Plaintiff's policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff has made a claim on his flood policy that flood/storm surge destroyed his property and/or contents, plaintiff is judicially, legally, and equitably estopped from claiming that wind caused the same loss to his property and/or contents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiff's claims are also barred in whole, or in part, by judicial admissions.

## NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims, or some of them, are preempted by the National Flood Insurance Program (42 U.S.C. § 4001).

## TWENTIETH AFFIRMATIVE DEFENSE

Allstate's policy limits coverage for losses caused by mold-related items. Allstate's policy is the best evidence of its terms, conditions, coverages and exclusions.  The policy is pleaded herein as if copied in full.

4

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Allstate's policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiff breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has no right to recover penalties, attorney's fee, and/or cost.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Allstate denies that the facts as alleged in the Complaint occurred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Allstate is entitled to a credit for any and all documents paid or to be paid to, or on behalf of Plaintiff, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Allstate avers all applicable federal and state prescriptive and/ or preemptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Allstate asserts a right to a credit for any payments of claims that have already been made, and/or which might be made during the pendency of this action, but prior to final

judgment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged as a result of any alleged wrong doing on the part of Allstate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Allstate believes the comparative fault and/or negligence of Plaintiff, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the mortgagees, and failure to act as a prudent person under the circumstances.

## THIRTIETH AFFIRMATIVE DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law specifically, each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable within the other party or non-party.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff should be dismissed, or alternatively, his damages should be reduced due to the Plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud, and/or legal fault.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiff; however, should Plaintiff establish a breach of contract and/or violation of statutory duties, the

Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Allstate asserts that Plaintiff is not entitled to additional living expenses under the homeowner's policy, as the damage to the property was caused by an excluded peril.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Allstate owes no damages to the Plaintiff to the extent that the Plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the non-exclusive particulars, to-wit:

   a.   Refusing or failing to provide satisfactory proofs of loss;

   b.   Refusing to provide information that has been specifically requested;

   c.   Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

   d.   Any other circumstances discovered now and between trial of this matter.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Allstate specifically denies that it breached any duty to Plaintiff with respect to the procurement and/or maintenance of the Plaintiff's homeowne's insurance policy.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is responsible for reading his policy, as well as any renewal notices, and are presumed to know the provisions of the policy, including the insurer's limits of liability.  No person may avail him or herself of ignorance of the law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has received payments under a flood policy for

damages to his dwelling and contents, she is estopped from alleging that the same and/or similar losses are caused by wind.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that the damages sought by the Plaintiff was caused in part by a covered peril, and any other insurance provides coverage for that covered peril, Allstate pleads the provisions of the applicable homeowner policy, and said policy being the best evidence of its contents, the terms and conditions of said policy being plead as if copied herein in *extenso*.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Any potential damages awarded for physical damage to the insured's structure and personal property contents are limited to the difference between the pre-Katrina value of the insured's structure and personal property contents   and   the   insurance   payments   that   are received under any other insurance policies for damage to the insured's structure and personal property contents.

## ANSWER

**AND NOW**, responding to the specific allegations of the Plaintiff's Petition, Allstate further states the following:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

## I.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph I of Plaintiff's Petition.   Allstate admits that Allstate Casualty Company is a foreign insurer, authorized to do and doing business in the State of Louisiana.

II.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph II of the Plaintiff's Petition.  Allstate admits that Allstate Casualty Company issued a homeowner policy to Plaintiff providing certain coverage for property located at 34014 Du-Pee PENA Road Slidell, Louisiana 70460.  The policy is the best evidence of its contents.

III.

Allstate specifically denies the allegations concerning La. R.S. 22:695 (A). Furthermore, Allstate denies the remaining allegations of Paragraph III of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

IV.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph IV of Plaintiff's Petition.  Allstate admits that Hurricane Katrina affected parts of Louisiana.

V.

Allstate denies the allegations of Paragraph V of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

VI.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph VI of Plaintiff's Petition.  Allstate admits that Hurricane Katrina affected parts of Louisiana.

VII.

Allstate denies the allegations of Paragraph VII of Plaintiff's Petition.

VIII.

Allstate denies the allegations of Paragraph VIII of Plaintiff's Petition.

IX.

Allstate denies the allegations of Paragraph IX of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

X.

Allstate denies the allegations of Paragraph X of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

XI.

Allstate denies the allegations of Paragraph XI of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

XII.

