UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: MRGO | |
| FILED IN   05-4181, 05-4182, 05-5237, 05-6073,<br>05-6314, 05-6324, 05-6327, 05-6359,<br>06-0225, 06-0886, 06-1885, 06-2152,<br>06-2278, 06-2287, 06-2824, 06-4024,<br>06-4065, 06-4066, 06-4389, 06-4634,<br>06-4931, 06-5032, 06-5155, 06-5159,<br>06-5161, 06-5162, 06-5260, 06-5771,<br>06-5786, 06-5937, 07-0206, 07-0621,<br>07-1073, 07-1271, 07-1285 | |

**THE MRGO DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO WITHDRAW AND AMEND
<u>RESPONSES TO REQUESTS FOR ADMISSIONS</u>**

The MRGO defendants oppose plaintiffs' motion (Docket No. 6375) to withdraw and amend their responses to defendants' requests for admissions, which were admitted by operation of law under Rule 36(b) when plaintiffs failed either to provide timely responses to defendants' class-certification discovery or to obtain an extension on or before the May 30 deadline. Plaintiffs have been on notice of their discovery default and the resulting admissions since June 4, but plaintiffs waited more than a month to move this Court to withdraw their admissions. At this late date in the class-discovery schedule, four of the five named plaintiffs have already been deposed, the last plaintiff will be deposed on July 17, the deadline for defendants' final class-certification witness list is July 20; and class-certification fact depositions must be completed by August 3.

Plaintiffs' July 9 request to be relieved of admissions that have been in effect since May 30 would disrupt the class-certification schedule that the Court established in CMO 4 and would prejudice defendants. Plaintiffs' motion should therefore be denied.

**I.      Defendants Did Not Agree To Enlarge The Time
         For Plaintiffs' Discovery Responses**

Rule 36(a) provides that the matters contained in requests for admissions are admitted unless responses are served within the time allowed by the Court, or "within such shorter or longer time . . . as the parties may agree to in writing, subject to Rule 29." Fed. R. Civ. P. 36(a). As the Fifth Circuit has held, this means that untimely responses automatically result in admissions. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (untimely responses to requests for admission deemed admitted where party failed to demonstrate a stipulation to extend the response time); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548 (5th Cir. 1985) (plaintiffs' "failure to make a timely response" to defendant's request for admission "negates" plaintiffs' subsequent denial of the request); *Stewart v. Marriott Courtyard*, No. CIV.A.3-2727, 2004 WL 2988488, at *1-2 (E.D. La. Dec. 13, 2004) (Duval, J.) (deeming requests admitted when responses were filed late and rejecting excuse that delays were "minimal"); *Seal v. Gateway Cos., Inc.*, No. Civ.A. 01-1322, 2002 WL 10456, at *1 n.1 (E.D. La. Jan. 3, 2002) (describing Rule 36(a) as "self-executing.").

Plaintiffs suggest that a "tacit" agreement between counsel extended the time for their responses, thus avoiding these automatic admissions under Rule 36(a). But there was no such agreement, "tacit" or otherwise. When defendants called plaintiffs on June 4

to inquire about the overdue responses, plaintiffs said that their discovery responses would be forthcoming.  (*See id.* at 3-4.)  Contrary to plaintiffs' suggestion, this conversation did not include any agreement to enlarge plaintiffs' response time.  *See Amresco Bureau Investors LP v. Kader*, No. H-05-4261, 2007 WL 1520996 at *3 (S.D. Tex. May 22, 2007) (letter from counsel noting a failure to timely respond and requesting a response within the coming week could not be "read to constitute an agreement between the parties to extend" the time for responding).

At no point did the MRGO and Levee defendants "lull[] plaintiffs into a belief that the late filing was acceptable."  (Pls. Memo. at 4).  On June 4, 2007, the MRGO and Levee defendants contacted Plaintiffs' Liaison Counsel via telephone regarding plaintiffs' failure to respond to the class-certification discovery.  During that conversation, the MRGO and Levee defendants made clear their intent to file a motion to compel plaintiffs' responses; in fact, Plaintiffs' Liaison Counsel agreed to treat the conversation as a L.R. 37.11 conference for the purpose of the defendants' motion to compel.

While this conversation should have disabused plaintiffs of any notion that the defendants regarded plaintiffs' failure to comply with the Federal Rules of Civil Procedure as a harmless error, the plaintiffs shortly thereafter received further confirmation of the defendants' intent.  On June 6, the defendants submitted a letter brief to Magistrate Wilkinson  in which they reserved their rights "*to seek all remedies resulting from untimeliness* once the actual responses are received and reviewed," and requested "that the Court allow them 16 days from service of plaintiffs' class certification discovery to file any motions to compel as to class discovery" (emphasis added).  In

furtherance of this request, the defendants and plaintiffs *jointly* moved to extend the deadline for the defendants' motion to compel on June 12 (the same day that defendants received plaintiffs' tardy discovery responses) (Docket Nos. 5543, 5558).

