UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARLENE KATZ | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-4155 |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, and ANTHONY J. CEMO, individually and as agent of STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "R" (2) |
| | * | |
| | * | JUDGE VANCE |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE TESTIMONY AND OPINIONS OF HAIG NEVILLE**

Defendants State Farm Fire and Casualty Company ("State Farm") and Anthony J. Cemo ("Cemo") (collectively "Defendants") respectfully submit this memorandum in support of their Motion to Exclude Testimony and Opinions of Haig Neville, plaintiff's purported expert. Neville's opinion is nothing more than an erroneous legal conclusion and as such is inadmissible.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2006, plaintiff Marlene Katz ("plaintiff") commenced this action by filing a Complaint ("Complaint") against Defendants State Farm and State Farm agent Anthony Cemo. On May 30, 2007, the Court allowed plaintiff to file a First Supplemental and Amended Complaint. The Complaint, as amended, alleges among other things that plaintiff suffered

879343v.1

uninsured property losses as a result of the alleged negligence and/or purported failure of Cemo and State Farm to advise plaintiff regarding the availability and/or option to purchase excess flood insurance. The Complaint further alleges that State Farm is liable for the purported acts and omissions of Cemo. Further still, it avers that State Farm negligently failed to provide access to and/or make available excess flood insurance.

At issue before the Court in a trial on this matter is whether State Farm or Cemo breached a duty to plaintiff because they failed to offer plaintiff excess flood insurance. Whether a duty was owed by State Farm or Cemo to the plaintiff is a question of law that has been answered repeatedly by the courts in Louisiana. In support of her claims, plaintiff submitted the purported expert report of Haig Neville, attached as Exhibit 1, which concludes that State Farm and Cemo breached a duty under Louisiana law by failing to advise the plaintiff regarding excess flood insurance. Neville's report illustrates both that (a) he is attempting to opine on an issue of law, which is the exclusive province of the courts; and (b) he has ignored the overwhelming applicable law. The report is thus an inadmissible legal opinion and wrong as a matter of law.

## II.  ARGUMENT AND AUTHORITIES

**A.  Neville's Proffered Opinions Are Inadmissible Because They Are Legal Opinions And They Do Not Assist The Trier Of Fact In Understanding The Evidence Or In Determining A Fact In Issue.**

Pursuant to Federal Rule of Evidence 702, in order for a witness qualified as an expert to provide testimony involving specialized knowledge, the proffered testimony must "assist the trier of fact to understand the evidence or to determine a *fact* in issue." (emphasis supplied). Moreover, plaintiff bears the burden of establishing by a preponderance of proof that the

proffered expert testimony is both relevant and reliable, and therefore, admissible. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, n.10, 113 S. Ct. 2786, 2796, n. 10 (1993). Here, plaintiff cannot meet that burden where the proffered opinion is based on incorrect legal assumptions and contains only a legal conclusion. Neville's proffered opinion is an erroneous application of Louisiana law and does not assist the trier of fact to understand the evidence or to determine a fact in issue.

The Courts have repeatedly recognized that the legal opinions and conclusions of an expert will never assist the trier of fact as required by Rule 702, and legal opinions are therefore, inadmissible. *See e.g., Estate of Sowell v. United States*, 198 F.3d 169 (5th Cir. 1999); *Askanse v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *In re Midland Enterprises*, 2002 WL 31780156 at *3 (E.D. La. 2002); *Musmeci v. Schwegmann Giant Supermarkets*, 2001 WL 406267 (E.D. La. 2001); *Jarrow v. Cupit*, 2000 WL 1537989 (E.D. La. 2000). Such legal opinion testimony invades the role of the judge to apply the law to the facts as she finds them. Federal courts have excluded testimony which required an expert to construe the terms of an insurance contract. *Musmeci*, 2001 WL 406267. Notably, the Fifth Circuit has upheld the trial court's exclusion of an attorney's expert testimony where the proffered testimony opined as to whether a company's officers and directors breached their fiduciary duty to the company, its creditors and shareholders. *Arkanse*, 130 F.3d at 673. The Fifth Circuit held such testimony is a legal opinion and is inadmissible. *Id.*

Neville makes no opinion regarding the facts at issue, but instead simply concludes that Cemo "negligently breached the duty owed to his policyholder Marlene Katz, by his failure to

3

exercise the standard of reasonable skill, care and diligence in misrepresenting the availability of flood insurance excess over NFIP" and "negligently and intentionally breached his fiduciary duty to advise Ms. Katz of recommended coverages for forseeable risks." Ex. 1 at 4.  Not only is Neville's report an impermissible legal opinion, but his opinion is unsupported by clear Louisiana jurisprudence.  The plaintiff's attempt to use Neville as an expert is nothing more than an ill-considered attempt to misrepresent Louisiana law by styling it an expert opinion.  There is, however, nothing expert about Neville's report.

