MARLENE KATZ v. STATE FARM FIRE & CASUALTY COMPANY, et al

Report of Observations and Opinions

Prepared by:

Haig G. Neville, CLU, CPCU
Associate in Risk Management – IIA

May 14, 2007

EXHIBIT
1

HAIG NEVILLE ASSOCIATES

## MARLENE KATZ v. STATE FARM FIRE & CASUALTY COMPANY, et al

**Basis of this Report:**

This report is based upon the sum total of my education, practical experience and qualification in the insurance industry for more than forty years as an agent and risk management professional and as part-time faculty at the University of Michigan/Wayne State University/Eastern Michigan University and other institutions, including as a lecturer at continuing education forums on Responsibilities of Insurance Agents/Brokers and other topics in the United States, Canada, United Kingdom, Bermuda and Japan.

This report is also based upon an examination of the relevant documentation furnished and subject to further discovery as developed and produced. My c.v. is the subject of Exhibit A attached.

**The Factual Situation:**

For several years Marlene Katz insured her home located at 5600 Marcia Avenue, New Orleans, Louisiana through State Farm Insurance Company agent Anthony J. Cemo under Homeowners Policy #18-70-0937-4 and NFIP flood policy #98-D7-7434-5.

In September of 2004, Marlene Katz requested of State Farm agent Anthony J. Cemo for flood coverage in excess of the $250,000/$100,000 NFIP maximum limit. Agent Cemo represented to Ms. Katz that additional flood coverage was not available, which was a false statement. Several insurance companies offered excess flood coverage.

On or about August 29th 2005, the Katz home suffered severe wind and flood damage as a result of hurricane Katrina. The flood damage far exceeded the maximum NFIP limits.

**Issues in this Matter:**

Among the issues addressed in this report are a) whether State Farm agent Cemo breached the standard of skill, care and diligence of a trained and licensed insurance agent, b) whether State Farm advertised its agents' training, expertise and reputation to persuade customers to rely on them, c) whether Ms. Katz relied on its State Farm agent Cemo's perceived superior knowledge, licensure, training, experience, competence and reputation to offer and provide adequate flood coverage for Ms. Katz' home.

**HAIG NEVILLE ASSOCIATES**

**Observations and Opinions:**

1.  **Duties and Responsibilities of Agents:** An insurance agent owes a duty to exercise reasonable care, skill and diligence to the insurance transaction and to follow its policyholder instructions. In order to qualify for an agent's license, State Farm agents are trained not to make misrepresentations related to insurance coverages.

    These are fundamental State Farm teachings found in basic licensure courses and Continuing Education training seminars. As a trained and licensed State Farm agent, Mr. Cemo is attributed with knowledge of these standards.

    As a "Write Your Own" (WYO) facility for NFIP flood insurance, State Farm and its agents are also attributed with knowledge of the NFIP coverage limitations and are aware or should be aware of the availability of coverage in excess of NFIP's offerings for higher valued home policies.

    Accordingly, State Farm agents owe a duty to respond truthfully when a coverage inquiry is made. In this matter, Cemo's failure to provide a factual response constitutes a misrepresentation and a negligent breach of the standard of care duty owed.

2.  **Expertise and Superior Knowledge:** State Farm agent Cemo is a trained and licensed Louisiana agent. Ms. Katz has no insurance training and relied on the counsel and advice of her State Farm agent Cemo.

    To the extent that Ms. Katz relied on Mr. Cemo's erroneous representation to her detriment, constitutes a negligent breach of State Farm agent Cemo's duty to Ms. Katz.

3.  **Duty to Anticipate Foreseeable Risks:** As a licensed, trained and experienced State Farm agent, Mr. Cemo knew or should have known that in Louisiana an agent has a duty to advise clients of recommended coverage for foreseeable risks. If an agent fails to do so, he/she can be held liable for their policyholder's damages. In the Katz matter, it is obvious that the dwelling was valued at more than $500,000 and the personal property greater than $400,000 *(see State Farm policy Declaration page)*. To the extent that the home was subject to a flood risk, the maximum amount of NFIP coverage was grossly inadequate.

