UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARLENE KATZ | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-4155 |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, and ANTHONY J. CEMO, individually and as agent of STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "R" (2) |
| | * | |
| | * | JUDGE VANCE |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS PLAINTIFF'S VALUED POLICY LAW CLAIMS**

**NOW INTO COURT,** through undersigned counsel, comes Defendant State Farm Fire and Casualty Company ("State Farm") and respectfully submits the following memorandum in support of its Motion for Partial Summary Judgment regarding plaintiff's claims against State Farm under the Louisiana Valued Policy Law ("VPL"), La. R.S. 22:695.

**I.    INTRODUCTION**

Plaintiff Marlene Katz seeks, among other things, to recover the limits of her State Farm homeowners policy pursuant to La. R.S. 22:695. Plaintiff's VPL claims are predicated upon a legal theory that has already been rejected by this Court in *Chauvin. v. State Farm Fire and Cas. Co.*, 450 F.Supp.2d 660 (E.D. La. 2006), *appeal pending*. Like the named

plaintiffs in *Chauvin*, Marlene Katz, bases her claims on a fundamental misinterpretation of the Louisiana VPL.  Here, as did the plaintiffs in *Chauvin*, the plaintiff contends that, because her property suffered some amount of damage as a result of a covered peril (i.e. wind), she is entitled, pursuant to the VPL, to collect the full face "value" of her State Farm homeowners policy, even though the plaintiff does not allege that her property was rendered a "total loss" by a covered peril.  Compl. ¶¶ XXIII-XXVIII.  Indeed, the plaintiff's property suffered severe flood water damage.  Plaintiff's State Farm homeowners policy explicitly and unambiguously excludes flood water damage with the following language:

> 2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> \*   \*   \*
>
> c.   **Water Damage**, meaning:
>
> (1)   flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not[.]

*See* Ex. A at 10; *see also In re Katrina Canal Breaches Consolidated Litigation*, F. Supp. 2d 729, 763 (E.D. La. 2006) (appeal pending) (holding that State Farm's water damage exclusion is unambiguous and excluded the plaintiffs' claims for coverage for damages resulting from flooding).  As this Court correctly held in *Chauvin*, the VPL does not require an insurer to pay the policy limit when an insured property is rendered a total loss by a non-covered peril.

879403v.1

Because the plaintiff here has failed to allege that her property was rendered a total loss by a covered peril, her VPL claims should be dismissed with prejudice.

**II.     STATEMENT OF THE FACTS**

At the time Hurricane Katrina struck, plaintiff Marlene Katz was a State Farm insured.  State Farm, under Homeowners Policy 18-70-0937-4, insured the plaintiff's two-story home at 5600 Marcia Avenue, New Orleans, Louisiana  70124.  The maximum coverage amounts were $562,200 for the dwelling, and $421,650 for personal property contents.  Ex. A, certified copy of plaintiff's State Farm homeowners policy with declarations page.  State Farm, through the National Flood Insurance Program ("NFIP"), also issued Standard Flood Insurance Policy ("SFIP") 98-D7-7434-5 for the plaintiff's home.  The coverage limits under the plaintiff's SFIP were the maximum offered through the NFIP: $250,000 for the dwelling and $100,000 for the contents.  Compl. at ¶ IX; Ex. B, certified copy of plaintiff's SFIP with the declarations page.

Plaintiff's home at 5600 Marcia Avenue, New Orleans, Louisiana, suffered wind and flood damage as a result of Hurricane Katrina.  Compl. at ¶ X.  Under her homeowners policy, plaintiff was a total of $6,772.70--that amount included payment for some roof repairs and some interior leaking.  Compl. at ¶ XIV; Ex. C at ¶ 6 and at SFKatz 00011, 00012, 00098, and 00109-00113.  Plaintiff was paid the $250,000 and $100,000 building and contents limits under her flood policy.  Ex. C at ¶ 5 and at SFKatz 00137, 00139, 00141 and 00143, and 00223.  The flood damage to plaintiff's home was caused by approximately 6 feet of flood waters from levee breach/es.  Ex. C at SFKatz 00206.  Although the plaintiff suffered extensive damage to her contents, that damage was almost exclusively limited to the first floor (except for a rug on the

second floor) which was inundated with flood waters. Ex. D, Katz depo., p. 64, ll. 7-20; p. 84, ll. 9-25; p. 85, ll. 1-10; p. 86, ll. 1-4; Ex. C at SFKatz 00232-00240.

Further, the Complaint alleges that plaintiff is entitled to an additional $40,000-$50,000 under her homeowners policy for wind damage. Compl. at ¶¶ XII, XV. The Complaint also alleges that plaintiff suffered uninsured flood losses in excess of the $250,000 and $100,000 limits of her SFIP. Compl. at ¶¶ XVII-XX. The Complaint further alleges that "[p]laintiff's home suffered damage from wind, a covered peril under plaintiff's State Farm homeowners policy", Compl. at ¶ XXVI, and that "[p]laintiff's home was rendered a total loss as a result of Hurricane Katrina," *id.* at ¶ XXVII. Significantly, plaintiff does not, and cannot, allege that her property was rendered a total loss by peril covered under her homeowners policy.

