# MARLENE KATZ v. STATE FARM FIRE & CASUALTY COMPANY, et al

Report of Observations and Opinions

Prepared by:

Haig G. Neville, CLU, CPCU
Associate in Risk Management – IIA

May 14, 2007

HAIG NEVILLE ASSOCIATES

EXHIBIT 5

## MARLENE KATZ v. STATE FARM FIRE & CASUALTY COMPANY, et al

**Basis of this Report:**

This report is based upon the sum total of my education, practical experience and qualification in the insurance industry for more than forty years as an agent and risk management professional and as part-time faculty at the University of Michigan/Wayne State University/Eastern Michigan University and other institutions, including as a lecturer at continuing education forums on Responsibilities of Insurance Agents/Brokers and other topics in the United States, Canada, United Kingdom, Bermuda and Japan.

This report is also based upon an examination of the relevant documentation furnished and subject to further discovery as developed and produced. My c.v. is the subject of Exhibit A attached.

**The Factual Situation:**

For several years Marlene Katz insured her home located at 5600 Marcia Avenue, New Orleans, Louisiana through State Farm Insurance Company agent Anthony J. Cemo under Homeowners Policy #18-70-0937-4 and NFIP flood policy #98-D7-7434-5.

In September of 2004, Marlene Katz requested of State Farm agent Anthony J. Cemo for flood coverage in excess of the $250,000/$100,000 NFIP maximum limit. Agent Cemo represented to Ms. Katz that additional flood coverage was not available, which was a false statement. Several insurance companies offered excess flood coverage.

On or about August 29th 2005, the Katz home suffered severe wind and flood damage as a result of hurricane Katrina. The flood damage far exceeded the maximum NFIP limits.

**Issues in this Matter:**

Among the issues addressed in this report are a) whether State Farm agent Cemo breached the standard of skill, care and diligence of a trained and licensed insurance agent, b) whether State Farm advertised its agents' training, expertise and reputation to persuade customers to rely on them, c) whether Ms. Katz relied on its State Farm agent Cemo's perceived superior knowledge, licensure, training, experience, competence and reputation to offer and provide adequate flood coverage for Ms. Katz' home.

**HAIG NEVILLE ASSOCIATES**

- 2 -

**Observations and Opinions:**

1. **Duties and Responsibilities of Agents:** An insurance agent owes a duty to exercise reasonable care, skill and diligence to the insurance transaction and to follow its policyholder instructions. In order to qualify for an agent's license, State Farm agents are trained not to make misrepresentations related to insurance coverages.

   These are fundamental State Farm teachings found in basic licensure courses and Continuing Education training seminars. As a trained and licensed State Farm agent, Mr. Cemo is attributed with knowledge of these standards.

   As a "Write Your Own" (WYO) facility for NFIP flood insurance, State Farm and its agents are also attributed with knowledge of the NFIP coverage limitations and are aware or should be aware of the availability of coverage in excess of NFIP's offerings for higher valued home policies.

   Accordingly, State Farm agents owe a duty to respond truthfully when a coverage inquiry is made. In this matter, Cemo's failure to provide a factual response constitutes a misrepresentation and a negligent breach of the standard of care duty owed.

2. **Expertise and Superior Knowledge:** State Farm agent Cemo is a trained and licensed Louisiana agent. Ms. Katz has no insurance training and relied on the counsel and advice of her State Farm agent Cemo.

   To the extent that Ms. Katz relied on Mr. Cemo's erroneous representation to her detriment, constitutes a negligent breach of State Farm agent Cemo's duty to Ms. Katz.

3. **Duty to Anticipate Foreseeable Risks:** As a licensed, trained and experienced State Farm agent, Mr. Cemo knew or should have known that in Louisiana an agent has a duty to advise clients of recommended coverage for foreseeable risks. If an agent fails to do so, he/she can be held liable for their policyholder's damages. In the Katz matter, it is obvious that the dwelling was valued at more than $500,000 and the personal property greater than $400,000 *(see State Farm policy Declaration page)*. To the extent that the home was subject to a flood risk, the maximum amount of NFIP coverage was grossly inadequate.

   In view of the above, State Farm and its agent Cemo violated the doctrine that agents *"agents owe a fiduciary duty to advise clients of recommended coverages"*. If this doctrine is breached, it imposes greater culpability on agent Cemo for intentionally misleading policyholders contrary to the law and upon State Farm for negligent training, direction and supervision of their agents.

- 3 -

**Concluding Observations and Summary of Opinions:**

In view of the foregoing observations it is concluded and opined that State Farm agent Cemo negligently breached the duty owed to his policyholder Marlene Katz, by his failure to exercise the standard of reasonable skill, care and diligence in misrepresenting the availability of flood insurance excess over NFIP when Ms. Katz inquired, and upon which misrepresentation Ms. Katz relied, to her detriment.

It is further opined that State Farm agent Cemo, as a State Farm trained and licensed Louisiana agent, knew or should have known of the availability of excess flood insurance for high value homes by his extensive State Farm training. To the extent that he attended State Farm classes, he is attributed with superior knowledge and his response to Ms. Katz inquiry, upon which she relied, constitutes an intentional misrepresentation.

Finally, it is opined that State Farm agent Cemo negligently and intentionally breached his fiduciary duty to advise Ms. Katz of recommended coverages for foreseeable risks.

Haig G. Neville

May 14, 2007