UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARLENE KATZ | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-4155 |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, and ANTHONY J. CEMO, individually and as agent of STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "R" (2) |
| | * | |
| | * | JUDGE VANCE |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**REPLY MEMORANDUM IN SUPPORT OF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS PLAINTIFF'S VALUED POLICY LAW CLAIMS**

State Farm Fire and Casualty Company ("State Farm") submits this Reply Memorandum in Support of its Motion for Partial Summary Judgment To Dismiss Plaintiff's Valued Policy Law Claims. Plaintiff urges the Court to delay ruling in this case because the interpretation of the VPL is at issue in cases pending appeal in both the United States Fifth Circuit Court of Appeals and in the Louisiana state appellate courts. As discussed below, this motion is ripe for a decision now, and there is no reason for this Court to delay its ruling.

### I. ARGUMENT AND AUTHORITIES

Plaintiff asserts that because her house suffered some damage as a result of a covered peril (i.e. wind), and because the house was rendered a total loss, she is entitled, pursuant to the

882621v.2

- 2 -

VPL, to the policy limits of her homeowners policy.  But as this Court previously ruled in *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660 (E.D. La. 2006), the VPL only requires an insurer to pay the policy limit when the property is rendered a total loss by a covered peril.  Under this Court's interpretation and ruling in *Chauvin*, plaintiff's VPL claims should be dismissed.  Indeed, plaintiff offers no substantive opposition (other than adopting its urged interpretation of the VPL previously rejected by this Court); instead, plaintiff urges the Court to delay ruling in this case "until there is a more definitive answer."  However, just because the interpretation of the VPL is at issue in cases pending appeal in both Louisiana federal and state courts, does not mean that this Court should delay ruling on the VPL issue in any and all cases in which it arises "until there is a more definitive answer."  What is "a more definitive answer"?  If the Fifth Circuit affirms this Court's ruling in *Chauvin*[1], plaintiff will undoubtedly argue that a ruling must be further stayed until one of the Louisiana appellate courts rules on the issue.  If the Louisiana appellate courts also hold that the VPL only requires an insurer to pay the policy limit when a property is rendered a total loss by a covered peril, plaintiff would then argue that the Court must again hold off a ruling in this case until the issue reaches the Louisiana Supreme Court.  And even in the extremely unlikely event that a Louisiana intermediate appellate court were to adopt plaintiff's misreading of the VPL, any such holding would not be binding on this

---

[1] Contrary to plaintiff's unsupported assertion, there is no indication that the VPL issue appears to be headed to the Louisiana Supreme Court any time soon.  In *Chauvin*, the Fifth Circuit denied plaintiffs' motion to certify the question to the Louisiana Supreme Court.  Plaintiffs re-urged certification in their briefs on the merits.

882621v.2

Court.[2]  The only state court that can provide a "definitive answer" for purposes of the *Erie* doctrine is the Louisiana Supreme Court.  Until that occurs, the proper procedure is for this Court "to decide this issue the way that [this Court] believe[s] the Supreme Court of Louisiana would decide it."  *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003).  *Accord Terrebone Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 317 (5th Cir. 2002).

There simply is no reason for this Court to wait months for a Fifth Circuit decision or possibly years for a Louisiana Supreme Court decision because there is no significant likelihood that either of those courts will adopt plaintiff's misreading of the VPL.  The Louisiana federal district courts have uniformly rejected plaintiff's interpretation, holding, like this Court in *Chauvin*, that the VPL does not require an insurer to pay policy limits where the insured property is rendered a total loss by an excluded peril.  For example, in *Turk v. La. Citizens Property Insurance Corporation*, the court held:

---

[2]  "Under the *Erie* doctrine, where the State Supreme Court has not ruled on an issue, as in the case at bar, a federal court is not bound by decisions of intermediate Louisiana appellate courts if the court is reasonably certain that the state's highest court would not embrace the doctrine set forth in the appellate court's opinion."  *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Liberty Mut. Ins. Co.*, 696 F. Supp. 1099, 1101 (E.D. La. 1988) (predicting that Louisiana Supreme Court would follow *dissenting* opinion of intermediate appellate court).  *See also, e.g., Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 318 (5th Cir. 2002) ("The [intermediate appellate court] may have misapplied this fundamental principle, and [on remand] the district court may be persuaded that if the Louisiana Supreme Court were to consider this issue, it would adopt the opposite rule."); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546 (5th Cir. 2004) ("[I]f 'convinced by other persuasive data that the highest court of the sate would decide otherwise,' this court will not defer to the decisions of intermediate state appellate courts.") (citation omitted); *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 286 (M.D. La. 1995) ("[F]ederal courts are not bound to accept intermediate appellate court decisions as correctly stating state law.").

> [B]ecause the homeowner policies at issue exclude coverage for damage caused by flood water, and thus the policyholders did not pay a premium for flood coverage under their homeowner policies, the [Valued Policy Law] cannot be construed to require State Farm . . . to pay the policy limits under their respective policies when the insured property was rendered a total loss, in whole or in part, by a non-covered peril such as flood waters, rather than in whole by a covered peril such as wind damage.

