UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARLENE KATZ** | * | **CIVIL ACTION NO. 06-4155** |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | **MAGISTRATE** |
| **COMPANY, and ANTHONY J. CEMO,** | * | **JOSEPH C. WILKINSON, JR.** |
| **individually and as agent of STATE FARM** | * | |
| **FIRE AND CASUALTY COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S VALUED
POLICY LAW ALLEGATIONS.**

MAY IT PLEASE THE COURT:

This memorandum is submitted on behalf of plaintiff Marlene Katz in opposition to the motion of defendants State Farm Fire and Casualty Company ("State Farm") and Anthony Cemo ("Cemo") for partial summary judgment to dismiss plaintiff's Valued Policy Law ("VPL") allegations. Because this issue is currently on appeal in both federal and state courts, the VPL allegations should not be ruled upon until there is a more definitive answer. The authorities which defendants rely upon, namely *Chauvin v. State Farm and Cas. Co.*, 450 F.Supp.2d 660 (E.D. La. 2006) and *In re Katrina Canal Breaches Consolidated Litigation*, F.Supp.2d 729 (E.D.

La. 2006), are currently on appeal with the Fifth Circuit.[1] Oral argument for *In re Katrina Canal Breaches* was heard on June 6, 2007, and *Chauvin* is scheduled for oral argument on July 9, 2007. Furthermore, the VPL issue is on appeal in Louisiana state courts. After this court's ruling in Chauvin, two state courts have recently held that the plain language of the VPL does not require that a total loss be caused by a covered peril. *See: Langston v. Louisiana Citizens Property Ins. Corp.*, Docket No. 53-219, slip op. (La. 25th Jud. Dist. Ct., Parish of Plaquemines, State of Louisiana, February 8, 2007); and *Landry v. Louisiana Citizens Property Ins. Corp.*, Docket No. 85571, slip op. (La. 15th Jud. Dist. Ct., Parish of Vermillion, State of Louisiana). Both cases are now on appeal in the Louisiana Third and Fourth Circuit Courts of Appeal, respectively. Oral argument in *Landry* was held in the Third Circuit on May 3, 2007, and *Langston* is set for oral argument on August 9, 2007 in the Fourth Circuit.

Also, in *Griffith v. Louisiana Citizens Prop. Ins. Corp.*, Docket No. 17674, (La. 38th Jud. Dist. Ct., Parish of Cameron, State of Louisiana), the court rejected State Farm's attempt to create a judicial exception to the VPL with a policy provision that purports to exclude losses concurrently by covered and excluded perils. As recently as June 14, 2007, the 25th Judicial District Court in *Wallace v. Louisiana Citizens Property Insurance Corp.*, Docket No. 52-975 (La. 25th Judicial Dist. Ct., Parish of Plaquemines) denied defendants ANPAC Louisiana Insurance Co., Louisiana Farm Bureau Mutual Insurance Co., and Louisiana Farm Bureau Casualty Insurance Co.'s motion for summary judgment, rejecting the holding in *Chauvin* regarding the VPL. Therefore, given the conflicting interpretations and holdings regarding

---

[1] The Fifth Circuit indicated at oral argument in the *In Re Katrina Canal Breaches Consolidated Litigation* that the decision by the court would be expedited.

Louisiana's VPL, this court should reserve ruling on this issue until the Louisiana Supreme Court or at least the appeals courts rule on the meaning of the VPL statute.[2]

Nevertheless, should this court determine that it should decide the issue at this time, the court should find that the VPL requires the insurer to be liable for any covered loss or damage when there is a total loss. To avoid repetition, the plaintiffs adopt and incorporate by reference the legal references and arguments included in the Reply Brief filed in *Chauvin v. State Farm Fire & Casualty Co.*, Civil Action No. 06-30946.[3] However, in summary, courts are not at liberty to add or delete words from an unambiguous statute. *Cole v. Celotex Corp.*, 599 So.2d 1058, FN 18 (La. 1992). Louisiana courts have explicitly stated that the VPL is clear and unambiguous. *Farmers-Merchants Bank & Trust Co. v. St. Katherine Ins. Co.*, 693 So.2d 876 (La. App. 3d Cir. 1997). Defendants invite this Court to ignore these rules and to rewrite this unambiguous statute. The VPL clearly states that if an insurer is liable for "*any*" covered loss or damage, when there is a total loss, that liability shall be computed at the value placed by the insurer on the property. The phrase "total 'covered' loss" is nowhere to be found in the statue, and there is nothing in the plain language of the statute that suggests that a covered peril must be *the* cause of a total loss.

Further, the VPL statute has been held to be a liquidated damage clause and should not be interpreted with indemnity principles in mind. In addition, since this court decided *Chauvin*, the legal landscape regarding Louisiana's VPL has changed. As noted above, *Langston*, *Landry*, *Griffith*, and *Wallace* have all held that the VPL concerns *any* covered losses when there is a total loss. Moreover, this court, itself, has re-addressed portions of its opinion from *Chauvin*. *See Caruso v. Allstate Ins. Co.*, 2007 WL 625830 (E.D. La. February 26, 2007) (wherein this

---

[2] The VPL issue appears to be headed to the Louisiana Supreme Court. Requests to certify the VPL question to the Louisiana Supreme Court are being urged by the policyholders in *Chauvin*.
[3] See Reply Brief filed in *Chauvin v. State Farm Fire & Casualty*, Civil Action No. 06-30946 attached hereto.

court adopted the arguments made by the plaintiffs in *Chauvin*, holding that the VPL applies to a total loss caused by perils other than fire).  If this court chooses to rule in defendant's instant motion, without the benefit and imminent decisions from the Federal and State appeal courts and likely the Louisiana Supreme Court, it is submitted that the court re-evaluate and reverse its prior ruling.

**Conclusion**

Interpretation of Louisiana's Valued Policy Law by both federal and state appellate courts will be made in the near future.   Therefore, a holding on this issue should be stayed until those courts provide a more definitive answer.  However, if the court does decide this issue at this time, it should find that the Valued Policy Law, in its plain language, is unambiguous and does not lead to absurd consequences.

For all of the foregoing reasons, defendant's motion should be denied.

                                Respectfully submitted,

                                  /s/ Jeffery B. Struckhoff
                                **TERRENCE J. LESTELLE – 8540**
                                **ANDREA S. LESTELLE – 8539**
                                **JEFFERY B. STRUCKHOFF - 30173**
                                **LESTELLE & LESTELLE**
                                3421 N. Causeway Blvd, Ste. 602
                                Metairie, LA 70002
                                Telephone:  504-828-1224
                                Facsimile:  504-828-1229
                                **Attorneys for Plaintiff**
                                **Marlene Katz**

**CERTIFICATE OF SERVICE**

  I do hereby certify that I have on this 11th day of July, 2007, electronically refiled the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are not CM/ECF participants.

             ___/s/ Jeffery B. Struckhoff_____
             **Jeffery B. Struckhoff**