UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| _____ | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| PERTAINS TO:  ALL MRGO | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL PLAINTIFFS' RESPONSES TO
INTERROGATORIES AND TO DETERMINE THE SUFFICIENCY
OF PLAINTIFFS' ANSWERS TO REQUESTS FOR ADMISSIONS**

The United States moves to compel Plaintiffs to provide proper responses to the United States' First Set of Interrogatories, and to determine the sufficiency of Plaintiffs' responses to the United States' First Set of Requests for Admissions. The United States' interrogatories properly inquire after Plaintiffs' contentions, the factual bases of those contentions, and the bases for the disclosed opinions of Plaintiffs' expert. Nevertheless, Plaintiffs have responded to those inquiries in singularly evasive fashion, attempting to answer only *two* of the interrogatories and otherwise invoking a stock non-answer that they are "still assessing the mechanism by which the USACE's negligence caused Responding Parties' damages." Plaintiffs have also failed to verify their interrogatory responses. With respect to the United States' requests for admissions

1

("RFAs"), Plaintiffs have interposed a laundry list of baseless objections – including claims that almost all of the United States' requests are vague and ambiguous – while dancing around several of the requests. Plaintiffs should be compelled to answer each interrogatory "separately and fully" and "fairly meet the substance of the requested admissions." Fed. R. Civ. P. 33(b)(1), 36(a).

## PROCEDURAL BACKGROUND

Pursuant to Case Management and Scheduling Order No. 4 ("CMO No. 4"), the United States propounded its First Set of Interrogatories and First Set of Requests for Admissions on common liability issues to Plaintiffs on April 30, 2007. Plaintiffs timely served their objections and responses to this discovery, which consisted of 35 interrogatories and 50 RFAs, on June 14, 2007. *See* Ex. 1 (MRGO Plaintiffs' Responses to Defendant United States' First Set of Interrogatories); Ex. 2 (MRGO Plaintiffs' Responses to Defendant United States of America's First Set of Requests for Admissions).[1] As summarized above, however, those responses did not reflect a good faith effort to answer the United States' discovery requests. In addition, Plaintiffs' responses to interrogatories did not include the requisite verifications. *See* Fed. R. Civ. P. 33(b)(1), (2); *see also, e.g.*, *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 "K" (2), slip op. at 6 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. No. 6049).

Pursuant to Local Rule 37.1E, undersigned counsel contacted Plaintiffs' counsel on June 27 to request a conference call regarding the deficiencies in Plaintiffs' RFA and interrogatory

---

[1] On the same date Plaintiffs also served their objections and responses to the United States' First Set of Requests for Production of Documents. The United States is reviewing the Plaintiffs' document production and will separately pursue relief for the deficiencies therein.

2

responses. The United States subsequently agreed to delay that call until July 3 to accommodate Plaintiffs' desire to "prepare properly" and to also address the United States' discovery responses in the *Robinson* case and in the MRGO common liability track. On July 2, Plaintiffs' abruptly canceled the upcoming call, citing the press of other business, and the United States again accommodated counsel's schedule by delaying the conference call until July 9. On that call, while Plaintiffs were ready to discuss certain of the United States' discovery responses, they were entirely unprepared to discuss the merits of their various objections and responses to discovery. Indeed, Plaintiffs' response to each of the numerous deficiencies the United States identified during that call was that they would need yet another week to respond. *See* Ex. 3 (Letter dated July 10, 2007, from B. Bowcut to P. O'Donnell).

Although the United States was and still is open to efforts by Plaintiffs to revise their deficient responses, it now seeks to avoid further unjustified delay by asking the Court to enforce Plaintiffs' discovery obligations pursuant to Federal Rules 36 and 37.

## ARGUMENT

**I.      THE COURT SHOULD COMPEL PLAINTIFFS TO PROVIDE FULL, VERIFIED ANSWERS TO THE UNITED STATES' INTERROGATORIES.**

Absent a valid objection, a party must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(1). The answers are to be signed by the person making them – *i.e.*, the responding parties, not their attorneys. Fed. R. Civ. P. 33(b)(2). Moreover, the answers must be full and complete, for "an evasive or incomplete . . . answer . . . is to be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a). To be complete, the answers

must "furnish such information as is available to the party." Fed. R. Civ. P. 33(a). Thus, as this Court has stated:

> The answering party is required to give information available to him, including information available to his agents or representatives . . . . If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

*In re Katrina*, slip op. at 9 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. No. 6053) (quoting *General Cigar Co. v. Cohiba Caribbean's Finest, Inc.*, No. 2:06-cv-00575, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007)).

