# EXHIBIT 3



**U.S. Department of Justice**

Civil Division, Torts Branch

Brian Bowcut
Trial Attorney
P.O. Box. 340, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-4203
Facsmile: (202) 616-4473
E-mail: brian.bowcut@usdoj.gov

July 10, 2007

**VIA E-MAIL AND U.S. MAIL**

Pierce O'Donnell
O' Donnell & Associates PC
550 South Hope Street, Suite 1000
Los Angeles, CA  90071

Re:     *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (E.D. La.)

Dear Mr. O'Donnell:

This letter follows on our telephone discussion yesterday, pursuant to Local Rule 37.1E, regarding (1) the United States' Responses to MRGO Plaintiffs' Written Discovery, (2) the United States' Responses to Document Requests in *Robinson*, and (3) MRGO Plaintiffs' Responses to Interrogatories and Requests for Admissions.   I have endeavored below to summarize the outcome of our discussions regarding the United States' discovery responses.  If you believe I have omitted or misstated anything in this regard, please let me know immediately. I have also summarized our positions, expressed on the call, regarding your responses to our interrogatories and requests for admissions.

Agreements and Follow-up on United States' Discovery Responses

- Robinson RFP No. 8.  We clarified, and the parties agreed, that the United States will produce documents relating to causes of flooding, other than Hurricanes Katrina and Rita, in Orleans and St. Bernard parishes since 1950.

- Robinson RFP No. 33.  We clarified, and the parties agreed, that the United States will produce documents concerning eyewitness testimony or statements concerning any of the inundation that occurred in Orleans and St. Bernard parishes related to Hurricanes Katrina and Rita.

- Robinson RFP No. 3.  You agreed to submit by July 10 proposed language narrowing the scope of this request.

- Robinson RFP Nos. 13 and 14. We clarified, and the parties agreed, that the scope of these requests will be limited to Orleans and St. Bernard parishes, and that the United States is not otherwise limiting its response to this request.

- Robinson RFP No. 38. You have proposed to limit this request to "Orders and Regulations" from 1920 to the present regarding design and construction of navigable waterways and levees. We will discuss this matter with the Corps of Engineers and get back to you.

- Robinson RFP No. 45. The United States has produced to Mr. Bruno two hard drives with contents of the IPET data repository.

- MRGO Interrogatory No. 2. You will include your position regarding this interrogatory and concerns regarding our response in a follow-up letter, and we will respond.

- MRGO Interrogatory Nos. 3 and 4. The United States clarified, and the parties agreed, that the United States is searching for historical information responsive to these interrogatories and will supplement its responses accordingly.

- MRGO RFPs – privilege log. We will check on the status of this process, which is taking place pursuant to the Document Production Protocol approved by the Court.

- MRGO RFP No. 10. The United States maintains its objections to this request.

- MRGO RFPs No. 13, 14 and 50. We will check on the extent to which the United States' document production will yield responsive documents as they relate to the "surrounding gulf coast region" and "Greater New Orleans" and get back to you.

- MRGO RFP Nos. 66 and 67. The United States clarified, and the parties agreed, that the United States intends to produce all documents regarding the decision to use the Standard Project Hurricane. The United States further indicated that, for purposes of what it will produce, it will strike "and are relevant to this litigation" from these responses.

- MRGO RFP No. 76. The United States clarified, and the parties agreed, that the United States will produce any documents responsive to this request.

Plaintiffs' Responses to Interrogatories

Initially, we note that the Responses have not yet been verified. At the conference, you indicated that you were in the process of collecting signatures, but you were unable to inform us as to a date when they would be verified. The following additional deficiencies were also

2

identified and discussed in the conference:

In every interrogatory from No. 1 to No. 34 you have relied upon the stock response that Plaintiffs "are still in the process of assessing the mechanism by which the USACE's negligence caused Responding Parties' damages. You have actually answered only two of the interrogatories (Nos. 2 and 3), but you also qualified them with the same rote "still assessing" statement. With respect to interrogatory Nos. 1, 3, 6-8, and 10-34, the rote statement is a *non sequitur*, because the questions do not ask for the mechanism by which the Corps of Engineers allegedly caused Plaintiffs' damages. In addition, your answer to No. 3 is deficient in that we sought the basis for your contention, and you merely restated, in different terms, what that contention is.

We have also reviewed your objections and believe that they do not justify your failure to answer the interrogatories:

- Objections that interrogatory Nos. 1, 2, 3, 8, 12, 13, 16, 21-28, and 32 are vague and ambiguous.

- Objections that interrogatory Nos. 11-14 require the premature disclosure of expert testimony by Dr. Bea.

- Objections that interrogatories (Nos. 1-10, 15-30, 33-35) seek premature disclosure of expert testimony.

- Objection that interrogatory No. 1 misstates the nature of the Complaint.

- Objections that interrogatory Nos. 1-4, 8, 12, 13, 15, 16, and 22-28 are overbroad as to time.

- Objections that interrogatory Nos. 6, 7, 9, 10, and 17-21 are compound.

- Objections that interrogatory Nos. 27 and 28 assume facts not in evidence.

- Objections that interrogatory Nos. 31 and 32 are overbroad.

- Objections that interrogatories 1-4, 6-10, 12, 13, and 15-34 seek information protected the attorney-client privilege or the work product doctrine.

Plaintiffs' Responses to Requests for Admissions

Your admissions in Nos. 5, 6, 46, and 49, as well as your denials in Nos. 25 and 26, do not fairly meet the substance of the requests, in that they answer questions of your own formulation rather than the requests as posed.

Further, you have failed to answer request Nos. 47, 48, and 50 on the grounds that they

3

seek the mental processes and opinions of counsel and are therefore protected from disclosure by the work product doctrine. To the contrary, these requests merely address the factual bases for your contentions and therefore are entirely appropriate.

You have also denied several requests, Nos. 27, 28, 38, 39, and 45, even though you have access to documents which require you in good faith to admit the requests. We reserve the right to raise these matters with Judge Wilkinson and seek an appropriate sanction. See, e.g., Rec. Doc. 6053 at 8.

Finally, we ask that you withdraw the following:

- Objections that various phrases are vague and ambiguous, which you have lodged as to 43 of the 50 requests (Nos. 27, 40, 45-48, and 50 being the exceptions).

- Objections that request Nos. 5, 6, 11, 12, 17, 18, 23, 24, 30-32, 34, 36, 37, 41-44 assume facts not in evidence.

- Objections that request Nos. 4, 5, and 6 misstate Plaintiffs' claims.

- Objections that request Nos. 3, 5, 6, 31-40, 46, and 49 call for an expert opinion.

- Objections to request Nos. 2 and 46 that the referenced documents speak for themselves.

- Objections that request Nos. 1, 4, 34, 37, 38, and 45 seek legal conclusions.

- Objections to Nos. 2, 29, 35 and 39 on grounds of relevance.

\*       \*       \*

We initially requested a conference regarding your discovery responses on June 27. The meeting was then delayed until July 3 to accommodate your desire to also discuss the United States' discovery responses and "prepare properly." The meeting was again delayed to accommodate a last minute change in your schedule. When we finally met, you were unprepared to respond to any of the deficiencies in your responses to the discovery propounded by the United States. At the conclusion of our conference, you asked for a week to respond. At this late juncture, we do not feel that further delay is justified. Unless these matters are resolved by this Friday, July 13, we will not delay further in seeking appropriate judicial enforcement to bring these matters to a timely resolution.

Sincerely,

Brian Bowcut

Brian Bowcut