UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARLENE KATZ | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-4155 |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | SECTION "R" (2) |
| COMPANY, and ANTHONY J. CEMO, | * | |
| individually and as agent of STATE FARM | * | JUDGE VANCE |
| FIRE AND CASUALTY COMPANY | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF THE DEFENDANTS' MOTION TO
EXCLUDE TESTIMONY AND OPINIONS OF HAIG NEVILLE**

Anthony J. Cemo ("Cemo") and State Farm Fire and Casualty Company ("State Farm")
(collectively "Defendants") submit this Reply Memorandum in Support of their Motion to
Exclude Testimony and Opinions of Haig Neville.  The Defendants will not repeat all of the
arguments and authorities presented in their motion and original memorandum, but instead will
briefly address the arguments presented in plaintiff's opposition.  Neville's proposed testimony
and opinions are legal conclusions that do not assist the trier of fact in understanding or
determining a fact in issue.

## I.  ARGUMENT AND AUTHORITIES

Plaintiff's argument that Neville's testimony passes the test for admissibility
because it will assist the jury in understanding the duties and responsibilities of insurance agents

lacks merit.  It is well-settled in the Fifth Circuit that Federal Rule of Evidence 704 does not allow an expert to render conclusions of law.  *In re Midland Enterprises*, 2002 WL 31780156 at *3 (E.D. La. 2002) (citations omitted).  Expert testimony that offers a legal opinion is inadmissible.  *Id.* (citing *Askanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997); *Estate of Sowell v. United States*, 198 F.3d 169, 171-172 (5th Cir. 1999)).  For instance, in *Askanase,* the Fifth Circuit upheld the exclusion of proposed expert testimony about whether the officers and directors of the company in the case had breached their fiduciary duties.  130 F.3d at 669.  The *Askanase* court held that "[w]hether the officers and directors breached their fiduciary duties is an issue for the trier of fact to decide.  It is not for [the expert] to tell the trier of fact what to decide."  *Id.* at 672-73.  Similarly, in *Estate of Sowell*, the Fifth Circuit upheld the exclusion of proposed expert testimony about what a hypothetical estate executor, faced with identical facts as the Estate in that case, would do if acting reasonably.  198 F.3d at 171-172.  The *Sowell* court held that "[w]hether the Estate was 'acting reasonably' was, for all practical purposes, the only issue for the jury in this case to decide," and thus, proffered testimony on whether the Estate was acting reasonably, was properly excluded.  *Id.  See also In re Midland Enterprises*, 2002 WL 31780156 at *3 (E.D. La. 2002); *Musmeci v. Schwegmann Giant Supermarkets*, 2001 WL 406267 (E.D. La. 2001); *Jarrow v. Cupit*, 2000 WL 1537989 (E.D. La. 2000).

To pass the test for admissibility, expert testimony must be based on special knowledge and assist the trier of fact to understand or determine a *fact* in issue.  At issue in this case is whether or not an insurance agent has a duty to advise a client about excess flood insurance.  Plaintiff asserts that Neville will assist the jury in understanding the duties and

882623v.1

responsibilities of insurance agents.  But Neville makes no opinion regarding the *facts* at issue; rather, he concludes that Cemo "negligently breached the duty owed to his policyholder Marlene Katz, by his failure to exercise the standard of reasonable skill, care and diligence in misrepresenting the availability of flood insurance excess over NFIP" and "negligently and intentionally breached his fiduciary duty to advise Ms. Katz of recommended coverages for forseeable risks." Rec. Doc. 29-3, p 4.  Whether or not Cemo breached any purported duties owed to plaintiff, and whether or not he exercised the standard of care owed to plaintiff are issues for the trier of fact to decide.  Neville's opinions are legal conclusions that merely restate the arguments of plaintiff's counsel; his proposed testimony brings no more to the jury than the attorneys can offer in argument.  As such, Neville's testimony and opinions should be excluded. *In re Midland Enterprises, Inc.*, 2002 WL 31780156 at *3 (E.D. La. Dec. 11, 2002).  Indeed, in a case involving similar allegations, another section of this Court excluded the defendant's proffered expert testimony on the duties and obligations of an insurance agent.  *Savoy v. State Farm Fire & Cas. Co.*, 2006 WL 2795475 (E.D. La. 2006).

Plaintiff's allegations against Cemo and State Farm for an alleged negligence and/or purported failure to advise plaintiff about the availability of excess flood insurance do not involve the complicated inner workings of the insurance industry.  There simply is no need for expert testimony on this issue.

882623v.1

### III. <u>CONCLUSION</u>

Neville's proffered opinions and testimony are nothing more than inadmissible legal opinions.  The Court should therefore exclude Neville's proffered opinions and testimony.

Respectfully submitted,

/s/ *Andrea L. Fannin*
_____

Douglas J. Cochran, 20751
  dcochran@stonepigman.com
        Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
One American Place
301 Main Street, Suite 1150
Baton Rouge, LA  70825
Phone:  (225) 490-8913
Fax:  (225) 490-8960

Wayne J. Lee, 7916
  wlee@stonepigman.com
Mary L. Dumestre, 18873
  mdumestre@stonepigman.com
Andrea L. Fannin, 26280
  afannin@stonepigman.com
        Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130-3588
Phone:  (504) 581-3200
Fax:  (504) 581-3361

*Attorneys for State Farm Fire and Casualty Company and Anthony J. Cemo*

882623v.1

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Reply Memorandum in

Support of the Defendants' Motion to Exclude Testimony and Opinions of Haig Neville has been

served upon all counsel of record by electronic notice from the Court's CM/ECF system, this

10th day of July, 2007.

Terrence J. Lestelle
Andrea S. Lestelle
Jeffery B. Struckhoff
Lestelle & Lestelle
3421 N. Causeway Blvd.
Suite 602
Metairie, Louisiana  70002

*/s/ Andrea L. Fannin*

882623v.1