# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO. 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **JUDGE DUVAL** |
| **PERTAINS TO:** | * | |
| | * | **SECTION K (2)** |
| **INSURANCE (06-7318)** | * | |
| **Lydia Butera v. Allstate Insurance Company** | * | **MAG. WILKINSON** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Complainant, Lydia Butera, who supplements and amends her original petition, filed in Civil District Court for the Parish of Orleans, State of Louisiana, Case #06-7591, which was subsequently removed by Defendant herein to United States District Court for the Eastern District of Louisiana, as follows:

1.

Complainant adopts and incorporates by reference all of the allegations and prays for relief set forth and contained in paragraphs I through XVII and the prayer for relief contained in his original state court petition as if copied herein verbatim and *in extenso*.

2.

Plaintiff amends her original petition in accordance with the Order of the Court determining

that the plaintiffs' claims be severed into individual suits, each addressing one distinct property.

3.

Complainant adds paragraph number XVIII. to read as follows:

XVIII.

The damages suffered by Complainant to her residence located at 5879 Marshall Foch, Orleans, LA 70124, were caused by wind, wind-driven rain, flooding and waters entering the City of New Orleans and surrounding parishes on August 29, 2005.

4.

Complainant adds paragraph number XIX to read as follows:

XIX.

The flooding and water entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees and/or levee walls along the 17th Street Canal, London Avenue Canal, Orleans Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees and levee walls.

5.

Complainant adds paragraph number XX to read as follows:

XX.

The breaking or failure of the levee systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Complainant herein, in contrast to other policies available in the market, and neither falls within the regular definition of "flood" nor within any of

the said insurance policy's exclusion of "flood."

6.

Complainant adds paragraph number XXI to read as follows:

XXI.

Defendant, Allstate Insurance Company, negligently, recklessly and/or fraudulently ignored clear evidence that wind and wind-driven rain cause severe damage to Complainant's covered property prior to any flooding.

7.

Complainant adds paragraph number XXII to read as follows:

XXII.

Complainant avers that she has suffered losses to her personal property/contents that were located at her residence at 5879 Marshall Foch, New Orleans, Louisiana, 70124, and that said damages were caused by wind, wind-driven rain, and/or flooding from the aforementioned sources, and that said damages have rendered Complainant's personal property/contents a total loss.

8.

Complainant adds paragraph number XXIII to read as follows:

XXIII.

The homeowner's policy of insurance issued by Defendant to Complainant herein included coverage for Complainant's personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Complainant's covered personal property/contents, which was used for purposes of determining the premium charges to be made under said policy to Complainant.

9.

Complainant adds paragraph number XXIV to read as follows:

XXIV.

Neither the homeowner's policy issued by Defendant herein to Complainant herein nor any applications therefor, set forth in type of prominent size a different method to be used in the computation of Complainant's loss of personal property/contents, as set forth in La. R.S. 22:667. Accordingly, Complainant is entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Complainant for coverage of his personal property/contents pursuant to the provisions of La R.S.667.

10.

Complainant adds paragraph number XXV to read as follows:

XXV.

Complainant further alleges that the total loss of her dwelling, other structures and personal property/contents was caused by perils covered by the homeowner's policy of insurance issued by Defendant herein to Complainant herein.

**WHEREFORE**, Complainant prays:

That after appropriate legal delays, there by judgment in favor of Complainant and against Defendant, Allstate Insurance Company, for the full face value stated in the homeowner's policy issued by them to Complainant for coverage for dwelling and other structures, without deduction or offset pursuant to La. R.S. 22:695; that there be judgment in favor of Complainant for the full face value stated in the homeowner's policy issued by Defendant to Complainant for personal

property/contents without deduction or offset pursuant to La.R.S. 22:667; that there be judgment in favor of Complainant for the full face value stated in said policy for coverage of additional living expenses/loss of use; that in the alternative there be judgment in favor of Complainant and against Defendant herein for use and reasonable damages provided under the homeowner's policy issue by Defendant to Complainant herein, fora ll damages to Complainant's dwelling, other structures, personal property/contents, additional living expenses and/or all relief provided by said plicy; that Complainant be granted all relief prayed for in her original petition, and all relief provided by the provisions of La.R.S. 22:1220 and/or La. R.S. 22:658; that Complainant recover interest from date of judicial demand; that Complainant recover all cost of these proceedings, and for all general and equitable relief.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 18, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Glenn B. Adams
Judy Y. Barrasso
Susan Rogge

Respectfully submitted,

s/Michael D. Riley
**Michael D. Riley  (17116)**
833 Baronne Street
New Orleans, LA  70113
Telephone:  (504) 588-1110
Facsimile:   (504) 588-1954