## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:** | | |
| **KATRINA CANAL BREACHES** | § | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | § | |
| | § | **NO. 05-4182 "K" (2)** |
| | § | |
| **PERTAINS TO:  INSURANCE** | § | |
| | § | |
| **RYCK SOTO            NO:  07-3079** | § | |
| | § | |
| **VERSUS** | § | |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| | § | |

## AFFIRMATIVE DEFENSES AND ANSWERS TO PETITION AND AMENDED AND SUPPLEMENTAL COMPLAINT AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Allstate Indemnity Company (hereinafter referred to as "Allstate" or "Insurers"), for the purposes of responding to Plaintiff's Petition and First Supplemental and Amending Complaint, respectfully represent as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a cause and/or right of action upon which relief can be granted against Allstate.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have been fully compensated for their alleged damages and/or for all covered losses under his/her homeowner's policy.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Allstate adopts all terms, conditions, exclusions, and endorsements of its homeowner's policy as a defense to the Plaintiffs' claims.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are subject to all applicable deductibles.

## SIXTH AFFIRMATIVE DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions governing it, in particular, La. R.S. 22:658,  La. R.S. 22:1220,  La. R.S. 22:667, and La. R.S. 22:695.  Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## SEVENTH AFFIRMATIVE DEFENSE

The Allstate policy specifically excludes coverage for loss, *inter alia,* consisting of or caused by flood, "including but not limited to surface water, waves, tidal water, or overflow of body of water, or spray from any of these, whether or not driven by wind."

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are diminished and/or barred by the other insurance provisions of the Allstate policy.

## NINTH AFFIRMATIVE DEFENSE

The Allstate policy specifically excludes coverage for loss, *inter alia*, caused by "weather conditions that contribute in any way with a cause of loss excluded" to produce a loss. The policy also excludes loss when there are two or more causes of loss to property and the predominate cause of loss is excluded.

## TENTH AFFIRMATIVE DEFENSE

The Allstate policy specifically excludes coverage for loss, *inter alia*, caused by a faulty, inadequate, or defective planning, construction, or maintenance of property "whether on or off the residence premises by any person or organization"

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the page of declaration.

## TWELFTH AFFIRMATIVE DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is complete.

## THIRTEENTH AFFIRMATIVE DEFENSE

Allstate further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiffs have suffered damage, it was caused by third-parties and not by Allstate. Allstate is not liable for such damage.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Allstate homeowner's insurance policy specifically excludes coverage for loss, *inter alia*, because of water or any other substance on or below the surface of the ground, regardless of its source, including water or any other substance which exerts pressure on, or flows, seeps or leeks through any part of the resident's premises.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that money's recoverable under the Plaintiffs' policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiffs have made a claim on their flood policy that flood/storm surge destroyed his/her property and/or contents, plaintiffs are judicially, legally, and equitably estopped from claiming that wind caused the same loss to their property and/or contents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by judicial admissions.

## NINETEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims, or some of them, are preempted by the National Flood Insurance Program (42 U.S.C. § 4001).

## TWENTIETH AFFIRMATIVE DEFENSE

Allstate's policy limits coverage for losses caused by mold-related items. Allstate's policy is the best evidence of its terms, conditions, coverages and exclusions.  The policy is pleaded herein as if copied in full.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Allstate's policy contains provisions requiring assistance and cooperation on

behalf of the insured.  To the extent that the Plaintiffs breached these provisions, any alleged

coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded

herein as if copied in full.

<h2 style="text-align:center">TWENTY-SECOND AFFIRMATIVE DEFENSE</h2>

Plaintiffs have no right to recover penalties, attorney's fee, and/or cost.

<h2 style="text-align:center">TWENTY-THIRD AFFIRMATIVE DEFENSE</h2>

Without waiving any of the defenses elsewhere asserted herein, any allegation

contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

<h2 style="text-align:center">TWENTY-FOURTH AFFIRMATIVE DEFENSE</h2>

Allstate denies that the facts as alleged in the Complaint occurred.

