UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

                                                 NO. 05-4182

PERTAINS TO: INSURANCE                           SECTION "K" (2)


# ORDER AND REASONS ON MOTION

Plaintiffs' Motion to Compel Regarding Certain of Defendants' Group Objections to Plaintiffs' Common Discovery to All Insurer Defendants, Record Doc. No. 6020, is pending for determination on my July 18, 2007 motion docket. Defendants filed a timely written opposition. Record Doc. No. 6351. Oral argument was conducted on July 18th as jointly requested by Liaison Counsel. Record Doc. No. 6414. Having considered the record, the applicable law, the written submissions of counsel and their oral argument, **IT IS ORDERED** that plaintiffs' motion is GRANTED IN PART AND DENIED IN PART as follows:

This motion concerns written discovery in one of the several different and distinct discovery tracks that are proceeding simultaneously in this consolidated litigation. Specifically, this discovery relates to common discovery in the individual, non-class action insurance cases, of which there are hundreds included in this litigation umbrella, as contemplated under Section VII of Case Management Order ("CMO") No. 4. Record Doc. No. 3299.

As to the two General Objections concerning the scope of common insurance discovery relating to individual claims, the motion[1] is granted in part in that defendants' General Objection A/A (what is "common" and what is not "common") to Interrogatories Nos. 2, 3, 5, 7 through 13, 15 and 18 is overruled.  The motion is denied in that defendants' General Objection A/A to Interrogatories No. 4, 6 and 14 is sustained.  The motion is granted in that defendants' General Objection A/A to Requests for Production Nos. 1, 2, 3, 8 through 12, 14 through 23, 30 through 35, 38 and 39 is overruled.

The motion is denied in that defendants' General Objection M/P to all of the subject written discovery requests, Interrogatories Nos. 2 through 15 and 18 and Requests for Production Nos. 1, 2, 3, 8 through 12, 14 through 23, 30 through 35, 38 and 39, is sustained.  Plaintiffs' attempt to expand the scope of this discovery to claims or issues that have not been asserted in this action or to "future" claims that might be filed by some litigant who has not yet come forward exceeds the scope of permissible discovery.  Fed. R. Civ. P. 26(b)(1).

As to the two General Objections concerning the stay of some discovery pending resolution of the insurance policy "flood" exclusion issues arising from a few cases in

---

[1]This ruling is limited in accordance with the parameters established by the parties in their motion papers.  Several of the subject written discovery requests are objectionable on their face on other grounds, which apparently have been asserted in the written responses and reserved for later ruling or discussion among counsel, but which are not addressed in these motion papers or this order.  Interrogatories Nos. 13 and 18 and Requests for Production Nos. 28, 29, 38 and 39 provide perhaps the best examples of discovery requests that are clearly objectionable on grounds other than those addressed in this order.

this consolidated litigation that are currently pending in the Fifth Circuit, the court rejects defendants' argument that the stay applies or should be extended to Valued Policy Law issues which are the subject of a separate pending Fifth Circuit appeal, arising from a decision by Judge Vance of this court. Judge Vance's cases are not part of this consolidated litigation, and the stay in no way applies to these claims.

The motion is granted in part and denied in part as to defendants' General Objection I/L. Judge Duval's stay order is clear. "Discovery and the application of deadlines established in the CMO No. 4 for the individual insurance claims are NOT STAYED, except with respect to common liability issues as noted above." Record Doc. No. 3426 at p. 3. The common liability issues "noted above " are "causation of the levee breaches." Id. Class certification proceedings as to the insurers are also stayed. This does not mean that the stay applies to discovery requests that are relevant to the individual insurance claims, which might also be useful in some way to future class certification proceedings against the insurers, if any ever occur. Most of the discovery requests that are the subject of this motion are primarily or predominantly related to the hundreds of individual insurance claims that are currently part of this consolidated litigation and are specifically not stayed.

Thus, the motion is granted in part and denied in part as to Interrogatories Nos. 2, 3, 5, 6 and 7 and Requests for Production Nos. 3, 17, 18, 20, 21 and 36, in that defendants' General Objection I/L is sustained in part as to these discovery requests.

These requests are worded so broadly that they could be construed to ask the insurers to provide information or tangible items relating to their investigation or information-gathering or activities with or through their employees, agents or consultants concerning the cause of the levee breaches.  For example, Interrogatory No. 3 seeks a description of "each document routinely generated in connection with a Katrina-related Louisiana property damage claim."  If such a routinely generated document addressed a levee breach and its alleged cause, that discovery is stayed.  Similarly, Interrogatory No. 6 seeks the identity of "every . . . engineering firm, or other similar entity utilized by you in Louisiana in response to Hurricane Katrina."  If the insurers hired engineering firms to investigate the cause of levee breaches, that discovery is stayed.  As a final example, if a "claims-related bulletin" of the sort responsive to Requests for Production Nos. 6 and 7 relates to the cause of a levee breach, that discovery is stayed.

