MINUTE ENTRY
DUVAL, J.
July 18, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: *Pontchartrain Baptist*   C.A. No. 06-6642 | SECTION "K"(2) |

Attending a status conference held this day were:

William E. O'Neil for plaintiffs;
Michael Riess for Boh Brothers Construction Co., L.L.C.;
Tommy Anzelmo for OLD;
Frank Barry for Modjeski and Masters, Inc.;
Richard Tyler for James Construction Group, L.L.C.;
Charles Lanier for Sewerage and Water Board of New Orleans; and
Glenn B. Adams for Gulf Group, Inc.

concerning A Motion for Clarification and Reconsideration of Admiralty Jurisdiction Ruling (Doc. 6175) (Doc. 6413) and an opposition to a Motion for Entry of Judgment under Rule 54(b) (Doc. 6442) which were filed with respect to the above-referenced matter by counsel for plaintiffs.

Through the course of the conversation, it was agreed by counsel that as to the Motion for Entry of Judgment under Rule 54(b) (Doc. 6442), that counsel for plaintiffs would withdraw his objection to that motion provided that he is given sufficient information to verify that neither Modjeski and Masters, Inc. nor Boh Brothers had anything to do with any of the allegations concerning the bridge projects that are the basis of the *Pontchartrain Baptist* suit. To that end,

**IT IS ORDERED** that counsel shall inform the Court by **4:30 p.m. on July 30, 2007**, whether he is so satisfied and has withdrawn his opposition to the motion.

As to Plaintiffs' Motion for Clarification and Reconsideration, the Court reiterated that its June 29, 2007 order pertained to work that was performed more than five years before August 29, 2005–and is thus work which was (1) subject to the appropriate Louisiana peremptive statutes and (2) which work was not done on navigable water.  The activities that were the subject of that order concerned actions that took place on the 17th Street Canal on south side of the Old Hammond Highway Bridge, the Orleans Avenue Canal and the London Avenue Canal. Accordingly,

**IT IS ORDERED** that the Motion for Clarification (Doc. 6413) is:

a. **DENIED** with respect to a finding that the southern edge of the Hammond Highway Bridge constitutes navigable waters as this was not at issue in the previous ruling;

b. **DENIED** with respect to clarification as to the London Avenue Canal being navigable at any point;

c. **GRANTED in part** with respect to the fact that the Court's granting of Boh Bros. Motion for Summary Judgment (Doc. 2986) and Modjeski & Masters' Motion for Summary Judgment ( Doc. 2970) relates to the affirmative defense of peremption; however, as noted above, it appears that neither defendants did any work that is NOT perempted thus, the motion is **DENIED in part** in that the dismissal will stand.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration (Doc. 6413) is **DENIED**.  The opinion of the Court did not concern the specific allegations of *Pontchartrain Baptist* complaint and did not act as an adjudication as to whether maritime contract jurisdiction exists.  The opinion stands as to its holding that there is no maritime tort jurisdiction over any project on any of the three canals named–the 17th Street Canal, the London Avenue Canal and

the Orleans Avenue Canal as these canals are not navigable waters as explained fully in the opinion.

JS-10:  1 HOUR