UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO:  MRGO, LEVEE                         SECTION "K" (2)


## ORDER AND REASONS ON MOTIONS

Discovery in this consolidated proceeding, which now includes approximately 1,000 cases, has been placed on several tracks, some of which are proceeding simultaneously.  One of these tracks is written discovery relevant to class certification proceedings.  The discovery motions addressed in this order are limited to that track.

The MRGO[1] defendants filed a motion to compel seeking additional responses to written class certification discovery from plaintiffs.  Record Doc. No. 6231.  Specifically, the motion seeks additional responses to the MRGO defendants' Requests for Production Nos. 1 through 18, 21, 22, 26, 28 through 30 and 33; Requests for Admissions Nos. 1 through 8, 11, 26, 31, 35, 36, 38 and 39; and Interrogatories Nos. 1 through 13, 15 through 24, 27 through 30 and 32.

---

[1]MRGO is an acronym for the Mississippi River Gulf Outlet.

The Levee defendants also filed a motion to compel, in which they adopt the arguments of and seek the same relief as the MRGO defendants.[2]  Record Doc. No. 6209, memorandum in support of motion at p. 3.  Accordingly, both motions will be considered together and all references to "defendants" include both the MRGO defendants and the Levee defendants, unless otherwise specified.  Plaintiffs filed a timely memorandum in opposition to both motions.  Record Doc. No. 6432.

Plaintiffs filed a Motion to Withdraw Responses to MRGO and Levee Requests for Admissions and for Leave to Amend Said Responses Pursuant to Fed. R. Civ. P. 36(b) Within Ten Days.  Record Doc. No. 6395.  Defendants filed timely opposition memoranda.  Record Doc. Nos. 6531, 6532.

Having considered the written submissions of counsel, their oral arguments, the record and the applicable law, **IT IS ORDERED** that plaintiffs' Motion to Withdraw Responses to MRGO and Levee Requests for Admissions and for Leave to Amend Said Responses, Record Doc. No. 6395, is GRANTED, for the following reasons.

---

[2]Despite the Levee defendants' adoption of the MRGO defendants' arguments, the defendants' requests and/or plaintiffs' responses are <u>not</u> identical in the two sets of discovery requests.  The court will address those differences in this opinion as necessary.  For the most part, the differences are slight.

**IT IS FURTHER ORDERED** that defendants' motions to compel, Record Doc. Nos. 6209, 6231, are GRANTED IN PART, DENIED IN PART and DEFERRED IN PART, as follows.

My goal in deciding the instant and prior discovery motions that have been filed during the current, limited, class certification phase of discovery has been to implement the objectives of judicial economy and efficiency embodied in Fed. R. Civ. P. 16 and in Case Management Order ("CMO") No. 4, Record Doc. No. 3299, as amended, which is a Rule 16 order. To implement these objectives in the context of any particular discovery request that is the subject of these motions, the court applies the basic discovery standards of relevance and proportionality set forth in Fed. R. Civ. P. 26(b)(1) and (b)(2), respectively, to class certification issues.

Thus, to determine whether a discovery request is "relevant to the claim or defense of any party" or, if good cause has been shown to expand the scope of discovery to that which is "relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1), I must examine the pleadings in the record that define the scope of plaintiffs' claims and defendants' defenses. In this regard, the relevant written submissions that establish the scope of discovery on the class certification track are the Master Complaints, the answers

to those complaints, and the class certification motions filed by the two groups of putative class action plaintiffs.

As to damages discovery, it is necessary to find some proportionally appropriate middle ground between (a) allowing wholesale discovery into individual plaintiffs' damages, which is beyond the scope of both class certification discovery and what CMO No. 4 permits at this stage of the proceedings, and (b) a total ban on such discovery, where – as here – some damages discovery is necessary and relevant to the class certification phase of the litigation.  In my previous rulings on discovery motions, I have allowed discovery into damages when the discovery requests were relevant to class certification issues like numerosity, commonality, typicality, adequacy of representation, superiority and predominance.

One difficulty presented by these motions has been the shifting sands of plaintiffs' class allegations.  For the first time of which I am aware, plaintiffs' memorandum in opposition to the motions to compel states as follows:

> Plaintiffs have offered to stipulate that the certification they seek is limited to common issues certification, that is, issues which overarch all plaintiffs and that their intent is not to seek certification on issues relating to individualized causation and damages.  Simply put, did the Levees fail, who was responsible for the failure, did Plaintiff suffer water intrusion to his/her property?

4

These are the types of common issues for which certification will be sought.  Certification will not be sought to prove what damages did the water cause to a particular home or person; these are matters of individualized proof outside the purview of Fed. R. Civ. P. 23[.]

Plaintiffs' memorandum, Record Doc. No. 6432-3, at p. 3.

