# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL LEVEE | § | |
| | § | |

## DEFENDANT UNITED STATES' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Case Management Order No. 4, Defendant the United States of America (hereinafter "United States"), hereby objects and responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

The following general objections are continuing in nature and apply to each Request for Production. Accordingly, they are hereby incorporated into each Response provided, as if fully set forth therein, unless expressly waived in a particular Response.

**GENERAL OBJECTION NO. 1:**  The United States objects to the Requests (and any definitions or instructions they incorporate) insofar as they broaden the United States'


EXHIBIT
C

obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any order of the Court.

**GENERAL OBJECTION NO. 2:** The United States objects to the Requests insofar as they seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection, immunity, law or rule. Without waiving these objections or any privileges, the United States responds to Plaintiffs' Requests to the extent that the information requested is not privileged; where appropriate, the United States will identify responsive yet privileged documents in a privilege log. Any disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection, immunity, law or rule is inadvertent and should not be construed as a waiver. See R. Doc. 5183.

**GENERAL OBJECTION NO. 3:** The United States objects to the Requests insofar as they are overbroad and unduly burdensome and seek information not reasonably calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTION NO. 4:** The United States objects to the Requests insofar as they are vague and ambiguous.

**GENERAL OBJECTION NO. 5:** The United States objects to the Requests insofar as they seek information more appropriately sought through other discovery devices.

**GENERAL OBJECTION NO. 6:** The United States objects to the Requests insofar as they seek information that is not within the custody, control or possession of the United States.

**GENERAL OBJECTION NO. 7:** The United objects to the Requests insofar as they seek information that is confidential and/or sensitive, including information from personnel files,

2

trade secret or confidential business or proprietary information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a.

**GENERAL OBJECTION NO. 8:** The United States has not completed its investigation of the facts relating to this action; nor has it interviewed all potential witnesses, completed discovery, or otherwise completed its preparations for trial. Accordingly, the United States provides the Responses below without prejudice to its right to produce, at a later time, subsequently discovered evidence relating to presently known material facts as well as all evidence – whenever discovered – relating to subsequently discovered material facts.

**GENERAL OBJECTION NO. 9:** With the exception of facts explicitly admitted herein, no general admission of any nature is implied in the United States' Responses to these Requests.

**GENERAL OBJECTION NO. 10:** The United States objects to the production of any documents related to the Orleans Avenue Canal because they are not calculated to lead to discovery of admissible evidence and there was no breach of the Orleans Avenue Canal.

## RESPONSES

Without waiving the foregoing objections and reserving the right to re-assert them at or before trial, the United States hereby responds to each of Plaintiffs' Requests as follows:

**REQUEST NO. 1:** Please produce complete and legible copies of any manpower table and/or personnel list which identifies the U.S. Army Corps of Engineers' personnel who participated in, monitored, or supervised the E-99 test section experiment on the Atchafalaya River.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects

to this request to the extent that it seeks documents protected by privilege.  The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome,

and less expensive.  For example, the IPET website, which contains reports by the IPET and

other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I).[1]  Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for responsive "manpower tables" and "personnel lists[s]" to

the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 2:**  Please produce complete and legible copies of all engineering memoranda

submitted by Modjeski and Masters regarding the 17th Street Canal dredging project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2 :**  Objection.  This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

---

[1]  The Plaintiffs are directed to the IPET report as a source containing information which may be responsive to Plaintiffs' discovery requests.  This reference to the IPET report, and any reference hereafter in the United States' discovery responses, should not be interpreted as an endorsement or adoption of the IPET report by the United States or United States Army Corps of Engineers.

