IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Barbara Kimble,<br>Plaintiff | : | DOCKET NO: 06-4800 |
| v. | : | SECTION: "R" 5 |
| | : | **PLAINTIFFS' FIRST SET OF** |
| | | **INTERROGATORIES AND REQUESTS** |
| Republic Fire and Casualty,<br>Defendant | : | **FOR PRODUCTION OF DOCUMENTS** |

**NOW COME**, through undersigned counsel, Plaintiff, Barbara Kimble ("Kimble" and/or "Insureds), who request that Defendant, Republic Fire and Casualty ("Republic" and/or "Insurer"), answer the following Interrogatories and respond to the following Requests for Production of Documents within the delays and in the manner prescribed by the Federal Rules of Civil Procedure. Furthermore, these Interrogatories are deemed to be continuing and Plaintiffs request that Defendant, State Farm, amend and supplement its answers thereto from time to time as required, pursuant to the Federal Rules of Civil Procedure, and please produce said documents at the Wolfe Law Offices, L.L.C., 4821 Prytania Street, New Orleans, Louisiana 70115. The production of these materials must comport with the labeling and organizational requirements of the Federal Rules of Civil Procedure.

**Definitions**

**A.**     **Document** - As used herein, the term "document" shall be construed broadly and expansively to include any medium upon which information is recorded, including, but not limited to, contracts, agreements, applications, forms, policies, claims, files, records, letters, correspondence, minutes, memoranda, notes, e-mails, photocopies, facsimiles, transcripts, graphs, photographs, videotapes, audiotapes, microfilm, charts, studies, tables, calculations, analyses, summaries, compilations, advertisements, fliers, mailings, brochures, notices, acknowledgments, and any draft of the foregoing, which is, or has been, at any time, in the control, custody or possession of Defendant(s).

**B.**     **Communication** - Shall refer to all communication, both written and oral, including, but not limited to, telephone conversations, letters, memoranda, e-mails, facsimiles, reports, interviews, statements, contracts, agreements and consultations.  Whenever a request refers to conversations with others, such request also refers to communications with all persons acting on behalf of that other, including, but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, or attorneys.

**C.**     **You** and **Your** - Shall refer to Defendant(s) collectively, unless specifically noted, and all parties acting on its behalf, including, but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities, associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters, independent claims adjusters, or attorneys.

**D.**     **Identify** - When asked to "identify" a natural person, please provide: (a) the person's full name, (b) current or last known home address and telephone number, (c) current or last known

business address and telephone number, (d) birth date, (e) social security number, (f) current or last known place of employment, and (g) job title or description.

When asked to "identify" a corporation or other business entity, please provide: (a) the full name of the entity, (b) the type of entity, (e.g. partnership, limited partnership, corporation), (c) the state of formation or incorporation, (d) the date of formation or incorporation, (e) the principal business address and telephone number, and (f) the principal business address (if any) within the State of Louisiana.

When asked to "identify" a document or any thing, please provide: (a) the title and date of each such document, (b) the name and address of the person or persons responsible for the preparation as to each such document, (c) the name and address of the person who requested or required the preparation or on whose behalf it was prepared, (d) the name and address of the recipient of each such document, (e) the present location of any and all copies of each such document, and (f) the names and addresses of any and all persons who have custody or control of each such documents or copies thereof; provided, however, that such identification is not required as to any document which you produce pursuant to the Request for Production of Documents propounded contemporaneously herewith.

E. **Privilege** - If a privilege is claimed over any document, (as "document" is defined above), please provide: (a) the identity of the author of the document, (b) the identity of the recipient of the document, (c) the date that the document was prepared, (d) a brief description of the document, and (e) the basis upon which the privilege is claimed, including the statute, rule or decision upon which the claim of privilege is based.

F.      The terms **"and"** and **"or"** and **"and/or"** shall be construed broadly and expansively as "and/or", and shall not be construed to limit the documents or information sought in any manner.

## INTERROGATORIES

**NOW**, through undersigned counsel, come Plaintiffs, who, pursuant to the Federal Rules of Civil Procedure, hereby propound the following interrogatories, to be answered fully, within legal delays, in writing, under oath, and to be amended and supplemented on a continuing basis:

### INTERROGATORY NO. 1:

Please identify each and every person who ever communicated with Plaintiffs or who did anything relating to Plaintiffs' claim as identified in the Complaint.

### INTERROGATORY NO. 2:

Please state the amount of any reserve established by you or by any other insurance carrier of which you are aware, relative to this claim, either directly or indirectly.

