UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA KIMBLE | CIVIL ACTION NO.: 06-4800 |
| Plaintiff | |
| | SECTION: "R"(5) |
| VERSUS | |
| | JUDGE: HON. SARAH S. VANCE |
| REPUBLIC FIRE AND CASUALTY | |
| Defendant | MAGISTRATE: HON. ALMA L. CHASEZ |

## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes defendant, Republic Fire And Casualty Insurance Company (hereinafter, "Republic"), and responds to plaintiff's *Interrogatories and Requests for Production of Documents and Things*, as follows:

### INTERROGATORY NO. 1:

Please identify each and every person who ever communicated with Plaintiffs or who did anything relating to Plaintiffs' claim as identified in the Complaint.

### ANSWER TO INTERROGATORY NO. 1:

Republic objects to Interrogatory No. 1, as such request is overbroad, vague, and ambiguous. Republic is unaware of each and every individual who may or may not have communicated with plaintiff, and/or did anything related to plaintiff's claim. As such, Republic is unable to adequately respond to said *Interrogatory*. Upon sufficient specification and narrowing of said request, Republic will respond as appropriate.

Subject to this objection, *see* Republic's *Initial Disclosure #1*, previously provided to plaintiff.

### INTERROGATORY NO. 2:

Please state the amount of any reserve established by you or by any other insurance carrier of which you are aware, relative to this claim, either directly or indirectly.

### ANSWER TO INTERROGATORY NO. 2:

Republic objects to Interrogatory No. 2, as such request seeks information which is irrelevant to the subject litigation, and as such, unlikely to lead to the discovery of admissible evidence. Additionally, said Interrogatory requests information which is privileged, as confidential, sensitive propriety information.

### INTERROGATORY NO. 3:

If at the time that you received notice of the claim tendered by Plaintiffs made the subject of this proceeding and anytime thereafter, you maintained any manual, protocol, instruction booklet, or similar writing setting forth your procedures for the investigation and/or evaluation of such claims, please identify:

(a)   The name or title of any such manual, protocol, instruction sheet, or other writing;

(b) The name, business address, and telephone number of any person known to you who participated in assembling such manual, protocol, instruction sheet, or other writing;

(c) The name, business and residence address, and telephone number of the present custodian of any manual, protocol, instruction sheet, or other writing;

(d) Whether, to the best of your knowledge, information and belief the person(s) assigned to adjust the subject claim, or the person(s) who assisted with the adjustment of the subject claim complied with the provisions of such manual, protocol, instruction sheet, or other writing; and

(e) If said person(s) did not comply with such provisions, please set forth the specific provision with which he/she did not comply and identify the reasons known to you that he/she did not do so.

## ANSWER TO INTERROGATORY NO. 3:

Republic objects to Interrogatory No. 3 as said request seeks information which is irrelevant to the subject litigation, and, as such, unlikely to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 4:

If you conducted any investigation or evaluation of the factual basis of the claim of Plaintiff's made the subject of this proceeding, please set forth:

(a) The date(s) that each such investigation or evaluation was conducted and concluded;

(b) Each and every step taken by you to investigate or evaluate the factual basis of said claim;

(c) Whether such investigation or evaluation is reflected in any written or recorded document or medium; and

(d) The identity of the present custodian of any document or electronic storage medium identified in your answer to the foregoing subpart of this interrogatory.

**ANSWER TO INTERROGATORY NO. 4:**

Republic objects to Interrogatory No. 4, as such request is overbroad, vague, and ambiguous. The terms "investigation" and/or "evaluation" is not sufficiently described, so that Republic may adequately respond to said request. Additionally, Republic objects to this request, as Interrogatory No. 4 seeks information which is privileged and undiscoverable, pursuant to Federal Rule of Civil Procedure Article 26, under work product and attorney/client privileges, and information prepared in anticipation of litigation/trial.

