**Westlaw Attached Printing Summary Report for WOLFE,SCOTT 5553768**

Date/Time of Request:          Thursday, June 21, 2007 12:20:00 Central
Client Identifier:             KIMBLE
Database:                      LA-CS-ALL
Citation Text:                 Not Reported in F.Supp.2d
Lines:                         273
Documents:                     1
Images:                        0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1976773 (E.D.La.), 89 Fair Empl.Prac.Cas. (BNA) 1688
**(Cite as: Not Reported in F.Supp.2d)**

Yeager v. Corinthian Colleges, Inc.
E.D.La.,2002.

United States District Court, E.D. Louisiana.
Cheri L. YEAGER
v.
CORINTHIAN COLLEGES, INC., et al
**No. Civ.A.01-3122.**

Aug. 22, 2002.
Aug. 23, 2002.

Terminated employee sued owner of national chain of business colleges, alleging religious, race, and age discrimination. On plaintiff's motion to compel discovery, the District Court, Karen Wells Roby, United States Magistrate Judge, held that: (1) plaintiff did not exceed 25 interrogatory limit, and (2) plaintiff was entitled to discover relevant information about other employees who held position comparable to hers during relevant time period.

Motion granted in part and denied in part.
West Headnotes
**[1] Federal Civil Procedure 170A ⟶1488.1**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(D) Written Interrogatories to Parties
            170AX(D)1 In General
                170Ak1488 Number, Form and Importance
                    170Ak1488.1 k. In General. Most Cited Cases
Plaintiff did not exceed 25 interrogatory limit, though many of plaintiff's requests included several subparts, where subparts did not involve discrete matters. Fed.Rules Civ.Proc.Rule 33(a), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⟶1272.1**

170A Federal Civil Procedure

      170AX Depositions and **Discovery**
         170AX(A) In General
            170Ak1272 **Scope**
               170Ak1272.1 k. In General. Most Cited Cases

Terminated employee of owner of national chain of business colleges, suing for religious, race, and age discrimination, was entitled to discover relevant information about other employees who held position comparable to hers during relevant time period.

ROBY, Magistrate J.

**\*1** On June 21, 2002, the plaintiff, Cheri L. Yeager, filed a Motion to Compel Discovery Responses (doc. # 9) requesting that the defendant, Corinthian Colleges (?Corinthian?) be compelled to provide responses to her discovery requests propounded on April 20, 2002. Corinthian opposes the motion.

### I. *Background*

The plaintiff, a 49 year old African-American woman, has filed the instant employment discrimination suit against Corinthian contending that Corinthian discriminated against her due to her religious beliefs, race and age. Corinthian owns and operates 65 business colleges throughout the United States. The plaintiff, a practicing Evangelical Christian who attends the Covenant Church, was hired by Corinthian on October 12, 1999 as the Director of Admissions at Bryman College, Corinthian's New Orleans campus. Although the plaintiff's immediate supervisor was Midge Jacobson, the President of Bryman College, the plaintiff alleges that she also reported to John Buck, Regional Operations Manager for Corinthian's Eastern District, and Michael Stiglich, the Regional Director of Admissions. The plaintiff alleges that Buck supervises the Directors of Admissions for each of Corinthian's schools nationwide.[FN1]

> FN1. The Court notes that the plaintiff contends that Mr, Buck is the Corporate Vice President of Admissions, however, he states that he does not hold such title and never has. He also states that he has never supervised any Director's of Admissions and did not supervise the plaintiff. *See* Rec. Doc. No. 10, Corinthians Memo in Opposition to Motion to Compel, Exh. 3.

While working for Corinthian, the plaintiff occasionally held voluntary prayer meetings during her lunch break. On September 22, 2000, the plaintiff alleges that she received a memo from Mrs. Jacobson which indicated that it was against Corinthian policy to hold such prayer meetings. Two weeks later, the plaintiff objected to Mrs. Jacobson's memo and stated that she had a legal right to hold such voluntary meetings in the workplace during break periods.

On November 1, 2000, the plaintiff was evaluated by Mrs. Jacobson in an Annual Performance Review. The plaintiff alleges that for the first time since she began employment with Corinthian, she received a poor evaluation.[FN2] She claims to have received ratings of ?inadequate? in 12 of 13 job categories applicable to all employees and ratings of ?inadequate? in 9 of 10 categories applicable to managers. One week later, the plaintiff was placed on a Performance Improvement Plan and placed on probation in order to address the need for immediate improvement.

> FN2. The Court notes that in March and May 2000, prior to this evaluation, Mrs. Jacobson noted the plaintiff had been engaging in unacceptable behavior. *See* Rec. Doc. No. 10, Corinthians Memo in Opposition to Motion to Compel, Exh. 1, 2.

