**Westlaw Attached Printing Summary Report for WOLFE,SCOTT 5553768**

| | |
|---|---|
| Date/Time of Request: | Thursday, June 21, 2007 14:20:00 Central |
| Client Identifier: | KIMBLE |
| Database: | LA-CS-ALL |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 282 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22928808 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Woodland v. Nalco Chemical Co.
E.D.La.,2003.
Only the Westlaw citation is currently available.
United States District Court,E.D. Louisiana.
Regina D. WOODLAND
v.
NALCO CHEMICAL COMPANY
**No. Civ.A. 01-3337.**

Dec. 8, 2003.

John Courtney Wilson, J. Courtney Wilson, Attorney at Law, Metairie, LA, Pamela VanBuren, Pamela VanBuren, Attorney at Law, Baton Rouge, LA, for Plaintiff.
Diane Sandra Mitnik, Duncan, Courington & Rydberg, New Orleans, LA, Michael Kevin Springmann, Law Offices of Ronald L. Ronzello, Kenner, LA, Janice Bertucci Unland, Susan Beth Williams, John Joseph Rabalais, Robert Timothy Lorio, Max K. Jones, Jr., David S. Pittman, Amanda Kaye Bishop, Laurie W. Maschek, James C. Arceneaux, IV, Rabalais, Unland & Lorio, Covington, LA, for Defendant.
KNOWLES, Magistrate J.
**\*1** Before the Court are the plaintiff's motions to compel notes of the September 19, 2000 conference and to compel tape transcript. [Rec. Doc. Nos. 95 and 96]. The matter were the subject of an oral hearing before the undersigned Magistrate Judge. Participating were

Courtney Wilson on behalf of the plaintiff Regina Woodland

Paul Harrison on behalf of the defendant Nalco Chemical Company The Motion to Compel Tape Transcription is DISMISSED AS MOOT.[FN1] Plaintiff's motion to compel all notes of the September 19, 2000 telephone conference is denied for the following reasons.

> FN1. *See* Correspondence of Counsel for the Plaintiff, dated December 4, 2003 (advising that the confusion about the tape transcription has been resolved) [attached].

I. Contentions of the Parties

Plaintiff seeks production of all notes taken pursuant to a September 19, 2000 telephone conference conducted by

Nalco's in-house counsel, William ?Bill? Latham, concerning the reduction of force conference and the plaintiff. Plaintiff argues that the defendant has waived any objection to the production of any such notes, claiming that these records were sought in discovery served on July 14, 2003. Plaintiff reminds the Court that a motion to compel was heard on October 22, 2003, the subject of which was: ?All information concerning the elimination of the Preventive Maintenance Department.? At the time of the hearing, the defendant stated that no documents exist. The Court ordered the defendant to supplement its response to so provide. However, when the defendant supplemented its response on October 31, 2003, defendant revealed for the first time that there were some documents which were subject to the claim of privilege, but failed to submit a privilege log.

Citing *Nguyen v. Excel Corp.,* 197 F.3d 200, 206 (5th Cir.1999), *inter alia,* plaintiff asserts that most privileges are waived if not timely asserted and that the failure to object with specificity waives the privilege. Plaintiff submits that, in any event, the burden of showing the applicability of the privilege is on the defendant and that Nalco has waived the privilege by failing to assert it, denying the documents' existence and failing to submit a privilege log particularizing its claim.

Nalco counters that discovery is applicable only to non-privileged documents and that the plaintiff seeks to compel production notes taken pursuant to a telephone conference conducted by Nalco's in-house counsel, which are protected by both the attorney-client and work product privileges. Nalco contends that the tortuous nickle-and-dime course of discovery propounded by the plaintiff has proved challenging, if not impossible, to chronicle, organize and supplement in a manner contemplated by the rules. Nevertheless, Nalco contends that it has done its best to stay abreast of the plaintiff's staccato requests for discovery and that throughout it has objected and continues to object to vague and overly broad discovery requests seeking production of all information, regardless of any privilege that may apply.

Nalco further reminds the Court that, pursuant to the hearing on October 22, 2003 it agreed to make an additional effort to cull through the various department files in an attempt to locate certain documents, including any notes taken in connection with the September 19, 2000 telephone conference. Nalco notes that, at the time of the telephone conference, Latham was not aware that any notes of the discussion were being taken. However, upon further review Nalco discovered three (3) pages of handwritten notes. The plaintiff was then formally and timely advised of the existence of such notes *via* supplemental response pursuant to the Court's order. Additionally, Nalco submitted a privilege log to the plaintiff describing the three-page document which was the subject of its **objection** and withheld under claims of the attorney-client and **work product** privileges.

## II. The Applicable Law

**\*2** Fed.R.Civ.P. 26(b)(1) defines the scope of **discovery** in pertinent part as ?any matter. *not privileged,* which is relevant to the subject matter involved in the pending action? Fed.R.Civ.P. 26(b)(1) (emphasis added). The attorney-client privilege and the **work-product doctrine** are two distinct protections which can be invoked to exempt certain information from **discovery**. Both have been invoked by Nalco and are discussed below.

