UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA KIMBLE | CIVIL ACTION NO.: 06-4800 |
| Plaintiff | |
| VERSUS | SECTION: "R"(5) |
| | JUDGE: HON. SARAH S. VANCE |
| REPUBLIC FIRE AND CASUALTY | |
| Defendant | MAGISTRATE: HON. ALMA L. CHASEZ |

**MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL
BY REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

**NOW INTO COURT**, through undersigned counsel, comes Republic Fire And Casualty Insurance Company ("Republic"), who respectfully requests that this Honorable Court continue the trial of this matter, currently set for August 27, 2007, as some of the issues of this case are the same issues presently pending on appeal before the United States Fifth Circuit Court of Appeals regarding the potential ambiguity of the ISO Form HO-3, Water Damage exclusion, contained in "all-risk" policies.

1

## BACKGROUND

On August 25, 2006, plaintiff, Barbara Kimble, filed a *Complaint* against Republic resulting from Republic's alleged failure to tender sufficient amounts to cover damages to her property, following Hurricane Katrina. Plaintiff's claims against Republic are based on the policy of insurance issued to her by Republic, which was in effect at the time of the hurricane. Plaintiff's property was engulfed in approximately seven (7) feet of flood water and also sustained some wind and rain damage. The residence at issue is located at 5847 Marais Street, New Orleans, Louisiana 70117. This property is located in the approximate area of Franklin Avenue and St. Claude Avenue, which sustained significant flooding from the breaches in the London Avenue Canal and other canals in the New Orleans area.

The policy of insurance issued by Republic is an "all-risk" policy, bearing policy number, FI1 3077132 11, with a policy period of September 16, 2004 through September 16, 2005, (hereinafter, "the Policy"). The Policy provides the following particulars, specified in Section I – Perils Insured Against:

### SECTION I – PERILS INSURED AGAINST

We insure against risk of direct loss to property described in Coverages A and B
only if that loss is a physical loss to property…

Generally, the pertinent language of this Section provides insurance coverage for all risks which are a direct loss to Coverages A and B of plaintiff's property, when such loss is a physical loss to property. The term "risk," as referenced in the Policy includes all risks, resulting from a physical loss to plaintiff's property.

Additionally, however, the Policy includes a "Water Damage" exclusion, which contains the following pertinent language:

2

## GENERAL EXCLUSIONS

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

                        *          *          *

   c.  **Water Damage**, meaning:

       (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

       (2) water which backs up through sewers or drains or which overflows from a sump; or

       (3) water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

       Direct loss by fire, explosion or theft resulting from water damage is covered.

In the *Complaint*, plaintiff admits that Hurricane Katrina, "produced a great deal of rain fall and caused significant wind damage in Southeastern Louisiana and created storm surge that overtopped the levees and contributed to levee failures." (*Complaint*, p. 2, ¶6). Plaintiff also admits that "a significant portion of [her] damages [were] caused by the rising water and flood following the storm surge." (*Complaint*, p. 2, ¶10). In *Section F* of the *Complaint*, entitled "*Unconscionable Contractual Provision,*" plaintiff asserts that "the aforementioned homeowner's policy excludes coverage caused by rising water, although provides coverage for wind and rain damage caused by hurricanes." (*Complaint*, p. 6; ¶ 40). Plaintiff maintains that "the enforcement of the water exclusion in this circumstance would be unconscionable and a violation of public policy…" (*Complaint*, p. 6; ¶ 42).

Defendant respectfully submits that on November 29, 2006, the Honorable Judge Duval issued a Minute Entry ordering the Clerk of Court to send a notice to all litigants involved in any Hurricane Katrina-related insurance litigation pending in the Eastern District of Louisiana to transfer those cases to Section "K" for consolidation with the *In Re: Katrina Canal Breaches Consolidated Litigation*. The Minute Entry provided in pertinent part:

> [i]t is the intention of the Eastern District of Louisiana for any case concerning the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal to be transferred to Section "K" for consolidation with the In Re: Katrina Canal Breaches Consolidated Litigation. (No. 05-4182, Rec. Doc. 2034, p. 7).

Additionally, the entry specifically provided:

> ...All motion practice concerning that issue has been stayed pending the outcome of the appeal… (No. 05-4182, Rec. Doc. 2034, p. 7).

A Notice, in accordance with the Order of Judge Duval, was forwarded to all litigants involved in the Hurricane Katrina-related litigation, via electronic mail, by the Clerk of Court on December 12, 2006.

Clearly, the instant case is subject to the December 12, 2006 Order from this Honorable Court. Undersigned counsel filed a *Motion to Transfer* this case to the *In Re: Katrina Canal Breaches Consolidated Litigation*, Docket No. 05-4182, per the Court's order; however, plaintiff's counsel is opposing this transfer. The hearing on Republic's *Motion to Transfer* is currently set for July 25, 2007; however, out of an abundance of caution, Republic also files this *Motion to Continue Trial* of this matter, as one of the most crucial issues of this case is the same issue of law as that presently pending before the U.S. Fifth Circuit Court of Appeals, regarding the effectiveness of the Water Damage exclusion. The "all-risk" homeowner's policy issued to plaintiff by Republic is an ISO (Insurance Service Office) policy, Form HO-3, which is the same form, (ISO HO-3), which was deemed ambiguous by Judge Duval. The determination of the

4

potential ambiguity of the ISO HO-3 Form, and its relative policy language, is presently on appeal.

The underlying purpose of this Honorable Court's *en banc* Order was to promote consistency in judicial rulings on this crucial issue, which is being faced by many insurers and homeowner's alike. In further evidence of the need for consistency regarding this issue, Judge Duval stayed all motion practice concerning this issue pending the outcome of the appeal in the *In Re: Katrina Canal Breaches Consolidated Litigation*.

Additionally, certain discovery must be obtained, including discovery pertinent to the issue regarding the water damage exclusion. Republic, in the interest of judicial economy, has not begun to obtain some of that discovery, specifically including certain depositions, anticipating a ruling from the U.S. Fifth Circuit Court of Appeals. However, as this Honorable Court knows, such a ruling on the water damage exclusion issue still has not been rendered. If this matter is not continued, Republic and plaintiff will have to move forward with discovery which ultimately may be moot.

Counsel certifies to this Honorable Court that it contacted counsel for plaintiff who opposes this Motion.

**WHEREFORE**, in the spirit of this Honorable Court's *en banc* Order, and in the interest of consistent rulings, Republic respectfully requests the continuance of the trial of this matter, pending the outcome of the Water Damage exclusion issue presently before the U.S. Fifth Circuit Court of Appeals.

       Respectfully submitted,

       **LARZELERE PICOU WELLS**
         **SIMPSON LONERO, LLC**
       Suite 1100 - Two Lakeway Center
       3850 N. Causeway Boulevard
       Metairie, LA   70002
       Telephone:     (504) 834-6500
       Fax:  (504) 834-6565

**BY:**  */s/ Linnette C. Goodly*
       **JAY M. LONERO, T.A. (No. 20642)**
         jlonero@lpw-law.com
       **CHRISTOPHER R. PENNISON (No. 22584)**
         cpennison@lpw-law.com
       **ANGIE ARCENEAUX AKERS (No. 26786)**
         aakers@lpw-law.com
       **LINNETTE C. GOODLY (No. 29880)**
         lgoodly@lpw-law.com

       **ATTORNEYS FOR REPUBLIC FIRE AND**
       **CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

          */s/ Linnette C. Goodly*

6