UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA KIMBLE | CIVIL ACTION NO.: 06-4800 |
| Plaintiff | |
| | SECTION: "R"(5) |
| VERSUS | |
| | JUDGE: HON. SARAH S. VANCE |
| REPUBLIC FIRE AND CASUALTY | |
| Defendant | MAGISTRATE:  HON. ALMA L. CHASEZ |

**REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

**MAY IT PLEASE THE COURT:**

As this Honorable Court knows, on July 9, 2007, Republic Fire And Casualty Insurance Company ("Republic") filed a Motion to Transfer this matter to Section "K" for consolidation with *In Re: Katrina Canal Breaches Consolidated Litigation*, Docket No. 05-4182. At that time, Republic advised this Honorable Court that this matter is being transferred pursuant to the Honorable Stanwood Duval's Minute Entry of November 29, 2006 and the *en banc* notice from the United States District Court for the Eastern District of Louisiana of December 12, 2006, which mandated that all cases involving an "all-risk" homeowner's insurance policy and a water

1

damage exclusion, in which flood damage caused by a levee breach occurred, were to be transferred.  For the reasons set forth in Republic's Motion to Transfer, and Memorandum in Support thereof, Republic respectfully requests that this Honorable Court transfer this matter to Section "K" for consolidation with *In Re: Katrina Canal Breaches Consolidated Litigation*.

In Opposition to Defendant's Motion, plaintiff filed, or attempted to file, a Memorandum in Opposition to Motion to Transfer.  (Undersigned counsel received on July 13, 2007 a "Notice of Deficient Document" regarding plaintiff's "Response/Memorandum in Opposition to Motion."  Therefore, it is not clear whether plaintiff's Memorandum in Opposition to Motion to Transfer actually has been filed.)  Also, it appears that on July 12, 2007, plaintiff filed a one-sentence Proposed Motion to Voluntarily Partially Dismiss With Prejudice, which apparently seeks to voluntarily dismiss Sections F and H of plaintiff's Complaint, with prejudice.  As set forth in plaintiff's Opposition, plaintiff argues, citing only a United States Sixth Circuit Court of Appeals case, that the "district court should consider . . . public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interest of justice'" in considering whether or not to transfer plaintiff's case.  Plaintiff further contends that defendant is trying to "buy time" because they are unprepared for trial that is scheduled for August 27, 2007.

Initially, defendant advises this Honorable Court that, notwithstanding the United States Sixth Circuit Court of Appeals case cited by plaintiff, this Honorable Court (the United States District Court for the Eastern District of Louisiana) apparently has determined that "public interest concerns" and the "interest of justice" dictate that in light of Hurricane Katrina, and the necessity for consistent rulings certain to follow the numerous suits filed in this Honorable

2

Court, it would be best that all cases involving an all-risk homeowner's insurance policy and a water damage exclusion, in which flood damage caused by a levee breach occurred, be handled by one judge, in this case, the Honorable Stanwood Duval in Section "K."  Subsequent to that, Judge Duval further determined that, in the interest of justice, it would be best that all motions regarding water damage exclusions be stayed until such time that a ruling from the United States Fifth Circuit Court of Appeals is received on this issue. Therefore, defendant respectfully suggests that public interest concerns and the interest of justice have been considered by this Honorable Court, *en banc*.

Defendant further advises this Honorable Court that it will, in all respects, be prepared for trial of this matter.  In fact, both plaintiff and defendant already have exchanged Initial Disclosures. Also, plaintiff propounded additional discovery to defendant, some of which defendant has answered, and presently is supplementing.  Also, defendant previously propounded discovery to plaintiff, to which plaintiff has responded.  Most importantly, the discovery deadline in this matter presently is August 8, 2007.  Although neither plaintiff nor defendant has obtained any deposition in this matter, discovery, if necessary, will be able to be concluded in time for the trial of this matter.

More importantly, plaintiff alternatively argues that in an attempt to avoid transfer of this case, plaintiff will dismiss Sections F and H of her Complaint.  Specifically, Section F pertains to "Unconscionable Contractual Provisions."  Plaintiff argues that defendant's policy excludes coverage for damages caused by rising water, which is "unconscionable and violative of public policy."  Again, plaintiff has agreed to dismiss this claim. In Section 8 of plaintiff's Complaint,

