States will be producing a privilege log of all documents and things that it claims are privileged against discovery.  It will do so after Plaintiffs have completed their search for documents and things in accordance with the United States' Document Production Protocol, the clawback order, and in accordance with the rulings in this case.

**REQUEST NO. 48:**  Please produce complete and legible copies of the reports of all 1995 to 2005 flood wall top height inspections you have conducted on the London Avenue Canal, the Orleans Avenue Canal, and the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.  Plaintiffs will have access to search for reports of all 1995 to 2005 flood wall top height

inspections conducted on the London Avenue Canal, the Orleans Avenue Canal and the 17th Street

Canal. to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 49:** Please produce complete and legible copies of all documents and things

which report the results of pre-Hurricane Katrina tests conducted to determine the subsurface

nature of the soils at locations where sheet pilings were installed on the London Avenue Canal,

the Orleans Avenue Canal, and the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things which address pre-Hurricane

Katrina tests conducted to determine the subsurface nature of the soils at locations where sheet

47

pilings were installed on the London Avenue Canal, the Orleans Avenue Canal, and the 17th Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 50:**  Please produce complete and legible copies of all documents and things which indicated whether, before August 29, 2005, the Orleans Canal flood walls were of the same height at its  southern end as were along its east and west sides.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things that before August 29, 2005, address the height of the Orleans Canal flood walls to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 51:**  Please produce complete and legible copies of all documents and things which indicate the pre-August 29, 2005 height above mean sea level of flood walls along the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which indicate the pre-August 29, 2005 height above mean sea level of flood walls along the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 52:**  Please produce complete and legible copies of all levee construction

manuals which indicate the circumstances under which the soils forming the embankments of the levees on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC could be used in levees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all levee construction manuals which address soils useable in levees to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 53:** Please produce complete and legible copies of all documents and things which by predictive analysis or by on-site testing identified hazards likely to be encountered by the use of sheet pilings in the subsurface soils present at the London Avenue Canal, the Orleans

Avenue Canal, the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things that address the use of sheet

pilings in the subsurface soils present at the London Avenue Canal, the Orleans Avenue Canal,

the 17th Street Canal, and the IHNC to the extent that they are in the possession of the Army Corps

of Engineers.

**REQUEST NO. 54:** Please produce complete and legible copies of all documents and things

which were provided to the Comptroller General of the United States for their August 31,1976

Report to Congress entitled: "Cost, Schedule, And Performance Problems Of The Lake

Pontchartrain And Vicinity, Louisiana, Hurricane Protection Project."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which were provided to the Comptroller General of the United States  for their August 31,1976 Report to Congress entitled: "Cost, Schedule, And Performance Problems Of The Lake Pontchartrain And Vicinity, Louisiana, Hurricane Protection Project" to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 55:** Please produce complete and legible copies of all documents and things which were provided to the  General Accounting Office of the United States for their August

17,1982 Report to the Secretary of the Army by entitled: "Improved Planning Needed By The Corps Of Engineers To Resolve Environmental, Technical, And Financial Issues On The Lake Pontchartrain Hurricane Protection Project."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which were provided to the General Accounting Office of the United States for their August 17,1982 Report to the Secretary of the Army entitled: "Improved Planning Needed By The Corps Of Engineers To Resolve Environmental, Technical, And Financial Issues On The Lake Pontchartrain Hurricane Protection Project" to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 56:** Please produce complete and legible copies of all documents and things which present the results of any studies or prior field tests regarding the use of sheet pilings installed to similar depths as those installed on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC in similar subsurface soils, and containing similar water bodies subject to the ebb and flow of daily tidal forces and seasonal storm surges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which present the results of any studies or prior field tests regarding the use of sheet pilings installed to similar depths as those installed on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC in similar subsurface soils, and containing similar water bodies subject to the ebb and flow

54

of daily tidal forces and seasonal storm surges to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 57:** Please produce complete and legible copies of all documents which identify any Army Corps officer, enlisted person, or civilian having duties relating to levee safety inspections for the years 1970 through 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents which identify any Army Corps officer, enlisted person, or civilian having duties relating to levee safety inspections for the years 1970 through 2005 to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 58:** Please produce complete and legible copies of all documents relative to the Army Corps' New Orleans District's 1985 policy to explicitly use the outdated 1965 NGVD29 adjustment for elevation control, which was approved by the Army Corps' Lower Mississippi Valley Division (LMVD).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents relating to the Army Corps' New Orleans District's 1985 policies concerning elevation control  to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 59:** Please produce complete and legible copies of all documents and things

56

which indicate the political entity which, before Hurricane Katrina struck, was responsible for

maintaining and operating (*e.g.*, closing flood gates) the flood wall and levee system

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things which indicate the political

entity which, before Hurricane Katrina struck, was responsible for maintaining and operating the

flood wall and levee system on the London Avenue Canal, the Orleans Avenue Canal, the 17th

Street Canal, and the IHNC, to the extent that they are in the possession of the Army Corps of

Engineers.


