UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO:  LEVEE | § | |
| *Sims*, 06-5116 | § | |
| *Richard*, 06-5118 | § | |
| *DePass*, 06-5127 | § | |
| *Adams*, 06-5128 | § | |
| *Bourgeois*, 06-5131 | § | |
| *Ferdinand*, 06-5132 | § | |
| *Christophe*, 06-5134 | § | |
| *Williams*, 06-5137 | § | |
| *Porter*, 06-5140 | § | |
| *Augustine*, 06-5142 | § | |
| | § | |

**DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

The United States of America has moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the above captioned complaints against it, which arise out of the alleged "failure of the flood protection system" in New Orleans.  *Adams* Compl. at 1-2; *Augustine* Compl. at 1-2; *Bourgeois* Compl. at 2; *Christophe* Compl. at 1; *DePass* Compl. at 1-2; *Ferdinand* Compl. at 2; *Porter* Compl. at 1;  *Richard* Compl. at 1; *Sims* Compl. at 2; *Williams* Compl. at 2.

Allegedly, the plaintiffs' "property was lost and or damaged as a result of inundation due to flood water which overcame the flood control system designed and constructed by the United States Army Corps of Engineers . . . ." *Adams* Compl. ¶ 13; *Augustine* Compl. ¶ 13; *Bourgeois* Compl. ¶ 16; *Christophe* Compl. ¶ 13; *Ferdinand* Compl. ¶ 16; *Porter* Compl. ¶ 12; *Richards* Compl. ¶ 13; *Williams* Compl. ¶ 14; *see also DePass* Compl. ¶¶ 8-9; *Sims* Compl. ¶¶ 8-9. Inasmuch as the United States is immune to "liability of any kind . . . for any damage from or by floods or flood waters at any place," 33 U.S.C. § 702c, these actions against the United States must be dismissed for lack of jurisdiction over the subject matter.

## FACTS[1]

Plaintiffs seek to recover for "the destruction and damage wrought by failure of the flood protection system in place for the protection of" their communities when Hurricane Katrina struck. *Adams* Compl. ¶¶ 5-6; *Bourgeois* Compl. ¶ 16; *Ferdinand* Compl. ¶¶ 8-9; *Christophe* Compl. ¶¶ 5-6; *Williams* Compl. ¶¶ 6-7; *Porter* Compl. ¶¶ 5-6; *Augustine* Compl. ¶¶ 5-6; *Sims* Compl. ¶¶ 8-9; *DePass* Compl. ¶¶ 8-9.[2] Allegedly, the Corps of Engineers "undertook to render services which it recognized as necessary for the protection of the persons or property of Plaintiffs, who relied on the Corps . . . ." *Adams* Compl. ¶ 22; *Augustine* Compl. ¶ 22;

---

[1] The United States will assume the truth of the well-pleaded factual allegations of the Complaint, without prejudice to its right to challenge them outside the context of this motion. *See Jeanmarie v. United States*, 242 F.3d 600, 602-603 (5th Cir. 2001). Conclusory allegations, whether factual or legal, are not entitled to any deference and are fully subject to challenge herein. *Id.* at 603 (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

[2] The cases can be grouped according to the three general areas in which the plaintiffs allegedly owned property: (1) East Bank (*Sims*, *DePass*, *Bourgeois*, *Ferdinand*),(2) New Orleans East (*Richard*, *Adams*, *Christophe*, *Augustine*, *Williams*), and (3) the Lower Ninth Ward and Saint Bernard Parish (*Porter*).

*Bourgeois* Compl. ¶ 24; *Christophe* Compl. ¶ 23; *DePass* Compl. ¶ 16; *Ferdinand* Compl. ¶ 24; *Porter* Compl. ¶ 21; *Richard* Compl. ¶ 22; *Sims* Compl. ¶ 17; *Williams* Compl. ¶ 32. The "services" alleged to have been rendered were the design and the construction of the Lake Pontchartrain and Vicinity Hurricane Protection Project ("LPVHPP"), the "flood control system" that was "put there to protect Plaintiffs' person and property from risk of loss and damage due to flooding." *Adams* Compl. ¶¶ 13-14; *Augustine* Compl. ¶¶ 13-14; *Bourgeois* Compl. ¶¶ 16-17; *Christophe* Compl. ¶¶ 13-14; *Ferdinand* Compl. ¶¶ 16-17; *Porter* Compl. ¶¶ 12-13; *Richard* Compl. ¶¶ 13-14; *Williams* Compl. ¶¶ 14-15. Allegedly, "the flooding which brought plaintiffs' losses was due to incomplete protection, lower than authorized structures and levee sections with erodible materials," as well as "design failure." *Adams* Amended Compl. ¶¶ 10.B–10.C; *Augustine* Amended Compl. ¶¶ 10.B–10.C; *Bourgeois* Amended Compl. ¶¶ 10.B–10.C; *Christophe* Amended Compl. ¶¶ 10.B–10.C; *DePass* Amended Compl. ¶¶ 10.B–10.C; *Ferdinand* Amended Compl. ¶¶ 10.B–10.C; *Porter* Amended Compl. ¶¶ 10.B–10.C; *Richard* Amended Compl. ¶¶ 10.B–10.C; *Sims* Amended Compl. ¶¶ 10.B–10.C; *Williams* Amended Compl. ¶¶ 10.B–10.C.[3]

