UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATD LITIGATION | * | |
| PERTAINS TO: SEVERED MASS JOINDER CASES | * | NO. 05-4182 |
| | * | |
| *Severed from Abadie, 06-5164* | * | SECTION "K"(2) |
| | * | |
| | * | |
| PAUL SCALIA | * | CIVIL ACTION |
|      Plaintiff | * | |
| | * | NO. 07-2358 |
| STATE FARM FIRE and CASUALTY COMPANY | * | |
|      Defendant | * | SECTION "K"(2) |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**ANSWER TO PLAINTIFF'S SUPPLEMENTAL AND AMENDING COMPLAINT**

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), through undersigned counsel, and in answer to the plaintiff's Supplemental and Amending Complaint Pursuant to Order of Severance dated March 27, 2007 (hereinafter "Complaint"), and upon information and belief, respectfully represents as follows:

**I.**

That each and every averment, allegation and defense asserted in State Farm's Answer and Defenses to the plaintiff's first Supplemental and Amending Complaint Pursuant to Order of Severance dated March 27, 2007 be and are hereby re-alleged and re-averted *in toto* as if copied herein *in extenso*.

1

**II.**

The allegations in paragraph 2 of the plaintiff's Supplemental and Amending Complaint are admitted.

**III.**

The allegations in paragraph 3 of the plaintiff's Supplemental and Amending Complaint are admitted.

**IV.**

State Farm admits that Plaintiff seeks relief described in paragraph 4 of the plaintiff's Supplemental and Amending Complaint but denies that Plaintiff is entitled to any such relief.

**V.**

The allegations in paragraph 5 of the plaintiff's Supplemental and Amending Complaint are admitted.

**VI.**

State Farm admits that plaintiff purchased a homeowners insurance policy from State Farm. State Farm denies that "All Risk Policy" is the name of the homeowners insurance policy issued to the plaintiff.

**VII.**

State Farm denies the allegations in paragraph 7 of the plaintiff's Supplemental and Amending Complaint to the extent they allege that the plaintiff's expectations contrary to the terms of the insurance policy were reasonable.  State Farm is without information sufficient to admit or deny the allegations of plaintiff's expectations and therefore denies them.

## VIII.

State Farm denies that it made any representations contrary to the terms of the homeowner's insurance policy and further denies that plaintiff reasonably could have believed that the homeowners policy would cover and all damage casually related to a hurricane. The remaining allegations in paragraph 8 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## IX.

State Farm admits that it may have supplied the plaintiff an estimate of the replacement cost of plaintiff's home. State Farm denies the allegations in paragraph 9 of the plaintiff's Supplemental and Amending Complaint to the extent they allege State Farm rather than the plaintiff determined the limits of insurance coverage under the plaintiff's policy are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations in paragraph 10 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein with regard to the plaintiff's alleged timely payment of the premiums. State Farm admits it issued a policy of homeowners insurance insuring the property at issue and that said policy was in full force and effect at the time of the plaintiff's loss.

## XI.

State Farm admits that on August 29, 2005, Hurricane Katrina made landfall near Louisiana and denies all additional allegations in paragraph 11 of the plaintiff's Supplemental and Amending Complaint for lack of sufficient information to justify a belief therein.

### XII.

The allegations in paragraph 12 of the plaintiff's Supplemental and Amending Complaint are, to the extent that State Farm is aware of such damage as a result of adjusting an insurance claim of claims made by the plaintiff, admitted.

### XIII.

The allegations in paragraph 13 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein except to admit the plaintiff instituted a claim.

### XIV.

The allegations in paragraph 14 of the plaintiff's Supplemental and Amending Complaint are denied.

### XV.

The allegations in paragraph 15 of the plaintiff's Supplemental and Amending Complaint are denied.

### XVI.

State Farm reavers and realleges its answers to the allegations that the plaintiff realleges in paragraph 16 of their Supplemental and Amending Complaint.

### XVII.

The allegations in paragraph 17 of the plaintiff's Supplemental and Amending Complaint are denied as written. State Farm pleads the applicable State Farm policy to be the best evidence of its contents and denies everything and anything at variance therewith.

## XVIII.

The allegations in paragraph 18 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

## XIX.

The allegations in paragraph 19 of the plaintiff's Supplemental and Amending Complaint are denied.

## XX.

The allegations in paragraph 20 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXI.

The allegations in paragraph 21 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXII.

The allegations in paragraph 22 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXIII.

State Farm reavers and realleges all answers the plaintiff realleges and reavers in paragraph 23 of their Supplemental and Amending Complaint.

## XXIV.

The allegations in paragraph 45 of the plaintiff's Supplemental and Amending Complaint are denied as written. State Farm admits that it owes its policyholders a duty of good faith and fair dealing in the adjustment of covered claims under their insurance policies.

## XXV.

The allegations in paragraph 25 of the plaintiff's Supplemental and Amending Complaint are denied for lack of sufficient information except to admit that the plaintiff instituted a claim pursuant to their State Farm homeowners policy following Hurricane Katrina.

## XXVI.

The allegations in paragraph 26 of the plaintiff's Supplemental and Amending Complaint are denied.  State Farm admits that it owes its policyholders a duty of good faith and fair dealing in the adjustment of covered claims under their insurance policies.

## XXVII.

The allegations in paragraph 27 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXVIII.

The allegations in paragraph 28 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXIX.

The allegations in paragraph 29 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXX.

The allegations in paragraph 30 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXI.

The allegations in paragraph 31 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXII.

The allegations in paragraph 32 of the plaintiff's Supplemental and Amending Complaint are denied as written.

## XXXIII.

The allegations in paragraph 33 of the plaintiff's Supplemental and Amending Complaint are denied as written.

## XXXIV.

The allegations in paragraph 34 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXV.

The allegations in paragraph 35 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXVI.

The allegations in paragraph 36 of the plaintiff's Supplemental and Amending Complaint are denied.

## XXXVII.

The allegations in paragraph 37 of the plaintiff's Supplemental an Amending Complaint do not require an answer from State Farm.

**WHEREFORE**, State Farm Fire and Casualty Company prays that its Answer to the Plaintiff's Supplemental and Amending Complaint Pursuant to Order of Severance dated March 27, 2007 be deemed good and sufficient and that after due proceedings be had there be a judgment rendered in favor of State Farm Fire and Casualty Company and against plaintiff, dismissing all claims asserted in Plaintiff's Supplemental and Amending Complaint Pursuant to

Order of Severance dated March 27, 2007, at plaintiff's cost, and State Farm further prays for any and all equitable, jurisprudential and statutory relief.

                                      Respectfully submitted,

                                      s/ David Strauss
                                      DAVID A. STRAUSS, #24665
                                      LINDSAY A. LARSON, III, #8053
                                      CHRISTIAN A. GARBETT, #26293
                                      ADAM P. MASSEY, #29330
                                      SARAH R. SHANNAHAN, #30957
                                      KING, LEBLANC AND BLAND, P.L.L.C.
                                      201 St. Charles Avenue, Suite 4500
                                      New Orleans, Louisiana 70170
                                      Telephone: (504) 582-3800
                                      Facsimile: (504) 582-1233
                                      Attorneys for State Farm Fire and
                                      Casualty Company
                                      dstrauss@klb-law.com
                                      llarson@klb-law.com
                                      cgarbett@klb-law.com
                                      amassey@klb-law.com
                                      sshannahan@klb-law.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 24th day of July, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties in the litigation.

                                      s/ David Strauss

S:\2900\014\PLEADINGS\DEFENDANT\SUPP ANSWER.DOC