LEXSEE 2007 US DIST LEXIS 28081



Analysis
As of: Jul 11, 2007

### PLAINTIFFS VERSUS ALLSTATE

### CIVIL ACTION CASE NO: 06-617

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*2007 U.S. Dist. LEXIS 28081*

**February 12, 2007, Decided**
**February 12, 2007, Filed**

**PRIOR HISTORY:** *Tomlinson v. Allstate Indem. Co., 2007 U.S. Dist. LEXIS 8075 (E.D. La., Feb. 5, 2007)*

**COUNSEL:**  [*1]  For Lawrence Troy Tomlinson, Elizabeth Bowman Tomlinson, Individually & as parents & natural tutors of Kathleen K. Tomlinson & Sean V. Tomlinson, Plaintiffs: Christy M. Howley, LEAD ATTORNEY, M. Elizabeth Bowman, Bowman & Howley, Gretna, LA; Louis A. Heyd, Jr., Louis A. Heyd, Jr., Attorney at Law, New Orleans, LA.

For Allstate Indemnity Company, Defendant: Judy Y. Barrasso, LEAD ATTORNEY, Michael Joseph Haskell, Richard Edward Sarver, Susan Muller Rogge, Barrasso Usdin Kupperman Freeman & Sarver, LLC, New Orleans, LA; M. Elizabeth Bowman, Bowman & Howley, Gretna, LA.

For Lavina Tomlinson, Movant: Christy M. Howley, LEAD ATTORNEY, M. Elizabeth Bowman, Bowman & Howley, Gretna, LA.

**JUDGES:** Martin L.C. Feldman, UNITED STATES DISTRICT COURT JUDGE. MAGISTRATE: SHUSHAN.

**OPINION BY:** Martin L. C. Feldman

**OPINION**

**CASE MANAGEMENT ORDER NO. 1**

WHEREAS, and upon conferring with counsel for all parties on January 25, 2007, the United States District Court for the Eastern District of Louisiana has experienced the influx of hundreds of cases, and with the expectation that additional cases will soon be removed to and/or otherwise filed in this Court, related to Hurricane Katrina and in view of [*2] the multiple parties to the Hurricane Katrina litigation, and pursuant to *Fed. R. Civ. Pro. 16(b)*, the Court enters this Case Management Order to establish the organization and roles of liaison counsel, the management of documents, and initial disclosures with the goal of facilitating orderly pretrial proceedings, avoiding duplication of effort and unnecessary expense, and addressing the expected duration of all further proceedings in this Court relating to claims between Allstate and its homeowners and flood insureds and related matters.

Nothing in this Case Management Order is intended to slow the resolution of any case. Whenever possible, the Court shall proceed on parallel tracks. For example, individual cases should not needlessly be delayed because of putative class actions or mass tort claims pending in this or other Sections of the Court, nor should simple cases be delayed by cases with multiple issues.

This CMO does not apply to class actions, including but not limited to *Aguilar, et al. v. Allstate Fire & Casualty Insurance Company, et al.,* Case No. 06-4660, and *Henry, et al. v. Allstate Insurance Co.,* Case No. 06-11217.

[*3]  **I. APPLICABILITY OF THIS ORDER.**
The terms of this Case Management Order are effective



**EXHIBIT**

A

as of the date of the filing of the Case Management Order, and shall apply to this case without further order of this Court to any Hurricane Katrina case involving Allstate and its homeowner's and flood insureds currently filed in (see Exhibit "A" hereto), subsequently filed in, transferred to, or removed to Section F of the United States District Court for the Eastern District of the State of Louisiana. Defendant Allstate shall promptly serve a copy of this Order on counsel of record in all new actions.

**II. ORGANIZATION OF COUNSEL.** To assist the Court in coordinating the efforts of all parties, Liaison Counsel shall be designated as follows:

> **A. Defense Liaison Counsel.** The Court has designated Judy Y. Barrasso of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C. as Defense Liaison Counsel. Defense Liaison Counsel shall forward to the appropriate counsel for Allstate any communication from the Court that is designated by the Court as non-case specific.

> **B. Plaintiff Liaison Counsel.** The Court has designated Allan Kanner of Kanner & Whiteley, LLC as Plaintiff [*4] Liaison Counsel. Plaintiff Liaison Counsel shall forward to all plaintiffs' counsel any communication from the Court that is designated by the Court as non-case specific.

Defense and Plaintiff Liaison Counsel shall assemble a committee from their respective groups, subject to Court approval, to assist in the fair and efficient handling of this matter.

