UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA CLOUD | * | CIVIL ACTION NO.: 2006-6093 |
| | * | |
| VERSUS | * | JUDGE: CARL J. BARBIER "J" |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | MAGISTRATE: JOSEPH WILKINSON (2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT"S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Allstate Insurance Company ("Allstate") requests that plaintiff Debra Cloud respond to the following Interrogatories and Requests for Production of Documents within the delays provided in the Federal Rules of Civil Procedure and deliver such responses to Mary Dawn Pugh at the law offices of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., LL&E Tower, Suite 1800, 909 Poydras Street, New Orleans, Louisiana 70112.

### INSTRUCTIONS

A.  With respect to any interrogatory or request for production to which you object under a claim of privilege or other doctrine, please state:

    (1)    The nature of the privilege asserted;

    (2)    Whether the allegedly privileged communication was oral or written;

    (3)    If in writing, then

        (a)    Identify the author of the document;

        (b)    Identify all addresses and recipients of the document or copies thereof;

EXHIBIT "A"    73476

(c) Indicate the date the document bears, or, if undated, the date that it was written or created;

(d) Identify the type of document as, for instance, letter, memorandum, etc.;

(e) Describe the subject matter of the document;

(f) Indicate the nature of the privilege;

(g) Identify any persons who have had access to the document or its contents, or any part thereof; and

(h) State the facts giving rise to the claimed privilege.

(4) If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B. If you cannot answer an interrogatory or request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C. If you have any questions regarding the scope, meaning or intent of these interrogatories or requests for production, please promptly contact undersigned counsel.

## DEFINITIONS

A. The term "Document" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any

2

73476

Our File: 14,528

drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

B. "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C. "You" and "Your" shall mean Plaintiff Debra Cloud, her agents, representatives, attorneys, employees, and all persons acting or purporting to act on her behalf for any purpose or reason whatsoever.

D. "Allstate" shall mean Allstate Insurance Company or any of its agents, employees or representatives.

E. The terms "and" and "or", as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

F. The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

G. The phrases "relate to" or "refer to," and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically

3

73476

or factually connected with the matter.

  H. "Identify" when used with respect to a natural person shall mean to indicate the person's:

  (1) Name;

  (2) Current address, if known, or last known address;

  (3) Current telephone number, if known, or last known telephone number;

  (4) Current employer, if known, or if unknown, then last known employer;

  (5) Current work address, if known, or last known work address; and

  (6) Current work telephone number, if known, or last known work telephone number.

  I. "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

  (1) Its name;

  (2) Its address or the address of its principal place of business;

  (3) Its telephone number; and

  (4) Its state of incorporation, if known.

  J. "Identify" when used with respect to a document means to state the date of the document, identify the author, all addressees and recipients of the document, and to describe the subject matter of the document. Alternatively, you may identify a document by appending a copy thereof to your Answers to these Interrogatories and designate Interrogatory or Interrogatories to which the document is responsive.

73476

Our File: 14,528

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each individual who you believe has information or knowledge regarding the facts or circumstances of this case, and provide a brief synopsis of the knowledge that you believe he or she possesses.

**INTERROGATORY NO. 2:**

Identify each and every witness you may call at the trial of this matter, and provide a brief factual summary of his or her anticipated testimony.

**INTERROGATORY NO. 3:**

Identify each person whom you or your attorney may call as an expert witness at the trial of this matter, including the person's name, address, occupation, field of expertise and qualifications as an expert; the subject matter to which the person is expected to testify; the substance of the facts and opinions to which the person is expected to testify; and a summary of the grounds for such opinion.

**INTERROGATORY NO. 4:**

Identify all insurance policies that provide or have provided any coverage for the property located at 5610 Samovar, New Orleans, Louisiana, from August 1, 2005 to the present.

**INTERROGATORY NO. 5:**

Provide the following information for any claim made to an insurer, to the Small Business Administration, to the Road Home Program, or FEMA for property damage or loss at 5610 Samovar, New Orleans, Louisiana since August 29, 2005:

    1.    Date claim was made and to whom;

    2.    Amount of claim;

       3.       Type of damage giving rise to claim; and

       4.       Amount paid on claim and date of receipt

       5.       Identify all documents relating to the claim

**INTERROGATORY NO. 6:**

Identify all mortgage companies or other entities or individuals having any interest in the property located at 5610 Samovar, New Orleans, Louisiana and the nature and extent of such interest, and identify all documents relating to or evidencing that interest.

**INTERROGATORY NO. 7:**

Identify all loss or damage the property at 5610 Samovar, New Orleans, Louisiana is alleged to have suffered as a result of Hurricane Katrina, including, but not limited to, those damages that You contend occurred as a result of wind damage, and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 8:**

Identify each item of damage the property located 5610 Samovar, New Orleans, Louisiana suffered as a result of Hurricane Katrina that you contend was covered under Allstate homeowner policy no. 031158906, the reason(s) you believe such damage is covered under the policy, and any and all other facts related to this claim, including identification of any documents relating thereto.

**INTERROGATORY NO. 9:**

Identify all persons or entities that have inspected the property located at 5610 Samovar, New Orleans, Louisiana since August 29, 2005, and/or investigated damage or loss caused to the property as a result of Hurricane Katrina and identify all documents relating to such inspection or investigation.

73476

Our File: 14,528

**INTERROGATORY NO. 10:**

Identify all estimates to replace or repair any property that you contend was covered under homeowner policy no. 031158906 and damaged as a result of Hurricane Katrina. For each such estimate, provide the following information:

1. Amount of repair estimate;
2. Description of services to be performed or items to be repaired or replaced;
3. Identity of person or entity providing the estimate; and
4. Date of estimate.

