UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § § § § | CIVIL ACTION<br><br>No. 05-4182<br><br>SECTION "K"<br>JUDGE STANWOOD R. DUVAL, JR.<br><br>MAG. DIV. 2<br>MAG. JOSEPH C. WILKINSON, JR. |
| _____ | | |
| PERTAINS TO: | | |
| INSURANCE (Latapie, No. 06-7286) | | |
| _____ | | |

## ANSWER

COMES NOW, The Standard Fire Insurance Company (Standard Fire), incorrectly referred to as St. Paul Travelers Insurance Company, who for answer to the Amended Petition for Damages avers as follows:

1. With respect to the allegations of Paragraph I of the Amended Petition for Damages, Standard Fire reiterates and adopts as if set forth herein fully its answer to the original petition.

2. The allegations contained in Paragraph II of the Amended Petition for Damages are denied for lack of sufficient information on which to justify a belief.

3. The allegations contained in Paragraph III of the Amended Petition for Damages are denied for lack of sufficient information on which to justify a belief.

4. The allegations contained in Paragraph IV of the Amended Petition for Damages are denied.

**AND NOW,** further answering, Standard Fire affirmative avers as follows:

### First Affirmative Defense

The complaint fails to state a claim against Standard Fire upon which relief can be granted.

### Second Affirmative Defense

Standard Fire denies any liability to plaintiff.

### Third Affirmative Defense

The claims are barred, in whole or in part, by the terms, conditions, limitations and exclusions of the Policy.

### Fourth Affirmative Defense

Standard Fire has no obligations under the Policy unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, have been satisfied.  The Policy conditions include, but are not limited to, those detailed in the provisions titled "Insurable Interest and Limit of Liability," "Your Duties After Loss", "Loss Settlement", "Appraisal," "Other Insurance", "Loss Payment," and "No Benefit to Bailee."  To the extent the Plaintiff has not satisfied or has violated any conditions precedent or subsequent identified in the Policy, or have failed to comply with all the terms of the Policy, Standard Fire has no liability under the Policy.

### Fifth Affirmative Defense

The Policy provides coverage (consistent with its terms, conditions, limitations and exclusions) only for direct physical loss to personal property owned or used by an insured. Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted are not for

direct physical loss to personal property owned or used by the insured within the meaning of the Policy.

### Sixth Affirmative Defense

Coverage is provided only for loss caused by a peril insured against as defined in the Policy. Plaintiff's claims are barred, in whole or in part, to the extent that the claims are not for loss caused by a peril insured against as defined in the Policy.

### Seventh Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by water damage as defined in the Policy.

### Eighth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiff seeks to recover losses attributable to an ordinance or law as defined in the Policy.

### Ninth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by earth movement as defined in the Policy.

### Tenth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by power failure as defined in the Policy.

### Eleventh Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by neglect as defined in the Policy.

### Twelfth Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

### Thirteenth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by faulty, inadequate or defective planning, zoning, development, surveying sitting; or faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; or faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; or faulty, inadequate or defective maintenance.

### Fourteenth Affirmative Defense

Coverage is barred, in whole or in part to the extent Plaintiff seeks to recover additional living expenses that are not attributable to an "Insured" within the meaning of the Policy.

### Fifteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiff seeks to recover loss of use or loss of rental that is barred by the Policy language.

### Sixteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiff seeks to recover losses that are not attributable to debris removal within the meaning of the Policy.

**Seventeenth Affirmative Defense**

To the extent Standard Fire may have any liability under the Policy, that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the Policy or in any endorsement.

**Eighteenth Affirmative Defense**

To the extent coverage exists, coverage may be limited, in whole or in part, by the loss to a pair or set language in the Policy.

**Nineteenth Affirmative Defense**

Coverage is precluded, in whole or in part, by the following language in the Policy issued to Plaintiff:

> **Suit Against Us.**  No action can be brought unless the policy provisions have been complied with. . . .

**Twentieth Affirmative Defense**

To the extent coverage exists, coverage is limited by the loss settlement provision language of the Policy.

**Twenty-First Affirmative Defense**

Coverage is barred for Plaintiff's claim, in whole or in part, to the extent Plaintiff seeks damages for fungi and mold that is excluded by the terms, conditions, limitation and exclusions of the Policy.

**Twenty-Second Affirmative Defense**

Standard Fire affirmatively avers that at all times it (i) acted in good faith, exercised due care, did not act in an arbitrary or capricious manner, (ii) properly and adequately complied with

all provisions of the Policy and all applicable law, rules or regulations, and (iii) breached no duty or obligation owed to Plaintiff.  Standard Fire further affirmatively avers that this lawsuit was filed as the result of a bona fide dispute between Standard Fire and Plaintiff.

### Twenty-Third Affirmative Defense

Any liability under the Policy is excluded or reduced to the extent that the Plaintiff has other insurance applicable to the claim.

### Twenty-Fourth Affirmative Defense

Any liability under the Policy is excluded, reduced or set-off to the extent payment has already been made to Plaintiff for his alleged damages.

### Twenty-Fifth Affirmative Defense

The claim is precluded to the extent that Plaintiff seeks damages that are excluded or limited by the Policy.

### Twenty-Sixth Affirmative Defense

Standard Fire further reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Standard Fire's ongoing investigation and discovery.

### Twenty-Seventh Affirmative Defense

Because the complaint does not provide sufficient specificity of the allegations, Standard Fire reserves the right to raise any and all defenses under the Policy or applicable law.

Standard Fire requests that the Court dismiss with prejudice all claims by Plaintiff against Standard Fire at Plaintiff's cost and grant all other general and equitable relief to which Standard Fire may be entitled.

Respectfully submitted:

S/ Gary J. Russo
Gary J. Russo, #10828
Douglas C. Longman, Jr. #8719
Camille Bienvenu Poché #22597
Attorneys for The Standard Fire Insurance Company
PERRET DOISE, A.P.L.C.
P. O. Drawer 3408
Lafayette, LA  70502-3408
Telephone:  (337) 262-9000
Fax:  (337) 262-9001

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2007 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Michael D. Riley by operation of the court's electronic filing system.

S/ Gary J. Russo