UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MR-GO

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS' RESPONSES TO INTERROGATORIES AND TO DETERMINE THE
SUFFICIENCY OF PLAINTIFFS' ANSWERS TO REQUESTS FOR ADMISSIONS**

## INTRODUCTION

Defendants' motion to compel further responses to interrogatories by the MR-GO Master Class Action Plaintiffs ("Plaintiffs") and to determine the sufficiency of Plaintiffs' responses to requests for admissions is an attempt to use the technicalities of the discovery rules to force a premature termination of this litigation. The discovery rules are intended to be self-executing and require a degree of cooperation between the parties; the facts underlying Defendants' requests for admissions and special interrogatories evince Defendants' refusal to work with Plaintiffs to enable them to provide complete responses to Defendants' discovery:

• On June 15, 2007, Defendants made 1200 boxes of documents available in New Orleans for inspection by the Plaintiffs in the Mississippi River-Gulf Outlet ("MR-GO") and

1

flood control failure (the "Levee Case") cases. *See* Declaration of Pierce O'Donnell (the "O'Donnell Declaration"). The document inspection was conducted on Defendants' behalf by CACI International, Inc. ("CACI"), and Plaintiffs' counsel arranged for lawyers and paralegals from the involved law firms to travel to New Orleans to inspect these documents. *Id.* This effort included four paralegals from California firms. *Id.*

- On June 29, 2007, CACI representatives informed the document review team members that there were an additional 400 boxes of materials to be produced by the week of July 9, 2007. *Id.* Based on these representations, two paralegals from the law firm of O'Donnell & Associates PC remained in New Orleans for the entire week at great expense; however, by July 13, 2007, it was clear that the documents would not be provided. *Id.* Indeed, only 50 of the promised 400 boxes were made available on or about July 19, 2007, and as of the date of this opposition, all of the remaining documents have yet to be made available by Defendants. *Id*

- Defendants served Plaintiffs with requests for admissions and special interrogatories on April 30, 2007, and Plaintiffs served timely responses to this discovery on June 14, 2007. Since much of the relevant documentation had not been reviewed by Plaintiffs, many of their responses – by necessity – indicated that Plaintiffs were not prepared to provide complete answers. *Id.*

- In addition, Defendants have not yet produced to Plaintiffs' counsel copies of the documents selected for scanning during the recent document review. Thus, counsel have not yet had a chance to study these documents, much less to confer with their experts about their import.

- Defendants insisted on a telephone conference with Plaintiffs' counsel to discuss their claimed shortcoming with Plaintiffs' discovery responses, but they failed to provide

Plaintiff with a written "meet and confer" letter prior to this telephone conference, which would have provided a meaningful basis for discussion. *Id.*

- The telephone conference took place on the morning of Monday, July 9, 2007. During this conversation, Plaintiffs' counsel suggested that Defendants provide a letter outlining their concerns with Plaintiffs discovery responses and that the parties reconvene the telephonic meeting in a few days to discuss Defendants' correspondence. *Id.* DOJ attorney Brian Bowcut insisted that the Federal Rules of Civil Procedure and the local rules for the Eastern District of Louisiana did not mandate the preparation of such a "meet and confer" letter, and he insisted that the parties address the alleged discovery response deficiencies at the July 9, 2007 conference.

- At the close of the meeting, Plaintiffs requested additional time within which to provide Defendants with supplemental discovery responses. Mr. Bowcut initially insisted that he would not wait until the end of the week to receive the supplemental responses, but he finally relented, allowing Plaintiffs to provide supplemental responses by July 17, 2007. *Id.*

- Plaintiffs served Defendants with supplemental responses to the requests for admission on July 17, 2007. Plaintiffs, however, did not have sufficient time to provide Defendants with the requested supplemental responses to the interrogatories by July 17, 2007. A supplemental response to the interrogatories will be provided to Defendants and the Court prior to the August 1, 2007 hearing on this motion.

- Defendants served Plaintiffs with this motion the following morning, July 18, 2007, which had been filed the previous day, July 17, 2007, even though Defendants had agreed to allow Plaintiffs to file supplemental responses by that day. Moreover, the motion to determine the sufficiency of Plaintiffs' responses to the requests for admission was *predicated on Plaintiffs'*

3

*initial responses*, and there *is no mention of the supplemental responses served on Defendants.*

As noted above, Plaintiffs will provide Defendants and the Court with supplemental interrogatory responses prior to the hearing on this motion. Defendants' objections to the responses to the requests for admission, however, lack any merit. Defendants' motion is based on Plaintiffs' original June 14, 2007 responses, while Plaintiffs served supplemental answers on July 17, 2007. Defendants' motion to determine the sufficiency of Plaintiffs' answers to requests for admissions is therefore moot.

