# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MR-GO

---

**DECLARATION OF PIERCE O'DONNELL IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO INTERROGATORIES AND TO DETERMINE THE SUFFICIENCY OF
PLAINTIFFS' ANSWERS TO REQUESTS FOR ADMISSIONS**

---

## DECLARATION OF PIERCE O'DONNELL

I, Pierce O'Donnell declare as follows:

1.      I am an attorney licensed to practice before the Courts of the State of California.  I

am a member of O'Donnell and Associates PC, co-counsel of record for Plaintiffs

and have been admitted to practice before this Court *pro hac vice* in connection

with this action.  I have personal knowledge of the matters set forth herein, except

for those matters stated on information and belief, and as to those matters, I am

informed and believe them to be true.  If called as a witness, I could and would

testify competently to the following:

2.      On June 15, 2007, Defendants made 1200 boxes of documents available in New

1

Orleans for inspection by the Plaintiffs in the Mississippi River-Gulf Outlet ("MR-GO") and flood control failure (the "Levee Case") cases. The document inspection was conducted on Defendants' behalf by CACI International, Inc. ("CACI"), and Plaintiffs' counsel arranged for lawyers and paralegals from the involved law firms to travel to New Orleans to inspect these documents. *Id.* This effort included three paralegals from my firm and one other law clerk from an another California co-counsel.

3.     On June 29, 2007, CACI representatives informed the document review team members that there were an additional 400 boxes of materials to be produced by the week of July 9, 2007. *Id.* Based on these representations, two paralegals from my firm remained in New Orleans for the entire week at great expense; however, by July 13, 2007, it was clear that the documents would not be provided. Indeed, only 50 of the promised 400 boxes were made available on or about July 19, 2007, and as of the date of this declaration, all of the remaining documents have yet to be made available by Defendants.

4.     Defendants served Plaintiffs with requests for admissions and special interrogatories on April 30, 2007, and Plaintiffs served timely responses to this discovery on June 14, 2007. Since much of the relevant documentation had not been reviewed by Plaintiffs, many of their responses – by necessity – indicated that Plaintiffs were not prepared to provide complete answers. *Id.*

5.     In addition, Defendants have not yet produced to Plaintiffs' counsel copies of the documents selected for scanning during the recent document review. Thus,

counsel have not yet had a chance to study these documents, much less to confer with their experts about their import.

6.    Defendants insisted on a telephone conference with Plaintiffs' counsel to discuss their claimed shortcoming with Plaintiffs' discovery responses, but they failed to provide Plaintiff with a written "meet and confer" letter prior to this telephone conference, which would have provided a meaningful basis for discussion.

7.    The telephone conference took place on the morning of Monday, July 9, 2007. During this conversation, Plaintiffs' counsel suggested that Defendants provide a letter outlining their concerns with Plaintiffs discovery responses and that the parties reconvene the telephonic meeting in a few days to discuss Defendants' correspondence. DOJ attorney Brian Bowcut insisted that the Federal Rules of Civil Procedure and the local rules for the Eastern District of Louisiana did not mandate the preparation of such a "meet and confer" letter, and he insisted that the parties address the alleged discovery response deficiencies at the July 9, 2007 conference.

8.    At the close of the meeting, I requested additional time within which to provide Defendants with supplemental discovery responses. Mr. Bowcut initially insisted that he would not wait until the end of the week to receive the supplemental responses, but he finally relented, allowing Plaintiffs to provide supplemental responses by July 17, 2007.

9.    My office Plaintiffs served Defendants with supplemental responses to the requests for admission on July 17, 2007. A true and correct copy of these

3

supplemental responses to Defendants' requests for admissions is attached hereto as Exhibit A. I, however, did not have sufficient time to provide Defendants with the requested supplemental responses to the interrogatories by July 17, 2007. A supplemental response to the interrogatories will be provided to Defendants and the Court prior to the August 1, 2007 hearing on this motion.

I declare under penalty of perjury under the laws of the States of California and Louisiana and the United States that the foregoing is true and correct and that this declaration is executed this 24th day of July, 2007 in Los Angeles, California.

Pierce O'Donnell

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MR-GO

---

**THE MRGO PLAINTIFFS' AMENDED RESPONSES TO DEFENDANT UNITED
STATES OF AMERICA'S FIRST SET OF REQUESTS FOR ADMISSIONS**

PURSUANT TO ¶ IV(B)(h) of Case Management and Scheduling Order No. 4 and Rule

36 of the Federal Rule of Civil Procedure, the MR-GO PSLC, on behalf of the consolidated class

action representatives, provides the following amended objections and responses to Defendant

the United States' First Set of Requests for Admissions.

**PRELIMINARY STATEMENT**

By providing answers to these Requests for Admissions, Responding Parties do not

concede the relevancy, materiality, or admissibility of any information sought by any of the

Requests for Admissions, or any response hereto. Plaintiffs' responses are made subject to and

without waiver of any objections as to the relevancy, materiality, privilege, or admissibility as

evidence or for any other purpose, of any of the information referred to, or of the responses given

herein, or of the subject matter thereof, in any proceeding, including any arbitration of this action

or any other subsequent proceeding.

1

Further, Responding Parties' responses have been made after a reasonable inquiry and are based solely on information presently known to them before they have had any opportunity to review any discovery responses or documents produced by Defendants in this litigation.

## REQUESTS FOR ADMISSIONS, OBJECTIONS, AND RESPONSES

REQUEST FOR ADMISSION NO. 1:

Admit that the United States Army Corps of Engineers ("USACE") could not legally implement the hurricane flood protection project authorized by Pub. L. No. 89-298 (Oct. 27, 1965) without approval of the State of Louisiana through its legal entities, including the Board of Commissioners of the Orleans Parish Levee District ("OLD") and the Board of Commissioners of the Lake Borgne Basin Levee District ("LBLD").

