UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br><br>LEVEE and MRGO | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br> NO.   05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

<u>LEVEE AND MRGO PLAINTIFFS' RESPONSE</u>
<u>TO THE COURTS' ORDER OF JULY 19, 2007  RE: PRIVILEGES</u>

**May It Please the Court:**

In its Order of July 19, 2007, the Court directed the Plaintiffs to submit a privilege log of materials believed to be privileged. The burden of reviewing thousands of claimant files is daunting task that cannot be undertaken in the time frame ordered by the Court. Accordingly, the Plaintiffs faced the choice of seeking additional time, or submitting a privilege log by categories sufficiently broad enough to encompass that which may exist and which are protected.

**I. Category 1:**

Correspondence and writings between Counsel and Client and not published to third

1

parties not otherwise privileged, e.g.. co-counsel on and after August 29, 2005 on a variety of subjects, including but not limited to Form 95 issues, appointments, case progress reports, damage issues, etc. are protected, core work product and not discoverable. All such exchanges are directly related to the prosecution of the client's cause.

The attorney-client privilege exists to protect from disclosure the confidences of the client. The focus of the attorney-client privilege is on the confidential relationship between attorney and client. The United States Supreme Court has stated that: [t]he lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission id to be carried out. *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.d. 186 (1980).

Clearly, the purpose of the attorney-client privilege is to encourage clients and potential clients to be completely open with attorneys so that the attorneys can properly advise them on their legal problems. These writings are communications made in confidence for the purpose of obtaining legal advice from the lawyer and relating to the nature and scope of the representation and are immune from disclosure. *United States v. El Paso Co.*, 682 F.2d. 530, 538 (5th Cir. 1982).

## II.     Category 2:

Photographs and videos of levee breeches/ failures from August 29, 2005 to equilibrium, the point at which water stopped rising, which may have been taken by counsel are self-evident investigative efforts made in anticipation of litigation. As such, these materials are privileged. *Blockbuster Entertainment v. McComb Video*, 145 F.R.D. 402 (M.D. La. 1992) as defining what is protected under the work product doctrine. To be protected the document or tangible thing,

here photographs/videos must be prepared "in anticipation of litigation or for trial and by or for another party or by or for that other party's representative." *Id.*, at 403.

## III.     Category 3:

Photographs and videos of levee breeches/ failures post equilibrium which may have been taken by counsel are self-evident investigative efforts made in anticipation of litigation. As such, these materials are privileged for the very same reasons as discussed *supra*.

## IV.     Category 4:

Counsels' notes from client interviews, inspection notes, notes to files conducted post August 29,2005 are protected, core work product in anticipation of trial and are not discoverable as discussed *supra*.

## V.     Category 5:

Statements, recorded, videoed, or written and taken by Counsel are likewise trial preparation efforts made in anticipation of litigation and are thus privileged. *Blockbuster Entertainment, supra.*

                        **Respectfully Submitted,**

                        **APPROVED PLAINTIFFS LIAISON COUNSEL**
                        /s/ Joseph M. Bruno
                        JOSEPH M. BRUNO (La. Bar # 3604)
                        PLAINTIFFS LIAISON COUNSEL
                        Law Offices of Joseph M. Bruno
                        855 Baronne Street
                        New Orleans, Louisiana 70113
                        Telephone: (504) 525-1335
                        Facsimile: (504) 561-6775
                        Email: jbruno@jbrunolaw.com

**LEVEE PLAINTIFFS' SUB-GROUP
LITIGATION COMMITTEE**

 s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP
LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

MR-GO PLAINTIFFS SUB-GROUP
LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

For

4

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, L.A, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States Mail, properly addressed and first class postage pre-paid, or by facsimile, or other electronic transmission this 25th day of July, 2007.

   /s/ Joseph M. Bruno

Joseph M. Bruno