UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES      CIVIL ACTION
CONSOLIDATED LITIGATION
                                    NO. 05-4182 "K" (2)
PERTAINS TO: MRGO

                                    JUDGE DUVAL
                                    MAG. WILKINSON

## FARMERS INSURANCE EXCHANGE'S OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S NOTICE OF 30(B)(6) DEPOSITION

Farmers Insurance Exchange ("Farmers"), through its undersigned counsel, hereby serves these Objections to Washington Group International, Inc.'s ("WGI's") Notice of 30(b)(6) Deposition (dated June 27, 2007), as follows:

### PRELIMINARY STATEMENT

Farmers is not a party to any case under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*. Accordingly, Farmers, as a third party in this matter, is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

In addition, no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers. Accordingly, Farmers could have no information that would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

BR.514084.1

In light of these and the following objections, and as previously advised, Farmers does not intend to produce a witness to sit for deposition per the notice. Moreover, Farmers objects to the fact that the notice provides for the deposition to occur at the offices of Stone Pigman Walther Wittman, L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130.

Farmers further objects as follows:

## SPECIFIC OBJECTIONS

1. Any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible evidence. Farmers further reserves all other objections to this topic.

2. Any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible evidence. Farmers further reserves all other objections to this topic.

3.  The total number of Insurance claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

BR.514084.1

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not

BR.514084.1

Farmers intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

> 4.  The total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

BR.514084.1

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without

limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

5. Any lists of lawsuits that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area from August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

BR.514084.1

Farmers objects to this topic to the extent it seeks information that is publicly available through searches of court dockets.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records. Farmers does not maintain and cannot easily create the list that is sought by this topic, nor is it required to create documents to respond to this topic.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and

BR.514084.1

seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control. intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

    6.    Whether Farmers has any documents responsive to the requests in Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Farmers that would break out the requested information by geographical subgroups within the New Orleans Metropolitan Statistical Area.

BR.514084.1

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

BR.514084.1

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

BR.514084.1

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

Farmers objects to this topic to the extent that the term "geographical subgroups" is vague and ambiguous.

7. The factual basis underlying your statement — available on your website—that "[a]s of [October 4, 2005], the Farmers Exchanges' [sic] pre-tax losses after reinsurance are estimated between $200 and 220 million" as a result of Hurricane Katrina.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

BR.514084.1

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

    8.    The authentication and organization of all documents produced pursuant to the request for documents under Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Farmers Insurance Exchange and the manner in which the documents and information contained therein were recorded and kept, and your regular practices to make and keep such documents or information.

BR.514084.1

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent that Washington Group International, Inc. did not make a request for production of documents under its Fed. R. Civ. P. 30(b)(6) notice, and, if it had, such a Fed. R. Civ. P. 30(b)(5) request for production of documents would have violated CMO No. 4.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

BR.514084.1

- 15 -

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

Respectfully submitted,

PHELPS DUNBAR, LLP

BY: /s/ Marshall M. Redmon
Marshall M. Redmon (Bar No. 18398)
Virginia Y. Trainor (Bar No. 25275)
City Plaza, 445 North Boulevard, Suite 701
Baton Rouge, LA 70802
Phone: (225) 346-0285
Fax: (225) 381-9197
e-mail: redmonm@phelps.com


AND

BR.514084.1

Of Counsel:

Andrew L. Sandler (admitted pro hac vice)
Amy Sabrin (admitted pro hac vice)
Victoria Holstein-Childress, Louisiana Bar
No. 28611
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Phone: (202) 371-7000
Fax: (202) 393-5760

**ATTORNEYS FOR FARMERS
INSURANCE EXCHANGE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by electronic notice via the Court's CM/ECF System, and a copy served upon William D. Treeby, counsel for Washington Group International, Inc. by Federal Express on this 26th day of July, 2007.

/s/ Marshall M. Redmon

BR.514084.1