UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
CONSOLIDATED LITIGATION
                                          NO. 05-4182 "K" (2)
PERTAINS TO: MRGO

                                          JUDGE DUVAL
                                          MAG. WILKINSON

**FARMERS INSURANCE EXCHANGE'S RESPONSES AND OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Farmers Insurance Exchange ("Farmers"), through its undersigned counsel, hereby serves these Responses and Objections to Washington Group International, Inc.'s ("WGI's") Requests for Production of Documents (dated June 27, 2007) ("Requests"). Farmers objects to these requests in their entirety because Farmers is not a party to any case under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*. Accordingly, the WGI request pursuant to Fed. Rule Civ. P. Rule 34 is improper and without force and effect.

In addition, no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers. Accordingly, Farmers could have no information relevant to certification of the class in the MRGO umbrella. Farmers further objects as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

1.  Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

BR.514083.1

**RESPONSE TO REQUEST NO. 1:**

Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; thus Farmers has no documents responsive to this Request. Farmers reserves all other objections to this Request.

>   2. Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; thus Farmers has no documents responsive to this Request. Farmers reserves all other objections to this Request.

>   3. Produce documents that indicate the total number of Insurance Claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 3:**

Farmers objects to this request because no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers. Thus, none of the information requested would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this Request on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and,

as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this Request as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this Request to the extent it seeks documents not in Farmers' possession, custody, or control.

Farmers objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

BR.514083.1

Farmers objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Farmers will not produce any such documents. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Farmers objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

4. Produce documents that indicate the total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 4**:

Farmers objects to this request because no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge

- 4 -

BR.514083.1

purports to have submitted a claim to Farmers. Thus, none of the information requested would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this Request on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this Request as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this Request to the extent it seeks documents not in Farmers' possession, custody, or control.

Farmers objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly

BR.514083.1

burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Farmers will not produce any such documents. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Farmers objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

BR.514083.1

Farmers objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

5. Produce documents that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE TO REQUEST NO. 5:**

Farmers objects to this request because no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers. Thus, none of the information requested would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this Request on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers further objects to this Request to the extent it seeks information that is publicly available through searches of court dockets.

Farmers objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

BR.514083.1

Farmers objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this Request as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records. Farmers does not maintain and cannot easily create the list that is subject to this Request, nor is it required to create documents to respond to this Request.

Farmers objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

BR.514083.1

Farmers objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Farmers will not produce any such documents. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Farmers objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

        Respectfully submitted,

        PHELPS DUNBAR, LLP

        BY: /s/ Marshall M. Redmon  
        Marshall M. Redmon (Bar No. 18398)  
        Virginia Y. Trainor (Bar No. 25275)  
        City Plaza  
        445 North Boulevard, Suite 701  
        Baton Rouge, LA 70802  
        Phone: (225) 346-0285  
        Fax: (225) 381-9197  
        e-mail: redmonm@phelps.com

        AND

BR.514083.1

Of Counsel:

Andrew L. Sandler (admitted pro hac vice)
Amy Sabrin (admitted pro hac vice)
Victoria Holstein-Childress, Louisiana Bar No. 28611
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Phone: (202) 371-7000
Fax: (202) 393-5760

**ATTORNEYS FOR FARMERS INSURANCE EXCHANGE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by electronic notice via the Court's CM/ECF System, and a copy served upon William D. Treeby, counsel for Washington Group International, Inc. by Federal Express on this 27th day of July, 2007.

/s/ Marshall M. Redmon