UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" (2) |
| | * | |
| PERTAINS TO:<br>    Hughes, C.A. No. 06-8885 | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

NOW INTO COURT, through undersigned counsel, comes Louisiana Citizens Property Insurance Corp., (hereinafter sometimes referred to as "LCPIC"), and responds to the plaintiffs' allegations as follows:

### FIRST DEFENSE

Plaintiff's Petition fails to state a claim for which this honorable Court may grant relief. LCPIC reserves the right to raise all motions, defenses and issues covered by F.R.C.P.12; therefore, plaintiff has no cause of action against LCPIC.

## SECOND DEFENSE

This honorable Court lacks jurisdiction over LCPIC and/or the claims raised by plaintiff in these proceedings.

## THIRD DEFENSE - INDIVIDUAL PARAGRAPHS

1. LCPIC denies that it is an "insurance corporation." Further answering, and by way of affirmative defense, LCPIC shows that it is a political subdivision and/or agency of the State of Louisiana. LCPIC denies that it is indebted in any manner to Michael W. Hughes beyond any sums which have been or may have been tendered by LCPIC to Hughes. LCPIC denies all remaining allegations of fact contained in Paragraph I of the Petition for lack of sufficient information to justify a belief therein.

2. LCPIC denies all remaining allegations of fact contained in Paragraph II of the Petition for lack of sufficient information to justify a belief therein.

3. Any policy of insurance existing by and between Hughes and LCPIC is a written document and, as such, is the best evidence of its terms and conditions, all of which are pled as if copied herein *in extenso*.

4. The allegations of fact set forth in paragraphs IV through XVI, inclusively, are denied.

5. The allegations of fact set forth in Paragraphs XVII through XXIV, inclusively, do not call for or require a response by or on behalf of LCPIC. Nevertheless, in an abundance of caution, all such allegations of fact are denied for lack of sufficient information to justify a belief therein.

6. LCPIC again denies any liability to Hughes as set forth in the allegations of fact contained in Paragraphs XXV and/or XXIV of the Petition.

## FOURTH DEFENSE

LCPIC avers that it is immune from any statutory penalty or imposition of attorneys' fees, to which Hughes alleges he is entitled under L.S.A. 22:695 and/or 22:1220, or any other statutory provision for penalties and/or attorneys' fees under Louisiana or Federal law.

## FIFTH DEFENSE

LCPIC shows that under the express terms and conditions of the policy of insurance made subject of this litigation, there is no coverage for the damages to Hughes' home caused by Hurricanes Katrina and/or Rita, nor for the aftermath of either of those storms. Specifically, LCPIC's policy provides:

> We do not insure for loss caused directly or indirectly by any of the following. Such lossis excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> \* \* \*
>
> 3. **Water Damage,** meaninng:
>    a. Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.
>
>    b. Water which backs up through sewers or drains or which overflows from a sump; or,
>
>    c. Water below the surface of the ground, including water which exerts pressur on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

## SIXTH DEFENSE

In the even of any recovery by Hughes against LCPIC, entitlement to which is again denied, LCPIC affirmatively asserts the mortgage/mortgagee provisions of its policy and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected, then those requirements are pled herein as well.

## SEVENTH DEFENSE

The LCPIC policy at issue in this litigation is not a "valued policy" under either State or Federal law. The question of whether Hughes is entitled to any recovery under the LCPIC policy at issue and, if so, the amount of any such recovery, is strictly governed by the terms and conditions of that written contract of insurance, including, but not limited, to the policy's declarations page(s).

WHEREFORE, Louisiana Citizens Property Insurance Corp., prays that these answers be deemed good and sufficient and that, after all due proceedings, there be judgment herein dismissing Michael W. Hughes' claims against LCPIC with prejudice and at his costs.

Respectfully Submitted:

_____
GWENDOLYN S. HEBERT (1951)
HULSE & WANEK
Suite 2800, 1010 Common St.
New Orleans, LA 70112
(504) 524-6221

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading was electronically filed with the Clerk of Court by using the CM/ECF System, which will be sent electronically to all counsel of record.

_____
GWENDOLYN S. HÉBERT