UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL LEVEE | § | |
| | § | |

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS FOR INSPECTION**

**I. INTRODUCTION**

Defendant has moved to compel answers to interrogatories and to compel disclosure of documents. Fed.R.Civ.P. 37(a)(1) and (a)(2)(B). The grounds for this motion are that plaintiffs have provided insufficient and unsworn/unverified answers to interrogatories and insufficient responses to requests for production of documents and things. They have evaded questions and raised frivolous objections that are also waived due to untimeliness. Their production of documents for inspection is non existent.

Plaintiffs did not timely answer or object to defendant United States of America's Requests for Admissions, Interrogatories, or Requests for Production of Documents as required by CMO 4 and Fed. R. Civ. P. ¶ 36.[1] Consequently, all plaintiffs' objections to defendant's

---

[1] The requests for admissions are deemed admitted. In re Carney, 258 F.3d 415, 418 (5th Cir. 2001); Rec. Doc. 6592 at 8 ("No court order is required for . . . untimely answered [ ] requests for admissions to be deemed admitted because they are automatically deemed admitted by operation of Fed.R.Civ.P. 36(a)."  Consequently, plaintiffs' deemed admissions are not at issue in this motion.

interrogatories and to defendant's requests for production of documents are waived.  "Failure to provide specific written responses to the requests for production within the time period established by Fed.R.Civ.P. 34(b) generally results in the waiver of objections to the requests." (Rec. Doc. 6592 at 25-26).  "'All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.'"  (Rec. Doc. 6592 at 17-18.);  Fed.R.Civ.P. 33(b)(4).  Plaintiffs did not timely answer or respond to the discovery directed to them. Consequently, their right otherwise to object is waived.   The interrogatory answers are further defective in that they are unverified by the party and unsworn.  Consequently, plaintiffs' should be ordered to provide verified answers to the interrogatories and to produce the requested documents for inspection.

Plaintiffs' affirmative evasive acts, in addition to late responses, have effectively avoided the narrowing of any issues at a time when plaintiffs have known that defendant United States' Motion to Dismiss the Levee "Common Liability" Complaint was due under Court order.  Thus, they have potentially prejudiced the United States.  Consequently, plaintiffs should be compelled to provide proper non-evasive sworn answers to interrogatories and to produce documents for inspection.

## II.  PROCEDURAL BACKGROUND

When the United States served its discovery requests, plaintiffs followed a now-familiar pattern.  They first let the deadline for responding pass without serving any responses.  When contacted about plaintiffs' failure to serve timely responses, plaintiffs' counsel asserted that this failure was attributable to inadvertence or mistake.  Plaintiffs then served  untimely responses

asserting legally unfounded, evasive, incomplete, and unsworn objections and answers, while producing no responsive documents, no description of the documents, and no factual support for their contentions.  Plaintiffs also asserted  blanket claims of privilege or protection without any specificity and without providing any privilege log.  Finally, when the United States attempted to confer in good faith in an attempt to obtain the responsive information and documents without Court intervention, plaintiffs' counsel stated without equivocation that they would not produce the documents requested and would not modify or supplement their answers to contention interrogatories, none of which had provided any information.

Levee plaintiffs' discovery responses all were required to be served on June 14, 2007.  Defendant United States did not receive the discovery responses on that date.  After several contacts by government counsel to plaintiffs and to liaison counsel undersigned government counsel Richard Stone received on June 20, 2007 a voice mail from plaintiffs' counsel Scott Joanen that stated that counsel mistakenly believed that the United States' inquiries were incorporated within the common liability discovery that had been served on plaintiffs by the other defendants.  He further stated that plaintiffs would  have the responses to the United States on that day or the next.  This is not the first instance in this litigation that plaintiffs' excuse for untimely service has been failure to understand a clear requirement of CMO 4.  On June 26, 2007 plaintiffs served their discovery responses on defendant United States. See Exhibits 1 and 2.

