# EXHIBIT 2

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

FILED IN:  05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

---

## LEVEE PLAINTIFFS' RESPONSES AND OBJECTIONS
## TO UNITED STATES OF AMERICA'S
## FIRST REQUESTS FOR PRODUCTION (COMMON LIABILITY)

---

**COMES NOW** the Levee PLSC, which pursuant to ¶ IV(B)(h) of Case Management and

Scheduling Order No. 4 and Rule 34 of the Federal Rule of Civil Procedure, and on behalf of the

consolidated class action representatives ("Responding Parties"), provides the following objections

and responses to the United States' First Requests for Production (Common Liability).

## **PRELIMINARY STATEMENT**

Responding Parties do not concede the relevancy, materiality, or admissibility of any

information sought by any of the Propounding Party United States' Requests or any response

hereto.  Responding Parties' responses are made subject to and without waiver of any objections as

**Page 1 of 24**

to the relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding, including the arbitration of this action or any other subsequent proceeding.

Further, Responding Parties' responses are based solely on information presently known to Responding Parties and are made without prejudice to Responding Parties' right to supplement, amend, or correct these responses or to argue other evidence during any proceeding on these issues.

If Responding Parties state in response to a Request that that they will produce all non-privileged documents in their possession, custody or control that are responsive to that particular Request, the Responding Parties are not representing that they actually have responsive documents in their possession, custody or control.  Rather, Responding Parties are representing that they will make a diligent search for responsive documents concerning the Levee Plaintiffs and the Levee Master Consolidated Class Action Complaint, and will produce all non-privileged documents, assuming any actually exist.  Further, Responding Parties will continue to supplement any production made with any responsive, non-privileged documents that are created, gathered, or collected after the date of these Responses.

### SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Specific Objections to the Propounding Party's definitions and instructions are hereby incorporated by reference in response to each and every one of these Requests.

1.   Responding Parties object to Defendant's assertion in the opening paragraph of its Requests to the extent that it states that Responding Parties "must answer in writing under oath" as it attempts to force Responding Parties to do something beyond what is required pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

2.      Responding Parties object to Defendant's definition of "Plaintiff," "you," and "your" as being vague, ambiguous, and overbroad to the extent that it attempts to impose any obligation on any plaintiff or plaintiffs other than the Responding Parties in the Levee Breach litigation.  Responding Parties also object to Defendant's definition of "Plaintiff," "you," and "your" to the extent that it attempts to encompass or seeks any attorney-client communication or documents protected by the attorney work product doctrine.

3.      Responding Parties object to Defendant's definition of "plaintiffs in these consolidated cases" as being overly broad, vague, ambiguous and irrelevant to this instant action to the extent that this definition attempts to encompass "every plaintiff named in any complaint filed in any action that has been consolidated under the civil action number 05-4182," all of whom have no relevance, association, pertinence or import to the Levee Plaintiffs or this instant action.  Moreover, Responding Parties object to this definition as being unduly burdensome and irrelevant to the extent that it attempts to impose any discovery obligation upon Responding Parties beyond that which is required by law.

4.      Responding Parties object to Defendant's definition of "alleged damages" as being overbroad, vague, ambiguous, and irrelevant to the extend that it seeks information or documents about damages sought "in these consolidated cases," other than Responding Parties' damages as alleged in the Levee Breach lawsuit.

5.      Responding Parties object to any reference in any Request to "consolidated cases," "any other party in these consolidated cases," or "any other proceeding in these consolidated cases" as being overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the extent that such terms attempt to impose or create discovery obligations beyond those in the Levee Breach litigation.  The Levee Plaintiffs are only responsible for documents that are

responsive to Propounding Party' Request that concern the issues the Levee Master

Consolidated Class Action Complaint, not to any other lawsuit that has been consolidated

under the *In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182.

Accordingly, any Request that refers to or mentions "consolidated cases," "any other party

in these consolidated cases," "any other proceeding in these consolidated cases," or "any

plaintiff in these consolidated actions," other than the Levee Plaintiffs or their allegations in

the Levee Master Consolidated Class Action Complaint, are objected to in their entirety as

being wholly irrelevant and beyond the scope of this instant action. The Levee Plaintiffs

will produce only non-privileged documents that are responsive to Propounding Party'

Requests that concern the Levee litigation.  Responding Parties reserve the right to

supplement these objections and responses at any time prior to the commencement of trial

in this action.

