# EXHIBIT 3



# U.S. Department of Justice

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

Richard R. Stone
*Senior Trial Attorney*

Post Office Box 888, Benjamin Franklin Station
Washington, D.C. 20044

Telephone: (202) 616-4291
Facsimile: (202) 616-5200

JGT:RRStone
157-0-272

July 11, 2007

VIA ELECTRONIC MAIL
Joseph M. Bruno
The Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113

Re:   In Re Katrina Canal Breaches, No. 05-4182, pertains to Levee

Dear Mr. Bruno:

Per your request.

At the Rule 37 meet and confer on July 9, 2007 (which requirement both parties satisfied), counsel for defendant United States agreed to send plaintiffs an email generally identifying the insufficiencies in plaintiffs' responses and answers to the discovery served on plaintiffs by the United States. These insufficiencies are as follows:

ANSWERS TO REQUESTS FOR ADMISSIONS

1.   Plaintiffs served these answers twelve (12) days out of time without obtaining any agreed, or Court ordered, extension. Consequently, the United States will move to have them deemed admitted.

2.   The United States also will move the Court for independent reasons to deem these admitted. For example:

Your answers are intentionally evasive. You deny the requests to admit and then explain your reasoning which describes precisely how you evade the request. This is a bad faith attempt to rewrite in order to misconstrue the question For example, in request no. 1 you are directed to plaintiffs' complaint and are asked to admit that the United States "did not operate the 17th Street Canal (See Complaint ¶ 24) at any time pertinent to the Complaint allegations....." You deny the request and then explain your denial by discussing dredging permitting activities of the United States which has nothing to do with operating the canal. Yet, your complaint at paragraph 24

clearly alleges that "defendant SWB took over the operation of the 17th Street Canal at the end of the 19th century." Further, the complaint does not allege anywhere that the United States operated the canal. It is a fact that the United States did not operate it. Plaintiffs know who did. Consequently, it is your duty to "fairly meet the substance of the requested admission" which you have not. F.R.Civ.P. 36 (a). All answers to requests that direct you to the complaint suffer from this same refusal to deal with the complaint allegations. This is nothing short of an intentional evasion in every instance.

You have done this in an effort to avoid narrowing the issues. You knew that the United States' Motion to Dismiss the Levee Master Complaint was due on July 9. Through your evasive answers to requests to admit, and elsewhere through your other insufficient and evasive answers to interrogatories and responses to requests for production of documents and things, you affirmatively have made it impossible for the United States to narrow those issues in advance. Further, your denials are inappropriate in that each request directs you to a paragraph within the complaint where you have specifically spoken to the issue raised in the request. The issues that are raised by the requests have to do with allegations within the complaint that are not directed at the United States. The requests are made in an effort to make clear that these contentions are not directed at the United States. If the United States ultimately is required to prove these matters, it will seek costs and attorneys fees.

Additionally, your explanations following your denials do not state a single fact that is contrary to the requests for admissions. Your suggestions in these answers that third party acts do not relieve the United States of responsibility also add to your pattern of evasiveness. The requests address facts, not arguments, and you must deal with the facts that you are asked to admit. Your non sequiturs about third party acts and your arguments do not salvage your insufficient evasive answers.

In answering, you also have raised that discovery is ongoing or that you have insufficient information to admit or deny as excuses. See answer no. 5. That, however, is not a permissible excuse under the rules. For example, in answer to request no. 5 you do not state that you have "made reasonable inquiry and that the information known or readily obtainable by [plaintiffs] is insufficient to enable [plaintiffs] to admit or deny." Fed. R. Civ. P. 36 (a). We believe that in this case, any suggestion that your inquiry has been reasonable would be suspect. You had the discovery for forty-five days and did nothing. You then responded to it all in less than twelve days by merely evading every question. Indeed, wherever you have stated that you have done a reasonable inquiry, defendant United States will attack that assertion.

Your objections are late. Consequently, we will ask the Court to strike the objections. They also are frivolous. For example, in answer to request no. 7 you object that the term "designed" [sic] is vague and ambiguous. However, the term in the request is "design" and at paragraph 214 of the Complaint (to which you are referred in the request) you also use the term "design". We are asking for an admission based entirely on your complaint allegation as you use the terms therein. You have made the same frivolous objection at answer no. 9. Other examples

2

of your contending that a term you used in the complaint is ambiguous or vague occur throughout your answers and other responses.

In every instance where you have been referred to your own Complaint you have avoided the Complaint's allegations and have attempted to reword the request for admission or have provided a meaningless and non responsive self serving statement. See for example answers nos. 10, 11, and 12.

We offered to identify your answer and response insufficiencies regarding each and every answer and response during the meet and confer. You, however, rejected that approach. We will treat each answer on its own merits in the motion to compel.

You refused to address the duty issue in answer no. 16. The question asks you to apply law to fact - who had the duty to repair a broken flood gate? Your answer is evasive.

You also interject opinion into your answers. This is in addition to self serving comments. In this way you also fail to "fairly meet the substance of the requested admission."

In answer no. 17 you object to the term "constructed" as vague and ambiguous. This is frivolous for the same reasons previously addressed herein.

You evade request nos. 18 and 19 by objecting and claiming they call for conclusions of law. Again, these call for application of law to fact which you must answer. See Rule 36.

Your answer no. 20 avoids the question and discusses fault. The issue of fault is not raised in the request to admit.

Your evasion of no. 21 is based on "conducting a reasonable inquiry;" we believe that the reasonableness of your inquiry is suspect for the reasons stated earlier herein.

