**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * * * | **CIVIL ACTION** **NO. 05-4182 "K" (2)** |
| **PERTAINS TO LEVEE: MASTER COMPLAINT** | * * * * | **JUDGE DUVAL** |
| **FILED IN:** **O'DWYER, No. 05-4181** **TAUZIN, No. 06-0020** **O'DWYER, No. 06-4389** **ADAMS, No. 06-4634** **O'DWYER, No. 06-5786** | * * * * * * | **MAG. WILKINSON** |
| *** * * * * * * * * * * * * * * *** | * | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' RESTATED LEVEE MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiffs have proposed a Restated Complaint that appears to reflect an interpretation of the Supreme Court's recent *Twombly* opinion as permitting the amendment of already vague and insufficient allegations to make them *vaguer*. *Twombly* says quite the opposite, and for this reason alone, plaintiffs' recent request for leave to file their Restated Levee Master Complaint should be denied as futile. Moreover, should the Court grant plaintiffs' motion, the CSX

entities[1] will be forced *yet again* to file responsive motions addressing the continued inadequacies of the allegations, potentially wreaking havoc on the Court's carefully crafted scheduling order. For these reasons, plaintiffs' motion should be denied. However, even if the Court grants the plaintiffs' motion, the Restated Complaint is still deficient and the CSX entities should be dismissed.

## BACKGROUND

In their Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint ("Motion for Leave"), plaintiffs claim they merely are changing the names of class representatives, providing a "more precise description of the geographical boundaries of the proposed subclasses," and "restat[ing] and clarif[ying] the factual allegations of the original Master Complaint." Motion for Leave (Dkt. 6584), p. 2. In actuality, their changes substantially alter plaintiffs' claims against the CSX entities. Far from "clarifying" anything, the proposed changes render the factual allegations as to CSX *vaguer* and the claim for liability even less plausible.

***First***, the only count with allegations against the CSX entities in the original Master Levee Complaint was brought on behalf of "[p]laintiffs representing and within proposed Subclasses Four and Five." Original Complaint (Dkt. 3420), ¶ 253. Now, plaintiffs propose a claim against the CSX entities on behalf of the ***entire class and/or*** sub-classes four and five. Restated Complaint (Dkt. 6584-3), p. 69.

***Second***, plaintiffs originally alleged that "CSX designed and constructed a railroad crossing at or near the ***IHNC's*** flood protection structures" and that the CSX entities' "failures

[1] The "CSX entities" are CSX Transportation, Inc. and CSX Corporation.

directly and/or proximately caused and/or contributed to the breaches of the ***IHNC on the west side***." *Id.* at ¶¶ 258, 261 (emphasis added). Plaintiffs now allege that CSX "designed and constructed a railroad crossing at or near ***certain*** flood protection structures" and that the CSX entities' "failures directly and/or proximately caused and/or contributed to the breaches of ***certain levees or floodwalls***." Restated Complaint, ¶¶ 196, 199 (emphasis added). Thus, plaintiffs have made even more vague and unascertainable the identities of the persons making claims against CSX as well as the subject matter of those claims.

## ARGUMENT

"[L]eave to amend should not be given automatically." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). Indeed, in light of the Court's diligent efforts to establish an orderly schedule for this enormous and complex litigation, CMO 4 clearly states that as of March 1, 2007, "ample time for completion of pleadings has been provided…[and] the deadline for amending pleadings is now deemed lapsed." CMO 4 at 12-13. Further amendments to pleadings are only permitted "on a showing of good cause." *Id.* at 13. Plaintiffs' proposed amendments are not only substantive, as shown above, but also are futile. They represent, at best, a step backwards from the federal pleading standard the Original Complaint already fails to meet. The Motion for Leave should be denied.

Plaintiffs filed their Motion for Leave two months *after* the Supreme Court rendered its opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Twombly* explicitly clarified and reinforced the burden a plaintiff faces in meeting federal pleading requirements and defeating a motion to dismiss: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 127 S. Ct. at 1964-65.

The CSX entities already have briefed extensively the deficiencies in plaintiffs' Master Levee Complaint as well as preceding complaints in this consolidated litigation in motions to dismiss pursuant to Rule 12.[2] Plaintiffs' proposed Restated Complaint does not fix any of the problems CSX identified, but actually makes them worse. By broadening and making vaguer their claims against the CSX entities, plaintiffs have succeeded in making the allegations more conclusory, and more incomprehensible. This violates the instruction in *Twombly*. There is no good cause for granting leave to file an even more deficient Complaint.

Furthermore, it is a paramount goal of the federal courts to achieve the just and speedy resolution of every action. Fed. R. Civ. Pro. 1. To achieve these dual goals, courts work diligently to set and maintain orderly case management schedules, including limiting the time to amend the pleadings. Fed. R. Civ. Pro. 16. If plaintiffs' Motion for Leave is granted, plaintiffs' *substantive* changes to the factual allegations – *more than four months after the Original Complaint was filed* – will instigate and necessitate yet another round of responsive pleadings.

As the *Twombly* Court emphasized, absent the pleading of facts which suggest that a claim is "plausible," a plaintiff with "'a largely groundless claim'" could "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 127 S. Ct. at 1966, quoting *Dura Pharmaceuticals, Inc. v. Broudo*,

---

[2] *See, e.g.*, Memorandum in Support of CSX Transportation, Inc.'s and CSX Corporation's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Failure to State a Claim), Fed. R. Civ. P. 12(b)(2) (Lack of Jurisdiction Over the Person), and Fed. R. Civ. P. 12(b)(5) (Insufficiency of Service of Process) (Dkt. 3621), CSX Transportation Inc.'s and CSX Corporation's Submission of Supplemental Authority (*Bell Atlantic Corp. v. Twombly*) (Dkt. 5448).

544 U.S. 336, 347 (2005). When a complaint fails "the Rule 8 entitlement requirement" and suggests no plausibility, "'this basic deficiency should… be exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.*, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 233-234 (3d ed. 2004).

Plaintiffs' motion undermines the Court's carefully crafted scheduling order and threatens to derail the timeline the Court has established for this litigation. Granting the motion would not "clarify" any of the allegations as to CSX, but would result in further time spent by the parties and by this Court on motions addressing the plaintiffs' continued pleading failures.

Moreover, this pleading does nothing to change the fact that plaintiffs repeatedly have failed to show that CSX owes a legal duty to protect any plaintiffs from flooding or that plaintiffs' action is exempt from the preemptive force of two separate federal railway statutory regimes. These are incurable defects that no amount of artful pleading can avoid. Thus, even if the Court permits Plaintiffs leave to file the Restated Complaint, the correct outcome as to the CSX entities is still dismissal.

## CONCLUSION

Plaintiffs' Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint should be denied.

Respectfully submitted,

/s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
**RODNEY & ETTER, L.L.C.**
620 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 483-3224
Facsimile: (504) 483-2259

**ATTORNEYS FOR DEFENDANTS CSX TRANSPORTATION, INC. AND CSX CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Opposition to Plaintiffs' Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first-class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 31st day of July, 2007.

/s/ Jonathan C. McCall