DUNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" MAG "2" |
| **PERTAINS TO:**<br>**INSURANCE (XAVIER UNIVERSITY**<br>**OF LOUISIANA V. TRAVELERS**<br>**CASUALTY PROPERTY COMPANY**<br>**OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR**
**RECONSIDERATION ON MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Memorandum in Opposition to the Motion for Reconsideration on the Motion to Compel filed by defendant, Travelers Casualty Property Company of America ("Travelers"). For the following reasons, Travelers' motion should be denied:

- Travelers fails to articulate the proper legal standard for reconsideration of an order;

- Travelers re-hashes the same arguments that were properly rejected by this Court;

- Travelers' "newly discovered evidence" was available at the time it filed its motion

    for summary judgment and is hardly sufficient evidence on which to reverse this Court's partial denial of the motion to compel; and

•  This Court properly held that any non-insurance proceeds received by Xavier are wholly irrelevant to Xavier's claim that Travelers breached its contractual obligations to adjust Xavier's claim in good faith.

**I.  TRAVELERS FAILS TO ESTABLISH A LEGAL BASIS FOR THE REQUESTED RELIEF.**

  Travelers moves this Court to reconsider its July 12, 2007 Order and Reasons denying in part Travelers' motion to compel and holding that Travelers was not entitled to discovery concerning any funds Xavier received from non-insurance sources following Hurricane Katrina. Travelers' motion, however, fails to articulate the proper legal standard under which this Court should evaluate a motion for reconsideration. The Federal Rules of Civil Procedure do not specifically provide for a Motion for Reconsideration, but courts have generally considered such motions under Rule 59(e) as a motion to alter or amend judgment, or a Rule 60(b) motion for relief from judgment. *See Hamilton Plaintiffs v. Williams Plaintiff*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

  As Travelers' motion was filed within ten days of the Court's order on the motion to compel, this motion is properly considered under the standards governing Rule 59(e) motions for a new trial. *See Ruiz v. Allstate Ins. Co.*, 2007 WL 1068458 (E.D. La. Apr. 5, 2007). Relief under Rule 59(e) is available only under the following circumstances: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* at * 2; *Atkins v. Marathon LeTourneau Company*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Further, such motions "should not be used to relitigate old

matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings." *Id.* at * 2.

Travelers' motion is utterly devoid of any mention of this standard and, indeed, it fails to even reach this standard. Travelers cites no intervening legal authority, re-argues the same issues discussed in its motion to compel, and fails to offer any proof that its evidentiary submissions could have been presented at the time the motion to compel was considered.

## II. TRAVELERS CITES NO NEW OR INTERVENING CASE LAW AND SIMPLY RE-HASHES ARGUMENTS THIS COURT HAS ALREADY REJECTED.

Travelers cites no intervening law that renders information regarding Xavier's non-insurance proceeds relevant to these proceedings. At best, it references a scheduling order issued by Judge Feldman in the Allstate cases requiring disclosure of information regarding payments received by FEMA, the Small Business Administration, or the Louisiana Recovery Authority. This scheduling order, which contains no discussion of the reasons such disclosure is required or the relevance of such information, is hardly persuasive authority that would compel this Court to reverse its ruling.

Not only can Travelers cite no new case law, but it also continues to re-argue the same points this Court rejected. Travelers continues to insist that the manner in which Xavier characterized its losses when requesting non-insurance aid and Xavier's statements regarding the causes of those losses are relevant to this action. As this Court correctly noted, Xavier's claim is that all of its damages are covered under the Travelers "all risks" policy issued to Xavier. Thus, the cause of any loss – wind or water – is irrelevant.

As this Court noted in its July 12 Order and Reasons, this is a breach of contract claim alleging Travelers failed to meet its contractual and statutory obligations to Xavier. Whether Xavier

obtained funds from non-insurance related sources is irrelevant to the present case. Nothing in the "all risks" policy of insurance issued to Xavier provides for an offset or credit against these types of funds.[1] Now, Travelers contends that the information sought may be relevant because it may reveal evidence concerning the extent of Xavier's damages. Travelers' arguments still miss the mark. The issues in this litigation are how much is owed under the Travelers Policy and whether Travelers acted in bad faith adjusting Xavier's Katrina claim. Information provided by Xavier to a non-insurer is unrelated and irrelevant. Travelers can still not establish good cause to permit the wide ranging discovery it seeks.

### III. TRAVELERS MAKES NO SHOWING THAT ITS "NEWLY DISCOVERED EVIDENCE" WAS NOT AVAILABLE TO IT AT THE TIME THAT IT FILED ITS MOTION TO COMPEL, AND IT CANNOT SATISFY THE STANDARD FOR RECONSIDERATION.

In further support of its argument that this Court should reverse itself, Travelers submits two documents it found on the Internet. The first document is a report by FEMA detailing those institutions that submitted claims for hurricane-related assistance. The second document comes from Xavier's website and discusses the extraordinary generosity of various entities and individuals who gave money to assist Xavier following the effects of the storm. Travelers makes the bold assertion that this is "newly discovered evidence" but offers *nothing* to suggest that the information was published on the Internet after July 12. Travelers offers no suggestion that it could not have obtained and submitted this evidence at the time the motion to compel was heard.

Even if this "evidence" tended to establish the relevance of the discovery sought by Travelers, which is denied, it is simply too little, too late. Under the plain standard for motions for

---

[1] Xavier maintains that Travelers also is not entitled to any credit for amounts received under its NFIP claim.

4

reconsideration under Rule 59(e), Travelers' "evidence" is not properly before this Court and should not be considered. Travelers has not established any error in this Court's July 12 Order requiring reversal.

**IV. DESPITE TRAVELERS' CONTENTIONS, ANY FUNDS RECEIVED BY XAVIER FROM SOURCES OTHER THAN INSURANCE COMPANIES ARE NOT A "DOUBLE RECOVERY" ON XAVIER'S PART, BUT, RATHER, CONSTITUTE AN INADMISSIBLE COLLATERAL SOURCE.**

As Xavier has already argued to this Court in its opposition to the motion to compel, it is well established that gifts from third parties constitute an inadmissible collateral source. *See* Memorandum in Opposition to Motion to Compel at p. 24 [Record Doc. No. 6226]. Further, as Xavier noted – and Travelers has not refuted– FEMA is the payor of last resort as federal regulations offset any amounts received from insurance companies when determining the amount to pay an applicant for disaster relief. *Id.* at p. 24 quoting 44 C.F.R. § 206.253(a).

Thus, the information sought by Travelers is irrelevant and inadmissible in the present case. The information bears no relationship to the "all risks" policy of insurance issued to Xavier. Travelers' obligation to pay Xavier arises out of that policy and nothing contained in the policy provides for any offset for federal disaster relief or a third party's gratuitous support of the university. Nothing supports the claim that the federal guidelines for disaster relief or charitable donations from a third party establish the "reasonableness" of a particular expense. Travelers has failed to show that it is entitled to the requested discovery.

Finally, whether Travelers is entitled to an offset for any amounts Xavier received from FEMA, HUD, or a generous benefactor is a purely legal issue for the District Court to resolve. Travelers is not entitled to conduct discovery concerning information that is not relevant to the case

5

at bar simply because a purely legal issue has been presented to the District Court. For these reasons, reconsideration is not appropriate.

## V. CONCLUSION

For the foregoing reasons, Xavier respectfully requests that this Court deny Travelers' motion for reconsideration of its July 12, 2007 ruling on the motion to compel.

Respectfully Submitted:

 /s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
 COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER