**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO:  ALL MRGO | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO COMPEL PLAINTIFFS' RESPONSES TO INTERROGATORIES**
**AND TO DETERMINE THE SUFFICIENCY OF PLAINTIFFS'**
**ANSWERS TO REQUESTS FOR ADMISSIONS**

## INTRODUCTION

Upon receipt of patently inadequate responses and improper objections to its requests for

admissions and interrogatories, and having failed to receive adequate responses and the

withdrawal of the improper objections following a Rule 37(a)(2) conference, the United States

moved for an order determining the sufficiency of Plaintiffs' responses to the requests for

admissions and compelling Plaintiffs to answer the interrogatories.  In response, Plaintiffs filed

an Opposition filled with irrelevant information about *their* attempts to obtain discovery,

describing events that occurred *after* Plaintiffs had already served their patently deficient

discovery responses.  Inasmuch as the United States' discovery requests sought answers and admissions based on Plaintiffs' *contentions* and on information reasonably available to Plaintiffs *when the interrogatories and requests for production were propounded*, Plaintiffs' Opposition is utterly lacking in merit.  Plaintiffs' subsequent service of "amended" responses to the requests for admissions and "amended" answers and objections to the interrogatories has cured only the most egregious deficiencies.  The inadequacy of Plaintiffs' "amended" answers, which remain *unverified* (despite a promise more than *three weeks ago,* at the Rule 37 conference, that Plaintiffs' counsel was in the process of obtaining signatures), and the renewed assertion of improper objections reveal a disturbing and persistent intent to obstruct discovery and prevent the United States from learning the basis, if any, of Plaintiffs' allegations.  For these reasons, the United States' motion to compel should be granted.   Plaintiffs should be compelled to provide verified and complete answers to each interrogatory, and their objections to the requests for admissions should be overruled.

## ARGUMENT

## I.  PLAINTIFFS SHOULD BE COMPELLED TO ANSWER FULLY AND TO VERIFY THEIR ANSWERS TO THE UNITED STATES' INTERROGATORIES.

Plaintiffs' initial response to interrogatories propounded by the United States, their repeated postponement of a conference concerning the patent inadequacy of that response, and Plaintiffs' subsequent service of an inadequate "amended" response, betrays an intent to impede discovery and thwart the United States' defense of these consolidated cases.  Plaintiffs served their initial response on June 14, 2006, more than a year after commencing this litigation and appearing through counsel in open Court to urge that the litigation be placed on an expedited

schedule for trial.  On June 27, counsel for the United States informed Plaintiffs' counsel of a desire to conduct a conference under Rule 37(a)(2), Fed. R. Civ. P., to address Plaintiffs' deficient discovery responses.  That discussion was delayed several times, each time at Plaintiffs' insistence.

When the conference finally occurred, on July 9, Plaintiffs' counsel announced (for the first time) his view that the conference was premature inasmuch as Plaintiffs had not yet received a letter from the United States outlining the deficiencies in Plaintiffs' initial response.  The conference, however, had already been delayed because of Plaintiffs' expressly stated "need for additional time to prepare," and Plaintiffs' surprising remark appeared to be just one more improper attempt at delay.  Further, because the insufficiency of Plaintiffs' response was patent and because Plaintiffs' objections were utterly baseless—even frivolous—Plaintiffs' counsel could have prepared for the conference if he had chosen to do so.  As the conference proceeded, it was apparent that he had not, for Plaintiffs had no constructive comments concerning their responses to the interrogatories beyond sporadic concessions that some objections were improper and some responses were inadequate.

At the conclusion of the conference, Plaintiffs requested that the United States give them more than a week to respond to the points raised by the United States.  The United States agreed not to move to compel until the following week, at the earliest, and then waited more than a week for Plaintiffs' response.  Contrary to the representation in the Opposition, counsel for the United States did not accede to a request from Plaintiffs' counsel to wait until July 17 for a response from Plaintiffs.  In the event, however, it was not until after the close of business on July 17, at approximately 8 p.m. EDT, when the United States filed its motion to compel.  Moments after

that filing, the United States received Plaintiffs' amended responses to both the Requests for admissions and the interrogatories.[1]

The majority of the United States' interrogatories are contention interrogatories. They simply cite to specific allegations stated in Plaintiffs' MRGO Master Complaint and request the bases for those allegations and the identification of documents evidencing them. The interrogatories propounded by the United States properly request the factual basis and evidentiary support for the MRGO Master Complaint. Plaintiffs' assertion that they cannot answer these interrogatories without first obtaining documents from the United States is utterly baseless. *See* Fed. R. Civ. P. Rule 11(b). Some interrogatories seek information concerning the basis of factual assertions made in a declaration previously adduced by Plaintiffs. Plaintiffs' assertion that they cannot answer these interrogatories without first obtaining documents from the United States is frivolous indeed.

