UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL LEVEE | § | |
| | § | |

**DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION IN COMMON
LIABILITY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
RESTATED LEVEE MASTER
CONSOLIDATED CLASS ACTION COMPLAINT (Rec. Doc. 6584)**

**I. INTRODUCTION**

Defendant United States opposes plaintiffs' motion for "Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint" (hereinafer "Motion to Amend") as it attempts to amend the "common liability" track of the instant Levee litigation. (Rec. Doc. 6584) Plaintiffs move only to amend the "class certification" aspects of the "Superseding Master Consolidated Class Action Complaint" (hereinafter the "Complaint"). The Complaint actually contains two tracks of allegations -- class certification and common liability.[1]

---

[1] Defendant United States adopts the other Levee co-defendants opposition to the proposed "class certification" amendment, which opposition is to be filed today. Consequently, this opposition addresses only the effect of the proposed amendments on the common liability track allegations of the Complaint.

Plaintiffs do not state that they are moving to amend the common liability allegations of the Complaint. The only reference in the Motion to Amend that can be attributed to common liability is: "Plaintiffs['] Restated Master Complaint restates and clarifies the factual allegations of the original Master Complaint." (Emphasis added.) (Rec. Doc. 6584 at 2). Plaintiffs should not be permitted without good cause to amend in this manner and at this stage of the litigation the common liability allegations of the Complaint.

Plaintiffs have not filed a proper motion based on good cause to amend the common liability allegations. Further, they have not identified the portions of the complaint that they contend need amending. Here plaintiffs have rewritten and rearranged most of the factual allegations and the causes of action. At a time when written discovery should be complete, and without having provided any written discovery for the common liability action, plaintiffs now move for leave to amend the Levee complaint.[2] Yet, all Court authorized written factual discovery has been sought with reference to the original statements of factual allegations and has been addressed to the original Counts as those allegations and Counts are pled in the Complaint.[3]

Further, a motion to dismiss the common liability allegations, filed July 9, 2007, is pending which specifically refers to and quotes the original Complaint allegations. Plaintiffs' Motion to Amend is nothing more than a sleight-of-hand attempt to circumvent the discovery

---

[2] The United States has moved to compel answers to interrogatories and for production of documents for inspection. (Rec. Doc.6716, et seq.). Defendant's requests for admissions to plaintiffs have been deemed admitted by action of law due to failure timely to answer. (Id. at Rec. Doc. 6716-2 at 1, n.2 - - United States Motion to Compel filed July 30, 2007).

[3] See, e.g., Exhibit 1 hereto, Plaintiffs' untimely Answers to Defendant United States' Requests for Admissions.

that has been requested, plaintiffs' deemed admissions, and the pending motion to dismiss. These amendments are made for an improper purpose, i.e., confusion and avoidance, and in the words of Magistrate Wilkinson are another example of the "shifting sands of plaintiffs . . . allegations." (Rec. Doc. 6592 at 4).

The proposed amendments are in bad faith, for a dilatory purpose, prejudicial to an organized defense, untimely, and, if allowed, would be futile and a waste of time. An amendment is improper in the current posture of this case -- i.e., after the time for amending has closed, with a motion to dismiss pending, and after a complete failure to provide contention discovery. Plaintiffs' Motion to Amend never refers to the effects that the amendment will have on the common liability track of the instant case. Plaintiffs should not be allowed to amend the common liability track allegations by such indirection and subterfuge.

## II. ARGUMENT

Bad faith and dilatory motive constitute substantial reasons and are grounds for denial of a Motion to Amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). Additionally, amendments that are futile and would cause undue prejudice to defendant should be denied. Id. Further, amendments governed by a Rule 16(b) case management and scheduling order require that good cause be shown, rather than merely the more liberal Fed.R.Civ.P. 15(a) showing, to grant the amendment. Gray v. Industrial Plan Maintenance, 2004 WL 1661209 at 3 (E.D. La. 2004) (failure to show good cause for continuance of date set by scheduling order defeats motion).

**1.    Conflict with Court's Order and Failure to Provide Good Cause**

Under Case Management and Scheduling Order No. 4 (hereinafter CMO 4) filed March 1, 2007, the time for amendment is closed:

> [T]he deadline for amending pleadings is now deemed lapsed, and only answers and responsive motions may now be filed without leave of Court. Except as otherwise provided herein, no further amendments to pleadings . . . will be allowed, except . . . on motion . . . and based on a showing of good cause as required by Fed.R.Civ.P. 16(b).

