

1            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
2

3

4    IN RE:  KATRINA CANAL          CIVIL ACTION
     BREACHES CONSOLIDATED
5    LITIGATION                     NO. 05-4182 "K" (2)

6                                   JUDGE DUVAL
     PERTAINS TO:  LEVEE
7                                   MAG. WILKINSON

8    FILED IN:

9    05-4181, 05-4182, 05-4191,
     05-4568, 05-5237, 05-6073,
10   05-6314, 05-6324, 05-6327,
     05-6359, 06-0020, 06-1885,
11   06-0225, 06-0886, 06-11208,
     06-2278, 06-2287, 06-2346,
12   06-2545, 06-3529, 06-4065,
     06-4389, 06-4634, 06-4931,
13   06-5032, 06-5042, 06-5159,
     06-5163, 06-5367, 06-5471,
14   06-5771, 06-5786, 06-5937,
     06-7682, 07-0206, 07-0647,
15   07-0993, 07-1284, 07-1286,
     07-1288, 07-1289

16

17

18
          Deposition of **DONNA M. AUGUSTINE**,
19   2230 Sherwood Meadow Drive, Apt. A, Baton
     Rouge, Louisiana 70816, taken in the offices
20   of Bruno & Bruno, 855 Baronne St., Second
     Floor, New Orleans, Louisiana on Friday, the
21   13th day of July, 2007 at 9:24 a.m.

22

23

24                          ORIGINAL

25



EXHIBIT
1



1

2

3  APPEARANCES (continued):

4

5

6        LAMBERT & NELSON
         (By: E. Alexis Bevis, Esquire)
7        (By: Farris deBoard, Law Clerk)
         701 Magazine St.
8        New Orleans, Louisiana  70130
         (504) 581-1750
9             Attorneys for Plaintiffs

10

11

12      McCRANIE, SISTRUNK, ANZELMO, HARDY,
        MAXWELL & McDANIEL
13      (By: Kyle P. Kirsch, Esquire)
        3445 N. Causeway Blvd., Suite 800
14      Metairie, Louisiana  70002
        (504) 831-0946
15            Attorneys for Defendant,
              Orleans Levee District
16

17

18

19      LABORDE & NEUNER
        (By: Gregory A. Koury, Esquire)
20      One Petroleum Center, Suite 200
        1001 West Pinhook Road
21      Lafayette, Louisiana  70503
        (337) 237-7000
22            Attorneys for Defendant,
              Orleans Levee District
23

24

25

1        Q.     But as of today you have none of

2    the documents in Exhibit A?

3        A.     No, I don't have any of them.

4        Q.     Okay.  Let's go through each one of

5    the document requests.  Do you have a copy of

6    your Form 95?

7        A.     Not with me.

8        Q.     Okay.  Have you reviewed it

9    recently?

10       A.     No, I haven't.

11       Q.     Okay.  You remember creating a Form

12   95 document?

13       A.     Yes, I do.

14       Q.     Okay.  Do you -- did you have any

15   other drafts of it or did you just do one

16   draft of that Form 95?

17       A.     Just one draft of it.

18       Q.     So if we had a copy of that, that

19   would be the only thing?

20       A.     Correct.

21       Q.     Thank you.  Do you have any

22   documents relating to administrative claims

23   that you may have made as a result of

24   Hurricane Katrina such as to FEMA, to the

25   Road Home program, Louisiana Recovery

**JOHNS, PENDLETON & ASSOCIATES, INC.**
CERTIFIED COURT REPORTERS

315 METAIRIE ROAD, SUITE 101          619 JEFFERSON HIGHWAY, SUITE 2G
METAIRIE, LA 70005                    BATON ROUGE, LA 70806
PHONE (504) 219-1993                  (225) 922-4427


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION

CONSOLIDATED LITIGATION                NO. 05-4182 K2

                                       JUDGE DUVAL

PERTAINS TO LEVEE                      MAG. WILKINSON


FILED IN 05-4181,  05-4182,  05-4191,  05-4568,
         05-5237,  05-6073,  05-6314,  05-6324,
         05,6327,  05-6359,  06-0020,  06-1885,
         06-0225,  06-0886,  06-11208, 06-2278,
         06,2287,  06-2346,  06-2545,  06-3529,
         06-4065,  06-4389,  06-4634,  06-4931,
         06-5032,  06-5042,  06-5159,  06-5163,
         06-5367,  06-5471,  06-5771,  06-5786,
         06-5937,  06-7682,  07-0206,  07-0647,
         07-0993,  07-1284,  07-1286,  07-1288,
         07-1289



         **Deposition of ELOIS TATE BELL**, given

at the offices of Bruno & Bruno, 855 Baronne

Street, New Orleans, Louisiana 70113, on July

13th, 2007.




REPORTED BY:

         JOSEPH A. FAIRBANKS, JR., CCR, RPR

         CERTIFIED COURT REPORTER #75005

1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION
NO. 05-4182
"K" (2)
JUDGE DUVAL
MAG. WILKINSON

PERTAINS TO: LEVEE

FILED IN    05-4181, 05-4182, 05-4191, 05-4568,
            05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0020, 06-1885,
            06-0225, 06-0886, 06-11208, 06-2278,
            06-2287, 06-2346, 06-2545, 06-3529,
            06-4065, 06-4389, 06-4634, 06-4931,
            06-5032, 06-5042, 06-5159, 06-5163,
            06-5367, 06-5471, 06-5771, 06-5786,
            06-5937, 06-7682, 07-0206, 07-0647,
            07-0993, 07-1284, 07-1286, 07-1288,
            07-1289

VIDEOTAPE DEPOSITION OF EMANUEL

ESTEVEZ, JR., 4656 Gaines Street, New Orleans,

Louisiana 70126, taken in the offices of BRUNO

AND BRUNO, 855 Baronne Street, New Orleans,

Louisiana 70113, on Wednesday, July 11, 2007.

