| | | | |
|---|---|---|---|
| **DUPLASS** | Lawrence J. Duplass | Christian B. Bogart | William J. Guste, IV |
| **ZWAIN** | Gary M. Zwain (1) | Joseph G. Glass (2) | Jennifer M. Morris |
| **BOURGEOIS** | David J. Bourgeois | Kevin R. Derham | –Special Counsel– |
| **MORTON** | Joseph B. Morton, III | Jaime M. Cambre | David M. Cambre |
| | C. Michael Pfister | Corey M. Oubre | –Of Counsel– |
| **PFISTER &** | Andrew D. Weinstock (1) | Gissel M. Ferriol | Kenneth J. Berke |
| **WEINSTOCK** | Geoffrey P. Clement | Christina M. Roselle (3) | (1) also admitted in Texas |
| | Guyton H. Valdin, Jr. | Nicole M. Boyer | (2) also admitted in Mississippi |
| | Kelly Cambre Bogart | Ryan M. Malone | (3) also admitted in Oklahoma |

July 26, 2007

<u>Via U. S. Mail and E-Mail</u>

Joseph M. Bruno, Esq.  
Scott Joanen, Esq.  
Law Offices of Joseph M. Bruno  
855 Baronne Street  
New Orleans, Louisiana 70113

Frank C. Dudenhefer, Jr., Esq.  
601 Poydras Street, Suite 2655  
New Orleans, Louisiana 70130

RE: **Katrina Canal Breaches Consolidated Litigation**  
**Civil Action No.: 05-4182; Section "K"**  
**Pertains to Levee and MRGO**

Dear Gentlemen:

This letter is written on behalf of defendants in the Levee and MRGO litigation and is directed to yesterday's discussions regarding Magistrate Wilkinson's requirement that plaintiffs generate a privilege log regarding materials to be produced in accordance with his July 19, 2007 Order and Reasons issued as the result of the defendants' motions to compel class certification written discovery.

During yesterday's meeting, you advised that Judge Wilkinson's order requires that you review, among other things, materials maintained in plaintiffs' counsels' client files. You represented the number of those files to be in the thousands.[1] You stated that the time constraints imposed by Magistrate Wilkinson's order made it impossible for you to review all of your client files to determine whether in fact some or all of the materials contained therein were privileged or not and, thus a privilege log would not be generated by July 25, 2007, the date it was due. You concede that the materials

---

[1] Joe estimated he has 14,000 client files consisting of approximately 250,000 documents. Frank estimated that he has 1,500 files. Other lawyers who work with you have client files as well.

A PROFESSIONAL LAW CORPORATION  
29TH FLOOR, THREE LAKEWAY CENTER   3838 N. CAUSEWAY BLVD.   METAIRIE  
TELEPHONE 504.832.3700   FAX 504.837.3119  
www.duplass.com


EXHIBIT 2

July 26, 2007
Page -2-

_____

contained in your client files may very well include materials that are subject to be produced in accordance with Magistrate Wilkinson's order. In an effort to comply with Magistrate Wilkinson's order in a timely fashion, you inquired as to whether the defendants would be receptive to being given unfettered access to plaintiffs' client files in exchange for an agreement that attorney-client and work-product privileges were not otherwise waived. You advised that you could not speak for any plaintiffs' counsel other than yourselves.

This is to advise that defendants are receptive to your proposal regarding their being given access to plaintiffs' client files. In fact, we will draft something in writing for you to review. Please bear in mind that the court issued an order on May 23, 2007 to deal with this specific issue.[2] Specifically, **the order says "that the production of a document or ESI (electronically stored information), in whole or in part, shall not alone constitute a waiver of any privilege or other protection as to any portion of that document or ESI, in this or in any other proceeding."**

In the meantime, we note that you have filed Levee and MRGO Plaintiffs' Response to the Courts' Order of July 19, 2007 RE: Privileges. We believe your response to the Magistrate's order is insufficient and defendants will be filing a response by August 1, 2007.

Finally, we note that our discussions both yesterday and in this correspondence have been limited to materials contained in plaintiffs' counsels' client files. This should in no way suggest defendants' belief that documents required to be produced pursuant to Magistrate Wilkinson's order are limited to what the client files contain.

Please let us hear from you regarding these issues at your earliest possible opportunity.

                  Very truly yours

                  DUPLASS, ZWAIN, BOURGEOIS, MORTON PFISTER & WEINSTOCK

                  GARY M. ZWAIN

GMZ/kb

_____

[2] See Discovery Order Concerning Materials as to Which Privileges May be Asserted.

July 26, 2007
Page -3-

---

cc: Thomas P. Anzelmo, Jr., Esq.
Ben L. Mayeaux, Esq.
Charles M. Lanier, Jr., Esq.
Kirk Aurandt, Esq.
Traci Colquette, Esq.
William D. Treeby, Esq.
Jerre Doak, Esq.