UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: MRGO and Levee | JUDGE DUVAL<br>MAG. WILKINSON |
| FILED IN   05-4181, 05-4182, 05-4191, 05-4568,<br>05-5237, 05-6073, 05-6314, 05-6324,<br>05-6327, 05-6359, 06-0020, 06-0225,<br>06-0886, 06-1885, 06-2152, 06-2278,<br>06-2287, 06-2346, 06-2545, 06-2824,<br>06-3529, 06-4024, 06-4065, 06-4066,<br>06-4389, 06-4634, 06-4931, 06-5032,<br>06-5042, 06-5155, 06-5159, 06-5161,<br>06-5162, 06-5163, 06-5260, 06-5367,<br>06-5471, 06-5771, 06-5786, 06-5937,<br>06-7682, 06-11208, 07-0206, 07-0621,<br>07-0647, 07-0993, 07-1073, 07-1271,<br>07-1284, 07-1285, 07-1286, 07-1288,<br>07-1289 | |

**MRGO AND LEVEE DEFENDANTS' RESPONSE
TO PLAINTIFFS' PRIVILEGE LOG**

The MRGO and Levee Defendants submit this joint response to plaintiffs' privilege log (Docket No. 6685) submitted by plaintiffs on July 25, 2007. In its July 19, 2007 Order and Reasons On Motions (Docket No. 6592), the Court set forth requirements for any privilege log that plaintiffs submitted. Plaintiffs' submission does not comport with any of these requirements. As such, plaintiffs' purported privilege log is wholly inadequate to sustain their burden concerning any privilege or any other protective doctrine and is not a basis for plaintiffs to withhold any documents from production.

887053v.1

The Court ruled, in accordance with established law, that plaintiffs bear the burden of proof to substantiate their privilege claim "and cannot rely on a blanket assertion of privilege." *Id.* at 27.  Plaintiffs' assertions of privilege may be sustained only if they are "both properly asserted and the facts supporting them are established by the evidence." *Id.* at 28.  The Court further held that plaintiffs' privilege log must comply with Fed. R. Civ. P. 26(b)(5).  *Id.*  Rule 26(b)(5) requires that plaintiffs "describe the nature of the documents . . . not produced . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5)(A).  Furthermore, the Court found that plaintiffs submitted "<u>no evidence</u> of any kind, by affidavit, deposition testimony or otherwise, that might establish . . . privilege in any way."  *See* July 19, 2007 Order at 28 (emphasis in original).  "The mere assertion of a lawyer that the materials were work product, privileged communications or prepared in anticipation of litigation <u>is not evidence</u> sufficient to bear the burden."  *Id.* (emphasis in original).

First, plaintiffs conceded the inadequacy of their submission by telling the Court that they did not and could not undertake to review the "thousands" of documents "in the time frame ordered by the Court" to determine if any of the documents contain privileged information.  Docket No. 6685 at 1.  Therefore, they have no basis in fact or law to assert privilege or any other exemption as a basis to withhold documents.  They also candidly admitted that they had "the choice of seeking additional time," but did not do so.  Instead, plaintiffs opted to submit a cryptic list of generalized "categories" – not specific documents – without any evidentiary support whatsoever.  *Id.*  Given that plaintiffs did

887053v.1

not ask for more time and, in any event, provided no estimate of how much time they would need, the conclusion is inescapable that plaintiffs have no intention of ever undertaking a review of their own documents to identify any privileged or exempt material. Thus, plaintiffs' submission was completely inadequate from the outset.

Second, plaintiffs did not even attempt to comply with Rule 26(b)(5)(A) as the Court instructed because there is no possible way that defendants or the Court could "assess the applicability of the privilege or protection" based on plaintiffs' admittedly "broad" categories of descriptions. This Court has held that, in complying with Rule 26(b)(5)(A), the usual requirement is that "a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." *Mack v. Global Santa Fe Drilling Co.*, No. 04-3461, 2006 WL 980746, at *1 (E.D. La. Apr. 11, 2006) (Wilkinson, M.J.) (internal citations omitted); *accord*, *Haensel v. Chrysler Corp.*, No. 96-1103, 1997 WL 537687, at *4 (E.D. La. Aug 22, 1997) (Vance, J.) (citing *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1208 (D.N.J. 1996) ("A privilege log must include, for each withheld document, the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document, the subject of the document, and the privilege or privileges asserted."). The log in *Mack* identified documents, but did not identify any document by author, recipients or date, and did not offer any meaningful description of a document's contents. *See Mack*, 2006 WL 980746 at *1. The plaintiffs' failure here is even more egregious than the one in *Mack* because plaintiffs' privilege log does not identify *any* document, let alone its author, date, or any meaningful description of the document's content.

