UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| LEVEE (DePass., No. 06-5127) | * | |
| | * | SECTION K |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |

**************************************

**THIRD AMENDMENT COMPLAINT
FOR DECLARATORY JUDGMENT AND DAMAGES
AND REQUEST FOR JURY TRIAL**

**NOW COME** Plaintiffs, Elizabeth H. and William Keith DePass, IV, et al, residing in, or doing business in Metairie, Jefferson Parish, Louisiana, more particularly defined in the Complaint for Declaratory Judgment and Damages and Request for Jury Trial, who suffered damages due to failure of the flood protection and drainage system for the New Orleans East Bank polder, (Hoey Basin) and in furtherance thereof hereby amend the Complaint filed herein on August 28, 2006, (Doc. 1) as amended by First and Second Amending Complaint filed September 28, 2006, (Doc. 1254) and April 11, 2007, (Doc. 3708), respectively, (hereinafter "DePass"), through counsel of record, respectfully suggest:

10a.

The flooding was proximately caused by the failure of the flood wall on the East Bank of the 17th Street Canal north of pumping Station Six and the cessation of pumping at Station Six caused thereby.

10b.

As a result of the failure of the East Bank of the 17th Street Canal, Pumping Station Six ceased discharging water from the Metairie Relief Canal into the 17th Street Canal and Lake Pontchartrain.

10c.

The failure of the flood wall on the East Bank of the 17th Street Canal was caused by the United States Army Corps of Engineers which commissioned Pittman Construction Co., Inc. to construct floodwalls along the 17th Street Canal north of Pumping Station Six.

10d.

The United States Army Corps of Engineers issued to Pittman Construction a Notice to Proceed with the work on July 30, 1993.

10e.

That the 17th Street Canal East Bank was structurally suspect, and the Corp aware of it, is apparent from the opinion of the Administrative Judge entered in proceedings *Engineering BCA No. 6198* before the Corps of Engineers Board of Contract Appeal in the appeal of *Pittman Construction Co., Inc., Contract No. DACW 29-93-C-008-1*, attached hereto, as a result of work commissioned by the Corps of Engineers, a fact known then and thereafter by the East Jefferson Levee Board, Orleans Levee Board, Sewerage & Water Board of New Orleans and Jefferson Drainage Department.

10f.

During the course of prosecuting the works for the Corp, Pittman found a lack of structural integrity of the existing short pile to which the flood walls were to be joined and relative weakness of the soils resulting in lack of alignment of the monolith added.

10g.

The work was prosecuted by Pittman at the direction of the United States from derrick barges operating from the waters in the 17th Street Canal located in the Parish of Jefferson but owned by the City of New Orleans for the use and benefit of the New Orleans Sewerage & Water Board;

10h.

The Unites States Army Corp of Engineers was also aware of the difficulty encountered by Pittman Construction through job site discussion during the seven months from December 1 to August 30, 1994;

10i.

In fact on February 8, 1994 the Corp issued to Pittman a Notice of Contract Deficiency with respect to Pittman's work under the Contract;

10j.

As a direct result of the failure of the west side of the 17th Street canal and the closure of Pumping Station Six caused thereby, the flood waters intended to be discharged through the 17th Street Canal via Pumping Station Six poured into the Hoey Basin damaging Plaintiffs' property;

10k.

Plaintiffs are informed and believe that the Corp never accepted the works because it concluded that what Pittman had done at its commission was faulty;

10l.

The first flood waters to enter Old Metairie did so from the Metairie Relief Canal south of Pumping Station Six and consisted of the storm waters collecting in the City of New Orleans

and Parish of Jefferson brought there by way of the Palmetto and I-10 underpass Canals and likely by the Jefferson Canal;

10m.

The Sewerage & Water Board continued to pump rainwater into the Orleans Canal, but due to the absence of fronting protection the waters flooded into the northern basin of the New Orleans East Polder;

10n.

The Parish of Jefferson ceded its authority over the Metairie Relief Canal to the Sewerage & Water Board which used the canal with the Parish's support and authority;

10o.

In addition the United States failed to complete fronting protection on the Orleans Canal at Pump Station Seven as it was obliged to do under contract with the Sewerage & Water Board which left the section of legacy wall significantly lower than the adjacent floodwalls, providing a route for water to enter the City without overtopping adjacent floodwalls;

10p.

The waters from the Orleans Canal not so arrested added to the burden of the drainage system serving the City, particularly the Metairie Relief Canal;

10q.

Similarly the waters released by the break in the 17th Street Canal added to the burden of the drainage system serving the City, particularly the Metairie Relief Canal;

10r.

The waters released by breaks in the containment of the West bank of the Industrial Canal poured into the City taxing the drainage system serving the City, particularly the Metairie Relief Canal;

10s.

The West Bank of the Industrial Canal is owned by the Port of New Orleans, having acquired it mesne conveyances from the Ursuline Nuns, except for the portion thereof transferred to the United States.

26a.

Pumping Stations Six and Seven were owned by Sewerage & Water Board of New Orleans ("SWBNO") and Station Six was operated by SWBNO as a joint venture with the Parish of Jefferson.

26b.

The flood waters which caused the damage to Plaintiffs were not contained in or carried through a federal flood control project nor did it consist of waters such projects could not control.

26d.

The floodwaters spilling out of the 17th Street Canal through the break in the East Bank did not directly flood the Plaintiffs properties; their passage was arrested by the feeder canals chanelling waste water for discharge in outfall canal draining the area which intervened and by Metairie Ridge a natural land barrier running from the east bank of the Metairie Relief Canal north to U.S. Highway 90.

26e.

The Orleans Levee Board was aware of the work performed by Pittman and the difficulty encountered.

26f.

The East Jefferson Levee Board knew or should have known of the work performed by Pittman and the difficulty Pittman encountered.

26g.

The SWBNO knew or should have known the work performed by Pittman and the difficulty encountered.

26h.

The Parish of Jefferson knew or should have known the work performed by Pittman and the difficulty encountered.

And to amend paragraph 75.12 to read in its entirety as follow:

"75.12

The Parish of Jefferson was negligent in failing to close the Hoey Canal gate and arrest the flow of water into Jefferson via the open gate due to the prior failure to provide a roadway to permit access to the gate involved to introduce the power required to effect closure."

WHEREFORE, Plaintiffs pray that the defendants be duly cited to appear and answer this Amended Complaint, and after due proceeding had, there be judgment in Plaintiffs' favor and against defendants.

Respectfully submitted,

/s/ William C. Gambel

                              WILLIAM C. GAMBEL, Bar # 5900
MILLING BENSON WOODWARD, LLP
909 Poydras Street, Suite 2300
New Orleans, LA 70112
Telephone: (504) 569-7210
wgambel@millinglaw.com

Attorneys for Plaintiffs

John J. Cummings, III (#4652)
Cummings & Cummings
416 Gravier Street
New Orleans, LA 70130
Phone:  (504) 586-0000
Fax:     (504) 522-8423


W363751

8

## CERTIFICATE OF SERVICE

     I certify that on this  31st  day of July, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, email, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

                                           /s/ William C. Gambel

W363751