

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |
| PERTAINS TO:  ALL CASES | |
| FILED: _____ | _____<br>DEPUTY CLERK |

## PLAINTIFFS' REQUEST FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 56(f)

*Plaintiffs' Opposition to the United States' Motion to Dismiss* filed concurrently herewith argues that substantial disputed issues of material fact are evident from the Defendant's motion, and that Plaintiffs are entitled to conduct discovery before any determination of these disputed facts is made. Plaintiffs have requested in their *Opposition* that if the Court does not deny the *Motion*, any ruling on the *Motion* should be held in abeyance until the Plaintiffs have had a reasonable opportunity to conduct discovery with respect to the controverted facts. Plaintiffs have filed concurrently herewith the Declaration of Joseph M. Bruno in support of this Request. As required under Rule 56 (f), the accompanying Bruno declaration describes numerous factual controversies that the United States has placed at issue in its *Motion*. The areas in which Plaintiffs request discovery include:

- What is a "flood control project";
- What are all of the plans that were considered by the Corps before the Corps submitted

its recommended plan for the Lake Ponchartrain and Vicinity Hurricane Protection Plan;

- Why did the Corps choose to recommend the Barrier Plan over any other plan;
- What are the differences between the High Level Plan as envisioned by the Corps in 1965 and the Barrier Plan that was recommended;
- Why was the High Level Plan as envisioned by the Corps in 1965 one and one-half times more expensive than the Barrier Plan and the High Level Plan as truncated by the Corps in 1984 cheaper than the Barrier Plan;
- What was the reason for the Corps' decision not to go to Congress and seek a modification of the Barrier Plan;
- What are the differences between the High Level Plan as envisioned by the Corps in 1965 and as truncated by the Corps in 1984;
- What "flood control project" was authorized by the United States Congress in 1965;
- Was the construction on the 17th Street Canal, the London Avenue Canal and/or the Orleans Avenue Canal authorized by the Lake Ponchartrain and Vicinity Flood Protection Act of 1965;
- What is a factor of safety;
- Does the factor of safety affect costs and if so how;
- Was the construction of the 17th Street Canal, the London Avenue Canal and/or the Orleans Avenue Canal, whether authorized or not under any purported discretionary change from the Barrier Plan, built in compliance with engineering standards contemplated by the Standard Project Hurricane and factors of safety contemplated under the Barrier Plan;
- In the Corps' justification for the change from the Barrier Plan to a truncated High Level Plan did the Corps consider the same factor of safety under the approved Barrier Plan as contemplated to be used under the truncated High Level Plan;
- What was the Standard Project Hurricane contemplated under the Barrier Plan;
- What was the Standard Project Hurricane as changed by the Corps;
- What Standard Project Hurricane and what factors of safety were used in connection with the designs of the flood protection at the 17th Street Canal, the London Avenue Canal and/or the Orleans Avenue Canal;
- What is the definition of a "levee";
- What is the definition of a "flood wall";
- Whether or not Congress of the United States directed the Chief of Engineers of the Army Corps to build levees as opposed to floodwalls along the banks of the London Avenue Canal and/or the Orleans Avenue Canal;
- Whether or not Congress directed the Corps to use any particular factor of safety in connection with the approved plan;
- Whether or not the Corps of Engineers in fact built levees along the London Avenue Canal and/or the Orleans Avenue Canal and if so, what factors of safety were used;
- Whether or not there existed engineering standards for the construction of I-walls to be

- used as flood protection for hurricanes at any time between 1974 and 1984 and if so, what factors of safety were contemplated;
- Whether such engineering standards existed between 1984 and 1990 and if so, what factors of safety were contemplated;
- Whether or not the Corps of Engineers complied with its own standards in approving the permit for dredging of the 17th Street Canal and the required I-walls;
- What factors of safety were used in any and all decisions regarding the permitting of the work;
- Whether or not the dredging and I-wall construction required by the permit issued by the United States Army Corps of Engineers to the Sewerage and Water Board was fully paid for by state or local government entities;
- Does the Corps make the distinction between factors of safety used for a dam, as opposed to flood protection, for hurricane protection projects.

At this early stage in this litigation, Plaintiffs have had limited opportunity to conduct discovery and require the protection afforded by Rule 56(f) in order to ascertain the facts, documents, and testimony necessary to respond to the attack on the merits launched in the Unites States' *Motion. See Rule* 56(f); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgement. This is true even where the evidence is likely to be within the defendant, as long as the plaintiff has had a full opportunity to conduct discovery.") (emphasis added); *accord Brown v. Mississippi Valley State University*, 311 F.3d 328, 333 (5th Cir. 2002; *see also McAllister v. F.D.I.C.*, 87 F. 3d 762, 766 (5th Cir. 1996) ("When a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss.").

For all of these reasons, Plaintiffs respectfully request that the Court grant this Request for Discovery in order to properly oppose the United States' attack on the merits of Plaintiffs' case.

Dated:   July 23, 2007

Respectfully Submitted ,

The Law Offices of Joseph M. Bruno

s/Joseph M. Bruno
Joseph M. Bruno (#3604)
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of July, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

s/ Joseph M. Bruno
JOSEPH M. BRUNO