UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
      CONSOLIDATED LITIGATION

                                     NO. 05-4182 "K" (2)

PERTAINS TO:  LEVEE                   JUDGE DUVAL
                                       MAG. WILKINSON

## ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel seeking additional responses from defendant, the United States of America, to plaintiffs' written discovery concerning what the court has characterized in Case Management Order ("CMO") No. 4 as "common liability issues."  Record Doc. No. 6405.  Specifically, plaintiffs' motion seeks additional responses to their Requests for Production Nos. 1 through 100;[1] Requests for Admissions Nos. 1 through 39 and 41 through 47; and Interrogatories Nos. 4, 6, 7, 9, 19, 24, 28, 30, 32, 34, 35 and 37 through 47.  Plaintiffs do not seek any sanctions.  Defendant filed a timely opposition memorandum.  Record Doc. No. 6572.  The court granted plaintiffs'

---

[1]There are no Requests for Production Nos. 16 or 76 included in the materials submitted to me in connection with this motion.

motion to supplement the record with defendant's written responses to plaintiffs' discovery requests.  Record Doc. No. 6596, 6638.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Plaintiffs' allegations in their master complaint span decades and include numerous acts or omissions which allegedly constitute legal fault by multiple defendants, including the United States Army Corps of Engineers, in connection with various levee and flood wall breaches and/or instances of overtopping in Hurricane Katrina.  Plaintiffs' discovery requests directed to common liability issues are correspondingly broad.

Defendant's obligation under Fed. R. Civ. P. 26(g) to make "a reasonable inquiry" when responding to discovery requests is "similar to the duty under Rule 11 to make a reasonable inquiry into the basis of the action."  <u>Chapman & Cole v. Itel Container Int'l B.V.</u>, 865 F.2d 676, 685-86 (5th Cir. 1989).

> The [Rule 26(g)] duty to make a "reasonable inquiry" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances.  It is an objective standard similar to the one imposed by Rule 11.  In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the

> circumstances.  Ultimately what is reasonable is a matter for the court to
> decide on the totality of the circumstances.

Fed. R. Civ. P. 26(g) Advisory Committee note (1983) (citations omitted).

> The objective standard requires that the attorney signing the discovery
> documents under Rule 26(g)(2) make only a reasonable inquiry into the
> facts of the case.  Counsel need not conduct an exhaustive investigation,
> but only one that is reasonable under the circumstances.    Relevant
> circumstances may include:  (1) the number and complexity of the issues;
> (2) the location, nature, number and availability of potentially relevant
> witnesses or documents; (3) the extent of past working relationships
> between the attorney and the client, particularly in related or similar
> litigation; and (4) the time available to conduct an investigation.

St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 516 n.3 (N.D. Iowa

2000) (citing Dixon v. Certainteed Corp., 164 F.R.D. 685, 691 (D. Kan. 1996) (citing

Fed. R. Civ. P. 26(g)(1)[2])).

These factors in the instant case mandate a broad application of the term

"reasonable inquiry."  The particular issues addressed in the subject discovery are wide-

ranging, both in scope of content and time frame.  The location, nature, number and

availability of documents and other tangible items present substantial challenges.[3]  The

---

[2]The signature requirement of Fed. R. Civ. P. 26(g)(1) "parallels the provisions of paragraph (2) with respect to discovery requests, responses, and objections."  Fed. R. Civ. P. 26 Advisory Committee Note (1993).

[3]According to the government, the number of documents produced by the United States alone will be "in the millions."  The United States' Document Production Protocol, Record Doc. No. 5368-2,

discovery process in this matter also poses significant issues and challenges concerning the location, nature, number and availability of potential witnesses.  See, e.g., Rayhill v. Fairchild Indus., Inc., 878 F.2d 1439, 1989 WL 74810, at *3 (9th Cir. 1989) (Plaintiff's discovery inquiry was reasonable in a case "in which evidence is [not] easily available and discovery [is not] easily manageable.  This [case involves] the possible failure of technologically sophisticated equipment in an uncertain and extremely harsh environment.  Virtually all of the evidence is in the control of the defendants and its interpretation is beyond the ken of all but narrowly specialized experts.").  The time periods of many of plaintiffs' discovery requests span decades.  The time available to investigate is limited by the court's scheduling orders, which reflect the necessity -- in the interest of achieving justice in this matter -- of resolving the subject disputes in a temporally meaningful way.

