UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION NO. 05-4182 <br><br> JUDGE: DUVAL ("K") |
| PERTAINS TO: INSURANCE<br>*Sheryl and Kelvin Watts v. Allstate Insurance Company*, No. 07-3402 | * <br> * <br> * <br> * | MAGISTRATE: CHASEZ ("5") |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT

Allstate Insurance Company ("Allstate") respectfully submits this memorandum of law in support of its Motion to Enforce Settlement Agreement. As explained below, Allstate and plaintiffs Sheryl and Kelvin Watts ("plaintiffs") entered into a valid settlement to amicably resolve their claims asserted against Allstate arising out of Hurricane Katrina, but repeatedly have failed for many months to consummate the settlement. Allstate is entitled as a matter of law to an Order enforcing the settlement.

### BACKGROUND

Plaintiffs filed this lawsuit against Allstate for breach of contract arising from Allstate's alleged failure to pay them for damages sustained to their home as a result of Hurricane Katrina.

1

The parties disputed the amount of plaintiffs' claim and coverage for the claim under plaintiffs' homeowner policy with Allstate.

After several weeks of negotiations, plaintiffs and Allstate agreed in writing to settle their dispute on March 7, 2007. *See* Ex. A (Louisiana Hurricane Mediation Program Settlement Agreement) ("Settlement Agreement").[1] The plaintiffs signed a document acknowledging the settlement. *Id.* On March 19, 2007, counsel for Allstate sent plaintiffs' counsel a letter with a Receipt and Release Agreement and Motion to Dismiss. *See* Ex. B. This correspondence requested that plaintiffs file the Motion and sign and return the Agreement. *Id.* On March 23, 2007, Allstate issued three checks to plaintiffs totaling the amount stated in Exhibits A and B. *See* Ex. C. In the letter accompanying the checks, counsel for Allstate again requested that plaintiffs file the Motion to Dismiss and sign and return the Receipt and Release Agreement, both of which counsel for Allstate had provided to plaintiffs' counsel four days earlier. *Id.*

After receipt of the checks, plaintiffs took no subsequent action to file the Motion to Dismiss or to sign and return the Receipt and Release Agreement. On April 3, 2007, counsel for Allstate made another request of plaintiffs to complete the Receipt and Release Agreement and file the Motion to Dismiss, but received no response. *See* Ex. D. On May 17, 2007, counsel for Allstate made yet another request of plaintiffs, again with no response. *See* Ex. E. On July 2, 2007, counsel for Allstate requested that plaintiffs' counsel contact counsel for Allstate by July 6, and if he did not, Allstate would be forced to file a motion to enforce the settlement and seek all related costs and fees in connection with the filing of same. Ex. F. On July 6, counsel for Allstate sent plaintiffs' counsel a letter confirming their conversation of the same day in which

---

[1]   Allstate Insurance Company will file Exhibits A, B, and C under seal.

2

plaintiffs' counsel agreed to file the Motion to Dismiss and to have plaintiffs sign and return the Receipt and Release Agreement by the following week. *See* Ex. G. Neither action occurred.

Four months have elapsed since Allstate tendered payment to plaintiffs pursuant to the settlement, and Allstate consistently and in vain has requested that they abide by the settlement and dismiss their claims in this matter.

## LAW AND ARGUMENT

Allstate is entitled to an Order enforcing the settlement reached by the parties. Courts throughout the country, including the Fifth Circuit, have repeatedly held that "a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994); *see also CIA Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967) ("Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.").

Moreover, the Fifth Circuit has affirmed the enforcement of settlement agreements in circumstances similar to the instant case. In *Price v. Allstate Insurance Company*, for example, the plaintiffs filed a lawsuit against Allstate for refusing to provide coverage under their homeowner policy. *Price*, 190 Fed. Appx. 360, 361 (5th Cir. July 6, 2006). Counsel for Allstate and plaintiffs' counsel agreed to settle the dispute; however, when Allstate tendered payment, plaintiffs refused to sign the settlement agreement. *Id.* at 362. Allstate subsequently moved to enforce the agreement. *Id.* Though the plaintiffs argued that their counsel lacked authority to settle the case, the district court entered an order enforcing the agreement, citing "evidence of written communications between the [plaintiffs], their attorney, and Allstate's attorney discussing a settlement contingent upon a full and final settlement of all claims." *Id.*

3

In the instant case, plaintiffs and Allstate agreed to resolve their dispute for a certain amount, and Allstate tendered that amount. *See* Exs. A-C. In violation of the settlement, however, plaintiffs have never taken the requisite action to release their claims against Allstate. Plaintiffs simply have not fulfilled their obligations under the settlement.

Therefore, pursuant to law and in light of plaintiffs' continuing failure to release their claims against Allstate, Allstate is entitled to an Order enforcing the settlement between the parties, dismissing Allstate from the case with prejudice, and assessing all costs and fees against plaintiffs for the filing of this Motion.

## CONCLUSION

For the foregoing reasons, Allstate respectfully requests that this Court enter an Order enforcing the settlement between the parties, dismissing Allstate from the case with prejudice, and assessing all costs and fees against plaintiffs for the filing of this Motion.

Respectfully submitted,

_____
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
   Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2007, I electronically mailed the foregoing to opposing counsel of record as follows:

bfeingerts@aol.com

_____