UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
CONSOLIDATED LITIGATION
                                         NO. 05-4182 "K" (2)
PERTAINS TO:  MRGO


                                         JUDGE DUVAL
                                         MAG. WILKINSON

---

NON-PARTY ALLSTATE INSURANCE COMPANY'S
RESPONSES AND OBJECTIONS
TO WASHINGTON GROUP INTERNATIONAL, INC.'S
REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Non-party Allstate Insurance Company ("Allstate"), through its undersigned counsel,

hereby serves these Responses and Objections to Washington Group International, Inc.'s

Requests for Production of Documents (dated June 27, 2007) ("Requests") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

1.      Produce all documents that constitute, refer or relate to any Insurance
        Claim submitted to you by or on behalf of any Named Plaintiff for
        personal injury, property damage, or other loss occurring in the New
        Orleans Metropolitan Statistical Area on August 28, 2005 through
        September 30, 2005.

**RESPONSE TO REQUEST NO. 1**:

Allstate objects to this Request to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Allstate objects to this Request the extent it violates the Order of the Court on March 16,

2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been

ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this Request on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this Request as overly broad and unduly burdensome.

Allstate objects to this Request to the extent it seeks documents not in Allstate's possession, custody, or control.

Allstate objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 2 -

Allstate objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Allstate will not produce any such documents. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Allstate objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Subject to and without waiving the foregoing objections, Allstate responds as follows: Allstate will produce, if any, homeowner's claim files (subject to redaction for attorney-client privilege, work product protection, confidentiality, and/or any other kind of privilege, immunity, or protection) for named plaintiffs in the MRGO Master Consolidated Class Action Complaint who were insureds of Allstate and submitted claims to Allstate based on alleged damage resulting from Hurricane Katrina.

  2.  Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

Allstate objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this Request on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this Request as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this Request to the extent it seeks documents not in Allstate's possession, custody, or control.

Allstate objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable.  Allstate will not produce any such documents.  It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Allstate objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Allstate objects to this Request because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a request is overly broad, unduly

- 5 -

burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  Not only is this Request irrelevant, but it impinges on the privacy rights of Allstate's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

       3.       Produce documents that indicate the total number of Insurance Claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 3:**

Allstate objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this Request on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this Request as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this Request to the extent it seeks documents not in Allstate's possession, custody, or control.

Allstate objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Allstate will not produce any such documents. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

- 7 -

Allstate objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Subject to and without waiving the foregoing objections, Allstate refers Washington Group International, Inc., to any materials to be produced in response to Request No. 1.

4.      Produce documents that indicate the total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 4:**

Allstate objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this Request on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

- 8 -

Allstate objects to this Request as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this Request to the extent it seeks documents not in Allstate's possession, custody, or control.

Allstate objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Allstate will not produce any such documents. It is not

- 9 -

Allstate's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Allstate objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Subject to and without waiving the foregoing objections, Allstate refers Washington Group International, Inc., to any materials to be produced in response to Request No. 1.

     5.     Produce documents that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE TO REQUEST NO. 5:**

Allstate objects to this Request to the extent it seeks information that is publicly available through searches of court dockets.

Allstate objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this Request on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this Request as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records. Allstate does not maintain and cannot easily create the list that is subject to this Request, nor is it required to create documents to respond to this Request.

Allstate objects to this Request to the extent it seeks documents not in Allstate's possession, custody, or control.

Allstate objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Allstate will not produce any such documents. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Allstate objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Respectfully submitted,

Blaine C. Kimrey
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 876-8000
Fx: (312) 876-7934

Counsel for non-party Allstate Insurance Company

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2007, a copy of the foregoing document has

been served upon William D. Treeby, counsel for Washington Group International, Inc.;

Plaintiffs' Liaison Counsel; and Defendants' Liaison Counsel by email and Federal Express.

