UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO. 05-4182 "K" (2)
PERTAINS TO:  MRGO

                                       JUDGE DUVAL
                                       MAG. WILKINSON

## NON-PARTY ALLSTATE INSURANCE COMPANY'S OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S NOTICE OF 30(B)(6) DEPOSITION

Non-party Allstate Insurance Company ("Allstate"), through its undersigned counsel, hereby serves these Objections to Washington Group International, Inc.'s Notice of 30(b)(6) Deposition (dated June 27, 2007) as follows:

### PRELIMINARY STATEMENT

In light of the following objections, Allstate does not intend to produce a witness to sit for deposition per the notice.  Moreover, Allstate objects to the fact that the notice provides for the deposition to occur at the offices of Stone Pigman Walther Wittman, L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130.

### SPECIFIC OBJECTIONS

1.      Any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines

established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this topic to the extent it seeks information not in Allstate's possession, custody, or control.

Allstate objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Allstate will not produce any such information.  It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Allstate objects to this topic to the extent it is not sufficiently specific to provide Allstate adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

2.    Any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE**:

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this topic to the extent it seeks information not in Allstate's possession, custody, or control.

Allstate objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and

seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. Allstate will not produce any such information. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Allstate objects to this topic because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Not only is this topic

- 5 -

irrelevant, but it impinges on the privacy rights of Allstate's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

Allstate objects to this topic to the extent it is not sufficiently specific to provide Allstate adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

3.      The total number of Insurance claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005

**RESPONSE:**

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this topic to the extent it seeks information not in Allstate's possession, custody, or control.

Allstate objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Allstate will not produce any such information.  It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

4.     The total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

- 8 -

Allstate objects to this topic to the extent it seeks information not in Allstate's possession, custody, or control.

Allstate objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Allstate will not produce any such information. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

> 5.   Any lists of lawsuits that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area from August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE**:

Allstate objects to this topic to the extent it seeks information that is publicly available through searches of court dockets.

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.  Allstate does not maintain and cannot easily create the list that is the subject of this Request, nor is it required to create documents to respond to this Request.

Allstate objects to this topic to the extent it seeks information not in Allstate's possession, custody, or control.

Allstate objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege,

- 11 -

rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Allstate will not produce any such information.  It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

6.      Whether Allstate has any documents responsive to the requests in
        Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to
        Allstate that would break out the requested information by geographical
        subgroups within the New Orleans Metropolitan Statistical Area.

**RESPONSE:**

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and,

as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this topic to the extent it seeks information not in Allstate's possession, custody, or control.

Allstate objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.  Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege,

rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Allstate will not produce any such information.  It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Allstate objects to this topic to the extent that the term "geographical subgroups" is vague and ambiguous.

Allstate objects to this topic to the extent it is not sufficiently specific to provide Allstate adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

7.      The factual basis underlying your statement — in the 2006 Allstate Corporate Social Responsibility Report, available on your website — that "more than 98% of claims resulting from Hurricane Katrina have been settled."

**RESPONSE:**

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

- 14 -

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Allstate will not produce any such information. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

      8.      The authentication and organization of all documents produced pursuant to the request for documents under Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Allstate Insurance Company and the manner in which the documents and information contained therein were recorded and kept, and your regular practices to make and keep such documents or information.

**RESPONSE:**

Allstate objects to this topic to the extent that Washington Group International, Inc. did not make a request for production of documents under its Fed. R. Civ. P. 30(b)(6) notice, and, if it had, such a Fed. R. Civ. P. 30(b)(5) request for production of documents would have violated CMO No. 4.

Allstate objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Allstate objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Allstate objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Allstate objects to this topic on the grounds that Allstate is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Allstate is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Allstate objects to this topic as overly broad and unduly burdensome to the extent that it requires Allstate to conduct a file-by-file review of its records.

Allstate objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Allstate will not produce any such information.  It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Allstate objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Allstate and/or third parties.

