UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO: MRGO

CIVIL ACTION

NO. 05-4182 "K" (2)

JUDGE DUVAL
MAG. WILKINSON

## STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANT UNITED STATES' REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant State Farm Fire and Casualty Company ("State Farm"), through its undersigned counsel, hereby serves these Responses and Objections to Defendant United States' Requests for Production of Documents (dated June 27, 2007) ("Requests") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

1. Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

### RESPONSE TO REQUEST NO. 1:

State Farm objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

State Farm objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

State Farm objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

State Farm objects to this Request on the grounds that State Farm is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, State Farm is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

State Farm objects to this Request as overly broad and unduly burdensome.

State Farm objects to this Request to the extent it seeks documents not in State Farm's possession, custody, or control.

State Farm objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly

- 2 -

burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. State Farm will not produce any such documents. It is not State Farm's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

State Farm objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

State Farm objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of State Farm and/or third parties.

Subject to and without waiving the foregoing objections, State Farm responds as follows: Accompanying these objections are homeowners claim files (estimated delivery on August 3, 2007 and subject to redaction for attorney-client privilege, work product protection, confidentiality, and/or any other kind of privilege, immunity, or protection) for named plaintiffs in the MRGO Master Consolidated Class Action Complaint who were insureds of State Farm and submitted claims to State Farm based on alleged damage resulting from Hurricane Katrina.

2. Produce all documents that constitute, refer or relate to any Insurance Claim submitted to you by or on behalf of any Former Named Plaintiff for personal injury, property damage, or other loss occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

State Farm objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

State Farm objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

State Farm objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

State Farm objects to this Request on the grounds that State Farm is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, State Farm is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

State Farm objects to this Request as overly broad and unduly burdensome to the extent that it requires State Farm to conduct a file-by-file review of its records.

State Farm objects to this Request to the extent it seeks documents not in State Farm's possession, custody, or control.

State Farm objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. State Farm will not produce any such documents. It is not State Farm's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

State Farm objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

- 5 -

State Farm objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of State Farm and/or third parties.

State Farm objects to this Request because it seeks documents related to "Former Named Plaintiffs" who are no longer parties to this action; such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Not only is this Request irrelevant, but it impinges on the privacy rights of State Farm's other insureds and may be subject to or protected by applicable privacy statutes and regulations.

3. Produce documents that indicate the total number of Insurance Claims submitted to you by your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 3:**

State Farm objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

State Farm objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

- 6 -

State Farm objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

State Farm objects to this Request on the grounds that State Farm is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, State Farm is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

State Farm objects to this Request as overly broad and unduly burdensome to the extent that it requires State Farm to conduct a file-by-file review of its records.

State Farm objects to this Request to the extent it seeks documents not in State Farm's possession, custody, or control.

State Farm objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 7 -

State Farm objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. State Farm will not produce any such documents. It is not State Farm's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

State Farm objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

State Farm objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of State Farm and/or third parties.

Subject to and without waiving the foregoing objections, State Farm refers Washington Group International, Inc., to materials produced in response to Request No. 1.

4. Produce documents that indicate the total amount of money that you have paid to your policyholders for personal injury, property damage, or other loss that was allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan Statistical Area on August 28, 2005 through September 30, 2005.

**RESPONSE TO REQUEST NO. 4:**

State Farm objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of

deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

State Farm objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

State Farm objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

State Farm objects to this Request on the grounds that State Farm is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, State Farm is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

State Farm objects to this Request as overly broad and unduly burdensome to the extent that it requires State Farm to conduct a file-by-file review of its records..

State Farm objects to this Request to the extent it seeks documents not in State Farm's possession, custody, or control.

State Farm objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

- 9 -

State Farm objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. State Farm will not produce any such documents. It is not State Farm's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

State Farm objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

State Farm objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of State Farm and/or third parties.

Subject to and without waiving the foregoing objections, State Farm refers Washington Group International, Inc., to materials produced in response to Request No. 1.

   5. Produce documents that either (1) list the Lawsuits filed against you by your policyholders involving insurance coverage for losses allegedly due to wind, rain, fire, vandalism, or theft occurring in the New Orleans Metropolitan

Statistical Area on August 28, 2005 through September 30, 2005, or (2) reflect the number of such Lawsuits.

**RESPONSE TO REQUEST NO. 5:**

State Farm objects to this Request to the extent it seeks information that is publicly available through searches of court dockets.

State Farm objects to this Request to the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to all Insurance cases, all discovery and application of deadlines established in CMO No. 4 are STAYED with respect to all common liability issues—that is causation of the levee breaches—and class certification issues."

State Farm objects to this Request the extent it violates the Order of the Court on March 16, 2007, that "[w]ith respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is STAYED."

State Farm objects to this Request to the extent it violates CMO No. 4, which has no mechanism for the instant discovery.

State Farm objects to this Request on the grounds that State Farm is not a party to any lawsuit under the MRGO umbrella in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and, as a third party in this matter, State Farm is under no obligation to participate in this litigation except as set forth in Federal Rule of Civil Procedure 45.

State Farm objects to this Request as overly broad and unduly burdensome to the extent that it requires State Farm to conduct a file-by-file review of its records. State Farm does not maintain and cannot easily create the list that is subject to this Request, nor is it required to create documents to respond to this Request.

State Farm objects to this Request to the extent it seeks documents not in State Farm's possession, custody, or control.

State Farm objects to this Request to the extent it is not limited to the time frame relevant to the MRGO Master Consolidated Class Action Complaint. Such a request is overbroad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to adjustment of claims unrelated to Hurricane Katrina. Such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent it seeks documents relating to any type of insurance policy or claim that is not a type of policy or claim specifically at issue in the MRGO Master Consolidated Class Action Complaint because such a request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

State Farm objects to this Request to the extent that it may be construed as calling for documents that are subject to a claim of privilege or other protective doctrine, including, without limitation, the attorney-client privilege, the work product doctrine, the anticipation of litigation doctrine, and the self-evaluation or critical analysis privilege, or any other applicable privilege, rule of confidentiality, protection or restriction recognized by federal law that makes such documents otherwise discoverable. State Farm will not produce any such documents. It is not State Farm's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

State Farm objects to this Request to the extent it seeks documents addressing events in areas outside the geographic scope of the MRGO Master Consolidated Class Action Complaint.

State Farm objects to this Request to the extent it seeks documents containing or constituting trade secrets or other confidential or proprietary information of State Farm and/or third parties.

Respectfully submitted,

*[signature]*

**CHARLES L. CHASSAIGNAC IV(#20746)**
PORTEOUS, HAINKEL & JOHNSON, L.L.C.
343 Third St.
Suite 202
Baton Rouge, LA 70801-1309
225/383-8900 - telephone
225/383-7900 - facsimile
**ATTORNEYS FOR STATE FARM**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2007, a copy of the foregoing document has been served upon Tracy L. Colquette, counsel for the United States, via email.

*[signature]*

**CHARLES L. CHASSAIGNAC IV(#20746)**