UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, *Xavier Univ. of La.*, No. 06-0516 | * * * | MAGISTRATE JUDGE WILKINSON |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANT'S MOTION TO COMPEL**

Based on the Fifth Circuit's August 2, 2007 decision on the water damage exclusion, as well as the other reasons given by Defendant Travelers Property Casualty Company of America ("Travelers") in its motion for reconsideration, this Court should reconsider its ruling on Travelers' motion to compel. The Court should order Plaintiff Xavier University of Louisiana ("Xavier") to comply with the interrogatories and requests for production pertaining to post-Katrina grants, donations or payments received by Xavier from FEMA, HUD and other sources.

**I.     This Court Has Ample Discretion to Reconsider a Discovery Ruling, Particularly In Light of the Fifth Circuit's Decision on the Water Damage Exclusion**

Contrary to Xavier's position, there is no rigid standard that this Court is required to apply in order to reconsider an interlocutory ruling on a discovery matter, which is also subject to review by the District Judge. The Court has ample discretion to reconsider its own discovery

ruling. See, e.g., Jobe v. ATR Marketing, Inc., 1998 WL 252382, at *2 (E.D. La. May 15, 1998) (Wilkinson, Mag. J.) (granting in part and denying in part a motion for reconsideration of a ruling on motion to compel, without applying a strict standard); McDonald v. ISK Biosciences, 1996 WL 34303116, at *1 (S.D. Tex. Nov. 1, 1996) (granting in part motion for reconsideration of ruling on motion to compel, without applying a strict standard). Even under Rule 59(e), which Xavier contends is applicable, the Fifth Circuit has given district courts "considerable discretion" to reconsider their rulings in light of "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994).

In any event, Xavier recognizes that "an intervening change in controlling law" would be appropriate grounds for granting a Rule 59(e) motion. (Xavier Opposition, at 2.) On August 2, 2007, there was a very important intervening change in the controlling law -- the Fifth Circuit issued a decision on the water damage exclusion in this case, holding that the water damage exclusion unambiguously bars coverage for damage caused by the inundation of Xavier's property. See In re Katrina Canal Breaches Litigation, No. 07-30119, slip op. (5th Cir. Aug. 2, 2007) (attached as Exhibit A hereto).

**II.     In Light of the Fifth Circuit's Recent Decision on the Water Damage Exclusion, Documents Pertaining to Xavier's Applications for FEMA Grants and Other Sources of Funding Are Clearly Relevant Evidence With Respect to the Allocation of Damages Between Wind and Flood**

In its July 12, 2007 Order (Record Doc. 6428), this Court ruled that "how Xavier may have characterized its damages when applying for other funds is irrelevant" because "Xavier's claim is that Travelers owes it indemnity under the policy for all of its damages, not just damages caused by wind," and "[t]he presiding district judge has denied defendant's motion to dismiss

207259-1                                              2

plaintiff's claim for damages caused by inundation." (Order dated July 12, 2007, at 6-7.) The Court noted that "[a]lthough that holding is on appeal, <u>the Fifth Circuit has not yet ruled and plaintiff's claim for all damages remains in this case</u>." (<u>Id.</u>, at 7 (emphasis added).) The Fifth Circuit has now ruled, unanimously, that "the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery" because "[r]egardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property." <u>Katrina Canal Breaches</u>, slip op. at 3. The Fifth Circuit held that the plaintiffs, including Xavier, "are not entitled to recover under their policies" for damage caused by the floodwaters released from the levees. <u>Id.</u>

Based on the Fifth Circuit's ruling, Xavier is no longer entitled to pursue a claim for its flood damages. The focus of the dispute between Travelers and Xavier will now be on determining what portion of the damage to Xavier's property was caused by wind and wind-driven rain from Hurricane Katrina, as opposed to the floodwaters. How Xavier characterized the cause of its losses (wind vs. flood) in applications to FEMA, HUD and others is now unquestionably relevant to the parties' claims and defenses. Travelers will certainly be entitled to argue, for example, that Xavier should not be entitled to recover under the Travelers policy for damage that it told FEMA (or some other potential source of funding) was caused by flood. <u>See, e.g.</u>, <u>Esposito v. Allstate Ins. Co.</u>, 2007 WL 1125761, at *2 (E.D. La. Apr. 16, 2007) (Zainey, J.) (holding that insured was "not entitled to obtain a windfall double recovery by now recharacterizing as wind damage those losses for which he has already been compensated by previously attributing them to flood waters").

In seeking reconsideration, Travelers also argued that the documents pertaining to grants and donations will be relevant evidence with respect to the reasonable cost of repairing the

207259-1                                   3

damage to Xavier's property. In response to that argument, Xavier makes nothing more than a bald assertion that "[i]nformation provided by Xavier to a non-insurer is unrelated and irrelevant." (Xavier Opposition, at 4.) This information is well within the scope of relevance under Rule 26(b)(1). For example, if Xavier told FEMA, or FEMA determined, that the wind damage to a particular building could be repaired for $250,000, and Xavier is now seeking $500,000 from Travelers for the same damage, the trier of fact would certainly be entitled to consider the information Xavier provided to FEMA in assessing the reasonable cost of the repairs.

### III. Xavier's "Collateral Source" Argument, to the Extent It Is Not Moot, Is Before the District Judge

In opposing Travelers' motion for reconsideration, Xavier continues to argue that information concerning the amount of funds it received from FEMA, HUD and other sources is inadmissible as a "collateral source." To the extent that this issue has not been mooted by the Fifth Circuit's ruling that flood is not covered, that issue is for the District Judge to decide on Xavier's pending motion. This Court need not rule on the "collateral source" issue in order to decide whether the information is discoverable. The admissibility of the documents may well depend on their content, and the District Judge will not be in a position to rule on admissibility without any information as to the content of the documents. That is why "[t]he scope of discovery is broader than the standard for admissibility of evidence at trial." (Order dated July 12, 2007, at 3.) Xavier should be ordered to provide the discovery immediately so that Travelers can properly prepare a response to Xavier's motion on the "collateral source" issue.

### CONCLUSION

For all of the foregoing reasons, in addition to those stated in Travelers' prior memorandum of law, Travelers' motion for reconsideration should be granted, and its motion to

207259-1

4

compel should be granted with respect to Interrogatories Nos. 17 and 17 and Requests for Production Nos. 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:   (860) 275-8255
Facsimile:   (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on August 6, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.