UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO.: 05-4182<br>SECTION "K" (2) |

**FILED IN:**   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289.

**PERTAINS TO: LEVEE**

_____

**PLAINTIFFS REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS
CONSOLIDATED OPPOSITION MEMORANDUM TO PLAINTIFFS MOTION
FOR LEAVE TO AMMEND LEVEE MASTER COMPLAINT AND MOTION TO
CERTIFY**

**MAY IT PLEASE THE COURT:**

   1) **INTRODUCTION**

   Defendants have a single goal in mind, to secure a continuance of the class certification motion. The present opposition is designed to insure that the Defendants have two bites at the continuance apple, one now and at least, another later. This memorandum will demonstrate that the Defendants will suffer no prejudice if this amendment isllowed. In fact, CMO # 4 contemplated the potential need for amendment of both the Motion to Certify and the Superceding and Amending Master Complaint by

providing for deadlines within which to seek leave to amend. Plaintiffs' amendments were timely and have interjected nothing not already known to the Defendants.

### 2) DEFENDANTS HAVE BEEN GRANTED SUFFICIENT CLASS REPRESENTATIVE DISCOVERY

By the 3rd$^{th}$ of August, 2007, **more than ninety days prior** to the certification hearings, the Proposed Class Representatives, originally disclosed and not withdrawn, as well as all substitutes, will have provided the Defendants with: (1) the deposition of each Proposed Class Representative; (2) the opportunity to inspect their damaged properties; (3) executed medical, employment and tax releases; (4) records of evacuation expenses where available; and, (5) film and photographs of their properties pre and post Katrina, if available.

On March 1, 2007, this Court issued CMO # 4 in which Plaintiffs were ordered to file by March 15, 2007, a Master Consolidated Class Action Complaint. In its CMO, this Court stated that the consolidated complaint "…shall supersede and replace all previously filed class action complaints."[1] The Court further ordered that in the Master Consolidated Class Action Complaint, Plaintiffs "… must designate proposed class representatives, not to exceed five (5) in number, for each separate proposed class and/for each separate proposed sub-class."[2]

Between March 1, 2007, the date of CMO # 4, and March 15, 2007, the deadline for Plaintiffs to file their Master Consolidated Class Action Complaint, Plaintiffs' Counsel contacted and identified class members to serve as class representatives for each of the five (5) proposed sub-classes or zones. On March 15, 2007, Plaintiffs filed their

---

[1] CMO # 4, Section II (B) (1), page 13, March 1, 2007.
[2] Supra

*Superseding Master Consolidated Class Action Complaint.* In that pleading, Plaintiffs identified twenty-seven (27) class members who had agreed to serve as the various class representatives.

Between the filing of the *Superseding Master Consolidated Class Action Complaint* and several weeks before the class representatives' depositions were to begin, several of the proposed representatives notified Plaintiffs' Counsel that they would no longer be able to serve as class representatives. Counsel for Plaintiffs notified Defendants' counsel of these issues and Defense Counsel was provided the names of proposed substitutes as quickly as replacements were located. Substitutes for four (4) of original proposed representatives were identified; their names and damaged property addresses were given to the defendants in time for their depositions to be taken and properties inspected along with the original proposed representatives. The depositions for this entire group were completed between July 9 and July 19, 2007 and their properties were all inspected in during that period.

Two of the original proposed representatives, Lucinda Coco and Gertrude Esteves, were both replaced by family members who were able to pursue similar property damage claims as had been originally asserted. Plaintiffs notified defense counsel that Gertrude Esteves was to be replaced by her husband Emanuel, Esteves and that Lucinda Coco would be replaced by her daughter Elois Bell. Data on the last four (4) of only seven (8) total substitutes was provided to Defense Counsel no later than July 16, 2007. Two of the substitutes were deposed on July 30 and two on July 31, 2007. Property inspections for all properties that the representatives currently own have also been completed. The final set of inspections was completed on August 2, 2007.

Discovery on all the proposed class representatives, original as well as the substitutes, was completed prior to the August 3, 2007 deadline for fact discovery. The defendants cannot show any prejudice in this regard. Further, plaintiffs urge the Court to allow these substitutes, as we are a long way from the end of this case, and it is quite possible that we may loose some of these representatives along the way. Therefore the more we have at the beginning of this proceeding, the safer we are, as the Court recognized in its ruling allowing five (5) representatives per subclass.

