UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES　　　　　CIVIL ACTION
　　　　　CONSOLIDATED LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　NO.: 05-4182

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "K" (2)


FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
　　　　　　05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
　　　　　　06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
　　　　　　06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
　　　　　　06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
　　　　　　06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
　　　　　　07-0993, 07-1284, 07-1286, 07-1288, 07-1289.

PERTAINS TO: LEVEE

_____

**PLAINTIFFS REPLY MEMORANDUM IN RESPONSE TO DEFENDANT
UNITED STATES OF AMERICA'S OPPOSITION IN COMMON LIABILITYTO
PLAINTIFFS' MOTION FOR LEAVE TO FILE RESTATED LEVEE MASTER
CONSOLIDATED CLASS ACTION COMPLAINT (Rec. Doc. 6584)**


MAY IT PLEASE THE COURT:

　　1)　　Introduction

　　Plaintiffs' amendment comes early enough that no prejudice will befall the Defendants on the "certification track" or "the common liability track". In ten pages of argument, the government totally fails to demonstrate by a single, competent fact that it has suffered prejudice. The United States presumes prejudice. If presumption is not sufficient to fill the pages of its brief, the Government assumes prejudice. That the

government relies on assumptions and conclusions is not at all surprising, given the fact that there is none. The Government opposition should be dismissed.

1.      **The Rule 12(b)(1) motion filed by the United States is not adversely impacted by the proposed amendment.**

Beginning at page 2 of its opposition, the Government argues that the proposed amendment is intended to "circumvent" it's "motion dismiss" now pending. If such is the intent, then how does the proposed amendment accomplish such an ill motive? The United States is at a loss to explain just how its motion practice is adversely affected. This is not surprising in that there is no prejudice. The Government admits that in the context of its Rule 12(b)(1) motion to dismiss it must take the allegations of the complaint as true. That said, the United States has no good grounds to complain since the proposed amendment will not change the essential framework of the motion, is the Government entitled to immunity for its gross and reckless conduct in failing to provide adequate levees in the vicinity of the 17th Street Canals and other breached water canals.

At the end of the day, the motion to dismiss stands or falls on its own merits, not because of any thing plead in the proposed amended complaint.

2.      **The Government ability to conduct discovery is not impared.**

The Government complains that discovery directed to specific paragraphs in the Master Complaint have been made meaningless by virtue of the reorganization of the proposed amendment.  First, if it is true that Plaintiffs discovery responses are meaningless, then how is this discovery effort adversely affected-presumably worthless responses are still worthless notwithstanding the proposed amendment. Furthermore, deposition and expert discovery remain open and available to address the Government's concerns, if sincerely made.

The major problem with the discovery propounded by the United States and now argued to be meaningless is that it was premature contention discovery. The Government knew that any inquiry into the theories of the engineering failures, for example, would only be finally shaped after the completion of expert discovery, and not at this early stage of this litigation. Plaintiffs have not changed their claims against the United States. They have added noting which cannot be addressed in further discovery efforts. The Plaintiffs claims remain the same against the Government under the Master Complaint and the proposed amendment. No substantive claims were added or abandoned.

The shallowness of the Governments' opposition is driven home by a review of its discovery initiatives. For example, in Request for Admission No. 2., the Government asks the Plaintiffs to "Admit that between July 15, 1974 and January 10, 1992 the USACE was not responsible for managing any dredging project on the 17th Street Canal (see Complaint, paragraphs 25-54, 196-215)" In other words the United States does nothing more than to paraphrases the Master Complaint. There was no need to refer to any paragraph, the paraphrase stood on its own without reference to any particular section of the Master Complaint. Cross referencing the discovery initiative to a particular paragraph or paragraphs added noting to the process and therefore, renumbering the proposed amendment does no harm. The proposed amendment does not change the question or the request, each stands as written. The Governments claims ring hollow.

3. **Conclusion**

The proposed amendment creates no prejudice to the ability of the Government to defend itself. Discovery is not closed. A trial date is not imminent. Granting this

amendment at this stage of these proceedings is reasonable and well within the discretion of the Court.

        Respectfully Submitted,

        LAW OFFICES OF JOSEPH M. BRUNO

        s/ Joseph M. Bruno
        JOSEPH M. BRUNO
        Plaintiff's Liaison Counsel
        LA Bar Roll Number: 3604
        DAVID S. SCALIA
        LA Bar Roll Number 21369
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775
        Email: jbruno@jbrunolaw.com

        and

        PLAINTIFFS LEVEE SUB-GROUP LIAISON COUNSEL

        s/Gerald E. Meunier
        GERALD E. MEUNIER
        Levee PSLC Liaison Counsel
        LA. Bar Roll Number: 9471
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163-2800
        Telephone:504/522-2304
        Facsimile:504/528-9973
        E-mail:gmeunier@gainsben.com

        For

        LEVEE PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this   6th   day of August, 2007.

                          s/ Joseph M. Bruno
                          **JOSEPH M. BRUNO**