UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACH CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO: 05-4182 "K" (2) |
| | * | |
| PERTAINS TO: 07-1789 | * | JUDGE DUVAL |
| Plaintiffs: JOHN AND GRETCHEN ATWOOD | * | MAGISTRATE WILKINSON |

*********************************************************************************************

## ANSWER TO ORIGINAL PETITION AND TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company, who for answer to the Original Petition and to the First Supplemental and Amending Complaint would with respect represent and set forth as follows:

## ORIGINAL PETITION

Answering specifically numbered individual paragraphs of the Original Petition as filed in the 34th Judicial District Court for the Parish of St. Bernard, No. 107171, your defendant, State Farm Fire and Casualty Company avers and sets forth:

I.

The status and the capacity of defendant as alleged in paragraph 1 of the Original Petition is admitted; nothing further is admitted or denied and any inference or allegation of liability is specifically denied.

II.

The allegations of paragraph I of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are denied as written, except to admit that if Defendant did cause to be issued any policy of homeowner's or other fire policies of insurance as alleged, then all of the terms, provisions, coverages and exclusions thereof are herewith plead as if copied and set forth in full with Defendant further denying any and all allegations which may attempt to enlarge, contradict, contravene and/or modify the same.

Further answering the balance of the allegations of paragraph II of the Original Petition as they would pertain to averments made against Defendant with respect to other potential plaintiffs are not germane to the proceedings at hand and, therefore, do not require answer. If, however, any answer be due and owing, the allegations are specifically and forthwith denied as written with Defendant adopting and re-urging with respect to each plaintiff the answer as herein contained in the first paragraph of this specifically numbered answer.

III.

The allegations of paragraph III of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are denied as written with Defendant re-urging

the entirety of the answer of paragraph II hereof as if copied at extenso. For further answer, Defendant avers that any and all allegations as set forth with respect to the Louisiana Valued Policy Law (R.S.22:695(a)) call for a legal conclusion and therefore require no answer. If, however, any specific answer be due with respect to these allegations, Defendant emphatically and forthwith denies all liability in the premise pursuant to said statute.

Finally, for further answer, to the extent that the allegations of this paragraph pertained to other individuals, they are not germane to the case at hand and do not require answer. If, however, any answer be due, Defendant adopts and reiterates the immediately preceding paragraphs in this numbered answer as if copied in extenso.

## IV.

The allegation of paragraph IV of the Original Petition as they pertain to John and Gretch Atwood are specifically and forthwith denied. The balance of the allegations of this paragraph as they pertain to other individuals are not germane to this proceeding and do not require answer. If, however, any answer is deemed due, the allegations are strictly and forthwith denied.

## V.

The allegations of paragraph V are uniformly and with particularity denied for lack of sufficient information to therein justify belief.

## VI.

The allegations of paragraph VI of the Original Petition are denied for lack of sufficient information to therein justify belief.

## VII.

The allegations of paragraphs VII, VIII, IX, X, XI and XII, inclusive, of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are denied. Further answering, any and all allegations as would pertain to the applicability of R.S.22:695(a) calls for a legal conclusion and do not, therefore, require answer. If, however, answer be deemed due and owing, these allegations are additionally and strictly forthwith denied.

Further answering, to the extent that any of the enumerated paragraphs pertain to other individuals, they are not germane to the case at hand and do not require answer. If, however, any answer is to be due and owing, these allegations are also denied as written with strict proof called, therefore, with Defendant specifically and forthwith denying any and all liability and all allegations as might pertain to R.S.22:695(a).

## VIII.

The allegations of paragraph XIII of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are denied as written with strict proof called therefore. To the extent the allegations of this paragraph pertain to other individuals, no additional answer is required. If, however, the same is found to be due and owing, these allegations are denied with strict proof called therefore.

## IX.

The allegations of paragraph XIV, XV and XVI of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are specifically and forthwith

denied. Further answering, Defendant would adopt and reference as if copied in extenso the answers herein contained in paragraph 2.

