UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | NO. 05-4182 |
| | SECTION "K" MAG "2" |
| **PERTAINS TO:** **INSURANCE (XAVIER UNIVERSITY OF LOUISIANA V. TRAVELERS CASUALTY PROPERTY COMPANY OF AMERICA NO. 06-516)** | |

**************************************************************************
### REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Reply Memorandum in support of its Motion to Quash the subpoenas duces tecum issued by defendant Travelers Property Casualty Company of America ("Travelers") to Landis Construction Company ("Landis") and FoxCor, Inc. ("FoxCor"). As discussed *infra*, Travelers fails to present any valid argument in opposition to Xavier's Motion to Quash, and thus, this Court should grant Xavier's motion and partially quash these subpoenas to the extent they seek certain documents related to FEMA and the condition of Xavier's properties prior to Hurricane Katrina.

**I.   THIS COURT HAS ALREADY HELD THAT INFORMATION CONCERNING XAVIER'S NFIP CLAIM IS DISCOVERABLE, AND XAVIER AGREES THAT THIS RULING APPLIES TO THOSE SUBPOENAS ISSUED BY TRAVELERS.**

At the time Xavier filed its Motion to Quash, this Court had not yet ruled on Travelers's Motion to Compel regarding the discoverability of information related to Xavier's NFIP claim. Since Xavier filed its motion, however, this Court, in its July 12, 2007 Order on Travelers's Motion to Compel, ruled that information related to proceeds received by Xavier under its NFIP Policy is discoverable in this matter.[1]  Accordingly, as this Court has already ruled on the discoverability of information regarding Xavier's flood claim, Xavier agrees that the Court's ruling shall also apply to the subpoena issued by Travelers to Landis and FoxCor.

**II.  THIS COURT HAS ALREADY HELD THAT INFORMATION REGARDING XAVIER'S SUBMISSIONS TO FEMA IS IRRELEVANT AND NOT DISCOVERABLE, AND TRAVELERS OFFERS NO NEW ARGUMENTS OR CASE LAW TO THE CONTRARY.**

As this Court is well aware, its July 12, 2007 Order also addressed Travelers's argument that information regarding Xavier's submissions to FEMA is both relevant and discoverable. This Court rejected Travelers's argument, and Travelers offers no new arguments or law in support of the discoverability of this information here.[2]  The Court specifically held that Xavier's receipt of funds from non-insurance sources such as FEMA is irrelevant to this litigation and rejected Travelers's arguments otherwise — the same arguments rehashed by Travelers here.[3]  Travelers continues to

---

[1] *See* July 12, 2007 Order and Reasons [Record Doc. No.

[2] Xavier notes that Travelers has filed a Motion for Reconsideration on its Motion to Compel on this issue, and Xavier adopts and incorporates by reference those arguments contained in its opposition to Travelers's motion for reconsideration and its arguments in Xavier's opposition to Travelers's original motion to compel.

[3] *Id.* at 6.

2

insist that the manner in which Xavier characterized its losses when requesting non-insurance aid and Xavier's statements regarding the causes of those losses are relevant to this action. As this Court correctly noted, Xavier's claim is that all of its damages are covered under the Travelers "all risks" policy issued to Xavier. Thus, the cause of any loss – wind or water – is irrelevant. At best, Travelers references a scheduling order issued by Judge Feldman in the Allstate cases requiring disclosure of information regarding payments received by FEMA, the Small Business Administration, or the Louisiana Recovery Authority. However, this scheduling order, which contains no discussion of the reasons such disclosure is required or the relevance of such information, is hardly persuasive authority that would compel this Court to reverse its ruling.

Further, as this Court noted in its July 12 Order, this is a breach of contract claim alleging Travelers failed to meet its contractual and statutory obligations to Xavier. Whether Xavier obtained funds from non-insurance related sources is irrelevant to the present case. Nothing in the "all risks" policy of insurance issued to Xavier provides for an offset or credit against these types of funds.[4] Now, Travelers contends that the information sought may be relevant because it may reveal evidence concerning the extent of Xavier's damages. Travelers's arguments still miss the mark. The issues in this litigation are how much is owed under the Travelers Policy and whether Travelers acted in bad faith adjusting Xavier's Katrina claim. Information provided by Xavier to a non-insurer is unrelated and irrelevant. Moreover, as Xavier has already argued to this Court in its opposition to Travelers's motion to compel, it is well-established that gifts from third parties constitute an

---

[4] Xavier maintains that Travelers also is not entitled to any credit for amounts received under its NFIP claim.

inadmissible collateral source.[5]  The information bears no relationship to the "all risks" policy of insurance issued to Xavier.  Travelers's obligation to pay Xavier arises out of that policy and nothing contained in the policy provides for any offset for federal disaster relief or a third party's gratuitous support of the university.  Nothing supports the claim that the federal guidelines for disaster relief or charitable donations from a third party establish the "reasonableness" of a particular expense.  Travelers has failed to show that it is entitled to the requested discovery.

