UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>PERTAINS TO: SEVERED MASS JOINDER CASES<br><br>*severed from Abadie, 06-5164*<br><br>**LESLEY DIROSA, LOUIS DIROSA**<br>         Plaintiff<br><br>**VERSUS**<br><br>**STATE FARM FIRE and CASUALTY COMPANY**<br>         Defendant | * CIVIL ACTION<br>*<br>* No. 05-4182<br>*<br>* SECTION "K" (2)<br>*<br>*<br>*<br>* CIVIL ACTION<br>*<br>* No. 07-2499<br>*<br>* SECTION "K" (2)<br>* |

**********************************************

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE UNENFORCEABILITY OF THE ANTI-CONCURRENT CAUSE CLAUSE

NOW INTO COURT, through undersigned counsel, come the plaintiffs Lesley Dirosa and Louis Dirosa, who move this Honorable Court for an Order granting partial Summary Judgment on the Enforceability of the Anti-Concurrent Cause Clause, on the following grounds and for the reasons more fully set forth in the attached memorandum:

1. On August 29, 2005, Hurricane Katrina struck southeastern Louisiana, including the New Orleans Metropolitan area.

2. At all pertinent times, Leslie Dirosa and Louis Dirosa owned the immovable property and all improvements located at municipal address 5211 Marcia Drive, New Orleans, Louisiana.

3. At all pertinent times, the home of Leslie Dirosa and Louis Dirosa located at 5211 Marcia Drive, New Orleans, Louisiana was insured by State Farm Fire and Casualty Company ("State Farm") through an All-Risk Homeowners Policy, identified as Policy Number 18-25-7694-0.

4. The All-Risk Homeowners Policy, identified as Policy Number 18-25-7694-0., contained a Section I coverage deductible that included a "special hurricane

deductible endorsement" that provided that if damage is caused by a hurricane to covered property, the Dirosas' would be required to pay an increased deductible for such losses, as opposed to the standard deductible applicable to other covered perils.

5. The Dirosas' home at 5211 Marcia Drive, New Orleans, Louisiana suffered substantial damage to the roof and skylights that allowed rain water to enter the home and damage or destroy much of the interior structure and contents.

6. In addition, the Dirosas' home was located in the Lakeview area of New Orleans, so flood waters from a levee breach entered their home.

7. As part of its defense, State Farm has alleged as its third defense that "[t]he damages sought by the plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in their entirety, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils."

8. The Dirosas' home at 5211 Marcia Drive, New Orleans, Louisiana suffered substantial damage to the roof and skylights that allowed rain water to enter the home and damage or destroy much of the interior structure and contents.  In addition, the Dirosas' home was located in Lakeview, so flood waters from the levee breach entered their home.

9. State Farm has subsequently denied coverage for portions of the homeowners' claim associated with wind damages and rainfall that entered the Dirosas' home citing provisions of its policy that preclude coverage for a concurrent cause.

10. The Dirosas have alleged a loss resulting from the winds and rainfall accompanying Hurricane Katrina, as well as breaches of the various levees in the

New Orleans area during and as a result of Hurricane Katrina. Upon proper and repeated demands by the Dirosas, State Farm has refused to meet its obligations under the All-Risk Policies and refused to pay the full damages for the Dirosas' home resulting from the winds and rainfall accompanying Hurricane Katrina, a covered peril under the policy.

11. A motion for summary judgment is appropriate to determine whether purported exclusionary language in an insurance policy has any application to the Dirosas' claim.

WHEREFORE, the plaintiffs Lesley Dirosa and Louis Dirosa, pray that this Honorable Court issue an Order granting partial Summary Judgment on the Enforceability of the Anti-Concurrent Cause Clause.

RESPECTFULLY SUBMITTED:

BY:   /s/ Joseph M.. Bruno
**JOSEPH M. BRUNO (#3604)**
**L. SCOTT JOANEN (#21431)**
The Law Office of Joseph M. Bruno
855 Baronne Street, Third Floor
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile:(504) 561-6775
E-Mail:jbruno@jbrunolaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all parties to this litigation by hand-delivery, facsimile, e-mail, electronic filing and/or by First Class, United States Mail, property addressed and postage prepaid on August 7, 2007.

**/s/Joseph M.. Bruno**