## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** | \* **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | \* |
| **PERTAINS TO: SEVERED MASS JOINDER CASES** | \* **No. 05-4182** |
| | \* |
| *severed from Abadie, 06-5164* | \* **SECTION "K" (2)** |
| | \* |
| **LESLEY DIROSA, LOUIS DIROSA** | \* |
| **Plaintiff** | \* |
| | \* **CIVIL ACTION** |
| **VERSUS** | \* |
| | \* **No. 07-2499** |
| **STATE FARM FIRE and CASUALTY COMPANY** | \* |
| **Defendant** | \* **SECTION "K" (2)** |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | \* |

## MEMORANDUM IN SUPPORT OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE UNENFORCEABILITY OF THE ANTI-CONCURRENT CAUSE CLAUSE

## I.

## INTRODUCTION

Policyholders Leslie Dirosa and Louis Dirosa  submit the following Memorandum in Support of their Motion for Partial Summary Judgment On The Unenforceability Of The Anti-Concurrent Causation Clause in the All-Risk Homeowners Policy drafted and sold by State Farm Fire and Casualty Company ("State Farm").

The Dirosas' loss resulted from Hurricane Katrina shortly after it made landfall.  The Dirosas' home at 5211 Marcia Drive, New Orleans, Louisiana suffered substantial damage to the roof and skylights that allowed rain water to enter the home and damage or destroy much of the interior structure and contents.  In addition, the Dirosas' home was located in Lakeview, so flood waters from the levee breach entered their home.

State Farm has subsequently denied coverage for portions of the homeowners' claim associated with wind damages and rainfall that entered the Dirosas' home citing provisions of its policy that preclude coverage for a concurrent cause.

The anti-concurrent causation clause is unenforceable insofar as its language directly contravenes the "efficient proximate cause" doctrine, which has been adopted by the Louisiana Supreme Court and compels a finding that coverage exists where a covered peril was the proximate or efficient cause of the loss or damage suffered by a policyholder, regardless of whether excluded or non-covered perils contributed to the damage.  Accordingly, the Dirosas are entitled to judgment as a matter of law that the so-called anti-concurrent causation clause in State Farm's All-Risk Homeowners Policy is inapplicable to their loss suffered as a result of Hurricane Katrina and the failed New Orleans levee system.

II.

<strong><u>FACTUAL BACKGROUND</u></strong>

The Dirosas purchased an All-Risk Homeowners Policy from State Farm and the policy was in effect at the time Hurricane Katrina hit Southeast Louisiana on August 29, 2005.  The Dirosas purchased their policy to insure their property located at 5211 Marcia Drive, New Orleans, Louisiana and did so with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind and rainfall.

In addition, the Dirosas' had their All Risk Homeowners Policies amended to include a "special hurricane deductible endorsement" that provides that if damage is caused by a hurricane to covered property, the policyholder will be required to pay an increased deductible for such losses, as opposed to the standard deductible applicable to other covered perils.

The Dirosas have alleged a loss resulting from the winds and rainfall accompanying Hurricane Katrina, as well as breaches of the various levees in the New Orleans area during and as a result of Hurricane Katrina.  Upon proper and repeated demands by the Dirosas, State Farm has refused to meet its obligations under the All-Risk Policies and refused to pay the full damages for the Dirosas' home resulting from the winds and rainfall accompanying Hurricane Katrina, a covered peril under the policy.

2

### III.

### LEGAL STANDARD

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. Walsh v. U.S., 31 F.3d 696 (C.A.8 (Iowa), 1994).

Moreover, a motion for summary judgment is appropriate to determine whether purported exclusionary language in an insurance policy has any application to the policyholder's claim. See, e.g., Abramson v. Florida Gas Transmission Co., 908 F. Supp. 1389 (E.D. La. 1995). Where, as is the case here, there is no genuine issue of material fact related to the whether the purported exclusion applies, summary judgment in favor of the policyholder is appropriate. Id.

### IV.

### ARGUMENT

**A.   The Anti-Concurrent Causation Clause Is Ambiguous And Unenforceable as a Matter Of Law**

The anti-concurrent clause in the All-Risk policy sold by State Farm is ambiguous as a matter of law and, thus, unenforceable. The anti-concurrent causation clause in State Farm's policy provides:

> "We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to preclude the loss; or (d) whether the even occurs suddenly or gradually, involved isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:"
> (Ex. "A").

