UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| PERTAINS TO: SEVERED MASS JOINDER CASES | * | No. 05-4182 |
| | * | |
| *severed from Abadie, 06-5164* | * | SECTION "K" (2) |
| | * | |
| LESLEY DIROSA, LOUIS DIROSA | * | |
| Plaintiff | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | No. 07-2499 |
| STATE FARM FIRE and CASUALTY COMPANY | * | |
| Defendant | * | SECTION "K" (2) |
| ************************************************* | * | |

## STATEMENT OF UNCONTESTED FACTS

1. On August 29, 2005, Hurricane Katrina struck southeastern Louisiana, including the New Orleans Metropolitan area.

2. At all pertinent times, Leslie Dirosa and Louis Dirosa owned the immovable property and all improvements located at municipal address 5211 Marcia Drive, New Orleans, Louisiana.

3. At all pertinent times, the home of Leslie Dirosa and Louis Dirosa located at 5211 Marcia Drive, New Orleans, Louisiana was insured by State Farm Fire and Casualty Company ("State Farm") through an All-Risk Homeowners Policy, identified as Policy Number 18-25-7694-0.

4. The All-Risk Homeowners Policy, identified as Policy Number 18-25-7694-0., contained a Section I coverage deductible that included a "special hurricane deductible endorsement" that provided that if damage is caused by a hurricane to covered property, the Dirosas' would be required to pay an increased deductible for such losses, as opposed to the standard deductible applicable to other covered perils.

5. The Dirosas' home at 5211 Marcia Drive, New Orleans, Louisiana suffered substantial damage to the roof and skylights that allowed rain water to enter the home and damage or destroy much of the interior structure and contents.

6. In addition, the Dirosas' home was located in the Lakeview area of New Orleans, so flood waters from a levee breach entered their home.

7. As part of its defense, State Farm has alleged as its third defense that "[t]he damages sought by the plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents, the terms and conditions of which policy are pled as if copied herein in their entirety, including, specifically, the exclusions for water damage and for damages concurrently caused by non-covered and covered perils." (See Answer and Defenses, Doc. No. 4865).

RESPECTFULLY SUBMITTED:

BY:   s/Joseph M. Bruno
**Joseph M. Bruno (#3604)**
**L. Scott Joanen (#21431)**
**The Law Office of Joseph M. Bruno**
855 Baronne Street, Third Floor
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile:(504) 561-6775
E-Mail:jbruno@jbrunolaw.com