UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, | * | |
| *Xavier Univ. of La.*, No. 06-0516 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |

DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION TO QUASH

Defendant Travelers Property Casualty Company of America ("Travelers") respectfully submits this short supplemental memorandum in opposition to Plaintiff Xavier University of Louisiana's ("Xavier") motion to quash, in order to address the impact of the Fifth Circuit's August 2, 2007 decision on Xavier's motion. The Fifth Circuit's decision was issued after Travelers filed its opposition to the motion to quash.

Xavier's motion seeks, among other relief, an order barring non-parties Landis Construction Company ("Landis") and FoxCor, Inc. ("FoxCor") from producing documents pertaining to non-insurance funds that Xavier applied for from the Federal Emergency Management Agency ("FEMA"). In its July 12, 2007 Order on Travelers' motion to compel, this Court ruled that "how Xavier may have characterized its damages when applying for other

funds is irrelevant" because "Xavier's claim is that Travelers owes it indemnity under the policy for all of its damages, not just damages caused by wind," and "[t]he presiding district judge has denied defendant's motion to dismiss plaintiff's claim for damages caused by inundation." (Order dated July 12, 2007 (Rec. Doc. 6428), at 6-7.)  The Court noted that "[a]lthough that holding is on appeal, the Fifth Circuit has not yet ruled and plaintiff's claim for all damages remains in this case."  (Id., at 7 (emphasis added).)  The Fifth Circuit has now ruled, unanimously, that "the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery" because "[r]egardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property."  Katrina Canal Breaches, slip op. at 3.  The Fifth Circuit made very clear that the plaintiffs, including Xavier, "are not entitled to recover under their policies" for damage caused by the floodwaters released from the levees.  Id.

Based on the Fifth Circuit's ruling, Xavier is no longer entitled to pursue a claim for its flood losses.  The focus of the dispute between Travelers and Xavier will now be on determining what portion of the damage to Xavier's property was caused by wind and wind-driven rain from Hurricane Katrina, as opposed to the floodwaters.  How Xavier characterized the cause of its losses (wind vs. flood) is now even more relevant to the parties' claims and defenses.  Travelers will certainly be entitled to argue, for example, that Xavier should not be entitled to recover under the Travelers policy for damage that it told FEMA (or some other potential source of funding) was caused by flood.  See, e.g., Esposito v. Allstate Ins. Co., 2007 WL 1125761, at *2 (E.D. La. Apr. 16, 2007) (Zainey, J.) (holding that insured was "not entitled to obtain a windfall double recovery by now recharacterizing as wind damage those losses for which he has already been compensated by previously attributing them to flood waters").  Accordingly, based upon

the Fifth Circuit's decision, Xavier's motion to quash the production of FEMA-related

documents should be denied. The other relief that Xavier seeks should be denied for the reasons

stated in Travelers' opposition brief filed on July 31, 2007 (Rec. Doc. 6771).

## CONCLUSION

For all of the foregoing reasons, in addition to those stated in Travelers' opposition brief

filed on July 31, 2007, Xavier's motion to quash should be denied.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8255
Facsimile:     (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on August 6, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.