UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| _____ | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| PERTAINS TO:  ALL MRGO | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO INTERROGATORIES AND TO DETERMINE THE SUFFICIENCY
OF PLAINTIFFS' ANSWERS TO REQUESTS FOR ADMISSIONS**

After nearly two months of delay and despite two cracks at supplementing their initial responses – the deficiencies in which this Court characterized as "glaring" – Plaintiffs still have not fully and completely answered the United States' interrogatories.[1]  Although Plaintiffs' latest supplemental responses finally answer certain of the interrogatories, they sidestep some

---

[1] As the United States explained in its reply brief (Rec. Doc. No. 6788), Plaintiffs first purported to supplement their responses to interrogatories and requests for admissions with "amended" answers, which the United States received shortly after it filed its motion to compel. These responses cured a smattering of deficiencies but largely pleaded for more time to supplement.  *See* Rec. Doc. No. 6788, Ex. A (MRGO Plaintiffs' Amended Responses to Defendant United States' First Set of Interrogatories).  On July 30, Plaintiffs filed with the Court their second supplement, styled "MRGO Plaintiffs' Supplemental Responses to Defendant United States' First Set of Interrogatories" (Rec. Doc. No. 6744).

1

questions while entirely failing to answer yet others.  Moreover, at this late date, Plaintiffs' interrogatory responses remain unverified.  Further, while Plaintiffs have denied the United States' requests for admissions ("RFAs"), they have not withdrawn their objections to those requests – leaving the effect of their denials uncertain.  Therefore, pursuant to the Court's order of July 30, 2007 (Rec. Doc. 6721), the United States submits this supplemental memorandum documenting the remaining deficiencies in Plaintiffs' interrogatory and RFA responses.[2]

## ARGUMENT

**I.  THE COURT SHOULD COMPEL PLAINTIFFS TO REMEDY THE REMAINING DEFICIENCIES IN THEIR INTERROGATORY RESPONSES.**

In light of Plaintiffs' second set of supplemental responses, the United States no longer moves to compel further answers to interrogatory Nos. 2-5, 8, 11, 12, 14-16, 22, 26, 30, and 31.  Substantial deficiencies, however, persist in Plaintiffs' responses to the remaining interrogatories.

*First*, Plaintiffs still have failed to provide any meaningful answer whatsoever to interrogatory Nos. 9, 19-21, 23-25, 27-29, and 32-34.  Several of these can be dealt with out of hand.  Plaintiffs' latest set of supplemental responses, for example, omits Nos. 24 and 25 altogether.  As to No. 32, which asks them to identify past and present U.S. personnel with whom Plaintiffs have had contact relevant to this litigation, they revert to the hackneyed *non sequitur* that they are "still investigating the Responding Parties' claims."  With respect to Nos.

---

[2] In this brief the United States primarily addresses new objections and continued failures to answer interrogatories as reflected in Plaintiffs' second set of supplemental responses.  For argument regarding the various objections Plaintiffs asserted in their initial responses to RFAs and interrogatories, the United States refers the Court to its initial brief (Rec. Doc. No. 6551).

33 and 34, which seek information on Plaintiffs' contentions regarding jurisdictional matters, Plaintiffs have merely reasserted their baseless objections that these interrogatories call for legal conclusions and seek information protected by the attorney-client privilege or work product doctrine.

As to interrogatory Nos. 9, 19-21, 23, and 27-29, Plaintiffs continue to rely upon the canard – expressed for the first time, belatedly, in their opposition brief – that they cannot respond because of the United States' purported failure to produce documents containing the information. This is a diversion, and a baseless one at that. The document production process to which plaintiffs advert did not begin until *after* Plaintiffs' responses to interrogatories were due, and is not scheduled to end for several months.[3] Although Plaintiffs may well need to supplement their interrogatory responses after reviewing documents produced by the United States, that does not relieve them of the obligation to "furnish such information as is available" to them now. Fed. R. Civ. P. 33(a).

