UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| | **SECTION "K" MAG "2"** |
| **PERTAINS TO: INSURANCE (XAVIER UNIVERSITY OF LOUISIANA V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**SUR-REPLY MEMORANDUM TO DEFENDANT'S REPLY MEMORANDUM TO OPPOSITION TO MOTION FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Sur-Reply Memorandum to the Defendant's Reply Memorandum to Xavier's Opposition to the Motion for Reconsideration.[1]  In its Reply Memorandum, Travelers Property Casualty Company of America ("Travelers") asserts that reconsideration of this Court's July 12, 2007 Order and Reasons is appropriate in light of the United

---

[1] Travelers has raised similar arguments in a Supplemental Memorandum in Opposition to Xavier's Motion to Quash [Record Doc. No. 6845].  With the filing of this Sur-Reply Memorandum, it is Xavier's intent to address both memoranda filed by Travelers.

States Fifth Circuit Court of Appeals' recent ruling in this case concerning its interpretation of the so-called "water damage" exclusion. Travelers contends that the Fifth Circuit's ruling makes documents related to funds received by Xavier from non-insurers relevant to the present dispute between Xavier and its property insurer. For the following reasons, Xavier respectfully submits that the Fifth Circuit's ruling has no effect on this Court's denial of Travelers' motion to compel production of information provided to non-insurer sources, such as FEMA, HUD, or charitable entities.

As this Court aptly recognized in its July 12 Order and Reasons, "[t]he fact that Xavier may be in a position to tap non-insurance proceeds to assist itself in a time of disaster has nothing to do with the claim in this case that Travelers failed to meet its contractual, insurance obligations to do so. Thus, unlike other insurance proceeds, Xavier's receipt of funds from other, non-insurance sources is completely irrelevant to Travelers' obligations under its contract of insurance with Xavier." July 12 Order and Reasons at 6 (emphasis in original). The Fifth Circuit's August 2 opinion does not discuss these issues and does nothing to alter the distinction between information provided to insurers and information provided to non-insurers.

Travelers' reliance on *Esposito v. Allstate Insurance Co.*, 2007 WL 1125761 (E.D. La. Apr. 16, 2007), misses the mark. In *Esposito*, the court was discussing whether damages were recoverable under both an NFIP policy and a homeowners' policy.[2] The court was not asked to determine whether information provided to a non-insurer was relevant or admissible in a dispute with that party's insurer. Travelers cites no case where a court has ordered production of information

---

[2] For reasons stated previously, Xavier maintains that NFIP proceeds are a collateral source; however, this Court has held that information pertaining to Xavier's NFIP claim is discoverable.

provided to non-insurer entities, such as FEMA, HUD, or charitable entities. On July 12, this Court correctly recognized that the two types of information were distinguishable and that information provided to non-insurers is wholly irrelevant to these proceedings, and Travelers has yet to cite any authority demonstrating that this Court erred in so holding.

Travelers also ignores the manner in which FEMA provided assistance following Hurricane Katrina. Marion Bracy, Xavier's Vice President in charge of Facility Planning and Management, was part of the administration responsible for overseeing repairs to the campus and has submitted a declaration attached hereto as Exhibit 1 that describes the manner in which FEMA provided assistance. To receive disaster assistance from FEMA, Xavier made available to FEMA all information concerning repair work at the campus. *See* Exhibit 1. None of this information classified damages as caused by water inundation or wind. *Id.* FEMA, upon receipt of the information, would determine the nature of the damages and eligibility for funding. *Id.* Xavier did not provide any information to FEMA classifying the damages as caused by wind or water inundation. *Id.*

Resolution of the issues in the present case must turn, not on federal regulations, but on interpretation of the all risks policy Travelers issued to Xavier. Furthermore, whether FEMA may have determined the cost of a particular item of repair is wholly irrelevant to Travelers' obligation to indemnify Xavier for that loss. Again, Travelers' obligation is to provide replacement cost value as provided for in its policy issued to Xavier. Travelers' duty toward Xavier is not defined in the context of FEMA regulations and limitations.

Finally, production of the information sought by Travelers will be unduly burdensome on Xavier. The FEMA-related information is voluminous, consisting of several thousands of pages, and

will be costly for Xavier to have to copy and produce to Travelers.

For these reasons, Travelers cannot show that there has been any intervening change in the law concerning the relevance of certain documents. The distinction between information provided to insurers and that provided to non-insurers remains alive and well despite the Fifth Circuit's ruling. As this Court appropriately concluded on July 12, the latter type of information is wholly irrelevant to the present insurance dispute between Xavier and Travelers. For the foregoing reasons, Xavier requests that this Court deny Travelers' motion for reconsideration and grant its motion to quash the subpoenas issued to FoxCor and Landis Construction.

    Respectfully Submitted:

    /s/ James M. Garner
    JAMES M. GARNER, #19589
    DARNELL BLUDWORTH, #18801
    TIMOTHY B. FRANCIS, #14973
    KEVIN M. MCGLONE, #28145
    **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
    909 Poydras St., 28th Floor
    New Orleans, LA 70112
    Telephone: 504-299-2100
    Facsimile: 504-299-2300
    COUNSEL FOR XAVIER UNIVERSITY OF LOUISIANA

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

    /s/ James M. Garner
    JAMES M. GARNER