UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO and LEVEE | § | |
| | § | |
| _____ | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

**I.**

**INTRODUCTION**

The ruling of the Court was and is correct. No new grounds have been shown to justify reconsideration. Moreover, by allowing the Plaintiffs in Levee to file their amended Motion to Certify, the discovery urged in the Motion for Reconsideration is much more remote today than it was several weeks ago. The July 19, 2007 Order should not be disturbed.

**II.**

**THE AMENDED MOTION TO CERTIFY CHANGES THE DISCOVERY LANDSCAPE**

The Plaintiffs Amended Motion to Certify states:

1

> "5. Trial Plan. Further, as a primary demonstration of the superiority of a class action over a mass joinder, Plaintiffs' trial plan will call for the separate adjudication of certified common issues only,i.e., (1) the causes(s)of the levee failures which allowed the water to inundate the class and sub-class areas, (2) the fault of the defendants(and others) found responsible for these levee failures, (3) the apportionment of fault, and (4) the nature and extent of class-wide harm,i.e., damages suffered by the class as a whole resulting from the breakdown of New Orleans social structure, loss of cultural heritage and cultural enjoyment, and the dramatic alteration of the physical, economic, political, social and psychological character of the community. Through an order of severance and bifurcation which Plaintiffs will request, all issues of individual damages will be at a later time. This approach is consistent with Fed.R.Civ.P. 23( c)(4)."

A similar request has been made in the proposed amended MRGO amending motion. These judicial declarations make it crystal clear, the focus of the certification hearing, and thus, the focus in anticipation of the certification hearing directs itself to issues and not to individualized items of damages. The relevant inquiries include, did your home, business flood? They do not include how much did it cost to repair. The Road Home and Insurance Claim File discovery sought is wide of the mark.

### III.

### DEFENDANTS HAVE BEEN GRANTED SUFFICIENT CLASS REPRESENTATIVE DISCOVERY

Even in the absence of these declarations, the Court has drawn reasonable limits on discovery. By the 3rd$^{th}$ of August, 2007, more than ninety days prior to the certification hearings, the Proposed Class Representatives, originally disclosed and not withdrawn, as well as all substitutes, will have provided the Defendants with: (1) the deposition of each Proposed Class Representative; (2) the opportunity to inspect their damaged properties; (3) executed medical, employment and tax releases; (4) records of evacuation expenses where available; and, (5) film and photographs of their properties pre and post Katrina, if available.

The Plaintiffs on the 1st of August served their amended written discovery responses on the Defendants in accordance with the Magistrate Judge's Order of July 19, 2007. There is no pending discovery owed to the Defendants beyond their obligation to seasonably supplement. Plaintiffs submit that there is a limit and that limit should be as drawn. The Defendants complain that there may be evidence of wind or rain damage these files. So what, the point is the homes and businesses of the Plaintiffs were partially submerged. This is the common thread for certification, not the proportion of one to the other. The discovery allowed to date and the limits on certification, issues only, is more than sufficient.

## IV.
## TRIAL PLAN

Several weeks ago the court considered the Plaintiffs trial plan responses to be sufficient. They were then and they are now. Nothing has changed to warrant reconsideration.

WHEREFORE, the Plaintiffs respectfully request that this Court deny the Defendants' Request for Reconsideration.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

3

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of August, 2007.

                                                   /s/ Joseph M. Bruno
                                                 Joseph M. Bruno