UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO.: 05-4182

                                       SECTION "K"(2)

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
            06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
            06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
            06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
            07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MR-GO

---

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MRGO DEFENDANTS' MOTION TO RECONSIDER COURT'S ORDER (DOCKET NO. 6592) ON MRGO DEFENDANTS' MOTION TO COMPEL

MAY IT PLEASE THE COURT:

Presently before the Court is the MRGO Defendants' Motion to Reconsider Court's Order (Docket No. 6592) on MRGO Defendants' Motion to Compel. In that motion, these defendants request a reconsideration of this Court's July 19, 2007 Order, insofar as it denied the MRGO Defendants' motion to compel on three discovery issues: (1) plaintiffs' insurance claims files, (2) plaintiffs' applications for benefits from all sources, including the "Road Home" program, and (3) plaintiffs' trial plan. This motion should be summarily denied as it amounts to

1

nothing more than a reiteration and/or regurgitation of the arguments that these defendants unsuccessfully made in their previous Motion to Compel.

In *Johnson v. Cain*, 2007 WL 1741883 (ED LA Duval, Judge 2007), this Court recognized that "reconsideration of a judgment is an extraordinary remedy which courts should use sparingly." The United States Court of Appeals for the Fifth Circuit has stated and this Court has previously cited:

> The federal rules do not recognize a "motion for reconsideration" *in haec verba*. We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment under Rule 60(b). *Id. citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990).

If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *Id.* Rule 60(b) provides:

> b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

See *Global Marine Shipping (No. 10) Ltd. v. Finning Int'l Inc.*, 2002 WL 31246548, (E.D. La. Duval, Judge 10/4/02). In the present case, the MRGO Defendants filed this Motion for

Reconsideration on August 2, 2007, more than ten days after this Court's decision denying their Motion to Compel. As such, the aforementioned jurisprudence dictates that this Motion for Reconsideration should be granted only in the event that it meets the Rule 60(b) standard.

A thorough review of these defendants' 26 page memorandum in support of their Motion for Reconsideration plainly reveals the same arguments, worded differently, that they made in their memorandum in support of their Motion to Compel. Consequently, they have offered nothing to justify the extraordinary remedy requested in their Motion for Reconsideration and plaintiffs submit that this motion should be summarily denied.

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL

/s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
Law Offices of Joseph M. Bruno.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone:   (504)   525-1335
Facsimile: (504) 561-6775

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

/s/ Jonathan B. Andry
Jonathan B. Andry, Esq.
THE ANDRY LAW FIRM, LLC
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504)586-8933

For
MR-GO PLAINTIFFS SUB GROUP
LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record through the Court's CM/ECF system this __10th__ day of August, 2007.

/s/ Joseph M. Bruno
Joseph M. Bruno