UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | & Consolidated Cases |
| | * | |
| PERTAINS TO: | * | JUDGE DUVALL |
| | * | |
| LEVEE: 06-5127 (DEPASS) | * | MAG. KNOWLES |
| | * | |
| | * | |

**************************************************************************

### DEFENDANT THE PARISH OF JEFFERSON'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendant, the Parish of Jefferson ("Parish"), opposes plaintiffs' Motion for Leave to file Third Amended Complaint For Declaratory Judgment and Damages. The Parish already has pending a motion to dismiss plaintiffs' original Complaint For Declaratory Judgment and Damages and their two amended complaints, which has not yet been ruled on. (doc #s 1523 and 3549). As more fully set forth in the Parish's motion and reply memorandum, originally filed on November 6, 2006 and March 22, 2007, respectively, dismissal of plaintiffs' original and two amended complaints is warranted under both FRCP 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

The Parish further submits that pursuant to the Court's March 1, 2007 Case Management Order No. 4 (CMO 4) plaintiffs' motion to amend is untimely. It was filed after the date for filing amendments had passed and after a motion to dismiss had been filed. See CMO4 II(A), pp. 12-13 ("The Court finds that ample time for completion of pleadings has been provided in the first phase of these consolidated matters. . . . Accordingly, the deadline for amending pleadings is now deemed

lapsed....").

It is well settled that an untimely filed Motion for Leave to depart from a scheduling order requires that a plaintiff satisfy both the requirements of Federal Rule of Civil Procedure Rule 15 and Rule 16 before obtaining leave.[1]  Under Fed.R.Civ.P. 15, the factors the Court considers in determining whether a substantial reason exists to grant a Motion for Leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[2] Fed.R.Civ.P. 16(b) "governs amendment of pleadings once a scheduling order has been issued by the district court."[3]  Fed.R.Civ.P. 16(b) specifically states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge..."[4]  The purpose of requiring a showing of good cause for an untimely filed Motion for Leave to amend pleadings is to promote "court efficiency" and "to expedite pretrial procedure."[5]

The good cause standard requires the movant "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[6]  The court considers four factors to determine whether a party demonstrated "good cause" under Rule 16(b): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

---

[1] See *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *See also Kemp v. Metabolife International, Inc.*, 2004 WL 2095618, *2 (E.D. La. 2004).

[2] See *Schiller v. Physicians Resource Group*, 342 F.3d 563, 566 (5th Cir. 2003).

[3] *S&W Enterprises, LLC v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003); *See also, Smith v. BCE, Inc.*, 2007 WL 570302, at p. 4 (5th Cir. 2007).

[4] Fed.R.Civ.P. 16(b).

[5] *S&W Enterprises, LLC*, 315 F.3d at 536.

[6] *Smith v. BCE, Inc.*, 2007 WL 570302, at p. 4 (5th Cir. 2007).

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[7]

Here, plaintiffs have given no explanation, much less a compelling one, for their failure to abide by the mandates of the scheduling order.[8] Plaintiffs' Motion to Amend the pleadings is without any demonstration of good cause and should be denied. Plaintiffs' failure in this regard constitutes a basis for denying them leave to file their proposed amended pleading.

The Fifth Circuit has held that timeliness of the motion to amend is an important factor for consideration.[9] Plaintiffs had ample opportunity to amend their pleadings before the deadline for amending ran. Plaintiffs also could have cured any perceived deficiencies before the Parish filed its Motion to Dismiss.

For the reasons set forth above, the Parish submits that plaintiffs' leave to amend should be denied.

---

[7] *Id.* (citing *S&W Enterprises, LLC*, 315 F.3d at 536; *See also, Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

[8] See *Westlands Water District v Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) (noting "district court does not abuse its discretion in denying leave to amend where the movant has presented no new facts but only new theories and has provided no satisfactory explanation for his failure to develop the new contentions originally").

[9] See *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163-1164 (5th Cir. 1982) (denying motion for leave to amend as untimely).

3

Respectfully submitted:

**BURGLASS & TANKERSLEY, LLC**

/S/ Scott O. Gaspard
CHRISTOPHER K. TANKERSLEY (19176)
DENNIS J. PHAYER (10408)
SCOTT O. GASPARD (23747)
5213 Airline Drive
Metairie, Louisiana 70001-5602
Phone: (504) 836-2220 /Fax: (504) 836-2221
ctankersley@burglass.com
dphayer@burglass.com
sgaspard@burglass.com

Attorneys for defendant, the Parish of Jefferson

## CERTIFICATE OF SERVICE

We hereby certify that on August 13, 2007, we electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that we served a true copy of the foregoing pleading upon all counsel of record by first class and/or electronic mail.

**BURGLASS & TANKERSLEY, LLC**

/S/ Scott O. Gaspard
CHRISTOPHER K. TANKERSLEY (19176)
DENNIS J. PHAYER (10408)
SCOTT O. GASPARD (23747)
5213 Airline Drive
Metairie, Louisiana 70001-5602
Phone: (504) 836-2220 /Fax: (504) 836-2221
ctankersley@burglass.com
dphayer@burglass.com
sgaspard@burglass.com