UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, | * | |
| *Xavier Univ. of La.*, No. 06-0516 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
RESPONSE TO PLAINTIFF'S SUR-REPLY MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER ON DEFENDANT'S MOTION TO COMPEL**

In view of the Fifth Circuit's decision that flood damage to Xavier's campus is not covered, the dispute between Xavier and Travelers will now focus on the repair work performed on Xavier's campus. The trier of fact will be asked to determine which repairs were necessitated by wind damage and whether the cost of those repairs was reasonable. According to Xavier, the documents it provided to FEMA consist of "several thousands of pages" that contain "*all information concerning the repair work being performed on its campus.*" (Xavier Sur-reply Memo., at 3; Declaration of Marion B. Bracy submitted with Sur-reply Memo., ¶ 3 (emphasis added).) There is no question that "all information concerning the repair work being performed on [Xavier's] campus" is of critical importance to this case. Indeed, Xavier has produced some documents pertaining to the repairs to its campus but has withheld other documents simply

because they were submitted to FEMA. Xavier has no valid basis for withholding these documents.

The documents produced thus far by Landis confirm that detailed information concerning the scope of the repair work was provided to FEMA. (See Meeting Minutes - Revision 1, dated Nov. 29, 2005, at p. 3 (attached as Exhibit A hereto).) Travelers is clearly entitled to all documentation concerning the nature and extent of the repairs performed on Xavier's campus after Hurricane Katrina. Xavier has produced some documents pertaining to those repairs but, for some reason, is stonewalling in response to Travelers' requests for copies of repair documentation that was provided by Xavier to FEMA.

Tellingly, Xavier does not represent in its brief or in the Bracy Declaration that all of the documentation provided to FEMA concerning the repair work has also been provided separately to Travelers.[1] Presumably, Xavier (and Landis and FoxCor) provided different information to FEMA about the repairs than has been provided to Travelers. Otherwise there would be no reason for Xavier to attempt to preclude this discovery. Whatever the differences are between Xavier's submissions to FEMA and Xavier's submissions to Travelers, whether they relate to the cost of the repairs, the nature or cause of the damage or any other matter, this information is clearly relevant to this litigation. If Xavier told FEMA something different than it told Travelers about the repair work, the trier of fact will be entitled to know that. The Bracy Declaration also states that FEMA made determinations on the "nature of the damage," presumably referring to the cause of the losses. (Bracy Declaration, ¶ 5.) How FEMA allocated damage between wind

---

[1] If Xavier were to make such a representation, Travelers would, in any event, be entitled to explore whether or not that representation is accurate by obtaining copies of the documents provided to FEMA and comparing them with the documents Xavier has previously provided. There would be no harm to Xavier in producing the documents if they were in fact duplicative.

and flood is also relevant to the issue of whether Travelers' allocation of the damages was correct. As the administrator of the National Flood Insurance Program, FEMA has expertise in segregating wind and flood damage, and any findings by FEMA are clearly either admissible or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The Bracy Declaration submitted with Xavier's Sur-reply makes a new assertion, never previously raised in Xavier's briefing on these motions, that the thousands of pages provided to FEMA "did not classify damages as being caused by water inundation or wind" and that "Xavier submitted no information to FEMA characterizing damages as caused by wind or water inundation." (Bracy Declaration, ¶¶ 3, 6.) The repairs occurred more than 18 months ago, and Mr. Bracy does not swear that he reviewed each of the thousands of pages of FEMA documentation before signing his declaration. Even if he had, this is discovery and Travelers would be entitled to review the thousands of pages of documents itself to explore the accuracy of Xavier's representations. Xavier cannot bar discovery of thousands of pages of documents on a critical issue in this case (i.e., the repair work on Xavier's campus) by submitting a self-serving affidavit setting forth Xavier's own conclusions about the significance of the documents. See Auvil v. CBS "60 Minutes", 140 F.R.D. 450, 452 (E.D. Wash. 1991) (concluding that a party was entitled to take discovery to test accuracy of affidavits provided by an opposing party); Central Laborers' Pension Welfare & Annuity Funds v. Belcher, 1986 WL 2054, at *1 (N.D. Ill. Feb. 6, 1986) (holding that plaintiff was "entitled to appropriate discovery to ascertain whether the statements in [defendant's] affidavit are accurate"). Even if Mr. Bracy is correct and the documents do not contain information regarding the cause of damages, it is clear that, since the

---

To the extent that Xavier claims that it will be costly to copy the documents, Travelers is willing

213931-1                                                  3

documents contain "all information concerning the repair work" (Bracy Declaration, ¶ 3), the documents must contain admissible evidence regarding the scope and pricing of repairs. Furthermore, the production of these documents will cause no harm to Xavier. To the extent that Xavier claims that it will be costly for it to produce the FEMA documents, Travelers is willing to pay the reasonable cost of the photocopying.

Xavier also argues that "whether FEMA may have determined the cost of a particular item of repair is wholly irrelevant to Travelers' obligation to indemnify Xavier for that loss." (Xavier Sur-reply Memo., at 3.) That is simply not true. In determining the replacement cost of the damage under the Travelers policy, the trier of fact will be entitled to consider all relevant evidence of the reasonable cost of the repairs, including what FEMA determined was the reasonable cost. See Mamou Farm Serv., Inc. v. Hudson Ins. Co., 488 So. 2d 259, 263 (La. App. 3d Cir. 1986) (holding that, in determining actual cash value, trier of fact may "consider any evidence logically tending to the formation of a correct estimate of the value of the insured property at the time of the loss," including "the nature of the property insured, its condition, and other circumstances existing at the time of the loss"); Mercer v. St. Paul Fire & Marine Ins. Co., 318 So. 2d 111, 114-15 (La. App. 2d Cir. 1975) (applying same rule). In any event, if Xavier wants to challenge the admissibility of the documents it can do that later. "The scope of discovery is broader than the standard for admissibility of evidence at trial." (Order dated July 12, 2007, at 3.)

It is abundantly clear that the thousands of pages of documents that Xavier provided to FEMA pertaining to the post-Katrina repair work on Xavier's campus contain facts which are

---

to pay the reasonable costs to copy the documents.

213931-1       4

highly relevant to this litigation. Xavier has identified no harm that it could possibly suffer by producing that information. It should be ordered to produce those documents.

## CONCLUSION

For all of the foregoing reasons, in addition to those stated in Travelers' prior memoranda of law, Travelers' motion for reconsideration should be granted, and its motion to compel should be granted with respect to Interrogatories Nos. 17 and 17 and Requests for Production Nos. 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:   (860) 275-8255
Facsimile:   (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on August 13, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.