MINUTE ENTRY
WILKINSON, M.J.
AUGUST 13, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES  CIVIL ACTION
      CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

                                                      JUDGE DUVAL
PERTAINS TO:  LEVEE, MRGO                 MAG. WILKINSON

     At the request of Liaison Counsel, a telephone conference was conducted on this date on an expedited basis to consider a dispute between counsel concerning the duration of certain expert depositions concerning class certification issues.  Participating were: Joe Bruno, representing plaintiffs; Gary Zwain, representing defendants.

     Counsel reported that plaintiffs' expert reports for class certification issues were provided on August 10, 2007.  The deposition of plaintiffs' real estate finance expert, John Kilpatrick, commenced this morning.  Defense counsel asserted that counsel had agreed that Kilpatrick's deposition would not be limited to 7 hours, as provided in Fed. R. Civ. P. 30(d)(2), but instead would be conducted for 14 hours, 7 hours for the Levee

MJSTAR:  **0 : 30**

cases and 7 hours for the MRGO cases. Plaintiffs' counsel asserted that there was no such agreement.

Rule 30(d)(2) provides: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent . . ." The stipulation by the parties contemplated by this rule must be in writing. Fed. R. Civ. P. 29. No such written stipulation has been presented to me. Nevertheless, since Kilpatrick's testimony concerns vast amounts of real estate affected by the breaches that are the subject of both the Levee cases and the MRGO cases, and counsel represented that Kilpatrick's report - though lengthy and detailed - is not divided by case category but instead is broadly written to apply to both case categories, I find that balancing the factors in Rule 26(b)(2) mitigates in favor of permitting the parties to depose Kilpatrick for 14 hours, 7 hours as to each case category. The same finding and extension of the presumptive seven-hour time limit on depositions applies to the scheduled depositions of plaintiffs' modeling expert, Dr. Vrilij, and defendants' real estate finance expert, Michael Truax.

This order is limited to the three witnesses named above. The court anticipates that numerous witnesses, both fact and expert, who will be deposed in these consolidated proceedings will provide testimony that concerns both case categories, Levee and

MRGO.  **IT IS ORDERED** that as to all witnesses to be deposed in this consolidated proceeding in the future, the seven-hour duration limit of Rule 30(d)(2) applies.  The seven-hour limitation may be expanded only upon (a) written stipulation of Liaison Counsel and the deponent, or (b) an order of the court obtained upon motion before the expanded deposition is noticed or after the seven-hour deposition is completed.  In the absence of a Rule 29 written stipulation or an order of the court, all parties are hereby PROHIBITED from issuing a notice of any deposition that exceeds seven hours in duration.  All parties are also prohibited from doing what defendants did in this instance; that is, issuing two separate seven-hour deposition notices for the same person.

                                                       *for* JOSEPH C. WILKINSON, JR.
                                                       UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**

**HON. STANWOOD R. DUVAL, JR.**