**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED ACTION | § | NO. 05-4182 "K" (3) |
| | § | JUDGE DUVAL |
| | § | MAG. KNOWLES |
| | § | |
| PERTAINS TO: | § | |
| LEVEE (DePass, No. 06-5127) | § | |
| | § | |
| | § | |

**DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION**
**TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMEND[ED]**
**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND DAMAGES AND REQUEST FOR JURY TRIAL (Rec. Doc. 6798)**

## I. <u>INTRODUCTION</u>

Defendant United States opposes plaintiffs' "Motion for Leave to File Third Amend[ed] Complaint for Declaratory Judgment and Damages and Request for Jury Trial" (hereinafter "Motion to Amend"). (Rec.Doc. 6798). Plaintiffs have not demonstrated the requisite good cause for leave to amend their complaint after the deadline for filing such amendments has passed and after two previous amendments. Further, defendant United States's  pending Motion to Dismiss plaintiffs' claims is based on the allegations asserted in plaintiffs' second amended complaint, and plaintiffs' Motion to Amend is nothing more than an attempt to circumvent that pending dispositive motion. Thus, plaintiffs' proposed amendments appear to be made for the improper purpose of avoidance of the Motion to Dismiss,  rather than out of a genuine need to

amend.   At this stage in the litigation, i.e., after the time for amending has closed and a motion to dismiss is pending, plaintiffs' proposed amendments are improper and should not be permitted.

## II. ARGUMENT

**1.      Plaintiffs do not demonstrate the requisite good cause**.

Under Case Management and Scheduling Order No. 4 (hereinafter CMO 4) filed March 1, 2007, the time for amendment is closed:

> [T]he deadline for amending pleadings is now deemed lapsed, and only answers and responsive motions may now be filed without leave of Court. Except as otherwise provided herein, no further amendments to pleadings . . . will be allowed, except . . . on motion . . . and based on a showing of good cause as required by Fed.R.Civ.P. 16(b).

(Emphasis added).  CMO4 at II(A), pp. 12-13.  Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings once a scheduling order has been issued by the district court."  S & W Enterprises, LLC v. Southtrust Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003); See also Smith v. BCE, Inc., 2007 WL 570302 at 4 (5th Cir. 2007).  A scheduling order entered in accordance with Rule 16(b) "shall not be modified except upon a showing of good cause and by leave of the district judge . . ."  (Emphasis added.); Fed. R. Civ. P. 16(b).  Indeed, in an effort to promote "court efficiency" and "to expedite pretrial procedure," amendments governed by a scheduling order require a showing of good cause, rather than the more liberal standard under Fed.R.Civ.P. 15(a).  S&W Enterprises, LLC, 315 F.3d at 536.

Here, plaintiffs do not offer a single reason justifying their request for leave to file untimely amendments and, therefore, do not establish the requisite good cause to amend.  As the Fifth Circuit found in Gregory v. Mitchell, parties moving for leave to file untimely amendments

must come forward with proof showing that any delay "was due to oversight, inadvertence, or excusable neglect."  634 F.2d 199, 203 (5th Cir. 1981).  Plaintiffs have offered no such "proof."  Indeed, just as the Fifth Circuit found in <u>Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.</u>, any "information [on which plaintiffs' proposed amendments could be based] was available to [plaintiffs] long before [their Motion to Amend] was filed.  It is not information that has only recently come to light."  690 F.2d 1157, 1164 (5th Cir. 1982).

Thus, because plaintiffs have "provided no satisfactory explanation for [the] failure to develop the new contentions originally," their request for leave to amend should be denied.  <u>Westlands Water District v. Firebaugh Canal</u>, 10 F.3d 667, 677 (9th Cir. 1993).  <u>See</u> <u>Gray v. Industrial Plan Maintenance</u>, 2004 WL 1661209 at 3 (E.D. La. 2004) (failure to show good cause for continuance of date set by scheduling order defeats motion).

**2.     Plaintiffs' attempt to avoid the pending motion to dismiss is improper.**

On July 23, 2007, the United States filed a motion to dismiss the plaintiffs' complaint.  Doc. No. 6646-2.  That motion was based on the allegations asserted in plaintiffs' original complaint and Second Amended Complaint (Doc. No. 3708).  Now, before responding to the United States's dispositive motion, plaintiffs attempt to circumvent that motion merely by asserting more allegations after the deadline for doing so and without any justification whatsoever.  Plaintiffs' request for leave to amend appears to be made in bad faith and should be denied.

Bad faith and dilatory motive are grounds for denial of motions to amend.  <u>See</u> <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962).  And, requesting leave to change the allegations "in an attempt to avoid [a dispositive motion] constitutes "bad faith and with dilatory motive," and such

requests should be denied.  Wimm v. Jack Eckard Corp., 3 F.3d 137, 139-140 (5th Cir. 1993).

Indeed, changing the allegations after a dispositive motion has been filed against them

essentially requires reevaluation of previously made discovery demands and potentially refiling

of dispositive motions, and thus is unduly prejudicial and impermissible.  See e.g., Mayeaux v.

Louisiana Health Service & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004).  In fact, in Smith,

the Fifth Circuit found that allowing requests to amend that are filed two weeks before the deadline

for summary judgment motions constitutes unfair prejudice.  2007 WL 570302 at 4.

Here, plaintiffs' untimely request to amend their complaint was filed after the United

States filed its motion to dismiss, which necessarily was based on the allegations asserted by

plaintiffs up to that time.  Permitting plaintiffs to subsequently amend their complaint would

require the United States to reevaluate and possibly withdraw and refile its pending motion to

dismiss, causing significant unfair prejudice.  Plaintiffs had ample opportunity to amend their

pleadings before the deadline for amending ran, and also could have cured any perceived

deficiencies before the United States filed its motion to dismiss.  Plaintiffs' bad faith attempt to

avoid the United States' motion to dismiss should not be allowed.

## III.  CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Amend should be denied.

Respectfully submitted,

PETER D, KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

s/ Richard R. Stone
RICHARD R. STONE
Senior Trial Attorney
KEITH LIDDLE
MICHELE GREIF
INA STRICHARTZ
Trial Attorneys, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4291/(202) 616-5200 (FAX)
Attorneys for the United States

Dated: August 14, 2007

## CERTIFICATE OF SERVICE

I, Richard R. Stone, hereby certify that on August 14, 2007, I served a copy of defendant's Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint by ECF to all parties.

s/ Richard R. Stone
RICHARD R. STONE

5