**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: | | |
| **KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO.: 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | |
| **PERTAINS TO:      INSURANCE** | * | |
| | * | |
| **LINDA LYONS KIRSCH    NO. 07-3399** | * | |
| | * | **SECT.: JUDGE DUVAL (K)** |
| **VERSUS** | * | |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **MAG: MAGISTRATE** |
| | * | **WILKINSON (2)** |

*********************************************

<u>**ANSWER TO PETITION FOR DAMAGES, TO FIRST SUPPLEMENTAL AND
AMENDING COMPLAINT AND ADDITIONAL DEFENSES**</u>

**NOW INTO COURT,** through undersigned counsel, comes defendant, Allstate

Insurance Company, in its private capacity as the alleged homeowner insurer of plaintiff

(hereinafter "Allstate"), who responds to and answers the plaintiff's original Petition and First

Supplemental and Amending Complaint as follows:

**A.**

<u>**ANSWER**</u>

**AND NOW,** responding to the specific allegations of the Plaintiff's Petition and

First Supplemental and Amending Complaint, Allstate avers as follows:

1.

The allegations of paragraph I of plaintiff's Petition are denied except to admit

that Allstate Indemnity admits its status as alleged.

2.

The allegations of paragraph II of plaintiff's petition are denied except to admit that Allstate issued a homeowner's policy to Linda Lee Lyons (a/k/a Linda Kirsch) providing certain coverage for property located at 6401 Curran/7701 Mill Street, New Orleans, Louisiana, 70126, said dwelling is on a corner and has two addresses and is one and the same dwelling, which policy is the best evidence of its contents, exclusions, limitations, etc. and is pleaded as though copied herein in extenso.  Mrs. Kirsch has filed a second lawsuit in this court for this same property herein, bearing docket number, 07-3398.

3.

The allegations of Paragraph III of plaintiff's petition concerning La. R.S. 22:695 (A) are denied.  The remaining allegations of Paragraph III of Plaintiff's Petition are denied for lack of sufficient information to justify a reasonable belief therein, except that Allstate admits that it issued a homeowner's policy to plaintiff providing certain coverage for property located at 4811 Babylon Street, New Orleans, Louisiana, 70126, which policy is the best evidence of its contents, exclusions, limitations, etc. and is pleaded as though copied herein in extenso.

4.

The allegations of  Paragraph IV of plaintiff's petition are denied.

5.

The allegations of  paragraph V of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph VI of plaintiff's petition are denied for lack of sufficient information to justify a belief therein..

7.

The allegations of paragraph VII of plaintiff's petition are denied.

8.

The allegations of paragraph VIII of plaintiff's petition are denied.

9.

The allegations of paragraph IX of plaintiff's petition are denied as written.

10.

The allegations of paragraph X of plaintiff's petition are denied as written.

11.

The allegations of  paragraph XI of plaintiff's petition are denied as written.

12.

The  allegations of paragraph XII of plaintiff's petition are denied.

13.

The allegations of paragraph XIII of plaintiff's petition are denied.

14.

The allegations of paragraph XIV of plaintiff's petition are denied.

15.

The  allegations of paragraph XV of plaintiff's petition are denied.

16.

The allegations of paragraph XVI of plaintiff's petition are denied.


17.

The allegations of paragraph XVII of plaintiff's petition are denied.

18.

The allegations of paragraph XVIII of plaintiff's petition are denied.

19.

The allegations of Paragraph 1 of the First Supplemental and Amending Complaint are denied.

20.

The allegations of Paragraph 2 of the First Supplemental and Amending Complaint are legal conclusions, which need not be answered.  To the extent an answer is required, Allstate denies any intimation of this Paragraph that it has any legal liability to plaintiff.

21.

The allegations of Paragraph 3 (adding paragraph number XIX) of the First Supplemental and Amending Complaint are denied insofar as the plaintiff claims that damages to the residence were caused by wind and/or wind driven rain.

22.

The allegations of Paragraph 4 (adding paragraph number XX) of the First Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 5 (adding paragraph number XXI) of the First Supplemental and Amending Complaint are denied.

