UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
           CONSOLIDATED LITIGATION
                                                 NO. 05-4182 "K" (2)

PERTAINS TO:  LEVEE, MRGO                         JUDGE DUVAL
                                                 MAG. WILKINSON

## ORDER ON MOTIONS

Pending before me in this matter are (1) Levee Defendants' Motion to Reconsider Court's Order on Levee Defendants' Motion to Compel, Record Doc. No. 6807; and (2) MRGO Defendants' Motion to Reconsider Court's Order on MRGO Defendants' Motion to Compel, Record Doc. No. 6909.  Plaintiffs filed timely opposition memoranda. Record Doc. Nos. 6936 and 6943.  Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motions are hereby GRANTED IN PART AND DENIED IN PART as follows:

The motions seek three kinds of additional discovery responses:  (1) plaintiffs' "insurance claim files," (2) plaintiffs' "applications for benefits from all sources," including the "Road Home" program, and (3) plaintiffs' trial plan.  Essentially, these are requests that I reconsider my prior ruling, Record Doc. No. 6592, denying defendants' previous motion to compel additional responses to Requests for Production No. 2

(insurance) and No. 3 (applications for benefits) and Interrogatories No. 1, 2, 3, 4, 5, 6, 7, 21 and 28 (trial plan).

From the outset of class certification discovery, plaintiffs have opposed defendants' efforts to conduct damages discovery on various grounds. Their current opposition relies in part on their recently permitted amended master complaint and amended motion for class certification. These amended pleadings establish that plaintiffs principally seek issue certification under Fed. R. Civ. P. 23(c)(4); that the issues all concern liability, with the single exception of certain "class-wide" damage, for which they argue that injunctive relief under Fed. R. Civ. P. 23(b)(2) is appropriate; and that the individual damages of plaintiffs are in no way part of any class certification they seek. Plaintiffs argue that "by allowing the Plaintiffs in Levee[1] to file their amended Motion to Certify, the discovery urged in the Motion for Reconsideration is much more remote today that it was several weeks ago. . . .  [T]hus, the focus in anticipation of the certification hearing directs itself to [the four] issues [specifically delineated in the amended motion to certify] and not to individualized items of damages."  Record Doc. No. 6936 (Plaintiffs' Opposition at p. 1).

_____

[1] Although the court previously considered and granted a motion to amend filed by plaintiffs only as to the Levee cases, plaintiffs' counsel stated at the recent hearing that plaintiffs had intended to file an identical motion to amend their motion for class certification in the MRGO cases, but had failed to do so through oversight.  They have now filed such a motion as to the MRGO cases, and it is noticed for hearing on August 22, 2007.  Record Doc. No. 6942.

2

This argument overlooks or misunderstands the tasks of both the parties and the court in the upcoming class certification hearings.  Rule 23(c)(4) issue certification is allowed <u>only</u> if the Rule 23(b) requirements are first met as to the claim and the court has done a searching analysis of plaintiffs' cause of action as a whole, particularly as to the predominance and superiority components.

> The predominance inquiry involves a comparison of the issues common among the class members and the issues individual to them.  This analysis remains unchanged whether a class is certified under one or more sections of rule 23(b).  The inquiry's constancy serves as an important limitation on the use of bifurcation by preventing a district court from manufacturing predominance through the "nimble use" of rule 23(c)(4).

> Therefore, the cause of action, <u>as a whole</u>, must satisfy rule 23(b)(3)'s predominance requirement.  Once that requirement is met, rule 23(c)(4) is available to sever the common issues for a class trial.  To read the rule not as a housekeeping rule, but instead as allowing a court to pare issues repeatedly until predomination is achieved, would obliterate rule 23(b)(3)'s predominance requirement, resulting in automatic certification in every case in which any common issue exists, a result the drafters of the rule could not have intended.

<u>Smith v. Texaco, Inc.</u>, 263 F.3d 394, 409 (5th Cir. 2001) (emphasis added), <u>opin. withdrawn & cause dismissed</u>, 281 F.3d 477 (5th Cir. 2002)[2] (quoting <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734, 745 n.21 (5th Cir. 1996)).

---

[2]Although this case has no precedential value, it accurately summarizes and in substantial part relies upon the reasoning of one of the Fifth Circuit's leading class certification decisions, <u>Castano</u>, 84 F.3d at 744-47.

The Fifth Circuit has approved some class certification requests focused primarily on liability issues, similar in some ways to what plaintiffs seek in this case.  See, e.g., Bertulli v. Independent Ass'n of Cont'l Pilots, 242 F.3d 290, 295 (5th Cir. 2001); Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 624 (5th Cir. 1999); Watson v. Shell, 84 F.3d 734 (5th Cir. 1996), reh'g en banc granted, 990 F.2d 805 (5th Cir. 1993), appeal dismissed, 53 F.3d 663 (5th Cir. 1994);[3] Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472 (5th Cir. 1986) (citations omitted).

