## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | |
| LEVEE, RESPONDER | * | JUDGE: DUVAL |
| O'DWYER – 06-4389, 06-5786 | * | |
| 06-6099 | * | MAG. JUDGE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' (1) MOTION FOR ENTRY OF RULE 54(b) JUDGMENT, (2) STAY OF EXECUTION OF THE JUDGMENT PENDING APPEAL, AND (3) DISPENSING WITH SECURITY PENDING APPEAL

**MAY IT PLEASE THE COURT**:

Plaintiffs' counsel, Ashton O'Dwyer, filed a motion requesting three types of relief: entry of a final judgment pursuant to Fed. R. Civ. P. 54(b), stay of execution of the judgment (once it is entered) and dispensation of security pending an appeal of the final judgment. Rec. Doc. 6934. Mr. O'Dwyer seeks this relief in connection with the order of this Honorable Court quantifying the amount of sanctions owed the State of Louisiana for attorneys fees incurred in defending cumulative and harassing litigation. Rec. Doc. 6838. *See also* Rec. Doc. 3666 (order and reasons granting the

1

Motion for Sanctions).  For the following reasons, the state defendants[1] oppose counsel's motion in part.

**1.     Entry of a Rule 54(b) Judgment.**

The state defendants do not oppose entry of a Rule 54(b) judgment pertaining to the issuance and quantum of sanctions.

**2.     Stay of execution of the Judgment and Waiver of Security pending appeal.**

Mr. O'Dwyer moves this Honorable Court for a stay of execution of the judgment assessing sanctions and disposition of security pending appeal.  As is his custom, Mr. O'Dwyer cites neither case law nor statutes in support of the motion.  Applicable rules exist, however, which are relevant to the relief requested.  Rule 62(f) of the Federal Rules of Civil Procedure provides in relevant part: "A judgment debtor is entitled ... to a stay as would be available to the judgment debtor had the action been maintained in the courts of the state." Fed. R. Civ. Proc. 62(f).  Application of Rule 62(f) depends on whether, under the law of the forum state, the judgment could be executed in the form of a lien against the property of the debtor.  In Louisiana, "a judgment for the payment of money may be execued by a writ of fieri facias directing the seizure and sale of the property of the

---

[1] The "state defendants" are: State of Louisiana, Governor Kathleen Blanco, State of Louisiana, through the Department of Transportation and Development (DOTD), DOTD Secretary Johnny Bradberry, State of Louisiana, through the Department of Social Services (DSS), DSS Secretary Ann Williams, State of Louisiana, through the Governor's Office of Homeland Security and Emergency Preparedness (OHSEP), OHSEP Adjunct General Colonel

judgment debtor." La. C.C.P. Art. 2291. Therefore this Honorable Court will look to Louisiana law to determine whether Mr. O'Dwyer is entitled to a stay of execution of the judgment.

Louisiana recognizes two types of appeals. The "suspensive" appeal suspends execution of the judgment; the "devolutive" appeal, does not suspend execution of the judgment. Mr. O'Dwyer seeks a *suspensive* appeal. *See* La. C.C.P. Art. 2124. Security is required to suspend execution of a judgment. *See* La. C.C.P. Art. 2124(B) ("The security *to be furnished* for a suspensive appeal is determined in accordance with the following rules…"). "The purpose of the requirement of security for a suspensive appeal is to protect the judgment creditor against the insolvency of the judgment debtor during the course of the appeal." Franco v. Franco, 2004-0967 at p. 12, 881 So.2d 131, 138 (La.App. 4 Cir. 7/28/04) (*citing* Wright v. Jefferson Roofing, Inc., 93-1217, 630 So.2d 773, 775 (La.1/14/94)). Therefore, Louisiana law does not allow Mr. O'Dwyer *all* of the relief he requested. If execution of the judgment is stayed, Mr. O'Dwyer must furnish security. If execution of the judgment is not stayed, then security may be dispensed with as Mr. O'Dwyer requested.

---

Jeff Smith, State of Louisiana, through the Department of Public Safety and Corrections (DPSC), and DPSC Secretary Richard Stalder.

The state defendants have no objection to a stay of execution of the judgment. They respectfully request, accordingly, that Mr. O'Dwyer be required to furnish security in the full amount of the judgment plus twenty percent of the amount to cover interest, costs and any award of damages for delay. *See* LR 62.2.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

BY:   s/ *Phyllis E. Glazer*
**MICHAEL C. KELLER (#20895) (T.A.)**
**PHYLLIS E. GLAZER (# 29878)**
**ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.     504-599-1200
Facsimile No.     504-599-1212
Email: KellerM@ag.state.la.us
          GlazerP@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on *August 16, 2007*, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: *All Counsel of Record*.

   *s/ Phyllis E. Glazer*
**PHYLLIS E. GLAZER**