UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES      CIVIL ACTION
           CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO:  MRGO, LEVEE      JUDGE DUVAL
     MAG. WILKINSON

### ORDER AND REASONS ON DEFERRED MOTIONS

The MRGO defendants and the Levee defendants previously filed motions to compel seeking additional responses to written class certification discovery from plaintiffs.  Record Doc. Nos. 6231, 6209.  The court previously deferred in part ruling on defendants' motions as to their Requests for Production Nos. 4, 5, 6, 7, 8 and 15, to the extent that plaintiffs objected to those requests on the grounds of privilege, work product doctrine and Fed. R. Civ. P. 26(b)(3).  The court ordered plaintiffs to "file and serve the required privilege log <u>and all evidence necessary to sustain their burden concerning their assertion of any privilege or any other protective doctrine</u>," and gave defendants time to file a written response.  Order and Reasons dated July 19, 2007, Record Doc. No. 6592, at p.29 (emphasis added).

In response to this order, plaintiffs filed a timely memorandum, unsupported by any evidence, but which purports in itself to constitute some sort of privilege log. Plaintiffs' submission broadly describes five categories of documents and tangible things that they seek to protect. Record Doc. No. 6685. The MRGO and Levee defendants jointly filed a timely response, arguing that plaintiffs' response to the court's order was insufficient and "cannot be a basis for plaintiffs to withhold documents from production." Record Doc. No. 6794 at p. 5.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the deferred portions of defendants' motions to compel are GRANTED IN PART AND DENIED IN PART, as follows.

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

The Official Advisory Committee Notes to the 1993 Amendment to Rule 26(b)(5), quoted in Federal Civil Judicial Procedure and Rules 150 (West Pamph. 2007), provide:

2

> The rule does not attempt to define for each case what information must be provided [in the log] when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories. A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden.

Plaintiffs failed to provide any version of the required Rule 26(b)(5) privilege log when they originally responded to defendants' written discovery. They have now provided the kind of log "by categories" contemplated by the Official Notes, though they did so without seeking a protective order. As their justification for acting in this way, plaintiffs state that the court's order of July 19, 2007 presented them with "[t]he burden of reviewing thousands of claimant files, . . . [a] daunting task that cannot be undertaken in the time frame ordered by the Court." Record Doc. No. 6685 (Plaintiffs' Response) at p.1. This is not an adequate excuse. The court did not invent the privilege log requirement on July 19, 2007. This requirement has been embodied in Fed. R. Civ. P. 26(b)(5) since 1993. As a matter of law, a privilege log must be provided whenever objections of this sort are asserted in response to discovery requests. Counsel who know what Rule 26(b)(5) requires should begin preparing privilege logs as they accumulate

3

materials for their case, or make the materials available and then rely in a timely and conscientious way on the clawback provision of Rule 26(b)(5)(B). They should not wait until the court orders them to do that which the law already requires them to do and which should have been done long ago, particularly in these consolidated cases, which have been pending for a lengthy period of time and in which all parties knew no later than March 1, 2007, Record Doc. No. 3299, that the current discovery would occur.

Applying the foregoing standards and having given plaintiffs ample opportunity to do that which they should have done as part of their original responses to this discovery, I must address the sufficiency of the only thing plaintiffs have provided: their "Response to the Court's Order of July 19, 2007." Record Doc. No. 6685.

Categories 1 and 4, as described by plaintiffs in their memorandum, are sufficient on their face to satisfy Rule 26(b)(5).

Category 1 consists of "[c]orrespondence and writings between Counsel and Client" made on and after August 29, 2005, "not published to third parties" and "directly related to the prosecution of the client's cause." Record Doc. No. 6685 at pp. 1-2. Plaintiffs' counsel have also stated in their response, signed pursuant to Fed. R. Civ. P. 11 and/or 26(g), that "[t]hese writings are communications made in confidence for the

4

purpose of obtaining legal advice from the lawyer and relating to the nature and scope of the representation." Id. at p. 2. This description is sufficient to conclude as a threshold matter that such materials are protected by the attorney-client privilege. See La. Code Evid. art. 506 (The attorney-client privilege protects "a confidential communication, whether oral, written, or otherwise, [between attorney and client or either of their representatives] made for the purpose of facilitating the rendition of professional legal services to the client . . . ."); Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 720-21 (5th Cir. 1985) (citations omitted) (Under federal common law, the "attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. The privilege also protects communications from the lawyer to his client, at least if they would tend to disclose the client's confidential communications.").

