# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:** | | |
| **KATRINA CANAL BREACHES** | § | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | § | |
| | § | **NO. 05-4182 "K" (2)** |
| | § | |
| **PERTAINS TO:   INSURANCE** | § | |
| | § | |
| **JOSEPH NEMETH and** | § | |
| **GENEVIEVE**            NO: 07-3078 | § | |
| | § | |
| **VERSUS** | § | |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| _____ | § | |

## ADDITIONAL DEFENSES, ANSWER TO PETITION AND ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT

**NOW INTO COURT**,  through undersigned counsel, comes Defendant, Allstate Insurance Company (hereafter sometimes referred to as "Allstate" or "Insurers"), who for the purposes of responding to Plaintiffs' Petition and First Supplemental and Amended Complaint, respectfully represents as follows:

### FIRST ADDITIONAL DEFENSE

The Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

The Plaintiffs' claims are barred by their failure to mitigate, minimize, or avoid the damages and losses alleged.

### THIRD ADDITIONAL DEFENSE

The Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppels, res judicata, laches, and /or unclean hands.

1

## FOURTH ADDITIONAL DEFENSE

The plaintiffs' claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners' policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extenso*.

## FIFTH ADDITIONAL DEFENSE

The Plaintiffs are responsible for reading their policy, as well as any renewal notices, and they are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law.

## SIXTH ADDITIONAL DEFENSE

The plaintiffs' claims are subject to any credit for any payments, if any, received from Allstate.

## SEVENTH ADDITIONAL DEFENSE

The Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppels, and set-off.  The Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

## EIGHTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "(1) [f]lood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.  (2)  Water or any other substance that backs up through sewers or drains.  (3)  Water or any other substance that overflows from a sump pump, sump pump well or other system designed

2

for removal of subsurface water which is drained from a foundation area of a structure. (4)  Water or any other substance on or below the surface of the ground, regardless of its source.  This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises."  This provision has been held to clearly and unambiguously exclude loss caused by flooding or levee breach by the Fifth Circuit Court of Appeals.  *In re Katrina Canal Breaches Litig.*, No. 07-30119, 2007 U.S. App. LEXIS 18349 (5th Cir. Aug. 2, 2007).

## NINTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "[e]arth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth.  This exclusion applies whether or not the earth movement is combined with water."

## TENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure of land at the residence premises."

## ELEVENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "[t]the failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

## TWELFTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Section I---Additional Protection under items 11, 'Collapse.'"

## THIRTEENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "(a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b) mechanical breakdown; … (d) rust or other corrosion; (e) contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; … (g) settling, cracking, shrinking, bulging or expansion or pavements, patios, foundations, walls, floors, roofs, or ceilings…."

## FOURTEENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "Weather conditions that contribute in any way with a cause of loss excluded in this section to produce a loss."

## FIFTEENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "[m]old, fungus, wet rot or dry rot.  This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot.  This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge…."

4

## SIXTEENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "faulty, inadequate or defective: (a) planning, zoning, development, surveying, sitting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials used in repair, construction, renovation or remodeling; or (d) maintenance; of property whether on or off the residence premises by any person or organization."

## SEVENTEENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property; and the predominant cause(s) of the loss is (are) excluded…."

## EIGHTEENTH ADDITIONAL DEFENSE

The Plaintiffs' policy specifically excludes coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction or of materials and supplies for us in construction, until your dwelling is completed and occupied. Vandalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive day immediately prior to the vandalism or malicious mischief…."

## NINETEENTH ADDITIONAL DEFENSE

To the extent that the plaintiffs have previously agreed to fully compromise or resolve their claim, whether with Allstate or with a third party, Plaintiffs' action is barred by release and/or the doctrine of accord and satisfaction.

## TWENTIETH ADDITIONAL DEFENSE

The Plaintiffs' claims are barred in whole or in part to the extent that the Plaintiffs have

already been fully compensated for all covered losses through payment of their claims.

## TWENTY-FIRST ADDITIONAL DEFENSE

Allstate denies that is acted arbitrarily, capriciously, or without probable

cause, and denies that it violated any of the statutory provisions pled by the Plaintiffs,

including La. Rev. Stat §§ 22:658; 22:1220; 22:667, and 22:695.  Allstate further avers

that at all times pertinent hereto, it acted in good faith and in compliance with all

applicable statutory law.

## TWENTY-SECOND ADDITIONAL DEFENSE

The Plaintiffs' recovery under the policy is limited to the applicable policy

limits reflected on the declarations page of the policy.

