UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **No. 05-4182** |
| **PERTAINS TO:** | * | **& Consolidated Cases** |
| **LEVEE (DePass., No. 06-5127)** | * | |
| | * | **SECTION K** |
| | * | **JUDGE DUVAL** |
| | * | **MAGISTRATE WILKINSON** |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | |

**REPLY MEMORANDUM IN SUPPPORT OF
MOTION TO AMEND COMPLAINT
FOR DECLARATORY JUDGMENT AND
DAMAGES AND REQUEST FOR JURY TRIAL**

**MAY IT PLEASE THE COURT**:

The Plaintiffs request leave to file this Third Amendment to their Complaint filed August 28, 2006. [Doc. 1] as amended by First Amended Complaint [Doc.1254 ], and the Second Amended Complaint filed herein on April 11, 2007 [ Doc. 3708 ]. On August 11, 2007, the Court granted leave to amend the complaint to assert claims against the United States, specifically including Federal Tort Claim Act Claims[Doc. 6937] granting Plaintiffs' Motion for the Entry of a Procedures Order Simplifying the Procedures for the Addition of Claims Against the United States and for Adding New Parties Asserting Like Claims.[Doc. 3315]. In fact, the United States offered position statement on the Motion [Doc 3705] and participated in the conference [Doc. 3775], and the hearing on the Motion held August 8, 2007.

Neither The United States nor the Parish of Jefferson will be prejudiced. That both have 12(b) Motions pending is no prejudice. *Adams v. Gould Inc.,* 739 F.2d 858 (3d Cir.1984), cert. denied, -- U.S. ---, 105 S.Ct. 806 (1985). When a motion to dismiss is granted, "the usual practice is to grant leave to amend the complaint." 2A Moore & Lucas, Moore's Federal Practice ¶ 12.14 at 12-99 (2d ed. 1989); *see also Luce v. Edelstein,* 802 F.2d 49, 56 (2 Cir.1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend.").

Secondly, there is no bad faith. The requirement for a predicate administrative claim has precluded Plaintiffs from asserting Federal Tort Claim Act Claims much earlier and the Court has only just now acted on Plaintiffs' Motion for a Procedures Order simplifying the procedures for filing Admiralty and Admiralty Extension Act Claim [Doc. 6937] entered August 11, 2007.

The amendment clarifies the claims asserted. It does not add or strike any party. For instance, as they related to defendants other than the United States, the amendments merely elaborate of allegations previously made as a result of information only recently discovered. The allegations are, in the main, particular to the claim against the United States. No dilatory tactics are involved. No initial disclosures have yet been exchanged. No discovery has been commenced. The Court has not set any bar dates for the Plaintiffs to amend their Complaints.

Federal Rules of Civil Procedure 15(a) provides that a party must seek leave of the court to amend his pleadings after a responsive pleading has been filed. Leave to amend must be freely given. Federal Rules of Civil Procedure 15(a); *see Foman v. Davis,* 371 U.S. 178 (1962). Leave should be granted unless there is some apparent or declared reason not to allow the amendment. *Marx v. Centran Corp.,* 747 F.2d 1536 (6th Cir.1984), *cert. denied,* -- U.S. ---, 105 S.Ct. 2656 (1985). Some factors to be considered in evaluating a motion to amend are undue delay, prejudice to opposing parties and futility of the amendment. *Cranberg v. Consumers*

*Union of United States, Inc.,* 756 F.2d 382 (5th Cir.), *cert. denied,* -- U.S. ---, 106 S.Ct. 148 (1985); *Adams v. Gould Inc.,* 739 F.2d 858 (3d Cir.1984), cert. denied, -- U.S. ---, 105 S.Ct. 806 (1985).  When a motion to dismiss is granted, "the usual practice is to grant leave to amend the complaint."  2A Moore & Lucas, Moore's Federal Practice ¶ 12.14 at 12-99 (2d ed. 1989); *see also Luce v. Edelstein,* 802 F.2d 49, 56 (2 Cir.1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend.").  Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground.

While courts should consider several factors in determining whether to grant leave to amend a complaint, the standard the moving party must meet is easily reached.  In *Foman v. Davis,* 371 U. S. 178 (1962), the Supreme Court of the United States stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules required, be "freely given".  *Id.* at 182.  *See McGoffin v. Sun Oil Co.,* 539 F.2d 1245, 1248 (10th Cir.1976)(stating "leave to amend should be freely granted")(citing *Polin v. Dunn & Bradstreet, Inc.,* 511 F.2d 875 (10th Cir.1975)(quoting *Foman v. Davis,* 371 U. S. at 182))

Cf. *Critzer v. United States*, 225 Ct. Cl. 621, 1980 WL 13192 (Ct.Cl.)

The Fifth Circuit examines five considerations in determining whether to grant a party leave to amend a complaint.  *Rosenweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir.2003).  These considerations include (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (5) futility of

3

the amendment. *Id* (citing *Foman v. Davis, supra,* . "Absent such factors, 'the leave sought should, as the rules require, be freely given.'" *Id.*

The Motion for Leave to file should be granted.

                Respectfully submitted,

                /s/ William C. Gambel
                WILLIAM C. GAMBEL, Bar # 5900
                MILLING BENSON WOODWARD, LLP
                909 Poydras Street, Suite 2300
                New Orleans, LA 70112
                Telephone: (504) 569-7210
                wgambel@millinglaw.com
                Attorneys for Plaintiffs

John J. Cummings, III (#4652)
Cummings & Cummings
416 Gravier Street
New Orleans, LA  70130
Phone:  (504) 586-0000
Fax:     (504) 522-8423

W364260

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others depositing same in the United States mail, postage prepaid and properly addressed, this 17th day of August, 2007.

/s/ William C. Gambel
William C. Gambel

W364260