**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED ACTION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| LEVEE (Douville, No. 07-1113) | § | |
| | § | |
| | § | |

**DEFENDANT UNITED STATES OF AMERICA'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

The United States of America hereby answers and otherwise responds to Plaintiffs'

Complaint as follows:[1]

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action.

**SECOND DEFENSE**

Plaintiffs seek damages for harm caused by a flood or by flood waters, and the United

States is immune from liability for such damages.  See 33 U.S.C. 702c.

---

[1]  Any allegations, including those set forth in captions or headings in Plaintiffs'
Complaint, not expressly admitted herein are denied.  All responses, answers, admissions and
statements made herein are by counsel for the United States for the sole purpose of the above
captioned case and shall not be considered binding outside this suit.

### THIRD DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  See 28 U.S.C. § 2680(a).

### FOURTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  See 28 U.S.C. § 2680(a).

### FIFTH DEFENSE

This class action suit is barred to the extent Plaintiffs did not present tort claims in writing to the appropriate federal agency before this action was instituted.  See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

### SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action to the extent Plaintiffs have failed to exhaust their administrative remedies.

### SEVENTH DEFENSE

Plaintiffs' claims were presented outside the statute of limitations and are therefore barred.  See 28 U.S.C. § 2401(b).

### EIGHTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### NINTH DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within

the scope of office or employment.

## TENTH DEFENSE

The United States, through its employees and agents, did not breach any duty of care it allegedly owed Plaintiffs and/or their decedent(s).

## ELEVENTH DEFENSE

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

## TWELFTH DEFENSE

To the extent Plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and statutory law.

## THIRTEENTH DEFENSE

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits Defendant's liability or Plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## FOURTEENTH DEFENSE

Plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their administrative claim.  28 U.S.C. § 2675(b).

## FIFTEENTH DEFENSE

The United States is not liable for prejudgment interest or punitive damages.  See 28

U.S.C. § 2674.

## SIXTEENTH DEFENSE

Plaintiffs' demand for a jury trial as to the United States is barred.  28 U.S.C. § 2402.

## SEVENTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

## EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is

denied, the superseding and intervening negligence of third parties, for whom the United States

cannot be held liable, broke any causal connection between the United States' negligence and the

Plaintiffs' alleged injuries, cutting off the legal effect of Defendant United States' negligence,

which is expressly denied.

## NINETEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is

expressly denied, the negligence of Plaintiffs and/or their decedent(s) was a substantial factor in,

and the proximate cause of, and contributed to any alleged injuries or damages sustained by

Plaintiffs.

## TWENTIETH DEFENSE

To the extent that periodic payments are afforded to private defendants under Louisiana

law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits

of any such periodic payment statute.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiffs seek equitable relief, this claim it is not cognizable under the

Federal Tort Claims Act, which permits only money damages.  See 28 U.S.C. § 1346(b)(1).

## TWENTY-SECOND DEFENSE

To the extent economic or non-economic damages are limited by the laws of the state of

Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United

States is entitled to the benefits of such law.

## TWENTY-THIRD DEFENSE

The United States, through its employees and agents, acted with due care and diligence at

all relevant times.

## TWENTY-FOURTH DEFENSE

Class action lawsuits are impermissible under the Federal Tort Claims Act.

## TWENTY-FIFTH DEFENSE

The United States Army Corps of Engineers cannot be sued eo nomine under the Federal

Tort Claims Act.

## TWENTY-SIXTH DEFENSE

The United States is not liable for acts or omissions of any contractor with the United

States.  See 28 U.S.C. § 2671.

## TWENTY-SEVENTH DEFENSE

This court lacks jurisdiction over suits filed pursuant to the Federal Water Pollution

Control Act, 33 U.S.C. § 1321.  In accordance with 33 U.S.C. § 1321(i), such suits must be filed

in the United States Court of Federal Claims.

## TWENTY-EIGHTH DEFENSE

The claims are barred to the extent that they are based on or arise out of

misrepresentation or deceit.  <u>See</u> 28 U.S.C. § 2680(h).

## TWENTY-NINTH DEFENSE

Plaintiffs have failed to properly effectuate service upon the United States pursuant to

Rule 4 of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

To the extent the claims are cognizable under the Suits in Admiralty Act, Public Vessels

Act, or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter

jurisdiction conferred by the Federal Tort Claims Act.  <u>See</u> 28 U.S.C. § 2680(d).

## THIRTY-FIRST DEFENSE

Plaintiffs do not possess a tort claim under the law of the place where the alleged

negligent or wrongful acts and omissions occurred.

## THIRTY-SECOND DEFENSE

The United States is not subject to liability without fault.

## THIRTY-THIRD DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

## THIRTY-FOURTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and

character were fully appreciated by Plaintiffs before they voluntarily exposed themselves to it.

## THIRTY-FIFTH DEFENSE

The Complaint alleges negligent or wrongful acts and omissions as to which Defendant is

absolutely immune from suit.

**THIRTY-SIXTH DEFENSE**

The prerequisites to a class action have not been satisfied in accordance with Rule 23 of

the Federal Rules of Civil Procedure.

**THIRTY-SEVENTH DEFENSE**

To the extent Plaintiffs have suffered any damages, they have filed to mitigate them.

**ANSWERS TO SPECIFIC ALLEGATIONS**

**COMPLAINT FOR DAMAGES**[2]

The United States is without sufficient information to admit or deny the allegations

contained in this paragraph; accordingly, these allegations are denied.

**JURISDICTION**

1.      The allegations contained in this paragraph are legal conclusions to which no response in

required.  To the extent a response is required, the allegations are denied.

2.      The allegations contained in this paragraph are legal conclusions to which no response in

required.  To the extent a response is required, the allegations are denied.

