UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| | * | JUDGE DUVALL |
| PERTAINS TO: | * * | MAG. WILKINSON |
| LEVEE:   06-5118 (RICHARD) | * * | |

* * * * * * * * * * * * * * * * * *

### ANSWER TO PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes defendant, The Orleans Parish Levee District, and for answer to Plaintiffs' First Amended Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

1

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs were negligent in failing to follow repeated

lawful orders to evacuate and such other acts or omissions which may be proven at trial.

### TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

### TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs failed to mitigate their damages.

### THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

### FOURTEENTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq*.

### FIFTEENTH DEFENSE

The maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs were injured and damaged as alleged, which

is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

### NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with requisite particularity.

### TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

### TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt

any affirmative defenses filed by any other party.

### TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' Complaint.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs and to amend its Answer.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

### TWENTY-SIXTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiffs are not entitled to attorney's fees.

### TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs' claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### THIRTIETH DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.17.

### THIRTY-FIRST DEFENSE

Defendant affirmatively alleges plaintiffs' lack of standing.

**AND NOW**, answering separately the allegations of Plaintiffs' First Amended Complaint, defendant, The Orleans Levee District, admit, deny and aver as follows:

#### 4.A

The allegations of Paragraph 4A require no answer from this defendant.

#### 10.A

The allegations of Paragraph 10A are denied for lack of sufficient information to justify a belief therein.

#### 10.B

The allegations of Paragraph 10B are denied.

#### 10.C

The allegations of Paragraph 10C are denied insofar as they state or imply any fault, negligence, or liability on the part of this defendant.

#### 10.D

The allegations of Paragraph 10D are denied insofar as they state or imply any fault, negligence, or liability on the part of this defendant.

**WHEREFORE,** defendant, The Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs, dismissing all of the claims of the plaintiffs against it, with prejudice, and at plaintiffs' cost.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on the 21st of August, 2007, a copy of the above and foregoing documents was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants

**THOMAS P. ANZELMO (#2533)**
tanzelmo@mcsalaw.com