UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> _____ § <br> § <br> PERTAINS TO: § <br> § <br> LEVEE & MRGO CASES § <br> _____ § | CIVIL ACTION <br> NO.   05-4182 "K"(2) <br> JUDGE DUVAL <br> MAG. WILKINSON |

## MOTION FOR APPOINTMENT OF A SPECIAL MASTER

**NOW INTO COURT**, comes Joseph M. Bruno, as Plaintiffs' Liaison Counsel for the Levee & MRGO PSLCs in the above referenced matter, who moves this court to appoint a Special Master for the purpose of protecting the interests of the citizens of Greater New Orleans by filing a lawsuit protecting all citizens who have filed a Form SF-95 with the United States Government asserting a claim pursuant to the Admiralty Extension Act.

### I.

### OVERVIEW

As the court is well aware, a substantial number of citizens of the metropolitan New Orleans area were harmed as a result of Hurricane Katrina.  Numerous lawsuits have been brought against a variety of entities seeking redress for the widespread flooding that inundated the City on or about August 29, 2005, the most visible defendant being the United States Army Corps of Engineers (the "Corps").

One cause of action alleged against the Corps is pursuant to the Admiralty Extension Act.  An administrative requirement of this cause of action is that a claim set forth on a Form SF-95

must be submitted within 18 months of the event causing harm.  In order to preserve this claim, the claimant must then bring suit on the six (6) month after the expiration of the 18 month period.   For actions resultant from Hurricane Katrina, the filing date is August 29, 2007.

Through discovery, the Corps has provided the names of over three hundred and fifty thousand (350,000) citizens who have filed a Form SF-95 asserting a claim, but must now file suit to protect their interests.

Due to the unique nature of Hurricane Katrina's destruction, the population of New Orleans has been subjected to the largest mass migration since the Civil War.  Liaison Counsel has undertaken substantial efforts to inform the potential pool of claimants of the need for filing their SF-95 forms.  However, it has become clear that thousands of citizens are not aware of the need to file suit, likely under the mistaken belief that the protections enjoyed in a class action interrupting prescription are in place.

Liaison Counsel has been provided with the names of each citizen who has timely filed the Form SF-95, but cannot file suit on their behalf due to the numerous Ethical Canons precluding such action.  Therefore, the Levee & MRGO PSLCs move the court to appoint a special master to file suit on behalf of all of the claimants who have timely filed SF-95 Forms to preserve their cause of action under the Admiralty Extension Act.

## II.

### ARGUMENT

**A.    The Court has the Authority to Appoint a Special Master**

It is requested that the court appoint a Special Master for the purpose of protecting the interested of the citizens of Greater New Orleans who have timely filed a claim under the

Admiralty Extension Act by filing suit on their behalf.

Federal Rules of Civil Procedure, Rule 53 hold in pertinent part:

> "Masters
> (a) Appointment.
> (1) Unless a statute provides otherwise, a court may appoint a
> master only to:
> (B) hold trial proceedings and make or recommend findings of fact
> on issues to be decided by the court without a jury if appointment
> is warranted by
> (i) some exceptional condition, or...
> (C) address pretrial and post-trial matters that cannot be addressed
> effectively and timely by an available district judge or magistrate
> judge of the district."

The decision to appoint a master is within discretion of the district court. Bradshaw v. Thompson, 454 F.2d 75, C.A.6 (Tenn.) 1972, certiorari denied, 93 S.Ct. 130, 409 U.S. 878, 34 L.Ed.2d 131.  Where the issues are complicated and complex, district court has the power in its discretion to appoint a special master, but such power should only be exercised in exceptional circumstances. Fraver v. Studebaker Corp., 11 F.R.D. 94 (W.D.Pa.1950).  The rule governing the appointment of special master does not require that an evidentiary hearing be held on the issue of appointment. Gary W. v. State of La., 601 F.2d 240 (C.A.5 (La.) 1979).

Certainly, the results of the levee breaks that led to the diaspora of New Orleans citizens constitutes exceptional circumstances.

