UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NUMBER: 05-4182 |
| | SECTION: "K" (2) |

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289, 07-1349

PERTAINS TO:  LEVEE

---

**MEMORANDUM IN SUPPORT OF MOTION OF
PLAINTIFFS' PERMANENT MASTER COMMITTEE (PMC)
FOR APPOINTMENT OF CURATOR PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 53**

**MAY IT PLEASE THE COURT:**

All maritime claims asserted against the Corps of Engineers in this litigation are subject to the statute of limitations requirements set forth in the Suits in Admiralty Act and Admiralty Extension Act.  *See* 46 U.S.C. §740.  Under these statutes, tort claims against the United States which sound in Admiralty must be filed no later than two years from the event (in this case,

00011757.WPD

August 29, 2007), and can only be filed on behalf of those claimants who have had administrative claims (Form 95s) pending against the Federal Agency for a period of at least six months (i.e., those who filed Form 95s against the Corps in this case by March 1, 2007).

The Corps has produced a database showing that roughly 330,000 Form 95 claims have been filed against it. A great number of these were filed on or before March 1, 2007.

On August 29, 2007, in view of the above law of prescription, a number of plaintiffs' counsel in this litigation will be filing mass joinders and class actions on behalf of their clients, attaching to each pleading an exhibit listing the names of the client group in question. Presumably, these attorneys will be in a position to identify all claimants whom counsel is certain to have retained them and to have filed timely Form 95s.

However, a great number of Form 95s have been available through websites and other sources to the public at large; and it is clear (i.e., a fact of which the Court may take judicial notice) that a number of Form 95s were filed on before March 1, 2007 by (a) claimants who are unrepresented by counsel, and/or (b) claimants who may have used Form 95s which identified counsel as representing them, but who have not communicated to these attorneys to advise or confirm that they are actually retained in the case.

This Court has inherent case management and appointive authority in this complex litigation. *See Manual for Complex Litigation* (4th Ed.), §10, pp. 7, *et seq.* The Court also has specific authority under Rule 53 of the Federal Rules of Civil Procedure to appoint "masters" to perform various duties and functions, such as the handling of "pretrial...matters that cannot be addressed effectively and timely" by the Court itself. FRCP 53(a)(1)(C).

This authority was exercised by the Honorable Eldon E. Fallon in the *Propulsid*

litigation, wherein he entered an Order under Rule 53 to appoint an attorney as a "curator" for the purpose of assisting certain *pro se* plaintiffs in regard to the prosecution and/or settlement of their claims.  A copy of this Order, entered June 5, 2006, is made Attachment I.

      The undersigned members of the PMC were appointed in this case "[t]o assure continuity of communication between the parties and with the Court...." *See* CMO No. 4, 3/1/07 at p. 6. The PMC members believe that this appointment confers upon them a responsibility to protect the interests of all who may be making claims against defendants in this case, including claims against the Corps of Engineers.  But no mass joinder/class action filing ethically can be undertaken on August 29 by counsel on behalf of individuals who have not given express consent to this filing.  Certainly, no member of the PMC is in a position to file an action on August 29 for any Form 95 claimant who has authorized counsel to file suit against the Corps.

      A Court-appointed curator, on the other hand, can be given responsibility by the Court and act as an officer of the Court, to protect the interest of claimants whose otherwise may not be protected by various filings which will occur on the deadline of August 29, 2007.  The specific duties and responsibilities of the appointed curator after the filing of the necessary pleading, of course, will be subject to further orders of the Court.

      For the foregoing reasons, it is respectfully submitted that an attorney be appointed as curator *ad hoc* by the Court under Rule 53 to file an appropriate pleading on August 29, 2007 on behalf of each and every individual named in the Corps of Engineers' database of individuals who previously have filed Form 95s, specifically including those who filed such administrative claims by March 1, 2007.  While this "global" filing will overlap with actions filed by other counsel, it will assure — by reference to an electronic "list" of all Form 95 claimants in the

Corps' database — that both unrepresented claimants and claimants who have not confirmed with counsel an attorney-client relationship in this matter, are protected against the running of the statute of limitations as to maritime claims.

>RESPECTFULLY SUBMITTED:
>
>LEVEE LITIGATION GROUP
>
>BY:   s/Joseph M. Bruno
>Joseph M. Bruno (#3604)
>The Law Office of Joseph M. Bruno
>855 Baronne Street
>New Orleans, Louisiana 70113
>Telephone: (504) 525-1335
>Facsimile:(504) 581-1493
>E-Mail:jbruno@brunobrunolaw.com
>Plaintiffs' Liaison Counsel
>
>-and-
>
>GERALD E. MEUNIER (La. Bar #9471)
>Gainsburgh, Benjamin, David, Meunier &
>Warshauer, L.L.C.
>2800 Energy Centre
>1100 Poydras Street
>New Orleans, Louisiana 70163-2800
>Phone:504/522-2304
>Facsimile:504/528-9973
>E-mail:gmeunier@gainsben.com
>Levee PSLC Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants:

                                                s/Joseph M. Bruno
                                                JOSEPH M. BRUNO #3604