UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES                    CIVIL ACTION
            CONSOLIDATED LITIGATION

NO. 05-4182

**PERTAINS TO LEVEE and MR GO CASES**              SECTION: "K" (2)

The Court has received the following motions:

1)  Motion for Appointment of Special Master in relation to the levee and MR GO cases;

2)  Motion of Plaintiffs' Permanent Master Committee (PMC) for Appointment of Curator Pursuant to Federal Rule of Civil Procedure 53 pertaining to the levee in MR. GO cases;

The thrust of both motions is for the Court to appoint an attorney to file suit on behalf of all persons who have filed administrative claims (Form 95) and who are not yet specifically represented by counsel and who will not be named in the suits to be filed by counsel on or before August. 29, 2007.  In this case, this would apply to all persons who filed their Form 95's, against the Corps of Engineers, on or before March 1, 2007.

Because of the nature of these motions, the Court must make a determination within an extremely truncated time period.  The Court has requested the Government to file any opposition on or before Thursday, August 23, 2007, at 1:00 p.m.  In order to fully discuss these motions, the Court will have a hearing on Friday, August 24, 2007, at 10:00 a.m., which Mr. Joseph Bruno and Mr. Gerald Meunier shall attend in person and a representative of the United States shall attend either in person or telephonically to discuss the motions, and particularly the following illustrative, but not exclusive, items:

1)  Suggestions as to who the Court might appoint as a Curator and/or Special Master;

2)  The method and form of notice to be sent to the parties who will be represented by the Court appointed attorney, and the time limits these parties will have to respond to said notice;

3) The method of compensation of the court appointed attorney;

4) The method of funding costs to pay for the processing of the notices;

5) The mechanisms utilized to determine who, if anyone, will represent unrepresented parties other than the court appointed attorney after suit is filed;

6) Any ethical considerations that may be inherent in this procedure;

7) The Court is aware that time for filing suit under the Federal Tort Claims Act (FTCA) is different than the time for filing under the Admiralty Extension Act (AEA); therefore, the Court needs to discuss how any filing made by the court appointed attorney, pursuant to these motions, would effect the FTCA claims as opposed to the AEA claims; and,

8) The actual need for Court action based on the tenuous nature of the AEA being the basis for jurisdiction.

It should be noted that the Court has not decided whether it will issue what are requested in these motions. Before any decision is made, the Court will require a full hearing and discussions of the matters listed above and any other matters that is germane to the issue.

New Orleans, Louisiana, this 23rd day of August, 2007.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE