## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| ALL LEVEE | § | |
| ALL MRGO | § | |
| | § | |

## DEFENDANT UNITED STATES' OPPOSITION TO
## MOTION FOR APPOINTMENT OF A SPECIAL MASTER (DOC. 7225)
## AND MOTION OF PLAINTIFFS' PERMANENT MASTER COMMITTEE
## (PMC) FOR APPOINTMENT OF CURATOR PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 53 (DOC 7269)

### INTRODUCTION

The Plaintiffs' Permanent Master Committee ("PMC") has filed two motions that seek to

have this Court appoint a special master to bring suit under the Admiralty Extension Act

("AEA"), 46 U.S.C. § 30101 (formerly 46 U.S.C. app. § 740), on behalf the citizens of Greater

New Orleans.  *See* Doc. Nos. 7225 & 7269.  This matter was brought to the Court's attention at a

status conference on August 21, 2007, despite the fact that the PMC has known for at least six

months that the statute of limitations for filing suit on AEA claims will run on August 29, 2007.

As the Court noted during the status conference, the PMC's request for relief could have been

filed a long time ago.  Since the PMC has waited until the eleventh hour to raise this issue, the

United States is put in the unfair and difficult position of having to respond in an extraordinarily short time.[1]

The PMC's motions should be denied for two reasons. First, there has been no showing, not even a suggestion, that the "unrepresented" claimants desire representation or desire that an AEA suit be brought on their behalf.[2] They have requested neither. These claimants have not authorized a special master to represent their interests. There has been no showing that they are incompetent or unable for any reason to represent their own interests. No exigent circumstances exist that would warrant extraordinary judicial intervention on their behalf. Second, forcing claimants into federal court may prejudice their rights. After suit is filed on their behalf, they will lose the opportunity to pursue their claims through the administrative process. Moreover, should the United States, in response to suit, deny their administrative claims, the six-month FTCA statute of limitations under 28 U.S.C. § 2401(b) will be triggered. Should the action on

---

[1] As the Court is aware, this is not the first time the PMC has manufactured an eleventh hour crisis. It did the same thing this past spring when it waited until the last minute to file motion practice on similar AEA issues. *See* Doc. 3288 (United States' Opposition to Plaintiffs' Motion to Toll Period for Filing Maritime Suits). To make matters worse, the PMC has filed not one, but two motions requesting the same relief and have filed both motions late. The Court instructed the PMC at the status conference to file its motion on the morning of August 22, 2007. The PMC filed its Motion for Appointment of a Special Master (Doc. 7225) at some time after 12:00 p.m. on the 22nd. Document 7225 does not include a copy of the 1976 *McKeithen* case on which the plaintiffs rely. Around 5:00 p.m., the PMC filed the Motion of Plaintiffs' Permanent Master Committee for Appointment of Curator Pursuant to Federal Rule of Civil Procedure 53 (Doc. 7269), a different motion which seeks the same relief. Document 7269 does not include an Attachment – a copy of a June 5, 2006 order entered by Judge Fallon in the *Propulsid* litigation – referenced therein. For all of these reasons, the United States has been denied the opportunity to respond thoroughly and thoughtfully. Again, this is not the first time the PMC has put the United States in this impossible situation. *See* Doc. 3271 (United States' motion requesting an enlargement of time when plaintiffs filed papers after the close of business and United States' response was due by noon the next day). The PMC's last minute tactics should not be countenanced by the Court.

[2] It is not even clear that these persons, who are not before the Court, are unrepresented. All that is known is that some persons did not indicate that they were represented by counsel when they submitted an administrative claim.

2

their behalf be flawed, their right to sue at a later date beyond the six-month period will be extinguished.

