## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>   *Galjour,* C.A. No. 06-8150 | * * * | SECTION "K"(2) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CLAUDE CUTITTO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE ARTICLE 12(B)(6)

**MAY IT PLEASE THE COURT:**

Claude Cutitto submits the following Memorandum in Support of his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Article 12(B)(6).

### I.  FACTUAL BACKGROUND

This suit arises out of plaintiff's claim under his Allstate homeowner's policy for losses allegedly incurred during Hurricane Katrina. Plaintiff asserts that he obtained his Allstate homeowner's policy through Claude Cutitto who was allegedly negligent for numerous reasons with respect to the policy. *See,* Petition for Damages. Specifically, plaintiff asserts Cutitto was negligent for the following: (1) failing to advise plaintiff of a gap in his insurance coverage; (2) failing to close the gap in plaintiff's insurance coverage; (3) increasing plaintiff's homeowner's limits without implementing

corresponding increases in plaintiff's flood limits and failing to warn plaintiff he was not increasing the flood limits; (4) failing to advise plaintiff of the availability of excess flood insurance; (5) failing to advise plaintiff that his homeowner's insurance would not cover catastrophic levee failure or other acts of man, which may result in damage to plaintiff's property; (6) and failing to increase limits on the flood policy as allegedly instructed to do so. *Id.*

## II.  LAW AND ARGUMENT

### A. Standard for Motion to Dismiss Pursuant Rule 12(b)(6)

The purpose of a Motion to Dismiss pursuant to Federal Rules of Procedure, Rule 12(B)(6), is to test the sufficiency of the complaint and not to judge the merits of the case.  First National Bank of Louisville v. Lusting, 809 F.Supp. 444 (Ed., La. 1992). The complaint must be liberally construed in favor of the plaintiff, and all the facts pleaded in the complaint must be taken as true to determine whether the plaintiff has any valid claim for relief.  U.S. Ex Rel. Thompson v. Columbia HCA/Healthcare Corp., 125 F. 3d 899.901 (5th Cir. 1997).

### B. Plaintiffs' Allegations Against Cutitto As The Agent/Representative Of Plaintiff Should Be Dismissed Because Plaintiff Failed To State A Claim Against Cutitto

For the reasons set forth in the court's Order and Reasons denying plaintiff's Motion to Remand (document No. 19), plaintiff fails to state a claim against Claude Cutitto.  Accordingly, plaintiff's claims against Cutitto should be dismissed with prejudice.

### III.  CONCLUSION

As already recognized in the Court's ruling denying plaintiff's Motion to Remand, plaintiff failed to state a claim against Claude Cutitto.  Accordingly, Claude Cutitto's Motion to Dismiss should be granted and he should be dismissed with prejudice.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/ Jaime M. Cambre

_____
**GUYTON H. VALDIN, JR., #20621**
**JAIME M. CAMBRE, #29116**
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**Attorney for Defendant, Cutitto Insurance, Inc. (erroneously referred to in the Petition for Damages as Claude Cutitto)**

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

s/ Jaime M. Cambre
_____
**JAIME M. CAMBRE**