UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. J. WILKINSON |
| | § | |
| PERTAINS TO:  ALL CASES | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF
ITS EX PARTE MOTION TO STAY THE ORDER OF AUGUST 24, 2007
(R.D. 7293), AND THE FILING OF A COMPLAINT ON
BEHALF OF UNREPRESENTED PLAINTIFFS**

The United States has moved for a stay of the Order entered on August 24, 2007, by which the Court appointed Charles C. Foti, Jr., the Attorney General of the State of Louisiana, as "Guardian Ad Litem" for "Unrepresented Plaintiffs" who presented administrative tort claims to the U.S. Army Corps of Engineers on or before March 1, 2007, for damage related to the Hurricane Katrina flood.  *See* R.D. 7293 (Order & Reasons).  Further, the Court ordered Mr. Foti to file suit on behalf of "these unrepresented plaintiffs" on or before August 29, 2007.  *Id.*  The United States requests that this Court stay its Order pending appellate review.  Later today, the United States will petition the United States Court of Appeals for the Fifth Circuit for a writ of mandamus and ask that court to stay this Court's Order.

To avoid confusion and to prevent harm to the United States and, indeed, to the numerous "Unrepresented Plaintiffs" who may prefer to allow their administrative tort claims to remain

pending at this time, the Order appointing a "Guardian Ad Litem" and directing him to bring suit on behalf of all claimants should be stayed immediately.  The commencement of litigation on behalf of tort claimants will terminate the administrative process under the Federal Tort Claim Act (FTCA).  Claimants have certain rights that terminate when suit commences upon their claims.  Claimants can amend their claims, and any attorneys fees are capped at 20 percent.  Litigants are bound in certain respects by the terms of their administrative claims, and they may incur attorneys fees as great as 25 percent.  If suit is brought on behalf of "Unrepresented Plaintiffs," hundreds of thousands of administrative claimants will have their administrative prerogatives under the FTCA compromised without their consent or knowledge.  The Court's Order may also have the unintended effect of depriving some claimants of their ability to litigate their claims under the FTCA at a later time, if the suit brought on their behalf at this time proves to be premature under that statute.  Were that effect to ensue, it could prove to be a cruel irony if, as the Court has suggested, the AEA provides no basis for an action under the circumstances that gave rise to this consolidated litigation.

   The FTCA empowers each claimant to decide whether and when to bring suit, if, as is the case here, the federal agency has not finally denied the claim within six months of its presentment.  A claimant may elect either to leave the claim pending until the agency takes final action or to deem the claim finally denied and bring suit upon it.  28 U.S.C. § 2675(a).  Absent a final denial of an administrative claim by the Corps of Engineers, a claimant may choose to let the FTCA claim remain pending indefinitely.  *See McCallister v. United States*, 925 F.2d 841 (5th Cir. 1991).  Upon the filing of suit, however, the Attorney General's settlement authority pursuant to 28 U.S.C. § 2677 becomes exclusive, and the agency's settlement authority pursuant

to 28 U.S.C. § 2672 is extinguished. *See, e.g., United States v. Reilly*, 385 F.2d 225, 229 (10th Cir. 1967). As noted, a claimant also loses the right to amend the administrative claim. *See* 28 C.F.R. § 14.2(c); *cf.* 28 U.S.C. § 2675(b) ("Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency . . . ."). Accordingly, upon the filing of suit on their behalf by the "Guardian Ad Litem," the administrative claimants who are the subject of the Court's Order will immediately lose the opportunity to amend their claims and will be deprived of an opportunity to make their own choices regarding the forum in which to pursue their claims and the timing of any election to sue. The opportunity for administrative adjustment of the claims will cease, and these heretofore putatively unrepresented individuals will be thrust into litigation without their knowledge or consent.

The Court's Order is in derogation of these claimants' protected liberty interest in prosecuting their lawsuits as the principals, rather than as the wards of a guardian. *See Thomas v. Humfield*, 916 F.2d 1032 (5th Cir. 1990). Although the Court's Order directs the Louisiana Attorney General, the Plaintiffs' Permanent Master Committee, and the United States to propose "how these unrepresented parties will indicate whether they want to opt-in or opt-out of this litigation," the opportunity to "opt-out" would not protect the plaintiffs from the consequences of the commencement of the action. The administrative process and all the attendant rights and privileges will have been forfeited by virtue of the acts commanded by this Court's Order.

The Court's "unprecedented" Order addresses complex issues and did not have the benefit of the careful consideration that such a weighty matter deserves. The matter was raised and decided within an "extremely truncated time period," as a result the inexcusable delay of the

Plaintiffs' Permanent Master Committee in filing its motions.  Today, the United States will file a Petition for Writ of Mandamus and Emergency Motion for Stay in the Fifth Circuit.  The United States respectfully requests that this Court stay its Order pending appeal to allow the Court of Appeals to review the ruling and take the steps necessary to protect the administrative claimants' right to allow their administrative claims to remain pending and to choose whether and when to bring suit upon those claims.

## CONCLUSION

For the reasons stated herein, the United States' motion to stay should be granted.


Dated: August 28, 2007                             Respectfully submitted,

                                                   PETER D. KEISLER
                                                   Assistant Attorney General

                                                   C. FREDERICK BECKNER III
                                                   Deputy Assistant Attorney General

                                                   PHYLLIS J. PYLES
                                                   Director, Torts Branch

                                                   JAMES G. TOUHEY, JR.
                                                   Assistant Director, Torts Branch

                                                   /s/ Kara K. Miller
                                                   _____
                                                   KARA K. MILLER
                                                   Trial Attorney, Torts Branch, Civil Division
                                                   U.S. Department of Justice
                                                   Benjamin Franklin Station, P.O. Box 888
                                                   Washington, D.C.  20044
                                                   (202) 616-4448/(202) 616-5200 (Fax)
                                                   Attorneys for the United States

4

## **CERTIFICATE OF SERVICE**

I, Kara K. Miller, hereby certify that on August 28, 2007, I served a true copy of Defendant United States of America's Motion to Stay, Memorandum of Law in Support, and Proposed Order upon all counsel of record by ECF.

                                          /s/ Kara K. Miller
                                            Kara K. Miller