UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: LEVEE | § | |
| Sims, 06-5116 | § | |
| Richard, 06-5118 | § | |
| Adams, 06-5128 | § | |
| Bourgeois, 06-5131 | § | |
| Ferdinand, 06-5132 | § | |
| Christophe, 06-5134 | § | |
| Williams, 06-5137 | § | |
| Porter, 06-5140 | § | |
| Augustine, 06-5142 | § | |
| _____ | § | |

**DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION
TO PLAINTIFFS' MOTIONS TO AMEND THEIR COMPLAINTS FOR
DECLARATORY JUDGMENT AND DAMAGES AND REQUESTS FOR JURY TRIAL**

Defendant United States opposes plaintiffs' "Motion[s] to Amend Complaint for Declaratory Judgment and Damages and Request for Jury Trial" (hereinafter "Motions to Amend").[1]  Plaintiffs have not demonstrated the requisite good cause for leave to amend their complaints after the deadline for filing such amendments has passed.  Further, defendant United

---

[1] Plaintiffs separately filed nine Motions to Amend and memoranda in support thereof.  Because each motion and memorandum appears to be identical in substance, in the interest of efficiency the United States has filed one opposition applicable to all nine Motions to Amend.

States's pending Motion to Dismiss plaintiffs' claims is based on the allegations asserted in plaintiffs' respective first and second amended complaints, and plaintiffs' pending Motions to Amend apparently are an attempt to circumvent that pending dispositive motion.. Thus, plaintiffs' most recent proposed amendments appear to be made for the improper purpose of avoidance of the Motion to Dismiss, rather than out of a genuine need to amend. At this stage in the litigation, i.e., after the time for amending has closed and a motion to dismiss is pending, plaintiffs' proposed amendments are improper and should not be permitted.

## II. ARGUMENT

**1. Plaintiffs do not demonstrate the requisite good cause.**

According to plaintiffs, because "[n]o discovery has [] commenced" and because "[t]he Court has not set any bar dates for the Plaintiffs to amend their Complaints," "[l]eave to amend must be freely given" (citing Fed. R. Civ. P. 15(a)). Motions to Amend at 2. To the contrary, discovery in fact has begun,[2] and, more importantly, the Court has made clear that the deadline to amend pleadings has passed. Indeed, under Case Management and Scheduling Order No. 4 (hereinafter CMO 4) filed March 1, 2007, the time for amendment is closed:

> [T]he deadline for amending pleadings is now deemed lapsed, and only answers and responsive motions may now be filed without leave of Court. Except as otherwise provided herein, no further amendments to pleadings . . . will be allowed, except . . . on motion . . . and based on a showing of good cause as required by Fed. R. Civ. P. 16(b).

---

[2] See the Court's August 2, 2007, Order, regarding Levee Plaintiffs' Motion to Compel discovery ("[t]he United States replies that it has produced more than 1,200 boxes of documents for inspection pursuant to Fed. R. Civ. P. 34 and the document protocol . . . ."). Doc. No. 6815 at 17. Further, because a motion to dismiss is pending and plaintiffs have not asked the Court to permit discovery in order to respond, plaintiffs' statement that discovery has not commenced is not relevant to the motion to amend.

(Emphasis added).  CMO 4 at II(A), pp. 12-13: <u>see</u> also CMO 4 at p.1, ¶ 1.

Additionally, Fed. R. Civ. P. 15(a) does not control here.  Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings once a scheduling order has been issued by the district court."  <u>S & W Enterprises, LLC v. Southtrust Bank of Alabama</u>, 315 F.3d 533, 536 (5th Cir. 2003); <u>see</u> also <u>Smith v. BCE, Inc.</u>, 2007 WL 570302 at 4 (5th Cir. 2007).  A scheduling order entered in accordance with Rule 16(b) "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."  Fed. R. Civ. P. 16(b).  Indeed, in an effort to promote "court efficiency" and "to expedite pretrial procedure," amendments governed by a scheduling order require a showing of good cause, rather than the more liberal standard under Fed. R. Civ. P. 15(a).  <u>S&W Enterprises, LLC</u>, 315 F.3d at 536.

