**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED ACTION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| LEVEE (Josephine Richardson, et al. No. 06-8708) | § | |
| | § | |
| | § | |

**DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO**
**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

Although the United States of America is not expressly named by Plaintiffs as a

Defendant, and Plaintiffs do not state any express contentions of fact against it, in an abundance

of caution, the United States hereby answers and otherwise responds to Plaintiffs' First

Supplemental and Amending Complaint as follows:[1]

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action.

**SECOND DEFENSE**

Plaintiffs seek damages for harm caused by a flood or by flood waters, and the United

---

[1]  Any allegations, including those set forth in captions or headings in Plaintiffs'
Complaint, not expressly admitted herein are denied.  All responses, answers, admissions and
statements made herein are by counsel for the United States for the sole purpose of the above
captioned case and shall not be considered binding outside this suit.

States is immune from liability for such damages.  <u>See</u> 33 U.S.C. 702c.

### THIRD DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  <u>See</u> 28 U.S.C. § 2680(a).

### FOURTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  <u>See</u> 28 U.S.C. § 2680(a).

### FIFTH DEFENSE

This class action suit is barred to the extent Plaintiffs did not present tort claims in writing to the appropriate federal agency before this action was instituted.  <u>See</u> 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

### SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action to the extent Plaintiffs have failed to exhaust their administrative remedies.

### SEVENTH DEFENSE

Plaintiffs' claims were presented outside the statute of limitations and are therefore barred.  <u>See</u> 28 U.S.C. § 2401(b).

### EIGHTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### NINTH DEFENSE

The death, injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

**TENTH DEFENSE**

The United States, through its employees and agents, did not breach any duty of care it allegedly owed Plaintiffs.

**ELEVENTH DEFENSE**

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

**TWELFTH DEFENSE**

To the extent Plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and statutory law.

**THIRTEENTH DEFENSE**

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits Defendant's liability or Plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

**FOURTEENTH DEFENSE**

Plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their administrative claim.  28 U.S.C. § 2675(b).

3

**FIFTEENTH DEFENSE**

The United States is not liable for prejudgment interest or punitive damages.  See 28 U.S.C. § 2674.

**SIXTEENTH DEFENSE**

Plaintiffs' demand for a jury trial as to the United States is barred.  28 U.S.C. § 2402.

**SEVENTEENTH DEFENSE**

The United States is entitled to contribution and/or indemnity.

**EIGHTEENTH DEFENSE**

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiffs' alleged injuries, cutting off the legal effect of Defendant United States' negligence, which is expressly denied.

**NINETEENTH DEFENSE**

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of Plaintiffs and/or their decedent(s) was a substantial factor in, and the proximate cause of, and contributed to any alleged death, injuries or damages sustained by Plaintiffs.

**TWENTIETH DEFENSE**

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic payment statute.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiffs seek equitable relief, this claim it is not cognizable under the Federal Tort Claims Act, which permits only money damages.  See 28 U.S.C. § 1346(b)(1).

## TWENTY-SECOND DEFENSE

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such law.

## TWENTY-THIRD DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## TWENTY-FOURTH DEFENSE

Class action lawsuits are impermissible under the Federal Tort Claims Act.

## TWENTY-FIFTH DEFENSE

The United States Army Corps of Engineers cannot be sued eo nomine under the Federal Tort Claims Act.

## TWENTY-SIXTH DEFENSE

The United States is not liable for acts or omissions of any contractor with the United States.  See 28 U.S.C. § 2671.

## TWENTY-SEVENTH DEFENSE

This Court lacks jurisdiction over suits filed pursuant to the Federal Water Pollution Control Act, 33 U.S.C. § 1321.  In accordance with 33 U.S.C. § 1321(i), such suits must be filed in the United States Court of Federal Claims.

## TWENTY-EIGHTH DEFENSE

The claims are barred to the extent that they are based on or arise out of misrepresentation or deceit.  See 28 U.S.C. § 2680(h).

## TWENTY-NINTH DEFENSE

Plaintiffs have failed to properly effectuate service upon the United States pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

To the extent the claims are cognizable under the Suits in Admiralty Act, Public Vessels Act, or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter jurisdiction conferred by the Federal Tort Claims Act.  See 28 U.S.C. § 2680(d).

## THIRTY-FIRST DEFENSE

Plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

## THIRTY-SECOND DEFENSE

The United States is not subject to liability without fault.

## THIRTY-THIRD DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

## THIRTY-FOURTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by Plaintiffs before they voluntarily exposed themselves to it.

## THIRTY-FIFTH DEFENSE

The Complaint alleges negligent or wrongful acts and omissions as to which Defendant is absolutely immune from suit.

## THIRTY-SIXTH DEFENSE

The prerequisites to a class action have not been satisfied in accordance with Rule 23 of the Federal Rules of Civil Procedure.

## THIRTY-SEVENTH DEFENSE

To the extent Plaintiffs have suffered any damages, they have filed to mitigate them.


