UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAGISTRATE WILKINSON |
| PERTAINS TO: INSURANCE (06-8756) DON AND CYNTHIA RILEY v. ALLSTATE INSURANCE COMPANY * * * * * * * * * * * * * * * * * * * * | * * * * * | |

### MEMORANDUM IN SUPPORT OF ALLSTATE'S MOTION TO COMPEL

Defendant Allstate Insurance Company ("Allstate") respectfully moves this Court to compel plaintiffs to provide the Initial Disclosures as mandated by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and as modified by this Court's Case Management Orders, and to respond to Allstate's First Set of Interrogatories and Requests for Production of documents ("Discovery Requests").

Allstate has not received Initial Disclosures to the extent required to be exchanged pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Scheduling Order issued by Judge Vance. This matter was subsequently transferred to "K-2" on or about May 14, 2007. Plaintiffs failed to provide and/or supplement the initial disclosures required under the Case Management Order issued in *In Re: Katrina Canal Breaches Consolidated Litigation.*

Furthermore, on August 3, 2007, Allstate propounded its Discovery Requests on plaintiffs. (*See* Allstate's Discovery Requests, attached as Exhibit "A"). Pursuant to Federal Rules of Civil Procedure 33 and 34, plaintiffs' responses to Allstate's Discovery Requests were

due within thirty days of service, or around September 2, 2007. To date, well over one month from the date Allstate propounded discovery on plaintiff, Allstate has not received responses from plaintiff.

Allstate's counsel has sent letters to plaintiffs' counsel seeking complete initial disclosures. Counsel for Allstate attempted to resolve the initial disclosure dispute and discovery dispute through discussions with opposing counsel, correspondence to opposing counsel, and by scheduling a conference pursuant to Rule 37 on Friday, August 28, 2007 at 10:00 a.m. (*See* Correspondence, attached as Exhibit "B"). To date, plaintiff has not produced complete initial disclosures, nor responsive information to Allstate's discovery.

As plaintiff has failed to timely exchange initial disclosures and respond to discovery requests, he should be ordered to immediately provide initial disclosures to the extent required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and to respond to Allstate's outstanding discovery requests.

Finally, due to plaintiff's failure to abide by this Court's scheduling order in providing incomplete initial disclosures, enforcing Allstate to incur the expense associated with this motion, plaintiff should be ordered to pay reasonable costs and attorney's fees to Allstate.

For the foregoing reasons, Allstate respectfully requests this Court order:  1) that plaintiff immediately provide complete initial disclosures to the extent required by Rule 26(a)(1) of the Federal Rules of Civil Procedure; 2) that plaintiff respond immediately and fully to Allstate's First Set of Interrogatories and Request for Production; and 3) that plaintiff pay the costs and attorney's fees associated with this motion. As allowed by the Federal Rules of Civil Procedure 37(a)(4).

Respectfully Submitted,

_____
GLENN B. ADAMS (#2316)
MICHAEL W. COLLINS (#29129)
PORTEOUS, HAINKEL, & JOHNSON, LLP
704 Carondelet Street
New Orleans, Louisiana 70130-3774
Telephone: (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
        mcollins@phjlaw.com
*Attorneys for Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 30th day of August, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic mail through CM/ECF, facsimile service, and/or by mailing same by United States Mail, properly addressed and first class postage prepaid.

_____
GLENN B. ADAMS
MICHAEL W. COLLINS

GBA 357.0071