UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                  CIVIL ACTION
        CONSOLIDATED LITIGATION

                                               NO. 05-4182 "K" (2)

                                               JUDGE DUVAL
PERTAINS TO:  MRGO                     MAG. WILKINSON

**ORDER AND REASONS ON MOTION**

Defendant, the United States of America, filed a motion to compel additional responses from the MRGO [1] plaintiffs to defendant's interrogatories and to determine the sufficiency of the MRGO plaintiffs' responses to defendant's requests for admissions. Record Doc. No. 6551.  The United States does not seek any sanctions.

Plaintiffs filed a timely opposition memorandum, to which they attached their supplemental answers to defendant's Requests for Admissions only.   Record Doc. No. 6678.  I deferred ruling on defendant's motion pending the plaintiffs' stated intention to supplement their answers to interrogatories by the hearing date of August 1, 2007 and their request that the hearing date be continued for that purpose.  Record Doc. No. 6721.

On July 30, 2007, plaintiffs filed a supplemental memorandum in opposition to defendant's motion to compel.  Record Doc. No. 6743.  Their revised answers to

---

[1]"MRGO " is an acronym for the Mississippi River Gulf Outlet.

interrogatories, styled MRGO Plaintiffs' Supplemental Responses to Defendant United States' First Set of Interrogatories, were filed separately and docketed as Record Doc. No. 6744.

On the same day, the United States sought leave to file a reply memorandum, which was granted on August 1, 2007.  Record Doc. Nos. 6736, 6787, 6788.  Defendant stated in the reply memorandum that plaintiffs had served amended answers to defendant's interrogatories on July 17, 2007 along with their amended responses to its Request for Admissions, despite plaintiffs' "misleading" statement in their July 24, 2007 original opposition memorandum that they would provide such amended answers by August 1, 2007 and their request for a continuance of the hearing.  The certificate of service on plaintiffs' Amended Answers to Interrogatories is dated July 17, 2007.  Record Doc. No. 6788, Defendant's Exh. A, MRGO Plaintiffs' Amended Responses to Defendant United States' First Set of Interrogatories.

The United States filed a supplemental memorandum in support of its motion to compel on August 9, 2007.  Record Doc. No. 6926.  The United States concedes in this memorandum that its motion to compel is moot as to all Requests for Admissions, which

plaintiffs have now denied, but defendant asks that plaintiffs' objections to the Requests for Admissions be overruled to clarify their denials.

Defendant also states that its motion is moot as to some of the interrogatories previously at issue.  However, the United States still seeks to compel more responsive answers to Interrogatories Nos. 1, 6, 7, 9, 10, 13, 17, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 32, 33 and 34.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is **GRANTED IN PART, DENIED IN PART AND DISMISSED AS MOOT IN PART**, as follows.

I.      REQUESTS FOR ADMISSIONS

The United States originally asked the court to determine the sufficiency of plaintiffs' responses to Requests for Admissions Nos. 5, 6, 25, 26, 46, 47, 48, 49 and 50. The United States concedes in its supplemental memoranda that plaintiffs denied each of these requests for admissions in their amended responses and that such denials are sufficient.  Accordingly, defendant's motion is DISMISSED AS MOOT to the extent that plaintiffs have denied each of these requests for admissions.

However, the United States asks the court to overrule plaintiffs' objections to these requests for admissions so that the record is clear that plaintiffs have unqualifiedly denied them.  The objections were asserted in plaintiffs' original responses.  In their amended responses, plaintiffs denied Requests for Admissions Nos. 5, 6, 25, 26, 46, 47, 48, 49 and 50 without any objections.  Record Doc. No. 6678, Plaintiffs' Exh. A.  I find that, under these circumstances, plaintiffs' amended responses supersede their original responses, that plaintiffs have unqualifiedly denied these requests for admissions and that therefore there are no objections to be overruled.  Thus, defendant's motion is DISMISSED AS MOOT as to this request.

