UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| LEVEE | § | |
| | § | |
| _____ | § | |

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**

Pursuant to the Court's Case Management and Scheduling Order No. 4 (CMO #4), the defendant United States of America propounded Interrogatories & Requests for Production of Documents, to which the Levee PSLC provided responses on June 26, 2007.

Unsatisfied, the United States of America filed a Motion to Compel on July 30, 2007, demanding further responses.

On August 23, 2007, the Court granted the unopposed Motion to Compel, ordering that the PSLC provide responses, without objection, within 10 days.

To comply with this order as written, the PSLC would be required to provide attorney client communications and attorney work product, both of which are outside the scope of discovery pursuant to Federal Rules of Civil Procedure, Rule 26 (b).

1

I.

## **RULE 26 DOES NOT ALLOW FOR THE UNFETTERED DISCLOSURE OF PRIVELEGED OR CONFIDENTIAL INFORMATION**

Rule 26 of the Federal Rules of Civil Procedure allows discovery in civil cases regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953). Accordingly, material subject to the attorney-client or work products privileges is not discoverable unless said material falls within some exception to the rule.

The rule relative to the attorney-client privilege is that the client has a privilege, which may be waived, to refuse to disclose and to prevent his attorney and others within the confidential relationship from disclosing, communications between the client and his attorney within the course of the professional relationship. While the attorney-client privilege is intended to promote communication between attorney and client by protecting client confidences, the work product privilege is a broader protection, designed to balance the needs of the adversary system to promote an attorney's preparation in representing a client against society's general interest in revealing all true and material facts relevant to the resolution of a dispute. Hickman v. Taylor, 329 U.S. 495, 509-512, 67 S.Ct. 385, 392-394, 91 L.Ed. 451 (1947).

In the present case, the United States seeks documents and communications that exceed the scope of permissible discovery. The mistake or inadvertance of the Levee PSLC should not operate to expand such basic procedural dictates. As considered in United States v. American Telephone & Telegraph, 642 F.2d 1285, 1299 (D.C.Cir.1980), the work product privilege exists to promote the adversary system by safeguarding the fruits of an attorney's trial preparation from the discovery attempts of an opponent.

A Motion to Compel is not an all encompassing vehicle to defeat the adversary system. The scope of a Fed.R.Civ.P. 37(a) motion to compel as it pertains to Rule 26 is clearly

enunciated in In re Folding Carton Antitrust Litigation, 83 F.R.D. 132 (D.C.Ill., 1979), in which the court accepted that a "motion to compel a witness to answer questions put to him at a deposition should be granted if the questions are relevant and proper and denied if the questions call for privileged information or if an answer is otherwise unnecessary."

Likewise, in McCarthy v. Benton, 13 F.R.D. 454 (D.D.C., 1952), the court considered a Motion to Compel when a defendant refused to answer certain questions propounded to him on taking of his depositions. The court denied the Motion to Compel, stating that "despite the extreme liberality of the new Rules matter clearly privileged or irrelevant will not be permitted to be inquired into."

Because of the foregoing, the Levee PSLC prays that the Court reconsider its Order of August 23, 2007.

## II.

## RULE 60 AUTHORIZES THE RELIEF SOUGHT

Federal Rules of Civil Procedure Rule 60 holds in pertinent part:

> **b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc**.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(1) of the Federal Rules of Civil Procedure permits district courts to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." It is within the court's broad discretion to grant relief under Rule 60(b). Nemaizer v. Baker, 793 F.2d 58, 61-62 (2nd Cir.1986). In exercising this discretion, courts should balance the policy in favor of serving the ends of justice against the

3

policy in favor of finality. Id., at 61; Mazzone v. Stammler, 157 F.R.D. 212 (S.D.N.Y.,1994).

Admittedly, the Levee PSLC must comply with the Court's August 23, 2007 Order; however, it is patently unfair to require the complete disclosure of all privileged and confidential communications and documents when it will result in such extreme prejudice to so many parties.

Prior decisions support the relief given when substantial prejudice results from such an all encompassing order. In U. S. v. Moradi, 673 F.2d 725 (C.A.4 (Md.) 1982), the court refused to excoriate the claimants case, stating that "justice demands that a blameless party not be disadvantaged by errors or neglect of his attorney which cause final, involuntary termination of proceedings."

The guidelines governing the Court's consideration of a Rule 60(b)(1) motion are well established.  Whether the movant has demonstrated "mistake, inadvertence, surprise, or excusable neglect" is an issue to be litigated on the merits. The trial court must determine whether excusable neglect has in fact been established, resolving all doubts in favor of the party seeking relief.

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Relevant factors include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

In the present case, the Levee PSLC has been saddled with substantial deadlines which are made all the more difficult to meet by the procedural hijinks of the defendant the United States in not adequately responding to discovery propounded to it.  It has taken months and

substantial expenditures for the Levee PSLC to adequately obtain information from the IPET website, which the government has both relied upon and refuted in its own written responses.

As can be seen in the Levee PSLC's original responses, the primary sources of information that form the basis of the plaintiffs' claims arise from the publicly available resources such as the IPET, ILIT and Team Louisiana reports.  Additionally, the United States filed a Motion to Dismiss based upon its immunity, which necessitated the Levee PSLC to oppose by filing onto the record volumes of exhibits which directly identify the shortcomings of the Corps of Engineers in protection the City of New Orleans as it was tasked to do.  All of these documents have been provided to the defendant.

The only remaining documents that are not publicly available consist primarily of privileged and/or confidential information.  It should be clear to the court that it was not intended to waive such information.  Even if this Court were to determine that eh Levee PSLC was negligent in not responding to the Motion to Compel, it does not give license to such a harsh remedies as a waiver of privilege.  As recognized by the U.S. Supreme Court, "for purposes of Rule 60(b), excusable neglect is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence. Id., at 394.

### III.

### CONCLUSION

For the foregoing reasons, the Levee PSLC prays that the Court grant relief from its Judgment of August 24, 2007, thereby precluding the necessity of the Levee PSLC to disclose privileged or confidential communications and documents.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**


_____/s/ Joseph M. Bruno_____
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com


**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

 s/Gerald E. Meunier_____
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For
LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas