UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: O'Dwyer 06-6099<br>                        RESPONDER | SECTION "K" (2) |

## UNITED STATES' MOTION TO DISMISS

Defendant United States of America, through undersigned counsel, and on behalf of its agencies and instrumentalities, the United States Army Corps of Engineers and the Federal Emergency Management Agency, respectfully moves this Court under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) to dismiss Plaintiffs' Protective Re-filed Complaint (Complaint) for lack of subject matter jurisdiction.  The Complaint asserts individual and putative "class-action" tort claims against the United States and various non-federal defendants.  The central allegation of the Complaint on which all of Plaintiffs' claims are based is that the United States and the non-federal defendants "failed in discharging the primary purposes of their existence in the run-up-to and in the aftermath of Hurricane KATRINA [sic] . . .[by] fail[ing] in their duty to prepare properly for and respond to plaintiffs' needs, both prior to and in the aftermath of Hurricane KATRINA" [sic].[1]

As is more particularly set forth in the accompanying memorandum in support, all individually-named Plaintiffs, including Maureen O'Dwyer, failed to exhaust their administrative remedies with the appropriate federal agencies prior to bringing this lawsuit, as required by the Federal Tort Claims Act (FTCA) specifically 28 U.S.C. § 2675(a).  Additionally, assuming that

---

[1] Paragraph IX, Complaint.

one or more of the individually-named Plaintiffs may have exhausted their administrative remedies and that this lawsuit is not premature as to their claims against the United States, this Court nonetheless lacks subject matter jurisdiction to hear such claims because the challenged conduct at issue falls squarely within the FTCA discretionary function exception, 28 U.S.C. § 2680(a).  Consequently, such claims should be dismissed with prejudice.  Furthermore, subject matter jurisdiction over Plaintiffs' claims against the United States does not lie under any of the other federal statutes, legislation, and directives cited by Plaintiffs in their Complaint.[2]

In further support of this motion to dismiss, the United States submits the attached Declarations of Angela Drinkwitz and Edward Broyles, Exhibits "A" and "B", respectively.

WHEREFORE, for these reasons and the reasons more fully set forth above and in the United States' memorandum of law in support, the United States prays that this Court grant its motion to dismiss Plaintiffs' action for lack of subject matter jurisdiction.

>Respectfully submitted,
>
>UNITED STATES OF AMERICA, by
>
>DAVID R. DUGAS
>UNITED STATES ATTORNEY
>
>s/ James L. Nelson
>James L. Nelson, LBN 9934
>Assistant United States Attorney
>777 Florida Street, Suite 208
>Baton Rouge, Louisiana 70801
>Telephone: (225) 389-0443
>Fax: (225) 389-0685
>E-mail: jim.nelson@usdoj.gov

---

[2] Paragraph IV, Complaint.

## **CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by electronic mail, this 7th day of September, 2007.

                                          s/ James L. Nelson
                                          James L. Nelson
                                          Assistant United States Attorney