UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED ACTION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| LEVEE ( Bealer, No. 07-3612) | § | |
| | § | |
| | § | |

**DEFENDANT UNITED STATES OF AMERICA'S
ANSWER TO PLAINTIFFS' COMPLAINT FOR COMPENSATORY AND
EXEMPLARY DAMAGES AND FOR REASONABLE ATTORNEY'S FEES AND
TAXABLE COSTS IN A CLASS ACTION LAWSUIT**

The United States of America hereby answers and otherwise responds to Plaintiffs' Class Action Complaint as follows:[1]

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action.

---

[1] A class action track has already been established in the Katrina litigation and is under evaluation by the Court. Thus, this action is improperly and untimely described as a "CLASS ACTION." Class action status is therefore denied. Any allegations contained in the Plaintiffs' "CLASS ACTION COMPLAINT" not expressly admitted herein are denied. All responses, answers, admissions and statements made herein are by counsel for the United States for the sole purpose of the above captioned case and shall not be considered binding outside this suit.

## SECOND DEFENSE

Plaintiffs seek damages for harm caused by a flood or by flood waters, and the United States is immune from liability for such damages. See 33 U.S.C. 702c.

## THIRD DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. See 28 U.S.C. § 2680(a).

## FOURTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation. See 28 U.S.C. § 2680(a).

## FIFTH DEFENSE

This class action suit is barred to the extent Plaintiffs did not present tort claims in writing to the appropriate federal agency before this action was instituted. See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

## SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action to the extent Plaintiffs have failed to exhaust their administrative remedies.

## SEVENTH DEFENSE

Plaintiffs' claims were presented outside the statute of limitations and are therefore barred. See 28 U.S.C. § 2401(b).

## EIGHTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

**NINTH DEFENSE**

The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

**TENTH DEFENSE**

The United States, through its employees and agents, did not breach any duty of care it allegedly owed Plaintiffs.

**ELEVENTH DEFENSE**

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

**TWELFTH DEFENSE**

To the extent Plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and statutory law.

**THIRTEENTH DEFENSE**

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits Defendant's liability or Plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

### FOURTEENTH DEFENSE

Plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their administrative claim. 28 U.S.C. § 2675(b).

### FIFTEENTH DEFENSE

The United States is not liable for prejudgment interest or punitive damages. See 28 U.S.C. § 2674.

### SIXTEENTH DEFENSE

Plaintiffs' demand for a jury trial as to the United States is barred. 28 U.S.C. § 2402.

### SEVENTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

### EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiffs' alleged injuries, cutting off the legal effect of Defendant United States' negligence, which is expressly denied.

### NINETEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of Plaintiffs and/or their decedent(s) was a substantial factor in, and the proximate cause of, and contributed to any alleged injuries or damages sustained by Plaintiffs.

**TWENTIETH DEFENSE**

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic payment statute.

**TWENTY-FIRST DEFENSE**

To the extent that Plaintiffs seek equitable relief, this claim it is not cognizable under the Federal Tort Claims Act, which permits only money damages.  See 28 U.S.C. § 1346(b)(1).

**TWENTY-SECOND DEFENSE**

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such law.

**TWENTY-THIRD DEFENSE**

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

**TWENTY-FOURTH DEFENSE**

Class action lawsuits are impermissible under the Federal Tort Claims Act.

**TWENTY-FIFTH DEFENSE**

The United States Army Corps of Engineers cannot be sued eo nomine under the Federal Tort Claims Act.

**TWENTY-SIXTH DEFENSE**

The United States is not liable for acts or omissions of any contractor with the United States.  See 28 U.S.C. § 2671.

### TWENTY-SEVENTH DEFENSE

This court lacks jurisdiction over suits filed pursuant to the Federal Water Pollution Control Act, 33 U.S.C. § 1321.  In accordance with 33 U.S.C. § 1321(i), such suits must be filed in the United States Court of Federal Claims.

### TWENTY-EIGHTH DEFENSE

The claims are barred to the extent that they are based on or arise out of misrepresentation or deceit.  See 28 U.S.C. § 2680(h).

