# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | |
| LEVEE, RESPONDER CASE NOS | * | JUDGE: DUVAL |
| O'DWYER –   06-4389, 06-6099, | * | |
|                    06-5786 | * | MAG. JUDGE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OBJECTION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

**NOW INTO COURT,** through undersigned counsel, comes the State of Louisiana for the purpose of objecting to the motion for leave to file and the "supplemental memorandum by Ashton O'Dwyer in support of his motion for Rule 54(b) judgment, for stay of execution of judgment pending appeal, etc." for the following reasons:

1.

The ex-parte motion is an improper procedural device in which to request relief which is contested. Ashton O'Dwyer filed this ex parte/consent motion without soliciting an objection from opposing counsel. The motion for leave to file, therefore, should have been set for hearing so to provide opposing counsel an opportunity to respond.

1

The substance of the proposed memorandum, furthermore, reveals that it is the improper pleading through which to grant the relief Mr. O'Dwyer requests. Specifically, the proposed memorandum requests relief which should be the subject of separate motions which are noticed for hearing.

> O'Dwyer takes this opportunity to urge This Honorable Court to *sua sponte* revoke the imposition of sanctions against him, and to sanction the lawyers within the Louisiana Department of Justice for their obvious commission of 'fraud upon the Court.' In the alternative, O'Dwyer respectfully submits that his motion for entry of Final Judgment pursuant to Rule 54(b) should be granted, security dispensed with, and execution of the judgment against him stayed pending appeal to the Fifth Circuit. Rec. Doc. 7422-2, p. 3.

To the extent O'Dwyer seeks revocation of the sanctions against him, such relief is only properly requested via a motion for relief from judgment under Fed. R. Civ. P. 60.   To the extent he seeks imposition of sanctions against the undersigned, such relief is only properly requested in a motion for sanctions.  Both motions must be set for hearing.  They, also, must be separate motions.   *See* Fed. R. Civ. P. 11. The proposed supplemental memorandum, therefore, is an improper procedural device through which to award the relief requested.

2.

Leave to file should be denied, also, pursuant to Fed. R. Civ. P. 12(f).  Fed. R. Civ. P. 12(f) allows the courts to strike pleadings or parts of pleadings if they

are irrelevant.[1]  To establish immateriality under Rule 12(f), the movant must show that the challenged allegations can "have no possible bearing upon the subject matter of the litigation." <u>Alton Ochsner Med. Found. v. Servicemaster Home Health Care Serv.</u>, 2002 WL 553499 at *1 (E.D.La. April 12, 2002). *See also* <u>Sadler v. Benson Motors Corp.</u>, 1997 WL 266735, at *1 (E.D.La. May 15, 1997). The proposed memorandum is impertinent because it does not relate, in any way, to the issues remaining within the jurisdiction of this Honorable Court: issuance and quantum of sanctions against Ashton O'Dwyer.[2]

The issue of the dismissal of the State and its agencies from the above captioned cases based on sovereign immunity is currently on appeal.  See Rec. Doc. 3676.  In the Fifth Circuit, it is well-settled that once a notice of appeal has been filed, a district court has no jurisdiction over any matters involved in the appeal.[3]  Filing a lawsuit alleging the same claims as those pending on appeal is

---

[1] Fed. R. Civ. P. 12(f) states, in pertinent part, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

[2] *See* Rec. Doc. 3666 (order and reasons granting motions to dismiss based, in part, on sovereign immunity of the State of Louisiana and various state agencies); Rec. Doc. 3667 (judgment on dismissals); Rec. Doc. 3676 (notice of appeal from judgment 3667).

[3] *See* <u>Creations Unlimited, Inc. v. McCain</u>, 112 F.3d 814, 816-17 (5th Cir.1997); <u>Sierra Club v. Cedar Point Oil Co.</u>, 73 F.3d 546, 578 (5th Cir.1996); <u>Henry v. Indep. Am. Savings Ass'n</u>, 857 F.2d 995, 997-98 (5th Cir.1988); 20 James Wm. Moore et al., *Moore's Federal Practice* § 303.32 (3d ed.2002) (explaining that this is "a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time.")

sanctionable under Rule 11(b)(2).[4]  It should follow logically that filing pleadings in the district court regarding issues which are on appeal is also sanctionable.

This Honorable Court no longer has jurisdiction to consider the sovereign immunity of the State of Louisiana and its agencies from the above captioned lawsuits.  Currently before this Court are only the issuance and quantum of sanctions against Ashton O'Dwyer.  Whether the State of Louisiana waived its sovereign immunity from suit in federal court is absolutely irrelevant to whether Ashton O'Dwyer's conduct throughout the course of the above captioned litigation violated (and obviously continues to violate) Fed. R. Civ. P. 11 and 28 U.S.C. §1927.  Leave to file the proposed supplemental memorandum, therefore, should be denied.

