UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION 'K' (2) |
| FILED IN: 05-4181, 05-4182, 05-5237, 05-6073, 05-6314,<br>05-6324, 05-6327, 05-6359, 06-0225, 06-0886,<br>06-1885, 06-2152, 06-2278, 06-2287, 06-2824,<br>06-4024, 06-4065, 06-4066, 06-4389, 06-4634,<br>06-4931, 06-5032, 06-5155, 06-5159, 06-5161,<br>06-5260, 06-5162, 06-5771, 06-5937, 07-0206,<br>07-0621, 07-1073, 07-1271, 07-1285 | |
| PERTAINS TO: MRGO | |

**OBJECTIONS AND RESPONSES OF THE BOARD OF THE BOARD OF DIRECTORS, FOR THE LAKE BORGNE BASIN LEVEE DISTRICT TO THE MRGO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW COMES** Defendant, Board of Commissioners, for the Lake Borgne Basin Levee District (hereinafter "LBBLD"), who files this its Objections and Responses to the MRGO Plaintiffs' First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents, as follows:

EXHIBIT G

wind and rain, factor into fault calculations for each class member's claim against the Defendants.

**REQUEST FOR ADMISSION NO. 33:**

Whether the USA committed the negligent acts and omissions described in Count VI of the Complaint is a question that is common to every member of the Greater New Orleans Class.

**RESPONSE NO. 33:**

Denied. LBBLD states that multiple breaches/overtopping, and the causes thereof, require separate and distinct fault allocations applicable to a determination of individual class members' sources and causes of damage. In addition, multiple sources of causation, including wind and rain, factor into fault calculations for each class member's claim against the Defendants.

**REQUEST FOR ADMISSION NO. 34:**

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison counsel and as members of the MRGO PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

**RESPONSE NO. 34:**

LBBLD admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in competing and over-lapping class and other actions that present conflicts of interests. These conflicts are particularly acute in these circumstances where the putative class asserts claims against defendants with limited assets. Moreover, given the size and diversity of interests within

the putative class, LBBLD expects conflicts within the class to emerge thus preventing Plaintiffs' Liaison Counsel, or anyone else, from effectively representing the class as a whole.

**REQUEST FOR ADMISSION NO. 35:**

Inundation of the properties of the Greater New Orleans Class substantially contributed to the breakdown in social structure and loss of cultural heritage in New Orleans (including the area encompassed by the Greater New Orleans Class definition).

**RESPONSE NO. 35:**

LBBLD objects to Request for Admission No. 35, on the grounds that it is overly broad, vague and ambiguous. LBBLD admits that Hurricane Katrina adversely affected the New Orleans Metropolitan area.

**REQUEST FOR ADMISSION NO. 36:**

Each member of the Greater New Orleans Class has suffered damages as a result of the breakdown in New Orleans' social structure and loss of cultural heritage.

**RESPONSE NO. 36:**

LBBLD objects to Request for Admission No. 36, on the grounds that it is overly broad, vague and ambiguous. LBBLD admits that Hurricane Katrina adversely affected the New Orleans Metropolitan area.

**REQUEST FOR ADMISSION NO. 37:**

Inundation of the properties of the Greater New Orleans Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area (including the area encompassed by the Greater New Orleans Class definition).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES     CIVIL ACTION
CONSOLIDATED LITIGATION

NO.: 05-4182
SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
            06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
            06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
            06-5161, 06-5260 06-5162, 06-5771, 06-5937, 07-0206,
            07-0621, 07-1073, 07-1271, 07-1285, 06-5786

PERTAINS TO: MRGO

## OBJECTIONS AND ANSWERS TO MRGO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CLASS CERTIFICATION

In accordance with Fed. R. Civ. P. 33, 34, and 36, and Section (B)(2) of CMO #4, the Orleans Levee District (O.L.D.) submits these Objections and Answers to the MRGO Plaintiffs' First Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

General Objections

1.   The O.L.D. objects to the extent that these discovery requests seek production of expert reports in advance of the deadlines set forth in CMO #4, Sec. II (D)(3).

