**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| LEVEE (Brock, No. 06-4931) | § | |
| | § | |
| _____ | § | |

**DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION**
**TO PLAINTIFFS' SECOND SUPPLEMENTAL AND AMENDING**
**CLASS ACTION COMPLAINT (Rec. doc. 7353-2)**

**1.  INTRODUCTION**

Defendant United States opposes plaintiffs' "Second Supplemental and Amending Class

Action Complaint."  (hereinafter "Motion to Amend").  (Rec. Doc 7353-2).  Plaintiffs have not

demonstrated the requisite good cause for leave to amend their Complaint after the deadline for

filing such amendments has passed.  Further, plaintiffs are attempting to amend a Complaint that

has been superseded by a master complaint; and their proposed amendment refers to another

superseded complaint.  Consequently, there is no genuine need to amend and no current effect to

the superseded complaint that plaintiffs are attempting to amend.  At this stage in the litigation,

i.e., after the time for amending has closed and the complaint proposed to be amended has been

superseded, plaintiffs' proposed amendment is improper and should not be permitted.

**ARGUMENT**

1.    **Plaintiffs are improperly attempting to amend a superseded Complaint by reference to another superseded Complaint.**

Plaintiffs existing "Class Action Complaint" was originally superseded by the

"SUPERSEDING MASTER CONSOLIDATED CLASS ACTION COMPLAINT," filed March

15, 2007 by the Plaintiffs' Committee.  See CMO-4.  That superseding complaint has since been

amended.  "PLAINTIFFS' [SUPERSEDING] CORRECTED RESTATED LEVEE MASTER

CONSOLIDATED CLASS ACTION COMPLAINT," filed August 3, 2007.   Plaintiffs now

attempt to amend a superseded inactive complaint to incorporate allegations from an even earlier

February 8, 2007 superseded complaint.  (See, Rec. Doc. 7353-2 at 2)  The proposed amendment

is untimely and without purpose, having no effect in either the class certification or common

liability litigation, which are both proceeding under a master complaint.

2.    **Plaintiffs do not demonstrate the requisite good cause.**

Under Case Management and Scheduling Order No. 4 (hereinafter CMO 4) filed March

1, 2007, the time for amendment is closed:

> [T]he deadline for amending pleadings is now deemed lapsed, and only answers
> and responsive motions may now be filed without leave of Court.  Except as
> otherwise provided herein, no further amendments to pleadings . . . will be
> allowed, except . . . on motion . . .and based on a showing of good cause as
> required by Fed.R.Civ.P. 16(b).

(Emphasis added).  CMO4 at II(A), pp. 12-13.  Federal Rule of Civil Procedure 16(b) "governs

amendment of pleadings once a scheduling order has been issued by the district court."  S & W

Enterprises, LLC v. Southtrust Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003); See also

Smith v. BCE, Inc., 2007 WL 570302 at 4 (5th Cir. 2007).  A scheduling order entered in

accordance with Rule 16(b) "shall not be modified except upon a showing of good cause and by

leave of the district judge . . ." (Emphasis added); Fed.R.Civ.P. 16(b).  Indeed, in an effort to

promote "court efficiency" and "to expedite pretrial procedure," amendments governed by a

scheduling order require a showing of good cause, rather than the more liberal standard under

Fed.R.Civ.P. 15(a).  S&W Enterprises, LLC, 315 F.3d at 536.

        Here, plaintiffs do not offer any reason justifying their request for leave to file untimely

amendments and, therefore, do not establish the requisite good cause to amend.  As the Fifth

Circuit found in Gregory v. Mitchell, parties moving for leave to file untimely amendments must

come forward with proof showing that any delay "was due to oversight, inadvertence, or

excusable neglect."  634 F.2d 199, 203 (5th Cir. 1981).  Plaintiffs have offered no such "proof."

Indeed, just as the Fifth Circuit found in Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,

Inc., any "information [on which plaintiffs' proposed amendments could be based] was available

to [plaintiffs] long before [their Motion to Amend] was filed.  It is not information that has only

recently come to light."  690 F.2d 1157, 1164 (5th Cir. 1982).

        Thus, because plaintiffs have "provided no satisfactory explanation for [the] failure to

develop the new contentions originally," their request for leave to amend should be denied.

Westlands Water District v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993).  See Gray v.

Industrial Plan Maintenance, 2004 WL 1661209 at 3 (E.D. La. 2004)(failure to show good cause

for continuance of date set by scheduling order defeats motion).

## III.  CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Amend should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY
Assistant Director, Torts Branch

 s/ Richard R. Stone
ATTORNEY NAME
Senior Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated: September 11, 2007

## CERTIFICATE OF SERVICE

I, Richard R. Stone, hereby certify that on September 11, 2007, I served a copy of defendant's Opposition to Plaintiffs' Second Supplemental and Amending Class Action Complaint (Rec. Doc. 7353-2) by ECF to all parties

s/Richard R. Stone
RICHARD R. STONE