UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>*severed from Abadie*, 06-5164 | CIVIL ACTION<br>NO. 05-4182<br>SECTION "K" (2) |
| LESLEY DIROSA, LOUIS DIROSA,<br>        Plaintiffs<br><br>VS.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br>        Defendant | CIVIL ACTION<br>No. 07-2499<br>SECTION "K" (2) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE FARM FIRE AND CASUALTY COMPANY'S STATEMENT OF CONTESTED FACTS REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW INTO COURT by undersigned counsel comes defendant, State Farm Fire and Casualty Company, pursuant to Local Rule 56(2)(e) to respond to the Statement of Uncontested Facts submitted by plaintiffs in support of their Motion for Partial Summary Judgment on the Unenforceability of the Anti-Concurrent Cause Clause.

1. Admitted.

2. Admitted.

3. Denied as stated. The applicable State Farm homeowners policy is an "open peril" policy as to dwelling coverage, while coverage for contents is on a named peril basis;

however, the best evidence of the coverage provided by said policy is the policy itself in its entirety, inclusive of its exclusions and in particular the water damage exclusion.[1]

4. Denied as stated. The best evidence of the terms and conditions of State Farm's policy is the policy itself. The "Hurricane Deductible Endorsement" is set forth in its entirety in Exhibit A to Plaintiffs' Motion. Among other things, the endorsement states:

> The Hurricane deductible percentage (%) shown in the Declarations applies only for direct physical loss or damage to covered property caused by wind, wind gusts, hail, rain, tornadoes, or cyclones caused by or resulting from a hurricane as defined above. The deductible for loss caused by each hurricane occurrence is the amount determined by applying the deductible percentage (%) shown in the Declarations to the COVERAGE A – DWELLING limit shown in the Declarations.
>
> In the event of a hurricane loss, this deductible will apply in place of any other deductible stated in the policy. In no event will this deductible be less than the Section I deductible amount shown in the Declarations.
>
> All other policy provisions apply.

(Pl. Ex. A [Doc. 6901-3] at ECF page 36.) State Farm further denies that the hurricane deductible endorsement is material to the issue raised by Plaintiffs' motion.

5. Denied as stated. State Farm determined that the primary cause of loss to the property was flood. State Farm determined that there was some independent wind damage and made payments to Plaintiffs for such losses. (*See* Ex. A, attached.) State Farm made payments to Plaintiffs for the losses determined to have been caused by independent wind damage. State Farm made total payments to Plaintiffs in the amount of $40,639.12 ($46,936.24, less Plaintiffs' deductible of $6,108). (*See* Ex. B, attached.) State Farm denies, therefore, that the losses for which Plaintiffs now seek to recover were independently caused by wind.

6. Admitted.

---

[1] A copy of the applicable State Farm homeowners policy is attached as Ex. A [Doc. 6901-3] to Plaintiffs' Motion for Partial Summary Judgment.

7. Admitted. As noted in the quoted defense, the best evidence of the terms and conditions of State Farm's policy is the policy itself. The exclusion relied upon by State Farm in denying that portion of plaintiffs' claim determined to have been caused by flood, stated in its entirety is:

> 2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event: or (b) other causes of the loss: or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss: or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . . .
>
> c. **Water Damage** meaning:
>
> (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not . . . .

(Pl. Ex. A [ECF 6901-3] at 10 [ECF p.15].)

Respectfully submitted,

/s/ David A. Strauss
DAVID A. STRAUSS, #24665
LINDSAY A. LARSON, III, #8053
CHRISTIAN A. GARBETT, #26293
ADAM P. MASSEY, #29330
SARAH R. SHANNAHAN, #30957
KING, LEBLANC AND BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Attorneys for State Farm Fire and Casualty Co.
dstrauss@klb-law.com
llarson@klb-law.com
cgarbett@klb-law.com
amassey@klb-law.com
sshannahan@klb-law.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties in the litigation.

/s/ David A. Strauss

S:\2900\199\PLEADINGS\DEFENDANT\SF CONTESTED FACTS RE MSJ.DOC