UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
| 06-4389 | * | |
| 06-5786 | * | JUDGE DUVAL |
| 06-6099 | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

MEMORANDUM IN SUPPORT OF
ASHTON O'DWYER'S MOTION FOR
**VARIOUS RELIEF**

**MAY IT PLEASE THE COURT:**

What did counsel for the
Louisiana Department of "Injustice" know,
and when did they know it?[1]

Ashton O'Dwyer was sanctioned by This Honorable Court to the tune of $7,058.50 by Order and Reasons dated August 6, 2007 (Record Document No. 3666). At the time the lawyers representing the State of Louisiana, et al. filed their Motion(s) to dismiss and for sanctions (Record Document Nos. 1731, 2345 and 2919), and when they argued those motions in Open Court on February 28, 2007, they must have known that on the very same day the motions were argued, their superior, Attorney General Charles C. Foti, was presenting to the U.S. Army Corps of Engineers a Standard Form-95 claiming

---

[1] Actually, "knowledge" by the Assistant Attorneys General may be irrelevant, since the knowledge of Attorney General Foti should be imputed to each of the Assistant Attorneys General working for him.

-1-

property damages allegedly sustained by the State to the tune of a cool $200 billion dollars. O'Dwyer also avers, upon information and belief, that when they allowed sanctions to be imposed against him by This Honorable Court for "needless duplication and expense for the State of Louisiana", the lawyers for the State also knew that on or before the second anniversary of Hurricane KATRINA, the State would be filing a lawsuit against the United States of America in Federal Court seeking $200 billion dollars in property damage allegedly sustained by the State as a result of Hurricane KATRINA and its aftermath.

O'Dwyer avers that the term for such conduct in academic legal circles is "fraud upon the Court", which should warrant the imposition of sanctions, not only against the State, but also against its lawyers who, upon information and belief, must have been complicit in perpetrating the fraud.

The United States Supreme Court long ago held in the celebrated case of Clark v. Barnard, 108 U.S. 436 (1983), and cases cited therein and its progeny, that 11th Amendment immunity from being required to litigate claims against the State in Federal Court "is a personal privilege which [the State] may waive at its pleasure". 108 U.S. at p. 447. The same case held that a State's "appearance in a Court of the United States would be a voluntary submission to its jurisdiction". Ibid. See also Lapides Board of Regents of University System of Georgia, 535 U.S. 613 (2002) and cases cited therein.

The State of Louisiana has invoked the jurisdiction of the Federal Court to assert a claim against the United States of America for $200 billion dollars in property damage, allegedly sustained as a result of the same transactions and occurrences for which O'Dwyer and his clients originally sued the State in this forum. If waiver has not

occurred in this particular instance, then O'Dwyer asks rhetorically, "Under what circumstances may the Doctrine of Waiver ever be successfully invoked against a State?"

O'Dwyer respectfully submits that the sanctions imposed against him should be rescinded, and that the State and its lawyers should be sanctioned, severely, for their fraud upon This Honorable Court and upon O'Dwyer, personally.

What did counsel for the
Louisiana Department of "Injustice" know,
and when did they know it?[2]

Respectfully submitted,

**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**Counsel for Plaintiffs**

By:   **S/Ashton R. O'Dwyer, Jr.**
Ashton R. O'Dwyer, Jr.
Bar No. 10166
821 Baronne Street
New Orleans, LA 70113
Tel. 504-679-6166
Fax. 504-581-4336

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 11th day of September 2007.

S/Ashton R. O'Dwyer, Jr.

---

[2] Actually, "knowledge" by the Assistant Attorneys General may be irrelevant, since the knowledge of Attorney General Foti should be imputed to each of them.