## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE, | * | |
| *Xavier Univ. of La.*, No. 06-0516 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |

### DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF

Prior to the Fifth Circuit's decision in In re Katrina Canal Breaches Litig., __ F.3d __, 2007 WL 2200004 (5th Cir. Aug. 2, 2007), Plaintiff Xavier University of Louisiana ("Xavier") filed this motion for partial summary judgment purportedly seeking a ruling that Travelers "bears the burden of proving the applicability of any exclusion in the 'all risks' policy of insurance issued by Travelers to Xavier." (Motion, Rec. Doc. 5847, at 1.)  The relief that Xavier was really seeking, however, was a ruling that Travelers had the burden of proving the extent to which the cause of the levee breaches on the 17th Street and London Avenue canals was "natural" as opposed to "man-made."  This argument was buried in the following footnote in Xavier's memorandum of law:

> [I]n accordance with this Court's prior ruling on the "flood exclusion," Xavier can establish coverage by introducing the policy and demonstrating that the water damage was a fortuitous event. Travelers will then bear the burden of proving that the water damage to Xavier's property was caused by a natural event, not the acts of man.

(Xavier Memo., Rec. Doc. 5847-2, at 5 n.15.)

Xavier's motion should be denied because: (1) this motion is not a proper motion for summary judgment because it only seeks an advisory ruling that would not dispose of any claim or portion thereof; (2) the gravamen of Xavier's motion is now moot because, under the Fifth Circuit decision, there is no need to determine the cause of the levee breaches; and (3) there is no dispute that Travelers bears the burden of proving that there was damage to Xavier's buildings caused by flood.

## I.      Xavier's Motion Is Not A Proper Motion For Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure does not authorize a district court to provide an advisory ruling on any legal issue that may arise in a case. The rule provides, in pertinent part, that "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. P. 56(a). Xavier's motion does not seek summary judgment on any claim, counterclaim or cross-claim or any part of a claim, counterclaim or cross-claim. Instead, it seeks an advisory ruling with respect to the burden of proof. Such a matter is not appropriate for summary judgment and is more appropriately raised in a proposed jury instruction or proposed conclusion of law at a bench trial. See Wade v. Life Ins. Co. of N. Am., 245 F. Supp. 2d 182, 188 (D. Me. 2003) (holding that motion for partial summary judgment was improper where it "represents nothing more than a request for an advisory opinion"); T.J. Baker, Inc. v. Aetna Cas. & Sur., 1988 WL 147638, at *3

(D.N.J. Aug. 16, 1988) (holding that court lacked power to issue an "advisory opinion" on a motion for partial summary judgment where the requested ruling would not "dispose of any claim or any part of any claim").

## II.    The Gravamen Of Xavier's Motion Is Moot In View Of The Fifth Circuit Decision

When it filed this motion, Xavier was seeking to place the burden of proof on Travelers to establish that the levee breaches on the 17th Street and London Avenue Canals were "caused by a natural event, not the acts of man." (Xavier Memo., at 5 n.15.) Xavier undoubtedly recognized that this Court had held, in its opinion on the flood exclusion, that "the Water Damage Exclusion as found in Xavier's Travelers policy is ambiguous and as such affords Xavier coverage for damages sought provided that Xavier can prove that the flooding it experienced was caused by the negligence of man." In re Katrina Canal Breaches Consol. Litig., 466 F. Supp. 2d 729, 767 (E.D. La. 2006), vacated, 2007 WL 2200004 (5th Cir. Aug. 2, 2007) (emphasis added).  In essence, Xavier was seeking reconsideration of that part of this Court's ruling, long after the deadline for a motion for reconsideration had expired.

The Fifth Circuit has now held that there is no coverage under Travelers' policy for the water damage resulting from the levee breaches, regardless of whether Xavier can prove that the levees were negligently designed, constructed or maintained:

> [E]ven if the plaintiffs can prove that the levees were negligently designed, constructed, or maintained and that the breaches were due to this negligence, the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery. Regardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property. This event was excluded from coverage under the plaintiffs' insurance policies, and under Louisiana law, we are bound to enforce the unambiguous terms of their insurance contracts as written. Accordingly, we conclude that the plaintiffs are not entitled to recover under their policies.

Katrina Canal Breaches, 2007 WL 2200004, at *1.

Based on the Fifth Circuit's decision in this case, neither Xavier nor Travelers needs to prove what caused the levees to break. To the extent that this motion sought a ruling that Travelers had that burden, the motion is moot.

**III.    There Is No Dispute That Travelers Has The Burden Of Proving That There Was Damage To Xavier's Buildings Caused By Flood**

Travelers does not dispute that it has the burden of proving, by a preponderance of the evidence, that there was damage to Xavier's buildings caused by flood. As Judge Vance and Judge Berrigan have recently noted, "[u]nder an open peril policy, if the insureds meet their threshold burden of proving an accidental direct physical loss to the insured property, then the burden shifts to the insurer to prove the applicability of any asserted exclusion by a preponderance of the evidence." Broussard v. State Farm Fire & Cas. Co., 2007 WL 2264525, at *2 (E.D. La. Aug. 2, 2007) (Vance, J.) (quoting Ferguson v. State Farm Fire & Cas. Co., 2007 WL 1378507, at *1 (E.D. La. May 9, 2007) (Berrigan, J.)). The insured, however, must "prove the amount of their claim for covered damages" and "where a covered and noncovered peril may have contributed to plaintiffs' loss, plaintiffs are required to prove the amount of segregable damage caused by the covered peril." Broussard, at *3. See also Wellmeyer v. Allstate Ins. Co., 2007 WL 1235042, at *3 (E.D. La. Apr. 26, 2007) (Feldman, J.) (concluding that if plaintiffs "can demonstrate that segregable wind damage caused uncompensated damage, they will be entitled to some undetermined compensation"); 12 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 175:9 (3d ed.) ("It is the insured's burden to produce evidence that would afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by the covered peril and that by the excluded peril.").

## CONCLUSION

For all of the foregoing reasons, Xavier's motion for partial summary judgment regarding burden of proof should be denied.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8255
Facsimile:    (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.