UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, *Xavier Univ. of La.*, No. 06-0516 | * * * | MAGISTRATE JUDGE WILKINSON |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF**

Pursuant to Local Civil Rule 56.2, Defendant Travelers Property Casualty Company of America ("Travelers") submits the following response to Plaintiffs' Statement of Uncontested Material Facts in Support of its Motion for Partial Summary Judgment Regarding Burden of Proof.

1. Xavier procured from Travelers a policy bearing number Y-630-528d9763-TIL-04 ('the Policy").

**RESPONSE:** Not disputed.

2. The Policy contained a Deluxe Property Coverage Form that provided "all risk" coverage "for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."

**RESPONSE:** Disputed. Travelers does not dispute that the Policy covers "direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss," subject to all of the terms, conditions, limitations and exclusions in the Policy. Travelers disputes Xavier's assertion that the policy provided "all risks" coverage. The Policy does not contain the words "all risks."

3. Travelers' corporate representative, Richard Greubel, has admitted that the Policy was an "all risks" policy meaning that is covered all risks of fortuitous losses unless otherwise excluded. *See* January 29, 2007 Deposition of Richard Greubel at 40, lines 5-18, attached as Exhibit A to the Memorandum in Support hereof.

**RESPONSE:** Not disputed that the Policy covers risks of direct physical loss that are not excluded. Travelers disputes Xavier's assertion that the policy provided "all risks" coverage. The Policy does not contain the words "all risks."

4. Hurricane Katrina struck the City of New Orleans on August 29, 2005 causing substantial damage to Xavier's campus.

**RESPONSE:** Not disputed.

5. Xavier made demand on Travelers to adjust its losses arising out of Hurricane Katrina.

221412-1

2

**RESPONSE:** Not disputed.

### COUNTERSTATEMENT OF MATERIAL FACTS IN DISPUTE

Xavier's motion is not a proper motion for summary judgment, and is moot for the reasons set forth in Travelers' memorandum of law in opposition to this motion. If the Court determines that there is a disputed legal issue with respect to the burden of proof that is appropriate for resolution on this motion, Travelers does not believe that there are any material facts in dispute pertinent to the burden of proof.

             Respectfully submitted,

             <u>s/Simeon B. Reimonenq, Jr.</u>
             SIMEON B. REIMONENQ, JR., T.A., #19755
             RALPH S. HUBBARD III, #7040
             LUGENBUHL, WHEATON, PECK,
             RANKIN & HUBBARD
             601 Poydras Street, Suite 2775
             New Orleans, LA 70130
             Telephone: (504) 568-1990
             Facsimile: (504) 310-9195

             Stephen E. Goldman (pro hac vice)
             Christopher J. Hug (pro hac vice)
             Wystan M. Ackerman (pro hac vice)
             ROBINSON & COLE LLP
             280 Trumbull Street
             Hartford, Connecticut 06103-3597
             Telephone: (860) 275-8255
             Facsimile: (860) 275-8299

             Attorneys for Travelers Property
             Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.<br>
SIMEON B. REIMONENQ, JR.

221412-1