UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, *Xavier Univ. of La.*, No. 06-0516 | * * * | MAGISTRATE JUDGE WILKINSON |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COLLATERAL SOURCE**

Pursuant to Local Civil Rule 56.2, Defendant Travelers Property Casualty Company of America ("Travelers") submits the following response to Plaintiffs' Statement of Uncontested Material Facts in Support of its Motion for Partial Summary Judgment Regarding Collateral Source.

1.   Xavier procured from Travelers a policy bearing number Y-630-528d9763-TIL-04 ('the Policy").

**RESPONSE:** Not disputed.

2. The Policy contained a Deluxe Property Coverage Form that provided "all risk" coverage "for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."

**RESPONSE:** Disputed, and not material to the issues presented by this motion. Travelers does not dispute that the Policy covers "direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss," subject to all of the terms, conditions, limitations and exclusions in the Policy. Travelers disputes Xavier's assertion that the policy provided "all risks" coverage. The Policy does not contain the words "all risks."

3. Hurricane Katrina struck the City of New Orleans on August 29, 2005, causing substantial damage to Xavier's campus.

**RESPONSE:** Not disputed.

4. Xavier made demand on Travelers to adjust its losses arising out of Hurricane Katrina.

**RESPONSE:** Not disputed.

5. At the time of Hurricane Katrina, Xavier was also covered by certain policies of insurance issued by American Bankers Insurance Company through the National Flood Insurance Program.

**RESPONSE:** Not disputed for purposes of this motion, although the letter in which Xavier made this disclosure to Travelers is hearsay and Xavier has not yet produced documents concerning its flood insurance (despite being ordered to do so by Magistrate Judge Wilkinson),

so Travelers is unable to confirm the accuracy of Xavier's representation concerning the nature of the coverage.

6. In a September 21, 2005 memorandum, an official at the Federal Emergency Management Agency, which administers the National Flood Insurance Program, set forth expedited claims handling processes to address "unprecedented" losses as a result of Hurricane Katrina.

**RESPONSE:** Not disputed, but not material to resolution of this motion.

## COUNTERSTATEMENT OF MATERIAL FACTS IN DISPUTE

This motion is moot for the reasons set forth in Travelers' memorandum of law. If the Court determines that the motion is not moot, Travelers does not believe that there are any material facts in dispute pertinent to the resolution of this motion.

Respectfully submitted,

s/Simeon B. Reimoneng, Jr.
SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

221417-1

3

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:  (860) 275-8255
Facsimile:  (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.