UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PETER AND MARIE ULI | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| | | Applies to CIVIL ACTION NO.:  07-3569 |
| | * | |
| VERSUS | * | JUDGE:  DUVAL |
| | * | |
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY | * | MAGISTRATE:  WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

Defendant, Liberty Mutual Fire Insurance Company, improperly named as Liberty Mutual Insurance Company ("Liberty Mutual"), responds to and answers Plaintiffs' First Supplemental and Amended Complaint as follows:

**A.**

## AFFIRMATIVE DEFENSES

I.

Plaintiffs have not and cannot state a claim under Louisiana Revised Statutes §§ 22:667 or 22:695.

II.

Plaintiffs have been fully compensated for all covered losses under their homeowner's policy.

92444

III.

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate.

IV.

Plaintiffs' claims are barred, in whole or in part, because their policy specifically excludes coverage for loss, *inter alia*, caused by water damage, meaning, "flood, surface water, waves, tidal water, overflow of body of water, or spray from any of these, whether or not driven by wind."

V.

Plaintiffs' claims are barred, in whole or in part, because their policy specifically excludes coverage for loss, *inter alia*, caused by weather conditions [that] "contribute in any way with a cause or event excluded" to produce a loss.

VI.

Plaintiffs' claims are barred, in whole or in part, because their policy specifically excludes coverage for loss caused, *inter alia*, by faulty, inadequate, or defective planning, construction or maintenance of property "whether on or off the residence premises."

VII.

If plaintiffs suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not Liberty Mutual, for which Liberty Mutual is not liable.

92444

VIII.

Plaintiff's claims, or some of them, are preempted or barred, in whole or in part, by the National Flood Insurance Program (42 U.S.C. § 4001).

IX.

Plaintiffs' claims are barred, in whole or in part, by other provisions, terms, conditions and/or exclusions contained in their Liberty Mutual policy.

X.

Liberty Mutual adopts all terms, conditions, exclusions, and endorsements of its homeowner's policy issued to the plaintiffs as a defense to the plaintiffs' claims.

XI.

Plaintiffs' claims may be barred under the doctrine of estoppel and/or waiver.

XII.

Plaintiffs' original Petition and their First Supplemental and Amended Complaint fail to set forth any claim upon which relief may be granted by this Honorable Court.

XIII.

Liberty Mutual states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to Plaintiffs' First Supplemental and Amended Complaint.

92444

**B.**

**<u>ANSWER</u>**

**AND NOW**, responding to the specific allegations of Plaintiffs' First Supplemental and Amended Complaint, Liberty Mutual further states the following:

1.

Liberty Mutual adopts and incorporates by reference all of its responses and affirmative defenses to the allegations of Paragraphs I-XIX and the prayer for relief contained in Plaintiffs' original state-court Petition, as if copied herein verbatim and *in extenso*.

2.

Liberty Mutual denies the allegations of Paragraph 2, which adds Paragraph XX to Plaintiffs' original Petition, for lack of information sufficient to justify a belief therein.

3.

Liberty Mutual denies the allegations of Paragraph 3, which adds Paragraph XXI to Plaintiffs' original Petition, for lack of information sufficient to justify a belief therein.

4.

Liberty Mutual denies the allegations of Paragraph 4, which adds Paragraph XXII to Plaintiffs' original Petition.

92444

5.

Liberty Mutual denies the allegations of Paragraph 5, which adds Paragraph XXIII to Plaintiffs' original Petition.

6.

Liberty Mutual denies the allegations of Paragraph 6, which adds Paragraph XXIV to Plaintiffs' original Petition.

7.

Liberty Mutual denies the allegations of Paragraph 7, which adds Paragraph XXV to Plaintiffs' original Petition.

8.

Liberty Mutual denies the allegations of Paragraph 8, which adds Paragraph XXVI to Plaintiffs' original Petition, except to state that the policy itself is the best evidence of its own terms.

9.

Liberty Mutual denies the allegations of Paragraph 9, which adds Paragraph XXVII to Plaintiffs' original Petition, except to state that the policy itself is the best evidence of its own terms.

10.

Liberty Mutual denies the allegations of Paragraph 10, which adds Paragraph XXVIII to Plaintiffs' original Petition.  Further, Liberty Mutual states that Plaintiffs have been fully compensated for all covered losses under their homeowner's policy.

92444

11.

The allegations of Paragraph 11, which adds Paragraph XXIX to Plaintiffs' original Petition, requests a trial by jury and does not require a response. Otherwise, Liberty Mutual denies the allegations of this Paragraph.

Liberty Mutual further denies the allegations in the Paragraph entitled "WHEREFORE"; Plaintiffs are not entitled to the relief sought.

**WHEREFORE**, Defendant, Liberty Mutual Fire Insurance Company, prays that its Answer and Affirmative Defenses to Plaintiffs' First Supplemental and Amended Complaint be deemed good and sufficient, and that after due proceedings, this Court render judgment in its favor, with all costs and fees assessed against the plaintiffs.

Respectfully submitted:

_____

H. Minor Pipes, III, 24603
Bonita Y. Hawkins, 26943
        Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
LL&E Tower, Suite 1800
909 Poydras Street
New Orleans, Louisiana 70112
Telephone (504) 589-9700

Attorneys for Liberty Mutual Fire Insurance
Company

6

92444

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Affirmative Defenses to Plaintiffs' First Supplemental and Amended Complaint has been served *via* the Court's electronic filing system, this 11th day of September, 2007, upon:

Roy F. Amedee, Jr.
Law Offices of Roy F. Amedee, Jr.
228 St. Charles Ave.
Suite 801
New Orleans, LA 70130
504-592-3222
ramedeejr@aol.com

William Peter Connick
Connick & Connick, LLC
2551 Metairie Rd.
Metairie, LA 70001
(504) 838-8777
504.838.9903 (fax)
pconnick@connicklaw.com
Patrick G. Kehoe, Jr.
Patrick G. Kehoe, Jr., APLC
833 Baronne St.
New Orleans, LA 70113
504-588-1110
504-588-1954 (fax)
pgkehoejr@kehoejr.com
Brent A. Klibert
Brent A. Klibert, Attorney at Law
228 St. Charles Ave.
Suite 801
New Orleans, LA 70130
504-592-3222
brent@klibertlaw.com

Allan Berger
Allan Berger & Associates, PLC
4173 Canal St.
New Orleans, LA 70119
(504) 486-9481
aberger@allan-berger.com

Andrea S. Lestelle
Lestelle & Lestelle
3421 N. Causeway Blvd.
Suite 602
Metairie, LA 70002-3726
(504) 828-1224
alestelle@lestellelaw.com

Terrence Jude Lestelle
Lestelle & Lestelle
3421 N. Causeway Blvd.
Suite 602
Metairie, LA 70002-3726
(504) 828-1224
lestelle@lestellelaw.com

Brian D. Page
Robichaux Law Firm
6305 Elysian Fields Ave.
Suite 304
P. O. Box 792500
New Orleans, LA 70122
504-286-2022
brian@robichauxlaw.com

92444

John Van Robichaux, Jr.                    Jeffery Bryan Struckhoff
Robichaux Law Firm                         Lestelle & Lestelle
6305 Elysian Fields Ave.                   3421 N. Causeway Blvd.
Suite 304                                  Suite 602
P. O. Box 792500                           Metairie, LA 70002-3726
New Orleans, LA 70122                      504-828-1224
985-809-0620                               struckhoff@lestellelaw.com
info@robichauxlaw.com


_____
                BONITA Y. HAWKINS

92444