UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, | * | |
| *Xavier Univ. of La.*, No. 06-0516 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING RETROACTIVITY OF ACT 813**

Pursuant to Local Civil Rule 56.2, Defendant Travelers Property Casualty Company of America ("Travelers") submits the following response to Plaintiffs' Statement of Uncontested Material Facts in Support of its Motion for Partial Summary Judgment Regarding Retroactivity of Act 813.

1. Xavier procured from Travelers a policy bearing number Y-630-528d9763-TIL-04 ("the Policy").

**RESPONSE:** Not disputed.

2. The Policy contained a Deluxe Property Coverage Form that provided "all risks" coverage "for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."

**RESPONSE:** Disputed, and not material to the issues presented by this motion. Travelers does not dispute that the Policy covers "direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss," subject to all of the terms, conditions, limitations and exclusions in the Policy. Travelers disputes Xavier's assertion that the policy provided "all risks" coverage. The Policy does not contain the words "all risks."

3. Hurricane Katrina struck the City of New Orleans on August 29, 2005, causing substantial damage to Xavier's campus.

**RESPONSE:** Not disputed.

4. Xavier made demand on Travelers to adjust its losses arising out of Hurricane Katrina.

**RESPONSE:** Not disputed.

5. In a resolution passed by the Louisiana Legislature in 2005, the House of Representatives declared that displaced residents "cannot begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of homeowners' insurance policies and stalling or refusing to pay claims."

**RESPONSE:** Travelers does not dispute that the language quoted was contained in the resolution cited by Xavier, but the resolution was simply a hortatory resolution with no legal effect and is immaterial to the issues presented by Xavier's motion for partial summary

221408-1

2

judgment. Travelers disputes the accuracy of the legislature's assertion and further notes that this case does not involve homeowners' insurance.

6. The Louisiana Legislature further found that "this delay and refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process."

**RESPONSE:** Travelers does not dispute that the language quoted was contained in the resolution cited by Xavier, but the resolution was simply a hortatory resolution with no legal effect and is immaterial to the issues presented by Xavier's motion for partial summary judgment. Travelers disputes the accuracy of the legislature's assertion and further notes that the legislature appeared to be referring to homeowners' insurance, and this case does not involve homeowners' insurance.

7. In the May 31, 2006 meeting minutes for the House Committee on Insurance, Senator Edwin Murray, who sponsored Act 813, stated that he "had several constituents complain about their insurance companies."

**RESPONSE:** Travelers does not dispute that the language quoted was contained in the minutes cited by Xavier. The comment of Senator Murray, however, is immaterial to the issues presented by Xavier's motion for partial summary judgment.

8. Senator Murray declared that the "penalties were not enough to encourage these insurers to be more timely in getting adjusters to these people's home so that these claims can be settled."

**RESPONSE:** Travelers does not dispute that the language quoted was contained in the minutes cited by Xavier, except for a typographical error. The comment of Senator Murray, however, is immaterial to the issues presented by Xavier's motion for partial summary judgment.

9. In arguing in support of an attorneys' fees provision, Senator Murray stated that it would be wrong to force insureds who have "to deal with costs associated with a disaster" to "pay for an attorney in order to get their claims settled."

**RESPONSE:** Travelers does not dispute that the language quoted was contained in the minutes cited by Xavier. The comment of Senator Murray, however, is immaterial to the issues presented by Xavier's motion for partial summary judgment.

10. Despite receiving sufficient proof of loss from Xavier, Travelers failed to pay what it owed under the policy.

**RESPONSE:** Disputed. Travelers disputes that it received sufficient proof of loss from Xavier with respect to all amounts claimed, or that it failed to pay what was owed under the policy on a timely basis. (See Travelers' Answer; Affidavit of George Claypool, submitted herewith.) This paragraph of Xavier's Statement of Facts is in violation of the Local Rules in that it does not contain any citation to admissible evidence in support of it.

11. On February 2, 2006, Xavier filed its Complaint, asserting, *inter alia*, that Xavier was entitled to penalties under Louisiana Revised Statute §22:658.

**RESPONSE:** Not disputed.

12. Xavier's response to Travelers' discovery requests were sent to counsel for Xavier on September 6-7, 2006.

**RESPONSE:** Not disputed that Xavier's response to Travelers' discovery requests was sent to counsel for Travelers on or about September 6-7, 2006.

13. In pertinent part, these responses demonstrate that Xavier voluntarily provided to Travelers full access to more that 20 large binders containing damages support documents that fill three file drawers.

**RESPONSE:** Not disputed that Xavier provided a large quantity of documents that it contended supported its damages claim. Xavier, however, also improperly withheld critical documents pertaining to its damages claim. See Affidavit of George Claypool, ¶¶ 3-9.

14. In addition, Xavier provided Travelers with damage support documents Bates Labeled XAVIER000001 THROUGH XAVIER001993.

**RESPONSE:** Not disputed that Xavier provided to Travelers documents labeled with the Bates numbers referenced.

15. Subsequent to its initial document production, Xavier has continued to provide Xavier with information relative to its claim. The chart below reflects the dates on which various documents were produced to Travelers:

| | |
|---|---|
| September 11, 2006 | XAVIER001994 |
| October 3, 2006 | XAVIER001995 thru XAVIER002195 |
| November 7, 2006 | XAVIER002196 thru XAVIER002346 |

221408-1

5

February 5, 2007          XAVIER002347 thru XAVIER003827

April 13, 2007            XAVIER003828 thru XAVIER004128

May 1, 2007               XAVIER004129 thru XAVIER006007

**RESPONSE:** Not disputed that Xavier provided to Travelers documents labeled with the Bates numbers referenced on or about the dates referenced.

## COUNTERSTATEMENT OF MATERIAL FACTS IN DISPUTE

1.   If the Court concludes that Xavier is not bound by its allegation in the Complaint that it provided "satisfactory proofs of loss" prior to February 2, 2006, and if the Court concludes that La. Rev. Stat. § 22:658 applies to post-litigation conduct, and concludes that Xavier could potentially have waited until after July 15, 2006 to provide "satisfactory proofs of loss" without being in violation of its duties under the Policy, there is a dispute of material facts as to the point in time at which Xavier provided "satisfactory proofs of loss" to Travelers within the meaning of Section 22:658. See Affidavit of George Claypool, ¶¶ 3-9.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR., T.A. #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8255
Facsimile:    (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.
