UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | NO. 05-4182 |
| * | | |
| PERTAINS TO: * | | SECTION "K" MAG "2" |
| INSURANCE (XAVIER UNIVERSITY * | | JUDGE DUVAL |
| OF LOUISIANA V. TRAVELERS * | | MAGISTRATE WILKINSON |
| CASUALTY PROPERTY COMPANY * | | |
| OF AMERICA NO. 06-516) * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF AMICI CURIAE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF

**MAY IT PLEASE THE COURT:**

This memorandum is submitted by the undersigned insurance companies, all of whom are defendants in various cases pending before this Court as part of *In re Katrina Canal Breaches Consolidated Litigation*, as *amici curiae*, in opposition to Plaintiff's Motion for Partial Summary Judgment Regarding Burden of Proof.

INTRODUCTION

Plaintiff presents its motion as seeking a determination by the Court that, under Louisiana law, an insurer has the burden of proving the applicability of an insurance policy exclusion. *See* Pl. Mem. at 2, 3. That basic proposition is not in dispute. However, Plaintiff further contends that an insurer's burden to prove the application of an exclusion includes the burden of segregating excluded flood damage from damage (if any) caused by covered perils and that the

1

insurer is required to "establish . . . what portion of the total loss is attributable to flood damage and is therefore outside the policy coverage." Pl. Mem. at 4.  That contention is without merit.

Indeed, Plaintiff's contention that the insurer bears the burden of segregating damages between covered and excluded perils is contrary to the overwhelming weight of authority, including recent decisions from the Eastern District of Louisiana, which establish that, where both covered and excluded perils cause damage to property, it is ultimately the burden of the plaintiff-policyholder to segregate covered and excluded damage.  *See*, *e.g.*, *Broussard v. State Farm Fire & Cas. Co.*, Civil Action No. 06-8084, 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007) (Vance, J.) ("where a covered and a noncovered peril may have contributed to plaintiffs' loss, plaintiffs are required to prove the amount of segregable damage caused by the covered peril"); *Wellmeyer v. Allstate Ins. Co.*, No. 06-1585, 2007 WL 1235042, at *2 (E.D. La. Apr. 26, 2007) (Feldman, J.) (insureds can collect under their homeowner's policy for wind damage even where flood also caused damage to the property "if *they* can segregate and prove the two types of damages) (emphasis added); *see also* 12 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 175:9 (3d ed. 2006) (where the insured's loss "is the result of two or more causes or risks, some of which are not covered," the burden is on the insured "to produce evidence that would afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by the covered peril and that by the excluded peril").

In addition, *Amici* provide coverage under their homeowners' policies for personal property on a named or specified peril basis.  To make out a prima facie case under such "named peril" coverage, an insured has the burden of establishing that damage to personal property was caused by a covered peril, *e.g.*, wind, and the extent of that damage.  *See Broussard*, 2007 WL

2264535, at * 2-3.  Only when an insured has met this threshold burden of proof, does the burden shift to the insurer to show the applicability of any asserted exclusion.  *Id.*

Accordingly, for the reasons discussed below, Plaintiff's motion should be denied.

ARGUMENT

I.   TO RECOVER FOR DAMAGE UNDER "OPEN PERIL" COVERAGE, THE INSURED HAS THE BURDEN OF SEGREGATING COVERED AND EXCLUDED DAMAGES

Under the "open peril" coverage provided by Plaintiff's Travelers policy and applicable to dwellings under the homeowners policies issued by *Amici*, if an insured meets his or her threshold burden of presenting evidence from which the jury may find an accidental direct physical loss to the insured property, the burden shifts to the carrier to present evidence on the applicability of any exclusion asserted as an affirmative defense, in these cases, the water damage exclusion.[1]  *See Cent. Louisiana Elec. Co. v. Westinghouse Elec. Corp.*, 579 So. 2d 981, 986 n.11 (La. 1991) ("In an action on an insurance policy, the insured has the burden of proving facts which bring his claim within the coverage of the policy."); *cf. Davidson v. United Fire & Cas. Co.*, 576 So. 2d 586, 590 (La. Ct. App. 4th Cir. 1991) (plaintiff failed to meet burden of proving damage occurred during policy term).

