UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182**<br><br>**SECTION "K" MAG "2"** |
| **PERTAINS TO:**<br>**INSURANCE (XAVIER UNIVERSITY**<br>**OF LOUISIANA V. TRAVELERS**<br>**CASUALTY PROPERTY COMPANY**<br>**OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE**</u>
<u>**WILKINSON'S AUGUST 28, 2007 ORDER AND REASONS**</u>

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Memorandum in Support of its Appeal of Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons ("August 28 Order and Reasons"). The Order and Reasons granted, in part, Travelers' motion for reconsideration of Judge Wilkinson's prior ruling regarding a motion to compel filed by Travelers. The Order and Reasons also denied, in part, Xavier's motion to quash third party subpoenae duces tecum issued to FoxCor, Inc. ("FoxCor") and Landis Construction Company ("Landis").

For the following reasons, articulated more fully herein, Xavier submits that Magistrate Judge Wilkinson's rulings were clearly erroneous and/or contrary to law and should be overruled in accordance with Rule 72 of the Federal Rules of Civil Procedure:

- Magistrate Judge Wilkinson's July 12, 2007 Order and Reasons – his original ruling on Travelers' motion to compel – held that information provided to non-insurer sources was irrelevant and not discoverable;

- The Fifth Circuit's recent ruling concerning the ambiguity of the flood exclusion did not change this distinction;

- Magistrate Judge Wilkinson erroneously created a distinction between information provided to government entities and information provided to non-government entities as establishing the difference between what is relevant and what is not;

- As a matter of federal law, Travelers is not entitled to an offset or credit for any amounts received by Xavier from federal sources because its insurance recovery is already deducted from such amounts;

- Xavier, when providing information to FEMA, did not classify the cause of any of is damages, and FEMA made the determination regarding cause of loss and eligibility for funding;

- The documents provided to FEMA and other government-related entities is overly burdensome and duplicative of previous discovery responses;

- The Louisiana Fourth Circuit Court of Appeal, and possibly the Louisiana Supreme Court, will soon determine the state law's interpretation of the so-called "flood" exclusion, and such decision may constitute good grounds for this Court to

2

> reconsider the Fifth Circuit's decision. *Blair v. Sealift, Inc.*, 91 F.3d 755 (5th Cir. 1996); and

- Magistrate Judge Wilkinson erred when he failed to find that any pre-Katrina capital improvements at Xavier's campus are irrelevant because Travelers' policy obligates Travelers to pay Xavier replacement cost of its damages.

## I.    FACTS AND PROCEDURAL HISTORY

This Court is well aware of the factual background of the captioned litigation. Xavier has made demand on its property insurer, Travelers Property Casualty Company of America ("Travelers") to make it whole following the devastating damages caused by Hurricane Katrina. After failing to pay a single penny for nearly six months after the storm, Xavier initiated this litigation, and the parties have conducted discovery concerning Xavier's claims.

Travelers propounded requests for production of documents on Xavier as part of this process. Pertinent to this motion are Requests for Production No. 9 and 16 through 25, which request production of, *inter alia*, information pertaining to any claims for relief from governmental or quasi-governmental entities such as FEMA, HUD, the Small Business Administration, the Department of Education, and the Louisiana Recovery Authority. A copy of Travelers' Request for Production of documents is attached hereto as Exhibit 1. Travelers' requests for production also sought information pertaining to any private charitable gifts or donations received by Xavier following the hurricane.

Xavier objected to these requests for production asserting that the information sought was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. A copy of Xavier's objections to Travelers' Requests for Production of Documents are attached hereto as

Exhibit 2. Travelers challenged these objections, and, after the parties were unable to resolve their differences, Travelers filed a motion to compel production of this information from Xavier. On July 12, 2007, Magistrate Judge Wilkinson issued an Order and Reasons [Record Doc. No. 6428] granting in part and denying in part Travelers' motion. Pertinent to the present Appeal are Magistrate Judge Wilkinson's rulings denying Travelers' motion to compel production of information provided to governmental or quasi-governmental entities, as well as information provided to private, charitable donors.

Magistrate Judge Wilkinson recognized a distinction between Xavier's receipt of funds from insurance sources, whether Travelers or its NFIP insurer, and non-insurance sources, such as FEMA, HUD, or the Bush-Clinton Fund. Magistrate Judge Wilkinson explained the distinction:

> The fact that Xavier may be in a position to tap non-insurance proceeds to assist itself in a time of disaster has nothing to do with the claim in this case that Travelers failed to meet its contractual, insurance obligations to do so. Thus, unlike other insurance proceeds, Xavier's receipt of funds from other, non-insurance sources is completely irrelevant to Travelers' obligations under its contract of insurance with Xavier.

