UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| XAVIER UNIVERSITY OF LOUISIANA | * | CIVIL ACTION NO. 06-0516 |
| | * | |
| VERSUS | * | SECTION "R" |
| | * | |
| TRAVELERS PROPERTY CASUALTY | * | MAG. "2" |
| COMPANY OF AMERICA | * | |

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Travelers Property Casualty Company of America ("Travelers") through

undersigned counsel, respond to Plaintiff's Interrogatories and Request for Production of

Documents, pursuant to the Federal Rules of Civil Procedure, as follows:

## GENERAL OBJECTIONS

1.      Travelers objects to these requests for production of documents in that they are

premature.

2.      Travelers objects to these requests for production of documents because they were

issued in violation of Federal Rules of Civil Procedure, Rules 26(d) and 34(a).

3.      Travelers objects to these requests for production of documents because they were

issued in violation of Federal Rules of Civil Procedure.



**EXHIBIT**

1

4.     Travelers objects to these requests for production of documents to the extent that they seek information protected by the work product doctrine and/or the attorney-client privilege.

5.     Travelers objects to these requests for production of documents to the extent that they seek confidential or proprietary information.

6.     Travelers objects to these requests for production of documents to the extent that they seek information not in Travelers' possession, custody or control.

7.     Travelers objects to these requests for production of documents to the extent that they seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8.     Travelers objects to these requests for production of documents to the extent that they are vague, ambiguous, overbroad and/or unduly burdensome.

9.     Travelers objects to these requests for production of documents to the extent that they seek information created in anticipation of litigation.

10.    Travelers objects to these requests for production of documents to the extent that they call for a response beyond the scope of the requirements of the Federal Rules of Civil Procedure and applicable local rules.

11.    Travelers reserves its rights to provide information only under appropriate confidentiality and/or protective orders.

12.    These general objections apply to each response to the requests for production of documents as if fully set forth herein.

13. Subject to and without waiving these objections, Travelers answers as follows:

2

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS related to any insurance policy that YOU issued to XAVIER for any policy in effect on August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO.1:**

Travelers further objects to Request for Production No. 1 to the extent that it is vague and

ambiguous in that it is unsure what is meant by "DOCUMENTS related to any insurance policy."

Subject to and without waiving said objections, see the attached certified copy of the policy.

**REQUEST FOR PRODUCTION NO. 2:**

Produce YOUR entire file related to underwriting of any risks insured by YOU regarding any insurance policy to XAVIER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Travelers objects to Request for Production No. 2 to the extent that it is premature.

Subject to and without waiving Travelers General Objections, see the attached underwriting and

agency files regarding the policy at issue.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of YOUR file relating to YOUR handling of any claims for coverage submitted to YOU by XAVIER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving Travelers General Objections, Travelers has exchanged

numerous documents with Xavier and its counsel regarding the loss at issue that are currently in

Xavier's possession and Travelers refers Xavier to said documents. In further responding, see

the documents attached hereto. In further responding, Travelers will make any non-privileged

and/or non-confidential parts of its files and the files of its outside adjuster and consultants

available for review and copying at a mutually convenient time.

3

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS related to any communications by or between YOU and XAVIER or counsel for XAVIER from August 29, 2005, to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving Travelers General Objections, documents exchanged between Travelers and Xavier or counsel for Xavier are already in Xavier's possession. Further, Travelers investigation and adjustment of Xavier's claim is ongoing and Travelers continues to await information from Xavier and continues to correspond with Xavier and its counsel in adjusting Xavier's claim. In further responding, see the documents attached hereto and Travelers will make any non-privileged or non-confidential parts of its files and the files of its outside adjusters and consultants available for review and copying at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS related to the processing and/or adjustment of XAVIER's claims under the insurance policy bearing number Y-630-528D9763-TIL-04 ("POLICY").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving Travelers General Objections, documents exchanged between Travelers and Xavier or counsel for Xavier are already in Xavier's possession. Further, Travelers investigation and adjustment of Xavier's claim is ongoing and Travelers continues to await information from Xavier and continues to correspond with Xavier and its counsel in adjusting Xavier's claim. In further responding, see the documents attached hereto and Travelers will make any non-privileged or non-confidential parts of its files and the files of its outside adjusters and consultants available for review and copying at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS related to any communications whether sent by YOU or received by YOU regarding the processing and/or adjustment of any of XAVIER's claims under the POLICY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7:**
Produce all DOCUMENTS related to any requests made by XAVIER to YOU for advanced payment of XAVIER's claims under the POLICY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

See responses to Request for Production Nos. 4 and 5.

