AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

_____EASTERN_____ DISTRICT OF ___LOUISIANA___

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER.   05-4182 "K" (2)

PERTAINS TO:   INSURANCE
(*Xavier Univ.*, No. 06-0516)

TO:   Foxcor, Inc., 1121 Marengo Street, New Orleans, LA 70115

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY * | COURTROOM * |
|---|---|
| | DATE AND TIME * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard 601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME July 10, 2007 @ 10:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A".

Please note:   If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.

| PLACE   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard 601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME July 10, 2007 @ 10:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) /s/ SB Reimoneng   Attorney for Travelers | DATE 6/19/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Simeon B. Reimonenq, Jr., #19753, 601 Poydras St., Suite 2775, New Orleans, LA 70130 (504) 568-1990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

† If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 3

AO 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"
## DOCUMENTS TO BE PRODUCED

This request pertains to all documents in written, photographic or electronic form.

1. Your complete file regarding your investigation, inspection and work performed on the campus of Xavier University of Louisiana following Hurricane Katrina.

2. All documents and tangible things, including all contracts, estimates, proposals, schedules, scopes of work, reports, physical models, compilations, data, field notes and other material prepared, used or relied upon by you in your evaluation, inspection, construction, and work on the campus of Xavier University of Louisiana following Hurricane Katrina.

3. All documents relating to reports, mental impressions and opinions, schedules, meeting minutes, factual observations, physical models, tests, supporting data, calculations, photographs and compilations of data and other material prepared by you in your evaluation, inspection, construction and remediation work on the campus of Xavier University of Louisiana following Hurricane Katrina..

4. All documents relating to allocations of damages, damage assessment, estimates of damages, scopes of work and remediation work between and among buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

5. All documents relating to allocations of damages, damage assessments, estimates of damage scopes of work and remediation work between the first and upper floors of the each of the buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

6. All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina.prepared by you or on your behalf for FEMA or any other governmental entity.

7. All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina prepared by you or on your behalf for any insurance company.

8. All documents including correspondence, contracts, estimates regarding all remediation work performed or to be performed by entities retained by you including but not limited to Munters and BMS CAT. on the campus of Xavier University of Louisiana following Hurricane Katrina.

9. All documents prepared for Xavier University of Louisiana in connection with any claim to FEMA.

182688-1

1

10. All documents prepared for Xavier University of Louisiana in connection with any claim for flood insurance coverage following Hurricane Katrina.
11. All documents relating to any capital improvements made to any building at Xavier University of Louisiana during 18 months preceding Hurricane Katrina.
12. All documents relating to capital improvement plans to buildings at Xavier University of Louisiana as of the date of Hurricane Katrina that were planned or potentially planned for a period after Hurricane Katrina.
13. All documents relating to payments made from Xavier University of Louisiana to You related to Hurricane Katrina.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| PERTAINS TO: INSURANCE (*Xavier Univ.*, No. 06-0516) | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF RECORDS DEPOSITION

TO:  Plaintiff, Xavier University of Louisiana
Through its Attorney of Record:
Darnell Bludworth, Esq.
Sher Garner Cahill Richter Klein & Hilbert LLC
909 Poydras Street, 28th Floor
New Orleans, LA 70112

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendant, Travelers Property Casualty Company of America ("Travelers"), will take the records deposition of the following:

| | | |
|---|---|---|
| Landis Construction Company | July 10, 2007 | 10:00 a.m. |
| Foxcor, Inc. | July 10, 2007 | 10:30 a.m. |

beginning on the dates and times stated above and continuing until such time as the deposition is concluded. The deponents will be served with subpoenaes duces tecum requiring the production of:

> Any and all records, including, but not limited to, proposals, quotes, bids, estimates, summaries, photographs, diagrams, test results, repair proposals, repair plans, estimates, repair estimates, invoices, correspondence (electronic and/or magnetic), construction documents, memos, notes, field notes, inspection notes, drafts, or other writings (whether in draft form or otherwise) notations on photographs, photographs, videotapes, and reports or preliminary reports relating to plaintiffs for the following entity.

