UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE, MRGO:<br>    Sims, 06-5116<br>    Richard, 06-5118<br>    Adams, 06-5128<br>    Bourgeois, 06-5131<br>    Ferdinand, 06-5132<br>    Christophe, 06-5134<br>    Williams, 06-5137<br>    Porter, 06-5140<br>    Augustine, 06-5142 | JUDGE DUVAL<br>MAG. WILKINSON |

### ORDER ON MOTIONS

Plaintiffs in the referenced suits have filed nine (9) virtually identical motions for leave to amend their complaints, some for the third time, Record Doc. No. 7079, and some for the second time. Record Doc. Nos. 7090, 7115, 7083, 7081, 7088, 7084, 7080, 7093. The United States and the Board of Commissioners of the Port of New Orleans ("the Port") filed timely opposition memoranda. Record Doc. Nos. 7329, 7330. Having considered the record, the written submissions of counsel and the applicable law, **IT IS ORDERED** that the motions are **GRANTED** for the following reasons.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit

denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

As to futility, the Fifth Circuit has held:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).

Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000) (quotations and citations omitted).

"When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation . . . ." Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985). If the amendment would offer plaintiff no avenue of redress, there is no reason to allow it. Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991).

In addition, however, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 3299, ¶ II(A) at p. 13 (declaring on March 1, 2007 that "the deadline for amending pleadings is now deem lapsed"), the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).  "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).  "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535).

As to the first factor, plaintiffs have offered no explanation for the delay in seeking to amend their complaints after the deadline has passed.  This factor weighs against finding good cause to allow the amendments.

Second, however, I find that the amendments are important in light of Fifth Circuit case law.  The Fifth Circuit has long exhibited the view that, before a Fed. R. Civ.

3

P. 12(b)(6) motion to dismiss is granted, the non-moving party should be given an opportunity to amend the complaint to cure the deficiencies noted in the motion. Grand Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) (citing Griggs v. Hinds Junior Coll., 563 F.2d 179, 180 (5th Cir. 1977)); Dodson v. Hillcrest Secs., 95 F.3d 52, 1996 WL 459770, at *13 (5th Cir. 1996); La Porte Const. Co. v. Bayshore Nat'l Bank, 805 F.2d 1254, 1256 (5th Cir. 1986). Plaintiffs proposed their current amendments after and apparently in response to defendants' pending motions to dismiss. This is consistent with the Fifth Circuit's view that an opportunity to amend should be provided prior to Rule 12(b)(6) dismissal, and weighs in favor of, rather than against, permitting the amendments.

As to the third factor, defendants have not identified any prejudice resulting from the amendments. Except for the additional legal theory discussed below, the amendments appear principally to be elaborations on the previously asserted allegations. Any jeopardy to the success of their pending motions to dismiss is neither apparent nor the type of prejudice contemplated by the case law, and is no prejudice at all when the court most likely would have granted the plaintiffs an opportunity to amend in response to the motions in any case.

Fourth, there is no need for a continuance if the amendments are allowed because the amendments do not add any new parties and assert one only new legal theory for

recovery. Thus, on balance, three of the four factors weigh in favor of finding good cause to permit the amendments.

Because "good cause" exists, the liberal Rule 15 standard applies. Weighing the Rule 15 factors militates in favor of permitting the amendments. Although previous amendments have been granted, I find no undue delay, bad faith or dilatory motive in connection with these motions. As discussed above, no prejudice occurs because permitting the amendments advances rather than undermines the pending Rule 12(b)(6) review of these cases.

The Port argues that the amendments against it are futile because plaintiffs have failed to plead all of the necessary elements to assert their new claim for strict liability under Louisiana law. On this record, I cannot find that this claim is futile. The arguments raised by the Port are best resolved before the district judge by supplementing the brief concerning its pending motion to dismiss or, later, on summary judgment.

Accordingly, **IT IS ORDERED** that the motions are **GRANTED**, subject to the following condition. Plaintiffs are hereby notified that these amendments are the ones that would be granted in response to the pending motions to dismiss. No further

amendments to cure any deficiencies alleged in the pending motions to dismiss will be allowed by me.

New Orleans, Louisiana, this __11th__ day of September, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE