UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | 05-4182 |
| | * | |
| PERTAINS TO: | * | SECTION "K" (2) |
| *Williams*, C.A. No. 06-10714 | * | |

******************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF

**May it please the Court:**

The Law Office of John W. Redmann, on behalf of Plaintiffs, submits the following Memorandum in Support of its Motion for Partial Summary Judgment Regarding Burden of Proof:

### Facts

On August 29, 2005, Hurricane Katrina ravaged the Gulf Coast. Plaintiffs' home suffered extensive damage due to the storm. At the time of Hurricane Katrina's landfall, Plaintiffs' home was insured by Defendant under a Homeowner's Insurance Policy.

The destruction wrought upon Plaintiffs' home far outweighs the payments made to Plaintiffs by Defendant to date. Defendant alleges that the residual destruction was wholly due to damage that was excluded by the Homeowner's Insurance Policy.

Defendant has refused to budge from its stance, and Plaintiffs have not been made whole. Thereby this suit has been brought.

### Pertinent Law

**Summary Judgment**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A genuine issue exists if the evidence would

---

[1] Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).

allow a reasonable jury to return a verdict for the non-movant.[2]   Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[3]   The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.[4] Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[5]

**All-Risks Insurance Policies**

A Homeowner's Insurance Policy is a type of All-Risk Insurance Policy.[6]  A "policy of insurance insuring against 'all risks' creates a special type of coverage that extends to risks not usually covered under other insurance; recovery under an all-risk policy will be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage."[7]

In the present case, there are no allegations of fraud or misconduct by the Plaintiff.  Therefore to exclude any loss of coverage the policy must contain a specific provision expressly excluding that loss.

**Burden of Proving the Applicability of a Policy Exclusion**

"It is also well-settled Louisiana law that the insurance provider has the burden of proving that an

---

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

[3] *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 536 (5th Cir. 1998).

[4]  *Id.*

[5] *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

[6] *In Re Katrina Canal Breaches Consolidated Litigation,* November 27, 2006 Order, p. 9.

[7] *Alton Ochsner Medical Foundation v. Allendale Mut. Ins.,* 219 F.3d 501, 504 (5th Cir. 2000), *citing U.S. Indus., Inc v. Aetna Cas & Sur. Co.,* 690 F.2d 459, 461 (5th Cir. 1982) (construing Louisiana law and citing *Dow Chem. Co. V. Royal indem. Co.,* 635 F.2d 379, 387 (5th Cir 1981) (construing Texas law)); see also: *Trinity Indus., Inc. V. Ins. Co. Of N. Am.,* 916 F.2d 267, 269 (5th Cir. 1990).

exclusion unambiguously applies"[8]

This proposition was first articulated in 1935.[9] In *Lado,* the Louisiana Supreme Court held that it is the responsibility of the Insurer to prove that an exclusion barred the rights of the insured.

70 years later, this concept has been applied numerous times by various Louisiana courts, and in such a degree that it has become Jurisprudence Constante.

"The Insurer has the burden of proving that a policy exclusion precludes recovery."[10]  Further, ambiguous policy provisions are generally construed against the insurer and in favor of coverage.[11] Equivocal provisions seeking to narrow an insurer's obligation, such as an exclusion from coverage, are strictly construed against the insurer.[12]   Therefore, as stated in *Alton*, the Insurer must prove not only that the exclusion is applicable, but that it is unambiguous.[13]

**Conclusion**

The Louisiana Supreme Court held, and the 5th Circuit has recognized that, an insurance provider bears the burden to show that (1) an exclusion exists in the policy; (2) the exclusion is unambiguous, and (3) the exclusion is applicable to the loss claimed.  Accordingly, the Plaintiffs implore this Honorable

---

[8] *Cochran v. B.J. Servs., Co.,* 302 F.3d 499 (5th Cir. 2002), *citing Arnette v. NPC Servs.,* Inc., 2000-1776 (La. App. 1 Cir. 2/15/02) *citing Gaylord Chem. Corp. V. ProPump, Inc.,* 98-2367 (La. App. 1 Cir. 2/18/00).

[9] *Lado v. First Nat. Life Ins. Co.,* 162 So. 579 (La. 1935).

[10] *Captial Bank & Trust Co. v. Equitable Life Assur. Soc. Of U.S.,* 542 So.2d 494 (La. 1989).

[11] *La. Civ.Code art.* 2056; *Carrier v. Reliance Ins. Co.,* 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; *Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, et al*, 630 So.2d 759, 764 (La. 1/14/94).

[12]  *Carrier*, 759 So.2d at 43.

[13] *Alton Ochsner Medical Foundation v. Allendale Mut. Ins.,* 219 F.3d 501, 504 (5th Cir. 2000)

Court to recognize the Defendant's burden to prove a specific exclusionary provision exists, is not ambiguous and is applicable, since the contract in contention is an All-Risk Insurance Policy.

                                          RESPECTFULLY SUBMITTED:

                                          /s/ Margaret Madere
                                          JOHN W. REDMANN #19984
                                          MARGARET E. MADERE #28666
                                          LAW OFFICE OF JOHN W. REDMANN, LLC
                                          5407 Mac Arthur Blvd.
                                          New Orleans, Louisiana 70131
                                          Tel: (504) 433-5550
                                          Fax: (504) 433-5556

## CERTIFICATE of SERVICE

      I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by CM/ECF, facsimile, hand-delivery, and/or by mailing the same to each by first class United States mail, properly addressed, postage prepaid, at the last know address.
      New Orleans, Louisiana, this 12th day of September, 2007.

                                          /s/ Margaret E. Madere
                                          MARGARET E. MADERE