UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION K; MAG. 2 |
| | JUDGE DUVAL |
| PERTAINS TO:  LEVEE & MRGO | MAGISTRATE JUDGE WILKINSON |

**CLASS REPRESENTATIVES' PROPOSED LEVEE & MRGO TRIAL PLAN**

PLAINTIFFS and putative Class Representatives for the MRGO and Levee Classes, as identified in their respective motions for class certification, propose the following Trial Plan for the initial merits trials of the MRGO and/or Levee class actions. Given the commonality of numerous background facts to both classes, the parties propose that at least some universal factfinding be made by way of a joint merits trial, hence they jointly propose this Trial Plan. This is a nascent outline at best given that critical rulings on common legal issues could dramatically alter the case before trial.  Nevertheless, Plaintiffs deemed it advisable to offer at least a general outline at this relatively early stage of the class proceedings.

I. **PHASE ONE:** **COMMON ISSUES OF LIABILITY AND DAMAGES/RELIEF FOR TRIAL PLAINTIFFS**

   A. <u>Parties in the Phase One Trial</u>

      1. The Class Representatives, appearing for and on behalf of the MRGO and Levee classes and sub-classes as proposed in the parties' joint papers, as may be refined by the Court.

2. All named Defendants not dismissed or stayed and any liability insurers of any named as Defendants pursuant to the Louisiana Direct Action Statute.

3. The decisions of the jury in Phase One shall be binding on all Plaintiffs in each certified class and sub-class and upon all trial Defendants.

B. <u>Issues in the Phase One Trial</u>

1. By way of illustration and not limitation, see those Common Issues of Fact and Law set forth in Exhibits "E" & "F" to the Levee and MRGO Plaintiffs' Consolidated Brief in Support of their Motions for Class Certification filed on September 10, 2007. General issues would include the following.

- Background facts such as the history of the MRGO, area topography, meteorological data regarding Hurricane Katrina, the status of the hurricane protection system, including the MRGO, and other facts relevant to the legal issues presented at trial.

- What source(s)—for example, specific breaches, overtopping, or rainfall—inundated the subject properties, at what time, in what proportions by source, to what ultimate depth, and for how long?

- What is the overall geographical reach of the waters released by each water source?

- To what extent did breaching, overtopping, and the like contributed to inundation in the class and sub-class areas, and whose fault, individually or concurrently, caused the inundation?

- If more than one party is at fault for inundation of a given property (or classwide damages due to inundation), what legal apportionment of fault is appropriate among those found liable (subject to pretrial rulings regarding immunities and the like)?

- What is the appropriate methodology for assessing diminution in property value within the subject class or sub-class area?

-3-

**II. PHASE TWO:   SUCCESSIVE TRIALS OF COMPENSATORY DAMAGES FOR SELECTED MEMBERS OF PLAINTIFF CLASS**

This phase shall follow (a) a jury verdict in Phase One finding one or more of the trial Defendants at fault for each breach or failure proved at trial, apportioning fault, and identifying the source(s) of the water inundating each sub-class; (b) appropriate Court-ordered efforts to mediate a class settlement based upon the verdict rendered in Phase One; and (c) determination of a method to select trial plaintiffs for Phase Two, as to whom jury verdicts would be binding on those selected as well as instructive for class and sub-class-wide purposes.

    A.   <u>Parties at Successive Phase Two Trials</u>

        1.   A specified number of selected trial Plaintiffs who are members of the class.

        2.   As trial Defendants, any and all named Defendants not dismissed or stayed and any liability insurers of any named as defendants pursuant to the Louisiana Direct Action Statute.

    B.   <u>Issues in Successive Phase Two Trials</u>

        1.   What damages were sustained by each selected Plaintiff as a result of the waters that inundated each Plaintiff's property?

        2.   What contributions did various sources of inundation (for which allocations of fault and a percentage real property value diminution already will have been determined) contribute to the overall damage or destruction of each Plaintiff's property in light of various unrelated property-specific damages?

3. What amount of compensatory damages, if any, is owed to each of the selected trial Plaintiffs?

       Respectfully Submitted,

       **APPROVED PLAINTIFFS LIAISON COUNSEL**

       /s/ Joseph M. Bruno
       JOSEPH M. BRUNO (La. Bar # 3604)
       PLAINTIFFS LIAISON COUNSEL
       Law Offices of Joseph M. Bruno
       855 Baronne Street
       New Orleans, Louisiana 70113
       Telephone: (504) 525-1335
       Facsimile: (504) 561-6775
       Email: jbruno@jbrunolaw.com

       **IN CONJUNCTION WITH AND ON BEHALF OF THE LEVEE & MRGO PSLCs:**

       Gerald E. Meunier, Levee PSLC Liaison Counsel
       Walter Dumas, Levee PSLC Member
       Daniel Becnel, Levee PSLC Member
       Darleen Jacobs, Levee PSLC Member
       Hugh Lambert, Levee PSLC Member

       James P. Roy, MRGO PSLC Liaison Counsel
       John Andry, MRGO PSLC Member
       Clay Mitchell, MRGO PSLC Member
       Pierce O'Donnell, MRGO PSLC Member