UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT OF LOUISIANA

| | |
|---|---|
| THE PARFAIT FAMILY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| UNITED STATES OF AMERICA, THE BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT, THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, LAFARGE NORTH AMERICA INC., ZITO FLEETING LLC, ZITO FLEETING, INC., AND WASHINGTON GROUP INTERNATIONAL | SECTION "K" (2) JUDGE DUVAL  MAGISTRATE WILKINSON |
| Pertains to: Levee: (Parfait Family, No. 07-3500) | |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, for answer to the Complaint filed by plaintiffs, The Parfait Family, et al. ("Plaintiffs"), respectfully avers as follows:

## FIRST DEFENSE

The Dock Board hereby incorporates by reference each and every exception, denial, defense, and response contained in any pleading previously filed on its behalf in these consolidated proceedings, as if set forth and copied herein in extenso.

## SECOND DEFENSE

The Complaint against the Dock Board fails to state a claim upon which relief can be granted under FRCP 12(b)(6).

## THIRD DEFENSE

**AND NOW**, answering each and every allegation contained in the Complaint, the Dock Board responds as follows:

1.

The allegations contained in Article I of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

2.

The allegations contained in Article II of the Complaint are denied.

3.

Except to admit that the Board of Commissioners of the Port of New Orleans has been named as a defendant, the allegations contained in Article III of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

4.

The allegations contained in Article IV of the Complaint are denied.

5.

The allegations contained in Article V of the Complaint are denied.

6.

The allegations contained in Article VI of the Complaint are denied.

7.

The allegations contained in Article VII of the Complaint are denied.

8.

The allegations contained in Article VIII of the Complaint require no answer from this defendant. To the extent that an Answer is deemed required, the allegations are denied.

9.

The allegations contained in Article IX of the Complaint require no answer from this defendant. To the extent that an Answer is deemed required, the allegations are denied.

10.

The allegations contained in Article X of the Complaint require no answer from this defendant. To the extent that an Answer is deemed required, the allegations are denied.

11.

The allegations contained in Article XI of the Complaint are denied.

12.

The allegations contained in Article XII of the Complaint are denied.

## FOURTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were proximately and legally the result of superseding and intervening occurrences, acts, fault, want of care, negligence, contributory negligence, comparative negligence, or strict liability of other persons or entities over whom or conditions over which the Dock Board has no responsibility.

## FIFTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were not caused or contributed to by any fault or neglect on the part of the Dock Board or on the part of anyone for whom the Dock may be responsible.

## SIXTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were caused solely by an Act of God or force majeure, namely Hurricane Katrina, for which the Dock Board is not liable.

## SEVENTH DEFENSE

**FURTHER ANSWERING**, the Plaintiffs' claims against the Dock Board are barred by laches, prescription, or by running of the applicable statute of limitations.

### EIGHTH DEFENSE

**FURTHER ANSWERING,** this action cannot be properly maintained as a Class action.

### NINTH DEFENSE

**FURTHER ANSWERING,** the claims of Plaintiffs are preempted and governed by federal law, which provides complete and absolute immunity in favor of the Dock Board for all claims asserted herein.

### TENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board invokes the discretionary immunity provided for in La. R.S. §9:2798.1(B).

### ELEVENTH DEFENSE

**FURTHER ANSWERING,** to the extent that the Dock Board is found liable to Plaintiffs for any damages, which is specifically denied, then the Dock Board's liability for any such damages is limited by the provisions of La. R.S. §13:5106.

### TWELFTH DEFENSE

**FURTHER ANSWERING,** Plaintiffs have failed to mitigate their damages.

### THIRTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board specifically invokes all of the defenses and immunities provided for in La. R.S. §9:2800, specifically including, but not limited to, La. R.S. §9:2800 (H).

## FOURTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board avers that all damages as alleged by Plaintiffs were caused by risks known and consciously assumed by them and for which they can have no recovery.

## FIFTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board owned no duty to Plaintiffs and, therefore, did not breach any such duty.

## SIXTEENTH DEFENSE

**FURTHER ANSWERING,** under La. R.S. 13:5105, Plaintiffs have no right to a trial by jury against the Dock Board.

## SEVENTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board has no duties whatsoever with respect to any levees and floodwalls, and no such levees or floodwalls were within the Dock Board's care, custody, control, or garde.

**WHEREFORE,** the Dock Board prays that its Answer to the Complaint be deemed good and sufficient, and that after due proceedings are had there be judgment herein in favor of the Dock Board and against Plaintiffs, dismissing the Complaint, with prejudice, at the cost of Plaintiffs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 13th day of September, 2007.

/s/ Kirk N. Aurandt
KIRK N. AURANDT

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 13th day of September, 2007.

/s/ Kirk N. Aurandt
KIRK N. AURANDT