UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN FONTENOT AND<br>KIM FONTENOT | * <br> * <br> * | CIVIL ACTION NO.: 07-4115 <br><br> SECTION: "R" |
| VERSUS | * <br> * | <br> JUDGE: SARAH S. VANCE |
| AUTO CLUB FAMILY INSURANCE<br>COMPANY | * <br> * <br> * | MAGISTRATE: KAREN WELLS ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come plaintiffs, JOHN FONTENOT and KIM FONTENOT, who respectfully request this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant, AUTO CLUB FAMILY INSURANCE COMPANY ("Auto Club"), was untimely and inappropriate, as more fully set forth below. In addition, plaintiffs request that Auto Club be cast in judgment for all costs and expenses associated with this removal, as the filing of the removal was clearly contrary to prevailing law and it was filed for the sole purpose of impeding the state court proceedings and efforts to mediate the case.

## I.  BACKGROUND

In the petition filed with the Civil District Court for the Parish of Orleans, the plaintiffs allege various theories of recovery against Auto Club for damages done to their home as a result of events both related and unrelated to Hurricane Katrina. These are strictly homeowner's insurance claims against Auto Club. Plaintiffs have not asserted any claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program. In short, this is an action against Auto Club for breach of contract, breach of fiduciary duty, and/or bad faith for the way they have handled plaintiffs' homeowner's insurance claims.

Plaintiffs filed their petition with the Civil District Court for the Parish of Orleans on August 23, 2006. On September 29, 2006, Auto Club filed a Notice of Removal with Section K of this Court on the basis that 28 U.S.C. Section 1269(a) and/or 28 U.S.C. Section 1441(e)(1)(b) applied to this case. In response to the removal, plaintiffs filed a Motion to Remand ("federal question remand"). Judge Duval granted the plaintiffs' federal question remand on January 18, 2007.

While the federal question remand was pending, Auto Club propounded discovery to the plaintiffs. The discovery was sent under the federal case number. On January 19, 2007, the plaintiffs provided Auto Club with a letter informing them that they would not answer the discovery sent under the federal case number. Exhibit "A". In the letter, the plaintiffs made a formal demand for "policy limits, loss of use, and all applicable penalties." Exhibit "A". (Policy limits are $219,300 for dwelling, $21,930 for other structures, and $131,580 for personal property. Loss of use is actual expenditures. Exhibit "B".) Documents supporting the demand were attached to the letter. Exhibit "A"

On January 29, 2007, Auto Club's attorney acknowledged receipt of the demand and the supporting documents. Exhibit "C". Auto Club also propounded discovery to the plaintiffs in the state court proceeding. On February 16, 2007, the plaintiffs provided Auto Club with answers to the state court discovery. Exhibit "D". For the vast majority of the discovery, plaintiffs were able to simply refer to the documents provided on January 19, 2007. Id.

Auto Club did not file a motion to compel or request any additional documents in support of the claim. Instead, they waited approximately 6 months, until July 5, 2007, to send the plaintiffs a Request for Admissions on the issue of damages. At the time the Request for Admissions was provided to the plaintiffs, the parties were already attempting to schedule mediation. The plaintiffs responded to the Request for Admissions on July 20, 2007. Auto Club filed the current Petition for Removal on August 14, 2007, which was only two days before the mediation. According to Petition for Removal filed by Auto Club, they believe that the Plaintiffs' Responses to Defendant's Request for Admissions establishes an amount in controversy that exceeds $75,000 and that the case should be removed under 28 U.S.C. Section 1332.

## II.   LEGAL STANDARDS

Title 28 U.S.C. Section 1446(b) establishes the procedure for removal and provides in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Discovery responses are proof of the amount in controversy, but the removal period is not delayed until the defendant is in receipt of the plaintiff's discovery responses. *Larkin v. Brown*, 41 F.3d 387 (8th Cir. 1994). In fact, any paper that is served or otherwise comes to the defendant's attention and shows the matter may be removable begins the running of the thirty days. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

In *Addo*, the plaintiff filed a lawsuit in state court against her deceased mother's life insurance carrier for denying her claim. The complaint asked for $5,000 in actual damages and punitive damages "not to exceed $65,000." Addo sent defendant a letter a month later, offering to settle the claim for $250,000. Several months passed, and defendant sent the plaintiff interrogatories, asking the plaintiff to confirm that her claim did not exceed $75,000. When plaintiff refused to respond, defendant removed the case to federal court. Plaintiff moved to remand, arguing removal was untimely. The district court denied plaintiff's motion and eventually granted a motion for summary judgment in favor of defendant. On appeal, in a case of first impression, the Fifth Circuit reasoned that a demand letter constituted "other paper" within the meaning of the removal statute. *Id* at 762 (Holding that a post-complaint letter may be "other paper" under 1446(b) is consistent with the purpose of the removal statue to encourage prompt resort to federal court *when a defendant first learns* that the plaintiff's demand exceeds the federal jurisdictional limit.) (Emphasis added.)

