

**Attorneys at Law**
Baton Rouge
Birmingham
Houston
Jackson
Memphis
Mobile
Nashville
**New Orleans**
Washington, DC

**John L. Fontenot**
(504) 585-0274
E-Fax (504) 586-6617
john.fontenot@arlaw.com

January 19, 2007

Jason P. Foote, Esq.
Chopin Wagar Richard & Kutcher
Two Lakeway Center, Suite 900
3850 North Causeway Blvd.
Metairie, Louisiana 70002

      RE:   John Fontenot and Kim Fontenot vs.
               Auto Club Family Insurance Company
               United States District Court, Eastern District
               Civil Action No.: 06-6872



Dear Mr. Foote,

      I am in receipt of your recent letter. With regard to the written discovery requests and depositions, I am certain you are aware that those requests are premature under the current scheduling order. In addition, I do not think I am obligated to respond in light of the recent ruling on the motion to remand.

      As for the request to inspect the property, your client has already been provided with an opportunity to do so. When this took place, I specifically asked the adjuster working for your client to make note of all damage. He failed to do so without having ample reason. In addition, I do not think it takes a great deal of effort to determine that anytime a house sits in approximately 10 feet of water for several weeks that it should be considered a total loss. In fact, SBA, FEMA, and LRA have all reached this conclusion without the need for an inspection. In any event, I am not able to accommodate your request, as the property has been sold.

      It is my belief that your letter is yet another attempt to further delay payment in this matter. Despite this, I have attached to this letter information documenting the damage to our house, the personal property loss, and loss of use. Due to the unreasonable period of time that it has taken your client to resolve this matter, I must inform you that I am now requesting policy limits, loss of use, and all applicable penalties.

      I am not including information on any payments we have received under our NFIP policy. It is my understanding that these payments do not qualify as "other insurance" for purposes of our homeowner's policy. In addition, this information is not relevant under the

Jason P. Foote, Esq.
January 19, 2007
Page 2

collateral source rule and/or under the law applicable to value added policies. If you can provide me with law to the contrary on this, please do so at your earliest convenience.

    If you have any questions, please feel free to contact me.

                                        Cordially,

                                        John L. Fontenot

JLF/bec