CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 06-8022                                          SECTION "E-7"

JOHN FONTENOT AND KIM FONTENOT

VERSUS

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____     _____
                                                  DEPUTY CLERK

### PLAINTIFFS' ANSWERS TO
### DEFENDANT'S FIRST SET OF INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, John L. Fontenot and Kim Fontenot, who respectfully answers Defendant's Interrogatories as follows:

### GENERAL OBJECTIONS

I.

Plaintiffs object to the "definitions" and "instructions" set forth in defendant's discovery requests to the extent they attempt to impose obligations on plaintiffs other than those imposed or authorized by Louisiana Code of Civil Procedure.

II.

Plaintiffs object to defendant's discovery requests to the extent they seek the disclosure of information protected from discovery by the attorney/client privilege, the work-product doctrine, the self-critical analysis privilege, the physician/patient privilege, the joint defense privilege, or any other applicable privilege or exemption.

III.

Plaintiffs object to defendant's discovery requests to the extent that they are overly broad, unduly burdensome, seek documents which are not described with reasonable particularity, seek information that is not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence.



EXHIBIT
D

IV.

Plaintiffs object to the phrase "relating to" as overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, if it is intended to mean something other than documents "discussing or referring to" the specified topic.    In response to defendant's discovery requests, Plaintiffs will treat the phrase "relating to" to mean "discussing or referring to."

V.

Plaintiffs object to defendant's discovery requests to the extent they purport to require searches of files and the production of documents in the possession of third parties.

VI.

Plaintiffs object to defendant's discovery requests on the grounds that they are overly broad as to scope and time to the extent that they are neither limited to the specific surgery involved and/or to the time period during which the alleged injuries occurred.

VII.

Plaintiffs object to defendant's discovery requests to the extent that they require the production of proprietary, trade secret, or other commercially protected information without an appropriate protective order and implementation of procedures, which will insure the continued confidentiality of such information.

VIII.

Plaintiffs object generally to defendant's discovery requests to the extent that they call for the production of documents available to defendant in the public domain, such as published articles, on the ground that the burden of identifying and/or obtaining those documents is substantially the same for defendants as it is for plaintiffs.

These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by additional objections and/or the following responses.

**INTERROGATORY NO. 1:**

Identify yourselves and all persons providing information needed to answer these Interrogatories.

2

**ANSWER TO INTERROGATORY NO. 1:**

    1.      John Fontenot

    2.      Kim Fontenot

**INTERROGATORY NO. 2:**

State the date of the last appraisal of your immovable property prior to Hurricane Katrina, identify the appraiser, and state the amount of the appraisal.

**ANSWER TO INTERROGATORY NO. 2:**

In addition the general objections set forth above, plaintiffs object to this interrogatory as irrelevant under the law applicable to value added policies. Subject to these objections, plaintiffs state that the requested information is not available to them and/or is unknown to them.

**INTERROGATORY NO. 3:**

Have you received any payments from any entity, (including but not limited to ACFIC, another insurer, FEMA, etc.), for any damages or losses you sustained as a result of Hurricane Katrina? If the answer to this interrogatory is yes, for each such payment you received, then answer the following:

    (a)      Identify the person and/or entity that made the payment;

    (b)      If the entity who made the payment is an insurer, state the number of the policy issued to you by that insurer, and the type of coverage provided to you by that insurer (e.g. homeowner's, flood, business interruption, etc.);

    (c)      State the date of the payment;

    (d)      State the amount of the payment; and

    (e)      Describe the reason for the payment (e.g., advance on additional living expenses, cost of repairs to dwelling, replacement of damaged contents, etc.).

**ANSWER TO INTERROGATORY NO. 3:**

In addition to the general objections set forth above, plaintiffs object to this interrogatory as irrelevant under the law applicable to value added policies, the law applicable to the NFIP program, and the collateral source rule. Subject to these objections, plaintiffs state that ACFIC has the requested information insofar as their payments are concerned.

