UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES      *      CIVIL ACTION
CONSOLIDATED LITIGATION            *
                                   *      NO. 05-4182
                                   *
                                   *      SECTION "K"(2)
                                   *
PERTAINS TO: ALL CASES             *      JUDGE DUVAL
                                   *      MAG. JUDGE WILKINSON
                                   *

*****************************************

## AMENDED MASTER PROTECTIVE ORDER

As required by Case Management Order No. 4, Record Doc. No. 3299,

¶ IV(C)(3)(i), the parties -- through Liaison Counsel -- submitted to me on May 10, 2007,

a proposed Master Stipulation and Protective Order, which I have separately filed in the

record. The proposed order was agreed upon only in part. It contained several objections

and competing versions of some provisions, so that no overall stipulation in fact was

submitted. Subsequently, the proposed protective order was the subject of discussion

during the discovery conference before me on May 24, 2007. Some of the proposed

provisions were unacceptable to the court.

Having reviewed the proposal of the parties, and finding that the parties cannot

agree to a stipulated protective order, the court now enters the Master Protective Order

contained herein. Any party who seeks to add other terms to, or to vary or modify any

terms of this Master Protective Order at any time, may submit a motion to do so, noticed

for hearing. The court may amend this Master Protective Order at any time as may be required under the law or as the court deems just and proper.

1.    Any party (hereinafter "Designating Party") who produces documents or other tangible items or provides testimony or other information to any other party (hereinafter "Non-Designating Party") in the captioned Katrina Canal Breaches Consolidated Litigation ("Consolidated Litigation") may designate such materials, testimony or information as CONFIDENTIAL INFORMATION, as defined herein. Once designated as CONFIDENTIAL INFORMATION, any use of such materials, testimony or information shall be regulated by this Master Protective Order to protect such CONFIDENTIAL INFORMATION from disclosure beyond what is necessary for the Consolidated Litigation.

2.    The term "documents" includes all writings, recordings and photographs as defined by Fed. R. Evid. 1001, including originals and all copies thereof, in whatever form maintained or produced.

3.    As used herein, the term CONFIDENTIAL INFORMATION refers to information that a Designating Party claims in good faith to be its trade secret or other confidential research, development, claims or commercial information, or information not in the public domain which is proprietary or competitively sensitive, including but not limited to sensitive financial data and technical information or information relating to business processes or procedures, disclosure of which could cause injury to the

Designating Party. The term CONFIDENTIAL INFORMATION also includes information implicating privacy concerns protected by law, statute or regulation with respect to individuals, including but not limited to insureds or employees. The term CONFIDENTIAL INFORMATION further includes Third-Party Copyrighted Information, which includes but is not limited to documents, photographs, videos, and other tangible items that either: (1) bear a copyright notice identifying third parties, who are not parties to this litigation, as the owner of the copyright; or (2) for which a party to this litigation has been informed a third party, who is not party to this litigation, claims copyright in the work.  Such information may be designated as CONFIDENTIAL INFORMATION as set forth below. All such designations must be made in good faith. The parties must not indiscriminately designate materials or information as CONFIDENTIAL INFORMATION.

CONFIDENTIAL INFORMATION must be segregated and maintained separately from other materials or information that are not so designated in any repository or storage system established by order of this court or by the parties, so that access to CONFIDENTIAL INFORMATION shall be restricted as provided herein.

Information to be treated under this Master Protective Order as CONFIDENTIAL INFORMATION shall include:

a. Information produced as part of Fed. R. Civ. P. 26 initial disclosures and in response to discovery requests or in documents produced for inspection, provided that, prior to delivery to the Non-Designating Party, the responsive materials or copies are marked by the Designating Party with the following legend:

CONFIDENTIAL<br>
PRODUCED PURSUANT<br>
TO PROTECTIVE ORDER<br>
IN RE: KATRINA CANAL BREACHES<br>
CONSOLIDATED LITIGATION<br>
CIVIL ACTION NO. 05-4182 "K" (2);

b. Information revealed during a deposition upon oral examination, if the Designating Party (i) has indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript that portions of the deposition contain CONFIDENTIAL INFORMATION; (ii) has instructed the court reporter on the record that, prior to distribution of the transcript to all counsel, a copy of the transcript should be provided to the Designating Party only, allowing said party twenty (20) business days to return the transcript to the court reporter with a written page and line designation of the portions of the transcript designated as confidential, and that the court reporter shall then attach the page and line designation to the transcript to be distributed to all counsel and indicate on the face page of the transcript: PORTIONS OF THIS DEPOSITION AS INDICATED IN

4

WRITING AND ATTACHED HERETO BY PAGE AND LINE

DESIGNATION ARE CONFIDENTIAL AND SUBJECT TO

PROTECTIVE ORDER IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA, CIVIL ACTION NO.

