UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION

PERTAINS TO:          NO. 05-4182
LEVEE (DePass., No. 06-5127)

         SECTION "K"
         JUDGE DUVAL
         MAGISTRATE KNOWLES

**ORDER GRANTING MOTION TO AMEND # 6798**

       Before the Court is the DePass Plaintiffs' Motion for Leave to File Third Amendment to the Complaint (Doc. #6798) which was the subject of oral hearing and deemed submitted for determination. Both Jefferson Parish and the United States of America filed opposition memoranda (Doc. ## 6983 and 7006), highlighting their pending Motions to Dismiss the DePass Plaintiffs' extant claims (Doc. ## 1523/3549 and 6646-2) as well as the untimeliness of plaintiffs' third attempt to amend. *See* March 1, 2007 Case Management Order No. 4 (CMO 4/Doc. # 3299). Plaintiffs filed a formal Reply (Doc. #7150) arguing that, on August 11, 2007, the district judge granted leave to amend to assert claims against the United States, *inter alia* (Doc. #3315), any prejudice may be cured by allowing additional briefing in connection with defendant's pending Rule 12(b) motions, the proposed amendments merely clarify their positions, add no new parties and are not interposed

1

in bad faith and that futility should be addressed by the district judge in the context of defendants' Rule 12(b) motions to dismiss for lack of jurisdiction and failure to state a claim. For the following reasons, the motion is GRANTED.

Plaintiffs filed their motion for leave on August 2, 2007 (after the pleading deadline had lapsed). *See* CMO4 at pp. 12-13 (noting that the deadline for amending pleadings has lapsed and that no further amendments will be permitted except upon motion based on a showing of good cause as required by Fed. R. Civ. P. 16(b)). When a scheduling order deadline issued by the district court has expired, Federal Rule of Civil Procedure 16(b) governs the amendment of the pleadings. *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). To establish "good cause," a party needing an extension must demonstrate to the court that the deadlines cannot reasonably be met despite the party's due diligence. *S & W Enterprises, 315 F.3d at 535* (*citing* 6A Charles Alan Wright, Federal Practice and Procedure § 1522.1 (2d ed.1990)). Once the moving party demonstrates good cause to modify the scheduling order deadline, the court may address whether amendment is proper under the more liberal standards of Federal Rule of Civil Procedure 15(a). *Id*. at 536; *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005).[1]

Four factors are weighed to determine whether to grant or deny untimely motions for leave to amend: (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a

---

[1] Rule 15(a) instructs that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

continuance to cure such prejudice. *S & W Enterprises*, 315 F.3d at 536.

In this case, three of the four factors weigh in favor of finding Rule 16(b) "good cause." Indeed, the proposed amendments merely clarify and elaborate upon the allegations previously made, add no new parties and simply flesh out facts plaintiffs contend are pertinent to their claims against the United States and the Parish, *inter alia*. The importance of plaintiffs' amendments weigh in their favor considering that the defendants contend that the DePass plaintiffs have failed to state a claim. The undersigned notes that, while a scheduling order has been imposed by the district judge, no "responsive pleading" within the meaning of Rule 15(a) has been filed, initial disclosures have not yet been exchanged and discovery has not commenced. These procedural facts argue against any finding of bad faith/dilatory motive or prejudice to the defendants. As to the potential prejudice identified by the defendants, any such prejudice could be cured by allowing additional time for the United States and Jefferson Parish to supplement their respective pending Rule 12(b) Motions to Dismiss. Considering that prejudice could essentially be cured with an extended briefing schedule applicable to the pending jurisdictional motions, this factor also weighs in the DePass Plaintiffs' favor.

Because good cause has been demonstrated, reference to Federal Rule of Civil Procedure 15(a) is appropriate. Leave to amend should be "freely given" as required by the Federal Rules of Civil Procedure. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether leave to amend should be granted, the court may consider the following factors: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failure to correct deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Id*. The Court has already determined that Plaintiffs did not *unduly* delay filing its motion for leave to amend

3

and that defendants would not be prejudiced by the amendment.  Nothing indicates that plaintiffs' motion for leave was made in bad faith and plaintiffs' motion does not reflect a repeated failure to correct a pleading deficiency *in the face of a court order to do so.*  Finally, plaintiffs seek to amend their complaint to assert facts which illustrate a potentially viable claim.  Whether the plaintiffs have stated a legally cognizable claim is a matter for the district judge to determine in the context of the pending motions to dismiss.

Considering the aforesaid factors, the written submissions of the parties and pursuant to the hearing,

**IT IS ORDERED** that the DePass Plaintiffs' Motion for Leave to File Third Amended Complaint #6798 is GRANTED.

New Orleans, Louisiana, this 17th day of September, 2007.

*/s/ Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**