UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" MAG "2" |
| PERTAINS TO:<br>INSURANCE (XAVIER UNIVERSITY<br>OF LOUISIANA V. TRAVELERS<br>CASUALTY PROPERTY COMPANY<br>OF AMERICA NO. 06-516) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE HEARING ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT REGARDING COLLATERAL SOURCE AND RETROACTIVITY OF ACT 813

**May It Please the Court:**

Plaintiff, Xavier University of Louisiana, ("Xavier"), submits the following memorandum in support of its Motion to Continue the October 3, 2007 hearing on its Motion for Partial Summary Judgment Regarding Collateral Source (the "Collateral Source Motion") and Motion for Partial Summary Judgment Regarding Retroactivity of Act 813 (the "Retroactivity Motion").

In *Exxon Co. v. Banque De Paris Et Des Pays-Bas,* the United States Fifth Circuit Court of Appeals held that a "federal court sitting in diversity is **bound** to follow decisions of the state's intermediate appellate courts unless it is 'convinced by other persuasive data that the highest court

of the state would decide otherwise."[1] Last week, the Louisiana Fourth Circuit Court of Appeal heard argument in *Sher v. Lafayette Insurance Co.* Counsel for Travelers Property Casualty Company of America ("Travelers") enrolled for and argued on behalf of the defendant/insurer.

In *Sher*, the Fourth Circuit will decide whether (1) the "collateral source" doctrine prohibits a property insurer from reducing the insured's recovery by the amount of payments received from the National Flood Insurance Program and (2) Act 813, which increased the penalties in Louisiana Revised Statute § 22:658, applies retroactively. These are the two exact issues presented to this Court in the Collateral Source Motion and Retroactivity Motion. Because this Court is, under *Exxon*, bound to follow the Fourth Circuit's rulings, Xavier submits that it would be fair and judicially efficient if this Court continues the hearing on these motions until the Fourth Circuit issues an opinion in *Sher*.

## I.   **The Collateral Source Motion**

In its Collateral Source Motion, which was filed on June 22, 2007, Xavier argued that there were two "independent sources of coverage" for damage caused by various levee breaches, the Travelers policy and the policy issued pursuant to the National Flood Insurance Program ("NFIP"). Xavier agrees with Travelers that the "entire premise" of this motion has been "obviated" by the Fifth Circuit's August 2, 2007 opinion in *In re Katrina Canal Breaches Litigation*.[2] More specifically, because the Fifth Circuit held that damage arising from the failure of "flood-control structures" is excluded under the policy, there is, under this ruling, only <u>one</u> source of recovery, *i.e.*,

---

[1] 889 F. 2d 674, 676 (5th Cir. 1989) (emphasis added).

[2] *See* Travelers' Memorandum of Law in Opposition to Xavier's Collateral Source Motion ("Opposition"), p. 3.

the NFIP, for Xavier's breach-related damages. The Fifth Circuit will not, however, have the last word on a fundamental state law issue — the proper interpretation of the "water damage" exclusion.

In *Sher v. Lafayette*, the district court agreed with this Court and concluded that the so-called "flood" exclusion was ambiguous. The insurer, Lafayette Insurance Company ("Lafayette"), appealed that ruling. In this appeal, one of the issues was whether the "collateral source" rule applied to the insured's recovery of proceeds pursuant to the NFIP.[3] In his brief, Mr. Sher argued that, under the "collateral source" rule, Lafayette would not be entitled to a credit for any NFIP proceeds received by him.[4]

Thus, when the Fourth Circuit issues its opinion in *Sher*, it will decide whether the "collateral source" rule applies in the Katrina insurance context. Because this Court will be "bound" to follow the Fourth Circuit's opinion, Xavier submits that, to avoid conflicting rulings, this Court should continue the hearing on the Collateral Source Motion until the Fourth Circuit's decision in *Sher*.

## II. Retroactivity Motion

In *Sher,* the district court applied the current version to Louisiana Revised Statute § 22:658, as amended by Act 813, to the insured's bad faith claims. In his appellee brief, Mr. Sher argues that the current version of §22:658 governs the bad faith claims because the Legislature intended Act 813 to apply retroactively.[5] Thus, as with the "collateral source" issue, the Fourth Circuit will decide whether Act 813 applies retroactively. It will, therefore, be judicially inefficient for this Court to

---

[3] *See* Joseph Sher's Appellee Brief and Brief in Support of Answer to Appeal, p. vii, attached hereto as Exhibit "1."

[4] *See id.*, page 41 of 58.

[5] *See id.*, page 29 of 58.

3

opine on this state law issue when a "binding" decision from an intermediate appellate court should be issued in the next few weeks.

### III. Conclusion

For the foregoing reasons, Xavier requests that this Court continue the October 3, 2007 hearing on the Collateral Source Motion and the Retroactivity Motion.

Respectfully Submitted,

_____
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
 COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

AND

CALVIN C. FAYARD, JR., #5486
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Telephone: 225-664-4193
Fax: 225-664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

_____
JAMES M. GARNER