# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |

**PERTAINS TO:  BARGE**

| | |
|---|---|
| *Mumford v. Ingram* | **C.A. No. 05-5724** |
| *Boutte v. Lafarge* | **C.A. No. 05-5531** |
| *Lagarde v. Lafarge* | **C.A. No. 06-5342** |
| *Perry v. Ingram Barge* | **C.A. No. 06-6299** |
| *Benoit v. Lafarge* | **C.A. No. 06-7516** |
| *Parfait Family v. USA* | **C.A. No. 07-3500** |
| *Lafarge v. USA* | **C.A. No. 07-5178** |

## <u>CASE MANAGEMENT AND SCHEDULING ORDER NO. 5</u>

The seven (7) referenced cases, which all involve claims that a breakaway barge was either the cause or a contributing cause of a breach of the levee/floodwall on the east side of the Industrial Canal during Hurricane Katrina have now been brought into the captioned Katrina Canal Breaches Consolidated Litigation.  This consolidation has occurred because the seven (7) referenced cases also include third-party and (in one case, <u>Parfait</u>, C.A. No. 07-3500) direct claims that other fault caused or contributed to the breach, claims similar to those asserted in the Levee and MRGO case categories in the consolidated litigation.  The Court has classified these seven (7) cases involving claims concerning a barge within the overall consolidated umbrella into the separate case category referred to as "Barge."

The court has reviewed and considered the various case management proposals and Rule 26(f) reports previously submitted by the parties. Record Doc. Nos. 722, 723, 724, 725, 726, 727, 728 and 733. The proposals are so divergent in their approaches and offer so little common ground that the Court finds them largely unhelpful. Nevertheless, having considered the proposals of the parties and the record, and acting pursuant to Fed. R. Civ. P. 16,

**IT IS ORDERED** that the seven (7) Barge cases consolidated under this umbrella must now proceed as follows:

I.      PARTY CATEGORIES

(A)     Limitation of Liability Petitioners

The maritime limitation of liability actions that were formerly consolidated with most of these cases before Chief Judge Berrigan are not part of these proceedings. All claims against the limitation petitioners, Ingram Barge Company, Joseph C. Domino, Inc. and Unique Towing, Inc., and their insurers, will proceed in the matters retained by Chief Judge Berrigan. To whatever extent, if any, that claims have been asserted in any of the referenced matters against the above-named limitation of liability petitioners and/or their insurers in the referenced civil actions, those claims are stayed.

2

(B)     Party Categories in These Cases

For purposes of discovery limitations and other proceedings provided in this order, the parties are classified in the following categories:

(1)     Plaintiffs

(2)     State and Local Government Entities (Orleans Levee District, Lake Borgne Levee District, New Orleans Sewerage and Water Board, Port of New Orleans and their insurer(s))

(3)     Barge Interests (Lafarge and Zito defendants and their insurers)

(4)     the United States

II.     PLEADINGS

(A)     Answers

All parties against whom claims have been asserted in these cases who have not yet filed answers must file their answers no later than **September 28, 2007**. This requirement applies to all parties, regardless whether they have made or anticipate making any other appearance via Rule 12(b) motion or otherwise.

(B)     Pleading Deadline

Except as required above, no further pleadings, amendments to pleadings, addition of parties, third-party actions, cross-claims and counterclaims will be allowed, except on

motion, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P. 16(b).

(C)    Master Pleadings

Unlike the Levee and MRGO categories of cases that are proceeding as part of this consolidated litigation, the Barge category of cases includes only seven (7) cases, only four (4) of which contain class action allegations. Accordingly, the Court finds no need for the filing of a Master Class Action Complaint.

III.    CLASS CERTIFICATION

Plaintiffs have stated in their "Unilateral FRCP 26(f) Submission" that "no impediment exists to class certification at this time." Record Doc. No. 726 at unnumbered final page. It appears that class certification in this matter may be determined on paper, without the need for presentation of live testimony. Accordingly, class certification proceedings will proceed as follows:

(A)    Class Certification Motion

Plaintiffs must submit any motion for class certification, fully supported by any necessary evidence in the form of affidavits, deposition transcripts and/or verified documents or other materials, and accompanied by a supporting memorandum of law, no later than **October 30, 2007**.

4

(B)     <u>Class Certification Discovery</u>

All discovery related to class certification must be completed no later than **February 29, 2008**.

(C)     <u>Opposition</u>

Defendants and/or third-party defendants must file their written opposition to any motion for class certification, fully supported by any necessary evidence in the form of affidavits, deposition transcripts and/or verified documents or other materials, and accompanied by a supporting memorandum of law, no later than **March 31, 2008**.

