LNA000012

RULES — CLASS I

# RULES

American Steamship Owners Mutual Protection and Indemnity Association, Inc.

## TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| CLASS I | PROTECTION AND INDEMNITY INSURANCE | |
| RULE 1 | INTRODUCTORY: INTERPRETATION; MEMBERSHIP; GENERAL PROVISIONS | 17 |
| RULE 2 | RISKS AND LOSSES COVERED | 41 |
| RULE 3 | RISKS AND LOSSES EXCLUDED | 60 |
| RULE 4 | ASSOCIATION FUNDING; PREMIUMS AND CALLS | 69 |
| RULE 5 | CESSER AND TERMINATION OF COVER | 83 |

PLAINTIFF'S
EXHIBIT

**CLASS I**  PROTECTION AND INDEMNITY INSURANCE

**RULE 1**  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Section 1**  **INTRODUCTORY PROVISIONS**

1  Each and every provision of the By-Laws of the Association and these Rules of Class I are applicable to all Protection and Indemnity Insurances of the Association. However, without prejudice to the generality of these provisions so far as they apply to this Class I, they shall only apply to Protection and Indemnity Insurances contracted under Class III to the extent that they have been expressly incorporated therein.

2  The standard Protection and Indemnity cover afforded by the Association to a Member who has insured his vessel with the Association is set out in Rule 2 below.

3  The cover set out in these Rules may be excluded, limited, modified or otherwise varied by any special terms expressly agreed in writing between a Member and the Managers.

4  The Managers may accept the insurance of vessels on terms which afford cover to a Member against any special or additional risks not set out in Rule 2. The nature and extent of the risks and the terms of such cover shall be as expressly agreed in writing between the Member and the Managers.

5  A Member is only insured against loss, damage, liability or expense incurred by him which arises:

   i   out of events occurring during the period of the policy year when his vessel is insured with the Association; and

   ii   in respect of the Member's interest in the insured vessel; and

   iii   in connection with the operation of the insured vessel by or on behalf of the Member.

6  Notwithstanding the terms of Rule 1.1.5 above, a Member may be insured otherwise than in respect of the insured vessel, or otherwise than in connection with the operation of the insured vessel, but only where this has been expressly agreed in writing between the Member and the Managers.

17

LNA000013

**CLASS 1**   RULE 1   INTRODUCTORY INTERPRETATION:
MEMBERSHIP: GENERAL PROVISIONS

7   Subject to the provisions of Rule 1.1.8 below, a Member who has insured his vessel with the Association for insurance against any or all of the aforesaid risks is obligated to pay premium to the Association in accordance with Rule 4, such insurance being hereinafter referred to as mutual insurance and premium payable by reason thereof mutual premium.

8   Notwithstanding the provisions of Rule 1.1.7 above, a Member may be insured on special terms to the effect that he is liable to pay fixed premium to the Association, such insurance being hereinafter referred to as fixed insurance, and premium payable by reason thereof fixed premium, but only where this has been expressly agreed in writing between the Member and the Managers.

9   The insurance provided by these Rules is solely for the benefit of a Member, Joint Member, Co-assured, Affiliate or such other parties as set out and defined in Rule 1.3.

10   In these Rules, the words set out in Rule 1.2 below shall have the meaning ascribed to them in the said Rule 1.2.

Section 2   **INTERPRETATION**

In these Rules the following words and expressions shall have the following meanings, if not inconsistent with the subject or context thereof:

Affiliate   Any person who is insured in accordance with Rule 1.3.12.

Applicant Member   In relation to a vessel which is desired or intended to be insured with the Association means an owner, operator or charterer (including a bareboat or demise charterer) of such vessel and any other person by whom or on whose behalf an application has been, is being or is to be made for the insurance of such vessel with the Association whether or not he is or is to be a Member of the Association.

Association   American Steamship Owners Mutual Protection and Indemnity Association, Inc.

Bill of Lading   A bill of lading or similar document of title.

By-Laws   The By-Laws of the Association at the relevant times.

18

---

**CLASS 1**   RULE 1   INTRODUCTORY INTERPRETATION:
MEMBERSHIP: GENERAL PROVISIONS

Cargo   Goods, including anything used or intended to be used to secure goods, which are subject to a contract of carriage to which the Member is party, but excluding containers or other equipment owned or leased by the Member.

Certificate of Entry   The document issued by the Managers on behalf of the Association evidencing the contract of insurance between a Member and the Association pursuant to the provisions of Rule 1.4.6 to 9 inclusive.

Co-assured   Any person who is insured in accordance with the terms of Rule 1.3.8 to 1.3.11.

Container   A container or similar receptacle, including trailer, flat, pallet or tank, as may have been expressly agreed to be such in writing by the Managers.

Convention Limit   Has the meaning ascribed to it in Rule 4.14.

Directors   The Board of Directors of the Association at the relevant times.

Effects   Personal property, documents, navigational or other technical instruments and tools brought on board, or being taken to or from an insured vessel by a seaman or supernumerary but excluding cash, valuables, or any other article which, in the opinion of the Directors, is not an essential requirement for a seaman.

Endorsement   A document issued by the Managers on behalf of the Association evidencing any variations or additions to the contract of insurance as contained in a Certificate of Entry of which it forms an integral part.

Fines   Fines, penalties and other impositions similar in nature to fines imposed in respect of any insured vessel by any court, tribunal or authority of competent jurisdiction.

Fixed Premium   Any premium which is not mutual premium.

Fleet   Any two or more vessels insured hereunder having common nominal, or beneficial, ownership, management or control.

Group Excess Loss Contract   The excess loss reinsurance contract entered into by the parties to the Pooling Agreement.

19

| CLASS I | RULE 1 INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS |
|---|---|
| Group Reinsurance Limit | Has the meaning ascribed to it in Rule 4.15. |
| Hull Insurance(s) / Hull Policy(ies) | Insurance in respect of the Insured vessel's hull and machinery, increased value and excess liability. |
| Insured Vessel | A vessel which has been insured with the Association. |
| In Writing / Written | Visibly expressed in any mode of permanently representing or reproducing words including telegram, facsimile transmission and other electronic communication. |
| Joint Member | Any person who is insured in accordance with the terms of Rule 1.3.5. |
| Managers | Shipowners Claims Bureau, Inc. |
| Member | An owner, operator or charterer (including a bareboat or demise charterer) of a vessel insured by the Association who according to the By-Laws and these Rules is entitled to membership of the Association, provided that, where the context requires or allows, the term Member shall, in these Rules, include a Joint Member, Co-assured and Affiliate. |
| Mutual Premium | Premium payable by a Member in consideration of the affording by the Association of mutual insurance and subject to the relevant provisions of Rule 4. |
| Net Premium | Has the meanings ascribed to it in Rule 4.7 or Rule 4.11 as the context requires. |
| Overspill Call | Has the meaning ascribed to it in Rule 4.15. |
| Overspill Claim | Has the meaning ascribed to it in Rule 4.15. |
| Overspill Claim Date | Has the meaning ascribed to it in Rule 4.15. |
| Passenger | A person on board an Insured vessel by reason of his holding a ticket and making a payment for passage on board the Insured vessel. |
| Policy Year | A year from noon GMT on any February 20 to noon GMT on the next following February 20. |

20

| CLASS I | RULE 1 INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS |
|---|---|
| Pooling Agreement | The agreement, to which the Association is a party, between certain protection and indemnity associations dated February 20, 1998 and any addendum to, variation or replacement of, the said agreement, or any other agreement of a similar nature or purpose. |
| Premium to Release | That part of mutual premium capable of being levied and collected under the provisions of Rule 4.8 to 10 inclusive. |
| Rules | These Rules as originally framed or as may from time to time be altered, abrogated or added to and in force at relevant times. |
| Seaman | An employee of a Member falling within the categories of person set out in Rule 2.1.B. |
| Supplementary Premium | That part of mutual premium capable of being levied and collected under the provisions of Rule 4.5 to 7 inclusive. |
| Vessel | Any ship, boat, hydrofoil, hovercraft or other description of vessel (including a lighter, barge or similar vessel howsoever propelled but excluding a fixed platform or fixed rig) used or intended to be used for any purpose whatsoever in navigation or otherwise on, under, over or in water or any part of such vessel or any proportion of the tonnage thereof or any share therein. |

Words importing the singular number only shall include the plural number and vice versa.

Words importing the masculine gender only shall include the feminine and neuter genders.

Words importing persons shall include individuals, partnerships, corporations, associations, joint ventures and any other business entities.

| Section 3 | MEMBERS, JOINT MEMBERS, AFFILIATES AND CO-ASSUREDS |
|---|---|

Membership

1  Any insurance of a vessel provided to any party falling within the definition of Member in Rule 1.2 above shall give rise to membership in the Association, except where such is expressly excluded by the terms of this Rule 1.3 or where such has been denied through the exercise of a permitted discretion hereunder.

21

LNA000015

**CLASS 1   RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

2  Any reinsurance by the Association of a vessel insured by another Insurer may (at the absolute discretion of the Managers) give rise to the membership in the Association of that other insurer and/or of any party falling within the definition of Member in Rule 1.2 above in relation to that vessel.

3  Membership may be in respect of one or more of the vessels owned, operated, chartered or insured by the Member and shall continue until all of the Member's insurances shall have ceased or been terminated.

4  All insurances shall be governed by the By-Laws and by the Rules of the Association.

5  If any application for insurance of interests in the same vessel is made in the names or on behalf of more than one person, whether jointly or separately interested, then such persons may be treated as Joint Members and the insurance of such vessel as joint insurance, the consequences of which, unless otherwise expressly agreed by the Managers in writing, shall be as set out in Rules 1.3.13 to 18 below.

Cover for Co-assureds and Affiliates

6  The Managers may agree, subject to the provisions of this Rule 1.3 and to such other terms as they may in their absolute discretion require, to extend the cover afforded by the Association to a Member to:

i  any person who is affiliated to or associated with that Member (not being a Co-assured or an Affiliate as referred to in Rule 1.3.11), and who shall not be specifically named in the terms of entry; and

ii  any other named co-assured.

7  The cover afforded to a Co-assured in categories (i), (ii) and (iii) below shall extend only to liabilities, losses, costs and expenses arising out of operations and/or activities customarily carried on by, or at the risk and responsibility of, shipowners:

i  any person interested in the operation, management or manning of the insured vessel;

22

**CLASS 1   RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

ii  the holding company or the beneficial owner of the Member or of any Co-assured falling within category (i) above;

iii  any mortgagee of the insured vessel.

8  Notwithstanding the provisions of Rule 1.4.30 below, the cover afforded to a Co-assured who is a time or voyage charterer of an insured vessel and who is affiliated to or associated with a Member (other than a Co-assured expressly given cover by the Association in accordance with Rule1.3.10) shall extend only to the risks, liabilities, losses, costs and expenses in respect of which that Member has cover, and is limited as follows:

to the lesser of either (a) the sum to which such Member shall be deemed to be entitled to limit his liability under Rule 1.4.30 plus an additional $50,000,000, or (b) $300,000,000; but if his liability is in respect of oil pollution, recovery shall be limited to $100,000,000.

