**CLASS 1** | **RULE 4** | **ASSOCIATION FUNDING: PREMIUMS AND CALLS**

a   where a vessel is entered for a proportion (the "relevant proportion") of its tonnage only, the Convention Limit shall be the relevant proportion of the limit calculated and converted as aforesaid; and

b   each vessel shall be deemed to be a seagoing ship to which the Convention applies, notwithstanding any provision in the Convention to the contrary;

GROUP REINSURANCE LIMIT: the amount of the smallest claim (other than any claim arising in respect of oil pollution) incurred by the Association or by any other party to the Pooling Agreement which would exhaust the largest limit for any type of claim (other than a claim arising in respect of oil pollution) from time to time imposed in the International Group Excess Loss Contract.

OVERSPILL CALL: a call levied by the Association pursuant to this Section 15 for the purpose of providing funds to pay part of an Overspill Claim.

OVERSPILL CLAIM: that part (if any) of a claim (other than a claim arising in respect of oil pollution) incurred by the Association or by any other party to the Pooling Agreement under the terms of entry of a vessel which exceeds or may exceed the Group Reinsurance Limit.

OVERSPILL CLAIM DATE: in relation to any Overspill Call, the time and date on which there occurred the incident or occurrence giving rise to the Overspill Claim in respect of which the Overspill Call is made or, if the Policy Year in which such incident or occurrence has been closed in accordance with the provisions of this Rule, noon GMT on August 20 of the Policy Year in respect of which the Association makes a declaration under this Section 15.

1.2   All claims (other than claims arising in respect of oil pollution) incurred by the Association or by any other party to the International Group Pooling Agreement ("the Pooling Agreement") under the Pooling Agreement arising from any one incident or occurrence including any claim in respect of liability for the removal or non-removal of any

74

**CLASS 1** | **RULE 4** | **ASSOCIATION FUNDING: PREMIUMS AND CALLS**

wreck shall be treated for the purposes of this Section 15 as if they were one claim.

1.3   Any reference to a claim incurred by the Association or by any other party to the Pooling Agreement shall be deemed to include the costs and expenses associated therewith.

*Recoverability of Overspill Claims*

2.1   Without prejudice to any other applicable limit, any Overspill Claim incurred by the Association shall not be recoverable from the Association in excess of the aggregate of:

a   that part of the Overspill Claim which is eligible for pooling under the Pooling Agreement but which, under the terms of the Pooling Agreement, is to be borne by the Association; and

b   the maximum amount that the Association is able to recover from the other parties to the Pooling Agreement as their contributions to the Overspill Claim.

2.2   The aggregate amount referred to in 2.1 above shall be reduced to the extent that the Association can evidence:

a   that costs have been properly incurred by it in collecting or seeking to collect:

   i   Overspill Calls levied to provide funds to pay that part of the Overspill Claim referred to in 2.1 section (b); or

   ii   the amount referred to in 2.1 section (b),

b   that it is unable to collect an amount equal to that part of the Overspill Claim referred to in 2.1 section (a) which it has intended to pay out of the levy of Overspill Calls because any Overspill Calls so levied, or parts thereof, are not economically recoverable, provided that if, due to a change in circumstances, such amounts subsequently become economically recoverable, the aggregate amount referred to in 2.1 shall be reinstated to that extent.

2.3   In evidencing the matters referred to in 2.2 section (b) the Association shall be required to show that:

75

LNA000042

LNA000043

CLASS I · RULE 4 · ASSOCIATION FUNDING: PREMIUMS AND CALLS

a it has levied Overspill Calls on all Members entered in the Association on the Overspill Claim Date in accordance with and in respect of the Overspill Claim referred to in 2.1 in maximum amounts permitted in accordance with this Rule, and

b It has levied those Overspill Calls in a timely manner, has not released or otherwise waived a Member's obligation to pay those Calls, and has taken all reasonable steps to recover those Calls.

*Payment of Overspill Claims*

3.1 The funds required to pay any Overspill Claim incurred by the Association shall be provided:

a from such sums as the Association is able to recover from the other parties to the Pooling Agreement as their contributions to the Overspill Claim, and

b from such sums as the Association is able to recover from any special insurance which may, in the discretion of the Association, have been effected to protect the Association against the risk of payments of Overspill Claims, and

c from such proportion as the Association in its discretion determines of any sums standing to the credit of such Overspill reserves as the Association may in its discretion have established, and

d by levying one or more Overspill Calls in accordance with this Section 15, irrespective of whether the Association has sought to recover or has recovered all or any of the sums referred to in 3.1 section (b) but provided the Association shall first have made a determination in accordance with 3.1 section (c), and

e from any interest accruing to the Association on any funds provided as aforesaid.

3.2 The funds required to pay such proportion of any overspill claim incurred by any other party to the Pooling Agreement which the Association is liable to contribute under the

CLASS I · RULE 4 · ASSOCIATION FUNDING: PREMIUMS AND CALLS

terms of the Pooling Agreement shall be provided in the manner specified in 3.1 sections (b)-(e).

3.3 To the extent that the Association intends to provide funds required to pay any Overspill Claim incurred by it in the manner specified in 3.1 section (d), the Association shall only be required to pay such Overspill Claim as and when such funds are received by it, provided that it can show from time to time that, in seeking to collect funds, it has taken the steps referred to in 2.3 sections (a) and (b).

*Overspill Claims – Expert Determinations*

4.1 Any of the issues referred to in 4.2 on which the Association and the Member cannot agree shall be referred to a panel (the "Panel") constituted in accordance with arrangements established in the Pooling Agreement which, acting as a body of experts and not as an arbitration tribunal, shall determine the issue.

4.2 This Section 14 shall apply to any issue of whether, for the purpose of applying any of 2.2, 2.3 and 3.3 in relation to any Overspill Claim ("the relevant Overspill Claim"):

a costs have been properly incurred in collecting or seeking to collect Overspill Calls; or

b any Overspill Call or part thereof is economically recoverable; or

c in seeking to collect the funds referred to in 3.3, the Association has taken the steps referred to in that section.

4.3 If the Panel has not been constituted at a time when a Member wishes to refer an issue to it, the Association shall, on request by the Member, give a direction for the constitution of the Panel as required under the Pooling Agreement.

4.4 The Association may (and, on the direction of the Member, shall) give such direction as is required under the Pooling Agreement for the formal Instruction of the Panel to

02/01/06 TUE 17:27 FAX 504 581 4336 Wiedemann & Wiedemann @033

LNA000044

respect of that Overspill Claim for the purposes specified in 2.2 section (a).

*Levying of Overspill Calls*

5.1 If:

a the Association shall at any time determine that funds are or may in the future be required to pay part of an Overspill Claim (whether incurred by the Association or by any other party to the Pooling Agreement), and

b the Association shall have made a declaration under 6.1 or 6.3 that a Policy Year shall remain open for the purpose of levying an Overspill Call or Calls in respect of that Overspill Claim, the Association in its discretion, at any time or times after such declaration has been made, may levy one or more Overspill Calls in respect of that Overspill Claim in accordance with 5.2.

5.2 The Association shall levy any such Overspill Call:

a on all Members entered in the Association on the Overspill Claim Date in respect of vessels entered by them at the time, notwithstanding the fact that, if the Overspill Claim Date shall be in a Policy Year in respect of which the Association has made a declaration under 6.3, any such vessel may not have been entered in the Association at the time the relevant Incident or occurrence occurred, and

b at such percentage of the Convention Limit of each such vessel as the Association in its discretion shall decide.

5.3 An Overspill Call shall not be levied in respect of any vessel entered on the Overspill Claim Date with an overall limit of cover equal to or less than the Group Reinsurance Limit.

5.4 The Association shall not levy on any Member in respect of the entry of any one vessel an Overspill Call or Calls in respect of any one Overspill Claim exceeding in the aggregate two and one-half percent of the Convention Limit of that vessel.

---

Investigate any issue and to give its determination as soon as reasonably practicable.

4.5 The Panel shall in its discretion decide what information, documents, evidence and submissions it requires in order to determine an issue and how to obtain these, and the Association and the Member shall cooperate fully with the Panel.

4.6 In determining any issue referred to it under this Rule the Panel shall endeavour to follow the same procedure as it follows in determining issues arising in respect of the relevant Overspill Claim which are referred to it under the Pooling Agreement.

4.7 In determining an issue the members of the Panel:

a shall rely on their own knowledge and expertise, and

b may rely on any information, documents, evidence or submission provided to it by the Association or the Member as the Panel sees fit.

