**Exhibit C**

# Law Offices of Brian A. Gilbert, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113

Telephone (504) 581-6180
Telephone (504) 885-7700
Facsimile  (504) 581-4336                                                        bgilbert@briangilbertlaw.com


## VITAE

Introduction:

Brian A. Gilbert is a lifelong New Orleanian with strong, historic ties to the city.  His great-grandfather founded, owned and operated the Canal Villere supermarkets until their merger with National Supermarkets.  His grandfather was a prominent yet modest and well respected ear-nose-and-throat physician.  His family history and upbringing were centered around service to the entire New Orleans Community, without regard for status or reward.

Professional Experience:

Owner, Law Office of Brian A. Gilbert, P.L.C., a sole practice concentrating currently in the areas of nursing home abuse and neglect, civil rights litigation, construction law, and pursuit of claims arising out of the Industrial Canal floodwall breach.  The practice consists of one attorney and two support staff personnel, one of whom is assigned entirely to the Ingram/Industrial Canal litigation.

Since beginning his law practice in 1992, Brian Gilbert  has fought consistently for the rights of those plaintiffs least able to advocate for themselves.  The Law Office of Brian A. Gilbert is thoroughly experienced in all manner of cases ranging from the straightforward to the complex, and including damages ranging from minor injuries to permanent disability and death. His practice centers upon numerous cases of nursing home abuse and neglect, gaining him a reputation among members of the bench and bar as a standout among nursing and medical malpractice attorneys.  He is also known for representation of numerous false arrest and excessive force plaintiffs pursuant to 42 U.S.C. 1983.   Brian Gilbert is committed professionally, philosophically and financially to helping those in need, at his own expense, often without reward or recognition.   His broad experience includes:

> personal injury litigation such as automotive, premises and general liability, intentional torts, toxic torts, products liability and railroad liability;
>
> medical and nursing malpractice, medical device litigation;

    maritime personal injury including Jones Act and general maritime law, LHWCA claims;

    Louisiana Workers' Compensation;

    miscellaneous tort claims not involving personal injuries;

    criminal defense including drug offenses, DWI, and miscellaneous traffic offenses;

    successions, wills;

    family law and domestic matters including divorce, custody, adoption, tutorship and curatorship;

    Judgment collections and bankruptcies;

    Sale, lease, miscellaneous contractual and fiduciary matters;

    Civil Rights and Liberties litigation pursuant to 42 U.S.C. 1883 including false arrest and imprisonment, use of excessive force;

    Title VII claims including wrongful discharge, sexual harassment/discrimination.

    Contractors' disputes arising under the Louisiana Public Works Act and other laws.

The Law Office of Brian A. Gilbert currently occupies the same location as the Wiedemann & Wiedemann firm, co-counsel in *In Re Ingram Barge, et al, Mumford* and *Boutte.*

Brian Gilbert is admitted to practice in all Louisiana Courts, and in the United States District Courts for the Eastern and Middle Districts of Louisiana.

Mr. Gilbert has never been admonished or disciplined in connection with the practice of law.

    <u>Education:</u>

| | |
|---|---|
| Loyola University School of Law, Juris Doctor | 1991 |
| University of New Orleans, Bachelor of Arts, Political Science | 1988 |
| Isidore Newman School, High School Diploma | 1982 |

    <u>Noteworthy Cases:</u>

*In The Matter of the Complaint of Ingram Barge Company, As Owner of the ING 4727, Petitioning*

*for Exoneration From or Limitation of Liability*, USDC EDLA No. 05-4419, *In the Matter of the Compoaint of Unique Towing, Inc. And Joseph C. Domino, Inc. As owners and operator of the M/V REGINA H, in a Cause of exoneration From or Limitation of Liability*, USDC EDLA No. 06-3313, *Boutte, et al v. Lafarge North America*, USDC EDLA No. 05-5531, *Mumford, et al v. Ingram Barge Company, et al*, USDC EDLA No. 05-5724, *Benoit, et al v. Lafarge North America, Inc., et al*," USDC EDLA No.06-7516, *Lagarde, et al v. Lafarge North America*, USDC EDLA No. 06-5342, and *Perry v. Ingram Barge Company, et al*, USDC EDLA No.06-6299. Counsel of record for *Mumford* and *Boutte* plaintiffs, counsel for numerous claimants in limitation, interim putative class counsel for Group A putative class-member plaintiffs, and lead counsel for Group A claimants in limitation.

*Wild, et al v. NS'NG, Inc., et al,* 2004-0933 (La.App. 1 Cir. 12/30/04), 898 So.2d 466: The plaintiff's elderly father was a resident of Hammond Nursing Home. When the staff failed to monitor him appropriately, he eloped through a side door, and tripped and fell due to uneven, broken pavement and a drop-off. He died of his injuries the next day. Plaintiff brought a complaint alleging malpractice under the Louisiana Medical Malpractice Act, and a premises liability lawsuit alleging the unreasonably dangerous conditions outside the exit door. The trial court upheld defendant's exception of prematurity in the premises liability suit, requiring plaintiff to submit all of her claims to a medical review panel. Plaintiff successfully petitioned to the Louisiana First Circuit Court of Appeal, which reversed the trial court and held that not all healthcare negligence is related to medicine or nursing, and that therefore, not all negligence claims against a qualified provider are governed by the Louisiana Medical Malpractice Act.

*Marvel Kalb Brown, et al v. Ackel, et al*, 00-287 (La.App. 5 Cir. 7/25/00), 767 So.2d 827: The Louisiana Fifth Circuit Court of Appeal found in favor of the plaintiff, holding that an accident that happens while an employee is engaged in a personal mission, though on the premises, and which involves a risk that is not especially inherent to the employment, does not arise in and out of the course of the employment, and is therefore not subject to the exclusivity provisions of the Louisiana Workers' Compensation scheme.

*Brooks, et al v. Eason, et al*, 24th JDC, State of Louisiana, Parish of Jefferson, No. 450-405: In 1992, the owner of the Sugar Bowl Motel Courts shot and killed the plaintiff's husband at the motel. Forensic FBI analyses revealed that the shooter fired through a closed, locked gate, thus precluding any claim of self defense. Despite over ten years during which the defendants made every effort to delay trial and evade liability, Brian A. Gilbert tried the case in 2002 and obtained a Judgment in excess of one million, seven hundred thousand dollars ($1, 700, 000.00), plus ten years' of court costs and judicial interest. When the judgment debtors attempted to avoid payment through bankruptcy, Brian Gilbert continued to pursue the debt, resulting in the trustee's seizure and sale of the Sugar Bowl Motel Courts for the benefit of Mr. Gilbert's clients.

*Jens v. State of Louisiana, et al*, Civil District Court for the Parish of Orleans, State of Louisiana, No. 89-27032: Plaintiff suffered a closed head injury in a motor vehicle accident in 1988 while on her way home from LSU for Christmas. Her car veered off of a section of I-12, came back onto the

highway, and was hit by a tractor-trailer. The section of I-12 had been subject of a DOTD road construction project, but was abandoned without proper lane markings or striping, which was a cause of the accident. The court awarded over one million, five hundred thousand dollars ($1, 500, 000.00) following trial in September 2006, before reduction for comparative fault (the plaintiff was found to have been speeding), plus court costs and judicial interest.