## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:** | | |
| **KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO.: 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | |
| **PERTAINS TO:   INSURANCE** | * | |
| | * | |
| **LINDA LYONS KIRSCH   NO. 07-3399** | * | |
| | * | **SECT.: JUDGE DUVAL (K)** |
| **VERSUS** | * | |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **MAG: MAGISTRATE** |
| | * | **WILKINSON (2)** |

*******************************************

### MEMORANDUM IN SUPPORT MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

As explained in Celotex *Corporation v. Catrett,* 477 U.S. 317, 106 S.CT. 2548, 91 L.Ed. 2d 265 (1986):

> Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure

50(a). . . ." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

It requires no citation of authority that there cannot be two recoveries under one policy of insurance for damages to only one insured property.  Because the instant matter and the matter bearing No, 07-3398 of the Katrina Canal Breaches litigation, Civil Action No. 05-4182, pertaining to insurance, involve the same property and because **only one policy** of insurance was issued by Allstate Insurance Company that extended coverage to that one property, Allstate Insurance Company is entitled to summary judgment dismissing the instant litigation, allowing the earlier filed litigation to proceed.  Allstate Insurance Company presumes that due to the myriad claims filed by the firms representing this and various other Katrina claimants, the duplicate filing was an oversight and an innocent mistake.  However, as two requests to have one of the claims voluntarily dismissed have been unavailing,[1] Allstate Insurance Company felt compelled to file the instant motion seeking to have this duplicate, later filed case dismissed.

Lynda  Lyons Kirsch (a/k/a Lynda Lee Lyons) has filed suit herein claiming entitlement to judgment against  Allstate Insurance Company "for the full value stated in the homeowner's policy issued by them to Complainant for coverage for dwelling and other structures…" for damages to her residence located at 6401 Curran Road, New Orleans, Louisiana 70126.  However, Lynda Lyons Kirsch (a/k/a Lynda Lee Lyons), the complainant herein, is the same Lynda Lyons Kirsch (a/k/a Lynda Lee Lyons) that is the complainant in the matter that bears the following caption on this Court's docket, hereinafter simply referred to as "Lynda Lyons Kirsch

---

[1] See Exhibit 1, *en globo,* correspondence from undersigned counsel dated July 18, 2007 and August 17, 2007 directed to Complainant's counsel pointing out the apparent oversight and requesting that one of the claims be dismissed voluntarily.

#07-3398": "*In re: Katrina Canal Breaches, Pertains to: Insurance,* Civil Action No. 05-4182, *Lynda Lyons Kirsch versus Allstate Insurance Company,* No. 07-3398."

Lynda Lyons Kirsch (a/k/a Lynda Lee Lyons)[2] has filed suit in that case claiming entitlement to judgment against Allstate Insurance Company "for the full value stated in the homeowner's policy issued by them to Complainant for coverage for dwelling and other structures…" for damages to her residence located at 7701 Mill Street, New Orleans, Louisiana 70126.

The property that is the subject of litigation in Lynda Lyons Kirsch #07-3398 and that is identified **therein** as "…her residence located at 7701 Mill Street, New Orleans, Louisiana 70126" is **the same property** that it is identified herein as "…her residence located at 6401 Curran Road, New Orleans, Louisiana 70126." The property that is the subject of litigation in Lynda Lyons Kirsch #07-3398 and in the instant litigation is a **single** duplex that bears the following two addresses: 6401 Curran Road and 7701 Mill Street, New Orleans, Louisiana 70126. The property is located on the corner of Curran Road and Mill streets, New Orleans, Louisiana 70126. The property that is the subject of litigation in Lynda Lyons Kirsch #07-3398 and of this litigation was insured under **only one** Allstate Insurance Company policy, Allstate Landlords Package Policy Number 045218135 for policy period December 31, 2004 through December 31, 2005. A certified copy of the **only** policy insuring the **single** property involved both claims is attached hereto as Exhibit 2. **No other policy** of insurance issued by Allstate

---

[2] Lynda Lee Lyons in whose name Allstate Landlords Package Policy Number 045218135 for policy period December 31, 2004 through December 31, 2005 was issued is believed to be the same person as Lynda Lyons Kirsch, complainant herein and in Lynda Lyons Kirsch #07-3398.

Insurance Company provided or extended coverage to the property that is the subject of litigation in Lynda Lyons Kirsch #07-3398 and in this litigation.

The claims in the instant litigation and those asserted in Lynda Lyons Kirsch No. 07-3398 are for damage to the **same property**. There is only **one policy** of insurance issued by Allstate Insurance Company that extends coverage to that one property. As there are no disputed material fact as to which there exists genuine issues for trial, Allstate Insurance Company is entitled to the entry of an order granting its Motion for Summary Judgment and dismissing the instant litigation.

**RESPECTFULLY SUBMITTED:**

**THE SCHWAB LAW FIRM**

_____/s/ Danna E. Schwab_____
**DANNA E. SCHWAB, (#20367)
7847 MAIN STREET
P. O. BOX 7095
HOUMA, LA  70361
TELEPHONE: (985) 868-1342
Attorney for defendant, Allstate Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

_____/s/ Danna E. Schwab___