UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO. 05-4182

                                       SECTION "K" MAG "2"

PERTAINS TO:
INSURANCE (XAVIER UNIVERSITY
OF LOUISIANA V. TRAVELERS
CASUALTY PROPERTY COMPANY
OF AMERICA NO. 06-516)
**********************************************************************

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING COLLATERAL SOURCE

MAY IT PLEASE THE COURT:

Plaintiff, Xavier University of Louisiana ("Xavier"), submits this Reply Memorandum in

support of its Motion for Partial Summary Judgment Regarding Collateral Source ("Collateral

Source Motion"):

I.     Travelers Has No Opposition to the Motion Regarding Benefits Received from FEMA,
       HUD, or Other Charitable Sources.

On June 22, 2007, Xavier filed the Collateral Source Motion, in which it sought a ruling from

this Court that amounts received from the National Flood Insurance Program ("NFIP") are a

collateral source, and thus do not offset any potential recovery against Travelers Casualty Property

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION

                                       NO. 05-4182

                                       SECTION "K" MAG "2"

PERTAINS TO:
INSURANCE (XAVIER UNIVERSITY
OF LOUISIANA V. TRAVELERS
CASUALTY PROPERTY COMPANY
OF AMERICA NO. 06-516)
*****************************************************************

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING THE RETROACTIVITY OF ACT 813

MAY IT PLEASE THE COURT:

Plaintiff, Xavier University of Louisiana ("Xavier"), submits this Reply Memorandum in

support of its Motion for Partial Summary Judgment Regarding Collateral Source ("Collateral

Source Motion"):

I.    **Travelers Has No Opposition to the Motion Regarding Benefits Received from FEMA,
      HUD, or Other Charitable Sources.**

On June 22, 2007, Xavier filed the Collateral Source Motion, in which it sought a ruling from

this Court that amounts received from the National Flood Insurance Program ("NFIP") are a

collateral source, and thus do not offset any potential recovery against Travelers Casualty Property

Company of America ("Travelers"). On July 10, 2007, Xavier filed a Supplemental Memorandum in support of its motion. In this memorandum, Xavier requested that this Court hold that "any proceeds received from FEMA, HUD, or charitable contributions constitute a collateral source."[1]

On September 11, 2007, Travelers filed an Opposition to the Collateral Source Motion that focused exclusively on Xavier's argument that NFIP proceeds are a collateral source. In the Opposition, Travelers did not dispute that it is entitled to no offset for "any benefits or financial aid received from either FEMA or HUD or charitable contributions received from private charitable sources."[2] Because Travelers has lodged no opposition to this part of the Collateral Source Motion, Xavier requests that this Court find that proceeds received from FEMA, HUD, or charitable contributions constitute a collateral source.

**II.     Hearing on Collateral Source Motion Should Be Continued Until *Sher* Is Decided.**

In its Opposition, Travelers argues that the "entire premise of Xavier's motion has . . . been obviated" by the Fifth Circuit's ruling that damage arising out of the failure of "flood control structures" was excluded from coverage.[3] *For now*, Xavier agrees with Travelers. That is, as long as the Fifth Circuit's opinion in *In re Katrina Canal Breaches Litigation* remains valid, there is no need to decide the Collateral Source Motion, as there will be only one source of recovery (the NFIP) for levee breach-related damages.[4]

---

[1] *See* Document No. 6436

[2] *See id.*

[3] *See* Travelers' Memorandum in Opposition to Xavier's Collateral Source Motion ("Opposition"), p. 3.

[4] *See In re Katrina Canal Breaches Litigation,* 2007 WL 2200004 (5th Cir. August 2, 2007). The Fifth Circuit's opinion has nothing to do with Xavier's supplemental memorandum and the issues surrounding benefits from FEMA, HUD, and other charitable sources.

