MINUTE ENTRY
DUVAL, J.
September 18, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: | SECTION "K"(2) |

| | |
|---|---|
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |

Attending a telephonic status conference held this day were:

Joseph Bruno, Jim Roy, Gerry Meunier, Drew Ranier, and Pierce O'Donnell for plaintiffs in MRGO, LEVEE and *Robinson;*

Brian Gilbert and Patrick Sanders for Barge plaintiffs;

Derek Walker, Rob Fisher and John Aldock for Lafarge;

Robin Smith, Kara Miller; Traci Colquette, Jim McConnen and Damond Miller for the United States;

Dan Webb for Lafarge insurer; and

Ralph Hubbard for MRGO and LEVEE defendants.

The purpose of the conference was to discuss the United States of America's Motion to Dismiss Lafarge North America Inc.'s Third-Party Complaints (Doc. 7730) and the Court's intention to continue the hearing date on that motion.

The subject motion was filed in June in the above-reference four Barge cases and was set for hearing before Judge Berrigan on Wednesday, September 19, 2007. In it, the Government

seeks dismissal of the third-party demands of Lafarge whereby Lafarge seeks contribution and indemnity for any liability that Lafarge might incur in the Barge cases. The Government maintains, *inter alia,* that the Court lacks subject matter jurisdiction over it based on § 702c immunity. Having reviewed the memoranda, it is evident to the Court that one of the salient issues presented in this motion is whether the United States is immune from suit for the alleged independent negligence of the Corps of Engineers with respect to the MRGO based on §702c immunity.

This issue was raised, *inter alia,* in the *Robinson* matter, and the Court chose to confront it squarely in the context of a motion for summary judgment on § 702c immunity which *is* scheduled for hearing on January 16, 2008. That hearing date has been set since the Court issued the *Robinson* Case Management Order No. 1 on March 15, 2007. (Doc. 3408). The decision to continue the Barge motion manifests the intent of this Court to attempt to manage the course of this mammoth litigation in as smooth and timely manner as possible. To that end, the Court has put in place a very specific schedule for hearing argument on the various issues presented in this case--from insurance coverage issues to Corps immunity. The Court notes that it was not apprised by the Government of its having filed this motion before Judge Berrigan which had the potential to undermine the primary basis for this umbrella as decided by the en banc court for the Eastern District of Louisiana--that is to prevent multiple and potentially inconsistent rulings on salient issues presented by the cataclysmic occurrences precipitated by Hurricane Katrina when it struck the Gulf Coast.

After explaining its position to the parties, the Court requested the parties' position on the continuance. No party voiced any objection to this continuance except for the United States.

2

The Court finds that it would be blatantly unfair and contrary to the purpose of this umbrella for such a salient issue for all of the litigants in LEVEE, MRGO and *Robinson* to be addressed without their having a voice in its determination. This issue, as argued in the Barge cases has been raised in the context of an incidental demand, whereas, in LEVEE, MRGO and *Robinson*, this issue is at the very heart of the litigation. Considering the time required for supplemental briefing to be filed by those parties, particularly in light of the fact that there is on-going discovery for Class Certification taking place at this point in time, that there is Class Certification *Daubert* hearings set in October, and the class certification hearings for LEVEE and MRGO set for the first two weeks in November, such supplemental briefing would require the continuance of this matter into January even if the *Robinson* matter were not set at that time.

The Court has pending before it the Motion to Dismiss filed by the Government in LEVEE as well over 30 other motions. This Court cannot and should not drop all other motions pending and put a motion filed with respect to a third-party demand on a Barge issue in front of everything else that has been filed and is pending. This Court will continue to prosecute this consolidated litigation in as fair and expeditious manner as is reasonably possible given the fact that there are approximately 1400 cases in the umbrella with one judge presiding. Accordingly,

**IT IS ORDERED** that hearing on the United States of America's Motion to Dismiss Lafarge North America Inc.'s Third-Party Complaints (Doc. 7730) is **CONTINUED** to **January 16, 2008 at 10:00 a.m.** to be heard in conjunction with the § 702c immunity Motion for Summary Judgment in *Robinson* which is scheduled for this time.

3

**IT IS FURTHER ORDERED** that LEVEE, MRGO and *Robinson* plaintiffs shall file *amicus curiae* in this matter **no later than November 19, 2007.**

**IT IS FURTHER ORDERED** that the Government's reply to such *amicus* shall be filed **no later than December 17, 2007.**

JS:10-45 MINS.