### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | |
| LEVEE, RESPONDER CASE NOS | * | JUDGE: DUVAL |
| O'DWYER – 05-4181, 06-4389, | * | |
| 06-5786, 06-6099 | * | MAG. JUDGE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN OPPOSITION TO MOTION BY ASHTON O'DWYER FOR VARIOUS RELIEF

**MAY IT PLEASE THE COURT**:

The State of Louisiana and undersigned counsel respectfully oppose the "Motion by Ashton O'Dwyer for Various Relief"[1] for reasons more fully explained below. Furthermore, the State respectfully requests this Honorable Court utilize its inherent power to sanction for the purpose of putting a stop to Ashton O'Dwyer's ceaseless harassment of the State of Louisiana, its agencies, officials and undersigned counsel in this consolidated litigation.

### I.      OPPOSITION TO "MOTION FOR VARIOUS RELIEF."

Ashton O'Dwyer filed a motion for "various relief" on September 11, 2007. Rec. Doc. 7501.  The motion is currently set for hearing on the briefs on October 3,

2007.  O'Dwyer's motion and accompanying memorandum are saturated with procedural defects.  For example, a motion for sanctions must be filed separately from all other motions.  *See* Fed. R. Civ. P. 11.  Furthermore, the legal basis for the motion, if one exists, is unclear.  Therefore, instead of attempting to figure out whether the motion is filed under Fed. R. Civ. P. 60, Fed. R. Civ. P. 11, 28 U.S.C. §1927 or under some other theory, the State of Louisiana and undersigned counsel will address the "factual" merits only.

The "factual" basis for the motion is as follows.  The State of Louisiana and Governor Blanco, in an official capacity (in 05-4181) invoked their constitutionally protected sovereign immunity from suit in federal court and the claims against them were dismissed accordingly.  *See* Rec. Doc. 788.  Similarly, in 06-4389 and 06-6099, the State of Louisiana on its own behalf and through various state agency defendants invoked its sovereign immunity and was dismissed accordingly. *See* Rec. Doc. 3666.  On August 29, 2007, the State of Louisiana filed two lawsuits against the United States, through the Army Corps of Engineers.

Mr. O'Dwyer contends the State of Louisiana waived its sovereign immunity by filing those two suits against the United States.  *See* Rec. Doc. 7501. The legal claims he previously made (that the State waived its sovereign

---

[1] Rec. Doc. 7501.

immunity) are now "vindicated" or, to put it another way, not frivolous in retrospect.   Therefore, he argues, the sanctions previously issued against him should be vacated.   O'Dwyer also contends that because the State waived its sovereign immunity after it was invoked (and the State was dismissed based on sovereign immunity), undersigned counsel and their clients should be sanctioned.

A.   **THIS HONORABLE COURT LACKS JURISDICTION TO RECONSIDER WHETHER THE STATE OF LOUISIANA WAIVED ITS SOVEREIGN IMMUNITY.**

In order to award any of the "various relief" described above, this Honorable Court must reconsider whether the State of Louisiana is entitled to sovereign immunity from this lawsuit in federal court.   Therefore, the State assumes that among the "various relief" requested, is a motion for "reconsideration."   The issue of the State's sovereign immunity from this suit has been fully adjudicated, multiple times, in this consolidated litigation and is currently on appeal to the Fifth Circuit in all of the above captioned cases.[2]   In the Fifth Circuit, it is well-settled that once a notice of appeal has been filed, a district court has no jurisdiction over any matters involved in the appeal.   *See* Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816-17 (5th Cir.1997); Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 578 (5th Cir.1996); Henry v. Indep. Am. Savings Ass'n, 857 F.2d 995, 997-98 (5th

---

[2] *See* Fifth Circuit Docket Number 06-30840 (appeal from Judgment Doc. No. 789, dismissing State of Louisiana, and Governor Kathleen Blanco, and others); Docket Number 06-30349 (appeal from Judgment Doc. No. 3667

Cir.1988); 20 James Wm. Moore et al., *Moore's Federal Practice* § 303.32 (3d ed.2002) (explaining that this is "a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time.")   The State of Louisiana, therefore, will not burden this Honorable Court with a discussion of the merit, or lack thereof, of O'Dwyer's argument that the State waived its sovereign immunity for all cases involving Hurricane Katrina by filing suit in federal court against the United States.

