UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| _____ | * | MAGISTRATE JUDGE WILKINSON |
| PERTAINS TO:  INSURANCE, | * | |
| *Xavier Univ. of La.*, No. 06-0516 | * | |
| | * | |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING ON
MOTIONS FOR PARTIAL SUMMARY JUDGMENT
REGARDING COLLATERAL SOURCE AND RETROACTIVITY OF ACT 813**

Plaintiff Xavier University of Louisiana ("Xavier") asks this Court to continue, indefinitely, the hearing on its motions for partial summary judgment regarding "collateral source" (Rec. Doc. 5848) and the retroactivity of the 2006 amendment to La. Rev. Stat. § 22:658, known as Act 813 (Rec. Doc. 5851).   There is no basis for continuing the hearings on these motions, which have been pending for nearly three months.  If Xavier no longer wishes to pursue these motions, it should simply withdraw them.

The only ground for the requested continuance is Xavier's suggestion that this Court needs to wait for a decision in Sher v. Lafayette Ins. Co., a case against a different insurer pending in the Louisiana Fourth Circuit Court of Appeal, before it can hear these motions.

Xavier claims that the court in Sher will issue rulings on the "collateral source" issue and the retroactivity of Act 813. Xavier also contends that the Sher court may issue a ruling on the interpretation of water damage exclusions that might have an impact on whether the "collateral source" issue is moot.

When Xavier filed these motions on June 22, 2007, it obviously did not think it was necessary to wait for the federal court of appeals' decision in this case, or for a state appellate ruling in Sher before litigating the issues presented. At the time Xavier filed these motions, the U.S. Court of Appeals for the Fifth Circuit had heard oral argument on the water damage exclusion in this case, and the parties were awaiting a decision. In the Sher case, Lafayette had already taken the appeal. (See Petition and Order for Suspensive Appeal, attached as Exhibit A hereto.) If Xavier had really thought that it was necessary to await the Fifth Circuit's decision or the decision in Sher before litigating these issues, it would not have filed these motions when it did.

Furthermore, there is no guarantee that the court in Sher will even decide the issues presented by Xavier's motions in this case. The plaintiff's appellate brief in Sher, which is attached as an exhibit to Xavier's Memorandum in Support of Motion to Continue (Rec. Doc. 7717-2), argues that Lafayette Insurance Company waived the issue of whether the amended version of La. Rev. Stat. § 22:658 applied by submitting a joint jury instruction based on the amended version of that statute. (See Exhibit 1 to Xavier's Memo., at 27-28.) Moreover, the issue of the applicability of the 2006 amendment to La. Rev. Stat. § 22:658 prospectively to a particular insurance claim, which is raised in Xavier's motion, is a heavily fact-dependent issue that needs to be resolved on a case-by-case basis. The Sher court's ruling based on the facts of that case may have no bearing on this case. With respect to the "collateral source" issue, the

plaintiff in <u>Sher</u> argued that Lafayette Insurance Company waived the issue of whether it was entitled to a credit for flood insurance proceeds by failing to introduce any evidence at trial on the amount of the flood insurance proceeds received by the plaintiff. (<u>See</u> <u>id.</u> at 40-41.)  It is certainly possible that the <u>Sher</u> case will not reach either the "collateral source" issue or the retroactivity issue, and in fact that is what Xavier's counsel has advocated on behalf of the plaintiff in <u>Sher</u>.  It is sheer speculation for Xavier to suggest what issues the Louisiana Fourth Circuit might decide in <u>Sher</u>, how the court might decide them or when the decision might be issued.

With respect to the interpretation of the water damage exclusion, to the extent that issue is relevant to Xavier's "collateral source" motion, there is clearly no need for this Court to wait for guidance from a state appellate court.  The Fifth Circuit has issued a 46-page opinion in this very case which is obviously binding on this Court.

## **CONCLUSION**

For all the foregoing reasons, Xavier's motion to continue the hearings on its motions for partial summary judgment regarding collateral source and the retroactivity of Act 813 should be denied.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
         RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8255
Facsimile:      (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on September 19, 2007, a copy of the foregoing was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be

sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.

223808-1                                    4