**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  KATRINA CANAL BREACHES           CIVIL ACTION
CONSOLIDATED LITIGATION
                                          NO. 05-4182 "K" (2)

PERTAINS TO:                              JUDGE DUVAL
ALL INSURANCE CASES                       MAG. WILKINSON

**INSURANCE DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO: (1) MODIFY THE COURT'S MAY 1, 2006 CONSOLIDATION ORDER; AND (2) DECONSOLIDATE AND/OR SEVER CASES WITHIN THE INSURANCE UMBRELLA**

**I.     INTRODUCTION**

In this motion, the Insurance defendants seek two related types of relief.  First, they request that the Court modify its May 1, 2006 consolidation order to exclude any homeowners Insurance claims arising from Hurricane Katrina levee breaches.  Second, they ask the Court to deconsolidate and/or sever the Insurance claims currently included within the Insurance umbrella and transfer those claims back to the Sections and Magistrates to which they were assigned originally.  For cases that were originally assigned to this Court as a result of the May 1, 2006 consolidation order, and thus never randomly assigned to a Section and Magistrate, those cases should be referred to the Clerk of Court for random assignment.

This relief is necessary to avoid undue delay and burden on the litigants and the Court.  The Court's fundamental rationale for creating the consolidated litigation no longer applies to the Insurance litigants.   Specifically, the Court determined that the resolution of all the cases to be

1

consolidated would revolve around the same threshold legal and factual issue – namely, whether the levee breaches were caused by human negligence or some other cause.  However, the recent decision by the United States Fifth Circuit Court of Appeals has clarified that this issue no longer will be determinative – or even relevant – in the Insurance cases.  Thus, keeping the Insurance cases within the consolidated litigation will not serve the interests of judicial economy or facilitate the prompt dispensation of justice, but will only cause unnecessary delay and burden.  The Insurance cases therefore should be deconsolidated and severed from each other, and randomly assigned on an individual basis to new Sections and Magistrates.

## II.  FACTUAL BACKGROUND

In its minute entry of March 24, 2006, the Court addressed 21 actions then pending before the Eastern District, including the *Vanderbrook* and *Chehardy* actions.  According to the Court, grouping these cases under one umbrella was appropriate because they all involved allegations of water damage from levee breaches caused by human negligence.  In the Court's words:

> These cases comprise the suits presently filed concerning damage allegedly caused by the breaches of the 17th Street Canal, the London Avenue Canal and the Industrial Canal.  Included in this umbrella presently are certain cases where plaintiffs have sued insurance companies for coverage contending that as a result of the breach, a negligent occurrence caused damage to property.

(Record Doc. No. 57, p. 2.)

Based on this same rationale, the Court entered an Order on April 11, 2006 expanding the umbrella to include cases involving MRGO.  (*See* Record Doc. No. 69, p. 4 ["This consolidation includes the suits presently filed and pending in this section concerning damage allegedly caused by the breaches of the 17th Street Canal, the London Avenue Canal, the Industrial Canal and MRGO."].)  That same day, the Court entered a second Order that officially consolidated the aforementioned 21 cases for pretrial purposes.  (*See* Record Doc. No. 70.)  The April 11, 2006

Orders also set forth certain basic procedural and administrative requirements for the consolidated litigation.  (*See* Record Doc. No. 69, 70.)

On May 1, 2006, the Court entered an order requiring the consolidation of all cases involving levee breaches following Hurricane Katrina.  Specifically, the Order instructed that "all Katrina Canal Breach cases are to be directly assigned to Section 'K' and the Magistrate Judge in Division 2, to be consolidated pursuant to the Order of April 11, 2006 . . . and subject to the dictates of that Order."  (*See* Record Doc. No. 259.)

On March 1, 2007, the Court entered its Case Management and Scheduling Order No. 4, which set forth a number of deadlines and rules for pre-trial discovery and motion practice.  In that Order, the Court described the Insurance umbrella as follows:

> The plaintiffs in the insurance umbrella are insureds who allege, among other things . . ., that the efficient proximate cause of the surface water damage to their property in the New Orleans Metropolitan area was the neglect of the same parties made defendants in the Levee and MRGO umbrellas.

(Record Doc. No. 3299, p. 3.)

### III.     LAW AND ARGUMENT

As shown above, the Court's fundamental basis for creating the consolidated litigation was that all the cases to be consolidated – whether classified as Levee, MRGO, or Insurance cases – would involve the same threshold issue:  namely, whether the levee breaches were the result of human negligence.

In light of the recent opinion from the Fifth Circuit Court of Appeals, the Court's rationale is no longer applicable to the Insurance cases.  On August 2, 2007, the Fifth Circuit ruled that the standard policy exclusion for "flood" damage unambiguously applied, regardless of whether the flood water came from levees that failed due to human negligence, or some other source or cause.

