MINUTE ENTRY
WILKINSON, M.J.
SEPTEMBER 19, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: LEVEE, MRGO | JUDGE DUVAL<br>MAG. WILKINSON |

O'Dwyer, C.A. No. 05-4181;
O'Dwyer, C.A. No. 06-1885;
O'Dwyer, C.A. No. 06-4024;
O'Dwyer, C.A. No. 06-4389;
O'Dwyer, C.A. No. 06-5771;
O'Dwyer, C.A. No. 06-5786;
O'Dwyer, C.A. No. 06-6099;
O'Dwyer, C.A. No. 07-0206;
Parfait, C.A. No. 07-3500;
Bealer, C.A. No. 07-3612

## HEARING AND ORDER ON MOTION

APPEARANCES: Ashton R. O'Dwyer, representing plaintiffs

MOTION: Plaintiffs' Motion for Leave to File Protective Supplement and Amending Complaints, Record Doc. No. 7358

O R D E R E D:

XXX : GRANTED IN PART AND DEFERRED IN PART as follows. The motion is granted in part insofar as it seeks to amend Paragraph X of the complaint in C.A. No. 07-

MJSTAR: 0:45

3612 to add the words "Orleans Parish." No opposition to the motion has been filed, and I discern no impediment to this part of the motion to amend.

As to the remainder of the motion, however, even though no opposition has been filed, the proposed amendment cannot be granted as currently crafted because it would only confuse an already difficult record in that it presents the following issues that first must be addressed:

(1) The motion seeks to amend complaints in ten (10) cases, two of which – C.A. Nos. 06-1885 and 06-4024 – have already been dismissed, with final judgments entered, appeals noticed and subsequently dismissed by the Fifth Circuit. There appears to be no reason or basis for amending these dismissed lawsuits.

(2) The list of plaintiffs in the proposed amendment appears erroneous. For example, the proposed amendment lists about 1,800- 1,900 named plaintiffs. However, in numerous spots, the names are duplicated, sometimes more than twice. Many of the listed names appear to violate Fed. R. Civ. P. 17(a). For example, I am aware of no law that permits a minister to file a representative action on behalf of his congregation or that makes a church congregation a juridical person with capacity to sue. As has been done in the past, the "Parfait Family" is listed as a plaintiff, when it appears that only the individual named members of that family may be persons capable of suing. In addition, it appears that it would be inappropriate to include many of the listed plaintiffs in <u>all</u> of the cases. Though similar, the ten listed complaints are not identical. For example, how would including any of the listed plaintiffs, who did not reside or own other affected property east of the Industrial Canal, as plaintiffs in <u>Parfait</u>, C.A. No. 07-3500, not be futile? These duplications and other insufficiencies must either be corrected or explained before the court may allow the amendment.

(3) The motion papers provide that the amendment is submitted "pursuant to the provisions of Rule 15, Federal Rules of Civil Procedure." However, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 3299, ¶ II(A) at p. 13 (declaring on March 1, 2007 that "the deadline for amending pleadings is now deem lapsed"), the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. South Trust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003). "In

determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535). Unlike some other motions to amend filed in this matter, no effort has been made by these plaintiffs in the current motion papers to establish "good cause."

(4) If good cause can be demonstrated so that the Rule 15 standard applies, plaintiffs must explain why the proposed amendment to add the Admiralty Jurisdiction Extension Act as an alternative basis for jurisdiction is not (a) futile under Judge Duval's recent ruling, Record Doc. No. 7350; (b) duplicative, and therefore unnecessary, in light of the admiralty jurisdictional allegations already made in some of the referenced complaints, see, e.g.,  C.A. No. 06-5771 at ¶ V; or (c) inapplicable given the specific allegations of wrongful conduct made in some of the complaints, see, e.g., C.A. No. 06-6099 (which appears to assert claims of a negligent or otherwise wrongful storm preparation/response nature).

For the foregoing reasons, the portion of the motion that has not been granted is hereby deferred. Given the time-consuming nature of the task faced by plaintiffs' counsel in addressing Item No. 2 above, IT IS ORDERED that, no later than December 18, 2007, plaintiffs must file a supplemental  memorandum in support of their motion to amend, together with a revised proposed amended complaint, that satisfactorily addresses the issues raised above. These issues  must be evaluated before the court considers whether the deferred portion of this motion may be granted or must be denied. Any party who opposes the motion, as supplemented, may file an opposition memorandum no later than December 27, 2007.

New Orleans, Louisiana, this __19th__ day of September, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE