UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: <u>Brock</u>, 06-4931 | JUDGE DUVAL<br>MAG. WILKINSON |

### ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Plaintiffs' Motion for Leave to File Second Supplemental and Amending Complaint, Record Doc. No. 7353

<u>O R D E R E D</u>:

<u> XXX </u>:  DENIED, but without prejudice to re-filing. Where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 3299, ¶ II(A) at p. 13 (declaring on March 1, 2007 that "the deadline for amending pleadings is now deem lapsed"), the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. South Trust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" <u>Southwestern Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting <u>S & W Enters.</u>, 315 F.3d at 535).

Unlike some other motions to amend filed in this matter, no effort of any kind has been made by these plaintiffs to establish "good cause."  In fact, the motion is wholly unaccompanied even by the supporting memorandum required by Local Rule7.4.  What is the effect of this amendment?  Does it add plaintiffs?  Does it merely allege that previously identified plaintiffs have now exhausted their administrative remedies under

the FTCA?  Is this an attempt to employ the procedure approved by Judge Duval in Record Doc. No. 6937?  There is no telling from this inscrutable motion.

Plaintiffs may re-file this motion, noticed for hearing, if they attach a supporting memorandum that satisfactorily addresses the standard that must be met before such a motion may be granted.

New Orleans, Louisiana, this __20th__ day of September, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE