UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   06-4024 | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM  IN SUPPORT OF
MOTION TO RESCIND ORDER, ETC.**

**MAY IT PLEASE THE COURT:**

On September 11, 2007, This Honorable Court entered the following Order, *sua sponte*, in Civil Action No. 06-4024.

> "Before the Court is Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 1405).  On November 8, 2006, plaintiff requested a 30-day extension of time to respond up to and including December 7, 2006 which was granted and the hearing was continued to January 10, 2007.  To date, no opposition to this motion has been filed.
>
> This particular plaintiff has nine other suits pending, and this suit was filed 12 days after the Court had dismissed a similar suit and specifically admonished plaintiff's counsel that the wholesale listing of jurisdictional bases would not be countenanced.  The Court warned him that such a practice verged on being sanctionable under Fed. R. Civ. P. 11 (Doc. 788 at 12).  Nonetheless, counsel chose to ignore the Court's admonitions.
>
> **IT IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 1405) is **GRANTED.**"

-1-

Plaintiff, Maureen O'Dwyer, undersigned counsel's sister, whose home in Lakeview and possessions were flooded as a result of criminal malfeasance by the U.S. Army Corps of Engineers, among others, is aggrieved by this result. A copy of Ms. O'Dwyer's Complaint in Civil Action No. 06-4024 is appended hereto and marked for identification as Exhibit No. 1 for the Court's ready-reference. The Court will note the fact that plaintiff specifically pleaded that the sole defendant, the United States of America, is not entitled to claim or invoke immunity, by pleading as follows:

> Plaintiffs further aver that defendant, the United States of America, is not entitled to claim or to invoke immunity from liability for the following reasons, *inter alia*:
>
> a) The notion of "sovereign immunity" is not applicable to a Democracy, such as the United States of America, which has no sovereign, and where the elected government is a government of the people, by the people, for the people.
>
> b) The United States of America has waived any right to claim or to invoke sovereign immunity by virtue of the provisions of the Federal Tort Claims Act, the Suits in Admiralty Act, and other legislation.
>
> c) The United States of America, through Congress and through its agency and instrumentality, the U.S. Army Corps of Engineers, has waived immunity for loss and/or damage due to fault or negligence of the United States of America or its contractors, which this case specifically involves. E.G. 42 U.S.C. §1962 d-15 and 33 C.F.R. §203.82.
>
> d) The provisions of the Flood Control Act of 1928 are inapplicable to this case, because the structures, projects and works which were defectively designed, constructed, inspected, maintained, operated and dredged by the United States of America, its agencies and instrumentalities and their employees, in this instance, have absolutely nothing to do with that legislation, which involved the Mississippi River.

e) The immunity arguably conferred by the Flood Control Act of 1928 (which is assumed for the sake of argument only) does not apply to, and was never intended by Congress to apply to, damages of the type suffered by plaintiff in this case.

f) The structures, projects, works and navigable waterway systems in question are not flood control projects, but navigation projects, hurricane protection projects, water resources development projects, or projects other than flood control projects, so that The Flood Control Act of 1928 is inapplicable to the claims herein asserted.

g) The waters which inundated the Greater New Orleans Metropolitan Area and caused the damages complained of herein were not flood waters, and the damages sustained by plaintiff were not caused by flood waters as that term is used in the Flood Control Act of 1928.

h) Immunity is unavailable as an affirmative defense, because:

   a. The errors and omissions complained of herein were in direct violation of Acts of Congress and the U.S. Army Corps of Engineers regulations manuals and procedures.

   b. The errors and omissions complained of herein were known to the U.S. Army Corps of Engineers prior to Hurricane KATRINA.

   c. The errors and omissions complained of herein amount to criminal conduct and, alternatively, to gross, reckless or wanton negligence, for which immunity is unavailable.

i) Amendment of the U.S. Constitution "trumps" the provisions of the Flood Control Act of 1928, i.e., inalienable rights specifically granted by the U.S. Constitution take precedence over legislation, unless the legislation is couched in terms of constitutional amendment.

j) Defendant, the United States of America, is not entitled to invoke sovereign immunity because the Lake Pontchartrain Project, which was authorized (read "mandated") by the U.S. Congress in 1965, is still incomplete, and because an agency and instrumentality of the United States of America, namely the U.S. Army Corps of Engineers, therefore remained primarily responsible for the design,

        construction, inspection and maintenance of all works forming part of that Project.

k)    Defendant, The United States of America, is not entitled to invoke sovereign immunity because neither its agency and instrumentality, the U.S. Army Corps of Engineers, nor its employees, had any discretion to violate acts of Congress and the rules and regulations of the agencies, which had the force of law.

l)    Defendant, the United States of America, is not entitled to invoke sovereign immunity because none of the errors and omissions complained of herein fell within the due care or discretionary function exceptions to waiver of sovereign immunity by the United States of America or its agencies and instrumentalities under the Federal Tort Claims Act.

