IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | § | |
| CONSOLIDATED LITIGATION | § | |
| | § | |
| | § | Civil Action No.  05-4182 |
| | § | |
| PERTAINS TO | § | Section "K" (2) |
| | § | |
| *LeSea Broadcasting Corporation* C.A. No. | § | |
| 07-4462 | § | |
| | § | |
| | § | |

**DEFENDANT NEW HAMPSHIRE INSURANCE COMPANY'S ORIGINAL
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant New Hampshire Insurance Company ("New Hampshire") makes and files this,

its Original Answer and Affirmative Defenses, in response to the original complaint filed against

it by Plaintiff LeSea Broadcasting Corporation ("LeSea") and would show the Court as follows:

1.      New Hampshire admits that it is a foreign corporation licensed to issue, and in

fact, issuing insurance policies in the State of Louisiana.  New Hampshire denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 1 of the complaint.

2.      New Hampshire admits the allegations of paragraph 2 of the complaint.

3.      New Hampshire admits that it issued an insurance policy with Policy No. 01-LX-

0674850 ("the Policy") to LeSea.  The Policy provided coverage, in limited circumstances and in

limited amounts, for premises damage, business personal property, business interruption, extra

expense and civil authority.

- 1 -

4.      New Hampshire admits that Hurricane Katrina caused wind, rain, and storm surge in the metropolitan New Orleans area on or about August 29, 2005.  New Hampshire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the complaint.

5.      New Hampshire admits that plaintiff's business located at 1110 S. Jefferson, New Orleans, Louisiana sustained damage.  New Hampshire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the complaint.

6.      New Hampshire denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.      New Hampshire admits that a significant portion of plaintiff's damage was caused by flood.  New Hampshire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the complaint.

8.      New Hampshire admits the allegations of paragraph 8 of the complaint.

9.      New Hampshire admits that it sent an adjuster to evaluate plaintiff's losses, and that the adjuster acted as New Hampshire's agent.

10.      New Hampshire admits that plaintiff submitted a proof of loss claiming total damages in the amount of $1,741,383, excluding attorney's fees, costs, interest and penalties. New Hampshire denies the remaining allegations of paragraph 10 of the complaint.

11.     New Hampshire admits that it has issued checks to plaintiff for $50,000 and for $387,762.72, and that it has communicated to plaintiff that those amounts represent plaintiff's covered losses under the Policy.

12.     New Hampshire admits that the plaintiff has rejected New Hampshire's offer for covered losses under the Policy.  New Hampshire denies the remaining allegations of paragraph 12 of the complaint.

13.     New Hampshire denies the allegations of paragraph 13 of the complaint.

14.     New Hampshire denies the allegations of paragraph 14 of the complaint and all of its subparts.

15.     New Hampshire denies the allegations of paragraph 15 of the complaint and all of its subparts.

16.     New Hampshire denies the allegations of paragraph 16 of the complaint.

17.     New Hampshire denies the allegations of paragraph 17 of the complaint.

18.     New Hampshire denies the allegations of paragraph 18 of the complaint.

19.     New Hampshire denies the allegations of paragraph 19 of the complaint.

20.     New Hampshire denies the allegations of paragraph 20 of the complaint.

21.     New Hampshire admits that the Policy provided coverage, in limited circumstances and in limited amounts, for business interruption, business loss, loss of income, extra expense and civil authority.

22.     New Hampshire admits that plaintiff submitted evidence of its past tax records, property loss, business loss, expenses, and salaries.   New Hampshire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the complaint.

23.     New Hampshire denies the allegations of paragraph 23 of the complaint.

24.     New Hampshire denies the allegations of paragraph 24 of the complaint.

25.     New Hampshire denies the allegations of paragraph 25 of the complaint.

26.     New Hampshire denies the allegations of paragraph 26 of the complaint.

27.     New Hampshire denies the allegations of paragraph 27 of the complaint.

28.     New Hampshire denies the allegations of paragraph 28 of the complaint.

29.     New Hampshire denies the allegations of paragraph 29 of the complaint.

30.     New Hampshire denies the allegations of paragraph 30 of the complaint and all of its subparts.

31.     New Hampshire denies the allegations of paragraph 31 of the complaint.

32.     New Hampshire denies the allegations of paragraph 32 of the complaint.

33.     New Hampshire denies the allegations of paragraph 33 of the complaint.

34.     New Hampshire denies the allegations of paragraph 34 of the complaint.

35.     New Hampshire denies the allegations of paragraph 35 of the complaint.

36.     New Hampshire admits that the Policy excludes damage caused by rising water. New Hampshire denies the remaining allegations contained in paragraph 36 of the complaint.

37.     New Hampshire denies that flood damage sustained by plaintiff is a covered loss. New Hampshire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the complaint.

