UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:  ROAD HOME<br>   *Louisiana State*  C.A. No. 07-5528 | §   CIVIL ACTION<br>§<br>§   NO.   05-4182 "K"(2)<br>§<br>§   JUDGE DUVAL<br>§<br>§   MAGISTRATE WILKINSON |

### STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO STATE FARM FIRE AND CASUALTY INSURANCE COMPANY AND STATE FARM GENERAL INSURANCE COMPANY

Defendants State Farm Fire and Casualty Company ("State Farm Fire") and State Farm General Insurance Company ("State Farm General") (sometimes collectively referred to as "State Farm") respectfully submit this statement of supplemental grounds for removal ("Supplemental Statement").

On September 21, 2007, State Farm filed a consent to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company

1

893567v.1

(collectively "Allstate") in this matter. State Farm submits this statement to set forth supplemental grounds for removal:

1. On or about August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2. On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition"). The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development. (Am. Petition ¶ 17.) Over two hundred foreign and domestic insurance carriers are named as defendants, including State Farm. (Am. Petition ¶ 18.)

3. The Petition, as amended and restated, requests, on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4. State Farm Fire received service of the Amended Petition through the Secretary of State on September 5, 2007. State Farm General received service of the Amended Petition

through the Secretary of State on September 5, 2007. Accordingly, this Supplemental Statement is timely filed within thirty days of service of the petition on State Farm.

5.  As set forth in Allstate's Notice of Removal, the claims against State Farm are subject to federal jurisdiction under the Class Action Fairness Act, and based upon the fact that such claims are fraudulently misjoined with the claims against the non-diverse insurers. State Farm adopts all of Allstate's arguments in support of these grounds for federal jurisdiction. In addition, State Farm provides below additional support for each of these arguments as they relate to the claims against State Farm.

6.  As set forth in Allstate's removal notice, all the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which: (1) there are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12.); (2) at least some members of the proposed class have a different citizenship from some defendants (*id.* ¶¶ 13-15); and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate (*id.* ¶¶ 16-23).

7.  Moreover, none of CAFA's exceptions apply. State Farm notes that this case is not subject to the local controversy exception because: (1) numerous class actions involving "the same or similar factual allegations" have been filed against State Farm and the other Insurance Company in the past three years,[1] and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants. 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), (4)(A)(ii).

---

[1]  State Farm Fire was named as a defendant in the following putative class actions identified in paragraph 27 of Allstate's Notice of Removal: *Chehardy*, *Abadie*, *Chauvin*, *Caruso*, *Austin*, *Chetta*, *Hammer*, *Kiefer*, *Terrebone*, *Turk*, *Williams*, *In re Katrina Canal Breaches Consolidated Litigation*. In addition, the following additional putative class have been filed against State Farm Fire: *Moniz v. State Farm Fire and Casualty Co.*, No. 06-1571 (E.D. La.); *Aaron v. AIG Centennial Insurance Co.*, No. 06-4746 (E.D. La.); *Escoe v. State Farm Fire and Casualty Co.*, No. 07-1123 (E.D. La.).

(Allstate Notice of Removal ¶¶ 24-40.)  Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants." (*Id.* ¶¶ 41-46.)

8.  In addition, State Farm further contends that because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether jurisdiction exists under CAFA.  Under similar circumstances, where a complaint alleged only <u>parallel</u> claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action.  A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'").  (*See also* Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.)

9.  Plaintiff's claims against State Farm clearly satisfy the requirements for removal under CAFA when considered as a separate action as well.

10.  First, there are more than 100 potential class members.  The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, the State Farm Group[2] had a market share of 34.5%, by written premiums, in 2005.  The Amended Petition alleges that

---

[2]  The vast majority of homeowners and property insurance written by any State Farm company in Louisiana would be written by State Farm Fire, a defendant herein. Although other State Farm companies may also write property insurance, they generally do so in states other than Louisiana.  State Farm General, for example, is the primary writer of homeowners and property liability insurance in California. (Ex. A, Affidavit of William A. Gourgues, ¶ 6.)

the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition ¶ 10.) Though only the holders of property insurance would be putative class members, application of the State Farm Group's 34.5% share plainly exceeds 100 class members. In fact, Plaintiff alleges that there are "tens of thousands of class members." (Am. Petition ¶ 21(b).) Applying the State Farm Group's 34.5% share to the smallest number of class members alleged by Plaintiff (10,000), results in a class size of over 3,000 State Farm insureds.

11.     Further, as of April 30, 2007, State Farm Fire has received approximately 113,742 property claims for damage allegedly caused by Hurricane Katrina alone in Louisiana. (Ex. A, Gourgues Aff. ¶ 4.) Even if only 1% of these claimants obtain Road Home Program funds, the class, as to State Farm Fire alone, would exceed 100.

12.     Second, the proposed putative class includes current and former citizens of Louisiana. (Am. Petition ¶ 22.) It is apparent, therefore, that at least one putative class member is a citizen of Louisiana. Neither State Farm Fire nor State Farm General is a resident or citizen of Louisiana. State Farm Fire is a citizen of Illinois by incorporation and principal place of business. State Farm General is a citizen of Illinois and also a citizen of California, by reason of incorporation in Illinois and having its principal place of business in California. (Ex. A, Gourgues Aff. ¶ 7.)Thus, there exists minimal diversity between at least one purported class member and the State Farm defendants.

13.     Third, the $5 million jurisdictional threshold is also satisfied as to State Farm Fire alone. Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6). Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should

include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants." S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250; *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

14. The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion." (Am. Petition ¶ 10.) Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition ¶ 10.)

15. Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that State Farm Fire represented approximately 34.5% of the covered premises, the putative class members' claims against State Farm alone easily satisfy the $5,000,000 jurisdictional amount.

16. In addition, as of April 30, 2007, State Farm Fire has already paid over $1.7 billion under its property policies for damages incurred by its insureds from Hurricane Katrina alone. Again, even assuming a minimal number of State Farm insureds at issue, it is clear that more than $5 million is at stake in this litigation for State Farm alone. (Ex. A, Gourgues Aff. ¶ 5.)

**WHEREFORE**, State Farm Fire and Casualty Company and State Farm General Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Dated this 21st day of September, 2007.

                                            Respectfully submitted,

                                            */s/Andrea L. Fannin*
                                            Wayne J. Lee, 7916
                                              wlee@stonepigman.com
                                            Stephen G. Bullock, 3648
                                              sbullock@stonepigman.com
                                            Mary L. Dumestre, 18873
                                              mdumestre@stonepigman.com
                                            Andrea L. Fannin, 26280
                                              afannin@stonepigman.com
                                                   Of
                                            STONE PIGMAN WALTHER
                                                 WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 581-3200
                                            Facsimile: (504) 581-3361

                                            Attorneys for State Farm Fire and Casualty Company and State Farm General Insurance Company

893567v.1

## CERTIFICATE

I hereby certify that a copy of the foregoing Statement Of Supplemental Grounds For Removal Applicable To State Farm Fire and Casualty Company and State Farm General Insurance Company has been served upon all counsel of record by electronic notice from the Court's CM/ECF system, on this 21st day of September, 2007.

*/s/ Andrea L. Fannin*