UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO:  ROAD HOME | * | MAGISTRATE JUDGE WILKINSON |
| *Louisiana State*, C.A. No. 07-5528 | * | |
| | * | |
| | * | |
| | * | |

**JOINDER IN NOTICE OF REMOVAL AND
STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL**

Pursuant to 28 U.S.C. § 1446, the Hartford Defendants[1] and Travelers Defendants[2]

hereby join and consent to the Notice of Removal filed by Allstate Insurance Company et al. on

September 11, 2007, and submit the following statement of supplemental grounds for removal:

1.     On August 23, 2007, Plaintiff filed this putative class action in the Civil District

Court for the Parish of Orleans, State of Louisiana, entitled State of Louisiana, individually and

---

[1] The "Hartford Defendants" are Hartford Accident & Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, "Hartford Insurance Group" (a non-existent entity), Hartford Underwriters Insurance Company and Twin City Fire Insurance Company.

[2] The "Travelers Defendants" are The Standard Fire Insurance Company, "St. Paul" (a non-existent entity), "St. Paul Travelers Insurance Company" (a non-existent entity), St. Paul Fire & Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, St. Paul Protective Insurance Company, St. Paul Surplus Lines Insurance Company, Travelers Casualty Insurance Company of America, Travelers Casualty and Surety Company, The Travelers Home & Marine Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, Travelers Insurance Company (a non-existent entity), Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company and The Automobile Insurance Company of Hartford, Connecticut.

on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel. The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al., Case No. 07-8970.  On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition") in the Civil District Court.  The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development.  (Am. Petition, ¶ 17.)  Over two hundred foreign and domestic insurance carriers are named as defendants.  (Am. Petition, ¶ 18.)  Plaintiff seeks to represent a class of current and former Louisiana citizens who have applied for and received or will receive funds through the Road Home Program.  (Am. Petition, ¶ 22.)

2.       The Secretary of State was served with notice of this suit on August 28, 2007.

3.       On September 11, 2007, Defendants Allstate Insurance Company et al. removed this case to this Court, asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, and diversity jurisdiction under 28 U.S.C. § 1332, based on fraudulent misjoinder.

4.       The Hartford Defendants and Travelers Defendants join in the grounds for removal stated in the Notice of Removal filed by Defendants Allstate Insurance Company et al., and also submit this notice of supplemental grounds for removal.  This notice is timely filed within 30 days of service of the original Petition, in accordance with 28 U.S.C. § 1446(b).

5.       The Hartford Defendants and Travelers Defendants respectfully submit that, in addition to the grounds stated in the Notice of Removal, this Court also has jurisdiction over this

action under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369

and 1441(e)(1).

6.      As part of the MMTJA, Congress adopted 28 U.S.C. § 1441(e)(1), which

provides, in relevant part, that:

> [A] defendant in a civil action in a State court may remove the
> action to the district court of the United States for the district and
> division embracing the place where the action is pending if –
>
> (A)      the action could have been brought in a United States
>          district court under section 1369 of this title; or
>
> (B)      the defendant is a party to an action which is or could have
>          been brought, in whole or in part, under section 1369 in a
>          United States district court and arises from the same
>          accident as the action in State court, even if the action to be
>          removed could not have been brought in a district court as
>          an original matter.

7.      In turn, 28 U.S.C. § 1369 provides, in pertinent part, as follows:

> (a)      In general. The district courts shall have original
>          jurisdiction of any civil action involving minimal diversity
>          between adverse parties that arises from a single accident,
>          where at least 75 natural persons have died in the accident
>          at a discrete location, if –
>
>          (1)      a defendant resides in a State and a substantial part
>                   of the accident took place in another State or other
>                   location, regardless of whether that defendant is
>                   also a resident of the State where a substantial part
>                   of the accident took place;
>
>          (2)      any two defendants reside in different States,
>                   regardless of whether such defendants are also
>                   residents of the same State or States; or
>
>          (3)      substantial parts of the accident took place in
>                   different States.

8.      The MMTJA further provides that "minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State . . . ." 28 U.S.C. § 1369(c)(1).

9.      The term "accident" is defined as "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons . . . ." Id. at § 1369(c)(4) (emphasis added).

10.     The Fifth Circuit has held that a district court erred in remanding a case dealing with insurance claims arising from the Hurricane Katrina catastrophe where removal jurisdiction was based upon the MMTJA.  See Wallace v. La. Citizens Prop. Ins. Corp., 444 F.3d 697, 699, 702-03 (5th Cir. 2006).

11.     As in Wallace, the jurisdictional requirements of the MMTJA are satisfied here. There is minimal diversity because, for example, Defendant Hartford Insurance Company of the Midwest ("Hartford Midwest"), one of the Hartford Defendants, is a citizen of Indiana and Connecticut, its state of incorporation and principal place of business, while Plaintiff is a citizen of Louisiana.  Similarly, Defendant The Standard Fire Insurance Company ("Standard Fire"), one of the Travelers Defendants, is a citizen of Connecticut, its state of incorporation and principal place of business.  Also, this case arises from Hurricane Katrina, which was "a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons[.]"  28 U.S.C. § 1369(c)(4); see also Wallace, 444 F.3d at 699.

