UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKERSON |
| | * | |
| | * | |
| _____ | * | |
| PERTAINS TO: | * | |
| LEVEE: | * | |
| C. R. PITTMAN CONSTRUCTION | * | |
| COMPANY, INC. | * | |
| V. | * | |
| UNITED STATES (07-2771) | * | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**I.  Introduction**

On May 3, 2007, Plaintiff, C. R. Pittman Construction Company, Inc. ("CRPCCI"), filed a complaint in the Eastern District of Louisiana.  In this complaint, CRPCCI made claims pursuant to the Contract Disputes Act of 1978 ("CDA"), as well as the Federal Tort Claims Act and the Admiralty Extension Act.  On or about August 29, 2007, CRPCCI filed a First Supplemental and Amending Complaint, pursuant to the Court's order dated August 9, 2007 [R. Doc. 6937] which CRPCCI alleges gives them the right to amend their original complaint to allege the presentation of an administrative complaint to the Corps in this matter. [R. Doc. 7356.]

Causes of action number one and two are made pursuant to the CDA.  As a result, this Court does not have jurisdiction to entertain same.  Only a contracting officer, the Boards of Contract Appeals, the Court of Federal Claims and the United States Court of Appeals for the

Federal Circuit possess jurisdiction to entertain these types of claims. Further, because jurisdiction to entertain a CDA claim is lacking unless the contractor's claim is first presented to the contracting officer, and this has not happened in the instant case, causes of action one and two must be dismissed.

Cause of action number three was made pursuant to the Federal Tort Claims Act ("FTCA") and the Admiralty Extension Act ("AEA.") However, the administrative claim in this matter was not filed by the plaintiffs until February 27, 2007 and was not received by the Corps until February 28, 2007 at which time it was assigned claim number 07N15T0070742. (See Declaration of Angela Jean Drinkwitz, attached hereto as Gvmt. Ex. 1, see also Claim for Injury and Damage, dated February 27, 2007, and acknowledgment letter from the Corps, dated July 23, 2007, attached hereto as Gvmt Ex. 2.)

Thus, dismissal of this action under Rule 12(b)(1) is appropriate.

## II.  Law and Analysis

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made motion:  (1) lack of jurisdiction over the subject matter. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900 (5th Cir. 1997), citing, *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

**A. The Court Does Not Possess Jurisdiction To Entertain CRPCCI's Government Contract Claims, But May Transfer To The Court Of Federal Claims One Of Those Claims: The Challenge To The Government's Payment Demands**

The Court does not possess jurisdiction to entertain CRPCCI's Government contract claims, but may transfer to the United States Court of Federal Claims CRPCCI's challenge to the Government's payment demands.  In its "Cause Of Action Number One," CRPCCI seeks a declaratory judgment that it is entitled to an equitable adjustment of the contract time and the contract price of the Dwyer and Cousins contracts.  Compl. at 13-14 ¶¶ 47-53.  In its "Cause Of Action Number Two," CRPCCI seeks an equitable adjustment of the contract time and the contract price of the Dwyer and Cousins contracts, as well as damages for alleged Government breaches of those contracts.  Compl. at 15 ¶ 55.  In addition, in paragraph 38 of its complaint, CRPCCI disputes the merits of the Government's demand upon CRPCCI for $1,940,218.62 and $399,890.91 in connection with the Dwyer and Cousins contracts.  Compl. at 10 ¶ 38.

The Court, however, does not possess jurisdiction to entertain those claims.  CRPCCI invokes the Contract Disputes Act of 1978 ("CDA") as a source of this Court's jurisdiction to entertain this action.  Compl. at 2 ¶ 3.  Pursuant to the CDA, a district court does not possess jurisdiction to entertain Government contract claims.  *See McDonnell Douglas Corp. v. United States*, 754 F.2d 365, 370 (Fed. 1985).  Only a contracting officer, the Boards of Contract Appeals, the Court of Federal Claims, and the United States Court of Appeals for the Federal Circuit possess jurisdiction to entertain such claims.  Id.  Because CRPCCI's first two causes of action and its challenge to the Government's payment demands are Government contract claims asserted pursuant to the CDA, the Court does not possess jurisdiction to entertain those claims.

Moreover, the Court should not transfer Cause Of Action Number One or Cause Of Action Number Two to the Court of Federal Claims. Whenever a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action to any other such court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. However, jurisdiction to entertain a CDA claim is lacking unless the contractor's claim is first presented to the contracting officer. *See England v. The Swanson Group, Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004).

CRPCCI does not allege that it submitted to the contracting officer for decision any claim for equitable adjustment of the time and price of the Dwyer or Cousins contracts, or any claim for breach damages. Although it alleges that, on July 13, 2006, it put the Government "on administrative notice" of a claim that "damaged equipment fell under the scope of the 'Damages to Work' clause" (Compl. at 2 ¶ 34), that "claim," which in any case relates only to the Dwyer contract, does not seek an equitable adjustment or breach damages. (Gvmt Ex. 3, Letter dated July 13, 2006 from CRPCCI to Alan Hunter, Corps of Engineers.) Because CRPCCI has not submitted to the contracting officer any claim for equitable adjustment or breach damages, the Court of Federal Claims would not possess jurisdiction to entertain CRPCCI's request for equitable adjustments or breach damages, or its request for a judgment declaring that it is entitled to equitable adjustments. Because the Court of Federal Claims would not possess jurisdiction to entertain CRPCCI's claims, the Court should not transfer those claims, but should dismiss Cause Of Action Number One and Cause Of Action Number Two for lack of jurisdiction.

