UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * * | and consolidated cases |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*            05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*         06-5342 | * | JUDGE |
| *Perry v. Ingram*               06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*            06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * | MAG. |
| *Lafarge v. USA*                 07-5178 | * * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENLARGEMENT OF BARGE CLASS CERTIFICATION DEADLINES**

MAY IT PLEASE THE COURT:

When undersigned counsel wrote in Group A's Unilateral FRCP 26(f) Submission (In Re Ingram Barge, etc., 05-4419) that "no impediment exists to class certification at this time," a set of operative circumstances were in effect that differ vastly from those currently at work.  At the time, no parties had any foresight whatsoever that the suits now referred to as BARGE were to be de-consolidated, transferred, and consolidated into the Katrina Canal Breach Consolidated Litigation, which has been progressing according to a schedule til now without effect on Group A.  Rather, all parties to the Ingram limitation action anticipated continuation of the linear processes and phasing that had governed this litigation in Section C virtually from its inception.  Anticipated was a phase or sub-phase for class certification included in the Section C continuum.  Although there are presently no legal or factual impediments to class certification, there are serious logistical

impediments.

Judge Berrigan's and Magistrate Wilkinson's Phase II Scheduling Order in the limitation action assigns a November 26, 2007 trial date of the questions whether Ingram, Domino and Unique were negligent, or their vessels unseaworthy, and if so, whether this caused ING 4727 to break away from its moorings. According to the scheduling order, this trial is preceded by written discovery, fact and expert depositions, and motions practice, in addition to all of the other customary pre-trial pleadings and submissions. All of these activities are currently underway, and will dominate the remainder of September, October and November 2007. Many of these depositions require air travel, some with overnight stays. Anticipated motions include those arising out of discovery disputes, motions for summary judgment and various evidentiary motions. Intense preparation is required for expert depositions and for the November 26, 2007 trial. All of these activities, already scheduled before transfer and consolidation here, mandate a great deal of counsel's time and attention, and do compromise the ability to do all things necessary and pertinent to a contemporaneous class certification motion deadline. Illustrative of the problem is that the next regularly available date for hearing this motion coincides with the October 10, 2007 11:00 a.m. deposition of Domino and Unique's Phase II limitation expert in *In Re Ingram Barge*, etc. (05-4419) Notwithstanding the Court's position that Phase II of the limitation is relatively uncomplicated, undersigned approach their obligations with no less dedication and commitment to thorough preparation and advocacy. At the same time, undersigned are nonetheless eager to confirm their role on behalf of the putative BARGE class, in light of having exclusively done virtually every act in furtherance of the case against the BARGE defendants. These activities over the past two years are further elaborated in undersigned's motion for BARGE PSLC and liason counsel appointment pending before this Court.

However, much is to be done in preparation for class certification. Undersigned intend to seek leave to file an additional supplemental and amending complaint.[1] Undersigned must necessarily also schedule and conduct class representative interviews, conduct depositions, perform expert-related activities relative to class definitions, perform necessary research, prepare numerous exhibits and proof, draft the required pleadings, and undertake numerous other activities relevant to and customary for class certification. Undersigned contemplate exhaustive factual and expert discovery, and much contention over class definitions and certification. Undersigned anticipate a clear showing of class status easily receptive of the Court's cognizance and approval. But be this as it may, undersigned must still meet and counter much anticipated resistance and competition. Undersigned take the class certification process and their attandant obligations no less seriously in light of only seven BARGE cases having been joined.

Undersigned have in fact begun steps toward class certification. However, though undersigned stand ready and are eager to define and represent the BARGE plaintiff class, given Group A counsel's preexisting obligations in *In Re Ingram Barge Company*, and the daily demands associated with upcoming trial in that matter, it is respectfully suggested that more time is needed to perform class certification to the best degree possible. Undersigned are naturally and abundantly concerned about the integrity of this Court's schedule, and about the implications of the MRGO plaintiffs' upcoming certification hearing in which that subgroup will seek to define a class that encroaches upon the members and geography of the putative BARGE class.[2] Undersigned urges

---

[1] CMO No. 5 relieves BARGE plaintiffs from the obligation of a master complaint, though plaintiffs' intention is to nonetheless clarify the class allegations to aid class certification proceedings.

[2] Expert opinion concludes that water from the eastern Industrial Canal floodwall breaches extended from the MRGO to the Mississippi River levee, and from the floodwall itself to Paris Road. This area includes about 90, 000 persons according to year 2000 U. S. Census data. The

the Court's indulgence in attempting to harmonize these scheduling and class definition concerns. Undersigned are mindful of the great task the Court faces in scheduling these consolidated proceedings. It is not undersigned's intention to disrupt the Court's schedule, but it is legally and morally incumbent upon the undersigned to afford the best opportunity to the BARGE plaintiffs - whose undersigned attorneys were not privy to their impending involvement in the Katrina Canal Breach matter. Undersigned's best efforts are enhanced by more time, such as would alleviate tension between the two separate fronts on which undersigned now find themselves engaged.

Movers pray for certification deadlines to begin at a later time, taking into consideration undersigned's simultaneous obligations here and in Section C, as well as Judge Berrigan's intentions and expectations in the limitation actions now underway versus the known class certification requirements. Undersigned do not presume to appreciate all considerations weighed by the Court in scheduling, and therefore, do not propose specific dates. Undersigned are nonetheless prepared to collaborate with the Court and counsel to this end. Undersigned respectfully request a status/scheduling conference, and are contemporaneously filing a motion for same, for the purpose of addressing the matters raised herein.

                                                Respectfully Submitted by
                                                Counsel for Group A,

                                                **WIEDEMANN & WIEDEMANN**

                                                \s\Lawrence D. Wiedemann_____
                                                LAWRENCE D. WIEDEMANN, (13457)
                                                KARL WIEDEMANN, (18502)
                                                KAREN WIEDEMANN, (21151)
                                                821 Baronne Street

---

MRGO group seeks to encompass a geographically larger class of persons including this same area, although the water in this area did not come from the MRGO. Undersigned will offer all expert opinion and other proof in connection with BARGE class certification, demonstrating the source and reach of the barge-related floodwater from the IHNC.

New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

And

\s\Patrick J. Sanders
PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 25 day of September, 2007.

\s\Brian A. Gilbert