UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES   CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182 "K"(2)

PERTAINS TO: INSURANCE, <u>Xavier</u>, 06-516   JUDGE DUVAL
MAG. WILKINSON

### ORDER AND REASONS ON MOTIONS

Pending before me are (1) defendant Travelers Property Casualty Company of America's motion for reconsideration of this court's prior order, Record Doc. No. 6428, denying in part defendant's motion to compel discovery, Record Doc. No. 6667, and (2) plaintiff Xavier University of Louisiana's Motion to Quash subpoenas duces tecum issued to non-parties Landis Construction Company and FoxCor, Inc. Record Doc. No. 6401. Written opposition memoranda were filed as to both motions. Record Doc. Nos. 6771, 6773. Both parties moved for and received leave to file supplemental memoranda. Record Doc. Nos. 6843, 6845, 6851, 6931, 6938, 6985, 7021, 7037.

A.   Defendant's Motion for Reconsideration

Xavier argues that defendant's motion, which was filed within ten days of entry of the court's order, should be treated as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. <u>United States v. 16,540 in U.S. Currency</u>, 273 F.3d 1094, 2001 WL



1085106, at *2 (5th Cir. 2001); St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). In its supplemental memorandum, Travelers argues that such a stringent standard does not apply to interlocutory discovery rulings.

Rule 59 does not specify the permissible grounds for granting a motion to amend or alter the judgment, but the case law holds that a Rule 59(e) motion may be granted in four circumstances: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." Restivo v. Hanger Prosthetics & Orthotics, Inc., No. 06-32, 2007 WL 1341506, at *1 (E.D. La. May 4, 2007) (Duval, J.) (citation omitted); accord Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 n.16 (5th Cir. 1993). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (quotation omitted).

Travelers' motion does not address the Rule 59(e) standard and, for the most part, rehashes already rejected arguments. However, after the motion and opposition memorandum were filed, the Fifth Circuit overturned the presiding district judge's ruling that the flood exclusion provision of Travelers' policy was ambiguous and that the policy could afford coverage to Xavier for damages caused by inundation from negligently caused levee breaches, as opposed to "natural" flooding. In Re Katrina Canal Breaches

2

Litig., No. 07-30119, 2007 WL 2200004, at *25 (5th Cir. Aug. 2, 2007). As Travelers notes in its supplemental memorandum filed after that decision, if Rule 59(e) applies, this is an intervening change in controlling law. I agree that my previous ruling should be reconsidered in light of the Fifth Circuit's decision.

Travelers asks that I reconsider my previous denial of its motion to compel Xavier to respond to Interrogatories Nos. 17 and 18 and Requests for Production Nos. 8, 9 and 16 through 25. These requests sought information concerning any post-Katrina grants, donations or other non-insurance sources of funding that Xavier received. I held that such funds were irrelevant to Travelers' obligations under its contract of insurance with Xavier. I rejected defendant's argument that plaintiff's characterization of the causes of its losses in its applications for other funding sources is relevant to the claims and defenses in this action. I explained that Xavier's claim was that Travelers owes it indemnity under the policy for all of its damages, not just damages caused by wind. Judge Duval had denied defendant's motion to dismiss plaintiff's claim for damages caused by inundation and plaintiff's claim for all damages remained in this case, at least until the Fifth Circuit ruled. Thus, I found that Xavier's characterization of its damages when applying for other funds was irrelevant.

The Fifth Circuit has now held that Xavier's policy unambiguously excludes damage caused by flood waters, regardless of the cause of the flooding. In Re Katrina

3

Canal Breaches Litig., 2007 WL 2200004, at *25. Therefore, part of my rationale for deciding the motions previously is no longer applicable and reconsideration is necessary.

As an initial matter, in light of the Fifth Circuit's decision, I find that some reasonably producible information that distinguishes between damage caused by flood and damage caused by other events that may be covered by the Travelers policy is now relevant. Nevertheless, the subject discovery responses remain subject to all other applicable legal standards and requirements concerning discovery requests and responses. Accordingly, Travelers' motion for reconsideration is GRANTED IN PART AND DENIED IN PART as follows.

Defendant's motion is denied as to Interrogatories Nos. 17 and 18, which are entirely too broad and unfocused and extend to "every grant or other donation" and every grant, donation or other source of any kind (conceivably, funds from loans, Xavier's endowment, benefit concerts or bake sales) that may have been used to fund hurricane repairs. Much of this remains irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the bounds of discovery imposed by Fed. R. Civ. P. 26(b)(2).

Travelers' motion is denied as to Request for Production No. 8, which is overly broad, unlimited in time, not limited to Katrina-related damage and duplicative of other requests.

4

Defendant's motion is granted in part as to Requests for Production Nos. 9 and 16 through 25, with the proviso that these requests are limited to grants or other funds from governmental or quasi-governmental agencies, such as FEMA, HUD, the Small Business Administration, the Department of Education or the Louisiana Recovery Authority, <u>not</u> private or charitable gifts or donations, that were specifically targeted, either by Xavier or the granting party, at hurricane-related property damage. The requested documents are reasonably calculated to lead to the discovery of admissible evidence, as they may reveal how Xavier characterized its losses in its applications for the specific grants or donations identified in these requests. Even as to those materials described by Xavier in the affidavit attached to its surreply memorandum, which do not characterize the loss, such information still may provide admissible evidence concerning the extent of Xavier's damage claim.

In all other respects, the motion is denied as to these requests. Xavier must supplement its responses to these requests and make all responsive documents available within 20 days of entry of this order.

B.   <u>Xavier's Motion to Quash</u>

Xavier's motion to quash the subpoenas duces tecum served by Travelers on Landis and FoxCor is GRANTED IN PART AND DENIED IN PART, as follows.

5

The motion is granted in part and denied in part as to documents "relating to any capital improvements made to any building at Xavier University of Louisiana during 18 months preceding Hurricane Katrina." Subpoenas duces tecum Request No. 11. Xavier argues in its supplemental memorandum that the pre-Katrina condition of any hurricane-damaged building is not relevant because the Travelers policy provides for "replacement cost" coverage, regardless of the property's age and condition and without consideration of depreciation or actual cash value. I find that a request for information concerning a building's condition is reasonably calculated to lead to the discovery of admissible information, even if the information itself may not be admissible at trial. To determine replacement value of a building, the parties must know the nature of the building to be replaced. Accordingly, FoxCor and Landis must respond to this request, limited to documents regarding capital improvements to any building as to which Xavier is claiming hurricane damage other than (or in addition to) flooding.

The motion is granted and the subpoenas are quashed as to Request No. 12 regarding pre-Katrina plans for capital improvements "that were planned or potentially planned for a period after Hurricane Katrina." Xavier's plans for future capital improvements are irrelevant to Travelers' obligation to pay for damages to existing buildings.

6

Xavier acknowledges in its reply memorandum that the court's prior ruling as to documents relating to plaintiff's flood policy and proceeds received thereunder also governs the subpoenas. Accordingly, Xavier's motion to quash is denied as to these documents.

The motion to quash is denied as to documents related to any claim made to FEMA. Under the Fifth Circuit's ruling, Travelers will not be liable for flood damage, and the court will have to determine whether the recovery Xavier seeks is based on non-flood damage. For the same reasons discussed above, documents submitted to FEMA are reasonably calculated to lead to admissible evidence and discoverable.

Counsel for Xavier must provide a copy of this order to Landis and FoxCor and instruct them to respond to the subpoena duces tecum, as ordered herein, within 20 days of entry of this order.

New Orleans, Louisiana, this 28th day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

7