UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| PERTAINS TO: INSURANCE | * * * | JUDGE DUVAL |
| No. 06-7660 | * * | MAGISTRATE WILKINSON |

## FEDERAL'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

Defendant, Federal Insurance Company ("Federal") (on behalf of itself and the erroneously named Chubb Group of Insurance Companies, a non-entity, incapable of being sued) who herein incorporates by reference all responses asserted in its original Answer (rec. doc. 6), and further responds to Plaintiff's First Supplemental and Amending Complaint as follows:

13A.

Federal admits that plaintiffs' residence suffered damages on August 29, 2005, but denies that all such damages are covered under the policy. Further answering, Federal states that it tendered payment to plaintiffs for all covered damages but plaintiffs refused such tender.

93532

To the extent that paragraph 13A contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13A.

13B.

Federal states that the Federal policy contains the best evidence of its contents and coverages and denies any allegation inconsistent with those contents and coverages. To the extent that paragraph 13B contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13B.

13C.

Federal denies any allegations as to the pre-Katrina value of plaintiffs' residence for lack of sufficient information to justify a belief therein. To the extent that paragraph 13C contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13C.

## **AFFIRMATIVE DEFENSES**

Federal raises the following additional affirmative defenses raised by the allegations in Plaintiffs' First Supplemental and Amending Complaint.

11.

To the extent that plaintiffs received flood damage proceeds under their flood insurance policy, plaintiffs are barred from recovering a second time for such damages under the doctrines of offset, assumption of obligations, performance, and compromise.

12.

Plaintiffs' flood damages are excluded under the Federal policy as a matter of law. *In re Katrina Canal Breaches Litigation*, __ F. 3d __, 2007 WL 2200004 (5th Cir. Aug. 2, 2007).

13.

Any Valued Policy Claim by plaintiffs is barred as a matter of law because plaintiffs did not suffer a total loss caused by a peril covered under the Federal policy. *Chauvin v. State Farm Fire & Casualty Co. et al.*, __ F.3d __, 2007 WL 2230724 (5th Cir. Aug. 6, 2007).

14.

Plaintiffs' failure to provide information is a breach of their contractual duty to assist Federal in the adjustment process, which requires that plaintiffs provide Federal with all available information about their loss on a timely basis. Plaintiffs have not provided Federal with such information, and such breach of their contract completely precludes plaintiffs from recovering under the policy.

15.

Plaintiffs' failure to display their alleged damages is a breach of their contractual duty to assist Federal in the adjustment process, which requires that plaintiffs show Federal the damaged property when Federal asks. Plaintiffs prevented Federal from inspecting the second floor of the structure, informing the engineer there was no damage to it and locking the doors, thereby preventing access during the January 26, 2006 inspection, and such breach of their contract precludes plaintiffs from recovering under the policy for any such alleged damage.

93532

16.

Plaintiffs' failure to mitigate damages is a breach of their contractual duty after a loss, which requires that plaintiffs protect their property from further damage. Plaintiffs have not provided Federal with any information regarding repairs to damage for which Federal tendered payment to plaintiffs' for all covered damages, which tender plaintiffs refused, and such breach of their contract precludes plaintiffs from recovering under the policy.

WHEREFORE, defendant, Federal Insurance Company (on behalf of itself and the erroneously named Chubb Group of Insurance Companies, a non-entity, incapable of being sued) respectfully prays that its Amended Answer be deemed good and sufficient and that after due proceedings be had, plaintiffs' complaint be dismissed, with prejudice and defendant awarded all general and equitable relief to which it is entitled.

Respectfully Submitted,

/s/Steven W. Usdin
Steven W. Usdin, 12986
John W. Joyce, 27525
    Of
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorneys for Federal Insurance Company*

93532

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Federal's Amended Answer and Affirmative Defenses to First Supplemental and Amending Complaint was electronically filed this 25th day of September, 2007. This Court will send electronic noticing to all parties. There are no manual recipients.

/s/Steven W. Usdin

93532