# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>PERTAINS TO:<br>INSURANCE (Hartley, No. 07-5458)<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K"(5)<br>JUDGE DUVAL<br>MAG. WILKINSON |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Lexington Insurance Company ("Lexington"), through undersigned counsel, and responds to the Petition for Damages/Complaint of plaintiffs, Wyatt Hartley and Daelyn Hartley, as follows:

### FIRST DEFENSE

Plaintiffs' Petition for Damages/Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Lexington denies every allegation of the plaintiffs' Petition for Damages except those

1

admitted or modified. Further, responding to the plaintiffs' allegations, Lexington avers as follows:

I.

The allegations of Paragraph I of the Petition for Damages/Complaint are denied as written. Lexington is a surplus lines insurer, not authorized to do business in Louisiana. Lexington admits that it is a Delaware Corporation with its primary place of business in Massachusetts. Lexington further admits that it issued policy no. LE 6754929 01, a copy of which is attached hereto as Exhibit "A," to Daelyn and Wyatt Hartley, which policy is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein *in extenso*. The remaining allegations of paragraph I of the Petition for Damages/Complaint are denied for lack of sufficient information to form a belief therein.

II.

The allegations of paragraph II of the Petition for Damages/Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of paragraph III of the Petition for Damages/Complaint are denied.

IV.

In response to the allegations of paragraph IV of plaintiffs' Petition for Damages/Complaint, Lexington admits that plaintiffs have made a claim under the Lexington policy and that the claim number for plaintiff's claim is 198024. The remaining allegations of paragraph IV of the Petition for Damages/Complaint are denied.

V.

The allegations of paragraph V of the Petition for Damages/Complaint are denied.

VI.

The allegations of paragraph VI of the Petition for Damages/Complaint are denied.

VII.

The allegations of paragraph VII of the Petition for Damages/Complaint are denied.

VIII

In response to the allegations of paragraph VIII of plaintiffs' Petition for Damages/Complaint, Lexington admits that it has not tendered "policy limits" to plaintiffs. The remaining allegations of paragraph VIII of the Petition for Damages/Complaint are denied.

IX.

The allegations of paragraph IX of the Petition for Damages/Complaint are denied.

X.

The allegations of paragraph X of the Petition for Damages/Complaint are denied.

**THIRD DEFENSE**

Lexington pleads the terms, conditions, provisions, exclusions, and limitations of the Lexington Policy, Exhibit A, as if copied *in extenso*.

**FOURTH DEFENSE**

Plaintiffs' damages are excluded from coverage, in whole or in part, under the Lexington Policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I - EXCLUSIONS**

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
\*\*\*

      **c.**    **Water Damage**, meaning:
- (1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
- (2) Water which backs up through sewers or drains or which overflows from a sump; or
- (3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

Direct loss by fire, explosion or theft resulting from water damage is covered.

The policy further provides:

**IMPORTANT FLOOD INSURANCE NOTICE**

Your homeowners or dwelling policy does NOT provide coverage for loss caused by flood or mudslide, which is defined, in part, by the National Flood Insurance Program as:

    A general and temporary condition of partial or complete innundation of normally dry land areas from overflow of inland or tidal waters or from the unusual and rapid accumulation or runoff of surface waters from any source.

If you are required by your mortgage lender to have flood insurance on your property, or if you feel that your property is susceptible to flood damage, insurance covering damage from flood is available on most buildings and contents in participating communities through the National Flood Insurance Program.

Information about flood insurance and whether your community participates in the program can be obtained from your insurance company from your insurance agent/broker, or directly from the National Flood Insurance Program by calling 1-800-638-6620.

If you purchase the maximum limits available through the National Flood Insurance Program, and require additional limits, contact your agent/broker for information regarding the Lexington Insurance Company's Excess Flood Program.

### FIFTH DEFENSE

Plaintiffs' claims for damages are premature and/or excluded from coverage, in whole or in part, under the Lexington Policy which provides:

**HOMEOWNERS 3 SPECIAL FORM**

**SECTION I - CONDITIONS**

3. **Loss Settlement.** Covered property losses are settled as follows:
   a. Property of the following types:
      (1) Personal Property;
      (2) Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and
      (3) Structures that are not buildings;
      At actual cash value at the time of loss but not more than the amount required to repair or replace.
   b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
      (1) If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
         (a) The limit of liability under this policy that applies to the building;
         (b) The replacement cost of that part of the building damaged for like construction and use on the same premises; or
         (c) The necessary amount actually spent to repair or replace the damaged building.
      (2) If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:
         (a) The actual cash value of that part of the building damaged; or
         (b) That portion of the cost to repair or replace, after application of deductible and without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.
      (3) To determine the amount of insurance required to equal 80%

of the full replacement cost of the building immediately before the loss, do not include the value of:
 (a) Excavations, foundations, piers or any supports which are below the undersurface of the lowest basement floor;
 (b) Those supports in (a) above which are below the surface of the ground inside the foundation walls, if there is no basement; and
 (c) Underground flues, pipes, wiring and drains.

