UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO.  05-4182 "K"(2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |
| PERTAINS TO:  ROAD HOME<br>*Louisiana State*  C.A. No. 07-5528 | §<br>§ | |

## STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO CHUBB CUSTOM INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY, AND VIGILANT INSURANCE COMPANY

Defendants Chubb Custom Insurance Company ("Chubb Custom"), Federal Insurance Company ("Federal"), Great Northern Insurance Company ("Great Northern"), and Vigilant Insurance Company ("Vigilant") (collectively "Chubb"), for themselves and as erroneously sued as Chubb Insurance Group, a non-entity, incapable of being sued, respectfully submit this statement of supplemental grounds for removal ("Supplemental Statement").

On September 26th, 2007, Chubb filed a consent to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively "Allstate") in this matter.  Chubb submits this statement to set forth supplemental grounds for removal:

1

93334

1. On or about August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2. On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition"). The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development. (Am. Petition ¶ 17.) Over two hundred foreign and domestic insurance carriers are named as defendants, including Chubb. (Am. Petition ¶ 18.)

3. The Petition, as amended and restated, requests, on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4. Chubb Custom, Federal, Great Northern, and Vigilant received service of the Petition through the Secretary of State on August 28, 2007. Accordingly, this Supplemental Statement is timely filed within thirty days of service of the petition on the first defendant served.

5. As set forth in Allstate's Notice of Removal, the claims against Chubb are subject to federal jurisdiction under the Class Action Fairness Act ("CAFA"), and based upon the

93334

fact that such claims are fraudulently misjoined with the claims against the non-diverse insurers. Chubb adopts all of Allstate's arguments in support of these grounds for federal jurisdiction. In addition, Chubb provides below additional support for each of these arguments as they relate to the claims against Chubb.

6. As set forth in Allstate's removal notice, all the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which: (1) there are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12.); (2) at least some members of the proposed class have a different citizenship from some defendants (id. ¶¶ 13-15); and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate (id. ¶¶ 16-23).

7. Moreover, none of CAFA's exceptions apply. Chubb notes that this case is not subject to the local controversy exception because: (1) class actions involving "the same or similar factual allegations" have been filed against Chubb in the past three years,[1] and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants. 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), (4)(A)(ii). (Allstate Notice of Removal ¶¶ 24-40.) Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants." (Id. ¶¶ 41-46.)

8. In addition, Chubb further contends that because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether jurisdiction exists under CAFA. Under similar circumstances, where a complaint alleged only parallel claims against separate diverse

---

[1] The Chubb defendants were named as defendants in *Chehardy*, a putative class action identified in paragraph 26 of Allstate's Notice of Removal, as well as in a newly filed putative class action, *Susan Abadie v. Aegis Sec. Ins. Co.*, 07-5112 (E.D. La.).

93334

and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'"); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (recognizing that plaintiffs cannot defeat federal jurisdiction through the misjoinder of defendants who should not be parties); *Murphy Constr. Co. v. St. Bernard Parish*, No. 06-7614, 2007 WL 442231 (E.D. La. Feb. 6, 2007) (same). (*See also* Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.)

9. Plaintiff's claims against Chubb clearly satisfy the requirements for removal under CAFA when considered as a separate action as well.

10. First, there are more than 100 potential class members. The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, the Chubb Group of Insurance Companies ("Chubb Group")[2] had a market share of 1.3%, by written premiums, in 2005. The Amended Petition alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am Petition ¶ 10.) Though only the holders of property insurance would be putative class members, application of the Chubb Group's 1.3% share plainly exceeds 100 class members.

---

[2] The Chubb Group of Insurance Companies is a descriptive phrase used to describe several separately incorporated and separately capitalized insurance companies under common ownership. The Chubb Group includes the entities named as defendants herein.

11.     Second, the proposed putative class includes current and former citizens of Louisiana. (Am. Petition ¶ 22.) It is apparent, therefore, that at least one putative class member is a citizen of Louisiana. None of the Chubb defendants -- Chubb Custom, Federal, Great Northern, and Vigilant -- is a resident or citizen of Louisiana. Chubb Custom is a citizen of Delaware by incorporation and New Jersey by principal place of business. Federal is a citizen of Indiana and also a citizen of New Jersey, by reason of incorporation in Indiana and having its principal place of business in New Jersey. Great Northern is a citizen of Minnesota by incorporation and New Jersey by principal place of business. Vigilant is a citizen of New York by its incorporation there and New Jersey by having its principal place of business there. (*See* attached Exhibit "A.") Thus, there exists minimal diversity between at least one purported class member and the Chubb defendants.

12.     Third, the $5,000,000 jurisdictional threshold is also satisfied as to Chubb. Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6). Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants." S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250; *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

13.     The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion." (Am. Petition ¶ 10.) Also, Plaintiff alleges

that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition ¶ 10.)

14. Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that Chubb represented approximately 1.3% of the covered premises, the putative class members' claims against Chubb easily satisfy the $5,000,000 jurisdictional amount.

**WHEREFORE**, Chubb Custom Insurance Company, Federal Insurance Company, Great Northern Insurance Company, and Vigilant Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Dated this 26th day of September, 2007.

Respectfully submitted,

*/s/Steven W. Usdin*
Steven W. Usdin, 12986
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street
Suite 2400
New Orleans, Louisiana 70112
Telephone: 504/589-9700

*Attorney for Chubb Custom Insurance Company, Federal Insurance Company, Great Northern Insurance Company, and Vigilant Insurance Company*

93334

## CERTIFICATE

I hereby certify that on the 26th day of September, 2007, the foregoing Statement Of Supplemental Grounds For Removal Applicable To Chubb Custom Insurance Company, Federal Insurance Company, Great Northern Insurance Company, And Vigilant Insurance Company was filed electronically with the Court who will send electronic noticing to all counsel of record. A copy has been mailed this date to:

**William Daniel O'Regan, IV**
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P. O. Box 55490
Metairie, LA 70055-5490

/s/Steven W. Usdin

93334