UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAGISTRATE WILKINSON |
| | § | |
| | § | |
| PERTAINS TO:  ROAD HOME | § | |
| *Louisiana State*  C.A. No. 07-5528 | § | |

### JOINDER IN AND CONSENT TO REMOVAL AND
### STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL
### BY FIREMAN'S FUND ENTITIES

**COME NOW** Fireman's Fund Insurance Company, Fireman's Fund Insurance Company of Louisiana, The American Insurance Company and National Surety Corporation (sometimes collectively referred to as "FFIC"), defendants in the captioned proceeding, and hereby consent to and join in the Notice of Removal by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company filed in the above caption action.

Plaintiff filed this putative class action in the Civil District Court for the Parish of Orleans, State of Louisiana, on August 23, 2007.  Plaintiff filed its First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief on August 29, 2007. Fireman's Fund Insurance Company, Fireman's Fund Insurance Company of Louisiana and The American Insurance Company were served, through the Secretary of State, with the original petition on August 28, 2007.  National Surety Corporation, The American Insurance Company, Fireman's Fund Insurance Company and Fireman's Fund of Louisiana were served, through the Secretary of State with the First Supplemental and Amending Petition on September 5, 2007. This joinder and consent is filed within thirty days after receipt by FFIC through service or

otherwise of a copy of the petition in this action and within thirty days after receipt by service or otherwise of the petition by any other defendant and is timely under 28 U.S.C. §1446(b).

FFIC also consents to the removal of this action by any other defendant filing a separate notice.

As set forth in Allstate's Notice of Removal, the claims against FFIC are subject to federal jurisdiction, under the Class Action Fairness Act and based upon the fact that such claims are fraudulently mis-joined with the claims against the non-diverse insurers.

FFIC adopts all of Allstate's arguments in support of these grounds for federal jurisdiction. In addition to the reasons set forth in Allstate's Notice of Removal and supplements to that Notice of Removal filed by others, there is federal jurisdiction over the claim under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because the plaintiff is a citizen of the State of Louisiana and the Fireman's Fund entities are not.

Fireman's Fund Insurance Company is a corporation incorporated in California that maintains its principal place of business in Novato, California. Accordingly, under 28 U.S.C. § 1332(c)(1), Fireman's Fund Insurance Company is a citizen of the State of California.

The American Insurance Company is a corporation with its principal place of business in the State of California and incorporated in the State of Nebraska. Accordingly, under 28 U.S.C. § 1332(c)(1), The American Insurance Company is a citizen of the State of Nebraska.

National Surety Corporation is a corporation with its principal place of business in the State of California, and incorporated in the State of Illinois. Accordingly, under 28 U.S.C. § 1332(c)(1), National Surety Corporation is a citizen of the State of Illinois.[1]

---

[1] National Surety Corporation did not issue any homeowners policies in effect in Louisiana on the date of the loss.

With respect to Fireman's Fund Insurance Company of Louisiana, it did not issue any policies to Louisiana residents that were in effect at the time of Hurricane Katrina. Accordingly, it is not a proper defendant in this matter and was fraudulently joined or mis-joined for purposes of federal jurisdiction.

Accordingly, all named Fireman's Fund entities which would have issued homeowners policies in effect at the time of Hurricane Katrina are foreign corporations. Accordingly, diversity jurisdiction exists with respect to the claims against FFIC. Claims against the non-diverse insurers are fraudulently misjoined with the claims against FFIC and should not serve as an impediment to federal jurisdiction.

**WHEREFORE,** Fireman's Fund Insurance Company, Fireman's Fund Insurance Company of Louisiana, The American Insurance Company and National Surety Corporation pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Dated:  September 26, 2007.

        Respectfully Submitted,

        **DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

        *s/Kelly Cambre Bogart*

        _____
        **KELLY CAMBRE BOGART (#22985)**
        **LAWRENCE J. DUPLASS (#5199)**
        **C. MICHAEL PFISTER (#14317)**
        **JAIME M. CAMBRE (#29116)**
        Three Lakeway Center, Suite 2900
        3838 N. Causeway Boulevard
        Metairie, LA 70002
        Tel.:    (504)  832-3700
        kbogart@duplass.com
        mpfister@duplass.com
        jcambre@duplass.com
        Attorney for Fireman's Fund Insurance Company, Fireman's Fund Insurance Company of Louisiana, The American Insurance Company and National Surety Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

        *S/Kelly Cambre Bogart*
        _____
        KELLY CAMBRE BOGART