UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO.  05-4182 "K"(2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |
| PERTAINS TO:  ROAD HOME<br>*Louisiana State*  C.A. No. 07-5528 | §<br>§ | |

**STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL
APPLICABLE TO LIBERTY MUTUAL FIRE INSURANCE COMPANY
AND LIBERTY MUTUAL INSURANCE COMPANY**

Defendants Liberty Mutual Fire Insurance Company ("Liberty Mutual Fire") and Liberty Mutual Insurance Company ("Liberty Mutual Insurance") (collectively "Liberty Mutual") respectfully submit this statement of supplemental grounds for removal ("Supplemental Statement").

On September 26th, 2007, Liberty Mutual filed a consent to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively "Allstate") in this matter.  Liberty Mutual submits this statement to set forth supplemental grounds for removal:

1

93336

1. On or about August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2. On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition"). The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development. (Am. Petition ¶ 17.) Over two hundred foreign and domestic insurance carriers are named as defendants, including Liberty Mutual. (Am. Petition ¶ 18.)

3. The Petition, as amended and restated, requests, on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4. Liberty Mutual Fire and Liberty Mutual Insurance received service of the Petition through the Secretary of State on August 28, 2007. Accordingly, this Supplemental Statement is timely filed within thirty days of service of the petition on the first defendant served.

5. As set forth in Allstate's Notice of Removal, the claims against Liberty Mutual are subject to federal jurisdiction under the Class Action Fairness Act ("CAFA"), and

based upon the fact that such claims are fraudulently misjoined with the claims against the non-diverse insurers. Liberty Mutual adopts all of Allstate's arguments in support of these grounds for federal jurisdiction. In addition, Liberty Mutual provides below additional support for each of these arguments as they relate to the claims against Liberty Mutual.

6. As set forth in Allstate's removal notice, all the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which: (1) there are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12.); (2) at least some members of the proposed class have a different citizenship from some defendants (*id.* ¶¶ 13-15); and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate (*id.* ¶¶ 16-23).

7. Moreover, none of CAFA's exceptions apply. Liberty Mutual notes that this case is not subject to the local controversy exception because: (1) class actions involving "the same or similar factual allegations" have been filed against Liberty Mutual in the past three years,[1] and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants. 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), (4)(A)(ii). (Allstate Notice of Removal ¶¶ 24-40.) Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants." (*Id.* ¶¶ 41-46.)

8. In addition, Liberty Mutual further contends that because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether jurisdiction exists under

---

[1] The Liberty Mutual defendants were named as defendants in the following putative class actions identified in paragraph 26 of Allstate's Notice of Removal: *Chehardy, Aguilar, Crespo, Kiefer,* and *Terrebonne,* as well as in the newly filed putative class action, *Susan Abadie v. Aegis Sec. Ins. Co.,* 07-5112 (E.D. La.).

93336

CAFA. Under similar circumstances, where a complaint alleged only <u>parallel</u> claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'"); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (recognizing that plaintiffs cannot defeat federal jurisdiction through the misjoinder of defendants who should not be parties); *Murphy Constr. Co. v. St. Bernard Parish*, No. 06-7614, 2007 WL 442231 (E.D. La. Feb. 6, 2007) (same). (*See also* Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.)

9.  Plaintiff's claims against Liberty Mutual clearly satisfy the requirements for removal under CAFA when considered as a separate action as well.

10. First, there are more than 100 potential class members. The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, the Liberty Mutual Insurance Companies[2] had a market share of 3.9%, by written premiums, in 2005. The Amended Petition alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am Petition ¶ 10.) Though only the holders of property insurance would be putative class members, application of Liberty Mutual's 3.9% share plainly exceeds 100 class members.

---

[2] Liberty Mutual Fire and Liberty Mutual Insurance are Liberty Mutual Insurance Companies.

11.     Second, the proposed putative class includes current and former citizens of Louisiana. (Am. Petition ¶ 22.) It is apparent, therefore, that at least one putative class member is a citizen of Louisiana. Neither of the Liberty Mutual defendants is a resident or citizen of Louisiana. Liberty Mutual Fire is a citizen of Wisconsin and of Massachusetts, by reason of incorporation in Wisconsin and having its principal place of business in Massachusetts. Liberty Mutual Insurance is a citizen of Massachusetts by incorporation and by having its principal place of business there. (*See* attached Exhibit "A".) Thus, there exists minimal diversity between at least one purported class member and the Liberty Mutual defendants.

12.     Third, the $5,000,000 jurisdictional threshold is also satisfied as to Liberty Mutual. Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6). Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants." S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250; *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

13.     The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion." (Am. Petition ¶ 10.) Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition ¶ 10.)

14.     Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that Liberty Mutual represented approximately

93336

3.9% of the covered premises, the putative class members' claims against Liberty Mutual easily satisfy the $5,000,000 jurisdictional amount.

**WHEREFORE**, Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Dated this 26th day of September, 2007.

                Respectfully submitted,

                */s/H. Minor Pipes, III*
                Judy Y. Barrasso, 2814
                H. Minor Pipes, III, 24603
                BARRASSO USDIN KUPPERMAN
                FREEMAN & SARVER, L.L.C.
                909 Poydras Street
                Suite 2400
                New Orleans, Louisiana  70112
                Telephone:  504/589-9700

                *Attorneys for Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company*

93336

## CERTIFICATE

I hereby certify that on the 26th day of September, 2007, the foregoing Statement of Supplemental Grounds for Removal Applicable to Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company was filed electronically with the Court who will send electronic noticing to all counsel of record. A copy has been mailed this date to:

**William Daniel O'Regan, IV**
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P. O. Box 55490
Metairie, LA 70055-5490

/s/H. Minor Pipes, III

93336