UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.   05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAGISTRATE WILKINSON |
| | § | |
| | § | |
| PERTAINS TO:  ROAD HOME | § | |
| *Louisiana State*  C.A. No. 07-5528 | § | |

**CONTINENTAL INSURANCE COMPANY'S JOINDER
IN CERTAIN DEFENDANTS' NOTICE OF REMOVAL**

Defendant, Continental Insurance Company ("Continental"), hereby joins in the Notice of Removal filed by Certain Defendants, Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively "Certain Defendants"), which removed the above-titled action previously pending as Case No. 07-8970 in the Civil District Court for the Parish of Orleans, State of Louisiana.  In further support of this Joinder, Continental states:

1. On August 23, 2007, Plaintiff filed this putative class action in the Civil District Court for the Parish of Orleans, State of Louisiana.  On August 28, 2007, Continental was served with this lawsuit through the Louisiana Secretary of State.  On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive

Relief. On September 11, 2007, Certain Defendants filed a Notice of Removal, removing this suit to this Court.

2. This Court has jurisdiction over this action for the reasons set forth in Certain Defendants' Notice of Removal. Jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $ 5,000,000, and there is minimal diversity.

3. Furthermore, Continental agrees that none of the exceptions to CAFA apply here.

4. Finally, Continental further states that even if this Court should find that any CAFA exceptions did apply here—which they do not—jurisdiction is still proper under CAFA as to Continental because the claims of the putative class members against the Louisiana Defendants are fraudulently misjoined with the claims by putative class members that are Continental insureds against Continental.

5. Continental is incorporated in Pennsylvania with its principal place of business in Illinois, and is a citizen of the State of Illinois. Continental does not write any homeowners insurance in the State of Louisiana.

6. Where, as here, parallel but unrelated claims are joined against separate diverse and non-diverse defendants, the claims against the non-diverse defendants are considered fraudulently misjoined and cannot serve as a basis for defeating federal jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

93617

7. Numerous courts in this Judicial District have applied the fraudulent misjoinder doctrine to nearly identical claims brought by insureds of different insurers arising out of Hurricanes Katrina and Rita. *Accardo v. Lafayette Ins. Co.*, 2007 U.S. Dist. LEXIS 6859 at *20-21 (E.D. La. Jan. 30, 2007) (Vance, J.) (applying the doctrine of fraudulent misjoinder to sever parallel claims brought by insureds against 18 different insurance company defendants arising out of Hurricane Katrina property damage such that the presence of a nondiverse defendant did not defeat removal jurisdiction); *see also Berthelot v. Boh Brothers Construction Co., L.L.C.*, 2006 U.S. Dist. LEXIS 51603 at *37-38 (E.D. La. June 1, 2006) (Duval, J.) (applying the doctrine of fraudulent misjoinder); *Defourneaux v. Metropolitan Property & Casualty Ins. Co.*, 2006 U.S. Dist. LEXIS 61550, at *2 (E.D. La. Aug. 30, 2006) (Feldman, J.) (same).

8. The fact that this action is a putative class action and is being removed pursuant to CAFA does not alter this result. The basis for the fraudulent misjoinder doctrine is Rule 20 of the Federal Rules of Civil Procedure which applies with equal force to putative class actions. Notably, *Tapscott* itself involved a putative class action, and the Eleventh Circuit held that the claims of the two classes were not sufficiently related to be brought together, thus requiring severance and allowing the diverse class to be removed. *Tapscott*, 77 F.3d at 1359-60; *see also Turpeau v. Fidelity Financial Servs., Inc.*, 936 F. Supp. 975, 978 (N.D. Ga. 1996) ("Plaintiffs assert that, since all of [the requirements for class certification] are satisfied in the instant case, the action should be allowed to proceed in spite of the joinder rules. Plaintiffs misapprehend the application of Rules 20 and 23. The prerequisites to a class action determine whether a class is maintainable—in this case, a plaintiff class. Rule 23(a) does not purport to address, however, the propriety of this plaintiff class suing a group of defendants. Thus, the inquiry must shift to the issue of permissive joinder under Rule 20.").

9. Here, the claims being alleged against Continental and against the Louisiana Defendants are merely parallel. The putative class members that have claims against Continental do not also have claims against the Louisiana Defendants. To the contrary, just as was the situation in the above cases and in *Tapscott* itself, Plaintiff has improperly combined several separate and distinct putative class actions into one putative action in violation of Rule 20 of the Federal Rules of Civil Procedure. Thus, the claims against Continental should be severed from the wholly unrelated claims being asserted against the other Defendants and this Court should find that it has CAFA jurisdiction over the claims against Continental for all the reasons discussed above and in Certain Defendants' Notice of Removal.

**WHEREFORE,** Defendant Continental Insurance Company respectfully requests this Court assume full jurisdiction over this action.

Respectfully submitted,

_____

Judy Y. Barrasso, #2814
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorneys for Continental Insurance Company*

93617

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the U.S. mail, postage prepaid and properly addressed, this 26th day of September, 2007.

_____

93617