UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.   05-4182 "K"(2) |
| | * | |
| PERTAINS TO:  ROAD HOME | * | SECTION "K" |
| | * | |
| (*State of Louisiana v. AAA Insurance, et al.*, | * | JUDGE DUVAL |
| No. 07-5528) | * | |
| | * | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

### STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO THE HANOVER INSURANCE COMPANY, THE HANOVER AMERICAN INSURANCE COMPANY, AND MASSACHUSETTS BAY INSURANCE COMPANY

Defendants The Hanover Insurance Company ("Hanover"), The Hanover American Insurance Company ("Hanover American"), and Massachusetts Bay Insurance Company ("Mass Bay"), collectively referred to as the "Hanover Group," respectfully submit this statement of supplemental grounds for removal.

On September 26, 2007, the Hanover Group filed a joinder in and consent to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively "Allstate") in this matter.  The Hanover Group submits this statement to set forth supplemental grounds for removal:

1.   On or about August 23, 2007, Plaintiff filed an original Petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of*

1

*Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2. On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition"). Over two hundred foreign and domestic insurance carriers are named as defendants, including the Hanover Group. (Am. Petition ¶ 18.) The Amended Petition is brought on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program.

3. The Amended Petition seeks declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4. The Hanover Group received service of the Petition through the Secretary of State on August 28, 2007. Accordingly, this Supplemental Statement is timely filed within thirty days of service on the Hanover Group.

5. As set forth in Allstate's Notice of Removal, the claims against the Hanover Group are subject to federal jurisdiction under the Class Action Fairness Act ("CAFA"), and also because those claims are fraudulently misjoined with the claims against the non-diverse insurers. The Hanover Group hereby adopts Allstate's arguments in support of these grounds for federal jurisdiction. In the following paragraphs, the Hanover Group provides additional support for each of these arguments as they relate to the claims against the Hanover Group.

6. As set forth in Allstate's removal notice, all the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which:

(a) There are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12.);

(b) At least some members of the proposed class have a different citizenship from some defendants (*id.* ¶¶ 13-15); and

(c) The claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. (*Id.* ¶¶ 16-23.)

7. None of the exceptions to CAFA apply here. This case is not subject to the "local controversy" exception because: (1) numerous class actions involving "the same or similar factual allegations" have been filed against the Hanover Group in the past three years,[1] and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants. *See* 28 U.S.C. § 1332(d)(4)(A), sub. (i)(II) and (ii). (Allstate Notice of Removal ¶¶ 24-40.) Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants." (*Id.* ¶¶ 41-46.)

8. In addition, because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer group separately for purposes of determining whether federal jurisdiction exists, either under CAFA or the traditional

---

[1] One or more of the Hanover Group entities were named as defendants in the following putative class actions identified in paragraph 26 of Allstate's Notice of Removal: *Chehardy*, *Abadie*, *Terrebone*, and *In re Katrina Canal Breaches Consolidated Litigation*. The following additional putative class actions have also been filed against one or more of the Hanover Group entities, all pending in the Eastern District of Louisiana: *Martin v. The Hanover Insurance Company, et al.*, No. 06-4480; *Mercadel v. The Hanover American Insurance Company, et al.*, No. 06-4658; *Radosta v. The Hanover Insurance Company, et al.*, No. 07-4612; and *Susan Abadie v. Aegis Security Ins. Co., et al.*, No. 07-5112.

diversity statute, 28 U.S.C. § 1332(a).  Under similar circumstances, where a complaint alleged only *parallel* claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent.  *See*, *e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action.  A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'").  (*See also* Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.)

9. Plaintiff's claims against the Hanover Group clearly satisfy the requirements for removal under CAFA when considered as a separate action.

10. First, there are more than 100 potential class members.  The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, the Hanover Group had a market share of 2.0%, by written premiums, in 2005.  (*See also* Exh. "A," Dandridge Affidavit, ¶¶ 6-7.)  The Amended Petition alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)  Though only the holders of property insurance would be putative class members, if Hanover Group's 2.0% market share is multiplied by the total number of Road Home Program applicants (183,867), this would result in over 3,600 class members, which far exceeds the 100 necessary for CAFA jurisdiction.  In fact, Plaintiff alleges that there are "*tens* of thousands" (plural) of class members.  (Am. Petition ¶ 21(b).)  At a minimum, then, Plaintiff concedes there are at least ten thousand class members.  If this number is multiplied by the Hanover Group's 2.0% market share, it results in a class size of 200 claimants who are Hanover Group insureds.

