UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.  05-4182 "K"(2) |
| | * | |
| PERTAINS TO:  ROAD HOME | * | SECTION "K" |
| | * | |
| (*State of Louisiana v. AAA Insurance, et al.,* | * | JUDGE DUVAL |
| No. 07-5528) | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO
HORACE MANN INSURANCE COMPANY, TEACHERS INSURANCE COMPANY,
AND HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY</u>

Defendants Horace Mann Insurance Company, Teachers Insurance Company, and

Horace Mann Property & Casualty Insurance Company (collectively "Horace Mann")

respectfully submit this statement of supplemental grounds for removal.

On September 26, 2007, Horace Mann filed a joinder in and consent to the Notice of

Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass

Insurance Company, Encompass Insurance Company of America, and Encompass Property and

Casualty Company (collectively "Allstate") in this matter.  Horace Mann submits this statement

to set forth supplemental grounds for removal:

1.      On or about August 23, 2007, Plaintiff filed an original Petition in the Civil

District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana,*

*individually and on behalf of State of Louisiana, Division of Administration, Office of*

*Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For*

*the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2.      On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition").  Over two hundred foreign and domestic insurance carriers are named as defendants, including Horace Mann.  (Am. Petition ¶ 18.)  The Amended Petition is brought on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program.

3.      The Amended Petition seeks declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers.  (Am. Petition ¶ 22.)

4.      Horace Mann Insurance Company was served on August 28, 2007.  Teachers Insurance Company and Horace Mann Property & Casualty Insurance Company were served on September 5, 2007.  Accordingly, this Supplemental Statement is timely filed within thirty days of service on Horace Mann.

5.      As set forth in Allstate's Notice of Removal, the claims against Horace Mann are subject to federal jurisdiction under the Class Action Fairness Act ("CAFA"), and also because those claims are fraudulently misjoined with the claims against the non-diverse insurers.  Horace Mann hereby adopts Allstate's arguments in support of these grounds for federal jurisdiction.  In the following paragraphs, Horace Mann provides additional support for each of these arguments as they relate to the claims against Horace Mann.

6.      As set forth in Allstate's removal notice, all the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which:

(a)      There are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12.);

(b)      At least some members of the proposed class have a different citizenship from some defendants (*id.* ¶¶ 13-15); and

(c)      The claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate.  (*Id.* ¶¶ 16-23.)

7.      None of the exceptions to CAFA apply here.  This case is not subject to the "local controversy" exception because: (1) numerous class actions involving "the same or similar factual allegations" have been filed against Horace Mann in the past three years,[1] and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants.  *See* 28 U.S.C. § 1332(d)(4)(A), sub. (i)(II) and (ii).  (Allstate Notice of Removal ¶¶ 24-40.)  Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants."  (*Id.* ¶¶ 41-46.)

8.      In addition, because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer group separately for purposes of determining whether federal jurisdiction exists, either under CAFA or the traditional diversity statute, 28 U.S.C. § 1332(a).  Under similar circumstances, where a complaint alleged only *parallel* claims against separate diverse and non-diverse defendants, courts have held that

---

[1] Horace Mann was named as a defendant in the following putative class actions identified in paragraph 26 of Allstate's Notice of Removal:  *Abadie* and *In re Katrina Canal Breaches Consolidated Litigation*.  The following additional putative class actions have also been filed against Horace Mann, both pending in the Eastern District of Louisiana:  *Hayes v. Horace Mann Ins. Co.*, No. 06-4669 and *Susan Abadie v. Aegis Security Ins. Co., et al.*, No. 07-5112.

joinder of the non-diverse defendants was fraudulent.  *See*, *e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'").  (*See also* Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.)

9.      Plaintiff's claims against Horace Mann clearly satisfy the requirements for removal under CAFA when considered as a separate action.

10.     First, there are more than 100 potential class members.  The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, Horace Mann had a market share of 1.0%, by written premiums, in 2005.  The Amended Petition alleges that the State has received 183,867 applications, and has conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)  Though only the holders of property insurance would be putative class members, if Horace Mann's 1.0% market share is multiplied by the total number of Road Home Program applicants (183,867), this would result in over 1,800 class members, which far exceeds the 100 necessary for CAFA jurisdiction.  In fact, Plaintiff alleges that there are "*tens of thousands*" (plural) of class members.  (Am. Petition ¶ 21(b).)  At a minimum, then, Plaintiff concedes there are at least ten thousand class members.  If even this minimum number is multiplied by Horace Mann's 1.0% market share, it results in a class size of 100 claimants who are Horace Mann insureds.

