UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                NO. 05-4182

PERTAINS TO: O'Dwyer 06-6099                    SECTION "K" (2)
                    RESPONDER

### UNITED STATES' MOTION TO DISMISS

Defendant United States of America, through undersigned counsel, and on behalf of its
agencies and instrumentalities, the United States Army Corps of Engineers and the Federal
Emergency Management Agency, respectfully moves this Court under Fed. R. Civ. P. 12(b)(1)
and 12(h)(3) to dismiss Plaintiffs' Protective Re-filed Complaint (Complaint) for lack of subject
matter jurisdiction.   The Complaint asserts individual and putative "class-action" tort claims
against the United States and various non-federal defendants.  The central allegation of the
Complaint on which all of Plaintiffs' claims are based is that the United States and the non-
federal defendants "failed in discharging the primary purposes of their existence in the run-up-to
and in the aftermath of Hurricane KATRINA [sic] . . .[by] fail[ing] in their duty to prepare
properly for and respond to plaintiffs' needs, both prior to and in the aftermath of Hurricane
KATRINA" [sic].[1]

As is more particularly set forth in the accompanying memorandum in support, all
individually-named Plaintiffs, including Maureen O'Dwyer, failed to exhaust their administrative
remedies with the appropriate federal agencies prior to bringing this lawsuit, as required by the
Federal Tort Claims Act (FTCA) specifically 28 U.S.C. § 2675(a).  Additionally, assuming that

_____

[1] Paragraph IX, Complaint.

one or more of the individually-named Plaintiffs may have exhausted their administrative remedies and that this lawsuit is not premature as to their claims against the United States, this Court nonetheless lacks subject matter jurisdiction to hear such claims because the challenged conduct at issue falls squarely within the FTCA discretionary function exception, 28 U.S.C. § 2680(a). Consequently, such claims should be dismissed with prejudice. Furthermore, subject matter jurisdiction over Plaintiffs' claims against the United States does not lie under any of the other federal statutes, legislation, and directives cited by Plaintiffs in their Complaint.[2]

In further support of this motion to dismiss, the United States submits the attached Declarations of Angela Drinkwitz and Edward Broyles, Exhibits "A" and "B", respectively.

WHEREFORE, for these reasons and the reasons more fully set forth above and in the United States' memorandum of law in support, the United States prays that this Court grant its motion to dismiss Plaintiffs' action for lack of subject matter jurisdiction.

Respectfully submitted,

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY


s/ James L. Nelson
James L. Nelson, LBN 9934
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jim.nelson@usdoj.gov

---

[2] Paragraph IV, Complaint.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by electronic mail, this 7th day of September, 2007.


s/ James L.  Nelson

James L. Nelson
Assistant United States Attorney

3