UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIVIAN WATSON | * | CIVIL ACTION NO.: 07-3460 |
| | * | |
| VERSUS | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | SECTION: "K" |
| | * | |
| | * | MAGISTRATE: No. 2 |
| | * | |
| | * | MAGISTRATE: WILKINSON |
| | * | |

**************************************************

## ADDITIONAL DEFENSES, ANSWER TO PETITION AND ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Allstate Insurance Company (hereinafter sometimes referred to as "Allstate" or "Insurers"), who for the purposes of responding to Plaintiff's Petition and First Supplemental and Amended Complaint, respectfully represents as follows:

### ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by her failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH DEFENSE

The Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extenso*.

## FIFTH DEFENSE

Plaintiff is responsible for reading her policy, as well as any renewal notices, and she is presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail herself of ignorance of the policy or law.

## SIXTH DEFENSE

Plaintiff's claims are subject to any credit for any payments, if any, received from Allstate.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off. Plaintiff's claims are also barred in whole, or in part, by her own judicial admissions.

-2-

## EIGHTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "(1) [f]lood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind. (2) Water or any other substance that backs up through sewers or drains. (3) Water or any other substance that overflows from a sump pump, sump pump well or other system designed for removal of subsurface water which is drained from a foundation area of a structure. (4) Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises." This provision has been held to clearly and unambiguously exclude loss caused by flooding or levee breach by the Fifth Circuit Court of Appeals. *In re Katrina Canal Breaches Litig.*, No. 07-30119, 2007 U.S. App. LEXIS 18349 (5th Cir. Aug. 2, 2007) *rehearing denied* (5th Cir. Aug. 27, 2007).

## NINTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[e]arth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water."

## TENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure or

-3-

land at the residence premises."

## ELEVENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

## TWELFTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Section I Additional Protection under items 11, 'Collapse.'"

## THIRTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "(a)  wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect;  (b) mechanical breakdown; . . . (d)  rust or other corrosion; (e)  contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; . . .  (g)  settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

## FOURTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss."

-4-

## FIFTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[m]old, fungus, wet rot or dry rot. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot. This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge . . . ."

## SIXTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "faulty, inadequate or defective: (a)   planning, zoning, development, surveying, siting; (b)   design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c)  materials used in repair, construction, renovation or remodeling; or (d) maintenance; of property whether on or off the residence premises by any person or organization."

## SEVENTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property; and the predominant cause(s) of the loss is (are) excluded. . . ."

## EIGHTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction, or of materials and supplies for us in construction, until your dwelling is completed and occupied.  Vandalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . ."

-5-

## NINETEENTH DEFENSE

To the extent that plaintiff has previously agreed to fully compromise or resolve her claim, whether with Allstate or with a third party, Plaintiff's action is barred by release and/or the doctrine of accord and satisfaction.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been fully compensated for all covered losses through payment of her claims.

## TWENTY-FIRST DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiffs, including La. Rev. Stat §§ 22:658; 22:1220; 22: 667, and 22:695.   Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## TWENTY-SECOND DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

## TWENTY-THIRD DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff has suffered damage, it was caused by third-parties and not by Allstate. Allstate is not liable for such damage.

## TWENTY-FIFTH DEFENSE

To the extent that monies recoverable under the Plaintiffs' policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-SEVENTH DEFENSE

To the extent that the Plaintiff has made a claim on her flood policy that flood/storm surge destroyed her property and/or contents, Plaintiff is judicially, legally, and/or equitably estopped from claiming that wind caused the same loss to her property and/or contents.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the United States Constitution,

-7-

including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## THIRTY-FIRST DEFENSE

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that the Plaintiff breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-SECOND DEFENSE

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs, and in any

event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in
force at the time of the Hurricane applies to Plaintiffs' claims.

## THIRTY-THIRD DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on
behalf of Plaintiff, including but not limited to any monies received or recoverable from
FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental
agency, any insurance company, and/or any charitable organization.

## THIRTY-FOURTH DEFENSE

Plaintiff has not stated and cannot state claims under La. Rev. Stat § 22:695, *see,
e.g., Chauvin v. State Farm Fire & Casualty Co.*, 2007 U.S. App. LEXIS 18618 (5th Cir.
Aug. 6, 2007).

## THIRTY-FIFTH DEFENSE

Allstate avers all applicable federal and state prescriptive and/or preemptive
statutory time limitations as a bar to any recovery of Plaintiff herein.

