UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182 "K" (2)<br>*<br>* JUDGE STANWOOD R. DUVAL<br>*<br>* MAG. JUDGE JOSEPH C. WILKINSON, JR.<br>* |

THIS PLEADING APPLIES TO:   BARGE

| | |
|---|---|
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |

## ANSWER TO FIFTH SUPPLEMENTAL AND AMENDED COMPLAINT

Lafarge North America Inc. ("LNA"), sought to be made defendant herein, reavers its prior responses and defenses set forth in its answers and third-party claims previously filed in these consolidated matters as if set forth herein *in extenso,* and answers the "Fifth Supplemental and Amended Complaint" (hereinafter, "Amended Complaint") of plaintiff, Ethel Mumford, individually and on behalf of Group A, and avers upon information and belief as follows:

983990_1.DOC

## FIRST DEFENSE

The Amended Complaint fails to state a claim, right, or cause of action against LNA upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs are not the real parties in interest, and thus are not entitled to maintain this action.

## THIRD DEFENSE

LNA owed no duty to plaintiffs.

## FOURTH DEFENSE

LNA submits that, if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were solely caused, or were contributed to, by plaintiffs' own negligence or fault, which is hereby pled in bar and/or diminution of plaintiffs' recovery herein, if any.

## FIFTH DEFENSE

Alternatively, LNA submits that, if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were solely caused, or were at least contributed to, by the negligence, fault, failure to perform their duties, and/or inattention to duty of third parties over whom LNA had no control and for whose actions or inactions LNA is in no way responsible or liable.

## SIXTH DEFENSE

Alternatively, LNA submits that, if plaintiffs sustained any damages as alleged, which is specifically denied, such damages were solely caused, or at a minimum were contributed to, by the defective design, improper construction, and lack of inspection and maintenance of the

Mississippi River–Gulf Outlet Canal ("MR-GO"), and/or by the defective design, improper construction, and lack of inspection and maintenance of the Inner Harbor Navigation Canal ("IHNC" or "Industrial Canal") retaining walls and levees, as well as the levees and retaining walls to the east and north associated with the MR-GO, Gulf Intracoastal Waterway ("GICW"), Bayou Bienvenue, and related structures, for which LNA is in no way responsible or liable.

### SEVENTH DEFENSE

Alternatively, in the event that plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were proximately caused by Hurricane Katrina, a catastrophic hurricane with an unprecedented storm surge and therefore a *force majeure* event.

### EIGHTH DEFENSE

Alternatively, in the event that plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were the result of an Act of God and/or inevitable accident.

### NINTH DEFENSE

The barge ING 4727 was not the proximate cause or cause-in-fact of any damages or injuries that plaintiffs claim to have sustained.

### TENTH DEFENSE

Alternatively, in the event that plaintiffs sustained any damages as alleged, which is specifically denied, then plaintiffs are put on full proof of their damages, as well as the fairness and reasonableness of the steps, if any, taken to remedy, mitigate, or minimize those damages.

### ELEVENTH DEFENSE

LNA denies that plaintiffs' claims may be certified for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

LNA denies any claim for punitive damages, which are not recoverable under the applicable law.

## THIRTEENTH DEFENSE

In the further alternative, without waiving any other defenses, and for its answer to each individual allegation in plaintiffs' "Fifth Supplemental and Amended Complaint" ("Amended Complaint"), LNA avers as follows:

I.

LNA denies the allegations of Paragraph I of plaintiffs' Amended Complaint, including subparagraphs (1) – (8), for lack of sufficient information upon which to justify a belief therein.

II.

The allegations of Paragraph II of plaintiffs' Amended Complaint state legal conclusions to which no response is required; however, to the extent that a response is required, LNA denies the allegations for lack of sufficient information upon which to justify a belief therein.

III.

LNA denies the allegations of Paragraph III of plaintiffs' Amended Complaint for lack of sufficient information upon which to justify a belief therein.

IV.

LNA denies plaintiffs' demand for a jury trial.

V.

LNA denies plaintiffs' prayer for relief.

VI.

LNA reasserts and reavers its prior third-party claims previously asserted in these consolidated matters as if copied herein *in extenso,* and reserves the right to file supplemental answers and/or defenses, as well as supplemental and/or amended cross-claims and third-party claims, depending on the facts as they may be developed.

VII.

LNA reserves the right to claim the benefits and protections of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 181 *et seq.*

WHEREFORE, Lafarge North America Inc. prays for the following relief:

(1) That its Answer to the "Fifth Supplemental and Amended Complaint" of plaintiffs, Ethel Mumford, individually and on behalf of Group A, be deemed good and sufficient;

(2) That there be judgment in favor of LNA, dismissing the "Suit for Damages, Trial by Jury", "First Supplemental and Amended Complaint", "Second Supplemental and Amended Complaint", "Third Supplemental and Amended Complaint", "Fourth Supplemental and Amending Complaint", and "Fifth Supplemental and Amending Complaint" of Plaintiffs, Ethel Mumford, individually and on behalf of Group A, with prejudice, at plaintiffs' cost; and

(3) For all other general and equitable relief that the law and nature of the case may allow.

Respectfully submitted,

*[signature]*

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 236-4177

John D. Aldock
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

*Attorneys for Lafarge North America Inc.*

## Certificate of Service

I do hereby certify that I have on this 27th day of September, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

*[signature]*

983990-1

6