UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: | | |
| BARGE | | |
| FILED IN:   *Parfait*, 07-3500 | | |

**AFFIRMATIVE DEFENSES AND ANSWER
OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Washington Group International, Inc. ("WGII"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Class Action Complaint (the "Complaint"), as follows:

<u>WGII'S AFFIRMATIVE DEFENSES</u>

A.   FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGII, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGII.

### B. PRESCRIPTION

Plaintiffs' claims against WGII are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

### C. NO RIGHT OF ACTION

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

### D. FAILURE TO JOIN INDISPENSABLE PARTIES

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

### E. DUTY / RISK

Plaintiffs' claims are barred under Louisiana Civil Code Articles 667, 2315, 2316, 2317, and/or 2322, in whole or in part, because they cannot establish: (i) that WGII's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGII's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGII owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGII owed any such duty to Plaintiffs, it breached that duty.

### F. COMPARATIVE FAULT

WGII hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly

and proximately caused by the acts, omissions, and/or failure to mitigate of others, including Plaintiffs (as applicable), whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGII is not responsible.

### G. ACT-OF-GOD

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### H. GOVERNMENT CONTRACTOR

Plaintiffs' claims are barred by the government contractor defense.

### I. LIMITATION OF LIABILITY

WGII qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### J. DISCHARGE IN BANKRUPTCY

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### K. ADOPTION OF AFFIRMATIVE AND CONSTITUTIONAL DEFENSES AVAILABLE UNDER FEDERAL LAW OR THE LAWS OF OTHER JURISDICTIONS

WGII hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

894334v.1

### L. ADOPTION OF AFFIRMATIVE DEFENSES OF OTHER DEFENDANTS

WGII adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGII, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGII hereby reserves its right to amend its answer to assert any such defense.

### M. SET-OFF

WGII affirmatively alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have settled or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, WGII is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

### N. ATTORNEY'S FEES NOT AVAILABLE

To the extent that Plaintiffs' Complaint seeks attorney's fees, any such claims are barred by La. Code Civ. P. Art. 595(A).

### O. LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the purported class members' claims against WGII because there is no case or controversy within the meaning of Article III of the Constitution of the United States. This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGII brought under the Suits in Admiralty

Act ("SAA"), 46 U.S.C. §§ 741-52 and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 781-90.

### P. IMPROPER VENUE

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested judge and/or jury.

### Q. POLITICAL QUESTION DOCTRINE

Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction under the political question doctrine.

### R. RES JUDICATA AND PRECLUSION

WGII pleads the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion, to the extent that the claims of Plaintiffs or of members of their putative class are or will be barred in whole or in part due to the participation of Plaintiffs, members of their putative class, and/or those in privity with them in other cases before this Court, or in other courts.

### S. ACCORD AND SATISFACTION

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs or members of their putative class have or will have released, settled, entered into an accord and satisfaction or otherwise compromised them.

### T. LACHES, WAIVER, UNCLEAN HANDS, RATIFICATION OR ESTOPPEL

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, unclean hands, ratification or estoppel.

U.   **INTERVENING OR SUPERSEDING CAUSE**

Plaintiffs' claims are barred, in whole or in part, because the injuries and damages alleged resulted from an intervening or superseding cause.

V.   **DUE PROCESS AND ACCESS TO COURTS**

The certification and maintenance of this action as a class action would violate WGII's due process rights under the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and under the Louisiana Constitution and would deny WGII the right of access to the courts to the extent that the certification and maintenance of a class action would deprive WGII of procedural and substantive safeguards and of traditional defenses to liability.

W.   **SEVENTH AMENDMENT**

The certification and maintenance of this action as a class action would violate WGII's right to a single jury trial as provided by the Seventh Amendment to the United States Constitution.

X.   **ADEQUATE REMEDY AT LAW**

Plaintiffs' and the putative class members' claims for equitable relief are barred because they have an adequate remedy at law.

Y.   **NO CLASS ACTION**

Plaintiffs' claims and those of the putative class may not be certified as a class action under Federal Rule of Civil Procedure 23 or any of its subdivisions.

