UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § § § PERTAINS TO: ROAD HOME § *Louisiana State* C.A. No. 07-5528 § | CIVIL ACTION NO.  05-4182 "K"(2) JUDGE DUVAL MAGISTRATE WILKINSON |

**STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL BY AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, AMERICAN SECURITY INSURANCE COMPANY, ASSURANT, INC. AMERICAN RELIABLE INSURANCE COMPANY, STANDARD GUARANTY INSURANCE COMPANY, VOYAGER INDEMNITY INSURANCE COMPANY, AND VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY**

COME NOW defendants American Bankers Insurance Company of Florida, American Security Insurance Company, Assurant, Inc., American Reliable Insurance Company, Standard Guaranty Insurance Company, Voyager Indemnity Insurance Company, and Voyager Property and Casualty Insurance Company (hereinafter collectively known as the "Assurant Companies"), and respectfully submit this statement of supplemental grounds for removal ("Supplemental Statement").

On September 27th, 2007, the Assurant Companies filed a consent to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Encompass property and Casualty Company (Collectively "Allstate") in this matter.  The Assurant Companies now submit this statement to set forth supplemental grounds of removal:

      1.    On or about August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of*

1

*Community Development ex rel The Honorable Charles C. Foti, Jr., the Attorney General For the state of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through the Road Home Program v. AAA Insurance Company, et al,* Case No. 07-8970.

2.  On August 29, 2007, Plaintiff filed its First Amended And Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition or Am. Petition"). The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development. (Am. Petition ¶ 17.) Over two hundred foreign and domestic insurance carriers are named as defendants, including the Assurant Companies. (Am. Petition ¶ 18.)

3.  The Petition, as amended and restated, requests, on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4.  The Assurant Companies received service of the Petition through the Secretary of State on August 28, 2007. Accordingly, this Supplemental Statement is timely filed within thirty days of service of the petition on the first defendant served.

5.  As set forth in Allstate's Notice of Removal, the claims against the Assurant Companies are subject to federal jurisdiction under the Class Action Fairness Act ("CAFA"), and based upon the fact that such claims are fraudulently misjoined with the claims against non-diverse insurers. The Assurant Companies adopt all of Allstate's arguments in support of these grounds for federal jurisdiction. In addition, the Assurant Companies provide

below additional support for each of these arguments as they relate to the claims against the Assurant Companies.

6.  As set forth in Allstate's removal notice, all of the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which: (1) there are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12); (2) at least some members of the proposed class have a different citizenship from some defendants (*id.* ¶¶13-15); and (3) the claims of the proposed class members exceed the sum or value of $5,000,000.00 in the aggregate (*id.*¶¶ 16-23).

7.  Moreover, none of CAFA's exceptions apply.  The Assurant Companies note that this case is not subject to the local controversy exception because: (1) class actions involving "the same or similar factual allegations" have been filed against the Assurant Companies in the past three years, and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants.   28 U.S.C. §§ 1332 (d)(4)(A)(i)(II), (4)(A)(ii).  (Allstate Notice of Removal ¶¶ 24-40.)  Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants."  (*Id. ¶¶ 41-46.*)

8.  In addition, the Assurant Companies further contend that because the claims against the different insurers are fraudulently misjoined, the Court should consider the claim against each insurer separately for purposes of determining whether jurisdiction exists under CAFA.  Under similar circumstances, where a complaint alleged only parallel claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident

defendant against whom a Plaintiff has no possibility of a cause of action.  A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."); *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 533 (5th Cir. 2006) (recognizing the plaintiffs cannot defeat federal jurisdiction through the misjoinder of defendants who should not be parties); *Murphy Constr. Co. v. St. Bernard Parish,* No. 06-7614, 2007 WL 442231(E.D. La. Feb 6, 2007) (same).  (See also Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.)

        9.      Plaintiff's claims against the Assurant Companies clearly satisfy the requirements for removal under CAFA when considered as a separate action as well.

        10.     First, there are more than 100 potential members.  The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of the homeowners insurance in Louisiana, the Assurant Companies had a market share of .5%, by written premiums, in 2005.  The Amended Petition alleges that the State has received 183,867 applications and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)  In theory, the Assurant Companies issued insurance policies for .5% of those 183,867 applications, approximately 919 applications.  Through only the holders of property insurance would be putative class members, application of the Assurant Companies .5% share plainly exceeds 100 class members.

        11.     Second, the proposed putative class includes current and former citizens of Louisiana. (Am. Petition ¶ 22.)  It is apparent, therefore, that at least one putative class member is a citizen of Louisiana.  None of the Assurant defendants – American Bankers Insurance Company of Florida; American Security Insurance Company; Assurant, Inc.; American Reliable

4

Insurance Company; Standard Guaranty Insurance Company; Voyager Indemnity Insurance Company; and Voyager Property and Casualty Insurance Company – is a resident or citizen of Louisiana.  American Bankers Insurance Company of Florida is a citizen of Florida by incorporation and principal place of business.  American Security Insurance Company is a citizen of Delaware by incorporation and Georgia by principal place of business.  Assurant, Inc. is a citizen of Delaware by incorporation and New York by principal place of business.  American Reliable Insurance Company is a citizen of Arizona by incorporation and principal place of business.  Standard Guaranty Insurance Company is a citizen of Delaware by incorporation and Georgia by principal place of business.  Voyager Indemnity Insurance Company is a citizen of Georgia by incorporation and principal place of business.  Voyager Property and Casualty Insurance Company is a citizen of South Carolina by incorporation and Florida by principal place of business.

      12.     Third, the $5,000,000.00 jurisdictional threshold is also satisfied as to the Assurant Companies.  Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy.  28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).  Moreover, in assessing the amount in controversy with respect to a declaratory judgment action. a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by claimants."  S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250; *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

      13.     The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.983 billion." (Am. Petition ¶ 10.)  Also, Plaintiff alleges

that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)

14.     Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that the Assurant Companies represented approximately .5% of the covered premises, the putative class members' claims against the Assurant Companies easily satisfies the $5,000,000.00 jurisdictional amount.

15.     The Assurant Companies reserve the right to supplement this Statement. Specifically, but not by way of limitation, the plaintiff has filed certain data regarding the Road Home program under seal, and the defendants do not yet have access to that that information.

WHEREFORE, American Bankers Insurance Company of Florida, American Security Insurance Company, Assurant, Inc., American Reliable Insurance Company, Standard Guaranty Insurance Company, Voyager Indemnity Insurance Company, and Voyager Property and Casualty Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Dated this 27th day of September, 2007.

          Respectfully submitted,

          /s/ Gordon P. Serou, Jr.
          Gordon P. Serou, Jr. 14432
          Law Offices of Gordon P. Serou, Jr.
          Poydras Center, Suite 1420
          650 Poydras Street
          New Orleans, Louisiana 70130
          gordonserou@hotmail.com;
          gps@seroulaw.com
          Telephone No.:  504-299-3421
          Facsimile No.: 504-299-3496
          ATTORNEY FOR AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, AMERICAN SECURITY INSURANCE COMPANY, ASSURANT, INC., AMERICAN RELIABLE INSURANCE COMPANY, STANDARD GUARANTY INSURANCE COMPANY, VOYAGER INDEMNITY INSURANCE COMPANY, AND VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of September, 2007, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  Any manual recipients will receive a copy of the foregoing pleading by United States Mail.

          s/Gordon P. Serou, Jr.
          GORDON P. SEROU, JR.