## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAGISTRATE WILKINSON |
| | § | |
| | § | |
| PERTAINS TO:  ROAD HOME | § | |
| *Louisiana State*  C.A. No. 07-5528 | § | |

**JOINDER IN NOTICE OF REMOVAL AND STATEMENT OF
SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO DEFENDANTS
GENERAL INSURANCE COMPANY OF AMERICA AND
SAFECO INSURANCE COMPANY OF AMERICA**

COME NOW General Insurance Company of America ("General Insurance") and Safeco Insurance Company of America ("Safeco Insurance") (collectively referred to as "the Safeco Defendants"), defendants in the captioned proceeding, who hereby consent to and join in the Notice of Removal by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (Docket No. 1) filed in the above captioned action. The Safeco Defendants also consent to the removal of this action by any other defendant filing a separate notice and the Safeco Defendants further submit this statement to set forth supplemental grounds for removal, showing the Court as follows:

1

1.     On or about August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2.     On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition").  The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development.  (Am. Petition ¶ 17.)  Over two hundred foreign and domestic insurance carriers are named as defendants, including General Insurance and Safeco Insurance.  (Am. Petition ¶ 18.)

3.     The Petition, as amended and restated, requests on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers.  (Am. Petition ¶ 22.)

4.     General Insurance and Safeco Insurance each received service of the Amended Petition through the Secretary of State on August 30, 2007.  Accordingly, this Supplemental Statement is timely filed within thirty days of service of the petition on the Safeco Defendants.

5.     As set forth in Allstate's Notice of Removal, the plaintiff's claims, including those against the Safeco Defendants, are subject to federal jurisdiction under the Class Action Fairness Act ("CAFA"), and based upon the fact that such claims are fraudulently misjoined with the claims against the non-diverse insurers.  The Safeco Defendants adopt all of Allstate's arguments in support of these grounds for federal jurisdiction.  In addition, the Safeco Defendants provide below additional support for each of these arguments as they relate to the claims against them.

6.     As set forth in Allstate's removal notice, all the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which: (1) there are 100 or more members in the proposed class (Allstate Notice of Removal ¶¶ 11-12); (2) at least some members of the proposed class have a different citizenship from some defendants (*id.* ¶¶ 13-15); and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate (*id.* ¶¶ 16-23).

7.     Moreover, none of CAFA's exceptions apply.  The Safeco Defendants note that this case is not subject to the local controversy exception because: (1) numerous class actions involving "the same or similar factual allegations" have been filed against the Safeco Defendants and other Safeco entities in the past three years, and (2) "significant relief" is not being sought from the non-diverse—and fraudulently misjoined—defendants.    28   U.S.C. §§ 1332(d)(4)(A)(i)(II), (4)(A)(ii).    (Allstate Notice of Removal ¶¶ 24-40.)  Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants."  (*Id.* ¶¶ 41-46.)

8.     In addition, the Safeco Defendants further contend that because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether jurisdiction exists under CAFA.

3

Under similar circumstances, where a complaint alleged only <u>parallel</u> claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action.  A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'"); *see also* Allstate Notice of Removal ¶¶ 47-51 and authorities cited therein.

9.      Plaintiff's claims against the Safeco Defendants clearly satisfy the requirements for removal under CAFA when considered as a separate action as well.

10.      First, there are more than 100 potential class members.  The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, Safeco entities had a market share of 0.7%, by written premiums, in 2005.  The Amended Petition alleges that the State has received 183,867 applications and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am Petition ¶ 10.)  Though only the holders of property insurance would be putative class members, application of the Safeco Defendants' 0.7% share plainly exceeds 100 class members.  Indeed, Plaintiff alleges that there are "tens of thousands of class members."  (Am. Petition ¶ 21(b).)  Applying the Safeco Defendants' market share to these allegations results in a class size of well over 100 Safeco insureds.

11.      Second, the proposed putative class includes current and former citizens of Louisiana.  (Am. Petition ¶ 22.)  It is apparent, therefore, that at least one putative class member is a citizen of Louisiana.  Neither General Insurance nor Safeco Insurance is a resident or citizen of Louisiana.  Both Safeco Defendants are citizens of Washington by incorporation and principal

4

place of business.  Thus, there exists minimal diversity between at least one purported class member and the Safeco Defendants.

12.     Third, the $5 million jurisdictional threshold is also satisfied as to the Safeco Defendants alone.  Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy.  28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).  Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants."  S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250; *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

13.     The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion."  (Am. Petition ¶ 10.)  Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program.  (Am. Petition ¶ 10.)

14.     Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that the Safeco Defendants represented approximately 0.7% of the covered premises, the putative class members' claims against the Safeco Defendants alone easily satisfy the $5,000,000 jurisdictional amount.

**WHEREFORE**, General Insurance Company of America and Safeco Insurance Company of America pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted, this 27th day of September, 2007.

> GORDON, ARATA, McCOLLAM DUPLANTIS
> & EAGAN, L.L.P.
> 201 St. Charles Avenue, 40th Floor
> New Orleans, Louisiana 70170-4000
> (504) 582-1111
> (504) 582-1121 (*Facsimile*)
>
>  /s/ Wendy Hickok Robinson
> Wendy Hickok Robinson
> Louisiana Bar No. 25225
> whrobinson@gordonarata.com
> Nina Wessel English
> Louisiana Bar No. 29176
> nenglish@gordonarata.com
>
> Attorneys for the Safeco Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above **STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO DEFENDANTS GENERAL INSURANCE COMPANY OF AMERICA AND SAFECO INSURANCE COMPANY OF AMERICA** has been served upon all counsel of record by electronic notice through the Court's ECF system, this 27th day of September, 2007.  A copy of the pleading will be sent by United States mail, postage prepaid, this 27th day of September, 2007, to the following counsel of record who are not registered to receive documents from the Court electronically:

William J. Luscy, III
William Luscy, III, Attorney at Law
616 Papworth Ave., Suite C
Metairie, LA 70005

/s/ Wendy Hickok Robinson

GAMDE-NO: 210607-1