UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ NO. 05-4182 "K"(2)<br>§ JUDGE DUVAL<br>§ MAGISTRATE WILKINSON<br>§<br>§ |
| PERTAINS TO: ROAD HOME<br>*Louisiana State*  C.A. No. 07-5528 | §<br>§ |

**JOINDER IN AND CONSENT TO REMOVAL,
AND SUPPLEMENTAL BASES FOR REMOVAL,
BY CERTAIN MEMBER COMPANIES OF
AMERICAN INTERNATIONAL GROUP, INC.**

Lexington Insurance Company, Audubon Insurance Company, AIU Insurance Company, AIG Centennial Insurance Company, American General Property Insurance Company, AIG Casualty Company, National Union Fire Insurance Company of Louisiana, and National Union Fire Insurance Company of Pittsburgh, PA (collectively "Defendants") respectfully submit this joinder in and consent to removal, and supplemental bases for removal ("Joinder and Consent").[1]

**A.   JOINDER IN NOTICE OF REMOVAL BY ALLSTATE DEFENDANTS PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

The Defendants hereby consent to and join in the Notice of Removal by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company filed in the above-captioned action on September 11, 2007. The Defendants agree that this case is properly removed to federal court under the Class Action Fairness Act ("CAFA").

---

[1] The complaint also names a company identified as "Audubon Insurance Group," which is not a legal entity.

This Joinder and Consent is timely filed, because it is filed within thirty days after the first receipt by any of the Defendants through service of a copy of the initial petition in this action. 28 U.S.C. § 1446(b). Plaintiff filed this putative class action in the Civil District Court for the Parish of Orleans, State of Louisiana, on August 23, 2007. The Secretary of State was served with the initial petitions and summons for Lexington Insurance Company, Audubon Insurance Company, AIU Insurance Company, AIG Centennial Insurance Company, and American General Property Insurance Company on August 28, 2007. On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief. This amended petition added as defendants AIG Casualty Company, National Union Fire Insurance Company of Louisiana, and National Union Fire Insurance Company of Pittsburgh, PA. The Secretary of State was received a copy of the complaint and summons directed to Lexington Insurance Company, Audubon Insurance Company, AIG Centennial Insurance Company, American General Property Insurance Company, AIG Casualty Company, and National Union Fire Insurance Company of Pittsburgh, PA, on September 5, 2007. National Union Fire Insurance Company of Louisiana has not been served with either the initial petition or the amended petition.

**B.     IN THE ALTERNATIVE, THE COURT MAY CONSIDER EACH DEFENDANT INDIVIDUALLY AND EXERCISE DIVERSITY JURISDICTION.**

In the event this Court were to find that jurisdiction does not exist under CAFA, it should nonetheless find jurisdiction under 28 U.S.C. § 1332(a) with regard to out-of-state defendants. Where, as here, parallel but unrelated claims are joined against separate diverse and non-diverse defendants, the claims against the non-diverse defendants are considered fraudulently misjoined and cannot serve as a basis for defeating federal jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a

2

resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'") (footnote omitted), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). The claims are parallel and unrelated here because the rights of each member of the putative class exist only against his or her own insurance company, not against *each* of the more than 200 insurance companies joined in this action, as Rule 20(a) requires. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (explaining that Rule 20(a) requires that "a right to relief must be asserted *by, or against, each plaintiff or defendant* relating to or arising out of the same transaction or occurrence") (emphasis added); *see also Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 978 (N.D. Ga. 1996) ("Plaintiffs assert that, since all of [the requirements for class certification] are satisfied in the instant case, the action should be allowed to proceed in spite of the joinder rules. Plaintiffs misapprehend the application of Rules 20 and 23. The prerequisites to a class action determine whether a class is maintainable—in this case, a plaintiff class. Rule 23(a) does not purport to address, however, the propriety of this plaintiff class suing a group of defendants. For this, the inquiry must shift to the issue of permissive joinder under Rule 20.").

Therefore, to the extent that the Defendants are diverse from the plaintiffs, this Court has jurisdiction under 28 U.S.C. § 1332(a), even if the Court finds that it lacks jurisdiction under

3

CAFA.[2] For example, Lexington Insurance Company is a citizen of Massachusetts and of Delaware, and thus it is diverse from the Louisiana plaintiffs and putative class members. Lexington also satisfies § 1332(a)'s $75,000 amount-in-controversy requirement. The allegations in the Complaint demonstrate that at least one Road Home fund recipient among the "tens of thousands" of putative class members, Compl. ¶ 21(b), is claiming more than $75,000 from Lexington, and that is sufficient to satisfy the amount-in-controversy requirement. The Complaint alleges that "many recipients . . . suffered total losses to their residences from covered events," Compl. ¶ 41, and that recipients are eligible to receive a grant "in an amount equal to [their] uninsured loss, with a cap of $150,000," id. ¶ 13. Given the allegations that there are "clearly . . . tens of thousands" of putative class members, id. ¶ 21(b), and that many of them suffered total losses, at least one putative class member bringing a claim against Lexington is alleged to have suffered a loss exceeding $75,000. See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546 (2005) (holding that, where the other elements of jurisdiction are satisfied, only one plaintiff needs to fulfill the amount-in-controversy requirement).

## C.    CONSENT TO OTHER NOTICES OF REMOVAL

The Defendants also consent to the removal of this action by any other defendant filing a separate notice. The Defendants reserve the right to file a supplemental statement in support of

---

[2] Each Defendant may remove based on diversity jurisdiction under § 1332(a) without obtaining the consent of the other defendants, given that the other defendants are improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement [that removal requires the consent of all co-defendants] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *see also Griffith v. La. Citizens Coastal Plan*, No. 2:06-CV-2145, 2007 WL 933510, at *1 (W.D. La. Feb. 16, 2007) ("[I]t is not necessary to obtain the consent of fraudulently/improperly joined defendants.").

their right to have federal jurisdiction maintained over the claims asserted against the AIG Defendants.

                Respectfully submitted,

                /s/ Robert I. Siegel
                Robert I. Siegel
                GIEGER, LABORDE & LAPERHOUSE, LLC
                One Shell Square
                701 Poydras St., Suite 4800
                New Orleans, Louisiana 70139-4800
                Telephone: (504) 654-1307

*Attorney for Lexington Insurance Company, Audubon Insurance Company, AIU Insurance Company, AIG Centennial Insurance Company, American General Property Insurance Company, AIG Casualty Company, National Union Fire Insurance Company of Louisiana, and National Union Fire Insurance Company of Pittsburgh, PA*

## **CERTIFICATE**

I hereby certify that I caused a copy of the foregoing Joinder In And Consent To Removal, And Supplemental Bases For Removal, By Certain Member Companies Of American International Group, Inc. to be served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, on this 27th day of September 2007.

/s/ / Robert I. Siegel