UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ NO.  05-4182 "K"(2)<br>§ JUDGE DUVAL<br>§ MAGISTRATE WILKINSON<br>§<br>§ |
| PERTAINS TO:  ROAD HOME<br>*Louisiana State*  C.A. No. 07-5528 | §<br>§ |

## STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL APPLICABLE TO FARMERS INSURANCE EXCHANGE, FOREMOST INSURANCE COMPANY, FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY, AND <u>FOREMOST SIGNATURE INSURANCE COMPANY</u>

Defendants Farmers Insurance Exchange, Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company (sometimes referred to collectively as "Farmers"), respectfully submit this statement of supplemental grounds for removal ("Supplemental Statement").  Farmers adopts all the arguments set forth in the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively "Allstate") that federal jurisdiction exists in this action.  Farmers also endorses the arguments advanced by State Farm Fire and Casualty Company and State Farm General Insurance Company ("State Farm") in its supplemental statement in support of removal in which State Farm likewise contends that the exercise of federal jurisdiction is proper in this matter.  In this Supplemental Statement, Farmers provides additional support for the arguments set forth by Allstate and State Farm in favor of federal jurisdiction as these arguments relate to Plaintiff's claims against Farmers.

1

On September 27, 2007, Farmers filed a consent to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively "Allstate") in this matter.

1. On August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Case No. 07-8970.

2. On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition" or "Am. Petition"). The named Plaintiff is the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development. (Am. Petition ¶ 17.) Over two hundred foreign and domestic insurance carriers are named as defendants, including Farmers Insurance Exchange, Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company.[1] (Am. Petition ¶ 18.)

---

[1] Plaintiff also named Farmers Insurance Group as a defendant in this action. However, there is no such legal entity as Farmers Insurance Group (*i.e.* there is no interinsurance exchange or reciprocal, corporation, partnership, association, agency, unincorporated association, or other entity by this name). Farmers Insurance Group is not now and has never been licensed to transact insurance in any state in the United States. It is, however, a federally registered service mark registered with the United States Patent and Trademark Office and used for business promotional purposes by certain of the Farmers insuring entities.

3. In its Petition, as amended and restated, Plaintiff requests, on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that damage to putative class member's homes due to Hurricanes Katrina and Rita is covered by homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4. Farmers Insurance Exchange received service of the amended Petition through the Louisiana Secretary of State on August 28, 2007. Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company each received service of the amended Petition through the Louisiana Secretary of State on August 28, 2007. This Supplemental Statement therefore is timely filed within thirty days of service of the petition on Farmers.

5. As established by Allstate in its removal notice, this action satisfies all the requirements for removal under CAFA because it is a putative class action in which:

- there are 100 or more members in the proposed class;[2]

- at least some members of the proposed class have a different citizenship from some defendants[3]; and

- the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate.[4]

---

[2] Allstate Notice of Removal ¶¶ 11-12.

[3] *Id.* ¶¶ 13-15.

[4] *Id.* ¶¶ 16-23.

3

Moreover, none of CAFA's exceptions to federal jurisdiction apply. Specifically, this case is not subject to the local controversy exception because (1) numerous class actions involving "the same or similar factual allegations"– that the Insurance Company Defendants did not adequately compensate policyholders for hurricane losses – have been filed in the past three years against Farmers and the other Insurance Company defendants in this action,[5] and (2) "significant relief" is not being sought from the non-diverse – and fraudulently misjoined – defendants. 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), (4)(A)(ii). (Allstate Notice of Removal ¶¶ 24-40.) Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants." (*Id.* ¶¶ 41-46.)

6. Plaintiff's claims against Farmers also clearly satisfy the requirements for removal pursuant to CAFA when considered as a separate action.

