UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182<br>SECTION: "K"(2) |
| PERTAINS TO: ROAD HOME<br>*Louisiana State*, C.A. No. 07-5528 | JUDGE: DUVAL<br>MAGISTRATE: WILKINSON |

**STATEMENT OF CONCURRENCE AND JOINDER IN NOTICE OF REMOVAL AND SUPPLEMENTAL BASES FOR REMOVAL BY AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY, ANPAC LOUISIANA INSURANCE COMPANY, AND AMERICAN NATIONAL INSURANCE COMPANY**

**NOW INTO COURT**, through undersigned counsel, come defendants, American National Property And Casualty Company ("ANPAC"), American National General Insurance Company ("ANGIC"), ANPAC Louisiana Insurance Company ("ANPLA"), and American National Insurance Company ("ANICO")(collectively referred to as the "ANPAC Defendants"), and respectfully represent to this Honorable Court the following:

1.

On September 11, 2007, defendants, Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company ("Allstate Defendants") filed *Certain Defendants'*

*Notice of Removal* (No. 07-5528, Rec.Doc. 1) and, thereby, removed the entire civil action entitled *The State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles G. Foti, Jr., The Attorney General for the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program v. AAA Insurance, et al.*, Civil Action No. 2007-8970, Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

2.

ANPAC Defendants concur in and join *Certain Defendants' Notice of Removal* filed by the Allstate Defendants and all supplemental bases for removal asserted by any other defendant, including, but not limited to, the State Farm Defendants (Rec.Doc. 7866) and the Hartford and Travelers Defendants (Rec.Doc. 7875).  ANPAC Defendants further consent to the removal of this civil action by any other defendant filing a separate notice.  ANPAC Defendants also submit the following supplemental bases for removal of this matter to the United States District Court for the Eastern District of Louisiana.

3.

On August 23, 2007, plaintiff, The State of Louisiana, individually, and on behalf of State of Louisiana, Division of Administration, Office of Community Development ("State of Louisiana"), filed *The State of Louisiana's Class Action Petition for Damages and Declaratory and Injunctive Relief* ("*Class Action Petition*") in the Civil District Court for the Parish of Orleans, State of Louisiana.  On August 29, 2007, plaintiffs subsequently filed *The State of Louisiana's First Amended and Restated Class Action Petition for Damages and Declaratory*

*and Injunctive Relief* ("*Amended Class Action Petition*") in the Civil District Court for the Parish of Orleans, State of Louisiana. The State of Louisiana brought this civil action "individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipients of funds through The Road Home Program." (*Amended Class Action Petition*, Caption and Preamble). The defendants are over two hundred foreign and domestic insurance carriers, including the ANPAC Defendants. (*Amended Class Action Petition*, ¶ 18).

4.

The *Amended Class Action Petition* seeks to recover from the insurer defendants insurance proceeds or benefits that the State of Louisiana alleges should have been paid, or that may be paid in the future, under homeowners insurance policies allegedly issued by the insurer defendants to current and eligible and/or future recipients of funds through The Road Home Program. The *Amended Class Action Petition* asserts multiple claims against all of the insurer defendants on behalf of the State of Louisiana and the alleged putative class members, which claims include the following: (1) alleged breach of and demand for payment under the Louisiana Valued Policy Law, LSA-R.S. § 22:695 ("VPL")(*Amended Class Action Petition*, ¶¶ 73-79); (2) alleged breach of the respective homeowners insurance contracts (*Amended Class Action Petition*, ¶¶ 80-84); (3) alleged breach of implied covenant of good faith and fair dealing (*Amended Class Action Petition*, ¶¶ 85-90); (4) alleged breach of fiduciary duty (*Amended Class Action Petition*, ¶¶ 91-97); and (5) alleged violations of LSA-R.S. §§ 22:658 and 22:1220(*Amended Class Action Petition*, ¶¶ 98-107).

5.

The *Amended Class Action Petition* further seeks relief in the form of, *inter alia*, declarations stating the following: (a) the efficient proximate cause of losses suffered by putative

class members was windstorm, which plaintiff contends is a covered peril under the putative class members' homeowners insurance policies; (b) the second efficient proximate cause of their losses was storm surge, which plaintiff contends is not excluded under the putative class members' homeowners insurance policies; (c) the damage caused by water entering affected parishes of Louisiana does not fall within the definition of "flood" under the putative class members' homeowners insurance policies; (d) the damages caused by water entering Orleans Parish and the surrounding area was a result of "negligent failure" of the levee system and was a man-made occurrence allegedly covered under the putative class members' homeowners insurance policies; (e) many putative class members allegedly suffered total losses of their residences; and (f) many putative class members allegedly are entitled to recover the full value for their residences as allegedly stated on their respective homeowners insurance policies under the VPL. (*Amended Class Action Petition*, ¶ 46 (a)-(f)). Accordingly, the claims being presented in the *Amended Class Action Petition* are substantively identical to claims asserted in numerous other class actions and other lawsuits previously filed and/or pending in this Honorable Court. *e.g.*, *Susan Abadie, et al. v. Aegis Security Insurance Company, et al.*, No. 07-5112 (E.D.La.); *Connie Abadie, et al. v. Aegis Security Insurance Company, et al.*, No. 06-5164 (E.D.La.); *Winston, Sr. & Donna Aaron, et al., v. AIG Centennial Insurance Company, et al.*, No. 06-4746 (E.D.La.); and *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (E.D.La.), *Insurance Master Consolidated Class Action Complaint* (Rec.Doc. 3413).

