UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br>LEVEE:<br>C.R. PITTMAN CONSTRUCTION<br>COMPANY, INC.<br>V.<br>UNITED STATES (07-2771) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKERSON |

### DECLARATION OF ANGELA JEAN DRINKWITZ

**COMES NOW** Angela Jean Drinkwitz, and states the following:

I am a paralegal with the United States Army Corps of Engineers, New Orleans District. I am the claims administrator for the District and have responsibility for the administration of all claims filed against the District through the Federal Tort Claims Act. As such, I would have personal knowledge of any administrative claim for wrongful death, personal injuries and/or property damages that is filed with the District and the Agency under the provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671 *et seq.* In particular the provisions of 28 U.S.C. Sections 2672 and 2675, require that a written administrative claim, setting forth a sum certain demand for damages from the agency, be filed with the Agency by any claimant who alleges that the Agency acted negligently and is responsible for the loss. The written administrative claim is a prerequisite to filing a cause of action in United States District Court.

1


GOVERNMENT EXHIBIT 1

A review of records in the New Orleans District indicates that C.R. Pittman Construction Co., Inc. filed a claim with this agency on 28 February 2007, and was assigned Claim Number 07N15T0070742. The assignment of a claim number does not, in itself, constitute the submission of a valid claim under the statute. Under the provisions of 28 U.S.C. Section 2675(a), filing suit is permitted after the passage of six months from the filing date of the claim.

I verify under penalty of perjury, in accordance with 28 U.S.C. 1746, that the foregoing is true and correct.

DATED this 10th day of September 2007.

ANGELA JEAN DRINKWITZ

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| United States of America, Department of the Army, Corp of Engineers, U.S. Army Engineer District, New Orleans P.O. Box 60267, CEMVN-OC New Orleans, Louisiana 70160-0267 | C.R. Pittman Construction Co., Inc. Lolita P. McCann 821 Baronne St. New Orleans, La 70122 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| MILITARY  CIVILIAN | | | Monday, August 29, 2005 | unknown |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Address: 3021 Franklin Ave. New Orleans, LA 70122

8a

The hurricane protection levees and hurricane walls which were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005. The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers' negligence in granting a permit to the Sewerage and Water Board to dredge the 17th Street Canal and in the design and construction of these levees and walls and the Mississippi River Gulf Outlet. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of the claimant.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) Damage for equipment, machinery & any consequential loss. Destruction of real and personal property resulting from water damage; loss of opportunity to purchase a sufficient amount of flood insurance, to modify the property, or to relocate as a result of fraud and/or concealment by the U.S. Army Corps of Engineers.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Personal injury and mental distress

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Claimant is not aware of any witnesses at this time. | |

12. (See instructions on reverse) AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $5,900,00.00 | | | $5,900,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| CR Pittman Const.Co.Inc. per Lolita P McCann | 504-947-4771 | 2/27/07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

07N15T
0070742

FEB 28 2007

GOVERNMENT EXHIBIT 2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project 11105-
0008, Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? None that would cover this claim. Yes, if yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? Not applicable    16b. If deductible, state amount

7. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? Not applicable

18. Do you carry public liability and property damage insurance?    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code)

yes

Eustis Insurance
1340 Poydras Street, Suite 1900
New Orleans, LA  70112

SF 95 (Rev. 7-85) BACK



NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267

OFFICIAL BUSINESS
CEMVN-OC

REPLY TO
ATTENTION OF

23 July 2007

Office of Counsel

LOLITA P MCCANN
821 BARONNE ST
NEW ORLEANS LA 70113-1102

SUBJECT: Claim of LOLITA P MCCANN, Claim Number (07N15T0070742)

Dear Sir or Madam:

The subject claim was received on 28 February 2007. A copy of the claim, with the date-stamp from this office reflecting the date of receipt, is attached. **If the claim is properly presented within the prescribed statutory time limits**, it will be processed under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 2671-2680 or the Admiralty Extension Act (AEA), Title 46, United States Code app., Section 30101, as appropriate.

