UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| PERTAINS TO:   BARGE 06-5342 (LAGARDE) | * * * * * | JUDGE DUVALL MAG. WILKINSON |

* * * * * * * * * * * * * * * * *

FILED: _____       _____
                                                            DEPUTY CLERK

### ANSWER TO THIRD PARTY COMPLAINT OF LAFARGE

NOW INTO COURT, through undersigned counsel, comes third party defendant, The Orleans Levee District (incorrectly referred to as The Board of Commissioners for the Orleans Levee District), and for answer to this Third Party "Complaint" of Lafarge, respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this third party defendant for which relief can be granted.

1

## SECOND DEFENSE

As to all actions and inactions as alleged in the Complaint, third party defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, third party defendant is entitled to a limitation of liability for general damages.

## FOURTH DEFENSE

Third party defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Third party defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is strictly denied. *See* LA R.S. 9:2800.

## SIXTH DEFENSE

Third party defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If third party defendant was negligent or at fault, which is specifically denied, then the negligence or fault of third party defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against third party defendant should be reduced accordingly.

## EIGHTH DEFENSE

Third party defendant affirmatively alleges that plaintiffs were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## NINTH DEFENSE

Third party defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## TENTH DEFENSE

Third party defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## ELEVENTH DEFENSE

Third party defendant affirmatively alleges that plaintiffs failed to mitigate their damages.

## TWELFTH DEFENSE

Third party defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## THIRTEENTH DEFENSE

Third party plaintiffs' claims against third party defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FOURTEENTH DEFENSE

Third party defendant affirmatively alleges that if plaintiffs were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## FIFTEENTH DEFENSE

Third party defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## SIXTEENTH DEFENSE

Third party defendant affirmatively alleges that third party plaintiff has failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## SEVENTEENTH DEFENSE

Third party defendant affirmatively alleges that third party plaintiff has failed to plead their claims with requisite particularity.

## EIGHTEENTH DEFENSE

Third party defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by third party defendant.

## NINETEENTH DEFENSE

Third party defendant affirmatively alleges that to the extent that plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, third party defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTIETH DEFENSE

Third party defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### TWENTY-FIRST DEFENSE

Third party defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in third party plaintiffs' Complaint.

### TWENTY-SECOND DEFENSE

Third party defendant affirmatively alleges that third party plaintiffs' allegations are improperly vague and ambiguous. As such, third party defendant reserves the right to seek more definite allegations from third party plaintiffs and to amend its Answer to the Complaint.

### TWENTY-THIRD DEFENSE

Third party defendant affirmatively alleges that it cannot be held liable to plaintiffs or third party plaintiff when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others. To the extent that same is applicable, third party defendant specifically pleads the Government Contractor Defense.

### TWENTY-FOURTH DEFENSE

Third party defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-FIFTH DEFENSE

Third party defendant affirmatively alleges that plaintiffs or third party plaintiff are not entitled to attorney's fees.

### TWENTY-SIXTH DEFENSE

Third party defendant affirmatively alleges that third party plaintiff's claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY-SEVENTH DEFENSE

Third party defendant affirmatively alleges Lis Pendens.

## TWENTY EIGHTH DEFENSE

Third party defendant affirmatively plead improper or inconvenient venue.

## TWENTY NINTH DEFENSE

Third party defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 2793.1 and La. R.S. 9:2800.17.

## THIRTIETH DEFENSE

The certification and maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, third party defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

AND NOW, answering separately the allegations of the Third Party Complaint, third party defendant, The Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of Paragraph I contain legal conclusions which require no answer from this defendant.

II.

The allegations of Paragraph II contain legal conclusions which require no answer from this third party defendant. However, to the extent an answer is deemed necessary, the allegations are denied as to the Orleans Levee District.

III.

The allegations of Paragraph III are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph IV require no answer from this third party defendant. To the extent an answer is deemed necessary, the allegations of Paragraph IV are denied to for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph V require no answer from this third party defendant. To the extent an answer is deemed necessary, the allegations of Paragraph IV are denied to for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph VI are admitted insofar as the Orleans Levee District is a political subdivision of the State of Louisiana and this third party defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

VII.

The allegations of Paragraph VII require no answer from this third party defendant. To the extent an answer is deemed necessary, the allegations of Paragraph VII are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph VIII are denied for lack of sufficient information to justify a

belief therein.

IX.

The allegations of Paragraph IX are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph X are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph XI are admitted.

XII.

The allegations of Paragraph XII are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph XII are denied as written.

XIV.

Except to admit that certain portions of the levees/floodwalls failed, third Party Defendant denies the allegations of Paragraph XIV to the extent they state or imply any fault, negligence, or liability on the part of this defendant. Further answering, the allegations of Paragraph XIV are denied for lack of specific information to justify a belief therein.

XV.

The allegations of Paragraph XV are denied for lack of sufficient information to justify a belief therein.

XVI. - XXXI

The allegations of Paragraph XVI to XXI require no answer from this third party defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXII. - XXXIV

The allegations of Paragraphs XXXII to XXXIV require no answer from this third party defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXV - XXXVI

The allegations of Paragraphs XXXV to XXXVI require no answer from this third party defendant. However, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations of Paragraph XXXVII are admitted insofar as this third party defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

XXXVIII.

The allegations of Paragraph XXXVIII are denied.

XXXIX.

The allegations of Paragraph XXXIX are denied.

XL.

The allegations of Paragraph XL are denied.

XLI.

The allegations of Paragraph XLI are denied.

XLII.

The allegations of Paragraph XLII are denied.

XLIII.

The allegations of Paragraph XLIII are denied insofar as they state or imply any fault, negligence, or liability on the part of this third party defendant.

XLIV.

The allegations of Paragraph XLIV are denied insofar as they concern this third party defendant.

XLV.

Except to admit that this third party defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes, the allegations of Paragraph XLV are denied insofar as they concern this defendant.

XLVI.

The allegations of Paragraph XLVI are denied insofar as they concern this third party defendant.

XLVII.

The allegations of Paragraph XLVII require no answer from this third party defendant. However, to the extent an answer is deemed necessary, third party defendant admits such allegations have been filed without acknowledging that said allegations merit.

XLVIII.

The allegations of Paragraph XLVIII are denied to the extent they state or imply any fault, negligence, or liability on the part of this third party defendant.

XLIX.

The allegations of Paragraph XLIX are denied insofar as they concern this third party defendant.

L.

Third party defendant re-avers and re-alleges all defenses and answer previously pled.

LI.

Third party defendant denies Lafarge is entitled to the relief pled.

**WHEREFORE,** third party defendant, The Orleans Levee District, prays that its answer to this Third Party Complaint be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said third party defendant and against third party plaintiffs, dismissing all of the claims of the third party plaintiffs against them, with prejudice, and at third party plaintiffs' cost.

Respectfully submitted,

_/s/ Thomas P. Anzelmo_
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR THIRD PARTY DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on September ___, 2007, a copy of the above and foregoing documents was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants

_____
MARK E. HANNA (#19336)
mhanna@mcsalaw.com