UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | NO.: 05-4182 "K"(2) |
| LITIGATION | * | |
| | * | JUDGE DUVAL |
| _____ | * | |
| PERTAINS TO:  INSURANCE | * | MAGISTRATE JUDGE WILKINSON |
| *Vanderbrook*, No. 05-6323 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

<u>DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR ENTRY OF FINAL JUDGMENT</u>

Defendant The Standard Fire Insurance Company ("Standard Fire"), incorrectly named as Travelers Insurance Company and St. Paul Travelers Insurance Company, seeks entry of final judgment in its favor in the <u>Vanderbrook</u> case, in accordance with the August 2, 2007 opinion of the U.S. Court of Appeals for the Fifth Circuit in this case.  In support of this motion, Standard Fire respectfully submits as follows:

1. Plaintiffs each own a home in New Orleans which is insured by one of the defendants, and which suffered substantial water damage at the time of Hurricane Katrina. (Petition, ¶ 7.)  Plaintiffs Gregory Jackson and Peter Ascani, III were insured by Standard Fire. (<u>Id.</u>, ¶ 7(m), (n).)

2. The Petition seeks to recover only for water damage resulting from the failure of the canal wall on the 17th Street Canal.  Plaintiffs allege that "[s]ometime between 10:00 and

11:00 a.m. on August 29, 2005, before the full force of [Hurricane Katrina] reached the City of New Orleans, a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans and homes of Petitioners," resulting in damage to Plaintiffs' homes.  (Id., ¶ 3.)  Plaintiffs allege that Defendants improperly failed to pay for the water damage to their homes because it is not an excluded loss.  (Id., ¶ 10.)  Plaintiffs also allege that the water damage exclusions in the Policies are unconscionable and void.  (Id., ¶ 11.)

      3.     On June 15 and 16, 2006, Defendants Standard Fire, Hanover Insurance Company ("Hanover"), State Farm Fire & Casualty Company ("State Farm"), Hartford Insurance Company of the Midwest ("Hartford") and Unitrin Preferred Insurance Company ("Unitrin") (improperly named as Hartford Insurance Company) filed Rule 12 motions to dismiss and/or for judgment on the pleadings.  (Civ. A. No. 05-4182, Rec. Docs. 568, 569, 570, 572 and 598.)

      4.     On November 27, 2006, this Court issued an Order and Reasons denying the motions for judgment on the pleadings filed by Standard Fire, Hanover and Unitrin, granting the motion for judgment on the pleadings filed by State Farm, and granting the Rule 12(b)(6) motion to dismiss filed by Hartford.  The Court certified its orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Civ. A. No. 05-4182, Rec. Doc. 1803.)

      5.     Defendants sought leave to appeal from this Court's November 27, 2006 Order. Plaintiffs sought leave to appeal from this Court's Order insofar as it granted State Farm's motion for judgment on the pleadings, but did not appeal from the order granting Hartford's motion to dismiss.  The U.S. Court of Appeals for the Fifth Circuit granted leave to appeal and heard the appeal on an expedited basis.  (Civ. A. No. 05-4182, Rec. Docs. 3200, 3560.)

6.      On January 29, 2007, Hartford filed a motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b).  (Civ. A. No. 05-4182, Rec. Doc. 2892.)  The Court granted Hartford's motion and entered final judgment in its favor on March 23, 2007.  (Civ. A. No. 05-4182, Rec. Doc. 3540.)  Plaintiffs did not appeal from that judgment.

7.      The Fifth Circuit issued its opinion in the interlocutory appeal on August 2, 2007.  The Fifth Circuit's judgment, issued as its mandate, was docketed in this Court on August 29, 2007.  The judgment attached the August 2, 2007 opinion.  (Civ. A. No. 05-6323, Rec. Doc. 47.)

8.      The Fifth Circuit ordered that: "With respect to the *Vanderbrook* action, the district court's grant of State Farm's motion for judgment on the pleadings is AFFIRMED.   The denial of the motions for judgment on the pleadings filed by Hanover and Standard Fire is VACATED and REMANDED."  (Id., at 45.)  This case was remanded "for further proceedings consistent with this opinion."  (Id.)

9.      Based on the Fifth Circuit's opinion, nothing remains to be litigated in this case.  The Fifth Circuit held that Plaintiffs were not entitled to recover for water damage resulting from the levee breaches:

> We conclude, however, that even if the plaintiffs can prove that the levees were negligently designed, constructed, or maintained and that the breaches were due to this negligence, the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery.  Regardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property.  This event was excluded from coverage under the plaintiffs' insurance policies, and under Louisiana law, we are bound to enforce the unambiguous terms of their insurance contracts as written.  Accordingly, we conclude that the plaintiffs are not entitled to recover under their policies.

(Id., at 3.)

10.      In view of the Fifth Circuit's decision, Standard Fire is plainly entitled to a final judgment on the pleadings in this case.  Plaintiffs only seek to recover for damage caused by

water released as a result of a broken wall on the 17th Street Canal.  (Petition, ¶¶ 3, 10.)  The

Fifth Circuit has squarely ruled that there is no coverage for such damage.  Accordingly, a final

judgment should be entered in favor of Standard Fire.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, a final judgment should be entered in favor of Standard

Fire in this case.

Respectfully submitted,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
E-Mail:  rhubbard@lawla.com
             jguichet@lawla.com
             sschmeeckle@law.com

And

Of counsel:
Stephen E. Goldman (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8255
Facsimile:     (860) 275-8299
**Attorneys for The Standard Fire Insurance Company (incorrectly named as Travelers Insurance Company and St. Paul Travelers Insurance Company)**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on September 28, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle