

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>* NO. 05-4182<br>*<br>*<br>* |
| PERTAINS TO:  ROAD HOME<br>*LOUISIANA STATE C.A. NO. 07-5528* | * JUDGE STANWOOD R. DUVAL, JR.<br>* MAGISTRATE JUDGE JOSEPH C. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINDER IN NOTICE OF REMOVAL

Continental Insurance Company ("Continental"), hereby joins in and consents to the Notice of Removal filed by Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company, and by any other defendant filing a separate notice, adopting the grounds for federal jurisdiction asserted therein and, as an additional basis for federal jurisdiction, asserts fraudulent misjoinder under 28 U.S.C. §1441(b) (diversity of citizenship). Continental expressly reserves any and all defenses and exceptions available in state court should this case be remanded and represents as follows:

Page 1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1.

Continental was served with the Petition on August 28, 2007. This was the date the initial pleading was first received by Continental, through service or otherwise.[1]

2.

Accordingly, this Notice of Removal has been filed within thirty days of notification of the initial pleading setting forth the claim for relief upon which this action is based.

Continental hereby specifically reserves any and all rights to assert as defenses to the Petition all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure as well as all other jurisdictional, procedural, and venue defenses, in addition to all defenses to the merits of the action.

3.

Continental removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§1332(a)(1) and 1441(b) diversity jurisdiction. Removal is appropriate under these provisions when the removing defendant shows:

1. That there is diversity of citizenship between the plaintiff and defendant;

2. That the removing defendant is not a citizen of the state in which the action was brought; and

3. The jurisdictional amount is satisfied.

---

[1] Exhibit "A"- Affidavit of David Lehman.

4.

According to the Petition, the plaintiff is the State of Louisiana represented by the Attorney General of Louisiana and on behalf of "itself and all affected citizens of the State."[2] The plaintiff seeks to represent a class of current and former Louisiana citizens who have applied for and received or will receive funds through the Road Home Program.[3] Named as defendants are more than 200 insurance companies, only seven of which are domiciled in Louisiana. Continental is a foreign insurer incorporated in Pennsylvania with its principal place of business in Illinois, and is a wholly owned subsidiary of Continental Casualty Company.[4]

5.

Continental herein asserts that the claims against the insurer defendants, including the seven Louisiana insurers, have been fraudulently misjoined for the sole purpose of preventing removal to federal court pursuant to diversity jurisdiction.

6.

Fraudulent misjoinder, sometimes referred to as "procedural misjoinder," has been characterized as a "third situation of fraudulent joinder" for purposes of determining diversity jurisdiction.[5] The doctrine of fraudulent misjoinder has been adopted by the Fifth Circuit.[6]

---

[2] Exhibit "B" - Petition, preamble and paragraph 17.

[3] Exhibit "C" - First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief.

[4] Exhibit "A" - Affidavit of David Lehman.

[5] "Thus, procedural misjoinder may represent a third type of fraudulent joinder, the others being the lack of any possibility of the plaintiff having a claim against a joined party and outright fraud by the plaintiff in the statement of jurisdictional facts." Wright, Miller & Cooper, Federal Practice and

7.

When parallel but wholly unrelated claims are joined against diverse and non-diverse defendants, the claims against the non-diverse defendants can be considered fraudulently joined to destroy diversity jurisdiction. The plaintiff herein has joined claims which are related only by the occurrence of Hurricane Katrina and its effects, but share no requisite common questions of law or fact. The mere fact that Hurricane Katrina's winds and rains affected two or more properties that are the subject of the same lawsuit does not make the insurance claims made on those properties proper for joinder under Federal Rule 20(a).[7]

8.

On behalf of the Louisiana policyholders and itself, the plaintiff seeks to recover funds paid and anticipated to be paid through the Road Home Program from the defendant insurers.[8] The plaintiff contends it is entitled to the amounts, which should have been paid to policyholders under their insurance agreements, in addition to penalties, attorneys' fees, and costs.[9] Because each insured's policy provides for different coverage and insures different property, each of the

---

Procedure: Jurisdiction 3d § 3723, at 658.

[6] See *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002) and recognized in *Accardo v. Lafayette Insurance Company*, 2007 WL 325368 at *5 (E.D.La. 2007).

