UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| PERTAINS TO: BARGE | NO.   05-4182 "K"(2) |
| *Mumford v. Ingram*        C.A. No. 05-5724<br>*Boutte v. Lafarge*        C.A. No. 05-5531<br>*Lagarde v. Lafarge*       C.A. No. 06-5342<br>*Perry v. Ingram Barge*    C.A. No. 06-6299<br>*Benoit v. Lafarge*        C.A. No. 06-7516<br>*Parfait Family v. USA*    C.A. No. 07-3500<br>*Lafarge v. USA*           C.A. No. 07-5178 | JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**ANSWER TO ORIGINAL THROUGH FOURTH
SUPPLEMENTAL AND AMENDED COMPLAINT IN C.A. 05-5724**

NOW INTO COURT, through undersigned counsel, comes Zito Fleeting, LLC and Zito Fleeting, Inc. (hereinafter "Zito" or "Defendants"), sought to be made defendants herein, and who upon information and belief and in answer to the "Suit for Damages, Trial by Jury", "First Supplemental and Amended Complaint", "Second Supplemental and Amended Complaint", "Third Supplemental and Amended Complaint" and "[Fourth] Supplemental and Amended Complaint Adding Defendant Zito Fleeting, L.L.C. and Zito Fleeting, Inc." of plaintiff, Ethel Mumford, individually and on behalf of an alleged class of

persons with common claims, including The Boutte Plaintiffs (05-5531), The Lagarde Plaintiffs (06-5342), The Perry Plaintiffs (06-6299), The Benoit Plaintiffs (06-7516) and out of an abundance of caution The Parfait Family Plaintiffs (05-4237) and The Moses Plaintiffs (06-3313), allege and aver upon information and belief as follows:

### FIRST DEFENSE

The original through fourth supplemental and amended complaint (and all other original or supplemental/amended complaints of the Mumford, Boutte, Lagarde, Perry, Benoit, Parfait and Moses Plaintiffs) fail to state a claim or cause of action against Zito upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred as a result of an Act of God, *force majeure*, fortuitous event, unavoidable accident or an extraordinary manifestation of the forces of nature.

### THIRD DEFENSE

Zito specifically denies that it or anyone for whose actions it is or may be responsible in anyway caused or contributed to plaintiffs' alleged damages; to the contrary, if plaintiffs sustained such damages, which is specifically denied, such damages were the result of the fault or neglect of plaintiffs and/or other parties for whose actions Zito is not responsible.

### FOURTH DEFENSE

Plaintiffs' claims are barred or reduced by the comparative fault of other parties or entities for whom this defendant is not responsible; Zito invokes all rights and defenses under Louisiana Civil Code Article 2323.

**FIFTH DEFENSE**

The original through fourth supplemental and amended complaint fails to meet the requisites for a class action; the original through fourth supplemental and amended complaint is an improper cumulation of actions.

**SIXTH DEFENSE**

Plaintiffs have failed to join a party needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

Plaintiffs assumed the risk of the damages claimed by acquiring or constructing homes and other structures within known flood zones.

**EIGHTH DEFENSE**

Plaintiffs are not the real parties in interest, and thus are not entitled to maintain this action.

**NINTH DEFENSE**

Zito owed no duty to plaintiffs.

**TENTH DEFENSE**

Zito submits that if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were caused in whole or in part by plaintiffs' own negligence and fault, thereby barring or diminishing any recovery herein.

**ELEVENTH DEFENSE**

Alternatively, Zito avers that if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were caused in whole or in part by the defective design and/or construction of the Inner Harbor Navigation Canal levees and retaining walls, as well as the levees and retaining walls to the east and north along the Mississippi River Gulf Outlet Canal and Gulf Intercoastal Waterway, Bayou Bienvenu, and related structures, and/or the lack of inspection and maintenance of these levees, for which Zito cannot beheld liable.

**TWELFTH DEFENSE**

Alternatively, in the event that plaintiffs sustained any damages as alleged, which is specifically denied, then Zito avers that the catastrophic winds and water surge from Hurricane Katrina were the proximate cause of any damages, and therefore Zito is protected from any responsibility or liability because of this *force majeure* event.

**THIRTEENTH DEFENSE**

Zito specifically avers that Barge ING 4727 did not cause any breach in the Inner Harbor Navigation Canal levee or retaining wall and that Barge ING 4727 was not the proximate cause or cause in fact of any damages or injuries alleged by plaintiffs.

