UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES * | CIVIL ACTION NO. 05-4182 | |
| CONSOLIDATED LITIGATION * | | |
| * | JUDGE DUVAL | |
| ------------------------------------------------------------- * | | |
| * | MAGISTRATE WILKINSON | |
| PERTAINS TO: ROAD HOME * | | |
| *Louisiana State C.A. 07-5528* * | | |
| * | SECT." K " | MAG. " 2 " |
| * * * * * * * * * * * * * * * * * * * * * * | | |

COMES NOW Harleysville Mutual Insurance Company ("Harleysville"), defendant in the captioned proceeding, who hereby consent to and join in the Notice of Removal by Allstate Insurance Company, Allstate Identity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (Docket No. 1) filed in the above-captioned action. Harleysville also consent to the removal of this action by any other defendant filing a separate notice and Harleysville further submit this statement to set forth supplemental grounds for removal, showing the Court as follows:

1. On or about August 23, 2007, Plaintiff filed an original petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *State of Louisiana, individually and* on behalf of *State of Louisiana, division of Administration, Office of Community Development ex rel The*

1

*Honorable Charles C. Foti, Jr., The Attorney General For the State of Louisiana, individually and as a class action on behalf of all recipients of funds as well as all eligible and/or future recipient of funds through The Road Home Program v. AAA Insurance, et al.,* Case No. 07-8970.

2.  On August 29, 2007, Plaintiff filed its First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief ("Amended Petition" or Am. Petition"). The named Plaintiff is the State of Louisiana, individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development. (Am. Petition ¶ 17.) Over two hundred foreign and domestic insurance carriers are named as defendant, including Harleysville.

3.  The Petition, as amended and restated, requests on behalf of a putative class of Louisiana citizens who have applied for and received, or applied for and expect to receive, funds through the Road Home Program, declarations and other relief based upon the allegation that flood damage due to Hurricanes Katrina and Rita is covered by the homeowners policies issued by each of the defendant insurers. (Am. Petition ¶ 22.)

4.  Harleysville each received service of the Amended Petition for Damages through the Secretary of State on September 5, 2007. Exhibit 1 attached hereto. Accordingly, this Supplemental Statement is timely filed within thirty days of service of the Petition on Harleysville.

5.  As set forth in Allstate's Notice of Removal, the Plaintiff's claims, including those against Harleysville, are subject to federal jurisdiction under the Class Action Fariness Act ("CAFA"), and based upon the fact that such claims are fraudulently misjoined with the claims against the non-diverse insurers. Harleysville adopts all of Allstate's arguments in support of these grounds for federal jurisdiction. In addition, Harleysville provides below additional support for each of these arguments as they relate to the claims against them.

6. As set forth in Allstate's Notice of Removal, all of the requirements for removal under CAFA are satisfied by this action because it is a putative class action in which: (1) there are 100 or more members in the proposed class (Allstate Notice of Removal ¶ ¶ 11-12); (2) at least some members of the proposed class have a different citizenship from some defendants (*id.* ¶ ¶ 13-15); and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate (*id* ¶ ¶ 16-23).

7. Moreover, none of CAFA's exceptions apply. Harleysville notes that this case is not subject to the local controversy exception because: (1) numerous class actions involving "the same or similar factual allegations" have been filed against Harleysville in the past three years, and (2) "significant relief" is not being sought from the non-diverse --- and fraudulently misjoined--- defendants. 28 U.S.C. § § 1332 (d)(4)(A)(i)(II), (4)(A)(ii). (Allstate Notice of Removal ¶ ¶ 24-40.) Nor do the "home state controversy" or "discretionary" exceptions apply, because the non-diverse Louisiana defendants are not "primary defendants." (*Id* ¶ ¶ 41-46.)

8. In addition, Harleysville further contend that because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether jurisdiction exists under CAFA. Under similar circumstances, where a complaint alleged only <u>parallel</u> claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent. *See, e.g., Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353, 1359-60 (11thCir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action. A defendant's

right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."); *see also* Allstate Notice of Removal ¶ ¶ 47-51 and authorities cited therein.

9.  Plaintiff's claims against Harleysville clearly satisfy the requirements for removal under CAFA when considered as a separate action as well.

10.  First, there are more than 100 potential class members.  The data contained in the A.M. Best Report (attached as Exhibit 1 to the Affidavit of Paul Tracey, Exhibit B to Allstate's Notice of Removal) show that.  The Amended Petition alleges that the State has received 183,867 applications and conducted 41,071 grant closing, in connection with the Road Home Program.  (Am Petition ¶ 10.)  Plaintiff alleges that there are "tens of thousands of class members."  (Am. Petition ¶ 21(b).)

11.  Second, the proposed putative class included current and former citizens of Louisiana. (Am. Petition ¶ 22.) It is apparent, therefore, that at least one putative class member is a citizen of Louisiana.  Harleysville is not a resident or citizen of Louisiana.  HArleysville is a Pennsylvania Corporation with its principle place of business in Harleysville, Pennsylvania.  Thus, there exists minimal diversity between at least one purported class member and Harleysville

12.  Third, the $5 million jurisdictional threshold is also satisfied. Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy.  28 U.S.C. § § 1332(d)(2) and 1332 (d)(6).  Moreover, in assessing the amount in controversy with respect to a declaratory judgment action, a "federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants."  S. Rep. 109-14, at 43; *see also St Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250; *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983); 14B Charles Alan Wright, Arthur

4

R. Miller & Edward Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 3d 3710 (3d ed. 1998.)

13. The Am. Petition alleges that "the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion." (Am. Petition ¶ 10.) Also, Plaintiff alleges that the State has received 183,867 applications, and conducted 41,071 grant closings, in connection with the Road Home Program. (Am. Petition ¶ 10.)

14. Given the number of putative class members, the declaratory relief sought to obtain coverage of flood damage, and the amount of grants put at issue by the State alone easily satisfy the $5,000,000 jurisdictional amount.

15. Furthermore, there is "original exclusive" subject matter jurisdiction over any claims against Harleysville Mutual Insurance Company pursuant to 42 U.S.C. §4072 and the terms of the Standard Flood Insurance Policies issued by Harleysville.

16. As per Exhibit 2, Harleysville does not sell policies of wind insurance in Louisiana, only Standard Flood Insurance Policies in its capacity as a Write Your Own Carrier participating in the National Flood Insurance Program. As such, any claims advanced by the State necessarily implicates the jurisdiction of the federal courts pursuant to 42 U.S.C. §4072 and 28 U.S.C. §1331. The claims against Harleysville under the Standard Flood Insurance Policies are separate and independent claims for purposes of removal pursuant to 28 U.S.C. §1441 for which consent by the co-defendants is not necessary.

WHEREFORE, Harleysville Mutual Insurance Company prays that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

September 28, 2007

        Respectfully submitted,

        /s/ Thomas C. Pennebaker
        Thomas C. Pennebaker, La. S.B. 24597
        Gerald J. Nielsen, La. S.B. 17078
        NIELSEN LAW FIRM, LLC
        3838 N. Causeway Blvd, Suite 2850
        Metairie, LA 70002
        Phone: 504-837-2500
        Fax: 504-832-9165
        Email: Tpennebaker@nielsenlawfirm.com
             GJNielsen@aol.com

        Counsel for Harleysville Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon all counsel of record by the use of the CM/ECF system, and if that system reports that any counsel for any party do not participate in the CM/ECF system, a copy of this pleading will be served upon that counsel by U.S. Mail, facsimile transmittal, or other means, this 28th day of September, 2007.

        /s/ Thomas C. Pennebaker