UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" MAG "2" |
| PERTAINS TO:<br>INSURANCE (XAVIER UNIVERSITY<br>OF LOUISIANA V. TRAVELERS<br>CASUALTY PROPERTY COMPANY<br>OF AMERICA NO. 06-516) | |

*****************************************************************

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE RETROACTIVITY OF ACT 813

MAY IT PLEASE THE COURT:

Plaintiff, Xavier University of Louisiana ("Xavier"), submits this Reply Memorandum in support of its Motion for Partial Summary Judgment regarding the retroactivity of Act 813 ("Retroactivity Motion").[1]

---

[1] Xavier has moved this Court to continue the hearing on Xavier's Retroactivity Motion pending the decision from the Louisiana Fourth Circuit Court of Appeal in *Sher v. Lafayette Ins. Co.* In the event that this Court chooses to hear Retroactivity Motion on October 3, 2007, Xavier submits the instant Reply Brief.

I. **The Filing of a Lawsuit Does Not Immunize an Insurer From the Consequences of Its Bad-Faith Conduct.**

This Court need not determine whether Act 813 applies retroactively because Xavier supplied Travelers Proper Casualty Company of America ("Travelers") with a "satisfactory proof of loss" <u>after</u> the effective date of Act 813. Travelers contends that Xavier is foreclosed from making such an argument because, in its March 2, 2006 Complaint, Xavier alleged that it provided "satisfactory proof of loss" <u>before</u> the effective date of Act 813.[2] In so arguing, Travelers imbues a Complaint with magical properties that shield an insurer from any penalties for its refusal, post-Complaint, to pay for covered damage, no matter how convincing the post-Complaint proof of loss may be.

Travelers cites *Premium Finance Company v. Employers Reinsurance Corp.* to argue that the penalties imposed by Louisiana Revised Statutes § 22:658 and 22:1220 do not apply to post-litigation conduct.[3] As Travelers acknowledges, though, a Louisiana court expressly rejected *Premium Finance* in *Harris v. Fontenot*.[4] Travelers attempts to reclassify this rejection as merely "criticism" and "dicta."[5] This attempt is unsuccessful.[6]

---

[2] *See* Travelers' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment Regarding Retroactivity of Act 813 ("Opposition"), pp. 18-27.

[3] *See id.,* pp. 25-26, *citing Premium Finance Co. v. Employers Reinsurance Corp.,* 761 F.Supp. 450, 452-53. The court in *Husseiny v. Independent Fire Ins.,* 1996 WL 637547 (E.D. La. Nov. 1, 1996) approvingly cited *Premium Finance* for the proposition that the penalty statutes do not apply to post-litigation conduct, but it never engaged in an independent analysis of the validity of that proposition.

[4] 606 So. 2d 72 (La.App. 3 Cir. 1992).

[5] *See* Opposition, p. 27.

[6] Travelers also attacked *Theriot v. Midland Risk Ins. Co.,* 95-227 (La.App. 3 Cir. 11/2/1995), 664 So. 2d 547, 550, which held that an insurer's duty of good faith "continues throughout the litigation," by noting that *Theriot* was reversed by the Louisiana Supreme Court. *See* Opposition, p. 27. The Louisiana Supreme Court did not, however, reject the Third Circuit's reasoning about an insurer's continuing duty. Its decision addressed only whether §22:1220 created a right of action in favor of third-party claimants and, if so, whether the list of prohibited activities in §22:1220(B) were exclusive or

2

In *Harris,* the court penalized an insurer who failed to fund a settlement timely even though the parties reached a settlement after suit was filed. In reasoning that applies with equal force to Xavier's motion, the Third Circuit declared that "nowhere in either statute [*i.e.,* §22:658 or §22:1220] is there an express distinction limiting the application to the pre-litigation conduct of the insurer."[7] There is, in short, **nothing** in §22:658 that makes an insurer's duty to pay claims within thirty days of receiving satisfactory proof of loss vanish upon the filing of a suit.

