UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" MAG "2" |
| PERTAINS TO:<br>INSURANCE (XAVIER UNIVERSITY<br>OF LOUISIANA V. TRAVELERS<br>CASUALTY PROPERTY COMPANY<br>OF AMERICA NO. 06-516) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF**

MAY IT PLEASE THE COURT:

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Reply Memorandum to Defendant's Opposition to Xavier's Motion for Partial Summary Judgment Regarding Burden of Proof. For the following reasons, Xavier requests that this Court grant its motion for partial summary judgment and hold, as a matter of law, that Travelers has the burden of proving the applicability of any exclusion from coverage and, further, that any of Xavier's claimed damages are excluded from coverage.

I.  **THE RELIEF SOUGHT IN THIS MOTION IS NOT MOOT AND IS APPROPRIATE FOR A MOTION FOR SUMMARY JUDGMENT.**

Travelers' opposition initially contends that the issues raised in this motion for partial summary judgment are moot considering the United States Fifth Circuit Court of Appeals' recent ruling concerning the interpretation of the so-called "flood" exclusion contained in the Travelers' policy. Contrary to Travelers' suggestion, Xavier filed its motion not only to address the burden of proof related to the levee breaches, but, rather, the motion was brought to address the parties' respective burdens concerning all aspects of the claim. Indeed, Travelers' arguments that Xavier has the burden of segregating its damages into covered and non-covered damages demonstrates the fallacy of any argument that this issue is now moot. To the contrary, the burden of proof is highly relevant on these points.

Further, Xavier is not seeking a mere advisory opinion from this Court. There is a discrete legal issue over which the parties have a genuine dispute. Resolution of this issue will frame the manner in which the case is prepared and presented for trial. For these reasons, Xavier submits that this motion is appropriately before this Court.

II.  **TRAVELERS, NOT XAVIER, HAS THE BURDEN OF PROVING THE APPLICABILITY OF A COVERAGE EXCLUSION AND THE EXTENT TO WHICH XAVIER'S CLAIMED DAMAGES ARE NOT COVERED.**

In an action on an insurance contract, the insured "bears the burden of proving the existence of the policy and coverage."[1] Travelers does not dispute the existence of the policy, leaving Plaintiffs with the burden of proving coverage. Importantly, Travelers concedes its policy is an "all risks" policy, which, except in instances of misconduct or fraud, <u>provides coverage for all "fortuitous</u>

---

[1] *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/2002), 809 So. 2d 916, 921.

2

losses . . . <u>unless the policy contains a specific provision expressly excluding the loss from coverage.</u>"[2] There is no allegation that Xavier engaged in misconduct or fraud. Xavier's property damage resulting from Hurricane Katrina is, undoubtedly, a fortuitous loss. Accordingly, the undisputed fact of Xavier's Katrina-related property damage satisfies Plaintiffs' burden of proving coverage under Policy.

While the insured must prove the existence of the policy and coverage, "the insurer bears the burden of proving the applicability of an exclusionary clause within a policy."[3] Travelers concedes this principle, but then argues that, after proving the existence of an excluded cause of loss, the burden of proof shifts back to Xavier to segregate the damages. In the context of proving the applicability of an exclusion, however, <u>there is no support for a "shifting" burden of proof in Louisiana law</u>.

Travelers relies, in part, on Judge Berrigan's opinion in *Ferugson v. State Farm Insurance Co.*[4] as authority for its "burden shifting" theory. In *Ferguson*, Judge Berrigan wrote that, once an insurer meets the burden of "proving the exclusion, the burden will again shift back to the plaintiffs to prove they fall under an exception to the exclusion." Xavier is not claiming that its loss falls under an exception to the "water damage" exclusion. As long as the dispute is whether "wind" or "water" damaged a particular piece of property, Travelers, not Xavier bears the burden of proving that "water," not "wind," damaged that property. Travelers can cite this Court to no Louisiana state

---

[2] *Dow Chem. Co. v. Royal Indem. Co.*, 635 F. 2d 379, 386 (5th Cir. 1981) (emphasis added). *See also Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 n.11 (5th Cir. 1990).

[3] *Riddle v. Fortis Ins. Co.*, 41,695 (La.App. 2 Cir. 12/13/2006), 945 So. 2d 251, 255.

[4] No. 06-3936 (E.D. La. May 9, 2007), 2007 WL 1378507

3

case holding that the insured has the burden of segregating covered damages from non-covered damages.

In *Massachusetts Protective Ass'n v. Ferguson*,[5] the court held that the "insurer carries the burden of **establishing the facts** which relieve or limit [its] liability."[6] If, following a fortuitous event like a hurricane, an insured's property is damaged, then **all** the damaged property is a covered loss under an "all risk" policy. The insurer must then *establish facts* that "relieve or limit" its liability for such losses under the policy, including the extent to which certain damages claimed by Xavier are not covered.

In this matter, Xavier's campus was severely damaged during Hurricane Katrina. **All** of Xavier's damages are presumed covered under Travelers' "all risks" policy unless Travelers proves otherwise. Travelers contends that part of the loss is covered "wind" damage and part of the loss is excluded "water" damage. If so, the burden *always* remains on Travelers to prove which piece of property was damaged by "water" instead of "wind," as such proof would, under *Massachusetts Protective Association*, necessarily be a "fact" that limited Travelers' liability.

This matter is also analogous to *Broussard v. State Farm Fire and Casualty Company*,[7] in which Judge Senter addressed the precise issue raised by Travelers in its opposition to this motion. In *Broussard*, the court, after noting that the property sustained an accidental direct physical loss, observed that "State Farm would owe this entire loss unless it can establish that some or all of this

---

[5] 121 So. 863 (1929)

[6] *Id.* at 866 (emphasis added); *see also Paret v. Louisiana Health Service & Indem. Co.*, 366 So. 2d 634, 637.

[7] No. 1:06CV6 (S.D. Miss. Jan. 17, 2007), 2007 WL 113942.

4

loss was attributable to water damage, a type of loss excluded from coverage under the policy."[8] Judge Senter further declared that the "**burden of proof requires State Farm to establish, by a preponderance of the evidence, what portion of the total loss is attributable to flood damage**."[9]

In short, in direct contradiction of Travelers' position, *Broussard* holds that the Travelers, not Xavier bears the burden of segregating covered wind damage from excluded water damage. Xavier respectfully submits that *Broussard* is consistent with the Louisiana line of cases that require an insurer to *establish facts* that limit its liability.[10] Thus, Travelers, not Xavier, bears the burden of proving which losses are not covered under Travelers' policy of insurance.

## III. CONCLUSION

For the foregoing reasons, Xavier respectfully requests that this Honorable Court grant its motion for partial summary judgment regarding burden of proof and hold that Travelers has the burden of proving that Xavier's claimed damages are excluded from coverage under the "all risks" policy of insurance issued by Travelers to Xavier.

---

[8] *Id.* at * 1-2.

[9] *Id.* at * 2 (emphasis added).

[10] State Farm has cited cases applying Texas laws that suggest the burden is on the insured to segregate covered losses and non-covered losses. To the extent that these cases conflict with the mandate in *Massachusetts Protective Ass'n* that insurers "establish[] the facts" that limit their liability, the cases should be ignored.

5

Respectfully Submitted:

/s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA   70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER

6