UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION
                                                            NO. 05-4182

PERTAINS TO: *Maynard* C.A. No. 06-11385        SECTION "K"(2)

ORDER AND REASONS

Before the Court is Defendant The Standard Fire Insurance Company's Rule 12(b)(6) Motion to Dismiss. (Doc. 3215). The Standard Fire Insurance Company ("Standard Fire") seeks to dismiss the claims of Eva Maynard, for herself and the purported class which she represents. She seeks to recover under a renter's insurance policy issued by Standard Fire which she contends provides coverage for damage to her personal property resulting from the flooding that occurred in the aftermath of Hurricane Katrina. Standard Fire contends that the policy at issue provides "named peril" coverage for personal property which is different an open peril policy or "all-risk" policy that provides coverage for all risks of direct physical loss that are not excluded. The policy at issue covers 16 enumerated perils; none of which include flood or third-party negligence that results if a flood. Thus, Standard Fire maintains that this case should be dismissed. For the reasons that follow, this Court concurs in that conclusion.

**Procedural Background**

This case was initially filed in the 24th Judicial District Court for the Parish of St. Bernard on August 29, 2006. It was removed to federal court on December 28, 2006 and allotted to Judge Lance Africk. On January 25, 2007, this motion was initially filed before Judge Africk. The case was transferred into this section of Court on the premise that it was related to *In re*

*Katrina Canal Breaches Litigation,* C.A. No. 05-4182 on February 16, 2007.  The motion was reset before this Court to be heard on February 21, 2007.

On February 21, 2007, a First Amended Complaint was filed in C.A. No. 06-11385 erroneously as there was no leave of court requested and none granted.  A notice of deficient document issued.  On February 22, 2007, the case was consolidated into *In re Katrina.*  A motion to continue the hearing was filed and granted continuing the hearing date to March 7, 2007.

On March 14, 2007, the Insurance Master Consolidated Class Action Complaint (Doc. 3413) was filed.  It incorporated the Maynard complaint, and the Court will use that Insurance Master Complaint for reference in this ruling.

**Background**

As discussed above, a review of the subject policy demonstrates that this policy is unlike those policies involved in the Court's ruling in *Vanderbrook, Xavier* and *Chehardy* (Doc. 1803). This policy provides coverage in relevant part in Form HO-4 (04-91) as follows:

Section I-PERILS INSURED AGAINST

We insure for direct physical loss to the property described in Covered C caused by a peril listed below unless the loss is excluded in SECTION I-EXCLUSIONS.

1. Fire or lightning.
2. Windstorm or hail.
   This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.  . . .
3. Explosion.
4. Riot or civil commotion.
5. Aircraft, including self-propelled missiles and spacecraft.
6. Vehicles.
7. Smoke. . . .
8. Vandalism or malicious mischief....

9. Theft. . . .
10. Falling objects.
11. Weight of ice, snow or sleet .
12. Accidental discharge or over flow of water or steam from within a plumbing, heating or automatic fire protective sprinkler system or from within a household appliance. . . .
13. Sudden and accidental tearing apart, cracking, burning or bulging of a steam or hot water hearing system and air conditioning or automatic protective sprinkler system or an appliance for heating water.. . .
14. Freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler. . .
15. Sudden and accidental damage from artificially generated electrical current.
16. Volcanic eruption other than losses caused by earthquake, land shock waves or tremors.

(Doc. 3215-4 at 7-8 of 18). At page 6 of the same policy, the policy's exclusion provision provides:

SECTION 1-EXCLUSIONS

We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

. . .

3. Water Damage, meaning:
    (a) flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these whether or not driven by wind;
    (b) Water which backs up through sewers or drains or which overflows from a sump; or
    (c) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

(Doc. 3215-4 at Page 9 of 18). Bearing in mind the terms of the policy at issue, the Court will now turn to the motion at hand.

