UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * CIVIL ACTION NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * <br> * JUDGE DUVAL* <br> * MAG. WILKINSON |

PERTAINS TO:  BARGE

*Boutte v. Lafarge, No. 05-5531*
*Mumford v. Ingram, No. 05-5724*
*Lagarde v. Lafarge, No. 06-5342*
*Perry v. Ingram, No. 06-6299*
*Benoit v. Lafarge, No. 06-7516*
*Parfait Family v. USA, No. 07-3500*[1]

**RESPONSE OF LAFARGE NORTH AMERICA INC. TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF BARGE CLASS CERTIFICATION DEADLINES**

Defendant Lafarge North America Inc. ("LNA") responds to the motion by plaintiffs' counsel (Rec. Doc. 7913) seeking an unspecified enlargement of the deadline for plaintiffs' class certification filing.  The Court has set a deadline of October 30, 2007 for plaintiffs to file their motion for class certification, together with all necessary evidence and a supporting memorandum of law.  Rec. Doc. 7724 at 4.

---

[1] Plaintiffs' motion in fact does not pertain to *Lafarge v. USA*, No. 07-5178, although the caption to their motion inaccurately suggests that it does.

LIBW/1657478.3

Although LNA had been under the impression that the plaintiffs were prepared to go forward with an attempt to meet their burden of establishing the prerequisites to class certification under Fed. R. Civ. P. 23, their motion makes clear that they are not.  LNA does not oppose plaintiffs' request for an enlargement of their October 30 deadline, ***provided that*** the Court enters a corresponding enlargement of all other case management deadlines that follow the filing of the class certification motion.  The Court's class certification schedule provides a reasonable period to conclude class certification discovery to prepare written opposition papers following the filing of plaintiffs' motion.  LNA anticipates that plaintiffs' motion for class certification, when it is filed, will reveal numerous deficiencies under the Rule 23 standards that will warrant discovery, briefing, and a hearing before the Court.  Moreover, plaintiffs' motion for certification of a class against LNA will raise different factual and legal issues than any motion for class certification against the United States or other defendants in the *Katrina* litigation.  Enlargement of the plaintiffs' initial deadline should not operate to prejudice LNA's time for carrying out all activities necessary and appropriate to respond to the motion.

Moreover, because the Court's ruling on class certification will affect any further proceedings in the case, and for the sake of simplicity depending upon the length of the enlargement allowed by the Court, LNA believes a corresponding enlargement of time should also extend to all of the other case management deadlines, to avoid unintended consequences and to preserve the integrity of the sequencing adopted by the Court.

LNA stresses that it is willing to abide by the Court's deadlines as contained in Case Management Order #5 and seeks no delay, but rather simply seeks to preserve the integrity of the case management plan laid out by the Court and LNA's ability to respond to plaintiffs' claims according to the time parameters provided in that plan.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (# 5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (# 27538)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

/s/ John D. Aldock
John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Tel.: (202) 346-4240

**ATTORNEYS FOR
LAFARGE NORTH AMERICA INC.**

## Certificate of Service

I do hereby certify that I have on this 1st day of October, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock