UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| *IN RE* KATRINA CANAL BREACHES CONSOLIDATED LITIGATION : : : PERTAINS TO: : *FRANCO* C.A. 06-7660 : : : | CIVIL ACTION NO. 05-4182 SECTION "K" (2) |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

INSURANCE COUNSELORS, INC., hereinafter "ICI," moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 and La. Rev. Stat. Ann. § 9:5606. The gravamen of plaintiffs' complaint is that ICI failed to procure adequate flood coverage for their home which was damaged in Hurricane Katrina.[1] As will be shown below, the plaintiffs' insurance policy had been in place for more than nine years when Hurricane Katrina struck. The plaintiffs' claims against ICI are perempted and must be dismissed.[2]

---

[1] *See*, Pet. for Damages, paras. 4-11.

[2] La. Rev. Stat. Ann. § 9:5606.

## Summary Judgment Standard:

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and further that the moving party is entitled to judgment as a matter of law.[3] Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial.[4]

## Factual and Procedural Statement:

Nicholas and Martha Franco sued ICI, alleging that it failed "[. . .] to advise [them] of the availability of additional insurance, above and beyond the $250,000.00 limit under their policy with Travelers, although such additional coverage was available."[5] Further, the Francos allege that "[ICI] owed [them] a fiduciary obligation to advise and counsel them concerning insurance adequate to

---

[3] *Ross v. Porthau Industries*, 2005 WL 1907528, p. 1 (W.D. La. 8/10/05) (citing Fed.R.Civ.P. 56(c); also citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986)); and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986).

[4] *Ross v. Porthau Industries*, supra. (citing Fed.R.Civ.P. 56(e); also citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552).

[5] Petition for Damages at para. 7.

cover losses [. . .] but in failing to advise concerning the availability of additional insurance coverage, it breached that obligation."[6] At no time did plaintiffs allege that they asked for excess flood insurance or that they had any contact with ICI throughout the life of their policy.

At all times pertinent to this case, the Francos' flood coverage was provided by Traveler's insurance policy, number 6002639760, with ICI acting as the Francos' agent. Their policy came into effect on June 3, 2000. The policy renewed annually on the third day of June. For that first policy year, the Francos' had Building Coverage in the amount of $250,000 and Contents Coverage in the amount of $69,500.00.

Each year thereafter, the Francos' policy was automatically renewed. The only change to their policy was a yearly, inflation-based increase in Contents Coverage. The Francos' filed the instant lawsuit on August 30, 2006.

**Law and Argument:**

Louisiana law is crystal clear as to when a lawsuit against an insurance agent can be brought.[7] An action for damages against an insurance agent must be brought within one year of the discovery of the agent's error, act or omission.[8] Further, an action against an agent can only be brought within

---

[6]*Id.* at para. 8.

[7]La. Rev. Stat. Ann. § 9:5606.

[8]*Id.*

three years of the agent's act, regardless of the date the agent's act is discovered.[9] As one court in the Eastern District has stated, "[u]nder the express terms of the statute, regardless of whether the plaintiffs sued within one year of discovering their cause of action, the claims are still perempted if plaintiffs do not bring it within three years of the act, [. . .]."[10] As a final guiding principle, renewals do not reset the prescriptive/peremptive period "[. . .] for acts and omissions committed at the time of the initial purchase."[11]

As set forth above, plaintiffs' insurance policy came into effect on June 3, 2000, more than five years before Hurricane Katrina struck.[12] The policy renewed automatically on June 3, 2000, 2001, 2002, 2003, 2004, 2005.[13] During the entire existence of policy 6002639760, the only changes were the automatic, inflation-based increases to the Contents Coverage.[14]

---

[9]*Id.*

[10]*Goslee v. Allstate Ins. Co.*, 2007 WL 1200054, *2 (E.D.La. April 20, 2007) (Vance, J.).

