UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| *IN RE* KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | : | CIVIL ACTION |
| | : | |
| | : | NO.   05-4182 |
| PERTAINS TO: INSURANCE CASES | : | |
| *FRANCO* C.A. 06-7660 | : | SECTION "K" (2) |
| | : | |

## MEMORANDUM IN OPPOSITION TO
## MOTION FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes Insurance Counselors, Inc. ("ICI") to oppose the plaintiffs' Motion for Trial by Jury as follows, to wit:

The plaintiffs' Motion for Trial by Jury must be denied. The instant litigation has been pending since August 30, 2006, when the plaintiffs filed their original complaint and did not pray for trial by jury. More than a year later, the plaintiffs filed a First Supplemental and Amending Complaint in a clearly artificial attempt to revive their long since expired right to trial by jury. Plaintiffs claim that the defendants' Answers entitle them to trial by jury herein. However, because no pleading has raised a "new issue," as the jurisprudence interprets that term, the plaintiffs' Motion for Trial by Jury must be denied.

## FACTS

Plaintiffs filed suit against Chubb Group of Insurance Companies ("Chubb") and ICI on August 30, 2006. As against Chubb, plaintiffs alleged that they were covered by a homeowner's insurance policy and that Chubb "arbitrarily and capriciously" refused to pay their covered losses under the policy's terms.[1] As against ICI, plaintiffs alleged that ICI failed "[. . .] to advise [them] of the availability of additional insurance, above and beyond the $250,000.00 limit under their policy with Travelers, although such additional coverage was available."[2] Further, the Francos alleged that "[ICI] owed [them] a fiduciary obligation to advise and counsel them concerning insurance adequate to cover losses [. . .] but in failing to advise concerning the availability of additional insurance coverage, it breached that obligation."[3]

When plaintiffs' supplemented and amended their complaint, they chose to add that "[o]n August 29, 2005 wind-driven rain in advance of, during, and in the aftermath of Hurricane Katrina intruded into complainants' home at 5448 Dana Court, [. . .]."[4] Originally, they alleged that their

---

[1] Pet. for Damages, paras. 10-13.

[2] *Id.* at para. 7.

[3] *Id.* at para. 8.

[4] Supp. and Amend. Complaint, para. "13A."

-2-

damages arose from "[. . .] wind and water [. . .]"[5] and from "[. . .] wind damage [. . .] followed by the intrusion of rain water through the compromised structure."[6]

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 38 provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by [. . .] serving upon the other parties a demand therefor [. . .] not later than 10 days after the service of the last pleading directed to such issue, [. . .]."[7] The same Rule clearly provides, however, that the right to trial by jury, if not exercised, is waived.[8] The only issue before this Honorable Court, then, should be whether or not the defendants' Answers to the plaintiffs' First Supplemental and Amending Complaint started the Rule's ten (10) day clock.

ICI contends that defendants' Answers did not start Rule 38's ten (10) day clock because they did not raise any new issues triable of right by jury. Because this issue has been directly addressed by the United States Fifth Circuit, an analysis of the caselaw is in order.

In *Fredieu v. Rowan Companies, Inc.*,[9] the United States Fifth Circuit Court of Appeal addressed the issue of whether or not the district court below "[. . .] abused its discretion by denying

---

[5]Pet. for Damages at para. 4.

[6]*Id.* at para. 11.

[7]F.R.C.P. Rule 38(b) (West 2007).

[8]F.R.C.P. Rule 38(d) (West 2007).

[9]738 F.2d 651 (5th Cir. 1984).

[the plaintiff's] motion to amend the complaint to request a jury trial."[10] The Court of Appeal explained that a supplemental and amended complaint "[. . .] that raises new issues enables a party to request a jury trial for those issues [. . .] [but] a [. . .] pleading that merely restates issues previously raised does not revive the right to demand a jury trial when one had not earlier been demanded."[11]

Applying Federal Rules 38 and 39 to the plaintiff's demand for trial by jury, the Court of Appeal looked to the both the substance of the amended complaint and to the reasons behind the failure to pray for trial by jury.[12] They determined that the plaintiff's amended complaint did not allege any "new issues of fact," which the Court of Appeal explained are required to revive the right to trial by jury as opposed to "new theories of recovery."[13] The plaintiff's explanation that he waited to pray for a trial by jury through inadvertence was deemed insufficient.[14]

In the instant case, no new issues of fact have been raised in the defendants answers, for the simple reason that none were raised by the supplemental and amending complaint. Plaintiffs have consistently claimed damages caused by wind and wind driven rain. Nothing has ever changed in

---

[10] *Id.* at 653.

[11] *Id.*

[12] *Id.* at 653-654.

[13] *Id.* at 653 (citing *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978)).

[14] *Id.* at 654.

that regard. While one may assume that plaintiffs have attempted to assert a new theory of recovery in light of the recent Fifth Circuit decision regarding the validity of the "water damage" exclusion at issue herein, a new theory is not sufficient to revive a long dead right to trial by jury.[15] Because the defendants' Answers to the plaintiffs' First Supplemental and Amending Petition did not raise any "new issues," plaintiffs are not entitled to a trial by jury herein.

**Respectfully submitted:**

 /s/ Jonathan M. Walsh
**ROBERT E. KERRIGAN, JR. (7350)**
**JONATHAN M. WALSH (25922)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
**755 Magazine Street**
**New Orleans, LA   70130**
**Telephone: (504) 581-5141**
**Fax: (504) 566-1201**

*Attorneys for Defendant, Insurance Counselors, Inc.*

---

[15]*Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651 (5th Cir. 1984).

-5-

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing *Opposition to Motion for Trial by Jury* has been served on counsel listed below, by ECF filing, by fax, by hand or by U.S. Mail, postage prepaid, this 2nd day of October, 2007.

George F. Reiss, Esq.
Weeks, Kavanagh & Rendeiro
Hibernia Homestead Building
810 Union Street
New Orleans, LA 70112

Steven W. Usdin, Esq.
Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112

/s/ Jonathan M. Walsh