UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, *Xavier Univ. of La.*, No. 06-0516 | * * * | MAGISTRATE JUDGE WILKINSON |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S CONSOLIDATED SUR-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Travelers respectfully submits this consolidated sur-reply memorandum to respond briefly to Xavier's three reply memoranda in support of its three separate motions for partial summary judgment.

**I.   Xavier's Motion For Partial Summary Judgment Regarding The Retroactivity Of The 2006 Amendment To La. Rev. Stat. § 22:658 Should Be Denied**

Xavier asks this Court to disagree with seven judges of the Eastern District of Louisiana who have already ruled that the 2006 amendment to La. Rev. Stat. § 22:658, known as Act 813, was <u>not</u> retroactive.[1]  Xavier also asks this Court to disagree with or distinguish eleven decisions

---

[1] Broussard v. State Farm Fire & Cas. Co., 2007 WL 2264535, at *8 (E.D. La. Aug. 2, 2007) (Vance, J.); Glaviana v. State Farm Fire & Cas. Co., 2007 WL 2127709, at *2 (E.D. La. July 23, 2007) (Lemelle, J.); Hartford v. Fidelity & Deposit Co., 2007 WL 2071659, at *2 (E.D. La. July 17, 2007) (Africk, J.); Conlee v. Fireman's Fund Ins. Co., 2007 WL 2071860, at *1-2 (E.D. La. July 17, 2007) (Barbier, J.); Leali v. Certain Underwriters at Lloyd's, London,

of Louisiana courts of appeal, all of which held, unanimously, that previous, similar amendments to the Louisiana bad faith statutes were not retroactive.[2] The prior amendments include, for example, a 1986 amendment to Section 22:658 that decreased the penalty from 12% to 10%. See Fuqua, 542 So. 2d at 1133; Francis, 581 So. 2d at 1044; Gulf Wide Towing, 554 So. 2d at 1354. If decreasing the penalty from 12% to 10% in 1986 was a "substantive" amendment that could not be applied retroactively, as the Louisiana First and Third Circuits held, then certainly the increase in penalty in 2006 from 25% to 50% is also a "substantive" amendment that cannot be applied retroactively.

As Xavier's reply brief makes clear, the only way it can even try to distinguish this long line of cases is by attempting to draw an indirect inference of retroactivity from some vague comments made by one member of the Louisiana Senate, Senator Murray, in a committee hearing on the bill that eventually became Act 813. Senator Murray never said that he intended the amendment to apply retroactively, that is an inference that Xavier tries to read into his comments. But even if Xavier were correct that Senator Murray intended retroactivity, that is irrelevant for two reasons. First, the amendment was substantive, and thus cannot be retroactive absent an express statement of retroactivity in the statute itself. The Louisiana Supreme Court has squarely held that where a statutory amendment "was a substantive law and the legislature

---

2007 WL 1975634, at *1 n.1 (E.D. La. July 3, 2007) (Fallon, J.); Ferguson v. State Farm Ins. Co., 2007 WL 1378507, at *3 (E.D. La. May 9, 2007) (Berrigan, C.J.); McKenny v. Allstate Ins. Co., 2007 WL 1139601, at *1-2 (E.D. La. Apr. 16, 2007) (Berrigan, C.J.); Weiss v. Allstate Ins. Co., 2007 WL 1017341, at *2-3 (E.D. La. Mar. 28, 2007) (Vance, J.); Tomlinson v. Allstate Indem. Co., Civ. A. No. 06-CV-617 (E.D. La. Feb. 12, 2007) (Feldman, J.) (oral ruling).

