## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, *Xavier Univ. of La.*, No. 06-0516 | * * * * | MAGISTRATE JUDGE WILKINSON |

### RULE 56(f) AFFIDAVIT OF SIMEON B. REIMONENQ, JR., ESQ.

STATE OF LOUISIANA

PARISH OF ORLEANS

**BEFORE ME,** the undersigned Notary, duly commissioned and qualified in and for the aforesaid County and State, personally came and appeared

**Simeon B. Reimonenq, Jr.**

who being by me duly sworn, did depose and state as follows:

**1.**

I am counsel for Travelers Property Casualty Company of America ("Travelers") in the above-captioned case. I submit this affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.



**2.**

In response to Travelers' requests for production in this case, Plaintiff Xavier University of Louisiana ("Xavier") refused to produce any documents pertaining to funds it received after Hurricane Katrina from the Federal Emergency Management Agency ("FEMA"), the U.S. Department of Housing and Urban Development ("HUD") or any other person or entity. On June 6, 2007, Travelers moved to compel Xavier to produce these documents. (Rec. Doc. 5500.)

**3.**

Magistrate Judge Wilkinson initially denied Travelers' motion to compel with respect to the documents pertaining to funds that Xavier received from FEMA, HUD and other non-insurance sources. (Rec. Doc. 6428.) After Travelers filed a motion for reconsideration, however, on August 28, 2007, Magistrate Judge Wilkinson ordered Xavier to produce the FEMA and HUD documents, along with any other documents pertaining to governmental or quasi-governmental sources of funding. (Rec. Doc. 7346.)

**4.**

Xavier has appealed Magistrate Judge Wilkinson's ruling to this Court (see Rec. Docs. 7524 and 7952), and has continued to refuse to produce documents pertaining to the applications it made to FEMA and HUD and the funds it received from those agencies.

**5.**

Until Travelers has access to the documents that indicate what the FEMA and HUD payments were for, and how the amounts paid were calculated, Travelers is unable to take a position on the issue of whether it is entitled to a credit for payments received by Xavier from FEMA and HUD or other similar payments. The question of whether Travelers is entitled to

such a credit may depend on the facts surrounding those payments. Travelers cannot be expected to litigate that issue while Xavier is withholding the pertinent documents.

**6.**

That the above and foregoing is true and correct to the best of his knowledge, information and belief.

                                              SIMEON B. REIMONENQ, JR.

Sworn to and subscribed before me,
this 2nd day of October, 2007.

_____
Notary Public

                        Benjamin W. Kadden
                            Notary Public
               My Commission Expires at Death
                            Bar #29927

226685-1                                     3