UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182**<br><br>**SECTION "K" MAG "2"** |
| **PERTAINS TO:**<br>**INSURANCE (XAVIER UNIVERSITY**<br>**OF LOUISIANA V. TRAVELERS**<br>**CASUALTY PROPERTY COMPANY**<br>**OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO APPEAL OF**
**MAGISTRATE JUDGE WILKINSON'S AUGUST 28, 2007 ORDER AND REASONS**

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Reply Memorandum to Defendant's Opposition to Xavier's Appeal of Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons. For the following reasons, Travelers fails to offer any convincing argument why Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons was not clearly erroneous.

**I.    TO THE EXTENT TRAVELERS REQUESTS MODIFICATION OF THE AUGUST**
**       28, 2007 ORDER AND REASONS, SUCH A REQUEST IS UNTIMELY.**

In granting Travelers' motion for reconsideration and ordering Xavier to produce certain

documents, Magistrate Judge Wilkinson created a distinction between information provided to government or quasi-government entities and information provided to private donors. The former information was held discoverable, but the latter was held to be irrelevant. Xavier submits there is no basis for such a distinction in this case. In its opposition to Xavier's appeal, Travelers requests that this Court modify the August 28, 2007 reasons to require production of both types of information.

This suggested "modification" is nothing more than a delayed appeal. Rule 72(a) clearly requires that any appeal of a magistrate's discovery order be filed within ten days of entry of the order sought to be appealed. The time to appeal has passed. It is too late for Travelers to seek any modification or alteration of Magistrate Judge Wilkinson's conclusions. If Travelers felt that this ruling was clearly erroneous – a contention not raised by Travelers – it should have filed its own appeal. Magistrate Judge Wilkinson's order precluding discovery of information provided to private donors is final and determinative of the issue and cannot be altered by this Court.

II. **TRAVELERS OFFERS NO CONVINCING RATIONALE WHY INFORMATION PROVIDED TO GOVERNMENT OR QUASI-GOVERNMENT ENTITIES IS RELEVANT WHILE THAT PROVIDED TO PRIVATE SOURCES IS IRRELEVANT.**

On July 12, 2007, Magistrate Judge Wilkinson unequivocally held that this information was irrelevant to a determination of Travelers' obligations under the "all risks" policy of insurance issued to Xavier. This decision had nothing to do with any distinction between damages that may have been caused by wind or "flood." Magistrate Judge Wilkinson wrote: "Thus, unlike insurance proceeds, Xavier's receipt of funds from other, non-insurance sources is completely irrelevant to Travelers' obligations under its contract of insurance with Xavier." *See* July 12, 2007 Order and

2

Reasons at 6 [Record Doc. No. 6428].

Travelers offers nothing to demonstrate that non-insurance sources of information are relevant to this case. Travelers contends that both kinds of documents are relevant because it "might also contain information relevant to the cause or extent of the damage to Xavier's campus." Travelers Memorandum in Opposition at 13. Judge Wilkinson has expressly concluded otherwise. Travelers' duty to Xavier arises out of the Policy. That Xavier may have provided information to FEMA under a particular federal regulation does not affect Travelers' obligations.

Reconsideration of the July 12, 2007 Order and Reasons was premised on the Fifth Circuit's intervening ruling. Nothing in that opinion blurred the distinction between information given to an insurer and that given to a non-insurer. Magistrate Judge Wilkinson correctly held that the latter type of information was irrelevant and erred when he reconsidered that ruling, in part, and ordered production of information provided to any government or quasi-government entity. This information did not become relevant with the Fifth Circuit's ruling.

Xavier is not disputing the relevance of information provided to other insurers, and Magistrate Judge Wilkinson's conclusion that information provided to non-insurers is irrelevant is appropriate. He erred when he reconsidered this issue in light of the Fifth Circuit's recent ruling and drew a new line of relevance. Xavier requests that this Court reinstate Magistrate Judge Wilkinson's July 12, 2007 Order and Reasons to the extent it held that information provided to **all** non-insurance entities is irrelevant and not subject to discovery.

### III. TRAVELERS IS NOT ENTITLED TO A CREDIT FOR ANY AMOUNTS PAID BY FEMA, AND INFORMATION REGARDING SUCH PAYMENTS ARE IRRELEVANT.

