UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| LEVEE (Adams, Sr., No. 06-5128) | * | |
| | * | SECTION K |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| ************************************** | | |

SECOND AMENDMENT TO COMPLAINT
FOR DECLARATORY JUDGMENT AND DAMAGES
AND REQUEST FOR JURY TRIAL

**NOW COMES** Plaintiffs, Marie A. and Clarence J. Adams, Sr., Nilsa Maria Hernandez Dupaty, Wanda and Kerry Gray, Sr., Angela D. and Larnell Bates, Jr., Joshua Jolla, and others persons identified in the first allegation of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial, residing in, or doing business in the Oak Island, Lake Carmel, Village de L'est, Little Woods and Michoud Subdivisions and environs, (hereinafter "Oak Island, et al., Plaintiffs"), who suffered damages due to failure of the flood protection and drainage system for the New Orleans East Bank polder, and in furtherance thereof hereby amends the Complaint filed herein on August 28, 2006 [Doc. 1], as amended by First Amendment filed herein [Doc. 3712 ], to add paragraphs 14a. through 14k., to-wit

14a.

The flooding was proximately caused by the failure of the levee in the north bank of the Gulf Intercoastal Waterway, the MRGO surge and Lake Pontchartrain, and the overtopping of the banks of the IWW and Michoud Canal.

14b.

The levee was known by the Corps to be suspect due to subsidence and the fact that it had not been properly maintained.

14c.

The Lake Levee was not contiguous and incomplete.

14d.

Plaintiffs allege, on information and belief, that the Army Corps of Engineers did not exercise due care in investigating the conditions prompting the Lake Pontchartrain and Vicinity Plan ("Lake Plan), or the Gulf Intrastate Waterway or the Mississippi River Gulf Outlet or the Michoud Canal and in prosecuting the work and failure to prosecute and complete aspects of the works, pursuant to the initial Lake Plan and Michoud Canal Project, or in investigating and adapting to the changing conditions, and prosecuting the work determined necessary in the Lake Plan, the Reevaluation Plan, MRGO, IWW and Michoud Canal Projects;

14e.

Plaintiffs allege, on information and belief, that the Army Corps of Engineers violated mandatory laws, rules and regulations in conducting an investigation predicate to the adoption of the Lake Plan, the Reevaluation Plan, Michoud Canal, IWW, and MRGO Projects and responding to conditions made known by Hurricane Betsy, and in

prosecuting the works, and in failing to prosecute works, pursuant to the Lake Plan, IWW, Michoud Canal and MRGO Projects;

14f.

Plaintiffs allege, on information and belief, that the design of the Lake Plan, the Reevaluation Plan, Michoud Canal, IWW and MRGO Projects, and their subsequent implementation, and in operation of the completed work, the Army Corps of Engineers exercised judgment or choice not based on or rooted in public policy as, for instance, by giving in to the wishes of state interest, such as to the City of New Orleans, as respects the completion of the bridges, when the Corps of Engineers knew that those accommodations compromised the Lake Plan, the Reevaluation Plan, Michaud Canal, IWW, and MRGO Projects

14g.

The Army Corps of Engineers has admitted fault, as aforesaid, and it must be presumed that that those admissions are rooted in violation of Congressional mandate, Regulations, in failing to exercise due care and or in exercising judgments not rooted in public policy;

14h.

Respondents assert a state law claim against the United States for damages under the Restatement of Torts 2nd, because that the Corps subsumed the duties of the Orleans Levee Board when *in extremis* and is, accordingly, liable to Plaintiffs under the Restatement (Second) Torts § 324A, as interpreted in *Bujol v. Entergy Services, Inc., et al,* 03-0492, (La. 5/25/04), 922 So. 2d 1113, rehearing granted 10/29/04.

14i.

The Regulations requires that the Corps "shall ensure that the requirements of 208.10 of 33 Code of Federal Regulations (CFR) are met" *i.e*, that the structures and facilities of the United States shall be continuously maintained in such a manner and operated at such times and for such periods as may be necessary to obtain maximum benefits. " 208.10(a)(1).

14j.

These Regulations put the Corps squarely in charge of maintenance and operations, forbidding the local operator from making any change to any feature of the works without prior Corps approval, *Id* 208.10(a)(5),and commanding that "(m)aintenance measures and repairs" that the Corps deems necessary "shall be promptly taken or made." *Id*. 208.10(a)(8)

14k.

Plaintiffs, asserting claims against the United States in damages, amend their Complaint to delete the request for declaratory judgment relief under the Rule of Restatement (Second) Torts §324A, as interpreted in *Bujol v. Entergy Services, Inc., et al,* 03-0492, 502 (La. 5/25/04); 922 So. 2d 1113;

WHEREFORE, Plaintiffs pray that the defendants be duly cited to appear and answer this Second Amended Complaint and, after due proceeding had, there be judgment in Plaintiffs' favor and against defendants.

                                              Respectfully submitted,

OF COUNSEL:                         /s/ William C. Gambel
                                             William C. Gambel (LA Bar No. 5900)
MILLING BENSON WOODWARD LLP   909 Poydras Street, Suite 2300
                                             New Orleans, LA  70112-1010

                                                Telephone:  (504) 569-7000
                                                Telecopy:  (504) 569-7001
                                                wgambel@millinglaw.com

John J. Cummings, III, (LA Bar No. 4652)
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA  70130
Telephone:  (504) 586-000
Telecopy:  (504) 586-8423
ccdlawfirm@aol.com


W364384

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others depositing same in the United States mail, postage prepaid and properly addressed, this 17th day of August, 2007.

                                                /s/ William C. Gambel
                                                William C. Gambel

W364384