## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:  KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO.:  05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **SECTION:  K** |
| | * | |
| | * | |
| **PERTAINS TO:** | * | |
| **INSURANCE (#07-4370)** | * | |
| | * | |
| **FERDINAND DIAZ AND** | * | |
| **NOELLA DIAZ** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **FIDELITY AND DEPOSIT COMPANY** | * | |
| **OF MARYLAND** | * | |
| | * | |
| *        *        *        *        *        *        *        * | | |

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, comes defendant, Fidelity and Deposit Company of Maryland (hereinafter referred to as "F&D"), who, in response to plaintiffs', Ferdinand Diaz and Noella Diaz (hereinafter referred to as "Diaz"), Complaint for Damages and Breach of Contract respectfully avers as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' petition fails to state a claim or cause of action against F&D as any action and/or relief sought by Diaz against F&D is barred due to F&D's payment of the claims submitted by Diaz as a result of Hurricane Katrina and/or Rita.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' petition fails to state a claim or cause of action against F&D pursuant to any substantive legislative or judicial act or law established after the date of the transaction or occurrence that is the subject of the instant lawsuit.

## ANSWER

**AND NOW FURTHER ANSWERING** the allegations of the petition, paragraph by paragraph, F&D states:

1.

The allegations contained in Paragraph 1 of plaintiffs' petition under the heading "**PARTIES"** are admitted as to the name and corporate status of F&D only, all other allegations are denied.

2.

The allegations contained in Paragraph 1 of plaintiffs' petition under the heading "**BACKGROUND"** are denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 2 of plaintiffs' petition are denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 3 of plaintiffs' petition are denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in Paragraph 4 of plaintiffs' petition are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 5 of plaintiffs' petition are denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 6 of plaintiffs' petition are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Paragraph 7 of plaintiffs' petition are denied as written.

9.

The allegations contained in Paragraph 8 of plaintiffs' petition are denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in Paragraph 9 of plaintiffs' petition are denied as written.

11.

The allegations contained in Paragraph 10 of plaintiffs' petition are denied.

12.

The allegations contained in Paragraph 11 of plaintiffs' petition calls for conclusions of fact and law and are denied.

13.

The allegations contained in Paragraph 12 of plaintiffs' petition calls for conclusions of fact and law and are denied.

14.

The allegations contained in Paragraph 13 of plaintiffs' petition do not require a response; to the extent a response is deemed necessary, they are denied.

15.

The allegations contained in Paragraph 14, including sub-parts 1-3, of plaintiffs' petition calls for conclusions of fact and law and are denied.

16.

The allegations contained in Paragraph 15, including sub-parts 1-3, of plaintiffs' petition are denied.

17.

The allegations contained in Paragraph 16 of plaintiffs' petition are denied.

18.

The allegations contained in Paragraph 17 of plaintiffs' petition do not require a response; to the extent a response is deemed necessary, they are denied.

19.

The allegations contained in Paragraph 18 of plaintiffs' petition are denied.

20.

The allegations contained in Paragraph 19 of plaintiffs' petition calls for conclusions of fact and law and are denied.

21.

The allegations contained in Paragraph 20 of plaintiffs' petition do not require a response; to the extent a response is deemed necessary, they are denied.

22.

The allegations contained in Paragraph 21 of plaintiffs' petition calls for conclusions of fact and law and are denied.

23.

The allegations contained in Paragraph 22 of plaintiffs' petition calls for conclusions of fact and law and are denied.

24.

The allegations contained in Paragraph 23 of plaintiffs' petition calls for conclusions of fact and law and are denied.

25.

The allegations contained in Paragraph 24 of plaintiffs' petition do not require a response; to the extent a response is deemed necessary, they are denied.

26.

The allegations contained in Paragraph 25 of plaintiffs' petition, including sub-parts 1-9, are denied.

27.

The allegations contained in Paragraph 26 of plaintiffs' petition calls for conclusions of fact and law and are denied.

28.

The allegations contained in Paragraph 27 of plaintiffs' petition are admitted.

29.

The allegations contained in the Paragraph beginning WHEREFORE of plaintiffs' petition are denied.

**AND NOW FURTHER ANSWERING**, defendants respectfully aver:

## THIRD AFFIRMATIVE DEFENSE

F&D, at all times relevant hereto, acted reasonably and in good faith in its dealings with Diaz and thus, F&D has complied with 22:658, 22:1220 and La. Civil Code art. 1997.

## FOURTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Diaz against F&D pursuant to 22:658, 22:1220, and La. Civil Code art. 1997 is or may be barred, in whole or in part, to the extent that it is proven that all or some of the alleged damages sustained by Plaintiffs resulted from an Act of God causing total devastation to the region and volume of claims that the legislature could not have anticipated at the time the statutes were enacted.

## FIFTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Diaz against F&D is or may be barred, in whole or in part, to the extent it is proven that Diaz's claims, or a part of them, will not constitute direct physical loss from any Covered Cause of Loss.

## SIXTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Diaz against F&D is or may be barred, in whole or in part, by exclusionary language set forth in the insurance contracts upon which the instant claims have been made, including, but not limited to any and all "exclusions" and "limitations" specified in the F&D insurance contract upon which the instant claims have been made.

## SEVENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Diaz against F&D is or may be barred, in whole or in part, to the extent that it is proven that all or some of the alleged damages sustained by Diaz, if any, resulted from a cause not insured under the F&D insurance contracts upon which the instant claims have been made.

## EIGHTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Diaz  against F&D is or may be barred, in whole or in part, by the terms, conditions, exclusions, exceptions, and/or limitations set forth in the F&D insurance contracts upon which the instant claims have been made.

## NINTH AFFIRMATIVE DEFENSE

This action and/or relief sought by Diaz against F&D is or may be barred, in whole or in part, due to additional affirmative defenses that cannot now be articulated by F&D; as such, F&D reserves its right to supplement this answer and raise additional defenses as may become applicable upon further amplification of Diaz's claims and discovery of information presently unknown to F&D.

**WHEREFORE**, having fully answered, defendant, Fidelity and Deposit Company of Maryland, prays that its Answer be deemed good and sufficient and demands judgment in its

favor dismissing the claims of plaintiffs with prejudice, at plaintiffs' sole cost and for all other general and equitable relief, including, but not limited to, all reasonable attorney's fees.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**CHERRELL R. SIMMS (#28227)**
**GALLOWAY, JOHNSON, TOMPKINS,**
       **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Fidelity and Deposit Company of Maryland*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of October 2007, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**