UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO.: 05-4182 |
| PERTAINS TO: 07-4790 | SECTION: "K" |
| | MAGISTRATE: 2 |

FILED: _____     _____
                                                                    DEPUTY CLERK

<u>ANSWER</u>

**NOW COMES** Allstate Insurance Company for response to the Complaint filed by plaintiffs.

<u>FIRST ADDITIONAL DEFENSE</u>

Plaintiffs fail to state a claim upon which relief can be granted.

<u>SECOND ADDITIONAL DEFENSE</u>

Plaintiffs' claims are barred by their failure to mitigate, minimize, or avoid the damages and losses alleged.

<u>THIRD ADDITIONAL DEFENSE</u>

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of

waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH ADDITIONAL DEFENSE

The Plaintiffs claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extenso*.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs are responsible for reading their policy, as well as any renewal notices, and the are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are subject to any credit for any payments, if any, received from Allstate.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "(1)  [f]lood, including, but not limited to surface water, waves, tidal water or overflow of any body of

water, or spray from any of these, whether or not driven by wind.  (2)  Water or any other

substance that backs up through sewers or drains.  (3)  Water or any other substance that

overflows from a sump pump, sump pump well or other system designed for removal of

subsurface water which is drained from a foundation area of a structure.  (4)  Water or any

other substance on or below the surface of the ground, regardless of its source.  This includes

water or any other substance which exerts pressure on, or flows, seeps or leaks through any

part of the residence premises."   This provision has been held to clearly and unambiguously

exclude loss caused by flooding or levee breach by the Fifth Circuit Court of Appeals.  *In re*

*Katrina Canal Breaches Litig.,* No. 07-30119, 2007 U.S. App. LEXIS 18349 (5th Cir. Aug.

2, 2007) *rehearing denied* (5th Cir. Aug. 27, 2007).

<u>**NINTH ADDITIONAL DEFENSE**</u>

Plaintiffs' policy specifically excludes coverage for loss caused by "[e]arth movement

of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide,

subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping,

expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies

whether or not the earth movement is combined with water."

<u>**TENTH ADDITIONAL DEFENSE**</u>

Plaintiffs' policy specifically excludes coverage for loss caused by "[e]nforcement of

any building codes, ordinances or laws regulating the construction, reconstruction,

maintenance, repair, placement or demolition of any building structure, other structure or

land at the residence premises."

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Section I—Additional Protection under items 11, 'Collapse.'"

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "(a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b)  mechanical breakdown; . . .  (d) rust or other corrosion; (e)  contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; . . .  (g)  settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss."

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[m]old, fungus, wet rot or dry rot.  This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot.  This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge . . . ."

## SIXTEENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "faulty, inadequate or defective: (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials used in repair, construction, renovation or remodeling; or (d)  maintenance; of property whether on or off the residence premises by any person or organization."

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property; and the predominant cause(s) of the loss is (are) excluded. . . ."

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction, or of materials and supplies for us in construction, until your dwelling is completed and occupied.  Vandalism or

Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . ."

### NINETEENTH ADDITIONAL DEFENSE

To the extent that plaintiffs have previously agreed to fully compromise or resolve their claim, whether with Allstate or with a third party, Plaintiffs' action is barred by release and/or the doctrine of accord and satisfaction.

### TWENTIETH ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of their claims.

### TWENTY-FIRST ADDITIONAL DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiffs, including La. Rev. Stat §§ 22:658 and 22:1220.  Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

### TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

### TWENTY-THIRD ADDITIONAL  DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

**TWENTY-FOURTH  ADDITIONAL DEFENSE**

To the extent that Plaintiff has suffered damage, it was caused by third-parties and not by Allstate.  Allstate is not liable for such damage.

**TWENTY-FIFTH  ADDITIONAL DEFENSE**

To the extent that monies recoverable under the Plaintiffs' policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

**TWENTY-SIXTH  ADDITIONAL DEFENSE**

Plaintiffs' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

To the extent that the Plaintiffs have made a claim on her flood policy that flood/storm surge destroyed their property and/or contents, Plaintiffs are judicially, legally, and/or equitably estopped from claiming that wind caused the same loss to their property and/or contents.

**TWENTY-EIGHTH ADDITIONAL  DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH  ADDITIONAL DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH ADDITIONAL DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## THIRTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiff breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-SECOND ADDITIONAL  DEFENSE

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the Hurricane applies to Plaintiffs' claims.

## THIRTY-THIRD ADDITIONAL DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## THIRTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs have not stated and cannot state claims under La. Rev. Stat § 22:695, *see, e.g., Chauvin v. State Farm Fire & Casualty Co.*, 2006 U.S. Dist. LEXIS 54017 (E.D. La. Aug. 2, 2006).

## THIRTY-FIFTH ADDITIONAL DEFENSE

Allstate avers all applicable federal and state prescriptive and/or preemptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

## THIRTY-SIXTH ADDITIONAL DEFENSE

Allstate has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

## THIRTY-SEVENTH ADDITIONAL DEFENSE

Any potential damages awarded for physical damage to the Plaintiffs' structure, personal property, and contents are limited to the difference between the pre-loss value of the Plaintiffs' structure, personal property, and contents, and the post-loss value of Plaintiffs'

structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to the Plaintiffs' structure, personal property, and contents.

