# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GUY EDWARDS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 07-4808** |
| | * | |
| **ENCOMPASS PROPERTY AND** | * | **SECTION: "K"** |
| **AND CASUALTY COMPANY** | * | |
| | * | **MAGISTRATE: 2** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED: _____            _____**

                                   **DEPUTY CLERK**

## ANSWER

**NOW COMES** Encompass Property & Casualty Company ("Encompass") for response to the Complaint filed by plaintiff, Guy Edwards:

## FIRST ADDITIONAL DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred by their failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of

waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles, limitations and endorsements of Encompass' homeowners policy as set forth in the policy, and any policy issued by Encompass is the best evidence of its terms, conditions, exclusions, deductibles, limitations and endorsements therein and it is pled herein as if copied *in extenso*.

## FIFTH ADDITIONAL DEFENSE

Plaintiff is responsible for reading their policy, as well as any renewal notices, and the are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail himself of ignorance of the policy or law.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are subject to any credit for any payments, if any, received from Encompass.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiff's claims are also barred in whole, or in part, by their own judicial admissions.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "Real Property and Tangible Personal Property.  We do not insure for loss:  (a.) Flood, surface water damage,

meaning: (1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) Water which backs up through sewers or drains; (3) Water below the surface of the ground, including water which experts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure, or (4) Water emanating from a sump pump, sump pump well or similar device designated to prevent overflow, seepage or leakage of subsurface water.  Direct loss by fire, explosion or *theft* resulting from water damage is covered."

### NINTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[e]arth movement, meaning: earthquake, including land shock waves or tremors before, during or after a volcanic eruption, landslide, mudflow; mine subsidence; earth subsidence; sinkhold; or earth sinking, rising or shifting; unless direct loss by: (1) fire; (2) explosion; or (3) breakage of Glass or safety glazing material which is part of a building, storm door or storm window; ensues, and then we will pay only for the ensuing loss.  This exclusion does not apply to loss by *theft*."

### TENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused "[d]ue to increased expenses you incur from any ordinance or law regulating the construction, repair or demolition to the damaged area of your covered real property that results from a covered loss, unless you Coverage Summary indicates 'Building Ordinance Increased Costs' applies."

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[o]r damage due to neglect, meaning neglect of a *covered person* to use all reasonable means to save and preserve property at and after time of a loss."

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Additional Property Coverages, 8. Collapse."

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "(1) wear and tear, aging, marring, scratching or deterioration; (2) Inherent vice, latent defect, electrical or mechanical breakdown or failure; (3) Rust or other corrosion, mold, fungi, wet or dry rot; . . . (5) Settling, shrinking, bulging or expansion including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings; . . . (7) Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Tangible Personal Property - Covered Peril . . . ."

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "Weather Conditions.  However, this exclusion applies only if weather conditions contribute in any way with a cause or event otherwise excluded to produce the loss."

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[m]old, fungus, wet rot or dry rot.  This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot.  This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge . . . ."

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all *covered persons* and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure."

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property; and the predominant cause(s) of the loss is (are) excluded. . . ."

### EIGHTEENTH ADDITIONAL DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "Faulty, inadequate or defective: (a) Planning, zoning, development, surveying, siting; (b) Design,

specifications, workmanship, repair, construction, renovation, remodeling, grading compaction; (c) Materials used in repair, construction, renovation or remodeling; or (d) Maintenance; of part or all of the property whether on or off your *residence premises*."

### NINETEENTH ADDITIONAL DEFENSE

To the extent that plaintiff has previously agreed to fully compromise or resolve their claim, whether with Encompass or with a third party, Plaintiffs' action is barred by release and/or the doctrine of accord and satisfaction.

### TWENTIETH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that plaintiff has already been fully compensated for all covered losses through payment of his claims.

### TWENTY-FIRST ADDITIONAL DEFENSE

Encompass denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by plaintiff, including La. Rev. Stat §§ 22:658; 22:1220; 22: 667, and 22:695.  Encompass further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

### TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

### TWENTY-THIRD ADDITIONAL  DEFENSE

Encompass'  policy provides that it will pay no more than actual cash value until

actual repair or replacement is completed, which provision is applicable in this case.

### TWENTY-FOURTH  ADDITIONAL DEFENSE

To the extent that plaintiff has suffered damage, it was caused by third-parties and not by Encompass such that Encompass is not liable for such damage.

