UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | |
| | * | CIVIL ACTION NO. 05-4182 |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | JUDGE DUVAL |
| Pertains to: | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |
| LEVEE | * | SECT." K "         MAG. " 2 " |
| | * | |
| CIVIL ACTION NO. 07-4891 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

**DEFENDANT FIDELITY NATIONAL INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant Fidelity National Insurance Company, (hereinafter "FNIC") a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA"), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the U.S. Treasury,[3] and files the following as its Answer and Affirmative Defenses to the Plaintiffs' Complaint.

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] 42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

1. The allegations contained in the of the Plaintiffs' Complaint do not require an answer from this Defendant, but out of an abundance of caution, Defendant responds as follows:

Defendant admits that St. Ann Protector, LLC is a domestic corporation doing business, but not presently in good standing, in Louisiana. Defendant also denies that Mitchell Crusto is a person of the full age and capacity, a resident and domiciled in the Parish of Orleans for lack of sufficient information or knowledge to justify a belief therein. Any remaining allegations are denied.

2. The allegations contained in paragraph I of the Plaintiffs' Complaint are admitted insofar as FNIC is a California corporation with its principle place of business in Jacksonville, Florida, and at all times material herein it was acting as a WYO carrier participating in the U.S. Government's NFIP selling Standard Flood Insurance Policies ("SFIP"). Any remaining allegations are denied.

3. The allegations contained in paragraph II of the Plaintiffs' Complaint are admitted. This Court has original-exclusive subject-matter jurisdiction pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Any remaining allegations are denied. Answering further, the SFIP is itself a federal law, and necessarily, interpreting the SFIP and the claims of the Plaintiffs in relation to the Appropriations Clause of the U.S. Constitution to determine if any U.S. Treasury funds may be paid to the Plaintiffs presents federal questions.

4. The allegations contained in paragraph III of the Plaintiffs' Complaint are admitted insofar as venue is proper pursuant 28 U.S.C. § 1391, and 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII (R).

5. The allegations contained in paragraph IV of the Plaintiffs' Complaint are admitted only insofar as Mitchell Crusto was listed as the named insured on a SFIP bearing the policy number 17-

2510191628-00 at issue for the building commonly identified as 2226 Barracks Street in New Orleans, Louisiana. Any remaining allegations are denied.

6. The allegations contained in paragraph V of the Plaintiffs' Complaint are admitted only insofar as Hurricane Katrina did strike on August 29, 2005. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

7. The allegations contained in paragraph VI of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, there is no contents coverage under the SFIP at issue purchased by the Plaintiffs.

8. The allegations contained in paragraph VII of the Plaintiffs' Complaint are admitted only insofar as notice of a loss was given to Defendant under the SFIP at issue. Any remaining allegations are denied.

9. The allegations contained in paragraph VIII of the Plaintiffs' Complaint are admitted only insofar as an independent adjuster was provided "as a courtesy only" in accordance with Articles VII(J)(5), (7) and (8) of the SFIP to assist with presenting the claim for damages. Any remaining allegations are denied.

10. The allegations contained in paragraph IX of the Plaintiffs' Complaint are denied.

11. The allegations contained in paragraph X of the Plaintiffs' Complaint are denied.

12. The allegations contained in paragraph XI of the Plaintiffs' Complaint are denied.

13. The allegations contained in paragraph XII of the Plaintiffs' Complaint are denied.

14. The allegations contained in paragraph XIII of the Plaintiffs' Complaint are denied.

15. The allegations contained in paragraph XIV of the Plaintiffs' Complaint are denied.

16. The allegations contained in paragraph XV of the Plaintiffs' Complaint are denied.

17. The allegations contained in paragraph XVI of the Plaintiffs' Complaint are denied.

18. The allegations contained in paragraph XVII of the Plaintiffs' Complaint are denied.

19. The allegations contained in paragraph XVIII of the Plaintiffs' Complaint are denied.

20. The allegations contained in paragraph XIX of the Plaintiffs' Complaint are denied.

21. Defendant denies that Plaintiffs are entitled to any sort of refund from the U.S. Treasury for the premiums paid for their SFIP as alleged in paragraph XX of the Complaint. Any remaining allegations in paragraph XX of the Complaint are denied.

Defendant denies that Plaintiffs are entitled to any of the relief sought in the prayer for relief following paragraph 20 of the Complaint.

AND NOW comes Defendant, Fidelity National Insurance Company, for the purpose of asserting the following affirmative defenses:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim for which this Honorable Court may grant relief.

### SECOND DEFENSE

There is no privity of contract with St. Ann Protector, LLC as it relates to this property or the SFIP at issue, as the named insured is Mitchell Crusto. Mitchell Crusto appears to have no insurable ownership interest in the property, as the state property records show that St. Ann Protector, LLC is the owner. Neither Plaintiff appears to have a right of action or a cause of action against FNIC, and St. Ann Protector, LLC has no privity of contract and no standing to sue FNIC.

THIRD DEFENSE

There is no timely submitted signed and sworn Proof of Loss meeting the requirements of the SFIP or the extension granted by the Federal Insurance Administrator for presenting claims. There is also no documentation as required by the SFIP or the extension to support any greater payments. As such, the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution prohibit payment of Plaintiffs' claims.

