UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | § | |
| | § | SECTION  "K" (2) |
| _____ | § | |
| | § | JUDGE DUVAL |
| PERTAINS TO:  Responder, Levee and MRGO, | § | |
| O'Dwyer, No. 06-4024 | § | MAG. WILKINSON |
| _____ | § | |

DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO RESCIND ORDER OF SEPTEMBER 11, 2007
(RECORD DOCUMENT NO. 7358), AND IN THE ALTERNATIVE FOR
RELIEF PURSUANT TO RULE 59 AND/OR RULE 60 AND, FURTHER IN
THE ALTERNATIVE FOR OTHER RELIEF

Pursuant to Local Rule 7.5E, Defendant United States of America hereby files its Opposition to Plaintiff Maureen O'Dwyer's Motion to Rescind Order of September 11, 2007 (Record Document No. 7358), and in the Alternative for Relief Pursuant to Rule 59 and/or Rule 60 and, Further in the Alternative for Other Relief.

**I.   INTRODUCTION**

Plaintiff's Motion to Rescind *et al.* should be summarily denied because Plaintiff did not provide a concise statement of reasons with supporting authority explaining why the Court should

1

grant relief, as required by Local Rule 7.4. Plaintiff's motion should also be denied because she failed to present any evidence or legal authority to establish that any relief is proper. Instead of providing a sound legal basis to support her motion, Plaintiff simply restated the allegations in the Complaint and cast aspersions while questioning the Court's rationale in issuing its Order.

## II.  BACKGROUND

1. On August 1, 2006, Plaintiff filed a Complaint against Defendant United States of America ("Defendant") for compensatory and exemplary damages, and for reasonable attorneys' fees and taxable costs in a putative class action lawsuit. On August 3, 2006, Plaintiff filed a First Amended Complaint.

2. On September 29, 2006, Defendant United States filed an Ex Parte Motion for Extension of Time to Plead, requesting a twenty-day extension.

3. This extension was granted on October 1, 2006.

4. On October 23, 2006, Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction.

5. On November 8, 2006, Plaintiff filed an Unopposed Ex Parte Motion for a 30-Day Extension of Time for Filing Opposition to Motion to Dismiss and to Continue Hearing.

6. This extension was granted by the Court on November 14, 2006, and the hearing was continued to Jan 10, 2007, at 9:30 A.M. *See* Record Doc. No. 1595 (order).

7. On December 6, 2006, the Court continued the hearing to March 23, 2007, at 9:30 a.m., and ordered that Plaintiff's Response/Opposition be filed by February 22, 2007. *See* Record Doc. No. 2034 (minute entry), at 5.

8. Plaintiff failed to file a Memorandum in Opposition to Defendant's Motion to Dismiss either before or after the February 22 deadline.

9. On September 11, 2007, the Court granted Defendant's Motion to Dismiss.

10. In response to the Court's Order, on September 20 Plaintiff filed a Motion to Rescind Order of September 11, 2007 (Record Document No. 7358), and in the Alternative for Relief Pursuant to Rule 59 and/or Rule 60 and, Further in the Alternative for Other Relief.

### III. ARGUMENT

#### A. Plaintiff failed to adhere to the requirements outlined in Local Rule 7.4.

Local Rule 7.4 specifically states that a Memorandum in Support "shall contain (1) a concise statement of reasons in support of the Motion, and (2) citations of the authorities on which he relies or copies of these authorities." Plaintiff does not provide any reasons to support her claims for relief. In fact, she only mentions the word 'rescind' once in the body of the motion and limits all references to 'Rule 59' and 'Rule 60' to the motion's title. The only "authority" Plaintiff cites in support of her Motion are this Court's Order dismissing the motion, the Complaint, and pending motions before this Court in other cases. None of these documents lay out a foundation or basis for relief.

#### B. Plaintiff failed to present any evidence or legal authority to establish that her counsel's neglect was excusable or that rescission is warranted.

Plaintiff does not attempt to establish a foundation, show the applicable standards, or provide the requisite legal analysis as to why she is entitled to any relief. Moreover, Plaintiff does not plead with specificity the type of relief she seeks under Rules 59 and 60 of the Federal Rules of Civil Procedure. In short, Plaintiff provides no reference to any evidence or legal authority to support her

3

motion. Instead, Plaintiff merely restates the initial assertions contained in Section XIX of the Complaint.

Plaintiff's counsel attempts to explain away his failure to respond to Defendant's Motion to Dismiss by shifting the blame to Plaintiffs' Liaison counsel. Specifically, Plaintiff's counsel asserts that "it was his impression . . . that any [']heavy lifting['] in terms of the preparation and filing of Memoranda in Opposition to the Government's Motion(s) to Dismiss on grounds of immunity would be accomplished by the Plaintiffs' Liaison Committee, and for that reason [Plaintiff's counsel] did not personally file a brief." (Pl.'s Mot. 4-5; O'Dwyer Aff. ¶ 9). Counsel then asks the Court to sanction him and not his client for his failure to diligently represent his client's interest. This does not adequately address why Plaintiff failed to file any opposition during the ten-month period between the filing of the motion to dismiss in October of 2006 and the order granting it in September of 2007.

