# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION

                                                NO. 05-4182

PERTAINS TO:                            SECTION "K" MAG "2"
ALL INSURANCE CASES

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN OPPOSITION TO INSURANCE DEFENDANTS' JOINT MOTION TO: (1) MODIFY THE COURT'S MAY 1, 2006 CONSOLIDATION ORDER; AND (2) DECONSOLIDATE AND/OR SEVER CASES WITHIN THE INSURANCE UMBRELLA

**May It Please The Court:**

NOW INTO COURT, comes the Plaintiffs' Subgroup Litigation Committee - Insurance ("PSLC-I") who respectfully requests that this Court deny the Insurance Defendants' Motion to (1) Modify the Court's May 1, 2006 Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella (the "Motion") for the following reasons, articulated more fully herein:

- The Insurance Defendants' Motion is **premature** as the ambiguity of the water damage exclusion has not been finally resolved by the Louisiana state court system;

- The Fifth Circuit itself acknowledged that, because the Louisiana Supreme Court has not examined the "flood" exclusion in the Katrina context, it had to make an *Erie*

**guess** to determine "how [the Louisiana Supreme Court] would resolve" this issue;

• The Fifth Circuit's ruling not only vacated the contrary ruling from this Court, but also **directly contradicted the rulings of every single Louisiana State District Court that has considered the same issue**;

• Should the Court deconsolidate the Insurance cases, only to have the Louisiana state court system reverse the Fifth Circuit's ruling, the interests of **judicial economy and efficiency** surely will not be served;

• This Court has already recognized **several common issues** in addition to that of water damage sustained by the failure of the New Orleans levee system, including, but not limited to the timing of property damage (whether property was damaged first by wind or by levee breach water), the cause of property damage (whether property was damaged by wind, levee breach water, or both), and the applicability of concurrent cause or ensuing loss provisions when property is damaged by both covered and excluded causes of loss;

• The Insurance Defendants' reliance on various cases involving motions to strike class allegations is **misplaced**;

• This Court has made abundantly clear that the Insurance cases have been consolidated for **pre-trial purposes only** and that issues such as quantification of damages, adjustment issues, and coverage issues are excluded from the scope of consolidation. Thus, the consolidation of the Insurance cases in no way hinders the progression of individual lawsuits or trial preparation of individual issues as suggested by the Insurance Defendants; and

• If anything, **consolidation eases the burden placed on the Court** as discovery and motion practice will be streamlined and common issues resolved in a consistent and expedited manner.  Further, the the PLSC-I and the Defendants' Insurance Litigation Committee have been working to draft an additional case management order for the consolidated Insurance cases to establish a litigation plan for global resolution.

## I.    RELEVANT FACTUAL BACKGROUND

On April 11, 2006, this Court issued a Minute Entry addressing the consolidation of all suits concerning damage allegedly caused by the breaches of the New Orleans levee system "**SOLELY for pretrial matters**."[1]  This Court officially consolidated these suits in a second April 11, 2006

---

[1] *See* Record Doc. 69 at 4 (emphasis added).

Order, again for "**pretrial matters**," and, in turn, on May 1, 2006, further ordered that all "Katrina Canal Breach" cases are to be consolidated and directly assigned to Section "K" and Magistrate Judge in Division "2."[2]

Subsequently, on March 1, 2007, this Court issued "Case Management and Scheduling Order No. 4" governing the procedure for the Katrina Canal Breach consolidated cases. In the Case Management Order, this Court specifically states that these cases have been consolidated because they include "common issues of law and fact involving the cause and effect of the inundation by water of the Greater New Orleans area during Hurricane Katrina."[3] The Case Management Order **does not limit** the common issues of law and fact solely to the issue of the ambiguity of any water damage exclusion. Indeed, the Case Management Order references **other common issues of law and fact** among the consolidated insurance cases, namely, issues "common to all insureds of a particular insurance company," including, but not limited to:

1)   The cost basis of goods and services utilized in the adjusting process to determine what amount would be paid for repair (pricing systems and cost databases);

2)   The methodology for differentiating water damage from wind damage, and covered water damage from damage relating to levee or MRGO breaches;

3)   The timing of water damage from wind versus the timing of water damage from levee or MRGO breaches;

4)   The determination of whether there is a concurrent cause, and if so, the effect thereof; and

_____

[2]  *See* Record Doc. 70 at 1 (emphasis added); *See also* Record Doc 259.

