UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |

PERTAINS TO:

LEVEE  (05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 06-11208, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289.)

MRGO  (05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152, 06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066, 06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159, 06-5161, 06-5260, 06-5162, 06-5771, 06-5786, 06-5937, 07-0206, 07-0621, 07-1073, 07-1271, 07-1285.)

**DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION TO
LEVEE AND MRGO PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION**

Pursuant to this Court's Case Management and Scheduling Order No. 4 (Rec. Doc. 3299), as amended, Defendant United States of America, by and through its undersigned counsel, hereby submits this Memorandum of Law in Opposition to Plaintiffs' Amended Motion for Class Certification in both the Levee and MRGO cases.

## INTRODUCTION

Plaintiffs in these consolidated cases seek damages for injury to or loss of property (and, in many cases, for their own personal injuries or for the personal injuries or deaths of family members) allegedly suffered as the result of flooding associated with Hurricane Katrina. Insofar as the United States is concerned, jurisdiction is alleged under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*[1]

The matter is before the Court on the Levee and MRGO Plaintiffs' Motions for Class Certification requesting this Court to certify these actions as class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.[2] The United States hereby adopts and incorporates herein by reference the arguments and authorities set forth in the Joint Memoranda in Opposition to Plaintiffs' Motion for Class Certification filed by the non-Federal Defendants in the Levee and MRGO cases. The United States submits this separate Memorandum in Opposition to Plaintiffs' Motions for Class Certification to explain why, as a matter of law, no class actions may be maintained against the United States under the FTCA.

---

[1] The allegations pleading jurisdiction under the Admiralty Extension Act, 46 U.S.C. § 30101 (formerly codified as 46 U.S.C. app. § 740), the Suits in Admiralty Act, 46 U.S.C. § 30901 *et seq.* (formerly codified as 46 U.S.C. app. § 741 *et seq.*), and the Public Vessels Act, 46 U.S.C. § 31101 *et seq.* (formerly codified as 46 U.S.C. app. § 781 *et seq.*) have been stricken from both the Levee and MRGO Master Class Action Complaints. *See* Order and Reasons Granting the United States' Motion to Strike Admiralty Claims (Rec. Doc. 7350).

[2] Although Plaintiffs' Master Complaints and motions for class certification also sought class certification under Rule 23(b)(1) and (b)(2), Plaintiffs have briefed only their request for a 23(b)(3) class (Rec. Doc. 7489 at pp. 14-25) and, thus, are presumed to have abandoned their requests for 23(b)(1) and (2) classes.

1

Maintaining an action against the United States as a class action is not permissible because it is inconsistent with the statutory scheme for resolving tort claims under the FTCA. Before an action can be instituted on a claim under the FTCA, the statute requires the claimant to present the claim to the appropriate Federal agency and for the claim to be denied. If the agency does not finally dispose of the claim within six months after it is presented, the statute affords the claimant the option of either commencing an action, or allowing the claim to remain pending before the agency.

Each claimant must individually exhaust the administrative remedies under the FTCA, and decide for himself or herself whether to commence suit or allow the claim to remain pending before the agency to which it was presented if it is not disposed of within the allotted time. In effect, the FTCA prescribes an "opt-in" procedure for resolving tort claims against the United States. Rule 23(b)(3), however, makes no provision for the maintenance of "opt-in" class actions.

Furthermore, even assuming *arguendo* that the Court otherwise possesses the authority to allow an FTCA action to be maintained as a class action, certification would be inappropriate in this case. The proposed classes that Plaintiffs seek to represent are not readily ascertainable, since ascertaining membership in the classes would require individualized determinations concerning whether each putative class member has adequately exhausted the administrative remedies under the FTCA. Given the nature of the proposed classes and the manner in which Plaintiffs have framed their pleadings, moreover, Plaintiffs cannot satisfy the numerosity, typicality, adequacy of representation, or superiority requirements for certification under Rule 23(b)(3). Accordingly, Plaintiffs' motions for class certification should be denied.

## STATEMENT

Case Management and Scheduling Order No. 4 noted that, as of the date of its entry (*i.e.*, March 1, 2007), approximately four dozen putative class actions had been filed in this consolidated litigation.  Rec. Doc. 3299 at 1.  With respect to those pending actions, the Court ordered that Plaintiffs file separate Master Consolidated Class Action Complaints in the Levee and MRGO categories of cases, which were required to designate proposed class representatives in those two case categories. *Id.* at 13.  The Court further ordered that these Master Complaints would supersede and replace all previously-filed class action complaints. *Ibid.*

Plaintiffs thereafter filed one Master Consolidated Class Action Complaint for the Levee cases (which subsequently has been amended), and another Master Consolidated Class Action Complaint for the MRGO cases. *See* Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint (Rec. Doc. No. 7571); MRGO Master Consolidated Class Action Complaint (Rec. Doc. No. 3415).  As amended, these two Master Complaints contain virtually identical allegations concerning both (1) their nature and effect as pleadings, and (2) the extent to which the proposed class representatives and the unnamed members of the proposed classes and sub-classes have exhausted their administrative remedies under the FTCA.

