# App. Tab 18

**EXPERT/CONSULTING REPORT OF**
**Michael W. Truax, MAI**
**Regarding Various Property Valuation and**
**Damage Assessment Issues As A Result**
**Of Flooding Associated with Hurricane Katrina**


**August 28, 2007**

## EXECUTIVE SUMMARY OF CONSULTING REPORT -
## SALIENT FACTS AND CONCLUSIONS

**Client:** Washington Group International, Inc. and MRGO Defendants in Katrina Canal Breaches Consolidated Litigation (Civil Action No.: 05-4182, Section "K", U.S. District Court, Eastern District of Louisiana).

**Intended Users of Report:** This consulting report and the opinions/findings presented are for the exclusive use of client(s) and their designees, particularly the U.S. District Court, Eastern District of Louisiana.

**Intended Use of Report:** This consulting report is intended for use by the client and other authorized parties to assist in resolving matters at issue in the Katrina Canal Breaches Consolidated Litigation (Civil Action No.: 05-4182, Section "K", U.S. District Court, Eastern District of Louisiana).

**Effective Date of Conclusions:** August 28, 2007

**Scope of the Assignment:** The consultant has been asked to opine regarding the following issues as they relate to the merits of class certification in the Katrina Canal Breaches Consolidated Litigation (Civil Action No.: 05-4182, Section "K", U.S. District Court, Eastern District of Louisiana).

I.   Appropriate analysis methodology and relevant property issues/factors to be considered to provide accurate/reliable value and damage estimates for proposed class properties.

II.  Efficacy and reliability of mass appraisal techniques for use in determining value and damage estimates for proposed class properties.

III. Reliability of local tax assessment data and values for use in determining value and damage estimates for proposed class properties.

IV.  Adequacy or inadequacy of properties of the named plaintiffs as proposed class representatives.

## EXECUTIVE SUMMARY OF CONSULTING REPORT -
## SALIENT FACTS AND CONCLUSIONS
## (Continued)

**Summary of Conclusions:**

    **I.**    Individual/detailed property analysis and evaluation are necessary to produce accurate/ credible value and damage estimates for properties in the proposed class.

    **II.**    The use of mass appraisal techniques to assess value and damage estimates for properties in the proposed class will not produce accurate/ credible results.

    **III.**    Local tax assessment data and values cannot reliably be utilized to project value and damage estimates for properties in the proposed class.

    **IV.**    The properties of named plaintiffs are not broadly representative of those in the proposed class.

**Consultant:**    Michael W. Truax, MAI

**Compensation:**    My appraisal and consultation fee is $250.00 per hour. My rate for deposition and/or trial testimony is $375.00 per hour.

## CERTIFICATIONS, RESTRICTION UPON DISCLOSURE AND USE, ETC.

### I. Certifications

The undersigned does hereby certify that to the best of his/their knowledge and belief, and except as otherwise noted in this report:

**A.**   The statements of fact contained in this report are true and correct; however, no responsibility is assumed for the accuracy of such information as survey, title information, measurements, and other information such as comparable and other data furnished by others.

**B.**   The reported analyses, opinions and conclusions are limited only by the reported assumptions, limiting conditions and are my/our personal, unbiased professional analyses, opinions and conclusions.

**C.**   The consultant/appraiser has the training, knowledge, and experience to complete the consulting assignment competently and/or has taken all steps necessary (as disclosed herein where appropriate) to complete the assignment competently.

**D.**   This consulting report is not based upon my developing or reporting a predetermined result.

**E.**   Both the consultant and this company do not have any present or prospective interest in the property that is the subject of this report, and he/they do not have any personal interest or bias with respect to the parties involved.

**F.**   My compensation is not contingent upon the reporting of a predetermined conclusion that favors the cause of the client, the attainment of a stipulated result, or the occurrence of a subsequent event.

**G.**   The analyses, opinions and conclusions are those of the undersigned and were developed and prepared in conformity with the requirements of the Code of Professional Ethics and Standards of Professional Practice of the Appraisal Institute and the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation.

**H.**   The use of this report is subject to the requirements of the Appraisal Institute relating to review by their duly authorized representatives.

**I.**   No one, other than those specifically cited herein, provided significant assistance to the person signing this certification (see *Professional Assistance* under Part III of the **Certifications, Restriction Upon Disclosure and Use, Etc.**).

**J.**   I have made a personal inspection of the properties put forth as class representatives.

**K.**   Michael W. Truax is currently a Louisiana State Certified General Real Estate Appraiser (Certificate No. 96) and is also certified under the mandatory continuing education program of the Appraisal Institute.

## CERTIFICATIONS, RESTRICTION UPON DISCLOSURE AND USE, ETC.
### (Continued)

**II.   Restriction Upon Disclosure and Use**

Disclosure of the contents of this consulting report is governed by the By-Laws and Regulations of the Appraisal Institute.

This consulting report is prepared for the sole and exclusive use of the consultant's client, as specifically cited herein. No third parties are authorized to rely upon this report without the express written consent of the consultant.

