# App. Tab 19



2030 DICKORY AVENUE, SUITE 104, NEW ORLEANS, LA 70123    504-561-1131    504-733-6578    www.densoneng.com

23 August 2007

To Whom It May Concern

### File 14899:   MRGO – Katrina Canal Breaches
### Civil Litigation USDC – Eastern District of LA

I was retained by Washington Group International, Incorporated, and other defendants in the litigation pending in the United States District Court for the Eastern District of Louisiana, Cause No. 05-4182 "K"(2), known as the *Katrina Canal Breaches Consolidated Litigation*, to inspect and evaluate structures owned by the named plaintiffs who allegedly suffered damages from flood waters as a result of Hurricane Katrina.  I was asked to render opinions as to the cause and/or causes of damages to these structures and to render opinions about the factors necessary to determine the causes of damages.  I was also asked to render opinions on whether damages to properties in the geographical area proposed in the plaintiffs' class definitions can be determined on an aggregate basis, possibly to comment on the opinions of plaintiffs' experts, and to offer first-hand testimony on related matters on which I have personal knowledge.

Information and data that I considered in rendering my opinions are listed in the attached inspection reports of the named plaintiffs' properties.  In addition, I have drawn upon my education, training and professional experience as a structural and forensic engineer in rendering these opinions.

The following is a summary of the opinions that I expect to offer in this matter:

1. I have inspected structures and properties of the named plaintiffs in the MRGO subclasses.  Copies of my reports for each property are attached hereto and I expect to testify about the findings and opinions offered in those reports.

To Whom It May Concern
14899: MRGO-Katrina Canal Breaches
23 August 2007
Page 2

2. The causes and extent of damages to individual properties from Hurricane Katrina or its aftermath require individual forensic inspection, analysis and evaluation of each property, including consideration of the following, if available:

- Evidence of damage from wind, rain, flying debris, fire, vandalism, theft, etc.
- Condition of the structures on the site and suitability for repair
- Condition of the properties in the surrounding area
- Topography of the site and surrounding area
- Elevation of the structures at the site
- Drainage characteristics of the property and surrounding areas
- Design characteristics of the structures on the property
- Construction characteristics of the structures on the property, including such things as anchoring of the structure to the foundation and anchoring of the roof to the structure by hurricane clips or otherwise
- Maintenance and repair characteristics of the structure
- Material used in construction of the structures on the property
- Rising water levels in the structures
- Damages inflicted by persons to the property or structures
- Location of the property
- Photographs and other available materials to determine condition of the property at the time of Katrina
- Pre-existing condition of the property
- Claims made by the property owners and residents for insurance coverage and any reports of damage at the site made by insurance adjustors or investigators
- Road Home applications by owners and evaluations of property and structures performed by Road Home evaluators
- Repair estimates

3. The cause and extent of damage to each property are a highly individualized determination that cannot be made on an aggregate basis. Damage to individual properties attributable to a particular cause varies widely and significantly from property to property. No two properties are alike. For example, some properties

    incurred little to no damage at all from Hurricane Katrina and its aftermath while others were significantly damaged from either wind, rain, flooding, falling trees, flying or floating debris, vandalism, or any combination of these elements.

4. With respect to structures that no longer exist or properties that consist primarily of a concrete slab foundation, an individualized forensic examination may provide some insight as to the cause and source of damage based on design and construction of the structure, examination of nearby existing structures, and evaluation of any other evidence which may be available.

5. With respect to the properties identified to me as those of the named plaintiffs in this matter, the causes and extent of damages to each of those properties differed significantly from one to another, as exemplified in the attached reports of my forensic inspections.

6. Based on my observations and on my professional experience as a forensic engineer, the extent of the damage, if any, and the type of injury, *e.g.,* flood, wind, rain, moving debris, falling trees, vandalism, or other, varies significantly from property to property. I have observed many areas within the geographical boundaries of the MRGO class definition. Damage to some properties was extensive, while damage to other properties was minimal. Even properties in close proximity of each other differed in the extent of damage. Damages varied greatly due to differences in design and type of material used in construction of structural elements, natural elevation, topography, elevation of the structures, drainage characteristics, degree of flooding, and height of water levels.

I am vice President and Principal Civil Engineer with Denson Engineers, Inc. I am a Professional Engineer licensed in Louisiana with more than 30 years experience in civil engineering with particular experience in the fields of forensic and structural engineering. My experience includes forensic investigations of foundations, structural failures, roofing systems, moisture intrusion, wind and hail damage, fire and explosion cause and origin, and construction claims. Since 1987, I have inspected and evaluated thousands of structures as a forensic engineer to determine causes and extent of damages to structures. In the aftermath of Hurricane

To Whom It May Concern
14899: MRGO-Katrina Canal Breaches
23 August 2007
Page 4

Katrina, aside from the work that I have done in this case, I have personally inspected and evaluated more than 500 structures in the greater New Orleans area on behalf of homeowners, business owners, insurance companies and others to determine causes of damages to properties. I have been recognized by state and Federal courts as an expert in civil and structural engineering. A copy of my resume is attached to this report as Exhibit A.

A list of the cases in which I have testified as an expert at trial or by deposition within the preceding four years is attached as Exhibit B.

Compensation for my work on this matter is at my regular rates. I charged $2,500 per property to inspect and evaluate each of the properties of the named plaintiffs. I have a $900 deposition fee which covers two hours deposition testimony. Any additional time and all other work is charged at my regular $225 per hour rate, including trial testimony.

    Very truly yours,

    **DENSON ENGINEERS, INC.**


    James R. Danner, Jr.
    Principal Civil Engineer