# App. Tab 26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K"(2) |

FILED IN: 05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MR-GO

### PLAINTIFFS' SUPPLEMENTAL AND RESTATED RESPONSE TO MRGO DEFENDANTS' FIRST SET OF JOINT CLASS-CERTIFICATION REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36 and Case Management and Scheduling Order No. 4, Section III(B)(2), as amended by Order issued March 29, 2007, the plaintiffs submit these responses to the MRGO Defendants' First Set of Joint Class-Certification Requests for Admission, Interrogatories, and Requests for Production of Documents to Plaintiffs.

**General Objection # 1.**

The issues relevant to this discovery concern only class certification. Determination of

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied. Whether individualized proofs will be required will depend upon the "trial" to which this request refers. Such proof will not be offered in connection with the adjudication of the common issues of fault, fault apportionment, and general causation. On the other hand, such individualized proofs will be necessary in the trial of a given class member's individual damages.

**REQUEST FOR ADMISSION NO. 10:**

Admit that individualized proofs will be required at trial to determine the amount of damages for any proposed class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

See Response to Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you are seeking for the proposed class only the following categories of damages, which are specifically identified in paragraph 80(a) and (b) of the MR-GO Master Consolidated Class Action Complaint:

    a. loss of real property,
    b. loss of personal property,
    c. diminution of property value,
    d. loss of income,
    e. costs of relocation,
    f. loss of business opportunities and business interruption,
    g. evacuation expenses,
    h. personal injury,
    i. wrongful death,
    j. survival damages,
    k. fear, fright and emotional distress,
    l. grief,
    m. mental anguish,
    n. inconvenience,
    o. pain and suffering,

   p. loss of the capacity to enjoy life,
   q. *loss of consortium*, and
   r. costs of suit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that one or more proposed class members seek to recover repair, remediation, or restoration costs that exceed the fair market value of their properties before Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

The term "more" is vague and ambiguous. The term "fair market value" is not given a pre or post-Katrina time reference, rendering it vague and ambiguous. The term "more" is vague and ambiguous and therefore as written, this Request is denied. Plaintiffs do admit, however, that at least one proposed class member falls within the category described in the Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that both of your proposed subclasses include individuals who did not sustain any personal injury due to Hurricane Katrina passing near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiffs admit this request to the limited extent that at least one proposed class member may fall within the category described by this request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that both of your proposed subclasses include individuals or entities who did not sustain any property damage due to Hurricane Katrina passing near New Orleans on or about