# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | SECTION K – JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| INSURANCE: *FONTENOT*, 07-4115 | * | |
| | * | |

**************************************

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

MAY IT PLEASE THE COURT:

### FACTUAL/PROCEDURAL BACKGROUND

Plaintiffs, John and Kim Fontenot, originally filed a lawsuit in the Civil District Court for the Parish of Orleans on August 26, 2006. See Plaintiffs' original Petition, attached as Exhibit A. John Fontenot is an attorney and member of the bar of the State of Louisiana and this Honorable Court. John Fontenot and Kim Fontenot both signed the original Petition, with John Fontenot listing his Louisiana bar number and his office address. It is therefore difficult to tell whether the Fontenots are representing themselves, **pro se**, or whether Fontenot is acting as his wife's attorney. However, all subsequent pleadings have been filed and signed by John Fontenot only.

The Fontenots' original Petition, at Paragraph 27, states as follows:

> It is the belief of the plaintiffs, John and Kim Fontenot, that the amount of damages in this matter are sufficient to request a trial by jury, but insufficient to establish diversity for purposes of removal to federal court.

Upon notice of the petition, ACFIC filed a Complaint for Removal of the case to the United States District Court for the Eastern District of Louisiana. It was clear that the District Court had diversity jurisdiction under 28 USC Section 1332. The Fontenots specifically pled that they were owners of property located in Orleans Parish prior to Hurricane Katrina and *temporary* residents of Jefferson Parish after Hurricane Katrina, and that ACFIC was a foreign insurer. Id. at Paragraphs 2 and 5. However, the allegation contained in Paragraph 27 of Plaintiffs' Petition stated that the Fontenots' claim did not meet the requisite amount in controversy for diversity jurisdiction, so ACFIC sought to remove only on the basis of supplemental jurisdiction under 28 U.S.C. Section 1441(e)(1)(B). ACFIC took the position that the Fontenot case arose out of a common mass accident, specifically pleading affinity with those cases now referred to as "In re: Katrina Breaches Litigation," 05-CV-4182 of the docket of the Eastern District of Louisiana. Plaintiffs filed a Motion to Remand taking issue with ACFIC's characterization of the lawsuit. In the meantime, several decisions in the Eastern District held that supplemental jurisdiction was not found in the Katrina cases, and on January 18, 2007, the case was remanded to state court. Subsequent to the removal, the case continued to proceed in the Civil District Court for the Parish of Orleans, along with another suit by the Fontenots that inexplicably included ACFIC in a suit that was ostensibly aimed at their insurance agent.

In June 2007, ACFIC made overtures to the Fontenots with regard to mediating the case. In the course of preparing a detailed report to ACFIC for purposes of the mediation, undersigned counsel noted that the Fontenots' original Petition specifically pled that their damages did not exceed the requisite amount for diversity jurisdiction. Mindful of the fact that 28 U.S.C. Section

1446(b) imposes a one year deadline for removal on the basis of diversity jurisdiction, ACFIC propounded a Request for Admissions to the Plaintiffs, seeking a judicial admission that the amount in controversy did not, in fact, exceed $75,000, inclusive of penalties and attorney's fees, but exclusive of interest and court costs.

To that Request for Admissions (attached as Exhibit B), the Fontenots responded as follows:

> In addition to the general objections set forth above, plaintiffs object to this request for admission on the grounds that it inappropriately combines a request for production of documents with a request for admissions. Subject to these objections, plaintiffs believe that as of the time of the filing of the petition and in consideration of what was pled in the petition, the referenced statement was correct. However, the applicable law has changed since the filing of the petition, and it is not clear to the plaintiffs as of this time what affect (sic) these changes will have on the petition as currently pled. In any event, plaintiffs have provided defendant with sufficient information for them to make their own determination as to the amount of all damages covered by the policy and available under the current applicable law. (see Plaintiffs' Response to Request for Admissions, attached as Exhibit C):

Upon receiving that response, ACFIC filed a second removal, pursuant to 28 USC Section 1332(a). Plaintiffs have now filed this Motion to Remand.

