CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 06-8022   DIVISION "E"   SECTION 7

JOHN FONTENOT and KIM FONTENOT

**VERSUS**

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____   _____
                                  **DEPUTY CLERK**

### PETITION FOR DAMAGES

**NOW INTO COURT**, come plaintiffs, John Fontenot and Kim Fontenot, who file this Petition for Damages for the following reasons:

1.

Plaintiffs herein, John Fontenot and Kim Fontenot, are persons of the full age of majority and are currently residents of Jefferson Parish.

2.

Defendant herein, Auto Club Family Insurance Company, is a foreign insurer licensed to do and doing business in the state of Louisiana.

3.

On August 29, 2005, Hurricane Katrina made landfall in Louisiana.

4.

Subsequent to making landfall, Hurricane Katrina moved through the Greater New Orleans region.

5.

At the time of these events, the plaintiffs, John and Kim Fontenot, owned and lived at their primary place of residence: 6611 Canal Boulevard; New Orleans, Louisiana; 70124 ("Property").




6.

At the time of these events, the Property was covered by a: "Premier Homeowners Policy" issued by Auto Club Family Insurance Company, bearing policy number P30981731 and having effective dates of 2/28/05 – 2/28/06 ("Policy").

7.

Subsequent to these events, the plaintiffs, John and Kim Fontenot, contacted the defendant, Auto Club Family Insurance, to report a loss to the Property covered by the Policy.

8.

On or about October 27, 2005, defendant, Auto Club Family Insurance Company, sent independent adjuster, Tim Seikel, to inspect the Property.

9.

Mr. Seikel was not properly trained, did not have sufficient experience, and/or lacked the appropriate knowledge base to conduct a complete and thorough investigation of the Property and failed to report all damages that were caused by wind forces from Hurricane Katrina and covered by the Policy ("Wind Damage").

10.

Based on the investigation conducted by Mr. Seikel, defendant, Auto Club Family Insurance Company, issued a check, without any explanation or supporting detail, in the total sum of $1,520.90.

11.

After receipt of the check, the plaintiffs, John and Kim Fontenot, had to request a detailed explanation to support the sum.

12.

On or about December 7, 2005, defendant, Auto Club Family Insurance Company, provided a detailed explanation for the sum.

13.

It was clear from the detailed explanation that Mr. Seikel had failed to determine and report all Wind Damage and that defendant, Auto Club Family Insurance Company, had excluded reported Wind Damage.

**14.**

The plaintiffs, John and Kim Fontenot, informed the defendant, Auto Club Family Insurance, that the Property had not been properly and/or completely inspected, that there was additional Wind Damage, and that they disputed the amount owed under the Policy.

**15.**

The defendant, Auto Club Family Insurance, provided written acknowledgement on January 31, 2006 that cashing the check did not close or settle the claim, but they failed to take any further action to investigate the claim at this time.

**16.**

Subsequent to this, the plaintiffs, John and Kim Fontenot, contacted a structural engineer, Ashton Avegno, and a general contractor, Dennis deBoisblanc, to inspect their property.

**17.**

On February 8, 2006, Mr. Avegno and Mr. deBoisblanc inspected the property and determined that a significant amount of the excluded damage was, in fact, caused by wind forces from Hurricane Katrina.

**18.**

The plaintiffs, John and Kim Fontenot, provided a report from Mr. Avegno, which listed additional damage caused by wind forces from Hurricane Katrina, to the defendant, Auto Club Family Insurance Company.

**19.**

The defendant, Auto Club Family Insurance Company, arranged to have the Property inspected by a structural engineer of their choosing.

**20.**

On April 19, 2006, the defendant, Auto Club Family Insurance Company, indicated that they were denying coverage, as they were of the belief that the "damages in dispute" were caused by rising waters from the breach of the 17th Street Canal. The defendant, Auto Club Family Insurance Company, failed to provide any support for their conclusion.

21.

On May 29, 2006, the plaintiffs, John and Kim Fontenot, filed a Katrina/Rita Hurricane Damage Claim Mediation Request in connection with the Louisiana Department of Insurance Mediation Program for Residential Insurance Claims.

22.

The request was given case number 69-407-007965-06 and was set for June 30, 2006 at 3:30 p.m.

23.

The plaintiffs, John and Kim Fontenot, appeared at the mediation with every intention of participating in the state program and with full proof of loss, including expert reports and repair estimates.

24.

The defendant, Auto Club Family Insurance Company, appeared at the mediation without authority to enter into negotiations and refused to participate in the program.

25.

As of this date, the defendant, Auto Club Family Insurance Company, has failed to pay the full amount due and owing under the Policy, despite the fact that they have been provided with full proof of the loss.

26.

It is the belief of the plaintiffs, John and Kim Fontenot, that the actions of the defendant, Auto Club Family Insurance Company, have been in violation of the Louisiana laws applicable to insurance companies, that they have, in fact, been in bad faith, and that the defendant, Auto Club Family Insurance Company, is liable for penalties.

27.

It is the belief of the plaintiffs, John and Kim Fontenot, that the amount of damages in this matter are sufficient to request a trial by jury, but insufficient to establish diversity for purposes of removal to federal court.

WHEREFORE, the plaintiffs, John and Kim Fontenot, pray that this Petition for Damages be deemed good and sufficient to state a claim for damages, that the defendant, Auto Club Family Insurance Company, be duly cited and served with a copy of this Petition for Damages, that there be judgment in favor of the plaintiffs and against the defendant for all damages covered by the Policy, for all appropriate penalties and interest, and for all other equitable relief that may be granted by this Court, and that a trial by jury be had in this matter.

