UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| GLORIA THERIOT AND JUDY JUNOT | * | CIVIL ACTION 07-4396 |
|---|---|---|
| | * | |
| | * | JUDGE |
| VERSUS | * | SECTION "K" |
| | * | |
| STATE FARM FIRE AND | * | MAGISTRATE 2 |
| CASUALTY COMPANY | * | |

*************************************************************************

## ANSWER AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company (incorrectly styled "State Farm Fire and Casualty Insurance Company"), (hereinafter "State Farm"), which, in Answer to Plaintiffs' Complaint for Damages (hereinafter "Complaint"), respectfully avers:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action against State Farm for which relief may be granted.

### SECOND DEFENSE

With full reservation of all rights, Defendant specifically answers the individual articles of the Complaint as follows:

I.

State Farm denies the allegations contained within the section titled "Parties" as well as the allegations contained in paragraph one of Plaintiffs' complaint except to admit State Farm's status as pled.

II.

Upon information and belief, State Farm admits that the Plaintiffs owned, or were in the process of becoming owners of the municipal address 7208 Sally Street, Arabi, Louisiana 70032.

III.

State Farm denies the allegations set forth in paragraph 3 of Plaintiffs' complaint and further avers that the policy itself is the best evidence of its content, Defendant specifically pleading all the terms, conditions, limitations and exclusions of said policy as if copied herein extenso.

IV.

State Farm denies the allegations set forth in paragraph 4 of Plaintiffs' complaint, except to admit that on or about August 29, 2005, Hurricane Katrina impacted southeast Louisiana and the Gulf Coast.

V.

State Farm denies the allegations set forth in paragraph 5 of Plaintiffs' complaint.

VI.

State Farm denies the allegations set forth in paragraph 6 of Plaintiffs' Complaint.

VII.

State Farm denies the allegations set forth in paragraph 7 of Plaintiffs' Complaint.

VIII.

State Farm denies the allegations set forth in paragraph 8 of Plaintiffs' Complaint, except to admit that the Plaintiffs did eventually notify State Farm of their loss and filed a claim on their insurance policy.

IX.

State Farm denies the allegations contained in paragraph 9 of Plaintiffs' Complaint, insofar as they make allegations of law. State Farm further avers that it just adjust Plaintiffs' claim, paid all sums due and owing under the applicable State Farm policy, and pursuant to the terms, conditions, limitations and exclusions of said policy.

X.

State Farm denies the allegations set forth in paragraph 10 of Plaintiffs' Complaint, except to admit that State Farm did receive proof of loss documents from Plaintiffs. Further, State Farm did inspect insured risk and adjust the claim according to the terms, conditions, limitations and exclusions of said policy.

XI.

State Farm denies the allegations set forth in paragraph 11 of Plaintiffs' complaint.

XII.

State Farm adopts by reference and re-avers each and every response and affirmative defense pled in response to the allegations contained in paragraphs 1 through 11 of Plaintiffs' complaint.

XIII.

State Farm denies the allegations contained in paragraph 13 of Plaintiffs' complaint.

XIV.

State Farm denies the allegations set forth in paragraph 14 of Plaintiffs' complaint.

XV.

State Farm denies the allegations contained in paragraph 15 of Plaintiffs' complaint.

XVI.

State Farm adopts by reference each and every response and affirmative defense pled in paragraphs 1-15 of this Answer.

XVII.

State Farm denies the allegations set forth in paragraph 17 of Plaintiffs' complaint.

XVIII.

State Farm denies the allegations set forth in paragraph 18 of Plaintiffs' complaint and further pleads all the terms, conditions, limitations and exclusions of said policy insuring the Plaintiffs' property herein.

XIX.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-18 of Plaintiffs' complaint.

XX.

State Farm denies the allegations contained in paragraph 20 of Plaintiffs' complaint.

XXI.

State Farm denies the allegations contained in paragraph 21 of Plaintiffs, complaint.

XXII.

State Farm denies the allegations contained in paragraph 22 of Plaintiffs' complaint.

XXIII.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-22 of Plaintiffs' complaint.

XIV.

State Farm denies the allegations contained in paragraph 24 of Plaintiffs' complaint.

XXV.

State Farm denies the allegations contained in paragraph 25 of Plaintiff's complaint.

XXVI.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-25 of Plaintiffs' complaint.

XXVII.

State Farm denies the allegations contained in paragraph 27 of Plaintiffs' complaint.

XXVIII.

State Farm denies the allegations contained in paragraph 28 of Plaintiffs' complaint.

XXIX.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-28 of Plaintiffs' complaint.

XXX.

State Farm denies the allegations contained in paragraph 30 of Plaintiffs' complaint, and further avers, that the applicable insurance policy issued by State Farm to Plaintiffs insuring their property or between the parties and therefore, State Farm adopts by reference each and every term, condition, limitation and exclusion contained in the policy.

XXXI.

State Farm denies the allegations contained in paragraph 31 of Plaintiffs' complaint.

