UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: BARGE | § | |
| (Parfait, No. 07-3500) | § | |
| _____ | § | |

## DEFENDANT UNITED STATES' MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendant, United States of America, has moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' action for lack of subject matter jurisdiction. Plaintiffs' Complaint, styled as a class action against the United States and other non-federal defendants, alleges, *inter alia*, tort claims for damages arising from the failure of certain levee systems in New Orleans, Louisiana, during Hurricane Katrina, the negligent mooring and failure to remove a barge from the Industrial Canal and the negligent performance of work conducted in the Industrial Canal.  Plaintiffs assert subject matter jurisdiction exists over their claims against the United States under 28 U.S.C. 1331, 1332, 1333 and 1367, the Federal Tort Claims Act (FTCA), the Suits in Admiralty Act (SAA) and the

1

Public Vessels Act (PVA). Compl. ¶ IV. Suit against the United States is premised upon alleged acts or omissions of federal employees of the United States Army Corps of Engineers (Corps).

The FTCA and the Admiralty Extension Act (AEA) 46 U.S.C. § 30101, require that a plaintiff exhaust its administrative remedies prior to filing suit. *See* 28 U.S.C. § 2675(a); 46 U.S.C. § 30101 (c)(2). No suit under the FTCA or the AEA can be commenced against the United States until six months after the presentment of a claim to the appropriate federal agency. *Id.* Plaintiffs failed to comply with the minimal administrative requirements for presenting a claim to the Corps before commencing this action. For this reason, the United States' motion to dismiss for lack of jurisdiction should be granted.

## BACKGROUND

In their Complaint, Plaintiffs ask that the United States be held liable for various damages suffered in the wake of Hurricane Katrina. Compl. ¶ V. According to Plaintiffs, these harms were caused by the defective and negligent design, construction, planning, inspection, maintenance, and dredging of the Industrial Canal, the Mississippi River Gulf Outlet (MRGO) and the Gulf Intracoastal Waterway (GICW). Compl. ¶ VI (a).

Prior to filing suit, Plaintiffs failed to comply with the statutorily mandated jurisdictional prerequisites to suit under the FTCA and the AEA, and their failure deprives this Court of jurisdiction to consider their claims. Specifically, on December 14, 2006, Plaintiffs' counsel sent a six-page certified letter to the Corps and Federal Emergency Management Agency (FEMA) listing the name of each plaintiff or their representative, the alleged statutory bases for the claimants' administrative claims and provided a sum certain of $2.5 million in damages for each claimant. No additional information regarding the claims was provided to the Corps or FEMA in the letter. Rec.

Doc. No. 1, Exhibit A.

## ARGUMENT

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Because the federal courts are courts of limited jurisdiction, if an action does not come within the limited grant of power derived from Article III of the U.S. Constitution and from Congress' legislative acts, a federal court does not have the power to hear or determine that action. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995)*, rehr'g denied,* 81 F.3d 520 (5th Cir. 1996), *cert. denied,* 519 U.S. 927 (1996). Further, the burden to establish jurisdiction rests on the party asserting it. *Kokkenen*, 511 U.S. at 377 ("Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Plaintiffs have failed to meet this burden.

The United States, through the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, has "waived [its] sovereign immunity . . . for certain torts committed by federal employees." *Id.; accord Guile v. United States,* 422 F.3d 221, 229 (5th Cir. 2005). "As the FTCA is a waiver of the government's sovereign immunity, [courts] must strictly construe the statute; any ambiguities will be resolved in favor of the sovereign." *McLaurin v. United States,* 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), *cert denied,* 545 U.S. 1104 (2005).

3

The Court lacks jurisdiction over this action because sovereign immunity shields the United States from this suit. Foremost, Plaintiffs have failed to exhaust their administrative remedies before filing suit in accordance with 28 U.S.C. § 2675(a) and 46 U.S.C. § 30101 (c)(2). These statutes set forth the jurisdictional prerequisites to filing suit against the United States pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, and the AEA, 46 U.S.C. § 30101. Because Plaintiffs failed to exhaust their administrative remedies, this Court lacks subject matter jurisdiction over Plaintiffs' action, requiring dismissal.

### I.   PLAINTIFFS CANNOT BRING SUIT UNDER THE FTCA BECAUSE THEY HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

Plaintiffs in this matter sent an almost identical letter to the Corps for their damages arising out of Hurricane Katrina prior to filing a third-party complaint against the United States in the limitation proceeding styled, *In re Ingram Barge Company, as Owner of the ING4727,* No. 05-4419. In that case, Plaintiffs' third-party complaint was dismissed by the Court on the grounds of res judicata and for Plaintiffs' failure to exhaust their administrative remedies. *See In re Ingram Barge Co.,* No. 05-4419, slip op. (E.D. La. Feb. 15, 2007).

In the *In re Ingram Barge Co.* matter, Plaintiffs' letter to the Corps set forth a list of all plaintiffs, the statutory bases of their claims and a sum certain for each claim in the amount of $2.5 million. *Id.* at 2. The Court found that the statements in Plaintiffs' letter, "do not provide the government with information necessary to investigate the individual claims and place a value on them." *Id.* at 2. The Court further found, "Each of the plaintiffs listed . . . could not have suffered exactly the same damages. Furthermore, there is no information provided as to each plaintiff's specific injuries or damages." *Id.* at 2. Notably, the Court stated, "The government cannot be

expected to investigate a claim that is stated and valued as broadly as Parfait Plaintiffs' was in their February 17, 2006 letter." *Id.* at 2.

Like the letter sent by the Parfait Plaintiffs to the Corp in the *In re Ingram Barge Co.* case, Plaintiffs' counsel's letter to the Corps dated December 14, 2006, in this matter fails to fulfill the administrative claim requirements under the FTCA and the AEA.  Plaintiffs' December 14, 2006 letter does not provide the government with information necessary to investigate the individual claims or place a value on them.  Apart from listing the potential claimants, stating a litany of alleged bases for jurisdiction, providing a list of generalized damages, and providing a sum certain of $2.5 million for each claimant, no additional information is provided in the letter.

Based on the foregoing, Plaintiffs have no viable claim under the FTCA and the AEA because they have again failed to exhaust their administrative remedies prior to filing suit.  This Court, therefore, lacks subject matter jurisdiction over Plaintiffs' action, requiring dismissal of Plaintiffs' suit under Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss Plaintiffs' Complaint should be granted.

October 11, 2007                                  Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            C. FREDERICK BECKNER III
                                            Deputy Assistant Attorney General

                                            PHYLLIS J. PYLES
                                            Director, Torts Branch

                                            JAMES G. TOUHEY, JR.
                                            Assistant Director, Torts Branch

                                            s/ Kara K. Miller
                                            KARA K. MILLER
                                            Trial Counsel
                                            JESSICA G. SULLIVAN
                                            Trial Attorney
                                            Torts Branch, Civil Division
                                            U.S. Department of Justice
                                            P.O. Box 888
                                            Benjamin Franklin Station
                                            Washington, D.C.  20044
                                            (202) 616-4448
                                            (202) 616-5200 (fax)
                                            kara.k.miller@usdoj.gov
                                            Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

      I, Kara K. Miller, hereby certify that on October 11, 2007, I served a true copy of "United States' Memorandum in Support of its Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.

                                                        /s/ Kara K. Miller
                                                        Kara K. Miller