UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES § | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | NO. 05-4182 "K" (2) |
| § | JUDGE DUVAL |
| § | MAG. WILKINSON |
| § | |
| PERTAINS TO: BARGE § | |
| (Lafarge, No. 07-5178) § | |
| § | |

**DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Defendant, United States of America, has moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff, Lafarge North America, Inc.'s (LNA) action for lack of subject matter jurisdiction. Plaintiff's Complaint alleges tort claims for damages arising from the failure of certain levee systems and flooding in New Orleans, Louisiana, during Hurricane Katrina. Plaintiff asserts subject matter jurisdiction exists over its claims against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671, *et seq.*, the Suits in Admiralty Act (SAA), 46 U.S.C. § 30901, *et seq.* (formerly codified as 46 U.S.C. § 741, *et seq.),* the Admiralty Extension Act (AEA), 46 U.S.C. § 30101 (formerly codified as 46 U.S.C. § 740), and the general maritime law of the United States.

1

Compl. ¶ I. Suit against the United States is premised upon the alleged acts or omissions of federal employees of the United States Army Corps of Engineers (Corps).

Both the FTCA and the AEA require that a plaintiff exhaust its administrative remedies prior to filing suit. See 28 U.S.C. § 2675(a); 46 U.S.C. § 30101 (c)(2). No suit under the FTCA or the AEA can be commenced against the United States until six months after the presentment of a claim to the appropriate federal agency. *Id.* Plaintiff, LNA, failed to allow six months to elapse before commencing this action. For this reason, the United States' motion to dismiss for lack of jurisdiction should be granted.

## BACKGROUND

In its Complaint, LNA asks that the United States be held liable for various damages it suffered in the wake of Hurricane Katrina. Compl. ¶¶ V, VI, VIII, IX, X. According to Plaintiff, these harms were caused by the negligence of the Corps in the design, construction, supervision, maintenance and inspection of the levees, retaining walls and related component structures which failed during Katrina causing flooding and damages. Compl. ¶ VIII. Plaintiff also avers it previously asserted a claim for indemnity and contribution for third party liability in the lawsuit *In re Ingram Barge,* Civil Action No. 05-04419. Compl. ¶ VI.

Plaintiff further avers it exhausted its administrative remedies by presenting its "Claims for Damages, Injury or Death" (Standard Form 95 or "SF 95") to the Corps on March 1, 2007. Compl. ¶¶ VII and XI. Plaintiff filed the instant lawsuit asserting claims against the United States on August 29, 2007, prior to the expiration of the six month period for the Corps to make a final disposition of Plaintiff's administrative claims.

**ARGUMENT**

**PLAINTIFF CANNOT BRING SUIT UNDER THE FTCA BECAUSE IT DID NOT EXHAUST ITS ADMINISTRATIVE REMEDIES.**

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Because the federal courts are courts of limited jurisdiction, if an action does not come within the limited grant of power derived from Article III of the U.S. Constitution and from Congress' legislative acts, a federal court does not have the power to hear or determine that action. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995)*, cert. denied,* 519 U.S. 927 (1996). Further, the burden to establish jurisdiction rests on the party asserting it. *Kokkenen*, 511 U.S. at 377 ("Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Plaintiff has failed to meet this burden.

The United States, through the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, has "waived [its] sovereign immunity . . . for certain torts committed by federal employees." *Id.; accord Guile v. United States,* 422 F.3d 221, 229 (5th Cir. 2005). "As the FTCA is a waiver of the government's sovereign immunity, [courts] must strictly construe the statute; any ambiguities will be resolved in favor of the sovereign." *McLaurin v. United States,* 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), *cert denied,* 545 U.S. 1104 (2005).

The Court lacks jurisdiction over this action because sovereign immunity shields the United States from this suit. Plaintiff failed to exhaust its administrative remedies before filing suit in accordance with 28 U.S.C. § 2675(a) and 46 U.S.C. § 30101(c)(2). These statutes set forth the jurisdictional prerequisites to filing suit against the United States pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, and the AEA, 46 U.S.C. § 30101. Because the Plaintiff failed to allow six months to elapse before filing suit, this Court lacks subject matter jurisdiction over Plaintiff's action, requiring dismissal.

Under the FTCA, a claimant is precluded from filing suit in district court unless it has first presented its claim to the appropriate federal agency. See *McNeil v. United States,* 508 U.S. 106, 113 (1993). Once the claim is presented to the appropriate federal agency, the agency has six months within which to consider the claim and settle it if possible. If no action is taken within six months, a claimant may deem the claim denied and file suit. During this six-month period, the claimant may not file suit unless the agency formally denies the claim. *Id.*

The statute expressly prohibits commencement of a tort action against the United States before administrative remedies have been exhausted:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675(a) (emphasis added). The AEA likewise provides that a civil action may not be brought against the United States until the expiration of the six month period after the claim has been presented in writing to the appropriate Federal agency.

Failure to comply with these exhaustion requirements leaves "the district court . . . without subject matter jurisdiction." *Price v. United States,* 81 F.3d 520, 521 (5th Cir. 1996); *accord Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995), *cert. denied,* 519 U.S. 927 (1996); *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1342 (5th Cir. 1991).

No suit under the FTCA or the AEA can be commenced against the United States until six months after giving written notice of a claim. Plaintiff presented its administrative claims to the Corps on March 1, 2007. Thus, Plaintiff's lawsuit, filed on August 29, 2007, less than six months later, is premature. Because Plaintiff failed to comply with the jurisdictional prerequisites set forth at 28 U.S.C. § 2675(a) and 46 U.S.C. § 30101(c)(2), its action is premature, requiring dismissal by this Court.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss should be granted.

October 11, 2007                                          Respectfully submitted,

                                                PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

s/Kara K. Miller
KARA K. MILLER
Trial Attorney
JESSICA G. SULLIVAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4448
(202) 616-5200 (fax)
kara.k.miller@usdoj.gov
Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

      I, Kara K. Miller, hereby certify that on October 11, 2007, I served a true copy of "United States' Memorandum in Support of its Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.

                                                /s/Kara K. Miller
                                                Kara K. Miller