UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO. 05-4182 "K" (2) |
| § | | JUDGE DUVAL |
| § | | MAG. WILKINSON |
| PERTAINS TO:  BARGE § | | |
| § | | |
| FILED IN:    05-5724; 05-5531; 06-5342; § | | |
| 06-6299; 06-7516; 07-3500; § | | |
| 07-5178 § | | |
| § | | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR
RELIEF FROM CASE MANAGEMENT ORDER NO. 5**

The United States of America moves for amendment of Case Management Order ("CMO") No. 5 and the discovery schedule it imposes because there is no subject matter jurisdiction over the United States in any action against it in the Barge category, and, alternatively, because the discovery schedule imposed by CMO No. 5 is unworkable in light of the schedule in the three pre-existing separate tracks of litigation against the United States created by CMO No. 4 and *Robinson* CMO No. 1.  CMO No. 5 subjects the United States to extensive discovery *prior to* the Court's ruling on pending motions to dismiss all claims against the United States in the Barge category for lack of subject matter jurisdiction.  Further, the discovery obligations imposed by CMO No. 5 create a fourth track of litigation in which discovery is required to be immediately conducted—simultaneously with the ambitious deadlines

imposed in the three other tracks: *Robinson*, MRGO, and Levee. No other litigant bears equivalent burdens in all four of these tracks.

For these reasons, the United States respectfully requests that the discovery deadlines applicable to the United States in the Barge category be stayed pending rulings on its motions to dismiss. The United States further requests that CMO No. 5 be amended to permit all party categories to reserve some of the allotted interrogatories, requests for admission, and requests for production to be served in a second phase of written discovery.

## ARGUMENT

### I. Discovery Deadlines Applicable to the United States Pose Unreasonable Burdens on It and Should Therefore Be Stayed Pending Disposition of the United States' Motions to Dismiss.

The Barge category created by CMO No. 5 includes seven cases, of which two name the United States as a defendant directly and five name it as a third-party defendant. The United States has filed motions to dismiss all of these claims against it for lack of subject matter jurisdiction. *See* R.D. 8364 and 8365 in 05-4182, and R.D. 688 in 05-4419. For the reasons explained in R.D. 8364 and 8365, the two direct actions against the United States, Nos. 07-3500 (*Parfait Family*) and 07-5178 (*Lafarge*), are plainly subject to prompt dismissal because the plaintiffs failed to exhaust their administrative remedies under the FTCA and the AEA before filing suit. The motions to dismiss these cases have been set for a hearing on October 31, 2007. R.D. 8364-3, 8365-3.

The United States' motion to dismiss the third-party claims in the other five cases raises the United States' immunity pursuant to the Flood Control Act, 33 U.S.C. § 702c, and this Court recently continued the hearing date on the motion from September 17, 2007, to January 16, 2008,

so that it may be heard in conjunction with oral argument on the United States' immunity in *Robinson*. *See* R.D. 7741. In so ruling, the Court stated that the continuance of the motion hearing was necessary to allow "all of the litigants in LEVEE, MRGO and *Robinson* to . . . hav[e] a voice in its determination." *Id.* at 3. The Court further ordered "that LEVEE, MRGO and *Robinson* plaintiffs shall file *amicus curiae* in this matter no later than November 19, 2007." *Id.* at 4. The United States must file a reply to any *amicus curiae* briefs by December 17, 2007. *Id.*

Simultaneously with ordering additional briefing related to the United States' motion to dismiss the third-party claims in the Barge category, the Court issued CMO No. 5 and directed that discovery in the Barge cases would commence immediately and proceed expeditiously. CMO No. 5 requires written discovery to be issued in the Barge cases on October 12, 2007. With five party categories (plaintiffs; state/local government entities; barge interests; the United States; and Washington Group International, Inc.), the United States may be served with a total of 200 interrogatories, 200 requests for admission, and 200 requests for production on October 12.[1] The CMO also requires the United States to issue its affirmative discovery requests to the four other party categories immediately.

