UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: LEVEE | JUDGE DUVAL<br><br>MAG. WILKINSON |
| FILED IN    05-4181, 05-4182, 05-4191, 05-4568,<br>05-5237, 05-6073, 05-6314, 05-6324,<br>05-6327, 05-6359, 06-0020, 06-1885,<br>06-0225, 06-0886, 06-11208, 06-2278,<br>06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931,<br>06-5032, 06-5042, 06-5159, 06-5163,<br>06-5367, 06-5471, 06-5771, 06-5786,<br>06-5937, 06-7682, 07-0206, 07-0647,<br>07-0993, 07-1284, 07-1286, 07-1288,<br>07-1289 | |

**MEMORANDUM IN SUPPORT OF LEVEE DEFENDANTS' MOTION TO
STRIKE CERTAIN ALLEGATIONS CONTAINED IN PLAINTIFFS' FIRST
SUPPLEMENTAL AND AMENDING LEVEE MASTER CONSOLIDATED
CLASS ACTION COMPLAINT AND PLAINTIFFS' CORRECTED RESTATED
<u>LEVEE MASTER CONSOLIDATED CLASS ACTION COMPLAINT</u>**

- 1 -

I.  **INTRODUCTION AND PROCEDURAL HISTORY**

On August 8, 2007, a hearing before this Court was held on, *inter alia*, plaintiffs' Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint (Doc. 6584). In their Motion, plaintiffs sought to amend their Superseding Master Consolidated Class Action Complaint ("Superseding Complaint") (Doc. 3420) filed on March 15, 2007. Defendants opposed the Motion via an opposition memorandum (Doc. 6793) and via oral argument at the August 8th hearing.

At the conclusion of the August 8th hearing, this Court granted, in part, plaintiffs' Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint. Subsequent to the aforementioned hearing, this Court reduced the reasons orally assigned via written Order executed on August 10th (Doc. 6939).

This Court, in its written Order, specifically delineated the various respects in which it granted plaintiffs' Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint, holding that the Motion was granted as follows:

(a) Plaintiffs shall be allowed to substitute the class representatives as proposed;

(b) Plaintiffs shall be allowed to amend the class allegations to narrow the class certification hearing as proposed;

(c) Plaintiffs shall be allowed to amend the geographical description of Zone 2 to correct a clerical error;

(d) Plaintiffs shall be allowed to add National Union Fire Insurance Company as a direct defendant; and

(e) Plaintiffs shall be allowed to amend the "common liability" issues.

However, this Court, in its written Order, specifically delineated the various respects in which it denied plaintiffs' Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint, holding that the Motion was denied as follows:

>   (a)   amending the Complaint to allege that OLD and SWB negligently abandoned an authorized plan to install floodgates. The initial allegations concerning the "Barrier Plan" and the "High Level Plan" shall not be amended; and
>
>   (b)   [Subclass] 4 being incorporated into Count 1 [i.e., Legal Fault in the Dredging of the 17th Street Canal].

## II.   CERTAIN ALLEGATIONS CONTAINED IN PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING LEVEE MASTER CONSOLIDATED CLASS ACTION COMPLAINT AND PLAINTIFFS' CORRECTED RESTATED LEVEE MASTER CONSOLIDATED CLASS ACTION COMPLAINT SHOULD BE STRICKEN

On August 10, 2007, in response to the Court's ruling at the August 8th hearing, plaintiffs filed a First Supplemental and Amending Levee Master Consolidated Class Action Complaint ("First Supplemental Complaint") (Doc. 6941). Subsequently, on September 12, 2007, the Court issued an Order allowing the filing of Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint ("Corrected Restated Complaint") (Doc. 7571) which had been submitted for filing on August 3, 2007 (Doc. 6826-3). In its Order (Doc. 7570), the Court stated "This Order does not impact nor amend the Court's ruling concerning the substantive motion as found in Record Doc. 6939; it simply allows the filing of the corrected document as sought at that time." Unfortunately, certain allegations contained in both of these Complaints do not comport with this Court's August 10, 2007 Order. These particular allegations, which are discussed below, should be stricken.

