UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION<br><br>NO.  05-4182 "K" (2)<br><br>JUDGE DUVAL |
| PERTAINS TO: INSURANCE (*Vanderbrook,* No. 05-6323) | * * * * * | MAGISTRATE JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR FINAL JUDGMENT BY
<u>STATE FARM FIRE AND CASUALTY COMPANY</u>**

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this memorandum in support of its Motion for Entry of Final Judgment. The motion seeks entry of final judgment as to all defendants pursuant to Rule 58(d) in accordance with the opinion of the Fifth Circuit Court of Appeals in this matter or, in the alternative, for entry of final judgment in favor of State Farm pursuant to Rule 54(b) because all issues against State Farm have been fully resolved by this Court and there is no just reason for delay.

896233v.1

- 2 -

I.      **Entry of Final Judgment as to All Parties is Justified in this Case.**

Each plaintiff owns a home in New Orleans which is insured by one of the defendants and which suffered substantial water damage at the time of Hurricane Katrina. Plaintiffs sought recovery of their losses from their respective homeowners insurers, claiming that their homeowners insurance policies' exclusions of flood damage were ambiguous and thus must be construed in favor of coverage.

Each of the insurance companies filed a Motion for Judgment on the Pleadings or a Motion to Dismiss based on the language in the insurance policies excluding coverage for water damage due to flooding. State Farm's insurance policy included language providing that flood damage is excluded regardless of the cause of the excluded event. This Court granted State Farm's motion for judgment on the pleadings, as State Farm had "succeeded with very little effort in clearly excluding coverage for negligent acts or omissions." (Order, p. 45.) The Court, however, denied the motions of most of the other insurers who also are defendants in this case on the basis that the flood exclusions in their policies do not eliminate coverage for breaches of levees caused by negligence. The insurance companies whose motions were denied appealed to the Fifth Circuit, while the plaintiffs insured by State Farm appealed the Court's granting of State Farm's motion for judgment on the pleadings.

The Fifth Circuit reviewed this Court's rulings de novo, and determined that the flood exclusion language in all of the policies presented is clear and unambiguous, even in the context of floods caused by human error or negligence: "We conclude, however, that even if the plaintiffs can prove that the levees were negligently designed, constructed or maintained and that

the breaches were due to this negligence, the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery. . . . Accordingly, we conclude that the plaintiffs are not entitled to recover under their policies." (Opinion, p. 3.) The Fifth Circuit held that "the district court's grant of State Farm's motion for judgment on the pleadings is AFFIRMED. The denial of the motions for judgment on the pleadings filed by Hanover and Standard Fire is VACATED and REMANDED." (Opinion, p. 45.) The Fifth Circuit's judgment was issued as its mandate on August 27, 2007.

Based on the Fifth Circuit's opinion, nothing remains to be litigated in this case. The Fifth Circuit remanded solely in order for this Court to reverse its previous Order on the denied motions to dismiss. There are no other outstanding issues to be litigated in the case, as plaintiffs only sought recovery for damage caused by the flood waters. Because the Fifth Circuit has squarely ruled that there is no coverage for such damage, a final judgment should be entered under Rule 58(d) at this time in favor of all defendants.

II. **In the Alternative, a Rule 54(b) Judgment Should be Entered in Favor of State Farm, and the Trial Court Should Find That There is No Just <u>Cause for Delay.</u>**

Rule 54(b) expressly allows parties involved in multi-party litigation to obtain an entry of judgment as to fewer than all of the parties. A district court may direct the entry of a final judgment as to fewer than all of the claims or parties in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." F.R.C.P. 54(b). Thus, entry of a final judgment is authorized as to less then all of the parties if the judgment is "final," in the sense that it constitutes the court's ultimate determination

on all of the claims asserted against that party, and there is no just reason to delay the entry of final judgment on those claims. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980); *Gulf Belting & Gasket Co. v. Select Ins. Co.,* No. Civ. A. 04-2397, 2005 WL 3543785, at *1 (E.D.La. Nov.15, 2005).

The interests of judicial economy lend support to a court's conclusion that no just reason for delay exists. If the court finds that final judgment as to a particular party will serve the interests of judicial economy, it may enter a final judgment dismissing that party with prejudice. *See Gibson v. ABC Ins. Co*., No. Civ. A. 03-3566, 2005 WL 943673, at *1 (E.D. La. April 14, 2005) (weighing judicial economy and ruling in favor of Rule 54(b) certification); *McGee v. Hunter*, No. Civ. A. 03-378, 2004 WL 422576, at *1 (E.D. La., March 03, 2004) (granting dismissal as to one of several defendants pursuant to Rule 54(b)).

In the present case, the judgment as to State Farm clearly is final and there is no just reason to further delay the dismissal of State Farm as a party to the suit. As discussed above, the only claims against State Farm were alleged by parties claiming that their homeowners' insurance policies should cover flood damage, notwithstanding the State Farm policy's explicit exclusion of such damage regardless of cause. This Court granted State Farm's motion for judgment on the pleadings, concluding that "because of the clarity of the State Farm exclusion as to 'regardless of cause,' that motion will be granted." (Order, p. 54.) The Fifth Circuit affirmed the judgment as to State Farm, finding that the State Farm's policy excludes the flood damage "regardless of cause," and affirming this Court's decision with regard to State Farm.

- 5 -

Now that State Farm's motion for judgment on the pleadings has been granted, there is no further outstanding claim against it. Any further decisions with regard to any other parties will have no impact on the resolution of the State Farm claims. There is no basis to keep the parties together in the same lawsuit now that all claims asserted against State Farm are resolved.

This Court should find that there is no good cause to delay the dismissal of the claims against State Farm. There is no just reason to delay the entry of final judgment, as no justification exists to continue to include State Farm in the suit and principles of judicial economy would support as few extraneous plaintiffs and defendants in the case as possible. Further delay of this dismissal would serve no purpose beyond unnecessarily delaying closure and finality of the suit against State Farm. Delay for the sake of delay alone is not a just reason to refuse entry of a final judgment. This Court should therefore find that there is no just reason for delay and accordingly enter a motion for entry of final judgment pursuant to Rule 54(b) dismissing State Farm as a party to the suit.

### III.  Conclusion

For the foregoing reasons, State Farm respectfully moves the Court for entry of final judgment as to all defendants pursuant to Rule 58(d) in accordance with the opinion of the Fifth Circuit Court of Appeals in this matter or, in the alternative, for entry of final judgment in favor of State Farm pursuant to Rule 54(b) because all issues against State Farm have been fully resolved by this Court and there is no just reason for delay.

896233v.1

Respectfully submitted,


*/s/ Stephen G. Bullock*
Wayne J. Lee, 7916
 wlee@stonepigman.com
Stephen G. Bullock, 3648
 sbullock@stonepigman.com
       Of
STONE PIGMAN WALTHER
 WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Fax:  (504) 581-3361

Attorneys for State Farm Fire and Casualty
 Company

- 6 -

896233v.1

- 7 -

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing State Farm Fire and Casualty Company's Memorandum for Motion for Entry of Final Judgment has been served upon the following counsel of record by electronic notice from the Court's CM/ECF system, and/or by placing same items in the United States mail, postage prepaid and properly addressed, this 16th day of October, 2007.

*/s/ Stephen G. Bullock*