## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO: 05-4182 "K" (2) JUDGE DUVAL |
| PERTAINS TO INSURANCE: 07-1797 Plaintiff: SHIRLEY SALEZ REICHERT | * * * | MAGISTRATE WILKINSON |

*******************************************************************************

## ANSWER TO ORIGINAL PETITION AND TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), who, for answer to the Original Petition and to the First Supplemental and Amending Complaint would with respect represent and set forth as follows:

## ORIGINAL PETITION

Answering specifically numbered individual paragraphs of the Original Petition as filed in the 34th Judicial District Court for the Parish of St. Bernard, No. 107171, State Farm avers and sets forth:

**I.**

The status and the capacity of defend as alleged in paragraph 1 of the Original Petition is admitted; nothing further is admitted or denied in any inference or allegation of liability is specifically denied.

**II.**

The allegations of paragraph II of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are denied as written, except to admit that if defendant did cause to be issued any policy of homeowner's or other fire policies of insurance as alleged, then all of the terms, provisions, coverages and exclusions thereof are herewith plead as if copied and set forth in full with defendant further denying any and all allegations which may tend to enlarge, contradict, contravene and/or modify the same.

Further answering the balance of the allegations of paragraph II of the Original Petition as they would pertain to averments made against defendant with respect to other potential plaintiffs are not germane to the proceedings at hand and, therefore, do not require answer. If, however, any answer be due and owing, the allegations are specifically and forthwith denied as written with defendant adopting and re-urging with respect to each plaintiff the answer as herein contained in the first paragraph of this specifically numbered answer.

**III.**

The allegations of paragraph III of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are denied as written with defendant re-urging the

entirety of the answer of paragraph II hereof as if copied in extenso. For further answer, defendant avers that any and all allegations as set forth with respect to the Louisiana Valued Policy Law (R.S.22:695(a)) call for a legal conclusion and therefore require no answer. If, however, any specific answer be due with respect to these allegations, defendant denies all liability in the premise pursuant to said statute.

Finally, for further answer, to the extent that the allegations of this paragraph pertain to other individuals, they are not germane to the case at hand and do not require answer. If, however, any answer be due, defendant adopts and reiterates the immediately preceding paragraphs in this numbered answer as if copied in extensor.

### IV.

The allegations of paragraph IV of the Original Petition as they pertain to Shirley Salez Reichert are denied. The balance of the allegations of this paragraph as they pertain to other individuals are not germane to this proceeding and do not require answer. If, however, any answer is deemed due, the allegations are strictly and forthwith denied.

### V.

The allegations of paragraph V are denied for lack of sufficient information to therein justify belief.

### VI.

The allegations of paragraph VI of the Original Petition are denied for lack of sufficient information to therein justify belief.

## VII.

The allegations of paragraphs VII, VIII, IX, X, XI and XII, inclusive, of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are denied. Further answering, any and all allegations as would pertain to the applicability of R.S.22:695(a) call for a legal conclusion and do not, therefore, require answer. If, however, answer be deemed due and owing, these allegations are denied.

Further answering, to the extent that any of the enumerated paragraphs pertain to other individuals, they are not germane to the case at hand and do not require answer. If, however, any answer is to be due and owing, these allegations are also denied as written, and defendant denies all allegations which pertain to R.S.22:695(a).

## VIII.

The allegations of paragraph XIII of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are denied as written. To the extent the allegations of this paragraph pertain to other individuals, no additional answer is required. If, however, the same is found to be due and owing, these allegations are denied.

## IX.

The allegations of paragraph XIV, XV and XVI of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are specifically denied. Further answering, defendant would adopt and reference as if copied in extenso the responses herein contained in paragraph 2.

**X.**

The allegations of paragraph XVII of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are denied. To the extent these allegations allege liability under R.S.22:658 and/or 22:1220, they call for a legal conclusion and do not require answer. If, however, answer be due and owing, these allegations are denied.

To the extent that the allegations as contained in paragraph XVII of the Original Petition would pertain to other individuals, they are not germane to the case at hand and require no answer. If, however, any answer be deemed due and owing, the answer in the immediate proceeding paragraphs of this numbered answer are once more plead as if copied in extenso.

