**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES * | | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION * | | |
| * | | SECTION "K" |
| * | | |
| PERTAINS TO: * | | MAGISTRATE (2) |
| NO.   06-4024 * | | |
| * | | JUDGE DUVAL |
| * | | |
| * | | MAGISTRATE WILKINSON |
| * | | |
| * * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFF'S SUPPLEMENTAL**
**MEMORANDUM IN SUPPORT OF MOTION**
**TO RESCIND ORDER OF SEPTEMBER 11, 2007**
**(RECORD DOCUMENT NO 7538), ETC.**

**MAY IT PLEASE THE COURT:**

This Honorable Court recently denied plaintiff's request for oral argument on her Motion to Rescind the Court's Order of September 11, 2007 (Record Document No. 7538), and in the alternative for relief pursuant to Rule 59 and/or Rule 60 and, further in the alternative, for other relief.  This Supplemental Memorandum is, therefore, filed by plaintiff not only to respond to the arguments advanced by the Government in their Memorandum in Opposition to the Motion to Rescind, etc. (Record Document No. 8280), but also to make certain additional points which would have been made at oral argument.

1. Plaintiffs' counsel stands by the contents of his Affidavit filed simultaneously with the motion being the subject of this memorandum (Record Document No.

-1-

-2-

       7802), and reiterates that it was his impression, rightly or wrongly, from his review of the referenced Minute Entries, from his subsequent discussions with Mr. Bruno and with Mr. Bruno's colleagues, and from his reading of the Order and Reasons in the case of <u>Robinson v. United States of America</u>, C.A. 06-2268 of February 2, 2007 (Record Document No. 2994), that any "heavy lifting" in terms of the preparation and filing of Memoranda in Opposition to the Government's Motion(s) to Dismiss on grounds of immunity would be accomplished by the Plaintiffs' Liaison Committee.

2.     That he further believed, rightly or wrongly, that as long as Record Document No. 2994 remained in effect, he did not believe that any separately filed Complaint, or Hurricane KATRINA lawsuit, would be liable to dismissal in response to any Motion to Dismiss by the Government on grounds of immunity, whether on grounds of §702(c) of the Flood Control Act of 1928, or any other grounds, such as the due care or discretionary function exceptions to The Federal Tort Claims Act.

3.     That he believes his assumptions, or beliefs, were entirely reasonable under the facts and circumstances, and on the past and present record in these proceedings.

4.     That the events relevant to the Government's Motion to Dismiss Civil Action No. 06-4024 (Record Document No. 1405) occurred during the time that Master Complaints were being filed in both "Levee" and "MRGO" cases, which "Master" documents have been amended a number of times. Further, the relevant events occurred at a time when the Master Levee Complaints were being drafted, and it was his impression that he and his clients were legally entitled to "tag

along" with "Members of the Class" on whose behalf the Master Levee and MRGO Complaints were ultimately filed.

5. That he subsequently became aware that the Government's Motion to Dismiss with respect to the allegations of the "Master Levee Complaint" were fully briefed (Record Document Nos. 6674 and 6804) and actually orally argued on August 16, 2007 (Record Document No. 7135).

6. That other than in the <u>Robinson</u> case, he is not aware of any other Motion to Dismiss by the Government on grounds of immunity being fully briefed and orally argued.

7. That he assumed that his own client's arguments in C.A. No. 06-4024 would rise and fall with the Court's ruling on the Government's Motion to Dismiss the Master Levee Complaint, subject to further factual and legal arguments that may not have been presented to This Honorable Court by Plaintiffs' Liaison Counsel.

8. That he believes that, even without a Memorandum in Opposition having been filed, since the Government's Motion to Dismiss Civil Action No. 06-4024 (Record Document No. 1405) was a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, then the allegations of plaintiff's Complaint should have been taken as true by This Honorable Court for purposes of the Government's motion. <u>Federal Procedure,</u> Lawyers Edition (1984) §62:452, <u>et seq.</u> and authorities cited therein.

9. That the Court's Minute Entry of September 11, 2006 (Record Document No. 7538), which he avers is a "mean-spirited, travesty of justice", did not represent an adjudication on the merits of the Government's Motion to Dismiss, but rather a

"knee-jerk" response to plaintiff's counsel's failure to file a Memorandum in Opposition, and a desire by This Honorable Court to "teach counsel a lesson" he would not soon forget.

10. And that if the Court had made any serious effort to adjudicate the Government's Motion to Dismiss on the merits, then the motion would have been denied under the Rule 12(b)(1) standard.

11. And that he is aware of Motions to Dismiss similar to the Government's Motion to Dismiss in Civil Action No. 06-4024 in the following cases, which have not yet been heard on the merits, the arguments being made in Memoranda in Opposition already of record in those cases being equally applicable to Civil Action No. 06-4024:

    06-5116

    06-5118

    06-5127

    06-5128

    06-5131

    06-5132

    06-5134

    06-5137

    06-5140

    and

    06-5142

See Record Document Nos. 6646, 6982 and 7144 in those cases.

In response to the Government's Memorandum in Opposition to Plaintiff's Motion (Record Document No. 8280) plaintiff and her counsel have a question for counsel for the Government: "How can you stand to look at yourselves in the mirror?"

And that plaintiff respectfully submits that her Motion to Rescind Order should be granted, and the Court's erroneous Order of September 11, 2007, should be set aside.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By:   S/Ashton R. O'Dwyer, Jr.
       Ashton R. O'Dwyer, Jr.
       Bar No. 10166
       821 Baronne Street
       New Orleans, LA 70113
       Tel. 504-679-6166
       Fax. 504-581-4336

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 16th day of October 2007.

S/Ashton R. O'Dwyer, Jr.