UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * CIVIL ACTION NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * <br> * JUDGE DUVAL <br> * MAG. WILKINSON |

_____

PERTAINS TO:  BARGE

*Boutte v. Lafarge, No. 05-5531*
*Mumford v. Ingram, No. 05-5724*
*Lagarde v. Lafarge, No. 06-5342*
*Perry v. Ingram, No. 06-6299*
*Benoit v. Lafarge, No. 06-7516*
*Parfait Family v. USA, No. 07-3500*
*LNA v. USA, No. 07-5178*

**OPPOSITION OF LAFARGE NORTH AMERICA INC.
TO THE UNITED STATES' MOTION FOR
<u>RELIEF FROM CASE MANAGEMENT ORDER NO. 5</u>**

Lafarge North America Inc. ("LNA") opposes the government's motion [Doc. 8366] to amend Case Management Order No. 5 ("CMO No. 5").  The government argues it should not have to participate in discovery until after this Court rules on its Motion to Dismiss.  The Court has already considered and rejected that argument, and the government presents no reason why the Court should reconsider its decision.  In any event, the Motion for Relief is meritless.  LNA is entitled to the discovery from the government regardless of the Court's eventual ruling on the

Motion to Dismiss, because the discovery is also needed for LNA's defense to plaintiffs' claims. Delaying or denying discovery would also prejudice LNA and delay the entire *Barge* track. By contrast, the government faces no undue burden from discovery, especially because LNA is, to its knowledge, the only *Barge* party that served discovery requests on the government.

Nor should the Court adopt the government's alternative suggestion of creating a second window for written discovery. All parties other than the government served their discovery requests by October 12 as required by CMO No. 5. It would be unfair to permit the government, which elected not to serve discovery by the court-ordered deadline, to serve its requests after the other parties have already done so. Creating a second discovery window also would likely lead to a delay in the overall scheduling for litigation of the *Barge* cases.

## STATEMENT OF FACTS

On September 18, 2007, this Court conducted a Status Conference to discuss the schedule for litigation of the barge-related cases transferred to the Court by Chief Judge Berrigan. During the conference, the government argued that it is entitled to a ruling on its pending Motion to dismiss before it must participate in discovery. The Court stated that it disagreed with the government's position.

Later that day, this Court entered both an Order consolidating the barge-related cases in the new *Barge* track and CMO No. 5 [Doc. 7724]. CMO No. 5 specified deadlines for pretrial activities in the *Barge* cases. In particular, the CMO required the parties – expressly including the government – to serve any written discovery requests no later than October 12, 2007. CMO No. 5 at 7. Likewise, it requires all parties, including the government, to respond to those discovery requests. *Id.* at 8.

On the day before the deadline for the parties to serve their written discovery requests – and having waited three weeks following entry of the CMO – the government filed its Motion for Relief, arguing that it should not have to participate in discovery like everyone else.

The next day – October 12, the deadline specified in CMO No. 5 – all other parties in the *Barge* category served their written discovery requests. To LNA's knowledge, LNA is the only party that served discovery requests on the government. The government elected not to serve any discovery.

## ARGUMENT

This Court should deny the government's Motion for Relief for three reasons. *First*, it is nothing more than an unsupported motion to reconsider the Court's prior ruling that the government must participate in discovery. *Second*, a stay of the government's discovery obligations would severely prejudice LNA and is not justified by any valid reason. *Finally*, the government's alternative request for a second phase of written discovery is unfair to all other parties and will likely delay the overall schedule.

### 1. The Government's Motion for Relief is In Fact a Groundless Motion for Reconsideration and Should be Denied

As set forth above, this Court previously considered and rejected the argument made in the government's Motion for Relief – namely, that it should not have to participate in discovery pending the ultimate resolution of its Motion to Dismiss. As such, the Motion for Relief in fact is a motion for reconsideration. As the Court has observed in this litigation, "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *In Re: Katrina Canal Breaches Consolidated Litigation*, 2007 U.S. Dist. LEXIS 66481, *239 (E.D. La. Aug. 28, 2007) (Wilkinson, M.J.), quoting *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

The government's Motion for Relief merely rehashes arguments presented at the status conference and rejected by this Court both at the conference and in CMO No. 5. The government shows no manifest error, new evidence, or intervening change in controlling law that could provide a basis for reconsideration. For this threshold reason, the government's motion should be denied.

### 2. In Any Event, the Government's Motion to Stay its Discovery Obligations is Meritless

The government's argument for a stay also fails on its merits. To begin with, LNA is entitled to discovery from the government regardless of the ultimate outcome of the government's motion to dismiss LNA's third-party and cross-claims. That is so because the government's evidence is vital to LNA's defense to the plaintiffs' claims against LNA, not just to LNA's claims against the government. Just as one example, LNA is entitled to evidence concerning flaws in the design, construction, and maintenance of the MRGO in order to show that the southern IHNC levee breach was caused by those flaws, not by the barge. For the same reasons, a stay in the government's discovery obligations will delay the entire *Barge* track. Plainly, the *Barge* track cannot proceed unless and until LNA is given access to the discovery from the government that is necessary for LNA's defense against plaintiffs' claims. Any delay in such discovery, not to mention any denial of discovery, will severely and unfairly prejudice LNA.

