UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| ------------------------------------------------------ | * | NO.: 05-4182 "K"(2) |
| | * | JUDGE: DUVAL |
| PERTAINS TO: INSURANCE | * * | MAGISTRATE: WILKINSON |
| Case No. 07-5850 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## LIBERTY MUTUAL'S ANSWER AND DEFENSES

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") responds to and answers the plaintiff's Petition as follows:

### A.

### DEFENSES

### I.

The plaintiff has failed to state a claim upon which relief can be granted.

### II.

The plaintiff's claims may be barred, in whole or in part, by her failure to mitigate.

1

95308

**III.**

The plaintiff's claims are barred, in whole or in part, by the Fifth Circuit's decisions in *In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007) and *Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232 (5th Cir. 2007).

**IV.**

Liberty Mutual pleads all provisions and exclusions of its homeowners insurance policy as if copied here in extenso.

**V.**

The plaintiff has no right of action for a claim of bad faith or arbitrary and capricious conduct against Liberty Mutual under La. Rev. Stat. 22:658 or 22:1220.

**VI.**

The plaintiff's Liberty Mutual homeowners policy does not cover, *inter alia*, water damage, including "flood water, surface water, waves, tidal water, overflow from a body of water, or spray from any of these, whether driven or not driven by wind."

**VII.**

The plaintiff's claims may be barred by estoppel, or subject to offset, to the extent that she received compensation for her alleged losses under a flood insurance policy.

**VIII.**

Liberty Mutual further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

95308

## B.

## ANSWER

**AND NOW**, responding to the specific allegations of the Petition, Liberty Mutual further states the following:

### I.

Liberty Mutual denies the allegations of Paragraph I except as expressly admitted herein.  Liberty Mutual admits that it is a foreign insurer, licensed to and actually doing business in the State of Louisiana.

### II.

Liberty Mutual denies the allegations of Paragraph II except as expressly admitted herein.  Liberty Mutual admits that it issued Deluxe Homeowners Policy No. H32-291-025535-105 5 to Dorothy B. Skau, which was in effect from June 9, 2005 to June 9, 2006.  Liberty Mutual avers that the best evidence of the terms and conditions of the plaintiff's policy is the policy itself.

### III.

Liberty Mutual admits that the plaintiff's policy provided specified coverages for the property located at 6473 Memphis Street, New Orleans, Louisiana 70124.  Liberty Mutual avers that the best evidence of the terms and conditions of the plaintiff's policy is the policy itself.  The remaining allegations of Paragraph III are denied for lack of information sufficient to justify a belief therein.

95308

### IV.

Liberty Mutual denies the allegations of Paragraph IV except as expressly admitted herein. Liberty Mutual admits that the plaintiff's property sustained some covered damage, for which she has received full compensation according to the terms of her policy.

### V.

Liberty Mutual denies the allegations of Paragraph V and specifically denies that plaintiff is entitled to recover under Louisiana's Valued Policy statute, La. Rev. Stat. 22:695.

### VI.

Liberty Mutual denies the allegations of Paragraph VI.

### VII.

Liberty Mutual denies the allegations of Paragraph VII except as expressly admitted herein. Liberty Mutual admits that Hurricane Katrina made landfall on August 29, 2005, causing damage in the New Orleans area.

### VIII.

Liberty Mutual denies the allegations of Paragraph VIII except as expressly admitted herein. Liberty Mutual admits that the plaintiff's property sustained some covered damage, for which she has received full compensation according to the terms of her policy.

### IX.

Liberty Mutual denies the allegations of Paragraph IX except as expressly admitted herein. Liberty Mutual admits that the plaintiff's property sustained some covered damage, for which she has received full compensation according to the terms of her policy.

### X.

Liberty Mutual denies the allegations of Paragraph X.

95308

**XI.**

Liberty Mutual denies the allegations of Paragraph XI.

**XII.**

Liberty Mutual denies the allegations of Paragraph XII.

**XIII.**

Liberty Mutual denies the allegations of Paragraph XIII.

**XIV.**

Liberty Mutual denies the allegations of Paragraph XIV.

**XV.**

Liberty Mutual denies the allegations of Paragraph XV.

**XVI.**

Liberty Mutual denies the allegations of Paragraph XVI.

**XVII.**

Liberty Mutual denies the allegations of Paragraph XVII except as expressly admitted herein.  Liberty Mutual admits that the plaintiff's policy provided certain specified coverage for personal property.  Liberty Mutual avers that the best evidence of the terms and conditions of the plaintiff's policy is the policy itself.

**XVIII.**

Liberty Mutual denies the allegations of Paragraph XVIII.

**XIX.**

Liberty Mutual denies the allegations of Paragraph XIX.

**XX.**

Liberty Mutual denies the allegations of Paragraph XX.

95308

## XXI.

Liberty Mutual denies the allegations of Paragraph XXI.

## XXII.

Liberty Mutual denies the allegations of Paragraph XXII.

## XXIII.

Liberty Mutual denies the allegations of Paragraph XXIII.

## XXIV.

Liberty Mutual denies the allegations of Paragraph XXIV.

## XXV.

Liberty Mutual denies the allegations of Paragraph XXV.

## XXVI.

Liberty Mutual denies the allegations of Paragraph XXVI.

**WHEREFORE**, defendant Liberty Mutual Fire Insurance Company prays that its Answer and Defenses be deemed good and sufficient, and that after due proceedings had, this Court render judgment in its favor, with all costs and fees assessed against the plaintiff.

Respectfully Submitted,

*/s/ Catherine F. Giarrusso*

_____

H. Minor Pipes, III, 24603
Catherine F. Giarrusso, 29875
    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Attorneys for Liberty Mutual Fire Insurance Company

95308

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 18, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  There are no manual recipients.

        */s/ Catherine F. Giarrusso*
        _____
        H. Minor Pipes, III, 24603
        Catherine F. Giarrusso, 29875
           Of
        BARRASSO USDIN KUPPERMAN
          FREEMAN & SARVER, L.L.C.
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone:  (504) 589-9700

        Attorneys for Liberty Mutual Fire Insurance Company

95308