UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br>Levee (Bourgeios, No. 06-5131) | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

## ANSWER TO FIRST AND SECOND AMENDMENT TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, for answer to the First (Doc. 3714) and Second Amendment to Complaint (Doc. 8197) (hereinafter "Complaint") filed by plaintiffs, Linda C. and Arnold Bourgeois, et al. ("Plaintiffs"), respectfully avers as follows:

### FIRST DEFENSE

The Dock Board hereby incorporates by reference each and every exception, denial, defense, and response contained in any pleading previously filed on its behalf in these consolidated proceedings, specifically including, but not limited to, the Dock

Board's previously-filed Answers and Rule 12(b)(6) Motion, Memorandum in Support, and Reply Memorandum in Support, as if set forth and copied herein in extenso.

## SECOND DEFENSE

The Complaint fails to state a claim against the Dock Board upon which relief can be granted under FRCP 12(b)(6).

## THIRD DEFENSE

**AND NOW**, answering each and every allegation contained in the Complaint, the Dock Board responds as follows:

I.

The allegations contained in Article 7A of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

II.

The allegations contained in Article 10f of the Complaint are admitted.

III.

The allegations contained in Article 11a of the Complaint are denied.

IV.

The Dock Board admits that it built the Inner Harbor Navigation Canal and that it was completed in 1921. Except as admitted, the allegations contained in Article 11b of the Complaint are denied.

V.

Except to admit that the Dock Board owns certain portions of the Canal and that the United States owns certain portions of the Canal, and that the United States purchased its interest in certain portions of the Canal from the Dock Board, the allegations contained in Article 11c of the Complaint are denied.

VI.

The allegations contained in Article 11d of the Complaint are admitted.

VII.

The allegations contained in Article 11e of the Complaint are denied.

VIII.

The allegations contained in Article 11f of the Complaint are denied.

IX.

The allegations contained in Article 11g of the Complaint are denied.

X.

The allegations contained in Article 11h of the Complaint are admitted.

XI.

The allegations contained in Article 11i of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XII.

The allegations contained in Article 11j of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XIII.

The allegations contained in Article 11k of the Complaint are admitted.

XIV.

Except to admit that the Canal was designed and operated to accommodate maritime interests, the allegations contained in Article 11l of the Complaint are denied.

XV.

The allegations contained in Article 11m of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XVI.

The allegations contained in Article 11n of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XVII.

The allegations contained in Article 11o of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XVIII.

The allegations contained in Article 11p of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XIX.

The allegations contained in Article 11q of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XX.

The allegations contained in Article 11r of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXI.

The allegations contained in Article 11s of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXII.

The allegations contained in Article 11t of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXIII.

The allegations contained in Article 14A of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXIV.

The allegations contained in Article 14B of the Complaint are denied.

XXV.

The allegations contained in Article 14C of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXVI.

The allegations contained in Article 14D of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXVII.

The allegations contained in Article 14a of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied.

XXVIII.

The allegations contained in Article 14b of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXIX.

The allegations contained in Article 14c of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXX.

The allegations contained in Article 14d of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXI.

The allegations contained in Article 14e of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXII.

The allegations contained in Article 17a of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXIII.

The allegations contained in Article 17b of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXIV.

Except to admit that the Dock Board owns certain portions of the Industrial Canal and that the United States owns certain portions of the Industrial Canal, the allegations contained in Article 27a of the Complaint are denied.

XXXV.

The allegations contained in Article 27b of the Complaint are denied.

XXXVI.

Except to admit that a new lock for the Inner Harbor Navigation Canal has been authorized, the allegations contained in Article 27c of the Complaint are denied.

XXXVII.

The allegations contained in Article 27d of the Complaint are denied.

XXXVIII.

The allegations contained in Article 27e of the Complaint are denied

**FOURTH DEFENSE**

The Plaintiffs' strict liability claims against the Dock Board are barred by the provisions of La. R.S. 9:2800(H) and fail as a matter of law.

**FIFTH DEFENSE**

The Dock Board has no duties or responsibilities with regard to flood control, and no duties or responsibilities with regard to the maintenance of the levees, floodwalls, and floodgates associated with the Industrial Canal.

**SIXTH DEFENSE**

The Dock Board does not own, and does not have care, custody, control, or garde of, any of the levees, floodwalls, floodgates, or other flood control devices associated with the Industrial Canal.

**WHEREFORE**, the Dock Board prays that its Answer to the Complaint be deemed good and sufficient, and that after due proceedings are had there be judgment herein in favor of the Dock Board and against Plaintiffs, dismissing the Plaintiffs Original Complaint and all Amendments thereto, with prejudice, at the cost of Plaintiffs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 18th day of October, 2007.

/s/ Kirk N. Aurandt
KIRK N. AURANDT