UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | JUDGE: DUVAL |
| | * | |
| PERTAINS TO: INSURANCE, | * | MAGISTRATE: WILKINSON |
| RAULT, 06-1734 | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**ENCOMPASS INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
BONNIE M. RAULT TO RESPOND TO DISCOVERY**

MAY IT PLEASE THE COURT:

Encompass Insurance Company asks the court to compel Bonnie M. Rault to respond to Defendants discovery requests.

On September 13, 2007, Encompass Insurance Company served Interrogatories and Request for Production of Documents (Exhibit A) on Bonnie M. Rault through her attorney of record, Miles P. Clements. The delays have long since lapsed for Bonnie M. Rault to respond to the discovery requests. Because Plaintiff did not respond to the discovery request, the court should compel her to comply.

Encompass Insurance Company has conferred with Mr. Clements in a good-faith effort to resolve the matter of outstanding discovery without court action, as

required by Federal Rule of Civil Procedure 37(a)(2)(B).  To date, the answers to Encompass' discovery have still not been received.

The court may compel responses to discovery if a party does not (1) answer questions submitted under Federal Rule of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Rule 33; or (4) respond to a request for inspection submitted under Rule 34.  Fed. R. Civ. P. 37(a)(2)(B).

Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  Fed. R. Civ. P. 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

The court should grant Encompass' motion to compel for the following reasons:

a. Bonnie M. Rault did not answer interrogatories served to her on September 13, 2007.  Fed. R. Civ. P. 37(a)(2)(B); *Toma v. City of Weatherford*, 846 F.2d 58, 60 (10th Cir. 1988).  The request is within the scope of discovery permitted by Rule 26(b).  The information responsive to this request is necessary to this litigation.

b. Bonnie M. Rault did not respond to request for production of documents served to her on September 13, 2007.  Fed. R. Civ. P. 37(a)(2)(B); *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 17-19 (1st Cir. 1991).  These requests are within the scope of discovery permitted by Rule 26(b).  The information responsive to these requests are necessary to this litigation.

Because Encompass Insurance Company's requests are proper and because Bonnie M. Rault has refused to comply with the rules, the court should compel Plaintiff to respond adequately.

Respectfully Submitted:

S/ Donald F. de Boisblanc, Jr.
Donald F. de Boisblanc        4786
Donald F. de Boisblanc, Jr.   23462
J. Rand Smith, Jr.            27090
Attorneys at Law
410 South Rampart Street
New Orleans, Louisiana 70112
Tel. (504-586-0005
Fax (504) 586-0007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading has been served on all known counsel of record by placing the same in the United States mail, postage prepaid and properly addressed, on this 19th day of October, 2007.

S/ Donald F. de Boisblanc, Jr.