UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BONIE M. RAULT | * | CIVIL ACTION NO.: 06-1734 |
| | * | |
| VERSUS | * | JUDGE: DUVAL |
| | * | |
| ENCOMPASS INSURANCE COMPANY | * | MAGISTRATE: WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### ENCOMPASS INSURANCE COMPANY'S
### INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:   Bonnie M. Rault
      Through his Attorney of Record
      Miles Clements, Esq.
      1100 Poydas Street; Suite 3600
      New Orleans, LA 70163-3600

Encompass Property and Casualty Company requests that Plaintiffs respond to the following discovery requests within the time delays provided under Louisiana law and deliver such to Donald F. de Boisblanc Jr. of de Boisblanc & de Boisblanc, 410 South Rampart Street, New Orleans, Louisiana 70112.

### INSTRUCTIONS

A.   With respect to any interrogatory or request for production to which you object under a claim or privilege or other doctrine, please state:

(1)   The nature of the privilege asserted:

(2)   Whether the allegedly privileged communication was oral or written;

(3)   If in writing, then:

   (a)   Identify the author of the document;

      (b)    Identify all addresses and recipients of the document or copies thereof;

      (c)    Indicate the date the document bears, or if undated, the date that it was written or created;

      (d)    Identify the type of document as, for instance, letter, memorandum, etc.;

      (e)    Describe the subject matter of the document;

      (f)    Indicate the nature of the privilege;

      (g)    Identify any persons who have had access to the documents or its contents, or any part thereof; and

      (h)    State the facts giving rise to the claimed privilege.

(4)    If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.    If you cannot answer an interrogatory or request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C.    If you have any questions regarding the scope, meaning or intent of these interrogatories or requests for production, please promptly contact undersigned counsel.

## **DEFINITIONS**

A.    The term "**Document**" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document that contains any

note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production.

B. "**Person**" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C. "**You**" and "**Your**" shall mean Plaintiff's, Guy C. Curry, husband of and/or Elizabeth Anne Young Curry, their agents, representatives, attorneys, employees, and all persons acting or purporting to act on his behalf for any purpose or reason whatsoever.

D. "**Encompass**" shall mean Encompass Property and Casualty Company or any of its agents, employees or representatives.

E. The terms "**and**" and "**or**", as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document of information that might be deemed outside its scope by another construction of these terms.

F. The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

G. The phrases "**relate to**" and "**refer to**" and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

H. "**Identify**" when used with respect to a natural person shall mean to indicate the person's:

     (1)    Name;

     (2)    Current address, if known, or last known address;

     (3)    Current telephone number, if known, or last known telephone number;

     (4)    Current employer, if known, or if unknown, then last known employer;

     (5)    Current work address, if known, or last known work address; and

     (6)    Current work telephone number, if known, or last known work telephone number.

     I.    "**Identify**" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

     (1)    Its name;

     (2)    Its address or the address of its principal place of business;

     (3)    Its telephone number; and

     (4)    Its state of incorporation, if known.

     J.    "**Identify**" when used with respect to a document means to state the date of the document, identify the author, all addresses and recipients of the document, and to describe the subject matter of the document. Alternatively, you may identify a document by appending a copy thereof to your Answers to the Interrogatories and designate Interrogatory or Interrogatories to which the document is responsive.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every witness you may call at the trial of this matter, and provide a brief factual summary of his or her anticipated testimony. **Please identify which of the two properties the witness is discussing; 32272 Bayou Paquet Road Slidell, LA and/or 611 Northline Metairie, LA.**

**INTERROGATORY NO. 2:**

Identify each and every witness you may call at the trial of this matter, and provide a brief factual summary of his or her anticipated testimony. **Please identify and separate responses when providing answers in reference to 32272 Bayou Paquet Road Slidell, LA and/or 611 Northline Metairie, LA.**

**INTERROGATORY NO. 3:**

Identify each person whom you or your attorney may call as an expert witness at the trial of this matter, including the person's name, address, occupation, field of expertise and qualifications as an expert; the subject matter to which the person is expected to testify; the substance of the facts and opinions to which the person is expected to testify; and a summary of the grounds for such an opinion. **Please identify and separate responses when providing answers in reference to 32272 Bayou Paquet Road Slidell, LA and/or 611 Northline Metairie, LA.**

**INTERROGATORY NO. 4:**

Identify all insurance policies that provide or have provided any coverage for the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** from August 1, 2005 to the present.

**INTERROGATORY NO. 5:**

Provide the following information for any claim made to an insurer or FEMA for property damage or loss at 5958 Memphis Street, New Orleans, Louisiana, since August 29, 2005:

      1.    Date claim was made and to whom;

    2.    Amount of claim;

    3.    Type of damage giving rise to claim;

    4.    Amount paid on claim and date of receipt; and

    5    Identify all documents relating to the claim.

**INTERROGATORY NO. 6:**

Identify all mortgage companies or other entities or individuals having any interest in the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** and the nature and extent of such interest, and identify all documents relating to or evidencing that interest.

**INTERROGATORY NO. 7:**

Identify all loss or damage the property at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** is alleged to have suffered as a result of Hurricane Katrina, including, but not limited to, those damages that you contend occurred as a result of wind damage, and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 8:**

Identify each item of damage the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** suffered as a result of Hurricane Katrina that you contend was covered under any Encompass homeowner, the reason(s) you believe such damage is covered under the policy, and any and all other facts related to this claim, including identification of any documents relating thereto.

**INTERROGATORY NO. 9:**

Identify all persons or entities that have inspected the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** since August 29, 2005, and/or

investigated damage or loss caused to the property as a result of Hurricane Katrina and identify all documents relating to such an inspection.

**INTERROGATORY NO. 10:**

Identify all estimates to replace or repair any property you that you contend was covered under homeowner policy and damaged as a result of Hurricane Katrina at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA.** For each estimate, provide the following information:

1. Amount of repair estimate;
2. Description of services to be performed or items to be repaired or replaced;
3. Identity of any person or entity providing the estimate; and
4. Date of estimate.

**INTERROGATORY NO. 11:**

Identify all amounts that you have spent to date to repair or replace any property or items that you contend were covered under homeowner policy and damaged as a result of Hurricane Katrina. For each such amount, provide the following information:

1. Amount of repair/replacement;
2. Description of item repaired or replaced;
3. Identity of person or entity performing repair or providing replacement;
4. Date of repair or replacement; and
5. Identify all documents relating to the repair or replacement, including receipts or other documentation evidencing payment.

**INTERROGATORY NO. 12:**

Identify all facts and documents that support your contention that Encompass acted in bad faith, acted arbitrarily and capriciously, and should be subjected to penalties under La. R.S.

22:1220 and 22:658 in the handling/adjustment of the homeowner's claim you submitted to Encompass for damage allegedly caused to the property located at 5958 Memphis Street, New Orleans, Louisiana as a result of Hurricane Katrina.

**INTERROGATORY NO. 13:**

Provide an itemized statement of all damages sought against Encompass Property and Casualty Company in this action of any kind or nature whatsoever, including, but not limited to, any and all compensatory damages, penalties or punitive damages, and identify all documents relating thereto.

**INTERROGATORY NO. 14:**

Please identify each owner and their percentage interest in the **32272 Bayou Paquet Road Slidell, LA property**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to damage or loss to the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** as a result of Hurricane Katrina, including, but not limited to, photographs, engineering reports, loss adjuster reports, repair estimates, correspondence and receipts for repairs or replacement of damage.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to any appraisal of the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to any claim submitted to any insurance company or other entity for damage caused by Hurricane Katrina to the property at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** a, including, but not limited to, documents reflecting payments received for such claims.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any mortgages held on the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA**, from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to or referring to any communication between you and Encompass from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to all insurance policies that covered the property located at **32272 Bayou Paquet Road Slidell, LA or 611 Northline Metairie, LA** from August 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that support the damages you seek to recover through this action.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to Encompass Claim No. **CH107989 and CC107990**, including but not limited to any and all correspondence with Encompass.

**REQUEST FOR PRODUCTION NO. 9:**

All documents identified in your Answers to Interrogatories that have not been otherwise produced.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that you intend to introduce at trial of this action.

**REQUEST FOR PRODUCTION NO. 11:**

Please provide a copy of the any and all written ownership agreement regarding the **32272 Bayou Paquet Road Slidell, LA property.**

                Respectfully submitted,

                S/ Donald F. de Boisblanc, Jr.
Donald F. de Boisblanc    (#4786)
Donald F. de Boisblanc, Jr.  (#23462) T.A.
J. Rand Smith, Jr.           (#27090)
Attorneys at Law
410 South Rampart Street
New Orleans, Louisiana 70112
Telephone:   (504) 586-0005
Facsimile:    (504) 586-0007
OF COUNSEL TO LOZES AND PONDER
Respectfully submitted,

                S/ Steven M. Lozes
STEVEN M. LOZES (#8922)
LOZES and PONDER
1010 Common Street, Suite 1700
New Orleans, Louisiana 70112
Telephone: (504) 581-4455
Fax: (504) 587-9408
Counsel for Encompass Property & Casualty Company

**CERTIFICATE OF SERVICE**

I, Donald F. de Boisblanc, Jr., do hereby certify that a copy of the foregoing pleading has been served upon all parties through their attorney of record by: transmitting same via facsimile, and/or depositing same in the United States Mail, properly addressed and postage pre-paid this 13th day of September, 2007.

                                        S/ Donald F. de Boisblanc, Jr.