UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION K (2) |
| | * | |
| | * | |
| STEVEN FRUGHT AND | * | |
| CHERILYN FRUGHT | * | |
| | * | CIVIL ACTION NO. 07-5069 |
| | * | |
| VERSUS | * | |
| | * | SECTION   K (2) |
| STATE FARM FIRE AND | * | |
| CASUALTY INSURANCE COMPANY | * | |

*********************************************

## ANSWER TO COMPLAINT
## AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes defendant, State Farm Fire and

Casualty Insurance Company (hereinafter referred to as "State Farm"), who files this Answer and

Defenses and, in support of same, state as follows:

1.

The allegations of Paragraph 1 of the Complaint are admitted.

2.

State Farm admits that it issued a policy to Plaintiffs, and that policy, being a written

contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein,

all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for

water damages.

3.

The allegations of Paragraph 3 of the Complaint are denied except to admit the date and general location of Hurricane Katrina. It is specifically denied that Plaintiffs' home suffered heavy wind damage, other than the damages for which Plaintiffs have already been compensated by State Farm under their homeowners' policy.

4.

The allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify belief therein.

5.

State Farm specifically denies that Plaintiffs' home suffered heavy wind damage, other than the damage for which Plaintiffs have already been compensated by State Farm under their homeowners' policy. State Farm further admits that the Plaintiffs' property sustained damage attributable to water, more specifically flood, which are excluded under the policy issued by State Farm.

6.

It is admitted that Plaintiffs' insured premises sustained damage as a result of Hurricane Katrina. It is specifically denied that Plaintiffs' home suffered heavy wind damage, other than the damage for which Plaintiffs have already been compensated by State Farm under their homeowners' policy.

7.

The allegations of Paragraph 7 of the Complaint are denied as written, and it is specifically

denied that Plaintiffs' home suffered heavy wind damage, other than the damage for which Plaintiffs have already been compensated by State Farm under their homeowners' policy.

8.

The allegations of Paragraph 8 of the Complaint are denied as written. It is specifically pled herein that State Farm has paid any losses attributable to wind and that any losses not paid by State Farm are attributable to water, more specifically flood, and are excluded under the policy.

9.

The allegations of Paragraph 9 of the Complaint are denied as written. It is specifically pled herein that State Farm has paid any losses attributable to wind and that any losses not paid by State Farm are attributable to water, more specifically flood, and are excluded under the policy.

10.

State Farm admits that Plaintiffs notified State Farm that their property had sustained damage.

11.

State Farm admits that it sent adjusters to inspect Plaintiffs' property.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint require no answer.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint require no answer.

17.

The allegations of Paragraph 17 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, State Farm avers that LSA-R.S. 12:1220 speaks for itself and Plaintiffs' attempt to characterize or paraphrase the statute, or to refer to portions of the statute out of context, is denied.

18.

The allegations of Paragraph 18 of the Complaint are denied.

19.

The allegations of Paragraph 19 of the Complaint are denied.  State Farm further avers that attorneys' fees are not available under LSA-R.S. 12:1220.  The remainder of Paragraph 19 of the Complaint states a legal conclusion to which no response is required.

20.

The allegations of Paragraph 20 of the Complaint require no answer.

21.

The allegations of Paragraph 21 of the Complaint are denied.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint require no answer.

24.

Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, State Farm avers that LSA-R.S. 22:658 speaks for itself and Plaintiffs' attempt to characterize or paraphrase the statute, or to refer to portions of the statute out of context, is denied.

25.

Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, State Farm avers that LSA-R.S. 22:658 speaks for itself and Plaintiffs' attempt to characterize or paraphrase the statute, or to refer to portions of the statute out of context, is denied.

26.

Paragraph 26 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, State Farm avers that LSA-R.S. 22:658 speaks for itself and Plaintiffs' attempt to characterize or paraphrase the statute, or to refer to portions of the statute out of context, is denied. State Farm further avers that neither damages nor attorneys' fees are available under LSA-R.S. 22:658.

27.

The allegations of Paragraph 27 of the Complaint require no answer.

28.

The allegations of Paragraph 28 of the Complaint are denied.

29.

The allegations of Paragraph 29 of the Complaint are denied.  State Farm further avers that attorneys' fees are not available under the theories cited by Plaintiffs.

30.

The allegations of Paragraph 30 of the Complaint require no answer.

31.

The allegations of Paragraph 31 of the Complaint are denied as written. State Farm further avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

32.

The allegations of Paragraph 32 of the Complaint are denied as written.  State Farm further avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

33.

The allegations of Paragraph 33 of the Complaint are denied as written.  State Farm further avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

34.

The allegations of Paragraph 34 of the Complaint are denied as written. State Farm further avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

35.

The allegations of Paragraph 35 of the Complaint are denied.

36.

The allegations of Paragraph 36 of the Complaint are denied.

37.

The allegations of Paragraph 37 of the Complaint require no answer.

38.

The allegations of Paragraph 38 of the Complaint are denied as written. State Farm further avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

39.

The allegations of Paragraph 39 of the Complaint are denied as written. State Farm further avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

40.

The allegations of Paragraph 40 of the Complaint are denied. State Farm specifically denies that there is any conflict within the insurance policy, the contents of which constitutes the best evidence of the terms, conditions, exclusions, and limitations contained therein.

**AND NOW, FURTHER ANSWERING:**

## FIRST DEFENSE

The Complaint and the Amended Complaint fail to state a claim against defendant upon which relief can be granted.

## SECOND DEFENSE

The claims stated in the Complaint and Amended Complaint are based on a contract of insurance between the parties. State Farm avers that the policies issued to Plaintiffs, being written contracts, are the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

## THIRD DEFENSE

The damages sought by Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm insurance policy.

## FOURTH DEFENSE

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the policy at issue, as is required by jurisprudential

law, statutory law, and the terms and conditions of the applicable State Farm insurance policy.

## FIFTH DEFENSE

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under their insurance policy, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit or a setoff for all amounts previously paid.

## SIXTH DEFENSE

To the extent that State Farm has made any payments to which Plaintiffs are not entitled, State Farm reserves and asserts its rights to recover those amounts by reconventional demand or counter-claim.

## SEVENTH DEFENSE

State Farm avers that any item of damage claimed by Plaintiffs against the insurance policy at issue which resulted from flood damage, regardless of whether such damage is allegedly related to storm surge or to any breach, break, or collapse of any levee, floodwall or flood protection structure, or allegedly related to the alleged negligence, gross negligence, or inaction of any government official or agency at any level, are barred by the water damage exclusion of the policy, which provides:

2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

    c.    **Water Damage**, meaning:

        (1)    flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not . . . .

## EIGHTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a.    conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault; or

b.    defect, weakness, inadequacy, fault or unsoundness in:

        (1)    planning, zoning, development, surveying, siting;

        (2)    design, specifications, workmanship, construction, grading, compaction;

        (3)    materials used in construction or repair; or

        (4)    maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c.    weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## NINTH DEFENSE

State Farm avers that that insurance policy at issue excludes the following losses:

2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or

widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

d.     **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

## TEN DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for which State Farm is not responsible.

## ELEVENTH DEFENSE

State Farm avers that if any of Plaintiffs' damages are a result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

## TWELFTH DEFENSE

Plaintiffs' recovery pursuant to the policy at issue, if any, is limited to any previously uncompensated losses covered by such policy. Plaintiffs may not recover for losses previously compensated under any policy providing flood insurance and State Farm reserves its right to seek an offset for such payments.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs were insured under a flood insurance policy and received payment pursuant to such policy for Hurricane Katrina losses, Plaintiffs are estopped from asserting or claiming that any losses previously compensated under their flood insurance policy were caused by wind.

## FOURTEENTH DEFENSE

State Farm adjusted Plaintiffs' claim in good faith, in accordance with the terms and conditions of the applicable State Farm insurance policy, and in compliance with applicable statutory or jurisprudential law.

## FIFTEENTH DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

## SIXTEENTH DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

## SEVENTEENTH DEFENSE

Although State Farm denies that State Farm in any manner breached its contractual or statutory duties to the plaintiffs, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## EIGHTEENTH DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under their State Farm policy, State Farm pleads such representations are in violation of the terms and conditions of said policy thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said policy which are pled as if copied in their entirety.

## NINTEENTH DEFENSE

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm contends that these amendments do not have retroactive effect.

## TWENTIETH DEFENSE

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm avers that to give retroactive effect to such amendments, or to apply them to alleged violations that occurred prior to the effective date of the amendments, would violate the due process provisions and prohibition against ex post facto laws found in the Constitutions of the United States and the State of Louisiana.

## TWENTY-FIRST DEFENSE

Should it be found that the damages sought by Plaintiffs were caused in part by a covered peril and that any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

## TWENTY-SECOND DEFENSE

Some or all of Plaintiffs' claims constitute an improper attempt to achieve de novo judicial review or otherwise to collaterally attack the prior decisions of the Louisiana Department of Insurance ("LDI") and LIRC contrary to procedures established by settled Louisiana law. Therefore, Plaintiffs' claims are barred by separation of powers.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims interfere with the exclusive or primary jurisdiction of the LDI and LIRC, including their jurisdiction over forms, rates, and penalties.

## TWENTY-FOURTH DEFENSE

State Farm has detrimentally relied upon prior approval of its rates and policy forms by the LDI and LIRC and upon acceptance by its policyholders of policies offered in accordance with the approved rates and forms.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to impair the obligations of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

## TWENTY- EIGHTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a deprivation of liberty and property in contravention of State Farm's due process rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

## TWENTY-NINTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to deprive State Farm of equal protection in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

## THIRTIETH DEFENSE

Plaintiffs' claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Louisiana. Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v.*

*Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 599

(1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip*

*Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### JURY TRIAL REQUEST

State Farm, pursuant to Fed. R. Civ. Proc. 38, requests a trial by jury as to all parties and

issues herein that are triable to a jury.

### RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this

Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE,** State Farm prays that its Answer and affirmative defenses be deemed good

and sufficient, and that after all due proceedings had, that there be judgment herein in favor of

defendant, and against plaintiffs, dismissing plaintiffs' suit at plaintiffs' cost, for all equitable and

general relief, and for a trial by jury herein.

**Respectfully submitted:**

s/ Sidney J. Hardy
**SIDNEY J. HARDY (Bar No. 1938)**
**McCRANIE, SISTRUNK, ANZELMO, HARDY,**
**MAXWELL & McDANIEL**
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
ATTORNEY FOR DEFENDANT

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the U.S. mail, postage prepaid and properly addressed this 19TH day of October, 2007.

s/ Sidney J. Hardy

**SIDNEY J. HARDY**