# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>*<br>* SECTION "K" (2)<br>* |
| PERTAINS TO: | * JUDGE DUVAL<br>* |
| MRGO<br>LEVEE | * MAGISTRATE WILKINSON<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF PLAINTIFFS' PUTATIVE EXPERT JOHN A. KILPATRICK

895754v.1

## TABLE OF CONTENTS

**Page**

I. Introduction ..................................................................................................................... 1

II. The Fifth Circuit Requires A Daubert Examination of Experts Proffered for Class Certification Proceedings ................................................................................................ 2

    A. *Unger* and *Bell* Require This Court To Fulfill Its Daubert Gatekeeping Functions At This Early But Critical Stage Of The Proceedings ......................... 2

    B. The *Turner* Court Permitted Kilpatrick To Testify On The Basis Of Precedent Since Overruled ...................................................................................... 4

III. Neither Plaintiffs' Nor Kilpatrick's Promises To Provide A Model And Data In The Future Suffice For The Court's Analysis Now ......................................................... 7

    A. Plaintiffs Cannot Unveil Kilpatrick's "Specific Empirical Model" For The First Time At Trial ................................................................................................ 8

    B. Plaintiffs Have Not Addressed The Problems Inherent In Mass Appraisal Modeling ................................................................................................................ 9

IV. Conclusion ..................................................................................................................... 10

895754v.1

## TABLE OF AUTHORITIES

### CASES

*Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307 (5th Cir. (Tx.) 2005) .............................. 2, 3, 4, 7

*Bell v. Ascendant Solutions, Inc.*, No. Civ. A. 301-CV-0166-N, 2004 WL 1490009 (N.D. Tex. July 1, 2004) ........................................................................................................ 3

*Coffey v. Dowley Manufacturing, Inc.*, 187 F. Supp. 2d 958 (M.D. Tenn. 2002), *aff'd*, No. 02-5454, 2003 WL 23156640 (6th Cir. 2003) ............................................................ 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ................................*passim*

*Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311 (9th Cir. 1995) ......................................... 8

*In re Initial Public Offering Securities Litigation*, 227 F.R.D. 65 (S.D.N.Y. 2004) ..................... 5

*In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006) ..................... 5, 6, 7

*In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124 (2d Cir. 1999) .................. 4, 5

*Kase v. Salomon Smith Barney, Inc.*, 218 F.R.D. 149 (S.D. Tex. 2003) ...................................... 7

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ............................................................... 10

*Turner v. Murphy Oil USA, Inc.*, No. Civ. A. 05-4206, 2006 WL 91364 (E.D. La. Jan. 12, 2006) ........................................................................................................................ 2, 5

*Unger v. Amedisys, Inc.*, 401 F.3d 316 (5th Cir. (La.) 2005) ............................................ 2, 3, 4, 7

### RULES

Fed. R. Evid. 702 ..............................................................................................................*passim*

Fed. R. Civ. P. Rule 23 .....................................................................................................*passim*

### OTHER AUTHORITIES

Hon. David Hittner, Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, *Guide: Federal Civil Procedure Before Trial, 5th Circuit Edition*, ch. 10.575 (Thompson West 2007) ...................................................................................... 2

I.  Introduction

In their Opposition To Defendants' Motion To Exclude The Report And Testimony Of Plaintiffs' Putative Expert John A. Kilpatrick ("Plaintiffs' Opp."), Plaintiffs do not dispute the fact that no one has ever developed a model based on as many variables as exist in this case, and that Kilpatrick has not undertaken any work to develop such a model.  Plaintiffs are essentially arguing that the Court should take their word and Kilpatrick's assertion that this case is appropriate for class treatment, and that Kilpatrick need reveal his methodology and data only if this case reaches the merits.  To say that Plaintiffs are putting the cart before the horse is a generous assessment at best.

Plaintiffs' Opposition rests upon the erroneous assertion that this Court should conduct "*a limited Daubert review*" notwithstanding the fact that they simultaneously urge the Court to apply traditional *Daubert* requirements to Defendants' expert Michael W. Truax.  *See* Plaintiffs' Motion In Limine to Exclude the Class Certification-Related Testimony of Michael W. Truax at 4 (citing Fed. R. Evid. 702, 2000 Amendments, Advisory Committee Notes) (emphasis added).  Plaintiffs' position is as hypocritical as it is transparent.

The Fifth Circuit clearly requires district courts to apply the standards of Federal Rule of Evidence 702 to experts even at the class certification stage, and the experts of Plaintiffs and Defendants must be scrutinized with the same degree of intellectual rigor and integrity *Daubert* demands.  Although Plaintiffs attempt to recast the law and argue that Defendants are only entitled to challenge the *notion* of a model at the class certification stage (leaving questions about the potential application of such a model to the merits phase), Plaintiffs have failed to demonstrate that the report and deposition testimony of Kilpatrick meet the requirements of Rule 702 of the Federal Rules of

Evidence or even the "*Daubert*-lite" standard they urge upon the Court. Accordingly, Kilpatrick's testimony must be excluded.

II.     **The Fifth Circuit Requires A *Daubert* Examination of Experts Proffered for Class Certification Proceedings**

In their Opposition, Plaintiffs argue that the Court should disregard the Fifth Circuit holdings in *Unger v. Amedisys, Inc.*, 401 F.3d 316, 321 (5th Cir. (La.) 2005), *Bell v. Ascendant Solutions*, *Inc.*, 422 F.3d 307, 312 (5th Cir. (Tx.) 2005), and the Fifth Circuit's Federal Practice Manual. *See* Hon. David Hittner, Hon. William W. Schwarzer, Hon. A. Wallace Tashima, and James M. Wagstaffe, *Practice Guide: Federal Civil Procedure Before Trial, 5th Circuit Edition*, ch. 10.575 (Thompson West 2007). Instead , they ask the Court to adopt (for their witness only) a "*Daubert*-lite" standard at the class certification stage. They urge the Court to disregard the Fifth Circuit's affirmation of *Bell*, claiming that it does not address "what standard of *Daubert* review, if any, should apply to a class certification hearing," Plaintiffs' Opp. at 7. Instead they would have the Court adopt the reasoning of *Turner v. Murphy Oil USA, Inc.*, No. Civ. A. 05-4206, 2006 WL 91364, at *3-4 (E.D. La. Jan. 12, 2006), which disregarded *Unger* and *Bell* and relied instead on Second Circuit precedent that is no longer good law. Neither argument has any merit.

A.     ***Unger* and *Bell* Require This Court To Fulfill Its *Daubert* Gatekeeping Functions At This Early But Critical Stage Of The Proceedings**

Plaintiffs have not addressed the Fifth Circuit's unequivocal statement in *Unger* that "a careful certification inquiry is required and findings must be made based on adequate *admissible* evidence to justify class certification." *Unger*, 401 F.3d at 319 (emphasis added). Clearly the Fifth Circuit does not excuse expert testimony from complying with Rule 702 at the class certification stage, and a district court "must engage in a thorough analysis, weigh the relevant factors, require both parties to justify their allegations, and base its ruling on admissible

2

evidence" *regardless* of any overlap between class certification issues and the merits. *Id*. at 325. Accordingly, when plaintiffs proffer expert testimony as the only evidence supporting a particular Rule 23 requirement for class certification, as Plaintiffs do here, the Court must engage in a rigorous analysis of all relevant evidence supporting and attacking the expert. *Id.* at 321 (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. (La.) 1996)).

Plaintiffs similarly give scant attention to the Fifth Circuit's affirmation of *Bell*. They assert that the Court did not address "what standard of *Daubert* review, if any, should apply to a class certification hearing," Plaintiffs' Opp. at 7, but the plain text of the case demonstrates otherwise. The district court in *Bell* conducted a *Daubert* inquiry of plaintiffs' expert before considering his testimony as evidence in support of plaintiffs' motion for class certification. *Bell v. Ascendant Solutions, Inc.*, No. Civ. A. 301-CV-0166-N, 2004 WL 1490009, at *2-4 (N.D. Tex. July 1, 2004). The district court excluded plaintiffs' expert, holding that "[p]laintiffs have not established that [the expert's] testimony is the product of reliable principles and methods, as required by Federal Rule of Evidence 702," and specifically finding that "the techniques supporting [his] finding of market efficiency have not been tested, have not been subjected to peer review and publication, and do not enjoy general acceptance within a relevant scientific community." *Id*. at *3-4. After excluding plaintiffs' expert, the district court denied certification because plaintiffs could not satisfy the predominance requirement of Rule 23(b)(3). *Id.* The plaintiffs appealed the exclusion of the expert report and the denial of certification, claiming that they were only required to plead market efficiency at the class certification stage and that the district court's exclusion of their expert was an improper decision on an issue reaching the merits. *Bell*, 422 F.3d at 311.

3

The Fifth Circuit rejected the notion that the district court should have accepted plaintiffs' class certification allegations without further inquiry. *Id*. at 311-14. The Court found that the district court has a "duty, rooted in the text of rule 23(b)(3), to 'find [ ]' that common issues predominate before certifying a class." *Id*. at 312. The Court re-affirmed its statement in *Unger* that "a careful certification inquiry is required and findings must be made based on adequate *admissible* evidence to justify class certification." *Id*. at 312-13 (emphasis added) (quoting *Unger*, 401 F.3d at 319). The Fifth Circuit found no error with the district court "going beyond the pleadings" to conduct a *Daubert* examination of the expert testimony offered by plaintiffs, nor with the exclusion of the expert upon finding his testimony unreliable. *Id*. at 311-314. The Fifth Circuit *expressly* approved the district court's consideration of *the reliability of expert testimony* on a critical class certification issue. *Id*. at 314 n.13. Plaintiffs' claim that the Fifth Circuit did not articulate "what standard of *Daubert* review, if any, should apply to a class certification hearing" is patently wrong. The Fifth Circuit expressly held that a district court must consider the reliability of expert testimony at the class certification stage of a case.

  **B.**   **The *Turner* Court Permitted Kilpatrick To Testify On The Basis Of Precedent Since Overruled**

Plaintiffs urge this Court to follow the *Turner* court and apply a "*Daubert*-lite" standard and evaluate *only* whether Kilpatrick's opinion is not "fatally flawed." This standard is wholly inconsistent with *Unger* and *Bell*, and relies on a Second Circuit decision explicitly overruled since Judge Fallon permitted Kilpatrick to testify in the *Murphy Oil* litigation.

The *Turner* court relied on *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124 (2d Cir. 1999) ("*Visa Check*") for two premises: first, that "a district court should only review an expert's testimony at class certification stage to ensure that the 'opinion is not so flawed that it would be inadmissible as a matter of law'"; and second, that a district court should

not engage in a statistical dueling of experts. *Turner*, 2006 WL 91364, at *3-4 (quoting *Visa Check*, 280 F.3d at 135). Under the *Turner* court's framework an expert opinion would be admissible if it were merely "relevant to one of the six elements needed for class certification." *Id.* Although the Second Circuit recently reversed its construction of Rule 23 and *Visa Check* in *In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006) ("*In re IPO*"), Plaintiffs contend that *In re IPO* neither cited *Daubert* nor addressed what *Daubert* standard applies in the class certification context. Plaintiffs' Opp. at 7. Their self-serving reading of the case is not supported by the plain language of the opinion.

The *In re IPO* court conducted a lengthy analysis of case law from the Second Circuit and from other jurisdictions before *expressly* "disavow[ing] the suggestion in *Visa Check* that an expert's testimony may establish a component of a Rule 23 requirement *simply by being not fatally flawed*." 471 F.3d at 42 (emphasis added). In the underlying case, thousands of securities investors filed class action lawsuits. *In re Initial Public Offering Securities Litigation*, 227 F.R.D. 65, 71 (S.D.N.Y. 2004). Of the thousands of class actions filed, 310 were consolidated before the United States District Court for the Southern District of New York for pre-trial management. *Id.* at 72. Upon the district court's suggestion, the parties selected six cases to be used as test cases to determine whether the suits should proceed as class actions. *Id.* at 71. The defendants strongly opposed class certification, and both parties submitted expert reports addressing the contested issues of loss causation and damages. *Id.* at 71, 74. The district court granted in part and denied in part plaintiffs' motion for class certification. *Id.* at 65. In doing so, the district court determined that, under *Visa Check*, it would be inappropriate to weigh the competing expert reports and that plaintiffs had "satisfied their burden at this stage to articulate a theory . . . that is not fatally flawed." *Id.* at 115.

5

On appeal, the Second Circuit addressed the question of "whether all of the evidence at the class certification stage is to be assessed or whether a class plaintiff's evidence, if not fatally flawed, suffices." *In re IPO*, 471 F.3d at 24. To answer the question, the Second Circuit reviewed its prior jurisprudence and noted that it may have mischaracterized the district court's analysis of expert testimony in *Visa Check*, emphasizing that "the fact that an expert's report was rejected as admissible evidence in *Cruz* because it *was* fatally flawed was not a sufficient basis for saying in *Visa Check* that a[n expert] report suffices to establish a Rule 23 requirement as long as it is *not* fatally flawed." *Id*. at 36 & n.7 (emphasis in original). Given the Second Circuit's *direct emphasis* on a proper rejection of an expert report and an improper standard for admitting an expert report for Rule 23 purposes, there can be no question that the Second Circuit was revisiting its analysis of the standard of admissibility of expert reports in *In re IPO*.

The court expressly ruled that "we can no longer continue to advise district courts … that an expert's report will sustain a plaintiff's burden so long as it is not 'fatally flawed.'" *Id*. at 40. The Second Circuit further elaborated, holding that a district court can make a determination on the Rule 23 requirements "only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that *whatever underlying facts are relevant* to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts *and the applicable legal standard*, that the requirement is met." *Id*. at 41 (emphasis added). The Second Circuit clarified that a district judge should resolve a dispute about a class certification requirement, regardless of whether the Rule 23 dispute had some or even full overlap with a merits issue. *Id*. at 41. The *In re IPO* court concluded by requiring "[a] district judge is to assess all the relevant evidence admitted at the class certification stage and determine whether each

Rule 23 requirement has been met, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit." *Id*. at 42.

Under either *Bell*, *Unger*, or the Second Circuit's clear restatement of the standard, a district judge cannot simply accept a plaintiff's proffered expert testimony.  Rather, a district court must consider "all relevant evidence" and "resolve factual disputes"– including those concerning expert qualifications – relevant to each Rule 23 requirement.  Plaintiffs would like to read the Second Circuit's opinion to mean merely that Kilpatrick's opinion is admissible unless it is "fatally flawed."  Carried to its logical conclusion, Plaintiffs' argument would permit even the most grievously (if not fatally) flawed  opinions.  But *Bell* and *Unger*—consistent with Rule 702, *Daubert* and *Kumho*—require robust and analytically sound expert opinions.  Neither the *Turner* decision nor the foundation it was built upon are good law, and the Court cannot apply a "*Daubert*-lite" standard to this case.

### III. Neither Plaintiffs' Nor Kilpatrick's Promises To Provide A Model And Data In The Future Suffice For The Court's Analysis Now

Plaintiffs claim that the mere "articulation of a general mass appraisal methodology … suffices for purposes of the present [class certification] inquiry."  Plaintiffs' Opp. at 9.  To the contrary, the relevant question is *not* whether hypothetical mass appraisal techniques might be superior to individual appraisals.  Rather, the relevant question for purposes of Defendants' motion is whether Kilpatrick has identified a specific model or methodology complying with Rule 702 and *Daubert*.  Since Kilpatrick has not done anything, he has deprived this Court and Defendants of the ability to rigorously analyze a *specific empirical model* Kilpatrick will apply to the facts of this case and determine its reliability.  *See, e.g., Kase v. Salomon Smith Barney, Inc.*, 218 F.R.D. 149, 160 (S.D. Tex. 2003) (rejecting Plaintiffs' promise to use a notional formula for

7

calculating damages because "courts have been 'hesitant to rely on a formulaic nostrum given the consequences if it fails to meet expectations.'").

### A. Plaintiffs Cannot Unveil Kilpatrick's "Specific Empirical Model" For The First Time At Trial

Even a cursory review of Plaintiffs' Opposition confirms the validity of Defendants' objection to Kilpatrick's purely hypothetical model. In a nutshell, he has done nothing and, therefore, has not provided this Court with a record upon which it could accept his conclusory statements that he could construct a model. Indeed, Plaintiffs spend two pages in their Opposition explaining what Kilpatrick claims he *will do* – not what he has done:

- he *will construct* a "robust, valid and statistically reliable mass appraisal model";
- he *intends to* analyze post-Katrina sales data;
- he *has identified* a "type" of mass appraisal model he *intends to* use in this case;
- he *will apply* a statistical model that *will focus* on Katrina-related damages;
- his model *will reveal* repair costs and stigma damages; and
- he *will address* disruption in the real estate market.

The time for Kilpatrick to provide this information is now, not at some uncertain point in the future.[1] *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) (holding that the simple presentation of an expert's qualifications, conclusions, and assurances of reliability cannot satisfy Rule 702).

---

[1] For all of Plaintiffs' promises, Kilpatrick has not demonstrated how his hypothetical model (or any other, for that matter) can account for the complexities involved in this case, including multiple class areas and subclasses; hundreds of thousands of residential, commercial and institutional properties varying in their construction, elevation, and condition; socioeconomically and geographically diverse neighborhoods; different degrees of flooding in different neighborhoods and even from house to house; damage not just from flooding, but from wind, rain, fire, theft, and vandalism, which occurred in different sequences in different locations; highly individualized repair costs; and inherently individualized property values.

Despite Plaintiffs' claim that Kilpatrick "will apply to the case at hand a statistical model which already have [*sic*] been peer-reviewed," Plaintiffs' Opp. at 11, Kilpatrick has admitted that

- he does not have "any particular hedonic formula" in mind because "[t]hat will have to be empirically determined as part of the … merits phase" of the case, Kilpatrick Dep. 33:14-22;

- he has not "constructed a specific empirical model" for purposes of this case, Kilpatrick Dep. 34:4-35:18;

- he has not developed a protocol for his model, Kilpatrick Dep. 317:25-318:12;

- he has not decided which of various survey methodologies he might use to construct the model, Kilpatrick Dep. 225:24-228:8; and

- his firm prepares stigma models for litigation that are not peer reviewed. Kilpatrick Dep. 29:8-23.

Kilpatrick clearly expects this Court to trust him to develop a complex "specific empirical model" for purposes of this litigation that neither Defendants nor Kilpatrick's peers will review prior to trial.

Rule 702 does not permit this Court to rely on such testimony, and *Daubert* requires the scrutiny of the scientific community to "increase the likelihood that substantive flaws in methodology will be detected." *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 593-94 (1993). Kilpatrick has an obligation to articulate the "specific empirical model" he intends to first construct and then apply to the facts of this case.

### B. Plaintiffs Have Not Addressed The Problems Inherent In Mass Appraisal Modeling

Remarkably, Plaintiffs offer no explanation about how Kilpatrick expects to be able to create a "specific empirical model" based on mass valuation techniques to determine property values when The Road Home Program and private and federal insurers attempted to employ hedonic mass appraisal models and abandoned those methods due to "serious problems" caused by the diverse properties within a small geographic area. Nor have Plaintiffs attempted to respond to the numerous critiques to the survey methods Kilpatrick intends to employ. Instead, Plaintiffs have returned to the tired refrain that the Court should simply trust that the techniques "to be used" in this case will bear out at the end of the day.

The variables in the properties in the New Orleans market are too great and the stakes in this litigation too high to defer to another day the rigorous analysis of Kilpatrick's model to determine whether it can perform as promised. *Ipse dixit* is patently insufficient to satisfy Rule 702 and Kilpatrick's testimony should be excluded. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 157 (1999) (holding that a district court is not required to admit opinion evidence based on the expert's proclamation of the accuracy of his own method); *Coffey v. Dowley Manufacturing, Inc.*, 187 F. Supp. 2d 958, 975 (M.D. Tenn. 2002) (finding that "although [the expert]'s pedigree is impressive, the Rule 702 and *Daubert* analysis demands that Court not simply take [the expert]'s bare assertions as gospel"), *aff'd*, No. 02-5454, 2003 WL 23156640 (6th Cir. Dec. 18, 2003).

### IV. Conclusion

For the foregoing reasons, Defendants' Motion To Exclude The Report And Testimony Of Plaintiffs' Putative Expert John A. Kilpatrick should be granted and Kilpatrick's report and testimony should be excluded.

Dated: October 10, 2007                    Respectfully submitted,

                                          */s/William D. Treeby*
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Washington Group International, Inc.

Of counsel

Adrian Wager-Zito
Julie McEvoy
Julia L. Cronin
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-4645
Facsimile: (202) 626-1700

Jerome R. Doak
Jones Day
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

895754v.1

| | |
|---|---|
| */s/Thomas P. Anzelmo*  <br>Thomas P. Anzelmo, 2533  <br>Mark E. Hanna, 19336  <br>Kyle P. Kirsch, 26363  <br>Andre J. Lagarde, 28649  <br>    Of  <br>McCranie, Sistrunk, Anzelmo, Hardy,  <br>  Maxwell & McDaniel  <br>3445 N. Causeway Boulevard, Suite 800  <br>Metairie, Louisiana  70002  <br>Telephone:  (504) 831-0946  <br>Facsimile:   (504) 831-2492  <br>And  <br>James L. Pate, 10333  <br>Ben L. Mayeux, 19042  <br>    Of  <br>Laborde & Neuner  <br>One Petroleum Center, Suite 200  <br>1001 West Pinhook Road, Suite 200  <br>Post Office Drawer 52828  <br>Lafayette, Louisiana  70505-2828  <br>Telephone:  (337) 237-7000  <br><br>Attorneys for the Orleans Levee District | */s/Robin D. Smith*  <br>Robin D. Smith  <br>Trial Attorney  <br>Torts Branch, Civil Division  <br>U.S. Department of Justice  <br>P.O. Box 888  <br>Benjamin Franklin Station  <br>Washington, D.C. 20044  <br>Telephone:  (202) 616-4289  <br>Facsimile:   (202) 616-5200  <br><br>Attorneys for United States  <br><br><br>*/s/ Gary M. Zwain*  <br>Lawrence J. Duplass, 5199  <br>Gary M. Zwain, 13809  <br>Andrew D. Weinstock, 18495  <br>    Of  <br>Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock  <br>3838 N. Causeway Blvd., Suite 2900  <br>Metairie, Louisiana 70002  <br>Telephone: (504) 832-3700  <br>Facsimile: (504) 837-3119  <br><br>Attorneys for Board of Commissioners for the Lake Borgne Basin Levee District |

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum In Reply To Plaintiffs Opposition To Defendants' Motion to Exclude the Report and Testimony of Plaintiffs' Putative Expert John A. Kilpatrick has been served upon all counsel of record via the Court CM/ECF system, this 10th day of October, 2007.

*/s/ William D. Treeby*
William D. Treeby

895754v.1