UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES § | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | NO.   05-4182 "K"(2) |
| § | JUDGE DUVAL |
| § | MAGISTRATE WILKINSON |
| § | |
| § | |
| PERTAINS TO:  INSURANCE § | |
| C.A. No. 07-4384 § | |

**ANSWER TO COMPLAINT FOR DAMAGES**

NOW COMES American Security Insurance Company ("American Security"), and for answer to plaintiffs' Complaint for Damages respectfully avers as follows:

**FIRST DEFENSE**

Now answering the specific allegations of the Complaint, defendant avers that:

1

1.

The allegations of Paragraph 1 are denied, except to admit that American Security is a foreign insurer licensed to and doing business in Louisiana, and that American Security insured U.S. Bank N.A., I.S.A.O.A c/o U.S. Bank Home Mortgage; Its Successors and Assigns under Residential Property Policy no. HOC035197100 and Residential Flood Policy no. 17RFL9900470290, insuring 2121 LaSalle Street, New Orleans Louisiana 70113. Wesley and Betty Lynch were an additional insureds under these policies. These policies are in writing and contain numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein. The said Policies are the best evidence of their contents. Insofar as the allegations of plaintiffs' lawsuit tend to vary, modify, or enlarge the clauses, terms, provisions, and limitations on coverage therein, the said allegations are denied.

2.

The allegations of Paragraph 2 are admitted.

3.

The allegations of Paragraph 3 are denied for want of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 are denied for want of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 are admitted.

7.

The allegations of Paragraph 7 are denied, except to admit that American Security is a foreign insurer licensed to and doing business in Louisiana, and that American Security insured U.S. Bank N.A., I.S.A.O.A c/o U.S. Bank Home Mortgage, Its Successors and Assigns under Residential Property Policy no. HOC035197100 and Residential Flood Policy no 17RFL9900470290, insuring 2121 LaSalle Street, New Orleans Louisiana 70113.  Wesley and Betty Lynch were an additional insureds under these policies.  These policies are in writing and contain numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein.  The said Policies are the best evidence of their contents.  Insofar as the allegations of plaintiffs' lawsuit tend to vary, modify, or enlarge the clauses, terms, provisions, and limitations on coverage therein, the said allegations are denied.

8.

The allegations of Paragraph 8 are denied for want of sufficient information to justify a belief therein except to admit that the plaintiffs' property did sustain some damage.

9.

The allegations of Paragraph 9 are denied except to admit that the American Security has paid plaintiffs Nineteen Thousand Two Hundred Ninety-Nine and 77/100 Dollars ($19,299.77) under the Residential Flood Policy referenced above and Three Thousand Four Hundred Eight and 23/100 ($3,408.23) under the Residential Property Policy referenced above.

10.

The allegations of Paragraph 10 are denied for want of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for want of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied for want of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are a prayer for relief and as such require no response. However, to the extent a response is required, the allegations of Paragraph 15 are denied.

**SECOND DEFENSE**

Plaintiff fails to state a claim or cause of action against American Security Insurance Company for which relief can be granted.

**THIRD DEFENSE**

The Residential Flood Policy issued by American Security and referenced above, is in writing and contains numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein. The policy is the best evidence of its contents. Insofar as the allegations of plaintiffs' lawsuit tend to vary, modify, or enlarge the clauses, terms, provisions, and limitations on coverage therein, the said allegations are denied. Nothing herein should be construed as a waiver, express or implied, of any of the terms, conditions, provisions, and limitations on coverage in the policy.

Specifically, but not by way of limitation, the Residential Flood policy does not offer any coverage for:

1. Personal property of any kind;

2. Loss caused by theft, fire, windstorm, or wind.

## **FOURTH DEFENSE**

The Residential Property Policy issued by American Security, and referenced above, is in writing and contains numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein. The policy is the best evidence of its contents. Insofar as the allegations of plaintiffs' lawsuit tend to vary, modify, or enlarge the clauses, terms, provisions, and limitations on coverage therein, the said allegations are denied. Nothing herein should be construed as a waiver, express or implied, of any of the terms, conditions, provisions, and limitations on coverage in the policy.

Specifically, but not by way of limitation, the policy does not offer any coverage for:

1. Damage to personal property of any kind; or

2. Loss caused by wear and tear, marring, deterioration, inherent vice, latent defect, mechanical breakdown, mold, wet or dry rot; settling, cracking, shrinking, bulging, or expansion of foundations, walls, floors, roofs, or ceilings;

3. Loss caused by enforcement of any ordinance or law regulating the construction or repair of the insured premises;

4. Loss caused by neglect;

5. Water damage, i.e. flood, surface water, tidal water, overflow of a body of water, or spray from any of these, whether driven by wind or not;

6. Loss caused by water which backs up through the sewers or drains; and/or

7. Loss caused by the failure of power or other utility service, if the failure takes place off the described premises.

8. The amount of recoverable depreciation can only be recovered by the insured after repairs are completed.

## FIFTH DEFENSE

Defendant reserves the right to supplement and amend this answer.

WHEREFORE, after proceedings are had, American Security Insurance Company prays that there be judgment in its favor, dismissing the plaintiffs' lawsuit, with prejudice, and at the plaintiffs' sole cost and all other relief to which American Security Insurance Company is entitled.

Respectfully submitted:

s/Gordon P. Serou, Jr
GORDON P. SEROU, JR. (No. 14432)
gordonserou@hotmail.com
Poydras Center, Suite 1420
650 Poydras Street
New Orleans, Louisiana 70130
Telephone No.: 504-299-3421
Facsimile No.: 504-299-3496

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2007, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. Any manual recipients will receive a copy of the foregoing pleading by United States Mail.

s/Gordon P. Serou, Jr.
GORDON P. SEROU, JR.