## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE, *Xavier Univ. of La.*, No. 06-0516 | * * * * | MAGISTRATE JUDGE WILKINSON |

## DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING RETROACTIVITY OF ACT 813

Travelers respectfully submits this short supplemental memorandum to bring to the Court's attention a recent decision by the Louisiana Fourth Circuit Court of Appeal in Aronson v. State Farm Fire & Cas. Co., No. 2007-CA-0573, 2007 WL 3015571 (La. Ct. App. 4th Cir. Oct. 10, 2007) (copy attached as Exhibit A hereto). The Aronson decision was issued after briefing was completed on Xavier's motion for partial summary judgment regarding the retroactivity of Act 813. Aronson holds that the 2006 amendment to La. Rev. Stat. § 22:658 does not apply where the insured's cause of action under La. Rev. Stat. § 22:658 first accrued prior to the August 15, 2006 effective date and the statutory violation allegedly continued after that date. Id. at *8-9.

In <u>Aronson</u>, the insureds conceded that the 2006 amendment to Section 22:658 were not retroactive. Their petition alleged that they had submitted satisfactory proof of loss to State Farm by January 3, 2006, more than seven months before Act 813 took effect. The insureds contended, however, that "State Farm's bad faith conduct extended beyond the August 15, 2006 effective date" and, therefore, that the 2006 amendment applied prospectively. <u>Id.</u> at *8. Specifically, they argued that "State Farm's failure to pay their claim within thirty days after Mr. Best had provided to State Farm the measurements of the water lines on the properties adjacent to the [insured] duplex was an arbitrary and capricious failure to pay their claim and that the failure occurred after the effective date of the 2006 amendments." <u>Id.</u>

The Louisiana Fourth Circuit rejected the insureds' argument, holding that the 2006 amendment was not applicable. The court reasoned that "[e]ven though State Farm's failure to pay the Bests' claims extended beyond the effective date of the 2006 amendments to La. R.S. 22:658, *their cause of action arose prior to the effective date.*" <u>Id.</u> at *9 (emphasis added). The court explained that the version of a statute that is in effect when a cause of action first accrues is the applicable version. <u>Id.</u> (citing <u>McDuffie v. ACandS, Inc.</u>, 781 So. 2d 623, 625 (La. Ct. App. 4th Cir. 2001)). The Fourth Circuit also relied on <u>Geraci v. Byrne</u>, 934 So. 2d 263 (La. Ct. App. 5th Cir. 2006), in which the court held that the 2003 amendment to Section 22:658 was not applicable where a statutory violation allegedly occurred prior to the effective date of the amendment and continued beyond that date. <u>Aronson</u>, 2007 WL 3015571, at *9.

When the holding in <u>Aronson</u> is applied in this case, it is clear that, if Xavier were able to establish a violation of Section 22:658 (which Travelers strongly denies), the 2006 amendment to Section 22:658 would be inapplicable. Xavier admits that "[p]re-suit [i.e., prior to February 2, 2006], Xavier sent Travelers enough information to constitute a 'satisfactory proof of loss.'"

(Xavier Reply Memo., at 4.) Similarly, the Complaint alleges that, prior to suit, Xavier provided "voluminous and substantial documents in proof of its loss," and that Travelers' alleged violation of Section 22:658 had already occurred. (Complaint, ¶¶ 23, 26.) Xavier's claim for an alleged violation of Section 22:658 clearly accrued prior to February 2, 2006, long before Act 813 took effect. As Aronson and Geraci, make clear, the fact that the alleged violation of Section 22:658 continued after August 15, 2006 is irrelevant. The governing version of Section 22:658 is the version that was in effect when the alleged violation first occurred, which was long before August 15, 2006.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
RALPH S. HUBBARD III, #7040
SIMEON B. REIMONENQ, JR., #19755
LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

Stephen E. Goldman (pro hac vice)
Christopher J. Hug (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:   (860) 275-8255
Facsimile:   (860) 275-8299

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                        s/Simeon B. Reimonenq, Jr.
                                        SIMEON B. REIMONENQ, JR.