UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| | | |
| NO.   06-6099 | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Plaintiffs in Civil Action No. 06-6099, once again, find themselves "paddling their own canoe", without any assistance whatsoever from the "Plaintiffs' Liaison Committee", this time to oppose a Motion to Dismiss filed by the "Almighty Federal Government", which is seeking dismissal of plaintiffs' claims against the Government, with prejudice, on two separate independent grounds:

1. By arguing the failure to present administrative claims required by 28 U.S.C. §2675(a) as a prerequisite to filing suit;  and

2. By arguing that the challenged conduct falls within the discretionary function exception to the waiver of sovereign immunity contained in the Federal Tort Claims Act, and more particularly 28 U.S.C. §2680(a).

Plaintiffs respond as follows:

-1-

1. This Honorable Court has already stated, on the record, that insofar as 350,000 or so claims presented administratively by "unrepresented" plaintiffs (sic), "It is the Court's opinion, that these 350,000 plus claims are never going to be resolved administratively, but unfortunately, through the litigation process", which astute observation plaintiffs aver renders their compliance with any administrative claim procedure futile;

2. Admissions against interests by the former Commander of the U.S. Army Corps of Engineers, Lt. General Carl Strock, constituting an admission of liability by the United States of America in this litigation, rendered any administrative claim "requirement", which is assumed for the sake of argument only, moot and unnecessary, the only remaining issue to be adjudicated being the amount(s) of damages to which plaintiffs are entitled;

3. The filing of Motion(s) to Dismiss by the United States of America in related Victims of KATRINA litigation, in order to invoke sovereign immunity pursuant to Section 702(c) of the Flood Control Act, as well as pursuant to the due care and discretion function exceptions to the waiver of sovereign immunity contained in the Federal Tort Claims Act, constituted denials of plaintiffs' claims or otherwise rendered any "requirement" that plaintiffs exhaust administrative remedies under the FTCA futile;

4. The failure of the U.S. Army Corps of Engineers and THE Federal Emergency Management Agency to make any reasonable effort to adjust

        administrative claims submitted to them since Hurricane KATRINA has rendered the administrative claim procedure futile;

5.   Plaintiffs herein have already satisfied administrative claim requirements as a prerequisite to filing suit. See infra;

6.   The discretionary function exception to the FTCA is inapplicable, since the Government and its agencies had no discretion to violate the law; and

7.   Alternatively, genuine issues of material fact exist with respect to the applicability of the discretionary function exception, precluding dismissal of plaintiffs' claims at this time, prior to any discovery, which plaintiffs want and need.

In support of their arguments, plaintiffs attach hereto and make part hereof the following exhibits, which include both the factual and legal agreements why the Government's Motion to Dismiss should be denied:

1.   Plaintiffs' Protective Re-filed Complaint for Compensatory and Exemplary Damages, etc. filed on September 19, 2006; and

2.   Original Brief filed by plaintiffs/appellants in Case No. 07-30273 in the United States Court of Appeals for the Fifth Circuit.

## WHAT ARE PLAINTIFFS CLAIMING AGAINST THE FEDERAL GOVERNMENT?

The substantive claims which plaintiffs have asserted against the United States of America in Civil Action No. 06-6099 appear in Articles IX and X of the Complaint, in which plaintiffs pleaded, in pertinent part, as follows:

## **DEFENDANTS' DUTIES AND THEIR BREACHES THEREOF**

### **IX.**

The primary purpose of government is to promote and safeguard the health, safety and welfare of its constituents and their property. Indeed, if this purpose is not fulfilled by the government, then why should the government be allowed to continue to exist, rather than to be replaced by another government which demonstrates to the people not only the willingness, but the ability, to competently promote and safeguard the health, safety and welfare of the citizenry and their property? Plaintiffs aver that the federal governmental defendant(s), as well as the State and local governmental defendants, and each of them, woefully failed in discharging the primary purposes for their existence in the run-up-to and in the aftermath of Hurricane KATRINA in August and September 2005, and in so doing violated duties owed to each plaintiff named herein. More particularly, plaintiffs aver that defendants, and each of them, failed in their duty to properly prepare for and respond to plaintiffs' needs, both prior to and in the aftermath of Hurricane KATRINA.

### **X.**

Prior to, during and after Hurricane KATRINA made landfall in the State of Louisiana on August 29, 2005, the defendants named herein, or each of them, acting negligently, or negligently failing to act, in violation of both federal and state statutes, and contrary to their legal duties, and agency or department rules, regulations, manuals, procedures and customs, committed the following torts or wrongs against plaintiffs and those similarly situated to plaintiffs, for which plaintiffs are seeking damages, both compensatory and exemplary, from defendants:

#### **BY THE FEDERAL GOVERNMENTAL DEFENDANT(S):**

a) Violating the clear provisions of the Flood Control Act of 1941, as amended, the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Homeland Security Presidential Directive 5, the Department of Defense Manual for Civil Emergencies, and numerous sections of Title 33, Code of Federal Regulations, including Section 203, among other rules, regulations, manuals, procedures and customs;

b) Failing to properly prepare for competent emergency operations, including response, search and rescue, evacuation and rehabilitation activities, in the event that levees and/or retaining walls failed and/or were damaged;

c) Failing to properly implement competent emergency operations following Hurricane KATRINA;

d) Failing to timely issue a Declaration of Emergency following Hurricane KATRINA, and otherwise failing to do whatever was necessary to "trigger" the National Response Plan;

e) Failing to timely and competently implement the National Response Plan;

f) Failing to complete competent pre-KATRINA infrastructure risk and vulnerability assessments;

g) Failing to complete competent, necessary pre-incident activities, such as pre-positioning flood-fighting assets, tools, supplies, assessment teams, personnel, contractors and equipment, including communications equipment, in order to minimize the adverse effects of the levee and retaining wall failures;

h) Failing to conduct a timely and competent post-incident assessment of the situation, and to timely and competently prepare and implement critical path diagrams, identifying and prioritizing needs, and marshaling the resources necessary to satisfy those needs, and directing them where and when necessary;

i) Failing to plan for or execute competent emergency support for life-saving and life-sustaining services, including the provisioning of transportation resources, potable water, ice, emergency power, communications equipment and other emergency commodities, services and personnel;

j) Failing to take pre-storm measures in order to prepare for predicted flooding as a result of over-topping or other causes;

k) Failing to have or implement a competent hurricane preparedness plan for the Greater New Orleans Metropolitan Area;

l) Failing to have and effectively utilize an emergency management organization with the ability to execute responsibilities and missions under the legislation referenced, supra, and the National Response Plan, staff a competent Crisis Management Team, and staff a competent Crisis Action Team in a properly equipped and functional Emergency Operation Center;

m) Failing to establish and maintain competent plans and procedures for the continued operation of the New Orleans District Office of the U.S. Army Corps of Engineers following a disaster;

n) Failing to train or inadequately training personnel for disaster response;

o) Failing to conduct pre-disaster exercises which were both competent and proper;

p) Failing to establish or negligently establishing command and control facilities able to provide command and control for disaster response and recovery activities;

q) Failing to competently inspect flood control projects prior to the hurricane to ensure that they were properly designed, constructed and/or maintained to perform as designed during hurricanes;

r) Failure to have or to implement competent and proper advance measures prior to the hurricane to protect against loss of life and significant damage to urban areas and private and public facilities;

s) Failing to plan for or to implement competent hazard mitigation activities;  and

t) Failing to timely respond to repeated requests for disaster assistance in the form of federal (both military and non-military) personnel, communications equipment, transportation resources, water, food, medical supplies, sanitary facilities, shelter and means of evacuation, the result being that helpless people were abandoned to their fate for days, needlessly, after the storm.

\* \* \*

Plaintiffs reserve the right to amend the allegations of the foregoing Article when the facts become more fully known.

Obviously, the claims which have been asserted do not, on their face, implicate the provisions of The Flood Control Act of 1928, and it is for that reason that the Government has attacked plaintiffs' alleged failure to present their claims administratively, and to urge the applicability of the discretionary function exception to the waiver of sovereign immunity found in the Federal Tort Claims Act.

# PLAINTIFFS PRESENTED VALID ADMINISTRATIVE CLAIMS TO THE GOVERNMENT MORE THAN 6 MONTHS PRIOR TO THE FILING OF THIS ACTION

In their Complaint at Article VII, plaintiffs specifically pleaded the presentation of administrative claims and the timeliness of their institution of litigation. More particularly, plaintiffs pleaded:

### VII.

Further in the alternative, on February 17, 2006, by letter of the same date, sent "certified, return receipt requested", plaintiffs' Attorney-in-Fact presented claims in writing to the United States of America through its agencies and instrumentalities, The U.S. Army Corps of Engineers and the Federal Emergency Management Agency, in the sum certain of $2,500,000 for each individual claim. Plaintiffs aver that the aforesaid letter was received by the U.S. Army Corps of Engineers on March 1, 2006, and that the aforesaid letter was received by the Federal Emergency Management Agency on March 17, 2006. Today's date, September 19, 2006 is more than six (6) months since plaintiffs' "functional equivalents" of claims in writing for sums certain were presented to and received by the U.S. Army Corps of Engineers and FEMA, and plaintiffs opt to deem that passage of time, and the agencies' failure to act on their claims, as denials of their claims. Accordingly, plaintiffs aver that this Civil Action against the United States of America is timely and proper under the circumstances. Plaintiffs attach as Exhibit A (1-18), the referenced letter of February 17, 2006 and the return receipts dated March 1, 2006 and March 17, 2006, respectively.

If the "Almighty Federal Government" wants to know anything at all about any plaintiff named herein, all the Government need do is "press a button". In the meantime, plaintiffs aver that they have given the Federal Government everything they need to know about whether to "settle or litigate": their name(s), the nature of their claims arising out of the KATRINA series of events, and a sum certain for each claim.

Plaintiffs reiterate: If "fair settlement of tort claim" is really of interest to the "Almighty Federal Government", then why hasn't the Government "reached out" to

plaintiffs with firm proposals to pay them just compensation for the damages plaintiffs sustained as a result of Governmental ineptitude and malfeasance?

### THE DISCRETIONARY FUNCTION EXCEPTION HAS BEEN BRIEFED "*AD NAUSEAM*" TO THIS HONORABLE COURT, AND PLAINTIFFS SHOULD BE ALLOWED TO CONDUCT DISCOVERY TO DEFEAT ITS CLAIMED APPLICABILITY

The applicability of the discretionary function exception in the Federal Tort Claims Act to "Victims of KATRINA" litigation has been previously briefed extensively in This Honorable Court in the Robinson case, Civil Action No. 06-2268, which arguments opposing the applicability of the exception are incorporated herein by reference thereto. Plaintiffs aver that the briefing schedule in Robinson on the immunity issue, including the applicability or inapplicability of the discretionary function exception, will not end until January 25, 2008, with oral argument to be held on March 12, 2008. Additionally, Memoranda in Opposition to Motions to Dismiss filed by the Government addressing the applicability or inapplicability of the discretionary function exception to the FTCA in other civil actions have also been filed in This Honorable Court. See Record Document Nos. 6646, 6982 and 7146, which arguments opposing the applicability of the exception are also incorporated herein by reference thereto. Accordingly, plaintiffs respectfully submit that, until oral argument in this case, and disposition of the Government's Motion(s) to Dismiss in Robinson and other cases on the issue of the discretionary function exception, then the granting of the Government's Motion to Dismiss in this case would be entirely premature, particularly without any discovery, which plaintiffs aver they are entitled to.

-9-

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**
        **Counsel for Plaintiffs**

        **By:**   **S/Ashton R. O'Dwyer, Jr.**
              Ashton R. O'Dwyer, Jr.
              Bar No. 10166
              821 Baronne Street
              New Orleans, LA 70113
              Tel. 504-679-6166
              Fax. 504-581-4336

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 23rd day of October 2007.

        S/Ashton R. O'Dwyer, Jr.