UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

MAUREEN O'DWYER, ET AL.          *       NO.  06-6099

VERSUS                           *       SECTION "S"

THE UNITED STATES OF             *       MAGISTRATE "3"
AMERICA, ET AL.
* * * * * * * * * * * * * * * * * *

PROTECTIVE REFILED
COMPLAINT FOR COMPENSATORY
AND EXEMPLARY DAMAGES,
AND FOR REASONABLE ATTORNEY'S
FEES AND TAXABLE COSTS,
IN A CLASS ACTION LAWSUIT

IDENTITIES OF PARTIES PLAINTIFF

I.

Plaintiffs in the above-styled and numbered cause are the following:

Maureen O'Dwyer
Shirley D. O'Dwyer
Lisa Marie O'Dwyer
Harold Joseph Gagnet
Sally Edgerton Richards
Shane Porter and
Stephanie Porter
 Interior Specialties LLC
Shelia Jones Jordan
Charles Edward Jordan
Wayne M. Jones
Gloria Agnes Griffin, individually and as Administratrix of the
Succession of her brother Stephen Williams, and on behalf of any and
all heirs, survivors, relatives and beneficiaries of the deceased

**Leticia Brown**
**Jo Anna McLean**
**Lee Davidson McLean III**
**Kathryn Frank**
**Richard Springer Favor and**
**Miriam McMichael Favor d/b/a The Garden Smith**
**Philip B. Alford**
**Gerald Pipes Guice**
**Beverly Anne Ferguson Guice**
**Madeleine Alise Guise**
**Kenneth Hastings Guice**
**Anthony Phillip Henderson**
**Louis Joseph O'Dwyer, Jr.**
**Maurleen M. O'Dwyer**
**Aaron Jacob O'Dwyer**
**Henry Grady Hardy, Jr.**
**Letizia Hardy**
**Jane Hardy**
**Jane Veronica Hardy**
**Brian Southerland Hardy**
**Martin Ramos**
**Richard Ehret**
**Leslie Ehret**
**Anthony Phillip Henderson**
**Frances Y. Bellerino**
**Louise J. Young**
**Edward R. Young and**
**Veronica F. Young d/b/a Floor Drafters Wood Interiors**
**Joseh Rauchwerk**
**Cheryl Sweat Rauchwerk**
**Marilyn Von Schmidt**
**Susan G. Jeanfreau, M.D.**
**Wallace E. Jeanfreau, M.D.**
**Robert J. Jeanfreau, M.D.**
**Jerry Victor Jacob**
**Gloria Pohlman Hecker**
**Joseph W.P. Hecker, in proper person**
**Nicholas S. Lindner**
**Ruth B. Ragas**
**Paul J. Ragas**
**Jason P. Ragas**
**Jason P. Ragas**
**Walter J. Morgan**
**Katie L. Ragas**
**Arthur Tracy Abel**
**Kathleen C. Abel**

Kitty B. Hoffman
Craig Anthony Miller
Stephen Christopher Jeandron
Andre Trevigne Fowler
John Wesley Stewart, Jr.
George Schmidt d/b/a The George Schmidt Gallery
Delia LaBarre
Tyrone Anthony Alexander
Michael Cormick
Penny Anderson
Calie Newell
Betty Francis
Lester McGee
Sherman Griffin
Sandra Meyers
Gregory Cormick
Jeffrey Baker Day
Ashley O'Dwyer Day
Harold Alexander
Vonola Avist
Dana Bell
Gloria Mae Bell
Hitchai Bryant
Nicole Bryant
John Collins
Jonell Collins
Catherine Collins
Sherene Collins
Simeko Collins
Jerry Cormick
Lauren Dabney
Kevin Daliet
Norcille Daliet
Donald Ellis
Kim Ellis
Bobbie Evams
Audrey Gray
Lucille Gray
Issac Hayes
Mary Johnson
Mary Noela Johnson
Wayne Anthony Johnson
Ann Lawless
Detective Carlton Lawless
Gene Lee
Ivin Lee

**Lynn Lee**
**Jimmie Martin**
**Harry Nobles**
**Alma Sanders**
**Barbara Sanders**
**Albertha Skinner**
**Gilda Skinner**
**Irinika Skinner**
**Rvin Skinner**
**Brandon Smith Felix Augustin**
**Pauline Augustin**
**Cynthia Bell**
**Rhona Causey**
**Winnette Lang**
**Ferdinand Leon**
**Lydia Leon**
**Caroll Duesse**
**Lucien Denesse**
**Ashley Navarre**
**Doreine Navarre**
**Melvin Navarre**
**Sylvia Byrd**
**William Byrd**
**Blair Bundy**
**Dawn Bundy**
**Jill Bundy**
**John Collins**
**Sherlene Collins**
**Janice Collins, on her own behalf and on behalf of her son,**
**    John Henry Collins**
**Jamie Collins, on her own behalf and on behalf of her son,**
**    Jacobi Glover**
**Mitchell Armour**
**Vanessa Carter**
**Kerry Carter**
**Joshua Billon and his spouse,**
** Monica Billon, on their own behalf and on behalf of their minor**
** Children,**
**    Isaiah Billon and**
**    Monica Billon**
**Betty Christy**
**De-Fean Christy**
**La-Shawn D. Robinson**
**Patricia Granger, on her own behalf and on behalf of her daughter**
**    Tomika Edwards**
**Charmeine Jefferson, on her own behalf and on behalf of her children,**

    Lemor James,
    Ariel James,
    Yolanda Jefferson, and
    Erika Thornton
Vanessa Carter
Chris McCormick
Michele Armour
Monique Armour
Mitchell Armour III
Augustine Greenwood
Rosemary Greenwood, on her own behalf an don behalf of her
children,
    Yasemine and
    Jasemine Greenwood
Byrne Sherwood
Linda Morgan
Lokea Morgan
Denisha Morgan
Shelia Smith
Jacqueline Smith
James Smith, Jr.
Nina Baughn, on her own behalf an don behalf of her minor child,
    Karim Kemp
    Karen Kemp
    Erica Kemp
Patricia Green
Tanaka Johnson
Bobby Johnson
Charles Williams
Laura Recasner, on her own behalf and on behalf of her children,
    Dajohon Recasner,
    Kurshell Recasner and
    Charleston Recasner
    Agnes Recasner
Charmaine Rhome
Judy Starks
Insuk Caro d/b/a Wig Fashions and Apolostic Christian Bookstore
Troylyn Washington
Mercedes Washington
Shanika Taylor
Marsha Taylor
Erica Kemp
Karen Kemp
Dawn Bundy, on her own behalf and on behalf of her minor children,
    Emanuel Bundy
    Shekinah Bundy

Jane Bundy, and
  Blair Bundy, Jr.
Roxchell Panika Santee', on her own behalf and on behalf of her
minor son,
  Tyree Santee'
Samuel Bourne
Nicole Bryan
Alton J. Crowden, on his own behalf and on behalf of his minor
children,
  Cameron Crowden and
  Kelli Crowden
Ashley Navarre
Shana Patterson
Keana Quinn
Niketsa Ramsey, on her own behalf and on behalf of her minor
children,
  Desmonisha Ramsey,
  Kenyel Rochon and
  Desmond Ramsey
Darylynn Ramsey
Julie Ramsey, on her own behalf and on behalf of her minor children,
  Dalisha Ramsey and
  Charli Ramsey
Robert Rhone
Joshua Smith
Cynthia Tibbet, on her own behalf and on behalf of her children,
  Brittany Tibbet,
  Sidney Tibbet,
  Chelesa Tibbet, and
Janice Tollins, on her own behalf and on behalf of her minor son,
  John Tollins
Glenda Medina
Michele Elizabeth Omes
Jim Richard Pazos
Avery Scott
Frank Duncan  Macpherson Strachan III
Joshua Dillon and his spouse,
Monica Dillon, on their own behalfs and on behalf of their minor
children,
  Isaiah Dillon and
Monica Pollard
Donald G. Deaton
Pamela A. Morgan
Frank Butler, Jr., on his own behalf And on behalf of his minor
children,
  Frank Butler III,

   **Charles Butler and**
   **Tachmonite Butler**
**Lorenzo Butler**
**Alonzo W. Butler and his spouse,**
**Laquinta Butler, on their own behalfs and on behalf of their minor children,**
   **Alonzo W. Butler, Jr.**
   **Jasmyn Butler, and**
   **Rashaad Butler**
**Rita Bailey**
**Tony Green**
**Lina Vaughn**
**William Byrd**
**Sylvia Byrd**
**Ruth Harris**
**Clifford Harris**
**Jonathan Washington**
**Vicky Michel**
**Simon Kleindorf**
**Bertha Kleindorf**
**David Kleindorf**
**Connie Kleindorf**
**Troylyn Washington, on her own behalf and on behalf of her minor child,**
   **Dasia Washington**
**Mercedes Ann Washington**
**Roy Junior Washington**
**Tony Green**
**Eva McGee**
**Levi Johnson**
**Patricia Johnson**
**Lequecia Bunn, on her own behalf and on behalf of her minor child,**
   **Jada Gibson**
**Imelda Johnson**
**Michael Johnson**
**Mulkina Coates, on her own behalf and on behalf of her minor children,**
   **Keshina Coates and**
   **Malik Coates**
**Benjamin Morgan**
**Chandra Maxon, on her own behalf and on behalf of her minor children,**
   **Byron Maxon,**
   **Darianne Maxon,**
   **Janea Maxon,**
   **Willie Maxon,**

  Devante Maxon, and
  Chandray Maxon
Marylyn Maxon, on her own behalf and on behalf of her minor
children,
  Shancanacia Maxon,
  Ravanell Maxon, and
  Robert Maxon
Lois Torregano
Loisha Breaux, on her own behalf and on behalf of her minor children,
  Loishell Williams and
  Mikayla Breaux
Vanesa Davis
James Cook
Daniel Davis
Joan A. Miller
Linda Boyd, on her own behalf and on behalf of her minor children,
  Caress Boyd, and
  Charles Boyd
Elijah Washington
Keineisha Richard, on her own behalf and on behalf of her minor
children,
  Marlon Richard,
  Marcel Richard, and
  Emyjah Washington
Anthony Barnes
Janice Barnes
Shena Barnes
Falish Barnes
Melanie Barnes
Darryle Lee Johnson, Sr.
Tameko Benjamin, on her own behalf and on behalf of her minor
children,
  Jovana Benjamin
  Darione Benjamin
  Darryle Lee Johnson, Jr., and
  Darielle Benjamin
Delilah Milton
Kimmie Ferdinand
Ashley Ferdinand
Cornell Batiste
James Hollins and his wife,
Lakvina Coates, on their own behalf and on behalf of their minor
children,
  Semaj Hollins, and
  Jamaya Hollins
Tamaya Coates

Maria Washington, on her own behalf and on behalf of her minor
children,
  Janisha Washington,
  Andrew Washington,
  Charles Washington, and
  Mekhi Washington
Andrew Hill
Leslie Johnson, on her own behalf and on behalf of her minor child,
  Jamay Johnson
  Lakeisha Fernandez, on her own behalf and on behalf of her minor
child,
  Eddie McGee, Jr.
Lessie Johnson
Zelda McKendall
Ellsworth P. McKendall
Kimberly McKendall
Michael McKendall
Russell Gardner
Winnette Lang, on her own behalf and on behalf of her minor
children,
  Kavon Lang, and
  Lashanice Jones
Lisa Byrd, on her own behalf and on behalf of her minor child,
  Sadzisya Byrd
Michael Anthony Snipes, Jr.
JoAnn Snipes
Michael A. Snipes, Sr.
Garry Bougeois
Cheryl Bernard
Johndra Patterson
Terrill Morris
Dianne Thompson
Michael Thompson
Ruby Ann Washington, on her own behalf an don behalf of her minor
children,
  Shaune Bakewell, and
  LaShay Johnson
Victor Moore and his wife,
Pamelyn Morgan Moore, on their own behalfs and on behalf of their
minor children,
  Victor Lyn Morgan
  Pamelor Morgan
  Vicknesha Morgan, and
  Victoria Moore
Ruby Ann Washington, on her own behalf and on behalf of her minor
children,

Shaune Bakewell, and
 LaShay Johnson
David Bealer
Roseann Bealer
Stacy Bealer
Roland Rodrigue
Cheryl Rodrigue
John Elmer Smith
Wanda Jean Smith
Robin Marie Smith
Linda R. Breaux
Larry Robert Reinhardt
Rosa A. Reinhardt
Robert E. Stone
Linda Dufrene
Maria Thecla Eugenia Albers, New Orleans Montessori School, Inc.
Josephine J. Dupree-Dean
Herbert C. Jackson
Gail Brown, on her own behalf and on behalf of her minor children,
 Aaron Pulliam and
 Brandon Pulliam
Myron Mack
Sheila Lewis
Pernell Lewis
Ashanti Lewis
Natasha Leevis, on her own behalf and on behalf of her minor
children,
 Natiasha Lewis and
 Shaila Lewis
Christoopher Patterson, and his spouse,
 Linda Johnson, on their own behalfs and on behalf of their minor
children,
 Christopher Edward Patterson, Jr. and
 Chrisha Patterson
Shanipa Patterson, on her own behalf and on behalf of her minor
children,
 Sherman Singleton
 Shermont Singleton and
 Reggineka Rice
Sharie Johnson
Rachel Johnson
Joan Bundy
Michelle Renee' Alexander
Rodney James, on her own behalf and on behalf of his minor children,
 Rodney James, Jr. and
 Alexis James

**Robert Young**
**Cornelius Young**
**Shactha (spelled phonetically) Williams**
**Rose Marie Young**
**Tykesha Arington, on her own behalf and on behalf of her minor**
**children,**
  **Charles Arington**
  **Tyriel Arington and**
  **Braione Arington**
**Lloyd Joseph**
**Juanita Arington**
**PTC Petroleum & Industrial Supplies, Inc.**
**Ronald D. Pitisci**
**Kathleen Pitisci**
**Gerald Anthony Picquet**
**Lynn Picquet**
**Darnell Williams, on her own behalf and on behalf of her minor child,**
  **Chad Williams**
**Anthony Barnes**
**Janice Barnes**
**Falisha Barnes**
**Shena Barnes**
**Melanie Barnes**
**Glennis Livas, on her own behalf and on behalf of her minor child,**
  **William E. Patterson**
**Malika Batiste, on her own behalf and on behalf of her minor niece**
**and nephew,**
  **Caliyah Porter and**
  **Aaron Batiste**
**Christopher Arrington**
**Noema Arrington, on her own behalf and on behalf of her minor**
**children,**
  **Eric Arrington and**
  **Aaron Arrington**
**Phillip Martin**
**Paulette Biggs, on her own behalf and on behalf of her minor child,**
  **Arkasia McFarland**
**Aldo Gofredo Hernandez, Sr., and his spouse,**
  **Areli Carlota Hernandez, on their own behalf and on behalf of their**
**minor child,**
  **Emmanuel Goffredo Hernandez**
**Aldo Gofredo Hernandez, Jr.**
**Lloyd Loup III**
**Alaina Loup**
**Kenneth Arcement**
**Marlene Arcement**

Shanika Taylor
Marsha Taylor
Erica Kemp
Latonya Caldwell, on her own behalf and on behalf of her minor
children,
  Onyell Caldwell and
  Charles Dears
Larose Taylor
Stephan Sawyer
Ms. Eprsy Livas
Brandon Livas
Clifford Coates
Tammie Chattman, on her own behalf and on behalf of her minor
children,
  Rudarion Chattman
  Randel Chattman, and
  Joseph Chattman
Linzie Brown
Emargie C. Brumfield
Leonard Brumfield
Brandon Carr
Jessie Arbuthnot
Mary P. Mingo
Rachel Goldsmith
Gayle LeBlanc
Michael LeBlanc and his spouse,
  Larice Taylor LeBlanc, on their own behalfs and on behalf of their
minor child,
  Mika Jane LeBlanc
Kim Gaines, on her own behalf and on behalf of her minor children
or grandchildren,
  Jamechia Smith, and
  Diamond Beam
Michael Gaines
William B. English, Jr.
Rosaria English
Hazel McGuire
Mary H. Johnson
Jerry Matthews
Dennis Jones, Jr.
Raquel Roth, on her own behalf and on behalf of her minor children,
  Dennis Jones III and
  Kellie Ann Jones
Linda Roth
Toya Roth, on her own behalf and on behalf of her minor children,
  Jerrell White and

**Terrell Roth**
**Courtney Little, on her own behalf and on behalf of her minor**
**children,**
  **Tezanne Allen,**
  **Rashad Little, and**
  **Fabian Earls, Jr.**
**Reynell Santee, and his spouse,**
  **Tawana Rayford, on their own behalfs and on behalf of their minor**
**children,**
  **Ranisha Rayford,**
  **Wynell Rayford, and**
  **Reynell Rayford**
**Darron Meyers**
**Troylyn Meyers, on her own behalf and on behalf of her minor**
**children,**
  **Keiera Minor and**
  **Ashley Meyers, and on behalf of her grandchild,**
  **Daniah Williams**
**Roxchell Santee, on her own behalf and on behalf of her minor child,**
  **Tyree Santee**
**Phillip Lazard**
**Marguerite Lazard**
**Joel Frank**
**Juliet Johnson**
**Ronald Rome**
**Aunna Johnson, on her own behalf and on behalf of her minor**
**children,**
  **Darryl Johnson and**
  **Carlos Johnson**
**John Washington**
**Bernadine Washington**
**Wanda Washington**
**Alexis Washington**
**Hazel Taylor**
**Christina Taylor**
**Sophia Taylor, on her own behalf and on behalf of her minor child,**
  **Alex Taylor**
**Yolanda Washington, on her own behalf and on behalf of her minor**
**children,**
  **Alecia Washington,**
  **Alacia Washington and**
  **Tyrell Washington**
**Tyronne Washington**
**Bruce Washington**
**Larry Rowe**
**Dianne Santee**

Toni Santee, on her own behalf and on behalf of her minor children,
  Paris Johnson,
  Traychell White and
  Kani Santee
Reynell Santee and his spouse,
  Tawana Rayford, on their own behalf and on behalf of their minor
children,
  Ranisha Rayford,
  Wynell Rayford and
  Reynell Rayford
Kelly Simon
Robert Santee
Diana Santee, on her own behalf and on behalf of her minor children,
  Timothy Santee,
  Marvin Santee,
  Ireal Santee,
  Tiffany Santee,
  Teianna Santee
  Teriane Santee and
  Niecal Santee
Wilson Ricks
Brent Smith, Jr., on his own behalf and on behalf of his minor child,
  Brent Smith III
Michael Gaines
Kim Gaines, on her own behalf and on behalf of her minor children,
  Jamechia Smith and
  Diamond Beam
Victor Moore and his spouse,
  Pamelyn Morgan, on their own behalf and on behalf of their minor
children,
  Victor Lyn Morgan,
  Pamelor Morgan,
  Vicknesha Morgan and
  Victoria Moore
Louise Ragas
Fayann Ragas
Terrill Morris
Linda Morris
Vanesa Davis
James Cook
Daniel Davis
Jeanette Williams
Reverend Curtis Coleman, Sr., on his own behalf and on behalf of his
entire Congregation and the Ephesian Missionary Baptist Church
Mary P. Mingo
Rachel Goldsmith

**Gayle LeBlanc**
**Michael LeBlanc, and his spouse,**
 **Larice Taylor LeBlanc, on their own behalf and on behalf of their**
**minor child,**
 **Mika Jane LeBlanc**
**Jessie Arbuthnot**
**Curtis Coleman, Sr.**
**Curtis Coleman, Jr.**
**Jerome Coleman**
**Keith Coleman**
**Carnese Williams**
**Raymond Hunter**
**William Hunter**
**AndrewWilliams**
**Eric Williams**
**Winston Williams**
**Paul Mosley, Sr.**
**Paul Mosley, Jr.**
**Brandon Mosley**
**Hope Mosley**
**Shaqual Mosley**
**Shannel Mosely**
**Ivan Mosley**
**Betty Mosley**
**Margarite Rochon**
**Raymond Hunter**
**Naomi Hunter**
**Wilson M. Simmons**
**The Parfait Family**
**Procula D. Simmons**
**Tammy Amos**
**Michael Green**
**Kenneth Williams**
**Derrick Williams**
**Ladanya Williams**
**Cadorra Williams**
**Valerie Williams, on her own behalf and on behalf of her minor**
**children,**
 **Chrishawn Williams**
 **Jamon Williams, and**
 **Tameka Williams**
**Andrew Hill**
**Maria Washington, on her own behalf and on behalf of her minor**
**children,**
 **Janisha Washington**
 **Andrew Washignton**

   **Charles Washington**
   **Mekhi Washington**
**Tammy McFarland**
**Joshua McFarland**
**Kelly Augusta**
**Artis Ulmer, Sr.**
**Ruth Ulmer**
**Artis Ulmer, Jr., on his own behalf and on behalf of his son,**
   **Roche Easpdron**
**Patricia Harris**
**Bernon Barnes**
**Charles Ulmer, Sr.**
**Charles Ulmer, Jr.**
**Derick Ulmer**
**Dennis Ulmer**
**Kevin McFarland**
**Charles Hollaway**
**Joseph Smith**
**Clarisa McCoy**
**Wardell Luter**
**Janet Luter**
**Christopher Luter and his wife**
   **Tracy Luter, on their own behalf and on behalf of their minor**
**children,**
   **Tranard Luter, and**
   **Crista Luter**
**Linda Molaison**
**Gail Brown, on her own behalf and on behalf of her minor children,**
   **Aaron Pulliam, and**
   **Brandon Pulliam**
**Shelia Martin**
**Keith Martin**
**Contrice Phipps**

Plaintiffs reserve the right to amend the above and foregoing list as more persons, firms and corporations representative of the representative classes of plaintiffs, described herein, *infra*, join this litigation and wish to be represented by undersigned counsel.

## II.

Plaintiffs are representative of the following classes of people, *inter alia*:

A.    Citizens and/or residents of the Parishes of Orleans, Jefferson and St. Bernard, State of Louisiana, who are survivors of human beings who died as a result of the fault, neglect and/or strict liability pleaded herein.

B.    Citizens and/or residents of the Parishes of Orleans, Jefferson and St. Bernard, State of Louisiana, who suffered bodily injury, pain and suffering, mental anguish and/or emotional distress, including damages for anxiety, fear, fright, despair and hopelessness, as a result of the fault, neglect and/or strict liability pleaded herein.

C.    Citizens and/or residents of the Parishes of Orleans, Jefferson and St. Bernard, State of Louisiana, who suffered damage from pollution, including bodily injury, contamination of real or personal property, lost revenues, profits and earning capacity due to pollution, and damage for subsistence use, as well as damage for the cost of containment, clean-up, remediation and restoration, and for damage to the environment.

D.    Citizens and/or residents of the Parishes of Orleans, Jefferson and St. Bernard, State of Louisiana, who experienced the threat of loss or damage, mental anguish and/or emotional distress, including anxiety, fear fright, despair and hopelessness, as a result of the fault, neglect and/or strict liability pleaded herein.

E.    All Victims of KATRINA, but particularly those who were critical care patients in hospitals and nursing homes, and people without the means of transportation out of the City, including those persons who were encouraged to proceed to the State and local government-designated

shelter-of-last-resort", the Superdome, which government knew was located in a flood plain, and those persons who, after KATRINA passed through the City, found themselves stranded in their homes, on rooftops, on raised portions of highways and bridges, at the Superdome, at the Convention Center, and at other places of refuge, where they were simply abandoned, for days, by all levels of government, which simply failed to act to provide rescue and evacuation in a timely and efficient manner, virtually abandoning these Victims of KATRINA to their own fate.

**IDENTITIES OF PARTIES DEFENDANT**

**III.**

Made defendants herein are the following:

**THE FEDERAL GOVERNMENTAL DEFENDANT(S)**

1)    The United States of America which, at all times pertinent, acted or failed to act through its agencies and instrumentalities, the U.S. Army Corps of Engineers and the Federal Emergency Management Agency (hereinafter sometimes referred to as "FEMA");

**THE STATE GOVERNMENTAL DEFENDANTS**

2)    The State of Louisiana;

3)    Governor Kathleen Blano, who is sued both individually, and in her representative capacity as Governor of the State of Louisiana;

4)    The Department of Transportation and Development, State of Louisiana;

5)     Johnny D. Bradberry, who is sued both individually and in his official capacity as Secretary of the Department of Transportation and Development, State of Louisiana;

6)     The Governor's Office of Homeland Security and Emergency Preparedness;

7)     Col. Jeff Smith, who is sued both individually and in his official capacity as Director of the Governor's Office of Homeland Security and Emergency Preparedness;

8)     The Department of Social Services, State of Louisiana;

9)     Ann S. Williams, who is sued both individually and in her official capacity as Secretary of the Department of Social Services, State of Louisiana;

10)    The Louisiana Department of Public Safety and Corrections;

11)    Richard L. Stalder, who is sued both individually and in his official capacity as Secretary, Department of Public Safety and Corrections;

### THE LOCAL GOVERNMENTAL DEFENDANTS:

1)     The City of New Orleans;

2)     C. Ray Nagin, who is sued both individually and in his official capacity as Mayor of the City of New Orleans;

3)     The Board of Commissioners for the Orleans Levee District;

4)     James P. Huey, who is sued both individually and in his official capacity as President of the Board of Commissioners for the Orleans Levee District;

5)     St. Paul Fire and Marine Insurance Company, which is sued pursuant to the provisions of the Louisiana Direct Action Statute (LSA-R.S. 22:655)

as the liability insurer of the Board of Commissioners for the Orleans Levee District;

6)    The Sewerage and Water Board of New Orleans;

7)    C. Ray Nagin, who is sued both individually and in his official capacity as President of the Sewerage and Water Board of New Orleans;

8)    The Orleans Parish Criminal Sheriff's Office;

9)    Marlin Gusman, who is sued both individually and in his official capacity as Criminal Sheriff for the Parish of Orleans, State of Louisiana;

10)    Former Superintendent of Police, P. Edwin Compass III, who is sued both individually and in his official capacity as former Superintendent of Police of the City of New Orleans;  and

11)    Warren J. Riley, who is sued both individually and in his official capacity as Superintendent of Police for the Parish of Orleans, State of Louisiana.

## **JURISDICTION**

### **IV.**

This Court is the exclusive Court of competent jurisdiction for the claims asserted against the United States of America.  More particularly, this Court has jurisdiction of the claims herein asserted against the Federal Government by virtue of the following:

Original jurisdiction pursuant to 28 U.S.C. §1331.

Original jurisdiction pursuant to 28 U.S.C. §1346.

Original jurisdiction pursuant to 28 U.S.C. §2671, et seq.

Original jurisdiction pursuant to Section 5 of The Flood Control Act of 1941, as amended (33 U.S.C. §701 and 33 C.F.R. §203).

Original jurisdiction pursuant to the legislation which authorized the Lake Pontchartrain and Vicinity, Louisiana Hurricane Protection Project.

Original jurisdiction pursuant to The Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. §5121, et seq.).

Original jurisdiction pursuant to the Homeland Security Presidential Directive 5

This Court has jurisdiction for the claims asserted against the non-federal defendants by virtue of this Court's supplemental jurisdiction and by virtue of the fact that each of the non-federal defendants violated federal law and breached obligations imposed on them under federal law, including obligations imposed on them by virtue of The Robert T. Stafford Disaster Relief Act (42 U.S.C. §5121, et seq.)

## TIMELINESS OF THIS ACTION

### V.

Plaintiffs aver that on July 26, 2006, defendant, the United States of America, filed a Motion to Dismiss (Record Document No. 822 in Civil Action No. 05-4182) pertaining to Civil Action No. 06-2268 on the Docket of this Court.  In the said Motion to Dismiss, defendant invoked immunity from civil liability pursuant to:  (1) The Flood Control Act of 1928, and more particularly pursuant to 33 U.S.C. § 702(c);  (2) pursuant to the "due care" exception to the Government's waiver of sovereign immunity under the Federal Tort Claims Act, and more particularly pursuant to 28 U.S.C. §2680(a);  and (3) pursuant to the FTCA's discretionary function exception, codified in 28 U.S.C. §2680(a). Plaintiffs aver that the aforesaid Motion to Dismiss filed by defendant, the United States of America, constitutes a denial of any and all claims against the Government by the Citizenry of the Greater New Orleans Metropolitan area, rendering this Civil Action both timely and proper against the United States of America.

## VI.

In the alternative, plaintiffs aver that on October 12, 2005, their duly appointed and authorized Attorney-in-Fact delivered to the United States Army Corps of Engineers, New Orleans District Office, a copy of plaintiffs' Complaint in the matter entitled: "Maureen O'Dwyer vs. The United States of America", being Civil Action No. 05-4181 "K"(5) on the Docket of this Court, and a copy of plaintiffs' Complaint in the matter entitled: "The Parfait Family, et al. versus United States of America, et al.", being No. 05-4237 on the docket of this Court.  The Complaints which were delivered to the United States Army Corps of Engineers on October 12, 2005, accompanied a Freedom of Information Act request for documents and other tangible things, and were specifically identified as pieces of "litigation involving the United States of America, acting by and through its agency and instrumentality, the U.S. Army Corps of Engineers".  Plaintiffs aver that by delivering copies of the referenced Complaints to the United States Army Corps of Engineers on October 12, 2005, certain plaintiffs submitted the "functional equivalents" of valid administrative claims to the appropriate Federal agency, and that plaintiffs have, therefore, exhausted administrative remedies pursuant to the provisions of 28 U.S.C. §2675, since more than six months has now elapsed since the claims were first presented, and plaintiffs opt to deem that passage of time as a final denial of their claims.

## VII.

Further in the alternative, on February 17, 2006, by letter of the same date, sent "certified, return receipt requested", plaintiffs' Attorney-in-Fact presented claims in writing to the United States of America through its agencies and instrumentalities, The U.S. Army Corps of Engineers and the Federal Emergency Management Agency, in the

sum certain of $2,500,000 for each individual claim.  Plaintiffs aver that the aforesaid letter was received by the U.S. Army Corps of Engineers on March 1, 2006, and that the aforesaid letter was received by the Federal Emergency Management Agency on March 17, 2006.  Today's date, September 19, 2006 is more than six (6) months since plaintiffs' "functional equivalents" of claims in writing for sums certain were presented to and received by the U.S. Army Corps of Engineers and FEMA, and plaintiffs opt to deem that passage of time, and the agencies' failure to act on their claims, as denials of their claims. Accordingly, plaintiffs aver that this Civil Action against the United States of America is timely and proper under the circumstances.  Plaintiffs attach as Exhibit A (1-18), the referenced letter of February 17, 2006 and the return receipts dated March 1, 2006 and March 17, 2006, respectively.

## VIII.

On August 24, 2006, a Petition against the non-federal defendants, and more particularly, the State governmental and local governmental defendants, named herein, was filed in Civil District Court for the Parish of Orleans as a protective measure, bearing No. 2006-8322 on the docket of that Court.  That action was filed within one (1) year of the events complained of herein, and was timely, and interrupted prescription against the non-federal defendants, and more particularly, the State and local government defendants, named herein.  Alternatively, assuming, for the sake of argument only, that certain of the non-federal defendants, were not specifically named in the referenced civil action filed in Civil District Court for the Parish of Orleans, prescription was interrupted to as to those defendants by the filing of that action, since they are joint tortfeasors with the non-federal defendants who were specifically named in a timely manner.  Accordingly, the

interruption of prescription as to one jointfeasor interrupted prescription as against all joint tortfeasors under Louisiana law.

## DEFENDANTS' DUTIES AND THEIR BREACHES THEREOF

### IX.

The primary purpose of government is to promote and safeguard the health, safety and welfare of its constituents and their property.  Indeed, if this purpose is not fulfilled by the government, then why should the government be allowed to continue to exist, rather than to be replaced by another government which demonstrates to the people not only the willingness, but the ability, to competently promote and safeguard the health, safety and welfare of the citizenry and their property?  Plaintiffs aver that the federal governmental defendant(s), as well as the State and local governmental defendants, and each of them, woefully failed in discharging the primary purposes for their existence in the run-up-to and in the aftermath of Hurricane KATRINA in August and September 2005, and in so doing violated duties owed to each plaintiff named herein.  More particularly, plaintiffs aver that defendants, and each of them, failed in their duty to properly prepare for and respond to plaintiffs' needs, both prior to and in the aftermath of Hurricane KATRINA.

### X.

Prior to, during and after Hurricane KATRINA made landfall in the State of Louisiana on August 29, 2005, the defendants named herein, or each of them, acting negligently, or negligently failing to act, in violation of both federal and state statutes, and contrary to their legal duties, and agency or department rules, regulations, manuals, procedures and customs, committed the following torts or wrongs against plaintiffs and

those similarly situated to plaintiffs, for which plaintiffs are seeking damages, both compensatory and exemplary, from defendants:

### BY THE FEDERAL GOVERNMENTAL DEFENDANT(S):

a) Violating the clear provisions of the Flood Control Act of 1941, as amended, the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Homeland Security Presidential Directive 5, the Department of Defense Manual for Civil Emergencies, and numerous sections of Title 33, Code of Federal Regulations, including Section 203, among other rules, regulations, manuals, procedures and customs;

b) Failing to properly prepare for competent emergency operations, including response, search and rescue, evacuation and rehabilitation activities, in the event that levees and/or retaining walls failed and/or were damaged;

c) Failing to properly implement competent emergency operations following Hurricane KATRINA;

d) Failing to timely issue a Declaration of Emergency following Hurricane KATRINA, and otherwise failing to do whatever was necessary to "trigger" the National Response Plan;

e) Failing to timely and competently implement the National Response Plan;

f) Failing to complete competent pre-KATRINA infrastructure risk and vulnerability assessments;

g) Failing to complete competent, necessary pre-incident activities, such as pre-positioning flood-fighting assets, tools, supplies, assessment teams, personnel, contractors and equipment, including communications

equipment, in order to minimize the adverse effects of the levee and retaining wall failures;

h)    Failing to conduct a timely and competent post-incident assessment of the situation, and to timely and competently prepare and implement critical path diagrams, identifying and prioritizing needs, and marshaling the resources necessary to satisfy those needs, and directing them where and when necessary;

i)    Failing to plan for or execute competent emergency support for life-saving and life-sustaining services, including the provisioning of transportation resources, potable water, ice, emergency power, communications equipment and other emergency commodities, services and personnel;

j)    Failing to take pre-storm measures in order to prepare for predicted flooding as a result of over-topping or other causes;

k)    Failing to have or implement a competent hurricane preparedness plan for the Greater New Orleans Metropolitan Area;

l)    Failing to have and effectively utilize an emergency management organization with the ability to execute responsibilities and missions under the legislation referenced, _supra_, and the National Response Plan, staff a competent Crisis Management Team, and staff a competent Crisis Action Team in a properly equipped and functional Emergency Operation Center;

m)    Failing to establish and maintain competent plans and procedures for the continued operation of the New Orleans District Office of the U.S. Army Corps of Engineers following a disaster;

n)      Failing to train or inadequately training personnel for disaster response;

o)      Failing to conduct pre-disaster exercises which were both competent and proper;

p)      Failing to establish or negligently establishing command and control facilities able to provide command and control for disaster response and recovery activities;

q)      Failing to competently inspect flood control projects prior to the hurricane to ensure that they were properly designed, constructed and/or maintained to perform as designed during hurricanes;

r)      Failure to have or to implement competent and proper advance measures prior to the hurricane to protect against loss of life and significant damage to urban areas and private and public facilities;

s)      Failing to plan for or to implement competent hazard mitigation activities; and

t)      Failing to timely respond to repeated requests for disaster assistance in the form of federal (both military and non-military) personnel, communications equipment, transportation resources, water, food, medical supplies, sanitary facilities, shelter and means of evacuation, the result being that helpless people were abandoned to their fate for days, needlessly, after the storm.

   **BY THE STATE GOVERNMENTAL DEFENDANTS:**

a)      Negligently failing to prepare and transmit timely and proper requests for agencies of the federal government to take specific emergency response actions;

b)      Failure to have proper Emergency Operations Plans;

c)      Failure to follow the plans, if such plans existed;

d)      Failure to timely order evacuation of the Greater New Orleans Metropolitan Area prior to Hurricane KATRINA;

e)      Failure to order the evacuation of critical care patients in hospitals and nursing homes, and other persons who needed evacuation the most, prior to Hurricane KATRINA;

f)      Failure to effectively utilize available transportation assets, both before and after KATRINA, in order to evacuate people from the Greater New Orleans Metropolitan Area;

g)      Failing to protect critical assets, such as transportation assets, from flooding;

h)      Failing to marshal proper communications assets prior to the hurricane;

i)      Failure to prepare proper shelters and to provision shelters with food, water, sanitary facilities, medications and communications equipment;

j)      Failure to stockpile rescue craft, boats, barges, rafts and the like, and the equipment necessary to competently utilize them, including engines, motors, fuel, lubricants, lines, life jackets and provisions;

k)      Failure to do virtually anything for a period of 3 to 4 days after the storm, towards organizing the means of evacuating thousands of people, who

remained stranded in their homes, on roof tops, on raised portions of highways and bridges, at the Superdome, at the Convention Center, and at other places of refuge, and failing to provide supplies such as water, food and sanitary facilities to these people prior to rescue and evacuation;

l) Allowing the complete breakdown of law and order in the City of New Orleans after the hurricane, and permitting that situation to continue, without declaring martial law; and

m) Failing to accede to the President's request that the Louisiana National Guard be federalized.

**BY THE LOCAL GOVERNMENTAL DEFENDANTS:**

a) Negligently failing to prepare and transmit timely and proper requests for agencies of the federal government to take specific emergency response actions;

b) Failure to have proper Emergency Operations Plans;

c) Failure to follow the plans, if such plans existed;

d) Failure to timely order evacuation of the Greater New Orleans Metropolitan Area prior to Hurricane KATRINA;

e) Failure to order the evacuation of critical care patients in hospitals and nursing homes, and other persons who needed evacuation the most, prior to Hurricane KATRINA;

f) Failure to effectively utilize available transportation assets, both before and after KATRINA, in order to evacuate people from the Greater New Orleans Metropolitan Area;

g)      Failing to protect critical assets, such as transportation assets, from

flooding;

h)      Failing to marshal proper communications assets prior to the hurricane;

i)       Failure to prepare proper shelters and to provision shelters with food,

water, sanitary facilities, medications and communications equipment;

j)       Failure to stockpile rescue craft, boats, barges, rafts and the like, and the

equipment necessary to competently utilize them, including engines,

motors, fuel, lubricants, lines, life jackets and provisions;

k)      Failure to do virtually anything for a period of 3 to 4 days after the storm,

towards organizing the means of evacuating thousands of people, who

remained stranded in their homes, on roof tops, on raised portions of

highways and bridges, at the Superdome, at the Convention Center, and at

other places of refuge, and failing to provide supplies such as water, food

and sanitary facilities to these people prior to rescue and evacuation;

l)       Allowing the complete breakdown of law and order in the City of New

Orleans after the hurricane, and permitting that situation to continue,

without declaring martial law.

Plaintiffs reserve the right to amend the allegations of the foregoing Article when

the facts become more fully known.

## XI.

With particular reference to defendants Kathleen Blanco and C. Ray Nagin,

plaintiffs aver as follows:

1)  A competent Mayor of a so-called "Major" city like New Orleans, and the Governor of Louisiana, should have prepared for the contingency of a Category 5 hurricane like Katrina by preparing and formulating an Area Contingency Plan pursuant to the standards of the Incident Command System, which incorporates the element of unified command, pre-incident preparation and planning, and post-incident response. Upon information and belief, no such Area Contingency Plan exists, and if such a plan does exist, it was not followed by the Mayor or the Governor and/or by their minions.

2)  Governor Blanco and Mayor Nagin literally sentenced scores of citizens to certain death by failing to order the evacuation of critical care patients in hospitals, nursing homes, and the like, as well as "Special Needs Persons", and other persons who needed evacuation the most, well in advance of the approach of the storm, of which they were well-aware for several days prior to the storm.  By failing to order the evacuation of such persons, by private or commercial aircraft, by train, by other means of ground transportation, or by vessels or craft capable of navigation on the Mississippi River, Governor Blanco and Mayor Nagin killed more of their constituents in this manner than they killed by drowning.

3)  A competent Governor of a State within the United States, with full knowledge of the total breakdown of law and order in the City of New Orleans, even before Hurricane Katrina had moved out of the City, should have immediately invoked martial law or invited the United States Military Forces to do so.  Upon information and belief, Governor Blanco did not do so, because to have done so would have required that both she and Mayor Nagin relinquish all legal power to the United States Army Provost Marshall – in other words the Governor made a political decision, rather than one

motivated by government's primary obligation to its citizenry, i.e., the protection of the lives of the citizenry, their property and quality of life.

4)     Mayor Nagin, in a now-celebrated radio interview with local news celebrity Garland Robinette, demonstrated his utter ignorance of the term "martial law", which he was powerless to invoke.  Further, Mayor Nagin utterly failed in his duties to the citizenry by failing to order Chief of Police Compass to invoke posse comitatus, and to deputize law-abiding citizens to do whatever was necessary to keep the peace, pursue and arrest and/or kill felons, and to restore law and order to the City.

5)     By the failure of Governor Blanco to declare martial law, and by the failure of Mayor Nagin to order his Chief of Police to invoke posse comitatus, Governor Blanco and Mayor Nagin in effect "organized" state and local "government sponsored urban terrorism" on the City and its law-abiding citizens.

## XII.

Plaintiffs aver that Governor Blanco already has admitted fault and liability to a Special Session of the Louisiana Legislature, by her saying as follows:

> "We all know that there were failures at every level of government:  state, federal and local.  At the state level, we must take a careful look at what went wrong and make sure it never happens again.  The buck stops here, and as your Governor, I take full responsibility".

Plaintiffs aver that the above and foregoing quotation is a binding admission of liability by the State of Louisiana under the facts and circumstances of this case.

## <u>AS TO ALL CAUSES OF ACTION</u>

### XIII.

As a direct result of the above-described tortious and illegal conduct of defendants, plaintiffs aver entitlement to monetary damages from defendants, including compensatory and exemplary damages, and damages for the following:

> Wrongful death and survival.
>
> Physical injury.
>
> Pain and suffering.
>
> Mental anguish and emotional distress, including anxiety, depression, fear, helplessness, hopelessness and despair.

### XIV.

Plaintiffs aver that the actions and inaction, described, <u>supra</u>, by the State and local government defendants, and by their officers, complained of herein, were willful, and constituted criminal, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct, so as to deprive those entities and officers of immunity from liability pursuant to the provisions of LSA-R.S. 9:2798.1, and, additionally, aver that those entities and officers were in derogation of and violated specific rules and regulations promulgated pursuant to the provisions of LSA-R.S. 29.735, so as to deprive those entities and officers of immunity from liability under the provisions of that statute as well.

### XV.

Defendants' actions and inactions were practiced intentionally, with malice, and/or with reckless disregard for and/or with deliberate indifference to plaintiffs'

federally protected rights, as well as plaintiffs' rights under State law, thus entitling plaintiffs to an award of exemplary damages from defendants.

## XVI.

More to the point, plaintiffs aver that defendants had no discretion to violate federal or state law.

## XVII.

With particular reference to the United States of America, plaintiffs aver that pre-hurricane planning and post-hurricane response, or the negligent, illegal failure to respond, is not immunized by either the Flood Control Act of 1928 or Section 305 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

## XVIII.

Plaintiffs aver that any State law, ordinance, proclamation, regulation, statute, etc., pursuant to which defendants, or any of them, claim they acted, is unconstitutional, and that defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., complained of herein, cannot be immunized by State law.

## XIX.

Plaintiffs specifically invoke the doctrine of *res ipsa loquitor* in connection with the factual and legal circumstances which resulted in the bringing of this action.

## XX.

Plaintiffs also aver entitlement to an award of reasonable attorney's fees and expenses of litigation to be fixed at the maximum percentage of the total award allowed by law, whether pursuant to Rule 23(h), Federal Rules of Civil Procedure, or pursuant to any other Rule, Article, Code Article or statute, or allowed by law.

## XXI.

In the alternative, plaintiffs plead "compensation" (as that term is used in Louisiana Civil Code Article 1893, et seq.) and the "right of recoupment", as well as "offset" and "set-off", against the United States of America and the State and local government entities made defendants herein.

## XXII.

Plaintiffs demand trial by jury as to all issues so triable, and pray for an advisory jury as to any issues not triable of right to a jury.

## XXIII.

Although plaintiffs concede that the substance of some of the allegations contained herein against certain defendants may have been summarily dismissed previously by This Honorable Court, those dismissals are currently on appeal to the United States Court of Appeals to the Fifth Circuit.  Plaintiffs specifically aver that any duplicative claims asserted in this action are not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, but are being presented as warranted by existing law or by non-frivolous arguments for the extension, modification or reversal of existing law or the establishment of new law.

**WHEREFORE**, plaintiffs pray that their class status be recognized and certified as such, and that after trial on the merits, and all due proceedings had, that there be judgment entered in favor of plaintiffs and against defendants, jointly, severally and *in solido,* for the full amount of plaintiffs' damages, plus reasonable attorney's fees, pre-judgment interest, and costs, including expenses of litigation allowed by Rule 23(h),

Federal Rules of Civil Procedure or any other Rule, Article, Code Article or statute, or

allowed by law.

_____
**Ashton R. O'Dwyer, Jr.**
**Law Offices of Ashton R. O'Dwyer, Jr., L.L.C.**
Bar No. 10166
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
Tel.:  (504) 561-6561
Fax.  (504) 561-6560