UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br>SECTION "K" MAG "2" |
| PERTAINS TO: ROAD HOME<br>*State of Louisiana, C.A. No. 07-5528* | JUDGE DUVAL<br>MAGISTRATE JUDGE WILKINSON |

*****************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND REGARDING MMTJA

**May It Please the Court:**

The State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development (the "State"), through the Honorable Charles C. Foti, Jr., the Attorney General for the State of Louisiana, and through the undersigned private counsel duly authorized to act for and on behalf of the State, respectfully submits the following memorandum in support of its Motion to Remand.

On August 23, 2007, the State filed a lawsuit, in the Civil District Court for Orleans Parish, against over two-hundred Insurance Company Defendants. In this lawsuit, the State alleged, on behalf of itself and all past, present, and future recipients of proceeds from the Road Home Program, that the Insurance Company Defendants breached their obligations to pay for covered losses arising

1

out of Hurricanes Katrina and Rita.

On September 11, 2007, a collection of insurers removed this suit, alleging federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA").[1] On October 9, 2007, the State filed a Motion to Remand, claiming that CAFA could not serve as a basis for removal. That motion has been set for hearing on November 14, 2007.

On September 24, 2007, the "Hartford Defendants" and "Travelers Defendants" joined in Allstate's Notice of Removal and added new grounds for removal. [2] In particular, the Hartford Defendants ("Hartford") and the Travelers Defendants ("Travelers") contend that the State's lawsuit is removable pursuant to the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1).[3] As numerous courts in this District have, however, already ruled, the MMTJA is inapplicable to Hurricane Katrina suits.

## I.　This Court Does Not Have Original Subject Matter Jurisdiction Under 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(A).

Section 1369 of Title 28 of the United States Code provides a limited extension for original subject matter jurisdiction in federal court when there is an "accident" resulting in the death of at least seventy-five people:

---

[1] These insurers are Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company (collectively, "Allstate").

[2] The "Hartford Defendants" and "Travelers Defendants" are identified on page 1 of the Joinder in Notice of Removal and Statement of Supplemental Grounds of Removal ("Supplemental Notice of Removal"). *See* Rec. Doc. 7875.

[3] At least one other group of defendants, the "ANPAC Defendants," composed of American National Property and Casualty Company, American National General Insurance Company, ANPAC Louisiana Insurance Company, and American National Insurance Company, have filed a Notice of Removal that assert jurisdiction pursuant to the MMTJA. As such, the State's Motion to Remand Regarding MMTJA applies to the ANPAC Defendants' Notice of Removal.

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arise from a **single accident**, where at least seventy-five natural persons have died in the accident in a **discrete location**.[4]

Section 1441(e)(1)(A) of Title 28 of the United States Code provides that, if an action could have been filed in federal court under 28 U.S.C. § 1369, it may be removed to federal court. Under both 28 U.S.C. § 1369 and 28 U.S.C. §1441(e)(1)(A), then, an "accident" as defined in the statute is a prerequisite for jurisdiction. Hartford and Travelers argue that "this case arises from Hurricane Katrina, which was 'a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons[.]"[5]

The Courts in this District, which have been deluged with suits arising out of Hurricane Katrina, have already addressed whether such a suit may be removed under the MMTJA. As Judge Feldman recognized in *Edwards v. Standard Fire Insurance Co.*, the courts in the Eastern District have uniformly recognized that Hurricane Katrina is not an "accident" under 28 U.S.C. § 1369:

> [M]ultiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a) provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. **Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident**.[6]

---

[4] 28 U.S.C. §1369(a).

[5] *See* Supplemental Notice of Removal, p. 4, Rec. Docs. 7875.

[6] No. 06-10839 (E.D. La. March 20, 2007), 2007 WL 891872, * 2 (emphasis added). As support for his statement, Judge Feldman cited *Salvaggio v. Safeco Property & Cas. Ins. Co.*, 2006 WL 3068971 (E.D. La. Oct. 25, 2006) (Feldman, J.); *Berry v. Allstate Ins. Co.*, No. 06-4922 (E.D. La. Sept. 19, 2006), 2006 WL 2710588 (Zainey, J.); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546 (E.D. La. Aug. 15, 2006), 2006 WL 2375593 (Duval, J.); *So. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2005 (E.D. La. Sept. 6, 2006), 2006 WL 2583406 (Lemmon, J.); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848 (E.D. La. Aug. 16, 2006), 2006 WL 2385365.

As noted by Judge Feldman, <u>every</u> Judge of this Court that has considered this very issue has determined that Hurricane Katrina was not an accident within the meaning of 28 U.S.C. §1369.[7] For example, in *Berry v. Allstate Insurance Company*, where plaintiff filed suit for property damage sustained during Hurricane Katrina, Allstate argued that the district court had jurisdiction pursuant to the MMTJA because Hurricane Katrina was an "accident."[8] Judge Zainey specifically rejected this argument:

> [T]he Court does not agree with Allstate's contention that Hurricane Katrina was an "accident".... Although it is undisputed that more than 75 persons died as a result of Hurricane Katrina and its aftermath, **the deaths did not occur from a single incident attributable to the storm or at a discrete location** .... Consequently, Allstate cannot rely on §1369(a) to support removal of this case.[9]

Similarly, in *Southall v. St. Paul Travelers Insurance Company*, Judge Barbier reasoned that "it is anything but clear that Hurricane Katrina was an 'accident' within the meaning of the statute. If anything, if is more clear that it was *not* an accident"under the MMTJA.[10] In *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, moreover, this Court rejected the insurer's argument that Katrina was an accident, stating that it "declines to interpret the statutory definition of 'accident' so broadly."[11] Thus, the insurers' contention that this case should be removed because Hurricane Katrina is, for jurisdictional purposes, an "accident" has been considered and rejected by multiple courts in this district.

---

[7]*See id.*

[8]*Berry*, 2006 WL 2710588.

[9]*Id.* at * 3 (emphasis added).

[10]*Southall*, 2006 WL 2385365 at *5.

[11]No. 06-2546, 2006 WL 2375593 *3 (E.D. La. 2006).

4

Curiously, Hartford and Travelers never mention any decision from the Eastern District in which courts held that the MMTJA was inapplicable to Katrina insurance cases. Instead, Hartford and Travelers refer to one case, *Wallace v. Louisiana Citizens Property Insurance Corp.*,[12] and note that, in *Wallace*, the Fifth Circuit "held that a district court erred in remanding a case dealing with [Katrina] insurance claims . . . . where removal jurisdiction was based upon the MMTJA.[13] As this Court has already recognized, however, *Wallace* has no bearing on whether jurisdiction is proper under the MMTJA.

28 U.S.C. § 1441(e)(1)(B) permits a defendant to remove a state court action where the removing defendant is also a party to an action in federal court pursuant to 28 U.S.C. § 1369, and the federal court action and state court action arise out of the same "accident." A defendant can remove a suit pursuant to 28 U.S.C. § 1441(e)(1)(B) even if the action could not have been brought in the district court as an original matter.[14] In *Wallace*, where plaintiffs filed a class action suit in state court, the insurer defendants removed the action pursuant to 28 U.S.C. § 1441(e)(1)(B), alleging that they were also defendants in *Chehardy*, a "separate class action based on 28 U.S.C. § 1369."[15] The district court remanded the suit, citing the mandatory abstention provisions in 28 U.S.C. § 1369(b).

On appeal, the Fifth Circuit held that the district court wrongly applied the mandatory abstention provision of 28 U.S.C. § 1369(b) to an action removed under 28 U.S.C. § 1441(e)(1)(B). As recognized by this Court, the Fifth Circuit <u>never determined</u> that jurisdiction in a Katrina insurance

---

[12] 444 F.3d 697 (5th Cir. 2006).

[13] *See* Supplemental Notice of Removal, p. 4.

[14] This supplemental basis of jurisdiction is discussed below.

[15] 444 F.3d at 699.

5

case would be proper under the MMTJ. Indeed, in *Flint*, this Court explicitly concluded that "**Hurricane Katrina has not been deemed an 'accident' under § 1369(a) in *Wallace*.**"[16]

Hence, in the Supplemental Notice of Removal, Hartford and Travelers never mention all the cases that refute their position and cite only one, *Wallace*, that takes no position on whether a Katrina suit can be removed pursuant to the MMTJA. Plainly, the insurers' argument that this case may be removed pursuant to 28 U.S.C. § 1369(a) lacks any merit.

## II. This Court Does Not Have Supplemental Subject Matter Jurisdiction Under 28 U.S.C. § 1441(e)(1)(B).

For the same reasons that jurisdiction is improper under § 1369, there is no basis for jurisdiction under § 1441. As noted above, Section 1441(e)(1)(B) permits removal where there is no original subject matter jurisdiction by allowing a defendant to assert supplemental jurisdiction pursuant to the Court's original jurisdiction over another case pending in federal court that arises from the "same accident" under 28 U.S.C. § 1369.[17] Hartford and Travelers argue that it should be able to "piggyback" on the §1369 jurisdiction of unrelated cases in which it is a defendant, particularly, *Chehardy v. State Farm*.[18]

The *Chehardy* case was removed to the Middle District of Louisiana from a state court class action proceeding and was then transferred to this Court. In transferring *Chehardy*, Judge Polozola stated, **without reasons,** that the court had jurisdiction under §1369.[19] Courts in this district have

---

[16] *Flint*, 2007 WL 2375593 at * 3 (emphasis added).

[17] 28 U.S.C. § 1441(e)(1)(B).

[18] *See* Supplemental Notice of Removal, pp. 5-6.

[19] *See Berry*, 2006 WL 2710588 at * 6.

6

already considered and rejected the argument that, due to *Chehardy*, they can exercise "piggyback" jurisdiction under § 1441(e)(1)(b).[20]

Aside from the conclusory statement in *Chehardy* regarding jurisdiction under the MMTJA, which has been deemed unpersuasive by courts in this district, Hartford and Travelers have not cited a single Katrina case in which a court determined that it could assert jurisdiction under the MMTJA. Without such a decision, there is no supplemental jurisdiction under 28 U.S.C. § 1441(e)(1)(B). Hence, 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B) provide no basis for Hartford and Travelers to remove the instant action.

### III.  The State is Entitled to All Costs and Fees Associated With This Removal

28 U.S.C. § 1447(c) provides that a remand order "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." To activate section 1447(c), it is unnecessary for the remanding party to establish bad faith, as the purpose of this provision is remedial, not punitive.[21]

Hartford and Travelers have both been prominently involved in Katrina litigation in this court. Cursory research would have revealed that every court in this district that has addressed this issue has concluded that the MMTJA is inapplicable. Instead of citing to those cases and explaining why they are inapplicable, Hartford and Travelers cited a Fifth Circuit case that did not support its position. Because this removal was contrary to settled law in this district, the State is entitled to costs and attorneys' fees incurred as a result of the removal.[22]

---

[20] *See Southall*, 2006 WL at * 6.

[21] *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F.Supp. 366, 368 (E.D. Penn. 1995).

[22] *Piper Jaffray & Co. v. Severini*, 443 F.Supp. 2d 1016, 1023 (W.D. Wisc. 2006).

## IV. Conclusion

Based on the foregoing, the State requests that, to the extent federal jurisdiction is premised solely on the MMTJA, this Court remand the suit. The State further requests that it be reimbursed for all costs and fees incurred as a result of the removal.

Respectfully Submitted:

THE STATE OF LOUISIANA

The Honorable Charles C. Foti, Jr. (No. 5784)
ATTORNEY GENERAL,
STATE OF LOUISIANA
1885 North Third Street, 6th Floor
Baton Rouge, LA 70802
Ph.: 225-326-6040
Fax: 225-326-6097

AND

   /s/   Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (No. 5486)
FAYARD & HONEYCUTT, A.P.C.
519 Florida Avenue, S.W.
Denham Springs, LA 70726
Ph.: 225-664-4193
Fax: 225-664-6925
Email: calvinfayard@fayardlaw.com

AND

Paul G. Aucoin (No. 2604)
PAUL G. AUCOIN, ATTORNEY AT LAW
135 Goodwill Plantation
Vacherie, LA 70090-5240
Ph.: 225-265-7906
Fax: 225-265-7906
Email: aucoinp@bellsouth.net

AND

Joseph J. McKernan (No. 10027)
McKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph.: 225-926-1234
Fax: 225-926-1202
Email: jemckernam@mckernanlawfirm.com

AND

Drew A. Ranier (No. 8320)
RANIER, GAYLE & ELLIOTT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph.: 337-494-7171
Fax: 337-494-7219
Email: drainer@rgelaw.com

AND

Frank C. Dudenhefer, Jr. (No. 5117)
THE DUDENHEFER LAW FIRM
A Limited Liability Company
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Ph.: 504-525-2553
Fax: 504-523-2508
Email: FCDLaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Calvin C. Fayard, Jr.
CALVIN C. FAYARD, JR.