**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES § | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | NO.  05-4182 "K"(2) |
| § | JUDGE DUVAL |
| § | MAGISTRATE WILKINSON |
| § | |
| § | |
| PERTAINS TO:  INSURANCE § | |
| C.A. No. 07-4852 § | |

**OPPOSITION TO MOTION FOR ADMINISTRATIVE CLOSURE**

MAY IT PLEASE THE COURT

NOW COME defendants American Bankers Insurance Company, American Reliable Insurance Company, American Security Insurance Company and Assurant, Inc., (incorrectly named as "Assurant Group") (hereinafter collectively the "Assurant companies"), and respectfully oppose the plaintiffs' motion for an order administratively closing suit no. 07-4852, styled *Joseph Aguilar, III, et al. v. Alea London Limited, et al.* (Document 8158, filed October 3, 2007).

**FACTS AND PROCEDURAL HISTORY**

On August 28, 2007, Joseph Aguilar and approximately seven hundred (700) other plaintiffs filed suit against approximately ninety (90) insurance companies in the United States

1

District Court for the Eastern District of Louisiana.

In the complaint, the plaintiffs allege that they were owners of Louisiana properties that sustained damage in Hurricane Katrina. They allege that they made claims on their insurance companies, reported the property damage and provided proofs of loss. However, the plaintiffs allege, the defendants made insufficient and untimely payments on the plaintiffs' claims and acted in bad faith.

On August 30, 2007, the plaintiffs amended the complaint to add approximately another 130 plaintiffs.

The plaintiffs do not make any effort to associate any specific plaintiff with any specific defendant. They do not identify any specific policy of insurance or identify any specific property. There is no way to know from the complaint which plaintiff is making a claim against which defendant.

On September 25, 2007, the case was consolidated with the Levee Breach consolidated litigation.

The plaintiffs have not served the lawsuit. Nor have they requested, to the knowledge of undersigned counsel, that any of the Assurant companies waive service of process. Nevertheless, undersigned counsel has made contact with counsel for the plaintiffs -- counsel promised but has not yet produced a list of the plaintiffs who are insured by the Assurant companies.

On October 3, 2007, the plaintiffs moved to "administratively close" the case. In their motion, the plaintiffs assert that they filed the suit to interrupt the statute of limitations on the plaintiffs' Hurricane Katrina property damage claims. The plaintiffs assert that they are negotiating with their insurers, and that the adjusting process is ongoing. The plaintiffs pray that the matter be administratively closed "to allow those negotiations to continue unimpeded by

2

protracted litigation." Accordingly, the plaintiffs pray that the matter be closed as to any defendant insurer that does not voice objection.

## ARGUMENT

There is authority to suggest that administrative closure is a procedural convenience that may be granted only if both parties to the proceedings agree.[1] The plaintiffs have only prayed that the matter be closed "as to any defendant insurer that does not voice objection."[2] Here, the Assurant companies do object to the proposed administrative closure insofar as it pertains to them.

The Federal Rules of Civil Procedure govern the procedure in the United States District Courts. *Federal Rules of Civil Procedure*, Rule 1. The rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* The "speedy" determination of this matter will not be advanced by the proposed administrative stay.

Liberative prescription "is a mode of barring of actions as a result of inaction for a period of time." *Louisiana Code of Civil Procedure*, Article 3447. The purpose of prescription statutes is to afford a defendant economic security if no claim is made timely, and to protect the defendant from stale claims and from the loss of relevant proof. *Giroir v. South Louisiana Medical Center, Div. of Hospitals,* 475 So.2d 1040, 1045 (La.1985).

Here, an administrative stay presents a substantial risk of prejudice to the defendants. The properties may sustain additional damage if they remain unrepaired. Costs may rise. Evidence may be lost. If, as the plaintiffs allege, the defendants have failed to pay the plaintiffs claims in bad faith, then the plaintiffs' damages may be increasing. Surely, any plaintiff that has

---

[1] *See Evelyn Lopez-Reyes v. Alberto Gonzalez*, 06-2505, p. 3 (1st Cir., July 31, 2007) (regarding immigration proceedings), citing *In re Lopez-Barrios*, 20 I. & N. Dec. 203, 204 (BIA 1990); *In re Amico*, 19 I. & N. Dec. 652, 654 n.1 (BIA 1988).
[2] Plaintiffs' motion, Document 8158, at paragraph VI.

3

a legitimate bad faith claim will want to be made whole as soon as possible. If there are any such cases against the Assurant companies, the Assurant companies would like to address those claims as soon as possible.

The Assurant companies do not concede that the plaintiffs' lawsuit has preserved the plaintiffs' claims in view of the statute of limitations.  However, if it has preserved the plaintiffs' claims, the Assurant companies would prefer to address the plaintiffs' claims as soon as possible, by settlement if appropriate, by litigation if necessary.

An administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository.  "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." *In re Arbitration Between Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd*, 845 F.Supp. 1026, 1028 (S.D.N.Y. 1994).  Thus, the administrative stay will offer the parties only a respite, not a final resolution of the case.

Although an administrative closing may permissibly contain a built-in timetable under which it automatically will expire, effectively reinstating the case, e.g., *In re Grand Jury Subpoena*, 138 F.3d 442, 443 (1st Cir.1998), or, conversely, mature into a final judgment if no action inures within a specified period, e.g., *Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d 456, 457 (10th Cir.1995) (en banc), such temporal restraints are not an inevitable concomitant of an administrative closing, and the plaintiffs have not asked for them in this matter.  Instead, the plaintiffs ask for an open ended delay.

For these reasons, the Assurant companies object to the plaintiffs' proposed motion for administrative stay.

## **CONCLUSION**

An administrative stay in this matter as to the Assurant companies would frustrate the purpose of the Federal Rules of Civil Procedure and the Louisiana law of liberative prescription. The Assurant companies object to the proposed stay. Plaintiffs' motion should be denied insofar as it relates to the Assurant companies.

          Respectfully submitted:

          LAW OFFICES OF
          GORDON P. SEROU, JR.


          s/Gordon P. Serou, Jr
          GORDON P. SEROU, JR. (No. 14432)
          gps@seroulaw.com
          gordonserou@hotmail.com
          Poydras Center, Suite 1420
          650 Poydras Street
          New Orleans, Louisiana 70130
          Telephone No.: 504-299-3421
          Facsimile No.: 504-299-3496

          **Attorneys for American Bankers Insurance Company, American Reliable Insurance Company, American Security Insurance Company and Assurant, Inc., (incorrectly named as "Assurant Group")**


### CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2007, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. Any manual recipients will receive a copy of the foregoing pleading by United States Mail.

          s/Gordon P. Serou, Jr.
          GORDON P. SEROU, JR.