UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE | * | |
| | * | MAGISTRATE WILKINSON |
| No. 06-7660 | * | |

**FEDERAL'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR TRIAL BY JURY**

Defendant, Federal Insurance Company ("Federal") (on behalf of itself and the erroneously named Chubb Group of Insurance Companies, a non-entity, incapable of being sued) submits this memorandum in opposition to Complainants' Motion for Trial by Jury. (Rec. Doc. 7986). For the reasons set forth below, this Court should deny Plaintiffs' motion because it is untimely and therefore barred by Federal Rule of Civil Procedure 38.

## I. INTRODUCTION

It is too late for Plaintiffs to demand a jury trial. All issues in this case were framed by the pleadings nearly one year ago. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs must have requested a jury trial within 10 days of Federal's answer or their jury trial

- 1 -

95193

right is waived. Plaintiffs filed this case – without demanding a jury – on August 30, 2006 more than one year ago. Federal answered 10 months ago – without demanding a jury – on November 28, 2006. Plaintiffs did not demand a jury until September 26, 2007. They waived their right to jury trial.

Knowing that they waived their right to a jury trial, Plaintiffs attempt to evade the dictates of Rule 38 by basing the timeliness of their jury demand upon the amended pleadings. However, that procedural gamesmanship fails because the amended pleadings raise no new issues. Rather they discuss the same transaction – homeowner damages arising out of Hurricane Katrina – raised in the original pleadings. And it is black-letter law that an amended or supplemental pleading that merely restates issues previously raised "does not revive the right to demand a jury trial when one had not earlier been demanded." *SAS Overseas Consultants and Asia Trading & Contracting, Ltd. v. Offshore Consultants, USA, Ltd.*, 1998 WL 661475 at *1 (E.D.La.1998) (citation omitted). Plaintiffs cannot unring the bell and cure their waiver. This Court should deny Plaintiffs' motion.

## II. BACKGROUND

### A. Procedural Background

Plaintiffs filed their state court "Petition for Damages Upon Insurance Claims and For Penalties and Attorneys' Fees as a Result of Arbitrary and Capricious Denial of Coverage" (the "original petition") on August 30, 2006 and did not request a jury trial. (Rec. Doc. 1, attachment 1, of 06-7660). On October 10, 2006, the case was removed to this Court. The case was consolidated with *In Re: Katrina Canal Breaches Consolidated Litigation*. Federal answered on November 28, 2006. (Rec. Doc. 6 of 06-7660). Federal did not request a jury trial.

Almost one year later, on September 7, 2007, Plaintiffs filed a First Supplemental and Amending Complaint (the "amended complaint") (rec. doc. 7470), which Federal answered on September 25, 2007. (Rec. Doc. 7956). On September 26, 2007, Plaintiffs filed the instant motion for a jury trial. (Rec. Doc. 7986).

### B.  The Amended Pleadings Raise No New Issues

A paragraph-by-paragraph comparison of the amended complaint and the original petition shows that the amended complaint does not raise new issues. Both pleadings claim damage arising from wind during Hurricane Katrina and subsequent water intrusion at Plaintiffs' residence in New Orleans, Louisiana.

The amended complaint includes only three substantive paragraphs of factual allegations, consisting of one sentence each. As reflected in the following comparison of the original petition and amended complaint, the amended complaint is a retread of the original petition.

| AMENDED COMPLAINT | ORIGINAL PETITION |
|---|---|
| Paragraph 13A<br><br>"wind-driven rain in advance of, during, and in the aftermath of Hurricane Katrina…[resulted] in significant damages to all areas and levels of the home." | Paragraph 4<br><br>"petitioners sustained damages to their home… as the result of wind and water damage caused by Hurricane Katrina… and its disastrous aftermath."<br><br>Paragraph 11<br><br>"[p]etitioners' home and its contents were damaged as the result of wind damage to the structure followed by the intrusion of rain water through the compromised structure…" |

| AMENDED COMPLAINT | ORIGINAL PETITION |
|---|---|
| Paragraph 13B<br><br>"damages from wind-driven rain are covered under the policy of insurance issued by defendant... to complainants, and those damages preceded the intrusion of water as the result of flooding..." | Paragraph 1<br><br>"at all times material hereto they were insured under policies of insurance with... [Federal]."<br><br>Paragraph 11<br><br>"[p]etitioners' home and its contents were damaged as the result of wind damage to the structure followed by the intrusion of rain water through the compromised structure." |
| Paragraph 13C<br><br>"was reasonably valued at, minimally, $1,100,00.00 [sic] prior to the damages resulting from Hurricane Katrina, including wind-driven rain, and as a result of those damages the home is now and has been a total loss." | Paragraph 14<br><br>"amount to hundreds of thousands of dollars for total loss of petitioners' home and its contents." |

It is plain that no new issues are raised by paragraphs 13A through C of the amended complaint.

Section II of the amended complaint reiterates all allegations contained in the original petition. Obviously, this raises no new issues. In Section III of the amended complaint, Plaintiffs allege that Federal's "breeched [sic] of its insuring agreement with complainants was arbitrary and capricious, as a result of which complainants are entitled, in addition to the total loss of his home, to damages sounding in penalties and attorneys fees." In addition, Plaintiffs prayed for "judgment in their favor and against defendants for all damages resulting from their omissions, as aforementioned." Plaintiffs plead the same thing in paragraph 13 of the original petition, claiming that Federal "refused arbitrarily and capriciously to honor the coverage afforded as aforementioned, under its policy of insurance with petitioners, and petitioners pray for penalties and attorneys' fees as a result thereof," and praying for "judgment in their favor and

against defendants for all damages resulting from their omissions, as aforementioned." Therefore, no new issues are raised by Section III of the amended complaint.

As reflected above, the allegations of the amended complaint constitute mere reiterations of the facts and issues alleged in the original petition. Both the original petition and the amended complaint seek recovery under the same insurance policy which covered Plaintiffs' residence as a result of alleged damage caused by Hurricane Katrina. Both are identical with respect to the facts alleged and relevant law. The amended complaint raises no new or different issues from those in the original petition.

### III. LAW AND ARGUMENT

**A.   Plaintiffs' Motion Must Be Denied Because All Issues In This Case Were Asserted And Answered Over A Year Ago**

Federal Rule of Civil Procedure 38(b) requires a party seeking a jury trial to file its jury demand "no later than 10 days after the last pleading directed to the issue is served." "The failure of a party to serve and file a demand as required by [Rule 38] constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). In the Fifth Circuit, the "last pleading directed to the issue served" means an answer to the complaint or counterclaim. *Matter of Texas General Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). Here, Federal filed its answer to the original petition on November 28, 2006 and plaintiffs did not seek a jury until September 26, 2007, approximately 10 months too late. Plaintiffs waived their right to trial by jury.

Knowing that the passage of time is fatal to their jury demand, Plaintiffs attempt to argue that their jury trial request is timely because it was filed within 10 days of Federal's amended answer. Plaintiffs are incorrect as a matter of black-letter law, however, because the amended complaint raises no new issues, and is an attempt to improperly manipulate rules of procedure by demanding a jury trial after that right has been waived.

Under well-settled Fifth Circuit law, an amended pleading may support a late jury demand only if the amended pleading introduces new issues. In *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir.1978), the Fifth Circuit Court of Appeals held that an "issue" is raised only once for purposes of Rule 38, and that is when the issue is introduced for the first time. *Id.* at 753. The Court further explained that the term "new issues" refers to new factual issues, not to new legal theories of recovery. *Id.* More specifically, and pertinent here, an amended or supplemental pleading that merely restates issues previously raised "does not revive the right to demand a jury trial when one had not earlier been demanded." *SAS Overseas Consultants and Asia Trading & Contracting, Ltd. v. Offshore Consultants, USA, Ltd.*, 1998 WL 661475 at *1 (E.D. La.1998) (citing *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984)). *See also* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2320 (1995) (an amended pleading "does not revive a right to jury trial previously waived on the issues already framed in the original pleadings.")

Plaintiffs' effort here falls woefully short of that exacting standard. As shown above, the new pleadings do not raise any new issues, but rather regurgitate the issues previously raised in Plaintiffs' original petition. All pleadings center upon damage to Plaintiffs' residence

allegedly caused by Hurricane Katrina's winds, which were followed by flooding. Both claim that the damages are covered under Federal's policy. The transactions and occurrences are the same. The duplicative amended pleading does not revive the Plaintiffs' right to request a jury trial.

## IV. CONCLUSION

Plaintiffs' jury demand is too late. Accordingly, for the reasons discussed more fully above, Federal Insurance Company respectfully prays that Plaintiffs' Motion for Trial by Jury be denied.

Respectfully Submitted,

/s/John W. Joyce
Steven W. Usdin, 12986
John W. Joyce, 27525
Judith A. Wenger, 30792
 Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorneys for Federal Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Federal's Memorandum In Opposition to Plaintiffs' Motion for Trial By Jury was electronically filed this 23rd day of October, 2007. This Court will send electronic noticing to all parties. There are no manual recipients.

/s/John W. Joyce

95193