| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| United States of America, Department of the Army, Corps of Engineers<br>U.S. Army Engineer District, New Orleans<br>P.O. Box 60267, CEMVN-OC<br>New Orleans, LA 70160-0267 | Lafarge North America Inc.<br>12950 Worldgate Drive, Suite 500<br>Herndon, VA 20170<br>Represented by: Derek A. Walker, 1100 Poydras St., #2300, NOLA 70163 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>N/A | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>August 29, 2005 | 7. TIME (A.M. OR P.M.)<br>Unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Various hurricane protection levees and related structures surrounding the City of New Orleans failed sometime on August 29, 2005 while Hurricane Katrina passed through the area. These failures were the direct result of the U.S. Army Corps of Engineers' negligent design, construction, and maintenance of levees, retaining walls, and related structures along the Mississippi River-Gulf Outlet, Gulf Intracoastal Waterway, and Inner Harbor Navigation Canal. The Corps knew or should have known that these structures were inadequate to protect the area from flooding; despite that knowledge, the Corps failed to engage in remedial measures or to disclose these inadequacies. The Corps has also conducted ongoing maintenance dredging of the MR-GO since 1965, using both U.S.-owned hopper dredges like the M/V WHEELER and M/V McFARLAND, as well as privately owned barges under contract to the Corps, to maintain the MR-GO. The surrounding wetlands were depleted as a result and no longer form the protective barrier that they once did, thus exacerbating the devastating storm surge.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
See Attachment

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See Instructions on reverse side.)
Destruction of both real and personal property resulting from flooding. LNA's claims also include contribution and/or indemnity for any third-party liability to others as alleged by plaintiffs and third-party plaintiffs in In re Ingram Barge, No. 05-04419, and consolidated cases (E.D. La.). See Attachment.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

N/A

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
|  |  |

EXHIBIT A

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Attachment | N/A | N/A | Attachment |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>[signature] | 13b. Phone number of person signing form<br>504 585 7044 | 14. DATE OF SIGNATURE<br>3/1/07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046    STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance?  ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

International Atlantins Insurance Company, 100 Bank Street, Ste 610, Burlington, VT 05401

Policy No. LNAP0506

| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☒ Yes  ☐ No | 17. If deductible, state amount. |
|---|---|
| Deductible | $500,000, + 2% (wind) |

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Yes - the claim is still being negotiated.

19. Do you carry public liability and property damage insurance?  ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

International Atlantins Insurance Company, 100 Bank Street, Ste 610, Burlington, VT 05401

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

## ATTACHMENT TO LAFARGE NORTH AMERICA INC.'S SF-95

9. **Property Damage**

LNA suffered damage to its property and mobile equipment, and resulting business interruption damages, at the following locations and in the following estimated amounts:

| Address | City, State, Zip | Property & Equipment Damage | Business Interruption | TOTAL CLAIM |
|---|---|---|---|---|
| 11900 Chef Menteur Highway | New Orleans, LA, 70129-3287 | $647,216 | $350,000 | $997,216 |
| 7123 Forshey St. | New Orleans, LA, 70125-1641 | $145,795 | $150,000 | $295,795 |
| 2315 France St. | New Orleans, LA, 70117-4407 | $729,989 | $350,000 | $1,079,989 |
|  |  |  |  |  |
|  | **TOTAL** | $1,523,000 | $850,000 | **$2,373,000** |

**Description of property, nature and extent of damage, and the location where the property may be inspected:**

Destruction of immovable and movable property, in addition to resulting business interruption damages, at LNA's facilities identified above due to inundation.

In addition, LNA's claims against the United States include contribution and/or indemnity for any third-party liability to others as alleged by plaintiffs and third-party plaintiffs in In re Ingram Barge, Civil Action No. 05-04419, and consolidated cases pending in the United States District Court for the Eastern District of Louisiana. LNA denies that exhaustion of administrative remedies is required for its contribution and indemnity claims against the United States for the reasons stated in its court filings in those consolidated cases. The United States has contended, wrongly and contrary to applicable law, that administrative exhaustion is required. To pretermit dispute on that point, and without waiving any of its rights, LNA provides notice here and advises the United States that the plaintiffs in those consolidated cases allege property damage and personal injury arising out of Hurricane Katrina, but have supplied no details concerning the particulars of their alleged injuries or the amounts claimed. The United States, and not LNA, is responsible for any liability occasioned by such alleged injuries and claims, and thus LNA demands payment by the United States to the extent that LNA may incur any such liability to the plaintiffs in those suits.

948290-1

12. **Amount of Claim**

   12(a) PROPERTY DAMAGE:

   LNA's own property damage is currently assessed at approximately $1,523,000, with an additional $850,000 in associated business interruption losses. For the reasons indicated above in item 9, however, LNA cannot estimate the amount of its contribution/indemnity claims because the plaintiffs and third-party plaintiffs in the In re Ingram Barge case (and consolidated cases) have not articulated the nature or amounts of their respective damages.

   12(d) TOTAL

   $ 2,373,000 (LNA's own property damage and related business interruption damages) + an unknown amount for contribution and/or indemnity.