LEXSEE 2003 U.S. DIST. LEXIS 5340

BEVERLY LEWIS GREEN, ET AL VERSUS UNITED STATES OF AMERICA

CIVIL ACTION NO.02-616 SECTION "K"(2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2003 U.S. Dist. LEXIS 5340

March 26, 2003, Decided
March 31, 2003, Filed, Entered

**SUBSEQUENT HISTORY:** Summary judgment granted by *Green v. United States, 2003 U.S. Dist. LEXIS 5289 (E.D. La., Mar. 28, 2003)*
Reconsideration granted by, Claim dismissed by *Green v. United States, 2003 U.S. Dist. LEXIS 11433 (E.D. La., June 23, 2003)*

**DISPOSITION:** [*1] United States' Motion to Dismiss/Alternatively Motion for Summary Judgment denied.

**COUNSEL:** For BEVERLY LEWIS GREEN, plaintiff: Beverly Lewis Green, New Orleans, LA.

For NATHAN CHARLES LEWIS, JOHN THADDEUS LEWIS, RONALD MICHAEL LEWIS, ARNOLD PATRICK LEWIS, DENISE LEWIS ANDERSON, plaintiffs: Rene A. Curry, Jr., Christoffer C. Friend, Guy Christopher Curry, Curry & Friend, APLC, New Orleans, LA.

For NATHAN CHARLES LEWIS, JOHN THADDEUS LEWIS, RONALD MICHAEL LEWIS, ARNOLD PATRICK LEWIS, DENISE LEWIS ANDERSON, plaintiffs: Edward C. Vocke, Carr & Associates, Metairie, LA.

For THERON BERNARD LEWIS, plaintiff: Theron Bernard Lewis, New Orleans, LA.

For RAPHAEL JOHN LEWIS, plaintiff: Raphael John Lewis, New Orleans, LA.

For CAROLYN LEWIS JASMIN, plaintiff: Carolyn Lewis Jasmin, New Orleans, LA.

For ROSE LEWIS WILSON, plaintiff: Rose Lewis Wilson, New Orleans, LA.

For WAYNE LEONIDAS LEWIS, plaintiff: Wayne Leonidas Lewis, New Orleans, LA.

For KELSON RAYMOND LEWIS, plaintiff: Kelson Raymond Lewis, New Orleans, LA.

For UNITED STATES OF AMERICA, defendant: Margaret Montgomery Groome, U. S. Attorney's Office, New Orleans, LA.

**JUDGES:** Stanwood R. [*2] Duval.

**OPINION BY:** Stanwood R. Duval

**OPINION**

**ORDER AND REASONS**

Before this Court is the defendant, the United States', Motion to Dismiss/Alternatively Motion for Summary Judgment (Rec. Doc. 20). In its motion, the Government contends that the plaintiffs' survival action and claims for wrongful death should be dismissed because, with the exception of the claim brought by Ronald Lewis, none of the plaintiffs have exhausted their administrative remedies pursuant to *28 U.S.C. 2675(a)* of the *Federal Tort Claims Act*. For the reasons explained below, the United States' Motion to Dismiss/Alternatively Motion for Summary Judgment is **DENIED**.

*Background*

On March 6, 2002 the plaintiffs, the twelve children of Charles C. Lewis, filed suit under the Federal Tort Claims Act, alleging that their father died as a result of the negligent medical treatment he received at Veterans



Administration Hospital. In their complaint, the plaintiffs assert a survival action as well as wrongful death claims. According to *28 U.S.C. § 2675*, before suing the United States for money damages, a claimant must first exhaust his or her remedies in the appropriate [*3] federal agency. Ronald Lewis is the only plaintiff who filed an administrative claim before bringing this action. *See* Defendant's Exhibit A, Claim for Damage, 12/23/00. The other plaintiffs, Beverly Lewis Green, Nathan Charles Lewis, Theron Bernard Lewis, Raphael John Lewis, Carolyn Lewis Jasmin, Rose Lewis Wilson, Wayne Leonidas Lewis, John Thaddeus Lewis, Arnold Patrick Lewis, Denise Lewis Anderson, and Kelson Raymond Lewis, have not. In its Motion to Dismiss, the United States seeks to dismiss the remaining claims brought by the other eleven children on the grounds that they have failed to exhaust their administrative remedies. The plaintiffs contend that the Government's motion should be denied because Ronald Lewis' administrative claim was sufficient to put the government on notice of the possible claims of the remaining siblings, and that the purposes of *28 U.S.C. § 2675* have been satisfied by his administrative filing.

*The FTCA Claim*

The United States is correct in noting that before a tort claim can be filed in federal district court, an administrative claim must first be presented to the appropriate federal agency. *See 28 U.S.C. § 2675(a)*; [*4] *see also Saunders v. Bush, 15 F.3d 64, 65 (5th Cir. 1994)*. Section 2675(a) reads in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*28 U.S.C. § 2675(a)*. A claim is properly presented within the meaning of *§ 2675(a)* when the agency is given 1) sufficient written notice to commence investigation, and 2) the plaintiff places a value on the claim. *See Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990)*.

Requiring claimants to provide the relevant agency with notice of their claims serves two congressional purposes:

> First, in enacting the notice requirement, Congress sought "to ease court congestion and avoid unnecessary [*5] litigation, while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States." This efficiency purpose, however accompanies a second purpose "of providing for more fair and equitable treatment of private individuals and claimants when they deal with government or are involved in litigation with their government."

*Id.*

*The Instant Claim*

Ronald Lewis filed his administrative claim on December 23, 2000. On Standard Form 95 (an administrative claim form, hereinafter "S.F. 95"), Mr. Lewis wrote "Ronald M. Lewis" in the space labeled "Name, Address of Claimant" and indicated on the form that his claim was for wrongful death in the amount of 1.5 million dollars. [1] On September 5, 2001, the Department of Veterans Affairs denied his tort claim stating that no negligence had occurred. It reasoned that because no autopsy had been performed "the cause of death cannot be determined with greater certainty."

> 1  Pursuant to *28 C.F.R. § 14.2* a claimant or his duly authorized agent must fill out a form called the Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain.

[*6] This issue confronting the Court is whether Ronald Lewis' administrative claim, which listed only himself as a claimant, sufficiently put the United States on notice of the claims of Charles Lewis' other surviving children. The Court need not address the second jurisdictional requirement, the "sum certain," because it is not in dispute. Ronald Lewis indicated that the wrongful death claim was for 1.5 million dollars.

*Notice*

The FTCA's notice requirement can be characterized as "minimal." *Eskine v. United States, 1995 U.S. Dist. LEXIS 12423, 1995 WL 495903 (E.D. La.)*. As long as the administrative claim evinces sufficient facts to enable the Government to investigate its potential liability, and conduct settlement negotiations, the minimal notice re-

quirement has been satisfied. *Eskine v. United States, 1995 U.S. Dist. LEXIS 12423, 1995 WL 495903 (E.D. La.)*. A claimant's failure to comply with the maze of procedural regulations set forth in the 28 C.F.R. § 14 will not bar him or her from pursuing his claim in federal court. For instance, in *Eskine,* the court held that the fact that wife did not file a separate administrative claim from her husband, but filed one jointly did not divest the court [*7] of jurisdiction to hear wife's claim. In another case, *Lightell v. United States, 1987 U.S. Dist. LEXIS 7578, 1987 WL 15954 (E.D.La.)*, the court held that even though the wife was not listed as a claimant on the S.F. 95 that her husband submitted, the form provided adequate notice to the Government of the wife's claim because the wife's address was on the form. *See also Champagne v. United States, 573 F. Supp. 488, 490 (E.D. La. 1983)*(holding that although not all of the plaintiffs signed the S.F. 95 form, because their names were listed as claimants, the government had notice of their claims); *Rise v. United States, 630 F.2d 1068 (5th Cir. 1980)*(holding that the plaintiff could bring additional theories of liability which were not articulated in his administrative claim because his claim had fairly apprized the Government of the facts causing injury).

The United States argues that these cases can be distinguished from the instant situation because in all of the cases the plaintiffs cite, the litigants were listed somewhere on the S.F. 95 form. For instance, in *Champagne,* all of the minor children were listed as claimants--the defects in the application were [*8] 1) not all of the children had signed the form and 2) the mother did not list her authority to bring a claim in their behalf as the regulations require. Likewise, in *Eskine,* the defect in the S.F. 95 was that one of the claimants was not listed as a claimant, however, she was mentioned elsewhere on the S.F. 95 as the claimant's spouse. In all of these cases, the Government argues, the United States at least had names and addresses of potential claimants at its disposal, and therefore it had enough information to investigate. The Government argues that Ronald Lewis' administrative claim did not adequately notify it that there were eleven potential claimants because none of the siblings were listed anywhere on the S.F. 95. In other words the administrative claim did not comply with the procedures set forth in 28 C.F.R. § 14.

The plaintiffs respond that even though the siblings were not listed on the S.F. 95, the medical records show that Charles Lewis had several children. Medical records list Theron Lewis, Carolyn Lewis Jasmin, and repeatedly reference "family." The plaintiffs argue that these references along with the fact that the amount of damages Ronald Lewis claimed (1.5 [*9] million), put the Government on notice that there may have been more than one family member who could bring a wrongful death claim. The plaintiffs rely on *Locke v. United States, 351 F. Supp. 185 (D. Haw. 1972)*, in which the court found that minor children were entitled to bring an action even though their names were not mentioned on the S.F. 95. In *Locke,* the husband of the decedent filed an administrative claim for personal injury in the amount of $ 250,000. The *Locke* court reasoned that the amount was large enough to put the Government on notice that the husband was bringing a claim for more than just loss of consortium. The court noted that the Government had ample time to investigate and had no excuse for being unaware that others may have been involved in the claim.

The Court acknowledges that the Ronald Lewis' administrative claim falls short of the type of notice contemplated by *Champagne, Eskine,* and the other cases upon which plaintiffs rely in that the surviving siblings are not listed as claimants or otherwise on the form. However, the Court finds *Transco Leasing Corp. v. United States, 896 F.2d 1435 (5th Cir. 1990)* instructive [*10] because it holds that even if names of some of the existing claimants are entirely absent from the S.F. 95, this fact is not material because the Government has a procedural mechanism which allows it to request additional information from the claimant.

In *Transco,* a bank, the executor of the Williams estate, filed an administrative claim on behalf of the estate. The attorney for the estate signed his name in the block entitled "Name of Claimant." The name and address of Willams' widow was present on the form, but she was not listed as a claimant. The widow's daughter was not listed on the form in any capacity. Subsequently, Williams' surviving wife and daughter filed suit. The United States argued that the district court should grant its motion for summary judgment because the administrative claim did not give sufficient notice of the claims of the surviving wife and daughter. The *Transco* court faulted the United States for not requesting additional information as allowed under *28 C.F.R. § 14.4(a)(3)*. Title *28 C.F.R. § 14.4(a)(3)* authorizes the government to request additional information from the claimant. The section reads: [*11]

> (a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:
>
> (3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who are dependent for support upon the decedent at the time of his death.

*28 C.F.R. § 14.4(a)(3); see Transco, 896 F.2d at 1442.* In *Transco*, the court explained that the bank's failure to comply with the literal requirements of regulations promulgated pursuant to *§ 2672*, which pertains to the administrative adjustment of claims against the United States, would not bar the claims of the surviving wife and daughter as long as (1) the agency was given sufficient written notice of the claim and (2) a value was placed on the claim. [2]*Id.* The court also stated that "the regulations promulgated pursuant to *§ 2672* are independent of the jurisdictional notice requirements of *§ 2675(a)* .... The Bank's failure literally to comply with that regulation is not a sufficient ground upon which to bar the claims of the wife and daughter when the jurisdictional requirements [*12] have been met." *Id. at 1443-44*.

> 2 Title *28 U.S.C. § 2672* pertains to the administrative adjustment of claims. It states in pertinent part that, "the head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States" *28 U.S.C. § 2672*

In this case, there is no evidence that the United States ever made a request for more information pursuant to *§ 14.4*, as it could have. Therefore, because there was sufficient written notice given for the United States to commence and investigation and because a value was placed upon the claim, the fact that the other surviving beneficiaries were not listed on the form, will not bar their cause of action. The omission of the names of the other surviving claimants is a procedural defect which does not diminish the fact that Ronald Lewis' claim gave the [*13] Government notice of the claim and stated the amount of the claim.

Additionally, as the Court noted above, notice satisfies the first purpose of requiring an administrative filing-to ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States. The Court concludes that Ronald Lewis' administrative filing fairly apprized the Government of his claim and the claim of his siblings. The second purpose of the administrative claim prerequisite is to "provide for a more fair and equitable treatment of private individuals and claimants when they deal with the government or are involved in litigation with their government." *See Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990)*. "The administrative claims requirements of the FTCA are meant to benefit claimants and in no way [are] designed to preclude them from their day in court." *Id. at 1444*. Since Ronald Lewis' claim was denied because the Veterans Affairs panel found that there was no negligence, an order from this Court requiring the other eleven children to [*14] file administrative claims would be an exercise in futility. If the remaining eleven children were to file an administrative claim, Veterans Affairs would deny relief for the same reason it denied Ronald Lewis' claim. The Supreme Court and various federal courts have held that "when the attempt to exhaust such remedies would itself be a patently futile course of action," exhaustion of administrative remedies is unnecessary. *Pan-American Pharmaceuticals Inc., v. Kessler, 980 F.2d 730 (6th Cir. 1992); see also Honig v. Doe, 484 U.S. 305, 98 L. Ed. 2d 686, 108 S. Ct. 592 (1988); Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985); Hurt v. United States, 914 F. Supp. 1346, 1355 (S.D. W.Va. 1996)*. Consequently, this Court finds that barring the siblings' claims would prevent them from having their day in court and would be inequitable.

*Conclusion*

Ronald Lewis substantially complied with the minimal requirements of *§ 2675* by filing his claim and indicating a sum certain. The amount claimed was great enough to put the United States on notice that there may be multiple claimants. At this point, the United States could have [*15] requested additional information from Ronald Lewis as to whether there were additional survivors who had potential claims under *28 C.F.R. § 14.4*. The United States chose not to pursue this avenue. However, to be fair to the United States, the Court will limit the amount of damages that the plaintiffs can seek on their wrongful death claims to 1.5 million dollars, the amount that Ronald Lewis claimed on the S.F. 95. The Court limits the plaintiffs' recovery to this amount because this is the amount of which the United States received notice. Accordingly,

**IT IS ORDERED** that the United States' Motion to Dismiss/Alternatively Motion for Summary Judgment, (Rec. Doc. 20) is **DENIED.**

Stanwood R. Duval

LEXSEE 2003 U.S. DIST. LEXIS 11433

BEVERLY LEWIS GREEN, ET AL VERSUS UNITED STATES OF AMERICA

CIVIL ACTION NO. 02-616 SECTION "K" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2003 U.S. Dist. LEXIS 11433

June 23, 2003, Decided
June 24, 2003, Filed, Entered

**SUBSEQUENT HISTORY:** Motion denied by *Green v. United States,* 2003 U.S. Dist. LEXIS 11449 (E.D. La., June 23, 2003)

**PRIOR HISTORY:** *Green v. United States,* 2003 U.S. Dist. LEXIS 5340 (E.D. La., Mar. 26, 2003)

**DISPOSITION:** [*1] Defendant's Motion to Reconsider granted, and the claims of Plaintiffs Kelson Lewis, Rose Wilson John Lewis, Nathan Lewis, Thaddeus Lewis, Arnold Lewis, and Denise Lewis dismissed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, the 12 surviving children of a decedent, brought a wrongful death suit under the Federal Tort Claims Act (FTCA) against defendant United States. The court denied the government's motion to dismiss the claims of 11 of the children. The government moved for reconsideration.

**OVERVIEW:** The children alleged that the decedent died due to medical malpractice at a veterans' hospital. The government argued that the claims of 11 of the children should be dismissed because only one of the children filed an administrative claim before filing suit; the other 11 did not file administrative claims and were not listed on the administrative claim form as possible claimants. In initially denying the government's motion, the court found that the government could have attempted to discover pursuant to 28 C.F.R. § 14.4 whether the decedent had other surviving children. In its motion to reconsider, the government pointed out that its request for a claimant list pursuant to § 14.4 had been answered "not applicable." Upon reconsideration, the court found that the 11 children's claims were not properly presented under 28 U.S.C.S. § 2675(a). The government did not have notice that there were other claimants. In order to satisfy § 2675(a), the 11 children needed to have filed their own administrative claims or to have indicated their claims explicitly on the claim form that was filed.

**OUTCOME:** The motion to reconsider was granted, and the claims of the children who did not file administrative claims were dismissed with prejudice.

**CORE TERMS:** claimant, notice, administrative claim, siblings, reconsider, surviving children, notice requirement, survivors, spouse, actual notice, requisite, claim form, staff attorney, tort claim, decedent, case law, jurisdictional prerequisite, strict compliance, federal agency, own claims, letter dated, marital status, manifest errors, loss of consortium, automatically, technicality, dispositive, congestion, settlement

**LexisNexis(R) Headnotes**

*Torts > Public Entity Liability > Liability > Claim Presentation > General Overview*
[HN1] 28 C.F.R. § 14.4 requests that a claimant list full names, addresses, birth dates, kinship, and marital status of a decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Pretrial Matters > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN2] Although the "motion to reconsider" is found nowhere in the Federal Rules of Civil Procedure, it has

become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple--a chance to reargue and sometimes submit additional argument and authority in support of his lost motion. The United States Court of Appeals for the Fifth Circuit typically interprets motions to reconsider dispositive pretrial orders as analogous to *Fed. R. Civ. P. 60(b)* motions for relief from judgment or *Fed. R. Civ. P. 59(e)* motions to alter or amend the judgment, depending on whether the motion is filed within 10 days of the order's issuance. A motion filed within 10 days of the order's issuance is construed as a *Rule 59(e)* motion. A motion filed beyond this 10-day window is considered a *Fed. R. Civ. P. 60* motion.

*Civil Procedure > Judgments > Relief From Judgment > Newly Discovered Evidence*
*Environmental Law > Solid Wastes > Resource Recovery & Recycling*
[HN3] Motions to reconsider based on recycled arguments only serve to waste the resources of the court, and are not the proper vehicle to rehash old arguments or advance legal theories that could have been presented earlier. These motions should serve the narrow purpose of permitting a party to correct manifest errors of law, or fact, or to present newly discovered evidence.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
[HN4] *Fed. R. Civ. P. 60* allows a court to review an order for any other reason justifying relief. *Fed. R. Civ. P. 60(b)*.

*Administrative Law > Sovereign Immunity*
*Governments > Federal Government > Claims By & Against*
*Torts > Public Entity Liability > Liability > Federal Tort Claims Act > Procedural Requirements*
[HN5] *28 U.S.C.S. § 2675(a)* outlines the proper method of presenting a federal tort claim to a federal agency. The proper presentation of an administrative claim is a jurisdictional prerequisite to suit under the Federal Tort Claims Act.

*Administrative Law > Sovereign Immunity*
*Torts > Damages > Compensatory Damages > Property Damage > General Overview*
*Torts > Public Entity Liability > Liability > Claim Presentation > General Overview*

[HN6] See *28 U.S.C.S. § 2675(a)*.

*Administrative Law > Sovereign Immunity*
*Torts > Public Entity Liability > Liability > Claim Presentation > General Overview*
*Torts > Public Entity Liability > Liability > Federal Tort Claims Act > Procedural Requirements*
[HN7] Courts have held that the requirements of *28 U.S.C.S. § 2675(a)* and the requirements of the regulations promulgated pursuant to *28 U.S.C.S. § 2672*, relating to the administrative adjustment of claims, should be distinguished. Although the administrative claim submission requirement is jurisdictional and cannot be waived, the technical and procedural requirements of the regulations are not always strictly enforced. The question whether a plaintiff has presented the requisite *28 U.S.C.S. § 2675* notice is determined without reference to whether that plaintiff has complied with all settlement related requests for information.

*Administrative Law > Sovereign Immunity*
*Torts > Public Entity Liability > Liability > Claim Presentation > Content & Form*
*Torts > Public Entity Liability > Liability > Federal Tort Claims Act > Procedural Requirements*
[HN8] A claim is properly presented within the meaning of *28 U.S.C.S. § 2675(a)* when the claimant gives the agency (1) sufficient written notice of her claim to commence investigation, and (2) the plaintiff places a value on the claim. The requisite "minimal notice" is satisfied when the claimant notifies the relevant agency of her claim and the accident so that it may investigate the claim.

*Administrative Law > Sovereign Immunity*
*Governments > Federal Government > Claims By & Against*
*Torts > Public Entity Liability > Liability > Federal Tort Claims Act > Procedural Requirements*
[HN9] A mere reference to the existence of a child does not put the government on notice of other potential claimants for purposes of the Federal Tort Claims Act.

*Family Law > Marital Duties & Rights > Causes of Action > Loss of Consortium*
*Torts > Damages > Consortium Damages > Spouses*
*Torts > Public Entity Liability > Liability > Claim Presentation > General Overview*
[HN10] One person cannot file a prerequisite administrative tort claim for another person, and specifically one spouse may not presume that his or her own independent

claim is automatically raised or implied in the administrative claim of the other spouse. If a spouse may not presume that her claim is automatically raised when her spouse files an administrative claim, the siblings of a claimant cannot seriously contend that their claims should be impliedly raised by a single filing that does not list any of the other surviving children as claimants.

*Family Law > Guardians > General Overview*
*Torts > Public Entity Liability > Liability > Claim Presentation > General Overview*
[HN11] The only instances where courts have been forgiving of plaintiffs who did not file their own administrative tort claims are cases where the omitted claimants were minors and policy reasons justified the court allowing a parent or guardian to file on the minor's behalf.

**COUNSEL:** For BEVERLY LEWIS GREEN, plaintiff: Beverly Lewis Green, New Orleans, LA.

For NATHAN CHARLES LEWIS, JOHN THADDEUS LEWIS, RONALD MICHAEL LEWIS, ARNOLD PATRICK LEWIS, DENISE LEWIS ANDERSON, plaintiffs: Rene A. Curry, Jr., Christoffer C. Friend, Guy Christopher Curry, Curry & Friend, APLC, New Orleans, LA.

For NATHAN CHARLES LEWIS, JOHN THADDEUS LEWIS, RONALD MICHAEL LEWIS, ARNOLD PATRICK LEWIS, DENISE LEWIS ANDERSON, plaintiffs: Edward C. Vocke, Carr & Associates, Metairie, LA.

For ROSE LEWIS WILSON, KELSON RAYMOND LEWIS, plaintiffs: Arthur Anthony Morrell, Author A. Morrell, Attorney at Law, New Orleans, LA.

For USA, defendant: Margaret Montgomery Groome, U. S. Attorney's Office, New Orleans, LA.

**JUDGES:** STANWOOD R. DUVAL, JR., UNITED STATES DISTRICT COURT JUDGE.

**OPINION BY:** STANWOOD R. DUVAL, JR.

**OPINION**

Before this Court is a Motion to Reconsider the Court's ruling on a Motion to Dismiss, Rec. Doc. 65, brought by defendant, the United States of America. For the reasons that [*2] follow the Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** the claims brought by Kelson Lewis, Rose Wilson, John Lewis, Nathan Lewis, Thaddeus Lewis, Arnold Lewis, and Denise Lewis.

**Background and Procedural History**

The instant Motion to Reconsider arises from an FTCA claim brought by the surviving children of Charles Lewis. His twelve surviving children have sued the United States for the wrongful death of their father, whose death was allegedly caused by the malpractice and negligent care he received at the Veteran's Hospital. In a Motion to Dismiss brought by the United States of America, the United States argued that the claims of eleven of the twelve children should be dismissed because only Ronald Lewis filed an administrative claim before bringing the above action. The other eleven children did not file administrative claims, nor were they listed anywhere on the SF 95 form as possible claimants.

On March, 26 2003, this Court denied the Motion to Dismiss based on several grounds. First, the Court, relying on the reasoning in *Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990)*, found that the jurisdictional [*3] prerequisite set forth in *28 U.S.C. 2675(a)*, did not require strict compliance with the technical regulations set forth in the Code of Federal Regulations. The Court reasoned that as long as the plaintiffs gave "minimal notice" sufficient to allow the United States to investigate other possible claimants, the plaintiffs had substantially complied with *28 U.S.C. 2675(a)*, and this Court had jurisdiction to hear the claims of the eleven children who had not filed administrative claims in their own behalf. The Court found that Ronald Lewis's administrative claim satisfied the minimal notice requirement for himself and his siblings.

To support this conclusion the Court, following the reasoning in *Transco,* found that a procedural vehicle, *28 C.F.R. 14.4*, was available which allows the government to submit questions to the claimant and would have allowed it to discover whether the decedent, Charles Lewis, had surviving children who could be possible claimants. The Court reasoned that because of the existence of *28 C.F.R. 14.4*, it was not unreasonable to expect the government to obtain this information [*4] as a part of its investigation.

Finally, the Court concluded that it would be overly burdensome and an exercise in futility to order the other eleven plaintiffs to exhaust their administrative remedies when most likely the Veteran's Administration would deny the other eleven claims for the same reasons it denied Ronald Lewis's claim. The Court found that allowing the eleven plaintiffs to bring their claims in federal court would also satisfy the dual purpose of *28 U.S.C. 2675(a)* of easing court congestion and avoiding unnecessary litigation. Because the Court found that Ronald Lewis' administrative claim satisfied the minimal notice requirement, that the United States could have found out

about the existence of other claimants, and that allowing the other eleven plaintiffs to participate in this federal claim would satisfy the interests of justice and judicial economy, the Court denied the United States' Motion to Dismiss.

On April 16, 2003, the United States filed a Motion to Reconsider the ruling. Rec. Doc. 65. In its motion the government presents the Court with evidence that it did, in fact, utilize *C.F.R. 14.4*. In a letter dated January 16, 2001, Charles [*5] Caine, the staff attorney for the Veterans Administration asked Ronald Lewis whether his father had any surviving children. The pertinent portions of the letter are set forth below:

> At this time your attention is directed to the enclosed copy of *28 C.F.R. 14.4* and we request that you submit any and all pertinent information specified therein. Failure to provide such information in substantiation of your claim will not only hinder our evaluation of it but could lead to its denial.

Letter from Charles Caine, 1/16/01. A copy of *C.F.R. 14.4(a)* was attached to the letter. *Section (a)(3) of 14.4* [HN1] requests that the claimant list:
> Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

Letter from Charles Caine, 1/16/01. Ronald Lewis responded to Charles Caine's request in a letter dated March 1, 2001. His response states:
> Per the instructions contained in your letter of January 16, 2001, I am submitting the following information regarding 28 CFR [sic] Part 14, specifically, [*6] Section 14.4 (a).

Letter from Ronald Lewis, 3/1/01. In response to *section 14.4(a)(3)* which requests the names of his father's survivors, Ronald Lewis wrote "Not Applicable."

After reviewing the arguments of the plaintiffs and the government, the relevant case law and exhibits, the Court revisits the following question: Was Ronald Lewis' filing of an administrative claim on his own behalf sufficient to satisfy the notice requirement of *28 U.S.C. 2675(a)* and sufficient to put the United States on notice of the possible claims of Charles Lewis's surviving children. For the following reasons, the Court grants the United States' Motion to Reconsider and dismisses with prejudice the claims off all plaintiffs except Ronald Lewis.

**Motion to Reconsider**

[HN2] "Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple--a chance to reargue and sometimes submit additional argument and authority [*7] in support of his lost motion." *State of Louisiana v. Sprint Communications Co., 899 F. Supp. 282, 284 (M.D.La. 1995)*. The Fifth Circuit typically interprets motions to reconsider dispositive pretrial orders as analogous to *Rule 60(b)* motions. for relief from judgment or *Rule 59(e)* motions to alter or amend the judgment, depending on whether the motion is filed within ten days of the order's issuance. *See e.g., Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990)*. A motion filed within ten days of the order's issuance is construed as a *Rule 59(e)* motion. *Id.* A motion filed beyond this ten day window is considered a *Rule 60* motion. *Id.* Because the instant motion was filed more than 10 days from the date the Court issued the order, the Court will construe the motion pursuant to *Rule 60*.

[HN3] Motions to reconsider "based on recycled arguments only [serve] to waste the resources of the court," and are not the proper vehicle to "[rehash] old arguments or [advance] legal theories that could have been presented earlier. *Krim v. PCORDER.COM, Inc., 212 F.R.D. 329, 331 (W.D. Tex. 2002)*. These motions should [*8] serve the narrow purpose of "permitting a party to correct manifest errors of law, or fact, or to present newly discovered evidence." *Id.* The Court finds that the United State's Motion to Reconsider is justified based on two factors: 1) the newly discovered information that Ronald Lewis informed the staff attorney for the Veteran's Administration that Charles Lewis did not have any other surviving children, and 2) the Court's former reasoning in the March 26, 2003 Order and Reasons did not adequately distinguish this case from the "minimal notice" line of cases finding that defects in the administrative claim form did not deprive the court of jurisdiction.[1]

> 1 Although plaintiffs argue that the United States is not bringing forth new evidence and did not assert that there was a manifest error in fact or law, the Court finds that in light of the Court's reasons for denying the Motion to Dismiss, the

United States was unaware that it would have to use Ronald Lewis's responses to *28 C.F.R. § 14.4*. [HN4] Additionally, *Rule 60* allows a Court to review an order for "any other reason justifying relief...." *Fed. R. Civ. P. 60(b)*.

[*9] Analysis

*The Notice Requirement*

Title *28 U.S.C. § 2675(a)* [HN5] outlines the proper method of presenting a federal tort claim to a federal agency. *28 U.S.C. § 2675(a)*. The proper presentation of an administrative claim is a jurisdictional prerequisite to suit under the FTCA. *Id.* Section 2675(a) reads in pertinent part:

> [HN6] An ation shall not be instituted upon a claim against the United States for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*28 U.S.C. § 2675(a)*. [HN7] Courts have held that the requirements of the statute and the requirements of the regulations promulgated pursuant to *§ 2672*, relating to the administrative adjustment of claims, should be distinguished. *Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990)*; [*10] *Adams v. United States, 615 F.2d 284, 288 (5th Cir. 1980); Champagne v. United States, 573 F. Supp. 488, 491 (E.D. La. 1983); Apollo v. United States, 451 F. Supp. 137 (Pa. 1978)*. Although the administrative claim submission requirement is jurisdictional and cannot be waived, the technical and procedural requirements of the regulations are not always strictly enforced. *Champagne, 573 F. Supp. at 491*. In *Adams*, the Fifth Circuit found that "the question whether a plaintiff has presented the requisite *section 2675* notice is determined without reference to whether that plaintiff has complied with all settlement related requests for information." *Adams, 615 F.2d at 288*.

Requiring claimants to provide the relevant agency with notice of their claims serves two congressional purposes:

> First, in enacting the notice requirement, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States." This efficiency purpose, however accompanies a second purpose "of [*11] providing for more fair and equitable treatment of private individuals and claimants when they deal with government or are involved in litigation with their government."

*Id.* [HN8] A claim is properly presented within the meaning of *§ 2675(a)* when the claimant gives the agency 1) sufficient written notice of her claim to commence investigation, and 2) the plaintiff places a value on the claim. *See Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990)*. The requisite "minimal notice" is satisfied when the claimant notifies the relevant agency of her claim and the accident so that it may investigate the claim. *Adams, 615 F.2d at 289*.

*Did the United States have the requisite "minimal notice" of the claims of Ronald Lewis's eleven siblings?*

As mentioned previously, the United States argues that the Court should reverse its decision and grant the Motion to Dismiss because it did not have notice of the claims of Ronald Lewis's eleven siblings. Specifically, the United States contends that even when it specifically requested this information from Ronald Lewis, he indicated that his father Charles Lewis had no other surviving [*12] children, or at the very least if he did have siblings, that they were not making a claim. The government argues that Ronald Lewis's affirmative denial of the existence of survivors justifies the United States' contention that it did not have actual notice of the other claims.

Plaintiffs counter-argue that Ronald Lewis did not deliberately try to deceive the staff attorney, but as a layperson may have misunderstood the question relating to whether Charles Lewis had any survivors. Although this may be true, his answer which indicated that Charles Lewis did not have any survivors did not objectively put the government on notice of the existence of other claimants. Additionally, his response to the government's request is not dispositive of the issue of notice. There are other reasons why Ronald Lewis's administrative claim does not satisfy the notice requirement for his eleven siblings. The Court justifies its reconsideration of the motion based on the following grounds.

First, the Court acknowledges that in its Motion to Reconsider, the United States apprized the Court that it did in fact utilize 28 C.F.R. § 14.4 and asked Ronald Lewis whether Charles Lewis [*13] had any surviving siblings. Ronald Lewis made the affirmative statement, "Not applicable." Faced with this response, the United States did not have notice that there were other claimants, although it did know through medical records that there were other siblings. The government has shown that it took reasonable steps to investigate and determine whether any other claimants existed. However, the Court also finds that even had Ronald Lewis indicated the existence of surviving children, this information alone would not satisfy the "minimal notice" requirement of § 2675(a). The other eleven plaintiffs would have had to file their own claims or at the very least indicate explicitly on Ronald Lewis's claim from that they were claimants.

Second, after reviewing the case law, the Court finds that its original Order and Reasons did not sufficiently distinguish *Eskine v. United States*, 1995 U.S. Dist. LEXIS 12423, No. 95-1364, 1995 WL 495903 (E.D. La. 8/18/95) and *Champagne v. United States*, 573 F. Supp. 488 (E.D. La. 1983) from the case at bar. Additionally, it overstated the importance of compliance with the federal regulations while minimizing the obvious fact that the claims of Ronald [*14] Lewis's siblings fail, simply because the administrative claim form did not give the United States the requisite "minimal notice" of their claims. *Eskine* and *Champagne* are cases that involve defects in the SF 95 claims. However, in both *Eskine* and *Champagne*, the government had actual notice that the claimants who did not file separate claims were in fact claimants.

For example, in *Eskine*, a husband and wife submitted a joint SF 95 form. The wife did not submit a separate form in her own behalf, but was listed on the form as a claimant. The court stated, "the government carefully avoids asserting that it lacked actual notice of Elanore Eskine's claim and instead dwells on the claim's alleged technical insufficiencies." *Eskine v. United States*, No. 95-1364, 1995 WL 495903 (E.D. La. 8/18/95). In this case, the defect in the SF 95 form is more than a mere technical deficiency, but is a significant omission because the SF 95 form made no reference to any other possible claimants. It cannot be argued that the government had actual notice of the claims of the other eleven claimants merely because Ronald Lewis filed a claim.

Nor can plaintiffs argue that [*15] the government should have known about other surviving children because some of the medical documents refer to one or more of the siblings. [HN9] A mere reference to the existence of a child does not put the government on notice of other potential claimants. See *Rivera v. United States Army Corp. of Engineers*, 1989 U.S. Dist. LEXIS 4319, No. 88-4149, 1989 WL 38,720 (E.D. La. 4/14/89). In *Rivera*, a husband filed a claim stating that he was "married to Regina Rivera." *Id.* at *2. No indication appeared on the form that his wife was asserting a claim in her own right. *Id.* Obviously a mere statement as to marital status is insufficient notice of a spouse's claim for loss of consortium.

In another case, *Walker v. United States*, 471 F. Supp. 38 (M.D. Fla. 1978), the husband failed to name his wife as a claimant. Rather, he listed "loss of consortium" as an item of his own damages. *Id.* at 42. The court did not hold the United States responsible for finding out whether the spouse that was not even alluded to on the SF 95 form was a claimant. *Id.* The court stated, [HN10] "one person cannot file a prerequisite administrative tort claim for another person ... and specifically [*16] one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse." *Id.* If a spouse may not presume that her claim is automatically raised when her spouse files an administrative claim, the Court fails to see how the siblings of Ronald Lewis can seriously contend that their claims should be impliedly raised by a single filing that does not list any of the other surviving children as claimants. *Rivera* and *Walker* represent cases where the notice given to the United States was less than minimal and rested not on a mere technicality, but proved to be fatal to the "minimal notice" requirement set forth in § 2675. Because the eleven plaintiffs did not file their own claims and were not listed as claimants on Ronald Lewis's administrative filing, their claims must likewise fail.

[HN11] The only instances where courts have been forgiving of plaintiffs who did not file their own administrative claims are cases where the omitted claimants were minors and policy reasons justified the court allowing a parent or guardian to file on the minor's behalf. In *Champagne*, the court found that a mother did not [*17] have to file separate claim forms for her minor children. *Champagne v. United States*, 573 F. Supp. 488 (E.D. La. 1983). A fact that further distinguishes *Champagne* from the instant case is that all of the children's names and ages were listed as claimants in an addendum to the SF 95. Also, the mother had listed herself "and children" in the space marked "Name of Claimant." The court found that although the mother did not comply with the formal requirement of regulation C.F.R. § 14.3, that an individual filing a claim on behalf of another must indicate their authority to do so, Louisiana law granted the mother authority to file the claim and strict compliance was not necessary. Unlike the facts in *Champagne*, Ronald Lewis had no legal authority to file on behalf of his siblings, nor were any of the siblings listed as claimants on the

form. *See also Estate of Santos v. United States, 525 F. Supp. 982 (P.R. 1981)*(holding that each heir must file and individual claim unless one is legally entitled to represent and cat on behalf of the others); *Heaton v. United States, 383 F. Supp. 589 (N.Y. 1974)*(holding that wife must file separate [*18] administrative claim from husband and that it would not show leniency with a plaintiff's failure to comply with technicalities unless the case involves the rights of children).

Accordingly,

**IT IS ORDERED** that the Motion to Reconsider brought by the United States is hereby, **GRANTED,** and the claims of Kelson Lewis, Rose Wilson, John Lewis, Nathan Lewis, Thaddeus Lewis, Arnold Lewis, and Denise Lewis are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 23rd day of June, 2003.

**STANWOOD R. DUVAL, JR.**

**UNITED STATES DISTRICT COURT JUDGE**