## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE ) | CIVIL ACTION NO. |
| COMPLAINT OF INGRAM BARGE ) | 05-4419-C-2 |
| COMPANY, AS OWNER OF THE ) | C/W 05-4419, 05-5531, 05-5724, |
| ING4727, PETITIONING FOR ) | 06-3313, 06-5342, 06-5054, |
| EXONERATION FROM OR ) | 06-6299, 06-7516 |
| LIMITATION OF LIABILITY ) | |

*THIS PLEADING APPLIES TO CAUSE OF ACTION NUMBERS*
*05-4237, 05-5531, 05-5724, 05-5054, 06-5342, AND 06-6299*

### UNITED STATES' ANSWER TO
### LAFARGE NORTH AMERICA, INC.'S
### FIRST AMENDED THIRD-PARTY COMPLAINT

THIRD-PARTY DEFENDANT, THE UNITED STATES OF AMERICA, in answer to the First Amended Third-Party Complaint of Defendant Lafarge North America, Inc. against the United States of America filed March 29, 2007 in the above-captioned action, admits, denies and alleges, on information and belief, as follows:[1]

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over all or portions of Lafarge North America Inc.'s First Amended Third-Party Complaint.

---

[1] Any allegations in the Complaint, including those set forth in captions or headings in the plaintiffs' Complaint, not expressly admitted herein are denied. All responses, answers, admissions and statements made herein are by counsel for the United States for the sole purpose of the above-captioned case and shall not be considered binding outside this suit.


EXHIBIT D

### SECOND DEFENSE

The plaintiffs seek damages for harm caused by a flood or by flood waters, and the United States is immune from liability for such damages. 33 U.S.C. § 702c.

### THIRD DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a); *Wiggins v. United States*, 799 F.2d 962, 966 (5th Cir. 1986).

### FOURTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation. 28 U.S.C. § 2680(a).

### FIFTH DEFENSE

To the extent the claims are cognizable under the Suits in Admiralty Act, Public Vessels Act, or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter jurisdiction conferred by the Federal Tort Claims Act. 28 U.S.C. §2680(d).

### SIXTH DEFENSE

The third-party plaintiff and/or the plaintiffs have failed to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

The plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

2

## EIGHTH DEFENSE

The claims are barred to the extent that they are based on or arise out of misrepresentation or deceit. 28 U.S.C. § 2680(h).

## NINTH DEFENSE

The United States is not liable for acts or omissions of any contractor with the United States. 28 U.S.C. § 2671.

## TENTH DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

## ELEVENTH DEFENSE

The United States, through its employees and agents, did not breach any duty of care it allegedly owed the third-party plaintiff.

## TWELFTH DEFENSE

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

## THIRTEENTH DEFENSE

To the extent the plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by the plaintiffs, to the extent allowed under federal and state common and statutory law.

3

## FOURTEENTH DEFENSE

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits the defendants' liability or the plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act or the general maritime law.

## FIFTEENTH DEFENSE

The Court lacks subject matter jurisdiction over the First Amended Third-Party Complaint because the third-party plaintiffs filed no administrative claim. 46 U.S.C. § 30101(c)(2).

## SIXTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

## SEVENTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the third-party plaintiff's alleged injury, cutting off the legal effect of defendant United States' negligence, which is expressly denied.

## EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of the third-party plaintiff was a substantial factor in, and the proximate cause of, and contributed to any alleged injuries or damages sustained by it and/or the plaintiffs.

4

### NINETEENTH DEFENSE

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic payment statute.

### TWENTIETH DEFENSE

To the extent that the third-party plaintiff seeks equitable relief, this claim it is not cognizable under the FTCA, which permits only money damages. 28 U.S.C. § 1346(b)(1).

### TWENTY-FIRST DEFENSE

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such law.

### TWENTY-SECOND DEFENSE

The United States is not liable for prejudgment interest or punitive damages, except as provided by statute. 28 U.S.C. § 2674; 46 U.S.C. § 30911(a).

### TWENTY-THIRD DEFENSE

A jury trial as to the United States is barred. 28 U.S.C. § 2402, 46 U.S.C. § 30903(b).

### TWENTY-FOURTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## TWENTY-FIFTH DEFENSE

The United States Army Corps of Engineers cannot be sued *eo nomine* under the Federal Tort Claims Act or the Extension of Admiralty Jurisdiction Act as it incorporates the relevant provisions of the Suits in Admiralty Act.

## TWENTY-SIXTH DEFENSE

The United States is not subject to liability without fault.

## TWENTY-SEVENTH DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

## TWENTY-EIGHTH DEFENSE

The Complaints set forth injuries that resulted from a danger whose existence and character were fully appreciated by the plaintiffs before they voluntarily exposed themselves to it and Lafarge North America Inc.'s First Amended Third-Party Complaint also sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the third-party plaintiff before it voluntarily exposed itself to it.

## TWENTY-NINTH DEFENSE

Lafarge North America Inc.'s First Amended Third-Party Complaint alleges negligent or wrongful acts and omissions as to which the United States is absolutely immune from suit.

## THIRTIETH DEFENSE

To the extent the plaintiffs have suffered any damages, they have failed to mitigate them.

## THIRTY-FIRST DEFENSE

Third Party Defendant United States asserts all defenses Third-Party Plaintiff Lafarge North America has to the various plaintiffs' claims.

6

## THIRTY-SECOND DEFENSE

The United States is not an entity that may be liable to Third-Party Plaintiff Lafarge North America for all or part of the claims against it.

## THIRTY-THIRD DEFENSE

Class action lawsuits are impermissible under the Federal Tort Claims Act.

## THIRTY-FOURTH DEFENSE

The prerequisites listed in Fed. R. Civ. P. 23(a) for a class action have not been met.

## THIRTY-FIFTH DEFENSE

Third-Party Defendant United States responds to the allegations of the Lafarge North America Inc.'s First Amended Third-Party Complaint in similarly numbered paragraphs, as follows:

### Jurisdiction and Venue[2]

I.

The allegations contained in Paragraph I of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

---

[2] All headings, such as this one, contained in this Answer have been duplicated from the plaintiffs' Complaint for the sole purpose of assisting the reader in matching the United States' responses to the corresponding allegations as stated in the plaintiffs' Complaint. The United States expressly denies all headings, as they are alleged.

7

II.

The allegations contained in Paragraph II of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the applicability of the cited statutes.

**The Parties**

III.

The allegations contained in Paragraph III of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, which has insufficient information to admit or deny the allegations.

IV.

The allegations contained in Paragraph IV of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, which has insufficient information to admit or deny the allegations.

V.

The allegations contained in Paragraph V of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, which has insufficient information to admit or deny the allegations.

VI.

The allegations contained in Paragraph VI of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, which has insufficient information to admit or deny the allegations.

VII.

The allegations contained in Paragraph VII of Lafarge North America Inc.'s First Amended Third-Party Complaint are legal conclusions that require no response from the United States.

**The Waterways**

VIII.

The conclusory statement contained in Paragraph VIII of Lafarge North America Inc.'s First Amended Third-Party Complaint that the Inner Harbor Navigation Canal "is a navigation channel, rather than a flood control project" is a statement of law to which no response is required. With regard to the *United States Coast Pilot*, the document is the best evidence of its contents.

IX.

The conclusory statement contained in Paragraph IX of Lafarge North America Inc.'s First Amended Third-Party Complaint that the Gulf Intracoastal Waterway "is a navigation channel, rather than a flood control project" is a statement of law to which no response is required. With regard to the remaining allegations, the United States has insufficient information to admit or deny the allegations.

X.

The conclusory statement contained in Paragraph X of Lafarge North America Inc.'s First Amended Third-Party Complaint that the Mississippi River-Gulf Outlet "is a navigation channel, rather than a flood control project" is a statement of law to which no response is required. With regard to the remaining allegations, the United States has insufficient information to admit or

9

deny the allegations, but denies the allegation that "continuous maintenance dredging has eroded the MR-GO's banks."

## The Hurricane

### XI.

The United States admits the allegations contained in Paragraph XI of Lafarge North America Inc.'s First Amended Third-Party Complaint.

### XII.

The United States has insufficient information to admit or deny the allegations contained in Paragraph XII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

### XIII.

The United States denies the allegations contained in Paragraph XIII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

### XIV.

The United States has insufficient information to admit or deny the allegations contained in Paragraph XIV of Lafarge North America Inc.'s First Amended Third-Party Complaint.

### XV.

The United States has insufficient information to admit or deny the allegations contained in Paragraph XV of Lafarge North America Inc.'s First Amended Third-Party Complaint.

**First Cause of Action**

XVI.

In response to the allegations contained in Paragraph XVI of Lafarge North America Inc.'s First Amended Third-Party Complaint, the United States admits that it owns the Dredges WHEELER and McFARLAND, but denies the remaining allegations.

XVII.

The United States denies the allegations contained in Paragraph XVII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XVIII.

The United States denies the allegations contained in Paragraph XVIII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XIX.

The allegations contained in Paragraph XIX of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXI [sic].

The allegations contained in the first Paragraph XXI of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXI.

The United States denies the allegations contained in the second Paragraph XXI of Lafarge North America Inc.'s First Amended Third-Party Complaint.

11

XXII.

The United States denies the allegations contained in the Paragraph XXII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XXIII.

The United States denies the allegations contained in the second Paragraph XXIII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XXIV.

The United States denies the allegations contained in Paragraph XXIV of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XXV.

The United States denies the allegations contained in Paragraph XXV of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XXVI.

The allegations contained in Paragraph XXVI of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXVII.

The allegations contained in Paragraph XXVII of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXVIII.

The allegations contained in Paragraph XXVIII of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXIX.

The allegations contained in Paragraph XXIX of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States admits the allegations.

XXX.

The United States denies the allegations contained in Paragraph XXX of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XXXI.

The United States denies the allegations contained in Paragraph XXXI of Lafarge North America Inc.'s First Amended Third-Party Complaint.

**Second Cause of Action**

XXXII.

The United States denies the allegations contained in Paragraph XXXII of Lafarge North America Inc.'s First Amended Third-Party Complaint.

XXXIII.

The allegations contained in Paragraph XXXIII of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXXIV.

The allegations contained in Paragraph XXXIV of Lafarge North America Inc.'s First Amended Third-Party Complaint call for no response from the United States, but if a response is called for, the United States denies the allegations.

XXXV.

The United States denies the allegations contained in Paragraph XXXV of Lafarge North America Inc.'s First Amended Third-Party Complaint.

WHEREFORE, Third-Party Defendant United States of America prays that Lafarge North America Inc.'s First Amended Third-Party Complaint against the United States of America be dismissed with costs and that Third-Party Defendant United States of America be awarded such other and further relief as the merits of the case may warrant.

Dated: April 24, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PETER G. MYER
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4043

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic notification this 24th day of April, 2007 on all counsel of record.

_____
PETER G. MYER