LEXSEE 1997 U.S. DIST. LEXIS 816

**CAROLYN ALLEN VERSUS UNITED STATES POSTAL SERVICE, XYZ INSURANCE COMPANY, AND ZEDRICK PRICE**

**CIVIL ACTION NO. 96-2259 SECTION "R"**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

*1997 U.S. Dist. LEXIS 816*

**January 22, 1997, Decided
January 22, 1997, FILED; January 24, 1997, ENTERED**

**DISPOSITION:** [*1] Plaintiff's motion to dismiss granted. To the extent that plaintiff seeks a remand, the motion is moot as USPS the only defendant remaining in the case.

**COUNSEL:** For CAROLYN ALLEN, plaintiff: Ray Anthony Bright, Ray Anthony Bright, Attorney at Law, Baton Rouge, LA.

For THE UNITED STATES POSTAL SERVICE, defendant: Paul Stuart Weidenfeld, U. S. Attorney's Office, New Orleans, LA.

For STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, intervenor: Charles S. Green, Jr., Ward, Nelson & Pelleteri, New Orleans, LA.

**JUDGES:** SARAH S. VANCE, UNITED STATES DISTRICT JUDGE

**OPINION BY:** SARAH S. VANCE

**OPINION**

**ORDER AND REASONS**

This matter is before the Court on the Motion for Summary Judgment of defendant, United States Postal Service ("USPS"). For the following reasons, the motion is GRANTED.

I. BACKGROUND

This action arises out of an automobile accident involving plaintiff, Carolyn Allen, and defendant, Zedrick Price, a United States postal inspector assigned to the New Orleans Division. In May 1995, upon returning from employment training in New York, Inspector Price drove his U.S. Postal Inspection Service Law Enforcement Vehicle ("LEV") from the New Orleans Airport to his residence. Rec. [*2] Doc. No. 3, Exh. 3. Inspector Price arrived at his home at approximately 8:00 p.m. *Id.*

About two hours later, Inspector Price left his home and drove his Postal Inspection LEV to several night clubs in New Orleans East. *Id.* On his return home between 1:00 a.m. and 2:00 a.m. after consuming an undetermined amount of beer at the night clubs that he visited, Inspector Price rear-ended plaintiff's vehicle at the intersection of Downman Road and Chef Menteur Highway. *Id.* The accident damaged both vehicles. *Id.*

Inspector Price left the scene of the accident shortly after the collision without filing a formal police report or exchanging insurance information with Ms. Allen. Rec. Doc. No. 3, Exh. 2. But, he notified the New Orleans Police Department ("NOPD") later that day to report the accident. *Id.* The NOPD issued two citations to Inspector Price for violation of reasonable vigilance and for hit and run. Rec. Doc. No. 3, Exh. 1. The hit and run charge was reduced to leaving the scene of an accident, and in August 1995, Inspector Price pleaded guilty to both violations and paid the traffic fines. *Id.*

Two months later, K. D. Dell, USPS Inspector-In-Charge, New Orleans [*3] Division, issued a Notice of Proposed Adverse Action to Inspector Price. Rec. Doc. No. 3, Exh. 3. The proposed disciplinary action, a thirty (30) day suspension, was based upon two charges: (1) misusing the privilege of having an assigned Postal vehicle; and (2) conduct unbecoming a Postal Inspector. *Id.*

Inspector Price responded to the proposed disciplinary notice by writing to Recie Springfield, the Deputy Chief Postal Inspector, Office of the Chief Postal Inspector, Washington, D.C. In his letter, Inspector Price stated

EXHIBIT G

Case 2:05-cv-04182-SRD-JCW    Document 8602-7    Filed 10/23/07    Page 2 of 3

Page 2
1997 U.S. Dist. LEXIS 816, *

that "from day one I took full responsibility for the accident that occurred without prejudice." Rec. Doc. No. 3, Exh. 6. After considering the charges, the evidence of record, and Inspector Price's letter, James K. Belz, Acting Deputy Chief Inspector, Office of the Chief Postal Inspector, issued a letter of decision in April 1996 sustaining both disciplinary charges and upholding the 30-day suspension.[1] Rec. Doc. No. 3, Exh. 7. Inspector Belz found that Inspector Price had violated Title *5, Code of Federal Regulations, Part 2635.704(a)*, which prohibits use of government property for other than authorized purposes, as well as Section 156.11 of the Inspection [*4] Service Manual, which prohibits use of a governmental vehicle for personal use. As mandated by Title *31, United States Code, Section 1349(b)*, Inspector. Belz imposed the 30-day disciplinary suspension for willful misuse of a government vehicle. *Id.* Inspector Belz concluded that Inspector Price's excessive alcohol consumption and traffic accident exacerbated his misuse. *Id.*

> 1   Inspector Springfield retired in February 1996, and Inspector Belz was appointed the Acting Deputy Chief Postal Inspector.

Within one week, Inspector Price filed an administrative appeal with the Merit Systems Protection Board, alleging untimeliness and harmful procedural error. Rec. Doc. No. 3, Exh. 8. However, he stipulated that he was not contesting the charges set forth in the notice of proposed removal. Rec. Doc. No. 3, Exh. 10.

On May 17, 1996, Ms. Allen filed suit in the Civil District Court for the Parish of Orleans against Mr. Price, the United States Postal Service, and XYZ insurance company. Rec. Doc. No. 1. Ms. Allen [*5] also filed an administrative claim, which USPS received on May 20, 1996. Rec. Doc. No. 13 p. 2, n. 1.[2]

> 2   Ms. Allen's insurer, State Farm Mutual Insurance Company, intervened in this action in August 1996.

The USPS removed the matter to federal court shortly after service of suit. Rec. Doc. No. 1. Ms. Allen's administrative claim was formally denied on August 7, 1996. Rec. Doc. No. 13 p. 2, n. 1. Four months later, a preliminary default was entered against Zedrick Price for failure to appear in this proceeding. Rec. Doc. No. 17.

Now pending before the court are USPS's motion for summary judgment and plaintiff's motion to defer consideration of the summary judgment motion and/or to dismiss for failure to exhaust administrative remedies.

II. Discussion

Because plaintiff has challenged this Court's subject matter jurisdiction, the Court first addresses plaintiff's motion to defer consideration.

The Federal Tort Claims Act, *28 U.S.C. §§ 2671-2680*, requires administrative exhaustion of all tort claims against [*6] the United States prior to filing suit. See also *28 U.S.C. § 2401(b)*. Title *28, United States Code, Section 2675(a)* provides:

> An action shall not be instituted upon a claim against the United States for money damages or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate the Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

*28 U.S.C. § 2675(a)*. It is well-settled that this presentment requirement is jurisdictional. *Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995)* ("subject matter jurisdiction of the court is conditioned upon compliance with *28 U.S.C. § 2675(a)*"); *Houston v. United States Postal Service, 823 F.2d 896, 902 (5th Cir. 1987)* (the [*7] limitation periods are jurisdictional); *Goff v. United States, 659 F.2d 560, 561 (5th Cir. 1981)*; *Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981)* (filing suit within six months of administrative denial is a jurisdictional requirement); *Carr v. Veterans Administration, 522 F.2d 1355, 1357 (5th Cir. 1975)* (as a waiver of sovereign immunity, the six month filing requirement must be strictly followed); *Quinton v. United States, 304 F.2d 234, 242 (5th Cir. 1962)*.

The Fifth Circuit adheres to a strict interpretation of this jurisdictional requirement. In *Price v. United States*, the Circuit Court stated that "an action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *69 F.3d at 54*.

Here, plaintiff filed suit before the timely denial of her administrative claim and as a matter of law, the suit was untimely. The Fifth Circuit requires refiling to cure the subject matter jurisdiction problem. See *McNeil v.*

*United States, 964 F.2d 647, 648 (5th Cir. 1992)*; *United States v. Burzynski, 819 F.2d 1301, 1306-07 (5th Cir. 1987)*; *Reynolds v. United* **[*8]** *States, 748 F.2d 291, 292-93 (5th Cir. 1984)*.

Under the law, this Court lack subject matter jurisdiction over the instant action. Accordingly, plaintiff's motion to dismiss is granted. To the extent that plaintiff seeks a remand, the motion is moot as USPS is the only defendant remaining in the case. In addition, because the Court lacks subject matter jurisdiction, it does not reach USPS's summary judgment motion.

New Orleans, Louisiana, this 22nd day of January, 1997.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE