UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATE LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| | SECTION "K" (2) |
| PERTAINS TO:      LEVEE & MRGO | |

_____

**DECLARATION OF JOSEPH M. BRUNO IN SUPPORT OF THE MR-GO AND LEVEE PSLCS' JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 4, AS AMENDED, TO DEFER CLASS CERTIFCATION PROCEEDINGS**

I am the Court-appointed Plaintiffs' Liaison Counsel in the matter entitled In Re: Katrina Canal Breaches Consolidated Litigation ("Consolidated Litigation").  As such, I have personal knowledge of the matters set forth herein, except for those matters stated upon information and belief, and as to those matters, I am informed and believe them to be true.  If called as a witness, I could and would testify competently to the following:

1.      This Declaration is submitted in support of the MR-GO and Levee PSLCs' Joint Motion to Modify Case Management Order No. 4, as amended, To Defer Class Certification Proceedings.

2.      On March 1, 2007, the Court issued Case Management and Scheduling Order No. 4 ("CMO 4") in the Consolidated Litigation.  CMO 4, as amended, provides a schedule for the orderly progress and management of all pending litigation concerning the breaches of certain outfall levees in the City of New Orleans, breaches of floodwalls on either side of the Inner Harbor Navigation Channel ("IHNC"), and flooding caused by

the Mississippi River-Gulf Outlet ("MR-GO").  The parties have been proceeding diligently to comply with the case management deadlines.

   3. As part of CMO 4, the Court ordered the filing of a Master Consolidated Class Action Complaints by the Levee Group and the MR-GO group no later than March 15, 1007.  These consolidated lawsuits sought to incorporate all of the allegations in pending cases against the U.S. Army Corps of Engineers ("USACE") and other entities concerning the levees and the MR-GO, including any class action allegations.  The respective Court-appointed Levee and MR-GO Plaintiffs' Subgroup Litigation Committees ("PSLCs") filed Master Consolidated Class Action Complaints.

   4. Pursuant to CMO 4, the respective PSLCs filed Motions for Class Certification, opposition and reply memoranda have been filed, and discovery relevant to class certification has been conducted.  The Court heard motions to exclude experts on October 18, 2007.  The matter has now been fully briefed, and the hearing on class action certification is scheduled to commence before this Court on November 5, 2007.

   5. On September 18, 2007, the Court issued Case Management and Scheduling Order No. 5 ("CMO 5") with respect to seven claims involving a breakaway barge and the Industrial Canal ("Barge litigation").  The class sought to be certified is identical to the sub-class 6A sought to be certified by the MR-GO litigation.  Pursuant to CMO 5, Plaintiffs are required to file their Motion for Class Certification no later than October 30, 2007, and the hearing is currently scheduled for April 28, 2008 before this Court.

   6. In the Barge litigation, the Court has before it a Motion to Dismiss filed by the United States.  That motion seeks to dismiss the third-party complaint filed by

Defendant Lafarge for several reasons, including on the basis of the Flood Control Act of 1928, 33 U.S.C. Section 702c.  The Court has ordered that the hearing on this immunity claim be consolidated with the summary judgment hearing on the same issue scheduled for February 6, 2008 in *Robinson v. United States* (C.A. No. 06-2286).

      7. After conferring with various Plaintiffs' counsel, the MR-GO and Levee PSLCs concluded that in the interests of judicial economy, minimizing expense to the parties, efficient case management, and justice to the parties, it would be advisable to request that the Court modify the case management procedures and schedule in CMO 4 as follows:

      a. The pending motions for class action certification filed by the Levee and MR-GO Plaintiffs, currently scheduled for hearing on November 5, 2007, shall be taken off calendar without prejudice to renewal after, and the class action hearing deferred until, the Court hears and decides Trials on all 702(c) issues, including *Robinson v. United States* (C.A. No. 06-2286);

      b. Prior to the renewal of class action proceedings in the Levee, and MR-GO, litigation, the Court, upon request of the Plaintiffs, will schedule a case management conference.

      8. I have conferred with other counsel in the consolidated litigation. Defendants do oppose this Motion.

      9. Plaintiffs in various Class Action Petitions filed under the rubric "Levee" and "MR-GO" have alleged that the United States Army Corps of Engineers is liable to a proposed class(es) caused by flooding.  The United States of America asserts that it is immune from suit by virtue of <u>The Flood Control Act of 1928</u>, Sec. 702(c), which immunizes the government from any damages caused by flooding.  The United States Fifth Circuit Court

3

of Appeals in its <u>Graci v. United States</u>, 456 F. 2d 20 (5th Cir. 1971) ("Graci II") decision and the United States Supreme Court in <u>Central Green Co. V. United States,</u> 531 U.S. 425 (2001) have held quite clearly that 702(c) only applies if the basis for the claim is the design, construction, maintenance, or operation of a federally authorized flood control project. In all of the cases which discuss 702(c) immunity, there has been stipulation as to whether or not the Plaintiffs implicate a federal flood control project; and, there has never been any case which addresses the question of who has the burden of proof with regard to the assertion of immunity and there is no case which identifies what facts must be established in order to demonstrate the governments entitlement to an immunity.

On the attached map, (Exhibit "A")experts have identified all of the points through which water entered the Metropolitan New Orleans area where individuals who seek certification were damaged. The attached Exhibits "B" indicate each of the proposed geographic zones sought to be certified.

The issues which have never been addressed by any Court and which are placed at issue herein follow:

1) Whether the application of 702(c) is jurisdictional, and, if so, whether the Plaintiffs bear the burden of demonstrating that the immunity does not apply;

2) Whether the application of the immunity is a defense and, as such, whether the Defendant United States of Army Corps of Engineers has the burden of demonstrating its applicability;

4

3)  The factual underpinning required for the demonstration that the design, construction, maintenance, or operation of a federal flood control project is placed at issue;

4)  Whether 702 (c) applies in the face of facts which demonstrate that acts of the government performed pursuant to a non federal flood control project damaged a federal flood control project and thereby caused a water damage;

5)  Whether a Federal Flood Control Project can be placed at issue warranting the application of 702(c) if the Federal Flood Control Project performed as intended *i.e.* the Corps designed the levee/I-wall to fail if the surge exceeded the height of the levee/I-wall; and

6)  Whether a federal flood control project can be placed at issue, warranting the application of 702 (c) in the instance that the Untied States Army Corps of Engineers did not comply with the mandate of Congress, *i.e.* the Corps did not build what Congress mandated to be built, or the Corps did not complete what it mandated to be built.

The chart below will indicate by pathway location whether each of the issues described above are implicated or not.

| | Burden of Proof as to the applicability of 702 (c) | Whether a Federal Flood Control Project is implicated by plaintiffs | In the case that a Federal Flood Control Project is not implicated by plaintiffs the activity of the government alleged to have caused the damage to the Federal Flood Control Project | If a Federal Flood Control Project is implicated by defendants and was authorized by Congress whether the Flood Control Project performed as intended | If a Federal Flood Control Project is implicated by defendants whether or not the government has demonstrated that what is at issue is in fact a Congressional authorized Federal Flood Control Project | If a Federal Flood Control Project is implicated by defendants and was authorized by Congress whether the Corps complied with its mandate to build what it promised to Congress it would build | If a Federal Flood Control Project is implicated by the defendants and was authorized by Congress whether the Corps completed the project |
|---|---|---|---|---|---|---|---|
| 1 | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2a | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 2b | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 3 | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 4 | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 5a | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 5b | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 5c | Yes | No | MR-GO | Yes | Yes | Yes | Yes |
| 6a | Yes | No | MR-GO Lock Expansion Project | Yes | Yes | Yes | Yes |
| 6b | Yes | No | MR-GO Lock Expansion Project | Yes | Yes | Yes | Yes |
| 7 | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 8a | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 8b | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 9 | Yes | Yes | N/A | Yes | Yes | Yes | Yes |
| 10 | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 11a | Yes | Yes | N/A | Yes | Yes | Yes | Yes |
| 11b | Yes | Yes | N/A | Yes | Yes | Yes | Yes |
| 12a | Yes | No | Dredging Permit | Yes | Yes | Yes | No |

| | Burden of Proof as to the applicability of 702 (c) | Whether a Federal Flood Control Project is implicated by plaintiffs | In the case that a Federal Flood Control Project is not implicated by plaintiffs the activity of the government alleged to have caused the damage to the Federal Flood Control Project | If a Federal Flood Control Project is implicated by defendants and was authorized by Congress whether the Flood Control Project performed as intended | If a Federal Flood Control Project is implicated by defendants whether or not the government has demonstrated that what is at issue is in fact a Congressional authorized Federal Flood Control Project | If a Federal Flood Control Project is implicated by defendants and was authorized by Congress whether the Corps complied with its mandate to build what it promised to Congress it would build | If a Federal Flood Control Project is implicated by the defendants and was authorized by Congress whether the Corps completed the project |
|---|---|---|---|---|---|---|---|
| 12b | Yes | No | Dredging Permit | Yes | Yes | Yes | No |

10.     Based on the foregoing and the accompanying Memorandum in Support of The MR-GO and Levee PSLCs' Joint Motion to Modify Case Management Order No. 4, As Amended, To Defer Class Action Certification Proceedings, I respectfully request that the Court enter [Proposed] Case Management and Scheduling Order No. 6 which is attached to this Declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of October, 2007 in New Orleans, Louisiana.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
The Law Offices of Joseph M. Bruno,
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com