## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO.  05-4182 & Consol. Cases |
| PERTAINS TO: BARGE (Parfait Family, No. 07-3500) | |
| | SECTION "K" (2) JUDGE  DUVAL |
| | MAGISTRATE WILKINSON |

### ANSWER OF THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS TO THE CROSS-CLAIM OF LAFARGE NORTH AMERICA, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant-in-cross-claim, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, for answer to the Cross-Claim (Doc. 8060) filed by defendant, Lafarge North America, Inc. ("Lafarge"), respectfully avers as follows:

### FIRST DEFENSE

The Dock Board hereby incorporates by reference each and every exception, denial, defense, and response contained in any pleading previously filed on its behalf in these consolidated proceedings, as if set forth and copied herein in extenso.

## SECOND DEFENSE

This Honorable Court lacks subject matter jurisdiction over this Cross-Claim against the Dock Board under FRCP 12(b)(1).  The Dock Board is an agency of the State of Louisiana and, as such, the Eleventh Amendment to the U.S. Constitution bars any suit against it in federal court.    See also, La. R.S. §13:5106.  Claims against political subdivisions of the State of Louisiana may only be brought in the District Courts of the State of Louisiana with proper venue and without a jury.

## THIRD DEFENSE

The Cross-Claim against the Dock Board fails to state a claim upon which relief can be granted under FRCP 12(b)(6).

## FOURTH DEFENSE

**AND NOW**, answering each and every allegation contained in the Cross-Claim, the Dock Board responds as follows:

1.

The allegations contained in Article 1 of the Cross-Claim are denied.

2.

The allegations contained in Article 2 of the Cross-Claim, as they pertain to the Dock Board, are denied.   The remaining allegations contained in Article II of the Cross-Claim are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averment.

- 2 -

3.

The allegations contained in Article 3 of the Cross-Claim are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averment.

4.

Except to admit that cross-claim defendant, United States of America, was and is a sovereign government, the allegations contained in Article 4 of the Cross-Claim are denied.

5.

Except to admit that the Dock Board was and is a political subdivision of the State of Louisiana, and that the Dock Board has the rights and powers granted to it under Louisiana law, the allegations contained in Article 5 of the Cross-Claim are denied.

6.

The allegations contained in Article 6 of the Cross-Claim are denied.

7.

Except to admit that the SLFPA is a political subdivision of the State of Louisiana and that the Orleans Levee District was responsible for the maintenance and operation of levees, retaining walls (including I-walls), and various other hurricane protection structures and their connections in Orleans Parish, and particularly those along the IHNC, and that the Lake Borgne Basin Levee District was responsible for flood control and hurricane protection for the Parish of St. Bernard, including without limitation the maintenance and operation of certain MR-GO levees, Bayou Bienvenue floodgates and

- 3 -

related structures, 40 Arpent Canal levees and retaining walls, and related structures along the south side of the GICW, the allegations contained in Article 7 of the Cross-Claim are denied.

8.

Except to admit that the IHNC is a navigable waterway of the United States and that it is described in the United States Coast Pilot 5 as a deepwater connection between the Mississippi River and Lake Pontchartrain, a distance of about 5.8 miles, the allegations contained in Article 8 of the Cross-Claim are denied.

9.

Except to admit that the GICW is a navigable waterway of the United States, the allegations contained in Article 9 of the Cross-Claim are denied.

10.

Except to admit that the MR-GO was designed and constructed and is maintained by the USCOE, and that the MR-GO provides a more direct deep draft navigation route to the New Orleans Inner Harbor, the allegations contained in Article 10 of the Cross-Claim are denied.

11.

The allegations contained in Article 11 of the Cross-Claim are admitted.

12.

The allegations contained in Article 12 of the Cross-Claim are denied.

13.

The allegations contained in Article 13 of the Cross-Claim are denied.

- 4 -

14.

The allegations contained in Article 14 of the Cross-Claim are denied.

15.

The allegations contained in Article 15 of the Cross-Claim are denied.

16.

The allegations contained in Article 16 of the Cross-Claim are denied.

17.

The allegations contained in Article 17 of the Cross-Claim are denied.

18.

The allegations contained in Article 18 of the Cross-Claim are denied.

19.

The allegations contained in Article 19 of the Cross-Claim are denied.

20.

The allegations contained in Article 20 of the Cross-Claim are denied.

21.

The allegations contained in Article 21 of the Cross-Claim are denied.

22.

The allegations contained in Article 22 of the Cross-Claim are denied.

23.

The allegations contained in Article 23 of the Cross-Claim are denied.

24.

The allegations contained in Article 24 of the Cross-Claim are denied.

25.

The allegations contained in Article 25 of the Cross-Claim are denied.

26.

The allegations contained in Article 26 of the Cross-Claim are denied.

27.

The allegations contained in Article 27 of the Cross-Claim are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averment.

28.

The allegations contained in Article 28 of the Cross-Claim are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averment.

29.

The allegations contained in Article 29 of the Cross-Claim are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averment.

30.

The allegations contained in Article 30 of the Cross-Claim are denied.

31.

The allegations contained in Article 31 of the Cross-Claim are denied.

32.

The allegations contained in Article 32 of the Cross-Claim are denied.

33.

The allegations contained in Article 33 of the Cross-Claim are denied.

34.

The allegations contained in Article 34 of the Cross-Claim are denied.

35.

The allegations contained in Article 35 of the Cross-Claim are denied.

36.

The allegations contained in Article 36 of the Cross-Claim are denied.

37.

The Dock Board hereby incorporates by reference and reasserts its responses to the allegations set forth in Paragraphs 1 to 36 of the Cross-Claim in response to the allegations contained in Article 37 of the Cross-Claim.

38.

The allegations contained in Article 38 of the Cross-Claim are denied.

39.

The allegations contained in Article 39 of the Cross-Claim are denied.

40.

The allegations contained in Article 40 of the Cross-Claim are denied.

41.

The allegations contained in Article 41 of the Cross-Claim are denied.

42.

The allegations contained in Article 42 of the Cross-Claim are denied.

43.

The allegations contained in Article 43 of the Cross-Claim are denied.

44.

The allegations contained in Article 44 of the Cross-Claim are denied.

45.

The allegations contained in Article 45 of the Cross-Claim are denied.

46.

The allegations contained in Article 46 of the Cross-Claim are denied.

47.

The allegations contained in Article 47 of the Cross-Claim are denied.

48.

The allegations contained in Article 48 of the Cross-Claim are denied.

49.

The allegations contained in Article 49 of the Cross-Claim are denied.

50.

The allegations contained in Article 50 of the Cross-Claim are denied.

51.

The Dock Board hereby incorporates by reference and reasserts its responses to the allegations set forth in Paragraphs 1 to 50 of the Cross-Claim in response to the allegations contained in Article 51 of the Cross-Claim.

52.

The allegations contained in Article 52 of the Cross-Claim are denied.

53.

The allegations contained in Article 53 of the Cross-Claim are denied.

54.

The allegations contained in Article 54 of the Cross-Claim are denied.

55.

The allegations contained in Article 55 of the Cross-Claim are denied.

56.

The allegations contained in Article 56 of the Cross-Claim are denied.

57.

The allegations contained in Article 57 of the Cross-Claim are denied.

58.

The Dock Board hereby incorporates by reference and reasserts its responses to the allegations set forth in Paragraphs 1 to 57 of the Cross-Claim in response to the allegations contained in Article 58 of the Cross-Claim.

59.

The allegations in Article 59 of the Cross-Claim are denied.

60.

The allegations in Article 60 of the Cross-Claim are denied.

61.

The allegations in Article 61 of the Cross-Claim are denied.

62.

The allegations in Article 62 of the Cross-Claim are denied.

63.

The allegations in Article 63 of the Cross-Claim are denied.

64.

The allegations in Article 64 of the Cross-Claim are denied.

65.

The allegations in Article 65 of the Cross-Claim are denied.

66.

The Dock Board hereby incorporates by reference and reasserts its responses to the allegations set forth in Paragraphs 1 to 65 of the Cross-Claim in response to the allegations contained in Article 66 of the Cross-Claim.

67.

Except to admit that the SLFPA is a political subdivision of the State of Louisiana and that the Orleans Levee District was responsible for the maintenance and operation of levees, retaining walls (including I-walls) and various other hurricane protection structures and their connections in Orleans Parish, and particularly those along the IHNC, and that the Lake Borgne Basin Levee District was responsible for flood control and hurricane protection for the Parish of St. Bernard, including without limitation the maintenance and operation of certain MR-GO levees, Bayou Bienvenue floodgates and related structures, 40 Arpent Canal levees and retaining walls, and related structures along the south side of the GICW, the allegations in Article 67 of the Cross-Claim are denied.

68.

The allegations in Article 68 of the Cross-Claim are denied.

69.

The allegations in Article 69 of the Cross-Claim are denied.

70.

The allegations in Article 70 of the Cross-Claim are denied.

71.

The allegations in Article 71 of the Cross-Claim are denied.

72.

The allegations in Article 72 of the Cross-Claim are denied.

73.

The allegations in Article 73 of the Cross-Claim are denied.

74.

The Dock Board hereby incorporates by reference and reasserts its responses to the allegations set forth in Paragraphs 1 to 73 of the Cross-Claim in response to the allegations contained in Article 74 of the Cross-Claim.

75.

The allegations in Article 75 of the Cross-Claim are denied.

76.

The allegations in Article 76 of the Cross-Claim are denied.

77.

The allegations in Article 77 of the Cross-Claim are denied.

78.

The allegations in Article 78 of the Cross-Claim are denied.

79.

The allegations in Article 79 of the Cross-Claim are denied.

## FIFTH DEFENSE

**FURTHER ANSWERING**, to the extent that Lafarge or the original plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were proximately and legally the result of superseding and intervening occurrences, acts, fault, want of care, negligence, contributory negligence, comparative negligence, or strict liability of Lafarge or the original plaintiffs and/or other persons or entities over whom or conditions over which the Dock Board has no responsibility.

## SIXTH DEFENSE

**FURTHER ANSWERING**, to the extent that Lafarge or the original plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were not caused or contributed to by any fault or neglect on the part of the Dock Board or on the part of anyone for whom the Dock Board may be responsible.

## SEVENTH DEFENSE

**FURTHER ANSWERING**, to the extent that Lafarge or the original plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were caused solely by an Act of God or force majeure, namely Hurricane Katrina, for which the Dock Board is not liable.

## EIGHTH DEFENSE

**FURTHER ANSWERING,** to the extent that Lafarge or the original plaintiffs seek the recovery of nonpecuniary damages from the Dock Board, such damages are not an available remedy.

## NINTH DEFENSE

**FURTHER ANSWERING,** the claims of Lafarge against the Dock Board are barred by laches, prescription, or by running of the applicable statute of limitations.

## TENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board invokes the discretionary immunity provided for in La. R.S. §9:2798.1(B).

## ELEVENTH DEFENSE

**FURTHER ANSWERING,** to the extent that the Dock Board is found liable to Lafarge or the original plaintiffs for any damages, which is specifically denied, then the Dock Board's liability for any such damages is limited by the provisions of La. R.S. §13:5106.

## TWELFTH DEFENSE

**FURTHER ANSWERING,** Lafarge or the original plaintiffs have failed to mitigate their alleged damages.

## THIRTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board specifically invokes all of the defenses and immunities provided for in La. R.S. §9:2800, specifically including, but not limited to, La. R.S. §9:2800 (H).

- 13 -

## FOURTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board avers that all damages as alleged by Lafarge or the original plaintiffs were caused by risks known and consciously assumed by them and for which they can have no recovery.

## FIFTEENTH DEFENSE

**FURTHER ANSWERING,** the claims of Lafarge and the original plaintiffs are preempted and governed by Federal law, which provides complete and absolute immunity in favor of the Dock Board for all claims asserted herein.

## SIXTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board owed no duty to Lafarge or to the original plaintiffs in this action.

## SEVENTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board has no duties or responsibilities with regard to flood control, and no duties or responsibilities with regard to the maintenance of the levees, floodwalls, and floodgates associated with the IHNC (Industrial Canal).

## EIGHTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board does not own, and does not have care, custody, control, or garde of, any of the levees, floodwalls, floodgates, or other flood control devices associated with the IHNC (Industrial Canal).

**WHEREFORE,** the Dock Board prays that its Answer to the Cross-Claim be deemed good and sufficient, and that after due proceedings are had there be judgment

herein in favor of the Dock Board and against Lafarge, dismissing the Cross-Claim, with prejudice, at the cost of Lafarge.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY:   /s/ Kirk N. Aurandt
        J. FREDRICK KESSENICH (7354)
        JONATHAN H. SANDOZ (23928)
        MICHAEL W. MCMAHON (23987)
        JON A. VAN STEENIS (27122)
        KIRK N. AURANDT (25336)
        P. O. Box 5350
        Covington, Louisiana 70434-5350
        Telephone: 985/871-0800
        Facsimile:   985/871-0899
        Attorneys for Board of Commissioners
        of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 24th day of October, 2007.

/s/ Kirk N. Aurandt
KIRK N. AURANDT

- 15 -