UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * * * * | CIVIL ACTION NO: 05-4182 |
| | | SECTION: "K"(2) |
| | | JUDGE: STANWOOD R. DUVAL, JR. |
| PERTAINS TO: LEVEE (2:07-cv-06256) | | MAGISTRATE JUDGE: JOSEPH C. WILKINSON, JR. |

### LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

Liberty Mutual Fire Insurance Company, improperly referred to as Liberty Mutual Insurance Company ("Liberty Mutual"), responds to and answers plaintiff's Petition as follows:

**A.**

**AFFIRMATIVE DEFENSES**

I.

Plaintiff has been fully compensated for all covered losses under her homeowner's policy.

95920

II.

Plaintiff's claims are barred, in whole or in part, because her policy specifically excludes coverage for loss caused by, *inter alia*, water damage, meaning, "flood, surface water, waves, tidal water, overflow of body of water, or spray from any of these, whether or not driven by wind."

III.

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate.

IV.

Plaintiff's claims are barred, in whole or in part, because her policy specifically excludes coverage for loss caused by, *inter alia*, weather conditions that "contribute in any way with a cause or event excluded" to produce a loss.

V.

Plaintiff's claims are barred, in whole or in part, because her policy specifically excludes coverage for loss caused by, *inter alia*, faulty, inadequate, or defective planning, construction or maintenance of property "whether on or off the residence premises."

VI.

If plaintiff suffered any damages, as alleged, such damages were caused, in whole or in part, by the actions or inactions of third parties, for which Liberty Mutual is not liable.

VII.

Plaintiff's claims, or some of them, are preempted or barred, in whole or in part, by the National Flood Insurance Program (42 U.S.C. § 4001).

95920

VIII.

Plaintiff's claims are barred, in whole or in part, by other provisions, terms, conditions, and/or exclusions contained in her Liberty Mutual policy.

IX.

Liberty Mutual adopts all terms, conditions, exclusions, and endorsements of its homeowner's policy issued to the plaintiff as a defense to plaintiff's claims.

X.

Plaintiff's claims may be barred under the doctrine of estoppel and/or waiver.

XI.

Plaintiff's Petition fails to set forth any claim upon which relief may be granted by this Honorable Court.

XII.

Liberty Mutual states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to plaintiff's Petition.

**B.**

**ANSWER**

**AND NOW**, responding to the specific allegations of plaintiff's Petition, Liberty Mutual further states the following:

Liberty Mutual denies the allegations of the Introductory Paragraph of plaintiff's Petition for lack of information sufficient to justify a belief therein.

95920

1.

Liberty Mutual admits the allegations of Paragraph 1 of the Petition except that Liberty Mutual denies that plaintiff's homeowner's policy was issued by Liberty Mutual Insurance Company. Plaintiff's homeowner's policy instead was issued by Liberty Mutual Fire Insurance Company, which is licensed to do business in the State of Louisiana.

2.

Liberty Mutual denies the allegation in the first sentence of Paragraph 2 of the Petition for lack of information sufficient to justify a belief therein. Liberty Mutual admits the allegation in the second sentence of Paragraph 2 of the Petition.

3.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph 3 of the Petition. Liberty Mutual admits that Hurricane Katrina caused some property damage and loss to plaintiff's property, for which Liberty Mutual compensated the plaintiff to the extent covered by her Liberty Mutual policy. Liberty Mutual denies the allegation's characterization of the loss as severe.

4.

Liberty Mutual admits the allegations in Paragraph 4 of the Petition.

5.

Liberty Mutual denies the allegations in Paragraph 5 of the Petition.

6.

Liberty Mutual denies the allegations in Paragraph 6 of the Petition.

7.

Liberty Mutual denies the allegations in Paragraph 7 of the Petition.

95920

8.

Liberty Mutual denies the allegations in Paragraph 8 of the Petition for lack of information sufficient to justify belief therein.

Liberty Mutual further denies the allegations in the "Wherefore" Paragraph of the Petition.

**WHEREFORE**, Defendant, Liberty Mutual Fire Insurance Company, prays that its Answer and Affirmative Defenses to plaintiff's Petition be deemed good and sufficient, and that after due proceedings, this Court render judgment in its favor with all costs and fees assessed against plaintiff.

Respectfully Submitted,

/s/ H. Minor Pipes, III
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorney for Liberty Mutual Fire Insurance Company*

95920

## **C E R T I F I C A T E**

I hereby certify that on October 25, 2007, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and to plaintiff Vera Schmit by placing same in the United States mail, postage prepaid and properly addressed this 25th day of October, 2007.

/s/ H. Minor Pipes, III

95920