UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | KATRINA CANAL BREACHES | * | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | | * | JUDGE Duval |
| | | * | MAG. WILKINSON |
| _____ | | * | |
| | | * | |
| PERTAINS TO: | | * | |
| | | * | |
| LEVEE | (07-4837 Albano, et al) | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | | |

## ANSWER

Defendant, Virginia Wrecking Company, Inc., answers the Complaint of plaintiffs Gail Albano, et al, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant upon which relief may be granted.

### SECOND DEFENSE

And now answering the specific allegations of the Complaint, defendant avers:

1.

The allegations of Paragraph 1 of the Complaint are denied.

1

2.

The allegations of Paragraph 2 of the Complaint are denied.

3.

The allegations of Paragraph 3 of the Complaint are denied.

4.

The allegations of Paragraph 4 of the Complaint do not require an answer of this Defendant, but out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Complaint are denied.

6.

The allegations of Paragraph 6 of the Complaint do not require an answer of this Defendant, but out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint do not require an answer of this Defendant, but out of an abundance of caution are denied except to admit that defendant, Virginia Wrecking Co., Inc. is a non-Louisiana corporation with its domicile in Alabama.

9.

The allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 of the Complaint are denied for lack of sufficient

information to justify a belief therein.

18.

The allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 of the Complaint are denied for lack of sufficient

information to justify a belief therein.

33.

The allegations of Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 42 of the Complaint are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 of the Complaint are denied.

45.

The allegations of Paragraph 45 of the Complaint are denied.

46.

The allegations of Paragraph 46 of the Complaint are denied.

47.

The allegations of Paragraph 47 of the Complaint do not require an answer of this Defendant, but out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

### THIRD DEFENSE

Alternatively, defendant avers that any work by defendant was done in accordance with plans or specifications furnished to defendant and it has no liability pursuant to Louisiana R.S. 9:2771.

### FOURTH DEFENSE

Alternatively, any work done by defendant was done under the supervision and/or direction and/or control of the U.S. Army Corps. of Engineers and defendant is thereby immune from suit and from tort liability.

### FIFTH DEFENSE

Alternatively, any work done by defendant was done in accordance with plans or specifications furnished by the U.S. Army Corps. of Engineers and defendant has no liability pursuant to Louisiana R.S. 9:2771.

### SIXTH DEFENSE

Alternatively, defendant avers that any work done by defendant was not done where any break of any levee/flood wall occurred or where any failure of any levee/flood wall occurred.

### SEVENTH DEFENSE

Alternatively, defendant avers that it has no liability for any subcontractors as defendant is not vicariously liable or liable under the doctrine of *respondeat superior* for subcontractors.

### EIGHTH DEFENSE

Alternative, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of the fault or negligence of others for whom this defendant is

not liable or responsible, including, but not limited to, the City of New Orleans, the United States Government, the U.S. Army Corps. of Engineers, the Levee Boards, the architects or engineers who designed the levees/flood walls, and others.

### NINTH DEFENSE

Alternatively, plaintiffs' claims are barred by Louisiana R.S. 9:2772.

### TENTH DEFENSE

Alternatively, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of an act of nature, namely, Hurricane Katrina, for which this defendant is not responsible or liable.

### ELEVENTH DEFENSE

Alternatively, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of an act of nature, namely, Hurricane Katrina, for which this defendant is not responsible or liable.

### TWELFTH DEFENSE

Any work done by Virginia Wrecking Company was done under the supervision and/or direction and/or control of the U. S. Army Corps of Engineers, and Virginia Wrecking is thereby immune from suit and from tort liability in accordance with the government contractor's defense recognized in ***Boyle v. United Technologies Corp.,*** 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 442 (1988) and ***Hercules v. U.S.,*** 516 U.S. 417, 116 S. Ct. 981, 134 L. Ed. 2nd 47 (1996).

### THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

FOURTEENTH DEFENSE

Plaintiffs cannot prove that any action by Virginia Wrecking Company was the cause in fact of the harm they allegedly suffered or that it was a proximate cause or substantial factor in the harm or that Virginia Wrecking Company owed a duty to the plaintiffs encompassed by the risks that plaintiffs would suffer the alleged harm.

27

Defendant desires trial by jury.

WHEREFORE, defendant, Virginia Wrecking Co., Inc., prays that there be judgment in its favor and against the plaintiffs, dismissing their suit, at their costs, and with full prejudice. Defendant further prays for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

/s/ Wade A. Langlois, III
THOMAS L. GAUDRY, JR., T.A. (#5980)
WADE A. LANGLOIS, III (#17681)
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
Email: wlanglois@grhg.net
Counsel for Defendant, Virginia Wrecking Company, Inc.

THOMAS W. DARLING (#23020)
2223 Quail Run Drive, C-2
Baton Rouge, LA 70808
Phone: (225)663-6101  Fax: (225)663-6102
Email: tdarling@grhg.net
Counsel for Defendant, Virginia Wrecking Company, Inc.

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the __25th__ day of __October__, 2007 a copy of the above and foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system, and that a copy has been served upon all counsel of record by electronic transmittal and/or by United States Mail, postage prepaid and properly addressed.

                                                      __/s/ Wade A. Langlois, III__
                                                      WADE A. LANGLOIS, III, LSBA #17681

G:\0262\1692\Pleadings\ALBANO\Answer.wpd