UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>* | CIVIL ACTION NO.:  05-4182 |
| PERTAINS TO: INSURANCE | *<br>* | JUDGE:  DUVAL "K" |
| Midland, C.A. No. 07-4869 | *<br>* | MAGISTRATE:  WILKINSON (2) |

* * * * * * * * * * * * * * * * * * * * * * * * *

## **LIBERTY MUTUAL'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company in its capacity as a Write Your Own ("WYO") carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq*) (hereinafter jointly referred to as "Liberty Mutual"), respond to and answer plaintiff's Complaint as follows:

### A.
### **AFFIRMATIVE DEFENSES**
### I.

Plaintiff fails to state a claim upon which relief can be granted

94262

II.

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate, minimize, or avoid the damages and losses alleged.

III.

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands

IV.

Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Liberty Mutual's homeowners policy as set forth in the policy, and any policy issued by Liberty Mutual is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extenso*. Answering further, upon information and belief no flood insurance claim was made under the Standard Flood Insurance Policy at issue.

V.

Each person insured under the policies referred to in Exhibit A attached to Plaintiff's Complaint is responsible for reading their policy, as well as any renewal notices, and they are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law. The Standard Flood Insurance Policy is itself a codified federal law found at 44 C.F.R. Part 61, Appendix A(1).

VI.

Plaintiff's claims are subject to credit for any payments received from Liberty Mutual under any policy of insurance, or for any payments under any other policy of insurance. Defendant also asserts the "other insurance" clause of the Standard Flood Insurance Policy as a defense.

VII.

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off. Plaintiff's claims are also barred in whole, or in part, by its own judicial admissions.

VIII.

Liberty Mutual adopts all terms, conditions, exclusions, and endorsements of its policies referred to in Exhibit A attached to Plaintiff's Complaint as a defense to plaintiff's claims, including but not limited to the flood exclusion, earth movement exclusion, insured's failure to mitigate, code enforcement exclusion, collapse exclusion, wear and tear exclusion, weather condition exclusion, mold exclusion, and negligent design exclusion.

IX.

Plaintiff's claims are barred, in whole or in part, by other provisions, terms, conditions, and/or exclusions contained in the Liberty Mutual policies referred to in Exhibit A attached to Plaintiff's Complaint.

X.

To the extent that Plaintiff has previously agreed to fully compromise or resolve its claim, whether with Liberty Mutual or with a third party, Plaintiff's action is barred by release and/or the doctrine of accord and satisfaction.

XI.

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been fully compensated through payment of the claims under each policy referred to in the Complaint.

XII.

Plaintiff's recovery, if any, under the policies listed in Exhibit A attached to the Complaint is limited to the applicable policy limits reflected on the declarations page of each of those policies.

XIII.

To the extent the Plaintiff has suffered damage, it was caused by third parties and not by Liberty Mutual. Liberty Mutual is not liable for such damage.

XIV.

Plaintiff's claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

XV.

To the extent that Liberty Mutual's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Liberty Mutual liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

XVI.

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff and the property owners insured under the policies listed in Exhibit A attached to Plaintiff's Complaint.

XVII.

The policies referred to in Exhibit A attached to Plaintiff's Complaint contain provisions requiring assistance and cooperation on behalf of the insured. To the extent that the insured breached these provisions, any alleged coverage is precluded under the Liberty Mutual policy or policies, and the policy or policies are pleaded herein as if copied in full.

XVIII.

Liberty Mutual is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of the property owners insured under the policies referred to in Exhibit A, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

XIX.

Liberty Mutual avers all applicable federal and state prescriptive and/or preemptive statutory time limitations as a bar to any recovery of Plaintiff herein.

XX.

Liberty Mutual has detrimentally relied on prior approval of its homeowners policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

XXI.

The comparative fault and/or negligence of Plaintiff, including the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiff's recovery herein.

XXII.

Liberty Mutual contends that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Liberty Mutual, which is specifically denied, then Liberty Mutual avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

XXIII.

Liberty Mutual denies that it breached its contractual or statutory duties to Plaintiff; however, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

XXIV.

Liberty Mutual owes no damages to the individuals insured under the policies referred to in Exhibit A attached to Plaintiff's Complaint, to the extent that those individuals have violated and consequently voided coverages that might have been afforded by virtue of the following:

    a.    Refusing or failing to provide satisfactory proof of loss;

    b.    Refusing to provide information that has been specifically requested;

    c.    Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

    d.    Any other circumstances discovered between now and the trial of this matter.

XXV.

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

XXVI

Plaintiff has failed to state facts sufficient to give rise to a claim against Liberty Mutual for punitive damages.

XXVII.

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

XXVIII.

To the extent that the policies referred to in Exhibit A attached to Plaintiff's Complaint contained a Hurricane Deductible, Plaintiff's claims are subject to the application of the Hurricane Deductible as set forth in the policy.

XXIX.

Plaintiff's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Liberty Mutual, or anyone acting on Liberty Mutual's behalf, to Plaintiff upon which Plaintiff could have reasonably or justifiably relied.

XXX.

Liberty Mutual owed no fiduciary duty to Plaintiff.

XXXI.

Liberty Mutual gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

XXXII.

Defendant asserts that no claim was presented under the Standard Flood Insurance Policy by the Plaintiff or the other named insured under that policy within the one-year limit as allowed by the extension granted by the Federal Insurance Administrator for either date of loss. As such, if there was a flood loss that qualifies for coverage under the SFIP (which is denied), there was a breach of the contract and a complete failure to comply with Article VII(J) of the Standard Flood Insurance Policy and the extension from the Administrator – no notice of loss was given, no documentation was submitted, no Proof of Loss was submitted. As such, the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution, and the separation of powers doctrine prohibit the awarding of any U.S. Treasury funds to the Plaintiff in a manner not sanctioned by federal law.

XXXIII.

All named insureds under the Standard Flood Insurance Policy ("SFIP") at issue must be included as a named payee on the check as per the terms of the policy. See SFIP Article VII(M) and (Q), and the definition of "you" in Article II(A) of the SFIP.. Nothing has been presented to "cut off" the rights of the homeowner to be included as a payee. The Defendant and the court must strictly construe and enforce the terms and conditions of the SFIP.

XXXIV.

All policies of flood insurance issued by the Defendant are SFIPs. All monies paid under a claim under a SFIP are U.S. Treasury funds, not the funds of the Defendant.

XXXV.

Plaintiff and /or the non-named homeowner(s) that are also insureds under the SFIP breached the terms of the contract (and failed to comply with the terms and conditions of the SFIP and the extension granted by the Federal Insurance Administrator for presenting claims) if there was a flood loss and the terms of Article VII(J) of the SFIP was not complied with by either the Plaintiff or the homeowner(s).

XXXVI.

No checks were issued under the Standard Flood Insurance Policy at issue as no flood claim was presented for either date of loss at issue.

XXXVII.

The SFIP is not a valued policy as per Article II of the SFIP.

XXXVIII.

No part, provision or requirement of the SFIP can be waived by the Defendant, only by the Federal Insurance Administrator. See 44 C.F.R. 61.13(d) and Article VII(D) of the SFIP itself. As Plaintiff and the homeowner(s) failed to comply with "all" the terms and conditions of the SFIP, plaintiff has no right to sue under Article VII(R) of the SFIP.

XXXIX.

Out of an abundance of caution, Defendant pleads all the terms and conditions of the SFIP as a defense, including but not limited to Article I; Article III, Coverages A, B, C and D;

Article IV;  Article V, including but not limited to subparts A, C, and D;  Article VII(B), (C), (D), (J), (K), (M), (Q), (R), (S), (V); and Article IX of the SFIP.

XL.

Only federal law, not state law, governs the SFIP, claims and claims handling.  State law and state law based claims are completely preempted and barred by federal Constitutional, Statutory and Regulatory law with regard to the SFIP at issue.

XLI.

Out of an abundance of caution, and because Defendant does not know the basis of this claim, Defendant asserts that there was no "direct physical loss by or from flood" as insured against under the SFIP, and that Plaintiff has no right of action, no cause of action, and no standing to sue the Defendant.

XLII.

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R) and 28 U.S.C. §1391. Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §1331, 1332 and 1337. Jurisdiction over any state law claims exists pursuant to 28 U.S.C. §1367.

XLIII.

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of

property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

### XLIV.

Plaintiffs did not rely on any alleged misrepresentations of either Defendant or anyone for whom Defendant might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

### XLV.

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

### XLVI.

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.,* 1994 WL 905630 (S.D. Fla. 1994), Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid

to the Plaintiffs under their SFIP, and that the Defendant thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

## XLVII.

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

## XLVIII.

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## XLIX.

If these Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). Defendant affirmatively asserts that the

Plaintiffs do not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

L.

By statute, the Defendant is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

LI.

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). A court does not have this power. Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

LII.

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of

FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

LIII.

Some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

LIV.

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

LV.

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

LVI.

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

## LVII.

If Plaintiffs' lawsuit was not filed in federal court within 12 months of the date of any letter from the Defendant to the Plaintiffs denying all or any part of the Plaintiffs' claim for benefits under the SFIP, then this lawsuit is time-barred. To the extent federal time limitations are not applicable, Defendant asserts all available prescriptive and preemptive statutes of limitation, whether general or specific.

## LVIII.

Defendant asserts the failure 31 U.S.C. §3727 as a defense with regard to the SFIP claims at issue.

## LIX.

There can be no double recovery by Plaintiffs, and Plaintiffs may not profit from an insurance claim, nor may they recover unless there has been damage. The SFIP does not cover lost market value or a reduction in value of the property as being a compensable loss.

## LX.

Liberty Mutual gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## B.
## ANSWER

**AND NOW**, responding to the specific allegations of plaintiff's Complaint, Liberty Mutual further states the following:

Liberty Mutual denies the allegations of the Introductory Paragraph of plaintiff's Complaint for lack of information sufficient to justify a belief therein.

I.

Liberty Mutual denies the allegations of Paragraph I of the Complaint, except to admit that it is a foreign insurer.

II.

Liberty Mutual admits the allegations of Paragraph II of the Complaint.

III.

Liberty Mutual denies the allegations of Paragraph III of the Complaint for lack of information sufficient to justify a belief therein.

IV.

Liberty Mutual denies the allegations of Paragraph IV of the Complaint for lack of information sufficient to justify a belief therein.

V.

Liberty Mutual denies the allegations of Paragraph V of the Complaint for lack of information sufficient to justify a belief therein, and state that the insurance policies speak for themselves. Answering further, the private contract between the Plaintiff and the homeowner(s) for the property at issue cannot modify or change the SFIP or the rights and obligations thereunder. The SFIP's terms and conditions are the best evidence of its provisions.

VI.

Liberty Mutual denies the allegations of Paragraph VI of the Complaint as written, but admits that Hurricane Katrina caused damage to Louisiana and Mississippi.

VII.

Liberty Mutual denies the allegations of Paragraph VII of the Complaint as written, but admits that Hurricane Rita caused damage to Louisiana and Texas.

VIII.

Liberty Mutual denies the allegations of Paragraph VIII of the Complaint as written, and states that any Liberty Mutual policy referred to speaks for itself.

IX.

Liberty Mutual denies the allegations of Paragraph IX of the Complaint as written, and states that the Liberty Mutual policy speaks for itself.

X.

Liberty Mutual denies the allegations of Paragraph X of the Complaint for lack of information sufficient to justify a belief therein.

XI.

Liberty Mutual denies the allegations of Paragraph XI of the Complaint as written and states that the policy speaks for itself.

XII.

Liberty Mutual denies the allegations of Paragraph XII of the Complaint.

XIII.

Liberty Mutual denies the allegations of Paragraph XIII of the Complaint.

XIV.

Liberty Mutual denies the allegations of Paragraph XIV of the Complaint, which is incorrectly number Paragraph XIX in the Complaint.


Liberty Mutual further denies the allegations in the Paragraph entitled "Prayer for Relief"; Plaintiff is not entitled to the relief sought.

**WHEREFORE**, Defendant, Liberty Mutual, prays that its Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient, and that after due proceedings, this Court render judgment in its favor, with all costs and fees assessed against Plaintiff.

Respectfully submitted:

/s/ _Edward R. Wicker_
H. Minor Pipes, III, 24603
Edward R. Wicker, Jr., 27138
      Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
LL&E Tower, Suite 2400
909 Poydras Street
New Orleans, Louisiana 70112
Telephone (504) 589-9700
Facsimile (504) 589-9701
mpipes@barrassousdin.com

*Attorneys for Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company*

And

/s/  Thomas C. Pennebaker
Thomas C. Pennebaker, LA. S.B. 24597
Gerald J. Nielsen, LA. S.B. 17078
NIELSEN LAW FIRM, LLC
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
Phone: (504) 837-2500
Fax: (504) 832-9165
Email:  tpennebaker@nielsenlawfirm.com
            GJNielsen@aol.com

*Attorneys for Liberty Mutual Insurance Company*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Answer and Additional Defenses has been served upon plaintiff's counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this 25th day of October, 2007.

                                                               /s/   *Edward R. Wicker*