UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * | CIVIL ACTION NO.:  05-4182 |
| PERTAINS TO: INSURANCE | * * | JUDGE:  DUVAL "K" |
| Midland, C.A. No. 07-4855 | * * | MAGISTRATE:  WILKINSON (2) |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

## ANSWER AND ADDITIONAL DEFENSES

Defendant, Allstate Insurance Company ("Allstate") in its capacity as the issuer of homeowner's policies of insurance ("wind" policies), and in its separate capacity as a Write Your Own ("WYO") Carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*), hereby responds to and answers Plaintiff's Complaint.

### A.

### ADDITIONAL DEFENSES

#### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

Plaintiff's claims are barred by its failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy, and the Standard Flood Insurance Policies ("SFIP") at issue.  Any policy issued by Allstate is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extenso,* and the SFIP is itself a codified federal law found at 44 C.F.R. Part 61, Appendix A(1).

## FIFTH DEFENSE

Each person insured under the policies referred to in Exhibit A attached to Plaintiff's Complaint is responsible for reading their policy, as well as any renewal notices, and they are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law.  All persons are charged with knowledge of the published federal laws, rules and regulations.

## SIXTH DEFENSE

Plaintiff's claims are subject to credit for any payments received from Allstate under any policy of insurance, from any grants for any of the damages at issue or from any other source for any of the damages at issue.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiff's claims are also barred in whole, or in part, by its own judicial admissions.

## EIGHTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "(1)  [f]lood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.  (2)  Water or any other substance that backs up through sewers or drains.  (3)  Water or any other substance that overflows from a sump pump, sump pump well or other system designed for removal of subsurface water which is drained from a foundation area of a structure.  (4)  Water or any other substance on or below the surface of the ground, regardless of its source.  This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises."  This provision has been held by the Fifth Circuit Court of Appeals to clearly and unambiguously exclude loss caused by flooding or levee breach.  *In re Katrina Canal Breaches Litig.*, No. 07-30119, 2007 U.S. App. LEXIS 18349 (5th Cir. Aug. 2, 2007).

## NINTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "[e]arth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water."

## TENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "[e]nforcement of any building codes,

ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure or land at the residence premises."

## ELEVENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

## TWELFTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "[c]ollapse, except as specifically provided in Section I—Additional Protection under item 11, 'Collapse.'"

## THIRTEENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "(a)  wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b)  mechanical breakdown; . . .  (d)  rust or other corrosion; (e)  contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; . . .  (g)  settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

## FOURTEENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss."

## FIFTEENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "[m]old, fungus, wet rot or dry rot. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot. This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge . . . ."

## SIXTEENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "faulty, inadequate or defective: (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials used in repair, construction, renovation or remodeling; or (d) maintenance of property whether on or off the residence premises by any person or organization."

## SEVENTEENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss when "there are two or more causes of loss to the covered property and the predominant cause(s) of the loss is (are) excluded. . . ."

## EIGHTEENTH DEFENSE

The homeowners policies referred to in Exhibit A attached to Plaintiff's Complaint specifically exclude coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction, or of materials and supplies for use in construction, until your dwelling is completed and occupied. Vandalism or Malicious Mischief if your dwelling is

vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . ."

## NINETEENTH DEFENSE

To the extent that Plaintiff has previously agreed to fully compromise or resolve its claim, whether with Allstate or with a third party, Plaintiffs' action is barred by release and/or the doctrine of accord and satisfaction.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been fully compensated through payment of the claims under each policy referred to in the Complaint.

## TWENTY-FIRST DEFENSE

Plaintiff's recovery, if any, under the policies listed in Exhibit A attached to the Complaint is limited to the applicable policy limits reflected on the declarations page of each of those policies.

## TWENTY-SECOND DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable to the policies listed in Exhibit A attached to the Complaint.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff has suffered damage, it was caused by third parties and not by Allstate.  Allstate is not liable for such damage.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

### TWENTY-FIFTH DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-SIXTH DEFENSE

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff and the property owners insured under the policies listed in Exhibit A attached to Plaintiff's Complaint.

### TWENTY-SEVENTH DEFENSE

The policies referred to in Exhibit A attached to Plaintiff's Complaint contain provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the insured breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

### TWENTY-EIGHTH DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of the property owners insured under the policies referred to in Exhibit A, including but not limited

to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home
Program, SBA, any other governmental agency, any insurance company, and/or any charitable
organization.

### TWENTY-NINTH DEFENSE

Allstate avers all applicable federal and state prescriptive and/or preemptive statutory
time limitations as a bar to any recovery of Plaintiff herein.

### THIRTIETH DEFENSE

Allstate has detrimentally relied on prior approval of its homeowner's policy forms by
the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies
offered in accordance with the approved forms.

### THIRTY-FIRST DEFENSE

The comparative fault and/or negligence of Plaintiff, including the failure to act as a
prudent person under the circumstances, diminishes or bars Plaintiff's recovery herein.

### THIRTY-SECOND DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein; however,
should this Court find any negligence and/or fault on the part of Allstate, which is specifically
denied, then Allstate avers that the limitations set forth in Louisiana law, specifically that each
party cannot be liable for more than any degree of fault assessed to each party and that each party
cannot be solitarily liable with the other party or non-party, apply here.

### THIRTY-THIRD DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiff; however,
should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has
not suffered any real damages as a result of said breach and/or violation of statutory duties.

## THIRTY-FOURTH DEFENSE

Allstate owes no damages to the individuals insured under the policies referred to in Exhibit A attached to Plaintiff's Complaint, to the extent that those individuals have violated and consequently voided coverages that might have been afforded by virtue of the following:

    a.    Refusing or failing to provide satisfactory proof of loss;

    b.    Refusing to provide information that has been specifically requested;

    c.    Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

    d.    Any other circumstances discovered between now and the trial of this matter.

## THIRTY-FIFTH DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

## THIRTY-SIXTH DEFENSE

Plaintiff has failed to state facts sufficient to give rise to a claim against Allstate for punitive damages.

## THIRTY-SEVENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-EIGHTH DEFENSE

To the extent that the policies referred to in Exhibit A attached to Plaintiff's Complaint contained a Hurricane Deductible, Plaintiff's claims are subject to the application of the Hurricane Deductible as set forth in the homeowner's policy.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiff upon which Plaintiff could have reasonably or justifiably relied.

## FORTIETH DEFENSE

Allstate owed no fiduciary duty to Plaintiff.

## FORTY-FIRST DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## FORTY-SECOND DEFENSE

As to the SFIPs pled in this case – one or more of the policies at issue had no claim presented for flood damages at all for any date of loss. Upon information and belief, there was no flood loss that occurred that constituted a covered peril for which the Standard Flood Insurance Policy would have provided coverage. In the alternative, if there was a flood loss, the Plaintiff and/or the homeowner co-insured breached the terms of the SFIP, including but not limited to Article VII(J) of the SFIP in that there was no notice of loss give, no proof of loss given and no documentation to support the claim within the applicable timelines of the SFIP and the extension granted by the Federal Insurance Administrator by the Plaintiff or the co-insured homeowner. Defendant asserts that there was no covered loss, and Plaintiff has failed to state a claim, has no right of action, no cause of action and no standing to sue the Defendant, and Plaintiff has instituted meritless litigation without performing their Rule 11 obligations, and

Defendant asserts that it is entitled to have its fees and costs paid by the Plaintiff as to these meritless claims.

### FORTY-THIRD DEFENSE

As to the SFIPs pled in this case – one or more of the policies at issue had checks issued in the name of the homeowner and Midland Mortgage which have been cleared.  As such, Plaintiff has failed to state a claim, have no right and no cause of action, and have instituted meritless litigation without performing their Rule 11 obligations, and Defendant asserts that it is entitled to have its fees and costs paid by the Plaintiff as to these meritless claims.

### FORTY-FOURTH DEFENSE

As to the SFIPs pled in this case – one or more of the policies at issue had checks issued in the name of the homeowner and Midland Mortgage which has not cleared for reasons unknown to Defendant, and over which Defendant has no control.  The SFIP mandates that building damage payments include the homeowner and the mortgage company as co-payees under Article VII(M) and (Q) of the SFIP, and there is no ability to issue the check without all such payors listed.  As such, Plaintiff has failed to state a claim, have no right and no cause of action, and have instituted meritless litigation without performing their Rule 11 obligations, and Defendant asserts that it is entitled to have its fees and costs paid by the Plaintiff as to these meritless claims.

### FORTY-FIFTH DEFENSE

As to the SFIPs, if the Plaintiff seeks to have the checks reissued in its name only, and to have the co-insured homeowner's name removed from the check, then Defendant objects to any further proceedings based upon the Plaintiff's failure to join a necessary and indispensable party to this litigation under Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure, and

the lawsuit should be dismissed based upon such failure of the Plaintiff.  The rights and obligations at issue cannot be adjudicated in the absence of the parties whose rights the Plaintiff seeks to affect / impact or otherwise sever as to the claims at issue.

## FORTY-SIXTH DEFENSE

As to the SFIPs at issue – one or more of the SFIPs did have a claim made under it by the homeowner, but the claim did not exceed the applicable deductibles and/or was for items of damage excluded under the terms of the Standard Flood Insurance Policy.  As such, the Plaintiff has failed to state a claim, has no right of action and no cause of action against this Defendant, and has instituted meritless litigation against the Defendant without performing its  Rule 11 obligations, and Defendant asserts that it is entitled to have its fees and costs paid by the Plaintiff as to these meritless claims.

## FORTY-SEVENTH DEFENSE.

Defendant asserts that no claim was presented under the Standard Flood Insurance Policy by the Plaintiff or the other named insured under that policy within the one-year limit as allowed by the extension granted by the Federal Insurance Administrator for either date of loss.  As such, if there was a flood loss that qualifies for coverage under the SFIP (which is denied), there was a breach of the contract and a complete failure to comply with Article VII(J) of the Standard Flood Insurance Policy and the extension from the Administrator – no notice of loss was given, no documentation was submitted, no Proof of Loss was submitted.  As such, the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution, and the separation of powers doctrine prohibit the awarding of any U.S. Treasury funds to the Plaintiff in a manner not sanctioned by federal law.

## FORTY-EIGHTH DEFENSE

All named insureds under the Standard Flood Insurance Policy ("SFIP") at issue must be included as a named payee on the check as per the terms of the policy. See SFIP Article VII(M) and (Q), and the definition of "you" in Article II(A) of the SFIP..  Nothing has been presented to "cut off" the rights of the homeowner to be included as a payee.  The Defendant and the court must strictly construe and enforce the terms and conditions of the SFIP.

## FORTY-NINTH DEFENSE

All policies of flood insurance issued by the Defendant are SFIPs.  All monies paid under a claim under a SFIP are U.S. Treasury funds, not the funds of the Defendant.

## FIFTIETH DEFENSE

Plaintiff and /or the non-named homeowner(s) that are also insureds under the SFIP breached the terms of the contract (and failed to comply with the terms and conditions of the SFIP and the extension granted by the Federal Insurance Administrator for presenting claims) if there was a flood loss and the terms of the SFIP, including but not limited to  Article VII(J) of the SFIP, was not complied with by either the Plaintiff or the homeowner(s).

## FIFTY-FIRST DEFENSE

The SFIP is not a valued policy as per Article II of the SFIP.

## FIFTY-SECOND DEFENSE.

No part, provision or requirement of the SFIP can be waived by the Defendant, only by the Federal Insurance Administrator.  See 44 C.F.R. 61.13(d) and Article VII(D) of the SFIP itself. As Plaintiff and the homeowner(s) failed to comply with "all" the terms and conditions of the SFIP, plaintiff has no right to sue under Article VII(R) of the SFIP.

## FIFTY-THIRD DEFENSE

Out of an abundance of caution, Defendant pleads all the terms and conditions of the SFIP as a defense, including but not limited to Article I; Article III, Coverages A, B, C and D; Article IV;  Article V, including but not limited to subparts A, C, and D;  Article VII(B), (C), (D), (J), (K), (M), (Q), (R), (S), (V); and Article IX of the SFIP.  Each loss is subject to the applicable deductibles under the SFIP.

## FIFTY-FOURTH DEFENSE

Only federal law, not state law, governs the SFIP, claims and claims handling.  State law and state law based claims are completely preempted and barred by federal Constitutional, Statutory and Regulatory law with regard to the SFIP at issue.  See Article IX of the SFIP.

## FIFTY-FIFTH DEFENSE

Out of an abundance of caution, and because Defendant does not know the basis of this claim, Defendant asserts that there was no "direct physical loss by or from flood" as insured against under the SFIP for one or more of the SFIPs, and that Plaintiff has no right of action, no cause of action, and no standing to sue the Defendant.

## FIFTY-SIXTH DEFENSE

Original, exclusive jurisdiction and venue over the SFIPs at issue are exclusive to the United States District Court for the District Encompassing the insured property pursuant to 42 U.S.C. §4072 and Article VII(R) of the SFIP.  Defendant objects to the court exercising jurisdiction over any claim for any property in contravention to 42 U.S.C. §4072 and 44 C.F.R. part 61, Appendix A(1), Article VII(R)'s requirements, and also objects to the venue.  Defendant will file a Motion to Sever and Transfer all claims with regard to the SFIPs at issue that do not fall within the jurisdiction of this court, and/or will file a Motion to Dismiss the claims for failure

to file the lawsuit and claims in a court of proper jurisdiction.  Failure to file the lawsuit in a court of proper jurisdiction does not interrupt the one-year statute of limitations / prescriptive period under the aforementioned statutes and regulations.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." See SFIP Article VII(R).  In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

## FIFTY-EIGHTH DEFENSE

Plaintiffs did not rely on any alleged misrepresentations of either Defendant or anyone for whom Defendant might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

## FIFTY-NINTH DEFENSE

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

## SIXTIETH DEFENSE

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.,* 1994 WL 905630 (S.D. Fla. 1994), Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under their SFIP, and that the Defendant thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

## SIXTY-FIRST DEFENSE.

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

## SIXTY-SECOND DEFENSE

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment under any policy of insurance issued by any person or company, or any other payments for any of the damages at issue

## SIXTY-THIRD DEFENSE

By statute, the Defendant is the fiscal agent of the United States.  42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

## SIXTY-FOURTH DEFENSE

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). A court does not have this power. Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

## SIXTY-FIFTH DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program.   Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same

subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

### SIXTY-SIXTH DEFENSE

Some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

### SIXTY-SEVENTH DEFENSE.

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### SIXTY-EIGHTH DEFENSE.

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

### SIXTY-NINTH DEFENSE.

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

### SEVENTIETH DEFENSE.

If Plaintiffs' lawsuit was not filed in federal court within 12 months of the date of any letter from the Defendant to the Plaintiffs denying all or any part of the Plaintiffs' claim for benefits under the SFIP, then this lawsuit is time-barred. To the extent federal time limitations are not applicable, Defendant asserts all available prescriptive and preemptive statutes of limitation, whether general or specific.

### SEVENTY-FIRST DEFENSE

Defendant asserts the failure 31 U.S.C. §3727 as a defense with regard to the SFIP claims at issue.

### SEVENTY-SECOND DEFENSE.

There can be no double recovery by Plaintiffs, and Plaintiffs may not profit from an insurance claim, nor may they recover unless there has been damage. The SFIP does not cover lost market value or a reduction in value of the property as being a compensable loss.

### SEVENTY-THIRD DEFENSE.

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

### SEVENTY-FOURTH DEFENSE

Plaintiff has no right and no interest in any personal property of the homeowner's and has no right to be included as a named payee on any checks issued for damaged contents/personal property.

### SEVENTY-FIFTH DEFENSE

Out of an abundance of caution, Defendant asserts that one or more of the claims under the SFIPs at issue are time-barred.

### SEVENTH-SIXTH DEFENSE

Plaintiff breached the terms of the SFIP by filing the lawsuit in state court, and as such the SFIP is void and/or no monies may be awarded under the SFIP.

### B.

### ANSWER

**AND NOW**, responding to the specific allegations of the plaintiff's Complaint, Allstate further states the following:

### 1.

Allstate denies the allegations of Paragraph 1 of the Complaint, except to admit that it is a foreign insurer.

### 2.

Allstate admits the allegations of Paragraph 2 of the Complaint as to the homeowner's policies, and admits in part and denies in part as to the SFIPs at issue.  Answering further, as to the SFIPs at issue, Defendant denies that jurisdiction and the venue is proper for any SFIP issued for a property that does not fall within the territorial jurisdiction of the U.S. District Court for the Eastern District of Louisiana.  Pursuant to 42 U.S.C. 4072 and 44 C.F.R. part 61, Appendix A(1),

Article VII(R), original exclusive jurisdiction lies with the U.S. District Court encompassing the insured property as of the time of the loss.   Defendant objects to this court exercising jurisdiction over any such SFIP related claims for properties that fall outside the jurisdictional provisions of the court, and Allstate will file a Motion to Dismiss those claims and/or a Motion to Sever and Transfer those claims to the court of proper jurisdiction.

**3.**

Allstate denies the allegations of Paragraph 3 of the Complaint for lack of information sufficient to justify a belief therein.

**4.**

Allstate denies the allegations of Paragraph 4 of the Complaint for lack of information sufficient to justify a belief therein.

**5.**

Allstate denies the allegations of Paragraph 5 of the Complaint for lack of information sufficient to justify a belief therein, and state that the insurance policies speak for themselves.  Answering further, the private contract between the Plaintiff and the homeowner(s) for the property at issue cannot modify or change the SFIP or the rights and obligations thereunder.  The SFIP's terms and conditions are the best evidence of its provisions.

**6.**

Allstate denies the allegations of Paragraph 6 of the Complaint as written, but admits that Hurricane Katrina caused damage to Louisiana and Mississippi.

**7.**

Allstate denies the allegations of Paragraph 7 of the Complaint as written, but admits that Hurricane Rita caused damage to Louisiana and Texas.

**8.**

Allstate denies the allegations of Paragraph 8 of the Complaint as written, and states that any Allstate policy referred to speaks for itself.

**9.**

Allstate denies the allegations of Paragraph 9 of the Complaint as written, and states that the Allstate policy speaks for itself.

**10.**

Allstate denies the allegations of Paragraph 10 of the Complaint for lack of information sufficient to justify a belief therein.

**11.**

Allstate denies the allegations of Paragraph 11 of the Complaint as written, and states that the policy speaks for itself.

**12.**

Allstate denies the allegations of Paragraph 12 of the Complaint.

**13.**

Allstate denies the allegations of Paragraph 13 of the Complaint.

**14.**

Allstate denies the allegations of Paragraph 14 of the Complaint, which is incorrectly numbered as Paragraph XIX in the Complaint.

**WHEREFORE**, defendant Allstate Insurance Company prays that its Answer and Additional Defenses be deemed good and sufficient, and that after due proceedings had, this Court render judgment in its favor, with all costs and fees assessed against the plaintiff.

Respectfully submitted,

/s/  *Edward R. Wicker*
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
    Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Attorneys for Allstate Insurance Company

And

/s/   Thomas C. Pennebaker
Thomas C. Pennebaker, LA. S.B. 24597
Gerald J. Nielsen, LA. S.B. 17078
NIELSEN LAW FIRM, LLC
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
Phone: (504) 837-2500
Fax: (504) 832-9165
Email:  tpennebaker@nielsenlawfirm.com
    GJNielsen@aol.com

Attorneys for Allstate Insurance Company
as the Flood Insurance Carrier

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon plaintiff's counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this 25th day of October, 2007.

/s/   *Edward R. Wicker*