UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO INSURANCE<br>CASE NUMBER 07-4393 | *<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO.: 05-4182<br>"K"(2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company (incorrectly styled "State Farm Fire and Casualty Insurance Company"), (hereinafter "State Farm"), which, in Answer to Plaintiff's Complaint for Damages (hereinafter "Complaint"), respectfully avers:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action against State Farm for which relief may be granted.

### SECOND DEFENSE

With full reservation of all rights, Defendant specifically answers the individual articles of the Complaint as follows:

1.

State Farm denies the allegations contained within the section titled "Parties" as well as the allegations contained in paragraph one of Plaintiff's complaint except to admit State Farm's status as pled.

2.

Upon information and belief, State Farm admits that the Plaintiff owned, or was in the process of becoming the owner of the municipal address 7201 Patricia Street, Arabi, Louisiana, 70032.

3.

State Farm denies the allegations set forth in paragraph 3 of Plaintiff's complaint and further avers that the policy itself is the best evidence of its content, Defendant specifically pleading all the terms, conditions, limitations and exclusions of said policy as if copied herein extenso.

4.

State Farm denies the allegations set forth in paragraph 4 of Plaintiff's complaint, except to admit that on or about August 29, 2005, Hurricane Katrina impacted southeast Louisiana and the Gulf Coast.

5.

State Farm denies the allegations set forth in paragraph 5 of Plaintiff's complaint.

6.

State Farm denies the allegations set forth in paragraph six of Plaintiff's Complaint.

7.

State Farm denies the allegations set forth in paragraph seven of Plaintiff's Complaint.

8.

State Farm denies the allegations set forth in paragraph eight of Plaintiff's Complaint, except to admit that the Plaintiff did eventually notify State Farm of their loss and filed a claim on their insurance policy.

9.

State Farm denies the allegations contained in paragraph nine of Plaintiff's Complaint, insofar as they make allegations of law. State Farm further avers that it adjusted Plaintiff's claim, paid all sums due and owing under the applicable State Farm policy, and pursuant to the terms, conditions, limitations and exclusions of said policy.

10.

State Farm denies the allegations set forth in paragraph ten of Plaintiff's Complaint, except to admit that State Farm did receive proof of loss documents from Plaintiff. Further, State Farm did inspect insured risk and adjust the claim according to the terms, conditions, limitations and exclusions of said policy.

11.

State Farm denies the allegations set forth in paragraph 11 of Plaintiff's complaint.

12.

State Farm adopts by reference and re-avers each and every response and affirmative defense pled in response to the allegations contained in paragraphs one through eleven of Plaintiff's complaint.

13.

State Farm denies the allegations contained in paragraph 13 of Plaintiff's complaint.

14.

State Farm denies the allegations set forth in paragraph 14 of Plaintiff's complaint.

15.

State Farm denies the allegations contained in paragraph 15 of Plaintiff's complaint.

16.

State Farm adopts by reference each and every response and affirmative defense pled in paragraphs 1-15 of this Answer.

17.

State Farm denies the allegations set forth in paragraph 17 of Plaintiff's complaint.

18.

State Farm denies the allegations set forth in paragraph 18 of Plaintiff's complaint and further pleads all the terms, conditions, limitations and exclusions of said policy insuring the Plaintiff's property herein.

19.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-18 of Plaintiff's complaint.

20.

State Farm denies the allegations contained in paragraph 20 of Plaintiff's complaint.

21.

State Farm denies the allegations contained in paragraph 21 of Plaintiff's complaint.

22.

State Farm denies the allegations contained in paragraph 22 of Plaintiff's complaint.

23.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-22 of Plaintiff's complaint.

24.

State Farm denies the allegations contained in paragraph 24 of Plaintiff's complaint.

25.

State Farm denies the allegations contained in paragraph 25 of Plaintiff's complaint.

26.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-25 of Plaintiff's complaint.

27.

State Farm denies the allegations contained in paragraph 27 of Plaintiff's complaint.

28.

State Farm denies the allegations contained in paragraph 28 of Plaintiff's complaint.

29.

State Farm adopts by reference each and every response and affirmative defense pled to the allegations contained in paragraphs 1-28 of Plaintiff's complaint.

30.

State Farm denies the allegations contained in paragraph 30 of Plaintiff's complaint, and further avers that the applicable insurance policy issued by State Farm to Plaintiff insuring her property is the law between the parties and the best evidence of its content and therefore, State Farm adopts by reference each and every term, condition, limitation and exclusion contained in the policy.

31.

State Farm denies the allegations contained in paragraph 31 of Plaintiff's complaint.

32.

State Farm denies the allegations contained in paragraph 32 of Plaintiff's complaint.

33.

State Farm adopts by reference each and every response and affirmative defense pled in response to the allegations contained in paragraphs 1-32 of Plaintiff's complaint.

34.

State Farm denies the allegations contained in paragraph 34 of Plaintiff's complaint and further avers that the policy of insurance is the law between the parties and the best evidence of its content, therefore, Defendant specifically pleads all of the terms, conditions, limitations and exclusions of said policy as if copied herein in extenso.

35.

State Farm denies the allegations contained in paragraph 35 of Plaintiff's complaint.

36.

State Farm denies the allegations contained in paragraph 36 of Plaintiff's complaint and avers that the policy itself is clear and unambiguous.

37.

State Farm adopts by reference each and every response and affirmative defense pled in response to the allegations contained in paragraphs 1-36 of Plaintiff's complaint.

38.

State Farm denies the allegations contained in paragraphs 38-43 of Plaintiff's complaint.

39.

State Farm admits that Plaintiff has requested a trial by jury in this matter, in paragraph 44 of her complaint, but State Farm denies that damages are due and owing.

**AND NOW, FURTHER ANSWERING:**

### THIRD DEFENSE

The Plaintiff has been fully compensated for losses insured by the applicable homeowner's policy.

### FOURTH DEFENSE

Damages sought by the Plaintiff were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

### FIFTH DEFENSE

State Farm has not been afforded satisfactory proof of loss as is required by jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

### SIXTH DEFENSE

The Plaintiff has not adequately mitigated her alleged losses and damages and thus is liable for all consequences and damages resulting therefrom.

### SEVENTH DEFENSE

In the alternative, State Farm is entitled to a credit for any payments which may have been made or may in the future be made to the Plaintiff pursuant to any insurance policy for perils covered under the homeowner's policy and the Plaintiff has no cause or right of action for any such amounts.

### EIGHTH DEFENSE

At all times State Farm has adjusted the Plaintiff's claim in good faith, in accordance with the terms and conditions of the applicable State Farm Homeowner's Policy and in compliance with any applicable statutory jurisprudential law.

### NINTH DEFENSE

As the Plaintiff's claim is based on a contract of insurance between the parties, State Farm avers that if a policy of insurance is shown to exist, said policy being a written contract is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are plead as if copied herein in their entirety, including specifically the exclusion for water damage.

### TENTH DEFENSE

Should it be found that the damages sought by the Plaintiff were caused in part by a covered peril and any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

### ELEVENTH DEFENSE

In the alternative, should it be found that the damages sought by Plaintiff were caused in part by a covered peril, said damages were concurrently caused by a non-covered peril and therefore the damages sought are not insured under the applicable State Farm homeowner's policy, said policy being the best evidence of its own contents.

### TWELFTH DEFENSE

The Plaintiff has received the insurable limits of her flood policy for damages to her dwelling and contents, and therefore, she is estopped from alleging that the same and/or similar losses are caused by wind.

### THIRTEENTH DEFENSE

To the extent that Plaintiff is claiming that she may be entitled to recovery under her insurance policy in accordance with L.R.S. 22:695, Louisiana's Valued Policy Law (VPL), State Farm denies that the VPL applies to this claim. State Farm further avers that the Plaintiff has not suffered a total loss, which was caused by a covered peril; rather, the majority of her loss was caused by an excluded peril - i.e., water damage. State Farm further avers that an award to Plaintiff under Louisiana VPL would be in violation of the contract which exists between the parties, result in taking without just compensation, would interfere with interstate commerce, would constitute a deprivation of property without due process, and would deprive State Farm of equal protection of the laws, all in contravention of the Constitutions of the United States of America and the State of Louisiana.

### FOURTEENTH DEFENSE

In further answer, to the extent that Plaintiff may be claiming a right to penalties and attorney's fees under any amended version of L.R.S. 22:658, L.R.S. 22:1220, or any other such statute, defendant contends that these amendments do not have retroactive effect, and that to give them retroactive effect, or to apply them to events and/or losses that occurred prior to the date of the amendment, would be in violation of the U.S. Constitution and the Louisiana State Constitution.

### FIFTEENTH DEFENSE

To the extent that Plaintiff seeks damages for loss of use of the insured property, State Farm denies that she is entitled to said damages since any loss of use of the property occurred as a result of a non covered peril under the policy of insurance.

WHEREFORE, State Farm prays that its answer and defenses be deemed good and sufficient and that after due proceedings had, there be judgment herein in its favor, dismissing Plaintiff's suit with prejudice at Plaintiff's costs. Further, Defendants pray for a trial by jury on all issues and for all general and equitable relief permitted under Louisiana law.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. Bar No. 2533
PETER J. WANEK, 23353
DONNA BRAMLETT WOOD, 22692
LINDA A. TAFARO, 25891
McCRANIE, SISTRUNK, ANZELMO, HARDY,
  MAXWELL & McDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
ATTORNEYS FOR DEFENDANT,
STATE FARM FIRE&CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 24th day of October, 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

PETER J. WANEK