# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
      CONSOLIDATED LITIGATION

                                            NO.: 05-4182

                                            SECTION "K" (2)

FILED IN:     05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
               05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
               06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
               06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
               06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
               06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
               07-0993, 07-1284, 07-1286, 07-1288, 07-1289.

PERTAINS TO: LEVEE

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO LEVEE DEFENDANTS'
MOTION TO STRIKE CERTAIN ALLEGATIONS CONTAINED IN PLAINTIFFS'
FIRST SUPPLEMENTAL AND AMENDING LEVEE MASTER CONSOLIDATED
CLASS ACTION COMPLAINT AND PLAINTIFFS' CORRECTED RESTATED LEVEE
MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

**MAY IT PLEASE THE COURT:**

Plaintiffs filed a Motion for Leave to File Restated Consolidated Class Action Master

Complaint (Doc. 6584).  The Motion was opposed and a hearing was held on August 8, 2007,

resulting in this Court's Order of August 10, 2007 (Doc. 6939). The defendants have now filed a

Motion to Strike certain of the allegations of the Plaintiffs' Restated Levee Master Consolidated Class Action Complaint (hereafter "Restated Complaint"), arguing that the allegations sought to be struck are forbidden by the August 10, 2007 Order.  Plaintiffs oppose the Motion.

ARGUMENT

The defendants seek to strike certain allegations from Plaintiffs' Counts One, Three and Four, and further seek to strike proposed class representative Leslie Dorantes.

### A.      Plaintiff Leslie Dorantes

The Court's Order of August 10, 2007 makes no mention of Plaintiff Leslie Dorantes. Plaintiff are unsure why Ms. Dorantes was left of the Amended Motion for Class Certification, and can only surmise that her omission was an oversight.  Defense counsel have not stated who among plaintiffs' counsel allegedly stated that it was plaintiffs' intent to exclude Ms. Dorantes.  While plaintiffs do not suggest that a conversation regarding Ms. Dorantes was not had, plaintiffs can only surmise that there has been a mis-communication as inquiries to plaintiffs' counsel who have been tasked with the handling of the class representatives  have resulted in no recollection of any conversation or statement that plaintiffs were excluding Ms. Dorantes.   In any event, plaintiffs ask that the request to strike Ms. Dorantes be denied since the Court's August 10 order does not prohibit her inclusion, and further Ms. Dorantes' inclusion cannot be said to be prejudicial to the defendants as she had been previously named and in fact has answered discovery and been deposed in this litigation

### B.      Counts I, III, and IV.

The Defendants have set forth six allegations that they argue are not allowed by the Court's Order of August 10, 2007.  Those allegations are as follows:

1.      Count Three (Allegations of Negligent Design and Construction of the

Floodwalls at the 17th Street Canal): Section Heading of Count Three and Paragraph Nos. 121, 153 and 158 . . . to the extent that the include the entire class and Subclass 4;

2.      Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Section Heading of Count Four. . . to the extent that it includes allegations concerning the Orleans Avenue Canal and the entire class and Subclasses 2 and 4;

3.      Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Paragraph Nos. 151 – 157 . . . to the extent that they include allegations concerning the Orleans Avenue Canal;

4.      Count I (17th Street Canal Drainage Project Allegations): Section Heading of Count One and Paragraph Nos. 88 and 89 of plaintiffs' First Supplemental Complaint to the extent they include the overall class and Subclass 4; Section Heading of Count One and paragraph 86 and 88–91 of plaintiffs' Corrected Restated Complaint to the extent they include the overall class and Subclass 4;

5.      Count I (17th Street Canal Drainage Project Allegations): Paragraphs Nos. 87 and 88 of Plaintiffs' Corrected Restated Complaint and Paragraph No 142 of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that the amend the plaintiffs' Superceding Complaints' allegations concerning the "Barrier Plan" and the "High Level Plan" or to allege that the OLD or SWB negligently abandoned an authorized plan to install floodgates;

6.      Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Section Heading of Count Four and any allegations of Count Four . . . to the extent they attempt to assert a claim against SWB for any liability relating to the London Avenue Canal.

The Court's August 10, 2007 Order specifically denies leave as follows:

1.      To amend to allege OLD and SWB negligently abandoned an authorized plan to install floodgates;

2      To amend the initial allegations concerning the High Level Plan and the Barrier Plan; and

3.      To amend to incorporate Zone 4 into Count 1.

Below, plaintiffs address each of the defendants' six stated  allegations of error in the plaintiffs' amended pleadings.

> Defendants Allegation 1:      Count Three (Allegations of Negligent Design and Construction of the Floodwalls at the 17th Street Canal): Section Heading of Count Three and Paragraph Nos. 121, 153 and 158 . . . to the extent that the include the entire class and Subclass 4;

Plaintiffs recognize  that the allegations incorporating Subclass 4 into Count I are addressed by the Court's order of August 10, however the Order that it does not speak to the issue of inclusion of Subclass 4 in Count Three.    Plaintiffs point out that Subclass Four was included in the amendments as to both Counts I and III after having reviewed flood models that suggested that Subclass Four was indeed affected by waters from the 17th Street Canal.  The inclusion of Subclass Four does not add any new theories of liability or fault, rather it restates the original theories and merely increases the area alleged to have been affected by them.  Plaintiffs respectfully suggest that the defendants' motion to strike should be denied in this regard, or if not that it should be denied as to Subclass Four's inclusion in Court Three as the Order of August 10 does not prohibit it.

> Defendants' Allegation 2.      Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Section Heading of Count Four. . . to the extent that it includes allegations concerning the Orleans Avenue Canal and the entire class and Subclasses 2 and 4;

These amendments likewise are not prohibited by the August 10 Order.  Indeed, the allegations regarding the Orleans Avenue Canal are not new to the defendants as they had been previously made in lawsuits filed in State Court (See *Phister, et al. v OLD, et al*), and thus including these allegations is not prejudicial.  Further, the August 10 Order does not speak to this issue, and

-4-

specifically only prohibits amendments alleging negligece of OLD and SWB in abandoning the

flood gate plan, and amendments to the Barrier Plan and the High Level Plan.  Likewise, the

inclusion of Subclasses Two and  Four is not prohibited by the Order.  Inasmuch as the Order does

not prohibit this amendment, that the amendment is not new since these allegations have been made

in state court petitions, and thus the defendants are not prejudices, the motion to strike in this regard

should be denied.

> Defendants Allegation 3.     Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Paragraph Nos. 151 – 157 . . . to the extent that they include allegations concerning the Orleans Avenue Canal.

The motion to strike in regards to defendants allegation 3 should be denied for the same

reasons as set for in opposition to Defendants Allegation 2.

> Defendants' Allegation 4.    Count I (17th Street Canal Drainage Project Allegations): Section Heading of Count One and Paragraph Nos. 88 and 89 of plaintiffs' First Supplemental Complaint to the extent they include the overall class and Subclass 4; Section Heading of Count One and paragraph 86 and 88–91 of plaintiffs' Corrected Restated Complaint to the extent they include the overall class and Subclass 4;

As stated in opposition to Defendants' Allegation 1, *supra.,* Subclass Four was included in

the amendments as to both Counts I and III after having reviewed flood models that suggested that

Subclass Four was indeed affected by waters from the 17th Street Canal.  The inclusion of Subclass

Four does not add any new theories of liability or fault, rather it restates the original theories and

merely increases the area alleged to have been affected by them.

> Defendants' Allegation 5.    Count I (17th Street Canal Drainage Project Allegations): Paragraphs Nos. 87 and 88 of Plaintiffs' Corrected Restated Complaint and Paragraph No 142

-5-

of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that the amend the plaintiffs' Superceding Complaints' allegations concerning the "Barrier Plan" and the "High Level Plan" or to allege that the OLD or SWB negligently abandoned an authorized plan to install floodgates; and

Defendants' Allegation 6.    Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Section Heading of Count Four and any allegations of Count Four . . . to the extent they attempt to assert a claim against SWB for any liability relating to the London Avenue Canal.

Plaintiffs confess to oversight in failing to delete Count One allegations regarding the "Barrier Plan" and the "High Level Plan" or to allege that the OLD or SWB negligently abandoned an authorized plan to install floodgates; and Count Four allegations attempting to assert claims against SWB relating to the London Avenue Canal.  Plaintiffs agree that the Court's Order of August 10 precludes these amendments.  Again, plaintiffs plead oversight in failing to strike all of these allegations, and agree that to the extent that paragraphs 87,  88, and 142 of the Corrected restated Complaint,  and paragraph 142 of the First Supplemental Complaint, should, to the extent that they make such allegations, be stricken, as should the allegations against the SWB relating to the London Avenue Canal.

**Respectfully Submitted,**

LAW OFFICES OF JOSEPH M. BRUNO

s/ Joseph M. Bruno
JOSEPH M. BRUNO
Plaintiff's Liaison Counsel
LA Bar Roll Number: 3604
DAVID S. SCALIA

LA Bar Roll Number 21369
L. SCOTT JOANEN
LA Bar Roll Number 21431
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

and

PLAINTIFFS LEVEE SUB-GROUP LIAISON COUNSEL

s/Gerald E. Meunier
GERALD E. MEUNIER
Levee PSLC Liaison Counsel
LA. Bar Roll Number: 9471
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For
LEVEE PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 25th day of October, 2007.

/s/   Joseph M. Bruno
**JOSEPH M. BRUNO**