UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| BARGE:  NO. 07-3500 | * | |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
THE GOVERNMENT'S MOTION TO DISMISS
(RECORD DOCUMENT NO. 8364)**

**MAY IT PLEASE THE COURT:**

The Motion to Dismiss being the subject of this Memorandum in Opposition literally "snuck up on" undersigned counsel for plaintiffs, who was entirely unaware of pendency of the motion until receiving an E-mail from Your Honor's Law Clerk, Ms. Daily, early this afternoon.  The Government's Motion to Dismiss is a Rule 12(b)(1) motion, which appears to be a purely "facial attack" addressed to the sufficiency of the allegations of the Complaint itself.  It is "hornbook law" that when determining the merits of such a motion, the Court is merely required to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the factual allegations of the Complaint are taken as true.  Federal Procedure, Layers Edition (1984) §62:453 and authorities cited therein.  Indeed, the Government has not asked the Court to consider anything outside the pleadings, such as testimony, affidavits or self-authenticating

exhibits. For those reasons alone, plaintiffs respectfully submit that the Government's Motion to Dismiss should be denied.

A complete copy of the plaintiffs' well-pleaded Complaint is appended hereto as an Exhibit for the Court's ready reference.

The Motion to Dismiss is premised upon the Government's misplaced belief that what plaintiffs aver were claims in writing, presented administratively for sums certain to the U.S. Army Corps of Engineers, are "deficient" for one reason or another. The allegations addressing plaintiffs' averring that they truly "exhausted administrative remedies" and presented claims in writing to the tortfeasor agency for sums certain more than 6 months prior to filing suit appear in Article I of plaintiffs' Complaint as follows:

> Each Plaintiff has exhausted his or her administrative remedies against the United States of America with respect to the claims herein asserted. More particularly, on December 14, 2006, by letter of the same date, sent "Certified, Return Receipt Requested", plaintiffs' Attorney-in-Fact presented claims in writing to the United States of America through its agency and instrumentality, the U.S. Army Corps of Engineers, in the sum certain of $2.5 million for each individual claim. Plaintiffs aver that the aforesaid letter was received by the U.S. Army Corps of Engineers on December 18, 2006. Today's date, June 26, 2007, is more than six (6) months since plaintiffs' claims in writing for sums certain were presented to and received by the U.S. Army Corps of Engineers, and plaintiffs opt to deem that passage of time, and the agency's failure to act on their claims, as denials of their claims. Accordingly, plaintiffs aver that this civil action against the United States of America is timely and proper under the circumstances. Plaintiffs attach as Exhibit A (1-8), the referenced letter of December 14, 2006, and the Return Receipt dated December 18, 2006.

Plaintiffs respectfully submit that the foregoing well-pleaded allegations should be accepted as true by This Honorable Court for purposes of ruling on the Government's motion, and have not been denied in a responsive pleading.

-3-

This Honorable Court should also know that all of the issues revolving around the merits (or demerits) of the Government's position already have been fully briefed to the United States Court of Appeals for the Fifth Circuit, and are scheduled for oral argument during the week of December 3, 2007. Plaintiffs' briefs in the matters pending before the Fifth Circuit are also appended hereto as Exhibits for the Court's ready reference as follows:

1. Appellants' Brief in Case No. 06-30705 filed on November 27, 2006;

2. Appellants' Reply Brief in Case No. 06-30705 filed on February 15, 2007;

3. Appellants' Brief in Case No. 07-30273 filed on August 1, 2007; and

4. Appellants' Reply Brief in Case No. 07-30273 filed on October 24, 2007.

The issues which will be addressed by the Fifth Circuit during the first week of December[1] will include the following:

1. Whether admiralty and maritime jurisdiction exists for plaintiffs' claims against the United States;

2. Whether the Suits in Admiralty Act, rather than the Admiralty Extension Act, is applicable to plaintiffs' claims against the Government, and whether the presentation of claims administratively was (or was not) a prerequisite for filing suit against the Government;

---

[1] There is an unopposed Motion to Consolidate Case Nos. 06-30705 and 07-30273 pending in the Fifth Circuit.

3. Did admissions against interests by the former Commander of the U.S. Army Corps of Engineers render any administrative claim requirement, which is assumed for the sake of argument only, futile and unnecessary;

4. Whether positions taken by the United States of America in "Victims of KATRINA" litigation, namely that the Government is immune to any and all liability by virtue of the Flood Control Act of 1928 and/or the due care or discretionary function exceptions to the waiver of sovereign immunity contained in the Federal Tort Claims Act, rendered any administrative claim requirement futile and unnecessary;

5. Whether the failure of the U.S. Army Corps of Engineers to make any reasonable effort to adjust any administrative claims which have been presented to it rendered any administrative claim requirement futile and unnecessary;

6. Whether plaintiffs satisfied any administrative claim "requirement" by letter of December 14, 2006, attached to their Complaint as Exhibit "A"; and

7. Whether, assuming that there was an administrative claim requirement, and assuming further that plaintiffs failed to follow the proper procedures, the Court is empowered to fashion some equitable remedy to permit innocent "Victims of KATRINA" to obtain redress of grievances from their own Government.

-5-

The Court will note that these issues were most recently addressed by plaintiffs/appellants to the United States Court of Appeals to the Fifth Circuit in Case No. 07-30273 in a Reply Brief which was filed only yesterday.

Plaintiffs respectfully submit that it would serve little purpose at this time to re-brief every issue which has already been briefed to the Fifth Circuit. Plaintiffs respectfully submit that the Government's Motion to Dismiss should be denied, on the record, as it currently exists. Alternatively, if the Court were to be inclined to agree with the Government's position, then plaintiffs respectfully submit that the Court should defer ruling on the Government's Motion to Dismiss until such time as the United States Court of Appeals for the Fifth Circuit has had the opportunity to render its decisions in Case Nos. 06-30705 and 07-30273, which already have been fully briefed.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**
        **Counsel for Plaintiffs**

        **By:   S/Ashton R. O'Dwyer, Jr.**
             **Ashton R. O'Dwyer, Jr.**
             **Bar No. 10166**
             **821 Baronne Street**
             **New Orleans, LA 70113**
             **Tel. 504-679-6166**
             **Fax. 504-581-4336**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 25th day of October 2007.

        S/Ashton R. O'Dwyer, Jr.