**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

**THE PARFAIT FAMILY, ET AL.**       **CIVIL ACTION**

          **Plaintiffs.**         **NO. 07-3500 "K"**

**v.**

**UNITED STATES OF AMERICA,
THE BOARD OF COMMISSIONERS
OF THE ORLEANS LEVEE DISTRICT,
THE BOARD OF COMMISSIONERS OF
THE PORT OF NEW ORLEANS,
LAFARGE NORTH AMERICA INC.,
ZITO FLEETING LLC,
ZITO FLEETING, INC., AND
WASHINGTON GROUP INTERNATIONAL,
INC.**

          **Defendants.**

## CLASS ACTION COMPLAINT

I.

Plaintiffs in the above-styled and numbered cause are the following:

**The Parfait Family
Helen Frank (individually and as Administratrix of the Succession of
Richard Frank, and on behalf of any and all heirs, survivors, relatives
and beneficiaries of the deceased),
Michelle "Mink" Jones
Kenneth Williams
Derrick Williams
Ladanya Williams
Cadorra Williams**

Valerie Williams, on her own behalf and on behalf of her minor
children,
  Chrishawn Williams
  Jamon Williams, and
  Tameka Williams
Andrew Hill
Maria Washington, on her own behalf and on behalf of her minor
children,
  Janisha Washington
  Andrew Washington
  Charles Washington
  Mekhi Washington
Tammy McFarland
Joshua McFarland
Kelly Augusta
Artis Ulmer, Sr.
Ruth Ulmer
Artis Ulmer, Jr., on his own behalf and on behalf of his son,
  Roche Easpdron
Patricia Harris
Bernon Barnes
Charles Ulmer, Sr.
Charles Ulmer, Jr.
Derick Ulmer
Dennis Ulmer
Kevin McFarland
Charles Hollaway
Joseph Smith
Clarisa McCoy
Wardell Luter
Janet Luter
Christopher Luter and his wife
  Tracy Luter, on their own behalf and on behalf of their minor
children,
  Tranard Luter, and
  Crista Luter
Linda Molaison
Gail Brown, on her own behalf and on behalf of her minor children,
  Aaron Pulliam, and
  Brandon Pulliam
Shelia Martin
Keith Martin
Contrice Phipps
Reverend Curtis Coleman, Sr., on his own behalf and on behalf of his
entire Congregation and the Ephesian Missionary Baptist Church
Mary P. Mingo

2

**Rachel Goldsmith**
**Gayle LeBlanc**
**Michael LeBlanc, and his spouse,**
  **Larice Taylor LeBlanc, on their own behalf and on behalf of their**
**minor child,**
  **Mika Jane LeBlanc**
**Jessie Arbuthnot**
**Curtis Coleman, Sr.**
**Curtis Coleman, Jr.**
**Jerome Coleman**
**Keith Coleman**
**Carnese Williams**
**Raymond Hunter**
**William Hunter**
**AndrewWilliams**
**Eric Williams**
**Winston Williams**
**Paul Mosley, Sr.**
**Paul Mosley, Jr.**
**Brandon Mosley**
**Hope Mosley**
**Shaqual Mosley**
**Shannel Mosley**
**Ivan Mosley**
**Betty Mosley**
**Margarite Rochon**
**Raymond Hunter**
**Naomi Hunter**
**Vanessa Carter**
**Chris McCormick**
**Michele Armour**
**Monique Armour**
**Mitchell Armour III**
**Augustine Greenwood**
**Rosemary Greenwood, in her own behalf and on behalf of her minor**
**children,**
**Jasemine and**
**Jasemine and**
**Yasemine Greenwood**
**Daniel Weber, individually and in his capacity as Administrator of the**
**Succession of his spouse, Rosetta Marrero, and as personal**
**representative of the deceased, and on behalf of any and all heirs,**
**survivors, relatives and beneficiaries of the deceased, known or**
**unknown**
**Lamont Marrero**
**Edward Marrero**

**Renzoll Marrero**
**Peter Thibodeaux**
**Agnes Mae Recasner**
**Quiana Whitney**
**Carl Recasner**
**Bobby Recasner**
**Tyrone Moffett and his fiancé,**
**Ashley Robinson, on their own behalfs and on behalf of their minor child,**
**Ty' Janie Moffett**
**Bruce Hayes**
**Marinesha Green, on her own behalf and on behalf of her minor child,**
**Bruce Hayes III**
**Emma Martin**
**Ollie Rickney**
**Ryan Ward**
**Tinisha Sims, on her own behalf and on behalf of her minor children,**
**Kiyera Sims, and**
**Garnycia Reed**
**Broderick Mack**
**Antonio Green**
**Ebony Gordon**
**Melba Gibson**
**Emmanuel Joseph LeBlanc**
**Gertrude LeBlanc**
**Ardell Joseph LeBlanc**
**LeShaun Monique LeBlanc**
**Cyndria LeBlanc**
**Arianya LeBlanc**
**Paul Mosley**
**Betty Mosely**
**Troy Louis, and his spouse,**
**Erika Louis, on their own behalfs and on behalf of their minor children,**
**Gregory Williams,**
**Erik Louis,**
**Darrion Louis,**
**Shekinah Louis**
**Raymond Joseph**
**Claudia Rattler**
**Terry Rattler**
**Renelle Rattler**

Each Plaintiff has exhausted his or her administrative remedies against the United States of America with respect to the claims herein asserted. More particularly, on December 14, 2006, by letter of the same date, sent "Certified, Return Receipt Requested", plaintiffs' Attorney-in-Fact presented claims in writing to the United States of America through its agency and instrumentality, the U.S. Army Corps of Engineers, in the sum certain of $2.5 million for each individual claim. Plaintiffs aver that the aforesaid letter was received by the U.S. Army Corps of Engineers on December 18, 2006. Today's date, June 26, 2007, is more than six (6) months since plaintiffs' claims in writing for sums certain were presented to and received by the U.S. Army Corps of Engineers, and plaintiffs opt to deem that passage of time, and the agency's failure to act on their claims, as denials of their claims. Accordingly, plaintiffs aver that this civil action against the United States of America is timely and proper under the circumstances. Plaintiffs attach as Exhibit A (1-8), the referenced letter of December 14, 2006, and the Return Receipt dated December 18, 2006.

## II.

Plaintiffs are suing on their own behalf and on behalf of a class of all other similarly situated persons who have exhausted their administrative remedies against the United States of America with respect to the claims herein asserted.

## III.

Defendants in this action are the following:

1) The United States of America which, at all times pertinent, acted by and through its agency and instrumentality, namely the United States Army Corps of Engineers.

2)      The Board of Commissioners of the Orleans Levee District.

3)      The Board of Commissioners of the Port of New Orleans.

4)      Lafarge North America Inc., a foreign corporation having its principal place of business sin Baltimore, Maryland and authorized to do, doing, and/or engaging in business activity in the State of Louisiana.

5)      Zito Fleeting, LLC, a Louisiana limited liability company authorized to do, doing, and/or engaging in business activity in the State of Louisiana.

6)      Zito Fleeting, Inc., a Louisiana corporation, domiciled in the Parish of Jefferson, State of Louisiana.

7)      Washington Group International, Inc. (formerly known as Morrison Knudsen Corporation), a foreign corporation having its principal place of business in Idaho and authorized to do, doing, and/or engaging in business activity in the State of Louisiana.

IV.

This Court has jurisdiction under 28 U.S.C. §§1331, 1332, 1333, and 1367, the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*, the Suits in Admiralty Act, 46 U.S.C. §741 *et seq.*, and the Public Vessels Act, 46 U.S.C. §781 *et seq.*

V.

Sometime during or after hurricane KATRINA's passing through the Greater New Orleans Metropolitan area, the retaining wall on the East side of the Industrial Canal was breached, causing widespread flooding in an area below the Industrial Canal, causing Plaintiffs to suffer the following:

a)      Death;

b)     Bodily injury;

c)     Pain and suffering;

d)     Loss of or damage to immovable property;

e)     Loss of or damage to movable property;

f)     Mental suffering and emotional distress;

g)     Economic losses and damages, including damages for inconvenience, relocation expenses, increased living expenses, diminution in pre-KATRINA property value, increased insurance premiums, lost profits and lost opportunities, including particularly those incurred by virtue of increased insurance premiums and/or unavailability of insurance;  and

h)     Environmental damage and pollution as a result of oil spills and/or contamination of the territory and atmosphere other than by oil.

VI.

The above-described suffering was caused and/or occasioned by the following:

a)     The defective design, construction, and maintenance (including, without limitation, dredging) of the Industrial Canal, the Mississippi River Gulf Outlet (MRGO), and the Gulf Intracoastal Waterway (GICW) by the United States of America.   Plaintiffs aver that the Industrial Canal, MRGO, and GICW were and are designed, constructed, and maintained as navigable waterways, not as flood control projects, and Plaintiffs' allegations arise from the design, construction, and maintenance of navigable waterways, not from any flood control project.  Plaintiffs further aver that the Army Corps of Engineers violated federal law in the

investigation, planning, and construction of the MRGO, including the River and Harbor Act of 1945 and the Fish and Wildlife Coordination Act of 1946, as well as the Army Corps of Engineers' own internal engineering policies and rules.  Plaintiffs further aver that the unlawful and otherwise negligent actions of the United States were not decisions of public policy, but instead failed to comport with appropriate standards of care as to engineering and other non-public-policy elements.

b)    The failure to property inspect, operate, and maintain the Industrial Canal and the MRGO by the Board of Commissioners of the Orleans Levee District.

c)    The failure to properly inspect, operate, and maintain the Industrial Canal by the Board of Commissioners of the Port of New Orleans.

d)    Negligent mooring of the barge by Lafarge North America, Inc.

e)    Violation of the applicable standard of care applicable to barges in the care, custody and control of Lafarge North America, Inc., including those found in Title 33, Code of Federal Regulations, United States Coast Pilot V, Coast Guard Sector New Orleans Hurricane Plan, including enclosures and annexes, and the Greater New Orleans Barge Fleeting Association's "Standard of Care & Streamlined Inspection Program Book", among others.

f)    Negligent failure to remove the barge from the Industrial Canal by Lafarge North America, Inc. and/or Zito Fleeting LLC and Zito Fleeting Inc.

g)      Negligently performed work in and near the Industrial Canal by Washington Group International, Inc. (WGI).  Plaintiffs aver that such work included, without limitation, removal of underwater and below-ground objects (including, without limitation, structures, obstructions, facilities, slabs, barges, and pilings).  Plaintiffs further aver that such work was negligently implemented in that (1) WGI used techniques (including, without limitation, vibratory extraction) that, as WGI knew or should have known, unnecessarily caused damage to the Industrial Canal and its structures;  (2) WGI failed to follow proper procedures and to comply with appropriate standards and regulations in performing its work;  and (3) WGI failed to call the damage that its work had caused to the attention of appropriate authorities.  Plaintiffs further aver that these negligent acts and omissions were neither required nor authorized by WGI's contract with the Army Corps of Engineers.  Plaintiffs further allege that WGI's negligence resulted in underseepage-induced erosion and other damage to the Industrial Canal's levee and/or wall, ultimately causing and/or contributing to its catastrophic failure.

VII.

In addition, plaintiffs aver the following additional fault (including statutory fault) and neglect by the U.S. Army Corps of Engineers and Washington Group International, Inc.:

1.      The U.S. Army Corps of Engineers' use of an illegal, and artificially low, vertical elevation datum in building the retaining walls on the East side of

the Industrial Canal, with the result being that Hurricane KATRINA's predicted storm surge caused significant "overtopping" for a period of several hours more than would have occurred had the proper datum been utilized during the design and construction phases, and had the works taken into account subsidence, which is a well-known phenomenon all over the world, particularly in South Louisiana. These facts, coupled with earthen levees which were not "armored" on the land-side, contributed to catastrophic soils failures within both breach areas.

2.   A very extensive amount of excavation work had been conducted on the "batture", between the Industrial Canal and the levees and retaining walls adjacent to the areas of both breaches between 1998 and July 2005, only one month prior to Hurricane KATRINA. The area was and is known as the "East Bank Industrial Area". The batture land was excavated by Washington Group International, Inc. under a contract with the U.S. Army Corps of Engineers, which had acquired the land for the new navigation lock which had been authorized by Congress for the area, and for a bypass channel while the new lock is being constructed. The work done by Washington Group International, Inc. included removing construction materials, such as concrete slabs, obstructions, such as sunken barges, wharf materials, bulkheads and bank stabilizing pilings, abandoned rail cars, drums containing pollutants and wastes, and underground tanks, as well as environmental remediation and removal of contaminated soil from

the entire area in preparation for the dredging which must be performed in connection with constructing the new navigation lock and bypass channel..

3.    There was no managerial oversight within the lock preparation project, either by the U.S. Army Corps of Engineers or by Washington Group International, Inc. concerning how work on the project might impact the pre-existing levees and retaining walls.

Since the soil conditions on the East side of the Industrial Canal between the Florida Avenue and Claiborne Avenue bridges are no different from the soil conditions elsewhere along the Industrial Canal, plaintiffs herein aver that it is more than a coincidence that the only two breaches on the East side of the Industrial Canal occurred in the East Bank Industrial Area, namely, in the area adjacent to where Washington Group International, Inc. had completed its extensive excavation work for the Corps of Engineers only one month prior to Hurricane KATRINA.

VIII.

Plaintiffs further aver that defendant, United States of America, is not entitled to claim or to invoke immunity from liability for the following reasons, *inter alia*:

1)    The notion of "sovereign immunity" is not applicable to a Democracy, such as the United States of America, which has no sovereign, and where the elected government is a government of the people, by the people, for the people.

2)    The United States of America has waived any right to claim or to invoke sovereign immunity by virtue of the provisions of the

Federal Tort Claims Act, the Suits in Admiralty Act, and other legislation.

3)   The United States of America, through Congress and through its agency and instrumentality, the U.S. Army Corps of Engineers, has waived immunity for loss and/or damage due to fault or negligence of the United States of America or its contractors, which this case specifically involves.  E.G. 42 U.S.C. §1962 d-15 and 33 C.F.R. §203.82.

4)   The provisions of the Flood Control Act of 1928 are inapplicable to this case, because the structures, projects and works which were defectively designed, constructed, inspected, maintained, operated and dredged by the United States of America, its agencies and instrumentalities and their employees, in this instance, have absolutely nothing to do with that legislation, which involved the Mississippi River.

5)   The immunity arguably conferred by the Flood Control Act of 1928 (which is assumed for the sake of argument only) does not apply to, and was never intended by Congress to apply to, damages of the type suffered by plaintiff in this case.

6)   The structures, projects, works and navigable waterway systems in question are not flood control projects, but navigation projects or projects other than flood control projects, so that The Flood Control Act of 1928 is inapplicable to the claims herein asserted.

7)   The waters which inundated the Lower Ninth Ward and caused the damages complained of herein were not flood waters, and the damages sustained by plaintiffs were not caused by flood waters as that term is used in the Flood Control Act of 1928.

8)   Immunity is unavailable as an affirmative defense, because:

a.   The errors and omissions complained of herein were in direct violation of Acts of Congress and the U.S. Army Corps of Engineers regulations manuals and procedures.

b.   The errors and omissions complained of herein were known to the U.S. Army Corps of Engineers prior to Hurricane KATRINA.

c.   The errors and omissions complained of herein amount to criminal conduct and, alternatively, to gross, reckless or wanton negligence, for which immunity is unavailable.

9)   Plaintiffs' right to the just compensation for the taking of their property pursuant to the Fifth Amendment of the U.S. Constitution "trumps" the provisions of the Flood Control Act of 1928, i.e., inalienable rights specifically granted by the U.S. Constitution take precedent over legislation, unless the legislation is couched in terms of constitutional amendment.

10)  The United States of America, is not entitled to invoke sovereign immunity because neither its agency and instrumentality, the U.S. Army Corps of Engineers, nor its employees, had any discretion to violate acts of Congress and the rules and regulations of the agencies, which had the force of law.

11)  The United States of America, is not entitled to invoke sovereign immunity because none of the errors and omissions complained of herein fell within the due care or discretionary function exceptions to waiver of sovereign immunity by the United States of America or its agencies and instrumentalities under the Federal Tort Claims Act.

12)  The United States of America, acting by and through its agency and instrumentality, the U.S. Army Corps of Engineers, and its contractors, is guilty of wholesale destruction and spoliation of evidence entitling plaintiffs to the imposition of sanctions against the United States of America, including the sanction of striking defenses, and more particularly striking the defense of immunity.

IX.

Plaintiffs aver that the United States of America has already conceded liability to plaintiffs in this case, through binding admissions made since Hurricane KATRINA by the Commander of the U.S. Army Corps of Engineers, Lt. Gen. Carl Strock, which are pleaded herein by reference thereto, as if copied herein *in extenso*. The Attorney-in-Fact for Plaintiffs has made a Freedom of Information Act request for the "official" binding

14

admissions against interests of the Government by Gen. Strock, but the U.S. Army Corps of Engineers is in default of responding to that property perfected FOIA request. Plaintiffs aver that Gen. Strock has been quoted in the Media as having admitted the following:

> We have now concluded we had problems with the design of the structure.

> We had hoped that wasn't the case, but we recognize it is reality.

## X.

Plaintiffs plead "compensation" (as that term is used in the Louisiana Civil Code Article 1893, *et seq.*) and the "right of recoupment", as well as "offset" and "set-off", against the United States of America, through its agencies and instrumentalities, the Department of the Treasury, the Internal Revenue Service and the Social Security Administration.

## XI.

Plaintiffs aver entitlement to an award of reasonable attorney's fees and costs to be fixed at the maximum percentage of the total award allowed by law, whether pursuant to Rule 23(h), Federal Rules of Civil Procedure, Article 595, Louisiana Code of Civil Procedure, or pursuant to any other Rule or statute, or allowed by law.

## XII.

Plaintiffs pray for trial by jury as to all issues, and for an advisory jury as to claims asserted against parties against whom there is no jury trial of right.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for the full amount of their damages, jointly, severally, and *in solido*, together with reasonable

attorney's fees, pre-judgment interest and costs.  Plaintiffs further pray that their class

action status be recognized and certified.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.**

_____

**ASHTON R. O'DWYER, JR. (#10166)
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA  70130
Tel. (504) 561-6561
Fax. (504) 561-6560**
Attorney for Plaintiffs