25TH JDC

CIVIL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES **FOR SERVICE**

STATE OF LOUISIANA

# HURRICANE LITIGATION

05-058    Div B



MICHAEL AND VICKIE KRAMER; NORMAN PALAZZO,

    Plaintiffs,

versus

ALLSTATE INSURANCE COMPANY,

    Defendant.

### PETITION FOR DAMAGES

I.

Each Petitioner is a resident of the Parish of Plaquemines, State of Louisiana.

II.

Defendant herein is ~~STATE FARM INSURANCE~~ *Allstate Ins. Co.* COMPANY, a foreign insurance corporation authorized and presently doing business in the Parish of Plaquemines, State of Louisiana.

III.

As further alleged below, joinder of all Plaintiffs is in conformity with Louisiana Code of Civil Procedure, Article 463 in that (1) there is a community of interest between each Plaintiff; (2) each Plaintiff's claim is in the identical venue; (3) each Plaintiff's claim employs the same form of procedure.

-1-

**EXHIBIT "B"**

IV.

On August 29, 2005, at the time of Hurricane Katrina, each Plaintiff had in effect an identical policy of property insurance issued by Defendant.

V.

On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below.

VI.

Flood waters from nearby levee breaches damaged each Plaintiff's real property. These levee beaches were man-made flooding and not natural flooding. Defendant's policy of insurance provided coverage for non-natural flooding from a man-made levee breach.

VII.

As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use /ALE(additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. Instead, Defendant made only partial payment based upon wind and wind driven rain alone.

VIII.

Based upon the aforesaid conduct of Defendant, each Plaintiff has the following causes of action against Defendant:

    (a)    failure to tender timely and sufficient payment under LSA R.S. 22:658 and LSA R.S. 22:1220;

(b) breach of duty under LSA R.S. 22:658 and LSA R.S. 22:1220;

(c) breach of insurance contract;

(d) other causes of action that will be determined at trial.

IX.

The aforesaid actions of Defendant were "arbitrary and capricious".

X.

Each Plaintiff requests trial by jury.

XI.

Each Plaintiff is entitled to the following elements of damages:

(1) Payment of policy limits for structure;

(2) Payment of policy limits for other structure;

(3) Payment of policy limits for contents;

(4) Payment of policy limits for debris removal;

(5) Payment of policy limits for additional living expenses/loss of use;

(6) Double damages pursuant to LSA R.S. 22:1220;

(7) Penalties pursuant to LSA R.S. 22:658;

(8) Attorney fees;

(9) Court costs; and

(10) Any relief which this Court deems fair and equitable.

**WHEREFORE**, Petitioner prays for trial by jury, that Defendant be duly cited to appear and answer this Petition for Damages, and, after legal delays and due proceedings had, there be judgment herein in favor of each Petitioner and against Defendant in a reasonable amount to be determined by this Honorable Court for the damages sustained by each Petitioner, together with special damages, penalties, court costs, attorney fees, together with legal interest from date of judicial demand and for

all general and equitable relief.

Respectfully submitted,

*/s/ Stuart T. Barasch/*

STUART T. BARASCH (20650)
HURRICANE LEGAL CENTER
1100 Poydras Street
Suite 2900
New Orleans, LA 70163
Telephone: (504) 525-1944

PLEASE SERVE:

ALLSTATE INSURANCE COMPANY
through their agent for service of process:
Secretary of State
State of Louisiana
Baton Rouge, LA

A TRUE COPY
Dy. Clerk of Court
Parish of Plaquemines, La.

-4-

25TH JDC

CIVIL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

# HURRICANE LITIGATION

55-058    DivB

MICHAEL AND VICKIE KRAMER; NORMAN PALAZZO,

Plaintiffs,

versus

ALLSTATE INSURANCE COMPANY,

Defendant.

FILED
AUG 2 3 2007
Becky N Kaluzok
DY. CLERK

DIVISION:_____

FILED:_____   DEPUTY CLERK

## REQUEST FOR NOTICE

CLERK OF COURT

PARISH OF PLAQUEMINES

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10)

days before any trial date.

We also request notice of the signing of any final judgment, the rendition of any interlocutory order of judgment, or of any order of judgment refusing to grant a new trial, in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

*[signature]*

---

STUART T. BARASCH (20650)
HURRICANE LEGAL CENTER
1100 Poydras Street
Suite 2900
New Orleans, LA 70163
Telephone: (504) 525-1944

PLEASE SERVE:

ALLSTATE INSURANCE COMPANY
through their agent for service of process:
Secretary of State
State of Louisiana
Baton Rouge, LA