**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * | **CIVIL ACTION NO. 05-4182 and consolidated cases** |
| | * | |
| | * | **SECTION "K" (2)** |
| | * | |
| | * | **JUDGE STANWOOD R. DUVAL, JR.** |
| **PERTAINS TO: BARGE, LEVEE, MRGO** | * | |
| | * | **MAG. JOSEPH C. WILKINSON, JR.** |
| ******************************************** | * | |

**BARGE PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MRGO AND LEVEE PSLC'S JOINT MOTION TO DEFER BARGE CLASS CERTIFICATION HEARING, AS WELL AS THE BARGE PLAINTIFFS' OPPOSITION TO CONSOLIDATE THE BARGE PROCEEDINGS WITH THE MRGO PROCEEDINGS**

**COME NOW**, the BARGE Plaintiffs, through undersigned BARGE Liaison Counsel, and vehemently oppose the MRGO and Levee PSLC's Joint Motion to Defer the BARGE Class Certification Hearing, as well as any consolidation of the BARGE proceedings with the MRGO proceedings. In light of the salient differences between Defendants in this and the disparate MRGO and Robinson actions, the alignment between the MRGO and *Robinson* plaintiffs and BARGE Defendants, the theories of liability, causation, eyewitness testimony, issues of jury confusion and rights to jury trial, etc., the BARGE Plaintiffs are not only staunchly opposed to deferment or consolidation, but respectfully submit that this Honorable Court should even go so far as to consider deconsolidation of this matter and transfer back to Section C.

Undersigned counsel implores this Honorable Court to consider the following:

## I. THE BARGE CASE

During the liaison counsel telephone conference on October 24, 2007, the Court acknowledged that it was not entirely familiar with the BARGE case and its nuances. Bearing in mind the Court's admonition against expansive, prolix narrative, undersigned will do their level best to provide only what is concise and salient, but nonetheless underscore the need for understanding and inference as to the ways in which the BARGE plaintiffs' claims differ in so many respects from *Robinson*, MRGO or any other matter consolidated in the Katrina Canal Breach Litigation. Undersigned therefore refer the Court to Exhibit A, a description of the salient facts and law underlying the Barge Case. As is thus demonstrated, the BARGE matter only has one, very limited, similarity to the MRGO case, that is, certain, not all, geographic boundaries. The BARGE Plaintiffs should not be prejudiced in this regard. It is also critical to the Court's analysis to appreciate that the BARGE plaintiffs' claims are governed entirely by maritime law, and involve a concise and uncomplicated factual and legal picture not shared by MRGO or *Robinson* (vis-a-vis 702c and other governmental immunity, FTCA issues, etc.), much the misfortune of the participants in the latter suits. Central to the BARGE plaintiffs' position is that these profound differences underlie the BARGE PSLC's belief that their case is the best hope for compensation to the victims in the proposed class. The Court is urged not to permit these distinct advantages over MRGO and *Robinson* to be squandered by tethering the barge case to these inferior actions.

***Note***: The *Parfait* matter (07-3500) asserts claims against WGI and governmental entities arising out of alleged design, construction, maintenance and related activities. *Parfait* also asserts barge claims. *Parfait* was the subject of the Court's previous Order, since vacated, requiring severance of barge from non-barge claims. Plaintiff's counsel in *Parfait* has agreed to such

severance and consolidation of the nonbarge claims under the MRGO umbrella, while retaining the claims against Lafarge and Zito under the BARGE heading. Documents appropriate to these ends are being filed contemporaneously with this opposition. Please see Exhibits B, C, D and E.

## II. THE BARGE PLAINTIFFS DO NOT FALL UNDER THE SAME AMBIT OF NECESSITY REGARDING THE DEFERMENT OF CLASS CERTIFICATION HEARINGS AS THE LEVEE AND MRGO GROUPS

### A. Introduction

While deferment makes sense for the MRGO and Levee groups, the BARGE Group should be excluded from the maturity of a tort that has no bearing on the BARGE case. "[T]he MR-GO, Levee PSLCs, and Mr. Bruno have concluded that in the interests of judicial economy, minimizing expenses to the parties, efficient case management, and justice to the parties," it would be advisable to defer Class Certification Hearings until after the *Robinson* matter has been adjudicated. Doc. 8603-2 at page 1. Prolonging the BARGE matter while waiting for the adjudication of a completely dissimilar matter (1) does not serve the interest of judicial economy - this Honorable Court will still have to resolve the issues concerning the BARGE entities; (2) does not minimize expense to the parties - the BARGE entities still incur expenses while a dissimilar claim is adjudicated; (3) does not promote efficient case management in that the BARGE matter is separate and distinct from the MRGO and/or *Robinson* case; and (4) most importantly, deferment prejudices the BARGE Plaintiffs as will be discussed at length hereinbelow. The BARGE Plaintiffs are the people of the Lower Ninth Ward and a limited area of St. Bernard. It is a grave injustice to engage in protracted litigation for two years and then to request that the Plaintiffs wait another two years or so for very uncertain claims to be litigated, concerning people not in the same geographic area, before they get their day in court

against the BARGE Defendants before a jury.

## B. THE *ROBINSON* MATTER IS NOT INDICATIVE OF THE CONSOLIDATED CASES CONCERNING THE BARGE

Counsel for the MRGO and Levee PSLCs point out that the *Robinson* matter is a good test case for many of the issues to be litigated in Class Certification proceedings. While this is true for the MRGO and Levee Plaintiffs, it is clear that *Robinson* has no bearing on the BARGE matter. For example, Counsel for the MRGO and Levee PSLCs stated the following:

> *Robinson* is indicative of many of the pending consolidated cases to the extent that it involves the U.S. Army Corps of Engineers as the primary defendant; a Federal Tort Claims Act case tried to the Court; two claims of immunity (Flood Control Act of 1928 and discretionary function); alleged negligence in the design, construction, operation, dredging, and maintenance of the Mississippi River-Gulf Outlet; discrete areas of flooding of Greater New Orleans (Lower Ninth Ward, New Orleans East, and St. Bernard Parish) allegedly caused by the MR-GO; and damages to residential and business properties caused by the flooding. Doc. 8603-2 at page 2.

There is no reason for the BARGE Class Certification Hearing to be deferred to await rulings on these issues because the BARGE putative class (1) does not name the U.S. Army Corps of Engineers as a Defendant; (2) does not put the Federal Tort Claims Act at issue; (3) does not deal with any claims of immunity, Flood Control or otherwise; (4) does not question the negligent design, construction, operation, dredging, and maintenance of the MR-GO - which has no bearing on whether the Barge was properly moored, among other things; (5) does not concern itself with discrete areas of flooding caused by the MRGO in New Orleans East and the large eastern expanse of St. Bernard - the BARGE Plaintiffs are concerned about the flooding caused by the Barge in the Lower Ninth Ward, and a limited area of St. Bernard within the BARGE Plaintiffs' proposed geographic boundaries. The *Robinson* matter is not an exemplar case for the BARGE matter. **Four of the six *Robinson* Plaintiffs do not even live within the proposed BARGE class boundaries**. While the

Levee and MRGO PSLCs are convinced that many of the contested issues involved with class certification proceedings in the Consolidated Litigation can be made more manageable, the BARGE PSLC respectfully suggests that the BARGE Group should be excluded from the Levee and MRGO PSLC's manageability problems. The BARGE case is a simple case and should be managed simply. These Plaintiffs should not have to wait another two years to begin presenting their case. This Honorable Court has the capability of affording these citizens the relief that the government has failed to provide for them. The government has made them wait long enough. The BARGE Plaintiffs request that they not be made to wait for a group of six Plaintiffs with dissimilar claims to "test" a case that has nothing to do with the ING 4727.

### C. THE TRIAL AND RULINGS IN *ROBINSON* WILL NOT SERVE TO INFORM THE BARGE PLAINTIFFS

As explained hereinabove, the trial in *Robinson* has little to do with the trial in BARGE. The contested issues in BARGE involve only whether (1) the maritime actors were negligent and their vessels unseaworthy; (2) whether the barge caused the flooding (eyewitness testimony confirms this); and (3) the types and measure of class damages (please see BARGE plaintiffs' proposed Sixth Amended Complaint in *Mumford*). A trial and subsequent ruling in *Robinson* will not inform the BARGE Plaintiffs of their strengths and weaknesses of their case, as the Levee and MRGO PSLCs suggest. Further, a timely BARGE Class Certification Hearing would greatly assist settlement possibilities and avoid the need for years more of litigation. The BARGE Plaintiffs are best served, not by bellwether proceedings, but by the class action that the Levee and MRGO PSLC now militate against in light of perceived benefits arising out of *Robinson* not afforded, and likely prejudicial, to BARGE Plaintiffs. Please bear in mind that the MRGO and *Robinson* Plaintiffs' positions on the

merits are aligned with those of the BARGE Defendants, not those of the BARGE Plaintiffs. On the other hand, there is no such parity between the BARGE Plaintiffs and government Defendants in MRGO and *Robinson* who are apparently concerned mostly with jurisdictional, governmental immunity and FTCA matters.

**D. THE BARGE PLAINTIFFS SHOULD BE ALLOWED TO MOVE FORWARD WITH CLASS CERTIFICATION AS SCHEDULED**

The Levee and MRGO PSLCs have good reasons to wait for the *Robinson* matter to be resolved. These reasons simply do not apply to the BARGE case. For example,

> First, the Court has vast discretion to manage this complex litigation - involving hundreds of separately filed civil actions and more than four dozen putative class actions - in a manner that maximizes judicial economy, minimizes unnecessary cost to the parties, and improves the prospects for fair and reasonable decision-making. (citations omitted). Doc. 8603-2 at page 7.

The BARGE case consists of seven actions - not hundreds, not four dozen putative class actions - seven actions. Efficiency and economy dictate that these seven simple cases **not** be lumped together with the masses of complex, issue-laden, document-intesive-to-several-terabytes matters litigated at such mammoth costs that a test case is now the best scenario for adjudication of those matters. This Court has discussed the fact that lawyers sometimes do not understand the complexities of the Levee and MRGO cases. The prospect for fair and reasonable decision-making decreases exponentially for the BARGE Plaintiffs when their case is included with the issues of governmental immunity, dredging, discretionary functions, congressional mandates, congressional authorizations, levees versus floodwalls versus I-walls versus T-walls, Barrier Plans, High Level Plans, coastal erosion, Parallel Protection Plans and the half of a century of legislation and decision making that is the subject of the Levee and MRGO PSLC scrutiny. By contrast, the facts underlying

the BARGE Plaintiffs' maritime allision claims are no more complicated than the average he-said-she-said intersectional car crash, despite Lafarge's efforts to enlarge the BARGE litigation into something that it is not. This Honorable Court should utilize its vast discretion to avoid prejudice that will ultimately befall the BARGE Plaintiffs if they must await Class Certification for another year.

The Levee and MRGO PSLC make a valid argument regarding this Honorable Court's resources in connection with the litigation of their cases. However, Case Management Order No. 5 should allay any concerns regarding the BARGE matter.

> Second, the Court will be required to invest substantial time in hearing, deciding, and issuing a ruling on the pending and any future class action motions. (The Court has reserved up to ten days for the hearing on class certification in the Levee and MRGO cases set to begin on November 5, 2007).

The BARGE matter does not require that the Court utilize as much time as the Levee and MRGO cases and, therefore, the *Robinson* rulings would likely be useful to those two groups. However, the Court has already set forth in its Case Management Order No. 5 that: "It appears that class certification in this matter may be determined on paper, without the need for presentation of live testimony." Doc. 7724 at page 4. Moreover, the Court has reserved one day, April 28, 2008 at 9:00 a.m., for any oral argument concerning the motion for class certification. Doc. 7724 at page 5.

The Levee and MRGO PSLCs argue that the Court should defer Class Certification due to the desire by the United States to secure expeditious appellate review of the Flood Control Act of 1928 immunity issue. As explained above, the immunity issue has no bearing on the BARGE Plaintiffs.

Finally, the Levee and MRGO PSLCs argue that "the rights and interests of all the parties

will not be adversely affected." Doc. 8603-2 at page 8. The BARGE Plaintiffs submit that, in addition to all of the reasons previously stated herein, the potential adverse effect on the parties is perhaps the greatest reason that the BARGE Class Certification should be allowed to go forward as scheduled. The residents of the Lower Ninth Ward and a western slice of St. Bernard do not need refinement of issues that do not concern them. They do not need to wait another year while four of the six "test" Plaintiffs who do not live in the Lower Ninth Ward or western slice of St. Bernard present their case to this Honorable Court against Defendants that are not parties to the BARGE matter. Undersigned counsel respectfully submits that it is insulting to insinuate that the rights and interest of all the parties will not be adversely affected. The residents of the Lower Ninth Ward have been adversely affected and will continue to be adversely affected until the resolution of this matter. They deserve speed and prudence. They deserve to have a jury decide, expeditiously, whether or not ING 4727, among others, caused their harm.

## E. THE BARGE PLAINTIFFS AGREE THAT THERE IS PRECEDENT IN THIS CIRCUIT FOR VAST DISCRETION

The Levee and MRGO PSLC point to several cases in this Circuit for the proposition that "[i]t is therefore certain that rulings in *Robinson* will also assist the parties and this Court in determining the appropriateness of class certification." Doc. 8603-2 at page 5. The BARGE Plaintiffs urge this Honorable Court to utilize its vast discretion to exclude them from the Levee and MRGO PSLC's **un**certainty. The Levee and MRGO PSLC cited to *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1018 (5th Cir. 1997)(considering the use of bellwether trials to resolve mass torts with widely diverse issues). The BARGE Plaintiffs would like to point out the following from the same decision:

> We, therefore, hold that before a trial court may utilize results from a bellwether trial for a purpose that extends beyond the individual cases tried, it must, prior to any extrapolation, **find that the cases tried are representative of the large group of cases or claims from which they are selected**. Typically, such a finding must be based on competent, scientific, statistical evidence that identifies the variables involved and that provides a sample of sufficient size so as to permit a finding that there is **a sufficient level of confidence that the results obtained reflect results that would be obtained from trials of the whole**. See *Hilao*, 103 F.3d at 786. Michael J. Saks & Peter David Blanck, *Justice Improved: The Unrecognized Benefits of Aggregation and Sampling in Mass Torts*, 44 Stan. L. Rev. 815 (1992). It is such findings that provide the foundation for any inferences that may be drawn from the trial of sample cases. **Without a sufficient level of confidence in the sample results, no inferences may be drawn from such results that would form the basis for applying such results to cases or claims that have not been actually tried**. *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. 1997) Emphasis added.

The MRGO and *Robinson* matters are so inapposite to the BARGE matter that any sort of "test" case or bellwether trial will simply not yield results beneficial to the BARGE Plaintiffs. The disparities between the cases are too great.

The BARGE Plaintiffs are not alone regarding their desire to schedule a class certification hearing before any sort of trial on the merits. The BARGE Plaintiffs agree with LaFarge North America's argument in Cause No. 05-4419, Doc. 723 at page 7:

> As noted above, a court may not adjudicate the merits of a putative class until it has first determined whether to certify a class and, if certification is granted, until the class members have been given notice and an opportunity to opt out of the class. In *American Pipe & Constr. Co. v. Utah*, the Supreme Court explained that this sequence is necessary to prevent the abuse of "one-way intervention" - that is, a procedure whereby "members of the claimed class" are permitted to "await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests."(citing 414 U.S. 538, 547-50 (1974). The rule is one of basic fairness: if the merits are determined first, then class members will participate (and be bound) only if the named plaintiff has prevailed, but will opt out (and avoid being bound) if the defendant has won. (citations omitted).

LaFarge also cited to *Robinson v. Union Carbide Corp.*, 538 F.2d 652, 663 (5th Cir. 1976) (rule was

"designed to prevent 'sideline sitting' and subsequent 'one way intervention' by the eligible class member) which the BARGE Plaintiffs find instructive. Moreover, the BARGE Plaintiffs also agree with LaFarge's argument in that same document, Cause No. 05-4419, Doc. 723 at page 8 which states:

> Until the Court has resolved the class certification motion, therefore, any order purporting to govern the merits phase of the case would be little better than a guess. LNA therefore submits that the Court should defer the portion of the case management order pertaining to the structure of the trial(s) on the merits - including whether or not any trial(s) will be conducted in phases, or on specific issues, or in some other manner - until after it has ruled on class certification.

Considering all of the above and foregoing, the BARGE Plaintiffs respectfully submit that the Class Certification Hearing in the BARGE matter should not be deferred until after trial in the *Robinson* matter.

## III. CONSOLIDATION OF THE BARGE AND MRGO MATTERS SHOULD NOT BE CONSIDERED

The BARGE Plaintiffs strenuously object to any consideration given to consolidation of the BARGE and MRGO matters for the following non-exclusive list of reasons: (1) the Groups do not share the same Defendants and, in fact, the MRGO Plaintiffs' interests are more aligned with the BARGE Defendants than with the BARGE Plaintiffs; (2) the Groups do not share common issues; (3) the Groups do not share common theories of liability; (4) the cases are not governed by the same law respecting liability and apportionment of fault and damages (5) the Groups will not share but one or two experts at most; (6) consolidation with the MRGO matter unnecessarily increases costs; (7) consolidation with the MRGO matter unnecessarily increases delay; (8) consolidation with the MRGO matter prejudices the rights of BARGE Plaintiffs regarding their right to a jury trial; (9) the BARGE case does not rely on speculative science; (10) the BARGE case has nothing to do with the

government, its immunities or defenses; (11) consolidation will overwhelm and confuse any jury; and, most importantly, (12) the BARGE Plaintiffs' rights will be severely prejudiced.

Over 4000 BARGE Plaintiffs signed a contract that dealt specifically and ***exclusively*** with litigation regarding the Barge. There is no reason to lump them and a BARGE putative class in with wetland litigation and more than half a century of decision and policy making regarding the MRGO that has nothing to do with the the Court's ability to charge the Barge defendants with full liability for the known fact that 4727 broke away and crashed through the IHNC floodwall.

**A. LAW**

Consolidation is governed by Federal Rule of Civil Procedure, Rule 42 which states as follows:

> (a) CONSOLIDATION. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
>
> (b) SEPARATE TRIALS. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Further, the Advisory Committee Notes to the 1966 Amendment to Federal Rule of Civil Procedure 42 state:

> In cases (including some cases within the admiralty and maritime jurisdiction) in which the parties have a constitutional or statutory right of trial by jury, separation of issues may give rise to problems. See *e.g., United Air Lines, Inc. v. Wiener*, 286 F.2d 302 (9th Cir. 1961). Accordingly, the proposed change in Rule 42 reiterates the mandate of Rule 38 respecting preservation of the right to jury trial.

**B. ARGUMENT**

The BARGE Plaintiffs oppose consolidation with the MRGO matter not only for the grounds listed above, but also for three main reasons, (1) the BARGE and MRGO cases do not share common questions of law and fact and consolidation would cause an adversarial relationship between co-litigants; (2) the MRGO matter is not susceptible to a trial by jury as it is an action against the United States; and (3) the consolidation violates Federal Rule of Civil Procedure 1 in that consolidation would lead to an unjust, slow, and expensive resolution of the BARGE matter.

The BARGE Plaintiffs have listed herein a non-exhaustive list of some of the common questions relative to the BARGE litigation at II(c) herein. The BARGE Plaintiffs will be prejudiced if they are made to become co-litigants with the MRGO Plaintiffs who are, quite simply, making the same argument as the BARGE Defendants. The BARGE Plaintiffs will also be prejudiced if they are intertwined with the myriad of issues that have nothing to do with the BARGE litigation. The only foreseeable outcome is confusion. If the Court agrees that some counsel in these matters cannot fully master the complexities of this mammoth litigation, it certainly cannot expect a juror to do so. Consolidation equals prejudice to the BARGE Plaintiffs.

> On appeal of the final judgment, an order of consolidation is error and will be reversed for an abuse of discretion if there were no common questions of law or fact, or if the parties were prejudiced by the consolidation. *8 Moore's Federal Practice* § 42.10[2][c](Matthew Bender 3d ed.). *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235-237 (8th Cir. 1994)(when cases did not have common questions and consolidation caused adversarial relationship between co-litigants, consolidation would be reversed). *Moore's Federal Rules Pamphlet 2007* § 42.3[6] (Matthew Bender).

The BARGE Plaintiffs have requested a trial by jury. The MRGO case, by its very nature, is not susceptible to a jury trial. The BARGE Plaintiffs respectfully request that their constitutional

rights be preserved by this Honorable Court.

The first rule of Civil Procedure is a constant reminder that counsel should attempt to prosecute litigation in a just, speedy, and inexpensive fashion. The BARGE Plaintiffs have attempted to secure resolution to their litigation in just that manner. Consolidation of the simple BARGE matter with the behemoth, costly, complex matter that is the MRGO case would be in direct contravention of Federal Rule of Civil Procedure 1.

For the foregoing reasons, the BARGE Plaintiffs request that this Honorable Court not consolidate the BARGE matter with the MRGO matter for any purpose.

**WHEREFORE**, the BARGE Plaintiffs pray that:

(1) This Honorable Court allow the BARGE Class Certification Hearing to go forward as scheduled and not be deferred along with the Levee and MRGO actions until after the *Robinson* trial;

(2) This Honorable Court not consolidate the BARGE matter with the MRGO matter for any purpose; and

(3) This Honorable Court consider deconsolidating and transferring the BARGE matter back to Section C for adjudication.

                                       RESPECTFULLY SUBMITTED,

                                       **BARGE P.S.L.C.**

                                       **WIEDEMANN & WIEDEMANN**

                                       /s/Lawrence D. Wiedemann
                                       **LAWRENCE D. WIEDEMANN, (13457)**
                                       **KARL WIEDEMANN, (18502)**

**KAREN WIEDEMANN, (21151)**
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

/s/Brian A. Gilbert
**BRIAN A. GILBERT (21297)**
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

/s/Patrick J. Sanders
**PATRICK J. SANDERS (18741)**
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

**I CERTIFY** that a copy of the above and foregoing has been forwarded to all counsel of record by depositing the same in the U.S. Mail, postage prepaid, and/or via ECF upload, this 26 day of October, 2007.

/s/Brian A. Gilbert