UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

THE PARFAIT FAMILY, ET AL.        CIVIL ACTION
           Plaintiffs.            NO.

v.

LAFARGE NORTH AMERICA INC.,
ZITO FLEETING LLC,
AND ZITO FLEETING, INC.
           Defendants.

## CLASS ACTION COMPLAINT

I.

Plaintiffs in the above-styled and numbered cause are the following:

**The Parfait Family**
Helen Frank (individually and as Administratrix of the Succession of Richard Frank, and on behalf of any and all heirs, survivors, relatives and beneficiaries of the deceased),
Michelle "Mink" Jones
Kenneth Williams
Derrick Williams
Ladanya Williams
Cadorra Williams

Valerie Williams, on her own behalf and on behalf of her minor children,
  Chrishawn Williams
  Jamon Williams, and
  Tameka Williams
Andrew Hill
Maria Washington, on her own behalf and on behalf of her minor children,
  Janisha Washington
  Andrew Washington
  Charles Washington
  Mekhi Washington
Tammy McFarland
Joshua McFarland
Kelly Augusta
Artis Ulmer, Sr.
Ruth Ulmer
Artis Ulmer, Jr., on his own behalf and on behalf of his son,
  Roche Easpdron
Patricia Harris
Bernon Barnes
Charles Ulmer, Sr.
Charles Ulmer, Jr.
Derick Ulmer
Dennis Ulmer
Kevin McFarland
Charles Hollaway
Joseph Smith
Clarisa McCoy
Wardell Luter
Janet Luter
Christopher Luter and his wife
  Tracy Luter, on their own behalf and on behalf of their minor children,
  Tranard Luter, and
  Crista Luter
Linda Molaison
Gail Brown, on her own behalf and on behalf of her minor children,
  Aaron Pulliam, and
  Brandon Pulliam
Shelia Martin
Keith Martin
Contrice Phipps
Reverend Curtis Coleman, Sr., on his own behalf and on behalf of his entire Congregation and the Ephesian Missionary Baptist Church
Mary P. Mingo

Rachel Goldsmith
Gayle LeBlanc
Michael LeBlanc, and his spouse,
  Larice Taylor LeBlanc, on their own behalf and on behalf of their minor child,
  Mika Jane LeBlanc
Jessie Arbuthnot
Curtis Coleman, Sr.
Curtis Coleman, Jr.
Jerome Coleman
Keith Coleman
Carnese Williams
Raymond Hunter
William Hunter
Andrew Williams
Eric Williams
Winston Williams
Paul Mosley, Sr.
Paul Mosley, Jr.
Brandon Mosley
Hope Mosley
Shaqual Mosley
Shannel Mosley
Ivan Mosley
Betty Mosley
Margarite Rochon
Raymond Hunter
Naomi Hunter
Vanessa Carter
Chris McCormick
Michele Armour
Monique Armour
Mitchell Armour III
Augustine Greenwood
Rosemary Greenwood, in her own behalf and on behalf of her minor children,
Jasemine and
Jasemine and
Yasemine Greenwood
Daniel Weber, individually and in his capacity as Administrator of the Succession of his spouse, Rosetta Marrero, and as personal representative of the deceased, and on behalf of any and all heirs, survivors, relatives and beneficiaries of the deceased, known or unknown
Lamont Marrero
Edward Marrero

Renzoll Marrero
Peter Thibodeaux
Agnes Mae Recasner
Quiana Whitney
Carl Recasner
Bobby Recasner
Tyrone Moffett and his fiancé,
Ashley Robinson, on their own behalfs and on behalf of their m
child,
Ty' Janie Moffett
Bruce Hayes
Marinesha Green, on her own behalf and on behalf of her mino
child,
Bruce Hayes III
Emma Martin
Ollie Rickney
Ryan Ward
Tinisha Sims, on her own behalf and on behalf of her minor chi
Kiyera Sims, and
Garnycia Reed
Broderick Mack
Antonio Green
Ebony Gordon
Melba Gibson
Emmanuel Joseph LeBlanc
Gertrude LeBlanc
Ardell Joseph LeBlanc
LeShaun Monique LeBlanc
Cyndria LeBlanc
Arianya LeBlanc
Paul Mosley
Betty Mosely
Troy Louis, and his spouse,
Erika Louis, on their own behalfs and on behalf of their minor
children,
Gregory Williams,
Erik Louis,
Darrion Louis,
Shekinah Louis
Raymond Joseph
Claudia Rattler
Terry Rattler
Renelle Rattler

4

II.

Plaintiffs are suing on their own behalf and on behalf of a class of all other similarly situated persons with respect to the claims herein asserted.

III.

Defendants in this action are the following:

1) Lafarge North America Inc., a foreign corporation having its principal place of business sin Baltimore, Maryland and authorized to do, doing, and/or engaging in business activity in the State of Louisiana.

2) Zito Fleeting, LLC, a Louisiana limited liability company authorized to do, doing, and/or engaging in business activity in the State of Louisiana.

3) Zito Fleeting, Inc., a Louisiana corporation, domiciled in the Parish of Jefferson, State of Louisiana.

IV.

This Court has jurisdiction under 28 U.S.C. §§1331, 1332, 1333, and 1367,

## V.

Sometime during or after hurricane KATRINA's passing through the Greater New Orleans Metropolitan area, the retaining wall on the East side of the Industrial Canal was breached, causing widespread flooding in an area below the Industrial Canal, causing Plaintiffs to suffer the following:

a) Death;

b) Bodily injury;

c) Pain and suffering;

d) Loss of or damage to immovable property;

e) Loss of or damage to movable property;

f) Mental suffering and emotional distress;

g) Economic losses and damages, including damages for inconvenience, relocation expenses, increased living expenses, diminution in pre-KATRINA property value, increased insurance premiums, lost profits and lost opportunities, including particularly those incurred by virtue of increased insurance premiums and/or unavailability of insurance; and

h) Environmental damage and pollution as a result of oil spills and/or contamination of the territory and atmosphere other than by oil.

## VI.

The above-described suffering was caused and/or occasioned by the following:

a) Negligent mooring of the barge by Lafarge North America, Inc.

b) Violation of the applicable standard of care applicable to barges in the care, custody and control of Lafarge North America, Inc., including those found in Title 33, Code of Federal Regulations, United States Coast Pilot V, Coast Guard Sector New Orleans Hurricane Plan, including enclosures and annexes, and the Greater New Orleans Barge Fleeting Association's "Standard of Care & Streamlined Inspection Program Book", among others.

c) Negligent failure to remove the barge from the Industrial Canal by Lafarge North America, Inc. and/or Zito Fleeting LLC and Zito Fleeting Inc.

## VII.

Plaintiffs aver entitlement to an award of reasonable attorney's fees and costs to be fixed at the maximum percentage of the total award allowed by law, whether pursuant to Rule 23(h), Federal Rules of Civil Procedure, Article 595, Louisiana Code of Civil Procedure, or pursuant to any other Rule or statute, or allowed by law.

## VIII.

Plaintiffs pray for trial by jury as to all issues, and for an advisory jury as to claims asserted against parties against whom there is no jury trial of right.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for the full amount of their damages, jointly, severally, and *in solido*, together with reasonable attorney's fees, pre-judgment interest and costs. Plaintiffs further pray that their class action status be recognized and certified.

Respectfully submitted,

LAW OFFICES OF
ASHTON R. O'DWYER, JR.

_____
ASHTON R. O'DWYER, JR (#10166)
821 Baronne Street
New Orleans, Louisiana 70113
Tel: 504/581-6180
Fax: 504/581-4336

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all known counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via electronic mail, and/or via facsimile, and/or via ECF upload, this 26 day of October, 2007.

_____