## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES        * CIVIL ACTION NO. 05-4182
LITIGATION                                           *
                                                           * SECTION "K" (2)
                                                           *
                                                           * JUDGE DUVAL
                                                           * MAG. WILKINSON

_____

PERTAINS TO:  BARGE
(Nos. 05-5531, 05-5724, 06-5342, 06-
6299, 06-7516, 07-3500)

### RESPONSE OF LAFARGE NORTH AMERICA INC.
### TO COURT'S INQUIRY REGARDING TRIAL CONSOLIDATION AND IN RESPONSE
### TO MRGO AND LEVEE PSLCS' JOINT MOTION TO MODIFY
### CASE MANAGEMENT ORDER NO. 4, AS AMENDED, TO DEFER
### CLASS ACTION CERTIFICATION PROCEEDINGS

Lafarge North America Inc. ("LNA") submits this memorandum to address (a) the Court's inquiry whether the Barge cases should be consolidated for joint trial with the MRGO/Levee cases; and (b) the motion of the MRGO/Levee plaintiffs[1] to amend Case Management Order No. 4 ("CMO No. 4") to defer class action proceedings in those cases until a decision in *Robinson v. United States*.  On the first issue, an order requiring the Barge cases to be litigated in a joint trial with the MRGO/Levee cases is premature pending decisions about how these cases will be tried, and risks confusion for the factfinder and prejudice to the parties.  On the second issue, if the Court grants the MRGO/Levee motion to defer class certification

_____

[1] R.Doc. 8603.

proceedings pending a decision in *Robinson*, then it should also defer a decision on class certification in the Barge matters until it has addressed that issue in the MRGO/Levee cases.

    A. <u>Barge Cases Should Not Be Consolidated for Joint Trial with MRGO/Levee Matters</u>.

In the two years that the Barge cases have been pending, no party to those cases has ever suggested that they should be consolidated for a joint trial with the MRGO/Levee cases. To the contrary, the plaintiffs, the defendants, and the United States have sought to preserve the separate identity of the Barge cases, albeit with differing conceptions of what a trial might entail.[2] The notion of a single trial only arose through informal comments by counsel for WGI on this week's teleconference. WGI is only a temporary visitor in the Barge cases,[3] and WGI's own pleadings evidence its conviction that the issues in the MRGO/Levee cases alone are too complex ever to be handled in a single trial.[4]

Nothing has happened since the Court's entry of CMO#5 – its carefully-crafted order governing the conduct of the Barge cases – to warrant a wholesale departure from the approach set forth therein. The Court itself has not made any determinations about the scope or shape of a trial in the Barge cases, nor have the parties to the Barge cases supplied the Court (or each other) with their views regarding how the cases can be tried. Rather, the parties have only begun the class certification discovery process that will lead to the development of a record on these issues. In the circumstances, it is premature for this Court to radically rework its Case Management Order governing the conduct of the Barge cases.

---

[2] R. Doc. 594 in No. 05-4419 (plaintiffs' motion to transfer); R. Doc. 604 and 605 in No. 05-4419 (defendants' opposition to motion to transfer); R. Doc. 608 in No. 05-4419 (United States opposition to motion to transfer).

[3] R. Doc. 8599 at 2 (*Parfait* opposition to motion to dismiss, stating that these plaintiffs consent to transfer of their claims against WGI to the MRGO/Levee cases).

[4] See, <u>e.g.</u>, R. Doc. 8286 (MRGO defendants' opposition to class certification).

LIBW/1660726.5

The only proffered rationale for combining the two sets of cases is that the general subject of "what caused the levee breaches" is germane to each set of cases.  But as the MRGO Defendants have observed in opposing class certification, "[a]t a sufficiently abstract level of generality, almost any set of claims can be said to display commonality;" the real question is whether combined treatment "will advance the litigation."[5]  On that question, the MRGO Defendants have argued, persuasively in LNA's view, that resolving breach causation issues in the abstract will ***not*** materially advance the resolution of individual cases because, among other things, "causation at the floodwall does not equal causation at a particular house."[6]  Although the Court has not yet ruled on this argument, it shows that the Court may not ***assume*** that combining the two sets of cases into a single trial would advance the resolution of either set of cases.[7]

In any event, there is no basis for this Court now to reach a conclusion that combining the two sets of cases would advance the resolution of the litigation.  No party has set forth a trial plan identifying what issues in the Barge cases overlap (or do not overlap) with the issues in the MRGO/Levee cases.  No party has explained how the various parties' presentations of evidence in the two sets of cases can be made to coalesce.  And, pending the Barge parties' development of a record concerning their views on how the cases can be tried – to be developed through their class certification briefing -- no such explanation could be ventured.

There are ample reasons, finally, to refrain from combining the two sets of cases in a single trial.  Fifth Circuit case law strongly cautions against over-consolidation on the grounds

---

[5] R. Doc. 8286 at 50 (quoting *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1998)).

[6] *Id.* at 84; see also *In re Fibreboard Corp.,* 893 F.2d 706, 712 (5th Cir. 1990) ("[C]ommonality among class members on issues of causation and damages can be achieved only by lifting the description of the claims to a level of generality that tears them from their substantively required moorings to actual causation and discrete injury.").

[7] See also, e.g., *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (criticizing the district court for having "assumed that because the common issues would play a part in every trial, they must be significant").

that substantive elements of proof may be lost, or that jury confusion may ensue.[8]  Here, one group of plaintiffs contends that the barge is the "sole cause" of their damages,[9] while another group of plaintiffs has sued only the United States and other defendants, and has submitted evidence that the barge was ***not*** a cause.[10]  The presentation in a single proceeding of competing and conflicting theories and evidence by different plaintiffs who are suing different defendants creates a serious risk of jury confusion.  Though LNA is largely a bystander to whatever conflicts may exist among plaintiffs' counsel, LNA would be prejudiced if those conflicts led to an appeal of a favorable outcome on grounds of jury confusion or otherwise.

Furthermore, LNA is not a party to ***any*** of the MRGO/Levee cases, and the time for amending pleadings in those cases has long since expired.  Thus, LNA has no place in any of the MRGO/Levee cases.  While LNA has asserted third-party claims against some (but not all) of the entities that are defendants in those cases, this Court has twice refused plaintiffs' attempts to sever those claims from LNA's defense of the plaintiffs' claims against it.[11]  The Court's proper rejection of severance in the cases involving LNA does not mean that LNA should be thrown into the middle of cases where it does not belong.  Rather, LNA should be permitted to defend against the claims of the plaintiffs who have actually brought suit against it, without being thrust

---

[8] See, u.g., *In re Fibreboard Corp.,* 893 F.2d 706, 708-12 (5th Cir. 1990) (reversing improper consolidation of asbestos actions for common trial due to disparities including different claims asserted against different defendants); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 314-15 (5th Cir. 1998) (reversing trial plan that did not provide properly-individualized determination of causation); *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 196 (5th Cir. 1966) (reversing jury verdict due to improper consolidation raising conflicts and potential for jury confusion).

[9] See website of plaintiffs' counsel, http://www.bargecase.com/faq.html  ("We believe that the barge was the sole cause of the eastern Industrial Canal breaches in the Lower Ninth Ward.").

[10] See Declaration of Robert Bea on behalf of the *Robinson* plaintiffs (9/17/07) (stating that "the likelihood is that the barge slipped its moorings and was eventually drawn in through a breach that was already well developed").

[11] R. Doc. 618 in No. 05-4419 (order denying motion to transfer); R. Doc. 831 in No. 05-4419 (order denying motion for reconsideration).

- 4 -

into the many cases brought by plaintiffs who have not even asserted any claims against it. Otherwise, the potential for confusion and prejudice for LNA is enormous.

B.  Class Certification in MRGO/Levee Cases Should Precede Barge Cases.

LNA does not object to the MRGO/Levee plaintiffs' motion to defer class certification, as long as the Court's schedule for determining Barge class certification is adjusted to preserve the present order and sequencing.  Case Management Order #4 provides for a two-week evidentiary hearing regarding class certification in the Levee/MRGO cases, to take place in November 2007.  Case Management Order #5, as amended, contemplates that the class certification hearing in the Barge matter will take place in or around June 2008, presumably (though not necessarily) on a single day.[12]  This structure and sequence for class certification is sensible in that the well-developed record in the MRGO/Levee matter (including up to two weeks of live testimony) may inform the class certification issues to be addressed in the Barge matter.  For instance, the Court's handling of the individual-causation issues in the MRGO/Levee matter will be instructive in the Barge matter because the predominance inquiry on class certification – that is, whether common or individual issues predominate – is similar, if not exactly the same, in these cases.  In short, although we anticipate that class certification in the Barge matter will be complex in its own right, addressing those issues on the heels of the even larger class certification proceedings in the MRGO/Levee will provide useful guidance and economies of presentation for the parties and the Court.

Moreover, if the Court were to defer class certification proceedings in the MRGO/Levee cases pending the results of the *Robinson* trial, then it makes sense for class certification in the Barge cases to await the outcome of *Robinson* as well.  According to the MRGO/Levee plaintiffs' motion, it is "certain that rulings in *Robinson* will assist the parties and this Court in

---

[12] R.Doc. 8189.

determining the appropriateness of class certification," and "inevitable that the class action motions will be modified in light of the Court's decision in *Robinson*."[13]  The same is true for the Barge cases.  The Court's adjudication of *Robinson* will reflect, for instance, the degree to which issues of causation and damages are individualized issues requiring individualized proof.  Similarly, it will establish the type and quantum of evidence that would be shown regarding alleged "common" issues so that the supposed "predominance" of those issues can be tested in the context of an actual, as opposed to hypothetical, trial.  And it will provide a basis for testing the claim of plaintiffs that class action litigation is "superior" to other forms of adjudication.[14]

The proposal to defer class certification proceedings in the Barge case to follow the MRGO/Levee cases does not work a dramatic delay in the Barge schedule.  As the Court noted, the class certification hearing in the Barge matter under CMO #5, as amended, is not scheduled until the end of June 2008 at the earliest.[15]  The *Robinson* trial is scheduled for September 2008.  Thus, deferring the class certification decision in the Barge cases would involve a lag of only around four months.  The Barge plaintiffs, having themselves recently sought and obtained an order deferring class certification proceedings in the Barge case by two months for reasons having only to do with their own convenience,[16] can hardly be heard to complain about a few months' delay directed at maintaining and improving the class certification decision-making process.

---

[13] R. Doc. 8603-2 at 5, 6.

[14] See *Castano*, 84 F.3d at 747 ("Our specific concern is that a mass tort cannot be properly certified without a prior track record of trials from which the district court can draw the information necessary to make the predominance and superiority analysis required by rule 23.").

[15] R.Doc. 8189.

[16] R.Doc. 7913.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (# 5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (# 27538)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

/s/ John D. Aldock
John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

**ATTORNEYS FOR
LAFARGE NORTH AMERICA INC.**

October 26, 2007

- 7 -

**<u>Certificate of Service</u>**

I hereby certify that I have on this 26th day of October, 2007 caused a copy of the foregoing pleading to be served on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock_____

LIBW/1660726.5