# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * CIVIL ACTION NO. 05-4182 |
| | * |
| | * SECTION "K" (2) |
| | * |
| | * JUDGE DUVAL |
| | * MAG. WILKINSON |

PERTAINS TO:  BARGE
(Nos. 05-5531, 05-5724, 06-5342, 06-6299, 06-7516, 07-3500)

### SUPPLEMENTAL RESPONSE OF LAFARGE NORTH AMERICA INC. TO COURT'S INQUIRY REGARDING TRIAL CONSOLIDATION AND IN RESPONSE TO MRGO AND LEVEE PSLCS' JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 4, AS AMENDED, TO DEFER CLASS ACTION CERTIFICATION PROCEEDINGS

Lafarge North America Inc. ("LNA") submits this supplemental memorandum to address the Court's inquiry regarding consolidation of the Barge cases with the MRGO cases.

During the October 24 conference call, Judge Duval asked for the parties' comments, by 5:00 p.m. on October 26, on whether the claims in the Barge matter should be combined with the claims in the MRGO matter.  Both LNA and the plaintiffs understood the Court's question to be whether all of the claims should be combined in a single proceeding.  LNA timely submitted its memorandum on this issue.

Neither LNA nor plaintiffs understood that the Court was considering whether LNA's third-party claims against the government should be severed from adjudication of the plaintiffs' claims against LNA and tried separately.  On the morning of October 27, after the deadline for

submissions had passed, counsel for LNA received ECF notification of the Court's minute order (R. Doc. 8667), stating that the parties' submissions "shall also include any argument counsel may have for opposing the adjudication of the third-party claim of Lafarge against the United States with the adjudication of the MRGO claim." Because ECF notice of the Court's minute order did not arrive until after the deadline for submissions had passed, LNA's submission did not address the additional issue of whether LNA's third-party claims against the government should be severed from its defense of the plaintiffs' claims against LNA.

The question whether LNA's third-party claims should be severed from the adjudication of plaintiffs' claims against LNA has been fully briefed and orally argued before Judge Berrigan, who has decided -- ***twice*** -- that LNA's third-party claims should not be severed from its defense of the plaintiffs' claims against it. R. Doc. 618 and 831 in No. 05-4419. Attached as Exhibits A, B, and C are the original memorandum filed by LNA opposing severance of its third-party claims against the United States; the United States' memorandum agreeing that LNA's third-party claims should not be severed; and LNA's supplemental memorandum opposing plaintiffs' motion for reconsideration.[1] These memoranda reflect that:

* Judge Berrigan denied the government's initial motion to dismiss LNA's third-party claims, concluding that forcing LNA to litigate its third-party claims in another forum would "potentially deny complete relief to all the parties, [and] would also result in a significant waste of judicial resources." R. Doc. 587 in No. 05-4419, at 11.

* The United States later took the position that "certainly, this Court will not be able to finally apportion fault among Ingram, LNA, the government and others if the third party action is transferred" and that "even if the United States is not a party, there will be little savings to the Court or litigants in the length or complexity of a trial." R. Doc. 608 in No. 05-4419, at 2.

---

[1] These submissions appear in the Court's record as R.Doc. 604, R. Doc. 608, and R. Doc. 811 in No. 05-4419.

\*   LNA showed that severance and transfer of its third-party claims would accomplish nothing in terms of judicial economy, but instead would needlessly require LNA litigate the same issues twice in two separate proceedings.

These points, and the memoranda that address them at greater length, should be the starting point if the severance issue is to be given further consideration, despite the Court's rejection of severance on at least two occasions within the past six months.   Nothing has occurred in these cases to warrant undoing those prior rulings.[2]   At this stage, the Court does not know (and certainly cannot assume) that there will be "overlapping classes," and indeed the plaintiffs in the Barge matter have not even begun to meet their burden of showing that class treatment is appropriate.   Further, the Court has yet to rule on motions that will heavily influence the nature and scope of any trials to come, and indeed does not know the identity of the parties to any trial, beyond perhaps the *Robinson* trial scheduled for next fall.

Finally, questions as to the appropriate handling of the Barge litigation as a whole would not justify separating LNA's third-party claims from the plaintiffs' claims against LNA, a course that would contravene both Fifth Circuit law and established precedent from this District.   The Fifth Circuit has made clear that "[s]eparation of issues … is not the usual course that should be followed."   *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).   Moreover, "[t]here is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice."   *Id.* at 305.   This rule has, among other things, a "pragmatic basis – if two juries were allowed to pass on an issue involving the same factual and legal elements, the

---

[2] This is particularly true of the MRGO plaintiffs' motion to defer class certification proceedings, which has no bearing on whether LNA's third-party claims should be severed.  Though the motion to defer class certification proceedings must be addressed quickly, given the imminence of the scheduled two-week evidentiary hearing, there is no reason at all why the severance issue must be addressed on a similar schedule.

verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results."
*Id*. Applying these principles, judges in this Court have repeatedly held that third-party claims should not be severed or tried separately where the defendant's affirmative defenses to the plaintiff's claims (for example, that the plaintiff's injuries were caused in whole or in part by a third party ) overlap with the defendant's third-party claims against the third-party defendant.[3] That is precisely the case here, where LNA's defense that plaintiffs' alleged damages were caused by others, not LNA, overlaps with LNA's third-party claims against those responsible for the plaintiffs' alleged damages.

Given the importance of the severance issue and the proceedings that have gone before, as well as the absence of any need to reexamine this issue at this time, LNA respectfully urges the Court not to overturn Judge Berrigan's two considered decisions finding that severance of LNA's third-party claims from the plaintiffs' claims against LNA is unwarranted, and particularly not without affording LNA the opportunity to address the Court directly and in person on that issue.

.                                             Respectfully submitted,

Robert B. Fisher, Jr., T.A. (# 5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (# 27538)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
650 Poydras Street, Suite 2715

---

[3]  See, *e.g.*, *Osgood v. Branam Enterprises*, 2000 U.S. Dist. LEXIS 3352 (E.D. La. Mar. 15, 2000); *Morris v. Taco Bell Group*, 1997 U.S. Dist. LEXIS 13126 (E.D. La. Aug. 20, 1997); *Plywood Panels, Inc. v. Hyundai Merchant Marine Co.*, 1993 U.S. Dist. LEXIS 12840 (E.D. La. Sept. 13, 1993).

New Orleans, LA 70130
Telephone: (504) 598-2715


/s/ John D. Aldock
John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

**ATTORNEYS FOR**
**LAFARGE NORTH AMERICA INC.**

October 29, 2007

- 5 -

**<u>Certificate of Service</u>**

I hereby certify that I have on this 29th day of October, 2007 caused a copy of the foregoing pleading to be served on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock