# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE ) | CIVIL ACTION NO. |
| COMPLAINT OF INGRAM BARGE ) | 05-4419-C-2 |
| COMPANY, AS OWNER OF THE ) | C/W CIVIL ACTION NO.'S |
| ING4727, PETITIONING FOR ) | 05-4237, 05-5531, 05-5724, |
| EXONERATION FROM OR ) | 06-3313, 06-5342, 06-5054, |
| LIMITATION OF LIABILITY ) | 06-6299, 06-7516 |

UNITED STATES' OPPOSITION TO
GROUP A'S MOTION TO TRANSFER

Defendant United States opposes the Group A Plaintiffs' Motion to Transfer. While it reserves the defenses raised in its Answer to Lafarge North America, Inc.'s First Amended Third-Party Complaint, the government agrees with the arguments made in opposition to the motion by Lafarge North America ("LNA").

LNA's Third-Party Complaint does not assert a separate claim or cause of action arising out of the occurrence or transaction that is the subject matter of the plaintiffs' claims, but alleges an alternative theory of causation and seeks contribution from the United States and others. While the Court undoubtedly has the power to sever the third party action pursuant to Fed. R. Civ. P. 14(a), it would make little sense to do so because this Court would still have to determine the cause of the levee breach in order to resolve whether LNA or Ingram are liable to the plaintiffs.

A key issue will be whether the levee failed because of impact of the barge, or due to another cause, or whether it was the result of a combination of factors including the impact of the

barge. If this motion is granted and the Court eventually finds that LNA's alleged negligence was one of a number of causes of the failure, severance and transfer raises the possibility that Judge Duval may later rule to the contrary– that LNA is blameless and the fault lies with the government or elsewhere. Certainly this Court will not be able to finally apportion fault among Ingram, LNA, the government, and others if the third party action is transferred. The same issue will have to be relitigated before Judge Duval because the ruling could not bind the absent parties.

Moreover, the discovery in this action will have to address the various theories of the levee's failure. LNA and the United States will both need to participate, even if the third party action is severed. The severance will not narrow the scope of discovery. Similarly, LNA will presumably seek to introduce evidence at trial that even if the barge could have damaged the levee, the more likely reason for its failure is errors by the United States or others. This will require expert and factual testimony on the alleged government negligence even if the United States is not a party, so there will be little savings to the Court or litigants in the length or complexity of trial.

The precedents cited by the Group A plaintiffs are inapposite because they all address separate, distinct claims arising out of a common occurrence or transaction rather than alternative theories of causation. Other courts' refusal to join claims for payments under different sorts of bonds, *United States Fidelity and Guaranty Co. v. Perkins*, 388 F.2d 771 (10th Cir. 1968), or claims against parties over which they have no personal jurisdiction, *Zeus Projects Ltd, v. Perez y Compania de Puerto Rice, Inc.*, 187 F.R.D. 23 (D.P.R. 1999), do not justify the bifurcation of alternative theories of the causation of one event. Judge Feldman's recognition, in *Defourneau v.*

*Metropolitan Property and Casualty Co.*,[1] of the differences between claims of insurance fraud and allegations of negligence in the design and construction of levees is likewise irrelevant. Such claims are obviously distinct and severable.

## CONCLUSION

For the foregoing reasons, the Group A Plaintiffs' Motion to Transfer should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PETER G. MYER
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4043

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic notification this 24th day of April, 2007 on all counsel of record.

PETER G. MYER

---

[1] No opinion or order entered in *Defourneau v. Metropolitan Propertry and Casualty Co.*, this Court's C/A No. 06-3809, or *Johnson v. State Farm Fire and Casualty Co.*, C/A No. 06-6248, appears on Westlaw's website, published or unpublished.

3