UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | NO.: 05-4182 "K"(2) |
| LITIGATION | * | |
| | * | JUDGE DUVAL |
| _____ | * | |
| PERTAINS TO:  INSURANCE | * | MAGISTRATE JUDGE WILKINSON |
| *Vanderbrook*, No. 05-6323 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR ENTRY OF FINAL JUDGMENT**

**MAY IT PLEASE THE COURT:**

This Reply Memorandum is respectfully submitted on behalf of The Standard Fire Insurance Company, incorrectly named as Travelers Insurance Company and St. Paul Travelers Insurance Company in support of its Motion for Entry to Final Judgment.[1]

Plaintiffs do not dispute that the Fifth Circuit's decision is completely dispositive of this case.  They contend only that entry of a final judgment would be premature because their time to file a petition for certiorari in the United States Supreme Court has not yet expired.  Plaintiffs do not cite any rule, statute or caselaw that would allow this Court to stay the entry of a final judgment pending an application to the Supreme Court.  Plaintiffs' understanding of appellate

---

[1] The plaintiffs have not filed a memorandum in opposition to the Motion for Final Judgment filed by State Farm Fire and Casualty Company.  Rec. 8434.  In the event that plaintiffs' failure to file an opposition  to the State Farm motion, memorandum is an oversight by plaintiffs, counsel for State Farm has authorized  the undersigned counsel to represent that State Farm joins in this Reply Memorandum.

1

procedure is wrong.  A federal district court's implementation of a mandate from a federal court of appeals cannot be stayed pending a petition for certiorari, unless a stay is obtained from the court of appeals or from a justice of the Supreme Court.  Plaintiffs did not obtain such a stay in this case, and, accordingly, the mandate must be implemented.

When a federal court of appeals has issued its mandate, "a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court."  United States v. Lee, 358 F.3d 315, 320 (5th Cir. 2004) (internal quotation omitted).  A party wishing to obtain a stay of the mandate can file a motion for a stay in the court of appeals.  See Fed. R. App. P. 41(d)(2).  An application for a stay of the mandate may also be filed with the appropriate circuit justice of the Supreme Court.  See Supreme Court Rule 23; 28 U.S.C. § 2101(f).  The *Vanderbrook* Plaintiffs never sought a stay of the mandate.  The *Chehardy* Plaintiffs and Xavier University filed a motion for a stay of the mandate in the Fifth Circuit, which was denied.  (See Fifth Circuit Order dated Aug. 27, 2007, attached as Exhibit A hereto).  No stay was sought in the Supreme Court.

It is well-established that, unless a stay is granted by the court of appeals or by the Supreme Court, a judgment of a federal court of appeals may be implemented during the certiorari period, even where the judgment requires execution of a sentence of death in a criminal case.  Byrne v. Roemer, 847 F.2d 1130, 1134 (5th Cir. 1988).  A federal district court has no power to stay the mandate of an appellate court, and the possibility of a petition for certiorari does not halt implementation of the mandate by the district court.  See, e.g., United States v. Sears, 411 F.3d 1240, (11th Cir. 2005) (*per curiam*) ("[T]he mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from

proceeding in the district court.  A litigant desiring such cessation must seek and obtain a stay."); United States v. Lentz, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005) ("[A] district court has no jurisdiction to stay a circuit court's mandate . . . to await the outcome of a *certiorari* petition seeking review of the circuit court's decision, as this authority belongs exclusively to the circuit court or to a justice of the Supreme Court."); Brinkman v. Department of Corrections of State of Kan., 857 F. Supp. 775, 777 (D. Kan. 1994) (recognizing that "recent authority uniformly holds that only the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment," and holding that "[t]his court lacks jurisdiction to stay the Tenth Circuit's mandate, and the defendant apparently has not obtained a stay from the Tenth Circuit or a justice of the Supreme Court") (collecting cases).

In accordance with these well-established procedures, this Court has dismissed lawsuits in accordance with the Fifth Circuit's mandate where no stay of the mandate was obtained, but a petition for certiorari remained pending in the Supreme Court.  See Henderson v. Stalder, 265 F. Supp. 2d 699, 706 (E.D. La. 2003) (Duval, J.).

There is no basis for Plaintiffs' request to stay the implementation of the Fifth Circuit's mandate until their time to file a petition for certiorari in the Supreme Court has expired.  Only the Fifth Circuit and the Supreme Court have the power to issue such a stay.  A final judgment must therefore be entered.

## **CONCLUSION**

The Fifth Circuit's decision is dispositive of this case.  The possibility that Plaintiffs might file a petition for a writ of certiorari in the United States Supreme Court, or even the filing of such a petition, is not grounds for staying the entry of a final judgment.  A final judgment should therefore be entered in favor of Standard Fire in this case.

Respectfully submitted,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
E-Mail:  rhubbard@lawla.com
        jguichet@lawla.com
        sschmeeckle@law.com

And

Of counsel:
Stephen E. Goldman (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8255
Facsimile:     (860) 275-8299
**Attorneys for The Standard Fire Insurance Company (incorrectly named as Travelers Insurance Company and St. Paul Travelers Insurance Company)**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle

4