UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY BERGERON | * | |
| | * | NO.  07-5896 |
| | * | |
| VERSUS | * | SECTION K(2) |
| | * | |
| AUTO CLUB FAMILY INSURANCE | * | JUDGE DUVAL |
| COMPANY | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Auto Club

Family Insurance Company, who answers the Plaintiff's Petition for Damages as follows:

## FIRST DEFENSE

The Plaintiff's Petition fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

And now answering the specific allegations of the Plaintiff's Petition for Damages,

Defendant avers as follows:

1.

The allegations of the first unnumbered paragraph of the Plaintiff's Petition (the preamble) does not require an answer on behalf of ACFIC.   To the extent that an answer is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegations of Paragraph 1 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

3.

The allegations of Paragraph 2 of the Petition are admitted.

4.

The allegations of Paragraph 3 of the Petition are denied as written except to admit that ACFIC has issued insurance policies in the State of Louisiana.

5.

The allegations of Paragraph 4 of the Petition are admitted only to the extent that ACFIC issued a policy of insurance to the Plaintiff covering the subject property, which policy, as a written document, is the best evidence of its contents, terms, conditions, exclusions, and/or limitations, all of which are plead herein as if copied *in extenso*.   Any and all remaining allegations concerning the insurance policy are denied for lack of sufficient information upon which to justify a belief therein.

6.

The allegations of Paragraph 5 of the Petition are admitted only to the extent that ACFIC issued a policy of homeowners insurance to the Plaintiff for the subject property, which policy,

as a written document, is the best evidence of its contents, terms, conditions, exclusions and/or limitations, all of which are plead herein as if copied *in extenso.*

7.

The allegations of Paragraph 6 of the Petition are admitted.

8.

The allegations of Paragraphs 7 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

9.

The allegations of Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Petition are denied.

10.

The allegations of Paragraphs 18, 19, and 20 do not require an answer on behalf of ACFIC since they are legal conclusions and/or quotations from La. R.S. 22:1220. To the extent that an answer is required, ACFIC denies that it is in any way liable for any bad faith damages, penalties, attorney's fees, or other damages under 22:1220 inasmuch as ACFIC has at all times pertinent hereto acted in good faith in the adjustment in the handling of this claim.

11.

The allegations of Paragraphs 21, 22, and 23 of the Petition are denied.

12.

The allegations of Paragraph 24 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations of Paragraph 25 of the Petition are denied.

14.

The allegations of Paragraph 26 of the Petition do not require an answer on behalf of ACFIC since it is merely the Plaintiff's request for a trial by jury.

15.

The allegations of the prayer in the Petition are denied.

16.

Any and all unnumbered, misnumbered or otherwise unanswered paragraphs of the Plaintiff's Petition, including any and all paragraphs which imply or impute liability, culpability, and/or responsibility on the part of ACFIC for the events and/or damages made the basis of this litigation, are denied.

## THIRD DEFENSE

ACFIC has satisfied any and all duties owed to the Plaintiff in good faith and has adjusted and offered settlement for any and all property damages covered under the homeowners policy issued to the Plaintiff, and ACFIC owes no further duties to the Plaintiff.

## FOURTH DEFENSE

ACFIC specifically pleads the contents, terms, conditions, and/or exclusions of the homeowners insurance policy number P0-123965-1, which policy, as a written document, is the best evidence of its contents, terms, conditions, and/or exclusions, all of which are pled herein as if copied *in extenso*.

## FIFTH DEFENSE

ACFIC's policy defines the types of perils for which coverage is provided, and excludes

certain perils, such as:

**"SECTION I – PERILS INSURED AGAINST:**

**"COVERAGE A – DWELLING and
COVERAGE B – OTHER STRUCTURES"**

**"We** insure against risk of direct loss to property described in Coverages A and B
only if that loss is a physical loss to property. **We** do not, however, insure for
loss:"

. . .

"2. Caused by:"

. . .

"e.     Any of the following:

(1)     Wear and tear, marring, deterioration;

(2)     Inherent vice, latent defect, mechanical breakdown;

(3)     Smog, rust or other corrosion, mold, wet or dry rot;

(4)     Smoke from agricultural smudging or industrial operations;

(5)     Discharge, dispersal, seepage, migration, release or escape
of pollutants unless the discharge, dispersal, seepage, migration,
release or escape is itself caused by a Peril Insured Against under
Coverage C of this policy."

ACFIC avers that the losses claimed herein do not fit within the category

of a covered peril.

## SIXTH DEFENSE

Coverage for any loss of use of the insured premises is limited as follows:

**"SECTION I – PROPERTY COVERAGES:**

5

**"COVERAGE D – Loss of Use"**

The limit of liability for Coverage D is the actual loss sustained within 12 months from the date of the loss for 1. and 2. below:

1.      If a loss covered under this Section makes that part of the **residence premises** where **you** resident not fit to live in, **we** cover the Additional Living Expense, meaning any necessary increase in living expenses incurred by **you** so that **your** household can maintain its normal standard of living.

Payment will be for the shortest time required to repair or replace the damage or, if **you** permanently relocate, the shortest time required for **your** household to settle elsewhere.

2.      If a loss covered under this Section makes that part of the **residence premises** rented to others or held for rental by **you** not fit to live in, **we** cover the:

> **Fair Rental Value,** meaning the fair rental value of that part of the **residence premises** rented to others or held for rental by **you** less any expenses that do not continue while the premises is not fit to live in.

Payment will be for the shortest time required to repair or replace that part of the premises rented or held for rental.

<u>**SEVENTH DEFENSE**</u>

The ACFIC insurance policy issued to the Plaintiff also contains several

exclusions applicable to the damages being claimed by the Plaintiff, which

exclusions include, but are not limited to:

**"SECTION I – EXCLUSIONS"**

"1.      **We** do not insure for loss caused directly or indirectly by any of the following.   Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence of the loss.

> a.      **Ordinance of Law,** meaning any ordinance or law:
>        (1)      Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris.   This exclusion 1.a.(1) does not apply to the amount of coverage that may be provided for under

6

ADDITIONAL COVERAGES, Glass or Safety Glazing Material or Ordinance or Law;

(2)     The requirements of which result in a loss in value to property; or

(3)     Requiring any **insured** or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess the effects of, pollutants.

Pollutants mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

This exclusion applies whether or not the property has been physically damaged.

b.     **Earth Movement,** meaning earthquake including land shock waves or tremors, before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting; or any earth movement caused by man or man-made forces unless direct loss by:

(1)     Fire; or

(2)     Explosion;

ensued and then **we** will pay only for the ensuing loss. This exclusion does not apply to loss by theft.

c.     **Water Damage,** meaning:

(1)     Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2)     Water which backs up through sewers or drains or which overflows from a sump; or

(3)     Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway foundation, swimming pool or other structure.

Direct loss by fire, explosion or theft resulting from water damage is covered.

7

d.      **Power Failure**, meaning the failure of power or other utility service if the failure takes place off the **residence premises**.  But, if the failure of power or other utility service results in a loss, from a Peril Insured against on the **residence premises, we** will pay for the loss or damage caused by that Peril Insured Against."

. . .

"2.      **We** do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

a.      **Weather conditions**.  However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1, above to produce the **loss**;

b.      **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;

c.      **Faulty, inadequate or defective**:

(1)      Planning, zoning, development, surveying, sitting;

(2)      design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction.

(3)      Materials used in repair, construction, renovation or remodeling; or

(4)      Maintenance;

of part or all of any property whether on or off the **residence premises**."

## EIGHTH DEFENSE

To the extent that the Plaintiff is claiming damages due from mold, bacteria and/or fungi, the following conditions, exclusions and/or limitations apply:

It is agreed that the following changes apply to your policy:

**"DEFINITIONS"**

"The following definitions are added:

**"Fungi"**

8

a.      **Fungi** means any type of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by **fungi**.

b.      Under Section II, this does not include any **fungi** that are, are on, or are contained in, products or goods intended for consumption.

**"Bacteria"**

**Bacteria** means any type, kind or form or bacterium.

**"SECTION I – PROPERTY COVERAGES"**

**"COVERAGE D – Loss of Use"**

"The following is added to Paragraph 1.

However, any expense due to **fungi**, wet or dry rot, or **bacteria** will not be paid in addition to any amount paid or payable under the Additional Coverage **Fungi, Wet or Dry Rot, or Bacteria**.

The following is added to Paragraph 2.

However, **Fair Rental Value** due to **fungi**, wet or dry rot, or **bacteria** will not be paid in addition to any amount paid or payable under the Additional Coverage **Fungi, Wet or Dry Rot, or Bacteria**."

**"ADDITIONAL COVERAGES"**

"The following additional coverage is added:

12.      **Fungi, Wet or Dry Rot, or Bacteria.**  If a loss caused by a Peril Insured Against under Section1 results in fungi, wet or dry rot, or **bacteria**, we will pay for:

     a.      Remediation of the **fungi**, wet or dry rot, or **bacteria**.  This includes payment for the reasonable and necessary cost to:

          (1)      Remove the **fungi**, wet or dry rot, or **bacteria** from covered property or to repair, restore or replace that property; and

          (2)      Tear out and replace any part of the building as needed to gain access to the **fungi**, wet or dry rot, or **bacteria**.

     b.      Any reasonable and necessary increase in living expense **you** incur so that **your** household can maintain its normal standard of living or loss

9

of fair rental value of the **fungi**, wet or dry rot, or **bacteria** makes the **residence premises** not fit to live in. **We** do not cover loss or expense due to cancellation of a lease or agreement; and

c.  Any reasonable and necessary testing or monitoring of air or property to confirm the absence, presence or level of the **fungi**, wet or dry rot, or **bacteria**, whether performed prior to, during or after removal, repair, restoration or replacement. The cost of such testing will be provided only to the extent that there is a reason to believe that there is the presence of **fungi**, wet or dry rot, or **bacteria**.

**We** will pay under this additional coverage only if:

a.  The covered loss occurs during the policy period;

b.  All reasonable means were used to save and preserve the property at the time of and after the covered loss; and

c.  **We** receive prompt notice of the covered cause of loss that is alleged to have resulted in **fungi**, wet or dry rot, or **bacteria**.

The most **we** will pay under this additional coverage is $10,000. This is the most **we** will pay for the total of all loss or costs regardless of the number of locations or items of property insured under this policy or the number of losses or claims made.

This is not additional insurance and does not increase the limit of liability that applies to the damaged property. The policy deductible will apply to this additional coverage."

## NINTH DEFENSE

The Plaintiff has failed to comply with all of the following conditions of the

insurance policy which precludes coverage:

## SECTION I – CONDITIONS

"1.  **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, **we** will not be liable in any one loss:
a.  To any **insured** for more than the amount of the **insured's** interest at the time of loss; or
b.  For more than the applicable limit of liability.

10

2.    **An Insured's Duties After Loss.** In case of a loss to covered property, **you** must see that the following duties are complied with. We have no duty or obligation t provide any coverage under this policy unless **you** or any **insured** making a claim under this policy have fully complied with the following conditions and duties.

    a.      Give prompt notice to **us**;

    b.      Notify the police in case of loss by theft;

    c.      Notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;

    d.      Protect the property from further damage. If repairs to the property are required, **you** must:

        (1) Make reasonable and necessary repairs to protect the property; and

        (2) Keep an accurate record of repair expenses;

    e.      Prepare and submit to **us** within 60 days of the loss an inventory of damaged personal property using the forms **we** provide showing the quantity, description, place of purchase, date of purchase, original cost, actual cash value, replacement cost and amount **you** are claiming as a loss. You must attach all bills, receipts and related documents that justify the figures in the inventory;

    f.      As often as **we** reasonably require:

        (1) Show the damaged property;

        (2) Provide **us** with records and documents **we** request and permit **us** to make copies; and

        (3) Any **insured** must submit to examination under oath, as often as **we** may reasonably request, while not in the presence of any other **insured** and sign the same;

    g.      Send to **us**, within 60 days after **our** request, **your** signed, sworn proof of loss, using the form **we** provide, which sets forth, to the best of **your** knowledge and belief:

        (1) The time and cause of loss;

        (2) The interest of the **insured** and all others in the property involved and all liens on the property;

        (3) Other insurance which may cover the loss;

        (4) Changes in title or occupancy of the property during the term of the policy;

        (5) Specifications of damaged buildings and detailed repair estimates;

        (6) The inventory of damaged personal property described in 2.e. above;

        (7) Receipts for additional living expenses incurred and records that support the fair rental value loss; and

        (8) Evidence or affidavit that supports a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

    h.      All **insureds** must help **us** and cooperate with **us** in the investigation of any claim presented under this policy.

11

* * *

8.    **Suits Against Us.**  No action can be brought unless the policy provisions
have been fully complied with and the action is started within one year after the
date of loss."

## TENTH DEFENSE

The damages the Plaintiff is seeking in the Complaint are not covered, or alternatively are

unambiguously excluded under the policy provisions quoted above.

## ELEVENTH DEFENSE

The damages the Plaintiff is seeking were caused entirely by rising water and/or flood

waters, or by other excluded perils, which are not covered and are specifically excluded under

the homeowners insurance policy issued to the Plaintiff.

## TWELFTH DEFENSE

In the alternative, the damages claimed by the Plaintiffs were caused at least partially by

rising waters and/or flood waters, or by other excluded perils, which damages are not covered or

are excluded under the homeowners insurance policy issued by ACFIC to the Plaintiff and/or

therefore, are not recoverable.

## THIRTEENTH DEFENSE

The Plaintiff has failed to mitigate his damages and/or property losses and/or further

protect the property following this loss, and/or he has failed to act reasonably with regard to

repair and/or preservation of the covered property.

## FOURTEENTH DEFENSE

The Plaintiff has failed to provide satisfactory proof of loss with regard to his claims and

have further failed to satisfy all of their obligations and duties under the insurance policy, a

condition precedent to their claim, and, therefore, the Plaintiff's failure to comply with all of the

duties outlined in the insurance policy, have rendered their claim unrecoverable and/or premature.

## FIFTEENTH DEFENSE

ACFIC pleads by notice any and all affirmative defenses available to it under the Federal Rules of Civil Procedure and applicable jurisprudence as if specifically stated herein.

## SIXTEENTH DEFENSE

ACFIC is entitled to a credit for any and all payments previously made to the Plaintiff for the damages claimed in the Complaint, whether said payments were made by ACFIC, any other flood insurance carrier, or any other source.

## SEVENTEENTH DEFENSE

ACFIC reserves the right to plead any other defenses which may be shown applicable by discovery.

**WHEREFORE**, Defendant, Auto Club Family Insurance Company,  prays that this Answer be deemed good and sufficient, and that after all due proceedings are had, the Plaintiff's Complaint be dismissed, with prejudice, and at Plaintiff's costs.

Respectfully submitted:

**CHOPIN, WAGAR, RICHARD**
**& KUTCHER, L.L.P.**

By:_____

**JASON P. FOOTE (#25050)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana  70002
Telephone:  (504) 830-3838
*Attorneys for Defendant, Auto Club Family*
*Insurance Company*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2007, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to persons electronically noticed.  I further certify that I mailed by first-class mail and/or

forwarded by facsimile the foregoing document and the notice of electronic filing o any non-

CM/ECF participant.

JASON P. FOOTE