**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

In Re:  KATRINA CANAL BREACHES *      CIVIL ACTION NO. 05-4182
     CONSOLIDATED LITIGATION *
                        *      SECTION "K"
                        *
PERTAINS TO:          *      MAGISTRATE (2)
NO.   07-5023          *
     07-5040          *      JUDGE DUVAL
                        *
                        *      MAGISTRATE WILKINSON
* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO INTERVENE**

**MAY IT PLEASE THE COURT:**

This memorandum is filed primarily to comply with the Local Rules which require that a memorandum accompany all motions noticed for hearing.  Briefly, in a series of rulings previously entered by the Learned District Judge, claims against the State of Louisiana, its agencies, etc., were dismissed on the grounds of the State's immunity from being required to litigate claims against it, etc. in Federal Court by virtue of the 11th Amendment to the U.S. Constitution.  However, the jurisprudence is also to the effect that a State may voluntarily waive 11th Amendment immunity by expressly invoking Federal Court jurisdiction.  _Clark v. Barnard_, 108 U.S. 436, 2 S.Ct. 878 (1883) and its progeny;  _Lapides v. Board of Regents of University System of Georgia_, 535 U.S. 613, 122 S.Ct. 1640 (2002) and cases cited therein.  The issue of waiver was specifically

preserved as an appealable issue by undersigned counsel (Record Document No. 7399, pp. 13-14, and the District Court's erroneous rulings on the issue currently are on appeal to the United States Court of Appeals for the Fifth Circuit in Case Nos. 06-30840 and 06-30841.

On August 29, 2007, the two-year anniversary of Hurricane KATRINA, the State of Louisiana, both through Attorney General Charles C. Foti and through private attorneys, instituted two separate civil actions in This Honorable Court, and more particularly Civil Action No. 07-5023 and 07-5040, seeking $200 billion dollars in property damages allegedly sustained directly by the State as a result of legal fault by the United States of America prior to, during and since Hurricane KATRINA, arising out of the very same transactions and occurrences on which claims against the State, etc. have been dismissed previously.  The parties who seek leave to intervene in those two civil actions as plaintiffs respectfully submit that by virtue of the State's voluntary decision to expressly invoke Federal Court jurisdiction, waiver of 11th Amendment immunity from being required to litigate claims against the State in Federal Court has occurred.  Indeed, if This Honorable Court were to hold waiver has not occurred under the facts and circumstances extant here, then the Doctrine of Waiver must be deemed to be devoid of any meaning whatsoever.

The Motion for Leave to Intervene should be granted.

Respectfully submitted,

**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**Counsel for Plaintiffs**

**By:     S/Ashton R. O'Dwyer, Jr.**
          **Ashton R. O'Dwyer, Jr.**

**Bar No. 10166**
**821 Baronne Street**
**New Orleans, LA 70113**
**Tel. 504-679-6166**
**Fax. 504-581-4336**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum has been served upon all counsel of record via electronic filing this 29th day of October 2007.

S/Ashton R. O'Dwyer, Jr.