UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES | * CIVIL ACTION NO: 05-4182 |
| CONSOLIDATED LITIGATION | * |
| | * SECTION: "K(2)" |
| | * |
| | * JUDGE: DUVAL |
| PERTAINS TO: | * |
| INSURANCE | * MAG.: WILKINSON |
| | * |
| GOMEZ v. AMERICAN BANKERS INS. CO. | * |
| CIVIL ACTION NO. 07-4536 | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("American Bankers")(denominated as "American Bankers Insurance Company" in Complaint), a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1]

---

[1] 42 U.S.C. §4001, *et seq.*

-1-

appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States"[3] and files the following Answer and Affirmative Defenses.   American Bankers respectfully avers as follows:

I.

The allegations contained in paragraph 1 of Plaintiffs' Complaint are admitted to the extent that American Bankers is a foreign corporation issuing insurance policies in Louisiana, otherwise denied.

II.

The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted.

III.

The allegations contained in paragraph 3 of the Plaintiffs' Complaint are admitted, although the correct policy number is 1011132736.

IV.

The allegations contained in paragraph 4 of the Plaintiffs' Complaint are admitted.

V.

The allegations contained in paragraph 5 of the Plaintiffs' Complaint are admitted to the extent that the Plaintiffs' home was damaged, however denied due to lack of sufficient information upon which to base a belief that said damage was significant.

VI.

---

[2]  44 C.F.R. §62.23(f).

[3]  42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

The allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

VII.

The allegations contained in paragraph 7 of the Plaintiffs' Complaint are admitted to the extent that the Plaintiffs' home was damaged by rising water and flood, however denied due to lack of sufficient information upon which to base a belief that said damage was significant.

VIII.

The allegations contained in paragraph 8 of the Plaintiffs' Complaint are admitted.

IX.

The allegations contained in paragraph 9 of the Plaintiffs' Complaint are admitted that Defendant assigned an adjuster to evaluate plaintiffs' flood damage, however, denied that said adjuster is the Defendant's "legal agent."

X.

The allegations contained in paragraph 10 of the Plaintiffs' Complaint are denied.

XI.

The allegations contained in paragraph 11 of the Plaintiffs' Complaint are denied.

XII.

The allegations contained in paragraph 12 of the Plaintiffs' Complaint are denied.

XIII.

The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied.

XIV.

Paragraph 14 of the Plaintiffs' Complaint does not require a response of Defendant, however in an abundance of caution, American Bankers reasserts its answers to paragraphs I-XIII as if copied *in extenso*.

XV.

The allegations contained in paragraph 15 of the Plaintiffs' Complaint are denied.

XVI.

The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied.

XVII.

The allegations contained in paragraph 17 of the Plaintiffs' Complaint are denied.

XVIII.

Paragraph 18 of the Plaintiffs' Complaint does not require a response of Defendant, however in an abundance of caution, American Bankers reasserts its answers to paragraphs I-XVII as if copied *in extenso*.

XIX.

The allegations contained in paragraph 19 of the Plaintiffs' Complaint are denied.

XX.

The allegations contained in paragraph 20 of the Plaintiffs' Complaint are denied.

XXI.

Paragraph 21 of the Plaintiffs' Complaint does not require a response of Defendant, however in an abundance of caution, American Bankers reasserts its answers to paragraphs I-XX as if copied *in extenso*.

XXII.

The allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

XXIII.

The allegations contained in paragraph 23 of the Plaintiffs' Complaint are denied.

XXIV.

The allegations contained in paragraph 24 of the Plaintiffs' Complaint are denied.

XXV.

Paragraph 25 of the Plaintiffs' Complaint does not require a response of Defendant, however in an abundance of caution, American Bankers reasserts its answers to paragraphs I-XXIV as if copied *in extenso*.

XXVI.

The allegations contained in paragraph 26 of the Plaintiffs' Complaint are denied.

XXVII.

The allegations contained in paragraph 27 of the Plaintiffs' Complaint are denied.

XXVIII.

Paragraph 28 of the Plaintiffs' Complaint does not require a response of Defendant, however in an abundance of caution, American Bankers reasserts its answers to paragraphs I-XXVIII as if copied *in extenso*.

XXIX.

The allegations contained in paragraph 29 of the Plaintiffs' Complaint are denied.

XXX.

The allegations contained in paragraph 30 of the Plaintiffs' Complaint are denied.

XXXI.

Paragraph 31 of the Plaintiffs' Complaint does not require a response of Defendant, however in an abundance of caution, American Bankers reasserts its answers to paragraphs I-XXX as if copied *in extenso*.

XXXII.

The allegations contained in paragraph 32 of the Plaintiffs' Complaint are denied.

XXXIII.

The allegations contained in paragraph 33 of the Plaintiffs' Complaint are denied.

XXXIV.

American Bankers denies that the Plaintiffs are entitled to the relief sought in their Prayer for Relief following paragraph 33 of the Plaintiffs' Complaint.

AND NOW, further answering, comes Defendant, American Bankers Insurance Company, for the purpose of asserting the following affirmative defenses, to wit:

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim for which this Honorable Court may grant relief.

**SECOND DEFENSE**

All state law based extra-contractual claims are preempted and barred by federal statutory, regulatory and constitutional law.

**THIRD DEFENSE**

The Standard Flood Insurance Policy is a single risk policy that insures against "direct physical loss by or from flood" and then only to the terms and extent permitted by the SFIP and the controlling federal laws, rules and regulations.  Any damage not caused <u>directly</u> by or from flood are not afforded coverage under the SFIP.

**FOURTH DEFENSE**

The Standard Flood Insurance Policy is not a valued policy as per Article II of the SFIP, definition 28.

**FIFTH DEFENSE**

In an abundance of caution, Defendant pleads as an affirmative defense the limitations set forth in the Standard Flood Insurance Policy in Article III, Coverages A, B, and C – and all subparts thereto, as affirmative defenses.

**SIXTH DEFENSE**

No supplemental claims are allowed in the NFIP.

**SEVENTH DEFENSE**

Defendant pleads Article VII(J) of the SFIP and all subparts thereto as a defense.  There is no timely submitted, signed and sworn Proof of Loss, and no documentation supporting any greater payments to the Plaintiffs, for any amounts over and above what has already been paid to the Plaintiffs as required by Article VII(J) of the SFIP.  As per Article VII(J), the independent adjusters are provided "as a courtesy only" to assist with the Proof of Loss requirement and the burden to present the claim lies solely with the insured.  Furthermore, Article VII(J)(9) of the SFIP is only applicable if the total claim is $7,500 or less, and Plaintiffs' claims exceed $7,500

-7-

as per the Complaint.  In any event, there was not compliance with the requirements of Article VII(J)(9) by the Plaintiffs.

## EIGHTH DEFENSE

Policy limits were paid to the insureds for their loss, so no further funds are due them.

## NINTH DEFENSE

Defendant pleads as an Affirmative Defense Article II, Definitions, of the SFIP.

## TENTH DEFENSE

In an abundance of caution, and because Defendant does not know what damages Plaintiffs are seeking, Defendant pleads as Affirmative Defense Articles IV and V of the SFIP, and all subparts thereto.

## ELEVENTH DEFENSE

The SFIP in question in this lawsuit was written by the U.S. Government (not this Defendant), pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Part 61, App. A(1) (2004 edition).  As the federal government is the ultimate underwriter of the NFIP, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of the Plaintiffs' allegations premised upon state law provisions are completely preempted, unfounded and inapplicable.

## TWELFTH DEFENSE

The question of whether the Plaintiffs are entitled to anything, and if so how much, is strictly governed by the SFIP's Declarations Page, a part of the policy, and all of the SFIP's terms and conditions as set forth at 44 C.F.R. Part 61, Appendix A(1)(2004 edition), together

with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

## THIRTEENTH DEFENSE

Plaintiffs must comply with "all" the terms and conditions of the SFIP before filing the lawsuit as per Article VII(R) of the SFIP.  As Plaintiffs failed to comply with "all" the terms and conditions, Plaintiffs have no right and no cause of action against American Bankers.

## FOURTEENTH DEFENSE

Defendant pleads as an affirmative defense Article VI of the SFIP, as separate deductibles apply to each separate and independent loss caused directly by or from flood.

## FIFTEENTH DEFENSE

All state-law-based extra-contractual claims are preempted and barred by federal, Constitutional, regulatory and statutory law.  See also Article IX of the SFIP.  Further because claims payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for legal interest are barred by the "no interest rule," which prohibits such an award as a direct charge on the U.S. Treasury.

## SIXTEENTH DEFENSE

All persons are charged with knowledge of the published federal laws, rules and regulations.

## SEVENTEENTH DEFENSE

No part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by the WYO Carrier.  The only person who may make such a waiver is the Federal Insurance Administrator, it must be made in writing.  No evidence of any

such waiver specific to Plaintiff such that any additional amounts could be paid to them has been presented.  See Article VII(D) of the SFIP; and 44 C.F.R. § 61.13(d).

### EIGHTEENTH DEFENSE

Plaintiffs' lawsuit is prescribed, as Plaintiffs had one year from the denial of their claim in whole or in part to file a lawsuit.  See, 44 C.F.R. Part 61, App. A(1), Art. VII.R.  Plaintiffs received partial denial of their claim and notice to file within one year on February 25, 2006.

### NINETEENTH DEFENSE

Representations regarding the extent and scope of coverage that are inconsistent the terms of the Standard Flood Insurance Policy are void as a matter of federal law and the insurance agent acts for and is the agent of the insured, not the WYO carrier.  See 44 C.F.R. §61.5(e).

### TWENTIETH DEFENSE

Defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Defendant's logo.  Defendant agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency.   Defendant does not have the authority to change, alter or interpret the underwriting or claims guidelines of the National Flood Insurance Program.  FEMA and the Federal Insurance Administration are the sole authorities.

## TWENTY-FIRST DEFENSE

As all claims under the Standard Flood Insurance Policy are paid with U.S. Treasury funds, all payments must be in conformity with the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. See 42 U.S.C. § 4071(a)(1).  The separation of powers doctrine prohibits the payment of a claim in a manner not sanctioned by law.

## TWENTY-SECOND DEFENSE

American Bankers cannot be found liable for obeying the dictates of federal law.

## TWENTY-THIRD DEFENSE

American Bankers pleads that any other structures connected to the Plaintiffs' home are separate buildings requiring their own SFIPs.

## TWENTY-FOURTH DEFENSE

Damage from wind is excluded from coverage by Article V(D)(8) of the SFIP.

## TWENTY-FIFTH DEFENSE

State law penalties or claims of any type, including attorney fees, are preempted by Federal law surrounding the NFIP.

## TWENTY-SIXTH DEFENSE

While Defendant denies that any type of penalties or punitive damages of any sort are recoverable at all in this matter, out of an abundance of caution, Defendant asserts that any such award must be in accordance with the Supreme Court's ruling in *State Farm v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513 (2003).

-11-

## TWENTY-SEVENTH DEFENSE

Under the McCarren-Ferguson Act, including but not limited to 15 U.S.C. §1012(b), Congress did not tender the regulation of the operations of the NFIP to the 50 states, and as such, the Interstate Commerce Clause of the U.S. Constitution would apply to prohibit the application of state law to any issue of this case.

## TWENTY-EIGHTH DEFENSE

Pursuant to 44 C.F.R. § 61.5(e), the insurance agent is considered to be the agent of the insured, not of American Bankers, and any representations made to the Plaintiffs which do not conform to the terms and conditions of the SFIP, NFIP, or federal law are void.

## TWENTY-NINTH DEFENSE

Pursuant to 44 C.F.R. § 61.5(b) and Article I(1) of the SFIP, coverage may only be placed under the NFIP for a flood policy if the correct insurance premium has been paid in advance for the policy period sought to be insured.  If the insurance premium has not been paid in advance, there is no coverage per the NFIP rules and regulations, as well as the plain language of the SFIP itself.

WHEREFORE, Defendant, American Bankers Insurance Company of Florida, prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiffs against the Defendant, with prejudice, and at the Plaintiffs' costs.

Dated: October 30, 2007.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.

*/s/ William R. DeJean*
WILLIAM R. DEJEAN, La. S.B. 22762
GERALD J. NIELSEN, La. S.B. 17078
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: wdejean@nielsenlawfirm.com
Counsel for Defendant:
AMERICAN   BANKERS   INSURANCE
COMPANY OF FLORIDA

### CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2007, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Brian D. Katz, Esq.
Soren E. Gisleson, Esq.
Joseph E. Cain, Esq.
HERMAN, HERMAN, KATZ, & COTLAR
820 O'Keefe Ave.
New Orleans, Louisiana 70113

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

N/A.

*/s/ William R. DeJean*
William R. DeJean