UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: ALL INSURANCE CASES | SECTION "K" MAG "2" |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**SUR-REPLY MEMORANDUM IN OPPOSITION TO INSURANCE DEFENDANTS' JOINT MOTION TO: (1) MODIFY THE COURT'S MAY 1, 2006 CONSOLIDATION ORDER; AND (2) DECONSOLIDATE AND/OR SEVER CASES WITHIN THE INSURANCE UMBRELLA**

**May It Please The Court:**

NOW INTO COURT, comes the Plaintiffs' Subgroup Litigation Committee - Insurance ("PSLC-I") who respectfully submits this brief sur-reply memorandum in opposition to the Insurance Defendants' Motion to (1) Modify the Court's May 1, 2006 Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella (the "Motion"). The Insurance Defendants' reply memorandum in support of their Motion again fails to establish any basis for this Court to exercise its discretion to deconsolidate the Insurance cases at issue.

Specifically, this Court should reject the Insurance Defendants' suggestion that deconsolidation is warranted due to the Fifth Circuit's "prediction" of Louisiana law. While no Louisiana appellate court nor the Louisiana Supreme Court has ruled on the ambiguity of the "flood" exclusion, it is undisputed that a ruling is forthcoming, and that, under *Erie*, Louisiana courts have the final say when interpreting Louisiana law.[1] Although the Fifth Circuit may have considered Louisiana law in rendering its decision, the fact remains, as the Insurance Defendants themselves stated, that the Fifth Circuit's ruling is only a "prediction" of how the Louisiana Supreme Court may rule.[2] The PSLC-I respectfully submits that this Court should not exercise its discretion to deconsolidate the Insurance cases based simply on a "prediction," especially in light of the fact that the Louisiana Fourth Circuit Court of Appeal — a Louisiana appellate court — will issue a ruling in *Sher v. Lafayette* at any moment.

Indeed, it is a *fact*, not a prediction, that every Louisiana district court that has considered the ambiguity of the "flood" exclusion has ruled contrary to the Fifth Circuit. In this regard, the Insurance Defendants' reliance on *Shelp v. Natl'l Surety Corp.* is misplaced. The Insurance Defendants cite *Shelp* in support of their argument that when "persuasive data" suggests that the highest court of the state may decide contrary to the appellate court, the intermediate appellate opinion should be disregarded.[3] Here, the "persuasive data," *i.e.*, decisions from every Louisiana district court addressing the issue, suggests that the Louisiana Supreme Court will find the purported

---

[1] *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ashland Chem. Inc. v. Barco Inc.,* 123 F.3d 261, 265 (5th Cir. 1997).

[2] *See* Reply Memorandum in Support of Insurance Defendants' Motion to (1) Modify the Court's May 1, 2006 Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella at p.2.

[3] *See Shelp v. Nat'l Surety Corp.*, 333 F.2d 431, 439 (5th Cir. 1964).

2

"flood" exclusion to be ambiguous and unenforceable, directly contrary to the Fifth Circuit's ruling. Surely, the Insurance Defendants are not suggesting that decisions from Louisiana courts, who are best situated to interpret novel issues of Louisiana law, are unpersuasive.

Nor is the Insurance Defendants' attempt to distinguish the Fifth Circuit's decision in *Blair v. Sealift, Inc.* of any merit. Although there has not been an "intervening change" in the law, the Louisiana Supreme Court will ultimately decide the issue and have the final word, setting precedent which this Court is obligated to follow. Further, it is irrelevant that in *Blair*, the court based its decision on two Louisiana appellate court rulings and writ denials by the Louisiana Supreme Court, none of which are present here. If anything, *Blair* suggests that a ruling from a Louisiana appellate court or Louisiana Supreme Court overrides a contrary ruling by a federal court. Here, a decision by a Louisiana appellate court, and in turn, the Louisiana Supreme Court, is forthcoming in *Sher v. Lafayette*. Thus, deconsolidation of the Insurance cases is premature, and the ambiguity and enforceability of the "flood" exclusion remains a common issue of key importance.

Further, as discussed in the PSLC-I's original memorandum in opposition and without burdening this Court with repetition, several additional common issues exist among the Insurance cases warranting consolidation.[4] This very Court recognized these common issues in entering Case Management Order No. 4 governing the consolidated Insurance cases.[5] The Insurance Defendants'

---

[4] These issues include "the cost basis of goods and services utilized in the adjusting process to determine what amount would be paid for repair (pricing systems and cost databases); 2) the methodology for differentiating water damage from wind damage, and covered water damage from damage relating to levee or MRGO breaches; 3) the timing of water damage from wind versus the timing of water damage from levee or MRGO breaches; 4) the determination of whether there is a concurrent cause, and if so, the effect thereof; and 5) the claims handling procedure of a particular company in general." *See* Record Doc. 3299 at pp. 48-49.

[5] *See* Record Doc 3299 at pp. 48-49.

3

emphasis on the "unique" nature of individual insurance claims does not negate the fact that these common issues exist. Nor do the Insurance Defendants successfully argue that consolidation is hindering resolution of the Insurance cases. Indeed, no consolidation order from this Court prohibits the parties from engaging in settlement discussions or working towards settlement of any insurance dispute. Rather, this Court specifically ordered that litigation of individual issues should not be delayed.[6]

Moreover, the Insurance Defendants' citation of an order issued by Magistrate Wilkinson is entirely out of context. Although the Insurance Defendants are quick to argue that the common discovery tract is not operating efficiently, they conveniently fail to mention that they themselves sought a stay of the common discovery among the Insurance cases.[7] Indeed, Magistrate Wilkinson's order was issued in response to a motion to compel filed by the PLSC-I regarding the Insurance Defendants' objections to common discovery issued among the Insurance cases.[8] If anything, the facts indicate that the Insurance Defendants themselves are hindering the discovery process. In fact, important language in Magistrate Wilkinson's order — *omitted* by Insurance Defendants in their reply memorandum — suggests that it is the *parties*, not the facts or circumstances of the Insurance cases themselves, that are hindering the discovery process: "The parties are hereby notified that — unless *their handling of these matters improves* in terms of economy of action and efficiency in moving these claims toward resolution. . ."[9] Thus, the Insurance Defendants fail to establish that

---

[6] Record Doc. 3299 at p. 48.

[7] *See* Record Doc. 3372.

[8] *See* Record Doc. 6020; *See also* Record Doc. 6590.

[9] *See* Record Doc. 6590 at p. 7 (emphasis added).

4

deconsolidation of the Insurance cases would promote judicial economy and efficiency.

For these reasons and those discussed in PSLC-I's original memorandum in opposition, the PSLC-I respectfully requests that this Court deny the Insurance Defendants' Motion to (1) Modify the Court's May 1, 2006 Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella (the "Motion").

Respectfully Submitted:

/s/ Joseph J. Bruno
Joseph J. Bruno
PLAINTIFFS' LIAISON COUNSEL
jbruno@brunobrunolaw.com
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 525-1335
Fax: (504) 561-6775

FOR THE INSURANCE PLAINTIFFS
SUBGROUP LITIGATION COMMITTEE

Calvin C. Fayard, Jr. (La. Bar No. 5486)
LIAISON COUNSEL – INSURANCE PSLC
calvinfayard@fayardlaw.com
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925

AND

John N. Ellison, Esq.
jellison@andersonkill.com
ANDERSON, KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Ph: (215) 568-4202
Fax: (215) 568-4375
*Admitted Pro Hac Vice*

AND

James M. Garner (La. Bar No. 19589)
jgarner@shergarner.com
SHER, GARNER, CAHILL, RICHTER, KLEIN,
& HILBERT
909 Poydras Street, Suite 2800
New Orleans, LA 70112
Ph: (504) 299-2100
Fax: (504) 299-2300

AND

Joseph J. McKernan (La. Bar. No. 10027)
jemckernan@mckernanlawfirm.com
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph: (225) 926-1234
Fax: (225) 926-1202

AND

Drew A. Ranier (La. Bar No. 8320)
drainer@rgelaw.com
RANIER, GAYLE and ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Joseph J. Bruno
JOSEPH J. BRUNO