UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY MICHAEL LAWRENCE | * | |
| | * | CIVIL ACTION NO.  07-6454 |
| | * | |
| VERSUS | * | JUDGE STANWOOD DUVAL, JR. "K" |
| | * | |
| FEDERAL INSURANCE COMPANY | * | MAGISTRATE:JOSEPH WILKINSON,JR(2) |
| | * | |

**ANSWER**

NOW INTO COURT, through undersigned counsel, comes defendant, Federal Insurance Company ("Federal"), and in response to the Petition for Damages filed by plaintiff, Anthony Michael Lawrence, respectfully represents as follows:

I.

The allegations contained in paragraph 1 of the Petition are admitted upon information and belief.

II.

The allegations contained in paragraph 2 of the Petition are admitted.

III.

The allegations contained in paragraph 3 of the Petition are admitted.

IV.

In response to the allegations contained in paragraph 4 of the Petition, Federal admits that

Page 1

it issued a policy of insurance to the plaintiff, but avers that said policy is a written contract, the terms and conditions of which speak for themselves and are pled herein by reference, as if copied *in extenso*.

V.

In response to the allegations contained in paragraph 5 of the Petition, Federal admits that it issued a policy of insurance to the plaintiff, but avers that said policy is a written contract, the terms and conditions of which speak for themselves and are pled herein by reference, as if copied *in extenso*.

VI.

The allegations contained in paragraph 6 of the Petition are admitted.

VII.

The allegations contained in paragraph 7 of the Petition are denied as stated.

VIII.

The allegations contained in paragraph 8 of the Petition are denied for lack of sufficient information upon which to base a belief.

IX.

In response to the allegations contained in paragraph 9 of the Petition, Federal admits that it issued a policy of insurance to the plaintiff, but avers that said policy is a written contract, the terms and conditions of which speak for themselves and are pled herein by reference, as if copied *in extenso*.

Page 2

X.

The allegations contained in paragraph 10 of the Petition are denied as stated.

XI.

The allegations contained in paragraph 11 of the Petition are denied as stated.

XII.

The allegations contained in paragraph 12 of the Petition are denied.

XIII.

The allegations contained in paragraph 13 of the Petition are denied.

XIV.

The allegations contained in paragraph 14 of the Petition are denied.

XV.

The allegations contained in paragraph 15 of the Petition are denied.

XVI.

The allegations contained in paragraph 16 of the Petition are denied.

XVII.

The allegations contained in paragraph 17 of the Petition are denied.

XVIII.

The allegations contained in paragraph 18 of the Petition are denied.

XIX.

The allegations contained in paragraph 19 do not clearly require a response from this

defendant; however, in an abundance of caution, defendant admits that the subject statute has been accurately recited by plaintiff.

## XX.

The allegations contained in paragraph 20 do not clearly require a response from this defendant; however, in an abundance of caution, defendant admits that the subject statute has been accurately recited by plaintiff.

## XXI.

The allegations contained in paragraph 21 do not clearly require a response from this defendant; however, in an abundance of caution, defendant admits that the subject statute has been accurately recited by plaintiff.

## XXII.

The allegations contained in paragraph 22 of the Petition are denied.

## XXIII.

The allegations contained in paragraph 23 of the Petition are denied.

## XXIV.

The allegations contained in paragraph 24 of the Petition are denied.

## XXV.

The allegations contained in paragraph 25 of the Petition are denied.

## XXVI.

The allegations contained in paragraph 26 of the Petition are denied.

## XXVII.

The allegations contained in paragraph 27 of the Petition are admitted, and Federal joins in the prayer for trial by jury.

## XXVIII.

Any and all allegations contained in the prayer for relief are denied to the extent they pertain to Federal, and are otherwise denied for lack of sufficient information upon which to base a belief.

AND NOW FOR FURTHER ANSWER, Federal Insurance Company avers the following affirmative defenses:

## XXIX.

The Petition fails to state a claim upon which relief may be granted.

## XXX.

Without admitting any liability whatsoever on the part of Federal Insurance Company, any amounts that may be deemed recoverable by plaintiff under the Policy issued by Federal to plaintiff ("the Policy") is subject to the applicable policy deductible, limits of liability, valuation clauses, and all other policy terms, provisions, conditions, exclusions and limitations.

## XXXI.

Plaintiff has recovered all amounts due under the Policy for the loss at issue.

## XXXII.

Without admitting any liability whatsoever on the part of Federal Insurance Company,

Federal avers that it is not subject to any consequential damages, or economic loss, punitive damages, or any type of extra-contractual damages whatsoever because Federal and its agents at all times acted in good faith in handling plaintiff's claim and Federal has adjusted and continues to adjust plaintiff's claim in accordance with Louisiana law.

### XXXIII.

Plaintiff has failed to perform all of their obligations and to satisfy all conditions under the Policy under which they make claim against Federal Insurance Company, all to the prejudice of Federal. Plaintiff's failure to perform all Policy obligations and to satisfy all policy conditions bars plaintiff's action, in whole or in part.

### XXXIV.

Federal Insurance Company reserves the right to amend its answer by adding additional affirmative defenses, counterclaims, cross-claims or instituting third party actions as additional facts may be obtained through investigation or discovery.

### XXXV.

Federal Insurance Company asserts the affirmative defenses of laches, estoppel and the doctrine of unclean hands.

### XXXVI.

Federal Insurance Company specifically avers the affirmative defense of extinguishment of any and all obligations to plaintiff by virtue of its prior payments, all in accordance with appropriate claims handling, analyses, appraisals, and insurance adjusting practices.

Page 6

XXXVII.

Federal Insurance Company specifically and affirmatively avers that it has paid for the correct portions of damages attributable to covered perils under all coverages available to plaintiff under the Federal Insurance Company Policy for which a satisfactory proof of loss has been submitted.

XXXVIII.

Federal Insurance Company specifically pleads the terms, provisions, limits, and exclusions of its Policy issued to plaintiff as affirmative defenses which bar or diminish all recovery by plaintiff, including, but not limited to, the following Policy exclusions:

**Payment for a Loss**

**Special Limits**

**Water Backup.** We will not pay more than $5,000 for each occurrence caused by, contributed to, made worse by, or in any way resulting from the discharge, leakage, seepage, overflow, or back up from within a sewer or drain. This special limit also applies to each occurrence which is caused by, contributed to, made worse by, or in ay way resulting form the inadequate removal of water or water borne material by a sump pump or other drainage system.

**Deluxe House Coverage**
In Deluxe House Coverage, a "covered loss" includes **all risk** of physical loss to your house or other property covered under this part of your Masterpiece Policy, unless stated otherwise or an exclusion applies. Exclusions to this coverage are described in **Exclusions**.

**Extra Coverages**

In addition to covering the physical loss to your house, we also provide many related coverages. These payments are in addition to the amount of coverage for your house unless stated otherwise or an exclusion applies. All deductibles apply to Extra Coverages unless stated otherwise. Exclusions to these coverages are described in **Exclusions**.

Page 7

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## Additional living expenses

As described below, under certain conditions when your house cannot be lived in, we provide coverage for additional living expenses which consist of extra living expenses, loss of fair rental value and forced evacuation expenses. The maximum amount we will pay for all additional living expenses combined for each occurrence is 30% of the amount of house coverage as shown in your Coverage Summary of the house at which the loss occurs. The amount of coverage for additional living expenses will not be affected by any increase in the amount of house coverage caused by the application of extended replacement cost payment basis as provided in this policy. There is no deductible for this coverage.

**Extra living expenses.** If your house cannot be lived in because of a covered loss, we cover the reasonable increase in our normal living expenses that is necessary to maintain your household's usual standard of living. We cover this increase for the reasonable amount of time required to repair, replace or rebuild your house, or if you permanently relocate, the shortest amount of time required for your household to settle elsewhere. This period of time is not limited by the expiration of this policy.

**Fair rental value.** If part of your house which you usually rent to others cannot be lived in because of a covered loss, we cover its fair rental value for the reasonable amount of time required to repair, replace or rebuild the part of the house rented or held for rental, during the period of time it is usually rented. This period of time is not limited by the expiration of this policy.

**Forced evacuation expenses.** If your house cannot be lived in because a civil authority prohibits you from using it, we cover the reasonable increase in your normal living expenses that is necessary to maintain your household's usual standard of living. We also cover any loss in fair rental value if your house is usually held for rental, but we do not cover any loss of rents due to cancellation of a lease or agreement. The prohibition must be a direct result of a loss to neighboring premises that would be a covered loss under this policy. We cover these forced evacuation expenses for up to 30 days, even if the policy period ends during that time.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## Debris removal

We cover the reasonable expenses you incur to remove debris of a covered loss and of the property that caused a covered loss. We will pay up to 30% of the amount of coverage for your house at this location as shown in your Coverage Summary. The amount of coverage for debris removal will not

be affected by any increase in the amount of house coverage caused by the application of extended replacement cost payment basis as provided in this policy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Rebuilding to code**

After a covered loss, we cover the cost of conforming to any law or ordinance that regulates the repair, replacement, rebuilding or demolition of your house or other permanent structure made necessary by the covered loss. If the loss is to your house, we will pay up to 30% of the amount of coverage for the house as shown in your Coverage Summary. If the loss is to another permanent structure at the location of your house, we will pay up to 30% of the amount of coverage provided under the other permanent structures coverage. This coverage does not apply unless you repair, replace or rebuild your house or other permanent structure at the same location. The amount of coverage for rebuilding to code will not be affected by any increase in the amount of house coverage caused by the application of extended replacement cost payment basis as provided in the policy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Mold remediation expenses**

We provide coverage for mold remediation expenses you incur, made necessary by a covered loss to your house, other permanent structure, or to contents if contents coverage is provided under this policy. For each occurrence, we will pay up to a total of $10,000, plus any additional amount of coverage shown in the Coverage Summary for mold remediation expenses at this location. This coverage applies only to the portion of the house, other permanent structure or contents, which directly sustained the covered loss. These payments do not increase the amount of coverage for your house, other permanent structures, or contents.

"Mold remediation" means the reasonable and necessary costs not otherwise covered for:
· testing the indoor air quality for mold:
· testing the surfaces and materials of your house, other permanent structure or contents for mold;
· developing a mold remediation plan; and
· implementing a mold remediation plan including the clean up, removal, containment, treatment, or disposal of mild.
"Mold remediation also means the reasonable and necessary costs, including the increased cost, not otherwise covered for:
· removing debris solely due to mold; and
· Repairing or replacing covered property damaged or removed solely due to mold

Page 9

We also provide coverage for temporary relocation expense you incur, made necessary by mold remediation. For each occurrence, we will pay up to 20% of the total amount of mold remediation expense coverage. There is no deductible for temporary relocation expenses.
"Temporary relocation expenses" means:

- · the reasonable increase in your normal living expenses that is necessary to maintain your household's usual standard of living for the reasonable amount of time required to complete mold remediation; and
- · the fair rental value of that part of your house rented or held for rental, for the reasonable amount of time required to complete mold remediation, during the period of time it is usually rented.

"Contents" means personal property you or a family member owns or possesses covered by us.

"Mold" means fungi, mold, mold spores, mycotoxins, and the scents and other byproducts of any of these.

We will not make any additional payments for mold remediation expenses or temporary relocation expenses under any other Extra Coverage. The amount of coverage for mold remediation expenses and temporary relocation expenses is the most we will pay for the sum of all mold remediation expenses and temporary relocation expenses, regardless of the number of covered losses that occur during the policy period.

**Exclusions**

These exclusions apply to your Deluxe House Coverage, including the Extra Coverages, unless stated otherwise.

The words "caused by," mean any loss that is contributed to, made worse by, or in any way results from that peril.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Contamination.** We do not cover any loss caused by contamination, pollution, smog, or industrial or agricultural smoke. Nor do we cover the cost to extract pollutants or contaminants from land or water, or the cost to remove, restore or replace polluted or contaminated land or water. A "pollutant" is any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. A "contaminant" is an impurity resulting from the mixture of or contact of a substance with a foreign substance. "Waste" includes materials to be disposed of, recycled, reconditioned or reclaimed.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Structural movement.** We do not cover any loss caused by the settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings except loss to glass that is part of a building, storm door or storm window. But we do insure ensuing covered loss unless another exclusion applies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Discharge, overflow or backup.** We do not cover any loss caused by the discharge, leakage, seepage, overflow, or backup from within a plumbing system, sewer or drain when the discharge, leakage, seepage, overflow or backup exits the plumbing system, sewer or drain outside the foundation of your house or other permanent structure.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Surface water**. We do not cover any loss caused by:
- flood, surface water, waves, tidal water, or water borne material from any of these;
- overflow of water or water borne material from a body of water;
- run off of water or water born material from a paved surface, driveway, walkway, patio, or other similar surface; or
- spray from any of these,

from any source, even if driven by wind. But we do insure ensuing covered loss unless another exclusion applies.

**Ground water**. We do not cover any loss caused by water or water borne material in the ground, or by its pressure, leakage, or seepage. But we do insure ensuing coverage loss unless another exclusion applies.

**Water damage to outside structures**. We do not cover certain kinds of loss to a fence, pavement, patio, swimming pool, hot tub, septic system, foundation, retaining wall, bulkhead, pier, wharf, dock or bridge. These are losses caused by freezing, thawing, or the pressure or weight of water or ice, even if the water or ice is driven by wind. But we do insure ensuing covered loss unless another exclusion applies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Fungi and mold**. We do not provide coverage for the presence of mold or any loss caused by mold, other than as provided under the Extra Coverage, Mold remediation expenses. But we do cover

mold resulting from fire or lightning unless another exclusion applies. "Mold" means fungi, mold, mold spores, mycotoxins, and the scents and other byproducts of any of these.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Exclusions**

These exclusions apply to your Standard Contents Coverage, including the Extra Coverages, unless stated otherwise

The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Surface water**. We do not cover any loss caused by:

- · flood, surface water, waves, tidal water, or water borne material from any of these;
- · overflow of water or water borne material from a body of water;
- · run off of water or water born material from a paved surface, driveway, walkway, patio, or other similar surface; or
- · spray from any of these,

from any source, even if driven by wind. But we do insure ensuing covered loss unless another exclusion applies.

**Ground water**. We do not cover any loss caused by water or water borne material in the ground, or by its pressure, leakage, or seepage. But we do insure ensuing coverage loss unless another exclusion applies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Fungi and mold**. We do not provide coverage for the presence of mold or any loss caused by mold. But we do cover mold resulting from fire or lightning unless another exclusion applies. "Mold" means fungi, mold, mold spores, mycotoxins, and the scents and other byproducts of any of these.

## XXXIX.

Federal Insurance Company specifically and affirmatively pleads the due process provisions of the Louisiana and United States Constitutions as bars to any attempts by plaintiff to require Federal Insurance Company to pay for losses that do not result from covered perils.

## XXXX.

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff failed to give timely notice to Federal Insurance Company of the underlying matters at issue in this lawsuit.

## XXXXI.

Federal Insurance Company's obligation, if any, to reimburse or indemnify plaintiff with respect to the claims asserted in this action, is subject to limitation on account of the per occurrence and aggregate annual limits of the Policy of insurance at issue in this action.

## XXXXII.

Federal Insurance Company further pleads, in case the evidence shows that plaintiff failed to reasonably mitigate his damages, the affirmative defense of failure to mitigate as a bar to or in diminution of all recovery by plaintiff. Federal specifically and affirmatively avers that one or more of the losses of the plaintiff does not amount to total losses and the absence of total losses is pleaded as an affirmative defense which bars and/or diminishes all recovery by the plaintiff in this case.

XXXXIII.

In the event that any of the damages of the plaintiff does not result from covered perils, Federal Insurance Company avers the absence of the losses as a result of covered perils as an affirmative defense which bars and/or diminishes all recovery by the plaintiff in this case.

XXXXIV.

Federal Insurance Company further denies that the provisions of LA-R.S. 22:695, or any other law, require it to pay for losses, including total losses, that do not result from covered perils because such payments would be in violation of the National Flood Insurance Act. In connection with this denial, Federal Insurance Company specifically and affirmatively pleads the provisions of the National Flood Insurance Act as bars to any requirement of Federal Insurance Company to pay for total losses not resulting from covered perils.

WHEREFORE, Federal Insurance Company, prays that this its answer be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor dismissing plaintiff's claims with prejudice and awarding it all relief to which it may be entitled.

Respectfully submitted;

PLAUCHÉ MASELLI PARKERSON L.L.P.

s/Mark E. Young

By: _____
MARK E. YOUNG (#20432), T.A.
H. EDWARD BAROUSSE, III, (#28310)
GEORGE C. DRENNAN (#28025)
201 St. Charles Avenue, Suite 4240
New Orleans, Louisiana 70170-4240
Tel: (504) 582-1142, Fax: (504) 582-1172
Counsel for Federal Insurance Company

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th   day of October, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

George B. Recile

Chehardy, Sherman, Ellis, Murray, Recile, Griffith, Stakelum & Hayes, L.L.P.

One Galleria Blvd., Suite 1100

Metairie, LA 70001


I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CF/ECF participants:

None

s/Mark E. Young

MARK E. YOUNG, T.A. (#20432)
Counsel for Federal Insurance Company
**PLAUCHÉ MASELLI PARKERSON L.L.P.**
701 Poydras Street
Suite 3800 - One Shell Square
New Orleans, Louisiana 70139
Telephone:    (504) 582-1142
Facsimile:    (504) 582-1172
myoung@pmpllp.com

Page 16