UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: BARGE<br>(Lafarge, No. 07-5178) | §<br>§<br>§ | |

**UNITED STATES' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Defendant, the United States of America, submits this reply brief in support of its motion to dismiss Lafarge North America, Inc.'s ("LNA") action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the Plaintiff's opposition memorandum is without merit. This Court lacks subject matter jurisdiction over the Plaintiff's claims, and the United States' motion to dismiss should be granted.

**ARGUMENT**

1.  **The FTCA's and AEA's administrative exhaustion requirements are jurisdictional and cannot be waived.**

LNA's contention that it would be futile to exhaust its administrative remedies prior to filing suit is both legally insufficient and factually unfounded. The provisions of 28 U.S.C. § 2675(a) and 46 U.S.C. § 30101(c)(2) are jurisdictional in nature. *Gregory v. Mitchell,* 634 F.2d 199, 203-04 (5th

Cir. 1981); *Price v. United States,* 69 F.3d 45, 54 (5th Cir. 1995); *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1342 (5th Cir. 1991). Given the requirement's jurisdictional nature, a claimant's failure to exhaust its administrative remedies before bringing suit cannot be excused based on allegations of futility. *Indus. Constr. Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 967 (10th Cir. 1994) ("'[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive.' * * * A plaintiff's claim that administrative remedies were not pursued because pursuit would have been futile does not excuse this jurisdictional requirement." (internal citations omitted)); *Manko v. United States,* 830 F.2d 831, 840 (8th Cir. 1987) ("§ 2675(a) contains [no] exception for futile claims, and it would disrupt Congress's administrative claims procedure for a court to carve out such an exception.").

As noted by LNA (Pl. Opp'n Mem. at 5, Rec. Doc. 8602), this very Court addressed the availability of the futility doctrine to excuse noncompliance with the FTCA's administrative exhaustion requirement in *Green v. United States,* 2003 WL 1733250 (E.D. La. March 31, 2003) (Duval, J.), *reconsideration granted in relevant part,* 2003 WL 21500553 (E.D. La. June 24, 2003) (Duval, J.). LNA, however, conveniently omits from its opposition any discussion of this Court's ruling on reconsideration in *Green.*

*Green* was a survival and wrongful death action arising out of medical care rendered to the decedent, Charles Lewis, in a Veterans Administration hospital. The action was brought by several of the decedent's surviving children, only one of whom (Ronald Lewis) had presented an administrative claim before instituting the suit. When the United States moved to dismiss the claims of those plaintiffs who had not presented their own administrative claims, this Court initially denied the motion on the grounds that the agency's denial of Ronald Lewis's administrative claim

demonstrated that requiring the others to exhaust their administrative remedies would be an exercise in futility. *See Green*, 2003 WL 1733250 at *4.

On reconsideration, however, this Court held that the claims of the plaintiffs who had not presented their own administrative claims were subject to dismissal. *See Green*, 2003 WL 21500553 at *5. Significantly, in granting the United States' motion for reconsideration and ordering that the claims of these plaintiffs be dismissed for lack of subject matter jurisdiction, this Court in no way repudiated its prior determination that requiring them to exhaust their administrative remedies would be a futile exercise. Instead, regardless of the futility of requiring each of the plaintiffs to exhaust their administrative remedies, the dismissal of their claims was required because the FTCA's administrative exhaustion requirement is jurisdictional and may not be waived. *See Price v. United States*, 69 F.3d at 54.

In construing the FTCA's administrative claim requirement, moreover, the Supreme Court itself has emphasized that "Congress intended to require *complete* exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993) (emphasis supplied). Citing *McNeil*, the Fifth Circuit has held that a suit "that is filed before the expiration of the six-month waiting period, and thus is untimely, cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54. And the decisions of this Court are in complete accord. *See In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 763742 at *2 (E.D. La. March 9, 2007) (Duval, J.) (citing *Price*) (where district court has no subject matter jurisdiction at inception of case, subsequent amendments do not cure the original jurisdictional defects in suit brought under AEA); *Berthelot v. Boh Bros. Construc. Co., L.L.C.*, 2006 WL 2256995 at *16 (E.D. La. July 19, 2006) (Duval, J.) (citing *McNeil*) (FTCA suit filed before six-month waiting

3

period has elapsed must be dismissed even after the six-month period has run); *see also Berthelot v. Boh Bros. Construc. Co., L.L.C.*, 2007 WL 1239132 at *2 (E.D. La. Apr. 27, 2007) (Duval, J.) ("There is one central tenet as concerns a suit brought against the United States. [P]rior to filing suit, plaintiffs must have exhausted their administrative remedies.").

Given these controlling precedents, LNA's argument that futility excused the premature filing of its lawsuit must be rejected. Congress required the complete exhaustion of the administrative remedies before suit could be commenced under the FTCA and the AEA, and made no exceptions to this jurisdictional requirement for cases in which litigants assert that exhaustion would be futile. This Court previously has rejected the argument that noncompliance with the statutory exhaustion requirement can be excused based on allegations of futility, and LNA's similar assertions are equally unavailing in this case.

In any event, other than vague generalizations, LNA presents this Court with no evidence that the Government inevitably would have denied its administrative claim. In fact, LNA attached to its opposition as Exhibit "B" a letter issued to it by the Corps on August 22, 2007, acknowledging receipt of its claim and advising that its claim would be processed in due course. This evidence, without more, does not support LNA's assertion that exhaustion of its administrative remedies would have been futile.

LNA also contends that requiring exhaustion prior to filing suit would be futile because the Government filed an Answer denying identical allegations it asserted in its Third-Party Complaint in the matter styled, *"In Re: Ingram Barge"*, Civil Action No. 05-04419. *Cf. In re Ingram Barge Co.*, 2007 WL 837181 at *3 (E.D. La.) (March 14, 2007) (Berrigan, J.) (noting that FTCA exempts third-party claims from the administrative exhaustion requirement). Merely answering a third-party

complaint and pleading the defenses available to the United States does not demonstrate that requiring exhaustion in this case would be futile. Moreover, LNA's third-party complaints in other suits and the United States' answers thereto, have no effect upon whether this Court has jurisdiction over the claims asserted directly against the United States in this matter. LNA filed this suit directly against the United States for its property damage, business interruption and other damages and losses. Compl. ¶¶ V and XI.

2. **There was no "oddity of the calendar" or unusual circumstances which prevented LNA from filing a timely administrative claim.**

The AEA provides that in a civil action against the United States for injury or damage done or consummated on land by a vessel on navigable waters, the Suits in Admiralty Act (SAA) or the Public Vessels Act (PVA) provide the exclusive remedy. *See* 46 U.S.C. § 30101(c)(1). Actions under the SAA and the PVA must be brought within two years after the cause of action arose. *See* 46 U.S.C. § 30905; *McMahon v. United States*, 342 U.S. 25, 27 (1951); *Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1343. The AEA further provides, however, that a civil action against the United States may not be brought until the expiration of the 6-month period after the claim has been presented in writing to the appropriate Federal agency. *See* 46 U.S.C. § 30101(c)(2); *Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1343.[1]

---

[1]The FTCA requires that before instituting an action, the plaintiff must present its claim in writing to the appropriate Federal agency and wait until either the agency finally denies the claim in writing or six months elapse without the agency making a final disposition of the claim. *See* 28 U.S.C. § 2675(a). However, unlike the SAA, which requires that suit be brought within two years of the claim arises, the FTCA requires that the claim be presented to the appropriate Federal agency within two years after it accrues. *See* 28 U.S.C. § 2401(b). If the agency does not finally deny the claim in writing, the FTCA affords the plaintiff the option of allowing the claim to remain pending before the agency indefinitely. *See McAllister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991) (no time limit on exercise of plaintiff's option to deem claim denied in absence of written denial by agency). If, however, the agency does finally deny the claim in

In order to comply with the AEA's administrative exhaustion requirement, therefore, the plaintiff must present an administrative claim to the appropriate Federal agency sufficiently in advance of the filing of suit to allow six months to elapse before the running of the two-year limitations period. In *Loeber*, for example, the Fifth Circuit explained the interplay of the AEA's exhaustion requirement and the SAA's statute of limitations as follows:

> As the Loebers' cause of action arose on June 13, 1988, they had until June 13, 1990, to file suit. Because the AEA mandates a six-month waiting period from the filing of a claim to the filing of a suit, the Loebers had until December 13, 1989, to submit a written claim to the Department of the Navy if they desired to file suit before the statutory period expired on June 13, 1990.

*Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1343.

Here, LNA admits that its suit was premature in that it did not wait the full six months prescribed by both the AEA and the FTCA before bringing its suit. It seeks to excuse the admitted prematurity of its suit by arguing that an "oddity of the calendar," coupled with the SAA's limitations period, "forced LNA's hand" and required it to file its suit three days before the statutory six-month waiting period expired. Pl. Opp'n Mem. at 3, Rec. Doc. 8602. Conspicuously absent from LNA's opposition, however, is any explanation as to why LNA did not simply present its claim before March 1, 2007. Had it presented its claim on February 28, 2007, for example, the statutory six-month waiting period under both the FTCA and the AEA would have expired on August 28, 2007. If LNA had presented its claim on February 28, 2007, its lawsuit would not have been premature and also would have been instituted within the two-year limitations period for bringing suit under the SAA.

---

writing, the plaintiff must commence suit within six months after the date of mailing by certified or registered mail of the notice of final denial. *See* 28 U.S.C. § 2401(b).

6

As the Supreme Court has stated in the context of the FTCA, "[t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *McNeil v. United States*, 508 U.S. at 112. Thus, the Court upheld the dismissal of the prematurely filed action even though the petitioner in *McNeil* was a prisoner who had brought the suit without the benefit of counsel. As stated by the Court:

> It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement will be virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstances of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

*McNeil*, 508 U.S. at 113 (citations and footnotes omitted); *see also Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1344 ("Within days following the accident [the Loebers] retained counsel. The latter could have then filed a written claim, waited six months, and still would have had over a year remaining in the two-year limitations period in which to file suit.")

Here, LNA has been represented by counsel in connection with its claims against the United States since at least July 10, 2006, when it filed its Third Party Complaint of Lafarge North America, Inc. against the United States of America, Rec. Doc. 202, in Civil Action No. 05-4419. *See* Pl. Opp'n Mem. at 5 n.14, Rec. Doc. 8602. More than seven months elapsed after this Third Party Complaint was filed before LNA bothered to present its administrative claim to the U.S. Army Corps of Engineers on March 1, 2007. In these circumstances, no "oddity of the calendar" forced LNA to prematurely file its suit in order to avoid the bar of the SAA's two-year limitations period.

7

LNA seeks to cast blame on an *obiter dictum* of this Court and on news media reports for its counsel's failure to present an administrative claim prior to March 1, 2007. But in its Order and Reasons dated February 28, 2007 (Rec. Doc. 3293), to which LNA attributes its counsel's error, this Court merely said that because the motion it was ruling on dealt "with a limitation period that is *ostensibly* due to expire March 1, 2007, the Court is constrained to rule on the motion expeditiously." Rec. Doc. 3293 at 1-2 (emphasis supplied). In ruling on the motion, which sought an order tolling the period during which maritime suits could be filed by all Hurricane Katrina victims, this Court never purported to make any ruling as to the deadline for presenting administrative claims under the AEA. And it would be the height of foolhardiness for LNA's counsel to rely on news media reports to determine the date of such a deadline.

As LNA expressly recognizes, consistent with the Supreme Court's decision in *McNeil*, the Fifth Circuit requires strict compliance with both the FTCA's and the AEA's administrative exhaustion requirements. *See, e.g., Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984); *Gregory v. Mitchell*, 634 F.2d at 204; *Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1342. LNA's reliance on cases of other courts purporting to relax administrative exhaustion requirements is therefore misplaced.

Indeed, two of the three cases on which LNA relies did not involve either the FTCA or the AEA, and therefore are readily distinguishable on that basis. *See Mackey v. Children's Medical Center of Dallas*, 2006 U.S. Dist. LEXIS 68277 (N.D. Tex. Sept. 22, 2006) (relaxing administrative exhaustion requirement under Texas Commission on Human Rights Act); *Backus v. Mena Newspapers, Inc.*, 224 F.Supp.2d 1228 (W.D. Ark. 2002) (relaxing Title VII administrative exhaustion requirement in suit against private employer).

And although the third case on which LNA relies, *DeBerrio v. United States*, 495 F.Supp. 179 (D. Canal Zone 1980), did involve a suit under the FTCA, it predated the Supreme Court's decision in *McNeil*, so far as counsel for the United States is aware has never been followed by any other court, and is distinguishable on its facts in any event. The district court in *DeBerrio* excused the prematurity of the plaintiff's suit because a treaty would have barred the only court in which venue was proper from entertaining the suit if the plaintiff had waited the requisite six months before filing suit. Again, as already has been demonstrated, LNA faced no such conundrum that was beyond its control. Instead, the prematurity of LNA's suit was the product of its own lack of diligence in presenting a claim to the U.S. Army Corps of Engineers sufficiently in advance to allow the six-month waiting period under the AEA to expire.

3.  **The statute of limitations for LNA's AEA claim has not been tolled.**

Alternatively, LNA argues that if the Court grants the United States' motion, the two-year limitations period governing its SAA claims should be equitably tolled. In support of this argument, LNA cites *Allen v. U.S. Postal Service*, 1997 U.S. Dist. LEXIS 816 (E.D. La. Jan. 24, 1997). In *Allen*, this Court granted the Postal Service's motion to dismiss the plaintiff's suit under the FTCA because it was prematurely instituted. The Court simply did not address the issue of whether equitable tolling would have been appropriate in the event that the plaintiff refiled the suit.

Nor does the Fifth Circuit's decision in *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1306-07 & n. 8 (5th Cir. 1987), support LNA's position. Citing controlling Fifth Circuit precedent in *Gregory v. Mitchell*, 634 F.2d at 203-04, the Court of Appeals simply affirmed the dismissal of the claims against the United States under the FTCA and made clear that it would not have been appropriate to stay the case while the plaintiff exhausted his administrative remedies.

9

Again, there is nothing in the opinion in *Burzynski* that even addresses the issue of equitable tolling.

Instead, the controlling precedent is *Loeber v. Bay Tankers, Inc.*, 924 F.2d at 1343-1344. There, as here, the plaintiff filed an action under the SAA without first exhausting its administrative remedies as required by the AEA. After first concluding that the plaintiff's prematurely filed suit was subject to dismissal for failure to comply with the AEA's administrative exhaustion requirement, the Fifth Circuit went on to hold that the SAA's two-year limitations period was not tolled until the AEA's six-month waiting period expired. Because the plaintiff's predicament was attributable to its own lack of diligence, the Court of Appeals held that tolling would not be appropriate. Since LNA's predicament is likewise attributable to its own lack of diligence, equitable tolling also would be inappropriate in this case.

## CONCLUSION

For the reasons set forth herein and in the United States Memorandum in Support of its Motion to Dismiss, this Court lacks subject matter jurisdiction to consider the Plaintiff's action, and the United States' Motion to Dismiss should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
C. FREDERICK BECKNER III
Deputy Assistant Attorney General
PHYLLIS J. PYLES
Director, Torts Branch
JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

s/ Jessica G. Sullivan
JESSICA G. SULLIVAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

>P.O. Box 888
>Benjamin Franklin Station
>Washington, D.C. 20044
>(202) 616-4262
>(202) 616-5200 (fax)
>jessica.sullivan@usdoj.gov
>Attorneys for Defendant United States

Dated: October 30, 2007

## CERTIFICATE OF SERVICE

    I, Jessica G. Sullivan, hereby certify that on October 30, 2007, I served a true copy of "United States' Reply Memorandum in Support of Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.

        /s/ Jessica G. Sullivan
        Jessica G. Sullivan