UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: BARGE<br>(Parfait, No. 07-3500) | §<br>§<br>§<br>§ | |

**UNITED STATES' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Defendant, the United States of America, submits this Reply brief in support of its motion to dismiss Plaintiffs' action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the Plaintiffs' opposition memorandum is without merit. This Court lacks subject matter jurisdiction over the Plaintiffs' claims, and the United States' motion to dismiss should be granted.

**ARGUMENT**

1. **Plaintiffs' opposition memorandum was untimely and should not be considered by the Court.**

The United States' motion to dismiss is noticed for hearing on October 31, 2007. (Document No. 8364-3). Pursuant to Local Rule 7.5E, Plaintiffs' opposition memorandum was to be filed and served on the United States by no later than October 24, 2007. Plaintiffs' counsel concedes in his motion for leave that Plaintiffs' opposition memorandum, filed on October 25, 2007, was late.

(Document No. 8653). Because Plaintiffs failed to timely file their opposition memorandum, the Court should not consider the Plaintiffs' opposition memorandum.

2. **The FTCA's and AEA's administrative exhaustion requirements are jurisdictional and cannot be waived.**

Even if the Court does consider Plaintiffs' opposition memorandum, the Plaintiffs' arguments are without merit. In their opposition, Plaintiffs attach as exhibits numerous briefs they have filed which are pending before the United States Court of Appeals for the Fifth Circuit. Plaintiffs' reply brief, filed on October 24, 2007, with the United States Court of Appeals for the Fifth Circuit in Case No. 07-30273, addresses some of the issues raised in the United States' motion to dismiss. (Document No. 8653-3, Exhibit "4").

In their reply brief, Plaintiffs' argue that the doctrine of futility renders their claims against the Federal government both timely and proper. (Document No. 8653-3, Exhibit "4", p. 1). Plaintiffs' further contend that the procedure for exhaustion of administrative remedies is entirely unnecessary under the unique circumstances of this case due to the doctrine of futility. (Document No. 8653-3, Exhibit "4", p. 2). Defendant submits that Plaintiffs' contentions are both legally insufficient and factually unfounded, requiring dismissal of their claims against the United States.

The provisions of 28 U.S.C. § 2675(a) and 46 U.S.C. § 30101(c)(2) are jurisdictional in nature. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); *Price v. United States*, 69 F.3d 45, 54 (5th Cir. 1995); *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir. 1991); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Given the requirement's jurisdictional nature, a claimant's failure to exhaust its administrative remedies before bringing suit cannot be excused based on allegations of futility. *Indus. Constr.*

*Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) ("'[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive.' * * * A plaintiff's claim that administrative remedies were not pursued because pursuit would have been futile does not excuse this jurisdictional requirement." (internal citations omitted)); *Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) ("§ 2675(a) contains [no] exception for futile claims, and it would disrupt Congress's administrative claims procedure for a court to carve out such an exception.").

As noted by Plaintiffs (Pls. Opp'n Mem., Exhibit 4 at 1, Rec. Doc. 8653-3), this very Court addressed the availability of the futility doctrine to excuse noncompliance with the FTCA's administrative exhaustion requirement in *Green v. United States*, 2003 WL 1733250 (E.D. La. March 31, 2003) (Duval, J.), *reconsideration granted in relevant part*, 2003 WL 21500553 (E.D. La. June 24, 2003) (Duval, J.). Plaintiffs, however, conveniently omit from their reply brief any discussion of this Court's ruling on reconsideration in *Green*.

*Green* was a survival and wrongful death action arising out of medical care rendered to the decedent, Charles Lewis, in a Veterans Administration hospital. The action was brought by several of the decedent's surviving children, only one of whom (Ronald Lewis) had presented an administrative claim before instituting the suit. When the United States moved to dismiss the claims of those plaintiffs who had not presented their own administrative claims before instituting the suit, this Court initially denied the motion on the grounds that the agency's denial of Ronald Lewis's administrative claim demonstrated that requiring the others to exhaust their administrative remedies would be an exercise in futility. *See Green*, 2003 WL 1733250 at *4.

On reconsideration, however, this Court held that the claims of the plaintiffs who had not

3

presented their own administrative claims were subject to dismissal. *See Green*, 2003 WL 21500553 at *5. Significantly, in granting the United States' motion for reconsideration and ordering that the claims of these plaintiffs be dismissed for lack of subject matter jurisdiction, this Court in no way repudiated its prior determination that requiring them to exhaust their administrative remedies under the FTCA would be a futile exercise. Instead, regardless of the futility of requiring each of the plaintiffs to exhaust their administrative remedies, the dismissal of their claims was required because the FTCA's administrative exhaustion requirement is jurisdictional and may not be waived. *See Price v. United States*, 69 F.3d at 54.

In construing the FTCA's administrative claim requirement, moreover, the Supreme Court itself has emphasized that "Congress intended to require *complete* exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993) (emphasis supplied). Citing *McNeil*, the Fifth Circuit has held that a suit "that is filed before the expiration of the six-month waiting period, and thus is untimely, cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54. And the decisions of this Court are in complete accord. *See In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 763742 at *2 (E.D. La. March 9, 2007) (Duval, J.) (citing *Price*) (where district court has no subject matter jurisdiction at inception of case, subsequent amendments do not cure the original jurisdictional defects in suit brought under AEA); *Berthelot v. Boh Bros. Construc. Co., L.L.C.*, 2006 WL 2256995 at *16 (E.D. La. July 19, 2006) (Duval, J.) (citing *McNeil*) (FTCA suit filed before six-month waiting period has elapsed must be dismissed even after the six-month period has run); *see also Berthelot v. Boh Bros. Construc. Co., L.L.C.*, 2007 WL 1239132 at *2 (E.D. La. Apr. 27, 2007) (Duval, J.) ("There is one central tenet as concerns a suit brought against the United States. [P]rior to filing suit,

plaintiffs must have exhausted their administrative remedies.").

Given these controlling precedents, Plaintiffs' argument that the administrative claims procedure should be ruled entirely unnecessary must be rejected. Congress required the complete exhaustion of the administrative remedies before suit could be commenced under the FTCA and the AEA, and made no exceptions to this jurisdictional requirement for cases in which litigants assert that completely exhausting their administrative remedies before filing suit would be futile. This Court previously has rejected the argument that noncompliance with the statutory exhaustion requirement can be excused based on allegations of futility, and Plaintiffs' similar assertions are equally unavailing in this case.

Plaintiffs' third-party complaint was previously dismissed by Judge Berrigan for their failure to exhaust administrative remedies in the matter styled, *In re Ingram Barge Company, as Owner of the ING4727,* No. 05-4419. *See In re Ingram Barge Co.,* 2007 WL 550060, (E.D. La. Feb. 15, 2007). Judge Berrigan agreed with the United States that Plaintiffs' letter to the Corps, "[w]as not sufficient to give the agency written notice of the claim sufficient to investigate the claim and place a value on the claims." *Id.* at 2, citing *Adams v. United States,* 615 F.2d 284, 289 (5th Cir., *on rehearing,* 622 F.2d 197, (5th Cir. 1980); *Avery v. United States,* 680 F.2d 608, 610 (9th Cir. 1982). Further, the Court found, "Each of the plaintiffs listed . . . could not have suffered exactly the same damages. Furthermore, there is no information provided as to each plaintiff's specific injuries or damages." *Id.* at 2.

The Government cannot be expected to investigate claims stated and valued as broadly as Parfait Plaintiffs' were in their December 14, 2006 letter. Accordingly, Plaintiffs failed to exhaust their administrative remedies prior to filing suit against the United States.

5

## CONCLUSION

For the reasons set forth herein and in the United States Memorandum in Support of its Motion to Dismiss, this Court lacks subject matter jurisdiction to consider the Plaintiffs' action, and the United States' Motion to Dismiss should be granted.

          Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General

          C. FREDERICK BECKNER III
          Deputy Assistant Attorney General

          PHYLLIS J. PYLES
          Director, Torts Branch

          JAMES G. TOUHEY, JR.
          Assistant Director, Torts Branch

          s/ Jessica G. Sullivan
          JESSICA G. SULLIVAN
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 888
          Benjamin Franklin Station
          Washington, D.C. 20044
          (202) 616-4262
          (202) 616-5200 (fax)
          jessica.sullivan@usdoj.gov
          Attorneys for Defendant United States

Dated: October 30, 2007

## CERTIFICATE OF SERVICE

    I, Jessica G. Sullivan, hereby certify that on October 30, 2007, I served a true copy of "United States' Reply Memorandum in Support of Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.

                                /s/ Jessica G. Sullivan
                                Jessica G. Sullivan