UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*        05-5531 | * | |
| *Mumford v. Ingram*   05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*          06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*       06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *Lafarge v. USA*            07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## SIXTH SUPPLEMENTAL AND AMENDED COMPLAINT

The Sixth Supplemental and Amended Complaint of Ethel Mumford, individually, and on behalf of a class of persons similarly situated and with common claims, with respect represents:

1.

Plaintiff amends paragraph III of the original Suit For Damages - Trial By Jury to read:

III.

*The Named Plaintiffs, and the class they seek to represent, are all persons and/or entities who/which sustained injuries, death, loss and/or damages as a result of the flooding that occurred due to breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties of businesses in, the following geographic area: the Industrial Canal floodwall on the East, North to the Public Belt or other Railway adjacent to and immediately north of Florida Avenue, and also North to the east-west channel or canal extending from the aforesaid railway to Paris Road, South to the Mississippi River, and East to Paris Road.*

The Proposed Class will be divided into four Proposed Sub-Classes defined as follows:

### A. Personal Claim Subclass (Subclass One)

All persons who/which have sustained loss and/or damages as a result of the flooding that occurred due to the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties in, the following geographic area: the Industrial Canal floodwall on the East, North to the Public Belt or other Railway adjacent to and immediately north of Florida Avenue, and also North to the east-west channel or canal extending from the aforesaid railway to Paris Road, South to the Mississippi River, and East to Paris Road.

### B. Personal Injury Claim Subclass (Subclass Two)

All persons who/which have sustained personal injuries in the form of emotional distress to a common degree as a result of the flooding that occurred due to the breaches of the eastern Industrial Canal floodwall which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties in, the following geographic area: the Industrial Canal floodwall on the East, North to the Public Belt or other Railway adjacent to and immediately north of Florida Avenue, and also North to the east-west channel or canal extending from the aforesaid railway to Paris Road, South to the Mississippi River, and East to Paris Road.

### C. Wrongful Death Claim Subclass (Subclass Three)

All persons who/which have a claim for wrongful death as a result of the flooding that occurred due to the breaches of the eastern Industrial Canal floodwall which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties in, the following geographic area: the Industrial Canal floodwall on the East, North to the Public Belt or other Railway adjacent to and immediately north of Florida Avenue, and also North to the east-west channel or canal extending from the aforesaid railway to Paris Road, South to the Mississippi River, and East to Paris Road.

### D. Business Claim Subclass (Subclass Four)

All businesses and persons affiliated with a business who/which have sustained loss and/or damages as a result of the flooding that occurred due to the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were owners of or persons affiliated with businesses in, the following geographic area: the Industrial Canal floodwall on the East, North to the Public Belt or other Railway adjacent to and immediately north of Florida Avenue, and also North to the east-west channel or canal extending from the aforesaid railway to Paris Road, South to the Mississippi River, and East to Paris Road.

2.

To amend paragraph III, to read:

### III.

*Proposed Class Representatives for SubClasses One, Two, and Three:*

1. **ETHEL MAE COLEMAN MUMFORD**

At the time of the flooding subject of this suit, Ms. Mumford resided at 4829 Burgundy Street, New Orleans, Louisiana 70117, in the Lower Ninth Ward. Mrs. Mumford is 80 years old and works as a cleaning service provider. She owns her residence, which was a single-family, one story house of approximately 1200 square feet, on a 45' x 115' lot, together with a carport, garage, and patio. She is financially unable to make repairs and return home. She resides now at 1423 Feliciana Street, New Orleans, Louisiana 70117. She has suffered emotional distress to a degree common to persons similarly situated caused by the events subject of the instant suit. Mrs. Mumford suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Ms. Mumford is a proposed Class Representative for SubClasses One and Two.

2.   **JOSEPHINE LONG RICHARDSON**

At the time of the flooding made the subject of this suit, Mrs. Richardson resided with her late husband, Joseph Richardson, at 1321 Egania Street, New Orleans, Louisiana 70117, in the Lower Ninth Ward. She is seventy-nine (79) years old, and was formerly a cashier for K&B. She owned her residence, a single family, one-story house on a lot approximately 120' x 30'. She has been unable to return to her home, and currently resides at 9696 Hayne Boulevard, Apt. 13, New Orleans, Louisiana 70127. At the time of the storm, her husband, Joseph Richardson, sent Mrs. Richardson to safety, while he remained to secure their family home. Mr. Richardson became trapped in the attic and drowned due to the flooding caused by ING 4727. She has suffered emotional distress to a degree common to persons similarly situated caused by the events subject of the instant suit. Mrs. Richardson suffered damages

3.  **JIMMIE DONNELL HARRIS**

At the time of the flooding made the subject of this suit, Mr. Harris resided at 942 Lamanche Street, New Orleans, Louisiana, 70117, in the Lower Ninth Ward. He is forty (40) years of age, and is a New Orleans Fire Department volunteer fire fighter and a member of the United States Army Reserve deployed to the streets of New Orleans in the immediate aftermath of Katrina. He owns his aforesaid residence, where he lived with his wife and daughter until the flood. The house was a two-story single family residence, of approximately 2400 square feet on a lot approximately 90' x 120', and had undergone addition of about one-thousand square feet in 2002, plus addition of a new shed and carport. He, along with his wife and daughter, were forced to relocate to 790 Bateswood Drive, Apt. 24, Houston, Texas 77282, which is their current residence while their family home undergoes repairs. His wife and child have not been able to return home. He has suffered emotional distress to a degree common to persons similarly situated caused by the events subject of the instant suit. Mr. Harris suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Mr. Harris is a proposed Class Representative for SubClasses One and Two.

4. **HARRIS IRVIN**

At the time of the flooding made the subject of this suit, Mr. Irvin resided at 2542 Tupelo Street, New Orleans, Louisiana, 70117, in the Lower Ninth Ward. Mr. Irvin is 62 years old and was a small business owner until the events subject of suit. He owns his residence which is a single-family, one story brick house of approximately 1440 square feet, on a 34' x 110' lot, together with a garage and aluminum toolshed. He and Mrs. Irvin have returned to the house, but cannot afford to make repairs. He has suffered emotional distress to a degree common to persons similarly situated caused by the events subject of the instant suit. Mr. Harris suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Mr. Irvin is a proposed Class Representative for SubClasses One and Two.

5. **KISMIT BOURGERE**

At the time of the flooding made the subject of this suit, Kismit Bourgere lived at 827 Sister Street, New Orleans, Louisiana 70117, in the Lower Ninth Ward with her husband and their minor children. She is 37 years old. They rented the aforesaid single family house consisting of 4 bedrooms, garage, yard, storage area, and had been living there for five years prior to the flooding. The aforesaid property was severely damaged by the flooding. She and her family were forced to leave New Orleans, and now live at 794 13th Street, Plano, Texas 75074. She and her family are financially unable to return to New Orleans. Until the flooding, she was employed as a credit executive at Harrah's Casino in New Orleans. She has suffered emotional distress to a degree common to persons similarly situated caused by the events subject of the instant suit. Mrs. Bourgere suffered damages as a result of the

breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Mrs. Bourgere is a proposed Class Representative for SubClasses One and Two.

**Proposed Class Representatives for Subclass Four:**

1. **MICHAEL JOSEPH RICHE, as owner of MR. RIBBON, and RESIDENTIAL RENTAL PROPERTY**

At the time of the flooding made the subject of this suit, Mr. Riche owned Mr. Ribbon, a wedding supply business located at 8825-27 W. Judge Perez Drive, Chalmette, Louisiana, in the Village Square Shopping Center. The business property, which he owned, was approximately 4000 square feet of showroom, sales, office, and warehouse area, all destroyed by the flood. Mr. Riche has been financially unable to reestablish or repair his business, and lost his clientele.

At the time of the flooding made the subject of suit, Mr. Riche also owned residential rental property at 128-130 W. Phillip Court, consisting of a two story townhouse duplex of approximately 2400 square feet. The property was rented at the time of the flooding. Mr. Riche has been financially unable to make repairs and return his property to the rental market.

Mr. Riche's business and business property suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Mr. Riche is a proposed Class Representative for SubClass Four.

2.  **JACOB ROBERT "BOB" GLASER AND DIANNE GLASER as owners of HOLIDAY JEWELERS**

At the time of the flooding made the subject of this suit, Mr. and Mrs. Glaser owned Holiday Jewelers, a retail jewelry business located at 8400 W. Judge Perez Drive, Chalmette, Louisiana 70043. Mr. Glaser is 58 years old. Mrs. Glaser is 56 years old. They leased the property where the business was located, which consisted of approximately 1000 square feet of showroom, office, and workshop space. Due to the loss of inventory, equipment, fixtures, and clientele, as well as the financial inability to amass start-up costs after thirty-one years in business, they have not been able to reestablish their business, and have been forced to seek employment on the Northshore. Jacob and Dianne Glaser's business suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Robert and Dianne Glaser are proposed Class Representatives for Subclass Four.

3.  **HARRIS IRVIN as owner of IRVIN'S RESTAURANT AND BAR.**

At the time of the flooding made the subject of this suit, Mr. Irvin owned a restaurant and bar located at 2600 Tupelo Street, New Orleans, Louisiana 70117. Mr. Irvin is 62 years old. He owned the property in which the business was located, which consisted of a one-story cinderblock structure of approximately 2000 square feet of kitchen, office, and dining space, on a lot approximately 34' x 100'. Mr. Irvin's business and business property were totally destroyed, and he has been unable to repair and reestablish his business for financial reasons and due to loss of clientele. Mr. Irvin's business and business property suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Mr. Irvin is a

proposed Class Representative for SubClass Four.

    4.    **HERMAN AND AIDA KOCH as owners of RESIDENTIAL RENTAL PROPERTY**

At the time of the flooding made the subject of this suit, Mr. and Mrs. Koch were the owners of several residential rental properties in the affected areas. Mr. and Mrs. Koch are 69 and 65, respectively. Their pre-August 29, 2005 income was based upon rental income generated by the following properties:

3409-11 Shangri La Lane, Chalmette, Louisiana, was a one story double of approximately 2400 square feet on a 60' x 120' lot. Mr. and Mrs. Koch had made recent improvements before the flood including new flooring and paint. Both units were rented at the time of the flooding. They have not been repaired due to Mr. and Mrs. Koch's financial inability to pay for same, and, therefore, cannot be rented.

3619 Shangri La Lane, Chalmette, Louisiana, was a party wall double, half of which was owned by Mr. and Mrs. Koch. It has approximate interior space of 1250 square feet, and sits on a 60' x 125' lot with a shed. It was newly painted in 2004, and was rented at the time of the flooding. It has not been repaired due to Mr. and Mrs. Koch's financial inability to pay for same, and, therefore, cannot be rented.

6317-19 Douglass Street, New Orleans, Louisiana 70117 in the Lower Ninth Ward was a single-story double located in an historic district. It was approximately 3000 square feet on a lot of approximately 45' x 200', plus two out buildings containing carport and laundry space. New floors were installed in 2003. Both units were rented at the time of the flooding, have not been repaired due to Mr. and Mrs. Koch's financial inability to pay for same, and, therefore, cannot be rented.

6035-37 Burgundy Street, New Orleans, Louisiana 70117 in the Lower Ninth W[ard] was a single story shotgun double of approximately 2500 square feet on a 50' x 120' lot w[ith] a double shed and carport. Extensive improvements and renovations in early 2005 inclu[ded] new kitchens, plumbing, and floors. Both units were rented at the time of the flooding, h[ave] not been repaired due to Mr. and Mrs. Koch's financial inability to pay for same, a[nd] therefore, cannot be rented.

8547 Deerfield, Chalmette, Louisiana 70043 is one-half of a single story hou[se] consisting of approximately 4000 square feet, on a 55' x 120' lot with two outbuildings. [Mr.] and Mrs. Koch reside in the other half of the property, 8547 Deerfield. The entire prope[rty] was newly painted and carpeted in 2005. Both halves have been repaired in the afterma[th] and both are rented. Mr. and Mrs. Koch currently reside at 506 Country Club Dri[ve,] Picayune, Mississippi.

Mr. and Mrs. Koch's business and business property suffered damages as a res[ult] of the breaches of the eastern Industrial Canal floodwall, which damages were proxima[tely] caused by Defendants, on August 29, 2005. Mr. and Mrs. Koch are proposed Cl[ass] Representatives for SubClass Four.

As a result of the flooding in the class area, Mr. and Mrs. Koch suffered emotio[nal] distress to a degree common to persons similarly situated caused by the events subject of [the] instant suit. They suffered damages as a result of the breaches of the eastern Industr[ial] Canal floodwall, which damages were proximately caused by Defendants, on August [29,] 2005. They are also a proposed Class Representatives for SubClasses One and Two.

5.  **RICO TERRENCE SUTTON as owner of BIG SHOT TRUCKING**

*At the time of the flooding made the basis of this suit, Mr. Sutton owned a trucking company at 2523 ½ Jourdan Avenue, New Orleans, Louisiana 70117 in the Lower Ninth Ward. Mr. Sutton is 30 years old. He owned the property in which the business was located, a one story home from which he operated his business. The house was totally destroyed by the flooding and has since been demolished. Mr. Sutton's business and business property were totally destroyed and he has been unable to repair and reestablish his business for financial reasons. Mr. Sutton's business and business property suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. Mr. Sutton is a proposed Class Representative for SubClass Four.*

*As a result of the flooding in the class area, Mr. Sutton suffered emotional distress to a degree common to persons similarly situated caused by the events subject of the instant suit. He suffered damages as a result of the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants, on August 29, 2005. He is also a proposed Class Representative for SubClasses One and Two.*

3.

Plaintiff adds paragraph VII(a), to read:

VII(a)

*Named Plaintiffs' claims are typical of the claims and damages suffered by the class as a whole. The class Plaintiffs seek to represent satisfies the numerosity requirement, and joinder is impracticable. Common questions of fact and law predominate over individual issues of fault and damages, and are applicable to the*

entire class. Named Plaintiffs will fairly and adequately represent the class, which is represented by undersigned attorneys whose skill and experience, and demonstrated ability to expeditiously and economically prosecute the litigation, are already a matter of record recognized by the Court in undersigned attorneys' previous appointment as interim putative class counsel. The class action method is a superior means of resolving the class members' claims in light of the unduly burdensome and costly alternative of individual lawsuits.

4.

Plaintiff amends paragraph IX of the original Suit For Damages - Trial By Jury to rea

Plaintiffs itemize their elements of compensatory damages as follows:

A. Past and future mental pain, suffering and anguish;

B. Past and future mental health care expense;

C. Wrongful death;

D. Past and future loss of love, affection, service, support, society and consortium;

E. Past and future loss and destruction of and damage to immovable and movable property;

F. Past and future loss of use of immovables and movables;

G. Past and future expenses for demolition and salvage of immovable and movable property;

H. Diminution of property values;

I. Past and future loss and destruction of businesses and business assets;

  J.  *Past and future lost profit;*

  K.  *Past and future lost income;*

  L.  *Past and future lost earning capacity;*

  M.  *Past and future lost business opportunity;*

  N.  *Past and future loss of enjoyment of lifestyle;*

  O.  *Inconvenience;*

  P.  *Any and all others proven.*

**WHEREFORE**, Plaintiffs, individually and on behalf of the class of persons similarly situated and with common claims, reiterate to the extent not inconsistent herewith the original through Fifth Supplemental and Amended Complaints herein, and further, pray that Defendants be duly cited and served a copy of the above and foregoing, be made to timely appear and answer same, and after all due proceedings, there be judgment against Defendants holding them jointly, divisibly, severally and solidarily liable for all amounts as are reasonable according to the factual and legal premises, together with legal interest thereon from the date of judicial demand until paid, for Defendants to bear all costs of these proceedings, together with awards of punitive damages, as originally prayed-for, attorneys' fees, and for all available legal, equitable and general relief under the circumstances.

             RESPECTFULLY SUBMITTED,

             **WIEDEMANN & WIEDEMANN**

              /s/ Lawrence D. Wiedemann
             LAWRENCE D. WIEDEMANN, (13457)
             KARL WIEDEMANN, (18502)
             KAREN WIEDEMANN, (21151)

821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

/s/ Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

/s/ Patrick J. Sanders
PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

**BARGE PSLC**

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via United States mail, first class postage prepaid and properly addressed, and/or via electronic mail, and/or via facsimile, and/or via ECF upload, this 23 day of October, 2007.

\s\Brian A. Gilbert