# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**ROY GREENWOOD and**                        **CIVIL ACTION NO. 07-6194**
**JUNE  GREENWOOD**

                                             **SECTION  "K"(2)**
**VERSUS**

                                             **JUDGE: HON. DUVAL**
**HOMESITE  INSURANCE**
**COMPANY**                                   **MAG: HON. WILKINSON**

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Plaintiffs file this Memorandum in Support of Motion to Remand this action to Civil District court for the Parish of Orleans based on the grounds stated herein.  A hearing is set on November 28, 2007.

## FACTUAL BACKGROUND

Plaintiffs owned and resided at property located at 11436 Maxine Drive, New Orleans, Louisiana 70128-3460. Defendant, HOMESITE INSURANCE COMPANY ("HOMESITE") was the homeowner's insurer providing coverage for property located at 11436 Maxine Drive, New Orleans, Louisiana 70128-3460, more specifically policy number 30149622.  The applicable

-1-

coverages were $289,000.00 - Dwelling, $28,900.00 - Other Structures, 144,500.00 - Personal Property and $57,800.00 - Loss of Use.  On August 29, 2005, Hurricane Katrina caused severe and substantial damages to Plaintiffs' property, including but not limited to extensive wind damage.  The interior of the residence was saturated from wind-driven rain, and the exterior of the residence was damaged.  Thereafter, the insured residence was flooded from rising water from various man-made levee breaches subsequent to the saturation of the interior of the residence and the extensive damage to the exterior.  Notwithstanding the extensive wind damages, Defendant- insurer failed to address most damages arising from wind-driven rain in its initial appraisal on November 8, 2005.  Further, the initial Claims Summary was based on pre-Katrina cost for materials and labor.  Moreover, the initial adjustment was deficient in scope of damages.  Accordingly, the initial payment of $6,201.86 remitted by Defendant is deficient in scope and unit pricing and is in bad faith.

Further, Defendant insurer arbitrarily and without cause denied payment for full cost of repairs merely allowing for pre-Katrina unit cost for materials and labor.  Additionally, Defendant insurer failed to pay and/or underpaid for Additional Living Expenses and Contents.  Further, Defendant insurer failed to tender any undisputed damages pursuant to the supplemental claims.

Plaintiffs filed the suit at bar in the Civil District Court for the Parish of Orleans on August 14, 2007.  Additionally, on October 2, 2007, Plaintiffs filed a Binding Stipulation stating that the total value in controversy does not exceed $75,000.00, exclusive of interest and costs.  Defendant removed the litigation to this Honorable Court notwithstanding said stipulation.  Plaintiffs seek an Order remanding this matter to Civil District Court, Parish of Orleans and the assessment of

attorney's fees for the improper removal to federal court and Defendant's failure to voluntarily remand the matter to state court.

## LAW AND ARGUMENT

Defendant's Notice of Removal is insufficient to justify removal of the lawsuit at bar because of the following reasons: 1) Plaintiffs alleged the amount in controversy in the case at bar does not exceed $75,000.00, exclusive of interest and costs, thus barring Defendant to proceed under 28 USC §1332 diversity jurisdiction;  2) 28 USC §1369 multiparty, multiform jurisdiction does not apply to the claims herein.

**A.     Plaintiffs alleged the amount in controversy does not exceed $75,000.00, thus baring 28 USC §1332 diversity jurisdiction**.

28 USC §1332 provides federal district courts with  jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –(1) citizens of different states..."  Plaintiffs herein offered a binding stipulation and the damages do not exceed $75,000.00 attached hereto as Exhibit "A", as required pursuant to *Davis, et al. v. State Farm, et al.,* USDC 06-0560 (E.D. La. June 7, 2006).  Accordingly, 28 USC §1332 diversity jurisdiction does not exist in the case at bar.

**B.     28 USC §1369 Multiparty, multiform jurisdiction does not apply to the litigation herein.**

Contrary to Defendant's argument, multiparty, multiform jurisdiction pursuant to 28 USC 1369 does not apply to the facts herein.  This jurisdictional statute was added to the code only

-3-

recently by 2002 Multiparty, Multiform Trial Jurisdiction Act ("MMTJA").  Notably, MMTJA was intended to "streamline the process by which multidistrict litigation governing disasters are adjudicated," creating a device whereby multiple causes of action all stemming from one major disaster can be consolidated for adjudication in one federal court.  H.R. Conf. Rep. No. 107-685 at 199, *reprinted in* 2002 U.S.C.C.A.N. at 1152.  As was articulated in the MMTJA House Conference Report, regarding the purpose for the new legislation: "It is common after a serious accident to have many lawsuits filed in several states, in both state and federal courts, with many different sets of plaintiffs' lawyers and several different defendants. Despite this multiplicity of suits, the principal issue that must be resolved first in each lawsuit is virtually identical: Is one or more of the defendants liable?···· The waste of judicial resources-and the costs to both plaintiffs and defendants-of litigating the same liability question several times over in separate lawsuits can be extreme."  Additionally, Representative Sensenbrenner, in his argument for the passage of H.R. 860 in the House of Representatives, explained that "the purpose of this bill is to make the process of adjudicating a common disaster lawsuit, such as one arising from a plane crash or a train wreck, more convenient to all of the litigants concerned." 147 Cong. Rec. H893-01, available at 2001 WL 252448 at 13.

Accordingly, Congress intended to apply 28 USC §1369 to  multiple plaintiffs and/or multiple defendants law suits where the litigation involves similar injuries and damages sustained by all plaintiffs  as a result of an accident.

The litigation herein does not fall under the fact scenario envisioned by the legislature for the purposes of 28 USC §1369 application.  While Plaintiff herein did sustain damages related to a

-4-

natural event, the claims asserted in the suit stem from breach of contractual and extra-contractual duties of Defendants.  Further, Plaintiffs claims are distinct from any other claims by any other plaintiffs that arouse as a result of insurance disputes and hurricane damage claims.   The basis of this litigation is specific and distinct claims for the breach of duty by Plaintiffs' insurer for the damages occurred at the distinct location at 11436 Maxine Drive, New Orleans, Louisiana. Furthermore, the statute applies to accidents "where at least 75 natural persons have died at a discrete location."  The discrete location in the litigation herein is Plaintiffs' residence.  No allegations of 75 deaths at the location of the Plaintiffs' residence have been made in the litigation herein. Moreover, numerous areas around Southeast Louisiana damaged by Hurricane Katrina can hardly qualify as a "discrete location."

Further, Defendant argues 28 USC §1441(e)(1) provides that removal is proper because minimal diversity exists pursuant to 28 USC §1369.  Moreover, Defendant proceeds to analogize the suit at bar with the pending class action litigations involving hurricane damages, such as *Wallace et al. v. Louisiana Citizens Property Ins. Corp. et al.*  However, Defendant's argument is flawed for the following reasons: first, as discussed previously, 28 USC §1369 has no applicability to the facts and claims at bar; second the claims in the cited litigations are class action suits distinguishable from Plaintiffs' claims as they do not involve procurement claims and claims for the breach of duty.

Therefore, 28 USC §1369 has no application to the litigation herein.  Consequently, 28 USC §1441(e)(1) provision is irrelevant.  Moreover, pending class action suits cited by Defendant are distinguishable from the suit at bar and assert claims unrelated to the suit herein.  Accordingly,

federal jurisdiction cannot be asserted pursuant to multiparty, multiform jurisdiction.  Further, Judge

Helen G. Berrigan in *La Louisiane Bakery, Inc. v. Lafayette Insurance Company*, Civil Action No.

06-7580 in the United States District Court for the Eastern District of Louisiana uniformly

determined that MMTJA does not apply to Hurricane Katrina.  (See attached Exhibit "B").

## <u>CONCLUSION</u>

This Honorable Court has no jurisdiction over Plaintiffs' claims.  Diversity jurisdiction does

not apply to the case at bar, because Plaintiffs stipulated to the amount in controversy not to exceed

$75,000.00.  Additionally, 28 USC § 1369 multiparty, multiform jurisdiction has no application to

the claims at bar.  While Plaintiffs damages are related to a natural event that resulted in multiple

deaths, Plaintiffs claims stem from the breach of duty by Defendant.   Therefore, Defendant has no

basis to assert federal jurisdiction under any applicable law.  Accordingly, the case at bar should be

remanded and litigated in the Civil District Court for the Parish of Orleans, where it was originally

brought.

**Respectfully submitted,**

**/s/** *J. Douglas Sunseri*

_____

**J. DOUGLAS SUNSERI (#19173)**
**EDWARD C. VOCKE, IV (#22882)**
**NICAUD, SUNSERI & FRADELLA, L.L.C.**
A Group of Professional Law Corporations
3000 18th Street
Metairie, Louisiana 70002
Telephone:  (504) 837-1304
Facsimile:  (504) 833-2843
Attorney for ROY GREENWOOD
and JUNE GREENWOOD

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

/s/ *J. Douglas Sunseri*

_____

J. DOUGLAS SUNSERI