UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LA LOUISIANE BAKERY, INC.     CIVIL ACTION

VERSUS     NO. 06-7580

LAFAYETTE INSURANCE COMPANY     SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to remand and the issue of whether this Court has subject matter jurisdiction in this removed case. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their



subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In this matter, the removal by Lafayette Insurance Company ("Lafayette") was based on subject matter jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA") and 28 U.S.C. 1441(e), due to the pendency of similar litigation in which the Lafayette is a defendant, Abadie v. Aegis Security Insurance Co., Civil Action No. 06-5164 "K" (2). The Court has previously rejected the arguments presented by the defendant and determined that the MMTJA does not provide a basis of jurisdiction under the circumstances presented here. Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006). There is no issue that diversity jurisdiction is lacking here since both parties share Louisiana citizenship.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

2

IT IS ORDERED that the plaintiff's motion to remand is GRANTED. This matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 11th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE