UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   07-5023 | * | |
| 07-5040 | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * | | |

**FIRST AMENDED INTERVENING COMPLAINT
AGAINST THE STATE OF LOUISIANA
FILED PURSUANT TO RULE 24,
FEDERAL RULES OF CIVIL PROCEDURE**

**COME NOW** intervening plaintiffs in the above-styled and numbered cause, appearing through undersigned counsel, and amend the Intervening Complaint of record herein to add additional causes of action against the State of Louisiana, and more particularly the following:

**ADDITIONAL CAUSES OF ACTION AGAINST THE
STATE OF LOUISIANA PURSUANT
TO THE CASE OF COOPER V. LOUISIANA DEPARTMENT OF
PUBLIC WORKS, 870 S.2d 315 (LA. APP. 3d CIR. 2004)
AND AUTHORITIES CITED THEREIN**

Intervening plaintiffs aver that by virtue of "Acts of Assurances" executed in favor of the United States of America, its agencies and instrumentalities, by the State of Louisiana, and/or by those for whom or which the State is legally responsible,

-1-

intervening plaintiffs became the third-party beneficiaries of the said Acts of Assurances, giving intervening plaintiffs the right to demand performance directly from the promisor State, et al.  Alternatively, intervening plaintiffs aver that they are legally entitled to look beyond the contents of the said Acts of Assurances for recovery against the State of Louisiana, in both contract and in tort.  Further, in the alternative, intervening plaintiffs aver that by virtue of the aforesaid Acts of Assurances, the State of Louisiana, and those for whom or which the State bears legal responsibility, is obligated to act as the liability insurer of the United States of America with respect to claims asserted against the United States of America in "Victims of KATRINA" litigation, and that intervening plaintiffs have a right of direct action against the State of Louisiana pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655.  Further in the alternative, intervening plaintiffs aver that the State of Louisiana, and those for whom or which the State bears legal responsibility, became liable directly to intervening plaintiffs by virtue of suretyship, by virtue of the theory of indemnification, and/or as a solidary obligor with the United States as a result of the events of August 29, 2005, and thereafter.  As authority for the relief pleaded herein, intervening plaintiffs append hereto the opinion of the Court in <u>Cooper v. Louisiana Department of Public Works</u>, 870 So.2d 315 (La. App. 3d Cir. 2004), a copy of which is marked for identification as Exhibit No. 1.

**WHEREFORE**, intervening plaintiffs pray that they be granted leave to file this First Amended Intervening Complaint and that, after trial on the merits, and all due proceedings had, there be judgment herein in favor of intervening plaintiffs and against the State of Louisiana for the full amount of intervening plaintiffs' damages, plus reasonable attorney's fees, pre-judgment interest, and costs, including expenses of

litigation allowed by Article 595, Louisiana Code of Civil Procedure, 42 U.S.C. §1988, Rule 23, Federal Rules of Civil Procedure, or pursuant to any other Article, Code Article or Federal or State statute, or allowed by law.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**
        **Counsel for Plaintiffs**

        **By:**   **S/Ashton R. O'Dwyer, Jr.**
               Ashton R. O'Dwyer, Jr.
               Bar No. 10166
               821 Baronne Street
               New Orleans, LA 70113
               Tel. 504-679-6166
               Fax. 504-581-4336

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Intervening Complaint has been served upon all counsel of record via electronic filing this 1st day of November 2007.

        S/Ashton R. O'Dwyer, Jr.