UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| ALL LEVEE | § | |
| ALL MRGO | § | |
| ALL BARGE | § | |
| INSURANCE | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' RESPONSE TO
PLAINTIFFS' LIAISON COUNSEL'S LETTER OF OCTOBER 18, 2007**

The United States takes no position on whether the parties should establish a joint central repository. However, given the size and scope of the document productions in this litigation, the United States respectfully requests that the Court require the parties to follow a document management protocol and file notices of production into the Court record.

As of October 26, 2007, the United States has produced 997,632 pages of paper documents and 833 gigabytes of electronically stored information ("ESI").[1] The United States

---

[1] The Corps has provided, approximately, an additional 200,000 pages of paper documents and 355 gigabytes of ESI. These materials are undergoing the processing required under the United States' Document Production Protocol prior to production to the parties.

has produced these materials in accordance with its Document Production Protocol (Rec. Doc. No. 5368). By doing so, the parties receive a consistent set of materials from the United States which are easily usable. The United States adopted many of its "Technical Specifications" from the draft document management protocols circulated among the parties when they were preparing to negotiate with a joint central repository vendor. Going forward, the remaining parties should adopt and follow a document management protocol.

Although not required to do so, the United States also files a "Notice of Production" into the record which identifies the Bates ranges of the documents produced. By doing so, all parties in the litigation receive notice of all documents the United States has produced. This requirement was borrowed from §IV(C)(1)(b) of the Case Management Order No. 4 (p. 31) (Rec. Doc. No. 3299), which requires parties to "file into the record notice of their production to the repository identifying the Bates ranges of the images deposited."

The notice of production requirement should apply to all future and prior productions made by the parties. Presumably, all parties track their productions for exhibit lists, disclosures, motions, and responses to Rule 34 document requests. Requiring the parties to file a Notice of Production for all prior productions would, therefore, create a minimal burden which is far outweighed by the benefit of certainty as to which documents were produced.

Adopting these two requirements – even in the absence of a joint central repository – will ensure that all parties involved in this wide-ranging litigation receive: (1) consistent document productions, and (2) guaranteed notice of all document productions.

Accordingly, the Court should require the parties to follow a document management protocol and file notices of production into the Court record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

 s/ Paul Marc Levine
PAUL MARC LEVINE
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400/ (202) 616-5200 (Fax)
Attorneys for the United States

Dated: November 1, 2007

## CERTIFICATE OF SERVICE

I, Paul Marc Levine, hereby certify that on November 1, 2007, I served a true copy of the United States' Response to Plaintiffs' Liaison Counsel's Letter of October 18, 2007 upon all parties by ECF:

                                                        s/ Paul Marc Levine
                                                  PAUL MARC LEVINE