UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>*<br>* SECTION "K" (2)<br>* |
| PERTAINS TO: MRGO<br>*Robinson*, No. 06-2286 | * JUDGE DUVAL<br>*<br>* MAGISTRATE WILKINSON<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO
QUASH THE NOVEMBER 1, 2007 NOTICES OF VIDEOTAPED DEPOSITION,
OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

**INTRODUCTION**

Defendants Washington Group International, Inc. ("WGII") and the Board of Commissioners for the Lake Borgne Levee District ("LBLD") respectfully submit this memorandum in support of their Motion to Quash the November 1, 2007 Notices of Videotaped Deposition, or in the Alternative, for a Protective Order.

Only yesterday, on November 1, 2007, did WGII and LBLD receive notice of two depositions set for next week—the first on Tuesday, November 6, 2007 of Jessie L. Arnold, and

898692v.1

the second on Thursday, November 8, 2007 of Arthur R. Theis.[1] *See* Exhibits 1 and 2 attached hereto (collectively "Notices"). WGII and LBLD understand that the individuals noticed for deposition, Messrs. Arnold and Theis, are experts offered by plaintiffs in the matter entitled *Robinson v. United States*, Civil Action No. 06-2286 in connection with the Flood Control Act immunity defense asserted by the United States Army Corps of Engineers. The Notices, however, were issued in the MRGO sub-division of the *In re: Katrina Canal Breaches Consol. Litig.*, Civil Action No. 05-4182, and as such, it appears to WGII and LBLD that these depositions are being taken not only for purposes of the *Robinson* litigation, to which WGII and LBLD are not parties, but also in the MRGO litigation. In less than five days, WGII and LBLD simply do not have the time to appropriately prepare for and participate in two expert depositions on the topic of the "composition of materials, design, and construction of the man-made features bordering the southwest bank of the Mississippi River-Gulf Outlet (MR-GO)" (*see* September 17, 2007 Declarations of Jesse L. Arnold, P.E. and Arthur R. Theis attached hereto as Exhibits 3 and 4, each at pg. 1), testimony which it appears might be argued is binding upon WGII and LBLD.[2] Accordingly, WGII and LBLD respectfully request that this Court quash the November 1, 2007 Notices, or in the alternative, enter a Protective Order limiting the binding nature of the depositions to the *Robinson* matter and permitting WGII and LBLD to re-notice such depositions, if necessary in the MRGO litigation, at a later time, or, in the further

---

[1] WGII and LBLD are not aware of any consultation or coordination among the MRGO parties before the noticing of these depositions as required by CMO No. 4. *See* CMO No. 4 at ¶ I, (C).

[2] The MRGO plaintiffs have also identified Messrs. Arnold and Theis as experts in the MRGO litigation with respect to "levee composition (soils and other materials), construction, and design" and "history and implementation of the LPVHPP," respectively. *See* September 17, 2007 Plaintiffs' Common Liability Expert Witness List, Record Doc. No. 7694, at pg. 2.

alternative, extend the deadlines in *Robinson*, to allow re-scheduling of these and other *Robinson* depositions to allow appropriate and reasonable scheduling to allow the MRGO defendants to participate.

## ARGUMENT

As an initial matter, WGII and LBLD understand that a November discovery deadline looms in the *Robinson* matter, and as a result, in addition to the two Notices, numerous depositions have either been noticed in the upcoming weeks, or are currently being contemplated, throughout the month of November. This Court is well aware of the procedural posture of the MRGO litigation and WGII and LBLD will not belabor the point, but it is clear that if any such depositions proceed, they simply cannot be noticed as part of the MRGO litigation, and certainly cannot be deemed to be binding upon WGII and LBLD, or many of the other defendants to the MRGO litigation for that matter. Rule 26 provides that this Court "may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue expense or burden. . . ." Fed. R. Civ. P. 26(c).[3] Requiring WGII and LBLD to prepare for and participate in expert depositions devoted to the merits of certain theories concerning the failure of levees along the MRGO—specifically the "composition of materials, design, and construction of the man-made features bordering the southwest bank of the Mississippi River-Gulf Outlet (MR-GO)"—on less than five days notice is indisputably oppressive and requires that significant undue expense and burden be placed upon WGII and LBLD. This is particularly true in light of the fact that WGII's motion to dismiss remains pending in the MRGO litigation, the Court recently postponed the November 5, 2007 class

---

[3]   WGII and LBLD have in good faith attempted to confer with other affected parties as required by Rule 26 in an effort to resolve this dispute without court action. Such attempts were unsuccessful and necessitated the filing of this motion.

3

certification hearing in the MRGO litigation in an effort to resolve this and other outstanding dispositive motions, and common liability expert discovery in the MRGO litigation is not even scheduled to begin for another *seven* months. See CMO No. 4 at ¶ IV, (E), (3) (setting May 30, 2008 deadline for MRGO plaintiffs' common liability expert reports). *See, e.g., Church of Scientology of Calif. v. Cazares*, 638 F.2d 1272, 1289-90 (5th Cir. 1981) (noting that the "trial court has wide discretion in determining the scope and effect of discovery" and affirming district court's issuance of a protective order "[g]iven [among other factors,] the trial court's knowledge of the discovery situation") (citation omitted); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) (holding that inadequate notice, setting a deposition eight days after the date of the subpoena, provided a proper basis on which to move to quash a subpoena because parties "have a personal interest in receiving adequate notice of depositions").

## CONCLUSION

For these reasons, and for all of these reasons set forth above, Defendants Washington Group International, Inc. and the Board of Commissioners for the Lake Board Levee District respectfully submit that this Court should either quash the November 1, 2007 Notices, or in the alternative, enter a Protective Order limiting the binding nature of the depositions to the parties in the *Robinson* matter and permitting WGII and LBLD to re-notice such depositions, if

necessary, in the MRGO litigation, at a later time and in accordance with the deadlines set forth in CMO No. 4.

Dated:  November 2, 2007

Respectfully submitted,

/s/William D. Treeby
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for Washington Group International, Inc.

Of counsel

Adrian Wager-Zito
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-4645
Facsimile:  (202) 626-1700


/s/ Gary M. Zwain
Lawrence J. Duplass, 5199
Gary M. Zwain, 13809
Andrew D. Weinstock, 18495
    Of
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana  70002
Telephone:  (504) 832-3700
Facsimile:  (504) 837-3119

Attorneys for Board of Commissioners for the Lake Borgne Basin Levee District

898692v.1

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Defendant Washington Group International, Inc.'s Motion to Quash the November 1, 2007 Notices of Videotaped Deposition, or in the Alternative, for a Protective Order has been served upon Joseph Bruno, Plaintiffs' Liaison Counsel, this 2nd day of November, 2007.

                                              */s/ William D. Treeby*
                                              William D. Treeby