UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER**

The plaintiffs in this case have noticed a deposition of the United States under Rule 30(b)(6), Fed. R. Civ. P., to occur on November 14 and 15, 2007. The notice requires the United States to provide testimony concerning five broad areas pertaining to virtually every issue relevant to the flooding that emanated from three waterways: the Mississippi River-Gulf Outlet, the Gulf Intracoastal Waterway, and the Inner Harbor Navigation Canal. As the Court has anticipated, this testimony is relevant to cases in at least three categories: Barge, Levee, and MRGO. The Court has accordingly expressed its intent that depositions such as this one "will be taken once for use in all three case categories." C.M.O. No. 5 (R.D. 7724). Avoiding unnecessary duplication is particularly important with respect to the noticed 30(b)(6) deposition

inasmuch as it concerns critical testimony concerning issues broadly relevant to a majority of the consolidated litigation.

To facilitate efficiency, counsel for the United States has attempted to reach an agreement with counsel for the plaintiffs in this case and with Plaintiffs' Liaison Counsel to have the deposition be re-noticed in all three categories. Other parties, particularly Barge litigants (both plaintiffs and defendants) and MRGO defendants, have objected to the timing of the deposition. The Barge litigants have objected on the grounds that they cannot adequately prepare because they have only recently been consolidated into Section K and have not had adequate opportunity to conduct discovery from the United States.

Given the present uncertainty concerning the most efficient and equitable management of the case, owing to the recent transfer of the Barge cases and the PSLCs' desire to have class certification postponed indefinitely, the Court has indicated that it intends to issue a new Case Management Order. Under these circumstances, the United States has now moved for a protective order requiring that the impending deposition of the United States under Rule 30(b)(6) be strictly limited to topics relevant to Flood Control Act immunity or, alternatively, stayed for 30 days or until such time as the Court may designate in a future Case Management Order.

## BACKGROUND

On October 9, 2007, counsel for the plaintiffs in this case served more than 40 notices of depositions of the United States under Rule 30(b)(6) on discrete subjects. On their face these notices would have required the United States to provide testimony on every business day from October 16 through December 5. After conferring with counsel for the defendant, counsel for the plaintiffs issued five notices on October 17, setting a series of 30(b)(6) depositions to occur from

November 12 (Veterans' Day) through November 16. After conferring further, counsel for the parties agreed that a single 30(b)(6) deposition of the United States on the topics described in the second set of notices would occur over two days, November 14 and 15. Counsel for the United States at that time indicated a desire that the deposition be noticed for all three tracks—Barge, Levee, and MRGO—rather than simply in the single case, No. 06-2268. Counsel for the *Robinson* plaintiffs tentatively agreed, and in subsequent discussions between counsel for the United States and Plaintiffs' Liaison Counsel, it was agreed in principle that a single 30(b)(6) deposition of the United States on these subjects should take place and that the deposition notice should reference all three categories of cases.

On October 31, a notice of deposition of the United States under Rule 30(b)(6) was issued by counsel for the plaintiffs. *See* Exh. A (deposition notice). This notice comprised the topics previously set forth in the five notices issued on October 17, but was again noticed only for Civil Action No. 05-2268. Concerned that the time of the deposition was rapidly approaching, without notice to other parties having been given, counsel for the United States promptly the next day sent two emails to Barge litigants, who apparently knew only that "a Rule 30(b)(6) deposition of the United States is under discussion for the week of November 12." Exh. B. (Emails from Robin Smith dated 11/01/07). The emails informed Barge litigants of the United States' position that the impending 30(b)(6) deposition "should be re-noticed to include also the Levee and Barge tracks, to avoid unnecessary duplication of effort." *Id.*

In response to these emails, counsel for Lafarge North America, Inc., immediately "object[ed] to any attempt to force [LNA] into a premature Rule 30(b)(6) deposition for the convenience of the government and its witnesses." Exh. C (Email from Raffman on 11/1/07)).

3

LNA counsel indicated a willingness to participate in the noticed deposition but only upon a stipulation that "LNA retains its right to notice the Rule 30(b)(6) deposition of the United States on topics other than those stated in the notice" and "to reopen the deposition if subsequent written discovery or documents produced by the United States reveal a need to do so." *Id.* Counsel for the Mumford plaintiffs also "object[ed] for lack of sufficient notice and participation in scheduling." Exh. D (Email from Gilbert on 11/1/07). Counsel for these plaintiffs asserted that the "insufficient notice" prevented the plaintiffs from being able to fully exercise their rights. *Id.* Counsel for other defendants also voiced their objection to having the deposition proceed as scheduled, unless it were to proceed without prejudice to their right to depose the United States at a later time. *See* Exh. E (Zwain letter of 11/2/07).

## DISCUSSION

AN ORDER PROTECTING THE UNITED STATES FROM MULTIPLE RULE 30(B)(6) DEPOSITIONS SHOULD BE ISSUED TO PROMOTE EFFICIENCY AND FAIRNESS TO THE PARTIES.

In Case Management and Scheduling Order No. 4, the Court provided that "a single seven-hour long Rule 30(b)(6) deposition of each entity defendant" is all that will be allowed "[a]bsent written agreement of the Liaison Counsel or order of the Court based on motion for good cause shown." R.D. 3299, at 35. This limitation recognized the substantial imposition that is necessarily entailed in the preparation of witnesses for such a deposition. Prohibiting multiple 30(b)(6) depositions avoids the unnecessary intrusion and interference that results from multiple depositions of an individual or organization. The five categories of inquiry denoted in the plaintiffs' deposition notice are extremely broad: (1) standards and criteria for the construction of levees between 1965 and the present, (2) design, construction, operation, and maintenance or modification of the IHNC, (3) design, construction, operation and maintenance of the MRGO, (4)

design, construction, operation, and maintenance of the levees surrounding New Orleans East, and (5) design, construction, operation, and maintenance of the levees along the MRGO. Exh. A (deposition notice) at 2-5. These categories are broad enough to encompass just about any question about any activity that is relevant to the issues in any of the cases against the United States. These cases now number in the hundreds. Parties who participate also will require substantial preparation for this deposition. That is certainly the case if C.M.O. 4's prohibition on multiple depositions is enforced. *See* R.D. 3299 at 35. Moreover, the designated subjects extend back in time for half a century; they are beyond the ken of any person or group of persons alive. Senior executives will be required to spend substantial time reviewing ancient documents in preparation for the full range of questions that may be posed.

To allow all parties to have an adequate opportunity to participate in the deposition, an order should impose either of two restrictions on it. The deposition should either be (1) restricted to the nature and existence of levees along Reach 2 of the MRGO or (2) postponed for a sufficient period to allow the Barge litigants to prepare. Restricting the scope of the deposition to the single factual dispute raised by the *Robinson* plaintiffs in opposition to the United States' motion to dismiss would allow all parties who wish to participate to prepare adequately for a deposition restricted to a single topic of reasonable dimensions. *See* R.D. 2994 (order denying motion to dismiss) at 14-15 (citing "intense disagreement as to the scope of the 'levees' that were created in the dredging of the MRGO"). Strictly limiting the scope of the deposition to facts pertinent to Flood Control Act immunity would allow that issue to be developed without prejudice to other litigants whose interests could be affected by the broad-ranging deposition that

5

is presently noticed.[1]  A striking example of the current notice's overbreadth is its inclusion of the IHNC (and, in particular, the Lock Expansion Project) among the subjects on which examination is requested.  Inasmuch as *Robinson* is predicated solely on alleged negligence in connection with the MRGO, the noticed deposition appears to be a stalking horse for plaintiffs' claims against other parties.  Limiting the deposition to the nature and existence of flood control works would effect a compromise furthering the interests of all parties.

     Alternatively, the broad-ranging deposition set forth in the current notice could be postponed for a time, to allow the interested parties to prepare and participate.  All parties with claims against the United States have an interest in the noticed deposition.  Other defendants, whose interests may be affected by the testimony, also have a desire to participate.  The Barge litigants, in particular, are concerned that this deposition will go forward before they have had an adequate opportunity to undertake discovery.  They have signaled their intent to seek an additional Rule 30(b)(6) deposition of the United States at a later time.  The recent postponement of the Levee and MRGO class certification hearing, combined with the complications resulting from the transfer of the Barge cases, has left the litigation in a state of confusion.  The Court has indicated its intent to issue a new Case Management Order as soon as possible.  Given the present uncertainty, a slight delay of this important deposition would further the interest in efficient and orderly case management.

---

[1] The United States does not concede that any further factual development is necessary to a resolution of the pure legal question of whether the immunity accorded by 33 U.S.C. § 702c extends to conduct extrinsic to a federal project that impacts the project and thereby causes flood damage.  The existence or non-existence of flood-control structures along the MRGO or at any other particular place is irrelevant inasmuch as it is undisputed that the Katrina flood was a flood that resulted from the failure of flood control structures at many locations.  Whether there were flood control structures at *every* location surrounding New Orleans is immaterial.

## CONCLUSION

For these reasons, the United States' motion for a protective order should be granted.

>Respectfully submitted,
>
>PETER D. KEISLER
>Assistant Attorney General
>
>C. FREDERICK BECKNER III
>Deputy Assistant Attorney General
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>JAMES G. TOUHEY, JR.
>Assistant Director, Torts Branch
>
>s/ Robin D. Smith
>ROBIN D. SMITH
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 888
>Washington, D.C.  20044
>(202) 616-4289
>robin.doyle.smith@usdoj.gov
>Attorneys for Defendant United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2007, a true copy of Defendant United States' Memorandum in Support of Its Motion for Protective Order was served on all counsel of record by ECF.

                                                             s/ Robin D. Smith
                                                             Robin D. Smith