UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: | |
| | SECTION "K" (2) |
| ROBINSON (06-2268) | |
| | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

*ROBINSON* PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION FOR PROTECTIVE ORDER AND DEFENDANTS WASHINGTON GROUP INTERNATIONAL, INC. AND THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE LEVEE DISTRICT'S MOTION TO QUASH THE NOVEMBER 1, 2007 NOTICES OF VIDEOTAPED DEPOSITIONS, OR IN THE ALTERNATIVE, FOR ENTRY OF PROTECTIVE ORDER

**I.     INTRODUCTION**

The *Robinson* Plaintiffs hereby submit this Opposition to Defendant United States' Motion for Protective Order ("U.S. Motion")  and Defendants Washington Group International, Inc. and the Board of Commissioners for the Lake Borgne Levee District's Motion to Quash The November 1, 2007 Notices of Videotaped Deposition, Or In The Alternative, For Entry of Protective Order ("WGII Motion").  For the reasons set forth in the accompanying Declaration of Pierce O'Donnell, the *Robinson* Plaintiffs request that the Court act upon the two motions as follows:

With respect to the U.S. Motion, it should be denied without prejudice to seek a protective order in cases other than *Robinson* with respect to duplicative Rule 30(b)(6) depositions.

1

With respect to the WGII Motion, it should be denied as to the request to postpone the currently scheduled depositions of the *Robinson* Plaintiffs' 702c immunity experts and granted with respect to the request that the Court confirm that these depositions shall not be binding in any case other than *Robinson.*

## II.   THE U.S. MOTION SHOULD BE DENIEDIN ITS ENTIRETY

The United States has made no particularized showing for postponing the scheduled Rule 30(b)(6) deposition of a United States Army Corps of Engineers designated witness on issues relating to 702c immunity.  Indeed, no declaration has been filed with respect to the facts, and only undifferentiated claims of burden have been advanced.  The U.S. Motion is not well taken for at least the following reasons:

(a)   First and foremost, *Robinson* is a separate case that is not part of the other cases under the Court's Hurricane Katrina litigation umbrella.  From the time when two separate case management orders were issued earlier in 2007—one for *Robinson* and one for all the other cases—it was known by all litigants that *Robinson* would proceed at a much more accelerated pace than the other cases.  No party sought to change this arrangement.  The U.S. Motion is a backdoor attempt to merge *Robinson* with the other cases—a result that this Court explicitly rejected at the beginning of the Hurricane Karina litigation.

(b)   The Court has already determined that the 702c immunity issue as it relates to the flooding allegedly caused by the Mississippi River-Gulf Outlet ("MR-GO") will be first resolved in *Robinson* at a summary judgment hearing now scheduled for March 12, 2008.  The parties in *Robinson* have worked diligently to conduct discovery on 702c, including Plaintiffs' preparation of seven expert reports totaling hundreds of pages.  No parties in other cases have prepared expert reports on 702c immunity (although the *Robinson* Plaintiffs have made their reports

available to counsel in the other cases). It may very well be that the Court's ruling on 702c immunity in *Robinson*—on a fully developed factual record—will be determinative of the issue with respect to all MR-GO litigation and provide guidance as to other cases.

(c) The Barge parties will not be prejudiced by allowing the present Rule 30(b)(6) deposition to proceed. The pending United States' motion to dismiss the third-party complaint in the Barge litigation on 702c immunity—which seeks dismissal for lack of jurisdiction *as a matter of law* on the basis of 702c immunity—is also scheduled for the same hearing as the summary judgment motions on 702c immunity in *Robinson*.

(d) To the extent that the United States may have to produce U.S. Army Corps of Engineers representatives for a later Rule 30(b)(6) deposition on 702c immunity issues, it can seek a protective order *at that time* under the particular circumstances then existing (including the information already developed in *Robinson* and the Court's ruling on 702c immunity in *Robinson*).

(e) Procedurally, the U.S. Motion is untenable. The United States has made no showing whatsoever that the five discrete subject matters listed in the single Rule 30(b)(6) deposition notice by the *Robinson* Plaintiffs are unrelated to the 702c immunity issues, overly broad, or otherwise burdensome. The United States has offered no declaration or specific facts to establish prejudice, much less the need to disrupt this Court's carefully crafted Case Management Order No. 1 in *Robinson*. *Granting the motion will necessarily require extending all deadlines with respect to the 702c immunity factual discovery, motions schedule, and hearing date*. Indeed, at the Government's request, *Robinson* Plaintiffs' counsel stipulated to, and the Court granted, an extension of the original expert discovery and summary judgment briefing schedule. The United States should not be allowed to delay further these 702c immunity

proceedings, especially when it has made no particularized showing of necessity that overrides the Court's schedule and the *Robinson* Plaintiffs' right to a prompt judicial determination of their claims. Indeed, how can the United States reconcile its latest request to delay this Court's determination of the 702c immunity claim with its repeated insistence that this issue be promptly adjudicated?

(f) Finally, to the extent that the Government is complaining about the scope of the five agreed upon subjects for the Rule 30(b)(6) depositions, it has made no showing that they are not appropriate topics with respect to the 702c immunity issues. Plaintiffs' counsel have bent over backwards to accommodate the United States by significantly paring down the number of topics and agreeing to only two days to take the depositions. The *Robinson* Plaintiffs initially noticed depositions on 40 topics relating to 702c immunity issues, but after conferring, counsel for both sides agreed on only five subjects and two days of deposition. Each of the five topics relate directly to such highly relevant issues as the existence of genuine flood control facilities on Reach 1 and Reach 2 of the MR-GO, the sources and causes of flooding, and the causes of flooding along the Gulf Intercoastal Waterway ("GIWW") and Inner Harbor Industrial Canal ("IHNC"). The facts developed about these topics will bear directly on the Plaintiffs' evidence offered in opposition to the United States' motion for summary judgment on 702c immunity. Without this evidence, this Court—and the appellate courts which inevitably be asked to review the 702c immunity claim—will be deprived of a complete factual record.

Accordingly, the Rule 30(b)(6) depositions in *Robinson* should proceed as scheduled on November 14 and 15.

### III. THE WGII MOTION SHOULD BE DENIED EXCEPT FOR CONFIRMATION THAT THE DEPOSITIONS ARE BINDING ONLY IN THE *ROBINSON* CASE

The WGII Motion is much ado about nothing. It is patently obvious that the depositions of the *Robinson* Plaintiffs' 702c expert witnesses are binding only in that case and no others. To that limited extent, the requested protective order is innocuous, not to mention gratuitous. With that protection, the remainder of the WGII Motion is moot because the 702c expert depositions in *Robinson* are literally none of the MR-GO defendants' concern, they have no right to participate, and they should not be allowed to cause any delay in timely completing these depositions.

The WGII Motion seeks in part to derail the currently scheduled depositions of the *Robinson* Plaintiffs' 702c immunity experts scheduled to begin on Tuesday, November 6, 2007 and to conclude on November 27, 2007. Essentially, these defendants complain that they were not consulted by counsel for United States and the *Robinson* Plaintiffs about the scheduling of these expert depositions and they seek an order continuing them to some future date. For several reasons set forth below, the *Robinson* Plaintiffs oppose that part of the WGII Motion seeking postponement of these depositions so that the WGII and other MR-GO defendants can participate in them.

(a)    First and foremost, WGII and the other parties in the *Katrina Canal Breaches Consolidated Litigation* have no right to participate in the depositions of the *Robinson* Plaintiffs' 702c immunity experts, and that is the simple reason why counsel for the *Robinson* Plaintiffs and the United States did not consult with counsel for other parties outside of *Robinson*. The United States properly noticed the depositions only for the *Robinson* case because the *Robinson* Plaintiffs' experts' reports and deposition testimony are not germane to any other cases. For example, their reports are not being offered in the MR-GO Master Class Action of Levee cases,

5

and to the extent that they are later designated as 702c immunity experts in those cases, the defendants will have ample opportunity to take their depositions. Similarly, these 702c immunity expert reports are not being offered on the merits of the *Robinson* case or any other cases.

      (b)     Second, the relief sought by the WGII Motion—postponement of the currently scheduled depositions—will necessarily require scrapping this Court's entire comprehensive plan for handling the 702c immunity issues in a timely and efficient manner. The current 702c expert discovery cut-off is November 30, 2007. The deadline for the Government's motion for summary judgment—due on December 21, 2007—would have to be extended, causing a domino effect of extending the dates for the *Robinson* Plaintiffs' opposition, the Government's reply, and the Court's hearing scheduled for March 12, 2008. The hearing on the 702c summary judgment motion has already been extended six weeks at the request of the Government, requiring the Court to reschedule the hearing originally scheduled for January 16, 2008. Any further delay will adversely affect the Court's original plan to "set out a trial and motion schedule designed to present the issue of Section 702c immunity to the Court *for a decision by motion early in these proceedings.*" Revised Case Management Order No. 1 ("*Robinson* CMO 1") (Document No. 3603).

      (c)     Third, the WGII Motion fails to establish any prejudice to the defendants in not allowing them to participate in the depositions of the *Robinson* Plaintiffs 702c experts. The motion for summary judgment relates solely to the *Robinson* case, and *Case Management Order No. 4 ("CMO 4") provides for a separate schedule for resolution of any 702c immunity issues in cases other than Robinson.* Thus, the coordination among counsel for the parties in cases other than *Robinson* required by CMO 4 is not pertinent to *Robinson.*

**IV.   CONCLUSION**

For the foregoing reasons, the *Robinson* Plaintiffs request that the Court deny in its entirety the U.S. Motion, deny the WGII Motion to the extent that it seeks to postpone the currently scheduled depositions of the *Robinson* Plaintiffs' 702c experts, and grant the WGII Motion to the extent that it seeks this Court's confirmation that the depositions of the *Robinson* Plaintiffs 702c expert witnesses are binding only in the *Robinson* case.

Dated: November 5, 2007					Respectfully submitted,

							**O'Donnell & Associates P.C.**


							By: s/ Pierce O'Donnell
							Pierce O'Donnell (*pro hac vice*)
							550 S. Hope St., Suite 1000
							Los Angeles, California 90071
							Phone:  (213) 347-0290
							Fax:  (213) 347-0298


							**Plaintiffs' Liaison Counsel**
							**Law Offices of Joseph M. Bruno**


							By: s/ Joseph M. Bruno
							Joseph M. Bruno (LSBA No. 3604)
							855 Baronne Street
							New Orleans, Louisiana 70133
							Telephone: (504) 525-1335
							Facsimile:  (504) 581-1493

| **The Andry Law Firm, LLC** | **Domengeaux Wright Roy & Edwards LLC** |
|---|---|
| | Bob F. Wright (LSBA No. 13691) |
| Jonathan B. Andry (LSBA No. 20081) | James P. Roy (LSBA No. 11511) |
| | 556 Jefferson Street, Suite 500 |
| 610 Baronne Street | P.O. Box 3668 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70502-3668 |
| Telephone: (504) 586-8899 | Telephone: (337) 233-3033 |
| Facsimile:  (504) 585-1788 | Facsimile:  (337) 233-2796 |
| | |
| **Fayard & Honeycutt** | **Girardi & Keese** |

7

Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Ranier, Gayle & Elliot, LLC**

N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**

Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

**McKernan Law Firm**

Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**

Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**

Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile:  (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**

Joseph W. Cotchett  (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**

Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA

**Salas & Co., LC**

Camilo K. Salas, III (LSBA No. 11657)
650 Poydras Street, Suite 1650
New Orleans, LA  70130
Telephone: (504) 799-3080

| | |
|---|---|
| No. 25666) | Facsimile:  (504) 799-3085 |
| 622 Baronne Street | **Attorneys for Plaintiffs** |
| New Orleans, LA 70113 | |
| Telephone: (504) 525-9561 | |
| Fax: 504-525-9522 | |

**CERTIFICATE OF SERVICE**

I, Pierce O'Donnell, hereby certify that on November 5, 2007, I caused to be served ***ROBINSON* PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' WASHINGTON GROUP INTERNATIONAL, INC. AND THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE LEVEE DISTRICT MOTION TO QUASH THE NOVEMBER 1, 2007 NOTICES OF VIDEOTAPED DEPOSITION, OR IN THE ALTERNATIVE, FOR ENTRY OF PROTECTIVE ORDER; DECLARATION OF PIERCE O'DONNELL; and ORDER** upon Defendant United States' counsel, Robin D. Smith, Catherine Corlies, Traci Colquette, and Jim McConnon by email at robin.doyle.smith@usdoj.gov; catherine.corlies@usdoj.gov, traci.colquette@usdoj.gov, and jim.mcconnon@usdoj.gov ; and; WGII's counsel , William D. Treeby by email at wtreeby@stonepigman.com;  and the Board of Commissioners for the Lake Borgne Basin Levee District's counsel, Gary M. Zwain by email at gzwain@duplass.com , and all other interested parties by ECF.

/s/ Pierce O'Donnell