# DECLARATION OF PIERCE O'DONNELL

I, Pierce O'Donnell, hereby declare as follows:

1.  I am an attorney licensed to practice law in the State of California, and I have been admitted by this Court to practice *pro hac vice* as one of the lead Plaintiffs' counsel in the pending case of *Robinson v. United States* (No. 06-2268) ("*Robinson*") which has been consolidated as part of the *Katrina Canal Breaches Consolidated Litigation*.  I have been appointed by this Court as a member of the MR-GO Plaintiffs' Subgroup Litigation Committee.  I have first hand knowledge of the information set forth below, and if called to testify, I would and could competently, testify as follows:

2.  This Declaration is submitted in support of Plaintiffs' Opposition to Defendant United States' Motion for Protective Order ("U.S. Motion") and Defendants Washington Group International, Inc. ("WGII") and the Board of Commissioners for the Lake Borgne Levee District's Motion to Quash The November 1, 2007 Notices of Videotaped Deposition, Or In The Alternative, For Entry of Protective Order ("WGII Motion").

    (a)  The U.S. Motion seeks to delay a Rule 30(b)(6) deposition of the United States relating to Flood Control Act of 1928 immunity ("702c immunity") issues in *Robinson*, scheduled for November 14 and 15, 2007 in New Orleans.  In essence, the Government claims that it should not be subjected to the potential of more than one Rule 30(b)(6) deposition *in all of the pending Hurricane Katrina cases* and seeks an order that the scheduled deposition "be strictly limited to topics relevant to the Flood Control Act immunity or, alternatively, stayed for 30 days or until such time as the Court may

designate in a future Case Management Order." United States' Memorandum at p. 2. The *Robinson* Plaintiffs oppose the U.S. Motion for several reasons:

(i) First and foremost, *Robinson* is a separate case that is not part of the other cases under the Court's Hurricane Katrina litigation umbrella. From the time when two separate case management orders were issued earlier in 2007—one for *Robinson* and one for all the other cases—it was known by all litigants that *Robinson* would proceed at a much more accelerated pace than the other cases. No party sought to change this arrangement. The U.S. Motion is a backdoor attempt to merge *Robinson* with the other cases—a result that this Court explicitly rejected at the beginning of the Hurricane Karina litigation.

(ii) The Court has already determined that the 702c immunity issue as it relates to the flooding allegedly caused by the Mississippi River-Gulf Outlet ("MR-GO") will be first resolved in *Robinson* at a summary judgment hearing now scheduled for March 12, 2008. The parties in *Robinson* have worked diligently to conduct discovery on 702c, including Plaintiffs' preparation of seven expert reports totaling hundreds of pages. No parties in other cases have prepared expert reports on 702c immunity (although the *Robinson* Plaintiffs have made their reports available to counsel in the other cases). It may very well be that the Court's ruling on 702c immunity in *Robinson*—on a fully developed factual record—will be determinative of the issue with respect to all MR-GO litigation and provide guidance as to other cases.

(iii) The Barge parties will not be prejudiced by allowing the present Rule 30)(b)(6) deposition to proceed. The pending United States' motion to dismiss the third-party complaint in the Barge litigation on 702c immunity—which seeks dismissal for

lack of jurisdiction *as a matter of law* on the basis of 702c immunity—is also scheduled for the same hearing as the summary judgment motions on 702c immunity in *Robinson*.

(iv)  To the extent that the United States may have to produce U.S. Army Corps of Engineers representatives for a later Rule 30(b)(6) deposition on 702c immunity issues, it can seek a protective order *at that time* under the particular circumstances then existing (including the information already developed in *Robinson* and the Court's ruling on 702c immunity in *Robinson*).

(v)  Procedurally, the U.S. Motion is untenable.  The United States has made no showing whatsoever that the five discrete subject matters listed in the single Rule 30(b)(6) deposition notice by the *Robinson* Plaintiffs are unrelated to the 702c immunity issues, overly broad, or otherwise burdensome.  The United States has offered no declaration or specific facts to establish prejudice, much less the need to disrupt this Court's carefully crafted Case Management Order No. 1 in *Robinson*.  *Granting the motion will necessarily require extending all deadlines with respect to the 702c immunity factual discovery, motions schedule, and hearing date.*  Indeed, at the Government's request, *Robinson* Plaintiffs' counsel stipulated to, and the Court granted, an extension of the original expert discovery and summary judgment briefing schedule.  The United States should not be allowed to delay further these 702c immunity proceedings, especially when it has made no particularized showing of necessity that overrides the Court's schedule and the *Robinson* Plaintiffs' right to a prompt judicial determination of their claims.  Indeed, how can the United States reconcile its latest request to delay this Court's determination of the 702c immunity claim with its repeated insistence that this issue be promptly adjudicated?

(vi)    Finally, to the extent that the Government is complaining about the scope of the five agreed upon subjects for the Rule 30(b)(6) deposition, it has made no showing that they are not appropriate topics with respect to the 702c immunity issues.  Plaintiffs' counsel have bent over backwards to accommodate the United States by significantly paring down the number of topics and agreeing to only two days to take the depositions.  The *Robinson* Plaintiffs initially noticed depositions on 40 topics relating to 702c immunity issues, but after conferring, counsel for both sides agreed on only five subjects and two days of deposition.  Each of the five topics relate directly to such highly relevant issues as the existence of genuine flood control facilities on Reach 1 and Reach 2 of the MR-GO, the sources and causes of flooding, and the causes of flooding along the Gulf Intercoastal Waterway ("GIWW") and Inner Harbor Industrial Canal ("IHNC").  The facts developed about these topics will bear directly on the Plaintiffs' evidence offered in opposition to the United States' motion for summary judgment on 702c immunity.  Without this evidence, this Court—and the appellate courts which inevitably be asked to review the 702c immunity claim—will be deprived of a complete factual record.  The Rule 30(b)(6) depositions in *Robinson* should proceed as scheduled on November 14 and 15.

(b)    The WGII Motion seeks either to derail the currently scheduled depositions of the *Robinson* Plaintiffs' 702c immunity experts scheduled to begin on this Tuesday, November 6, 2007 and to conclude on November 27, 2007 or entry of a protective order limiting the binding nature of the depositions to the *Robinson* case.  Essentially, these defendants complain that they were not consulted by counsel for United States and the *Robinson* Plaintiffs about the scheduling of these expert depositions and

4

they seek an order continuing them to some future date.  To the extent that the WGII defendants want the Court to declare the obvious—that the 702c immunity expert deposition in *Robinson* are not binding in the MR-GO litigation—the *Robinson* Plaintiffs do not oppose such an order.  However, for several reasons set forth below, the *Robinson* Plaintiffs oppose that part of the WGII Motion seeking postponement of these depositions so that the WGII and other MR-GO defendants can participate in them.

      (i)     First and foremost, WGII and the other parties in the *Katrina Canal Breaches Consolidated Litigation* have no right to participate in the depositions of the *Robinson* Plaintiffs' 702c immunity experts, and that is the simple reason why counsel for the *Robinson* Plaintiffs and the United States did not consult with counsel for other parties outside of *Robinson*.  The United States properly noticed the depositions only for the *Robinson* case because the *Robinson* Plaintiffs' experts' reports and deposition testimony are not germane to any other cases.  For example, their reports are not being offered in the MR-GO Master Class Action of Levee cases, and to the extent that they are later designated as 702c immunity experts in those cases, the defendants will have ample opportunity to take their depositions.  Similarly, these 702c immunity expert reports are not being offered on the merits of the *Robinson* case or any other cases.

      (ii)    Second, the relief sought by the WGII Motion—postponement of the currently scheduled depositions—will necessarily require scrapping this Court's entire comprehensive plan for handling the 702c immunity issues in a timely and efficient manner.  The current 702c expert discovery cut-off is November 30, 2007.  The deadline for the Government's motion for summary judgment—due on December 21, 2007— would have to be extended, causing a domino effect of extending the dates for the

*Robinson* Plaintiffs' opposition, the Government's reply, and the Court's hearing scheduled for March 12, 2008. The hearing on the 702c summary judgment motion has already been extended three weeks at the request of the Government, requiring the Court to reschedule the hearing originally scheduled for January 16, 2008. Any further delay will adversely affect the Court's original plan to "set out a trial and motion schedule designed to present the issue of Section 702c immunity to the Court *for a decision by motion early in these proceedings.*" Revised Case Management Order No. 1 ("*Robinson* CMO 1") (Document No. 3603).

        (iii)    Third, the WGII Motion fails to establish any prejudice to the defendants in not allowing them to participate in the depositions of the *Robinson* Plaintiffs 702c experts. The motion for summary judgment relates solely to the *Robinson* case, and *Case Management Order No. 4 ("CMO 4") provides for a separate schedule for resolution of any 702c immunity issues in cases other than Robinson.* Thus, the coordination among counsel for the parties in cases other than *Robinson* required by CMO 4 is not pertinent to *Robinson.*

        3.    Pursuant to *Robinson* CMO 1, entered on March 29, 2007, this Court, seeking to manage the many pending cases in a just, fair, and cost effective manner, ordered that *Robinson* should proceed on its own discovery, pre-trial motions, and trial schedule separate and apart from all other cases in the MR-GO, Insurance, and Levee groups. As such, *Robinson* is not subject to the case management procedures set forth in CMO 4 governing other cases in the *Katrina Canal Breaches Consolidated Litigation*. For example, the Court in *Robinson* has mandated that the issue of whether the United States is entitled to immunity under Flood Control Act of 1928 ("Section 702c

6

immunity") be severed for initial discovery, summary judgment motions, and a hearing on March 12, 2008.  Likewise, *Robinson* has its own deadlines for conclusion of fact discovery, exchange of expert reports on the merits, and completing expert depositions.  Similarly, the Court has set *Robinson* for the first trial on liability, causation, and damages for September 8, 2008.

4.      The Court designated *Robinson* for a separate, accelerated schedule because the case offered the best opportunity of completing pretrial and trial in an expeditious manner.  The case involves a single defendant, only six plaintiffs, no class action allegations, no third party defendants, readily-identifiable flood areas (Lower Ninth Ward, New Orleans East, and St. Bernard Parish), and trial counsel who had already organized, were well financed, and were experienced in litigating complex cases, including claims against the United States.

5.      The parties in *Robinson* have worked diligently to adhere to the CMO 1 schedule.  Thus, the United States has produced millions of pages of documents; the parties have exchanged written discovery on 702c immunity issues and the merits; counsel to date have resolved all of their differences without the necessity of seeking the Court's assistance; Plaintiffs and the United States designated 702c immunity experts; Plaintiffs timely served seven expert reports on 702c immunity issues; the United States withdrew all of its 702c immunity experts (and served no reports); Plaintiffs and the United States negotiated a deposition schedule for Plaintiffs' 702c immunity experts; Plaintiffs served Rule 30(b)(6) deposition notices on the United States relating to 702c immunity, and after a meet and confer, Plaintiffs substantially streamlined the number of

7

topics and served a single 30(b)(6) notice of deposition covering only five subject matters relating to 702c immunity.

6. In keeping with CMO 1, the Government noticed the depositions of the *Robinson* Plaintiffs' seven 702 c immunity experts. After a meet and confer involving the Government's desire to gather information before taking these experts, the parties stipulated to, and the Court granted, a three-week extension of the schedule for completion of 702c immunity expert depositions until November 30, 2007, moved all summary judgment motion briefing a corresponding three weeks, and set the summary judgment hearing for March 12, 2008. The United States has reissued its notices of depositions, and presently, six expert depositions are scheduled as follows:

| Jess Arnold | November 6, 2007 |
| Art Theis | November 8, 2007 |
| Bob Bea | November 19, 2007 |
| Shea Penland | November 20, 2007 |
| Paul Kemp | November 27, 2007 |

The Government has decided not to depose a seventh *Robinson* Plaintiffs' expert, Chad Morris, on 702c immunity issues.

7. These expert depositions have been difficult to schedule. The experts are either academics with busy teaching schedules or professionals with work commitments. Counsel for the Government and *Robinson* Plaintiffs also have busy schedules.

8. Consistent with CMO 1, the scheduling of these depositions was handled by counsel for the United States and the *Robinson* Plaintiffs. They are noticed solely for the *Robinson* case, and *they will not bind any party in any other case*. If counsel for WGI

8

had bothered to call me, I would have confirmed this fact.  No lawyer for any party making the WGI Motion has ever contacted me about these depositions.

       9.     I am the lead counsel in *Robinson* with respect to all 702c immunity issues, scheduling of deposition, and motion practice.  Contrary to the "L.R. 37 Certificate" signed by William D. Treeby and Gary M. Zwain, counsel for the moving parties in the WGII Motion, they have not conferred with "opposing counsel in an attempt to resolve issues raised in the accompanying Motion To Quash . . . ."   I am the "opposing counsel" who speaks for the *Robinson* Plaintiffs on these matters.  While they claim to have "conferred with opposing counsel," they do not identify that person or persons.

      10.     In my experience handling complex litigation for 35 years, the progress of this multi-faceted *Robinson* case has been remarkable.  Three reasons for this smooth processing of the case are (a) the Court's well thought out case management procedures developed after recommendations from the parties, (b) cooperation among experienced trial counsel, and (3) the fact that the case—while dealing with challenging legal questions and hotly-contested factual and scientific issues set against the backdrop of the worst man-made disaster in American history—involves only one set of Plaintiffs and one Defendant.

      11.     Right now, unless the Court grants either of the two motions for protective order, the *Robinson* parties are on schedule to meet the revised deadline for filing summary judgment motions on December 21, 2007, the oppositions on January 11, 2008, and the replies on January 25, 2008.  Despite a staggering Katrina-related calendar with

9

seemingly endless motions requiring the Court's time, the Court rescheduled the 702c immunity summary judgment hearing for March 12, 2008.

12.     Granting either of the motions for protective order will do serious violence to the Court's effort to have the *Robinson* case proceed expeditiously on its own accelerated, separate track and to have an early resolution of the 702c immunity issue with respect to the MR-GO. Both motions seek considerable delay that will extend beyond current November 30, 2007 cut-off for expert discovery and require extensive delay in the 702c immunity summary judgment briefing and hearing schedule. At the earliest, it is likely that, assuming the Court's schedule will allow, the 702c summary judgment hearing will be postponed until at least April 2008—three months later than the originally scheduled date and only five months before trial.

13.     Postponing the ruling on the 702c immunity issues until at least April 2008 will defeat the Court's stated goal of early resolution of the 702c immunity claim to save the parties unnecessary expense. As the Court noted in CMO 1, "the huge expense that preparing for a full trial on the merits of this matter would be a gross waste of resources in the event that Section 702c immunity is applicable."

14.     Postponing the completion of 702c immunity expert discovery, summary judgment motions, and the ruling will jeopardize the September 8, 2008 trial date. CMO 1 requires suspension of merits discovery while the 702c immunity summary judgment motions are being briefed and decided, and it contemplates resumption of merits discovery *only after the Court has denied the motion.* The merits discovery and pre-trial schedule is already tight. For example, the parties must agree upon stipulated facts by May 22, 2008, file *Daubert* motions by June 9, 2008, and file a Pre-Trial Order by

August 19, 2008.  A two month or more delay in the 702c immunity ruling will have a seriously adverse impact on the *Robinson* parties ability to prepare for the trial on the merits.

15. Neither the U.S. Motion nor the WGII Motion offers any compelling reason for such a drastic alteration of the schedule in CMO 1 in *Robinson*.  The interests of those parties can be accommodated by less Draconian measures than radically altering the *Robinson* case management procedures and seriously prejudicing the rights of the *Robinson* Plaintiffs who have met every deadline imposed by CMO 1 and not requested that the Court modify the schedule.

16. With respect to the U.S. Motion, it should be denied without prejudice to seek a protective order in other cases with respect to duplicative Rule 30(b)(6) depositions.

17. With respect to the WGII Motion, it should be denied as to the request to postpone the currently scheduled depositions of the *Robinson* Plaintiffs 702c immunity experts and granted with respect to the request that the Court confirm that these depositions shall not be binding in any case other than *Robinson*.

18. The *Robinson* Plaintiffs urge that the Court act expeditiously on these two motions since the first 702c immunity expert deposition (Jesse Arnold) is currently scheduled for Tuesday, November 6, 2007

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of November 2007 in Los Angeles, California.

                                                /s/ Pierce O'Donnell
                                                Pierce O'Donnell