UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: KATRINA CANAL BREACHES       *     CIVIL ACTION
LITIGATION                          *     05-4182
                                    *     MAGISTRATE 2
                                    *     SECTION "K"
                                    *
_____     *
PERTAINS TO: 07-4774                *
                                    *
                                    *
                                    *
                                    *
                                    *
                                    *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes the BOARD OF

COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT who

answers the above captioned Complaint, as follows:

## FIRST DEFENSE

The Petition fails to state a claim against the Board of Commissioners for the

Lake Borgne Basin Lake District upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are extinguished by the operation of prescription and/or

peremption.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of said loss or damages alleged herein was caused by the actions or inactions of third-parties for whom the Board of Commissioners for the Lake Borgne Basin Levee District is not responsible or liable.

## FOURTH DEFENSE

Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District are barred, in whole or in part, to the extent that any of said losses or damages alleged herein were caused by pre-existing conditions over which the Board of Commissioners for the Lake Borgne Basin Levee District had/have no control.

## FIFTH DEFENSE

Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District are barred, in whole or in part, to the extent the acts or omissions of others including other parties that have not been named in these proceedings, were intervening, superceding, new and/or independent causes of any of the loss or damage alleged herein.

## SIXTH DEFENSE

Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District are barred, in whole or in part, to the extent any of said loss or damage alleged herein were caused by Plaintiffs' own comparative fault, and/or contributory negligence, and/or assumption of risk.

## SEVENTH DEFENSE

Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate, minimize, avoid or abate any of the losses or damages alleged herein.

## EIGHTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, affirmatively alleges it cannot be held liable to Plaintiffs because Defendant was in compliance with the designs, plans, specifications and requirements of the United States Army Corp of Engineers and others.

## NINTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, alleges that it is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1 as well as La. R.S. 13:5106.

## TENTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, alleges that it is entitled to all defenses and immunities pursuant to La. R.S. 9:2800.

## ELEVENTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, affirmatively alleges that Plaintiffs were negligent in failing to follow lawful orders to evacuate as well as for other acts and omissions of Plaintiffs to be proven at trial.

## TWELVTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, affirmatively alleges that the risk of flooding, injury and loss of property constitute known risks.

## THIRTEENTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, affirmatively alleges that any levee for which Defendant may be responsible was constructed in accordance with specific federal guidelines.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause Article VI of the United States Constitution because those claims are pre-empted by federal law including 32 U.S.C. §701, et seq.

## FIFTEENTH DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, affirmatively alleges it is immune from liability for any damages caused by floodwaters.  See 33 U.S.C. §702(c).

## SIXTEENTH DEFNSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, affirmatively alleges that Plaintiffs' injuries and damages alleged herein resulted from circumstances and causes that could not have been prevented by Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District.

## SEVENTEENTH DEFENSE

As a political subdivision of the State of Louisiana, Lake Borgne is entitled to a limitation of liability for general damages under La. R.S. 13:5106

## EIGHTEENTH DEFENSE

Lake Borgne affirmatively pleads the provisions of LSA-R.S. 9:5624 (Actions for damages to property damaged for public purposes).

## NINETEENTH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that plaintiff's allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs to amend its answer.

## TWENTY-SECOND DEFENSE

Defendant affirmatively pleads the doctrine of *lis pendens*.

## TWENTY-THIRD DEFENSE

Defendant, the Board of Commissioners for the Lake Borgne Basin Levee District, herein responds to the specific allegations plead in the Complaint as follows:

**1.**

In response to the allegations contained in Paragraphs 1 through 8 of the Complaint, those allegations do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraph 1 are denied for lack of sufficient information to justify a belief therein.

**2.**

The allegations contained in paragraphs 9 through 12 of the complaint are admitted in so far as they allege jurisdiction is proper.

**3.**

The allegations contained in paragraph 13 are denied for lack of sufficient information to justify a belief therein.

**4.**

In response to the allegations contained in Paragraph 14 of the Complaint, those allegations constitute a legal conclusion and do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraph 14 are denied for lack of sufficient information to justify a belief therein.

**5.**

The allegations contained in paragraph 15 are denied for lack of sufficient information to justify a belief therein.

**6.**

In response to the allegations contained in Paragraphs 16 through 18 of the Complaint, those allegations do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 16 through 18 are denied for lack of sufficient information to justify a belief therein.

**7.**

Defendant admits its status as alleged in paragraph 19

**8.**

In response to the allegations contained in Paragraph 23 of the Complaint, those allegations do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraph 23 are denied for lack of sufficient information to justify a belief therein.

**9.**

In response to the allegations contained in Paragraphs 24 through 25 of the Complaint, those allegations constitute a legal conclusion and do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraph 24 though 25 are denied for lack of sufficient information to justify a belief therein.

**10.**

In response to the allegations contained in Paragraphs 26 through 29 of the Complaint, those allegations do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 26 through 29 are denied for lack of sufficient information to justify a belief therein.

**11.**

In response to the allegations contained in Paragraphs 30 through 38 of the Complaint, those allegations constitute a legal conclusion and a prayer for relief and do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 30 through 38 are denied for lack of sufficient information to justify a belief therein.

**12.**

In response to the allegations contained in Paragraphs 39 through 44 of the Complaint, those allegations constitute a legal conclusion and do not require a response on the part of answering Defendant. Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 39 through 44 are denied for lack of sufficient information to justify a belief therein.

**13.**

The allegations contained in paragraph 45 are denied for lack of sufficient information to justify a belief therein.

**14.**

The allegations contained in paragraph 46 are denied.

**15.**

The allegations contained in paragraph 47 are denied.

**16.**

In response to the allegations contained in Paragraphs 48 through 52 of the Complaint, those allegations do not require a response on the part of answering Defendant.  Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 48 through 52 are denied for lack of sufficient information to justify a belief therein.

**17.**

In response to the allegations contained in Paragraphs 53 through 54 of the Complaint, those allegations constitute a legal conclusion and do not require a response on the part of answering Defendant.  Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 53 through 54 are denied for lack of sufficient information to justify a belief therein.

**18.**

In response to the allegations contained in Paragraphs 55 through 58 of the Complaint, those allegations do not require a response on the part of answering Defendant.  Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 55 through 58 are denied for lack of sufficient information to justify a belief therein.

**19.**

In response to the allegations contained in Paragraphs 59 through 60 of the Complaint, those allegations constitute a legal conclusion and do not require a response

on the part of answering Defendant.  Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 59 through 60 are denied for lack of sufficient information to justify a belief therein.

**20.**

In response to the allegations contained in Paragraphs 60 through 67 of the Complaint, those allegations do not require a response on the part of answering Defendant.  Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 60 through 67 are denied for lack of sufficient information to justify a belief therein.

**21.**

The allegations contained in paragraph 68 are denied.

**22.**

In response to the allegations contained in Paragraphs 69 of the Complaint, those allegations do not require a response on the part of answering Defendant.  Nevertheless, in so far as an answer is deemed necessary, the allegations contained in paragraphs 69 are denied for lack of sufficient information to justify a belief therein.

**23.**

The allegations contained in paragraph 70 are denied.

**24.**

The allegations contained in paragraph 13 are denied for lack of sufficient information to justify a belief therein.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON,
PFISTER & WEINSTOCK**

_____
**LAWRENCE J. DUPLASS #5199
ANDREW D. WEINSTOCK #18495
JENNIFER M. MORRIS #29936**
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone:  (504) 832-3700
Facsimile:  (504) 837-3119
**Counsel for Defendant, Board of Commissioners, Lake
Borgne Basin Levee District**

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of November, 2007, a copy of the

foregoing Board of Commissioners for the Lake Borgne Levee District was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing

has been forwarded to all known counsel of record by operation of the court's electronic

filing system or by depositing a copy in the United States mail, properly addressed and

postage prepaid.

_____
**ANDREW D. WEINSTOCK (#18495)**

11