UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br><br>PERTAINS TO:<br>ALL INSURANCE CASES | *<br>*  CIVIL ACTION<br>*<br>*  NO. 05-4182<br>*<br>*  SECTION "K" (2)<br>*<br>*  JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY MEMORANDUM IN SUPPORT OF THE INSURANCE DEFENDANTS' JOINT MOTION TO: (1) MODIFY THE COURT'S MAY 1, 2006 CONSOLIDATION ORDER; AND (2) DECONSOLIDATE AND/OR SEVER CASES WITHIN THE INSURANCE UMBRELLA**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this reply memorandum in support of the Insurance Defendants' Joint Motion to 1) Modify the Court's May 1, 2006, Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella ("Motion to Deconsolidate"). State Farm adopts and incorporates the arguments and authorities in the Insurance Defendants' Motion to Deconsolidate, supporting Memorandum, and Reply Memorandum as if set forth herein in their entirety. The insurance umbrella should be deconsolidated as to all insurance defendants. However, deconsolidation and severance are particularly appropriate as to State Farm, as both this Court and the Fifth Circuit have held that State Farm's homeowners policy clearly and unambiguously excludes flood water damage, regardless of the cause of the flood water damage. Further still, Plaintiffs have cited no

Louisiana state district court decisions that have contradicted the decision of this Court in *Chehardy* and *Vanderbrook*, with respect to the enforceability of the language in State Farm's homeowners policy excluding coverage for flood water damage resulting from levee breaches. Nor are any cases directly raising the issue of whether flood water damage resulting from levee breaches is excluded by the water damage exclusion in State Farm's homeowners policy pending before any Louisiana state appellate court, or the Louisiana Supreme Court. *Sher v. Lafayette Insurance Company*, pending before the Louisiana Fourth Circuit Court of Appeal does not involve State Farm or State Farm's anti-concurrent cause lead-in language or water damage exclusion and is neither relevant nor material to the validity of the State Farm water damage exclusion.  Thus, the rationale underlying the Court's creation of the consolidated umbrella litigation has been obviated completely as to State Farm and there is no justifiable reason for retaining the State Farm cases in the consolidated umbrella litigation.  The State Farm insurance cases therefore should be deconsolidated and severed from each other, and either (1) transferred back to the Section and Magistrate from which they came, or (2) for cases that were originally assigned to this Court as a result of the May 1, 2006, consolidation order, and thus never randomly allotted to a Section and Magistrate, those cases should be referred to the Clerk of Court to be randomly allotted to a new Section and Magistrate.

I.      **ARGUMENT AND AUTHORITIES**

The Plaintiffs' Subgroup Litigation Committee-Insurance ("Insurance Plaintiffs") argues that the Insurance Defendants' Motion to Deconsolidate is premature because of the pending state court proceedings in the *Sher* case.  As misplaced as that argument may be as to the other defendants, it is wholly without merit as to State Farm.  As held by this Court, flood water damage to State Farm insureds' homes is not covered by the State Farm homeowners policy, regardless of the cause of the flooding. *In re Katrina Canal Breaches Consolidated*

*Litigation*, 466 F.Supp.2d 729, 763 (E.D. La. 2006), *affirmed in part and reversed in part*, 495 F.3d 191 (5th Cir. 2007).  The Court held that with respect to State Farm, any ambiguity created by use of the undefined term "flood" in its water damage exclusion is eliminated by the clear and unambiguous "lead-in" provision which specifically precludes coverage for certain "excluded events," including water damage, "regardless of (a) the cause of the excluded event . . . . "  *Id.* at 762-63.  The Court concluded that the water damage exclusion with its anti-concurrent cause lead-in language thus "makes clear that regardless of the cause of the flooding, there is no coverage provided for any flooding 'regardless of the cause.'"  *Id.* at 762.

The Fifth Circuit affirmed this Court's holding that State Farm's water damage exclusion clearly and unambiguously excludes coverage for any flooding, regardless of the cause.  *In re Katrina Breaches Consol. Litig.*, 495 F.3d 191 (5th Cir. 2007).  The Fifth Circuit made clear that a "flood" is a "flood" regardless of cause, and that "[a]n insured may not avoid a contractual exclusion merely by affixing . . . [a] separate characterization to the act or event causing the loss."  *See id.* at 223.  The Fifth Circuit ruled that, even accepting Plaintiffs' characterization of the flood as "non-natural" based on their allegations that the flood was attributable to negligence in the design and upkeep of the levees, nonetheless the term "flood" in the water damage exclusion cannot reasonably be interpreted as making a distinction "between floods with natural causes and those with non-natural causes" (405 F.3d at 215):

> In sum, we conclude that the flood exclusions in plaintiffs' policies are unambiguous in the context of the facts of this case.  In the midst of a hurricane, three canals running through the City of New Orleans overflowed their normal boundaries. The flood control measures, i.e., levees, that man had put in place to prevent the canals' floodwaters from reaching the city failed.  The result was an enormous and devastating inundation of water into the city, damaging the plaintiffs' property.  This event was a "flood" within that term's generally prevailing meaning as used in common parlance, and our interpretation of the exclusions ends there.

*Id*. at 221.[1]

In their opposition to the joint motion to deconsolidate, Plaintiffs argue that deconsolidation is premature because of the pending appellate proceedings in *Sher v. Lafayette Insurance Company* and because some Louisiana state district courts have held that the ISO form water damages exclusion is ambiguous.  Neither of these arguments support delay of deconsolidation and severance as to State Farm.  *Sher v. Lafayette Insurance Company* involves the exclusionary language contained in Lafayette Insurance Company's policies which is different than that in State Farm policies.  The final outcome of the *Sher* case thus is irrelevant to the enforceability of the State Farm water damage exclusion.  State Farm is unaware of any case pending in a Louisiana appellate court that raises the issue of whether flood water damage resulting from levee breaches is excluded by the State Farm water damage exclusion.  In short, there is no reason for this Court to delay any longer the enforcement of this Court's own finding that State Farm's water damage exclusion and its anti-concurrent cause lead-in language is unambiguous and enforceable, regardless of the cause of the flooding.  Thus, even if the Court declines to deconsolidate the consolidated umbrella litigation with respect to the other insurers, it nevertheless should deconsolidate the State Farm cases.

### III.  CONCLUSION

For the reasons asserted in the Insurance Defendants' Motion to Deconsolidate,

---

[1] Given its conclusion that the "water damage" exclusion by itself unambiguously precluded coverage, the Fifth Circuit found it unnecessary to address the effect of State Farm's "lead-in" provision. 405 F.3d at n.27.

supporting Memorandum, Reply Memorandum, and herein, the Court should grant the Motion to Deconsolidate with respect to State Farm.

                                                    Respectfully submitted,

| | |
|---|---|
| | */s/ Wayne J. Lee* |
| Charles L. Chassaignac, IV, 20746 | Wayne J. Lee, 7916 |
|   cchassaignac@phjlaw.com |   wlee@stonepigman.com |
|           Of |           Of |
| PORTEOUS, HAINKEL, AND JOHNSON, L.L.P. | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| 343 Third Street, Suite 202 | 546 Carondelet Street |
| Baton Rouge, LA 70801-1309 | New Orleans, LA 70130-3588 |
| Phone: (225) 383-8900 | Phone: (504) 581-3200 |
| Facsimile: (225) 383-7900 | Fax: (504) 581-3361 |
| | |
| | Attorneys for State Farm Fire and Casualty Company |

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing State Farm Fire and Casualty Company's Reply Memorandum in Support of the Insurance Defendants' Joint Motion to 1) Modify the Court's May 1, 2006, Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella has been served upon all counsel of record by electronic notice from the Court's CM/ECF system, this 26th day of October, 2007.

*/s/ Wayne J. Lee*

896986v.1