# the dudenhefer law firm,
a limited liability company

pan american life center
601 poydras street, suite 2655
new orleans, louisiana 70130
telephone 504 525 2553   telecopier 504 523 2508

frank c dudenhefer jr
attorney at law

November 1, 2007

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  NOV - 6 2007
LORETTA G. WHYTE
CLERK

The Honorable Stanwood R. Duval, Jr.
United States District Court Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:   In Re: KATRINA CANAL BREACHES LITIGATION,
      NO.: 05-4182 "K"(2)
      INSURANCE-------*Vanderbrook*, No. 05-6323

Dear Judge Duval:

In an effort to address the question of the Court's authority to defer entry of a final judgment, please be advised the Plaintiffs believe that the following discussion supports deferral:

The First Circuit observed that "commentators have noted considerable uncertainty about whether a district court is always obligated to conform the scope of its inquiry on remand with the appellate court's mandate. We believe that the weight of logic and authority pushes against so rigid a position...." U.S. v. Bell, 988 F. 2d 247, 1st Cir. 1993 at FN 2. The so-called "mandate rule," generally requiring conformity with the commands of a superior court on remand, is simply a specific application of the *law of the case* doctrine and, as such, is subject to the discretion of the court. The rule is subject to an occasional exception in the interests of justice. On remand, while the lower court ordinarily retains the "naked power to reexamine" a closed issue, it should exercise such power "sparingly and only when ... necessary to avoid extreme injustice" Id. Where strict application of the "mandate rule" would work an egregious result, the Court has the discretion to defer entry of a final judgment in accordance with the mandate. Johnson v. Uncle Ben's, Inc., 965 F.2d 1363, 1370 (5th Cir. 1992).

Judge Duval
November 1, 2007
Page 2

To correct "a manifest injustice", the Court has the discretionary power to act contrary to the mandate. U.S. v. Miller, 822 F.2d 828, 833 (9th Cir. 1987). Here, the plaintiffs do not go so far as to ask this Court to deviate from the mandate. The plaintiffs simply request that the Court defer entry of a final judgment to prevent the manifest injustice of a dismissal which may shortly thereafter be followed by a state court ruling contrary to the Fifth Circuit.

To be sure, the *law of the case* doctrine is neither an absolute bar to reconsideration nor a limitation on a federal court's power. U.S. v. Rivera-Martinez, 931 F.2d 148, 151, (1st Cir. App. 1991). Nonetheless, this modicum of such residual flexibility or discretion allows this Court to defer consideration at least until the anticipated Fourth Circuit ruling in *Sher*. The resulting manifest injustice to these plaintiffs, with none to Defendants, are the kinds of exceptions recognized by case law which gives this Court the discretion to defer action at this time. While it true that the *law of the case* should be treated respectfully, these exceptional circumstances, a dismissal with prejudice, fully justify deferral.

We have confirmed that the original *Vanderbrook* state court petition made no claim other than a flood claim. I have spoken with Mr. Harvey who informed me of his intention to amend the petition within the next 30 days to add wind claims where appropriate. Such an amendment would add other causes of action, but under the same policy and against the same defendants. The opportunity to amend provides further good grounds to support deferral.

The Plaintiffs thank the Court for allowing them the opportunity to reply via this letter brief.

Respectfully submitted,

*Frank C. Dudenhefer, Jr*

Frank C. Dudenhefer, Jr.

FCD, Jr/ecg
Cc: Liaison Counsel,