UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | NUMBER 05-4182 |
| | * | & CONSOLIDATED CASES |
| | * | |
| THIS DOCUMENT RELATES TO | * | |
| LEVEE:  06-5127  (DePass) | * | SECTION "K" |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 12(B)(6) AND/OR 12(C)

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans moved this Court pursuant to F.R.Civ.P. 12(b)(6) and/or 12(c) to dismiss the above-captioned. [1]

This Court's judgments in favor of the Parish of Jefferson [Doc. 8390], the City of New Orleans [Doc. 1133], and the Board of Commissioners for the Port of New Orleans [Doc. 8389], apply with equal force to the Sewerage and Water Board of New Orleans. Therefore, the Sewerage and Water Board of New Orleans is entitled to dismissal of plaintiffs' claims.

_____

[1]  The Sewerage and Water Board of New Orleans answered plaintiffs' complaint and First Amended Complaint, but have not responded to plaintiffs' Second and Third Amendments to Complaint and therefore brings this motion under two potentially available federal rules of civil procedure.

## BACKGROUND

As this Court observed in its Order dismissing the Parish of Jefferson [Doc. 8390] this suit is one of several, each defined by different geographic locations.[2]  Rather than joining in the Master Class Actions pending in *In re Katrina Canal Breaches Consolidated Litigation*, civil action number 05-4182, plaintiffs separately here seek declaratory judgment and damages against the Sewerage and Water Board of New Orleans, the Board of Commissioners of the Orleans Levee District, the Board of Commissioners of the Port of New Orleans, the East Jefferson Levee District, the Parish of Jefferson, the Louisiana Department of Transportation and Development and the United States of America.  As the Court observed, these plaintiffs rely on different theories of liability than do plaintiffs in the Master Amended Complaints filed in the Levee and MRGO matters.  *See* Order [Doc. 8390].

The relevant allegations against the Sewerage and Water Board of New Orleans in the *DePass* complaint, as amended, are these:

## ORIGINAL COMPLAINT

¶24.    The New Orleans Sewerage and Water Board is charged with the responsibility of operating the pumping station and drainage canals which feed the 17th Street Canal from the East, including the Broad Street Pumping Station and the Palmetto and Florida Avenue Canals;

¶25.    The East Jefferson Levee District, the Parish of Jefferson and/or the Sewerage and Water Board are charged by law with the responsibility of maintaining and operating the Hoey Canal, including the drainage for Metairie and the Hoey Canal Gate;

---

[2]   The Sewerage and Water Board of New Orleans is a defendant in only three of these cases – this one, *Simms*, no. 06-5116, and *Bourgeois*, no. 06-5131.

¶26.   The East Jefferson Levee District, the Parish of Jefferson and the Sewerage and Water Board are charged with the responsibility of maintaining the 17th Street Canal;

¶27.   The Plaintiffs' damages resulted from the closure of the 17th Street Canal, and the continued operation of the pumping stations feeding the 17th Street Canal and the failure to close the Hoey Canal flow, not within the reach of Section 702(c) of the Flood Control Act of 1928;

¶28.   The Sewerage and Water Board is charged by law with the responsibility of operating the pumping stations, drainage ditches and canals feeding the 17th Street Canal from east, including the Broad Street, Florida Avenue and New Basin pumping station, and the Palmetto Canal;

. . . .

¶31.   The East Jefferson Levee District, the Parish of Jefferson and or the Sewerage and Water Board are charged by law with the responsibility of maintaining and operating drainage ditches which flow into the 17th Canal from the West.

. . . .

¶68.   The Sewerage and Water Board is liable for the failure to maintain the drainage canals under its jurisdiction including the New London, 17th Street and Orleans Canals:

. . . .

¶71.   The Sewerage &Water Board is liable under Civil Code Article 2322 for the deterioration of the levees and levee improvements and structures known to it before the events causing loss and damage and the failure to repair same.

¶72.   The Sewerage &Water Board is liable for the failure to maintain the drainage canals as required by state law and/or by its Act of Assurance with the United States Corps of Engineers Claims against the Parish of Jefferson and or the East Jefferson Levee District;

. . . .

3

¶76.   The East Jefferson Levee District and the Parish of Jefferson and the Sewerage and Water Board were negligent in failing to close the drainage lines to prevent the back flow from the 17th Street Canal into Metairie, which flooded Plaintiffs properties;

¶77.   The East Jefferson Levee District and the Parish of Jefferson and the Sewerage and Water Board were negligent in failing to close the Hoey canal to prevent the flow of water from the 17th Street Canal into Metairie, which flooded Plaintiffs properties;

¶78.   The Sewerage and Water Board was negligent in failing to close the Hoey canal to prevent the flow of water from the 17th Street Canal into Metairie, which flooded Plaintiffs properties;

¶79.   The Sewerage and Water Board was negligent in failing to halt the pumping at feeder stations, Broad Street and Florida, given the closure of the 17th Street Canal, thus pumping flood and rain water into the 17th Street canal and into Hoey Canal, damaging plaintiffs property.

## FIRST AMENDED COMPLAINT

¶71.1  The New Orleans Sewerage and Water Board acquired certain lands from the Jefferson and Lake Pontchartrain Railway Company, by deed recorded in COB 516, folio 12 of Orleans Parish and COB 172, folio 220 in Jefferson Parish. The land acquired forms the 17th Street Canal.[3]

---

[3]   This allegation is factually wrong.  The document to which plaintiffs refer shows that the Jefferson & Lake Pontchartrain Railway Company conveyed title to certain lands, not to the Sewerage and Water Board of New Orleans, but instead to the City of New Orleans.  *See* exhibit "A."  Plaintiffs appear to acknowledge their error in the Third Amendment to Complaint when they aver the 17th Street Canal is owned by the City of New Orleans.  *See, e.g.,* Third Amended Complaint, ¶ 10g.

This Court need not convert this motion to one for summary judgment because documents referred to in the pleadings, as here, may be considered by the Court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint.  *See Great Plains Trust Co., v. Morgan Stanley Dean*

¶75.4  In exercise of its power and authority, the [Jefferson Parish Council] in concert and cooperation with the New Orleans Sewerage & Water Board has exercised control over the 17th Street Canal for its entire length, maintained, repaired and managed same, shared the costs, monitored its banks, and provided for the discharge of drainage into the 17th Street Canal to Lake Pontchartrain.

. . . .

¶75.7  The cooperative arrangement and sharing of the 17th Street Canal with the Sewerage & Water Board exists for the common benefit of the Parish of Jefferson and its drainage districts and the New Orleans Sewerage & Water Board; as such it is a joint or common enterprise, under the common administration and control, and common responsibility.

¶75.8  Parish of Jefferson and New Orleans Sewerage & Water Board are jointly liable for the failure of the east bank of the 17th Street Canal to control its waters during and after Hurricane Katrina.

. . . .

¶75.10 The Sewerage & Water Board owns and possesses a fractional interest in the 17th Street Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal.

¶75.11 The Sewerage & Water Board is further at fault in failing to accommodate the closure of the 17th Street Canal by arresting the drainage of water, but exacerbating the problem by continuing to operate the pumps accelerating water volume in the 17th Street Canal beyond its capacity and flooding plaintiffs' property.

---

*Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002); *Chauvin v. State Farm Fire and Cas. Co.*, 450 F.Supp.2d 660, 662-63 (E.D.La. 2006).

## SECOND AMENDMENT TO COMPLAINT

The Second Amendment to Complaint contains no allegations specifically directed to the Sewerage and Water Board of New Orleans.

## THIRD AMENDMENT [*SIC*] COMPLAINT

¶10 e. That the 17th Street Canal East Bank was structurally suspect, and the Corp aware of it, is apparent from the opinion of the Administrative Judge entered in proceedings Engineering BCA No. 6198 before the Corps of Engineers Board of Contract Appeal in the appeal of Pittman Construction Co., Inc., Contract No. DACW 29-93-C-008-1, attached hereto, as a result of work commissioned by the Corps of Engineers, a fact known then and thereafter by the East Jefferson Levee Board, Orleans Levee Board, Sewerage & Water Board of New Orleans and Jefferson Drainage Department.

¶10g.  The work was prosecuted by Pittman at the direction of the United States from derrick barges operating from the waters in the 17th Street Canal located in the Parish of Jefferson but owned by the City of New Orleans for the use and benefit of the New Orleans Sewerage & Water Board;

¶10m. The Sewerage & Water Board continued to pump rainwater into the Orleans Canal, but due to the absence of fronting protection the waters flooded into the northern basin of the New Orleans East Polder;

¶10n. The Parish of Jefferson ceded its authority over the Metairie Relief Canal to the Sewerage & Water Board which used the canal with the Parish's support and authority;

. . . .

¶26a. Pumping Stations Six and Seven were owned by Sewerage & Water Board of New Orleans ("SWBNO") and Station Six was operated by SWBNO as a joint venture with the Parish of Jefferson.

. . . .

6

¶26g.  The  SWBNO  knew  or  should  have  known  the  work performed by Pittman and the difficulty encountered.

## RELEVANT STANDANDS

Under F.R.Civ.P. 12(b)(6) or 12(c), the Sewerage and Water Board of New Orleans is entitled to an order, dismissing plaintiffs' claims.

1.    *Rule 12(b)(6)*

When a defendant attacks plaintiffs' complaint, as amended, because it fails to state a legally-cognizable claims, to survive a Rule 12(b)(6) challenge, plaintiffs' complaint must state "enough facts to sate a claim to relief that is *plausible* on its fact." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007)(emphasis added.)  The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Id.*, ___U.S. at _____, 127 S.Ct. at 1965.[4]

2.    *Rule 12(c)*

A motion brought pursuant to Rule 12(c) is designed to dispose of a case when a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially-noticed facts.  *Great Plains Trust Co. v. Moran Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2000); *Southern Service Corporation v. Tidy Building Services, Inc.*, 2004 WL 2784909 (E.D.La. Dec. 1, 2004).  To determine whether to grant a Rule 12(c)

---

[4]  The Supreme Court in *Twombly* rejected the often-quoted "no set of facts" test the Court had previously articulated in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957). Courts are now to employ a plausibility standard for scrutinizing the sufficiency of pleadings in the context of F.R.Civ.P. 12(b)(6) motions to dismiss.

motion, a court "must look only to the pleadings and accept all allegations in them as true." *St. Paul Fire & Marine Ins. Co. v. Convalescent Serv., Inc*., 193 F.3d 340, 342 (5th Cir.1999). The central issue "is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan Comm. Int'l Corp. v. Southwestern Bell Telephone Co*., 313 F.3d 899, 904 (5th Cir. 2002). Finally, when a party moves for judgment on the pleadings because the non-moving party has failed to state a claim, this Court applies substantially the same standard as that which governs a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Jones v. M.L Greninger*, 188 F.3d 322, 324 (5th Cir.1999).[5]

Under the standards governing these two rules of civil procedure, the Sewerage and Water Board of New Orleans is entitled judgment in its favor, dismissing plaintiffs' complaint as amended.

### FAILURE TO STATE A CLAIM

Plaintiffs' allegations against the Sewerage and Water Board of New Orleans, like their allegations against the Parish of Jefferson, can be conveniently placed in one of two categories: (1) negligent preparation immediately before the hurricane and negligent response during and after Hurricane Katrina; and (2) general failures arising out of *garde* of certain levees and drainage appurtances. *See* Order [Doc. 8390], p. 6.

---

[5] *See* discussion *supra*, including footnote 4, regarding the "plausibility" standard *Twombly* announced. The "plausibility" standard logically should also apply to motions to dismiss brought under F.R.Civ.P. 12(c).

## ACTIONS AT THE TIME OF KATRINA

The Sewerage and Water Board of New Orleans, like the Parish of Jefferson, enjoys absolute immunity for actions it took preparing for and responding to Hurricane Katrina pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act, LSA—R.S. 29:721—736.  The Legislature enacted the Act:

> Because of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and destructiveness resulting from terrorist events, enemy attack, sabotage, or other hostile action, or from fire, flood, earthquake, or other natural or manmade causes, and in order to ensure that preparations of this state will be adequate to deal with such emergencies or disasters, and in order to detect, prevent, prepare for, investigate, respond to, or recover from  these events, and generally to preserve the lives and property of the people of the state of Louisiana, it is hereby found and declared to be necessary:
>
> * * *
>
> (4)  To reduce vulnerability of people and communities of this state to damage, injury, and loss of life and property resulting from natural or man-made catastrophes, riots, acts of terrorism, or hostile military or paramilitary action.
>
> * * *
>
> (7)  To authorize and provide for cooperation in emergency or disaster prevention, mitigation, preparedness, response, and recovery.

LSA—R.S. 29:722(A).

The Act defines emergency preparedness as:  "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters."  LSA—R.S. 29:723(3).  A disaster is defined:

> The result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds, and other weather related events . . . and man-made disasters . . . .

LSA—R.S. 29:723(1).

In addition to empowering the Governor, Parish Presidents and others with the Executive branch of government to enact procedures to prepare for such natural and man-made disasters, the Legislature also granted immunity to the State's political subdivisions, agencies and their employees:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents, employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

LSA—R.S. 29:735(A).

As the Court found with Jefferson Parish, so too is the Sewerage and Water Board of New Orleans immune for actions it took before, during and after Hurricane Katrina. Therefore, those counts of plaintiffs' complaint, as amended, alleging liability against the Sewerage and Water Board of New Orleans for its actions before, during and after the hurricane must be dismissed for failing to state a cause of action as a matter of law. *Also see Yates v. Elmer*, 06-267 (La.App. 5 Cir. 11/28/06); 948 So.2d 1092, *writ denied*, 2006-3033 (La. 2/16/07); 949 So.2d 417.

### GENERAL ALLEGATIONS ABOUT THE SEWERAGE AND
### WATER BOARD OF NEW ORLEANS' *GARDE* OVER THE LEVEES, DRAINAGE
### CANALS, AND DRAINAGE DITCHES

The bulk of plaintiffs' remaining allegations against the Sewerage and Water Board of New Orleans contend that the Sewerage and Water Board of New Orleans had *garde* over the City's levees, drainage ditches and canals and negligently acted in connection with those facilities.

First, the Sewerage and Water Board of New Orleans denies that it had *garde* over, or any responsibility for, the City's levees and floodwalls. The Sewerage and Water Board of New Orleans is an agency brought into existence only to discharge those duties the State delegated to it:

> §4071.  Creation and organization of sewerage and water board
>
> > A.(1)  The public water system, the public sewerage system, and the public drainage system of the city of New Orleans shall be constructed, controlled, maintained, and operated by a sewerage and water board . . . .

LSA—R.S. 33:4071A.

In contrast to the tasks the Legislature delegated to the Sewerage and Water Board of New Orleans, the full right, jurisdiction, power, and authority to construct, maintain and improve the levees surrounding New Orleans is vested exclusively in the Board of Commissioners of the Orleans Levee District.[6]  This Court has already so ruled in favor of

---

[6]  Louisiana Revised Statute 38:307 provides that the Board of Commissioners of the Orleans Levee District has the full and exclusive right and jurisdiction over the levees:

§307.  Orleans Levee District; powers of board of commissioners

the Board of Commissioners for the Port of New Orleans when the Court dismissed allegations against the Dock Board in connection with maintaining the City's levees, holding:

> . . . the maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board . . . . Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection.

*See* Doc. 8389, p. 2 (*citing Board of Comm. Of Orleans Levee Dist. v. Dept. of Natural Resources of the State of Louisiana*, 493 So.2d 281, 288-89 (La. 1986). *Also see DePass* Order [8390], p. 10; and Order and Reasons [Doc. 1133](dismissing claims against the City of New Orleans.)

But, assuming for argument's sake only that the Sewerage and Water Board of New Orleans had *garde* over the levees, drainage canals and the like, the Sewerage and Water Board of New Orleans is afforded immunity pursuant to LSA—R.S. 9:2800H. That provision provides:

> H.(1)   Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a

---

> A.(1)  The board of commissioners of the Orleans Levee District shall have and exercise all and singular the powers now conferred upon that board by law, as well as such powers as are herein granted.  The board shall have full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects . . .

public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.

(2)  The provisions of this Subsection shall expire on August 30, 2008.

(3)  The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.

(4)  The provisions of this Subsection shall be given retroactive application to August 26, 2005.

LSA—R.S. 9:2800.

As this Court already held in this case when it dismissed plaintiffs' similar claims against the Parish of Jefferson, "[b]y operation of this statute, then all claims for defalcation arising from the garde of any levee, drainage ditch or the like are barred if brought against a public body like [the Sewerage and Water Board of New Orleans]." *See* Order, pp. 9-10 [Doc. 8390].

In keeping with this Court's prior legal analysis, the Sewerage and Water Board of New Orleans is entitled to the same relief as this Court granted the Parish of Jefferson.  Thus, plaintiffs' allegations alleging fault arising out of the Sewerage and Water Board of New Orleans' purported *garde* over the levees and drainage appurtenances fail to state a cause action.  The Sewerage and Water Board of New Orleans is entitled therefore to dismissal of plaintiffs' claims.

## SO-CALLED ACTS OF ASSURANCE

Plaintiffs attempt to assert a cause of action against the Sewerage and Water Board of New Orleans arising out of so-called acts of assurance the Sewerage and Water Board of

New Orleans entered into with the United States.  Plaintiffs' allegations involving acts of

assurance are these:

> ¶57.   The defendant Sewerage & Water Board is sued under a
> first Act of Assurance given under dates of February 18, 1997,
> pursuant to and in furtherance of Public Law 298 of the 89th
> Congress which authorized the construction of the Lake
> Pontchartrain, Louisiana Vicinity Hurricane Protection Project,
> and the Reevaluation Study, dated December 1983, approved
> February 7th, 1985 which authorized the construction of the
> High Level Plan, and agreed to hold and save the Government
> free from damages due to the construction works;
>
> ¶58.   Under the second Act of Assurance the Sewerage &
> Water Board assured the Secretary of the Army that it had the
> authority and capability to furnish local cooperation required by
> federal legislation authorizing the fronting protection to
> pumping station No. 6 located at the 17th Street Canal, and with
> the consent of the Orleans Levee District and the East Jefferson
> Levee District in which it "agree(d) that it will:
>
> > (a) Hold and save the Government free from all damages
> > arising from the operation, maintenance repair replacement and
> > rehabilitation of the fronting project, and any fronting project
> > related betterments, except for damages due to the fault of the
> > Government or Government contractors;

*See* Complaint, p. 13.  *Also see* paragraph 72 of the complaint, quoted on pages 2 and 3,

*supra*.

These allegations, however, are insufficient as a matter of law to state a cause of

action against the Sewerage and Water Board of New Orleans.

In *Anderson v. Red River Waterway Commission*, 231 F.3d 211 (5th Cir. 2000), the

Court of Appeals held that such assurances regarding federal construction projects were

nothing more than an indemnification agreement whereby the state or local agency agreed

only to indemnify the United States for amounts it may be cast in judgment by third parties,

and do not confer the power or right upon third parties (like plaintiffs here) to file suit directly against the indemnifying state or local agency. *Id.*, 215. Other courts, including Louisiana state courts, hold likewise. *See Cooper v. City of Bogalusa*, 198 So. 510, 512 (La. 1940); *Adam v. Great Lakes Dredge and Dock Co.*, 273 So.2d 60 (La.App. 4 Cir. 1973); *Vujnovich v. State of Louisiana*, 184 So.2d 618, 620-621 (La.App. 4 Cir. 1966); *Petrovich v. State of Louisiana*, 181 So.2d 811, 814 (La.App. 4 Cir. 1966); *Vuljan v. Board of Commissioners of Port of New Orleans*, 170 So.2d 910, 913 (La. App. 4 Cir. 1965); *Haeuser v. Board of Commissioners of Port of New Orleans*, 170 So.2d 728 (La.App. 4 Cir. 1965).

In sum, these so-called acts of assurance are nothing more than indemnity agreements running between the state or local agency to the United States. These agreements do not, as plaintiffs argue, provide them as third parties with a right or cause of action against the indemnifying state or local agency.

But, even if the Court were to ignore the law and assuming even further for argument's sake that plaintiffs are third party beneficiaries of any acts of assurance, plaintiffs failed to allege any facts that the Sewerage and Water Board of New Orleans breached any specific "assurance" contained in the February 18, 1997, Supplemental Agreement between the United States of America and the Orleans Levee District whereby, "in consideration of the construction to be done by the United States of America for the fronting protection to its pumping station, [the Sewerage and Water Board of New Orleans] agrees that it will," without cost to the United States:

a.      Provide, all lands, easements, and rights-of-way determined by the Government to be necessary for the construction, operation, and maintenance of the fronting project;

b.      For so long as the fronting project remains authorized, operate, maintain, repair, replace, and rehabilitate the completed fronting project features, at no cost to the Government, in accordance with applicable Federal and State laws and any specific directions prescribed by the Government;

c.      Grant the Government, the EJLD, and the OLD a right to enter, at reasonable times and in a reasonable manner, upon lands which the S&WB owns or controls, for access to the fronting project for the purpose of inspecting, and, if necessary, for the purpose of completing, maintaining, repairing, replacing, or rehabilitating the fronting project;

d.      Hold and save the Government free from all damages arising from the operation, maintenance, repair, replacement, and rehabilitation of the fronting project and any fronting project related betterments, except for damages due to the fault or negligence of the Government or the Government's contractors;

e.      Prevent future encroachments on the provided fronting project lands, easements and rights-of-ways which might interfere with the proper functioning of the fronting project;

f.      Comply with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Act of 1970, Public Law 91-646, as amended by Title IV of the Surface Transportation and Uniform Relocation Assistance Act of 1987, Public Law 100-17, and the Uniform Regulations contained in 49 CER. part 24, in acquiring lands, easements, and rights-of-ways, and performing relocations, for construction, operation, and maintenance of the fronting project, and inform all affected persons of applicable benefits, policies, and procedures in connection with said act;

g.      Comply with all applicable Federal and State laws and regulations, including section 601 of the Civil Rights Act of 1964, Public Law 88-352, and Department of Defense Directive 5500.11 issued pursuant thereto, as well as Army Regulation

> 600-7, entitled "Nondiscrimination on the Basis of Handicap in Programs and Activities Assisted or Conducted by the Department of the Army.

*See* exhibit "B," pages 3 and 4. *Also see* footnote 3, *supra*, and *Great Plains Trust Co., v. Morgan Stanley Dean Witter & Co.,* 313 F.3d at 313; *Chauvin v. State Farm Fire and Cas. Co.*, 450 F.Supp.2d at 662-63.

Plaintiffs allege no facts to show when, where, if, and how the Sewerage and Water Board of New Orleans breached any of these "assurances," and therefore, even assuming third party beneficiary status, plaintiffs' claims regarding these "assurances" fails to state a cause of action against the Sewerage and Water Board of New Orleans.

## CONCLUSION

This Court has already ruled in favor of the Parish of Jefferson in this case, dismissing the substantially the same claims plaintiffs also assert against the Sewerage and Water Board of New Orleans. The law and its applicability to the facts are the same for the purpose of this Court's analysis whether considering the merits of plaintiffs' claims against the Parish of Jefferson or of their claims against the Sewerage and Water Board of New Orleans. Thus, as a matter of law and in keeping with this Court's prior analysis and rulings, Sewerage and Water Board of New Orleans is entitled to an order, dismissing plaintiffs' claims against it with prejudice.

Respectfully submitted,

s/Kevin R. Tully
_____

**CHARLES M. LANIER, JR. - #18299, T.A.**
**KEVIN R. TULLY - #1627**
**H. CARTER MARSHALL - 28136**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

## C E R T I F I C A T E

I do hereby certify that on the 6th day of November 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/Kevin R. Tully
_____

**CHARLES M. LANIER**
**KEVIN R. TULLY**
**H. CARTER MARSHALL**

CK_DOCS 387303v2

18