UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | * | CIVIL ACTION NO. 05-4182 |
| **CONSOLIDATED LITIGATION** | * | |
| | * | SECTION K – JUDGE DUVAL |
| | * | |
| **PERTAINS TO:** | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| **INSURANCE: JUPITER, 07-1689** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

**MAY IT PLEASE THE COURT:**

This memorandum is submitted on behalf of Defendant, Auto Club Family Insurance Company ("ACFIC"), in support of its Motion to Compel the Plaintiff, Lorraine Jupiter ("Jupiter"), to respond to the Interrogatories and Request for Production of Documents propounded upon her.

## LAW AND ARGUMENT

On June 7, 2007, ACFIC propounded Interrogatories and Request for Production of Documents to Jupiter, through her attorney of record, Brent A. Klibert.[1]

---

[1] See Interrogatories and Requests for Production of Documents, attached hereto as Exhibit 1.

On August 27, 2007, a second copy of the Interrogatories and Requests for Production of Documents was forwarded to Jupiter, through her attorney of record, Brent A. Klibert.[2] Jupiter has failed to respond to ACFIC's discovery. Counsel for ACFIC has conferred with counsel for Jupiter to seek an amicable resolution and comply with Federal Rule 37, but has been unsuccessful.

On October 3, 2007, counsel for ACFIC conducted a Rule 37.1(E) conference with counsel for Jupiter to discuss Jupiter's failure to respond to ACFIC's discovery requests.[3] Pursuant to the teleconference, a five (5) day extension of time was granted to the Jupiter to respond to the Interrogatories and Requests for Production of Documents originally propounded on June 7, 2007. Thereby, making Jupiter's responses due by the close of business on October 8, 2007.[4]

### A. Jupiter's Responses to ACFIC's Interrogatories are Incomplete and Must be Treated as a Failure to Respond.

On October 16, 2007, ACFIC's undersigned counsel received via facsimile Jupiter's incomplete and insufficient responses to ACFIC's Interrogatories.[5] Pursuant to Fed. R. 37(a)(3) "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Jupiter's responses to ACFIC's Interrogatories are incomplete, and therefore, insufficient, in the following respects[6]:

1. Interrogatory No. 3 fails to provide the requested date of payment, total amount of payment (not subtracting out amounts for attorney's fees and contractor fees) and description of the reason for payment;

---

[2] See correspondence to counsel for Plaintiff, dated August 27, 2007, attached hereto as Exhibit 2.
[3] See correspondence to counsel for Plaintiff, dated October 3, 2007, attached hereto as Exhibit 3.
[4] See Exhibit 3.
[5] See correspondence exchanged between counsel for Plaintiff and Defendant, dated October 16, 2007, attached hereto as Exhibit 4.
[6] See Jupiter's Answers to Interrogatories, attached hereto as Exhibit 5.

2.Interrogatory No. 4 fails to provide an itemization of the damages Jupiter is contending entitlement to recover from ACFIC. At a minimum, the requested itemization should have included a description of the type of category of damages claimed and the amount of damages for each category or type of damages;

3.Interrogatory No. 5 fails to provide a "yes" or "no" response as to whether Jupiter has provided ACFIC with a satisfactory proof of loss for the damages arising out of Hurricane Katrina with which Jupiter seeks to recover from ACFIC. In the event Jupiter's response is "yes", ACFIC requested Jupiter provide sufficient responses to subsections (a) and (b);

4.Interrogatory No. 8 fails to provide a "yes" or "no" response as to whether Jupiter contends entitlement to recover from ACFIC additional living expenses sustained as a result of Hurricane Katrina. In the event Jupiter's response is "yes", ACFIC requested Jupiter provide sufficient responses to subsections (a), (b), (c) and (d).

### B.To Date, Jupiter has Failed to Respond to ACFIC's Request for Production of Documents

To date, Jupiter has failed to respond to ACFIC's Request for Production. Pursuant to Fed. R. 37(a)(2), if a party fails to make a disclosure any other party may move to compel disclosure and for appropriate sanctions.

On October 23, 2007, undersigned counsel conducted a second Rule 37.1(E) conference with counsel for Jupiter to discuss Jupiter's failure to completely and sufficiently respond to ACFIC's Interrogatories and Jupiter's failure to respond at all to ACFIC's Request for Production.[7] Pursuant to the teleconference, a seven (7) day extension of time was granted to Jupiter to respond completely and sufficiently to the Interrogatories and respond to the Request

---

[7] See correspondence to counsel for Plaintiff, dated October 23, 2007, attached hereto as Exhibit 6.

3

for Production of Documents originally propounded on June 7, 2007. Jupiter's responses were thus due by the close of business on October 30, 2007.[8]

The time to answer ACFIC's discovery has lapsed, and Jupiter has failed to respond to ACFIC's Interrogatories and Request for Production of Documents. Pursuant to Fed. R. 37(a), ACFIC is entitled to an Order compelling Jupiter to respond to the discovery requests. Additionally, pursuant to Fed. R. 37(a)(5)(A), the Court may impose sanctions, including reasonable expenses and attorney's fees against Jupiter and/or her attorney, or both, for refusing to respond to ACFIC's written discovery.

## CONCLUSION

For the reasons set forth herein, the Defendant, Auto Club Family Insurance Company, respectfully requests that the Court grant its Motion to Compel in all respects and impose sanctions as requested.

Respectfully submitted,

CHOPIN, WAGAR, RICHARD
& KUTCHER, L.L.P.

By_____
THOMAS M. RICHARD (#2069)
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Fax: (504) 836-9540
*Attorneys for Defendant, Auto Club Family Insurance Company*

---

[8] See Exhibit 6.

4

## CERTIFICATE OF SERVICE

I hereby certify that on the ___6th___ of November, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant.

_____
**THOMAS M. RICHARD**