UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
| | SECTION: "K"(2) |
| | JUDGE: DUVAL |
| PERTAINS TO: ROAD HOME *Louisiana State*, C.A. No. 07-5528 | MAGISTRATE: WILKINSON |

**MEMORANDUM IN OPPOSITION TO MOTION TO REMAND REGARDING MMTJA AND JOINDER IN OPPOSITION TO MOTION TO REMAND BY THE ANPAC DEFENDANTS AND REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

**MAY IT PLEASE THE COURT:**

**PRELIMINARY STATEMENT**

Defendants, American National Property And Casualty Company ("ANPAC"), American National General Insurance Company ("ANGIC"), ANPAC Louisiana Insurance Company ("ANPLA"), and American National Insurance Company ("ANICO")(collectively referred to as the "ANPAC Defendants"), and Republic Fire And Casualty Insurance Company ("RFCIC"), hereby oppose the *Motion to Remand* (Rec.Doc. 8282) and *Motion to Remand Regarding MMTJA* (Rec.Doc. 8593) submitted by plaintiff, the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development (the "State"). In opposing the *Motion to Remand*, the ANPAC Defendants and RFCIC join in *Certain Defendants' Joint Response in Opposition to Plaintiff's Motion to Remand* submitted by

1

the Allstate Defendants and others on November 6, 2007.  In opposing the *Motion to Remand Regarding MMTJA*, the ANPAC Defendants and RFCIC join in the *Memorandum of Law in Opposition to Plaintiffs' Motion to Remand Regarding MMTJA* submitted by the Hartford Defendants and Travelers Defendant on November 6, 2007.  The ANPAC Defendant and RFCIC further oppose the *Motion to Remand Regarding MMTJA* based upon the arguments presented in this Opposition Memorandum.

I.     **APPLICABLE LAW FOR REMOVAL UNDER MUTLIPARTY, MULTIFORUM TRIAL JURISDICTION ACT OF 2002, 28 U.S.C. §§ 1369 AND 1441(e)(1)(A) AND BASED UPON 28 U.S.C. §§ 1441(e)(1)(B) AND (e)(5)**

The ANPAC Defendants and RFCIC assert as alternative grounds that this matter was properly removed and that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1)(A).  Additionally, the ANPAC Defendants and RFCIC assert that this civil action was properly removed under the ***legal mechanism*** provided in 28 U.S.C. § 1441(e)(1)(B) and, therefore, jurisdiction "shall be deemed" to exist under 28 U.S.C. § 1441(e)(5).  Removal and jurisdiction under the MMTJA needs to be analyzed only should this Honorable Court find that there is no jurisdiction under the other bases for jurisdiction asserted by co-defendants, i.e., CAFA.  ANPAC Defendants and RFCIC recognize that this Honorable Court has rejected the MMTJA as a basis for federal jurisdiction for Hurricane Katrina cases, *e.g.*, *Case v. ANPAC Louisiana Insurance Co.*, 466 F.Supp.2d 781 (E.D.La. 2006), however, this Honorable Court has also recognized a split on this issue with the United States District Court for the Middle District of Louisiana regarding the applicability of the MMTJA to Hurricane Katrina cases.  *See Flint v. Louisiana Farm Bureau Mutual Insurance Company*, No. 06-2546, 2006 WL 2375593 (E.D.La. 8/15/2006) ("In Judge

Polozola's Order transferring *Chehardy* to this Court, the Judge noted that jurisdiction existed in *Chehardy* under 28 U.S.C.§ 1369.").

Defendants assert in good faith that their arguments are well-founded—even though this Honorable Court previously disagreed on this issue—because Judge Polozola found that jurisdiction under the MMTJA existed over a substantially identical class action arising out of Hurricane Katrina. *See Chehardy, et al. v. Louisiana Ins. Com., et al.*, No. 05-1140 (M.D.La. 3/16/06). The United States Fifth Circuit Court of Appeals also indicated that the MMTJA may be appropriate to support federal jurisdiction over similar Hurricane Katrina claims. *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697 (5th Cir. 2006)(Fifth Circuit did not dispute or question defendant-appellant's contention that Hurricane Katrina was the requisite "accident" for purposes of jurisdiction under the MMTJA, even though doing so would have summarily disposed of the issue without need to remand for further evaluation under the MMTJA); *see also Case*, 466 F.Supp.2d at 787 ("While ***an argument can be made that the Fifth Circuit's acknowledgement of Section 1441(e)(1)(B) supplemental jurisdiction in Wallace presupposes original jurisdiction under Section 1369(a)*** in *Chehardy*, the findings of jurisdictional facts under Section 1369 were left unarticulated by both Judge Polozola and the Fifth Circuit.")(emphasis added). Accordingly, the ANPAC Defendants and RFCIC assert the MMTJA in support of removal and jurisdiction in this Honorable Court for purposes of preserving these issues for appeal and potentially provide the Fifth Circuit an opportunity to address in the instant case what this Honorable Court found was "left unarticulated" in *Wallace*.

## A. Law Applicable to Removal Under 28 U.S.C. § 1441(e)(1)(A) and Jurisdiction Under 28 U.S.C. § 1369

The first alternative ground for removal asserted by the ANPAC Defendants and RFCIC is under 28 U.S.C. § 1441(e)(1)(A) based upon original subject matter jurisdiction under 28

U.S.C. § 1369.  Section 1441(e)(1)(A) provides that a defendant may remove a civil action to federal court if "the action could have been brought in a United States district court under Section 1369 of this title . . . ."  Section 1369 addresses multiparty, multiforum jurisdiction.  It provides, in pertinent part, as follows:

> **(a)   In General.** – The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if –
>
> **(1)** a defendant resides in a State and a substantial part of the accident took place in another State or another location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

Section 1369 defines "minimal diversity" as existing "if any party is a citizen of a State and any adverse party is a citizen of another State . . . ."  It further provides that a corporation is a citizen of any state in which it is incorporated or where its principal place of business is located.  The term "accident" is defined as "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons . . . ."  28 U.S.C. § 1369(e)(4).  When Hurricane Katrina swept ashore on August 29, 2005, it was a natural event of unprecedented magnitude.  It culminated in the alleged "failure of the greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d)), as alleged by the State, which caused the catastrophic flooding and loss of life that followed.  The 1979 edition of Webster's New Collegiate Dictionary defines "accident" to include the following:

(a)     An event occurring by chance or arising from unknown causes;

(b)     An unfortunate event resulting from carelessness, unawareness, ignorance, or a combination of causes;

(c)     Lack of intention or necessity;

(d)     An unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but from the consequences of which he may be entitled to some legal relief.

Hurricane Katrina and the alleged "failure of the greater New Orleans ***levee system***" (*Amended Class Action Complaint*, ¶ 46(d))(emphasis added)[1] resulted in the deaths of over 500 natural persons.[2]   Accordingly, Hurricane Katrina and the alleged "failure of the greater New Orleans levee system," (*Amended Class Action Complaint*, ¶ 46(d)), certainly constitute "a natural event culminating in an accident" in which at least 75 natural persons died.   This Honorable Court even indicated that a levee break may constitute an "accident" for purposes of the MMTJA.   *See Flint v. Louisiana Farm Bureau Mutual Insurance Company*, No. 06-2546, 2006 WL 2375593 *3 (E.D. La. 8/15/2006)(Duval, J.)("Therefore, the Court concludes that § 1369 jurisdiction exists in *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location.")   Furthermore, the Judge Polozola in the Middle District found that jurisdiction and removal were proper under the MMTJA, 28 U.S.C. § 1369 in another case arising out of Hurricane Katrina.   *Chehardy, et al v. Louisiana Ins. Com., et al*, No. 05-1140 (M.D. La., Minute Entry dated 3/16/2006).

---

[1] Distinguishable from the allegations in *Case*, the State in the instant litigation has alleged that the "greater New Orleans ***levee system***" (*Amended Class Action Complaint*, ¶ 46(d))(emphasis added), as opposed to separate breaches of multiple levees or flood walls, failed causing widespread devastation in the greater New Orleans areas, i.e., it is alleged that the singular system failed causing damage in the distinct location protected by that levee system.   The State further alleges as follows:  "Thousands of residences were damaged or destroyed by either the winds of Hurricane Katrina or caused by man-made, third-party negligence or fault with respect to the design, construction, engineering, inspection, maintenance, and operation of ***the surrounding navigable waterway system***, including all levees, levee walls, spoilbanks, and/or associated structures." (*Amended Class Action Complaint*, ¶ 3)(emphasis added).   As such, the State has alleged that the damages resulted from the failure of a singular "levee system" or singular "surrounding navigable waterway system," as opposed to multiple and separate "accidents."   The allegations in this regard as set forth in the *Amended Class Action Complaint* must be taken as true in evaluating jurisdiction. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

[2]     *See* Louisiana Department of Health and Hospitals, News Release, Jan. 23, 2006, available at http://www.dhh.louisiana.gov/news.asp?ID=1&Detail=805.   This Honorable Court can take judicial notice of the fact that the failure of the levee system, however caused, resulted in more than 75 deaths in the greater New Orleans area that was protected by the levee system.

**B.**   **Law Applicable to Removal Under 28 U.S.C. § 1441(e)(1)(B) and Jurisdiction "Deemed" to Exist in Accordance with 28 U.S.C. § 1441 (e)(5)**

The second, alternative ground for removal asserted by the ANPAC Defendants and RFCIC is under 28 U.S.C. § 1441(e)(1)(B), and, subsequent to removal, jurisdiction "shall be deemed" to exist in accordance with 28 U.S.C. § 1441(e)(5).  Federal law provides that a civil action filed in State court may be removed to federal court under 28 U.S.C. § 1441(e)(1)(B) if "the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter."  28 U.S.C. § 1441(e)(1)(B); *see also Wallace v. Louisiana Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006).  A civil action filed in State court that does not independently meet the jurisdictional requirements under the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. § 1369, may nevertheless be removed to federal court under 28 U.S.C. § 1441(e)(1)(B) and "***shall be deemed***" to be an action under and for which jurisdiction is based upon 28 U.S.C. § 1369.   *See* 28 U.S.C. § 1441(e)(5)(emphasis added).

Removal under 28 U.S.C. § 1441(e)(1)(B) is not based upon subject matter jurisdiction but is a ***legal mechanism*** specifically designed by Congress to bring to federal court all cases arising out of the same mass disaster or "accident" for coordination and consolidation of pretrial proceedings.  *See also* 28 U.S.C. §§ 1369(e) and 1407; and *Wallace, supra*.  As noted above, the MMTJA defines "accident" to include "a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons."  28 U.S.C. § 1369(c)(4).  Hurricane Katrina and the alleged "failure of the greater New Orleans levee system," (*Amended Class Action Complaint*, ¶ 46(d)), that inundated New Orleans does constitute the requisite

"natural event culminating in an accident" under the MMTJA. *See Flint v. Louisiana Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593 (E.D.La. 8/15/2006)(Duval, J.); and *Chehardy, et al. v. Louisiana Ins. Com., et al.,* No. 05-1140 (M.D.La. 03/16/2006)(Polozola, J.).

Once a civil action is properly removed under 28 U.S.C. § 1441(e)(1)(B), federal law provides that the lawsuit "shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785." 28 U.S.C. § 1441(e)(5). In *Passa v. Derderian*, 308 F.Supp.2d 43 (D.R.I. 2004), the district court determined that once a civil action was properly removed under 28 U.S.C. § 1441(e)(1)(B), the court would "be deemed" to have original subject matter jurisdiction under 28 U.S.C. § 1369 even though the case did not independently meet the jurisdictional criteria of 28 U.S.C. § 1369.

There is no diversity of citizenship requirement, jurisdictional limit or minimal amount in controversy for purposes of removal under 28 U.S.C. § 1441(e)(1)(B).[3] *See also* 28 U.S.C. § 1369; Adomeit, *The Station Nightclub Fire and Federal Jurisdictional Reach: The Multidistrict, Multiparty, Multiforum Jurisdiction Act of 2002*, 25 W.New Eng.L.Rev. 243, 249. Accordingly, removal to this Honorable Court is appropriate under 28 U.S.C. § 1441(e)(1)(B) and jurisdiction shall be deemed to exist under the MMTJA based upon 28 U.S.C. § 1441(e)(5) regardless of diversity or the amount in controversy.

Once a matter is removed to federal court under 28 U.S.C. § 1441(e)(1)(B) for which jurisdiction subsequently "shall be deemed" to exist under 28 U.S.C. § 1369, in accordance with

---

[3]   Contrary to *Maestri v. Lafayette Insurance Company*, No. 06-4239, 2006 WL 2990120 (E.D.La. 10/16/2006)(Livaudais, J.), which was incorrectly decided and remand improvidently granted, the clear and unambiguous text of 28 U.S.C. §§ 1441(e)(1)(B) and (e)(5) has no diversity of citizenship requirement whatsoever. The decision in *Maestri* does irreparable harm to the Congressional intent behind the enactment of 28 U.S.C. §§ 1441(e)(1)(B) and (e)(5), as this decision interferes with the legal mechanism provided by Congress to allow all lawsuits and claims arising our of a mass disaster to be brought and consolidated in federal court regardless that some of the lawsuits and claims lack original subject matter jurisdiction.

28 U.S.C. § 1441(e)(5), the "district court in which an action under this section [28 U.S.C. § 1369] is pending shall promptly notify the judicial panel on multidistrict litigation of the pendency of the action."  28 U.S.C. § 1369(e).  Thereafter, the provisions of 28 U.S.C. § 1407 provide discretionary authority to the judicial panel on multidistrict litigation to transfer such matters to any appropriate judicial district for coordination and consolidation of pretrial proceedings.

### C.        MMTJA Decisions by the United States District Court for the Eastern District of Louisiana

Several decisions by this Eastern District of Louisiana have found that although Hurricane Katrina was a "natural event" under 28 U.S.C. § 1369 that culminated in many accidents, it was not "a single accident," so that it purportedly cannot be the "accident" for purposes of 28 U.S.C. § 1369.  *See Flint, supra.*; *Salvaggio v. Safeco Prop. & Cas.*, No. 06-5624, 2006 WL 3068971 (E.D. La. 10/25/2006); *Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 WL 2710588 (E.D. La. 09/19/2006); *Southall v. St. Paul Travelers Ins.*, No. 06-3848, 2006 WL 2385365 (E.D. La. 08/16/2006).  These decision are either distinguishable or in error because they failed to interpret 28 U.S.C. §§ 1369, 1441(e)(1)(A), and 1441(e)(1)(B) based upon the well-recognized meaning of the words and phrases purposefully used by Congress that necessarily bring within the scope of these statutes the devastation and deaths arising from Hurricane Katrina and the resulting alleged failure of the levee system. *See Case*, 466 F.Supp.2d at 790, n. 14 ("Nearly all of the cases that have previously come before the courts of this District have dealt with whether Hurricane Katrina, and not a levee breach, is the 'accident' under section 1369.")  In drafting 28 U.S.C. § 1369, Congress provided that there must be "a single accident," but it also defined the term "accident" to mean "a natural event culminating in an accident."  28 U.S.C. § 1369(c)(4).  After inserting that definition into the text of 28 U.S.C. §

1369(a), which is required by the context of the statute, it is clear that Congress created a very broad requirement that "any civil action" must "arise" from "a single [natural disaster culminating in an accident]."   Hurricane Katrina clearly was a ***single natural disaster*** as contemplated by the statute.   Accordingly, the only remaining interpretation is whether the term "an accident" as used in that definition should be limited to a definite and singular accident or whether it references indefinite and multiple accidents.

In following the jurisprudentially recognized rules of statutory interpretation, the "Court naturally does not review congressional enactments as a panel of grammarians; but neither [does it] regard ordinary principles of English prose as irrelevant to a construction of those enactments." *Flora v. United States*, 362 U.S. 145, 150, 80 S.Ct. 630, 633, 4 L.Ed.2d 623 (1960); *see also In re Universal Seismic Assocs.*, 288 F.3d 205, 207 (5th Cir. 2002)("[A]s in the case of statutory interpretation, we look to the plain language of the statute, reading it as a whole and mindful of the linguistic choices made by Congress.")  It must be assumed that the ordinary meaning of the language employed by Congress accurately reflects the legislative purpose. *Securities and Exchange Commission v. KPMG LLP*, 412 F.Supp.2d 349, 387 (S.D.N.Y. 2006), *citing Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.,* 541 U.S. 246, 252, 124 S.Ct. 1756, 158 L.Ed.2d 529 (2004).   Accordingly, the ordinary meaning of the broad and indefinite article "an" used by Congress in the phrase "natural even culminating in ***an*** accident" should be employed when interpreting 28 U.S.C. § 1369.   "A statutory provision's use of the definite article 'the,' as opposed to the indefinite 'a,' 'an,' or 'any,' indicates that Congress intended the term modified to have a singular referent." *Id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).   Conversely, where Congress uses the broad and indefinite terms of "a," "an," or "any"  in a statute, as opposed to the limiting and definite article of "the",

this necessarily indicates that the term modified by such indefinite terms has an open-ended or plural referent, as opposed to a singular referent.  Unfortunately, not one decision interpreting 28 U.S.C. §§ 1369, 1441(e)(1)(A) and 1441(e)(1)(B) that has come from this Honorable Court has applied these principles of statutory interpretation or recognized the very broad and indefinite language employed by Congress in enacting these statutes.

Congress also broadly enacted 28 U.S.C. §§ 1369, 1441(e)(1)(A) and 1441(e)(1)(B) to apply to "any civil action" that "arises out of" a natural disaster, such as Hurricane Katrina, that culminates in "an accident."  The commentators have been uniform in their opinion that in using the term "any civil action," Congress intended these statutes to apply to a broad range of claims and causes of action, the scope of which would include property damage insurance claims arising of a requisite "accident." *See generally*, 25 W.New Eng.L.Rev. at 248-249.

Congress also selected the broad phrase "arising out of" when it enacted 28 U.S.C. § 1369(a), instead of the more limiting phrase of "caused by."   The United States Fifth Circuit Court of Appeal has held that where the phrase "arising out of" is used in a statute, it has a much broader significance than "caused by." *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 391 (5th Cir. 2002)("'Arising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from[,]' 'having its origin in,' 'growing out of' or 'flowing from,' or in short, 'incident to, or having connection with.'"), *citing*, *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co. of Wi.*, 189 F.2d 374, 378 (5th Cir. 1951).

The decisions regarding the MMTJA from this District have also misinterpreted the phrase "discrete location" as used in 28 U.S.C. § 1369(a) and (c)(4).  In *Southall v. St. Paul Travelers Ins.*, No. 06-3848, 2006 WL 2385365 (E.D. La. 08/16/2006)(Barbier, J.), the District

Court found that Hurricane Katrina and the resulting failure of the levees and floodwalls "did not occur at a 'discrete location' so as to trigger jurisdiction under this statute."   Absolutely no statutory interpretation or analysis was expressly applied and no authority is provided to support this finding.

Moreover, in *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 436 F. Supp. 2d 583 (E.D.La. 11/21/06)(Fallon, J.), the phrase "discrete location" was interpreted to refer to Memorial Medical Center, the hospital at issue in that case, which interpretation failed to take into consideration the language used by Congress in 28 U.S.C. § 1369(a)(3).   Judge Fallon rejected the argument that "discrete location" referred to the metropolitan New Orleans area because it "would effectively deprive the Louisiana state courts of jurisdiction over any dispute related to Hurricane Katrina." 436 F.Supp.2d at 591.[4]   The fact that Louisiana state courts will be deprived of jurisdiction over a dispute is not a valid basis to remand an otherwise properly removed action.   In fact, the necessary result of a proper removal is to deprive a State court of jurisdiction over the controversy.

In rendering these decisions, the District Court in *Southall* and *Preston* failed to analyze the legislative history behind the MMTJA and did not acknowledge the provision in 28 U.S.C. § 1369(a)(3) that "substantial parts of the accident [may take] place in different States."   Accordingly, the District Court failed to apply the proper and required rules of statutory

---

[4] This conclusion is overbroad and unsupported.  Not all Hurricane Katrina claims may be removed to and survive remand in federal court under 28 U.S.C. § 1441(e)(1)(A) and (B).  Disputes in which a plaintiff's property did not flood as a result of the levee and flood wall failures could not be removed under 28 U.S.C. § 1441(e)(1)(A) and (B), including most, if not all, lawsuits involving hurricane property damage in the Parishes of St. Tammany and St. Charles.  Additionally, those Jefferson Parish lawsuits that do not arise out of the levee and flood wall failures also may not be removable under 28 U.S.C. § 1441(e)(1)(A) and (B).  Remand would also be proper if the abstention provisions of the MMTJA applied. 28 U.S.C. § 1369(b).  However, those lawsuits that arise out of Hurricane Katrina and the resulting failure of the levee system as a whole and/or the levees and flood walls in the metropolitan New Orleans area and/or that involve the causation issue of whether property damage was caused by windstorm or flood for purposes of insurance coverage as a result of those failures clearly may be removed to federal court under 28 U.S.C. § 1441(e)(1)(A) and (B).

interpretation by not reading the term "discrete location" *in pari materia* with the provision that "substantial parts of the accident [may take] place in different States." *See* 28 U.S.C. § 1369(a). This Honorable Court rejected this position in *Case*, but did so by erroneously rejecting the broad and plain language employed by Congress when it enacted the statute in favor of the purported legislative intent taken from the statement of a single member of the House of Representatives. *See Case*, 466 F.Supp.2d at 798 ("The Court admits that the ***plain language*** of the statute is problematic, in that, it is not as narrowly crafted as intended by Congress.")(emphasis added).

The phrase "discrete location" was designed by Congress to preclude application of the MMTJA to products liability and toxic exposure litigation that involve multiple events which may impact large parts of the country. Congress was concerned "that enlarging Federal jurisdiction to include products liability or toxic exposure litigation could cause too dramatic a rise in Federal court caseload, given that the total volume of such cases in State and Federal courts far exceeds that for single accident cases . . ." H.R. Rep. 102-373, 6-7. Notwithstanding the above, Congress specifically designed the MMTJA to apply to mass disaster litigation that arises out of "a natural event culminating in an accident." 28 U.S.C. § 1369(c)(4). The phrase "discrete location" necessarily must be read in context with the types of natural disasters that may occur and the areas that may be impacted. The interpretations of this phrase that have been provided so far by this Honorable Court all but read out the "natural event culminating in an accident" language provided in 28 U.S.C. § 1369(c)(4). According to the decisions of this Honorable Court, natural events such as hurricanes along the Gulf of Mexico, tornados across the Midwest, earthquakes in the western United States, and tsunamis in Hawaii and along the Pacific coast would somehow be excluded from the jurisdictional and removal provisions of the

MMTJA.  If the MMTJA was not designed to address these types of natural disasters and any accidents they may cause, then why did Congress even bother including the "natural event culminating in an accident" language in the statute?  Contrary to the decisions of this Honorable Court, the phrase "discrete location" must be placed within the context of the "natural event culminating in an accident" language and it must be read *in pari materia* with the provision that "substantial parts of the accident [may take] place in different States." *See* 28 U.S.C. § 1369(a).

Regardless that Congress used all of these jurisprudentially recognized broad terms when it enacted 28 U.S.C. §§ 1369, 1441(e)(1)(A) and 1441(e)(1)(B), this Honorable Court for some reason has failed to recognize the broad application of these statutes and continues to improperly interpret these statutes too narrowly and without following the rules of statutory construction.[5] Congress could not have chosen any broader terms to express its intent that these statutes are to be broadly construed, and Congress clearly drafted these statutes with full knowledge of how broadly federal jurisprudence has interpreted these terms.  Accordingly, Hurricane Katrina is a single natural event culminating in an accident (the failure of the levee system as a whole and/or the failure of levees and floodwalls as recognized by *Flint*) that resulted in 75 deaths at a discrete location, which means that Hurricane Katrina culminating in the failure of the levees and floodwalls is "a single accident" under these statutes.

It should also be addressed that the decisions by other Divisions or prior decisions from this Division of the Eastern District are not binding authority for this Honorable Court.  "The

---

[5]  In *Carroll v. Lafayette Ins. Co.*, No. 06-3955, pg. 3, 2006 WL 2663013 (E.D.La. 09/14/2006)(Lemelle, J.), the District Court stated that "[a]lthough a levee breach may constitute an 'accident' consistent with § 1369, Defendant would be hard pressed to convince the Court that Plaintiffs' action arises out of ONE levee breach."  However, in reaching this conclusion, the District Court failed to interpret 28 U.S.C. §§ 1369 and 1441(e)(1)(B) based upon the well-recognized meaning of the words and phrases used by Congress that necessarily bring within the scope of these statutes the devastation and deaths arising from Hurricane Katrina and the resulting failure of the levee system and/or failure of levees and floodwalls. *See* Section I.C, *infra*.  Moreover, no analysis whatsoever was provided as support for reaching this conclusion.  The District Court indiscriminately defined the phrases "single accident" and "a natural event culminating in an accident" in a manner that is contrary to definitions provided therein, the context of the statutes, and the jurisprudentially recognized broad terms and phrases used by Congress.

district court cannot be said to be bound by a decision of one of its brother or sister judges." *Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 965 (11th Cir. 2001). As noted above, the one decision issued by this Honorable Court on this issue and the decisions from other divisions within this district do not provide a proper analysis taking into consideration the issues outlined above.   Moreover, this Honorable Court's previous decision in *Case* is also distinguishable because the other pending lawsuit that forms the basis for removal under 28 U.S.C. § 1441(e)(1)(B) is not *Abadie, et al., v. Aegis Security Ins. Co., et al.*, No. 06-5164 (E.D.La.), in which the plaintiffs did not expressly invoke federal jurisdiction under the MMTJA. The other pending lawsuit relied upon by defendants is *Aaron, et al v. AIG Centennial Insurance Company, et al*, No. 06-4746 (E.D.La.), in which the plaintiffs in that case expressly invoked federal jurisdiction under MMTJA.     Accordingly, ANPAC Defendants and RFCIC respectfully request this Honorable Court to allow oral argument and expressly address each of the arguments presented in this Opposition Memorandum.

**II.    REMOVAL IS PROPER BASED UPON THE MUTLIPARTY, MULTIFORUM TRIAL JURISDICTION ACT OF 2002, 28 U.S.C. §§ 1369 AND 1441(e)(1)(A) AND BASED UPON 28 U.S.C. §§ 1441(e)(1)(B) AND (e)(5)**

**A.    This Civil Action Was Properly Removed Under 28 U.S.C. § 1441(e)(1)(A), and Jurisdiction Exists Under 28 U.S.C. § 1369.**

Jurisdiction may exist under 28 U.S.C. § 1369(a) for "any civil action involving minimal diversity between adverse parties."   This instant matter constitutes "any civil action" and presents issues of property damage and insurance coverage arising out of Hurricane Katrina and the resulting failure of the levees and floodwalls.   The minimal diversity requirement is also satisfied.   The *Amended Class Action Complaint* alleges that ANPAC, ANGIC, ANICO, and RFCIC are foreign insurers all of which are citizens of states other than Louisiana. (*Amended Class Action Complaint*, ¶ 18).   Plaintiff and/or some or all of the putative class members are

citizens of the State of Louisiana. (*Amended Class Action Complaint*, Preamble and ¶ 21, et seq.). Minimal diversity clearly exists in this litigation. Therefore, this instant matter is "any civil action" in which minimal diversity exists between the parties for purposes of establishing jurisdiction under § 1369(a).

Additionally, 28 U.S.C. § 1369(a) provides that "any civil action" must arise "from a single accident, where at least 75 natural persons have died in the accident in a discreet location . . ." The term "accident" is defined in 28 U.S.C. § 1369(c)(4) as a "a sudden accident, *or a natural event culminating in an accident*, that results in death incurred at a discreet by at least 75 natural persons . . ." (emphasis added). Because "accident" is defined as "a natural event culminating in an accident," one needs to insert that definition into the text of 28 U.S.C. § 1369(a), which would then read as follows:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a **single [natural event culminating in an accident]**, where at least 75 natural persons have died in the accident at a discreet location . . . . (emphasis added).

Hurricane Katrina and the resulting failure of the levee system as a whole and/or the levee and floodwall breaches constitute "a natural event culminating in an accident." This Honorable Court found as much in *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, No. 06-2546, 2006 WL 2375593 (E.D. La. 8/15/2006). This Honorable Court found that, "Hurricane Katrina was the natural event that culminated in the levee break that caused at least 75 deaths at a discreet location. Therefore, the levee break, not Hurricane Katrina, was the § 1369 accident." *Flint*, at n. 7. *See also Chehardy, et al v. Louisiana Ins. Com., et al*, No. 05-1140 (M.D. La., Minute Entry dated 3/16/2006).

15

Considering that all of the elements of 28 U.S.C. § 1369 are met in this case, this Court has jurisdiction under the MMTJA, and it is a proper basis for removal under 28 U.S.C. § 1441(e)(1)(A).

Moreover, the abstention provision of 28 U.S.C. § 1369(b) does not apply, because abstention requires that "the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens . . ." 28 U.S.C. § 1369(b)(1).  Considering that ANPAC, ANGIC, ANICO, and RFCIC are all citizens of states other than Louisiana and plaintiff and/or some or all of the putative class members are all citizens of Louisiana, abstention does not apply.   Accordingly, this civil action was properly removed under 28 U.S.C. § 1441(e)(1)(A) on the basis of jurisdiction under 28 U.S.C. § 1369.

**B.**     **This Matter Was Properly Removed on The Basis of 28 U.S.C. § 1441(e)(1)(B), and Jurisdiction is Deemed to Exist Under 28 U.S.C. § 1441(e)(5).**

Alternatively, the ANPAC Defendants and RFCIC also properly removed this matter on the basis of 28 U.S.C. § 1441(e)(1)(B), and this Honorable Court "***shall be deemed***" to have jurisdiction of the matter under 26 U.S.C. § 1441 (e)(5)(emphasis added).

**1.**     ***Aaron* is An Action That Was Brought in Whole or in Part Under 28 U.S.C. §1369**

As noted in the *Notice of Removal*, some or all of the ANPAC Defendants and RFCIC are also defendants in *Winston, Sr. & Donna Aaron, et al v. AIG Centennial Insurance Company, et al*, No. 06-4746 (E.D.La.), which is a multiparty lawsuit with minimal diversity over which this Honorable Court has jurisdiction under 28 U.S.C. § 1369.   Specifically, in *Aaron*, plaintiffs allege and assert as a basis of jurisdiction that "This Court has jurisdiction in this matter pursuant to 28 USCA 1369 in that this is a civil action for damages involving minimal diversity between adverse parties that arises from a single accident where at least seventy-five (75) natural persons

have died in the accident at a discrete location." (*Aaron* Complaint, ¶ 5.) Therefore, the *Aaron* lawsuit is "an action which is … brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident" as the instant civil action filed by plaintiff in State court. 28 U.S.C. § 1441(e)(1)(B). Similarly to the instant civil action, *Aaron* presents issues of property damage and insurance coverage (*i.e.*, "any civil action") that "arises out of . . . a natural event culminating in an accident." 28 U.S.C. § 1369(a) and (c)(4). Accordingly, defendants assert that the instant civil action was properly removed under 28 U.S.C. § 1441(e)(1)(B).

Moreover, the enactment by Congress of 28 U.S.C. § 1441(e)(1)(B) provided broad removal authority to federal courts so that all claims arising out of the same mass disaster could be brought in the same federal judicial district, even if some of those claims "could not have been brought in a district court as an original matter." *See* 25 W.New Eng.L. Rev. at 250-251. This broad removal authority was designed to bring together all claims arising out of the same mass disaster to promote judicial economy and prevent inconsistent rulings. *Id.* at 248-249 ("The term 'any civil action' is all-inclusive. It is not limited to wrongful death actions . . . If Congress intended by this to limit lawsuits to wrongful death only, and not include injuries to persons or property, they expertly concealed that intent by including a definition of injuries to person or property."). The removal of the instant civil action coincides with the intent and purpose of Congress behind the enactment of 28 U.S.C. § 1441(e)(1)(B).

    a.    ***Aaron* Arises from a "Single [Natural Disaster Culminating in an Accident]" Under 28 U.S.C. §§ 1369(a) and (c)(4).**

In accordance with 28 U.S.C. § 1369(a), "any civil action" must "arise" out of a "single accident." 28 U.S.C. § 1369(c)(4). As noted above, the term "accident" is defined, *inter alia*, to mean "a natural event culminating in an accident." 28 U.S.C. § 1369(c)(4). After inserting that

definition into the text of 28 U.S.C. § 1369(a), which is required by the context of the statute, it is clear that Congress created a very broad requirement that "any civil action" must "arise" from "a single [natural disaster culminating in an accident]."   Hurricane Katrina and the alleged "failure of the greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d)), and/or the resulting failure of the levees and floodwalls clearly constitute a ***single natural disaster*** culminating in "an accident" as contemplated by the statute.

The *Aaron* lawsuit is a civil action that arises from Hurricane Katrina and the alleged failure of the greater New Orleans levee system and/or the resulting failure of the levees and floodwalls, including in whole or in part the same alleged failure in the instant lawsuit, which this Honorable Court has previously determined to be "a natural event culminating in an accident" that resulted in the deaths of more than 75 natural persons at a discrete location. *See* 28 U.S.C. § 1369(a) and (c)(4); *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, No. 06-2546, 2006 WL 2375593 (E.D.La. 08/15/2006); and *Chehardy, et al. v. Louisiana Ins. Com., et al.*, No. 05-1140 (M.D.La. 03/16/06)(Minute Entry dated 03/16/2006).   Accordingly, it is clear that the *Aaron* matter arises from a "single [natural event culminating in an accident]"— Hurricane Katrina and the alleged "failure of the greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d) and/or the resulting failures of the levees and floodwalls in New Orleans.

### b.   75 Natural Persons Dying in a Discrete Location

It is undisputed that at least 75 persons died as a result of the levee failures in New Orleans, which is a "discrete location" in accordance with 28 U.S.C. § 1369(a) and (c)(4). *See Flint, supra*.   Hurricane Katrina and the alleged "failure of the greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d) resulted in the deaths of over 500 natural

persons.[6]  As noted in Section I.C, *supra*, the use of the phrase "discrete location" was designed to preclude application of the MMTJA to products liability and toxic exposure litigation that involve multiple events that may impact the entire country.  Congress was concerned "that enlarging Federal jurisdiction to include products liability or toxic exposure litigation could cause too dramatic a rise in Federal court caseload, given that the total volume of such cases in State and Federal courts far exceeds that for single accident cases . . ." H.R. Rep. 102-373, 6-7. Notwithstanding the above, Congress specifically designed the MMTJA to apply to mass disaster litigation that arises out of "a natural event culminating in an accident." 28 U.S.C. § 1369(c)(4).

The MMTJA specifically contemplates that "substantial parts of the accident took place in different States." 28 U.S.C. § 1369(a)(3).  It is clear that the phrase "discrete location" must be placed within the context of the "natural event culminating in an accident" language and it must be read *in pari materia* with the provision that "substantial parts of the accident [may take] place in different States." *See* 28 U.S.C. § 1369(a).  The rules of statutory interpretation, and common sense, dictate that a natural event such as Hurricane Katrina and its resulting aftermath are going to have a larger "discrete location" than will a fire at a nightclub or a plane crash, but it is a "discrete location" nonetheless.

Accordingly, defendants properly removed this matter to federal court based upon the *Aaron* multiparty litigation being "an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court . . . ." 28 U.S.C. § 1441(e)(1)(B).

## 2.   The Claims Asserted in Plaintiff's Petition Arise Out of the Same "Accident" as the *Aaron* Lawsuit and Support Removal Under 28 U.S.C. § 1441(e)(1)(B).

The instant civil action was properly removed under 28 U.S.C. § 1441(e)(1)(B) because the claims asserted in the *Amended Class Action Complaint* arise in whole or in part out of the

---

[6]   *See* Footnote No. 2, *supra*.

same "accident" as the *Aaron* lawsuit.  The State in the instant litigation has alleged that the "greater New Orleans levee system" (*Amended Class Action Complaint*, ¶ 46(d)) failed causing widespread devastation in the greater New Orleans area.  The State further alleges as follows: "Thousands of residences were damaged or destroyed by either the winds of Hurricane Katrina or caused by man-made, third-party negligence or fault with respect to the design, construction, engineering, inspection, maintenance, and operation of the surrounding navigable waterway system, including all levees, levee walls, spoilbanks, and/or associated structures." (*Amended Class Action Complaint*, ¶ 3).

The "accident" in the instant civil action is the same as that in *Aaron*.  The "accident" in *Aaron* is the resulting levee and floodwall failures due to Hurricane Katrina, and the "accident" in the instant litigation is the failure of the greater New Orleans levee system and surrounding navigable waterway system, including all levees, levee walls, spoilbanks, and/or associated structures.  The numerous plaintiffs in *Aaron* allege that "As a result of the hurricane force winds and consequent failure of levees, plaintiff's properties were severely damaged and/or destroyed." (*Aaron* Complaint, ¶ 9.)  The *Aaron* plaintiffs will have the burden of proving whether their damages were caused by windstorm as opposed to flooding from the levee and floodwall failures caused their damages in order to recover under their respective homeowners insurance policies, which will include policies from some of the ANPAC Defendants and RFCIC.  The instant lawsuit filed by the State on behalf of itself and putative class members arises from the same "accident" and presents the very same causation issue for resolution.

In *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D.La. 11/07/2006), the District Court relies upon the decisions of *Fradella's Collision v. Lafayette Ins. Co.,* No. 06-7638, 2006 WL 3258332 (10/30/2006) (Zainey, J.); *Fidelity Homestead Assoc. v. Hanover Ins.*

*Co.*, No. 06-3511, 2006 WL 2873562 (E.D.La. 10/05/2006)(Berrigan, J.); *Berry v. Allstate Ins. Co.,* No. 06-4922 WL 2710588 (E.D.La. 9/19/2006)(Zainey, J); *Flint v. La. Farm Bureau Mut. Ins. Co*., No. 06-2546, 2006 WL 2375593 (E.D.La. 8/15/2006)(Duval, J.); and *Southern Athletic Club, LLC v. Hanover Ins. Co*., No. 06-2005, 2006 WL 2583406 (E.D.La. 09/6/2006)(Lemmon, J) to support its finding that this Honorable Court has already ruled that 28 U.S.C. § 1369 is inapplicable to Hurricane Katrina.  This Honorable Court has also issued a similar decision in *Case v. ANPAC Louisiana Insurance Co.*, 466 F.Supp.2d 781 (E.D.La. 2006).  However, these decisions fail to support the finding that Hurricane Katrina and the resulting failure of the greater New Orleans levee system and surrounding navigable waterway system, including all levees, levee walls, spoilbanks, and/or associated structures, does not constitute an "accident" for purposes of 28 U.S.C. § 1369(a) and (c)(4) for the reasons stated in Section I.C, *supra*.  Most, if not all, of these decisions indiscriminately defined the phrases "single accident," "discrete location," and "a natural event culminating in an accident" in a manner that is contrary to definitions provided in 28 U.S.C. § 1369, while also disregarding the context of the statutes and failing to follow the well-recognized rules of statutory interpretation discussed above. Accordingly, it appears that these decisions were incorrectly decided and remand was improvidently granted.  Accordingly, the ANPAC Defendants and RFCIC respectfully request this Honorable Court to allow oral argument and expressly address each of the arguments presented in this Opposition Memorandum.

Considering the above, the claims asserted in the *Amended Class Action Complaint* regarding the failure of the levee system as a result of Hurricane Katrina arise in whole or in part out of the same "accident" as the *Aaron* multiparty litigation, which is an action for which jurisdiction is based upon 28 U.S.C. § 1369.  Some or all of the ANPAC Defendants and RFCIC

are parties in both the instant lawsuit and the *Aaron* lawsuit.  Therefore, the instant civil action was properly removed under 28 U.S.C. § 1441(e)(1)(B).

## III.   EXERCISING JURISDICTION OVER THIS CASE IS CONSISTENT WITH THE PURPOSES BEHIND OF THE MMTJA

This Honorable Court's exercise of jurisdiction over this matter under 28 U.S.C. §§ 1441(e)(1)(A) and 1441(e)(1)(B) would be completely consistent with the purpose of the MMTJA.  Despite the District Court's ruling in *Southern Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2605, 2006 WL 2583406 (E.D. La. 09/06/2006)(Lemmon, J.), that application of the MMTJA to cases arising out of Hurricane Katrina purportedly would be inconsistent with the legislation's purpose, a look at the legislative history of the MMTJA reveals that it is just the opposite.  The MMTJA was created to "'streamline the process by which multidistrict litigation governing disasters are adjudicated,' creating a device whereby multiple causes of action all stemming from one major disaster can be consolidated for adjudication in one federal court." *Passa v. Derderian*, 308 F.Supp.2d 43, 53 (D.R.I. 2004), *citing* H.R. Conf. Rep. No. 107-685 at 199, *reprinted in* 2002 U.S.C.C.A.N. at 1151.  While the MMTJA may be applied more often in large cases that are eventually certified as class actions, it is not limited to class-action or multiparty lawsuits.  The MMTJA was specifically designed to bring together all of the smaller or single plaintiff lawsuits arising out of the same mass disaster with the larger, multiparty lawsuits for coordination and consolidation in a single federal judicial district.  Nothing in the statute itself or the legislative history places any such limitation of the applicability of the MMTJA.  The MMTJA applies to all causes of action stemming from one major disaster.  Accordingly, this is precisely the type of situation for which the MMTJA was designed.

**IV.      PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES AND COSTS**

Plaintiff claims that the State is entitled to an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  An award of attorney's fees under 28 U.S.C. § 1447(c) is discretionary, and a remand does not automatically entitle movant to such an award.  *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed.Appx. 523, 524 (5th Cir. 2003).  Such an award should only be made where "the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005), or where "the defendant's decision to remove was legally improper."  *Board of Trustees of the Total Community Action Inc. Employees' Retirement Plan and Trust v. Pan American Life Ins. Co.*, 112 F.Supp.2d 602, 608 (E.D. La. 2000); *Lee, supra.*

The ANPAC Defendants and RFCIC clearly have an objectively reasonable basis for seeking removal under the MMTJA.  In fact, this Honorable Court has recognized a split on this issue with the United States District Court for the Middle District of Louisiana regarding the applicability of the MMTJA to Hurricane Katrina cases. *See Flint v. Louisiana Farm Bureau Mutual Insurance Company*, No. 06-2546, 2006 WL 2375593 (E.D.La. 8/15/2006) ("In Judge Polozola's Order transferring *Chehardy* to this Court, the Judge noted that jurisdiction existed in *Chehardy* under 28 U.S.C.§ 1369.").  This Honorable Court has also stated that ". . . an argument can be made that the Fifth Circuit's acknowledgement of Section 1441(e)(1)(B) supplemental jurisdiction in Wallace presupposes original jurisdiction under Section 1369(a) in *Chehardy*, the findings of jurisdictional facts under Section 1369 were left unarticulated by both Judge Polozola and the Fifth Circuit." *Case v. ANPAC Louisiana Insurance Co.*, 466 F.Supp.2d 781, 787 (E.D.La. 2006).

Considering the above, the ANPAC Defendants and RFCIC properly removed this action and/or had an objectively reasonable basis for removal under 28 U.S.C. § 1441(e)(1)(A) and/or (B), so an award of attorney's fees and costs is not warranted.  Even should this Court determine that it does not have jurisdiction under 28 U.S.C. §§ 1369 and/or 1441(e)(5) and grant plaintiffs' *Motion to Remand*, an award of attorney's fees and costs still is not warranted.  Given the complexity of the legal issues surrounding 28 U.S.C. §§ 1369, 1441(e)(1)(A) and (B), and 1441 (e)(5) and the unsettled state of the law under the MMTJA at the appellate level, defendants' removal of this matter on this basis was objectively reasonable.  *See Board of Trustees, supra.* Thus, plaintiffs' are not entitled to an award of attorney's fees and costs.

## <u>CONCLUSION</u>

Defendants, American National Property And Casualty Company, American National General Insurance Company, ANPAC Louisiana Insurance Company, American National Insurance Company, and Republic Fire And Casualty Insurance Company assert that this matter was properly removed to this Honorable Court and respectfully request that the *Motion to Remand* and *Motion to Remand Regarding MMTJA* should be denied.  ANPAC further requests that jurisdiction be assumed over all the claims made in this civil action and that this civil action should be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565

**BY:**      */s/ Christopher R. Pennison*
        **JAY M. LONERO, T.A. (No. 20642)**
             **jlonero@lwp-law.com**
        **CHRISTOPHER R. PENNISON (No. 22584)**
             **cpennison@lwp-law.com**
        **ANGIE ARCENEAUX AKERS (No. 26786)**
             **aakers@lwp-law.com**

        **ATTORNEYS FOR AMERICAN NATIONAL
        PROPERTY AND CASUALTY COMPANY,
        AMERICAN NATIONAL GENERAL
        INSURANCE COMPANY, ANPAC
        LOUISIANA INSURANCE COMPANY,
        AMERICAN NATIONAL INSURANCE
        COMPANY, AND REPUBLIC FIRE AND
        CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

        */s/ Christopher R. Pennison*