# EXHIBIT B, Part 1 - Chehardy Complaint

6091902980000

19th JUDICIAL DISTRICT COURT

FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

COST OK Amt. 1400.00
31966
SEP 15 2005
BY ___mB___
DY CLERK OF COURT

NO: 536451   DIVISION "___"   SEC. 24   DOCKET:

GLADYS CHEHARDY, CHUCK AND DAY MORRIS, SPENCER AND HEATHER FALOU, BRANDON AND BRIDGET GAWLICK, MONTY AND LACEY GLORIOSO, DANIEL AND JACQELYN FONTANEZ, LARRY AND GLENDY FORSTER, KENNETH AND JUDY MAIER, RANDY AND LORI GERVAIS, ANDRE AND MARLIN MAUBERRET, BRIAN AND LISA ROURKE, DEBBIE AND DAVE STRAWN, PERRY AND DEBBIE RITTNER, SHAWN AND ANGELINA BURST, NEW ORLEANS FLOORING SUPPLY, INC., and STEPHANIE AND BRAD BOYD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

LOUISIANA INSURANCE COMMISSIONER J. ROBERT WOOLEY, STATE FARM FIRE AND CASUALTY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, ANPAC LOUISIANA INSURANCE COMPANY, LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, LAFAYETTE INSURANCE COMPANY, AUDUBON INSURANCE COMPANY, FIREMANS FUND INSURANCE COMPANY OF LOUISIANA, CLARENDON NATIONAL INSURANCE COMPANY, CHUBB CUSTOM INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA

FILED: _____   _____
                                    DEPUTY CLERK

CLASS ACTION PETITION FOR DECLARATORY
JUDGMENT AND MANDAMUS

NOW INTO COURT, comes Petitioners GLADYS CHEHARDY, CHUCK AND DAY MORRIS, SPENCER AND HEATHER FALOU, BRANDON AND BRIDGET GAWLICK, MONTY AND LACEY GLORIOSO, DANIEL AND JACQELYN FONTANEZ, LARRY AND GLENDY FORSTER, KENNETH AND JUDY MAIER, RANDY AND LORI GERVAIS, ANDRE AND MARLIN MAUBERRET, BRIAN AND LISA ROURKE, DEBBIE AND DAVE STRAWN, PERRY AND DEBBIE RITTNER, SHAWN AND ANGELINA BURST, and STEPHANIE AND BRAD BOYD, all persons of the age of majority and citizens of and domiciled in the Parishs of Orleans and Jefferson, State of Louisiana, and NEW ORLEANS FLOORING SUPPLY, INC., a Louisiana corporation with its domicile and


EXHIBIT A

principal place of business located in the Parish of Orleans, State of Louisiana, on behalf of themselves and all others similarly situated and for their Petition for Declaratory Judgment with respect state:

### I.

Venue is proper in this Court pursuant to LSA-C.C.P. art. 42.

## FACTUAL BACKGROUND

### II.

On August 27, 2005, Hurricane Katrina, by now in the Gulf of Mexico is upgraded to a Category 3 hurricane. New Orleans Mayor Ray Nagin called for a voluntary evacuation of the city and Louisiana Governor Kathleen Blanco requested that President Bush declare a major disaster for the State of Louisiana.

### III.

At 12:40 a.m. on August 28, 2005, Katrina is upgraded to a Category 4 hurricane. Later that morning New Orleans Mayor Ray Nagin called for a mandatory evacuation of the city. At 1:00 p.m. Katrina is upgraded to a Category 5 hurricane with maximum sustained winds of 175 miles per hour and gusts up to 215 miles per hour.

### IV.

At 6:10 a.m. on August 29, 2005 Katrina made landfall near Grand Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border. At 8:00 a.m on August 29, there was water on both sides of the Industrial Canal and by 9 a.m. there was six (6) to eight (8) feet of water in the Lower Ninth Ward. At 2:00 p.m., city officials publicly confirmed the reason for the water was a breach in the 17th Street Canal floodwall reported to be two city blocks wide.

### V.

Despite the level of water in the city it is not certain that the water entered the city by topping the levee. Indeed, news reports indicate seven different breaks in the levee surrounding Lake Pontchartrain. A Time magazine reported on September 2, 2005 concluded that it is possible that the levees just did not work the way they were supposed to and that congressional investigators, experts, and some Army Corps of Engineers officers suggested that the failure might have been caused by leaks in the barriers which

2

might mean the levees had been poorly constructed or maintained. Thus, plaintiffs aver upon information and belief that their damages are a result of improper and/or negligent design, construction, and maintenance of the levees by various third parties.

## VI.

In the aftermath of the storm is was estimated that approximately 80% of the city was under water, and that losses from the hurricane are estimated to be as high as $200 billion with insured losses estimated at upwards of $50 million.

## VII.

Petitioners and all others similarly situated are owners of immovable property with improvements located thereon, all said property being located in the Parishes of Orleans and Jefferson, State of Louisiana, all of which property sustained damage as a result of the catastrophic events of August 29, 2005 and the following days, said catastrophic events being precipitated by Hurricane Katrina, a category 4 storm with sustained winds of 145 miles per hour which made landfall near Grand Isle, Louisiana at approximately 6:10 a.m., and then again a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the city of New Orleans at approximately 9:00 a.m.

## VIII.

Made defendants herein are:

a. **LOUISIANA INSURANCE COMMISSIONER J. ROBERT WOOLEY**, a duly elected Louisiana Public Official in his capacity as Louisiana Insurance Commissioner;

b. **STATE FARM FIRE AND CASUALTY COMPANY**, a foreign insurer domiciled in the State of Illinois and doing business in the State of Louisiana with a market share of approximately 33.34% of Louisiana homeowner's insurance policies;

c. **ALLSTATE INSURANCE COMPANY**, a foreign insurer domiciled in the State of Illinois and doing business in the State of Louisiana with a market share of approximately 12.15% of Louisiana homeowner's insurance policies;

d. **ALLSTATE INDEMNITY COMPANY**, a foreign insurer domiciled in the State of Illinois and doing business in the State of Louisiana with a market share of approximately 8.07% of Louisiana homeowner's insurance policies;

e. **LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY**, a Louisiana insurer domiciled in Louisiana and doing

3



business within the State with a market share of approximately 6.06% of Louisiana homeowner's insurance policies;

f. **THE STANDARD FIRE INSURANCE COMPANY**, a foreign insurer domiciled in the State of Connecticut and doing business in the State of Louisiana with a market share of approximately 3.75% of Louisiana homeowner's insurance policies;

g. **LIBERTY MUTUAL FIRE INSURANCE COMPANY**, a foreign insurer domiciled in the State of Massachusetts and doing business in the State of Louisiana with a market share of approximately 3.22% of Louisiana Homeowner's insurance policies;

h. **FARMER'S INSURANCE EXCHANGE**, a foreign insurer domiciled in the State of California and doing business in the State of Louisiana with a market share of approximately 2.71% of Louisiana Homeowner's insurance policies;

i. **ANPAC LOUISIANA INSURANCE COMPANY**, a Louisiana insurer domiciled in the Parish of St. Tammany, Louisiana and doing business within the State with a market share of approximately 2.18% of Louisiana homeowner's insurance policies;

j. **LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY**, a Louisiana insurer domiciled in Louisiana and doing business within the State with a market share of approximately 1.00% of Louisiana homeowner's insurance policies;

k. **LAFAYETTE INSURANCE COMPANY**, a Louisiana insurer domiciled in Louisiana and doing business within the State with a market share of approximately 0.81% of Louisiana homeowner's insurance policies;

l. **AUDUBON INSURANCE COMPANY**, a Louisiana insurer domiciled in the Parish of East Baton Rouge, Louisiana and doing business within the State with a market share of approximately 0.45% of Louisiana homeowner's insurance policies;

m. **FIREMAN'S FUND INSURANCE COMPANY OF LOUISIANA**, a Louisiana insurer domiciled in the Parish of East Baton Rouge, Louisiana and doing business within the State with a market share of less than 0.01% of Louisiana homeowner's insurance policies;

n. **CLARENDON NATIONAL INSURANCE COMPANY**, a foreign insurer domiciled in the State of New Jersey and doing business in the State of Louisiana with a market share of approximately 0.08% of Louisiana Homeowner's insurance policies;

o. **CHUBB CUSTOM INSURANCE COMPANY**, a foreign insurer domiciled in the State of Delaware and doing business in the State of Louisiana with a market share of approximately 0.03% of Louisiana Homeowner's insurance policies;

p. **NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA**, a Louisiana insurer domiciled in Louisiana and doing business within the State with a market share of less than 0.01% of Louisiana homeowner's insurance policies;

IX.

 

This is a class action pursuant to LSA-C.C.P. Art. 591, *et seq.* seeking a declaratory judgment on behalf of all persons or entities who were on August 29, 2005 owners of immovable property with improvements located thereon, all said property being located in the Parishes of Orleans and Jefferson, State of Louisiana, all of which property sustained damage as a result of the catastrophic events of August 29, 2005 and the following days; and further seeking an order of *mandamus* from this Court directing the Louisiana Insurance Commissioner, J. Robert Wooley to interpret the defendants' homeowner's insurance policies on which claims are made by Petitioners and all others similarly situated to recover for losses for damage to their property due to water entering the City of New Orleans beginning on August 29, 2005 from to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal in accordance with this Court's declaratory judgment.

X.

This action is appropriate for determination through the Louisiana Class Action Procedure (LSA-C.C.P. article 591, *et seq.*) for the following reasons:

a. **Numerosity**

As a result of this unprecedented catastrophic event up to 160,000 homes are estimated to be unusable. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate investigation when reentry to the city is allowed, however plaintiffs are of information and belief that the class of plaintiffs clearly consists of tens or perhaps hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.

b. **Common Questions of Law and Fact**

This Petition for Declaratory Judgment seeks a declaration of the court that is not only common to all class members, but will be applicable to all defendants and indeed to all homeowner insurers in the New Orleans area. The requested declarations are: The water entering the City of New Orleans beginning on August 29, 2005 due to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal does not fall within the exclusion of "rising water," or an "act of God," standard excluded perils in the defendants' homeowner's insurance policies; and: The dominant and efficient cause of the losses due to the water entering the City of New Orleans beginning

5

 

on August 29, 2005 was from breaches in the flood walls along the 17th Street Canal and the London Avenue Canal resulting from acts of negligence and "windstorm," standard covered perils in the defendants' homeowners insurance policies. These declarations are common to all insurers because the excluded perils of "rising water" and "act of God" are standard in the insurance industry and written in the policy exclusions of almost all homeowners insurance policies in almost "boilerplate" language.

c.  **Adequate Representation**

Plaintiffs will fairly and adequately represent the interests of the class. The class representatives herein are represented by skilled attorneys who are experienced in the handling of class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class.

d.  **Typicality**

The claims of the class representatives as named herein are typical of the claims of the class members they seek to represent in that they are all seeking declarations from the Court That: The damage caused by water entering the City of New Orleans beginning on August 29, 2005 due to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal does not fall within the exclusions of "rising water," and "act of God" standard excluded perils in the defendants' homeowner's insurance policies; and: The dominant and efficient cause of the losses due to water entering the City of New Orleans beginning on August 29, 2005 from to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal was acts of negligence and "windstorm," standard covered perils in the defendants' homeowners insurance policies.

e.  **Superiority**

The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being impracticable and unduly burdensome to the plaintiffs would also be unduly burdensome and expensive to the court system as well as the defendants, and might result in conflicting results on the same issue.

XI.



509190296006

Petitioners, bring this Petition for a Declaratory Judgment on behalf of themselves and all others similarly situated, seeking a declaration by this Court that the damage caused by water entering the City of New Orleans beginning on August 29, 2005 due to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal does not fall within the exclusion of "rising water," and "act of God", standard excluded perils in the defendants' homeowner's insurance policies.

XII.

Petitioners, on behalf of themselves and all others similarly situated seek a further declaration by this court that the dominant and efficient cause of the losses due to water entering the City of New Orleans beginning on August 29, 2005 from to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal was acts of negligence and "windstorm," standard covered perils in the defendants' homeowners insurance policies.

XIII.

Petitioners, on behalf of themselves and all others similarly situated also seek an order of *mandamus* from this Court directing the Louisiana Insurance Commissioner, J. Robert Wooley to interpret the defendants' homeowner's insurance policies on which claims are made by Petitioner and all others similarly situated to recover for losses due to water entering the City of New Orleans beginning on August 29, 2005 from to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal in accordance with this Court's declaratory judgment.

XIV.

The issues presented in this Petition should be decided by declaratory judgment inasmuch as their resolution involves a major public policy issue which will affect thousands of Louisiana citizens, many of whom will suffer enormous emotional and financial damage until the issue is decided. While the insurance companies may continue to make investment income during the course of any protracted legal proceedings, homeowners on the other hand have little recourse but to sit idly by awaiting a decision, all the while being unable to begin reconstruction or renovation of their homes until they have the money to pay their contractors. As a result, without resolution of this issue by

 

declaratory judgment, thousands of homeowners will be left stranded for months, or perhaps even years.

XV.

In the early 1950's the insurance industry concluded that, private insurance against flood losses could not be underwritten successfully. In other words, the insurance industries conclusion about the certainty of losses due to inadequate flood protection created a financial risk that the insurance industry was not willing to undertake. Thus, in 1956 Congress enacted the Federal Flood Insurance Act. The National Flood Insurance Act was enacted in 1968 and is the seminal authority for the current National Flood Insurance Program (NFIP). Congress created the NFIP to provide insurance coverage for property located in inadequately protected areas where the risk of flooding is increased. The city of New Orleans, while situated mainly below sea level, has an extensive levee and flood protection system, thus when faced with the question of whether or not to purchase flood insurance through the NFIP many New Orleanians, indeed approximately 60%, did not.

XVI.

To give the "rising water" and "act of God" exclusions a broad reading and thus disallow the coverage for the damages arising in this catastrophic disaster, which damage occurred despite the vast and expansive levees and flood protections existing in the greater New Orleans area would contravene the very purpose of homeowner's policies without regard to the realities which precipitated the need for such an exclusion, *i.e.*, the insurance industry's conclusion that inadequate flood protection created a financial risk that the insurance industry was not willing to undertake, and without regard to the realities considered by homeowners, *i.e*, New Orleans extensive flood protections including levees, flood walls, canals, and pumps, when those homeowners considered whether or not insurance beyond their standard homeowner's policy was necessary.

WHEREFORE, plaintiffs pray that after due proceedings had that this matter be certified as a class action in accordance with LSA-C.C.P. art. 591, et seq, and that the Court enter a declaratory judgment on behalf of himself and all others similarly situated, that the damage caused by water entering the City of New Orleans beginning on August 29, 2005 due to the breaches in the flood walls along the 17th Street Canal and the

8

5091902960008

London Avenue Canal does not fall within the exclusion of "rising water," and "act of God," standard excluded perils in the defendants' homeowner's insurance policies, and a further declaration on behalf of himself and all others similarly situated that the dominant and efficient cause of the losses due to water entering the City of New Orleans beginning on August 29, 2005 from to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal was acts of negligence and "windstorm," standard covered perils in the defendants' homeowners insurance policies; and plaintiffs on behalf of themselves and all others similarly situated further seek an order of *mandamus* from this Court directing the Louisiana Insurance Commissioner, J. Robert Wooley to interpret the defendants' homeowner's insurance policies on which claims are made by Petitioner and all others similarly situated to recover for losses due to water entering the City of New Orleans beginning on August 29, 2005 from to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal in accordance with this Court's declaratory judgment.

Plaintiffs further pray that this Honorable Court consider this Petition in an expeditious manner due to the catastrophic nature of the damages and the potential for severe economic peril to the plaintiffs.

Respectfully submitted:

McKERNAN LAW FIRM

Joseph J. McKernan
Bar Roll No. 10027
Gordon J. McKernan
Bar Roll No. 21768
Chet Boudreaux Not Adm'd
Bar Roll. No. 28504
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Tel: (225) 926-1234
Fax: (225) 926-1202

☒ 01-DAMAGES
☐ 02-CONTRACT
☐ 03-PRISONER SUIT
☐ 04-EXECUTORY PROCESS
☐ 05-SUIT ON NOTES
☐ 06-EVICTION
☐ 07-WORKMENS COMPENSATION
☐ 08-JUDICIAL REVIEW
☐ 09-PROPERTY RIGHTS
☐ 10-INJUNCTION MANDAMUS
☐ 12-COMM. PROP. PARTITIONS
☐ 12-PUBLIC SERV. COMM.
☐ 13-OTHER PARTITIONS
☐ 14-OTHER
☐ 15-DEV.
☐ 16-
☐ 17-
☐ 18-

BRUNO & BRUNO

Joseph M. Bruno (3604)
David S. Scalia (21369)
Stephen S. Kreller (28440) Not Adm'd
Temporary Address:
8710 Jefferson Highway
Baton Rouge, Louisiana 70809

CERTIFIED TRUE COPY
004611
DEPUTY CLERK OF COURT



19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED
2005 SEP 13 PM 1:40
DEPUTY CLERK
DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

9



609190298009

Tel: (225) 926-1234
Fax: (225) 926-1202
Toll Free: (800) 966-1335
EM: dscalia_2000@yahoo.com

**FAYARD & HONEYCUTT**

Calvin C. Fayard, Jr., (5486)
519 Florida Avenue, S.W.
Denham Springs, LA 70726
(225) 664-4193

CERTIFIED TRUE COPY
004612
DEPUTY CLERK OF COURT

Vernon P. Thomas, Esq.
TEMPORARILY WITHOUT
OFFICE SPACE AS A RESULT OF
THE STORM

**PLEASE SERVE:**

LOUISIANA INSURANCE COMMISSIONER J. ROBERT WOOLEY, at his offices at 1702 N. Third Street, Baton Rouge, LA 70802

**STATE FARM FIRE AND CASUALTY COMPANY**, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

**ALLSTATE INSURANCE COMPANY**, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

**ALLSTATE INDEMNITY COMPANY**, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

**LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY**,
through its agent for service of process:
Bob Warner, Jr., Ann M. Metrailer or Wynne Jacobs
9516 Airline Highway
Baton Rouge, LA 70815

**THE STANDARD FIRE INSURANCE COMPANY**, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

10

 

509190296010

FARMER'S INSURANCE EXCHANGE, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

ANPAC LOUISIANA INSURANCE COMPANY, through its agent for service of process:
Howard L. Murphy
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA 70130

LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY,
through its agent for service of process:
Bob Warner, Jr., Ann M. Metrailer or Wynne Jacobs
9516 Airline Highway
Baton Rouge, LA 708

LAFAYETTE INSURANCE COMPANY, through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

AUDUBON INSURANCE COMPANY, through its agent for service of process:
Darrell W. Alligood or John A. Cerami
4150 South Sherwood Forest Boulevard
Baton Rouge, LA 70816

FIREMAN'S FUND INSURANCE COMPANY OF LOUISIANA, through the
Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

CLARENDON NATIONAL INSURANCE COMPANY, through the
Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

CHUBB CUSTOM INSURANCE COMPANY, through the Louisiana
Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA,
through the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809