**EXHIBIT B, Part 3 - Chauvin, Wallace, Crespo, Caruso, Henry Complaints**



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 12 · A 8: 35

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DARYL and CATHY CHAUVIN,            *       CIVIL ACTION NO:
Individually and on behalf of all others   *
similarly situated                  *       **05-6454**
                                    *
VERSUS                              *       JUDGE:   **SECT. R MAG. 5**
                                    *
STATE FARM FIRE AND CASUALTY  *             MAGISTRATE:
COMPANY                             *
**********************************

### CLASS ACTION COMPLAINT

**NOW INTO COURT**, through undersigned counsel, pursuant to Federal Rule of Civil

Procedure 23(a) and (b)(1), come DARYL and CATHY CHAUVIN, both persons of the full age

of majority and citizens of the State of Louisiana, who individually and on behalf of all others

similarly situated represent as follows:

I.

Plaintiffs herein are DARYL and CATHY CHAUVIN, residents of the Parish of

Plaquemines, State of Louisiana, who at all material times hereto, including on August 29, 2005,

owned immovable property located at 30381 Highway 23, Port Sulphur/Buras, Louisiana, 70083,

which was insured by STATE FARM FIRE AND CASUALTY COMPANY under a fire

(homeowner's) policy.

Fee___250./
✓ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

II.

Defendant herein is STATE FARM FIRE AND CASUALTY COMPANY (STATE

FARM), a foreign insurer domiciled in the State of Illinois and licensed to do and doing business

in the State of Louisiana.

## JURISDICTION

III.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity

jurisdiction), because plaintiffs are citizens of the state of Louisiana and of the Eastern District,

defendant is a citizen of a state other than Louisiana, and the amount in controversy exceeds

Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs as to plaintiffs and

each member of the proposed class.

Alternatively, this Court has subject matter jurisdiction pursuant to the Class Action

Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because this is a class action in which there is at

least minimal diversity and the matter in controversy exceeds the sum of Five Million Dollars

($5,000,000.00), exclusive of interests and costs.

## VENUE

IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because all immovable

property that is the subject of this action is located in the Eastern District of Louisiana, all

damage to said immovable property occurred in the Eastern District of Louisiana, plaintiffs

reside in the Eastern District of Louisiana, and the applicable facts which form the basis of this

lawsuit occurred in the Eastern District of Louisiana.

## CLASS ALLEGATIONS

### V.

Plaintiffs propose to proceed on behalf of the following class:

*All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place on August 29, 2005 a fire (homeowner's) insurance policy with State Farm Fire and Casualty Company, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss as a result of Hurricane Katrina.*

## NUMEROSITY

### VI.

This action is maintainable as a class action because the size of the class, upon information and belief, is so numerous that joinder of all members would be impracticable.  This level of numerosity is better handled through the class action procedure.

## COMMON QUESTIONS OF LAW AND FACT

### VII.

Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class.  Among the questions of law and fact common to the class are:

(i)      whether the fire (homeowner's) insurance policy issued by defendant to

plaintiffs (and the policies of all those similarly situated) is subject to La.

R.S. 22:695(A), Louisiana's "Valued Policy Law" (VPL), which provides:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a

3

> different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer.  Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

(ii)     whether defendant placed a valuation on the covered property (and on the covered properties of all those similarly situated) and used such valuation for purposes of determining the premium charges to be made under the policy;

(iii)    whether plaintiffs (and all those similarly situated) suffered a "covered loss of, or damage to" the covered property pursuant to La. R.S. 22:695(A);

(iv)    whether the immovable property owned by plaintiffs (and those similarly situated) has been rendered a "total loss" by Hurricane Katrina;

(v)     whether plaintiffs (and those similarly situated) are entitled, under La. R.S. 22:695(A), to recover the full value stated on the face of their policies.

## TYPICALITY

### VIII.

The claims of the class representatives are typical of the claims of the class.  Plaintiffs are owners of immovable property located in the State of Louisiana and in one of the parishes affected by Hurricane Katrina, who had in place on August 29, 2005 a fire (homeowner's) insurance policy with STATE FARM, whereby STATE FARM placed valuations on the covered properties and used such valuations for the purposes of determining the premiums to be charged. Furthermore, the immovable property owned by plaintiffs (and the immovable properties of all those similarly situated) sustained a covered loss or damage, and such property (and the

immovable properties of all those similarly situated) was rendered a total loss as a result of Hurricane Katrina.

## CLASS REPRESENTATIVES

### IX.

Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs, the class representatives herein, have retained counsel who are skilled and experienced in the prosecution of class action litigation, and who will adequately handle this action in an expeditious manner to the best interests of all members of the class.

## SUPERIORITY

### X.

A class action is a superior vehicle for the fair and efficient adjudication of this litigation, because individual joinder of all class members is impracticable and would be expensive and unduly burdensome on individual class members, defendants, and the court system. Additionally, because of the disparity of resources available to the defendants, as compared to those available to individual class members, prosecution of separate actions would work a financial hardship on many class members. Finally, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, and would substantially impair their ability to protect their interests.

XI.

Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure, Rule 23(b)(3) and/or Rule 23(b)(1)(A), and the class action mechanism is the superior method for handling this litigation.

## FACTUAL ALLEGATIONS

XII.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a Category 4 hurricane bearing sustained winds of 140 miles per hour.

XIII.

Plaintiffs' home (and the homes of all others similarly situated) sustained loss or damage from hurricane-related wind, which is a covered peril under the policy issued by defendant.

XIV.

As a result of Hurricane Katrina, plaintiffs (and all others similarly situated) sustained substantial damage to their home, rendering it a total loss.

XV.

Defendant placed a valuation upon the covered immovable property owned by plaintiffs (and on the covered properties of all others similarly situated).

XVI.

Defendant used such valuation for purposes of determining the premium charges to be made under the policy covering plaintiffs' immovable property (and under the policies covering the immovable properties of all those similarly situated).

6

XVII.

Defendant did not use a different method in the computation of the loss of the covered immovable property owned by plaintiffs (or of the covered immovable properties owned by all others similarly situated).

XVIII.

The fire (homeowner's) insurance policy, and any application therefore, issued by defendant to plaintiffs (and policies and applications of all others similarly situated) did not set forth in type of equal size a different method which was actually used in the loss computation.

XIX.

Accordingly, plaintiffs (and all others similarly situated) are entitled to recover the face value stated in their fire (homeowner's) insurance policy insuring their covered immovable property, without deduction or offset, pursuant to La. R.S. 22:695(A).

XX.

This Complaint presents purely state-law issues whose resolution depends solely on the interpretation and application of a single Louisiana statute:  La. R.S. 22:695(A).

XXI.

Plaintiffs, individually and on behalf of all those similarly situated, request a trial by jury.

WHEREFORE, plaintiffs, individually and on behalf of all those similarly situated, pray that this matter be certified as a class action in accordance with Federal Rules of Civil Procedure, Rule 23(b)(3) and/or Rule 23(b)(1)(A), and after all legal delays and due proceedings are had, that there be judgment in favor of plaintiffs and all others similarly situated, and against defendant, for (1) the face value stated in their fire (homeowner's) insurance policy insuring their

covered immovable property, without deduction or offset; (2) pre-judgment and post-judgment

interest; (3) all costs of these proceedings; (4) a trial by jury; and (5) all general and equitable

relief.

Respectfully submitted,

**LESTELLE & LESTELLE, APLC**

**Terrence J. Lestelle - 8540**
**Andrea S. Lestelle - 8539**
**Jeffery B. Struckhoff - 30173**
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone:  504-828-1224
Facsimile:  504-828-1229

**ALLAN BERGER & ASSOCIATES, APLC**
**Allan Berger - 2977**
4173 Canal Street
New Orleans, LA 70119
Telephone:  504-486-9481
Facsimile:  504-483-8130

**CONNICK AND CONNICK, LLC**
**William P. Connick - 14158**
2551 Metairie Road
Metairie, LA 70005
Telephone:  504-838-8777
Facsimile:  504-838-9903

**COSSICH, SUMICH & PARSIOLA, LLC**
**Philip F. Cossich - 1788**
**David A. Parsiola – 21005**
8056 Highway 23, Suite 200
Belle Chasse, LA 70037
Telephone:  504-394-9000
Facsimile:  504-394-9110

**FEINGERTS & KELLY, PLC**
**Bruce L. Feingerts - 5499**
650 Poydras Street, Suite 2615
New Orleans, LA 70130
Telephone:  504-568-1515
Facsimile:  504-568-1521

**PATRICK G. KEHOE, JR., APLC**
**Patrick G. Kehoe, Jr. - 14419**
833 Baronne Street
New Orleans, LA 70113
Telephone:  504-588-1110
Facsimile:  504-588-1954

**ROBICHAUX LAW FIRM**
**J. Van Robichaux, Jr. - 11338**
71234 Hendry Ave.
Covington, LA 70433
Telephone:  985-809-0620
Facsimile:  985-892-5085

**and**

**UNGAR & BYRNE, APLC**
**Randy J. Ungar - 12387**
365 Canal Street, Suite 2520
New Orleans, LA 70130
Telephone:  504-566-1616
Facsimile:  504-566-1652

**ATTORNEYS FOR PLAINTIFFS**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Daryl and Cathy Chauvin

**DEFENDANTS**

State Farm Fire and Casualty Company

## 05-6454

## SECT. R MAG. 5

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Plaquemines
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT        IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lestelle & Lestelle APLC
3421 N. Causeway Blvd., Ste 602
Metairie, LA 70002
504-828-1224

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Recovery for face value of policy, pursuant to LA. R.S. 22:695.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____        DOCKET NUMBER _____

DATE 12/12/05

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

**25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES**

**STATE OF LOUISIANA**

NO: *52-975*                                              DIVISION: *A*

**JAMES and REBECCA WALLACE, SANDRA QUILLIN,
GEORGE and DELLARENE HODGES,
and RAPHAEL and DIANNE ORGERON, Individually and
on behalf of all others similarly situated**

**VERSUS**

**LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION
and ANPAC LOUISIANA INSURANCE COMPANY**

FILED: __DEC 12 2005__                          _____

DEPUTY CLERK

**CLASS ACTION PETITION**

NOW INTO COURT, through undersigned counsel, come JAMES and REBECCA

WALLACE, SANDRA QUILLIN, GEORGE and DELLARENE HODGES, and RAPHAEL and

DIANNE ORGERON, all persons of the full age of majority and citizens of the State of

Louisiana, who individually and on behalf of all others similarly situated respectfully represent

as follows:

I.

The following are plaintiffs herein:

1. JAMES and REBECCA WALLACE, both residents of the Parish of Plaquemines,

   State of Louisiana, who at all material times hereto, including on August 29, 2005,

   owned Immovable property and all improvements thereon located at 36625 Highway

   23, Buras, Louisiana, 70041, which was insured by LOUISIANA CITIZENS

   PROPERTY INSURANCE CORPORATION in or through the Louisiana Citizens

   Coastal Plan.

2. SANDRA QUILLIN, a resident of the Parish of St. Bernard, State of Louisiana, who

   at all material times hereto, including on August 29, 2005, owned immovable

   property and all improvements thereon located at 2210 Culotta Street, Chalmette,

1

Louisiana, 70043, which was insured by LOUISIANA CITIZENS PROPERTY

INSURANCE CORPORATION in or through the Louisiana Citizens FAIR Plan.

3.   GEORGE and DELLARENE HODGES, both residents of the Parish of Orleans,

State of Louisiana, who at all material times hereto, including on August 29, 2005,

owned immovable property and all improvements thereon located at 4920 Press

Street, New Orleans, Louisiana, 70126, which was insured by LOUISIANA

CITIZENS PROPERTY INSURANCE CORPORATION in or through the Louisiana

Citizens FAIR Plan.

4.   RAPHAEL and DIANNE ORGERON, both residents of the Parish of Jefferson, State

of Louisiana, who at all material times hereto, including on August 29, 2005, owned

immovable property and all improvements thereon located at 7925 Dalton Street,

Metairie, Louisiana, 70003, which was insured by ANPAC LOUISIANA

INSURANCE COMPANY.

II.

Made defendants herein are:

1.   LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION, a Louisiana
     insurer domiciled in Louisiana and licensed to do and doing business in the State of
     Louisiana; and

2.   ANPAC LOUISIANA INSURANCE COMPANY, a Louisiana insurer domiciled in
     Louisiana and licensed to do and doing business in the State of Louisiana.

These defendants are representative of a class of Louisiana insurers domiciled and

licensed to issue fire (homeowner's) insurance policies in Louisiana, which class includes:

1.   AUDUBON INSURANCE COMPANY, a Louisiana insurer domiciled in Louisiana
     and licensed to do and doing business in the State of Louisiana.

2.   FIREMAN'S FUND INSURANCE COMPANY OF LOUISIANA, a Louisiana
     insurer domiciled in Louisiana and licensed to do and doing business in the State of
     Louisiana.

3.   LAFAYETTE INSURANCE COMPANY, a Louisiana insurer domiciled in
     Louisiana and licensed to do and doing business in the State of Louisiana.

4.   LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, a
     Louisiana insurer domiciled in Louisiana and licensed to do and doing business in the
     State of Louisiana.

5.   LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, a Louisiana
     insurer domiciled in Louisiana and licensed to do and doing business in the State of
     Louisiana.

2

6.  NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA, a Louisiana insurer domiciled in Louisiana and licensed to do and doing business in the State of Louisiana.

### CLASS ALLEGATIONS

### III.

Pursuant to La. C.C.P. Art. 591, *et seq.*, plaintiffs propose to proceed on behalf of the following class:

*All owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place on August 29, 2005 a fire (homeowner's) insurance policy with one of the named Louisiana defendants, who sustained a covered loss of, or damage to, such property, and such property was rendered a total loss as a result of Hurricane Katrina.*

### NUMEROSITY

### IV.

This action is maintainable as a class action because the size of the class is so numerous (on information and belief, tens of thousands of homes are believed to be a total loss, as a result of Hurricane Katrina) that joinder of all members would be impracticable. This level of numerosity is better handled through the class action procedure.

### COMMON QUESTIONS OF LAW AND FACT

### V.

Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class are:

(i)     whether the fire (homeowner's) insurance policies issued by defendants to

plaintiffs (and those similarly situated) are subject to La. R.S. 22:695(A),

Louisiana's "Valued Policy Law" (VPL), which provides:

Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

3

(ii)    whether defendants placed a valuation on the covered properties and used such valuation for purposes of determining the premium charges to be made under the policies;

(iii)    whether plaintiffs (and those similarly situated) each suffered a "covered loss of, or damage to" the covered property pursuant to La. R.S. 22:695(A);

(iv)    whether the immovable properties owned by plaintiffs (and those similarly situated) have been rendered a "total loss" by Hurricane Katrina;

(v)    whether plaintiffs (and those similarly situated) are entitled, under La. R.S. 22:695(A), to recover the full value stated on the face of their policies.

## TYPICALITY

### VI.

The claims of the class representatives are typical of the claims of the class. Plaintiffs are all owners of immovable property located in the State of Louisiana and in the parishes affected by Hurricane Katrina, who had in place on August 29, 2005 a fire (homeowner's) insurance policy with one of the named defendants, whereby defendants placed valuations on the covered properties and used such valuations for the purposes of determining the premiums to be charged. Furthermore, all such immovable properties owned by plaintiffs (and those similarly situated) sustained a covered loss or damage, and such properties were rendered a total loss as a result of Hurricane Katrina.

## CLASS REPRESENTATIVES

### VII.

Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs, the class representatives herein, have retained counsel who are skilled and experienced in the prosecution of class action litigation, and who will adequately handle this action in an expeditious manner to the best interests of all members of the class.

## SUPERIORITY

### VIII.

A class action is a superior vehicle for the fair and efficient adjudication of this litigation, because individual joinder of all class members is impracticable and would be expensive and unduly burdensome on individual class members, defendants, and the court system.

4

Additionally, because of the disparity of resources available to the defendants, as compared to those available to individual class members, prosecution of separate actions would work a financial hardship on many class members. Finally, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, and would substantially impair their ability to protect their interests.

## FACTUAL ALLEGATIONS

### IX.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a Category 4 hurricane bearing sustained winds of 140 miles per hour.

### X.

Plaintiffs' homes (and the homes of all others similarly situated) sustained loss or damage from hurricane-related wind, which is a covered peril under the policies issued by defendants.

### XI.

As a result of Hurricane Katrina, plaintiffs and all others similarly situated sustained substantial damage to their homes, rendering them a total loss.

### XII.

Defendant insurers placed a valuation upon the covered properties owned by plaintiffs and all others similarly situated.

### XIII.

Defendant insurers used such valuation for purposes of determining the premium charges to be made under the policies covering such properties.

### XIV.

Defendant insurers did not use a different method in the computation of the loss of the covered properties owned by plaintiffs, and all others similarly situated.

### XV.

The fire (homeowner's) insurance policies, and any applications therefore, issued by defendants to plaintiffs, and all others similarly situated, did not set forth in type of equal size a different method which was actually used in the loss computations.

5

XVI.

Accordingly, plaintiffs, and all others similarly situated, are entitled to recover the face value stated in their fire (homeowner's) insurance policies insuring their covered properties, without deduction or offset, pursuant to La. R.S. 22:695(A).

XVII.

This Petition presents purely state-law issues whose resolution depends solely on the interpretation and application of a single Louisiana statute: La. R.S. 22:695(A).

WHEREFORE, plaintiffs, individually and on behalf of all those similarly situated, pray that this matter be certified as a class action in accordance with La. C.C.P. art. 591, *et seq.*, and after all legal delays and due proceedings are had, that there be judgment in favor of plaintiffs and all others similarly situated, and against defendants, for (1) the face value stated in their fire (homeowner's) insurance policies insuring their covered properties, without deduction or offset; (2) legal interest thereon from the date of judicial demand until paid; (3) for all costs of these proceedings; and (4) for all general and equitable relief.

Respectfully submitted,

LESTELLE & LESTELLE, APLC

Terrence J. Lestelle - 8540
Andrea S. Lestelle - 8539
Jeffery B. Struckhoff - 30173
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone: 504-828-1224
Facsimile: 504-828-1229

ALLAN BERGER & ASSOCIATES, APLC
Allan Berger - 2977
4173 Canal Street
New Orleans, LA 70119
Telephone: 504-486-9481
Facsimile: 504-483-8130

CONNICK AND CONNICK, LLC
William P. Connick - 14158
2551 Metairie Road
Metairie, LA 70005
Telephone: 504-838-8777
Facsimile: 504-838-9903

6

**COSSICH, SUMICH & PARSIOLA, LLC**
**Philip F. Cossich - 1788**
**David A. Parsiola – 21005**
8056 Highway 23, Suite 200
Belle Chasse, LA 70037
Telephone: 504-394-9000
Facsimile: 504-394-9110

**FEINGERTS & KELLY, PLC**
**Bruce L. Feingerts - 5499**
650 Poydras Street, Suite 2615
New Orleans, LA 70130
Telephone: 504-568-1515
Facsimile: 504-568-1521

**PATRICK G. KEHOE, JR., APLC**
**Patrick G. Kehoe, Jr. - 14419**
833 Baronne Street
New Orleans, LA 70113
Telephone: 504-588-1110
Facsimile: 504-588-1954

**ROBICHAUX LAW FIRM**
**J. Van Robichaux, Jr. - 11338**
71234 Hendry Ave.
Covington, LA 70433
Telephone: 985-809-0620
Facsimile: 985-892-5085

**UNGAR & BYRNE, APLC**
**Randy J. Ungar - 12387**
365 Canal Street, Suite 2520
New Orleans, LA 70130
Telephone: 504-566-1616
Facsimile: 504-566-1652

**PLEASE SERVE:**

**LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION**, through its
designated agent for service of process:
the Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

**ANPAC LOUISIANA INSURANCE COMPANY**, through its agent for service of
process:
Howard L. Murphy
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA 70130

7

## CITATION

| | | |
|---|---|---|
| **JAMES WALLACE** | | **Case: 00052975** |
| | | **Division: A** |
| **Versus** | | **25th Judicial District Court** |
| | | **Parish of Plaquemines** |
| **LOUISIANA CITIZENS PROPERTY INS. CO.** | | **State of Louisiana** |

TO: ANPAC LOUISIANA INS CO
   THROUGH AGENT HOWARD L. MURPHY
   755 MAGAZINE ST
   NEW ORLEANS, LA 70130

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Monday, December 12, 2005.*

Req. By:
TERRENCE J. LESTELLE
(504) 828-1224
P-1

_____

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____

Mileage    $_____          By: _____
                                        *Deputy Sheriff*
Total        $_____

[ ORIGINAL ]



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 24  PM 4: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

06 - 4667

| | | |
|---|---|---|
| **JUSTIN CRESPO AND FRANKLIN RUIZ** | * | CIVIL ACTION NO: |
| | * | |
| **VERSUS** | * | SECTION: SECT. I MAG 1 |
| | * | |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, AND LIBERTY MUTUAL INSURANCE EUROPE LIMITED** | * | **MAGISTRATE:** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED:_____          _____

                                                                    **DEPUTY CLERK**

## CLASS ACTION COMPLAINT

Plaintiffs file this class action complaint on their own behalf, and on behalf of a class of

plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have

injuries common to all those similarly situated who incurred damages and losses as a result of the

actions of the defendants, identified herein, who intentionally, improperly, unjustly and negligently

adjusted property, business, commercial and flood insurance claims as set forth below.

Fee_350.00
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

1.

Made plaintiffs herein are:

A) Justin Crespo, a person of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana; and

B) Franklin Ruiz, a person of the full legal age of majority and a resident of the Parish of ST. Bernard, State of Louisiana.

Above listed plaintiffs seek to represent and prosecute all claims through class action proceedings against the below named defendants for the class of persons similarly situated in the State of Louisiana for the reasons set forth in this complaint.

2.

Made defendants herein are the following:

A) Liberty Mutual Fire Insurance Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

B) Liberty Mutual Insurance Company, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court; and

C) Liberty Mutual Insurance Europe Limited, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

3.

This class action proceeding is brought on behalf of the class identified as follows:

All immovable property owners in the State of Louisiana who were issued a property, business, commercial and/or flood insurance policy by the named defendants and whose policy was

in full force and effect at the time of the covered event and who made a claim for benefits under said

policy to address the physical damages to their property which was damaged as a result of Hurricane

Katrina and its aftermath. In addition, each class member has been determined by the defendant to

have a compensable loss and has either been paid or in the process of being paid by the defendant

for the compensable loss of the property. The loss payment to each class member included a below

market unit pricing on numerous items and non-payment of industry standard items, resulting in

inadequate compensation to the class members, all as more fully set forth herein.

## **JURISDICTION**

4.

This Court has jurisdiction in this matter pursuant to 28 USCA 1369 in that this is a civil

action for damages involving minimal diversity between adverse parties that arises from a single

accident where at least seventy-five (75) natural persons have died in the accident at a discrete

location.

5.

Jurisdiction is further invoked pursuant to the  the Class Action Fairness Act (CAFA), 28

USC 1332 (d) (2) because this is a class action in which there is minimal diversity of citizenship and

the aggregate amount  in controversy exceeds five million dollars ($5,000,000.00), exclusive of

interest and cost and any member of the class of plaintiffs is a citizen of a state different from any

defendant.

Additionally, there is jurisdiction pursuant to 28 USCA 1331, federal question, in that a

significant number of the claims are made under the National Flood Insurance Program under which

this court has exclusive original jurisdiction pursuant to 42 USCA 4053  because the insured

3

property is situated within this district.

6.

Venue is proper in this district pursuant to 28 USC 1391 because certain negligent and wrongful conduct of the defendants occurred in the Eastern District of Louisiana, the plaintiffs reside in the Eastern District of Louisiana, the damage to plaintiffs property occurred within the Eastern District of Louisiana and most of the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

7.

Plaintiffs were all owners of property in southeastern Louisiana all within the jurisdiction of this Honorable Court.

8.

Defendant insurance companies all issued policies of homeowners' property, business, commercial and/or flood insurance covering plaintiffs' property in southeast Louisiana.

9.

On the morning of August 29, 2005 Hurricane Katrina made landfall in Southeast Louisiana.

10.

As a result of the hurricane force winds, storm surge and/or failure of levees, plaintiffs' properties were severely damaged and/or destroyed.

11.

Plaintiffs' homeowners' property, business, commercial and flood insurance policies were all in full force and effect on and about August 29, 2005.

4

12.

All of policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs.

13.

Plaintiffs promptly reported the damage to the respective insurance company defendants and therefore the insurance company defendants knew almost immediately that plaintiffs' property had sustained severe physical and structural damage and that plaintiffs had sustained other losses and damages covered under the policies in question.

14.

All plaintiffs submitted proof of losses to their respective insurance company defendants.

15.

Defendant/Insurance companies tendered insufficient payment to plaintiff class members, said tenders where calculated using below market unit price figures for various items damaged and/or destroyed in the occurrence which practice resulted in significantly lower payments made to the members of the class which were inadequate to repair the damages sustained and said payments were not in compliance with the terms of the policy and practices of the industry.

16.

Plaintiffs allege that the use of the below market unit pricing by the defendants herein was intentional, fraudulent and in bad faith. Defendant insurance companies engaged in a wrongful scheme to delay, deny or underpay claims by repeatedly utilizing below market unit pricing and nonpayment or intentional underpayment of industry standard items all in contravention of the terms of the policies issued and the practices of the industry.

5

17.

Plaintiffs allege that the defendants, through their agents, employees, adjusters and other individuals for whom they are responsible had, at all pertinent times hereto and at the time that the proof of loss and adjustment of claims were made, ready access to unit prices being paid throughout the region for specific items of loss. It was the practice of defendants to significantly reduce the amount of money paid per unit for the items of loss, thus resulting in offers and/or settlements which were inadequate and improper under the terms of the policies and the practice of the industry

## CLASS ALLEGATIONS

18.

The claims of the proposed class representatives are typical of the claims of the proposed class.

19.

The common questions of law and fact as shown in this petition predominate over individual questions of causation or individual damages.

20.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

21.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the

Courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by defendants' actions. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication. economies of scale. and comprehensive supervision by a single court. Thousands of individual actions will create unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.

22.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

This action is appropriate for determination through the class action procedure for the following additional reasons:

**A. NUMEROSITY**

As a result of Hurricane Katrina and its aftermath, 200,000 or more homes and businesses were severely damaged or destroyed. The action of the defendants herein effected a large percentage of buildings that were damaged or destroyed thus causing damages to the plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class

7

of plaintiffs clearly consists of thousands of persons presenting a level of numerosity better handled through the class action procedure.

## B. COMMON QUESTIONS OF LAW AND FACT

There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to whether below market unit pricing by defendants was intentional, fraudulent, in bad faith and a breach of their insurance contract with the class members.

## C. ADEQUATE REPRESENTATION

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

## D. TYPICALITY

The claims of the class representative as named herein are typical of the claims of the class members they seek to represent in that they are all claims seeking damages arising  from the improper adjustment of claims through use of below market unit pricing as described herein by defendants.

## E. SUPERIORITY

The class action procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs, would also be unduly burdensome and expensive to the court system as well as the

8

defendants.

## CAUSES OF ACTION

### 23.

The failure of the defendants to make just and pay adequate payments as above described through below market unit pricing and non-payment of industry standard items, on claims made under the policies they have issued constitute violation of widely accepted standards throughout the insurance industry, violation of fair claims adjusting practices and violations of multiple State and Federal statutes concerning regulation of the insurance industry and fair trade practices all of which rendered defendants liable for interest, penalties, attorneys' fees and punitive damages, if applicable, in addition to amounts still remaining due under policy provisions.

### 24.

Plaintiffs further allege that the defendants engaged in a scheme as above described to deprive its insureds of full policy benefits for which they paid and such scheme was in violation of both State and Federal Law concerning Unfair Business Practices.

### 25.

La R.S. 22:658 requires insurers, among other things, to pay the amount of any claim due its insureds within thirty (30) days after receipt of satisfactory proof of loss, to initiate loss adjustment within thirty (30) days of notification of the loss by claimant, and make a written offer to settle within thirty (30) days of satisfactory proof of loss. Defendants herein failed to comply.

### 26.

Defendants' actions, as above described, were arbitrary, capricious and without probable cause and were in bad faith making defendants liable to plaintiffs for damages, penalties and

attorney's fees under applicable law including, but not limited to La. R.S. 22:658.

27.

La R.S. 22:1220 provides that an insurer owes a duty of good faith and fair dealing to its insured, and it provides that insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims.

28.

Defendants, through their agents, employees and representatives and others for whom they are liable, violated their duties under La. R.S. 22:1220 as alleged herein and are therefore liable for general and special damages, penalties and attorney's fees under the applicable law, including but not limited to La. R.S. 22:1220 by the following acts or omissions:

a.) Knowingly misrepresenting pertinent facts or policy provisions regarding the coverage at issue;

b.) Arbitrarily, capriciously and without probable cause failing to pay the amount of claim due within sixty (60) days after receipt of satisfactory proof of loss; and

c.) Adjusting claims in violation of La. R.S. 22:658.2.

29.

Defendant insurance companies are liable for the acts and omissions of its agents, employees, and representatives in the handling of plaintiffs' claims.

30.

Based on the conduct and actions of the defendants as described above, plaintiffs have the following causes of action against defendants:

10

1.    Breach of insurance contract;

2.    Violation of La. R.S. 22:658;

3.    Violation of La. R.S. 22:658.2

4.    Violation of State and Federal laws pertaining to unfair trade practices;

5.    Breach of their duty to act reasonably and fairly under La. R.S. 22:1220;

6.    Failure to tender fair and adequate payment for casualty losses; and

7.    Other causes of actions that will be determined at trial.

31.

Plaintiffs are entitled to the following elements of damages for the causes of action previously mentioned:

1.    Full reimbursement for property damages and proper per unit pricing and payment for industry standard items;

2.    Penalties under La. R.S. 22:658, 22:658.2 and 22:1220;

3.    Double damages pursuant to La. R.S. 22:1220;

4. .  Fifty percent (50%) penalties for failure to submit payment within thirty (30) days from proof of claim;

5.    Attorneys' fees;

6.    Emotional distress caused by defendants improper actions;

7.    Court costs;

8.    Any relief that this Honorable Court deems fair and equitable.

32.

Plaintiffs allege that the defendants are liable for punitive damages pursuant to Louisiana

Civil Code Article 3546 in that the decision to utilize below market unit pricing and failure to pay or intentional underpayment for industry standard items occurred in states which authorize the award of punitive damages and was further authorized by the law of the place where the person whose conduct caused the injury was domiciled.

33.

Plaintiffs pray for trial by jury.

**WHEREFORE**, plaintiffs pray that after due proceedings be had there be judgment in their favor and against the defendants in amounts that are reasonable under the premises, including, damages or mental and emotional suffering caused by the action of the defendants, penalties, attorney's fees, expert witness fees, punitive damages and interest and all costs for this proceeding.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES**

**JIM S. HALL (Bar No.: 21644)**
800 N. Causeway Blvd., Suite #100
Metairie, Louisiana 70001
Telephone: (504) 832-3000
Facsimile: (504) 832-1799

**NOTICE OF LAWSUIT AND WAIVER OF SUMMONS TO BE MAILED.**

12

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____

DIVISION " "

**PEARL CARUSO, JOHN CHAGNARD, SUSAN G. TRAMONTANA, WIFE OF AND SALVADOR TRAMONTANA, LAUREL P. REIMONENQ, WIFE OF AND HERBERT L. REIMONENQ, LISA A. ROBINSON, WIFE OF AND THOMAS ROBINSON, AND BEVERLY A. SMITH**

SECTION Z

versus

**ALLSTATE INSURANCE COMPANY, STATE FARM INSURANCE COMPANY, AUTO CLUB FAMILY INSURANCE COMPANY, LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY, REPUBLIC FIRE & CASUALTY INSURANCE COMPANY & UNITED FIRE INSURANCE COMPANY**

FILED: _____

_____
DEPUTY CLERK

### HURRICANE KATRINA CLASS ACTION PETITION FOR DECLARATORY JUDGMENT, DAMAGES, BREACH OF CONTRACT, AND STATUTORY PENALTIES

The petition of Pearl Caruso, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, individually, and on behalf of the class of those similarly situated homeowners whom she seeks to represent who were afforded fire/homeowners insurance coverage by Defendant Allstate Insurance Company on or about August 29, 2005 ;

John W. Chagnard, a person of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana, individually, and on behalf of the class of those similarly situated homeowners whom he seeks to represent who were afforded fire/homeowners insurance coverage by Defendant State Farm Insurance Company on or about August 29, 2005;

Susan G. Tramontana, wife of and Salvador Tramontana, persons of the full age of majority and residents and domiciliaries of the Parish of Orleans, State of Louisiana, individually and on behalf of the class of those similarly situated homeowners whom they seek to represent who were afforded fire/homeowners insurance coverage by Defendant Auto Club Family Insurance Company, (dba, AAA Insurance Company), on or about August 29, 2005;

Beverly A. Smith, a person of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana, individually, and on behalf of the class of those similarly situated homeowners whom she seeks to represent who were afforded fire/homeowners insurance coverage by Defendant Republic Fire & Casualty Insurance Company on or about August 29, 2005;

Laurel P. Reimonenq, wife of and Herbert L. Reimonenq, persons of the full age of



EXHIBIT

A

VERIFIED
ANGELA McWILLIAMS

majority and residents and domicilaries of the Parish of Orleans, State of Louisiana, individually and on behalf of the class of those similarly situated homeowners whom they seek to represent who were afforded fire/homeowners insurance coverage by Defendant United Fire Insurance Company on or about August 29, 2005; and

Lisa A. Robinson, wife of and Thomas Robinson, persons of the full age of majority and residents and domicilaries of the Parish of Orleans, State of Louisiana, individually and on behalf of the class of those similarly situated homeowners whom they seek to represent who were afforded fire/homeowners insurance coverage by Defendant Louisiana Citizens Property Insurance Company on or about August 29, 2005, and, with respect, represent that:

I.

Defendants in this cause of action are:

Allstate Insurance Company, a foreign insurance carrier, licensed to do and doing business in the Parish of Orleans, State of Louisiana, (hereinafter "Allstate");

State Farm Insurance Company, a foreign insurance carrier, licensed to do and doing business in the Parish of Orleans, State of Louisiana, (hereinafter "State Farm");

Republic Fire & Casualty Insurance Company, a foreign insurance carrier, licensed to do and doing business in the Parish of Orleans, State of Louisiana, (hereinafter "Republic Fire");

Auto Club Family Insurance Company, dba AAA Insurance Company, a foreign insurance carrier, licensed to do and doing business in the Parish of Orleans, State of Louisiana, (hereinafter "Auto Club/AAA");

United Fire Insurance Company, a foreign insurance carrier, licensed to do and doing business in the Parish of Orleans, State of Louisiana, (hereinafter "United Fire") and

Louisiana Citizens Property Insurance Company, a Louisiana insurer, licensed to do and doing business in the Parish of Orleans, State of Louisiana.

II.

Petitioners, and those similarly situated class members whom they seek to represent, are entitled to declaratory relief herein pursuant to Louisiana Code of Civil Procedure Articles 1871-1883, and based upon La. R.S. 22:695, in conjunction with the valued policy jurisprudence of

Louisiana, and are liable unto your petitioners, individually and to the class of persons they respectively seek to represent, for damages, and for breach of contract, suffered by petitioners, and those similarly situated, in a sum sufficient to fully compensate them for all of their damages, together with legal interest, and for all statutorily available penalties and attorneys' fees, including but limited to, La. R.S. 22:658, and/or 22:1220, and for all costs, for this, to-wit:

### III.

### Factual Background

### A.

Petitioners, and the class, and/or sub-classes that the petitioners seek to represent, are insureds with duties owed to them by defendants herein, whether via their insurance contract, and/or by operation of Louisiana Law, in that they are homeowners who have suffered a total loss of their homes and improvements/properties, in whole or in part, as a result of a covered loss from the winds of Hurricane Katrina on or about August 29, 2005.

### B.

Defendants are fire, property & casualty insurers who issued fire, wind and hail homeowners insurance policies to petitioners and those they respectively seek to represent.

### C.

Petitioners submit that the afore-described policies of insurance have liability limits for which defendants have set and collected specific premium payments from petitioners, and those whom they seek to represent, in accord with the value of the policies they issued.

### D.

Defendants have refused to honor their contractual obligations in a timely manner as mandated by Louisiana Law, and/or in any manner whatsoever, and thus subjecting each and all of them to penalties as provided by law, including but not limited to, La. R.S 22:658 and 22:1220, in that they have refused to tender the face amounts owed under the policies at issue, ostensibly because petitioners suffered some damage to their properties as a result of flood waters or hurricane Katrina storm surge or some other "non covered" loss.

### E.

Petitioners respectfully submit that the acts of Defendants constitute a breach of Defendants duties owed to their respective policyholders.

### Count 1.

### BREACH OF CONTRACT

Petitioners re-aver all of the above factual allegations as if copied herein n extenso, and respectfully submit that the acts of Defendants constitute a breach of Defendants' contractual duties owed to their respective policyholders.

### IV

### Count 2

### CLASS ACTION

Petitioners, and the class and/or subclasses of individual homeowners similarly situated that your Petitioners seek to represent, propose the following classes and/or sub-classes:

### Class/sub-class definitions

Subject to amendment of the definition, Petitioners seek to certify a class defined as follows:

1.   **DEFENDANT CLASS**

"All Louisiana and foreign insurers who refused or otherwise failed to pay the face value of a policy issued to one or more of their insureds who sustained damage to their property in whole or in part as a result of a covered loss and who sustained a total loss of their property as a result of Hurricane Katrina's passage through the State of Louisiana on or about August 29, 2005."

Subject to amendment of class definition, plaintiffs seek to be recognized as class representatives of, and to certify, a sub-class of homeowner persons entitled to relief for breach of contract to be defined as follows:

2.   **PLAINTIFF CLASS:**

"All persons who have afforded homeowner's insurance by a defendant herein who suffered a total loss of their insured property in whole or in part as a result of a covered loss

as a result of Hurricane Katrina's passage through the State of Louisiana on or about August 29, 2005."

*Alternatively*, and should this Honorable Court deem it advisable or otherwise proper to certify sub-classes of the insureds of each of the named Defendants, and/or the insurers similarly situated each or all may represent, Petitioners propose:

Subject to amendment of the definition, Petitioners seek to be recognized as class representatives of, and to certify, sub-classes of persons entitled to relief to be defined as follows:

    3.    **SUB-CLASSES:**

"All insureds of a particular defendant who has refused or otherwise failed to pay the face value of a policy issued to one or more of their individual insureds who sustained damage to their property in whole or in part as a result of a covered loss, and who sustained a total loss of their property as a result of Hurricane Katrina's passage through the State of Louisiana on or about August 29, 2005."

**V**

**General Class Allegations**

**1.**

A class action is the appropriate and superior procedural vehicle for bringing the above noted and delineated claims pursuant to the Louisiana Rules of Civil Procedure, arts. 591, *et seq.*, because:

    a.    The class and/or sub-class(es) of persons who are entitled to relief is so numerous that joinder of all members is impracticable or inefficient;

    b.    There are common questions of the defendants' legal liability and common questions as to the damages sustained by the members of the class and/or sub-class(es);

    c.    The claims of the plaintiffs as noted and delineated herein are typical of the claims of all members of the class and/or sub-class(es), including as to the effect that the defendants' activities have had on the members of the class and/or sub-class(es);

    d.    Plaintiffs as noted and delineated herein will fairly and adequately protect the

interests of the members of the class they respectively seek to represent, and will appear at all hearings, trials and pre-trial discovery as may be required by this Honorable Court, and/or by law, and possess claims that are typical of all members of the class and/or sub-class(es); and

     e.     Judgment herein will be conclusive as to all members of the class and/or sub-class(es).

2.

In addition to the prerequisites of La.C.C.P. arts 591 *et seq*., this proceeding can be certified as a class action because:

     a.     The prosecution of separate actions would create the risk of varying or inconsistent results;

     b.     The defendants have acted on grounds generally applicable to all members of the class and/or sub-class(es), thereby making final injunctive relief appropriate as to the class as a whole;

     c.     The common questions of law and fact as to both liability and damages predominate over those questions affecting only individual members;

     d.     The individual members of the class would not normally prosecute separate individual actions;

     e.     It is desirable to concentrate all claims against the defendants arising from their actionable activities in a single forum;

     f.     Management of this class action will be considerably less difficult and expensive than prosecuting separate actions;

     g.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3.

Further, commonality, typicality, adequacy and numerosity are satisfied as follows:

**Commonality**

The issues of fact and questions of law, presented by this litigation, are common to all

members of the class and/or sub classes described herein; these legal and factual questions predominate over any other questions affecting only individual members of this class.

### Typicality

Plaintiffs' claims are similar in nature and typical of the claims of each class member. The claim(s) of the named representative plaintiffs as designated are typical of the claims of the class and/or sub class that they seek to represent.

### Adequacy

Plaintiffs as designated, individually, and on behalf of others similarly situated, can adequately protect the interests of the entire class and/or sub-classes. Plaintiffs have retained attorneys that are experienced in the prosecution of class actions and that are able to prosecute this action to conclusion, and to adequately represent the interests of the class members herein.

The class is objectively defined in terms of ascertainable criteria or factors which will enable the Court to determine the consistency or membership of the class for the purpose of being able to render a conclusive judgment in the case.

### Numerosity

The prosecution of separate actions by individual members of the class would create an undue risk of inconsistent and varying decisions and could establish incompatible standards of conduct for the defendants. Furthermore, the maintenance of separate actions would create an undue risk of one class member setting a legal precedent which would be dispositive of the interests of the class members who were not parties to the case then being adjudicated. Such separate actions would substantially impair or impede the absent class members ability to protect their interests.

Individual litigation would only increase the delays and expenses to all parties in the courts for resolving the controversies presented herein. The class action methodology is provided in La.C.C.P. art. 591, et seq. to facilitate the court by providing for judicial economy, reduce management difficulties, and to provide for uniform and unitary

adjudication.

### VI

As a consequence of defendants' act(s) and resulting damages, Petitioners, and the classes and/or sub classes they seek to represent, sustained damages as are due via contract and/or as otherwise allowed by law, reasonable in the premises, and/or as to be determined by the trier of fact upon trial of the above captioned matter.

### VII

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that defendants be served with certified copies of this Class Action Petition , and duly cited to appear and answer same; that after all legal delays and due proceedings are had, that there be declaratory and/or other judgment in favor of plaintiffs as alleged, and against defendants as alleged herein and that:

1. Class certification be granted in accord with the Louisiana Rules of Civil Procedure;

2. For all penalties, costs and reasonable attorneys' fees incurred in the prosecution of this suit;

3. For such further general and equitable relief as this Honorable Court deems just, necessary, and proper under the circumstances.

Respectfully submitted,

COUNSEL FOR PLAINTIFFS:

GREGORY DILEO, La. Bar # 4943
Attorney-at-law
300 Lafayette St., Suite 101
New Orleans, Louisiana   70130
          (504) 522-3456
                    522-3888 (fax)

VAL PATRICK EXNICIOS, La. Bar #19563
LISKA, EXNICIOS & NUNGESSER

Attorneys-at-law
One Canal Place Ste. 2290
365 Canal Street
New Orleans, Louisiana 70130
Phone:        (504) 410-9611
    Fax:       (504) 410-9937

CONRAD S. "DUKE" WILLIAMS, #14499
ST.MARTIN, WILLIAMS & BOURQUE
Attorneys-at-law
One Canal Place Ste. 2290
365 Canal Street
New Orleans, Louisiana 70130
Phone:        (504) 410-9611
    Fax:       (504) 410-9937

ANTHONY IRPINO, La. Bar #
One Canal Place Ste. 2290
365 Canal Street
New Orleans, Louisiana 70130
Phone:        (504) 410-9611
    Fax:       (504) 410-9937

**PLEASE SERVE:**

1.    ALLSTATE INSURANCE COMPANY
2.    STATE FARM INSURANCE COMPANY
3.    AUTO CLUB FAMILY INSURANCE COMPANY
4.    REPUBLIC FIRE & CASUALTY INSURANCE COMPANY
5.    UNITED FIRE INSURANCE COMPANY
6.    LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY

ALL THROUGH ITS/THEIR AGENT OF SERVICE OF PROCESS:
THE LOUISIANA SECRETARY OF STATE
AL ATER
8549 United Plaza Blvd.
Baton Rouge, LA 70809



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IRVING J. HENRY husband of/and** | * | **CIVIL ACTION NO.:** |
| **JENNIFER HENRY** | * | |
| | * | **07 - 17381** |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAG J SECT. J MAG. 5** |
| **ALLSTATE INSURANCE COMPANY,** | * | |
| | * | |
| | * | |

## AMENDED PETITION FOR DAMAGES

The petition of **Irving J. Henry, husband of/and Jennifer Henry**, persons of

the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who

were at all material times hereto the owners of the premises located at 7020 Cove

Drive, New Orleans, LA 70126, and insured with defendant, **Allstate Insurance**

**Company**, respectfully represent:

      I.    The following party is made defendant in this suit:

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

A.   **ALLSTATE INSURANCE COMPANY,** (hereinafter referred to as "Allstate"), a foreign insurer authorized to do and doing business in the Parish of Orleans, State of Louisiana, being domiciled in Louisiana, which at all times material hereto was the homeowners insurer for plaintiffs, Irving J. Henry and Jennifer Henry.

## COUNT I – INDIVIDUAL CLAIM

### II.

At all material times hereto, defendant marketed, solicited and sold policies of insurance to citizens of Louisiana, including plaintiffs, Irving J. Henry and Jennifer Henry, said policy of insurance purporting to provide insurance coverage for dwellings, other structures, personal property, and advanced living expenses, as well as perils as may be found in its contracts.

### III.

Plaintiffs, purchased a policy of insurance from defendant Allstate, paying the premiums required by the contract, as well as abiding by all of the terms of the agreement with defendant, Allstate.

### IV.

On or about August 29, 2005, southern Louisiana was subjected to the devastation produced by Hurricane Katrina, with the storm causing extensive damage to plaintiffs' property insured by defendant insurer.

- 2 -

V.

Hurricane Katrina was followed on or about September 24, 2005 by another devastating hurricane, Hurricane Rita, which also caused extensive damage to plaintiffs' property insured by defendant insurer.

VI.

Pursuant to plaintiffs' policy of insurance with defendant Allstate, plaintiffs timely notified their insurer that they had a claim pursuant to the terms of their contract of insurance with defendant within fifteen (15) days of August 29, 2005.

VII.

As of the date of the filing of these pleadings, defendant Allstate has yet to engage in adequate loss adjustment of plaintiffs' claims, and thus defendant is in violation of La. R.S. 22:658 (A) (3) which requires that "Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220. "

VIII.

- 3 -

Specifically, after the aforementioned hurricanes, the defendant Allstate breached its various duties to plaintiffs, its insured, in the following but not limited respects:

A.    In hiring incompetent and inexperienced adjusters;

B.    In negligently failing to adjust plaintiffs' claims in a timely manner;

C.    In systematically using adjusters to undervalue the payments of claims;

D.    In systematically pressuring adjusters to reduce claims;

E.    By using multiple adjusters with the effect and/or intent of delaying payments;

F.    In negligently failing to pay plaintiffs' claims in the correct amounts, and in a timely manner; and

G.    Other acts of negligence and/or intent which will be shown at the time of trial.

## IX.

Specifically, the defendant did not inspect plaintiffs' property until October 30, 2005, which resulted in  payments of $13,550.73 and $4,865.43 on October 30, 2005 and May 15, 2006, respectively for their dwelling, additional living expenses and contents; their attorney sent defendant Allstate a Letter of representation on July 12, 2006 requesting documents; the defendant did not responded adequately or provide the

- 4 -

documents to which they are entitled; on August 7 2006, defendant was furnished with a Proof of Loss with an engineering report, and line itemization showing dwelling damages due exclusively to wind, in the amount of $112,743.96. Defendant Allstate has continued to deny plaintiffs' claims.

X.

The defendant's flood exclusion is ambiguous, vague and, consequently, is invalid resulting in coverage for damages caused by flood.

XI.

Therefore, defendant Allstate, notwithstanding prompt notice of the claim by petitioners, did not adequately adjust plaintiffs' claims after the delays allowed by law, and then underpaid.

XII.

Pursuant to La. R.S. 22:658 and La. R.S. 22:1221, defendant Allstate is answerable in damages to plaintiffs as a result of defendant's breach of its good faith duty to adjust plaintiffs' claims incurred as a result of Hurricanes Katrina and Rita.

XIII.

The defendant's inspections of plaintiffs' property, under the circumstances of the catastrophic losses caused by Hurricanes Katrina and Rita, waived defendant's right to a "sworn proof of loss," as defendant was provided with the information necessary

- 5 -

to adequately adjust these claims; alternatively, defendants have not provided plaintiffs with a form to file a "sworn proof of loss" so as to comply with the provisions of its policy; thus waiving defendant's right to one.

XIV.

The acts and/or omissions of defendant insurer have been arbitrary and capricious, without cause, and constitute a breach of defendant insurer's affirmative duty to promptly and fairly adjust plaintiffs' claims within thirty (30) days after notification of loss by the claimant, and they have failed to pay plaintiffs' damages within thirty (30) days after being provided with a satisfactory proof of loss, entitling plaintiffs to penalties in the amount of 50% of the unpaid amount, attorneys' fees and costs under La. R.S. 22:658(b) and double damages under La. R.S. 22:1220, said penalties applicable to plaintiffs' claims for structures, other structures, contents and additional living expense benefits.

XV.

That defendant insurer's actions/inactions in failing to timely adjust plaintiffs' claims, at all times material hereto, were with deliberate disregard of the welfare of petitioners and further:

A.    Were in bad faith;

B.    Were a breach of the insurer's duty to adjust claims fairly and properly;

- 6 -

C.     Were arbitrary or capricious;

D.     Were a breach of plaintiffs' valid claims upon which insurance coverage was based;

E.     Were willful and unreasonable;

F.     Were contrary to the interest of the insureds;

G.     Were a breach of defendant insurer's duty to pay the amount due within thirty days, notwithstanding the receipt of the required proof of loss and demand.

H.     Were substantially certain to lead to additional damage on the part of the insured as defendant's failure to engage in proper loss adjustment prevented or hampered plaintiffs from repairing their property and/or pay their debts.

## COUNT II. – CLASS CLAIM

### XVI.

Plaintiffs propose to proceed on behalf of the following class of individuals:

*All holders of homeowner's policies issued by Allstate Insurance Company, or any of its subsidiaries, for property located in the State of Louisiana who suffered damages as a result of Hurricanes Katrina and Rita.*

### XVII.

At all material times hereto, defendant Allstate provided policies of insurance to Plaintiffs and the citizens of Louisiana purporting to provide coverage for losses to dwellings, personal property, and other structures for perils such as Hurricanes Katrina and Rita.

## XVIII.

At all material times hereto, Plaintiffs property, which was insured by defendant, suffered extensive damage as a result of Hurricanes Katrina and Rita.

## XIX.

At all material times hereto, Plaintiffs submitted timely damage claims to defendant, which were underpaid due to the practices set forth herein below.

## XX.

At all material times herein, Allstate utilized claims adjusting software provided by Marshall & Swift / Boeckh, Inc. (MS/B") known as IntegriClaim.

## XXI.

MS/B markets and sells IntegriClaim to building contractors, insurance companies and insurance adjusting firms for the purpose of estimating property damages.

## XXII.

MS/B publishes an updated price list every quarter, specific to areas by zip codes, with the intention of matching the cost of actual construction materials and labor at the time of the loss sustained by an insured property owner at the loss location.

## XXIII.

MS/B's updated IntegriClaim price lists are provided to the users of the software whenever they are published.

## XXIV.

MS/B's IntegriClaim price list is composed of individual repair actions, broken down into different categories, with each of these repair actions and categories having a unit price that is adjusted quarterly by MS/B, to reflect market conditions and inflation in the area being repaired.

## XXV.

MS/B, adjusts its IntegriClaim price lists for inflation due to the fact that when storms hit an area, scarcity of manpower and materials causes costs to skyrocket, and thus, IntegriClaim purports to fairly adjust prices to be relied upon by contractors, insurers and adjusters in settling and adjusting the claims of petitioners and those similarly situated.

## XXVI.

Defendant Allstate acquired and utilized the IntegriClaim pricing software and price lists from MS/B for the purpose of settling and/or in adjusting the property damage claims of petitioners and those similarly situated resulting from Hurricanes Katrina and Rita. At all material times hereto, Defendant Allstate, used the IntegriClaim estimating software exclusively.

XXVII.

Notwithstanding IntegriClaim's purported use of prices based upon market conditions, IntegriClaim's prices are in actuality lower than those prices actually used in the construction industry.

XXVIII.

Notwithstanding IntegriClaim's purported use of prices based upon market conditions, IntegriClaim's prices are in actuality  lower than those used in other estimating programs, such as the "Exactimate" pricing software used by other insurance companies.

XXIX.

Notwithstanding Defendant Allstate's use of the IntegriClaim software and price lists, defendant Allstate has willfully, arbitrarily and capriciously adjusted IntegriClaim's already reduced prices by further reducing the unit prices necessary to adjust the claims of their insureds.

- 10 -

XXX.

Defendant Allstate has altered the already reduced unit prices of MS/B's price lists so as to arbitrarily and capriciously reduce the value of those claims that Allstate was obligated to pay under their policies, by devaluing the extent of the cost to repair those damages associated with that loss, with the intent to give their insureds a much lower settlement than what IntegriClaim's already reduced pricing would otherwise provide.

XXXI.

The reduction of unit prices is arbitrary and capricious and designed specifically to increase defendant Allstate's profits by paying its insureds less than industry standard for their damaged properties, all to the detriment of petitioners and those similarly situated.

XXXII.

Defendant Allstate has no rational or reasonable basis for further reducing the prices provided with IntegriClaim.

XXXIII.

Defendant Allstate is MS/B's biggest and principal user of its software in Louisiana, if not the entire country.

XXXIV.

- 11 -

Defendant Allstate has engaged in fraud by arbitrarily and capriciously using an amount significantly lower than MS/B's price lists in paying its insureds.

## XXXIV.

At all material times herein, Allstate's use of IntegriClaim as set forth herein constitutes an arbitrary and capricious failure of Allstate to properly adjust and pay the full value of their insureds' claims, as required by La.R.S. 22:658, thereby entitling Plaintiffs and all members of the class to damages, penalties and attorney fees pursuant to La.R.S. 22:658.

## XXXV.

At all material times herein, Allstate's use of IntegriClaim as set forth herein constitutes deceptive, fraudulent and unfair claims settlement practices in violation of Allstate's good faith duty to settle claims as required by La.R.S. 22:1220, thereby entitling Plainitffs and all members of the class to their damages, penalties equal to two times said damages and attorney fees pursuant to La.R.S. 22:658 and 22:1220.

## XXXVI.

At all material times herein, Allstate's use of IntegriClaim as set forth herein were so deceptive and misleading as to constitute fraud sufficient to vitiate the necessary consent of their insureds with regard to the settlement of their claims as set

forth in La.C.C. article 1953 *et seq*.  As such, Plaintiffs and all members of the class

are entitled to damages and attorney fees pursuant to La.C.C. article 1958.

XXXVII.

Plaintiffs and all those similarly situated are entitled to have this cause

maintained as a class action for the following reasons:

    (a) Defendants have acted on such grounds common to the class that declaratory relief would be appropriate.

    (b) Requiring the institution of separate lawsuits would pose a serious risk of inconsistent adjudications and earlier separate determinations with a prejudicial effect on subsequent litigants.

    (c) Prosecution of separate actions would pose a serious threat of substantially impeding the ability of class members to protect their interests.

    (d) Any resistance of liability by the defendants would be applicable to all claims presented by all members of the class.

    (e) There are common issues of law and fact that predominate over those issues that might pertain to individual cases.

    (f) The class action is a superior procedural vehicle for the fair and efficient adjudication of this controversy, to wit:

        1) The vast majority of the class members have no interest in controlling the litigation;

        2) Such a method of proceeding would allow the Court to process all rightful claims in one proceeding;

        3) It is desirable to concentrate all the litigation in one forum; and

4) Class litigation is manageable considering the opportunity to afford reasonable notice of significant phases of the litigation to class members and permit distribution of the recovery.

## JURY DEMAND

### XXXVIII.

Plaintiffs pray for and are entitled to a trial by jury.

**WHEREFORE,** plaintiffs pray for judgment herein in favor of Irving J. Henry and Jennifer Henry and against Allstate Insurance Company, in a sum adequate to compensate plaintiffs for the aforementioned damages, together with legal interest from date of judicial demand until paid, for all costs of these proceedings, for trial by jury, and for all general and equitable relief;

**PLAINTIFFS FURTHER PRAY**, that there be judgment herein in their favor and against defendant Allstate Insurance Company,

**DECLARING** that defendant pays your plaintiffs, all sums due for structural damage, other structures' damage, personal property/contents damage, and additional living expenses incurred as a result of Hurricanes Katrina and Rita;

**DECLARING** that defendant breached its duties as insurers to adjust claims fairly and promptly;

**DECLARING** that defendant is in violation of La. R.S. 22:658;

**DECLARING** that defendant owes statutory penalties as provided by La. R.S.

- 14 -

22:658;

**DECLARING** that defendant owes statutory penalties as provided by La. R.S. 22:1220 unto plaintiffs;

**DECLARING** that defendant's actions in failing to timely adjust plaintiffs' claims were with deliberate insensibility and/or disregard of the welfare of plaintiffs;

**DECLARING** that defendant's failure to engage in proper loss adjusting prevented or hampered plaintiffs from repairing their property and was substantially certain to lead to additional losses by plaintiffs;

**CERTIFYING** the class as defined herein, appointing Plaintiffs as class representatives, undersigned counsel as class counsel and finding Defendant liable to the Class for all damages; penalties and attorney fees as are reasonable in the premises;

**FOR COSTS AND ATTORNEYS' FEES** incurred in the prosecution of this suit;

**FOR SUCH FURTHER RELIEF** as this Honorable Court deems just, necessary and proper under the circumstances.

- 15 -

GREGORY P. DI LEO, LSBA #4943
Attorney for Plaintiffs
Irving J. Henry and Jennifer Henry
300 Lafayette Street, Suite 101
New Orleans, LA  70130
Telephone:  (504) 522-3456
Facsimile:                      (504) 522-3888

Val Patrick Exnicios (#19563)
Amy Fontenot (#28577)
Liska, Exnicios & Nungesser
Attorneys-at-Law
One Canal Place, Suite 2290
365 Canal Street
New Orleans, La. 70130
Telephone: 504-410-9611
Fax: 504-410-9937

Conrad S.P. Williams, III (#14499)
Joseph G. Jevic  (#23145)
Melanie G. Lagarde (#28825)
ST. MARTIN, WILLIAMS & BOURQUE
P.O. Box 2017
Houma, Louisiana 70361
Telephone: (985) 876-3891
Fax: (985) 851-2219

pd-katrina\pricingclassaction\amendedpetition