**EXHIBIT B, Part 6 - Turk, Williams, Maynard Complaints**

**CV06 0144**  **L-0**  JUDGE DOHERTY

**RECEIVED**
IN LAFAYETTE, LA.

**MAGISTRATE JUDGE HILL**

JAN 2 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

27TH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF ST. LANDRY

| | | |
|---|---|---|
| JOE TURK and EDITH TURK, and | * | CIVIL ACTION NO: 05-C-5984-A  5946 |
| CHARLES G. THERIOT and BONNIE | * | |
| DONAHUE THERIOT | * | |
| | * | |
| | * | |
| VERSUS | * | DIVISION:_____ |
| | * | |
| LOUISIANA CITIZENS PROPERTY | * | |
| INSURANCE CORPORATION, AUDUBON | * | |
| INSURANCE COMPANY and STATE FARM | * | |
| FIRE AND CASUALTY COMPANY | * | |
| | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

### PETITION FOR DECLARATORY JUDGMENT, DAMAGES, INJUNCTIVE RELIEF, and CLASS CERTIFICATION

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **JOE TURK** and

**EDITH TURK**, and **CHARLES G. THERIOT** and **BONNIE DONAHUE THERIOT**,

individually and as representatives of the Class of persons similarly situated having a common and

undivided interest in the subject matter of this litigation, who file this, the Petition for Declaratory

Judgment, Damages, Injunctive Relief, and Class Certification, and who respectfully represent the

following:

#### JURISDICTION

I.

Jurisdiction is proper pursuant to articles 2 and 6 of the Louisiana Code of Civil Procedure.

#### VENUE

II.

Venue is proper pursuant to articles 76, 45(3) and 593 of the Louisiana Code of Civil

Procedure.

#### PARTIES

III.

#### PLAINTIFFS

A.    Plaintiffs, **JOE TURK** and **EDITH TURK**, husband and wife, are persons of full

age and majority, domiciled in Eunice, St. Landry Parish, Louisiana.

St. Landry Parish Clerk of Court's Office

Filed December 15th 20 05



Dy. Clerk



True Copy
Dy. Clerk

1

B.   Plaintiffs, **CHARLES G. THERIOT** and **BONNIE DONAHUE THERIOT**, husband and wife, are persons of full age and majority, domiciled in Cameron, Cameron Parish, Louisiana.

IV.

### DEFENDANTS

A.   Defendant, **LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION**, is a Louisiana insurance company authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Darrell W. Alligood or John A. Cerami, 4150 South Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816 and/or the Secretary of the State of Louisiana.

B.   Defendant, **AUDUBON INSURANCE COMPANY**, is a Louisiana insurance company authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Darrell W. Alligood or John A. Cerami, 4150 South Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816.

C.   Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, is a foreign insurance company authorized to do and doing business in the State of Louisiana, which may be served through the Secretary of the State of Louisiana.

### FACTUAL BACKGROUND

V.

On September 24, 2005, Hurricane Rita struck southwestern Louisiana, causing devastation throughout the region. Many homes, including those belonging to Plaintiffs and the absent Plaintiff Class members, were destroyed and/or damaged beyond the dwelling coverage policy limits.

VI.

Fortunately, the members of the proposed Plaintiff Class are insured by the Defendants and the absent Defendant Class members (defined in Paragraph XII below), pursuant to homeowner's insurance policies (also known as "fire, wind, and hail" policies). These homeowner's insurance policies, which have liability limits based upon set premium payments, contractually obligate the Defendant Class to pay to the members of the proposed Plaintiff Class the liability limits (hereinafter "face value") of the policies in the event of a "total loss." The members of the proposed Plaintiff

2



Class have suffered a total loss with respect to their homes. This loss was caused, in whole or in part, by the covered perils of wind or windstorm.

VII.

Unfortunately, the Defendant Class has refused to tender the amounts owed under the policies at issue. Instead, the Defendant Class has refused to tender payment or significantly limited tender (on a pro-rata basis) where any of the home's damage is attributable to "hurricane flood waters" or "storm surge." Enacted in its current form in 1988, 22:695 provides:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate *any covered loss of, or damage to, such property* which occurs during the term of the policy at *such valuation without deduction or offset*, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. (Emphasis added).

In short, under Louisiana law, so long as the "valued policy insured" can demonstrate (1) he/she has suffered damages covered by his/her policy (i.e. wind damage) and (2) there has been a total loss, he/she is entitled to be paid the face amount of his/her policy. A pro-rata reduction, taking into consideration damage which may not be covered by the policy, is not allowed under La. R.S. 22:695. In other words, under such circumstances, there can be no deduction or offset. The Defendant Class' actions, therefore, run afoul of Louisiana Revised Statute 22:695. Moreover, such actions constitute a breach of the insurance contracts at issue.

## COUNT ONE - CLASS ACTION

### PLAINTIFF CLASS

VIII.

Plaintiffs reurge and reaver all of the allegations as contained in the above Paragraphs I through VII.

IX.

Until a more detailed description is required, Plaintiffs submit that the class of persons and entities that should be certified for management as a class action can be defined as follows:

> Anyone who purchased a homeowner's insurance policy and suffered a total loss with respect to their Louisiana home, any part of which was attributable to wind damage from Hurricane Rita, and was not paid the face value of their policy. The members of this class will be known, collectively, as the Plaintiff Class.

3

X.

This lawsuit is appropriate for management as a class action pursuant to Louisiana class action procedure, defined in articles 591 through 597 of the Louisiana Code of Civil Procedure, for the following reasons:

A.    On information and belief, well in excess of two thousand policyholders have been affected by the Defendant Class' breach of contract. The number of potential claimants satisfies the numerosity prerequisite for a class action because the proposed class is so large that joinder of all the members is impracticable. LA. CODE CIV. PROC. ANN. ART. 591(A)(1).

B.    Common questions of law and fact exist, such as:

    (1)    whether the Defendant Class has committed acts in violation of La. R.S. 22:695;

    (2)    whether the Defendant Class has breached its contractual obligations to the Plaintiff Class;

    (3)    whether, in the absence of injunctive relief, the Defendant Class' actions will result in an ongoing violation of Louisiana law (specifically, La. R.S. 22:695) and whether, in the absence of injunctive relief, the Defendant Class' continued breach of its contractual obligations will cause irreparable harm.

    (4)    whether the Plaintiff Class is entitled to penalties under La R.S. 22:1220.

Other common issues of law or fact may be articulated during the course of this litigation, but this preliminary, non-exclusive list is provided in order to identify the presence of sufficient common issues of law and fact in order to demonstrate that this proposed class satisfies the commonality requirement. LA. CODE CIV. PROC. ANN. ART. 591(A)(2).

C.    The claims of the named Plaintiffs are typical of the claims of the class members they propose to represent. If, by its failure to pay the face value of the homeowner's policies at issue upon proof of total loss, the Defendant Class has breached its contractual obligations, then each member of the Plaintiff Class would be entitled to injunctive relief and damages. LA. CODE CIV. PROC. ANN. ART. 591(A)(3).

D.    The named Plaintiffs will fairly and adequately protect the interests of the absent class members. Plaintiffs have not been promised or offered any special consideration or compensation for serving as a representative plaintiff. The named Plaintiffs have no special interest in the outcome of this litigation that conflicts with the interests of the absent class members. The named Plaintiffs do not have a personal interest in the outcome of this litigation. The named Plaintiffs are willing to take an active part in the litigation and to perform the duties expected of a class representative. LA. CODE CIV. PROC. ANN. ART. 591(A)(4).

E.    A preliminary definition of the class has been proposed in Paragraph IX, above. This is an objective definition that includes class membership criteria that is ascertainable in a way that will permit the Court to clearly and specifically determine the constituency of the class for purposes of providing adequate class notice, if notice is required by the provision under which the action is certified as a class action. LA. CODE CIV. PROC. ANN. ARTS. 592(B), 592(E)(2), and for purposes of establishing the conclusiveness of any settlements or judgments that may be reached or rendered. LA. CODE CIV. PROC. ANN. ART. 591(A)(5).

4

F.    If numerous members of this proposed class try their claims individually against the Defendant Class, it could result in inconsistent or varying decisions on those claims, and may establish incompatible standards of conduct for the Defendant Class. The results of the numerous cases may not be consistent and compatible with one another. LA. CODE CIV. PROC. ANN. ART. 591(B)(1)(a).

G.    Trying the class members' claims on a one-by-one basis could create a risk of the Court having trials of some claims that would, as a practical matter, be dispositive of the interests of other class members who were not parties to those particular trials, and, therefore, not present to protect their interests. Having individual trials of all these claims also could substantially impair or impede the ability of the other class members to protect their interests, especially those who were required (due to scheduling or docketing conflicts) to wait months or years to have their individual claims tried. Having individual trials also tends to deplete the financial resources of the defendant in favor of those whose cases are tried first. LA. CODE CIV. PROC. ANN. ART. 591(B)(1)(b).

H.    The Plaintiffs and all other members of the Plaintiff Class seek a declaratory judgment on the principal legal issue in this case and to enjoin actions and/or inactions of the Defendant Class on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. LA. CODE CIV. PROC. ANN. ART. 591(B)(2).

I.    The Plaintiffs and all other members of the Plaintiff Class seek to receive damages, penalties, and attorney fees for the loss they have suffered as a result of Defendants Class' breach of its contractual obligations. LA. CODE CIV. PROC. ANN. ART. 591(B)(3).

J.    The Plaintiffs and all other members of the Plaintiff Class are represented by skilled attorneys. These attorneys are experienced in litigating class actions and serving as class counsel, and are all attorneys who will litigate this action in a competent, expeditious, efficient, and economic manner for the best interest of the Plaintiff Class. These attorneys are financially capable of advancing the costs and expenses of this litigation on behalf of the Plaintiff Class. LA. CODE CIV. PROC. ANN. ART. 591(A)(4).

## DEFENDANT CLASS

### XI.

Plaintiffs reurge and reaver all of the allegations as contained in the above Paragraphs I through X.

### XII.

Until a more detailed description is required, Plaintiffs submit that the class of persons and entities that should be certified for management as a class action can be defined as follows:

Any insurer which refused to pay the face value of a policy to one of its insured, despite the fact that the insured suffered a total loss with respect to their Louisiana home, a portion of which was attributable to wind damage from Hurricane Rita. The members of this class will be known, collectively, as the Defendant Class.

### XIII.

This lawsuit is appropriate for management as a class action pursuant to Louisiana class

5

action procedure, defined in articles 591 through 597 of the Louisiana Code of Civil Procedure, for the following reasons:

A.    On information and belief, there are well in excess of fifty members of the Defendant Class. The number of potential claimants satisfies the numerosity prerequisite for a class action because the proposed class is so large that joinder of all the members is impracticable. LA. CODE CIV. PROC. ANN. ART. 591(A)(1).

B.    Common questions of law and fact exist, such as:

(1)    whether the Defendant Class has committed acts in violation of La. R.S. 22:695;

(2)    whether the Defendant Class has breached its contractual obligations to the Plaintiff Class;

(3)    whether, in the absence of injunctive relief, the Defendant Class' actions will result in an ongoing violation of Louisiana law (specifically, La. R.S. 22:695) and whether, in the absence of injunctive relief, the Defendant Class' continued breach of its contractual obligations will cause irreparable harm.

(4)    whether the Plaintiff Class is entitled to penalties under La R.S. 22:1220.

Other common issues of law or fact may be articulated during the course of this litigation, but this preliminary, non-exclusive list is provided in order to identify the presence of sufficient common issues of law and fact in order to demonstrate that this proposed class satisfies the commonality requirement. LA. CODE CIV. PROC. ANN. ART. 591(A)(2).

C.    The defenses of the named Defendants are typical of the claims of the class members they propose to represent. If, despite their failure to pay the face value of the homeowner's policies at issue upon proof of total loss, the Defendant Class can demonstrate that it has not violated Louisiana law or breached its contractual obligations, then the Plaintiff Class would be entitled to no relief. LA. CODE CIV. PROC. ANN. ART. 591(A)(3).

D.    The named Defendants will fairly and adequately protect the interests of the absent class members. The named defendants' interests necessarily coincide with the interests of the absent class members. LA. CODE CIV. PROC. ANN. ART. 591(A)(4).

E.    A preliminary definition of the class has been proposed in Paragraph XII, above. This is an objective definition that includes class membership criteria that is ascertainable in a way that will permit the Court to clearly and specifically determine the constituency of the class for purposes of providing adequate class notice, if notice is required by the provision under which the action is certified as a class action, LA. CODE CIV. PROC. ANN. ARTS. 592(B), 592(E)(2), and for purposes of establishing the conclusiveness of any settlements or judgments that may be reached or rendered. LA. CODE CIV. PROC. ANN. ART. 591(A)(5).

F.    If numerous members of this proposed class defend their claims individually against the Plaintiff Class, it could result in inconsistent or varying decisions on those claims, and may establish incompatible standards of conduct for the Defendant Class. The results of the numerous cases may not be consistent and compatible with one another. LA. CODE CIV. PROC. ANN. ART. 591(B)(1)(a).

G.    If numerous members of this proposed class defend their claims individually against the Plaintiff Class, it could result in adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other

class members who were not parties to those particular trials or substantially impair or impede the ability of the other class members to protect their interests. LA. CODE CIV. PROC. ANN. ART. 591(B)(1)(b).

## COUNT TWO - DECLARATORY JUDGMENT: VIOLATION OF LA R.S. 22:695

XIV.

Plaintiffs reurge and reaver all of the allegations as contained in the above Paragraphs I through XIII.

XV.

Each member of the Plaintiff Class suffered a total loss with respect to their Louisiana home. Each home is insured under a homeowner's policy with a face value based upon premium payments. The damage to each home was attributable, at least in part, to wind from Hurricane Rita. Wind damage is a covered loss under the policies at issue. Despite these facts, the Defendant Class has refused to tender the face amount of the Plaintiff Class' policies. Defendant's actions run afoul of La R.S. 22:695.

XVI.

If, as Plaintiffs assert, La R.S. 22:695 (which renders any conflicting provision in an insurance contract "null and void") legally obligates the Defendant Class to pay the face value of the policies under the circumstances at issue in this case, then the Defendant Class' breach of contract is conclusively established. With that in mind, the Plaintiff Class hereby requests a declaratory judgment on the issue pursuant to Louisiana Code of Civil Procedure articles 1871-1883.

## COUNT THREE - BREACH OF INSURANCE CONTRACT

XVII.

Plaintiffs reurge and reaver all of the allegations as contained in the above Paragraphs I through XVI.

XVIII.

In consideration of the payment of premiums, the Defendant Class executed and delivered to the Plaintiff Class homeowner's insurance policies. Each policy, in accordance with Louisiana law (specifically, La R.S. 22:695), obligated the insurer to pay the limits of liability to the insured in the event of any damage covered by the policy and a total loss. Such damage and loss has occurred with respect to each member of the Plaintiff Class.

7

XIX.

Upon information and belief, Plaintiffs and all other members of the Plaintiff Class have duly complied with all the terms and conditions of their respective homeowner's insurance contracts.

XX.

Despite its contractual obligation to do so, the Defendant Class has failed and refused, and continues to fail and refuse, to pay Plaintiffs and all other members of the Plaintiff Class the face value of their homeowner's policies. This breach of contract entitles the Plaintiff Class to damages (including but not limited to the difference between what has been paid by the insurers, if anything, and the face value of the policies at issue) plus interest on those damages from the date of judicial demand.

XXI.

The Defendant Class' refusal to pay the Plaintiff Class the amounts owed under the policies at issue has been arbitrary and capricious. That being the case, the Defendant Class has acted in bad faith and unfair dealing with respect to the Plaintiff Class, entitling the Plaintiff Class to penalties under La. R.S. 22:1220.

## COUNT FOUR - INJUNCTIVE RELIEF

XXII.

Plaintiffs reurge and reaver all of the allegations as contained in the above Paragraphs I through XXI.

XXIII.

Given the total loss and wind damage which occurred with respect to each Plaintiff Class member's Louisiana home, the Defendant Class is bound, under La R.S. 22:695, to pay the face value of the respective homeowner's policies. In violation of its legal obligation, the Defendant Class has failed to do so. This violation is continuing in nature. For these reasons, the Plaintiff Class seeks a mandatory injunction compelling the Defendant Class to comply with its statutory duties under La. R.S. 22:695.

XXIV.

Additionally, Plaintiffs and all other members of the Plaintiff Class have suffered irreparable harm as a result of the Defendant Class' continuing breach of contract. Under present circumstances, the Plaintiff Class is not being compensated in the amount contemplated under the

8

respective homeowner's policies, despite the payment of premiums that contemplated such payment. This causes the Plaintiff Class to suffer damages (such as the inability to restore their homes), and, at the same time, unjustly enriches the Defendant Class.

XXV.

For these reasons, Plaintiff and all other members of the Plaintiff Class seek a mandatory injunction compelling the Defendant Class to satisfy its contractual obligation and pay the face value of the homeowner's policies at issue.

**JURY DEMAND**

Plaintiffs respectfully request a trial by jury.

WHEREFORE, Plaintiffs pray that Defendants be served with a copy of this Petition for Declaratory Judgment, Damages, Injunctive Relief, and Class Certification and be cited to appear and answer same, and that after due proceedings are had, in accordance with articles 591-597 of the Louisiana Code of Civil Procedure, the Plaintiff Class be certified and there be judgment in favor of Plaintiffs and all similarly situated class members and against Defendants and all similarly situated class members for all general and equitable relief proper under the premises, including legal interest from the date of judicial demand, attorney fees, and all costs of these proceedings.

Respectfully submitted,

**LAW OFFICES OF KEN DEJEAN**

By: _____
KENNETH W. DEJEAN (#4817)
417 W University Ave
Lafayette, LA 70506-3649
Telephone: (337) 235-5294

**MURRAY LAW FIRM**
STEPHEN B. MURRAY (#9858)
ARTHUR M. MURRAY (#27694)
NICOLE IEYOUB (#28088)
909 Poydras St., Suite 2550
New Orleans, Louisiana 70112-4000
Telephone: (504) 525-8100

St. Landry Parish Clerk of Court's Office
Filed _Dec. 15_ _05_
_Pearl Stell_
Dy. Clerk

9

COX, COX, FILO, CAMEL & WILSON, LLP
THOMAS A. FILO (#18210)
PAUL J. COX (#23009)
CLAUDE P. DEVALL, JR. (#29148)
723 Broad Street
Lake Charles, LA 70601
Telephone: (337) 436-6611

LAWRENCE C. BILLEAUD (#20106)
321 W. Main St., Suite 1-B
Lafayette, LA 70501
Telephone: (337) 266-2055

**\*\*PLEASE SERVE THE DEFENDANTS
AS SET FORTH IN PARAGRAPH IV.**



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUN – 2 2006

LORETTA G. WHYTE
CLERK

## IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Genevieve Williams, Rosetta Irons and Eric Irons, and Ella Foster and Howard Foster, Jr. | CIVIL ACTION |
| | NO. 06-2919 |
| **Plaintiffs** | JURY TRIAL |
| | SECTION "B" |
| vs. | JUDGE LEMELLE |
| State Farm Fire and Casualty Company, Allstate Indemnity Company, and Louisiana Citizens Property Insurance Corporation | MAGISTRATE JUDGE ROBY |
| | COMPLAINT – CLASS ACTION |
| **Defendants.** | |

This Document relates to the following civil actions in the Eastern District of Louisiana: Nos. 05-6454, 05-6455, 05-6456, 05-6457, 05-6458, 05-6887, 05-6888, 06-0078, 06-0177, 06-0252, 06-0340, 06-0518, 06-0558, 06-0559, 06-0560, 06-0561, 06-0596, 06-0813, 06-0830, 06-0831, 06-0885, 06-1053, 06-1064, 06-1081, 06-1090, 06-1091, 06-1092, 06-1097, 06-1148, 06-1242, 06-1243, 06-1255, 06-1271, 06-1297, 06-1439, 06-1440, 06-1571, 06-1580, 06-1585, 06-1597, and all other cases transferred to this Section that contain claims under Louisiana Revised Statute 22:695.

## CLASS ACTION COMPLAINT

Representative Policyholders Genevieve Williams, Rosetta Irons and Eric Irons, and Ella Foster and Howard Foster, Jr. (collectively, "the Representative Policyholders"), by and through their undersigned counsel, aver as follows:

___ Fee_350.___
___ Process_____
X  Dktd _____
___ CtRmDep_____
___ Doc. No_____

1

## I. INTRODUCTION

1.     The Representative Policyholders have instituted this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class of homeowners insurance policyholders as defined in Paragraph 17 ("Policyholders") who, on August 29, 2005, were Louisiana residents who owned immovable property with improvements, principally houses or related residential structures, as well as personal property located there, which was destroyed or damaged by winds generated by Hurricane Katrina.

The Representative Policyholders bring this class action for declaratory judgment and breach of Louisiana's valued policy and bad faith statutes, arising out of the wrongful, negligent, reckless and/or intentional refusal of various Insurance Companies (collectively "Insurance Company Defendants") to provide insurance coverage to Policyholders for losses and damages to Policyholders' property caused by Hurricane Katrina, as required by the insurance policies that Policyholders purchased from one or more of the Insurance Company Defendants.

2.     Policyholders seek compensatory and punitive damages from the Insurance Company Defendants as a result of their wrongful conduct, in addition to declaratory relief by the Court that:

a.     The efficient proximate cause of the losses suffered by the Policyholders on August 29, 2005 was "windstorm," a covered peril under all of the insurance policies purchased by the Policyholders, thereby rendering any subsequent impact from water irrelevant to coverage afforded by the insurance

1

policies;

b.   The second efficient proximate cause of Policyholders' losses was "storm surge," a known meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policies;

c.   The damage caused by water entering the Parishes of Jefferson, Orleans, Plaquemines, St. Bernard and St. Tammany, State of Louisiana, neither falls within the regular definition of "flood," nor within any of the subject insurance policies' exclusions of "flood;"

d.   The Policyholders have suffered total losses to their property which are covered under their respective All Risk Policies sold by the Insurance Company Defendants;

e.   The Policyholders suffered a "covered loss of, or damage to" the covered property; and

f.   Because the Insurance Company Defendants placed valuations on the Policyholders' properties and used such valuation for purposes of determining premiums to be charged

2

for each policy, under Louisiana's Valued Policy Law, La. Rev. Stat. Ann. §22:695, et seq., Policyholders are entitled to recover the full value placed on their properties by the Insurance Company Defendants without deduction or offset.

## II. PARTIES

3.      Representative Policyholder Genevieve Williams purchased a homeowners insurance policy from State Farm Fire and Casualty Company.

4.      Representative Policyholders Rosetta Irons and Eric Irons purchased a homeowners insurance policy from Allstate Indemnity Company.

5.      Representative Policyholders Ella Foster and Howard Foster, Jr. purchased a homeowners insurance policy from Louisiana Citizens Property Insurance Corporation.

6.      Defendant State Farm Fire and Casualty Company ("State Farm") is a foreign insurer domiciled in the State of Illinois and doing business in the State of Louisiana with a market share of approximately 33.34% of Louisiana homeowner's insurance policies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

7.      Defendant Allstate Indemnity Company ("Allstate Indemnity") is a foreign insurer domiciled in the State of Illinois and doing business in the State of Louisiana with a market share of approximately 8.07% of Louisiana homeowner's insurance policies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

8.      Defendant Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens") is an insurer domiciled in the State of Louisiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

## III. JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction based upon 28 U.S.C. § 1332(d) because the proposed class of Policyholders contains more than 100 members, the aggregate amount in controversy exceeds five million dollars and at least one member of the Policyholders' class is diverse from at least one of the Insurance Company Defendants.

10.     This Court has personal jurisdiction over the Insurance Company Defendants because the Insurance Company Defendants are or were transacting business in this District within the relevant time periods by way of selling insurance policies to the Policyholders, who are also located in this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and the Insurance Company Defendants regularly transact business in this District.

## IV. FACTUAL BACKGROUND

### Appropriateness of Class Action

12.     Representative Policyholders meet the prerequisites to bring this action on behalf of the class because:

> (a)    As a result of this unprecedented catastrophic event up to 160,000 homes are estimated to be unusable and the exact number and identities of the class of Policyholders are unknown at this time, and can only be ascertained through appropriate investigation. Representative Policyholders are

4

of information and belief that the class of Policyholders clearly consists of tens or perhaps hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.   The class is so numerous that joinder of all members as individual plaintiffs is impracticable;

(b)   There are common questions of law and fact common not only to all class members but will be applicable to all Insurance Company Defendants and all homeowners insurance companies in the New Orleans area including the issues of law and fact that form the basis for the declaratory and other relief sought by Representative Policyholders;

Among the questions of law and fact common to the class are:

  i.   whether the fire (homeowner's) insurance policies issued by Insurance Company Defendants to Representative Policyholders are subject to La. R.S. 22:695, Louisiana's "Valued Policy Law" (VPL), which provides in part:

> *"Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefore, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured."*

 ii.   whether defendant placed a valuation on the Representative Policyholders covered property and used such valuation for purposes of determining the premium charges to be made under the policy;

iii.   whether Representative Policyholders suffered a "covered loss of, or damage to" the covered property pursuant to La. R.S. 22:695(A);

iv. whether the immovable property owned by Representative Policyholders has been rendered a "total loss" by Hurricane Katrina; and

v. whether Representative Policyholders are entitled, under La. R.S. 22:695(A), to recover the full value stated on the face of their policies.

(c)    Representative Policyholders' claims are typical of the claims of the class insofar as they are all seeking declaratory and other relief and damages from the Insurance Company Defendants for their bad faith conduct and wrongful refusal to pay Policyholders' insurance claims; and

(d)    Representative Policyholders will fairly and adequately represent the interests of the class. The class representatives herein are represented by skilled attorneys who are experienced in the handling of class action and large-scale insurance litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class.

13.    The Policyholders' Class, for purposes of relief sought by this action, is defined as all owners in the Parishes of Jefferson, Orleans, Plaquemines, St. Bernard and St. Tammany, State of Louisiana, who own immovable property with improvements, principally houses or related residential structures, as well as personal property located there, which was destroyed or damaged by winds generated by Hurricane Katrina resulting in total loss and not fully reimbursed by their insurance companies, but excluding members of the judiciary, their administrative staff and any other personnel who may cause a member of the Louisiana judiciary to be unable to preside over this action.

6

## *Policyholders' Purchase Of The Policies*

14.     Policyholders are owners of immovable property with improvements, principally houses or related residential structures, as well as personal property located there, with such property being located in the New Orleans Metropolitan Area.

15.     Each Policyholder purchased a homeowner's insurance policy (the "All Risk Policy" or "All Risk Policies") from one of the Insurance Company Defendants.

16.     Plaintiffs purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and "storm surge" proximately caused by hurricane wind.

17.     For the purpose of obtaining such hurricane coverage, some policyholders had to agree to pay a "hurricane deductible," in addition to any other applicable deductibles.

18.     Policyholders purchased their respective All Risk Policies either directly from State Farm, Allstate Indemnity or Louisiana Citizens, each of whom sells its policies directly to policyholders, or from agents authorized by the Insurance Company Defendants to sell insurance as agents on their behalf.

19.     Plaintiffs trusted and relied upon the Insurance Company Defendants' representations, or representations made on their behalf by their authorized agents, that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their respective Insurance Policies would cover any and all hurricane damage.

20.     *The amount of insurance varied for each Policyholder based on* the estimated cost of replacing the home, an amount estimated by the Insurance Company Defendants or an agent authorized by them to determine the replacement cost of each individual home.

21.     At all times relevant hereto, Policyholders made timely payment of the premiums due on their respective All Risk Policies.

### Hurricane Katrina Damages Policyholders' Property

22.     At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Buras, Louisiana as a Category 3 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the city of New Orleans at approximately 9:00 a.m.

23.     Policyholders' property sustained loss or damage from Hurricane Katrina, a category 3 storm, which is a covered peril under the policy issued by defendant.

24.     As a result of Hurricane Katrina, Policyholders' sustained substantial damage to their homes, rendering them a total loss.

### COUNT I – DECLARATORY JUDGMENT
### v. All Insurance Company Defendants

25.     Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

26.     An actual controversy exists between Policyholders and the Insurance Company Defendants concerning the Insurance Company Defendants' duty to indemnify Policyholders for their losses.

8

27. Consequently, under the circumstances, it is necessary and appropriate for the Court to declare Policyholders' and Insurance Company Defendants' rights and duties under the Policies pursuant to 28 U.S.C. § 2201.

28. The losses suffered by Policyholders as a result of Hurricane Katrina are covered losses under their respective All Risk Policies.

29. Policyholders have given timely notification to the Insurance Company Defendants and made timely demands in writing that the Insurance Company Defendants cover Policyholders' losses.

30. The Insurance Company Defendants are obligated by the terms and conditions of their All Risk Policies to indemnify Policyholders for their losses.

31. The Insurance Company Defendants have refused to indemnify Policyholders for their losses and have denied coverage for the losses.

32. Thus, Policyholders are entitled to a declaratory judgment that the damages they suffered are covered losses under the All Risk Policies.   Upon information and belief, the Insurance Company Defendants' actions, inaction and policies are representative of other unnamed insurance companies' actions, inaction and policies providing and failing to recognize coverage in the class' geographic area.

33. Specifically, the Policyholders' losses were caused by covered perils, the efficient causes of their losses were covered perils and the efficient and proximate causes of loss were covered perils.

34. Policyholders suffered a "covered loss of, or damage to" the covered property.

35. Further, that Policyholders suffered total losses to their property.

36. The Insurance Company Defendants placed valuations on the Policyholders' properties and used such valuation for purposes of determining premiums to be charged under the policy, and, as such, under Louisiana's Valued Policy Law, Policyholders are entitled to recover the full value placed on their properties by the Insurance Company Defendants without deduction or offset.

37. Finally, Policyholders should not be deprived of the coverage of the All Risk Policies where the Insurance Company Defendants have drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rule that exclusions must be clearly and explicitly drafted. If so intended, and in contrast to other insurance policies available in the market, Insurance Company Defendants should have specifically excluded hurricane damage and/or the failure of levees as the most probable perils for the New Orleans Metropolitan Area.   Instead, Insurance Company Defendants decided to sell the same comprehensive All-Risk Homeowners Insurance Policies that they sell in the "high and dry" plains throughout the United States.

38. While the Insurance Company Defendants may continue to make investment income during the course of any protracted legal proceedings, Policyholders, on the other hand, have little recourse but to sit idly by awaiting a decision, all the while being unable to begin reconstruction or renovation of their homes until they have the money to pay contractors.

39. As a result, without resolution of this issue by declaratory judgment, Policyholders, in most instances, will be unable to remedy the damages they fully expected were covered by their All Risk Policies.

WHEREFORE, Policyholders respectfully request that this Court enter a declaratory judgment in their favor and against the Insurance Company Defendants as to Count I, ordering and decreeing that:

(i)    The efficient proximate cause of the losses suffered by the Policyholders on August 29, 2005 was "windstorm," a covered peril under all of the insurance policies purchased by the Policyholders, thereby rendering any subsequent impact from water irrelevant to coverage afforded by the insurance policies;

(ii)   The second efficient proximate cause of Policyholders' losses was "storm surge," a know meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policies;

(iii)  The damage caused by water entering the Parishes of Jefferson, Orleans, Plaquemines, St. Bernard and St. Tammany, State of Louisiana, neither falls within the regular definition of "flood," nor within any of the subject insurance policies' exclusions of "flood;"

(iv)   The Policyholders have suffered total losses to their property which are covered under their respective All Risk Policies sold by the Insurance Company Defendants;

11

(v)     The Policyholders suffered a "covered loss of, or damage to" the covered property; and

(vi)    Because the Insurance Company Defendants placed valuations on the Policyholders' properties and used such valuation for purposes of determining premiums to be charged under the policy, under Louisiana's Valued Policy Law, La. Rev. Stat. Ann. §22:695, et seq., Policyholders are entitled to recover the full value placed on their properties by the Insurance Company Defendants without deduction or offset.

### COUNT II — BREACH OF LA. REV. STAT. ANN. § 22:695
### v. All Insurance Company Defendants

40.    Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

41.    Louisiana is a "valued policy" state, requiring that if an "insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset." La. Rev. Stat. Ann. § 22:695.

42.    The Insurance Company Defendants placed a value on the respective Policyholders' property and used such valuation for purposes of determining the premium charge under their respective All Risk Policies.

43.     Policyholders have suffered total losses to their property which are covered under their respective All Risk Policies.

44.     Policyholders suffered a "covered loss of, or damage to" the covered property.

45.     The Insurance Company Defendants have failed to indemnify or compensate Policyholders for their "covered loss of, or damage to" the covered property in an amount equal to the values used for determining the individual policy premiums.

46.     Instead, the Insurance Company Defendants have failed to pay anything to Policyholder or paid an amount lower than the valuation assessed to the properties for purposes of determining premiums.

47.     As a result, the Insurance Company Defendants have breached La. Rev. Stat. Ann. §22:695 entitling Policyholders to damages equal to the full value placed on the Policyholders' property by the Insurance Company Defendants with no offset or deductions.

WHEREFORE, Policyholders demand judgment against the Insurance Company Defendants for all amounts due under the Policies, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

48.   Policyholders are entitled to and pray for trial by jury on all Counts
in this Complaint.

Respectfully Submitted,

Ranier, Gayle & Elliot, L.L.C.

Drew Ranier, Esq. (T.A.)
LA Bar Roll. No. 8320
Frank Elliot, Esq.
LA Bar Roll. No. 23054
1419 Ryan Street
P.O. Box 1890
Lake Charles, Louisiana 70602-1890

AND

McKernan Law Firm
Joseph J. McKernan
LA Bar Roll. No. 10027
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: 225-926-1234
Fax: 225-926-1202

AND

Anderson Kill & Olick, P.C.
John N. Ellison, Esq.
Darin McMullen, Esq.
1600 Market Street
Suite 2500
Philadelphia, PA  19103
Telephone: 215-568-4202
Facsimile:  215-568-4375

AND
Larry D. Dyess, APLC
LA Bar Roll. No. 19555
4637 Jamestown Avenue, Suite C
Baton Rouge, Louisiana  70808
(225) 928-0019 office
(225) 924-0141 fax
Attorneys for Policyholders

## CERTIFICATE OF SERVICE

I, N. Frank Elliot III, an attorney of record in this case, hereby certify that on June 2, 2006, a copy of the foregoing Complaint was served on all parties by mailing it postage prepaid, properly addressed.

**34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

NO.      **1 0 7  6 5 4** DIVISION:



**EVA MAYNARD**
individually and on behalf of a class of similarly-situated

**Versus**

**THE ST. PAUL TRAVELERS COMPANIES, INC.**

AUG 2 9 2006

Filed: _____

**Deputy Clerk**

**PETITION FOR DAMAGES**

[Class Action]

The Petition of Eva Maynard, a person the full age of majority, domiciled and residing in the

Parish of St. Bernard, State of Louisiana, individually and on behalf of a class of others similarly-

situated, respectfully represents as follows:

**Introduction**

**I.**

This is a class action brought on behalf of Travelers policyholders who lost personal property

during Hurricane Katrina. Like other carriers, the Travelers standard Homeowners (including

renters) Policy excludes coverage for damage to Dwellings (Coverage A) and Other Structures

(Coverage B) caused by the negligence or fault of third parties. However, unlike other carriers, the

standard Travelers Homeowners Policy exclusion relating to third-party fault does not apply to

Personal Property (Coverage C) or Loss of Use (Coverage D). At the same time, the Travelers

standard Homeowners (including renters) Policy's exclusion relating to flood or water damage is

limited to water damage occurring from natural sources, and does *not* extend to flooding or other

water damage "caused by or resulting from human forces." Consequently, any and all damage to

Personal Property as a result of the fault or negligence of the Corps of Engineers or other third party

is covered under the standard Travelers Policy. This class action seeks a declaration: (i) interpreting

the standard policy and/or other substantially similar policies as stated, and (ii) regarding the

negligence or fault of the Corps of Engineers and/or other third parties associated with the flooding

and other water damage following Hurricane Katrina.



EXHIBIT A

**The Parties**

II.

Eva Maynard, a person the full age of majority, domiciled and residing in the Parish of St.

Bernard, State of Louisiana, brings this action for declaratory and other associated relief, pursuant

to Louisiana Code of Civil Procedure Articles 591, *et seq.*, on behalf of a class of all similarly situated

persons, (herein collectively referred to as "Plaintiffs"), initially defined as "All Louisiana residents

who were covered for damage or loss to personal property under one or more policies of insurance

issued by Travelers (including all parents, sisters, subsidiaries, or affiliated insurance companies) in

effect on August 29, 2005":

(A)   The number of these persons is unknown at present but reasonably believed to exceed
        500 persons; the joinder of this number of parties as plaintiffs in one proceeding
        would be impracticable;

(B)   There exist questions of law and fact which are common to all members of the class,
        including, but not limited to:

1.   Whether Travelers' Homeowners Policies provide coverage for loss
     or damage to personal property as a result of flooding or other water
     damage caused by the negligence or fault of third parties; and/or,

2.   Whether the flooding and/or other water damage arising in the wake
     of Hurricane Katrina was the result of the fault or negligence of the
     U.S. Army Corps of Engineers and/or other third-parties.

(C)   The claims of Eva Maynard are typical of the claims of the class;

(D)   Eva Maynard will fairly and adequately advance and protect the interests of the class;
        Eva Maynard is committed to the vigorous prosecution of this action, and has retained
        competent counsel, who are experienced in complex litigation of this nature;

(E)   The class may be defined objectively in terms of ascertainable criteria, such that the
        court may determine the constituency of the class for the purposes of the
        conclusiveness of any judgment that may be rendered; it is believed and alleged, in
        fact, that the defendant has, within its possession or control, a list of each and every
        class member, who can therefore be ascertained by the Court, and notified by first
        class mail; and,

(F)   The Defendant has acted and/or refused to act on grounds generally applicable to the
        class, thereby making appropriate declaratory relief with respect to the class as a
        whole.

III.

Made Defendant herein is **St. Paul Travelers Companies, Inc.**, (hereinafter "Travelers"),

a foreign insurance company, who, directly and/or through one or more subsidiaries, sisters, and/or

other affiliated insurance companies, was, at all pertinent times, licensed to be engaged and actually engaged in the business of insurance within the State of Louisiana.

## Factual Background

### IV.

Plaintiff, at the time of Hurricane Katrina, was covered under a standard Travelers Homeowners Policy.

### V.

The Policy includes coverage (identified as "Coverage C") for Personal Property owned or used by the insured.

### VI.

There is *no* exclusion relating to this coverage for the negligence or fault of third parties.

### VII.

The exclusion relating to Water Damage refers to: "Flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind."

### VIII.

In or around 2000, ISO issued an "HO 2000" Homeowners Form for Louisiana which recommended that the Water Damage Exclusion be expanded to encompass "caused by or resulting from human or animal forces or any act of nature" because the language found in the Travelers Policy had been interpreted to exclude only water damage occurring from natural sources.

### IX.

Travelers, however, made the decision not to expand its Water Damage Exclusion in such way.

## Liability

### X.

To the extent the Travelers Policies and the exclusions contained within are ambiguous, the ambiguities must be construed strictly against Travelers and broadly in favor of coverage to Plaintiffs.

XI.

The massive flooding and other water damage arising in the wake of breaches of the 17th Street Canal Levee, the New London Canal Levee, and the Levees along the Industrial Canal, were not "natural", but were the result of the fault and negligence of the U.S. Army Corps of Engineers and/or other third parties working under the Corps direction and/or supervision, including, but not limited to:

        A.      Negligent planning and design of the MRGO;

        B.      Negligent design of the levees;

        C.      Negligent construction of the levees;

        D.      Negligent inspection, maintenance and repair of the levees.

XII.

Travelers erroneously denied coverage for all class members based upon the aforementioned misreading of the policies.

XIII.

Travelers' denial of coverage was uniform and implemented on a policy-level.

XIV.

Travelers' uniform denial of coverage constitutes bad faith under LA. REV. STAT. § 22:1220, LA. CIV. CODE art. 1997, LA. REV. STAT. § 22:658, and Louisiana law.

**Relief**

XV.

Plaintiffs are therefore entitled to a declaration that the Travelers Policies provide coverage to Plaintiffs for Personal Property damaged by man-made flooding and other water damage caused by the negligence or fault of the U.S. Army Corps of Engineers and/or other third parties.

XVI.

Plaintiffs are further entitled to additional associated general and/or equitable relief, penalties, and attorneys' fees.

WHEREFORE Plaintiff respectfully prays that this Petition be deemed good an sufficient, and that, after due proceedings be had, a class be certified in accordance with Louisiana Code of Civil Procedure Article 591, *et seq.*, and that, after further proceedings be had, there be judgment herein, in favor of the plaintiff class, and against Defendant, The St. Paul Travelers Companies, Inc., for a declaration as to coverage under the Travelers policies and for any and all associated appropriate general and/or equitable relief, penalties, and attorneys' fees.

Respectfully submitted,

M.H. "MIKEY" GERTLER, Bar No. 6036
LOUIS L. "LEE" PLOTKIN, Bar No. 21821
LOUIS L. GERTLER, Bar No. 23091
GERTLER GERTLER VINCENT & PLOTKIN, LLP
127-129 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Fax No. (504) 581-6568

RUSS M. HERMAN, Bar No. 6819
STEPHEN J. HERMAN, Bar No. 23129
BRIAN D. KATZ, Bar No. 24137
SOREN E. GISLESON, Bar No. 26302
JOSEPH "JED" CAIN, Bar No. 29785
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
*Temporary Address (due to Katrina):*
201 St. Charles Ave., Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

A TRUE COPY
Lena R. Torres
CLERK OF COURT

AUG 29 2006

By _____
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

/S/ALICE PERNICIARO

Page 5