UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GRACIELA NILES | * | CIVIL ACTION NO.: 07-4894 |
| | * | |
| | * | |
| | * | JUDGE: STANWOOD R. DUVAL, JR. |
| versus | * | |
| | * | |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | MAG. JUDGE: JOSEPH C. WILKINSON, JR. |

DEFENDANT ALLSTATE INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT comes the Defendant Allstate Insurance Company, (hereinafter "Allstate") a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA"), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the federal treasury,[3] and files the following as its Answer and Affirmative Defenses to the Plaintiff's Complaint.

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] 42 U.S.C. §4017(d)(1); *Van Holt v. Fidelity Fire Ins. Co.*, 163 F.3d 161 (3rd Cir. 1998).

1. The allegations contained in paragraph I of the Plaintiff's Complaint are admitted.

2. The allegations contained in paragraph III of the Plaintiff's Complaint, excluding reference to federal common law, are admitted.

3. The allegations contained in paragraph IV of the Plaintiff's Complaint are admitted.

4. The allegations contained in paragraph V of the Plaintiff's Complaint are admitted.

5. The allegations contained in paragraph VII of the Plaintiff's Complaint are admitted.

6. The allegations contained in paragraph VIII of the Plaintiff's Complaint are denied as written. Defendant admits the Plaintiff's property was damaged by Hurricane Katrina, all other allegations are denied.

7. The allegations contained in paragraph IX of the Plaintiff's Complaint are admitted.

8. The allegations contained in paragraph X of the Plaintiff's Complaint are denied as written.

9. The allegations contained in paragraph XII of the Plaintiff's Complaint are denied as written.

10. The allegations contained in paragraph XIII of the Plaintiff's Complaint are denied for lack of information to form a belief therein.

11. The allegations contained in paragraph XIV of the Plaintiff's Complaint are denied.

12. The allegations contained in paragraph XV of the Plaintiff's Complaint are denied.

13. The allegations contained in paragraph XVI of the Plaintiff's Complaint are denied.

14. The allegations contained in paragraph XVII of the Plaintiff's Complaint are denied as a matter of law.

15. The allegations contained in paragraph XVIII of the Plaintiff's Complaint are denied as a matter of law.

16. The allegations contained in paragraph XIX of the Plaintiff's Complaint are denied as a matter of law.

17. The allegations contained in paragraph XX of the Plaintiff's Complaint are admitted

18. The allegations contained in paragraph XXI are denied for lack of information to form a belief therein.

19. The allegations contained in paragraph XXII are denied for lack of information to form a belief therein.

20. The allegations contained in paragraph XXIII are denied as a matter of law.

21. The allegations contained in the un-numbered paragraph, following paragraph XXIII, praying for relief require no answer by Defendant Allstate. However, in an abundance of caution and to the extent required, all allegations are denied.

## AFFIRMATIVE DEFENSES

AND NOW IN FURTHER ANSWER, comes Defendant, Allstate Insurance Company, to assert to following Affirmative Defenses, to wit:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim for which this Honorable Court may grant relief.

### SECOND DEFENSE

All state law based extra-contractual claims are preempted and barred by federal statutory, regulatory and constitutional law. See also Article IX of the SFIP. Further because claims payments

pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for legal interest are barred by the "no interest rule," which prohibits such an award as a direct charge on the U.S. Treasury.

### THIRD DEFENSE

The Standard Flood Insurance Policy is a single risk policy that insures against "direct physical loss by or from flood" and then only to the terms and extent permitted by the SFIP and the controlling federal laws, rules and regulations. Any damage not caused <u>directly</u> by or from flood are not afforded coverage under the SFIP.

### FOURTH DEFENSE

In an abundance of caution, Defendant pleads as an affirmative defense the limitations set forth in the Standard Flood Insurance Policy in Article III, Coverages A, B, and C – and all sub-parts thereto, as affirmative defenses.

### FIFTH DEFENSE

No supplemental claims are allowed in the NFIP.

### SIXTH DEFENSE

Defendant pleads as an affirmative defense Article II, Definitions, of the SFIP.

### SEVENTH DEFENSE

In an abundance of caution, Defendant pleads as an affirmative defense Articles IV and V of the SFIP, and all sub-parts thereto, as affirmative defenses.

### EIGHTH DEFENSE

The SFIP in question in this lawsuit was written by the U.S. Government (not this Defendant), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Part 61, App.

A(1) (2003 edition). As the federal government is the ultimate underwriter of the NFIP, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of the Plaintiff's allegations premised upon state law provisions are completely preempted, unfounded and inapplicable.

## NINTH DEFENSE

The question of whether the Plaintiff is entitled to anything, and if so how much, is strictly governed by the SFIP's declarations page, and all of the SFIP's terms and conditions as set forth at 44 C.F.R. Part 61, Appendix A(1) (2004 edition), together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

## TENTH DEFENSE

All persons are charged with knowledge of the published federal laws, rules and regulations.

## ELEVENTH DEFENSE

No part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by the WYO Carrier. The only person who may make such a waiver is the Federal Insurance Administrator, it must be made in writing. No evidence of any such waiver specific to Plaintiff such that any additional amounts could be paid to them has been presented. See Article VII(D) of the SFIP; and 44 C.F.R. §61.13(d).

## TWELFTH DEFENSE

In an abundance of caution, Defendant pleads as an affirmative defense Article VII(V) - Loss Settlement, and all subparts thereto, as an affirmative defense. This section determines what type of payment (if any) the Plaintiff is entitled to receive (*e.g.* - an Actual Cash Value payment; a Replacement Cost Value payment, or some other form).

**THIRTEENTH DEFENSE**

Representations regarding the extent and scope of coverage that are inconsistent the terms of the Standard Flood Insurance Policy are void as a matter of federal law. See 44 C.F.R. §61.5(e).

**FOURTEENTH DEFENSE**

Defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Defendant's logo. Defendant agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency. Defendant does not have the authority to change, alter or interpret the underwriting or claims guidelines of the National Flood Insurance Program. FEMA and the Federal Insurance Administration are the sole authorities.

**FIFTEENTH DEFENSE**

As all claims under the Standard Flood Insurance Policy are paid with U.S. Treasury funds, all payments must be in conformity with the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. See 42 U.S.C. § 4071(a)(1). The separation of powers doctrine prohibits the payment of a claim in a manner not sanctioned by law.

**SIXTEENTH DEFENSE**

Allstate cannot be found liable for obeying the dictates of federal law.

**SEVENTEENTH DEFENSE**

Allstate asserts Article VII(J)(4) of the SFIP, "Requirements in Case of Loss" as an affirmative defense.

6

WHEREFORE THE DEFENDANT, Allstate Insurance Company, prays that this Answer and Affirmative Defenses be found good, and all claims of the Plaintiff will be dismissed with prejudice, and that all costs and expenses will be taxed to the Plaintiffs.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.


/s/Michael D. Breinin
MICHAEL D. BREININ, La. S.B. 24315
JOHN D. CARTER, La. S.B. 24334
GERALD J. NIELSEN, La. S.B. 17078
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: mbreinin@nielsenlawfirm.com and
gjnielsen@aol.com
Counsel for Defendant:
ALLSTATE INSURANCE COMPANY


**CERTIFICATE OF SERVICE**

hereby certify that on November 7, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

John W. Redmann
Attorney for the Plaintiffs

I further certify that I mailed the foregoing document and the notice of electronic filing by facsimile and first-class mail to the following non-CM/ECF participants:

_____ N/A

/S/ Michael D. Breinin
MICHAEL D. BREININ, La.S.B. #24315