UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6037, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289 | SECTION "K" (2) JUDGE DUVAL  MAGISTRATE WILKINSON |
| PERTAINS TO: LEVEE | |

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)

MAY IT PLEASE THE COURT:

### Introduction

Earlier this year, defendant, the Board of Commissioners of the Port of New Orleans (the "Dock Board") filed a Motion for Judgment on the Pleadings (Doc. 5522) seeking the dismissal of all claims asserted against it by Levee Plaintiffs in the Superseding Master Consolidated Complaint. The Dock Board's

motion was unopposed. On October 12, 2007, this Honorable Court entered an Order and Reasons (Doc. 8389)(attached as Exhibit A)(hereinafter "Order") granting the unopposed Motion for Judgment on the Pleadings. This Order held that the Levee Plaintiffs' claims against the Dock Board lacked merit because: (1) La. R.S. 9:2800(H) barred any claims against the Dock Board "for defalcations arising from the garde of any levee or flood gates;" Order at p. 2, and (2) the Dock Board had no duty with respect to the "maintenance of the levees involved." Order at p. 2-3. For the reasons set forth more fully below, the Dock Board now respectfully moves this Honorable Court to certify this Order as a final judgment under Fed. R. Civ. P. 54(b) (hereinafter "Rule 54(b)").

1. **In multi-claim or multi-party actions, Rule 54(b) authorizes a District Court, prior to the conclusion of the entire litigation, to enter a final judgment with regard to fewer than all of the claims or all of the parties.**

In general, an order that resolves one or more, but fewer than all of the claims in a multi-party, multi-claim action is not a final judgment, but rather is interlocutory and not subject to appeal until all of the claims against all of the parties have been adjudicated. See, Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985). Because such orders are interlocutory, they are subject to revision at any time prior to the conclusion of the litigation. The fundamental rationale underlying this general rule that appeals are not available until all of the claims in an action have been adjudicated is the prevention of piecemeal appellate review except under limited circumstances. See, Road Sprinkler Fitters Local Union v. Continental Sprinkler Company, 967 F.2d 145, 148 (5th Cir. 1992). Rule 54(b) provides one such limited circumstance when interlocutory

2

orders may be certified as final judgments prior to the conclusion of the entire litigation:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

See, Fed.R.Civ.P. 54(b). As summarized by the U.S. Fifth Circuit:

> In an action that entails more than one claim for relief, a district court may direct the entry of a final judgment as to fewer than all of the claims or parties in a case only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

See, Continental Sprinkler Company, 967 F.2d at 148.

Civil Procedure commentators have stated that the basic purpose of Rule 54(b) is "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." See, Wright & Miller, 10 Fed. Prac. & Proc. Civ. 3d § 2654. The U.S. Supreme Court has also spoken to the need for Rule 54(b):

> The liberalization of our practice to allow more issues and parties to be joined in one action and to expand the privilege of intervention by those not originally parties has increased the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had.

See, Dickinson v. Petroleum Conversion Corporation, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950). Finally, "Rule 54(b) assigns to the district court the duty to weigh the inconvenience and costs of piecemeal review on the

one hand and the danger of denying justice by delay on the other." See, Continental Sprinkler Company, 967 F.2d at 148.

2. **For Rule 54(b) to apply, multiple claims or multiple parties must be present, at least one claim or the rights and liabilities of at least one party must be finally adjudicated, and there must be a finding that "there is no just reason for delay."**

Keeping in mind the foregoing basic principles, under federal law, the first prerequisite for the application of Rule 54(b) is that "multiple claims or multiple parties must be present." See, Bowne of New York City, Inc. v. AmBase Corporation, 161 F.R.D. 270, 271 (S.D.N.Y. 1995). In our action this requirement is easily met as the Levee Plaintiffs have brought numerous claims against multiple defendants, including the Dock Board.

Next, "at least one claim or the rights and liabilities of at least one party must be finally decided within the meaning of 28 U.S.C. § 1291." See, Bowne of New York City, Inc., 161 F.R.D. at 271-72. According to the U.S. Supreme Court:

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action.

See, Curtiss-Wright Corp. v. General Electric Company, 446 U.S. 1, 7-8, 100 S.Ct. 1460, 1464-65, 64 L.Ed.2d 1 (1980). Here, the rights and liabilities of the Dock Board were finally decided when this Court determined that the Levee Plaintiffs' claims against the Dock Board necessarily failed as a matter of law and granted the Dock Board's Motion for Judgment on the Pleadings effectively dismissing the Levee Plaintiffs' entire action against the Dock Board.

4

Lastly, once it is shown that multiple claims or multiple parties are involved, and that the rights and liabilities of at least one party has been finally decided, for a judgment to become a final judgment under Rule 54(b), the Court must make an express determination that there is no just reason for delay and direct that a final judgment be entered. This judicial determination that 'there is no just reason for delay' is left to the District Court's "exercise of its discretion in the interest of sound judicial administration." See, Sears, Roebuck and Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900 (1956); see also, Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466 (1980)("[T]he standard against which a district court's exercise of discretion is to be judged is the interest of sound judicial administration."). Accordingly, a District Court's finding that there is no just reason for delay, and that the requirements of Rule 54(b) are met, is "given substantial deference" by appellate courts. See, Curtiss-Wright Company Corporation, 446 U.S. at 11, 100 S.Ct. at 1466.

3. **A finding that "there is no just reason for delay" in our action should not result in a piecemeal appeal since the Dock Board's Motion for Judgment on the Pleadings was unopposed. Also, delaying the entry of a final judgment until the end of the litigation will preclude the Dock Board from timely using the Order as persuasive authority or as res judicata to defeat other similar non-meritorious Hurricane Katrina actions filed against the Dock Board.**

In determining whether 'there is no just reason for delay,' "the district court may properly consider all of the consequences of a final judgment or the lack thereof and balance the competing interests of the parties in the context of the particular case." See, Bank of Lincolnwood v. Federal Leasing, Inc., 622 F.2d 944, 949 n. 7 (7th Cir. 1980). In other words, "a district court must take into

5

account judicial administrative interests as well as the equities involved." See, Curtiss-Wright Company Corporation, 446 U.S. at 8, 100 S.Ct. at 1465.

Applying the foregoing law to our action, the entry of a final judgment in the Dock Board's favor should not result in unnecessary or piecemeal appellate review because there was no opposition to the Dock Board's Motion for Judgment on the Pleadings. Moreover, the entry of a final judgment will promote the interests of judicial economy and inure to the Dock Board's benefit in other ways.

Historically, prior to the enactment of Rule 54(b), one situation in which courts authorized appeals on certain orders prior to the completion of the entire litigation was when "a party to the completed portion of the litigation has no interest in the rest of the proceedings and to make him await their outcome would merely cause unfairness." See, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 442, 76 S.Ct. 895, 903 (1956)(Frankfurter, J., concurring). In our action, with the dismissal of the Levee Plaintiffs' claims, the Dock Board has no interest in the remaining portions of the Levee Class litigation. The entry of a final judgment will provide the Dock Board with finality on the dismissed claims without having to wait until the trial of the entire matter is concluded sometime in early 2009.

Also, because "[a] judicial determination has no res judicata effect until it is embodied in a final judgment," see, Bank of Lincolnwood, 622 F.2d at 949 n. 7, delaying the entry of a final judgment until 2009 will unduly prejudice the Dock Board to the extent that this Order may be used to defeat, on a theory of res judicata or as persuasive authority to otherwise defeat, other similar non-

6

meritorious class and non-class action Hurricane Katrina claims currently pending against the Dock Board in state and federal court. For these reasons, the Dock Board respectfully requests that this Honorable Court find that "there is no just reason for delay" and direct the entry of a final judgment in favor of the Dock Board under Rule 54(b).

## Conclusion

As set forth above, the basic prerequisites for certifying the Court's Order as a final judgment under Rule 54(b) are met. The Levee Class Action includes multiple claims against multiple parties, the rights and liabilities of at least one party— the Dock Board— has been fully adjudicated, and the basic equities weigh in favor of a finding that there is no just reason for delay. Given the foregoing, the Dock Board respectfully requests that this Honorable Court grant its motion, make an express determination that "there is no just reason for delay," and enter a final judgment under Fed.R.Civ.P. 54(b) dismissing the Levee Plaintiffs' claims against the Dock Board, with prejudice, each party to bear their own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY:   /s/ Kirk N. Aurandt
     J. FREDRICK KESSENICH (7354)
     JONATHAN H. SANDOZ (23928)
     MICHAEL W. MCMAHON (23987)
     JON A. VAN STEENIS (27122)
     KIRK N. AURANDT (25336)
     P. O. Box 5350
     Covington, Louisiana 70434-5350
     Telephone: 985/871-0800
     Facsimile: 985/871-0899
     Attorneys for Defendant, The Board of
     Commissioners of the Port of New
     Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 7th day of November, 2007.

          /s/ Kirk N. Aurandt
          KIRK N. AURANDT