UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:  LEVEE/MRGO<br>           Class Certification Hearing | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is MRGO and LEVEE PSLCS' Joint Motion to Modify Case Management and Scheduling Order No. 4, as Amended, to Defer Class Action Certification Proceedings.  The Certification Hearings were set to commence on November 3, 2007; however, this motion was filed on October 23, 2007.   Having reviewed the memoranda filed in connection with this motion, the Court determined that a continuance was in order and  by e-mail informed counsel on October 27, 2007 of that decision.  By this order, the Court now officially grants this motion and memorializes its reasons therefor.

Section 21.133 of *The Manual for Complex Litigation* (4th Ed.) at p. 300 discusses the timing of the certification decision in complex cases.  Clearly, Fed. R. Civ. P. 23(c)(1) directs the Court to determine "at an early, practicable time" whether to certify an action as a class action.  The *Manual* acknowledges that appropriate timing varies with the circumstances of the case.  According to the *Manual*, most courts agree that Rule 23(c)(1)(A) reflects that pre-certification rulings on threshold dispositive motions are proper.  Pre-certification rulings frequently dispose of all or part of the litigation.

Keeping in mind that the United States is the primary defendant in both of the classes (Levee and MRGO) and that the Washington Group International is a significant defendant in

the MRGO class, it is the opinion of the Court that the threshold motions involving these defendants must be decided before a cogent decision can be made as to class certification.

The Court presently has under submission a Motion to Dismiss filed by Washington Group International ("WGI") (Doc. 4140); moreover, in the event that motion is denied, most certainly WGI will file a motion pursuant to Rule 56.  In addition the Court has under submission a Motion to Dismiss premised on § 702c immunity under the Flood Control Act 1928. (Doc. 6380).  Additionally, a hearing is scheduled in March in order for the Court to determine whether the Government is immune under § 702c in the MRGO action.

The Court has determined that the best use of its resources is to address and decide these dispositive motions which could have a significant affect on class certification prior to taking up the issue of certification.  Moreover, there is a fundamental issue which has been raised by the United States as to whether it is amendable to a class action in the context of a Federal Torts Claim action.  In the event that the Government is not dismissed as a result of the motions previously described herein, the Court must address the issue as to the appropriateness of a class action as to the United States prior to expending the time and expense of a  hearing for class certification.

Therefore, in the event the Court does not dismiss the Government in both Levee and MRGO class actions,  it will order the Government to file independently of the Motions to Certify, a Motion to Strike the Class Action Allegations against it on the basis that is not amenable to such under the Federal Torts Claim Act.  A specific schedule will be issued by the Court for this motion.  Upon a decision being reached thereon, the Court, if appropriate, will then re-schedule the Class Certification hearings.

This litigation is peculiarly vast and complex.  Although it is generally preferable to

address class certification at an earlier stage of the proceedings, it nonetheless should be decided at a time when the case has sufficiently coalesced. Because of the tremendous number of dispositive motions filed in these proceedings and the complex and significant nature of such motions, the Court has determined that it is the best interest in managing this litigation to schedule the Class Certification Hearing after these issues have been resolved.

The Court will promptly schedule the class certification hearings upon the resolution of these issues. Accordingly,

**IT IS ORDERED** MRGO and LEVEE PSLCS' Joint Motion to Modify Case Management and Scheduling Order No. 4, as Amended, to Defer Class Action Certification Proceedings (Doc. 8603) is **GRANTED** to the extent that the hearings on class certification of Levee and MRGO are **CONTINUED** until such time as the Court has rendered its decision on (1) 702c immunity of the Corps with respect to Levee and MRGO, (2) the Rule 12 and Rule 56 motions of the Washington Group International, and (3) a Motion to Strike the Class Action Allegations which will be ordered to be filed by the United States in the event it is not found to be immune from suit.

New Orleans, Louisiana, this  7th  day of November, 2007.

                                    _____
                                        STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT COURT JUDGE