UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION.: 05-4182 <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |
| PERTAINS TO:<br>INSURANCE    (06-8637)<br><br>BSD CONSTRUCTION, INC.<br>                    Plaintiff<br>VERSUS<br><br>STONE INSURANCE, INC.<br>and<br>ZURICH AMERICAN<br>INSURANCE COMPANY | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | |

**********************************************

### STONE INSURANCE, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Stone Insurance, Inc. ("Stone"), who files this Supplemental Memorandum in Support of its Motion for Summary Judgment as follows.

G:\DOCS\9000's\9800-9899\9842\supp.memo.msj.hns.doc

### 1. BSD's Claims Against Stone Are Perempted Under La. R.S. §9:5606(A).

In the corporate deposition of BSD Construction, Inc. ("BSD") given by Brett Davis, the owner of BSD, Davis acknowledged that he neglected to review the policy at issue in this case.[1] If Davis read the policy, he would have been alerted to the fact that the policy did not insure damages caused by flood waters. Knowledge of this lack of coverage started the running of the peremptive period as of August 10, 2001, when BSD received the policy. However, the Petition was not filed until August 24, 2006, well over three years after the August 10, 2001 delivery of the policy, and well beyond the three-year peremptive period. Therefore, BSD's claims by law are perempted.

### 2. Stone Did Not Breach Any Duty Owed To BSD.

At the corporate deposition of BSD, Davis admitted that he spoke with Stone yearly regarding his insurance needs for general liability and worker's compensation, but Davis also stated that he never had those discussions with Stone about his builder's risk policy.[2] The policy at issue in this case is the builder's risk policy. In addition, Davis could not recall a single conversation or time frame in which he specifically asked Stone to provide him with maximum insurance coverage.[3] Stone could not increase BSD's policy limits or procure additional coverages without a request from BSD, and BSD has not produced any evidence that suggests that it requested additional coverage. Thus, Stone should not be held liable for plaintiff's failure to request the coverages that it desired.

Moreover, Stone should not be held liable because the policy contained a water exclusion that did not provide coverage for damages caused by flood.[4] Plaintiff admittedly did not review

---

[1] See, p. 62-63 of Exhibit 4, excerpts from deposition of BSD Construction, Inc.
[2] See, p. 51 of Exhibit 4.
[3] See, p. 15-16 of Exhibit 4.
[4] See, p. 69-70 of Exhibit 4.

the policy to determine his coverage, and Stone, therefore, should not be held liable for plaintiff's failure to read his policy exclusions.

## CONCLUSION

Therefore, for the foregoing reasons, Stone respectfully requests that this Court grant its Motion for Summary Judgment and dismiss plaintiff's claims against it with prejudice and at its own cost.

**Respectfully submitted:**

**UNGARINO & ECKERT, LLC**

/s/ William H. Eckert
**WILLIAM H. ECKERT (#18591) (T.A.)**
**Suite 1280, Lakeway Two**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**Telephone:** *(504) 836-7556*
**Fax:**           (504) 836-7566
**Email:  beckert@ungarino-eckert.com**

---

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2007 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following: Lamar M. Richardson, and Jr., Richard E. King.

/s/ William H. Eckert
UNGARINO & ECKERT, LLC
3850 N. Causeway Blvd., Suite 1280
Metairie, LA 70002
Telephone: (504) 836-7537
Fax: (504) 836-7538
beckert@ungarino-eckert.com