**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
**A LAW CORPORATION**

Ralph S. Hubbard
Tel.: (504) 568-1990
Fax: (504) 310-9195

SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
**NEW ORLEANS, LOUISIANA  70130**

e-mail:
rhubbard@lawla.com

November 8, 2007

The Honorable Stanwood R. Duval, Jr.
United States District Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

      Re:     ***In re Katrina Canal Breaches Consolidated Litigation***, Civ. A. No. 05-4182
              Pertains to: ***Vanderbrook***, No. 05-6323

Dear Judge Duval:

      I write in response to Attorney Dudenhefer's supplemental letter brief concerning The Standard Fire Insurance Company's Motion for Entry of Final Judgment (Doc. 8051) in the above-captioned matter, which was argued orally before the Court on October 31, 2007. The argument made and authority cited in Attorney Dudenhefer's letter provides no basis for this Court to ignore the decision and mandate of the Fifth Circuit in this case or stay action on Standard Fire's motion for entry of a final judgment. The Fifth Circuit's mandate was issued on August 29, 2007, more than two months ago. There are no grounds for any further delay in implementing the mandate in this case. As set forth in Standard Fire's prior briefing, the only court that can grant a stay at this stage in this lawsuit is the United States Supreme Court. No such stay has been sought or obtained.

      The cases cited by Attorney Dudenhefer are readily distinguishable from this case and do not support Plaintiffs' position. See Johnson v. Uncle Ben's, Inc., 965 F.2d 1363, 1370 (5th Cir. 1992) (holding that an intervening U.S. Supreme Court decision justified the district court's departure from the Fifth Circuit's mandate); United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993) ("Here, reopening an already decided matter cannot be justified. At a minimum, reopening would require a showing of exceptional circumstances -- a threshold which, in turn, demands that the proponent accomplish one of three things: show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice."); United States v. Miller, 822 F.2d 828, 833 (9th Cir. 1987) (holding that district court was not bound by the government's erroneous concession on a question of law that was incorporated into the appellate court's mandate, concluding that "we should not reverse the defendant's conviction because the government made a mistake in its presentation of a legal argument"); United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1991) (holding that district court improperly departed from the mandate, noting that "We agree with the Fifth Circuit that issues, once decided, should not be reopened 'unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law

The Honorable Standwood R. Duval, Jr.
November 8, 2007
Page 2

applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.'") (quoting White v. Murtha, 377 F.2d 428, 432 (5th Cir. 1967)).

Attorney Dudenhefer, who is not counsel for the plaintiffs in *Vanderbrook*, also vaguely suggests that the plaintiffs' counsel is thinking about seeking leave to amend the complaint to add wind damage claims. There is no motion for leave to amend pending, and it is far too late for Plaintiffs to seek leave to amend. This case has been pending in this Court since December 2, 2005. Standard Fire answered the complaint on December 9, 2005. The Court ordered that any amendments to pleadings be filed by April 26, 2006. (Civ. A. No. 05-6323, Docket Entry No. 42.) Plaintiffs did not amend their complaint by that deadline. Standard Fire filed its motion for judgment on the pleadings on June 15, 2006, which was decided, appealed and then remanded from the Fifth Circuit. If a motion for leave to amend were filed at this late juncture, more than a year and a half after the deadline for amended pleadings, and after the appellate process ran its course, such a motion would clearly be without merit.[1]

Standard Fire respectfully requests that this Court enter the final judgment in this case without delay, as the Court indicated at the hearing it was inclined to do and believed it was compelled to do.

Respectfully,

Ralph Hubbard

Ralph S. Hubbard III

RSH/msb

---

[1] "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." S&W Enters., L.L.C. v. Southtrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." Courts have repeatedly denied motions for leave to amend where the motion was filed long after the deadline to seek leave to amend expired. See Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 995 (5th Cir. 2005) (affirming denial of leave to amend where plaintiffs sought leave to amend eight months after the deadline to do so); S&W Enters., 315 F.3d at 536 (affirming denial of leave to amend where plaintiff sought leave to amend more than three months after the deadline); Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999) (affirming denial of leave to amend where there was a seven-month delay between the filing of the original complaint and the motion for leave to amend); Brown v. Tangipahoa Parish Sch. Sys., 2006 U.S. Dist. LEXIS 77291, at *8-9 (E.D. La. Oct. 23, 2006) (Vance, J.) (affirming magistrate judge's ruling denying leave to amend where leave was not sought until six months after the deadline).