## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| | § | NO. 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| INSURANCE CASE  07-4397 (TEETS) | § | |
| | § | |
| | § | |
| _____ | § | |

## ANSWER AND ADDITIONAL DEFENSES
## ON BEHALF OF ALLSTATE INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Defendant, Allstate Insurance Company ("Allstate"), who responds and answers the Complaint filed by the Plaintiff as follows:

## ANSWER

1.

Defendant denies the allegations contained in the preamble of the Complaint for lack of information sufficient to justify a belief as to the truth of the matters contained therein.

2.

Except as expressly admitted herein, Defendant denies the allegations contained in the preamble to and Paragraph 1 of the Complaint, and specifically denies that Allstate is liable to the plaintiff.  Defendant admits that Allstate Insurance Company is a foreign insurance company authorized to do and doing business in the State of Louisiana.

3 .

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

4.

Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 3 of the Complaint.  Defendant admits it issued Policy No. 045569244 for the property located at 2505 Paul Dr., Meraux, LA 70075, which incepted on June 12, 2005 to the named insured.  The policy is the best evidence of its terms, conditions, and limitations.

5.

Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 4 of the Complaint.  Defendant admits that Hurricane Katrina affected St. Bernard Parish.

6.

Defendant denies the allegations contained in Paragraphs 5, 6, and 7 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 8 of the Complaint for lack of information sufficient to justify a belief as to the truth of the matters contained therein.

8.

Paragraph 9, as written, states conclusions of law and/or mixed statements of law and fact, and therefore does not require an answer.  Should the court require an answer, the allegations are denied except to admit that Allstate sent adjusters to evaluate Plaintiff's losses.

9.

Paragraph 10, as written, states conclusions of law and/or mixed statements of law and fact, and therefore does not require an answer.  Should the court require an answer, the allegations are denied.

10.

The allegations contained in Paragraph 11 are denied.

11.

In response to paragraph 12, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 11 of the Complaint as if restated herein *in extenso*.

12.

Defendant denies the allegations contained in Paragraphs 13, 14 and 15 of the Complaint.

13.

In response to paragraph 16, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 15 of the Complaint as if restated herein *in extenso*.

14.

Defendant denies the allegations contained in paragraphs 17 and 18 of the Complaint.

15.

In response to paragraph 19, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 18 of the Complaint as if restated herein *in extenso*.

16.

Defendant denies the allegations contained in Paragraphs 20, 21, and 22 of the Complaint.

17.

In response to paragraph 23, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 22 of the Complaint as if restated herein *in extenso*.

18.

Defendant denies the allegations contained in Paragraphs 24 and 25 of the Complaint.

19.

In response to paragraph 26, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 25 of the Complaint as if restated herein *in extenso*.

20.

Defendant denies the allegations contained in Paragraphs 27 and 28.

21.

In response to paragraph 29, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 28 of the Complaint as if restated herein *in extenso*.

22.

Paragraphs 30, as written, states conclusions of law and/or mixed statements of law and fact, and therefore does not require an answer. To the extent this court requires an answer, the allegations are denied.

23.

Defendant denies the allegations contained in Paragraphs 31 and 32 of the Complaint.

24.

In response to paragraph 33, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 32 of the Complaint as if restated herein *in extenso*.

25.

Defendant denies the allegations contained in Paragraphs 34, 35 and 36 of the Complaint.

26.

In response to paragraph 37, Allstate reiterates and realleges its responses and defenses to the preamble and paragraphs 1 through 36 of the Complaint as if restated herein *in extenso*.

27.

Paragraphs 38, 39, 40, 41, and 42, as written, contain conclusions of law and/or mixed statements of law and fact, and therefore do not require an answer. Should the court require an answer, the allegations are denied.

28.

Defendant denies the allegations contained in paragraph 43.

29.

Defendant admits that plaintiff requests a trial by jury.

30.

Plaintiff is not entitled to any relief sought in his prayer.

## ADDITIONAL DEFENSES

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

5

## SECOND DEFENSE

Plaintiff's claims are barred by his failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extenso*.

## FIFTH DEFENSE

Plaintiff is responsible for reading his policy, as well as any renewal notices, and they are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law.

## SIXTH DEFENSE

Plaintiff's claims are subject to any credit for any payments, if any, received from Allstate.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiff's claims are also barred in whole, or in part, by his own judicial admissions.

**EIGHTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "(1) [f]lood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.  (2)  Water or any other substance that backs up through sewers or drains.  (3)  Water or any other substance that overflows from a sump pump, sump pump well or other system designed for removal of subsurface water which is drained from a foundation area of a structure.  (4)  Water or any other substance on or below the surface of the ground, regardless of its source.  This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises."  This provision has been held to clearly and unambiguously exclude loss caused by flooding or levee breach by the Fifth Circuit Court of Appeals.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) *rehearing denied* (5th Cir. Aug. 27, 2007).

**NINTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "[e]arth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water."

**TENTH DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure or land at the residence premises."

### ELEVENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

### TWELFTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Section I—Additional Protection under items 11, 'Collapse.'"

### THIRTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "(a)  wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b)   mechanical breakdown; . . .  (d)  rust or other corrosion; (e)  contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; . . .  (g) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

### FOURTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss."

### FIFTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[m]old, fungus, wet rot or dry rot.  This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot.  This exclusion applies regardless of whether mold,

fungus, wet rot or dry rot arises from any other cause of loss, including but not limited to loss involving water, water damage or discharge . . . ."

## SIXTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "faulty, inadequate or defective: (a)   planning, zoning, development, surveying, siting; (b)   design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c)   materials used in repair, construction, renovation or remodeling; or (d)   maintenance; of property whether on or off the residence premises by any person or organization."

## SEVENTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property; and the predominant cause(s) of the loss is (are) excluded. . . ."

## EIGHTEENTH DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction, or of materials and supplies for use in construction, until your dwelling is completed and occupied.  Vandalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . ."

## NINETEENTH DEFENSE

To the extent that Plaintiff has previously agreed to fully compromise or resolve his claim, whether with Allstate or with a third party, Plaintiff's action is barred by release and/or the doctrine of accord and satisfaction.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been fully compensated for all covered losses through payment of her claims.

## TWENTY-FIRST DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiff, including La. Rev. Stat §§ 22:658; 22:1220; and 22:695.   Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## TWENTY-SECOND DEFENSE

Plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

## TWENTY-THIRD DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff has suffered damage, it was caused by third-parties and not by Allstate.  Allstate is not liable for such damage.

## TWENTY-FIFTH DEFENSE

To the extent that monies recoverable under the Plaintiff's policy are payable to a mortgagee or other third-party ("Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of the Mortgagee's interest.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-SEVENTH DEFENSE

To the extent that the Plaintiff has made a claim on his flood policy that flood/storm surge destroyed his property and/or contents, Plaintiff is judicially, legally, and/or equitably estopped from claiming that wind caused the same loss to his property and/or contents.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH DEFENSE

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

## THIRTY-FIRST DEFENSE

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiff breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-SECOND DEFENSE

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the Hurricane applies to Plaintiff's claims.

## THIRTY-THIRD DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiff, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## THIRTY-FOURTH DEFENSE

Plaintiff has not stated and cannot state claims under La. Rev. Stat § 22:695, *see, e.g., Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232 (5th Cir. 2007).

## THIRTY-FIFTH DEFENSE

Allstate avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiff herein.

12

## THIRTY-SIXTH DEFENSE

Allstate has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

## THIRTY-SEVENTH DEFENSE

Any potential damages awarded for physical damage to the Plaintiff's structure, personal property, and contents are limited to the difference between the pre-loss value of the Plaintiff's structure, personal property, and contents, and the post-loss value of Plaintiff's structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to the Plaintiff's structure, personal property, and contents.

## THIRTY-EIGHTH DEFENSE

The comparative fault and/or negligence of Plaintiff, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagees, and the failure to act as prudent persons under the circumstances, diminishes or bars Plaintiff's recovery herein.

## THIRTY-NINTH DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with the other party or non-party, apply here.

## FORTIETH DEFENSE

Allstate specifically denies that it breached any duty to Plaintiff with respect to the procurement and/or maintenance of Plaintiff's policy.

## FORTY-FIRST DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiff; however, should Plaintiff establish a breach of contract and/or violation of statutory duties, the Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-SECOND DEFENSE

Allstate asserts that Plaintiff is not entitled to additional living expenses under her policy, as the damage to the property was caused by an excluded peril.

## FORTY-THIRD DEFENSE

Allstate owes no damages to the Plaintiff to the extent that the Plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the following:

        a.      Refusing or failing to provide satisfactory proof of loss;

        b.      Refusing to provide information that has been specifically requested;

        c.      Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

        d.      Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Allstate to "pay the proportionate amount that this insurance bears to the total

amount of all applicable insurance.  However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft."

## FORTY-FIFTH DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, Allstate is entitled to credit and/or set-off for any payments made to Plaintiff under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

## FORTY-SIXTH DEFENSE

Allstate owed no fiduciary duty to Plaintiff.

## FORTY-SEVENTH DEFENSE

To the extent that Plaintiff's policy contained a Hurricane Deductible, Plaintiff's claims are subject to the application of the Hurricane Deductible as set forth in the policy.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust her administrative remedies.

## FORTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiff upon which Plaintiff could have reasonably or justifiably relied.

## FIFTIETH DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

## FIFTY-FIRST DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

WHEREFORE, Defendant, Allstate Insurance Company, prays that the Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings had, this Court render judgment in its favor, with all costs and fees assessed against the Plaintiff.

AND FOR ALL OTHER JUST, GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

LABORDE & NEUNER

FRANK X. NEUNER, JR. - #07674
MELISSA LUTGRING THERIOT - #22628
JEREMY N. MORROW - #29358
CARLYLE V. PAXTON - #30014
DANIEL J. POOLSON, JR. - #30676
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
P.O. Box 52828 (70505-2828)
Phone: (337) 237-7000; Fax: (337) 233-9450
**ATTORNEYS FOR ALLSTATE**

## CERTIFICATE

I hereby certify that on November 9 , 2007, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.

COUNSEL

16