UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * |
| PERTAINS TO: MRGO, BARGE <br>    No. 06-4389 <br>    No. 07-3500 | * <br> * JUDGE DUVAL <br> * <br> * MAGISTRATE WILKINSON <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'s OPPOSITION TO CERTAIN PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION(S) TO DISMISS (REC. DOC. NOS. 4140 AND 8224)**

One month after Defendant Washington Group International, Inc. ("WGII") filed its motion to dismiss or stay the complaint in *Parfait v. United States*, No. 07-3500 ("Motion to Dismiss Parfait Complaint") (Doc. No. 8224), more than two weeks after filing their opposition to the motion (Doc. No. 8599), and ten days after the hearing on the motion, plaintiffs and their counsel, Ashton O'Dwyer, seek to file yet another memorandum opposing this motion, as well as WGII's original motion to dismiss the MRGO complaint, filed on May 2, 2007 (Doc. No. 4140).

899783v.1

*See* Certain Pls.' Supp. Mem. in Opp. to Motion(s) to Dismiss Filed by WGII ("Supp. Mem.") (Doc. No. 8954). None of the arguments in the supplemental memorandum are timely or new. None of the factual allegations in the supplemental memorandum support Mr. O'Dwyer's opposition to the motion. And Mr. O'Dwyer's baseless attacks on the credibility of WGII's counsel are totally inappropriate and wholly unwarranted. Accordingly, WGII respectfully requests that the Court deny the motion for leave to file the supplemental memorandum.

First, WGII initially moved to dismiss the MRGO master consolidated complaint—which included *O'Dwyer v. Dep't of Transp. and Dev.*, No. 06-4389—more than six months ago. *See* Motion and Memorandum in Support of Motion to Dismiss the MRGO Master Complaint, May 2, 2007 (Doc. No. 4140) ("Motion to Dismiss MRGO Complaint"). *See also* Reply In Support of Motion to Dismiss (Doc. No. 5516), June 13, 2006 Hearing Transcript (Doc. No. 6176-1) and Response to Post-Hearing Memorandum (Doc. No. 6176). Mr. O'Dwyer was certainly aware of these arguments, as evidenced by the "Certificate of Impossibility of Compliance" he filed on July 25, 2007 (Doc. No. 6684). Accordingly, WGII's arguments could not have come as any surprise when WGII referenced them again in its motion to dismiss the *Parfait* complaint, filed on October 5, 2007.

Second, and more importantly, none of the factual assertions in the supplemental memorandum appear in the complaints, and in any event, do not address the substance of WGII's arguments: namely, that plaintiffs have not alleged any facts suggesting (1) that WGII performed its work for the United States Army Corps of Engineers ("USACE") in a negligent manner, or (2) even accepting the allegations of the MRGO or Parfait Family complaints as true, that any duty WGII owed to plaintiffs could not have encompassed the risk of a historic confluence of events occasioned by human and natural forces well beyond WGII's control.

To the extent they are relevant to the pending motions to dismiss at all, Mr. O'Dwyer's assertions—drawn from documents WGII produced during discovery—underscore the fact that WGII warned the USACE about potential dangers from its work in the East Bank Industrial Area.[1]  Moreover, these assertions underscore WGII's arguments that (1) the Court lacks subject matter jurisdiction over a complaint against a government contractor in the absence of factual allegations indicating negligence in carrying out the government's orders; and (2) that any duty WGII owed to plaintiffs could not have encompassed the risk that the USACE negligently  designed, built or maintained the MRGO; that the USACE designed, built and maintained levees and floodwalls that were too short, too weak, and too fragile; and/or that a hurricane of catastrophic proportions would overwhelm those flood protection systems.

Third and finally, Mr. O'Dwyer's scurrilous attacks on WGII's counsel are totally inappropriate and wholly unwarranted.  The Court will recall that during oral argument WGII analogized the allegations in these cases to those in *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624 (5th Cir. 2007), in which the Fifth Circuit affirmed the dismissal of a complaint in which plaintiff alleged that an insurance company should have notified a life insurance applicant about the results and implications of medical tests performed in connection with his life insurance application.  The Fifth Circuit—like Judge Vance below— concluded that a duty to provide a medical evaluation could not be imposed on the life insurance company as a matter of law, since the life insurance company had never contracted with the applicant to provide medical services.  In this case, WGII's counsel argued that the complaints here left "responsibility for

---

[1] At least in this regard Mr. O'Dwyer has chosen his words carefully.  He has not identified any documents concerning work WGII performed on the levee and/or floodwalls bordering the East Bank Industrial Area.  Rather, he argues that "WGI's own documents show the . . . danger to the *retaining walls*," and the documents he cites refer to *excavation walls* along the bank of the Industrial Canal, not to the levees and/or floodwalls.  Supp. Mem. at 4.

engineering, evaluation, and maintenance of the flood protection structures squarely at the feet of the Corps," and concluded that "holding the Washington Group to the standards of the civil engineers for which it worked would require expertise that Washington Group was simply not asked to provide." *See* June 13, 2007 Hearing Transcript (Doc. No. 6176-1), at 31.

Citing the extension of this colloquy, Mr. O'Dwyer has accused WGII's counsel of lying to the Court about the scope of services WGII provided to the USACE. Mr. O'Dwyer has not provided *any* factual support for this very serious accusation. Instead, Mr. O'Dwyer posits that the very title of the contract between WGII and the USACE—a "Total Environmental Restoration Contract"—must mean that WGII entered into a "design/build" contract with the USACE by which WGII assumed the engineering duties of the USACE. Supp. Mem. at 5-6. Mr. O'Dwyer does not explain why this is so, but nonetheless concludes that the "representation to the Court that [WGI was] 'not asked to perform engineering services' was misleading at best and false at worst." Supp. Mem. at 6. The Court should not countenance such baseless

899783v.1

allegations lightly, and they are reason enough to deny the motion for leave to file the supplemental memorandum.

Dated:  November 9, 2007                              Respectfully submitted,

                                                        */s/William D. Treeby*
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for Washington Group
International, Inc.
Of counsel
Adrian Wager-Zito
Julia E. McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-4645
Facsimile:  (202) 626-1700

## CERTIFICATE

    I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Opposition to Certain Plaintiffs' Motion For Leave to File a Supplemental Memorandum in Opposition to Motion(s) to Dismiss was served on all counsel of record by electronic notice via the Court's CM/ECF system on this 9th day of November, 2007.

                                                       */s/ William D. Treeby*
                                                        William D. Treeby