UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES     CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182
SECTION "K" MAG "2"

PERTAINS TO: ROAD HOME
*State of Louisiana, C.A. No. 07-5528*     JUDGE DUVAL
MAGISTRATE JUDGE WILKINSON

*******************************************************************

## REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND REGARDING JURISDICTION UNDER THE MMTJA

The State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development (the "State"), through the Honorable Charles C. Foti, Jr., the Attorney General for the State of Louisiana, and through the undersigned private counsel duly authorized to act for and on behalf of the State, respectfully submits this Reply Memorandum to the Oppositions to the State's Motion to Remand filed by the Hartford Defendants, the Travelers Defendants, the ANPAC Defendants, and Republic Fire and Casualty Insurance Company ("RFCIC"). This reply memorandum will address only those issues regarding this Court's lack of subject matter jurisdictions under the Multiparty, Multiform Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1).

1

For the following reasons, the defendants have failed to carry their burden of establishing that this Court has subject matter jurisdiction over the captioned matter and that this matter:

- Because parties cannot create subject matter jurisdiction where none exists, the allegations in *Aaron v. AIG Centennial Ins. Co.* that a federal court has jurisdiction over Katrina cases pursuant to the MMTJA are meaningless.

- The Insurance Company Defendants cannot establish "piggyback" jurisdiction through *Chehardy v. State Farm Fire & Cas. Co.* because the cases are different.

- Consistent with numerous decisions from this Court, the MMTJA does not confer subject matter jurisdiction over cases arising out of Hurricane Katrina or Hurricane Rita.

## I. The Allegations in *Aaron* Regarding MMTJA Jurisdiction in Katrina Cases Are Irrelevant.

The Travelers Defendants and the Hartford Defendants (collectively, "Travelers") insist that this Court has subject matter jurisdiction over the captioned matter because the plaintiffs in *Aaron v. AIG Centennial Insurance Co.*, who allege "damage . . . as a result of Hurricane Katrina," invoked the MMTJA as the basis for the court's jurisdiction. Travelers asserts that, because the claims in *Aaron* and the instant matter arise from the same "accident," this Court has jurisdiction pursuant to 28 U.S.C. § 1441(e)(1)(B).

Plaintiffs' invocation in *Aaron* of the MMTJA as a basis for subject matter jurisdiction proves nothing. It is "axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. The parties **can never consent to federal subject matter jurisdiction**, and lack of such jurisdiction is a defense which

2

cannot be waived."[1] The actions of plaintiffs in *Aaron* cannot confer or effectively create subject matter jurisdiction through an allegation alone.

Travelers makes no effort to establish that *Aaron* was properly brought under the MMTJA. They simply assume it to be the case. As the State has extensively briefed to this Court, every Judge of this Court that has considered this very issue has determined that Hurricane Katrina was not an accident within the meaning of 28 U.S.C. §1369.[2] For example, in *Berry v. Allstate Insurance Company*, where plaintiff filed suit for property damage sustained during Hurricane Katrina, Allstate argued that the district court had jurisdiction pursuant to the MMTJA because Hurricane Katrina was an "accident."[3] Judge Zainey specifically rejected this argument:

> [T]he Court does not agree with Allstate's contention that Hurricane Katrina was an "accident" . . . . Although it is undisputed that more than 75 persons died as a result of Hurricane Katrina and its aftermath, **the deaths did not occur from a single incident attributable to the storm or at a discrete location** . . . . Consequently, Allstate cannot rely on §1369(a) to support removal of this case.[4]

For these reasons, the State submits that *Aaron* was not properly brought under the MMTJA. Because the Court lacks original subject matter jurisdiction over *Aaron*, it cannot acquire supplemental jurisdiction over the present case. 28 U.S.C. § 1441(e)(1)(B) is inapplicable.

---

[1] *Coury v. Pot*, 85 F.3d 244, 248 (5th Cir. 1996) (emphasis added).

[2] *See id.*

[3] *Berry*, 2006 WL 2710588.

[4] *Id.* at * 3 (emphasis added).

3

## II. "Piggyback" Jurisdiction Based on *Chehardy* Is Inappropriate.

Travelers, ANPC, and RFCIC assert that this Court may acquire "piggyback" jurisdiction over the captioned matter because this Court could assume jurisdiction over *Chehardy* under the MMTJA. The insurers contend that the requisite "accident" was the levee breaches resulting from Hurricane Katrina, but they ignore the fact that State's lawsuit arises out of far more than the levee breaches.

The State seeks to recoup money paid out for property damaged during Hurricane Katrina **and** Hurricane Rita. Plainly, such damage did not just arise from levee breaches. There is not one "accident" – even assuming that either Hurricane Katrina or Rita constitutes an accident, which is denied. There is certainly no "discrete location" where 75 people died considering this cases arises out of damages sustained by plaintiffs in numerous parishes *throughout south* Louisiana. The facts of *Chehardy* are inapposite to the facts of the present case. As Judge Vance noted in *Nguyen v. ANPAC Louisiana Insurance Co.*, "the 'accident' for purposes of theoretical Section 1369 jurisdiction in the related case has to be the same "accident" that caused the injuries in the removed case."[5] Because there is no single "accident" in this case, removal under the MMTJA was inappropriate.

## III. This Court Does Not Have Original Subject Matter Jurisdiction Under the MMTJA.

The insurers also contend that this Court has original subject matter jurisdiction over the MMTJA despite the numerous contrary holdings of the Courts in this District. The State has extensively briefed these issues and will not, in the interests of judicial efficiency, repeat them here. Simply put, under the facts as alleged in the State's Petition there was no "accident" and certainly no

---

[5] 2006 WL 3714500 (E.D. La. Dec. 11, 2006).

4

single accident that could have conceivably given rise to subject matter jurisdiction in this case. Moreover, under the facts as alleged in the State's Petition, there is no "discrete location" where more than 75 people died. This case concerns the effects of two hurricanes and the damages resulting to numerous citizens of Louisiana across the state. The MMTJA is not applicable to such cases.

## IV.  CONCLUSION

For the foregoing reasons, the State respectfully requests that this Honorable Court grant its Motion to Remand and remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

THE STATE OF LOUISIANA
The Honorable Charles C. Foti, Jr. (No. 5784)
ATTORNEY GENERAL,
STATE OF LOUISIANA

/s/  Isabel Wingerter
Isabel Wingerter (No. 20428)
Assistant Attorney General
Director of Public Protection
1885 North Third Street, 6th Floor
Baton Rouge, LA  70802
Ph.: 225-326-6040
Fax: 225-326-6097

AND

**ROAD HOME LIAISON AND LEAD COUNSEL**

/s/  Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (No. 5486)
FAYARD & HONEYCUTT, A.P.C.
519 Florida Avenue, S.W.
Denham Springs, LA  70726

Ph.: 225-664-4193
Fax: 225-664-6925
Email: calvinfayard@fayardlaw.com

AND

**ROAD HOME CO-LEAD COUNSEL**

Paul G. Aucoin (No. 2604)
PAUL G. AUCOIN, ATTORNEY AT LAW
135 Goodwill Plantation
Vacherie, LA  70090-5240
Ph.: 225-265-7906
Fax: 225-265-7906
Email: aucoinp@bellsouth.net

Joseph J. McKernan (No. 10027)
McKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA  70809
Ph.: 225-926-1234
Fax: 225-926-1202
Email: jemckernam@mckernanlawfirm.com

Drew A. Ranier (No. 8320)
RANIER, GAYLE & ELLIOTT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
Ph.: 337-494-7171
Fax: 337-494-7219
Email: drainer@rgelaw.com

Frank C. Dudenhefer, Jr. (No. 5117)
THE DUDENHEFER LAW FIRM
A Limited Liability Company
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA  70130
Ph.:  504-525-2553
Fax:  504-523-2508
Email: FCDLaw@aol.com

>James P. Roy (No. 11511)
>DOMENGEAUX WRIGHT
>ROY & EDWARDS L.L.C.
>556 Jefferson Street, Suite 500
>P. O. Box 3668
>Lafayette, LA 70502-3668
>Ph.: 337-233-3033
>Fax: 337-232-8213
>Email: jimr@wrightroy.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the captioned matter.

>/s/ Calvin C. Fayard, Jr.
>Calvin C. Fayard, Jr.