## Law Offices of Brian A. Gilbert, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113

Telephone (504) 581-6180
Telephone (504) 885-7700
Facsimile  (504) 581-4336                                                                    bgilbert@briangilbertlaw.com

November 12, 2007

**Fax No. 589-2393**

Hon. Stanwood R. Duval, Jr.
United States District Judge
500 Poydras Street, Room C368
New Orleans, Louisiana 70130

      Re: *In re Katrina Canal Breaches Consol., USDC, EDLA, No. 05-4182, Section "K" (2); BARGE*

Dear Judge Duval:

  We are writing on behalf of the Barge P.S.L.C. regarding the status conference call of Friday, November 9, 2007 relative to our proposed FRCP 56 motion for summary judgment on the issue of insurance coverage of the American Club.

  Your Honor expressed reservations concerning the propriety of a ruling on the coverage issue because of a pending declaratory judgment action filed by the insurer in the Southern District of New York. This action was filed months after the BARGE plaintiffs named The American Club in the *Mumford* suit filed here. The American Club raised no coverage defense here, but, instead, filed its declaratory judgment action in the New York jurisdiction. The American Club did not implead or even notify the BARGE plaintiffs of this action, which represents a clear end-around maneuver designed to avoid adjudication in the Court having the greatest interest and connection with the subject matter. It is forum shopping, no more and no less, is contrary to law, and should not be countenanced.

  We call to your Honor's attention that the incident upon which both suits are based occurred in the State of Louisiana and that all of potentially affected parties - Lafarge North America, Ingram Barge Company, Unique Towing, Inc., Joseph C. Domino Towing, Inc., and approximately 90,000 victims - are before this Court in the Eastern District of Louisiana, the only jurisdiction wherein this tragic event could be properly litigated. Certainly, the 90,000 New Orleans and St. Bernard victims, and Ingram Barge Company - whose interest is also vested by virtue of an indemnification agreement with Lafarge - are interested in the outcome of the coverage issue in this case. The effect of allowing the S.D.N.Y. suit to proceed is to allow adjudication of a critical aspect of the Katrina Canal Breaches litigation before a Court and in a jurisdiction with no legitimate interest. An adverse

**Hon. Stanwood R. Duval, Jr.**
**November 10, 2007**
**P. 2**

decision in the context of this abnormal, improper and superfluous outgrowth could have dire consequences for the corpus of the litigation pending before Your Honor.

The BARGE P.S.L.C. brought the "first filed"suit, *Mumford*, under the Louisiana Direct Action Statute. The "first filed doctrine" and La. Rev. Stat. 22:655, alone, afford to the plaintiffs and This Court an absolute right to adjudicate the coverage dispute.

In *Save Power Limited V. Syntek Finance Corp*., 121 F.3d 947 (5th Cir. 1997), the Court held:

> "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 251 F.2d 721, 728 (5th Cir. 1985); Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971). Syntek, in fact, states that it "does not disagree with the legal proposition advanced by Save Power that where duplicative issues and parties exist in two cases the court with the first case should resolve the issues between the parties and the second court should defer." The "first to file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts —— courts of coordinate jurisdiction and equal rank —— to exercise care to avoid interference with each other's affairs." West Gulf, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Id. at 729; see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 7-20 (1976). This concern applies where related cases are pending before two judges in the same district, as is the case here, as well as where related cases have been filed in different districts. Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 1 F.2d 1148, 1161 n. 28 (5th Cir. 1992) ("The same concern with avoiding duplicative litigation is present where similar suits have been filed in two courts within the same district."), cert. denied, 506 U.S. 1079 (1993).

Your Honor expressed reservation concerning your prerogative of deciding a coverage issue wherein a New York District Court has ruled counter to the Fifth Circuit, holding that the "first filed" rule is not applicable because of assumed facts that are not necessarily accurate. Regardless, the Fifth Circuit confronted that issue head on in *Save Power*, infra., and concluded that a United State District Court Judge had abused his discretion in denying a motion to transfer to the first filed court and granting a motion for declaratory judgment because of his alleged familiarity with the case as a result of studying the case in connection with an earlier motion for summary judgment in his Court. Obviously, the Fifth Circuit is not reluctant to step in and defend the "first filed" rule by holding the ignoring court to have abused its discretion.

**Hon. Stanwood R. Duval, Jr.**
**November 10, 2007**
**P. 2**

  Your Honor asked why we had not intervened in the New York suit, and we respond by asking why the American Club did not raise the coverage issue in this "first filed" case in which they were a defendant prior to the declaratory judgment action filed by them in New York. Could they not have filed a motion for partial summary judgment in this case just as the Barge Plaintiffs have sought to do? Who is the party putting this Court in a potential confrontation with the New York Court?

  We question whether we have a right of intervention in the New York case, assuming we could be compelled to litigate on two fronts. Under FRCP 24(a)(2), and the decision in *Haspel v. Bd. Of Levee*, 493 F. 3d 570 (5th Cir. 2007), an applicant must meet four requirements in order to intervene in litigation, namely: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. The failure to satisfy any one requirement precludes intervention of right. See *Sierra Club V. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). At this juncture, we doubt that we can meet the four requisites. The Case Management Order in the New York case establishes June 27, 2007 as the cutoff for new parties. Instead, we are trying to minimize prejudice caused by The American Club's failure to afford notice, and seek to have our motion filed and heard before trial in New York.

  In the interest of brevity we are enclosing a copy of our proposed motion for partial summary judgment and memorandum in support thereof, the filing of which was the purpose of the conference call. Your Honor indicated that you would enter a minute entry addressing our request to file a motion for summary judgment. As Your Honor knows from the conference, the New York case is going forward, and we do not want to suffer a resolution in that Court prior to a ruling on our motion for partial summary judgment. Therefore, we would appreciate it if Your Honor's order would permit the filing of our motion, affording us as well the opportunity to be heard, as per the clear rights afforded to the BARGE plaintiffs under FRCP 56, and the dictates of the Fifth Circuit as to the subject of our motion.

  Thank you for your continued kindness and attention to our concerns.


            Sincerely,

            \s\Lawrence D. Wiedemann
            \s\Brian A. Gilbert


LDW/jrc

cc: All Counsel