UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CIVIL ACTION NO. 05-04182 |
| KATRINA CANAL | * | |
| BREACHES LITIGATION | * | SECTION "K" |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE DIV. 2 |
| | * | MAG. JUDGE WILKINSON |
| PERTAINS TO: LEVEE | * | |
| | * | |
| CA NO. 07-4837 | * | |
| GAIL ALBANO, *et al* | * | |
| v. | * | |
| THE BOARD OF COMMISSIONERS | * | |
| FOR THE ORLEANS PARISH LEVEE | * | |
| DISTRICT, *et al* | * | |
| | * | |

**JAMES CONSTRUCTION GROUP, LLC'S**
**MEMORANDUM IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS**

NOW COMES Defendant James Construction Group, LLC ("James Construction"), through undersigned counsel, and respectfully submits this Memorandum in Support of its Motion To Dismiss Plaintiffs' claims, with prejudice, pursuant to FRCP 12(b)(6).

I.   INTRODUCTION

The Plaintiffs' claims against James Construction should be dismissed, with prejudice, pursuant to Rule 12(b)(6) because it is clear from the face of the Plaintiffs' Complaint that the claims asserted against James Construction have prescribed.  La. Civ. Code art. 3492 places a one-year prescriptive period on delictual actions, and Plaintiffs' complaint is untimely.

II.     FACTUAL BACKGROUND

Plaintiffs filed their Complaint ("Complaint) initiating this proceeding on August 28, 2007.  See 07-4837 Rec. Doc. No. 1.  In that Complaint, Plaintiffs allege that "some time" after Hurricane Katrina passed through the New Orleans area on August 29, 2005, the 17th Street Canal, London Avenue Canal, and Industrial Canal "levees failed due to the fault and negligence of Defendants."  Complaint, ¶¶ 9 & 10.  In regard to James Construction, the Complaint states:

> Plaintiff avers that Defendant, James, contracted to flood-proof the Filmore Avenue bridge and the Mirabeau bridge over the London Avenue Canal. Defendant, James, demolished and replaced the bridges which were included construction of some parts of the flood wall. Plaintiffs further aver that said defendant was negligent in the demolition and the construction of the bridge and in the use of heavy equipment. Plaintiffs further aver that this negligence contributed to the failure of the levee and flood wall.

Complaint, ¶ 29.  Plaintiffs' Complaint, filed August 28, 2007, thus is prescribed on its face as it seeks to recover negligence damages more than one year prior to filing suit.

III.    RULE 12(B)(6) STANDARDS FOR GRANTING MOTION TO DISMISS.

Certain affirmative defenses that clearly appear on the face of a plaintiff's complaint - most commonly that the statute of limitations has run – are properly asserted in an FRCP Rule 12(b)(6) motion. *See Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas,* 20 F.3d 1362, 1366 (5th Cir. 1994); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283 (5th Cir. 1990); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 352 (1990).

Rule 12(b)(6) provides that in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted."  FRCP 12(b)(6). In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' "

{N1728821.2}

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  The court must then determine whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).  A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-1965.

IV.  PLAINTIFFS' CLAIMS AGAINST JAMES CONSTRUCTION ARE PRESCRIBED

    A.  Plaintiffs' Claims are Facially Prescribed.

The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action.  *Kendall Co. v. Southern Medical Supplies, Inc.*, 913 F. Supp. 483 (E.D. La. 1996); *Waguespack v. Judge,* 04-137 (La. App. 5 Cir. 6/29/00), 87 So. 2d 1090, 1092 (issue of prescription should be decided on the facts alleged in the petition).  In the instant case, Plaintiffs' Complaint unequivocally pleads only a negligence cause of action against James Construction.  Complaint, ¶ 29.

Under the Louisiana Civil Code, delictual actions are subject to a one year prescriptive period.  La. Civ. Code art. 3492. "A party generally must assert a delictual claim within one year from the date the injury or damage is sustained." *Hoerner v. Wesley-Jensen*, No. 95-0553 (La. App. 4 Cir. 11/20/96); 684 So.2d 508, 510.  As a general rule, prescription begins to run "when plaintiff has actual or constructive notice of the alleged tortious act." *Mistich v. Cordis Manufacturing Co.*, 607 So.2d 955, 956 (La. App. 4th Cir. 1992).  Here, it is clear on the face of Plaintiffs' Complaint that the alleged injury occurred on or about August 29, 2005.  It is equally

{N1728821.2}

clear from the court record that Plaintiffs' Complaint was filed more than a year after the injury-causing event. Accordingly, Plaintiffs' claims against James Construction are time-barred and subject to dismissal, with prejudice, under FRCP 12(b)(6).

B.  Plaintiffs Cannot Prove That the Complaint Was Filed Timely.

Once a moving party meets its initial burden of showing that a tort claim has prescribed, "then the burden shifts to the plaintiff to prove an exception to prescription." *Terrebonne Parish School Board v. Columbia Gulf Transmission Company,* 290 F.3d 303, 320 (5th Cir. 2002). Because the Complaint is prescribed on its face, the burden shifts to the Plaintiff to prove that it is timely. *Id.*

i.  **Plaintiffs' do not allege that they could not have discovered their claims prior to August 28, 2006.**

Plaintiffs may attempt to meet their burden by arguing the "discovery rule." The one-year prescriptive period begins to run when the plaintiff "discovers or should have discovered" the facts underlying his cause of action. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). The period thus begins to run when there is either actual or constructive knowledge. Constructive knowledge sufficient to trigger prescription is more than mere apprehension that something might be wrong, but less than actual knowledge that something is wrong. *Griffin v. Kinberger*, 507 So. 2d 821, 823 (La. 1987). Prescription thus begins to run when it can be objectively determined that the exercise of reasonable diligence would have alerted a reasonably minded plaintiff of the reasonable possibility that it was the victim of tortious conduct. *Griffin*, 507 So. 2d at 823. Stated differently, constructive notice exists when a plaintiff "has sufficient information to excite attention sufficient to prompt further inquiry and includes knowledge and notice of everything to which the inquiry might lead." *Adams v. FNBC*, 644 So.2d 219 (La. App. 4th Cir. 1994).

In this case, the Complaint does not allege any facts, which accepted as true, would establish that Plaintiffs, in the exercise of reasonable diligence, could not have discovered that they were the possible victims of tortious conduct prior to August 28, 2006.  Indeed, the instant litigation stands as testament to the fact that such an argument would be wholly meritless. Allegations of negligence in the design and construction of the New Orleans area levees and knowledge concerning the participants in that design and construction were well-known within three months of the August 29, 2005 storm.  For example, on November 3, 2005, the Berthelot Plaintiffs filed in Civil Action No. 05-4182 a Motion To File Supplemental And Amending Complaint, seeking leave "to amend their complaint to add additional information and to add additional parties in light of information that they have obtained."  Rec. Doc. No. 5 at 1.  The proposed amended complaint, which was filed in the record on November 25, 2005, alleged that "the breaches and failure of the hurricane protection levees and flood walls were caused by the negligence and fault of the defendants," including "JAMES CONSTRUCTION GROUP LLC." See Rec. Doc. No. 7, ¶ 35.  As the Court is aware, multiple lawsuits followed in 2005 and 2006, each setting forth similar allegations.[1]  Under the circumstances, Plaintiffs cannot seriously suggest that they were unable to have discovered and filed their claims before August 28, 2006, making their August 28, 2007 suit untimely.

    **ii.**    **The Court's "period of suspension" does not cure Plaintiffs' delay.**

---

[1] James Construction has been named in at least 20 cases arising out of the failure of the London Avenue Canal levees, including 05-05237 (Vodanovich); 05-06073 (Kirsch); 05-06314 (Ezell); 05-06324 (Brown); 05-06327 (LeBlanc); 06-00020 (Tauzin); 06-00886 (Finney); 06-02278 (Christenberry); 06-02287 (Sanchez);  06-04065 (Adams); 06-04634 (Adams); 06-05032 (Joseph); 06-05260 (Leduff); 06-05308 (Gisevius); 06-05785 (Cochran); 06-05937 (Yacob); 06-06642 (Pontchartrain Baptist Church).   Most, if not all, of these cases were filed before the one year anniversary of Katrina.

The Plaintiffs may also argue that this Court's suspension of the prescriptive periods in the wake of Hurricane Katrina somehow excuses their out-of-time filing. However, the Court's period of suspension was lifted on November 25, 2005. Even if it is assumed that prescription did not begin to run on Plaintiffs' claims against James Construction until November 25, 2005, the last date to bring suit was November 25, 2006. *See e.g. Antoine v. Riley*, 2007 WL 1537622 (E.D. La. 2007), *2. Plaintiffs' August 28, 2007 Complaint is simply too late.

### ii.     Plaintiffs may not avail themselves of La. R.S. 9:5824.

Finally, Plaintiffs may argue that they are entitled to a suspension and/or extension of the statute of limitations as a result of La. R.S. 9:5824, which provides that parties in storm-affected areas may seek a limited suspension and/or extension of the prescriptive deadlines. The statute further provides that any limited suspension shall terminate on June 1, 2006.[2] *Id.* "Accordingly, for a suspension or extension of prescription to apply, a party must have sought a suspension or extension prior to June 1, 2006, in the appropriate jurisdiction." *Parker v. B&K Construction Co.*, 2006-1465 (La. App. 4 Cir. 6/27/07). In the instant case, there is no allegation or evidence that Plaintiffs timely sought such a suspension or extension. Moreover, even assuming *arguendo* that they had applied for and received a suspension/extension, it would have expired on June 1, 2006. La. R.S. 9:5824(B)(1). It is clear from the face of Plaintiffs' Complaint that it was not filed until August 28, 2007, more than one year from the last possible date of any suspension. Accordingly, the Complaint is not saved from the running of prescription by La. R.S. 9:5824

---

2 The other potentially relevant statutes, La. R.S. 9:5822 and 9:5823 provide no relief to Plaintiffs in this case, as those statutes explicitly suspend prescription only for deadlines or prescriptive periods that would have occurred between August 26, 2005 and January 3, 2006. In this case, the prescriptive period (or statute of limitations) lapsed in August 2006. Moreover, that legislation only suspended deadlines through January 3, 2006, and because the Complaint was not filed until August 2007, La. R.S. 9:5822 and 9:5823 are inapplicable.

## V.  CONCLUSION

It is clear from the face of Plaintiffs' Complaint, that their claims against James Construction are prescribed.  On the face of the pleadings, and pursuant to the applicable law, he Plaintiffs cannot meet their burden to show some exception to the prescriptive period.  Considering the foregoing, James Construction respectfully requests that this Court dismiss Plaintiffs' claims against James Construction Group, LLC, in their entirety, as prescribed.

                                          Respectfully submitted,

                                          __/s/ Emily E. Eagan_____
                                          RICHARD J. TYLER, T.A. (#1155)
                                          EMILY E. EAGAN (#29166)
                                          Jones, Walker, Waechter, Poitevent,
                                           Carrère & Denègre L.L.P.
                                          201 St. Charles Avenue, 49th Floor
                                          New Orleans, LA 70170-5100
                                          (504) 582-8266
                                          Attorneys for James Construction Group, LLC

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via ECF this 12th day of November, 2007.

                                                            __/s/ Emily E. Eagan_____