# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * |
| PERTAINS TO: MRGO | * JUDGE DUVAL <br> * |
| FILEND IN: 07-4837 | * MAGISTRATE WILKINSON <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### AFFIRMATIVE DEFENSES AND ANSWER
### OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
### TO PLAINTIFFS' COMPLAINT

Defendant Washington Group International, Inc. ("WGII"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Complaint (the "Complaint"), as follows:

### WGII'S AFFIRMATIVE DEFENSES

**A.    FAILURE TO STATE A CAUSE OF ACTION**

Plaintiffs' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGII, and further fail to state facts sufficient to entitle Plaintiffs to the relief sought or any other relief whatsoever from WGII.

899817v.1

B. **PRESCRIPTION**

Plaintiffs' claims against WGII are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

C. **NO RIGHT OF ACTION**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

D. **FAILURE TO JOIN INDISPENSABLE PARTIES**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

E. **DUTY / RISK**

Plaintiffs' claims are barred under Louisiana Civil Code Articles 667, 2315, 2316, 2317, and/or 2322, in whole or in part, because they cannot establish: (i) that WGII's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGII's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGII owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGII owed any such duty to Plaintiffs, it breached that duty.

F. **COMPARATIVE FAULT**

WGII hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, including

Plaintiffs (as applicable), whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGII is not responsible.

### G.  ACT-OF-GOD

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### H.  GOVERNMENT CONTRACTOR

Plaintiffs' claims are barred by the government contractor defense.

### I.  LIMITATION OF LIABILITY

WGII qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### J.  DISCHARGE IN BANKRUPTCY

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### K.  ADOPTION OF AFFIRMATIVE AND CONSTITUTIONAL DEFENSES AVAILABLE UNDER FEDERAL LAW OR THE LAWS OF OTHER JURISDICTIONS

WGII hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

### L.  ADOPTION OF AFFIRMATIVE DEFENSES OF OTHER DEFENDANTS

WGII adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGII, and gives notice that it intends to rely upon any other defense that may become available or appear during

the proceedings in this case, and WGII hereby reserves its right to amend its answer to assert any such defense.

**M.     SET-OFF**

WGII affirmatively alleges that to the extent Plaintiffs have settled or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, WGII is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**N.     ATTORNEY'S FEES NOT AVAILABLE**

To the extent that Plaintiffs' Complaint seeks attorney's fees, any such claims are barred by La. Code Civ. P. Art. 595(A).

**O.     LACK OF SUBJECT MATTER JURISDICTION**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGII brought under the Admiralty Extension Act, 46 U.S.C. § 740.

**P.     IMPROPER VENUE**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested judge and/or jury.

**Q.     POLITICAL QUESTION DOCTRINE**

Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction under the political question doctrine.

- 5 -

R. **RES JUDICATA AND PRECLUSION**

WGII pleads the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion, to the extent that the claims of Plaintiffs are or will be barred in whole or in part due to the participation of Plaintiffs and/or those in privity with them in other cases before this Court, or in other courts.

S. **ACCORD AND SATISFACTION**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have or will have released, settled, entered into an accord and satisfaction or otherwise compromised them.

T. **LACHES, WAIVER, UNCLEAN HANDS, RATIFICATION OR ESTOPPEL**

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, unclean hands, ratification or estoppel.

U. **INTERVENING OR SUPERSEDING CAUSE**

Plaintiffs' claims are barred, in whole or in part, because the injuries and damages alleged resulted from an intervening or superseding cause.

V. **ADEQUATE REMEDY AT LAW**

Plaintiffs' claims for equitable relief are barred because they have an adequate remedy at law.

W. **IMPROPER JOINDER**

Plaintiffs' Complaint improperly joins claims in violation of Federal Rule of Civil Procedure 18.

## WGII'S ANSWER

Except as otherwise expressly stated below, WGII responds only to those allegations of the Complaint that are directed to WGII. WGII is without sufficient information or knowledge

899817v.1

to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGII denies each and every allegation of the Complaint not specifically admitted below.

      WGII responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

      1.     WGII admits that federal question jurisdiction exists because WGII was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGII DENIES each and every remaining allegation of Paragraph 1 of the Complaint.  WGII admits, however, that Plaintiffs purport to plead jurisdiction under the Admiralty Extension Act, the Federal Tort Claims Act and 28 U.S.C § 1983.

      2.     WGII admits that it is authorized to do and does business in the State of Louisiana and in the Parish of Orleans, with its Louisiana principal place of business in Baton Rouge, Louisiana.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein.

      3.     WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 3 of the Complaint and therefore DENIES each and every allegation contained therein.

      4.     WGII admits that federal question jurisdiction exists because WGII was a contractor of the federal government when it performed the work to which this Complaint pertains.  WGII further admits that the U.S. Army Corps of Engineers ("USACE") is an agency of the United States government.  WGII is without sufficient information or knowledge as to the

899817v.1

remaining allegations of Paragraph 4 of the Complaint and therefore DENIES each and every allegation contained therein.

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII DENIES each and every allegation of Paragraph 5 pertaining to WGII. WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 5 of the Complaint and therefore DENIES each and every allegation contained therein. WGII admits, however, that the acts alleged in the Complaint allegedly occurred in the Eastern District of Louisiana.

7.[1] WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 7 of the Complaint and therefore DENIES each and every allegation contained therein. WGII admits, however, that the individuals named in Paragraph 7 of the Complaint purport to be named plaintiffs in this action.

8.A. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.A of the Complaint and therefore DENIES each and every allegation contained therein.

8.B. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.B of the Complaint and therefore DENIES each and every allegation contained therein.

8.C. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.C of the Complaint and therefore DENIES each and every allegation contained therein.

---

[1] Plaintiffs' complaint does not contain a Paragraph 6.

8.D.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.D of the Complaint and therefore DENIES each and every allegation contained therein.

8.E.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.E of the Complaint and therefore DENIES each and every allegation contained therein.

8.F.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.F of the Complaint and therefore DENIES each and every allegation contained therein.

8.G.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.G of the Complaint and therefore DENIES each and every allegation contained therein.

8.H.   WGII admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana and in the Parish of Orleans.

8.I.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.I of the Complaint and therefore DENIES each and every allegation contained therein.

8.J.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.J of the Complaint and therefore DENIES each and every allegation contained therein.

8.K.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.K of the Complaint and therefore DENIES each and every allegation contained therein.

8.L.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.L of the Complaint and therefore DENIES each and every allegation contained therein.

8.M.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.M of the Complaint and therefore DENIES each and every allegation contained therein.

8.N.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.N of the Complaint and therefore DENIES each and every allegation contained therein.

8.O.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.O of the Complaint and therefore DENIES each and every allegation contained therein.

8.P.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8.P of the Complaint and therefore DENIES each and every allegation contained therein.

9.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that on or about August 29, 2005, Hurricane Katrina passed near the City of New Orleans, and that flooding occurred in and around New Orleans in the aftermath of Hurricane Katrina.

899817v.1

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein. WGII admits, however, that on or about August 29, 2005, Hurricane Katrina passed near the City of New Orleans, and that flooding occurred in and around New Orleans in the aftermath of Hurricane Katrina.

11. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein.

12. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 12 of the Complaint and therefore DENIES each and every allegation contained therein.

13. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein.

14. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein.

15. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15 of the Complaint and therefore DENIES each and every allegation contained therein.

16. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 16 of the Complaint and therefore DENIES each and every allegation contained therein.

17. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 17 of the Complaint and therefore DENIES each and every allegation contained therein.

18. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 18 of the Complaint and therefore DENIES each and every allegation contained therein.

19. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 19 of the Complaint and therefore DENIES each and every allegation contained therein.

20. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint and therefore DENIES each and every allegation contained therein.

21. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint and therefore DENIES each and every allegation contained therein.

22. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 22 of the Complaint and therefore DENIES each and every allegation contained therein.

899817v.1

23. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 23 of the Complaint and therefore DENIES each and every allegation contained therein.

24. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

25. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein.

26. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein.

27. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 27 of the Complaint and therefore DENIES each and every allegation contained therein.

28. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 28 of the Complaint and therefore DENIES each and every allegation contained therein.

29. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 29 of the Complaint and therefore DENIES each and every allegation contained therein.

899817v.1

30. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 30 of the Complaint and therefore DENIES each and every allegation contained therein.

31. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 31 of the Complaint and therefore DENIES each and every allegation contained therein.

32. WGII DENIES each and every allegation contained in Paragraph 32 of the Complaint, except WGII admits that in 1999 WGII's predecessor, Morrison Knudsen Corporation, contracted with the USACE pursuant to the Inner Harbor Navigation Canal Lock Replacement Project, which was authorized and approved by the United States Congress. Specifically, WGII demolished property improvements and performed site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east. WGII began working at the East Bank Industrial Area in January 2001, and completed its work, removed its equipment, and demobilized from the East Bank Industrial Area in May 2005. At all times the USACE supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

33. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein.

34. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 34 of the Complaint and therefore DENIES each and every allegation contained therein.

899817v.1

35. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 35 of the Complaint and therefore DENIES each and every allegation contained therein.

36. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 36 of the Complaint and therefore DENIES each and every allegation contained therein.

37. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 37 of the Complaint and therefore DENIES each and every allegation contained therein.

38. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 38 of the Complaint and therefore DENIES each and every allegation contained therein.

39. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 39 of the Complaint and therefore DENIES each and every allegation contained therein.

40. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 40 of the Complaint and therefore DENIES each and every allegation contained therein.

41. WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 41 of the Complaint and therefore DENIES each and every allegation contained therein.

42. Paragraph 42 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGII admits that the Flood Control Act of

899817v.1

1965 addresses hurricane protection for Orleans and Jefferson Parishes.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 42 of the Complaint and therefore DENIES each and every allegation contained therein.

43.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 43 of the Complaint and therefore DENIES each and every allegation contained therein.

44.    Paragraph 44 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 44 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

45.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 45 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

46.    Paragraph 46 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 46 of the Complaint and therefore DENIES each and every allegation contained therein.

47.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 47 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however that plaintiffs purport to desire to remain part of the putative class action lawsuit pending in this Court entitled *Colleen Berthelot, et al. v. Boh Brothers*

899817v.1

*Construction Co., LLC, et al.*, Civil Action No. 05-4182, and that they purport that the Complaint should in no way be considered opting out of that litigation.

*     *     *

To the extent that any response is required to the Prayer for Relief, WGII DENIES each and every allegation contained therein.

WGII is entitled to, and hereby demands, a trial by jury on all issues so triable.

Dated: November 13, 2007    Respectfully submitted,

/s/Heather S. Lonian
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant
Washington Group International, Inc.*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer has been served upon all counsel of record by electronic notice from the Court's CM/ECF system and/or by placing same in the United States mail, postage prepaid and properly addressed, this 13th day of November, 2007.

/s/Heather S. Lonian
Heather S. Lonian