UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) |
| | | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE        (Burks, No. 06-4173) | | MAG. WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant CitiMortgage, Inc. ("CitiMortgage") respectfully submits this memorandum in support of its Motion for Summary Judgment against plaintiff Erin Burks.

### INTRODUCTION

Plaintiff brings this lawsuit to recover for flood damages sustained to her home during Hurricane Katrina. As against CitiMortgage, plaintiff complains that it breached a duty owed her as her mortgagee by failing to ensure that plaintiff's home was properly insured against flood hazards. Respectfully, no such obligation is imposed upon CitiMortgage in the plaintiff's loan documents, nor is such a duty otherwise imposed at law. As such, CitiMortgage is entitled to summary judgment dismissing plaintiff's claims against it with prejudice.

## BACKGROUND

### I.     Plaintiff's Mortgage Loan

Plaintiff is the mortgagor of improved immovable property at 1 Trianon Plaza, New Orleans, Louisiana (the "Property"), under a 2003 note and mortgage agreement with Principal Residential Mortgage, Inc. ("Principal").[1]  CitiMortgage assumed the servicing of plaintiff's mortgage loan as successor-in-interest to Principal effective as of January 15, 2005.[2]

As protection for the security interest granted by plaintiff in the Property collateralizing her loan, plaintiff explicitly agreed in the Mortgage Agreement to procure and maintain specified insurance coverages on the Property:

> Property Insurance. **Borrower** shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," *and any other hazards including, but not limited to, earthquakes and floods, for which* **Lender requires** *insurance*. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that **Lender requires**.[3]

Additionally, the plaintiff further agreed to escrow the premiums for the insurance she was required to maintain on the Property:

> Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for … premiums for any and all insurance **required by the Lender….**[4]

---

[1] June 23, 2003 Mortgage, attached hereto as Exhibit "A-1." (hereinafter, the "Mortgage") (Exhibit "A," with attachments, has been filed under seal this date).

[2] Exhibit "A-2" (December 23, 2004 Servicing Notice).

[3] Exhibit "A-1," at § 5, pp. 6-7 (Mortgage).

[4] *Id.*, at § 3, p. 5.

2

Consistent with the foregoing language, whether insurance for "other hazards" such as earthquakes and floods is required -- and, hence, whether the premiums for that coverage are to be escrowed -- is discretionary with the mortgagee. In the case of plaintiff's loan, because the Property was determined not to lie within a special flood hazard area for purposes of the Flood Disaster Protection Act of 1973, flood insurance was not required and, therefore, no escrow account item was established for the maintenance of flood coverage in connection with the loan. *See* <u>Affidavit of Jon Hill</u> (Exhibit "A") at ¶¶ 3-4; and Exhibit "A-3" (Initial Escrow Account Disclosure Statement).[5] Indeed, at no time was plaintiff ever required to maintain or escrow for flood insurance, as she was for mandatory hazard insurance and property taxes. *See id.*; *see also* Mortgagor Introductory Letter (Exhibit "A-4"); April 25, 2005 CitiMortgage Disclosure Statement (Exhibit "B") (attached as Exhibit 19 to Plaintiff's Rule 26 Initial Disclosures).

At the closing on her loan, it appears that the plaintiff (although not required to do so) may have elected on her own to purchase flood insurance, though there is some question as to whether the flood policy was ever delivered and/or took effect. *See* <u>Amended Complaint</u>, ¶ II. Regardless, the procurement of any such insurance was entirely voluntary with plaintiff, and both the payment of premiums for and the maintenance and renewal of any such coverage was solely her responsibility.

## II.     Plaintiff's Claims Against CitiMortgage

Plaintiff filed the present suit naming as defendants her insurance agent, various insurance companies, and CitiMortgage, all of whom plaintiff contends should be held liable for Katrina-related flood losses allegedly suffered by the Property, which apparently was not insured for flood damage at the time of the storm.

---

[5] An escrow account was established to facilitate the payment of hazard and mortgage insurance premiums and real estate taxes.

Respectfully, and as this Court has recognized in numerous recent decisions, unless a mortgage lender expressly and explicitly assumes responsibility for procuring or maintaining its borrower's hazard or flood insurance in the mortgage agreement, there is simply no basis under applicable law by which the mortgagee may later be held liable to its mortgagor for any uninsured losses later sustained to the property collateralizing the underlying indebtedness.[6]  As such, and for the additional reasons that follow, plaintiff's claims against CitiMortgage fail as a matter of law and should be dismissed from this proceeding in their entirety.

## ANALYSIS

The uncontroverted evidence in this case demonstrates that CitiMortgage neither assumed, undertook, nor breached *any* duty or obligation with respect to the procurement or maintenance of flood insurance on the Property.  Accordingly, CitiMortgage is entitled to summary judgment as a matter of law dismissing plaintiff's claims against it in their entirety and with prejudice in accordance with Fed. R. Civ. Proc. 56.

**I.   CitiMortgage Had No Contractual Duty to Procure or Maintain Flood Insurance on the Property.**

The rights, duties, and obligations as between plaintiff and CitiMortgage, as mortgagor and mortgagee, are established and defined by the Mortgage Agreement, which stands as the law between the parties.  La. Civ. Code art 2046; *Hayes v. Wells Fargo Home Mortgage*, 2006 WL 3193743 * 3 (E.D. La. Oct. 31, 2006); *Durham Mgmt., Inc. v. Bank One Louisiana, Nat'l. Ass'n.* 03-2479 (La. App. 1 Cir. 2/11/05), 906 So. 2d 489, 495.

---

[6] Quite to the contrary, the law (and mortgage agreements such as plaintiff's) generally impose exactly the inverse obligation, requiring that the mortgagor insure and otherwise take all steps necessary to restore and maintain the property collateralizing the mortgage loan. For instance, the Mortgage not only requires plaintiff to maintain required property insurance on the Property but also obligates plaintiff to preserve and protect the Property from deterioration as well as restore and repair it in the event it is damaged. Exhibit "A-1," at § 7, p. 7 (Mortgage).

Nowhere in the Mortgage Agreement did CitiMortgage or its predecessor assume any obligation to procure, maintain, escrow for, or pay the premiums for flood insurance on the Property.  Quite to the contrary, the Mortgage Agreement plainly and explicitly imposes all responsibility for the procurement and maintenance of insurance exclusively on the plaintiff.  *See* Exhibit "A-1," (Mortgage), at ¶ 5.  Likewise, the Mortgage Agreement vested CitiMortgage with complete discretion not to require, and hence not to escrow for, flood insurance coverage (as coverage for "other hazards" made discretionary with the Lender in the Mortgage Agreement), which is exactly what CitiMortgage did.  Consistent with CitiMortgage's decision not to require flood insurance (based on the fact that property is *not* located in a mandatory Flood Hazard Area for purposes of the Flood Disaster Protection Act of 1973),[7] plaintiff was informed and expressly acknowledged in numerous loan origination documents that flood insurance *was not required* in connection with her mortgage, and that no funds were going to be escrowed to pay for any such coverage.  Further, neither CitiMortgage nor Principal ever collected or otherwise retained any funds from plaintiff for the payment of flood insurance premiums at any time during the term of the mortgage, as evidenced both by the Initial Escrow Account Disclosure Statement executed by plaintiff at the closing on her mortgage loan in 2003 and the subsequent annual escrow account statements issued to plaintiff.[8]

On these undisputed facts, CitiMortgage owed no contractual duty to plaintiff to procure or pay for flood insurance, and plaintiff therefore cannot state a cause of action in contract against CitiMortgage.  *See generally, e.g., Whitfield v. Countrywide Home Loans, Inc.*, 06-4166,

---

[7] *See* Exhibit "A-5" (FEMA Standard Flood Hazard Determination)

[8] Exhibit "A-3" (Initial Escrow Account Disclosure Statement); Exhibit "B" (Escrow Disclosure Statement/Exhibit 19 to Plaintiff's Rule 26 Initial Disclosures); *see also* Exhibit "A-6", *in globo* (Escrow Account Disclosure Statements); Affidavit of Jon Hill, ¶¶ 3-5 (Exhibit "A").

2007 WL 1200829 *2 (E.D. La. April 23, 2007) (because mortgage lender had no duty to procure and maintain flood insurance based on the mortgage contract, plaintiffs' breach of contract claim against their mortgage lender failed as a matter of law); *Shamrock Associated Indus. v. Fidelity Nat. Prop. & Cas. Ins. Co.,* No. 06-4093 at pp. 5-6 (E.D. La. Nov. 2, 2006) (mortgage lender had no contractual duty to obtain flood insurance on behalf of its borrower if the borrower failed to do so).

## II.     CitiMortgage Owed No Duty in Tort to Insure the Property.

Likewise, plaintiff has no possible claim against CitiMortgage in tort.  At the outset, no general duty of care is imposed upon a mortgagee in dealing with a mortgagor.  *See*, *e.g.*, *Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La. 1992) ("ordinarily a bank and [its customer] have a debtor-creditor relationship without an independent duty of care imposed on the bank"); *Guimmo v. Albarado*, 739 So.2d 973, 975 (La. App. 5 Cir. 1999) ("dealings between lending institutions and borrowers are generally considered to be arm's length transactions which do not impose any independent duty of care on the part the lender").  In other words, absent a contractual duty to procure or maintain flood insurance on the Property imposed in the Mortgage Agreement, there is simply no legal duty of care upon which plaintiff may rely to recover against CitiMortgage in tort related to any alleged failure on its part to ensure the maintenance of such insurance.  *See, e.g., Whitfield*, *supra*, (where mortgagee assumed no contractual duty to procure and maintain flood insurance, borrower could not state a cause of action in tort based on the mortgagee's failure to obtain such insurance); *Shamrock Associated Indus., supra*, (finding no duty in contract or tort obligating mortgage lender to ensure continuous flood insurance on mortgaged residence); *see also Clarkston v. Allstate Ins. Co.*, No. 06-4474, 2007 WL 128806 (E.D. La. Jan. 16, 2007); *Roche, supra.*

As already discussed, CitiMortgage assumed no duty to plaintiff with respect to either the procurement or maintenance of flood insurance in the mortgage agreement. Accordingly, plaintiff has no possible claim against CitiMortgage in tort on the premises of her pleadings.

### III.  CitiMortgage Owed No Fiduciary Duty to Plaintiff.

Finally, it is equally well-settled under Louisiana law that a mortgage lender assumes no fiduciary obligations to its borrower unless expressly provided for in *"a written agency or trust agreement"* executed between the lender and borrower. La. Rev. Stat. § 6:1124.[9] Plaintiff has neither alleged nor adduced any proof of a written agreement between the parties under which CitiMortgage expressly agreed to act and perform in the capacity of a fiduciary with respect to plaintiff or her flood policy. As such, plaintiff cannot hold CitiMortgage to the standard of a fiduciary in connection with any aspect of the parties' arms-length mortgage agreement, including any issues with respect to flood hazards or insurance. *See Clarkston v. Allstate Ins. Co., et al.*, 2007 WL 128806 (E.D. La. January 16, 2007) (La. R.S. 6:1124 precluded plaintiffs' claim that a lender owed and breached a fiduciary duty in connection with the maintenance of a flood insurance policy – via an escrow account – because plaintiff alleged no written fiduciary agreement).[10]

---

[9] La. Rev. Stat. § 6:1124 provides, in pertinent part, as follows:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a <u>written agency</u> or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof….

[10] *See also Whitfield* 2007 WL 1200829 at *2; *Shamrock Associated Industries, et al. v. Fidelity National Property and Casualty Ins. Co., et al.*, *supra*; *Roche, supra*.

7

In sum, plaintiff has not and cannot state a cognizable cause of action against CitiMortgage on the premises of this lawsuit.

## CONCLUSION

Accordingly, and for all of the foregoing reasons, plaintiff's claims against CitiMortgage fail as a matter of law on the undisputed facts before the Court, and these claims should, therefore, be dismissed in their entirety.

> Respectfully submitted,
>
> BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, PC
>
>
> BY:   /s/Tyler Weidlich             _____
>          KENT A. LAMBERT (No. 22458)
>          ANNE DERBES WITTMANN (No. 20584)
>          TYLER L. WEIDLICH (No. 30790)
>          201 St. Charles Avenue, Suite 3600
>          New Orleans, Louisiana  70170
>          Telephone:  (504) 566-5200
>          Facsimile:  (504) 636-4000
>          klambert@bakerdonelson.com
>
> **ATTORNEYS FOR CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2007, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

>          /s/Tyler Weidlich             _____

8