UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) |
| | | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE          (Burks, No. 06-4173) | | MAG. WILKINSON |

STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF CITIMORTGAGE'S MOTION FOR SUMMARY JUDGMENT

CitiMortgage, Inc. ("CitiMortgage") submits the following uncontested facts in support of its Motion for Summary Judgment:

1. On or about June 23, 2003, plaintiff, Erin Burks, executed a loan and mortgage with Principal Residential Mortgage, Inc. ("Principal") encumbering property located at 1 Trianon Plaza, New Orleans, Louisiana (hereinafter, the "Property"). June 23, 2003 Mortgage, Exhibit "A-1."

2. CitiMortgage assumed the servicing of plaintiff's loan as successor-in-interest to Principal effective January 15, 2005. December 23, 2004 Servicing Notice, Exhibit "A-2."

3. The plaintiff's Mortgage Agreement required that "Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire … and any other hazards, such as earthquake or flood for which Lender requires insurance." Mortgage, § 5, pp. 6-7 (Exhibit "A-1").

4. An escrow account was established through which funds were to be collected for hazard insurance, mortgage insurance, and property taxes. Initial Escrow Account Disclosure Statement, Exhibit "A-3". *Cf.* Affidavit of Jon Hill (Exhibit "B").

5. Because the plaintiff's property was not located in FEMA's Special Flood Hazard Zone, flood insurance was not required and no escrow account item was established for the payment of premiums for any such coverage. FEMA Standard Flood Hazard Determination, Exhibit "A-5"; Affidavit of Jon Hill (Exhibit "B").

6. Plaintiff was presented and signed numerous loan origination documents confirming *both* (1) that flood insurance was not required as a condition of the loan, and (2) that flood insurance would not be escrowed for. *See, e.g.,* Exhibit "A-3" (Initial Escrow Account Disclosure Statement); Exhibit "A-7" (Truth in Lending Statement).

7. At the closing on the Mortgage, plaintiff was not requested or required to and in fact did not present proof of flood insurance.

8. Shortly after the June 26, 2003 closing on plaintiff's loan, Principal forwarded correspondence to the plaintiff that confirmed the monthly payment structure under the Mortgage and provided an itemized statement of all escrowed items. Flood insurance was not included as an escrow item. *See* "A-4" (June 26, 2003 Correspondence).

NO TLW1 155029 v1
2791169-000018

9. At no time did CitiMortgage or its predecessor-in-interest, Principal, ever receive or retain escrow deposits from plaintiff, nor did CitiMortgage ever disburse or undertake to pay or otherwise be responsible for premium payments for flood insurance on the mortgaged property.  Exhibit "A-6", *in globo* (Escrow Account Disclosure Statements); Exhibit "B" (Escrow Disclosure Statement/Exhibit 19 to Plaintiff's Rule 26 Initial Disclosures); *see also* <u>Affidavit of Jon Hill</u> (Exhibit "A").

Respectfully submitted this 13th day of November, 2007.

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC


BY:   /s/Tyler Weidlich
      KENT A. LAMBERT (No. 22458)
      ANNE DERBES WITMANN (No. 20584)
      TYLER L. WEIDLICH (No. 30790)
      201 St. Charles Avenue, Suite 3600
      New Orleans, Louisiana  70170
      Telephone:  (504) 566-5200
      Facsimile:  (504) 636-4000
      klambert@bakerdonelson.com

**ATTORNEYS FOR CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2007, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

        /s/Tyler Weidlich