UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO<br>LEVEE: 06-5131 (Bourgeois)<br><br>* * * * * * * * * * * * * * * * * * * * * * | * CIVIL ACTION<br>*<br>* NUMBER 05-4182<br>* & CONSOLIDATED CASES<br>*<br>* SECTION "K"<br>*<br>* JUDGE DUVAL<br>*<br>* MAGISTRATE WILKINSON<br>* |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO F.R.CIV.P. 12(B)(6) AND/OR 12(C)**

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans move this Court pursuant to F.R.Civ.P. 12(b)(6) and/or 12(c) to dismiss plaintiffs' claims against it.[1]

This Court's judgments in favor of the Parish of Jefferson [Doc. 8390], the City of New Orleans [Doc. 1133], and the Board of Commissioners for the Port of New Orleans [Docs. 8389 & 8913], apply with equal force to the Sewerage and Water Board of New Orleans. Therefore, the Sewerage and Water Board of New Orleans is entitled to dismissal of plaintiffs' claims.

---

[1] Sewerage and Water Board of New Orleans answered plaintiffs' original complaint, but it has not responded to plaintiffs' First or Second Amendments to Complaint and therefore brings this motion under two potentially available federal rules of civil procedure in response thereto.

1

## BACKGROUND

As this Court observed in its Order dismissing the Parish of Jefferson [Doc. 8390] this suit is one of several, each defined by different geographic locations.[2] Rather than joining in the Master Class Actions pending in *In re Katrina Canal Breaches Consolidated Litigation*, civil action number 05-4182, these plaintiffs seek declaratory judgment and damages against the Sewerage and Water Board of New Orleans, the Board of Commissioners of the Orleans Levee District, the Board of Commissioners of the Port of New Orleans, the East Jefferson Levee District, the Parish of Jefferson, the Louisiana Department of Transportation and Development and the United States of America. As the Court observed, these plaintiffs rely on theories of liability different than those relied upon by plaintiffs in the Master Amended Complaints filed in the Levee and MRGO matters. *See* Order [Doc. 8390].

The relevant allegations against the Sewerage and Water Board of New Orleans in the *Bourgeois* complaint, as amended, are these:

### ORIGINAL COMPLAINT

> ¶68. The defendant Sewerage & Water Board is sued under a first Act of Assurance given under dates of February 18, 1997, pursuant to and in furtherance of Public Law 298 of the 89th Congress which authorized the construction of the Lake Pontchartrain, Louisiana Vicinity Hurricane Protection Project, and the Reevaluation Study, dated December 1983, approved February 7th 1985 which authorized the construction of the High Level Plan, and agreed to hold and save the Government free from damages due to the construction works;

---

[2] The Sewerage and Water Board of New Orleans is a defendant in only three of these cases – this one, *Sims*, no. 06-5116, and *DePass*, no. 06-5127.

¶69.    Under the second Act of Assurance the Sewerage & Water Board assured the Secretary of the Army that it had the authority and capability to furnish local cooperation required by federal legislation authorizing the fronting protection to pumping station No. 6 located at the 17th Street Canal, and with the consent of the Orleans Levee District and the East Jefferson Levee District in which it "agree(d) that it will:

(a) Hold and save the Government free from all damages arising from the operation, maintenance repair replacement and rehabilitation of the fronting project, and any fronting project related betterments, except for damages due to the fault of the Government or Government contractors;"

*   *   *   *

**Claims against the Sewerage and Water Board**

¶80.    The Sewerage and Water Board is liable for the failure to maintain the drainage canals under its jurisdiction including the New London and Orleans Canals.

¶81.    Plaintiffs avail themselves of the right of direct action against the Sewerage & Water Board under the February 1997 Act of Assurance under R.S. 22:655;

¶82.    The Sewerage and Water Board was so negligent and ineffective that it fell to the Corps to undertake same;

¶83.    The Sewerage and Water Board failed to improve the pump house wall under the Orleans Canal, as one example, magnifying the Corps's and the Levee Board's failures described in paragraphs 30 and 78, *infra*.

**FIRST AMENDMENT TO COMPLAINT**

The First Amendment to plaintiffs' complaint contains no allegations specifically directed to the Sewerage and Water Board of New Orleans.

3

## SECOND AMENDMENT TO COMPLAINT

¶11 m.  The Sewerage & Water Board continued to pump rainwater into the Orleans Canal, but due to the absence of fronting protection the waters flooded into the northern basin of the New Orleans East Polder;

## RELEVANT STANDANDS

Under F.R.Civ.P. 12(b)(6) or 12(c), the Sewerage and Water Board of New Orleans is entitled to an order, dismissing plaintiffs' claims.

**1.     Rule 12(b)(6)**

When a defendant attacks plaintiffs' complaint, as amended, because it fails to state a legally-cognizable claims, to survive a Rule 12(b)(6) challenge, plaintiffs' complaint must state "enough facts to sate a claim to relief that is *plausible* on its fact."  *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007)(emphasis added.)  The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)"  *Id.*, ___U.S. at _____, 127 S.Ct. at 1965.[3]

**2.     Rule 12(c)**

A motion brought pursuant to Rule 12(c) is designed to dispose of a case when a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially-noticed facts.  *Great Plains Trust Co. v. Moran Stanley Dean Witter & Co.*, 313

---

[3]  The Supreme Court in *Twombly* rejected the often-quoted "no set of facts" test the Court had previously articulated in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957).  Courts are now to employ a plausibility standard for scrutinizing the sufficiency of pleadings in the context of F.R.Civ.P. 12(b)(6) motions to dismiss.

F.3d 305, 313 (5th Cir.2000); *Southern Service Corporation v. Tidy Building Services, Inc.*, 2004 WL 2784909 (E.D.La. Dec. 1, 2004). To determine whether to grant a Rule 12(c) motion, a court "must look only to the pleadings and accept all allegations in them as true." *St. Paul Fire & Marine Ins. Co. v. Convalescent Serv., Inc.*, 193 F.3d 340, 342 (5th Cir.1999). The central issue "is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan Comm. Int'l Corp. v. Southwestern Bell Telephone Co.*, 313 F.3d 899, 904 (5th Cir. 2002). Finally, when a party moves for judgment on the pleadings because the non-moving party has failed to state a claim, this Court applies substantially the same standard as that which governs a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Jones v. M.L Greninger*, 188 F.3d 322, 324 (5th Cir.1999).[4]

Under the standards governing these two rules of civil procedure, the Sewerage and Water Board of New Orleans is entitled judgment in its favor, dismissing plaintiffs' complaint as amended.

## FAILURE TO STATE A CLAIM

Plaintiffs' allegations against the Sewerage and Water Board of New Orleans, like their allegations against the Parish of Jefferson and the Board of Commissioners of the Port of New Orleans, can be conveniently placed in one of two categories: (1) negligent preparation immediately before the hurricane and negligent response during and after

---

[4] *See* discussion *supra*, including footnote 4, regarding the "plausibility" standard *Twombly* announced. The "plausibility" standard logically should also apply to motions to dismiss brought under F.R.Civ.P. 12(c).

5

Hurricane Katrina; and (2) general failures arising out of *garde* of certain levees and drainage appurtances.  *See* Order [Doc. 8390], p. 6.

### ACTIONS AT THE TIME OF KATRINA

The Sewerage and Water Board of New Orleans, like the Parish of Jefferson, enjoys absolute immunity for actions it took preparing for and responding to Hurricane Katrina pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act, LSA—R.S. 29:721—736.  The Legislature enacted the Act:

> Because of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and destructiveness resulting from terrorist events, enemy attack, sabotage, or other hostile action, or from fire, flood, earthquake, or other natural or manmade causes, and in order to ensure that preparations of this state will be adequate to deal with such emergencies or disasters, and in order to detect, prevent, prepare for, investigate, respond to, or recover from these events, and generally to preserve the lives and property of the people of the state of Louisiana, it is hereby found and declared to be necessary:
>
> * * *
>
> (4)  To reduce vulnerability of people and communities of this state to damage, injury, and loss of life and property resulting from natural or man-made catastrophes, riots, acts of terrorism, or hostile military or paramilitary action.
>
> * * *
>
> (7)  To authorize and provide for cooperation in emergency or disaster prevention, mitigation, preparedness, response, and recovery.

LSA—R.S. 29:722(A).

6

The Act defines emergency preparedness as: "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." LSA—R.S. 29:723(3). A disaster is defined:

> The result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds, and other weather related events . . . and man-made disasters . . . .

LSA—R.S. 29:723(1).

In addition to empowering the Governor, Parish Presidents and others with the Executive branch of government to enact procedures to prepare for such natural and man-made disasters, the Legislature also granted immunity to the State's political subdivisions, agencies and their employees:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents, employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

LSA—R.S. 29:735(A).

As the Court found with Jefferson Parish, so too is the Sewerage and Water Board of New Orleans immune for actions it took before, during and after Hurricane Katrina. Therefore, those counts of plaintiffs' complaint, as amended, alleging liability against the Sewerage and Water Board of New Orleans for its actions before, during and after the hurricane must be dismissed for failing to state a cause of action as a matter of law. *Also see*

*Yates v. Elmer*, 06-267 (La.App. 5 Cir. 11/28/06); 948 So.2d 1092, *writ denied*, 2006-3033 (La. 2/16/07); 949 So.2d 417.

### GENERAL ALLEGATIONS ABOUT THE SEWERAGE AND WATER BOARD OF NEW ORLEANS' *GARDE* OVER THE LEVEES, DRAINAGE CANALS, AND DRAINAGE DITCHES

The bulk of plaintiffs' remaining allegations against the Sewerage and Water Board of New Orleans contend that the Sewerage and Water Board of New Orleans had *garde* over the City's levees, drainage ditches and canals and negligently acted in connection with those facilities.

First, the Sewerage and Water Board of New Orleans denies that it had *garde* over, or any responsibility for, the City's levees and floodwalls. The Sewerage and Water Board of New Orleans is an agency brought into existence only to discharge those duties the State delegated to it:

> §4071.  Creation and organization of sewerage and water board
>
> > A.(1)  The public water system, the public sewerage system, and the public drainage system of the city of New Orleans shall be constructed, controlled, maintained, and operated by a sewerage and water board . . . .

LSA—R.S. 33:4071A.

In contrast to the tasks the Legislature delegated to the Sewerage and Water Board of New Orleans, the full right, jurisdiction, power, and authority to construct, maintain and improve the levees surrounding New Orleans is vested exclusively in the Board of

8

Commissioners of the Orleans Levee District.[5] This Court has already so ruled in favor of the Board of Commissioners for the Port of New Orleans when the Court dismissed allegations against the Dock Board in connection with maintaining the City's levees, holding:

> . . . the maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board . . . . Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection.

See Doc. 8389, p. 2 (*citing Board of Comm. Of Orleans Levee Dist. v. Dept. of Natural Resources of the State of Louis*iana, 493 So.2d 281, 288-89 (La. 1986). Also see *DePass* Order [Doc. 8390], p. 10; and Order and Reasons [Doc. 1133](dismissing claims against the City of New Orleans.)

But, assuming for argument's sake only that the Sewerage and Water Board of New Orleans had *garde* over the levees, drainage canals and the like, the Sewerage and Water Board of New Orleans is afforded immunity pursuant to LSA—R.S. 9:2800H. That provision provides:

---

[5] Louisiana Revised Statute 38:307 provides that the Board of Commissioners of the Orleans Levee District has the full and exclusive right and jurisdiction over the levees:

§307. Orleans Levee District; powers of board of commissioners

> A.(1) The board of commissioners of the Orleans Levee District shall have and exercise all and singular the powers now conferred upon that board by law, as well as such powers as are herein granted. The board shall have full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects . . .

> H.(1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.
>
> (2) The provisions of this Subsection shall expire on August 30, 2008.
>
> (3) The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
>
> (4) The provisions of this Subsection shall be given retroactive application to August 26, 2005.

LSA—R.S. 9:2800.

As this Court already held in this case when it dismissed plaintiffs' similar claims against the Parish of Jefferson, "[b]y operation of this statute, then all claims for defalcation arising from the garde of any levee, drainage ditch or the like are barred if brought against a public body like [the Sewerage and Water Board of New Orleans]." *See* Order, pp. 9-10 [Doc. 8390].

In keeping with this Court's prior legal analysis, the Sewerage and Water Board of New Orleans is entitled to the same relief as this Court granted the Parish of Jefferson. Thus, plaintiffs' allegations alleging fault arising out of the Sewerage and Water Board of New Orleans' purported *garde* over the levees and drainage appurtenances fail to state a cause action. The Sewerage and Water Board of New Orleans is entitled therefore to dismissal of plaintiffs' claims.

## SO-CALLED ACTS OF ASSURANCE

Plaintiffs attempt to assert a cause of action against the Sewerage and Water Board of New Orleans arising out of so-called acts of assurance the Sewerage and Water Board of New Orleans entered into with the United States. Plaintiffs' allegations involving acts of assurance are these:

### ORIGINAL COMPLAINT

> ¶68. The defendant Sewerage & Water Board is sued under a first Act of Assurance given under dates of February 18, 1997, pursuant to and in furtherance of Public Law 298 of the 89th Congress which authorized the construction of the Lake Pontchartrain, Louisiana Vicinity Hurricane Protection Project, and the Reevaluation Study, dated December 1983, approved February 7th 1985 which authorized the construction of the High Level Plan, and agreed to hold and save the Government free from damages due to the construction works;
>
> ¶69. Under the second Act of Assurance the Sewerage & Water Board assured the Secretary of the Army that it had the authority and capability to furnish local cooperation required by federal legislation authorizing the fronting protection to pumping station No. 6 located at the 17th Street Canal, and with the consent of the Orleans Levee District and the East Jefferson Levee District in which it "agree(d) that it will:
>
> > (a) Hold and save the Government free from all damages arising from the operation, maintenance repair replacement and rehabilitation of the fronting project, and any fronting project related betterments, except for damages due to the fault of the Government or Government contractors;"
>
> \* \* \* \*
>
> ¶81. Plaintiffs avail themselves of the right of direct action against the Sewerage & Water Board under the February 1997 Act of Assurance under R.S. 22:655;

See Original Complaint, pp. 15, 16 & 18.

11

These allegations, however, are insufficient as a matter of law to state a cause of action against the Sewerage and Water Board of New Orleans. As this Court already held in this case when it dismissed plaintiffs' similar claims against the Board of Commissioners of the Port of New Orleans, the Acts of Assurance do not create a *stipulation pour autrui*, the Acts of Assurance at issue herein are not insurance policies and do not provide a basis for plaintiffs' direct action claims, and plaintiffs have failed to show that under federal common law they would have any right to sue the Port as a third-party beneficiary on the Acts of Assurance. *See* Order of November 7, 2007, pp. 4-9 [Doc. 8913].

In keeping with this Court's prior legal analysis, the Sewerage and Water Board of New Orleans is entitled to the same relief as this Court granted the Board of Commissioners of the Port of New Orleans. Thus, plaintiffs' allegations alleging fault arising out of so-called Acts of Assurance the Sewerage and Water Board of New Orleans entered into with the United States fail to state a cause action. The Sewerage and Water Board of New Orleans is entitled therefore to dismissal of plaintiffs' claims.

In granting the Board of Commissioners' motion to dismiss, this Court cited *Anderson v. Red River Waterway Commission*, 231 F.3d 211 (5th Cir. 2000). In *Anderson*, the Court of Appeals held that such assurances regarding federal construction projects were nothing more than an indemnification agreement whereby the state or local agency agreed only to indemnify the United States for amounts it may be cast in judgment by third parties, and do not confer the power or right upon third parties (like plaintiffs here) to file suit directly against the indemnifying state or local agency. *Id*., 215. Other courts, including

Louisiana state courts, hold likewise. *See Cooper v. City of Bogalusa*, 198 So. 510, 512 (La. 1940); *Adam v. Great Lakes Dredge and Dock Co.*, 273 So.2d 60 (La.App. 4 Cir. 1973); *Vujnovich v. State of Louisiana*, 184 So.2d 618, 620-621 (La.App. 4 Cir. 1966); *Petrovich v. State of Louisiana*, 181 So.2d 811, 814 (La.App. 4 Cir. 1966); *Vuljan v. Board of Commissioners of Port of New Orleans*, 170 So.2d 910, 913 (La. App. 4 Cir. 1965); *Haeuser v. Board of Commissioners of Port of New Orleans*, 170 So.2d 728 (La.App. 4 Cir. 1965).

In sum, these so-called Acts of Assurance are nothing more than indemnity agreements running between the state or local agency and the United States. These agreements do not, as this Court has correctly noted, provide plaintiffs as third parties with a right or cause of action against the indemnifying state or local agency. *See* Order of November 7, 2007, p. 6 [Doc. 8913].

But, even if the Court were to ignore the law and assuming even further for argument's sake that plaintiffs are third party beneficiaries of any acts of assurance, plaintiffs failed to allege any facts that the Sewerage and Water Board of New Orleans breached any specific "assurance" contained in the February 18, 1997, Supplemental Agreement between the United States of America and the Orleans Levee District whereby, "in consideration of the construction to be done by the United States of America for the fronting protection to its pumping station, [the Sewerage and Water Board of New Orleans] agrees that it will," without cost to the United States:

> a. Provide, all lands, easements, and rights-of-way determined by the Government to be necessary for the construction, operation, and maintenance of the fronting project;

13

b.  For so long as the fronting project remains authorized, operate, maintain, repair, replace, and rehabilitate the completed fronting project features, at no cost to the Government, in accordance with applicable Federal and State laws and any specific directions prescribed by the Government;

c.  Grant the Government, the EJLD, and the OLD a right to enter, at reasonable times and in a reasonable manner, upon lands which the S&WB owns or controls, for access to the fronting project for the purpose of inspecting, and, if necessary, for the purpose of completing, maintaining, repairing, replacing, or rehabilitating the fronting project;

d.  Hold and save the Government free from all damages arising from the operation, maintenance, repair, replacement, and rehabilitation of the fronting project and any fronting project related betterments, except for damages due to the fault or negligence of the Government or the Government's contractors;

e.  Prevent future encroachments on the provided fronting project lands, easements and rights-of-ways which might interfere with the proper functioning of the fronting project;

f.  Comply with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Act of 1970, Public Law 91-646, as amended by Title IV of the Surface Transportation and Uniform Relocation Assistance Act of 1987, Public Law 100-17, and the Uniform Regulations contained in 49 CER. part 24, in acquiring lands, easements, and rights-of-ways, and performing relocations, for construction, operation, and maintenance of the fronting project, and inform all affected persons of applicable benefits, policies, and procedures in connection with said act;

g.  Comply with all applicable Federal and State laws and regulations, including section 601 of the Civil Rights Act of 1964, Public Law 88-352, and Department of Defense Directive 5500.11 issued pursuant thereto, as well as Army Regulation 600-7, entitled "Nondiscrimination on the Basis of Handicap in Programs and Activities Assisted or Conducted by the Department of the Army.

See exhibit "A," pages 3 and 4.  *Also see* footnote 3, *supra*, and *Great Plains Trust Co., v. Morgan Stanley Dean Witter & Co*., 313 F.3d at 313; *Chauvin v. State Farm Fire and Cas. Co*., 450 F.Supp.2d at 662-63.

Plaintiffs allege no facts to show when, where, if, and how the Sewerage and Water Board of New Orleans breached any of these "assurances," and therefore, even assuming third party beneficiary status, plaintiffs' claims regarding these "assurances" fails to state a cause of action against the Sewerage and Water Board of New Orleans.

## CONCLUSION

This Court has already ruled in favor of the Parish of Jefferson and the board of Commissioners of the Port of New Orleans in this case, dismissing substantially the same claims plaintiffs assert against the Sewerage and Water Board of New Orleans.  The law and its applicability to the facts are the same for the purpose of this Court's analysis whether considering the merits of plaintiffs' claims against the Parish of Jefferson and the Board of Commissioners of the Port of New Orleans, or of their claims against the Sewerage and Water Board of New Orleans.  Thus, as a matter of law and in keeping with this Court's prior analysis and rulings, Sewerage and Water Board of New Orleans is entitled to an order, dismissing plaintiffs' claims against it with prejudice.

Respectfully submitted,

s/Charles M. Lanier, Jr.
────────────────────────────
**CHARLES M. LANIER, JR. - #18299, T.A.**
**KEVIN R. TULLY - #1627**
**H. CARTER MARSHALL - 28136**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

## **C E R T I F I C A T E**

I do hereby certify that on the 13th day of November 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.


s/Charles M. Lanier, Jr.
────────────────────────────
**CHARLES M. LANIER, JR.**


CK_DOCS 388075v1