UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. |
| | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | JUDGE DUVAL |
| _____ | * | |
| | * | |
| PERTAINS TO: | * | MAGISTRATE WILKINSON |
| | * | |
| INSURANCE (Gray, Charles No. 07-4787) | * | |
| _____ | | |

**ANSWER**

The Standard Fire Insurance Company ("Standard Fire"), incorrectly named as Travelers Casualty & Surety Company, answers as follows:

1.     Denies paragraph I through III except to admit that Standard Fire is authorized to do and is doing business in Louisiana.

2.     Denies paragraph IV.

3.     Denies paragraphs V through VIII except to admit that Standard Fire issued policy number 039943090 633 9 with a policy period of 12/17/04 to 12/17/05 ("Policy") to Charles and Sadie Gray.  The Policy, as a written document, is subject to its terms, conditions, limitations and exclusions.

4.     Denies paragraphs IX through XVII.

5.     Paragraph XVIII does not require a response.

6.      Denies paragraphs XIX through XXXI except to admit that the Policy, as a written document, is subject to its terms, conditions, limitations and exclusions.

7.      Denies paragraphs XXXII through XXXVI.

8.      Paragraph XXXVII does not require a response.

9.      Denies paragraphs XXXVIII through XLIII.

10.     Paragraph XLIV does not require a response.

11.     Denies paragraphs XLV through LXII.

12.     Paragraph LXIII does not require a response.

## First Affirmative Defense

The complaint fails to state a claim against Standard Fire upon which relief can be granted.

## Second Affirmative Defense

Standard Fire denies any liability to Plaintiffs.

## Third Affirmative Defense

The claims are barred, in whole or in part, by the terms, conditions, limitations and exclusions of the Policy.

## Fourth Affirmative Defense

Standard Fire has no obligations under the Policy unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, have been satisfied.  The Policy conditions include, but are not limited to, those detailed in the provisions titled "Insurable Interest and Limit of Liability," "Your Duties After Loss", "Loss Settlement", "Appraisal," "Other Insurance", "Loss Payment," and "No Benefit to Bailee."  To the extent the Plaintiffs

have not satisfied or have violated any conditions precedent or subsequent identified in the Policy, or have failed to comply with all the terms of the Policy, Standard Fire has no liability under the Policy.

### Fifth Affirmative Defense

The Policy provides coverage (consistent with its terms, conditions, limitations and exclusions) only for direct physical loss to personal property owned or used by an insured. Plaintiffs' claims are barred, in whole or in part, to the extent that the claims asserted are not for direct physical loss to personal property owned or used by the insured within the meaning of the Policy.

### Sixth Affirmative Defense

Coverage is provided only for loss caused by a peril insured against as defined in the Policy.  Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are not for loss caused by a peril insured against as defined in the Policy.

### Seventh Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by water damage as defined in the Policy.

### Eighth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover losses attributable to an ordinance or law as defined in the Policy.

### Ninth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by earth movement as defined in the Policy.

### Tenth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by power failure as defined in the Policy.

### Eleventh Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by neglect as defined in the Policy.

### Twelfth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

### Thirteenth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by faulty, inadequate or defective planning, zoning, development, surveying sitting; or faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; or faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; or faulty, inadequate or defective maintenance.

### Fourteenth Affirmative Defense

Coverage is barred, in whole or in part to the extent Plaintiffs seek to recover additional living expenses that are not attributable to an "Insured" within the meaning of the Policy.

### Fifteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover loss of use barred by the Policy language.

### Sixteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover losses that are not attributable to debris removal within the meaning of the Policy.

### Seventeenth Affirmative Defense

To the extent Standard Fire may have any liability under the Policy, that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the Policy or in any endorsement.

### Eighteenth Affirmative Defense

To the extent coverage exists, coverage may be limited, in whole or in part, by the loss to a pair or set language in the Policy.

### Nineteenth Affirmative Defense

Coverage is precluded, in whole or in part, by the following language in the Policy issued to Plaintiffs:

> **Suit Against Us.**  No action can be brought unless the policy provisions have been complied with. . . .

### Twentieth Affirmative Defense

To the extent coverage exists, coverage is limited by the loss settlement provision language of the Policy.

### Twenty-First Affirmative Defense

Coverage is barred for Plaintiffs' claim, in whole or in part, to the extent Plaintiffs seek damages for fungi and mold that is excluded by the terms, conditions, limitation and exclusions of the Policy.

### Twenty-Second Affirmative Defense

Standard Fire asserts that at all times it (i) acted in good faith, exercised due care, did not act in an arbitrary or capricious manner, (ii) properly and adequately complied with all provisions of the Policy and all applicable law, rules or regulations, and (iii) breached no duty or obligation owed to Plaintiffs.  Standard Fire further asserts that this lawsuit was filed as the result of a bona fide dispute between Standard Fire and Plaintiffs.

### Twenty-Third Affirmative Defense

Any liability under the Policy is excluded or reduced to the extent that the Plaintiffs have other insurance applicable to the claim.

### Twenty-Fourth Affirmative Defense

Any liability under the Policy is excluded, reduced or set-off to the extent payment has already been made to Plaintiffs for their alleged damages.

### Twenty-Fifth Affirmative Defense

The claim is precluded to the extent that Plaintiffs seek damages that are excluded or limited by the Policy.

**Twenty-Sixth Affirmative Defense**

Standard Fire further reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Standard Fire's ongoing investigation and discovery.

**Twenty-Seventh Affirmative Defense**

Because the complaint does not provide sufficient specificity of the allegations, Standard Fire reserves the right to raise any and all defenses under the Policy or applicable law.

Standard Fire requests that the Court dismiss with prejudice all claims by Plaintiffs against Standard Fire at Plaintiffs' cost and grant all other general and equitable relief to which Standard Fire may be entitled.

Respectfully submitted:

s/Douglas C. Longman, Jr.
DOUGLAS C. LONGMAN, JR. #8719
GARY J. RUSSO #10828
CAMILLE BIENVENU POCHÉ #22597
NADIA DE LA HOUSSAYE #24777
PERRET DOISE, APLC
P. O. Drawer 3408
Lafayette, LA  70502-3408
Telephone:     (337) 262-9000
Facsimile:     (337) 262-9001

ATTORNEYS FOR THE STANDARD FIRE
INSURANCE COMPANY

- 7 -

CERTIFICATE

I hereby certify that on November 13, 2007, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following by operation of the court's electronic filing system:

Calvin Clifford Fayard, Jr.

David Blayne Honeycutt

Peyton Patrick Murphy

Wanda Jean Edwards


s/Douglas C. Longman, Jr.