UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO: 05-4182 |
|  | * | SECTION: "K"(2) |
|  | * |  |
|  | * | JUDGE: STANWOOD R. DUVAL, JR. |
| PERTAINS TO: | * |  |
| LEVEE (2:07-cv-06256) | * * | MAGISTRATE JUDGE: JOSEPH C. WILKINSON, JR. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant, Liberty Mutual Fire Insurance Company, improperly referred to as Liberty Mutual Insurance Company ("Liberty Mutual"), submits this Opposition to plaintiff Vera Schmit's Motion to Remand. For the following reasons, plaintiff's motion should be denied.

### INTRODUCTION

On August 8, 2007, plaintiff, proceeding pro se, commenced this action, seeking recovery of damages and losses incurred as a result of Liberty Mutual's alleged improper adjustment and denial of plaintiff's claim for property damage caused by Hurricane Katrina, which plaintiff asserts was covered under a policy issued to her by Liberty Mutual. This action was originally filed in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, captioned "*Vera Schmit versus Liberty Mutual Insurance Company*"; Docket 109-741, Division "D." Liberty Mutual thereafter removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441. *See* No. 07-6256, Rec. Doc. 1.

- 1 -

The case thereafter was consolidated with case number 2005-cv-4182 and transferred to Section K. Plaintiff moved to remand.[1] Plaintiff's motion does not dispute that the parties are diverse. The lone issue raised is whether the $75,000 jurisdictional amount was satisfied at the time of removal. For the following reasons, Liberty Mutual believes that amount was properly at issue, the declaration is ineffective, and this Court properly has jurisdiction over this matter.

## LAW AND ARGUMENT

### I.      The Amount In Controversy Is Greater Than $75,000.

Where, as here, the complaint is silent on the specific amount of damages, jurisdiction turns on whether the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). Policy limits are properly considered in determining the amount in controversy. *See Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met).

Here, at the time of removal, the amount in controversy exceeded $75,000. Plaintiff alleges that the insured property sustained "**severe** property damage and losses." *See* No. 07-6256, Rec. Doc. 1-1 at ¶ 3 (emphasis supplied). Plaintiff's Liberty Mutual policy, attached as Ex. A, had a limit of $105,000 for coverage of the Dwelling, which limit is clearly relevant to the amount in controversy. *See Albarado*, 1991 WL 165733, at *1. After accounting

---

[1]      Plaintiff first filed her motion to remand in an unrelated case. This error was thereafter corrected, and Liberty Mutual here files its opposition.

97523

for adjustments and deductibles, Liberty Mutual paid plaintiff a total of $34,955.74, leaving $70,044.26 in dispute under the policy in connection with the alleged "severe" damages to plaintiff's home. In addition, plaintiff has a limit of $52,500 for contents and has asserted that that her contents losses exceed that amount. Plaintiff's contents, however, were not lost due to a peril covered by her Liberty Mutual policy and thus Liberty Mutual denied her contents claim. Therefore, at a minimum, $52,500 is at issue. Plaintiff also has a loss of use limit of $21,000, and she has been paid $2,000 for loss of use, leaving $19,000 at issue.

Even plaintiff's own repair estimates reveal that the amount in controversy is met. Plaintiff submitted a repair estimate totaling $162,010.75 for damages to the dwelling and a contents list totaling $88,460 to Liberty Mutual in support of her claim, which amounts together far exceeded the $75,000 amount in controversy. *See* Ex. B, Repair Estimate and Contents Lists.

Added to these amounts are the claimed attorneys' fees and damages under the Louisiana Unfair Trade Practice Act ("LUTPA") and La. Rev. Stat. 22:658 and 22:1220, *see* No. 07-6256, Rec. Doc. 1-1 at ¶ 6, which further swell the amount in controversy. Given the amount remaining unpaid on the policy, plaintiff's claims for damages to property, other structures, contents, and for loss of use, and the attorneys' fees and LUTPA damages claims, Liberty Mutual believes that more than $75,000 was at issue at the time of removal.

## II.   Plaintiff Cannot Prove To A "Legal Certainty" That The Amount In Controversy Is Less Than $75,000.

Once the removing party's burden is met, remand is proper only if plaintiff proves "to a legal certainty" that recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To prove a claim "to a legal certainty" requires more than mere conclusory allegations and must be supported with some form of evidence. *See, e.g., State Farm Gen. Ins. Co. v. Am. Elec.*, No. 05-2465, 2005 2037558, at *2 (E.D. La. Aug. 10,

- 3 -

2005) ("A bald statement that plaintiffs are not entitled to recover more than $70,762.90 does not convince the Court that this is a legal certainty.").

Rather than argue that her actual damages are less than $75,000, plaintiff relies solely on a settlement offer made by Liberty Mutual at an attempted mediation of this matter and argues that by making this offer, Liberty Mutual has somehow set the amount in controversy less than $75,000. Plaintiff attaches a "declaration" to its Motion as its sole support for this argument. Plaintiff's effort widely misses the mark. When determining whether federal jurisdiction is proper, the plaintiff -- not the defendant -- is the master of his or her complaint. *See, e.g.*, *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Therefore, it is plaintiff's valuation of her claim -- not Liberty Mutual's -- that governs whether the amount in controversy is met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir.1994) ("great weight" should be given to the plaintiff's assessment of value when determining removal jurisdiction); WRIGHT, FEDERAL COURTS, § 33 at 197 (5th ed.1994) ("[I]n general, the court looks to the sum demanded by the plaintiff.").

Here, during the same mediation at which Liberty Mutual made its settlement offer, plaintiff demanded $137,000 to settle the claim and would accept nothing less. *See* Ex. C, Affidavit of H. Minor Pipes, III. Clearly, plaintiff's demands, the amounts remaining in dispute under the policy, and the claims for penalties under LUTPA and La. Rev. Stat. 22:658 and 22:1220 establish that more than $75,000 is at issue. *See* pp. 2-3, *supra*. Plaintiff cannot, merely by "declaring" that Liberty Mutual has offered less at mediation, avoid this Court's jurisdiction. Accordingly, plaintiff's motion to remand should be denied, and the court should assume full jurisdiction over this matter.

- 4 -

## CONCLUSION

Plaintiff cannot prove to a legal certainty that the amount in controversy is less than $75,000. For this reason, and those in Liberty Mutual's Notice of Removal, plaintiff's Motion to Remand should be denied and this Court should assume full jurisdiction over this matter.

Respectfully Submitted,

*s/s H. Minor Pipes, III*
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorney for Liberty Mutual Fire Insurance Company*

## C E R T I F I C A T E

I hereby certify that on November 13, 2007, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record and served plaintiff Vera Schmit by placing a copy of the foregoing in First Class Mail, postage prepaid.

*s/s H. Minor Pipes, III*

97523