1810-63494-DMR/cal

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES CRAWFORD &** | * | |
| **CAROL CRAWFORD** | * | **CIVIL ACTION NO: 07-4809** |
| | * | |
| **VERSUS** | * | **SECTION: K** |
| | * | |
| **FIDELITY AND DEPOSIT COMPANY** | * | **MAGISTRATE: 2** |
| **OF MARYLAND** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT AND JURY TRIAL REQUESTED

**NOW INTO COURT**, through undersigned counsel of record, comes defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), who, in response to the plaintiffs' Complaint, does respond as follows:

### FIRST DEFENSE

That the Petition fails to state a cause of action upon which relief can be granted.

**AND NOW,** defendant affirmatively pleads the following defenses:

### SECOND DEFENSE

That in the event of a Judgment in favor of plaintiff and against your defendant, defendant avers that it is entitled to a credit or set off for any amounts paid to plaintiff, or either of them, under the policy sued upon, or for recovery of any amounts paid to them pursuant to any policy of flood insurance.

1

1810-63494-DMR/cal

## THIRD DEFENSE

Pleading further, your defendant avers payment, accord and satisfaction as an affirmative defense.

## FOURTH DEFENSE

Plaintiffs' claims constitute an improper attempt to achieve the *de novo* judicial review or otherwise to collaterally attack prior decisions made by the Louisiana Commissioner of Insurance since the policy forms for the contract in question were filed with and approved by the Louisiana Commissioner of Insurance pursuant to La. R.S. 22:620.  Therefore, plaintiffs' claims would interfere with the exclusive or primary jurisdiction of the Commissioner of Insurance of Louisiana, including his jurisdiction over policy forms.

## FIFTH DEFENSE

Defendant pleads satisfaction of any and all obligations owed under the policy at issue if the residence at issue was vacant and the mortgage on the property had been declared in default by the mortgagee at the time of the loss.  Fidelity specifically pleads in pertinent part:

## CONDITIONS

2. **Insurable Interest and Amount of Insurance**.  Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

   a. for an amount greater than the interest of a person insured under this policy; or
   b. for more than the applicable amount of insurance.

   If the Described Property is vacant and the mortgage on the property has been declared in default by the mortgagee at the time of a loss, we shall be liable for no more than the Mortgagee's interest in the property at the time of loss.

   The mortgagee's interest is represented by the mortgagor's unpaid balance, less unearned interest and finance charges, less unearned insurance premiums, less collection and foreclosure expenses, and less late charges and penalties added to the mortgagor's unpaid balance after the inception date of this policy.

2

1810-63494-DMR/cal

## SIXTH DEFENSE

Plaintiffs' claims are preempted under the Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, and the Supremacy Clause of the Constitution of the United States.

## SEVENTH DEFENSE

Plaintiffs' Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to respondent by the Constitutions of the United States and of the State of Louisiana.

## EIGHTH DEFENSE

Plaintiffs' Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to respondent by the Constitutions of the United States and of the State of Louisiana.

## NINTH DEFENSE

Plaintiffs' Petition improperly seeks to interfere with Interstate Commerce in contravention of the Commerce Clause of the Constitution of the United States.

## TENTH DEFENSE

Plaintiffs' Petition seeks to effect a deprivation of liberty and property in contravention of rights guaranteed respondent by the due process clauses of the Constitutions of the United States and of the State of Louisiana.

## ELEVENTH DEFENSE

Plaintiffs' Petition improperly seeks to deprive your respondent of equal protection of the law in contravention of the Constitutions of the United States and the State of Louisiana.

## TWELTH DEFENSE

Plaintiffs' claims are barred, in whole or in part by the "filed rate doctrine".

1810-63494-DMR/cal

## THIRTEENTH DEFENSE

Defendant pleads any and all policies of insurance and/or binders at issue, and specifically pleads any and all terms, conditions, policy exclusions and limits of liability contained in said policy as if copied herein in *extenso*.

## FOURTEENTH DEFENSE.

Plaintiffs have no right/no cause of action against defendant for all general and special damages, including any penalties, attorney's fees, costs and legal interests under either La. R.S. 22:1220 or La. R.S. 22:658. Defendant specifically avers that it has dealt in good faith at all times in connection with the handling of the claims in the above-captioned matter and further submits that plaintiff has failed to provide any satisfactory proof of loss.

## FIFTEENTH DEFENSE

Defendant specifically avers that it has and continues to conduct a reasonable investigation of any and all of the facts and circumstances surrounding the incident and loss made the basis of the incident litigation and any alleged damages resulting there from.

## SIXTEENTH DEFENSE

Further answering, to the extent that the plaintiffs may be claiming a right to penalties or attorney's fees pursuant to any amended versions of La. R.S. 22:658, 22:1220, or any other such statute, defendant avers that said amendments have no retroactive effect, and that a retroactive application to the events or losses occurring prior to the date of any such amendment would be violative of the Constitutions of the United States and the State of Louisiana.

## SEVENTEENTH DEFENSE

Your defendant avers, to the extent applicable, the provisions of the "other insurance" provisions of any policies of insurance affording coverage to plaintiff for the losses sued upon.

1810-63494-DMR/cal

## EIGHTEENTH DEFENSE

Plaintiffs' claims are based upon a contract of insurance between the parties.   Your defendant avers that if a policy of insurance is shown to exist, said policy is a written contract, therefore the best evidence of its own contents, all of which are plead as if copied herein *in extenso*.

## NINTEENTH DEFENSE

To the extent that plaintiffs have already received any payment from defendant for their loss, defendant avers that if those payments were appropriate, that defendant has paid everything owed under a policy of insurance in question, and, in the event of a judgment in favor of plaintiffs, then in that event, defendant claims the benefit of a credit or setoff for all amounts previously paid to plaintiffs.

## TWENTIETH DEFENSE

Plaintiffs' claims against defendant that pertains to any claims for damage to personal property or additional living expenses are barred in whole, or in part to the extent that the policy at issue does not provide coverage for any such claims of damage.

## TWENTY-FIRST DEFENSE

Defendant pleads the doctrine of payment.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent they fall outside the scopes of coverage provided by the policy at issue and/or are barred by the terms, exclusions, conditions and/or limitations contained in the policy.

1810-63494-DMR/cal

### TWENTY-THIRD DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the policy.

### TWENTY-FOURTH DEFENSE

The Louisiana Value Policy Law, Louisiana Revised Statute 22:695, does not apply.

### TWENTY-FIFTH DEFENSE

If plaintiffs suffered any damages, as alleged, such damages were caused, in whole or in part, by the actions or inactions of third parties, not defendant.

### TWENTY-SIXTH DEFENSE

To the extent that the monies recoverable under plaintiffs' policy are payable to a lender, mortgagee, named insured or other third party (collectively, "Lender"), defendant s entitled to a set-off for any amounts paid to the Lender and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Lender, to the extent of their interest.

### TWENTY-SEVENTH DEFENSE

Plaintiffs have been fully compensated for all covered losses under the policy at issue.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are premature and/or barred against defendant because plaintiffs failed to comply with the appraisal provisions in the policy in question.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any applicable public policy or express provision of law precludes or restricts coverage.

1810-63494-DMR/cal

## THIRTIETH DEFENSE

Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

## THIRTY-FIRST DEFENSE

There should be no recovery of punitive damages against defendant because such recovery would violate:

    a.  The Eighth Amendment to the Constitution of the United States of America;

    b.  The Fourteenth Amendment to the Constitution of the United States of America;

    c.  The Fifth Amendment to the Constitution of the United States of America;

    d.  The Tenth Amendment to the Constitution of the United States of America;

    e.  Federal Common Law; and

    f.  The Constitution of the State of Louisiana and of plaintiffs' residences.

## THIRTY-SECOND DEFENSE

An award of punitive damages against defendant in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America.

## THIRTY-THIRD DEFENSE

Any alleged injuries or damages suffered by plaintiffs does not result from or was not proximately caused by any act or omission, or any wrongful conduct on the part of defendant.

## THIRTY-FOURTH DEFENSE

Plaintiffs are not entitled to punitive damages based on the fact that plaintiffs have not sufficiently plead that defendant has engaged in wrongful conduct, willfully, wantonly, fraudulently, maliciously, oppressively, and with conscious indifference to consequences in the

1810-63494-DMR/cal

rights of others.   Defendant further avers that plaintiffs' claims for punitive damages are violative of the Constitution of the United States of America and any award of punitive damages against these defendant on this case in unconstitutional, including but not limited to, violative of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States of America.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that coverage for the loss or damage alleged in the Petition was caused intentionally by the plaintiffs or any member of the plaintiffs' household.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that the loss or damage alleged in the Petition is excluded or caused by land subsidence.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that the loss or damage alleged in the Petition is excluded for any loss caused by or contributed to in any manner due to the plaintiffs' modification to the Described Dwelling Property on which the Covered Structure is situated which materially increased the risk of "Flooding".

**THIRTY-EIGHTH DEFENSE**

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that it is not to "Covered Structures" or "Covered Property" within the meaning of the policy.

**THIRTY-NINTH DEFENSE**

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that it is not to "Described Dwelling Property" within the meaning of the policy.

1810-63494-DMR/cal

## FOURTHIETH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that any alleged loss or property damage is in excess of the "Actual Cash Value" defined and within the meaning of the policy.

## FORTY-FIRST DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that they have failed to comply with the terms and conditions of the policy, including the duty to cooperate.

## FORTY-SECOND DEFENSE

Any liability by defendant is limited under by any and all "Insurable Interests and Amount of Insurance" within the meaning of the policy.

## FORTY-THIRD DEFENSE

Defendant has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by pre-existing conditions over which the insured under the Policy had no control and for which defendant and the insured under the Policy are not responsible and may not be held liable.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were

1810-63494-DMR/cal

new, superseding and/or independent causes of any of the loss or damage alleged in the Complaint.

### FORTY-SIXTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by plaintiffs' own contributory and/or comparative fault or negligence.

### FORTY-SEVENTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent plaintiffs, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

### FORTY-EIGHTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

### FORTY-NINTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

### FIFTIETH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent plaintiffs' claims are for declaratory and/or injunctive relief.

### FIFTY-FIRST DEFENSE

If and to the extent defendant has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or

1810-63494-DMR/cal

deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

### FIFTY-SECOND DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent defendant's insured failed to comply with all of its duties and obligations under the Policy, including but not limited to its obligation to provide defendant with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

### FIFTY-THIRD DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, to the extent defendant's insured failed to meet all of the conditions precedent under the Policies.

### FIFTY-FOURTH DEFENSE

The Complaint fails to state a cause of action against Fidelity for attorney's fees.

### FIFTY-FIFTH DEFENSE

The Complaint is vague in that it does not describe the claims made against defendant with sufficient particularity to enable defendant to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policy, or the applicable law, Fidelity has in response to the Complaint. Defendant, therefore, reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims against defendant under any policy of homeowners'/hazard/wind policies are barred in whole or in part to the extend that any such damage at issue was due to "water damage". The relevant exclusion provides:

1810-63494-DMR/cal

## GENERAL EXCLUSIONS

1. We do not insure loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

    c. **Water Damage**, meaning:

        (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

        (2) water which backs up through sewers or drains or which overflows from a sump; or

        (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

### FIFTY-SEVENTH DEFENSE

Defendant is entitled to a credit for any and all amounts paid or to be paid to or on behalf of plaintiffs, including but not limited to any monies received or recoverable from FEMA, The Red Cross or any other governmental agency, insurance company or charitable organization.

### FIFTY-EIGHTH DEFENSE

Defendant is entitled to a trial by jury on all issues and claims relating to Homeowner's insurance policies and hereby requests and prays for same.

### FIFTY-NINTH DEFENSE

With regard to the plaintiffs' homeowner's policy, to the extent that the petition claims entitlement to recovery under La.R.S. 22:695, the Louisiana Valued Policy Law, Fidelity denies the applicability of that law to the facts of this suit. Fidelity further avers that plaintiff has not suffered a total loss that was caused by a covered peril, and that any award made to plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive Fidelity of equal protection of the law, all in contravention of the constitutions of the United States of America and the State of Louisiana.

1810-63494-DMR/cal

**AND NOW**, by way of responding, paragraph by paragraph, defendant responds to the Complaint as follows:

### 1.

The allegations contained in paragraph 1 of the Complaint are denied except to admit status.

### 2.

The allegations contained in paragraph 2 of the Complaint are denied except to admit that personal jurisdiction exists.

### 3.

The allegations contained in paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

### 4.

The allegations contained in paragraph 4 are denied.

### 5.

The allegations contained in paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

### 6.

The allegations contained in paragraph 6 of the Complaint are denied.

### 7.

The allegations contained in paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

### 8.

The allegations contained in paragraph 8 of the Complaint are denied.

1810-63494-DMR/cal

**9.**

The allegations contained in paragraph 9 of the Complaint are denied.

**10.**

The allegations contained in paragraph 10 of the Complaint are denied.

**11.**

The allegations contained in paragraph 9 of the Complaint are denied.

**12.**

The allegations contained in paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

**13.**

The allegations contained in paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

**14.**

The allegations contained in paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

**15.**

The allegations contained in paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

**16.**

The allegations contained in paragraph 16 of the Complaint are denied.

**17.**

The allegations contained in paragraph 17 of the Complaint are denied.

1810-63494-DMR/cal

## 18.

In response to paragraph 18, Fidelity reavers and reiterates all affirmative defenses and responses to the foregoing paragraphs as if copied herein.

## 19.

The statements made in paragraph 19 of the Complaint require no response as these statements merely make a legal conclusion. All remaining allegations contained in paragraph 19 or hereby expressly denied.

## 20.

The statements made in paragraph 20 of the Complaint require no response as these statements merely make a legal conclusion. All remaining allegations contained in paragraph 20 are hereby expressly denied.

## 21.

The allegations contained in paragraph 21 of the Complaint are denied.

## 22.

The allegations contained in paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

## 23.

The allegations contained in paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

## 24.

The allegations contained in paragraph 24 (incorrectly numbered 34) of the Complaint are denied.

1810-63494-DMR/cal

## 25.

The statements made in paragraph 25 of the Complaint require no response as these statements merely make a legal conclusion. All remaining allegations contained in paragraph 25 are hereby expressly denied.

## 26.

The allegations contained in paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

## 27.

The allegations contained in paragraph 27 of the Complaint are denied.

## 28.

The allegations contained in paragraph 28 of the Complaint are denied.

## 29.

The allegations contained in paragraph 29 of the Complaint are denied.

## 30.

The allegations contained in paragraph 30 of the Complaint are denied.

## 31.

The allegations contained in paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein. Furthermore, and out of an abundance of caution, Fidelity, denies any allegations made in the plaintiffs request for a declaratory judgment under paragraph 31 and its subparts.

1810-63494-DMR/cal

**32.**

The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein, except to accept the language contained in the National Flood Insurance Act.

**33.**

The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein, except to accept the language contained in 42 U.S.C § 4121(a)(1).

**34.**

The allegations contained in paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

**35.**

The allegations contained in paragraph 35 of the Complaint are denied.

**36.**

The allegations contained in paragraph 36 of the Complaint are denied.

**37.**

In response to paragraph 37, Fidelity reavers and reiterates all affirmative defenses and responses to the foregoing paragraphs as if copied herein.

**38.**

The allegations contained in paragraph 38 of the Complaint are denied.

**39.**

The allegations contained in paragraph 39 of the Complaint are denied.

1810-63494-DMR/cal

**40.**

The allegations contained in paragraph 40 of the Complaint are denied.

**41.**

The allegations contained in paragraph 41 of the Complaint are denied.

**42.**

The allegations contained in paragraph 42 of the Complaint are denied.

**43.**

The allegations contained in paragraph 43 of the Complaint are denied.

**44.**

In response to paragraph 44, Fidelity reavers and reiterates all affirmative defenses and responses to the foregoing paragraphs as if copied herein.

**45.**

The allegations contained in paragraph 45 of the Complaint are denied.

**46.**

The allegations contained in paragraph 46 of the Complaint are denied.

**47.**

The allegations contained in paragraph 47 of the Complaint are denied.

**48.**

The allegations contained in paragraph 48 of the Complaint are denied.

**49.**

The allegations contained in paragraph 49 of the Complaint are denied.

**50.**

The allegations contained in paragraph 50 of the Complaint are denied.

1810-63494-DMR/cal

**51.**

The allegations contained in paragraph 51 of the Complaint are denied.

**52.**

The allegations contained in paragraph 52 of the Complaint are denied.

**53.**

The allegations contained in paragraph 53 of the Complaint are denied.

**54.**

The allegations contained in paragraph 54 of the Complaint are denied.

**55.**

The allegations contained in paragraph 55 of the Complaint are denied.

**56.**

The allegations contained in paragraph 56 of the Complaint are denied.

**57.**

The statements made in paragraph 57 are legal conclusions that do not require a response. Nevertheless, out of an abundance of caution, the allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein, except to acknowledge the language contained in La. R.S. 22:1220.

**58.**

The statements made in paragraph 58 are legal conclusions that do not require a response. Nevertheless, out of an abundance of caution, the allegations contained in paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein, except to acknowledge the language contained in La. R.S. 22:1220.

1810-63494-DMR/cal

**59.**

The allegations contained in paragraph 59 of the Complaint are denied.

**60.**

The allegations contained in paragraph 60 of the Complaint are denied.

**61.**

The allegations contained in paragraph 61 of the Complaint are denied.

**62.**

The allegations contained in paragraph 62 of the Complaint are denied.

**63.**

The statements made in the paragraph and its subparts do not require a response. However, out of an abundance of caution, any allegations contained in this paragraph and its subparts are hereby expressly denied.

All misnumbered, unnumbered, unanswered or otherwise unresponded to allegations of fact, averments of law, prayers for relief or otherwise contained in plaintiff's Complaint are hereby expressly denied.

**WHEREFORE**, your defendant, Fidelity and Deposit Company of Maryland, prays that this answer be deemed good and sufficient, that they receive a trial by jury and for judgment dismissing plaintiffs' demands at their cost.

1810-63494-DMR/cal

Respectfully Submitted,

**HAILEY, McNAMARA, HALL,
LARMANN & PAPALE, L.L.P.**

**BY:** _____*s//: Daniel M. Redmann*_____
**DOMINIC J. OVELLA, #15030 – T.A.**
**dovella@hmhlp.com**
**ANNE E. MEDO, #24556**
**amedo@hmhlp.com**
**SEAN P. MOUNT, #27584**
**smount@hmhlp.com**
**DANIEL M. REDMANN, #30685 #**
**dredmann@hmhlp.com**
**J. CHRISTOPHER DIPPEL, JR., #30480**
**cdippel@hmhlp.com**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Counsel for defendant, Fidelity and Deposit
Company of Maryland

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 15 November 2007.

_____*s//: Daniel M. Redmann*_____