UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.  05-4182 "K" (2) |
| | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | MAGISTRATE WILKINSON |
| *Greenwood:*  No. 07-6194 | |

<u>MEMORANDUM IN OPPOSITION TO MOTION TO REMAND</u>

**MAY IT PLEASE THE COURT:**

Homesite Insurance Company ("Homesite") submits this memorandum in opposition to the Motion to Remand filed by plaintiffs, Roy and June Greenwood (hereinafter "Plaintiffs"). Despite the arguments raised in Plaintiffs' Motion to Remand, this Court has subject matter jurisdiction over this action because the amount in controversy exceeded $75,000 at the time of removal, and Plaintiffs' post-removal stipulation regarding the amount in controversy cannot divest this Court of jurisdiction.  Homesite further submits that Plaintiffs' attempt to challenge the Court's jurisdiction under the MMTJA is untimely and is without merit because the requirements of  28 U.S.C. §§1369 and 1441(e)(1) are clearly satisfied.

## BACKGROUND

A Petition for Damages (hereinafter "Petition") entitled *Roy Greenwood and June Greenwood vs. Homesite Insurance Company* was filed on or about August 14, 2007 in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs allege that Homesite issued a homeowners insurance policy which was in effect on August 29, 2005, when Hurricane Katrina caused damage to Plaintiffs' residence at 11436 Maxine Drive, New Orleans, Louisiana. Plaintiffs further allege that Homesite is liable for any and all damages to the dwelling/structure, other structures, personal property and loss of use caused by wind, flood and/or rising waters arising from the levee breaches. Plaintiffs also assert a claim to recover the full value of all coverages under the insurance policy issued by Homesite pursuant to Louisiana's Valued Policy Law. In addition, Plaintiffs allege that they are entitled to recover penalties and attorney's fees under Louisiana's bad faith statutes, La. R.S. 22:658 and La. R.S. 22:1220.

Homesite removed the action to this Court on September 27, 2007, on the grounds that this Court had diversity jurisdiction pursuant to 28 USC §1332 and on the grounds that this Court has jurisdiction over this action under the Multiparty, Mulitforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§1369 and 1441(e)(1). On November 1, 2007, Plaintiffs' filed a Motion to Remand. In support of the remand motion, Plaintiffs refer to the Stipulation and Renuciation of Right to Enforce Judgment filed in this matter on October 25, 2007, wherein Plaintiffs stipulate that the amount in controversy is less than $75,000 and that they renounce any right to enforce any judgment in excess of $75,000.

Homesite respectfully submits that Plaintiffs' motion must be denied because (1) the amount in controversy in this suit exceeded $75,000 at the time of removal, (2) Plaintiffs' post-

removal stipulation regarding the amount in controversy cannot divest this Court of jurisdiction, and (3) all requirements established by 28 U.S.C. §§1369 and 1441 (e)(1) are clearly satisfied and this Court has jurisdiction over this matter under the MMTJA.

**LAW AND ARGUMENT**

1. **Homesite Has Proven by a Preponderance of the Evidence that the Amount in Controversy Exceeded $75,000 at the Time of Removal, and Plaintiffs' Post-Removal Stipulation Cannot Divest this Court of Jurisdiction.**

Homesite demonstrated by a preponderance of the evidence in its Notice of Removal that the amount in controversy in this case exceeded $75,000 at the time of removal.  Homesite acknowledges that, as the party invoking the federal court's jurisdiction, it bears the burden of demonstrating that diversity of citizenship exists, that the amount in controversy exceeds the jurisdictional amount, and that the allegations of both of those elements are substantiated.[1] Homesite also acknowledges that, because the right to remove a state court action is statutory, invocations of federal jurisdiction must strictly conform to the statutory requirements.[2]  That being said, the Fifth Circuit has held that:

> if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount…. In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [the jurisdictional amount], they can be removed unless the plaintiff can show he is legally bound to accept less.[3]

---

[1]    *See Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D.Tx. 1994) (citing *Asociacion Nacional De Pescadores v. Dow Quimica*, 988 F.2d 559, 563 (5th Cir. 1993)).

[2]    *See Lupo v. Human Affairs International, Inc.*, 28 F.3d 269, 274 (2d. Cir. 1994).

[3]    *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995)(rule necessitated to avoid manipulation)).

NO.99827125.1

With that in mind, this Court previously held in *Addison v. Illinois Central R.R. Co.*, 967 F.Supp. 173 (E.D.La. 1997) that under Louisiana law the allegation that plaintiff's damages, including exemplary damages, is less than $45,000 "does not preclude the plaintiffs from recovering a larger sum than they seek in their complaints."[4]  This Court further held that, "[i]n light of *St. Paul Mercury [Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586. 82 L.Ed. 845 (1938)], plaintiff must make all the information known at the time that he files his complaint."[5]  That means that:

> [p]laintiff's 'legal certainty' obligation might be met in various ways; we can only speculate, without intimating how we might rule in such cases.  Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment.  Absent such a statute, '[l]itigants who want to prevent removal must file a **binding stipulation with or affidavit with their complaints**; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'[6]

Based on that law, there is no question that Homesite has established by a preponderance of the evidence that subject matter jurisdiction exists.  As there is no real dispute about the diversity of citizenship with respect to the parties in this case, the issue is whether the jurisdictional amount in controversy is met.[7]  As noted in Homesite's Notice of Removal, Plaintiffs seek recovery for all damages to the dwelling, other structure, personal property and loss of use caused by wind, flood and/or rising waters arising from the levee breaches.  Plaintiffs

---

[4]    *Addison,* 967 F.Supp. at 175.

[5]    *Id.* at 176.

[6]    *Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*); and, *De Aguilar*, 47 F.3d at 1412).

[7]    Homesite is a Connecticut corporation with its principal place of business in Boston, Massachusetts; Plaintiffs are Louisiana citizens, domiciled in this state.

NO.99827125.1

also assert a claim to recover the full value of all coverages under the insurance policy issued by Homesite pursuant to Louisiana's Valued Policy Law.  Plaintiffs further seek to recover damages under the Louisiana bad faith statutes, La. R.S. 22:658 and 22:1220, both of which provide for an award of exemplary damages in addition to the value of the insured's original claim.  The damages available under those statutes, combined with the value of Plaintiffs' claim, would certainly exceed the minimum amount in controversy necessary to establish this Court's jurisdiction (although Homesite expressly denies liability to the Plaintiffs for any amount).  If Plaintiffs' allegations are true, this is the type of cause where Plaintiffs could recover more than $75,000.  At the time of removal, therefore, the evidence established this Court's jurisdiction.

Moreover, based on this Court's reasoning in *Addison*, Plaintiffs' post-removal stipulation cannot divest this Court of jurisdiction.  Jurisdiction must be judged at the time of removal, and subsequent events cannot divest a district court of jurisdiction once it has attached.  When it is facially apparent from the petition that the amount in controversy exceeds $75,000, as in this case, post-removal affidavits reducing the amount of damages do not deprive the district court of jurisdiction.  *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).  The plaintiff in *Gebbia* alleged in her state court petition that she sustained injuries to her right wrist, left knee and patella and upper and lower back as a result of a slip and fall and that she was entitled to damages. Based on the allegations in the petition, the court held plaintiff's damages exceeded the $75,000 jurisdictional requirement and that her attempt to establish otherwise through a post-removal affidavit could not support remand.

Similarly, in *Miller v. Home Depot, U.S.A., Inc.*, 199 F.Supp.2d 502 (W.D. La. 2001), the court rejected plaintiffs' post-removal affidavits asserting their claims were less than the requisite jurisdictional amount, explaining:

> . . .Where the plaintiff after removal, by stipulation, by affidavit, or by amendment of the pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction. In this case the conclusory assertions in plaintiffs' affidavits add little to the inquiry relative to the jurisdictional amount.

> *Id.* at 514 (citations omitted).

The court in *Martin v. Turner*, 2003 WL 145531 (E.D. La. 2003) also found that plaintiffs' post-removal efforts, including their stipulation that their claims did not exceed $75,000, were not meritorious:

> If the plaintiffs wanted to ensure that their claims remained in state court, they could have easily filed a binding stipulation with the petition.  However, since they had neglected to do so, they are bound to the description of their claims as set forth in the petition, which clearly indicate a recovery in excess of the jurisdictional amount.
> *Id* at *2.  See also *Hill v. Hom/Ade Foods, Inc.*, 136 F.Supp.2d 605, 607 (W.D. La. 2000).

In this case, the Plaintiffs' Petition was not accompanied by any binding stipulation or affidavit that limited Plaintiffs' recovery in this case when it was filed.  Indeed, the Petition was filed by itself with no supporting documentation of any kind.  It was not until October 25, 2007, almost one month after Homesite removed this case to this Court, that Plaintiffs filed the stipulation in an attempt to divest this Court of jurisdiction and have this case remanded to state court.  *Addison* and the other cases cited above hold that such a stipulation is untimely and is

NO.99827125.1

insufficient to defeat the Court's jurisdiction.  Those cases hold that in a situation like this one, the plaintiff's motion to remand should be denied.

### 2. Plaintiffs' Stipulation is Inconsistent With Their Claim Under Louisiana's Valued Policy Law, and Plaintiffs' VPL Claim Should Therefore be Dismissed

As outlined above, Homesite submits that Plaintiffs' post-removal stipulation is insufficient to support a motion to remand. However, should this Court consider Plaintiffs' stipulation for purposes of this motion, Plaintiffs should not be allowed to maintain their claim under the Louisiana Valued Policy Law because it is inconsistent with the stipulation limiting the amount in controversy.  Specifically, if this court remands the instant action to state court based on the statement made in Plaintiffs' stipulation, Homesite respectfully submits that Plaintiffs' claims under La. R.S. 22:695 should first be dismissed.

Louisiana's Valued Policy Law provides in pertinent part:

> A.   Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application thereof, shall set forth in type of equal size, the actual method of such loss computation by the insurer.[8]

Plaintiffs have asserted a claim under La. R.S. 22:695 to recover the full value of all coverages under the Homesite policy, which has limits of liability of $289,000 for the dwelling, $28,900 for other structures, $144,500 for personal property and $57,800.00 for loss of use.  To

---

[8]      *See* La.R.S. § 22:695(A).

NO.99827125.1

grant Plaintiffs' motion to remand without first dismissing the Valued Policy Law claim would be inconsistent with Plaintiffs' stipulation limiting the amount in controversy to less than $75,000.00 and work a substantial injustice against Homesite.

Homesite respectfully submits that if Plaintiffs' motion to remand is granted, this Honorable Court should first dismiss Plaintiffs' claim under Louisiana's Valued Policy Law as inconsistent with the amount in controversy stipulation.

3. **Plaintiffs' Challenge of This Court's Jurisdiction under the MMTJA is Untimely and is Without Merit Because the Requirements of 28 U.S.C. §§ 1369 and 1441 (e)(1) are Clearly Satisfied.**

Homesite respectfully submits that Plaintiffs' motion to remand filed over 30 days after the Notice of Removal is untimely and that Plaintiffs are therefore barred from challenging this Court's jurisdiction under 28 USC §1369 and/or 28 U.S.C. §1441(e)(1). In *In Re Medscope Marine Ltd.,* the U. S. Fifth Circuit Court of Appeal discussed the concept of a waivable "defect in removal procedure" and established the rule that a defect in removal procedure must be timely raised.[9] Quoting a portion of the legislative history of 28 U.S.C. §1447(c), the Fifth Circuit stated:

> There is also some risk [if the thirty-day time period is not enforced as to defects in removal procedure] that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn. *The amendment provides a period of 30 days within which remand must be sought on any ground other than the lack of subject matter jurisdiction.*[10]

---

[9] *See In Re Medscope Marine Ltd.*, 972 F.2d 107 (5th Cir. 1992).

[10] *Id.* at 109 (emphasis in original).

8

For the reasons discussed above, Plaintiffs were required to file their motion to remand challenging the Court's jurisdiction under 28 USC §1369 and/or challenging the Court's supplemental jurisdiction under 28 U.S.C. §1441(e)(1) within 30 days after the Notice of Removal, and the failure to do so bars the Plaintiffs from challenging this Court's jurisdiction under the MMTJA.

Moreover, Plaintiffs' challenge of this Court's jurisdiction under the MMTJA is without merit. First, the Middle District and the Eastern District ruled previously in *Chehardy, et al. v. Louisiana Commissioner of Insurance, et al.*, Civil Action Nos. 06-1672, 06-1673, 06-1674 (Eastern District of Louisiana, following transfer from Middle District) that the levee breaches in New Orleans and the surrounding parishes caused by the forces of Hurricane Katrina satisfy the statutory definition of "accident." The *Chehardy* court held there is original federal subject matter jurisdiction over a civil action arising out of such an accident. In this case, Plaintiffs' petition alleges:

> Homesite is liable for damages from wind-driven rain, .... [and] any and all damages from flooding and/or rising water arising from the levee breaches, as per *In Re Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182(K)(2) in the United [States] District Court for the Eastern District of Louisiana.[11]

Plaintiffs' allegations involve the same levee breaches that were deemed in *Chehardy* to satisfy the jurisdictional requirement of 28 U.S.C. § 1369. Therefore, Plaintiffs' assertion that

---

[11]     *See* Plaintiffs' Petition, Rec. Doc. 1-2, p.2.

their claims are somehow "distinct from any other claims by any other plaintiffs that arouse *(sic)* as a result of insurance disputes and hurricane damage claims" is simply incorrect.[12]

In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.,* Civ. Action No. 06-2546, this Court recognized that Hurricane Katrina was a "single natural event," which culminated in the "accident" of the levee breaches in and around the New Orleans area. The *Flint* opinion further recognized the New Orleans area as a "discrete location" for purposes of establishing jurisdiction under the MMTJA.  As a result of this analysis, Plaintiffs' claim that 75 deaths did not occur at Plaintiffs' residence are irrelevant. Moreover, Plaintiffs' attempts to distinguish their claim from the claims at issue in *Chehardy*, or the other pending class actions, are, as outlined above, incorrect.[13]

Furthermore, the requirements of 28 U.S.C. § 1441(e)(1)(B) are unmistakably satisfied, and Plaintiffs' arguments to the contrary are misplaced.  As recognized in *Wallace v. Louisiana Citizens Property Insurance Corporation*, 28 U.S.C. § 1441 (e)(1)(B) requires the Court to determine whether **another pending case** (in this instance, *Aaron v. AIG Centennial Ins. Co.*, Civil Action No. 06-4746; *Alexander v. Automobile Club Inter-Ins. Exch.*, Civil Action No. 07-4538; *Aguilar vs. ALEA London Ltd.*, Civil Action No. 07-4852; *Abadie vs. Aegis Sec. Ins. Co.*, Civil Action No. 07-5112; among others) is or could have been brought under 28 U.S.C. § 1369, and whether the instant case arises from the same "accident" as *Aaron, Aguilar,* and/or *Abadie*.

Plaintiffs argue in their motion to remand that this Court lacks jurisdiction over this lawsuit under either 28 U.S.C. §1369 or 28 U.S.C. § 1441(e)(1). Indeed, Plaintiffs summarily

---

[12]      *See* Motion to Remand, Rec. Doc. 8788-2, p.5.

[13]      It is also worth noting that the *Aguilar* matter, to which Homesite is a named defendant, does not include any class allegations.

dismiss application of 28 U.S.C. §1441(e)(1) as "irrelevant" and argue that 28 U.S.C. §1369 has no application to **this** case. This assertion evidences Plaintiffs' fundamental misunderstanding of the jurisdictional provisions at issue. As outlined above, Homesite has the right to remove this case under 28 U.S.C. §1441 (e)(1)(B), and to have this Court exercise supplemental jurisdiction over it, if this action "arises from the same accident" as *Aaron, Aguilar*, and/or *Abadie*. The requirements for supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), and the analysis in *Wallace*, make clear that an original federal subject matter jurisdiction analysis of this case under 28 U.S.C. §1369, or any other federal statute, is not necessary. Although, as outlined above, Homesite believes this matter can be brought before the Court directly under the MMTJA, the right of Homesite to remove this case under 28 U.S.C. §1441(e)(1)(B), and the Court's supplemental subject matter jurisdiction over it exist "even if the action to be removed **could not have been brought in a district court as an original matter**."[14]

Furthermore, Plaintiffs' attempts to distinguish their claims from those asserted in *Aaron, Aguilar*, and/or *Abadie*, are ill-founded where the correct inquiry for supplemental jurisdiction purposes is limited to whether Plaintiffs' claims "arise from the same accident" as the *Aaron, et al.*, suits to which Homesite is also a party. The answer to this question is summarily yes.

## CONCLUSION

For the reasons set forth above, Homesite respectfully requests this Honorable Court deny Plaintiffs' motion to remand. Alternatively, and only in the event that this Court considers Plaintiffs' stipulation as a basis for remand, Homesite respectfully submits that Plaintiffs' claim

---

[14]    *See* 28 U.S.C. §1441(e)(1)(B).

NO.99827125.1

under Louisiana's Valued Policy Law should first be dismissed as inconsistent with the stipulation limiting the amount in controversy.

Respectfully submitted:

**PHELPS DUNBAR LLP**

BY:   /s/ Nora B. Bilbro
        NEIL C. ABRAMSON (21436)
        NORA B. BILBRO (22955)
        Canal Place
        365 Canal Street • Suite 2000
        New Orleans, Louisiana  70130-6534
        Telephone:  (504) 566-1311
        Facsimile:  (504) 568-9130 or 9007

and

        MARSHALL M. REDMON (18398)
        445 North Boulevard, Suite 701
        Baton Rouge, LA  70802
        Telephone: (225) 346-0285
        Fax: (225) 381-9197

        **COUNSEL FOR HOMESITE**
        **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on all counsel of record, by electronic notice, facsimile and/or First Class, United States Mail, properly addressed and postage prepaid, this 16th day of November, 2007.

        /s/ Nora B. Bilbro

12

NO.99827125.1