UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| _____ | * * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE *Vanderbrook*, No. 05-6323 | * * * * | MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT HANOVER INSURANCE COMPANY'S MEMORANDUM IN  SUPPORT OF ITS MOTION FOR ENTRY OF FINAL JUDGMENT REGARDING JAMES  CAPELLA**

**MAY IT PLEASE THE COURT:**

Defendant Hanover Insurance Company ("Hanover") respectfully moves for entry of final judgment in its favor in the *Vanderbrook* case, in accordance with the August 2, 2007 opinion of the United States Court of Appeals for the Fifth Circuit. In support of its motion for entry of final judgment, Hanover respectfully submits the following memorandum of law and states as follows:

1.  Plaintiff James Cappella ("Cappella" or "Plaintiff") owns a home in New Orleans which is insured by Hanover (the "Hanover Policy").  (Petition, ¶ 7(j).)

2.  The Petition seeks to recover only for water damage resulting from the failure of the canal wall on the 17th Street Canal.  Specifically, Cappella alleges that, "[s]ometime between 10:00 and 11:00 a.m. on August 29, 2005, before the full force of [Hurricane Katrina] reached

-1-

the City of New Orleans, a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans and homes of Petitioners," resulting in damage to Plaintiff's home.  (Id., ¶ 3.)

3. Cappella further alleges that Hanover improperly failed to pay for the water damage because it is not an excluded loss, and that the water damage exclusions in the Hanover Policy is unconscionable and void.  (Id., ¶¶ 10 and 11.)

4. On June 15, 2006, Hanover filed a motion for judgment on the pleadings in *Richard Vanderbrook et al. v. State Farm Fire & Cas. Co., et al.*, Civil Action No. 05-6323, with respect to Plaintiff's claims.  (Civ. A. No. 05-4182, Rec. Doc. 568).

5. On November 27, 2006, this Court issued an Order and Reasons denying Hanover's motion for judgment on the pleadings, as well as certain other insurer's motions.  The Court certified its orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Civ. A. No. 05-4182, Rec. Doc. 1803.)

6. Hanover (and certain other insurers) sought leave to appeal from this Court's November 27, 2006 Order.  The United States Court of Appeals for the Fifth Circuit granted leave to appeal and heard the appeal on an expedited basis.  (Civ. A. No. 05-4182, Rec. Docs. 3200, 3560.)

7. The Fifth Circuit issued its opinion in the interlocutory appeal on August 2, 2007.  The Fifth Circuit's judgment, issued as its mandate, was docketed in this Court on August 29, 2007.  (Civ. A. No. 05-6323, Rec. Doc. 47.)

8. Specifically, the Fifth Circuit ordered: "With respect to the *Vanderbrook* action, the district court's grant of State Farm's motion for judgment on the pleadings is AFFIRMED.  The denial of the motions for judgment on the pleadings filed by Hanover and Standard Fire is

-2-

VACATED and REMANDED." (Id., at 45.) This case was remanded "for further proceedings consistent with this opinion." (Id.)

9. Based on the Fifth Circuit's opinion, nothing remains to be litigated in this case. The Fifth Circuit held that Plaintiff is not entitled to recover under the Hanover Policy for water damage resulting from the levee breaches:

> We conclude, however, that even if the plaintiffs can prove that the levees were negligently designed, constructed, or maintained and that the breaches were due to this negligence, the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery. Regardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property. This event was excluded from coverage under the plaintiffs' insurance policies, and under Louisiana law, we are bound to enforce the unambiguous terms of their insurance contracts as written. Accordingly, we conclude that the plaintiffs are not entitled to recover under their policies.

(Id., at 3.)

10. In view of the Fifth Circuit's decision, Hanover is entitled to a final judgment on the pleadings in this case because the Plaintiff only seeks coverage for damage caused by water released as a result of a broken wall on the 17th Street Canal. (Petition, ¶¶ 3, 10.)

11. The Fifth Circuit has squarely ruled that there is no coverage for such damage. Accordingly, a final judgment should be entered in favor of Hanover.

## **CONCLUSION**

For all of the foregoing reasons, a final judgment should be entered in favor of Hanover in this case.

Respectfully submitted,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775

-4-

> New Orleans, LA 70130
> Telephone: (504) 568-1990
> Facsimile: (504) 310-9195
>
> and
>
> Paul E. B. Glad (pro hac vice)
> Kevin P. Kamraczewski (pro hac vice)
> SONNENSCHEIN NATH & ROSENTHAL LLP
> 7800 Sears Tower
> Chicago, IL 60606
> Telephone: (312) 876-8000
> Facsimile: (312) 876-7934
>
> Attorneys for Hanover Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2007 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

**All known counsel of record**

by operation of the court's electronic filing system.

> s/Seth A. Schmeeckle
> Seth A. Schmeeckle, La. Bar No. 27076