UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES           CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br>NO.:  05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| _____ | * | _____ |
| PERTAINS TO:  INSURANCE | *<br>* | |
| SHANE AND SHARON ANSARDI, ET AL., | *<br>* | |
| Plaintiffs, | *<br>* | CIVIL ACTION<br>NO.:  07-5767 |
| VERSUS | *<br>* | |
| ALLSTATE INSURANCE COMPANY, | *<br>* | |
| Defendant. | *<br>* | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant, Allstate Insurance Company, ("Allstate") responds to the Petition for Damages ("Petition") filed by Plaintiffs as follows:

1

## MOTION TO DISMISS[1]

1.      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Allstate moves to dismiss Plaintiffs' claims because Plaintiffs have failed to state a claim upon which relief can be granted.  Specifically, the flood exclusion in the homeowner's insurance policies upon which Plaintiffs base their claims bars Plaintiffs' claims for flood damage, whether the alleged flood damage was caused by an act of God or through the negligence of third parties.   *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 196 (5th Cir. 2007). Plaintiffs' policies also exclude any damage caused by "[w]ater or any other substance on or below the surface of the ground, regardless of its source."  Plaintiffs' claims arising under the Louisiana Valued Policy Law, La. Rev. Stat. § 22:695(A) ("VPL"), also fail because Plaintiffs cannot and did not allege that their property was rendered a total loss from a covered peril.  *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 239-40 (5th Cir. 2007). Finally, Plaintiffs' alternative claims fail to state a claim because Plaintiffs failed to identify any specific provision of Plaintiffs' policies that Allstate allegedly violated.  *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002), *cert. denied*, 540 U.S. 812 (2003).  As a result, Plaintiffs' claims should be dismissed.

## MOTION FOR MORE DEFINITE STATEMENT

2.      Subject to and without waiver of its Motion to Dismiss, Allstate moves the Court to require Plaintiffs to provide a more definite statement of their claim and the bases upon which the claims are made.  Fed. R. Civ. P. 12(e).  In this case, 44 individuals have asserted claims against Allstate.  Beyond the boiler-plate and conclusory allegations, none of

---

[1] Allstate's arguments in support of dismissal are set forth in detail in Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Claims or, in the Alternative, Motion for More Definite Statement, filed contemporaneously herewith.

the Plaintiffs have provided any specific information concerning their respective claims. The Plaintiffs should be required to re-plead with more specificity before Allstate is required to answer.

WHEREFORE, Defendant, Allstate Insurance Company, prays that its Motion to Dismiss be granted, or alternatively, that its Motion for More Definite Statement be granted, and that after due proceedings had, this Court render judgment in Allstate's favor, with all costs and fees assessed against the Plaintiffs.

Respectfully submitted,


By:      /s/   Arthur J. Lentini
         Arthur J. Lentini, APLC (#8520)

6620 Riverside Drive, Suite 312
Metairie, Louisiana 70003
(504) 780-8700 Telephone

**OF COUNSEL:**
Stephen H. Lee
J. B. (Trey) Henderson III
6660 Riverside Drive, Suite 212
Metairie, Louisiana 70003
(504) 456-5809 Telephone

*Attorneys for Allstate Insurance Company*


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 16th day of November, 2007.

   /s/    Arthur J. Lentini
   Arthur J. Lentini