UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEAR MOTHER'S TASTE OF NEW ORLEANS LLC, HASAN AL-GHANI, AND KHADIJA AL-GHANI<br>    Plaintiffs | *<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 06-5890<br><br>SECTION "F" MAG. (1) |
| VERSUS | *<br>* | |
| M.A. HAYES COMPANY, TRAVELERS INDEMNITY COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br>    Defendants | *<br>*<br>*<br>*<br>* | JUDGE FELDMAN<br><br>MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF M.A. HAYES COMPANY'S 12(b)(2)
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**MAY IT PLEASE THE COURT:**

M.A. Hayes Company respectfully submits the following memorandum of law in support of its 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction.

**INTRODUCTION**

M.A. Hayes Company is a California company and independent insurance agency, with its principal place of business in Richmond, California.[1] It is not licensed to do business in Louisiana, nor does it transact any business in Louisiana.[2] M.A. Hayes Company has no agent for service of process, offices or employees in Louisiana, owns no

---

[1] Affidavit of Anita Smith-Goss at Paragraph 2.
[2] *Id.* at Paragraphs 3-10.

1

movable or immovable property in Louisiana, and maintains no records in Louisiana.[3] It has never solicited business in Louisiana, nor has it ever advertised in Louisiana.[4]

Beginning in 1998, Anita Smith-Goss, an insurance broker of M.A. Hayes Company, became an insurance agent for Hasan and Khadija Al-Ghani.[5] At that time, the Al-Ghanis were residents of California and owned a strip mall and a restaurant, both located in Oakland, California.[6] Ms. Goss secured commercial insurance coverage for these businesses.[7] In June or July 2005, the Al-Ghanis requested that Ms. Goss secure a policy of commercial general liability insurance, with limited business personal property damage coverage, for a bakery that they were opening in New Orleans under the name of Dear Mother's Taste of New Orleans, Inc.[8]

Pursuant to this request, Ms. Goss secured a commercial general liability insurance policy with Travelers Property Casualty Company of America.[9] The policy was issued in Hartford, Connecticut, with a premium of $378.00.[10] The commission received by M.A. Hayes Company for the issuance of the policy was $56.70.[11] At no time prior to the issuance of this policy did the Al-Ghanis request any coverage other

---

[3] *Id.* at Paragraphs 4-8.
[4] *Id.* at Paragraphs 9 and 10.
[5] *Id.* at Paragraph 11.
[6] Affidavit of Anita Smith-Goss at Paragraph 11.
[7] *Id.* at Paragraph 12.
[8] *Id.* at Paragraph 13.
[9] *Id.* at Paragraph 14.
[10] *Id.* at Paragraphs 14 and 17.
[11] Affidavit of Anita Smith-Goss at Paragraph 18.

than commercial general liability insurance. Specifically, the Al-Ghanis did not request flood or business interruption coverage.[12]

M.A. Hayes Company has never secured any insurance coverage for any other entities or property in Louisiana and has no contacts with Louisiana other than securing the policy in question.[13] M.A. Hayes Company has never visited Louisiana with regard to the securing or issuance of the policy at issue in this suit – its sole contact with Louisiana came in the form of a few phone calls to and from the Al-Ghanis.[14] Finally, M.A. Hayes Company has never sought to avail itself of the benefits and protection of Louisiana law and could not have reasonably foreseen being haled into court in Louisiana.[15] Thus, there are not sufficient minimum contacts to satisfy due process.

## LAW AND ARGUMENT

### A.  Burden of Proof.

"When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996); *Dickson Marine Inc. v. Panalpina*, 179 F.3d 331, 336 (5th Cir. 1999). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any other combination of the recognized methods of discovery." *Stuart v.*

---

[12] *Id.* at Paragraph 16.
[13] *Id.* at Paragraph 21.
[14] *Id.* at Paragraphs 19 and 20.
[15] *Id.* at Paragraphs 22 and 23.

3

*Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985), *citing Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The allegations in the plaintiffs' complaint are accepted as true, except as contradicted by affidavits presented by the defendant, and all controverted allegations are resolved in favor of the plaintiff. *Starfleet Marine Transp., Inc. v. Kobelt Mfg. Co., Ltd.*, 2006 WL 3087171, at *4 (E.D.La. Oct. 24, 2006).

**B.     This Court Lacks Jurisdiction over the Person of M.A. Hayes Company, Thus, Plaintiffs' Claims Should be Dismissed.**

Federal district courts sitting in diversity may exercise personal jurisdiction over a nonresident defendant only to the extent permitted a state court under applicable state law and only if the assertion of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *Starfleet Marine*, 2006 WL 3087171, at *4. The Louisiana long arm statute, La. Rev. Stat. § 13:3201, authorizes Louisiana courts "to exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of [Louisiana] and of the Constitution of the United States." *Estate of Monroe v. Bottle Rock Power Corp.*, 2005 WL 119883, at *5 (E.D.La. Jan 19, 2005); *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790 (La. 1987). Thus, the sole inquiry for this Court to consider is whether exercising jurisdiction comports with the requirements of constitutional due process.

### 1.  Plaintiffs Cannot Establish that M.A. Hayes Company has the Requisite Minimum Contacts Necessary for this Court to Exercise Personal Jurisdiction.

Due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Aetna Cas. & Sur. Co. v. Cont'l W. Ins. Co.*, 704 So.2d 900, 902 (La.App. 3 Cir. 1997). Minimum contacts exist only if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475, *citing Hanson v. Denckla*, 367 U.S. 235, 253 (1958); *Alpine View Co. Ltd. v. Atlas Corp. AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Sparks v. U.S. Fid. & Guar.,* 92-2498 (La.App. 4 Cir. 02/11/93), 614 So.2d 290, 292-93. The defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court in there. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986), *citing Hanson v. Denckla*, 357 U.S. at 253; *J. Wilton Jones v. Touche Ross & Co.*, 556 So.2d 67 (La.App. 4 Cir. 1989).

M.A. Hayes Company has no contacts with Louisiana other than securing insurance coverage for its California clients who had recently relocated to Louisiana. It is axiomatic that a contract, standing alone, is insufficient to support personal jurisdiction. *Burger King Corp.*, 471 U.S. 462, 474. Moreover, M.A. Hayes was only a broker/intermediary who procured the policy, not an insurer. *See Adams v. Unione*

*Mediterranea di Sicurta,* 234 F.Supp.2d 614 (E.D.La.2002). As the *Adams* Court noted, courts simply recognize a lower standard for exercising personal jurisdiction over an insurer. *Id.* This lower standard, however, does not apply to M.A. Hayes Company. More significant contacts than exist in this case are required to establish personal jurisdiction. *See John Kennedy, Inc. v. Lloyd's Underwriters at London*, Civ. A. No. 96-1091, 1996 WL392174 at *2 (E.D. La. July 9, 1996) (finding that personal jurisdiction existed only where record revealed multiple insurance policies issued in Louisiana to Louisiana residents, numerous communications with Louisiana clients or their representatives, and multiple other Louisiana contacts); *Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 415 (5th Cir. 1979) (holding that due process was not satisfied when the only Louisiana contact was the processing of an insurance application through an underwriting insurance company's New Orleans office and defendant did not have offices or employees in Louisiana, nor did it solicit business in Louisiana).

In *Sparks v. United States Fidelity & Guaranty*, the Fourth Circuit Court of Appeal of Louisiana held that sufficient minimum contacts did not exist to establish personal jurisdiction over a foreign corporation, where the corporation's only contact with Louisiana was the issuance of a certificate of insurance adding the New Orleans Convention Center as an additional insured to its client's liability policy. 614 So.2d 290 (La.App. 4 Cir. 1993). In that case, the third-party defendant, Connecticut Insurance Exchange (CEI), mailed a certificate of insurance to Louisiana, at the request of its client, Robert Donnell Productions, naming the Conventional Center as an additional insured

6

under its Western World insurance policy.  *Id.* at 292-293.  CEI was the producer of the insurance, but not the insurer itself.  *Id.*  CEI was a Connecticut corporation, not licensed to do business in Louisiana.  *Id.* at 293.  It did not have offices, employees, or agents in Louisiana, nor did it own property or have any assets located in Louisiana.  *Id.*  Further CEI had no agents or representatives in Louisiana, and did not advertise or solicit business in Louisiana.  *Id.*  Its only contact with Louisiana was the mailing a certificate of insurance to Louisiana, certifying that the Convention Center was added as an additional insured to its client's Western World liability policy. *Id.*

The facts of *Sparks* are analogous to the facts of the case at bar.  M.A. Hayes Company is a California company and an independent insurance agency, with its principal place of business in Richmond, California.  It is not licensed to do business in Louisiana, nor does it transact any business in Louisiana.  M.A. Hayes Company has no agent for service of process, offices or employees in Louisiana, owns no movable or immovable property in Louisiana, and maintains no records in Louisiana.  It has never solicited business in Louisiana, nor has it ever advertised in Louisiana.  M.A. Hayes Company has never secured any insurance coverage for any other entities or property in Louisiana.  Further, no one from M.A. Hayes Company has ever visited Louisiana with regard to the securing or issuance of the policy at issue in this case.

M.A. Hayes Company merely procured an insurance policy for its California clients who had recently relocated to Louisiana.  Its sole contact with Louisiana came in the form of a few phone calls.  This is not sufficient to establish personal jurisdiction.

7

*See PPD Ship, LLC v. Enos*, No. Civ. A. 03-0976, 2003 WL 22038517 at *5 (E.D.La. Aug. 28, 2003) (granting defendant's motion to dismiss for lack of personal jurisdiction because the only Louisiana contacts consisted of a few faxes and telephone conversations and holding that such contacts do not rise to the level of purposeful availment).

Given the facts of this case, there are not sufficient minimum contacts to satisfy due process. Because the plaintiffs cannot meet their burden of establishing minimum contacts, this Court should not exercise personal jurisdiction over M.A. Hayes Company and plaintiffs' claims against it should be dismissed.

**2.     Assertion of Personal Jurisdiction over M.A. Hayes Company Does Not Comport with Traditional Notions of Fair Play and Substantial Justice.**

The exercise of jurisdiction must also comport with traditional notions of fair play and substantial justice. *de Reyes v. Marine Mgmt. & Consulting, Ltd.*, 586 So. 2d 103, 105 (La. 1991), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). In determining whether the traditional notions of fair play and substantial justice are offended, courts must ask whether the assertion of jurisdiction is reasonable. *Estate of Monroe v. Bottle Rock Power Corp.*, 2005 WL 119883, at *7 (E.D.La. Jan 19, 2005), *citing Asean Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987).

Factors that courts must consider when deciding whether the assertion of personal jurisdiction is reasonable in a given case include (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in achieving the most efficient resolution of a case; and (5) the

8

shared interest of the several states in furthering fundamental substantive social policies. *Starfleet Marine Transp., Inc. v. Kobelt Mfg. Co., Ltd.*, 2006 WL 3087171, at *4 (E.D.La. Oct. 24, 2006), *citing Bundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996).

All of the above factors weigh against the exercise of personal jurisdiction. It would be a substantial burden to require M.A. Hayes Company to defend itself in Louisiana, a state where it is has no presence and transacts no business. Further, Louisiana has no interests implicated in this matter. M.A. Hayes Company is a California company and an independent insurance agency, with its principal place of business in Richmond, California. It is not licensed to do business in Louisiana, does not transact any business in Louisiana, has no agent for service of process, offices or employees in Louisiana, owns no movable or immovable property in Louisiana, and maintains no records in Louisiana. Further, M.A. Hayes Company has never solicited business in Louisiana, nor has it ever advertised in Louisiana. Its only contact with Louisiana was the act of securing an insurance policy for existing clients – clients who had recently moved to Louisiana from California. As discussed above, this is insufficient to establish personal jurisdiction over M.A. Hayes Company.

Moreover, plaintiffs' interests in obtaining relief can be adequately addressed in a California forum and do not outweigh the burden placed upon M.A. Hayes Company if it is forced to defend itself in a forum with which it has no contacts. Finally, the last two factors both aim for efficient resolutions to the litigation of interstate matters. A

9

Louisiana court has no interest in presiding over a suit against a nonresident with insufficient minimum contacts with Louisiana, thus, these two factors would be best served by dismissing plaintiffs' claims.

M.A. Hayes Company has not purposefully availed itself of the benefits and protection of Louisiana law and, given the facts of this case, it could not have reasonably anticipated being haled into court in Louisiana.  In short, exercise of personal jurisdiction over M.A. Hayes Company would offend the traditional notices of fair play and substantial justice and violate due process.  Therefore, plaintiffs' claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and dismiss plaintiffs' claims against M.A. Hayes Company.

Respectfully submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC

 */s/ GUS A. FRITCHIE III*
Gus A. Fritchie III (#5751)
Edward W. Trapolin (#27667)
400 Poydras Street, Suite 2700
New Orleans, Louisiana  70130
Telephone:  (504) 310-2100
Facsimile:  (504) 310-2101
*Counsel for M. A. Hayes Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18<u>th</u> day of <u>October,</u> 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Thomas P. Anzelmo** | **Herman C. Hoffmann , Jr** |
| **Stephen F. Babin** | **James Eric Johnson** |
| **Carmelite M. Bertaut** | **Michael Courtney Keller** |
| **David A. Binegar** | **Kyle P. Kirsch** |
| **Thomas M. Brahney** | **Andre Jude Lagarde** |
| **Alanson Trigg Chenault** | **John M. Landis** |
| **Alice Daigle** | **Michael Gerard Lemoine** |
| **Darcy Elizabeth Decker** | **Heather Shauri Lonian** |
| **Richard G. Duplantier , Jr** | **Ben Louis Mayeaux** |
| **Emily E. Eagan** | **Paul C. Miniclier** |
| **Mat M. Gray , III** | **Betty Finley Mullin** |
| **Mark Emerson Hanna** | **James L. Pate** |
| **Lambert Joseph Hassinger , Jr** | **Edward Winter Trapolin** |
| **Timothy William Hassinger** | **William D. Treeby** |
| | **Richard John Tyler** |

   */s/ GUS A. FRITCHIE III*