UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| VERSUS | JUDGE  DUVAL |
| PERTAINS TO:  07-6363 (Volpe) | MAGISTRATE  WILKINSON |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER TO SECTION "K" AND MOTION TO STAY AND MOTION TO REMAND

Because complete diversity and the jurisdictional amount exist, this case should not be remanded.  The motion for a stay is improper but not opposed.

1.     MOTION TO REMAND

The state-court petition correctly asserts that the plaintiffs are Louisiana citizens[1] and The Standard Fire Insurance Company ("Standard Fire") — the lone defendant — is a foreign insurer (i.e., not a Louisiana citizen).[2] Therefore, the only jurisdictional issue is whether the requisite amount in controversy exists.

---

[1]     Petition at ¶ 5.

[2]     Petition at ¶ 1; *see* Exhibit "A," Affidavit of Monica Grissom at ¶ 2.

The only argument of Plaintiffs is that the amount in controversy is dependent on outcomes in two other cases, one federal and one state, involving different parties and different facts.  That argument is untenable.

The pertinent amount in controversy does not depend on the outcome of other cases.  Rather, it exists on the date of removal,[3] and anything that occurs subsequent to that date is irrelevant.[4]  The pertinent amount is the value of the claims asserted by Plaintiffs, assuming they are successful.

Plaintiffs' petition makes it "facially apparent" that the jurisdictional amount exists in this case.  It matters not whether the law allows the relief Plaintiffs seek or whether another court rules contrarily.  Those are merits issues for trial.[5]  Stated another way:

> The mere fact that a valid defense to plaintiff's claim on the merits may exist does not deprive a federal court of jurisdiction on the ground that the requisite amount was never in controversy.  Were the rule otherwise, any dismissal of a diversity case would raise a jurisdictional bar based on lack of jurisdictional amount, obfuscating the question of whether the dismissal was on the merits, and thus barred by res judicata, or on jurisdictional grounds, in which case, it could still be brought i[n] state court.[6]

Accordingly, this Court should deny Plaintiffs' motion to remand as the amount in controversy exceeds $75,000.00

## A.    The Facts

Although Standard Fire denies liability, the following facts evidence that the amount in controversy exceeds the jurisdictional limit:

---

[3]    *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 247, 83 L. Ed. 334 (1939).

[4]    *See St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 290-294, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Carnagie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356-358, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

[5]    *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

[6]    REDISH, MARTIN H., MOORE'S FEDERAL PRACTICE – CIVIL § 102.106 (2007) (citations omitted).

(1)     the plaintiffs admit in their remand brief that their petition asserts claims with a value exceeding $75,000.00;[7]

(2)     the petition seeks policy limits under Louisiana's "Valued Policy Law," La. R.S. § 22:695,[8] and policy limits total $226,000.00;[9]

(3)     the plaintiffs, on February 11, 2007, wrote Standard Fire, demanding policy limits;[10]

(4)     the plaintiffs submitted itemized damages totaling $187,697.00;[11]

(5)     photographs show the extensive damage to Plaintiffs' property;[12]

(6)     the petition also:

    (a)     states Plaintiffs' belief that the insurance "would cover any and all hurricane damage;"[13]

    (b)     claims "substantial damage to [Plaintiffs'] dwelling and the contents of his dwelling were destroyed;"[14]

    (c)     indicates that it is possible that "the damage is considered a total loss;"[15]

    (d)     seeks damages for all flood losses;

    (e)     seeks damages for loss of personal property and property value, inconvenience, loss of use of property, loss of income, loss of profits, loss

---

[7]     *See* Plaintiff's Supporting Memorandum [Doc. No. 8731] ("The Plaintiff suggests that if the Louisiana Fourth Circuit affirms the district court's ruling in *Sher*, then diversity jurisdiction is likely present in this Court. A finding in *Sher* consistent with Judge Duval's prior ruling in *Chehardy* and *Xavier* would support a summary finding in favor of the Plaintiff that he is entitled to proceeds under his policy, plus interest, penalties, fees and costs, in excess of $75,0000.00.").

[8]     *See* Petition at ¶ 19.

[9]     See Exhibit "B-1;" Exhibit "A" at ¶ 4.

[10]    *See* Exhibit "B-2."

[11]    *See* Exhibit "B-4."

[12]    *See* Exhibit "B-3."

[13]    Petition at ¶ 9.

[14]    Petition at ¶ 13.

[15]    Petition at ¶ 19.

of business opportunity, total loss of property, and other damages to be proven at trial;[16] and

    (f)    seeks bad-faith penalties, costs, and attorney fees under La. R.S. §§ 22:658 and 22:1220,[17] which could equal 50% of damages;[18] and

    (7)    Plaintiffs' failure to allege in the state-court petition that damages are less than what is necessary for federal-court jurisdiction (as required by La. Code Civ. Proc. art 893) gives rise to a presumption that federal jurisdiction exists.[19]

## B.    Law and Argument

In *Gebbia v. Wal-Mart Stores, Inc.*,[20] the Fifth Circuit set forth a clear analytical framework for determining the amount in controversy for actions removed from Louisiana state courts pursuant to 28 U.S.C. §1332(a)(1).  Because plaintiffs in Louisiana state courts, by law, may not specify the dollar value of their claimed damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21]  The defendant may meet that burden of proof either:  (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth facts in controversy — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite amount."[22]

---

[16]    Petition at ¶ 43.

[17]    See Petition at ¶ 61.

[18]    *Foret v. Southern Farm Bureau*, 918 F. 2d 534 (5th Cir. 1990).

[19]    *See Bruce v. Fisher*, No. 86-0840, 2006 U.S. Dist. LEXIS 64032 at p. 4 (W.D. La. 2004); *see also Crocket v. Wal-Mart Louisiana, L.L.C.*, 2006 U.S. Dist. LEXIS 48227 (W.D. La. 2006); *Noel v. Target Corp. of Minn.*, 2006 U.S. Dist. LEXIS 46052 (W.D. La. 2006).

[20]    *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d. 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

[21]    *Gebbia*, 232 F.3d. at 882.

[22]    *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

Thus, in conducting the jurisdictional-amount analysis, a court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.[23]   If it is not facially apparent, the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination.[24]

If a removing defendant shows that the amount in controversy actually exceeds the federal jurisdictional amount, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he will not be able to recover the jurisdictional amount — a burden which can be met by:  (1) showing state procedural rules binding the plaintiffs to their pleadings;[25] or (2) filing a binding stipulation or affidavit to that effect with the complaint.[26]

Because Plaintiffs' state-court petition does not include an allegation of damages to establish the "lack of jurisdiction of federal courts due to insufficiency of damages," as required by La. Code Civ. Proc. art. 893, there is a "'strong presumption' in favor of [federal diversity] jurisdiction."[27]   This deficiency in the state-court petition makes it "'facially apparent' that the amount in controversy exceeded $75,000 at the time of removal."[28]

---

[23]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[24]     *Id; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

[25]     For example, the plaintiff's state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[26]     *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

[27]     *Bruce v. Fisher*, No. 86-0840, 2006 U.S. Dist. LEXIS 64032 at p. 4 (W.D. La. 2004); *see also Crocket v. Wal-Mart Louisiana, L.L.C.*, 2006 U.S. Dist. LEXIS 48227 (W.D. La. 2006); *Noel v. Target Corp. of Minn.*, 2006 U.S. Dist. LEXIS 46052 (W.D. La. 2006).

[28]     *Id*.  (citing *Simon v. Wal-Mart Stores, Inc*, 193 F.3d 848, 850 (5th Cir. 1999)).

In this case, the presumption is particularly warranted.  Rather than alleging that damages are less than $75,000, the petition essentially admits the opposite.  Relying on Louisiana's Valued Policy Law, seeks policy limits,[29] which total $226,000.00.[30]

Considering Plaintiffs' admissions,[31] the claim and extra-judicial demand for policy limits,[32] the policy limits,[33] and the extensive nature of damages claimed by Plaintiffs,[34] the amount in controversy easily exceeds $75,000.[35]

Plaintiffs have also alleged bad faith on the part of Standard Fire and is seeking bad faith damages, penalties and attorney fees under La. R.S. § 22:658 and La. R.S. § 22:1220.  Under these statutes, Plaintiffs may claim attorney fees and penalties that may equal 50% of their damages.[36]  Undoubtedly, the inclusion of the bad-faith claims makes the amount in controversy in excess of $75,000.[37]

---

[29]      *See* Petition at ¶ 19.

[30]      *See* Exhibit "B-1;" Exhibit "A" at ¶ 4.

[31]      *See* Plaintiff's Supporting Memorandum [Doc. No. 8731] ("The Plaintiff suggests that if the Louisiana Fourth Circuit affirms the district court's ruling in *Sher*, then diversity jurisdiction is likely present in this Court.  A finding in *Sher* consistent with Judge Duval's prior ruling in *Chehardy* and *Xavier* would support a summary finding in favor of the Plaintiff that he is entitled to proceeds under his policy, plus interest, penalties, fees and costs, in excess of $75,0000.00.").

[32]      *See* Exhibit "B-1;" Exhibit "A" at ¶ 4; Exhibit "B-2;" Exhibit "B-4."

[33]      *See* Exhibit "A" at ¶ 4; Exhibit "B-1."

[34]      Petition at ¶¶ 9, 13, 19, 43; *see* Exhibit "B-3."

[35]      *See Albarado v. State Farm Mut. Auto Ins. Co.*, No. 91-2036, 1991 WL 165733 at *1 (E.D. La. Aug. 20,1991).

[36]      *Foret v. Southern Farm Bureau*, 918 F.2d 534 (5th Cir. 1990).

[37]      *See Albarado v. State Farm Mut. Auto Ins. Co.*, No. 91-2036, 1991 WL 165733 at *1 (E.D. La. Aug. 20,1991).

2.      **MOTION TO STAY**

Plaintiffs submit no legal authority to support their request for a stay — there is none. The case — rather than stayed — should be governed by the procedures and schedule already established by this Court's administration of the canal-breach litigation.  Nevertheless, Standard Fire does not object to Plaintiffs' request to stay their case.

3.      **SUMMARY**

Because there is complete diversity and the claims exceed the amount-in-controversy requirement, the case should not be remanded.  Standard Fire does not oppose the requested stay. However, there is no legal basis for a stay, and the case should be governed by this Court's pre-established procedures and schedule.

Respectfully submitted:

/S/ Gary J. Russo
GARY J. RUSSO (#10828)
NADIA de la HOUSSAYE (#24777)
Attorneys for The Standard Fire
Insurance Company
PERRET DOISE, APLC
P. O. Drawer 3408
Lafayette, LA.  70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@pdlaw.com

## CERTIFICATE

I HEREBY CERTIFY that on November 19, 2007, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

     N. Frank Elliot, III – felliot@rgelaw.com
     Drew Rainer – drainer@rgelaw.com
     Larry D. Dyess – dyessl@aol.com

/S/ Gary J. Russo
GARY J. RUSSO (#10828)
NADIA de la HOUSSAYE (#24777)
Attorneys for The Standard Fire
Insurance Company
PERRET DOISE, APLC
P. O. Drawer 3408
Lafayette, LA.  70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@pdlaw.com

894\489\Memo.in.Opp.to.Transfer,Stay,Remand.doc