UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>            CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152,
            06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066,
            06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159,
            06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,
            07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MRGO
_____

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE CONSOLIDATED CLASS REPRESENTATIVES'
SUPPLEMENTAL POST-HEARING MEMORANDUM IN OPPOSITION TO
WASHINGTON GROUP INTERNATIONAL, INC.'S MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, comes the MRGO PSLC in the above referenced cases, which moves for leave to file a Supplemental Post-Hearing Memorandum in opposition to Washington Group International, Inc.'s Motion to Dismiss, for the following reasons, to wit:

I.

On May 2, 2007, defendant Washington Group International, Inc. ("WGII") filed two interdependent motions seeking dismissal of the MR-GO Master Consolidated Class Action

Complaint (hereinafter the "Master Complaint"): one pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) arguing the Court lacks subject matter jurisdiction, and a second pursuant to F.R.C.P., Rule 12 ( c) seeking judgment on the pleadings.

## II.

WGII argued facts outside the confines of the Complaint, effectively presenting a F.R.C.P, Rule 56 Motion for Summary Judgment which included visual displays and the presentment of case law that was not contained in its original motion or reply brief.

## III.

Attached to the proposed pleading, as Exhibits "A"-"H", are a series of aerial photographs, recently uncovered in discovery, which demonstrate the close causal link between the excavation activities of WGII and the resultant breaches of the flood walls at the Inner Harbor Navigational Canal (hereafter "IHNC"), breaches that led to the innundation of the Lower Ninth Ward.  These photographs provide powerful evidence of the close relationship between the excavation activities and the ultimate levee breaches.

Plaintiffs have already alleged - -and provided factual support for - the assertion that extensive excavation undermined the integrity of the soils in the immediate vicinity of the breached flood walls.  The Supplemental Post-Hearing Memorandum and its accompanying photographs graphically demonstrate both the acts of fault committed by WGII in conducting the excavation at issue and the resultant damage that ensued as a result.

WHEREFORE, the PSLC prays for an Order by the Court granting leave to file the attached Supplemental Post-Hearing Memorandum.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
LA Bar Roll Number: 3604
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 19th day of November, 2007.

      /s/ Joseph M. Bruno
Joseph M. Bruno