UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE | * | |
| | * | MAGISTRATE WILKINSON |
| No. 06-7660 | * | |

## FEDERAL'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Federal Insurance Company ("Federal") requests that plaintiffs, Nicholas and Martha Franco, serve on counsel for defendant sworn answers to the following interrogatories within 30 days.

## INSTRUCTIONS

A.     With respect to any interrogatory to which you object under a claim of privilege or other doctrine, please state:

    (1)     The nature of the privilege asserted;

    (2)     Whether the allegedly privileged communication was oral or written;

    (3)     If in writing, then:

        (a)     Identify the author of the document;

        (b)     Identify all addressees and recipients of the document or copies thereof;

- 1 -



94019

(c)    Indicate the date the document bears, or, if undated, the date that it was written or created;

(d)    Identify the type of document as, for instance, letter, memorandum, etc.;

(e)    Describe the subject matter of the document;

(f)    Indicate the nature of the privilege;

(g)    Identify any persons who have had access to the document or its contents, or any part thereof; and

(h)    State the facts giving rise to the claimed privilege.

(4)    If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.    If you cannot answer an interrogatory in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory, so respond and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C.    If you have any questions regarding the scope, meaning or intent of these interrogatories, please promptly contact undersigned counsel.

## **DEFINITIONS**

A.    "Document" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a

94019

nonidentical copy of another document shall be treated as a separate document subject to production.

B.      "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C.      "Property" shall mean the residence located at 5448 Dayna Court, New Orleans, Louisiana and all of its contents.

D.      "You" and "Your" shall mean plaintiffs, Nicholas and Martha Franco, their agents, representatives, attorneys, employees, and all persons acting or purporting to act on their behalf for any purpose or reason whatsoever.

E.      "Federal" shall mean Federal Insurance Company or any of its agents, employees or representatives.

F.      The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

G.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

H.      The phrases "relate to" or "refer to," and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss,

- 3 -

describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

       I.     "Identify" when used with respect to a natural person shall mean to indicate the person's:

        (a)    Name;

        (b)    Current address, if known, or last known address;

        (c)    Current telephone number, if known, or last known telephone number;

        (d)    Current employer, if known, or if unknown, then last known employer;

        (e)    Current work address, if known, or last known work address; and

        (f)    Current work telephone number, if known, or last known work telephone number.

       J.     "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

        (a)    Its name;

        (b)    Its address or the address of its principal place of business;

        (c)    Its telephone number; and

        (d)    Its state of incorporation, if known.

       K.    "Identify" when used with respect to a document means to state the date of the document, identify the author, all addressees and recipients of the document, and to describe the subject matter of the document. Alternatively, you may identify a document by appending a copy thereof to your Answers to these Interrogatories and designate Interrogatory or Interrogatories to which the document is responsive.

- 4 -

94019

L.    "Identify" when used with respect to facts or communications means to provide all material facts relating to the subject matter of the interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who you believe has information or knowledge regarding the facts or circumstances of this case, and provide a brief synopsis of the knowledge that you believe he or she possesses.

### INTERROGATORY NO. 2:

Identify each person whom you or your attorney may call as an expert witness at the trial of this matter, including the person's name, address, occupation, field of expertise and qualifications as an expert; the subject matter to which the person is expected to testify; the substance of the facts and opinions to which the person is expected to testify; and a summary of the grounds for such opinion.

### INTERROGATORY NO. 3:

Identify all insurance policies that provide or have provided any coverage for the Property from August 1, 2005 to the present.

### INTERROGATORY NO. 4:

Provide the following information for any claim made to an insurer, FEMA, the Road Home Program, the Small Business Administration, or any other entity for property damage or loss at the Property since August 29, 2005:

(a)    Date claim was made and to whom;

(b)    Amount of claim;

- 5 -

94019

(c)     Type of damage giving rise to claim; and

(d)     Amount paid on claim and date of receipt.

**INTERROGATORY NO. 5:**

Identify all loss or damage allegedly caused by wind to the Property allegedly suffered as a result of Hurricane Katrina and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 6:**

Identify all loss or damage allegedly caused by flooding to the Property allegedly suffered as a result of Hurricane Katrina and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 7:**

Identify all persons or entities that have inspected the Property since August 29, 2005, and/or investigated damage or loss caused to the Property as a result of Hurricane Katrina and identify all documents relating to such inspection or investigation.

**INTERROGATORY NO. 8:**

Identify all amounts that you have spent to date to repair or replace any property or items that you contend were covered under your Federal homeowner's policy and damaged as a result of Hurricane Katrina.  For each such amount, provide the following information:

(a)     Amount of repair/replacement;

(b)     Description of item repaired or replaced;

(c)     Identity of person or entity performing repair or providing replacement; and

(d)     Date of repair or replacement.

94019

**INTERROGATORY NO. 9:**

Identify all facts and documents that support your contention that Federal acted in bad faith and/or acted arbitrarily and capriciously should be subjected to penalties under La. R.S. 22:658 and 22:1220 in the handling/adjustment of the homeowner's claim you submitted to Federal for damage allegedly caused to the Property as a result of Hurricane Katrina.

**INTERROGATORY NO. 11:**

Provide an itemized statement of all damages sought against Federal in this action of any kind or nature whatsoever, including, but not limited to, any and all compensatory damages, penalties or punitive damages, and identify all documents relating thereto.

**INTERROGATORY NO. 13:**

Identify all communications between you and Federal relating to insurance coverage for the Property prior to August 29, 2005.

**INTERROGATORY NO. 14:**

State the date and/or dates on which you provided Federal with the documentation supporting your property damage claim.

Respectfully submitted,

Steven W. Usdin, 12986
John W. Joyce, 27525
Of
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Federal Insurance Company

- 7 -

94019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Federal's First Set of Interrogatories has been served upon all counsel of record by facsimile transmission and/or by placing same in the United States mail, postage prepaid and properly addressed this 3rd day of October, 2007.

94019

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE | * | |
| | * | MAGISTRATE WILKINSON |
| No. 06-7660 | * | |

**FEDERAL'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendant Federal Insurance Company ("Federal") requests that plaintiffs Nicholas and Martha Franco produce for inspection and copying the documents described below to Federal at the offices of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., 909 Poydras St., Suite 2400, New Orleans, Louisiana within 30 days.

**INSTRUCTIONS**

A.      With respect to any request for production to which you object under a claim of privilege or other doctrine, please state:

(1)      The nature of the privilege asserted;

(2)      Whether the allegedly privileged communication was oral or written;

- 1 -

94021

(3)    If in writing, then:

    (a)    Identify the author of the document;

    (b)    Identify all addressees and recipients of the document or copies thereof;

    (c)    Indicate the date the document bears, or, if undated, the date that it was written or created;

    (d)    Identify the type of document as, for instance, letter, memorandum, etc.;

    (e)    Describe the subject matter of the document;

    (f)    Indicate the nature of the privilege;

    (g)    Identify any persons who have had access to the document or its contents, or any part thereof; and

    (h)    State the facts giving rise to the claimed privilege.

(4)    If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.    If you cannot respond to a request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the request for production, so respond and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C.    If you have any questions regarding the scope, meaning or intent of these requests for production, please promptly contact undersigned counsel.

## DEFINITIONS

A.    "Document" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or

94021

revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained.  Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

B.      "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C.      "Property" shall mean the residence located at 5448 Dayna Court, New Orleans, Louisiana and all of its contents.

D.      "You" and "Your" shall mean plaintiffs, Nicholas and Martha Franco, their agents, representatives, attorneys, employees, and all persons acting or purporting to act on their behalf for any purpose or reason whatsoever.

E.      "Federal" shall mean Federal Insurance Company or any of its agents, employees or representatives.

F.      The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

G.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form

94021

of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

H.     The phrases "relate to" or "refer to," and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

### DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all statements of any and all persons with knowledge of the damage sustained to the Property and its contents as a result of Hurricane Katrina.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents relating to damage or loss to the Property and its contents as a result of Hurricane Katrina, including, but not limited to, photographs, engineering reports, loss adjuster reports, repair estimates, correspondence and receipts for repairs or replacement of damage.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents relating to any appraisal of the Property from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents relating to any claim submitted to any insurance company or other entity, including FEMA, the Small Business Administration, or the Road Home

94021

Program, for damage caused by Hurricane Katrina to the Property including, but not limited to, documents reflecting payments received for such claims.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents relating to any communications between you and Federal or its agents from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents relating to all insurance policies that covered the Property from August 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents relating to the damages you seek to recover through this action.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to your Federal claim.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents identified in your Answers to Interrogatories that have not otherwise been produced.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that you intend to introduce at trial of this action.

94021

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents relating to any renovations of or repairs to the Property since August 29, 2005.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents relating to any communications between you and any employee or representative of Insurance Counselors, Inc. relating to insurance coverage for the Property prior to August 29, 2005.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents relating to your contention that Federal acted in bad faith and/or acted arbitrarily and capriciously in the handling of your claim.

Respectfully submitted,

Steven W. Usdin, 12986
John W. Joyce, 27525
Of
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

*Attorneys for Federal Insurance Company*

94021

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Federal's First Set of Requests for Production of Documents has been served upon all counsel of record by facsimile transmission and/or by placing same in the United States mail, postage prepaid and properly addressed this 3rd day of October, 2007.

94021

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE | * | |
| | * | MAGISTRATE WILKINSON |
| No. 06-7660 | * | |

## FEDERAL'S FIRST SET OF
## REQUESTS FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure 36, defendant Federal Insurance

Company propounds the following Requests for Admissions.  The following requests are to be

answered in writing and under oath, within thirty (30) days.

## DEFINITIONS

A.     "Federal" shall mean Federal Insurance Company or any of its agents, employees

or representatives.

B.     "You" and "Your" shall mean plaintiffs, Nicholas and Martha Franco, their

agents, representatives, attorneys, employees, and all persons acting or purporting to act on their

behalf for any purpose or reason whatsoever.

- 1 -

94039

C.     The "Policy" shall mean Federal Policy No. 1137057801 insuring the property located at 5448 Dayna Court, New Orleans, Louisiana.

## INSTRUCTIONS

A.     If you deny or provide a qualified admission or denial to any of the following facts, please explain the basis for your denial or qualification and indicate whether any portion of the statement to which you are responding is true.

## REQUESTS FOR ADMISSION

Pursuant to the Definitions and Instructions set forth above, please answer the following requests for admission:

## REQUEST FOR ADMISSION NO. 1:

Admit that you assigned your claim against Federal to the Small Business Administration.

## REQUEST FOR ADMISSION NO. 2:

Admit that you informed representatives of Haag Engineering that the hurricane damage to your residence was limited to the first floor of the Property.

## REQUEST FOR ADMISSION NO. 3:

Admit that all second-floor rooms to your residence were locked and inaccessible to Haag Engineering when it inspected your Property on or about January 20, 2006.

## REQUEST FOR ADMISSION NO. 4:

Admit that your Property sustained at least four feet of floodwaters during and after Hurricane Katrina.

94039

**REQUEST FOR ADMISSION NO. 5:**

Admit that you did not provide Federal with any reports relating to damage allegedly caused by Hurricane Katrina the Property until August 2007.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not assert a claim for mold remediation for the Property until August 2007.

Respectfully Submitted,

Steven W. Usdin, 12986
John W. Joyce, 27525
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  504/589-9700

*Attorneys for Federal Insurance Company*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Federal's First Set of Requests for Admissions has been served upon all counsel of record via facsimile and/or the United States mail, postage prepaid and properly addressed this 3rd day of October, 2007.

- 3 -

94039

```
***********************************************************************
X                                                              P. 01   X
X                     TRANSACTION REPORT                                X
X             ─────────────────────────                                X
X                                            OCT-03-2007 WED 05:37 PM   X
X   FOR:                    5045899701                                  X
X ─────────────────────────────────────────────────────────────────── X
X   SEND                                                                X
X  DATE  START   RECEIVER      TX TIME  PAGES TYPE    NOTE      M#  DP   X
X ─────────────────────────────────────────────────────────────────── X
X  OCT-03 05:29 PM 139#010423#5681965#  7'26"  20  FAX TX   OK      061  X
X ─────────────────────────────────────────────────────────────────── X
X                              TOTAL :     7M 26S  PAGES:  20           X
X                                                                       X
***********************************************************************
```

## BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

Counsellors at Law
L L & E TOWER
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Phone: (504) 589-9700
Fax: (504) 589-9701

## Fax Cover Page

**Please Deliver To:**

| Recipient | Company | Fax No. | Confirmation No. |
|---|---|---|---|
| George Riess | | 568-1965 | 568-1962 |

| | | | |
|---|---|---|---|
| **From:** | Steven W. Usdin, Esq. | **Date:** | October 3, 2007 |
| **Re:** | *Franco v. Insurance Counselors, Inc. et al* | **Pages:** | 20 |
| **Phone:** | 504-589-9721 | **File No.:** | 10,423 |
| **Group:** | | | |

**Message:**

*This fax transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents*

72466