UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE BOOZMAN, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 06-7412 "I"(2) |
| | * | |
| GREAT NORTHERN INSURANCE | * | JUDGE: AFRICK |
| COMPANY, ET AL. | * | |
| | * | MAGISTRATE: WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### GREAT NORTHERN'S FIRST SET OF INTERROGATORIES

**TO:**   Plaintiffs Catherine Boozman and Howard Shapiro
         Through their counsel of record
         Bruce Feingerts, Esq.
         Feingerts & Kelly, PLC
         365 Canal Street
         Suite 2700
         New Orleans, Louisiana  70130

         Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Great Northern

Insurance Company ("Great Northern") requests that plaintiffs Catherine Boozman and Howard

Shapiro serve on counsel for defendant sworn answers to the following interrogatories within 30

days.

### INSTRUCTIONS

         A.    With respect to any interrogatory to which you object under a claim of privilege

or other doctrine, please state:

         (1)    The nature of the privilege asserted;



EXHIBIT
A

91850.doc

(2)     Whether the allegedly privileged communication was oral or written;

(3)     If in writing, then:

    (a)     Identify the author of the document;

    (b)     Identify all addressees and recipients of the document or copies thereof;

    (c)     Indicate the date the document bears, or, if undated, the date that it was written or created;

    (d)     Identify the type of document as, for instance, letter, memorandum, etc.;

    (e)     Describe the subject matter of the document;

    (f)     Indicate the nature of the privilege;

    (g)     Identify any persons who have had access to the document or its contents, or any part thereof; and

    (h)     State the facts giving rise to the claimed privilege.

(4)     If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.     If you cannot answer an interrogatory in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory, so respond and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C.     If you have any questions regarding the scope, meaning or intent of these interrogatories, please promptly contact undersigned counsel.

## <u>DEFINITIONS</u>

A.     "Document" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or

- 2 -

revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained.  Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

B.      "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C.      "Property" shall mean the residence located at 320 Cuddihy Dr., Metairie, Louisiana and all of its contents.

D.      "You" and "Your" shall mean plaintiffs, Catherine Boozman and Howard Shapiro, their agents, representatives, attorneys, employees, and all persons acting or purporting to act on their behalf for any purpose or reason whatsoever.

E.      "Great Northern" shall mean Great Northern Insurance Company or any of its agents, employees or representatives.

F.      The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

G.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form

- 3 -

of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

H. The phrases "relate to" or "refer to," and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

I. "Identify" when used with respect to a natural person shall mean to indicate the person's:

 (a) Name;

 (b) Current address, if known, or last known address;

 (c) Current telephone number, if known, or last known telephone number;

 (d) Current employer, if known, or if unknown, then last known employer;

 (e) Current work address, if known, or last known work address; and

 (f) Current work telephone number, if known, or last known work telephone number.

J. "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

 (a) Its name;

 (b) Its address or the address of its principal place of business;

 (c) Its telephone number; and

 (d) Its state of incorporation, if known.

91850.doc

K.      "Identify" when used with respect to a document means to state the date of the document, identify the author, all addressees and recipients of the document, and to describe the subject matter of the document.  Alternatively, you may identify a document by appending a copy thereof to your Answers to these Interrogatories and designate Interrogatory or Interrogatories to which the document is responsive.

L.      "Identify" when used with respect to facts or communications means to provide all material facts relating to the subject matter of the interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who you believe has information or knowledge regarding the facts or circumstances of this case, and provide a brief synopsis of the knowledge that you believe he or she possesses.

### INTERROGATORY NO. 2:

Identify each person whom you or your attorney may call as an expert witness at the trial of this matter, including the person's name, address, occupation, field of expertise and qualifications as an expert; the subject matter to which the person is expected to testify; the substance of the facts and opinions to which the person is expected to testify; and a summary of the grounds for such opinion.

### INTERROGATORY NO. 3:

Identify all insurance policies that provide or have provided any coverage for the Property from August 1, 2005 to the present.

91850.doc

**INTERROGATORY NO. 4:**

Provide the following information for any claim made to an insurer, FEMA, the Road Home Program, or any other entity for property damage or loss at the Property since August 29, 2005:

        (a)     Date claim was made and to whom;

        (b)     Amount of claim;

        (c)     Type of damage giving rise to claim; and

        (d)     Amount paid on claim and date of receipt.

**INTERROGATORY NO. 5:**

Identify all loss or damage allegedly caused by wind to the Property allegedly suffered as a result of Hurricane Katrina and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 6:**

Identify all loss or damage allegedly caused by flooding to the Property allegedly suffered as a result of Hurricane Katrina and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 7:**

Identify all persons or entities that have inspected the Property since August 29, 2005, and/or investigated damage or loss caused to the Property as a result of Hurricane Katrina and identify all documents relating to such inspection or investigation.

91850.doc

**INTERROGATORY NO. 8:**

Identify all amounts that you have spent to date to repair or replace any property or items that you contend were covered under your Great Northern homeowner's policy and damaged as a result of Hurricane Katrina.   For each such amount, provide the following information:

      (a)    Amount of repair/replacement;

      (b)    Description of item repaired or replaced;

      (c)    Identity of person or entity performing repair or providing replacement; and

      (d)    Date of repair or replacement.

**INTERROGATORY NO. 9:**

Identify all facts and documents that support your contention that Great Northern acted in bad faith and/or acted arbitrarily and capriciously should be subjected to penalties under La. R.S. 22:658 and 22:1220 in the handling/adjustment of the homeowner's claim you submitted to Great Northern for damage allegedly caused to the Property as a result of Hurricane Katrina.

**INTERROGATORY NO. 10:**

Identify all facts and documents supporting your claim for additional living expenses.

**INTERROGATORY NO. 11:**

Provide an itemized statement of all damages sought against Great Northern in this action of any kind or nature whatsoever, including, but not limited to, any and all compensatory damages, penalties or punitive damages, and identify all documents relating thereto.

91850.doc

**INTERROGATORY NO. 12:**

Identify all communications between you and any employee or representative of Eustis Insurance relating to insurance coverage for the Property prior to August 29, 2005.

**INTERROGATORY NO. 13:**

Identify all communications between you and Great Northern relating to insurance coverage for the Property prior to August 29, 2005.

**INTERROGATORY NO. 14:**

State the date and/or dates on which you provided Great Northern with the documentation supporting your:  (a) claim for additional living expense, (b) contents claim, and (c) property damage claim.

Respectfully Submitted,

Steven W. Usdin, 12986
John W. Joyce, 27525
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  504/589-9700

*Attorneys for Great Northern Insurance Company*

91850.doc

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Great Northern's First Set of Interrogatories has been served upon all counsel of record via facsimile and/or the United States mail, postage prepaid and properly addressed this 11th day of September, 2007.

_____

91850.doc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE BOOZMAN, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 06-7412 "I"(2) |
| | * | |
| GREAT NORTHERN INSURANCE | * | JUDGE: AFRICK |
| COMPANY, ET AL. | * | |
| | * | MAGISTRATE: WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## GREAT NORTHERN'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**TO:**   Plaintiffs Catherine Boozman and Howard Shapiro
Through their counsel of record
Bruce Feingerts, Esq.
Feingerts & Kelly, PLC
365 Canal Street
Suite 2700
New Orleans, Louisiana 70130

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendant Great Northern

Insurance Company ("Great Northern") requests that plaintiffs Catherine Boozman and Howard

Shapiro produce for inspection and copying the documents described below to Great Northern at

the offices of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., 909 Poydras St., Suite

2400, New Orleans, Louisiana within 30 days.

91848

## INSTRUCTIONS

A.     With respect to any request for production to which you object under a claim of

privilege or other doctrine, please state:

(1)     The nature of the privilege asserted;

(2)     Whether the allegedly privileged communication was oral or
written;

(3)     If in writing, then:

    (a)     Identify the author of the document;

    (b)     Identify all addressees and recipients of the document or
copies thereof;

    (c)     Indicate the date the document bears, or, if undated, the
date that it was written or created;

    (d)     Identify the type of document as, for instance, letter,
memorandum, etc.;

    (e)     Describe the subject matter of the document;

    (f)     Indicate the nature of the privilege;

    (g)     Identify any persons who have had access to the document
or its contents, or any part thereof; and

    (h)     State the facts giving rise to the claimed privilege.

(4)     If oral, identify the date and place the communication was made,
identify any persons who were present when the communication
was made, describe the subject matter of the communication, and
state the facts giving rise to the claimed privilege.

B.     If you cannot respond to a request for production in full, after exercising due

diligence to secure the full information or knowledge you have concerning the request for

production, so respond and answer the remaining portion stating whatever information or

knowledge you have concerning the remaining portion, and detailing your attempt to secure the

unknown information.

C.     If you have any questions regarding the scope, meaning or intent of these requests for production, please promptly contact undersigned counsel.

**DEFINITIONS**

A.     "Document" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained.  Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

B.     "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C.     "Property" shall mean the residence located at 320 Cuddihy Dr., Metairie, Louisiana and all of its contents.

D.     "You" and "Your" shall mean plaintiffs, Catherine Boozman and Howard Shapiro, their agents, representatives, attorneys, employees, and all persons acting or purporting to act on their behalf for any purpose or reason whatsoever.

E.     "Great Northern" shall mean Great Northern Insurance Company or any of its agents, employees or representatives.

- 3 -

F.      The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

G.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

H.      The phrases "relate to" or "refer to," and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Produce all statements of any and all persons with knowledge of the damage sustained to the Property and its contents as a result of Hurricane Katrina.

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents relating to damage or loss to the Property and its contents as a result of Hurricane Katrina, including, but not limited to, photographs, engineering reports, loss adjuster reports, repair estimates, correspondence and receipts for repairs or replacement of damage.

- 4 -

91848.doc

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents relating to any appraisal of the Property from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents relating to any claim submitted to any insurance company or other entity, including FEMA or the Road Home Program, for damage caused by Hurricane Katrina to the Property including, but not limited to, documents reflecting payments received for such claims.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents relating to any communications between you and Great Northern or its agents from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents relating to all insurance policies that covered the Property from August 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents relating to the damages you seek to recover through this action.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to your Great Northern claim.

91848.doc

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents identified in your Answers to Interrogatories that have not otherwise been produced.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that you intend to introduce at trial of this action.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents relating to any renovations of or repairs to the Property since August 29, 2005.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents relating to any communications between you and any employee or representative of Eustis Insurance relating to insurance coverage for the Property prior to August 29, 2005.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents relating to your contention that Great Northern acted in bad faith and/or acted arbitrarily and capriciously in the handling of your claim.

91848.doc

**REQUEST FOR PRODUCTION NO. 14:**

        Produce all documents relating to your claim for additional living expenses.

                                Respectfully Submitted,

                                Steven W. Usdin, 12986
                                John W. Joyce, 27525
                                BARRASSO USDIN KUPPERMAN
                                    FREEMAN & SARVER, L.L.C.
                                909 Poydras Street, Suite 2400
                                New Orleans, Louisiana  70112
                                Telephone:  504/589-9700

                                *Attorneys for Great Northern Insurance*
                                *Company*

## C E R T I F I C A T E

        I hereby certify that a copy of the above and foregoing Great Northern's First Set of Requests for Production of Documents has been served upon all counsel of record via facsimile and/or the United States mail, postage prepaid and properly addressed this 11th day of September, 2007.

- 7 -

91848.doc