UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES ) | CIVIL ACTION No. 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION ) | |
| ) | JUDGE DUVAL |
| ) | |
| ) | MAG. WILKINSON |
| PERTAINS TO: LEVEE ) | |
| (La. Envtl. Action Network v. U.S. Army ) | |
| Corps of Engineers, 06-9147) ) | |

**FIRST AMENDED COMPLAINT**

Pursuant to this Court's order of November 2, 2007, for its First Amended Complaint, Plaintiff Louisiana Environmental Action Network ("LEAN") makes the following allegations against the U.S. Army Corps of Engineers ("the Corps"):

**INTRODUCTION**

1. This is a lawsuit about the Corps' failure to design, construct, and maintain adequate containment structures around the London Avenue Canal. The breaches of those containment structures, on or about August 29, 2005, resulted in the disposal of solid and hazardous waste from the London Avenue Canal into the surrounding neighborhood, which may present an imminent and substantial endangerment to health and the environment. Pursuant to 42 U.S.C. § 6961(a), the Corps is "subject to . . . injunctive relief," requiring investigation and abatement of this endangerment.

**JURISDICTION**

2.     This Court has jurisdiction over Plaintiff's cause of action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 2201 (declaratory judgments) and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6961(a) & 6972(a).

**VENUE**

3.     Venue is proper in the Eastern District of Louisiana because the alleged endangerment occurs in this district.

**NOTICE**

4.     On or about April 3, 2006, LEAN provided a revised notice of the endangerment alleged in this Complaint to the Defendant pursuant to 42 U.S.C. § 6972(b). LEAN provided copies of this notice to: Stephen L. Johnson, Administrator of the U.S. Environmental Protection Agency; Michael McDaniel, Secretary of the Louisiana Department of Environmental Quality; Alberto Gonzales, U.S. Attorney General; Richard Greene, Regional Administrator of the U.S. Environmental Protection Agency for Region 6; Kathleen Blanco, Governor of Louisiana; and Col. Richard P. Wagenaar, District Engineer of the U.S. Army Corps of Engineers for the New Orleans District. A copy of this notice is attached as Exhibit A and is incorporated by reference.

**PARTIES**

5.     The Plaintiff, LEAN, is a non-profit corporation organized and operating under the laws of the State of Louisiana. LEAN serves as an umbrella organization for environmental and citizen groups. LEAN's purpose is to preserve and protect the state's land, air, water, and other natural resources, and to protect its members and other residents of the state from threats of pollution. LEAN has members statewide, including members who live, work, or recreate in the area of the London Avenue Canal breach at Pratt Drive. LEAN members include residents of the

2

Vista Park neighborhood whose property contains deposits of sediment that resulted from the London Avenue Canal levee breach.  LEAN brings this action on behalf of itself and its members.

6. LEAN and its members have been, are being, and will continue to be injured by real and potential imminent and substantial endangerment resulting from the Corps' acts and omissions, including handling and disposal, with respect to waste in the London Avenue Canal and the resulting contaminated sediments in the Vista Park neighborhood.  The Plaintiff's members may suffer increased health risks due to exposure to chemical wastes in those sediments.  The Plaintiff's members are concerned about the potential for such health risks, which reduce their enjoyment of the Vista Park community.  The Plaintiff's use and enjoyment of the Vista Park neighborhood is impaired by the Corps' ongoing failure to properly investigate and, if necessary, abate those risks.  These injuries are actual and concrete, and the relief sought in this action would redress them.

7. Declarations showing that LEAN has standing to sue in this matter are attached as Exhibits B and C to this complaint, which are incorporated by reference.

8. LEAN is a "person" as defined by RCRA, 42 U.S.C. § 6903(15).

9. The Defendant, the Corps, is an agency of the federal government.

10. The Corps is a "person" as defined by RCRA, 42 U.S.C. § 6903(15).

11. RCRA "expressly waives any immunity otherwise applicable to the United States" with respect to RCRA.  42 U.S.C. § 6961(a).  The Corps is therefore subject to RCRA "in the same manner, and to the same extent, as any person . . . ."  Id.

## GENERAL ALLEGATIONS

### *Overview*

12. The London Avenue Canal is part of the drainage system of New Orleans that pumps waste and urban runoff from the city into canals during rainfalls.

13. The Vista Park neighborhood is a diverse residential area that borders the London Avenue Canal.

14. On August 29, 2005, the London Avenue Canal levees breached in at least two places, including a breach at Pratt Drive near Robert E. Lee Boulevard ("Pratt Drive").

15. The London Avenue Canal levee breaches caused water and other materials from the canal, including sediment, to pour into the Vista Park neighborhood and the City of New Orleans.

16. London Avenue Canal sediments contain discarded material that may pose a substantial present or potential hazard to human health or the environment.

17. The sediment that poured into the Vista Park neighborhood from the London Avenue Canal breaches contains discarded material that may pose a substantial present or potential hazard to human health or the environment.

18. As a result of the levee breach at Pratt Drive, the properties of homeowners in the Vista Park neighborhood and the City of New Orleans now contain potentially contaminated deposits of sediment.

### *Legal Background*

### **RCRA**

19. Congress enacted RCRA "to promote the protection of health and the environment," among other reasons.  42 U.S.C. § 6902(a).

20. Subject to narrow exceptions not relevant here, "solid waste" is "discarded material." 42 U.S.C. § 6903(27).

21. "Hazardous waste" is solid waste "which because of its quantity, concentration, or physical, chemical, or infectious characteristics *may* . . . pose a substantial present *or potential* hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed." 42 U.S.C. § 6903(5)(B) (emphasis added).

22. "Disposal" means the "discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

23. Congress passed the Federal Facility Compliance Act of 1992 in response to "serious environmental compliance problems at federal facilities." Charter Intern. Oil Co. v. U.S., 925 F. Supp. 104, 107 (D.R.I. 1996).

24. Congress intended the federal facilities waiver of 42 U.S.C § 6961(a) as a means to "equally apply environmental standards to private citizens and the federal government." Crowley Marine Services, Inc. v. Fednav Ltd., 915 F. Supp. 218, 222 (E.D. Wash. 1995).

25. Under 42 U.S.C § 6961(a) any "department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste" is "subject to . . . *all* Federal, State, interstate, and local requirements, both substantive and procedural (including . . . any provisions for injunctive relief . . .), respecting control and abatement of solid waste or hazardous waste disposal and management . . . ." (Emphasis added).

26. 42 U.S.C. § 6972(a)(1)(B), is a RCRA requirement, *i.e.*, a RCRA "provision[ ] for injunctive relief" respecting control and abatement of solid waste or hazardous waste disposal and management. Accordingly, 42 U.S.C § 6961(a) requires that federal agencies be subject to 42 U.S.C. § 6972(a)(1)(B) if they (1) have jurisdiction over any solid waste management facility or disposal site, *or* (2) are engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste.

### Corps Jurisdiction

27. The Code of Federal Regulations commands: "The structures and facilities constructed by the United States for local flood protection shall be continuously maintained in such a manner and operated at such times and for such periods as may be necessary to obtain the maximum benefits." 33 C.F.R. § 208.10(a)(1).

28. The Corps' regulations establish that the Corps is responsible for "ensur[ing] . . . that the requirements of Part 208.10 of 33 Code of Federal Regulations (CFR) are met." Regulation 1130-2-530, § 3-2(b). Specifically, the Corps' Regulation 1130-2-530 provides, "MSC [Major Subordinate Commands] and district commanders shall ensure that: (1) essential maintenance work is performed in accordance with existing agreements, [and] (2) that the requirements of Part 208.10 of 33 Code of Federal Regulations (CFR) are met." *Id*. § 3-2(b) (http://www.usace.army.mil/publications/eng-regs/er1130-2-530/entire.pdf).

29. Regulation 1130-2-530 requires that the Corps should annually inspect flood control "[p]rojects that protect urban areas or ones where failure would be catastrophic and result in loss of life." *Id*. § 3-3(a).

30. Under the law "[n]o improvement" may be made to flood control projects "nor shall any excavation or construction be permitted . . . nor shall any change be made in any

feature of the works without prior determination by the District Engineer of the Department of the Army . . . ." 33 C.F.R. § 208.10(a)(5).

31.     Under the law, "[m]aintenance measures or repairs which the District Engineer deems necessary [at flood control projects] shall be promptly taken or made." 33 C.F.R. § 208.10(a)(8).

*Factual Background*

32.     The Corps designed and constructed the London Avenue Canal levees.

33.     For more than 50 years, the City of New Orleans has used the London Avenue Canal as a drainage canal and in this capacity it has contained urban runoff and solid and hazardous waste.

34.     For more than 50 years, the Corps has maintained the London Avenue Canal levees.

35.     The Corps continues to maintain the London Avenue Canal levees.

36.     The London Avenue Canal levee breaches resulted from the Corps's engineering, design, and construction failures.

37.     The London Avenue Canal levee breach at Pratt Drive caused water and other materials, including sediment, to leave its containment within the canal and spill onto the property of residents of the Vista Park neighborhood.

38.     Sediment resulting from the Pratt Drive breach of the London Avenue Canal includes material from the canal bottom, and therefore includes urban runoff and other solid and hazardous waste.

39.     The sediments located on properties in the Vista Park neighborhood may contain arsenic, polycyclic hydrocarbons, and lead.

40. Residents of, and visitors to, the Vista Park neighborhood may be exposed to these chemicals when handling or otherwise contacting the soil, or when breathing dust in the area.

41. Residents of, and visitors to, the Vista Park neighborhood may experience chronic exposures to these chemicals.

42. No government agency has sufficiently tested the Pratt Drive levee breach sediments in the Vista Park neighborhood to determine the degree of risk these sediments pose to residents and visitors.

43. The Corps was, and is, responsible for repairing the London Avenue Canal breaches after Hurricane Katrina.

44. The Corps engineered and constructed an interim gated closure structure for London Avenue Canal.

45. The Corps installed the temporary pumps in London Avenue Canal in 2006.

46. The Corps performed load testing to determine the safe water elevation of London Avenue Canal.

47. The Corps raised the safe water elevation standard for the London Avenue Canal.

48. The Corps supervised and practiced oversight of the upgraded Direct Drive pump installation at London Avenue Canal.

49. The Corps conducted a public demonstration and testing of all twelve (12) London Avenue Canal pumps in March 2007.

50. The Corps operated the gates and pumps, as well as directed the exercise of a simulated hurricane in May 2007.

51. The Corps has conducted a tree removal program on the London Avenue Canal levee.

52. Max L. Hearn, Executive Director of the Orleans Levee District, testified to the Senate that: "The Levee District's operation and maintenance procedures are conducted in accordance with federal regulations and ***under the oversight of the Corps***. . . . The Corps conducts annual inspections of the flood control structures within the Orleans Levee District's jurisdiction and grades the Levee District on compliance." Hurricane Katrina: Who's In Charge of the New Orleans Levees?: Hearing before Sen. Comm. on Homeland Security and Gov't Affairs, 109th Cong. (Dec. 15, 2005) (statement of Max L. Hearn, exec. Dir., Orleans Levee Dist.) (emphasis added), http://hsgac.senate.gov/_files/121505Hearn.pdf.

53. The Corps has legal control and power over the London Avenue Canal.

## FIRST CLAIM FOR RELIEF

54. The Plaintiff incorporates by reference paragraphs 1 through 53.

55. The Defendant has jurisdiction over the London Avenue Canal and its levees, which are solid waste management facilities and disposal sites.

56. The Corps is engaged, and has been engaged, in activities at London Avenue Canal resulting, or which may have resulted, or which may result, in the disposal and/or management of solid waste or hazardous waste.

57. The Corps is engaged, and has been engaged, in activities at the site of sediment deposits near the London Avenue Canal resulting, or which may have resulted, or which may result, in the disposal and/or management of solid waste or hazardous waste.

58. The Defendant is an operator of the London Avenue Canal levees.

101-089

59. The Defendant has operated the London Avenue Canal levees for at least the last five years.

60. The London Avenue Canal levees are containment structures for the London Avenue Canal.

61. The London Avenue Canal is a hazardous and solid waste disposal facility under RCRA, 42 U.S.C § 6961, because urban runoff and other discarded material, including hazardous and solid waste, have been discharged, deposited, spilled, leaked, and/or placed into land and water at the Canal such that constituents of those wastes may enter the environment. See 42 U.S.C. § 6903(3) (defining "disposal").

62. The London Avenue Canal is a solid waste management facility under RCRA, 42 U.S.C § 6961, because it is a facility for the collection, transportation, transfer, and/or disposal of solid wastes, including hazardous wastes. See 42 U.S.C. § 6961.

63. The London Avenue Canal is a disposal site under RCRA, 42 U.S.C § 6961, because the canal is a site where solid and/or hazardous waste are/is deposited, injected, dumped, spilled, leaked, or placed into water so that such solid waste or hazardous waste or any constituent thereof might enter the environment. See 42 U.S.C. § 6903(3) (defining "disposal").

64. The London Avenue Canal levees are containment structures for a solid waste or hazardous waste storage or disposal facility and are therefore part of that facility.

65. London Avenue Canal sediments contain "solid waste" as defined by RCRA, 42 U.S.C. § 6903(27).

66. London Avenue Canal sediments contain "hazardous waste" as defined by RCRA, 42 U.S.C. § 6903(5).

101-089

67. The Corps' conduct in designing, building, and maintaining inadequate levees for the London Avenue Canal contributed to the handling and disposal of solid and hazardous waste that may present an imminent and substantial endangerment to health and the environment.

## SECOND CLAIM FOR RELIEF

68. The Plaintiff incorporates by reference paragraphs 1 through 53, and 55-66.

69. The Corps is legally responsible for the release of sediments containing solid and hazardous waste to the Vista Park neighborhood and, therefore, the Corps contributes to the handling and disposal of those sediments.

70. Upon information and belief, since the levee breaches, the Corps has physically handled London Avenue sediments in the Vista Park neighborhood.

71. The Corps' conduct in failing to adequately test sediments in the Vista Park neighborhood and assess risks from those sediments contributes to the handling of solid and hazardous waste that may present an imminent and substantial endangerment to health and the environment.

72. The Corps' conduct in failing to take such abatement actions as may be necessary to protect the public from risks posed by sediments in the Vista Park neighborhood contributes to handling and disposal of solid and hazardous waste that may present an imminent and substantial endangerment to health and the environment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. An order compelling the Defendant to: (1) fully analyze and characterize the risks from sediment and soil in the Vista Park neighborhood; (2) analyze the alternatives available for safely cleaning up any contaminated sediment and soil, including all risks and benefits

101-089

reasonably presented by these alternatives; (3) analyze the alternatives available for safely managing any contaminated sediment or soil removed from the Vista Park neighborhood; (4) present these alternatives to the public for comment; and (5) select and implement the best alternatives for cleanup and management of contaminated sediment and soil.

  B. A declaratory judgment that the Corps is responsible for risks posed by contaminated soils and sediments in the Vista Park neighborhood.

  C. An award of costs of litigation, including reasonable attorney fees and expert witness fees.

  D. An award of such other relief as the Court deems just and proper.

Respectfully submitted on this 19th day of November, 2007.

        /s/ Adam Babich
        _____
        Adam Babich, La. Bar No. 27177 (T.A.),
        Counsel for Louisiana Environmental Action Network and
        Supervising Attorney

        TULANE ENVIRONMENTAL LAW CLINIC
        6329 Freret Street
        New Orleans, LA 70118
        Phone: (504) 865-5789; Fax: 862-8721
        Babich Direct Dial: (504) 862-8800
        e-mail: ababich@tulane.edu

## CERTIFICATE OF SERVICE

 I certify that a copy of the foregoing pleading has been served upon counsel of record by electronic means on November 19, 2007.

        /s/ Adam Babich
        _____
        Adam Babich

101-089