UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * |
| PERTAINS TO: MRGO | * JUDGE DUVAL <br> * <br> * MAGISTRATE WILKINSON <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL POST-HEARING MEMORANDUM IN OPPOSITION TO WASHINGTON GROUP INTERNATIONAL, INC.'S MOTION TO DISMISS**

As the Court is well aware, Defendant Washington Group International, Inc. ("WGII") moved to dismiss the complaint on grounds that (1) the Court lacks subject matter jurisdiction over a complaint challenging acts of the United States Corps of Engineers ("USACE") to implement Congress' direction that the IHNC lock be replaced; and (2) any duty WGII owed to plaintiffs did not and simply could not encompass the risk of the horrific confluence of events occasioned by the alleged acts and omissions of the USACE and the force of Hurricane Katrina.  *See* WGII's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c) (Doc. No. 4140), Reply In Support of Motion to Dismiss (Doc. No. 5516), June 13, 2006 Hearing Transcript (Doc. No. 6176-1) and WGII's Response to Post-Hearing Memorandum (Doc. No. 6176).

It is difficult to identify the most inappropriate aspect of Plaintiffs' last-minute attempt to salvage their complaint.[1]  First, there is the obvious fact that Plaintiffs are seeking leave to file their

---

[1] As a preliminary matter, WGII once again points out that it is not aware that plaintiffs' Liaison Counsel "confer[red] with the Court" prior to submitting this second Motion for Leave to File a Supplemental Post-Hearing

1

second supplemental memorandum (the "Second Supplemental Memorandum") more than six months after WGII's motion to dismiss was initially briefed, five months after oral argument, and nearly four and one-half months after attempting to file its first post-hearing memorandum in opposition to the motion to dismiss.

Second, it is abundantly clear that Plaintiffs are attempting to avoid dismissal by arguing yet again that the motion to dismiss should be judged according to cases addressing the scope of the government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), see Second Supp. Mem. (Doc. No. 9109), at 2 (citing *Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 801 (5th Cir. 1993)), a defense not raised in WGII's Rule 12 Motion. *See* Motion to Dismiss (Doc. No. 4140), at 7-10.

Third, Plaintiffs have misstated and misunderstood the standard applicable to the motion to dismiss the complaint. Plaintiffs, purporting to cite *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007), contend that the Court should not grant WGII's motion "unless it appears beyond doubt that the plaintiff can prove *no* set of facts which would entitle him or her to relief." Supp. Mem. (Doc. No. 9109) at 2 (emphasis added). But that is precisely the standard enunciated in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), that the Supreme Court explicitly and unequivocally rejected in *Twombly*. Specifically, the Supreme Court said:

> We could go on, but there is no need to pile up further citations to show that *Conley*'s "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement.

---

(continued…)

Memorandum as required by Case Management Order No. 4. *See* CMO No. 4, § V(A). Consequently, the Court should deny plaintiffs' motion for leave on that ground alone.

*Twombly*, 127 S. Ct. at 1969.  Plaintiffs' mistaken citation may well be a typographical error, but that simple explanation would not save their claim, since Plaintiffs failed to cite the language that follows it.  The Court explained that the *Conley* standard

> is best forgotten as an incomplete, negative gloss on an accepted pleading standard: ***once a claim has been stated adequately***, it may be supported by showing any set of facts consistent with the allegations in the complaint.  See *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint") . . ..  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Twombly*, 127 S. Ct. at 1969 (emphasis added) (footnote and citations omitted).  Plaintiffs here are not entitled to the benefit of any such imagination, since their Complaint has failed to allege sufficient facts upon which to state a claim, let alone to permit Plaintiffs' imaginations to run wild.[2]

Fourth, Plaintiffs erroneously assert that photographs "recently uncovered in discovery" (which purport to show where WGII performed demolition and remediation activities for the USACE) support their allegations of fault against WGII.  Second Supp. Mem. (Doc. No. 9109) at 2-3.  As an initial matter, the photographs are wholly unidentified, unverified, and unauthenticated,[3] and they are certainly not adequate or permissible substitutes for well-pled factual allegations in a complaint.  *See, e.g.*, *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004) (when deciding a motion to dismiss, the "court must take the facts as alleged in the complaint as true," and it may not consider materials outside of the complaint).  Moreover, the photographs do

---

[2] Indeed, it is telling that Plaintiffs have not asked the Court to allow them to amend their Complaint to reflect any of the new "facts" asserted in the Supplemental Post-Hearing Memorandum.  It appears that Plaintiffs are very comfortable making unsupported factual assertions in the gloaming between their complaint and the pending motion to dismiss it, but uncomfortable making them in a complaint.  *See* June 13, 2006 Hearing Transcript (Doc. No. 6176-1) (Court asking Plaintiffs' Liaison Counsel why their new allegations regarding WGII's work are "not in your pleadings . . ..  Well, why be coy? . . . You do it at your peril, sir.").

[3] All discovery produced in this litigation, including discovery from WGII, has an identifying bates number on it.  *See* CMO No. 4, IV(C)(3).  Apparently, the photographs attached to Plaintiffs' Second Post-Hearing Memorandum (which do not have any identifying bates numbers on them) have been altered and/or touched up, and essentially provided to the Court as unauthenticated demonstratives.

not add any support for (and indeed are merely cumulative of) the conclusory allegations in the complaint. *See, e.g.,* Compl. ¶ 41 (asserting that "Defendant Washington Group's tasks included, but were not limited to, the removal of wharfage, salvage, debris, and other materials from the IHNC/Industrial Canal and/or its banks."); Compl. ¶ 42 (providing a laundry list of tasks WGII was asked to perform for the USACE).

Fifth, these "recently uncovered" photographs are hardly cause to stop the presses or to issue a late edition because the law governing Plaintiffs' claims has not changed: absent facts showing that WGII had a duty to Plaintiffs that encompassed the type of harm arising from the facts alleged in the complaint, *Roberts v. Benoit,* 605 So. 2d 1032, 1044-45 (La. 1991), Plaintiffs' claims against WGII must fail. As WGII argued in its motion, at the June 13 hearing on the motion, and again in response to Plaintiffs' first post-hearing memorandum, the complaint – viewed in its entirety – alleges that the *USACE's* improper design, construction, and maintenance of the MRGO created a funnel through which a storm surge crashed on August 29, 2005 (Compl. ¶¶ 23-24, 34), and that the *USACE's* improper design, construction, and maintenance of levees and floodwalls along the MRGO, GIWW, and IHNC resulted in flood protection structures that were too weak, too short, and too fragile to withstand the force of Hurricane Katrina and the storm surge it caused (Compl. ¶¶ 63-66, 71). Measured against the duty-risk analytical framework prescribed by Louisiana law, these allegations against the USACE dispense with the suggestion that WGII had a duty to Plaintiffs to insure against the harms flowing the failure of the levees and floodwalls. *Todd v. Louisiana,* 699 So. 2d 35, 39 (La. 1997).

Sixth, Plaintiffs erroneously contend that WGII has favored *Roberts v. Benoit* to the exclusion of case law concerning the "ease of association" test inherent in the duty-risk analysis. Second Supp. Mem. (Doc. No. 9109) at 4. But in *Cleco Corporation v. Johnson*, 795 So. 2d 302 (La. 2001) and *Fontenot v. Fontenot,* 635 So. 2d 219 (La. 1994), the cases on which Plaintiffs

principally rely, the Louisiana Supreme Court applied the "ease of association" test to scenarios in which the plaintiff alleged a single, and direct, cause of harm. *Roberts* – like this case – involved allegations of multiple causes of harm. In such a case, the *Roberts* court observed,

> the keys for the solution of the issue of responsibility when there is more than one cause-in-fact of damages are (1) a determination of the exact risk or risks anticipated by imposition of the legal duty which has been breached and (2) the legal or policy considerations which grant excuses from certain circumstances which follow an act of negligence. This requires, under the facts and the law of each case and the attendant exigencies, a jurisprudential determination which will implement and make effective our broad codal provisions concerning those who should respond in damages for their faults.

605 So. 2d at 1046 (citing *Fowler v. Roberts,* 556 So. 2d 1, 9 (La. 1990)). That is precisely the analysis that WGII has applied in its arguments supporting the motion to dismiss the complaint, and the analysis the Court should employ in dismissing the complaint.[4]

Seventh (and despite multiple efforts to reargue the motion to dismiss the complaint), Plaintiffs have never even tried to address WGII's argument under the rubric of *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624 (5th Cir. 2007), that WGII cannot be held to the standards of the engineers for which it worked. As WGII argued at the June 13 hearing and again in its opposition to Plaintiffs' first post-hearing memorandum, plaintiffs did not allege that WGII worked on the levee or floodwalls bordering the Industrial Canal, or that it was hired to evaluate the integrity of those structures. The Complaint did not (and cannot) allege that WGII's employees had or were supposed to have the expertise needed to maintain, monitor and/or detect problems with the levees or floodwalls. Rather, the Complaint laid responsibility for engineering, evaluation and maintenance of the levees and floodwalls squarely at the feet of the USACE. *See, e.g.,* Compl. ¶¶ 63-74. It is abundantly clear that WGII did not set in motion the tragic confluence of events

---

[4] Remarkably, Plaintiffs ignore the fact that *Fowler* also addressed multiple causes of harm and suggest that the "ease of association" test is singularly dispositive of a claim. Second Supp. Mem. (Doc. No. 9109) at 4 n.2. To the contrary, it is but one element of the duty-risk framework, as the Fifth Circuit observed in *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 627-28 (5th Cir. 2007).

alleged in the complaint.  Accordingly, WGII respectfully submits that Plaintiffs' belated motion for leave to file this second post-hearing memorandum be denied, and further submits that plaintiffs have failed to allege that WGII owed an actionable duty to plaintiffs under Louisiana law, and their negligence claims against WGII must be dismissed as a matter of law.

Dated:  November 20, 2007

    Respectfully submitted,

*/s/William D. Treeby*
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361

Attorneys for Washington Group International, Inc.

Of counsel

Adrian Wager-Zito
Julia E. McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-4645
Facsimile:  (202) 626-1700

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Post-Hearing Memorandum has been served upon Joseph M. Bruno, Plaintiffs' Liaison Counsel, this 20th day of November, 2007.

*/s/ William D. Treeby*
William D. Treeby
