AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Louisiana |
|---|---|---|

Pertains to Levee
V.
In Re: Katrina Canal Breaches
Consolidated Litigation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-4182(K)(2) Judge Duval

TO:   Boh Brothers Construction, through Michael R.C. Riess
Kingsmill Riess, 201 St. Charles Ave, Suite 3300
New Orleans, LA 70130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Christovich & Kearney, LLP, 601 Poydras Street, Suite 2300, New Orleans, LA 17030 | December 14, 2007 @ 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorney for Defendant | 11/19/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles M. Lanier, Jr.
Christovich & Kearney, LLP, 601 Poydras Street, Suite 2300, New Orleans, LA 17030, (504) 561-5700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 11/20/07 | 201 St. Charles St. Suite 3300 |
| SERVED ON (PRINT NAME) | Michael R.C. Riess — hand deliver to receptionist | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | William H. Skinner ~~Barbera Kruthirds~~ left with Receptionist — 11/20/2007 11:25 AM | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/20/07 - 11:25 AM
DATE

SIGNATURE OF SERVER

525 Bienville Rd.
ADDRESS OF SERVER

Folsom, LA 70437

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT "A"

## SUBPOENA DUES TECUM TO BOH BROS. CONSTRUCTION COMPANY FOR EXCAVATION AND FLOOD PROTECTION WORK IN THE 17TH STREET CANAL UNDER CONTRACT 4053, PHASE I AND 2043-0489, PHASE IB

1. Please produce an executed copy of the contract signed by Boh Bros., Inc. with the Sewerage & Water Board of the City of New Orleans dealing with Contract No. 4053, Phase I, for hydraulic improvements of the 17th Street Canal from Southern Railway bridge to I-10;

2. Please produce a complete set of specifications and all Addendums and amendments thereto relating to Contract No. 4053;

3. Please produce a complete set of contract drawings and all Addendums and amendments thereto relating to Sewerage & Water Board Contract No. 4053 for hydraulic improvements of the 17th Street Canal from Southern Railway bridge to I-10;

4. Please produce all pre-construction surveys, soundings, mappings, topographical assessments and cross sections of the 17th Street Canal prior to commencement of any work in the canal in connection with Sewerage & Water Board Contract No. 4053, Phase I;

5. Please produce all pre-construction surveys, soundings, mappings, topographical assessments and cross sections of the 17th Street Canal prepared by any third party, consultant or independent contractor relating to Contract No. 4053 prior to commencement of any work in the canal by Boh Bros.;

6. Please produce all daily, weekly and monthly progress reports of work performed by Boh Bros. in the 17th Street Canal under Sewerage & Water Board Contract No. 4053, Phase I, that were prepared by Boh Bros. and/or Modjeski and Masters or other third parties;

7. Please produce earth work/quantity sheet and profiles of the 17th Street Canal prepared by Boh Bros., Modjeski and Masters and/or other third parties in connection with Sewerage & Water Board Contract No. 4053, Phase I;

8. Please produce all drawings reflecting as-built conditions of the 17th Street Canal after completion of all dredging, levee raising, levee degrading and flood control work under Contract No. 4053, Phase I, for hydraulic improvements of the 17th Street Canal from Southern Railway Bridge to I-10;

9. Please produce all records, correspondence, memoranda, data and inter-office communications relating to work performed by you for the Sewerage & Water Board of the City of New Orleans, under Contract No. 4053, Phase I for hydraulic improvements of the 17th Street Canal from Southern railway Bridge to I-10.

10. Please produce all records, correspondence, document and materials received by you from all third parties relating to or regarding your work activity under

CK_DOCS 386563v1

Contract No. 4053, Phase I for the hydraulic improvements for the 17th Street Canal from Southern Railway Bridge to I-10.

11. Please produce a copy of the signed contract between the Board of Commissioners of the Orleans Levee District and Boh Bros. Construction Company relating to Contract No. 2043-0489 for excavation and flood protection, 17th Street Canal, east side, Phase IB, Hammond Hwy. to Southern Railway;

12. Please produce the entire set of contract specifications and all Addendums thereto relating to Contract No. 2043-0489 for excavation and flood protection, 17th Street Canal, east side, Phase IB, Hammond Hwy. to Southern Railway;

13. Please produce a complete set of the contract drawings relating to Contract No. 2043-0489 for excavation and flood protection, 17th Street Canal, east side, Phase IB, Hammond Hwy. to Southern Railway;

14. Please produce all pre-construction surveys, soundings, maps, topographical assessments and cross sections prepared by Boh Bros. of the 17th Street Canal, east side, prior to commencement of any work in the canal relating to Contract 2043-0489, Hammond Hwy. to Southern Railway Bridge;

15. Please produce all pre-construction surveys, soundings, maps, topographical assessments and cross sections prepared by any third party, consultant or contractor of 17th Street Canal, east side, prior to commencement of any work by Boh Bros. in the canal relating to Contract No. 2043-0489, Hammond Hwy. to Southern Railway;

16. Please produce all daily, weekly and monthly progress reports of work performed by Boh Bros. Construction Company in connection with Board of Commissioners of the Orleans Levee District, Contract 2043-0489 for the excavation and flood protection of the 17th Street Canal, east side, Phase IB, Hammond Hwy. to Southern Railway that were prepared by Boh Bros. Construction Company and/or Modjeski and Masters or other third party;

17. Please produce all earth work/quantity sheets and profiles of the 17th Street Canal prepared in connection with the Board of Commissioners of the Orleans Levee District, Contract No. 2043-0489 dealing with the excavation and flood protection of the 17th Street Canal, east side, Phase IB from Hammond Hwy. to Southern Railway that were prepared by Boh Bros., Modjeski and Masters and/or other third parties.

18. Please produce all drawings reflecting as-built conditions of the 17th Street Canal after completion of all dredging, levee raising, levee degrading and flood control work by Boh Bros. under Contract No. 2043-0489, Phase IB, for excavation and flood protection to the east side of the canal from Hammond Hwy. to Southern Railway Bridge.

19. Please produce all records, correspondence, memoranda, data and inter-office communications relating to work performed by you for the Orleans Levee District under Contract No. 2043-0489, Phase IB for excavation and flood

protection to the east side of the 17th Street Canal from Hammond Highway to Southern Railway Bridge.

20. Please produce all records, correspondence, documents and material received by you from all third parties relating to or regarding your work activity under Contract 2043-0489, Phase IB for the excavation and flood protection to the east side of the 17th Street Canal from Hammond Highway to Southern Railway Bridge.

21. All files, records, correspondence, communications, memoranda, data, inter-office memoranda and/or other documents and relating to breaches and/or overtoppings of the flood walls and levees for the 17th Street Canal, Orleans Avenue Canal, London Avenue Canal, and Industrial Canal/Inner-Harbor Navigational Canal as a result of Hurricane Katrina and/or Hurricane Rita.