AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Louisiana |

Pertains to Levee
V.
In Re: Katrina Canal Breaches
Consolidated Litigation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-4182(K)(2) Judge Duval

TO: Modjeski & Masters, Inc. through Francis J. Barry Jr.
Deutsch Kerrigan & Stiles LLP, 755 Magazine Street
New Orleans, LA 70130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Christovich & Kearney, LLP, 601 Poydras Street, Suite 2300, New Orleans, LA 17030 | December 14, 2007 @ 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 11/19/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles M. Lanier, Jr.
Christovich & Kearney, LLP, 601 Poydras Street, Suite 2300, New Orleans, LA 17030, (504) 561-5700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 12/06) Subpoena in a Civil Case

11/20/07  755 Magazine St.

|  | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Francis J. Barry Jr. | Roxiann Victoriano |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | Roxiann Victoriano 11/20/07 |
| | | Process Server - hand delivery |
| William H. Skinner | | |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/20/2007
DATE

11:45 AM

SIGNATURE OF SERVER

525 Bienville Rd.
ADDRESS OF SERVER

Folsom, LA 70437

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT "A"

## SUBPOENA DUCES TECUM TO MODJESKI AND MASTERS, INC.

Please produce the following:

1. All signed contracts and/or agreements with the United States and or the U.S. Army Corp of Engineers for work relative to the 17th Canal (Metairie Relief Canal).

2. All signed contracts and/or agreements with the Orleans Levee District relative to the 17th Street Canal (Metairie Relief Canal) and/or the levees and floodwalls along the canal;

3. All signed contracts and/or agreements with the East Jefferson Levee District relative to the 17th Street Canal (Metairie Relief Canal) and/or the levees and floodwalls along the canal;

4. All signed contracts and/or agreements with Jefferson Parish relative to the 17th Street Canal (Metairie Relief Canal) and/or the levees and floodwalls along the canal;

5. All signed contracts and/or agreements with the United States and or the U.S. Army Corp of Engineers for work relative to the 17th;

6. Plans and drawings attached to the Sewerage & Water Board of New Orleans' application for a permit addressed to the Department of Army, Corps of Engineers on May 9, 1983, requesting authority to dredge, enlarge and maintain the 17th Street Canal (Metairie relief canal) from Pump Station #6 to a point of approximately 400 ft. north of the Bucktown pedestrian bridge in Lake Pontchartrain consisting of 11 sheets of drawings titled, *Metairie Outfall Canal, Maintenance Dredging* dated May 1983 and forming a part of the permit dated June 13, 1984;

7. 17th Street Canal drawings – basin study. Linfield, Hunter & Gibbons, Inc., January, 1983;

8. Design drawings for Sewerage & Water Board Contract No. 4101 (test phase), Drawing No. 7329 south side of I-10;

9. Post-construction drawings, surveys, soundings and as-built drawings prepared by contractor in connection Sewerage & Water Board Contract No. 2043-0489, Phase IB;

CK_DOCS 386534v1

10. Post-construction drawings, surveys, soundings and as-built drawings of work performed by contractor, but prepared by Modjeski and Masters in connection with the Sewerage & Water Board Contract No. 2043-0489, Phase IB;

11. Earth work/quantity sheets-profiles prepared by Modjeski and Masters in connection with Sewerage & Water Board Contract No. 2043-0489, Phase IB;

12. Earth work/quantity sheets-profiles prepared by the contractor in connection with the Sewerage & Water Board Contract No. 2043-0489, Phase IB;

13. Complete set of contract drawings for the East Jefferson Levee District Contract No. 92-1, Phase IIB, 17th Street Canal, west side, including Addendum No. 1 (drawings and specifications);

14. Original cross sections, soundings and drawings of the 17th Street Canal made by contractor in connection with East Jefferson Levee District Contract No. 92-1, Phase IIB;

15. Original cross sections, soundings and drawings of the 17th Street Canal made by Modjeski and Masters in connection with East Jefferson Levee District Contract No. 92-1 during Phase IIB;

16. Earth work/quantity sheets prepared by Modjeski and Masters in connection with East Jefferson Levee District Contract No. 92-1, Phase IIB, 17th Street Canal, west side;

17. Earth work/quantity sheets prepared by contractor in connection with East Jefferson Levee District Contract No. 92-1, Phase IIB, 17th Street Canal, west side;

18. All daily, weekly and monthly progress reports prepared by Modjeski and Masters and/or contractor in connection with East Jefferson Levee District Contract No. 92-1, Phase IIB, 17th Street Canal, west side;

19. Drawings reflecting as-built conditions after completion of work on the west side of the 17th Street Canal for the East Jefferson Levee District Contract No. 92-1, Phase IIB prepared by contractor and/or Modjeski and Masters;

20. A copy of the Sewerage & Water Board Contract No. 4117, Phase III, Lake Pontchartrain to Hammond Hwy. bridge in connection with work performed by Solvation Services, Inc. under said contract;

21. A copy of all Addendums and/or substitutions to Contract No. 4117, Phase III, 17th Street Canal, Lake Pontchartrain to Hammond Hwy. bridge;

22. Design drawings for Sewerage & Water Board Contract No. 4117, Phase III, Sheets 201-207, 17th Street Canal, Lake Pontchartrain to Hammond Hwy. Bridge;

23. Modjeski and Masters' daily, weekly and monthly progress reports for Sewerage & Water Board Contract No. 4117, Phase III; 17th Street Canal, Lake Pontchartrain to Hammond Hwy. Bridge;

24. Earth work/quantity sheets-profiles for Sewerage & Water Board Contract No. 4117, Phase III, 17th Street Canal, Lake Pontchartrain to Hammond Hwy. Bridge prepared by either Modjeski and Masters and/or contractor;

25. Post-construction drawings, surveys, soundings and as-built drawings for Sewerage & Water Board Contract No. 4117, Phase III; 17th Street Canal, Lake Pontchartrain to Hammond Hwy. Bridge;

26. All as-built drawings prepared by each of the contractors for each of the phases of work of dredging the 17th Street Canal, i.e., Phases I, IB, IIB and III showing the condition of the canal following the completion of each of the contracts for the listed phases;

27. All as-built drawings prepared by Modjeski and Masters for each of the phases of the work of dredging the 17th Street Canal, i.e., Phase I, IB, IIB and III showing the condition of the canal following the completion of each of the contracts for the listed phases;

28. All drawings, surveys and soundings of the 17th Street Canal prior to the commencement of any work in the canal on any of the phases of the work performed in the canal by any of the contractors starting at the Southern Railroad bridge and running to Lake Pontchartrain which show the physical characteristics, conditions, slopes, depths, topography and obstructions that serve as a basis for the construction drawings to the various contracts for work in the canal in each of the phases of the work;

29. All post-construction drawings, surveys, soundings and as-built drawings of the 17th Street Canal after completion of work in the canal after each of the phases of the work performed in the canal by each of the contractors beginning at the Southern Railroad bridge and running to Lake Pontchartrain showing the as-built condition reflecting physical

CK_DOCS 386534v1

characteristics, conditions, slopes, depths, topography or remaining obstructions in the canal reflecting work done in the canal in each of the phases under each of the separate contracts relating thereto;

30. Produce all records, correspondence, memoranda, inter-office communications, studies and data relating to any work performed by you or your sub-contractors which in any way relate to any project, contract, or undertaking related to any work or improvements to the 17th Street Canal, its levees and flood walls, the 17th Street Canal drainage basin, Hoey's Canal and basin, Monticello Canal and Station #6 for any entity including, but not limited to the Sewerage & Water Board of the City of New Orleans, Board of Commissioners of the Orleans Levee District, Board of Levee Commissioners, East Jefferson Levee District, Jefferson Parish or the Department of Army Corps of Engineers;

31. All records, correspondence, documents, memoranda, studies or data received by you from all third parties relating to any work or improvements to the 17th Street Canal, its levees and flood walls, the 17th Street Canal drainage basin, Hoey's Canal and Basin, Monticello Canal and Sewerage and Water Board Pumping Station #6 for any party or entity including, but not limited to the Sewerage & Water Board of New Orleans, Orleans Levee District, East Jefferson Levee District, Jefferson Parish or the United States Army Corps of Engineers;

32. All of your files relating to any work or improvements to the 17th Street Canal, its levees and flood walls, the 17th Street Canal drainage basin, Hoey's Canal and basin, Monticello Canal, and Sewerage and Water Board Pumping Station #6 for any party or entity including, but not limited to the Sewerage & Water Board of New Orleans, Orleans Levee District, East Jefferson Levee District, Jefferson Parish or the United States Army Corps of Engineers.

33. All files, records, correspondence, communications, memoranda, data, inter-office memoranda and/or other documents and relating to breaches and/or overtoppings of the flood walls and levees for the 17th Street Canal and as a result of Hurricane Katrina and/or Hurricane Rita.