AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern  DISTRICT OF  Louisiana

Pertains to Levee
V.
In Re: Katrina Canal Breaches
Consolidated Litigation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-4182(K)(2) Judge Duval

TO: Eustis Engineering Company, Inc., through Mat M. Gray, III
Fowler Rodriguez, 400 Poydras Street 30th Floor
New Orleans, LA 70130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Christovich & Kearney, LLP, 601 Poydras Street, Suite 2300, New Orleans, LA 17030 | December 14, 2007 @ 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Defendant | 11/19/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles M. Lanier, Jr.
Christovich & Kearney, LLP, 601 Poydras Street, Suite 2300, New Orleans, LA 17030, (504) 561-5700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED | DARLENE D. BOLESNY | Darlene D. Bolesny — 11/20/07 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| William H. Skinner | | process server |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/20/2007
DATE

William H. Skinner
SIGNATURE OF SERVER

525 Brenwylee Rd.
ADDRESS OF SERVER

Folsom, LA 70437

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT "A"

## SUBPOENA DUES TECUM TO EUSTIS ENGINEERING COMPANY, INC.

Please produce the following:

1. All records, files, correspondence, memoranda, reports, studies and data regarding any work which you and any of your subcontractors have performed in connection with improvements to the 17th Street Canal, its levees, flood walls, and flood protection, the 17th Street Canal Drainage Basin, Hoey's Canal and Basin, Monticello Canal and Sewerage and Water Board Pump Station # 6 for any government body or entity, including but not limited to Sewerage and Water Board of New Orleans, the Orleans Levee District, East Jefferson Levee District, Jefferson Parish, United States Army Corps of Engineers, and any other person, including but not limited to Modjeski and Masters.

2. Results of all studies, soil borings, soil analyses, modeling or other engineers work performed by you or any of your contractors regarding the 17th Street Canal and the adjacent levees, floodwalls and/or flood protection.

3. All daily, weekly and monthly progress reports of work performed by you and/or any of your sub-contractors relating to the 17th Street Canal, its levees, flood walls, and/or flood protection.

4. All files relative to jobs, contracts or assignments worked on by you related to improvements to the 17th Street Canal, its levees, flood walls and/or flood protection.

5. All contracts and/or agreements entered into by Eustis Engineering Company, Inc., for services in connection with the 17th Street Canal and the adjacent levees and floodwalls.

6. All pre and post-construction surveys, studies, elevations and drawings made by you and/or any of your sub-contractors in connection with any contracts, construction, project, work, or improvements to the 17th Street Canal, its levees, flood walls, and flood protection.

7. All files, records, correspondence, communications, memoranda, data, inter-office memoranda and/or other documents and relating to breaches and/or overtoppings of the flood walls and levees for the 17th Street Canal, Orleans Avenue Canal, London Avenue Canal, and Industrial Canal/Inner-Harbor Navigational Canal as a result of Hurricane Katrina and/or Hurricane Rita.

CK_DOCS 388506v1