UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RICHARDS' REALTY COMPANY, L.L.C. ET AL.        CIVIL ACTION

VERSUS                                         NO: 06-2396

PARAMOUNT DISASTER RECOVERY, INC. ET AL.       SECTION: "R"(5)


**ORDER AND REASONS**

Before the Court is defendant Pacific Insurance Company's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court GRANTS defendant's motion.


**I.    BACKGROUND**

Plaintiffs, Richards' Realty Company, L.L.C. and Northshore Apartments, L.L.C., own apartment buildings in Slidell, Louisiana that suffered extensive damage as a result of Hurricane Katrina. In September of 2005, plaintiffs entered into a contract with Paramount Disaster Recovery, Inc. pursuant to which Paramount

Exhibit B

agreed to serve as a public adjuster for plaintiff's insurance

claims in return for a contingency fee of 20 percent of any

insurance proceeds plaintiffs received.  State Farm determined

that it owed plaintiffs $250,000, the policy limit of their flood

insurance policy, and it paid twenty percent of the proceeds, or

$50,000, to Paramount.

When Pacific Insurance Company, Ltd., plaintiff's commercial

insurer, notified plaintiffs that it was prepared to tender to

them $613,617.35 under their commercial policy for wind damage

and loss of rent, Paramount contacted Pacific and demanded to be

added as a payee to plaintiffs' settlement checks.  On May 5,

2005, plaintiffs sued Paramount and Pacific, seeking declaratory

relief and damages. (R. Doc. 1).  In their complaint, plaintiffs

allege that their contingency fee contract with Paramount is

contrary to Louisiana law, that Paramount has no right to their

insurance proceeds, that Paramount illegally converted

Northshore's flood policy proceeds, and that Paramount is liable

to them for fraud, unjust enrichment, and unfair trade practices.

Plaintiffs do not allege that Pacific committed any unlawful

conduct.  Pacific deposited the total $613,617.35 into the

registry of the Court, and plaintiffs have withdrawn the

undisputed amount, $518,879.11.

On August 31, 2006, plaintiffs filed a supplemental and

2

amending complaint alleging that Pacific breached its contract
with plaintiffs.  Plaintiffs allege that their "businesses and
related structures sustained loss or damage and a loss of
business operation income from hurricane-related wind which was
the 'efficient' and/or 'proximate cause' of the damage, and which
is a covered peril." (R. Doc. 35 ¶ 6).  Plaintiffs further allege
that they have received only partial payment under their policy.
(*Id.* ¶ 7).  Plaintiffs allege that their policy is subject to
Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, and
therefore they are entitled to the face value stated in their
insurance policy. (*Id.* ¶ 8, 11).  Plaintiffs seek damages for
breach of contract, penalties and attorneys' fees pursuant to La.
Rev. Stat. §§ 22:1220(A)&(C) and 22:658. (*Id.* ¶ 14).

Pacific filed a motion to dismiss plaintiffs' claims,
asserting that plaintiff's claims are precluded by this Court's
ruling in *Chauvin v. State Farm Fire and Cas. Co.*, 450 F. Supp.
2d 660 (E.D. La. 2006), *aff'd*, 495 F.3d 232 (5th Cir. 2007),
because plaintiffs incurred non-covered flood damage in addition
to wind damage and because plaintiffs do not allege in their
supplemental and amending complaint that they suffered a total
loss.  Plaintiffs contend that they have not alleged only VPL
claims and that they have sufficiently alleged defendant's breach
of contract.  The Court addresses these arguments as follows.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).  The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations and quotation marks omitted).


## III. DISCUSSION

The Court finds that to the extent plaintiffs allege Louisiana's VPL statute entitles them to the "face value stated in their insurance policy," plaintiffs have failed to state a claim to relief upon which they can prevail. (*See* R. Doc. 35 ¶¶ 8-11).  Plaintiffs have not alleged they suffered a total loss from a covered peril, as required by La. Rev. Stat. § 22:695.

4

Furthermore, plaintiffs have already admitted that some of their loss was attributable to flood, a non-covered peril. (*See* R. Doc. 1 ¶ 9) (stating that State Farm paid Northshore $250,000, its full policy limits, pursuant to its National Flood Insurance Policy); (R. Doc. 81 ¶ 6) (describing flood loss as "partial loss" in claim against excess flood carrier).  Plaintiffs VPL claims are therefore dismissed. *See Chauvin*, 495 F.3d at 241 (holding that "Louisiana's VPL does not apply when a total loss does not result from a covered peril").

Plaintiffs contend that not all of their allegations are VPL claims.  The Court finds that without plaintiffs' VPL claims, plaintiffs have not pleaded sufficient facts to allege a breach of contract.  Plaintiffs allege that they suffered wind damage to their property, that wind is a covered peril under their commercial insurance policy, and that they have received "only partial payment under their policy coverage limits." (R. Doc. 35 ¶¶ 6-7).  However, plaintiffs have not alleged, other than by reference to the VPL statute, that under the terms of their insurance policy they are entitled to the policy coverage limits. (*Id.* ¶ 11) ("Accordingly, Plaintiffs are entitled to recover the face value stated in their insurance policy insuring their covered immovable property, without deduction or offset, pursuant to La. R.S. 22:695(A).").  Further, plaintiffs have not alleged

that the $518,879.11 Pacific already paid them for wind damage and business interruption is insufficient to compensate them for their losses.

Plaintiff's supplemental and amended complaint also asserts claims for penalties pursuant to La. Rev. Stat. §§ 22:658 and 22:1220.  Because plaintiffs have not alleged a viable breach of contract claim, these allegations must also be dismissed. *See Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 85 (La. App. 1995) ("a plaintiff attempting to base her theory of recovery against an insurer on [La Rev. Statutes §§ 22:658 and/or 22:1220] must first have a valid, underlying, substantive claim upon which insurance coverage is based."); *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss plaintiff's claims.

New Orleans, Louisiana, this 13th day of November, 2007.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

6