**Coverage X—Family Liability Protection** and **Coverage Y—Guest Medical Protection** are extended to cover specified **business** pursuits of an insured person.

**We** do not cover:

a) **bodily injury** or **property damage** arising out of the **business** pursuits of an **insured person** when the **business** is owned or financially controlled by the **insured person**. This also means a partnership or joint venture of which an **insured person** is a partner or member;

b) **bodily injury** or **property damage** arising out of the rendering or failure to render a professional service of any nature, other than teaching;

c) **bodily injury** to a fellow employee of an **insured person** arising out of and in the course of employment;

d) **bodily injury** or **property damage** when an **insured person** is a member of a teaching staff or faculty of any school or college and the **bodily injury** or **property damage** arises out of the maintenance or use of saddle animals, vehicles used with saddle animals, motorized land vehicles, aircraft or watercraft when owned, hired or operated by an **insured person** or used for the purpose of instruction; or

e) **bodily injury** to any person arising out of corporal punishment administered by or at the direction of an **insured person** when an **insured person** is a member of the teaching staff or faculty of any school of instruction.

11. **Coverage S**
    **Increased Coverage On Securities**
    The $1,000 limitation on accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, securities, tickets, or stamps, including philatelic property, covered under **Coverage C—Personal Property Protection**, is increased to the amount shown on the Policy Declarations.

12. **Coverage SD**
    **Satellite Dish Antennas**
    **Coverage C—Personal Property Protection** is extended to pay for sudden and accidental direct physical loss to satellite dish antennas and their systems on **your residence premises,** subject to the provisions of **Coverage C—Personal Property Protection.**

    The amount of coverage is shown on the Policy Declarations.

13. **Coverage SE**
    **Portable Cellular Communication Systems**
    **Coverage C—Personal Property Protection** is extended to portable cellular communication systems in or upon a motorized land vehicle or watercraft. This coverage applies only to portable systems that can be powered by electricity from a motorized land vehicle or watercraft. Coverage applies whether or not the portable cellular communication system is used in a **business**.

    The amount of coverage is shown on the Policy Declarations.

14. **Coverage ST**
    **Increased Coverage On Theft Of Silverware**
    The $2,500 limitation on theft of silverware, pewterware and goldware under **Coverage C—Personal Property Protection** is increased to the amount shown on the Policy Declarations.

# Allstate Indemnity Company

Policy Number: 9 15 816692 03/30    Your Agent: Wm E Washington Inc (504) 348-3338
For Premium Period Beginning: Mar. 30, 2005

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

*This Endorsement Changes Your Policy— Keep It With Your Policy*

## Building Structure Reimbursement Extended Limits Endorsement— AP357

For an additional premium and when the Policy Declarations indicates that the "**Building Structure Reimbursement Extended Limits Endorsement**" applies, the following amendment is made to condition 5 (titled "**How We Pay For A Loss**") in **Section I Conditions**:

In provision c) (titled "Building Structure Reimbursement."), item 3) of the second paragraph is replaced by the following:

3) 120% of the limit of liability applicable to the **building structure(s)** as shown on the Policy Declarations for **Coverage A — Dwelling Protection** or **Coverage B — Other Structures Protection**, regardless of the number of **building structures** and structures other than **building structures** involved in the loss.

This endorsement applies only if:

1) **You** insure **your dwelling**, attached structures and detached **building structures** to 100% of replacement cost as determined by:
    a) an Allstate Home Replacement Cost Estimator completed and based on the accuracy of information **you** furnished; or
    b) **our** inspection of **your residence premises**;

2) **You** have accepted the Property Insurance Adjustment Condition, agree to accept each annual adjustment in the **Coverage A — Dwelling Protection** limit of liability, and pay any additional premium charged; and

3) **You** notify **us** within 60 days of the start of any modifications that increase the aggregate value of **your dwelling**, attached structures and detached **building structures** at the **residence premises** by $5,000 or more, and pay any resulting additional premium due for the increase in value.

All other policy terms and conditions apply.

(4/94)



# Allstate Indemnity Company

Policy Number: 9 15 816692 03/30   Your Agent: Wm E Washington Inc (504) 348-3338
For Premium Period Beginning: Mar. 30, 2005

## Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

*This Endorsement Changes Your Policy— Keep It With Your Policy*

### Windstorm or Hail Exclusion — AP892

For a reduction in premium:

**We** do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**We** do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.

This exclusion does not apply to **Section I — Your Property, Additional Protection** coverage, item 1. a) and 1. c) under **Additional Living Expense**.

All other policy conditions and provisions apply.

## Allstate Indemnity Company

Policy Number: 9 15 816692 03/30    Your Agent: Wm E Washington Inc (504) 348-3338
For Premium Period Beginning: **Mar. 30, 2005**

---

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

## Louisiana Standard Fire Policy Provisions—AP4443

This form contains the provisions of the Standard Fire Policy. Whenever the terms and provisions of Section I can be construed to perform a liberalization of the provisions found in the Standard Fire Policy, the terms and provisions of Section I shall apply.

In **Consideration of the Provisions and Stipulations Herein or Added Hereto and of the Premium Specified in the Declarations** (or specified in endorsement attached thereto), **Allstate, for the term shown in the Declarations from inception date shown in the Declarations until cancelled or expiration** at location of property involved, to an amount not exceeding the limit of liability specified, does insure **the Insured named in the Declarations** and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the Insured, against all **DIRECT LOSS BY FIRE, LIGHTNING AND OTHER PERILS INSURED AGAINST IN THIS POLICY INCLUDING REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED,** to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of Allstate.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

AP4443

PROP *61000170504055700822423*

# Allstate Indemnity Company

Policy Number: 9 15 816692 03/30  Your Agent: Wm E Washington Inc (504) 348-3338
For Premium Period Beginning: Mar. 30, 2005

| # | Term | Description |
|---|---|---|
| 1 | Concealment, | This entire policy shall be void if, whether |
| 2 | fraud | before or after a loss, the insured has |
| 3 | | willfully concealed or misrepresented any |
| 4 | | material fact or circumstance concerning this insurance or the subject |
| 5 | | thereof, or the interest of the insured therein, or in case of any fraud or |
| 6 | | false swearing by the insured relating thereto. |
| 7 | Uninsurable | This policy shall not cover accounts, bills, |
| 8 | and | currency, deeds, evidence of debt, money |
| 9 | excepted property | or securities; nor, unless specifically named |
| 10 | | hereon in writing, bullion or manuscripts. |
| 11 | Perils not | This Company shall not be liable for loss |
| 12 | included | by fire or other perils insured against in this |
| 13 | | policy caused, directly or indirectly, by: (a) |
| 14 | | enemy attack by armed forces, including action taken by military, naval |
| 15 | | or air forces in resisting an actual or an immediately impending enemy |
| 16 | | attack; (b) invasion; (c) insurrection; (d) rebellion; (e) revolution; (f) civil |
| 17 | | war; (g) usurped power; (h) order of any civil authority except acts of |
| 18 | | destruction at the time of and for the purpose of preventing the spread |
| 19 | | of fire, provided that such fire did not originate from any of the perils |
| 20 | | excluded by this policy; (i) neglect of the insured to use all reasonable |
| 21 | | means to save and preserve the property at and after a loss, or when |
| 22 | | the property is endangered by fire in neighboring premises; (j) nor |
| 23 | | shall this Company be liable for loss by theft. |
| 24 | Other insurance | Other insurance may be prohibited or the |
| 25 | | amount of insurance may be limited by |
| 26 | | endorsement attached hereto. |
| 27 | | Conditions suspending or restricting insurance. Unless otherwise |
| 28 | | Provided in writing added hereto this Company shall not be liable for |
| 29 | | loss occurring: |
| 30 | | (a) while the hazard is increased by any means within the control or |
| 31 | | knowledge of the insured; or |
| 32 | | (b) while a described building, whether intended for occupancy by |
| 33 | | owner or tenant, is vacant, or unoccupied beyond a period of sixty |
| 34 | | consecutive days; or |
| 35 | | (c) as a result of explosion or riot, unless fire ensue, and in that event |
| 36 | | for loss by fire only. |
| 37 | Other perils | Any other peril to be insured against or |
| 38 | or subjects | subject of insurance to be covered in this |
| 39 | | policy shall be by endorsement in writing |
| 40 | | hereon or added hereto. |
| 41 | Added provisions | The extent of the application of insurance |
| 42 | | under this policy and of the contribution to |
| 43 | | be made by this Company in case of loss, and any other provision or |
| 44 | | agreement not inconsistent with the provisions of this policy, may be |
| 45 | | provided for in writing added hereto, but no provisions may be waived |
| 46 | | except such as by the terms of this policy is subject to change. |
| 47 | Waiver | No permission affecting this insurance |
| 48 | provisions | shall exist, or waiver of and provision be |
| 49 | | valid unless granted herein or expressed in |
| 50 | | writing added hereto. No provision, stipulation, or forfeiture shall be |
| 51 | | held to be waived by any requirement or proceeding on the part of this |
| 52 | | Company relating to appraisal or to any examination provided for |
| 53 | | herein. |
| 54 | Cancellation | This policy shall be cancelled at any time |
| 55 | of policy | at the request of the insured, in |
| 56 | | which case this Company shall, upon |
| 57 | | demand and surrender of this policy, refund the excess of paid |
| 58 | | premium above the customary short rates for the expired time. This |
| 59 | | policy may be cancelled at any time by this Company by giving to the |
| 60 | | insured a thirty days written notice of cancellation, or ten days written |
| 61 | | notice when cancellation is for nonpayment of premium, with or |
| 62 | | without tender of the excess paid premium above the pro rata |
| 63 | | premium for the expired time which excess, if not tendered, shall be |
| 64 | | refunded on demand. Notice of cancellation shall state that said |
| 65 | | excess premium, if not tendered, will be refunded on demand. Upon |
| 66 | | the written request of the named insured, the insurer shall provide to |
| 67 | | the insured in writing the reasons for cancellation of the policy. There |
| 68 | | shall be no liability on the part of and no cause of action of any nature |
| 69 | | shall arise against any insurer or its agents, employees, or |
| 70 | | representatives for any action taken by them to provide the reasons for |
| 71 | | cancellation as required by this Paragraph. |
| 72 | Mortgagee | If loss hereunder is made payable in whole |
| 73 | interest and | or in part, to a designated mortgagee not |
| 74 | obligations | named herein as the insured, such interest |
| 75 | | in this policy may be cancelled by delivering |
| 76 | | or mailing to such mortgagee a twenty days written notice of |
| 77 | | cancellation, or a ten days written notice of cancellation if cancellation |
| 78 | | is for nonpayment of premium. |
| 79 | | If the insured fails to render proof of loss such mortgagee, upon notice, |
| 80 | | shall render proof of loss in form herein specified within sixty (60) days |
| 81 | | thereafter and shall be subject to the provisions hereof relating to |
| 82 | | appraisal and time of payment and of bringing suit. If this Company |
| 83 | | shall claim that no liability existed as to the mortgagor or owner, it |
| 84 | | shall, to the extent of payment of loss to the mortgagee, be subrogated |
| 85 | | to all the mortgagee's rights of recovery, but without impairing |
| 86 | | mortgagee's rights to sue; or it may pay off the mortgage debt and |
| 87 | | require an assignment thereof and of the mortgage. Other provisions |
| 88 | | relating to the interests and obligations of such mortgagee may be |
| 89 | | added hereto by agreement in writing. |
| 90 | Pro rata liability | This Company shall not be liable for a |
| 91 | | greater proportion of any loss than the |
| 92 | | amount hereby insured shall bear to the whole insurance covering the |
| 93 | | property against the peril involved; whether collectible or not. |
| 94 | Requirements in | The insured shall give immediate written |
| 95 | case loss occurs | notice to this Company of any loss, protect the |
| 96 | | property from further damage, forthwith |
| 97 | | separate the damaged and undamaged personal property, put it in the |
| 98 | | best possible order, furnish a complete inventory of the destroyed, |
| 99 | | damaged, and undamaged property, showing in detail quantities, |
| 100 | | costs, actual cash value, and amount of loss claimed; and within |
| 101 | | sixty days after loss, unless such time is extended in writing by |
| 102 | | this Company, the insured shall render to this Company a proof |
| 103 | | of loss, signed and sworn to by the insured, stating the knowledge |
| 104 | | and belief of the insured as to the following: the time and origin of the |
| 105 | | loss, the interest of the insured and of all others in the property, the |
| 106 | | actual cash value of each item thereof and the amount of loss thereto, |
| 107 | | all encumbrances thereon, all other contracts of insurance, whether |
| 108 | | valid or not, covering any of said property, any changes in the title, |
| 109 | | use, occupation, location, possession, or exposures of said property |
| 110 | | since the issuing of this policy, by whom and for what purpose any |
| 111 | | building herein described and the several parts thereof were occupied |
| 112 | | at the time of loss and whether or not it then stood on leased ground, |
| 113 | | and shall furnish a copy of all the descriptions and schedules in all |
| 114 | | policies and, if required, verified plans and specifications of any |
| 115 | | building, fixtures, or machinery destroyed or damaged. The insured, |
| 116 | | as often as may be reasonably required shall exhibit to any person |
| 117 | | designated by this Company all that remains of any property herein |
| 118 | | described, and submit to examinations under oath by any person |
| 119 | | named by this Company, and subscribe the same; and, as often as |
| 120 | | may be reasonably required, shall produce for examination all books |
| 121 | | of account, bills, invoices and other vouchers, or certified copies |
| 122 | | thereof if originals be lost, at such reasonable time and place as may |
| 123 | | be designated by this Company or its representatives, and shall permit |
| 124 | | extracts and copies thereof to be made. |
| 125 | Appraisal | In case the insured and this Company shall |
| 126 | | fail to agree as to the actual cash value or |
| 127 | | the amount of loss, then, on the written demand of either, each shall |
| 128 | | select a competent and disinterested appraiser and notify the other of |
| 129 | | the appraiser selected within twenty days of such demand. The |
| 130 | | appraisers shall first select a competent and disinterested umpire; and |
| 131 | | failing for fifteen days to agree upon such umpire, then on request of |
| 132 | | the insured or this Company such umpire shall be selected by a judge |
| 133 | | of a court of record in the state in which the property covered is |
| 134 | | located. The appraisers shall then appraise the loss, stating |
| 135 | | separately actual cash value and loss to each item; and failing to |
| 136 | | agree, shall submit their differences, only, to the umpire. An award in |
| 137 | | writing, so itemized, of any two when filed with this Company shall |
| 138 | | determine the amount of actual cash value and loss. Each appraiser |
| 139 | | shall be paid by the party selecting him and the expenses of appraisal |
| 140 | | and umpire shall be paid by the parties equally. |
| 141 | Company's | It shall be optional with this Company to |
| 142 | options | take all, or any part, of the property at the |
| 143 | | agreed or appraised value, and also to |
| 144 | | repair, rebuild, or replace the property destroyed or damaged with |
| 145 | | other of like kind and quality within a reasonable time, on giving notice |
| 146 | | of its intention so to do within thirty days after the receipt of the proof |
| 147 | | of loss herein required. |
| 148 | Abandonment | There can be no abandonment to this |
| 149 | | Company of any property. |
| 150 | When loss | The amount of loss for which this Company |
| 151 | payable | may be liable shall be payable sixty days |
| 152 | | after proof of loss, as herein provided, is |
| 153 | | received by this Company and ascertainment of the loss is made |
| 154 | | either by agreement between the insured and this Company |
| 155 | | expressed in writing or by filing with this Company of an award as |
| 156 | | herein provided. |
| 157 | Suit | No suit or action on this policy for the |
| 158 | | recovery of any claim shall be sustainable |
| 159 | | in any court of law or equity unless all the requirements of this policy |
| 160 | | shall have been complied with, and unless commenced within twelve |
| 161 | | months next after the inception of the loss. |
| 162 | Subrogation | This Company may require from the |
| 163 | | insured an assignment of all right of |
| 164 | | recovery against any party for loss to the extent that payment therefor |
| 165 | | is made by this Company. |

AP4443