MINUTE ENTRY
DUVAL, J.
November 26, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                        CIVIL ACTION
CONSOLIDATED LITIGATION
                                                    NO. 05-4182

PERTAINS TO: INSURANCE                              SECTION "K"(2)

Attending a status conference held this day concerning the course of action the Court shall take in light of the decision rendered by the Fourth Circuit Court of Appeal for the State of Louisiana in *Joseph Sher v. Lafayette Insurance Co., et al.,* 2007 CA-0757, November 19, 2007, were:

   Joseph Bruno -telephonically
   Ralph Hubbard
   Seth Schmeeckle.

In the *Sher* case, the Louisiana appellate court ruled contrary to the findings of the United States Court of Appeals for the Fifth Circuit in *In re Katrina Canal Breaches Litigation*, 395 F.3d 191 (5th Cir. 2007). The Louisiana Fourth Circuit upheld a state district court's finding that the meaning of flood in the context of the policy at issue was ambiguous and thus provided coverage for water damage cause by the collapse of the levee system, a man-made occurrence. Plaintiffs have contended and do contend that pursuant to the decision in *Blair v. Sealift, Inc*, 91 f.3d 755 (5th Cir. 1996), the Court is not obligated to follow the mandate issued by the Fifth Circuit in the above-referenced decision in *In re Katrina*. This contention is supported, *inter alia*, by *Delano v. Kitch*, 663 F.2d 990 (10th Cir. 1981) and *Hamm v. Latessa*, 72 F.3d 947 (1st Cir. 1995).

Defendants maintain that this Court is not bound by an intermediate court decision and should follow the Fifth Circuit mandate.  *F.D.I.C. v. Abraham*, 137 F.3d 264 (5th Cir. 1998). Moreover, defendants contend that it is not clear that a majority of the Court agreed that the water damage exclusion is ambiguous.  Clearly, Judges Tobias and Cannizzaro were of the opinion that the water damage exclusion is not ambiguous.  However,  because Judge Murray concurred in the result, it would seem logical to the Court that she agreed that the water damage exclusion is ambiguous.

As a result of the present posture of this issue in the Louisiana state court system and the fact that this Court has been assured that a writ will be taken in *Sher*, it is in the interest of justice and judicial economy to stay all proceedings in the Insurance Umbrella concerning this coverage issue.  Such a stay, shall not impact that provision of CMO No. 4, Section VII concerning bifurcation and the pursuit of settlement as parties see fit.    Accordingly,

**IT IS ORDERED** that the Defendant The Standard Fire Insurance Company's Motion for Entry of Final Judgment  (Doc. 8051) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Defendant Hanover Insurance Company's Motion for Entry of Judgment  Regarding James Capella (Doc. 9073) and Defendant Hanover Insurance Company's Renewed Motion for Judgment on the Pleadings Regarding Madeline Grenier(Doc. 9075) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Insurance Defendants' Joint Motion To: (1) Modify the Court's May 1, 2006 Consolidation Order; and (2) Deconsolidate and/or Sever Cases Within the Insurance Umbrella (Doc. 7759) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment with respect to Burden of Proof (Doc. 5847), the Motion for Partial Summary Judgment with respect to Collateral Source (Doc. 5848) and the Motion for Partial Summary Judgment re: Retroactivity of Act 813 (Doc. 5851), Appeal of Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons (Doc. 7524) are **DENIED** at this time.

With respect to these rulings, these denials do not address the substance of the motions and are made without prejudice for these motions to be re-urged after the Louisiana Supreme Court has ruled on the coverage issues or has denied writs in the *Sher* matter.

However, the Court sees no just reason to delay the entry of final judgment with respect to those claims brought against State Farm Fire and Casualty Company. Accordingly,

**IT IS ORDERED** that the Motion for Final Judgment by State Farm Fire and Casualty Company (Doc. 8434) is **GRANTED** insofar as entry of a separate judgment in its favor shall be signed and entered upon State Farm Fire and Casualty Company presenting to the Court a proper judgment.

JS-10: 1 hour