UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO.   05-4182   "K"   (2) |
| PERTAINS TO: MRGO | JUDGE DUVAL<br>MAG. WILKINSON |

NOTICE OF SUBPOENA REQUIRING
THE PRODUCTION OF DOCUMENTS

Pursuant to the Court's Case Management and Scheduling Order No. 4, entered March 1, 2007 (Docket No. 3299), and as subsequently amended ("CMO No. 4"), PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Washington Group International, Inc. ("WGII") has caused a subpoena *duces tecum* ("subpoena") to be issued by the United States District Court for the Middle District of Louisiana upon the Louisiana Office of Community Development ("OCD"), as administrator of the Louisiana Recovery Authority's Road Home Program. The subpoena has been directed to the Louisiana Office of Community Development, 1201 N. Third Street, Suite 7-270, Baton Rouge, Louisiana 70802.

The subpoena requires the production of documents as described and designated in the attached Schedule A, at 10:00 a.m., December 28, 2007, at the offices of Stone Pigman Walther Wittmann L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130.

901715v.1

The notice, service, and enforcement of this subpoena is without prejudice to the pending motion of WGII to dismiss, or any other similar motion to be filed by WGII, and shall not be deemed a waiver by WGII of any right.

Dated: November 28, 2007                    Respectfully submitted,


/s/William D. Treeby
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
       Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Washington Group
International, Inc.

Of counsel
Adrian Wager-Zito
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-4645
Facsimile: (202) 626-1700

901715v.1

<u>SCHEDULE A</u>

This subpoena is to be answered in accordance with the provisions of Federal Rule of Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

**A.     Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.     "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses; appointment books; articles from publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts; electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes; vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any document now or at any time in the possession, custody or control of the entity to whom these Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2. "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

3. "OCD" means the Louisiana Office of Community Development, including the Disaster Recovery Unit, a section within the Office of Community Development created by the Commissioner of Administration to administer the Community Development Block Grant Program Disaster Recovery funds, amounting to $10.4 billion, allocated to Louisiana after Hurricanes Katrina and Rita, including, but not limited to the Road Home Program.

4. "LRA" means the Louisiana Recovery Authority (and any subsidiary or predecessor thereof whether or not in existence on the date of these Requests); any of LRA's directors, officers, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of the Louisiana Recovery Authority in any capacity.

5. "You," or "Your" means OCD, its predecessors, parents, subsidiaries, affiliates, and any of its present or former directors, officers, agents, employees, designees, assignees, representatives or other persons acting on its behalf.

6. "Person" or "individual" means any natural person or any business, legal, or government entity or association.

7. "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

8. "Including" means including without limitation.

9. "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

10. Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

11. "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

12. "WGII" means Washington Group International, Inc.

13. "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14. "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

15. "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

16. "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

...

17. "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

18. "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

19. "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.   Instructions**

1. The documents sought in these Requests include all documents in your possession, custody or control. Unless otherwise indicates, these Requests seek all documents generated or received by you during the Relevant Period.

2. You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests. A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3. Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other. The nature of each claim of privilege shall be set forth in

sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4. Documents attached to each other should not be separated.

5. Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6. If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8. If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9. Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10. "All" and "each" shall be construed as "all and each."

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13. The documents shall be produced in full, without abbreviation or expurgation.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1) documents sent by the Louisiana Office of Community Development, including the Disaster Recovery Unit, or any other entity within the OCD, to residents of the Lower Ninth Ward and St. Bernard Parish

2) documents reflecting the application process for payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, or any other entity within the OCD

3) documents reflecting process by which the Louisiana Office of Community Development, including the Disaster Recovery Unit, reviews and decides applications for payments, grants, or other restitution

4) documents reflecting applications by homeowners in the Lower Ninth Ward and St. Bernard Parish for payments, grants, or other restitution provided by the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program, or any other OCD or LRA program

5) documents reflecting any payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, to homeowners in the Lower Ninth Ward

6) documents reflecting any payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, to homeowners in St. Bernard Parish

7) documents reflecting your denial or similar treatment of any application for payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, by homeowners in the Lower Ninth Ward and/or St. Bernard Parish

901715v.1

8) documents, including letters or other correspondence, you have received from any resident of the Lower Ninth Ward and St. Bernard Parish since Hurricane Katrina, other than applications

9) documents reflecting any statements taken by you, at your direction, or on your behalf of any resident of the Lower Ninth Ward or St. Bernard Parish concerning Hurricane Katrina

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the Production of Documents and Schedule A has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 28th day of November, 2007.

/s/William D. Treeby
William D. Treeby

901715v.1