**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: LEVEE, MRGO | * | MAG. WILKINSON |
| *Bobby LeDuff, et al.,* No. 06-5260 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER**
**TO PLAINTIFFS' ORIGINAL COMPLAINT**

    **NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and

Marine Insurance Company ("St. Paul"), which, for its Answer to the Original Complaint (the

"Complaint") filed by Plaintiffs, Bobby L. LeDuff, Darlene LeDuff, Kimberly Polk Individually,

and as Representative of the estate of Brittany Jones, Tamika Marie Thomas, Individually and as

Representative of the Estate of Shirlean Thomas, Calvin Joseph Thomas, Melvin Allen Thomas,

Kathy Williams, Individually and as Representative Of The Estate Of Wendell A. Rockwood

Roy Alexcee, Rupert Alexis, Evelyn Alexis, Nicole Marie August, Myles Bailey, Lynette Bailey,

Joseph Balthazar III, Jean Balthazar, Joy Cabrini Barbarin, Jacqueline Bates, Alma Royal

Becton, Christopher Bloom, Gladys Bloom, Etta Charles Brisco, Darrick Brown, Olga Brown,

Robert Brown, Alva Brulé, B and S Equipment Company, Inc., James Butler, Bernadette Smith

Butler, Terrell Ceazer, Renell Ceazer, Barbara M. Coleman, Tina Coleman-Bullard, Jeanie

Danner, Barbara M. Davis, Celestine Ann Davis, individually and as representative of the Estate

of Emma Daivs, Deandra Davis, Elvina Day, Dianna DeGruy, Merlin Dezara, James Dickerson,

Patricia Dickerson, Shirley Dilosa, Funches Dixon, Sharese Dixon, Sandra M. Donaldson,

Wanda Duckworth, Melina G. Duplessis, Irvine M. Figueura, Charissa M. Gaines, Remy

Galjour, Ronald Gilmore, Bernadine Gilmore, Yolanda Gleason, Emile B. Gordon, Toya H.

Gordon, Beverly Gray, Ronnie Gray Jr., Beverly Greg, Tricia Gresham, Joycelyn Hayes, Mary

Hemphill, Gregory Henricks, Nellie Marie Hite, Lucille Hollis, Kendall Honore, Debbie Honore,

Joyce Howard, Vergilan Howard, Carol A. Jackson, Kimberly Johnson, Diana B. Joseph,

Anthony Jourdan, Virginia Jourdan, Portland Landry, Terry Landry, Albee Lewis, Betty Jo

Lewis, Mary Lombard, Patrick Lombard, Sabrina A. Malanez, Cedric Martin, Mary Louise

Martin, Adrina Nicole McCray, Robert G. Miller, Prudence Miller, Michael Morris, Jamie Smith

Morris, Jerome A. Morris, Eureka Mosley, Linda Nelson, Barbara Palmer, Emanuel Paul, Gail

B. Paul, Rosalyn Porter, Debra Richardson Rolling, Sue C. Ryals, Leola Sentino, Wanda M.

Shedd, Reginel  Simmons, Joann B. Simmons, Robert Simmons, Desiree Singleton, Johnell

Singleton, Lillian Smith, Priscilla Sandal Smith, Ricardo Smith, Rochelle Smith, Lee Steele,

Gladys Sullivan, Carl Taylor, Robbin Taylor, Patrick Temple, Denise Theodore, Gwennyth

Thomas, Kenneth Thomas, Dwanda Trask, Lan Vo, Tuan Vo, Joann Warner, Carolyn

Washington, Conchetta Marie Watson, Cicely Webber, Wendell Webber, Kathy R. Williams,

Larry Williams, Jr., Melinda Williams, Albert J. Williams, Sandra Williams, Antoinette

Williamson, Latoya Winn, and Tinneca L. Wooden (collectively, the "Plaintiffs"), respectfully

responds to the particular paragraphs of the Complaint as follows:

1.

Paragraph 1 of the Complaint simply lists the persons named as plaintiffs in the above captioned matter and contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

2.

Paragraph 2 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 2 are directed at St. Paul, St. Paul denies the allegations.

3.

St. Paul denies the allegations in Paragraph 3 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

4.

Sub-parts a. through n. and sub-parts o. through ccc. of Paragraph 4 are not directed at St. Paul and, therefore, require no response from St. Paul.  To the extent a response to these sub-parts may be deemed necessary, St. Paul denies the allegations in sub-parts a. through n. and sub-parts o. through ccc. for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  In response to sub-part n. of Paragraph 4, St. Paul denies the allegations therein except to admit that it has been named as a defendant herein, that it is a foreign insurer authorized to do and doing business in the State of Louisiana.

5.

In response to the allegations in Paragraph 5, St. Paul denies the allegations therein except to admit that it has been named as a defendant herein and that it is a foreign insurer authorized to do and doing business in the State of Louisiana.  St. Paul denies the remaining allegations in Paragraph 5 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

6.

St. Paul denies the allegations in Paragraph 6 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

7.

Paragraph 7 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 7 are directed at St. Paul, St. Paul denies the allegations.

8.

Paragraph 8 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 8 are directed at St. Paul, St. Paul denies the allegations.

9.

Paragraph 9 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 9 are directed at St. Paul, St. Paul denies the allegations.

10.

St. Paul denies the allegations in Paragraph 10 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

11.

St. Paul denies the allegations in Paragraph 11 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

12.

St. Paul denies the allegations in Paragraph 12 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

St. Paul denies the allegations in Paragraph 13 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

14.

St. Paul denies the allegations in Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15

St. Paul denies the allegations in Paragraph 15 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

16.

St. Paul denies the allegations in Paragraph 16 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

St. Paul denies the allegations in Paragraph 17 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

18.

St. Paul denies the allegations in Paragraph 18 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

St. Paul denies the allegations in Paragraph 19 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

20.

St. Paul denies the allegations in Paragraph 20 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

21.

St. Paul denies the allegations in Paragraph 22 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

23.

St. Paul denies the allegations in Paragraph 23 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

24.

St. Paul denies the allegations in Paragraph 24 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

25.

St. Paul denies the allegations in Paragraph 25 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

26.

St. Paul denies the allegations in Paragraph 26 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

27.

St. Paul denies the allegations in Paragraph 27 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

28.

Paragraph 28 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 28 are directed at St. Paul, St. Paul denies the allegations.

29.

Paragraph 29 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 29 are directed at St. Paul, St. Paul denies the allegations.

30.

Paragraph 30 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 30 are directed at St. Paul, St. Paul denies the allegations.

31.

Paragraph 31 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 31 are directed at St. Paul, St. Paul denies the allegations.

32.

Paragraph 32 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the

truth of the matters asserted therein.  To the extent the allegations in Paragraph 32 are directed at St. Paul, St. Paul denies the allegations.

33.

Paragraph 33 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 33 are directed at St. Paul, St. Paul denies the allegations.

34.

Paragraph 34 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 34 are directed at St. Paul, St. Paul denies the allegations.

35.

Paragraph 35 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 35 are directed at St. Paul, St. Paul denies the allegations.

36.

Paragraph 36 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 36 are directed at St. Paul, St. Paul denies the allegations.

37.

Paragraph 37 contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 37 are directed at St. Paul, St. Paul denies the allegations.

38.

The Introductory Paragraph under subheading VI. contains no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in the Introductory Paragraph under subheading VI. for lack of sufficient information to justify a belief therein.  In further response, St. Paul admits that Hurricane Katrina made landfall in Louisiana on August 29, 2005, but denies the remainder of the allegations in Paragraph 28 for lack of sufficient information to justify a belief therein.

39.

St. Paul denies the allegations in Paragraph 39 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

40.

Paragraph 40 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be

deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 40 are directed at St. Paul, St. Paul denies the allegations.

41.

Paragraph 41 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 41 are directed at St. Paul, St. Paul denies the allegations.

42.

Paragraph 42 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 42 are directed at St. Paul, St. Paul denies the allegations.

43.

Paragraph 43 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 43 are directed at St. Paul, St. Paul denies the allegations.

44.

Paragraph 44 contains no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in Paragraph 44 are directed at St. Paul, St. Paul denies the allegations.

45.

Paragraph 45 contains no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in Paragraph 45 are directed at St. Paul, St. Paul denies the allegations.

46.

Paragraph 46 contains no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in Paragraph 46 are directed at St. Paul, St. Paul denies the allegations.

47.

Paragraph 47 contains no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 47 are directed at St. Paul, St. Paul denies the allegations.

48.

Paragraph 48 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 48 are directed at St. Paul, St. Paul denies the allegations.

49.

Paragraph 49 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 49 are directed at St. Paul, St. Paul denies the allegations.

50.

Paragraph 50 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 50 are directed at St. Paul, St. Paul denies the allegations.

51.

Paragraph 51 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be

deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 51 are directed at St. Paul, St. Paul denies the allegations.

52.

Paragraph 40 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 40 are directed at St. Paul, St. Paul denies the allegations.

53.

Paragraph 53 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 53 are directed at St. Paul, St. Paul denies the allegations.

54.

Paragraph 54 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 54 are directed at St. Paul, St. Paul denies the allegations.

55.

Paragraph 55 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 55 are directed at St. Paul, St. Paul denies the allegations.

56.

Paragraph 56 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 56 are directed at St. Paul, St. Paul denies the allegations.

57.

Paragraph 57 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 57 are directed at St. Paul, St. Paul denies the allegations.

58.

Paragraph 58 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 58 are directed at St. Paul, St. Paul denies the allegations.

59.

Paragraph 59 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 59 are directed at St. Paul, St. Paul denies the allegations.

60.

Paragraph 60 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 60 are directed at St. Paul, St. Paul denies the allegations.

61.

Paragraph 61 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 61 are directed at St. Paul, St. Paul denies the allegations.

62.

Paragraph 62 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be

deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 62 are directed at St. Paul, St. Paul denies the allegations.

63.

Paragraph 63 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 63 are directed at St. Paul, St. Paul denies the allegations.

64.

Paragraph 64 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 64 are directed at St. Paul, St. Paul denies the allegations.

65.

Paragraph 65 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 65 are directed at St. Paul, St. Paul denies the allegations.

66.

Paragraph 66 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 66 are directed at St. Paul, St. Paul denies the allegations.

67.

Paragraph 67 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 67 are directed at St. Paul, St. Paul denies the allegations.

68.

Paragraph 68 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 68 are directed at St. Paul, St. Paul denies the allegations.

69.

Paragraph 69 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 69 are directed at St. Paul, St. Paul denies the allegations.

70.

Paragraph 70 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 70 are directed at St. Paul, St. Paul denies the allegations.

71.

Paragraph 71 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 71 are directed at St. Paul, St. Paul denies the allegations.

72.

Paragraph 72 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 72 are directed at St. Paul, St. Paul denies the allegations.

73.

Paragraph 73 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be

deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 73 are directed at St. Paul, St. Paul denies the allegations.

74.

Paragraph 74 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 74 are directed at St. Paul, St. Paul denies the allegations.

75.

Paragraph 75 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 75 are directed at St. Paul, St. Paul denies the allegations.

76.

Paragraph 76 contains no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent the allegations in Paragraph 76 are directed at St. Paul, St. Paul denies the allegations.

77.

Paragraph 77 contains no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations directed at other parties for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in Paragraph 77 are directed at St. Paul, St. Paul denies the allegations.

78.

St. Paul denies the allegations in Paragraph 78 and Paragraph 78 subparts a through c for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

79.

In response to the allegations of Paragraph 79 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein.

80.

The allegations in Paragraph 80 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

81.

The allegations in Paragraph 81 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

82.

In response to the allegations of Paragraph 82 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein.

83.

The allegations in Paragraph 83 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

84.

The allegations in Paragraph 84 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

85.

The allegations in Paragraph 84 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

86.

In response to the allegations of Paragraph 86 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein.

87.

The allegations in Paragraph 87 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

88.

The allegations in Paragraph 88 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

89.

The allegations in Paragraph 89 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

90.

In response to the allegations of Paragraph 90 of the Complaint, St. Paul realleges and reavers its responses to those allegations of fact and allegations of fault, as incorporated herein.

91.

The allegations in Paragraph 91 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

92.

The allegations in Paragraph 92 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

93.

The allegations in Paragraph VIII entitled "Wrongfull Death and Survival Damages" [sic] constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

94.

The allegations in Paragraph IX entitled "Request for Jury Trial" contains no factual allegations directed at St. Paul or any other party, but only demands a trial by jury. Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, it is denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

95.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief.  Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

**AND NOW**, in further answer to the Petition, St. Paul asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

## SECOND DEFENSE

To the extent the Orleans Levee District has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

## THIRD DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners for the Orleans Levee District and/or The New Orleans Levee District in its Answer (and/or any supplement thereto) to the Plaintiffs' Petition to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the policy issued to the OLD or any other alleged policy (the "Policy") and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policy.

## FIFTH DEFENSE

If the Policy provides any primary insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form.  None of the other portions of those coverage forms nor any portion of any other coverage form in the Policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

25

## SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Policy.

## SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Policy.

## EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the Policy.

## NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Policy is legally obligated to pay as damages for covered property damage that happened while the Policy was in effect and that was caused by an event.

## TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policy.

## ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Impaired property" exclusion in the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution injury or damage" exclusion in the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution work loss, cost or expense" exclusion in the Policy.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Mold or other fungi" exclusion in the Policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Damage to your products or completed work" exclusion in the Policy.

## SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

## SEVENTEENTH DEFENSE

Any liability by St. Paul under the Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

## EIGHTEENTH DEFENSE

Any liability by St. Paul under the Policy is subject to any "Other Insurance" clauses in the Policy.

## NINETEENTH DEFENSE

St. Paul has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## TWENTIETH DEFENSE

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

28

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by pre-existing conditions over which the insured under the Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Petition.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Petition were in violation of public policy or law.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for declaratory and/or injunctive relief.

## TWENTY-NINTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Petition.

## THIRTIETH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

## THIRTY-THIRD DEFENSE

The Petition fails to state a cause of action against St. Paul for attorney's fees.

## THIRTY-FOURTH DEFENSE

The Petition is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policy, or the applicable law, St. Paul has in response to the Petition.  St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Petition once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs, dismissing all of the claims of the Plaintiffs against St. Paul, with prejudice, at Plaintiffs' cost.

Respectfully submitted,

*/s/ Rachel A. Meese*
RALPH S. HUBBARD III, T.A., Bar. #7040
JOSEPH P. GUICHET, Bar #24441
RACHEL A. MEESE, Bar #25457
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

31

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a true and correct copy of the foregoing pleading has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this 29th day of November, 2007.

<u>/s/ Rachel A. Meese</u>