MINUTE ENTRY
WILKINSON, M. J.
NOVEMBER 28, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>       CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: INSURANCE, <u>Roberts</u>, 06-2315 | JUDGE DUVAL<br>MAG. WILKINSON |

**<u>HEARING AND ORDER ON MOTION</u>**

APPEARANCES: None

MOTION:    Plaintiff's Motion to Compel, Record Doc. No. 8836

<u>O R D E R E D</u>:

<u> XXX </u> : DENIED, but without prejudice to reurging, if the parties can properly characterize the motion and support entry of the requested order with law and evidence.

     Although plaintiff's counsel requested and was granted oral argument on this motion, Record Doc. Nos. 8836-3 and 8925, no one appeared at the hearing, which was scheduled for November 28, 2007 at 11:00 a.m., either for plaintiff or defendant. In addition, although Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and a copy be delivered to chambers eight days prior to the date set for hearing of the motion, defendant Allstate Insurance Company failed to file any responsive memorandum.

MJSTAR: **0 : 01**

This apparent ambivalence creates a problem because the original motion presents interesting and important issues, perhaps even with broad application to a large number of cases in the captioned Insurance umbrella of this consolidated litigation, but it contained no citation to law and not a shred of evidence. Although styled a "motion to compel," it also appears not to be a motion to compel, but instead a motion either to enforce a settlement agreement or a motion for injunctive relief. Thus, the court is left only to wonder whether there is in fact a settlement agreement in the referenced Roberts case and, if so, what it might provide. Was the claim for structural damage contained in plaintiff's original petition dismissed, leaving only settlement of contents coverage, as plaintiff argues, or was the settlement a compromise of the case as a whole? Perhaps the submission of a verified copy of any such settlement agreement would answer the court's questions; including, for example, on what authority Allstate apparently took it upon itself to make a settlement check payable to entities who are not parties to this lawsuit. These and others are questions, left unresolved on the current record, that the court hoped to address at the scheduled hearing.

Under these circumstances, I decline to issue a report and recommendation that would be necessary prior to granting the motion, since 28 U.S.C. § 636(b)(1) appears to apply, and instead deny this submission as the "motion to compel" it purports to be, but without prejudice to it being reurged as what it really is, either a motion to enforce a settlement agreement or as a motion for injunctive relief, as long as any such motion is properly supported by the necessary law and evidence.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. STANWOOD R. DUVAL, JR.