UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * * | NO. 05-4182 and consolidated cases |
|  | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

**MEMORANDUM IN SUPPORT OF**
***EX PARTE* MOTION FOR MODIFICATION OF ORDER**

MAY IT PLEASE THE COURT:

Barge plaintiffs seek modification of the Court's minute entry (Record Doc. 9100) denying leave to file an FRCP 56 motion and/or motion for stay or transfer relative to the coverage dispute raised by Lafarge North America's insurer, American Steamship Owners Mutual Protection and Indemnity Association (The American Club). This dispute arises out of The American Club's claim that ING 4727 is not a covered vessel, and is pending in the form of a declaratory action commenced by The American Club in the Southern District of New York months after plaintiffs herein sued this insurer. It represents circumvention of the Louisiana Direct Action statute, the first to file doctrine, adjudication in the forum with the greatest interest in the litigation, and could create issues of estoppel or res judicata causing irreparable harm to the plaintiffs and to Lafarge, should the coverage issue be resolved adversely in New York. On the

other hand, the availability of this insurance - it is a very large policy - will have the effect of promoting settlement, and avoiding years of post-trial proceedings concerning Lafarge's ability to satisfy a money judgment for the plaintiffs, assuming one is rendered.  Furthermore, the denial implicates other questions relative to a litigant's right to construct a record as to substantive legal matters bearing directly on the subject of the litigation, or one or more claims against a party thereto.

It is believed that these questions present material issues within the ambit of 28 U.S.C. 1292.  Therefore, movers respectfully request that the Court modify its minute entry order to reflect that the *order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of the litigation*.  28 U.S.C. 1292.  Movers respectfully ask that the minute entry be modified in the foregoing manner so as to allow certification of the following questions for immediate appeal:

1. Whether the first-to-file doctrine affords plaintiffs the right to litigate all issues against The American Club in the EDLA, to the exclusion of other venues.
2. Whether the Louisiana Direct Action Statute affords plaintiffs the right to litigate all issues against the American Club in the EDLA, to the exclusion of other venues.
3. Whether the connexity between the events subject of suit and the litigants and the locale afford plaintiffs the right to litigate all issues against the American Club in the EDLA, to the exclusion of other venues.
4. Whether issues of collateral estoppel and res judicata must be addressed so as to prevent potential deprivation of a fund of insurance coverage from which settlement or judgment funds can otherwise be recovered, thus affording plaintiffs the right to litigate all issues against the Amercian Club in the EDLA, to the exclusion of other venues.
5. Whether a litigant is entitled as a matter of right to seek a timely FRCP Motion for Summary Judgment and/or Transfer and/or Stay as to an issue pled in this litigation which is subject of a later filed declaratory action in another venue.
6. Whether counsel for a litigant is entitled as a matter of right to construct a complete and accurate record of all legal theories reasonable and justified in the law with respect to

insurance coverage.

        Respectfully Submitted by
        Counsel for Group A,

**WIEDEMANN & WIEDEMANN**

\s\Lawrence D. Wiedemann
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
      821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

And

\s\Patrick J. Sanders
      PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 30 day of November, 2007.

        \s\Brian A. Gilbert