UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson,* (No. 06-2268) | |

**ROBINSON PLAINTIFFS' STATEMENT RE PRE-FILING MEETING ON MOTION FOR SUMMARY JUDGMENT ON SECTION 702c IMMUNITY**

The Robinson Plaintiffs submit the following Statement in connection with the telephonic pre-filing meeting on Section 702c immunity summary judgment motion scheduled for December 4 at 12:00 p.m. Presently, it is contemplated that the Government will be filing a summary judgment motion. In light of the record compiled during discovery, however, the Robinson Plaintiffs have decided to file a motion for summary judgment on the 702c immunity issue. As discussed below, Plaintiffs believe that their summary judgment motion will set up a situation where the Court at the forthcoming hearing will be in a position to decide on the merits—based on a complete evidentiary record—the issue of the applicability of Section 702c to the facts of this case. In other words, rather than merely ruling on whether any material facts are disputed and, if so, deferring final resolution of this threshold issue to the trial next

September, the Court will be presented with all of the evidence and legal briefing necessary to resolve what is ultimately a legal question.

**1. <u>CMO 1</u>**

Pursuant to Revised *Robinson* Case Management Order No. 1, as amended ("CMO 1"), the Court has promulgated a schedule for the filing and hearing on the Government's motion for summary judgment as follows:

| | |
|---|---|
| December 21, 2007 | Motion filed |
| January 11, 2008 | Opposition filed |
| January 25, 2008 | Reply filed |
| March 12, 2008 | Hearing on motion |

In CMO 1, the Court resolved a disagreement between the Robinson Plaintiffs and the Government regarding the management of the case and, more particularly, the timing of a ruling on the issue of the applicability of the Flood Control Act of 1928, 33 U.S.C. § 702c ("702c immunity") to the facts of this case.[1] The Government insisted on a plan "to limit discovery initially to jurisdictional issues presented by the Flood Control Act of 1928, 33 U.SC. § 702c, resulting in a motion thereon, and in the event the motion is not granted, a preliminary trial focusing solely on the jurisdictional question. The Plaintiffs object to this approach strenuously." CMO 1 at 1. The Court struck a compromise, ordering that "it will set out a trial and motion schedule designed to present the issue of § 702c immunity by motion early in these

[1] In its Answer, the Government expressly pleads the 702c immunity in the Second Affirmative Defense.

proceedings." *Id.* at 2.[2] At the time, it appeared that the Government would be filing the only summary judgment motion.

**2. Robinson Plaintiffs' Motion for Summary Judgment**

Now that fact and expert discovery on 702c immunity has concluded, the Robinson Plaintiffs have decided that they will also file a motion for summary judgment on this issue so that the Court can make a final decision on the merits as contemplated by CMO 1 without waiting until later next year. As the Court will soon see, Plaintiffs believe that there are no undisputed facts necessary to make outcome determinative findings of fact and conclusions of law for resolving this issue guided by the correct interpretation of § 702c as articulated by this Court in its rulings denying the Government's motion to dismiss and motion to certify an interlocutory appeal. The material facts for the Robinson Plaintiffs' summary judgment motion have all been conceded by the Government in testimony of its witnesses designated pursuant to Rule 30(b)(6) on 702c immunity, the testimony of one of its experts, official documents of the U.S. Army Corps of Engineers "(ACE"), and post-Katrina reports commissioned by the ACE or prepared by Government agencies and Congressional committees concerning performance of the Hurricane Flood Protection System for Greater New Orleans during and after Hurricane Katrina.

In its two prior motions, the Government articulated its two-pronged position on 702c immunity:

(1) The United States is immune from any damages caused by flood waters irrespective of the cause or any involvement of a flood control project, principally

---

[2] CMO 1 ordered that the motion be filed on November 19, 2007 and the hearing held on January 16, 2008. At the Government's request, however, the Court granted an extension, leading to the considerable delay of two months before resolution of the issue.

relying on its expansive reading of *Central Green v. United States*, 531 U.S. 425 (2001).

(2) Alternatively, the waters at issue were in fact waters that a federal flood control project was unable to control because the flood control structures built as part of the Lake Pontchartrain and Vicinity Hurricane Protection Project ("LPVHPP") did not control the flood waters of Hurricane Katrina and the waters passing through the MR-GO did not damage plaintiffs before first going through or around the LPVHPP.

The Court has already rejected the first argument. *See In re Katina Canal Breaches Consol. Litig.*, 471 F. Supp. 684, 690 (ED. La. 2007); Order Denying Motion for Certification (Document 6194) at 3. Assuming the Court rules similarly on the Government's motion for summary judgment, the motion will be denied on this basis.

As for the second argument, there will be sharply disputed facts, namely, whether the ACE actually constructed a Hurricane Flood Protection System along Reach 1 and Reach 2 of the MR-GO consistent with (a) the Congressional mandate in the Flood Control Act of 1965, Pub. L. No. 89-298, 79 Stat. 1073, 1077 (October 27, 1965), authorizing the LPVHPP and (b) the ACE's own standards. As the Plaintiffs suggested in opposing the two motions, discovery has yielded substantial evidence that hurricane flood protection "levees" were not constructed along vast stretches of the MR-GO as authorized by Congress, the "system" was in fact far from completion by the time of Hurricane Katrina, and whatever works lined the banks of Reach 2 were for the most part nothing more than piles of dirt, uncompacted hydraulic fill, and spoil banks from dredging of the MR-GO. Since the lynchpin of the Government's alternative position is the presence of *authorized* hurricane flood protection structures along the MR-GO,

this contention will be hotly disputed, thereby rendering summary judgment for the Government inappropriate on this basis.

### 3. The Robinson Plaintiffs' Motion for Summary Judgment Will Not Require Resolution of Disputed Facts

The Robinson Plaintiffs summary judgment motion will enable the Court to decide the 702c immunity issue on the merits and not require deferring the issue to the liability trial next September. As fashioned by the Robinson Plaintiffs, their summary judgment motion will not necessitate the resolution of any disputed facts because the grounds for the motion are either (a) statutory construction (a legal question) governed by dispositive precedent or (b) a copious record of facts admitted by the Government.

**a. Statutory Construction**

Under the Fifth Circuit's controlling holding in *Graci v. United States*, 456 F.2d 20, 27 (5th Cir. 1971), § 702c must be construed to be inapplicable "when, as here, the plaintiffs allege that they have suffered floodwater damage as a result of the negligence of the United States unconnected with any flood control project . . . ."[3] As this Court held, "[c]learly there are circumstances where the United States may be held liable for damage resulting from flood water caused by its acts of omission or commission." Document 6194 at 5.[4] And as this Court

---

[3] Agreeing with District Court Judge Heebe that the statute "should not be construed to be a wholesale immunization of the Government for all liability for floodwater damage unconnected with flood control projects," the Fifth Circuit in *Graci* flatly rejected the Government's argument that it is immune for any flood water damage whatsoever. *Id.* at 27; *see also In Re Katrina Canal Breaches Consol. Litig.*, 471 F. Supp. 2d at 691 ("On interlocutory appeal, the United States contended, *inter alia*, that § 702 'affords an absolute immunity from liability for floodwater damage regardless whether the negligence alleged was in connection with a flood control project or a navigation aid project.'").

[4] Analogizing to the Robinson Plaintiffs' liability theory that the MR-GO itself constitutes a legal cause of their damage independent of any negligence in the ACE's design or construction of flood protection works, this Court identified three comparable scenarios where 702c immunity would not be available to the Government: "the United States could dynamite a levee along the

recognized, the presence or absence of hurricane flood protection works along the MR-GO—concededly a navigation channel and not a flood control project—is irrelevant here because "plaintiffs are not seeking damages for the failure of the levees or flood projects. Plaintiffs contend that the MR-GO has absolutely nothing to do with a flood control project. Plaintiffs are seeking damages for the effects of the waters in the MRGO with respect to the decimation of the wetlands for a long period of time which in turn created the hazard which resulted in the flooding which plaintiffs maintain could not have been controlled by any flood control project." *In re Katina Canal Breaches Consol. Litig.*, 471 F.Supp.2d at 694; *see also id.* at 687 ("In essence, plaintiffs maintain that but for the MRGO, there would not have been devastating flooding which damaged plaintiffs herein.")

**b. Undisputed Facts Admitted by the Government**

In addition to arguing that summary judgment is required because of the binding *Graci* holding, the Robinson Plaintiffs will argue that 702c immunity is not available as a matter of law because it is undisputed that:

(1) the Hurricane Flood Protection System was not completed to the design height protection elevations when Hurricane Karina struck Greater New Orleans and therefore § 702 c is not available because the bargained for consideration for immunity—constructing a hurricane flood *protection system*—was not afforded here; and

(2) the existing, unfinished hurricane flood protection system—even if completed to the authorized design elevations—would not have contained the floodwaters generated

---

Mississippi," a "ship owned by the United States could collide into a dam causing flooding," and "the United States could break a water main causing flooding". Document 6194 at 3.

by Hurricane Katrina because of the incremental surge and wave run-up caused by the MR-GO's negligent design, construction, operation, and maintenance.

The evidentiary support for the undisputed facts derives entirely from admissions by the defendant United States in scores of official public records and documents and sworn testimony by public officials. A primary source is also official ACE documents and deposition testimony of ACE officials (Richard Varuso, Al Naomi, Keith O'Cain, Walter Baumy, and Nancy Powell) and an expert designated by the ACE with respect to the MR-GO class certification proceedings (Dr. Robert Dalrymple). Record citations also include numerous United States Government-commissioned investigation reports about the performance of the Hurricane Flood Protection System.

**4. <u>The Court Can Decide 702c Immunity on This Record</u>**

As this preview of the parties' arguments shows, the ultimate issue before the Court—based on a complete evidentiary record—is predominantly a legal issue more akin to "a pure issue of law which may be resolved on summary judgment" without a trial. Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:208; *see also Prinzi v. Keydril Co.*, 738 F.2d 707 (5th Cir. 1984) (where material facts are undisputed, worker's status under as Jones Act "seaman" decided on summary judgment). Summary judgment is the appropriate procedure where, as here, the facts are undisputed and the issue is the applicability of governmental immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818-19 (1982) (qualified immunity based on objective reasonableness of defendant's conduct in civil rights actions); *Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir. 19922) (undisputed facts showed state trooper was entitled to qualified immunity in a federal civil rights action and entitled to judgment

as a matter of law); *Cal. Aviation, Inc. v. City of Santa Monica*, 806 F.2d 905, 907-08 (9th Cir. 1986) (antitrust actions).

Since this is a bench trial, the 702c immunity issue is ideally suited for resolution on summary judgment because the underlying evidence will be undisputed, issues of witness credibility are not present, and the record will indicate that a trial will add nothing to the Court's ability to decide the matter. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978). "It makes little sense to forbid a judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact, unless those inferences involve issues of witness credibility or disputed material facts." *Matter of Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991); *see also United States Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 865-66 (5th Cir. 1996).

Even if the Court concludes that some material facts are disputed, the efficient approach—in the interest of judicial economy and the parties' litigation costs—would be to advance the 702c immunity issue for an early "trial" on the full record at the scheduled March 12, 2008 hearing. This is, indeed, what we believe that Court had in mind in CMO 1 when it "set out a trial and motion schedule designed to present the issue of § 702c immunity by motion early in these proceedings." CMO 1 at 2. This procedure in nonjury cases has been endorsed by the Fifth Circuit. "[W]here the judge is the trier of fact, . . .he may be in a position to draw inferences without resort to the expense of trial, unless there is an issue of witness credibility." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 273 n.15 (5th Cir. 1986), cert. denied, 484 U.S. 851 (1987);[5] *see also Rowley, Hansell-Petetin v. Mid-Continent Casualty, Inc.*, 2004 WL

---

[5] The Robinson Plaintiffs are unaware of any credibility issues with respect to witnesses whose deposition testimony will be supporting their Statement of Undisputed Facts since those witnesses are present Government employees or the Government's expert. Likewise, the Court

614500 *2 (Vance, J.) ("in a nonjury case . . . the Court is encouraged to draw inferences, even when they appear to be factual, if a 'trial on the merits would reveal no additional data.'")(quoting *Nunez v. Superior Oil Co.*, *supra*, 812 F.2d at 1124).

**5. Stipulations of Fact and Exhibits**

In CMO 1, the Court scheduled this pre-filing meeting to discuss "procedures, content and exhibits to be used for 702c Motion." CMO 1 at 6. The Court has ordered the parties to submit "a chronology of relevant facts to be provided in addition to or in lieu of the traditional factual allegations provided," and "the Statement of Undisputed Facts shall be presented chronologically and with pin-point citations to any evidence supporting same." *Id.* In light of the fact that the Court will be presented with cross motions for summary judgment, we recommend that the Court order the parties to meet and confer for the purpose of submitting with their respective motions an agreed upon set of Stipulated Facts and Exhibits to be used by both parties. The Robinson Plaintiffs believe that this procedure—which is required with regard to the trial on the merits[6]—will result in substantial time savings for the Court and the parties since the vast majority of the historical facts, events, and findings with respect to the Hurricane Flood

---

has indicated that all documents produced by the parties are presumed authentic (s*ee* CMO 4 at 32) and the source of the vast majority of the Robinson Plaintiffs' proposed stipulations of fact are ACE and other Government documents.

[6] *See* CMO 1 at 5.

Protection System cannot be genuinely disputed and the universe of pertinent exhibits is by now well known.[7]

Dated: November 30, 2007

Respectfully submitted

**O'Donnell & Associates P.C.**

By: /s/ Pierce O'Donnell
Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone: (213) 347-0290
Fax: (213) 347-0299

**The Andry Law Firm, LLC**

By: /s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 585-1788

**Law Offices of Joseph M. Bruno**

Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile: (504) 581-1493

**Domengeaux Wright Roy & Edwards LLC**

Bob F. Wright (LSBA No. 13691)

[7] To the extent that parties cannot agree on some facts, they may be separately stated with notation of the requisite "pin-point citations" to the claimed evidentiary support.

James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile: (337) 233-2796

**Fayard & Honeycutt**

Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925

**CERTIFICATE OF SERVICE**

I, Pierce O'Donnell, hereby certify that on November 30, 2007, I caused to be served ROBINSON PLAINTIFFS' STATEMENT RE PRE-FILING MEETING ON MOTION FOR SUMMARY JUDGMENT ON SECTION 702c IMMUNITY, upon Defendants' counsel, Robin D. Smith, Catherine Corlies, Traci Colquette, and Jim McConnon by email and United States first class mail: robin.doyle.smith@usdoj.gov; catherine.corlies@usdoj.gov, traci.colquette@usdoj.gov, and jim.mcconnon@usdoj.gov , and all other interested parties by ECF.

/s/ Pierce O'Donnell