UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 "K" (2) <br> * <br> * JUDGE STANWOOD R. DUVAL <br> * <br> * MAG. JUDGE JOSEPH C. WILKINSON, JR. <br> * |

*THIS PLEADING APPLIES TO:* BARGE

| | |
|---|---|
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |
| *Parfait v. USA* | C.A. No. 07-3500 |
| *LNA v. USA* | C.A. No. 07-5178 |

## LAFARGE NORTH AMERICA INC'S REPORT TO THE MAGISTRATE JUDGE REGARDING FACT DEPOSITIONS

In accordance with Case Management Order No. 5, defendant Lafarge North America Inc. ("LNA") provides the following report regarding the scheduling of fact depositions:

1. <u>Deposition coordination</u>. Counsel for the plaintiffs in the Barge matter and for LNA have each proposed to take fact depositions beginning in December 2008. Coordination with

counsel in the MRGO/Levee litigation is achieved by notifying counsel by e-mail, in advance, of the identity of the deponent and the proposed deposition date. Counsel have adopted an informal practice of providing at least two weeks' notice of proposed depositions and/or requesting dates at the convenience of counsel and witnesses. LNA believes that two weeks' advance notice is the appropriate amount of time for informal notice to be provided, assuming that the formal filing of a notice of deposition follows in short order.

LNA believes that the parties will generally be able to work out deposition scheduling among themselves. Counsel for LNA are prepared to double-track depositions so that each side has the ability to take at least one deposition on a given day, and plaintiffs' counsel have indicated they are prepared to do the same. LNA believes that counsel for all parties will generally be able to work out deposition scheduling among themselves. With regard to depositions to take place in December 2007, counsel for the Barge plaintiffs have noticed two fact witness depositions and have identified a number of additional depositions they wish to take. Counsel for LNA have noticed twelve fact depositions to take place in December and have discussed those with counsel for plaintiffs and WGI. At present, it appears that ten of those depositions will go forward in December as scheduled, and two will be deferred.

2. <u>Limits on the number of depositions</u>. CMO #5 calls for the parties to propose "limits on the number of fact witness depositions that may be conducted without prior leave of court." Proposing such limits is difficult given the magnitude of this litigation and the indeterminate number of potential fact witnesses. This litigation involves many different categories of fact witnesses, including (a) individual plaintiffs in the above-captioned cases; (b) employees of the defendants who may testify about their actions in advance of Hurricane Katrina; (c) individuals who were present in the affected area during Hurricane Katrina, and who may have witnessed

events relating to the breaches and/or flooding (including both residents and first-responders); (d) individuals who have knowledge concerning the construction and maintenance of the MRGO, the IHNC, and associated structures, which will be relevant to LNA's causation defense and also to LNA's third-party claims; (e) individuals who have knowledge concerning plaintiffs' "direct action" claims related to insurance coverage; and (f) miscellaneous others whose testimony may be relevant to class certification or to the merits of plaintiffs' claims (e.g., a witness regarding the existence or non-existence of property records showing property ownership in the proposed class area). Although these categories emerge from the parties' preliminary witness lists, neither side is yet able to predict the number of witnesses that it may call at trial.[1]

In these circumstances, LNA believes it is premature to impose numerical limits on fact depositions at this stage. From preliminary discussions with the barge plaintiffs, it appears that they likewise do not believe that numerical limits are needed at this juncture.

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**

---

[1] For instance, plaintiffs' preliminary witness list includes a catchall category for "[a]ny and all others yet to be investigated, discovered, determined or identified." R. Doc. 9154. Also, plaintiffs' initial witness list does not include any plaintiffs as witnesses to testify in support of their own claims at trial. Until there is some clarity regarding plaintiffs' intentions in this regard, and until LNA has had the chance to review the individual plaintiffs' responses to written discovery, this category remains uncertain as well.

Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

*Attorneys for Lafarge North America Inc.*

### Certificate of Service

I do hereby certify that I have on this 30th day of November, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by email or facsimile transmission.

/s/ Derek A. Walker