UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * * * * * * * | CIVIL ACTION<br>05-4182<br>MAGISTRATE 2<br>SECTION "K" |
| PERTAINS TO: CYNTHIA FERRARA (07-4945) | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes The Southeast Louisiana Flood Protection Authority East ("SLFPA"), who respectfully moves this Honorable Court to dismiss with prejudice plaintiffs' claims against it pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, after due consideration is had, and for the reasons set forth in the attached Memorandum in Support hereof, defendant respectfully requests that plaintiffs' claims against SLFPA should be dismissed with prejudice.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

S/Jennifer M. Morris

---

**LAWRENCE J. DUPLASS #5199**
**ANDREW D. WEINSTOCK #18495**
**JENNIFER M. MORRIS #29936**
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**Counsel for Defendant, The Southeast Louisiana Flood Protection Authority East**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30TH day of November, 2007, a copy of the foregoing Board of Commissioners for the Southeast Louisiana Flood Protection Authority East was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

S/ Jennifer M. Morris

---
**JENNIFER M. MORRIS (#29936)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * * * * * * * | CIVIL ACTION 05-4182 MAGISTRATE 2 SECTION "K" |
| PERTAINS TO: CYNTHIA FERRARA (07-4945) | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

### I. FACTUAL BACKGROUND

The above captioned litigation arises from damages allegedly sustained by plaintiffs, including bodily injury, property damages and damage to their community and social environment as a result of Hurricane Katrina. Plaintiff filed suit against a number of defendants allegedly responsible for the levee failures following Katrina, including the Southeast Louisiana Flood Protection Authority East ("SLFPA"). According to plaintiff's Petition for Damages, SLFPA is the successor-in-interest to both the Board of Commissioners of the Lake Borgne Levee District as well as Board of Commissioners of the Orleans Levee District. As such, plaintiff contends SLFPA is liable to it far damages allegedly sustained as the result of levee breaches.

### II. LAW AND ARGUMENT

The purpose of a Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is to test the sufficiency of the complaint not to judge the merits of the

case.[1] The complaint must be liberally construed in favor of the Plaintiff, and all the facts pleaded in the complaint must be taken as true to determine whether the Plaintiff has any valid claim for relief.[2] Dismissal is appropriate if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief.[3] However, courts do not have to accept legal conclusions, unsupported conclusions, unwarranted references or sweeping legal conclusions cast in the form of factual allegations.[4]

### *Plaintiff fails to state a cause of action against SLFPA*

As noted above, plaintiff contend that SLFPA is liable in connection with a variety of damages resulting from floodwaters allegedly originating from various levee breaches and/or overtopping.

On January 1, 2007 the SLFPA was established as a levee district pursuant to Louisiana Revised Statute 38:330.1 assuming the authority of a number of levee districts, including the Orleans Levee District and the Lake Borgne Levee District. Louisiana Revised Statute 38:330.3(A)(1)(a) addresses the transfer of authority as well as obligations to SLFPA, and states in pertinent part:

> (1)(a) Any legal proceeding to which the East Jefferson Levee District, Lake Borgne Basin Levee District, Orleans Levee District, or West Jefferson Levee District is a party and which is filed, initiated, or pending before any court on January 1, 2007, and all documents involved in or affected

---

[1] *First Nat'l Bank of Louisville v. Lustig*, 809 F.Supp. 444 (E.D. La. 1992).

[2] *Brown v. Nations Bank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999).

[3] *U.S. Ex Rel. Thompson v. Columbia HCA/Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

[4] *In Re Mastercard Intern. Inc., Internet Gambling Litigation*, 132 F.Supp.2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002).

> by said legal proceeding, shall retain its effectiveness and shall be continued in the name of the district. Other than the district or districts originally named as party to the proceedings, *neither an authority or district within the territorial jurisdiction of the authority shall have any liability for actions pending or claims arising prior to the effective date of this Section.*[5]

The starting point for the interpretation of any statute is the language of the statute itself. *In re Succession of Boyter*, 1999-0761 (La.1/7/00) 756 So.2d 1122. The meaning and intent of the law is determined by placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. *Id.* The language of the statute addressed above clearly indicates that SLFPA is not liable for any claims which arose prior to January 1, 2007. As plaintiff's claim arises from events, which occurred in 2005, it has failed to state a claim upon which relief can be granted against SLFPA. Accordingly, plaintiff's claims against SLFPA should be dismissed.

### III. CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant, SLFPA, respectfully submits that the plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

---

[5] La. R.S. 38:303.3

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/Jennifer M. Morris

**LAWRENCE J. DUPLASS #5199**
**ANDREW D. WEINSTOCK #18495**
**JENNIFER M. MORRIS #29936**
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone:  (504) 832-3700
Facsimile:  (504) 837-3119
**Counsel for Defendant, Board of Commissioners, The Southeast Louisiana Flood Protection Authority East**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2007, a copy of the foregoing Board of Commissioners for the The Southeast Louisiana Flood Protection Authority East was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

S/Jennifer M. Morris

**JENNIFER M. MORRIS (#29936)**