UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br>    *Lafarge North America* (07-5178) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

## ANSWER

The United States of America hereby answers and otherwise responds to the plaintiff's Complaint as follows:[1]

### FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of the action.

### SECOND DEFENSE

The plaintiff seeks damages for harm caused by a flood or by flood waters, and the United States is immune from liability for such damages. *See* 33 U.S.C. § 702c.

---

[1] Any allegations in the Complaint not expressly admitted herein are denied. All responses, answers, admissions and statements made herein are by counsel for the United States for the sole purpose of the above-captioned case and shall not be considered binding outside this suit.

### THIRD DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  *See* 28 U.S.C. § 2680(a); *Wiggins v. United States*, 799 F.2d 962, 966 (5th Cir. 1986).

### FOURTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  *See* 28 U.S.C. § 2680(a).

### FIFTH DEFENSE

To the extent the claims are cognizable under the Suits in Admiralty Act or Extension of Admiralty Jurisdiction Act, the claims are beyond the subject-matter jurisdiction conferred by the Federal Tort Claims Act.  *See* 28 U.S.C. § 2680(d).

### SIXTH DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

The plaintiff does not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

### EIGHTH DEFENSE

The claims are barred to the extent that they are based on or arise out of misrepresentation or deceit.  *See* 28 U.S.C. § 2680(h).

### NINTH DEFENSE

The United States is not liable for acts or omissions of any contractor with the United States.  *See* 28 U.S.C. § 2671.

**TENTH DEFENSE**

The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of any employee of the United States while acting within the scope of office or employment.

**ELEVENTH DEFENSE**

The United States, through its employees and agents, did not breach any duty of care it allegedly owed the plaintiff.

**TWELFTH DEFENSE**

The alleged injuries, death, and damages were caused by third parties for whose acts or omissions the United States cannot be held liable.

**THIRTEENTH DEFENSE**

To the extent the plaintiff is entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by the plaintiff, to the extent allowed under federal and state common and statutory law.

**FOURTEENTH DEFENSE**

To the extent the common or statutory law of Louisiana, where the alleged acts or omissions occurred, limits damages or limits the defendant's liability or the plaintiff's cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act or the general maritime law.

**FIFTEENTH DEFENSE**

The plaintiff's damages, if any, are limited to the amount stated in its administrative claim.  *See* 28 U.S.C. § 2675(b).

## SIXTEENTH DEFENSE

The United States is entitled to contribution and/or indemnity.

## SEVENTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the plaintiff's alleged injury, cutting off the legal effect of defendant United States' negligence, which is expressly denied.

## EIGHTEENTH DEFENSE

In the event that the United States is found to have been negligent, which negligence is expressly denied, the negligence of the plaintiff was a substantial factor in, and the proximate cause of, and contributed to any alleged injuries or damages sustained by it.

## NINETEENTH DEFENSE

To the extent that periodic payments are afforded to private defendants under Louisiana law, the United States is entitled to a judicially-fashioned remedy that approximates the benefits of any such periodic payment statute.

## TWENTIETH DEFENSE

To the extent that the plaintiff seeks equitable relief, this claim it is not cognizable under the FTCA, which permits only money damages. *See* 28 U.S.C. § 1346(b)(1).

## TWENTY-FIRST DEFENSE

To the extent economic or non-economic damages are limited by the laws of the state of Louisiana, or excessive damage awards are limited or otherwise precluded by law, the United States is entitled to the benefits of such law.

## TWENTY-SECOND DEFENSE

The United States is not liable for prejudgment interest or punitive damages.  *See* 28 U.S.C. § 2674.

## TWENTY-THIRD DEFENSE

A jury trial as to the United States is barred.  *See* 28 U.S.C. § 2402; 46 U.S.C. § 30903(b).

## TWENTY-FOURTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## TWENTY-FIFTH DEFENSE

The United States Department of the Army and the Army Corps of Engineers cannot be sued *eo nomine* under the Federal Tort Claims Act.

## TWENTY-SIXTH DEFENSE

The United States is not subject to liability without fault.

## TWENTY-SEVENTH DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

## TWENTY-EIGHTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the plaintiff before it or its agent or agents voluntarily exposed the plaintiff to it.

## TWENTY-NINTH DEFENSE

The Complaint alleges negligent or wrongful acts and omissions as to which the defendant is absolutely immune from suit.

## THIRTIETH DEFENSE

To the extent the plaintiff has suffered any damages, it has failed to mitigate them.

## THIRTY-FIRST DEFENSE

This action is barred to the extent plaintiff did not present its tort claim in writing to the appropriate federal agency before this action was instituted.  *See* 28 U.S.C. § 2675(a); 46 U.S.C. § 30101; 28 C.F.R. § 14.2.

## THIRTY-SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of the action to the extent plaintiff has failed to exhaust its administrative remedies.

## THIRTY-THIRD DEFENSE

Plaintiff's claims were presented outside the statute of limitations and are therefore barred.  *See* 28 U.S.C. § 2401(b); 46 U.S.C. § 30905.

## THIRTY-FOURTH DEFENSE

Plaintiff has failed to properly effectuate service upon the United States pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THIRTY-FIFTH DEFENSE

To the extent the claims are cognizable under the Federal Tort Claims Act, the claims are beyond the subject-matter jurisdiction conferred by the Suits in Admiralty Act or Extension of Admiralty Jurisdiction Act.  *See* 46 U.S.C. § 30101; 46 U.S.C. § 30904.

## THIRTY-SIXTH DEFENSE

The United States asserts all defenses that Lafarge North America, Inc., has to any claims for which it seeks indemnity and/or contribution from the United States.

### THIRTY-SEVENTH DEFENSE

The United States is not an entity that may be subject to any third-party liability to Lafarge North America, Inc., for all or part of any claims against Lafarge North America, Inc.

### THIRTY-EIGHTH DEFENSE

Venue is not proper.

### THIRTY-NINTH DEFENSE

There are pending motions to dismiss that may be relevant to, and when decided will bar, this action.

### ANSWERS TO SPECIFIC ALLEGATIONS

In answer to the allegations of the Complaint, the United States avers and states as follows in response to the enumerated paragraphs:

I.

The allegations contained in paragraph I of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

II.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph II, and they are therefore denied.

III.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III, and they are therefore denied.

IV.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph IV, and they are therefore denied, except that it admits that the United States Congress authorized the Lake Pontchartrain and Vicinity Hurricane Protection Project, substantially in accordance with the recommendations of the Chief of Engineers in House Document Numbered 231, Eighty-ninth Congress, and authorized its prosecution under the direction of the Secretary of the Army and the supervision of the Chief of Engineers.

V.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph V, and they are therefore denied.

VI.

The allegations contained in paragraph VI of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

VII.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph VII of the Complaint, except that the United States admits that the United States Army Corps of Engineers received an administrative tort claim from Lafarge North America, Inc., on or about March 1, 2007, and that Lafarge North America, Inc., filed this Complaint on August 29, 2007.

VIII.

The allegations contained in paragraph VIII of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

IX.

Denied.

X.

Denied.

XI.

The allegations contained in paragraph XI of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

XII.

The allegations contained in paragraph XII of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

XIII.

The allegations contained in paragraph XIII of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

Any allegation contained in the Complaint that is not expressly admitted or denied herein is hereby denied.

WHEREFORE, having fully answered, the United States prays that this action be dismissed with prejudice and that the United States be granted its costs.

Dated: November 30, 2007                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

 s/ Kara K. Miller
Kara K. Miller
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202)-616-4448 / (202) 616-5200 (Fax)
Attorneys for the United States

## **CERTIFICATE OF SERVICE**

      I, Kara K. Miller, hereby certify that on November 30, 2007, I served a true copy of the United States' Answer upon all parties by ECF.

                                s/ Kara K. Miller
                                  Kara K. Miller