UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | SEC. "K" JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) WILKINSON |
| INSURANCE    Civil Action No.: 06-2617 | * | |
| (bifurcated)          (*Ronald A. Holbrook*) | * | |

**<u>DEFENDANT AAA's STATEMENT OF UNCONTESTED MATERIAL FACTS</u>**

NOW INTO COURT, through undersigned counsel, comes defendant herein, Club Insurance Agency, Inc. ("AAA"), which in conformance with Local Rule 56.1, respectfully avers that the following are uncontested material facts:

1. In May 2005, plaintiffs contacted AAA and inquired about obtaining flood insurance for the residence they were buying, which was located at 6123 Charlotte Drive, in New Orleans. *See* TAB A, Ronald Holbrook's deposition transcript (Pl. Dep.), p. 29, ll. 15-17.[1]

2. Jo Ann Daleo, a AAA agent, and Incencia "Lisa" Dufour, Ms. Daleo's assistant, handled the Holbrooks' Fidelity flood application.

---

[1] For consistency, undersigned used the same exhibit reference numbers in the Statement of Uncontested Facts and supporting memorandum that were used for the deposition exhibits.

1

3. In response to plaintiffs' request for flood insurance, Ms. Dufour secured what she understood to be a copy of the flood elevation certificate for the property. *See* TAB B, Inocencia "Lisa" Dufour's deposition transcript, p. 32, l. 16 - p. 33, l. 12; *see also* TAB A, Exh. P-12, Flood Elevation Certificate for 6762 Colbert St. (wrong property). *See* TAB B, p. 32, l. 16 - p. 33, l. 12

4. Based upon the incorrect flood elevation, Ms. Dufour secured a Standard Flood Non-Binding Quote through Fidelity's internet-based application program. *See* TAB B, Exh. AAA-2, Standard Flood Non-Binding Quote ("Quote"). On June 23, 2005, Ms. Dufour quoted an annual premium of $836 for $183,000 in building coverage and $40,000 in contents. Plaintiffs signed and dated the Fidelity Standard Flood Insurance Application (Preview). *See* TAB A, Exh. P-4, Standard Flood Insurance Application (Preview).

5. On July 25, 2005, Fidelity sent plaintiffs a letter informing them that the flood insurance coverage requested in the application (P-4) had been lowered based upon the premium paid. *See* Exh. P-9, 7/25/05 letter from Fidelity to plaintiffs.

6. The July 25, 2005 letter from Fidelity also notified plaintiffs that: "Additional coverage limits may be purchased and added by endorsement to the policy. If you wish to increase your building and/or contents to the originally requested amounts, you may submit an additional premium of $342.00." *Id.*

7.   The July 25, 2005 letter from Fidelity also advised that: "If [the $342] payment is received by 8-24-05, the policy will be restored from its inception to provide flood coverage in the amount initially requested." *Id*.

8.   Mr. Holbrook confirmed that he received the letter from Fidelity (Exh. P-9) on or about August 3, 2005.  *See* TAB A, p. 72, ll. 21-23.

9.   Mr. Holbrook acknowledged that the letter (Exh. P-9) stated that the coverage on the flood policy had been reduced.  *Id.*, at p. 73, ll. 7-11.

10.  Mr. Holbrook acknowledged that he received and reviewed the Fidelity flood policy declarations page (Exh. P-10).  *See* R. Holbrook dep. p. 75, l. 2 – p. 76, l. 10; p. 77, ll. 14-21.

11.  The Fidelity flood declarations page showed that the building coverage had been reduced from $183,000 to $111,600 and the contents coverage had been reduced from $40,000 to $20,000.  *See* Exh. P-10.

12.  On August 4, 2004, Ronald Holbrook met with Ms. Dufour and Ms. Daleo at AAA's Metairie office to discuss the Fidelity's 7/25/05 coverage reduction letter.  *Id*., at p. 81, l. 14.

13.  On or before August 4, 2005, AAA secured the correct flood elevation certificate for the Holbook's property.  *Id*., at p. 89, ll. 8-9.

14.  During the 8/4/05 meeting, Ms. Dufour explained to Mr. Holbrook that the wrong flood elevation certificate was used in determining the flood premium.  *Id*., at p. 82, l. 21 – p. 83, l. 2; *see also* p. 198, ll. 1-11.

15. Mr. Holbrook acknowledged that once the "correct elevation certificate was provided, . . . that this somehow triggered the change in requested coverage amounts." TAB A, p. 82, l. 21 – p. 83, l. 14.

16. Mr. Holbrook admitted that, during the August 4, 2004 meeting, Ms. Daleo and/or Ms. Dufour explained to him that the information in Fidelity's 7/25/05 letter (Exh. P-9) was correct. *See* TAB A, p. 99, l. 17 – p. 100, l. 3; p. 106, l. 22 – p. 107, l. 4; p. 108, ll. 3-7; p. 201, ll. 13-17; p. 202, ll. 8-18. Mr. Holbrook stated: "I remember being told that the numbers that came across in that Fidelity document [Exh. P-9], they seemed to be saying, look, we think those are the correct numbers based on your actual elevation certificate." TAB A, p. 201, ll. 13-17.

17. Mr. Holbrook testified that during the August 4, 2004 meeting, Ms. Daleo and/or Ms. Dufour told him that as a result of using the correct elevation, the annual premium stated in Fidelity's letter was correct – the premium had increased by $342. *See* TAB A, p. 99, l. 17 – p. 100, l. 3; p. 106, l. 22 – p. 107, l. 4; p. 108, ll. 3-7; p. 201, ll. 13-17; p. 202, ll. 8-18.

18. Mr. Holbrook admitted that Ms. Dufour and Ms. Daleo told him: "you owe more money; you [owe] more money." *Id*., at p.102, ll. 16-17.

19. Plaintiffs did not pay the full premium for the coverage desired within the 30-day grace period set out in the P-9 letter. *Id*., at p. 117, ll. 12-16; p. 205, l. 15 – p. 206, l. 7.

20. Between August 4, 2005 and August 24, 2005 (the deadline stated in the P-9 letter), Mr. Holbrook spoke with no one at Fidelity to verify the representations made to him by the AAA representatives. TAB A, p. 117, ll. 8-11.

21. After Katrina struck, on November 3, 2005, the Holbrooks sent a letter to Ms. Daleo, their AAA agent. *See* TAB A, p. 128, l. 19 – p. 129, l. 13 and Exh. P 15, 11/3/05 ltr. from plaintiffs to J. Daleo. In the letter, the Holbooks confirmed that they knew that the initial insurance quote was incorrect and, as such, their coverage had been reduced. *See* P-15. The Holbrooks wrote: "It is our contention that you and/or your agent, Lisa Dufour, provided incorrect information to the underwriter of our flood insurance policy which resulted in a reduction of coverage." P-15.

Respectfully submitted,

 /S/ ALLISON L. CANNIZARO
David Israel (# 7174)(T.A.)
disrael@sessions-law.biz
Kevin G. Barreca (# 24015)
kbarreca@sessions-law.biz
Allison L. Cannizaro (#29951)
acannizaro@sessions-law.biz
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd., Suite 1240
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Defendant,
Club Insurance Agency, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:
Randal J. Robert (randy@kswb.com),
Connell Lee Archey (connell@kswb.com),
Travis Brendon Wilkinson (travis@kswb.com),
William T. Treas (wtreas@nielsenlawfirm.com), and
Gerald J. Nielsen (gjnielsen@aol.com).
I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following: Becky R. Cieutat, Esq.

 /S/ ALLISON L. CANNIZARO
ALLISON L. CANNIZARO

H:\DI\A A A\Holbrook, Ronald and Leigh (5786-20346)\pleadings\Statement of Uncontested Facts.doc