UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                 CIVIL ACTION

                                              NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, Holbrook, 06-2617     JUDGE: STANWOOD
                                              DUVAL

                                              MAG. WILKINSON

## FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, comes Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("Fidelity"), appearing in its capacity as a National Flood Insurance Program (" NFIP") Write-Your-Own ("WYO") Program participating insurance company, pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA")[1], and in the "fiduciary"[2] capacity as the "fiscal agent"[3] of the United States, for the purpose of filing this motion for summary

---

[1]  See 42 U.S.C. §4001, *et seq.*

[2]  See 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071 (a)(1)*; Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

-1-

judgment pursuant to Fed.R.Civ.P. 56.  The basis of this motion is that there are no issues of material fact in dispute and judgment as a matter of law is warranted.

As presented in Fidelity's accompanying L.R. 56.1 Statement of Undisputed Material Facts, the exhibits presented hereto, and the memorandum of law in support and arguments therein, there exists no genuine issue of material fact.  Plaintiffs' Standard Flood Insurance Policy (SFIP) cannot be reformed in accordance with the strictures of 44 C.F.R. Pt. 61, App. A(1), Article VII(G)(Oct. 1, 2005 ed.).  Fidelity is bound to enforce the provisions of Article VII(G), and Fidelity fulfilled its mandatory obligations in complying with these regulations.  This case is analogous to this Court's recent rulings in *Englande v. Bradshaw Insurance Company*, *et al*, 2007 WL 2461683 (E.D.La. Aug.22, 2007)(Duval, J.) and *Connell, et al v. Allstate Insurance Company*, Civil Action No. 2:06-cv-04820 (E.D.La. Nov.28, 2007)(Duval, J.), where this Court granted similar motions.  As such, Fidelity moves this Court to dismiss Plaintiffs' claim for breach of contract.  In addition, since Fidelity properly enforced the federal regulations and the SFIP, there can be no "negligence" claim against Fidelity.

For the reasons cited above and the accompanied Memorandum in Support and pursuant to Fed.R.Civ.P. 56, judgment as a matter of law is warranted, and Plaintiffs' lawsuit should be dismissed with prejudice and at Plaintiffs' cost.

Dated this 30th day of November, 2007.

Respectfully submitted:

NIELSEN LAW FIRM, L.L.C.

*/s/ William T. Treas*
GERALD  J. NIELSEN, #17078
WILLIAM T. TREAS, #26537
3838 N. Causeway Blvd, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Counsel for Defendant, Fidelity National Property and
Casualty Insurance Company

**C E R T I F I C A T E**

I hereby certify that a copy of the above **Motion for Summary Judgment** has been served on all counsel of record via electronic filing and by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below at Metairie, Louisiana, this 30th day of November, 2007.

*/s/ William T. Treas*
WILLIAM T. TREAS