UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES | CIVIL ACTION |
| | NO. 05-4182 "K" (2) |
| PERTAINS TO: INSURANCE, Holbrook, 06-2617 | JUDGE: STANWOOD DUVAL |
| | MAG. WILKINSON |

**FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

NOW INTO COURT, comes Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("Fidelity"), appearing in its capacity as a National Flood Insurance Program ("NFIP") Write-Your-Own ("WYO") Program participating insurance company, pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA")[1], and in the "fiduciary"[2] capacity as the "fiscal agent"[3] of the United States, for the purpose of filing this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment in compliance with L.R.

---

[1] See 42 U.S.C. §4001, *et seq.*

[2] See 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071 (a)(1)*; Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

56.1.  The following material facts are undisputed:

1. April and Ronald Holbrook were the owners at the time of Hurricane Katrina of the property located at 6123 Charlotte Drive, New Orleans, Louisiana.

2. On June 23, 2005, the Plaintiffs signed and submitted an application for flood insurance through Auto Club Insurance Agency on the 6123 Charlotte Drive property.[4]

3. Said application indicated that the Plaintiffs sought policy limits of $183,000 for building and $40,000 for contents for a premium of $836.[5]

4. On June 30, 2005, the Plaintiffs closed on their home and paid the premium that day.[6]

5. On July 25, 2005, Fidelity sent a letter to the Plaintiffs, JoAnn Daleo of Auto Club, and National City Bank, notifying them that an additional premium of $342.00 was needed in order to obtain the coverage limits requested.[7]

6. The July 25, 2005 letter clearly states that the additional premium needed to be submitted by August 24, 2005 otherwise the limits would be reduced to $111,600 for building and $20,000 for contents.[8]

7. Mr. Holbrook admitted to receiving the July 25, 2005 letter. Mr. Holbrook testified that he and opened and read the letter on August 3, 2005.[9]

---

[4] See Plaintiffs' Complaint at ¶7; Ex. 1 the deposition of Ronald Holbrook at pp. 43-44, 48-49; Exhibit 2 the Application; and the deposition transcript of Lisa Dufour at p. 12 attached as part of Exhibit 3.

[5] Ex.2.

[6] Ex. 1 pp.38 and 188; Plaintiffs' Complaint at ¶9.

[7] See Exhibit 4 - Affidavit of Deb Price and the July 25, 2005 letter attached to it.

[8] *Id*.

[9] Ex. 1 at pp.22,72.

8. The original premium quoted by Ms. Dufour was based on an incorrect elevation certificate for a totally different property located at 6762 Colbert Street.[10]

9. Plaintiffs did not pay the additional premium as required by the July 25, 2005 letter.[11]

10. Based on the premium paid by the Plaintiffs, the policy limits were reduced to $111,600 and $20,000 with effective dates of June 30, 2005 to June 30, 2006 and was in effect at the time of Katrina.[12]

11. On August 29, 2005, Hurricane Katrina struck New Orleans and caused flooding at the Plaintiffs' property.[13]

12. Fidelity paid the Plaintiffs their policy limits in the amount of $111,600 for building damages and $20,000 for personal property (contents) damages for a total payment of $131,600.00.[14]

13. Plaintiffs demolished the home and made a claim under their Increased Costs of Compliance (ICC) provision of the SFIP of which they were paid in full.[15]

Defendant, Fidelity, contends that these are indisputable material facts, and Fidelity is entitled to judgment as a matter of law based upon these material facts.

Dated this 30th day of November, 2007.

---

[10] Ex.3 at pp.29-30 and 33; Ex. 1 at p. 83; and Ex. 5 - the incorrect elevation certificate for 6762 Colbert Street.

[11] See Ex.1 at p.192 and Ex.4

[12] Ex.4 and the declarations page attached thereto.

[13] See Plaintiffs' Complaint at ¶17.

[14] Ex.1 at pp. 219-20 and Ex.4.

[15] Ex.1 at pp.27 and 207.

>Respectfully submitted:
>
>NIELSEN LAW FIRM, L.L.C.
>
>*/s/ William T. Treas*
>GERALD J. NIELSEN, #17078
>WILLIAM T. TREAS, #26537
>3838 N. Causeway Blvd, Suite 2850
>Metairie, Louisiana 70002
>Telephone: (504) 837-2500
>Facsimile: (504) 832-9165
>Counsel for Defendant, Fidelity National Property and Casualty Insurance Company

# C E R T I F I C A T E

    I hereby certify that a copy of the above **Statement of Undisputed Material Facts** has been served on all counsel of record via electronic filing and by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below at Metairie, Louisiana, this 30th day of November, 2007.

>*/s/ William T. Treas*
>WILLIAM T. TREAS