UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*   CIVIL ACTION<br>*<br>*   NO. 05-4182 |
| PERTAINS TO:  BARGE and MRGO | *   and consolidated cases<br>*<br>*   SECTION "K" (2)<br>*<br>*<br>*   JUDGE<br>*   STANWOOD R. DUVAL, JR.<br>* |
| *Parfait Family v. USA*          07-3500 | *   MAG.<br>*   JOSEPH C. WILKINSON, JR.<br>* |

### WASHINGTON GROUP INTERNATIONAL, INC.'S MEMORANDUM IN OPPOSITION TO THE MOTION FOR LEAVE TO SEVER AND RECONSOLIDATE AND TO AMEND CLASS ACTION COMPLAINTS ACCORDINGLY

Defendant Washington Group International, Inc. ("WGII"), through undersigned counsel, respectfully submits this memorandum in opposition to the Ex Parte Motion for Leave to Sever and Reconsolidate and to Amend Class Action Complaints Accordingly [Doc. 8698] ("Motion to Sever") filed by the Parfait Family, *et al.*, and the BARGE Plaintiff Subgroup

- 2 -

Litigation Committee.  For the reasons discussed below, including principally judicial economy and the prohibition against splitting claims, the Motion to Sever should be denied.

### BACKGROUND

Pursuant to the Barge Consolidation Order [Doc. 7723], this Court deconsolidated seven matters from *In the Matter of the Complaint of Ingram Barge Co.,* C.A. No. 05-4419 (the "Limitation Proceeding"), and transferred them to this section of Court for consolidation under the case, *In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182.  The Court grouped these seven matters into a new subcategory called "BARGE."  In addition, the Court adopted Case Management and Scheduling Order No. 5 [Doc. 7724] to govern these seven cases "which all involve claims that a breakaway barge was either the cause or a contributing cause of a breach of the levee/floodwall on the east side of the Industrial Canal during Hurricane Katrina."[1]  *Id.*  As the Court explained:  "This consolidation has occurred because the seven (7) referenced cases also include third-party and (in one case, *Parfait*, C.A. No. 07-3500) direct claims that other fault caused or contributed to the breach, claims similar to those asserted in the Levee and MRGO case categories in the consolidated litigation."  *Id.*  As this Court well knows, these claims involve allegations of faulty design, construction and maintenance of either the eastern Industrial Canal floodwall and related projects or the MRGO and related projects, or both.[2]

The relief sought by the Motion to Sever is to split the unitary cause of action asserted in the *Parfait* case (C.A. No. 07-3500) as between the Barge Claims and the MRGO

---

[1] These claims are referred to hereinafter as the "Barge Claims."

[2] These claims are referred to hereinafter as the "MRGO Claims."

- 3 -

Claims so that the litigation and disposition of these claims may proceed independently. The relief is not warranted and, in fact, has previously been certified by one of the moving counsel to be "impossible."[3]

## LAW AND ARGUMENT

This Court, including Judges Berrigan, Duval and Wilkinson, have taken great pains to implement procedures that will allow the claims raised by the plaintiffs in these consolidated proceedings to be addressed in an orderly, efficient and economical manner, without creating risk of inconsistent factual findings, legal conclusions, verdicts, or judgments, or other legal error. Perhaps unwittingly, the Motion to Sever invites the lack of economy and legal error this Court has labored hard to avoid.

I.   THE RELIEF SOUGHT BY THE MOTION TO SEVER UNDERMINES JUDICIAL ECONOMY

The relief sought by the Motion to Sever would divide the claims asserted in the *Parfait* case, leading to the possibility of inconsistent findings of fact, conclusions of law, verdicts, and judgments. In essence, if the motion were granted, the *Parfait* plaintiffs would have two bites at the proverbial apple. In the trial of the Barge Claims, plaintiffs would make their strongest case against the barge defendants ("the barge did it"), downplaying any liability on the part of the MRGO defendants. In the trial of the MRGO Claims, plaintiffs would take the opposite tack ("it was the poor design"). This kind of gamesmanship renders problematic, if not reversible, any determination of causation and/or allocation of fault.

And, obviously, the separate trials of the divided claims – that is, a trial of the Barge Claims separate from the MRGO Claims – asserted by the very *same* claimants would

---

[3] *See* Certificate of Impossibility of Compliance [Doc. 6684].

undermine judicial economy by duplicating what would amount to the very *same* trial.  To avoid any deleterious effects of claim and/or issue preclusion, defendants in both trials would be compelled to put on the entirety of their evidence in defense of the claims, trying if necessary the empty chairs, even if plaintiffs, for the strategic reasons alluded to above, chose not to.[4]  The threat to judicial economy is palpable.

In fact, this very threat is one of the reasons WGII filed a motion to dismiss or alternatively stay the *Parfait* case (C.A. No. 07-3500) [Doc. 8224] ("WGII Motion to Dismiss/Stay").  The filing of this motion by WGII appears to have been the precipitating cause of the Motion to Sever addressed here.  WGII's motion, if granted, would have solved the problem of WGII being forced into two tracks of litigation by the same putative class, but would not address the issues facing other litigants in those cases.[5]  The Court can, however, fashion a solution that will result in efficiency without prejudice to any of the parties' rights, as will be developed below.  However, as currently situated, were the Court to split the *Parfait* case as urged in the Motion to Sever, the MRGO Claims and the Barge Claims would still be litigated on separate and distinct tracks, even though the actions involve the same determinations of fault and causation, and the same injury (flooding from breaches along the Industrial Canal) alleged on behalf of the same putative class members.  *See* WGII Motion to Dismiss/Stay at 12.  WGII respectfully submits that however the Court rules in connection with the Motion to Sever, in order to avoid the risk of inconsistent findings of fact, legal conclusions, judgments, and/or

---

[4] In fact, as the Court has noted, the third party claims of Lafarge North American also contend that causes other than the barge damaged the floodwall in the East Bank Industrial Area, necessitating a trial of that issue in the Barge cases..

[5] WGII's Motion to Dismiss or Stay [Doc. No. 8224] is under advisement.

902355v.1

verdicts, the Court should take the opportunity to fold the Barge cases into the MRGO category of cases, as opposed to a separate and distinct scheduling track. It would promote judicial economy to reset the resulting schedule with respect to class certification hearings and any attendant discovery, merits discovery, expert discovery, dispositive motion practice, and trial, so that all of the cases, whether Barge, MRGO, or a combination of the two, proceed on the same track.

## II. THE RELIEF SOUGHT BY THE MOTION TO SEVER REQUIRES THE SPLITTING OF A CAUSE OF ACTION AND IS THEREFORE UNLAWFUL

The prohibition against claim-splitting is well-established under both federal and state law. *See, e.g., In re Hansler,* 988 F.2d 35 (5th Cir. 1993); *Langston v. Insurance Co. of North America,* 827 F.2d 1044 (5th Cir. 1987); LA. CODE CIV. P. art. 425. As masters of their complaint, the plaintiffs in *Parfait* chose (rightly) to combine in a single lawsuit their claims for injury arising from an alleged breakaway barge and a breach of the levee/floodwall. And, of course, the *Parfait* plaintiffs seek the very same damages. Yet, movants here seek to sever the Barge Claims from the MRGO Claims for separate adjudication, thereby violating the longstanding prohibition against claim-splitting. For this reason alone, the Motion to Sever should be denied.

## III. THE RELIEF SOUGHT BY THE MOTION TO SEVER IS EFFECTIVELY THE SAME RELIEF SOUGHT AND DENIED BY JUDGE BERRIGAN IN THE LIMITATION PROCEEDING

In the Limitation Proceeding, Judge Berrigan entered the Order deconsolidating and transferring the seven cases to this section of Court because they involved claims against non-limitation defendants [Doc. No. 760 in the Limitation Proceeding]. Certain counsel, some of whom now sit on the BARGE Plaintiff Subgroup Litigation Committee, then filed a Motion for Reconsideration asking Judge Berrigan to reconsider her deconsolidation and transfer order

[Doc. No. 782 in the Limitation Proceeding].[6]  In denying the Motion for Reconsideration, Judge Berrigan "acknowledge[d] the difficulty in fashioning a fully satisfactory procedure in this varied and complex litigation" but nevertheless observed that "the previously ordered de-consolidation and transfer appears to this Court [to] be the most effective and efficient means of managing this litigation."  Order dated October 1, 2007 [Doc. No. 831 in the Limitation Proceeding].  It is patently apparent that the deconsolidation and transfer order was part of a plan to bring all the claims regarding the cause of the floodwall failure and breach on the Inner Harbor Navigation Canal before this section of the Court so that they could be handled efficiently.  As the Court acknowledged at the argument of WGII's Motion to Dismiss or Stay [Doc. No. 9000, p. 9, lines 1-21], the Court's setting of CMO # 5's deadlines, including separate scheduling for class certification discovery and proceedings, was to avoid the prejudice that would result from forcing the Barge class action claimants into an impending hearing on class certification.  That pressure, and need for a separate schedule, was obviated by the Court's Order continuing the MRGO/Levee class certification hearing [Doc. No. 8928].  The object of handling any proceedings that determine causation and allocation of fault in one section of this Court, at one time--a result obviously contemplated by Judge Berrigan's order of October 1, 2007--can now be realized.

       However, Plaintiffs now seek to have this section of Court effectively grant the relief they failed to get from Judge Berrigan, and undermine the efficiencies the Court obviously intended.  This Motion to Sever amounts to asking this Court to reconsider Judge Berrigan's denial of a Motion for Reconsideration – effectively a motion for *re*-reconsideration.  This Court

---

[6] A number of parties filed opposition memoranda to the Motion for Reconsideration. [Doc. Nos. 790, 792 & 793 in the Limitation Proceeding].

should put a stop, once and for all, to movants' repeated requests for the same relief.  Movants' goals are to have two trials of the cause and fault for the breach of the floodwall on the east side of the IHNC, two bites at the apple.  Those goals are inconsistent with judicial efficiency.

## CONCLUSION

For the foregoing reasons, the Motion to Sever should be denied.

Date:  December 4, 2007

Respectfully submitted,

/s/ Heather Lonian
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Barry W. Ashe, Bar No. 14056
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:  504-581-3361

George T. Manning
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA  30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
Julia E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Phone:  202-879-3939
Fax:  202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

## **C E R T I F I C A T E**

I hereby certify that on December 4, 2007, I electronically filed the foregoing Memorandum in Opposition to the Motion for Leave to Sever and Reconsolidate and to Amend Class Action Complaints Accordingly with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing to counsel of record for all parties who are CM/ECF participants.

*/s/ Heather S. Lonian*