**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES | § | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | § | NO.: 05-4182 "K"(2) |
| | | § | JUDGE DUVAL |
| | | § | MAG. WILKERSON |
| | | § | |
| | | § | |
| PERTAINS TO: | | § | |
| LEVEE: | | § | |
| C.R. PITTMAN CONSTRUCTION COMPANY, INC. | | § | |
| (07-2771) | | § | |

---

**MEMORANDUM IN OPPOSITION TO DEFENDANT, UNITED STATES OF AMERICA'S, MOTION FOR A STAY OF ALL CASES APART FROM BARGE, ROBINSON, AND THE LEVEE AND MRGO MASTER CLASS ACTION CASES**

---

**MAY IT PLEASE THE COURT:**

Plaintiff, C.R. Pittman Construction Company, Inc. ("CRPCCI"), opposes the United States of America's ("United States") Motion to Stay (R. Doc. 9057) (the "Motion"), as CRPCCI's claims against the United States are not subject to the United States' immunity claims made pursuant to 33 U.S.C. § 702(c). In particular, CRPCCI's claims against the United States involve not only a claim for damages pursuant to the Federal Tort Claims Act ("FTCA"), but a cause of action for Set-Off, Recoupment, and/or Compensation pursuant to La. C.C. art. 1893 as a result of the United States' affirmative finding that CRPCCI is indebted to the United States of America, through the U.S. Army Corps of Engineers, under the contract for the construction of

the Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station, Orleans Parish, Louisiana project (hereinafter the "Dwyer Contract"), Contract Number DACW29-00-C-0093, in the amount of $1,940,218.62,[1] and, further, under the contract for the construction of the West Bank and Vicinity, New Orleans Louisiana Hurricane Protection Project, West of Algiers Canal Cousins Pumping Station Expansion and Fronting Protection Jefferson Parish, Louisiana project (hereinafter the "Cousins Contract"), Contract Number DACW29-02-C-0062, in the amount of $399,890.91.[2]

As such, CRPCCI's suit against the United States is unique, as its claims involve a claim in tort and in contract and, therefore, do not solely arise from the FTCA allegations involving a claim in tort for the planning, construction, and maintenance of the hurricane protection system in the greater New Orleans area. Further, a claim for set-off against the government is not subject to immunity and, therefore, there is no just reason to delay the litigation with respect to the resolution of CRPCCI's claims, as the determination of the immunity issue does affect CRPCCI's claim, as it would with respect to the myriad of other FTCA claims currently pending against the United States. Accordingly, the United States' motion should be denied with respect to CRPCCI's claims, thereby allowing CRPCCI's FTCA claim to proceed with the claims set forth against the United States in the Barge, *Robinson v. United States*, C. A. No. 06-2268, and "Levee" or "MRGO" Master Class Action Complaints.

# I.     FACTUAL AND PROCEDURAL BACKGROUND

This action concerns a dispute between the parties over the responsibility for equipment damaged during Hurricane Katrina.

---

[1] *See* Contracting Officer's Final Decision regarding the Dwyer Contract, attached hereto as Exhibit 1.
[2] *See* Contracting Officer's Final Decision regarding the Cousins Contract, attached hereto as Exhibit 2.

A.      <u>The Dwyer Contract Dispute</u>

On April 6, 2007, the Contracting Officer for the United States Army Corps of Engineers, Charles Zammit, issued his final decision pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq*., finding that CRPCCI was indebted to the United States of America, through the U.S. Army Corps of Engineers, under the contract for the construction of the Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station, Orleans Parish, Louisiana project (hereinafter the "Dwyer Contract"), Contract Number DACW29-00-C-0093, in the amount of $1,940,218.62.[3]   On May 3, 2007, CRPCCI filed suit in the United States District Court for the Eastern District of Louisiana ("Eastern District of Louisiana") against the United States of America, who at all times was acting by and through the United States Army Corps of Engineers, a division of the United States Government under the direct jurisdiction of the Department of Army (all collectively referred to hereinafter as the "Corps"), pursuant to the provisions of the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq*. in response to the Contracting Officer's final decision.[4]

In its Complaint, CRPCCI alleged that the Corps was responsible for the damage to the equipment stored at CRPCCI's storage yard and warehouse located at 3021 Franklin Avenue in New Orleans, Louisiana.[5]   The alleged damage was due to the flood waters resulting from Hurricane Katrina.[6]   The equipment being stored in CRPCCI's warehouse was for the construction project to be performed under the Dwyer Contract.[7]   The floodwaters severely

---

[3] *See* Exhibit 1.
[4] *See* CRPCCI's *Complaint* (R. Doc. 1 in Member Case 07-2771) at ¶ 3, already a part of this Court's record.
[5] *Id.* at ¶ 18.
[6] *Id.*
[7] *Id.* at ¶¶'s 15-16.

damaged all of the items purchased and stored at CRPCCI's warehouse, therefore requiring either total replacement or substantial refurbishment and restoration prior to installation.[8]

### B.    The Cousins Contract Dispute

On April 6, 2007, the Contracting Officer, Charles Zammit, issued his final decision pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq.*, finding that CRPCCI was indebted to the United States of America, through the U.S. Army Corps of Engineers, under the contract for the construction of the West Bank and Vicinity, New Orleans Louisiana Hurricane Protection Project, West of Algiers Canal Cousins Pumping Station Expansion and Fronting Protection Jefferson Parish, Louisiana project (hereinafter the "Cousins Contract"), Contract Number DACW29-02-C-0062, in the amount of $399,890.91.[9]   On May 3, 2007, CRPCCI filed suit in the Eastern District of Louisiana against the United States of America, who at all times was acting by and through the United States Army Corps of Engineers, a division of the United States Government under the direct jurisdiction of the Department of Army, pursuant to the provisions of the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.* in response to the Contracting Officer's final decision.[10]

In its Complaint, CRPCCI alleged that the Corps was responsible for the damage to the equipment stored at CRPCCI's storage yard and warehouse on Franklin Avenue in New Orleans, Louisiana.[11]   The alleged damage was due to the flood waters resulting from Hurricane Katrina.[12]   The equipment being stored in CRPCCI's warehouse was for the construction project to be performed under the Cousins Contract.[13]   The floodwaters severely damaged all of the

---

[8] *Id.* at ¶'s 18.
[9] *See* Exhibit 2.
[10] *See Complaint* at ¶ 3.
[11] *Id.* at ¶ 27.
[12] *Id.*
[13] *Id.* at ¶¶'s 24-25.

items purchased and stored at CRPCCI's warehouse, therefore requiring either total replacement or substantial refurbishment and restoration prior to installation.[14]

### C.   The Causes of Action

As a result of the events of Hurricane Katrina, and the post hurricane flooding, the equipment being stored at CRPCCI's warehouse was damaged and/or destroyed.  From these events, two separate causes of action arose, namely, CRPCCI's government contract claim made pursuant to the Contract Disputes Act concerning the Contracting Officer's final decisions involving the Dwyer and Cousins contracts and, second, its tort claim made pursuant to the Federal Tort Claim Act ("FTCA").

In response to the Contracting Officer's final decisions, dated April 6, 2007, which found that CRPCCI was indebted to the Corps under the Dwyer and Cousins contracts for the damaged equipment, CRPCCI instituted its government contract claim against the Corps in the Eastern District, wherein CRPCCI alleged that the Corps was responsible for the damaged equipment pursuant to the "Damage to Work Clause", contained in Section 01100-2 of the Dwyer and Cousins Contracts.[15]  Under this provision, CRPCCI avers that the damage to the equipment constitutes damage to "part of the permanent work" and, under the "Damage to Work" clause, the government should pay for the cost of refurbishing or replacing the equipment.[16]  Further, CRPCCI avers that the clause should not be interpreted to restrict responsibility for the damage to only those items "permanently affixed" to the structure to be considered "part of the permanent work", as the clause does not contain such language.[17]  As a result, a government contract dispute exists with respect to the issue of responsibility for the damaged equipment.

---

[14] *Id.* at ¶ 27.
[15] *Id.* at ¶¶'s 29, 34 and 40.
[16] *Id.* at ¶ 40.
[17] *Id.* at ¶ 41.

In addition to its government contract claim, CRPCCI asserted a tort claim pursuant to the FTCA for the damaged equipment occurring as a result of Hurricane Katrina and the post hurricane flooding. Pursuant to CRPCCI's original Complaint and First Supplemental and Amended Complaint, CRPCCI alleged that its damages were sustained as a direct and proximate result of the Corps' breach of duty to adequately design, construct, maintain, inspect and operate the levees and MRGO.[18]

**D.   CRPCCI's FTCA Timeline**

CRPCCI filed its original Complaint on May 3, 2007, wherein it asserted a cause of action for Set-Off, Recoupment, and/or Compensation pursuant to La. C.C. art. 1893 in the event that CRPCCI was liable to the Corps for the subsequent damage to the government's property due to the flood waters following Hurricane Katrina, that CRPCCI sought a tort recovery against the tortfeasor, in this case, the Corps, regarding their negligence in the construction of the levees and MRGO.[19] In addition to its claim for Set-Off, Recoupment, and/or Compensation, CRPCCI filed its First Supplemental on Amended Complaint on August 29, 2007, alleging that CRPCCI complied with the requisite six (6) month waiting period to file suit against the Corps from the time it first presented its administrative claim by filing its Standard Form (SF) 95 (Claim for Damage, Injury or Death), in writing, to the United States of America, Department of the Army, Corps of Engineers, as provided by 46 U.S.C. § 740, on February 28, 2007.[20] [21]

---

[18] *Id.* at ¶¶'s 58-60 and *See* CRPCCI's *First Supplemental and Amended Complaint* (R. Doc. 7356) at ¶ 58b, already a part of this Court's record.
[19] *Id.* at ¶¶'s 5 and 61.
[20] *See CRPCCI's First Amended and Supplemental Complaint* at ¶¶'s 5a.-5b.
[21] *See* CRPCCI's Standard Form (SF 95), attached hereto as Exhibit 4.

**E.**   **CRPCCI's Memorandum in Opposition to the United States' Motion  to         Dismiss**

In response to CRPCCI's allegations, the United States filed its Motion to Dismiss (R. Doc. 8042) CRPCCI's claims, wherein it alleged that the Eastern District of Louisiana lacked jurisdiction to entertain CRPCCI's government contract claims.  According to the United States, only a contracting officer, the Board of Contract Appeals, United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit possess jurisdiction to entertain these types of claims.[22]  Further, the United States alleged that CRPCCI's FTCA claim was filed prematurely and, therefore, should be dismissed.

In response, CRPCCI filed its Memorandum in Opposition to the United States' Motion to Dismiss (R. Doc. 9195), wherein CRPCCI alleged that pursuant to Chapter 3 of the Construction, Modification and Claims Guide, incorporated into the contract between CRPCCI and the Corps, CRPCCI could bring its suit against the Corps in federal court.[23] [24]  Further, CRPCCI averred that § 609(a)(1) of the Contract Disputes Act provides an alternative forum, other than the United States Court of Federal Claims, in which to litigate its contract claims.[25] Lastly, with respect to its government contract claims, CRPCCI averred that the Eastern District of Louisiana should exercise supplemental jurisdiction over its claims as its government contract, tort, and pending insurance claims are factually related, arise out of the same nucleus of

---

[22] *See* United States' *Memorandum of Law in Support of Motion to Dismiss* (R. Doc. 8042), already a part of this Court's record.
[23] *See* CRPCCI's *Memorandum in Opposition to United States of America's Motion to Dismiss* (R. Doc. 9195).
[24] *See* Chapter 3 – Section 3.1(c)(d) Processing of Claims of Contract Documents, attached hereto as Exhibit 3.
[25] *See* CRPCCI's *Memorandum in Opposition to United States of America's Motion to Dismiss*.

operative facts and form part of the same case or controversy under Article III of the United States Constitution. [26]

Furthermore, CRPCCI averred that these claims involve similar issues of law and fact, thereby making the resolution of these claims mutually dependent upon each other.[27]  Moreover, CRPCCI averred that in the event its government contract claims were transferred to the United States Court of Federal Claims, the United States Court of Federal Claims would be precluded from exercising jurisdiction pursuant to 28 U.S.C.A. § 1500, as CRPCCI's tort and insurance claims which arise from the same operative facts and seek the same relief, would continue to be pending in the Eastern District of Louisiana.[28]

With respect to CRPCCI's FTCA claim, CRPCCI averred that its claim is not premature because its amended complaint satisfied the waiting period set forth in 20 U.S.C. Section 2675(a).[29]  Further, CRPCCI averred its FTCA claim was not premature because CRPCCI'S FTCA claim for Set-Off, Recoupment, and/or Compensation is not subject to the administrative claim requirement since the United States is not immune to claims in recoupment.[30]  Lastly, dismissing CRPCCI's FTCA claim based upon prematurity would not be consistent with the intent and purpose of the FTCA because of the futility of waiting for a decision by the Corps that was never going to be made.[31]

## II.   <u>LAW AND ARGUMENT</u>

With respect to the district court's decision to stay a civil action, **"**the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

---

[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*

causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[32] The court's decision to stay proceedings calls for the exercise of a sound discretion.[33]  Therefore, the Eastern District of Louisiana has discretion to determine whether to determine if a stay is warranted under these circumstances.[34]

In determining whether a stay is warranted, the district court must weigh various factors. These include: (1) "possible damage which may result from the granting of the stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay."[35]  In this case, the United States bears the burden of proving that a stay is warranted.[36]

According to the United States, "[A]ll of the *In re: Katrina* complaints alleging jurisdiction under the FTCA involve whether the United States is liable in tort for the planning, design, construction, and maintenance of the hurricane protection system in the greater New Orleans area."[37]  Further, the United States claims that the relief sought by the plaintiffs asserting an FTCA claim is limited to money damages.[38]  However, the United States is misguided with respect to CRPCCI's claims as CRPCCI's FTCA claims is for Set-Off, Recoupment and/or Compensation under La. C.C. art. 1893.  Accordingly, the United States' motion should be denied with respect to CRPCCI's claims, thereby allowing CRPCCI's FTCA claim to proceed

---

[32] *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

[33] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

[34] *See American Honda Motor Co., Inc. v. Coast Distribution System, Inc.*, 2007 WL 672521 (N.D.Cal., Feb 26 2007).

[35] *Id. (citing CMAX*, 300 F.2d at 268).

[36] *Id.*

[37] See United States Motion to Stay (R.Doc. 9057) at 5.

[38] *Id.* at 8.

with the claims set forth against the United States in the Barge, *Robinson v. United States*, C. A. No. 06-2268, and "Levee" or "MRGO" Master Class Action Complaints.

A.      **CRPCCI Will Suffer Irreparable Harm if the Litigation is Stayed with Respect to its Individual Claims Against the United States.**

Although the United States claims that a stay will not prejudice or present a tactical disadvantage to any current or potential plaintiffs, CRPCCI avers that it will be prejudiced in the event a stay is granted.  CRPCCI avers that its FTCA, government contract and insurance claims are inter-related, arise out of the same nucleus of operative facts and, therefore, the resolution of these related claims are mutually dependent upon one another.  As such, the resolution of these respective claims has a direct effect on the other claims and must be decided concurrently.

Further, unlike the other myriad of FTCA claims pending against the United States, CRPCCI seeks a declaration from this Honorable Court, including, but not limited to: (1) "the Corps breached both the Dwyer and Cousins Contracts"; (2) "the Corps is responsible for the damaged equipment"; (3) "CRPCCI is not responsible for the equipment"; (4) the Corps is liable to CRPCCI by the terms of the contract for the loss of and/or damage to the equipment"; (5) "awarding damages arising out of the breach by the Corps of both the Dwyer and Cousins Contracts"; and (6) "awarding damages and Set-Off, Recoupment, and/or Compensation pursuant to La. C.C. art. 1893."[39]

CRPCCI's FTCA claim is for Set-Off, Recoupment and/or Compensation made pursuant to La. C.C. art 1893 and, therefore, CRPCCI's claims are not solely limited to money damages as the United States suggests.[40]  CRPCCI's government contract, FTCA and insurance claims arise out of the same set of operative facts, and the eventual resolution of these claims are mutually dependent upon one another.  Non-concurrent proceedings in the Eastern District of Louisiana

---

[39] *See* CRPCCI *Complaint and First Supplemental and Amended Complaint*.
[40] *See* United States' *Motion for Stay* at 8.

may result in a tailor-made situation allowing for inconsistent rulings, a lack of judicial economy, and an inefficient duplication of fact finding.  Trying these matters concurrently eliminates this risk.

Each of the projects for the respective contracts is currently ongoing and the timely resolution of CRPCCI's contract claims is of the essence.  The Corps is demanding that CRPCCI pay approximately $2,340,109.53 to replace the flood damaged equipment.  The Corps is liable, by contract, and in tort, to replace this property which was damaged through no fault of CRPCCI, but rather through the negligence of the Corps.  CRPCCI simply cannot afford to finance the Corps' projects while this litigation is being resolved.  As such, CRPCCI maintains that the resolution of this litigation is not only necessary to allow CRPCCI to proceed with the flood control project, but it is also essential to the welfare of the City of New Orleans.  For these reasons, CRPCCI avers that, in the event its claims made pursuant to the FTCA are stayed and, alternatively, not allowed to proceed with the claims set forth against the United States in the Barge, *Robinson v. United States*, and "Levee" or "MRGO" Master Class Action Complaints, CRPCCI's claim under the FTCA for Set-Off, Recoupment, and/or Compensation would be prejudiced.

**B.      The United States Has Not Shown Sufficient Hardship to Justify Staying this Litigation with Respect to CRPCCI's Claim.**

The United States claims that a stay is necessary, as it is subject to undue hardship in tracking and responding to the number of filed complaints and, further, in its duty under the current case management orders ("CMO") to comply with its discovery obligations and the like.

However, the hardship in being forced to defend a lawsuit is irrelevant when considering whether to grant a stay.[41]

As CRPCCI has demonstrated, the claims alleged against the United States in its original Complaint and First Supplemental and Amended Complaint are not limited to the same issues as alleged in the other *In re Katrina* claims currently pending against the United States. CRPCCI's claims, therefore, are not simply an overlapping "me too" pleading and should not be classified as such. CRPCCI's claims are unique in the sense that its claims involve a cause of action against the United States for damages in both tort and contract. Further, CRPCCI's claims are not limited to monetary damages, as it seeks a claim for Set-Off, Recoupment, and/or Compensation.

Louisiana Civil Code Article 1893 provides that compensation extinguishes obligations and occurs when two persons owe each other sums of money identical in kind. CRPCCI has simply alleged that if it owes the Corps the amounts alleged by the Corps for the value of the destroyed equipment, then the Corps owes CRPCCI the identical amount because the Corps caused the flooding that destroyed the equipment.

The claim alleges that CRPCCI's damages, for purposes of Set-Off, Recoupment, and/or Compensation made pursuant to La. C.C. art. 1893, were sustained as a result of the Corps' breach of duty to adequately design, construct, maintain, inspect and operate the MRGO. But for the fault and/or negligence of the Corps, the severe flooding of parts of the New Orleans Metro Area would not have occurred. CRPCCI simply seeks a judgment for all damages to which it is entitled so as to establish Set-Off, Recoupment, and/or Compensation pursuant to La. C.C. art.

---

[41] *American Honda Motor Co., Inc.*, F.Supp. 2d at * 2; *See Lockyer v. Mirant*, 398 F.38 1098, 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").

1893 arising out of the negligence of the Corps.

The federal government is immune from suit unless it consents to be sued.[42] The United States can consent to be sued "either by specific statutory consent or by instituting a suit as to which a defendant may plead matters in recoupment."[43]  In *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir.1967), this court first recognized that by filing suit the government effects a limited waiver of sovereign immunity as to the defendant's recoupment claims:

> Our conclusion is that when the sovereign sues it waives immunity as to claims of the defendant which assert matters in recoupment-arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claims but not the extent of a judgment in the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or ... exceeding the amount of the government's claims....[44]

Although the United States has not filed suit against CRPCCI, it has waived its sovereign immunity as to CRPCCI's claims when the Corps issued its final decision against CRPCCI and effectively forcing CRPCCI, by the terms of it contract, to file suit to appeal the decision.  The claims against the Corps should be allowed under *Frederick*, even though the Corps has not actually filed suit against it, but rather made an administrative decision facing this lawsuit.

Moreover, CRPCCI's claim for recoupment is a recognized exception to the administrative claim requirement and, likewise, should not be subject to the United States' immunity claims.  A recoupment claim within the scope of *Frederick* need not also fall within another statutory waiver of sovereign immunity.[45]  It would be patently unfair to force CRPCCI to pay for the government's flood damaged equipment on a flood control project which was

---

[42] *EEOC v. First National Bank*, 614 F.2d 1004, 1007 (5th Cir.1980).
[43] *Id.*
[44] *Frederick*, 386 F.2d at 488.
[45] *See Frederick*, 386 F.2d at 488 (noting that waiver of sovereign immunity can be by statute or by institution of suit); *United States v. Johnson*, 853 F.2d 619, 621 (8th Cir.1988) (holding that when the government waives sovereign immunity as to matters in recoupment, "it does so even as to those claims that ordinarily are barred by the FTCA").

damaged as a result of the Corps' negligence.  The contract requires the government to pay when there is damage by flood, or alternatively, CRPCCI is entitled to a set-off against the government's claim because the damage was due to their negligence.  Therefore, CRPCCI's claim for recoupment serves as a defense to the United States' contractual claims against CRPCCI and, therefore, is not subject to the administrative claim requirements pursuant to 28 U.S.C. Section 2675(a), nor is it subject to the United States' immunity claims.

In contrast, CRPCCI would be the party suffering an undue hardship if its FTCA claim was stayed.  As CRPCCI's FTCA, government contract and insurance claims arise out of the same set of operative facts, non-concurrent proceedings in the Eastern District of Louisiana may result in a tailor-made situation allowing for inconsistent rulings, a lack of judicial economy, and an inefficient duplication of fact finding.  Once again, trying these matters concurrently eliminates this risk.  By requiring the United States to address CRPCCI's inter-related issues in conjunction with those non-stayed matters will not cause the United States any undue burden or inconvenience, especially considering that the United States will have to prepare a defense to CRPCCI's government contract claim.  As such, CRPCCI's FTCA claim should not be stayed and, therefore, should be allowed to proceed with the claims set forth against the United States in the Barge, *Robinson v. United States*, and "Levee" or "MRGO" Master Class Action Complaints.

**C.**     **The United States' Motion for Stay Does Not Further the Orderly Course of Justice.**

CRPCCI's FTCA, government contract claim and insurance claim each arise out of the same nucleus of operative facts, namely, the events of Hurricane Katrina.  Moreover, the resolution of these claims are mutually dependent upon one another, thereby highlighting the nexus between these individual, but factually related and dependent claims.  As such, these claims must be resolved concurrently as this would be the best means to preserve judicial

economy and efficiency, thereby allowing CRPCCI and this Honorable Court to refrain from duplicative fact finding.

Further, in the event the United States' stay was granted, the adjudication of CRPCCI's remaining claims would be significantly delayed.  In particular, the contracts which form the basis of this litigation involve projects that are ongoing.  Therefore, the resolution of CRPCCI's inter-related claims must be adjudicated as efficiently as possible.  Any further delays will result in undue hardship and expense to CRPCCI, as CRPCCI is not equipped to finance the aforementioned projects during the pendency of this litigation.  Rather, the Corps is liable in contract and in tort to replace the flood damaged government property which was damaged due to their negligence.  The resolution of this litigation is essential to allow CRPCCI to proceed with the completion of these flood control projects, not only for its sake, but for the good of the City of New Orleans.  Accordingly, CRPCCI's FTCA claims should be allowed to be adjudicated concurrently with the pending claims set forth against the United States in the Barge, *Robinson v. United States*, and "Levee" or "MRGO" Master Class Action Complaints.

## III.   CONCLUSION

As CRPCCI's causes of action against the United States are unique in that they involve a claim in tort and in contract, the United States' Motion for Stay is not warranted under the circumstances.   In particular, CRPCCI would suffer irreparable harm and prejudice in the event the stay was granted.  CRPCCI must resolve this litigation so that it can proceed with completion of its flood control projects.  It is patently unfair to force CRPCCI to pay for the government's flood damaged equipment on a flood control project which was damaged as a result of the Corps' negligence.  The contract requires the government to pay when there is damage by flood, or

alternatively, CRPCCI is entitled to a set-off against the government's claim because the damage was due to their negligence.

Further, the United States has not demonstrated any hardship and/or inconvenience with respect to CRPCCI's claims.  Finally, as CRPCCI's claims are inter-related, arise out of the same nucleus of operative facts and the resolution of said claims are mutually dependent upon one another, the granting of the stay would not further the orderly course of justice as CRPCCI's claims would be prevented from being adjudicated concurrently, thereby resulting in a lack of judicial efficiency and economy.  Accordingly, the United States' Motion for Stay should be denied with respect to CRPCCI's claims and, therefore, CRPCCI's FTCA claims should be allowed to proceed with the pending claims set forth against the United States in the Barge, *Robinson v. United States*, and "Levee" or "MRGO" Master Class Action Complaints.

Respectfully submitted:

_____
GERALD A. MELCHIODE (#22525)
jmelchiode@gjtbs.com
WILLIAM J. PERRY (#19100)
wperry@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
One Shell Square
701 Poydras Street, 40TH Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
COUNSEL FOR PLAINTIFF, C.R. PITTMAN
CONSTRUCTION COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of same will be mailed to all non-CM/ECF participating counsel.