UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: ROAD HOME  *Louisiana State* C.A. No. 07-5528 | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PROTECTIVE ORDER
GOVERNING ROAD HOME APPLICANT AND RECIPIENT INFORMATION**

On August 23, 2007, the State of Louisiana, individually and on behalf of the State Of Louisiana, Division Of Administration, Office Of Community Development ("the State"), through the Honorable Charles C. Foti, Jr., the Attorney General for the State of Louisiana, instituted in state court *The State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr. The Attorney General for the State of Louisiana v. AAA Insurance, et al.,* ("Road Home Action") as a putative class action against the named Insurance Company Defendants for the recovery of funds paid as part of the State's The Road Home Program and for declaratory and injunctive relief, individually and on behalf of all past and present recipients of funds through The Road Home Program and all eligible and/or future recipients of funds through The Road Home Program (hereinafter referred to collectively as "Applicants and Recipients"). A list which the State represents to be a list of Applicants and Recipients who have received, or who may be eligible to receive, funds through The Road Home Program was filed under seal and

1

attached as Exhibit "A" to the State's First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief filed on August 29, 2007 ("First Amended Petition"). Insurance Company Defendants that were served with the First Amended Petition received a compact disc that purports to contain the Applicant and Recipient list, but the information and data therein are password protected. The State has subsequently agreed to create a separate list for each Insurance Company Defendant, each of which will contain what the State represents to be a list of only those Applicants and Recipients alleged by the State to be insured by such Insurance Company Defendant, or group of related Insurance Company Defendants.

On September 11, 2007, the Road Home Action was removed to federal court and then transferred to this Section. The State has filed motions to remand the Road Home Action to state court, and the State has participated in the preparation of this Protective Order without waiving any rights to challenge this Court's or any other federal court's jurisdiction over this matter. All parties receiving Personal Information pursuant to this Protective Order agree, however, that this Court has jurisdiction to enforce this Protective Order.

Any Applicant or Recipient's Personal Information contained in Exhibit "A" to the State's First Amended Petition, or otherwise, is confidential and shall be protected pursuant to the following terms, restrictions and conditions:

1.a. The insurer-specific abridged version of Exhibit "A" to the State's First Amended Petition to be provided to each Insurance Company Defendant will contain the following information, and only the following information: the full name of each Applicant or Recipient, the complete address or addresses for the damaged property or properties of the Applicant(s) or Recipient(s), the insurer of the Applicant(s) or Recipient(s), the insurance policy number for the

Applicant(s) or Recipient(s), whether the person in question is only an Applicant (*i.e.*, an application has been submitted but no grant has been made) or a Recipient (*i.e.*, a grant has been made), and the stage of the application process as of August 2007. For purposes of this Protective Order, "Personal Information" is defined to consist of the information listed in the foregoing sentence and only such information. This Protective Order covers only (a) the Personal Information contained on the insurer-specific abridged versions of Exhibit "A" to the State's First Amended Petition and (b) any updates provided by the State to an Insurance Company Defendant as to whether an Applicant has become a Recipient. Personal Information means only that information that is specific to a particular Applicant or Recipient and does not include aggregate data contained on or compiled from insurer-specific abridged version of Exhibit "A" (e.g., total number of Applicants and Recipients), or aggregate subsets of data.

b. The insurer-specific abridged versions of Exhibit "A" and any updates thereto will not include any "Personal Data Identifiers" described in this Court's general order of April 9, 2003 (*i.e.*, social security numbers, names of minor children, dates of birth, or financial account numbers).

2. Each Applicant or Recipient's Personal Information shall be disclosed only to:

a. Each counsel of record in the Road Home Action for the Insurance Company Defendant alleged to have insured such Applicant or Recipient and other attorneys and employees in counsel of record's law firm who are assisting with respect to the Road Home Action;

b. Other attorneys, retained experts, and their employees who have been retained to assist such Insurance Company Defendant (or its reinsurers) and/or its counsel of record in the preparation for, and/or at the trial of the Road Home Action or any case in which an Applicant or

Recipient is seeking property insurance benefits from such Insurance Company Defendant, and/or for purposes of discovery, case evaluation, and preparation for arbitration, mediation, or settlement of the Road Home Action, any case in which an Applicant or Recipient is seeking property insurance benefits from such Insurance Company Defendant, or any claim not in litigation for property insurance benefits from such Insurance Company Defendant;

c. In-house counsel, independent adjusters, other claims personnel, agents, and managing agents of such Insurance Company Defendant with responsibility for the Road Home Action or any case in which an Applicant or Recipient is seeking property insurance benefits from such Insurance Company Defendant, and/or for purposes of discovery, case evaluation, and preparation for arbitration, mediation, or settlement of the Road Home Action, any case in which an Applicant or Recipient is seeking property insurance benefits from such Insurance Company Defendant, or any claim not in litigation for property insurance benefits from such Insurance Company Defendant;

d. Arbitrators, mediators, the Court, authorized Court personnel, and members of an empaneled jury in the Road Home Action, or any case in which an Applicant or Recipient is seeking property insurance benefits from such Insurance Company Defendant, or any claim not in litigation for property insurance benefits from such defendant, as reasonably necessary and/or required;

[e. Any information disclosed by the State shall be governed by the terms of this Protective Order, regardless of whether it is specifically identified herein above, unless otherwise ordered by the Court.] **[Defendants object to paragraph 4.e for two reasons. First, Section VII of the Interim Case Management Order (Record Doc. No. 8873) contemplates an order addressing only the information contained in Exhibit "A" to the State's First Amended**

4

**Petition, with any need for any more general protective order(s) to be addressed at a later time. Second, even if the Protective Order were to address information beyond that included in the insurer-specific abridged versions of Exhibit "A," Plaintiff's provision is much too broad. It purports to place each and every piece of information disclosed by the State under the Protective Order, without regard to whether the information is in any way sensitive and in need of protection and also without regard to the manner in which it is disclosed. Indeed, as drafted, the provision would provide protection to information placed by the State on the public record through filings in court, publication on its website, or any other means.]**

**[Plaintiffs believe that such a provision is necessary to avoid an ad hoc approach when the disclosure of Road Home data set(s) beyond that provided in Exhibit A is necessary. For example, the Washington Group has issued a subpoena duces tecum seeking a myriad of documents relating to the program. Other requests may follow. Rather than dealing with the scope of the order and the limits proposed by the Insurers, the Plaintiffs suggest this provision will avoid further wasteful efforts to revisit this Confidentiality Agreement on a case by case basis.]**

3. Personal Information may be used only for preparation for, and/or at the trial of the Road Home Action or any case in which an Applicant or Recipient is seeking property insurance benefits from such Insurance Company Defendant, and/or for purposes of discovery, case evaluation, and preparation for arbitration, mediation, or settlement of the Road Home Action, any case in which an Applicant or Recipient is seeking property insurance benefits from such Insurance Company Defendant, or any claim not in litigation for property insurance benefits

from such Insurance Company Defendant. Any other use of an Applicant or Recipient's Personal Information obtained pursuant to this Protective Order is prohibited.

4. Counsel of record for each party hereto shall be responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of Personal Information received by such counsel relating to Applicants and Recipients alleged to have been insured by the Insurance Company Defendant(s) represented by such counsel. Persons or entities identified in Paragraph 2 who receive Personal Information pursuant to this Protective Order shall not duplicate any Personal Information except (i) for use as working copies for themselves and/or their employees, (ii) for the purpose of submission to Court or use at deposition, consistent with paragraph 7, and/or (iii) for the purposes of confirming the insured status of any Applicants and Recipients alleged by the State to be insureds of a particular Insurance Company Defendant for use in connection with any property insurance claims by any such insureds (whether or not in litigation), including litigating or facilitating the resolution of any such claims.

5. Personal Information provided under this Protective Order may not be disclosed to persons not described in paragraph 2 above, used for purposes not described in paragraph 3 above, or duplicated for purposes not described in paragraph 4 above, except pursuant to Court order or written agreement with the designated representative for the State and the Applicant or Recipient (or counsel, if represented) whose Personal Information is involved.. Currently the designated representative is: N. Frank Elliot III, Ranier, Gayle & Elliot, L.L.C., 1419 Ryan Street, Lake Charles, LA 70601, Phone number: 337-494-7171, Facsimile number: 337-494-7218, and electronic mail: felliot@rgelaw.com.

6. As a condition for access and/or continued access to any Applicant or Recipient's Personal Information, all individuals and entities identified in paragraphs 2.b-d, other than

arbitrators, mediators, empanelled jurors, the Court and its authorized personnel, shall be provided with a copy of this Protective Order and shall execute a copy of the Agreement to Obligations under Protective Order Governing Road Home Applicant and Recipient Information ("Agreement"), a copy of which is attached hereto as Exhibit "A." Provided, however, that when such individual is employed by an entity such as an Insurance Company Defendant, law firm, or consulting firm it will be sufficient for an authorized partner or official of such entity to sign a single Agreement on behalf of the entity in the form attached hereto as Exhibit "B." Whenever a person executes the Agreement, counsel of record for the relevant Insurance Company Defendant shall retain the original executed Agreement as part of the attorney's records of the Road Home Action.

7. If a party wishes to file with the court any document containing Personal Information, that party must fully comply with the provisions of the standing order of the United States District Court for the Eastern District of Louisiana dated July 26, 2006, which is available on this court's website, http://www.laed.uscourts.gov. Pleadings or briefs must not disclose Personal Information, but instead must refer to such materials or information generally as Attachments or Exhibits to the brief or pleading accompanied by the necessary filing concerning such Attachments

8. Nothing herein shall preclude counsel for a party from disclosing aggregate information from the Personal Information in a way that does not disclose the Personal Information of any individual Applicant or Recipient. Furthermore, nothing contained herein shall be construed to limit the extent to which defense counsel of record may share information amongst themselves or with litigation consultants for purposes of joint defense of the litigation, provided, however, that such Personal Information remains subject to the terms of this Protective

Order and that counsel of record receiving through joint defense communications Personal Information relating to an individual insured by a defendant other than such counsel's client shall not disseminate such Personal Information outside of counsel of record's law firm.

9. Nothing herein shall be deemed to affect any Applicant or Recipient's or the State's ability to seek relief from and/or prosecute any unlawful disclosure of any Applicant or Recipient's Personal Information which is protected by the terms of this Protective Order.

10. All provisions of this Protective Order restricting the use of any Applicant or Recipient's Personal Information shall continue to be binding after the conclusion of the Road Home Action, unless otherwise agreed by the parties or ordered by the Court.

11. Neither the termination of the Road Home Action nor the termination of employment of any person who has had access to any Applicant or Recipient's Personal Information or the contents thereof shall relieve any such person from the obligation of maintaining the confidentiality of such information.

12. Nothing contained herein shall prohibit the receipt or use of the same or similar information that may be obtained by legitimate and proper means independently of this Protective Order, including from a source other than the State in the Road Home Action. The State shall have no responsibility or obligation for ensuring that such information was properly obtained or authorized, or used or disclosed in accordance with this Protective Order. [It will be the sole obligation of the disclosing party to demonstrate that information disclosed in contravention of this Order was otherwise obtained by independent, legitimate and lawful means.] This Protective Order is only intended to cover information provided by the State in the Road Home Action. Nor shall anything contained herein preclude an Applicant or Recipient from authorizing disclosure or use of Personal Information relating to him or her. **[Defendants**

object to the bracketed sentence. Under the proposed Protective Order, "Personal Information" would consist of only name, address, insurer, policy number, and Road Home application status. The first four items are routinely found in the insurer's files, and the fifth item may be in the insurer's files to the extent that it has been provided by the insured and/or by the Road Home program. The proposed language would impose a burden on each insurer to make some unspecified kind of showing, every time it makes use of information already in its files, that such information was available to it from a source other than the insurer-specific abridged version of Exhibit "A". There is no basis for imposing that kind of burden on insurers as to types of information that for the most part they already have and make use of on a daily basis. The proposed sentence is further objectionable in referring to disclosure of information available from an independent source as a disclosure "in contravention of this Order," because such a disclosure is expressly permitted by the Order.]

[Plaintiffs submit that the decision of the Court as to paragraph 4e above will determine the necessity for this provision.]

13. Nothing herein shall preclude counsel of record or an Insurance Company Defendant from discussing an Applicant or Recipient's Personal Information with such Applicant or Recipient (or his or her counsel, if represented) in connection with the Road Home Action or any property insurance claim by such Applicant or Recipient.

14. This Protective Order may be modified by order of Court, only.

15. Each Insurance Company Defendant shall be provided with access, through its counsel of record and in accordance with the terms of this Protective Order, to Personal Information relating to Applicants and Recipients alleged by the State to be insured by such

Insurance Company Defendant, after (a) the Court has approved the Protective Order, (b) counsel of record for such Insurance Company Defendant has signed and filed an Insurance Company Acknowledgment of Receipt of Protective Order Governing Road Home Applicant and Recipient Information ("Acknowledgment") in a form similar to the attached, (c) a copy of the executed Acknowledgment is received by the State's designated representative, and (d) upon completion of a thorough, good faith search, any and all copies of the compact disk marked Exhibit "A" to the State's First Amended Petition that were received by such Insurance Company Defendant are returned to the State's designated representative or are destroyed. Each Insurance Company Defendant will remain under a continuing obligation to return or destroy any copy of the compact disk marked Exhibit "A" to the State's First Amended Petition that it locates at any later time.

16. Nothing herein shall be construed as an agreement by any Insurance Company Defendant as to the validity of any purported assignments of rights to the State or the validity of any claims asserted by the State or any putative class member or as a waiver of any defenses thereto. Additionally, nothing herein shall be construed as an agreement by the State that any Insurance Company Defendant has fully and properly resolved or justly refused to resolve any claim, or as a waiver of any right or defense of the State to defend, pursue or prosecute any matter or claim against any Insurance Company Defendant related to any such alleged action, inaction, or breach.

17. No party is waiving or consenting to the jurisdiction of this Court or any other federal court by participating in the preparation of this Protective Order. In particular, the State reserves its rights to seek remand of this action to state court. Notwithstanding the foregoing, all parties agree that this Court has jurisdiction to enforce this Protective Order. Breach of the

provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court, including contempt.

**SO ORDERED:**

New Orleans, this ____ day of December, 2007

_____
Stanwood R. Duval, Jr.
United States District Judge


_____
Joseph Wilkinson
United States Magistrate Judge

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>　　　CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: ROAD HOME<br>　　Louisiana State C.A. No. 07-5528 | *<br>*<br>* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### INSURANCE COMPANY DEFENDANT ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER GOVERNING ROAD HOME APPLICANT AND RECIPIENT INFORMATION

The Insurance Company Defendant identified below, by its undersigned counsel of record, hereby acknowledges receipt of the Protective Order for Receipt of Road Home Governing Applicant and Recipient Information.

Agreed to by:


_____          _____, 2007
[COUNSEL]

Counsel for [**Insurance Company Defendant**]

## EXHIBIT "A"

## INDIVIDUAL AGREEMENT TO OBLIGATIONS UNDER PROTECTIVE ORDER GOVERNING ROAD HOME APPLICANT AND RECIPIENT INFORMATION

*In re: Katrina Canal Breaches Litigation*
Civil Action No. 05-4182 "K" (2)
Pertains to: Road Home
*Louisiana State*, Civil Action No. 07-5528,

United States District Court for the Eastern District of Louisiana

I have read and I understand the Protective Order Governing Road Home Applicant and Recipient Information ("Protective Order") concerning the release of Applicant and Recipient Personal Information filed under seal in the above-referenced lawsuit. I hereby agree to be bound by all the terms, conditions, and restrictions imposed by the Protective Order and to use the Personal Information disclosed to me solely in accordance with the terms of the Protective Order.

I further acknowledge and agree that the terms of the Protective Order are enforceable against me both during and after the conclusion of this lawsuit and agree to submit to the jurisdiction of the United States District Court for the Eastern District of Louisiana for any enforcement proceedings.

_____          _____
Address                                                            Signature and Date

_____          _____
City, State and Zip Code                                    Print Name and Title

_____          _____
Phone Number                                                  Company Name

**EXHIBIT "B"**

**ENTITY AGREEMENT TO OBLIGATIONS UNDER PROTECTIVE ORDER GOVERNING ROAD HOME APPLICANT AND RECIPIENT INFORMATION**

*In re: Katrina Canal Breaches Litigation*
Civil Action No. 05-4182 "K" (2)
Pertains to: Road Home
*Louisiana State*, Civil Action No. 07-5528,

United States District Court for the Eastern District of Louisiana

I have read and I understand the Protective Order Governing Road Home Applicant and Recipient Information ("Protective Order") concerning the release of Applicant and Recipient Personal Information filed under seal in the above-referenced lawsuit. I am authorized to agree and do hereby agree that [name of entity] is bound by the Protective Order and shall use the Personal Information disclosed to it solely in accordance with the terms of the Protective Order.

I further acknowledge and agree that the terms of the Protective Order are enforceable against [name of entity] during and after the conclusion of this lawsuit, and [name of entity] agrees to submit to the jurisdiction of the United States District Court for the Eastern District of Louisiana for any enforcement proceedings.

[NAME OF ENTITY]

_____          By:_____
Address                                             Signature and Date

_____          _____
City, State and Zip Code                     Print Name and Title

_____
Phone Number