## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO | § | |
| | § | |
| FILED IN: | § | |
|          07-4945 | § | |
| | § | |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
## TO PLAINTIFFS' COMPLAINT

Defendant Washington Group International, Inc. ("WGII"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Complaint (the "Complaint"), as follows:

## WGII'S AFFIRMATIVE DEFENSES

### A.      FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGII, and further fail to state facts sufficient to entitle Plaintiffs to the relief sought or any other relief whatsoever from WGII.

### B.     PRESCRIPTION

Plaintiffs' claims against WGII are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

### C.     NO RIGHT OF ACTION

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

### D.     FAILURE TO JOIN INDISPENSABLE PARTIES

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

### E.     DUTY / RISK

Plaintiffs' claims are barred under Louisiana Civil Code Articles 667, 2315, 2316, 2317, and/or 2322, in whole or in part, because they cannot establish:  (i) that WGII's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGII's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGII owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGII owed any such duty to Plaintiffs, it breached that duty.

902771v.1

**F.       COMPARATIVE FAULT**

WGII hereby invokes all rights and defenses under Louisiana Civil Code Article

2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly

and proximately caused by the acts, omissions, and/or failure to mitigate of others,

including Plaintiffs (as applicable), whether individual, corporate or otherwise, whether

named or unnamed in the complaint, for whose conduct WGII is not responsible.

**G.       ACT-OF-GOD**

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event,

or extraordinary manifestation of the forces of nature.

**H.       GOVERNMENT CONTRACTOR**

Plaintiffs' claims are barred by the government contractor defense.

**I.       LIMITATION OF LIABILITY**

WGII qualifies for and claims the limitation of liability afforded by La. R.S.

9:2800.3 (1997).

**J.       DISCHARGE IN BANKRUPTCY**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any

claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in

bankruptcy.

902771v.1

**K.    ADOPTION OF AFFIRMATIVE AND CONSTITUTIONAL DEFENSES AVAILABLE UNDER FEDERAL LAW OR THE LAWS OF OTHER JURISDICTIONS**

WGII hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

**L.    ADOPTION OF AFFIRMATIVE DEFENSES OF OTHER DEFENDANTS**

WGII adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGII, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGII hereby reserves its right to amend its answer to assert any such defense.

**M.    SET-OFF**

WGII affirmatively alleges that to the extent Plaintiffs have settled or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, WGII is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**N.    ATTORNEY'S FEES NOT AVAILABLE**

To the extent that Plaintiffs' Complaint seeks attorney's fees, any such claims are barred by La. Code Civ. P. Art. 595(A).

### O.      LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGII brought under "Admiralty and Maritime Law," the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*.; the Coastal Zone Management Act, 16 U.S.C. § 1451, *et seq*.; the River & Harbors Act, 33 U.S.C. § 403, *et seq*; the Admiralty Extension Act, 46 U.S.C. § 740; the Suits in Admiralty Act, 46 U.S.C. §§ 741-752; and/or the Public Vessels Act, 46 U.S.C. §§ 781-790.

### P.      IMPROPER VENUE

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested judge and/or jury.

### Q.      POLITICAL QUESTION DOCTRINE

Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction under the political question doctrine.

### R.      RES JUDICATA AND PRECLUSION

WGII pleads the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion, to the extent that the claims of Plaintiffs are or will be barred in whole or in part due to the participation of Plaintiffs and/or those in privity with them in other cases before this Court, or in other courts.

902771v.1

### S.      ACCORD AND SATISFACTION

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have

or will have released, settled, entered into an accord and satisfaction or otherwise

compromised them.

### T.      LACHES, WAIVER, UNCLEAN HANDS, RATIFICATION OR ESTOPPEL

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, unclean hands,

ratification or estoppel.

### U.      INTERVENING OR SUPERSEDING CAUSE

Plaintiffs' claims are barred, in whole or in part, because the injuries and damages

alleged resulted from an intervening or superseding cause.

### V.      ADEQUATE REMEDY AT LAW

Plaintiffs' claims for equitable relief are barred because they have an adequate

remedy at law.

### W.      IMPROPER JOINDER

Plaintiffs' Complaint improperly joins claims in violation of Federal Rule of Civil

Procedure 18.

## WGII'S ANSWER

Except as otherwise expressly stated below, WGII responds only to those

allegations of the Complaint that are directed to WGII.  WGII is without sufficient

information or knowledge to form a belief concerning the truth of the allegations of the

Complaint that are directed toward other defendants and therefore denies them.  WGII

denies each and every allegation of the Complaint not specifically admitted below.

- 6 -

WGII responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

1.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 1 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that the individuals named in Paragraph 1 of the Complaint purport to be named plaintiffs in this action.

2.      Paragraph 2 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 2 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that on or about August 29, 2005, Hurricane Katrina passed near the City of New Orleans, and that flooding occurred in and around New Orleans in the aftermath of Hurricane Katrina.

3.      WGII is without sufficient information or knowledge as to the allegation in Paragraph 3 of the Complaint that this Court has jurisdiction over Plaintiffs' claims against the United States pursuant to 28 U.S.C. § 1346(b), and therefore DENIES each and every allegation contained therein.  WGII DENIES each and every remaining allegation of Paragraph 3 of the Complaint.  WGII admits, however, that Plaintiffs purport to plead jurisdiction under 28 U.S.C. § 1346(b) and the Federal Tort Claims Act.

4.      WGII admits that federal question jurisdiction exists because WGII was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGII DENIES each and every remaining allegation of Paragraph 4

- 7 -

of the Complaint.  WGII admits, however, that Plaintiffs purport to plead jurisdiction under the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq.*; the Coastal Zone Management Act, 16 U.S.C. § 1451, *et seq.*; the River & Harbors Act, 33 U.S.C. § 403, *et seq.*

5.     WGII admits that this Court has supplemental jurisdiction over Plaintiffs' purported state-law claims pursuant to 28 U.S.C. § 1367.

6.     WGII DENIES each and every allegation of Paragraph 6 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 6 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that Plaintiffs purport to bring claims under "Admiralty and Maritime Law."

7.     WGII DENIES each and every allegation of Paragraph 7 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 7 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that Plaintiffs purport to bring claims under the Admiralty Extension Act, 46 U.S.C. § 740; the Suits in Admiralty Act, 46 U.S.C. §§ 741-752; and/or the Public Vessels Act, 46 U.S.C. §§ 781-790.

8.     WGII admits that it is authorized to do and does business in the State of Louisiana and in the Parish of Orleans, with its Louisiana principal place of business in Baton Rouge, Louisiana.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 8 of the Complaint and therefore DENIES each and every allegation contained therein.

9.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein.

10.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein.

12.[1]   WGII DENIES each and every allegation of Paragraph 12 of the Complaint. Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested judge and/or jury.

13.      WGII DENIES each and every allegation of Paragraph 13 of the Complaint.

14.      WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein.

15.A.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15.A of the Complaint and therefore DENIES each and every allegation contained therein.

15.B.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15.B of the Complaint and therefore DENIES each and every allegation contained therein.

---

[1] Plaintiffs' Complaint does not contain a Paragraph 11.

902771v.1

15.C.   WGII admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana and in the Parish of Orleans.

15.D.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15.D of the Complaint and therefore DENIES each and every allegation contained therein.

15.E.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15.E of the Complaint and therefore DENIES each and every allegation contained therein.

15.F.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15.F of the Complaint and therefore DENIES each and every allegation contained therein.

16.   WGII DENIES each and every allegation of Paragraph 16 of the Complaint. WGII admits, however, that the Mississippi River Gulf Outlet allows for the passage of ships and vessels between New Orleans and the Gulf of Mexico.

17.   Paragraph 17 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 17 of the Complaint and therefore DENIES each and every allegation contained therein.

902771v.1

18.     Paragraph 18 of the Complaint contains a legal conclusion to which no response is required.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 18 of the Complaint and therefore DENIES each and every allegation contained therein.

19.     Paragraph 19 of the Complaint contains a legal conclusion to which no response is required.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 19 of the Complaint and therefore DENIES each and every allegation contained therein.

20.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint and therefore DENIES each and every allegation contained therein.

21.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint and therefore DENIES each and every allegation contained therein.

22.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 22 of the Complaint and therefore DENIES each and every allegation contained therein.

23.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 23 of the Complaint and therefore DENIES each and every allegation contained therein.

24.     Paragraph 24 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient

902771v.1

information or knowledge as to the remaining allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

25.     Paragraph 25 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein.

26.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein.

27.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 27 of the Complaint and therefore DENIES each and every allegation contained therein.

28.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 28 of the Complaint and therefore DENIES each and every allegation contained therein.

29.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 29 of the Complaint and therefore DENIES each and every allegation contained therein.

30.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 30 of the Complaint and therefore DENIES each and every allegation contained therein.

902771v.1

31.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 31 of the Complaint and therefore DENIES each and every allegation contained therein.

32.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 32 of the Complaint and therefore DENIES each and every allegation contained therein.

33.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein.

34.    WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 34 of the Complaint and therefore DENIES each and every allegation contained therein.

35.    Paragraph 35 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 35 of the Complaint and therefore DENIES each and every allegation contained therein.

36.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 36 of the Complaint and therefore DENIES each and every allegation contained therein.

902771v.1

37.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 37 of the Complaint and therefore DENIES each and every allegation contained therein.

38.     WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 38 of the Complaint and therefore DENIES each and every allegation contained therein.

39.     WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII further DENIES each and every allegation of Paragraph 39 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 39 of the Complaint and therefore DENIES each and every allegation contained therein.

40.     WGII DENIES each and every allegation contained in Paragraph 40 of the Complaint, except WGII admits that in 1999 WGII's predecessor, Morrison Knudsen Corporation, contracted with the Corps pursuant to the Inner Harbor Navigation Canal Lock Replacement Project, which was authorized and approved by the United States Congress.  Specifically, WGII demolished property improvements and performed site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east.  WGII began working at the East Bank Industrial Area in January 2001, and completed its work, removed its equipment, and demobilized from the East Bank Industrial Area in May 2005.  At all times the Corps supervised and

- 14 -

902771v.1

approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

41.    WGII DENIES each and every allegation of Paragraph 41 of the Complaint, except WGII admits that its work at the East Bank Industrial Area consisted of the following definable features of work: site assessment and surveys; site investigation sampling and analysis; a geophysical survey of the site; grid trenching; above-ground structure demolition; surface cleanup, concrete foundation and onshore piling removal; barge removal and disposal; wharf and offshore piling removal and disposal; remediation of the site; canal bank and Surekote Road removal; miscellaneous abatement operations; final site grading, restoration, and demobilization.  WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

42.    WGII DENIES each and every allegation of Paragraph 42 of the Complaint. WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

43.    Paragraph 43 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 43 of the Complaint.  Moreover, the allegations regarding WGII's purported failure to follow "proper procedures" and "appropriate regulations and standards" are so vague and undefined as to preclude a meaningful response thereto or to state an actionable duty or breach thereof.

902771v.1

44.    WGII DENIES that the Corps failed to monitor and/or properly inspect WGII's work at the East Bank Industrial Area and DENIES that WGII caused any damage to the levee and/or flood wall structure.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 44 of the Complaint and therefore DENIES the allegations contained therein.

45.    WGII DENIES that it caused any damage to the levee and/or flood wall system and DENIES that it undermined the integrity of the levee and/or flood wall. Moreover, the allegations regarding WGII's purported failure to follow "appropriate regulations and standards" are so vague and undefined as to preclude a meaningful response thereto, or to state an actionable duty or breach thereof.  Answering further, WGII states that it performed its work at the East Bank Industrial Area pursuant to a contract with the Corps, and that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 45 of the Complaint and therefore DENIES the allegations contained therein.

46.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 46 of the Complaint and therefore DENIES the allegations contained therein.

47.    WGII DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII further DENIES each and every allegation of Paragraph 47 of the Complaint pertaining to WGII.  WGII is without

902771v.1

sufficient information or knowledge as to the remaining allegations of Paragraph 47 of the Complaint and therefore DENIES each and every allegation contained therein.

48.     WGII DENIES each and every allegation of Paragraph 48 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 48 of the Complaint and therefore DENIES the allegations contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

49.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 49 of the Complaint and therefore DENIES the allegations contained therein.

50.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 50 of the Complaint and therefore DENIES the allegations contained therein.

51.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 51 of the Complaint and therefore DENIES the allegations contained therein.

52.     WGII DENIES each and every allegation of Paragraph 52 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 52 of the Complaint and therefore DENIES the allegations contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

902771v.1

53.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 53 of the Complaint and therefore DENIES the allegations contained therein.

54.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 54 of the Complaint and therefore DENIES the allegations contained therein.

55.     Paragraph 55 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 55 of the Complaint and therefore DENIES the allegations contained therein.

56.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 56 of the Complaint and therefore DENIES the allegations contained therein.

57.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 57 of the Complaint and therefore DENIES the allegations contained therein.  WGII admits, however, that the Gulf Intracoastal Waterway is a commercial shipping canal that runs from Texas to Florida.

58.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 58 of the Complaint and therefore DENIES the allegations contained therein.  WGII admits, however, that the Mississippi River Gulf Outlet connects the Gulf Intracoastal Waterway with the Gulf of Mexico.

902771v.1

59.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 59 of the Complaint and therefore DENIES the allegations contained therein.

60.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 60 of the Complaint and therefore DENIES the allegations contained therein.

61.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 61 of the Complaint and therefore DENIES the allegations contained therein.

62.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 62 of the Complaint and therefore DENIES the allegations contained therein.

63.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 63 of the Complaint and therefore DENIES the allegations contained therein.

64.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 64 of the Complaint and therefore DENIES the allegations contained therein.

65.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 65 of the Complaint and therefore DENIES the allegations contained therein.

902771v.1

66.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 66 of the Complaint and therefore DENIES the allegations contained therein.

67.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 67 of the Complaint and therefore DENIES the allegations contained therein.

68.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 68 of the Complaint and therefore DENIES the allegations contained therein.

69.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 69 of the Complaint and therefore DENIES the allegations contained therein.

70.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 70 of the Complaint and therefore DENIES the allegations contained therein.

71.     Paragraph 71 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 71 of the Complaint and therefore DENIES the allegations contained therein.

72.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 72 of the Complaint and therefore DENIES the allegations contained therein.

902771v.1

73.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 73 of the Complaint and therefore DENIES the allegations contained therein.

74.     WGII DENIES each and every allegation of Paragraph 74 of the Complaint pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 74 of the Complaint and therefore DENIES the allegations contained therein.

75.     WGII DENIES each and every allegation of Paragraph 75 of the Complaint pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 75 of the Complaint and therefore DENIES the allegations contained therein.

76.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 76 of the Complaint and therefore DENIES the allegations contained therein.

77.     Paragraph 77 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 77 of the Complaint pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this

902771v.1

time concerning the remaining allegations of Paragraph 77 of the Complaint and

therefore DENIES the allegations contained therein.

78.    WGII is without sufficient information or knowledge at this time

concerning the remaining allegations of Paragraph 78 of the Complaint and therefore

DENIES the allegations contained therein.

79.    Paragraph 79 of the Complaint contains a legal conclusion to which no

response is required.  To the extent a response is required, WGII DENIES each and every

allegation of Paragraph 79 of the Complaint pertaining to WGII and DENIES that

Plaintiffs are entitled to the relief sought in the Complaint or to any other relief

whatsoever from WGII.  WGII is without sufficient information or knowledge at this

time concerning the remaining allegations of Paragraph 79 of the Complaint and

therefore DENIES the allegations contained therein.

80.    Paragraph 80 of the Complaint contains a legal conclusion to which no

response is required.  To the extent a response is required, WGII DENIES each and every

allegation of Paragraph 80 of the Complaint pertaining to WGII.  WGII is without

sufficient information or knowledge at this time concerning the remaining allegations of

Paragraph 80 of the Complaint and therefore DENIES the allegations contained therein.

81.    WGII DENIES each and every allegation of Paragraph 81 of the Complaint

pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the

Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient

information or knowledge at this time concerning the remaining allegations of Paragraph

81 of the Complaint and therefore DENIES the allegations contained therein.

902771v.1

82.     WGII DENIES each and every allegation of Paragraph 82 of the Complaint pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 82 of the Complaint and therefore DENIES the allegations contained therein.

83.     WGII DENIES each and every allegation of Paragraph 83 of the Complaint pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 83 of the Complaint and therefore DENIES the allegations contained therein.

84.     WGII DENIES each and every allegation of Paragraph 84 of the Complaint pertaining to WGII and DENIES that Plaintiffs are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 84 of the Complaint and therefore DENIES the allegations contained therein.

85.     Paragraph 85 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII admits that plaintiffs purport to demand a jury trial.

\*     \*     \*

To the extent that any response is required to the Prayer for Relief, WGII DENIES

each and every allegation contained therein.

WGII is entitled to, and hereby demands, a trial by jury on all issues so triable.

Dated:          December 5, 2007          Respectfully submitted,


*/s/Heather S. Lonian*
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

902771v.1

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Affirmative Defenses and

Answer of Defendant Washington Group International, Inc. to Plaintiffs' Complaint has been

served upon all counsel of record through the Court's CM/ECF system or by placing same in the

United States mail, postage prepaid and properly addressed, this 5th day of December, 2007.

*/s/Heather S. Lonian*

902771v.1