**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  KATRINA CANAL BREACHES                     CIVIL ACTION
CONSOLIDATED LITIGATION
                                                    NO. 05-4182

PERTAINS TO:        KATZ,  06-4155                  SECTION "K"(2)


**ORDER & REASONS**

Before the Court are the following motions:

(1)     Defendants Anthony J. Cemo ("Cemo") and State Farm Fire & Casualty Company's ("State Farm"), (collectively "the defendants")   Motion for Partial Summary Judgment to Dismiss Plaintiffs' Excess Flood Allegations (Doc. 6544);

(2)     Defendants' Motion to Exclude Testimony and Opinions of Haig Neville (Doc. 6546); and

(3)     State Farm & Casualty Company's Motion for Partial Summary Judgment on Plaintiff's Valued Policy Law Allegations. (Doc.  6543).

## BACKGROUND

This case arises from a dispute regarding insurance coverage of plaintiff's home, located at 5600 Marcia Avenue, New Orleans, Louisiana.   Plaintiff has brought suit against defendants State Farm and Cemo and alleges that her home suffered wind and flood damage as the result of Hurricane Katrina and plaintiff seeks recovery under her homeowner's policy, recovery for a total loss under the Louisiana Valued Policy Statute, and recovery against State Farm and Cemo for failure to offer, make available and provide information about and/or sell excess flood insurance to plaintiff.   The Court will address the motions *seriatim*.

## LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 137 (5th Cir.2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir.1995).

### 1.  DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS PLAINTIFF'S EXCESS FLOOD ALLEGATIONS

Plaintiff has filed no opposition to this motion and it appears to have merit; therefore, the Court **GRANTS** the motion.  The Court has previously held that an insurance company nor its' agent have a standing duty to advise an insured about excess flood insurance.  *Sullivan, et al v. State Farm Fire & Insurance Ins. Co.,* #06-0004 (E.D. La. 4/6/06).  Docs. 42, 44.  This is in line with a number of other cases decided in the Eastern District of Louisiana.  See e.g., *Whitehead v. State Farm Ins. Co., et al,* 2006 W.L. 3747520 (E.D. La. 12/15/06) (Berrigan, J.) , *Bilbe v. Belsome, et al,* 2006 W.L. 3388482(E.D. La. 11/21/06) (Barbier, J.).

### 2.   DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF HAGUE NEVILLE

Defendants' motion is **GRANTED**.  The plaintiff did not file an opposition to the motion to dismiss plaintiff's claim with reference to the failure to advise about excess flood insurance coverage.   The opinions set forth in Mr. Neville's report relate to that cause of action which has now been dismissed rendering his report and potential testimony moot.   Moreover, the opinion usurps  the purview of the Court as it is, in essence, a legal opinion concerning the duty of an insurance agent and, therefore, would have been stricken on that basis.

### 3.  STATE FARM & CASUALTY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S VALUED POLICY ALLEGATIONS

State Farm cites Judge Vance's opinion in *Chauvin v. State Farm and Casualty Company.*, 450 F.Supp. 2d 660 (E.D. La. 2006) which held that an insured is not entitled to cover the full face value of a policy when the property was not rendered a total loss by a covered peril.  Judge Vance's

opinion in *Chauvin* w**as** affirmed by the Fifth Circuit in *Chauvin v. State Farm and Casualty Company*, 495 F.3d 232 (5th Cir. 2007).

Plaintiff requests this Court to reserve ruling until the Louisiana Supreme Court or at least a state appeals court rules on the meaning of the Valued Policy Law Statute.

Subsequent to the submission of this matter, the Louisiana Third Circuit held that the valued policy law does not allow a plaintiff to recover the face value of the policy when a covered peril contributes to the loss unless the covered peril was the efficient proximate cause of the total loss. See *Landry v. Louisiana Citizens Property Insurance Company,* 964 So.2d 463, 2007-247 (La. App. 3 *Cir. 8/28/07).* Therefore, based on the United States Fifth Circuit's Affirmation of *Chauvin* and *Landry,* this Court **GRANTS** defendants' Motion for Partial Summary Judgment on Plaintiff's Valued Policy Law Allegations.

**CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations (Doc.  6544) is **GRANTED;**

**IT IS FURTHER ORDERED** that defendants' Motion to Exclude the Testimony of Haig Neville (Doc. 6546) is **GRANTED;**

**IT IS FURTHER ORDERED** that defendants' Motion for Partial Summary Judgment on Plaintiff's Valued Policy Law Allegations (Doc. 6543) is **GRANTED**.

4