UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182**<br><br>**SECTION "K" MAG "2"** |
| **PERTAINS TO:**<br>**INSURANCE (XAVIER UNIVERSITY OF LOUISIANA V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL**
**AS TO DENIAL OF APPEAL OF MAGISTRATE JUDGE WILKINSON'S**
**AUGUST 28, 2007 ORDER AND REASONS**

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Memorandum in Support of its Motion for New Trial as to Denial of Xavier's Appeal of Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons. For the reasons set forth more fully herein, any document production required by the August 28, 2007 Order and Reasons would be unduly burdensome to Xavier and an inefficient use of resources because Magistrate Judge Wilkinson's legal basis for ordering the production is the subject of intended writ applications to the Louisiana Supreme Court in *Sher v. Lafayette Insurance Co.*, a fact

which this Court has already held to be significant enough to warrant a stay of the Insurance Umbrella of these consolidated cases. Thus, Xavier requests that this Court grant this Motion for a New Trial and enter an order staying any document discovery required under Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons pending the Louisiana Supreme Court's decision in *Sher*.

**I.      FACTS AND PROCEDURAL HISTORY**

During the course of discovery in this matter, Travelers requested that Xavier produce documents relating, in part, to any information provided to any governmental or quasi-governmental entity, such as FEMA, HUD, the Small Business Administration, the Louisiana Recovery Authority, or the Department of Education, following Hurricane Katrina. Xavier objected to the requested production, and Travelers filed a motion to compel.

On July 12, 2007, Magistrate Judge Wilkinson denied Travelers' motion to compel as it related to the production of this information. *See* Record Doc. No. 6428. Travelers moved for reconsideration of this ruling. While Travelers' motion for reconsideration was pending before Magistrate Judge Wilkinson, the United States Fifth Circuit Court of Appeals issued its opinion overruling this Court's ruling that the purported "flood" exclusion contained in Travelers' "all risks" policy of insurance issued to Xavier was ambiguous and afforded coverage to Xavier for ground water inundation at its campus. *See In re Katrina Canal Breaches Litigation*, 2007 WL 2200004 (No. 07-30119, 5th Cir. Aug. 2, 2007).

After the Fifth Circuit declined to rehear the matter en banc or stay issuance of its mandate, Magistrate Judge Wilkinson issued the August 28, 2007 Order and Reasons granting Travelers Motion for Reconsideration. In pertinent part, Magistrate Judge Wilkinson held that, upon

consideration of the Fifth Circuit's ruling, "some reasonably producible that distinguishes between damage caused by flood and damage caused by other events that may be covered by the Travelers policy is now relevant." August 28 Order and Reasons at 4.

The August 28 Order and Reasons also addressed a motion to quash brought by Xavier related to certain subpoenae duces tecum issued to FoxCor and Landis. Travelers issued identical, broadly worded subpoenae to Landis, Xavier's general contractor, and FoxCor, Xavier's construction consultant. A copy of the subpoenae served on FoxCor and Landis are attached hereto as Exhibits 3 and 4, respectively.

Xavier moved to quash the subpoenae as it related to certain items of information requested by Travelers. In particular, Xavier moved to quash with respect to any information provided to FEMA or a quasi-government entity. Xavier further moved to quash the subpoenae to the extent they requested any information involving pre-Katrina information. Travelers opposed this motion.

In his August 28 Order and Reasons, Magistrate Judge Wilkinson granted in part and denied in part the motion to quash. Xavier was ordered to produce any information concerning Xavier's plans for capital improvements in the 18 months preceding Hurricane Katrina. He explained that such information may be relevant to the condition of the buildings damaged by the storm. Finally, Judge Wilkinson denied the motion to quash regarding any documents related to claims submitted to FEMA. Under the same reasoning asserted in granting the motion for reconsideration, Magistrate Judge Wilkinson concluded that such documents may reveal whether particular damage was caused by water inundation or wind. Thus, he held such information was discoverable.

Xavier timely filed its Appeal of the August 28, 2007 Order and Reasons (Record Doc. No. 7524) and requested that this Court overturn Magistrate Judge Wilkinson's ruling. While that

motion was pending before this Court, the Louisiana Fourth Circuit Court of Appeal issued its opinion in *Sher v. Lafayette Insurance Co.*, and held that the term "flood" as found in an insurance policy exclusion similar to the one at issue in the present case is ambiguous as a matter of law and should be strictly construed to exclude from coverage only those "floods" resulting from natural events.

On November 26, 2007, this Court convened a status conference to discuss the effect, if any, of the *Sher* court's ruling on the future of this consolidated litigation. Having been informed that the parties intended to seek review of the Fourth Circuit's decision by the Louisiana Supreme Court, this Court stayed all litigation in this consolidated insurance umbrella as it relates to the coverage issue concerning the so-called "food" exclusion. In connection with that stay order, the Court also denied various pending motions, including Xavier's Appeal of the August 28, 2007 Order and Reasons. The Court's denials did not address the substance of the parties' arguments, and the Court advised that the parties could re-urge their motions upon the Louisiana Supreme Court's ultimate adjudication of the issues presented to the Louisiana Supreme Court in *Sher*.

Pending the outcome of the Supreme Court's adjudication of *Sher*, Xavier submits that it would be manifestly unjust if it were required to produce the requested documents at this time when there are serious questions as to the relevancy of the documents to this case. This Court's November 26, 2007 Minute Entry was not an adjudication on the merits, and requiring production at this time would be unduly burdensome and an inefficient use of resources by Xavier if the Fourth Circuit's decision *Sher* is ultimately affirmed. The requested FEMA documents will be very voluminous, consisting of tons of thousands, if not hundreds of thousands, of pages. Accordingly, Xavier requests that this Court grant this motion and stay any order requiring production of the documents

ordered by Judge Wilkinson to be produced in his August 28, 2007 Order and Reasons.

## II. LAW AND ANALYSIS

As this motion is filed within 10 days of entry of the Court's judgment, it is properly considered under Rule 59 of the Federal Rules of Civil Procedure. *See Ruiz v. Allstate Ins. Co.*, 2007 WL 1068458 (E.D. La. Apr. 5, 2007). A motion may be granted under Rule 59(a) for the following reasons: (1) the availability of new evidence not previously available, and (2) the need to correct a clear error of law or prevent manifest injustice. *See Atkins v. Marathon LeTourneau Company*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

This Court should grant Xavier's motion to prevent manifest injustice in this case. Requiring production at this stage of the case when there is a significant legal dispute as to the relevance of the documents – a dispute which will ultimately be decided upon the Louisiana Supreme Court's resolution of the issues presented in *Sher* – would be unfairly burdensome and inefficient. The requested documents, particularly those documents regarding information provided to FEMA are **very** voluminous (file cabinets full of documents), and the production of these docuemnts would be a significant undertaking to produce them at this time. If the "flood" exclusion is held ambiguous, then the grounds supporting Judge Wilkinson's grant of Travelers' request reconsideration and subsequent order requiring production will no longer exist. The documents sought by Travelers will be plainly irrelevant for the reasons initially expressed by Magistrate Judge Wilkinson when he denied Travelers' motion to compel. Thus, compelling production at this time will be a waste of Xavier's resources if it were required to produce documents that may ultimately be determined to be wholly irrelevant and inadmissible.

For these reasons, Xavier requests that this Court grant its motion for a new trial and enter

an order staying any document production required by Magistrate Judge Wilkinson's August 28, 2007 and permitting either party to seek relief from the stay, including the right to re-urge Xavier's Appeal of Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons upon the Supreme Court's ultimate disposition of the *Sher* case.

### III.  CONCLUSION

For the foregoing reasons, Xavier respectfully requests that this Honorable Court grant this Motion for New Trial and stay any document production required by Magistrate Judge Wilkinson's August 28, 2007 Order and Reasons pending the Louisiana Supreme Court's disposition of *Sher*.

Respectfully Submitted:

/s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY OF LOUISIANA

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER