

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NUMBER: 05-4182 "K" (2) |
| PERTAINS TO: INSURANCE CASES | |
| | JUDGE DUVAL |
| 06-07660 | MAG. WILKINSON |

---

## COMPLAINANTS' RESPONSE TO DEFENDANT FEDERAL'S MEMORANDUM IN OPPOSITION TO COMPLAINANTS' MOTION FOR TRIAL BY JURY

### I.
### INTRODUCTION AND CHRONOLOGY

On September 26, 2007 complainants moved for trial by jury, a day after Defendant Federal filed its "Amended Answer and Affirmative Defenses to First Supplemental and Amending Complaint". The amended complaint had been filed on September 5, 2007. Accordingly, complainants' jury demand was filed within 10 days of service of Federal's last pleading, and under Federal Rule of Civil Procedure Rule 38(b) the demand is clearly timely.

This action was commenced with the filing of complainants' Petition in State Court on August 30, 2006. Following removal to this Court, Federal answered on November 28, 2006, and pursuant to a Status Conference before Magistrate Judge Joseph Wilkinson complainants exchanged with Federal their expert report from Driskill Environmental Consultants, L.L.C. In that report of August 9, 2007, Brent J. Driskill, an expert environmental consultant with expertise in mold remediation, concluded, pursuant to

1

____ Fee_____
____ Process_____
X  Dktd_____
____ CtRmDep_____
____ Doc. No_____

investigation of complainants' property at 5448 Dayna Court, that wind-driven rain had entered the structure, contaminating it with moisture and ultimately with fungal contamination.   Because wind-driven rain preceded the   intrusion of flood water complainants filed their First Supplemental and Amending Complaint setting forth the new issues pleaded on the basis of the Driskill report:

## I.
### 13A.
On August 29, 2005 wind-driven rain in advance of, during, and in the aftermath of Hurricane Katrina intruded into complainants' home at 5448 Dayna Court, resulting in significant damages to all areas and levels of the home.

### 13B.
The damages resulting from wind-driven rain are covered under the policy of insurance issued by defendant, Chubb Insurance Company ("Chubb"), to complainants, and those damages preceded the intrusion of water as the result of flooding of the first floor of the home.

### 13C.
Complainants' home was reasonably valued at, minimally, $1,100,000.00 prior to the damages resulting from Hurricane Katrina, including wind-driven rain, and as a result of those damages the home is now and has been a total loss.

## II.
Complainants reiterate the allegations of their initial complaint herein as if they were copied *in extenso*, including the recitation that defendant, Chubb, breached its insuring agreement with complainants.

## III.
Defendant's, ("Chubb"), breach of its insuring agreement with complainants was arbitrary and capricious, as a result of which complainants are entitled, in addition to the total loss of his home, to damages sounding in penalties and attorneys fees.

Federal answered the Supplemental and Amending Complaint, denying its allegations and, equally significantly, setting forth affirmative defenses - newly pleaded - which, if there was any doubt about it before, clearly defines new issues:

### 13A.
Federal admits that plaintiffs' residence suffered damages on August 29, 2005, but denies that all such damages are covered under the policy. Further answering, Federal states that it tendered payment to plaintiffs for

all covered damages but plaintiffs refused such tender. <u>To the extent that paragraph 13A contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13A.</u> (Emphasis supplied).

### 13B.

Federal states that the Federal policy contains the best evidence of its contents and coverages and denies any allegation inconsistent with those contents and coverages. <u>To the extent that paragraph 13B contains additional factual allegations, Federal denies each of</u> the remaining factual allegations in paragraph 13B. (Emphasis supplied).

### 13C.

Federal denies any allegations as to the pre-Katrina value of plaintiffs' residence for lack of sufficient information to justify a belief therein. <u>To the extent that paragraph 13C contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13C.</u> (Emphasis supplied).

### II.

To the extent that plaintiffs received flood damage proceeds under their flood insurance policy, plaintiffs are barred from recovering a second time for such damages under the doctrines of offset, assumption of obligations, performance and compromise.

### 12.

Plaintiffs' flood damages are excluded under the Federal policy as a matter of law. In re *Katrina Canal Breaches Litigation*, __ F.3d ___, 2007 WL 2200004 (5th Cir. August 2, 2007).

### 13.

Any Valued Policy Claim by plaintiffs is barred as a matter of law because plaintiffs did not suffer a total loss caused by a peril covered under the Federal policy. *Chauvin v. State Farm & Casualty Co., Et Al.*, ___ F.3d ___, 2007 WL 2230724 (5th Cir. August 6, 2007).

### 14.

Plaintiffs failure to provide information is a breach of their contractual duty to assist Federal in the adjustment process, which requires that plaintiffs provide Federal with all available information about their on a timely basis. Plaintiffs have not provided Federal with such information, and such breach of their contract completely precludes plaintiffs from recovering under the policy.

### 15.

Plaintiffs' failure to display their alleged damages is a breach of their contractual duty to assist Federal in the adjustment process, which requires that plaintiffs show Federal the damaged property when Federal asks. Plaintiffs prevented Federal from inspecting the second flood of the structure, informing the engineer there was no damage to it and locking the doors, thereby preventing access during the January 26, 2006 inspection, and such breach of their contract precludes plaintiffs from recovering under the policy for any such alleged damage.

### 16.

Plaintiffs' failure to mitigate damages is a breach of their contractual duty after a loss, which requires that plaintiffs protect their property from further

3

damage.   Plaintiffs have not provided Federal with any information regarding repairs to damage for which Federal tendered payment to plaintiffs' for all covered damages, which tender plaintiffs refused, and such breach of their contract precludes plaintiffs from recovering under the policy.

## II.
## MULTIPLE ISSUES SET FORTH BOTH BY COMPLAINANTS AND DEFENDANT FEDERAL RATIFY COMPLAINANTS' DEMAND FOR JURY TRIAL

The right to a jury trial is to be determined from the pleadings, *R. M. Bourne & Co. v. the Security National Bank, D.C. N. Y.1959, 23 F.R.D. 228; All American Airways, Inc. v. The Village of Cedarhurst, D. C. N. Y.1954, 15 F. R. D. 490,* but the Court must look at all of the pleadings in making this determination, including claims, defenses, counterclaims, and third party pleadings.  *Beacon Theatres, Inc. v. the Westover, 1959, 79 S.Ct. 948, 359 U. S. 500.* The form of word used in the pleadings or the label put on a claim in the pleadings is not decisive.  The Court must consider the nature of the issues of the case regardless of what they have been called by the pleader.  *Dairy Queen, Inc. 1962, 82 S.Ct.894, 900 U.S. 469, 477- 478; Armco, Inc. The Armco, Burglar Alarm , 1982, 693 F.2d 1155, 1158.*

Because there is a presumption against waiver of jury trial, it has been held that the burden of proof falls on the party seeking to enforce the waiver.  Accordingly, the district court has an obligation to indulge every reasonable presumption against the waiver of right to a jury.   *Granite Rock Co.  v.  International Brotherhood of Teamsters, D.C. Cal.2005, 402 F.Supp.2d 1120; RDO Financial Services Company v. Powell, D.C.Tex.2002, 191 F.Supp.2d 811.*

With the filing of an amended complaint raising new issues the district court properly grants the plaintiffs' motion for a jury trial on those issues.  *AMC Demolition Specialists, Inc. V. Bechtel Jacobs Co., D.C. Tenn.2005, 2005 WL 3240576.* "New issues" must relate to new issues of fact and not to new theories of recovery, *Durgin v. Crescent*

*Towing & Salvage, Inc., D.C.La.2002, 2002 WL 1022510, 4,* quoting *SAS Overseas Consultants & Asia Trading & Contracting, Ltd.   V.   Offshore Consultants, USA, Ltd., D.C.La.1998, 1998 WL 661475* although the right to revive a waiver of the jury is properly stated with an allegation of a significant increase in the relief sought through an amended complaint. *Financial Federated Tile & Trust, Inc. V. Kozyak, C.A.11th, 2002, 309 F.3d.*

A close examination of the supplemental and amending complaint in comparison with the original complaint indicates significant new factual issues, stemming in part from the Driskill report, aforementioned, from the recitation of value of the insured's home, and from the facts surrounding and supporting those allegations.

Paragraphs 13A and 13B provide that "wind-driven rain in advance of, during, and in the aftermath of Hurricane Katrina... (resulted) in significant damages to all areas and levels of the home... and those damages preceded the intrusion of water as the result of flooding of the first floor of the house." Accordingly, paragraphs 13A and 13B set forth for the first time the temporal relationship between water damage as a result of wind-driven rain and, subsequently, water damage as a result of flooding.

Paragraphs 4, 11, and 12 of the original petition, however, do no such thing, alleging simply "damages as a result of wind damage to the structure followed by the intrusion of rain water through the compromised structure" and "damages as a result of the inadequate and negligent construction of the levees ..." That wind-driven rain damages preceded subsequent flood damages is the critical new factual allegation set forth with clarity in the amended complaint, and it is upon that issue and the matrix of issues supporting and surrounding it that complainants are obviously entitled to a jury.

In paragraph 13C the value of complainants' home is set forth for the first time, $1,100,000.00 minimally, and, consistent with *Financial Federated Tile & Trust, Inc. v. Kozyak,* supra, the recitation of such significant damages support the jury request.

5

Perhaps the clearest indication of complainants' entitlement to the jury request can be found in defendant Federal's answer to the supplemental and amending complaint. At 13A and 13B defendant Federal answers:

- "Further answering, Federal states that it tendered payment to plaintiffs for all covered damages, but plaintiffs refused such tender." This is a new defense, not having been alleged before.

- "To the extent that paragraph 13A contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13A." Defendant Federal explicitly concedes here "the additional factual allegations" in the supplemental and amending complaint.

- "To the extent that paragraph 13B contains additional factual allegations, Federal denies each of the remaining factual allegations in paragraph 13B>" Defendant Federal explicitly concedes here "the additional factual allegations."

At paragraphs 12 and 13 of defendant Federal's answer to the supplemental and amending complaint defendant Federal invokes two cases decided only after the filing of the original state court petition herein, In re *Katrina Canal Breaches Litigation*, ____ F.3d ____, 2007 WL 2200004 (5th Cir. August 2, 2007) and *Chauvin v. State Farm & Casualty Co., Et Al.*, ____ F.3d ____, 2007 WL 2230724 (5th Cir. August 6, 2007) ."

In conclusion, a cursory reading of the original petition with the supplemental and amending complaint and defendant Federal's Answers indicates a plethora of issues as to which the jury trial request should be granted.

Respectfully submitted,

GEORGE F. RIESS, ESQ. (LA. BAR #11266)
LAW OFFICES OF GEORGE F. RIESS
& ASSOCIATES, L.L.C.
228 St. Charles Avenue, Suite 1224
New Orleans, Louisiana 70130
Telephone: (504) 568-1962
Facsimile:  (504) 568-1965
Email: georgeriess@riess-law.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on the _14_ day of _Nov_, 20_07_, I served the foregoing by ~~hand delivery~~ fax & mail.

_____
GEORGE F. RIESS, ESQ.

7