UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: | * | SECTION "K"(2) |
| *Katz*, C.A. 06-4155 | * | |

*******************************************

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO RECONSIDER AND VACATE ORDER

MAY IT PLEASE THE COURT:

Plaintiff Marlene Katz, through undersigned counsel, submits this Memorandum in Support of Motion to Reconsider and Vacate the Court's December 6, 2007 Orders granting defendants State Farm Fire and Casualty Company's ("State Farm") and Anthony Cemo's Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, and defendants' Motion to Exclude Testimony and Opinions of Haig Neville.

This case was originally allotted to Section "R." On June 25, 2007, plaintiff moved to transfer this action to Section "K" for consolidation with the *In Re Katrina Canal Breaches Consolidated Litigation.* On July 11, 2007, Judge Vance granted plaintiff's motion. Prior to consolidation, plaintiff filed a Second Unopposed Motion to Continue Hearing of Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, which

1

was granted by this Court on July 16, 2007. Accordingly, defendants' motion was reset for hearing on September 5, 2007. On July 17, 2007, this case was consolidated with Civil Action No. 05-4182, and all hearing dates were terminated.

Subsequently, on August 28, 2007, undersigned counsel attempted to file the attached Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations;[1] however, the ECF/PACER system neither recognized nor allowed such a filing under Civil Action No. 06-4155 or Civil Action No. 05-4182. According to the CM/ECF query for Deadlines/Hearings, the hearing dates in Civil Action No. 06-4155 were terminated, and no hearings for Civil Action No. 05-4182, pertaining to *Katz*, C.A. 06-4155, were reset. Thus, the ECF/PACER system would not allow undersigned counsel to file the attached Opposition.

Furthermore, according to this Court's Case Management And Scheduling Order No. 4, Section V(B), once this case was consolidated, counsel for defendants were required to schedule a status conference with the Court and counsel for plaintiff "[p]rior to filing a motion for summary judgment, including a motion for summary judgment . . . ." Thus, before resetting the hearing date for defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, counsel for defendants were required to schedule and appear for a status conference. No such status conference was scheduled or held, and the hearing date for defendants' motion was never reset. Even if the hearing date for defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations was reset (without notice to counsel for plaintiff), it was reset in violation of CMO No. 4. Plaintiff has thus been prejudiced

---

[1] Attached hereto (with original exhibits) as Exhibit 1.

by the lack of notice of a new hearing date for defendants' motion, and by defendants' failure to comply with the Court's Case Management And Scheduling Order No. 4.

Finally, undersigned counsel respectfully avers that the Court should reconsider defendants' Motion to Exclude the Testimony of Haig Neville, in light of the fact that plaintiff was prohibited from opposing defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations. Louisiana law recognizes that an insurance agent owes a fiduciary duty to the insured, and is liable for intentional or negligent breach of that duty. *Roger v. Dufrene*, 613 So.2d 947, 949 (La.1993). *See also Taylor v. Sider*, 765 So.2d 416, 418-19 (La.App. 4th Cir.2000); *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir.1990). An agent's fiduciary duty includes advising his client with regard to recommended coverage. *Barash v. Encompass Indemnity Co.*, 2006 WL 3791310, *4 (E.D.La.2006) (*citing Durham v. McFarland, Gay and Clay, Inc.*, 527 So.2d 403, 405 (La.App. 4th Cir.1988)). "When an agent has reason to know the risks against which an insured wants protection and has experience with the types of coverage available in a particular market, '[courts] must construe an undertaking to procure insurance as an agreement by the agent to provide coverage for the client's specific concerns.'" *Botnick v. Vigilant Insurance Co.*, 2006 WL 2947912 (E.D.La.10/13/2006) (*quoting Offshore Prod. Contractors*, 910 F.2d at 229 (internal citations omitted)). Furthermore, "**an agent may breach his duty to advise a plaintiff of needed flood insurance even if a plaintiff does not specifically request flood insurance**." *Id.*, (emphasis added). *See also Roby v. State Farm Fire and Casualty Co.*, 464 F.Supp.2d 572, 579 (E.D.La.2006).

In the instant case, plaintiff avers that she explicitly requested excess flood insurance and was told by her agent, defendant Tony Cemo, that excess flood insurance was not available,

either from State Farm or any other private insurer.  According to the testimony of Mr. Neville, a licensed insurance agent operating at the standard of care of other insurance agents in this area should know that excess flood insurance is and has been available on the private market for many years, and thus Mr. Cemo was operating below the applicable standard of care when he misrepresented to plaintiff that such coverage was not available.  Mr. Neville is qualified by his education, training and experience to give an expert opinion on the standard of care applicable to insurance agents, just as physicians are qualified to give an expert opinion on the standard of care applicable to other physicians practicing in the same field or sub-specialty.  Because plaintiff has been prohibited from opposing defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, and thus from bringing to this Court's attention the law applicable to the duties of an insurance agent, plaintiff respectfully avers that the Court should reconsider and vacate its Order granting defendants' Motion to Exclude the Testimony and Opinions of Haig Neville, because Mr. Neville's testimony is critical to establishing the standard of care applicable to insurance agents.

     For all of the foregoing reasons, and in the interests of avoiding a substantial injustice, plaintiff Marlene Katz urges this Honorable Court to reconsider and vacate the Orders entered on December 6, 2007, and to reset the hearing of defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, in order to allow plaintiff the opportunity to oppose this motion.

Respectfully submitted,


   /s/ Jeffery B. Struckhoff
**TERRENCE J. LESTELLE – 8540**
**ANDREA S. LESTELLE – 8539**
**JEFFERY B. STRUCKHOFF - 30173**
**LESTELLE & LESTELLE**
3421 N. Causeway Blvd, Ste. 602
Metairie, LA 70002
Telephone:  504-828-1224
Facsimile:  504-828-1229
**Attorneys for Plaintiff**
**Marlene Katz**


## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this 7th day of December, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are not CM/ECF participants.

   /s/ Jeffery B. Struckhoff
**Jeffery B. Struckhoff**