UNITED STATES DISTRICT COURT

EASTERN OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K"(2) |
| PERTAINS TO: *Mooney*, C.A. 06-4703 | * * | |
| ********************************* | * | |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

I.    FACTS

On August 25, 2006, Patrick S. and Rebecca Mooney (hereinafter "plaintiffs"), filed suit against State Farm Fire and Casualty Company (hereinafter "State Farm"), to recover damages under two separate homeowner's policies they purchased to insure their homes at 6964 Catina Street and 10 New Basin Way, both of which are located in the Lakefront area of New Orleans and both of which sustained serious wind and flood damage as a result of Hurricane Katrina. State Farm did not provide flood insurance to plaintiffs, and based on the allegations in plaintiffs' Complaint, it does not appear that the plaintiffs had flood insurance.

On February 2, 2007, plaintiffs and State Farm filed with this Court a Stipulation which stated that the sole controversy in this matter was whether or not the State Farm policies at issue

1

provided coverage for flooding as alleged in plaintiffs' Complaint or whether those damages were excluded under the State Farm policy language. The Stipulation further stated that the plaintiffs were not seeking any additional recovery from State Farm under the policies for wind damage, as State Farm previously made payments for alleged wind damage under the policies and those payments are no longer in dispute.[1]

## II.   STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Summary Judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56c. A genuine issue of material fact exists where a rational trier of fact could find for the non-moving party upon reviewing the record, as a whole. Calbillo v. Cavender Oldsmobile, Inc., 288 F.3d 721, 725 (5th Cir. 2002).

In establishing whether a genuine issue of fact is present, the moving party "bears the initial responsibility of informing the [court] of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id* at 323. Once accomplished, the burden shifts to the opposing party to "produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). The non-moving party "cannot avoid Summary Judgment ... by making 'conclusory allegations' or 'unsubstantiated assertions.'" 288 F.3d 721 at 725.

Therefore, Summary Judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1] Please see executed and filed Stipulation, Document Number 2993.

2

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 47 U.S. 317, 323 (1986).

## III.  LAW AND ARGUMENT

Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003). An insurance contract must be "construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." LSA-R.S. 22:654. Interpretation of an insurance contract generally involves a question of law. Bonin v. Westport Ins. Corp., 930 So.2d 906, 910 (La. 2006). "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." Cadwallader, 848 So.2d at 580.

The sole dispute in this matter is whether the State Farm policies at issue provide coverage for flood damage to plaintiffs' properties as they allege. This issue was recently decided by the Fifth Circuit Court of Appeals' holding in In Re: Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007), which affirmed the district court's holding in Gladys Chehardy, et al v. State Farm Fire and Casualty Company, et al, Civ. A. Nos. 06-1672, 06-1673, 06-1674 (USDC Eastern District), that the flood exclusion's "lead-in" clause within State Farm's policies removed any ambiguity and clearly excluded coverage for all floods, whether natural or not. The "lead-in" language which the district court relied on in Chehardy and which is contained in plaintiffs' policies in the instant matter, provides in part:

> "We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted

3

concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

c. **Water Damage,** meaning:

(1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;[2]

As in Chehardy, the plaintiffs here argue that despite exclusions in their insurance policies providing that damage caused by flood is not covered, they seek recovery for flood loss from State Farm. They claim that their losses were covered since they were insured under an all-risk policy which covered such perils. In addition, they claim that "any damages attributable to the levee failures are the result of improper and/or negligent design, construction, [or] maintenance of the levees by various third parties and/or third party negligence," which was beyond their control, and that the policies' flood exclusions are ambiguous because they do not clearly exclude coverage for an inundation of water induced by negligence.

The Fifth Circuit stated in In Re: Katrina Canal Breaches Litigation that even if the plaintiffs could prove that the levees were negligently designed, constructed, or maintained and that the breaches were due to negligence, the flood exclusions in the plaintiffs' policies unambiguously precluded their recovery. Regardless of what caused the levees to breach, the failure of the levees resulted in a widespread flood which damaged the plaintiffs' property. The Court found this event to be specifically excluded from the plaintiffs' insurance policies, and under Louisiana law, the Court was bound to enforce the unambiguous terms of the plaintiffs'

---

[2] Please see plaintiffs' homeowner's policy for the property located at 6964 Catina Street, New Orleans, Louisiana, attached hereto as Exhibit "A," and plaintiffs' builder's risk policy for 10 New Basin Way, New Orleans, Louisiana, attached hereto as Exhibit "B."

4

insurance contracts as written. Therefore, the plaintiffs were not allowed to recover under their policies.

As the facts and allegations in both <u>Chehardy</u> and the instant matter are almost identical, the same result should occur here. The damage to plaintiffs' home was caused by flood, which is unambiguously excluded from their insurance policies. Therefore, there is no question that plaintiffs can recover any additional damages under their insurance policies.

## IV.  CONCLUSION

In accordance with the Fifth Circuit's recent decision, there is no coverage for plaintiffs' damages under the State Farm policies at issue and therefore State Farm is entitled to summary judgment as a matter of law.

Based on the foregoing and the attached exhibits, State Farm respectfully requests that this Honorable Court grant its Motion for Summary Judgment and dismiss the Plaintiffs' complaint with prejudice.

Respectfully submitted,

*/s/ Wm. Ryan Acomb*
**WM. RYAN ACOMB (16780)**
**MICHELE L. TROWBRIDGE (30974)**
**STACEY G. ROLAND (31308)**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130-3774
Telephone:  (504) 581-3838

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by electronic filing, facsimile transmission, hand delivery, or by mailing same by United States Mail, properly addressed and first class postage prepaid, on December 7, 2007.

/s/ *Wm. Ryan Acomb*
WM. RYAN ACOMB
MICHELE L. TROWBRIDGE
STACEY G. ROLAND