UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHUDD & ARVIS ABRAM, ET AL** | * | **CIVIL ACTION: 07-5205** |
| | * | |
| | * | **JUDGE STANWOOD R. DUVAL, JR.** |
| **VERSUS** | * | |
| | * | **SECTION "K"** |
| **AAA INSURANCE, ET AL** | * | |
| | * | **MAGISTRATE 2** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF
### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT**, in support of its Motion to Dismiss, State Farm Fire & Casualty Company ("State Farm") respectfully avers as follows:

**I.   BACKGROUND**

**A.   Procedural History**

Plaintiffs filed suit against State Farm and numerous additional insurance companies on August 29, 2007. Plaintiffs' suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment under individual State Farm homeowners policies. Plaintiffs' claims arise out of property damage allegedly sustained as a result of Hurricane Katrina.

**B.     The Plaintiffs' Complaint – The Plaintiffs Only Seek Recovery For Excluded Water Damage**

The plaintiffs allege that each of the plaintiffs' properties suffered substantial damage caused by "wind, wind driven rain, storm surge, overflowing of canals **and** breach of levees." Plaintiffs' Complaint ¶ 4, (Rec. Doc. 1) (emphasis added).  Further, the plaintiffs allege that the "flood waters from nearby levee breaches" damaged each of the properties and that the flooding from the levee breaches was "man-made flooding and not natural flooding," and therefore covered under each of the plaintiffs' respective homeowners policies.  Plaintiffs' Complaint ¶ 5, (Rec. Doc. 1).

The plaintiffs allege that as "a result of the aforesaid events Defendant was required to pay each Plaintiff his/her **policy limit**" on all coverages under each of the policies.  Plaintiffs' Complaint ¶ 6, 10 (Rec. Doc. 1) (emphasis added).  The plaintiffs assert:

> Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid **limit payments**.  Instead, **Defendant made only partial payment based upon wind and wind driven rain** *alone*.
> Plaintiffs' Complaint ¶ 6 (Rec. Doc. 1) (emphasis added).

In other words, the plaintiffs acknowledge that State Farm made payments for covered losses caused by wind and wind driven rain, and now solely seek recovery of the full policy limits based on the allegation that State Farm was also obligated to pay for water damage caused by "overflowing of canals and breach of levees."  Plaintiffs' Complaint ¶ 4, 5 and 6 (Rec. Doc. 1).  Indeed, the plaintiffs nowhere in the Complaint seek recovery of additional partial payment for alleged unpaid wind damage.  Instead, plaintiffs exclusively seek recovery of the *full policy limits*.  Plaintiffs' Complaint ¶ 10 (Rec. Doc. 1).  Nor do they allege anywhere that wind or wind

driven rain was the sole or primary cause of the properties being rendered a total loss but rather state the destruction was due to wind *and* flood.  Plaintiffs' Complaint ¶ 4 (Rec. Doc. 1).

In addition to the plaintiffs' claims under the terms of the policies, plaintiffs seek general damages, as well as damages, penalties and attorney's fees under La. R.S. §§ 22:658 and 22:1220.  Plaintiffs' Complaint ¶ 7 (Rec. Doc. 1).

As will be shown below, the plaintiffs have failed to state a cause of action.  The plaintiffs seek coverage under their homeowners polices for damage caused by flood, an excluded peril under the terms of each of the plaintiffs' policies.  Further, with respect to the plaintiffs' claims under the Valued Policy Law ("VPL"), even if the plaintiffs' allegations are somehow interpreted to seek recovery for damages sustained by wind, the plaintiffs' claims still fail as the plaintiffs do not allege they each suffered a total loss due to a covered peril, i.e., wind, as required to prevail under La. R.S. 22:695, but rather acknowledge flooding was the substantial cause of the loss.  Finally, as a result of plaintiffs' failure to state any substantive breach of contract claims, their ancillary claims for penalties under La. R.S. §§ 22:658 and 22:1220 also fail as a matter of law.  Accordingly, all of the plaintiffs' claims against State Farm should be dismissed with prejudice.

## II.     STANDARD FOR 12(b)(6) MOTION

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal for failure to state a claim is warranted if it appears certain that plaintiffs cannot prove a plausible set of facts in support of their claim that would entitle them to relief.  *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (U.S.,2007)**;** *Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395 (5th Cir.2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp*, 127 S.Ct. at 1964 -1965, citing Rule 12(b)(6) and *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The court should accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiffs. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (C.A.5 (La.), 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation,* 495 F.3d at 205, citing *Bell Atl. Corp.* at 1965.

### III.  LAW AND ARGUMENT

#### A.  Property Damage Caused By Flood Is Not Covered Under Plaintiffs' Policies

As previously mentioned, plaintiffs assert that "flood waters from nearby levee breaches" damaged each of the plaintiffs' properties and that said flooding was "man-made flooding and not natural flooding," and therefore covered under each of the plaintiffs' respective homeowners policies. Plaintiffs' Complaint ¶ 5. These very assertions have been specifically rejected by this court and the U.S. Fifth Circuit and therefore cannot be construed to present claims upon which relief can be granted. *See*, *In re Katrina Canal Breaches Consolidated Litigation*, 466 F.Supp.2d 729, 762 -763 (E.D.La.,2006), affirmed in pertinent part, *In re Katrina Canal Breaches Litigation*, 495 F.3d at 224.

Each of the plaintiffs' State Farm policies contains a clearly-worded exclusion which explicitly precludes coverage for damages caused by flooding. State Farm's flood exclusion states:

**SECTION I – LOSSES NOT INSURED**
...

(2) We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

....
c. Water Damage, meaning:

(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not ....[1]

This court has directly held that the State Farm water damage exclusion, found in State Farm's homeowners policies, unambiguously precludes coverage for property damage that occurred during Hurricane Katrina that was caused by flooding due to breached levees, levee overflow and/or storm surge. *In re Katrina Canal Breaches Consolidated Litigation*, 466 F.Supp.2d at 762 -763; *Cochran, et al. v. State Farm Fire and Casualty Company, et al.*, 2007 WL 3244753, at *1 (E.D.La. 2007) ("The [State Farm] flood exclusion provision in the Cochrans' insurance policy excludes damage caused by flood."); *Bilbe v. Belsom*, 2007 WL 2042437, at *4 (E.D.La. 2007) ("State Farm's water damage exclusion clearly and

---

[1] *See In re Katrina Canal Breaches Consolidated Litigation,* 466 F.Supp.2d at 742. Because the plaintiffs' Complaint offers no guidance as to which plaintiffs are suing which of the defendant-insurers, it is impossible for State Farm to provide the Court with the certified policies at issue in the case. However, State Farm submits that its homeowners policies all contain flood exclusions virtually identical to the exclusion cited above.

unambiguously excludes damage for all flooding...," including flooding from Hurricane Katrina storm surge).  This court's ruling in *In Re Katrina Breaches Consolidated Litigation* regarding State Farm's flood exclusion was affirmed by the U.S. Fifth Circuit.  *In re Katrina Canal Breaches Litigation*, 495 F.3d at 214.

In *In re Katrina Canal Breaches Consolidated Litigation*, Your Honor analyzed the specific issue of whether the flood exclusion found in State Farm homeowners policies precluded coverage for losses caused by flooding due to the breaching of the levees and overflowing of the canals during Hurricane Katrina.  *See generally, In re Katrina Canal Breaches Consolidated Litigation,* 466 F.Supp.2d 729.  This Court found that the lead in language found in the State Farm flood exclusion:

> [M]akes it clear that regardless of the **cause** of the flooding, there is no coverage provided for any flooding 'regardless of the cause.' Such language is clear to the Court and as such, the Court must find that the State Farm policy as written excludes coverage for all flooding. *Id.* at 762-763.

On appeal, the U.S. Fifth Circuit affirmed this Court's decision regarding State Farm's flood exclusion, but further analyzed the issue of whether the flood exclusion found in other insurers wind policies precluded coverage for losses caused by flooding due to the breaching of the levees and overflowing of the canals during Hurricane Katrina.  See generally, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191.  The Court found that regardless of whether the levees were breached because they were negligently designed, constructed, or maintained, the resulting event, whether natural or unnatural, fit squarely within the generally prevailing meaning of term "flood," and any damage caused by the flooding, therefore, was excluded from coverage under the policies.  *In re Katrina Canal Breaches Litigation,* 495 F.3d at 214-218.

Here, as in *In re Katrina Canal Breaches Litigation*, any damage caused by flooding that resulted from levee breaches, the overflow from the canals and/or storm surge is unambiguously excluded from coverage under the plaintiffs' State Farm policies.  Accordingly, the plaintiffs have failed to state a claim for breach of contract as they exclusively seek coverage for their property damage resulting from a non-covered peril - flooding.  Therefore, the plaintiffs' claims must be dismissed.

  **B.**  **Plaintiffs Have Not Stated A Claim Under the VPL As They Did Not Allege And Cannot Allege They Suffered A Total Loss Caused By A Covered Peril**

To state a claim under Louisiana's VPL, an insured must allege that he suffered a total loss caused by a covered peril.  *Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232, (C.A.5 (La.),2007); *Richards' Realty Company, L.L.C., et al. v. Paramount Disaster Recovery, Inc. et al.*, Case No. 06-2396, 11/13/07 Order Granting Motion to Dismiss, (E.D. La. Nov. 13, 2007) (Vance, J.), attached hereto as Exhibit "2."  Louisiana's VPL provides, in pertinent part:

> A. Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, *in the case of total loss the insurer shall compute and indemnify or compensate any **covered** loss of, or damage to, such property* which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefore, shall set forth in type of equal size, the actual method of such loss computation by the insurer ....  La. R.S. §22:695(A) (emphasis added).

Thus, the statute obligates an insurer to pay the insured the policy limits for the structure only when: (1) the property is rendered a total loss, and (2) said total loss was caused by a covered peril.

In *Chauvin v. State Farm Fire & Casualty Co.*, 450 F. Supp. 2d 660 (E.D. La. 2006), Judge Vance recently analyzed the issue of whether the VPL mandates that an insurer pay the full value of the property stated in the policy in the event that a total loss occurs caused by both a covered and non-covered peril. The issue came before the court after the defendant-insurers brought a motion to dismiss the insureds' claims under the VPL for property damages resulting from both a covered peril (wind) and a non-covered peril (flood). The court concluded that, "…Louisiana's Valued Policy Law does not apply when a total loss is not caused by a covered peril. Consequently, plaintiffs' claims under the VPL that are predicated on this theory must be dismissed." *Chauvin*, 450 F.Supp.2d at 669. The court reasoned that if the VPL had the meaning the plaintiffs ascribed to it, an insured with a valued policy that covered wind damage but excluded damage caused by flood could recover the full value of his policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water. *Id.* at 666. According to the court, such application of the statute would lead to absurd results. *Id.* On appeal, the U.S. Fifth Circuit affirmed Judge Vance's decision. *See Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232, (C.A.5 (La.),2007).

Similarly, in *Richards' Realty Company,* Judge Vance granted the defendant-insurer's (Pacific Insurance Company, Ltd.) Motion to Dismiss the plaintiffs' claims seeking policy limits under the VPL because the plaintiffs did not allege they suffered a total loss by a covered peril and admitted in their complaint that some of their damage was caused by flooding. *Richards' Realty Company* at Pages 4-5.[2]

---

[2] The U.S. District Court, Western District of Louisiana issued a similar ruling in *Turk v. Louisiana Citizens Prop. Ins. Corp.*, 2006 WL 1635677 (W.D. La. 2006). There, the court held that:
> [B]ecause the homeowner policies at issue exclude coverage for damage caused by flood water, and thus the policyholders did not pay a premium for flood coverage under their homeowner policies, La. R.S. 22:695 cannot be construed to require [the insurers] to pay the policy limits under their respective policies when the insured property was rendered a total loss, in whole or in

Here, as in *Chauvin* and *Richards' Realty Company*, the plaintiffs have not stated that they suffered a total loss from a covered peril – wind. To the contrary, like the plaintiffs in *Chauvin* and *Richards' Realty Company*, the plaintiffs here admit that portions of their respective losses were attributable to flood, which, as previously explained, is a non-covered peril. Plaintiffs' Complaint ¶ 4-5 (Rec. Doc. 1). Specifically, plaintiffs assert they sustained substantial damage to their property caused by "wind, wind driven rain, storm surge, overflowing of canals and breach of levees," and that "flood waters from nearby levee breaches damaged each Plaintiff's real property." Plaintiffs' Complaint ¶¶ 4-5 (Rec. Doc. 1).

Further, plaintiffs allege that State Farm was required to pay each plaintiff his or her policy limits for all coverages (structure, other structures, contents, debris removal and loss of use) pursuant to Louisiana's VPL, but that State Farm instead made only partial payment for the property damage caused by "wind and wind-driven rain alone" and not for the property damage caused by the flooding resulting from the overflowing of canals and levee breaches. Plaintiffs' Complaint ¶ 6 (Rec. Doc. 1). These allegations are self-defeating. Plaintiffs admit in their Complaint that State Farm has paid them for all losses covered under the respective policies, i.e., losses caused by wind and wind-driven rain, and that the only losses for which payment has not previously been made are those non-covered losses caused by an excluded peril, i.e., flood. *Id*. Accordingly, the plaintiffs have failed to state a claim under Louisiana's VPL and the plaintiffs' claims should be dismissed.[3]

---

part, by a non-covered peril such as flood waters, rather than in whole by a covered peril such as wind damage. *Id.*

[3] Moreover, despite the plaintiffs' claims under the VPL for the full policy limits for each of the individual coverages (structure, other structures, contents, debris removal and loss of use) under the respective policies, recovery under the VPL, if any, is limited to immovable property. Under no circumstances could plaintiffs recover policy limits for contents and loss of use pursuant to the VPL.

### C.     Plaintiffs' Claims For Statutory Penalties Must Be Dismissed

The only basis for plaintiffs' claims for penalties under La. R.S. §§ 22:658 and 22:1220 is that State Farm breached its contract with the plaintiffs. As explained above, the plaintiffs have failed to state a viable claim for breach of contract. Accordingly, their claims for penalties must also be dismissed. *Richards' Realty Company* at Page 6 ("Because plaintiffs have not alleged a viable breach of contract claim, these allegations [claims for penalties pursuant to La. R.S. §§ 22:658 and 22:1220] must also be dismissed."), citing *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So.2d 83, 85 (La. App. 1995) ("a plaintiff attempting to base her theory of recover against an insurer on [La. R.S. §§ 22:658 and/or 22:1220] must first have a valid, underlying, substantive claim upon which insurance coverage is based."); *Phillips v. Patterson Ins. Co.,* 813 So. 2d 1191, 1195 (La. App. 2002).

## IV.    CONCLUSION

As the U.S. Fifth Circuit held, flooding caused by the levee breaches, canal overflow and/or storm surge which occurred during Hurricane Katrina is an excluded peril under the applicable State Farm homeowners polices. Thus, plaintiffs' claims for breach of contract for failure to pay for losses caused by such flooding are unfounded. Further, as both this court and the U.S. Fifth Circuit have held, Louisiana's VPL does not require State Farm to pay the face value of each of the plaintiffs' policies for the losses *plead by the plaintiffs* as being caused by flood, a non-covered peril. The VPL applies only when there is a total loss to immovable property caused by a covered peril. Accordingly, plaintiffs have failed to state a claim for breach of contract. Furthermore, since the plaintiffs failed to state a valid claim for coverage, their ancillary claims for penalties under La. R.S. §§ 22:658 and 22:1220 must also be dismissed.

For the foregoing reasons, State Farm respectfully requests that this Court grant its Motion to Dismiss with prejudice all of the plaintiffs' claims against State Farm pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, at the cost of the plaintiffs.

>Respectfully submitted,
>
>**/s/ David A. Strauss**
>DAVID A. STRAUSS **(T.A.)** #24665
>CHRISTIAN A. GARBETT, SR. #26293
>SARAH R. SHANNAHAN # 30957
>KING, LEBLANC AND BLAND, P.L.L.C.
>201 St. Charles Avenue, Suite 4500
>New Orleans, Louisiana 70170
>Telephone: (504) 582-3800
>Facsimile:  (504) 582-1233
>*Attorneys for State Farm Fire and Casualty Company*

**Exhibit 1** – *Richards' Realty Company, L.L.C., et al. v. Paramount Disaster Recovery, Inc. et al.*, Case No. 06-2396, 11/13/07 Order Granting Motion to Dismiss, (E.D. La. Nov. 13, 2007) (Vance, J.).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 10th day of December, 2007.

>**/s/ David A. Strauss**
>**DAVID A. STRAUSS**