UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:   KATRINA   CANAL   BREACHES CONSOLIDATED LITIGATION | * <br> * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * |
| PERTAINS TO:  MRGO, BARGE <br>         No. 06-4389 <br>         No. 07-3500 | * <br> * JUDGE DUVAL <br> * <br> * MAGISTRATE WILKINSON <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

MEMORANDUM IN SUPPORT OF DEFENDANT
WASHINGTON GROUP INTERNATIONAL, INC.'S
MOTION FOR SANCTIONS AGAINST MR. ASHTON O'DWYER

By now, this Court is intimately familiar with plaintiffs' counsel, Mr. Ashton O'Dwyer's, hyperbolic rhetoric, baseless arguments, and generally unprofessional conduct. *See, e.g.,* Order and Reasons, July 19, 2006 (Doc. No. 788), at 5 n.7 (stating that Mr. O'Dwyer's complaint "contains an inordinate amount of irrelevant rhetoric which has no place in any legal pleading. Counsel for plaintiffs is on notice that any further diatribes . . . will not be tolerated and may subject him to sanctions"); Order, Mar. 29, 2007 (Doc. No. 3599), at 1-2 (ordering Mr. O'Dwyer to show cause why sanctions should not be assessed against him for unprofessional comments made in email correspondence to fellow plaintiffs' counsel); Order and Reasons, April 3, 2007 (Doc. No. 3666), at 8 (finding that "Mr. O'Dwyer's actions have consistently caused undue expense and time in contravention of Fed. R. Civ. P. 11 . . . . His motion to Disqualify filed in response to the Motion for Sanctions was another meritless pleading."). The supplemental memoranda that Mr. O'Dwyer belatedly filed in opposition to Defendant

Washington Group International, Inc.'s ("WGII") motions to dismiss are no different. *See* Certain Pls.' Supplemental Mem. In Opp to Motion(s) to Dismiss, Nov. 8, 2007 (Doc. No. 8954-1) ("Supp. Mem."); Certain Pls.' Second Supplemental Mem. In Opp. to Motion(s) to Dismiss, Nov. 13, 2007 (Doc. No. 9013-1) ("Second Supp. Mem."). In them, Mr. O'Dwyer *twice* accuses WGII's counsel of negligently or intentionally misrepresenting to this Court during a June 13, 2007 hearing the nature of WGII's activities in the East Bank Industrial Area ("EBIA"), *see* Supp. Mem. (Doc. No. 8954-1) at 6 and Second Supp. Mem. (Doc. No. 9013-1) at 2-4. Even though he was not present, Mr. O'Dwyer makes these accusations by citing to the transcript of the hearing, which indicates he has no excuse for not accurately representing what was said. Further, Mr. O'Dwyer admits that he had not reviewed the 40 boxes of documents that WGII produced to plaintiffs (more than a year ago) regarding its work in the EBIA. *See* Supp. Mem. (Doc. No. 8954-1) at 10 (noting that counsel has been "denied documents in the hands of Plaintiffs' Liaison Counsel"); Second Supp. Mem. at 2 (Doc. No. 9013-1) (referring to "several hundred, if not thousands, of documents" relating to WGII that counsel apparently received for the first time just hours prior to filing his second motion for leave).

    Accordingly, pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Code of Professionalism adopted by the Judges of the Eastern District of Louisiana, WGII respectfully submits the following memorandum in support of its motion for monetary sanctions against Mr. O'Dwyer. WGII also requests that Mr. O'Dwyer's baseless allegations against WGII's counsel be stricken from the record.

## ARGUMENT

As this Court pointed out in its previous order sanctioning Mr. O'Dwyer, "'Rule 11 of the Federal Rules of Civil Procedure requires that every paper signed and filed during the course of proceedings be well-grounded in fact and warranted by law.'" April 3, 2007 Order (Doc. No. 3666), at 3 (quoting *McLaurin v. Werner*, 909 F. Supp. 447, 456 (S.D. Miss. 1995)). Mr. O'Dwyer's scurrilous attacks on WGII's counsel are grounded in neither. Instead, they are supported by out of context excerpts of a hearing transcript and out of context portions of various WGII documents. *See* Supp. Mem. (Doc. No. 8954-1) at 5-6 & n.2; Second Supp. Mem. (Doc. No. 9013-1) at 2-3. *See also* WGII's Opposition to Certain Plaintiffs Motion to Leave to File Supplemental Opposition (Doc. No. 8975) ("WGII Opp."), at 3-4.

At the June 13, 2007 hearing on WGII's motion to dismiss, counsel for WGII, Ms. Julia McEvoy, argued that even assuming that the well-plead allegations of the MRGO Master Consolidated Complaint were true, the MRGO plaintiffs had failed to allege that WGII owed a duty to plaintiffs to ensure against the acts or omission of the United States or any other entities alleged to be responsible for the integrity and maintenance of the levees and floodwalls. Hearing Tr. at 38. To that end, Ms. McEvoy simply pointed out the incontrovertible fact that the MRGO plaintiffs had *not* alleged in their complaint that WGII provided engineering services for the USACE in connection with the operation or maintenance of any levees and floodwalls bordering the Industrial Canal.

> First, Washington Group was not asked to work on the levee or floodwall, or to evaluate the integrity or maintenance of those structures. Rather, according to Paragraph 41 of the complaint, Washington Group was asked by the Corps to, quote, remove the wharfage, salvage, debris and other materials from the Industrial Canal and/or its banks.

> Second, the complaint leaves responsibility for engineering, evaluation and maintenance of the flood protection structures squarely at the feet of the Corps. Holding the Washington Group to the standards of the civil engineers for whom Washington Group worked would require expertise that Washington Group was simply not asked to provide.

Hearing Tr. at 31. *See* MRGO Compl. ¶¶ 39-45.

Mr. O'Dwyer—in a mischaracterization of Ms. McEvoy's argument—conveniently quoted an incomplete portion of counsel's argument when he claimed that Ms. McEvoy told the Court that WGII did not provide any engineering services to the USACE during its work in the EBIA. *See* Second Supp. Mem. (Doc. No. 9013-1) at 3 (". . . that they [WGII] were not asked to perform engineering services."). But in fact, in accordance with her statements, quoted above, Ms. McEvoy's complete statement on this point was: "I note *again* that Washington Group was not asked to work on the levees. *Plaintiffs have not alleged that it did, and* they were not asked to perform engineering services." Tr. at 33-34 (emphasis added). Counsel's point, again, was that the plaintiffs had not alleged, and WGII had not performed, engineering services in connection with the flood control structures along the Industrial Canal. *Id.* at 31, 33-34.

Similarly, in his first supplemental memorandum, Mr. O'Dwyer claimed that Ms. McEvoy "misrepresented to the Court that ' . . . that they [WGI] were not asked to perform engineering services,'" when in fact WGII had contracted with the Corps to perform a "Design/Build" contract that necessitated "professional engineering" services. Supp. Mem. (Doc. No. 8954-1) at 5 (quoting Hearing Tr. at 33-34) (alterations in original); *id.* at 6 (Ms. McEvoy's statements were "misleading at best, and false at worst"). In response to this serious and completely baseless allegation, WGII responded, among other things, that its counsel had represented during the hearing only that plaintiffs' complaints "left 'responsibility for

4

engineering, evaluation, and maintenance of the *flood protection structures* squarely at the feet of the Corps,'" and "'holding the Washington Group to the standards of the civil engineers for which it worked would require expertise that Washington Group was simply not asked to provide.'" *See* WGII Opp. at 3-4 (Doc. No. 8975)(emphasis added).

Notwithstanding WGII's explanation, in his second and most recent memorandum, Mr. O'Dwyer refused to "apologize for the ad hominem attack on WGI's counsel," and continued his meritless attack. Second Supp. Mem. (Doc. No. 9013-1) at 2-4. Ironically, the June 1, 1999 "Statement of Work" document, which Mr. O'Dwyer selectively quoted to the Court in his latest memorandum, is entirely *consistent* with Ms. McEvoy's June 13, 2007 argument. *Id.* at 2. Mr. O'Dwyer quoted from The Statement of Work, which he obviously had read, and his quote states in relevant part that WGII agreed to provide the USACE "'engineering services'" for the limited period of June 21, 1999 to September 30, 1999, "'associated with the demolition and remediation of the east *bank* of the Inner Harbor Navigation Canal'" only. *See* Second Supp. Mem. (Doc. No. 9013-1) at 2 (Emphasis added.). Neither the Statement of Work, nor any of the other documents in WGII's voluminous production, suggest that WGII was asked to, required to or even had the geotechnical expertise needed to conduct engineering services of any kind associated with flood control structures along the Industrial Canal.

Rule 11 requires a lawyer making representations to the Court to conduct a reasonable inquiry into the facts, and to have "evidentiary support" for allegations and other factual contentions. Fed. R. Civ. P. 11(b); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). But here, Mr. O'Dwyer did not review even the most basic contract documents related to WGII's work in the EBIA before lodging very serious accusations about

5

WGII and its counsel *twice* with this Court.[1] Thus, monetary sanctions under Rule 11 are appropriate. *See Mercury Air Group*, 237 F.3d at 548 (awarding reasonable attorneys' fees and expenses for violation of Rule 11).

Finally, the Court already has warned Mr. O'Dwyer that the Code of Professionalism adopted by this Court requires a lawyer to "'conduct [himself] with dignity, civility, courtesy and a sense of fair play" and that a lawyer must "not engage in personal attacks on other counsel or the court.'" Order, Mar. 29, 2007 (Doc. No. 3599), at 1. Mr. O'Dwyer has repeatedly violated this Code in its dealings with WGII and its counsel. *See supra* (admittedly making "ad hominem attacks on WGI's counsel"); Supp. Mem. at 5 (accusing WGI counsel of "misrepresent[ing] what her client was asked to do"); Pls.' Mem. In Opposition to Mot. to Dismiss, Oct. 23, 2007 (Doc. No. 8599), at 1 ("Just who does Washington Group International think it is?"); June 27, 2007 email from A. O'Dwyer to W. Treeby, et al., Ex. 1 ("I fully anticipate that one or more of the parties sued in No. 07-3500, including particularly counsel for WGI, will file Motion for Sanctions against me, personally."). In fact, two nights ago, in an email exchange with WGII's counsel, Mr. Treeby, Mr. O'Dwyer continued to harass and insult WGII, its counsel, and most egregiously, this Court:

---

[1] Indeed, on November 13, 2007, after filing his first supplemental memorandum, and hours before filing his second one, Mr. O'Dwyer received, apparently for the first time, a copy of WGII's contract with the USACE, a copy of the relevant Task Order, and fifty-seven related Task Order modifications. Based on a cursory reading of the first twenty-five pages, Mr. O'Dwyer admittedly "discovered" the June 1999 Statement of Work "quite by accident," and proceeded to file his unsubstantiated memorandum, without even reviewing the subsequent Task Order modifications. *See* Email from A. O'Dwyer, Nov. 14, 2007, Ex. 2.

> I agree that the argument(s) I have made about certain representations made in Open Court on 6/13/07 are of a type that invite 'retribution.' Well, here I am! If you and Ms. McElvoy [sic] care to attempt to explain what I view as a crystal clear discrepancy, I will place myself at your disposal. . . . I have sued Charles Plattsmier and Justice Kitty Kimball in my personal litigation (Civil Action No. 06-7280), and *believe Judge Duval cannot be "fair and impartial" when it comes to me, so who are you going to report me to*?

Email from A. O'Dwyer to W. Treeby, Nov. 14, 2007, Ex. 3 (emphasis added).

For the foregoing reasons, WGII respectfully seeks sanctions in an amount at least equal to the time counsel expended responding to Mr. O'Dwyer's unsubstantiated and malicious attacks against WGII and its counsel. In addition, WGII requests that Mr. O'Dwyer's baseless allegations against WGII's counsel be stricken from the record.

Dated: November 16, 2007

Respectfully submitted,

*/s/ William D. Treeby*

William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
   Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Washington Group
International, Inc.

Of counsel

Adrian Wager-Zito
Julia E. McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-4645
Facsimile: (202) 626-1700

900767v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Sanctions Against Ashton O'Dwyer and Memorandum in Support Thereof has been served upon Ashton O'Dwyer on this 16th day of November, 2007, and upon all counsel of record on the date the foregoing Motion for Sanctions is filed, in the event it is required to be filed.

*William D. Treeby*
William D. Treeby

900767v.1