Allstate denies the allegations of Paragraph XII of Plaintiff's Petition.

XIII.

Allstate denies the allegations of Paragraph XIII of Plaintiff's Petition.

XIV.

Allstate denies the allegations of Paragraph XIV of Plaintiff's Petition.

XV.

Allstate denies the allegations of Paragraph XV of Plaintiff's Petition.

XVI.

Allstate denies the allegations of Paragraph XVI of Plaintiff's Petition.

XVII.

Allstate denies the allegations of Paragraph XVII of Plaintiff's Petition.

XVIII.

Allstate denies the allegations of Paragraph XVIII of Plaintiff's Petition.

XIX.

The allegations of Paragraph XIX are conclusory and do not require a response. However, to the extent necessary Allstate denies the allegations of Paragraph XIX of Plaintiff's Petition.

Allstate denies the allegations contained in the Plaintiff's Prayer for Relief.

**AND NOW FURTHER ANSWERING**, Allstate responds to the specific allegations of the Plaintiff's First Supplemental and Amending Complaint, as follows:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.   Allstate admits that Allstate Casualty Company issued a homeowner's policy to plaintiffs, providing coverage to property located at 34014 Du-Pee PENA Road Slidell, Louisiana 70460.  The policy is the best evidence of its contents, and is pleaded herein as if copied in full.

1.

Allstate denies the allegations of Paragraph 1 of Plaintiff's First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

2.

Allstate denies the allegations of Paragraph 2 of Plaintiff's First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

3.

Allstate denies the allegations of Paragraph 3 of Plaintiff's First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

4.

Allstate denies the allegations of Paragraph 4 of Plaintiff's First Supplemental and

Amending Complaint.

5.

Allstate denies the allegations of Paragraph 5 of Plaintiff's First Supplemental and Amending Complaint.

6.

Allstate denies the allegations of Paragraph 6 of Plaintiff's First Supplemental and Amending Complaint.

7.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph 7 of Plaintiff's First Supplemental and Amending Complaint.  Allstate admits that Allstate Casualty Company issued a homeowner's policy to Plaintiffs providing certain coverage for property located at 34014 Du-Pee PENA Road Slidell, Louisiana 70460.  The policy is the best evidence of its contents, and its contents are pleaded in full.

8.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph 8 of Plaintiff's First Supplemental and Amending Complaint.  Allstate admits that Allstate Casualty Company issued a homeowner's policy to Plaintiffs providing certain coverage for property located at 34014 Du-Pee PENA Road Slidell, Louisiana 70460.  The policy is the best evidence of its contents, and its contents are pleaded in full.

9.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph 9 of Plaintiff's First Supplemental and Amending Complaint.  Allstate admits that Allstate Casualty Company issued a homeowner's policy to Plaintiffs providing certain coverage for

12

property located at 34014 Du-Pee PENA Road Slidell, Louisiana 70460.  The policy is the best evidence of its contents, and its contents are pleaded in full.

10.

Allstate denies the allegations of Paragraph 10 of Plaintiff's First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

Allstate denies the allegations contained in the plaintiff's Prayer for Relief.

**WHEREFORE,** Allstate prays that its Answer and Affirmative Defenses to Plaintiff's First Supplemental and Amending Complaint be deemed good and sufficient, and that after due proceedings are had, this Court render judgment in its favor, with costs and fees assessed against the plaintiff.  Defendant further prays for a trial by jury and for all such other general and equitable relief that this Honorable Court may deem just under the circumstances.

RESPECTFULLY SUBMITTED,


*/s/ Gregory J. Schwab*
**GREGORY J. SCHWAB #21075**
**CARL T. SCHWAB #21430**
423 Goode Street
Houma, Louisiana 70360
Tel.: 985-223-4457
Fax: 985-851-5051
e-mail: gjschwab@exceedtech.net
Attorneys for Allstate

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 16, 2007, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the

following:

Brian J. Eiselen
beiselen@connicklaw.com

William P. Connick
pconnick@connicklaw.com

All Counsel of Record

I further certify that there are no manual recipients listed on the Court's Electronic

Mail Notice List.

/s/ Gregory J. Schwab
**GREGORY J. SCHWAB #21075**
**CARL T. SCHWAB #21430**
423 Goode Street
Houma, Louisiana 70360
Tel.: 985-223-4457
Fax: 985-851-5051
e-mail: gjschwab@exceedtech.net
Attorneys for Allstate