Throughout the following weeks, defendants continued to indicate that they were not satisfied with plaintiffs' untimely, woefully deficient discovery responses. Throughout the week of June 11, the defendants contacted the plaintiffs to schedule a Rule 37.11 conference in an effort to resolve these discovery disputes before filing a motion to compel. On June 19, 2007, defendants conferred with the plaintiffs for approximately two and a half hours in an unsuccessful effort to resolve their discovery disputes before filing a motion to compel. At that meeting, the defendants reiterated their intent to seek any and all remedies available under the Federal Rules of Civil Procedure resulting from plaintiffs' untimely, deficient responses.

Indeed, plaintiffs' argument that silence or a "tacit" agreement could extend plaintiffs' time to respond is precluded by Rule 36(a), which provides that the parties may agree "in writing" to extend the time to respond to requests for admissions, but makes no provision for informal agreements, or "tacit" ones. *See Carney*, 258 F.3d at 419 (rejecting argument that informal, unwritten stipulations extend time for responses to requests for admissions).

## II.     Plaintiffs Were Not Diligent In Moving To Withdraw Their Deemed Admissions

Plaintiffs explain that they did not provide timely responses to defendants' discovery requests (which included requests for admissions, interrogatories, and

- 4 -

document requests) because plaintiffs had mixed up the deadline for responding to class discovery (May 30) with the deadline for responding to common-liability discovery (June 14), (*See* Pls.' Mem. at 3). The Fifth Circuit has held, however, that such a "scheduling mistake" in counsel's office is not the "type of satisfactory explanation for which relief may be granted." *Geiserman v. MacDonald*, 893 F.2d 787, 790-792 (5th Cir. 1990) (affirming district court's decisions to strike plaintiff's late expert witness designation and deny plaintiff's motion to amend late discovery responses); *see also Curtis v. State Farm Lloyds*, No. Civ.A. H-03-1025, 2004 WL 1621700, at *3-7 (S.D. Tex. April 29, 2004) (denying withdrawal of admissions due to filing mistake within plaintiff's counsel's office, when defendant would not have opportunity to conduct additional discovery under scheduling order).

Moreover, even after defendants' counsel called plaintiffs' counsel on June 4 to inquire about the overdue responses, plaintiffs still did not promptly request relief from the Court. Instead, plaintiffs waited until July 9 to file their motion to withdraw the deemed admissions — i.e., 35 days after the June 4 call and 7 days after defendants filed their motion to compel (Docket No. 6231).

This Court may properly consider plaintiffs' lack of diligence in bringing their motion to withdraw. *See Covarrubias v. Five Unknown INS/Border Patrol Agents,* 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (denial of motion to withdraw admissions was proper when plaintiffs' delay in bringing motion prejudiced defendants after responses were served nine days late); *Le v. Cheesecake Factory Rests., Inc.*, No. 06-20006, 2007 WL 715260 at *3 (5th Cir. Mar. 6, 2007) (per curiam) (refusing to permit

- 5 -

inadvertent admission to be withdrawn, given plaintiffs' lack of diligence in moving for withdrawal just before close of discovery).

### III.    The Rule 36(b) Standard For Withdrawing Admissions Is Not Met Here

In order for plaintiffs' deemed admissions to be withdrawn, a court must find that "withdrawal or amendment:  1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case."  Rule 36(b), *Carney*, 258 F.3d at 419.  *See also Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991) (court's discretion whether to permit withdrawal or amendment "must be exercised within the bounds of this two-part test") (citations omitted).  These requirements have not been met here.

#### A.    Plaintiffs Have Not Shown That Withdrawing Their Admissions Would Serve The Presentation Of The Case

The first prong of Rule 36(b) requires the moving party to show that withdrawal "would serve the presentation of the case on its merits."  *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *see also* Fed. R. Civ. P. 36(b).  The requested admissions were directed toward preparing for the class-certification hearing and covered matters that should be undisputed.  For example, defendants requested that plaintiffs admit that:

- to be a member of a proposed subclass, it was necessary to determine if an individual sustained damages as a result of inundation (RFA No. 1);

- to be a member of a proposed subclass, it was necessary to determine if an individual has fulfilled administrative filing requirements (RFA No. 2);

- for each cause of action, the jury must determine cause(s) of each different injury alleged by any Plaintiff (RFA No. 3);

884147v.1

- individualized proof is required to determine cause in fact and resulting injury (if any) for each class member (RFA No. 9); and

- they were seeking recovery only for the 18 categories of damages listed in plaintiffs' Consolidated Complaint, and not for any other damages categories. (RFA No. 11).

Defendants' requests for admissions sought to establish as undisputed certain foundational points about plaintiffs' proposed class definition and the claims they assert on behalf of their proposed class. As defendants explained in their motion to compel,[1] these matters were relevant to class-certification because the Court's decision whether or not to certify a class must be based on an understanding of "the claims, defenses, relevant facts, and applicable substantive law." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). And, as also explained in defendants' motion to compel, the untimely responses plaintiffs served on June 12 are still insufficient, offering responses that do not meet the substance of the requests but purport to explain plaintiffs' denial of different subject matters altogether. For example, plaintiffs have denied that their subclasses include individuals who have not filed a Form 95 (RFA No. 5). Explaining this "denial" in answer to an interrogatory, plaintiffs say that their class definition depends upon the futility doctrine. Whether or not, however, the Court accepts the futility doctrine, defendants were entitled to a straight answer whether the plaintiffs' proposed class definition includes people who did not file Form 95's. Similarly, plaintiffs denied RFA No. 11, but refused to explain in answer to an interrogatory what categories of damages,

---

[1] (Docket No. 6231.) Defendants' motion also seeks to deem certain requests admitted for the alternative reason that the responses do not fairly meet the substance of defendants' requests for admission, as required by Rule 36. (*See id.* at 12-18.)

over and above the 18 listed in their complaint, they now additionally seek.  It is unfair and prejudicial to leave defendants in the dark on these matters.[2]

Although plaintiffs have focused on whether "through an honest error a party has made an improvident admission," plaintiffs have made no showing whatsoever as to the effect their admissions might have on the case and on the upcoming certification decision. *Le v. Cheesecake Factory Restaurants*, No. 06-20006, 2007 WL 715260, at *2-3 (5th Cir. Mar. 6, 2007) (citations omitted) (recognizing court's discretion to deny withdrawal when plaintiffs "entirely failed to address Rule 36(b)'s first requirement and did not support their motion with any argument or information related to the merits of the case"); *see also Branch Banking & Trust Co. v. Deutz-Allis Corp.,* 120 F.R.D. 655, 658-659 (E.D.N.C. 1988) (denying withdrawal when the movants proffered "no affidavit, verified pleading or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law").  Therefore, plaintiffs have not met the first requirement of Rule 36(a).

### B. Allowing Plaintiffs To Withdraw Their Admissions And Amend Their Responses Would Prejudice Defendants' Ability To Prepare For The Class-Certification Hearing

Plaintiffs' contention that there would be no prejudice to defendants if plaintiffs are allowed to withdraw their admissions fails to place their untimely discovery responses and motion to withdraw in the proper context.  The Court's CMO established a class-certification discovery and briefing schedule that began in the spring of 2007 and is to

---

[2] *See* Defendants' Motion to Compel (Docket No. 6231) at 12-18.

culminate in a class-certification hearing in early November 2007. Each step in that schedule was intended to build upon the prior steps. Written class discovery responses, which were due from plaintiffs on May 30, were an early step in the Court's schedule. Now, nearly six weeks after plaintiffs' responses were due and their admissions arose — and more than a month after plaintiffs learned of their deemed admissions — plaintiffs ask this Court to withdraw their admissions and to allow plaintiffs an additional ten days to amend their responses.[3] If this relief were granted, defendants would not receive plaintiffs' amended responses until *after* defendants' extended deadline for filing motions to compel has passed, *after* defendants have deposed all the named plaintiffs, *after* defendants have submitted their final class-certification witness list, and just days before the August 3 deadline for class-certification fact depositions. Plaintiffs deemed admissions, as they stand now, would not harm plaintiffs' presentation of the case, since these are matters that should not be in dispute. But plaintiffs' lack of diligence and their pattern of untimely and inadequate responses to class-certification discovery has already harmed defendants, requiring them to prepare and file their motion to compel at a time that was already set aside, under the class schedule, for later steps, such as preparing for the named plaintiffs' depositions. Defendants should not have to wait another 10 days for yet another set of responses, and then potentially have to prepare yet another motion to compel, when fact discovery is nearing its close.

---

[3] Plaintiffs ask for these additional ten days, even though plaintiffs elsewhere say that they are asking the Court to give effect to the same responses plaintiffs served out-of-time on June 12.

884147v.1

Even if plaintiffs seek only to withdraw their deemed admissions and replace them with their June 12 discovery responses, as indicated in one portion of their motion (Pls.' Mem. at 4), the two-week delay in supplying those responses, coupled with plaintiffs' month-long delay in seeking to withdraw their admissions, has prejudiced defendants in their efforts to oppose class certification. *Defendants* answered plaintiffs' class-certification discovery on April 30. Plaintiffs' reciprocal responses to class discovery were due a month later, on May 30. Plaintiffs' admissions arose by operation of law when they did not answer on May 30, and have been in effect since then. In the meantime, class discovery has moved forward under the CMO. Reopening plaintiffs' responses now would prejudice defendants by hindering the development of a record for the class-certification decision and the orderly progress of preparations for the class hearing. *See Le*, 2007 WL 715260, at *3 (denying withdrawal of inadvertent admissions, explaining that "[c]ourts have considered . . . within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery . . ."). *See also Curtis v. State Farm Lloyds*, No. Civ.A. H-03-1025, 2004 WL 1621700, at *6 (S.D. Tex. Apr. 29, 2004) ("With the passage of time and as each moment for response to a pleading slipped by, the . . . burden for withdrawal of the deemed admissions is raised and the prejudice to the [opposing party] is increased.") (citation omitted).

On the other hand, plaintiffs have not made—nor even attempted to make—any showing that leaving admissions in place would harm plaintiffs' class presentation.

Plaintiffs' motion should be denied, so that the parties and the Court can make orderly progress toward the class hearing as contemplated by the CMO.

## IV.    Conclusion

For the foregoing reasons, the MRGO defendants respectfully request that this Court deny plaintiffs' motion.

Dated: July 16, 2007                                          Respectfully submitted,

*/s/ Gary M. Zwain*                                           */s/Ralph S. Hubbard III*
Lawrence J. Duplass, 5199                                     Ralph S. Hubbard III, 7040
Gary M. Zwain, 13809                                          Joseph P. Guichet, 24441
Andrew D. Weinstock, 18495                                    Rachel Meese, 25457
  Of                                                             Of
Duplass, Zwain, Bourgeois, Morton,                            Lugenbuhl, Wheaton, Peck, Rankin &
Pfister & Weinstock                                           Hubbard
3838 N. Causeway Blvd., Suite 2900                            601 Poydras Street, Suite 2775
Metairie, Louisiana 70002                                     New Orleans, Louisiana 70130
Telephone: (504) 832-3700                                     Telephone: (504) 568-1990
Facsimile: (504) 837-3119                                     Facsimile: (504) 310-9195

Attorneys for Board of Commissioners                          Attorneys for St. Paul Fire and Marine
for the Lake Borgne Basin Levee                               Insurance Company
District

*/s/Thomas P. Anzelmo*                                        */s/Heather S. Lonian*
Thomas P. Anzelmo, 2533                                       William D. Treeby, 12901
Mark E. Hanna, 19336                                          Carmelite M. Bertaut, 3054
Kyle P. Kirsch, 26363                                         Heather S. Lonian, 29956
Andre J. Lagarde, 28649                                          Of
  Of                                                          Stone Pigman Walther Wittmann
McCranie, Sistrunk, Anzelmo, Hardy,                           L.L.C.
  Maxwell & McDaniel                                          546 Carondelet Street
3445 N. Causeway Blvd., Suite 800                             New Orleans, Louisiana 70130
Metairie, Louisiana 70002                                     Telephone: (504) 581-3200
Telephone: (504) 831-0946                                     Facsimile: (504) 581-3361
Facsimile: (504) 831-2492
And                                                           Attorneys for Washington Group
James L. Pate, 10333                                          International, Inc.
Ben L. Mayeux, 19042
  Of                                                          Of counsel
Laborde & Neuner
One Petroleum Center, Suite 200                               Adrian Wager-Zito
1001 West Pinhook Road, Suite 200                             Julie McEvoy
Post Office Drawer 52828                                      Jones Day
Lafayette, Louisiana 70505-2828                               51 Louisiana Avenue, N.W.
Telephone: (337) 237-7000                                     Washington, D.C. 20001-2113
                                                              Telephone: (202) 879-4645
Attorneys for the Orleans Levee                               Facsimile: (202) 626-1700
District

- 13 -

                                                   Jerome R. Doak
                                                   Jones Day
                                                   2727 N. Harwood Street
                                                   Dallas, Texas  75201
                                                   Telephone:  (214) 220-3939
                                                   Facsimile:  (214) 969-5100

*/s/Robin D. Smith*
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Telephone:  (202) 616-4289
Facsimile:   (202) 616-5200

Attorneys for United States

884147v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Opposition to Plaintiffs' Motion to Withdraw and Amend Responses to Requests for Admissions has served on all counsel of record via the Court's CM/ECF electronic notice system this 16th day of July, 2007.

                                              */s/Heather S. Lonian*
                                              Heather S. Lonian

884147v.1