**B.    The Proffered Opinions Are Legal Conclusions Based On An Erroneous Interpretation Of Louisiana Law.**

The determination of what duty was owed and whether such a duty was breached is a legal issue for the Court to determine.  There exist no Louisiana statutes, regulations, or jurisprudence that impose a duty upon an insurance agent to provide excess flood insurance and/or inform insurance customers of the availability and option to purchase excess flood insurance.  Although Louisiana law imposes a fiduciary duty on insurance agents in their dealings with insureds in certain instances, Louisiana courts have set forth the elements a plaintiff must prove in order to succeed on such a claim.  *See e.g., Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)[1]; s*ee also e.g., Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769 (La. App. 3 Cir. 2002) (no duty to inquire into insureds' financial condition and advise them to carry higher liability limits or purchase an umbrella policy even through the additional coverage was available from the defendant); *Jones v. Webb*, 821 So.2d

---

[1]   As discussed in State Farm's and Motion for Partial Summary Judgment on plaintiff's claims against Anthony J. Cemo and State Farm for failing to advise about and provide excess flood insurance filed this date, plaintiff cannot prove any breach of a duty.

614 (La. App. 2d Cir. 2002) (agent has no fiduciary duty to procure an umbrella policy unless specifically asked to do so); *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59 (La. App. 2d Cir. 1982) (no duty to obtain higher limits of an auto policy or umbrella policy).

In addition, since Hurricane Katrina the Eastern District has issued numerous rulings that set forth Louisiana law on the duty insurers and insurance agents owe to the insured. *See e.g., Dobson, et al. v. Allstate Ins. Co., et al.*, 2006 WL 2078423, *10 (E.D. La. 7/21/06) (Vance, J.); *Parker v. Lexington Ins. Co., et al*, 2006 WL 3328041 (E.D. La. 11/15/06) (Zainey, J.); *Frischhertz v. Lexington Ins. Co.*, 2006 WL 3228385 (E.D. La. 11/03/06) (Barbier, J.); *Whitehead v. State Farm Ins. Co, et al.*, 2006 WL 3747520 (E.D. La. 12/15/06) (Berrigan, C.J.) (denying motion to remand and finding that "no case imposes a duty on an agent to identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage."); *Jones v. State Farm Fire & Cas. Ins. Co.*, 2007 WL 29068 (E.D. La. 01/02/2007) (Feldman, J.); *Birdsall v. State Farm Fire and Cas. Co. and Sidney J. Goodreaux Ins. Agency*, 2007 WL 445345 (E.D. La. 2/06/07); *Sullivan, et. al. v. State Farm Fire and Cas. Ins. Co.*, No. 06-0004 (E.D. La. 4/6/06) (Duval, J.), Rec. Docs. 42, 44 (neither State Farm nor its agent have a standing duty at law to advise insureds about excess flood insurance); *Bilbe v. Belsom, et al.*, 2006 WL 3388482 (E.D. La. 11/21/06). This Court knows the law and does not need Neville's legal opinions.

C.     **Neville's Report Lacks Reliability And Relevance.**

Moreover, even if Neville's conclusions were not legal ones, a cursory review of Neville's report demonstrates that it lacks reliability and relevance to the instant matter. Rule 702 provides

5

that expert testimony is allowable "if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Ultimately though when deciding whether to admit expert opinions the Court must conclude that the opinions are "more than subjective belief or unsupported speculations." *Daubert* 509 U.S. at 590, 113 S.Ct. at 2795. Neville's report provides no basis for the opinion. Rather, the report consists of Neville's own unsupported legal conclusions. There is no indication what documents pertaining to the plaintiff's claim Neville even evaluated. In short, Neville has not indicated the "facts" and "principles or methods" employed in formulating his opinion. Moreover, as discussed above, his interpretation of Louisiana law is simply wrong and as such his legal opinion is unreliable and inadmissible.

### III. CONCLUSION

At issue for the Court is the determination of whether State Farm and/or Cemo owed a duty to the plaintiff regarding the procurement of excess flood insurance and whether under the facts presented any duty was breached. Plaintiff's purported expert Haig Neville sets forth an

erroneous legal opinion regarding duties owed under Louisiana law.  This Court should exclude any testimony or opinions proffered by Neville as they are nothing more than inadmissible legal opinions.

Respectfully submitted,

| | |
|---|---|
| | */s/ Andrea L. Fannin* |
| Douglas J. Cochran, 20751 | Wayne J. Lee, 7916 |
| dcochran@stonepigman.com | wlee@stonepigman.com |
| Of | Mary L. Dumestre, 18873 |
| STONE PIGMAN WALTHER WITTMANN L.L.C. | mdumestre@stonepigman.com |
| One American Place | Andrea L. Fannin, 26280 |
| 301 Main Street, Suite 1150 | afannin@stonepigman.com |
| Baton Rouge, LA  70825 | Of |
| Phone:  (225) 490-8913 | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| Fax:  (225) 490-8960 | 546 Carondelet Street |
| | New Orleans, LA  70130-3588 |
| | Phone:  (504) 581-3200 |
| | Fax:  (504) 581-3361 |

*Attorneys for State Farm Fire and Casualty Company and Anthony J. Cemo*

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Defendants' Memorandum in Support of Motion to Exclude Testimony and Opinions of Haig Neville has been served upon all counsel of record by electronic notice from the Court's CM/ECF system, this 22nd day of June, 2007.

> Terrence J. Lestelle
> Andrea S. Lestelle
> Jeffery B. Struckhoff
> Lestelle & Lestelle
> 3421 N. Causeway Blvd.
> Suite 602
> Metairie, Louisiana  70002

*/s/ Andrea L. Fannin*