    In view of the above, State Farm and its agent Cemo violated the doctrine that agents *"agents owe a fiduciary duty to advise clients of recommended coverages"*. If this doctrine is breached, it imposes greater culpability on agent Cemo for intentionally misleading policyholders contrary to the law and upon State Farm for negligent training, direction and supervision of their agents.

- 3 -

**Concluding Observations and Summary of Opinions:**

In view of the foregoing observations it is concluded and opined that State Farm agent Cemo negligently breached the duty owed to his policyholder Marlene Katz, by his failure to exercise the standard of reasonable skill, care and diligence in misrepresenting the availability of flood insurance excess over NFIP when Ms. Katz inquired, and upon which misrepresentation Ms. Katz relied, to her detriment.

It is further opined that State Farm agent Cemo, as a State Farm trained and licensed Louisiana agent, knew or should have known of the availability of excess flood insurance for high value homes by his extensive State Farm training. To the extent that he attended State Farm classes, he is attributed with superior knowledge and his response to Ms. Katz inquiry, upon which she relied, constitutes an intentional misrepresentation.

Finally, it is opined that State Farm agent Cemo negligently and intentionally breached his fiduciary duty to advise Ms. Katz of recommended coverages for foreseeable risks.

_____     May 14, 2007
Haig G. Neville

# EXHIBIT A

## PROFESSIONAL QUALIFICATIONS

Haig G. Neville, CLU, CPCU
Associate in Risk Management - IIA

3400 Commerce Road
West Bloomfield, Michigan 48324
(248) 683-0380

5060 Tecumseh Road East
Windsor, Ontario N8T 1C1
(800) 683-0380

6278 North Federal Highway
Ft. Lauderdale, Florida 33308
(954) 462-8338

**HAIG NEVILLE ASSOCIATES**

# HAIG G. NEVILLE

## PROFESSIONAL QUALIFICATIONS

**Litigation Support:**
Qualified expert in U.S. State, Federal and Canada Provincial Courts in complex, multi-million dollar insurance claims and bad faith disputes including agent/broker responsibilities in both plaintiff and defense cases. Cited as an Authority in the Supreme Court of the United States. Testified in State House/Senate Hearings on Unfair Claims Settlement Practices.

**Insurance Educational Credentials:**
Chartered Property and Casualty Underwriter (CPCU)      Associate in Risk Management - IIA (ARM)
Chartered Life Underwriter (CLU)

**Licenses Held During Career:**
Licensed Insurance Counselor                             Life and Health Insurance License
Property and Casualty Insurance License                  Surplus Lines Insurance License
NASD Registered Representative License

**Insurance Education Appointments:**
Wayne State University; University of Michigan; Eastern Michigan University: Part-time faculty instructor of insurance, finance, economics, business law and risk management in the CPCU and RM programs of the American Insurance Institute and the Insurance Institute of America.

- State of Michigan: Contributed to the development of the Surplus Lines Insurance License exam.
- Professional Insurance Agents: Education Chairman/lecturer of Licensed Insurance Counselor course.
- Florists Transworld Delivery Association: National Consulting Risk Management Lecturer.
- St. Paul Insurance, Blue Cross-Blue Shield, Prudential, Auto Club (AAA), Allstate, Nationwide, CIGNA, E.F. Hutton, Standard Oil, Mobil Oil, etc.: Consulting Lecturer.
- Prudential Insurance Company of America: Brokerage Manager, agency training and development.
- Australian Army Troop Information and Education: Troop Lecturer

**Seminar Faculty Engagements and Memberships:**
American Management Association; Bank Administration Institute; Risk & Insurance Management Society; CPCU Society; National League of Cities; Michigan Municipal League; various chapters of the National Association of Insurance Agents & Brokers (NAIIB) and Professional Insurance Agents (PIA); Financial Services Institute; Ohio Academy of Trial Lawyers; Wolverine Bar Association; New Jersey Corporate Counsel Association; Bermuda Insurance Institute, insurance/law seminars in U.S. and Canada.

Member of the CPCU Society and the Society of Financial Service Professionals; Bermuda Insurance Institute and Director of Risk Research Institute.

**Published Educational Works:**
How to Design Specifications & Negotiate for Insurance      Risk Management for the Agent
Licensed Insurance Counselor Course - P/C, L/H editions     Claims-made v. Occurrence Based Policies
Lawyers Guide to Discovery in Insurance Disputes            Responsibilities of Insurance Agents/Brokers
Dos and Don'ts for Lawyers                                  RM/Claims Manuals for Private & Public Entities
(Search Westlaw and internet under *Haig Neville* for current update)

**HAIG NEVILLE ASSOCIATES**

## PROFESSIONAL QUALIFICATIONS
(continued)

**Published Educational Works (continued)**
Author of more than two hundred articles in worldwide business and financial media such as Harvard Business Review, Journal of Commerce, The Office, National Underwriter, Business Insurance, Best's Review, Vancouver Business, Foresight (U.K.), Lawyers Weekly, College and University Business, FEMA Training Manual, etc.

Member of the Editorial Advisory Panel and frequent contributor to Risk Management Advisor monthly publication of the Bureau of Business Practice, Division of Simon & Schuster publications.

Publisher of a Business, Tax and Financial Newsletter dedicated to insurance and risk management.

Contributor to New York Times Bestseller: *Get a Financial Life*

**Special Achievements:**
In the Supreme Court of the United States No. 00-1406, cited as an Authority on the Question Presented: *Whether the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq., permits an employer to refuse to hire an individual because his performance of the job will, as a result of his disability, pose a threat to his own health and safety.* (December, 2001).

Michigan House/Senate Hearings testimony on Unfair Insurance Claim Settlement Practices.

Cofounder of and consultant to off-shore self-insurance funds and Third Party Administrators.

**Employment History:**
Insurance and risk management consultant to governments, educational institutions, healthcare centers, commerce and industry specializing in financial services, marketing and educational activity:

| | | |
|---|---|---|
| State of Michigan | State of West Virginia | State of Louisiana |
| City of Detroit | City of Traverse City | City of Madiera Beach |
| City of Southfield | City of Lima | City of Onawa |
| City of Oconto | City of Beverly Hills | Lapeer County |
| Detroit General Hospital | Munson Medical Center | Port Huron Medical Center |
| Macomb Disposal Authority | Metroparks Authority | Macomb County Road Commission |
| Traverse City Area Schools | Northwestern College | North Central College |
| MichCon | Lansing Light & Power | Traverse City Power & Light |
| Waste Management Corporation | Frank's Nursery & Crafts | Allied Supermarkets |
| FTD International | ECPI of Southern Florida | New England Telephone |
| Citizens Bank | Empire National Bank | Comerica Bank |
| General Mills Corporation | Proctor & Gamble | Archer Daniels Midland Co. |
| Picker International | Agency Rent-A-Car | AIMCO Corporation |
| Hyundai America Tech. Center, Inc. | Auto Dealers Association | Executive Leasing Inc. |

**Various apprenticeship and career positions:**

| | | |
|---|---|---|
| Fidelity & Casualty Company of NY | Prudential Insurance Co. | Special Risk Underwriters |
| Atlas Insurance Agency | TIP Incorporated | Risk Research Institute |

**HAIG NEVILLE ASSOCIATES**

Haig G. Neville is a risk management specialist. He holds both the Chartered Life Underwriter (CLU) and the Chartered Property and Casualty Underwriter (CPCU) designations and the Diploma in Risk Management.

For several years, Mr. Neville has served as consultant to the major oil companies, insurance companies, banks, cities, educational institutions, utilities and industrial organizations and as the first risk manager to the State of Michigan.

As a member of the faculty at the University of Michigan, Mr. Neville has conducted insurance and risk management classes in the CPCU and RM programs of the American Institute of Property and Casualty Underwriters. He is a frequent lecturer at American Management Association, Risk and Insurance Management Society, CPCU Society, Bank Administration Institute and other association seminars.

Mr. Neville has authored several articles for such financial publications as the National Underwriter, Datamation, The Office, Best's, and the Harvard Business Review. He has contributed to the Michigan Surplus Lines license examination and has developed the licensing manual and course for insurance counselors.

**HAIG NEVILLE ASSOCIATES**