### III.  LAW AND ARGUMENT

As noted by this Court in *Chauvin*, Hurricane Katrina and the subsequent breaching of the levees surrounding the greater New Orleans area "have led to uninsured losses of catastrophic proportions." 450 F.Supp.2d at 668. Many homeowners did not have flood insurance, and those who did have flood insurance under the National Flood Insurance Program (NFIP) were subject to the maximum flood coverage limits set by the government ($250,000 dwelling and $100,000 contents limits for residences).[1] But, the Court, while sympathetic, also recognized that this problem cannot be rectified by courts engaging in *ex post facto* judicial re-writing of homeowners policies to create coverage for damage caused by the specifically

---

[1] As is discussed further in Part III(B)(4) of the *Chauvin* Memorandum in Support of Judgment on the Pleadings, attached hereto as Exhibit E, the NFIP was established in part because Congress recognized that private insurers did not offer flood coverage under the terms of their homeowners policies. 42 U.S.C. § 4001(b).

excluded peril of flood. State Farm did not sell, and was not paid premiums for, flood coverage under its homeowners policies.

Plaintiff attempts to blur the fact that hurricanes set in motion *two* powerful forces of nature – flood and wind – which are covered by *two entirely separate types of insurance*. Pivotally, plaintiff never alleges that her property was rendered a "total loss" as a result of damage from wind or as a result of any other peril that is in fact covered by the homeowners policy issued by State Farm. Indeed, assuming *arguendo* that the plaintiff's home was a total loss or "constructive total loss," which State Farm disputes, the home was rendered a total loss or "constructive total loss" by flood water damage, a peril not covered under plaintiff's State Farm homeowners policy. Indeed, a review of the Complaint reveals that plaintiff alleges wind damage of up to approximately $56,000 ($6,772.70 paid to plaintiff under her homeowners policy plus an additional $40,000-$50,000 allegedly owed to plaintiff for purported wind damage) and flood damage in excess of $350,000.

Plaintiff however erroneously relies on the Louisiana Valued Policy Law and seeks recovery of the full coverage limits of her homeowners policy. The VPL, reduced to its essentials, requires certain insurers to pay the face value of a policy if an insured's property is rendered a total loss or constructive total loss by a covered peril. Because this issue has already been briefed extensively in the consolidated VPL cases, State Farm, to avoid repetition, adopts and incorporates by reference the legal references and arguments included in its Memoranda in Support of Motion for Judgment on the Pleadings filed in *Chauvin v. State Farm Fire & Cas. Co.*, Civil Action No. 05-6454 as if pleaded herein in their entirety. A copy of the *Chauvin*

Memoranda is attached hereto as Exhibit E.  State Farm also adopts and incorporates by reference the Defendants' Consolidated Reply Memorandum in Support of Rule 12 Motions to the extent that it is consistent with the legal arguments advanced in State Farm's *Chauvin*, memorandum.  A copy of the Consolidated Reply Memorandum is attached hereto as Exhibit F.  As correctly held by this Court in *Chauvin*, the VPL does not require an insurer to pay the policy limit when an insured property is rendered a total loss by a non-covered peril.  Here, the plaintiff does not and cannot allege that her home was rendered a total loss by a covered peril.  Therefore, and for all of the reasons set forth by the Court in *Chauvin*, the plaintiff's VPL claims herein fail as a matter of law and should be dismissed.

**IV.       CONCLUSION**

For all the reasons discussed above and as the Court held in *Chauvin*, plaintiff's claims for relief pursuant to the VPL fail as a matter of law and should be dismissed.

Dated:  June 22, 2007

Respectfully submitted,

*/s/ Andrea L. Fannin*

| | |
|---|---|
| Douglas J. Cochran, 20751<br>  dcochran@stonepigman.com<br>        Of<br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>One American Place<br>301 Main Street, Suite 1150<br>Baton Rouge, LA  70825<br>Phone:  (225) 490-8913<br>Fax:  (225) 490-8960 | Wayne J. Lee, 7916<br>  wlee@stonepigman.com<br>Mary L. Dumestre, 18873<br>  mdumestre@stonepigman.com<br>Andrea L. Fannin, 26280<br>  afannin@stonepigman.com<br>        Of<br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, LA  70130-3588<br>Phone:  (504) 581-3200<br>Fax:  (504) 581-3361 |

*Attorneys for State Farm Fire and Casualty Company and Anthony J. Cemo*

879403v.1

# **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing State Farm Fire and Casualty Company's Memorandum in Support of Motion for Partial Summary Judgment to Dismiss Plaintiff's Valued Policy Law Claims has been served upon all counsel of record by electronic notice from the Court's CM/ECF system, this 22nd day of June, 2007.

>Terrence J. Lestelle
>Andrea S. Lestelle
>Jeffery B. Struckhoff
>Lestelle & Lestelle
>3421 N. Causeway Blvd.
>Suite 602
>Metairie, Louisiana  70002

>*/s/ Andrea L. Fannin*

879403v.1