2006 WL 1635677, *1 (W.D. La. 2006) (appeal pending); *see also Richard v. State Farm Fire & Cas. Co.*, 2006 WL 3499901, *4 (W.D. La. 2006) ("The [Valued Policy Law] applies to require an insurer to pay the full value of the policy only when a covered peril causes a total loss; the loss must be both total and covered."); *Maziarz v. Auto Club Inter Insurance Exchange*, 2006 U.S. Dist. Lexis 81817, *2 (E.D. La. 2006) (adopting *Chauvin's* interpretation of VPL). It is unlikely that the Fifth Circuit will reject this uniform and considered jurisprudence.

Plaintiff's insinuation that this Court has somehow retreated from its holding in *Chauvin* by holding that the VPL applies to total loss caused by covered perils other than fire does not withstand scrutiny. *Chauvin* expressly stated that it "w[ould] not decide" that issue. *See Chauvin*, 450 F. Supp. 2d at 664. Thus, this Court's subsequent decision in *Caruso v. Allstate Ins. Co.*, 2007 WL 625830 (E.D. La. Feb. 6, 2007), cannot be construed as conflicting with *Chauvin* in any respect.

The Louisiana appellate courts and Supreme Court are no more likely than the Fifth Circuit to side with plaintiff. Doing so would produce negative results of far-reaching impact for the citizens of Louisiana. Plaintiff's position seeks financial advantage for some individuals at the expense of the citizenry at large. State Farm did not charge and did not receive any premiums for flood losses, which are excluded from coverage under its homeowners policies. If State Farm is nonetheless required to pay for uninsured flood losses, the deficits it would incur

likely would be passed on to Louisiana policyholders through greatly increased premiums. Thus, adoption of plaintiff's proposed interpretation would be most short-sighted if perceived as a means for helping Louisiana homeowners.[3]

Further, the two unpublished state district court decisions that have construed the VPL as urged by plaintiff are not binding on this Court,[4] nor are they persuasive because they clearly do not display the level of analysis undertaken by this Court and other courts in both the Eastern District and the Western District that have reached the opposite conclusion. For instance, the trial court in *Langston* relied on *Harvey v. General Guaranty Insurance Co.,* 201 So. 2d (La. App. 3 Cir. 1967). Reliance on *Harvey* is entirely misplaced. In *Harvey*, the insurance policy at issue was a fire policy, and fire was the cause of the insured property being rendered a total loss. There were two policies of fire insurance in effect at the time of the loss and the insurer maintained that it was only liable for a portion of the loss because of a "pro rata" clause in its

---

[3]  Another unfair result of interpreting the VPL as plaintiff suggests is that homeowners with NFIP flood insurance might recover the full value of their homes under both their flood policies *and* their homeowners policies.

[4]  *See Hill v. U. S. Fid. & Guar. Co.*, 428 F.2d 112, 114 (5th Cir. 1970) ("A final decision of a state trial court is not binding on the federal courts as a final expression of the state law . . . ."); *Cyberonics, Inc. v. Wells Fargo Bank N.A.*, No. H-07-121, 2007 WL 1729977, at *5 (S.D. Tex. June 13, 2007) (unpublished state court decision not binding on federal district court). Moreover, the Louisiana Supreme Court gives no weight to unpublished state court opinions such as those rendered in *Landry, Langston, Griffith*, and *Wallace. See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 349 (La. 1994) ("Once having been decided in unpublished form, however, the opinion should not have been referred to by counsel at all. . . . Further, in general, unpublished opinions should not be cited or used as precedent by courts in subsequent cases."). As such, they are of no use to the Court in making its "*Erie* guess." *See Primrose,* 382 F.3d at 565 (Unpublished Texas state court opinions have no precedential value in Texas and thus do not factor into "*Erie* guess").

policy. *Id.* at 692. The court held that, under the VPL, both insurers were liable for the full face amount of the policies, despite the pro rata clauses. Nothing in the court's opinion suggests that the VPL requires an insurer to pay the face value of its policy when a total loss is caused by an excluded peril.

The trial court in *Landry* relied on *Hart v. North British & Mercantile Insurance Co.*, 162 So. 177 (La. 1935), a decision that was specifically and correctly distinguished by this Court in *Chauvin*. *See Chauvin*, 450 F. Supp. 2d at 667-68. The issue in *Hart* was whether a building must be physically annihilated in order to constitute a "total loss" under the VPL or whether lesser damage resulting in a "constructive total loss" will suffice. In *Hart*, 75% of the insured building was destroyed by the covered peril of fire. The remaining 25% of the building "was so damaged as to become worthless for building purposes . . . ." *Id.* at 179. The *Hart* court concluded:

> The property insured was a dwelling house. The fire rendered it useless for the purpose for which it was used; it was totally destroyed as a building, as all its value as such to the owner was destroyed, and hence a total loss to her. The right of petitioner, as the owner, to recover insurance for the face of the policy in this case was therefore complete.

*Id.* at 179-180.

The *Hart* court merely applied the rule that when a covered peril (e.g., fire) causes a "constructive total loss," the VPL requires payment of the policy limits. Clearly the court was of the opinion that the building was already a "total loss" before the city demolished the fire-ravaged shell. The "civil authorities" exclusion thus was irrelevant. Nothing in the *Hart* opinion

indicates that the VPL would have applied if the "constructive total loss" had been caused by something other than a covered peril.

*Griffith v. Louisiana Citizens Coastal Plan*, Docket No. 17674 (La. 38th Jud. Dist. Ct., Parish of Cameron, June 1, 2007), does not support plaintiff's position. That case held that State Farm's "anti-concurrent cause" provision was not operational to preclude recovery under the VPL in the specific circumstances where "a landowner experienced *a total loss as a result of windstorm (a covered peril)*," followed by "the forces of a peril not covered, such as excluded water damage, [that] would have also inflicted the loss . . . ." *Id.* at 2 (emphasis added). *Griffith* does not hold or suggest that the VPL applies to a total loss that is not caused by a covered peril.

Plaintiff also purports to rely on *Wallace v. Louisiana Citizens Property Insurance Corp.*, Docket No. 52-975 (La. 25th Judicial Dist. Ct., Parish of Plaquemines), an unpublished state trial court decision that plaintiff did not attach to her brief. That decision, attached hereto as Exhibit A, denies the defendant's summary judgment motion, but does so without any discussion of the court's rationale or the issues involved, beyond referring to "Oral Reasons handed down in Open Court on June 14, 2007." State Farm has not yet been able to determine whether a transcript exists that might record those "Oral Reasons," and plaintiff did not attach any such transcript to her brief. State Farm submits that plaintiff's unsubstantiated characterization of the *Wallace* court's reasons should be treated with skepticism, given plaintiff's strained reading of the other authorities cited in her brief. In any event, *Wallace* is not binding on this Court. *See Hill*, 428 F.2d at 114.

Plaintiff's attempted analogy between the VPL and a contractual liquidated damages clause does not change the fact that the VPL only resolves valuation disputes and only applies under certain conditions, *i.e.*, when the insured premises has been rendered a "total" loss by a "covered" peril. It does not create coverage when the terms of the insurance contract do not. The authorities cited in plaintiff's brief do not change this result.

Likewise, plaintiff's citation to authority holding *in a completely different context* that the VPL is clear and unambiguous does not make it applicable in situations where a total loss is not caused by a covered peril. Plaintiff's reliance on *Farmers-Merchants Bank and Trust Co. v. St. Katherine Insurance Co.*, 693 So. 2d 876 (La. App. 3 Cir. 1997), lends no support to her position. *Farmers-Merchants* involved two separate fire insurance policies covering the same property. Following the destruction of the property by fire, a dispute arose as to whether both insurers were required to pay full value and whether one of the policies provided blanket coverage rather than specific coverage and was therefore not subject to the VPL. *Farmers-Merchants* simply has no relevance to determining whether the VPL requires payment of policy limits for a total loss that is not caused by a covered peril or any other issue before the Court.

In sum, there simply is no reason for this Court to hold off ruling on an issue that it has previously ruled on after extensive briefing and lengthy oral argument. Trial in this matter is scheduled to begin on August 13, 2007, and State Farm urges the Court to follow its *Chauvin* ruling and dismiss plaintiff's VPL claims.

- 9 -

## II. CONCLUSION

For the reasons above and in State Farm's motion and supporting memorandum to dismiss plaintiff's VPL claims, State Farm urges the Court to dismiss plaintiff's VPL claims.

Respectfully submitted,

/s/ *Andrea L. Fannin*

Douglas J. Cochran, 20751
  dcochran@stonepigman.com
              Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
One American Place
301 Main Street, Suite 1150
Baton Rouge, LA 70825
Phone: (225) 490-8913
Fax: (225) 490-8960

Wayne J. Lee, 7916
  wlee@stonepigman.com
Mary L. Dumestre, 18873
  mdumestre@stonepigman.com
Andrea L. Fannin, 26280
  afannin@stonepigman.com
              Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130-3588
Phone: (504) 581-3200
Fax: (504) 581-3361

*Attorneys for State Farm Fire and Casualty Company and Anthony J. Cemo*

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Reply Memorandum in Support of State Farm Fire and Casualty Company's Motion for Partial Summary Judgment to Dismiss Plaintiff's Valued Policy Law Claims has been served upon all counsel of record by electronic notice from the Court's CM/ECF system, this 10th day of July, 2007.

    Terrence J. Lestelle
    Andrea S. Lestelle
    Jeffery B. Struckhoff
    Lestelle & Lestelle
    3421 N. Causeway Blvd.
    Suite 602
    Metairie, Louisiana  70002

                                      */s/ Andrea L. Fannin*

882621v.2