Collectively, Plaintiffs' interrogatory objections and responses do not reflect a good-faith effort to meet these standards; to the contrary, they reflect an effort to evade and obstruct the United States' legitimate discovery requests. In addition to not being verified, the responses suffer from the following defects:

### A. Plaintiffs Have Failed to Meaningfully Answer Nearly Every Interrogatory.

In response to every interrogatory from No. 1 to No. 34, Plaintiffs have relied upon their rote statement that they are still assessing the mechanism by which the Corps caused their damages. This non-answer is the *only* answer Plaintiffs provide to these interrogatories, with the exception of their responses to Nos. 2 and 3. (Even the answer to No. 3 is deficient, in that the United States seeks the *basis* for one of Plaintiffs' contentions regarding the route of the MRGO, and Plaintiffs have merely rephrased what that contention is.)

With respect to most of the interrogatories, Plaintiffs' rote response that they are "still assessing" is a complete *non sequitur*, because the questions do not ask for the mechanism by which the Corps allegedly caused Plaintiffs' damages. And in every instance, this *pro forma*

4

response is insufficient because Plaintiffs are obliged to answer with the information that is available to them. *See In re Katrina*, slip op. at 9 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. No. 6053). If they lack information with which to respond, then they must so state in their responses – detailing their efforts to locate the information – and then seasonably supplement their responses as the information becomes available. *See id.* Plaintiffs have done none of this.

      **B.**    **Plaintiffs Have Interposed Only Specious Objections to Answering the Interrogatories as Written.**

Nor do Plaintiffs' many and varied objections justify their failure to fully answer the interrogatories. The following objections should be overruled:

*Expert testimony objections.* Plaintiffs have objected that almost of the interrogatories (Nos. 1-30 and 33-35) seek the premature disclosure of expert testimony. This is a willful misconstruction of most of the interrogatories, which are garden-variety contention interrogatories directed at fleshing out the allegations set forth in the MRGO Master Consolidated Class Action Complaint ("Master Complaint"). As this Court has already ruled, discovery directed at underlying facts is not shielded on the basis that it calls for expert discovery. *See In re Katrina*, slip op. at 8 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6049); *see also, e.g.*, *Spartan Corp. v. United States*, No. 92-580c, 2007 WL 1772005, at *4 (Fed. Cl. June 18, 2007).[2] With respect to interrogatory Nos. 11-14, which *do* seek information

---

[2] Moreover, to the extent any of these interrogatories might conceivably be read as requiring expert input to answer, Plaintiffs must clearly and specifically aver that in their responses, and timely supplement their answers (either in their expert reports or in supplemental responses to the interrogatories). *See In re Katrina*, slip op. at 7 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6047)

5

concerning certain opinions of Plaintiffs' expert, Dr. Bea, the objection amounts to Plaintiffs wishing to have their cake and eat it too. As part of their initial disclosures, Plaintiffs put forth certain opinions of Dr. Bea in his declaration dated April 16, 2006. *See* Ex. 4. Having disclosed those opinions, Plaintiffs cannot now contend that it is "premature" to provide the bases of those opinions.[3]

*Privilege and work product objections*. Plaintiffs have also objected that nearly all of the interrogatories (Nos. 1-4, 6-10, 12, 13, and 15-34) encompass information protected by the attorney-client privilege or the work product doctrine. These are specious objections. These privileges protect certain communications with counsel and the mental impressions of counsel, *not* the underlying information. This Court has already ruled that interrogatories concerning plaintiffs' factual contentions do not seek privileged or work product-protected information. *See In re Katrina*, slip op. at 4 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6049).

*Vagueness and ambiguity objections*. Plaintiffs have objected that interrogatory Nos. 1, 2, 3, 8, 12, 13, 16, 21-28, and 32 are vague and ambiguous. These objections generally fall into two categories, each equally meritless. First, Plaintiffs inscrutably object to phrases such as "full narrative detail," "full and complete detail," "narrative description," "describe . . . every aspect," and "describe fully and completely," all of which the United States used in instructing Plaintiffs how to answer the questions posed. To the extent Plaintiffs' argument is that these terms

---

[3] At this time, the United States does not move to compel an answer to interrogatory No. 35, which asks Plaintiffs to identify their testifying experts and provide those experts' opinions and the bases of those opinions. The United States agrees with Plaintiffs that such information may be supplied in accordance with the schedule for expert disclosures set forth in CMO No. 4. The United States reserves the right, however, to compel a complete answer to interrogatory No. 35 in the event that Plaintiffs' expert disclosures prove incomplete.

encompass privileged or protected material, that argument should be rejected for the reasons outlined above. And whatever Plaintiffs' argument may be, the objections ring hollow in light of Plaintiffs' near-complete failure thus far to answer the interrogatories *at all*, much less completely or in narrative form. Second, Plaintiffs object to the terms "levee," "levee district" and "care and inspection." These are common terms that may be readily understood; Plaintiffs have manufactured ambiguity by seeking to limit them in ways that the interrogatories did not. Moreover, the United States did not employ these terms as some sort of syntactical trap for the unwary; it used them to ask Plaintiffs for information about their own contentions.

*Overbreadth objections*. Plaintiffs object that interrogatory Nos. 31 and 32 are overbroad. But there is nothing objectionable about standard interrogatories requesting information known to Plaintiffs concerning the identities of witnesses with relevant information (No. 31), and the substance of any contacts with a defendant's employees, servants, or agents concerning the subject matter of the lawsuit (No. 32). Plaintiffs further object that interrogatory Nos. 1-4, 8, 12, 13, 15, 16, and 22-28 are "overbroad as to time." These objections are equally meritless, since the interrogatories once again seek information on what *Plaintiffs* contend in this lawsuit.

*Objections that the questions are compound*. Plaintiffs, seeing subparts, have reflexively objected that interrogatory Nos. 6, 7, 9, 10, and 17-21 are compound. But these interrogatories are properly considered single questions because they inquire after a single subject matter and merely identify the different types of information that, together, would constitute a complete response. *See Estate of Manship v. United States*, 232 F.R.D. 552, 555-57 (M.D. La. 2005).

*Objections that the questions assume facts not in evidence.* Plaintiffs have objected on this ground to interrogatory Nos. 27 and 28, arguing that these questions assume the fact of negligence by a levee district. This is a specious objection. No rule of discovery requires that matters be "in evidence" before parties seek discovery concerning them, the whole point of discovery being to identify potential evidence.

*Objection that the question misstates the nature of Plaintiffs' claim.* This is yet another specious objection. Plaintiffs' disagreement with the way interrogatory No. 1 is phrased is not a bar to answering it; any clarification of the nature of their claims belongs in an otherwise complete response, not an objection.

Because Plaintiffs' objections do not justify their failure to completely answer interrogatory Nos. 1-34, the United States requests that Plaintiffs be compelled to submit full and complete answers to these interrogatories, and to verify their responses pursuant to Federal Rule of Civil Procedure 36(b).

**II.      THE COURT SHOULD ORDER PLAINTIFFS TO SERVE REVISED ANSWERS TO THE UNITED STATES' REQUESTS FOR ADMISSIONS.**

A party responding to RFAs may admit the matter, "specifically deny the matter[,] or set forth in detail the reasons why the . . . party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). Any denial must "fairly meet the substance of the requested admission." *Id.*; *see also* 8A Charles A. Wright et al., Federal Practice and Procedure § 2260 (2007 update) ("It is expected that denials will be forthright, specific, and unconditional." Thus, a "limited denial is deficient . . . because it does not address the request in its entirety." *In re Katrina*, slip op. at 4 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6047). Relatedly, "if good faith requires

that a party . . . deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a).  Good faith, of course, is required in all aspects of a party's answers. *See Wilbanks v. North Am. Coal Corp.*, 334 F. Supp. 2d 921, 927 (S.D. Miss. 2004).  This Court has indicated that if the party requesting the admissions has any evidence that the responding party's denials' "are not in good faith, [the requesting party] may present that evidence to the court along with a request for sanctions." *In re Katrina*, slip op. at 8 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6053).

As with Plaintiffs' responses to interrogatories, their responses to several of the United States' RFAs are deficient.  Far from answering in good faith, Plaintiffs have proffered a litany of non-responses and objections that obstruct the United States' appropriate attempts to narrow what is in dispute in this case.

### A.     Plaintiffs' Responses to Several RFAs Are Improper.

Plaintiffs' denials of RFA Nos. 25 and 26 do not fairly meet the substance of the requests, in that they answer questions of Plaintiffs' own formulation instead of the requests as written.  In RFA No. 25, the United States asked Plaintiffs to "[a]dmit that the Corps consulted with the U.S. Fish and Wildlife Service before commencing construction of the MRGO."  Rather than simply admit or deny the request, as required by Federal Rule of Civil Procedure 36, Plaintiffs – subject to various objections – "denied" the following statement:

> that the USACE coordinated or communicated with the USFWS or the United States Department of Interior ("DOI") prior to submitting House Doc. No. 245 to Congress in 1951.  Responding Parties further deny that the USACE ever informed Congress, formally or informally, of any of the USFWS's or the DOI's objections or concerns with respect to the MR-GO prior to 1965.

Ex. 2 at 46. Plaintiffs similarly evaded RFA No. 26, which asked Plaintiffs to admit a similar request concerning Corps consultations with the Louisiana Wildlife and Fisheries Commission.

Plaintiffs' "admissions" of RFA Nos. 5, 6, 46, and 49 similarly rewrite the United States' RFAs. Such responses are not proper under Rule 36 because they do not "specify so much of [the RFA] as is true" and then "deny the remainder." Fed. R. Civ. P. 36(a). Rather, the Plaintiffs' admissions are to statements of their own choosing and leave the United States entirely without an admission or denial of the request as written. For example, RFA No. 46 requests the following:

> Admit that the "Plan of Improvement" map (Plate 2) that was submitted to Congress as part of what the Complaint refers to as the "MR-GO Authorization Report" (H.R. Doc. No. 82-245 (1951)) superimposes the MRGO over the GIWW from the point at which the GIWW leaves the IHNC to a point several miles east of the IHNC.

Plaintiffs did not admit that statement, but instead – again subject to various objections – admitted their own proposition, one completely lacking in substance: "Responding Parties admit that several maps were attached to what Plaintiffs' Complaint referred to as the 'MR-GO Authorization Report.'" Ex. 2 at 64.

Finally, Plaintiffs have outright refused to answer RFA Nos. 47, 48, and 50 on the grounds that they call for the mental processes and opinions of counsel and therefore are protected from disclosure by the work product doctrine. This is a patently frivolous objection. In each of these RFAs, the United States cited one of Plaintiffs' allegations in the Master Complaint – that the Corps failed to follow the MRGO 1951 Authorization Report, *see* Master Compl. ¶ 28 – and asked them to admit that their contention was based on a particular description of the

10

MRGO in Corps documents. Having sued the United States in part on the basis of this contention, Plaintiffs cannot hide the bases for that contention behind the work product doctrine. Indeed, this Court has already held that contention interrogatories do not seek mental impressions of counsel, *see In re Katrina*, slip op. at 4 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6049), and RFAs regarding Plaintiffs' factual contentions are no different.[4]

### B. Plaintiffs' Voluminous Objections to the United States' RFAs Are Baseless.

Plaintiffs have responded to the other RFAs with responses contemplated by the rules, namely, denials or – in most instances – statements that they have conducted a reasonable inquiry and have insufficient information to admit or deny the RFAs. Plaintiffs, however, make even these responses subject to a dizzying array of objections, leaving the effect of the responses uncertain. The following objections should be overruled:

*Vagueness and ambiguity objections.* Plaintiffs have proffered various objections that fully 43 of the United States' 50 RFAs are vague and ambiguous (Nos. 27, 40, 45-48, and 50 being the exceptions). The purportedly objectionable terms and phrases are too numerous and diverse to address individually here.[5] But with respect to many of them, as with Plaintiffs'

---

[4] Plaintiffs have also denied RFA Nos. 27, 28, 38, 39, and 45, even though they have information available to them which requires them in good faith to admit the requests. Should Plaintiffs stand by their denials, the United States will be entitled to payment by Plaintiffs of the reasonable expenses, including attorney fees, incurred by the United States in proving those matters at trial. *See* Fed. R. Civ. P. 37(c)(2).

[5] Plaintiffs have asserted that each of the following terms is vague and ambiguous: "reflect," "noted the problem," "federal flood control levees, floodwalls, or other flood protection structures," "surrounded," "levees and floodwalls," "levee," "inundate," "most up-to-date elevation datums," "employee," "contend," "designed," "constructed," "maintained," "consulted," "auspices," "ability," "identical," "storm surge," "Standard Project Hurricane," "state or local entities," "underlain," "foundation soils," "complete," and "MRGO."

11

interrogatory objections, Plaintiffs have manufactured ambiguity by seeking to limit the terms and phrases in ways that the RFAs themselves do not.  And suffice it to say that where Plaintiffs object to the term "contend" in an RFA seeking to narrow what Plaintiffs' contentions are, the United States can only conclude that these objections are interposed for the purpose of evasion.

*Objections that the RFAs assume facts not in evidence*.  Plaintiffs object on this ground to RFA Nos. 5, 6, 11, 12, 17, 18, 23, 24, 30-32, 34, 36, 37, and 41-44.  As discussed above with respect to Plaintiffs' interrogatory responses, this is not a valid objection.  Indeed, the objection is all the more bizarre in the context of RFAs, the purpose of which is to narrow the issues as to which the parties will need to present evidence.  *See* Fed. R. Civ. P. 36, advisory committee notes, 1970 amendment.

*Legal conclusion objections*.  Plaintiffs object that RFA Nos. 1, 4, 34, 37, 38, and 45 improperly call for legal conclusions.  Rule 36, however, expressly allows for RFAs concerning "the application of law to fact."  Fed. R. Civ. P. 36(a); *see also, e.g.*, *In re Katrina*, slip op. at 4 (E.D. La. June 27, 2007) (Wilkinson, M.J.) (Rec. Doc. 6057).  Each of the RFAs to which Plaintiff objects falls into this category rather than seeking an admission concerning an ultimate legal issue.  For example, RFA No. 34 simply asks Plaintiffs to admit that "federal law mandates that a portion of the cost of the Lake Pontchartrain & Vicinity Hurricane Protection Project be borne by state and local entities."

*Expert testimony objections.*  Plaintiffs have objected that RFA Nos. 3, 5, 6, 31-40, 46, and 49 call for an expert opinion.  Most of these interrogatories, however, plainly ask Plaintiffs to admit facts that are available to them without expert consultation.  For example, RFA No. 32 asks Plaintiffs merely to admit that "federal levees, floodwalls, and other flood-protection

structures were intended to prevent floods and floodwaters from inundating the 'Class Geography.'" Moreover, in answering RFAs, Plaintiffs have a duty to make reasonable inquiry into information known or readily obtainable by them, *see* Fed. R. Civ. P. 36(a), including information obtainable from their experts.

*Objections that the RFAs misstate Plaintiffs' claims*. Plaintiffs object on this ground to RFA Nos. 4, 5, and 6. As noted above with respect to the interrogatory responses, this is not a valid objection. In the context of RFAs, it is at most a basis for denying or qualifying the request.

*Objections that documents speak for themselves*. Plaintiffs have objected on this ground to RFA Nos. 2 and 46, both of which essentially ask Plaintiffs to agree with a statement regarding a document available to them. This is not a valid objection. *See Miller v. Holtzmann*, 240 F.R.D. 1, 3 (D.D.C. 2006) (requiring party to answer RFAs which asked it to admit that a quote or paraphrase of a document was accurate).

*Relevance objections*. Plaintiffs object that RFA Nos. 2, 29, 35 and 39 are irrelevant. Whatever *Plaintiffs'* opinion of their ultimate relevance at trial, however, these requests clearly fall within the broad scope of discovery authorized under Rule 26(b)(1) and incorporated by reference into Rule 36. *See* Fed. R. Civ. P. 36(a). For example, RFA No. 39 asks Plaintiffs to admit that "the LPVHPP was not complete when Hurricane Katrina occurred in 2005." Regardless of whether certain portions of the LPVHPP are irrelevant to this case, as Plaintiffs suggest, the statement as a whole clearly bears on Plaintiffs' theories of liability.

## CONCLUSION

For the foregoing reasons, the United States requests that the Court: (a) compel Plaintiffs to fully and completely answer interrogatory Nos. 1-34 and verify their interrogatory responses; (b) order Plaintiffs to revise their answers to RFA Nos. 5, 6, 25, 26, and 46-50 to comply with Rule 36; and (c) overrule Plaintiffs' various objections to the RFAs.

                                      Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      C. FREDERICK BECKNER III
                                      Deputy Assistant Attorney General

                                      PHYLLIS J. PYLES
                                      Director, Torts Branch

                                      JAMES G. TOUHEY, JR.
                                      Assistant Director, Torts Branch

                                        /s/ Brian E. Bowcut
                                      ROBIN D. SMITH
                                      Senior Trial Counsel
                                      BRIAN E. BOWCUT
                                      Trial Attorney
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      P.O. Box 888
                                      Benjamin Franklin Station
                                      Washington, D.C.  20044
                                      (202) 616-4400 (tel.)
                                      (202) 616-5200 (fax)
                                      brian.bowcut@usdoj.gov
                                      Attorneys for Defendant United States

Dated:  July 17, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2007, I caused a true copy of the foregoing (a) Defendant United States' Motion to Compel Plaintiffs' Responses to Interrogatories and to Determine the Sufficiency of Plaintiffs' Answers to Requests for Admissions, (b) Local Rule 37.1E Certificate of Counsel, (c) Notice of Hearing, and (d) Memorandum in Support to be served on all counsel of record by ECF, electronic mail, facsimile, or first class mail.

                                              /s/ Brian E. Bowcut