<h2 style="text-align:center">TWENTY-FIFTH AFFIRMATIVE DEFENSE</h2>

Allstate is entitled to a credit for any and all documents paid or to be paid to, or

on behalf of Plaintiffs, including but not limited to any monies received or recoverable from

FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency,

any insurance company, and/or any charitable organization.

<h2 style="text-align:center">TWENTY-SIXTH AFFIRMATIVE DEFENSE</h2>

Allstate avers all applicable federal and state prescriptive and/ or preemptive

statutory time limitations as a bar to any recovery of Plaintiffs herein.

<h2 style="text-align:center">TWENTY-SEVENTH AFFIRMATIVE DEFENSE</h2>

Allstate asserts a right to a credit for any payments of claims that have already

been made, and/or which might be made during the pendency of this action, but prior to final

judgment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have not been damaged as a result of any alleged wrong doing on the part of Allstate.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Allstate believes the comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the mortgagees, and failure to act as a prudent person under the circumstances.

### THIRTIETH AFFIRMATIVE DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law specifically, each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable within the other party or non-party.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs should be dismissed, or alternatively, his/her damages should be reduced due to the Plaintiffs' own negligent conduct, lack of care, comparative fault, breaches of contract, fraud, and/or legal fault.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, the Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Allstate asserts that Plaintiffs are not entitled to additional living expenses under the homeowner policies, as the damage to the property was caused by an excluded peril.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Allstate owes no damages to the Plaintiffs to the extent that the Plaintiffs have violated and consequently voided coverages that might have been afforded by virtue of the non-exclusive particulars, to-wit:

    a.    Refusing or failing to provide satisfactory proofs of loss;

    b.    Refusing to provide information that has been specifically requested;

    c.    Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

    d.    Any other circumstances discovered now and between trial of this matter.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Allstate specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of the Plaintiffs' homeowner's insurance policy.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are responsible for reading his/her policy, as well as any renewal notices, and are presumed to know the provisions of the policy, including the insurer's limits of liability.  No person may avail him or herself of ignorance of the law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have received payments under a flood policy for damages to their dwelling and contents, he/she is estopped from alleging that the same and/or similar losses are caused by wind.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that the damages sought by the Plaintiffs were caused in part by a covered peril, and any other insurance provides coverage for that covered peril, Allstate pleads the provisions of the applicable homeowner policy, and said policy being the best evidence of its contents, the terms and conditions of said policy being plead as if copied herein in *extenso.*

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Any potential damages awarded for physical damage to the insured's structure and personal property contents are limited to the difference between the pre-Katrina value of the insured's structure and personal property contents and the insurance payments that are received under any other insurance policies for damage to the insured's structure and personal property contents.

### ANSWER

**AND NOW**, responding to the specific allegations of the Plaintiffs' Petition, Allstate further states the following:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

#### I.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph I of Plaintiffs' Petition. Allstate admits that Allstate Indemnity Company is a foreign insurer, authorized to do and doing business in the State of Louisiana.

#### II.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph II of the Plaintiffs' Petition. Allstate admits that Allstate Indemnity Company may have issued a

homeowner policy to Plaintiffs providing certain coverage for property located at 865 Rosa Ave.,

Metairie, Louisiana 70005.  The policy is the best evidence of its contents and its contents are

pleaded as if the policy is attached hereto, *in extenso*.

III.

Allstate specifically denies the allegations Paragraph III of Plaintiffs' Petition.

IV.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph

IV of Plaintiffs' Petition.  Allstate admits that Hurricane Katrina affected parts of Louisiana.

V.

Allstate denies the allegations of Paragraph V of Plaintiffs' Petition for lack of

sufficient information to justify a reasonable belief therein.

VI.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph

VI of Plaintiffs' Petition for lack of sufficient information to justify a reasonable belief therein.

Allstate admits that Hurricane Katrina affected parts of Louisiana.

VII.

Allstate denies the allegations of Paragraph VII of Plaintiffs' Petition.

VIII.

Allstate denies the allegations of Paragraph VIII of Plaintiffs' Petition.

IX.

Allstate denies the allegations of Paragraph IX of Plaintiffs' Petition.

X.

Allstate denies the allegations of Paragraph X of Plaintiffs' Petition.

XI.

Allstate denies the allegations of Paragraph XI of Plaintiffs' Petition.

XII.

Allstate denies the allegations of Paragraph XII of Plaintiffs' Petition.

XIII.

Allstate denies the allegations of Paragraph XIII of Plaintiffs' Petition.

XIV.

Paragraph XIV of Plaintiffs' Petition contains a legal conclusion and does not require a response from Allstate.  However, should such a response be deemed necessary, out of an abundance of caution Allstate denies the allegations of Paragraph XIV of Plaintiffs' Petition.

XV.

Paragraph XV of Plaintiffs' Petition contains a legal conclusion and does not require a response from Allstate.  However, should such a response be deemed necessary, out of an abundance of caution Allstate denies the allegations of Paragraph XV of Plaintiffs' Petition.

XVI.

Paragraph XVI of Plaintiffs' Petition contains a legal conclusion and does not require a response from Allstate.  However, should such a response be deemed necessary, out of an abundance of caution Allstate denies the allegations of Paragraph XIV of Plaintiffs' Petition.

XVII.

Allstate denies the allegations of Paragraph XVII of Plaintiffs' Petition.

XVIII.

Allstate denies the allegations of Paragraph XVIII of Plaintiffs' Petition.

XIX.

Allstate denies the allegations of Paragraph XIX of Plaintiffs' Petition.

Allstate denies the allegations contained in the Plaintiffs' Prayer for Relief.

**AND NOW FURTHER ANSWERING**, Allstate responds to the specific

allegations of the Plaintiffs' First Supplemental and Amending Complaint, as follows:

Except as expressly admitted herein, Allstate denies the allegations in the

introductory paragraph for lack of sufficient information to justify a belief therein.

1.

Allstate denies the allegations of Paragraph 1 of Plaintiffs' First Supplemental and

Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

2.

Allstate denies the allegations of Paragraph 2 of Plaintiffs' First Supplemental and

Amending Complaint.

3.

Allstate denies the allegations of Paragraph 3 of Plaintiffs' First Supplemental and

Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

4.

Allstate denies the allegations of Paragraph 4 of Plaintiffs' First Supplemental and

Amending Complaint.

5.

Allstate denies the allegations of Paragraph 5 of Plaintiffs' First Supplemental and

Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

6.

Allstate denies the allegations of Paragraph 6 of Plaintiffs' First Supplemental and Amending Complaint.

7.

Allstate denies the allegations of Paragraph 7 of Plaintiffs' First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

8.

Allstate denies the allegations of Paragraph 8 of Plaintiffs' First Supplemental and Amending Complaint.

9.

Allstate denies the allegations of Paragraph 9 of Plaintiffs' First Supplemental and Amending Complaint.

10.

Allstate denies the allegations of Paragraph 10 of Plaintiffs' First Supplemental and Amending Complaint.

Allstate denies the allegations contained in the plaintiffs' Prayer for Relief.

**WHEREFORE,** Allstate prays that its Affirmative Defenses and Answers to Petition and First Supplemental and Amending Complaint be deemed good and sufficient, and that after due proceedings are had, this Court render judgment in its favor, with costs and fees assessed against the plaintiffs.  Defendant further prays for a trial by jury and for all such other general and equitable relief that this Honorable Court may deem just under the circumstances.

RESPECTFULLY SUBMITTED,


*/s/ Gregory J. Schwab*
**GREGORY J. SCHWAB #21075**
**CARL T. SCHWAB #21430**
423 Goode Street
Houma, Louisiana 70360
Tel.: 985-223-4457
e-mail: gjschwab@exceedtech.net
Attorneys for Allstate


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2007, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the

following:

Brian J. Eiselen
beiselen@connicklaw.com

William P. Connick
pconnick@connicklaw.com

All Counsel

I further certify that there are no manual recipients listed on the Court's Electronic

Mail Notice List.


*/s/*
**GREGORY J. SCHWAB #21075**
**CARL T. SCHWAB #21430**
423 Goode Street
Houma, Louisiana 70360
Tel.: 985-223-4457
Fax: 985-851-5051
e-mail: gjschwab@exceedtech.net

Attorneys for Allstate