Each of the interrogatories and requests for production identified in the previous paragraph has some stayed aspect of this sort.  General Objection I/L is valid in those respects, and the motion is denied in part.  Insofar as the requests relate to other information requested in these interrogatories and requests for production of more general applicability to the practices of the insurers concerning Hurricane Katrina claims, however, the objection is overruled, and the motion is granted.

The motion is granted in part and defendants' General Objection I/L is overruled as to Interrogatories Nos. 8 through 15 and 18.

The motion is granted in part and defendants' General Objection I/L is overruled as to Requests for Production Nos. 8, 9, 10, 14, 19, 22, 23, 28, 29, 30, 31, 34, 35 and 38.

The motion is denied in part and defendants' General Objection I/L is sustained as to Requests for Production Nos. 32 and 33.

The sole basis for defendants' General Objection J/M is the following phrase <u>drafted by counsel</u> that appears at Paragraph III(c) of the "Joint Liaison Counsel Submission Re: Purported Common Insurance Discovery Protocol," Record Doc. No. 3687: "such as discovery related to the water damage exclusion." I approved this "Joint Liaison Counsel Submission" as a whole and made it the order of the court, Record Doc. No. 3782, because it appeared that counsel had reached an agreement as to this aspect of discovery. It is now clear from these motion papers that counsel actually had reached no agreement on the meaning of this phrase, which they drafted. It is also clear that this phrase goes beyond the stay order contemplated and issued by Judge Duval.

The essential thrust of Judge Duval's order, now on appeal in the Fifth Circuit, is that several of the "flood" exclusion clauses in the various insurance policies that are the subject of this litigation are vague and ambiguous. If his opinion is upheld, discovery concerning the meaning of those provisions, including parol evidence, will have to occur. That sort of discovery is clearly the kind that is subject to the current stay. However, not every current discovery request that touches in some way on damage from water inundation is stayed. Regardless what decision the Fifth Circuit reaches, it will be

necessary in hundreds of Hurricane Katrina cases – many of which I have already addressed in discovery matters and settlement conferences in cases that are not part of this umbrella – to determine the level of water in particular properties; the effect of water inundation, if any, on damage above the water line; the extent and method of determining damage caused by wind or wind-driven rain, as opposed to water coming from a canal or other waterway; whether damage below the water line was in fact caused by wind before the water arrived; and other, similar issues.[2]

Thus, I find that the information and materials that are the subject of these written discovery requests will either be discoverable or objectionable in discovery in this track of the consolidated litigation to the same extent, regardless whether the Fifth Circuit affirms or reverses this court on the pending "flood" exclusion issue. Accordingly, **IT IS ORDERED** that my order of April 18, 2007, Record Doc. No. 3782, is hereby VACATED IN PART in that the phrase "such as discovery related to the water damage exclusion" drafted by counsel is specifically disapproved as vague, ambiguous and overly broad in relation to the stay order and is deleted from the approved discovery

---

[2]At oral argument, defense counsel stated that the common discovery that is the subject of this motion is particularly burdensome and otherwise inappropriate as to those insurers who are defending a mere handful of cases in this umbrella and who also are prohibited from filing motions to dismiss on the coverage issue presently pending before the Fifth Circuit by Judge Duval's prior order. Those defendants should avail themselves of the bifurcation procedure that is available in CMO No. 4, ¶ VII, so that I may determine at an individual conference whether they should be excused from participating in common insurance issues discovery.

protocol. The stay order does not prohibit this discovery, and the motion is therefore granted in part in that General Objection J/M is overruled in its entirety.

In his order concerning the stay imposed upon part of this litigation by order of the Fifth Circuit at the request of the insurers, Judge Duval stated: "[I]f the Court determines that all or some part of this 'umbrella' is not operating efficiently, it will sever any category of cases necessary to achieve maximum efficiency." Record Doc. No. 3426. In light of the massive scope of "common" discovery sought by plaintiffs and the myriad objections asserted by the insurance defendants to this discovery, my impression is that this part of the umbrella is not currently operating efficiently. Movement of these claims toward resolution in a temporally meaningful fashion is part of the efficiency equation. Other cases brought by individual insureds against their insurers in this court that are not part of this umbrella are now being resolved in substantial numbers, most by settlement, some by trial or on dispositive motion. The parties are hereby notified that – unless their handling of these matters improves in terms of economy of action and efficiency in moving these claims toward resolution, it is my current intention, immediately upon the Fifth Circuit's ruling on the pending appeal, to recommend to Judge Duval that the court reexamine whether some portion of the "Insurance" category of cases should be removed from this consolidated litigation and managed in a different fashion, possibly including scheduling of each case for individual discovery and trial.

New Orleans, Louisiana, this 19th day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**Clerk to Notify:**
**Hon. Stanwood R. Duval, Jr.**