The prudence of plaintiffs' apparent attempt to shrink the kind of class they seek is obvious, when compared with the breadth of the classes that plaintiffs seem to have sought in their Master Complaints and motions to certify and with Fifth Circuit case law on class certification.  The wide-ranging nature of the allegations in plaintiffs' pending motions for class certification require that some inquiry into the individual damages of the named plaintiffs/putative class representatives must be allowed during this phase of discovery.

The MRGO plaintiffs allege in their motion for class certification that common issues for determination in the proposed class action include "where the water came from, how high the water got, how long it remained before receding, [and] whether it damaged all properties within the scope of the class."  The motion defines the proposed MRGO class and sub-classes as including "[a]ll individuals and entities . . . who/which sustained damages as a result of inundation/flooding in this area."  Id. ¶¶ 2, 3a, 3b.  The MRGO Plaintiffs assert that defendants' conduct "caused a classwide [sic] catastrophe that

5

resulted in classwide [sic] damages <u>and individual damages that are substantially similar</u> from member to member."  Record Doc. No. 3616, ¶¶ 1b, 1c (emphasis added).  Finally, the motion names the proposed class representatives and describes their individual damages in terms of the property that each one lost.  <u>See id.</u> at pp. 5-6.

The Levee Plaintiffs similarly define their class and subclasses as including "[a]ll individuals and entities . . . who/which sustained damages as a result of the inundation in this area."  Their motion also describes the damaged individual properties of each class representative.  Record Doc. No. 3629, at pp. 2-11.  The Levee Plaintiffs designate as common questions "how high the water got and how long the water remained before receding."  <u>Id.</u> at p. 11.

Thus, the class certification motions themselves – as opposed to the arguments of counsel in opposition to motions to compel – are <u>not</u> limited to a request that only a liability class or some other limited issue class of the sort contemplated by Fed. R. Civ. P. 23(c)(4) be certified.  On the contrary, the motions raise issues that relate both to individual damages and class-wide damages.  Certainly, an understanding of the individual damages of the named plaintiffs/putative class representatives is relevant to class certification issues like commonality, typicality, adequacy of representation of the

classes by their proposed representatives, predominance and superiority, given the broad scope of the proposed classes.

The effect of plaintiffs' statement in their opposition to the instant motions to compel is unclear. Although they have offered to stipulate, no stipulation has actually been entered. Although they argue for restricting discovery, their actual pleadings and motions to certify dictate otherwise. When deciding relevance and searching for proportionality, I must deal with the pleadings in the record, not with proposed stipulations or non-binding suggestions in discovery memoranda.

I.   <u>REQUESTS FOR ADMISSIONS</u>

A.   <u>Deemed Admissions</u>

Defendants argued in their motions to compel that all of defendants' Requests for Admissions should be deemed admitted because plaintiffs failed to serve timely responses to the discovery requests and plaintiffs sought neither a court order nor a written stipulation between the parties extending the deadline to respond. In addition to filing a memorandum in opposition to defendants' motions, plaintiffs filed their own Motion to Withdraw Responses to MRGO and Levee Requests for Admissions and for

Leave to Amend Said Responses, seeking affirmative relief, as Rule 36 and the Fifth Circuit case law require.

CMO No. 4, as amended by the court's order dated April 17, 2007, Record Doc. No. 3776, requires that plaintiffs' written responses to defendants' class certification discovery must be provided no later than May 30, 2007.   Plaintiffs did not provide written responses until June 12, 2007, almost two weeks after the deadline.   Plaintiffs concede that all Requests for Admissions were deemed admitted by operation of law. No court order is required for unanswered, or untimely answered, requests for admissions to be deemed admitted because they are automatically deemed admitted by operation of Fed. R. Civ. P. 36(a).   In re Carney, 258 F.3d 415, 418 (5th Cir. 2001).

Plaintiffs also concede that they did not seek an extension of time to answer either from the court or through an agreement in writing with defendants' counsel. Fed. R. Civ. P. 29, 33(b)(3), 34(b), 36(a).   Nonetheless, plaintiffs argue in both their opposition memorandum and their motion to withdraw the deemed admissions that they should be relieved from the effects of Fed. R. Civ. P. 36(a) and should be allowed, pursuant to Fed. R. Civ. P. 36(b), to withdraw the deemed admissions and to submit amended responses.

The Fifth Circuit recently summarized the law concerning requests to withdraw deemed admissions.

> Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b).  Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  And, even when Rule 36(b)'s two-factor test has been satisfied, the district court "still has discretion to deny a request to withdraw or amend an admission."

Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *1-2 (5th Cir. Mar. 6, 2007) (quoting Fed. R. Civ. P.  36(b); Carney, 258 F.3d at 419) (citing American Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991)).

The Fifth Circuit went on to explain how to apply the two-factor test.

> Although we agree with plaintiffs that it is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met, see, e.g., Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995), this and other courts have not relied solely on this factor in determining whether to permit withdrawal.  Even where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made

9

an improvident admission." <u>N. La. Rehab. Ctr. Inc. v. United States</u>, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting <u>Ropfogel v. United States</u>, 138 F.R.D. 579, 583 (D. Kan. 1991)); <u>accord</u> <u>Branch Banking & Trust Co. v. Deutz-Allis Corp.</u>, 120 F.R.D. 655, 658-59 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law").  This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, <u>Pickens v. Equitable Life Assurance Soc.</u>, 413 F.2d 1390, 1394 (5th Cir. 1969), or its diligence in seeking withdrawal, <u>Covarrubias v. Five Unknown INS/Border Patrol Agents</u>, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (unpublished).

Turning to Rule 36(b)'s second requirement, we agree with plaintiffs that "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." <u>American Auto.</u>, 930 F.2d at 1117.  The Eighth Circuit has interpreted this standard to not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions, <u>Gutting v. Falstaff Brewing Corp.</u>, 710 F.2d 1309, 1314 (8th Cir. 1983), and other courts contemplating the standard have concluded that merely having to prove the matters admitted does not constitute prejudice.  <u>No. La. Rehab. Ctr.</u>, 179 F. Supp. 2d at 663.  Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial.  <u>See, e.g.</u>, <u>Branch Banking & Trust Co.</u>, 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); <u>No. La. Rehab. Ctr.</u>, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

<u>Id.</u> at *2-3 (footnote omitted).

Although plaintiffs in the instant case have not submitted any affidavits or other evidence to support their arguments, their summary of events in their memoranda agrees with defendants' version in defendants' memoranda.  Thus, the court finds that defense counsel contacted plaintiffs' liaison counsel on June 4, 2007, two business days after the discovery responses were due, to inquire why no responses had been received.  On that date, plaintiffs' counsel told defendants' counsel that they had confused the May 30, 2007 deadline for answering class certification discovery with the June 14, 2007 deadline for answering common liability issues discovery.  Plaintiffs served their class certification discovery responses on defendants on June 12, 2007, six business days later.

Plaintiffs have also provided no evidence to support their belief in a "tacit agreement" with defense counsel that they had received an enlargement of time to respond or that, after they provided responses, they were "lulled [by defendants' silence] . . . into a belief that the late filing was acceptable" until defendants filed their motions to compel.  Plaintiffs' memorandum in support of motion, Record Doc. No. 6375, at p. 4.  These alleged beliefs are unsupported by Fed. R. Civ. P. 29 or 36 and, in any event, were unwarranted on plaintiffs' part.

Nonetheless, I will allow plaintiffs to withdraw their deemed admissions and to amend their responses.  I find that the presentation of the merits of these consolidated putative class actions will be subserved by this ruling, and that the withdrawal and amendment will not prejudice defendants in maintaining their defenses on the merits.

11

Because discovery is ongoing and defendants' deadline to file their memorandum in opposition to class certification is not until September 28, 2007, defendants will not face any "special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117.  Defendants argue in their opposition to plaintiffs' motion to withdraw deemed admissions that they are prejudiced because they have already deposed four of the five named plaintiffs and will depose the last one on July 17, 2007, and because deadlines to file witness lists and finish fact depositions are set within the next two weeks.  However, defendants have stated in their written submissions that "[t]he parties have agreed that, if the Court ultimately orders plaintiffs to produce additional information or documents that defendants could have used in the named plaintiffs' depositions, . . . defendants will have the right, either by agreement with plaintiffs or by appropriate Court order, to conduct further examination to cover the compelled information."    Record Doc. No. 6207-4 (Memorandum in Support at p.3, n.3). Defendants' assertions of prejudice are not persuasive.

Furthermore, I find that plaintiffs have acted diligently each time they belatedly recognized their mistakes, first by serving their responses to defendants' Requests for Admissions six business days after their realization, and then in moving to withdraw and amend their admissions on July 9, 2007, five business days after the Levee defendants filed their motion to compel.

Accordingly, plaintiffs' motion is GRANTED, their deemed admissions are withdrawn and their original responses are substituted in their place.  The court will now address the adequacy of those responses.

B.      Requests for Admissions

As previously discussed, plaintiffs have been granted leave to withdraw their deemed admissions, and their original responses to defendants' Request for Admissions have been substituted as their amended responses.  The MRGO defendants' motion addresses the adequacy of plaintiffs' responses to their Requests for Admissions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 26, 31, 35, 36, 38 and 39.

The Levee defendants' wholesale adoption of the MRGO defendants' arguments in support of their motion is complicated by two significant differences between the Requests for Admissions served by the two groups of defendants.  First, the MRGO defendants' set includes two Requests for Admissions, Nos. 29 and 30, that are not in the Levee defendants' set of requests.[3]  Second, the Levee defendants' requests contain one internally duplicated request:  that is, Requests for Admissions Nos. 35 and 36 in the Levee defendants' set of requests are identical, but this duplication is not included in the MRGO defendants' set.  Thus, Request for Admissions No. 37 in the MRGO defendants'

---

[3]The MRGO defendants' Request for Admissions No. 29 asks for an admission that the MRGO Group class definition includes individuals or entities that are also members of the proposed Levee Group class.  The MRGO defendants' Request for Admissions No. 30 asks for an admission that the MRGO Group class definition includes individuals or entities that are also members of the proposed Insurance Group class.

set of requests is the equivalent to the Levee defendants' Request for Admissions No. 35, but the MRGO defendants do not have a duplicated equivalent of the Levee defendants' Request for Admissions No. 36.

As a result of these differences between the two sets of requests, the MRGO defendants' Requests for Admissions Nos. 31, 35, 36, 38 and 39 (as to which they seek relief) are not identical to the same numbers in the Levee defendants' set of requests. Rather, the MRGO defendants' Requests for Admissions Nos. 31, 35 and 36 are the same as the Levee defendants' Requests for Admissions Nos. 29, 33 and 34, respectively. The MRGO defendants' Requests for Admissions Nos. 38 and 39 are identical to the Levee defendants' Requests for Admissions Nos. 37 and 38, respectively.

Plaintiffs' general objections are overruled. Although it is correct, as plaintiffs' general objections generally state, that these putative class action cases are only in the class certification discovery phase, plaintiffs' attempted blanket application of that limitation is overly broad, for the reasons stated in the introductory section above.

Defendants' motions are denied as to Requests for Admissions Nos. 1, 2, 5, 6, 8, 11 and 26. Rule 36 requires either an admission or a specific denial, without any explanation, or an explanation why the answering party cannot admit or deny the matter or can in good faith qualify an answer or deny only a part of the matter. Plaintiffs have unqualifiedly denied each of these Requests for Admissions, although in some cases they

have added unnecessary explanations.  Thus, their responses to Requests for Admissions Nos. 1, 2, 5, 6, 8, 11 and 26 are sufficient.

Defendants' motions are denied as to Request for Admissions No. 3.  Plaintiffs' denial is a sufficient response and their explanation is unnecessary.  However, the court strikes plaintiffs' purported reservation of a right to amend their response to Request for Admissions No. 3.  Should plaintiffs wish to amend any response, they must follow the procedures in the court's scheduling orders and the federal and local rules.

As to Request for Admissions No. 4, plaintiffs' objection is overruled, but defendants' motions are denied.  Again, plaintiffs' denial of this request is sufficient without the explanation.

For the same reasons, the MRGO defendants' motion is denied as to Request for Admissions No. 7.  However, the Levee plaintiffs, unlike the MRGO plaintiffs, admitted Request for Admissions No. 7.  Thus, despite the Levee defendants' adoption of the MRGO defendants' arguments, the Levee plaintiffs' response to Request for Admissions No. 7 is not at issue in the Levee defendants' motion.

As to the MRGO defendants' Request for Admissions No. 31 and the Levee defendants' identical Request for Admissions No. 29, plaintiffs' objection is overruled, but defendants' motions are denied.  Plaintiffs' denial of these requests (subject to the objection), plus plaintiffs' partial admission with an explanation, is a sufficient response.

As to the MRGO defendants' Requests for Admissions Nos. 35, 36, 38 and 39 and the identical Levee defendants' Requests for Admissions Nos. 33, 34, 37 and 38, defendants' motions are denied.  Plaintiffs' denials are sufficient responses without the explanations.

II.    INTERROGATORIES

Both motions to compel seek additional answers to defendants' Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30 and 32.  Except to the extent a valid objection may be asserted, "[e]ach interrogatory shall be answered separately and fully."  Fed. R. Civ. P. 33(b)(1).  As with all other responses to written discovery, "an evasive or incomplete . . . answer . . . is to be treated as a failure to . . . answer."  Fed. R. Civ. P. 37(a)(3).  Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry."  Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing Essex Builders Group, Inc. v.

Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)).

Interrogatories seeking to flesh out the contentions of parties are specifically permitted.  "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."  Fed. R. Civ. P. 33(c).

"All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."  Id. R. 33(b)(4).  Thus, unlike requests for admissions, the court has some discretion to consider objections to interrogatories without the necessity of a separate motion by the untimely objector.  Solorzano v. Shell Chem. Co., 254 F.3d 1082, 2001 WL 564154, at *5 (5th Cir. 2001); Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Burlington Ins. Co. v. Okie Dokie, Inc., 368 F. Supp. 2d 83, 91 (D.D.C. 2005); see also Fifty-Six Hope Road Music, 2007 WL 1726558, at *4 (citations omitted) ("Even where the court deems the party's discovery objections to have been waived, it has the discretion to decline to compel production where the

request far exceeds the bounds of fair discovery."); Haring v. Eckerd Corp., No. 01-3988, 2002 WL 32348343, at *1 (E.D. Pa. May 16, 2002) (citation omitted) ("It is, however, within the discretion of the Court not to compel discovery which is patently improper."). Good cause to excuse some of plaintiffs' failures to object in this case consists of the mutual interests of the court and the parties in judicial efficiency and economy, the court's interest in enforcing its Rule 16 order and the brief time elapsed between the deadline for responding to defendants' discovery requests and plaintiffs' service of their untimely responses.

Applying the foregoing general standards, the motion is denied as to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 21 and 28, and the answers, all made without objection, are sufficient. These interrogatories essentially seek the legal evaluations of counsel, rather than factual information. This is discovery, not class certification. No "trial plan" of the sort sought by defendants in these broad-ranging interrogatories more detailed than what has already been provided will be required in the form of answers to these interrogatories, subject of course to the ongoing duty to supplement imposed by Fed. R. Civ. P. 26(e)(2). Plaintiffs' "trial plan" apparently is what is stated in these interrogatory answers. If the answers to these interrogatories, coupled with the motions and the other materials to be submitted by plaintiffs in connection with the class certification hearings, are insufficient to satisfy the predominance, superiority or any

other Rule 23 requirement, that will be the court's ruling on the class certification motions.

The motion is granted as to Interrogatories Nos. 8 and 9.  The vagueness objection by both sets of plaintiffs has been waived and is otherwise overruled.  The MRGO plaintiffs' "protected work product" objection will not be deemed waived at this time, but it has <u>not</u> been properly asserted, because the log required by Fed. R. Civ. P. 26(b)(5) has not been provided.  If plaintiffs have such models or calculations that they intend to use at any trial, that information must be provided, if it is currently available.  If not, as the Levee plaintiffs seem to indicate in their answers to these interrogatories, they must say so in clear answers to these interrogatories.  If they are withholding information responsive to these interrogatories on grounds it is "protected work product," a proper Rule 26(b)(5) log must be provided.

The motion is granted as to Interrogatories Nos. 10 and 11.  These are contention interrogatories, and there is no reason to delay the provision of answers.  The current responses, "See Plaintiffs' Motion for Class Certification," are not full and separate answers to these interrogatories.  They must be answered.

The motion is granted as to Interrogatory No. 12.  The objections have been waived and are otherwise inapplicable and overruled.  This is a simple question about the nature of remedies sought by plaintiffs.  It does not require expert opinions.  This interrogatory must be answered.

19

The motion is granted as to Interrogatory No. 13.  The objections of both the Levee plaintiffs and the MRGO plaintiffs, which are slightly different, have been waived and, in any event, are without merit and overruled.  This is a simple contention interrogatory, which must be answered.

The motion is granted in part as to Interrogatory No. 15, but only as provided herein.  All objections have been waived and, in any event, are without merit.  Section III(A) of CMO No. 4, cited by plaintiffs in their objection, is a disclosure requirement, not a discovery limitation.  Discovery and disclosure are two distinct and different processes, and the cited disclosure requirement imposed by the court does not of itself restrict discovery.  Section IV of CMO No. 4, also cited by plaintiffs in their objection, prohibits discovery as to damages in the common liability issues discovery track.  However, for the same reasons set out in my previous order denying plaintiffs' motions for protective orders, Record Doc. No. 6222, and as explained in the introductory section above, some damages discovery concerning the claims of the named plaintiffs, who are also the proposed class representatives, is relevant and proportionally appropriate to the class certification discovery track.

For the foregoing reasons, the objections to Interrogatory No. 15 are overruled, and the interrogatory must be answered as to all named plaintiffs who are also proposed class representatives.

The motion is denied as to Interrogatories Nos. 16, 17 and 18.  In the instance of these three interrogatories, because of their clearly objectionable nature, particularly in the class certification phase of discovery, the court will exercise its discretion to determine that all objections have not been waived and must be sustained.  While Interrogatories Nos. 16 and 17 proceed along the same damages discovery path as Interrogatory No. 15, they far exceed what is relevant to and necessary for class certification purposes and extend into broad-based individualized damages discovery of the sort that is prohibited by CMO No. 4, not only in the class certification discovery phase but also in the common liability issues discovery phase.  Interrogatory No. 18 is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at the class certification proceedings.

The motion is granted as to Interrogatories Nos. 19, 20 and 27.  These are contention interrogatories.  There is no reason to delay a response.  The current responses that refer generally to pleadings and/or witness lists are vague and evasive.  These interrogatories must be answered fully and specifically.

The motion is granted in part and denied in part as to Interrogatory No. 22, but plaintiffs are hereby permitted, pursuant to Fed. R. Civ. P. 33(c), to defer providing a supplemental answer to this interrogatory until the same date that they provide their expert reports concerning class certification.  The first half of this compound question seeks important contention information, namely the particular levee breach, overtopping,

or other source of water that damaged the specific property of the named plaintiffs/proposed class representatives at issue.  However, by its nature, an answer to the first part of this interrogatory requires expert opinion to a significant degree.  Thus, plaintiffs must answer the first part of this interrogatory, but only by providing a supplemental answer on the same date as their expert reports for class certification purposes are submitted.  The second half of this compound question seeking identification of "the geotechnical and structural failure modes and causes for each such source of water" can only be answered by expert opinion.  Thus, plaintiffs' provision of expert reports on the schedule previously required by the court will suffice, and no other supplemental answer to the second part of this interrogatory will be required.

The motion is granted in part and denied in part as to Interrogatory No. 23.  Part of Interrogatory No. 23 requests a recitation of any "facts" upon which plaintiffs may base the legal contention that is the subject of this interrogatory.  If plaintiffs' contention in this regard is based on any facts, they must provide those facts in a supplemental answer.  However, much of the responsive information sought by this interrogatory is purely legal in nature, apparently seeking citations to law or legal argument.  In that respect, the current answer is sufficient and no further answer to this interrogatory is required insofar as purely legal information or argument, as opposed to facts or the application of law to facts, is concerned.

The motion is granted as to Interrogatory No. 24 because the current responses are vague, unclear and therefore unresponsive.  The objections asserted by the Levee plaintiffs are overruled.  This is a simple question that relates to an important and relevant contention.  Plaintiffs must answer it clearly and specifically as to each named plaintiff who is also a proposed class representative.  For example, if plaintiffs contend that Proposed Class Representative A has exhausted administrative remedies because she filed a Standard Form 95 on a particular date and a particular amount of time has now passed without response, that must be plaintiffs' clear answer to this interrogatory.  Other, perhaps different, answers are of course conceivable as to proposed class representatives, and a clear, specific answer as to each must be provided, so that defendants and the court can be satisfied that this important interrogatory has been answered "separately and fully," as required by Fed. R. Civ. P. 33(b)(1).

The motion is granted as to Interrogatories No. 29 and 30, but limited as provided herein.  The information sought in this interrogatory is relevant to the question of the adequacy of the proposed class representatives to serve in that capacity, a key component in the class certification proceedings.  These interrogatories must be answered as to the named plaintiffs who are also proposed class representatives, but the phrase "convicted of a crime" is hereby limited to felonies within the time parameters set out in Fed. R. Evid. 609(b), and the phrase "subject to a claim of breach of fiduciary duty" is modified to read "adjudicated to have breached a fiduciary duty."

The motion is denied as to Interrogatory No. 32. No further response is required.

Finally, the copies of plaintiffs' interrogatory answers provided to me with these motion papers do not contain the verification of answers required by Fed. R. Civ. P. 33(b)(1) and (2). The required verification must be provided.

III.    REQUESTS FOR PRODUCTION

Defendants seek additional responses to their Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 26, 28, 29, 30 and 33.

Fed. R. Civ. P. 34(b) sets forth the requirements of a proper response to a request for production in pertinent part as follows: "The party upon whom the request is served shall serve a written response," which "shall state , with respect to each item or category, that inspection and related activities will be permitted <u>as requested, unless the request is objected to</u> . . . . If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy,

and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller & R. Lucas, <u>Federal Practice and Procedure</u> § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are <u>not</u> in the responding party's possession, custody or control.  "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control."  <u>Id.</u> at 403-04.

Responsive materials must be made available for inspection, either "as they are kept in the usual course of business" or the responding party "shall organize them to correspond with the categories in the request."  Fed. R. Civ. P. 34(b)(i).  As with other kinds of responses to written discovery requests, "an evasive or incomplete . . . response" to a Rule 34 request for production "is to be treated as a failure to . . . respond."  Fed. R. Civ. P. 37(a)(3).

Failure to provide specific written responses to requests for production within the time period established by Fed. R. Civ. P. 34(b) generally results in the waiver of objections to the requests.  <u>See</u> <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 74 (7th Cir. 1992) (plaintiff "had probably already waived any objection to production by failing to object when disclosure was due"); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); <u>McLeod, Alexander, Powel & Apffel v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity were invalid); <u>In re</u>

United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that[,] as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004); Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988). Of course, the court retains discretion "to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery," id. (quotation omitted), even if a timely objection has not been made. Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); see also Young v. United States, 149 F.R.D. 199, 206 (S.D. Cal. 1993) (no waiver in light of "relatively short tardiness").

Applying the foregoing principles, the motions are granted as to Request for Production No. 1, and all objections are overruled. All Standard Form 95's in the possession, custody and control of plaintiffs must be made available for inspection to the same extent and in the same manner that those materials have been made available to plaintiffs by the United States, pursuant to this court's previous orders.

The motion is granted in part and deferred in part as to Requests for Production Nos. 4, 5, 6, 7 and 8. The motions are granted to the extent that all non-privileged, non-work product and non-Rule 26(b)(3) materials responsive to these requests must be

produced and plaintiffs must provide new written responses without objection, except on the three grounds noted above, clearly stating that they will do so.  This order does <u>not</u> require the early submission of expert reports.  However, any responsive materials not constituting expert reports, whether or not they may be relied upon by experts in formulating their reports, must be produced.

The motion is deferred in part as to materials subject to plaintiffs' objections on the grounds of privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3).  At this time, plaintiffs' objections are unsubstantiated.  It is not established that the requested materials are protected from discovery as a matter of law.  The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege.  <u>High Tech Commc'ns, Inc. v. Panasonic Co.</u>, No. 94-1447, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing <u>Hodges, Grant & Kaufman v. United States</u>, 768 F.2d 719, 721 (5th Cir. 1985)); <u>In re Shell Oil Ref.</u>, 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, <u>the proponent must substantiate all actual assertions</u> about the claim.  This is usually done through <u>supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs</u>, discovery responses, pleadings and other undisputed facts. . . .  To the extent that <u>evidentiary support for the factual basis of the privilege is not forthcoming</u>, the claim is little more than a bald, conclusory, or ipse dixit assertion.  The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . .  Although an attorney's word

27

may be "taken on its face," a privilege claim is not self-executing.  It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, <u>Attorney-Client Privilege in the United States</u> § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Thus, these objections of the plaintiffs may be sustained only if the objections are both properly asserted and the facts supporting them are established by evidence.  First, the party who asserts privilege and/or work product objections to a request for production must comply with Fed. R. Civ. P. 26(b)(5).  The materials provided to me in connection with this motion do not include the required privilege log.  Second, although plaintiffs bear the burden of proof on this claim, they have submitted <u>no evidence</u> of any kind, by affidavit, deposition testimony or otherwise, that might establish that the requested information is privileged in any way.  The mere assertion of a lawyer that the materials were work product, privileged communications or prepared in anticipation of litigation <u>is not evidence</u> sufficient to bear the burden.

Assuming that plaintiffs can support their objections that the requested materials are Rule 26(b)(3) materials, work product or privileged in some way, defendants may still obtain discovery of such materials.  If plaintiffs carry their burden to show that the requested materials were created in anticipation of litigation or for trial, then the materials are protected from disclosure, unless defendants meet their burden established in Fed. R. Civ. P. 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise
> discoverable under subdivision (b)(1) of this rule and prepared in
> anticipation of litigation or for trial by or for another party or by or for that
> other party's representative (including the other party's attorney, consultant,
> surety, indemnitor, insurer, or agent) only upon a showing that the party
> seeking discovery has substantial need of the materials in the preparation
> of the party's case and that the party is unable without undue hardship to
> obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Thus, defendants may obtain the requested materials, even if they are protected as a threshold matter, if defendants make the required showing.  Accordingly, ruling on this part of the motion is deferred pending the following:

IT IS ORDERED that, no later than July 25, 2007, plaintiffs must file and serve the required privilege log and all evidence necessary to sustain their burden concerning their assertion of any privilege or any other protective doctrine.

IT IS FURTHER ORDERED that, no later than August 1, 2007, defendants must file and serve their response to these submissions, including any evidence necessary to make the showing required by Rule 26(b)(3).  Thereafter, the court will rule on this part of the motion on the record without further briefing.

The motion is granted as to Requests for Production Nos. 9, 10, 11,[4] 14 and 22, subject to the limitations contained herein.  For the same reasons provided above in connection with Interrogatory No. 15, I find that, given the content of the pleadings and motions for class certification that define the scope of the proposed classes, despite the non-binding offers of stipulations and statements of "intent" of the plaintiffs expressed in their opposition memorandum, some discovery concerning the claimed damages of the named plaintiffs who are also proposed class representatives is both relevant and proportionally necessary to class certification issues, including typicality, commonality, adequacy of representation, predominance and superiority.  Thus, the objections are overruled.  Non-privileged responsive materials, as to all named plaintiffs who are also proposed class representatives, must be produced.  As to Request for Production No. 22, the request for <u>all</u> photographs is overly broad and unduly burdensome.  In response to this request, plaintiffs need only produce no more than three (3) pre-Katrina photographs and no more than five (5) post-Katrina photographs, but plaintiffs must produce all such photographs that they may use at any class certification hearing.

---

[4]Request for Production No. 11 to the Levee plaintiffs seeks all documents concerning "your claim for economic and compensatory damages," while Request for Production No. 11 to the MRGO plaintiffs seeks all documents concerning "your claim for personal injury and 'wrongful death, survival damages, fear, fright and emotional distress, grief, mental anguish, inconvenience, pain and suffering, loss of the capacity to enjoy life; [and] loss of consortium . . . ' in the MRGO Master Consolidated Class Action Complaint."  Both sets of plaintiffs responded to these slightly different requests with an identical objection.

For purposes of the remainder of this order, however, the parties are put on notice that the foregoing five Requests for Production represent, for the most part, the place where this court will draw the proportionality line for purposes of class certification discovery. Thus, the motion is denied as to Requests for Production Nos. 2, 3, 28, 29, 30 and 33.[5] These requests go well beyond what is relevant to, proportionally necessary for or reasonably calculated to lead to the discovery of evidence admissible as to class certification issues, and extend into areas of discovery that relate primarily to individual damage claims or broadly to the subject matter of this action, but without the showing of good cause in connection with class certification proceedings.

The motion is granted in part and denied in part as to Requests for Production Nos. 12, 13 and 21. Oddly, plaintiffs did not assert this same objection to Interrogatory No. 9, the companion to Request for Production No. 12. In any event, all such calculations, models or other demonstrative materials responsive to these requests that  are non-privileged, that plaintiffs may use at class certification hearings and that are already in their possession, custody or control must be produced. Any responsive materials as to which plaintiffs assert work product or other privilege objections must be listed on a proper Rule 26(b)(5) log. This order does <u>not</u> require the early submission of expert

---

[5]The Requests for Production No. 33 propounded to the two groups of plaintiffs differ slightly, but both seek signed medical authorization forms. I note also that the extremely broad nature of Request for Production No. 33 would include a wide array of materials that would have to be protected as contemplated in the Health Insurance Portability and Accountability Act ("HIPAA"), and/or that are privileged under <u>Jaffee v. Redmond</u>, 518 U.S. 1, 10 (1996).

reports.   If such models or calculations are currently being created by experts for inclusion in their reports, production of the expert reports pursuant to the schedule for such reports previously put in place by the court will suffice.   However, any responsive materials not constituting expert reports, whether or not they may be relied upon by experts in formulating their reports, must be produced.

The motion is granted in part and denied in part as to Requests for Production Nos. 15, 16 and 26.[6]   These requests are worded in such an overly broad way that they seek much that is irrelevant to class certification issues.   While some materials responsive to these extremely broad requests may be relevant to class certification issues, I find that such materials are addressed and will be produced in response to other production requests.   However, to ensure that defendants receive all non-privileged, responsive materials that may also be relevant to class certification issues, the motion is granted in part in that IT IS ORDERED that plaintiffs must produce to defendants all non-privileged materials responsive to these requests that have not been produced in response to other requests and that plaintiffs may use at any class certification hearing.   As to plaintiffs' privilege objection to Request for Production No. 15, the court will defer ruling on that objection and that portion of defendants' motions until plaintiffs provide a privilege log and comply with the procedures and deadlines set forth above.

---

[6]I must note that plaintiffs' objection that Request for Production No. 26 somehow seeks disclosure of expert opinions appears totally inapplicable.

The motion is denied as to Requests for Production Nos. 17 and 18.  These requests far exceed what is relevant and necessary from a proportionality point of view for class certification hearings and instead extend to individual damages discovery, which is not occurring at this time.

IV.     REQUEST TO RE-DEPOSE PLAINTIFFS

In the conclusion of their motions, defendants also seek an order of the court permitting defendants to "re-depose each named plaintiff to enable defendants to inquire as to the newly produced materials."  Record Doc. No. 6231 at p. 36; Record Doc. No. 6209 at p. 4.  Defendants do not advance any particular argument in support of this request and plaintiffs do not respond to the request in their opposition memorandum. Under these circumstances, and in light of the representations made in footnote 3 of defendants' supporting memorandum quoted above, the court will not address this request or the applicable standards of Fed. R. Civ. P. 30(a)(2)(b), since the parties themselves have not done so, until it becomes necessary.

* * * * *

IT IS FURTHER ORDERED that the required verification of answers to interrogatories, all additional answers to interrogatories and all additional written responses to requests for production required herein, along with an opportunity to inspect

33

and copy all non-privileged, responsive materials, must be provided to the defendants by

plaintiffs within ten (10) days of entry of this order.

New Orleans, Louisiana, this 19th day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

34