4

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for "all engineering memoranda submitted by Modjeski and Masters regarding the 17th Street Canal dredging project" to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 3:** Please produce complete and legible copies of all engineering memoranda submitted by Eustis Engineering regarding the 17th Street Canal dredging project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for "all engineering memoranda submitted by Eustis Engineering regarding the 17th Street Canal dredging project" to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 4:** Please produce complete and legible copies of any and all correspondence to or from the Corps of Engineers regarding permits to dredge, or dredging, of the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for "all correspondence to or from the Corps of Engineers regarding permits to dredge, or dredging, of the 17th Street Canal" to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 5:** Please produce complete and legible copies of any documents reflecting the Army Corps' July 1985 decision to continue using the National Geodetic Survey's 1983 benchmark elevations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents of the Army Corps of Engineers relating to the National Geodetic Survey's 1983 benchmark elevations to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 6:** Please produce complete and legible copies of any documents dated before August 29, 2005 which reflect that the 17th Street Canal had been dredged and excavated to a bottom depth below that of the bottom of adjacent levee sheet piling on behalf of the New Orleans Sewerage & Water Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO.6:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents dated before August 29, 2005 that address dredging of the 17th Street Canal to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 7:**  Please produce complete and legible copies of any documents dated before August 29, 2005 which reflect that the 17th Street Canal had been excavated on behalf of the New Orleans Sewerage & Water Board so that canal water touched the Orleans Parish-side I-wall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**  Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents dated before August 29, 2005 which address the dredging of the 17th Street Canal by or for the New Orleans Sewerage & Water Board to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 8:** Please produce a complete and legible copy of the Army Corps' August 18, 2000 "Unwater Plan, Greater Metropolitan Area, New Orleans, Louisiana."

**RESPONSE TO REQUEST FOR PRODUCTION NO.8:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for a copy of the Army Corps' August 18, 2000 "Unwater Plan, Greater Metropolitan Area, New Orleans, Louisiana," to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 9:** Please produce a complete and legible copies of the reports of the 1995 through 2005 annual inspection of the Lake Pontchartrain Hurricane Control Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all reports of 1995 through 2005 annual inspections of the Lake Pontchartrain Hurricane Control Project to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 10:** Please produce a complete and legible copies of the Army Corps' evaluation of the all of the New Orleans Sewerage & Water Board's applications for a permit to dredge the 17th Street Canal.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO.10:**  Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for copies of the Army Corps' documents related to applications for permits to dredge the 17th Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 11:**  Please produce a complete and legible copy of Modjeski and Masters' *circa* January 28, 1981 memorandum addressing the stability of the existing levees and sheet pile
**RESPONSE TO REQUEST FOR PRODUCTION NO.11:**  Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for a copy of any Modjeski and Masters' *circa* January 28, 1981 memorandum to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 12:** Please produce a complete and legible copies of Modjeski and Masters' *circa* February 6, 1981 stability analysis of the existing sheet pile wall along the east side of the 17th Street Canal, north of Hammond Highway and the U.S. Army Corps' March 5, 1981 internal memorandum which addressed the soil stability analyses provided by Modjeski and Masters.

**RESPONSE TO REQUEST FOR PRODUCTION NO.12:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly

13

available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for copies of any Modjeski and Masters' *circa* February 6, 1981 memoranda that are in the possession of the Army Corps of Engineers.

**REQUEST NO. 13:** Please produce a complete and legible copy of the program and/or materials provided to the attending public by the U.S. Army Corps in connection with its March 31, 1981 public hearing regarding 17th Street Canal dredging.

**RESPONSE TO REQUEST FOR PRODUCTION NO.13:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for a copy of the program and/or materials provided to the

attending public by the U.S. Army Corps in connection with a March 31, 1981 public hearing

regarding 17th Street Canal dredging to the extent that they are in the possession of the Army

Corps of Engineers.


**REQUEST NO. 14:**  Please produce a complete and legible copy of any documents received

from Modjeski and Masters *circa* March 1981 which expressed concerns that the 17th Street

Canal levees and other outfall canal levees were in violation of the Corps' engineering standards

for levee stability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**  Objection.  This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects

to this request to the extent that it seeks documents protected by privilege.  The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome,

and less expensive.  For example, the IPET website, which contains reports by the IPET and

other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.

15

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for documents received from Modjeski and Masters *circa* March 1981 relating to the 17th Street Canal levees and other outfall canal levees to the extent they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 15:** Please produce a complete and legible copy of Modjeski and Master's *circa* April 20, 1981, preliminary plan to install sheet pile walls with concrete caps for the entire length of the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for a copy of Modjeski and Master's *circa* April 20, 1981, preliminary plan concerning the 17th Street Canal in the possession of the Army Corps of Engineers.

**REQUEST NO. 17:**[2] Please produce a complete and legible copy of the U.S. Army Corps' June 16, 1981 internal memorandum which acknowledged that a number of levee and flood wall stability problems were likely if the New Orleans Sewerage & Water Board's dredging permit request was granted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States

---

[2] Plaintiffs omitted a Request No. 16.

will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any U.S. Army Corps' June 16, 1981 internal memorandum addressing dredging permits to the extent they are in the possession of the U.S. Army Corps of Engineers.

**REQUEST NO. 18:**  Please produce a complete and legible copy of the U.S. Army Corps' February 12, 1982 internal memorandum, from its Engineering Division to its Operations Division, which noted the existence of a stability problem in the 17th Street Canal at a location where excavation would directly tap the sands underlying the levee.

 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a

18

review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for the U.S. Army Corps' February 12, 1982 internal memorandum, from its Engineering Division to its Operations Division regarding the 17th Street Canal to the extent that it  in the possession of the Army Corps of Engineers.

**REQUEST NO. 19:** Please produce a complete and legible copy of Eustis Engineering's August 23, 1982 subsoil investigation report for the 17th Street Canal which *circa* November 30, 1982 was the U.S. Army Corps received from Modjeski &Masters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for a copy of Eustis Engineering's August 23, 1982 subsoil investigation report for the 17th Street Canal which *circa* November 30, 1982 the U.S. Army Corps allegedly received to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 20:**  Please produce a complete and legible copy of the U.S. Army Corps' February 22, 1983 correspondence to the New Orleans Sewerage & Water Board that "the installation of relief wells would be an appropriate way to provide the necessary assurance against uplift" of the 17th Street Canal levee's sheet piles.

 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for a  copy of U.S. Army Corps' February 22, 1983

correspondence to the New Orleans Sewerage & Water Board to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 21:** Please produce a complete and legible copies of Eustis Engineering's January 17, 1984 report and the July 27, 1983 revised soil stability report regarding the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for copies of Eustis Engineering's January 17, 1984 report and the July 27, 1983 reports regarding the 17th Street Canal to the extent they are in the possession of the Army Corps of Engineers.

21

**REQUEST NO. 22:** Please produce a complete and legible copy of the 1983-84 piezometer study of the 17th Street Canal test section.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for a copy of the 1983-84 piezometer study of the 17th Street Canal test section to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 23:** Please produce a complete and legible copy of the U.S. Army Corps' April 24, 1987 drawing of a sheet pile design for the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for a copy of the U.S. Army Corps' April 24, 1987 drawing of a sheet pile design for the 17th Street Canal to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 24:** Supply all survey data (cross-sections and bathymetry of channel) of the earthen embankments of the 17th Street Canal from 1981 to April 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all survey data (cross-sections and bathymetry of channel) of the earthen embankments of the 17th Street Canal from 1981 to April 2007 to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 25:** Please produce complete and legible copies of any documents which authorized the Army Corps to permit any deviation(s) from the Congressionally-authorized Barrier Plan for the LPVHPP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents that relate to alleged deviation(s) from the Congressionally-authorized Barrier Plan for the LPVHPP by the Army Corps to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 26:** Please produce complete and legible copies of any documents in which Congress authorized the "High Level Plan" or the "Parallel Protection Plan" for the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents in which Congress addresses the "High Level Plan" or the "Parallel Protection Plan" for the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 27:** Please produce complete and legible copies of any documents that reflect the Army Corps' decision not to complete the floodwalls at the southern end of the Orleans Avenue Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents that addresses floodwalls at the southern end of the Orleans Avenue Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 28:** Supply all geotechnical stability tests and data, including Lanes Weighted Creep Ratio, Flow Net, General Method of Slices, for

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all geotechnical stability tests and data to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 29:** Please produce complete and legible copies of any documents which, in connection with the High Level or Parallel Protection Plan for the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal, approved the construction of I-walls instead of levees or T-walls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents which, in connection with the High Level or Parallel Protection Plan for the 17th Street Canal, the Orleans Avenue Canal, and the London

Avenue Canal, address I-walls, levees or T-walls to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 30:** Please produce complete and legible copies of any documents rejecting the construction of levees and T-walls on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal in connection with the High Level Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents addressing the construction of levees and T-walls on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal in connection with the High Level Plan to the extent that they are in the possession of the Army

29

Corps of Engineers.

**REQUEST NO. 31:** Please produce a complete and legible copies of the Army Corps' Engineering Manuals that were used to design and construct the 17th Street, Orleans Avenue, and London Avenue Canal floodwalls for the LPVHPP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for copies of the Army Corps' Engineering Manuals that were used to design and construct the 17th Street, Orleans Avenue, and London Avenue Canal floodwalls for the LPVHPP, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 32:** Please produce complete and legible copies of any documents in which the Army Corps approved design and/or the construction of I-walls on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal, in concrete sections that rise more than seven (7) feet above the ground.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**   Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents in which the Army Corps approved design and/or the construction of I-walls on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 33:** Please produce complete and legible copies of any documents predating Hurricane Katrina which indicated that the flood walls of the 17ᵗʰ Street Canal, the Orleans Avenue Canal, and the London Avenue Canal were constructed with protective steel sheet pilings that ended above or in the middle of layers of weak soil.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents predating Hurricane Katrina which discuss the type of soil in which the flood walls of the 17ᵗʰ Street Canal, the Orleans Avenue Canal, and the London Avenue Canal ended to the extent that they are in the possession of the Army Corps of Engineers.

32

**REQUEST NO. 34:** Please produce complete and legible copies of any documents predating Hurricane Katrina which indicated that the soils comprising or adjacent to the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal levees had subsided after construction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any documents predating Hurricane Katrina which discuss subsidence in connection with the soils comprising or adjacent to the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal levees to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 35:**  Please produce complete and legible copies of any correspondence received in 1993 from Pittman Construction Company which reported that concrete monoliths installed on the tops of sheet pilings on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal were beginning to lean towards the canal side because the supporting soil foundations were not of sufficient strength, rigidity and stability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any correspondence received in 1993 from Pittman Construction Company concerning concrete monoliths to the extent that it is in the possession of the Army Corps of Engineers.

**REQUEST NO. 36:**  Please produce complete and legible copies of any Army Corps documents which, in response to Pittman Construction Company's concerns about leaning concrete monoliths, ordered or otherwise allowed the construction of the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal I-walls to proceed and to be completed prior to Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any Army Corps documents which, responded to Pittman Construction Company's correspondence about concrete monoliths prior to Hurricane Katrina the to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 37:** Please produce complete and legible copies of all proofs of insurance, certificates of insurance, and/or copies of insurance policies received by the Army Corps from companies submitting bids to dredge and/or build levees and flood walls on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for copies of copies of all proofs of insurance, certificates of insurance, and/or copies of insurance policies received by the Army Corps from companies submitting bids to dredge and/or build levees and flood walls on the 17th Street Canal, the Orleans Avenue Canal, and the London Avenue Canal to the extent that they are is in the possession of the Army Corps of Engineers.

36

**REQUEST NO. 38:**  Please produce complete and legible copies of all reports commissioned by the Army Corps which depict or explain how any levee or flood wall overtopping or failure occurred on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, or the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.  Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.  Plaintiffs will have access to search for all reports commissioned by the Army Corps which depict or explain how any levee or flood wall overtopping or failure occurred on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, or the IHNC to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 39:** Please produce complete and legible copies of all documents and things which the Army Corps contends show or indicate affirmatively that the conduct of any engineering firm or contracting firm, person, corporate entity, body or sub-body politic, or other legal entity, through its violation of any federal or state law, statute, ordinance, or regulation was the legal cause, a contributing cause, or a proximate cause of any levee or flood wall overtopping or failure on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, or the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). The United States also objects to this request because it is directed at the alleged liability of other entities which liability is in plaintiffs' burden, not defendants, to prove. Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for the universe of documents having to do with flood control and hurricane protection projects at and around New Orleans. From those plaintiffs may search for any document or things that may show or indicate affirmatively that the conduct of any engineering firm or contracting firm, person, corporate entity, body or sub-body politic, or other legal entity, through its violation of any federal or state law, statute, ordinance, or regulation was the legal cause, a contributing cause, or a proximate cause of any levee or flood wall overtopping or failure on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, or the IHNC to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 40:** Please produce complete and legible copies of all documents and things which support the Army Corps' denial of any allegation of fact in its Answer to the Master Consolidated Class Action Complaint (Levee), or which serves as the basis for any affirmative or special defenses raised in that Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving

39

these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.  Plaintiffs will have access to search for a copy of "all documents and things which support the United States' Answer to the Complaint and affirmative defenses" to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 41:**  Please produce complete and legible copies of all documents and things which state the time when any levee or flood wall was initially overtopped or initially failed on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.  Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production

Protocol and under a review and select procedure, all documents in the possession of the Army

Corps of Engineers relating to the flood control and hurricane protection projects in and around

New Orleans. Plaintiffs will have access to search for all documents and things which reflect the

time when any levee or flood wall was initially overtopped or initially failed on the London

Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC to the extent that

they are in the possession of the Army Corps of Engineers.


**REQUEST NO. 42:** Please produce complete and legible copies of all "as proposed" design

drawings submitted in connection with any dredging permit application relating to the 17th Street

Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all design drawings submitted in connection with any dredging permit application relating to the 17th Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 43:** Please produce complete and legible copies of all plans and specifications that were submitted in connection with the dredging of the 17th Street Canal, <u>after</u> the Army Corps granted a dredging permit to the New Orleans Sewerage & Water Board in 1984.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all plans and specifications, if any, that were submitted in

connection with the dredging of the 17th Street Canal, after the Army Corps granted a dredging permit to the New Orleans Sewerage & Water Board in 1984. to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 44:** Please produce complete and legible copies of all progress charts, soundings, inspector's logs, deviations from the maintained dimensions, quantity of excavated materials, hydrographic surveys, and cross sections during, and after the dredging project at the 17th Street was carried out.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all progress charts, soundings, inspector's logs, documents

43

addressing dimensions, documents addressing quantity of excavated materials, hydrographic surveys, and cross sections during, and after the dredging project at the 17th Street was carried out to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 45:**  Please produce complete and legible copies of all drawings which depict the "as built" drawings of the "as built" construction configuration of the 17th Street Canal and the London Avenue Canal levees and flood walls that you built for a flood control project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all drawings which depict the "as built" construction configuration of the 17th Street Canal and the London Avenue Canal levees and flood walls that

were built for a flood control project to the extent that they are in the possession of the Army
Corps of Engineers.

**REQUEST NO. 46:**  Please produce complete and legible copies of all initial, interim, or final
reports, and all related notes and drafts, of any expert who you may call as a witness at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**  The United States will provide the
production regarding its experts as required by the Federal Rules of Civil Procedure and Case
Management and Scheduling Order No. 4.  The United States objects, however, to the request to
produce any report that is not final in nature, as CMO 4 does not require the production of the
expert's draft reports.

**REQUEST NO. 47:**  Please produce a privilege log of all documents and things as to which you
claim a privilege against discovery or assert is subject to protection as trial preparation material.

**RESPONSE TO REQUEST FOR PRODUCTION NO.47:**  Objection.  This request is vague,
ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery
of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects
to this request to the extent that it seeks documents protected by privilege.  The United States
further objects to the request to the extent it seeks information and documents that are publicly
available and/or obtainable from some other source that is more convenient, less burdensome, and
less expensive.  For example, the IPET website, which contains reports by the IPET and other
documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.
Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving any objection, the United