### INTERROGATORY NO. 3:

If at the time that you received notice of the claim tendered by Plaintiffs made the subject of this proceeding and anytime thereafter, you maintained any manual, protocol, instruction booklet, or similar writing setting forth your procedures for the investigation and/or evaluation of such claims, please identify:

(a) The name or title of any such manual, protocol, instruction sheet, or other writing;

(b) The name, business address, and telephone number of any person known to you who participated in assembling such manual, protocol, instruction sheet, or other writing;

(c) The name, business and residence address, and telephone number of the present custodian of any manual, protocol, instruction sheet, or other writing;

(d) Whether, to the best of your knowledge, information and belief the person(s) assigned to adjust the subject claim, or the person(s) who assisted with the adjustment of the subject claim complied with the provisions of such manual, protocol, instruction sheet, or other writing; and

(e) If said person(s) did not comply with such provisions, please set forth the

specific provision with which he/she did not comply and identify the reasons known to you that he/she did not do so.

**INTERROGATORY NO. 4:**

If you conducted any investigation or evaluation of the factual basis of the claim of Plaintiffs made the subject of this proceeding, please further set forth:

(a) The date(s) that each such investigation or evaluation was conducted and concluded;

(b) Each and every step taken by you to investigate or evaluate the factual basis of said claim;

(c) Whether such investigation or evaluation is reflected in any written or recorded document or medium; and

(d) The identity of the present custodian of any document or electronic storage medium identified in your answer to the foregoing subpart of this interrogatory.

**INTERROGATORY NO. 5:**

Please state whether, in your investigation or evaluation of the facts, which form the basis of the claim of Plaintiffs, you used any independent adjusting firm(s). If your answer is in the affirmative, please further set forth:

(a) The identity of each such independent adjusting firm;

(b) The identity of all persons within each independent adjusting firm associated with Plaintiff's claim; and

(c) Any and all instructions, whether written, electronic, or oral, given to the independent adjusting firm(s).

**INTERROGATORY NO. 6:**

Please state whether, in your investigation or evaluation of the facts, which form the basis of the claim of Plaintiffs, you obtained any statements in any form, from any person, regarding

5

the subject matter of the claim or any facts relating thereto. If your answer is in the affirmative, please further set forth:

    (a)    The identity of the person who gave such statement;

    (b)    The date upon which such statement was taken;

    (c)    The identity of the person who took such statement;

    (d)    The type of statement, whether oral, written, and/or recorded; and

    (e)    The identity of the present custodian of any statement referred to by you in your answers to the foregoing sub-parts of this interrogatory.

**INTERROGATORY NO. 7**:

Please identify the cause(s) of loss to all of Plaintiffs' insured property, both movable and immovable, as you understand it.

**INTERROGATORY NO. 8**:

Do you contend that any act or omission on the part of the Plaintiffs or any person acting on their behalf in any way affected your ability to conduct an adequate investigation or evaluation of this claim? If your answer is in the affirmative, please further set forth:

    (a)    Each and every act or omission which you claim affected your ability to conduct an adequate investigation or evaluation of Plaintiffs' claim;

    (b)    Exactly how you allege that each such alleged act or omission affected your ability to conduct an adequate investigation or evaluation of Plaintiffs' claim;

    (c)    The identity of any person known to you who possesses or claims to possess knowledge of any fact regarding each such alleged act or omission; and

    (d)    The steps you took, if any, to investigate the claim notwithstanding each such alleged act or omission.

**INTERROGATORY NO. 9**:

With regard to the preceding interrogatories, state the following:

    (a)    Identify by name, address, employment, and position, all persons who furnished

     any part of the information relating in any way to your answers to these interrogatories;

(b) State in detail what information each person contributed or furnished, and for each, specify whether said information was orally communicated or written and to whom this information was communicated; and

(c) Identify any and all documents relied upon, referred to or related in any way with the information contained in the answers to these interrogatories.

**INTERROGATORY NO. 10:**

Please identify and set forth the date and amount of each and every payment made to Plaintiffs for the damages that occurred at the Property which is the subject of this litigation as a result of Hurricane Katrina's landfall on August 29, 2005.

**INTERROGATORY NO. 11**:

Please set forth with specificity the basis for your denial of any and all aspects of insurance coverage in connection with the claim made the subject matter of this lawsuit.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**AND NOW**, pursuant to the Federal Rules of Civil Procedure, Plaintiffs respectfully request that, within legal delays, you please make available, for inspection and copying, the following documents, at mover's office, located at 4821 Prytania Street. New Orleans, Louisiana, 70115 at mover's expense, and to amend and/or supplement responses on a continuing basis.

Furthermore, if a privilege not to answer is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim. If a refusal to answer a Request for Production of Documents is stated on the grounds of burdensomeness, identify the number and nature of documents needed to be searched, the location of the documents, and the number of person hours and costs required to conduct the

7

search. If any Request for Production of Documents cannot be answered in full, answer to the extent possible and specify reasons for your inability to answer further.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a ***certified copy*** of your claim file for the Property which includes, but is not limited to the following: all policies of insurance, reinsurance contracts, notices, proof of loss, photographs, records, diaries, recordings, notes, memoranda, meeting minutes, correspondence, letters, electronic mail (both sent and received) and/or other communications, writings, reports, appraisals, investigations, evaluations, recommendations, accounts, statements (both recorded and written), and or any other documentary materials relating to the Property, regardless of physical characteristics or form.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all photographs, videos, tapes, recordings, microfilm, electronic data or other record that purports to show, depict or otherwise relates to the Property, regardless of whether taken and/or prepared by or for Republic Fire and Casualty and/or used by or for Republic Fire and Casualty before, during or after the damage occurred to the Property as a result of Hurricanes Katrina and/or Rita and regardless of whether in printed, graphic, electronic and/or audio recording format.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of <u>all</u> reports prepared, created or issued by any expert, organization, business or individual who inspected, investigated or evaluated the Property located at 5847 Marais Street, New Orleans, LA, 70117, regardless of whether prepared for or by Republic Fire and Casualty and/or used for or by Republic Fire and Casualty before, during or after the damage occurred to the Property as a result of Hurricanes Katrina and/or Rita and

regardless of whether in written, printed, graphic and/or in electronic and/or audio recording format and regardless of whether used or unused.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce ***certified copies*** of any and all policies of insurance that cover, apply or relate to the Property, including, but not limited to, any and all documents, records, memoranda, correspondence, writings, reports, investigations, recommendations, advisements or other materials, and/or any type of reproduction thereof that relate to or concern the insurance coverage of the Project, regardless of physical form or characteristics, including, but not limited to, written, printed, graphic and/or in electronic and/or in audio recording format.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all underwriting manuals or guidelines regarding and/or including premium setting information, including but not limited to the policy, application, amendments, letters, and memoranda.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all claims handling manuals or guidelines, including additions, deletions and other revisions from previous versions and any other materials used to train claims handlers for use in handling claims following Hurricanes Katrina and/or Rita.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any personnel files of employees involved in premium or rate setting, and processing, payment, or denial of claims, including but not limited to information on training, merit-based promotions or demotions, and reprimands.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any investigative reports, including any videos and photos, not included in the claim file.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any information regarding loss reserves, including but not limited to letters, charts, tables, e-mails, and memoranda.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce your document retention policy and document retention instructions given to agents and independent contractors.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any marketing materials and advertisements concerning the coverage purchased by Barbara Kimble.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all engineering reports obtained, including but not limited to building, mechanical, technical, and construction reports, both used and unused, in determining coverage for the subject loss.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all adjuster reports, including drafts and notes, or other documents evidencing any information relied upon in the adjustment of Plaintiffs' claim, including but not limited to reports or documents concluding a peril other than water, flood, or storm surge was the cause of loss to property covered by you within a 1-mile radius of Plaintiffs' property.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all copies of checks issued for expert reports both used and unused by you in determining coverage and/or premium setting.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all copies of each and every document relating to each alleged act or omission on the part of the Plaintiffs or any person acting on their behalf in any way affecting your investigation or evaluation of Plaintiffs' claim.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any agreement, treaty or insurance protocol by which any reinsurers, co-insurers or any other entity has been, or may be, responsible for all, or part of, the claim made in this case.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all indemnity or insurance agreement(s) under which any person or entity may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse anyone for payments made to satisfy a judgment in this cause.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any documents relating to this claim by any reinsurer.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all documents referenced in or relied upon in your responses to Plaintiffs' Interrogatories.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding by telephonic facsimile transmission and by placing a copy in the United States Mail, first class postage prepaid and properly addressed this 18 day of January, 2007.

_____
SCOTT G. WOLFE

Respectfully Submitted,

_____
Scott G. Wolfe, Jr. (Bar Roll 30122)
THE WOLFE LAW OFFICES, L.L.C.
4821 Prytania Street
New Orleans, LA 70115
P: 504-894-9653
F: 866-761-8934
Attorney for Plaintiff