Subject to this objection, Republic asserts the following:

(a) Plaintiff's request in subsection (a) of Interrogatory No. 4 is overbroad, vague, and ambiguous, as plaintiff's claim has been assessed since Republic was notified of the subject loss resulting from Hurricane Katrina. Subject to this additional objection, Republic asserts that an initial inspection of plaintiff's property, located at 6301 Marais Drive, New Orleans, Louisiana, was conducted by a representative from IAS Claim Services on October 21, 2005. A supplemental inspection of said property was conducted by the same representative of IAS Claim Services on March 22, 2006. Review and analysis of plaintiff's claim is ongoing.

(b) Plaintiff's request in subsection (b) of Interrogatory No. 4 is overbroad, vague, and ambiguous. Republic is unable to regurgitate each and every step that it has taken with regard to the adjustment, evaluation, and investigation of plaintiff's

claim. Subject to this objection, Republic provides a copy of the entire claims file, including, but not limited to, adjuster's notes, correspondence, emails, etc. that it has in its possession regarding the instant claim. A copy of the claim file has been previously provided and attached as Exhibit "A" to Republic's *Initial Disclosures(B)(1)*, with attached *Privilege Log.*

(c) *See* response to Interrogatory No. 4(b).

(d) Plaintiff's request in subsection (d) to Interrogatory No. 4 is overbroad, vague, and ambiguous. Republic asserts that it is not aware of each and every individual, who may possess a document, which may be related, in any way, to the instant claim. Subject to this objection, Republic Fire and Casualty Insurance Company, 5525 LBJ Freeway, Dallas, Texas ; and Jay M. Lonero, 3850 North Causeway Boulevard, Suite 1100, Metairie, Louisiana 70002 possess copies of the claim file with regard to the instant claim.

## INTERROGATORY NO. 5:

Please state whether, in your investigation or evaluation of the facts, which form the basis of the claim of Plaintiff's, you used any independent adjusting firm(s). If your answer is in the affirmative, please further set forth:

(a) The identity of each such independent adjusting firm;

(b) The identity of all persons within each independent adjusting firm associated with Plaintiff's claim; and

(c) Any and all instructions, whether written, electronic, or oral, given to the independent adjusting firm(s).

### ANSWER TO INTERROGATORY NO. 5:

Republic objects to Interrogatory No. 5, as such request is vague and ambiguous. Plaintiff has not sufficiently defined "independent adjusting firm", so that Republic may appropriately respond to said request. Subject to this objection, Republic asserts the following:

(a) Republic assigned the instant claim to IAS Claim Services, 5637 Galleria, Suite 202, Baton Rouge, Louisiana 70816.

*(b)* Plaintiff's request in subsection (b) to Interrogatory No. 5 is overbroad, vague, and ambiguous. Plaintiff has not described, with sufficient specificity, the term "associated with", such that Republic can appropriately respond to such request. Likewise, Republic is unaware of each and every individual who is "associated" with plaintiff's claim, after the initial assignment by Republic. Subject to this objection, Republic asserts that the following representatives from IAS Claim Services are persons who appear to have provided some service and/or communication with regard to the instant claim: Brent Conerly, Gordon Gauthreaux, and Darlene Torres. Republic reserves the right to supplement this response as appropriate. See also *Initial Disclosures (A)(8), (9), and (10),* previously provided by Republic.

### INTERROGATORY NO. 6:

Please state whether, in your investigation or evaluation of the facts, which form the basis of the claim of Plaintiff's, you obtained any statements in any form, from any person, regarding the subject matter of the claim or any facts relating thereto. If your answer is in the affirmative, please further set forth:

(a) The identity of the person who gave such statement;

(b)  The date upon which such statement was taken;

(c)  The identity of the person who took such statement;

(d)  The type of statement, whether oral, written, and/or recorded; and

(e)  The identity of the present custodian of any statement referred to by you in your Answers to the foregoing sub-parts of this interrogatory.

**ANSWER TO INTERROGATORY NO. 6:**

In response to subsections (a) through (d) to Interrogatory No. 6, Republic asserts that ongoing interaction was conducted between it and plaintiff and other potential service providers, attorneys, etc. during the adjustment process to gather information regarding plaintiff's alleged loss. Results of many conversations and/or contacts with plaintiff, service providers, attorneys, etc., was likely recorded on paper, in the form of adjuster's notes. A copy of adjuster's notes has been previously provided as Exhibit "A" to *Initial Disclosures(B)(1),* with attached *Privilege Log*. No additional statements have been taken by Republic.

(e)  *See* response to Interrogatory No. 4(d).

**INTERROGATORY NO. 7:**

Please identify the cause(s) of loss to all of Plaintiff's insured property, both movable and immovable, as you understand it.

**ANSWER TO INTERROGATORY NO. 7:**

Republic objects to Interrogatory No. 7, as such request is overbroad, and insufficiently limited in scope so as to allow Republic to appropriately respond. Subject to this objection, Republic asserts that plaintiff's property was flooded. As such, most of the damages to plaintiff's property were not a result of wind-related conditions and/or was not determined a "covered" loss under the existing policy of insurance issued in favor of plaintiff by Republic.

IAS Claims Services was assigned by Republic to estimate damages to plaintiff's home. IAS Claim Services did not, nor did Republic request, an inventory of each and every piece of movable and immovable property, owned by plaintiff, be categorized and/or identified as "covered" versus "uncovered" losses under the existing policy of insurance. As such, the estimates provided by IAS only reflect damages, which are related to wind-related conditions and/or other conditions, which are "covered" losses under the existing policy of insurance. *See* Exhibit "A" to *Initial Disclosure (B)(1)(f) and (B)(1)(g)* and attached *Privilege Log,* previously provided by Republic.

### INTERROGATORY NO. 8:

Do you contend that any act or omission on the part of the Plaintiffs or any person acting on their behalf in any way affected your ability to conduct an adequate investigation or evaluation of this claim? If your answer is in the affirmative, please further set forth:

- (a) Each and every act or omission which you claim affected your ability to conduct an adequate investigation or evaluation of Plaintiffs' claim;
- (b) Exactly how you allege that each such alleged act or omission affected your ability to conduct an adequate investigation or evaluation of Plaintiffs' claim;
- (c) The identity of any person known to you who possesses or claims to possess knowledge of any fact regarding each such alleged act or omission; and
- (d) The steps you took, if any, to investigate the claim notwithstanding each such an alleged act or omission.

### ANSWER TO INTERROGATORY NO. 8:

Discovery is in its infancy. As such, Republic is unable to presently determine each and every act and/or omission of plaintiff, which may or may not have affected the extent of damage

suffered to their property, or may or may not have affected Republic's ability to conduct an adequate investigation and/or evaluation of the instant claim. Additionally, plaintiff has not responded to discovery requests propounded by Republic. As such, Republic's knowledge and evaluation of plaintiff's acts and/or omissions is extremely limited. Upon receipt of said information, to be provided in plaintiff's discovery responses, and through further case investigation, Republic will supplement the response to *Interrogatory No. 8* as necessary.

**INTERROGATORY NO. 9:**

With regard to the preceding interrogatories, state the following:

(a)  Identify by name, address, employment, and position, all persons who furnished any part of the information relating in any way to your answers to these interrogatories;

(b)  State in detail what information each person contributed or furnished, and for each, specify whether said information was orally communicated or written and to whom this information was communicated; and

(c)  Identify any and all documents relied upon, referred to or related in any way with the information contained in the answers to these interrogatories.

**ANSWER TO INTERROGATORY NO. 9:**

Republic objects to Interrogatory No. 9, as such request is overbroad, unduly burdensome, and not sufficiently limited in scope, so that Republic may appropriately respond. Republic is not aware of each and every individual who may have furnished any information relating to this claim, including information in the claims file, and/or responses to these interrogatories. Subject to this request, however, Republic refers plaintiff to Republic's response to *Initial Disclosure* #1. Additionally, Jay M. Lonero, 3850 North Causeway Boulevard, Suite

1100, Metairie, Louisiana 70002; and Linnette C. Goodly, 3850 North Causeway Boulevard, Suite 1100, Metairie, Louisiana 70002, counsel of record for Republic, have furnished information in response to the instant Interrogatories.

### INTERROGATORY NO. 10:

Please identify and set forth the date and amount of each and every payment made to Plaintiffs for the damages that occurred at the Property which is the subject of this litigation as a result of Hurricane Katrina's landfall on August 29, 2005.

### ANSWER TO INTERROGATORY NO. 10:

Republic objects to Interrogatory No. 10, as such request is overbroad, and not sufficiently limited in time and/or scope, so that Republic may adequately respond. Republic is not aware of any amount of any payment made to plaintiff by any and all entities, persons, etc., other than Republic Fire and Casualty Insurance Company. Subject to this objection, Republic responds to Interrogatory No. 10 as follows:

1. **Dwelling** Payment to Barbara Kimble by Republic
   Check No.:    0006240411
   Date issued:  12-2-05
   Amount:       **$10,020.78**

2. **ALE** Payment to Barbara Kimble by Republic
   Check No.:    0006258973
   Date issued:  3-24-06
   Amount:       **$2,000.00**

3. **Dwelling** Payment to Barbara Kimble by Republic
   Check No.:    0006258972
   Date issued:  3-24-06
   Amount:       **$40,468.97**

### INTERROGATORY NO. 11:

Please set forth with specificity the basis for your denial of any and all aspects of insurance coverage in connection with the claim made the subject matter of this lawsuit.

**ANSWER TO INTERROGATORY NO. 11:**

Republic pleads the policy of insurance, bearing policy number, FI 13077132, as the basis for denial of coverage to property, which was not a "covered loss" under the subject policy of insurance. Plaintiff's property was engulfed with flood waters, which damaged a significant portion of plaintiff's property. Damage caused by flooding is not a "covered loss" under the relevant policy of insurance.

Additionally, and as previously stated, IAS Claims Services was assigned by Republic to estimate damages to plaintiff's home. IAS Claim Services did not, nor did Republic request, an inventory of each and every piece of movable and immovable property, owned by plaintiff, be categorized and/or identified as "covered" versus "uncovered" losses under the existing policy of insurance. As such, the estimates provided by IAS only reflect damages, which are related to wind-related conditions and/or other conditions, which are "covered" losses under the existing policy of insurance. *See* Exhibit "A" to *Initial Disclosures (B)(1)(f)* and *(B)(1)(g)* with attached *Privilege Log*, previously provided by Republic.

Republic respectfully reserves the right to supplement this response as deemed necessary.

**REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

And further, defendant, Republic Fire And Casualty Insurance Company, submits the following in responses to plaintiff's *Request for Production of Documents and Things*:

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a certified copy of your claim file for the Property which includes, but is not limited to the following: all policies of insurance, reinsurance contracts, notices, proof of loss, photographs, records, diaries, recordings, notes, memoranda, meeting minutes, correspondence, letters, electronic mail (both sent and received) and/or other communications,

writings, reports, appraisals, investigations, evaluations, recommendations, accounts, statements (both recorded and written), and or any other documentary materials relating to the Property, regardless of physical characteristics or form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Republic object to Request for Production No. 1, as such request seeks information which is privileged, and thereby, undiscoverable, pursuant to Federal Rule of Civil Procedure Article 26, on the grounds of work-product and attorney/client privileges, and information obtained in anticipation of litigation/trial. Subject to this objection, please *see* Exhibit "A" to *Initial Disclosure (B)(1)*, with attached *Privilege Log*, previously provided by Republic.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all photographs, videos, tapes, recordings, microfilm, electronic data or other record that purports to show, depict or otherwise relates to the Property, regardless of whether taken and/or prepared by or for Republic Fire and Casualty and/or used by or for Republic Fire and Casualty before, during or after the damage occurred to the Property as a result of Hurricanes Katrina and/or Rita and regardless of whether in printed, graphic, electronic and/or audio recording format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Republic object to Request for Production No. 1, as such request seeks information which is privileged, and thereby, undiscoverable, pursuant to Federal Rule of Civil Procedure Article 26, on the grounds of work-product and attorney/client privileges, and information obtained in anticipation of litigation/trial. Subject to this objection, please *see* Exhibit "A" to *Initial Disclosure (B)(1)*, with attached *Privilege Log*, previously provided by Republic.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of reports prepared, created or issued by any expert, organization, business or individual who inspected, investigated or evaluated the Property located at 5847 Marais Street, New Orleans, LA, 701 17, regardless of whether prepared for or by Republic Fire and Casualty and/or used for or by Republic Fire and Casualty before, during or after the damage occurred to the Property as a result of Hurricanes Katrina and/or Rita and regardless of whether in written, printed, graphic and/or in electronic and/or audio recording format and regardless of whether used or unused.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Republic objects to Request for Production No. 4, as such request is overbroad, and not sufficiently limited in time and/or scope, such that Republic may adequately respond. Republic is not aware of each and every "expert", who may have conducted an inspection or evaluation of the subject property. Additionally, Republic asserts that the subject property is not located at 5847 Marais Street, New Orleans, Louisiana, as suggested by plaintiff. The subject property is located at 6301 Marais Street, New Orleans, Louisiana. Further, Republic objects to Request for Production No. 4, as such request seeks information which is privileged, and thereby, undiscoverable, pursuant to Federal Rule of Civil Procedure Article 26, on the grounds of work-product and attorney/client privileges, and information obtained in anticipation of litigation/trial. Subject to this objection, Republic submits copies of the following report(s) of which it has knowledge and/or possession:

1. **Initial inspection by IAS Claim Services** – See Exhibit "A" to *Initial Disclosures (B)(1)(f)* and related *Privilege Log*, previously provided by Republic.
   Dated:          10-22-05

2.  **Supplemental inspection by IAS Claim Services,** see Exhibit "A" to *Initial Disclosures (B)(1)(g)* and related *Privilege Log*, previously provided by Republic
    Dated:       3-22-06

3.  **Estimate by Wolfman Construction,** see Exhibit "A" to *Initial Disclosures (B)(1)(k)* and related *Privilege Log*, previously provided by Republic.
    Date:         6-29-06

## REQUEST FOR PRODUCTION NO. 4:

Please produce certified copies of any and all policies of insurance that cover, apply or relate to the Property, including, but not limited to, any and all documents, records, memoranda, correspondence, writings, reports, investigations, recommendations, advisements or other materials, and/or any type of reproduction thereof that relate to or concern the insurance coverage of the Project, regardless of physical form or characteristics, including, but not limited to, written, printed, graphic and/or in electronic and/or in audio recording format.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Republic submits a copy of the policy of insurance issued by Republic in favor of plaintiff, Barbara Kimble, bearing Policy No. FI 1307713211. *See* policy of insurance, Exhibit "B" to *Initial Disclosures (B)(2)* and related *Privilege Log*, previously provided by Republic.

## REQUEST FOR PRODUCTION NO. 5:

Please produce any and all underwriting manuals or guidelines regarding and/or including premium setting information, including but not limited to the policy, application, amendments, letters, and memoranda.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Republic objects to Request for Production No. 5, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all claims handling manuals or guidelines, including additions, deletions and other revisions from previous versions and any other materials used to train claims handlers for use in handling claims following Hurricanes Katrina and/or Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Republic objects to Request for Production No. 6, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any personnel files of employees involved in premium or rate setting, and processing, payment, or denial of claims, including but not limited to information on training, merit-based promotions or demotions, and reprimands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Republic objects to Request for Production No. 7, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any investigative reports, including any videos and photos, not included in the claim file.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Republic objects to Request for Production No. 8, as such request is overbroad, vague, and ambiguous, and not sufficiently limited in time and/or scope, such that Republic may adequately respond. The term "investigative report" is not sufficiently defined such that Republic can adequately respond to said request. Additionally, Republic objects to Request for Production No. 8, as such request seeks information which is privileged, and thereby,

undiscoverable, pursuant to Federal Rule of Civil Procedure Article 26, on the grounds of work-product and attorney/client privileges, and information obtained in anticipation of litigation/trial. Subject to this objection, Republic has nothing to produce in response to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any information regarding loss reserves, including but not limited to letters, charts, tables, e-mails, and memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Additionally, Republic objects to Request for Production No. 9, as such request seeks information which is irrelevant, as any response to said request is unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce your document retention policy and document retention instructions given to agents and independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Republic objects to Request for Production No. 10, as such request is overbroad, vague, and ambiguous, and not sufficiently limited in time and/or scope, such that Republic may adequately respond. The terms "document retention policy" and "document retention instructions" assumes facts not in evidence, and additionally, is not sufficiently defined such that Republic can adequately respond to said request.

Additionally, Republic objects to Request for Production No. 10, as such request seeks information which is privileged, and thereby, undiscoverable, pursuant to Federal Rule of Civil Procedure Article 26, on the grounds of work-product and attorney/client privileges, and information obtained in anticipation of litigation/trial.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any marketing materials and advertisements concerning the coverage purchased by Barbara Kimble.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Republic objects to Request for Production No. 11, as such request is overbroad, vague, and ambiguous, and not sufficiently limited in time and/or scope, such that Republic may adequately respond. The terms "marketing materials" and "advertisements concerning the coverage" assume facts not in evidence, and additionally, is not sufficiently defined such that Republic can adequately respond to said request.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all engineering reports obtained, including but not limited to building, mechanical, technical, and construction reports, both used and unused, in determining coverage for the subject loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Republic has nothing to produce in response to this request. Republic, however, reserves the right to supplement said response as information becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all adjuster reports, including drafts and notes, or other documents evidencing any information relied upon in the adjustment of Plaintiffs' claim, including but not limited to reports or documents concluding a peril other than water, flood, or storm surge was the cause of loss to property covered by you within a 1-mile radius of Plaintiffs' property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Republic refers plaintiff to a copy of the Republic claim file, included and attached as Exhibit "A" to *Initial Disclosure (B)(1)*, and attached *Privilege Log*, previously provided.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all copies of checks issued for expert reports both used and unused by you in determining coverage and/or premium setting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Republic objects to Request for Production No. 14, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all copies of each and every document relating to each alleged act or omission on the part of the Plaintiffs or any person acting on their behalf in any way affecting your investigation or evaluation of Plaintiffs' claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

*See* Republic's *Response to Interrogatory No. 8*.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any agreement, treaty or insurance protocol by which any reinsurers, coinsurers or any other entity has been, or may be, responsible for all, or part of, the claim made in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Republic objects to Request for Production No. 16, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all indemnity or insurance agreement(s) under which any person or entity may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse anyone for payments made to satisfy a judgment in this cause.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Republic objects to Request for Production No. 17, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any documents relating to this claim by any reinsurer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Republic objects to Request for Production No. 18, as such request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all documents referenced in or relied upon in your responses to Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Republic objects to Request for Production No. 19, as such request seeks information, which is undiscoverable and privileged information, pursuant to Federal Rules of Civil Procedure 26. Subject to this objection, Republic refers plaintiff to a copy of the Republic claim file, included and attached as Exhibit "A" to *Initial Disclosure (B)(1),* and attached *Privilege Log*, previously provided.

Respectfully submitted,

**LARZELERE PICOU WELLS
   SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 834-6500
Fax: (504) 834-6565

BY: _/s/ R. Jeffrey Brider_
JAY M. LONERO, T.A. (No. 20642)
   E-mail: jlonero@lpw-law.com
CHRISTOPHER R. PENNISON (No. 22584)
   E-mail: cpennison@lpw-law.com
ANGIE ARCENEAUX AKERS (No. 26786)
   E-mail: aakers@lpw-law.com
JEFFREY BRIDER (No. 01263)
   E-mail: jbridger@lpw-law.com

**ATTORNEYS FOR REPUBLIC FIRE AND
CASUALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties of record by hand delivery, electronic mail, telefacsimile or placing a copy of same in the United States Mail, postage prepaid and properly addressed, this ___18th___ day of June, 2007.

_____