The plaintiff claims that the Performance Improvement Plan set unattainable goals in order to justify her termination or to force her to resign involuntarily. She claims that several of the Directors of Admissions of Corinthian's campuses nationwide received similar or worse performance results but were not placed on such performance plans. She claims that despite having performed better than a number of Corinthian's Director of Admissions, she was terminated on January 5, 2001 for deficient performance.

The plaintiff filed suit against Corinthian on October 16, 2001. On April 20, 2002, she propounded her First Set of Interrogatories and Request for Production of Documents upon Corinthian. In her discvoery requests, the plaintiff seeks information relative to the Directors of Admissions at Corinthian's other campuses nationwide.

**\*2** The plaintiff filed the instant motion claiming that Corinthian has objected to responding to several of her requests as seeking information pertaining to employees who are not ?similarly situated? to the plaintiff. She contends that although the trial court may rule on the admissibility of such comparative evidence at trial, such information is

relevant and should be produced during the discovery phase. She further contends that if Corinthian does not produce this information, she will be unfairly prejudiced as she will be unable to discover comparative evidence that may lead to admissible evidence.

Corinthian opposes the motion contending that the plaintiff has violated the **Federal Rules** of **Civil Procedure** in propounding 109 Interrogatories and 120 document requests, including subparts. It also contends that as the plaintiff is not similarly situated to its other Director's of Admissions who did not work under Mrs. Jacobson's supervision, her requests are not reasonably calculated to lead to the **discovery** of admissible evidence. It further contends that because it has campuses nationwide, the plaintiff's requests are unduly burdensome.

II *Analysis*

A. *25 Interrogatory Limit*

[1] Rule 33(a) of the **Federal Rules** of **Civil Procedure** makes it clear that every interrogatory served, including any discrete subparts, shall be counted against the numerical limit of interrogatories to be served. Rule 33(a) provides that ?without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served ...? Although Rule 33(a) states that ?discrete subparts? should be counted as separate interrogatories, it does not define that term.

Interrogatories often contain subparts. However, the extensive use of subparts could defeat the purposes of the numerical limit contained in Rule 33(a) by rendering it meaningless unless each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic. *Williams v. Bd. Of County Commissioners of the Unified Govt. of Wyandotte County,* 192 F.R.D. 698, 701 (D.Kan.2000).

The Advisory Committee addressed this issue and provided some guidance as to when subparts should count as separate interrogatories:
Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as ?subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

**\*3** *Id.* (citing Advisory Committee Note, 146 F.R.D. 401, 675-676 (Fed.1993)).

Here, although a number of the plaintiff's requests include several subparts, the Court is not of the opinion that they involve ?discrete? matters. Thus, Corinthian's objections as to the number of **discovery** requests propounded by the plaintiff is overruled.

B. *Relevancy*

The **discovery** rules are accorded a broad and liberal treatment in order to affect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). As a result, relevancy is broadly construed and a request for **discovery** should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the **discovery** of admissible evidence. *See* Fed.R.Civ.P. **26(b)(1)**; FN3 *Beach v. City of Olathe,* 2000 WL 960808, \*2 (D.Kan.2000). Thus, a request for **discovery** should be allowed ?unless it is clear that the information sought can have no possible bearing on the subject matter of the action.? *Beach,* 2000 WL at \*2.

> FN3. Rule **26(b)(1)** of the **Federal Rules** of **Civil Procedure** provides that the **scope** of **discovery** includes any matter, not privileged, that is relevant to the subject matter involved in the pending action. The range of relevant matters is broad and may be related to ?the claim or defense of the party seeking **discovery** or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any **discoverable** matter.? Fed.R.Civ.P. **26(b)(1)**. Relevant information need not be admissible at the trial if the **discovery** appears reasonably calculated to lead to the **discovery** of admissible evidence. *Id.; Butler v. Rigsby,* 1998 WL 164857, \*2 (E.D.La.1998).

When the **discovery** sought appears relevant, the party resisting the **discovery** has the burden to establish the lack of relevance by demonstrating that the requested **discovery** (1) does not come within the broad **scope** of relevance as defined under Fed.R.Civ.P. **26(b)(1)**, or (2) is of such marginal relevance that the potential harm occasioned by **discovery** would outweigh the ordinary presumption in favor of broad disclosure. *Id.*

Having set forth the standard applicable to the instant motion, the Court will proceed with its review of the challenged responses.[FN4]

> FN4. The Court notes that Corinthian has raised issues of ?same actor inference,? ?lack of jurisdiction,? and ?similarly situated.? However, these issues need not be determined at this stage of the proceedings.

### 1. Interrogatory No. 10

[2] Interrogatory No. 10 requests the name, age, gender, race and location of each employee of Corinthian who held the position of Director of Admissions between October 1999 and January 2002. Corinthian responded by referring the plaintiff to its general objections. It also referenced documents previously produced by the plaintiff which purportedly contain the identities of some or all of the individuals from December 1999 to November 2000.

Neither party has provided the Court with the General Objection referenced by Corinthian or the documents produced by Yeager. Nonetheless, the Court finds that the instant request seeks discoverable facts and should be answered. Thus, Corinthian is to provide responses to this request within 10 days of this order.

### 2. Interrogatory No. 11

Interrogatory No. 11 seeks performance results for the period of November 1999 to October 2000 of other Director's of Admissions employed by Corinthian. Corinthian responded by referring the plaintiff to its general objections and its response to Interrogatory No. 10. The Court finds the instant request seeks discoverable facts and should be answered. Thus, Corinthian is to provide responses to this request within 10 days of this order.

### 3. Interrogatory No. 12

**\*4** Interrogatory No. 12 seeks information pertaining to any Director of Admission placed on a Performance Improvement Plan between November 1998 and January 2002. Corinthian's response to this request was not provided to the Court. Nonetheless, the Court finds that the instant request seeks discoverable facts and should be answered. Thus, Corinthian is to provide responses to this request within 10 days of this order.[FN6]

> FN6. The Court notes that page 8 of the plaintiff's exhibit ?F?, which provides Corinthian's responses, was not attached to the instant motion.

### 4. Interrogatory No. 13

Interrogatory No. 13 seeks information pertaining to any Director of Admission terminated between November 1998 and January 2002. Corinthian's response to this request was not provided to the Court. Nonetheless, the Court finds that the instant request seeks discoverable facts and should be answered. Thus, Corinthian is to provide responses to this request within 10 days of this order.

### 5. Request for Production No. 6

Request for Production No. 6 seeks Corinthian's personnel file for the plaintiff and several other Director of Admissions for Corinthian. Corinthian responded by referring the plaintiff to several general objections. The Court denies the plaintiff's request as to subpart (a), (b), (c), (d), (e), (f), (i), (k), (l), (n) and (o) as irrelevant. However, the Court finds that subparts (g), (h), (j) and (m) are relevant and are to be produced for the Court's *in camera* review within 10 days of this order.

### 6. Request for Production No. 12

Request for Production No. 12 seeks Corinthian Admissions Rankings Reports and Corinthian Regional Activity Reports during November 1998 through January 2002. Corinthian responded by referring the plaintiff to several general objections.

The Court finds that this information is relevant and should be produced subject to the parties entering a protective order. The parties are to enter a protective order as to this request within 10 days of this order. In the event a dispute arises as to the terms of the protective order, the parties are to submit the issue to the Court for resolution.

### 7. Request for Production No. 13

Request for Production Nos. 13 seeks documents justifying the evaluation received by the plaintiff in the Performance Improvement Plan. Corinthian responded by stating that copies of these documents will be provided in the future. The Court finds the instant request seeks discoverable facts and should be answered. Thus, Corinthian is to provide responses to this request within 10 days of this order.

### 8. Request for Production No. 14

Request for Production No. 14 states that if Corinthian used any information in evaluating the plaintiff in its Performance Improvement Plan, produce the same information as it pertains to the other Director's of Admissions for the same period. Corinthian responded to this request by referring the plaintiff to several general objections.

The Court finds that this information is relevant and should be produced subject to the parties entering a protective order. The parties are to enter a protective order as to this request within 10 days of this order. In the event a dispute arises as to the terms of the protective order, the parties are to submit the issue to the Court for resolution.

***5** Accordingly,

IT IS ORDERED that the Motion to Compel Discovery Responses (doc. # 9) is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART as follows:
1) GRANTED as to Interrogatory Nos. 10, 11, 12 and 13 and Request for Production No. 13.
2) GRANTED as to Request for Production Nos. 12 and 14 subject to the parties entering a protective order.
3) DENIED as to Request for Production No. 6(a), (b), (c), (d), (e), (f), (i), (k), (l), (n) and (o).
4) DEFERRED as to Request for Production Nos. 6(g), (h), (j) and (m). Corinthian is to produce the documents responsive to these requests to the Court for *in camera* review within 10 days of this order.

E.D.La.,2002.
Yeager v. Corinthian Colleges, Inc.
Not Reported in F.Supp.2d, 2002 WL 1976773 (E.D.La.), 89 Fair Empl.Prac.Cas. (BNA) 1688

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.