The attorney-client privilege generally protects confidential communications made by a client to his lawyer for the purpose of obtaining legal advice. A corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services.[FN2] Inquiry into the substance of the client's and attorney's discussions implicates the privilege and an assertion of the privilege is required to preserve it.[FN3] Neither the attorney-client nor the work-product privilege is absolute.[FN4]

> FN2. *Nguyen v. Excel Corporation,* 197 F.3d 200, 206 (5th Cir.1999) (citing *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)).
>
> FN3. *Id.*.
>
> FN4. *Nance v. Thompson Medical Co.,* 173 F.R.D. 178, 181 (E.D.Tex.1997).

The attorney **work-product** privilege first established in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and codified in Fed.R.Civ.P. Rule 26(b)(3) for civil **discovery**, protects from disclosure materials prepared by or for an attorney in anticipation of litigation.[FN5] Since *Hickman, supra,* courts have reaffirmed the

?strong public policy? on which the **work-product** privilege is grounded. The Supreme Court in *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) found that ?it is essential that a lawyer work with a certain degree of privacy? and further observed that if discovery of work product were permitted ?much of what is not put down in writing would remain unwritten? and that ?the interests of clients and the cause of justice would be poorly served.[FN6]

> FN5. *Varel v. Banc One Capital Partners, Inc.,* 1997 WL 86457 (N.D.Tex.) (*citing Blockbuster Entertainment Corp. v. McComb Video, Inc.,* 145 F.R.D. 402, 403 (M.D.La.1992)).

> FN6. *Upjohn,* 449 U.S. at 397-998; *see also In re Grand Jury Proceedings,* 219 F.3d 175, 190 (2nd Cir.2000); *United States v. Aldman,* 134 F.3d 1194, 11967 (2nd Cir.1998).

Fed.R.Civ.P. 26(b)(3) provides that
a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and *prepared in anticipation of litigation* or for trial *by* or *for that other party's representative* (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.[FN7]

> FN7. Fed.R.Civ.P. 26(b)(3) (emphasis added).

Federal law governs the defendant's assertion that the information contained in the notes of the September 19, 2000 telephone conference is protected from disclosure.[FN8]

> FN8. *See Naquin v. Unocal Corp.,* 2002 WL 1837838 *2 (E.D.La.2002) (Wilkinson, M.J.) (*citing Dunn v. State Farm,* 927 F.2d 869, 875 (5th Cir.1991)).

The Fifth Circuit describes the standard for determining whether a document has been prepared in anticipation of litigation as the ?primary purpose? test. *See In Re Kaiser Aluminum and Chemical Co.,* 214 F.3d 586, 593 n. 19 (5th Cir.2000) (*citing* precedents in *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982) and *United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir.1981)). The primary purpose test, coined by the Fifth Circuit in *Davis,* states:
**\*3** It is admittedly difficult to reduce to a neat formula the relationship between the preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the *primary motivating purpose behind the creation of the document* was to aid in possible future litigation.

*Davis,* 636 F.2d at 1039. The determination that one or more of the documents were not prepared by counsel is not necessarily dispositive of the inquiry, as Rule 26(b)(3) protects documents prepared by a party's agent from **discovery**, as long as they were prepared in anticipation of litigation.

In both *Hickman, supra,* the Supreme Court recognized that the ?the **work-product doctrine** is distinct from and broader than the attorney-client privilege.? [FN9] The **doctrine** protects not only materials prepared by a party, but also materials prepared by a representative of a party, including attorneys, consultants, agents, or investigators.[FN10] In *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), the Supreme Court explained:

> FN9. *Hickman,* 329 U.S. at 508; *Nobles,* 422 U.S. at 238 n. 11.

> FN10. *Nobles,* 422 U.S. at 228; *see also* Fed.R.Civ.P. 26(b)(3).

At its core, the **work-product doctrine** shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the **doctrine** is an intensely practical one, grounded in the realities of litigation in our adversarial system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation of trial. It is therefore necessary that the doctrine protect material *prepared by agents for the attorney* as well as those prepared by the

attorney himself.[FN11]

>   FN11. *Nobles,* 422 U.S. at 238-39 (emphasis added).

Absent a showing of *compelling* need *and* the inability to discover the substantial equivalent by other means, work product evidencing mental impressions of counsel, conclusions, opinions and legal theories of an attorney are not discoverable.[FN12] Indeed, opposing counsel may rarely, if ever, use discovery mechanisms to obtain the research, analysis of legal theories, mental impressions, and notes of an attorney acting on behalf of his client in anticipation of litigation.[FN13] Moreover, a document does not lose its privilege status merely because its contains factual information.[FN14] The party asserting a privilege exemption bears the burden of demonstrating its applicability.[FN15]

>   FN12. See *Conkling v. Turner,* 883 F.2d 431, 434-35 (5th Cir.1989); *In Re Grand Jury Proceedings,* 219 F.3d 175, 190 (2nd Cir.2000); *Varel v. Banc One Capitol Partners, Inc.,* 1997 WL 86457 (N.D.Tex.) (Boyle M. J.).
>
>   FN13. See *Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 875 (5th Cir.1991); *Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir.1985).
>
>   FN14. See *High Tech Communications, Inc. v. Panasonic Co.,* 1995 WL 45847 at *6 (E.D.La., Feb.2, 1995).
>
>   FN15. *United States v. Newell,* 315 F.3d 510, 525 (5th Cir.2002).

### III. Analysis

Nalco has shouldered its burden of demonstrating that the notes are protected from disclosure by both the attorney client and the work-product privileges. Defendant asserted the matter was privileged as soon as practical after discovering the existence of the notes and thereafter provided a privilege log to the plaintiff.

This Court's *in camera* review of the notes at issue confirm that they are in fact riddled with questions, comments, advice, theories and mental impressions of Latham and notes of the discussion of corresponding relevant federal laws. Nalco correctly asserts that these notes are the subject of both the attorney-client privilege *and* protected by the work product doctrine, as they concern attorney-client communications and outline the mental processes and thoughts of in-house counsel regarding matters which were potentially the subject of litigation. These notes were made the subject of a privilege log provided to the plaintiff in compliance with Fed. R. Civ. Procedure 26(b)(5) *via* cover letter dated November 26, 2003, referencing plaintiff's Request for Production No. 1 dated July 14, 2003.

**\*4** The Court has reviewed authorities that stand for the proposition that, if a party's objection is inadequate and that party fails to comply with the requirement of Rule 26(b)(5) to provide a privilege log, the protections against the requested discovery are deemed waived.[FN16] However, Nalco did in fact provide a privilege log that sufficiently described the document withheld and the privileges asserted. The ?draconian remedy of waiver? is not warranted under these circumstances.[FN17] This is clearly not a case of failure to object, failure to comply with Rule 26(b)(5) or deliberate delay. In its worst light, this is a case of inadvertence and that is simply not sufficient to waive the privileges claimed.

>   FN16. See *Nance v. Thompson Medical Co.,* 173 F.R.D. 178, 183 (E.D.Tex.1997); *Bordonaro v. Union Carbide Corp.,* 1995 WL 234545, at *2 (E.D.La.) (Duval, J.); *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 594 (W.D.N.Y.1996); *Massachusetts School of Law at Andover, Inc. v. American Bar Association,* 914 F.Supp. 1172, 1178 (E.D.Pa.1996).
>
>   FN17. See *Stevens v. Omega Protein, Inc.,* 2002 WL 1022507, * 3 (E.D.La.) (Wilkinson, M.J.); *Pugh v. J.C. Penney Co., Inc.,* 1997 WL 39283 (E.D.La.) (Wilkinson, M.J.).

Moreover, the Court can hardly ignore the Fifth Circuit's discussion in *Nguyen v. Excel, supra,* finding that the magistrate judge's order exceeded the allowable bounds of discovery, to wit:
The second sentence of the magistrate judge's order permits inquiry into counsels' understanding of defendant's

perceptions, and the third sentence of the order permits inquiry into counsels' opinions. These inquiries are impermissible. An attorney's thoughts are inviolate. Even though an attorney's mental impressions and opinions fall outside of the attorney-client privilege, they also fall outside the arena of **discovery** as their disclosure would contravene the public policy underlying the orderly prosecution and defense of legal claims. In *Hickman v. Taylor,* the Supreme Court addressed whether an attorney's **work product** warranted protection, but offered the rationale for protecting the **work product** was the protection of the attorney's mental impressions and opinions. The magistrate judge recognized as much forbidding inquiry into counsel's **work product** and mental impressions. However, inquiry into counsels' perceptions and opinions was authorized. Such inquiry is inappropriate. Additionally, appellees effectively seek counsels' assessment of Excel's compliance with the law. **Discovery**, however, was hardly intended to enable a learned profession to perform its functions on wits borrowed from the adversary.[FN18]

> FN18. *Nguyen,* 197 F.3d at 210-11 (inner quotation marks, ellipses, and citations omitted).

The same can be said regarding Woodland's request to produce the subject notes of the September 19, 2000 attorney-client telephone conference. More specifically, because disclosure of opposing counsel's mental impressions and theories would contravene public policy, Woodland's request exceeds the allowable bounds of discovery. It is noteworthy that same result would follow applying Louisiana privilege law.[FN19]

> FN19. Article 1424 of the Louisiana Code of Civil Procedure recognizes an *absolute privilege* against the discovery of writing, mental impressions, conclusions or opinions of an expert or any attorney. It provides in pertinent part that ?[t]he court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or expert.? La.Code Civ. P. art. 1424.

Accordingly, for all of the foregoing reasons the Court enters the following orders, to wit:

IT IS ORDERED that the plaintiff's Motion to Compel Notes of the September 19, 2000 Conference is DENIED.

IT IS FURTHER ORDERED that the plaintiff's Motion to Compel Tape Transcription is DISMISSED AS MOOT.

E.D.La.,2003.
Woodland v. Nalco Chemical Co.
Not Reported in F.Supp.2d, 2003 WL 22928808 (E.D.La.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.