plaintiff seeks to dismiss all allegations pursuant to La. R.S. §22:69, which pertains to the Louisiana Valued Policy Law.  However, and most importantly, plaintiff does not agree to dismiss Section G of her Complaint, which pertains to "Third-Party Liability."  Plaintiff's Complaint specifically states in Section G that "44. The aforementioned homeowner's policy covers damages caused by the fault of third parties, but excludes damage caused by rising water. 45.  Plaintiff maintains that the water damage they [sic] sustained was caused by the fault of a third party over which she had no control, and is a covered loss.  46.  Plaintiff maintains that the conflict in the insurance policy should be resolved in favor of the Plaintiff."  (Plaintiff's Complaint at page 7.)  Additionally, in plaintiff's Complaint, plaintiff maintains the allegation that Hurricane Katrina "created a storm surge that overtopped the levees and <u>contributed to levee failures.</u>"  (Emphasis added.)  (Plaintiff's Complaint at ¶6, page 2.)  Plaintiff also contends that "a significant portion of Plaintiff's damage was caused by the rising water and flood following the storm surge."  (Plaintiff's Complaint at ¶10, page 2.)  These allegations have not been dismissed by plaintiff.

It is abundantly clear that plaintiff's dismissal of Sections F and H do not avoid the pertinent issue which plaintiff was attempting to avoid by the filing of her Proposed Motion to Voluntarily Partially Dismiss With Prejudice and Opposition to Defendant's Motion to Transfer. In fact, based on Section G of plaintiff's Complaint, and the factual allegations as set forth above which remain in plaintiff's Complaint, plaintiff clearly is arguing that "the water damage they [sic] sustained was caused by the fault of a third party" and that the "homeowner's policy covers damages caused by the fault of third parties, but excludes damage caused by rising water."

Plaintiff then goes on to state that "the conflict in the insurance policy should be resolved in favor of the Plaintiff."

Republic advises that, as set forth in its Affirmative Defenses, its policy contains a Water Damage Exclusion, which is preceded by concurrent cause language.  Specifically, as set forth in Republic's Answer as an Affirmative Defense, Republic's policy provides:

### GENERAL EXCLUSIONS

1. We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

    \*       \*       \*

    c. **Water Damage**, meaning:

        (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

        (2) water which backs up through sewers or drains or which overflows from a sump; or

        (3) water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

        Direct loss by fire, explosion or theft resulting from water damage is covered.

Republic's policy also contains additional wording, which was alleged as an Affirmative Defense, which will require this Honorable Court to analyze and make determinations regarding

the Water Damage Exclusion and the effect of the concurrent cause language on same. Specifically, Republic's policy provides:

### GENERAL EXCLUSIONS

\* \* \*

**2.** We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    **a.** **Weather conditions**. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph **1**. above to produce the loss;

    **b.** **Acts or decisions,** including the failure to act or decide, of any person, group, organization, or governmental body;

    **c.** **Faulty, inadequate or defective:**

        (1) planning, zoning, development, surveying, siting;

        (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3) materials used in repair, construction, renovation or remodeling; or

        (4) maintenance;

of part or all of any property whether on or off the Described Location.

It is clear that this Honorable Court will be required to determine the effect of Republic's Water Damage Exclusion as it pertains to damage caused, including whether or not the Exclusion pertains to damage caused by the fault of third parties. This Honorable Court will also

be required to determine whether or not the concurrent cause wording in Republic's Exclusion maintains effect, particularly regarding Exclusion 2.C. noted above.  As stated in Republic's Motion to Transfer and recently filed Motion to Continue the trial of this matter, these are the precise issues before the United States Fifth Circuit Court of Appeals, and to which this Honorable Court's *en banc* ruling of December 12, 2006 pertains, as it requested that all such policies (specifically including an ISO HO-3 policy, which is the policy at issue in this matter) be transferred to Section "K."

For the above and foregoing reasons, Republic respectfully suggests to this Honorable Court that this matter should be transferred to Section "K" and/or the trial of this matter should be continued.

    Respectfully submitted,

    **LARZELERE PICOU WELLS**
        **SIMPSON LONERO, LLC**
    Suite 1100 - Two Lakeway Center
    3850 N. Causeway Boulevard
    Metairie, LA   70002
    Telephone:     (504) 834-6500
    Fax:  (504) 834-6565

**BY:**    */s/ Linnette C. Goodly*
    **JAY M. LONERO, T.A. (No. 20642)**
        jlonero@lpw-law.com
    **CHRISTOPHER R. PENNISON (No. 22584)**
        cpennison@lpw-law.com
    **ANGIE ARCENEAUX AKERS (No. 26786)**
        aakers@lpw-law.com
    **LINNETTE C. GOODLY (No. 29880)**
        lgoodly@lpw-law.com

    **ATTORNEYS FOR REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Linnette C. Goodly*