**REQUEST NO. 60:** Please produce complete and legible copies of all documents and things

which explain why the Army Corps New Orleans District claimed that the LPVHPP was designed to protect from a 1-in-200 year to a 1-in-300 year storm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which address LPVHPP design and levels of protection to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 61:** Please produce complete and legible copies of all documents and things which contain any reports of levee or flood wall-related breaks, breaches, sand boils, flooding or leak incidents on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, or

58

the IHNC prior to, and after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which contain any reports of levee or flood wall-related breaks, breaches, sand boils, flooding or leak incidents on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, or the IHNC prior to, and after August 29, 2005 to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 62:** Please produce complete and legible copies of all documents and things which depict the beginning and/or earliest stages of the August 29, 2005 failures of the levees or flood walls on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and

the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things addressing the August 29, 2005

failures of levees or flood walls on the London Avenue Canal, the Orleans Avenue Canal, the 17th

Street Canal, and the IHNC to the extent that they are in the possession of the Army Corps of

Engineers.

**REQUEST NO. 63:** Please produce complete and legible copies of all documents and things

which identify each person known to you or believed by you to have been an eyewitness to the

initial stages of the August 29, 2005 failure of any levee or flood wall on the London Avenue

60

Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which identify each person known or believed to have been an eyewitness to the initial stages of the August 29, 2005 failure of any levee or flood wall on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 64:** Please produce complete and legible copies of all documents and things which simulate or model the sequence in which the levees and flood walls failed on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC on August 29,

2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things which simulate or model the

sequence in which the levees and flood walls failed on the London Avenue Canal, the Orleans

Avenue Canal, the 17th Street Canal, and the IHNC on August 29, 2005, to the extent that they are

in the possession of the Army Corps of Engineers.

**REQUEST NO. 65:** Please produce complete and legible copies of all reports of any failure

analysis investigation you have conducted on the London Avenue Canal, the Orleans Avenue

Canal, the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all reports of any failure analysis investigation conducted on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 66:** Please produce complete and legible copies of all transcripts and notes relating to the interview of any person who is an eyewitness in connection with how the levees and flood walls failed on the London Avenue Canal, the Orleans Avenue Canal, and the 17th Street Canal, and the IHNC on August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all non privileged transcripts and notes relating to the

interview of any person who was an eyewitness in connection with the levees and flood walls on

the London Avenue Canal, the Orleans Avenue Canal, and the 17th Street Canal, and the IHNC on

August 29, 2005 to the extent that they are in the possession of the Army Corps of Engineers.


**REQUEST NO. 67:** Please produce complete and legible copies of all documents and things in

your possession which identify, by time and location, the source of flooding in Orleans Parish

west of the Inner Harbor Navigation Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things which identify, by time and

location, the source of flooding in Orleans Parish west of the Inner Harbor Navigation Canal to

the extent that they are in the possession of the Army Corps of Engineers.


**REQUEST NO. 68:** Please produce complete and legible copies of all documents and things

which identify the protocol used to undertaking levee safety inspections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which identify the protocol used to undertake levee safety inspections to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 69:** Please produce complete and legible copies of all documents and things which indicate the depth to which the sheet pilings used to construct levees on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC differ in any manner from depth  recommendations made by the Army Corps' construction manuals or by any engineering firm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which address the depth of the sheet pilings used to construct levees on the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC and all construction manuals or engineering firm documents that address sheet piling depths to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 70:** Please produce complete and legible copies of all transcripts and notes relating to any interview of any person who is a witness in connection with how the August 29, 2005 flooding occurred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all transcripts and notes relating to any interview of any person who is a witness in connection with how the August 29, 2005 flooding occurred to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 71:** Please produce complete and legible copies of all Army Corps hurricane emergency preparedness plans and the minutes of any hurricane preparedness meetings during the three years preceding Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all Army Corps hurricane emergency preparedness plans

and the minutes of any hurricane preparedness meetings during the three years preceding

Hurricane Katrina to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 72:** Please produce complete and legible copies of all documents and things

indicating who owned the water bottoms of the on the London Avenue Canal, the Orleans Avenue

Canal, the 17th Street Canal, and the IHNC on and before August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

69

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things indicating who owned the water

bottoms of the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the

IHNC on and before August 29, 2005, to the extent that they are in the possession of the Army

Corps of Engineers.


**REQUEST NO. 73:** Please produce complete and legible copies of all documents and indicating

who owned the land adjacent to the London Avenue Canal, the Orleans Avenue Canal, the 17th

Street Canal, and the IHNC upon which sheet pilings, levees, and/or and flood walls were erected

on or before August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents indicating who owned the land adjacent to

the London Avenue Canal, the Orleans Avenue Canal, the 17th Street Canal, and the IHNC upon

which sheet pilings, levees, and/or and flood walls were erected on or before August 29, 2005, to

the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 74:** Please produce complete and legible copies of all documents and things

indicating who, on and before August 29, 2005, leased berths in Bucktown to fishing vessels

based in the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things indicating who, on and before August 29, 2005, leased berths in Bucktown to fishing vessels based in the 17th Street Canal, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 75:** Please produce complete and legible copies of all fishing permits for commercial fishing in the 17th Street Canal between Pump Station No. 6 and the Hammond Highway Bridge that were granted before August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for copies of all fishing permits for commercial fishing in the 17th Street Canal between Pump Station No. 6 and the Hammond Highway Bridge that were granted before August 29, 2005, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 77:** Please produce complete and legible copies of all documents and things which indicate why, before August 29, 2005, was there no flood protection wall or levee on the Orleans Parish side of the 17th Street Canal from U.S. Highway 90 (Jefferson Highway) northward across U.S. Highway 51 (Airline Drive) to its intersection with the Palmetto Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77[3]:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers

---

[3] Plaintiffs omitted a Request No. 76.

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which address, before August 29, 2005, flood protection walls or levees on the Orleans Parish side of the 17th Street Canal from U.S. Highway 90 (Jefferson Highway) northward across U.S. Highway 51 (Airline Drive) to its intersection with the Palmetto Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 78:** Please produce complete and legible copies of all documents and things that identify who, for the five years preceding Hurricane Katrina, inspected the 17th Street Canal between U.S. Highway 90 and the canal's intersection with the Palmetto Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things that identify who, for the five years preceding Hurricane Katrina, inspected the 17th Street Canal between U.S. Highway 90 and the canal's intersection with the Palmetto Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 79:** Please produce complete and legible copies of all documents and things which indicate how long each drainage pumping station in Orleans Parish west of the Industrial Canal remained in service/on line on August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

75

Plaintiffs will have access to search for all documents and things which indicate how long each

drainage pumping station in Orleans Parish west of the Industrial Canal remained in service/on

line on August 29, 2005, to the extent that they are in the possession of the Army Corps of

Engineers.

**REQUEST NO. 80:** Please produce complete and legible copies of all documents and things

which indicate the order in which the drainage basins of pumping station in Orleans Parish west of

the Industrial Canal began filling with flood water entering the City from overtopping or breaches

in the levees or flood walls on the Industrial Canal, the London Avenue Canal, the Orleans Canal,

the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

76

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which indicate the order in which the drainage basins of pumping station in Orleans Parish west of the Industrial Canal began filling with flood water entering the City from overtopping or breaches in the levees or flood walls on the Industrial Canal, the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 81:** Please produce complete and legible copies of all documents and things which indicate into which drainage canal any Hurricane Katrina flood waters were pumped on August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers

77

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which indicate into which drainage canal any Hurricane Katrina flood waters were pumped on August 29, 2005, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 82:** Please produce complete and legible copies of all documents and things which indicate whether, on August 29, 2005, flood and/or rain waters were pumped into the Washington Avenue/Palmetto Street Canal by the New Orleans Sewerage & Water Board's South Broad Street Main Pumping Station at any time <u>after</u> Pumping Station No. 6 had shut down.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans.

78

Plaintiffs will have access to search for all documents and things which indicate whether, on

August 29, 2005, flood and/or rain waters were pumped into the Washington Avenue/Palmetto

Street Canal by the New Orleans Sewerage & Water Board's South Broad Street Main Pumping

Station at any time after Pumping Station No. 6 had shut down to the extent that they are in the

possession of the Army Corps of Engineers.

**REQUEST NO. 83:** Please produce complete and legible copies of all photographs or videotapes

of levees or adjacent structures taken prior to the start of any construction project in close

proximity to any levee on the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and

the IHNC before August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all photographs or videotapes of levees or adjacent structures taken prior to the start of any construction project in close proximity to any levee on the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC before August 29, 2005, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 84:** Please produce complete and legible copies of all photographs and/or videotapes taken by you as part of your maintenance protocols or the inspection process for levees and flood walls along the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC prior to August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers

80

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all photographs and/or videotapes taken as part of maintenance protocols or the inspection process for levees and flood walls along the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC prior to August 29, 2005, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 85:** Please produce complete and legible copies of all subsurface soil surveys or sampling activities relied upon by you in connection with permitting any work outside but adjacent to the levees or flood walls of the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC prior to August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers

81

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all subsurface soil surveys or sampling activities in connection with permitting any work outside but adjacent to the levees or flood walls of the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC prior to August 29, 2005, to the extent that they are in the possession of the Army Corps of Engineers.


**REQUEST NO. 86:**  Please produce complete and legible copies of all subsurface soil surveys or sampling activities provided to you and relating to locations both inside and adjacent/outside the levees and flood walls of the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all subsurface soil surveys or sampling activities relating to locations both inside and adjacent/outside the levees and flood walls of the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and the IHNC, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 87:**  Please produce complete and legible copies of all documents and things which show, with regard to the 17th Street Canal, its intended post-dredging canal bottom profile.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**  Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which show, with regard to the

83

17th Street Canal, its intended post-dredging canal bottom profile, to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 88:** Please produce complete and legible copies of all documents and things which indicate whether any post-dredging soundings or measurements of the bottom of the 17th Street Canal  determined if it conformed to the intended post-dredging bottom profile.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:** Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which indicate whether any post-dredging soundings or measurements of the bottom of the 17th Street Canal  determined if it conformed to the intended post-dredging bottom profile to the extent that they are in the

84

possession of the Army Corps of Engineers.

**REQUEST NO. 89:**  Please produce complete and legible copies of all documents and things which indicate whether the post-dredging bottom profile/contour of the 17th Street Canal differed from the intended bottom profile/contour.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which indicate whether the post-dredging bottom profile/contour of the 17th Street Canal differed from the intended bottom profile/contour to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 90:** Please produce complete and legible copies of all documents and things which indicate whether the pre-August 29, 2005 depth to which sheet pilings had been driven below mean sea level along the 17th Street Canal was of inadequate to prevent horizontal canal water movement through the soils underneath the sheet pilings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things which indicate or refer in any way to the pre-August 29, 2005 depth to which sheet pilings had been driven below mean sea level along the 17th Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

86

**REQUEST NO. 91:**  Please produce complete and legible copies of all documents and which set forth the guidelines used before August 29, 2005 to determine the depth below mean sea level to which sheet pilings should have been driven to prevent  horizontal canal water movement through the soils underneath the sheet pilings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents which set forth the guidelines used before August 29, 2005 to determine the depth below mean sea level to drive sheet pilings to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 92:**  Please produce complete and legible copies of any pre-August 29, 2005 analysis or interpretation of 17th Street Canal subsurface soil testing or sampling activities which presented a recommendation as to the depth sheet piling should be driven below mean sea level so as to prevent the horizontal movement of canal water through the soils underneath the sheet pilings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for any pre-August 29, 2005 analysis or interpretation of 17th Street Canal subsurface soil testing or sampling activities applicable to the depth of sheet piling to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 93:**  Please produce complete and legible copies of all pre-August 29, 2005 dredging project drawings or plans which depict the actual post-dredging bottom contour of the 17th Street Canal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**  Objection.  This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects to this request to the extent that it seeks documents protected by privilege.  The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all pre-August 29, 2005 dredging project drawings or plans which depict the actual post-dredging bottom contour of the 17th Street Canal to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 94:**  Please produce complete and legible copies of all documents and things which identify the electronic address of all pre-August 29, 2005 17th Street Canal dredging project

drawings and plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**  Objection.  This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects

to this request to the extent that it seeks documents protected by privilege.  The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive.  For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all non privileged documents and things which identify the

electronic address of all pre-August 29, 2005 17th Street Canal dredging project drawings and

plans to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 95:**  Produce copies of all documents and things which analyze, comment upon,

or otherwise concern themselves with any report that the E-99 test section experiment showed that

under storm surge rise a gap was likely to form between the sheet pile curtain supporting the

concrete I-walls and the outboard side levee embankment section, that this gap would fill with

water, and significantly increase lateral pressure against the sheet piles and flood walls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents and things which analyze, comment upon,

or otherwise concern themselves with any report concerning the E-99 test section experiment to

the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 96:** Produce copies of any post-Hurricane Katrina report of any investigation or

test which determined that the causes of the failures on the three canals was of the same nature as

the failure in the E-99 test section experiment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:** Objection. This request is vague,

91

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects

to this request to the extent that it seeks documents protected by privilege. The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive. For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request. See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for any post-Hurricane Katrina report of any investigation or

test which compared the causes of any of the failures on the three canals to the E-99 experiment to

the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 97:** Produce copies of any documents or thing received by the Army Corps, or

created by it, which disclosed or warned that when water levels in the Orleans Canal rose to

approximately +9 feet (MSL), flood waters would pour into New Orleans through the low area its

southern end.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:** Objection. This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects

to this request to the extent that it seeks documents protected by privilege.  The United States

further objects to the request to the extent it seeks information and documents that are publicly

available and/or obtainable from some other source that is more convenient, less burdensome, and

less expensive.  For example, the IPET website, which contains reports by the IPET and other

documentation that may be relevant to this Request.  See https://ipet.wes.army.mil.

Fed.R.Civ.P. 26(b)(2)(C)(I).  Notwithstanding and without waiving these objections, these

requests for production have been provided to the USACE to search for, and the United States

will produce in accordance with the United States' Document Production Protocol and under a

review and select procedure, all documents in the possession of the Army Corps of Engineers

relating to the flood control and hurricane protection projects in and around New Orleans.

Plaintiffs will have access to search for all documents or things received by the Army Corps, or

created by it, which discuss the effect of water level rise in the Orleans Canal to the extent that

they are in the possession of the Army Corps of Engineers.


**REQUEST NO. 98:**  Produce copies of all documents and things presenting the results of pre-

August 29, 2005 soil samplings, soil borings, and CPT probes at the site of the 17th Street Canal

breach and London Avenue Canal breaches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**  Objection.  This request is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence.  Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401.  The United States also objects

to this request to the extent that it seeks documents protected by privilege.  The United States

further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. For example, the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. See https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things presenting the results of pre-August 29, 2005 soil samplings, soil borings, and CPT probes at the site of the 17th Street Canal breach and London Avenue Canal breaches to the extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 99:** Produce copies of all documents and things presently in the possession or control of the Army Corps to support the affirmative defense of "discretionary function."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States also objects to this request to the extent that it seeks documents protected by privilege. The United States further objects to the request to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and

94

less expensive. For example, the IPET website, which contains reports by the IPET and other
documentation that may be relevant to this Request. See https://ipet.wes.army.mil.
Fed.R.Civ.P. 26(b)(2)(C)(I). Notwithstanding and without waiving these objections, these
requests for production have been provided to the USACE to search for, and the United States
will produce in accordance with the United States' Document Production Protocol and under a
review and select procedure, all documents in the possession of the Army Corps of Engineers
relating to the flood control and hurricane protection projects in and around New Orleans.
Plaintiffs will have access to search for all documents and things presently in the possession or
control of the Army Corps to support the affirmative defense of "discretionary function to the
extent that they are in the possession of the Army Corps of Engineers.

**REQUEST NO. 100:** Produce complete and legible copies of all documents and things upon
which the Army Corps will rely in support of its claim to immunity under 33 U.S.C. 702©.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:** Objection. This request is
vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the
discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401. The United States
also objects to this request to the extent that it seeks documents protected by privilege. The
United States further objects to the request to the extent it seeks information and documents that
are publicly available and/or obtainable from some other source that is more convenient, less
burdensome, and less expensive. For example, the IPET website, which contains reports by the
IPET and other documentation that may be relevant to this Request. See
https://ipet.wes.army.mil. Fed.R.Civ.P. 26(b)(2)(C)(i). Notwithstanding and without waiving

95

these objections, these requests for production have been provided to the USACE to search for, and the United States will produce in accordance with the United States' Document Production Protocol and under a review and select procedure, all documents in the possession of the Army Corps of Engineers relating to the flood control and hurricane protection projects in and around New Orleans. Plaintiffs will have access to search for all documents and things upon which the Army Corps will rely in support of its claim to immunity under 33 U.S.C. 702(c) to the extent that they are in the possession of the Army Corps of Engineers.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

RICHARD R. STONE, SR.
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4291/ (202) 616-5200 (FAX)
Attorneys for the United States

Dated: *June 14, 2007*

96

**CERTIFICATE OF SERVICE**

   I, Richard R. Stone, hereby certify that on June 14, 2007, I served a true copy of the United States' Response to Levee Plaintiffs' First Set of Requests for Production of Documents upon Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel by electronic mail, for circulation to the respective parties.

Plaintiffs' Liaison Counsel     Defendants' Liaison Counsel
jbruno@jbrunolaw.com      rhubbard@lawla.com
scott@jbrunolaw.com       llangdon@lawla.com

_____
    RICHARD R. STONE

Dated: _June 14, 2007_