**ARGUMENT**

The United States is immune from suit "save as it consents to be sued," and the terms of the United States' consent "define [a] court's jurisdiction to entertain the suit." *United States v.*

---

[3]The Complaints also allege a variety of other deficiencies in the Corps's design and construction of the flood control system. *See, e.g., Richard* ¶ 11 (adoption of High Level Plan), ¶ 16 (failure to update design criteria to accommodate emerging data); ¶ 17 (defective sheet pile structures, flood walls, and earthen levees); ¶ 18 (inadequate supervision of contractors engaged to construct "the Flood Control System").

*Mitchell*, 445 U.S. 535, 538 (1980) (quotation marks omitted).  The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."  *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).  Thus, at the outset of a case in which the United States has been sued, a court must first determine whether the United States has waived its immunity.  Absent a specific waiver, sovereign immunity bars suit for lack of subject matter jurisdiction.  *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994).  The burden to establish jurisdiction rests squarely on the plaintiffs, as the party asserting it.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).[4]

## These Actions for Flood Damage Are Barred by the Flood Control Act of 1928, 33 U.S.C. § 702c.

These actions against the United States are ripe for dismissal based on the pleadings alone because the complaints reveal that they seek to recover for "damage from or by . . . flood waters." 33 U.S.C. § 702c.  In sweeping terms, the Flood Control Act of 1928 provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place."  33 U.S.C. § 702c.  "It is difficult to imagine broader language." *United States v. James*, 478 U.S. 597, 604 (1986) (footnote omitted).  This immunity covers

---

[4]The plaintiffs' complaints cite 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as the bases for jurisdiction and also seek to invoke the Declaratory Judgment Act, 28 U.S.C. § 2201.  Neither the Declaratory Judgment Act nor the general jurisdictional statutes waive the sovereign immunity of the United States.  *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996); *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972).  The amended complaints are bereft of any express jurisdictional allegations.  They do, however, allege that "each of the Plaintiffs has filed Federal Tort Claim Act ("FTCA") claims more than six months ago . . . ."  *See, e.g., Adams* Compl. ¶ 4.A.  But as explained below, the Flood Control Act bars these actions, and they are for that reason alone not actionable under the FTCA.  *See Mocklin v. Orleans Levee Dist.,* 877 F.2d 427, 428 (5th Cir. 1989); *cf. Fla. E.C. Ry. v. United States,* 519 F.2d 1184, 1191(5th Cir. 1975) (33 U.S.C. § 702c was not repealed by passage of FTCA).

these actions. The complaints themselves aver that the alleged damages were caused by flood waters. Therefore, if the immunity applies without qualification to "any damage from or by floods or flood waters," then § 702c applies, and this case must be dismissed for lack of subject matter jurisdiction. Moreover, the statutory phrase "floods or flood waters" indisputably encompasses "those waters that a federal project is unable to control," *Central Green Co. v. United States,* 531 U.S. 425, 431 (2001), and as the complaints aver, the plaintiffs' "property was lost and or damaged as a result of inundation due to flood water which overcame the flood control system designed and constructed by the United States Army Corps of Engineers . . . ." *Adams* Compl. ¶ 13; *Augustine* Compl. ¶ 13; *Bourgeois* Compl. ¶ 16; *Christophe* Compl. ¶ 13; *Ferdinand* Compl. ¶ 16; *Porter* Compl. ¶ 12; *Richards* Compl. ¶ 13; *Williams* Compl. ¶ 14; *see also DePass* Compl. ¶¶ 8-9; *Sims* Compl. ¶¶ 8-9.

**A. These Complaints Must Be Dismissed Because They Seek to Hold the United States Liable for "Damage from or by Floods or Flood Waters."**

"The starting point in statutory interpretation is the language of the statute itself," and it is to be "assume[d] that the legislative purpose is expressed by the ordinary meaning of the words used." *United States v. James*, 478 U.S. 597, 604 (1986) (brackets by Court; quotation marks and citations omitted). In keeping with these cardinal principles, the Supreme Court has repeatedly turned to the text of 33 U.S.C. § 702c to determine the breadth of the immunity provided in the Flood Control Act. Indeed, the Court has held "that it is the text of § 702c, as informed by our holding in *James*, . . . that governs the scope of the United States' immunity from liability for damage caused 'by floods or flood waters.'" *Central Green Co. v. United States*, 531 U.S. 425, 437 (2001).

Noting the "sweeping" breadth of the statutory language, the *James* Court recognized that "§ 702c's language safeguard[s] the United States against liability of any kind for damage from or by floods or flood waters in the broadest and most emphatic language." 478 U.S. at 608 (citation and quotation marks omitted). "Congress clearly sought to ensure beyond doubt that sovereign immunity would protect the Government from 'any' liability associated with flood control." *Id.* The *James* Court therefore found that, "[o]n its face," the plain language of § 702c applied to the boating accidents at issue because the injuries "occurred as a result of the release of" flood waters. *Id.* at 604.

In *Central Green,* the Supreme Court likewise "resort[ed] to the text of the statute" in attempting to determine whether the waters that caused the alleged damage to the pistachio trees were covered by § 702c. 531 U.S. at 430-31. And as directed by the text, the Court held that the statute's coverage was to be determined by "the character of the waters that cause[d] the relevant damage." *Id.* at 436. The Court emphasized that "the text of the statute directs us to determine the scope of the immunity conferred . . . by the character of the waters that cause the relevant damage . . . ." *Id.* at 434. The Court was unable to ascertain the "character of the waters" that caused the damage claimed by the orchard owner in *Central Green* "because the property damage . . . was allegedly caused by continuous or repeated flows occurring over a period of years, rather than by a single, discrete incident." *Id.* at 436. The Court observed that it is "relatively easy" to determine the character of the water in a single discrete incident, even if it is not so simple when damage may have been caused over a period of time. *Id.* Because a flood had occurred during the period in which the relevant damages were said to have occurred, the Court remanded for a finding as to whether that flood had caused the damages. *Id.* at 437.

Inasmuch as the damages alleged in these complaints are said to have resulted from a single discrete incident, namely, the Katrina Flood, it is "relatively easy" to determine that § 702c covers the waters that caused the damage. Indeed, the complaints expressly aver that the plaintiffs' "property was lost and or damaged as a result of inundation due to flood water . . . ." *Adams* Compl. ¶ 13; *Augustine* Compl. ¶ 13; *Bourgeois* Compl. ¶ 16; *Christophe* Compl. ¶ 13; *Ferdinand* Compl. ¶ 16; *Porter* Compl. ¶ 12; *Richards* Compl. ¶ 13; *Williams* Compl. ¶ 14; *see also DePass* Compl. ¶¶ 8-9;  *Sims* Compl. ¶¶ 8-9. Thus the complaints allege damages from "flood waters," and as such these claims are barred by the Flood Control Act.

**B. These Complaints Must Be Dismissed Because They Seek to Hold the United States Liable for Damage from Flood Waters that a Federal Project Was Unable to Control.**

The complaints also allege that the plaintiffs' damages resulted when "the flood control system" was "overc[o]me" by "flood water," resulting in the "inundation" of the plaintiffs' properties. *Adams* Compl. ¶ 13; *Augustine* Compl. ¶ 13; *Bourgeois* Compl. ¶ 16; *Christophe* Compl. ¶ 13; *Ferdinand* Compl. ¶ 16; *Porter* Compl. ¶ 12; *Richards* Compl. ¶ 13; *Williams* Compl. ¶ 14; *see also DePass* Compl. ¶¶ 8-9;  *Sims* Compl. ¶¶ 8-9. The amended complaints reiterate this allegation, claiming that the plaintiffs "suffered damages due to failure of the flood protection system"—"damages derive[d] from flooding." *Adams* Amended Compl. at 1, ¶ 10.B; *Augustine* Amended Compl. at 1, ¶ 10.B; *Bourgeois* Amended Compl. at 1, ¶ 10.B; *Christophe* Amended Compl. at 1, ¶ 10.B; *DePass* Amended Compl. at 1, ¶ 10.B; *Ferdinand* Amended Compl. at 1, ¶ 10.B; Amended Compl. at 1, ¶ 10.B; *Richard* Amended Compl. at 1, ¶ 10.B; *Sims* Amended Compl. at 1, ¶ 10.B; *Williams* Amended Compl. at 1, ¶ 10.B. In this regard, the complaints allege that the flood control structures were constructed by the Corps for the purpose

7

of protecting the plaintiffs and their property.  *Adams* Compl. ¶¶ 13-14; *Augustine* Compl. ¶¶ 13-14; *Bourgeois* Compl. ¶¶ 16-17; *Christophe* Compl. ¶¶ 13-14; *Ferdinand* Compl. ¶¶ 16-17; *Porter* Compl. ¶¶ 12-13; *Richard* Compl. ¶¶ 13-14; *Williams* Compl. ¶¶ 14-15; *see also DePass* Compl. ¶ 16; *Sims* Compl. ¶ 16.

Inasmuch as the statutory phrase "floods or flood waters" definitely encompasses "those waters that a federal project is unable to control," *Central Green*, 531 U.S. at 431, the immunity provided in § 702c certainly covers the waters that are said to have caused these plaintiffs' alleged damage.  The nexus between the flood waters and the flood control project is made plain throughout these complaints and the relevant amendments:  these were flood waters that caused the alleged damage "due to failure of the flood protection system." *Adams* Compl. at 1-2; *Augustine* Compl. at 2; *Bourgeois* Compl. at 2; *Bourgeois* Amended Compl. at 1; *Christophe* Compl. at 1; *Ferdinand* Compl. at 2; *Porter* Compl. at 1; *Porter* Amended Compl. at 1; *Richard* Compl. at 1; *Sims* Compl. at 2; *Sims* Amended Compl. at 1; *Williams* Compl. at 2; *Williams* Amended Compl. at 1; *accord Adams* Amended Compl. at 1; *Christophe* Amended Compl. at 1; *DePass* Compl. at 1-2; *Ferdinand* Amended Compl. at 1; *Richard* Amended Compl. at 1.  The United States is therefore immune to liability in these cases.  *See* R.D. 6194 (Order denying United States' Motion to Certify) at 4-5.

The plaintiffs therefore err in suggesting that "the immunity does not apply to damages due to flooding from the Intracoastal Waterway, the Mississippi River Gulf Outlet, the 17th Street Canal, the Hoey canal or the Inter-harbor Navigational Canal." *Sims* ¶¶ 88(h).  Apparently, they theorize that § 702c does not apply to "damages derive[d] from flooding from waterways neither designed nor operated as federal flood control projects and by-waters not carried by any such

8

federal flood control facility." *Adams* Amended Compl. ¶ 10.B; *Augustine* Amended Compl. ¶ 10.B; *Bourgeois* Amended Compl. ¶ 10.B; *Christophe* Amended Compl. ¶ 10.B; *DePass* Amended Compl. ¶ 10.B; *Ferdinand* Amended Compl. ¶ 10.B; Amended Compl. ¶ 10.B; *Richard* Amended Compl. ¶ 10.B; *Sims* Amended Compl. ¶ 10.B; *Williams* Amended Compl. ¶ 10.B.

Whether the "waterways" were "designed []or operated as federal flood control projects" is not the correct inquiry for purposes of § 702c immunity. The correct question to be asked is, Were the relevant damages "from or by floods or flood waters"? Under this Court's apparent reading of *Central Green,* one more question must be asked: Did the water have a nexus to a flood control project? *See* R.D. 6194 (Order denying United States' Motion to Certify) at 4-5. Both of these questions must be answered affirmatively here because the complaints expressly allege that the relevant damages were caused by "inundation due to [1] flood water which [2] overcame the flood control system designed and constructed by the United States Army Corps of Engineers." *Adams* Compl. ¶ 13; *Augustine* Compl. ¶ 13; *Bourgeois* Compl. ¶ 16; *Christophe* Compl. ¶ 13; *Ferdinand* Compl. ¶ 16; *Porter* Compl. ¶ 12; *Richards* Compl. ¶ 13; *Williams* Compl. ¶ 14.

In the cases at bar, the complaints reveal unmistakably that the alleged damages resulted from a flood and from flood waters that a flood control project was unable to control. This nexus between the damages and the federal flood control project establishes the applicability of § 702c to this case. *See Central Green,* 531 U.S. at 431. Inasmuch as these actions seek to hold the United States liable for damage caused by flood waters that a flood control project was unable to control, they are barred by the Flood Control Act and must be dismissed.

## CONCLUSION

For these reasons, the United States' motion to dismiss should be granted.

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              C. FREDERICK BECKNER III
                              Deputy Assistant Attorney General

                              PHYLLIS J. PYLES
                              Director, Torts Branch

                              JAMES G. TOUHEY, JR.
                              Assistant Director, Torts Branch

                              s/ Robin D. Smith
                              ROBIN D. SMITH
                              Senior Trial Counsel
                              Kara K. Miller
                              Trial Attorney, Torts Branch, Civil Division
                              U.S. Department of Justice
                              Benjamin Franklin Station, P.O. Box 888
                              Washington, D.C.  20044
                              (202) 616-4448 / (202) 616-5200 (Fax)
                              Attorneys for the Defendant United States

## **CERTIFICATE OF SERVICE**

I certify that on July 23, 2007, I served a true copy of the United States' Motion to Dismiss, Memorandum in Support, and Notice of Hearing upon all counsel of record by ECF.

                                      s/ Robin D. Smith
                                          Robin D. Smith