**III. DUTIES OF DEFENSE LIAISON COUNSEL**

> **A. Non-case Specific Matters.** Defense Liaison Counsel shall propound, defend, and coordinate all non-case specific motions, discovery pleadings, notices, and other filings involving parties or nonparties.

> **B. Master Service List.** Defense Liaison Counsel shall maintain a Master Service list of all defense counsel of record. Each counsel bears responsibility for notifying Defense Liaison Counsel of any changes necessary to enable him to maintain an accurate and current service list.

> **C. Distribution of Notices of the Court and Pleadings.** Defense Liaison Counsel shall accept and distribute the following to the appropriate counsel for Allstate:

> 1) all designated non-case specific notices of the Court;

> 2) non-case specific pleadings filed and discovery [*5] propounded by Plaintiff Liaison Counsel or his designee. However, this provision does not relieve the plaintiffs of their obligations to serve individualized pleadings or case specific discovery upon counsel for Allstate in the specific case that the pleading or discovery is directed.

> **D. Scheduling.** Defense Liaison Counsel shall meet as appropriate with Plaintiff Liaison Counsel to discuss coordination of non-case specific discovery efforts, scheduling matters, and status conferences, as well as management compliance issues and other matters to further the just and efficient management of these cases. All non-case specific discovery (for example, *Rule 30(b)(6)* depositions on general claims practices) shall be coordinated through Defense and Plaintiff Liaison Counsel.

**IV. DUTIES OF PLAINTIFF LIAISON COUNSEL**

> **A. Non-case Specific Matters.** Plaintiff Liaison Counsel shall propound, defend, and coordinate all non-case specific motions, discovery pleadings, notices, and other filings involving parties or nonparties.

> **B. Master Service List.** Plaintiff Liaison Counsel shall maintain a Master Service list of all plaintiff counsel of record. [*6] Each plaintiff counsel bears responsibility for notifying Plaintiff Liaison Counsel of any changes necessary to enable him to maintain an accurate and current service list.

> **C. Distribution of Notices of the Court and Pleadings.** Plaintiff Liaison Counsel shall accept and distribute the following to the plaintiffs:

1) all designated non-case specific notices of the Court;

2) non-case specific pleadings filed and discovery propounded by Defense Liaison Counsel or his designee. However, this provision does not relieve defendants of their obligations to serve individualized pleadings or case specific discovery upon appropriate counsel for plaintiffs to whom the pleading or discovery is directed.

**D. Scheduling.** Plaintiff Liaison Counsel shall meet as appropriate with Defense Liaison Counsel to discuss coordination of non-case specific discovery efforts, scheduling matters, and status conferences, as well as management compliance issues and other matters to further the just and efficient management of these cases. All non-case specific discovery (for example, *Rule 30(b)(6)* depositions) shall be coordinated through Defense and Plaintiff Liaison Counsel. [*7]

**E.** Plaintiff Liaison Counsel shall also:

1) delegate specific tasks to committee members and other plaintiffs' counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically to further the purposes of the case management order # 1;

2) maintain adequate time and disbursement records covering services as Liaison Counsel and shall instruct all committee members and any other counsel designated pursuant to P(E)(1) to maintain adequate time and disbursement records cover-

ing the specific tasks assigned to them by Liaison Counsel and to submit same to Liaison Counsel on a monthly basis; and

3) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized further by the Court.

## V. PRIVILEGE

Liaison Counsel have an obligation to maintain appropriate communication with other attorneys in their groups, periodically informing them of the progress of the litigation and consulting with them when major decisions affecting their clients must be made.

Communications of any kind, whether written, oral, or electronic, between or [*8] among plaintiffs' counsel shall be privileged. Communications of any kind, whether written, oral, or electronic between or among non-insurer defendants' counsel, insurer defendants' counsel and their respective clients shall be privileged.

## VI. DOCUMENT REPOSITORY

Within 30 days of the signing of this Order, Liaison Counsel and/or his/her designee will meet to discuss the possibility of employing a joint document repository to manage all non-case specific documents.

## VII. DOCUMENTS GENERALLY

**A.** Counsel shall develop and use a system for identifying by a unique number or symbol each non-case specific document produced or referred to during the course of this litigation. Briefs and other communications among the parties or to the Court shall use these identifying features to refer with specificity to the documents. If the documents are produced by persons or entities who are not parties to this action, and those documents are not already identified by a unique numbering system when produced, then the party at whose request the production is made shall be responsible for numbering the documents. The numbering system shall include a prefix or other mark [*9] that will identify the party or third-party that produced the respective document.

B. For all documents provided by defendant to plaintiffs as initial disclosures, defendants will provide to Plaintiff Liaison a basic index including the bates number for each document, the case number to which the document applies, the name of the plaintiff, and a general description of the document.

C. While this litigation is pending, all parties will comply with the federal rules regarding preservation of evidence.

## VIII. PROTECTED DOCUMENTS

A. A party shall produce a privilege log for those documents it is not producing on the basis of privilege within fourteen (14) days of the completion of the production at issue. The log should include the author of the document, the recipient of the document, the document date, and the privilege asserted. A party that inadvertently produces a document that it maintains is privileged shall, upon becoming aware of the inadvertent production, promptly file and serve a notice into the record identifying the document by its specific identifying characteristic, such as by Bates number, Any party that received the document inadvertently produced is [*10] to immediately destroy the document received and all copies thereof, unless it received the original, in which case it shall return the original to the producing party. No use whatsoever may be made of an inadvertently produced privileged document until such time as the producing party withdraws the claim of privilege or the Court determines that the document is not privileged.

B. Liaison Counsel shall work together to propose a joint protective order to safeguard, as appropriate, confidential, proprietary or private information that may be produced during discovery. The order shall address, among other areas agreed to by the parties and/or ordered by this Court, the protection of privacy of confidential claim file information as well as the protection of proprietary claim handling policies and procedures, if any.

## IX. INITIAL DISCLOSURES

The parties in each case to which this Order applies shall begin discovery as soon as possible, consistent with this Order, rather than waiting for the Court to schedule a Rule 16 conference.

The parties have agreed that certain information should be disclosed in an expedited manner, so that the parties can evaluate their respective [*11] cases and to assist the Court in identifying common legal and factual issues among the cases or groups of cases. Accordingly, the requirements for Rule 26(a)(1) initial disclosures are modified by this Order as set forth below.

Production of the initial disclosure is not an admission of relevancy or admissibility of the documents produced.

**A. In lieu of Rule 26(a)(1) Initial Disclosures, plaintiffs shall disclose the following to their insurers:**

1) The identity of each policy of insurance held by, or potentially benefiting, each plaintiff on the date of the loss (including without limitation flood policies). This identification must include the complete name of the insurer, all policy numbers and all claim numbers for claims made for loss(es).

2) The address of each property for which a loss is claimed.

3) Each plaintiff's current address.

4) All documents supporting the claimed covered loss including without limitation, estimates of loss from any source (including other insurers) and receipts.

5) Documents in any way reflecting payments received to date for the loss from any source including other insurers and/or the Federal Emergency Management [*12] Agency ("FEMA"), documents in any way connected with a loan from the United States Small Business Association ("SBA"), and documents in any way connected with an application for and/or an award of a grant from the Louisiana Recovery Authority ("LRA").

6) An itemized statement of damages claimed for each plaintiff for dwelling; contents, including receipts (if available), value, brand, age, and any other identifying information; additional living expenses, including receipts; or other items.

7) In the NFIP cases, plaintiff shall identify (and produce, if necessary) within 30 days of the signing of this Order, each document or documents that the plaintiff is relying upon as satisfying the Proof of Loss requirement of the SFIP at 44 C.F.R. Pt. 61, App. A(1), Art. VII (J)(4).

8) In the NFIP cases, plaintiffs also will provide to the defendants within 60 days of the entry of this Order, a detailed line item documentation as required of the

insured under 44 C.F.R. Pt. 61, App. A(1), Art. VII (J)(3) and (4)(f) and (i).

The purpose of P(7) above is to establish what the plaintiff considers to be his or her proof of loss. As to whether the proof of loss identified by the [*13] plaintiff complies with the law, that issue will be determined on a case-by-case basis in each individual proceeding.

**B. In lieu of Rule 26(a)(1) Initial Disclosures, defendants shall disclose the following to the plaintiffs:**

1) The non-privileged portion of their claim files including, without limitation:

a) all loss reports and damage assessments, which include the names of the adjusters for each claim;

b) all photographs;

c) all claim log notes;

d) record of all payments on the claim;

e) all drafts, adjuster reports, and emails contained in the claim file or specific to that claim;

f) insofar as they exist, reports from any and all vendors or independent companies who handled or reviewed the claim file;

g) insofar as they exist, copies of engineering reports;

h) insofar as it exists, a document created prior to August 29, 2005 and after August 29, 2000 that defines or describes the content of a claim file;

i) all documents sent to Allstate by the insured regarding the claim; and

j) the name of the estimating software used to adjust the plaintiff's claim.

2) It is anticipated that the claim files will contain [*14] an explanation of any monies paid on the respective plaintiff's claim, if any. However, if upon receipt of a specific claim file, there is no explanation of monies paid on plaintiff's claim, defendant insurer will produce an explanation upon plaintiff's informal request within 30 days or upon a time otherwise agreed upon by the parties.

3) Except for the SFIP, which is available on the Internet, a certified copy of the applicable insurance policy or policies in effect on August 29, 2005, including all endorsements.

4) In non-NFIP cases, the underwriting documents pertaining to the policy(ies) in issue upon request.

5) In NFIP cases, all underwriting documents pertaining to the policy(ies) in issue upon request.

The foregoing disclosures by both plaintiffs and defendants are due within 30 days of entry of this Order, except for the underwriting documents for NFIP cases, which will be due 30 days after a request is made. For cases which are consolidated after the entry of this order, the foregoing disclosures are due within 30 days of the transfer, with the NFIP case underwriting documents due 30 days after request.

If Plaintiff Liaison obtains consent from lead plaintiffs [*15] counsel on an individual case, defendant shall provide to Plaintiff Liaison a copy of all initial disclosures regarding the individual case provided by defendant to plaintiff under this case management order.

At the end of the initial disclosure period, Liaison Counsel will meet with the Court to discuss coordination of proceedings of common legal and factual issues.

**X. SETTLEMENT.**

The Court recognizes the value to the parties and the Court in attempting the early settlement of these matters. Accordingly, the Court encourages the parties to engage in non-binding mediation in order to attempt to resolve as many cases as possible. The parties, through Liaison Counsel, are in addition encouraged to jointly consult with and seek the assistance of Professor Francis McGovern in connection with facilitating the consensual resolution of any discovery or case management issues

as well as ultimate resolution or settlement of these cases. In addition the court may consider utilizing the services of Professor McGovern as this litigation progresses for such other or further roles as may be appropriate. Any communications with Professor McGovern shall be deemed to be for settlement [*16] purposes only and will be privileged against disclosure or use in this or any other litigation.

The expenses incurred with respect to the work of Professor McGovern shall be negotiated with Liaison Counsel and the Court. Expenses of Professor McGovern for his first meeting in New Orleans with the NFIP counsel will be paid by Nelsen Law Firm L.L.C.

In each NFIP case where the Proof of Loss and documentation requirements of the SFIP have already been satisfied, where one side believes that invoking the appraisal clause of the SFIP could expedite resolution of the plaintiff's lawsuit, this position should be communicated to the opposing counsel as soon as possible. If the parties are in disagreement as to whether the appraisal clause is suitable in a given lawsuit, the parties are to contact the applicable Magistrate to attempt to resolve that dispute as soon as practicable.

## XI. CONCLUSION

Liaison Counsel shall meet to evaluate the landscape of the cases and possibilities of further organization and coordination after initial disclosures. Within 30 days of the entry of this Order, Liaison Counsel shall submit a joint second case management order proposal to the Court [*17] regarding grouping of cases based on common issues of fact and/or law and subsequent orders to be issued covering coordination of written discovery, depositions, and common issues of law.

The second case management order will address, among other matters, a possible need for supplemental disclosures to facilitate settlement that arise during the initial disclosure process. Liaison Counsel are directed to address without limitation in the second case management order other claims related materials, whether case specific or non-case specific, that are suitable for supplemental discovery as needed to facilitate settlement, and the coordination of non-case specific discovery with similar discovery in the Aguilar and Henry class actions. Counsel reserve the right to meet with the Court regarding discovery needed to facilitate settlement.

As will be further described in the second case management order to be proposed, the depositions of plaintiffs and other case specific witnesses shall proceed in a scheduling track to be agreed upon by the parties. Further, the depositions of claim-specific fact witnesses for Allstate, such as adjusters, shall proceed in a scheduling track to be agreed [*18] upon by the parties.

As further described in detail in the second case management order to be proposed, plaintiffs shall be entitled to depose general knowledge Allstate employees and/or officers concerning issues common to all or substantially all Hurricane Katrina related claims. In addition, these depositions, if plaintiffs so desire, may include a *Fed. R. Civ. P. 30(b)(6)* deposition of Allstate. Such depositions may not be duplicative or repetitive and may be limited in number by the Court, and their depositions will be deemed to have occurred in all cases to which the second case management order applies.

This Court shall hold a status conference on 3/12/07 to address these issues. at 2 p.m.

SO ORDERED this the 12<th> day of FEB., 2007.

Martin L.C. Feldman

UNITED STATES DISTRICT COURT JUDGE