**INTERROGATORY NO. 11:**

Identify all amounts that you have spent to date to repair or replace any property or items that you contend were covered under homeowner policy no. 031158906 and damaged as a result of Hurricane Katrina. For each such amount, provide the following information:

1. Amount of repair/replacement;
2. Description of item repaired or replaced;
3. Identity of person or entity performing repair or providing replacement;
4. Date of repair or replacement; and
5. Identify all documents relating to the repair or replacement, including receipts or other documentation evidencing payment.

**INTERROGATORY NO. 12:**

Identify all facts and documents that support your contention that Allstate acted in bad faith, acted arbitrarily and capriciously, and should be subjected to penalties under La. R.S. 22:658 and La. R.S. 22:1220 in the handling/adjustment of the homeowner's claim you

submitted to Allstate for damage allegedly caused to the property located at 5610 Samovar, New Orleans, Louisiana as a result of Hurricane Katrina.

**INTERROGATORY NO. 13:**

Provide an itemized statement of all damages sought against Allstate Insurance Company in this action of any kind or nature whatsoever, including, but not limited to, any and all compensatory damages, penalties or punitive damages, and identify all documents relating thereto.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to damage or loss to the property located at 5610 Samovar, New Orleans, Louisiana as a result of Hurricane Katrina, including, but not limited to, photographs, engineering reports, loss adjuster reports, repair estimates, correspondence and receipts for repairs or replacement of damage.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to any appraisal of the property located at 5610 Samovar, New Orleans, Louisiana from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to any claim submitted to any insurance company or other entity for damage caused by Hurricane Katrina to the property at 5610 Samovar, New Orleans, Louisiana, including, but not limited to, documents reflecting payments received for such claims.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any mortgages held on the property located at 5610 Samovar, New Orleans, Louisiana from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to or referring to any communications between you and Allstate from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to all insurance policies that covered the property located at 5610 Samovar, New Orleans, Louisiana, from August 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that support the damages you seek to recover through this action.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to Allstate Claim No. 5113701606, including but not limited to any and all correspondence with Allstate.

**REQUEST FOR PRODUCTION NO. 9:**

All documents identified in your Answers to Interrogatories that have not otherwise been produced.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that you intend to introduce at trial of this action.

Respectfully submitted,

_____
Judy Y. Barrasso, 2814
Mary Dawn Pugh, 30025
  OF
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
LL&E Tower, Suite 1800
909 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company

9

73476

Our File: 14,528

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Defendants' First Set of Interrogatories and Requests For Production of Documents to Plaintiff has been served upon all counsel of record by facsimile, hand delivery or by placing same in the United States mail, postage prepaid and properly addressed, this 9th day of March, 2007.

73476

Our File: 14,528

# BARRASSO · USDIN · KUPPERMAN
# FREEMAN & SARVER, L.L.C.
- COUNSELLORS AT LAW -

**Mary Dawn Pugh**
Direct Dial: (504) 589-9764
Direct Fax: (504) 589-9964
E-Mail: mpugh@barrassousdin.com

Our File Number

14,528

May 31, 2007

**Via U.S. Mail**

Michael D. Riley, Esq.
833 Baronne Street
New Orleans, Louisiana 70113

>   Re:   *Debra Cloud v. Allstate Insurance Company*, USDC,
>         No. 06-6093, Div. J, Sect. -2, consolidated with,
>         *In Re: Katrina Canal Breaches Consolidated Litigation*,
>         USDC, No. 05-4182

Dear Mr. Riley:

Over the last few months, I have left several messages for you regarding the *Cloud* matter, and spoken with Tiffany in your office as well. I have tried repeatedly to contact you to ask that you and your client make a settlement demand, and that you please contact me to discuss this issue. Also, I ask that you please provide me a copy of your disclosures pursuant to Judge Duval's CMO #4.

After May 31, 2007, please contact Craig Isenberg in this office to discuss the *Cloud* matter. His direct line is 589-9753.

Sincerely,

Mary Dawn Pugh

MDP/gpc

# EXHIBIT "B"

504-589-9700 · FAX: 504-589-9701
L L & E TOWER · 909 POYDRAS STREET, SUITE 1800 · NEW ORLEANS, LOUISIANA 70112

86622

# BARRASSO·USDIN·KUPPERMAN FREEMAN & SARVER, L.L.C.
### -COUNSELLORS AT LAW-

**Jeanmarie LoCoco Nicholson**
Direct Dial: (504) 589-9729
Direct Fax: (504) 589-9929
E-Mail: jnicholson@barrassousdin.com

Our File Number

14,528

July 6, 2007

**Via U.S. Mail**

Michael D. Riley, Esq.
833 Baronne Street
New Orleans, Louisiana 70113

    Re:    *Debra Cloud v. Allstate Insurance Company*, USDC,
            No. 06-6093, Div. J, Sect. -2, consolidated with,
            *In Re: Katrina Canal Breaches Consolidated Litigation*,
            USDC, No. 05-4182

Dear Mr. Riley:

        We are at a loss as to why you have remained silent to our efforts to either discuss settlement or move the captioned matter forward. Unless we either hear from you or receive the plaintiff's Rule 26 disclosures on or before Friday, July 15, we will have to file a motion to compel the disclosures. Prior to our moving the defense of this matter forward, we invite you to tell us what is your clients' settlement demand.

                                      Sincerely,

                                      Jeanmarie LoCoco Nicholson

JLN/cml
bcc:   Nick Papastratakos (npapastr@allstate.com)
C – 5113701626

# EXHIBIT "C"

504-589-9700 · FAX: 504-589-9701
L L & E TOWER · 909 POYDRAS STREET, SUITE 1800 · NEW ORLEANS, LOUISIANA 70112

88926