Moreover, Defendants motion inappropriately seeks to have this Court reassess Plaintiffs' denials to Defendants' requests for admissions. Fed. R. Civ. P. 36 provides that a denial is a proper response to a request for admission, and there is no authority for Defendants' request for reexamination of its denials. As noted by the District Court in *Foretich v. Chung*, 151 F.R.D. 3, 4 (D.D.C. 1993):

> The defendants cite . . . Rule [36(a)] for the proposition that a Court is authorized, at this stage of the proceedings, to make a factual determination of the accuracy of a party's denial. The plain text of the Rule does not authorize such an order and the defendants have cited no precedents in which, on a Rule 36 motion, a court ordered a matter admitted because a party's unequivocal denial of a request for an admission was unsupported by the evidence.

*Id.* at 4. *See also Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D.Minn. 1997) ("Rule 36(a) does not authorize a Court to prospectively render determinations

concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence.").

The request for admission responses, which stated Plaintiffs have insufficient information to admit or deny the request for admission, were asserted in good faith. Indeed, since much of the information required to respond to these requests are in Defendants' possession, and Defendants have neither made all the relevant information available, or provided Plaintiffs with copies of documents reviewed and scanned, it is disingenuous for Defendants to insist on further answers when the Defendants have not produced all the documents necessary for a complete response. Accordingly, this Court should deny this motion to compel.

## LEGAL ARGUMENT

1. **Defendants' Motion to Determine the Sufficiency of Plaintiffs' Responses to Requests for Admissions is Moot Since Plaintiff's Provided Defendants With Supplemental Responses**

As noted in the introduction, Plaintiffs supplemented their responses to Defendants' requests for admission on July 17, 2007, and, therefore, Defendants' motion to determine the sufficiency of Plaintiffs' answers is moot since it is based solely on Plaintiffs' original June 14, 2007 responses. Indeed, at p. 9 of Defendants' motion, they take issue with the following qualified denial *in Plaintiffs' original response* to request for admission no. 25:

> [T]hat the USACE coordinated or communicated with the USFWS of the United States Department of Interior ("DOI") prior to submitting House Doc. No. 245 to Congress in 1951. Responding Parties further deny that the USACE ever informed Congress,

5

formally or informally, of any of the USFWS's or the DOI's objections or concerns with respect to the MR-GO prior to 1965.

Defendants' Motion at p. 9.

Defendant's supplemented response to request for admission no.25 contained no objections and unequivocally denied the request for admission. O'Donnell Decl., Exh. A). Defendants' motion to determine the sufficiency of Plaintiffs' responses to Defendants' requests for admission is fatally flawed since it is based on the wrong discovery responses. This Court, therefore, should deny Defendants' motion.

3.  **Plaintiffs Are Not Required to Blindly Accept Defendants Interpretation of the Law and Facts in Responding To Requests for Admission, Nor Is There Any Authority Permitting Defendants to Challenge the Sufficiency of A Denial**

Requests for admission "are not a discovery device but are designed to narrow the issues for trial." *McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, --- F.R.D. ----, 2007 WL 1880305 at p. 3 (D.D.C. 2007). "'Therefore, requests for admissions . . . 'are not to be treated as substitutes for discovery processes to uncover evidence . . . .'" *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal. 1998) (citations omitted). *See also Workman v. Chinchinian*, 807 F.Supp. 634, 648 (E.D.Wash. 1992) ("Rule 36 is not to be used as a discovery device and if the plaintiffs wish to discover what the facts are they should resort to other discovery rules rather than Rule 36."); 8A Wright & Miller, Fed. Prac. & Proc. Civ.2d § 2253 (" Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.").

Since requests for admission are intended to "narrow the issues for trial," the language used in crafting a request for admission assumes greater importance, and a propounding party cannot insist that an answering party respond to a request for admission based solely on the language used in the request when that language is inexact or carries legal implications far beyond the scope of the plain text. As the District Court astutely noted in *Russo v. Baxter Healthcare Corp.*, 51 F.Supp.2d 70 (D.R.I. 1999):

> Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. . . . They exist to narrow the issues at trial where the parties *unambiguously agree*. The fact is that parties in litigation conflict. They believe different things, and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently. . . . Baxter makes a strident argument that this Court should interpret words in the way that Baxter or a certain dictionary sees fit. That is not so. An answering party may always object to vague wording, but *where it can reasonably interpret the words in one fashion, it may answer that way*.

*Id.* at 79 (emphasis added).

Fed. R. Civ. P. 36 also authorizes a party to deny a request for admission, and the Rule does not permit a party to challenge the propriety of a denial during pretrial discovery. As noted in the introduction, "there is simply no provision of the Federal Rules allowing a party to litigate

7

a denied request for an admission at this stage of the proceedings." *Foretich*, 151 F.R.D. at 5. Moreover, "[u]nder the defendants' theory the Court could be called upon to decide each and every factual issue presented by a request for an admission, *adding yet another arrow in the quiver of those who seek to delay litigation.*" *Id.* (emphasis added).

Finally, requests for admissions cannot be used to force concessions on questions of law or disputed legal issues. As the District Court observed in *People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432 (N.D.Cal. 1955):

> Although the cases do not entirely agree on what matters are 'facts' and thus proper subjects of requests for admission, and what matters are 'conclusion and opinion,' and therefore improper, there is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case.

*Id.* at 436.

Plaintiffs' supplemental responses to Defendants' requests for admissions denied request for admission nos. 1-6, 25-28, 30, 33, 35-38, & 41-50. Fed. R. Civ. P. 36 permits such a denial, and Defendants cannot ask that this Court force Plaintiffs to change their response. Request for admission nos. 7-24, 29 – 32, 39, & 40 were answered with the statement that Plaintiffs had insufficient information to admit or deny the request for admission. These responses were accurate and stated in good faith. For example, requests for admission nos. 7 through 24 asked Plaintiffs to admit that parties – other than defendants – either designed, constructed, or

maintained levees or floodwalls at various locations. Until Plaintiffs have had an opportunity to review the documents produced by Defendants, there is simply no way for Plaintiffs to answer this request for admission. Accordingly, this Court should deny Defendants' motion to determine the sufficiency of Plaintiffs' answers to requests for admission.

  **4. Plaintiffs Will Provide The Court and Defendants With Supplemental Interrogatory Responses to Defendants' Interrogatories**

As stated in the introduction, Plaintiff merely needed additional time to provide Defendants with information requested in their interrogatories. Accordingly, Plaintiffs will provide Defendants and the Court with supplemental interrogatory responses prior to the August 1, 2007 hearing date on Defendants' motion to compel further responses. Plaintiffs therefore respectfully request that this Court either take Defendants' motion of calendar, or that it deny Defendants motion to compel.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants motion to compel further responses to interrogatories and to determine the sufficiency of Plaintiffs' answers to interrogatories.

          Respectfully Submitted,

          MRGO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

          PIERCE O'DONNELL (*pro hac vice*)
          MRGO PSLC Liaison Counsel
          O'Donnell & Associates PC
          550 South Hope Street, Suite 1000
          Los Angeles, California 90071-2627
          Telephone: (213) 347-0290

Facsimile: (213) 347-0299
Email: pod@oslaw.com

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
Law Office of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: **jbruno@jbrunolaw.com**


MRGO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MRGO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: **jimr@wrightroy.com**

MRGO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

s/ Jonathan Andry
LA. Bar Roll Number: 20081
The Andry Law Firm, LLC
610 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 586-8899
Facsimile: (504) 585-1788
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I, Pierce O'Donnell, hereby certify that on July 24, 2007, I caused to be served Plaintiffs' Opposition to Defendants' Motion to Compel Plaintiffs' Responses to Interrogatories and to Determine the Sufficiency of Plaintiffs' Answers to Requests for Admissions, upon Defendants' counsel, Robin D. Smith, Catherine Corlies, Traci Colquette, and Jim McConnon by email at robin.doyle.smith@usdoj.gov; catherine.corlies@usdoj.gov, traci.colquette@usdoj.gov, and jim.mcconnon@usdoj.gov ; and U.S. mail addressed to the United States Department of Justice, Torts Branch, Civil Division, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044.

_____
Pierce O'Donnell