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding Parties object to this Request for Admission on the grounds that it calls for a legal conclusion or opinion about the meaning and applicability of the Flood Control Act of 1965, P. L. No. 89-298 (Oct. 27, 1965) ("Lake Pontchartrain and Vicinity Hurricane Flood Protection Plan" or "LPVHPP"). Responding Parties further object to this Request for Admission on the grounds that it is vague and ambiguous. Specifically, this Request for Admission, as phrased, implies the existence of some legal impediment barring the United States Army Corps of Engineers ("USACE") from taking some action, but this Request for Admission is unclear as to whether that legal impediment is contained within the statutory terms of the LPVHPP or some other State or federal law.

The Request for Admission, as written, is also vague and ambiguous and calls for

2

speculation because it assumes that the USACE could not act under the LPVHPP because there was no "approval of the State of Louisiana through its legal entities, including the Board of Commissioners of the Orleans Parish Levee District ("OLD") and the Board of Commissioners of the Lake Borgne Basin Levee District ("LBLD")." The Request for Admission, however, does not specify what precisely these entities should have "approved" in order to trigger the USACE's duty to act.  Accordingly, Responding Parties would be forced to speculate as to the nature of the "approval."

Finally, this Request for Admission is irrelevant and assumes facts not in evidence. Propounding Parties have presented no evidence of any relationship between flood control structures constructed pursuant to the LPVHPP and the Mississippi River-Gulf Outlet ("MR-GO").

Accordingly, without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.

REQUEST FOR ADMISSION NO. 2:

Admit that the Report of the Chief of Engineers in House Document 89-231 and its accompanying reports and recommendations reflect that the U.S. Corps of Engineers noted the problem of "[h]urricane damages result[ing] from surges entering Lake Pontchartrain from Lake Borgne . . . through improved channels of the Mississippi River-Gulf Outlet and Inner Harbor Navigation Canal." H.R. Doc. 89-231, Report of the District Engineer at 17.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Responding Parties object to this Request for Admission on the grounds that it is

3

irrelevant.  Specifically, Plaintiffs have not alleged that they suffered "[h]urricane damages result[ing] *from surges entering Lake Pontchartrain from Lake Borgne . . . .*" (emphasis added).  The mechanism by which the USACE's negligence caused Plaintiffs' injuries stemmed from the USACE's negligent design, construction, maintenance, and operation of the MR-GO.

In addition, Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, it calls for speculation, it assumes facts not in evidence, and the document speaks for itself.  First, the phrase "noted the problem" is vague and ambiguous.  The USACE could have either "noted the problem" and accepted the conclusion that such a "problem" existed or it may have "noted the problem" and rejected such a conclusion.  This is unclear from the way the Request for Admission as phrased.

Similarly, the use of the word "reflect" is also vague and ambiguous and calls for speculation.  It is unclear from the Request for Admission as phrased whether the document "reflects" the USACE's acceptance or rejection of the so-called "problem."  Furthermore, whether the document accurately "reflects" the state of mind or knowledge of the Chief of Engineers or any other USACE officer or employee is known only by such persons, is not known by Responding Parties, and any admission or denial would be speculative.

Finally, the document speaks for itself and Responding Parties are under no obligation to interpret the document for Propounding Parties.  Accordingly, without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.


REQUEST FOR ADMISSION NO. 3:

Admit that on August 29, 2005, federal flood control levees, floodwalls, or other flood-protection structures surrounded the "Class Geography," where the named plaintiffs and

4

proposed class members allegedly resided.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Responding Parties object to this Request for Admission on the grounds that it is vague

and ambiguous.  Specifically, the phrase "federal flood control levees, floodwalls, or other flood

protection structures" does not specify or differentiate between (a) such flood protection

structures which were constructed by State or local authorities, but transferred to federal

ownership; (b) such flood protection structures which were constructed by State or local

authorities, with ownership retained by State or local authorities, but responsibility for

maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control

structures constructed by the USACE, but using funds appropriated by Congress for purposes

other than flood control; or (d) so-called "flood protection structures" that also serve non-flood

control purposes.

Responding Parties further object to this Request for Admission on the grounds that the

term "surrounded" is also vague and ambiguous.  Specifically, it assumes an unbroken and

contiguous line of "federal flood control levees, flood walls, or other flood-protection structures"

around the entire "Class Geography," including landlocked areas where flood control structures

would not be needed.

Responding Parties object to this Request for Admission on the grounds that the term

"levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring

to any mound of soil, or a flood control structure built in compliance with the USACE's

standards, guidelines, or policies governing the construction of levees intended to protect human

life using funds specifically appropriated by the United States Congress for the purpose of levee

5

construction.  Similarly, Responding Parties object to this Request for Admission on the grounds that it assumes facts not in evidence in that no evidence has been produced thus far establishing that the USACE actually constructed any levees, or that levees were constructed on behalf of the USACE.

Finally, this Request for Admission calls for an expert opinion as to the existence and nature of putative flood control structures in the relevant areas.  Therefore, without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.

REQUEST FOR ADMISSION NO. 4:

Admit that the named plaintiffs and proposed class members seek to recover for damages caused by floodwaters.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Responding Parties object to this Request for Admission on the grounds that it calls for a legal opinion or conclusion and is vague and ambiguous.  Specifically, the term "floodwaters" is a legal term of art in the context of this litigation due to its use in the Flood Control Act of 1928, 33 U.S.C. § 702c.  Moreover, it misstates the nature of Plaintiffs' claims since Plaintiffs seek to recover for damages caused by the USACE's negligence.

Therefore, without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.

6

REQUEST FOR ADMISSION NO. 5:

Admit that the "Class Geography," where the named plaintiffs and proposed class members allegedly resided, would have been inundated on or about August 29, 2005, even if the design and construction of federal levees and floodwalls had been based on the most up-to-date elevation datums.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Deny.

REQUEST FOR ADMISSION NO. 6:

Admit that the "Class Geography," where the named plaintiffs and proposed class members allegedly resided, would have been inundated on or about August 29, 2005, even if federal levees and floodwalls had been constructed with "proper materials." MRGO Master Complaint ¶ 56.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Deny.

REQUEST FOR ADMISSION NO. 7:

Admit that the levees and floodwalls adjacent to the IHNC in the Lower Ninth Ward were not designed by an employee of the United States.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 7</u>:

Responding Parties object to this Request for Admission on the grounds that the term "designed" is vague and ambiguous. Specifically, the term "design" necessarily includes either (a) a decision as to what type of flood control structure to use in a given location; (b) the creation or drafting of written plans providing specifications for a specific type of flood control structure; or (c) the process of constructing a specific type of flood control structure based on prior experience or knowledge, without the use of written plans. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "designed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures

8

which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 8:

Admit that you do not contend that the levees and floodwalls adjacent to the IHNC in the Lower Ninth Ward were designed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Responding Parties object to this Request for Admission on the grounds that the term "designed" is vague and ambiguous. Specifically, the term "design" necessarily includes either (a) a decision as to what type of flood control structure to use in a given location; (b) the creation or drafting of written plans providing specifications for a specific type of flood control structure; or (c) the process of constructing a specific type of flood control structure based on prior

9

experience or knowledge, without the use of written plans.  Accordingly, it is unclear from the

Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties

ascribe to the term "designed."

Responding Parties further object to the term "employee" on the grounds that it is vague

and ambiguous.  As used, the term "employee" may mean an individual who is paid a wage for

work performed on behalf of the USACE, but it may also refer to a contractor – whether an

individual or an entity – who is "employed" by the USACE to perform certain projects or tasks

for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the

phrase "levees and floodwalls" is vague and ambiguous.  Specifically, the phrase "levees and

floodwalls" does not specify or differentiate between (a) such flood protection structures which

were constructed by State or local authorities, but transferred to federal ownership; (b) such

flood protection structures which were constructed by State or local authorities, with ownership

retained by State or local authorities, but responsibility for maintenance or repair assumed by, or

transferred to, the USACE; (c) such flood control structures constructed by the USACE, but

using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees

and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures

which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by

entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term

"levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring

to any mound of soil, or a flood control structure constructed in compliance with the USACE's

standards, guidelines, or policies governing the construction of levees intended to protect human

life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 9:

Admit that the levees and floodwalls along or adjacent to the GIWW in Orleans Parish were not designed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Responding Parties object to this Request for Admission on the grounds that the term "designed" is vague and ambiguous. Specifically, the term "design" necessarily includes either (a) a decision as to what type of flood control structure to use in a given location; (b) the creation or drafting of written plans providing specifications for a specific type of flood control structure; or (c) the process of constructing a specific type of flood control structure based on prior experience or knowledge, without the use of written plans. Accordingly, it is unclear from the

11

Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "designed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to

protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 10:

Admit that you do not contend that the levees and floodwalls along or adjacent to the GIWW in Orleans Parish were designed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Responding Parties object to this Request for Admission on the grounds that the term "designed" is vague and ambiguous.  Specifically, the term "design" necessarily includes either (a) a decision as to what type of flood control structure to use in a given location; (b) the creation or drafting of written plans providing specifications for a specific type of flood control structure; or (c) the process of constructing a specific type of flood control structure based on prior experience or knowledge, without the use of written plans.  Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "designed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous.  As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an

13

individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous.  Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

14

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 11:

Admit that the levees and floodwalls along or adjacent to the MRGO were not designed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and assumes facts not in evidence. Specifically, Responding Parties are informed and believe that the MR-GO is a 76 mile canal that begins at the IHNC and terminates in the Gulf of Mexico. Accordingly, the question assumes that any and all flood control structures, if any, were "designed" by a single person or party. Moreover, there is at present no evidence that levees and/or floodwalls were ever constructed along the *entire* MR-GO or any portion thereof.

Responding Parties also object to this Request for Admission on the grounds that the term "designed" is vague and ambiguous. Specifically, the term "design" necessarily includes either (a) a decision as to what type of flood control structure to use in a given location; (b) the creation or drafting of written plans providing specifications for a specific type of flood control structure; or (c) the process of constructing a specific type of flood control structure based on prior experience or knowledge, without the use of written plans. Accordingly, it is unclear from

the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "designed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to

16

protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 12:

Admit that you do not contend that the levees and floodwalls along or adjacent to the MRGO were designed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and assumes facts not in evidence. Specifically, Responding Parties are informed and believe that the MR-GO is a 76 mile canal that begins at the IHNC and terminates in the Gulf of Mexico. Accordingly, the question assumes that any and all flood control structures, if any, were "designed" by a single person or party. Moreover, there is at present no evidence that levees and/or floodwalls were ever constructed along the *entire* MR-GO or any portion thereof.

Responding Parties also object to this Request for Admission on the grounds that the term "designed" is vague and ambiguous. Specifically, the term "design" necessarily includes either (a) a decision as to what type of flood control structure to use in a given location; (b) the creation or drafting of written plans providing specifications for a specific type of flood control

17

structure; or (c) the process of constructing a specific type of flood control structure based on prior experience or knowledge, without the use of written plans. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "designed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's

18

standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 13:

Admit that the levees and floodwalls adjacent to the IHNC in the Lower Ninth Ward were not constructed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Responding Parties object to this Request for Admission on the grounds that the term "constructed" is vague and ambiguous. Specifically, the term "constructed" necessarily includes investigation; reconnaissance and planning; design; and contract bidding, negotiation, and execution. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "constructed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 14:

Admit that you do not contend that the levees and floodwalls adjacent to the IHNC in the Lower Ninth Ward were constructed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Responding Parties object to this Request for Admission on the grounds that the term "constructed" is vague and ambiguous.  Specifically, the term "constructed" necessarily includes investigation; reconnaissance and planning; design; and contract bidding, negotiation, and execution.  Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "constructed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous.  As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous.  Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which

21

were constructed by State or local authorities, but transferred to federal ownership; (b) such

flood protection structures which were constructed by State or local authorities, with ownership

retained by State or local authorities, but responsibility for maintenance or repair assumed by, or

transferred to, the USACE; (c) such flood control structures constructed by the USACE, but

using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees

and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures

which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by

entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term

"levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring

to any mound of soil, or a flood control structure constructed in compliance with the USACE's

standards, guidelines, or policies governing the construction of levees intended to protect human

life using funds specifically appropriated by the United States Congress for the purpose of levee

construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the

term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the

allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the

course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after

conducting a reasonable inquiry into the information known to, or reasonably obtainable by

Responding Parties, Responding Parties state that they have insufficient information to admit or

deny this Request for Admission.

REQUEST FOR ADMISSION NO. 15:

Admit that the levees and floodwalls along or adjacent to the GIWW in Orleans Parish were not constructed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Responding Parties object to this Request for Admission on the grounds that the term "constructed" is vague and ambiguous. Specifically, the term "constructed" necessarily includes investigation; reconnaissance and planning; design; and contract bidding, negotiation, and execution. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "constructed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees

23

and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 16:

Admit that you do not contend that the levees and floodwalls along or adjacent to the GIWW in Orleans Parish were constructed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Responding Parties object to this Request for Admission on the grounds that the term "constructed" is vague and ambiguous.  Specifically, the term "constructed" necessarily includes investigation; reconnaissance and planning; design; and contract bidding, negotiation, and execution.  Accordingly, it is unclear from the Request for Admission, as phrased, which of the

24

aforementioned meanings Propounding Parties ascribe to the term "constructed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

25

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 17:

Admit that the levees and floodwalls along or adjacent to the MRGO were not constructed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and assumes facts not in evidence. Specifically, Responding Parties are informed and believe that the MR-GO is a 76 mile canal that begins at the IHNC and terminates in the Gulf of Mexico. Accordingly, the question assumes that any and all flood control structures, if any, were "designed" by a single person or party. Moreover, there is at present no evidence that levees and/or floodwalls were ever constructed along the *entire* MR-GO or any portion thereof.

Responding Parties also object to this Request for Admission on the grounds that the term "constructed" is vague and ambiguous. Specifically, the term "constructed" necessarily

26

includes investigation; reconnaissance and planning; design; and contract bidding, negotiation, and execution. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "constructed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to

27

protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 18:

Admit that you do not contend that the levees and floodwalls along or adjacent to the MRGO were constructed by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and assumes facts not in evidence. Specifically, Responding Parties are informed and believe that the MR-GO is a 76 mile canal that begins at the IHNC and terminates in the Gulf of Mexico. Accordingly, the question assumes that any and all flood control structures, if any, were "designed" by a single person or party. Moreover, there is at present no evidence that levees and/or floodwalls were ever constructed along the *entire* MR-GO or any portion thereof.

Responding Parties also object to this Request for Admission on the grounds that the term "constructed" is vague and ambiguous. Specifically, the term "constructed" necessarily includes investigation; reconnaissance and planning; design; and contract bidding, negotiation, and execution. Accordingly, it is unclear from the Request for Admission, as phrased, which of

28

the aforementioned meanings Propounding Parties ascribe to the term "constructed."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous.  As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous.  Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 19:

Admit that the levees and floodwalls adjacent to the IHNC in the Lower Ninth Ward were not maintained by an employee of the United States.

RESPONSE REQUEST FOR ADMISSION NO. 19:

Responding Parties object to this Request for Admission on the grounds that the term "maintained" is vague and ambiguous. Specifically, the term "maintain" necessarily includes either (a) the mere inspection of a putative levee or floodwall; (b) the repair of a putative levee or floodwall; (c) the upgrade or improvement of a putative levee or floodwall; or (d) the process of replacing a putative levee or floodwall for whatever reason. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "maintained."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for

work performed on behalf of the USACE, but it may also refer to a contractor – whether an

individual or an entity – who is "employed" by the USACE to perform certain projects or tasks

for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the

phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and

floodwalls" does not specify or differentiate between (a) such flood protection structures which

were constructed by State or local authorities, but transferred to federal ownership; (b) such

flood protection structures which were constructed by State or local authorities, with ownership

retained by State or local authorities, but responsibility for maintenance or repair assumed by, or

transferred to, the USACE; (c) such flood control structures constructed by the USACE, but

using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees

and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures

which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by

entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the

term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are

referring to any mound of soil, or a flood control structure constructed in compliance with the

USACE's standards, guidelines, or policies governing the construction of levees intended to

protect human life using funds specifically appropriated by the United States Congress for the

purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after

conducting a reasonable inquiry into the information known to, or reasonably obtainable by

Responding Parties, Responding Parties state that they have insufficient information to admit or

31

deny this Request for Admission.

REQUEST FOR ADMISSION NO. 20:

Admit that you do not contend that the levees and floodwalls adjacent to the IHNC in the

Lower Ninth Ward were maintained by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Responding Parties object to this Request for Admission on the grounds that the term

"maintained" is vague and ambiguous. Specifically, the term "maintain" necessarily includes

either (a) the mere inspection of a putative levee or floodwall; (b) the repair of a putative levee or

floodwall; (c) the upgrade or improvement of a putative levee or floodwall; or (d) the process of

replacing a putative levee or floodwall for whatever reason. Accordingly, it is unclear from the

Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties

ascribe to the term "maintained."

Responding Parties further object to the term "employee" on the grounds that it is vague

and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for

work performed on behalf of the USACE, but it may also refer to a contractor – whether an

individual or an entity – who is "employed" by the USACE to perform certain projects or tasks

for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the

phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and

floodwalls" does not specify or differentiate between (a) such flood protection structures which

were constructed by State or local authorities, but transferred to federal ownership; (b) such

flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 21:

Admit that the levees and floodwalls along or adjacent to the GIWW in Orleans Parish were not maintained by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Responding Parties object to this Request for Admission on the grounds that the term "maintained" is vague and ambiguous. Specifically, the term "maintain" necessarily includes either (a) the mere inspection of a putative levee or floodwall; (b) the repair of a putative levee or floodwall; (c) the upgrade or improvement of a putative levee or floodwall; or (d) the process of replacing a putative levee or floodwall for whatever reason. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "maintained."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or

34

transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 22:

Admit that you do not contend that the levees and floodwalls along or adjacent to the GIWW in Orleans Parish were maintained by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Responding Parties object to this Request for Admission on the grounds that the term "maintained" is vague and ambiguous. Specifically, the term "maintain" necessarily includes

35

either (a) the mere inspection of a putative levee or floodwall; (b) the repair of a putative levee or floodwall; (c) the upgrade or improvement of a putative levee or floodwall; or (d) the process of replacing a putative levee or floodwall for whatever reason. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "maintained."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring

36

to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 23:

Admit that the levees and floodwalls along or adjacent to the MRGO were not maintained by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and assumes facts not in evidence. Specifically, Responding Parties are informed and believe that the MR-GO is a 76 mile canal that begins at the IHNC and terminates in the Gulf of Mexico. Accordingly, the question assumes that any and all flood control structures, if any, were "maintained" by a single person or party. Moreover, there is at present

37

no evidence that levees and/or floodwalls were ever constructed along the *entire* MR-GO or any portion thereof.

Responding Parties object to this Request for Admission on the grounds that the term "maintained" is vague and ambiguous. Specifically, the term "maintain" necessarily includes either (a) the mere inspection of a putative levee or floodwall; (b) the repair of a putative levee or floodwall; (c) the upgrade or improvement of a putative levee or floodwall; or (d) the process of replacing a putative levee or floodwall for whatever reason. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "maintained."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures

38

which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by entities other than the United States or the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 24:

Admit that you do not contend that the levees and floodwalls along or adjacent to the MRGO were maintained by an employee of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and assumes facts not in evidence. Specifically, Responding Parties are informed and believe that the MR-GO is a 76 mile canal that begins at the IHNC and terminates in the Gulf of Mexico. Accordingly, the question assumes that any and all flood control structures, if any, were "maintained" by a single person or party. Moreover, there is at present

no evidence that levees and/or floodwalls were ever constructed along the *entire* MR-GO or any portion thereof. Responding Parties object to this Request for Admission on the grounds that the term "maintained" is vague and ambiguous. Specifically, the term "maintain" necessarily includes either (a) the mere inspection of a putative levee or floodwall; (b) the repair of a putative levee or floodwall; (c) the upgrade or improvement of a putative levee or floodwall; or (d) the process of replacing a putative levee or floodwall for whatever reason. Accordingly, it is unclear from the Request for Admission, as phrased, which of the aforementioned meanings Propounding Parties ascribe to the term "maintained."

Responding Parties further object to the term "employee" on the grounds that it is vague and ambiguous. As used, the term "employee" may mean an individual who is paid a wage for work performed on behalf of the USACE, but it may also refer to a contractor – whether an individual or an entity – who is "employed" by the USACE to perform certain projects or tasks for, or on behalf of, the USACE.

Responding Parties further object to this Request for Admission on the grounds that the phrase "levees and floodwalls" is vague and ambiguous. Specifically, the phrase "levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; (d) so-called "levees and floodwalls" that also serve non-flood control purposes; (e) and such flood control structures

which were wholly "designed," owned, in the exclusive custody of, maintained or repaired by

entities other than the United States or the USACE.

Responding Parties object to this Request for Admission on the grounds that the term

"levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring

to any mound of soil, or a flood control structure constructed in compliance with the USACE's

standards, guidelines, or policies governing the construction of levees intended to protect human

life using funds specifically appropriated by the United States Congress for the purpose of levee

construction.

Finally, Responding Parties object to this Request for Admission on the grounds that the

term "contend" is vague and ambiguous and overbroad in that "contend" may refer only to the

allegation in Plaintiffs' complaint, or it may also refer to a "contention" developed during the

course of litigation.

Accordingly, without waiving any objections to this Request for Admission, after

conducting a reasonable inquiry into the information known to, or reasonably obtainable by

Responding Parties, Responding Parties state that they have insufficient information to admit or

deny this Request for Admission.


REQUEST FOR ADMISSION NO. 25:

Admit that the Corps consulted with the U.S. Fish and Wildlife Service before

commencing construction of the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Deny.

41

REQUEST FOR ADMISSION NO. 26:

Admit that the Corps consulted with the Louisiana Wildlife and Fisheries Commission before commencing construction of the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 26

Deny.

REQUEST FOR ADMISSION NO. 27:

Admit that the Corps considered the views of the U.S. Fish and Wildlife Service as the Corps was designing the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Deny.

REQUEST FOR ADMISSION NO. 28:

Admit that the Corps considered the views of the Louisiana Wildlife and Fisheries Commission as the Corps was designing the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 28

Deny.

REQUEST FOR ADMISSION NO. 29:

Admit that no levees had been constructed under the auspices of the federal Government in Orleans or St. Bernard Parishes existed at the time Hurricane Betsy struck in 1965.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Responding Parties object to this Request for Admission on the grounds that it is irrelevant. Specifically, Responding Parties are informed and believe that the construction of flood control structures to prevent or control floods from the Mississippi River or the Gulf of Mexico was under the exclusive jurisdiction of the USACE, not the "federal Government" in general. Accordingly, the only relevant levees are those constructed by, or on behalf of, the USACE using funds specifically appropriated by the United States Congress for the construction of such structures.

Moreover, Responding Parties further object to this Request for Admission on the grounds that the term "auspices" is vague and ambiguous. It is unclear as to whether Propounding Parties refer to "levees" constructed by the USACE, or "levees" constructed by a third party on behalf of, or under the direction of, the USACE.

Finally, Responding Parties object to this Request for Admission on the grounds that the term "levees" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure constructed in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction.

Accordingly, without waiving any objections to this Request for Admission, after

43

conducting a reasonable inquiry into the information known to, or reasonably obtainable by

Responding Parties, Responding Parties state that they have insufficient information to admit or

deny this Request for Admission.


REQUEST FOR ADMISSION NO. 30:

Admit that the Corps's ability to design, construct, operate, maintain, and repair the

MRGO and the levees, floodwalls, and other flood-protection structures in Orleans and St.

Bernard Parishes depended on the appropriation of funds by Congress.


RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Deny.


REQUEST FOR ADMISSION NO. 31:

Admit that the federal levees, floodwalls, and other flood-protection structures were

intended to prevent floods and floodwaters from inundating the "Class Geography" during a

storm that was identical to the Standard Project Hurricane.


RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Responding Parties object to this Request for Admission on the grounds that the phrase

"federal levees and floodwalls" is vague and ambiguous.  Specifically, the phrase "federal levees

and floodwalls" does not specify or differentiate between (a) such flood protection structures

which were constructed by State or local authorities, but transferred to federal ownership; (b)

such flood protection structures which were constructed by State or local authorities, with

ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; or (d) so-called "federal levees and floodwalls" that also serve non-flood control purposes.

Responding Parties object to this Request for Admission on the grounds that the term "inundate" is vague and ambiguous. The term "inundate" covers a broad spectrum of water intrusion or submersion from sporadic "inundation," which might not have caused significant damage, to a substantial "inundation," causing significant property damage and loss of life.

Responding Parties object to this Request for Admission on the grounds that it assumes facts not in evidence since there is at present no evidence that the USACE designed, constructed, operated, maintained, or repaired any "levees, floodwalls, and other flood-protection structures" in Greater New Orleans.

Finally, Responding Parties object to this Request for Admission on the grounds that it calls for an expert opinion, and on the further grounds that term "identical" is vague and ambiguous. Does "identical" mean (a) a hurricane with the same storm track or direction, the same wind speed, pressures, rain fall, physical dimensions, etc. as the Standard Project Hurricane; (b) a hurricane with difference attributes or dimensions, but because of its characteristics produces the same effects as the SPH, or does it mean any combination of the foregoing. Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 32:

Admit that the federal levees, floodwalls, and other flood-protection structures were intended to prevent floods and floodwaters from inundating the "Class Geography."

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Responding Parties object to this Request for Admission on the grounds that the phrase "federal levees and floodwalls" is vague and ambiguous. Specifically, the phrase "federal levees and floodwalls" does not specify or differentiate between (a) such flood protection structures which were constructed by State or local authorities, but transferred to federal ownership; (b) such flood protection structures which were constructed by State or local authorities, with ownership retained by State or local authorities, but responsibility for maintenance or repair assumed by, or transferred to, the USACE; (c) such flood control structures constructed by the USACE, but using funds appropriated by Congress for purposes other than flood control; or (d) so-called "federal levees and floodwalls" that also serve non-flood control purposes.

Responding Parties object to this Request for Admission on the grounds that the term "inundate" is vague and ambiguous. The term "inundate" covers a broad spectrum of water intrusion or submersion from sporadic "inundation," which might not have caused significant damage, to a substantial "inundation," causing significant property damage and loss of life.

Responding Parties object to this Request for Admission on the grounds that it assumes facts not in evidence since there is at present no evidence that the USACE designed, constructed, operated, maintained, or repaired any "levees, floodwalls, and other flood-protection structures" in Greater New Orleans.

46

Finally, Responding Parties object to this Request for Admission on the grounds that it calls for an expert opinion. Accordingly, without waiving any objections to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 33:

Admit that the storm surge generated by Hurricane Katrina exceeded the storm surge that would have been generated by a storm that was identical to the Standard Project Hurricane.

RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Responding party objects to this Request for Admission on the grounds that it is vague and ambiguous. Specifically, the amount or level of a "storm surge" involves several different factors such as wind speed, storm pressure gradients, water temperature, subsurface salinity levels, etc. It is not clear whether Defendants use of the term "storm surge" incorporates all of these factors. It is also unclear whether Propounding Parties are referring to any "storm" or a "hurricane" specifically which is supposedly identical to the Standard Project Hurricane. The term "identical" is also similarly vague and ambiguous in that it is unclear whether Propounding Parties are referring to the physical dimensions. Similarly, it is unclear what attributes are to be considered "identical" to those that would be produced by a "Standard Project Hurricane." The Request for Admission is also vague and ambiguous in that it fails to specify which "Standard Project Hurricane" is referred to since the hypothetical factors incorporated into the "Standard Project Hurricane" have changed over time.

47

Finally, Responding Parties object to this Request for Admission on the grounds that it calls for an expert opinion. Accordingly, and without waiving any objections to this Request for Admission, Responding Parties deny this Request for Admission.

REQUEST FOR ADMISSION NO. 34:

Admit that federal law mandates that a portion of the cost of the Lake Pontchartrain & Vicinity Hurricane Protection Project be borne by state or local entities.

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and calls for speculation. Specifically, this Request for Admission does not specify the federal law involved, and even if it did, this Request asks for a legal interpretation of the law. The Request for Admission is also vague and ambiguous, and potentially irrelevant in that it fails to specify what aspect of the Lake Pontchartrain & Vicinity Hurricane Protection Project was supposedly paid for by "state or local entities." The Request for Admission further fails to specify which "state or local entities" are involved, or the amount or percentage of the cost to be "borne" by these entities. Finally, it assumes facts not in evidence in that there has been no evidence presented that establishes what, if any, amount of money such entities actually paid in connection with the Lake Pontchartrain & Vicinity Hurricane Protection Project.

Accordingly, and without waiving any objection to this Request for Admission, Responding Parties admit this Request for Admission.

48

REQUEST FOR ADMISSION NO. 35:

     Admit that the central pressure index of Hurricane Katrina exceeded the central pressure index of the Standard Project Hurricane.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

     Responding Parties object to this Request for Admission on the grounds that it calls for an expert opinion.  Responding Parties further object to this Request for Admission on the grounds that it is potentially irrelevant in that there is at present no evidence presented that establishes that any variance in central pressure indices between Hurricane Katrina and the Standard Project Hurricane.  The Request for Admission is also vague and ambiguous in that it fails to specify which "Standard Project Hurricane" is referred to since the hypothetical factors incorporated into the "Standard Project Hurricane" have changed over time.  Accordingly, and without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.

REQUEST FOR ADMISSION NO. 36:

     Admit that the levees and floodwalls constructed along the MRGO were underlain by compressible soils.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

     Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous.  Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure built in compliance with the USACE's

standards, guidelines, or policies governing the construction of levees intended to protect human life using funds specifically appropriated by the United States Congress for the purpose of levee construction. Similarly, Responding Parties object to this Request for Admission on the grounds that it assumes facts not in evidence in that no evidence has been produced thus far establishing that the USACE actually constructed any levees, or that levees were constructed on behalf of the USACE.

Responding Parties further object to this Request for Admission on the grounds that the term "underlain" is vague and ambiguous in that it fails to specify whether it refers to a layer of soil laid down during construction of the dirt mounds which the USACE calls "levees," or whether it refers to a geologic layer of contiguous soil that existed prior to the construction of the dirt mounds.

Notwithstanding the foregoing and without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.


REQUEST FOR ADMISSION NO. 37:

Admit that the levees along the MRGO were constructed over a period of years to allow the foundation soils to compress between "lifts" that increased the crown elevation of the levees.


RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Responding Parties object to this Request for Admission on the grounds that the term "levee" is vague and ambiguous. Propounding Parties do not specify whether they are referring to any mound of soil, or a flood control structure built in compliance with the USACE's standards, guidelines, or policies governing the construction of levees intended to protect human

life using funds specifically appropriated by the United States Congress for the purpose of levee construction.  Similarly, Responding Parties object to this Request for Admission on the grounds that it assumes facts not in evidence in that no evidence has been produced thus far establishing that the USACE actually constructed any levees, or that levees were constructed on behalf of the USACE.

Responding Parties further object to this Request for Admission on the grounds that the term "foundation soils" is vague and ambiguous in that it fails to specify whether it refers to a layer of soil laid down during construction of the dirt mounds which the USACE calls "levees," or whether it refers to a geologic layer of contiguous soil that existed prior to the construction of the dirt mounds.

Notwithstanding the foregoing and without waiving any objection to this Request for Admission, Responding Parties deny this Request for Admission.

REQUEST FOR ADMISSION NO. 38:

Admit that the Corps cannot undertake flood control projects unless and until one or more local sponsors execute letters of assurance that promise to provide funding for the project.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Deny.

REQUEST FOR ADMISSION NO. 39:

Admit that the LPVHPP was not complete when Hurricane Katrina occurred in 2005.

RESPONSE TO REQUEST FOR ADMISSION NO. 39

Responding Parties object to this Request for Admission on the grounds that it is vague and ambiguous, and potentially irrelevant.  Specifically, this Request for Admission fails to specify what is meant by "complete."  Does "complete" refer to portions of the LPVHPP that Defendants claim are relevant to this lawsuit, or does it refer also to parts of the project that were never intended to protect, or apply to, the relevant geographic areas involved in this litigation.  Furthermore, this Request for Admission does not specify by what standards "completion" is to be determined, and it also calls for an expert opinion.

Accordingly, notwithstanding the foregoing, and without waiving any objection to this Request for Admission, Responding Parties have insufficient information to admit or deny this Request for Admission.


REQUEST FOR ADMISSION NO. 40:

Admit that the GIWW served as a conduit for storm surge into the IHNC before the MRGO was constructed.


RESPONSE TO REQUEST FOR ADMISSION NO. 40

Responding Parties object to this Request for Admission on the grounds that it calls for an expert opinion.  Accordingly, without waiving any objection to this Request for Admission, after conducting a reasonable inquiry into the information known to, or reasonably obtainable by Responding Parties, Responding Parties state that they have insufficient information to admit or deny this Request for Admission.

REQUEST FOR ADMISSION NO. 41:

Admit that the peak storm surge elevation during Katrina exceeded the authorized height of the levees along or adjacent to the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 41

Deny.

REQUEST FOR ADMISSION NO. 42:

Admit that the MRGO could not have been dredged in such a way as to prevent the storm surge during Katrina from overtopping the levees along or adjacent to the MRGO.

RESPONSE TO REQUEST FOR ADMISSION NO. 42

Deny.

REQUEST FOR ADMISSION NO. 43:

Admit that the storm surge during Katrina would have overtopped the levees along or adjacent to the MRGO even if the crown elevation of the levees had met the design specifications.

RESPONSE TO REQUEST FOR ADMISSION NO. 43

Deny.

53

REQUEST FOR ADMISSION NO. 44:

Admit that the storm surge generated by Katrina would have exceeded the design height of the MRGO levees regardless of the manner in which the MRGO had been dredged.

RESPONSE TO REQUEST FOR ADMISSION NO. 44

Deny.

REQUEST FOR ADMISSION NO. 45:

Admit that the favorable recommendation of the Board of Engineers for Rivers and Harbors, submitted to Congress as House of Representatives Document No. 89-231, is contingent upon the furnishing of satisfactory assurances that local interests will provide lands, easements, rights-of-ways, borrow and spoil-disposal areas and hold the United States free from damages due to the construction of the project works.

RESPONSE TO REQUEST FOR ADMISSION NO. 45

Deny.

REQUEST FOR ADMISSION NO. 46:

Admit that the "Plan of Improvement" map (Plate 2) that was submitted to Congress as part of what the Complaint refers to as the "MR-GO Authorization Report" (H.R. Doc. No. 82-245 (1951)) superimposes the MRGO over the GIWW from the point at which the GIWW leaves the IHNC to a point several miles east of the IHNC.

RESPONSE TO REQUEST FOR ADMISSION NO. 46

 Deny.


REQUEST FOR ADMISSION NO. 47:

 Admit that your contention that the Corps failed to follow the MR-GO 1951 Authorization Report is based on this description that appears in the Report of the Chief of Engineers: "from the Industrial Canal, New Orleans, La., eastward along the authorized route of the Intracoastal Waterway." (H.R. Doc. No. 82-245, at 4.)


RESPONSE TO REQUEST FOR ADMISSION NO. 47

 Deny.


REQUEST FOR ADMISSION NO. 48:

 Admit that your contention that the Corps failed to follow the MR-GO 1951 Authorization Report is based on this description that appears in the Report of the Chief of Engineers: "extending westerly along the Gulf Intracoastal Waterway from the turning basin to the Industrial Canal." (H.R. Doc. No. 82-245, at 5.)


RESPONSE TO REQUEST FOR ADMISSION NO. 48

 Deny.


REQUEST FOR ADMISSION NO. 49:

 Admit that the MRGO was constructed along the Gulf Intracoastal Waterway.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 49</u>

Deny.


<u>REQUEST FOR ADMISSION NO. 50</u>

Admit that your contention that the Corps failed to follow the MR-GO 1951

Authorization Report is based on the notion that the phrase "along the Gulf Intracoastal

Waterway" denotes a route parallel to the GIWW and not on or through it.


<u>RESPONSE TO REQUEST FOR ADMISSION NO. 50</u>

Deny.


Respectfully Submitted,

MRGO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE

<u>s/ Pierce O'Donnell</u>
PIERCE O'DONNELL (*pro hac vice*)
MRGO PSLC Liaison Counsel
O'Donnell & Associates PC
550 South Hope Street, Suite 1000
Los Angeles, California 90071-2627
Telephone: (213) 347-0290
Facsimile: (213) 347-0299
Email: pod@oslaw.com

PLAINTIFFS' LIAISON COUNSEL

<u>s/ Joseph M. Bruno</u>
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604

56

Law Office of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com


MRGO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MRGO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

For

MRGO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

57

## CERTIFICATE OF SERVICE

I, Pierce O'Donnell, hereby certify that on July 17, 2007, I caused to be served The MR-GO Plaintiffs' Amended Responses To Defendant United States Of America's First Set Of Requests For Admissions, upon Defendants' counsel, Robin D. Smith, Catherine Corlies, Traci Colquette, and Jim McConnon by email at robin.doyle.smith@usdoj.gov; catherine.corlies@usdoj.gov, traci.colquette@usdoj.gov, and jim.mcconnon@usdoj.gov ; and U.S. mail addressed to the United States Department of Justice, Torts Branch, Civil Division, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044.

/s/ Pierce O'Donnell
Pierce O'Donnell

58

CERTIFICATE OF SERVICE

I, Pierce O'Donnell, hereby certify that on July 24, 2007, I caused to be served the Declaration of Pierce O'Donnell in support of Plaintiffs' Opposition to Defendants' Motion to Compel Plaintiffs' Responses to Interrogatories and to Determine the Sufficiency of Plaintiffs' Answers to Requests for Admissions, upon Defendants' counsel, Robin D. Smith, Catherine Corlies, Traci Colquette, and Jim McConnon by email at robin.doyle.smith@usdoj.gov; catherine.corlies@usdoj.gov, traci.colquette@usdoj.gov, and jim.mcconnon@usdoj.gov ; and U.S. mail addressed to the United States Department of Justice, Torts Branch, Civil Division, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044.

Pierce O'Donnell

5