## III.  ARGUMENT

### A. INTERROGATORY ANSWERS

**1.  Plaintiffs should be compelled to answer defendant's first set of interrogatories under oath, fully, without evasion, and without reference to other unsworn complaints and motions.**

Fed. R. Civ. P. 33(b)(1) requires that "[e]ach interrogatory [] be answered separately and fully." According to Rule 37(a)(2), "If ... a party fails to answer an interrogatory submitted under Rule 33 . . ., the discovering party may move for an order compelling an answer . . . ." Furthermore, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3).  Virtually all of Plaintiffs' untimely answers to the United States' First Set of Interrogatories are "evasive or incomplete" and thus insufficient under the Rules.  Indeed, Plaintiffs untimely answers offer mostly mere references to their Complaint or other filings, baseless objections, and other improper attempts to evade providing discoverable information.

Answering interrogatories by referring to complaints and other pleadings is not sufficient under the federal discovery rules.  See Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 686 (D. Kan. 1991) ("Generally, plaintiff's answers refer [defendant] to deposition testimony of certain individuals and references to its Amended Complaint. . . .  This is not a proper answer to an interrogatory."); Atlantic Coca-Cola Bottling Co. v. Transamerica Insurance Co., 61 F.R.D 115, 120 (N.D. Ga. 1972) ("Defendant is correct in stating that incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory."  Citing J. J. Delaney Carpet Co. v. Forrest Mills, Inc., 34 F.R.D. 152 (S.D. N.Y.

1963)); DiPietro v. Jefferson Bank, 144 F.R.D. 279, 281 (E.D. Pa. 1992) ("The courts reasoned in part that because a complaint or other pleading is generally unsworn and cannot be used in consideration of a summary judgment or other dispositive motion, it is improper to allow a party to incorporate such a pleading by reference in response to interrogatories." Citations omitted.)[2] Stablius v. Haynsworth, 144 F.R.D. 258, 263 (E.D. Pa. 1992), cert. denied, 498 U.S. 1984 (1991) ("An answer should be complete in itself and should not refer to the pleadings. . . . no matter how detailed." Citing 4 J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice (2nd ed. 1989), ¶ 33.25, and King v. E. F. Hutton & Co., 117 F.R.D. 2, 6 (D. D.C. 1987)).

Indeed, civil discovery is meant to provide parties with *more* detailed information than that alleged in the initial complaint and answer. See Dollar v. Long Mfg., 561 F2d 613, 616 (5th Cir. 1977), cert den. 435 US 996 (1978) ("Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. . . . The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial.").

**2.    "Interrogatories seeking to flesh out the contentions of parties are specifically permitted."[3]**

Interrogatories numbers 1, 2 and 6-17, and 22: These interrogatories properly seek "in detailed narrative form the factual basis for the contention," to which the respective interrogatory

---

[2] The instant interrogatories refer to unsworn pleadings and are themselves unverified and unsworn. Verification is required. See Fed. R. Civ. P. 33 (b)(1); Rec. Doc. 6049 at 6.

[3] Rec. Doc. 6592 at 17. Additionally, these contention interrogatories do not "exceed the bounds of fair discovery." Consequently, they should be properly answered. Rec. Doc. 6592 at 17-18.

refers.  Plaintiffs, without asserting any specific objections, answered either by referring defendant to their Complaint in its entirety[4] or by merely cutting and pasting paragraphs from the Complaint to the answer.[5]  Similarly, Interrogatory number 22, also seeks "the facts upon which [plaintiffs] base[d] [a particular] contention."  Plaintiffs answered this interrogatory by referencing a recent plaintiffs' memorandum.  As is shown above, it is inappropriate to answer an interrogatory by merely referring to the Complaint or other unsworn pleadings and motions.

**Interrogatories numbers 3 through 5**:  These interrogatories seek identification of "all documents that [plaintiffs] contend support each of [their] allegations and contentions in this lawsuit."  Interrogatory number 4 asks for the identification of all witnesses who plaintiffs contend "have information relevant to the allegations and contentions in this lawsuit."

---

[4] See plaintiffs' Answer to defendant's Interrogatory number 1.  Although plaintiffs object to ths interrogatory "to the extent it seeks the premature disclosure of expert testimony," *** "on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine," and "on the grounds that it is vague, ambiguous, and overbroad as to time" (a curious objection considering the interrogatory seeks information only as to plaintiffs' *own* contentions), plaintiffs are still obligated to "answer to the extent the interrogatory is not objectionable," which they failed to do.  See Fed. R. Civ. P. 33(b)(1).  Defendant does not seek privileged information and plaintiffs have made no timely objections.  And, this Court has already ruled that factual contention interrogatories do not seek attorney/client privileged or work product protected information.  Rec. Doc. 6049 at 4.  Further, the interrogatory does not exceed the bounds of fair discovery.

[5] For example, plaintiffs' Answer to Interrogatory number 2 consists merely of copying, almost word-for-word, ¶¶ 198-201, & 221 of plaintiffs' Complaint; plaintiffs' Answers to Interrogatories numbers 6-8 and 13 consist of Complaint ¶¶ 274-276 & 218-221; plaintiffs' Answer to Interrogatory number 9 consists of Complaint ¶¶ 30-36; plaintiffs' Answer to Interrogatory number 11 consists of Complaint ¶¶ 60-61; plaintiffs' Answer to Interrogatory number 12 consists of Complaint ¶¶ 63-67 & 80-84; plaintiffs' Answer to Interrogatory number 14 consists of Complaint ¶¶ 114-18; plaintiffs' Answer to Interrogatory number 15 consists of Complaint ¶¶ 104 & 106-112; plaintiffs' Answer to Interrogatory number 16 merely refers to the inadequate Answers to Interrogatories numbers 12, 14, and 15; and plaintiffs' Answer to Interrogatory number 17 consists Complaint ¶¶ 60-61.

Interrogatory number 5 seeks the identification or past of present United States employees with whom Plaintiffs have been in contact concerning this litigation.  To Interrogatories numbers 3 through 5, plaintiffs assert that "they are still in the process of assessing the mechanism by which the USACE's negligence caused [their] damages."[6]  This does not, however, excuse plaintiffs' failure to identify the documents and government employees, if any, that plaintiffs currently contend support their allegations.  They must "furnish such information as is available to the party."  Fed. R. Civ. P. 33 (a).  If the party lacks the information "'it should so state under oath and should set forth in detail the efforts made to obtain the information.'"  Rec. Doc. at 9, quoting, *General Cigar Co. V. Cohiba Carribean's Finest, Inc.*, No. 2:06-cv-00575, 2007 WL 983855, at 3 (D. Nev. Mar. 30, 2007).  Also, that discovery is "on going" clearly does not relieve parties from responding to discovery.

**Interrogatories numbers 18 and 19**: These Interrogatories seek  "in detailed narrative form the factual basis for [certain] contention[s]."  Plaintiffs answer: "Denied because discovery has not progressed to a point where Plaintiffs have sufficient information to admit or deny this

---

[6] Plaintiffs objected late to Interrogatory number 3 "to the extent that it seeks the premature disclosure of expert testimony," and "to the extent that it calls for information protected from disclosure by the attorney-client privilege or the attorney work product doctrine" (emphasis added).  Again, however, plaintiffs are still obligated to "answer to the extent the interrogatory is not objectionable," see Fed. R. Civ. P. 33(b)(1), which they failed to do. Where, as here, the objections are waived, plaintiffs  must answer to the extent the requests do not exceed "the bounds of fair discovery."  Rec. Doc. 6592 at 17-18.  Similarly, plaintiffs object to Interrogatory Number 5 on the grounds of "attorney-client privilege and attorney work product doctrine," and "on the grounds that it is vague and ambiguous and overbroad."  In support of these objections, plaintiffs argue that answering the interrogatory "would necessarily include [identification] of plaintiffs' counsel or [consultants] hired by plaintiffs' counsel."  To the contrary,  the interrogatory unambiguously seeks identification only of certain "past and present employees, agents, or servants of the USACE or any other United States of America entity."  Regardless, Plaintiffs are still obligated to answer to the extent the interrogatory does not exceed the bounds of fair discovery, which they have failed to do.

request for admission." These Interrogatories do not call for admissions. Rather, they ask for known facts supporting contentions. These should be answered.

**Interrogatory number 23**: This Interrogatory seeks "in detailed narrative form the factual basis for the contention" that "the United States caused injury to [plaintiffs] or damage to [their] property in any way other than as [ ] stated in response to the above interrogatories." Plaintiffs objected late on the basis that the "interrogatory presently calls for speculation and cannot be answered." However, they either have additional contentions regarding causation or they do not. They should be compelled to state which is correct. Again, regardless of the possibility that plaintiffs might later need to supplement their Interrogatory Answers in accordance with Fed. R. Civ. P. 26(e), they still must answer the interrogatory based on their current information and their current contentions. See Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("The fact that [the plaintiff] may later supplement its interrogatory answers with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds." Citations omitted). Further, discovery directed at underlying facts is not shielded on the basis that it calls for expert discovery. Rec. Doc. 6049 at 8.

**Interrogatories numbers 20, 21, and 25**: Plaintiffs' Answers simply fail adequately to respond to Interrogatories numbers 20, 21, and 25.[7] In fact, plaintiffs' Answers to those Interrogatories are identical, despite the Interrogatories having requested different information.

Plaintiffs' Answer to Interrogatory number 20 begins with three-and-a-half pages of

---

[7] Defendant does not move to compel, at this time, an answer to interrogatory number 24 regarding expert testimony.

-8-

allegations concerning various statutes and pre-Katrina Congressional hearings and documents, presumably in support of plaintiffs' arguments concerning legal fault and/or responsibility. However, nothing in plaintiffs' Answer provides the "factual basis" for the specific contention that any plaintiff was damaged "as a result of waters carried by the Mississippi River Gulf Outlet." Moreover, although the final paragraph of plaintiffs' Answer at least arguably addresses the Interrogatory, it is merely a one-sentence conclusory allegation, completely devoid of any factual detail whatsoever, and thus, is insufficient and evasive.

In their Answer to Interrogatory number 21, plaintiffs referred to their Answer to Interrogatory number 20. That Answer, however, provides even less responsive information to Interrogatory number 21 than it did to number 20. Indeed, plaintiffs' Answer does not provide any facts or even mention "wetlands, marshes, or other low lying areas," as requested by Interrogatory number 21.

Again, in their Answer to Interrogatory number 25, plaintiffs refer to their Answer to Interrogatory number 20. Moreover, plaintiffs' Answer to Interrogatory number 25 states, in its entirety, "*See, e.g.*, Responding Parties' answer to interrogatory 20, *supra*." They admit by the use of "*e.g.*" that their Answer to Interrogatory number 20 does not constitute a full and complete answer to Interrogatory number 25. Indeed, although plaintiffs' Answer to Interrogatory number 20 cites various <u>statutes</u>, it does not identify any "engineering or construction <u>standard, practice, guideline, or procedure</u>," as requested by Interrogatory number 25. (Emphasis added) And, it does not "state in detailed narrative form the factual basis for the contention" that the violation of any such "standard, practice, guideline, or procedure" caused plaintiffs' damages. Consequently, plaintiffs have evaded this interrogatory.

## B. RESPONSES TO REQUESTS FOR PRODUCTION

**1. Levee Plaintiffs' waived their objections to the United States' Requests for Production and have no basis for withholding production, because the requests do not exceed the bounds of fair discovery.**

Levee plaintiffs' have waived their objections to the United States' First Requests for Production because their objections were not timely served. Untimely objections to production requests are deemed waived. Rec. Doc. 6592 at 25-26; *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also Leboeuf v. JAG Const. Servs., Inc.*, No. 01-942, 2001 WL 1298693, at *1 (E.D. La. 2001) (Wilkinson, M.J.) (party who served untimely responses to requests for production and interrogatories waived objections). Accordingly, the Court should require plaintiffs properly to respond to the United States' First Requests for Production of Documents and Things and to provide the discovery for inspection because they have no basis for withholding production to the United States.

Levee plaintiffs' responses to the defendant United States of America's Requests for Production consist only of objections. Their responses provide no information concerning what discoverable items are in their possession, custody or control. Moreover, Levee plaintiffs refuse to make available to the United States any discovery for review. At the telephonic meet and confer held pursuant to Rule 37 on July 9, 2007, counsel for Levee plaintiffs stated that they would not produce anything to the United States.[8] They claimed that the only responsive

---

[8] In their written Response to some of the United States' Requests for Production, Levee plaintiffs assert objections, but state that they will produce all non-privileged, responsive documents in their possession, custody or control. *See* Levee Plaintiffs' Response to United States' **Requests for Production numbers 1, 10-47.** At the meet and confer, however, counsel for Levee plaintiffs stated that they would not produce the responsive materials. Response to Request number 1 refers to MRGO. We assume that is an error and Levee plaintiffs meant to refer to Levee. Response to Request No. 11 references No. 11. We assume that is an error and

-10-

documents that they have are newspaper articles and other publicly available documents, and these items need not be produced. The suggestion that Levee plaintiffs have nothing to produce to the United States is suspect. They cannot simply contend that the documents are all in the public domain, refuse to identify them, call them attorney/client or work product privileged and refuse to allow inspection of the documents and things that they have accumulated thus far that are relevant to this litigation. Levee plaintiffs should be compelled to produce all items in their possession, custody and control responsive to the United States' Requests for Production.

**2.    Intentionally misreading defendant's requests for clearly delineated subject matter in order to object that the requests are incomprehensible is evasive and not a basis for withholding discovery.**

**Requests for Production numbers 3 and 5 - 8**: In their belated discovery responses, Levee plaintiffs refuse to provide any discovery for five of the United States' production requests on the grounds that the Requests are "incomprehensible." *See* Responses to Requests for Production numbers 3, 5, 6, 7, and 8. These Requests seek production of all documents or tangible things related to Levee plaintiffs' Complaint, allegations, claims, damages, and/or injuries. In their response to these requests, plaintiffs state:

> As phrased, this would include any reports, plans, memoranda, studies, emails, correspondence, or any one of the countless forms of transmission of information following such communication, regardless of whether it reflected the content or subject matter of the communication. The request is also not limited to time, subject matter, or participants in such communication. Accordingly, this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication. The request for production is broad enough to cover information protected from disclosure by the

---

that all references to no. 11 ( see responses numbers 12 through 47) were intended to reference no. 1. By rule 37 conference and by letter dated July 11, 2007, defendant informed plaintiffs of their discovery insufficiencies, including the production insufficiencies. Exhibit 3, hereto. To date defendant has received no response.

>   attorney-client privilege or the work product doctrine.  As phrased, therefore, this request for production is incomprehensible and cannot be responded to.

This objection does not provide a basis for withholding discovery under the Federal Rules of Civil Procedure.  The United States has satisfied the procedural requirements of Fed. R. Civ. P. 34(b) by setting forth categories of documents and other tangible things for production with as much particularity as possible given this stage of discovery.  *See Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (finding that party had followed procedure pursuant to Rule 34(b) "by setting forth the categories of documents with as much reasonable particularity as can be expected at this stage of discovery.").

The intent of the Federal Rules "is to give a party a great deal of leeway in framing a Rule 34 request, and to prevent the party from whom the documents are requested from using the particularity requirement as a vehicle to avoid discovery when the party knows full well what is being requested.  As stated by the Advisory Committee in the 1993 amendments to Rule 37:

>   [R]equests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions . . . ."

Moore's Federal Practice (Third) § 34.11[3] (2007).  Regarding each production request, the United States has clearly delineated the subject matter for which it seeks production.  The Federal Rules do not require that a party specify further detail, such as time frame.  It is obvious, however, that the requests focus on the time frame relevant to this litigation, which the plaintiffs generally have treated as covering more than forty years.  Further, a party is obligated to produce only that which is in its possession, custody, or control.  Fed. R. Civ. P. 34 (a)(1).  This presumably narrows the universe of discovery substantially.  The United States is entitled to

production of documents, not "an artificially restrictive" untimely objection made to evade compliance with the Federal Rules of Civil Procedure. Plaintiffs, therefore, should be required to produce all relevant documents and tangible things related to the subject matter sought in these five Requests.

### 3.     Plaintiffs' Objection that the term "thing" is too broad is frivolous.

Levee plaintiffs' recurring objection to the term "thing" on the ground that it is too broad, is frivolous, because the term, as it is expressly used in the Federal Rules of Civil Procedure, applies to "tangible things" in the possession, custody or control of a party. *See* Fed. R. Civ. P. 34(a)(1).[9] Levee plaintiffs' objection correctly recognizes that the United States seeks all discovery in any form that plaintiffs may have in their possession, custody, or control. Under the decidedly broad term "tangible things" in Rule 34 "it is difficult to imagine anything that could not be required to be produced under appropriate circumstances." MOORE'S FEDERAL PRACTICE at § 34.12[2] (noting items that have been ordered produced by courts include, *inter alia*, finger prints, dead body, business records, accident reports, witness statements, medical records, tax returns, photographs, videotapes, drawings, contracts, vaccine samples, research data, DNA, diaries).

---

[9] Rule 34 states that a request for production may seek inspection, copying, testing or sampling of "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained . . . . or to inspect, copy, test, or sample any designated tangible ***things*** which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . ." Fed. R. Civ. P. 34(a)(1) (emphasis added). Rule 26(a)(1)(B), relating to initial disclosures, uses the term "thing" as well (stating that a party must provide to other parties "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party. . . .").

**4.    Attorney-Client Privilege and Work Product Doctrine are not a basis for withholding discovery**.

**Request for Production number 4**:  Levee Plaintiffs object to Request for Production number 4 on the sole ground that the request was "broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine."  This is not a ground for withholding an entire category of documents.  Moore's Federal Practice at § 34.13[2][b] ("a general claim of privilege is an inadequate response to a request").  Given that in numerous other responses Levee plaintiffs state that they will provide non-privileged material, even they recognize this fact.  *See* Levee Plaintiffs' Response to United States' Request for Production numbers 1, 10-47.  Further, to the extent that Levee plaintiffs are withholding documents to any of the United State's Requests for Production on privilege or work product grounds, they must provide to the United States information pursuant to Fed. R. Civ. P. 26(b)(5)(A), commonly disclosed in the form of a privilege log.  See, Rec. Doc. 6592 at 27-29; *Taylor*, 132 F.R.D. at 306; Moore's Federal Practice at § 34.13[2][c].

**5.    "Premature" objection related to expert witness materials is not a basis for withholding discovery.**

**Requests for Production numbers 2 and 9**: These requests seek discovery related to each expert that plaintiffs expect to utilize for expert witness testimony in this action.  Plaintiffs object to these requests as premature.  Although expert reports need not be disclosed at this time, plaintiffs are "required to produce all other non-privileged materials responsive to this request."  Rec. Dec. 6049 at 8.  Hence, plaintiffs must produce all non-privileged materials reviewed or prepared by an expert consultant at this time.  For example, this includes, but is not limited to, graphs, charts, tangible items, studies, correspondence, notes, memorialized interviews.

## IV.  CONCLUSION

      For the foregoing reasons plaintiffs should be compelled to answer fully defendant United States of America's First Set of Interrogatories to Plaintiffs and to produce all documents and things responsive to defendant's First Requests for Production of Documents and Things. Defendant requests such other and further relief as the Court deems appropriate.

                Respectfully submitted,

                PETER D, KEISLER
                Assistant Attorney General

                C. FREDERICK BECKNER
                Deputy Assistant Attorney General

                PHYLLIS J. PYLES
                Director, Torts Branch

                JAMES G. TOUHEY
                Assistant Director, Torts Branch


                 s/ Richard R. Stone
                RICHARD R. STONE
                Senior Trial Attorney
                KEITH LIDDLE
                MICHELE GREIF
                INA STRICHARTZ
                Trial Attorneys, Torts Branch, Civil Division
                U.S. Department of Justice
                Benjamin Franklin Station, P.O. Box 888
                Washington, D.C.  20044
                (202) 616-4291/(202) 616-5200 (FAX)
                Attorneys for the United States

Dated: July 30, 2007

## **CERTIFICATE OF SERVICE**

      I, Richard R. Stone, hereby certify that on July 30, 2007, I served a copy of defendant United States' Motion to Compel Answers to Interrogatories and Production of Documents in Levee Common Liability, Memorandum in Support of Motion, Rule 37 Certificate of Counsel, and Hearing Notice  by ECF to all parties.


                              s/ Richard R. Stone
                              RICHARD R. STONE