6.      Responding Parties object to Propounding Party' reference to "levees," "floodwall," or

"other flood-protection structure" when referring to what was allegedly constructed by the

Army Corps pursuant to the LPVHPP as assuming facts not yet in evidence.  What exactly

was designed, and constructed by the Army Corps pursuant to the LPVHPP -- *i.e.*, levees,

floodwalls, spoil banks, earthen embankments, earthen mounds, etc. -- is an issue in dispute

in this litigation and any response to a Request concerning what Propounding Party refer to

as "levees," "floodwall," or "other flood-protection structure" is in no way an

acknowledgment, concession or admission that the Army Corps actually constructed

"levees," "floodwall," or "other flood-protection structure."

## REQUESTS, OBJECTIONS, & RESPONSES

### REQUEST NO. 1:

All documents, ESI, and things identified in your answers to defendant United States of America's, and all other defendants', interrogatories to plaintiffs in the instant litigation.

### RESPONSE NO. 1:

Responding Parties object to this request for production as vague, ambiguous, and overbroad in that the term "thing" is so broad as to include any type of material, machine, device, tool or other contrivance with a physical presence.  Responding Parties also object to this request for production on the grounds that it is premature as Responding Parties are still investigating the means and mechanism by which Propounding Party's negligence caused Responding Parties' damages.

Notwithstanding the foregoing, and without waiving any objections to this request for production, Responding Parties will produce all non-privileged documents that are responsive to this Request to the extent that the documents concern the MRGO Plaintiffs and the allegations in the MRGO Master Consolidated Class Action Complaint and to the extent such documents exist and are presently in Responding Parties' possession, custody, or control.  Additionally, Responding Parties shall produce additional responsive, non-privileged documents when their investigation is complete, should any additional documents be created, gathered, or collected.

### REQUEST NO. 2:

All documents, ESI, and things received by plaintiff from, or sent by plaintiffs to, each person who you expect to call as an expert witness and/or each person from whom you expect to elicit expert witness testimony of whatever discipline or subject matter at the trial of this action.

**RESPONSE NO. 2**

Responding Parties specifically object to this request to the extent it seeks the premature disclosure of expert witnesses and expert testimony before the September 17, 2007 deadline for Responding Parties' list of all expert witnesses who may be used at trial or in connection with motions concerning common liability issues; before the October 31, 2007 deadline to supplement Responding Parties' initial expert witness disclosures; and before the May 30, 2008 deadline for Responding Parties' expert reports. *See* CMO No. 4 at p. 36, ¶ (E)(1)-(3). Responding Parties will produce all non-privileged documents that are responsive to this request pursuant to the deadlines concerning expert discovery as mandated in CMO No. 4.

**REQUEST NO. 3:**

Any written, signed, or recorded statement and/or any documents, ESI, and things prepared as a result of an oral statement given by any agent, servant, or employee, past or present, of the defendant United States of America, or any other person or entity, in connection with the contentions and allegations in this litigation or to Hurricane Katrina.

**RESPONSE NO. 3:**

Responding Parties specifically object to this request as vague, ambiguous, and overbroad. Specifically, the term "thing" is so broad as to include any type of material, machine, device, tool or other contrivance with a physical presence. Furthermore, the request for production seeks "Any written, signed, or recorded statement and/or any documents, ESI, and things prepared as a result of an oral statement given by any agent, servant, or employee, past or present, of the defendant United States of America, or any other person or entity, in connection with the contentions and allegations in this litigation or to Hurricane Katrina."

As phrased, this would include any reports, plans, memoranda, studies, emails, correspondence, or any one of countless forms of transmission of information following such communication, regardless of whether it reflected the content or subject matter of the communication. The request is also not limited to time, subject matter, or participants in such communication. Accordingly, this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication. The request for production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine. As phrased, therefore, this request for production is incomprehensible and cannot be responded to.

**REQUEST NO. 4:**

Any written, signed, or recorded statement given by plaintiffs, or summary or notes of any such statement, and/or any documents, ESI, and things prepared as a result of an oral statement, concerning the allegations in this action or related to Hurricane Katrina.

**RESPONSE NO. 4:**

Objection. The request for production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine.

**REQUEST NO. 5:**

All documents, ESI, or things received by plaintiffs from defendant United States of America, its employees, agents, representatives, entities, agencies, associations, departments, administrations, or other comparable sources, which documents, ESI, and things in any way relate to the allegations of plaintiffs' Complaint or to Hurricane Katrina.

**RESPONSE NO. 5:**

Responding Parties specifically object to this request as vague, ambiguous, and overbroad. Specifically, the term "thing" is so broad as to include any type of material, machine, device, tool or other contrivance with a physical presence.  Furthermore, the request for production seeks all "All documents, ESI, or things received by plaintiffs from defendant United States of America, its employees, agents, representatives, entities, agencies, associations, departments, administrations, or other comparable sources, which documents, ESI, and things in any way relate to the allegations of plaintiffs' Complaint or to Hurricane Katrina."

As phrased, this would include any reports, plans, memoranda, studies, emails, correspondence, or any one of countless forms of transmission of information following such communication, regardless of whether it reflected the content or subject matter of the communication.  The request is also not limited to time, subject matter, or participants in such communication.  Accordingly, this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication. The request for production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine.  As phrased, therefore, this request for production is incomprehensible and cannot be responded to.

**REQUEST NO. 6:**

All documents, ESI, and things prepared by plaintiffs that mention or relate to the alleged causes of action, damages, or injuries described in the Complaint.

**RESPONSE NO. 6:**

Responding Parties specifically object to this request as vague, ambiguous, and overbroad. Specifically, the term "thing" is so broad as to include any type of material, machine, device, tool

or other contrivance with a physical presence. Furthermore, the request for production seeks "All documents, ESI, and things prepared by plaintiffs that mention or relate to the alleged causes of action, damages, or injuries described in the Complaint."

As phrased, this would include any reports, plans, memoranda, studies, emails, correspondence, or any one of countless forms of transmission of information following such communication, regardless of whether it reflected the content or subject matter of the communication. The request is also not limited to time, subject matter, or participants in such communication. Accordingly, this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication. The request for production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine. As phrased, therefore, this request for production is incomprehensible and cannot be responded to.

**REQUEST NO. 7:**

All documents, ESI, and things in your possession that relate in any way to the allegations of the Complaint or were used in any way to prepare the allegations in the Complaint.

**RESPONSE NO. 7:**

Responding Parties specifically object to this request as vague, ambiguous, and overbroad. Specifically, the term "thing" is so broad as to include any type of material, machine, device, tool or other contrivance with a physical presence. Furthermore, the request for production seeks "All documents, ESI, and things "prepared by plaintiffs that mention or relate to the alleged causes of action, damages, or injuries described in the Complaint."

As phrased, this would include any reports, plans, memoranda, studies, emails, correspondence, or any one of countless forms of transmission of information following such

communication, regardless of whether it reflected the content or subject matter of the communication. The request is also not limited to time, subject matter, or participants in such communication. Accordingly, this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication. The request for production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine. As phrased, therefore, this request for production is incomprehensible and cannot be responded to.

**REQUEST NO. 8:**

All documents, ESI, and things (including, but not limited to models, graphics, photographs (e.g., aerial and satellite), charts, films, videos, corporate animations, maps, other images or other materials), in your possession that you intend to offer in support of your claim in the trial of this action, or to use as exhibits at the trial of this action, or at any deposition to be taken pursuant to this action.

**RESPONSE NO. 8:**

Responding Parties specifically object to this request as vague, ambiguous, and overbroad. Specifically, the term "thing" is so broad as to include any type of material, machine, device, tool or other contrivance with a physical presence. Furthermore, the request for production seeks "All documents, ESI, and things (including, but not limited to models, graphics, photographs (e.g., aerial and satellite), charts, films, videos, corporate animations, maps, other images or other materials), in your possession that you intend to offer in support of your claim in the trial of this action, or to use as exhibits at the trial of this action, or at any deposition to be taken pursuant to this action."

As phrased, this would include any reports, plans, memoranda, studies, emails, correspondence, or any one of countless forms of transmission of information following such

communication, regardless of whether it reflected the content or subject matter of the communication. The request is also not limited to time, subject matter, or participants in such communication. Accordingly, this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication. The request for production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine. As phrased, therefore, this request for production is incomprehensible and cannot be responded to.

**REQUEST NO. 9:**

Copies of the current curriculum vitae, case lists, fee schedules, and retention agreements for each expert who you expect to call as an expert witness and/or each person from whom you expect to elicit expert witness testimony at the trial of this action. Also provide copies of all documents, ESI, and things that the expert considered in formulating his opinion or will use in a deposition or the trial of this matter, including the expert's entire file related to this litigation.

**RESPONSE NO. 9:**

Responding Parties object to this production request as premature. Responding Parties will respond in accordance with the expert disclosure requirements of CMO No. 4.

**REQUEST NO. 10:**

All documents, ESI, and things in your possession that allegedly support any claim of alleged injury to plaintiff or damage to plaintiffs' property because of any allegedly improper action or failure to act of any department, agency, branch, employee, or other entity of the United States of America

**RESPONSE NO. 10:**

Responding Parties object to this request for production as vague, ambiguous, and overbroad in that the term "thing" is so broad as to include any type of material, machine, device, tool or other contrivance with a physical presence. Responding Parties also object to this request for production on the grounds that it is premature as Responding Parties are still investigating the means and mechanism by which Propounding Party's negligence caused Responding Parties' damages.

Notwithstanding the foregoing, and without waiving any objections to this request for production, Responding Parties will produce all non-privileged documents that are responsive to this Request to the extent that the documents concern the Levee Plaintiffs and the allegations in the Levee Master Consolidated Class Action Complaint and to the extent such documents exist and are presently in Responding Parties' possession, custody, or control. Additionally, Responding Parties shall produce additional responsive, non-privileged documents when their investigation is complete, should any additional documents be created, gathered, or collected.

**REQUEST NO. 11:**

Produce all documents, ESI, and things in your possession that contain, state, or relate in any way to the facts and information, and the sources of all facts and information, that support your allegations that "water began to enter the Gentilly area west of the London Avenue Canal sometime before 9:00 am on August 29, 2005, pouring through a 400-foot wide breach in the levee/flood wall on the west side of the London Avenue Canal."

**RESPONSE NO. 11:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 12:**

Produce all documents, ESI, and things in your possession that contain, state, identify, or relate in any way to the facts and information, and the sources of all facts and information, that support your allegation that the soil underlying the London Avenue flood walls formed a pathway through which groundwater from the canal penetrated and moved below sheet piles and into the layer of peat ultimately causing a "ground heave," providing a path for water undermining the levee and causing the collapse of the levee and flood wall.

**RESPONSE NO. 12:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 13:**

Produce all documents, ESI, an9-things in your possession that contain, state, identify, or relate in any way to the facts and information, and the sources of all facts and information, supporting your allegations that "the undermining and collapse of the levee and flood wall at the London Avenue breaches could have been prevented by placing the sheet piles to a depth of 50 feet below sea level, where their bottom ends would have terminated in a layer of clay."

**RESPONSE NO. 13:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 14:**

Produce all documents, ESI, and things in your possession that support your allegations, if any, that the "Parallel Protection Plan" (see Complaint ¶ 57) was not the optimal plan for storm surge protection for the outfall canals.

**RESPONSE NO. 14**

    *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 15:**

    Produce all documents, ESI, and things in your possession that support your allegation that the storm surge associated with Hurricane Katrina did not overtop the floodwalls at the sites of either the 17th Street Canal breach or the north or south London Avenue Canal breaches.

**RESPONSE NO. 15:**

    *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 16:**

    Produce all documents, ESI, and things in your possession that contain, state, identify, or refer to facts and information that the USACE agreed or disagreed with, the opinion of OLD and SWB that the parallel protection plan (building and raising the height of the parallel flood walls and levee structures along each side of the London Avenue Canal) was the optimal plan for storm surge protection.

**RESPONSE NO. 16:**

    *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 17:**

    Produce all documents, ESI, and things in your possession that contain, state, identify, or reference facts and information related to the storm surge produced by Hurricane Katrina and its effect or non effect on the 17th Street, London Avenue, and IHNC (west side) Canals, flood walls, or levees.

**RESPONSE NO. 17:**

      *See* response to Request for Production No. 11, *supra*.

**REQUEST NO. 18:**

      Produce all documents, ESI, and things in your possession related to or evidencing the Hurricane Katrina "storm surge" and how it may have impacted the Hurricane Protection System, as the term "storm surge" is used in the Complaint.

**RESPONSE NO. 18:**

      *See* response to Request for Production No. 11, *supra*.

**REQUEST NO. 19:**

      Produce all documents, ESI, and things in your possession in any way related to the "Standard Project Hurricane" referenced by you in the Complaint.

**RESPONSE NO. 19:**

      *See* response to Request for Production No. 11, *supra*.

**REQUEST NO. 20:**

      Produce all documents, ESI, and things in your possession related to allegations made by you in the Complaint against the United States of America for "nuisance."

**RESPONSE NO. 20:**

      *See* response to Request for Production No. 11, *supra*.

**REQUEST NO. 21:**

      Produce all documents, ESI and things in your possession related to any defendant's failure to "account for the devastation" or otherwise "denuding and destroying a critical natural buffer against storm surge" as alleged by you in Paragraph 244(c) of the Complaint.

**RESPONSE NO. 21:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 22:**

Produce all documents, ESI, and things in your possession related to "crown elevation

deficiencies," as referenced specifically in Paragraph 118 of the Complaint.

**RESPONSE NO. 22:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 23:**

Produce all documents, ESI, and things in your possession related to the "Barrier Plan,"

"High Level Plan," "Parallel Protection Plan" or any other similar hurricane protection plan as any

of these terms are used in the Complaint, that in any way concerns this litigation or to Hurricane

Katrina.

**RESPONSE NO. 23:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 24:**

Produce any and all data, compilations of data, documents, ESI, and things in your

possession related to allegations that the United States of America "failed to follow federal

regulations and its own engineering standards and procedures, in regard to the issuance of a permit

to dredge the 17th Street Canal," as alleged in Paragraph 198 of the Complaint, or failed to do so in

regard to any other act or omission by the United States of America.

**RESPONSE NO. 24:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 25:**

Produce all documents, ESI, and things in your possession related to allegations made by you of "negligence" against the United States of America, as referenced in Paragraphs 202, 244 and 276 or anywhere else in the Complaint.

**RESPONSE NO. 25:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 26:**

Produce any and all meteorological, hydrological, wind speed, weather modeling or monitoring or other similar documents, ESI, and things in your possession in any way related to the instant litigation or to Hurricane Katrina.

**RESPONSE NO. 26:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 27:**

Produce any and all geological, topographical or other similar documents, ESI, and things in your possession related to the instant litigation or to Hurricane Katrina.

**RESPONSE NO. 27:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 28:**

Produce any and all "LIDAR" or other similar data or documents, ESI, and thing in your possession in any way related to the instant litigation or to Hurricane Katrina.

**RESPONSE NO. 28:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 29:**

Produce any and all reports, affidavits, deposition transcripts, or other documents (including drafts whether hard copy, analog or digital), ESI, and things of any expert you have retained in connection with the above-referenced litigation who you mayor will call at the trial of this matter.

**RESPONSE NO. 29:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 30:**

Produce all documents, ESI, and things in your possession related in any way to a possible combination or mixing of storm surge flooding/waters in any way from Lake Ponchatrain, the MRGO, the Gulf Intracoastal Water Way, Lake Borgne and/or the IHNC within the interior boundaries or causing breaches of the Hurricane Protection System in any way, including but not limited to any data, compilations of data or documents referencing the location. of any failures or breaches of the Hurricane Protection System, the sources of any waters flowing through those failures or breaches, and hydrological or other data as to where those waters may have traveled to enter or traveled within the interior boundaries of the Hurricane Protection System.

**RESPONSE NO. 31:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 32:**

Produce all insurance, policies that you have· obtained from any defendant in this litigation.

**RESPONSE NO. 32:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 33:**

Produce all documents, ESI and things, including but not limited to, .blueprints, plans,

drawings, schematics, design memoranda, reports or other information of any kind or type in your possession related to the design, construction, implementation, operation and/or maintenance of any and all flood control structures, levees, floodwalls, spoil banks, soil conditions or other similar portions of the Hurricane Protection System, that you allege in any way support your contentions that the United States of America caused or contributed to any damage, or otherwise is in any way related to this litigation or to Hurricane Katrina.

**RESPONSE NO. 33:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 34:**

Produce all documents, ESI, and things in your possession in any way related to soil composition, soil analysis, soil testing, soil sampling, soil strength, for any portion of the Hurricane Protection System, that you allege in any way explain the cause of, or identify any event that contributed to, any damage, or otherwise are in any way related to this litigation or to Hurricane Katrina.

**RESPONSE NO. 34:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 35:**

Produce all documents, ESI, and things in your possession related to any subsidence, compaction, or change in crown elevation and/or low point in any portion of the Hurricane Protection System, that you allege in any way caused or contributed to any injury to you or damage to your property, or otherwise are in any way related to this litigation or to Hurricane Katrina.

**RESPONSE NO. 35:**

    *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 36:**

    Produce all documents, ESI, and things in your possession related to overtopping, scouring; under seepage or any other alleged failure mechanism, as those terms are used by you in the Complaint, of any portion of the Hurricane Protection System, that you allege in any way caused or contributed to any injury to you or damage to your property, or otherwise are in any way related to this litigation or to Hurricane Katrina.

**RESPONSE NO. 36:**

    *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 37:**

    Produce any and all data, compilations of data, documents, ESI, and things in your possession related to allegations made by you that dredging at any time of any portion of the 17th Street Canal, the London Avenue Canal, the Orleans Avenue Canal, the Industrial ("IHNC") Canal, the GIWW, or the MRGO, caused or contributed to any injury to you or damage to your property, or otherwise are in any way related to this litigation or to Hurricane Katrina.

**RESPONSE NO. 37:**

    *See* response to Request for Production No. 11, *supra.*

REQUEST NO. 38:

    Produce all documents, ESI, and things in your possession related to National Geodetic Vertical Datum of 1929 ("NGVD29"), as referenced in the Complaint.

**RESPONSE NO. 38:**

 *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 39:**

 Produce all "Independent Levee Investigation Team" documents, ESI, and things in your possession related to the underlying litigation or to Hurricane Katrina.

**RESPONSE NO.39:**

 *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 40:**

 Produce all "Team Louisiana" documents, ESI, and things in your possession related to the underlying litigation or to Hurricane Katrina.

**RESPONSE NO. 40:**

 *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 41:**

 Produce all documents, ESI, and things in your possession that discuss, analyze, depict, illustrate, simulate or otherwise reflect the timing of any breaches, overtopping or other alleged failures of any part of the Hurricane Protection System.

**RESPONSE NO. 41:**

 *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 42:**

 Produce all documents, ESI, and things in your possession that discuss, analyze, depict, illustrate, simulate or otherwise reflect the depths of any flooding or waters, originating from any breach, overtopping or other failure of any portion of the Hurricane Protection System.

**RESPONSE NO. 42:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 43:**

Produce all documents, ESI, and things in your possession that discuss, analyze, depict, illustrate, simulate or otherwise reflect surging of flood waters or the duration of any flooding from waters that allegedly caused any breach, overtopping or other failure of the Hurricane Protection System.

**RESPONSE NO. 43:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 44:**

Produce all documents, ESI, and things in your possession, regarding any failure modes of the 17th Street Canal levees, flood walls, or other hurricane or flood protection, that in any way caused injury to you or damage to your property.

**RESPONSE NO. 44:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 45:**

Produce all documents, ESI, and things in your possession, regarding failure modes of the London Avenue Canal levees, flood walls, or other hurricane or flood protection, that in any way caused injury to you or damage to your property.

**RESPONSE NO. 45:**

*See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 46:**

Produce all documents, ESI, and things in your possession, regarding failure modes of the

IHNC (west side) Canal levees, flood walls, or other hurricane or flood protection that in any way

caused injury to you or damage to your property.

**RESPONSE NO. 46:**

    *See* response to Request for Production No. 11, *supra.*

**REQUEST NO. 47:**

    Produce all documents, ESI, and things in your possession that you allege in your Complaint

are prepared as "independent studies" or by or for "independent engineers."

*See* response to Request for Production No. 11, *supra.*

**RESPONSE NO. 47:**

    *See* response to Request for Production No. 11, *supra.*

                **RESPECTFULLY SUBMITTED:**
                **LEVEE LITIGATION GROUP**

                By:   s/Joseph M. Bruno
                Joseph M. Bruno (#3604)
                Law Office of Joseph M. Bruno
                855 Baronne Street
                New Orleans, Louisiana 70113
                Telephone: (504) 525-1335
                Facsimile:(504) 581-1493
                E-Mail:jbruno@brunolaw.com
                Plaintiffs' Liaison Counsel

                -and-

                GERALD E. MEUNIER (La. Bar #9471)
                Gainsburgh, Benjamin, David, Meunier &
                Warshauer, L.L.C.
                2800 Energy Centre
                1100 Poydras Street
                New Orleans, Louisiana 70163-2800
                Phone:504/522-2304
                Facsimile:504/528-9973
                E-mail:gmeunier@gainsben.com
                Levee PSLC Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 26th day of June, 2007.

        /s/ Joseph M.Bruno

        Joseph M. Bruno