Answer nos. 22 and 23 do not even state that you have done a reasonable inquiry before answering that you have insufficient information to admit or deny.

Answers nos. 24 and 25 also are evasive.

ANSWERS TO INTERROGATORIES

Plaintiffs' answers to defendant United States' Interrogatories, as we discussed on July 9, 2007, are late, and as a result, defendant will move the Court to strike the objections. The answers generally simply refer defendant to (or provide almost identical language cut-and-pasted directly from) plaintiffs' Complaint. Answering interrogatories by merely referring to complaints or other pleadings, does not suffice under the federal discovery rules. Plaintiffs' answers to interrogatories numbers 1, 2, 6-17, 20-22, and 25 fall in this category and are thus insufficient.

3

Next, plaintiffs' answers to interrogatories numbers 18 and 19 are in the form of answers to requests for admissions, rather than answers to the respective interrogatories asked by defendant United States. Consequently, Plaintiffs' answers to 18 and 19 ("Denied because discovery has not progressed to a point where Plaintiffs have sufficient information to admit or deny this request for admission") are insufficient.

Finally, Plaintiffs' answers to interrogatories numbers 3 and 5 (that "they are still in the process of assessing the mechanism by which the USACE's negligence caused [their] damages") and to 23 (that the "interrogatory presently calls for speculation and cannot be answered"), also are not sufficient. Indeed, Plaintiffs must answer the interrogatories based on the information they currently possess and then supplement their answers as more information becomes available.

In addition to supplying insufficient answers to the above referenced interrogatories, none of Plaintiffs' answers were verified or "signed by the person making them," as required by Rule 33(b)(2). They are unsworn and not in compliance with the rules. Fed. R. Civ. P. 33(b)(1).

The interrogatory answers also are defective in that they misconstrue the questions. For example, interrogatory no. 1 does not seek premature disclosure of expert testimony. Also, answer no. 5 refuses to identify government personnel, if any, that have been contacted by plaintiffs. Plaintiffs interpose a frivolous objection and then refuse to provide the information.

Plaintiffs' answers are further deficient in the following ways: answers 2, 6-9 and 17 do not provide any factual basis as requested; answers 10 and 13 refer to plaintiffs' non responsive insufficient answers nos. 6, 7, and 8; and nos. 3 and 4 refuse to identify any documents or witnesses.

When asked about their allegations of admiralty jurisdiction over the government in interrogatory no. 22, plaintiffs refer defendant to a brief filed against the dredging companies. This answer is completely evasive. Answer no. 23 also is not responsive. If there are no additional unstated contentions at this time, because there are no facts to support any, plaintiffs should so state. Additionally, answer no. 25 simply gives an example ("See, e.g. Responding Parties' answer to interrogatory 20, supra."). Plaintiffs must provide a full responsive answer.

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Because plaintiffs' responses are late, defendant will move the Court to strike the objections. Independent issues concerning the insufficiency of Levee Plaintiffs' Responses to the United States' Requests for Production are as follows:

4

- Levee Plaintiffs' recurring objection to the term "thing" on the ground that it is too broad is not a valid objection because the term, as it is expressly used in the Federal Rules of Civil Procedure, applies to all "tangible things" in the possession, custody or control of a party. See Fed. R. Civ. P. 34(a)(1).

- Levee Plaintiffs' recurring objection that the request is "not limited to time, subject matter, or participants in such communication" is not a valid objection and does not justify the withholding of discovery. Each Request for Production clearly delineates the subject matter of the discovery sought. Further, the Federal Rules do not require that a party specify further detail, such as time frame. However it is clear that the requests focus on the time frame relevant to this litigation, which the plaintiffs have treated as covering more than 40 years.

- Levee Plaintiffs' recurring objection that "this request for production would encompass any exchange of information involving anyone, regardless of the subject matter or purpose of the communication" is not a valid objection and does not justify the withholding of discovery. Under the Federal Rules, a party is obligated to produce only that which is in their possession, custody, and control. This presumably narrows the universe of discovery substantially.

- Levee Plaintiffs' responses to the Requests for Production consist of nothing more than objections. Levee Plaintiffs have failed to provide any information *at all* concerning what discoverable information is in their possession, custody and control. Further, they have failed to disclose for any of the requests which documents or tangible things are responsive, much less make available any discovery for inspection. The suggestion that plaintiffs have no discoverable documents is suspect. They cannot simply contend that the documents are all in the public domain, refuse to identify them, and refuse to allow inspection of the documents and things that they have accumulated thus far that are relevant to this litigation.

- Levee Plaintiffs' sole response to RFP No. 4 is an objection that "[t]he request or production is broad enough to cover information protected from disclosure by the attorney-client privilege or the work product doctrine." This objection is not a valid basis for withholding *all* discovery responsive to that request. Further, to the extent that Levee Plaintiffs are withholding documents to this and other RFPs on privilege or work product grounds, they must provide the United States with information pursuant to Fed. R. Civ. P. 26(5)(A) as required by the rules.

5

- RFP Nos. 2 and 9 seek discovery related to each expert that Levee Plaintiffs expect to utilize for expert witness testimony in this action. Levee Plaintiffs object to this request as premature. Although expert reports need not be disclosed at this time, Levee Plaintiffs are "required to produce all other non-privileged materials responsive to this request." East Jefferson, Order and Reasons on Motion dated June 27, 2007 at page 8 (Judge Wilkinson). For example, this includes, but is not limited to, graphs, charts, tangible items, studies, correspondence, notes, memorialized interviews.

Sincerely,

*Richard Stone*

Richard R. Stone
Senior Trial Attorney
Civil Division, Torts Branch