Plaintiffs responded to these interrogatories with baseless objections. Their initial response is so utterly lacking in responsive information as to warrant an inference that the document was served for an improper purpose. Even now, Plaintiffs continue to stonewall, as evidenced by their claim that "they and their experts are still investigati[ng] the Responding Parties' [*i.e., their own*] claims." *See* Ex. A (MRGO Plaintiffs' Amended Responses to

---

[1]Although Plaintiffs served their "amended" responses to the interrogatories on July 17, they did not disclose in their Opposition that they had in fact already served them—even though the Opposition was not filed until on July 24, a full week later. Instead, Plaintiffs' Opposition misleadingly stated, "Plaintiffs will provide Defendants and the Court with supplemental interrogatory responses prior to the August 1, 2007 hearing date" and "request[ed] that this Court either take Defendants' motion off calendar, or that it deny Defendants motion to compel." Plt. Opp. at 9.

Defendant United States' First Set of Interrogatories), specifically responses to interrogatory nos. 1, 4, and 6-34 (amended response is not paginated).  Plaintiffs assert this improper response to 30 of the 35 interrogatories—sometimes in response to interrogatories seeking purely factual information that could not properly be the subject of expert opinion.[2]  *See id.*  In response to those same 30 interrogatories, Plaintiffs also state, "Moreover, since Propounding Parties' attorneys have insisted that supplemental responses be provided in a short period of time (approximately 1 week), Responding Parties are unable to locate the responsive information in the allotted time."  To be clear, the United States is not seeking "supplemental" responses at this time.  The United States filed this motion to compel because it still seeks *initial* responses, made in good faith, from the Plaintiffs.  The United States served its interrogatories upon Plaintiffs on April 30, 2007, *three months ago*.  Even after the Rule 37 conference and a subsequent exchange of correspondence with the United States, Plaintiffs have yet to provide answers to these interrogatories.

In their Opposition, Plaintiffs attempt to divert the Court's attention from their stonewalling by adverting to document production that did not begin until *after* Plaintiffs had served their response.  Since this is the principal excuse offered by Plaintiffs, the Opposition itself confirms that Plaintiffs have no excuse for their wholly inadequate response.  The suggestion that their response resulted from the United States' "refusal to work with Plaintiffs to enable them to provide complete responses to Defendants' discovery" is obviously false.

---

[2]For example, Interrogatory No. 29 states, "If you base your complaint, in whole or in part, on any violation by an employee of the United States of America of any federal or state statute, regulation, policy, or other similar law or directive, state your contention and the basis for the contention."  The response that they cannot answer until experts have investigated is improper. *See* Ex. A.  Plaintiffs should be compelled to answer fully.

Equally revealing that the Plaintiffs' are engaged in stonewalling is their request that the Court remove the present motion to compel from the calendar, based on the Opposition's misleading implication that "supplemental" interrogatory responses will be forthcoming. Plaintiffs had already served the United States with "amended" responses to the United States interrogatories, on July 17 (the very same date on which Plaintiffs served their "amended" responses to the Requests for admissions, which they advert to in their Opposition), *one week prior to filing their opposition memorandum. See* Ex. A. They filed their "amended" responses to the requests for admissions as an attachment to their Opposition but did not acknowledge or reveal that they had also previously served "amended" responses to the interrogatories. Their failure to provide the Court with these "amended" responses, while asking that the motion to compel be denied or taken off calendar to allow them time to respond is indefensible. Indeed, the "amended" responses show that an order to compel continues to be warranted because full answers have, even now, not been provided.

## II. PLAINTIFFS' OBJECTIONS TO THE UNITED STATES' REQUESTS FOR ADMISSIONS LACK FOUNDATION AND SHOULD BE OVERRULED.

The United States has requested that the Court determine the sufficiency of Plaintiffs' responses to Request for admissions Nos. 5, 6, 25, 26, and 46-50. In Plaintiffs' "amended" version of their response, they denied each of these Requests for admissions.[3]  *See* Rec. Doc. 6678 (Ex. A).  Inasmuch as these responses are unequivocal, the United States no longer

---

[3]Plaintiffs have denied some of these requests even though Plaintiffs have information that requires them in good faith to admit the requests.  Should Plaintiffs stand by these denials, the United States will seek all available remedies under Fed. R. Civ.  P. 37(c)(2) after trial.

challenges their sufficiency.  Tellingly, however, Plaintiffs' "amended" response continues to

assert the same baseless objections that comprised their entire initial response.  Plaintiffs have

not availed themselves of several opportunities to address and to resolve any confusion about

these requests for admissions, first at the Rule 37 conference and then through written

correspondence with the United States.  For the reasons set forth in the United States' opening

brief, these objections lack merit and should be overruled.

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States motion to compel should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

s/ Tara A. Bowman
ROBIN D. SMITH
Senior Trial Attorney
TARA A. BOWMAN
BRIAN E. BOWCUT
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202)-616-4400 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated: July 30, 2007

## CERTIFICATE OF SERVICE

I, Tara A. Bowman, hereby certify that on July 30, 2007, I served a true copy of the

United States' Reply Memorandum in Support of its Motion to Compel upon all parties by ECF.


           s/    Tara A. Bowman         
              TARA A. BOWMAN