(Emphasis added). CMO4 at II(A), pp. 12-13. Rule 16(b) "governs amendment of pleadings once a scheduling order has been issued by the district court." S & W Enterprises, LLC v. Southtrust Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003); See also Smith v. BCE, Inc., 2007 WL 570302 at 4 (5th Cir. 2007). A scheduling order entered in accordance with Rule 16(b) "shall not be modified except upon a showing of good cause and by leave of the district judge . . ." (Emphasis added). Fed.R.Civ.P. 16(b). Good cause, rather than the more liberal standard under Fed.R.Civ.P. 15(a), is required, in an effort to promote "court efficiency" and "to expedite pretrial procedure." S&W Enterprises, LLC, 315 F.3d at 536. In the instant case, plaintiffs have not addressed the good cause requirement and therefore have conceded that good cause to amend does not exist.

**2.      Bad Faith Dilatory Motive, Practice or Purpose**

Plaintiffs have not stated any cause for the wholesale rewrite and shuffling of the Complaint's factual allegations and causes of action.[4] The proposed "Restated" Complaint

---

[4] Although too numerous to catalogue here, some examples of the Complaint paragraph rewriting and shuffling include:   new ¶ 26 was ¶ 17 in the earlier Complaint; new ¶ 28 was ¶ 19; new ¶ 29 was ¶ 20; new ¶ 30 was ¶ 21; new ¶ 31 was ¶ 24; new ¶ 33 is added; and new ¶ 34 was ¶ 23.  An attempt to compare the complaints shows many changes to paragraphs, including rewrites, deleted (but not identified as deleted) paragraphs, added paragraphs (not identified as added),  and new or modified Count sections. Quotes that were not in the earlier complaint now appear in the new. (Compare new ¶ 51 to earlier ¶ 40.)  The Counts cannot be compared on a

apparently intends to reframe the theory of liability in this Levee action from damages caused by flooding due to breaches and failures of the Hurricane Protection System to damages caused by MRGO.  Compare ¶¶ 1 and 3 of the Complaint to ¶ 1 of "Plaintiffs' Restated Levee Master Consolidated Class Action Complaint." (Rec. Doc. 6584-3 at 2.)  Plaintiffs also attempt to purge the Complaint of references to the "Hurricane Protection System."[5]

The Motion to Amend as it relates to common liability is made in bad faith and constitutes a dilatory practice.  It purports to amend the class certification allegations.  Yet, another unmentioned purpose of the proposed amendment is completely to rewrite and reorganize the original complaint factual allegations and the Counts in an effort to avoid an existing motion to dismiss.  This rewrite and reorganization is intended to cause defendant completely to rewrite the previous discovery served on plaintiffs which was based on the wording of the earlier Complaint paragraphs and Counts, and which discovery plaintiffs have

---

one-to-one basis.  The entire Complaint is rewritten and reorganized without any statement of why or any identification or comparison of the changes.  It is misleading for plaintiffs to state that "Plaintiffs['] Restated Master Complaint restates and clarifies the factual allegations of the original complaint."  (Emphasis added)(Rec.Doc. 6584 at 2).

Subtle changes to wording, intended to change the thrust of the allegations, are also made throughout the "restated" complaint.  For example, ¶ 48 ends in "if the SWB plan was implemented," but the corresponding paragraph in the earlier Complaint ends with "if the SWB permit were granted."  Obviously, this type of change is meant to suggest that these allegations do not relate to granting of the permit but to something different.  Such shifts are also too numerous to catalogue here.  Additionally, the Count headings and the Count allegations are modified throughout.

[5] "Hurricane protection system" appears thirteen times in the original at pages 1, 31, 35, 40, 41, 43, 45, 47, 49, 50, 51, 52 and 70.  "Hurricane protection project" appears on pages 28 and 71 and "hurricane protection works" appears in paragraph 116.  In the proposed "restated" Complaint "hurricane protection systems" appears only twice, both references are in paragraph 20.  "Hurricane protection project" appears only twice: in paragraph 98 and the caption immediately preceding it.

failed timely to answer and, indeed, to which plaintiffs have provided no responsive discovery.

Changing the allegations after a dispositive motion has been filed against them, which new allegations would essentially require reevaluation of previously made discovery demands and potentially refiling the Motion to Dismiss, is impermissible because it is unduly prejudicial.  See e.g., Mayeaux v. Louisiana Health Service & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004).  It also is a bad faith dilatory practice.

The Fifth Circuit has upheld denial of leave to amend where plaintiffs were clearly attempting to plead around defendants' dispositive motions and ascribed to such activity a "bad faith and dilatory motive."  Wimm v. Jack Eckard Corp., 3 F.3d 137 (5th Cir. 1993).  In Wimm, the district court denied plaintiffs' motion for leave to file an amended complaint, finding that the motion was filed "in bad faith and with dilatory motive" because it "was obviously interposed by plaintiffs in an attempt to avoid summary judgment."  Id. at 139.  The Court noted that plaintiffs had known "the facts underlying their . . . claim before [the] action commenced." Id. at 140.  The Fifth Circuit affirmed the district court's decision "[b]ecause the record supports the . . . finding that the plaintiffs' motion was filed in bad faith and with dilatory motive."  Id.

**3.    Untimeliness**

Plaintiffs' motion to amend also is untimely.  It is filed after the date for filing amendments is passed, after a motion to dismiss has been filed, and after all factual written discovery has been served (and is the subject of a pending motion to compel).  See CMO4 II(A), pp. 12-13 ( "The Court finds that ample time for completion of pleadings has been provided in the first phase of these consolidated matters. . . .   Accordingly, the deadline for amending pleadings is now deemed lapsed....");  Rec. Doc. 6716, et seq.; Ex. 1 hereto.    The Fifth Circuit

has held that timeliness of the motion to amend is an important factor for consideration.  See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1163-1164 (5th Cir. 1982) (denying motion for leave to amend as untimely).  Where, as here, plaintiffs have offered "no justification for their failure to clearly delineate the boundaries" of their claim originally, despite the fact that the information has been available to them long before the amendment was requested, see Chitimacha Tribe, 690 F.2d at 1164, leave should be denied.  Westlands Water District v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993) (noting "district court does not abuse its discretion in denying leave to amend where the movant has presented no new facts but only new theories and has provided no satisfactory explanation for his failure to develop the new contentions originally").

In deciding whether to grant a party leave to file an amended pleading, the Court may consider such factors as on the part of the movant, undue prejudice to the opposing party, and the futility of amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  In the case of delay, the moving party must come forward with proof showing that any delay "was due to oversight, inadvertence, or excusable neglect."  Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). Plaintiffs' Motion to Amend the pleadings without demonstrating good cause should be denied: "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." Thompson, 33 F.3d at 853.  Plaintiffs had ample opportunity to amend their pleadings before the deadline for amending ran.  Plaintiffs also could have cured any perceived deficiencies before the United States filed its Motion to Dismiss. [6]

---

[6] Plaintiffs' Motion to Amend, however, would have been untimely if filed shortly before the United States' deadline to file the dispositive Motion to Dismiss.  See, Smith v. BCE, Inc., 2007 WL 570302 at 4 (5th Cir. 2007).

Plaintiff knew as early as June 14, 2007 of the schedule for the United States to file its motion to dismiss the Levee common liability matter. <u>See</u> Rec. Doc. __. Yet, plaintiffs waited until after the motion to dismiss was served and filed before attempting to beg the issues by rewriting the complaint without permission. Also, the United States, by interrogatories dated April 30, 2007, asked plaintiffs to state their contentions. Their interrogatory answers were due June 14, 2007. They did not timely answer, serving their answers twelve days late on June 26, 2007. <u>See</u> Rec. Doc. 6716, et seq. Not only were the answers late, they did not provide any contentions other than by referring to, or copying their complaint. <u>Id</u>. Now, after a motion to dismiss has been filed that accepts for the sake of argument plaintiffs' factual allegations (defendant, having learned nothing to the contrary by discovery due to plaintiffs' sand bagging) and after having failed timely, and in full, to answer contention interrogatories, plaintiffs attempt by subterfuge to rewrite both their factual allegations and contentions. This tactic should not be permitted.

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Leave to file a "restated" Complaint should be denied.

                                    Respectfully submitted,

                                    PETER D, KEISLER
                                    Assistant Attorney General

                                    PHYLLIS J. PYLES
                                    Director, Torts Branch

                                    JAMES G. TOUHEY
                                    Assistant Director, Torts Branch


                                    s/ Richard R. Stone
                                    RICHARD R. STONE
                                    Senior Trial Attorney
                                    KEITH LIDDLE
                                    MICHELE GREIF
                                    INA STRICHARTZ
                                    Trial Attorneys, Torts Branch, Civil Division
                                    U.S. Department of Justice
                                    Benjamin Franklin Station, P.O. Box 888
                                    Washington, D.C. 20044
                                    (202) 616-4291/(202) 616-5200 (FAX)
                                    Attorneys for the United States

Dated: August 1, 2007

**CERTIFICATE OF SERVICE**

      I, Richard R. Stone, hereby certify that on August 1, 2007, I served a copy of defendant United States' Opposition in Common Liability to Plaintiffs' Motion for Leave to File Restated Levee Master Consolidated Class Action Complaint by ECF to all parties.

                                      s/ Richard R. Stone
                                      RICHARD R. STONE