ORIGINAL

9

| | | |
|---|---|---|
| :8 | 1 | of that? |
| :8 | 2 | A.   Yes, I do. |
| :0 | 3 | Q.   All right.  In connection with your |
| :9 | 4 | deposition, a notice of deposition was filed, |
| :41 | 5 | and with that notice, certain documents were |
| :44 | 6 | requested that are listed on Exhibit A to that |
| :48 | 7 | notice of deposition, and I'd like to go ahead |
| :50 | 8 | and attach the notice of the deposition to the |
| :52 | 9 | deposition as Exhibit #1. |
| :59 | 10 | Now, did you bring any |
| :01 | 11 | documents with you today, Mr. Estevez? |
| :02 | 12 | A.   No, I did not. |
| :03 | 13 | Q.   All right.  Let me ask you, sir, if |
| :07 | 14 | you would look at Exhibit A to the notice of |
| :10 | 15 | deposition that's in front of you, and I'd |
| :12 | 16 | like to go through the categories of documents |
| :16 | 17 | in here, and ask you if you have any documents |
| :19 | 18 | that are responsive to each one of these 23 |
| :48 | 19 | items. |
| :30 | 20 | A.   Okay. |
| :47 | 21 | Q.   Would you look at No. 1? |
| :49 | 22 | A.   Okay. |
| :49 | 23 | Q.   No. 1 is a copy of each Standard |
| :14 | 24 | Form 95 submitted to the United States Corps |
| :37 | 25 | of Engineers, as well as any drafts by the |

MICHELE HARRISON                                    7/17/2007

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE:  KATRINA CANAL        CIVIL ACTION
BREACHES CONSOLIDATED
LITIGATION                     NO. 05-4182 "K" (2)

                             JUDGE DUVAL

PERTAINS TO:  LEVEE
                             MAG. WILKINSON

FILED IN:

05-4181, 05-4182, 05-4191,
05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327,
05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208,
06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065,
06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159,
06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937,
06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286,
07-1288, 07-1289


        Deposition of MICHELE HARRISON,
3630 N. Johnson St., New Orleans, Louisiana
70117, taken in the offices of Bruno & Bruno,
855 Baronne St., Second Floor, New Orleans,
Louisiana on Tuesday, the 17th day of July,
2007 at 9:12 a.m.

JOHNS PENDLETON COURT REPORTERS              800 562-1285

24d23412-9d27-46e6-93f7-e95326ffea83

MICHELE HARRISON                                    7/17/2007

1    to how much you paid in rent while you were

2    living in Houston?

3         A.   No, I don't.

4         Q.   Okay.  Incidentally, my

5    understanding is that the, there was an

6    Attachment A that accompanied a Notice of

7    Deposition that scheduled your deposition for

8    here today and that Exhibit or Attachment A

9    described materials that we requested that

10   you bring with you and produce at the time of

11   your deposition here today.  Have you done

12   that?

13        A.   No.

14        Q.   Have you seen an Attachment A?

15        A.   I know of the Attachment A, yes.

16        Q.   Okay.  Did you look through that

17   Attachment A to determine whether or not you

18   had any materials that that attachment

19   described?

20        A.   Can I ask him a question?

21        Q.   Sure.

22             (OFF THE RECORD)

23             MR. DUDENHEFER:

24             Miss Harrison has seen that a few

25             minutes before the deposition and

24d23412-9d27-46e6-93f7-e95326ffea83

1

1   UNITED STATES DISTRICT COURT
2   EASTERN DISTRICT OF LOUISIANA
3
4   IN RE:  KATRINA CANAL BREACHES      CIVIL ACTION
    CONSOLIDATED LITIGATION
5                                       NO. 05-4182 "K"(2)
6   PERTAINS TO:   LEVEE               JUDGE DUVAL
7   FILED IN:  05-4181, 05-4182,       MAG. WILKINSON
    05-5237, 05-6073, 05-6314,
8   05-6324, 05-6327, 05-6359,
    06-0225, 06-0886, 06-1885,
9   06-2152, 06-2278, 06-2287,
    06-2824, 06-4024, 06-4065,
10  06-4066, 06-4389, 06-4634,
    06-4931, 06-5032, 06-5155,
11  06-5159, 06-5161, 06-5162,
    06-5260, 06-5771, 06-5786,
12  06-5937, 07-0206, 07-0621,
    07-1073, 07-1271, 07-1285
13
14
15  Videotaped deposition of MICHELLE HENNESSEY, 3808
    North Labarre Road, Metairie, Louisiana  70002,
16  taken in the offices of Bruno & Bruno, 855
    Baronne Street, New Orleans, Louisiana  70113, on
17  Tuesday, the 10th day of July, 2007, beginning at
    9:13 a.m.
18
    APPEARANCES:
19
        RICHARD M. MARTIN, JR.
20      Levee Litigation Group
        855 Baronne Street
21      New Orleans, Louisiana  70113
22                  AND
23      A. J. REBENNACK
        Suite 2900
24      1100 Poydras Street
        New Orleans, Louisiana  70163
25
        ATTORNEYS FOR THE PLAINTIFFS

ORIGINAL

Okay. Are you prepared to produce some documents now and others will be produced later?

MR. MARTIN:

I have very, very limited documents today. The principal documents, as I understand them, are insurance claim-related documents, flood damage documents. We do not have those today, but we will certainly produce them on a near immediate basis. I apologize. It's just a miscommunication on our part.

MR. ZWAIN:

All right. I understand. Do you have any documents today?

MR. MARTIN:

We've got a Form 95. We've got some notices from the government. We have a handful of photographs of the flood-damaged home. I don't know to what extent those have been superseded by the inspections which, I understand,

(504)525-1753
ONE SHELL SQUARE,#250

HUFFMAN & ROBINSON, INC.
CERTIFIED COURT REPORTERS

(800)749-1753
NEW ORLEANS, LA 70139

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE: KATRINA CANAL BREACHES        CIVIL ACTION

CONSOLIDATED LITIGATION              NO. 05-4182 K2

                                     JUDGE DUVAL

PERTAINS TO LEVEE                    MAG. WILKINSON


FILED IN 05-4181, 05-4182, 05-4191, 05-4568,
         05-5237, 05-6073, 05-6314, 05-6324,
         05,6327, 05-6359, 06-0020, 06-1885,
         06-0225, 06-0886, 06-11208, 06-2278,
         06,2287, 06-2346, 06-2545, 06-3529,
         06-4065, 06-4389, 06-4634, 06-4931,
         06-5032, 06-5042, 06-5159, 06-5163,
         06-5367, 06-5471, 06-5771, 06-5786,
         06-5937, 06-7682, 07-0206, 07-0647,
         07-0993, 07-1284, 07-1286, 07-1288,
         07-1289


        Deposition of DAISY MAE INNIS, given

at the offices of Bruno & Bruno, 855 Baronne

Street, New Orleans, Louisiana 70113, on July

16th, 2007.


REPORTED BY:

        JOSEPH A. FAIRBANKS, JR., CCR, RPR

        CERTIFIED COURT REPORTER #75005

2ba67de8-eb83-427b-9d1d-5367eb07f1d4

DAISY MAE INNIS (LEVEE)                          7/16/2007

Page 19

1      A.    No.

2      Q.    Okay.  Did you make an insurance claim

3  with anybody else?

4      A.    No.

5      Q.    No?

6      A.    No.

7      Q.    Okay.  I'm going to ask you to speak

8  up just a bit to make sure we get it on the

9  audio.

10     A.    All right.

11     Q.    Okay?  Item Number 4, Ms. Innis,

12  requests documents in your possession that

13  refer to any eyewitness accounts of Hurricane

14  Katrina.

15            Do you have any documents responsive

16  to this request?

17     A.    No.

18     Q.    Okay.  Item Number 5 requests

19  documents relating to matters alleged in the

20  complaint this was filed in this litigation,

21  the complaint that was filed by the lawyers on

22  behalf of the class.

23            Do you have any documents that relate

24  to the matters contained in the complaint?

25  Other than what we've gone over, your Forms 95

DAISY MAE INNIS (LEVEE)                               7/16/2007

Page 20

1    and the photographs that you've produced.

2        A.    I don't remember.

3        Q.    Okay.   Ms. Innis, Item Number 6

4    requests statements that have been taken in

5    connection with this litigation.

6            Are you in possession of any type of

7    record recorded or transcribed statements given

8    by anyone?

9            MR. REBENNACK:

10               And I don't want to be overly

11           academic about this, I'm sure you'll

12           appreciate this, but anything that the

13           lawyers have done is work product, and

14           I just object for the record.

15               But you can answer his question.

16           Do you have any of those items, any

17           recordings or anything regarding

18           Hurricane Katrina?

19           THE WITNESS:

20               No.

21   EXAMINATION BY MR. SUTTON:

22       Q.    Item Number 7 requests photographs,

23   videotapes pertaining to the hurricane.   And

24   your counsel has provided me with copies of

25   photographs.

1           UNITED STATES DISTRICT COURT

2           EASTERN DISTRICT OF LOUISIANA

3

4   IN RE:  KATRINA CANAL BREACHES     CIVIL ACTION
    CONSOLIDATED LITIGATION

5                                      NO. 05-4182 "K"(2)

6   PERTAINS TO:  LEVEE               JUDGE DUVAL

7   FILED IN:  05-4181, 05-4182,      MAG. WILKINSON
    05-5237, 05-6073, 05-6314,

8   05-6324, 05-6327, 05-6359,
    06-0225, 06-0886, 06-1885,

9   06-2152, 06-2278, 06-2287,
    06-2824, 06-4024, 06-4065,

10  06-4066, 06-4389, 06-4634,
    06-4931, 06-5032, 06-5155,

11  06-5159, 06-5161, 06-5162,
    06-5260, 06-5771, 06-5786,

12  06-5937, 07-0206, 07-0621,
    07-1073, 07-1271, 07-1285

13

14

15

    Videotaped deposition of BETTE J. JONES, 2111
16  Clouet Street, New Orleans, Louisiana  70117,
    taken in the offices of Bruno & Bruno, 855
17  Baronne Street, New Orleans, Louisiana  70113, on
    Monday, the 16th day of July, 2007, beginning at
18  9:16 a.m.

19

20  APPEARANCES:

21      DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ
        (BY:  JOSHUA M. PALMINTIER)

22      618 Main street
        Baton Rouge, Louisiana  70801-1910

23
             ATTORNEYS FOR THE PLAINTIFFS

24

25

1          (Whereupon, a discussion was

2      held off the record.)

3      THE VIDEOGRAPHER:

4          Returning to record.  It's

5      9:28.

6  EXAMINATION BY MR. KIRSCH:

7      Q.    Miss Jones, you went and reviewed

8  Exhibit A to the Notice of Deposition; is that

9  right?

10      A.    Yes.

11      Q.    And that was the first time you saw

12  that; is that correct?

13      A.    Right.

14      Q.    Okay.  I'm going to ask you -- I'm

15  going to go through them very quickly to see if

16  you -- did you -- first of all, did you bring

17  anything with you to the deposition today?

18      A.    No.

19      Q.    Okay.  You filled out a Form 95; is

20  that right?

21      A.    Yes.

22      Q.    Okay.  I do have a copy of that.

23  What about other type of administrative claims,

24  Number 2, do you have any -- have you made any

25  other type of administrative claims?

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE:  KATRINA CANAL        CIVIL ACTION
BREACHES CONSOLIDATED
LITIGATION                   NO. 05-4182 "K" (2)

                             JUDGE DUVAL

PERTAINS TO:  LEVEE
                             MAG. WILKINSON

FILED IN:

05-4181, 05-4182, 05-4191,
05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327,
05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208,
06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065,
06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159,
06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937,
06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286,
07-1288, 07-1289



        Deposition of GLADYS R. LaBEAUD,
500 S. Jefferson Davis Parkway, Apt. 1, New
Orleans, Louisiana 70119, taken in the
offices of Bruno & Bruno, 855 Baronne St.,
Second Floor, New Orleans, Louisiana on
Monday, the 16th day of July, 2007 at 9:16
a.m.

2cd25a3c-8413-4834-a3e0-29dcc3ac866d

1        UNITED STATES DISTRICT COURT
2        EASTERN DISTRICT OF LOUISIANA

3

4    IN RE:  KATRINA CANAL          CIVIL ACTION
     BREACHES CONSOLIDATED
5    LITIGATION                     NO. 05-4182 "K" (2)

6                                   JUDGE DUVAL
     PERTAINS TO:   LEVEE
7                                   MAG. WILKINSON

8    FILED IN:

9    05-4181, 05-4182, 05-4191,
     05-4568, 05-5237, 05-6073,
10   05-6314, 05-6324, 05-6327,
     05-6359, 06-0020, 06-1885,
11   06-0225, 06-0886, 06-11208,
     06-2278, 06-2287, 06-2346,
12   06-2545, 06-3529, 06-4065,
     06-4389, 06-4634, 06-4931,
13   06-5032, 06-5042, 06-5159,
     06-5163, 06-5367, 06-5471,
14   06-5771, 06-5786, 06-5937,
     06-7682, 07-0206, 07-0647,
15   07-0993, 07-1284, 07-1286,
     07-1288, 07-1289

16

17

18

19       Deposition of **DWAYNE MALLET**, 1924
     Wildair Drive, New Orleans, Louisiana 70122,
20   taken in the offices of Bruno & Bruno, 855
     Baronne St., Second Floor, New Orleans,
21   Louisiana on Sunday, the 15th day of July,
     2007 at 9:17 a.m.

22

23

24                              **ORIGINAL**

25

1          A.     Yes.

2          Q.     All right.   Again I would ask --
3    did you bring those with you?

4          A.     No.

5          Q.     Maybe I can short circuit.   Your
6    counsel provided some photographs before the
7    deposition commenced that we'll discuss in a
8    few moments.   Other than these photographs,
9    did you bring any other documents to produce
10   today?

11         A.     No.

12         Q.     All right.   Good.   That will short
13   circuit.   You will take a look for the SBA
14   records?

15         A.     Yes.   I'll ask my wife about those.

16         Q.     And produce those to your counsel?

17         A.     Yes.   If she can locate them, yes.

18         Q.     How did you apply for Red Cross
19   assistance?

20         A.     I, well, I went to a church in
21   Houston.

22         Q.     And did you submit a written
23   request?

24         A.     No.   It was just walk up, get in
25   line and request the help.

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS
315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993
619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO. 05-4182 "K" (2)
PERTAINS TO LEVEE
                                       JUDGE DUVAL
FILED IN 05-4181, 05-4182, 05-4191,
05-4568, 05-5237, 05-6073, 05-6314,    MAG. WILKINSON
05-6324, 05-6327, 05-6359, 06-0020,
06-1885, 06-0225, 06-0886, 06-11208,
06-2278, 06-2287, 06-2346, 06-2545,
06-3529, 06-4065, 06-4389, 06-4634,
06-4931, 06-5032, 06-5042, 06-5159,
06-5163, 06-5367, 06-5471, 06-5771,
06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286,
07-1288, 07-1289

---------------------------------------------------------

TRANSCRIPT OF THE VIDEOTAPE DEPOSITION OF

LENNIECE MORRELL

Taken on behalf of THE LEVEE DEFENDANTS through

their respective counsel reported in the above-entitled

and -numbered cause, before Estella O. Champion,

Certified Court Reporter, authorized to administer

oaths of witnesses, pursuant to Section 961.1 of Title

13 of the Louisiana Revised Statutes of 1950, as

amended, pursuant to the following stipulation:

REPORTED AT THE OFFICES OF:

    BRUNO & BRUNO

    855 BARONNE STREET

    SIXTH FLOOR CONFERENCE ROOM

    NEW ORLEANS, LOUISIANA 70113

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

1   questions that are on the floor at that time before we

2   take the break.  Okay?

3       A.    Yes.

4       Q.    All right.  All that's understood?

5       A.    Yes.

6       Q.    Are you taking any medications today?

7       A.    No.

8       Q.    Okay.  There are no medications that you've

9   taken, either prescriptive or over-the-counter that

10  would interfere with your ability to understand and

11  answer my questions.  Correct?

12      A.    Correct.

13      Q.    Now, there was an Exhibit A to the notice of

14  deposition, and I know that you and your attorney have

15  had a chance to review that document that was attached

16  to your notice of deposition.  What I would like to do

17  at this time is go through that and see if you have any

18  documents responsive to the request contained in this

19  Exhibit A.  Okay?

20      A.    Yes.

21      Q.    All right.  And if you would, just follow

22  along with me.

23            Number one is a copy of each Standard Form

24  95 submitted to the United States Army Corps of

25  Engineers, as well as any drafts thereof by the

74bceee1-c424-4f36-a9a4-c75f37e0ae58

LENNIECE MORRELL ROUGH DRAFT                          7/15/2007

Page 11

1    deponent from August 29, 2005 to the present.

2              Do you have that you with today?

3              MR. PALMINTIER:  Can we go off the record?

4              MR. HANNA:  Yes.

5              THE VIDEOGRAPHER:  We're now off the record.

6              It is 9:20.

7                   (Discussion off the record.)

8              THE VIDEOGRAPHER:

9              Returning to the record.  It's 9:21.

10   BY MR. HANNA:

11       Q.    Okay.  Ms. Morrell, in regards to Number 1,

12   I do have a copy of your Form 95 which you submitted to

13   the Department of the Army.  You did not bring that

14   form with you today, but you have one of those forms.

15   Correct?

16       A.    Yes.

17       Q.    Okay.  And then Number 2, all administrative

18   claims relating to Hurricane Katrina that the deponent

19   has submitted to any governmental body or agency,

20   including, but not limited to, claim forms submitted to

21   the Louisiana Recovery Authority.

22       A.    Yes.

23       Q.    Do you have any documents like that?

24       A.    Yes.

25       Q.    And what do you have that would be

74bcaee1-c424-4f36-a9a4-c75f37e0ae58

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

Page 12

1    responsive to Number 2?

2         A.    FEMA and SBA and insurance claims.

3         Q.    And I know you don't have the documents with

4    you today, but let's just take them one at a time.

5    What documents do you have with regard to FEMA?

6         A.    I filled out an online application and they

7    sent a response.

8               I applied for an SBA loan and they sent a

9    response.

10        Q.    That would be like a loan application,

11   obviously?

12        A.    Yes, sir.

13        Q.    Okay.

14        A.    And I filed an insurance claim, and I have

15   those documents as well.

16        Q.    Okay.  So as far as FEMA is concerned, you

17   made an online application, got a response, and those

18   are the only documents you have with regard to a FEMA

19   claim?

20        A.    Yes.

21        Q.    And with SBA, your loan application and a

22   response, and then that was as far as it went, as far

23   as documentation?  There's no follow-up documentation;

24   correct?

25        A.    Yes, I have follow-up documentation for

74bceee1-c424-4f36-a9a4-c75f37e0ae58

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

1   each.

2       Q.    Okay.  So there are additional documents

3   other than the application and the initial response,

4   then?

5       A.    Yes.

6       Q.    Okay.  And what additional documents do you

7   have from FEMA?

8       A.    Each time you provide, you request rental

9   assistance, they give you a follow-up document.

10      Q.    Okay.  And about how many times did you

11  request rental assistance, do you know?

12      A.    Approximately eight months.

13      Q.    Okay.  Any other documents from FEMA?

14      A.    No, sir.

15      Q.    All right.  And what about SBA?  You had

16  your loan application and response.  What follow-up

17  documents do you have from SBA?

18      A.    Documents granting me the loan and monthly

19  statements of repayment.

20      Q.    Okay.  We'll get into the details with

21  regard to the SBA and FEMA, but right now I'm just

22  trying to establish what documents you have.

23            And then obviously your insurance claim, you

24  got various communications back and forth with the

25  insurance carriers.  Correct?

LENNIECE MORRELL ROUGH DRAFT                          7/15/2007

Page 14

1       A.      Yes.

2       Q.      Now is that homeowner's?

3       A.      Yes, and flood.

4       Q.      All right.  And flood.  And your homeowner's

5   was with whom?

6       A.      USAA.

7       Q.      And the flood insurance?

8       A.      USAA.

9       Q.      Okay.  All right.  Do you believe you have

10  any other documents in your possession or that you've

11  given to your attorney that would be responsive to

12  Number 2?

13      A.      Not at this time.

14      Q.      Okay.  You have not made an LRA Road Home

15  claim?

16      A.      Yes.  Yes, I have.  I'm sorry.

17      Q.      What documents do you have insofar as Road

18  Home or the LRA?

19      A.      The request for assistance and closing

20  documents.

21      Q.      You've gone to your closing?

22      A.      Yes.

23      Q.      Okay.  When did you do that?

24      A.      In May of 2007.

25      Q.      Okay.  I'll ask you some more questions

LENNIECE MORRELL ROUGH DRAFT                          7/15/2007

1    about that insofar as the specifics.

2              But you've got your request for assistance,

3    your closing.  Have you gotten your gold letter?

4        A.    I don't understand that question.

5        Q.    You're not familiar with the term "gold

6    letter"?

7        A.    No, sir.

8        Q.    Have you gotten a letter that tells you what

9    your benefit will be under the Road Home program?

10       A.    I have already gone to closing, which means

11   I've received my benefit.  I never got the gold letter.

12   I went straight to closing.

13       Q.    Okay.  All right.

14             Any other documents that would be responsive

15   to Number 2?

16       A.    None that I can recall.

17       Q.    Okay.  Let's go to Number 3.  All documents

18   that refer or relate to insurance claims that the

19   deponent has filed to recover for damages or injuries,

20   personal or property, sustained between August 28 of

21   '05 and September 25 of '05.

22             Now I know you already told me about your

23   USAA claims, but are there any other documents that

24   might be responsive to Number 3, such as a claim under

25   any other insurance for personal injury?

LENNIECE MORRELL ROUGH DRAFT                              7/15/2007

Page 16

1        A.     No, sir.

2        Q.     Okay.  So as far as Number 3 is concerned,

3   the only thing that you would have would be your

4   documents for your homeowner's and your flood claim

5   with USAA; correct?

6        A.     Yes, sir.

7        Q.     All right.  Let's go to Number 4.  All

8   documents in the possession, custody or control of the

9   deponent or his or her attorneys that refer or relate

10  to any eye witness account of Hurricane Katrina.

11              Do you have any documents that would be

12  responsive to Number 4?

13       A.     Yes.

14       Q.     What do you have?

15       A.     The attachment to the Standard Form 95.

16       Q.     Okay.  And my recollection from reviewing

17  that is that that is your account.  Correct?

18       A.     Yes.

19       Q.     Okay.  Do you have accounts in the form of

20  statements, either written, recorded or otherwise, from

21  anyone else?  Any eye witnesses, anyone, any family

22  members?

23       A.     No.

24       Q.     Okay.  You wouldn't have any video or

25  photographs that would be responsive insofar as

LENNIECE MORRELL ROUGH DRAFT                          7/15/2007

Page 17

1    eye-witness accounts?

2        A.    I do have photographs.

3        Q.    That you took?

4        A.    Yes.

5        Q.    Okay.  And you still have those in your

6    possession?

7        A.    Yes.

8        Q.    About how many photographs do you recall

9    that you have?

10       A.    Between 25 and 30.

11       Q.    Okay.  Okay.  Let's go to Number 5.  All

12   documents in the possession, custody or control of the

13   deponent or his or her attorneys that refer or relate

14   to the matters alleged in the Levee Master Consolidated

15   Class Action Complaint for any damages or injuries

16   allegedly sustained by the deponent as a result of

17   Hurricane Katrina.  Do you have any documents that

18   would be responsive to that request?

19       A.    Yes.

20       Q.    What do you have in that regard?

21       A.    Newsletters and information that I received

22   in the mail.

23       Q.    When you say "newsletters," can you be more

24   specific?  Can you describe for us what those

25   newsletters were about, who they were from?

74bceee1-c424-4f36-a9a4-c75f37e0ae58

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

Page 18

1         A.    Basically from the attorney's office.

2         Q.    Can you tell us if those newsletters were

3    communication directly between the attorneys and you as

4    client, or were they just newsletters to let people in

5    the public know what was available to them as far as

6    representation and the nature of the litigation?

7              MR. PALMINTIER:  I'm going to object to the

8              form in that insofar as it asks to give up

9              privileged information of attorney-client

10             privilege or attorney-client work product.

11             However, I don't have a problem with her

12             answering as to any notices that we may have

13             put in different publications.

14             MR. HANNA:  Right.  And I'm not -- just so

15             we're clear, I'm not trying to -- that

16             was -- the basis for my question was to try

17             to distinguish whether this would be an

18             attorney-client communication or not.

19             MR. PALMINTIER:  Sure.

20   BY MR. HANNA:

21        Q.    And I think, Ms. Morrell, what I'm trying to

22   look for is if you can tell me whether this was

23   something that was sent out to people in the public,

24   across the board generally, you know, advising of the

25   services, or was this something that was directly sent

LENNIECE MORRELL ROUGH DRAFT                          7/15/2007

1    to you as a client with information concerning

2    representation of you in this litigation?

3         A.    To my recollection, it was more so the total

4    advisement of services of the breach itself.

5         Q.    Okay.  So just something out advising people

6    in the public?

7         A.    Yes, sir.

8         Q.    Okay.  All right.  I'm going to ask you to

9    hold onto that as well and we'll take that issue up

10   with your attorney.

11             You said you also had some communications

12   from the attorneys' office?

13        A.    I may have.  It's in storage.

14        Q.    Okay.  And would those communications be in

15   the nature of attorney to you as client, writing to you

16   as though you are the client of the lawyer?

17        A.    I can't recall.

18        Q.    Okay.  Do you recall anything about those

19   documents?

20        A.    Not at this time.

21        Q.    Okay.  To the extent you have such

22   documents, I would ask you to hold onto those as well

23   and not do anything with them.  And we may ask your

24   attorney to look at those and determine if they are

25   something that should be produced in response to our

LENNIECE MORRELL ROUGH DRAFT                        7/15/2007

Page 20

1    request.   Okay?

2         A.    Yes, sir.

3         Q.    Thank you.

4              All right.   Anything else that you might

5    have that would be responsive to Number 5, request

6    Number 5?

7         A.    No, sir.

8         Q.    All right.   Let's go to Number 6:   All

9    statements, transcriptions of recorded statements, tape

10   recordings, notes, diagrams and/or descriptions that

11   refer or relate to the matters alleged in the Levee

12   Master Consolidated Class Action Complaint or any

13   damages or injuries allegedly sustained by the deponent

14   as a result of Hurricane Katrina.   Do you have anything

15   responsive to that?

16        A.    No.

17        Q.    Okay.   Number 7:   Duplicates of all

18   photographs, digital video discs or videotapes that

19   refer or relate to the matters alleged in the Levee

20   Master Consolidated Class Action Complaint or any

21   damages or injuries allegedly sustained by the deponent

22   as a result of Hurricane Katrina.

23             I know you already mentioned you have 25 to

24   30 photographs.   Do you have anything else that would

25   be responsive to Number 7?

LENNIECE MORRELL ROUGH DRAFT                         7/15/2007

1        A.    No.

2        Q.    Number 8:  All documents that refer or

3   relate to any claim the deponent is asserting for any

4   damage alleged in the Levee Master Consolidated Class

5   Action Complaint, including, but not limited to,

6   damages from chemical or other contamination to his or

7   her property, land, home, commercial buildings, and/or

8   improvements.  Do you have any documents that would be

9   responsive to that request?

10       A.    Nothing other than what's in my insurance

11  documentation.

12       Q.    Okay.  So anything with regards, in regards

13  to 114 Winthrop Place should be confined to what you

14  have in your insurance documentation?

15       A.    Yes.

16       Q.    Okay.  Number 9:  All documents that refer

17  or relate to any claim the deponent is asserting for

18  lost earnings, lost future earnings, lost business

19  opportunities, lost future business income, business

20  interruption, lost rental income and/or lost future

21  rental income.

22            Ms. Morrell, are you making a claim for lost

23  earnings of any kind?

24       A.    No.

25       Q.    Okay.  And so you don't have any documents

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

Page 22

1    obviously responsive to Number 9 because you're not

2    making a claim for anything that would be encompassed

3    in Number 9; is that correct?

4        A.    Yes.

5        Q.    Okay.  If you turn the page.  Number 10:

6    All documents that evidence, reflect, support or

7    contradict the deponent's claim for economic and

8    compensatory damages in the Levee Master Consolidated

9    Class Action Complaint.

10             Again, you're not making any claim for

11   economic or compensatory damages; is that right?

12       A.    That's correct.

13       Q.    Okay.  Just so I'm clear on that, it's

14   phrased "economic and compensatory damages," and I want

15   to make sure you understand that, you know, that term

16   could be more broadly used than wage loss.  Are you

17   making any economic or compensatory damage claim?

18       A.    By "economic or compensatory," I'm just not

19   quite sure what you mean.  I did not lose any wages.

20       Q.    Okay.  Are you making a claim for the damage

21   to your home?

22       A.    That's already been done in the form of

23   insurance.

24       Q.    Okay.  All right.

25             MR. PALMINTIER:  I don't know if she

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

Page 23

1            understands the question.  I believe that --
2            MR. HANNA:  That's why I was trying to
3            clarify.
4            MR. PALMINTIER:  Right.  As, I mean, I
5            believe it's in her Standard Form 95 that
6            she is making a claim for property damage.
7   BY MR. HANNA:
8       Q.    Okay.  Well, in light of what your attorney
9   has just said, Ms. Morrell, are you making a claim for
10  property damage?
11      A.    Yes.  If that's the case, yes.
12      Q.    Okay.  Do you have any documents responsive
13  to Number 10 insofar as a claim for property damage?
14      A.    It's in the form of my insurance claim.
15      Q.    Okay.  Can you think of any other claims
16  that you are making at this time, other than your claim
17  for property damage to your house at Winthrop, that
18  would be responsive to Number 10?
19      A.    That of emotional distress.
20      Q.    Okay.  Do you have any documents that would
21  be responsive to any claim for emotional distress?
22      A.    Possibly my military record.
23      Q.    Do you have copies of that?
24      A.    No, I do not.  It's been archived.
25      Q.    But you haven't produced a copy of that to

LENNIECE MORRELL ROUGH DRAFT                         7/15/2007

Page 24

1    your attorney, nor do you have a copy at your home?

2        A.    No, sir.

3        Q.    You also see that the request is for

4    documents that contradict any claim that you might

5    have.  Do you have any documents that might contradict

6    any claim that you might have?

7        A.    I'm sorry, I don't understand that question.

8        Q.    Contradict would be to challenge or to be in

9    opposite of your claim.

10       A.    No.

11       Q.    Okay.  All right.  What about Number 11, do

12   you have any documents reflecting all mathematical or

13   formulaic calculations or other models that refer or

14   relate to determining the cause of injury to you?

15       A.    No.

16       Q.    Number 12, do you have any mathematical or

17   formulaic calculations or other models that refer or

18   relate to the calculation of damages for you?

19       A.    If you mean by mathematical calculations

20   sums of damage through insurance claims, yes.

21       Q.    Okay.  Any other documents that you can

22   think of?

23       A.    No, sir.

24       Q.    Number 13:  All documents that refer or

25   relate to the deponent's evacuation, relocation and, if

LENNIECE MORRELL ROUGH DRAFT                    7/15/2007

1   applicable, eventual return to New Orleans, including,

2   but not limited to, records of expenses?

3        A.   Yes.

4        Q.   What documents do you have in that regard?

5        A.   Probably the proof of bills as I moved from

6   place to place.  There were address changes.

7        Q.   What kind of bills are you referring to?

8        A.   I had hospital bills, due to outpatient

9   surgery where I was evacuated, credit card bills,

10  insurance payments.  Anywhere I moved, they followed.

11       Q.   Okay.  Other than the hospital bills, credit

12  card and insurance, do you have any other bills or

13  expenses that would be responsive to Number 13?

14       A.   That's all I can think of.  No.

15       Q.   And do you still have those in your

16  possession, those documents?

17       A.   Yes.

18       Q.   Number 14:  All statements, transcriptions

19  of recorded statement, tape recordings, notes, diagrams

20  and/or descriptions of events by the deponent relevant

21  to the issues subject of this litigation?

22       A.   No.

23       Q.   Nothing in that regard?

24       A.   No, sir.

25       Q.   I know you mentioned that you had the

JOHNS PENDLETON COURT REPORTERS              800 562-1285

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  KATRINA CANAL BREACHES      CIVIL ACTION
CONSOLIDATED LITIGATION
                                    NO. 05-4182 "K"(2)

PERTAINS TO:  LEVEE                 JUDGE DUVAL

FILED IN:  05-4181, 05-4182,        MAG. WILKINSON
05-5237, 05-6073, 05-6314,
05-6324, 05-6327, 05-6359,
06-0225, 06-0886, 06-1885,
06-2152, 06-2278, 06-2287,
06-2824, 06-4024, 06-4065,
06-4066, 06-4389, 06-4634,
06-4931, 06-5032, 06-5155,
06-5159, 06-5161, 06-5162,
06-5260, 06-5771, 06-5786,
06-5937, 07-0206, 07-0621,
07-1073, 07-1271, 07-1285




Videotaped deposition of JOSÉ LUIS RODRIGUEZ,
2223 Prentiss Avenue, New Orleans, Louisiana
70122, taken in the offices of Bruno & Bruno, 855
Baronne Street, New Orleans, Louisiana  70113, on
Saturday, the 14th day of July, 2007, beginning
at 9:17 a.m.



APPEARANCES:

        THE LAW OFFICE OF JOSEPH M. BRUNO
        (BY:  L. SCOTT JOANEN)
        855 Baronne Street
        New Orleans, Louisiana  70113


        ATTORNEYS FOR THE PLAINTIFFS

1        UNITED STATES DISTRICT COURT

2        EASTERN DISTRICT OF LOUISIANA

3

4   IN RE:  KATRINA CANAL BREACHES      CIVIL ACTION
    CONSOLIDATED LITIGATION
5                                       NO. 05-4182 "K"(2)

6   PERTAINS TO:  LEVEE                 JUDGE DUVAL

7   FILED IN:  05-4181, 05-4182,        MAG. WILKINSON
    05-5237, 05-6073, 05-6314,
8   05-6324, 05-6327, 05-6359,
    06-0225, 06-0886, 06-1885,
9   06-2152, 06-2278, 06-2287,
    06-2824, 06-4024, 06-4065,
10  06-4066, 06-4389, 06-4634,
    06-4931, 06-5032, 06-5155,
11  06-5159, 06-5161, 06-5162,
    06-5260, 06-5771, 06-5786,
12  06-5937, 07-0206, 07-0621,
    07-1073, 07-1271, 07-1285

13

14

15

    Videotaped deposition of STELLA WASHINGTON, 1478
16  Mithra Street, New Orleans, Louisiana  70122,
    taken in the offices of Bruno & Bruno, 855
17  Baronne Street, New Orleans, Louisiana  70113, on
    Thursday, the 12th day of July, 2007, beginning
18  at 9:29 a.m.

19

    APPEARANCES:

20

        LAMBERT & NELSON
21      (BY:  E. ALEXIS BEVIS)
        701 Magazine Street
22      New Orleans, Louisiana  70130
23                    AND
24

25

1    A.    No, no SBA.

2    Q.    Okay.  And, so, to your knowledge,

3 you still maintain possession of documents

4 concerning claims that you made with both FEMA

5 and The Road Home program?

6    A.    Correct.

7    Q.    Did you bring any of those today?

8    A.    No.

9    Q.    Okay.  I may have asked you this,

10 but did you bring any documents with you today to

11 the deposition?

12    A.    No.  Nothing more than the --

13 nothing more than the photographs of my home

14 prior to and after Katrina.

15    Q.    Okay.  And I'll go over that.

16 MR. MARTIN:

17        That's relevant to one of

18    your subsequent categories.

19 MR. SUTTON:

20        Okay.

21 EXAMINATION BY MR. SUTTON:

22    Q.    Item Number 3 concerns documents

23 pertaining to any insurance claims that you would

24 have made.

25    A.    None.

1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF LOUISIANA

3

4  IN RE: KATRINA CANAL BREACHES        CIVIL ACTION

5  CONSOLIDATED LITIGATION              NO. 05-4182 K2

6                                       JUDGE DUVAL

7  PERTAINS TO LEVEE                    MAG. WILKINSON

8

9  FILED IN 05-4181, 05-4182, 05-4191, 05-4568,

10          05-5237, 05-6073, 05-6314, 05-6324,

11          05,6327, 05-6359, 06-0020, 06-1885,

12          06-0225, 06-0886, 06-11208, 06-2278,

13          06,2287, 06-2346, 06-2545, 06-3529,

14          06-4065, 06-4389, 06-4634, 06-4931,

15          06-5032, 06-5042, 06-5159, 06-5163,

16          06-5367, 06-5471, 06-5771, 06-5786,

17          06-5937, 06-7682, 07-0206, 07-0647,

18          07-0993, 07-1284, 07-1286, 07-1288,

19          07-1289

20

21          Deposition of JOHN BARTHOLOMEW

22  WILLIAMS, given at the offices of Bruno &

23  Bruno, 855 Baronne, Street, New Orleans,

24  Louisiana 70113, on July 12th, 2007.

25

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS

315 METAIRIE ROAD, SUITE 101          619 JEFFERSON HIGHWAY, SUITE 2G
METAIRIE, LA 70005                    BATON ROUGE, LA 70806
PHONE (504) 219-1993

```
 1              the record.
 2              MR. GARDNER:
 3                   Okay.  But I'm going to proceed
 4              as if the Magistrate 's Order is in
 5              effect.
 6              MR. HOLTHAUS:
 7                   I understand that, yes.
 8              MR. GARDNER:
 9                   That's fine.
10   EXAMINATION BY MR. GARDNER:
11       Q.    In conjunction with this deposition, a
12   notice of videotape deposition was filed, and
13   that deposition notice requested the production
14   of certain documents which are listed as
15   Exhibit A to the Notice of Deposition.
16              Mr. Williams, I'm going to give a copy
17   of that notice to your attorey to let him
18   review it, and then I'm going to go item by
19   item and ask you if you have any documents as
20   enumerated in that exhibit to produce today.
21              MR. HOLTHAUS:
22                   Yeah.  I have it.  Perhaps he and
23              I should just put it out here and we
24              can both look at it together.
25              MR. GARDNER:
```

**JOHNS, PENDLETON & ASSOCIATES, INC.**

CERTIFIED COURT REPORTERS

315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993

619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806
(225) 922-4527

1          And I'm going to go through these
2     one by one.
3  EXAMINATION BY MR. GARDNER:
4     Q.   Mr. Williams, Number 1 requests a copy
5  of each Standard Form 95 submitted to the
6  United States Corps of Engineers, as well as
7  any drafts thereof, by the deponent -- which is
8  you -- from August 29, 2005 to the present.
9          Do you have any documents responsive
10  to Number 1?
11     A.   I have none.
12     Q.   Okay.  Number 2 requests all
13  administrative claims relating to Hurricane
14  Katrina that the deponent -- which is you,
15  Mr. Williams -- has submitted to any
16  governmental body or agency, including but not
17  limited to claims forms submitted to the
18  Louisiana Recovery Authority.
19     A.   Please explain that to me.
20     Q.   Do you have any documents in your
21  possession relating to claims that you've made
22  to any governmental body?
23     A.   No.
24     Q.   Okay.  And I'm referring to documents
25  that you have at your house.

**JOHNS, PENDLETON & ASSOCIATES, INC.**

CERTIFIED COURT REPORTERS

315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993

619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806
(225) 922-4527

1       A.    Yes.   Okay.

2       Q.    You may not have it with you today.

3             Number 3 refers to all documents that

4   refer or relate to insurance claims that the

5   deponent -- which is you -- has filed to

6   recover for damages or injuries, personal or

7   property, sustained between August 28th, 2005

8   and September 25th, 2005.

9             Do you have any -- have you made any

10  claims with any insurance companies?

11      A.    I did.   Yes.

12      Q.    And do you have any documents

13  regarding those claims?

14      A.    Hartford.   Yes.

15      Q.    And will you agree to produce those to

16  your attorney?

17      A.    Will I --

18      Q.    Will you agree to produce those to

19  your attorney?

20      A.    Will I agree to do it?

21      Q.    Yes.

22      A.    I think I can find the documents.

23      Q.    Okay.   Number 4 requests all documents

24  in the possession, custody or control of the

25  deponent -- which is you -- or his or her

1   attorneys which relate to any eyewitness

2   accounts of Hurricane Katrina.

3       A.   Explain that.

4       Q.   Do you have any documents that you

5   possess or that you have the ability to get a

6   copy of that refer to or relate to any

7   eyewitness accounts of Hurricane Katrina?

8       A.   No.

9       Q.   Number 5 requests all documents in the

10  possession, custody or control of the

11  deponent -- which is you -- or his or her

12  attorneys, that refer or relate to matters

13  alleged in the Levee Master Consolidated Class

14  Action Complaint, for any damages or injuries

15  allegedly sustained by the deponent -- which is

16  you -- as a result of Hurricane Katrina.

17      A.   No.

18          MR. HOLTHAUS:

19              Other than, of course, a great

20          deal of work product, but I know

21          you're not asking about that.

22      MR. GARDNER:

23          Okay.

24  EXAMINATION BY MR. GARDNER:

25      Q.   Number 6 is any statements,

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS
315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993
619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806

1    transcriptions of recorded statements, tape

2    recordings, notes, diagrams, and/or

3    descriptions that refer or relate to the

4    matters alleged in the Levee Master

5    Consolidated Class Action Complaint or any

6    damages or injuries allegedly sustained by the

7    deponent -- which is you -- as a result of

8    Hurricane Katrina.

9         A.    No.

10        Q.    Number 7 is duplicates of all

11   photographs, digital video disks and/or

12   videotapes that refer or relate to matters

13   alleged in the Levee Master Consolidated Class

14   Action Complaint for any damages or injuries

15   allegedly sustained by the deponent as a result

16   of Hurricane Katrina.

17        A.    No.

18        MR. HOLTHAUS:

19             Be advised, he doesn't have them,

20        but in the recent inspection that was

21        coordinated with your side, our side

22        took some photos.  We'll be happy to

23        share those with you.  They're of

24        recent vintage.

25        MR. GARDNER:

1          Okay.  They were taken in

2     conjunction with the inspection?

3     MR. HOLTHAUS:

4          With the inspection.

5          Right, Josh?

6     MR. PALMINTIER:

7          Yes.  In conjunction with the

8     inspections.

9     MR. GARDNER:

10          All right.

11     MR. MAYEAUX:

12          Can we go off the record?

13     (Off the record.)

14     EXAMINATION BY MR. GARDNER:

15     Q.   All right.  Number 8:  All documents

16     that refer or relate to any claim the

17     deponent -- which is you, Mr. Williams -- is

18     asserting for any damage alleged in the Levee

19     Master Consolidated Class Action Complaint,

20     including but not limited to damages from

21     chemical or other contamination to his

22     property, land, home, commercial buildings

23     and/or improvements.

24     A.   No.

25     Q.   Number 9 is all documents that refer

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS
315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993
619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806
(225) 922-4527

1    or relate to any claim the deponent is

2    asserting for lost earnings, future lost

3    earnings, lost business opportunities, lost

4    future business income, business interruption,

5    lost rental income, and/or lost future rental

6    income.

7        A.   No.

8        Q.   Number 10 is all documents that

9    evidence, reflect, support or contradict the

10   deponent 's -- which is you -- claim for

11   economic and compensatory damages in the Levee

12   Master Consolidated Class Action Complaint.

13       A.   No.

14       Q.   Number 11 is all mathematical or

15   formulaic calculations or other models that

16   refer or relate to determining the causes of

17   injury to the deponent -- which is you.

18       A.   No.

19       Q.   Number 12 is all mathematical or

20   formulaic calculations or other models that

21   refer or relate to the calculation of damages

22   for the deponent.

23       A.   No.

24       Q.   Number 13 is all documents that refer

25   or relate to the deponent 's evacuation,

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS

315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993

619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806
(225) 928-4527

1    relocation and, if applicable, eventual return

2    to New Orleans, including but not limited to

3    records of expenses.

4         A.    No.

5         Q.    I assume -- did you evacuate?

6         A.    Oh, yes, I did.

7         Q.    And did you keep a record of any money

8    that you spent?

9         A.    No.

10         Q.    Okay.  Number 14 are all statements,

11    transcriptions of recorded statements, tape

12    recordings, notes, diagrams and/or descriptions

13    of events by the deponent -- which is you --

14    relevant to the issues that are the subject of

15    this litigation.

16         A.    No.

17         Q.    Number 15 are all logs, journals,

18    diaries, or other writings by the deponent --

19    which is you -- that refer or relate to

     Hurricane Katrina or the matters at issue in

     this litigation.

          A.    No.

          Q.    You didn't keep any sort of a log or a

     diary after the hurricane.

          A.    No.

1    Q.   All of deponent 's medical records

2   from 2000 to the present.

3    A.   No, I don't.

4    Q.   Okay.  All documents evidencing the

5   application for or receipt of any benefit,

6   payment, insurance proceed, settlement, loan

7   disbursement or other funds paid to the

8   deponent, or on his behalf, related to

9   Hurricane Katrina and/or its aftermath.

10    A.   No.

11        MR. HOLTHAUS:

12            Other than Number 3, Hartford,

13        and we'll dig that up.  If he's still

14        got it, we'll get that for you.

15        MR. GARDNER:

16            Okay.  And when you say Hartford,

17        you mean the insurance claim.

18        MR. HOLTHAUS:

19            Correct.  That We talked about in

20        Number 3.

21   EXAMINATION BY MR. GARDNER:

22    Q.   Number 18 is all demonstrative

    evidence or exhibits that the deponent and/or

    his or her attorneys may refer to at the class

    certification hearing and all documents that

1   relate or refer to such demonstrative evidence

2   or exhibits.

3       A.    No.

4       Q.    Number 19 is all computer models that

5   the deponent and/or his or her attorneys may

6   refer to at the class certification hearing or

7   in support of class certification and all

8   documents that refer or relate to such computer

9   models.

10      A.    No.

11      Q.    Number 20 is a copy of the complaint

12  or petition in any prior litigation in which

13  the deponent has been a party.

14      A.    No.

15      Q.    Let me ask you this, Mr. Williams:

16      A.    Yes.

17      Q.    Have you -- prior to your involvement

18  in this lawsuit, have you ever filed another

19  lawsuit?

20      A.    Yes.

21      Q.    Okay.  And what was that dealing with?

        A.    It was -- J.E. Hanger, Incorporated,

    was the person -- or the company to which that

    litigation was filed.

        Q.    Was that a personal injury claim?

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS
315 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993
619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806
(225) 922-4527

1      A.    It was a personal injury claim.

2      Q.    All right.  We'll get to that in a

3    moment.

4            Number 21 is a copy of any lease

5    agreements entered into between the deponent

6    and any proposed class member.

7      A.    No.

8      Q.    Number 22 is all documents that relate

9    to any eviction proceeding instituted by or

10   against the deponent after Hurricane Katrina.

11     A.    No.

12     Q.    Oh.  Number 23 is any and all

13   documents in the deponent 's possession

14   indicating that the deponent will protect the

15   interests of the proposed class.

16     A.    No.

17           MR. GARDNER:

18                One thing I want to clarify,

19           Mr. Williams, is this Form Number 5

20           that we were given.

21           MR. HOLTHAUS:

22                I have one if you want to use it.

23           (Tendering.)

24           MR. GARDNER:

25                No, I want the one -- the

JOHNS, PENDLETON & ASSOCIATES, INC.
CERTIFIED COURT REPORTERS

5 METAIRIE ROAD, SUITE 101
METAIRIE, LA 70005
PHONE (504) 219-1993

619 JEFFERSON HIGHWAY, SUITE 2G
BATON ROUGE, LA 70806