Moreover, plaintiffs did not submit *any evidence* whatsoever in support of their vague and generalized assertions. Thus, plaintiffs failed in total either to properly assert any privilege or exemption or to submit any evidence to support any such assertion.

Third, plaintiffs have no intention of ever submitting a proper privilege log: plaintiffs obviously had no procedures or mechanisms in place to identify privilege or work product when, through advertising, they obtained thousands of clients to represent in this litigation (*see* Coats Dep. at 158 (Ex. 1)), did not seek to establish any such procedures or mechanisms when they received defendants' discovery requests, did not establish any such procedures or mechanisms prior to the July 18, 2007 hearing on defendants' motion to compel, and did not seek any relief whatsoever from the Court's July 19, 2007 Order regarding privileged documents. Thus, in addition to the inescapable conclusion that plaintiffs have no intention of ever identifying any privileged documents, it is a legal certainty that, despite many opportunities to do so over a period of many months,[1] they have not done so. Thus, there is no basis for the Court to allow plaintiffs any further opportunity to submit a proper privilege log.

Finally, since plaintiffs have not made any threshold showing that any documents were created in anticipation of litigation or are other work product, defendants need not make any showing under Rule 26(b)(3) in order to obtain production of work product.

---

[1] Plaintiffs' counsel signed some of the named plaintiffs as clients as early as October 2005 (*see* K. Armstrong Dep. at 91; Wade Dep. at 62-63 (Ex. 2)).

887053v.1

Plaintiffs' cryptic and unsupported submission is totally inadequate to establish any privilege or protection. So, it cannot be a basis for plaintiffs to withhold documents from production.

Dated: August 1, 2007                                  Respectfully submitted,

*/s/ Gary M. Zwain*                                    */s/Ralph S. Hubbard III*
Lawrence J. Duplass, 5199                              Ralph S. Hubbard III, T.A., 7040
Gary M. Zwain, 13809                                   Joseph P. Guichet, 24441
Andrew D. Weinstock, 18495                             Rachel Meese, 25457
    Of                                                             Of
Duplass, Zwain, Bourgeois, Morton, Pfister             Lugenbuhl, Wheaton, Peck, Rankin &
& Weinstock                                            Hubbard
3838 N. Causeway Blvd., Suite 2900                     601 Poydras Street, Suite 2775
Metairie, Louisiana 70002                              New Orleans, Louisiana 70130
Telephone: (504) 832-3700                              Telephone: (504) 568-1990
Facsimile: (504) 837-3119                              Facsimile: (504) 310-9195

Attorneys for Board of Commissioners for               Attorneys for St. Paul Fire and Marine
the Lake Borgne Basin Levee District and               Insurance Company
Board of Commissioners of the East
Jefferson Levee District

*/s/Thomas P. Anzelmo*
Thomas P. Anzelmo, 2533
Mark E. Hanna, 19336
Kyle P. Kirsch, 26363
Andre J. Lagarde, 28649
    Of
McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

And

James L. Pate, 10333
Ben L. Mayeux, 19042
    Of
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, Louisiana  70505-2828
Telephone:  (337) 237-7000

Attorneys for the Orleans Levee District

*/s/ William D. Treeby*
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for Washington Group International, Inc.

Of counsel
Adrian Wager-Zito
Julie McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-4645
Facsimile:  (202) 626-1700

Jerome R. Doak
Jones Day
2727 N. Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

887053v.1

*/s/Robin D. Smith*
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4289
Facsimile: (202) 616-5200

Attorney for United States

## CERTIFICATE

I hereby certify that a copy of the above and foregoing MRGO and Levee Defendants' Response to Plaintiffs' Privilege Log has been served upon Joseph Bruno, Plaintiffs' Liaison Counsel, this 1st day of August, 2007.

                                            */s/ William D. Treeby*
                                            William D. Treeby

DLI-6131019v2

887053v.1