Therefore, the court has broadly interpreted the "reasonable inquiry" requirement of Fed. R. Civ. P. 26(g)(2) when considering defendant's discovery responses and assesses their adequacy in light of the breadth of plaintiffs' allegations in their complaint and of their discovery requests.

---

at p. 3.

4

As a threshold matter, all of defendant's General Objections are overruled.  I previously instructed the parties "that the court discourages the use of General Objections and their wholesale incorporation by reference into responses to particular discovery requests because this poor practice lends itself to abuse, is usually evasive and imprecise and makes review of such responses both by the discovering party and by the court unnecessarily cumbersome and difficult, . . . [but] that parties and their counsel who nevertheless engage in this poor and unpersuasive practice will <u>not</u> for that reason have their General Objections deemed waived."  Record Doc. No. 4749.  Although the objections are not deemed waived, they are overruled because the blanket objections, which the United States incorporates into each discovery response, are so obnoxious that they serve only to confuse, obfuscate and evade the actual issues raised by particular requests to no useful purpose.  "In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections."  <u>St. Paul Reinsurance Co.</u>, 198 F.R.D. at 512 (citing <u>Burns v. Imagine Films Entertainment, Inc.</u>, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections not sufficiently specific to allow court to ascertain objectionable character of discovery request); <u>Chubb Integrated Sys. Ltd. v. National Bank</u>, 103 F.R.D. 52, 58 (D.D.C. 1984) ("General

objections are not useful to the court ruling on a discovery motion.  Nor does a general

objection fulfill [a party's] burden to explain its objections."));  see also McLeod,

Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) ("party

resisting discovery must show specifically how . . . each interrogatory is not relevant or

how each question is overly broad, burdensome or oppressive") (citation omitted).  A few

examples will suffice to illustrate the uselessness of such objections employed in this

fashion.

      In General Objections No. 7 to plaintiffs' requests for production and No. 8 to

plaintiffs' interrogatories, the United States objects to producing confidential or sensitive

information, such as personnel information, and invokes the Privacy Act, 5 U.S.C. §

552a.  The Privacy Act has an exception that allows disclosure of records "pursuant to

the order of a court of competent jurisdiction."  Id. § 552a(b)(11).  This is such a court

and such an order.  Defendant's assertion of trade secrets or confidential business

information in the same general objections is also overruled in the absence of any

showing that this type of information exists.

      Some of the general objections unnecessarily assert restrictions imposed by the

Federal Rules of Civil Procedure themselves (e.g., that the United States cannot produce

information that is not in its possession, custody or control; or that the United States reserves the "right," which is actually a duty, to supplement its responses with subsequently discovered evidence).  In addition, when the United States finds a request objectionable on any of the grounds in its general objections, it usually asserts the <u>same</u> particularized objections to the request.  Finally, some of the general objections are directly contradicted by defendant's individual responses.  For example, despite General Objection No. 10 to the requests for production, in which the United States objects to producing any documents related to the Orleans Avenue Canal, the United States repeatedly states in its responses to plaintiffs' requests for production that it will provide such documents.

I.      <u>REQUESTS FOR ADMISSIONS</u>

Plaintiffs' "motion to compel" seeks additional responses to their Request for Admissions Nos. 1 through 39 and 41 through 47.  This motion is properly viewed, not as a motion to compel, but as a motion "to determine the sufficiency of the answers or objections" to the requests.  Fed. R. Civ. P. 36(a).

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.  Such breadth

allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."   In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).  "Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions . . . ."   Warnecke v. Scott, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (5th Cir. Oct. 21, 2003) (citing Carney, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice & Procedure § 2255 & n. 8 (2003) (collecting cases)); accord Adventis, Inc. v. Consolidated Prop. Holdings, Inc., 124 Fed. Appx. 169, 2005 WL 481621, at *3 (4th Cir. Mar. 2, 2005).

Rule 36 provides a procedure for denying the requests or qualifying one's partial admissions or denials.

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable

> inquiry and that the information known or readily obtainable by the party
> is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a).

> [R]equests for admissions are not principally discovery devices, see 8A
> Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, [Federal
> Practice and Procedure] § 2252, at 524-525 [2d ed. 1994] ("Strictly
> speaking Rule 36 is not a discovery procedure at all, since it presupposes
> that the party proceeding under it knows the facts or has the document and
> merely wishes its opponent to concede their genuineness. A party who
> desires to discover what the facts are should resort to other discovery rules
> rather than Rule 36.") (footnotes omitted), and they "are not to be treated
> as substitutes for discovery processes to uncover evidence . . . ." The Jules
> Fribourg, 19 F.R.D. at 436;  see 7 Moore's Federal Practices § 36.02[2] (3d
> ed. 1991) ("Because Rule 36 was not designed to elicit information, to
> obtain discovery of the existence of facts, or [to] obtain production of
> documents, requests for admission should not be used as a method of
> discovery for those purposes.") (footnote omitted).

Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

> Therefore,

> [w]hen responding to requests for admissions, explanation generally is
> unnecessary. "The answer [to a request for admission] shall specifically
> deny the matter or set forth in detail the reasons why the answering party
> cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). "Each
> request for an admission should be phrased simply and directly so that it
> can be admitted or denied without explanation." Explanation is only
> required if the party cannot truthfully admit or deny.

9

Id. at 447 (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2258, at 546-47; citing United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 968 (3d Cir. 1988)).

Plaintiffs' motion is denied as to Request for Admissions Nos. 1 through 39 and 41 through 47.  In its responses to Request for Admissions Nos. 7, 8, 10, 19, 32, 36 and 41, the United States made partial admissions, explained its reasons for the partial admission and denied the remainder of each request.  The United States unqualifiedly denied every other Request for Admissions at issue in the instant motion.

Rule 36 requires either an admission or a specific denial, without any explanation, or an explanation why the answering party cannot admit or deny the matter or can in good faith qualify an answer or deny only a part of the matter.  Because the United States explained its reasons for its partial admissions and unqualifiedly denied the remainder of each of these Requests for Admissions, its responses are sufficient.  If plaintiffs have any evidence that the denials of the United States are not in good faith or otherwise violate Fed. R. Civ. P. 26(g)(2), plaintiffs may present that evidence to the court along with a request for sanctions.  Certainly, no such evidence has been presented at this time.

Of course, the United States is cautioned that it must seasonably supplement its responses

if and when additional information requires supplementation.  Fed. R. Civ. P. 26(e)(2).

## II.     INTERROGATORIES

The motion seeks additional answers to plaintiffs' Interrogatories Nos. 4, 6, 7, 9,

19, 24, 28, 30, 32, 34, 35 and 37 through 47.  Except to the extent a valid objection may

be asserted, "[e]ach interrogatory shall be answered separately and fully."  Fed. R. Civ.

P. 33(b)(1).  As with all other responses to written discovery, "an evasive or incomplete

. . . answer . . . is to be treated as a failure to . . . answer."  Fed. R. Civ. P. 37(a)(3).

Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule

26(g) requires "a reasonable inquiry."  Thus,

> [t]he answering party cannot limit his answers to matters within his own
> knowledge and ignore information immediately available to him or under
> his control.  The answering party is required to give information available
> to him, including information available to his agents or representatives
> whether personally known to the answering party or not.  If the answering
> party lacks necessary information to make a full, fair and specific answer
> to an interrogatory, it should so state under oath and should set forth in
> detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF,

2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing Essex Builders Group, Inc. v.

Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank

& Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l

Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)).

 Interrogatories seeking to flesh out the contentions of parties are specifically

permitted.  "An interrogatory otherwise proper is not necessarily objectionable merely

because an answer to the interrogatory involves an opinion or contention that relates to

fact or the application of law to fact, but the court may order that such an interrogatory

need not be answered until after designated discovery has been completed or until a pre-

trial conference or other later time."  Fed. R. Civ. P. 33(c).

 The motion is denied as to Interrogatories Nos. 4, 6, 7, 19, 24, 28, 30, 35, 45 and

46, subject to the conditions contained herein.  Although all objections are overruled, the

responsive information provided as answers to each of these questions is sufficient, as

long as it is true.  Given the vast scope and breadth of these interrogatories and the fact

that they concern decades-old information, it is not surprising that the answers of the

United States to these questions at this stage of the proceedings might accurately be that

the United States does not know specific names or other specific information in response

to these questions.  However, the United States is reminded again that these answers are

subject to the continuing obligation of the United States to supplement its answers to

these interrogatories when and if additional responsive information is learned, as required by Fed. R. Civ. P. 26(e)(2).

The motion is granted in limited part as to Interrogatory No. 9.  All objections are overruled, but unlike the responsive information provided to the interrogatories listed above, the responsive information provided in response to Interrogatory No. 9 is unclear and therefore incomplete.  If the name provided in this answer is the only person the United States can identify at this time in response to this question after a reasonable inquiry, the United States must provide a new answer to this interrogatory, clearly saying so.  If not, it must provide any additional names it knows.

The motion is denied as to Interrogatory No. 32, for the same reasons set out above in connection with Interrogatories Nos. 4, 6, 7, 19, 24, 28, 30, 35, 45 and 46, but subject to the following order.  No later than **August 17, 2007**, plaintiffs must provide counsel for the United States with the "April 24, 1987 drawing" referenced in the interrogatory.  If the drawing is provided, the United States must supplement its answer to this interrogatory within ten (10) days of its counsel's receipt of the drawing to identify the person or persons who prepared the drawing or state that, after reasonable inquiry,

it cannot identify any such person.  If the drawing is not provided, no further answer is required.

The motion is denied as to Interrogatories No. 34 and 44.  The vagueness and argumentativeness objections to the terms "deviation(s)" and "weak" are sustained, and the responsive information provided subject to these objections is sufficient.

The motion is denied as to Interrogatory No. 37.  The objection based upon the argumentative nature of this question is sustained.

The motion is granted in part as to Interrogatories Nos. 38 and 39, but only as provided herein.  The objections are sustained in part, but they are also overruled in part, in that the United States must supplement its answers to these interrogatories to identify all persons referenced in these answers who served as "United States Army Corps of Engineers Chief(s) of Engineers" in connection with the referenced work.

The motion is granted in part and denied in part as to Interrogatories Nos. 40, 41, 42 and 43.  Although the objections are overruled, the responsive information provided subject to the objections is sufficient, except that the  the United States must supplement its answers to these interrogatories to identify all persons who served as "United States

14

Army Corps of Engineers <u>Chief(s)</u> of Engineers" referenced in these answers in connection with the described work.

The motion is denied as to Interrogatory No. 47.   The objection to the argumentative nature of this interrogatory is sustained, and no further response is required.

III.     <u>REQUESTS FOR PRODUCTION</u>

Plaintiffs seek additional responses to plaintiffs' Requests for Production Nos. 1 through 15, 17 through 75 and 77 through 100.[4]

Fed. R. Civ. P. 34(b) sets forth the requirements of a proper response to a request for production in pertinent part as follows:  "The party upon whom the request is served shall serve a written response," which "shall state , with respect to each item or category, that inspection and related activities will be permitted <u>as requested, unless the request is objected to</u> . . . .  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  The Rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and

---

[4]As previously noted, there are no Requests for Production Nos. 16 or 76 in the materials that have been provided to me with this motion.

the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).  Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, <u>Federal Practice and Procedure</u> § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are <u>not</u> in the responding party's possession, custody or control.  "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control."  <u>Id.</u> at 403-04.

Responsive materials must be made available for inspection, either "as they are kept in the usual course of business" or the responding party "shall organize them to correspond with the categories in the request."  Fed. R. Civ. P. 34(b)(i).  As with other kinds of responses to written discovery requests, "an evasive or incomplete . . . response"

to a Rule 34 request for production "is to be treated as a failure to . . . respond."  Fed. R. Civ. P. 37(a)(3).

Plaintiffs argue that the United States objected to every request for production and produced <u>no</u> responsive documents.  The second part of this argument is not accurate. The United States replies that it has produced more than 1,200 boxes of documents for inspection pursuant to Fed. R. Civ. P. 34 and the document production protocol, and that it is in the process of copying selected documents for plaintiffs.  The United States also filed a Notice of Production, Record Doc. No. 6455, which states that it has produced certain Bates-stamped documents in response to plaintiff's First Sets of Requests for Production on common liability issues.  The United States asserts in its opposition memorandum that these documents included "the 17th St. canal dredging permit file," which are the only particular documents that plaintiffs mentioned in their motion to compel.  In addition, the court is aware that numerous materials responsive to some of these requests have been made available by the United States for inspection.  <u>See</u> CMO No. 4, Record Doc. No. 3299 at ¶ IV(A)(1)(C) p. 22 and ¶ IV(C)(2) p. 31.

After asserting multiple objections to every request for production, the United States responded to each one that it is searching for responsive documents and will

produce them in accordance with the document production protocol, Record Doc. Nos. 5240, 5368, after which plaintiffs may review the documents.  The motion is granted in part in that **IT IS ORDERED** that the United States must make good faith effort to accomplish this task in a thorough and timely manner.

The United States has objected to every Request for Production on the same three grounds:  (1) that the request is "vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence;" (2) "to the extent that it seeks documents protected by privilege;" and (3) "to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive," with the IPET website given as an example.

Plaintiffs' motion is granted in part in that these three objections are overruled as to all of the contested requests for production, <u>except</u> as follows.

First, as with its general objections, the United States has not sustained its burden to show that any of the requests are vague, ambiguous, overbroad or unduly burdensome. <u>McLeod, Alexander, Powel & Apffel, P.C.</u>, 894 F.2d at 1485.  I find that they are not. Thus, the first objection is overruled.

Defendant's third objection is sustained in part.  The court will require only that the United States produce those non-privileged responsive materials, if any, which have not previously been made available for inspection on its website and were prepared, authored, generated or maintained by the precise agency involved in this litigation, the Corps of Engineers.  The United States is <u>not</u> required to produce data prepared by other governmental agencies or other publicly available materials in response to these requests.

As to defendant's assertion of attorney-client privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3), the objection is overruled in part, but the remaining assertion of these objections must be addressed as provided in the court's previous orders.  <u>See</u> Record Doc. Nos. 5183 (privileges); 5240 (document production protocol).  These objections are overruled to the extent that many of plaintiffs' requests cannot conceivably implicate any privilege.  For example, Request for Production No. 1 seeks any manpower table or personnel list of persons who participated in the E-99 test section experiment on the Atchafalaya River, while Requests for Production Nos. 2 and 3 seek all engineering memoranda submitted by Modjeski and Masters and Eustis Engineering, respectively, regarding the 17th Street Canal dredging project.  Requests like these, and there are many more of them, for purely factual information, potential witness identification and

19

documents that were generated in the normal course of the Corps of Engineers' functions, cannot conceivably constitute attorney-client privileged communications or materials prepared in anticipation of litigation.  On the other hand, Request for Production No. 66, as one example, seeks transcripts and notes of eyewitness interviews, which may well be protected by Rule 26(b)(3).

Therefore, all non-privileged, non-work product and non-Rule 26(b)(3) materials responsive to all of the requests at issue, with the exceptions discussed below, must be produced in accordance with the document production protocol.  The United States must provide a new written response to all requests for production without objection, except on the grounds of attorney-client privilege, work product doctrine and Rule 26(b)(3), clearly stating that it will produce the responsive documents in accordance with the document production protocol.  The United States may continue to assert its attorney-client privilege, work product doctrine and Rule 26(b)(3) objections only <u>when reasonable inquiry indicates that these grounds are or may be applicable</u> to particular requests.

In addition, at this time, these objections of the United States are unsubstantiated. It is not established that the requested materials are protected from discovery as a matter

of law.  The party resisting discovery by asserting any privilege bears the burden of proof

sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion

of privilege.  <u>High Tech Commc'ns, Inc. v. Panasonic Co.</u>, No. 94-1447, 1995 WL 45847,

at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing <u>Hodges, Grant & Kaufman v. United

States</u>, 768 F.2d 719, 721 (5th Cir. 1985)); <u>In re Shell Oil Ref.</u>, 812 F. Supp. 658, 661

(E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the
> requisite information about the allegedly privileged document provided to
> the opponent, <u>the proponent must substantiate all actual assertions</u> about
> the claim.   This is usually done through <u>supporting affidavits from
> individuals with personal knowledge of the relevant facts, exhibits attached
> to the motion and briefs</u>, discovery responses, pleadings and other
> undisputed facts. . . .   To the extent that <u>evidentiary support for the factual
> basis of the privilege is not forthcoming</u>, the claim is little more than a bald,
> conclusory, or ipse dixit assertion.  The court will deny such an assertion
> because it forecloses meaningful independent inquiry by the finder of facts
> (the judge) into the validity of the claim. . . .   Although an attorney's word
> may be "taken on its face," a privilege claim is not self-executing.   It
> requires more proof than a conclusion by the party asserting the claim (or
> his attorney) that it is justified.

P. Rice, <u>Attorney-Client Privilege in the United States</u> § 11:10 at 977-80 (Lawyers

Cooperative 1993) (emphasis added).

Thus, these objections of the United States may be sustained only if the objections

are both properly asserted and the facts supporting them are established by evidence.

First, the party who asserts privilege and/or work product objections to a request for production must comply with Fed. R. Civ. P. 26(b)(5).  The materials provided to me in connection with this motion do not include the required privilege log.  Second, despite the fact that defendant bears the burden of proof on this claim, defendant has submitted no evidence of any kind, by affidavit, deposition testimony or otherwise, that might establish that the requested information is privileged in any way.  The mere assertion of a lawyer in defendant's opposition memorandum or in the responses that the materials are privileged or protected by the work product doctrine is not evidence sufficient to bear the burden.

Assuming that the United States can support its objections that the requested materials are Rule 26(b)(3) materials, work product or privileged in some way, plaintiffs may still obtain discovery of such materials.  If the United States carries its burden to show that the requested materials were created in anticipation of litigation or for trial, then the materials are protected from disclosure, unless plaintiffs meet their burden established in Fed. R. Civ. P. 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant,

22

surety, indemnitor, insurer, or agent) only upon a showing that the party
seeking discovery has substantial need of the materials in the preparation
of the party's case and that the party is unable without undue hardship to
obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Thus, plaintiffs may obtain the requested materials, even if they are protected as
a threshold matter, if they make the required showing. The document production
protocol permits the United States to produce all responsive documents for review by
plaintiffs, with a "clawback" procedure that allows the United States, post-production,
to assert a privilege for documents that the United States was unable to review for
privilege concerns before production. Record Doc. No. 5240; Record Doc. No. 5368-2,
at p. 6. The United States must designate privileged documents by filing a notice in the
record, after which the parties have 30 days to try to resolve the dispute. If they are
unable to do so, plaintiffs must then file a supplemental motion to compel. As the United
States compiles any list in the nature of a Rule 26(b)(5) log of responsive materials its
counsel knows are being withheld on these grounds, it must produce that list.

The court now turns to the few responses to plaintiffs' requests for production to
which the United States has asserted different objections than the three blanket objections
discussed above. Request for Production No. 39 seeks "all documents and things which

23

the Army Corps contends show or indicate affirmatively that the conduct of any [listed person or entity], through its violation of any federal or state law . . . or regulation was the legal cause, a contributing cause, or a proximate cause of any levee or flood wall overtopping or failure" of the listed canals.  The United States objects, in addition to its three blanket objections that have already been overruled, that the request "is directed at the liability of other entities which liability is in [sic] plaintiffs' burden, not defendants, to prove."  This objection is overruled.  The information sought is relevant, even material, to the claims or defenses of parties to this action and is therefore discoverable. However, if the United States does <u>not</u> "contend" that the conduct of any other entity violated a law or regulation and that such violation was a legal cause of any overtopping or levee breach, then the United States must clearly say so and state that it therefore has no responsive documents.  Thus, the motion is granted in that the United States must provide a clear, new written response to this request, without objection.

The only request for production as to which the United States did not make the three blanket objections is Request for Production No. 46.  As to that request, plaintiffs' motion is denied and defendant's objection is sustained.  The United States is not required to produce any interim or draft reports from its experts.  As provided in CMO No. 4,

24

"[d]rafts of expert reports shall not be discoverable or admissible for any purpose including impeachment."  Record Doc. No. 3299 at ¶ IV(E)(2) p. 37.

Except as otherwise provided above, plaintiffs' motion is denied and defendant's objection to Request for Production No. 47, which asks that the United States provide a privilege log, is sustained.  The United States has responded that it will produce a privilege log in accordance with the document production protocol and the clawback order.  It must do so as soon as practicable, and that response will be sufficient.

* * * * *

**IT IS FURTHER ORDERED** that all additional answers to interrogatories and all additional written responses to requests for production required herein must be provided to plaintiffs by the United States within ten (10) days of entry of this order.  The United States must continue its ongoing production efforts.  All responsive materials must be timely produced by the United States in accordance with the applicable

document production protocol and by the deadlines for completion of document

production established in CMO No. 4.

New Orleans, Louisiana, this <u>2nd</u> day of August, 2007.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

26