Blaine C. Kimrey

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
CONSOLIDATED LITIGATION
                                         NO. 05-4182 "K" (2)
PERTAINS TO:  MRGO

                                         JUDGE DUVAL
                                         MAG. WILKINSON

## FARMERS INSURANCE EXCHANGE'S RESPONSES AND OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Farmers Insurance Exchange ("Farmers"), through its undersigned counsel, hereby serves these Responses and Objections to Washington Group International, Inc.'s ("WGI's") Requests for Production of Documents (dated June 27, 2007) ("Requests").  Farmers objects to these requests in their entirety because Farmers is not a party to any case under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*.  Accordingly, the WGI request pursuant to Fed. Rule Civ. P. Rule 34 is improper and without force and effect.

In addition, no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers.  Accordingly, Farmers could have no information relevant to certification of the class in the MRGO umbrella.  Farmers further objects as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

1.  Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 1**:

Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI

in its document request, who have submitted a claim to Farmers; thus Farmers has no documents

responsive to this Request.  Farmers reserves all other objections to this Request.

> 2.   Produce all documents that constitute, refer or relate to any Insurance
> Claim submitted to you by or on behalf of any Former Named Plaintiff for
> personal injury, property damage, or other loss occurring in the New
> Orleans Metropolitan Statistical Area on August 28, 2005 through
> September 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI

in its document request, who have submitted a claim to Farmers; thus Farmers has no documents

responsive to this Request.  Farmers reserves all other objections to this Request.

> 3.   Produce documents that indicate the total number of Insurance Claims
> submitted to you by your policyholders for personal injury, property
> damage, or other loss that was allegedly due to wind, rain, fire, vandalism,
> or theft occurring in the New Orleans Metropolitan Statistical Area on
> August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 3:**

Farmers objects to this request because no current or former named plaintiff in the

MRGO class action, as identified by WGI in its document request, has or to our knowledge

purports to have submitted a claim to Farmers.  Thus, none of the information requested would

lead to the discovery of admissible or relevant evidence about certification of the MRGO class

which, to the best of Farmers' information and belief, contains no members that are Farmers'

insureds.

Farmers objects to this Request on the grounds that Farmers is not a party to any lawsuit

under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and,

as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this Request as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this Request to the extent it seeks documents not in Farmers' possession, custody, or control.

Farmers objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 3 -

Farmers objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Farmers will not produce any such documents. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Farmers objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

    4.      Produce documents that indicate the total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 4**:

Farmers objects to this request because no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge

- 4 -

purports to have submitted a claim to Farmers. Thus, none of the information requested would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this Request on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this Request as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this Request to the extent it seeks documents not in Farmers' possession, custody, or control.

Farmers objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly

- 5 -

burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable.  Farmers will not produce any such documents.  It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Farmers objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

- 6 -

Farmers objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

>   5.   Produce documents that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

## RESPONSE TO REQUEST NO. 5:

Farmers objects to this request because no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers. Thus, none of the information requested would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this Request on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers further objects to this Request to the extent it seeks information that is publicly available through searches of court dockets.

Farmers objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

- 7 -

Farmers objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this Request as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.  Farmers does not maintain and cannot easily create the list that is subject to this Request, nor is it required to create documents to respond to this Request.

Farmers objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 8 -

Farmers objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable.  Farmers will not produce any such documents.  It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Farmers objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

Respectfully submitted,

PHELPS DUNBAR, LLP

BY: /s/ Marshall M. Redmon _
Marshall M. Redmon (Bar  No. 18398)
Virginia Y. Trainor (Bar No. 25275)
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, LA 70802
Phone: (225) 346-0285
Fax: (225) 381-9197
e-mail: redmonm@phelps.com

AND

- 9 -

BR.514083.1

Of Counsel:

Andrew L. Sandler (admitted pro hac vice)
Amy Sabrin (admitted pro hac vice)
Victoria Holstein-Childress, Louisiana Bar
No. 28611
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Phone:  (202) 371-7000
Fax:  (202) 393-5760

**ATTORNEYS FOR FARMERS
INSURANCE EXCHANGE**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon

all counsel of record by electronic notice via the Court's CM/ECF System, and a copy served

upon William D. Treeby, counsel for Washington Group International, Inc. by Federal Express

on  this 27th day of July, 2007.

/s/ Marshall M. Redmon

- 10 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES      CIVIL ACTION
CONSOLIDATED LITIGATION

                              NO. 05-4182 "K" (2)

PERTAINS TO: MRGO

                              JUDGE DUVAL
                              MAG. WILKINSON

---

## LIBERTY MUTUAL'S RESPONSES AND OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company

(collectively "Liberty Mutual'), through its undersigned counsel, hereby serves these Responses

and Objections to Washington Group International, Inc.'s Requests for Production of Documents

(dated June 27, 2007) ("Requests") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

1.      Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 1**:

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had

been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this Request on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this Request as overly broad and unduly burdensome.

Liberty Mutual objects to this Request to the extent it seeks documents not in Liberty Mutual's possession, custody, or control.

Liberty Mutual objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 2 -

Liberty Mutual objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Liberty Mutual will not produce any such documents. It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Liberty Mutual objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Subject to and without waiving the foregoing objections, Liberty Mutual responds as follows: Liberty Mutual is in the process of producing the homeowner's claim file (subject to redaction for attorney-client privilege, work product protection, confidentiality, and/or any other kind of privilege, immunity, or protection) for named plaintiffs in the MRGO Master Consolidated Class Action Complaint who were insureds of Liberty Mutual and submitted claims to Liberty Mutual based on alleged damage resulting from Hurricane Katrina. Undersigned counsel will contact Washington Group's counsel when these documents are ready for production.

89770

2. Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues— that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this Request on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this Request as overly broad and unduly burdensome to the extent that it requires Liberty Mutual to conduct a file-by-file review of its records.

Liberty Mutual objects to this Request to the extent it seeks documents not in Liberty Mutual's possession, custody, or control.

Liberty Mutual objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is

- 4 -

89770

overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense

of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to

adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly

burdensome, and seeks documents that are not relevant to the claim or defense of any party and

is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to any

type of insurance policy or claim that is not a type of policy or claim specifically at issue in the

MRGO Master Consolidated Class Action Complaint because such a request is overly broad,

unduly burdensome, and seeks documents that are not relevant to the claim or defense of any

party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent that it may be construed as calling for

documents that are subject to a claim of privilege or other protective doctrine, including, without

limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation

doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege,

rule of confidentiality, protection or restriction recognized by federal law that makes such

documents otherwise discoverable.  Liberty Mutual will not produce any such documents.  It is

not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or

protected document is produced, that production is inadvertent.

Liberty Mutual objects to this Request to the extent it seeks documents addressing events

in areas outside the geographic scope of the MRGO Master Consolidated Class Action

Complaint.

89770

Liberty Mutual objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Liberty Mutual objects to this Request because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Not only is this Request irrelevant, but it impinges on the privacy rights of Liberty Mutual's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

      3.      Produce documents that indicate the total number of Insurance Claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 3:**

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this Request on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated*

- 6 -

*Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this Request as overly broad and unduly burdensome to the extent that it requires Liberty Mutual to conduct a file-by-file review of its records.

Liberty Mutual objects to this Request to the extent it seeks documents not in Liberty Mutual's possession, custody, or control.

Liberty Mutual objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege,

- 7 -

rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Liberty Mutual will not produce any such documents. It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Liberty Mutual objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Subject to and without waiving the foregoing objections, Liberty Mutual refers Washington Group International, Inc., to materials produced in response to Request No. 1.

4.     Produce documents that indicate the total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 4:**

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues— that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

- 8 -

Liberty Mutual objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this Request on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this Request as overly broad and unduly burdensome to the extent that it requires Liberty Mutual to conduct a file-by-file review of its records.

Liberty Mutual objects to this Request to the extent it seeks documents not in Liberty Mutual's possession, custody, or control.

Liberty Mutual objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 9 -

89770

Liberty Mutual objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable.  Liberty Mutual will not produce any such documents.  It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Liberty Mutual objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Subject to and without waiving the foregoing objections, Liberty Mutual refers Washington Group International, Inc., to materials produced in response to Request No. 1.

> 5.      Produce documents that either (1) list the Lawsuits filed against you by
>         your policyholders involving insurance coverage for losses allegedly due
>         to wind, rain, fire, vandalism, or theft occurring in the New Orleans
>         Metropolitan Statistical Area on August 28, 2005 through September 30,
>         2005, or (2) reflect the number of such Lawsuits.

## RESPONSE TO REQUEST NO. 5:

Liberty Mutual objects to this Request to the extent it seeks information that is publicly available through searches of court dockets.

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

- 10 -

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—
that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this Request to the extent it violates the Order of the Court on
March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had
been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this Request to the extent it violates CMO No. 4, which has no
mechanism for the instant discovery.

Liberty Mutual objects to this Request on the grounds that Liberty Mutual is not a party
to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated
Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate
in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this Request as overly broad and unduly burdensome to the
extent that it requires Liberty Mutual to conduct a file-by-file review of its records.  Liberty
Mutual does not maintain and cannot easily create the list that is subject to this Request, nor is it
required to create documents to respond to this Request.

Liberty Mutual objects to this Request to the extent it seeks documents not in Liberty
Mutual's possession, custody, or control.

Liberty Mutual objects to this Request to the extent it is not limited to the time frame
relevant to the MRGO Master Consolidated Class Action Complaint.  Such a request is
overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense
of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to
adjustment of claims unrelated to Hurricane Katrina.  Such a request is overly broad, unduly

- 11 -

89770

burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable.  Liberty Mutual will not produce any such documents.  It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Liberty Mutual objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

89770

Liberty Mutual objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Respectfully Submitted,

Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Susan M. Rogge, 28203
Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Liberty Mutual Fire
  Insurance Company and Liberty Mutual
  Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2007, a copy of the foregoing document has been served upon William D. Treeby, counsel for Washington Group International, Inc. by hand delivery.

- 13 -

89770

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K" (2) |
| PERTAINS TO:  MRGO | * | |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

### THE STANDARD FIRE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

The Standard Fire Insurance Company ("Standard Fire"), through its undersigned

counsel, hereby serves these Responses and Objections to Washington Group International,

Inc.'s Requests for Production of Documents (dated June 27, 2007) ("Requests") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

1.	Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 1**:

Standard Fire objects to this Request to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

-1-

Standard Fire objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this Request on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation,* and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this Request as overly broad and unduly burdensome.

Standard Fire objects to this Request to the extent it seeks documents not in Standard Fire's possession, custody, or control.

Standard Fire objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad,

-2-

unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise non-discoverable. Standard Fire will not produce any such documents. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Standard Fire objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Subject to and without waiving the foregoing objections, Standard Fire responds as follows: Standard Fire will produce homeowners' claim files (subject to redaction for attorney-client privilege, work product protection, confidentiality, and/or any other kind of privilege, immunity, or protection) for named plaintiffs in the MRGO Master Consolidated Class Action Complaint who were insureds of Standard Fire and submitted claims to Standard Fire based on alleged damage resulting from Hurricane Katrina.

-3-

2.      Produce all documents that constitute, refer or relate to any Insurance
        Claim submitted to you by or on behalf of any Former Named Plaintiff for
        personal injury, property damage, or other loss occurring in the New
        Orleans Metropolitan Statistical Area on August 28, 2005 through
        September 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

Standard Fire objects to this Request to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this Request the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had

been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this Request to the extent it violates CMO No. 4, which has no

mechanism for the instant discovery.

Standard Fire objects to this Request on the grounds that Standard Fire is not a party to

any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated*

*Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate

in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this Request as overly broad and unduly burdensome.

Standard Fire objects to this Request to the extent it seeks documents not in Standard

Fire's possession, custody, or control.

Standard Fire objects to this Request to the extent it is not limited to the time frame

relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is

-4-

overbroad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise non-discoverable. Standard Fire will not produce any such documents. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Standard Fire objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

-5-

Standard Fire objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Standard Fire objects to this Request because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Not only is this Request irrelevant, but it impinges on the privacy rights of Standard Fire's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

3.      Produce documents that indicate the total number of Insurance Claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 3:**

Standard Fire objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this Request on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this Request as overly broad and unduly burdensome to the extent that it requires Standard Fire to conduct a file-by-file review of its records.

Standard Fire objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege,

-7-

rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise non-discoverable. Standard Fire will not produce any such documents. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Standard Fire objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Subject to and without waiving the foregoing objections, Standard Fire refers Washington Group International, Inc., to materials produced in response to Request No. 1.

> 4.    Produce documents that indicate the total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 4:**

Standard Fire objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this Request on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this Request as overly broad and unduly burdensome to the extent that it requires Standard Fire to conduct a file-by-file review of its records.

Standard Fire objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without

-9-

limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation

doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege,

rule of confidentiality, protection or restriction recognized by federal law that makes such

documents otherwise non-discoverable.  Standard Fire will not produce any such documents.  It

is not Standard Fire's intention to waive any privileges, and to the extent any privileged or

protected document is produced, that production is inadvertent.

Standard Fire objects to this Request to the extent it seeks documents addressing events

in areas outside the geographic scope of the MRGO Master Consolidated Class Action

Complaint.

Standard Fire objects to this Request to the extent it seeks documents containing or

constituting trade secrets or other confidential or proprietary information of Standard Fire and/or

third parties.

Subject to and without waiving the foregoing objections, Standard Fire refers Washington

Group International, Inc., to materials produced in response to Request No. 1.

    5.    Produce documents that either (1) list the Lawsuits filed against you by
          your policyholders involving insurance coverage for losses allegedly due
          to wind, rain, fire, vandalism, or theft occurring in the New Orleans
          Metropolitan Statistical Area on August 28, 2005 through September 30,
          2005, or (2) reflect the number of such Lawsuits.

## RESPONSE TO REQUEST NO. 5:

Standard Fire objects to this Request to the extent it seeks information that is publicly

available through searches of court dockets.

Standard Fire objects to this Request to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—
that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this Request the extent it violates the Order of the Court on
March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had
been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this Request to the extent it violates CMO No. 4, which has no
mechanism for the instant discovery.

Standard Fire objects to this Request on the grounds that Standard Fire is not a party to
any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated
Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate
in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this Request as overly broad and unduly burdensome to the
extent that it requires Standard Fire to conduct a file-by-file review of its records. Standard Fire
does not maintain and cannot easily create the list that is subject to this Request, nor is it required
to create documents to respond to this Request.

Standard Fire objects to this Request to the extent it seeks documents not in Standard
Fire's possession, custody, or control.

Standard Fire objects to this Request to the extent it is not limited to the time frame
relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is
overbroad, unduly burdensome, seeks documents that are not relevant to the claim or defense of
any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to
adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise non-discoverable.  Standard Fire will not produce any such documents.  It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

Standard Fire objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

12

Respectfully submitted,

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8200
Facsimile:     (860) 275-8299

RALPH S. HUBBARD, III, T.A., La. Bar. # 7040
SETH A. SCHMEECKLE, La. Bar #27076
LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990

Attorneys for The Standard Fire Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2007, a copy of the foregoing document has

been served upon William D. Treeby, counsel for Washington Group International, Inc., and

Joseph M. Bruno, Plaintiffs' Liaison Counsel, by first-class mail, postage prepaid.

Seth A. Schmeeckle

-13-