Respectfully submitted,

Blaine C. Kimrey
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 876-8000
Fx: (312) 876-7934

Counsel for non-party Allstate Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2007, a copy of the foregoing document has

been served upon William D. Treeby, counsel for Washington Group International, Inc.;

Plaintiffs' Liaison Counsel; and Defendants' Liaison Counsel by email and Federal Express.

Blaine C. Kimrey

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES             CIVIL ACTION
CONSOLIDATED LITIGATION
                                          NO. 05-4182 "K" (2)
PERTAINS TO:  MRGO

                                          JUDGE DUVAL
                                          MAG. WILKINSON

FARMERS INSURANCE EXCHANGE'S  OBJECTIONS TO WASHINGTON GROUP
INTERNATIONAL, INC.'S NOTICE OF 30(B)(6) DEPOSITION

Farmers Insurance Exchange ("Farmers"), through its undersigned counsel, hereby serves these Objections to Washington Group International, Inc.'s ("WGI's") Notice of 30(b)(6) Deposition (dated June 27, 2007), as follows:

## PRELIMINARY STATEMENT

Farmers is not a party to any case under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*.  Accordingly, Farmers, as a third party in this matter, is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

In addition, no current or former named plaintiff in the MRGO class action, as identified by WGI in its document request, has or to our knowledge purports to have submitted a claim to Farmers.  Accordingly, Farmers could have no information that would lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

BR.514084.1

In light of these and the following objections, and as previously advised, Farmers does not intend to produce a witness to sit for deposition per the notice. Moreover, Farmers objects to the fact that the notice provides for the deposition to occur at the offices of Stone Pigman Walther Wittman, L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130.

Farmers further objects as follows:

## SPECIFIC OBJECTIONS

1.   Any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible evidence. Farmers further reserves all other objections to this topic.

2.   Any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible evidence. Farmers further reserves all other objections to this topic.

- 2 -

3.    The total number of Insurance claims submitted to you by your
policyholders for personal injury, property damage, or other loss that was
allegedly due to wind, rain, fire, vandalism, or theft occurring in the New
Orleans Metropolitan Statistical Area on August 28, 2005 through
September 30, 2005

**RESPONSE**:

Farmers objects to this topic because Farmers could identify no named plaintiffs in the

MRGO litigation, as identified by WGI in its document request, who have submitted a claim to

Farmers; and thus Farmers could have no information that is relevant to the claim or defense of

any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of

admissible or relevant evidence about certification of the MRGO class which, to the best of

Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit

under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and,

as a third party in this matter, Farmers is under no obligation to participate in this litigation

except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16,

2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines

established in CMO No. 4 are STAYED with respect to all common liability issues—that is

causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16,

2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been

ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no

mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint.   Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.   Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.   Farmers will not produce any such information.   It is not

- 4 -

Farmers intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

4.     The total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

- 5 -

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without

- 6 -

limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

5.   Any lists of lawsuits that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area from August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

- 7 -

BR.514084.1

Farmers objects to this topic to the extent it seeks information that is publicly available through searches of court dockets.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records. Farmers does not maintain and cannot easily create the list that is sought by this topic, nor is it required to create documents to respond to this topic.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and

BR.514084.1

seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Farmers will not produce any such information.  It is not Farmers' Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control. intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

> 6.    Whether Farmers has any documents responsive to the requests in Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Farmers that would break out the requested information by geographical subgroups within the New Orleans Metropolitan Statistical Area.

- 9 -

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information not in Farmers' possession, custody, or control.

- 10 -

Farmers objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

Farmers objects to this topic to the extent that the term "geographical subgroups" is vague and ambiguous.

> 7.      The factual basis underlying your statement — available on your
>         website—that "[a]s of [October 4, 2005], the Farmers Exchanges' [sic]
>         pre-tax losses after reinsurance are estimated between $200 and 220
>         million" as a result of Hurricane Katrina.

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

8.  The authentication and organization of all documents produced pursuant to the request for documents under Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Farmers Insurance Exchange and the manner in which the documents and information contained therein were recorded and kept, and your regular practices to make and keep such documents or information.

- 13 -

**RESPONSE:**

Farmers objects to this topic because Farmers could identify no named plaintiffs in the MRGO litigation, as identified by WGI in its document request, who have submitted a claim to Farmers; and thus Farmers could have no information that is relevant to the claim or defense of any party. Accordingly, this topic also is not reasonably calculated to lead to the discovery of admissible or relevant evidence about certification of the MRGO class which, to the best of Farmers' information and belief, contains no members that are Farmers' insureds.

Farmers objects to this topic on the grounds that Farmers is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Farmers is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Farmers objects to this topic to the extent that Washington Group International, Inc. did not make a request for production of documents under its Fed. R. Civ. P. 30(b)(6) notice, and, if it had, such a Fed. R. Civ. P. 30(b)(5) request for production of documents would have violated CMO No. 4.

Farmers objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Farmers objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Farmers objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

- 14 -

Farmers objects to this topic as overly broad and unduly burdensome to the extent that it requires Farmers to conduct a file-by-file review of its records.

Farmers objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Farmers will not produce any such information. It is not Farmers' intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Farmers objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Farmers and/or third parties.

Respectfully submitted,

PHELPS DUNBAR, LLP

BY: /s/ Marshall M. Redmon
Marshall M. Redmon (Bar No. 18398)
Virginia Y. Trainor (Bar No. 25275)
City Plaza, 445 North Boulevard, Suite 701
Baton Rouge, LA 70802
Phone: (225) 346-0285
Fax: (225) 381-9197
e-mail: redmonm@phelps.com

AND

Of Counsel:

Andrew L. Sandler (admitted pro hac vice)
Amy Sabrin (admitted pro hac vice)
Victoria Holstein-Childress, Louisiana Bar
No. 28611
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Phone: (202) 371-7000
Fax: (202) 393-5760

**ATTORNEYS FOR FARMERS
INSURANCE EXCHANGE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon

all counsel of record by electronic notice via the Court's CM/ECF System, and a copy served

upon William D. Treeby, counsel for Washington Group International, Inc. by Federal Express

on this 26th day of July, 2007.

/s/ Marshall M. Redmon

- 16 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182 "K" (2)

PERTAINS TO:  MRGO

JUDGE DUVAL
MAG. WILKINSON

---

**LIBERTY MUTUAL'S OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL,
INC.'S NOTICE OF 30(B)(6) DEPOSITION**

---

Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company

(collectively "Liberty Mutual"), through its undersigned counsel, hereby serves these Objections

to Washington Group International, Inc.'s Notice of 30(b)(6) Deposition (dated June 27, 2007) as

follows:

### PRELIMINARY STATEMENT

In light of the following objections, Liberty Mutual does not intend to produce a witness

to sit for deposition per the notice.  Moreover, Liberty Mutual objects to the fact the notice

provides for the deposition to occur at the offices of Stone Pigman Walther Wittman, L.L.C., 546

Carondelet Street, New Orleans, Louisiana 70130.

### SPECIFIC OBJECTIONS

1.      Any Insurance Claim submitted to you by or on behalf of any Named
        Plaintiff for personal injury, property damage, or other loss occurring in
        the New Orleans Metropolitan Statistical Area on August 28, 2005
        through September 30, 2005.

**RESPONSE:**

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

- 1 -

89767

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had

been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no

mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to

any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated*

*Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate

in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

Liberty Mutual objects to this topic to the extent it seeks information not in Liberty

Mutual's possession, custody, or control.

Liberty Mutual objects to this topic to the extent it is not limited to the time frame

relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad,

unduly burdensome, and seeks information that is not relevant to the claim or defense of any

party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to

adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly

burdensome, and seeks information that is not relevant to the claim or defense of any party and is

not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to any type

of insurance policy or claim that is not a type of policy or claim specifically at issue in the

- 2 -

89767

MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Liberty Mutual will not produce any such information. It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it is not sufficiently specific to provide Liberty Mutual adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

2.   Any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

- 3 -

89767

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

Liberty Mutual objects to this topic to the extent it seeks information not in Liberty Mutual's possession, custody, or control.

Liberty Mutual objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the

- 4 -

89767

MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable.  Liberty Mutual will not produce any such information.  It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Liberty Mutual objects to this topic because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  Not only is this topic irrelevant, but it impinges on the privacy rights of Liberty Mutual's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

Liberty Mutual objects to this topic to the extent it is not sufficiently specific to provide Liberty Mutual adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

89767

3.    The total number of Insurance claims submitted to you by your
policyholders for personal injury, property damage, or other loss that was
allegedly due to wind, rain, fire, vandalism, or theft occurring in the New
Orleans Metropolitan Statistical Area on August 28, 2005 through
September 30, 2005

**RESPONSE:**

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on
March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of
deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—
that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on
March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had
been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no
mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to
any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated
Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate
in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

Liberty Mutual objects to this topic to the extent it seeks information not in Liberty
Mutual's possession, custody, or control.

Liberty Mutual objects to this topic to the extent it is not limited to the time frame
relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad,
unduly burdensome, and seeks information that is not relevant to the claim or defense of any
party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 6 -

Liberty Mutual objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Liberty Mutual will not produce any such information.  It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

- 7 -

89767

4.      The total amount of money that you have paid to your policyholders for
personal injury, property damage, or other loss that was allegedly due to
wind, rain, fire, vandalism, or theft occurring in the New Orleans
Metropolitan Statistical Area on August 28, 2005 through September 30,
2005.

**RESPONSE:**

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had

been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no

mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to

any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated

Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate

in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

Liberty Mutual objects to this topic to the extent it seeks information not in Liberty

Mutual's possession, custody, or control.

Liberty Mutual objects to this topic to the extent it is not limited to the time frame

relevant to the MRGO Master Consolidated Class Action Complaint.  Such a topic is overbroad,

unduly burdensome, and seeks information that is not relevant to the claim or defense of any

party and is not reasonably calculated to lead to the discovery of admissible evidence.

89767

Liberty Mutual objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Liberty Mutual will not produce any such information.  It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

- 9 -

89767

5.      Any lists of lawsuits that either (1) list the Lawsuits filed against you by
        your policyholders involving insurance coverage for losses allegedly due
        to wind, rain, fire, vandalism, or theft occurring in the New Orleans
        Metropolitan Statistical Area from August 28, 2005 through
        September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE:**

Liberty Mutual objects to this topic to the extent it seeks information that is publicly

available through searches of court dockets.

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had

been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no

mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to

any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated*

*Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate

in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.  Liberty

Mutual does not maintain and cannot easily create the list that is the subject of this Request, nor

is it required to create documents to respond to this Request.

Liberty Mutual objects to this topic to the extent it seeks information not in Liberty

Mutual's possession, custody, or control.

89767

Liberty Mutual objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Liberty Mutual will not produce any such information. It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

- 11 -

89767

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

> 6.    Whether Liberty Mutual has any documents responsive to the requests in Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Liberty Mutual that would break out the requested information by geographical subgroups within the New Orleans Metropolitan Statistical Area.

**RESPONSE:**

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

Liberty Mutual objects to this topic to the extent it seeks information not in Liberty Mutual's possession, custody, or control.

89767

Liberty Mutual objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overbroad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Liberty Mutual will not produce any such information. It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it is not sufficiently specific to provide Liberty Mutual adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

- 13 -

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Liberty Mutual objects to this topic to the extent that the term "geographical subgroups" is vague and ambiguous.

7. The factual basis underlying your statement — in your document "Liberty Mutual Group Reports Third Quarter 2005 Results," available on your website — that the "[r]esults in both periods include '$658 million of after-tax catastrophes losses related to Hurricanes Katrina and Rita."

**RESPONSE**:

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues— that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

- 14 -

89767

Liberty Mutual objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable. Liberty Mutual will not produce any such information. It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Liberty Mutual objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

8.   The authentication and organization of all documents produced pursuant to the request for documents under Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to Allstate Insurance Company and the manner in which the documents and information contained therein were recorded and kept, and your regular practices to make and keep such documents or information.

**RESPONSE:**

Liberty Mutual objects to this topic to the extent that Washington Group International, Inc. did not make a request for production of documents under its Fed. R. Civ. P. 30(b)(6) notice,

- 15 -

89767

and, if it had, such a Fed. R. Civ. P. 30(b)(5) request for production of documents would have violated CMO No. 4.

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Liberty Mutual objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Liberty Mutual objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Liberty Mutual objects to this topic on the grounds that Liberty Mutual is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Liberty Mutual is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Liberty Mutual objects to this topic as overly broad and unduly burdensome.

Liberty Mutual objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise discoverable.  Liberty Mutual will not produce any such information.  It is not Liberty Mutual's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

- 16 -

Liberty Mutual objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Liberty Mutual and/or third parties.

Respectfully Submitted,

Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Susan M. Rogge, 28203
Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Liberty Mutual Fire
 Insurance Company and Liberty Mutual
 Insurance Company

- 17 -

89767

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2007, a copy of the foregoing document has been served upon William D. Treeby, counsel for Washington Group International, Inc. by hand delivery.

_____

89767

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K" (2) |
| PERTAINS TO:  MRGO | * | |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * *

## THE STANDARD FIRE INSURANCE COMPANY'S OBJECTIONS TO WASHINGTON GROUP INTERNATIONAL, INC.'S NOTICE OF 30(B)(6) DEPOSITION

The Standard Fire Insurance Company ("Standard Fire"), through its undersigned

counsel, hereby serves these Objections to Washington Group International, Inc.'s Notice of

30(b)(6) Deposition (dated June 27, 2007) as follows:

## PRELIMINARY STATEMENT

In light of the following objections, Standard Fire does not intend to produce a witness to

sit for deposition per the notice.  Moreover, Standard Fire objects to the fact that the notice

provides for the deposition to occur at the offices of Stone Pigman Walther Wittman, L.L.C., 546

Carondelet Street, New Orleans, Louisiana 70130.

## SPECIFIC OBJECTIONS

1.    Any Insurance Claim submitted to you by or on behalf of any Named
      Plaintiff for personal injury, property damage, or other loss occurring in
      the New Orleans Metropolitan Statistical Area on August 28, 2005
      through September 30, 2005.

**RESPONSE:**

Standard Fire objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

-1-

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome.

Standard Fire objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly

-2-

burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable. Standard Fire will not produce any such information. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Standard Fire objects to this topic to the extent it is not sufficiently specific to provide adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

> 2.      Any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Standard Fire objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

-3-

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—
that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March
16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been
ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no
mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any
lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated
Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate
in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome.

Standard Fire objects to this topic to the extent it is not limited to the time frame relevant
to the MRGO Master Consolidated Class Action Complaint. Such a topic is overly broad,
unduly burdensome, and seeks information that is not relevant to the claim or defense of any
party and not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to adjustment
of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and
seeks information that is not relevant to the claim or defense of any party and not reasonably
calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to any type of
insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO
Master Consolidated Class Action Complaint because such a topic is overly broad, unduly

-4-

burdensome, and seeks information which is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable. Standard Fire will not produce any such information. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Standard Fire objects to this topic because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Not only is this topic irrelevant, but it impinges on the privacy rights of Standard Fire's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

Standard Fire objects to this topic to the extent it is not sufficiently specific to provide adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

3.      The total number of Insurance claims submitted to you by your
        policyholders for personal injury, property damage, or other loss that was
        allegedly due to wind, rain, fire, vandalism, or theft occurring in the New
        Orleans Metropolitan Statistical Area on August 28, 2005 through
        September 30, 2005

**RESPONSE:**

Standard Fire objects to this topic to the extent it violates the Order of the Court on

March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—

that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March

16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been

ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no

mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any

lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated*

*Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate

in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome to the extent

that it requires Standard Fire to conduct a file-by-file review of its records.

Standard Fire objects to this topic to the extent it is not limited to the time frame relevant

to the MRGO Master Consolidated Class Action Complaint.  Such a topic is overly broad,

unduly burdensome, and seeks information that is not relevant to the claim or defense of any

party and is not reasonably calculated to lead to the discovery of admissible evidence.

-6-

Standard Fire objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable.  Standard Fire will not produce any such information. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

4.     The total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE:**

Standard Fire objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome to the extent that it requires Standard Fire to conduct a file-by-file review of its records.

Standard Fire objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

-8-

Standard Fire objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina.  Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable.  Standard Fire will not produce any such information. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

5.      Any lists of lawsuits that either (1) list the Lawsuits filed against you by
        your policyholders involving insurance coverage for losses allegedly due
        to wind, rain, fire, vandalism, or theft occurring in the New Orleans
        Metropolitan Statistical Area from August 28, 2005 through
        September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE:**

Standard Fire objects to this topic to the extent it seeks information that is publicly available through searches of court dockets.

Standard Fire objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues— that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome to the extent that it requires Standard Fire to conduct a file-by-file review of its records.  Standard Fire does not maintain and cannot easily create the list that is the subject of this Request, nor is it required to create documents to respond to this Request.

Standard Fire objects to this topic to the extent it seeks information not in Standard Fire's possession, custody, or control.

Standard Fire objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable. Standard Fire will not produce any such information. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

      6.      Whether The Standard Fire Insurance Company has any documents responsive to the requests in Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to The Standard Fire Insurance Company that would break out the requested information by geographical subgroups within the New Orleans Metropolitan Statistical Area.

**RESPONSE:**

Standard Fire objects to this topic to the extent that Washington Group International, Inc. did not make a request for production of documents under its Fed. R. Civ. P. 30(b)(6) notice, and, if it had, such a Fed. R. Civ. P. 30(b)(5) request for production of documents would have violated CMO No. 4.

Standard Fire objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues— that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated*

*Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome to the extent that it requires Standard Fire to conduct a file-by-file review of its records.

Standard Fire objects to this topic to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to adjustment of claims unrelated to Hurricane Katrina. Such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent it seeks information relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a topic is overly broad, unduly burdensome, and seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable. Standard Fire will not produce any such information.

It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Standard Fire objects to this topic to the extent that the term "geographical subgroups" is vague and ambiguous.

Standard Fire objects to this topic to the extent it is not sufficiently specific to provide adequate notice for preparation of any Fed. R. Civ. P. 30(b)(6) witnesses.

> 7.   The authentication and organization of all documents produced pursuant to the request for documents under Washington Group International, Inc.'s Notice of 30(b)(6) Deposition to The Standard Fire Insurance Company and the manner in which the documents and information contained therein were recorded and kept, and your regular practices to make and keep such documents or information.

**RESPONSE:**

Standard Fire objects to this topic to the extent that Washington Group International, Inc. did not make a request for production of documents under its Fed. R. Civ. P. 30(b)(6) notice, and, if it had, such a Fed. R. Civ. P. 30(b)(5) request for production of documents would have violated CMO No. 4.

Standard Fire objects to this topic to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues— that is causation of the levee breaches—and class certification issues."

Standard Fire objects to this topic the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

Standard Fire objects to this topic to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

Standard Fire objects to this topic on the grounds that Standard Fire is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, Standard Fire is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

Standard Fire objects to this topic as overly broad and unduly burdensome to the extent that it requires Standard Fire to conduct a file-by-file review of its records.

Standard Fire objects to this topic to the extent that it may be construed as calling for information that is subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such information otherwise non-discoverable. Standard Fire will not produce any such information. It is not Standard Fire's intention to waive any privileges, and to the extent any privileged or protected information is disclosed, that disclosure is inadvertent.

Standard Fire objects to this topic to the extent it seeks information containing or constituting trade secrets or other confidential or proprietary information of Standard Fire and/or third parties.

Respectfully submitted,

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8200
Facsimile:     (860) 275-8299

RALPH S. HUBBARD, III, T.A., La. Bar. # 7040
SETH A. SCHMEECKLE, La. Bar #27076
LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990

Attorneys for The Standard Fire Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2007, a copy of the foregoing document has

been served upon William D. Treeby, counsel for Washington Group International, Inc., and

Joseph M. Bruno, Plaintiffs' Liaison Counsel, by first-class mail, postage prepaid.

Seth A. Schmeeckle