The Plaintiffs on the 1st of August served their amended written discovery responses on the Defendants in accordance with the Magistrate Judge's Order of July 19, 2007. There is no pending discovery owed to the Defendants beyond their obligation to seasonably supplement.

The Defendants claim that there is a need for each Plaintiff to produce their insurance claims file as well as their Road Home files and have sought reconsideration of the July 19 ruling of the Court denying its production request for those file materials. However, in their supplemental responses to Defendant's discovery, some Plaintiffs produced their entire insurance claims file. Given the issues certification Plaintiff seek, what levees failed or were breached, where the water flow, and who is at faulted for the failure/breach, it is impossible to divine what relevance these materials will have at the certification hearing. (See Levee Plaintiffs' Motion For Class Certification, ¶ V regarding Bifurcation.)

The Defendants argue that few if any Plaintiffs responded to Exhibit A served with the deposition notice. What the defendants fail to tell the Court is that this Exhibit A is a virtual mirror image of their request for production of documents to which there was

a pending objection.  In light of that pending objection, Plaintiffs and Defendants agreed to defer seeking judicial relief and further agreed to be bound by the Magistrate Judge's ruling on Defendants Motion to Compel. ( Exhibit "A".)

The Magistrate Judge in his Order of the 19th of July, recognized the distinction needed between damage discovery and liability discovery, drew the

discovery boundaries, and within those discovery boundaries, the Plaintiffs have complied.

### 3) SUB-CLASS BOUNDARIES WERE ADJUSTED TO ACCOMMODATE ONGOING INVESTIGATION,

Sub-Class boundaries in Zone 2 were adjusted. The Defendants have taken not a single deposition on the subject of boundaries. That the area within the boundaries was flooded is nothing new. The Defendants are long on complaints of prejudice, but woefully short on concrete examples of prejudice.

### 4) NEW DEFENDANTS AND NEW THEORIES OF LIABILITY.

Prejudice is never presumed. It must be proven. In arguing that a newly added Direct Action insurer, the Defendants plead prejudice but demonstrates none. The Court may wish to inquire if this carrier has been providing a defense to its insured, will it be represented by one of the defense firms already an active participant here, has it been receiving reports, has it been assisting in expert development, is it a signatory to the joint defense agreement, and similar inquiries. Depending on the answers,  the Court may allow the amendment as to National Union or deny it as to that particular carrier. It would not be appropriate to disallow the amendment as to all Defendants when any concerns the Court may have can be corrected by denial as to National Union alone.

Similarly, in arguing that the addition of the OLD, SWB, EJLD, St. PAUL, and National Union to Counts 1 & 2 in Sub-Class 4 is equally prejudicial. Such a view of the world is difficult to comprehend since all discovery to date has been focused on the canals at issue and not the sub-class geography. In other words, what did which Defendant do or not do with respect to the 17th Street Canal, Orleans, London, the IHNC, and the MRGO? Each of these Defendants know their roles and activities *vis a vis* each water body. What more or different discovery would these Defendants have conducted?

5.   **SUBSTITUTION OF PROPOSED CLASS REPRESENTATIVES IS PROPER**

The defendants cite *Barnes v First American Title Ins. Co.*, 473 F.Supp.2d 798 (N.D. Ohio 2007), a recent district court opinion from the Northern District of Ohio for the proposition that the plaintiffs cannot "amend themselves out of this action," and that therefore it is inappropriate to substitute some of the originally proposed class representatives with new ones. The defendants have misread *Barnes* and have mis-characterized what plaintiffs seek to do with the amendment. Their argument evidences a fundamental misunderstanding of the difference between a named plaintiff and a class representative.

First, the Superceding Master Complaint is merely an administrative tool that allows the allegations of all previously filed class action complaints to be consolidated into a Master Complaint. CMO4 directed its filing and required the plaintiffs "designate proposed class representatives" therein. *See* CMO4, ¶ II(B)(1). Thus, while they are variously referred to generically as "plaintiffs" or "Class Representatives" or "Sub-Class Representatives" they are not named plaintiffs who have filed a lawsuit, rather they are persons that the Levee PSLC has designated as class representatives. Making

substitutions among the designated class representatives does not work to amend a plaintiff out of the litigation, rather it merely substitutes some proposed class representatives for others. In *Barnes*, the proposed class representatives and the named plaintiffs were one and the same. There, the defendants had substantial counterclaims against the plaintiffs sought to be replaced, and the proposed amendment sought a "wholesale substitution of parties with different facts and discovery" and "substantial discovery had been completed" as to the parties sought to be substituted. *Barnes, id., at* 799.

While it may be unusual and indeed improper to amend a plaintiff out of an action, it is not unusual or improper to substitute one proposed class representative for another. Indeed, such substitutions are made often via an amendment to a Motion to Certify as class action. The *Barnes* noted the difference in distinguishing *Little Caesar Enterprises v. Smith*, 172 F.R.D. 236 (E.D. Mich, 1997) which was cited by the plaintiffs in *Barnes*. The court noted the distinguishing difference in that in *Barnes* the plaintiffs sought to amend the Complaint whereas in *Little Caesar* the substitution of the class representatives was on the motion to certify. *Barnes*, *id., at* 800.

Adding or substituting class representatives has been allowed in other cases. In *In re Norplant Contraceptive Products Liability Litigation,* 163 F.R.D. 255 (E.D. Tex 1995) the plaintiffs were entitled to add three additional representatives who all complained o fteh same side effects as alleged in the original complaint, and where allowing their addition to the case would not cause undue delay or prejudice. *See,* Newberg on Class Actions, 4th ed. § 6:3, pp. 496-97.

Substituting some of the original class representatives in the instant matter will cause neither undue delay or undue prejudice. The defendants where timely notified of their substitution, and have inspected their properties and taken their depositions, all within the original discovery deadlines as set fort hin CMO4.

4) <u>INJUNCTIVE RELEIF IS NOT A NEW ISSUE</u>

Defendants complain that it was not until August 2, 2007 that it understood Plaintiffs allegations sufficiently to conduct discovery. It has always know that Plaintiffs sought class wide damages for "loss of culture damages". In so stating, the Defendants ignore the Plaintiffs' Restated Levee Master consolidated Class Action Complaint which at Paragraph XV makes claim for those damages. The Defendants went to great lengths in the representative depositions to address this class wide damage issue.

The Defendants mislead the Court by intentional omission. On July 26, 2007 Plaintiffs notified the Defendants that:

> Plaintiffs seek issue certification under Rule 23(b)(3) and 23(c) with respect to fault for levee failure and causation of flooding in various polders. Plaintiffs also seek such affirmative injunctive relief as the law may allow under Rule 23(b)(2) to address the loss of culture and diminution of property values suffered by the proposed Class Members. Such affirmative relief may include, but not be limited to, monetary relief, establishment of Trust Fund(s) to promote the culture and unique heritage of the City of New Orleans. Plaintiffs do not presently contemplate seeking certification for Declarative Relief under Rule 23(b)(1). (Exhibit "B")

No further clarification was requested nor has any been sought to date.

5) **CONCLUSION**

The Defendants cry prejudice but demonstrate none. If the amendment is granted, what single deposition was not taken, what admission was not asked, what Request for Production was not made, what Interrogatory was not propounded that should have been? In 24 pages of argument, not a single discovery imitative is suggested as needed. Given the wholesale lack of any showing of prejudice, the Defendants opposition should be rejected and the amendments allowed.

        Respectfully Submitted,

        LAW OFFICES OF JOSEPH M. BRUNO

        s/ Joseph M. Bruno
        JOSEPH M. BRUNO
        Plaintiff's Liaison Counsel
        LA Bar Roll Number: 3604
        DAVID S. SCALIA
        LA Bar Roll Number 21369
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775
        Email: jbruno@jbrunolaw.com

        and

        PLAINTIFFS LEVEE SUB-GROUP LIAISON COUNSEL

        s/Gerald E. Meunier

        GERALD E. MEUNIER
        Levee PSLC Liaison Counsel
        LA. Bar Roll Number: 9471
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163-2800

Telephone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this   6th   day of August, 2007.

    s/ Joseph M. Bruno
**JOSEPH M. BRUNO**