### X.

The allegations of paragraph XVII of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are specifically and forthwith denied. To the extent these allegations allege liability under R.S.22:658 and/or 22:1220, they call for a legal conclusion and do not require answer. If, however, answer be due and owing, these allegations are emphatically and specifically denied.

To the extent that the allegations as contained in paragraph XVII of the Original Petition would pertain to other individuals, they are not germane to the case at hand and require no answer. If, however, any answer be deemed due and owing, the answer in the immediate proceeding paragraph of this numbered answer are once more plead as if copied in extenso.

### XI.

The allegations of paragraph XVIII of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are specifically and forthwith denied. To the extent this paragraph contains allegations with respect to other individuals, these allegations require no answer as they are not germane hereto. If, however, answer be deemed due and owing, the same are denied with strict proof called therefore.

### XII.

The allegations of paragraph XIX of the Original Petition as they would pertain to the claim of John and Gretchen Atwood are denied.

### XIII.

To the extent that any answer is required to the prayer of the Original Petition, each and every allegation as therein contained is specifically and forthwith denied.

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

And now for Answer to the First Supplemental and Amending Complaint and the singularly numbered and individual paragraphs therein contained, State Farm would with respect aver:

### 1.

Answering the allegations of paragraph 1 of the First Supplemental and Amending Complaint, the same are denied as written with defendant, State Farm Fire and Casualty Company, adopting by reference as if herein copied in extenso, the entirety of its answer to the Original Petition of plaintiffs.

### 2.

The allegations of paragraph XX of the First Supplemental and Amending Complaint are denied as written for lack of sufficient information to therein justify belief.

### 3.

The allegations of paragraph XXI of the First Supplemental and Amending Complaint are denied as written for lack of sufficient information to therein justify belief.

### 4.

The allegations of paragraph XXII of the First Supplemental and Amending Complaint call for a legal conclusion and do not, therefore, require answer. If, however,

any answer is due and owing, the entirety of the allegations of paragraph XXII are denied with strict proof call therefore.

**5.**

The allegations of paragraph XXIII of the First Supplemental and Amending Complaint call for a legal conclusion and do not, therefore, require answer. If, however, any answer is due and owing, the entirety of the allegations of paragraph XXIII are denied with strict proof call therefore.

**6.**

The allegations of paragraph XXIV of the First Supplemental and Amending Complaint are denied as written for lack of sufficient information to therein justify belief with strict proof call therefore.

**7.**

The allegations of paragraph XXV and XXVI of the First Supplemental and Amending Complaint call for legal conclusion and, therefore, do not require answer. If, however, any answer be deemed due and owing, these allegation are specifically and forthwith denied with strict proof call therefore. Further answering, Defendant adopts by reference the entirety of the answer and all defenses plead in response to paragraphs IX, X, XI and XII of Plaintiffs' Original Petition.

**8.**

The allegations of paragraph XXVII are denied forthwith with strict proof call therefore with Defendant, further answering, adopting by reference as if copied in full

the entirety of the answer filed on its behalf in response to paragraph 2 of the Original Petition.

## 9.

If answer be required to the closing prayer of the First Supplemental and Amending Complaint, each and every single allegation as therein contained is specifically and forthwith denied with strict proof called therefore.

And now, further answering both the Original Petition and the First Supplemental and Amending Complaint, your Defendant, State Farm Fire and Casualty Company, would with respect additionally set forth and represent:

## 10.

Plaintiffs' Petition fails to state a cause of action upon which relief can be granted.

## 11.

To the extent that Plaintiffs' Petition claims to involve a contract of insurance between the parties, State Farm avers that if a policy of insurance is shown to exist, as a written contract, it is the best evidence of its contents, and pleads said policy as if copied herein in its entirety and denies any and all allegations which may attempt to enlarge, contradict, contravene or modify any of the terms, coverages, provisions, endorsements and exclusions as therein contained.

Further answering, any homeowner's policy which State Farm may have issued to Plaintiffs herein excludes coverage for damage caused by flooding, irrespective of the cause of such flooding. To the extent that Plaintiffs' alleged damages were caused by

flooding, they are excluded under the State Farm homeowner's policy which is allegedly at issue herein.

**12.**

To the extent that Plaintiffs have received payment from State Farm, and any other insurer for damages which they are claiming herein, State Farm avers the defenses of accord and satisfaction, compromise, and, in the event of judgment in favor of Plaintiffs, State Farm claims a credit or setoff for any such amounts previously paid and received by Plaintiffs. Such credit should include, but not be limited to, payment which Plaintiffs may have received pursuant to any flood insurance policy and/or the Louisiana Road Home Program.

**13.**

To the extent that Plaintiffs have assigned any portion of their rights with respect to the claim asserted herein, or granted subrogation rights to any other entity, State Farm avers that Plaintiffs herein are not the proper parties to assert that portion of their claim. Such potential assignees/subrogees include the Louisiana Road Home Program, and the Small Business Administration ("SBA").

**14.**

To the extent that Plaintiffs claim entitlement to penalties or attorney's fees or damages, pursuant to any amended version of La.R.S. 22:658 and/or 22:1220, or any other such statute, State Farm avers that these amendments cannot be applied retroactively, and are, therefore, inapplicable to the claims presented by Plaintiffs herein.

**15.**

Further answering, any homeowner's policy which State Farm may have issued to Plaintiffs herein excludes coverage for damage caused by flooding, irrespective of the cause of such flooding. To the extent that Plaintiffs' alleged damages were caused by flooding, they are excluded under the State Farm homeowner's policy which is allegedly at issue herein.

**16.**

Further answering, State Farm avers that Plaintiffs' home was not damaged due to a peril which is covered under the homeowner's insurance policy which is allegedly at issue herein. As such, Plaintiffs would not be entitled to Additional Living Expenses coverage.

**17.**

Further answering, State Farm avers that if Plaintiffs had any other insurance available for the loss in question, such other insurance should offset, either in whole or in party, any coverage which State Farm might have otherwise provided herein.

**18.**

No coverage exists to the extent Plaintiffs' claim exceed any applicable limit of insurance or the time limit as specified in the policy issued by State Farm Fire & Casualty Company to Plaintiffs herein.

**19.**

State Farm Fire and Casualty Company denies that it acted arbitrarily, capriciously or without probably cause and further avers that at all times it acted in good faith and in compliance with all applicable Louisiana statutory law.

**20.**

Without waiving any other defenses elsewhere asserted herein, State Farm would aver and plead that any allegation contained in the Plaintiffs' Original Petition a First Supplemental and Amending Complaint which is not herein specifically admitted is hereby denied.

**21.**

State Farm affirmatively pleads that the Plaintiffs' Petition improperly attempts to require State Farm to provide insurance coverage under a homeowner's policy for flood losses for which State received no premiums and would violate State Farm's protections under the Constitution of Louisiana and the Constitution of the United States.

**22.**

State Farm affirmatively pleads that Plaintiffs are charged with knowledge of their homeowner's policies of insurance and specifically that the policies do not provide coverage for "flood" damages. There can be no reasonable reliance, as a matter of law, on a person failing to know this, the terms of the homeowner's policy, the terms of the Standard Flood Insurance Policy and/or the law related thereto.

**23.**

State Farm affirmatively pleads that to the extent Plaintiffs have received funds from other sources as a result of their damages claimed from Hurricane KATRINA, herein, and the same may be required to be repaid as a result of any recovery here under, that State Farm is not required to make such payment on behalf of the insured, or is entitled to a set-off for the same. In this regard, without limitation, State Farm as homeowner's insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiffs under a flood insurance policy.

**24.**

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable step to mitigate the loss, those damages are not recoverable.

**25.**

State Farm Fire and Casualty Company is entitled to a credit for any and all monies or document paid or to be paid to or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, The Red Cross or any other government agency, insurance company or charitable organization.

**26.**

State Farm asserts that the Plaintiffs have violated their duties after the loss under the homeowner's policies at issue.   Specifically, each homeowner's policy provides that the insured has the following duties after the loss:

**2. Your duties after loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a. give immediate notice to use or our agent. Also notify the policy if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c. prepare an inventory of damage or stole personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

    (1) exhibit the damaged property

    (2) provide us with records and documents we request and permit us to make copies;

    (3) submit to and subscribe, while not in the presence of any other insured;

        (a) statements; and

        (b) examination under oath; and

        (c) any special limit of liability described in the policy; or

        (d) any applicable Coverage B limit of liability.

        (e) submit to us within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(5)    specifications of any damaged building and detailed estimates for repair of the damage;

(7)    receipts for additional living expenses incurred and records supporting the fair rental value loss.

## 27.

    State Farm asserts that Plaintiffs have violated and consequently voided all coverage that might have been afforded by virtue of the following non-exclusive particulars to-wit:

(a) Refusing or failing to provide satisfactory Proofs of Loss;

(b) Refusing to provide information that has been specifically requested;

(c) Failing to cooperate with the adjustor and claim representatives in
the investigation of the claim; and

(d) Any other circumstances discovered now and between the trial of this matter.

**28.**

If Plaintiffs suffered any damage, as alleged, such injuries were cause in whole or in party by action or inactions of third parties for which Defendant is not responsible.

**29.**

Defendant pleads the comparative fault and/or negligence of Plaintiffs, which fault and/or negligence included the failure to review terms of coverage, failure to property communicate with insurance agent and/or the mortgages and failure to act as a prudent person under the circumstances.

**30.**

Although Defendant contends that there is no cause of action for the claims asserted herein, should this Court find any negligence and/or fault on the part of Defendant, which is specifically denied, then Defendant avers the limitation set forth in La Civ. Cod. Art. 2324, under which each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with any other party or non-party.

**31.**

Plaintiff has not sustained any damages proximately caused by State Farm or those for whom it may be responsible.

**32.**

The claims asserted by the Plaintiffs should be dismissed, or alternatively, its damages (the existence of which damage is denied) should be reduced due to failure to comply with contractual conditions precedent to any recovery under the policy.

**33.**

State Farm asserts Plaintiffs are not entitled to Additional Living Expenses under the homeowner's policy as the damages to the property was caused by an excluded peril, and not by a loss insured.

**34.**

Coverage is barred, in whole or part, to the extent plaintiffs seek to recover additional living expenses that are not attributable to an "Insured" within the meaning of the policy.

**35.**

Defendant specifically denies that it breached any duty to the Plaintiffs with respect to procurement and/or maintenance of the Plaintiff's flood or homeowner's insurance policy.

**36.**

Defendant is entitled to and requests trial by jury on all issues.

**37.**

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that its Answer to Plaintiffs' Original Petition and First Supplemental and Amending Complaint be deemed good and sufficient and then after due proceedings had there be Judgment herein in its favor, dismissing all Plaintiffs' claims at their cost and for all general and inequitable relief and for trial by jury of all issues.

Respectfully Submitted:

**HAILEY, McNAMARA, HALL, LARMANN& PAPALE, L.L.P.**

BY: _David K. Persons_

**DAVID K. PERSONS, #2046 T.A.**
**Email: dpersons@hmhlp.com**
**JOHN E. UNSWORTH, #9477**
**CAROLINE D. IBOS, #21307**
**DARREN A. PATIN, #23244**
**BRAD D. FERRAND, #29860**
One Galleria Boulevard, Ste. 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Attorneys for State Farm Fire and
Casualty Company

## CERTIFICATE

I hereby certify that on the _7TH_ day of August, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_David K. Persons_

**David K. Persons**