Nor does Travelers succeed in its argument that FoxCor and Landis would not be unduly burdened by having to produce thousands of pages of documents that this Court has already ruled are irrelevant to this litigation. If anything, FoxCor's inadvertent production of 98 pages of documents related to Xavier's submissions to FEMA illustrates the difficulty in locating documents responsive to Travelers's entirely relevant and outrageously broad subpoena requests.  Further, Travelers misrepresents to this Court that it retained the right to have the Court adjudicate the parties' dispute over the inadvertent disclosure of these documents.   Indeed, the enclosure letter returning the documents to counsel for Xavier mentions nothing about Travelers retaining such a right.[6] Travelers can still not establish good cause to permit the wide ranging discovery it seeks.

---

[5]  *See* Memorandum in Opposition to Motion to Compel at p. 24 [Record Doc. No. 6226].

[6]  *See* Exhibit A, July 20, 2007 correspondence from counsel for Travelers.

### III. DOCUMENTS RELATED TO PRE-KATRINA CONSTRUCTION AND/OR PLANS ARE ENTIRELY IRRELEVANT TO TRAVELERS'S OBLIGATION TO ADJUST XAVIER'S CLAIM AND PAY ALL PROCEEDS OWED, WHICH IS THE SUBJECT OF THIS LITIGATION.

As discussed in Xavier's Motion to Quash, any work performed by Landis and/or FoxCor on Xavier's properties prior to Hurricane Katrina is irrelevant to the subject matter of this lawsuit. In its opposition, Travelers articulates two categories of documents it seeks through the subpoenas as issue: 1) documents related to capital improvements at Xavier during the 18 months prior to Hurricane Katrina and 2) documents related to any plans for capital improvements. Xavier submits that both categories of documents are entirely irrelevant to Travelers's obligations under its policy of insurance.

First, the Travelers Policy provides replacement cost coverage for losses sustained.[7] Thus, the condition of Xavier's properties prior to Hurricane Katrina is irrelevant as Travelers is obligated to pay the replacement cost of any damage regardless of the property's age or condition. It is of no concern whether Xavier had stripped a roof or certain buildings allegedly had "old" roofs — under the "all risks" Travelers Policy, Travelers is obligated to pay the replacement cost of the damaged roofs and any other property without any consideration for depreciation or actual cash value.

Moreover, any "plans" Xavier may have had to perform repair or construction work on its campus is certainly speculative and irrelevant. Again, it is of no concern whether Xavier planned to perform work on certain kitchens, as alleged by Travelers. Travelers became obligated to cover Xavier's Hurricane Katrina losses as of the date of the storm, and Travelers obligation is not contingent upon whether work unrelated to the storm was completed.

---

[7] *See* Exhibit B, Travelers Policy No. Y-630-528d9763-TIL-04, attached in pertinent part, at Deluxe Property Coverage Part Declarations Page.

Further, counsel for Xavier attempted to work with counsel for Travelers to narrow down those documents requested from Landis and FoxCor to no avail. On June 26, 2007, undersigned counsel emailed counsel for Travelers regarding whether the overly broad subpoenas were requesting pre-Katrina documents and suggested counsel work out an agreement such that discovery could move forward.[8] After receiving no response or clarification, undersigned counsel again emailed counsel for Travelers on June 28 and July 2, 2007 requesting that Travelers notify Xavier of its position regarding the discovery issues and finally notifying Travelers that absent a response, Landis and FoxCor would not produce pre-Katrina documents.[9] Finally, on July 3, 2007, counsel for Travelers notified undersigned counsel that he would be sending "a memo clarifying what we specifically want" regarding pre-Katrina documents.[10] Despite undersigned counsel's attempts and Travelers' assurance that clarification would be forthcoming, undersigned counsel has received no further response from Travelers which, if any, documents related to pre-Katrina construction work were being sought. Thus, Xavier seeks to quash the subponeas to Landis and FoxCor as they include overly broad, burdensome and entirely irrelevant requests related to the pre-Katrina condition of Xavier's properties, despite Travelers's liability for the replacement cost of any damage.

## IV.     CONCLUSION

For the foregoing reasons and those in Xavier's Motion to Quash, Xavier respectfully requests that this Court grant its motion and partially quash Travelers's subpoenas to Landis and FoxCor to the extent they seek certain documents related to FEMA and the condition of Xavier's

---

[8] *See* Exhibit C, June 26 - July 3, 2007 email chain between counsel for Xavier and Travelers.

[9] *Id.*

[10] *Id.*

properties prior to Hurricane Katrina.

                Respectfully Submitted:

                /s/ James M. Garner
                JAMES M. GARNER, #19589
                DARNELL BLUDWORTH, #18801
                TIMOTHY B. FRANCIS, #14973
                KEVIN M. MCGLONE, #28145
                **SHER GARNER CAHILL RICHTER**
                **KLEIN & HILBERT, L.L.C.**
                909 Poydras St., 28th Floor
                New Orleans, LA  70112
                Telephone:  504-299-2100
                Facsimile: 504-299-2300
                COUNSEL FOR XAVIER UNIVERSITY
                OF LOUISIANA

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 6, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

                /s/ James M. Garner
                JAMES M. GARNER