Included among the excluded events is "Water Damage." This policy language is ambiguous and unenforceable as a matter of law.

Under well-established Louisiana jurisprudence and the Civil Code, when absurd results occur from the reading of a contract's terms, the contract is ambiguous and "the courts <u>must</u> construe the provision in a manner consistent with the 'nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties.'" <u>Doerr v. Mobil Oil Corp.</u>, 774 So.2d 119, 124 (La. 2000) (citing La. Civ. Code. Art. 2053) (emphasis added). Moreover, exclusions in insurance policies are, therefore, strictly construed "to effect, not deny coverage, and any ambiguity should be interpreted in favor of the [policyholder.]" <u>Id.</u> (citing La. Civ. Code. Art. 2053) (citing <u>Yount v. Maisano</u>, 627 So.2d 148, 151 (La. 1993); <u>Garcia v. St. Bernard Parish Sch. Bd.</u>, 576 So.2d 975, 976 (La. 1991); <u>Breland v. Schilling</u>, 550 So.2d 609, 610 (La. 1989); <u>Sherwood v. Stein</u>, 259 So.2d 876, 878 (La. 1972)); <u>Bezue v. Hartford Acc. & Indem. Co.</u>, 224 So.2d 76, 77 (La. App. 1st Cir. 1969). More specifically, "equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer" if a provision is susceptible to two or more reasonable interpretations. <u>Cadwallader v. Allstate Ins. Co.</u>, 848 So.2d 577, 580 (La. 2003) (citing <u>Carrier v. Reliance Ins. Co.</u>, 759 So.2d 37, 43 (La. 2000)). Here, the anti-concurrent causation clause that seeks to narrow State Farm's obligation is ambiguous and unenforceable as a matter of law.

The relevant anti-concurrent causation language states that the enumerated losses, which includes water damage, are excluded "regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to preclude the loss; or (d) whether the even occurs suddenly or gradually, involved isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these." In other words, if water damage is at all present, any loss involving water damage is excluded "regardless" of whether a covered peril was the predominant or overwhelming cause of the loss.

Taking this language one step further, to the extent this clause states "regardless of . . . any sequence with the excluded event," if a covered peril such as wind initially caused the loss

4

four to five hours before one drop of flood water became involved, State Farm could exclude the entire loss because of the presence of flood water damage at any time subsequent thereto. Under this interpretation, in order to ensure coverage, a policyholder would be required to submit his claim and have it investigated and resolved in the four or five hour window following that portion of the loss caused by the covered peril but prior to the subsequent arrival of the flood water. Similar absurd hypotheticals are numerous, however, the underlying point remains that under the so-called anti-concurrent causation language, State Farm would have carte blanche to deny coverage so long as the smallest and most insignificant presence of an excluded peril was present "regardless" of "any" other cause, event or sequence to the loss, including a covered peril.

The very "water damage" and "anti-concurrent causation" language relied upon by State Farm has, in fact, been held to be ambiguous as a matter of law by other Federal Courts. In Tuepker v. State Farm Fire and Cas. Co., 2006 WL 1442489 (S. D. Miss.), and Leonard v. Nationwide Mutual Ins. Co., 438 F.Supp.2d 684 (S.D. Miss. 2006), Judge Senter held that enforcement of such anti-concurrent causation language:

> "would mean that an insured whose dwelling lost its roof in high winds and at the same time suffered an incursion of even an inch of water could recover nothing under his Nationwide policy. Read literally, this provision would exclude all coverage when a windstorm did damage to both an insured dwelling (a covered loss) and adjacent "screens, including their supports, around a pool, patio, or other areas." (an excluded loss). I do not believe this is a reasonable interpretation of the policy.
>
> Leonard, 438 F. Supp 2d at 694.

Thus it is clear that the inconsistencies and illusory coverage that would result from the application of these so-called anti-concurrent causation clauses renders them ambiguous as a matter of law and unenforceable. Consequently, the Dirosas are entitled to summary judgment that the anti-concurrent causation clause is ambiguous and unenforceable.

**B.     The Anti-Concurrent Causation Clause Is Inapplicable Because Application Of The Clause Would Contravene Louisiana's Long-Standing Efficient Proximate Cause Doctrine**

Furthermore, application of the anti-concurrent causation clause is flatly contrary to the

"efficient proximate cause" test that the Louisiana Supreme Court has adopted in determining whether coverage exists.  Roach-Strayhan-Holland Post No. 20, Am. Legion Club, Inc. v. Continental Ins. Co., 112 So.2d 680, 683 (La. 1959).  "Efficient proximate cause" has been technically defined as "the efficient or predominant cause which sets into motion the chain of events producing the loss . . . not necessarily the last act in a chain of events."  Graham v. Public Employees Mut. Ins. Co., 656 P.2d 1077, 1081 (Wash. 1983).  The "efficient proximate cause" analysis focuses on whether all of the losses or claims can be traced to one original causative factor, regardless of the number of injuries or claims made.  If the originating or dominant cause of the loss is a covered peril, there is coverage.  Lorio v. Aetna Ins. Co., 232 So.2d 490 (La. 1970) (holding that policyholders may have coverage when covered peril causes an excluded peril).

The Louisiana Supreme Court, as well as other courts in the Gulf region, have interpreted the "efficient proximate cause" doctrine to permit coverage for hurricane-related losses where the evidence has shown that wind was the "proximate cause" of the damage, notwithstanding that flooding contributed to the loss.  See, e.g., Roach-Strayhan-Holland Post No. 20, Am. Legion Club, Inc. v. Continental Ins. Co., 112 So.2d 680, 683 (La. 1959); Western Assurance Co. v. Hann, 78 So. 232, 236 (Ala. 1917); Glens Falls Ins. Co. of Glens Falls, N.Y. v. Linwood Elevator, 130 So.2d 262, 270 (Miss. 1961); Evana Plantation, Inc. v. Yorkshire Ins. Co., 58 So.2d 797, 798 (Miss. 1952).

Under these cases and the underlying rationale behind the "efficient proximate cause" test, if coverage exists where a covered peril is ultimately shown to be the proximate cause of damage despite contribution from a non-covered peril, then the presence of a non-covered peril such as flood damage would not invoke the flood damage exclusion and operate to deny coverage. Under State Farm's theory, a determination that a covered peril was the "efficient proximate cause" of a loss would be meaningless if a Court found "some damage" from an excluded peril.  Any contention that this policy exclusion abrogates the "efficient proximate

cause" doctrine, cannot and should not be adopted by the Court as it is unsupported and would result in a sweeping change in the causation analysis and standard as it applies to policyholders in Louisiana.

In the instant matter, the Dirosas allege that the "efficient proximate cause of the losses . . was 'windstorm,' a covered peril under the" homeowners policy sold to Policyholders by State Farm. (Complaint at ¶ IV.) Thus, the efficient proximate cause of the loss is a covered peril and, therefore, any subsequent excluded peril (if any) does not operate to exclude coverage under Louisiana's long-standing application of the efficient proximate cause doctrine. Accordingly, even if State Farm can prove, which it cannot, that an excluded peril was in part the cause of the Dirosas' losses, the anti-concurrent causation language is unenforceable as a matter of law insofar as it would contravene Louisiana's efficient proximate cause doctrine.[1]

## V.

## CONCLUSION

For the forgoing reasons, the so-called anti-concurrent causation language in State Farm's policy is inapplicable, as a matter of law, to Leslie and Louis Dirosa's loss and they therefore are entitled to judgment as a matter of law.

---

[1] Furthermore, if the State Farm's so-called anti-concurrent causation language is given effect, its enforcement and application would not only contravene the efficient proximate cause doctrine, but would also effectively contravene La. R. S. 22:658.2, which provides, in relevant part, that:

> B. If damage to immovable property is covered, in whole or in part, under the terms of the policy of insurance, the burden is on the insurer to establish an exclusion under the terms of the policy.

> C. Any clause, condition, term, or other provision contained in any policy of insurance which alters or attempts to alter the burden on an insurer as provided in Subsection B of this Section shall be null and void and of no effect.

If the so-called anti-concurrent causation language is given effect, State Farm will not be required to meet the statutorily imposed burden of establishing a specific exclusion under the terms of the policy even where damage is covered "in whole or in part" under the policy. Instead, the so-called anti-concurrent causation language would simply allow State Farm to point to any part of a loss that involves a non-covered peril and deem coverage for the entire loss to be excluded.

RESPECTFULLY SUBMITTED:

**BY:___s/Joseph M. Bruno**
**Joseph M. Bruno (#3604)**
**L. Scott Joanen (#21431)**
**The Law Office of Joseph M. Bruno**
855 Baronne Street, Third Floor
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile:(504) 561-6775
E-Mail:jbruno@jbrunolaw.com

8