Consistent with their counsel's obligation to investigate before filing suit, *see* Fed. R. Civ. P. 11(b), Plaintiffs assuredly *do* have such information. These are *contention* interrogatories; they seek information concerning the allegations of the MRGO Master Complaint and the bases of those allegations. For example, the Master Complaint asserts that the Army Corps of Engineers "received many warnings of impending disaster that would fall

---

[3] Under Case Management and Scheduling Order No. 4 ("CMO No. 4"), all parties were to respond in writing to common liability interrogatories, requests for admission, and requests for production of documents by June 14, 2007. CMO No. 4 § IV(B)(1)(h). The Court recognized, however, that the actual production of documents would need to be accomplished on a rolling basis, with the coordination of counsel, and set a deadline for that task of February 29, 2008. *See id.* § IV(B)(1)(i).

upon Greater New Orleans as a result of the negligent design, construction, operation and maintenance of the MR-GO." Master Compl. ¶ 33. Interrogatory No. 21 simply asks for "all available information" regarding those purported warnings. Similarly, Interrogatory No. 23 – quoting paragraph 64 of the Master Complaint – asks Plaintiffs to describe "the basis for your assertion that 'the Corps negligently failed to consider any alteration of the [MRGO] project' after 1981."

Under Rule 11, Plaintiffs' counsel had an obligation to identify factual support for these allegations before suing the United States. *See* Fed. R. Civ. P. 11(b)(3); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001) ("Rule 11 states that attorneys must not file suit . . . without evidentiary support for the allegations contained in the complaint. . . . Moreover, an attorney must have made a reasonable inquiry into the facts . . . of a case at the time which she affixes her signature on any papers to the court."). For Plaintiffs to now claim that they cannot answer such questions until they see the United States' documents smacks of bad faith. Indeed, this Court has recently recognized the link between conducting a reasonable inquiry before filing suit and doing the same in responding to discovery. *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 "K" (2), slip op. at 2 (E.D. La. Aug. 2, 2007) (Wilkinson, M.J.) (Rec. Doc. No. 6815) (observing that a party's obligation to "make 'a reasonable inquiry' when responding to discovery requests is 'similar to the duty under Rule 11 to make a reasonable inquiry into the basis of the action'").

*Second*, Plaintiffs have provided only limited information in response to interrogatory Nos. 6, 7, 10, arguing once again that full responses are not possible because the United States has not produced documents containing the information. These, too, are contention

4

interrogatories. Plaintiffs ought to be able to answer them in some depth based solely on their pre-suit investigation. The United States recognizes that some of the details it seeks may need to await Plaintiffs' review of the United States' document production. Plaintiffs' overreliance on this excuse, however, instills little confidence that Plaintiffs have actually provided the information reasonably available to them now.[4]

*Third*, Plaintiffs' supplemental responses to interrogatory Nos. 1, 13, 17, and 18 skirt or do not fully address the questions posed. Master Complaint ¶ 23 alleges that the Army Corps of Engineers was negligent in "failing to take account of the [MRGO's] inherent and known capability of serving as a funnel or conduit" for storm surge. Interrogatory No. 1 therefore asked Plaintiffs to explain how the MRGO should have been designed to "take account" of this alleged capability. Instead of answering that question, Plaintiffs have provided a non-responsive list of the "engineering and ecological consequences" of the MRGO. Plaintiffs are required to answer the question as posed, even if their answer is simply that the MRGO should not have been designed or built at all.

Interrogatory No. 13 asked Plaintiffs to describe the "abundant evidence of flood side cracking and sinkhole formation on the protected side" that their expert, Dr. Robert Bea, referred to in his declaration submitted with Plaintiffs' initial disclosures. In response, Plaintiffs say only that "Dr. Bea's statement were [sic] based on his personal visual observations on or about

---

[4] For example, subparts (f) and (i) of interrogatory No. 6 (mislabeled (e) and (h) in the original document) seek information regarding the location of each levee or floodwall that failed as a result of a purported act or omission of the United States, as well as citations to the statutes, regulations, or directives that those acts or omissions allegedly contravened. With respect to these two categories of information, Plaintiffs acknowledge that they are *not* awaiting documents from the United States but simply "have not completed compiling this information," more than three months after the interrogatories were first posed to them on April 30, 2007.

5

September 24, 2005." This is not an answer to the question. The United States did not ask *how* Dr. Bea became aware of the evidence; it asked for a detailed *description* of that evidence.

In response to interrogatory No. 17, which relates to Plaintiffs' contentions concerning inappropriate fill material in levees, Plaintiffs quote at length from the Team Louisiana report concerning the composition and post-Katrina condition of the levees. But they completely ignore the various subparts of the question seeking information concerning soil sampling, including the location of the sampling, where the samples are now, who took the samples, the chain of custody of the samples, and so forth. To the extent Plaintiffs have any such sampling information, they are obligated to provide it.

In response to interrogatory No. 18, which seeks all available information on each levee design, engineering, or construction criterion that Plaintiffs claim the Corps violated, Plaintiffs have responded with the exceedingly generic statement that the Corps "used fine-grained soils or highly organic soils . . . in contravention of their own USACE Levee Manual." To the extent Plaintiffs have such details as the specific criterion violated, the date of the alleged violation, the act or omission that constituted the violation, and other information, they are required to provide them.

*Fourth*, nearly two months on from service of their initial responses, Plaintiffs still have not verified their interrogatory answers as required under Federal Rule of Civil Procedure 33(b). Nor have they provided any excuse for their failure to do so.

Accordingly, the United States asks the Court to compel Plaintiffs to fully answer interrogatory Nos. 1, 6, 7, 9, 10, 13, 17-21, 23-25, 27-29, and 32-34, and verify their interrogatory responses.

## II.     THE COURT SHOULD OVERRULE PLAINTIFFS' OBJECTIONS TO THE UNITED STATES' REQUESTS FOR ADMISSIONS.

In its motion to compel, the United States requested that the Court determine the sufficiency of  Plaintiffs' responses to RFA Nos. 5, 6, 25, 26, and 46-50.  Thereafter, in their amended responses to the RFAs (Rec. Doc. 6678, Ex. A), Plaintiffs denied each of these RFAs.[5]  Inasmuch as these responses are unequivocal, the United States no longer challenges their sufficiency.  Even as they denied these RFAs, however, Plaintiffs continued to interpose the same baseless objections asserted in their initial response – leaving the effect of their denials unclear.  Plaintiffs have not availed themselves of several opportunities to resolve any confusion concerning the wording of these RFAs, first at the Rule 37 telephone conference on July 9, 2007, and then through written correspondence with the United States.  The United States therefore requests that the Court overrule Plaintiffs' objections so as to give binding effect to their denials.

---

[5] Plaintiffs have denied some of these requests even though Plaintiffs have information that requires them in good faith to admit the requests.  Should Plaintiffs stand by these denials, the United States will seek all remedies available under Federal Rule of Civil Procedure 37(c)(2) after trial.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the United States' initial brief and reply brief supporting the motion to compel, the United States asks that the Court (a) compel Plaintiffs to fully and completely answer interrogatory Nos. 1, 6, 7, 9, 10, 13, 17-21, 23-25, 27-29, and 32-34; (b) compel Plaintiffs to verify their interrogatory responses; and (c) overrule Plaintiffs' objections to the United States' RFAs.

> Respectfully submitted,
>
> PETER D. KEISLER
> Assistant Attorney General
>
> C. FREDERICK BECKNER III
> Deputy Assistant Attorney General
>
> PHYLLIS J. PYLES
> Director, Torts Branch
>
> JAMES G. TOUHEY, JR.
> Assistant Director, Torts Branch
>
>     /s/ Brian E. Bowcut
> ROBIN D. SMITH
> Senior Trial Counsel
> BRIAN E. BOWCUT
> TARA A. BOWMAN
> Trial Attorneys
> Torts Branch, Civil Division
> U.S. Department of Justice
> Benjamin Franklin Station, P.O. Box 888
> Washington, DC  20044
> (202) 616-4400 (tel.) / (202) 616-5200 (fax)
> brian.bowcut@usdoj.gov
> Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

    I hereby certify that on August 9, 2007, I caused a true copy of the foregoing Defendant United States' Supplemental Memorandum in Support of Its Motion to Compel Plaintiffs' Responses to Interrogatories and to Determine the Sufficiency of Plaintiffs' Answers to Requests for Admissions to be served on all counsel of record via ECF.



    /s/  Brian E. Bowcut