24.

The allegations of Paragraph 6 (adding paragraph number XXII) of the First Supplemental and Amending Complaint are denied.

25.

The allegations of Paragraph 7 (adding paragraph number XXIII) of the First Supplemental and Amending Complaint are denied insofar as the plaintiff claims that damages to the residence and/or contents were caused by wind and/or wind driven rain.

26.

The allegations of Paragraph 8 (adding paragraph number XXIV) of the First Supplemental and Amending Complaint are denied, except that Allstate states that its policy speaks for itself as to its contents, and other coverages and is pleaded as though copied herein in extenso.

27.

The allegations of Paragraph 9 (adding paragraph number XXV) of the First Supplemental and Amending Complaint are denied.

28.

The allegations of Paragraph 10 (adding paragraph number XXVI) of the First Supplemental and Amending Complaint are denied.

29.

Allstate denies the allegations contained in plaintiff's prayer for relief.

**B.**

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate, minimize, or avoid the damages and losses alleged.

### THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

### FOURTH DEFENSE

The Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy, and any

policy issued by Allstate is the best evidence of its terms and limitations therein and it is pled

herein as if copied *in extenso*.

## FIFTH DEFENSE

Plaintiffs are responsible for reading Plaintiff's policy, as well as any renewal

notices, and the are presumed to know the provisions of the policy, including the insurer's limits

of liability, and may not avail themselves of ignorance of the policy or law.

## SIXTH DEFENSE

Plaintiff's claims are subject to any credit for any payments, if any, received from

Allstate.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver,

payment, estoppel, and set-off.  Plaintiff's claims are also barred in whole, or in part, by

Plaintiff's own judicial admissions.

## EIGHTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "(1) [f]lood,

including, but not limited to surface water, waves, tidal water or overflow of any body of water,

or spray from any of these, whether or not driven by wind.  (2)  Water or any other substance that

backs up through sewers or drains.  (3)  Water or any other substance that overflows from a

sump pump, sump pump well or other system designed for removal of subsurface water which is

drained from a foundation area of a structure.  (4)  Water or any other substance on or below the

surface of the ground, regardless of its source.  This includes water or any other substance which

exerts pressure on, or flows, seeps or leaks through any part of the residence premises." This provision has been held to clearly and unambiguously exclude loss caused by flooding or levee breach by the Fifth Circuit Court of Appeals. *In re Katrina Canal Breaches Litig.*, No. 07-30119, 2007 U.S. App. LEXIS 18349 (5th Cir. Aug. 2, 2007).

## NINTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[e]arth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water."

## TENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure or land at the residence premises."

## ELEVENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

**TWELFTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Section I—Additional Protection under items 11, 'Collapse.'"

**THIRTEENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "(a)  wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b)  mechanical breakdown; . . .  (d)  rust or other corrosion; (e)  contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; . . .  (g) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

**FOURTEENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss."

**FIFTEENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "[m]old, fungus, wet rot or dry rot.  This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot.  This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge . . . ."

**SIXTEENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "faulty, inadequate or defective: (a)  planning, zoning, development, surveying, siting; (b)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c)  materials used in repair, construction, renovation or remodeling; or (d)  maintenance; of property whether on or off the residence premises by any person or organization."

**SEVENTEENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property; and the predominant cause(s) of the loss is (are) excluded. . . ."

**EIGHTEENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction, or of materials and supplies for us in construction, until your dwelling is completed and occupied.  Vandalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . ."

**NINETEENTH DEFENSE**

To the extent that plaintiffs have previously agreed to fully compromise or resolve Plaintiff's claim, whether with Allstate or with a third party, Plaintiff's action is barred by release and/or the doctrine of accord and satisfaction.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of Plaintiff's claims.

## TWENTY-FIRST DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiffs, including La. Rev. Stat §§ 22:658; 22:1220; 22:667, and 22:695.   Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## TWENTY-SECOND DEFENSE

Plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

## TWENTY-THIRD DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff has suffered damage, it was caused by third-parties and not by Allstate.  Allstate is not liable for such damage.

## TWENTY-FIFTH DEFENSE

To the extent that monies recoverable under the Plaintiff's policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-SEVENTH DEFENSE

To the extent that the Plaintiffs have made a claim on her flood policy that flood/storm surge destroyed Plaintiff's property and/or contents, Plaintiffs are judicially, legally, and/or equitably estopped from claiming that wind caused the same loss to Plaintiff's property and/or contents.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate

liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTIETH DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

### THIRTY-FIRST DEFENSE

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiff breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

### THIRTY-SECOND DEFENSE

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the Hurricane applies to Plaintiff's claims.

### THIRTY-THIRD DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

### THIRTY-FOURTH DEFENSE

Plaintiffs have not stated and cannot state claims under La. Rev. Stat § 22:695, *see, e.g., Chauvin v. State Farm Fire & Casualty Co.*, 2007 U.S. App. LEXIS 18618 (5th Cir. Aug. 6, 2007).

### THIRTY-FIFTH DEFENSE

Allstate avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

### THIRTY-SIXTH DEFENSE

Allstate has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

### THIRTY-SEVENTH DEFENSE

Any potential damages awarded for physical damage to the Plaintiff's structure, personal property, and contents are limited to the difference between the pre-loss value of the Plaintiff's structure, personal property, and contents, and the post-loss value of Plaintiff's structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to the Plaintiff's structure, personal property, and contents.

## THIRTY-EIGHTH DEFENSE

The comparative fault and/or negligence of Plaintiff, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiff's recovery herein.

## THIRTY-NINTH DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

## FORTIETH DEFENSE

Allstate specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiff's policy.

## FORTY-FIRST DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, the Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-SECOND DEFENSE

Allstate asserts that Plaintiff is not entitled to additional living expenses under Plaintiff's policy, as the damage to the property was caused by an excluded peril.

## FORTY-THIRD DEFENSE

Allstate owes no damages to the Plaintiff to the extent that the Plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the following:

        a.        Refusing or failing to provide satisfactory proof of loss;

        b.        Refusing to provide information that has been specifically requested;

        c.        Failing to cooperate with the adjust and claims representative in the investigation of the claims; and

        d.        Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, on in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Allstate to "pay the proportionate amount that this insurance bears to the total amount of all applicable insurance.  However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft."

## FORTY-FIFTH DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, on in part, by a covered peril, and any other insurance provides coverage for that covered peril, Allstate is entitled to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

## FORTY-SIXTH DEFENSE

Allstate owed no fiduciary duty to Plaintiff.

**FORTY-SEVENTH DEFENSE**

Plaintiff has failed to state facts sufficient to give rise to a claim against Allstate for punitive damages.

**FORTY-EIGHTH DEFENSE**

To the extent that Plaintiff's policy contained a Hurricane Deductible, Plaintiff's claims are subject to the application of the Hurricane Deductible as set forth in the policy.

**FORTY-NINTH  DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust Plaintiff's administrative remedies.

**FIFTIETH DEFENSE**

Plaintiff's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

**FIFTY-FIRST DEFENSE**

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

## FIFTY-SECOND DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

**WHEREFORE,** defendant, Allstate Insurance Company, prays that its answer to the original Petition and to the First Supplemental and Amending Complaint for Damages and additional defenses be deemed good and sufficient and that after due proceedings had, this Court render judgment in its favor, with all costs and fees assessed against the plaintiff.

Defendant further prays for all general and equitable relief.

RESPECTFULLY SUBMITTED:

**THE SCHWAB LAW FIRM**

*/s/    Danna E. Schwab*
**DANNA E. SCHWAB, (#20367)**
**7847 MAIN STREET**
**P. O. BOX 7095**
**HOUMA, LA  70361**
**TELEPHONE: (985) 868-1342; fax 985-868-1345**
**E-mail: dschwab@theschwablawfirm.com**
**Attorney for Allstate Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to

all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of

electronic filing by first-class mail to all non-CM/ECF participants.

_____*/s/ Danna E. Schwab*__