The Fifth Circuit has denied others.  See, e.g., Corley v. Orangefield Indep. Sch. Dist., 152 Fed. Appx. 350, 2005 WL 2600177, at *1 (5th Cir. 2005).  In Corley, the Fifth Circuit held that the need for individualized damages calculations defeated certification under both Rule 23(b)(2) and (b)(3).  Id. at *2.  The Corley court also addressed Rule 23(c)(4).

> Although Fed. R. Civ. P. 23(c)(4) does permit a district court to certify "a class action with respect to particular issues", we have previously held that, in order to maintain a "composite class" of the sort the landowners describe, plaintiffs must first show that the cause of action, taken as [a] whole, satisfies the predominance requirement of Rule 23(b)(3).  To hold otherwise would permit plaintiffs to evade the predominance requirement "through the nimble use of subdivision (c)(4)".

---

[3]"The panel opinion in Watson has no precedential weight in this circuit" because it was vacated when rehearing en banc was granted, after which the case was settled and the appeal dismissed.  Castano, 84 F.3d at 740 n.12.  Nonetheless, Watson has been cited without criticism in Steering Committee v. Exxon Mobil Corp., 461 F.3d 598, 603 (5th Cir. 2006), and Mullen, 186 F.3d at 628.

In the instant case, the landowners seek to excise from the class the very issue that defeats predominance under Rule 23(b)(3)–i.e., the assessment of injury and the calculation of damages.  Thus, the district court did not abuse its discretion in declining to certify this case as a "composite class".

Id. at *3 (quoting Castano, 84 F.3d at 745 n.21).

As I have stated in my previous orders, some damages discovery is necessary in the class certification phase of these proceedings because it is relevant to Rule 23 issues, including commonality, typicality, adequacy of representation, superiority and predominance.  Record Doc. No. 6592, at p. 30.  As a defense to the class certification sought by plaintiffs–even now, following plaintiffs' prudent amendment of their motion–defendants have asserted that myriad individualized damage issues predominate and therefore defeat plaintiffs' argument that the limited issues they have now specifically identified for class certification are predominant.  Because this court must consider plaintiffs' causes of action as a whole when considering class certification under Fifth Circuit precedent, this defense remains in the case regardless of the recent amendment.

My challenge has been the usual difficulty of finding the appropriate balance between the broad scope of discovery permitted by Fed. R. Civ. P. 26(b)(1) and the restrictions imposed both by Fed. R. Civ. P. 26(b)(2) and the phased discovery approach in Case Management Order No. 4.  This challenge has been exacerbated by the extreme breadth of defendants' various written discovery requests.  For example, Request for

5

Production No. 2 seeks "all administrative claims relating to Hurricane Katrina . . . submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority)." (Emphasis added).  Request for Production No. 3 requests "all documents that refer or relate to insurance claims . . . for damages or injuries (personal or property) sustained between August 28, 2005 and September 25, 2005."  (Emphasis added).  These requests are so broad as written that they could extend to all manner of correspondence with a wide-ranging array of private persons, government agencies or officials, charitable relief entities and other addressees, rendering responses to these requests as literally written far beyond what is proportionally necessary to the court's class certification inquiry.  However, in keeping with the search for balance required by the applicable discovery rules that has driven my previous rulings, and in light of the unrebutted representations concerning plaintiffs' deposition testimony recited in the motion papers, I find that some additional production in response to Requests for Production Nos. 2 and 3 is both relevant to the court's class certification analysis and will not impose unreasonable burdens on plaintiffs, such that some additional responses would be proportionally permissible.  Accordingly.

**IT IS ORDERED** that the motions are granted in that the named plaintiffs who are also proposed class representatives (after the recently permitted amendments) must produce to defendants within fourteen (14) days of entry of this order (1) their claims or

applications for insurance payments, under either all-risks, homeowners or flood insurance policies, submitted by them to their insurers for damage related to Hurricanes Katrina and Rita; and (2) their applications for payments or benefits from the Louisiana Recovery Authority/"Road Home" program.  This order does not require that plaintiffs produce every letter or other shred of paper in their possession related to their insurance or the Road Home program, but only those materials constituting claims or applications for such payments.

The motion is denied in all other respects, including but not limited to any request for more wider-ranging responses to Requests for Production Nos. 2 and 3 and for additional interrogatory answers setting out any "trial plan."  Plaintiffs have responded to these "trial plan" interrogatories.  They have included a "trial plan" in their recent amendments to their class certification motions.  Plaintiffs' "trial plan" apparently is what they have said it is.  If their proposed "trial plan" is inadequate, that will be a factor weighing against their class certification request, which the presiding district judge will address.

New Orleans, Louisiana, this __16th__ day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

Clerk to Notify:
Hon. Stanwood R. Duval, Jr.