Plaintiffs' Category 4 includes "[c]ounsels' notes from client interviews, inspection notes, [and] notes to files conducted post August 29, 2005." This description is also sufficient to conclude as a threshold matter that these materials, prepared by counsel, contain or reflect "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation," Fed. R. Civ.

5

P. 26(b)(3), and are presumptively protected from discovery. No showing has been made at this time that defendants have a substantial need of the materials and would face undue hardship in obtaining their substantial equivalent by other means. Id. Even if such a showing could be made, the description of these materials is such that the court would have to "protect against disclosure" the core attorney work product described in Category 4. Id. Accordingly, defendants' motions to compel are DENIED as to the documents in Categories 1 and 4 described by plaintiffs in their response to my order.

On the other hand, the descriptions in plaintiffs' Categories 2, 3 and 5 are insufficient to satisfy Rule 26(b)(5) or to establish as a threshold matter that the materials are protected from discovery in any way. Unlike plaintiffs' descriptions concerning Categories 1 and 4, the descriptions in plaintiffs' Categories 2, 3 and 5 are vague and equivocal. For example, the Categories 2 and 3 descriptions refer to photographs and videos which "may" have been taken by counsel. A proper log would have eliminated such ambiguity. Relevant "statements" of the type vaguely referred to in Category 5 are not protected from discovery in all circumstances as a matter of law. A proper privilege log, followed up by evidence, is required to make such a finding, and none of that has been provided as to this category. In fact, plaintiffs have submitted no evidence to carry

their burden to establish that the information listed in any of these three categories is privileged in any way. Guzzino v. Felterman, 174 F.R.D. 59, 63 (W.D. La. 1997) (Tynes, M.J.) (citing Hodges, Grant & Kaufman, 768 F.2d at 721); High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman, 768 F.2d at 721). The court is "not required to simply take [a party's] claim of privilege at face value" and an "unsupported assertion of the privilege is not sufficient to support" such a claim. Blockbuster Entertainment v. McComb Video, 145 F.R.D. 402, 404 (M.D. La. 1992) (Riedlinger, M.J.).

Neither photographs and videotapes "which may have been taken by counsel," Record Doc. No. 6685, at pp. 2, 3 (emphasis added), even if they were indeed taken by counsel, nor witness statements are automatically protected from discovery.

> Establishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. In fact, litigation need not have begun or even be imminent for the work-product doctrine to apply. What is crucial is that "the primary motivating purpose behind the creation of the document was to aid in possible future litigation."

7

Robinson v. Texas Auto. Dealers Ass'n, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting In re Kaiser Alum. & Chem. Co., 214 F.3d 586, 593 (5th Cir. 2000)), rev'd on other grounds, 2003 WL 21911333 (5th Cir. July 25, 2003).

Furthermore, Blockbuster Entertainment, which is the only citation to law made by plaintiffs' counsel in their response as to Categories 2, 3 and 5, does not establish that written or recorded witness statements are always protected from discovery, as plaintiffs seem to imply in their memorandum. The Blockbuster case did not even involve statements. To the contrary, as with all claims of work product, plaintiffs must carry their initial burden to show that the statements were reasonably prepared in anticipation of litigation. Piatkowski v. Abdon Callais Offshore, L.L.C., No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000) (Roby, M.J.); Disidore v. Mail Contractors of Am., Inc., 196 F.R.D. 410, 414 (D. Kan. 2000); Guzzino, 174 F.R.D. at 63; St. James Stevedoring Co., Inc. v. Femco Mach. Co., 173 F.R.D. 431, 434-35 (E.D. La. 1997) (Africk, M.J.).

Under somewhat similar circumstances in other cases, where a suitable privilege log has not been provided, all assertions of privilege or other protections against the requested discovery have been deemed waived. Nagele v. Electronic Data Sys. Corp.,

193 F.R.D. 94, 108 (W.D.N.Y. 2000); Bordonaro v. Union Carbide Corp., No. 93-3355, 1995 WL 234545, at *2 (E.D. La. Apr. 20, 1995) (Duval, J.); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996); Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996).  I find that plaintiffs have waived their privilege, work product and Rule 26(b)(3) objections as to the documents and tangible things described in Categories 2, 3 and 5.

Accordingly, defendants' motions to compel are GRANTED as to the documents and tangible things described in plaintiffs' Categories 2, 3 and 5.  Within fourteen (14) days of entry of this order, plaintiffs must make all responsive materials in these three categories available to defendants' counsel for inspection and related Rule 34 activities and must provide supplemental written responses to defendants' Requests for Production Nos. 4, 5, 6, 7, 8 and 15, stating clearly that they have done so.

New Orleans, Louisiana, this  17th   day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

9