## TWENTY-THIRD ADDITIONAL DEFENSE

Allstate's policy provides that it will pay no more than actual cash value

until actual repair or replacement is completed, which provision is applicable in this case.

## TWENTY-FOURTH ADDITIONAL DEFENSE

To the extent that the plaintiffs have suffered damage, it was caused by

third-parties and not by Allstate.  Allstate is not liable for such damage.

## TWENTY-FIFTH ADDITIONAL DEFENSE

To the extent that monies recoverable under the plaintiffs' policy are

payable to the mortgagee or other third-party ("Mortgagee"), Allstate is entitle to set-off

for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any

judgment that may be entered herein by payment to the Mortgagee, to the extent of the

Mortgagee's interest.

## TWENTY-SIXTH ADDITIONAL DEFENSE

The plaintiffs' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

To the extent that the Plaintiffs have made a claim on their flood policy that flood/storm surge destroyed their property and/or contents, the Plaintiff's are judicially, legally, and/or equitable stopped from claiming that wind caused the same loss to their property and/or contents.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the  Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH ADDITIONAL DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH ADDITIONAL DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## THIRTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiffs breach these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-SECOND ADDITIONAL DEFENSE

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the Hurricane applies to Plaintiffs' claims.

## THIRTY-THIRD ADDITIONAL DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## THIRTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs have not stated and cannot state claims under La. Rev. Stat § 22:695.  *See, e.g., Chauvin v. State Farm Fire & Casualty Co.,* 2007 U.S. App. LEXIS 18618 (5th Cir. Aug. 6, 2007).

## THIRTY-FIFTH ADDITIONAL DEFENSE

Allstate avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

## THIRTY-SIXTH ADDITIONAL DEFENSE

Allstate has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

## THIRTY-SEVENTH ADDITIONAL DEFENSE

Any potential damages awarded for physical damage to the Plaintiffs' structure, personal property, and contents are limited to the difference between the pre-loss value of the Plaintiffs' structure, personal property, and contents, and the post-loss value of the Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to the Plaintiffs' structure, personal property, and contents.

## THIRTY-EIGHTH ADDITIONAL DEFENSE

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

## THIRTY-NINTH ADDITIONAL DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set for the in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

## FORTIETH ADDITIONAL DEFENSE

Allstate specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

## FORTY-FIRST ADDITIONAL DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiff s establish a breach of contract and/or violation of statutory duties, the Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-SECOND ADDITIONAL DEFENSE

Allstate asserts that Plaintiffs are not entitled to additional living expenses under their policy, as the damage to the property was caused by an excluded peril.

## FORTY-THIRD ADDITIONAL DEFENSE

Allstate owes no damages to the Plaintiffs to the extent that the Plaintiffs have violated and consequently voted coverages that might have been afforded by virtue of the following:

a.  Refusing or failing to provide satisfactory proof of loss;

b.  Refusing to provide information that has been specifically requested;

c.  Failing to cooperate with the adjust and claims representative in the investigation of the claims; and

d.  Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH ADDITIONAL DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole,

10

or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Allstate to "pay the proportionate amount that this insurance bears to the total amount of all applicable insurance.  However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft."

## FORTY-FIFTH ADDITIONAL DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, Allstate is entitled to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

## FORTY-SIXTH ADDITIONAL DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

## FORTY- SEVENTH ADDITIONAL DEFENSE

To the extent that Plaintiffs' policy contained a Hurricane Deductible, Plaintiffs' claims are subject to the application of the hurricane Deductible as set forth in the policy.

## FORTY- EIGHTH ADDITIONAL DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust

their administrative remedies.

### FORTY-NINTH ADDITIONAL DEFENSE

The Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

### FIFTIETH ADDITIONAL DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

### FIFTY-FIRST ADDITIONAL DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and here by reserves the right to amend this response to assert any such defense.

### ANSWER

**AND NOW**, responding to the specific allegations of the Plaintiffs' Petition, Allstate further states the following:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

### I.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph I of Plaintiffs' Petition.  Allstate admits that Allstate Indemnity Company is a foreign insurer, authorized to do and doing business in the State of Louisiana.

II.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph II of the Plaintiffs' Petition. Allstate admits that Allstate Indemnity Company may have issued a homeowner policy to Plaintiffs providing certain coverage for property located at 1836 Oleander Street, Metairie, Louisiana 70001. The policy is the best evidence of its contents and its contents are pleaded as if the policy is attached hereto, *in extenso*.

III.

Allstate specifically denies the allegations Paragraph III of Plaintiffs' Petition.

IV.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph IV of Plaintiffs' Petition. Allstate admits that Hurricane Katrina affected parts of Louisiana.

V.

Allstate denies the allegations of Paragraph V of Plaintiffs' Petition for lack of sufficient information to justify a reasonable belief therein.

VI.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph VI of Plaintiffs' Petition for lack of sufficient information to justify a reasonable belief therein. Allstate admits that Hurricane Katrina affected parts of Louisiana.

VII.

Allstate denies the allegations of Paragraph VII of Plaintiffs' Petition.

VIII.

Allstate denies the allegations of Paragraph VIII of Plaintiffs' Petition.

IX.

Allstate denies the allegations of Paragraph IX of Plaintiffs' Petition.

X.

Allstate denies the allegations of Paragraph X of Plaintiffs' Petition.

XI.

Allstate denies the allegations of Paragraph XI of Plaintiffs' Petition.

XII.

Allstate denies the allegations of Paragraph XII of Plaintiffs' Petition.

XIII.

Allstate denies the allegations of Paragraph XIII of Plaintiffs' Petition.

XIV.

Paragraph XIV of Plaintiffs' Petition contains a legal conclusion and does not require a response from Allstate.  However, should such a response be deemed necessary, out of an abundance of caution Allstate denies the allegations of Paragraph XIV of Plaintiffs' Petition.

XV.

Paragraph XV of Plaintiffs' Petition contains a legal conclusion and does not require a response from Allstate.  However, should such a response be deemed necessary, out of an abundance of caution Allstate denies the allegations of Paragraph

14

XV of Plaintiffs' Petition.

XVI.

Paragraph XVI of Plaintiffs' Petition contains a legal conclusion and does not require a response from Allstate.  However, should such a response be deemed necessary, out of an abundance of caution Allstate denies the allegations of Paragraph XIV of Plaintiffs' Petition.

XVII.

Allstate denies the allegations of Paragraph XVII of Plaintiffs' Petition.

XVIII.

Allstate denies the allegations of Paragraph XVIII of Plaintiffs' Petition.

XIX.

Allstate denies the allegations of Paragraph XIX of Plaintiffs' Petition.

Allstate denies the allegations contained in the Plaintiffs' Prayer for Relief.

**AND NOW FURTHER ANSWERING**, Allstate responds to the specific allegations of the Plaintiffs' First Supplemental and Amending Complaint, as follows:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

1.

Allstate denies the allegations of Paragraph 1 of Plaintiffs' First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

15

2.

Allstate denies the allegations of Paragraph 2 of Plaintiffs' First Supplemental and Amending Complaint.

3.

Allstate denies the allegations of Paragraph 3 of Plaintiffs' First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

4.

Allstate denies the allegations of Paragraph 4 of Plaintiffs' First Supplemental and Amending Complaint.

5.

Allstate denies the allegations of Paragraph 5 of Plaintiffs' First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

6.

Allstate denies the allegations of Paragraph 6 of Plaintiffs' First Supplemental and Amending Complaint.

7.

Allstate denies the allegations of Paragraph 7 of Plaintiffs' First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

8.

Allstate denies the allegations of Paragraph 8 of Plaintiffs' First

Supplemental and Amending Complaint.

9.

Allstate denies the allegations of Paragraph 9 of Plaintiffs' First Supplemental and Amending Complaint.

10.

Allstate denies the allegations of Paragraph 10 of Plaintiffs' First Supplemental and Amending Complaint.

Allstate denies the allegations contained in the plaintiffs' Prayer for Relief.

**WHEREFORE,** Allstate prays that its Additional Defenses and Answers to Petition and First Supplemental and Amending Complaint be deemed good and sufficient, and that after due proceedings are had, this Court render judgment in its favor, with costs and fees assessed against the plaintiffs.

RESPECTFULLY SUBMITTED,

*/s/   Gregory J. Schwab*
**GREGORY J. SCHWAB #21075**
**CARL T. SCHWAB #21430**
423 Goode Street
Houma, Louisiana 70360
Tel.: 985-223-4457
e-mail: gjschwab@exceedtech.net
 Attorneys for Allstate

17

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

> */s/   Gregory J. Schwab*
> **GREGORY J. SCHWAB #21075**
> **CARL T. SCHWAB #21430**
> 423 Goode Street
> Houma, Louisiana 70360
> Tel.: 985-223-4457
> Fax: 985-851-5051
> e-mail: gjschwab@exceedtech.net