3.      The allegations contained in this paragraph are legal conclusions to which no response in

required.  To the extent a response is required, the allegations are denied.

4.      The allegations contained in this paragraph are legal conclusions to which no response in

required.  To the extent a response is required, the allegations are denied.

---

[2] All headings, such as this one, contained in this Answer have been duplicated from
Plaintiffs' Complaint for the sole purpose of assisting the reader in matching the United States'
responses to the corresponding allegations as stated in Plaintiffs' Complaint. The United States
expressly denies all headings, as they are alleged.

5.      The allegations contained in this paragraph are legal conclusions to which no response in

required.  To the extent a response is required, the allegations are denied.

## VENUE

6.      The allegations contained in this paragraph are legal conclusions to which no response in

required.  To the extent a response is required, the allegations are denied.

## PARTIES

7.      The United States is without sufficient knowledge or information to admit or deny the

allegations in this paragraph, including parts (a) through (d), and they are therefore denied.

8.      Subparagraphs (a) through (p) are not directed at the United States.  The United States

also is without sufficient knowledge or information to admit or deny the allegations of these

subparagraphs, which also include legal conclusions to which no response is required.  To the

extent a response is required, the allegations are denied.

        Subparagraph (q).  The United States admits that it and the United States Army Corps of

Engineers (Corps) are named defendants, but avers that they are not rightfully so.

## FACTUAL BACKGROUND

9.      The United States admits that Hurricane Katrina, while in the Gulf of Mexico, was

upgraded to category 3 as it strengthened, eventually becoming a category 5 hurricane.  The

United States is without sufficient knowledge or information to admit or deny the other

allegations contained in this paragraph; the factual allegations relate to activities of persons

representing another sovereign and for whose acts the United States is not responsible;

accordingly, these allegations are denied.

10.     The United States admits only that Katrina was upgraded from category three to four and

then to category 5.  The United States is without sufficient knowledge or information to admit or

deny the additional allegations of this paragraph.  They also concern personnel employed by

another sovereign for those acts the United States is not responsible; therefore, they are denied.

11.     The United States admits that Hurricane Katrina made landfall near Buras, Louisiana, at

around 6:10 a.m. Central Daylight Time (CDT), August 29, 2005.  The United States also admits

that, after its first landfall, Katrina followed a track due north across the Mississippi Rover to a

final landfall near the mouth of the Pearl River at the Louisiana/Mississippi border.  All other

allegations of this paragraph are denied.

12.     The United States is without sufficient knowledge or information to admit or deny the

allegations of this paragraph; therefore, they are denied.

13.     The allegations of this paragraph concern personnel employed by another sovereign for

whose acts the United States is not responsible.  The United States also is without sufficient

knowledge or information to admit or deny the allegations of this paragraph; therefore, they are

denied.

14.     Denied.

15.     The United States admits only that levee flood walls constructed for the 17th Street Canal

and the London Avenue Canal were of an "I" wall design.  The United States admits that the

U.S. Army Corps of Engineers manual on Engineering, Design and Construction of Levees,

dated April 30, 2000 exists and avers that it is the best evidence of its terms.  All other

allegations of this paragraph are denied.

16.     The United States admits only that the 17th Street and London Avenue Canal flood walls

are of the "I" wall design.  All other allegations of this paragraph are denied.

17.     The United States admits only that "I" walls are built with sheet pilings and concrete in

individual sections with expansion joints.  All other allegations of this paragraph are denied.

18.     Denied.

19.     Denied.

20.     Denied.

### ALLEGATIONS OF FAULT AND/OR LIABILITY

21.     The United States admits only that Hurricane Katrina made landfall near Buras,

Louisiana, on August 29, 2005 and later made landfall again at the Louisiana/Mississippi border.

All other allegations of this paragraph are denied.

22.     The United States admits only that breaches occurred on the 17th Street, London Avenue,

and Industrial canals.  All other allegations of this paragraph are denied.

23.     Denied as to the United States and the Army Crops of Engineers.  The United States is

without sufficient knowledge and information to admit or deny the allegations regarding other

entities.  Therefore, all other allegations of this paragraph are denied.

24.

### A.  17th STREET CANAL

1.     The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

2.     The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

3.     The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

4.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

## B.  LONDON AVENUE CANAL

1.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

2.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

3.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

4.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

5.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

## C.  INDUSTRIAL CANAL

1.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

2.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

3.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

## D.  BOARD OF COMMISSIONERS OF THE
## ORLEANS LEVEE DISTRICT

1.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

2.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

3.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

4.      The United States is without sufficient knowledge or information to admit or deny the

allegations contained in this paragraph; accordingly, these allegations are denied.

25.

Denied.

26.

The allegations contained in this paragraph are legal conclusions to which no response is

required.  To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant United States requests:

1.      That Plaintiffs' Complaint be dismissed;

2.      That Plaintiffs receive no recovery;

3.      That Defendant be granted costs, attorneys' fees, expenses, and such other and further

relief as the court deems appropriate.

Respectfully submitted,

PETER D, KEISLER
Assistant Attorney General

12

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

s/ Richard R. Stone
RICHARD R. STONE
Senior Trial Attorney
KEITH LIDDLE
MICHELE GREIF
INA STRICHARTZ
Trial Attorneys, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4291/(202) 616-5200 (FAX)
Attorneys for the United States

Dated: August 20, 2007

**CERTIFICATE OF SERVICE**

I, Richard R. Stone, hereby certify that on August 20, 2007, I served a copy of Defendant United States of America's Answer to Plaintiffs' Complaint upon all parties by ECF.


s/ Richard R. Stone
RICHARD R. STONE