The court is not without guidance in appointing a special master to protect the interests of unrepresented individuals.  In Ayuda, Inc. v. Reno, 7 F.3d 246 (C.A.D.C.,1993), suit was brought by immigration assistance organizations seeking a preliminary injunction to prevent Immigration and Naturalization Service from enforcing its rule which limited the number of aliens, otherwise

eligible, who could seek legalized residence status.  The district judge appointed special masters "in an unusual effort" to identify aliens who were discouraged from filing applications by the process of front-desking.[1]  Id., at 250.

Additionally, Judge Rubin of the Eastern District of Louisiana instituted a similar procedure in 1976 by appointing an attorney to represent "all parties who have not yet filed a claim" in McKeithen v. M/T Frosta, (USDC, EDLA, 76-3251).  (See Exhibit "A").  In that case, a tanker steaming down the Mississippi River struck the Luling Ferry as it was crossing the river, injuring and killing many of the passengers.  To protect the interests of those individuals whose interests were not protected by the procedural nature of the case, the Court, on its own motion, appointed an attorney to file suit for those unprotected individuals.[2]

Such appointments are consistent with the policy implicit in Fed.R.Civ.P. 23 that places a special responsibility on the district court to protect potential class members and ensure that they receive the due process to which they are entitled. In Re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1098 (5th Cir.1977).

**B.     The Claimants are entitled to equitable relief as "Wards of the Court"**

The "wards of the court" doctrine was created to account for the special circumstances attending the seaman's calling because the seaman, while on his vessel, is subject to the rigorous discipline of the sea and has little opportunity to appeal to the protection from abuse of power which the law makes readily available to the landsman." Socony-Vacuum Oil Co. v. Smith, 305

---

[1] Aliens came to an INS office with an application completed and payment in hand, and were then turned away.

[2] A copy of Judge Rubin's order has been requested from the Fort Worth National Archives, where the closed case file is now stored.  Once received, a copy will be provided to the Court.

U.S. 424, 430-31, 59 S.Ct. 262, 83 L.Ed. 265 (1939).

Unfortunately, hundreds of thousands of New Orleans residents spread around the country are subjected to a dearth of legal protection that equates to the inequalities suffered by seamen. A claim presented under the Admiralty Extension Act requires not only the filing of the SF-95 Form, but also the filing of a lawsuit to preserve the claim. The unprecedented nature of the mass exodus caused by the levee failures has precluded the Levee and MRGO PSLCs from engaging in comprehensive assurance that every claimant who has timely file his/her SF-95 form knows that individualized suits must still be filed.

It is within the Court's equitable powers to appoint an attorney as Special Master to represent the claimants for the purpose of filing a comprehensive suit on behalf of each individual who has timely filed a SF-95 Form, and then supervise the notification to each of the claimants of their future rights.

### III.

### CONCLUSION

One of the causes of action alleged against the United States Army Corps of Engineers is pursuant to the Admiralty Extension Act. An administrative requirement of this cause of action is that a claim set forth on a Form SF-95 must be submitted within 18 months of the event causing harm. In order to preserve this claim, the claimant must then bring suit on the six (6) month after the expiration of the 18 month period. For actions resultant from Hurricane Katrina, the filing date is August 29, 2007.

Through discovery, the Corps has provided the names of over three hundred and fifty thousand (350,000) citizens who have filed a Form SF-95 asserting a claim, but must now file

suit to protect their interests.  Liaison Counsel has undertaken substantial efforts to inform the potential pool of claimants of the need for filing their SF-95 forms.  However, it has become clear that thousands of citizens are not aware of the need to file suit, likely under the mistaken belief that the protections enjoyed in a class action interrupting prescription are in place.

      Liaison Counsel cannot file suit on behalf the vast majority of New Orleanians with claims due to the numerous Ethical Canons precluding such action.  Therefore, the Levee & MRGO PSLCs pray that the Court appoint a Special Master to file suit on behalf of all of the claimants who have timely filed SF-95 Forms to preserve their cause of action under the Admiralty Extension Act.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 22nd day of August, 2007.

                                            /s/ Joseph M. Bruno

                                            Joseph M. Bruno