ARGUMENT

The AEA mandates that no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the federal agency owning or operating the vessel causing the injury of damage. *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir.), cert. denied, 502 U.S. 819 (1991). Claimants who fail to satisfy this pre-filing requirement cannot invoke the Court's admiralty jurisdiction. *Dept. of Highways, State of Louisiana v. United States*, 204 F. 2d 630 (5th Cir. 1953); *see also Turner Terminals Inc. v. United Sates*, 177 F.2d 844 (5th Cir. 1949); *Hahn v. United States*, 218 F.Supp. 562 (E.D. Va. 1963). As the PMC has expressly recognized, to meet this AEA administrative filing requirement and still be able to meet the two-year statute of limitations imposed by the Public Vessels Act ("PVA"), 46 U.S.C. § 31103 (formerly 46 U.S.C. app. § 782) and Suits in Admiralty Act ("SAA"), 46 U.S.C. § 30905 (formerly 46 U.S.C. app. § 745), a claimant must file his administrative claim six months before the two-year anniversary of the incident that prompted the claim, which, in this case, will run on August 29, 2007. *See* Doc. 7225 at 2.

The PMC admits that it was not been authorized to request any sort of relief on behalf of the unrepresented claimants. Doc. 7269 at 3. Indeed, there has been no showing, not even a suggestion, that the unrepresented claimants desire representation or desire that an AEA suit be brought on their behalf. Courts have recognized that a person has a protected liberty interest in pursuing his lawsuit as the principal. *See Thomas v. Humfield*, 916 F.2d 1032 (5th Cir. 1990) (the appointment of a guardian *ad litem* deprives the litigant of the right to control the litigation).

3

Absent a showing that the claimants have requested that a suit be brought on their behalf, it would be extraordinary for this Court to take away their rights to control their own claims and order them into federal court.

Moreover, the PMC has failed to demonstrate that a special master would be legally entitled to file suit on behalf of the unrepresented claimants. *See, e.g., Muth v. United States*, 1 F. 3d 246, 249 (4th Cir. 1993) (each claimant must individually satisfy the jurisdictional prerequisites unless another is legally entitled to assert such a claim on her behalf). There has been no showing that any of the unrepresented claimants are incompetent to represent themselves. *See* Fed. R. Civ. Pro. 17(c), providing for the appointment of a guardian for infants or incompetent persons not otherwise represented in an action. The PMC argues that these claimants, all of whom have purportedly submitted administrative claims to the Corps[3] on or before March 1, 2007, are "wards of the court." As the case cited by the PMC illustrates, the wards of the court doctrine was designed for people (such as sailors at sea, minors, and incompetents) who, by the very nature of their situation, are completely precluded from access to the courts. For example, for the sailor injured at sea, leaving the vessel to file suit can be extremely detrimental because "[a]bandonment of [the ship] in port before his discharge . . . exposes him to the risk of loss of pay and to the penalties for desertion." *Socony-Vacuum Oil Co., Inc. v. Smith*, 305 U.S. 424, 430-31 (1939). *See also, Lejano v. Bandak*, 688 So.2d 86 (La. App. 1997) (sailors as wards of the court); *Bouterie v. Crane*, 616 S.2d 657 (La. 1993) (minors as wards of the court); *Martin v. De Jarnette*, 187 So. 202 (Miss. 1939) (mentally ill as wards of the court). Here, the claimants are not alleged to be sailors, minors, or mentally incompetent.

---

[3] The United States does not concede that the claimants have filed timely or valid administrative claims.

4

The fact that claimants were able to file their administrative claims in and of itself should be dispositive that the claimants are not "wards of the court."

Exigent circumstances do not exist to warrant the appointment of a special master. These claimants already have demonstrated their abilities to protect their rights by filing administrative claims. The claimants and the PMC have been aware for six months that it was necessary to file suit under the AEA by August 29, 2007. *See* Doc. 3293 (Court's February 28, 2007 order denying plaintiffs' motion to toll the statute of limitation for tolling maritime suits).[4] The mere passing of a deadline does not create exigent circumstances. The courts have been open to these claimants for over a year and a half since the hurricane, and the claimants can in the district in which they reside. The dispora caused by Hurricane Katrina is no reason to appoint someone to act on behalf of claimants when they have not exercised their rights to bring suit under the AEA.

The PMC has pointed to no authority in which a court has appointed a special master to bring suit on behalf of certain potential plaintiffs. The cases cited by the PMC are inapposite.[5] In *Ayuda, Inc. v. Reno*, 7 F.3d 246 (C.A.D.C. 1993), the Court of Appeals merely criticized, as an aside, the district court's "unusual" decision to appoint a special master to determine whether

---

[4] One problem the PMC is clearly concerned about is referenced in Document 7269, page 2. (noting that a great number of Form 95s were made available through their law firms' websites). "[C]laimants . . . may have used Form 95s which identified counsel as representing them, but . . . have not communicated to these attorneys to advise or confirm that they are actually retained in the case." *Id.* Here, the PMC is asking the Court to appoint a special master to solve a problem created by the PMC. The PMC does not know who its clients are because it carpeted the Greater New Orleans area with Form 95s in which the names of the PMC's law firms were already filled-in. It is not the responsibility of the Court or a special master to solve the PMC's record-keeping dilemma.

[5] As was previously noted, the PMC has not attached copies of the *McKeithen* or *Propulsid* cases cited in their briefs, and, thus, the United States is prevented from analyzing these cases. From a quick review of the information available, it appears that a special master was used in the *Propulsid* litigation to assist with the distribution of settlement proceeds, an activity clearly distinguishable from the relief the plaintiffs have requested here.

illegal aliens may have been discouraged from filing applications for legalization. *In Re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088 (5th Cir. 1977), cited by the PMC, addresses the notice and effort required under Fed. R. Civ. P. 23(c)(2)(B) to locate potential class members. Here, any potential class members have already been located; they have already filed administrative claims. Because the plaintiffs have pointed to no authority in support of the relief they seek, their request should be denied.

Forcing claimants into federal court may prejudice their rights. The claimants will not have both admiralty and FTCA claims. To the extent a claim arises under the SAA or PVA, it is excluded from the operation of the FTCA. 28 U.S.C. § 2680(d). If the plaintiffs can recover for their injuries against the United States in the *In Re Katrina Canal Breaches Consolidated Litigation*, it will be under the FTCA rather than the AEA. *See* Docs 5855 6441 (United States' motion to strike admiralty claims against the United States for lack of subject matter jurisdiction and reply brief in support of motion). Claimants may allow their FTCA claims to remain pending in the administrative phase and need not actually file suit within two years of the date of injury. If the agency does not formally deny a claim in writing and the claimant does not deem his claim denied by filing suit, the claim can remain pending in the administrative phase indefinitely. *McCallister v. United States*, 925 F.2d 841 (5th Cir. 1991) ("'[T]here is no time limit for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. 2675(a) . . . by virtue of an agency's failure to finally dispose of the claims within six months.'") (quoting *Taumby v. United States*, 919 F.2d 69, *vacating* 902 F.2d 1362 (8th Cir. 1990)).

6

By choosing not to file suit, the claimants may be exercising their rights to pursue their FTCA claims through the agency's administrative claims process. If their claims remain pending in the administrative phase, the claimants could wait to see what happens in the test cases currently before this Court before deciding whether to undergo the time, burden, and expense of filing a lawsuit. If the Court appoints a special master to bring suit, these claimants will suddenly find themselves in federal court.

Should the United States choose to begin denying the claimants' administrative claims because suit has been filed, then such denial will start the six-month FTCA statute of limitations under 28 U.S.C. § 2401(b) within which the claimants must file suit or their claims will be forever barred. If so, and there is some flaw in the AEA suit that results in its dismissal, then the claimants will have lost the ability to sue permanently. Moreover, if the AEA suit is styled as a class action and a class is not certified, then the claimants may lose their ability to bring individual suits if more than six months have passed since denial letters were issued. Thus, granting the PMC the relief it has requested could result in severe prejudice to the rights of the claimants with respect to their FTCA claims. The Court should decline to appoint a special master to bring suit on behalf of unrepresented claimants because doing so could cause more harm than good.

CONCLUSION

For these reasons, the PMC's motions for the appointment of a special master should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

7

C. FREDERICK BECKNER
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

 s/ Traci L. Colquette
TRACI L. COLQUETTE
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated:  August 23, 2007

8

## CERTIFICATE OF SERVICE

I, Traci L. Colquette, hereby certify that on August 23, 2007, I served a true copy of the United States' Opposition to Motion for Appointment of a Special Master (Doc. 7225) and Motion of Plaintiffs' Permanent Master Committee (PMC) for Appointment of Curator Pursuant to Federal Rule of Civil Procedure 53 (Doc. 7269) upon all parties by ECF.


        s/    Traci L. Colquette
        TRACI L. COLQUETTE