The good cause standard requires parties moving for leave to file untimely amendments to prove that any delay "was due to oversight, inadvertence, or excusable neglect."  <u>Gregory v. Mitchell</u>, 634 F.2d 199, 203 (5th Cir. 1981).  Plaintiffs offer no such proof, but, rather, only the unsupported assertion that "the [proposed] amendments merely elaborate [on] allegations previously made as a result of information only recently discovered."  Motions to Amend at 2.  Plaintiffs, however, do not identify any such "only recently discovered" information.   Indeed, just as the Fifth Circuit found in <u>Chitimacha Tribe of Louisiana v. Harry L. Laws Co.</u>, <u>Inc.</u>, any "information [on which plaintiffs' proposed amendments could be based] was available to [plaintiffs] long before [their Motions to Amend] w[ere] filed.  It is not information that has only recently come to light."  690 F.2d 1157, 1164 (5th Cir. 1982).  Also, it is not good cause to amend simply to elaborate on allegations previously made.

Thus, because plaintiffs have "provided no satisfactory explanation for [the] failure to

develop the new contentions originally," their requests for leave to amend should be denied. Westlands Water District v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993). See Gray v. Industrial Plan Maintenance, 2004 WL 1661209 at 3 (E.D. La. 2004) (failure to show good cause for continuance of date set by scheduling order defeats motion).

**2.  Plaintiffs' attempts to avoid the pending motion to dismiss are improper.**

The United States has timely filed a motion to dismiss the plaintiffs' complaints. The motion to dismiss necessarily was based only on the allegations contained in the complaints that had been filed by that time.  Now, after responding to the United States's dispositive motion, plaintiffs apparently attempt to circumvent that motion by asserting more allegations after the deadline for doing so and without any justification.  Whether circumventing the motion is the purpose of the amendment, or it is made (as plaintiffs claim) only to elaborate on previous allegations,  the amendment is without good cause and should be denied.

Plaintiffs' request for leave to amend appears to be made in bad faith and should be denied on that basis if it is intended to avoid the motion to dismiss..  Bad faith and dilatory motive are grounds for denial of motions to amend.  See Forman v.Davis, 371 U.S. 178, 182 (1962).  And, requesting leave to change the allegations "in an attempt to avoid [a dispositive motion] constitutes "bad faith and with dilatory motive," and such requests should be denied. Wimm v. Jack Eckard Corp., 3 F.3d 137, 139-140 (5th Cir. 1993).

Indeed, changing the allegations after a dispositive motion has been filed against them essentially requires reevaluation of previously made discovery demands and potentially refiling of dispositive motions, and thus is unduly prejudicial and impermissible.  See e.g., Mayeaux v. Louisiana Health Service & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004).  In fact, in Smith, the

Fifth Circuit found that allowing requests to amend that are filed even two weeks *before* the deadline for summary judgment motions constitutes unfair prejudice.  2007 WL 570302 at 4.

Here, plaintiffs' untimely requests to amend their complaints were filed well *after* the United States filed its motion to dismiss.  Permitting plaintiffs to subsequently amend their complaints would require the United States to reevaluate and possibly withdraw and refile its pending motion to dismiss, causing significant unfair prejudice.  Plaintiffs had ample opportunity to amend their pleadings before the deadline for amending ran, and also could have cured any perceived deficiencies before the United States filed its motion to dismiss.  Plaintiffs' bad faith attempts to avoid the United States's motion to dismiss should not be allowed.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' Motions to Amend should be denied.

Respectfully submitted,

PETER D, KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

s/ Richard R. Stone
RICHARD R. STONE
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4291/(202) 616-5200 (FAX)
Attorneys for the United States

Dated: August 28, 2007

## CERTIFICATE OF SERVICE

    I, Richard R. Stone, hereby certify that on August 28, 2007, I served a copy of defendant's Opposition to Plaintiffs' Motion[s] to Amend Complaint for Declaratory Judgment and Damages and Request for Jury Trial by ECF to all parties.

                                              s/ Richard R. Stone
                                              RICHARD R. STONE