## ANSWERS TO SPECIFIC ALLEGATIONS

## "FIRST SUPPLEMENTAL AND AMENDING COMPLAINT"[2]

The United States repeats and realleges its answers to the specific allegations of the original state court complaint entitled "PETITION FOR DAMAGES, WRONGFUL DEATH AND SURVIVAL ACTION WITH TRIAL BY JURY" as stated infra.

The United States is without sufficient knowledge or information to admit or deny the allegations contained in the paragraph beginning "**NOW INTO COURT**"; accordingly, these allegations are denied.

## I.

The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

---

[2]  All headings, such as this one, contained in this Answer have been duplicated from Plaintiffs' Complaint for the sole purpose of assisting the reader in matching the United States' responses to the corresponding allegations as stated in Plaintiffs' Complaint. The United States expressly denies all headings, as they are alleged.

II.

The United States is without sufficient knowledge or information to admit or deny the allegations in this paragraph; therefore, they are denied.

In responding to Plaintiffs' "**WHEREFORE**" paragraph, the Defendant United States denies any allegations within the paragraph and Answers:

**WHEREFORE, Defendant United States requests:**

1. That Plaintiffs' First Supplemental and Amending Complaint be dismissed;

2. That Plaintiffs receive no recovery;

3. That Defendant be granted costs, attorneys' fees, expenses, and such other and further relief as the court deems appropriate.

## ORIGINAL STATE COURT COMPLAINT

### "PETITION FOR DAMAGES, WRONGFUL DEATH AND SURVIVAL ACTION WITH TRIAL BY JURY

The United States of America hereby answers and otherwise responds in the instant case to Plaintiffs' original state court Complaint titled "PETITION FOR DAMAGES, WRONGFUL DEATH AND SURVIVAL ACTION WITH TRIAL BY JURY," as follows:

The United States repeats and realleges its defenses first through thirty-seventh, as stated above in Answer to Plaintiffs' First Supplemental and Amending Complaint.

The United States is without sufficient knowledge or information to admit or deny the allegations contained in the paragraph beginning "**NOW INTO COURT**"; accordingly, these allegations are denied.

1.

This paragraph, naming other defendants, is not directed at Defendant United States; it states legal conclusions; and it states other allegations that the United States is without sufficient knowledge or information to admit or deny; therefore, they are denied.

2.

Denied.

3.

The United States admits only that Hurricane Katrina made land fall near Buras, Louisiana, at around 6:10 a.m. Central Daylight Time (CDT), August 29, 2005, and that Katrina later made a second land fall near the Louisiana-Mississippi border.  All other allegations of this paragraph are denied.

4.

The allegations of this paragraph concern personnel employed by another sovereign for whose acts the United States is not responsible.  Additionally, the United States is without sufficient knowledge or information to admit or deny the allegations of this paragraph; therefore, they are denied.

5.

Denied.

6.

There is no paragraph 6 within this Complaint.

7.

9

The United States admits that levee flood walls constructed for the 17th Street and London Avenue Canals were of an "I" wall design.  The United States admits that the U.S. Army Corps of Engineers' Manual on Engineering Design and Construction of Levees dated April 30, 2000 exists and avers that it speaks for itself and Plaintiffs' characterization is incorrect and inaccurate and therefore is denied..  All other allegations of this paragraph are denied.

8.

Denied.

9.

Denied.

10.

Denied.

11.

This paragraph is denied as to the United States and the Army Corps of Engineers.  The United States is without sufficient knowledge or information to admit or deny the allegations regarding other entities.  Therefore, all other allegations of this paragraph are denied.

12.

The allegations of this paragraph are not directed at the United States; therefore, they are denied.

13.

The allegations of this paragraph are not directed at the United States; therefore, they are denied.

14.

The allegations of this paragraph, including subparagraphs a) through k), are not directed at the United States; therefore, they are denied.

14.

The allegations of this paragraph, including subparagraphs a) through c), are not directed at the United States; therefore, they are denied.

16.

The allegations of this paragraph, including subparagraphs a) through d), are not directed at the United States; therefore, they are denied.

17.

Trial by jury is not permitted against the United States in a Federal Tort Claims Act case. 28 U.S.C. § 2402.  Therefore, plaintiffs prayer in this paragraph is denied.

18.

Denied.

19.

The United States is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph; therefore, they are denied.

In response to plaintiffs' "**WHEREFORE**" paragraph, the United States denies the allegations of the paragraph and answers as follows:

**WHEREFORE, Defendant United States requests:**

1.    That Plaintiffs' Complaint be dismissed;

2.    That Plaintiffs receive no recovery;

3.      That Defendant be granted costs, attorneys' fees, expenses, and such other and further

relief as the court deems appropriate.

Respectfully submitted,

PETER D, KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

s/ Richard R. Stone
RICHARD R. STONE
Senior Trial Attorney
KEITH LIDDLE
MICHELE GREIF
INA STRICHARTZ
Trial Attorneys, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4291/(202) 616-5200 (FAX)
Attorneys for the United States

Dated: August 28, 2007

13

## CERTIFICATE OF SERVICE

I, Richard R. Stone, hereby certify that on August 28, 2007, I served a copy of Defendant United States of America's Answer to Plaintiffs' First Supplemental and Amending Complaint upon all parties by ECF.


s/ Richard R. Stone
RICHARD R. STONE