## II.   INTERROGATORIES

The United States concedes in its supplemental memorandum that plaintiffs' amended Answers to Interrogatories Nos. 2, 3, 4, 5, 8, 11, 12, 14, 15, 16, 22, 26, 30 and 31 are sufficient.  Accordingly, defendant's motion is DISMISSED AS MOOT as to these interrogatories.

Defendant argues that plaintiffs' supplemental answers to Interrogatories Nos. 1, 6, 7, 9, 10, 13, 17, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 32, 33 and 34 remain insufficient.  In addition, the United States points out that plaintiffs have not provided

verifications of any of their answers to interrogatories, as required by Fed. R. Civ. P. 33(b).   Although plaintiffs filed a supplemental memorandum in opposition to defendant's motion, they did not present any argument concerning any of their responses.

Except to the extent a valid objection may be asserted, "[e]ach interrogatory shall be answered separately and fully." Fed. R. Civ. P. 33(b)(1).   As with all other responses to written discovery, "an evasive or incomplete . . . answer . . . is to be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(3).   Rule 33(a) requires a party to "furnish such information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry."   Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

General Cigar Co. v. Cohiba Caribbean's Finest, Inc., No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007) (citing Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005); Continental Ill. Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen'l Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977)).

Interrogatories seeking to flesh out the contentions of parties are specifically permitted. "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(c).

While the remaining interrogatories at issue are broad-ranging, plaintiffs' objections are mostly inapplicable, and I am far from satisfied that plaintiffs made a truly good faith effort to provide at least a core of responsive factual information, which surely must be within their collective knowledge.

Plaintiffs objected to Interrogatories Nos. 1, 6, 7, 9, 10, 19, 20, 21, 23, 27, 28 and 29 on the basis that they cannot respond at this time because documents relative to their claims are in the possession of the United States and have not yet been produced, or they provided partial or no answers on this same basis, without calling it an objection. Plaintiffs also state that they have not completed compiling responsive information in response to some subparts of Interrogatory No. 6. These objections are overruled as to all of these interrogatories, which are contention interrogatories based on the allegations

in the MRGO Master Complaint.  It is difficult to accept that plaintiffs have <u>no</u> responsive information in their possession, custody or control sufficient to provide good faith answers to these interrogatories.  To the extent that defendant's motion is granted as to any of these interrogatories, each of which is further addressed below, plaintiffs must make a reasonable inquiry and provide whatever responsive information they currently have in a supplemental answer.  If in fact they have no responsive information, they must clearly say so.

As to Interrogatory No. 1, the United States accurately argues that plaintiffs' answer does not address the question asked.  Defendant's motion is granted as to this interrogatory, but only as follows.  Plaintiffs' objections that the interrogatory is vague and overly broad are overruled.  Interrogatory No. 1 is as broad in time as the MRGO Consolidated Class Action Complaint itself, which contains allegations about defendant's alleged fault in the investigation, planning, construction and maintenance of the MRGO since at least 1951.  Record Doc. No. 3415, at ¶¶ 27, 28.  Furthermore, the phrase "full narrative detail" is neither vague nor overly broad.  Rule 33(c) allows an interrogatory to seek "an opinion or contention that relates to fact or the application of law to fact." This interrogatory on its face <u>does not</u> seek attorney-client privileged communications

or work product, and plaintiffs' objection to the interrogatory in that regard is also overruled as inapplicable.

While plaintiffs have provided a lengthy response to Interrogatory No. 1, the response does not answer the question and is therefore evasive.  The interrogatory asks for plaintiffs' contentions as to "how the MRGO ought to have been designed, engineered and constructed."  The response lists various damaging effects of the existing design, without providing any information on how it "ought to have been designed."  If plaintiffs currently have information that is responsive to the question asked, they must provide it in a new supplemental answer to this interrogatory.  If they currently have no responsive information, they must clearly so say in a new supplemental answer to this interrogatory.

However, a complete answer to Interrogatory No. 1 may require expert opinion to a significant degree and plaintiffs' objection to premature disclosure on that basis is sustained.  Plaintiffs are hereby permitted, pursuant to Fed. R. Civ. P. 33(c), to defer providing their expert's opinion, if any, in response to this interrogatory until the same date that they provide their expert reports concerning common liability issues.

The motion is granted in part and denied in part as to Interrogatory No. 6.  As to this interrogatory, the objection based on the alleged need for expert testimony is also

overruled, since the unanswered parts of this interrogatory seek only facts or legal citations.  The current answer responds to only part of this interrogatory, and not the full question.  For the same reasons discussed above, all of plaintiffs' objections to this interrogatory, except the objection that expert opinion may be required to some extent to answer this question, are overruled.  Defendant's motion is granted and plaintiffs must provide supplemental answers to subparts (a), (c),[2] (f), (g), (h) and (i) of Interrogatory No. 6, which are unanswered.  The motion is denied as to the remaining subparts of this interrogatory, and the answers to the remaining subparts are sufficient.

Plaintiffs also supplied a partial answer to Interrogatory No. 7.  Defendant's motion is granted in part and denied in part as to this interrogatory.  Plaintiffs' objections are overruled for the same reasons as discussed above, with the following exceptions.  The court sustains plaintiffs' objection that subpart (i) is overly broad and denies defendant's motion as to that subpart.  Plaintiffs need not disclose, at this common liability issues stage of these proceedings, how each plaintiff was specifically affected by the dredging.   The court also sustains plaintiffs' objection that subpart (j) is overly

---

[2]In the Answers to Interrogatories provided by plaintiffs, defendant's Interrogatory No. 6 had two successive subparts both labeled (c).  In their answer, plaintiffs re-labeled the second subpart (c) as (d), then subpart (d) as (e), (e) as (f), and so on.  The court uses plaintiff's labels.

broad to the extent it seeks identification of all persons who have studied the effect of the dredging on wetlands or marsh <u>at any time</u>.  Plaintiffs must respond as to the remainder of subpart (j).

Moreover, plaintiffs' objection that the interrogatory requires premature disclosure of expert opinion is sustained in part.  Answers to subparts (h), (k), (l), (m) and (n) of Interrogatory No. 7 may require expert opinion to a significant degree.  Plaintiffs are hereby permitted, pursuant to Fed. R. Civ. P. 33(c), to defer providing a supplemental answer to these subparts until the same date that they provide their expert reports concerning common liability issues.

As to Interrogatories Nos. 9 and 10, all objections to vagueness, overbreadth, compound questions and lack of documents are overruled for the same reasons discussed above.  Plaintiffs' objections that the interrogatories call for premature disclosure of expert testimony are also overruled because these interrogatories seek only facts or legal citations.  Defendant's motion is granted as to Interrogatory No. 9, to which plaintiffs must provide a complete answer.  The motion is denied as to subparts (a), (b) and (g) of Interrogatory No. 10, and those answers are sufficient.  Plaintiffs failed to answer the other subparts of Interrogatory No. 10 at all, and plaintiffs must provide complete

10

supplemental answers as to them.  Again, if plaintiffs have no responsive information to all or specific subparts of these interrogatories, they must clearly say so.

Plaintiffs' objections to Interrogatory No. 13 are overruled for the same reasons discussed above.  However, plaintiffs' objection to the premature disclosure of expert testimony is sustained and defendant's motion is denied with respect to this interrogatory. A full response to this interrogatory will be provided either in Dr. Bea's expert report or in his deposition.

As to Interrogatory No. 17, plaintiffs objected to the premature disclosure of expert testimony but provided partial answers.  The motion is denied as to subpart (a) of Interrogatory No. 17.  The current answer is sufficient.  The motion is granted and all objections are overruled as to subparts (b), (c), (e), (f), (h), (i), (j) and (k), which do <u>not</u> require expert testimony, but instead seek only the identities of and other factual information concerning potential witnesses and tangible evidence.  If plaintiffs have information responsive to these subparts of this interrogatory, they must provide it.  If not, they must clearly say so in a new supplemental answer that actually addresses this interrogatory in its entirety.  The motion is denied at this time as to subpart (d), which may well require expert testimony.  Plaintiffs' objection is sustained and plaintiffs are

hereby permitted, pursuant to Fed. R. Civ. P. 33(c), to defer providing a supplemental answer to this subpart until the same date that they provide their expert reports concerning common liability issues.

Similarly, the motion is granted in part and denied in part as to Interrogatory No. 18. The motion is denied as to subpart (a), which incongruously seeks a "pinpoint legal citation" in response to a question focused on "design, engineering or construction," not law-based, criteria. The motion is granted and all objections are overruled as to subparts (b), (c) and (f), which do not seek expert testimony, but instead seek only dates and the identities of persons who may be potential witnesses. The motion is denied as to subparts (d) and (e), which may well require expert testimony. Plaintiffs' objection is sustained and plaintiffs are hereby permitted, pursuant to Fed. R. Civ. P. 33(c), to defer providing a supplemental answer to these subparts until the same date that they provide their expert reports concerning common liability issues.

For the same reasons discussed above in connection with Interrogatories Nos. 17 and 18, the motion is granted in part and denied in part as to Interrogatories Nos. 19 and 20. The motion is granted and all objections are overruled as to subparts (a), (c) and (e) of Interrogatory No. 19 and subparts (a), (b), (c), (d), (e), (f), (h) and (i) of

12

Interrogatory No. 20.  These subparts do not seek expert testimony, but instead seek only the identities of and other factual information concerning dates, places type of work or potential witnesses.  The motion is also granted as to subpart (f) of Interrogatory No. 19 because the question itself is geared to state or federal regulations. If plaintiffs have information responsive to these questions, they must provide it in a new supplemental answer.  If not, they must clearly say so.  However, plaintiffs' objection to the premature disclosure of expert testimony is sustained and the motion is denied as to subparts (b) and (d) of Interrogatory No. 19.  Plaintiffs are hereby permitted, pursuant to Fed. R. Civ. P. 33(c), to defer providing a supplemental answer to these subparts until the same date that they provide their expert reports concerning common liability issues.

Plaintiffs' objection that they cannot respond to Interrogatory No. 21 because they have not received documents from the United States is overruled and defendant's motion is granted as to this interrogatory.  Plaintiffs must make a reasonable inquiry and provide a complete response as to each separate subpart or clearly state that they have no information responsive to this interrogatory.

Plaintiffs' objections to Interrogatory No. 23 concerning vagueness, overbreadth and lack of documents are overruled for the same reasons as explained above.  The time

13

period covered by the interrogatory is 1981 through August 29, 2005. Although plaintiffs' objection to premature disclosure of expert opinion is sustained in part, defendant's motion is granted in part and plaintiffs must respond to the interrogatory based on information reasonably available to them at this time, without being required to disclose expert opinions.

Plaintiffs' supplemental answers to interrogatories (served on July 30, 2007) omit Interrogatories Nos. 24 and 25. Record Doc. No. 6744. Therefore, plaintiffs' amended answers to these two interrogatories (served on July 17, 2007) are their current responses. Record Doc. No. 6788, Defendant's Exh. A, MRGO Plaintiffs' Amended Responses to Defendant United States' First Set of Interrogatories. Plaintiffs' objections of vagueness, overbreadth and lack of information because they are still investigating their own claims are overruled for the same reasons as explained above. These interrogatories do not seek privileged information and no privileged information need be provided in response. These questions seek important contention information, namely the basis for plaintiffs' assertion that the Corps of Engineers' design of the "LPVHPP floodworks" was below the applicable standard of care and that the design of the Inner Harbor Navigation Canal levees and floodwalls was based on the "wrong elevation datum." However, by their

14

nature, answers to these interrogatories may require expert opinion to some degree. Thus, defendant's motion is granted in that plaintiffs must answer these interrogatories with all currently available nonprivileged information, but they may defer their supplemental answers concerning expert opinion to the same date as their expert reports for common liability issues are submitted.  Fed. R. Civ. P. 33(c).

As to Interrogatory No. 27, the objection that it assumes facts not in evidence is overruled.  This is discovery, not trial.  Plaintiffs' objection that the terms "levee district" and "care and inspection of levees" are vague and ambiguous is also overruled.  Because the United States is asking plaintiffs to flesh out their contentions, the interrogatory obviously refers to the defendant levee districts who have been cited as negligent in the Master Complaint and seeks plaintiffs' explanation of how those defendants were negligent with respect to the damages alleged in the complaint.   Plaintiffs' additional objections to Interrogatory No. 27 concerning vagueness, overbreadth and lack of documents are overruled for the same reasons as explained above.  Although plaintiffs' objection to premature disclosure of expert opinion is sustained in part, defendant's motion is granted in part and plaintiffs must respond to the interrogatory based on information reasonably available to them at this time, without being required to disclose

15

expert opinions until the same date as their expert reports for common liability issues are submitted.

Plaintiffs' objections to Interrogatories Nos. 28 and 29 are overruled and defendant's motion is granted. Plaintiffs must answer these contention interrogatories.

Plaintiffs' objections are overruled and defendant's motion is granted as to Interrogatory No. 32. Regardless of the status of the ongoing investigation of their claims, plaintiffs must identify the persons described in this interrogatory. The names and other identifying information of potential witnesses sought by this interrogatory cannot be either an attorney-client privileged communication or attorney work product because this is a request for purely factual information geared toward identifying potential witnesses.

It is axiomatic that the attorney-client privilege "only protects disclosure of confidential <u>communications</u> between the client and attorney; <u>it does not protect disclosure of underlying facts</u>." <u>United States v. Edwards</u>, 39 F. Supp. 2d 716, 723 (M.D. La. 1999) (Polozola, C.J.) (citing <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 395-96 (1981); <u>In re Six Grand Jury Witnesses</u>, 979 F.2d 939 (2d Cir. 1992); <u>United States v. Freeman</u>, 619 F.2d 1112 (5th Cir. 1980); <u>Computer Network Corp. v. Spohler</u>, 95 F.R.D.

500 (D.D.C. 1982)) (emphasis added). "'Pre-existing facts that underlie the client's confidential communications, whether oral or written, are not privileged simply because the client disclosed them to an attorney for the purpose of obtaining legal services.'" Id. at 736 (quoting Weinstein's Federal Evidence, § 503.14[4][a] (2d ed. 1998), citing Upjohn, 449 U.S. at 395).

Similarly, the work product doctrine provides protection for documents and tangible things and for the intangible mental impressions, conclusions, opinions or legal theories of counsel, not for facts that a party may have learned, even if they were learned from work product materials that are not themselves discoverable. Blockbuster Entertainment v. McComb Video, 145 F.R.D. 402, 403-04 (M.D. La. 1992); 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024, at 337-38 (2d ed. 1994) (citing Fed. R. Civ. 26(b)(3); Hickman v. Taylor, 329 U.S. 495 (1947)). Furthermore, Rule 26(b)(3) does not provide absolute protection against the discovery of work product. Such materials may be discoverable if, after the responding party meets its burden to prove that they are work product (which plaintiffs have not even begun to do here), the discovering party can make the showing of substantial need and undue hardship set forth

17

in Rule 26(b)(3).  Accordingly, plaintiffs must respond to Interrogatory No. 32, which merely seeks the identities of potential witnesses.

Defendant's motion is denied as to Interrogatories Nos. 33 and 34.  These interrogatories essentially seek the legal evaluations of counsel, rather than factual information.

Finally, none of the materials submitted to me in connection with this motion contain the verification required by Fed. R. Civ. P. 33(b)(1) and (2).  It must be provided.

* * * * *

IT IS ORDERED that the required verification of all amended and supplemental answers to interrogatories and all additional answers to interrogatories required herein must be provided by plaintiffs to the United States within twenty (20) days of entry of this order.

New Orleans, Louisiana, this 30th day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

18