### TWENTY-NINTH DEFENSE

Plaintiffs have failed to properly effectuate service upon the United States pursuant to Rule 4 of the Federal Rules of Civil Procedure.

### THIRTIETH DEFENSE

To the extent the claims are cognizable under the Suits in Admiralty Act, Public Vessels Act, or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter jurisdiction conferred by the Federal Tort Claims Act.  See 28 U.S.C. § 2680(d).

### THIRTY-FIRST DEFENSE

Plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

### THIRTY-SECOND DEFENSE

The United States is not subject to liability without fault.

### THIRTY-THIRD DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

### THIRTY-FOURTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by Plaintiffs before they voluntarily exposed themselves to it.

### THIRTY-FIFTH DEFENSE

The Complaint alleges negligent or wrongful acts and omissions as to which Defendant is absolutely immune from suit.

### THIRTY-SIXTH DEFENSE

The prerequisites to a class action have not been satisfied in accordance with Rule 23 of the Federal Rules of Civil Procedure.

### THIRTY-SEVENTH DEFENSE

To the extent Plaintiffs have suffered any damages, they have filed to mitigate them.

### THIRTY - EIGHTH DEFENSE

Motions to dismiss are pending that are relevant to, and when decided may bar, this action.

### ANSWERS TO SPECIFIC ALLEGATIONS

I.

The allegations contained in Section I are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, see footnote 1, supra.

II.

The United States is without sufficient knowledge or information to admit or deny the allegations in Section II, which also include legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

III.

The allegations contained in Section III are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

IV.

The United States is without sufficient knowledge or information to admit or deny the allegations contained in Sections IV, including subparagraphs A through D, and therefore the allegations are denied. All allegations in this paragraph also include legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

V.

The allegations contained in Section V are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

VI.

The allegations contained in Section VI are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

VII.

Denied. The allegations contained in Section VII also are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

VIII.

The allegations contained in Section VIII are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

IX.

The allegations contained in Section IX are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

X.

The allegations of Section X are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  All other allegations of Section X are denied.

XI.

The allegations contained in Section XI are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  All other allegations of Section XI are denied.

XII.

The allegations contained in Section XII are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  All other allegations of Section XII are denied.

XIII.

The allegations contained in Section XIII are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

XIV.

The allegations contained in Section XIV, including subparagraphs 1 through 12, are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

XV.

The allegations contained in Section XV are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

XVI.

The allegations contained in Section XVI are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied .

XVII.

The allegations contained in Section XVII are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

XVIII.

The allegations contained in Section XVIII are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

XIX.

The allegations contained in Section XIX are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Plaintiffs' demand for a jury trial of any type as to the United States is barred.  28 U.S.C. § 2402.

The allegations of Plaintiffs' "**WHEREFORE**" paragraph are denied.

WHEREFORE, Defendant United States requests:

1. That Plaintiffs' Complaint be dismissed;

2. That Plaintiffs receive no recovery;

3. That Defendant be granted costs, attorneys' fees, expenses, and such other and further relief as the court deems appropriate.

>	Respectfully submitted,
>
>	PETER D, KEISLER
>	Assistant Attorney General
>
>	PHYLLIS J. PYLES
>	Director, Torts Branch
>
>	JAMES G. TOUHEY
>	Assistant Director, Torts Branch
>
>	s/ Richard R. Stone
>	RICHARD R. STONE
>	Senior Trial Attorney
>	KEITH LIDDLE
>	MICHELE GREIF
>	INA STRICHARTZ
>	Trial Attorneys, Torts Branch, Civil Division
>	U.S. Department of Justice
>	Benjamin Franklin Station, P.O. Box 888
>	Washington, D.C. 20044
>	(202) 616-4291/(202) 616-5200 (FAX)
>	Attorneys for the United States

Dated: September 10, 2007

## CERTIFICATE OF SERVICE

  I, Richard R. Stone, hereby certify that on September 10, 2007, I served a copy of Defendant United States of America's Answer to Plaintiffs' Complaint in Bealer, No. 07-3612, upon all parties by ECF.

            s/ Richard R. Stone
            RICHARD R. STONE