3.

The substance of the proposed memorandum also *violates* Fed. R. Civ. P. 11 and 28 U.S.C. §1927.  The memorandum focuses on the sovereign immunity of the State of Louisiana.  Ashton O'Dwyer has made it abundantly clear through the course of the above captioned litigation that he will not stop challenging the sovereign immunity of the State of Louisiana in this Court until a ruling is issued in his favor on the issue.  O'Dwyer's incessant collateral filings (both in the form

---

[4] <u>Dillon v. Diamond Offshore Mgmt. Co.</u>, 2002 WL 31415706, *4 (E.D. La. 2002) (*citing* Fed. R. Civ. P. 11(b)(2)).

of multiple complaints and countless memoranda) provided one of the bases for the issuance of sanctions against him.   Rec. Doc. 3666.   This Honorable Court expressly ruled on the issue of the State's sovereign immunity multiple times.[5] Therefore, raising this issue again is, at a minimum, harassment and vexatious multiplication of the litigation.  *See* Rec. Doc. 3666.

The proposed memorandum further reveals that Mr. O'Dwyer, again, failed to conduct a reasonable inquiry into the law.  In addition to raising the "frivolous at best" argument that the State waived its sovereign immunity, Mr. O'Dwyer contends that the sanctions against him should be vacated because the State waived its sovereign immunity by filing suit *after* he was sanctioned.  This contention is legally frivolous.  In determining whether a litigant has violated Rule 11, courts apply an objective (rather than subjective) standard of reasonableness.[6] Accordingly, the conduct of the litigant is assessed at the time he submitted the offending pleading or motion.[7]

---

[5] See Rec. Doc. 788 (dismissing State of Louisiana and Governor Kathleen Blanco, in an official capacity), 1231 (dismissing State of Louisiana, through the Department of Transportation and Development (DOTD)), 1259 (denying motion for reconsideration on dismissal of DOTD and expressly noting "The Court will not entertain a Motion for Reconsideration on this issue."), 3666 (dismissing State and various state agencies).

[6] Delor v. Intercosmos Media Group, Inc., Not Reported in F.Supp.2d, 2006 WL 435997, *1 (E.D. La. 2006) (*citing* Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 (5th Cir.1994); United States v. Alexander, 981 F.2d 250, 252 (5th Cir.1993)).

[7] Id (*citing* Thomas v. Capital Sec. Servs., 836 F.2d 866, 875 (5 Cir.1988) ( en banc ); Fed.R.Civ.P. 11 Adv. Comm. Note)).

Finally, the language of the proposed memorandum displays an utter lack of professionalism.   For example, the memorandum begins with a caustic remark directed at this Honorable Court.   In addition, the memorandum contains an offensive, baseless and defamatory accusation against undersigned counsel.   As is his custom, Mr. O'Dwyer cites neither law nor fact in support of the accusation that undersigned counsel is committing "fraud."   Such an allegation should not be allowed in a court of law without specific and articulated proof.

4.

Mr. O'Dwyer correctly recognized, in his opposition to the motion for sanctions, that the State was seeking sanctions against him, in part, to force him to cease his relentless and harassing conduct.   The sanctions issued, as severe as they are,[8] clearly have not tempered his behavior.   To the contrary, it seems, O'Dwyer's behavior has been exacerbated.   In light of the foregoing memorandum, considering Ashton O'Dwyer's extreme and obstinate conduct throughout the course of this consolidated litigation, and because the issue of the State's sovereign immunity is currently on appeal, the State of Louisiana respectfully requests that this Honorable Court issue an order barring Ashton O'Dwyer from filing any further pleadings in these consolidated cases challenging the sovereign immunity

---

[8] Specifically, "to the tune of almost $8000." See Rec. Doc. 7422-2.

of the State of Louisiana, its agencies and officers in an official capacity. Furthermore, the State of Louisiana respectfully requests that Mr. O'Dwyer be instructed that baseless accusations against opposing counsel are unprofessional and will not be tolerated.

**WHEREFORE**, the State of Louisiana respectfully prays that its motion be granted and that the motion for leave to file be denied, that Ashton O'Dwyer be barred from filing further pleadings in these consolidated cases challenging the sovereign immunity of the State of Louisiana, and that he be admonished for and warned to cease further baseless accusations against undersigned counsel.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

**BY**:     ___s/ *Michael C. Keller*_____
**MICHAEL C. KELLER (#20895) (T.A.)**
**PHYLLIS E. GLAZER (# 29878)**
**ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.     504-599-1200
Facsimile No.     504-599-1212
Email:     KellerM@ag.state.la.us
                GlazerP@ag.state.la.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>*September 10, 2007*</u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: <u>*All Counsel of Record*</u>.

<u>*s/ Michael C. Keller*</u>
**MICHAEL C. KELLER**