1

establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether the fault, if any, of the USA caused every proposed class member's damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the USA with other persons and defendants caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, whether the fault of the USA is a "common" issue for all class members are facts which are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

### REQUEST FOR ADMISSION NO. 34:

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the MRGO PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

### RESPONSE TO REQUEST FOR ADMISSION NO. 34:

The O.L.D. admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in

26

competing and over-lapping class and other actions which present conflicts of interests. These conflicts are particularly acute in these circumstances where defendants with limited assets have been sued by these same counsel in competing and over-lapping class and other actions.

### REQUEST FOR ADMISSION NO. 35:

Inundation of the properties of the Greater New Orleans Class substantially contributed to the breakdown in social structure and loss of cultural heritage in New Orleans (including the area encompassed by the Greater New Orleans Class definition).

### RESPONSE TO REQUEST FOR ADMISSION NO. 35:

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact on Greater New Orleans. The O.L.D. has no knowledge with respect to whether there have been changes in New Orleans' "social structure" or "cultural heritage," and if so whether or how the proposed class members were damaged due to these changes. Such information is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

### REQUEST FOR ADMISSION NO. 36:

Each member of the Greater New Orleans Class has suffered damages as a result of the breakdown in New Orleans' social structure and loss of cultural heritage.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION

NO.: 05-4182
SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314,
05-6324, 05-6327, 05-6359, 06-0020, 06-1185, 06-0225, 06-0886,
06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065,
06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163,
06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO: LEVEE

## OBJECTIONS AND ANSWERS TO LEVEE PLAINTIFFS' FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CLASS CERTIFICATION

In accordance with Fed. R. Civ. P. 33, 34, and 36, and CMO #4 Sec. (B)(2), the Orleans Levee District ("O.L.D.") submits these Objections and Answers to Levee Plaintiffs' First Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

General Objections

1.      The O.L.D. objects to the extent that these discovery requests seek production of expert reports in advance of the deadlines set forth in CMO #4, Sec. II (D)(3).

1

insufficient to establish legal or proximate causation of damages. Under Louisiana law, delictual liability consists of "fault, causation, and damages." *Dabog v. Deris*, 625 So.2d 493 (La. 1993). Therefore, for the fault of a defendant to be a common issue, that fault must have been a common cause of the damages sustained by all class members. Here, there are multiple defendants sued for "inundation" damages. Whether any defendant was at fault for the breach of a statutory duty, and whether that fault caused every proposed class members' damages, whether that fault combined with the fault, if any, of other defendants or persons to cause those damages, and in what combinations the fault of the defendants with other persons caused each class member's damages, are facts not compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, the O.L.D. is unable to truthfully admit or deny this request. The O.L.D. reserves the right to supplement this response through its briefing relating to class certification as set forth in CMO #4.

**REQUEST FOR ADMISSION NO. 43:**

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

The O.L.D. admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in competing and over-lapping class and other actions which present conflicts of interests. These

conflicts are particularly acute in these circumstances where defendants with limited assets have been sued by these same counsel in competing and over-lapping class and other actions.

**REQUEST FOR ADMISSION NO. 44:**

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

The O.L.D. admits that the flooding following Hurricane Katrina had an adverse impact in the New Orleans area encompassed by the Class definition. The O.L.D. has no knowledge with respect to whether there have been changes in New Orleans' "social structure" or "cultural heritage," and if so whether or how the proposed class members were damaged due to these changes. Such information is not data compiled or utilized in the O.L.D.'s ordinary business activities. Therefore, these facts are not known or readily available to the O.L.D. upon reasonable inquiry to persons or review of documents within the O.L.D.'s control. Consequently, the O.L.D. is unable to truthfully admit or deny this request.

**REQUEST FOR ADMISSION NO. 45:**

Inundation of the properties of the Class substantially contributed to alteration of the physical, economic, political, social, and psychological character of the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

34

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:   **KATRINA CANAL BREACHES**            CIVIL ACTION
         **CONSOLIDATED LITIGATION**
                                                NO.: 05-4182

                                                SECTION "K" (2)

FILED IN :   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 06-6314,
             05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886,
             06-11208, 06-2278, 06-2287, 06-2346, 06-062545, 06-3529, 06-4065,
             06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163,
             06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
             07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289

**PERTAINS TO: LEVEE**

---

**OBJECTIONS AND RESPONSES OF THE BOARD OF COMMISSIONERS,
EAST JEFFERSON LEVEE DISTRICT TO THE LEVEE PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Board of Commissioners, East Jefferson Levee District (hereinafter "EJLD"), which Objects and Responds to the Levee Plaintiffs' First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents, as follows:

**RESPONSE NO. 41:**

Denied. EJLD states that multiple breaches/overtopping, and the causes thereof, require separate and distinct fault allocations applicable to a determination of individual class members' sources and causes of damage.

**REQUEST FOR ADMISSION NO. 42:**

Whether the Defendants, individually and alone, or together and in concert, violated Louisiana Civil Code articles 667, 2315, 2316, 2317 and 2317.1, is a question that is common to every member of the Greater New Orleans Class.

**RESPONSE NO. 42:**

Denied. EJLD states that multiple breaches/overtopping, and the causes thereof, require separate and distinct fault allocations applicable to a determination of individual class members' sources and causes of damage.

**REQUEST FOR ADMISSION NO. 43:**

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the MRGO PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

**RESPONSE NO. 43:**

EJLD admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in competing and over-lapping class and other actions that present conflicts of interests. These conflicts are particularly acute in these circumstances where the putative class asserts claims against defendants with limited assets. Moreover, given the size and diversity of interests within the putative class, EJLD expects conflicts within the class to emerge thus preventing Plaintiffs' Liaison Counsel, or anyone else, from effectively representing the class as a whole.

**REQUEST FOR ADMISSION NO. 44:**

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

**RESPONSE NO. 44:**

EJLD objects to Request for Admission No. 44, on the grounds that it is overly broad, vague and ambiguous. EJLD admits that Hurricane Katrina adversely affected the New Orleans Metropolitan area.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| PERTAINS TO LEVEE | * | |
| FILED IN:  05-4181, 05-4182, 05-5237, | * | |
| 05-6073, 05-6314, 05-6324, 05-6327, 06-0020, | * | |
| 06-0225, 06-0886, 06-2278, 06-2346, 06-2545, | * | |
| 06-4065, 06-4389, 06-4634, 06-4931, 06-5159, | * | |
| 06-5163, 06-5786, 06-7682, 07-0993, 07-1284, | * | |
| 07-1288, 07-1289 | * | |

******************************************

### THE SEWERAGE AND WATER BOARD OF NEW ORLEANS ANSWER TO LEVEE PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Now, through undersigned counsel, comes defendant, the Sewerage and Water Board of New Orleans ("SWB") and responds to the Requests for Admission, First Set of Interrogatories and Requests for Production of Documents propounded by Levee plaintiffs, as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

The Sewerage and Water Board's responses to the Request for Admissions are set forth below. There are numerous requests to which the Sewerage and Water Board has lodged an objection or has responded that it has insufficient information to admit or deny the request. For each such request, in an abundance of caution, in the event a request is deemed necessary, the request is denied.

### REQUEST FOR ADMISSION NO. 1:

Each class representative, including sub-class representatives has submitted a Form 95 to the Corps.

### RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Objection. This request is improper as it seeks a conclusion of law. *In re: Carney*, 258 F.3d 415, 419 (5th Cir. 2001)("Requests for admissions cannot be used to compel admission of a conclusion of law.") However, in the event this objection is not sustained, and out of an abundance of caution, the SWB responds as follows:

Denied.

### REQUEST FOR ADMISSION NO. 43:

The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Liaison Counsel and as members of the LEVEE PSLC are competent to fairly and adequately protect the interests of the Greater New Orleans Class.

### RESPONSE TO REQUEST FOR ADMISSION NO. 43:

The SWB admits that appointed class counsel and their firms are competent. However, in all other respects this request is denied because these same counsel represent plaintiffs in competing and over-lapping class and other actions which present conflicts of interests. These conflicts are particularly acute in these circumstances where defendants with limited assets have been sued by these same counsel in competing and over-lapping class and other actions.

### REQUEST FOR ADMISSION NO. 44:

Inundation of the properties of the Class substantially contributed to the breakdown in social structure and loss of cultural heritage in the New Orleans area encompassed by the Class definition, and caused consequent damages to the Class.

### RESPONSE TO REQUEST FOR ADMISSION NO. 44:

The SWB objects to this request on the grounds that it is overly broad, vague and ambiguous, and irrelevant. Subject to this objection, the SWB has no knowledge with respect to whether there has been breakdown in New Orleans' "social structure" or loss of "cultural