However, once the insurer presents evidence that the insured's loss was caused by an excluded peril, the burden then "shifts back" to the insured to show either that the loss does not fall within the exclusion or, alternatively, to segregate the amount of covered losses from

---

[1] *See U.S. Indus., Inc. v. Aetna Cas. & Sur. Co.*, 690 F.2d 459, 463 (5th Cir. 1982).  Notably, however, although insurer has burden of establishing an exclusion, "where [plaintiff's] own evidence . . . proved the conditions for exclusion of coverage, [the insurer] [i]s not required to present further evidence after the plaintiff rested."  *Id.* (affirming directed verdict for insurer).  In these cases, Plaintiffs' own allegations regarding the damage caused by levee breach flooding, which the Fifth Circuit has now held to be an excluded peril, establish the applicability of the water damage exclusion.

excluded losses. *See Jones v Estate of Santiago*, 03-1424, pp. 13-14 (La. 4/14/04), 870 So. 2d 1002, 1010-11 (after insurer made prima facie showing that intentional act exclusion barred coverage under liability policy, "the burden shifted to the plaintiff to present evidence demonstrating that there remained a material issue of fact as to the issue of whether the shooting was accidental such that the exclusion did not apply"); *Swindle v. Maryland Cas. Co.*, 251 So. 2d 787, 791 (La. Ct. App. 1st Cir. 1971) (per curiam, on rehearing) ("[T]he evidence adduced by [the insurer] was sufficient to maintain its affirmative defense of arson.  Once the evidence was sufficient to do so then it was incumbent upon [the insured] to rebut such evidence."); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 949 n.7 (S.D. Tex. 2005) ("Once the insurer demonstrates that an exclusion arguably applies, the burden then shifts back to the insured to show that the claim does not fall within the exclusion or that it comes within an exception to the exclusion.").[2]

These principles also govern the parties' respective burdens of proof with regard to the water damage exclusion in Hurricane Katrina cases, such as those at bar.  Thus, for example, in *Wellmeyer v. Allstate Ins. Co.*, the court held that insureds can collect under their homeowners policy for wind damage even where flood also caused damage to the property "if they can segregate and prove the two types of damages."  *See Wellmeyer*, No. 06-1585, 2007 WL 1235042, at *2 (E.D. La. Apr. 26, 2007) (Feldman, J.); *see also id.* at *3 ("[I]f the [plaintiffs] can

---

[2] The burden shifting rule applied in *Royal Surplus* is routinely applied in cases dealing with exceptions to exclusions.  *See, e.g., United States Fid. & Guar. Co. v. B&B Oil Well Serv., Inc.*, 910 F. Supp. 1172, 1181 (S.D. Miss. 1995) (recognizing that "most courts have held that the burden is on the insured to prove" the applicability of an exception to an exclusion); *accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1020 (6th Cir. 1995).  Among the rationales offered for the rule are that the insured has the burden of proving its entitlement to coverage and that placing the burden on the insured "absolves the insurer from bearing the difficult burden of proving the negative." *Highlands Ins. Co. v. Aerovox Inc.*, 676 N.E.2d 801, 805 (Mass. 1997).  Notably, this burden applies even when the policy is written on an open peril basis.  *See Harbor House Condo. Ass'n v. Massachusetts Bay Ins. Co.*, 915 F.2d 316, 318-19 (7th Cir. 1990).

demonstrate that segregable wind damage caused uncompensated damage, they will be entitled to some undetermined compensation."). Likewise, in *Broussard v. State Farm Fire & Cas. Co.*, the court held that "where a covered and a noncovered peril may have contributed to plaintiffs' loss, *plaintiffs* are required to prove the amount of segregable damage caused by the covered peril." *Broussard*, Civil Action No. 06-8084, 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007) (Vance, J.) (emphasis added); *see also Boudoin v. State Farm Ins. Cos.*, No. 06-1656, 2007 WL 2066853, at *4 (W.D. La. July 13, 2007) (Melancon, J.) ("In the event *plaintiffs* can establish that they sustained wind damage which was covered under their Homeowner's Policy not covered or paid under their Flood Policy . . . they would be entitled to additional indemnity.") (emphasis added).

Allocating to plaintiffs the burden of proof with respect to segregating covered and excluded damages is in accord with controlling Louisiana jurisprudence that in any suit for damages, including a suit for damages against an insurance carrier, "[i]t is plaintiff's burden to prove with legal certainty every item of the damages claimed." *Hargroder v. Protective Life Ins. Co.*, 556 So. 2d 991, 997 (La. Ct. App. 3d Cir. 1990); *accord Gonzales v. Bordelon*, 595 So. 2d 761, 764 (La. Ct. App. 4th Cir. 1992); *see also Broussard*, 2007 WL 2264535, at *3 (observing that because plaintiffs have the burden of establishing their damages, they also have the burden of segregating damages between covered and noncovered perils). Thus, requiring an insured to segregate damages between covered and noncovered perils rests on "the basic principle that insureds are entitled to recover only that which is covered under their policy; that for which they paid premiums." *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999).[3]

---

[3] Shifting the burden to apportion wind and water damage to the insured is also consistent with the general rule that, once a defendant establishes an affirmative defense, the plaintiff must refute that defense or the defendant will prevail. *See, e.g., Joubert v. Travelers Indem. Co.*, 736 F.2d 191, 193-94
*(cont'd)*

5

The rule that the Plaintiff bears the burden of segregating damages between covered and noncovered perils is also supported by the leading insurance treatise, which states:

> Where the harm sustained by the insured is the result of two or more causes or risks, some of which are not covered, it is of course manifest that the insurer is only liable for so much of the total harm as was caused by the risk covered by the policy . . . .
>
> It is the insured's burden to produce evidence that would afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by the covered peril and that by the excluded peril.

12 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 175:9 (3d ed. 2006); *see also id.* at vol. 17A, § 254:75 ("insureds whose losses are only partially reimbursable by the insurer" have been deemed to have the burden of "[s]egregating damages to the insured building from a covered peril from those caused by a noncovered peril").

The Fifth Circuit and other courts have also repeatedly recognized the principle that "[b]ecause the insured may only recover for damage caused by covered perils, the insured bears the burden of presenting evidence that will allow the trier of fact to segregate covered losses from non-covered losses." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (applying Texas law); *see also Harbor House Condo. Ass'n*, 915 F.2d at 318 ("It is not enough to show that a loss *may* have occurred. *Plaintiffs must prove the nature, extent or amount of their loss to a reasonable degree of certainty* before any award of damages can be made under the policy.") (second emphasis added); *Paulson v. Fire Ins. Exch.*, 393 S.W.2d 316, 319 (Tex. 1965) ("It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy."). Indeed, because allocation is central to the coverage claim, the

_____
*(cont'd from previous page)*
(5th Cir. 1984); *Pawlik v. State Farm Mut. Auto. Ins. Co.*, 302 F.2d 255, 256-57 (7th Cir. 1962); *Lusk v. Roberts*, 611 F. Supp. 564, 568-69 (M.D. La. 1985).

insured's "failure to segregate covered and noncovered perils is fatal to recovery." *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App. 2003); *accord Patrick Schaumburg Autos., Inc. v. Hanover Ins. Co.*, 452 F. Supp. 2d 857, 863, 868, 872-73 (N.D. Ill. 2006) (denying insured's motion for summary judgment even though it was "undisputed that [insured] suffered some covered loss," because insured failed to satisfy its "burden of proving the amount of the covered loss").

In other contexts also, the courts have recognized that once an insurer has made a prima facie showing that a policy exclusion applies, the burden shifts back to the plaintiff to rebut that showing in whole or in part. *See, e.g., First Specialty Ins. Corp. v. Flowers*, 644 S.E.2d 453, 455 & n.2 (Ga. Ct. App. 2007) (if the insurer meets its "burden of showing that a policy exclusion applies," "'the burden then shifts to the [insured] to come forward with other evidence creating a genuine issue of fact over whether the exclusion is applicable'") (citation omitted) (alteration in original); *A.B. Med. Servs., PLLC v. State Farm Mut. Auto. Ins. Co.*, 795 N.Y.S.2d 843, 847 (N.Y. Civ. Ct. 2005) (physical therapists seeking to recover payments for services to insureds injured in automobile collisions established prima facie case by proof of properly completed claim forms, thus shifting burden to insurer to produce evidence that accidents were staged; burden then shifted back to plaintiffs to "'rebut [that evidence] or succumb'") (citation omitted).

In short, Plaintiff's contention that the burden is upon the insurer to segregate damages between covered and noncovered perils is contrary to well-established law in Louisiana and other jurisdictions.[4]  Accordingly, the Court should deny Plaintiff's motion for partial summary judgment regarding the burden of proof.

---

[4] Plaintiff cites only a single decision placing that burden on the insurer.  That decision, *Broussard v. State Farm Fire & Cas. Co.*, Civ. A. No. 1:06CV6, 2007 WL 113942 (S.D. Miss. Jan. 17,
*(cont'd)*

II.     TO RECOVER FOR DAMAGE TO THEIR PERSONAL PROPERTY UNDER THE HOMEOWNERS POLICIES ISSUED BY *AMICI*, PLAINTIFFS MUST PROVE THAT THE CAUSE OF THEIR LOSS WAS A COVERED PERIL

In contrast to the "open peril" coverage discussed above, the homeowners policies issued by *Amici* provide coverage for personal property on a named or specified peril basis. "'Under a named peril policy, the plaintiffs are required to prove by a preponderance of the evidence that their personal property was lost or damaged due to a specified covered risk named in the policy.'" *Broussard*, 2007 WL 2264535, at *3 (quoting *Ferguson v. State Farm Ins. Co.*, No. 06-3936, 2007 WL 1378507, at *2 (E.D. La. May 9, 2007)). That burden is part of the insured's burden in an action on an insurance contract "to establish every fact essential to his cause of action and also to establish that his claim is within the policy coverage." *Collins v. New Orleans Pub. Serv., Inc.*, 234 So. 2d 270, 272 (La. Ct. App. 4th Cir. 1970)); *see also Constitution State Ins. Co. v. Werner Enters., Inc.*, Civ. A. Nos. 86-1624, 86-3053, 1987 WL 4978, at *1 (E.D. La. June 26, 1987) (under specified peril policy insuring against direct loss by windstorm, "the insured bears the burden of proof . . . that the loss or damage was the direct result of wind"). To satisfy this burden, Plaintiffs must prove both that their personal property was damaged as a result of the wind and the amount of damage caused by wind. *See Constitution State*, 1987 WL 4978, at *1. Only if a plaintiff satisfies this initial burden, does the burden "shift[] to the insurer to prove the applicability of any asserted exclusion." *Broussard*, 2007 WL 2264535, at *3; *Ferguson*, 2007 WL 1378507, at *2.

Plaintiffs cannot satisfy their threshold burden of establishing covered "windstorm" damage merely by showing that the contents of their house were damaged or destroyed as a

_____
*(cont'd from previous page)*
2007), was decided under Mississippi law and is now on appeal before the Fifth Circuit. The other cases cited by Plaintiff do not address segregation of damages between covered and noncovered perils.

result of Hurricane Katrina. Rather, Plaintiffs must show the extent of separate covered wind damage:

> If the cause of damage under a windstorm policy is not the direct result of wind alone, but caused by a combination of wind and water, then the insured bears the burden of proof and may not recover unless it proves that the damage can be separated and that the loss or damage was the direct result of wind.

*Constitution State*, 1987 WL 4978, at *1 (citing *Loyola Univ. v. Sun Underwriters Ins. Co.*, 93 F. Supp. 186, 190 (E.D. La. 1950) ("If the cause of the damage or destruction [was] not the direct result of the wind alone, but the damage or destruction [was] caused by a combination of wind and water, and the damage by either cannot be separated, then, there can be no recovery under the burden of proving the cause of the damage, and if [the insured] fails to make that proof, it cannot recover."), *aff'd*, 196 F.2d 169 (5th Cir. 1952)); *Mancuso v. U. S. Fid. & Guar. Co.*, 209 So. 2d 120, 123 (La. App. Ct. 4th Cir. 1968) (even though plaintiff's "proof of interior damages and repair was not controverted," plaintiff was nonetheless not entitled to coverage where he did not prove that "the roof was damaged by the hurricane and the water damage to the interior was caused by rain entering the building through the thus damaged roof").

## CONCLUSION

For all the reasons set forth above, *Amici* respectfully request that Plaintiffs' Motion for Partial Summary Judgment Regarding Burden of Proof be denied.

Respectfully submitted,

/s/ Ralph S. Hubbard

**RALPH S. HUBBARD, III, T.A., La. Bar #7040**
**Defendants' Liaison Counsel**
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990 ; Facsimile: (504 310-9195
E-Mail: rhubbard@lawla.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2007, a copy of the foregoing **MEMORANDUM OF AMICI CURIAE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF** was filed electronically with the Clerk of Court using the CM/ECF System. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system and/or U.S. mail.

/s/ Ralph S. Hubbard

**RALPH S. HUBBARD (La. Bar #7040)**