July 12 Order and Reasons at 6 (emphasis in original).

For these reasons, Travelers' motion to compel was denied. Travelers then moved Judge Wilkinson to reconsider his July 12 Order and Reasons asserting the same arguments that he had previously found unavailing. While the motion for reconsideration was pending, the United States Fifth Circuit rendered its opinion overruling this Court's ruling that the purported "flood" exclusion contained in Travelers' "all risks" policy of insurance issued to Xavier was ambiguous and afforded coverage to Xavier for ground water inundation at its campus. *See In re Katrina Canal Breaches Litigation*, 2007 WL 2200004 (No. 07-30119, 5th Cir. Aug. 2, 2007).

Travelers supplemented its motion for reconsideration contending that the Fifth Circuit's

4

decision constituted an intervening change in the law requiring reconsideration of Magistrate Judge Wilkinson's July 12 Order and Reasons. Travelers insisted that it was entitled to information reflecting the manner in which Xavier characterized its losses to applications to FEMA and other governmental and quasi-governmental entities.

After the Fifth Circuit declined to rehear the matter en banc or stay issuance of its mandate, Magistrate Judge Wilkinson rendered his August 28, 2007 Order and Reasons and granted, in part, reconsideration of his July 12 Order and Reasons. Magistrate Judge Wilkinson held that, upon consideration of the Fifth Circuit's ruling, "some reasonably producible that distinguishes between damage caused by flood and damage caused by other events that may be covered by the Travelers policy is now relevant." August 28 Order and Reasons at 4.

Abandoning the distinction between insurance-related sources of funds and non-insurer sources, Judge Wilkinson granted Travelers' motion for reconsideration as it pertained to Requests for Production Nos. 9 and 16 through 25, limiting the requests only to information provided to governmental or quasi-governmental entities. The Court denied Travelers' motion to the extent that it sought production of information provided to private charitable gifts or donations. Magistrate Judge Wilkinson further concluded that, even though Xavier may not have characterized the damages to FEMA, the information was still subject to discovery because it may provide evidence concerning the extent of Xavier's damages claim. Magistrate Judge Wilkinson offered no basis for his distinction between government-related entities and non-government entities.

The August 28 Order and Reasons also addressed a motion to quash brought by Xavier related to certain subpoenae duces tecum issued to FoxCor and Landis. Travelers issued identical, broadly worded subpoenae to Landis, Xavier's general contractor, and FoxCor, Xavier's construction

5

consultant. A copy of the subpoenae served on FoxCor and Landis are attached hereto as Exhibits 3 and 4, respectively.

Xavier moved to quash the subpoenae as it related to certain items of information requested by Travelers. In particular, Xavier moved to quash with respect to any information provided to FEMA or a quasi-government entity. Xavier further moved to quash the subpoenae to the extent they requested any information involving pre-Katrina information. Travelers opposed this motion.

In his August 28 Order and Reasons, Magistrate Judge Wilkinson granted in part and denied in part the motion to quash. Xavier was ordered to produce any information concerning Xavier's plans for capital improvements in the 18 months preceding Hurricane Katrina. He explained that such information may be relevant to the condition of the buildings damaged by the storm.

Finally, Judge Wilkinson denied the motion to quash regarding any documents related to claims submitted to FEMA. Under the same reasoning asserted in granting the motion for reconsideration, Magistrate Judge Wilkinson concluded that such documents may reveal whether particular damage was caused by water inundation or wind. Thus, he held such information was discoverable.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Xavier now appeals these rulings by Magistrate Judge Wilkinson. Xavier respectfully submits that Magistrate Judge Wilkinson's logic concerning information submitted to FEMA or other government or quasi-government agencies is clearly erroneous and/or contrary to law. Magistrate Judge Wilkinson failed to explain why information regarding private non-insurer sources of funding should be treated differently from information regarding government-related non-insurer sources of funding. As will be set forth below, Judge Wilkinson held on July 12 that such information was completely irrelevant

to Travelers' obligations to adjust Xavier's claim for damages. The Fifth Circuit's opinion does not effect that result, and Magistrate Judge Wilkinson fails to articulate any reason why the Fifth Circuit's decision makes some non-insurance documents relevant, while other non-insurance documents are irrelevant. This distinction is clearly erroneous and contrary to law.

Moreover, the Louisiana Fourth Circuit Court of Appeal, and possibly the Louisiana Supreme Court, will soon decide whether, under Louisiana law, the purported "flood" exclusion bars claims for water inundation in this case. Xavier submits that this Court should reserve ruling on the discoverability of government-related information until such time as the state courts have had their say on this important issue.

Further, Xavier submits that production of these documents would be unduly burdensome as the FEMA documents alone consist of many thousands of pages, many of which are the same repair cost related documents previously produced. To the extent such information is deemed discoverable, which is denied, Travelers should be required to narrow its requests to allow for a more efficient and less time consuming production.

Finally, Xavier appeals Magistrate Judge Wilkinson's order that Xavier should be ordered to produce any capital improvement plans for work planned in the 18 months preceding Hurricane Katrina. Travelers' policy requires it to pay Xavier for the replacement costs of its buildings. Travelers, through its adjusters, has had ample opportunity to inspect the damaged buildings and determine the condition of the buildings prior to Hurricane Katrina. The information sought by Travelers is wholly irrelevant to issue of coverage because the policy is a replacement cost policy, and Magistrate Judge Wilkinson's contrary conclusions were erroneous.

Thus, Xavier asks this Court to reverse Magistrate Judge Wilkinson's August 28, 2007 Order

and Reasons and deny Travelers' motion to compel to the extent it seeks information related to government-related sources of funds following the hurricane and, further, grant Xavier's motion to quash the Landis and FoxCor subpoenae to the extent that they seek information related to pre-hurricane capital improvement plans. Additional reasons supporting this relief are set forth below.

## II.    LAW AND ANALYSIS

### A.    LEGAL STANDARD UNDER RULE 72

Rule 72(a) of the Federal Rules of Civil Procedure provides that this Court may consider objections to a magistrate judge's ruling on non-dispositive matters and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### B.    MAGISTRATE JUDGE WILKINSON ERRONEOUSLY CONCLUDED THAT INFORMATION PROVIDED BY XAVIER TO GOVERNMENTAL OR QUASI-GOVERNMENTAL ENTITIES WAS DISCOVERABLE.

Xavier respectfully submits that Magistrate Judge Wilkinson erroneously held that information provided by Xavier to governmental and non-governmental entities, such as FEMA and HUD is relevant to discovery. The recent ruling by the United States Fifth Circuit Court of Appeals did not make such documents relevant. Magistrate Judge Wilkinson correctly noted in his July 12 Order and Reasons that documents provided to non-insurance entities were wholly irrelevant to a determination of Travelers' obligations under its policy of insurance issued to Xavier. After the Fifth Circuit's ruling, Magistrate Judge Wilkinson abandoned that distinction and created a new one, holding that information provided to government entities was relevant, while information provided to private sources was irrelevant. Such a conclusion was clearly erroneous. Travelers' obligations to Xavier are not determined by federal regulations dictating the manner in which Xavier is required

8

to seek assistance.

As an initial matter, Travelers is not entitled to any credit or offset for funds received from FEMA or any other government-related entity. The documents provided to FEMA constitute an inadmissible collateral source. Travelers' policy does not explicitly provide for a credit or offset against such funds, and federal law provides that any disaster-related assistance will be reduced by any insurance proceeds. 44 C.F.R. § 206.253 provides:

> Prior to approval of a federal grant for the restoration of a facility and its contents which were damaged by a disaster other than flood, the Grantee shall notify the Regional Director of any entitlement to insurance settlement or recovery for such facility and its contents. The regional Director shall reduce the eligible costs by the actual amount of insurance proceeds relating to the eligible costs.

44 C.F.R. § 206.253(a).

Thus, any funds received from FEMA has been reduced by the expected insurance recovery from Travelers. Travelers does not get a second bite at the apple to offset Xavier's damages. The information sought by Travelers constitutes an inadmissible collateral source and is, therefore, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Magistrate Judge Wilkinson did not consider these arguments, and that failure constitutes an error of law, and this Court should reverse his August 28 Order and Reasons.

Additionally, Magistrate Judge Wilkinson erred when he disregarded the manner in which Xavier received assistance from FEMA following Hurricane Katrina. Travelers contends that it is entitled to this information because it may reflect the manner in which Xavier classified its damages. That is not the case. As Marion Bracy explained in his declaration, to receive assistance from FEMA, Xavier made available to FEMA all information concerning repair work at the campus. *See* Bracy Declaration, attached hereto as Exhibit 5. None of that information classified damages as

9

caused by water or wind. It was FEMA, not Xavier that determined the nature of the damages and eligibility for funding. Thus, Travelers is seeking information that neither Xavier nor Landis nor FoxCor can produce. These entities simply did not provide information to FEMA classifying damages. For these reasons, the information sought by Travelers is irrelevant, and Magistrate Judge Wilkinson's ruling should be overturned.

Alternatively, if this Court is unpersuaded by the preceding arguments, Xavier submits that this Court should defer requiring discovery in this case as the state appellate courts are poised to finally rule on the proper interpretation of the purported "flood" exclusion. In short, the Fifth Circuit's recent opinion concerning the so-called "flood" exclusion is not determinative of these issues because the Louisiana state courts will soon render its decision concerning the proper interpretation of that provision. In *Sher v. Lafayette Insurance Co.,* the insurer has appealed Judge Robin Giarrusso's ruling on the water damage exclusion. This appeal is scheduled for oral argument before a five judge panel of the Louisiana Fourth Circuit Court of Appeal on September 12, 2007. A copy of the Fourth Circuit's Order setting oral argument before a five judge panel is attached hereto as Exhibit 6. If the Fourth Circuit and, ultimately, the Louisiana Supreme Court determine that the "flood" exclusion is ambiguous, then, compelling and important reasons will exist for this Court to reconsider the Fifth Circuit's mandate due to the change in controlling law. *See, e.g., Blair v. Sealift, Inc.*, 91 F.3d 755, 762 (5th Cir. 1996) (holding "[s]tate appellate court decisions may constitute subsequent, controlling authority that overrides an earlier determination by this court. . . . Such decisions, if applicable, should, therefore be followed absent a strong showing that the state supreme court would rule differently.").

If the "flood" exclusion is held ambiguous, then the grounds supporting Judge Wilkinson's

grant of reconsideration will no longer exist. The documents sought by Travelers will be plainly irrelevant. This Court should defer the decision whether to require Xavier to produce information provided to FEMA and other government and quasi-government entities until such time as the state courts have ultimately resolved the proper interpretation of the so-called "flood" exclusion under Louisiana law.

      **C.    INFORMATION CONCERNING PRE-HURRICANE KATRINA CAPITAL IMPROVEMENTS ARE IRRELEVANT TO TRAVELERS' OBLIGATIONS UNDER ITS POLICY THAT OBLIGATES IT TO PAY REPLACEMENT COST TO XAVIER.**

Magistrate Wilkinson denied Xavier's motion to quash with respect to information sought by Travelers concerning pre-hurricane capital improvements to Xavier's campus. Such documents are clearly irrelevant to Travelers' obligations under its policy, which requires Travelers to pay replacement costs for any damages sustained by Xavier. Travelers has sufficient information regarding the condition of Xavier's buildings based on its opportunities to inspect and adjust Xavier's losses. Magistrate Judge Wilkinson erred when he concluded that the information sought by Travelers may be relevant. Travelers, however, has failed to fully articulate why such information is relevant to the present case. Travelers' only obligation is to provide replacement cost value. It has sufficient information to make such a determination. Pre-hurricane capital improvements are irrelevant to these issues, and Magistrate Judge Wilkinson erred in finding to the contrary.

**III.    CONCLUSION**

For the foregoing reasons, Xavier respectfully requests that this Court sustain this objection to Magistrate Judge Wilkinson's August 28 Order and Reasons and overrule it to the extent it compels production of any information and documents provided to FEMA or quasi-government

entities and any information concerning pre-hurricane capital improvements on Xavier's campus.

        Respectfully Submitted:

        /s/ James M. Garner
        JAMES M. GARNER, #19589
        DARNELL BLUDWORTH, #18801
        TIMOTHY B. FRANCIS, #14973
        KEVIN M. MCGLONE, #28145
        **SHER GARNER CAHILL RICHTER**
        **KLEIN & HILBERT, L.L.C.**
        909 Poydras St., 28th Floor
        New Orleans, LA   70112
        Telephone:  504-299-2100
        Facsimile: 504-299-2300
        COUNSEL FOR XAVIER UNIVERSITY
        OF LOUISIANA

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

        /s/ James M. Garner
        JAMES M. GARNER