**REQUEST FOR PRODUCTION NO. 8:**
Produce all DOCUMENTS related to any entity or person with whom YOU contracted, employed or otherwise retained to adjust any or part of XAVIER's claimed losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Travelers objects to Request for Production No. 8 in that it is vague and ambiguous

because it is unclear what is meant by "DOCUMENTS related to any entity or person with whom

YOU contracted." In further objecting, Request for Production No. 8 is irrelevant and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST FOR PRODUCTION NO. 9:**
Produce all DOCUMENTS related to YOUR relationship with VeriClaim, Inc. and George Claypool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Travelers objects to Request for Production No. 9 in that it is vague and ambiguous

because it is unclear what is meant by "DOCUMENTS related to any entity or person with whom

YOU contracted." In further objecting, Request for Production No. 9 is irrelevant and seeks

5

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST FOR PRODUCTION NO. 10:**
Produce all DOCUMENTS regarding any communications sent by YOU to George Claypool and/or VeriClaim, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

See response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 11:**
Produce all DOCUMENTS regarding any communications received by YOU from George Claypool and/or VeriClaim, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

See response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 12:**
Produce all reports, communications, or other similar DOCUMENTS prepared on your behalf by any consultant, adjuster, or any other representative retained, hired, or otherwise contacted by YOU to evaluate XAVIER's covered losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 13:**
Produce all DOCUMENTS sent by YOU to any consultant, adjuster, or any otherwise representative retained, hired, or otherwise contacted by YOU to evaluate XAVIER's covered losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 14:**
Produce all DOCUMENTS related to any communication sent by or received by any employee, agent, or any other person acting on your behalf regarding adjustment of XAVIER's claimed losses, including but not limited to any internal communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 15:**
Produce ·all DOCUMENTS supporting YOUR assertion that coverage in this matter is precluded, in whole or in part, to the extent XAVIER's claimed losses fall outside the insuring language of the policy, as averred in the second affirmative defense pled in answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See responses to Request for Production Nos. 1 and 5.

**REQUEST FOR PRODUCTION NO. 16:**
Produce all DOCUMENTS supporting YOUR assertion that no coverage exists to the extent XAVIER's claimed losses fall within a policy deductible, as averred in the third affirmative defense pled in answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

See responses to Request for Production Nos. 1 and 5.

**REQUEST FOR PRODUCTION NO. 17:**
Produce all DOCUMENTS YOU employed to calculate XAVIER's deductible in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Travelers objects to Request for Production No. 17 in that it is vague and ambiguous as it

is unclear what is meant by "DOCUMENTS YOU employed".  Subject to and without waiving

said objections, see Response to Request for Production Nos. 1 and 5.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS supporting YOUR contention that XAVIER's losses exceed the applicable limit of insurance or the time limit specified in the policy, as averred in the fourth affirmative defense pled in answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving Travelers General Objections, this request misstates and

misrepresents Travelers Fourth Affirmative Defense. See responses to Request for Production

Nos. 1 and 5.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS supporting YOUR contention that XAVIER's claimed losses were not "covered property" within the meaning of the policy as averred in the fifth affirmative defense pled in answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiving Travelers General Objections, this request misstates and

misrepresents Travelers Fourth Affirmative Defense. See responses to Request for Production

Nos. 1 and 5.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS supporting your contention that no coverage exists to the extent XAVIER's claimed losses involve damage to property not owned by XAVIER as averred in the fifth affirmative defense pled in answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the sixth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the seventh affirmative defense contained in the answer to XAVIER's complaint.

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 23:**
Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the eighth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 24:**
Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the ninth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 25:**
Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the tenth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 26:**
Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the eleventh affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

See responses to Request for Production Nos. 1, 3 and 5.

9

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the twelfth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the thirteenth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the fourteenth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded based on the exclusionary language pled in the fifteenth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS supporting YOUR contention that YOU have no duty to perform under the policy due to a violation and/or failure to satisfy any of the conditions averred in the sixteenth affirmative defense contained in the answer to XAVIER's complaint.

10

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Subject to and without waiving Travelers General Objections, Request for Production No.

31 misstates and misrepresents Travelers Sixteenth Affirmative Defense. Further see responses

to Request for Production Nos. 1, 3 and 5.

## REQUEST FOR PRODUCTION NO. 32:
Produce all DOCUMENTS supporting YOUR contention that YOU have no duty to perform under the policy to the extent the concealment, representation, or fraud conditions in the policy have been violated, as averred in the seventeenth affirmative defense contained in the answer to XAVIER's complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

See responses to Request for Production Nos. 1, 3 and 5.

## REQUEST FOR PRODUCTION NO. 33:
Produce all DOCUMENTS supporting YOUR contention that the "other insurance" condition in the policy is applicable as averred in the eighteenth affirmative defense contained in the answer to XAVIER's complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Subject to and without waiving Travelers General Objections, Request for Production No.

33 misstates and misrepresents Travelers Sixteenth Affirmative Defense. Further see responses

to Request for Production Nos. 1, 3 and 5.

## REQUEST FOR PRODUCTION NO. 34:
Produce all DOCUMENTS supporting YOUR contention that XAVIER's complaint is barred, in whole or in part, as a result of any violation and/or failure to satisfy the conditions pled in the nineteenth affirmative defense contained in the answer to XAVIER's complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Subject to and without waiving Travelers General Objections, Request for Production No.

31 misstates and misrepresents Travelers Sixteenth Affirmative Defense. Further see responses

to Request for Production Nos. 1, 3 and 5.

11

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS supporting YOUR contention that XAVIER's claimed are barred, in whole or in part, for failure to provide a sufficient proof of loss to YOU, as averred in the twentieth affirmative defense contained in the answer to XAVIER's complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and without waiving Travelers General Objections, Request for Production No.

35 misstates and misrepresents Travelers Sixteenth Affirmative Defense. Further see responses

to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS supporting YOUR contention that coverage is precluded by the exclusionary language contained in the twenty-first affirmative defense pled in answer to XAVIER's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

See responses to Request for Production Nos. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 37:**

For any Requests for Admission that YOU deny, deny in part, or do not admit without qualification, please produce all DOCUMENTS supporting YOUR response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Travelers objects on the basis that this request for production is vague, overbroad,

burdensome, and oppressive, given the sheer volume (over 600) of plaintiff's request for

admission. Further see responses to Request for Production No. 1, 3 and 5.

**REQUEST FOR PRODUCTION NO. 38:**

Produce ALL DOCUMENTS produced by or provided to any experts, whom YOU have retained to provide opinions in this matter, whether or not said expert will be called at trial to testify.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Travelers further objects to Request for Production No. 38 to the extent that it is

premature and seeks information protected by the work product doctrine and the attorney-client

privilege. Subject to and without waiving said objections, Travelers has not yet determined what expert(s) will testify at the trial of this matter. In further responding Travelers investigation and adjustment of Xavier's claim is ongoing as Travelers continues to await information from Xavier and continues to correspond and exchange information, including reports from experts, with Xavier and its counsel and numerous documents are already in the possession of Xavier and its counsel. In further responding, see the attached reports from experts and consultants retained by Travelers in adjusting Xavier's claim. Travelers will make any non-privileged and/or non-confidential parts of its files and the files of its outside adjuster and consultants available for review and copying at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 39:**
Produce all exhibits, including demonstrative exhibits, YOU intend to use at trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiving Travelers General Objections, Travelers has not yet

determined what exhibits, including demonstrative exhibits, it intends to use at trial of this

matter.

**REQUEST FOR PRODUCTION NO. 40:**
Produce all REPORTS or other documents evaluating any aspect of Xavier's claim, and any correspondence regarding same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

See responses to Request for Production Nos. 3, 5 and 38.

**REQUEST FOR PRODUCTION NO. 41:**
Produce all DOCUMENTS YOU reference, identify or describe in response to XAVIER's Interrogatories.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

See responses to Request for Production Nos. 1, 3 and 5 and the documents attached

hereto.

Respectfully submitted,

RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Travelers Property**
**Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been forwarded to all counsel of record
via U.S. mail, postage prepaid, this 10th day of July, 2006.

SIMEON B. REIMONENQ, JR.

14

9|7|06

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

XAVIER UNIVERSITY OF LOUISIANA  CIVIL ACTION NO. 06-0516

VERSUS  SECTION "R" MAG "2"

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

### PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

  NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana, who, pursuant to Federal Rules of Civil Procedure, responds to the following Request for Production of Documents propounded upon them by Travelers Property Casualty Company of America:

### GENERAL OBJECTIONS

  1. Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Requests. The following responses are given without prejudice to Xavier's right to alter or amend these responses as the result

**EXHIBIT**

2

of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2.     Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3.     Xavier objects to the Requests to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4.     Xavier objects to the Requests to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5.     Xavier objects to the Requests to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6.     Xavier objects to the Requests to the extent they seek the production of documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7.     Xavier objects to the Requests to the extent they contain vague and/or ambiguous terms.

8.     Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

2

9.    Xavier generally objects to Defendant's Requests for Production of Documents to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10.    By responding to Defendant's Requests, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Requests. Xavier will respond to Defendant's Requests in accordance with its understanding of the fair and reasonable meaning of the Requests.

## RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

### REQUEST NO. 1:

Produce all DOCUMENTS related to THE POLICY.

### RESPONSE TO REQUEST NO. 1:

The policy was attached to the Complaint.

### REQUEST NO.2:

Produce all DOCUMENTS related to THE CLAIM.

### RESPONSE TO REQUEST NO. 2:

Objection to the extent that this request calls for work product or attorney/client communications. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

3

**REQUEST NO.3:**

Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**RESPONSE TO REQUEST NO. 3:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.4:**

Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**RESPONSE TO REQUEST NO. 4:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see all communications with Travelers. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.5:**

Produce all DOCUMENTS relating to the claim YOU filed claim with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.

4

**RESPONSE TO REQUEST NO. 5:**

    Objection, relevance. Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding the same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.6:**

    Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).

**RESPONSE TO REQUEST NO. 7:**

    Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.7:**

    Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by flood.

**RESPONSE TO REQUEST NO. 7:**

    Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. Xavier denies it had any damages as a result of "flood" within the meaning of that term as set forth in the policy. If you refer to the inundation of the campus as a result of

5

levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy,

see the Travelers policy, and claims documentation previously produced by Xavier. Xavier

objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.8:**

Produce all DOCUMENTS and communication related to your claim or

application for reimbursement, or other payment filed with FEMA or any other governmental

entity.

**RESPONSE TO REQUEST NO. 8:**

Objection, work product and attorney client privilege. Objection, relevance. This

request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is

overly broad and burdensome.

**REQUEST NO.9:**

Produce all DOCUMENTS relating to the claim or application YOU filed claim

with FEMA or any other governmental agency seeking reimbursement or other payment for

damages caused by Hurricane Katrina.

**RESPONSE TO REQUEST NO. 9:**

Objection, work product and attorney client privilege. Objection, relevance. This

request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is

overly broad and burdensome.

**REQUEST NO. 10:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU

contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports

prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

**RESPONSE TO REQUEST NO. 10:**

Objection, work product and attorney client privilege. See previous objections relating to the use of the term "flood." Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 11:**

Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

**RESPONSE TO REQUEST NO. 11:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

7

**REQUEST NO. 14:**

Produce all DOCUMENTS reflecting, evidencing, or relating to payments made by YOU to Landis Construction Company from August 29, 2005 to the present in connection with repairs YOU made or made on your behalf to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina, including but not limited to cancelled checks and other proof of payment.

**RESPONSE TO REQUEST NO. 14:**

Xavier is in the process of obtaining these documents, and they will be produced upon receipt.

**REQUEST NO. 15:**

Produce all DOCUMENTS that YOU identified, referenced, referred to, or relied upon in drafting YOUR responses to accompanying interrogatories.

**RESPONSE TO REQUEST NO. 15:**

See documents previously produced.

**REQUEST NO. 16:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 16:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

9

**REQUEST NO. 17:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 17:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 18:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 18:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 19:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 19:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 20:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

10

**RESPONSE TO REQUEST NO. 21:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 21:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 22:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The National Endowment for the Humanities subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 22:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 23:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 23:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

11

**REQUEST NO. 24**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 24:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 25:**

Produce all DOCUMENTS reflecting, evidencing, or relating to an grants or other donations YOU received subsequent to Hurricane Katrina from any entity, corporation, foundation, individual, nation, partnership, non-profit organization, religious order, or other institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

**RESPONSE TO REQUEST NO. 25:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

Respectfully submitted:

James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
504-299-2100
Counsel for Xavier University of Louisiana

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Responses to Request for

Production of Documents has been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

via hand delivery, this 7th of September 2006.

JAMES M. GARNER

13