**NOTE:** **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

You are invited to attend and participate as you may deem fit and proper.

Respectfully submitted,

*/s/ SB Reimoneng*

SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195

OF COUNSEL:

CHRISTOPHER J. HUG
STEPHEN E. GOLDMAN
WYSTAN M. ACKERMAN
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

**Attorneys for Travelers Property Casualty Company of America**

181707-1                                2

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, a copy of the Notice of Records Deposition has been served on all counsel of record via U.S. mail, postage prepaid.

*[signature]*
SIMEON B. REIMONENQ, JR.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

_____EASTERN_____ DISTRICT OF ___LOUISIANA___

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER.   05-4182 "K" (2)

PERTAINS TO:   INSURANCE
(*Xavier Univ.*, No. 06-0516)

TO:   Landis Construction Co., 241 Industrial Avenue, Jefferson, LA 70121

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY * | COURTROOM * |
| --- | --- |
|  | DATE AND TIME * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME<br>July 10, 2007 @ 10:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT "A".**

Please note:   If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.

| PLACE   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775, New Orleans, LA 70130 | DATE AND TIME<br>July 10, 2007 @ 10:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ SB Reimonenq    Attorney for Travelers | DATE<br>6/19/2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Simeon B. Reimonenq, Jr., #19735, 601 Poydras St., Suite 2775, New Orleans, LA 70130 (504) 568-1990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1   If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 4

AO 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"
## DOCUMENTS TO BE PRODUCED

This request pertains to all documents in written, photographic or electronic form.

1. Your complete file regarding your investigation, inspection and work performed on the campus of Xavier University of Louisiana following Hurricane Katrina.

2. All documents and tangible things, including all contracts, estimates, proposals, schedules, scopes of work, reports, physical models, compilations, data, field notes and other material prepared, used or relied upon by you in your evaluation, inspection, construction, and work on the campus of Xavier University of Louisiana following Hurricane Katrina.

3. All documents relating to reports, mental impressions and opinions, schedules, meeting minutes, factual observations, physical models, tests, supporting data, calculations, photographs and compilations of data and other material prepared by you in your evaluation, inspection, construction and remediation work on the campus of Xavier University of Louisiana following Hurricane Katrina..

4. All documents relating to allocations of damages, damage assessment, estimates of damages, scopes of work and remediation work between and among buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

5. All documents relating to allocations of damages, damage assessments, estimates of damage scopes of work and remediation work between the first and upper floors of the each of the buildings on the campus of Xavier University of Louisiana following Hurricane Katrina..

6. All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina prepared by you or on your behalf for FEMA or any other governmental entity.

7. All documents related to water damage or mold remediation work performed or to be performed on the campus of Xavier University of Louisiana following Hurricane Katrina prepared by you or on your behalf for any insurance company.

8. All documents including correspondence, contracts, estimates regarding all remediation work performed or to be performed by entities retained by you including but not limited to Munters and BMS CAT. on the campus of Xavier University of Louisiana following Hurricane Katrina.

9. All documents prepared for Xavier University of Louisiana in connection with any claim to FEMA.

182688-1                                   1

10. All documents prepared for Xavier University of Louisiana in connection with any claim for flood insurance coverage following Hurricane Katrina.
11. All documents relating to any capital improvements made to any building at Xavier University of Louisiana during 18 months preceding Hurricane Katrina.
12. All documents relating to capital improvement plans to buildings at Xavier University of Louisiana as of the date of Hurricane Katrina that were planned or potentially planned for a period after Hurricane Katrina.
13. All documents relating to payments made from Xavier University of Louisiana to You related to Hurricane Katrina.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |
| PERTAINS TO:     INSURANCE<br>(*Xavier Univ.*, No. 06-0516) | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF RECORDS DEPOSITION

TO:  Plaintiff, Xavier University of Louisiana
     Through its Attorney of Record:
     Darnell Bludworth, Esq.
     Sher Garner Cahill Richter Klein & Hilbert LLC
     909 Poydras Street, 28th Floor
     New Orleans, LA 70112

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendant, Travelers Property Casualty Company of America ("Travelers"), will take the records deposition of the following:

| | | |
|---|---|---|
| Landis Construction Company | July 10, 2007 | 10:00 a.m. |
| Foxcor, Inc. | July 10, 2007 | 10:30 a.m. |

beginning on the dates and times stated above and continuing until such time as the deposition is concluded. The deponents will be served with subpoenaes duces tecum requiring the production of:

> Any and all records, including, but not limited to, proposals, quotes, bids, estimates, summaries, photographs, diagrams, test results, repair proposals, repair plans, estimates, repair estimates, invoices, correspondence (electronic and/or magnetic), construction documents, memos, notes, field notes, inspection notes, drafts, or other writings (whether in draft form or otherwise) notations on photographs, photographs, videotapes, and reports or preliminary reports relating to plaintiffs for the following entity.

**NOTE:** **If the requested documents and information are produced prior to the scheduled deposition date, no appearance will be required.**

You are invited to attend and participate as you may deem fit and proper.

Respectfully submitted,

*/s/ SB Reimoneq*

SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

OF COUNSEL:

CHRISTOPHER J. HUG
STEPHEN E. GOLDMAN
WYSTAN M. ACKERMAN
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, a copy of the Notice of Records Deposition has been served on all counsel of record via U.S. mail, postage prepaid.

_____
SIMEON B. REIMONENQ, JR.

From: Fax Server    Page: 1/2    Date: 8/9/2007 7:39:59 PM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES　　CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

SECTION "K" MAG "2"

PERTAINS TO:
INSURANCE (XAVIER UNIVERSITY
OF LOUISIANA V. TRAVELERS
PROPERTY CASUALTY COMPANY
OF AMERICA NO. 06-516)

*********************************************************************

### DECLARATION OF MARION B. BRACY PURSUANT TO 28 U.S.C. § 1746

1. I am the Vice President, in charge of Facility Planning and Management for Xavier University of Louisiana ("Xavier").

2. I was part of Xavier administration responsible for overseeing repairs to Xavier's campus following Hurricane Katrina.

3. To receive disaster assistance from the Federal Emergency Management Association ("FEMA"), Xavier made available to FEMA all information concerning the repair work being performed on its campus.

4. The information did not classify damages as being caused by water inundation or wind.

5. Upon receipt of this information, FEMA would determine the nature of the damages and the eligibility for funding.

1


EXHIBIT 5

6. Xavier submitted no information to FEMA characterizing damages as caused by wind or water inundation.

7. Under penalty of perjury, I declare that the above and foregoing is true and correct and within my personal knowledge.

Executed in Orlando, Florida, on this 9th day of August, 2007.

MARION B. BRACY

2

Fax:                          Aug 9 2007 03:59pm P008/008

| | | |
|---|---|---|
| JOSEPH SHER | * | NO. 2007-CA-0757 |
| VERSUS | * | COURT OF APPEAL |
| LAFAYETTE INSURANCE COMPANY; UNITED FIRE & CASUALTY COMPANY; THE UNITED FIRE GROUP; ROBERT JONES; WES SWANK; FRED VANDERBROOK; AND PROPERTY LOSS CONSULTING, INC. | * * * * * * * * * | FOURTH CIRCUIT STATE OF LOUISIANA |

(CDC# 2006-9276)
DIVISION "G-11"

## ORDER

* * * * * * *

IT IS HEREBY ORDERED that this matter is assigned for hearing by a five (5)-judge panel. The parties are ordered to file two (2) additional copies of all briefs with the court. The matter will be argued before the court on September 12, 2007 at 1 p.m. The court imposes a deadline of August 17, 2007 for the filing of all pre-hearing motions.

New Orleans, Louisiana this __9th__ day of __August__, 2007.

_____
CHIEF JUDGE JOAN BERNARD ARMSTRONG

_____
JUDGE CHARLES R. JONES

_____
JUDGE PATRICIA RIVET MURRAY

_____
JUDGE MICHAEL E. KIRBY

_____
JUDGE TERRI F. LOVE

*190800* 190800

AUG 09 '07 17:04                                                   PAGE.08


EXHIBIT 6