In other words, the plaintiff in Addo stated in her complaint that she sought damages that were not in excess of the jurisdictional limits, which meant her claim was not removable when it was filed. Plaintiff then changed the amount she sought by way of a demand letter, asking more

than the jurisdictional limit. Defendant waited several months before propounding discovery. When the plaintiff refused to concede that she was seeking less than the jurisdictional limit, the defendant removed the case. The Fifth Circuit found that the demand letter constituted "other paper" within the meaning of 1446(b). Because of this, the case became removable upon receipt of that letter, making defendant's removal several months later untimely. *Id* at 762. *Addo* is nearly identical to the present case.

In *Kreinbring v. Alternative Claims Services, Inc.*, 2004 WL 1293927 (N.D. Iowa May 2004), the court was faced with determining when the thirty-day removal period was triggered since the face of the complaint did not allege a specific amount of damages. The court noted that there was no definitive answer in the Eight Circuit regarding whether demand letters constitute "other paper" within the meaning of 1446(b). The court in *Kreinburg* relied on *Addo* to find that the demand letter at issue was a voluntary act by the plaintiff and it permitted the defendants to reasonably ascertain that the amount in controversy exceeded $75,000.

A multitude of other courts have found that a demand or settlement letter constitutes "other paper" that trigger removability. See *e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002) (A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.); *Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195 (D. Conn. 2004) (Although the Second Circuit has not addressed this issue, most courts have held – and this Court agrees – that 1446(b) is not limited to papers filed in the litigation and the reference to "other paper" in the statute can include pre-removal correspondence between the parties, including, as here, settlement offers.); *Hall v. Delta Air Lines, Inc.* 340 F.Supp.2d 596 (D. Virgin Islands 2004) (Correspondence between counsel, including a settlement demand letter, may constitute an "other paper" upon which removability

can be based under section 1446(b).); *Archer v. Kelly*, 271 F. Supp.2d 1320 (N.D. Okla. 2003) (finding a demand letter disclosing plaintiff's damages exceed the jurisdictional minimum was sufficient proof of the amount in controversy, regardless of the fact that defendant rejected the offer); Martin v. Mentor Corp., 142 F. Supp.2d 1346 (M.D. Fla. 2001) (Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 1446(b) to determine if the case is removable.); *Charles Alan Wright, et al., Federal Practice and Procedure Section 3732 (1998)* (Correspondence between the parties is usually accepted as an other paper source that initiates a new thirty-day period of removability.)  See also, *Stramel v. GE Capital Small Business Finance Corp.*, 955 F.Supp. 65 (E.D. Tex 1997); *Sunburst Bank v. Summit Acceptance Corp.*, 878 F. Supp. 77 (S.D. Miss. 1995); *Rodgers v. Northwestern Mut. Life Ins. Co.*, 952 F. Supp. 325 (W.D. Va. 1997).

As noted earlier, discovery responses are also considered other paper for purposes of 1446(b).  See e.g., *Adobbati v. Guardian Life Ins. Co. of America*, 213 F.3d 638 (5th Cir. (Tex) 2000); *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992); *Larkin v. Brown*, 41 F.3d 387 (8th Cir. 1994); *Camden Industries Co. v. Carpenters Local Union No. 1688*, 246 F. Supp. 252 (D.N.H.), Aff'd, 353 F.2d 178 (1st Cir. 1965).

The purpose of 1446(b) is to commence the running of the thirty-day removal period **as soon as the defendant has received written notice** that the case is removable.  The way in which this information will be received will vary from case-to-case.  As detailed above, the information may come from the petition, a demand letter, or answers to discovery.

Here, the plaintiffs' demand letter of January 19, 2007 requested policy limits, loss of use, and all applicable penalties.  Policy limits are $219,300 for dwelling, $21,930 for other structures, and $131,580 for personal property.  Loss of use is actual expenditures.  Plaintiffs

provided supporting documents that clearly demonstrated damages at or above policy limits to the dwelling and personal property. The documents also demonstrated loss of use expenditures in excess of $20,000. (See Exhibit "E"[1]). The plaintiffs' discovery responses of February 16, 2007 confirmed that the plaintiffs' demand was in excess of the jurisdictional amount and that it was supported by voluminous documents. (See Exhibit "D").

It defies reason for Auto Club to suggest that they did not have the necessary jurisdictional facts after receiving the January 19, 2007 demand letter and supporting documents to trigger removal. Even if this were to be believed, the discovery responses provided them with the information again in pleading format. It was simply unacceptable for Auto Club to wait until the plaintiffs responded to the Request for Admissions before taking any action. Accordingly, the Petition for Removal filed by Auto Club on August 14, 2007 is well beyond the thirty-day period and is untimely. See e.g., *Lee v. Altamil Corporation*, 457 F. Supp 979 (U.S.D.C., M.D. Fla. 1978) (wherein the Court found that the defendant's position that the discovery responses were not sufficient to demonstrate the jurisdictional amount until Request for Admissions were answered was hyper-technical and simply untenable.)

As noted above, the discovery answered by the plaintiffs was sent after the demand letter and was sent in the state court proceeding. The request for admission was also sent in the state court proceeding. A defendant waives his right to removal by proceeding to defend an action in state court or otherwise invoking the processes of the state court. *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986). When Auto Club proceeded with discovery in state court after the demand letter and supporting documents established damages in excess of the jurisdictional

---

[1] A significant number of documents (more than 500 pages) and numerous pictures were produced to the defendants. Since it is not necessary for the court to review all of these documents to decide this motion, only a few of the more significant documents have been attached hereto to demonstrate the damage figures that were provided. Some of the attached documents are summary sheets created by the plaintiffs. The summary sheets were followed by actual receipts.

amount, it waived its right to removal. Quite simply, removal by Auto Club at this point in the litigation is nothing more than forum shopping to avoid an adverse ruling in state court.

In fact, Auto Club's actions warrant the award of costs and expenses under 28 U.S.C. Section 1447(c). While there is no automatic entitlement to an award of cost and expenses when a court remands, a court should award fees when the defendant had no objectively reasonable grounds to believe the removal was legally proper at the time of removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).

In *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed. Appx. 523 (5th Cir. 2003), the court was dealing with a case that was very similar to *Addo*. The plaintiffs requested costs and expenses on the grounds that the case was indistinguishable from *Addo*. The court did not award costs and expenses in *Lee*, but it did indicate that it would be appropriate to do so in future cases, like this one, where the facts are similar to *Addo* and/or *Lee*. As an additional ground for awarding costs and expenses, it should be noted that the Petition to Removal was not filed until two days before the parties were to attend mediation. Furthermore, this is the second time Auto Club has filed an inappropriate removal. It would appear from the all the facts and circumstances of this matter that Auto Club filed the Petition for Removal with the intent of sabotaging the mediation and retarding the progress of the state court proceedings.

### III. CONCLUSION

Although the petition set forth the relief requested and a simple calculation would likely have produced an amount in excess of the jurisdictional minimum, it was necessary for the plaintiffs to affirmatively disclose the amount in controversy to trigger the thirty-day removal period. Here, the plaintiffs took such affirmative action by providing the demand letter and the discovery responses. The demand letter and discovery responses constituted other paper and

provided Auto Club with the necessary affirmative proof that the jurisdictional amount was satisfied in accordance with 1446(b). Therefore, removal was triggered as early as January 19, 2007, but no later than February 16, 2007. Since Auto Club did not file its Petition for Removal until August 14, 2007 (more than 6 months after removal was triggered), their removal was untimely. Not only was their removal grossly untimely, it would appear that it was filed for the sole purpose of derailing the mediation and the progress of the state court proceedings.

For the above and foregoing reasons, plaintiffs respectfully pray that their Motion to Remand be granted, that Auto Club be cast in judgment for all costs and expenses for the removal, and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

s/John L. Fontenot
JOHN L. FONTENOT, T.A. (#26640)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:   (504) 581-3234
Facsimile:   (504) 566-0210
Email: john.fontenot@arlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 30, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants.

s/John L. Fontenot
JOHN L. FONTENOT