**INTERROGATORY NO. 4:**

Providing as much detail as possible, itemize the damages you contend you are entitled to recover from ACFIC. At a minimum, your itemization should include a description of the type or category of damages you are claiming (e.g. cost of repairing dwelling; cost of repairing/replacing contents; additional living expenses, etc.), and the amount of damages you contend you are entitled to recover for each category or type of damages. Note: If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory. If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

**ANSWER TO INTERROGATORY NO. 4:**

This information has been provided.

**INTERROGATORY NO. 5:**

Do you contend you have provided ACFIC with satisfactory proof of loss for any damages arising out of Hurricane Katrina you seek to recover from ACFIC? If the answer to this Interrogatory is yes, then state the following:

(a)     A full description of all information and/or documentation you contend comprises the "satisfactory proof of loss" you provided to ACFIC;

(b)     The date(s) you contend you provided ACFIC with each item of information and/or documentation that comprises your "satisfactory proof of loss".

**ANSWER TO INTERROGATORY NO. 5:**

Yes. ACFIC is in possession of the information requested in items (a) and (b).

**INTERROGATORY NO. 6:**

Have you made any repairs to the damage caused by Hurricane Katrina to your immovable property? If the answer to this Interrogatory is yes, then answer the following:

(a)     Describe fully any repairs you have made;

(b)     State the date of these repairs;

4

(c)     Identify all persons or entities who made the repairs;

(d)     State the amount you paid to each person or entity referred to in your answer to Interrogatory No. 6(c); and

(e)     State whether you have photographs and/or videos of the each area of your immovable property that was repaired, and if so, who is presently in possession of those photographs and/or videos.

**ANSWER TO INTERROGATORY NO. 6:**

No.

**INTERROGATORY NO. 7:**

Have you repaired or replaced any of your movable property damaged by Hurricane Katrina?  If the answer is yes, for each item repaired or replaced, answer the following:

(a)     Provide an itemized inventory of the movable property that was repaired or replaced;

(b)     State the date of the repair and/or replacement;

(c)     Identify all persons or entities who made any repairs, or identify any person or entity from whom you purchased any replacement items, and any persons or entities who provided you written repair or replacement estimates; and

(d)     State the amount you paid for the repair or replacement.

Note:  If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory or list in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory.  If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

**ANSWER TO INTERROGATORY NO. 7:**

This information has been provided.

**INTERROGATORY NO. 8:**

Do you contend you are entitled to recover from ACFIC any additional living expenses you sustained as a result of Hurricane Katrina?  If the answer to this Interrogatory is yes, then answer the following:

    (a)    The full address for each place you lived after Hurricane Katrina;

    (b)    The dates you lived at each address listed in your answer to Interrogatory No. 8(a);

    (c)    Provide an itemized description of additional living expenses for which you are making claim; and

    (d)    Provide an itemized description of your average monthly living expenses during the period of January 1, 2005 to August 28, 2005.

Note:  If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory or list in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory.  If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

**ANSWER TO INTERROGATORY NO. 8:**

This information has been provided.

**INTERROGATORY NO. 9:**

Do you contend that ACFIC is liable to you for any penalties and/or attorney's fees under La. R.S. 22:658 and/or La. R.S. 22:1220?  If the answer to this Interrogatory is yes, please state the following:

    (a)    Describe fully the respects in which you believe ACFIC violated La. R.S. 22:658 and/or La. R.S. 22:1220, and the penalty you believe ACFIC is liable for; and

    (b)    If you contend ACFIC is also liable for attorney's fees, state the amount of attorney's fees you have incurred as a result of ACFIC's violation of La. R.S. 22:658 and/or La. R.S. 22:1220, and state the hourly fee you have agreed to pay any attorney to make a claim against ACFIC and/or the percentage of your

recovery you have agreed to pay any attorney to prosecute any claim in your behalf against ACFIC.

**ANSWER TO INTERROGATORY NO. 9:**

Yes. ACFIC has been provided with and/or is aware of the information responsive to item (a). Additional information for item (b) will be supplied at a later date.

**INTERROGATORY NO. 10:**

Identify each person you may call as a witness at the trial of this matter, and for each witness, describe the facts they will testify to. Additionally, if any witness will be tendered as an expert, state the field of expertise the witness will be tendered in and the opinion(s) such expert witness will testify to.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiffs object that this interrogatory is premature, as discovery has not completed. Subject to this, plaintiffs may call the following:

1.    John Fontenot (will testify about the facts of the case);

2.    Kim Fontenot (will testify about the facts of the case);

3.    Dennis deBoisblanc (will testify about the property damage, including cause);

4.    Ashton Avegno (will testify about the property damage, including cause);

5.    Any adjuster that has reviewed the property (will testify about the property damage); and

6.    Representative(s) of ACFIC (may testify regarding issues related to facts of case, damage to the property, and failure to properly handle claim);

**INTERROGATORY NO. 11:**

Please state the name, address, telephone number and employer of each and every person who inspected your immovable property after Hurricane Katrina and/or provided any repair estimates, loss evaluations, or similar reports concerning the damage to your immovable property.

**ANSWER TO INTERROGATORY NO. 11:**

Any information that plaintiffs have in their possession regarding this interrogatory has been provided.

Respectfully Submitted,

_____

JOHN L. FONTENOT (#26640)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:    (504) 585-0274
Facsimile:    (504) 566-0210

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _16_ day of February, 2007, served a copy of the

foregoing on all counsel for record via the United States Postal Service, properly addressed and

postage prepaid.

_____

JOHN L. FONTENOT

8

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 06-8022                                                   SECTION "E-7"

JOHN FONTENOT AND KIM FONTENOT

VERSUS

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____      _____
                                       DEPUTY CLERK

## PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, John L. Fontenot and Kim Fontenot, who respectfully responds to Defendant's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

I.

Plaintiffs object to the "definitions" and "instructions" set forth in defendant's discovery requests to the extent they attempt to impose obligations on plaintiffs other than those imposed or authorized by Louisiana Code of Civil Procedure.

II.

Plaintiffs object to defendant's discovery requests to the extent they seek the disclosure of information protected from discovery by the attorney/client privilege, the work-product doctrine, the self-critical analysis privilege, the physician/patient privilege, the joint defense privilege, or any other applicable privilege or exemption.

III.

Plaintiffs object to defendant's discovery requests to the extent that they are overly broad, unduly burdensome, seek documents which are not described with reasonable particularity and seek information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

IV.

Plaintiffs object to the phrase "relating to" as overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, if it is intended to mean something other than documents "discussing or referring to" the specified topic.   In response to defendant's discovery requests, Plaintiffs will treat the phrase "relating to" to mean "discussing or referring to."

V.

Plaintiffs object to defendant's discovery requests to the extent they purport to require searches of files and the production of documents in the possession of third parties.

VI.

Plaintiffs object to defendant's discovery requests on the grounds that they are overly broad as to scope and time to the extent that they are neither limited to the specific surgery involved and/or to the time period during which the alleged injuries occurred.

VII.

Plaintiffs object to defendant's discovery requests to the extent that they require the production of proprietary, trade secret, or other commercially protected information without an appropriate protective order and implementation of procedures, which will insure the continued confidentiality of such information.

VIII.

Plaintiffs object generally to defendant's discovery requests to the extent that they call for the production of documents available to defendant in the public domain, such as published articles, on the ground that the burden of identifying and/or obtaining those documents is substantially the same for defendants as it is for plaintiffs.

These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by additional objections and/or the following responses.

**REQUEST FOR PRODUCTION NO. 1:**

Do you have any photographs or videotape taken prior to Hurricane Katrina of your immovable property or any movable property for which you are making a claim, which depicts the appearance of such property in its condition before Hurricane Katrina?  If the answer to this Request is "yes," please produce all such photographs or videotapes.  Please produce originals,

2

duplicate originals or negatives of photographs, or clear color photocopies. Please indicate the date and by whom the photographs and/or videotapes were taken in your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the general objections set forth above, plaintiffs object to this request as being overbroad and unduly burdensome. Subject to this, plaintiffs state that they are in the process of obtaining copies.

**REQUEST FOR PRODUCTION NO. 2:**

Do you have any photographs or videotape taken during and/or after Hurricane Katrina of your immovable property or any movable property for which you are making claim, which depicts any damage to the property caused by Hurricane Katrina? If the answer to this Request is "yes," please produce all such photographs or videotapes. Please produce originals, duplicate originals or negatives of photographs, or clear color photocopies. Please indicate the date and by whom the photographs and/or videotapes were taken in your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See Attached.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all appraisals of your movable and/or immovable property, whether the appraisals were conducted before or after Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See Answer to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

Complete copies of any insurance policies, including any accompanying Declaration pages and any endorsements, issued to you by any insurer against whom you have made a claim for damages to your immovable property or movable property arising out of or related to Hurricane Katrina other than ACFIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the general objections set forth above, plaintiffs object to this request as irrelevant under the law applicable to value added policies, the law applicable to the NFIP program, and the collateral source rule.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents (including but not limited to correspondence, forms, inventories, etc.) you have exchanged with any insurer regarding any claim you have made for damages to your immovable property or movable property arising out of or related to Hurricane Katrina other than ACFIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Response to Request No. 4.  In addition, plaintiffs object to this request on the grounds that it is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents (including but not limited to correspondence, forms, inventories, etc.) you have exchanged with ACFIC, or any claims adjuster acting on behalf of ACFIC, regarding any claim you have made for damages to your immovable property or movable property arising out of or related to Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

ACFIC is already in possession of this information.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all invoices, receipts or any other documents evidencing the cost of replacing or repairing any of your movable and/or immovable property damaged by Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

This information has been provided.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all written estimates and/or loss evaluations for repairing and/or replacing any of your immovable and/or movable property damaged by Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Information relevant to this request has already been provided.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all inventories or lists you have prepared as a result of damage to your immovable property or movable property, or any additional living expenses you have incurred, caused by Hurricane Katrina.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

This information has been provided.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all statements, invoices, receipts or other documents which reflect any additional living expenses you incurred as a result of Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

This information has been provided.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents submitted to ACFIC you contend constitute "satisfactory proof of loss."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

This information has been provided.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all checks, drafts, releases, letters or any other documents reflecting or referring to any payments made to you as a result of damage or loss caused by Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the general objections set forth above, plaintiffs object to this request as irrelevant under the law applicable to value added policies, the law applicable to the NFIP program, and the collateral source rule.  Subject to these objections, plaintiffs state that ACFIC has the requested information insofar as their payments are concerned.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents, photographs or exhibits you relied upon to answer ACFIC's Interrogatories, or referred to in your answers to ACFIC's Interrogatories, to the extent you are not producing such documents in response to a specific request above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the general objections set forth above, plaintiffs object to this request as being vague, overbroad, and unduly burdensome. In addition, it seeks information that may be subject to privilege and/or that is irrelevant.  Subject to this, plaintiffs believe this information has been provided.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all reports generated by any expert you have retained or consulted with regarding any claim you have made arising out of Hurricane Katrina, and any documents you have exchanged with that expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

This information has been provided.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents, photographs or exhibits you may offer into evidence or rely upon at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs object to this request as being premature.  Subject to this, plaintiffs state that they may rely upon any materials produced to date by them and/or any materials contained in their claim file.

**REQUEST FOR PRODUCTION NO. 16:**

Written and/or recorded statements, affidavits, notes and/or written or recorded accounts of any and all eyewitnesses to the events made the basis of this litigation, including particularly, but not limited to, the damage to 6611 Canal Boulevard, New Orleans, Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the general objections set forth above, plaintiffs object to this request as being vague, overbroad, and unduly burdensome. In addition, it seeks information that may be subject to privilege and/or that is irrelevant.  Subject to this, plaintiffs believe this information has been provided.

Respectfully Submitted,

_____
JOHN L. FONTENOT (#26640)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:    (504) 585-0274
Facsimile:     (504) 566-0210

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _____ day of February, 2007, served a copy of the foregoing on all counsel for record via the United States Postal Service, properly addressed and postage prepaid.

JOHN L. FONTENOT