05-4182; and (iii) has provided any other counsel for the parties with the

written page and line designations at the same time and in the same manner

as provided to the court reporter.

c.      Information produced as part of Fed. R. Civ. P. 26 initial disclosures or in

response to discovery requests or in documents produced for inspection

prior to the execution of this Master Protective Order, if within fifteen (15)

business days of the entry date of this Master Protective Order, the

Producing Party designates as CONFIDENTIAL INFORMATION the

information or documents previously produced.

d.      Personal data identifiers as described in this court's general order of April

9, 2003, issued in compliance with the policy of the Judicial Conference of

the United States and the E-Government Act of 2002. In connection with

personal data identifiers, all parties must fully comply with this court's

April 9, 2003, general order.

4.      Access to information designated as CONFIDENTIAL INFORMATION

shall be limited to the following persons:

5

a.     Counsel of record in the Consolidated Litigation and in-house counsel for a Non-Designating Party in the Consolidated Litigation; such counsel's stenographic, clerical, and legal assistant employees; and such counsel's agents whose functions related to prosecuting or defending a lawsuit in the Consolidated Litigation require access to CONFIDENTIAL INFORMATION;

b.      Outside experts or consultants for a Non-Designating Party in the Consolidated Litigation who have been retained by such party in connection with the Consolidated Litigation, including their stenographic and clerical personnel, provided that such outside experts and consultants have reviewed this Master Protective Order and agree to be bound by its terms, subject to the written acknowledgment requirement in Paragraph 9 below;

c.     This court and its personnel, court reporters and videographers who record depositions or other testimony in this action;

d.     The author, addressees and recipients of the CONFIDENTIAL INFORMATION or any person who had access to such CONFIDENTIAL INFORMATION by virtue of his employment, and during a deposition to deposition witnesses presently employed by the Designating Party, unless otherwise prohibited by law, subject to the written acknowledgment requirement in Paragraph 9 below;

6

> e.   A deponent in a deposition in the Consolidated Litigation, but only if
> counsel for a Non-Designating Party establishes that it is necessary to share
> CONFIDENTIAL INFORMATION with the deponent, and the deponent is
> shown by a testimonial foundation during the deposition to have authored,
> viewed, received, or otherwise have knowledge of such CONFIDENTIAL
> INFORMATION, subject to the written acknowledgment requirement in
> Paragraph 9 below.

Nothing in this order relieves any party from following applicable federal or state law regarding the release of CONFIDENTIAL INFORMATION.

5.   In addition to the protections for CONFIDENTIAL INFORMATION described in this Master Protective Order, the parties and the court further recognize that in the cases designated in the "Insurance" umbrella in the Consolidated Litigation, some of the parties are competitors in the same industry. Thus, some CONFIDENTIAL INFORMATION subject to the terms of the Master Protective Order may be particularly sensitive for the business and proprietary purposes of the Designating Party. Such information may be identified by the Designating Party as "PARTY SENSITIVE CONFIDENTIAL INFORMATION." Designation of materials or information as PARTY SENSITIVE CONFIDENTIAL INFORMATION to protect business or proprietary information must be reserved for only those confidential documents, tangible items or information as to which the Designating Party has a good faith expectation that

disclosure to one or more other parties in the Consolidated Litigation may lead to a

specific or immediate injury to the Designating Party's commercial or proprietary

interests or give a commercial advantage to other parties in the Consolidated Litigation

who are market competitors of the Designating Party. When so designated, PARTY

SENSITIVE CONFIDENTIAL INFORMATION shall be subject to more stringent use

conditions and such use shall be regulated by this Master Protective Order. Any

information designated as PARTY SENSITIVE CONFIDENTIAL INFORMATION will

only be made available for review or use by the individuals identified in 6(a) – 6(d)

below. At this time, PARTY SENSITIVE CONFIDENTIAL INFORMATION will not

be loaded to the Central Repository, but the parties agree to discuss this issue as discovery

progresses. The Designating Party will provide notice to Liaison Counsel of the

production of PARTY SENSITIVE CONFIDENTIAL INFORMATION. Such

information shall not be further disclosed without prior written permission from the

Designating Party. If the Designating Party objects to any proposed further disclosure, no

such disclosure shall be made unless the court, upon application by the party requesting

such permission, orders otherwise. A Designating Party may later choose to de-designate

certain PARTY SENSITIVE CONFIDENTIAL INFORMATION and any such

information shall then be treated as CONFIDENTIAL INFORMATION as described in

this Master Protective Order.

6.     Access to information designated as PARTY SENSITIVE INFORMATION

shall be limited to the following persons:

      a.     Counsel of record for particularly identified Non-Designating Parties

as identified by the Designating Party in the particular lawsuit in

which production is made and in-house counsel for such identified

Non-Designating Parties in that particular lawsuit; such counsel's

stenographic, clerical, and legal assistant employees; and such

counsel's agents whose functions related to prosecuting or defending

a lawsuit require access to PARTY SENSITIVE CONFIDENTIAL

INFORMATION;

      b.     Outside experts or consultants for the particularly identified

Non-Designating Parties who have been retained by such Non-

Designating Party solely in connection with the particular individual

Insurance Umbrella lawsuit in which the PARTY SENSITIVE

CONFIDENTIAL INFORMATION is disclosed, including their

stenographic and clerical personnel provided that such outside

experts and consultants have reviewed this Master Protective Order

and agree to be bound by its terms subject to the written

acknowledgment requirement in Paragraph 9 below;

c.     This court and its personnel, court reporters and videographers who record depositions or other testimony in this action; and

d.     The author, addressees and recipients of the PARTY SENSITIVE CONFIDENTIAL INFORMATION or during a deposition to any deposition witnesses presently employed by the Designating Party, unless otherwise prohibited by law, subject to the written acknowledgment requirement in Paragraph 9 below.

7.     Information to be treated under this Master Protective Order as PARTY SENSITIVE CONFIDENTIAL INFORMATION shall include information, documents and other tangible materials produced as part of Fed. R. Civ. P. 26 initial disclosures and in response to discovery requests or in documents produced for inspection provided that, prior to delivery to the particularly identified Non-Designating Party, the responses or copies are marked by the Designating Party with the following legend:

PARTY SENSITIVE CONFIDENTIAL INFORMATION
PRODUCED PURSUANT
TO PROTECTIVE ORDER
[CAPTION OF THE PARTICULAR INSURANCE
UMBRELLA CASE(S) FOR WHICH THE
DOCUMENT/INFORMATION IS BEING PRODUCED]

8.     CONFIDENTIAL INFORMATION and PARTY SENSITIVE CONFIDENTIAL INFORMATION shall not be made public by the Non-Designating Party, and shall be used by or disclosed only to those persons permitted access to it under Paragraphs 4 or 6. Each party agrees that it and its counsel shall treat as confidential all

10

information designated as CONFIDENTIAL INFORMATION and PARTY SENSITIVE

CONFIDENTIAL INFORMATION.

9.      Prior to the disclosure of any CONFIDENTIAL INFORMATION or

PARTY SENSITIVE CONFIDENTIAL INFORMATION to any persons other than those

described in Paragraphs 4(a), 4(c), 6(a) or 6(c), counsel for the Non-Designating Party

shall provide such persons with a copy of this Master Protective Order and shall have

such persons execute a copy of the acknowledgment attached hereto as Exhibit A.

Counsel for the Non-Designating Party shall maintain the original acknowledgment of

such person during the pendency of the Consolidated Litigation and the particular lawsuit

in which production is made. Any such acknowledgment shall be made available for

inspection by counsel for any other party upon a showing of good cause.

10.     If a party wishes to disclose any information designated as

CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL

INFORMATION to any persons not described in Paragraphs 4 or 6 of this Master

Protective Order, prior permission to so disclose must be obtained from the Designating

Party in writing. The Designating Party may in good faith object if such objection is not

interposed for purposes of delay. If the Designating Party objects to the proposed

disclosure, no such disclosure shall be made unless this court, upon motion by the party

requesting such permission, noticed for hearing, orders otherwise.

11.     The parties are instructed that the court's record is a public record. If a party wishes to file with the court any document containing information that has been designated CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION, that party must fully comply with the provisions of the standing order of the United States District Court for the Eastern District of Louisiana dated July 26, 2006, which is available on this court's website, http://www.laed.uscourts.gov. Pleadings or briefs must not disclose CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION, but instead must refer to such materials or information generally as Attachments or Exhibits to the brief or pleading accompanied by the necessary filing concerning such Attachments or Exhibits to be treated under the court's July 26, 2006 Standing Order.

12.     The acceptance of CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession, or create an inference that the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION is in fact confidential. Any Non-Designating Party may at any time request the Designating Party to remove the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the Designating Party and shall particularly identify the designated CONFIDENTIAL INFORMATION or PARTY

12

SENSITIVE CONFIDENTIAL INFORMATION that the Non-Designating Party

contends is not confidential and the reasons supporting that contention. If after ten (10)

business days, the Designating Party does not agree to remove the CONFIDENTIAL

INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION

designation, then the party contending that such documents or information are not

confidential may request by motion that the court remove such information from the

restrictions of this Master Protective Order. The burden of demonstrating that the

information should be treated as CONFIDENTIAL INFORMATION or PARTY

SENSITIVE CONFIDENTIAL INFORMATION shall be on the Designating Party.

However, the Non-Designating Party may request that the motion be heard on an

expedited basis for an order shortening time if a scheduled deposition or court date could

be delayed or cancelled. In addition to the procedures described above, the following

shall apply to the designation process:

      a.      A party shall not be obligated to challenge the propriety of a

confidential designation at the time that designation is made, and

failure to so challenge does not preclude a subsequent challenge;

      b.      With permission of the court, either the Designating or Non-

Designating Party may request a short informal discovery conference

to be held telephonically with the court in order to avoid the need for

any motion; and

      c.      The parties shall attempt in good faith to combine as many issues under this Master Protective Order as possible so that matters can be handled efficiently and effectively.

13.     Inadvertent failure to designate any information pursuant to this Master Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) business days of the discovery of the inadvertent failure. At such time, arrangements shall be made for return of all copies of the inadvertently undesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies. Payment of the reasonable expenses of such effort may be addressed separately by agreement of the parties or with the court.

14.     The court's Case Management Order No. 4 shall govern inadvertently produced CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION in the same manner as described for privileged and/or work product documents. However, this Master Protective Order does not supersede or modify any other order with respect to the procedures and protections for privileged or otherwise protected information.

15.     The restrictions and obligations set forth in this Master Protective Order relating to CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION shall not apply to any information which: (i) the

Designating Party agrees (and the Designating Party is not otherwise prohibited from agreeing and/or disclosing), or the court rules, has been previously produced, disclosed or made available to the public or otherwise available for public access; (ii) the Designating Party agrees (and the Designating Party is not otherwise prohibited from agreeing and/or disclosing), or the court rules, has become public knowledge other than as a result of disclosure that is in violation of other provisions of this Master Protective Order; (iii) is in the Non-Designating Party's legitimate possession independently of production herein by the Designating Party and is not marked confidential; or (iv) the Designating Party agrees (and the Designating Party is not otherwise prohibited from agreeing and/or disclosing), or the court rules, has not been preserved or maintained in a manner calculated to preserve its confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions with any person regarding CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

16.     If any party subject to this Master Protective Order, or its counsel, receives a subpoena, discovery demand or any other demand or request for any CONFIDENTIAL INFORMATION or PARTY SENSITIVE INFORMATION, that party or its counsel shall immediately notify the Designating Party and all other parties subject to this Master Protective Order or their counsel of that event. The Non-Designating Party receiving the subpoena, discovery demand or any other demand or request for any CONFIDENTIAL

INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION will

reasonably cooperate with the Designating Party to permit the Designating Party to assert

its rights and privileges with respect to the CONFIDENTIAL INFORMATION or

PARTY SENSITIVE CONFIDENTIAL INFORMATION. The parties agree that the

reasonable expenses of such cooperative effort are not covered by this Master Protective

Order and that those reasonable expenses, if any, may be addressed separately by

agreement of the parties or with the court. The Designating Party shall bear the burden of

asserting its rights and privileges with respect to the CONFIDENTIAL INFORMATION

or PARTY SENSITIVE CONFIDENTIAL INFORMATION.

17.     If a third party provides discovery to any party in connection with this

action, and if the third party so elects (by means of a letter to all undersigned counsel

indicating such election), then the provisions of this Master Protective Order shall apply

to such discovery as if such discovery were being provided by a party. Under such

circumstances, the third party shall have the same rights and obligations under this Master

Protective Order as held by a producing party under this Master Protective Order;

provided, however, that such third party shall not have access to CONFIDENTIAL

INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION produced

by the parties to the Consolidated Litigation simply by virtue of such third party's status

as a producing party in any lawsuit.

16

18.     This Master Protective Order shall not prevent any party from applying to the court for relief therefrom or amendments or modification to it, or from applying to the court for further or additional protective orders.

19.     This Master Protective Order shall survive the termination of this action.

20.     After final termination of the Consolidated Litigation, counsel for the Non-Designating Party either shall return all CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION in his or her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Non-Designating Party to counsel for the Designating Party or shall certify destruction thereof to such counsel. In addition, after final termination of any particular Insurance Umbrella case, counsel for the Non-Designating Party either shall return all CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION provided in connection with such case that is in his or her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Non-Designating Party to counsel for the Designating Party or shall certify destruction thereof to such counsel. As to CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION maintained or stored in computer databases or backup tapes, the Non-Designating Party shall delete all such CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL

17

INFORMATION. Notwithstanding the foregoing, however, counsel of record may retain their file copies of court filings, deposition or hearing transcripts and exhibits, and correspondence, EXCEPT that any copies of documents labeled CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION that are included as exhibits or attachments to court filings, deposition or hearing transcripts, or correspondence shall either be returned to the Designating Party or the counsel of record will certify as to their destruction. The parties agree that the reasonable expenses of such effort are not covered by this Master Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement of the parties or with the court.

21.    Except as otherwise provided herein, all parties and persons to whom CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION is disclosed are prohibited from using CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION, except as provided herein, and are further prohibited from disclosing CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION to any other person, except in accord with the provisions of this Master Protective Order.

22.    Breach of the provisions of this Master Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the court.

23.     The United States District Court for the Eastern District of Louisiana retains

jurisdiction to enforce and/or modify the provisions of this Master Protective Order,

regardless of the resolution of one or more of the lawsuits in the Consolidated Litigation.

**SO ORDERED:**

New Orleans, Louisiana, this __14th__ day of Setpember,

2007.

_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

_____

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

19

**EXHIBIT A**

**ACKNOWLEDGMENT OF OBLIGATION**

I, the undersigned, hereby acknowledge that I have read the attached Master Protective Order entered in the United States District Court for the Eastern District of Louisiana in the consolidated lawsuits styled In re: Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182, Section "K"(2). I understand the terms of this Master Protective Order and agree to be bound by all the terms thereof. Without limiting the generality of the foregoing statement, I agree not to disclose any document or information designated as CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION pursuant to the terms of this Master Protective Order (or any copies, extracts, summaries, or information otherwise derived therefrom) to any person or entity not authorized under this Master Protective Order to receive such information. I further agree to use any CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION disclosed to me in connection with the lawsuit in which the CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION was produced solely for the purposes of the lawsuit(s) listed below by their U.S.D.C./E.D.La. Civil Action Number and for no other purposes. I further acknowledge and agree that the terms of this Master Protective Order are enforceable against me by any party to the above referenced consolidated litigation both during and after the conclusion of the lawsuit. I further agree and submit to the jurisdiction of, and consent to the enforcement of the terms of this Master Protective Order in, the United States District Court for the Eastern District of Louisiana.

Date: _____     Signature: _____

Print Name: _____

List of Lawsuits:

_____

_____

_____