(D)     <u>Reply</u>

Plaintiffs may file a reply to defendants' opposition to any motion for class certification no later than **April 14, 2008**.

(E)     <u>Hearing</u>

Oral argument will be heard concerning any motion for class certification on **April 28, 2008 at 9:00 a.m.** before Judge Duval.

IV.     <u>DISCLOSURES</u>

(A)     <u>Initial Disclosures</u>

In light of the discovery and other proceedings that have already occurred in these cases, no disclosures pursuant to Fed, R. Civ. P. 26(a)(1) will be required.

(B)   <u>Fact Witness and Exhibit List Disclosures</u>

   (1)   <u>Preliminary and Periodic Witness and Exhibit List Disclosures</u>

   No later than **November 20, 2007**, all parties must file Preliminary Lists of Fact Witnesses who may or will be called to testify at trial and Preliminary Lists of Exhibits that may or will be introduced at trial.  The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible. These lists must include, for each fact witness, their names, addresses, and anticipated subject matter of their testimony. [Mere descriptions of the anticipated testimony as "fact" will not suffice.]   All parties through their counsel are under a continuing obligation to file updated witness and exhibit lists on the 20th day of every month, until the Final Lists of Witnesses and Exhibits are due, so as to facilitate regular and ongoing preparation for trial.  The parties are encouraged to consolidate and coordinate their witness and exhibit lists by the party categories described in Paragraph I(B) herein.

   (2)   <u>Final Witness and Exhibit List Disclosures</u>

   No later than **March 20, 2008**, Final Lists of Fact Witnesses who may or will be called to testify at trial and Final Lists of Exhibits that may or will be introduced at trial must be filed by all parties.   No witness who is not identified in these lists will be permitted to testify and no exhibit that is not identified in these lists will be permitted to

6

be used at trial, unless there has been full compliance with this order as it pertains to the witness and/or exhibits, without an order to do so on motion for good cause shown.

(C)     Expert Disclosures

All disclosure and discovery concerning expert witnesses is addressed in Paragraph V(F) below.

V.     DISCOVERY

Discovery is now open as to all issues, and will be completed as follows:

(A)     Written Discovery

Except as otherwise provided by the Court, all written discovery (interrogatories, requests for production and requests for admissions) to other parties in these cases must be issued no later than **October 12, 2007** and is limited as follows:

(1)     Plaintiffs (as a single group) may serve no more than 50 interrogatories, including sub-parts, 50 requests for production and 50 requests for admissions, to each party category identified in Paragraph I(b) above (i.e., 50 to the State and local Government entities as a single group; 50 to the Barge entities as a single group; and 50 to the United States).

(2)     The State and Local Government entities (as a single group) may serve no more than 50 interrogatories, including sub-parts, 50 requests for production and 50 requests for admissions, to each party category identified in Paragraph I(b) above (i.e.,

7

50 to the plaintiffs as a single group; 50 to the Barge interests as a single group; and 50 to the United States).

(3)    The Barge interests (as a single group) may serve no more than 50 interrogatories, including sub-parts, 50 requests for production and 50 requests for admissions, to each party category identified in Paragraph I(b) above (i.e., 50 to the State and local Government entities as a single group; 50 to the plaintiffs as a single group; and 50 to the United States).

(4)    The United States may serve no more than 50 interrogatories, including sub-parts, 50 requests for production and 50 requests for admissions, to each party category identified in Paragraph I(b) above (i.e., 50 to the State and local Government entities as a single group; 50 to the Barge interests as a single group; and 50 to the plaintiffs).

(5)    Counsel for the individual parties within each Party Category must coordinate the preparation and submission of this written discovery with each other.

(6)    Written responses to all interrogatories, requests for production and requests for admissions must be provided no later than **November 30, 2007**.  Individual entities within particular Party Categories must provide separate responses. Written discovery directed to each individual named plaintiff must be answered individually.

(7)     No extensions of the foregoing deadlines for submission of written discovery or the responses thereto will be permitted, except on motion and order for good cause shown.

(8)     The parties must confer concerning, and attempt in good faith to agree upon, any additional or supplemental written discovery requests not described above. In the absence of written agreement among all counsel or order of the Court, no further written discovery may be propounded by any party to any other party with prior order of the Court issued after motion, noticed for hearing before the magistrate judge, establishing good cause.  Any such motion for leave must attach as exhibits the proposed written discovery requests.  All additional or supplemental written discovery stipulated to by the parties or permitted by the Court must be completed no later than **May 16, 2008**.

(B)     <u>Document Production Among Parties</u>

(1)     Parties are prohibited from serving subpoenas for document production or Rule 30(b)(5) requests for production on other parties to this litigation.  All requests for production of documents among parties to this litigation must be conducted pursuant to Fed. R. Civ. P. 34.

(2)     Actual production, inspection, and related Rule 34 activities in response to requests for production must be scheduled and coordinated by counsel in a mutually

9

convenient fashion. All protocols and orders of the Court concerning document production by the United States, the evidence repository of United States materials, privileged materials, clawback provisions, and the master protective order entered in the Levee and MRGO case categories of the Katrina Canal Breaches Consolidated Litigation also apply in the Barge category of cases.

Documents that have been made available by the United States on the IPET website, https://ipet.wes.army.mil, need not be reproduced in response to any document request herein. Large-scale document production in response to particular requests may be accomplished on a rolling basis but must be made in a timely fashion, supplemented no less frequently than the 20th day of each month.  All document production must be completed no later than **February 29, 2008**.

(C)     <u>Production Subpoenas to Non-Parties</u>

Any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45, but shall notice testimonial depositions of non-parties in accordance with the other provisions of this order. A copy of any subpoena issued shall be filed into the record contemporaneously with service of the subpoena.  All subpoenas for document production to non-parties must be served in time for responses reasonably to be obtained no later than **February 29, 2008**.  No Rule 45 subpoena with a return date for document production after **February 29, 2008** may be

issued to a non-party without prior order of the Court, issued after motion, noticed for hearing before the magistrate judge, establishing good cause.

(D)    Mental/Physical Examinations

Claims asserted by some plaintiffs in these cases may be appropriate for employment of the procedures contemplated by Fed. R. Civ. P. 35.  Counsel are required to confer with each other in good faith concerning any such request, and reach agreements as to any such examinations, where appropriate.  Any such agreements must be memorialized in writing between counsel in the manner contemplated by Fed. R. Civ. P. 29.  In the absence of such written agreement, Fed. R. Civ. P. 35 applies.  All Rule 35 examinations must be completed no later than **May 16, 2008**.

(E)    Fact Depositions

(1)    The requirement of Fed. R. Civ. P. 30(a)(2)(A) that leave of court be obtained prior to taking more than ten (10) depositions is eliminated.  The Court may impose presumptive limits on the number of fact depositions that may be noticed without leave of court in a subsequent order as provided herein.

(2)    Absent written agreement of all counsel or order of the Court based on motion for good cause shown, the duration of all depositions, fact and expert, is limited as provided in Fed. R. Civ. P. 30(d).  In addition, a single seven-hour long Rule 30(b)(6) deposition will be allowed of each entity defendant and/or entity third-party defendant

and of each non-party corporation, partnership, limited liability company, or other organization. No further Rule 30(b)(6) depositions of a defendant or of a non-party shall be allowed absent written agreement of the Liaison Counsel and the deponent or order of the court.

(3)     A copy of any deposition notice issued shall be filed into the record of this proceeding.

(4)     Counsel are ordered to meet and confer as soon as practicable with Liaison Counsel in the Levee and MRGO categories of cases with respect to scheduling, coordinating and minimizing duplicative fact depositions and must propose appropriate procedures and/or deposition scheduling orders to the Court, as necessary. The Court anticipates that the testimony of some witnesses and/or non-party entities to be taken in the Levee and MRGO case categories may also be relevant to certain claims in the Barge case category. The Court intends that such depositions will be taken only once for use in all three case categories.

(5)     No later than **November 30, 2007**, counsel must provide to the magistrate judge a written report concerning the scheduling of fact depositions. The report must describe the efforts made with Liaison Counsel in the MRGO and Levee cases categories to coordinate depositions for use in all three case categories and must propose limits on the number of fact witness depositions that may be conducted without prior leave of

court, with an explanation supporting each proposed limit. Thereafter, the Court may require supplemental reports concerning the scheduling and number of fact depositions and impose numerical limits, as appropriate.

(6)     All fact witness depositions, including depositions for trial use, must be completed no later than **May 16, 2008**.

(7)     Except as otherwise provided herein, the "Special Provisions Regarding All Depositions" provided in Case Management Order No. 4, Record Doc. No. 3299, Paragraph IV(F) apply.

(F)     <u>Experts</u>

Disclosures and discovery concerning expert witnesses who may testify at trial in the Barge category of cases will proceed as follows:

(1)     <u>Limits</u>

By subsequent order, the Court will impose limits on the number of expert witnesses whose testimony may be offered at trial.  These limits will be imposed after the Court receives the following disclosures from all parties.

(a)     No later than **November 30, 2007**, plaintiffs must file a single list of all expert witnesses who may be used at trial to present evidence under Fed. R. Evid. 702, 703 or 705.

(b)     No later than **December 30, 2007**, the Barge interests, State and Local Government entities and the United States, must file their lists of all expert witnesses who may be used at trial to present evidence under Fed. R. Evid. 702, 703 or 705.

(c)     For each such expert witness, the foregoing lists must provide the full name, business address, employment affiliation with any entity, field of proffered expertise, and a brief description of the general subject matter about which the witness will testify.

(d)     As to only those fields of expertise included on defendants' list that plaintiffs have not previously identified any expert, plaintiffs may supplement their list in that field(s) of expertise only, no later than **January 31, 2008**.

(e)     As to all experts identified in the foregoing lists, a brief resume or curriculum vitae for the expert must accompany the list.

(f)     Counsel are directed to avoid duplicating experts in the same fields of expertise.  After review of these disclosures, the Court, in consultation with counsel, will impose limits on the number of experts who may be used.

(2)     All reports of expert witnesses must comply fully with the requirements of Fed. R. Civ. P. 26(a)(2)(B). Drafts of expert reports shall not be discoverable or admissible for any purpose including impeachment.

14

(3)     Plaintiffs' deadline to produce expert reports is **March 31, 2008**.

(4)     Defendants' deadline to produce expert reports is **April 30, 2008**.

(5)     The depositions of plaintiffs' experts shall be completed no later than **August 18, 2008**.

(6)     The depositions of defendants' and third-party defendants' experts shall be completed no later than **September 19, 2008**.

(7)     Counsel are ordered to meet and confer as soon as practicable with Liaison Counsel in the Levee and MRGO categories of cases with respect to scheduling, coordinating and minimizing duplicative expert reports and depositions and must propose appropriate procedures and/or deposition scheduling orders to the Court, as necessary. The Court anticipates that the testimony of some expert witnesses in the Levee and MRGO case categories may also be useable as to certain claims in the Barge case category. If so, the Court intends that such reports and depositions will occur only once for use in all three case categories.

VI.     <u>MOTIONS</u>

(A)     <u>Rule 56 Motions – Prior Approval</u>

Prior to filing a motion for summary judgment, including a motion for partial summary judgment, counsel shall schedule and appear for a status conference before Judge Duval at which time the motion will be discussed by all parties. Counsel for any

party may participate by telephone if the Court is furnished with a telephone number at least two working days prior to the conference.

(B)   <u>General Procedures</u>

(1)   All motions must be submitted in conformity with the Local Rules of this Court and the applicable Federal Rule of Civil Procedure. Oral argument requests are governed by Local Rule 78.1E, and dates for any oral argument of motions granted by the Court will be scheduled by the judge who will hear such motion.

(2)   All contested pretrial motions concerning discovery must be noticed for hearing before the magistrate judge.

(3)   All pretrial motions, including motions in limine regarding the admissibility of expert testimony (<u>Daubert</u>) and all other motions in limine, must be filed no later than **October 16, 2008**, and noticed for hearing pursuant to this order on **January 15, 2009**.

(4)   Written opposition to any motions filed on or within fourteen (14) days of the foregoing deadline must be filed no later than **November 17, 2008**.

(5)   Reply memoranda shall be filed no later than **December 15, 2008**.

(6)   After the filing of these motions, counsel in the Barge cases will confer with the Court in conjunction with Liaison Counsel in the Levee and MRGO cases on **January 8, 2009 at 1:30 p.m.** concerning the scheduling of Oral Argument thereon and will be reset for Oral Argument as is seen necessary.

(7)     Any motions filed for hearing in violation of this order or the applicable Local Rules shall be deemed waived unless good cause has been shown.

VII.   <u>FINAL PRETRIAL CONFERENCE AND TRIAL</u>

(A)     No later than **March 16, 2009**, counsel in the Barge cases shall jointly submit a single pre-trial order for the Barge cases prepared, to the extent possible, in accordance with the Court's standard Final Pretrial Notice attached.  The proposed pretrial orders submitted to the Court must be double-spaced and signed by counsel for all parties.

(B)     The Barge final pretrial conference will commence at **2:00 p.m. on Friday, March 27, 2009**.

(C)     Trial of the Barge cases, with a jury, will commence on **June 15, 2009 at 8:30 a.m.**

        New Orleans, Louisiana, this __18th__ day of September, 2007.


_____
    **STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**


_____
      JOSEPH C. WILKINSON, JR.
   UNITED STATES MAGISTRATE JUDGE