Provided that where a vessel is separately insured for charterers' risks by more than one time charterer with the Association or any other association which participates in the International Group of P&I Clubs' Pooling Agreement and Excess Reinsurance Policies, the aggregate recovery in respect of all claims for oil pollution liability following any one occurrence brought against all time charterers of such insured vessel and/or against the Association and/or against any other association shall be limited to $300,000,000. The liability of the Association in respect of such claims shall be limited to that proportion of $300,000,000 that each claim recoverable from the Association bears to the aggregate of the claims recoverable against the Association and such other associations.

9  The cover afforded to a Co-assured who has entered into a contract with the Member for the provision of services for or by the insured vessel, and any sub-contractor of the Co-assured, shall extend only to liabilities, losses, costs and expenses which are to be borne by the Member under the terms of the contract and which would, if borne by the Member, be recoverable by the Member from the Association, provided that:

23

Case 2:05-cv-04182-SRD-JCW   Document 7732-4   Filed 09/18/07   Page 6 of 30   @006

**CLASS I**

**RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

i  the contract has been expressly approved by the Managers; and

ii  the contract provides that each party shall be similarly responsible for any loss or damage to its own (or its sub-contractors') property or loss of life or personal injury to its own (or its sub-contractors') personnel.

10  The cover afforded to all other categories of Co-assured, other than those referred to in Rules 1.3.7 to 9 inclusive, shall only extend insofar as such Co-assured may be found liable to pay in the first instance for loss or damage which is properly the responsibility of the Member, and nothing herein contained shall be construed as extending cover in respect of any amount which would not have been recoverable from the Association by the Member had the claim in respect of such loss or damage been made and enforced against him.

11  The cover afforded to an Affiliate shall extend only to claims made and enforced through the Affiliate in respect of any liabilities for which the Member has cover and nothing herein contained shall be construed as entitling an Affiliate to recover any amount which would not have been recoverable from the Association by the Member had the claim been made and enforced against the Member.

12  To the extent that the Association has indemnified a Co-assured or an Affiliate in respect of a claim, it shall not be under any further liability and shall not make any further payment to any person whatsoever, including the Member, in respect of that claim or of the loss or damage in respect of which that claim was brought.

**Joint Members, Co-assureds and Affiliates**

13  The Managers shall not be bound to issue any Certificate of Entry or Endorsement to more than one Member, delivery of which to whom shall be sufficient delivery to any and all Joint Members and to any and all Co-assureds and Affiliates.

14  Joint Members, Co-assureds and Affiliates insured on any one insurance, or in respect of any fleet as defined in Rule 1.2 above, shall be jointly and severally liable for all sums due to the Association in respect of such insurance or such fleet.

**CLASS I**

**RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

15  Any payment by the Association to one Joint Member, Co-assured or Affiliate shall fully discharge the obligations of the Association in respect of such payment.

16  Any communication by the Association to one Joint Member, Co-assured or Affiliate shall be deemed to be communication to all.

17  Any communication from one Joint Member, Co-assured or Affiliate shall be deemed to have been made with the full approval and authority of all.

18  The conduct or omission of one Joint Member, Co-assured or Affiliate which under these Rules would constitute a breach of the contract of insurance, shall be deemed to be the conduct or omission of all Joint Members, Co-assureds and Affiliates.

**Section 4**

**GENERAL INSURANCE PROVISIONS**

**Application for Insurance**

1  Any applicant Member who desires to insure a vessel with the Association shall make application for such insurance in such form or manner as may from time to time be required, or which may otherwise satisfy, the Managers.

2  The particulars given by an applicant Member in any form of application, together with any other particulars or information given to the Managers in the course of applying for insurance, or negotiating changes in its terms, shall, if the insurance of the vessel be accepted, be deemed fundamental to the contract of insurance between the Member and the Association. It shall be a condition precedent of such insurance that all the said particulars and information were true so far as the applicant Member knew or could with reasonable diligence have ascertained.

3  The Managers shall be entitled, as a matter of their absolute discretion and without giving any reason, to refuse any application of a vessel for insurance in the Association whether or not the applicant Member of such vessel is already a Member of the Association.

LNA000017

LNA000018

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION:**
**MEMBERSHIP: GENERAL PROVISIONS**

**Premium Rating and Other Variable or Special Terms**

4   Before an application is accepted for the insurance of a vessel either by way of mutual insurance, or by way of fixed premium insurance, the applicant Member and the Managers shall agree the premium rating of the vessel concerned in addition to any other variable or special terms and conditions of insurance as shall be considered appropriate for acceptance of the vessel to be insured. The said premium rating may be expressed as an estimated total premium in the case of mutual insurance or as a fixed premium in the case of fixed premium insurance. In either case, the provisions of Rule 4 below will apply.

5   In deciding upon the premium rating of any vessel, as well as any other variable or special terms and conditions of insurance, the Managers may, in their absolute discretion, take into account all matters which they may regard as relevant including, but not limited to, the level of risk estimated to be involved in the insurance for which application is being made.

**Certificates of Entry and Endorsements**

6   After accepting an application for insurance, the Managers shall issue on behalf of the Association a Certificate of Entry for the vessel concerned, setting out, *inter alia*:

   – the dates of commencement and termination of the period of insurance;

   – such mutual or fixed premium details as may be appropriate and/or necessary;

   – the gross tonnage of the insured vessel;

   – the name of the Member and all other insured persons and their respective interests in the insured vessel; and

   – any special terms of entry, including any special deductibles.

7   If at any time it is mutually agreed between the Member and the Managers to vary the terms of any insurance, the Managers may, on behalf of the Association, issue an Endorsement detailing such variation and the date from which it is to be effective.

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION:**
**MEMBERSHIP: GENERAL PROVISIONS**

8   Fresh Certificates of Entry may be issued setting out the terms effective from noon GMT each successive February 20 for all vessels whose insurances are then continuing.

9   Every Certificate of Entry and every Endorsement issued as aforesaid, together with any other agreement made in writing between a Member and the Managers, shall be conclusive evidence and binding for all purposes as to the commencement and termination of the period of insurance, as to the terms and conditions on which the vessel has been insured, and as to the terms of any variation and the date from which such variation is to be effective; provided however that, in the event that any Certificate of Entry or any Endorsement shall in the opinion of the Managers contain any error or omission, the Managers may in their absolute discretion issue a new Certificate of Entry or a new Endorsement which shall be conclusive evidence and binding as aforesaid.

**Assignment**

10   No insurance provided by the Association and no interest under these Rules or under any contract between the Association and any Member, Joint Member, Co-assured or Affiliate may be assigned without the written consent of the Managers who shall have the right in their absolute discretion to give or refuse such consent without stating any reason, or to give such consent upon any terms or conditions as they may think fit. Any purported assignment made without such consent or without there being due compliance with any terms and conditions as the Managers may impose shall, unless the Managers in their absolute discretion otherwise decide, be void and of no effect.

11   Notwithstanding any written consent of the Managers or specific agreement contained in a Certificate of Entry or Endorsement thereto allowing assignment in accordance with Rule 1.4.10 above, the Association shall be entitled in settling any claim presented by the assignee to deduct or retain such amount as then estimated to be sufficient to discharge any liabilities of the assignor to the Association, whether existing at the time of the assignment or having accrued or being likely to accrue thereafter.

**CLASS I**  **RULE 1   INTRODUCTORY: INTERPRETATION:**
                **MEMBERSHIP: GENERAL PROVISIONS**

**Subrogation**

12  The Association shall be subrogated to all the rights which the Member may have against any other person or entity, in respect of any payment made in accordance with these Rules, to the extent of such payment, and the Member shall, upon the request of the Association, execute all documents necessary to secure to the Association such rights.

13  The Association shall have the right to sue in the name of the Member, and the Member shall execute all papers and documents in connection therewith, as requested by the Managers, and shall lend all assistance to the prosecution of any suit. The balance of any amount recovered after full reimbursement of the Association for its loss and all expenses incurred shall be paid to the Member. Compliance with this requirement may, in the Managers' absolute discretion, be made a condition of the payment of a loss.

**Classification and Statutory Requirements**

14  Unless otherwise expressly agreed in writing between a Member and the Managers, the following conditions are fundamental terms of the insurance of every insured vessel:

i    The vessel must be and remain throughout the period of insurance classed with a Classification Society approved by the Managers.

ii   Any incident or condition in respect of which that Classification Society might make recommendations as to repairs or other action to be taken by the Member must be promptly reported to that Classification Society.

iii  The Member must comply with all the rules, recommendations and requirements of the Classification Society relating to the insured vessel within the time or times specified by that Society.

iv   The Member authorizes the Managers to inspect any documents and obtain any information relating to the maintenance or class of the insured vessel in the possession of any Classification Society or Societies with which the vessel is, or at any time has been, classed and will, where necessary, authorize such Classification Society or Societies to disclose

**CLASS I**  **RULE 1   INTRODUCTORY: INTERPRETATION:**
                **MEMBERSHIP: GENERAL PROVISIONS**

and make available such documents and information to the Managers upon their request for whatsoever purposes the Managers may consider necessary.

v    The Member must comply or procure compliance with all statutory requirements of the State of the insured vessel's flag including without limitation those relating to the construction, adaptation, condition, fitment, equipment and manning of the insured vessel and must at all times maintain the validity of such statutory certificates as are issued by or on behalf of the State of the insured vessel's flag in relation to such requirements and in relation to the International Safety Management (ISM) Code and the International Ship and Port Facility Security (ISPS) Code or any equivalent mandatory flag State regime.

In the event that a Member is, or comes to be, in breach of any of the conditions referred to in this Rule 1.4.14, cover automatically ceases with immediate effect without notice. Unless and to the extent that the Directors in their absolute discretion otherwise decide, a Member shall not be entitled to any recovery from the Association for any claim of whatsoever nature and howsoever arising during a period in which the Member is or was in such breach of condition.

**General Conditions in Regard to Claims**

15  Without prejudice to any other provision of these Rules and without waiving any of the Association's rights hereunder, the Managers may at any and all times appoint and employ on behalf of a Member, upon such terms as the Managers may think fit, lawyers, surveyors or other persons for the purpose of dealing with any matter liable to give rise to a claim by a Member upon the Association, including investigating or advising upon any such matter and taking or defending legal or other proceedings in connection therewith. The Managers may also at any time discontinue such employment if they think fit.

16  All lawyers, surveyors and other persons appointed by the Managers on behalf of a Member, or appointed by a Member with the prior consent of the Managers, shall at all times be and be deemed to be appointed and employed on the terms that they

29

28

LNA000019

CLASS I

RULE 1 INTRODUCTORY: INTERPRETATION:
MEMBERSHIP: GENERAL PROVISIONS

have been instructed by the Member at all times [both while so acting and after having retired from the matter] to give advice and to report to the Managers in connection with the matter without prior reference to the Member and to produce to the Managers without prior reference to the Member any documents or information in their possession or power relating to such matter, all as if such person had been appointed to act and had at all times been acting on behalf of the Association.

**Members' Obligations in Regard to Claims**

17 In the event of any happening or occurrence which may result in a claim by a Member upon the Association, prompt notice thereof, on it being known to a Member, shall be given by the Member to the Managers. A Member shall take and continue to take all such steps as may be reasonable for the purpose of averting or minimizing any expense or liability in respect whereof he may be insured by the Association.

18 A Member shall disclose and produce to the Managers all information, documents or reports in or coming into his or his agents' [including lawyers'] possession, power or knowledge relevant to any such casualty, event or claim available at the time of notification and at any other time.

19 Whenever required by the Managers, a Member shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Managers in the defense of any claim or suit or in the appeal from any judgment, in respect of any happening or occurrence as herein provided.

20 A Member shall neither settle nor make any admission in respect of liabilities, costs or expenses for which he is insured without the prior written consent of the Managers.

21 If a Member commits any breach of any of his obligations under this Rule 1.4.17 to 20 inclusive, the Managers may reject or reduce any recovery to which such breach may appear to the Managers to be relevant.

**Powers of the Managers in Regard to Claims**

22 The Managers shall have the right if they so decide to control or direct the conduct of any claim or legal or other proceedings

CLASS I

RULE 1 INTRODUCTORY: INTERPRETATION:
MEMBERSHIP: GENERAL PROVISIONS

relating to any liability, loss or damage in respect whereof a Member is or may be insured in whole or in part, and to require a Member to settle, compromise or otherwise dispose of such claim or proceedings in such manner and upon such terms as the Managers see fit.

23 If a Member does not settle, compromise or dispose of a claim or of proceedings after being required to do so by the Managers in accordance with Rule 1.4.22 above, any eventual recovery by the Member from the Association in respect of such claim or proceedings shall be limited to the amount he would have recovered if he had acted as required by the Managers.

**Powers of the Directors in Regard to Claims**

24 The Directors shall meet, or otherwise be consulted by the Managers, as often as may be required for settlement of claims which shall be paid by the Association as the Directors may determine in accordance with these Rules, but the Directors shall have power from time to time to authorize the Managers to effect settlement of claims without prior reference to them. No Director shall act as such in the settlement of any claim in which he is interested.

25 Without prejudice to the generality of Rule 1.4.24 above, the Directors shall have power in their absolute discretion to effect a compromise of any claim made against the Association.

**Time Bar**

26 a In the event that:

i a Member fails to notify the Managers of any happening or occurrence referred to in Rule 1.4.17 above promptly after he has knowledge thereof; and-or

ii a Member fails to submit a claim to the Managers for reimbursement of any liabilities, costs or expenses within one year after discharging or settling the same;

the Member's claim against the Association shall be discharged and the Association shall be under no liability in respect thereof unless the Directors in their absolute discretion shall otherwise determine.

31

30

LNA000020

CLASS 1

# RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**b**   Without prejudice to paragraph (a) of this Rule, in no event shall any claim be recoverable from the Association unless written notice thereof has been given to the Managers within three years after the Member has knowledge of the happening or occurrence giving rise to the claim.

## Other Provisions in Regard to Claims

**27**   Unless otherwise expressly agreed in writing by the Managers, where the Association has paid a claim to or on behalf of a Member, the whole of any recovery from a third party in respect of that claim shall be credited and paid to the Association up to an amount corresponding with the sum paid by the Association together with any interest element on that sum comprised in the recovery, provided however that where, because of a deductible in his terms of entry, the Member has contributed to settlement of the claim, any such interest element shall be apportioned between the Member and the Association taking into account the payments made by each and the dates on which these payments were made.

**28**   It is a condition precedent of a Member's right to recover from the funds of the Association in respect of any liabilities, costs or expenses that he shall first have discharged and paid the same out of funds belonging to him unconditionally and not by way of loan or otherwise.

**29**   In the event that more than one class of claims as provided for by these Rules shall arise as the result of any one accident or occurrence, only one deductible shall be made, which deductible shall be the highest deductible of those applying to the classes of claims involved.

## General Limitations

**30**   If and when a Member has any interest other than as an owner or bareboat charterer of the insured vessel, in no event shall the Association be liable hereunder to any greater extent than if such Member were the owner or bareboat charterer and were entitled to all the rights of limitation of liability to which a shipowner is entitled.

---

CLASS 1

# RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**31**   Subject to these Rules and to any special terms and conditions upon which a vessel may be insured, the Association covers the liability of a Member in respect of an insured vessel as this liability may be determined and fixed by law, including any laws pertaining to limitation of liability. The Association shall in no circumstances be liable for any sum in excess of such legal liability. If a Member is entitled to limit his liability, the liability of the Association shall not exceed the amount of such limitation.

**32**   Notwithstanding the provisions of Rule 1.4.30 and 1.4.31 above, recovery shall be limited to ONE BILLION DOLLARS ($1,000,000,000) any one occurrence in respect of any one insured vessel for oil pollution liability including fines, costs and expenses and clean-up, and damages payable to any other person as may arise in respect of such oil pollution liability, whether under Rule 2.3 or Rule 2.5 or Rule 2.13 or any other section or endorsement or combination thereof; and

Provided further that if the aggregate amount of any oil pollution claims against a Member, Co-assured and/or Affiliate exceeds the aforesaid $1,000,000,000, the Association will not be liable to make any payment in respect of that amount by which any such claim exceeds $1,000,000,000; and

Provided further that where an insured vessel gives or attempts to give salvage or other assistance to another vessel following a casualty, any oil pollution liability incurred by the insured vessel in consequence thereof shall be aggregated with any oil pollution liability incurred by any other vessel similarly assisting in connection with the same casualty which are insured in respect of oil pollution liability either by the Association or by any other association which participates in the International Group of P&I Clubs' Pooling Agreement or Excess Reinsurance Policies, and recovery in respect of the oil pollution liability of any insured vessel assisting as aforesaid shall not exceed such proportion of the above $1,000,000,000 limit as that vessel's oil pollution liability bears to the aggregate of the oil pollution liabilities of all the similarly assisting vessels; and

Provided further that where an insured vessel is separately insured on behalf of its owner, demise charterer, manager or

LNA000021

CLASS I

**RULE I   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

operator with the Association or any other association which participates in the International Group of P&I Clubs' Pooling Agreement or Excess Reinsurance Policies, recovery in respect of all claims for oil pollution liability following any one occurrence brought against the owner, demise charterer, manager or operator of an insured vessel or against the Association or any other association shall be limited to $1,000,000,000. The liability of the Association in respect of such claims shall be limited to that proportion of $1,000,000,000 that each claim recoverable from the Association bears to the aggregate of the claims recoverable against the Association and such other associations, if any.

33  In respect of the risks insured hereunder, to the extent a Member, Coassured or Affiliate is insured for pollution risks under any other insurance, cover hereunder shall be null, void and of no effect, up to the limits of said other insurance. Above the limits of said other insurance, cover under this insurance shall remain in effect, subject always to the limits herein which are applicable to such risks, to any deductible(s), and to the Rules of the Association. In the event the limits available under such other insurance are the same as or greater than the limits available for pollution losses under this insurance, then this insurance shall be null, void and of no effect with regard to such claims. In the event the limits of said other insurance are less than the limits available hereunder, this insurance shall respond up to the limits set forth herein for pollution losses, but only for the amount by which any such losses exceed the stated limits of such other insurance, and then only up to the limits set forth herein for pollution losses. This insurance shall respond only in excess of the stated limits of the other insurance, whether or not the full amount of such policy limits, or any amount at all, is recoverable thereunder.

34  The Association shall not be liable for any loss, damage or expense against which, but for the insurance herein provided, the Member, Coassured or Affiliate would have been insured under any other existing insurance, except as set forth above in Rule 1.4.33; nor shall the Association provide prorated or allocated cover on the basis of double insurance or otherwise, except as set forth above in Rule 1.4.33; nor will this insurance replace any

CLASS I

**RULE I   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

other insurance where (for whatever reason) that other insurance does not or is not able to respond to a claim thereunder.

35  No act, omission, course of dealing, forbearance, delay or indulgence by the Association in enforcing any of these Rules or any contractual terms and conditions shall prejudice or affect the rights and remedies of the Association under these Rules or under such contracts, and no such matter shall be treated as any evidence of waiver of the Association's rights thereunder, nor shall any waiver of any subsequent breach thereof. The Association shall at all times and without notice be entitled to insist on the strict application of these Rules and on the strict enforcement of its contracts.

**Provision of Security**

36  The Association may, but shall in no case be obliged to, provide on behalf of a Member security to prevent the arrest or obtain the release from arrest or otherwise in respect of an insured vessel. Should it do so, the security will be on such terms as the Managers shall in their absolute discretion deem appropriate, and the Member shall upon first demand made at any time by the Managers in writing arrange such countersecurity (which expression may in the Managers' absolute discretion include a deposit of cash with the Association) as the Managers may require and (with or without such countersecurity having been required or arranged) shall indemnify the Association in consequence of the security originally provided by the Association.

37  In the event that a Member does not arrange such countersecurity as may have been required or does not indemnify the Association as aforesaid, the Association, without prejudice to its other rights, shall be entitled to retain any and all amounts which would otherwise be recoverable by such Member, notwithstanding that the same may have no connection with the liability in respect of which the original security was provided and may relate to other periods of cover before or after that liability was incurred by the Member or to another insured vessel. The provision of security by the Association shall be without prejudice to the Association's possible declination of liability to the Member for the claim in question.

02/01/06 WED 07:10 FAX 504 581 1306 Wiedemann & Wiedemann @012

## RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

38   Notwithstanding the foregoing, in no circumstances shall the Association be liable for the detention of an insured vessel or for any other detention or attachment of a Member's funds or assets, or for any damage whatsoever caused to a Member by reason of the provision or non-provision of security of whatever kind.

### Surveys and Operational Audits

39   The Managers may at any time in their absolute discretion appoint a surveyor or such other person as they may think fit to inspect an insured vessel on behalf of the Association. The Member shall afford such facilities as may be required for such inspection, and shall comply with such recommendations as the Managers may make following such inspection.

40   Unless and to the extent that the Directors in their absolute discretion otherwise decide, a Member who commits any breach of his obligations referred to in Rule 1.4.39 above shall not be entitled, in relation to any casualty, event or matter occurring during the period of the breach, to any recovery from the Association in respect of any claim arising out of such casualty, event or matter.

41   Moreover, in the event that a vessel shall, in the opinion of the Managers, have failed to pass survey, cover shall cease automatically with immediate effect without further notice. Cover may be reinstated subject to any special terms and conditions as the Managers may in their absolute discretion wish to impose. In the absence of such reinstatement, unless and to the extent that the Directors may in their absolute discretion otherwise decide, a Member shall not be entitled to any recovery from the Association for any claim of whatsoever nature and howsoever arising during the period in which such automatic cesser shall have taken effect.

42   The Managers may at any time in their absolute discretion:

   a.   Appoint representatives to visit the Member's offices or those of any party or parties having operational control of an insured vessel entered on behalf of that Member and/or attend on board such vessel at such time specified by the Managers to

---

## RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

audit the Member's management systems, including, but not limited to, interviewing all relevant personnel and reviewing all relevant documentation. The Member shall be under a duty to ensure full cooperation with such representatives, making all requested personnel, information and documentation available, and unless otherwise agreed in writing by the Managers, shall pay for the reasonable costs of such audits; and

   b.   Make recommendations as to the rectification of any deficiencies as may have been identified during the course of such a review either forthwith or within such time as may be specified by the Managers.

The Member shall inform the Managers immediately on completion of the implementation of any recommendations which the Managers shall have made and provide them with such evidence as the Managers deem fit as to the rectification and any deficiencies they shall have identified, provided always however that the Managers shall have the right to carry out re-audits at whatever time and in whatever circumstances they deem appropriate to verify the same.

In the event of any non-compliance with any of the provisions of this Section 4, Sub-Section 42, the Managers shall be empowered in their absolute discretion to:

   –   terminate the entry of any or all insured vessels entered by the Member from a time and date specified by notice in writing to the Member; or

   –   determine that there shall be no right to recover from the Association in respect of any liability, cost or expense during a period commencing from the time and date at which the Member ceases to be in compliance, or such other date as is specified in writing, until the Managers are satisfied that compliance has been achieved; or

   –   exclude cover for claims arising out of or contributed to by such non-compliance; or

   –   reduce any recovery from the Association to the extent that a claim has been contributed to by such non-compliance; or

LNA000023

CLASS I

## RULE 1 INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

- vary the terms and conditions of entry including, but not limited to, the terms of any or all insured vessels' premium rating.

PROVIDED ALWAYS that the Directors shall have power in their absolute discretion to admit in whole or in part any claim which may be excluded by reason of the foregoing. The exercise of their discretion by the Directors shall be final and conclusive for all purposes.

PROVIDED FURTHER that nothing in this Section 4, Sub-Section 42, or any action taken by the Association hereunder shall relieve the Member of his obligations with regard to those requirements in regard to classification and statutory regulation of the insured vessel as set out in Rule 1, Section 4, Sub-Section 14 of these Rules, or in regard to the maintenance and/or condition of the ship generally.

### Disputes

43 If any difference or dispute shall arise between a Member and the Association concerning the construction of these Rules, or the insurance afforded by the Association under these Rules, or any amount due from the Association to the Member, such difference or dispute shall in the first instance be referred to and adjudicated by the Directors. No Member shall be entitled to maintain any action, suit or other legal proceedings against the Association upon any such difference or dispute unless and until the same has been submitted to the Directors and they shall have given their decision thereto, or shall have been in default for three months in so doing. Any such suit against the Association shall be brought in the United States District Court for the Southern District of New York. In no event shall suit on any claim be maintainable against the Association unless commenced within two years after the loss, damage or expense resulting from liabilities, risks, events, occurrences and expenditures specified under this Rule shall have been paid by the Member.

44 Provided always that, and without prejudice to the foregoing or the terms of Rule 1.4.46 below, the Association shall be entitled to commence and maintain in any jurisdiction whatsoever any

38

CLASS I

## RULE 1 INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

action to recover any amounts which the Association may consider to be due to it from the Member.

### Applicable Law

45 These Rules and any contract of insurance between the Association and a Member shall be governed by and construed in accordance with the law of the State of New York. This provision is not, in any way, to be construed as a waiver of any rights, claims or defenses available to the Association under any other Rule set forth herein, including, but not limited to, Rule 1.4.46.

### Maritime Lien

46 The Association shall have a lien on the insured vessel for all premium and all other sums of whatsoever nature due to it under these Rules or any applicable contract of insurance or otherwise. Such lien shall extend to other insured vessels which are part of a fleet as defined in Rule 1.2 and shall be in addition to, and in no way may be construed as a waiver of, or amendment to, any other contractual or maritime lien which the Association may either expressly or impliedly possess in regard to the said insured vessel or vessels. Such lien shall apply notwithstanding that the cover of the Member in respect of any vessel insured by him with the Association may have ceased or been terminated.

The Federal Maritime Lien Act, as codified at Sections 31341, et seq. of Title 46 of the United States Code, shall govern this Rule concerning the creation and enforcement of maritime liens.

Nothing herein shall prejudice or otherwise affect the right of the Association to take action and/or commence proceedings in any jurisdiction to enforce its right of lien on vessels or to otherwise obtain security by seizure, attachment or arrest of assets or to otherwise recover any amounts owed to the Association.

### Delegation

47 Whenever any power, duty or discretion is conferred or imposed upon the Managers by virtue of these Rules, such power, duty or discretion may, subject to any terms, conditions or restrictions contained in these Rules, be exercised by any one or more of the

39

LNA000024

**CLASS 1**

## RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

Managers or by any servant or agent of the Managers to whom the same shall have been delegated or sub-delegated.

48  Whenever any power, duty or discretion is stated in these Rules to be vested in the Directors, such power, duty or discretion shall be exercisable by the Directors unless the same shall have been delegated to any Committee of the Directors or to the Managers in accordance with the provisions as regards delegation contained in the By-Laws, in which event the power, duty or discretion may be exercised by any person to whom the same shall have been so delegated.

### Members and Successors Bound by Rules

40  All contracts of insurance effected by the Association shall, save and insofar as they contain any special terms inconsistent herewith, be deemed to incorporate and shall incorporate all the provisions of these Rules. A Member or other person by whom or on whose behalf an application is made for insurance or reinsurance by the Association shall be deemed to have agreed not only on his own behalf but also on behalf of his successors and each of them that both he and they will in every respect be subject to and bound by the provisions of these Rules and by any contract of insurance with the Association.

40

**CLASS 1**

## RULE 2  RISKS AND LOSSES COVERED

Each Member of the Association shall be indemnified in connection with each vessel entered in the Association for Protection and Indemnity insurance against any loss, damage or expense which the Member shall become liable to pay and shall pay by reason of the fact that the Member is the owner (or operator, manager, charterer, mortgagee, trustee, receiver or agent, as the case may be) of the insured vessel, subject to the provisions of these Rules and to all the limitations herein stated or agreed to by the acceptance of the application for membership, or by the entry of the vessel, in the Association, and which shall result from the following liabilities, risks, events, occurrences and expenditures arise in respect of the Member's interest in such vessel; and in connection with the operation of such vessel by or on behalf of the Member; and out of events occurring during the period of entry of such vessel.

### Section 1   LOSS OF LIFE, INJURY AND ILLNESS

A   Liability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any person, (other than the persons specified in paragraphs B, C and D of this Section) and hospital, medical or funeral expenses incurred in relation to such injury, illness or death.

B   Liability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any seaman and hospital, medical or funeral expenses incurred in relation to such injury, illness or death.

1   Liability hereunder shall include liability arising ashore or afloat.

2   For the purposes of this Rule 2, Section 1, B a seaman shall be defined as an employee of the Member:

  a   who is the master or a member of the crew of the insured vessel; or

  b   who is on board the insured vessel with the intention of becoming a member of her crew; or

41

LNA000025

CLASS I   RULE 2   RISKS AND LOSSES COVERED

c  who, in the event of the insured vessel being laid up and out of commission, is engaged in the upkeep, maintenance or watching of the insured vessel; or

d  who is engaged by the insured vessel or its master to perform stevedoring work in connection with the insured vessel's cargo at ports where contract stevedores are not readily available.

PROVIDED that:

i  Where the liability arises, or the costs or expenses are incurred, under the terms of crew articles or other contract of service or employment and would not have arisen but for those terms, that liability shall not be covered by the Association unless and to the extent that those terms shall have been previously approved by the Association in writing.

ii  There shall be no recovery in respect of liabilities, costs and expenses incurred by a Member in respect of the personal injury of a seaman under or pursuant to the terms of a contract of employment between the Member and that seaman, where that seaman has suffered injury while on leave, except where the claim on the Association is made under the entry of the last insured vessel on which the seaman served prior to suffering the injury.

C  Liability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any person engaged to handle the cargo of an insured vessel and hospital, medical or funeral expenses incurred in relation to such injury, illness or death.

1  Liability hereunder in connection with the handling of cargo for the insured vessel shall commence from the time of receipt by the Member of the cargo on dock or wharf, or on craft alongside, for loading, and shall continue until due delivery thereof to dock or wharf of discharge or until discharge from the insured vessel onto craft alongside;

CLASS I   RULE 2   RISKS AND LOSSES COVERED

2  The Association shall not be liable for any loss, damage or expense sustained, directly or indirectly, by reason of any claim for loss of life, personal injury or illness in relation to the handling of cargo where such claim arises under a contract of indemnity between the Member and his subcontractor.

D  Liability to pay damages or compensation

1  for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any passenger and hospital, medical or funeral expenses incurred in relation to such injury, illness or death;

2  to passengers on board an entered ship arising as a consequence of a casualty to that ship, including the cost of forwarding passengers to destination or return to port of embarkation and of maintenance of passengers ashore;

3  for loss of, or damage to, the effects of any passenger.

PROVIDED that:

a  For the purposes of Rule 2, Section 1, D, 2 above a casualty shall be defined as an incident involving either:

i  collision, stranding, explosion, fire or other cause affecting the physical condition of the insured vessel so as to render it incapable of safe navigation to its intended destination; or

ii  a threat to the life, health or safety of passengers.

b  There shall be no recovery in respect of liabilities for personal injury or death, delay or any other consequential loss sustained by any passenger by reason of carriage by air, except where such liability occurs during repatriation by air of injured or sick passengers, or following a casualty to the insured vessel.

c  There shall be no recovery from the Association in respect of the contractual liability of a Member to a passenger while on an excursion from the insured vessel in circumstances where either a separate contract has been entered into by the passenger for the excursion whether or not with the Member, or the Member has

LNA000026

RULE 2   RISKS AND LOSSES COVERED

waived any or all of the Member's rights of recourse against any subcontractor or other third party in respect of the excursion.

AND FURTHER PROVIDED that:

In the case of each and every head of cover, A, B, C and D as set out above in this Section 1, unless and to the extent that special cover has been agreed in writing by the Managers, there shall be no recovery from the Association in respect of claims relating to cash, negotiable instruments, precious or rare metals or stones, valuables or objects of a rare or precious nature.

Section 2

REPATRIATION EXPENSES

Liability for expenses reasonably incurred in necessarily repatriating any member of the crew or any other person employed on board the insured vessel provided, however, that the Member shall not be entitled to recover any such expenses incurred by reason of the expiration of the shipping agreement, other than by sea perils, or by the voluntary termination of the agreement. Wages shall be recoverable hereunder only when payable under statutory obligation during unemployment due to the wreck or loss of the insured vessel.

Coverage under Section 2 shall include expenses incurred by the Member in discharging his obligations towards or making necessary arrangemens for stowaways or refugees, but only if and to the extent that the Member is legally liable for the expenses or if they are incurred with the approval and agreement of the Association.

Coverage under Section 2 shall also include liability for loss of or damage to the effects of any seaman or any other person (other than passengers) provided that:

a  Unless and to the extent that special cover has been agreed in writing by the Association, there shall be no recovery from the Association in respect of claims relating to cash, negotiable instruments, precious or rare metals or stones, valuables or objects of a rare or precious nature.

44

RULE 2   RISKS AND LOSSES COVERED

b  Where the liability arises or the costs or expenses are incurred under the terms of a contract and would not have arisen but for those terms, that liability is not covered by the Association unless and to the extent that these terms shall have been previously approved by the Association in writing.

Section 3

COLLISION

Liability for loss or damage as set out in paragraphs 1, 2, and 3 below which arises from collision of the insured vessel with another ship or vessel, but only if and to the extent that such liability is not covered by the hull insurances of the insured vessel:

1  one fourth, or such other proportion as may have been agreed, of the liabilities arising out of the collision other than those set out in paragraph 2 below;

2  four-fourths of the liabilities arising out of the collision in consequence of, or in respect of:

a  removal or disposal of obstructions, wrecks or their cargoes under statutory powers or otherwise pursuant to law;

b  injury to real or personal property of every description;

c  the discharge, spillage, emission or leakage of oil, petroleum products, chemicals or other substances of any kind or description whatsoever including, but not limited to, remuneration paid pursuant to the Special Compensation P & I Club (SCOPIC) Clause, or any revision thereof, in respect of the salvage of a ship or vessel with which the insured vessel is in collision;

d  cargo or other property on the insured vessel;

e  loss of life, personal injury or illness;

3  that part of the Member's liability arising out of the collision which exceeds the sums recoverable under the hull policies of the insured vessel solely by reason of the fact that the liability exceeds the hull insurance value.

45

LNA000027

**CLASS I**  **RULE 2**  **RISKS AND LOSSES COVERED**

PROVIDED always that:

i  For the purpose of determining any sum recoverable under this Section 3, the Association shall be entitled to determine the proper value at which the Insured vessel should have been Insured under the hull policies and the Association shall only be liable for the excess (if any) above the amount which would have been recoverable under the hull policies had the Insured vessel been insured thereunder at such value. For the purpose of this Section 3 "proper value" is defined as an amount equal to the free, uncommitted market value of the Insured vessel at the time of the collision.

ii  Coverage hereunder shall not extend to any liability, whether direct or indirect, in respect of the engagements of, or the detention or loss of time of, the Insured vessel.

iii  Claims hereunder shall be settled on the principles of cross-liabilities.

iv  Where both vessels are Insured vessels and are the property, in part or in whole, of the same owners or charterers, claims hereunder shall be settled on the basis of the principles set forth in the collision clauses contained in the hull policies of those Insured vessels.

v  Claims hereunder shall be separated among and take the identity of the several classes of liability for loss, damage and expense enumerated in this Rule and each class shall be subject to the deductions, inclusions, exclusions and special conditions applicable in respect to such class.

vi  Notwithstanding the foregoing, the Association shall not be liable for any claims hereunder where the various liabilities resulting from such collision, or any of them, have been compromised, settled or adjusted without the written consent of the Association.

vii  In every case where the Insured vessel is a tug, the hull policy thereof shall be deemed to be written on the American Institute Tug Form, August 1, 1976 and this Section 3 shall be deemed to incorporate the collision clause contained in the said policy and the following clause shall be substituted for and supersede Rule 3, Section 6 namely:

46

**CLASS I**  **RULE 2**  **RISKS AND LOSSES COVERED**

Loss of or damage to any vessel or vessels in tow and/or their cargoes, whether such loss or damage occurs before, during or after actual towage; provided, that this exception shall not apply to claims under Section 1 of Rule 2.

Section 4  **DAMAGE CAUSED OTHERWISE THAN BY COLLISION**

Liability for loss of or damage to any other vessel or craft, or to property on board such other vessel or craft, caused otherwise than by collision of the Insured vessel with another vessel or craft.

Where such other vessel or craft or property on board such other vessel or craft belongs to the Member, claims hereunder shall be adjusted as if it belonged to a third person; provided, however, that if such vessel, craft or property be Insured, the Association shall be liable hereunder only insofar as the loss or damage, but for the insurance herein provided, is not or would not be recoverable by the Member under such other insurance.

Section 5  **DAMAGE TO DOCKS, BUOYS, ETC.**

Liability for loss of or damage to any dock, pier, jetty, bridge, harbor, breakwater, structure, beacon, buoy, lighthouse, cable, or to any fixed or movable object or property whatsoever, including infringement of rights, except another vessel or craft, or property on another vessel or craft, or to property on the insured vessel unless property on the insured vessel is elsewhere covered herein.

Where any such object or property belongs to the Member, claims hereunder shall be adjusted as if it belonged to a third person; provided, however, that if such object or property be Insured, the Association shall be liable hereunder only insofar as the damage, but for the insurance herein provided, is not or would not be recoverable by the Member under such other Insurance.

47

CLASS I

## RULE 2   RISKS AND LOSSES COVERED

### Section 6

**LIABILITY IN RESPECT OF WRECKS**

Liability for costs or expenses relating to

**A**  the raising, removal, destruction, lighting or marking of the wreck of an insured vessel, when such raising, removal, destruction, lighting or marking is compulsory by law or the costs thereof are legally recoverable from the Member.

**B**  the raising, removal, destruction of any property (other than oil or other substance within the scope of Rule 2, Section 13) being carried or having been carried on an insured vessel, when such raising, removal or destruction is compulsory by law or the costs thereof are legally recoverable from the Member but only if and to the extent that such property does not form part of the insured vessel and is not owned or leased by the Member or by any company affiliated with the Member, and the Member is unable to recover such costs and expenses from the owner or insurer of such property, or from any other party.

**C**  any such raising, removal or destruction of the wreck of an insured vessel or any property as is referred to in paragraphs A and B of this section, or any attempt thereat.

**D**  the presence or involuntary shifting of the wreck of an insured vessel or as a result of the Member's failure to remove, destroy, light or mark such wreck, including liability arising from the discharge or escape from such wreck of oil or any such substance.

PROVIDED that:

1  The insured vessel became a wreck as a result of a casualty or event occurring during the period of that vessel's entry in the Association, in which case the Association shall continue to be liable for the claim notwithstanding that in other respects the liability of the Association shall have terminated pursuant to Rule 5, Section 1(1)(b).

2  In respect of a claim under paragraph A of this Section, the value of all stores and materials saved, as well as the wreck itself, shall

48

CLASS I

## RULE 2   RISKS AND LOSSES COVERED

first be deducted from such costs or expenses and only the balance thereof, if any, shall be recoverable from the Association.

3  Nothing shall be recoverable from the Association under this Section if the Member shall, without the consent of the Association in writing, have transferred his interest in the wreck otherwise than by abandonment, prior to the raising, removal, destruction, lighting or marking of the wreck or prior to the incident giving rise to the liabilities, costs and expenses referred to in this Section.

4  Where the liability arises or the costs or expenses are incurred under the terms of a contract and would not have arisen but for those terms, that liability is not covered by the Association unless and to the extent that those terms shall have been previously approved by the Association in writing.

5  The Association shall not be liable for any costs or expenses of a type, character or kind which would be covered by the hull insurance of the insured vessel.

6  In the event that the wreck of the insured vessel is upon property owned, leased, rented or otherwise occupied by the Member, the Association shall be liable for any liability or removal of the wreck which would be imposed upon the Member by law in the absence of contract if the wreck had been upon property belonging to another, but only for the excess over any amount recoverable under any other insurance applicable thereto.

### Section 7

**CARGO**

Liabilities and costs set out in subsections 1 to 4 below when and to the extent that they relate to cargo intended to be or being or having been carried in an insured vessel.

1  *Loss, Shortage, Damage or Other Responsibility*

Liability for loss, shortage, damage or other responsibility arising out of any breach by the Member, or by any person for whose acts, neglect or default he may be legally liable, of his obligation properly to load, handle, stow, carry, keep, care for, discharge or deliver the cargo or out of unseaworthiness or unfitness of the insured vessel.

2  *Disposing of Damaged Cargo*

The additional costs (over and above those which would have

49

LNA000029

I.N.A000030

**CLASS I**

## RULE 2   RISKS AND LOSSES COVERED

been incurred if the cargo had not been damaged incurred by the Member in discharging or disposing of damaged cargo, but only if and to the extent that the Member has no recourse to recover those costs from any other party.

Provided always that where the said additional costs claimed represent the daily running costs of the insured vessel, such costs shall not be payable save to the extent that the Directors, in their absolute discretion, shall otherwise determine.

### 3   *Failure of Consignee to Remove Cargo*

The liabilities and additional costs (over and above the costs which would have been incurred by him if the cargo had been collected or removed) incurred by a Member solely by reason of the total failure of a consignee to collect or remove cargo at the port of discharge or place of delivery, but only if and to the extent that such liabilities or costs exceed the proceeds of sale of the cargo and the Member has no recourse to recover those liabilities or costs from any other party.

### 4   *Through or Transhipment Bills of Lading*

Liability for loss, shortage, damage or other responsibility in respect of cargo carried by a means of transport other than the insured vessel, when the liability arises under a through or transhipment bill of lading, or other form of contract, providing for carriage partly to be performed by the insured vessel.

Provided always that:

### a   *Standard Terms of Carriage*

Unless and to the extent that the Directors in their discretion otherwise decide, or special cover has been agreed in writing by the Association, there shall be no recovery from the Association in respect of liabilities which would not have been incurred or sums which would not have been payable by the Member if the cargo (including cargo on deck) had been carried on terms no less favorable to the Member than the Hague Visby Rules or the U.S. Carriage of Goods by Sea Act and/or such other rules and/or conventions as the Directors may from time to time determine.

### b   *Deviation*

Unless and to the extent that the Directors in their discretion

**CLASS I**

## RULE 2   RISKS AND LOSSES COVERED

otherwise decide, or cover has been confirmed in writing by the Association prior to the deviation, there shall be no recovery from the Association in respect of liabilities, costs or expenses which arise out of or which are incurred as a consequence of a deviation, in the sense of a departure from the contractually agreed voyage or adventure which deprives the Member of the right to rely on defenses or rights of limitation of liability which would otherwise have been available to him on the basis of the standard terms of carriage referred to in proviso (a) above to reduce or eliminate his liability.

### c   *Claims Payable Only at the Discretion of the Directors*

Unless and to the extent the Directors in their discretion otherwise decide there shall be no recovery from the Association in respect of liabilities, costs or expenses arising out of:

i   discharge of cargo at a port or place other than the port or place provided in the contract of carriage;

ii   delivery of cargo carried under a negotiable bill of lading or similar document of title without production of that bill of lading or document by the person to whom delivery is made, except, where cargo has been carried in the insured vessel under the terms of a non-negotiable bill of lading, waybill or other non-negotiable document, and has been properly delivered as required by that document, notwithstanding that the owner of that insured vessel may be liable under the terms of a negotiable bill of lading or other similar document of title issued by or on behalf of a party other than that owner providing for carriage partly by a means of transport other than the insured vessel;

iii   the issue of an antedated or postdated bill of lading, waybill or other document containing or evidencing the contract of carriage, that is to say a bill of lading, waybill or other document recording the loading or shipment or receipt for shipment on a date prior or subsequent to the date on which the cargo was in fact loaded, shipped or received as the case may be;

LNA000031

**CLASS I**    RULE 2    RISKS AND LOSSES COVERED

**iv**  a bill of lading, waybill or other document containing or evidencing the contract of carriage, issued with the knowledge of the Member or the master of the insured vessel with an incorrect description of the cargo or its quantity or its condition;

**v**  either the failure to arrive or late arrival of an insured vessel at a port of loading, or the failure to load any particular cargo or cargoes in an insured vessel other than liabilities, loss and expenses arising under a bill of lading already issued.

**d**  *Ad Valorem Bills of Lading*

Unless and to the extent that special cover has been agreed in writing by the Association, the Association shall not be liable for payments to cargo claimants of amounts exceeding whichever is the higher of $2,500 per unit, piece or package or the limitation per unit, piece or package specified in the standard terms of carriage, in respect of shipments of goods carried under an ad valorem bill of lading, waybill or other document containing or evidencing the contract of carriage in which the value of the relevant unit, piece or package has been stated to be in excess of $2,500.

**e**  *Rare or Valuable Cargo*

Unless and to the extent that special cover has been agreed in writing by the Association, there shall be no recovery from the Association in respect of claims relating to the carriage of specie, bullion, precious or rare metals or stones, plate or other objects of a rare or precious nature, bank notes or other forms or currency, bonds or other negotiable instruments.

**f**  *Property of the Member*

In the event that any cargo lost or damaged on board the insured vessel shall be the property of the Member, such Member shall be entitled to recover from the Association the same amount as would have been recoverable from him if the cargo had belonged to a third party and that third party had concluded a contract of carriage of the cargo with the Member on the terms of the Association's recommended standard terms of carriage.

52

---

**CLASS I**    RULE 2    RISKS AND LOSSES COVERED

**Section 8**

**FINES AND PENALTIES**

Liability for fines and penalties imposed by any court, tribunal or authority for:

**1**  short- or over-delivery of cargo, or failure to comply with regulations concerning the declaration of goods, or documentation of cargo, provided that the Member is insured by the Association for liability in respect of cargo and subject always to the provisions of these Rules generally and/or the Member's terms of entry in respect of such cargo cover;

**2**  breach of any immigration law or regulation, provided that such breach is unknown to the Member;

**3**  the accidental escape or discharge of oil or any other substance from an insured vessel, provided that the Member is insured for pollution liability by the Association, and subject to the applicable limit of liability under the Rules of the Association and/or the terms of entry;

**4**  smuggling by the master or members of the crew, provided that the Member upon becoming aware of such activity immediately notifies the Association.

All other fines and penalties will be recoverable only under Rule 2, Section 19, provided that:

**a**  the Member has satisfied the Directors that it took such steps as appear to them to be reasonable to avoid the event giving rise to the fine or penalty; and

**b**  any amount claimed in respect of such fines shall be recoverable to such extent as the Directors in their absolute discretion may determine without having to give any reason for their decision.

Coverage under Section 8 hereunder also extends to confiscation of an insured vessel by a legally empowered court, tribunal or authority for breach of any customs law or regulation, provided that:

•  recovery shall be limited to the market value of the insured vessel, free of commitment at the time of confiscation;

53

**CLASS I**

## RULE 2   RISKS AND LOSSES COVERED

- no claim shall be considered in respect of any confiscation which has not remained in effect for a continuous period of 183 days from such time as the Member shall have notified the Association in writing of the confiscation, and if at any time before or after the expiry of the said period terms become available for the return of the insured vessel on payment of a monetary penalty, the Association may require the Member to accept such terms and make the necessary payment which alone shall then be the subject of recovery from the Association;

- the Association in its sole discretion may refuse recovery to any extent whatever in respect of confiscation in circumstances regarded by the Association as involving any element of fault or privity on the part of the Member.

**Section 9**   MUTINY, MISCONDUCT

Liability for expenses incurred in resisting any unfounded claim by a seaman or other person employed on board the insured vessel, or in prosecuting such person or persons in case of mutiny or other misconduct; not including, however, costs of successfully defending claims elsewhere protected in this Rule.

**Section 10**   QUARANTINE EXPENSES

Liability for extraordinary expenses, incurred in consequence of the outbreak of any disease on the insured vessel, for disinfection of the vessel or of persons on board, or for quarantine expenses, not being the ordinary expenses of loading or discharging, nor the ordinary wages or provisions of crew or passengers, provided, however, that no liability shall exist hereunder if the insured vessel be ordered to proceed to a port where it is known that she will be subjected to quarantine.

54

**CLASS I**

## RULE 2   RISKS AND LOSSES COVERED

**Section 11**   DIVERSION EXPENSES

Liability for expenses incurred solely for the purpose of putting in to land an injured or sick seaman or passenger, and the net loss to the Member in respect of bunkers, insurance, stores and provisions as the result of the diversion.

**Section 12**   UNRECOVERABLE GENERAL AVERAGE CONTRIBUTIONS

General average (excluding ship's sacrifice items), special charges or salvage chargeable to any other party to the marine adventure for which the Member may become liable or be unable to recover from such party solely by reason of a breach of the contract of carriage, provided that:

1   the Member shall have notified the Association in writing within twelve months both of the casualty out of which a claim under this Section 12 might arise, and of the reference of the matter to adjusters; and

2   the proviso in Section 7 above shall apply to recovery under this Section 12; and

3   the Member shall have obtained adequate general average security in the absence of which recovery from the Association will be available if, and only to the extent that, the Member can establish that, at the time of delivery of the cargo, he neither knew nor ought to have known that there had been an occurrence of a general average nature during the voyage, or if, and only to the extent that, the Directors, in their absolute discretion, shall otherwise determine.

**Section 13**   DISCHARGE OF OIL OR OTHER SUBSTANCE

Liabilities, costs and expenses that are the result of the discharge or escape of oil or any other polluting substance, or the threat of such discharge or escape, from an insured vessel, namely:

1   Liability for loss, damage or contamination;

2   Liability of the Member as a party to any voluntary agreement previously approved by the Association in writing, and the costs

55

LNA000032

**CLASS 1**

## RULE 2   RISKS AND LOSSES COVERED

and expenses incurred by the Member in performing his obligations under such agreement;

3   The costs of measures reasonably taken (or taken in compliance with any order or direction given by any government or authority) for the purpose of avoiding the threat of or minimizing pollution, and liability incurred as a result of such measures;

4   Liability to pay special compensation to a salvor of an insured vessel in respect of work done or measures taken to prevent or minimize damage to the environment, but only to the extent that such liability is imposed on the Member pursuant to Article 14 of the International Convention on Salvage, 1989, or is assumed by the Member under the terms of a standard form of salvage agreement approved by the Association, or the Lloyd's Standard Form of Salvage Agreement (LOF 1995) and subsequent amendments thereto.

Provided that any recovery hereunder may be reduced if and to the extent that the Member shall not have taken steps to ensure that costs and expenses recoverable hereunder are included in general average to the extent permitted under the York-Antwerp Rules 1994.

5   Liability, costs and expenses of the Member assumed in respect of an insured vessel which is a "Relevant Ship" as defined in the Small Tanker Owners Pollution Indemnification Agreement (STOPIA). A Member who has insurance in respect of such vessel shall, by virtue of entry with and through the agency of the Association, and unless the Managers otherwise agree in writing, become a party to STOPIA for the period of entry of such vessel in the Association. In the event that the Member exercises his rights under STOPIA to withdraw from that agreement, and unless the Managers have agreed in writing, or unless the Directors otherwise determine, there shall be no cover under this Rule 2, Section 13 in respect of such vessel so long as the Member is not a party to STOPIA.

**CLASS 1**

## RULE 2   RISKS AND LOSSES COVERED

### Section 14   SHIP'S PROPORTION OF GENERAL AVERAGE

The insured vessel's proportion of general average, special charges or salvage not recoverable under the hull policies by reason of the value of the ship being assessed for contribution to general average or salvage at a sound value in excess of the insured value under the hull policies.

Provided always that for the purpose of determining any sum recoverable under this Section 14, the Association shall be entitled to determine the proper value at which the insured vessel should have been insured under the hull policies and the Association shall only be liable for the excess (if any) above the amount which would have been recoverable under the hull policies had the insured vessel been insured thereunder at such value. For the purpose of this Section 14, "proper value" is defined as an amount equal to the free, uncommutted market value of the insured vessel at the time of the incident giving rise to the general average, special charges or salvage.

### Section 15   OFFICIAL INQUIRIES

Costs and expenses incurred by a Member in defending himself or in protecting his interests before an official inquiry into the loss of an insured vessel or into a casualty involving an insured vessel but only to the extent and on such conditions as the Directors in their sole discretion may determine.

### Section 16   SUE AND LABOR AND LEGAL COSTS

Extraordinary costs and expenses reasonably incurred after any casualty for the purpose of avoiding or minimizing any liabilities, costs or expenses against which the Member is insured by the Association.

Legal costs and expenses relating to any liabilities, costs or expenses against which the Member is insured by the Association, but only to the extent that such legal costs and expenses have been incurred with the prior approval of the Association in writing or to the extent and on such conditions as the Directors in their sole discretion may determine.

57

LNA000033

**CLASS 1**   RULE 2   RISKS AND LOSSES COVERED

### Section 17

#### EXPENSES OF INVESTIGATION AND DEFENSE

Liability for costs, charges and expenses reasonably incurred and paid by the Member in connection with any liability insured under this Rule, subject, however, to the same deduction that would be applicable by the terms of entry to the liability defended; provided that if any liability is incurred and paid by the Member as aforesaid, the deduction shall be applied to the aggregate of the claim and expenses; and provided further that the Member shall not be entitled to indemnity for expenses unless they were incurred with the approval in writing of the Association, or the Association shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that the expenses were reasonably and properly incurred; and provided further that any suggestion or approval of counsel, or any incurring of expenses in connection with liabilities not insured under this Rule, shall not be deemed an admission of the Association's liability.

It is understood and agreed that the Association may undertake the investigation of any occurrence which might develop into a claim against the Member, and may undertake the investigation and defense of any claim made against the Member with respect to which the Member shall be or may claim to be insured by the Association, and that during such investigation and/or defense the Association may incur expenses, which expenses shall be for the account of the Member, and such investigation and/or defense shall not be considered as an admission of the Association's liability for such claim or expenses, and the liability of the Association to the Member for any loss, damage or expense shall not be affected by any acts of the Association prior to formal presentation to the Association of the Member's claim for reimbursement or indemnity.

### Section 18

#### EXPENSES INCURRED UNDER AUTHORIZATION OF THE DIRECTORS

Expenses which the Member may incur under special written authorization of the Directors of the Association in cases in which the Directors decide that it is in the interests of the Association that the direction be given.

58

**CLASS 1**   RULE 2   RISKS AND LOSSES COVERED

### Section 19

#### 'OMNIBUS' CLAUSE

Liability for costs and expenses not expressly excluded elsewhere in these Rules, incidental to the business of owning, operating or managing ships which the Directors, in their sole discretion, shall consider to fall within the scope of the insurance protection afforded by the Association under these Rules.

59

LNA000034

**CLASS I**   **RULE 3**   RISKS AND LOSSES EXCLUDED

**Section 1**   RISKS EXCLUDED

Notwithstanding anything to the contrary contained in these Rules of Class I, there shall be no right of recovery from the Association in respect of any liabilities, costs or expenses, whether or not a contributory cause of their being incurred was any neglect on the part of a Member, Co-assured or Affiliate or any of their servants or agents, when the incident giving rise to the liability, cost or expense was caused by the following:

**War Risks**

1  i  War, civil war, revolution, rebellion, insurrection or civil strife arising therefrom, or any hostile act by or against a belligerent power or any act of terrorism;

   ii  Capture, seizure, arrest, restraint or detainment [barratry and piracy excepted] and the consequences thereof or any attempt thereat;

   iii  Mines, torpedoes, bombs, rockets, shells, explosives or similar weapons or devices, provided that this exclusion shall not apply to any liabilities, costs or expenses which arise solely by reason of

   a  the transport of any such weapons whether on board the insured vessel or not, or

   b  the use of any such weapons, either as a result of government order or through compliance with a written direction given by the Association where the reason for such use was the avoidance or mitigation of liabilities, costs or expenses which would otherwise have fallen within the cover given by the Association.

AND PROVIDED ALWAYS that the exclusions in this Section 1, Sub-Section 1 shall not apply to any liabilities, costs or expenses insofar only as they are discharged by the Association on behalf of a Member pursuant to a demand made under:

–  a guarantee or other undertaking given by the Association to the Federal Maritime Commission under Section 2 of US Public Law 89-777, or

60

**CLASS I**   **RULE 3**   RISKS AND LOSSES EXCLUDED

–  a certificate issued by the Association in compliance with Article VII of the International Conventions on Civil Liability for Oil Pollution Damage 1969 or 1992 or any amendments thereto, or

–  an undertaking given by the Association to the International Oil Pollution Compensation Fund 1992 in connection with the Small Tanker Oil Pollution Indemnification Agreement [STOPIA],

to the extent that such liabilities, costs and expenses are not recovered by the Member under any other policy of insurance or extension to the cover provided by the Association.. Where any such guarantee, undertaking or certificate is provided by the Association on behalf of a Member as guarantor or otherwise, the Member agrees that any payment by the Association thereunder in discharge of the said liabilities, costs and expenses shall, to the extent of any amount recovered under any other policy of insurance or extension to the cover provided by the Association, be deemed to be by way of loan and that there shall be assigned to the Association all the rights of the Member under any such other insurance and against any third party.

AND FURTHER PROVIDED ALWAYS THAT:

The Directors may resolve that special cover be provided to Members against any or all of the risks set out in Rule 2 of these Rules of Class I, notwithstanding that the liabilities, costs or expenses arising from such risks would otherwise be excluded by this Rule 3.1.1. Such special cover where provided may be limited to such sum or sums and be subject to such terms and conditions as the Directors may from time to time in their absolute discretion determine.

*In the event of any dispute as to whether or not any act constitutes an act of terrorism, the decision of the Directors shall be final.*

**Nuclear Risks**

2  Ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel; the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof; or any weapons or devices employing atomic or nuclear fission and/or fusion or other like reaction of radioactive force or matter.

61

LNA000035

02/01/06  WED 17:24  FAX 504 581 4336    Wiedemann & Wiedemann    ☒024

CLASS I

**RULE 3   RISKS AND LOSSES EXCLUDED**

Provided always that this Rule 3.1.2 shall not apply to liabilities, losses, costs or expenses arising out of or in consequence of the emission of ionizing radiations from, or the toxic, explosive or other hazardous properties of:

1  Isotopes prepared for use for industrial, commercial, agricultural, medical or scientific purposes;

ii  natural uranium; or

iii  depleted uranium,

being carried as cargo in an insured vessel, and such further exceptions as the Managers may approve.

**Blockade Running, Unlawful Trade etc.**

3  An insured vessel carrying contraband, blockade running or being employed in an unlawful trade or if the Directors, in their absolute discretion, shall be of the opinion that the carriage, trade or voyage was imprudent, unsafe, unduly hazardous or improper.

**Section 2   LOSSES EXCLUDED**

Save to the extent as may be expressly agreed in writing between a Member and the Managers, and notwithstanding anything to the contrary contained in these Rules of Class I, there shall be no right of recovery from the Association in respect of any loss, damage or expense a Member may have sustained, directly or indirectly, by reason of:

**Hull Damage etc. to the Insured Vessel**

1  Loss of, or damage to, the insured vessel or any part thereof.

2  Loss of, or damage to, any equipment on board the insured vessel or to any containers, lashings, stores of fuel thereon, to the extent that the same are owned or leased by a Member or by any party associated with or under the same management as the Member.

3  The cost of repairs to the insured vessel or any charges or expenses in connection therewith.

**Cancellation of Contracts, Loss of Hire etc.**

4  Cancellation or breach of any charter or contract, detention of an insured vessel, bad debts, insolvency, fraud of agents, loss of freight, passage money, hire, demurrage or any other loss of revenue

62

CLASS I

**RULE 3   RISKS AND LOSSES EXCLUDED**

incurred by a Member in respect of any vessel insured by the Member;

Provided always that where any loss of hire or freight forms part of a claim in respect of cargo covered under Rule 2.7 or if, with the consent of the Managers, included in the settlement of such a claim, such loss of hire or freight may be recoverable from the Association notwithstanding the terms of this Rule 3.2.4.

**Sums Insurable Under Hull Policies**

5  Any loss, damage, sacrifice or expense of a type, character or kind which would be fully payable without deductible under the terms of a policy written on the American Institute Hull Clauses (June 2, 1977) Form and a policy written on the American Institute Increased Value and Excess Liabilities Clauses (November 3, 1977) Form, or other equally wide form of insurance, whether or not the insured vessel is fully covered under such policies by insurance and excess insurance sufficient in amount to pay in full and without limit all such loss, damage, sacrifice or expense.

**Towage by an Insured Vessel**

6  Loss of or damage to, or wreck removal of, a vessel or other floating structure towed by an insured vessel or the cargo or other property on such tow (together with costs and expenses associated therewith), save insofar as either:

—  the towage or attempt thereat is made for the purpose of saving or attempting to save life or property at sea; or

—  the insured vessel is towing under a contract, or in other circumstances, approved by the Managers, and provided always that this exclusion shall not apply to claims covered under Rule 2.1.

**Towage of an Insured Vessel**

7  Liabilities, costs and expenses incurred under or pursuant to the terms of a contract for the towage of an insured vessel other than

1  a contract entered into for the purpose of entering or leaving a port, or manoeuvring within the port, during the ordinary course of trading; or

63

LNA000036

CLASS I

RULE 3  RISKS AND LOSSES EXCLUDED

ii a contract entered into in the ordinary course of trading of the insured vessel, being a vessel which is habitually towed from port to port or from place to place provided always that

  a such liabilities, costs and expenses shall only be recoverable to the extent that a Member is not insured against such liabilities, costs and expenses under the hull policies on the insured vessel; and

  b the Insured vessel has been insured with the Association on such basis; or

iii towage under Lloyd's Open Form of Salvage Agreement (1980, 1990 or 1995, whether or not incorporating SCOPIC) or any other form of salvage contract approved by the Association; or

iv a contract incorporating a term to the effect that the Member and the owner of the towing vessel shall each be responsible for any loss or damage to his own vessel, and for loss of life or personal injury on his own vessel, without any recourse whatsoever against the other.

Contracts and Indemnities

8 Liabilities, costs and expenses which would not have arisen but for the terms of a contract or indemnity entered into by a Member, unless those terms have been expressly approved in writing by the Managers.

Specialist Operations

9 Any liabilities, costs and expenses incurred by the Member during the course of performing specialist operations including but not limited to dredging, blasting, pile-driving, well simulation, cable or pipelaying, construction, installation or maintenance work, core sampling, depositing of spoil, professional oil spill response or professional oil spill response training (but excluding fire-fighting), to the extent that such liabilities, costs and expenses arise as a consequence of:

  a claims brought by any party for whose benefit the work has been performed, or by any third party (whether connected with any party for whose benefit the work has been performed or not), in respect of the specialist nature of the operations; or

64

CLASS I

RULE 3  RISKS AND LOSSES EXCLUDED

  b the failure to perform such specialist operations by the Member or the fitness for purpose and quality of the Member's work, products or services, including any defect in the Member's work, products or services; or

  c any loss or damage to the contract work;

Provided that this subsection 7 shall not apply to liabilities, costs and expenses incurred by the Member in respect of:

• loss of life, injury or illness of crew and other personnel on board the insured vessel; or

• the wreck removal of the insured vessel; or

• oil pollution emanating from the insured vessel;

but only to the extent that such liabilities are covered under Sections 1 through 10 of Rule 2 of these Rules.

Wilful Misconduct

10 Claims arising in circumstances where there has been wilful misconduct on the part of the Member, defined as an act intentionally done, or a deliberate omission, by the Member with knowledge that the performance or omission will probably result in injury, or an act done or omitted in such a way as to allow an inference of a reckless disregard of the probable consequences.

Drilling and/or Production Operations

11 Liabilities, costs and expenses incurred in respect of a drilling vessel or barge or any other vessel or barge employed to carry out drilling or production operations in connection with oil or gas exploration or production, including any accommodation unit moored or positioned on site as an integral part of any such operations, to the extent that such liabilities, costs or expenses arise out of or during drilling or production operations.

Waste Disposal and Sub-Sea Activities

12 Liabilities, costs and expenses incurred by a Member in connection with any claim brought against such Member arising out of waste incineration or disposal operations carried out by the insured vessel (other than any such operations carried out as an incidental part of other commercial activities) or the operation by the Member

65

LNA000037

CLASS 1    RULE 3    RISKS AND LOSSES EXCLUDED

of submarines, mini-submarines or diving bells or the activities of professional or commercial divers where the Member is responsible for such activities.

**Refugees**

13    Consequential loss of profit or depreciation arising from the rescue of refugees.

**Salvage of an Insured Vessel**

14    Salvage of an insured vessel or services in the nature of salvage provided to an insured vessel and any costs and expenses in connection therewith other than such liabilities, costs or expenses as may arise by reason of life salvage, or costs and expenses under any of the following:

Article 14 of the International Convention on Salvage 1989; or

Article 14 of the International Convention on Salvage 1989 as incorporated into Lloyd's Open Form of Salvage Agreement (1980, 1990 or 1995) or into any other salvage contract approved by the Association; or

cargo's contribution to general average payable by the Member solely by reason of a breach of the contract of carriage.

**Salvage by an Insured Vessel**

15    Liabilities, costs and expenses arising out of salvage operations conducted by an insured vessel or provided by the Member, other than

a    liabilities, costs and expenses arising out of salvage operations conducted by an insured vessel for the purpose of saving or attempting to save life at sea; and

b    liabilities, costs and expenses incurred by the Member (being a professional salvor) which are covered by a special agreement between the Member and the Association.

**Non-Marine Personnel**

16    Liabilities, costs and expenses incurred by a Member in respect of any of the following:

i    personnel (other than seamen) on board the insured vessel (being an accommodation vessel) employed otherwise than

66

CLASS 1    RULE 3    RISKS AND LOSSES EXCLUDED

by the Member where there has not been a contractual allocation of risks as between the Member and the employer of the personnel which has previously been approved by the Managers in writing;

ii    hotel and restaurant guests and other visitors and catering staff of the insured vessel when the insured vessel is moored (otherwise than on a temporary basis) and is open to the public as a hotel, restaurant, bar or other place of entertainment.

**Heavy Lifts**

17    Loss of or damage to, or wreck removal of, cargo carried on a semi-submersible heavy lift vessel or any other vessel designed exclusively for the carriage of heavy lift cargo, save to the extent that such cargo is being carried under the terms of a contract on Heavycon terms or any other terms previously approved by the Managers in writing.

**CERCLA-type Liabilities**

18    Unless the Directors shall otherwise determine, there is no cover in respect of any liability for loss, damage, costs and expenses arising as a consequence of the discharge or escape, or the threat of discharge or escape, of any hazardous waste (previously carried on an insured vessel) from any land-based dump, storage or disposal facility.

**Paperless Trading**

19    Any liabilities, costs or expenses whatsoever or howsoever arising, whether directly or indirectly, out of or in consequence of

i    a Member's participation in or use of any system or contractual arrangement the predominant purpose of which is to replace paper-based documentation in shipping and/or international trade with electronic messages, including, without limitation, the Bolero system (any such system or arrangement being referred to in this Rule 3.2.19 as a "paperless system"), or

ii    a document which is created or transmitted under a paperless system which document contains or evidences a contract of carriage, or

67

LNA000038

**CLASS I**

## RULE 3   RISKS AND LOSSES EXCLUDED

iii the carriage of goods pursuant to such a contract of carriage, save to the extent that the Managers in their sole discretion shall determine that such liability, cost or expense would have arisen and would have been covered by the Association if the Member had not participated in or used a paperless system and any contract of carriage had been contained in or evidenced by a paper document.

For the purpose of this Rule 3.2.19 a "document" shall mean anything in which information of any description is recorded, including, but not limited to, computer or other electronically generated information.

**CLASS I**

## RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS

### Mutual and Fixed Premium Insurance

1   Every Certificate of Entry issued to a Member of the Association shall clearly state whether or not the insurance is mutual or fixed premium insurance. Certificates of Entry evidencing mutual insurance shall contain a clear statement of the liability of the Member for the payment of his proportionate share of any deficiency as provided by law within the limit provided by the contract of insurance, and shall further state that any premiums and calls shall be for the exclusive benefit of Members who are subject to such a contingent liability. Members who are insured on mutual premium terms shall not be liable to make contribution in an amount greater in proportion to the total deficiency than the ratio that the deficiency attributable to mutual premium business bears to the total deficiency. All Certificates of Entry evidencing fixed premium insurance shall provide that Members insured on such terms shall not be liable for deficiencies in the funding of the Association, and such Members shall not be liable to make contribution to such deficiencies in the funding of the Association.

2   The Managers may on behalf of the Association issue Certificates of Entry evidencing mutual insurance which, save insofar as claims in respect of oil pollution are concerned, do not contain an express monetary limit on the Association's liability for the payment of claims covered by virtue of these Rules. Notwithstanding this, however, the liability of the Association in respect of the insurance of such claims shall be subject always to the provisions of Rule 4.14 herein and the limits on collectability of overspill claims as defined therein.

3   Certificates of Entry issued by the Managers on behalf of the Association evidencing fixed premium insurance shall in all cases contain an express monetary limit on the Association's liability for the payment of claims covered by virtue of these Rules.

4   For the purposes of adjusting mutual premium in relation to any surpluses or deficiencies to the Association's funding, the business of the Association shall be divided into policy years which shall have the meaning ascribed to them in Rule 1.2 above.

LNA000039

LNA000040

**CLASS I**

# RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS

### Treatment of Mutual Premium in Relation to Policy Year Results

5   From time to time when the Managers shall determine that it is practicable to estimate with a reasonable degree of certainty the minimum, probable or final surplus or deficiency resulting from all of the Association's insurances in effect during any policy year, the Managers shall place before the Directors a statement of such financial results. After receipt of any such statement, the Directors from time to time may:

    i   fix and determine an amount to be declared and paid as an interim or final return of mutual premium, after retaining such sums as they may deem necessary to meet outstanding obligations or for the maintenance of reserves and surplus of the Association; or

    ii   order an interim or final levy of supplementary premium to be made against Members insured on mutual premium terms, fix the date of payment of such a levy, determine the rate of interest that shall be added to and become a part of any delinquent payment and otherwise provide for enforcement or collection thereof.

6   Subject always to the provisions of Rule 4, Section 15 concerning Overspill Claims / Calls, if at any time or times after a policy year has been closed, such year being a policy year which shall have commenced no earlier than February 20, 1989, it shall appear to the Directors that the costs, expenses and outgoings arising in respect of that policy year exceed or are likely to exceed the premium and other receipts in respect of such policy year (and of all transfers from reserves and provisions made for the credit of or in respect of such policy year) then the Directors may decide to provide for such a deficiency in any one or more of the following ways:

    i   by transferring funds from the reserves of the Association;

    ii   by transferring funds standing to the credit of any different closed policy year;

    iii   by levying such interim or final supplementary premium in respect of an open policy year or years with the intention of applying either the whole or a part thereof to meet any such deficiency.

---

**CLASS I**

# RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS

7   Any return of mutual premium or any supplementary premium levied shall be based solely on such surplus or such deficiency, respectively, resulting from the mutual premium business for the policy year in question. All returns declared and all supplementary premiums levied shall be distributed or spread in the ratio that the net premium paid by a Member bears to the net premiums paid by all Members insured on mutual premium terms for the policy year. The term "net premium" as used in this Rule 4.7 shall mean the total premium paid less lay-up, cancellation or other returns of premium. In any case, however, all actions of the Directors in respect of returns of premium or levies of supplementary premium shall conform with the law and with the Charter and By-Laws of the Association.

### Premium to Release

8   Upon or at any time after the cesser or termination of the insurance of an insured vessel for any reason, or at any other time as may have been expressly agreed between a Member and the Managers, the Managers, on behalf of the Association, may calculate and charge premium to release a Member from liability for further contribution to mutual premium in respect of such vessel at a percentage of the then estimated total premium for any policy year which has not at that time been declared closed for the levy of mutual premium in accordance with Rule 4.16 and 17 below. The said percentage shall be as from time to time determined by the Directors in their absolute discretion.

9   The amount of such premium to release shall be payable by a Member on demand without set-off, and payment thereof will not affect a Member's liability for overspill calls as set out in Rule 4.14 herein. Provided always, however, that the Association may accept in lieu of payment of such premium to release a guarantee given or confirmed by a bank acceptable to the Managers for the Member's future liability for mutual premium and overspill calls.

10   Once paid, premiums to release shall not in any circumstances be returnable, notwithstanding any subsequent reduction in the amounts chargeable for the policy years concerned; nor shall a Member have any right to share in any returns of mutual premium for any such policy year in respect of a vessel for which premium

## RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS

to release has been paid or is payable, but payment of premium to release shall discharge a Member from any future liability for that mutual premium in lieu of which such premium to release has been charged.

### Returns of Premium Consequent Upon Lay-up

11  Subject to any special terms and conditions which may have been expressly agreed between a Member and the Managers, if an insured vessel shall be without cargo on board and so remain in any safe port for a period of 30 or more consecutive days after finally mooring there (such period being computed from the day of arrival to the day of departure, excluding the day of arrival and the day of departure), a Member is to be allowed a return of premium calculated at a rate of eighty per cent (80%) of the total net premium payable for such vessel.

Provided always that:

i  An insured vessel shall not be treated as laid up if she has either seamen (other than for maintenance or security) or cargo on board, except that the Managers in their absolute discretion may agree to a reduced allowance if there are additional seamen on board;

ii  The Managers shall have absolute discretion in deciding whether the port involved or the place of the vessel's lay-up is a safe port within the meaning of this Rule, and/or to determine how many seamen may be required for such maintenance or security within the meaning of this Rule 4.11;

iii  No return of premium shall be made under this Rule unless the Member shall submit his notice in writing to and submits his claim for the lay-up return, along with supporting documentation acceptable to the Managers of such lay-up, to the Managers not later than 60 days after the end of the lay-up period. If the lay-up period continues into a new policy year, written notice shall be given to the Association within 30 days of the start of the new policy year;

## RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS

iv  The percentage of premium returnable shall be calculated upon the net premium only, i.e. premium payable excluding overspill calls, less such allowance for reinsurance, administrative expenses and other outgoings as the Managers in their absolute discretion may from time to time determine;

v  This Rule 4.11 shall not apply to overspill calls.

### Member's Obligation to the Association

12  The liability of a Member to pay supplementary premium is an obligation to the Association and not to any other Members.

### Set-off

13  The Association shall be entitled to set off any amount due from a Member against any amount due to such Member from the Association.

### Contingency Fund

14  During any policy year, or thereafter, the Directors may, from time to time, set aside as an expense of the Association for that year such sum or sums as they may consider necessary or proper to be added to a contingency fund of the Association.

### Overspill Claims / Calls

15  **Interpretation**

1.1  In this Section 15 the following words and expressions shall have the following meanings:

CONVENTION LIMIT: In respect of a vessel, the limit of liability of the shipowner of that vessel for claims (other than claims for loss of life or personal injury) at the Overspill Claim Date, calculated in accordance with Rule 6 Section 1(b) of the International Convention on Limitation of Liability for Maritime Claims 1976 (the "Convention") and converted from Special Drawing Rights into United States Dollars at the rate of exchange conclusively certified by the Association as being the rate which prevailed on the Overspill Claim Date, provided that:

LNA000041