4.8 If the three members of the Panel cannot agree on any matter, the view of the majority shall prevail.

4.9 The Panel shall not be required to give reasons for any determination.

4.10 The Panel's determination shall be final and binding upon the Association and the Member (subject only to 4.11) and there shall be no right of appeal from such determination.

4.11 If the Panel makes a decision on an issue referred to in 4.2 sections (b) or (c) the Association or the Member may refer the issue back to the Panel notwithstanding Clause 4.10, if it considers that the position has materially changed since the Panel made its determination.

4.12 The costs of the Panel shall be paid by the Association.

4.13 Costs, indemnities and other sums payable to the Panel by the Association in relation to any Overspill Claim, whether the reference to the Panel has been made under this Section 15 or under the Pooling Agreement, shall be deemed to be costs properly incurred by the Association in

CLASS I

**RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS**

5.5   If at any time after the levying of any Overspill Call upon the Members entered in the Association in any Policy Year, it shall appear to the Association that the whole of such Overspill Call is unlikely to be required to meet the Overspill Claim in respect of which such Overspill Call was levied, the Association may decide to dispose of any excess which in the opinion of the Association is not so required by returning the excess or any part thereof to those Members who have paid that Overspill Call in proportion to the payments made by them.

*Closing of Policy Years for Overspill Calls*

6.1   If at any time prior to the expiry of a period of thirty-six months from the commencement of a Policy Year (the "relevant Policy Year"), any of the parties to the Pooling Agreement sends a notice (an "Overspill Notice") in accordance with the Pooling Agreement that an incident or occurrence has occurred in the relevant Policy Year which has given or at any time may give rise to an Overspill Claim, the Association shall as soon as practicable declare that the relevant Policy Year shall remain open for the purpose of levying an Overspill Call or Calls in respect of that claim and the relevant Policy Year shall not be closed for the purpose of making an Overspill Call or Calls in respect of that claim until such date as the Association shall determine.

6.2   If at the expiry of the period of thirty-six months provided for in 6.1, no Overspill Notice as therein provided for has been sent, the relevant Policy Year shall be closed automatically for the purpose of levying Overspill Calls only, whether or not closed for any other purposes, such closure to have effect from the date falling thirty-six months after the commencement of the relevant Policy Year.

6.3   If at any time after the Policy Year has been closed in accordance with the provisions of 6.1 and 6.2, it appears to the Association that an incident or occurrence which occurred during such closed Policy Year may then or any time in the future give rise to an Overspill Claim, the

---

CLASS I

**RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS**

Association shall as soon as practicable declare that the earliest subsequent open Policy Year (not being a Policy Year in respect of which the Association has already made a declaration in accordance with 6.1 and 6.2) shall remain open for the purpose of levying an Overspill Call or Calls in respect of that claim and such open Policy Year shall not be closed for the purpose of making an Overspill Call or Calls in respect of that claim until such date as the Association shall determine.

6.4   A Policy Year shall not be closed for the purpose of levying Overspill Calls save in accordance with this Section 15.

*Security for Overspill Calls on termination or cesser*

7.1   If:

a   the Association makes a declaration in accordance with 6.1 or 6.3 that a Policy Year shall remain open for the purpose of levying an Overspill Call or Calls; and

b   any Member who is liable to pay such Overspill Call or Calls as may be levied by the Association in accordance with this Section 15 ceases or has ceased to be insured by the Association for any reason, or the Association determines that the insurance of any such Member may cease the Association may require such Member to provide to the Association by such date as the Association may determine (the "due date") a guarantee or other security in respect of the Member's estimated future liability for such Overspill Call or Calls, such guarantee or other security to be in the form and amount (the "guarantee amount") and upon such terms as the Association in its discretion may deem to be appropriate in the circumstances.

7.2   Unless and until such guarantee or other security as is required by the Association has been provided by the Member, the Member shall not be entitled to recover from the Association any claims whatsoever and whensoever arising in respect of any and all vessels entered in the Association for any Policy Year by him or on his behalf.

LNA000045

LNA000046

**RULE 4   ASSOCIATION FUNDING: PREMIUMS AND CALLS**

7.3  If such guarantee or other security is not provided by the Member to the Association by the due date, a sum equal to the guarantee amount shall be due and payable by the Member to the Association on the due date, and shall be retained by the Association as a security deposit on such terms as the Association in its discretion may deem to be appropriate in the circumstances.

7.4  The provision of a guarantee amount or other security as required by the Association (including a payment in accordance with 7.3) shall in no way restrict or limit the Member's liabilities to pay such Overspill Call or Calls as may be levied by the Association in accordance with this Rule.

**Closing of Policy Years**

16  Subject always to the provisions of Rule 4.15 above, with effect from such date as the Directors in their absolute discretion may determine after the end of each policy year, but no sooner than thirty-six months from its commencement, they may declare that policy year closed for the purpose of levying mutual premium, after which no further mutual premium or premium to release shall be levied in respect thereof.

17  The Directors may declare any policy year closed for the purpose of levying mutual premium or premium to release notwithstanding that it is known or anticipated that there are in existence, or may in the future arise, legal costs, charges or disbursements recoverable in respect of such policy year which have not yet accrued or the validity, extent or amount of which have yet to be established.

**RULE 5   CESSER AND TERMINATION OF COVER**

Section 1

1  Unless otherwise agreed by the Managers in writing, any insurance in respect of a Member's interest in an insured vessel shall cease upon the happening of any of the following events:

a  the Member parting with or assigning his interest in the vessel whether by bill of sale or other formal document or in any other way whatsoever, the Association to allow a pro-rata daily return of premium for the unexpired term of the insurance with respect to said vessel;

b  the vessel becoming an actual total loss, except with respect to the liabilities, costs and expenses resulting directly from the casualty which has given rise to such actual total loss;

c  in the case of an alleged constructive total loss of the vessel, the acceptance by hull underwriters of notice of abandonment, the tendering of which must be immediately notified to the Association in writing;

d  the vessel being missing for ten days from the date it was last heard from or from its being posted at Lloyd's as missing, whichever shall be the earlier.

e  a Member being in breach of any of the conditions set out in Rule 1.4.14 above and as provided for thereunder;

f  an insured vessel having failed to pass survey in accordance with the provisions of Rule 1.4.39 to 42 inclusive and as provided for thereunder.

2  Should the Member fail to pay, either in whole or in part, any amount due from the Member to the Association (including any amount for which the Member may be jointly and severally liable to the Association), the Managers may give the Member notice in writing requiring the Member to pay such amount by any date specified in such notice, not being less than five days from the date on which such notice is given. In the event that the Member fails to make payment in full on or before the date so specified, the insurance of the Member (whether or not such insurance may already have ceased for any other reason) in respect of any and all vessels insured for account or on behalf of the Member shall be terminated immediately without further notice or other formality.

## E 5    CESSER AND TERMINATION OF COVER

f contributions, premiums or other sums, admit either in whole
r in part any claim in respect of a vessel insured by the Member
or which the Association is under no liability by virtue of this
ate of termination as the case may be, or forgive wholly or partly
ny payment of contribution, premiums or other sums due to
he Association.

lould the Member or any affiliated company become insolvent
r bankrupt or assign its property for the benefit of creditors or
iffer the appointment of a receiver for its property or any part
ereof or the institution of dissolution proceedings by or against
, the Association shall not be liable for any claims whatsoever
nder this insurance unless, within sixty days from the date of
e occurrence of such insolvency, bankruptcy, assignment,
ceivership or dissolution proceedings, there are paid to the
ssociation by or on behalf of the Member all premiums and/or
sessments due, and the payment of any premiums to become
re and all possible assessments is unconditionally guaranteed
a responsible surety, and unless the Member shall have paid
e loss, damage or expense for which it is claiming out of monies
longing to it absolutely and not by way of loan or otherwise.

the event that Sections 182 to 189, both inclusive, of U.S.
de, Title 46, or any other existing law or laws determining or
illing liability of shipowners and carriers, or any of them, shall,
ile this policy is in force, be modified, amended or repealed,
the liabilities of shipowners or carriers be increased in any
pect by legislative enactment, the Association shall have the
h't to cancel said insurance upon giving thirty days written notice
its intention so to do, and in the event of such cancellation,
ke a return of premium upon a prorata daily basis.

y contract of insurance in respect of a Member's interest in an
ured vessel may be terminated:

the Member only as of Noon GMT on February 20th of any
r with not less than thirty days' prior written notice to the
ociation; and

the Association at any time with not less than thirty days'
ir written notice to the Member.

85

LNA000047

# RULES

American Steamship Owners Mutual Protection and Indemnity Association, Inc.

## TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| CLASS I | PROTECTION AND INDEMNITY INSURANCE | 13 |
| RULE 1 | INTRODUCTORY: INTERPRETATION; MEMBERSHIP; GENERAL PROVISIONS | 17 |
| RULE 2 | RISKS AND LOSSES COVERED | 41 |
| RULE 3 | RISKS AND LOSSES EXCLUDED | 60 |
| RULE 4 | ASSOCIATION FUNDING; PREMIUMS AND CALLS | 69 |
| RULE 5 | CESSER AND TERMINATION OF COVER | 83 |

LNA000012

LNA000047

**CLASS I**

## RULE 5    CESSER AND TERMINATION OF COVER

In the event that a Member's insurance is terminated by reason of the foregoing, the time of the occurrence of which being hereinafter referred to as "the date of termination", the following consequences shall ensue:

a   The Association shall in all cases have power in accordance with Rule 4.8 to 10 inclusive to charge premium to release in regard to any and all vessels insured for account or on behalf of the Member, notwithstanding the payment of which (or the establishment of bank guarantees or other security in lieu thereof), the Member shall be and remain liable for Overspill Calls in accordance with Rule 4.15 as well as for all premiums, calls, contributions and any other amount due from the Member to the Association;

b   The Association shall with effect from the date of termination cease to be liable for any claims of whatsoever nature and howsoever arising under these Rules in respect of any and all vessels in relation to which the insurance of the Member has been terminated, irrespective of whether:

i   such claims have arisen by reason of any event which has occurred at any time prior to the date of termination, including during previous years;

ii   such claims arise by reason of any event occurring after the date of termination;

iii   the Association may have admitted liability for or appointed attorneys, surveyors or any other person to deal with such claims; or

iv   the Association at the date of or prior to the date of termination knew that such claims might or would arise;

and as from the date of termination any liability of the Association for such claims shall cease retroactively and the Association shall be under no liability to the Member for any such claims or on any account whatsoever;

PROVIDED ALWAYS that:

The Association may in its absolute discretion and upon such terms as it thinks fit, including but not limited to terms as to payment

**CLASS I**

## RULE 5    CESSER AND TERMINATION OF COVER

of contributions, premiums or other sums, admit either in whole or in part any claim in respect of a vessel insured by the Member for which the Association is under no liability by virtue of this Rule, whether such claim has arisen before or arises after the date of termination as the case may be, or forgive wholly or partly any payment of contribution, premiums or other sums due to the Association.

3   Should the Member or any affiliated company become insolvent or bankrupt or assign its property for the benefit of creditors or suffer the appointment of a receiver for its property or any part thereof or the institution of dissolution proceedings by or against it, the Association shall not be liable for any claims whatsoever under this insurance unless, within sixty days from the date of the occurrence of such insolvency, bankruptcy, assignment, receivership or dissolution proceedings, there are paid to the Association by or on behalf of the Member all premiums and/or assessments due, and the payment of any premiums to become due and all possible assessments is unconditionally guaranteed by a responsible surety, and unless the Member shall have paid the loss, damage or expense for which it is claiming out of monies belonging to it absolutely and not by way of loan or otherwise.

4   In the event that Sections 182 to 189, both inclusive, of U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Association shall have the right to cancel said insurance upon giving thirty days written notice of its intention so to do, and in the event of such cancellation, make a return of premium upon a prorata daily basis.

5   Any contract of insurance in respect of a Member's interest in an insured vessel may be terminated:

by the Member only as of Noon GMT on February 20th of any year with not less than thirty days' prior written notice to the Association; and

by the Association at any time with not less than thirty days' prior written notice to the Member.



# RULES

American Steamship Owners Mutual Protection and Indemnity Association, Inc.

TABLE OF CONTENTS

PAGE

CLASS II    FREIGHT, DEMURRAGE AND DEFENSE INSURANCE

RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS    87

RULE 2    COSTS AND EXPENSES COVERED    92

RULE 3    COSTS AND EXPENSES EXCLUDED    94

RULE 4    THE FUNDING OF COVER    95

RULE 5    CESSER AND TERMINATION OF COVER    96

RULES · CLASS II

LNA000048

02/01/06   WED 17:37 FAX 504 581 4336          Wiedemann & Wiedemann          Ø038

**CLASS II**     FREIGHT, DEMURRAGE AND DEFENSE INSURANCE

RULE 1     INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

Section 1     **INTRODUCTORY PROVISIONS**

1    Each and every provision of the By-Laws of the Association and of these Rules of Class II are applicable to all Freight, Demurrage and Defense Insurances of the Association. However, without prejudice to the generality of these provisions so far as they apply to this Class II, they shall only apply to Freight, Demurrage and Defense Insurances contracted under Class III to the extent that they have been expressly incorporated therein.

2    The standard Freight, Demurrage and Defense cover afforded by the Association to a Member who has insured his vessel with the Association is set out in Rule 2 below.

3    The cover set out in Rule 2 may be excluded, limited, modified or otherwise varied by any special terms expressly agreed in writing between a Member and the Managers.

4    A Member is only insured against costs and expenses incurred by him which arise:

    i    out of events occurring during the period of the policy year when his vessel is insured with the Association;

     PROVIDED that:

     a    as to claims and disputes arising under contract (other than those specified in Rule 1.1.4.i.b below), in tort or under statute, such claims and disputes will be deemed to have arisen at the date when the cause of action accrued;

     b    as to claims and disputes concerning salvage, or in respect of towage services, such claims and disputes will be deemed to have arisen at the date when the relevant services were commenced; and

   ii    in respect of the Member's interest in the insured vessel ; and

   iii    in connection with the building, sale, purchase or operation of the insured vessel by or on behalf of the Member.

87

LNA000049

**CLASS II**

RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

5   Subject to the provisions of Rule 1.1.6 below, a Member who has insured his vessel with the Association for insurance against any or all of the aforesaid risks is obligated to pay premium to the Association in accordance with Rule 4 of the Rules of Class I, such insurance being hereinafter referred to as mutual insurance and premium payable by reason thereof mutual premium.

6   Notwithstanding the provisions of Rule 1.1.5 above, a Member may be insured on special terms to the effect that he is liable to pay fixed premium to the Association, such insurance being hereinafter referred to as fixed insurance, and premium payable by reason thereof fixed premium, but only where this has been expressly agreed in writing between the Member and the Managers.

7   The insurance provided by these Rules is solely for the benefit of a Member, Joint Member, Co-assured, Affiliate or such other parties as set out and defined in Rule 1.3 of Class I and to the extent incorporated herein.

8   A deductible or deductibles may apply to insurances as provided for in this Class II.

9   A limit of the Association's liability to pay claims may apply to insurances as provided for in this Class II.

Section 2

**INTERPRETATION**

To the extent that their meanings are consistent with the subject and context of these Rules of Class II, the words and expressions set out in Rule 1.2 of Class I shall have the same meanings in these Rules of Class II.

Words importing the singular number only shall include the plural number and vice versa.

Word importing the masculine gender only shall include the feminine and neuter genders.

Words importing persons shall include individuals, partnerships, corporations, associations, joint ventures and any other business entities.

88

**CLASS II**

RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

Section 3

**MEMBERS, JOINT MEMBERS, AFFILIATES AND CO-ASSUREDS**

The terms of Rule 1.3 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class II, shall be deemed to be incorporated in and form an integral part of these Rules of Class II except that any reference in the terms of Rule 1.3 of Class I as incorporated hereunder to Protection and Indemnity insurance shall be deemed to be a reference to the Freight, Demurrage and Defense cover afforded under these Rules of Class II.

Section 4

**GENERAL INSURANCE PROVISIONS**

1   The terms of Rule 1.4 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class II, shall be deemed to be incorporated in and form an integral part of these Rules of Class II except that any reference in the terms of Rule 1.4 of Class I as incorporated hereunder to Protection and Indemnity insurance shall be deemed to be a reference to the Freight, Demurrage and Defense cover afforded under these Rules of Class II.

2   Provided further that any vessel insured under the terms of these Rules of Class II shall be deemed to be fully insured under the terms of the Rules of Class I and a Member shall not be entitled to recover any costs and expenses under the terms of these Rules of Class II which would have been recoverable under the terms of the Rules of Class I had the vessel been so insured.

Special Conditions in Regard to Claims Under Class II

3   Notwithstanding the generality of the foregoing, the following additional special conditions shall apply to claims arising under this Class II cover.

4   Whenever a request has been made or may be made by a Member for the support of the Association in any proceedings or for legal or other advice in connection with matters covered by these Rules, the Managers may at any time appoint and employ on behalf of the Member, upon such terms as the Managers think fit, lawyers or other persons with a view to supplying services to the Member by investigating, advising upon or otherwise dealing

89

LNA000050

**CLASS II** | RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

with such matters and/or taking, continuing or defending proceedings or acting for or representing the Member therein; furthermore, the Managers may thereafter at any time in their discretion discontinue such employment.

5  In the exercise of their discretion whether or not to lend the Association's support as provided for In Rule 1.4.4 above, the Managers may, but shall not be obligated to, take the following matters into account in addressing the appropriateness and/or prospects for success of pursuing or defending any claim and/or proceedings and/or resolving any dispute:

i  the applicable law and jurisdiction.

ii  the value of the claim or sum in issue or the significance of the dispute.

iii  the level of the legal costs and expenses likely to be incurred.

iv  the legal merit of the Member's position.

v  any alternative means for pursuing or defending the claim or resolving the dispute.

vi  the prospect of enforcement of any claim by or against the Member.

vii  the conduct of the Member.

viii  the importance of any issues that arise to the shipping community generally.

6  All lawyers, surveyors and other persons appointed by the Managers on behalf of the Member or appointed by the Member with the prior consent of the Managers to supply services to the Member shall be and be deemed to be appointed and employed on the terms that they have been instructed by the Member at all times [both while so acting and after they have ceased so to act] to give advice and to report to the Managers in connection with the matter without prior reference to the Member and to produce to the Managers without prior reference to the Member any documents or information in their possession or power relating to such matter, all as if such person had been appointed to act and had at all times been acting on behalf of the Association.

90

**CLASS II** | RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

PROVIDED THAT:

Where a Member employs, without the prior approval of the Managers, lawyers or other persons for the purposes of giving advice in connection with matters covered by these Rules, then the costs of such person or persons shall not be recoverable from the Association unless the Directors in their absolute discretion otherwise decide.

Power of the Directors in Regard to Supporting Members

7  Notwithstanding the discretion vested in the Managers as provided for in Rule 1.4.4 and 5 above, a Member may seek the exercise of an overriding discretion from the Directors whether or not to support any claim and/or proceedings and/or the resolution of any dispute and the determination of the Directors in exercising such discretion shall be final.

8  The Directors shall furthermore be entitled at any time in their absolute discretion to decide that the Association shall discontinue its support or decline to provide further support in connection with any claim and/or proceedings and/or the resolution of any dispute and the determination of the Directors in exercising their absolute discretion shall be final.

9  Notwithstanding the provisions of Rules 1.4.7 and 8 above, the Directors shall have power to authorize the Managers to act on behalf of the Directors for the purposes of the said Rules 1.4.7 and 8 above.

10  Approval by the Managers of any contract referred to in Rule 2 below shall in no circumstances be taken to connote acceptance or approval of the terms of such contract either on behalf of the Managers or of the Directors.

91

LNA000051

**CLASS II**

## RULE 2   COSTS AND EXPENSES COVERED

Cover hereunder includes all those costs and expenses necessarily incurred by a Member (including the costs of an opponent party where such costs are ordered to be paid by a court or tribunal of competent authority or are to be paid pursuant to the terms of any settlement concluded with the express approval in writing of the Managers) in pursuing or defending claims, or in seeking to resolve disputes, on such terms as the Managers shall have approved in writing, arising in respect of the following

i    any contract for the building of an insured vessel, which has the prior approval in writing of the Managers.

ii    any contract for the purchase or sale of an insured vessel which has the prior approval in writing of the Managers.

iii    any contract for the conversion, alteration, repair, refit, dry-docking or maintenance of an insured vessel.

iv    any charterparty, contract of carriage, bill of lading or contract of affreightment, to which a Member is party in respect of an insured vessel and disputes as to the rights of the parties under, or legal effect, of any such charterparty, contract of carriage, bill of lading or contract of affreightment.

v    any contract for operational services provided to or in respect of an insured vessel, including but not limited to agency, stevedoring, towage or salvage, or harbor authority services.

vi    any contract for administrative services provided to or in respect of an insured vessel for insurance broking or ship broking services, management services or the provision of technical advice.

vii    any contract in respect of goods or materials, necessaries and stores including bunkers and lubricating oil provided to an insured vessel.

viii    the employment of seamen.

ix    any contract of marine insurance in respect of an insured vessel, or which a Member contends covers an insured vessel, other than that evidenced by the cover provided hereunder or otherwise provided by the Association.

**CLASS II**

## RULE 2   COSTS AND EXPENSES COVERED

x    any damage to an insured vessel, detention of an insured vessel, or the impairment of any right of a Member in respect of an insured vessel, caused by any third party.

xi    general average contributions.

xii    the presence on board an insured vessel of stowaways, refugees or persons rescued at sea.

xiii    the handling, loading, stowing, lashing and discharge of cargo which is to be carried, which is carried or which has been carried on board an insured vessel.

LNA000052

CLASS II

## RULE 3   COSTS AND EXPENSES EXCLUDED

1   The terms of Rule 3 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class II shall be deemed to be incorporated in and form an integral part of these Rules of Class II except that any reference in the terms of Rule 3 of Class I as incorporated hereunder to Protection and Indemnity Insurance shall be deemed to be a reference to the Freight, Demurrage and Defense cover afforded under these Rules of Class II.

2   Provided further that any vessel insured under these Rules of Class II shall be deemed to be fully insured under the terms of the Rules of Class I and a Member shall not be entitled to recover any costs and expenses under the terms of the these Rules of Class II which would have been recoverable under the Rules of Class I had the vessel been fully insured thereunder.

3   Notwithstanding the generality of the foregoing, the following additional exclusions shall apply to this Class II cover.

Nonrecoverability Under Class II of Risks Excluded Under Class I

4   Unless and to the extent that the Directors in their absolute discretion otherwise decide, there shall be no right of recovery to any extent whatsoever under these Rules of Class II in respect of any claims, costs, or expenses arising out of risks and losses either expressly or impliedly excluded under the Rules of Class I.

Nonrecoverability Under Class II in Regard to Disputes Between Members, etc.

5   There shall be no recovery of costs and expenses incurred in pursuing or defending claims, or in seeking to resolve disputes, between or among any Member and/or his Joint Members, Co-assureds or Affiliates as defined and provided for under the terms of Rule 1.3 of Class I which shall be deemed fully incorporated herein.

CLASS II

## RULE 4   THE FUNDING OF COVER

1   The terms of Rule 4 of Class I to the extent that they are consistent with the subject and context of these Rules of Class II, shall be deemed to be incorporated in and form an integral part of these Rules of Class II except that any reference in the terms of Rule 4 of Class II as incorporated hereunder to Protection and Indemnity Insurance shall be deemed to be a reference to the Freight, Demurrage and Defense cover afforded under these Rules of Class II.

2   Notwithstanding the generality of the foregoing, the following additional provision shall apply.

No Returns of Premium Consequent Upon Lay-up

3   Notwithstanding the terms of Rule 4.11 of Class I, unless the Managers shall in their absolute discretion so agree, there shall be no returns of premium permitted under these Rules of Class II in consequence of an insured vessel being laid-up during her period of insurance with the Association.

LNA000053

LNA000054

# RULES

American Steamship Owners Mutual Protection and Indemnity Association, Inc.

## TABLE OF CONTENTS

PAGE

### CLASS III    INSURANCE FOR CHARTERERS' RISKS

RULE 1    INTRODUCTORY: INTERPRETATION:
MEMBERSHIP: GENERAL PROVISIONS                    97

RULE 2    RISKS AND LOSSES COVERED                        101

RULE 3    RISKS AND LOSSES EXCLUDED                        103

RULE 4    THE FUNDING OF COVER                            106

RULE 5    CESSER AND TERMINATION OF COVER                  107

---

CLASS II

## RULE 5    CESSER AND TERMINATION OF COVER

The terms of Rule 5 of Class I to the extent that they are consistent with the subject and context of these Rules of Class II, shall be deemed to be incorporated in and form an integral part of these Rules of Class II except that any reference in the terms of Rule 5 of Class I as incorporated hereunder to Protection and Indemnity Insurance shall be deemed to be a reference to the Protection and Indemnity Insurance shall be deemed to be a reference to the Freight, Demurrage and Defense cover afforded under these Rules of Class II.

**CLASS III**     INSURANCE FOR CHARTERERS' RISKS

**RULE 1**     INTRODUCTORY: INTERPRETATION: MEMBERSHIP:
GENERAL PROVISIONS

**Section 1**     INTRODUCTORY PROVISIONS

1   Each and every provision of the By-Laws of the Association and of these Rules of Class III are applicable to all insurances for Charterers' Risks provided by the Association. Provided always, however, that the cover provided by these Rules of Class III shall in no circumstances apply to a charterer who has been named as a Co-assured in an insurance of a Member pursuant to the terms of Rule 1.3.8 of Class I, where such a charterer is affiliated to or associated with such a Member.

2   The standard cover afforded by the Association to a Member who has insured his vessel with the Association for Charterers' Risks only as defined herein is set out in Rule 2 below.

3   The cover set out in these Rules may be excluded, limited, modified or otherwise varied by any special terms expressly agreed in writing between a Member and the Managers.

4   The Managers may accept the insurance of vessels on terms which afford cover to a Member against any special or additional risks not set out in Rule 2. The nature and extent of the risks and the terms of such cover shall be as expressly agreed in writing between the Member and the Managers.

5   A Member is only insured against loss, damage, liability or expense incurred by him which arises:

   i   out of events occurring during the period when his vessel is insured with the Association; and

   ii   solely and exclusively in respect of a Member's interest in the insured vessel as time or voyage charterer thereof; and

   iii   in connection with the operation of the insured vessel by the Member solely and exclusively as time or voyage charterer thereof.

6   A Member who has entered his insured vessel for cover against any or all of the risks and losses set out in Rule 2 is obligated to pay premium to the Association in accordance with Rule 4, that is to say by way of fixed premium and not by way of mutual

97

| CLASS III | RULE 1 | INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS |
|---|---|---|

premium as provided for in Rule 4 of Class I. Such premium may hereinafter be referred to as charterers' fixed premium.

7  Notwithstanding the provisions of Rule 1.1.6 above, a Member may be insured on special terms to the effect that he is liable to pay mutual premium to the Association in accordance with Rule 4 of Class I where expressly agreed as between the Member and the Managers. This shall hereinafter be referred to as charterers' mutual insurance and premium payable in respect thereof charterers' mutual premium.

8  Provided always, however, that irrespective of whether cover in accordance with these Rules of Class III has been agreed on the basis of the liability of the Member to pay premium as charterers' fixed premium or as charterers' mutual premium, each and every insurance provided under the terms of these Rules of Class III shall be subject to a Member's maximum right of recovery which shall in all cases be set at a prescribed monetary figure for the various interests insured hereunder and as shall have been agreed in individual cases between the Member and the Managers.

**Section 2**    **INTERPRETATION**

Except as expressly provided for hereunder, and to the extent that their meanings are consistent with the subject and context of these Rules of Class III, the words and expressions set out in Rule 1.2 of Class I shall have the same meanings in these Rules of Class III. In these Rules the following words and expressions shall have the following meanings if not inconsistent with the subject or context thereof:

**Member**    A time or voyage charterer (being other than a bareboat or demise charterer) of an insured vessel, or any other party having a similar capacity in respect of an insured vessel which the Managers may in their absolute discretion deem to have an insurable interest under these Rules of Class III.

| CLASS III | RULE 1 | INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS |
|---|---|---|

**Chartererparty**    A contract governing the time or voyage charter (being other than a bareboat or demise charter) of an insured vessel, the form of which shall have been approved in writing by the Managers, or any other contract in the nature of a time or voyage charter which the Managers in their absolute discretion may consider sufficient to create an interest capable of insurance under these Rules of Class III.

**Insured Vessel**    A vessel which has been insured with the Association in Class III.

Words importing the singular number only shall include the plural number and vice versa.

Words importing the masculine gender only shall include the feminine and neuter genders.

Words importing persons shall include individuals, partnerships, corporations, associations, joint ventures and any other business entities.

**Section 3**    **MEMBERS, JOINT MEMBERS, AFFILIATES AND CO-ASSUREDS**

The terms of Rule 1.3 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of these Rules of Class III. Provided always, however, that:

i    references to a Member, Joint Member and membership contained in Rule 1.3 of Class I shall be interpreted in accordance with the definition of a Member contained in Rule 1.2 of these Rules of Class III as shall, *mutatis mutandis*, references to an Affiliate and Co-assured contained in the said Rule 1.3 of Class I; and

ii   the terms of Rule 1.3.9 of Class I shall in no circumstances whatsoever apply to any insurance contracted under the terms of these Rules of Class III.

98

99

LNA000056

LNA000057

**CLASS III** | **RULE 1** INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Section 4**

## GENERAL INSURANCE PROVISIONS

1 The terms of Rule 1.4 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class III shall be deemed to be incorporated in and form an integral part of these Rules of Class III insofar as cover hereunder is provided for Protection and Indemnity risks and losses as set out in Rule 2.A of these Rules of Class III.

2 The terms of Rule 1.4 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of these Rules of Class III except that any reference in the terms of Rule 1.4 of Class I as incorporated hereunder to Protection and Indemnity Insurance shall be deemed to be a reference to the insurance of risks and losses arising from charterers' liability for loss of or damage to an insured vessel and for financial loss arising therefrom as set out in Rule 2.B of these Rules of Class III.

3 The terms of Rule 1.4 of Class II, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of these Rules of Class III insofar as cover hereunder is provided for Freight, Demurrage and Defense costs and expenses as set out in Rule 2.C of these Rules of Class III.

4 Notwithstanding the provisions of Rule 1.4.1 to 3 above, and only to the extent that cover under this Class III of the Rules has been granted to a Member in respect of those risks and losses covered under Rule 2.A or Rule 2.B or Rule 2.C on a single and exclusive basis (such being available in any event only with the express agreement of the Managers), the cover set out in the said Rules 2.A, 2.B and 2.C shall be mutually exclusive in every respect.

5 Provided further, and notwithstanding anything to the contrary contained elsewhere in these Rules of Class III, the terms of Rule 1.4.32 and 33 and Rule 4.14 of Class I shall in no circumstances apply to any insurances contracted under the provisions of these Rules of Class III.

**CLASS III** | **RULE 2** RISKS AND LOSSES COVERED

### A Protection and Indemnity Insurance

1 The terms of Rule 2 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of this Rule 2.A of Class III.

2 However, notwithstanding the generality of the foregoing, cover provided by this Rule 2.A of Class III shall apply solely and exclusively to the extent that the relevant risk and/or loss arises out of, or is incurred in relation to, a Member's status as time or voyage charterer of an insured vessel, or in another capacity in relation thereto as shall have been expressly agreed by the Managers as sufficient to create an interest capable of insurance under these Rules of Class III.

### B Insurance of Charterers' Liability for Loss of or Damage to an Insured Vessel and for Financial Loss Arising Therefrom

1 Subject to any variations or modifications of cover as expressly provided for herein, and in any event to all the other terms of these Rules of Class III, cover hereunder applies to:

    i all those liabilities, costs and expenses incurred by a Member, as charterer, for loss of or damage to an insured vessel, her equipment, outfit, stores or supplies;

    ii claims in respect of demurrage, loss of use and/or hire of an insured vessel suffered as a result of an accident to the insured vessel in respect of which a Member, as charterer, has been or may be held legally liable;

    iii a Member's contribution, as charterer, to general average, salvage, salvage charges and/or sue and labor expenses by reason of a Member's interest in charter hire and/or freight and/or bunkers at risk;

    iv expenses of investigation and defense in relation to any of the risks and losses set out in i. to iii. above.

LNA000058

**CLASS III**

## RULE 3 RISKS AND LOSSES EXCLUDED

### A Protection and Indemnity Insurance

1 The terms of Rule 3 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of this Rule 3.A of Class III.

2 Provided further that any vessel insured under the terms of Rule 2.A shall be deemed to be fully insured under Rules 2.B and 2.C and a Member shall not be entitled to recover any claims, costs and expenses under Rule 2.A which would have been recoverable under Rules 2.B or 2.C.

3 Unless and to the extent that the Directors in their absolute discretion otherwise decide, there shall be no right of recovery under Rule 2.A in respect of any claims, costs or expenses arising out of risks and losses expressly or impliedly excluded under Rules 2.B and 2.C.

### B Insurance of Charterers' Liability for Loss of or Damage to an Insured Vessel and for Financial Loss Arising Therefrom

1 The terms of Rule 3 of Class I, to the extent that they are consistent with the subject and context of the cover provided under Rule 2.B of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of this Rule 3.B of Class III. Any reference in the terms of Rule 3 of Class I as incorporated hereunder to 'Protection and Indemnity Insurance' shall be deemed to be a reference to the Insurance provided under Rule 2.B of Class III.

2 Provided further that any vessel insured under the terms of Rule 2.B shall be deemed to be fully insured under the terms of Rule 2.A and 2.C and a Member shall not be entitled to recover any claims, costs and expenses under Rule 2.B which would have been recoverable under Rules 2.A or 2.C.

3 Unless and to the extent that the Directors in their absolute discretion otherwise decide, there shall be no right of recovery under Rule 2.B in respect of any claims, costs and expenses arising out of risks and losses expressly or impliedly excluded under Rules 2.A and 2.C.

103

---

**CLASS III**

## RULE 2 RISKS AND LOSSES COVERED

### C Freight, Demurrage & Defense Insurance

1 The terms of Rule 2 of Class II, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of this Rule 2.C of Class III.

2 However, notwithstanding the generality of the foregoing, cover provided by this Rule 2.C of Class III shall apply solely and exclusively to the extent that the relevant risk and/or loss arises out of, or is incurred in relation to, a Member's status as time or voyage charterer of an insured vessel, or in another capacity in relation thereto as shall have been expressly agreed by the Managers as sufficient to create an interest capable of insurance under these Rules of Class III.

102

**CLASS III**   RULE 3   RISKS AND LOSSES EXCLUDED

**C   Freight, Demurrage & Defense Cover**

1   The terms of Rule 3 of Class I, to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of this Rule 3.C of Class III.

2   Provided further that any vessel insured under the terms of Rule 2.C, shall be deemed to be fully insured under Rules 2.A and 2.B and a Member shall not be entitled to recover any costs and expenses under Rule 2.C which would have been recoverable under Rules 2.A or B.

3   Unless and to the extent that the Directors in their absolute discretion otherwise decide, there shall be no right of recovery under Rule 2.C in respect of any claims, costs and expenses arising out of risks and losses expressly or impliedly excluded under Rules 2.A and 2.B.

**D   War Risks**

1   Notwithstanding the terms of Rule 3.1 of Class I to the extent that the said terms are incorporated in these Rules of Class III, cover provided by Rule 2A, B and C of these Rules of Class III shall extend to those liabilities, costs and expenses caused by or arising out of war risks as defined in the said terms of Rule 3.1 of Class I, provided always that the Member shall have used his best endeavors to ensure that:

i   the ship is chartered on terms to the effect that:

–   the owners are entitled to refuse to send the ship to any port or place that is dangerous by reason of war risks (as defined in any current standard war risks insurance policy), and

–   the owners are in any event entitled to insure their interests against such war risks, and

–   the charterers are liable to reimburse the owners in respect of any war risks premium incurred as a result of the ship being ordered to or employed in such port or place; or

**CLASS III**   RULE 3   RISKS AND LOSSES EXCLUDED

ii   the ship is chartered on terms no less favorable to the charterers as regards their liability for loss or damage caused by war risks as set out above; or

iii   the ship is chartered on terms to the effect that:

–   "charterers are under no circumstances whatsoever to be liable for any loss, damage or expense which is or could be covered by war risk insurance available commercially".

Provided further that the cover for war risks is subject to the Institute Notice of Cancellation, Automatic Termination of Cover, War and Nuclear Exclusion Clause (Hulls etc. 01.01.95) but not subject to the current London Market War Risk Trading Warranties.

104

105

LNA000059

**CLASS III**

## RULE 4   THE FUNDING OF COVER

1   Save to the extent provided for under Rule 1.1.7 of these Rules of Class III where the Managers shall have expressly agreed otherwise, all Members insured by the Association in this Class III shall be liable to pay fixed premium to the Association in a manner as shall have been expressly agreed with the Managers in individual cases.

2   By reason of the insurance provided under these Rules of Class III being subject, in the absence of the Managers' agreement otherwise, to the payment of fixed premium, a Member shall not have a right of recovery from the Association beyond a fixed monetary limit which shall have been agreed with the Managers at the time of contracting the insurance.

3   In consequence thereof, neither the rights nor the obligations in regard to the funding of the Association as apply to Members insured on mutual premium terms shall apply to Members insured in accordance with the terms of this Class III and, in particular, such Members shall have no right to any returns of premium as provided for in Rule 4.5.1 of Class I, nor shall such Members be subject to the terms and conditions of Rule 4.15 of Class I.

### No Returns of Premium Consequent Upon Lay-Up

4   Without prejudice to the generality of the foregoing, and notwithstanding the terms of Rule 4.11 of the Rules of Class I, there shall be no returns of premium permitted in any circumstances under these Rules of Class III in consequence of an insured vessel being laid-up during her period of insurance with the Association.

**CLASS III**

## RULE 5   CESSER AND TERMINATION OF COVER

The terms of Rule 5 of the Rules of Class I to the extent that they are consistent with the subject and context of these Rules of Class III, shall be deemed to be incorporated in and form an integral part of these Rules of Class III.

LNA000060

ENDORSEMENTS TO WHICH REFERENCE MAY BE MADE IN CERTIFICATES OF ENTRY

*Estimated Total Cost*

The premiums and/or rates charged are based on the assumption that the Association will be assessing its Members for their proportionate share of any deficiency or impairment as provided by law and fixed in accordance with the Rules of the Association. The premiums were calculated with respect to an estimated total cost ("ETC") for the policy period which is 125 per cent of the premiums charged herein. The ETC should be understood to be the full premium charged, no part of which is subject to refund except at the sole discretion of the Board of Directors.

Nothing in this endorsement, however, shall be construed to limit the Member's contingent liability hereunder for assessment without limit of amount for their proportionate share of any deficiency or impairment as provided by law and fixed in accordance with the Rules of the Association; provided, however, that any such assessment shall be for the exclusive benefit of holders of Certificates of Entry which provide for such a contingent liability, and the holders of Certificates of Entry subject to assessment shall not be liable to assessment in an amount greater in proportion to the total deficiency than the ratio that the deficiency attributable to the assessable business bears to the total deficiency.

*Certificates of Financial Responsibility*

This Certificate is evidence only of the contract of indemnity insurance between the above named Member(s) and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

*Extended Cargo Coverage*

It is hereby understood and agreed that the following language shall supersede Section 7 of Rule 2 of these Rules and its subsections:

7 Liability for loss of or damage to or in connection with cargo or other property, whether or not in containers, vans or trailers, (including goods or merchandise under warehouse receipts, bailees or otherwise; refrigerated cargo, livestock, bullion, specie, gold, precious metals, precious stones, jewelry, silks, furs, currency, bonds or other negotiable documents, goods or valuables shipped under ad valorem bills of lading, United States or foreign government mail or parcel post, passenger's baggage, effects, deposits, whether or not their nature and value are known, and property accepted for safekeeping in the safe aboard the insured vessel; and cargoes of every description), to be carried, or which has been carried on board the insured vessel (including while on all piers or adjacent areas inland or while being transported from location to location, whether or not in the custody of other carriers by land, air or water, and/or under through or combined transport bills of lading or interchange agreements) from any cause whatsoever or whensoever occurring (including but not limited to liability for fraudulent removal, unexplainable disappearance, deviation or variation from and/or breach of contract of affreightment, or vessel drydocking with cargo on board) from the time the Member's responsibility commences until it ceases, whether as common carrier, forwarder, freighter, warehouseman, bailee or otherwise; provided, however, that no liability shall exist hereunder for:

1 Loss, damage or expense incurred in connection with

a the custody, carriage or delivery of property or cargo of any description, unless accepted for transportation under a form of contract approved, in writing, by the Association;

b passenger's baggage or personal effects, unless the form of ticket issued to the passenger shall have been approved, in writing, by the Association;

c the custody, carriage or delivery of property or cargo of any description carried or to be carried under a through or combined transport bill of lading or interchange agreement or receipt or other similar agreement, unless the form thereof shall have been approved, in writing, by the Association;

2 Freight on cargo short-delivered, whether or not prepaid, or whether or not included in the claim and paid by the Member;

3 Cargo containers (including the chassis and other equipment) owned or leased by the Member;

4 Loss, damage or expense sustained directly or indirectly by reason of cargo or other property which either was not carried aboard the insured vessel or which was not destined to be carried aboard the insured vessel;

5 Loss, damage or expense arising from issuance of clean bills of lading for goods known to be missing, unsound or damaged;

6 Loss, damage or expense arising from the intentional issuance of bills of lading prior to receipt of the goods described therein, or covering goods not received at all;

7 Loss, damage or expense arising from delivery of cargo without surrender of negotiable bills of lading.

And provided further that:

8 It is understood and agreed that cargo may be carried in cargo containers, commonly known as metal cargo containers, cargo vans, collapsible vans or in unit pallet loads or other similar types of unit load, and it is hereby agreed that for the purposes of this insurance each package or shipping unit carried by the insured vessel in such containers other than the containers, shall be deemed a separate shipment and subject to the per package limitations referred to in any other part of this insurance;

9 Cargo or other property belonging to the Member shall be deemed insured hereunder, but only to the extent that this insurance would apply had such cargo been owned by others and transported under a form of contract approved, in writing, by the Association; provided, however, that if such cargo or other property be insured, the Association shall be liable hereunder only insofar as the loss or damage, but for the insurance herein provided, is not or would not be recoverable by the Member under such other insurance.

LNA000061

LNA000062



# INDEX TO RULES

American Steamship Owners Mutual Protection and Indemnity Association, Inc.

## INDEX TO RULES

*N.B. Except where specifically indicated, the Rules to which reference is made in this Index are the Rules of Class I – Protection and Indemnity Insurance. Since most of the general provisions of the Rules of Class II – Freight, Demurrage and Defense, and of Class III – Insurance for Charterers' Risks, are incorporated in those classes by reference to the relevant parts of the Rules of Class I, it would be superfluous to recite below those sections of Classes II and III which simply repeat those of Class I. However, where there are differences of approach or wording as between the classes, these are expressly dealt with in this index.*

| Subject | Rule | Page |
|---|---|---|
| **A.** | | |
| Affiliates, cover for | Rule 1, Section 3, 6 to 12 | 22-24 |
| Applicable law | Rule 1, Section 4, 45 | 39 |
| Applications for insurance | Rule 1, Section 4, 1 to 3 | 25 |
| Assignment of insurance | Rule 1, Section 4, 10, 11 | 27 |
| Assignment of interest in vessel | Rule 5, Section 1, 1, a | 83 |
| Audits, operational | Rule 1, Section 4, 42 | 36-38 |
| **B.** | | |
| Bankruptcy of member | Rule 5, Section 1, 3 | 85 |
| Bills of lading | Rule 2, Section 7 | 49 |
| • ad valorem | Rule 2, Section 7 Proviso d | 52 |
| • delivery of cargo w/o production | Rule 2, Section 7 Proviso c, ii | 51 |
| • incorrect dating | Rule 2, Section 7 Proviso c, iii | 51 |
| • misdescription of cargo | Rule 2, Section 7 Proviso c, iv | 52 |
| Blockade running | Rule 3, Section 1, 3 | 62 |
| Burial expenses | Rule 2, Section 1 | 41 |
| **C.** | | |
| Cargo | Rule 2, Section 7 | 49 et seq. |
| • ad valorem bs/l | Rule 2, Section 7 Proviso d | 52 |
| • COGSA | Rule 2, Section 7 Proviso a | 50 |
| • damaged, disposal of | Rule 2, Section 7, 2 | 49-50 |
| • deviation | Rule 2, Section 7 Proviso b | 50-51 |
| • failure to load | Rule 2, Section 7 Proviso c, v | 51-52 |
| • fines relating to | Rule 2, Section 8 | 53 |
| • general average | Rule 2, Section 12 | 55 |
| • Hague-Visby Rules | Rule 2, Section 7 Proviso a | 50 |
| • late arrival of vessel | Rule 2, Section 7 Proviso c, v | 51-52 |
| • loss of | Rule 2, Section 7, 1 | 49 |
| • member's own property | Rule 2, Section 7 Proviso f | 52 |
| • misdating of b/l | Rule 2, Section 7 Proviso c, iii | 51 |
| • misdescription in b/l | Rule 2, Section 7 Proviso c, iv | 52 |
| • nuclear/radioactive | Rule 3, Section 1, 2 | 61-62 |
| • rare/valuable | Rule 2, Section 7 Proviso e | 52 |
| • standard terms of carriage | Rule 2, Section 7 Proviso a | 50 |
| • through or trans-shipment bs/l | Rule 2, Section 7, 3, 4 | 50 |

113

@052

Wiedemann & Wiedemann

02/01/06  WED 17:42 FAX 504 581 4336

LNA000063

## INDEX TO RULES

| Subject | Rule | Page |
|---|---|---|
| CERCLA-type liabilities excluded | Rule 3, Section 2, 18 | 67 |
| Certificates of entry and endorsements | Rule 1, Section 4, 6 to 9 | 26-27 |
| Cesser and termination of cover | Rule 5 | 83 et seq. |
| **Claims** | | |
| • Directors' powers | Rule 1, Section 4, 24, 25 | 31 |
| • General conditions | Rule 1, Section 4, 15, 16 | 29-30 |
| • Managers' powers | Rule 1, Section 4, 22, 23 | 30-31 |
| • Member's obligations | Rule 1, Section 4, 17 to 21 | 30 |
| • Notice to Association | Rule 1, Section 4, 17 | 30 |
| Classification and statutory requirements | Rule 1, Section 4, 14 | 28-29 |
| Closing of Policy Years | Rule 4, Section 16, 17 | 82 |
| Co-assured | Rule 1, Section 3, 6 to 18 | 22-25 |
| Collision | Rule 2, Section 3 | 45-47 |
| Confiscation | Rule 2, Section 8 | 53-54 |
| Contingency fund | Rule 4, Section 14 | 73 |
| Contracts and indemnities | Rule 3, Section 2, 8 | 64 |
| **Cover** | | |
| • Protection and Indemnity | Class I, Rule 2 | 41 et seq. |
| • Freight, Demurrage & Defense | Class II, Rule 2 | 92-93 |
| • Charterers' Risks | Class III, Rule 2 | 101-102 |
| **D.** | | |
| Damage caused otherwise than by collision | Rule 2, Section 4 | 47 |
| Damage to docks, buoys, etc | Rule 2, Section 5 | 47 |
| Damage to Hull cover, Class III | Rule 2, B | 101 |
| Damage to insured vessel, Class I | Rule 3, Section 2, 1 to 3 | 62 |
| Death | Rule 2, Section 1 | 41 |
| **Definitions** | | |
| • Protection and Indemnity | Class I, Rule 1, Section 2 | 18-21 |
| • Freight, Demurrage & Defense | Class II, Rule 1, Section 2 | 88 |
| • Charterers' Risks | Class III, Rule 1, Section 2 | 98-99 |
| Delegation | Rule 1, Section 4, 47, 48 | 36, 40 |
| Delivery w/o production of b/l | Rule 2, Section 7 Proviso c, ii | 51 |
| Deviation | Rule 2, Section 7 Proviso b | 50-51 |
| Directors' discretion | Class II, Rule 1, Section 4, 7 to 10 | 91 |
| Divers | Rule 3, Section 2, 12 | 65-66 |
| Discharge of oil or other substance | Rule 2, Section 13 | 55-56 |
| Disputes | Rule 1, Section 4, 43, 44 | 38-39 |
| Diversion expenses | Rule 2, Section 11 | 55 |

114

## INDEX TO RULES

| Subject | Rule | Page |
|---|---|---|
| Dredging, liabilities excluded | Rule 3, Section 2, 9 | 64-65 |
| Drilling, liabilities excluded | Rule 3, Section 2, 11 | 65 |
| **E.** | | |
| Endorsements | See Certificates of Entry above | |
| Excess collision liability | Rule 2, Section 3 | 45-46 |
| Expenses incurred under authorization | Rule 2, Section 18 | 58 |
| Expenses of investigation and defense | Rule 2, Section 17 | 58 |
| Extended cargo cover | Appendix | 108-109 |
| **F.** | | |
| Fines and penalties | Rule 2, Section 8 | 53 |
| Fixed premium | See Funding below | |
| Flag state requirements | Rule 1, Section 4, 14, v | 29 |
| **Funding of cover** | | |
| • Protection and Indemnity | Class I, Rule 4 | 69 et seq. |
| • Freight, Demurrage & Defense | Class II, Rule 4 | 95 |
| • Charterers' Risks | Class III, Rule 4 | 106 |
| **G.** | | |
| General average | Rule 2, Sections 12 and 14 | 55, 57 |
| General limitations | Rule 1, Section 4, 30 to 35 | 32-35 |
| **H.** | | |
| Hague-Visby Rules | Rule 2, Section 7 Proviso a | 50 |
| Heavy lifts | Rule 3, Section 2, 17 | 67 |
| Hull damage excluded, Class I | Rule 3, Section 2, 1 to 3 | 62 |
| Hull policies | Rule 2, Section 3 | 45-46 |
| • American Institute Tug Form | Rule 2, Section 3 Proviso vii | 46 |
| **I.** | | |
| Illegal adventures | Rule 3, Section 1, 3 | 62 |
| Illness | Rule 2, Section 1 | 41 |
| Indemnities | Rule 3, Section 2, 8 | 64 |
| Injury | Rule 2, Section 1 | 41 |
| Interpretation | See Definitions above | |
| **Introductory provisions** | | |
| • Protection and Indemnity | Class I, Rule 1, Section 1 | 17-18 |
| • Freight, Demurrage & Defense | Class II, Rule 1, Section 1 | 87-88 |
| • Charterers' Risks | Class III, Rule 1, Section 1 | 97-98 |
| ISM Code | Rule 1, Section 4, 14 | 28-29 |

115

LNA000064

054

Wiedemann & Wiedemann

02/01/06   WED 17:42 FAX 504 581 4338

**INDEX TO RULES**

| Subject | Rule | Page |
|---|---|---|
| ISPS Code | Rule 1, Section 4, 14 | 28-29 |
| **J.** | | |
| Joint members, etc. | Rule 1, Section 3, 13 to 18 | 24-25 |
| **L.** | | |
| Lay-up returns | Rule 4, Section 11 | 72-73 |
| Legal expenses | Rule 2, Section 17 | 58 |
| Life salvage | Rule 2, Section 1 | 41 |
| Limitations on cover | Rule 1, Section 4, 30 to 35 | 32-35 |
| Lloyd's Standard Form of Salvage Agreement | Rule 3, Section 2, 7 and 14 | 63, 66 |
| Loss of hire, exclusion of | Rule 3, Section 2, 4 | 62-63 |
| Loss of life | Rule 2, Section 1 | 41 |
| **M.** | | |
| Managers' discretion, Class II | Rule 1, Section 4, 3 to 6 | 89-91 |
| Maritime lien | Rule 1, Section 4, 46 | 39 |
| Membership, Members, etc. | Rule 1, Section 3 | 21 et seq. |
| Member's own property | | |
| • cargo | Rule 2, Section 7 Proviso f | 52 |
| • collision | Rule 2, Section 3 Proviso iv | 46 |
| • wreck removal | Rule 2, Section 6 Proviso 6 | 49 |
| Moored and open to the public, vessels | Rule 3, Section 2, 16 | 66-67 |
| Mutiny, misconduct | Rule 2, Section 9 | 54 |
| Mutual premium | See Funding above | |
| **N.** | | |
| Non-marine personnel | Rule 3, Section 2, 10 | 66-67 |
| Non-payment of calls | Rule 5, Section 1, 2 | 83-85 |
| Notice to Association | Rule 1, Section 4, 17 | 30 |
| Notice to Classification Society | Rule 1, Section 4, 14 | 28 |
| Nuclear risks excluded | Rule 3, Section 1, 2 | 61-62 |
| **O.** | | |
| Official inquiries | Rule 2, Section 15 | 57 |
| Omnibus Clause | Rule 2, Section 19 | 59 |
| Operational audits | Rule 1, Section 4, 42 | 36-38 |
| Other insurances | Rule 1, Section 4, 33 and 34 | 34-35 |
| Other than owner, interest | Rule 1, Section 4, 30 | 32 |
| Overspill calls | Rule 4, Section 15 | 73 et seq. |

116

**INDEX TO RULES**

| Subject | Rule | Page |
|---|---|---|
| Overspill claims | Rule 4, Section 15 | 73 et seq. |
| **P.** | | |
| Paperless trading | Rule 3, Section 2, 19 | 67 |
| Passengers | Rule 2, Section 1, D | 43-44 |
| • exclusion for carriage by air | Rule 2, Section 1, D, b | 43 |
| • while on excursions | Rule 2, Section 1, D, c | 43 |
| Pile driving, liabilities excluded | Rule 3, Section 2, 9 | 64 |
| Pipe laying, liabilities excluded | Rule 3, Section 2, 9 | 64 |
| Policy years, closing of | Rule 4, Section 16, 17 | 82 |
| Pollution | Rule 2, Section 13 | 55-56 |
| Previous course of dealing | Rule 1, Section 4, 35 | 35 |
| Production operations | Rule 3, Section 2, 11 | 65 |
| Prudent uninsured-duty to act as | Rule 1, Section 4, 17 | 30 |
| **Q.** | | |
| Quarantine expenses | Rule 2, Section 10 | 54 |
| **R.** | | |
| Radioactive materials excluded | Rule 3, Section 1, 2 | 61-62 |
| Refugees | Rule 3, Section 2, 13 | 66 |
| Release premium | Rule 4, Sections 8 to 10 | 71-72 |
| Repatriation expenses | Rule 2, Section 2 | 44-45 |
| Resisting unfounded claims by seamen | Rule 2, Section 9 | 54 |
| Risks and Losses covered | | |
| • Protection and Indemnity | Class I, Rule 2 | 41 et seq. |
| • Freight, Demurrage and Defense | Class II, Rule 2 | 92-93 |
| • Charterers' Risks | Class III, Rule 2 | 101-102 |
| Risks and Losses excluded | | |
| • Protection and Indemnity | Class I, Rule 3 | 60 et seq. |
| • Freight, Demurrage and Defense | Class II, Rule 3 | 94 |
| • Charterers' Risks | Class III, Rule 3 | 103-105 |
| **S.** | | |
| Salvage | Rule 3, Section 2, 14 and 15 | 66 |
| Seamen's effects | Rule 2, Section 2 | 44-45 |
| Security, provision of | Rule 1, Section 4, 36 to 38 | 35-36 |
| Set-off | Rule 4, Section 13 | 73 |
| Ship's proportion of general average | Rule 2, Section 14 | 57 |
| Ship's sacrifices not recoverable | Rule 2, Section 12 | 55 |
| Shipwreck unemployment indemnity | Rule 2, Section 2 | 44 |

117

LNA000065

## INDEX TO RULES

| Subject | Rule | Page |
|---|---|---|
| Sister-ship collision liability | Rule 2, Section 3, 3, iv | 46 |
| Specialist operations exclusion | Rule 3, Section 2, 9 | 64-65 |
| Specimen endorsements | Appendix | 108-109 |
| Stowaways | Rule 2, Section 2 | 44 |
| Submarines | Rule 3, Section 2, 12 | 65-66 |
| Subrogation | Rule 1, Section 4, 12, 13 | 28 |
| Successors bound by Rules | Rule 1, Section 4, 49 | 40 |
| Sue and labor and legal costs | Rule 2, Section 16 | 57 |
| Surveys and Operational Audits | Rule 1, Section 4, 39 to 42 | 36-38 |

**T.**

| | | |
|---|---|---|
| Termination of cover | Rule 5 | 83-85 |
| Through carriage of cargo | Rule 2, Section 7, 4 | 50 |
| Time-bar | Rule 1, Section 4, 2o | 31-32 |
| Towage | Rule 3, Section 2, 6, 7 | 63-64 |

**U.**

| | | |
|---|---|---|
| Unlawful trade excluded | Rule 3, Section 1, 3 | 62 |
| Unrecoverable general average contributions | Rule 2, Section 12 | 55 |

**V.**

| | | |
|---|---|---|
| Valuable cargo | Rule 2, Section 7 Proviso e | 52 |
| Valuation of ship | Rule 2, Section 3, 3, i | 46 |
| Vessel, definition | Rule 1, Section 2 | 21 |

**W.**

| | | |
|---|---|---|
| Wages | Rule 2, Section 2 | 44 |
| War risks excluded, Classes I and II | Rule 3, Section 1, 1 | 60-61 |
| War risks included, Class III | Rule 3, D | 104-105 |
| Waste incineration | Rule 3, Section 2, 12 | 65-66 |
| Willful misconduct | Rule 3, Section 2, 10 | 65 |
| Wreck removal | Rule 2, Section 6 | 48-49 |

118

LNA000066