The Louisiana Fourth Circuit Court of Appeal is, however, poised to address the scope of the "water damage" exclusion in *Sher v. Lafayette Insurance Co.*[5] If the Fourth Circuit concludes, as this Court did, that the "water damage" exclusion is ambiguous, then this Court must follow the state's intermediate appellate court "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."[6]

As such, if the Fourth Circuit affirms the lower court, Xavier will be able to recover from two sources, *i.e.,* the NFIP and Travelers, for breach-related damages. *At that point*, it will be proper for this Court to assess the affect of Xavier's recovery of NFIP proceeds on its recovery against Travelers. Unless and until the Fifth Circuit's opinion is contravened by a Louisiana appellate court, there is no point in deciding whether NFIP proceeds fall under the "collateral source" doctrine. Xavier has filed a Motion to Continue the Hearing on the Collateral Motion.  Travelers opposed the continuance.   Xavier requests that this Court continue the hearing on the Collateral Source Motion until the Fourth Circuit issues an opinion in *Sher*.

**III.**   **Under "Particular Circumstances" of This Case, Collateral Source Rule Should Apply.**

In its Opposition, Travelers acknowledges that courts have applied the collateral source rule in breach of contract cases, most notably in *Hall v. Miller*,[7] but argues that those cases are "readily distinguishable" from this matter.[8]  Of course, **no case** will be exactly Xavier's lawsuit against

---

[5]No. 2007-CA-0757 (La. App. 4 Cir.)

[6]*Exxon Co. v. Banque De Paris Et Des Pays-Bas*, 889 F. 2d 674, 676 (5th Cir. 1989) (emphasis added).

[7]465 A. 2d 222 (Vt. 1983).

[8]*See* Opposition, p. 13.

3

Travelers because it arises out of a unique and horrible event.   To the extent that Xavier is able to recover under the Travelers policy and NFIP for the same damage, it is only able to do so because of the greatest engineering failure in American history - the breach of the levees and floodwalls surrounding New Orleans.

Travelers claims that the decision in *Hall* was based on the "particular circumstances" of that case.[9]  In *Hall,* the "particular circumstances" involved diseased cattle and a state program that provided monetary inducement  for people to report on and slaughter such cattle promptly before the disease spread.[10]  Allowing a breaching party to reduce the amount owed under a contract by the proceeds from the state inducement program would discourage compliance with the program.

Here, the "particular circumstances" involve an unparalleled national catastrophe and the insurance industry's alleged attempt to profit from same. The *Times-Picayune* has published a series of articles highlighting allegations that insurers overestimated the amount of "flood" damage covered under a NFIP policy while underestimating the amount of "wind" damage covered by a typical homeowners' policy.[11]  Permitting insurers like Travelers to reduce their coverage obligations by the amount of NFIP proceeds will increase the temptation, to which some insurers may have already succumbed, to place most of the cost for the damage on the government-backed NFIP.

The fundamental reason for the decision in *Hall* — that "as between the two parties, **it is better that the insured plaintiff recover twice than that the breaching party escape liability**

---

[9]*See* Opposition, p. 13.

[10]*Hall*, 465 A.2d at 226.

[11]*See* Rebecca Mowbray, Whistleblower suit accuses insurers of overbilling federal government, Times Picayune, May 30, 2007; *see also* Rebecca Mowbray, Flood Program Defended, Times Picayune, June 22, 2007.

**altogether**" has not been addressed, much less challenged, by Travelers. Xavier submits that, under the "particular circumstances" of this case, it is far better that the insured recover twice than for the insurer to escape liability for obligations for which it received a premium.

Xavier requests that this Court continue the hearing on the Collateral Source Motion. If this Court decides to hear the motion on October 3, 2007, then Xavier requests that this Court grant the motion and hold that Xavier's recovery of NFIP proceeds does not reduce Travelers' coverage obligations to Xavier.

Respectfully Submitted:

_____

JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY OF LOUISIANA

AND

CALVIN C. FAYARD, JR., #5486
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Telephone: 225-664-4193
Fax: 225-664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC

**altogether**" has not been addressed, much less challenged, by Travelers. Xavier submits that, under the "particular circumstances" of this case, it is far better that the insured recover twice than for the insurer to escape liability for obligations for which it received a premium.

Xavier requests that this Court continue the hearing on the Collateral Source Motion. If this Court decides to hear the motion on October 3, 2007, then Xavier requests that this Court grant the motion and hold that Xavier's recovery of NFIP proceeds does not reduce Travelers' coverage obligations to Xavier.

Respectfully Submitted:

/s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY OF LOUISIANA

AND

CALVIN C. FAYARD, JR., #5486
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Telephone: 225-664-4193
Fax: 225-664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner

JAMES M. GARNER

6