**B.**     **THE PREVIOUSLY ISSUED SANCTIONS SHOULD NOT BE VACATED.**

Ashton O'Dwyer was sanctioned by this Honorable Court.  Rec. Docs. 3666, 6838.  This Honorable Court has jurisdiction over the issuance and quantum of sanctions against Ashton O'Dwyer.  For reasons he believes are just but upon no discernable legal basis, Mr. O'Dwyer requests this Honorable Court vacate the sanctions.  In determining whether sanctions were appropriate, the conduct of Mr. O'Dwyer was assessed at the time he submitted the offending pleadings.  *See* Delor v. Intercosmos Media Group, Inc 2006 WL 435997, *1 (E.D. La. 2006) (*citing* Thomas v. Capital Sec. Servs., 836 F.2d 866, 875 (5th Cir.1988) (*en banc*); Fed.R.Civ.P. 11 Adv. Comm. Note)).  Ashton O'Dwyer's belief that his legal arguments have

---

dismissing Civil Action Numbers 06-4389, 06-5786, and 06-6099).  Both judgments, in part, dismiss the State of

been "vindicated" is meritless because the complaints for which he was sanctioned were filed for improper purposes *at the time he filed the lawsuits*.  Furthermore, O'Dwyer was sanctioned, not only for the legal frivolity of his pleadings, but for the repetitious lawsuits which constituted harassment, circumvention of court orders, and vexatious multiplication of the litigation. *See* Rec. Doc. 3666.  Mr. O'Dwyer does not ask that the sanctions, issued on those grounds, be reversed. For all of the foregoing reasons, the sanctions must stand.

**C.   ASHTON O'DWYER PROVIDES NO BASIS FOR ISSUING SANCTIONS AGAINST UNDERSIGNED COUNSEL OR THEIR CLIENTS.**

Ashton O'Dwyer is seeking sanctions against the State Defendants and undersigned counsel for invoking the sovereign immunity of the State of Louisiana.   As described above, in assessing sanctions the courts look at the pleadings *at the time of filing*. This Honorable Court granted the motions to dismiss based on sovereign immunity and those decisions have not been reversed. There is absolutely no basis on which to sanction undersigned counsel or their clients for making the argument that the State is entitled to sovereign immunity. Furthermore, as also described above, the issue of the State's sovereign immunity is on appeal (in the above captioned cases) and this Honorable Court lacks jurisdiction to reconsider the issue of the State's sovereign immunity.

---

Louisiana and/or its agencies and officers, in an official capacity, based on sovereign immunity.

Ashton O'Dwyer accuses undersigned counsel and their clients of committing "fraud upon the Court" as that term is defined in "academic legal circles." Fed. R. Civ. P. 9(b) requires "fraud" be pleaded with particularity. Mr. O'Dwyer provides no explanation of or citation supporting the claim that undersigned counsel and their clients committed "fraud upon the court." Such a serious accusation without any type of support or legal citation should not be allowed in a court of law.

## II.    ASHTON O'DWYER SHOULD BE SANCTIONED… AGAIN.

Ashton O'Dwyer, through his conduct in the above captioned litigation, displays a relentless refusal to adhere to the Federal Rules of Civil Procedure, orders of this Honorable Court, and Rules of Professional Conduct. It is abundantly clear that, unless this Court unequivocally and proactively bars Mr. O'Dwyer from participating in this litigation, his deplorable conduct will only worsen. Multiple verbal and written warnings did nothing to curb his conduct. *See* Rec. Doc. 1088 (transcript of motion for sanctions hearing on September 9, 2006). Monetary sanctions were similarly ineffective. *See* Rec. Doc. 6838 (quantifying sanctions in the amount of $7058.50).

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." Toon v. Wackenhut Corrections Corp., 250 F.3d 950, 951 (5th Cir. 2001) (*quoting* Carroll v. The Jaques Admiralty Law Firm, P.C., 110 F.3d 290, 292 (5th

Cir.1997)).  "Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution. The threshold for the use of the inherent power [to impose] sanction[s] is high." <u>Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.</u>, 86 F.3d 464, 467 (5th Cir.1996).  The court must make a specific finding of bad faith. <u>Goldin v. Bartholow</u>, 166 F.3d 710, 722 (5th Cir.1999). Furthermore, "[i]f there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." <u>Natural Gas Pipeline Co.</u>, 86 F.3d at 467.  This Honorable Court has already tried various less restrictive measures.  They were unsuccessful.

Inherent powers are those that "are necessary to the exercise of all others." <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 762, 764, 100 S.Ct. 2455 (U.S. 1980).  Included in the district courts' inherent power is the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  <u>Gonzalez v. Trinity Marine Group, Inc.</u>, 117 F.3d 894, 898 (5th Cir.1997).  The Court's inherent power is not limited to sanction mechanisms created by statute or rule. *See* <u>Chambers v. NASCO Inc.</u>, 501 U.S. 32, 42-43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  When inherent powers are invoked they must be exercised with "restraint and discretion." Id.  Thus, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." Id.  Ashton O'Dwyer's conduct throughout the course of the above captioned litigation clearly displays both bad faith and willful abuse of the judicial process.  The

State of Louisiana respectfully suggests that the interests of justice require invocation of this Honorable Court's inherent powers.

## A.    ASHTON O'DWYER'S CONDUCT.

Ashton O'Dwyer has, throughout the course of this litigation, violated the Federal Rules of Civil Procedure multiple times.   This Honorable Court has already recognized many of the violations of Fed. R. Civ. P. 11 and 28 U.S.C. §1927, therefore, they need not be repeated and are incorporated herein by reference thereto.  Rec. Doc. 3666.  Mr. O'Dwyer has also violated, and continues to violate, Local Rules 7.4 and 7.5E both of which require memoranda to contain "a concise statement of reasons in support [of the relief requested] and *citations of the authorities on which he relies*…"   This Honorable Court has noted, multiple times, that O'Dwyer's pleadings lack citations.

> [T]here are some things you [Ashton O'Dwyer] don't understand.  I've read your briefs.  You need to understand the law a little better… I find your briefs have been woefully deficient and unprofessional and close to being sanctioned.  So, let me just tell you, you're about to get a lightning bolt, because let me really tell you what, your briefs have not cited law… they have rambled, they have been tirades, and I'm tired of it.[3]

The "motion for various relief," opposed by the State of Louisiana herein, provides the latest example of a pleading filed without legal citations in support of the relief

requested.  Rec. Doc. 7501.    Considering the number of times this Honorable Court has specifically noted Mr. O'Dwyer's lack of legal citations, it is easy to conclude one or both of the following: his refusal to support his arguments is intentional and for the purpose of causing delay and extra work for the Court and opposing counsel or, there is no law to support his arguments.  Either way, the pleadings filed by Ashton O'Dwyer contain nothing in support of a contention that they were filed for a proper purpose.  As the Court noted over one year ago, Mr. O'Dwyer's pleadings "have not cited law… they have rambled… they have been tirades" and little more.

More significant than Mr. O'Dwyer's chronically unsubstantiated pleading-style, though, is the harassing nature of the issues raised therein.  For example, this motion for "various relief" is virtually identical in substance to the "motion for leave to file supplemental memorandum," Rec. Doc. 7422, filed a few days before the motion for "various relief." Mr. O'Dwyer has two outstanding motions filed within days of each other raising identical issues.  This constitutes harassment under Fed. R. Civ. P. 11.

Finally, Ashton O'Dwyer was originally sanctioned, in part, for filing collateral suits against the state when the issues contained in the original suit were

---

[3] Rec. Doc. 1088, p. 21, lines 1-8.

on appeal.  Rec. Doc. 3666.  As described above, the issue of the State's sovereign immunity is on appeal.  Mr. O'Dwyer refuses to sit patiently and wait for the Fifth Circuit to rule on the issue.  He, instead, relentlessly challenges the sovereign immunity of the State of Louisiana through various motions and memoranda. This, too, constitutes harassment under Fed. R. Civ. P. 11.

Considering the foregoing, Ashton O'Dwyer should be sanctioned – again.

## B.   SUGGESTED SANCTION:

The State of Louisiana respectfully suggests that it cannot envision an appropriate sanction, that this Honorable Court may impose,[4] to punish Mr. O'Dwyer for his conduct in this litigation.  However, the State's ultimate purpose in requesting this Honorable Court invoke its inherent powers is to stop the harassment.  The State of Louisiana respectfully suggests that Ashton O'Dwyer be barred from filing any further pleadings, including new complaints and motions, in this consolidated litigation without leave of Court. Such a sanction should be revisited, of course, if the Fifth Circuit reverses and remands his lawsuits.

**WHEREFORE**, the State of Louisiana respectfully prays that the "motion for various relief" be **DENIED** and sanctions be issued against Ashton O'Dwyer. Specifically, the State of Louisiana prays Ashton O'Dwyer be barred from filing

10

any further pleadings, including new complaints and motions, in the above captioned litigation without leave of court.

Respectfully submitted,

**CHARLES C. FOTI, JR.
ATTORNEY GENERAL**

**BY**:    _s/ Michael C. Keller_
**MICHAEL C. KELLER (#20895) (T.A.)
PHYLLIS E. GLAZER (# 29878)
ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE
LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.      504-599-1200
Facsimile No.       504-599-1212
Email:      KellerM@ag.state.la.us
                 GlazerP@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on _September 19, 2007_, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: _All Counsel of Record_.

_s/ Michael C. Keller_
**MICHAEL C. KELLER**

---

[4] Your Honor mentioned at oral argument on the State's motion for sanctions against Mr. O'Dwyer that it cannot disbar him from practicing in the Eastern District, only the court _en banc_ may take such action.