3

*See Vanderbrook, et al. v. Unitrin Preferred Ins. Co., et al. (In Re: Katrina Canal Breaches Litigation)*, 2007 U.S. App. LEXIS 18349, *46-74, 79-80, 86 (5th Cir. 2007). On August 27, 2007, the Fifth Circuit denied the *Vanderbrook* plaintiffs' petition for rehearing *en banc* and returned to this Court a certified copy of the judgment, which was issued as the mandate.

Under the Fifth Circuit's controlling opinion, the threshold issue that once appeared to justify the creation of the consolidated umbrella – *i.e.*, what caused the levee breaches – now in fact will have no bearing on the liability, if any, of the Insurance defendants to their policyholders. As the Fifth Circuit has confirmed, whether or not the levee breaches are attributable to human negligence is irrelevant to the existence or scope of coverage under the Insurance defendants' policies. Accordingly, any common questions of law or fact surrounding this issue will not be determinative in the individual Insurance actions. Instead, with respect to the Insurance defendants, the question of their liability will turn on the unique and specific circumstances of each individual plaintiff's insurance claim. Among others, the factors to be considered would include:

- what types of damage that particular plaintiff sustained to his or her home;
- what events or forces caused that damage;
- whether that damage is covered under the particular terms of the plaintiff's insurance policy;
- how much that damage will cost to repair; and
- how much the plaintiff has been paid to date.

For this same reason, colleagues of this Court in the Eastern District of Louisiana have repeatedly granted motions to strike class allegations in cases involving multiple insurance claims

4

arising from Hurricane Katrina.[1]  As Judge Feldman aptly explained in one such case:

> [P]roving a questionable pattern and practice of undervaluing claims will require an intensive review of the individual facts of each class member's damage claim, including the nature and extent of damage, the timing and adjustment of each class member's claim, how much each class member was paid for his claim and for what damage, and whether that amount was sufficient and timely.  On the face of the pleading, it is clear that *those individualized and highly personal issues pertaining to each class member patently overwhelm any arguably common issues* . . . .

*Henry v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 57822, *11 (E.D. La. 2007) (emphasis added); *see also Comer v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 33123, *6 (S.D. Miss. 2006) ("Each property owner . . . who had real and personal property damaged in Hurricane Katrina is uniquely situated. . . . The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in particulars[.]").

In these circumstances, keeping the claims against the Insurance defendants within the consolidated umbrella litigation would not further the Court's original intent in consolidating them, nor would it serve the purposes behind the pertinent Federal Rules of Civil Procedure. Accordingly, for the reasons discussed below, the Court should (1) modify the May 1, 2006 consolidation order to exclude any claims filed against homeowners insurers; and (2) deconsolidate and/or sever the Insurance claims presently included within the umbrella.

  A.  <u>**The Court Should Modify the May 1, 2006 Consolidation Order.**</u>

Consolidation of actions is governed by Federal Rule of Civil Procedure 42.  Under subsection (a) of that Rule, "[w]hen actions involving a *common question of law or fact* are

---

[1] *See*, *e.g.*, *Caruso v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 56760, *17 (E.D. La. 2007) (striking class action allegations because "plaintiffs' claims require highly individualized inquiries into the cause of each plaintiff's loss and the amount of the damages sustained at each of the plaintiff's properties"); *Terrebonne v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 58383, *7 (E.D. La. 2007) (same); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 16073, *7 (E.D. La. 2007) (striking class action allegations that would require "intensive review of the individual facts of each class member's damage claim"); *Spiers v. Liberty Mut. Fire Ins. Co.*, 2006 U.S. Dist. LEXIS 95248, *4-5 (E.D. La. 2006) (same).

pending before the court, . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend *to avoid unnecessary costs or delay*." FRCP 42(a) (emphasis added).

As the Fifth Circuit has explained, "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). Stated otherwise, consolidation is designed to allow the court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed 153 (1936); *see also MacAlister v. Guterma*, 263 F. 2d 65, 68 (2nd Cir. 1958) ("The purpose of consolidation is to permit trial convenience and economy in administration.").

In deciding whether consolidation is appropriate, district courts should consider a number of factors, including: "Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *see also Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

When these considerations are not present, consolidating cases has been deemed an abuse of the district court's discretion. *See Comeaux v. Mackwant*, 124 Fed. Appx. 909, 912 (5th Cir. 2005) (district court abused discretion in consolidating two civil rights cases brought by same plaintiff that both raised Eighth Amendment claims, because the two suits "did not involve common questions of law and fact"); *cf. Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir.

1985) (district court properly declined to consolidate two cases involving the same Dodge van, one against the dealer and one against the prior owner, because the "transactions forming the bases of the lawsuits were entirely separate").

Here, none of the aforementioned factors support keeping the Insurance defendants within the consolidated litigation. Separating the claims against the Insurance defendants from those against the MRGO and Levee defendants would pose no risk of inconsistent findings on common issues of fact or law. Indeed, there are no longer any such common issues: what caused the levee breaches is irrelevant to the Insurance defendants, and whether a loss is covered under the terms of a homeowners policy is irrelevant to the MRGO and Levee defendants. In addition, removing the Insurance claims from the consolidated litigation would significantly reduce the burden on the Insurance defendants and their witnesses, as well as the Court and its administrative staff. By contrast, maintaining the consolidated litigation against the Insurance defendants will not facilitate plaintiffs' ability to bring their claims against those defendants to trial promptly. Quite to the contrary, it will only delay the resolution of plaintiffs' Insurance claims, as they (and the Court) are forced to endure numerous motions, hearings, and discovery issues relating only to the Levee and/or MRGO defendants.

On this point, the burden and delay associated with keeping the Insurance cases within this consolidated litigation will only skyrocket in the near future. In the days leading up to the second anniversary of Hurricane Katrina's landfall, untold numbers of new Insurance cases were filed, including several mass actions with thousands of new plaintiffs and hundreds of insurance defendants. Under the existing consolidation order, most, if not all, of these cases will be assigned to this Section. There are already more than 7,000 entries on the Court's docket for this matter, and that number will dramatically rise over the following months, as more complaints, removals,

7

answers, motions, and other papers are filed in the new Insurance cases. The burden placed on the Court from the voluminous motion practice in the current umbrella is already crushing, but only will get exponentially worse as the umbrella expands. This additional burden not only will cause further delay in the Insurance cases, but also will hinder plaintiffs' ability to prosecute their claims against the Levee and MRGO defendants in a timely and efficient fashion.

In sum, the Court's order consolidating every Insurance claim involving water damage allegedly caused by the negligent design, construction, or maintenance of the levees no longer furthers the goals of judicial economy or timely justice. The Court therefore should modify its May 1, 2006 consolidation Order to specifically exempt any cases and/or claims brought against homeowners insurance carriers.

### B. The Court Should Deconsolidate and/or Sever the Insurance Claims Currently In the Umbrella.

For the same reasons discussed above, the Court should deconsolidate and/or sever the Insurance cases presently pending before this Court, as part of the consolidated litigation, and transfer those cases back to the Sections and Magistrates to which they were originally assigned. Maintaining the Insurance claims within the consolidated umbrella no longer would serve – and actually would disserve – the worthy goals behind the Court's original decision to consolidate those claims. The administrative burden of deconsolidating the Insurance cases from the umbrella would be substantially outweighed by the extraordinary judicial and administrative burden associated with maintaining so many unrelated cases in a single consolidated proceeding.

While most Insurance cases involve only homeowners and their insurers, there are a small number where an Insurance defendant was joined in a complaint including claims against one or more non-Insurance defendants. This fact does not prevent the Court from deconsolidating and/or

severing all the Insurance-related claims.  Under Federal Rule of Procedure 42(b), which governs severance, "[t]he court, *in furtherance of convenience* or to avoid prejudice, or when separate trials will be conducive to *expedition and economy*, may order a separate trial of any claim . . . or of any separate issue or any number of claims[.]"  (Emphasis added.)  Generally speaking, whether a district court should sever a claim under Rule 42(b) is guided by the same principles as consolidation, such as:

- whether the claims arise out of the same transaction or occurrence,
- whether the claims present common questions of fact or law,  and
- whether the claims will require testimony of different witnesses and documentary proof.[2]

For the same reasons discussed above, severing Insurance-related claims from non-Insurance claims is therefore justified and proper.

Finally, by virtue of the Court's May 1, 2006 consolidation order, some of the Insurance cases (or claims) to be deconsolidated (or severed) may never, in the first instance, have been randomly assigned to a Section and Magistrate.  For those cases and claims, the Court therefore should order that they be referred to the Clerk of Court for random assignment in accordance with this District's standard procedures.

## IV.   CONCLUSION

As the Court recognized in its March 16, 2007 Order, "this consolidated litigation is a creation of convenience . . . to meet two specific goals, both of which are of paramount interest to any court:  judicial economy and timely justice."  (Record Doc. No. 3426, p. 1.)  The Order therefore went on to state that, "if the Court determines that all or some part of this 'umbrella' is

---

[2] *See Thompson v. Sanderson Farms, Inc.*, 2006 U.S. Dist. LEXIS 62745, *13 (S.D. Miss. 2006).

not operating efficiently, it will sever any category of cases necessary to achieve maximum efficiency." (*Id.*, p. 2.)

The situation this Court expressly contemplated has now arisen. With respect to the Insurance defendants, the Court's original rationale in creating the consolidated umbrella litigation has been obviated by the Fifth Circuit's decision in *Vanderbrook*. As a result, keeping the Insurance defendants within the umbrella would not serve the interests of judicial economy or prompt justice. Quite to the contrary, it would actively detract from them. The Court therefore should grant the Insurance defendants' motion, as it will promote the same admirable goals the Court sought to achieve through its original consolidation orders.

Respectfully submitted,

s/Ralph S. Hubbard
**Ralph S. Hubbard, III, T.A., La. Bar #7040**
**Defendants' Liaison Counsel**
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-Mail:    rhubbard@lawla.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 19th day of September 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

/s/ Ralph S. Hubbard
Ralph S. Hubbard