Plaintiff reserves the right to amend the allegations of the above and foregoing article as the facts become more fully known.

The law at the time plaintiff's Complaint was filed, and when the events relevant to why plaintiff now seeks relief, namely during the Winter and Spring 2007, was that well-pleaded allegations of a plaintiff's Complaint were to be taken as true, and that a Rule 12 motion should be granted on the papers only if it appeared beyond doubt that the plaintiff could not possibly prevail on the merits.

Plaintiff respectfully submits that a fair and objective review of her Complaint will reveal that this is not such a case, not even if one considers the Complaint under the "new" standard established by the Supreme Court last Summer.

As plaintiff's counsel's Affidavit, appended hereto and marked for identification as Exhibit No. 2, makes clear, he was of the impression that the Plaintiff's Liaison Committee would be doing the "heavy lifting" in terms of filing Memoranda in Opposition to Motion(s) to Dismiss filed by the United States of America on grounds of immunity. Indeed, upon information and belief, plaintiff's counsel avers that several

-4-

such memoranda drafted and filed by the Plaintiff's Liaison Committee already form part of the record in Civil Action No. 05-4182, and consolidated cases.

The Government's Motion to Dismiss in Civil Action No. 06-4024 which was technically "set" for hearing on March 23, 2007, was not in fact "heard" on that date, and almost six months elapsed between hearing "date" for the motion and the Court's *sua sponte* Order of September 11, 2007, without any admonition to counsel or the Plaintiff's Liasion Committee that they were in default for any reason.

It has been said in certain circles that the "Victims of KATRINA" litigation is "a single issue case":  Either the Federal Government has immunity or it doesn't.  It is respectfully submitted that the Court's having already decided this issue for Maureen O'Dwyer by default is a travesty of justice and should be set aside, with the Government's immunity motion to be set for hearing, with a new briefing schedule, just like the similar motions which are referenced in this Court's very recent Minute Entry of September 18, 2007 (Record Document No. 7741).

If the Court wants to sanction someone, then let the Court sanction counsel, not counsel's client.

Plaintiff Maureen O'Dwyer respectfully submits that This Court's Order of September 11, 2007 should be rescinded and the Government's Motion to Dismiss reset for hearing with a new briefing schedule.  Alternatively, plaintiff moves the Court to state in writing its reasons for granting the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction, *i.e.*, whether the Motion to Dismiss was granted as a sanction imposed against plaintiff's counsel for not personally filing a memorandum in Opposition to the Government's Motion to Dismiss, on some other grounds, such as the Court's

personal animosity for and bias towards plaintiff's counsel, or because the Court truly believed the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction was in fact meritorious. It is to be noted that virtually identical motions to dismiss and/or for summary judgment, filed on the same grounds as the Government's Motion to Dismiss in this case, remain pending before This Honorable Court. See Record Document No. 7741 of September 18, 2007. Plaintiff respectfully submits that she is entitled to know precisely why the Court granted the Government's Motion to Dismiss in this case, when the Court denied a similar Motion to Dismiss in Robinson v. United States of America, C.A. No. 06-2268, and has established a briefing schedule in late 2007 and oral argument in early 2008 on similar motions in other cases, including Robinson. Further, in the alternative, plaintiff moves This Honorable Court for entry of judgment pursuant to the provisions of Rule 54(b) so that plaintiff can appeal the Court's erroneous Order of September 11, 2007 to the United States Court of Appeals for the Fifth Circuit.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**
        **Counsel for Plaintiffs**

        By:   S/Ashton R. O'Dwyer, Jr.
              **Ashton R. O'Dwyer, Jr.**
              **Bar No. 10166**
              **821 Baronne Street**
              **New Orleans, LA 70113**
              **Tel. 504-679-6166**
              **Fax. 504-581-4336**

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 20th day of September 2007.

                                              S/Ashton R. O'Dwyer, Jr.