38.     New Hampshire denies the allegations of paragraph 38 of the complaint.

## AFFIRMATIVE DEFENSES

New Hampshire asserts the following defenses based on the facts, pleadings, and/or information and belief:

## FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim against New Hampshire upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against New Hampshire are barred or limited, in whole or in part, by the terms and conditions of the Policy and all of its endorsements, which are expressly incorporated into this Answer as if copied herein *in extenso*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is obligated to provide proof of loss sufficient to allow the opportunity to properly adjust its claim.  Plaintiff's claim is barred or limited, in whole or in part, to the extent that Plaintiff has failed to provide information to the adjusters or to furnish the adjusters access to records or other documents supporting the alleged losses, costs or expenses for which the claim is made.

## FOURTH AFFIRMATIVE DEFENSE

New Hampshire has committed no wrongful act or omission which caused or contributed to Plaintiff's sustaining any damages whatsoever.  At all times, New Hampshire has acted in good faith and in a reasonable manner and has fulfilled its obligations.

## FIFTH AFFIRMATIVE DEFENSE

New Hampshire specifically pleads all warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy, as if each are fully set forth herein *in extenso.*

## SIXTH AFFIRMATIVE DEFENSE

There was no duty owed to Plaintiff that was breached by New Hampshire, there is no causation attributable to New Hampshire, and Plaintiff's damages, if any, are not attributable to any act or alleged error or omission by New Hampshire.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for flood damage are barred or limited, in whole or in part, by the terms and conditions of the Policy and its endorsements.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages, such damages are attributable, in whole or in part, to others for whom New Hampshire is not responsible.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to relief, which is denied, such relief must be set off and New Hampshire must receive a credit for any amounts already tendered to Plaintiff by other insurers and/or by any federal or state agencies or recovery programs, as well as by any damages caused

by Plaintiff's failure to mitigate, any amounts received by Plaintiff as salvage value for any allegedly damaged property and/or any other sums recovered from third-parties.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages, those damages must be calculated in accordance with the policy language as set forth in the Policy and its endorsements and limited to the percentages and limits as specified in the Policy and its endorsements.

## ELEVENTH AFFIRMATIVE DEFENSE

New Hampshire asserts the defense of independent, superseding or intervening cause as a potential bar to coverage for Plaintiff's claim, in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Petition does not describe the facts with sufficient particularity to enable New Hampshire to determine all defenses which may ultimately pertain to Plaintiff's claim.  New Hampshire therefore reserves the right to assert additional defenses which may later be discovered to be applicable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced to the extent Plaintiff failed to minimize, mitigate or avoid any alleged or actual damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not pled a basis for recovering penalties and attorney's fees against New Hampshire.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no basis for an award of punitive and/or exemplary damages against New Hampshire as there was no violation of state or federal law that would merit any award of

penalties or punitive and/or exemplary damages. Further, any award of punitive or exemplary damages would violate applicable federal and state Constitutional protections afforded to New Hampshire against such awards.

## SIXTEENTH AFFIRMATIVE DEFENSE

New Hampshire has fully paid Plaintiff for substantiated covered losses under the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

New Hampshire justifiably relied on the representatives of Plaintiff in providing such coverages and making such payments, and Plaintiff's claims are barred by the doctrine of equitable estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for additional amounts over and above what has been previously paid under the policy of insurance which is the subject of this litigation are not covered by said policy. The exclusions in the Policy include, but are not limited to, the following sections of the policy:

## VI.    EXCLUSIONS

**We** shall not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss:

K.      1.      Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body;

M.      Damage or loss to the interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

1.      The building or structure first sustains damage by a **covered cause of loss** to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

R.      **Flood**;

But if loss or damage by a **specified cause of loss** results, **we** shall pay for the resulting damage caused by such **specified cause of loss, or** if electrical **covered equipment** requires drying out because of **Flood, we** will pay for the direct expenses of such drying out subject to the applicable Limit of Insurance and deductible indicated in the Declarations;

## XI.      DEFINITIONS

L.      **Flood** means flood, mudslide, mudflow, waves, tide, or tidal waves and the rising, including the overflowing or breaking of boundaries, of lakes, ponds, reservoirs, rivers, streams, harbors, oceans, bays, or other similar bodies of water, whether driven by wind or not.  **Flood** shall include **surface water** if the **surface water** is directly or indirectly the result of **Flood**.

EE.      **Specified Causes of Loss** means fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; falling objects; weight of snow, ice or sleet;

HH.      **Surface Water** means seepage, leakage or influx of water, immediately derived from natural sources, through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors; and shall include all water which backs up through sewer or drains.

## PRAYER

WHEREFORE, New Hampshire prays that Plaintiff take nothing by reason of this suit, and that all other relief be denied.  New Hampshire further requests that it have and recover its costs, including attorneys' fees, and such other and further relief to which it is justly entitled.

75013573.2                                        - 9 -

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

_/s/ Andrew S. Friedberg_

Andrew S. Friedberg (Louisiana Bar #29868)
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

ATTORNEYS FOR DEFENDANT, NEW
HAMPSHIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served in compliance with the Federal Rules of Civil Procedure to all known counsel of record on September 21, 2007.

_/s/ Andrew S. Friedberg_

Andrew S. Friedberg

Brian D. Katz                             Via Certified Mail R.R.R. and
Soren E. Gisleson                        CM/ECF
Joseph E. Cain
Herman Herman Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA  70113