12.     In addition, this case satisfies subdivisions (1), (2) and (3) of section 1369(a), although it only needs to meet one of those three requirements for jurisdiction to exist. Subdivision (1) is satisfied because Hartford Midwest and Standard Fire are residents of Connecticut and "a substantial part of the accident took place in another State," i.e., Louisiana.

This case also satisfies subdivision (2) because "any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States . . . ." There are numerous defendants that are residents of states other than Connecticut.  (Am. Petition, ¶ 18.) This case also satisfies subdivision (3) because substantial parts of the "accident," *i.e.*, Hurricane Katrina, "took place in different States."

13.     In addition, and independently, this case qualifies for removal under 28 U.S.C. § 1441(e)(1)(B).  Under that section, a defendant can remove an otherwise un-removable lawsuit concerning an "accident" when the defendant already is involved in a pending federal court action concerning the same "accident" and jurisdiction exists (or could exist) for the pending action under the MMTJA.  As the Fifth Circuit has explained, in those circumstances, Section 1441(e)(1)(B) "establishes supplemental jurisdiction over the [state court] action, piggy-backing jurisdiction on the district court's original jurisdiction under § 1369(a) over the pending [federal court] action."  Wallace, 444 F. 3d at 702.

14.     Here, certain of the Hartford Defendants and Travelers Defendants are defendants in other lawsuits pending in this Court, which also involve insurance claims arising from Hurricane Katrina.  See, e.g., Aaron v. AIG Centennial Ins. Co., Civil Action No. 06-4746; Alexander v. Automobile Club Inter-Ins. Exch., Civil Action No. 07-4538; Aguilar v. ALEA London Ltd., Civil Action No. 07-4852; Abadie v. Aegis Sec. Ins. Co., Civil Action No. 07-5112; Abadie v. Aegis Sec. Ins. Co., Civil Action No. 06-5164; Chehardy v. State Farm Fire & Cas. Co., Civil Action Nos. 06-1672, 06-1673, 06-1674; Maynard v. St. Paul Travelers Cos., Civil Action No. 06-11385; and other cases.

15.     Notably, Standard Fire is a defendant in <u>Chehardy</u> – the same lawsuit the <u>Wallace</u> court held created supplemental jurisdiction for a state court action under the MMTJA.[3] Accordingly, if the state court action in <u>Wallace</u> could "piggy-back" into federal court based on <u>Chehardy</u>, there is no reason to deny removal of this action here.  In addition, the complaint in <u>Aaron</u> specifically pleads 28 U.S.C. § 1369 as the primary basis for federal jurisdiction.  (<u>Aaron</u> Complaint, ¶ 5.)

16.     Accordingly, removal is also proper under the MMTJA.

Respectfully submitted,

**/s/ Seth A. Schmeeckle**

**OF COUNSEL:**                                    **RALPH S. HUBBARD, III, T.A., La. Bar. # 7040**
**Stephen E. Goldman**                        **SETH A. SCHMEECKLE, La. Bar #27076**
**Wystan M. Ackerman**                       **LUGENBUHL, WHEATON, PECK, RANKIN &**
**ROBINSON & COLE LLP**                   **HUBBARD**
280 Trumbull Street                              601 Poydras Street, Suite 2775
Hartford, Connecticut 06103-3597          New Orleans, Louisiana 70130
Telephone:     (860) 275-8200               Telephone:  (504) 568-1990
Facsimile:      (860) 275-8299               Telefax:  (504)310-9195
                                                              E-Mail:   rhubbard@lawla.com
                                                                              sschmeeckle@lawla.com

                                                              Attorneys for Hartford Accident & Indemnity
                                                              Company, Hartford Casualty Insurance Company,
                                                              Hartford Fire Insurance Company, Hartford Insurance
                                                              Company of the Midwest, Hartford Insurance
                                                              Company of the Southeast, "Hartford Insurance
                                                              Group" (a non-existent entity), Hartford Underwriters
                                                              Insurance Company, Twin City Fire Insurance
                                                              Company, The Standard Fire Insurance Company, "St.
                                                              Paul" (a non-existent entity), "St. Paul Travelers
                                                              Insurance Company" (a non-existent entity), St. Paul
                                                              Fire & Marine Insurance Company, St. Paul Guardian
                                                              Insurance Company, St. Paul Mercury Insurance
                                                              Company, St. Paul Protective Insurance Company, St.
                                                              Paul Surplus Lines Insurance Company, Travelers

---

[3] <u>Chehardy</u> was originally removed to the U.S. District Court for the Middle District of Louisiana, and was pending there when <u>Wallace</u> was briefed, but the Middle District later transferred <u>Chehardy</u> to this Court.

Casualty Insurance Company of America, Travelers Casualty and Surety Company, Travelers Home & Marine Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, Travelers Insurance Company (a non-existent entity), Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company and The Automobile Insurance Company of Hartford, Connecticut

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants.

/s/ Seth A. Schmeeckle_____
 Seth A. Schmeeckle