The Court, however, may, pursuant to 28 U.S.C. § 1631, transfer to the Court of Federal Claims the challenge to the Government's payment demand that CRPCCI asserts in paragraph 38

of its complaint. The Court of Federal Claims possesses jurisdiction to entertain that challenge because no additional action upon the part of a contractor is necessary to perfect such a claim. *Ralcon, Inc. v. United States*, 12 Cl. Ct. 773, 775 (1987). Moreover, section § 1631 allows for the transfer of less than all of the claims in this action to the Court of Federal Claims. *United States v. County of Cook, Ill.*, 170 F.3d 1084, 1089 (Fed. Cir. 1999).

Finally, in the event that the Court determines that it possesses jurisdiction to entertain CRPCCI's "Cause Of Action Number Three," the pendency in this Court of that cause of action would not preclude the Court of Federal Claims from entertaining the claim set forth in paragraph 38. The Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff has pending in any other court any suit against the United States. 28 U.S.C. § 1500. However, Cause Of Action Number Three and the claim set forth in paragraph 38 are not the same claims: Cause Of Action Number Three seeks damages allegedly arising from the Government's alleged negligence with respect to the hurricane protection system surrounding the Parish of Orleans. Compl. at 15-16 ¶¶ 58-61. Paragraph 38 of the complaint, however, disputes the merits of the Government's payment demands, without reference to the hurricane protection system. Compl. at 10 ¶ 38.

### B. The Court Does Not Possess Jurisdiction To Entertain CRPCCI's FTCA or AEA Claims.

The subject matter jurisdiction of this Court and tort liability of the United States in this case rests entirely upon the waiver of sovereign immunity under the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680. The terms of this waiver, the FTCA, define the parameters of a federal court's jurisdiction to entertain suits brought against it. *United States v. Mitchell*, 463 U.S. 206,

212 (1983); *United States v. Kubrick*, 444 U.S. 111, 117-118, 100 S.Ct. 352, 357 (1979); *FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996 (1994)**.**  The Supreme Court has scrupulously honored the limited nature of the waiver of sovereign immunity and frequently cautioned that the FTCA must be strictly construed. *Smith v. United States,* 507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993).

In this case, because the plaintiffs failed to comply with a certain provision of the FTCA, the Court is without subject matter jurisdiction over this action.  Specifically, the plaintiffs failed to comply with the requirements of  28 U.S.C. § 2675(a).  This statutory requirement provides as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.**  (Emphasis supplied).

Congress instituted the presentation requirement "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Adams v. United States*, 615 F.2d 284, 288 (5th Cir.), clarified, 622 F.2d 197 (5th Cir.1980), quoting, S.REP. NO. 1327, 89th Cong., 2d Sess. 6 (1966), reprinted  in 1966 USCCAN. 2515, 2516; *see also, Frantz v. United States*, 29 F.3d 222, 224 (5th Cir.1994).

Courts lack subject matter jurisdiction and must dismiss FTCA actions that are instituted

before the administrative remedies are exhausted under § 2675(a).  See *Flory v. United States*, 138 F.3d 157, 158 (5th Cir. 1998).  If the agency fails to dispose of the claim within six months of filing, the claimant has the option, any time thereafter, to deem a final denial of the claim for purposes of § 2675(a).  In *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the Supreme Court held that an action filed prior to the expiration of the six-month waiting period cannot become timely by the passage of time after the complaint is filed.  This requirement is jurisdictional, and may not be waived.  *Id.*

     The United States of America must be dismissed without prejudice, because the plaintiffs have failed to comply with the requirements of the FTCA resulting in this Court's lack of subject matter jurisdiction as the United States has not waived sovereign immunity for this claim. Plaintiff's own reference to R. Doc. 6937 supports the argument of the United States in this motion to dismiss.  Specifically, paragraph (a) notes that any plaintiff in any referenced case may amend their complaint to assert causes of action against the United States or an agency thereof pursuant to the FTCA and/or Suit in Admiralty Act and/or the Admiralty Extension Act.

     The instant case is not one of the ten referenced cases.   Further, the United States and/or an agency thereof was not added as a party.  Clearly, despite the fact that six (6) months had not elapsed since the filing of the administrative claim, CRPCCI filed the instant action in federal court in clear violation of the FTCA.  As a result, the claims of CRPCCI made pursuant to the FTCA and the AEA should be dismissed without prejudice under Rule 12(b)(1) due to this court's lack of subject matter jurisdiction, because this action was filed prematurely.

        Respectfully submitted,

        DONALD W. WASHINGTON
        United States Attorney


By:    <u>s/JENNIFER B. DRAGO</u>
        JENNIFER B. DRAGO (23633)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, Louisiana  70501
        Telephone:   (337) 262-6897
        Fax:           (337) 262-6693