(4) We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of **b.(1)** and **b.(2)** above.

However, if the cost to repair or replace the damage is both:
 (a) Less than 5% of the amount of insurance in this policy on the building; and
 (b) Less than $2500;
we will settle the loss according to the provisions of **b.(1)** and **b.(2)** above whether or not actual repair or replacement is complete.

(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of this Condition 3. Loss Settlement.

### **SIXTH DEFENSE**

Plaintiffs' claims for damages are premature and/or excluded from coverage, in whole or in part, under the Lexington Policy which provides:

### **PERSONAL PROPERTY REPLACEMENT COST**

### **SECTION I**

For an additional premium, covered losses to the following property are settled at replacement cost at the time of loss:
 a. Coverage C - Personal Property;
 b. If covered in this policy, awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings.

Personal Property Replacement Cost coverage will also apply to the following

6

articles or classes of property if they are separately described and specifically insured in this policy:

    a.    Jewelry;
    b.    Furs and garments, trimmed with fur or consisting principally of fur;
    c.    Cameras, projection machines, films and related articles of equipment;
    d.    Musical equipment and related articles of equipment;
    e.    Silverware, silver-plated ware, goldware, goldplated ware and pewterware, but excluding pens, pencils, flasks, smoking implements or jewelry; and
    f.    Golfer's equipment meaning golf clubs, golf clothing and golf equipment.

Personal Property Replacement Cost coverage will not apply to other classes of property separately described and specifically insured.

**1.    PROPERTY NOT ELIGIBLE**

Property listed below is not eligible for replacement cost settlement. Any loss will be settled at actual cash value at the time of loss but not more than the amount required to repair or replace.

    a.    Antiques, fine arts, paintings and similar articles of rarity or antiquity which cannot be replaced.
    b.    Memorabilia, souvenirs, collectors items and similar articles whose age or history contribute to their value.
    c.    Articles not maintained in good or workable condition.
    d.    Articles that are outdated or obsolete and are stored or not being used.

**2.    REPLACEMENT COST**

The following loss settlement procedure applies to all property insured under this endorsement:

    a.    We will pay no more than the least of the following amounts:
        (1)    Replacement cost at the time of loss without deduction for depreciation;
        (2)    The full cost of repair at the time of loss;
        (3)    The limit of liability that applies to Coverage C, if applicable;
        (4)    Any applicable special limits of liability stated in this policy; or
        (5)    For loss to any item separately described and specifically insured in this policy, the limit of liability that applies to the item.
    b.    When the replacement cost for the entire loss under this endorsement is more than $500, we will pay no more than the actual cash value for

   the loss or damage until the actual repair or replacement is complete.
- c.  You may make a claim for loss on an actual cash value basis and then make claim within 180 days after the loss for any additional liability in accordance with this endorsement.

All other provisions of this policy apply.

## SEVENTH DEFENSE:

Plaintiffs' claims for damages are premature and/or excluded from coverage, in whole or in part, under the Lexington Policy which provides:

**HOMEOWNERS 3 SPECIAL FORM**

**COVERAGE D - Loss Of Use**
The limit of liability for Coverage D is the total limit for all the coverages that follow.
1.  If a loss covered under this Section makes that part of the "residence premises" where you reside not fit to live in, we cover, at your choice, either of the following. However, if the "residence premises" is not your principal place of residence, we will not provide the option under paragraph **b.** below.
   - a.  **Additional Living Expense**, meaning any necessary increase in living expenses incurred b y you so that your household can maintain its normal standard of living; or
   - b.  **Fair Rental Value**, meaning the fair rental value of that part of the "residence premises" where you reside less any expenses that do not continue while the premises is not fit to live in.

 Payment under **a.** or **b.** will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

## EIGHTH DEFENSE

Plaintiffs' damages are excluded from coverage, in whole or in part, under the Lexington Policy for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**

**SECTION I - EXCLUSIONS**

2.  We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

8

    a.    **Weather conditions.** However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph **1.** above to produce the loss;

    b.    **Acts or decisions,** including the failure to act or decide of any person, group, organization, or governmental body;

    c.    **Faulty, inadequate or defective:**
        (1)    Planning, zoning, development, surveying, siting;
        (2)    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        (3)    Materials used in repair, construction, renovation or remodeling; or
        (4)    Maintenance;

of part or all of any property whether on or off the "residence premises."

## NINTH DEFENSE

Plaintiffs' claims for damages are excluded from coverage, in whole or in part, under the Lexington Policy which provides:

**HOMEOWNERS 3 SPECIAL FORM**

**SECTION I - PROPERTY COVERAGES**

**ADDITIONAL COVERAGES**

2.    **Reasonable Repairs.** In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to the damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against. This coverage:

    a.    Does not increase the limit of liability that applies to the covered property;
    b.    Does not relieve you of your duties, in case of a loss to covered property, as set forth in SECTION I - CONDITION **2.d.**

The policy further provides:

**SECTION I - CONDITIONS**

2.    **Your Duties After Loss.** In case of a loss to covered property, you must see

9

that the following are done:
\*\*\*

**d.**   Protect the property from further damage. If repairs to the property are required, you must:
**(1)**   Make reasonable and necessary repairs to protect the property; and
**(2)**   Keep an accurate record of repair expenses;

## TENTH DEFENSE

Plaintiffs' claims for damages are limited, in whole or in part, under the Lexington Policy which provides:

**LIMITED MOLD RELATED COVERAGE**

**SECTION I - PROPERTY COVERAGES**

**ADDITIONAL COVERAGES**

The following Additional Coverage is added:
**12.**   **"Mold Related Items"**
   **a.**   The amount shown in the Schedule above is the most we will pay for:
      **(1)**   The total of all loss payable under Section I - Property Coverages caused by "mold related items"
      **(2)**   The cost to remove "mold related items" from property covered under Section I - Property Coverages;
      **(3)**   The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "mold related items"; and
      **(4)**   The cost of testing or air or property to confirm the absence, presence or level of "mold related items" whether performed prior to, during or after removal, repair, restoration or replacement. The cost of such testing will be provided only to the extent that there is a reason to believe that there is the presence of "mold related items".
   **b.**   The coverage described in **12.a.** only applies when such loss or costs are a result of a Peril Insured Against that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at and after the time the Peril Insured Against occurred.
   **c.**   The amount shown in the Schedule for this coverage is the most we will pay for the total of all loss or costs payable under this Additional Coverage regardless of the:
      **(1)**   Number of locations insured under this endorsement; or

        **(2)** Number of claims made.

  **d.** If there is covered loss or damage to covered property, not caused, in whole or in part, by "mold related items", loss payment will not be limited by the terms of this Additional Coverage, except to the extent that "mold related items" causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Endorsement.

    This coverage does not increase the limit of liability applying to the damaged covered property.

The policy further provides:

**LIMITED MOLD RELATED COVERAGE**

**SECTION I - EXCLUSIONS**

Exclusion **1.i.** is added.
  **i.** **"Mold Related Items"**
    "Mold Related Items" including the presence, growth, proliferation, spread or any activity of "mold related items".
    This Exclusion does not apply:
    (1) When "Mold Related Items" results from fire or lightning; or
    (2) To the extent coverage is provided for in the "Mold Related Items" Additional Coverage under Section I - Property Coverages with respect to loss caused by a Peril Insured Against other than fire and lightning.
  Direct loss by a Peril Insured Against resulting from "Mold Related Items" is covered.

## ELEVENTH DEFENSE

Lexington avers that it has made timely unconditional tenders of all amounts owed for storm damage, and denies that it acted in a manner considered arbitrary, capricious and/or without probable cause.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the plaintiffs failed to mitigate, minimize or avoid damages and losses alleged in the Petition for Damages/Complaint.

11

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the plaintiffs have already been compensated for their alleged loss.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the plaintiffs have already been compensated for their alleged loss through payment of their claims.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction to the extent plaintiffs consented to resolve a disputed claim through the tendering of a sum for their claims less than that claimed.

## SIXTEENTH DEFENSE

Without admitting application of the referenced statutory provisions to it, Defendant alleges that at all times it acted in good faith and in compliance with Louisiana law, including La. R.S. 22:658 and 22:1220.

## SEVENTEENTH DEFENSE

Without admitting application of the referenced statutory provisions to it, Defendant alleges that the plaintiffs' claims are barred, either in whole or in part, to the extent they failed to submit satisfactory proof of loss pursuant to La. R.S. 22:658 and La. R.S. 22:1220 or otherwise comply with, trigger or facilitate the statutory provisions.

## EIGHTEENTH DEFENSE

Defendant reserves its rights to amend and/or supplement its answer to assert further affirmative defenses not included in this pleading.

WHEREFORE, Defendant, Lexington Insurance Company, prays that this Answer to the Petition for Damages of plaintiffs be deemed good and sufficient and that, after due proceedings are had, that there be judgment rendered herein, dismissing plaintiffs' suit at their cost; and for all general and equitable relief.

Respectfully Submitted,

/s/ Margaret L. Sunkel
JOHN E. W. BAAY II, T.A. (#22928)
ROBERT I. SIEGEL (#12063)
MARGARET L. SUNKEL(#25888)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 25th day of September, 2007 served a copy of the foregoing **Answer and Affirmative Defenses** on the following counsel of record:

J. Douglas Sunseri
Edward C. Vocke, IV
NICAUD, SUNSERI & FRADELLA, L.L.C.
A Group of Professional Law Corporations
3000 18th Street
Metairie, Louisiana 70002
*Counsel for Plaintiffs*

electronically or by mailing the same by United States mail, properly addressed, and first class postage paid.

/s/ Margaret L. Sunkel

13