11. Further, as of September 24, 2007, the Hanover Group has received 8,948 property claims under homeowners and residential dwelling policies for damage allegedly caused by Hurricane Katrina alone in Louisiana. (*See* Exh. "A," Dandridge Affidavit, ¶ 4.) Even if only 1.2% of these claimants have obtained or will obtain Road Home Program funds, the putative class, as to the Hanover Group alone, would exceed 100.[2]

12. Second, the proposed putative class includes current and former citizens of Louisiana. (Am. Petition ¶ 22.) It is apparent, therefore, that at least one putative class member is a citizen of Louisiana. None of the Hanover Group defendants is a resident or citizen of Louisiana. Rather, they are all citizens of New Hampshire by incorporation and citizens of Massachusetts by their principal places of business. (*See* Exh. "A," Dandridge Affidavit, ¶ 3.) Thus, there exists minimal diversity between at least one purported class member and the Hanover Group.

13. Third, the $5 million jurisdictional threshold is also satisfied as to the Hanover Group. Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. *See* 28 U.S.C. §1332(d), sub. (2) and (6). Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants." S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998); *Leininger v. Leininger*,

---

[2] Similarly low percentages apply when the claim statistics are broken down for each of the individual defendants within the Hanover Group. In particular, for defendant Hanover, only 3.3% of the total number of Hanover claimants (3,106) would need to receive Road Home Program grants in order for the jurisdictional minimum of 100 claimants to be satisfied. (See Exhibit "A," Dandridge Affidavit, ¶ 4.) For Massachusetts Bay, the figure is 2.2% (of a total of 4,722 claimants), and for Hanover American, the figure is 9.0% (of a total of 1,120 claimants). (*See id.*)

705 F.2d 727, 729 (5th Cir.1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

14.  The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion." (Am. Petition ¶ 10.)  Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)

15.  Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that the Hanover Group represented approximately 2.0% of the covered premises, the putative class members' claims against the Hanover Group alone easily satisfy the $5,000,000 jurisdictional amount.  Indeed, applying the Hanover Group's 2.0% market share to the amount Plaintiff claims in its Amended Petition ($7.938 billion) equals $158,760,000.

16.  In addition, as of September 24, 2007, the Hanover Group already has paid over $138.4 million under its homeowners and residential dwelling policies for damages incurred by its Louisiana insureds from Hurricane Katrina alone.  (*See* Exh. "A," Dandridge Affidavit, ¶ 5.) As noted above, the Hanover Group has received 8,948 Hurricane Katrina claims in Louisiana. (*See id.*, ¶ 4.)  Even if only 334 of these claimants (which is less than 3.8% of the total 8,948 claimants) have received or will receive Road Home Program grants, and even if the average grant equals only $15,000 (which is only 10% of the maximum grant of $150,000), the claims against the Hanover Group will equal $5.01 million.[3]

---

[3] As before, similarly low figures apply if the claim statistics are broken down according to each individual defendant within the Hanover Group.  For example, even if the average Road Home Program grant is only $15,000, and even if we only consider claims made under policies issue by defendant Hanover (a total of 3,106), less than 10.8% of the Hanover claimants would need to receive a grant in order for the total amount at issue to exceed $5 million for Hanover alone.  For
*(cont'd)*

17. For the same reasons stated above, if the claims against the Hanover Group (or the individual entities within that group) are treated separately, the traditional requirements for diversity jurisdiction also will be met. *See* 28 U.S.C. § 1332(a). The Hanover Group companies are citizens of New Hampshire and Massachusetts, while the class members are Louisiana citizens, and none of them are alleged to be citizens of either New Hampshire or Massachusetts. Further, the amount in controversy with respect to the Hanover Group (and each individual entity within that group) exceeds $75,000, for the reasons discussed above. Indeed, the amount potentially at issue with respect to each individual claimant is $150,000, as that is the maximum grant available under the Road Home Program.

**WHEREFORE**, defendants The Hanover Insurance Company, The Hanover American Insurance Company, and Massachusetts Bay Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**/s/ Seth A. Schmeeckle**
**SETH A. SCHMEECKLE, T.A., La. Bar #27076**
**RALPH S. HUBBARD, III, La. Bar. # 7040**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
E-Mail: sschmeeckle@lawla.com
        rhubbard@lawla.com

And

---

*(cont'd from previous page)*
defendant Massachusetts Bay, the figure is less than 7.1% (of a total 4,722 claimants), and for defendant Hanover American, the figure is less than 30% (of a total 1,120 claimants). (*See* Exh. "A," Dandridge Decl., ¶ 4.)

OF COUNSEL:

**KEVIN P. KAMRACZEWSKI**
**ALAN S. GILBERT**
**PAUL E. B. GLAD**
**DAVID R. SIMONTON**
**SONNENSCHEIN NATH & ROSENTHAL LLP**
7800 Sears Tower
Chicago, IL 60606
Telephone:     (312) 876-8000

**Attorneys for The Hanover Insurance Company, The Hanover American Insurance Company, and Massachusetts Bay Insurance Company**

### CERTIFICATE OF SERVICE

    I hereby certify that on September 26, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/Seth A. Schmeeckle
Seth A. Schmeeckle