11.     Further, as of September 24, 2007, Horace Mann has received 4,971 property claims for damage allegedly caused by Hurricane Katrina alone in Louisiana.  (*See* Exh. "A,"

Bahls Affidavit, ¶ 5.)  Even if only 2.1% of these claimants have obtained or will obtain Road Home Program funds, the putative class, as to Horace Mann alone, would exceed 100.

12.     Second, the proposed putative class includes current and former citizens of Louisiana.  (Am. Petition ¶ 22.)  It is apparent, therefore, that at least one putative class member is a citizen of Louisiana.  Horace Mann is not a citizen of Louisiana.  Rather, Horace Mann Insurance Company and Teachers Insurance Company are citizens of Illinois by incorporation; Horace Mann Property & Casualty Insurance Company is a citizen of California by incorporation; and all three companies are citizens of Illinois by their principal places of business. (*See* Exh. "A," Bahls Affidavit, ¶¶ 2-4.)  Thus, there exists minimal diversity between at least one purported class member and Horace Mann.

13.     Third, the $5 million jurisdictional threshold is also satisfied as to Horace Mann. Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy.  *See* 28 U.S.C. §1332(d), sub. (2) and (6).  Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants."  S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

14.     The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion."  (Am. Petition ¶ 10.)  Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)

5

15.     Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that Horace Mann represented approximately 1.0% of the covered premises, the putative class members' claims against Horace Mann alone easily satisfy the $5,000,000 jurisdictional amount.   Indeed, applying Horace Mann's 1.0% market share to the amount Plaintiff claims in its Amended Petition ($7.938 billion) equals $79,380,000.

16.     In addition, as of September 24, 2007, Horace Mann already has paid over $70,797,000 under its residential property policies for damages incurred by its Louisiana insureds from Hurricane Katrina alone.  (*See* Exh. "A," Bahls Affidavit, ¶ 6.)  As noted above, Horace Mann has received approximately 4,971 Hurricane Katrina claims for Louisiana properties.  (*See id.*, ¶ 5.)  Even if only 338 of these claimants (which is less than 6.8% of the total number of 4,971 claimants) have received or will receive Road Home Program grants, and even if the average grant equals only $15,000 (which is only 10% of the maximum grant of $150,000), the combined claims against Horace Mann will still equal $5.07 million.

17.     For the same reasons stated above, if the claims against Horace Mann are treated separately, the traditional requirements for diversity jurisdiction also will be met.  *See* 28 U.S.C. § 1332(a).  Horace Mann is a citizen of Illinois (and California, with respect to Horace Mann Property & Casualty Insurance Company), while the class members are citizens of Louisiana, and none of the class members are alleged to be citizens of either Illinois or California.  Further, the amount in controversy with respect to Horace Mann exceeds $75,000, for the reasons discussed above.  Indeed, the amount potentially at issue with respect to each individual claimant is $150,000, as that is the maximum grant available under the Road Home Program.

**WHEREFORE**, defendants Horace Mann Insurance Company, Teachers Insurance Company, and Horace Mann Property & Casualty Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**/s/ Seth A. Schmeeckle**
**SETH A. SCHMEECKLE, T.A., La. Bar #27076**
**RALPH S. HUBBARD, III, La. Bar. # 7040**
**LUGENBUHL, WHEATON, PECK, RANKIN &**
**HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
E-Mail:  sschmeeckle@lawla.com
              rhubbard@lawla.com

And

OF COUNSEL:

**KEVIN P. KAMRACZEWSKI**
**ALAN S. GILBERT**
**PAUL E. B. GLAD**
**DAVID R. SIMONTON**
**SONNENSCHEIN NATH & ROSENTHAL LLP**
7800 Sears Tower
Chicago, IL 60606
Telephone:     (312) 876-8000

**Attorneys for Defendants Horace Mann Insurance**
**Company, Teachers Insurance Company, and Horace**
**Mann Property & Casualty Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on September 26, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

<u>/s/Seth A. Schmeeckle                </u>
Seth A. Schmeeckle