## THIRTY-SIXTH DEFENSE

Allstate has detrimentally relied on prior approval of its policy forms by the
Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of
policies offered in accordance with the approved forms.

-9-

## THIRTY-SEVENTH DEFENSE

Any potential damages awarded for physical damage to the Plaintiff's structure, personal property, and contents are limited to the difference between the pre-loss value of the Plaintiffs' structure, personal property, and contents, and the post-loss value of Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to the Plaintiffs' structure, personal property, and contents.

## THIRTY-EIGHTH DEFENSE

The comparative fault and/or negligence of Plaintiff, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiff's recovery herein.

## THIRTY-NINTH DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

-10-

## FORTIETH DEFENSE

Allstate specifically denies that it breached any duty to Plaintiff with respect to the procurement and/or maintenance of Plaintiff's policy.

## FORTY-FIRST DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiff; however, should Plaintiff establish a breach of contract and/or violation of statutory duties, the Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-SECOND DEFENSE

Allstate asserts that Plaintiff is not entitled to additional living expenses under her policy, as the damage to the property was caused by an excluded peril.

## FORTY-THIRD DEFENSE

Allstate owes no damages to the Plaintiff to the extent that the Plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the following:

- a.    Refusing or failing to provide satisfactory proof of loss;

- b.    Refusing to provide information that has been specifically requested;

- c.    Failing to cooperate with the adjust and claims representative in the investigation of the claims; and

-11-

      d.     Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Allstate to "pay the proportionate amount that this insurance bears to the total amount of all applicable insurance. However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft."

## FORTY-FIFTH DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, Allstate is entitled to credit and/or set-off for any payments made to Plaintiff under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

## FORTY-SIXTH DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

-12-

## FORTY-SEVENTH DEFENSE

To the extent that Plaintiff's policy contained a Hurricane Deductible, Plaintiff's claims are subject to the application of the Hurricane Deductible as set forth in the policy.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust their administrative remedies.

## FORTY-NINTH DEFENSE

Plaintiff's' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiff upon which Plaintiff could have reasonably or justifiably relied.

## FIFTIETH DEFENSE

Allstate owed no fiduciary duty to Plaintiff.

## FIFTY-FIRST DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

-13-

## ANSWER

**AND NOW,** responding to the specific allegations of the Plaintiff's petition, Allstate further states the following:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

I.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph I of Plaintiff's Petition. Allstate admits that Allstate Insurance Company is a foreign insurer, authorized to do and doing business in the State of Louisiana.

II.

Except as expressly admitted herein. Allstate denies the allegations of Paragraph II of the Plaintiff's Petition. Allstate admits that Allstate Insurance Company issued a deluxe homeowner's policy to Plaintiff providing certain coverage for property located at 2438 Congress Street, New Orleans, Louisiana 70117-5803. . The policy is the best evidence of its contents.

III.

Allstate specifically denies the allegations concerning La. R. S. 22:695 (A). Furthermore. Allstate denies the remaining allegations of Paragraph III of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

-14-

IV.

Except as expressly admitted herein, Allstate denies the allegations of paragraph IV of Plaintiff's Petition. Allstate admits that Hurricane Katrina affected parts of Louisiana.

V.

Allstate denies the allegations of Paragraph V of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

VI.

Except as expressly admitted herein. Allstate denies the allegations of paragraph VI of Plaintiff's Petition. Allstate admits that Hurricane Katrina affected parts of Louisiana.

VII.

Allstate denies the allegations of Paragraph VII of Plaintiff's Petition.

VIII.

Allstate denies the allegations of Paragraph VIII of Plaintiff's Petition.

IX.

Allstate denies the allegations of Paragraph IX of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

X.

Allstate denies the allegations of paragraph X of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

XI.

Allstate denies the allegations of paragraph XI of Plaintiff's Petition for lack of sufficient information to justify a reasonable belief therein.

XII.

Allstate denies the allegations of Paragraph XII of Plaintiff's Petition.

XIII.

Allstate denies the allegations of Paragraph XIII of Plaintiff's Petition.

XIV.

Allstate denies the allegations of Paragraph XIV of Plaintiff's Petition.

XV.

Allstate denies the allegations of Paragraph XV of Plaintiff's Petition.

XVI.

Allstate denies the allegations of Paragraph XVI of Plaintiff's Petition.

XVII.

Allstate denies the allegations of Paragraph XVII of Plaintiff's Petition.

XVIII.

Allstate denies the allegations of Paragraph XVIII of Plaintiff's Petition.

Allstate denies the allegations contained in the Plaintiff's Prayer for Relief.

**AND NOW FURTHER ANSWERING,** Allstate responds to the specific allegations of the Plaintiff's First Supplemental and Amending Complaint, as follows:

Except as expressly admitted herein, Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein. Allstate admits that Allstate Insurance Company issued a homeowner's policy to Plaintiff, providing coverage to property located at 2438 Congress Street, New Orleans, Louisiana 70117-5803. The policy is the best evidence of its contents and is pleaded herein as if copied in full.

1.

Allstate incorporates by reference all of its answers and denials to each of the allegations and prayers for relief set forth and contained in paragraphs I-XVIII and the prayer for relief in Plaintiff's original state court petition as if copied herein *verbatim* and in extenso.

-17-

2.

Allstate denies the allegations of Paragraph 2 of Plaintiff's First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

3.

Allstate admits Plaintiff purports to add paragraph XIX. Further answering, Allstate denies the allegations of paragraph XIX of Plaintiff's First Supplemental and Amending Complaint.

4.

Allstate admits Plaintiff purports to add paragraph XX. Further answering, Allstate denies the allegations of paragraph XX of Plaintiff's First Supplemental and Amending Complaint.

5.

Allstate admits Plaintiff purports to add paragraph XXI. Further answering, Allstate denies the allegations of paragraph XXI of Plaintiff's' First Supplemental and Amending Complaint.

6.

Allstate admits Plaintiff purports to add paragraph XXII. Further answering, Allstate denies the allegations of paragraph XXII of Plaintiff's First Supplemental and Amending

Complaint.

7.

Allstate admits Plaintiff purports to add paragraph XXIII. Further answering, except as expressly admitted herein, Allstate denies the allegations of paragraph XXIII of Plaintiff's First Supplemental and Amending Complaint. Allstate admits that Allstate Insurance Company issued a homeowner's policy to Plaintiffs providing certain coverage for property located at 2438 Congress Street, New Orleans, Louisiana 70117-5803. The policy is the best evidence of its contents, and its contents are pleaded in full.

8.

Allstate admits Plaintiff purports to add paragraph XXIV. Further answering, except as expressly admitted herein, Allstate denies the allegations of paragraph XXIV of Plaintiff's First Supplemental and Amending Complaint. Allstate admits that Allstate Insurance Company issued a homeowner's policy to Plaintiffs providing certain coverage for property located at 2438 Congress Street, New Orleans, Louisiana 70117-5803. The policy is the best evidence of its contents, and its contents are pleaded in full.

9.

Allstate admits Plaintiff purports to add paragraph XXV. Further answering, except as expressly admitted herein, Allstate denies the allegations of paragraph XXV of Plaintiff's First Supplemental and Amending Complaint. Allstate admits that Allstate Insurance Company issued a homeowner's policy to Plaintiffs providing certain coverage for property

-19-

located at 2438 Congress Street, New Orleans, Louisiana 70117-5803. The policy is the best evidence of its contents, and its contents are pleaded in full.

10.

Allstate admits Plaintiff purports to add paragraph XXVI. Further answering, Allstate denies the allegations of paragraph XXVI of Plaintiff's First Supplemental and Amending Complaint for lack of sufficient information to justify a reasonable belief therein.

Allstate denies the allegations contained in the Plaintiffs' Prayer for Relief.

**WHEREFORE,** ALLSTATE PRAYS THAT ITS Additional Defenses, Answer to Petition and Answer to Plaintiffs' First Supplemental and Amending Complaint be deemed good and sufficient, and that after due proceedings are had, this Court render judgment in its favor, with costs and fees assessed against the Plaintiff. Defendant further prays for equitable relief that this Honorable Court may deem just under the circumstances.

Respectfully submitted,

INABNET & JONES, L.L.C

_____

Scott G. Jones (Bar No. 14408)

Mark E. Seamster (Bar No. 17136) (T.A.)

1331 West Causeway Approach

Mandeville, Louisiana 70471

Telephone: 985-624-9920

Facsimile: 985-624-9940

scott@inabnetjones.com

mseamster@inabnetjones.com

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

**Brian J. Eiselen**

beiselen@connicklaw.com

**William P. Connick**

pconnick@connicklaw.com

**Patrick G. Kehoe, Jr.**

pgkehoejr@kehoejr.com

Mark E. Seamster (Bar No. 17136)

mseamster@inabnetjones.com