Z.   **IMPROPER JOINDER**

Plaintiffs' Complaint improperly joins claims in violation of Federal Rule of Civil Procedure 18.

AA.  **IMPROPER AMENDMENT**

Plaintiffs' Complaint constitutes an improper amendment of pleadings under Paragraph II(A) of this Court's Case Management and Scheduling Order No. 4 because Plaintiffs' claims against WGII, and the claims of the class they purport to represent, have already been set forth in the MRGO Master Consolidated Class Action Complaint filed in this Court on March 30, 2007.

BB.  **CLAIM SPLITTING/DUPLICATION**

Plaintiffs' Complaint constitutes improper splitting and/or duplication of their claims because Plaintiffs' claims against WGII, and the claims of the class they purport to represent, have already been set forth in the MRGO Master Consolidated Class Action Complaint filed in this Court on March 30, 2007.

## WGII'S ANSWER

Except as otherwise expressly stated below, WGII responds only to those allegations of the Complaint that are directed to WGII.  WGII is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGII denies each and every allegation of the Complaint not specifically admitted below.

WGII responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

I.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph I of the Complaint and therefore DENIES each and

every allegation contained therein.  WGII admits, however, that the individuals named in Paragraph I of the Complaint purport to be named plaintiffs in this action.

II.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph II of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient. WGII admits, however, that the individuals named in Paragraph II of the Complaint purport to be named plaintiffs in this action, and that plaintiffs purport to represent a class.

III(1).  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph III(1) of the Complaint and therefore DENIES each and every allegation contained therein.

III(2).  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph III(2) of the Complaint and therefore DENIES each and every allegation contained therein.

III(3).  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph III(3) of the Complaint and therefore DENIES each and every allegation contained therein.

III(4).  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph III(4) of the Complaint and therefore DENIES each and every allegation contained therein.

III(5).      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph III(5) of the Complaint and therefore DENIES each and every allegation contained therein.

III(6).      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph III(6) of the Complaint and therefore DENIES each and every allegation contained therein.

III(7).      WGII admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana and in the Parish of Orleans, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

IV.          WGII admits that admits that federal question jurisdiction exists because WGII was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGII further admits that supplemental jurisdiction exists over all state law claims asserted in the Complaint.  WGII DENIES each and every remaining allegation of Paragraph IV of the Complaint.  WGII admits, however, that Plaintiffs purport to plead diversity jurisdiction, as well as admiralty and maritime jurisdiction and causes of action under the Admiralty Extension Act, the Suits in Admiralty Act, the Public Vessels Act, and/or the Water Pollution Control Act; and that Plaintiffs purport to plead jurisdiction under the Federal Tort Claims Act.

894334v.1

V.     WGII DENIES each and every allegation of Paragraph V of the Complaint pertaining to WGII.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph V of the Complaint and therefore DENIES the allegations contained therein.  WGII admits, however, that on or about August 29, 2005, Hurricane Katrina passed near the City of New Orleans, and that flooding occurred in and around New Orleans in the aftermath of Hurricane Katrina.

VI(a).    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VI(a) of the Complaint and therefore DENIES each and every allegation contained therein.

VI(b).    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VI(b) of the Complaint and therefore DENIES each and every allegation contained therein.

VI(c).    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VI(c) of the Complaint and therefore DENIES each and every allegation contained therein.

VI(d).    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VI(d) of the Complaint and therefore DENIES each and every allegation contained therein.

894334v.1

VI(e).     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VI(e) of the Complaint and therefore DENIES each and every allegation contained therein.

VI(f).     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VI(f) of the Complaint and therefore DENIES each and every allegation contained therein.

VI(g).     WGII DENIES each and every allegation contained in Paragraph VI(g) of the Complaint, except WGII admits that in 1999 WGII's predecessor, Morrison Knudsen Corporation, contracted with the Corps pursuant to the Inner Harbor Navigation Canal Lock Replacement Project, which was authorized and approved by the United States Congress.  Specifically, WGII demolished property improvements and performed site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east.  WGII began working at the East Bank Industrial Area in January 2001, and completed its work, removed its equipment, and demobilized from the East Bank Industrial Area in May 2005.  WGII further admits that its work at the East Bank Industrial Area consisted of the following definable features of work: site assessment and surveys; site investigation sampling and analysis; a geophysical survey of the site; grid trenching; above-ground structure demolition; surface cleanup, concrete foundation and onshore piling removal; barge removal and disposal; wharf and offshore piling removal and disposal; remediation of the site; canal bank and Surekote Road removal; miscellaneous abatement operations; final site grading, restoration, and

demobilization. At all times the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

VII(1). Paragraph VII(1) of the Complaint contains multiple legal conclusions to which no response is required. To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VII(1) of the Complaint and therefore DENIES each and every allegation contained therein.

VII(2). WGII DENIES each and every allegation contained in Paragraph VII(2) of the Complaint pertaining to WGII. Answering further, WGII incorporates by reference its response to Paragraph VI(g) of the Complaint. At all times the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors. WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VII(2) of the Complaint and therefore DENIES each and every allegation contained therein.

VII(3). WGII DENIES each and every allegation contained in Paragraph VII(3) of the Complaint pertaining to WGII. Answering further, WGII incorporates by reference its response to Paragraph VI(g) of the Complaint. At all times the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors. WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VII(3) of the Complaint and therefore DENIES each and every allegation contained therein.

894334v.1

VII(4).[1]   WGII DENIES each and every allegation contained in Paragraph VII(4) of the Complaint pertaining to WGII.  Answering further, WGII incorporates by reference its response to Paragraph VI(g) of the Complaint.  At all times the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VII(4) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(1).   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(1) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(2).   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(2) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(3).   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(3) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(4).   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(4) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(5).   Paragraph VIII(5) of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each

---

[1] Plaintiffs' Complaint contains an additional, unnumbered sub-paragraph in Paragraph VII, following sub-paragraph (3). *See* Compl. at 11. WGII hereby refers to this unnumbered sub-paragraph as Paragraph VII(4).

894334v.1

and every allegation of Paragraph VIII(5) of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VIII(5) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(6). Paragraph VIII(6) of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph VIII(6) of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VIII(6) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(7). Paragraph VIII(7) of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph VIII(7) of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VIII(7) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(8). Paragraph VIII(8) of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph VIII(8) of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VIII(8) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(9). Paragraph VIII(9) of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII DENIES each and every allegation of Paragraph VIII(9) of the Complaint pertaining to WGII. WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph VIII(9) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(10). Paragraph VIII(10) of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(10) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(11). Paragraph VIII(11) of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(11) of the Complaint and therefore DENIES each and every allegation contained therein.

VIII(12). Paragraph VIII(12) of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph VIII(12) of the Complaint and therefore DENIES each and every allegation contained therein.

IX. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph IX of the Complaint and therefore DENIES each and every allegation contained therein.

894334v.1

X.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph X of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that plaintiffs purport to plead "compensation," "offset" and "set-off" against the United States of America.

XI.  WGII DENIES each and every allegation of Paragraph XI of the Complaint pertaining to WGII.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge concerning the remaining allegations of Paragraph XI of the Complaint and therefore DENIES the allegations contained therein.

XII.  WGII DENIES each and every allegation of Paragraph XII of the Complaint pertaining to WGII.  WGII admits, however, that plaintiffs pray for trial by jury as to all issues.

*   *   *

To the extent that any response is required to the Prayer for Relief, WGII DENIES each and every allegation contained therein.

WGII is entitled to, and hereby demands, a trial by jury on all issues so triable.

Dated: September 27, 2007

Respectfully submitted,

*/s/Heather S. Lonian*
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

# **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Class Action Complaint has been served upon all counsel of record through the Court's CM/ECF electronic filing system this 27th day of September, 2007.

*/s/Heather S. Lonian*

894334v.1