7. First, there are more than 100 potential class members. (Ex. A, Deephouse Aff. ¶ 4; Ex. B, Mulder Aff. ¶ 4.) The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that, of homeowners insurance in Louisiana, Farmers had a market share of 4.4%, by written premiums, in 2005. The Amended Petition alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition

---

[5] Farmers entities were named as defendants in the following putative class actions identified in paragraph 27 of Allstate's Notice of Removal: *Chehardy (from which Farmers Insurance Exchange was dismissed on March 16, 2006), Abadie, Terrebone,* and *In re Katrina Canal Breaches Consolidated Litigation.* In addition, the following additional putative class have been filed against Farmers entities: *Aaron v. AIG Centennial Insurance Co.*, No. 06-4746 (E.D. La.); *Craddock v. Safeco Insurance Co. et al.*, No. 05-0635 (E.D. La.) (from which Farmers Group, Inc. was dismissed on April 5, 2006 and Farmers Insurance Exchange and Foremost Signature Insurance Co. were dismissed on May 18, 2006).

¶ 10.) Though only the holders of property insurance would be putative class members, application of Farmers' 4.4% market share to those alleged numbers yields a putative class of Farmers insureds that plainly exceeds 100. In fact, Plaintiff alleges that there are "tens of thousands of class members." (Am. Petition ¶ 21(b).) Applying Farmers' 4.4% market share to the smallest number of class members alleged by Plaintiff (10,000), results in a potential class size of over 400 Farmers insureds.

8. Second, the proposed putative class includes current and former citizens of Louisiana. (Am. Petition ¶ 22.) It is apparent, therefore, that at least one putative class member is a citizen of Louisiana. For purposes of CAFA, the Farmers defendants are not citizens of Louisiana.[6] Defendant Farmers Insurance Exchange is a reciprocal or inter-insurance exchange organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California. (Ex. A, Deephouse Aff. ¶ 5.) Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company are stock insurance companies that are citizens of Michigan. (Ex. B, Mulder Aff. ¶ 5.) Thus, there exists minimal diversity between at least one purported class member and the Farmers defendants.

9. Third, the $5 million jurisdictional threshold is also satisfied as to Farmers alone. (Ex. A, Deephouse Aff. ¶ 4; Ex. B, Mulder Aff. ¶ 4.) Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. 28 U.S.C. §§ 1332(d)(2)

---

[6] *See* 28 U.S.C. § 1332(d)(10) (an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized); *Senate Judiciary Committee Report on the Class Action Fairness Act of 2005*, S. Rep. No. 109-14 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 43 (stating that "new subsection 1332(d)(10)" is intended to apply to, inter alia, "reciprocal insurance associations").

and 1332(d)(6). Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants." S. Rep. 109-14, at 43; *see also St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250; *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d § 3710 (3d ed. 1998).

10. The Amended Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion." (Am. Petition ¶ 10.) Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition ¶ 10.)

11. Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the fact that Farmers represented approximately 4.4% of the covered premises, the putative class members' claims against Farmers alone satisfy the $5,000,000 jurisdictional amount.

**WHEREFORE**, Farmers Insurance Exchange, Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Dated this 27th day of September, 2007.

>Respectfully submitted,
>
>PHELPS DUNBAR LLP
>
>/s/_____
>
>Marshall M. Redmon, Esq.
>Louisiana Bar No. 18398
>City Plaza
>445 North Boulevard, Suite 701
>Baton Rouge, LA 70802
>Phone: (225) 346-0285
>Fax: (225) 381-9197
>e-mail: redmonm@phelps.com
>
>Of Counsel:
>
>Andrew L. Sandler (admitted pro hac vice)
>Amy Sabrin (admitted pro hac vice)
>Victoria Holstein-Childress, Louisiana Bar No. 28611
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>1440 New York Avenue, NW
>Washington, DC 20005
>(202) 371-7000
>Fax (202) 393-5760
>
>**ATTORNEYS FOR**
>**FARMERS INSURANCE EXCHANGE,**
>**FOREMOST INSURANCE COMPANY,**
>**FOREMOST PROPERTY AND**
>**CASUALTY COMPANY, AND**
>**FOREMOST SIGNATURE**
>**INSURANCE COMPANY**

## CERTIFICATE

I hereby certify that a copy of the foregoing Statement Of Supplemental Grounds For Removal Applicable To Farmers Insurance Exchange, Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company has been served upon all counsel of record counsel of record by electronic notice via the Court's CM/ECF System, on this 27th day of September, 2007.

PHELPS DUNBAR LLP

/s/_____

Marshall M. Redmon, Esq.
Louisiana Bar No. 18398
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, LA 70802
Phone: (225) 346-0285
Fax: (225) 381-9197