6.

This *Statement of Concurrence and Joinder in Notice of Removal and Supplemental Bases for Removal* is being timely "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

upon which said action or pleading is based." 28 U.S.C. § 1446(b); *Murphy Bros. v Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-8, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999)("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). This *Statement of Concurrence and Joinder in Notice of Removal and Supplemental Bases for Removal* is being filed within thirty days of August 28, 2007, the date on which the first defendants were served through the Louisiana Secretary of State with a copy of the *Class Action Petition*. ANPAC Defendants' concurrence, joinder and supplemental bases for removal, therefore, are timely in accordance with 28 U.S.C. § 1446(b).

7.

Venue is proper in this judicial district under 28 U.S.C. § 1391(a). The pleadings filed into the record of the Civil District Court for the Parish of Orleans, State of Louisiana, were attached to *Certain Defendants' Notice of Removal* filed by the Allstate Defendants in accordance with 28 U.S.C. § 1446(a).

8.

This Honorable Court has jurisdiction over this civil action and is removed by the ANPAC Defendants under the Multiparty, Multiforum Trial Jurisdiction Act of 2002, 28 U.S.C. §§ 1369 and 1441(e)(1)(A).

9.

This civil action is also removed under 28 U.S.C. § 1441(e)(1)(B) and, in accordance with 28 U.S.C. § 1441(e)(5), this civil action "shall be deemed to be an action under section

1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785 of this title."

10.

This Honorable Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of the absent putative class members and over some or all of the claims asserted against the ANPAC Defendants, even if this Honorable Court would otherwise lack jurisdiction if any of these claims were brought independently.

**REMOVAL BASED UPON MULTIPARTY, MULTIFORUM TRIAL JURISDICTION ACT OF 2002, 28 U.S.C. §§ 1369 and 1441(e)(1)(A)**

11.

This civil action is properly removed in accordance with the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1)(A).

12.

Under the MMTJA, a federal district court shall have original jurisdiction over "any civil action" involving minimal diversity between adverse parties that arises from a "single accident," which means a "single [sudden accident]" or "single [natural event culminating in an accident]," in which at least 75 natural persons have died at a discrete location. 28 U.S.C. § 1369(a) and (c)(4). This civil action "arises from a single accident, where at least 75 natural persons have died" at a "discrete location" because of a "sudden accident, ***or*** natural event culminating in an accident" as defined in 28 U.S.C. § 1369(c)(4)(emphasis added). Moreover, the "minimal diversity" requirement of the MMTJA is also met because "a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless or whether the defendant is also a resident of the State where a substantial part of the accident took place." 28 U.S.C. § 1369(a)(1).

13.

On the morning of August 29, 2005, Hurricane Katrina made landfall in southeast Louisiana. It is undisputed and well documented that the events of Hurricane Katrina, including hurricane force winds, devastating storm surge, and flooding—including, but not limited to, flooding from the failure of levees and flood walls that plaintiff describes as "failure of the greater New Orleans ***levee system***" (*Amended Class Action Complaint*, ¶ 46(d))(emphasis added)—impacted the discrete location of the greater New Orleans area resulting, *inter alia*, in the deaths of over a thousand people. *See* 28 U.S.C. § 1369(a)(3)(the discrete location requirement must be interpreted broadly because "substantial parts of the accident [may take] place in different States.") Hurricane Katrina and/or the resulting flooding, including, but not limited to, flooding from the alleged "failure of the greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d)), constitute "a sudden accident, ***or*** natural event culminating in an accident" that meets the requirement of "a single accident, where at least 75 natural persons have died in the accident in a discrete location" to support jurisdiction under the MMTJA. 28 U.S.C. § 1369(a) and (c)(4)(emphasis added).

14.

The events of Hurricane Katrina, and the death and destruction left in its wake, have also been found by the United States District Court for the Middle District of Louisiana to support jurisdiction in a removal to federal court under the MMTJA in *Chehardy, et al. v. Louisiana Ins. Com., et al.*, No. 05-1140 (M.D.La. 3/16/06). *See Flint v. Louisiana Farm Bureau Mutual Insurance Company*, No. 06-2546, 2006 WL 2375593 (E.D.La. 8/15/2006)("In Judge Polozola's Order transferring *Chehardy* to this Court, the Judge noted that jurisdiction existed in *Chehardy*

under 28 U.S.C.§ 1369."). In his Minute Entry dated March 16, 2005 in *Chehardy*—an insurance class action case arising out of Hurricane Katrina with substantially identical claims and allegations against some of the very same insurance carriers that arise out of some of the same transactions and occurrences covered in the *Amended Class Action Petition*—the Honorable Frank Polozola found, *inter alia,* that jurisdiction and removal were proper under the MMTJA, 28 U.S.C. § 1369.[1]

15.

There is no jurisdictional limit or minimum amount in controversy under the MMTJA. *See* 28 U.S.C. § 1369; Adomeit, *The Station Nightclub Fire and Federal Jurisdictional Reach: The Multidistrict, Multiparty, Multiforum Jurisdiction Act of 2002*, 25 W. New Eng. L. Rev. 243, 249. Accordingly, this Honorable Court may exercise jurisdiction under the MMTJA regardless of whether any single claim meets the minimal amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a).

16.

A district court may only abstain from hearing a civil action under the MMTJA where "a 'substantial majority' of the plaintiffs and the 'primary defendants' are all citizens of the same state." H.R. Conf.Rep. No. 107-685, at 201, *reprinted in* 2002, U.S.C.C.A.N. at 1153; *see also Passa v. Derderian*, 308 F.Supp.2d at 61 ("For abstention to be required under the statute, both

[1] ANPAC Defendants recognize that this Honorable Court has rejected the MMTJA as a basis for federal jurisdiction for Hurricane Katrina cases, *e.g.*, *Case v. ANPAC Louisiana Insurance Co.*, No. 06-7390, however, this Honorable Court has also recognized a split on this issue with the United States District Court for the Middle District of Louisiana regarding the applicability of the MMTJA to Hurricane Katrina cases. *See Flint*, *supra*. ("In Judge Polozola's Order transferring *Chehardy* to this Court, the Judge noted that jurisdiction existed in *Chehardy* under 28 U.S.C.§ 1369."). Defendants believe in good faith that their arguments are well-founded—even though this Honorable Court previously disagreed on this issue—because Judge Polozola found that jurisdiction under the MMTJA existed over a substantially identical class action arising out of Hurricane Katrina. *See Chehardy*, *supra*. The United States Fifth Circuit Court of Appeals also indicated that the MMTJA may be appropriate to support federal jurisdiction over similar Hurricane Katrina claims in *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697 (5th Cir. 2006)(Fifth Circuit did not dispute or question defendant-appellant's contention that Hurricane Katrina was the requisite "accident" for purposes of jurisdiction under the MMTJA, even though doing so would have summarily disposed of the issue without need to remand for further evaluation under the MMTJA).

the substantial majority of all plaintiffs and the primary defendants must all reside in a single state"). The District Court "interprets the term 'primary defendants' as including all defendants facing direct liability." *Id*. at 62. Many of the more than two hundred insurance carriers made defendants in this litigation—including most of the ANPAC Defendants—are alleged to be "defendants facing direct liability," *Id*., and citizens of different states from that of plaintiff so that the abstention provision in the MMTJA does not apply. (*See Amended Class Action Petition*, ¶ 18). Removal of this matter to federal court, therefore, is proper under the MMTJA, 28 U.S.C. §§ 1369 and 1441(e)(1)(A).

**REMOVAL UNDER 28 U.S.C. § 1441(e)(1)(B) WITH JURISDICTION DEEMED TO EXIST UNDER 28 U.S.C. § 1369 BASED UPON 28 U.S.C. § 1441(e)(5)**

17.

In the alternative, and should this Honorable Court find that there is no original subject matter jurisdiction under the MMTJA, this civil action is properly removed under 28 U.S.C. § 1441(e)(1)(B), and in accordance with 28 U.S.C. § 1441(e)(5), this civil action "shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785 of this title."

18.

A lawsuit filed in state court may be removed under 28 U.S.C. § 1441(e)(1)(B) if "the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter." *See also Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir.2006).

19.

A lawsuit filed in state court that does not independently meet the jurisdictional requirements under the MMTJA may nevertheless be removed to federal court under 28 U.S.C. § 1441(e)(1)(B) and "shall be deemed" to be an action under and for which jurisdiction is based upon 28 U.S.C. § 1369. Removal under 28 U.S.C. § 1441(e)(1)(B) is not based upon subject matter jurisdiction but is a legal mechanism to bring into federal court all cases arising out of a requisite accident for coordination and consolidation of pretrial proceedings. *See* 28 U.S.C. § 1407; and *Wallace, supra*.

20.

Once a civil action is properly removed under 28 U.S.C. § 1441(e)(1)(B), federal law provides that the lawsuit "shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785." 28 U.S.C. § 1441(e)(5). In *Passa v. Derderian*, 308 F.Supp.2d. 43 (D.R.I. 2004), the district court determined that once a civil action was properly removed under 28 U.S.C. § 1441(e)(1)(B), the case would "be deemed" to have original subject matter jurisdiction under 28 U.S.C. § 1369 even though the case did not independently meet the jurisdictional criteria under the MMTJA.

21.

Removal of this matter to federal court under 28 U.S.C. § 1441(e)(1)(B) is also appropriate because some of the ANPAC Defendants have been named as defendants in other lawsuits arising out of the same "single [sudden accident]" or "single [natural event culminating in an accident]." One of these other lawsuits in which some of the ANPAC Defendants have also been named as defendants is *Winston, Sr. & Donna Aaron, et al., v. AIG Centennial*

*Insurance Company, et al.*, No. 06-4746 (E.D.La.)(No. 06-4746, Rec.Doc. 1). The *Aaron* lawsuit alleges that "plaintiffs' properties were severely damaged and/or destroyed" because of Hurricane Katrina and the "consequent failure of levees." (No. 06-4746, Rec.Doc. 1). The *Aaron* lawsuit further alleges that "[t]his Court has jurisdiction in this matter pursuant to 28 USCA 1369 in that this is a civil action for damages involving minimal diversity between adverse parties that arises from a single accident where at least seventy-five (75) natural persons have died in the accident in a discrete location." (No. 06-4746, Rec.Doc. 1, ¶ 5).

22.

Some of the ANPAC Defendants have been named in several other lawsuits that also arise out of the same "single [sudden accident]" or "single [natural event culminating in an accident]" because of Hurricane Katrina and/or the resulting flooding, including, but not limited to, flooding from the failure of the levees and flood walls and/or the alleged "failure of the greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d)), that are also pending in federal court that further support removal and jurisdiction under 28 U.S.C. § 1441(e)(1)(B) and (e)(5). *e.g.*, *Susan Abadie, et al. v. Aegis Security Insurance Company, et al.*, No. 07-5112 (E.D.La.); *Connie Abadie, et al. v. Aegis Security Insurance Company, et al.*, No. 06-5164 (E.D.La); *Jerald M. Alexander Sr., et al. v. Automobile Club Inter-Insurance Exchange, et al.*, No. 07-4538 (E.D.La.); and *Joseph Aguilar, III, et al. v. Alea London Limited, et al.*, No. 07-4852 (E.D.La.).

23.

This civil action was properly removed in accordance with 28 U.S.C. § 1441(e)(1)(B), and in accordance with 28 U.S.C. § 1441(e)(5), this civil action "shall be deemed" to have

original subject matter jurisdiction under 28 U.S.C. § 1369 even should this civil action be found not to independently meet the jurisdiction criteria under the MMTJA.

**REMOVAL OF CLAIMS BY PUTATIVE CLASS MEMBERS BASED UPON SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367**

24.

As set forth above, and in accordance with *Certain Defendants' Notice of Removal*, this Honorable Court has jurisdiction over the claims asserted against the ANPAC Defendants. This Honorable Court may exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367, therefore, over the claims of the unnamed putative class members who are alleged in the *Amended Class Action Petition* to be insured by the ANPAC Defendants, if any, even if the claims of some or all of those unnamed putative class members do not exceed the jurisdictional amount. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (where one representative plaintiff in a putative class action satisfies the jurisdictional amount, federal courts have the authority to exercise supplemental jurisdiction over the claims of the remaining plaintiffs and the putative class members).

25.

This Honorable Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over some or all of the claims asserted against the ANPAC Defendants, even if this Honorable Court would otherwise lack jurisdiction if any of these claims were brought independently. *Exxon Mobil Corp.*, 545 U.S. at 559, 125 S.Ct. at 2620-1 ("The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.")

**WHEREFORE**, defendants, American National Property And Casualty Company, American National General Insurance Company, ANPAC Louisiana Insurance Company, and American National Insurance Company, hereby concur in and join the removal of this action and provides the foregoing supplemental bases for removal and respectfully asserts that jurisdiction is proper and that this civil action should be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 834-6500
Fax: (504) 834-6565

**BY:** ***/s/ Christopher R. Pennison***
**JAY M. LONERO, T.A. (No. 20642)**
**jlonero@lwp-law.com**
**CHRISTOPHER R. PENNISON (No. 22584)**
**cpennison@lwp-law.com**
**ANGIE ARCENEAUX AKERS (No. 26786)**
**aakers@lwp-law.com**

**ATTORNEYS FOR AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY, ANPAC LOUISIANA INSURANCE COMPANY, AND AMERICAN NATIONAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

***/s/ Christopher R. Pennison***