Due to the massive volume of claims filed in relation to Hurricane Katrina, **the Army has not reviewed the attached claim and has not determined if a properly presented claim has been filed.** Accordingly, please review the attached claim to determine if it complies with the requirements necessary to present a valid FTCA or AEA claim. The following items on the Standard Form (SF) 95 (Claim for Damage, Injury or Death) claim form **must** be completed to properly present a claim:

   1. There must be a name in Block 2 (Name, Address of claimant and claimant's personal representative, if any); and

   2. Block 8 (Basis of Claim) must include a description of the nature of the alleged damage, injury or death with sufficient information to permit the Army to investigate the merits of the claim and assign it a monetary value; and

   3. An exact dollar amount must be recorded in one or more Blocks of 12a-12c (Property Damage, Personal Injury and/or Wrongful Death) and in Block 12d (Total) for the specific damages; and

   4. Block 13a (Signature of Claimant) must be signed by the claimant or authorized representative who has written authority to sign the claim form on the claimant's behalf.

   5. Each person wanting to present a properly filed claim must individually file his/her own claim and satisfy the above noted requirements. If multiple claimants are listed on the same claim form, each claimant must separately describe the nature of the damage, injury, or death alleged and state the specific amounts of damages each claimant is demanding.

An SF 95 claim form does not have to be used. However, the foregoing information must nevertheless be provided with the claim.

**If, after reviewing the attached claim, you find one or more of the above deficiencies, the CLAIM HAS NOT BEEN PROPERLY PRESENTED and you must file a new claim with the required corrections within two years of the date of the alleged damage, injury or death in order to present a properly filed claim under the FTCA. Moreover, the filing of a new claim under the AEA will not be properly filed unless the new claim is filed within 18 months of the date of the alleged damage, injury or death.**

The following general information is provided concerning the FTCA and AEA:

a. The FTCA and AEA both contain a mandatory six-month period for the administrative investigation of a properly filed claim and claim settlement.

b. The FTCA permits suit to be filed six months after the claim was filed if the Army has not taken final administrative action on the claim, provided the claim has been properly filed. Title 28, United States Code, Section 2675(a). However, filing suit is not required. If suit is not filed, the statute of limitations will be tolled until the claimant is notified by the Army in writing, by certified or registered mail, of the final denial of the claim.

c. Under the AEA, suit **must** be filed within 2 years after the date of the alleged damage, injury or death.

If a claim has been properly filed, there is no need to submit any additional information or respond to this letter at this time. **However, an improperly filed claim does not toll the statute of limitations under the FTCA or AEA and a new claim must be properly filed within two years under the FTCA and 18 months under the AEA from the date of the alleged damage, injury or death.**

Sincerely,

Angela Jean Drinkwitz
Claims Administrator

Enclosure

JUL 18 2006



# C.R. PITTMAN CONSTRUCTION CO., INC.
821 BARONNE ST.•NEW ORLEANS, LOUISIANA 70113• (504) 947-4771 • FAX: (504) 947-4811

July 13, 2006

**FAX &
CERTIFIED MAIL**

**Mr. Alan F. Hunter, P.E.**
Administrative Contracting Officer
Westbank Resident Office
Department of the Army
New Orleans District, Army Corps of Engineers
P.O. Box 60267
New Orleans, LA 70161-0297

**GOVERNMENT EXHIBIT 3**

Reference:   Contract No. DACW29-00-C-0093,
Southeast Louisiana, Louisiana
Orleans Parish Louisiana
Dwyer Road Drainage Pumping Station
CR2002-1347

Subject:   FORMAL NOTICE – The United Stated Army Corps of Engineers are Hereby Notified That in Accordance with the Project Contract Documents, in Particular Section 01100 Titled – "General Provisions" Paragraph Number Two (2), Titled "Damage To Work" it is the USACOE'S Responsibility and Obligation to Make Provisions for an Equitable Adjustment in the Contract Pursuant to the Section 00700 Clause Entitled, CHANGES [FAR 52.243-4], for Damage to All Parts of the Work Caused by Flood, Earthquake, Hurricane or Tornado.

Dear Sir:

As you are aware and as a result of Hurricane Katrina there are numbers of items that are part of the "permanent work", which pursuant to the terms and conditions of the contract, subsequently modified via a

contract change, were stored at 3021 Franklin Avenue, New Orleans, Louisiana 70122 which have been damaged. Because of these changes, when the "equipment" was fabricated and ready to ship to the job site, the project was not in a position to accept and install the equipment. C.R. Pittman received the bills for this equipment from its subcontractors, forwarded these bills to the USACOE which in turn paid C.R. Pittman who paid its suppliers and subcontractors. These pieces of equipment, project components, materials, etc. were finished and simply had to be installed once the project was at the point where it could be installed.

Unfortunately, which today is common public knowledge, Hurricane Katrina hit New Orleans and (as the Army Corps of Engineers has now admitted because of faulty design to the levee system) Gentilly and numerous other areas of New Orleans were inundated with flood waters. The equipment stored at C.R. Pittman is unarguably damaged, but at no time has anyone from the Corps of Engineers had any piece tested to attain the extent of damage, only a visual inspection to acknowledge flooding has occurred. The USACOE has an obligation to inspect and test the "Government Equipment" to determine whether it is damaged beyond repair and new equipment purchased or if the equipment can be refurbished/refabricated and made available for timely installation.

According to the contract between CRPCCI and the United States Army Corps of Engineers, and also discussed in the preconstruction conference, page 01100-2 DAMAGE TO WORK, is the contractual obligation and responsibility of the USACOE.

> "The responsibility for damage to any part of the permanent work shall be set forth in the section 00700 clause entitled "Permits and Responsibilities (FAR-52, 236-7) However, if, in the Judgment of the contracting officer, any part of the permanent work performed by the contractor is damaged by **flood, earthquake, hurricane,** or tornado which damage is not due to the failure of the contractor to take reasonable precautions or to exercise sound engineering and construction practices in the conduct of the work, the contractor shall make repairs as ordered by the contracting officer and full compensation for such repairs will be made at the applicable contract unit price or lump sum prices as fixed and established in the contract. If in the opinion of the Contracting Officer, there are no contract unit or lump sum prices applicable to any part of such work, an equitable adjustment shall be made pursuant to the Section 00700 Clause

entitled, Changes (FAR 52.243-4). Except as herein provided, damage to all work (including temporary construction), utilities, materials, equipment and plant shall be repaired to the satisfaction of the Contracting Officer at the Contractor's expense, regardless of the cause of such damage."

Clearly, this work was damaged by the flood and hurricane and there has been no allegation that it was due to the failure of C. R. Pittman to take reasonable precautions or to exercise sound engineering in construction practices. As the flooding of the City of New Orleans was clearly unforeseen by all parties and due to the hurricane it is CRPCCI's position that the responsibility for this equipment clearly rest with the Army Corps of Engineers. Therefore, it is the U.S. Army Corps of Engineers responsibility to pay for the inspection, refabrication, refurbishment or replacement of this equipment.

At this time we stand ready to proceed to address this matter with the USACOE in accordance with the applicable contract document clause, CHANGES.

Sincerely,

C.R. Pittman Construction Company, Inc.

C. R. Pittman

Copy:   Mr. James Barr, USACOE, Contracting Officer
        ✓Ms. Diane K. Pecoul, USACOE, Contracting Officer
        Ms. Kelly Gele', USACOE, Contracting Officer
        Mr. Charles R. Zammit, USACOE Contracting Officer
        Mr. Robert Guillot, USACOE, Project Manager
        Mr. Virgil M. Stuart, Brown, Cunningham, Gannuch
        Mr. Richard T. Bostwick, St. Paul Travelers
        Mr. Robert Capron, St. Paul Travelers
        Mr. Scott Guyette, St. Paul Travelers
        Wiedemann & Wiedemann
        Galloway, Johnson, Tompkins, Burr & Smith
        Gerald A. Melchiode
        Ricci & Giepert
        Sen. Mary Landrieu
        Sen. David Vitter