[7] *Sucherman v. Metropolitan Property and Casualty Company*, 2007 WL 1484067 at *1 (E.D.La. 2007). See also *Accardo v. Lafayette Insurance Company*, 2007 WL 325368 (E.D.La. 2007); and *Bradley v. Nationwide Mutual Insurance Co.*, 2006 WL 2594548 (S.D.Miss. 2006).

[8] Exhibit "C" - First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief, Introductory Paragraph.

[9] Exhibit "C" - First Amended Petition,

policyholder's claims will be separate and independent from every other policyholder for whose benefit the plaintiff has filed this suit. Thus, as each insured's individual situation is factually and legally unrelated to another insured, the plaintiff has misjoined these claims against the defendants to destroy diversity jurisdiction.

9.

In *Tapscott v. MS Dealer Service Corp.*,[10] a group of plaintiffs initially sued several automobile dealerships for violations of consumer protection laws in connection with sales of automobile service contracts. Later, the plaintiffs amended their petition to add new plaintiffs asserting claims against a building supply store (Lowe's Home Centers) for violation of consumer protection laws in connection with the sale of service contracts for retail products. There was complete diversity to Lowe's, and Lowe's removed the case based on the fraudulent misjoinder of the claims against it.

10.

Finding that the claims against Lowe's were "wholly distinct" from the claims against the automobile dealerships, that Lowe's did not share joint, several or alternative liability with the automobile dealerships as required by FRCP Rule 20, and characterizing the cumulation of these claims as "improper and fraudulent joinder, bordering on a sham," the motion to remand was denied.[11] The *Tapscott* court reasoned that the misjoinder of resident defendants who have "no

---

[10]   77 F.3d 1353 (11th Cir. 1996).

[11]   *Id.* at 1360.

real connection with the controversy . . . may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."[12]

11.

As in *Tapscott*, Continental does not share joint, several or alternative liability with any of the other defendant insurers in this case. The non-diverse defendants have no real connection with the plaintiff's claims against Continental, and therefore the plaintiff's claims against them are wholly unrelated to the claims against Continental. Therefore, the joinder of the non-diverse insurers to claims against the diverse insurers, including Continental, are improperly or fraudulently joined and/or misjoined.[13] As such, these claims cannot serve to destroy diversity jurisdiction, and the non-diverse insurers' citizenship should not be considered when determining federal diversity jurisdiction.[14]

12.

The jurisdictional amount is also satisfied. The plaintiff alleges that 7.938 billion dollars has been paid or will be paid out of the Road Home Program.[15] Accordingly, the amount in dispute exceeds the jurisdictional requirement.

---

[12]   *Id.* at 1360.

[13]   See *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002), citing *Tapscott v. MS Dealer Srv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996).

[14]   *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert denied*, 122 S.Ct. 468, 151 L.Ed.2d 384, 534 U.S. 997 (2001).

[15]   Exhibit "C" - Amended Petition, paragraph 10.

13.

Because the claims against the non-diverse Louisiana insurer defendants and the claims against the other insurers have been fraudulently joined, their consent to the removal of this matter need not be obtained.[16]

14.

Pursuant to 28 U.S.C. §1446(d), Continental will serve counsel for the plaintiffs with written Notice of Filing and shall file a copy with the Clerk of Court to the Orleans District Court for the Parish of Orleans, State of Louisiana.

15.

As required by 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon Continental are being filed with this Notice of Removal.[17]

WHEREFORE, Continental Insurance Company prays that further proceedings in the Civil District Court for the Parish of Orleans, State of Louisiana, be discontinued and that the suit be removed to the United States District Court for the Eastern District of Louisiana.

---

[16] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993).

[17] Such pleadings are attached as Exhibit "B" and Exhibit "C"

Respectfully submitted,

LABORDE & NEUNER

*[signature]*

JAMES L. PATE - La. Bar No. 10333
BEN L. MAYEAUX - La. Bar No. 19042
ROBERT E. TORIAN - LA. Bar No. 18468
WILL MONTZ - La. Bar No. 29355
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:         (337) 237-7000
FACSIMILE:         (337) 233-9450

Attorneys for Continental Insurance Company

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to counsel for the plaintiff's via U.S. Mail and to all other known counsel of record via electronic transmission.

Lafayette, Louisiana, this 26th day of September, 2007.

_____
COUNSEL

Page 8