**FOURTEENTH DEFENSE**

If damages were sustained, none of which are admitted, then plaintiffs failed to properly mitigate such damages.

### FIFTEENTH DEFENSE

Zito avers that plaintiffs claims for punitive damages are not recoverable under the applicable law.

### SIXTEENTH DEFENSE

Zito alleges that the negligence of others, evidence of which will be obtained during discovery, is a superceding cause of any damage or injury sustained by plaintiffs, if any.

### SEVENTEENTH DEFENSE

Zito adopts and incorporates by reference any and all affirmative defenses and immunities asserted by any other party to this proceeding to the extent they apply to this defendant, and gives notice that it intends to rely upon any other defense and/or immunities that may become available or appear during these proceedings, hereby reserving its right to amend its answer to assert any such defense and/or immunity.

### EIGHTEENTH DEFENSE

Zito claims the benefits of the Revised Statutes of the United States regarding exoneration from and limitation of liability of vessel owners and avers that, should judgment be rendered herein against Zito, that it is entitled to have its liability limited to the amount or value of its interest in its vessel, as of the date of the incident sued upon.

### NINETEENTH DEFENSE

Plaintiffs are not entitled to trial by jury; alternatively, this case should be transferred to avoid prejudice to Zito for the reasons that the jurors of this District are potential members of the purported class.

### TWENTIETH DEFENSE

Plaintiffs lack a right of action, standing or capacity to bring some or all of the claims alleged in the original Complaint, and as amended.

### TWENTY-FIRST DEFENSE

Zito invokes and adopts all affirmative and constitutional defenses available under federal law, the State of Louisiana and laws of other jurisdictions that may be subsequently determined to apply to this action.

### TWENTY-SECOND DEFENSE

To the extent plaintiffs have received or may receive payment for any of the alleged damages from any individual or corporate or government entity, Zito is entitled to a credit and/or offset in the amount of such payments.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by peremption.

### TWENTY-FOURTH DEFENSE

Now, and without waiving any of its defenses, and for answer to each of the allegations in plaintiffs' "Suit for Damages, Trial by Jury", "First Supplemental and Amended Complaint", "Second Supplemental and Amended Complaint", "Third Supplemental and Amended Complaint" and "[Fourth] Supplemental and Amended Complaint Adding Defendant Zito Fleeting, L.L.C. and Zito Fleeting, Inc.", Zito avers as follows:

1.

The allegations in Paragraph I of plaintiffs' "Suit for Damages, Trial by Jury" state legal conclusions to which no response is required; however, to the extent that a response is required, Zito admits that subject matter jurisdiction exists on grounds other than diversity of citizenship, and otherwise denies the allegations.

2.

The allegations in Paragraph II of plaintiffs' "Suit for Damages, Trial by Jury" are denied for lack of sufficient information to justify a belief therein.

3.

The allegations in Paragraph III of plaintiffs' "Suit for Damages, Trial by Jury" are denied.

4.

The allegations in Paragraph IV of plaintiffs' "Suit for Damages, Trial by Jury" are denied insofar as they pertain to Zito, and are otherwise denied for lack of sufficient information to justify a belief therein.

5.

The allegations in Paragraph V of plaintiffs' "Suit for Damages, Trial by Jury" state legal conclusions to which no response is required; however, to the extent that a response is required, the allegations are denied.  The remaining allegations of Paragraph V of plaintiffs' "Suit for Damages" are denied insofar as they pertain to Zito and are otherwise denied for lack of sufficient information to justify a belief therein.

6.

The allegations in Paragraph VI of plaintiffs' "Suit for Damages, Trial by Jury" are denied.

7.

The allegations in Paragraph VII of plaintiffs' "Suit for Damages, Trial by Jury" are denied.

8.

The allegations in Paragraph VIII of plaintiffs' "Suit for Damages, Trial by Jury" are denied.

9.

The allegations in Paragraph IX of plaintiffs' "Suit for Damages, Trial by Jury" are denied.

10.

The allegations in Paragraph X of plaintiffs' "Suit for Damages, Trial by Jury" are denied.

11.

The allegations in Paragraph I of plaintiffs' "First Supplemental and Amended Complaint" are denied insofar as they pertain to Zito and are otherwise denied for lack of sufficient information to justify a belief therein.

12.

The allegations in Paragraph I of plaintiffs' "Second Supplemental and Amended Complaint" require no response from Zito; however, to the extent that a response is required, Zito denies the allegations.

13.

The allegations in Paragraph II of plaintiffs' "Second Supplemental and Amended Complaint" are denied.

14.

The allegations in Paragraph I of plaintiffs' Third Supplemental and Amended Complaint state legal conclusions to which no response is required; however, to the extent that a response is required, Zito denies the allegations.

15.

The allegations in the unnumbered Paragraph on the top of page 2 of plaintiffs' "Third Supplemental and Amended Complaint" that seeks to amend Paragraph VII of the original complaint are denied.

16.

The allegations in Paragraph II of plaintiffs' "Third Supplemental and Amended Complaint" are denied.

17.

The corporate status of Zito Fleeting, L.L.C. and Zito Fleeting, Inc., as alleged in Paragraph I of plaintiffs' "[Fourth] Supplemental and Amended Complaint" is admitted. Except as specifically admitted herein, the remaining allegations are denied for lack of

sufficient information to justify a belief therein.

18.

The allegations in Paragraph II of plaintiffs' "[Fourth] Supplemental and Amended Complaint" state legal conclusions to which no response is required; however, to the extent that a response is required, Zito denies the allegations insofar as they pertain to Zito, and deny the remaining allegations for lack of sufficient information to justify a belief therein.

19.

The allegations in Paragraph III of plaintiffs' "[Fourth] Supplemental and Amended Complaint" are denied for lack of sufficient information to justify a belief therein.

20.

The allegations in Paragraph IV of plaintiffs' "[Fourth] Supplemental and Amended Complaint" are denied.

21.

The allegations in Paragraph V of plaintiffs' "[Fourth] Supplemental and Amended Complaint" are denied.

22.

The allegations in Paragraph VI of plaintiffs' "[Fourth] Supplemental and Amended Complaint" are denied.

23.

The allegations in Paragraph VII (incorrectly identified as VI) of plaintiffs' "[Fourth] Supplemental and Amended Complaint" are denied.

24.

Zito denies plaintiffs' demand for a jury trial.

25.

Zito denies plaintiffs' prayer for relief in the "Suit for Damages, Trial by Jury", "First Supplemental and Amended Complaint", "Second Supplemental and Amended Complaint", "Third Supplemental and Amended Complaint" and "[Fourth] Supplemental and Amended Complaint Adding Defendants Zito Fleeting, LLC and Zito Fleeting, Inc."

26.

Zito reserves the right to file supplemental answers and/or defenses as well as cross-claims and third-party claims, depending on the facts as they develop and as circumstances warrant.

WHEREFORE, Zito Fleeting, L.L.C. and Zito Fleeting, Inc. Pray that this Answer to Plaintiffs' "Suit for Damages, Trial by Jury", "First Supplemental and Amended Complaint", "Second Supplemental and Amended Complaint", "Third Supplemental and Amended Complaint" and "[Fourth] Supplemental and Amended Complaint Adding Defendant Zito Fleeting, L.L.C. and Zito Fleeting, Inc." be deemed good and sufficient, and that there be judgment in favor of Zito Fleeting, L.L.C. and Zito Fleeting, Inc., dismissing the "Suit for Damages, Trial by Jury", "First Supplemental and Amended Complaint", "Second Supplemental and Amended Complaint", "Third Supplemental and Amended Complaint" and "[Fourth] Supplemental and Amended Complaint Adding Defendant Zito Fleeting, L.L.C. and Zito Fleeting, Inc." of plaintiffs', Ethel Mumford, individually and on behalf of a class of persons with common claims, with prejudice, at plaintiffs' costs; and alternatively, that its

liability be limited to the amount or value of its interest in its vessel; and for such other relief as the court deems proper and is competent to grant.

                                        Respectfully submitted,

                                        **s/C. William Emory**
                                        ANDRÉ J. MOULEDOUX (LA Bar #9778)
                                        C. WILLIAM EMORY (LA Bar #20179)
                                        MOULEDOUX, BLAND, LEGRAND & BRACKETT, L.L.C.
                                        701 Poydras Street, Suite 4250
                                        New Orleans, LA 70139
                                        Telephone: (504) 595-3000
                                        Facsimile:  (504) 522-2121
                                        Fax:           504-522-2121
                                        Email:         bemory@mblb.com
                                        Attorneys for Zito Fleeting, L.L.C. and Zito Fleeting, Inc.
                                        AnsOrigThruFourthSupAmendComplaintRevised.wpd

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

      I further certify that the foregoing pleading will also be served by U. S. mail, postage pre-paid to counsel listed in the Manual Notice List as indicated in the records of the U. S. District Court:

      William J. Luscy

                                        **s/C. William Emory**