The *Harris* court also disagreed with the finding in *Premium Finance* that it would be "absurd" to apply §22:658 and §22:1220 to post-litigation conduct. More specifically, it held that the "**requirements of good faith and fair dealing are no less important *after* litigation has begun as before**."[8] Under Travelers' rationale, even when an insured produces documents that unequivocally establish its right to coverage, the insurer can safely ignore the documents, without fear of penalty, by the happenstance that the documents were produced after suit was filed. There is **nothing** in §22:658 that countenances such a result.[9]

Just as there is nothing in §22:658 that states immunizes an insurer for post-lawsuit, bad faith conduct, there is zero support for Travelers' contention that an insured can provide one, and only one, "satisfactory proof of loss." Xavier's insurance claim is not static, as it has constantly worked to gather detailed information to support its claim. Pre-suit, Xavier sent Travelers enough

---

illustrative. *See Theriot v. Midland Risk Ins. Co.,* 95-2895 (La. 5/20/1997), 694 So. 2d 184.

[7]*Harris,* 606 So. 2d at 74 (emphasis added).

[8]*Id.* at 74.

[9]*See Conlee v. Fireman's Fund Ins. Co.,* No. 07-660 (E.D. La., July 17, 2007), 2007 WL 2071860 (finding that an insurer's "**continuing duty to fairly adjust and promptly adjust claims**, combined with the insurer's "post-amendment misconduct," subjected an insurer to the revised penalties in §22:658) (emphasis added).

information to constitute a "satisfactory proof of loss." Since then, Xavier gathered *additional* information and sent it to Travelers as *additional* support for its claim. An insurer that acts in good faith will analyze new information, regardless of when it is sent, to determine if it establishes the insured's right to coverage. Travelers, on the other hand, sees a lawsuit as a permission slip that enables it to ignore any new information without facing a sanction for its arbitrary and capricious conduct.

Moreover, the cases cited by Travelers to prove that an insured provides a satisfactory proof of loss at a "specific point in time" are irrelevant.[10] None of them address whether an insured can supply *more than one* satisfactory proof of loss at *more than one* specific point in time. In *Haynes v. Shumake*, the trial court found that information provided at a pre-trial constituted a satisfactory proof of loss sufficient to start the sixty-day time period for the uninsured motorist ("UM") insurer to pay the claim.[11] The appellate court found that, *in addition to* the information supplied at the pre-trial conference, the allegations in the Petition and the "discovery process" should have put the UM insurer of notice of its duty to investigate and pay the claim.[12] Under *Hayes*, then, multiple events activated the time period by which an insurer must pay a claim.

In sum, Xavier asserts that it supplied Travelers with a "satisfactory proof of loss" before and, thorough its document productions in September-November 2006, <u>after</u> the enactment of Act 813.[13] Travelers' failure to pay what it owed after receiving this document production is "complained of

---

[10] *See* Opposition, p. 24.

[11] 582 So. 2d 959 (La.App. 2 Cir. 1991).

[12] *See id.* at 962-963.

[13] *See* Exhibits "B-G" to Xavier's Memorandum in Support of Motion for Partial Summary Judgment Regarding Retroactivity of Act 813 (hereinafter, "Xavier's Memorandum").

conduct" for which Xavier seeks penalties.[14] Because this conduct occurred after the effective date of the Act 813, it applies to Xavier's claims. There is, therefore, no need for this Court to determine if Act 813 applies retroactively.

## II. No Court Has Addressed Whether The Legislative History of Act 813 Establishes the Legislature's Intent That Act 813 Be Applied Retroactively.

In the Opposition, Travelers cites numerous rulings in which courts held that Act 813 is not retroactive.[15] **None** of these cases address Xavier's central point — that the legislative history of Act 813 establishes the Legislature's intent that Act 813 apply retroactively.[16] Travelers also cites three cases, *Fuqua v. Aetna Casualty & Suerty Co.*,[17] *Francis v. Travelers Ins. Co.*[18] and *Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd.*,[19] in which courts held a 1986 amendment to §22:658 did not apply retroactively.[20] But there is no suggestion in these cases that the Legislature passed the 1986 amendment to §22:658 in response to an unparalleled catastrophe, as was the case with Act 813.

More specifically, the bill's sponsor, Senator Edwin Murray, explicitly declared that the purpose of Act 813 was to help "consumers having to deal with costs associated with a disaster."[21]

---

[14] *Manual v. Louisiana Sheriff's Risk Management Fund*, 93-2177 (La.App. 1 Cir. 11/18/1994), 647 So. 2d 363, 370.

[15] *See* Opposition, p. 9.

[16] In *Conlee, supra.*, the court discussed Senator Murray's comments, but did not determine if those comments established the legislature's intent to apply Act 813 retroactively.

[17] 542 So. 2d 1129 (La.App. 3 Cir. 1989).

[18] 581 So. 2d 1036 (La.App. 1 Cir. 1991).

[19] 554 So. 2d 1347 (La.App. 1 Cir. 1989).

[20] *See* Opposition, p. 10.

[21] *See* Exhibit "A" to Xavier's Memorandum.

Reviewing Senator Murray's statements, Travelers argue that he was "probably talking about encouraging adjusters to be more responsive in the event of a future catastrophe" or "suggesting that the amended statute could apply prospectively" to a situation where an adjuster hadn't inspected a Katrina-damaged property yet.[22] To say this reading of Senator Murray's comments is strained is an understatement.

As recorded in the Meeting Minutes, Senator Murray, when talking about citizens dealing with a "disaster," declared that "several constituents complain[ed] about their insurance companies to pay [*sic*] **their claims** and felt that the penalties were not enough to encourage these insurers to be more timely in getting adjusters to these people's homes so that **these claims** can be settled."[23] Plainly, the claims that insurers needed "encourage[ment]" to settle were the claims arising out Hurricane Katrina in which the claims' adjustment had already begun.

Although Travelers discounts the importance of legislative history in deciding whether a statute applies retroactively, it concedes that, in *Dombrowski v. New Orleans Saints*,[24] a court examined the legislative history when considering whether a statute applied retroactively.[25] That this legislative history evinced the legislature's intent for a prospective, not retroactive, application does not alter the fact that the history influenced the court's decision.

In sum, Xavier submits that the legislative history behind Act 813 demonstrates that the Legislature intended Act 813 to apply retroactively. This history, which no court has directly

---

[22]*See* Opposition, p. 13.

[23]*See* Exhibit "A" to Xavier's Memorandum (emphasis added).

[24]2005-0762 (La.App. 1 Cir. 8/2/2006), 943 So. 2d 403, 409.

[25]*See* Opposition, p. 12.

addressed, clearly expresses that the purpose of Act 813 is to "encourage" insurers to settle the claims of insureds whose properties were damaged in Hurricane Katrina.

Accordingly, Xavier requests that this Court grant Xavier's motion and find that Act 813, amending Louisiana Revised Statute § 22:6587, applies retroactively. Alternatively, Xavier requests that this Court find Travelers had a continuing obligation after Xavier filed its lawsuit and after August 15, 2006 to continue to fairly adjust Xavier's claim, particularly because Xavier provided Travelers with a "satisfactory proof of loss" after August 15, 2006. Travelers' failure to properly adjust Xavier's claim upon receipt of this information subjects it to the amended penalty provisions of section 658.

Respectfully Submitted:

/s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY OF LOUISIANA

AND

CALVIN C. FAYARD, JR., #5486
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Telephone: 225-664-4193
Fax: 225-664-6925
calvinfayard@fayardlaw.com
LIAISON COUNSEL – INSURANCE PSLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

                        /s/ James M. Garner
                        JAMES M. GARNER