**Standard for Summary Judgment**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson*, 477 U.S. at 255. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

**"Named Peril" versus "All-Risk"**

Sitting as an *Erie* court, Louisiana law will be applied to this suit. *Musser Davis Land Co. v. Union Pacific Resources,* 201 F.3d 561, 565 (5th Cir.2000), *citing Erie R. Co. v. Tompkins,* 304 U.S. 64, 79-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Mozeke v. Int'l Paper Co.,* 856 F.2d 722, 724 (5th Cir.1988). "An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship." La. Civ. Code art. 1983; *Edwards v. Daugherty*, 883 So.2d 932, 940 (La. 2004); *Peterson v. Schimek*, 729 So.2d 1024, 1028 (La. 1999). As such, the general rules of contract interpretation as set forth in the Louisiana Civil Code guide the Court in interpreting the subject insurance policies. *Peterson*, 729 So.2d at 1028. "The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. *See* La. Civ. Code art. 2045; *Carbon* [*v. Allstate Ins. Co.,* 97-3085, p. 4 (La. 10/20/98, 719 So. 2d 437, 439]*; Louisiana Ins.* [*Guar. Ass'n v. Interstate Fire & Cas. Co.* 03-0911, p. 5 (La. 1/14/94)], 630 So.2d 759, 763." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577 (La. 2003).   Under Louisiana law, the insured bears the burden of proving that an incident giving rise to her claims falls within the policy's terms, but the insurer bears the burden of proving the applicability of an exclusionary clause within its policy. *Coleman v. School Bd. of Richland Parish,* 418 F.3d 511, (5th Cir. 2005).

There is a fundamental difference between an all-risk, homeowner policy that was at issue in *Vanderbrook, Xavier* and *Chehardy.* As noted by Judge Tate in *Ingersoll-Rand Financial Corp. v. Employers Ins. of Wausau*, 771 F.2d 910 (5th Cir. 1985):

> A "named peril" policy is to be differentiated from an "all risks" policy. "A policy of insurance insuring against 'all risks' creates a special type of coverage that extends to risks not usually covered under other insurance; recovery under an all-risk policy will be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage." *Dow Chemical Company v. Royal Indemnity Company,* 635 F.2d 379, 386 (5th Cir.1981).

*Id.* at 912 (C.A.5 (La.),1985).

Maynard contends that she and class members assert coverage under the policies by virtue of the "Windstorm or hail" coverage in the HO-4 policy for renters in combination with the non-excluded event, namely the negligent acts of third parties. (Insurance Master Complaint, Doc. 3413 ¶ 104.) Plaintiff maintains that "[t]here is no exclusion relating to this coverage for the negligence or fault of third parties. (Id. ¶ 105).

A review of the wording of the policy clearly demonstrates that there is no insurance provided for the loss sustained. The insuring language states specifically, "We insure for direct physical loss to the property described in Covered C caused by a peril listed below unless the loss is excluded in SECTION I-EXCLUSIONS." Thus, only perils named are covered. Plaintiff relies on the "wind and hail coverage" which unequivocally states:

> 2.   Windstorm or hail.
>      This peril does not include loss to the property contained in a
>      building caused by rain, snow, sleet, sand or dust unless the direct
>      force of wind or hail damages the building causing an opening in a
>      roof or wall and the rain, snow, sleet, sand or dust enters through
>      this opening. . . .

Nothing in this language could possibly create coverage for water damage caused by a levee breach. Even rain water damage is excluded unless the "direct force of wind" causes damage to the insured building causing an opening in the roof or wall. This description bears no resemblance to water damage caused by a levee breach inundating a home. Thus, plaintiff's

arguments concerning the inapplicability of the water damage exclusion are without force as there is no coverage.  Without coverage, an exclusion is meaningless.  Accordingly,

**IT IS ORDERED** that The Standard Fire Insurance Company's Rule 12(b)(6) Motion to Dismiss.  (Doc. 3215) is **GRANTED** and judgment shall be entered in favor of The Standard Fire Insurance Company and against Eva Maynard in *Maynard v. The St. Paul Travelers,* C.A. No. 06-11385.

New Orleans, Louisiana, this  30th  day of September, 2007.

                                         **STANWOOD R. DUVAL, JR.**
                            **UNITED STATES DISTRICT COURT JUDGE**