[11]*Merridith v. Allstate Indemnity Company*, 2007 WL 325741, *3 (E.D.La. Jan. 31, 2007) (Vance, J.).

[12]*See*, Affidavit of Carole Mathews, para. 3, attached as Exhibit 1.

[13]*Id.* at paras. 4, 7, 9, 11, 13, 15.

[14]*See*, Aff. of Carole Mathews, paras. 7, 10, 13, 16 and 19.

An agent's duties vis à vis the insured are to "[. . .] use reasonable diligence [. . .] to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested."[15] "On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested."[16] Further, an insurance agent has "[. . .] no duty 'to spontaneously identify a client's needs and to advise him as to whether he is under-insured or carries the right type of coverage."[17] In *Talbert v. Allstate Insurance Company*,[18] the Court held that to carry her burden against an agent under such a standard requires that the plaintiff: 1.) prove her request for a certain coverage; and 2.) prove the agent's failure to obtain the coverage, or prove the agent's "outright misrepresentation [. . .]."[19]

The Francos do not allege that they requested excess flood coverage at any time during the life of their policy. They also do not allege that ICI failed to obtain requested coverage. The only

---

[15] *Hyatt v. State Farm Insurance Co.*, 2007 WL 128863, *2 (E.D.La. January 17, 2007) (Berrigan, J.) (Citing *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 at *4).

[16] *Id.* (citing *Dooley v. Wright*, 501 So.2d 980, 985 (La. App. 2nd Cir. 1987), *writ denied* 512 So.2d 442 (La. 1987)).

[17] *Talbert v. Allstate Insurance Company*, 2007 WL 1428702, *4 (E.D.La. May 10, 2007) (Engelhardt, J.) (citing *Dobson, et al. v. Allstate Ins. Co., et al.*, 2006 WL 2078423, at 10-11 (E.D.La. July 21, 2006)).

[18] *Supra.*

[19] *Id.*

allegation against ICI is that ICI failed to inform the Francos that additional insurance was available, which is, parenthetically, denied. Because Louisiana law imposes no such duty on an agent, ICI's motion for summary judgment must be granted, dismissing the plaintiffs' claims against it, with prejudice.

ICI is also entitled to summary judgment because the Francos' claims against it are perempted under Louisiana law.[20] In Louisiana, claims against an insurance agent are subject to a one year prescriptive period and a three year peremptive period.[21] Because the plaintiffs have not alleged, nor can they show, any act or omission by ICI within three years of August 30, 2006, the date on which they filed suit, ICI is entitled to summary judgment.

In *Merridth v. Allstate Indemnity Company*,[22] the Court disposed of four Motions to Remand, in four separate cases falling under the above caption.[23] In three of them, the timeliness of claims against an insurance agent was the central issue.[24] In the first case, *Merridth v. Allstate Indemnity Company*, civil action number 06-7123, the plaintiff alleged that her agent failed "[. . .] to advise her

---

[20] La. Rev. Stat. Ann. § 9:5606.

[21] *Id.*

[22] 2007 WL 325741 (E.D.La. January 31, 2007) (Vance, J.).

[23] *Id.* at *1.

[24] *Id.*

-6-

of the availability and need for additional flood coverage" and "[. . .] directly or indirectly [informed] her that her policy would cover 'all hurricane damages.'"[25] The agent argued, and the court agreed, that the claims were perempted under La. Rev. Stat. Ann. § 9:5606.[26] Because the plaintiff first renewed her flood policy with the agent she sued on March 19, 2001, the court ruled that "[. . .] her claims are perempted because they were not brought within three years of March 19, 2001, the date of [the agent's] alleged act, omission, or neglect."[27]

In the second of the cases, *Kevin F. Darr v. Allstate*, civil action number 06-7385, the court determined that the plaintiffs' claims were *not* perempted because suit was filed less than one year after the date of the agent's negligent act.[28] In the case, the agent allegedly failed to "reform the policy" on December 29, 2005, and the plaintiffs filed suit on August 28, 2006.[29] Thus, the court rather easily found that "[. . .] plaintiffs' allegations regarding the December 2005 reissuance of plaintiffs' policy arguable state a new infraction by [the agent]."[30]

---

[25] *Id.* at *3.

[26] *Id.* at *4.

[27] *Id.*

[28] *Id.* at *5.

[29] *Id.*

[30] *Id.*

In the fourth case, *Kobeszko v. State Farm*, number 06-7678, the plaintiffs first placed their coverage through the defendant insurance agent in 1992.[31] The court noted that their "[. . .] policies were annually renewed without change, with two exceptions."[32] Those exceptions were on November 2, 1993, when the plaintiffs increased their flood coverage and on January 4, 2002, when the plaintiffs decreased their homeowner's coverage.[33] Finding the case perempted, the court held that because the plaintiffs did not file "[. . .] in state court until August 29, 2006, the claims against [the agent] are barred under the three-year peremption [. . .]."[34]

In *Sambo v. Allstate Insurance Company*[35] the plaintiffs sued their flood insurance company and their agent, who filed a motion for summary judgment and argued that their claims were perempted under La. Rev. Stat. Ann. § 9:5606.[36] The court agreed with the agent and granted the Motion for Summary Judgment.[37] Specifically, the court wrote:

---

[31] *Id.* at *7.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] 2007 WL 1200054 (E.D.La. April 20, 2007) (Vance, J.).

[36] *Id.* at *3.

[37] *Id.*

> Plaintiffs contend in their state court petition that [the agent] was negligent in failing to increase the coverage limits on their flood policy to equal those on their homeowner's policy. Plaintiffs do not assert that they requested [the agent] to do so. In response, [the agent] submitted an unrebutted affidavit that plaintiffs purchased both their homeowner's and flood policies in 1991 and renewed the policies every year thereafter. Plaintiffs filed suit on August 30, 2006. Plaintiffs' claims are therefore subject to the three-year peremption provided in La. Rev. Stat. § 9:5606. That the policy was renewed each year does not alter this result. Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.[38]

Here, plaintiffs do not make any allegation that they requested ICI increase their flood coverage, nor do they assert that they requested ICI explore whether or not such excess coverage was an option. Rather, the plaintiffs herein obtained their coverage years before Hurricane Katrina and simply had that coverage renewed annually. Under the law, any claims they may have are perempted.

### Conclusion:

ICI is entitled to summary judgment herein as there are no genuine issues of material fact. Plaintiffs' flood insurance policy started on June 3, 2000, and was automatically renewed every year until it was canceled, in 2006. At no time did the Francos request more flood insurance or ask their agent, ICI, if they needed more flood insurance. Because ICI has no duty under Louisiana law to divine whether or not the Francos needed excess flood insurance and because the Francos' claims

---

[38] *Id.* (citations omitted).

are perempted under Louisiana Revised Statute §9:5606, the instant motion for summary judgment must be granted and the claims against it dismissed, with prejudice.

**Respectfully submitted:**

/s/ Jonathan M. Walsh
**ROBERT E. KERRIGAN, JR. (7350)
JONATHAN M. WALSH (25922)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA   70130
Telephone: (504) 581-5141
Fax: (504) 566-1201**

*Attorneys for Defendant, Insurance Counselors, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing *Memorandum in Support of Motion for Summary Judgment* has been served on counsel listed below, by ECF filing, by fax, by hand or by U.S. Mail, postage prepaid, this 2nd day of October, 2007.

| | |
|---|---|
| George F. Reiss, Esq. | Steven W. Usdin, Esq. |
| Weeks, Kavanagh & Rendeiro | Barrasso, Usdin, Kupperman, Freeman & |
| Hibernia Homestead Building | Sarver, L.L.C. |
| 810 Union Street | 909 Poydras Street, Suite 1800 |
| New Orleans, LA 70112 | New Orleans, Louisiana 70112 |

/s/ Jonathan M. Walsh