[2] Geraci v. Byrne, 934 So. 2d 263, 267 (La. Ct. App. 5th Cir. 2006); Lewis v. State Farm Ins. Co., 946 So. 2d 708, 728-29 (La. Ct. App. 2d Cir. 2006); Fuqua v. Aetna Cas. & Sur. Co., 542 So. 2d 1129, 1133 (La. Ct. App. 3d Cir. 1989); Francis v. Travelers Ins. Co., 581 So. 2d 1036, 1044 (La. Ct. App. 1st Cir. 1991); Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd., 554 So. 2d 1347, 1354 (La. Ct. App. 1st Cir. 1989); Fed. Ins. Co. v. St. Paul Fire & Marine Ins. Co., 634 So. 2d 40, 43-44 (La. Ct. App. 1st Cir. 1994); Jeffries v. Pruitt, 638 So. 2d 723, 726 (La. Ct. App. 1st Cir. 1994); Rusch v. Cook, 619 So. 2d 122, 124 (La. Ct. App. 1st Cir. 1993); Gretna Realty Co. v. Hartford Steam Boiler Inspection & Ins. Co., 617 So. 2d 215, 218 (La. Ct. App. 5th Cir. 1993); Del-Remy Corp. v. Lafayette Ins.

did not <u>expressly</u> provide that it should be applied retroactively, La. C.C. art. 6 requires that it be given prospective application only." <u>Landry v. Avondale Indus.</u>, 864 So. 2d 117, 123 (La. 2003) (emphasis added). Judge Barbier recently examined the same legislative history that Xavier relies upon and concluded that Act 813 was substantive and therefore could not be applied retroactively. <u>Conlee</u>, 2007 WL 2071860, at *2. Secondly, the commentary of one member of the Louisiana Senate is not evidence of the intention of both the House and the Senate as a whole. <u>Authement v. Davidson</u>, 366 So. 2d 986, 989 (La. Ct. App. 1st Cir. 1978).

If the Legislature actually intended Act 813 to apply retroactively, it would have included an express provision to that effect. Seven other Katrina-related statutes were made expressly and clearly retroactive to the date of the storm. See La. Rev. Stat. § 4:147.1; La. Rev. Stat. § 9:315.21(F)(1); La. Rev. Stat. § 9:2800(H)(1), (4); La. Rev. Stat. § 9:2800.17; La. Rev. Stat. § 13:5; La. Rev. Stat. § 29:735; La. Civ. Code art. 54. That is the most powerful evidence of legislative intent, which Xavier completely ignores.

Recognizing the weakness of its argument on retroactivity, in its reply brief Xavier primarily relies on its fall back position that the revised version of Section 22:658 applies prospectively in this case. Xavier claims that it re-triggered the alleged statutory violation every time it produced documents in response to Travelers' requests for production in this lawsuit. There is no merit to that position. Louisiana appellate courts have repeatedly rejected similar arguments that an alleged violation of the bad faith statutes "continues" indefinitely in the manner that Xavier suggests. In <u>Geraci v. Byrne</u>, 934 So. 2d 263 (La. Ct. App. 5th Cir. 2006), the court held that the 2003 amendment to Section 22:658 was inapplicable even though the insured continued to provide additional relevant documentation after the amendment took effect.

---

Co., 616 So. 2d 231, 232 (La. Ct. App. 5th Cir. 1993); <u>Hidalgo v. Old Hickory Ins. Co.</u>, 630 So. 2d 252, 256 (La. Ct. App. 5th Cir. 1993).

226680-1

3

Geraci involved uninsured motorist coverage. The insured made a demand for such coverage on Allstate in April of 2003, four months before the 2003 amendment to Section 22:658 took effect on August 15, 2006. Prior to August 15, 2003, the insured's attorney provided copies of the insured's medical bills and reports and a medical release. Id. at 267-68. In May of 2004, however, nine months after the amended version of Section 22:658 took effect, the insured provided updated medical records, a HIPAA compliant release form, and a summary of the injuries suffered along with a formal settlement demand. Id. at 267. Notwithstanding the fact that this "additional" proof of loss was provided after the amendment took effect, the Louisiana Fifth Circuit held that "the cause of action for arbitrary and capricious refusal to settle arose prior to August 15, 2003," and, therefore the 2003 amendment to Section 22:658 was inapplicable. Id.[3]

Xavier's allegations in this case are indistinguishable from Geraci. In its reply brief, Xavier admits that "[p]re-suit [i.e., prior to February 2, 2006], Xavier sent Travelers enough information to constitute a 'satisfactory proof of loss.'" (Xavier Reply Memo., at 4.) Similarly, the Complaint alleges that, prior to suit, Xavier provided "voluminous and substantial documents in proof of its loss," and that Travelers' alleged violation of Section 22:658 had already occurred.

---

[3] Other Louisiana courts of appeal have reached similar results. In Federal Ins. Co. v. St. Paul Fire & Marine Ins. Co., 634 So. 2d 40 (La. Ct. App. 1st Cir. 1994), the insured argued that "although LSA-R.S. 22:1220 may not apply to their insurers' breaches of their duties to defend *before* the effective date of the statute, by continuing to refuse to defend JSM *after* the statute's passage, the insurers have exposed themselves to liability for statutory penalties." Id. at 43. The Louisiana First Circuit rejected this argument, holding that "if a duty to defend existed, it existed -- albeit unrevealed -- at the time the Gorman suit [against the insured] was filed, prior to the effective date of the statute" and "[t]hus, application of LSA-R.S. 22:1220 to the instant case would be an impermissible retroactive application of a substantive amendment." Id. at 44. See also Rusch v. Cook, 619 So. 2d 122, 124-25 (La. Ct. App. 1st Cir. 1993) ("We decline to impose a substantive obligation on the insurer retroactively simply because settlement efforts were 'continuing' after the effective date of the act."); Gretna Realty Co. v. Hartford Steam Boiler Inspection & Ins. Co., 617 So. 2d 215, 218 (La. Ct. App. 5th Cir. 1993) (holding that Section 22:1220 was inapplicable where loss occurred six months before Section 22:1220 became effective); Kiefer v. State Farm Mut. Auto. Co., 1999 WL 147673, at *7 (E.D. La. Mar. 11, 1999) ("The fact that any alleged bad faith may have continued past the effective date of La. R.S. 22:1220 is not enough to make the statute applicable."). In its reply brief, Xavier cites Haynes v. Shumake, 582 So. 2d 959 (La. Ct. App. 2d Cir. 1991), but that case is clearly inapposite. It did not involve the applicability of an amendment to a statute.

(Complaint, ¶¶ 23, 26.) Xavier even alleged that the applicable penalty was 25%, pleading that "Travelers is liable for all amounts due under the policy, plus **25%** pursuant to Louisiana Revised Statute 22:658(B)(1)." (Id., ¶ 26 (emphasis added).) Xavier's claim for alleged violation of Section 22:658 clearly accrued prior to February 2, 2006, long before Act 813 took effect. As Geraci, Federal Ins. Co., Rusch, Gretna Realty and Kiefer make clear, Xavier cannot take advantage of the August 15, 2006 amendment by providing additional documentation at a later date. Moreover, the Policy expressly required Xavier to substantiate its claim before filing suit. (See Policy, Deluxe Property Coverage Form, at 18, a copy of which is attached as Exhibit A to Claypool Affidavit which is attached to Travelers Response to Plaintiff's Statement of Uncontested Material Facts in Support of Its Motion for Partial Summary Judgment Regarding Retroactivity of Act 813.)

If Xavier's theory of a "continuing" violation were correct, then the effective date of Act 813 would be meaningless. Every insured could take advantage of the 50% penalty simply by providing a few more documents to the insurer after August 15, 2006, or even now, more than two years after Hurricane Katrina. The insured would be able to manipulate the effective date of the statute, and would be rewarded with a larger penalty for withholding relevant documents until after that date, in violation of its duties under the policy. Such a result cannot be countenanced.

## II. Xavier's Motion For Partial Summary Judgment Regarding "Collateral Source" Should Be Denied

In its reply brief on the "collateral source" motion, Xavier notes that Travelers failed to respond to Xavier's supplemental brief, which argued that Travelers is not entitled to a credit for payments Xavier received from FEMA, HUD and other sources. In Travelers' efforts to respond

simultaneously to three different summary judgment motions raising numerous issues, Travelers inadvertently overlooked Xavier's supplemental brief, and respectfully requests the Court's indulgences for that oversight. Travelers is unable to respond to the supplemental brief because Xavier has refused to produce the documents that would enable Travelers to take a position on whether or not it is entitled to an offset or credit for payments received by Xavier from FEMA, HUD and other sources. Xavier has objected to producing any documents that would show what payments were received from FEMA, HUD and other sources, what those payments were for or how they were calculated. Xavier also filed a motion to quash seeking to preclude its general contractor and construction consultant from producing any of these documents. On August 28, 2007, Magistrate Judge Wilkinson ordered the documents to be produced (Order, Rec. Doc. 7346), but Xavier has appealed that ruling to this Court (see Rec. Docs. 7524, 7952).

Travelers is unable to take a position on the question of whether it is entitled to a credit for payments received by Xavier from FEMA, HUD or other sources until it has access to the documents that indicate what the payments were for, and how the amounts paid were calculated. (See Rule 56(f) Affidavit of Simeon Reimonenq, Esq., attached as Exhibit A hereto.) If Xavier received an undesignated contribution to its general fund from an alumnus after Hurricane Katrina, Travelers would not contend that it is entitled to a credit on Xavier's insurance claim for such a donation. If, however, Xavier received funds from FEMA in order to repair damage to the roof on a particular building, for example, it would be wholly inconsistent with the principle of indemnity for Xavier to be able to recover for the same damage to the same roof under the Travelers Policy. See Wright v. Assurance Co. of Am., 728 So. 2d 974, 975 (La. Ct. App. 2d Cir. 1999) (noting that there is a "universally recognized rule to the effect [that] a policy of insurance on property is predominately a contract of indemnity"); Weiss v. Allstate Ins. Co.,

2007 WL 891869, at *3 (E.D. La. Mar. 21, 2007) (Vance, J.) (noting the "well-established propositions that insurance contracts are contracts of indemnity and that an insured cannot recover an amount greater than her loss"); Ferguson v. State Farm Ins. Co., 2007 WL 1378507, at *3 (E.D. La. May 9, 2007) (Berrigan, C.J.) (recognizing "the principle that the fundamental purpose of property insurance is indemnity, not profit"). The Court cannot rule on this issue until there has been full disclosure by Xavier of all pertinent facts.[4]

The remainder of Xavier's motion seeks a ruling that Travelers is not entitled to a credit for flood insurance payments that Xavier received. Xavier concedes that this issue is moot, stating that "as long as the Fifth Circuit's opinion in *In re Katrina Canal Breaches Litigation* remains valid, there is no need to decide the Collateral Source Motion, as there will be only one source of recovery (the NFIP) for levee breach-related damages." (Xavier Reply Brief, Rec. Doc. 7737-3, at 2.) There is no question that the Fifth Circuit's opinion in this case "remains valid." Xavier's petition for rehearing en banc was denied, with no judge even asking that a vote be taken. Xavier's motion to stay the mandate was denied, and the mandate has issued. The Fifth Circuit's decision in this case is clearly controlling precedent. Xavier has not filed a petition for certiorari in the Supreme Court.

---

[4] Xavier argues that federal law provides for the amount of a grant approved by FEMA to be reduced based upon insurance proceeds received, citing the following regulation:

> Prior to approval of a Federal grant for the restoration of a facility and its contents which were damaged by a disaster other than flood, the Grantee shall notify the Regional Director of any entitlement to insurance settlement or recovery for such facility and its contents. The Regional Director shall reduce the eligible costs by the actual amount of insurance proceeds relating to the eligible costs.

44 C.F.R. § 206.253(a) (emphasis added). Xavier does not contend that, if it recovers additional insurance proceeds from Travelers, it will be required to provide a refund to FEMA, and the regulation it cites does not provide for any such refund. In essence, Xavier contends that it is entitled to recover for the same damage from Travelers and FEMA as long as in its application to FEMA it inaccurately underestimated the insurance proceeds it was expecting from Travelers. Such a position is contrary to the fundamental principle that a property insurance contract is a contract of indemnity, and would create an incentive for applicants for FEMA funding to misrepresent their anticipated insurance recovery.

To the extent that Xavier continues to contend that it should be entitled to recover twice for the same damage under the Travelers policy and its flood insurance policy (Xavier Reply Brief, at 3-5), that argument is clearly without merit. Judges of this Court have repeatedly held, based on the fundamental principle of indemnity, that a double recovery will not be permitted.[5] The "Other Insurance" clause in the Travelers Policy specifically precludes a double recovery. (Travelers Policy, Deluxe Property Coverage Form, at 18.) In its reply brief, Xavier offers nothing more than a Vermont case involving diseased cattle and inadmissible, irrelevant hearsay from the *Times-Picayune*.[6]

## III. Xavier's Motion For Partial Summary Judgment Regarding The Burden Of Proof Should Be Denied

Xavier's motion for partial summary judgment regarding the burden of proof is improper. Xavier contends that it "filed its motion not only to address the burden of proof related to the levee breaches," but also "to address the parties' respective burdens concerning all aspects of the claim." (Xavier Reply Brief, at 2.) A court cannot decide issues pertaining to the burden of proof "concerning all aspects of the claim" in the abstract, and should not issue an advisory opinion on a question that may arise at the time that jury instructions or proposed conclusions of

---

[5] Esposito v. Allstate Ins. Co., 2007 WL 1125761, at *2 (E.D. La. Apr. 16, 2007) (Zainey, J.); Wellmeyer v. Allstate Ins. Co., 2007 WL 1235042 (E.D. La. Apr. 26, 2007) (Feldman, J.); Broussard v. State Farm Fire & Cas. Co., 2007 WL 2264535, at *5 (E.D. La. Aug. 2, 2007) (Vance, J.); Weiss v. Allstate Ins. Co., 2007 WL 891869, at *3 (E.D. La. Mar. 21, 2007) (Vance, J.); Ferguson v. State Farm Ins. Co., 2007 WL 1378507, at *3 (E.D. La. May 9, 2007) (Berrigan, C.J.); Louque v. State Farm Fire & Cas. Co., 2007 WL 1343636, at *2 (E.D. La. May 4, 2007) (McNamara, J.).

[6] To the extent that Xavier refers to the *Times-Picayune*'s "allegations that insurers overestimated the amount of 'flood' damage covered under a NFIP policy while underestimating the amount of 'wind' damage covered by a typical homeowners' policy" (Xavier Reply Brief, at 4), these allegations are inadmissible hearsay and have nothing to do with this case. Travelers was not Xavier's flood insurer and had no control over the payments issued to Xavier by the NFIP. To the extent that Xavier argues that Travelers should not "escape liability altogether," a ruling that Xavier is not entitled to a double recovery will not allow Travelers to escape liability. Travelers will be required to pay for any damage that is covered under its policy and for which Xavier has not already received payment from Travelers or another source.

law are prepared. A summary judgment motion is only appropriate where it would potentially resolve a claim, counterclaim or cross-claim or some part thereof. See Fed. R. Civ. P. 56(a). A ruling on this motion would not resolve any claim, counterclaim or cross-claim, it would only provide the parties with abstract advice on a legal issue that may arise later in the case. The motion should therefore be denied as improper.

Travelers does not dispute that, as a general matter, it has the burden of proving that there was damage to Xavier's buildings caused by flood.[7] Xavier is wrong, however, to the extent that it tries to shift the burden to Travelers to prove the amount of Xavier's covered damages. It is well-established that the insured has the burden of proving the amount of the loss. Istrouma Mercantile Co. v. Northern Assurance Co., 165 So. 11, 13 (La. 1935) (noting that it was insured's burden to prove the amount of the loss); Brouillette v. Phoenix Assurance Co., 340 So. 2d 667, 672 (La. Ct. App. 4th Cir. 1976) (noting that "Plaintiff had the burden of proof on the amount of the loss"). Xavier completely ignores Judge Vance's recent opinion holding that the insured must "prove the amount of their claim for covered damages" and that "where a covered and noncovered peril may have contributed to plaintiffs' loss, plaintiffs are required to prove the amount of segregable damage caused by the covered peril." Broussard v. State Farm Fire & Cas. Co., 2007 WL 2264525, at *3 (E.D. La. Aug. 2, 2007) (Vance, J.). Judge Vance relied in part on a well-respected insurance law treatise. See 12 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 175:9 (3d ed.) ("It is the insured's burden to produce evidence that would afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by the covered peril and that by the excluded peril."); see also id. at vol. 17A, § 254:75 ("insureds whose losses are only partially reimbursable by the insurer" have been deemed to

have the burden of "[s]egregating damages to the insured building from a covered peril from those caused by a noncovered peril"). Judge Feldman has reached the same conclusion. See Wellmeyer v. Allstate Ins. Co., 2007 WL 1235042, at *3 (E.D. La. Apr. 26, 2007) (Feldman, J.) (concluding that if plaintiffs "can demonstrate that segregable wind damage caused uncompensated damage, they will be entitled to some undetermined compensation"). See also Amici Curiae Brief, Rec. Doc. 7521, at 3-7.

Xavier seems to suggest that Judge Vance, Judge Feldman and Couch on Insurance are all wrong, and cites Massachusetts Protective Ass'n v. Ferguson, 121 So. 863 (La. 1929), Paret v. Louisiana Health Serv. & Indem. Co., 366 So. 2d 634 (La. Ct. App. 3d Cir. 1978) and Broussard v. State Farm Fire & Cas. Co., 2007 WL 113942 (S.D. Miss. Jan. 17, 2007). Ferguson and Paret, however, do not even address the question of whether, when there is both covered and uncovered damage, the insured must prove the amount of the segregable damage caused by the covered peril. In Ferguson, the Louisiana Supreme Court simply stated that a health insurer had the burden of proving the applicability of an exclusion for diseases contracted by the insured while in military service during war. Ferguson, 121 So. at 866. In Paret, another case involving health insurance coverage, the court simply stated the general proposition that an insurer has the burden of proof under an exclusion, and found the exclusion ambiguous. Paret, 366 So. 2d at 637. In Broussard, a trial court did state that, under Mississippi law, the insurer was responsible for segregating the damage between wind and flood. But the cases relied upon in Broussard do not support that proposition. See Lunday v. Lititz Mut. Ins. Co., 276 So. 2d 696, 699 (Miss. 1973) (holding that insured had burden of proving under named peril policy that damage was

---

[7] To the extent that Xavier argues that "Travelers concedes its policy is an 'all risks' policy" (Xavier Reply Brief, at 2), that is simply not true. The Travelers Policy is an "open peril" policy, but it does not contain the phrase "all risks" and is not labeled as an "all risks" policy.

226680-1                                10

caused by wind); U.S. Fid. & Guar. Co. v. Planters Bank & Trust Co., 77 F.3d 863, 868 (5th Cir. 1996) (stating the general proposition that an insurer has the burden of proof on an exclusion).

## CONCLUSION

For all the foregoing reasons, in addition to those stated in Travelers' memoranda in opposition to Xavier's motions for partial summary judgment, Xavier's motions should be denied.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR., T.A., #19755
RALPH S. HUBBARD III, #7040
LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8255
Facsimile:    (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Simeon B. Reimonenq,
SIMEON B. REIMONENQ, JR.