Travelers contends that the possibility of an offset or credit for funds received from FEMA,

or other government or quasi-government entities makes this information inadmissible and irrelevant. Courts have stated that the collateral source rule applies to gifts and other "gratuitous donations." *See Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 930 (5th Cir. 1992); *Smith v. Roy O. Martin Lumber Co.*, 871 So. 2d 661, 668 (La. App. 3d Cir. 2004). Travelers' obligation to pay Xavier arises out of that policy and nothing contained in the policy provides for any offset for federal disaster relief or a third party's gratuitous support of the university. Nothing supports the claim that the federal guidelines for disaster relief or charitable donations from a third party establish the "reasonableness" of a particular expense. Travelers has failed to show that it is entitled to the requested discovery.

## IV. THIS COURT SHOULD DELAY RULING UNTIL THE FOURTH CIRCUIT DETERMINES THE APPLICABILITY OF THE SO-CALLED "FLOOD" EXCLUSION TO THIS CASE.

Travelers suggests, albeit in a footnote, that this Court should not delay ruling on this issue pending the Fourth Circuit Court of Appeal's decision in *Sher v. Lafayette Insurance Co.* As Travelers well knows, the Fourth Circuit is currently considering the applicability of a similarly worded "flood" exclusion to that contained in Travelers' Policy. If the Fourth Circuit were to uphold the lower court's ruling that the term "flood" is ambiguous, this Court should follow that interpretation of Louisiana law by a Louisiana appellate court. *See, e.g., Blair v. Sealift, Inc.*, 91 F.3d 755, 762 (5th Cir. 1996) (holding "[s]tate appellate court decisions may constitute subsequent, controlling authority that overrides an earlier determination by this court. . . . Such decisions, if applicable, should, therefore be followed absent a strong showing that the state supreme court would rule differently.").

If this were to occur, Magistrate Judge Wilkinson's original ruling must stand. In his July

4

12, 2007 Order and Reasons, Magistrate Judge Wilkinson held that the documents provided to FEMA and other government entities were not discoverable, in part, because of this Court's prior ruling on the so-called "flood" exclusion. Thus, Xavier urges this Court to resolve consideration of this appeal until the Fourth Circuit's decision in *Sher*.

**V.    INFORMATION CONCERNING PRE-HURRICANE KATRINA CAPITAL IMPROVEMENTS ARE IRRELEVANT TO TRAVELERS' OBLIGATIONS UNDER ITS POLICY THAT OBLIGATES IT TO PAY REPLACEMENT COST TO XAVIER.**

Magistrate Wilkinson denied Xavier's motion to quash with respect to information sought by Travelers concerning pre-hurricane capital improvements to Xavier's campus. Such documents are clearly irrelevant to Travelers' obligations under its policy, which requires Travelers to pay replacement costs for any damages sustained by Xavier. Whether work was being performed on a building prior to Hurricane Katrina does not reduce Travelers' obligations under its Policy. Travelers must pay replacement cost for the buildings as they stood on August 29, 2005. Information on capital improvements prior to this date is not relevant to that issue. Magistrate Judge Wilkinson clearly erred when he held otherwise and Xavier requests that this Court overturn this ruling.

**VI.   CONCLUSION**

For the foregoing reasons, Xavier respectfully requests that this Court sustain this objection to Magistrate Judge Wilkinson's August 28 Order and Reasons and overrule it to the extent it compels production of any information and documents provided to FEMA or quasi-government

        Respectfully Submitted:

        /s/ James M. Garner
        JAMES M. GARNER, #19589
        DARNELL BLUDWORTH, #18801
        TIMOTHY B. FRANCIS, #14973
        KEVIN M. MCGLONE, #28145
        **SHER GARNER CAHILL RICHTER**
        **KLEIN & HILBERT, L.L.C.**
        909 Poydras St., 28th Floor
        New Orleans, LA   70112
        Telephone:  504-299-2100
        Facsimile: 504-299-2300
        COUNSEL FOR XAVIER UNIVERSITY
        OF LOUISIANA

## CERTIFICATE OF SERVICE

     I hereby certify that on October 1, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

        /s/ James M. Garner
        JAMES M. GARNER