### THIRTY-EIGHTH ADDITIONAL DEFENSE

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

### THIRTY-NINTH ADDITIONAL DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

### FORTIETH ADDITIONAL DEFENSE

Allstate specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

### FORTY-FIRST ADDITIONAL DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiffs;

however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, the Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-SECOND ADDITIONAL  DEFENSE

Allstate asserts that Plaintiffs are not entitled to additional living expenses under their policy, as the damage to the property was caused by an excluded peril.

## FORTY-THIRD ADDITIONAL  DEFENSE

Allstate owes no damages to the Plaintiffs to the extent that the Plaintiffs have violated and consequently voided coverages that might have been afforded by virtue of the following:

  a.   Refusing or failing to provide satisfactory proof of loss;

  b.   Refusing to provide information that has been specifically requested;

  c.   Failing to cooperate with the adjust and claims representative in the investigation of the claims; and

  d.   Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH ADDITIONAL  DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, on in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Allstate to "pay the proportionate amount that this insurance bears to the

total amount of all applicable insurance.  However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft."

### FORTY-FIFTH ADDITIONAL  DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, on in part, by a covered peril, and any other insurance provides coverage for that covered peril, Allstate is entitled to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

### FORTY-SIXTH ADDITIONAL  DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

### FORTY-SEVENTH ADDITIONAL  DEFENSE

Plaintiffs have failed to state facts sufficient to give rise to a claim against Allstate for punitive damages.

### FORTY-EIGHTH ADDITIONAL  DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FORTY-NINTH ADDITIONAL  DEFENSE

To the extent that plaintiffs' policy contained a hurricane deductible, plaintiffs' claims are subject to the application of the hurricane deductible as set forth in the policy.

## FIFTIETH ADDITIONAL DEFENSE

Allstate Insurance pleads the following payments made to petitioner under the policy:

| | |
|---|---|
| Coverage A | $ 6,802.11 |
| Coverage B | $ 1,150.39 |
| Coverage D | $ 5,985.00 |
| **TOTAL** | $13,937.50 |

## FIFTY-FIRST ADDITIONAL  DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust their administrative remedies.

## FIFTY-SECOND ADDITIONAL  DEFENSE

Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

## FIFTY-THIRD ADDITIONAL  DEFENSE

Allstate owed no fiduciary duty to Plaintiffs.

## FIFTY-FOURTH ADDITIONAL DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become

available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

**AND NOW,** responding to the specific allegations in plaintiffs' Complaint, Allstate Insurance Company avers:

1.

Admitted.

2.

Denied except to admit that the Court has jurisdiction in this matter and that homeowner's insurance policies have been issued to policyholders in Louisiana.

3.

Denied except to admit that venue is proper in this distinct for the subject claim.

4.

Denied.

5.

Denied except to admit that Allstate maintained a policy of homeowner's insurance as of 8/29/05 which insured the immovable property and personal property located at 7167

Dorian Street, New Orleans, Louisiana 70126 and which policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

6.

Denied except to admit issuance of a policy of homeowner's insurance by Allstate Insurance Company and which policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

7.

Denied.

8.

Denied.

9.

Denied.

10.

Denied.

11.

Denied as to making of premium payments for lack of sufficient information to justify a reasonable belief in such allegations. Admitted that the subject Allstate homeowner's insurance policy was in force and effect on 8/29/05 and which policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

12.

Denied other than to admit that Hurricane Katrina made landfall on 8/29/05 in proximity to the City of New Orleans.

13.

Denied except to admit that Hurricane Katrina caused property damage to some homes and the contents thereof in the New Orleans metropolitan area.

14.

Denied for lack of sufficient information to justify a reasonable belief in such allegations.

15.

Admitted that plaintiffs' made a claim for losses under Allstate Insurance Company's homeowner's insurance policy.

16.

Denied.

17.

Denied.

18.

Denied as responded to in Allstate's Additional Defenses and in paragraphs 1 – 17.

19.

Denied.

20.

Denied.

21.

Denied, Allstate further responding to aver that its policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

22.

Allstate admits that plaintiffs' timely notified it of a claim made under its homeowner's insurance policy.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied except to admit the enactment of the National Flood Insurance Act and creation of the National Flood Insurance Program ("NFIP").

33.

Denied as not requiring a response by Allstate.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied as responded to in Allstate's Additional Defenses and in paragraphs 1 – 36.

38.

Denied, Allstate further responding to aver that its policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

39.

Denied except to admit plaintiffs' payment of insurance premiums for Allstate's homeowner's insurance policy.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied as responded to in Allstate's Additional Defenses and in paragraphs 1 – 43.

45.

Denied except to admit that Allstate is subject to certain provisions of Louisiana law, including LSA-R.S. 22:658 and 22:1220.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied except to admit that Allstate is subject to certain provisions of Louisiana law, including LSA-R.S. 22:1220.

58.

Denied except to admit that Allstate is subject to certain provisions of Louisiana law, including LSA-R.S. 22:1220.

59.

Denied.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied as not requiring a response by Allstate.

**WHEREFORE**, Allstate Insurance Company prays that this answer be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor, dismissing the petition of plaintiffs with prejudice, at their costs, and for all such other general and equitable relief.

Respectfully submitted,

/s/ Charles M. Ponder, III
CHARLES M. PONDER, III (2052)
LOZES & PONDER
1010 Common Street, Suite 1700
New Orleans, Louisiana 70112
Telephone: 504-581-4455
Facsimile: 504-587-9408

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

/s/ Charles M. Ponder, III
CHARLES M. PONDER, III