### TWENTY-FIFTH  ADDITIONAL DEFENSE

To the extent that monies recoverable under the plaintiff's policy are payable to a mortgagee or other third-party ("Mortgagee"), Encompass is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

### TWENTY-SIXTH  ADDITIONAL DEFENSE

Plaintiff's claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

To the extent that the plaintiff has made a claim on her flood policy that flood/storm surge destroyed their property and/or contents, plaintiffs is judicially, legally, and/or equitably estoppel from claiming that wind caused the same loss to his property and/or contents.

## TWENTY-EIGHTH ADDITIONAL  DEFENSE

Plaintiff's claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH  ADDITIONAL DEFENSE

To the extent that Encompass' liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Emcompass liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH ADDITIONAL DEFENSE

Granting the relief sought by plaintiff would unjustly enrich plaintiff.

## THIRTY-FIRST ADDITIONAL DEFENSE

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that the plaintiff breached these provisions, any alleged coverage is precluded under the Encompass policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-SECOND ADDITIONAL  DEFENSE

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the hurricane applies to plaintiff's claims.

## THIRTY-THIRD ADDITIONAL  DEFENSE

Encompass is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of plaintiff, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## THIRTY-FOURTH ADDITIONAL  DEFENSE

Plaintiff has not stated and cannot state claims under La. Rev. Stat § 22:695, *see, e.g., Chauvin v. State Farm Fire & Casualty Co.*, 2006 U.S. Dist. LEXIS 54017 (E.D. La. Aug. 2, 2006).

## THIRTY-FIFTH ADDITIONAL  DEFENSE

Encompass avers all applicable federal and state prescriptive and/or preemptive statutory time limitations as a bar to any recovery of plaintiff in this matter.

## THIRTY-SIXTH ADDITIONAL  DEFENSE

Encompass has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

### THIRTY-SEVENTH ADDITIONAL  DEFENSE

Any potential damages awarded for physical damage to the plaintiff's structure, personal property, and contents are limited to the difference between the pre-loss value of the plaintiff's structure, personal property, and contents, and the post-loss value of plaintiff's structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to the plaintiff's structure, personal property, and contents.

### THIRTY-EIGHTH ADDITIONAL  DEFENSE

The comparative fault and/or negligence of plaintiff, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagee(s), and the failure to act as a prudent person under the circumstances, diminishes or bars plaintiff's recovery in this matter.

### THIRTY-NINTH ADDITIONAL DEFENSE

Encompass contends that there is no cause of action for the claims asserted in this matter; however, should this Court find any negligence and/or fault on the part of Encompass, which is specifically denied, then Encompass avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with the other party or non-party, apply here.

## FORTIETH ADDITIONAL DEFENSE

Encompass specifically denies that it breached any duty to plaintiff with respect to the procurement and/or maintenance of plaintiff's policy.

## FORTY-FIRST ADDITIONAL DEFENSE

Encompass denies that it breached its contractual or statutory duties to plaintiff; however, should plaintiff establish a breach of contract and/or violation of statutory duties, plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-SECOND ADDITIONAL DEFENSE

Encompass asserts that plaintiff is not entitled to additional living expenses under his policy, as the damage to the property was caused by an excluded peril.

## FORTY-THIRD ADDITIONAL DEFENSE

Encompass owes no damages to plaintiff to the extent that plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the following:

    a.    Refusing or failing to provide satisfactory proof of loss;

    b.    Refusing to provide information that has been specifically requested;

    c.    Failing to cooperate with the adjust and claims representative in the investigation of the claims; and

    d.    Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH ADDITIONAL  DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, on in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy states that Encompass will provide coverage as follows: "(a) in the first year of this policy, prior to the exposure's effective date shown in the Coverage Summary for what will be a covered Segment, we will pay all covered claims up to the limits you have purchased in excess of the total limits of all other policies.  (b) During the first and subsequent years of this policy for those exposures shown effective in the Coverage Summary, we will pay only our share of the loss.  Our share is the proportion that out total limit of liability bears to the total of all applicable limits.  (c)  No one will be entitled to any payment that duplicates a payment under any other Segment of the policy or from any other source of recovery for the same element of loss."

## FORTY-FIFTH ADDITIONAL  DEFENSE

To the extent that the damages sought by plaintiff were caused in whole, on in part, by a covered peril, and any other insurance provides coverage for that covered peril, Encompass is entitled to credit and/or set-off for any payments made to plaintiff under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

## FORTY-SIXTH ADDITIONAL  DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in plaintiff's Complaint which has not been specifically admitted is hereby denied.

## FORTY-SEVENTH ADDITIONAL  DEFENSE

Plaintiff has failed to state facts sufficient to give rise to a claim against Encompass for punitive damages.

## FORTY-EIGHTH ADDITIONAL  DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FORTY-NINTH ADDITIONAL  DEFENSE

To the extent that plaintiff's policy contained a hurricane deductible, plaintiff's claims are subject to the application of the hurricane deductible as set forth in the policy.

## FIFTIETH ADDITIONAL DEFENSE

Encompass pleads the following payments made to plaintiff under the policy:

| | |
|---|---|
| Building | $ 19,675.54 |
| Contents | $     200.00 |
| ALEX | $   1,877.76 |
| **TOTAL** | $ 21,753.30 |

## FIFTY-FIRST ADDITIONAL  DEFENSE

Plaintiff's claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust their administrative remedies.

## FIFTY-SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Encompass, or anyone acting on its behalf, to plaintiff upon which plaintiff could have reasonably or justifiably relied.

## FIFTY-THIRD ADDITIONAL DEFENSE

Encompass owed no fiduciary duty to plaintiff.

## FIFTY-FOURTH ADDITIONAL DEFENSE

Encompass gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

**AND NOW,** responding to the specific allegations in plaintiff's Complaint, Encompass Property & Casualty Company avers:

1.

Admitted.

2.

Denied except to admit that the Court has jurisdiction in this matter and that homeowner's insurance policies have been issued to policyholders in Louisiana.

3.

Denied except to admit that venue is proper in this distinct for the subject claim.

4.

Denied.

5.

Denied except to admit that Encompass maintained a policy of homeowner's insurance as of 8/29/05 which insured the immovable property and personal property located at 5302 Wingate Drive, New Orleans, Louisiana 70122 and which policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

6.

Denied except to admit issuance of a policy of homeowner's insurance by Encompass and which policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

7.

Denied.

8.

Denied.

9.

Denied.

10.

Denied.

11.

Denied as to making of timely premium payments for lack of sufficient information to justify a reasonable belief in such allegations. Admitted that the subject Encompass homeowner's insurance policy was in force and effect on 8/29/05 and which policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

12.

Denied other than to admit that Hurricane Katrina made landfall on 8/29/05 in proximity to the City of New Orleans.

13.

Denied except to admit that Hurricane Katrina caused property damage to some

homes and  the contents thereof in the New Orleans metropolitan area.

14.

Denied for lack of sufficient information to justify a reasonable belief in such allegations.

15.

Admitted that plaintiff made a claim for losses under Encompass Property & Casualty Company's homeowner's insurance policy.

16.

Denied.

17.

Denied.

18.

Denied as responded to in Encompass' Additional Defenses and in paragraphs 1 – 17.

19.

Denied.

20.

Denied.

21.

Denied, Encompass further responding to aver that its policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

22.

Encompass admits that plaintiffs' timely notified it of a claim made under its homeowner's insurance policy.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied except to admit the enactment of the National Flood Insurance Act and creation of the National Flood Insurance Program ("NFIP").

33.

Denied as not requiring a response by Encompass.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied as responded to in Encompass' Additional Defenses and in paragraphs 1 – 36.

38.

Denied, Encompass urther responding to aver that its policy is a contract subject to its terms, conditions, limitations and exclusions which are incorporated into this response by reference.

39.

Denied except to admit plaintiffs' payment of insurance premiums for Encompass' homeowner's insurance policy.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied as responded to in Encompass' Additional Defenses and in paragraphs 1 – 43.

45.

Denied except to admit that Encompass is subject to certain provisions of Louisiana

law, including LSA-R.S. 22:658 and 22:1220.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied except to admit that Encompass is subject to certain provisions of Louisiana law, including LSA-R.S. 22:1220.

58.

Denied except to admit that Encompass is subject to certain provisions of Louisiana law, including LSA-R.S. 22:1220.

59.

Denied.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied as not requiring a response by Encompass.

**WHEREFORE**, Encompass Property & Casualty Company prays that this answer be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor, dismissing the plaintiff's Complaint with prejudice, at his costs, and for all such other general and equitable relief.

Respectfully submitted,


/s/ Charles M. Ponder, III
CHARLES M. PONDER, III (2052)
LOZES & PONDER
1010 Common Street, Suite 1700
New Orleans, Louisiana 70112
Telephone: 504-581-4455
Facsimile: 504-587-9408


**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

/s/ Charles M. Ponder, III
CHARLES M. PONDER, III