FOURTH DEFENSE

Upon information and belief, no water got on the inside of the building. No amounts would be owed for any damages to the interior of the building based upon water failing to actually enter into the structure. As such, Plaintiffs may have been over paid, and Defendant is entitled to an off set for any amounts over-paid to the Plaintiffs under the SFIP as to this property or any other property at issue in and any of the three companion lawsuits filed by the Plaintiffs under three other SFIPs for three different properties for any amounts overpaid. Any amounts either or both Plaintiffs are in improper possession of must be returned to the U.S. Treasury *ex aequo et bono.*

FIFTH DEFENSE

There is no mechanism by which Plaintiffs may recover U.S. Treasury funds for the alleged over-paid premiums. Plaintiff selects the dollar amount of coverage that he wishes to purchase under the SFIP for the building at issue. The rating information dictates the premium to be charged for the dollar amount of coverage purchased. The market value of the building has no bearing whatsoever on the FEMA setup rating structure and premium rates. Defendant is not liable to Plaintiffs for any amounts based upon Plaintiffs' own failure to request that coverage limits be reduced. Plaintiffs got the benefit of having the amount of coverage that he wanted for the terms since Hurricane Katrina

and received full benefit of the bargain.

## SIXTH DEFENSE

There is no mechanism by which Plaintiffs could recover any premiums paid on a SFIP from the U.S. Treasury without violating the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution of the Separation of Powers Doctrine. FEMA also establishes very limited rules and guidelines for when premiums may be refunded to an insured, and, Plaintiffs' situation does not fall into any of those rules and regulations where a refund of premiums would be allowed. Plaintiffs have no right and no cause of action against the Defendant.

## SEVENTH DEFENSE

Earth movement damages are excluded by the terms of the SFIP. Underground plumbing and other structures are excluded by the terms of the SFIP. Any items of damage claimed on the interior of the structure which were not a direct physical loss by or from flood, are not compensable under the SFIP as upon information and belief flood waters did not actually enter the house.

## EIGHTH DEFENSE

The property does not qualify for Replacement Cost Coverage, only an Actual Cash Value under Art. VII (V) of the SFIP.

## NINTH DEFENSE

Any mortgage company, or entity that has a legal right to recover these funds such as the Small Business Administration, must be included as an additional named payee on the check.

## TENTH DEFENSE

Any assignment of any part of the recovery under the SFIP to any third party must comply with the Anti-Assignment of Claims Act to be valid (31 U.S.C. 3727, *et seq*.).

ELEVENTH DEFENSE

The SFIP expressly conditions the right to sue for further benefits under the policy upon the Insureds' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

TWELFTH DEFENSE

Plaintiffs did not rely on any alleged misrepresentations of either Defendant or anyone for whom Defendant might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

THIRTEENTH DEFENSE

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

FOURTEENTH DEFENSE

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.,* 1994 WL 905630 (S.D. Fla. 1994), Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under their SFIP, and that the Defendant thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

FIFTEENTH DEFENSE

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

SIXTEENTH DEFENSE

Some or all of the claims of the Plaintiffs are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to Article III, Coverages A, B, C and D and all subparts thereto; Article IV, and all sub-parts

thereto, Article V(A), (C) and (D); Article VII(B), (C), (D), (J), (Q), (R), (V) and Article IX.

## SEVENTEENTH DEFENSE

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## EIGHTEENTH DEFENSE

If this SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). Defendant affirmatively asserts that the Plaintiffs do not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

## NINETEENTH DEFENSE

By statute, the Defendant is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

## TWENTIETH DEFENSE

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). A court does not have this power.

Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

## TWENTY-FIRST DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

## TWENTY-SECOND DEFENSE

Some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

TWENTY-THIRD DEFENSE

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

TWENTY-FOURTH DEFENSE

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are legally entitled to have their interests protected on any further checks, then those persons or entities must be added as well.

TWENTY-FIFTH DEFENSE

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

TWENTY-SIXTH DEFENSE

If Plaintiffs' lawsuit was not filed in federal court within 12 months of the date of any letter from the Defendant to the Plaintiffs denying all or any part of the Plaintiffs' claim for benefits under the SFIP, then this lawsuit is time-barred. To the extent federal time limitations are not applicable, Defendant asserts all available prescriptive and preemptive periods, and all statutes of limitation, whether general or specific.

WHEREFORE, the Defendant prays that after due proceedings, the claims of the Plaintiffs will be dismissed with prejudice and with all costs and expenses taxed to the Plaintiffs.

>Respectfully submitted,
>NIELSEN LAW FIRM, L.L.C.
>
>/s/ Thomas C. Pennebaker
>GERALD J. NIELSEN, La. S.B. 17078
>THOMAS C. PENNEBAKER, LA.S.B.24597
>3838 N. Causeway Blvd.  Suite 2850
>Metairie, Louisiana 70002
>Tel. (504) 837-2500
>Fax (504) 832-9165
>Email: tpennebaker@nielsenlawfirm.com
>Counsel for Defendant:
>Fidelity National Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Pleading was served upon all counsel of record by use of the CM/ECF system, and if the undersigned counsel does not participate in the system, a copy will be served by hand delivery, facsimile transmission, electronic mail, and/or by U.S. mail, from Metairie, Louisiana, this 5th day of October, 2007.

John W. Redmann
Margaret E. Madere
Law Office of John W. Redmann
5407 Mac Arthur Blvd.
New Orleans, LA 70131

>BY: /s/ Thomas C. Pennebaker