  C. <u>Plaintiff failed to present any evidence or legal authority to establish that relief is proper pursuant to Rules 59 or 60 or any other legal grounds.</u>

Though generically labeled a Motion to Rescind *et al.*, what Plaintiff actually seeks is a reconsideration of this Court's Order. It is well established, however, that reconsideration of a judgment is an extraordinary remedy that courts should use sparingly. <u>LaFargue v. Jefferson Parish</u>, No. 98-3185, 2000 U.S. Dist. LEXIS 1538 at *3 (E.D. La. Feb. 11, 2000) (citation omitted). The Federal Rules of Civil Procedure do not recognize either a Motion for Reconsideration or a Motion to Rescind. Consequently, motions which "challenge[] the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b)." <u>Lavespere v. Niagara Machine & Tool Works, Inc.</u>, 910 F.2d 167,

4

173 (5th Cir. 1990), cert. denied, 510 U.S. 859 (1993) (citing Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 288 (5th Cir. 1989); Charles L. M. v. Northeast Indep. School Dist., 884 F.2d 869, 869-70 (5th Cir. 1989); Harcon Barge Co. V. D & G Boat Rentals, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)).

        *1.     Plaintiff is not entitled to Relief under Rule 59.*

The Fifth Circuit has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." Southern Constructors Group, Inc., v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Rule 59(e) motions cannot be used to invoke arguments which were available prior to judgment and should have been made before the court issued judgment. Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005). Not only did Plaintiff fail to address the Rule 59(e) standard in her Motion to Rescind *et al.*, but she also failed to provide the Court with any evidence, legal authority, or facts to support her request for relief. Instead of providing a legal basis to support reversal on the basis of manifest error of law or fact or newly discovered evidence, Plaintiff relied solely on the arguments asserted in the Complaint. A Rule 59 (e) motion is not the proper vehicle for "rehashing evidence, legal theories, or argument that could have been offered or raised before the entry of judgment." Hanson v. Lamar, No. 03-3401, 2007 U.S. Dist. LEXIS 61015 at *6 (E.D. La. Aug. 20, 2007) (citing Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). Thus, Plaintiff is not entitled to relief pursuant to Rule 59.

        *2.     Plaintiff is not entitled to Relief under Rule 60.*

Rule 60 specifies six grounds upon which relief from a "final judgment, order, or proceeding" can be provided: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed R. Civ. P. 60(b).  None of these grounds exist, and Plaintiff has not even attempted to make a showing that they do.

"[A] party has a duty of diligence to inquire about the status of a case," thus Rule 60(b) relief will be afforded only in "unique circumstances."  Associated Marine Equip., LLC v. Jones, No. 05-2837, 2007 U.S. Dist. LEXIS 60506 at * 5 (E.D. La. Aug. 16, 2007) (citing Wilson v. Atwood Group, 725 F.2d 255, 257-58 (5th Cir. 1984)).  Moreover, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client . . . no matter how 'unfair' this on occasion may seem."  Id. at *6 (citing Pryor v. U.S. Postal Service, 769 F.2d 281, 288 (5th Cir. 1985)).  In her Motion to Rescind *et al.,* Plaintiff failed to address the Rule 60(b) standard and failed to provide the Court with any evidence or legal authority to support reversal on the basis of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other misconduct of an adverse party as required by Rule 60(b).  As such, Plaintiff is not entitled to relief pursuant to Rule 60.

IV.     **CONCLUSION**

For these reasons, Plaintiff's Motion to Rescind Order of September 11, 2007 (Record Document No. 7358), and in the Alternative for Relief Pursuant to Rule 59 and/or Rule 60 and, Further in the Alternative for Other Relief should be denied.

                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        C. FREDERICK BECKNER III
                                        Deputy Assistant Attorney General

                                        PHYLLIS J. PYLES
                                        Director, Torts Branch

                                        JAMES G. TOUHEY, JR.
                                        Assistant Director, Torts Branch


                                        s/ Robin D. Smith
                                        ROBIN D. SMITH
                                        Senior Trial Counsel
                                        TAHEERAH K. EL-AMIN
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 888, Benjamin Franklin Station
                                        Washington, D.C.  20044
                                        (202) 616-4400 / (202) 616-5200 (Fax)
                                        Attorneys for Defendant United States

October 9, 2007

## CERTIFICATE OF SERVICE

    I, Robin D. Smith, hereby certify that on October 9, 2007, I served a true copy of "Defendant United States' Motion in Opposition to Plaintiff's Motion to Rescind Order of September 11, 2007 (Record Document No. 7358), and in the Alternative for Relief Pursuant to Rule 59 and/or Rule 60 and, Further in the Alternative for Other Relief" upon all counsel of record by ECF.

                                                                         s/ Robin D. Smith
                                                                         ROBIN D. SMITH