[3]  *See* Record Doc. 3299 at 1.

5)      The claims handling procedure of a particular company in general.[4]

Further, the Case Management Order specifically acknowledged that the "common liability issues" managed by the Order **excluded** "quantification of individual damage claims, individual adjusting, and other individual coverage issues," and that "discovery and trial preparation of **individual issues**, including liability and damages, that will not be resolved under the remainder of this order **should not be delayed**."[5]

## II.   LAW AND ARGUMENT

### A.   The Insurance Defendants' Motion Is Premature As The Ambiguity Of The Water Damage Exclusion Has Not Been Finally Resolved By The Louisiana State Court System.

While the Insurance Defendants are quick to argue that the consolidated Insurance cases no longer have a common issue of law or fact, such a conclusion is entirely premature as the ambiguity of any purported flood or water damage exclusion is a unique issue of Louisiana law that has not yet been resolved by the Louisiana state court system.  It has long been established that in diversity cases such as most, if not all, of the consolidated Insurance cases, federal courts must apply state substantive law.[6]  As the Insurance cases are Louisiana actions involving the interpretation of insurance policies issued in Louisiana for Louisiana properties, Louisiana's substantive law controls.

Although the United States Fifth Circuit Court of Appeal has rendered a decision on the applicability of any such flood or water damage exclusion, the Fifth Circuit itself acknowledged that,

---

[4] *Id.* at 48-49.

[5] *Id.* at 4 and 48.

[6] *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ashland Chem. Inc. v. Barco Inc.,* 123 F.3d 261, 265 (5th Cir. 1997).

4

because the Louisiana Supreme Court has not examined the "flood" exclusion in the Katrina context, **it had to make an _Erie_ guess to determine "how [the Louisiana Supreme Court] would resolve" this issue**.[7]   The PSLC - I respectfully submits that this Court's May 1, 2006 Order should not be modified, nor should the Insurance cases be deconsolidated, based on the Fifth Circuit's "guess" at the proper application of Louisiana law.   Indeed, the Fifth Circuit's ruling not only vacated the contrary ruling from this Court, but also **directly contradicted the rulings of every single Louisiana State District Court that has considered the same issue**.[8]

Moreover, in _Sher v. Lafayette Insurance Co.,_ one of the Louisiana state court cases, the insurer has appealed Judge Robin Giarrusso's  ruling on the ambiguity of the water damage exclusion.  Oral argument before a five judge panel of the Louisiana Fourth Circuit Court of Appeal took place on September 12, 2007, and the court will soon render its decision concerning the proper interpretation of the water damage exclusion under Louisiana law. If the Fourth Circuit and, ultimately, the Louisiana Supreme Court determine that the purported flood or water damage exclusion is indeed ambiguous, then, compelling and important reasons will exist for this Court to reconsider the Fifth Circuit's mandate due to the change in controlling law.[9]

---

[7]  _See In Re: Katrina Canal Breaches Litigation_, 495 F.3d 191, 206 (5th Cir. 2007)

[8]  _See e.g. Historic Restoration Inc., et al. v. RSUI Indemnity Co. & Essex Ins. Co._, No. 06-4990, Div. D-16,  December 5, 2006, Judgment and Reasons for Judgment, attached hereto as Exhibit "A;"  _Joseph Sher v. Lafayette Ins. Co._, et al., No. 06-9276, Div. G-11, February 9, 2007, Judgment, attached hereto as Exhibit "B;"  _White III, L.L.C. v. Travelers Property Casualty of America,_ No. 06-09607, Div. G-11, July 26, 2007, Judgment attached hereto as Exhibit "C;"  _White v. Louisiana Citizens Prop. Ins. Corp.,_ No. 06-7975, Div. K-5, July 26, 2007, Judgment attached hereto as Exhibit "D."

[9]  _See e.g., Blair v. Sealift, Inc.,_ 91 F.3d 755, 762 (5th Cir. 1996) (holding "[s]tate appellate court decisions may constitute subsequent, controlling authority that overrides an earlier determination by this court. . . . Such decisions, if applicable, should, therefore be followed absent a strong showing that the state supreme court would rule differently.").

5

In short, the Fifth Circuit's recent opinion concerning the so-called flood or water damage exclusion is not determinative of whether the Insurance cases have a common issue of law or fact such that they should remain consolidated.  Given that all of the Louisiana Judges that have decided this issue have reached a result contrary to that reached by the Fifth Circuit, there is a strong likelihood that, on an issue affecting hundreds of thousands of citizens, federal and state courts will reach different conclusions on the proper interpretation of the "flood" exclusion.  If so, it would be manifestly unjust if the deconsolidation of the Insurance cases was governed by the Fifth Circuit's *Erie* guess rather than a definitive ruling from the Louisiana Supreme Court.

Thus, as the ambiguity of the flood or water damage exclusion has not been resolved by the Louisiana state court system, the Insurance Defendants' request that the Insurance cases be deconsolidated and that this Court's May 1, 2006 Order be modified is premature. Should the Court deconsolidate the Insurance cases, only to have the Louisiana state court system reverse the Fifth Circuit's ruling, the interests of judicial economy and efficiency surely will not be served.  Further, the "risk of prejudice and possible confusion" and the "risk of inconsistent adjudications of common factual and legal issues" — which consolidation is meant to avoid — will be heightened.  Therefore, the Insurance Plaintiffs respectfully request that this Court deny the Motion.

### B.  The Consolidated Insurance Cases Involve Additional Common Issues of Law And Fact Such That Deconsolidation Is Improper.

Despite the Insurance Defendants' narrow view of common issues of law and fact among the consolidated Insurance cases, this Court has already recognized several common issues in addition to that of water damage sustained by the failure of the New Orleans levee system.  Indeed, in Case Management Order No. 4 governing the consolidated cases, this Court referenced multiple issues

common to the Insurance cases, including, but not limited to:

1)   The cost basis of goods and services utilized in the adjusting process to determine what amount would be paid for repair (pricing systems and cost databases);

2)   The methodology for differentiating water damage from wind damage, and covered water damage from damage relating to levee or MRGO breaches;

3)   The timing of water damage from wind versus the timing of water damage from levee or MRGO breaches;

4)   The determination of whether there is a concurrent cause, and if so, the effect thereof; and

5)   The claims handling procedure of a particular company in general.[10]

All of these issues require similar discovery, motion practice, and trial preparation, and thus, consolidation is proper to eliminate unnecessary repetition and confusion.  Indeed, even if the Fifth Circuit's ruling on the flood exclusion stands, and water damage from the levee breaches is not covered, common issues of law and fact will remain.  That is, litigation will proceed concerning the method for determining the timing of property damage (whether property was damaged first by wind or by levee breach water), the cause of property damage (whether property was damaged by wind, levee breach water, or both), and the applicability of concurrent cause or ensuing loss provisions when property is damaged by both covered and excluded causes of loss.  For these reasons, discovery in the MRGO and Levee cases concerning the timing of any levee failures, the number and locations of levee breaches, the amount of water released through the breaches, etc. is relevant in the Insurance cases regardless of the outcome of the ambiguity of the flood exclusion.  Moreover, as acknowledged by the Court, there are additional common issues of law and fact regarding the pricing system for

--------

[10] Record Doc 3299 at 48-49.

estimating the cost to repair or replace property damage and regarding proper claims adjusting guidelines and procedures.

Further, the Insurance Defendants' reliance on various cases involving motions to strike class allegations is misplaced.  First, certification of a class under Federal Rule of Civil Procedure 23 requires satisfaction of multiple factors including, commonality, numerosity, typicality, and adequacy of class representatives whereas consolidation under Rule 42 is proper when actions simply involve a common question of law or fact.[11]  Moreover, to maintain a class action under Rule 23, the court must find that the common issues of law or fact *predominate* over any questions affecting individual members of the class.  Indeed, the Fifth Circuit has held that the predominance requirement is "far more demanding" than the commonality requirement.[12]  Thus, Rule 42 sets forth a much lower threshold for consolidation than that established by Rule 23 for class certification.  Further, Rule 42 allows consolidation for pre-trial and discovery purposes only, as was done here, whereas Rule 23 does not provide such relief.

**C.** **Consolidation Of The Insurance Cases Does Not Prejudice The Insurance Defendants, Nor Does Consolidation Prevent Efficient Adjudication Of Individual Lawsuits.**

The Insurance Defendants have failed to establish that they will be prejudiced or unduly burdened should the Insurance cases remain consolidated.  Indeed, consolidation of the Insurance cases promotes efficiency and fairness and, if anything, is more convenient for the Insurance Defendants as they will not be subjected to duplicative and burdensome discovery or motion practice.  Further, although the Insurance Defendants argue that consolidation hinders the Insurance

---

[11]  *See* Fed. R. Civ. Pro 23; *See also* Fed. R. Civ. Pro 42.

[12]  *See Unger v. Amedisys, Inc.*, 401 F.3d 316, 320 (5ᵗʰ Cir. 2005).

Plaintiffs' right to a prompt trial setting, Case Management Order No. 4, which governs the consolidated Insurance cases, specifically provides that "discovery and trial preparation of **individual issues**, including liability and damages, that will not be resolved under the remainder of this order **should not be delayed**."[13]  This Court has made abundantly clear that the Insurance cases have been consolidated for **pre-trial purposes only** and that issues such as quantification of damages, adjustment issues, and coverage issues are excluded from the scope of consolidation.[14]  Thus, the consolidation of the Insurance cases in no way hinders the progression of individual lawsuits or trial preparation of individual issues as suggested by the Insurance Defendants.

Further, this Court should reject the Insurance Defendants' suggestion that consolidation of the Insurance cases burdens the Court's docket.  If anything, consolidation eases the burden placed on the Court as discovery and motion practice will be streamlined and common issues resolved in a consistent and expedited manner.  The Court and its administrative staff are overwhelmed as it is with various Katrina litigation, and deconsolidation will only contribute to this problem because individual discovery tracks and motions will further burden already overcrowded dockets. Indeed, the very purpose behind the Court's original consolidation Order was to limit and control the scope and timing of discovery and trial preparation because of the large number of insurance suits filed.

Moreover, the PLSC-I and the Defendants' Insurance Litigation Committee have been working to draft an additional case management order for the consolidated Insurance cases to establish a litigation plan for global resolution.  Specifically, the PLSC-I has suggested a mechanism by which the consolidated Insurance cases can be placed on a Settlement Track, a Fast Track, or a

---

[13] Record Doc. 3299 at 48.

[14] *Id.* at 4.

Common Issues Track.  Each of these tracks leads to resolution, settlement, or trial of the thousands of claims now pending in this Court.  Deconsolidation undermines this process and is entirely premature at this juncture.  Thus, this Court should deny the Insurance Defendants' request to deconsolidate and to modify the May 1, 2006 Order such that the Insurance cases remain consolidated and judicial efficiency promoted.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the PSLC-I respectfully requests that this Court deny the Insurance Defendants' Motion to (1) Modify the Court's May 1, 2006 Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella (the "Motion").

Respectfully Submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno
PLAINTIFFS' LIAISON COUNSEL
jbruno@jbrunolaw.com
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 561-6776
Fax: (504) 561-6775

FOR THE INSURANCE PLAINTIFFS
SUBGROUP LITIGATION COMMITTEE

Calvin C. Fayard, Jr. (La. Bar No. 5486)
LIAISON COUNSEL – INSURANCE PSLC
calvinfayard@fayardlaw.com
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925

AND

John N. Ellison, Esq.
jellison@andersonkill.com
ANDERSON, KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Ph: (215) 568-4202
Fax: (215) 568-4375
*Admitted Pro Hac Vice*

AND

James M. Garner (La. Bar No. 19589)
jgarner@shergarner.com
SHER, GARNER, CAHILL, RICHTER, KLEIN,
& HILBERT
909 Poydras Street, Suite 2800
New Orleans, LA 70112
Ph: (504) 299-2100
Fax: (504) 299-2300

AND

Joseph J. McKernan (La. Bar. No. 10027)
jemckernan@mckernanlawfirm.com
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph: (225) 926-1234
Fax: (225) 926-1202

AND

Drew A. Ranier (La. Bar No. 8320)
drainer@rgelaw.com
RANIER, GAYLE and ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 9,  2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Joseph M. Bruno
JOSEPH M. BRUNO