With regard to the nature and effect of these two pleadings, the Levee and MRGO plaintiffs both allege that their respective Master Complaint:

> is an Administrative Master Complaint (hereinafter 'AMC') which incorporates all parties to the class action proceedings consolidated or cumulated before this Court, including those named in any and all subsequently filed class actions which are later transferred to this Court. This AMC does not merge the above referenced suits into a single cause nor does it alter the rights of any party in any respect.  This AMC shall not be given the same effect as an ordinary complaint, but shall only be considered as an administrative device to aid efficiency and judicial economy. *See In re Propulsid Products Liability,* 208 F.R.D. 133 (E.D. La. 2002)."

Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 2;

Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at unnumbered ¶, p. 2

(containing virtually identical language).

Thus, by filing the Master Complaints, neither the Levee nor MRGO Plaintiffs appears to

have intended to begin new actions separate from the putative class actions which were already

pending before the Court as of the date of entry of Case Management and Scheduling Order No.

4. That the Levee and the MRGO Plaintiffs had no intention of commencing new actions is

confirmed by the fact that both pleadings were served on the United States pursuant to Rule 5 of

the Federal Rules of Civil Procedure (which, by its terms, governs service of "every pleading

subsequent to the original complaint"), rather than Rule 4 (which, in the case of original

complaints, requires service of copies of the summons and complaint on both the United States

Attorney and the Attorney General of the United States by delivery and/or by registered or

certified mail).

Nor did the Clerk treat either the Levee or MRGO Master Complaint as having

commenced a new civil action (which would have resulted in the assignment of separate file

numbers if the filing of those pleadings had resulted in the commencement of new actions).

Instead, as required by the terms of Case Management and Scheduling Orders Nos. 1 and 2 (Rec.

Docs. 790 & 1403), the captions of the Levee and MRGO Master Complaints simply listed the

respective file numbers that previously had been assigned to the putative class actions that were

already pending before the Court as of the date of entry of Case Management and Scheduling

Order No. 4.

With respect to administrative exhaustion under the FTCA, both the Levee and MRGO

Plaintiffs allege that all the proposed class representatives (who are variously referred to in the

Master Complaints as "named Plaintiffs/Complainants," "named Plaintiffs," and "proposed Class

Representatives"):

> have presented their administrative claims in writing to the [U.S. Army]
> Corps [of Engineers] as provided under appropriate federal law and
> regulation and a period of at least six months has expired since the filing
> of their claims.  Further, named Plaintiffs/Complainants, individually, and
> on behalf of all others, reserve the right to contest the legal and/or
> jurisdictional necessity of administrative claim filing as a consequence of
> the inaction and failure to act on the part of the Corps in failing to process
> and evaluate said claims.

Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 10;

Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at ¶ 1(b).

Neither the Levee nor the MRGO Plaintiffs allege that the members of the proposed

classes and sub-classes they seek to represent have exhausted their administrative remedies under

the FTCA.  Instead, they allege that compliance with the administrative exhaustion requirement

has been waived or should be excused pursuant to the futility doctrine:

> While the named Plaintiffs and the proposed Class Representatives herein
> have timely filed their administrative claims for damages with the Corps
> and have allowed the requisite time to file suit against the Corps to elapse,
> Class Representatives individually and on behalf of the Putative Class they
> seek to represent expressly plead the futility doctrine on behalf of any
> member of the Putative Class herein who either did not timely file an
> administrative claim for monetary damages under any applicable law or
> regulation, or if they did file such a claim and six months has not yet run
> from time of filing.  All administrative exhaustion requirements imposed
> by 28 U.S.C. § 2675 (applicable to suits under the FTCA) and 46 U.S.C. §
> 30101 (applicable to suits under the AEA) have been waived by the
> "futility of exhaustion" doctrine because they can serve no purpose at all.
> Requiring all potential class members to present administrative claims to
> the Corps of Engineers prior to filing suit would serve no purpose at all
> because:
> a.    The Corps of Engineers has made it clear through its actions and
>       inactions that it does not intend to resolve any of these claims
>       through its administrative claim process;
> b.    While many months have passed since many potential class
>       members filed administrative claims, the Corps of Engineers has

5

taken no action to resolve them, signaling its decision to let the judicial process decide them;

c.   The regulations enacted by the Corps to handle the FTCA administrative claims, 28 C.F.R. Sections 14.1 - 14.11, do not provide a mechanism by which potential class members can conduct the necessary discovery needed to prove their cases, and such discovery can only be provided by this Court;

d.   Many potential class members will suffer irreparable harm if they are required to file administrative claims (which the Corps will not act upon) because they have no knowledge of the need to file them in order to protect their rights;

e.   No regulations have been enacted prescribing the manner in which claims brought under the AEA should be handled, leading to much confusion among potential class members; and

f.   It is impossible to comply with the requirements of 46 U.S.C. § 30101 because there is no "agency owning or operating all vessels causing the injury or damage."

Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 11;

*see also* Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at ¶ 2 (containing

substantially identical allegations).

Finally, having alleged that members of the proposed classes should be excused from

complying with the FTCA's administrative exhaustion requirement, both the Levee and MRGO

Plaintiffs include identical language pertaining to the filing of administrative claims in their

allegations defining membership of proposed classes and sub-classes they seek to represent.

Thus, according to the Levee Plaintiffs, the proposed class they seek to represent comprises the

following individuals and entities:

All individuals and entities, both private and public and both natural and juridical, in "GREATER NEW ORLEANS METRO" (the geographic area bounded to the north by Lake Pontchartrain, to the south by the Mississippi River, to the east by the IHNC, and to the west by the 17th Street Canal running from Lake Pontchartrain south to Metarie Road and then west on Metairie Road to Causeway Boulevard, and then south on Causeway Boulevard to the Mississippi River) who/which sustained damages as a result of the inundation in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, *and who/which, as to the defendant Corps only, have, or*

6

> *by a date to be determined by the Court, will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.*

Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 17

(italics added).  Likewise, according to the MRGO Plaintiffs, the proposed class they seek to

represent comprises the following individuals and entities:

> All individuals and entities (both private and public, and both natural and juridical) in "GREATER NEW ORLEANS" (defined as that area east of the IHNC/Industrial Canal including the Lower Ninth Ward and New Orleans East areas of the Parish of Orleans and also the Parish of St. Bernard, in the State of Louisiana) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, *and as to the Defendant Corps only, have, or by a date to be determined by the Court will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.*

Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at ¶ 12 (italics added).[3]

## ARGUMENT

**I.**   **Class Certification Is Impermissible Because the FTCA Requires  Each Claimant to Individually Exhaust Administrative Remedies Before Instituting An Action, and Affords Each Claimant the Option to Leave His or Her Administrative Claim Pending Before the Agency If the Agency Fails to Make a Final Disposition Within Six Months After the Claim Is Filed.**

Class certification is impermissible where it is inconsistent with the statutory scheme

pursuant to which the suit is brought. *See James v. Home Constr. Co. of Mobile*, 621 F.2d 727,

730-31 (5th Cir. 1980).  In *James*, the Fifth Circuit held that a class action could not be

maintained with regard to claims for rescission under the Truth-in-Lending Act (TILA) because

that statute requires that the obligor give the creditor ten days notice before the matter can be

brought to court. *Id.* at 731.  "This is a right which the creditor has with each individual

---

[3] The italicized language is repeated in each of the paragraphs relating to each of the proposed sub-classes the Levee and MRGO Plaintiffs seek to represent. *See* Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 18a-e; Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at ¶ 13A-B.

obligor." *Ibid.* The court concluded that "the notion of a class action in this sort of context would contradict what would seem to be the Congressional intent about the nature of this action." *Id.* at 731, *citing Lunsford v. United States*, 418 F. Supp. 1045 (D.S.D. 1976) (dismissing putative class action brought under FTCA), *aff'd in relevant part*, 570 F.2d 221 (8th Cir. 1977). *Accord McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 423 (1st Cir. 2007) (following *James* and holding that class certification is not available for rescission claims under TILA).

Like the provisions of the TILA that precluded class certification in *James*, the FTCA specifically provides that no action may be instituted on a tort claim against the United States unless the claimant first presents the claim to the appropriate Federal agency and the claim is denied by that agency in writing. *See* 28 U.S.C. § 2675(a). Once a claim has been presented to the appropriate federal agency, the FTCA affords the claimant certain options if the agency does not finally dispose of the claim within six months. *Ibid.*

In the event that there is no final disposition of the claim within this six-month period, the claimant has two options under the statute: "the claimant may either deem [the claim] denied and file suit in district court at any time prior to final agency action or the claimant may await final agency action and file suit thereafter." *Anderson v. United States*, 803 F.2d 1520, 1522 (9th Cir. 1986); *see also McCallister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991) (there is no time limit for filing of an FTCA action where an administrative claim is deemed denied by virtue of an agency's failure to finally dispose of it within six months after filing).

After the claimant has elected to commence an action, however, the election is irrevocable. This is so because the statute specifically provides that after commencement of an action on an FTCA claim, the authority to compromise the claim is vested in the Attorney

8

General: "The Attorney General or his designee may arbitrate, compromise, or settle any claim cognizable under section 1346(b) of this title, after the commencement of an action thereon." 28 U.S.C. § 2677. After an action on a claim has been commenced under the FTCA, therefore, there is no authority on the part of the agency to settle the claim. *See United States v. Reilly*, 385 F.2d 225, 230 (10th Cir. 1967) ("[W]here Congress has set out a statutory procedure for the compromise of matters involving the United States, it implicitly negatives the use of any other procedure.") (*citing Botany Worsted Mills v. United States*, 278 U.S. 282, 288-289 (1929)).

Under the applicable regulations governing administrative claims under the FTCA, moreover, once the option to treat the claim as denied has been exercised, the claimant loses the right to amend the claim to increase the amount of damages demanded. *See* 28 C.F.R. § 14.2(c) ("A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)."); *cf.* 28 U.S.C. § 2675(b) (providing that an action shall not be instituted for any sum in excess of the amount of the claim presented to the agency unless the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the agency, or upon allegation and proof of intervening facts relating to the amount of the claim). The FTCA also limits the amount of fees that an attorney can charge or collect from the claimant in the event of a settlement: if the claim is settled before the commencement of an action, attorney fees are limited to 20% of the amount of the settlement; after an action is commenced, however, the attorney can collect fees of up to 25% of the amount of the settlement. *See* 28 U.S.C. § 2678.

Given the consequences that commencement of an action under the FTCA has on a claimant's rights, there is no basis for concluding that one purporting to act as a "class

representative" is authorized to exercise another claimant's option to treat his or her claim as having been denied. Instead, the FTCA clearly contemplates that each claimant will retain the option of leaving his or her administrative claim pending before the agency in the event that the agency fails to finally dispose of the claim within six months after it is filed. *See* 28 U.S.C. § 2675(a).

The provisions of § 2675(a) are jurisdictional in nature and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); *Price v. United States*, 69 F.3d 45, 54 (5th Cir. 1995); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Thus, a claimant's failure to comply with the FTCA's administrative exhaustion requirement cannot be excused based on allegations of futility. *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) ("'[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive.' * * * A plaintiff's claim that administrative remedies were not pursued because pursuit would have been futile does not excuse this jurisdictional requirement." (internal citations omitted)); *Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) ("§ 2675(a) contains [no] exception for futile claims, and it would disrupt Congress's administrative-claims procedure for a court to carve out such an exception.").

Courts also have uniformly held that each claimant must individually exhaust the administrative remedies before bringing suit under the FTCA. *See, e.g., Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) ("The FTCA requires that *each* claim and *each* claimant must meet the prerequisites for maintaining a suit against the government.") (emphasis in original); *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002) ("If there are multiple claimants in an FTCA case, 'each claimant must individually satisfy the jurisdictional

prerequisite of filing a proper claim.'"), quoting *Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993) (internal quotation marks omitted); *Green v. United States*, 2003 WL 21500553 at *5 (June 24, 2003) (E.D. La.) (Duval, J.) (dismissing claims of plaintiff's siblings for death of their father where siblings did not present their own administrative claims and plaintiff had no legal authority to present administrative claim on their behalf).

Thus, filing a class action does not render the FTCA's administrative exhaustion requirement inapplicable to each member of the putative class. To the contrary, the courts have uniformly held that class actions cannot be maintained under the FTCA where each member of the putative class has not individually exhausted his administrative remedies. *See, e.g., In re "Agent Orange" Prod. Liab. Litigation*, 818 F.2d 194, 198 (2d Cir. 1987); *Lunsford v. United States*, 570 F.2d 221, 224 (8th Cir. 1977); *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977); *Blain v. United States*, 552 F.2d 289, 290-91 (9th Cir. 1977); *Commonwealth of Pa. v. National Assoc'n of Flood Insurers*, 520 F.2d 11, 23-24 (3d Cir. 1975); *Gollehon Farming v. United States*, 17 F. Supp. 2d 1145, 1160-61 (D. Mont. 1998), *aff'd*, 207 F.3d 1373 (Fed. Cir. 2000); *Hohri v. United States*, 586 F. Supp. 769, 793 (D.D.C. 1984), *aff'd in relevant part and rev'd in other part*, 782 F.2d 227 (D.C. Cir. 1986), *vacated on other grounds and remanded*, 482 U.S. 64 (1987), *aff'd in relevant part*, 847 F.2d 779 (Fed. Cir. 1988); *Schell v. National Flood Ins. Assoc'n*, 520 F.Supp. 150, 153 (D. Col. 1981); *Luria v. Civil Aeronautics Board*, 473 F. Supp. 242, 244-45 (S.D.N.Y. 1979); *Kantor v. Kahn*, 463 F. Supp. 1160, 1162-64 (S.D.N.Y. 1979); *Founding Church of Scientology of Wash., D.C. v. Director, Federal Bureau of Investigation*, 459 F. Supp. 748, 754-55 (D.D.C. 1979); *Harrigan v. United States*, 63 F.R.D. 402, 408-09 (E.D. Pa. 1974).

The courts specifically have rejected the argument that one who purports to act as a "class representative" can present administrative claims on behalf of other members of a putative class. In *Commonwealth of Pa. v. National Assoc'n of Flood Insurers,* for example, the Commonwealth of Pennsylvania brought a putative class action under the FTCA purporting to act as the class representative of all citizens of the Commonwealth who had been damaged as a result of the federal government's failure to publicize the availability of federally subsidized flood insurance. Affirming the dismissal of this putative class action for lack of subject matter jurisdiction, the court of appeals held that the Commonwealth had no authority to present an administrative claim on behalf of its citizens, each of whom was required individually to present his or her own claim individually to the appropriate Federal agency. *See Commonwealth of Pa.,* 520 F.2d at 23-24.

Similarly, in *Blain v. United States,* a group of property owners whose properties had been damaged in a fire brought an action under the FTCA and argued that they were entitled to rely on an administrative claim that previously had been presented by other property owners purportedly for themselves and on behalf of all other similarly situated individuals. Rejecting this argument, the court of appeals concluded that there was no evidence that the property owners who purported to act as class representatives were authorized to present administrative claims on behalf of any other individuals. *See Blain,* 552 F.2d at 291.

And in *Lunsford v. United States,* 418 F. Supp. 1045 (D.S.D. 1976) *aff'd in relevant part,* 570 F.2d 221 (8th Cir. 1977), certain named Plaintiffs filed an action under the FTCA for themselves and on behalf of a putative class of unnamed persons who allegedly had suffered death or personal injury and property damage in a flood. In an opinion which was later cited with approval by the Fifth Circuit in *James v. Home Construction Company of Mobile,* the

12

district court dismissed the class action for lack of subject matter jurisdiction on the grounds that,

although the named Plaintiffs had purported to present administrative claims on behalf of all

similarly situated persons, the members of the putative class had not individually exhausted their

administrative remedies under the FTCA.  The district court specifically held that the named

Plaintiffs had no authority to act as the agents of the unnamed members of the putative class in

exhausting their administrative remedies under the FTCA.  *See Lunsford*, 418 F.Supp. at 1048.

By requiring each claimant first to exhaust administrative remedies before instituting an

action, and then allowing each claimant to elect for himself or herself whether to institute such

an action if the agency does not finally dispose of the claim within six months, Congress in effect

has prescribed an individualized "opt-in" procedure for instituting suits under the FTCA.  It is

well established, however, that "opt in" classes may not be certified under Rule 23(b)(3).  *See*

*Kern v. Siemens Corp.*, 393 F.3d 120, 129 (2d Cir. 2004) (holding that "opt out" requirement of

Rule 23(c) did not permit certification of a class with an "opt in" provision that requires

affirmative action on the part of potential class members).

In *Kern*, the Second Circuit overturned a district court's decision to certify a class in

which the plaintiffs had defined class membership by reference to affirmative conduct – their

"consent to be included."  *Id.* at 127.  The court held, "[W]e cannot envisage any circumstances

when Rule 23 would authorize an 'opt in' class in the liability stage of a litigation."  *Id.* at 128.

*See also* 5 James Wm. Moore, et al., *Moore's Federal Practice* § 23.104[2][a][ii] (3d ed. 2004)

("There is no authority for establishing 'opt in' classes in which the class members must take

action to be included in the class."); 2-14A James Wm. Moore, et al., *Moore's Manual-Federal*

*Practice and Procedure* § 14A.23[5][f] (2004) ("Federal class action procedures do not provide

for 'opt-in' classes in which the class members need to take action to be included in the class.");

13

Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (Part I)*, 81 Harv. L. Rev. 356, 397 (1967) (explaining the rational for the Advisory Committee's rejection of the "opt in" class).

To meet the requirements of § 2675(a) and be a part of a class action, individual claimants would be required to present their administrative claims to the appropriate federal agency and, if the agency fails to act within six months, then to exercise their option to deem the claims denied by filing suit. Class representatives can do neither on behalf of a class.[4] Both of these jurisdictional prerequisites are affirmative actions requiring each potential class member to "opt in" to the class. As noted, the plaintiffs have defined the class members for both the Levee and MRGO classes as including "[a]ll individuals and entities . . . who/which, as to the defendant Corps only, have – or, by a date to be determined by the Court, will have – fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter." Thus, by the plaintiffs' own class definition, class members must take affirmative action to "opt in" to the class by "fulfill[ing] whatever administrative claim filing requirements this Court deems applicable." Since Rule 23(b)(3) "opt in" classes are not permitted, a class action cannot be certified against the United States under the FTCA.

## II.   Assuming *Arguendo* that the Court Has the Authority to Certify a Class Against the United States Under the FTCA, It Should Not Do So in This Case Because the Plaintiffs Cannot Meet the Requirements of Rule 23.

The Joint Memoranda in Opposition to Plaintiffs' Motion for Class Certification filed by the non-Federal Defendants in the Levee and MRGO cases explain why a class should not be certified in these cases under Federal Rule of Civil Procedure 23. The United States has adopted

---

[4] The Plaintiffs' Permanent Master Committee (PMC) has acknowledged that there are thousands of unrepresented claimants in the putative class, and has explicitly acknowledged that it is unauthorized to file suit on behalf of these thousands of claimants. *See* Rec. Doc. Nos. 7225 & 7264 (PMC's motions for the appointment of a curator/special master).

the arguments and authorities set forth in the non-Federal Defendants' opposition briefs and will not repeat them here. Instead, the United States will focus on additional reasons Plaintiffs cannot meet the requirements of Rule 23. Thus, assuming *arguendo* that the Court has the authority to certify an action under the FTCA as a class action, it would be especially inappropriate to do so in these cases given the nature of the classes proposed by the plaintiffs, which (solely with respect to the United States) are defined in a manner which renders class membership unascertainable without first conducting individualized determinations of whether each putative class member has adequately exhausted his or her administrative remedies. The plaintiffs also cannot meet the numerosity, typicality, or adequacy requirements with regard to the classes as defined with respect to the United States. Finally, even if class certification might otherwise be appropriate, certification should be denied with respect to the United States because the method prescribed by Congress for handling FTCA claims is far superior to allowing such claims to be prosecuted through class actions, which would create procedural nightmares and might well prejudice the rights of numerous individual claimants.

The burden is on the plaintiffs to demonstrate that their proposed class action satisfies all of the requirements for class certification under Rule 23. *Unger v. Amedisys*, 401 F.3d 316, 320 (5th Cir. 2005); *Castano v. Am Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). Before certifying a class, a district court must conduct a "rigorous analysis" of whether a proposed class action meets all of those Rule 23 requirements. *Steering Comm v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006); *Castano*, 84 F.3d at 740; *Gen'l Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

**1. The Class Definition is Unascertainable.** "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly

ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). "The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23." *John v. Nat'l Security Fire & Casualty Co.*, No. 07-30237, 2007 WL 2743633, at *1 (5th Cir. Sept. 21, 2007) (citing *DeBremaecker*). A court cannot certify a class if "an individualized inquiry is needed to determine membership," *Lienhart v. Dryvit Sys. Inc.*, 255 F.3d 138, 149 (4th Cir. 2001), and cannot conclude that the requirements of Rule 23 are satisfied with respect to a class of unknown membership. *See also Winokur v. Bell Fed. Sav. & Loan Ass'n*, 58 F.R.D. 178, 181 (N.D. Ill. 1972) (denying certification because it would be impossible without a hearing on the claim of each individual member to determine which depositors of defendant savings and loan associations are in fact members of the class); *Adashunas v. Negley*, 626 F.2d 600, 603-04 (7th Cir. 1980) (denying class certification because of "gargantuan task" of identifying members of proposed class; when the determination of class membership depends on individualized factors that will require individual hearings, the class is not objectively definable and may not be certified). Indeed, where, as here, certification of a Rule 23(b)(3) class is sought, ascertainment of class membership is essential so that each class member can be given the notice required by Rule 23(c)(2).

Here, as defined with respect to the United States, the proposed classes that the Levee and MRGO Plaintiffs seek to represent are not clearly ascertainable. Neither the Levee nor MRGO Plaintiffs allege that any members of the proposed classes they seek to represent have exhausted their administrative remedies under the FTCA, and they instead allege that compliance with the administrative exhaustion requirement should be excused pursuant to the futility doctrine. The Levee and MRGO Plaintiffs go on to allege that, with respect to the United States, the classes they seek to represent should include those individuals and entities who/which "have,

or by a date to be determined by the Court, will have fulfilled whatever administrative filing requirements this Court deems applicable in this matter." Rec. Doc. 7571 (Corrected Restated Levee Master Consol. Class Action Compl.) at ¶ 17; Rec. Doc. 3415 (MRGO Master Consol. Class Action Compl.) at ¶ 12.

Thus, membership in the class will be unascertainable without first determining what administrative filing requirements are applicable, and then conducting individualized determinations of whether each putative class member has adequately exhausted his or her administrative remedies. The Court therefore should not certify a class in this case because the members cannot be ascertained without an individualized examination of each claimant's administrative claim to determine whether that claimant has adequately exhausted his or her administrative remedies and has done so before an action was instituted on his or her behalf. Considering the individualized inquiries that will be needed before determining who is a member of any class certified against the United States, a class action is not the superior means of adjudicating the consolidated cases within the meaning of Rule 23(b)(3).[5] *See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 448-49, 351 (S.D.N.Y. 2002) (considering difficulties of ascertaining class membership in finding class action not manageable and not superior).

---

[5] The individualized determinations that will be required go beyond looking to see when a claimant first filed an administrative claim. Some examples of additional determinations that will need to be made include the following: Did the claimant file an amended claim? If so, the time a claimant must wait to exhaust his or her administrative remedies runs from the date of the amended claim. *See Keen Corp. v. United States*, 700 F.2d 836, 840 n.5 (2d Cir. 1983) (amended administrative claim supersedes original administrative claim). Does the administrative claim seek property damages for property not owned by the claimant? If so, the claim is invalid. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (proper claimant for real property damage was owner of property at time of injury; thus, administrative claim presented by third party failed to satisfy FTCA's notice of claim provision). Does the administrative claim provide sufficient facts to allow the claim to be investigated? If not, it is insufficient. *See Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992) (affirming dismissal of case for failure to provide sufficient facts). Does the administrative claim include a sum certain and quantify all claimed damages? If not, the claim is invalid. *See Montoya v. United States*, 841 F.2d 102, 105 (5th Cir. 1988) (notice requirement not met when administrative claim did not contain dollar sum for minor children and did not quantify amount for claimant's own personal injury claim); *Wardsworth v. United States*, 721 F.2d 503, 505-506 (5th Cir. 1983) (affirming dismissal of case for failure to provide sum certain).

**2. The Plaintiffs Cannot Meet the Numerosity Requirement.**  Nor can Plaintiffs demonstrate that they have met the numerosity requirement with regard to the classes as defined with respect to the United States.   The plaintiffs argue that the numerosity requirement has been met, citing the over 325,000 administrative claims the Army Corps of Engineers has received as an example of the numerous class members in this litigation.  Rec. Doc. 7489 at 9.  As was discussed above, however, determining who is actually included in any class certified against the United States will require an individual analysis of each administrative claim to determine whether the proposed class member has complied with § 2675(a).

A mere allegation without more that the class is too numerous to make joinder practicable is insufficient.  "To satisfy the numerosity prong, 'a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.'"  *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (*quoting Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981).  There must be a factual basis for determining whether the numerosity requirement has been met.  *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 833 (5th Cir. 1983).  "The mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient to meet [the numerosity] prerequisite."  *Id.*

In this case, it is likely that very few, *if any*, members of the class have satisfied the requirements of § 2675(a) such that they could be members of a class against the United States.  The court must look to the date on which the action was commenced to determine whether the proposed class members have satisfied the jurisdictional prerequisites of § 2675(a).  *Reynolds v. United States*, 478 F.2d 291, (5th Cir. 1984) ("[Section 2675(a)] requires that jurisdiction must exist at the time the complaint is filed.").  If, on that date, a proposed class member has not exhausted his administrative remedies, then his suit is premature and must be dismissed.  *See*

*McNeil v. United States*, 508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). The passage of time cannot cure the jurisdictional defect resulting from the premature commencement of an action. *Price v. United States*, 69 F.3d 45, 54 (5th Cir. 1995) ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed."). The only way to cure the jurisdictional defect is to file a new suit. *McNeil v. United States*, 964 F.2d 647, 649 (7th Cir. 1992).

The filing of a class action complaint commences the action for all members of the class subsequently determined. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550 (1974). According to Plaintiffs' own allegations, the Master Complaints are not ordinary complaints. Instead, Plaintiffs allege that the Master Complaints "shall not be given the same effect as an ordinary Complaint, but shall only be considered as an administrative device to aid efficiency and judicial economy." Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 2; Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at unnumbered ¶, p. 2 (both Master Complaints citing *In re Propulsid Products Liability*, 208 F.R.D. 133 (E.D. La. 2002). Plaintiffs allege that the Master Complaints "[do] not merge the [earlier filed class actions] into a single cause nor [do they] alter the rights of any party in any respect." Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 2; Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at unnumbered ¶, p. 2. Rather, the purpose of the Master Complaints is to "incorporate[] all parties to the class action proceedings consolidated or cumulated before this Court, including those named in any and all subsequently filed class actions which are later transferred to this Court." Rec. Doc. No. 7571 (Corrected Restated Levee Master Consol. Class Action Complaint) at ¶ 2;

Rec. Doc. No. 3415 (MRGO Master Consol. Class Action Complaint) at unnumbered paragraph ¶, at p. 2.

Moreover, the plaintiffs did not treat the Master Complaints as ordinary complaints. They did not effect service of the Master Complaints on the United States pursuant to Federal Rule of Civil Procedure 4. They do not contend that the filing date of the Master Complaints is the date that the Court must use to determine whether they have exhausted their administrative remedies. *See* Plaintiffs' class definitions, defining the class members for both the Levee and MRGO classes as "[a]ll individuals and entities . . . who/which, as to the defendant Corps only, have – or, by a date to be determined by the Court, will have – fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter." Rec. Doc. 7489 at 6.

Instead, in determining whether each member of the putative class exhausted his or her administrative remedies before an action was instituted, the Court must look to the earlier-filed class actions. *See In re Propulsid Products Liability*, 208 FRD at 141-42 (master complaint is merely a procedural device to aid efficiency and should not be given same effect as an ordinary complaint; "the Court looks to the specific action brought before the Court for class certification . . . to determine which state's choice of law rules apply"). When faced with two or more related and overlapping federal cases, federal courts typically apply the first-in-time rule and defer to the action that was filed first. *See, e.g., Gulf Maritime Ass'n v. ILA Deep Seal Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) (holding that district court should have heeded the first-filed rule in deference to the earlier filed case); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) (applying the first-filed rule and deferring to earlier filed class action); *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (first-filed class action had priority).

The earliest-filed class actions in the consolidated litigation were instituted just a few weeks after Hurricane Katrina. At the time those class actions were initiated, no member of the class could have exhausted his administrative remedies. Depending on which of the earlier-filed putative class actions this court must look to, few, if any, of the potential class members can be part of a class certified against the United States.

3. **The Plaintiffs Cannot Meet the Typicality and Adequacy Requirements.** As is demonstrated in the Joint Memoranda in Opposition to Plaintiffs' Motions for Class Certification filed by the non-Federal Defendants, the plaintiffs cannot meet the typicality and adequacy requirements of Rule 23(a). Any claim by the plaintiffs that typicality and adequacy have been established is further attenuated with respect to the United States because the class representatives here are purporting to represent unnamed class members who have not exhausted their administrative remedies and over whom the Court will lack jurisdiction. Thus, the class representatives, whom plaintiffs have alleged have exhausted their administrative remedies, are differently situated from the unnamed class members. The named class representatives will not have claims or defenses typical of the claims or defenses of the rest of the class as is required by Fed. R. Civ. P. 23(a)(3). *See Merrill v. S. Methodist Univ.,* 806 F.2d 600, 608 (5th Cir. 1986) (no typicality when named plaintiff who proved his own claim would not necessarily have proved anybody else's claim). In addition, they will not possess the same interests as unnamed class members who have not exhausted their administrative remedies and, therefore, cannot adequately represent the interests of the unnamed plaintiffs as is required by Fed. R. Civ. P. 23(a)(4). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-626 (1997) (class representative must be part of the class and possess the same interest and suffer the same injury as the class members to adequately represent them).

**4. The Plaintiffs Cannot Meet the Superiority Requirement.** Plaintiffs also cannot
meet the superiority requirement. In order to certify a class pursuant to Rule 23(b)(3), the Court
must determine that: the questions of law or fact common to the members of the class
predominate over any remaining questions affecting only individual members, and that class a
class action is superior to other available methods for the fair and efficient adjudication of the
controversy. Fed. R. Civ. P. 23(b)(3). The superiority requirement obliges the court to consider
the "whole range of practical problems that may render the class action format inappropriate" for
the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974).

A class certified in these cases will be unmanageable. In addition to the individualized
determinations that must be made to determine membership in a class against the United States,
several other factors will create extreme management difficulties. The United States will have
defenses that are unique to it that the other defendants in these cases do not have. *See e.g.,
Richards v. United States*, 369 U.S. 1, 13 n. 28 (1962) (detailing instances in which the liability
of the United States is not coextensive with that of a private person under state law). For
example, the United States has its own period of limitations under the FTCA. 28 U.S.C. §§
2401(b) & 2675(a). The United States also will have certain immunity defenses, such as the
Flood Control Act (33 U.S.C. § 702c) and the FTCA's due care and discretionary function
exceptions (both codified at 28 U.S.C. § 2680(a)), that are not available to all other defendants.
The United States is not subject to liability without fault. *Laird v. Nelms*, 406 U.S. 797, 799
(1972); *Dalheite v. United States*, 346 U.S. 15, 44-45 (1953). The United States also may be
entitled to a setoff for certain federal relief funds distributed to class members. Since the United
States is an alleged tortfeasor, these benefits would not be collateral sources. *Overton v. United
States*, 619 F.2d 1299, 1308 (8th Cir. 1980).

A class certified against the United States also will require the Court to engage in a complicated choice of law analysis. The FTCA waives sovereign immunity and grants district courts jurisdiction over tort claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The "law of the place where the act or omission occurred" is the "whole law" of the state where the act or omission occurred, including that state's choice of law rules." *Richards*, 369 U.S. at 11. The court must look to the whole law of the place where the alleged acts of negligence took place, not where the negligence had its operative effect. *Id.* at 10. In this case, the plaintiffs have made various allegations of negligence against the United States, including that it negligently issued dredging permits, and that it negligently designed and constructed levees and floodwalls, that it negligently designed and constructed the MRGO, and that it violated Congressional mandates and federal regulations. Many of these alleged "acts of negligence" involve decisions that were made outside of the State of Louisiana, even if the operative effect of the decisions were felt in New Orleans. For example, some of the decisions were likely made at the Corps' Headquarters in Washington, D.C.; some were likely made at the Corps' Lower Mississippi River Valley Division in Vicksburg, Mississippi. With negligence allegations as broad and varied as those made by the plaintiffs, the court may be required to look to the law of many different states in its liability analysis. Complex choice of law issues strongly weigh against a finding of predominance. *See Castano v. American Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996) ("variations in state law may swamp any common issues and defeat predominance"); *accord, Stirman v. Exxon Corp.*, 280 F.3d 554 (5th Cir. 2002).

The fact that all or many of the proposed class members' actions are premature presents a problem that may prejudice the rights of numerous individual claimants. If this Court certifies a class, and the Corps of Engineers thereafter denies the claims to protect itself from additional lawsuits, the claimants could be severely prejudiced if this Court's decision to certify is overturned on appeal. Once the agency denies a claim, a claimant must bring suit within six months or his claim is forever barred. 28 U.S.C. § 2401(b). Since the class members' suits were premature (*see* discussion *infra* pp. 18-21), *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), which was premised on the class action complaint having been timely filed, would not control as to the tolling effect of the filing of the premature class action. Instead, *McNeil v. United States*, 508 U.S. 106 (1993), controls. In *McNeil*, the plaintiff filed a premature suit, then presented an administrative claim which was denied by the agency during the pendency of his prematurely filed suit. He then failed to file a new suit within six months of the denial of the administrative claim. As a result, his suit was forever barred. *Id.* If this Court certifies a class and the agency then denies claimants' administrative claims, the proposed class members could find themselves in the unfortunate position of having to rush into court and file individual suits to make certain that their rights are protected.

Instead of certifying a class action, the superior method of handling these cases is the method prescribed by Congress for handling FTCA cases. Although an FTCA claimant may treat an agency's failure to act as a final decision, he is not obliged to do so, and the statute of limitations for filing a district court action under 28 U.S.C. § 2401(b) does not begin to run until an administrative claim is denied by the agency. *See McCallister v. United States*, 925 F.2d 841, 844 (5th Cir. 1991). In these cases, those claimants who wish to enter court and sue the United States may do so. Those who wish to leave their administrative claims pending and await the

outcome of other cases which, for example, may determine whether the United States will have

immunity under the Flood Control Act, may do so while preserving their right to sue. *See, e.g.,*

*Birnbaum v. United States*, 436 F. Supp. 967, 986 (D.C.N.Y. 1977), *aff'd in part, rev'd in part*

*on a different issue*, 588 F.2d 319 (2d Cir. 1978) (If the court of appeals upholds liability

judgment against the United States in these individual cases and the agency begins settling cases

administratively, "no further cases in this court . . . would be anticipated."). Since certifying a

class action against the United States might prejudice the rights of numerous individuals, the

claimants in these cases have a strong interest in controlling their own actions. *See* Fed. R. Civ.

P. 23(b)(3)(A). The method prescribed by Congress for handling administrative claims under the

FTCA would allow claimants to control their own actions and protect their rights.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion should be denied.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General
C. FREDERICK BECKNER III
Deputy Assistant Attorney General
PHYLLIS J. PYLES
Director, Torts Branch
JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

s/ TRACI L. COLQUETTE
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 305-7536/ (202) 616-5200 (FAX)
Dated: October 9, 2007.          Attorneys for the United States

25

## CERTIFICATE OF SERVICE

I, Traci L. Colquette, hereby certify that on October 9, 2007, I served a true copy of the Defendant United States' Memorandum in Opposition To Levee and MRGO Plaintiffs' Motions for Class Certification upon all parties by ECF.

                    s/ Traci L. Colquette
                    TRACI L. COLQUETTE