Neither all nor any part of the contents of this report (especially any conclusions, the identity of the consultant or the firm with which he is connected, or any reference to the Appraisal Institute or to the MAI or SRA designation) shall be disseminated to the public through advertising media, public relations media, news media, sales media or any other public means of communication without the prior written consent and approval of the undersigned.

**III.   Professional Assistance**

The names of those who provided substantial assistance to the consultant are listed below.

None

**IV.   Special Certifications, Assumptions and Limiting Conditions**

None

_____     August 28, 2007
Michael W. Truax, MAI              Date
Louisiana State Certified General
Real Estate Appraiser (Certificate No. 96)

07-148                                                    - 4 -

# EXPERIENCE

I have received a Bachelor of Science in Engineering from Tulane University in 1976. For 27 years (1976 - 2002), I was employed by Max J. Derbes, Inc./Max J. Derbes Appraisers and Real Estate Consultants, Inc. as an appraiser and real estate consultant. From April 2002 until February 2005, I was a partner in Max J. Derbes Appraisers, LLC. In March 2005, I became a partner in Truax, Robles & Baldwin Appraisers, LLC, a position which I currently hold.

I am a Louisiana Certified General Real Estate Appraiser (License No. G0096) and a Michigan Certified General Appraiser (License No. 12-01-007975). I am a member of the Appraisal Institute and hold the designation of MAI (Member Number 7039). I am also a member of the Louisiana Realtors Association, National Association of Realtors and New Orleans Metropolitan Association of Realtors.

I am an approved fee appraiser for a number of Louisiana financial institutions, including but not limited to, Whitney National Bank, Eustis Mortgage, Fidelity Homestead, Omni Bank, Crescent Bank and Trust, Metairie Bank, First Bank and Trust, and Parish National Bank, as well as many national and regional banks, such as Capital One Bank and J.P. Morgan Chase Bank. A more complete listing of my qualifications and experience is set out in a summary attached as Exhibit "A".

I have been accepted as an expert in the field of real estate valuation by the United States District Court for the Eastern District of Louisiana, the United States Bankruptcy Court for the Eastern District of Louisiana, the United States Bankruptcy Court for the Western District of Louisiana and Louisiana Sate Courts in Orleans, St. Bernard, Jefferson, Tangipahoa, Lafourche and St. Tammany Parishes. My testimonial experience is summarized in attached Exhibit "B".

In my thirty plus year career as a real estate appraiser and consultant, I have appraised thousands of properties in Orleans, St. Bernard and Jefferson Parishes, including single and multi-family residential properties and all varieties of commercial and industrial projects. I have acted as a developer with respect to property located in New Orleans (condominium conversion). As a real estate broker, I have assisted clients in the sale and purchase of real estate in the Greater New Orleans area.

As a result of my professional experience, I am very familiar with real estate in Metropolitan New Orleans, particularly Orleans and St. Bernard Parishes. Furthermore, I have appraised approximately 400 properties in the Greater New Orleans area since Hurricane Katrina, including single and multi-family homes and commercial/industrial establishments, many of which having sustained some wind, rain and flood damage due to events associated with Hurricane Katrina. I also inspected ±100 homes immediately after Hurricane Katrina in an effort to determine the improvement damage caused by wind, rain and flooding associated with said storm, and estimate certain costs of repair.

## EXPERIENCE
### (Continued)

As a result of my professional experience, I am broadly familiar with market circumstances which affect the Greater New Orleans area, both "before" and "after" Hurricane Katrina.

On the 18th and 19th of June of 2007, I inspected the four homes of the named plaintiffs, which are listed below:

| Sub-Class | Class Representative | Property Address |
|---|---|---|
| Lower 9th Ward and St. Bernard | Mr. Kenneth Paul Armstrong and Mrs. Jeanine B. Armstrong | 4016 Hamlet Place Chalmette, Louisiana |
| Lower 9th Ward and St. Bernard | Ms. Ethel Mae Coats | 1020-22 Charbonnet Street New Orleans, Louisiana |
| New Orleans East | Mr. Henry Davis | 7650 Morel Street New Orleans, Louisiana |
| New Orleans East | Ms. Glynn Wade | 4719 Bundy Road New Orleans, Louisiana |

(Please see Photographs of the above properties and the vicinity taken by me and a professional photographer, which are attached as *Exhibit "D"* and accurately depict what is shown).

## SCOPE OF THE ASSIGNMENT

I have been asked to opine on the appropriate appraisal methodology to be employed to assess value and damage issues for properties located in the proposed class area(s) defined herein, and identify the varied characteristics and issues that must be taken into account in order to conduct proper appraisals.

I have further been asked to comment on the efficacy and reliability of mass appraisal techniques for use and application in properly determining property values and assessing damages associated with Hurricane Katrina events for properties in the proposed class area(s).

I have also been asked to offer an opinion as to the reliability of tax assessment data and values, as promulgated by local assessors for properties in the class area(s) at issue, for use in application of mass appraisal techniques to fairly/properly establish individual property values and damages, the latter associated with Hurricane Katrina events which affected properties in the class area(s).

Based upon my experience and knowledge regarding property in the class area(s), I also offer an opinion as to whether the properties of the named plaintiffs, as previously identified and each having been inspected by me, are representative of all properties in the class area(s).

I may also comment on the opinions of plaintiffs' experts, as it relates to any of the topics addressed herein.

## CLASS DESCRIPTION

I have read the MRGO class complaint and Amended Motion for Class Certification and understand that the proposed class and/or sub-classes is/are comprised of New Orleans East, the Lower Ninth Ward and St. Bernard Parish.  The Complaint and Amended Motion for Class Certification define these areas geographically as follows:

*The New Orleans East Sub-Class* - That portion of Orleans Parish, Louisiana lying to the East of the IHNC/Industrial Canal and North of the GIWW/Intracoastal Waterway.

*The Lower Ninth Ward and St. Bernard Sub-Class* - All of the Parish of St. Bernard, Louisiana, as well as the Lower Ninth Ward of the Parish of Orleans (that is, the portion of Orleans Parish lying to the East of IHNC/Industrial Canal, and to the South of the Gulf Intracoastal Waterway/MRGO).

New Orleans East encompasses approximately 50,000 acres and was principally developed after World War II.  The 2000 Census reflected that approximately 96,000 people lived in New Orleans East at that time in approximately 34,000 households. As of August 2005, New Orleans East had single family residences, Section 8 housing and other multi-tenant residences, numerous apartment complexes and commercial establishments, such as Lakefront Airport, The Plaza Shopping Mall, Pendleton Methodist Hospital and Six Flags Theme Park and industrial sites including the NASA Michoud Assembly Plant.  It also included Bayou Sauvage National Refuge. I am personally familiar with the scope, range and diversity of property and structures within this area.

The Lower Ninth Ward contains approximately 1,400 acres, the development of which dates back to before the last century.  The 2000 Census reflected that approximately 20,000 people lived in the Lower Ninth Ward at that time in approximately 7,000 households.  As of August 2005, it included single family residences, multi-family homes, Jackson Barracks (a National Guard Armory), commercial establishments, industrial facilities and numerous historically significant homes within the historic district known as Holy Cross Neighborhood.  I am personally familiar with the scope, range and diversity of property and structures within the area.

St. Bernard contains approximately 300,000 acres (land areas only), parts of the development of which also date back to the Nineteenth Century, but which has seen its greatest growth in the past 50 years.  The 2000 Census reflected that approximately 67,000 people lived in the Parish at that time in approximately 25,000 households. In August 2005, the parish had single family residences, apartment complexes, strip shopping centers and other commercial establishments including Chalmette General Hospital, commercial marinas (i.e., Gulf Outlet Marina at Bayou Bienvenue) and industrial sites such as Murphy Oil and Exxon Mobile Refineries.  The Chalmette Battlefield, the site of the Battle of New Orleans in 1815 and now a part of the National Parks System, is also located in St. Bernard Parish.  I am personally familiar with the scope, range and diversity of property and structures within this area.

## PROPER APPRAISAL METHODOLOGY -
## PROPERTY VALUE AND DAMAGE ESTIMATES

In order to properly estimate individual property values and/or damages associated with a particular event, such as flooding, wind and rain damage caused by Hurricane Katrina, all factors which impact such determinations must be considered, many of which or the combination of same will be unique to the property being evaluated; these factors can vary tremendously from property to property.  Those factors, which at a minimum must be considered, include the following:

- Property type (single family, multi-family, commercial, institutional or industrial)

- Property location (logistics, character/status of neighborhood, etc.)

- Physical characteristics of property (lot size/configuration, lot elevation, improvement elevation, improvement features, etc.)

- Legal restrictions (zoning)

- Age of property improvements

- Condition of property improvements

- Functionality of property improvements

- Regional, community and neighborhood conditions/characteristics (trends, demographics, amenities, etc.)

- Highest and best use of property

- Competitive market conditions

The above factors, and any others that might bear upon a reasonable determination of property value or damage associated with a catastrophic event such as Hurricane Katrina, must be considered for each particular property.  The logic/reasoning associated with the need for the particular consideration of such in relation to the property being evaluated is grounded in market phenomenon - those prudent market participants buying/selling property in the marketplace will consider, at a minimum, all of the above factors as they relate to the property particularly being considered.

## PROPER APPRAISAL METHODOLOGY -
## PROPERTY VALUE AND DAMAGE ESTIMATES
## (Continued)

Two properties which may at first seem to be quite similar, being broadly located in the same neighborhood (even in the same block) and of the same type/use (i.e., single family residential), may have entirely different values and experience significantly different damages from an event such as Hurricane Katrina, which impacted the class areas at issue herein; this can be the case even when basic property parameters (lot size, improvement size, etc.) are similar.

To illustrate the point please review the following example for two hypothetical properties; these properties are assumed to be adjoining (same neighborhood/same street) and their improvements are developed on identically sized lots (±50′ x 120′) and have the same living area (±1,800 square feet) and other property amenities (parking, fencing, etc.); however, the following property parameters differ.

|  | **Property I** | **Property II** |
|---|---|---|
| **Age** | 3 years | 40 years |
| **Bedrooms/Baths** | 3/2 | 4/2.5 |
| **Stories** | 1 | 2 |
| **Base Construction** | Brick Veneer on Concrete Slab (+1′ above ground elevation) | Wood Lap Siding on Piers (+4′ above ground elevation) |
| **Interior Ceiling Height** | 8′ | 12′ |
| **Overall Property Condition** | Good | Fair |

While the base lot and improvement sizes, locational characteristics, etc. of these two properties are identical, the differences noted above, which represent but a few of the property characteristic variations possible, would likely lead to very different value indications for these properties.

Each of the above characteristics, and a host of others not cited in this example, can influence a property's market value to some degree and have interactive effects with each other.  Not all characteristics impact all properties' values to the same degree. An appraisal of a particular property can and must take into account the interplay of the various characteristics of the property to properly estimate its market value.

## PROPER APPRAISAL METHODOLOGY -
## PROPERTY VALUE AND DAMAGE ESTIMATES
## (Continued)

Now, let us also assume the neighborhood where these properties are located was impacted by Hurricane Katrina with flooding to 3′ above ground elevation occurring; the physical property damages associated with the flood event incurred by Property I would be significant, while that of Property II would potentially be very limited.

While the above example has focused upon the potential for physical damage, and/or lack thereof, such constitutes only one element that would prudently be considered in any estimate of a property owner's potential damage.  Some properties in the class, even where flooding occurred, may have experienced some economic benefit as a consequence of "Post" Katrina circumstances.  I am aware of a case regarding a gasoline station/convenience store facility in the Greater New Orleans area where substantial flooding occurred, which has demonstrated dramatically increased sales volumes "Post" Katrina as compared to that achieved previously; this type of phenomenon further demonstrates the necessity of analyzing every property on an individual basis.

Any analysis of property value and/or damages associated with Hurricane Katrina must appropriately take into account all of the varied characteristics which intrinsically affect any value or damage estimate.  The particular  and individual property circumstances and characteristics must be considered to produce valid value or damage estimates.

An accurate appraisal requires an individual assessment of a particular property's various characteristics that can influence its market value.  Any appraisal that fails to take into account all of a property's particular physical characteristics and all relevant external (neighborhood, etc.) factors which affect same, will not accurately reflect value and/or damage estimates for the property.  The individual circumstances of a property must be fully known, analyzed and considered, both on a macro (i.e., neighborhood) and micro (i.e., type/condition of adjoining properties) level, to produce reasonable/creditable value and/or damage estimate results.

## APPLICABILITY/RELIABILITY OF MASS APPRAISAL TECHNIQUES TO DETERMINE PROPERTY VALUES AND/OR DAMAGES

The overwhelming majority of all properties located in the class area are "second generation" properties; that is, they did not constitute new construction, with reasonably uniform physical characteristics and construction as of the time of any impact from Hurricane Katrina's winds, rain and floods.  By way of example, the four class representative properties inspected ranged in age from ±80 years to ±25 years. Indeed, the chronological age of structures in the MRGO class broadly range from the Nineteenth Century into the Twenty-First Century.  Moreover, within the class, there is great diversity in property class/type; same include single family residential, multi-family residential, commercial, institutional and industrial; for each of these property types/classes, both improved and vacant land properties exist.  Further, within these broad classes/types of properties are a myriad of "sub-types"; for example, within the single-family residential category are properties improved with detached/freestanding dwellings, attached townhome structures and condominium units in multi-unit complexes.  Similarly, commercial properties can include retail projects (shopping centers, grocery stores, etc.), service projects (gasoline stations, auto repair facilities, etc.) and office developments.

The diversity of property types and the varied nature of individual properties and their construction/use, as developed within the broad property type categories (residential, commercial, etc.), is well demonstrated in the class area evaluated.  A study was particularly conducted in the immediate vicinity of one of the named plaintiff's properties to demonstrate such (please see *Photographs/Exhibit "C"*, which accurately depict what is shown, for visual illustration); the property uses and various characteristics, the latter as would potentially be relevant in any damage estimate as a result of Katrina flooding, observed for those properties located in the "square" or block in which 1020-22 Charbonnet is located and those "squares" or blocks that adjoin (total of nine "squares") were cataloged, with the following results for the approximately 102 properties/economic units discovered being indicated.

**Property Use/Type**
| | |
|---|---|
| SFR | 33% |
| Multi-Family[1] | 40% |
| Commercial/Industrial | 16% |
| Institutional[2] | 7% |
| Vacant Land | 4% |

**Property Characteristics[3]**
**Occupancy**
| | |
|---|---|
| Occupied | 20% |
| Vacant | 80% |

## APPLICABILITY/RELIABILITY OF MASS APPRAISAL TECHNIQUES
## TO DETERMINE PROPERTY VALUES AND/OR DAMAGES
## (Continued)

**Stories**

| | |
|---|---|
| 1 | 86% |
| 1.5 - 2 | 14% |

**Foundation**

| | |
|---|---|
| Slab | 28% |
| Raised/Pier | 72% |

| | |
|---|---|
| **Evidence of Wind Damage** | 89% |

**(1)** Two units or greater
**(2)** Churches, Schools, Etc.
**(3)** Based upon improved property inventory only (97)

Because of the rich diversity of property types/construction/circumstances and the need to capture the individual characteristics of a particular property to properly determine value and/or damages, mass appraisal techniques could not reliably be employed. Moreover, it is not possible to predict with any degree of certainty the effect of a flood on any one property's value through the use of mass appraisal techniques. The impact of flood on any one property is individual, and can be affected by many factors, including the property's precise location; the condition of the property at the time of the event; the base elevation of the lot and that of the improvement above the ground; the elevation and contours of surrounding lands; the extent to which the property itself has been repaired; and the extent of repair, rebuilding, repopulation and demolition of abandoned property in the immediate vicinity and adjacent areas. Such considerations can only be addressed through individual property study and I am not aware of any possible mass appraisal technique which could be applied to produce fair/equitable damage estimates when so many variables are present.

## RELIABILITY OF PROPERTY TAX
## ASSESSMENT DATA AND/OR VALUES

In many instances, over the course of my 30-year appraisal career, I have researched the assessed values of properties in both Orleans and St. Bernard Parishes. In the vast majority of the cases, it was my experience that the assessed values were wholly inconsistent with the market value of the property; this finding was generally established through comparison of a property's assessed value with its actual sale price, the latter being established at arms-length between buyer and seller, and also through a comparison of my value conclusion for an appraised property with the assessed value.

I am aware of no local appraiser or lending institution who rely upon assessed values as a meaningful indicator of property market value. The property assessment processes in Orleans and St. Bernard Parishes have historically proven to be very political and inconsistent. The flawed assessment practices in Orleans Parish have recently been clearly exposed as a consequence of the on-going state mandated reassessment of all properties for Tax Year 2008; print and television media stories regarding dramatic value changes have been routine in the last ±30 days, as 2008 reassessments have been reported publicly. I am personally aware of several instances in Orleans Parish where a 2007 property assessment, which was clearly far too low, was drastically increased for 2008 to a value level that appears well beyond market value; the failings of this system apparently are on-going.

Based upon my experience and knowledge regarding assessment practices in Orleans and St. Bernard Parishes, I would not consider it reasonable to rely on assessment record property data and/or values to formulate property market value opinions.

## CLASS REPRESENTATION BY PROPERTIES OF NAMED PLAINTIFFS

Four properties were offered as being representative of the class; same were previously identified herein and all were inspected by me on June 18/19, 2007; brief descriptions of same are as follows:

### 1020-22 Charbonnet Street, New Orleans, Louisiana

| | |
|---|---|
| **Owner:** | Ms. Ethel Mae Coats |
| **Legal Description:** | Lot 3, Square 33, Third District, Orleans Parish, Louisiana |
| **Lot Size:** | 41′ x 108′3″ |
| **Improvement Description:** | The primary improvement constitutes a one-story, single family residence on a raised (on concrete piers), wood frame deck containing 1,410 square feet of living area, with four bedrooms and two baths; the majority of the dwelling was likely constructed in the early 1900's, though there were two subsequent additions; it appears to have been a double that was converted to a single-family residence; at the time of inspection the property had been "gutted" (all interior "finishes" removed), after reportedly being damaged by Hurricane Katrina. |

### 4016 Hamlet Street Chalmette, Louisiana

| | |
|---|---|
| **Owner:** | Mr. and Mrs. Kenneth Paul Armstrong, Sr. |
| **Legal Description:** | Buccaneer Villa North (Section #2) Subdivision, Square 23, Lot 724, St. Bernard Parish, Louisiana |
| **Lot Size:** | 50′ x 100′ |
| **Improvement Description:** | The primary improvement had been demolished to the slab prior to inspection. However, based upon analysis of the slab/foundation footprint, etc., it appears the primary improvement constituted a one-story, single family residence containing ±1,603 square feet of living area with three bedrooms and two baths; an area which had originally been a single/enclosed garage containing ±314 square feet may have been "finished". The improvement was wood frame construction with a brick veneer exterior and was probably constructed in the 1980's. The property was reportedly damaged as a consequence of Hurricane Katrina. |

## CLASS REPRESENTATION BY PROPERTIES OF NAMED PLAINTIFFS
### (Continued)

### 4719 Bundy Road, New Orleans, Louisiana

| | |
|---|---|
| **Owner:** | Mr. and Mrs. Adolf Wade, Sr. |
| **Legal Description:** | Lot 158, Square 7, Third District, Evangeline Oaks (Section C) Subdivision, Orleans Parish, Louisiana |
| **Lot Size:** | 60′ x 91′ |
| **Improvement Description:** | This property is primarily improved with a one-story, single family residence of masonry (brick veneer exterior) and wood frame (structural elements) construction containing ±1,506 square feet of living area with three bedrooms and two baths; the majority of the improvement was probably constructed in the 1970's, with an addition implemented subsequently.   At the time of inspection, the improvement had been completely repaired/remodeled subsequent to reportedly being damaged by Hurricane Katrina. |

### 7650 Morel Street, New Orleans, Louisiana

| | |
|---|---|
| **Owner:** | Mr. and Mrs. Henry E. Davis |
| **Legal Description:** | Lot 39, Square 2, Third District, Rue Bienvenu Subdivision, Orleans Parish, Louisiana |
| **Lot Size:** | 50′ x 90′ |
| **Improvement Description:** | The property is primarily improved with a one-story, single family residence of masonry (brick veneer exterior) and wood frame (structural elements) construction containing ±1,447 square feet of living area with three bedrooms and two baths; the improvement was likely constructed in the 1980's.   At the time of inspection, the improvement had been fully repaired/remodeled after reportedly being damaged by Hurricane Katrina. |

## CLASS REPRESENTATION BY PROPERTIES OF NAMED PLAINTIFFS
### (Continued)

The four properties put forth as being representative of the class are all improved with single family residences.  The class area(s), as described in other portions of this report, exhibits a wide variety of property types, including nearly all forms of single and multi-family residential, commercial, industrial and institutional development; further, both improved and vacant land parcels suitable for all the uses cited are in evidence.  The results from study of the nine "square" area ± centered by 1020 Charbonnet found that area, as developed, to be ±33% single-family, ±40% multi-family, 16% commercial/industrial, 7% institutional and 4% vacant; certainly this "mix" is not represented by the named plaintiff's properties.  Further, even within the context of only the single-family residential property class, the properties are not typical of substantial elements of even this group throughout the class area(s).

Photographs of varied properties found near the property of named plaintiff Ethel Coats at 1020 Charbonnet Street, which are attached as Exhibit "C", accurately and well illustrate the differences between and among the individual properties, with this tremendous variety evidenced through the study of only nine city squares.  The types of variances demonstrated through study of properties near and around 1020 Charbonnet Street confirm that no mass modeling technique could accurately or fairly be employed to determine the market value or property damage for the tens of thousands of separate properties reportedly contained within the proposed class area(s).

**EXHIBIT "A"**

## QUALIFICATIONS OF MICHAEL W. TRUAX, MAI

### Base Education

Bachelor of Science, Engineering, Tulane University                                    1976

Appraisal Institute - Sponsored Courses Completed:
    Course IA - Basic Appraisal Principles, Methods and Techniques     1974
    Course IB - Capitalization Theory and Technique                   1975
    Course II - Urban Properties                                      1977
    Course IV - Investment Analysis                                   1978
    Course 2-3/8-3 - Uniform Standards of Professional Appraisal Practice   1993*
        (*  Updated in 2006)
    Course 420 - Business Practices and Ethics                        2004

### *Seminars*
    Seminar on Statistical Analysis of Real Estate Market Decisions   1977
    Narrative Report Writing Seminar                                  1981
    FNMA Sponsored Condominium Seminar                                1981
    Syndication Seminar                                               1984
    R41B Seminar                                                      1986
    Hazardous Materials                                               1989
    Business Valuation                                                1990
    Appraisal Excellence                                              1990
    Appraiser's Legal Liability                                       1991
    Economic Outlook and Real Estate Market Forecast                  1991
    Argus Computer Seminar                                            1992
    Americans with Disabilities Act                                   1993
    Litigation and Liability                                          1994
    The Appraiser as an Expert Witness                                1995
    Internet and Appraising                                           1997
    Automated Valuation Models                                        1997
    Understanding and Using DCF Models                                1998
    Attacking and Defending an Appraisal in Litigation                1999
    Online Internet Search Strategies for Real Estate Appraisers      2001
    Introduction to GIS Application for Real Estate Appraisal          2001
    Appraiser Liability                                               2003
    Developing and Growing an Appraisal Practice                      2003
    Appraisal Trends                                                  2006
    Construction Details/Trends                                       2006
    Disclosures and Disclaimers                                       2006

### Business Experience

Realtor - Appraiser-Developer, Max J. Derbes, Inc./Max J. Derbes Appraisers and Real Estate Consultants, Inc.  (1976 - March 2002)
Partner in Max J. Derbes Appraisers, L.L.C. (April 2002 - February 2005)
Partner in Truax, Robles & Baldwin Appraisers, LLC (March 2005 - Present)

### Professional Associations

Appraisal Institute - MAI; Member No. 7039
Louisiana Certified General Real Estate Appraiser (No. G0096)
Michigan Certified General Appraiser (License #12-01-007975)

| | |
|---|---|
| Louisiana Realtors Association | New Orleans Metropolitan Associations |
| National Association of Realtors | of Realtors |

## QUALIFICATIONS OF MICHAEL W. TRUAX, MAI
### (Continued)

**Approved Fee Appraiser For:**

| | |
|---|---|
| American Commercial Capital | Hancock Bank |
| AmSouth Bank | HSBC Bank |
| AMI Capital, Inc. | J P Morgan Chase Bank |
| Bank of America | Jefferson Parish |
| Board of Commissioners of the | Iberia Bank |
|    Orleans Levee District | Interbay Funding |
| Capital Financial Resources | LaSalle Bank |
| Capital One Bank | Metairie Bank |
| Central Progressive Bank | Metlife Capital Corporation |
| CIBC-Oppenheimer | National Capital Funding Corporation |
| Collateral Mortgage Capital, LLC | National Realty Funding |
| Crescent Bank and Trust | Nations Bank/Bank of America |
| Eustis Mortgage | New South Federal Savings Bank |
| Federal Deposit Insurance Corporation | Omni Bank |
| Federal Home Loan Bank Board | Parish National Bank |
| Fidelity Homestead | Regions Bank |
| First Bank and Trust | Resolution Trust Corporation |
| First National Bank of St. Mary Parish | St. Mary Bank |
| First National Bank USA | Southern Pacific Bank |
| GE Capital | Sunlife Assurance of Canada |
| GMAC Commercial Mortgage Corporation | Textron Financial |
| Greater New Orleans Homestead | Whitney National Bank |
| Gulf Coast Bank and Trust | Your Bank |

**Partial List of Corporate/Institutional Clients**

| | |
|---|---|
| Archdiocese of New Orleans | Jefferson Parish School Board |
| BellSouth | Louisiana Gas Service Company |
| Board of Commissioners of the | Loyola University |
|    Port of New Orleans | Marathon Ashland Petroleum |
| BP America | McDonald's Corporation |
| Burger King | New Orleans Public Service (NOPSI) |
| Census Bureau | 19th Judicial District Court |
| Chevron Oil/Texaco | Norfolk Southern Railroad |
| City of New Orleans | Orleans Parish School Board |
| CSX Railroad | Pan American Life Insurance Company |
| East Jefferson General Hospital | St. Bernard Parish |
| Entergy La.., Inc. | Shell Oil/Equiva/Equilon |
| Ernest Morial Exhibition Hall Authority | Small Business Association |
| Exxon/Mobile | Taco Bell |
| GATX | Terrebonne Parish |
| Halliburton | U.S. Army Corps of Engineers |
| HCA | U.S. Department of Interior |
| Internal Revenue Service | U.S. Department of Justice |
| JEDCO | |

**Partial List of Attorney Clients**

| | | | |
|---|---|---|---|
| Tom Anselmo | René Curry | Wilson Krebs | Moise Steeg, Jr. |
| Brod Bagert | Frank D'Amico, Jr. | Robert Kutcher | Charles Stern |
| Herman Barnett | Taylor Darden | Neville Landry | Frank Tessier |
| Leonard Berins | Albert Derbes | Robert Lowe | Emile Turner |
| Thomas Blum | Douglas Draper | Don McDaniel | Gerald Wasserman |
| Andrew Braun | Clarence Dupuy | Russell Nunez | Scott Whittaker |
| Elwood Cahill | Steven Hartel | Randy Opotowsky | Barney Williams |
| Rudy Cerone | | | |

## QUALIFICATIONS OF MICHAEL W. TRUAX, MAI
### (Continued)

**Major Projects**

Appraisal of Atchafalaya River Basin for U.S. Army Corps of Engineers.

Environmental Impact Study of Highways for Louisiana Department of Transportation and Development.

Appraisal of Salt Domes and related pipelines in Louisiana and Texas for U.S. Army Corps of Engineers of Strategic Oil Storage Program.

Appraisal of right-of-way for extension of Earhart Boulevard in Jefferson Parish from the New Orleans Parish Line to Causeway Boulevard for the Louisiana Department of Transportation and Development.

Appraisal of Newport News Shipbuilding and Drydock Shipyard in Newport News, Virginia; largest shipyard in the western hemisphere; nuclear aircraft carriers, and attack submarines among ships constructed at facility.

Appraisal of Ford Motor Company Engineering and Research Center in Dearborn, Michigan; contains over 5,000,000 S.F. in ±100 buildings.

Study/analysis regarding property value impact associated with Shell Oil Company "cracker" unit explosion in Norco, Louisiana.

Market and property value analysis in support of the development of the Superconducting Super Collider Project in Ellis County, Texas.

Market study of real estate value impacts associated with environmental contamination from Thompson-Hayworth Plant in New Orleans, Louisiana.

Appraisal of Dow Corning manufacturing facility in Midland, Michigan; large (over 100 building/tower improvements) integrated, chemical plant used in the research, development and production of silicon-based, specialty chemical products.

Appraisal of Dow Chemical Company World Headquarters in Midland, Michigan; complex includes ±914,000 S.F. of gross building area contained in multiple (8) structures as developed on a ±153 acre campus

Appraisal of the Dow Chemical Company manufacturing facility in Midland, Michigan; large (over 500 buildings/towers), integrated, chemical plant used in the research, development and production of a wide range of chemical products.

**Court Testimony As Expert Witness**

Jefferson Parish District Court
Orleans Parish District Court
Tangipahoa Parish District Court
St. Bernard Parish District Court
Lafourche Parish District Court
St. Tammany Parish District Court

U.S. Bankruptcy Court for the Western
  District of Louisiana
U.S. District Court for the Eastern
  District of Louisiana
U.S. Bankruptcy Court for the Eastern
  District of Louisiana

**EXHIBIT "B"**

### TESTIMONY/DEPOSITION HISTORY OF
### MICHAEL W. TRUAX, MAI
### (WITHIN THE PRECEDING FOUR YEARS)

| Our File No. | ± Date (Month/Year) | Plaintiff/ Defendant | Court/Case or Docket No. | Deposition (D)/ Trial Testimony (T) |
|---|---|---|---|---|
| 03-233 | 09/03 | Hawthorne Land Company vs. Texas Brine Company, LLC | United States District Court Eastern District of Louisiana | D |
| 03-325 | 12/03 | Folmar & Associates, LLP vs. Select Cleaners, Inc., et al Docket No. 02-2849, Section "B" | United States District Court Eastern District of Louisiana | D |
| 03-304, 03-305 and 03-306 | 08/04 | Henry Holzenthal, et al vs. Sewerage and Water Board | Orleans Parish Civil District Court, Docket Nos. 2001-16969, 2001-16972 and 2001-16984 | D |
| 03-317 | 10/04 | James M. Huger vs. James J. Morrison, Jr. | Orleans Parish Civil District Court Docket No. 01-9784"B" | D |
| 98-51A | 01/05 | The Dow Chemical Company (Corporate Center) vs. City of Midland | Michigan Tax Tribunal Docket Nos. 245413 and 249455 | T |
| 04-04 | 02/05 and 07/06 | Chotin Transportation vs. Harbor Towing and Fleeting, Inc. | Orleans Parish Civil District Court Docket No. 99-19143 Division "N" | D/T |

**TESTIMONY/DEPOSITION HISTORY OF**
**MICHAEL W. TRUAX, MAI**
**(WITHIN THE PRECEDING FOUR YEARS)**

| Our File No. | ± Date (Month/Year) | Plaintiff/ Defendant | Court/Case or Docket No. | Deposition (D)/ Trial Testimony (T) |
|---|---|---|---|---|
| 98-51B | 03/06 | The Dow Chemical Company (Midland Plant) vs. City of Midland | Michigan Tax Tribunal Docket Nos. 245408, 259454 259456, 259457 and 259459 | T |
| 06-105 | 06/06 | Joseph C. Sansone vs Dow Corning Corporation | United States District Court for the Eastern District of Missouri - Eastern Division | D |
| 06-102 | 07/06 | The Palms at Lake Marina, LLC vs The Board of Commissioners of the Orleans Levee District, et al | Orleans Parish Civil District Court Docket No. 04-1390, Section "B" | D |
| 06-241 | 11/06 | SDS, Inc. vs The State of Louisiana Department of Transportation | Orleans Parish, Civil District Court Division M, Docket No. 01-9368 | T |
| 07-140 | 06/07 | Barnett Marine, Inc. Bankruptcy | United States Bankruptcy Court Eastern District of Louisiana Section A, Docket No. 03-10308 | T |
| 07-179 | 07/07 | Chestnut Properties, LLC, et al vs. Insurance Underwriters, Ltd, et al | Civil District Court for the Parish of Orleans State of Louisiana Division A-5, Docket No. 2006-6746 | D |

**EXHIBIT "C"**

## <u>PHOTOGRAPHS OF VARIED PROPERTIES FOUND IN "STUDY" AREA (9 "SQUARES") NEAR 1020 CHARBONNET STREET</u>



**View of 5601 Burgundy Street - Single family residence
with lap-siding exterior on pier foundation.**



**View of 5625 Burgundy Street - Single family residence
with brick veneer exterior on concrete slab foundation.**

## PHOTOGRAPHS OF VARIED PROPERTIES FOUND IN "STUDY" AREA (9 "SQUARES") NEAR 1020 CHARBONNET STREET (Continued)



**View of 922 Charbonnet Street - Single family residence with brick veneer exterior on raised foundation.**



**View of 5613-15 Burgundy Street - Two-family dwelling on pier foundation.**

**PHOTOGRAPHS OF VARIED PROPERTIES FOUND IN
"STUDY" AREA (9 "SQUARES") NEAR 1020 CHARBONNET STREET
(Continued)**



**View of 5727 St. Claude Avenue - Neighborhood commercial/
mixed-use project on concrete slab foundation.**



**View of 5621 St. Claude Avenue - Institutional project (St. David's Church).**

<u>**PHOTOGRAPHS OF VARIED PROPERTIES FOUND IN**
**"STUDY" AREA (9 "SQUARES") NEAR 1020 CHARBONNET STREET**
**(Continued)**</u>



**View of 1019 Caffin Avenue - Institutional use (school facility).**



**View of 5601 St. Claude Avenue - Commercial property/
former Kentucky Fried Chicken.**

**<u>EXHIBIT "D"</u>**
**<u>(Photographs Provided Under Separate Cover)</u>**