## I)   PLAINTIFFS PREVENTED REMOVAL OF THIS CASE BY DESIGN

The thrust of Plaintiffs' Motion to Remand is that the Fontenots have provided discovery responses and expert reports that establish that the amount in controversy exceeds $75,000, and that ACFIC's removal is untimely. While the Fontenots have indeed provided evidence as to their damages, they have specifically pled that they intend to limit their damages to an amount insufficient to allow removal of the case to federal court. The Fontenots are specifically prevented from admitting at trial evidence of any damages in excess of their $75,000 limitation in the state court proceeding, but that limitation is ephemeral. Upon the passage of the one year anniversary from the filing of their original Petition, Plaintiffs could amend to allege damages in

excess of $75,000, and Defendant would be prohibited from removal. The purpose of propounding the Request for Admissions was to test the sincerity of the Plaintiffs' pleadings in the Civil District Court case. ACFIC contends that the response to the Request for Admissions speaks for itself: Plaintiffs state that they are not sure. The Memorandum in Support of the Motion to Remand takes the position that the damages do exceed $75,000, but that Defendant has waived its right to removal.

Courts within the U.S. Fifth Circuit have recognized that peculiar pleading laws allow for manipulation of the pleadings in order to thwart removal to federal court. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (CA 5 2003).

It is noteworthy that Mr. Fontenot is not only his own attorney, but an attorney licensed to practice law in the State of Louisiana. He is therefore presumed to know the effect of the allegations contained in the original Petition filed in Civil District Court.

Article 863 of the Louisiana Code of Civil Procedure states as follows:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, **but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless inquiries in the cost of litigation** (emphasis ours).
> C. ...
> D. If a upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

Article 893 of the Louisiana Code of Civil Procedure additionally states:

A.(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.** By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate (emphasis ours).

In their Motion to Remand, the Fontenots take great care to show that their case, indeed, exceeds the jurisdictional amount. For instance, they attach, as Exhibit E to their Motion to Remand, an estimate from Fleur de Lis Construction in the amount of $368,346.00. They also cite their demand letter for the policy limits. (Plaintiffs' Exhibit A) Since the date of the estimate was April 18, 2006, the Fontenots were certainly aware of that estimate at the time of the original filing, yet chose to limit their damages in the original Petition. The Fontenots have also attached discovery responses (Plaintiffs' Exhibit D) On the other hand, ACFIC was aware that the Fontenots had flood insurance with Fidelity National Property and Casualty Insurance Company with coverage limits of $250,000 for the structure, and $20,000 for contents. ACFIC was also aware that the Fontenot home, located on Canal Boulevard, had anywhere from six to eight feet of flood waters. The Fontenots' reports and discovery do not delineate between damages caused by wind and those caused by flood. The Fontenots' Petition admits that they recovered the limits of the coverage under the flood policy. At a state-sponsored mediation held on July 10, 2006, Plaintiffs made demand for structural damage as a result of wind damage only in the amount of $75,383. The issues of additional living expense and contents damage were not addressed at the mediation.

The Fontenots had a duty under Louisiana Code of Civil Procedure Articles 863 and 893 to make their pleadings in good faith. Although the Fontenots have submitted evidence potentially showing damages in excess of that amount, there has never been any amendment to the pleadings that removes the original limitation. There is simply no doubt that the Fontenots went out of their way to plead that their damages did not exceed the amount required for federal jurisdiction.

## II. BY FAILING TO AMEND THEIR ORIGINAL PETITION, PLAINTIFFS CAN MANIPULATE THE CHOICE OF FORUM.

The Fontenots now boldly proclaim in their supporting memorandum that their damages exceed the $75,000 limitation deliberately pled in their Petition to avoid removal of the case to federal court. They go so far as to state that ACFIC should have realized from the very outset that the case was worth more than the $75,000 limitation. By making this argument, the Fontenots essentially admit that their original Petition was filed in bad faith. LA CCP Article 863 provides that a party signing a pleading certifies that the pleading is "well grounded in fact." Article 893 further requires the party or attorney to state that the damages do or do not exceed the amount required for federal diversity jurisdiction. Certainly this Court has seen many removals in which the original petition fails to comply with Articles 863 or 893, removals where the petition gives no clue as to the amount of damages claimed. Faced with that uncertainty, ACFIC could have filed a Request for Admissions at that time so that Plaintiffs could state whether the damages exceeded $75,000. By specifically pleading that the damages were insufficient for diversity jurisdiction, the Fontenots removed all doubt as to that issue. The Fontenots now argue that the allegations did not mean what they said, and that ACFIC should have ignored the admission in the petition.

The situation that presents itself in this case was dealt with by Judge Porteous in *Freeman v. Witco Corporation*, 984 F.Supp. 443 (E.D. LA 1997). In that case, the Plaintiff filed suit in state court, and quickly amended his petition to add two non-diverse personal defendants. When the defendants propounded a request for admission, the plaintiff denied the request as being premature. Defendants then removed the state court lawsuit. In response to the plaintiffs' contention that the removal was untimely, the Court found that the request for admission constituted "other paper" within the meaning of Section 1446(b), and that the case became removable only when Freeman denied the request for admission. What is more important is that the court found that the defendant was under no duty to investigate the amount in dispute in absence of any pleading to that issue in the original petition. *Id.* at 450.

In *Freeman*, the court based its decision largely on the 5th Circuit's decision in *Chapman v. Powermatic Inc.*, 969 F.2d 160 (CA 5 1992). In that case, the court held that the 30-day time period in which a defendant must remove a case begins to run only from the defendant's receipt of an initial pleading, and only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of federal court. In the case before **this** Court, the Fontenots not only did not affirmatively reveal that they were seeking damages in excess of the minimum jurisdictional amount, but actually pled to the contrary.

> "We have found no circuit court opinions that address whether a defendant is under a duty to exercise due diligence in determining the amount in controversy when the initial pleading does not reveal such an amount…"

*Id.* at 162.

Courts in the Eastern District of Louisiana have continued to follow *Chapman* and *Freeman* in subsequent cases. In Schielder v. KMart Corporation, 2000 WL 1511182 (E.D. LA),

Judge Berrigan was confronted with a Motion to Remand in a case where the original petition was silent as to the amount of damages. The plaintiff's attorney had made a pre-filing settlement offer in the amount of $175,000 plus medical expenses. More than thirty days after service of the complaint, the defendant propounded a Request for Admissions to the plaintiff, which the plaintiff denied as premature. when defendant removed the case, plaintiff filed a motion to remand. All parties agreed that the damages exceeded the requisite amount, but the plaintiff argued that the removal was untimely. Plaintiff contended that the information supplied to the defendant should have put it on notice that the amount in controversy exceeded $75,000. Judge Berrigan, citing *Chapman* and *Freeman*, stated "The Fifth Circuit has already considered and rejected this argument."

In *Pavone v. American Medical Systems, Inc.*, 1998 WL 89371 (E.D. LA), it was undisputed that the defendant removed the case beyond the original 30 day limitation, but within thirty days after the plaintiff responded to defendant's interrogatories that specifically requested whether the damages exceeded $75,000. In finding that the removal was timely, and denying plaintiff's motion to remand, Judge Fallon stated:

> "The court finds *Chapman v. Powermatic*, 969 F.2d 160 (5 Cir. 1992), to be persuasive. In *Chapman*, the 5th Circuit indicated that there should be a 'bright line' drawn by the pleadings of the plaintiff in order to substantiate or support a remand in situations like the present case. Pavone's initial pleading states on its face that he is seeking damages, but does not indicate either the amount of the damages or that the damages are sufficient to maintain jurisdiction in the state court. Thus, the 30 day period did not begin (to) run from the defendant's receipt of the initial pleading.
> The court also notes that other cases decided in this district support the bright line approach established by *Chapman* – *Freeman v. Witco Corp.*, 984 F.Supp 443, 1997 WL 582814 (ED LA); *Mitchell v. Flexcon Co., Inc.*, 1994 WL 117782 (ED LA) – and defer to *Chapman's* bright line rule in very similar scenarios." *Id.*

Judge Fallon noted that the defendant's state court answer requested trial by jury, which could only mean that defendant felt that the damages exceeded the $50,000 threshold contained in Article 1732(1) of the Louisiana Code of Civil Procedure. As a further example of the bright line rule, Judge Fallon noted, simply, that "$50,000 is not $75,000." *Id.*

> "Moreover, what the defendant could have or should have inferred from plaintiff's petition for damages in the absence of an affirmative statement regarding the amount in controversy is not relevant to *Chapman's* bright line analysis, which sets out specific requirements for what plaintiff must do to start the 30-day clock." *Id.*

In the case before the Court, the bright line does not exist. If it indeed exists at all, it is a bright line separating this case from cases where the damages pled **do** exceed the requisite amount for diversity jurisdiction.

Since the Fifth Circuit court of Appeals has recognized that plaintiffs may manipulate the rules of pleadings so as to defeat diversity jurisdiction, a defendant must protect itself. In this case, ACFIC was aware of the one year anniversary from the filing of the Plaintiffs' original Petition. If the case had not been removed prior to August 26, 2007, the Fontenots could amend their petition in Civil District Court and figuratively thumb their noses at ACFIC. The Request for Admission was designed specifically to make Plaintiffs state their true intentions. As the Court can plainly see, the Fontenots are still trying to obfuscate their true intentions by responding to the Request for Admission with a response that really amounts to no response at all. Hopefully, the Court will see the paradoxical response to the Request for Admissions for what it is. Essentially, the Fontenots are saying that they are not sure how much their damages are, but on the other hand, ACFIC should know **for sure.** This revealingly disingenuous statement is proof that the Fontenots will continue to hide behind the limitation pled in the

original petition while telling the court that ACFIC should have known all along that they did not mean what they said.

If this Honorable Court takes the position that the limitation of damages pled in the original petition is controlling, and that by the admission in their pleadings, the Fontenots can defeat diversity jurisdiction, the Court should rule that, should the Fontenots amend their original pleading to seek damages in excess of the requisite amount for diversity jurisdiction, the thirty-day time limit for ACFIC to seek removal will be tolled. *Johnson v. Heublein, Inc*, 227 F.3d 236 (CA 5 2000); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (CA 5 2003).

## CONCLUSION

When plaintiffs can prevent the exercise of federal diversity jurisdiction by a revocable declaration in their original pleading, a defendant is entitled to a remedy. When removal under 28 U.S.C. 1446 (b) must be accomplished within one year of the date of the original filing, a defendant must obtain an affirmative statement from the plaintiffs. The U.S. Fifth Circuit Court has held that the mere transfer of information by discovery or otherwise is insufficient to apprise a defendant of the true value of the plaintiffs' damages. The Fifth Circuit has also held that a defendant in that position does ***not*** have a duty of due diligence to determine the ultimate value of the case.

The Fifth Circuit has recognized that plaintiffs can and will manipulate choice of forum through their pleadings. For that reason, the Court has recognized an equity exception to the one-year limitation on removal. This court should deny plaintiff's Motion to Remand. If the Court chooses to grant the Motion to Remand, it should provide for the eventual removal of this case should plaintiffs amend their petition to seek damages in excess of $75,000.00.

CHOPIN, WAGAR,
RICHARD & KUTCHER, L.L.P.

By: _____
THOMAS M. RICHARD (#2069)
KENNETH B. KROBERT (#7865)
3850 North Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: 504-830-3845
Telefax: 504-836-9543
*Attorneys for Defendant*

## CERTIFICATE OF SERVICES

I hereby certify that on the 9th day of October, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed by first-class mail and/or forwarded by facsimile the foregoing document and the notice of electronic filing o any non-CM/ECF participant.

_____
KENNETH B. KROBERT