Respectfully Submitted,

John L. Fontenot (#26640)
Kim J. Fontenot
701 Poydras Street
Suite 4500
New Orleans, LA 70139
(504) 585-0274
(504) 566-0210

**PLEASE SERVE:**

Auto Club Family Insurance Company,
Through its agent for service of process,
Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809

5

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 06-8022                                                            DIVISION "E-7"

JOHN FONTENOT AND KIM FONTENOT

VERSUS

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____   _____
                                                                            DEPUTY CLERK

**REQUEST FOR ADMISSIONS**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Auto Club Family Insurance Company ("ACFIC"), who propounds the following Request for Admissions to Plaintiffs, John L. Fontenot and Kimberly J. Fontenot, in proper person/through her attorney of record, John Fontenot. Pursuant to La. C.C.P. article 1466, *et seq.*, you are requested to admit the truth of the matter set forth below. If you deny a Request for Admissions, state all facts you rely upon to support your denial, and attach originals or true copies of any documents you rely upon to support your denial. The subject matter of a Request is deemed admitted, unless, within fifteen (15) days after service of the Request, you serve a signed, written answer or objection addressed to the Request.

**REQUEST FOR ADMISSIONS NO. 1:**

In view of the fact that Paragraph 27 of your original Petition states "that the amount of damages in this matter are sufficient to request a trial by jury, but insufficient to establish diversity for purposes of removal to federal court," admit that the amount of damages in controversy in the captioned lawsuit, inclusive of penalties and attorney's fees, but exclusive of interest and court costs, does not exceed $75,000.00. If you deny this Request for Admissions, state all facts upon which you rely to support your denial, and attach originals or true copies of any documents you rely upon to support your denial.

1

EXHIBIT B

Respectfully submitted,

**CHOPIN, WAGAR,
RICHARD & KUTCHER, L.L.P.**

By: _____
**KENNETH B. KROBERT (#7865)**
3850 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3845
Facsimile: (504) 836-9543
*Attorneys for Defendant, Auto Club Family Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of July, 2007, served a copy of the foregoing pleading on counsel for all parties by:

( ) Hand Delivery          ( X ) Prepaid U. S. Mail – Certified/Return Receipt

( X ) Facsimile            ( ) UPS/Federal Express

_____
**KENNETH B. KROBERT**

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 06-8022                                                                                   SECTION "E-7"

JOHN FONTENOT AND KIM FONTENOT

VERSUS

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____           _____
                                                                    DEPUTY CLERK

### PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS

NOW INTO COURT, through undersigned counsel, come Plaintiffs, John L. Fontenot and Kim Fontenot, who respectfully responds to Defendant's Request for Admissions as follows:

### GENERAL OBJECTIONS

I.

Plaintiffs object to the "definitions" and "instructions" set forth in defendant's discovery requests to the extent they attempt to impose obligations on plaintiffs other than those imposed or authorized by Louisiana Code of Civil Procedure.

II.

Plaintiffs object to defendant's discovery requests to the extent they seek the disclosure of information protected from discovery by the attorney/client privilege, the work-product doctrine, the self-critical analysis privilege, the physician/patient privilege, the joint defense privilege, or any other applicable privilege or exemption.

III.

Plaintiffs object to defendant's discovery requests to the extent that they are overly broad, unduly burdensome, seek documents which are not described with reasonable particularity and seek information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

IV.

Plaintiffs object to the phrase "relating to" as overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, if it is intended to

**EXHIBIT**
*a*

RECEIVED

JUL 2 0 2007

mean something other than documents "discussing or referring to" the specified topic. In response to defendant's discovery requests, Plaintiffs will treat the phrase "relating to" to mean "discussing or referring to."

V.

Plaintiffs object to defendant's discovery requests to the extent they purport to require searches of files and the production of documents in the possession of third parties.

VI.

Plaintiffs object to defendant's discovery requests on the grounds that they are overly broad as to scope and time to the extent that they are neither limited to the specific incident involved and/or to the time period during which the alleged injuries occurred.

VII.

Plaintiffs object to defendant's discovery requests to the extent that they require the production of proprietary, trade secret, or other commercially protected information without an appropriate protective order and implementation of procedures, which will insure the continued confidentiality of such information.

VIII.

Plaintiffs object generally to defendant's discovery requests to the extent that they call for the production of documents available to defendant in the public domain, such as published articles, on the ground that the burden of identifying and/or obtaining those documents is substantially the same for defendants as it is for plaintiffs.

These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by additional objections and/or the following responses.

**REQUEST FOR ADMISSION NO. 1:**

In view of the fact that Paragraph 27 of your original Petition states "that the amount of damages in this matter are sufficient to request a trial by jury, but insufficient to establish diversity for purposes of removal to federal court," admit that the amount of damages in controversy in the captioned lawsuit, inclusive of penalties and attorney's fees, but exclusive of interest and court costs, does not exceed $75,000.00. If you deny this Request of Admissions, state all facts upon which you rely to support your denial, and attach originals or true copies of any documents you rely upon to support your denial.

2

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to the general objections set forth above, Plaintiffs object to this request for admission on the grounds that it inappropriately combines a request for production of documents with a request for admissions. Subject to these objections, Plaintiffs believe that as of the time of the filing of the petition and in consideration of what was pled in the petition, the referenced statement was correct. However, the applicable law has changed since the filing of the petition, and it is not clear to the Plaintiffs as of this time what affect these changes will have on the petition as currently pled. In any event, Plaintiffs have provided defendant with sufficient information for them to make their own determination as to the amount of all damages covered by the policy and available under the current applicable law.

Respectfully Submitted,

_____
JOHN L. FONTENOT (#26640)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:   (504) 585-0274
Facsimile:   (504) 566-0210

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 19th day of July, 2007, served a copy of the foregoing on all counsel for record via the United States Postal Service, properly addressed and postage prepaid.

_____
JOHN L. FONTENOT

3