XXXII.

State Farm denies the allegations contained in paragraph 32 of Plaintiffs' complaint.

XXXIII.

State Farm adopts by reference each and every response and affirmative defense pled in response to the allegations contained in paragraphs 1-32 of Plaintiffs' complaint.

## XXXIV.

State Farm denies the allegations contained in paragraph 34 of Plaintiffs' complaint and further avers that the policy of insurance is the law between the parties and the best evidence of its content; therefore, Defendant specifically pleads all of the terms, conditions, limitations and exclusions of said policy as if copied herein in extensor.

## XXXV.

State Farm denies the allegations contained in paragraph 35 of Plaintiffs' complaint.

## XXXVI.

State Farm denies the allegations contained in paragraph 36 of Plaintiffs' complaint and avers that the policy itself is clear and unambiguous.

## XXXVII.

State Farm adopts by reference each and every response and affirmative defense pled in response to the allegations contained in paragraphs 1-36 of Plaintiffs' complaint.

## XXXVIII.

State Farm denies the allegations contained in paragraphs 38-43 of Plaintiffs' complaint.

## XXXIX.

State Farm admits that Plaintiffs have requested a trial by jury in this matter.

**AND NOW, FURTHER ANSWERING:**

### **THIRD DEFENSE**

The Plaintiffs have been fully compensated for losses insured by the applicable homeowner's policy.

## FOURTH DEFENSE

Damages sought by the Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

## FIFTH DEFENSE

State Farm has not been afforded satisfactory proof of loss as is required by jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

## SIXTH DEFENSE

The Plaintiffs have not adequately mitigated their alleged losses and damages and thus are liable for all consequences and damages resulting therefrom.

## SEVENTH DEFENSE

In the alternative, State Farm is entitled to a credit for any payments which may have been made or may in the future be made to the Plaintiffs pursuant to any insurance policy for perils covered under the homeowner's policy and the Plaintiffs have no cause or right of action for any such amounts.

## EIGHTH DEFENSE

At all times State Farm has adjusted the Plaintiffs' claim in good faith, in accordance with the terms and conditions of the applicable State Farm Homeowner's Policy and in compliance with any applicable statutory jurisprudential law.

## NINTH DEFENSE

As the Plaintiffs' claim is based on a contract of insurance between the parties, State Farm

avers that if a policy of insurance is shown to exist, said policy being a written contract is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are plead as if copied herein in their entirety, including specifically the exclusion for water damage.

## TENTH DEFENSE

Should it be found that the damages sought by the Plaintiffs were caused in part by a covered peril and any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

## ELEVENTH DEFENSE

In the alternative, should it be found that the damages sought by Plaintiffs were caused in part by a covered peril, said damages were concurrently caused by a non-covered peril and therefore the damages sought are not insured under the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

## TWELFTH DEFENSE

The plaintiff has received the insurable limits of her flood policy for damages to her dwelling and contents, and therefore, they are estopped from alleging that the same and/or similar losses are caused by wind.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs are claiming that they may be entitled to recovery under their insurance policy in accordance with L.R.S. 22:695, Louisiana's Valued Policy Law (VPL), State Farm denies that the VPL applies to this claim. State Farm further avers that the Plaintiffs have not suffered a total loss, which was caused by a covered peril; rather, the majority of their loss was caused by an excluded peril - i.e., water damage. State Farm further avers that an award to Plaintiffs

under Louisiana VPL would be in violation of the contract which exists between the parties, result in taking without just compensation, would interfere with interstate commerce, would constitute a deprivation of property without due process, and would deprive State Farm of equal protection of the laws, all in contravention of the Constitutions of the United States of America and the State of Louisiana.

### FOURTEENTH DEFENSE

In further answer, to the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under any amended version of L.R.S. 22:658, L.R.S. 22:1220, or any other such statute, defendant contends that these amendments do not have retroactive effect, and that to give them retroactive effect, or to apply them to events and/or losses that occurred prior to the date of the amendment, would be in violation of the U.S. Constitution and the Louisiana State Constitution.

### FIFTEENTH DEFENSE

To the extent that Plaintiffs seek damages for loss of use of the insured property, State Farm denies that they are entitled to said damages since any loss of use of the property occurred as a result of a non covered peril under the policy of insurance.

WHEREFORE, State Farm prays that its answer and defenses be deemed good and sufficient and that after due proceedings had, there be judgment herein in its favor, dismissing Plaintiffs' suit with prejudice at Plaintiffs' costs. Further, Defendants pray for a trial by jury on all issues and for all general and equitable relief permitted under Louisiana law.

Respectfully submitted,

_____
PETER J. WANEK, 23353
DONNA BRAMLETT WOOD, 22692
LINDA A. TAFARO, 25891
McCRANIE, SISTRUNK, ANZELMO, HARDY,
  MAXWELL & McDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
ATTORNEYS FOR DEFENDANT,
STATE FARM FIRE&CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ____ day of October, 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

_____
PETER J. WANEK