The United States' responses to up to 600 written discovery requests will be due on November 30, 2007. Also by November 30, 2007, the United States must meet and confer with

---

[1] Washington Group International, Inc. ("WGII") has filed an unopposed motion for extension of the October 12, 2007, deadline to serve its discovery. R.D. 8283. Therefore, the United States may be served with 150 each of interrogatories, requests for admission, and requests for production of documents, for a total of 450 written discovery requests on October 12, 2007. Even this reduced number is extremely burdensome, particularly in combination with the other deadlines to which the United States is subject.

all other counsel in the Barge, Levee and MRGO categories and prepare a written report regarding the scheduling of fact depositions. Further, CMO No. 5 requires the United States to file its preliminary lists of fact witnesses and exhibits to be introduced at trial in the Barge cases on November 20, 2007. These lists must be supplemented on December 20, 2007, and the United States' list of all expert witnesses to be used at trial is due December 30, 2007. Additional deadlines continue after the January 16, 2008, hearing on the United States' motion to dismiss the third-party claims.

Meanwhile, the United States continues to be subject to an ambitious schedule of briefing and discovery deadlines imposed by CMO No. 4 and *Robinson* CMO No. 1. The United States' motion for summary judgment in *Robinson* is due on November 19, 2007, and a reply brief is due on December 17, 2007, the same date by which the United States must reply to any amicus briefs that are filed regarding the Barge third-party complaints. CMO No. 4 and *Robinson* CMO No. 1 also impose the following deadlines on the United States prior to the January hearing date:

| | |
|---|---|
| October 15, 2007: | Produce all *Robinson* section 702c expert reports; |
| October 17, 2007: | Designate Levee and MRGO common liability expert witnesses; |
| | Hearings on Levee and MRGO *Daubert* or other pre-hearing class certification motions; |
| by November 2, 2007: | Complete all *Robinson* section 702c discovery, including depositions of plaintiffs' eight experts; |
| November 5-16, 2007: | Levee and MRGO class certification hearings; |
| November 19, 2007: | Serve and be served with any remaining Levee and MRGO common liability interrogatories, requests for admission, and requests for production; |

| | |
|---|---|
| December 15, 2007: | Designate all *Robinson* expert witnesses; |
| December 19, 2007: | Object to or answer any additional Levee and MRGO common liability interrogatories, requests for admission, and requests for production; |
| Ongoing: | Rolling document production; |
| | Updates of Levee and MRGO common liability witness and exhibit lists. |

These pre-existing deadlines establish a demanding schedule in three tracks of cases. To subject the United States to the additional and burdensome discovery deadlines in the Barge cases *prior to* the Court satisfying itself that it has jurisdiction over the subject matter of the Barge cases is unworkable and contrary to the Court's expressed intention to "manage the course of this mammoth litigation in as smooth and timely manner as possible," R.D. 7741 at 2, and to "explore ways to minimize duplicative or repetitive discovery or proceedings in multiple forums," CMO No. 4 at 49. Therefore, the United States submits that the most efficient approach to the Barge category is to stay all discovery involving the United States until after the Court rules on the pending motions to dismiss.

A stay of discovery will avoid unnecessary duplication of effort for all parties and the Court. First, there is no need for discovery prior to ruling on the pending motions to dismiss; the motions are brought pursuant to Rule 12(b)(1) and are subject to dismissal based on the pleadings alone. The burdensome discovery mandated by CMO No. 5 as to the United States will prove to be a waste of time for all parties should the United States' motions to dismiss be granted. If the United States is not dismissed from these actions at the outset, ample time would remain to conduct discovery at that point. Further, a stay of discovery as to the United States

5

would permit the parties only recently added to the *In re Katrina* umbrella to review the extensive discovery already produced by the United States in the *Robinson*, Levee, and MRGO tracks, which is likely to avoid unnecessary duplication of efforts.

During the telephone status conference on September 17, 2007, Plaintiffs' Liaison Counsel offered to share existing information with the Barge plaintiffs.  But the impending deadline to issue Barge discovery (October 12) makes it all but impossible for the parties to review the prior document productions and written discovery responses prior to determining whether additional discovery requests would be useful.  Staying the deadline for issuance of discovery would allow the parties to eliminate wasteful and time-consuming duplication (indeed, multiplication) of effort.  There is no need for the Barge discovery to proceed on such short deadlines, and a stay of discovery as to the United States will serve to promote efficiency by avoiding the potential for an unnecessary and unproductive multiplication of effort.

Rule 16(b) provides that a Court's scheduling order "shall not be modified except upon a showing of good cause," Fed. R. Civ. P. 16(b), and "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Here, the United States is a defendant in over 400 cases and is simultaneously subject to intensive discovery and briefing deadlines imposed by three independent scheduling orders.  The United States has diligently worked to meet all deadlines imposed upon it in these consolidated actions.  The Barge discovery schedule is, however, unduly burdensome and oppressive in light of the existing deadlines to which the United States is subject in the coming

90 days.  Good cause exists to stay discovery as to the United States until the Court rules on the pending motions to dismiss the United States from all actions in the Barge category.  The requested stay will not prejudice other parties and, as explained, will promote efficiency in the management of this massive litigation.

**II.  CMO No. 5 Should be Amended to Provide for a Second Phase of Written Discovery.**

CMO No. 5 was issued on September 18, 2007, setting a schedule for class certification proceedings, disclosures, discovery, motion practice, and trial.  The CMO provides for a discovery period lasting a full year (from the entry of the scheduling order on September 18, 2007, through the conclusion of expert depositions on September 19, 2008), and sets a trial date of June 15, 2009.  Despite the year-long period for discovery, however, all interrogatories, requests for admission, and requests for production are directed to be completed in the first 11 weeks; written discovery is to be served on October 12, 2007, less than four weeks after CMO No. 5 was issued, with responses due on November 30, 3007.  The CMO includes a provision for additional written discovery to occur only by written agreement of the parties or by order of the Court after a motion establishing good cause.  CMO No. 5 at ¶ V(A)(8).  The deadline for completion of any such additional written discovery is May 16, 2008.

The United States submits that it is in the interest of judicial efficiency and fairness to all parties to amend CMO No. 5 to allow for a second phase of written discovery, rather than to require all written discovery to take place immediately.  The United States therefore requests that CMO No. 5 be amended to permit all party categories to reserve some of the allotted interrogatories, requests for admission, and requests for production to be served in a second phase of written discovery.  The total of all written discovery requests in Phases I and II would

7

remain limited to 50 each (interrogatories, requests for admission, and requests for production) issued to each party category in CMO No. 5 Paragraph I(B), as currently provided in CMO No. 5 Paragraph V(A).  The United States proposes that a reasonable period for conducting a second phase of written discovery would be in advance of the existing May 16, 2008, cut-off date.  This proposed amendment to CMO No. 5 is in accordance with the similar amendment made to CMO No. 4 governing the MRGO and Levee master complaints.  *See* R.D. 5250.

## CONCLUSION

For these reasons, the Court should stay the discovery deadlines imposed on the United States pursuant to CMO No. 5 pending a ruling on the United States' motions to dismiss; and, further, CMO No. 5 should be amended to provide for a second phase of written discovery.

Dated:  October 11, 2007                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

s/ Kara K. Miller
KARA K. MILLER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4448 / (202) 616-5200 (Fax)
Attorneys for the United States

## CERTIFICATE OF SERVICE

  I, Kara K. Miller, hereby certify that on October 11, 2007, I served a true copy of the United States' Motion for Relief from Case Management Order No. 5, Memorandum in Support, and Notice of Hearing upon all counsel of record by ECF.

        s/ Kara K. Miller
         Kara K. Miller