3

A.  **Plaintiffs' Attempts to Add Claims by the Entire Class and Subclass 4 of Legal Fault in the Design and Construction of the 17th Street Canal Levees and Floodwalls are Violative of the Court's Prior Orders and Should be Stricken**

Plaintiffs, in their Superseding Complaint, allege damages occurring to putative class members in Subclasses 1, 2 and 5 as a result of legal fault on the part of various defendants herein in connection with the design and construction of the 17th Street Canal Levees and Floodwalls.[1]

Plaintiffs, in both their First Supplemental Complaint and Corrected Restated Complaint, add both the entire class and putative class members in Subclass 4 as persons allegedly suffering damages as a result of legal fault on the part of various defendants herein in connection with the design and construction of the 17th Street Canal Levees and Floodwalls.[2]

Plaintiffs' attempts to amend their Superseding Complaint by adding the entire class and Subclass 4 to their allegations concerning alleged legal fault on the part of various defendants herein in connection with the design and construction of the 17th Street Canal Levees and Floodwalls are not authorized by this Court's August 10, 2007 Order.[3] As such, plaintiffs' allegations that putative class members in the entire class and the putative class members in Subclass 4 suffered damages as a result of legal fault on the part of various defendants herein in

---

[1] See Count II of plaintiffs' Superseding Complaint, ¶ 216.

[2] See Count Three of plaintiffs' First Supplemental Complaint, section heading and ¶ 121; see also Count Three of plaintiffs' Corrected Restated Complaint, section heading and ¶ 121.

[3] At the August 8th hearing, counsel for plaintiffs remarked that the Subclass 4 allegations relating to the 17th Street Canal were made before seeing his Dutch expert's model. Because "the model clearly showed there is no 17th Street Canal water in that zone," Mr. Bruno said, "I'm happy to withdraw that allegation. . . . This is the allegation that in a particular zone we've added the allegation that those responsible for the 17th Street Canal breach were responsible for the water in Zone 4, and we withdraw that." See page 15 of the transcript of the August 8, 2007 hearing, which is attached hereto as Exhibit 1.

4

connection with the design and construction of the 17th Street Canal levees and floodwalls must be stricken.

>   **B.   Plaintiffs' Attempts to Inject Wholly New Claims Which Involve an Entirely Separate Canal, the Orleans Avenue Canal, and to Add the Entire Class and Subclasses 2 and 4 to Their Claims Regarding the London Avenue Canal, Should be Stricken**

Plaintiffs, in their Superseding Complaint, allege damages occurring to putative class members in Subclasses 1, 3 and 5 as a result of legal fault on the part of various defendants herein in connection with the design and construction of the London Avenue Canal.[4]

Plaintiffs, in both their First Supplemental Complaint and Corrected Restated Complaint, add new allegations of negligent design and construction of floodwalls at the Orleans Avenue Canal and add both the entire class and putative class members in Subclasses 2 and 4 as persons allegedly suffering damages as a result of legal fault on the part of various defendants herein in connection with the design and construction of the London Avenue Canal and the Orleans Canal floodwalls.[5]

Plaintiffs' attempts to amend their Superseding Complaint by (1) adding allegations concerning alleged legal fault on the part of various defendants herein in connection with the design and construction of the Orleans Avenue Canal floodwalls; and (2) adding the entire class and Subclasses 2 and 4 to their allegations concerning alleged legal fault on the part of various defendants herein in connection with the design and construction of the London Avenue Canal and Orleans Avenue Canal floodwalls are not authorized by this Court's August 10, 2007 Order. As such, these particular allegations must be stricken.

---

[4] See Count III of plaintiffs' Superseding Complaint, ¶ 235.

[5] See Count Four of plaintiffs' First Supplemental Complaint, section heading and ¶¶ 151-158; see also Count Four of plaintiffs' Corrected Restated Complaint, section heading and ¶¶ 151-158.

5

The proposed Plaintiffs' Restated Levee Master Consolidated Class Action Complaint [Doc. 6584-3], namely the pleading taken up at the August 8th hearing, did not include any allegations about the Orleans Avenue Canal. Accordingly, the Court did not grant plaintiffs leave to add claims related to the Orleans Avenue Canal.

Plaintiffs first attempted to add allegations regarding the Orleans Avenue Canal in their Corrected Restated Complaint. On August 3, 2007, plaintiffs filed an Ex-Parte Motion and Incorporated Memorandum in Support for Leave to Substitute Plaintiffs' Proposed Restated Levee Master Consolidated Class Action Complaint (Record Document 6584-3) with Corrected Version of Plaintiffs' Restated Levee Master Consolidated Class Action Complaint. [Doc. 6826]. In that motion, plaintiffs indicated they wanted to amend the Complaint due to various errors in editing. After obtaining defendants' consent to make certain editing changes, plaintiffs filed their Ex-Parte motion. What Plaintiffs did not seek defendants' consent to do, however, and did not advise the Court that they were doing, was to add new claims relative to the Orleans Avenue Canal. In Count Four of the proposed Corrected Restated Complaint, plaintiffs, for the first time, added allegations of negligent design and construction of floodwalls at the Orleans Avenue Canal. See, ¶¶151-157 of the Corrected Restated Complaint.

The Orleans Avenue Canal claims should be stricken. Plaintiffs did not obtain consent of defendants or leave of Court to file these new claims.

### C.   Plaintiffs' Attempts to Add Overall Class and Subclass 4 to Allegations Concerning the 17th Street Canal Drainage Project Should be Rejected

Plaintiffs, in Count One of both their First Supplemental Complaint and Corrected Restated Complaint, add putative class members in the overall class and in Subclass 4 as persons allegedly suffering damages as a result of legal fault on the part of various defendants herein in

connection with the 17th Street Canal Drainage Project.[6] Such attempted amended allegations were expressly denied by the Court's August 10, 2007 Order, in which the Court specifically denied plaintiffs' request to amend their Superseding Complaint by "[Subclass] 4 being incorporated into Count 1." As such, these allegations must be stricken, and the claims in Count 1 should remain as claims by Subclass 1, 2 and 5 only.

### D. Plaintiffs' Attempts to Amend Allegations of Fault on the Part of the Orleans Levee District and Sewerage and Water Board with Respect to the "Barrier Plan" and "High Level Plan" Should be Stricken

Plaintiffs, in their Superseding Complaint, allege that the Orleans Levee District ("OLD") and the Sewerage and Water Board ("SWB") are liable to plaintiffs for their refusal to agree to the implementation of the "Barrier Plan."[7] This Court, in its August 10, 2007 Order, specifically denied plaintiffs' request to amend the allegations contained in their Superseding Complaint concerning the "Barrier Plan" and "High Level Plan," stating that plaintiffs' request to amend was denied with respect to: "amending the Complaint to allege that OLD and SWB negligently abandoned an authorized plan to install floodgates. The initial allegations concerning the 'Barrier Plan' and 'High Level Plan' shall not be amended . . ."

Despite the clear mandate of this Court's Order, plaintiffs have, in fact, inserted new allegations concerning the "Barrier Plan" and "High Level Plan." Specifically, in both their First Supplemental Complaint and Corrected Restated Complaint, plaintiffs have attempted to amend their allegations concerning these plans to allege that the OLD and SWB were negligent in refusing to implement the High Level Plan utilizing floodgates and insisting on the adoption of

---

[6] See Count One of plaintiffs' Corrected Restated Complaint, section heading and ¶¶ 86 and 88-91.

[7] See Count I of plaintiffs' Superseding Complaint, ¶¶ 208 and 210.

the "parallel plan."[8] As these allegations are expressly denied by this Court in its August 10, 2007 Order, they must be stricken.

### E. Plaintiffs' Attempts to Add Allegations Against SWB of Negligent Design and Construction of Floodwalls at the London Avenue Canal Should be Stricken

In their Superseding Complaint, plaintiffs did not make any claims against SWB for fault in the design and construction of the London Avenue Canal. However, SWB is included in the section heading of Count Four of both the First Supplemental Complaint and the Corrected Restated Complaint relating to allegations of negligent design and construction of floodwalls at the London Avenue Canal. Count Four of both the First Supplemental Complaint and Corrected Restated Complaint also include new factual allegations against SWB relating to the London Avenue Canal.[9] Plaintiffs' attempts to amend their Superseding Complaint to add claims against SWB relating to the London Avenue Canal are not authorized by this Court's August 10, 2007 Order.[10] Therefore, any allegations or claims against SWB relating to the London Avenue Canal must be stricken.

---

[8] See Count Three of plaintiffs' First Supplemental Complaint, ¶¶ 137 and 142; Count One of plaintiffs' Corrected Restated Complaint, ¶¶ 87(e) and 88(b); and Count Three of plaintiffs' Corrected Restated Complaint, ¶¶ 137 and 142

[9] See Count Four of plaintiffs' First Supplemental Complaint, section heading and ¶142; see also Count Four of plaintiffs' Corrected Restated Complaint, section heading ¶142.

[10] SWB denies that the references relating to the London Avenue Canal in the section heading and allegations of Count Four of plaintiffs' First Supplemental Complaint and Count Four of plaintiffs' Corrected Restated Complaint are sufficient to state a claim upon which relief may be granted against SWB. However, regardless of whether or not the allegations are sufficient to state a claim against SWB relating to the London Avenue Canal, they must be stricken because such additional allegations are not authorized by this Court's August 10, 2007 Order.

8

### F. Plaintiffs' Inclusion of Leslie Dorantes as a Proposed Subclass Three Representative Should be Stricken

Plaintiffs, in their Superseding Complaint, identified Leslie Dorantes as a proposed Subclass Three Representative. Ms. Dorantes was deposed on July 14, 2007. Shortly after Ms. Dorantes' deposition was held, plaintiffs' counsel verbally advised defendants' counsel that plaintiffs were withdrawing Ms. Dorantes as a proposed class representative. This statement was later confirmed by plaintiffs upon the filing of their Amended Motion for Class Certification (Doc. 6940), in which Ms. Dorantes was not listed or otherwise identified as a proposed Subclass Three Representative (or, for that matter, as any proposed class or subclass representative). However, in both their First Supplemental Complaint and Corrected Restated Complaint, plaintiffs have identified Ms. Dorantes as a proposed Subclass Three Representative.[11] Defendants surmise that this listing by plaintiffs of Ms. Dorantes as a proposed Subclass Three Representative is merely an oversight on the part of plaintiffs. However, out of caution, and consistent with the prior representations made by plaintiffs' counsel, defendants request that this Court strike Leslie Dorantes as a proposed Subclass Three Representative.

### III. CONCLUSION

WHEREFORE, for the reasons set forth above, defendants herein respectfully request that this Honorable Court grant Defendants' instant Motion, and that the following allegations contained in plaintiffs' First Supplemental and Amending Levee Master Consolidated Class Action Complaint and in plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint be stricken:

---

[11] See ¶¶ 15 and 18(c)(v) of plaintiffs' First Supplemental Complaint; see also ¶¶ 15 and 18(c)(v) of plaintiffs' Corrected Restated Complaint.

9

1. **Count Three (Allegations of Negligent Design and Construction of Floodwalls at the 17th Street Canal):** Section Heading of Count Three and Paragraph Nos. 121, 153 and 158 of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that they include the entire class and Subclass 4;

2. **Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal):** Section Heading of Count Four of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that it includes allegations concerning the Orleans Avenue Canal and the entire class and Subclasses 2 and 4;

3. **Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal):** Paragraph Nos. 151 – 157 of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that they include allegations concerning the Orleans Avenue Canal;

4. **Count I (17th Street Canal Drainage Project Allegations):** Section Heading of Count One and Paragraph Nos. 88 and 89 of plaintiffs' First Supplemental Complaint to the extent they include the overall class and Subclass 4; Section Heading of Count One and Paragraph Nos. 86 and 88-91 of plaintiffs' Corrected Restated Complaint to the extent they include the overall class and Subclass 4;

5. **Count I (17th Street Canal Drainage Project Allegations):** Paragraph Nos. 87 and 88 of plaintiffs' Corrected Restated Complaint and Paragraph No. 142 of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that they amend the plaintiffs' Superseding Complaint's allegations concerning the "Barrier Plan" and the "High Level Plan" or to allege that the OLD or SWB negligently abandoned an authorized plan to install floodgates;

6. **Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal):** Section Heading of Count Four and any allegations of Count Four of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent they attempt to assert a claim against SWB for any liability relating to the London Avenue Canal; and

7. **Proposed Class Representative:** The name "Leslie Dorantes" from Paragraph No. 15, as well as the entirety of Paragraph No. 18(c)(v), of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint.

Dated: October 16, 2007

Respectfully submitted,

s/ Thomas P. Anzelmo
McCRANIE, SISTRUNK, ANZELMO,
   HARDY, MAXWELL & McDANIEL
Thomas P. Anzelmo, P.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE: (504) 831-0946
FACSIMILE: (504) 831-2492

and

LABORDE & NEUNER
Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE: (337) 237-7000
FACSIMILE: (337) 233-9450
Attorneys for the ORLEANS LEVEE
DISTRICT


s/ Charles M. Lanier, Jr.
CHRISTOVICH & KEARNEY, LLP
Charles M. Lanier, Jr. - #18299
J. Warren Gardner, Jr. - #5928
Elizabeth Cordes - #1786
Pan American Life Center
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
TELEPHONE: (504) 593-4272
FACSIMILE: (504) 561-5743
Attorneys for the SEWERAGE AND WATER
BOARD OF NEW ORLEANS

s/ Gary M. Zwain
DUPLASS, ZWAIN, BOURGEOIS,
    MORTON, PFISTER & WEINSTOCK
Lawrence J. Duplass - #5199
Gary M. Zwain - #13809
Andrew D. Weinstock - #18495
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
TELEPHONE: (504) 832-3700
FACSIMILE: (504) 837-3119
Attorneys for the BOARD OF
COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT


s/ Robin D. Smith
U.S. DEPARTMENT OF JUSTICE
Peter D. Keisler
Assistant Attorney General
Jeffrey S. Bucholtz
Principal Deputy Assistant Attorney General
C. Frederick Beckner III
Deputy Assistant Attorney General
Phyllis J. Pyles
Director, Torts Branch
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
TELEPHONE: (202) 616-4289
FACSIMILE: (202) 616-5200
Attorneys for the UNITED STATES OF
AMERICA

s/ Ralph S. Hubbard III
LUGENBUHL, WHEATON, PECK, RANKIN
 & HUBBARD
Ralph S. Hubbard III - # 7040
Joseph Guichet - # 24441
Rachel Meese - # 25457
601 Poydras Street
Pan American Life Center, Suite 2775
New Orleans, LA 70130-6027
TELEPHONE: (504) 568-1990
FACSIMILE: (504) 310-9195
Attorneys for ST. PAUL FIRE AND MARINE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 16$^h$ day of October, 2007, a copy of the above and foregoing **Memorandum in Support of Levee Defendants' Motion to Strike Certain Allegations Contained in Plaintiffs' First Supplemental and Amending Levee Master Consolidated Class Action Complaint and Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint** was filed electronically with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

s/ Thomas P. Anzelmo
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, MAXWELL & McDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE: (504) 831-0946
FACSIMILE: (504) 831-2492
E-MAIL: tpa@mcsalaw.com