**XI.**

The allegations of paragraph XVIII of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are specifically and forthwith denied. To the extent this paragraph contains allegations with respect to other individuals, these allegations require no answer in this case. If, however, answer be deemed due and owing, the same are denied.

**XII.**

The allegations of paragraph XIX of the Original Petition as they would pertain to the claim of Shirley Salez Reichert are denied.

**XIII.**

To the extent that any answer is required to the prayer of the Original Petition, each and every allegation as therein contained is denied.

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

And now for Answer to the First Supplemental and Amending Complaint and the singularly numbered and individual paragraphs therein contained, State Farm with respect avers:

**1.**

Answering the allegations of paragraph I of the First Supplemental and Amending Complaint, the same are denied as written with defendant, State Farm Fire and Casualty Company, adopting by reference as if herein copied in extensor, the entirety of its answer to the Original Petition of Plaintiff.

**2.**

The allegations of paragraph XX of the First Supplemental and Amending Complaint are denied as written for lack of sufficient information to therein justify belief.

**3.**

The allegations of paragraph XXI of the First Supplemental and Amending Complaint are denied as written for lack of sufficient information to therein justify belief.

**4.**

The allegations of paragraph XXII of the First Supplemental and Amending Complaint call for a legal conclusion and do not, therefore, require answer. If, however, any answer is due and owing, the entirety of the allegations of paragraph XXII are denied.

**5.**

The allegations of paragraph XXIII of the First Supplemental and Amending Complaint call for a legal conclusion and do not, therefore, require answer. If, however, any answer is due and owing, the entirety of the allegations of paragraph XXIII are denied.

**6.**

The allegations of paragraph XXIV of the First Supplemental and Amending Complaint are denied as written for lack of sufficient information to therein justify belief therein.

**7.**

The allegations of paragraph XXV and XXVI of the First Supplemental and Amending Complaint call for legal conclusion and, therefore, do not require answer. If, however, any answer be deemed due and owing, these allegations are denied. Further answering, defendant adopts by reference the entirety of their answer and all defenses plead in response to paragraphs IX, X, XI and XII of Plaintiff's Original Petition.

**8.**

The allegations of paragraph XXVII are denied. Defendant, further answering, adopts by reference as if copied in full the entirety of its response to paragraph 2 of the Original Petition.

**9.**

If answer be required to the prayer of plaintiff's First Supplemental and Amending Complaint, each and every single allegation as therein contained is denied.

And now, further answering both the Original Petition and the First Supplemental and Amending Complaint, your defendant, State Farm Fire and Casualty Company, would with respect additionally set forth and represent:

**10.**

Plaintiff's Petition fails to state a cause of action upon which relief can be granted.

**11.**

To the extent that Plaintiff's Petition is based on a contract of insurance between the parties, State Farm avers that if a policy of insurance is shown to exist, as a written contract, it is the best evidence of its contents. State Farm further pleads said policy as if copied herein in its entirety, and denies any and all allegations which may attempt to enlarge, contradict, contravene or modify any of the terms, coverages, provisions, endorsements and exclusions as therein contained.

**12.**

To the extent that Plaintiff has received payment from State Farm, or any other insurer, for damages which she is claiming herein, State Farm avers the defenses of accord and satisfaction and compromise. In the event of judgment in favor of Plaintiff, State Farm claims a credit or setoff for any such amounts previously paid and received by Plaintiff. Such credit should include, but not be limited to, payment which Plaintiff may have received pursuant to any flood insurance policy and/or the Louisiana Road Home Program.

**13.**

To the extent that Plaintiff has assigned any portion of her rights with respect to the claim asserted herein, or granted subrogation rights to any other entity, State Farm avers that Plaintiff herein is not the proper party to assert that portion of her claim. Such potential assignees/subrogees include the Louisiana Road Home Program and the Small Business Administration ("SBA").

**14.**

To the extent that Plaintiff claims entitlement to penalties or attorney's fees or damages, pursuant to any amended version of La.R.S. 22:658 and/or 22:1220, or any other such statute, State Farm avers that these amendments cannot be applied retroactively, and are, therefore, inapplicable to the claims presented by Plaintiff herein.

**15.**

Further answering, any homeowner's policy which State Farm may have issued to Plaintiff herein excludes coverage for damage caused by flooding, irrespective of the cause of such flooding. To the extent that Plaintiff's alleged damages were caused by flooding, they are excluded under the State Farm homeowner's policy which is allegedly at issue herein.

**16.**

Further answering, State Farm avers that Plaintiff's home was not rendered uninhabitable due to a peril which is covered under the homeowner's insurance policy which is allegedly at issue herein. As such, Plaintiff would not be entitled to Additional Living Expenses coverage.

**17.**

Further answering, State Farm avers that if Plaintiff had any other insurance available for the loss in question, such other insurance should offset, either in whole or in part, any coverage which State Farm might have otherwise provided herein.

**18.**

No coverage exists to the extent Plaintiff's claims exceed any applicable limit of insurance or the time limit as specified in the policy issued by State Farm to Plaintiff herein.

**19.**

State Farm Fire and Casualty Company denies that it acted arbitrarily, capriciously or without probably cause and, further avers that at all times it acted in good faith and in compliance with all applicable Louisiana statutory law.

**20.**

Without waiving any other defenses elsewhere asserted herein, State Farm avers that any allegation contained in the Plaintiff's Petition which is not herein specifically admitted is hereby denied.

**21.**

State Farm affirmatively pleads that the Plaintiff's Petition improperly attempts to require State Farm to provide insurance coverage under a homeowner's policy for flood losses, for which State received no premiums. Such an award would violate State

Farm's protections under the Constitution of Louisiana and the Constitution of the United States.

**22.**

State Farm affirmatively pleads that Plaintiff is charged with knowledge of her homeowner's policies of insurance and specifically that the policies do not provide coverage for "flood" damages.

**23.**

State Farm affirmatively pleads that to the extent Plaintiff has received funds from other sources as a result of her damages claimed from Hurricanes KATRINA and or RITA herein, and the same may be required to be repaid as a result of any recovery hereunder, State Farm is not required to make such payment on behalf of the insured, or, in the alternative, is entitled to a set-off for the same. In this regard, without limitation, State Farm as homeowner's insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiff under her flood insurance policy.

**24.**

If Plaintiff suffered any damage, as alleged, such injuries were cause in whole or in part by action or inactions of third parties for which Defendant is not responsible.

**25.**

Plaintiff has not sustained any damages proximately caused by State Farm or those for whom it may be responsible.

**26.**

The claims asserted by the Plaintiff should be dismissed, or alternatively, her damages (the existence of which damage is denied) should be reduced due to failure to comply with contractual conditions precedent to any recovery under the policy.

**27.**

Coverage is barred, in whole or part, to the extent Plaintiff seeks to recover additional living expenses that were not incurred by an "Insured" within the meaning of the policy.

**28.**

State Farm specifically denies that they breached any duty to the Plaintiff with respect to procurement and/or maintenance of the Plaintiff's flood or homeowner's insurance policy.

**29.**

State Farm is entitled to and requests trial by jury on all issues.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that its Answer to Plaintiff's Original Petition and First Supplemental and Amending Complaint be deemed good and sufficient and that after due proceedings there be Judgment herein in its favor, dismissing Plaintiff's claims at her cost, and for all general and inequitable relief, and for trial by jury of all issues.

Respectfully Submitted:

**HAILEY, McNAMARA, HALL, LARMANN& PAPALE, L.L.P.**

BY: _____

**DAVID K. PERSONS, #2046 T.A.**
Email: dpersons@hmhlp.com
**JOHN E. UNSWORTH,#9477**
**CAROLINE D. IBOS, #21307**
**DARREN A. PATIN, #23244**
**BRAD D. FERRAND, #29860**
One Galleria Boulevard, Ste. 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Attorneys for State Farm Fire and Casualty Company

**CERTIFICATE**

I hereby certify that on the _15_ day of _October_, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____