Moreover, LNA is entitled to discovery on its third-party claims against the government simultaneously with discovery on the plaintiffs' claims against LNA. In this regard, Chief Judge Berrigan specifically held that LNA's claims against the government must proceed simultaneously and together with the plaintiffs' claims against LNA. As she recognized, not only would a failure to do so "deny complete relief to all parties, it would also result in a significant waste of

judicial resources." No. 05-4419, Rec. Doc. 587 at 11. As such, even apart from the fact that LNA is entitled to discovery for its defense, it is imperative discovery relating to LNA's third-party claims against the government proceed on the same schedule as discovery on the plaintiffs' claims against LNA.

By contrast, the government fails to present any valid basis for a stay. As a threshold matter, its stay motion is premised on the hope that this Court will dismiss LNA's MRGO-based third-party claims on Flood Control Act immunity grounds. The Court, however, already rejected that same immunity defense in the context of the same MRGO-based claims in *Robinson* [Doc. 2994] and declined to certify that ruling for interlocutory appeal [Doc. 6194].

In any event, the government faces no undue burden from *Barge*-track discovery. First, although the government's stay motion asserts that it will have to respond to 600 discovery requests in a short period, the government in fact must respond to fewer than 150 requests. That is because, to LNA's knowledge, LNA is the only party in the *Barge* track to have served discovery on the government.[1] Second, responding to this discovery will impose no great burden on the United States. As the government admits, it already provided substantial discovery in the other tracks of the *Katrina* litigation – which will make it much easier for the government to produce documents and prepare written responses than if it had to assemble such materials from scratch. Finally, Federal Rule of Civil Procedure 26(b)(2)(C)(i) provides a basis for a party to identify any specific discovery requests that supposedly are unduly burdensome or cumulative. What the rules do not sanction is the wholesale preemptive refusal to make discovery embodied in the government's Motion for Relief.

---

[1] The government implicitly acknowledges that responding to 150 requests is far less burdensome than responding to 450 or 600 requests. See Gov't Mem. at 3 n.1.

In sum, LNA is entitled to discovery from the government regardless of the ultimate outcome of the government's Motion to Dismiss, which in any event is based on arguments that the Court has already rejected. Any delay or denial of discovery will impede the *Barge* track litigation and prejudice LNA, while the government faces no undue burden from complying with the same discovery obligations that have been imposed on all parties. The Motion for Relief should therefore be denied.

### 3. The Government's Alternative Suggestion for a Second Phase of Written Discovery Is Unnecessary and Would Prejudice LNA

In the alternative, the government argues that the Court should provide for a second phase of written discovery, to be served after October 12 but still subject to the same numerical limit of 50 of each type of discovery request. This alternative suggestion should also be denied.

As set forth above, the government failed to move in a timely manner to amend the October 12 deadline set forth in the CMO for serving all written discovery. Indeed, it waited until the day before that deadline before filing its motion. The government then chose not to serve any discovery by the Court-ordered October 12 deadline, even though the government did not secure any relief from that deadline. By contrast, LNA served its written discovery requests on the government on October 12, and all other parties served their written discovery requests on one another, in compliance with the Court's order.

Under these circumstances, it is unnecessary and will be unfair to create a new window for written discovery. Such a new window is unnecessary because LNA had no difficulty in serving its written requests on the government by the October 12 deadline, and nothing pre-vented the government from serving discovery by that date either, if the government has seen it in its interest to do so. Creating a new window for written discovery will also be unfair. There is no reason why the government should be allowed to serve its discovery requests later than the

other parties, and after seeing the discovery requests served by the other parties. This is particularly true because, in accordance with the Court's order, LNA used most of the allotted number of requests and thus would be allowed little or no discovery during the new discovery window that the government proposes. Finally, opening an additional window for written discovery likely will delay the *Barge* litigation. Experience from other tracks of the *Katrina* litigation suggests that motions to compel reasonable responses from the government will likely be necessary. As such, a delay in the deadline for serving written discovery is likely to impact the future course of the litigation.

## CONCLUSION

The government's Motion for Relief from Case Management Order No. 5 should be denied.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (# 5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (# 27538)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

- 8 -

        /s/ John D. Aldock
John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

**ATTORNEYS FOR
LAFARGE NORTH AMERICA INC.**

October 18, 2007

## Certificate of Service

I hereby certify that I have on this 18th day of October, 2007 caused a copy of the foregoing pleading to be served on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock