UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * CIVIL ACTION NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * <br> * JUDGE DUVAL <br> * MAG. WILKINSON |

PERTAINS TO:  BARGE
(No. 07-3500)


**SUPPLEMENTAL RESPONSE OF LAFARGE NORTH AMERICA INC.
TO EX PARTE MOTION FOR LEAVE TO SEVER AND RECONSOLIDATE
AND TO AMEND CLASS ACTION COMPLAINTS ACCORDINGLY**

On October 26, 2007, the Parfait plaintiffs represented by Mr. O'Dwyer filed a motion in No. 07-3500 for leave to sever their claims against the "barge" defendants (Lafarge North America Inc. and Zito Fleeting) from their claims against the design-construction defendants (the United States, Washington Group International, and the state agencies).[1]  On October 29, Lafarge North America Inc. ("LNA") filed an opposition explaining that there is no need for the Court to act on the motion to sever, because the claims that plaintiffs seek to sever are already the subject of motions to dismiss based on the "first-ruled" rule.[2]  Accordingly, if the motions to dismiss are granted, then the motion to sever will be moot.

---

[1]  Doc. 8698.

[2]  Doc. 8724.

Almost a month later, on December 4, 2007, Washington Group International, Inc. ("WGI") filed a separate opposition to the motion to sever.[3]  Like LNA's response, WGI's opposition notes (at 4) that, if WGI's pending motion to dismiss based on the "first-filed" rule is granted, then WGI will no longer have any interest in the Parfait plaintiffs' motion to sever their claims.  Nevertheless, WGI's response goes on to suggest (at 5) that, for the supposed benefit of the "other litigants," the Court should "take this opportunity to fold the Barge cases into the MRGO category of cases" to avoid inconsistent outcomes at trial.

LNA objects to that suggestion.  There is no pending motion asking the Court to reconsider its order creating a separate Barge track.  To the contrary, the only motion pending before the Court is the plaintiffs' motion to sever their claims in 07-3500, and disposition of that motion in no way requires the Court to reconsider the order creating the separate Barge track.  Any step as major as folding the Barge track into the MRGO track should not be considered, much less undertaken, without the benefit of full briefing and argument by the parties – including discussion of all of the ramifications that would flow from merging the MRGO and Barge tracks.

Moreover, as LNA showed in its October 26, 2007 response to the Court's inquiry about scheduling,[4] it is premature for the Court to radically rework its case management orders based on speculation as to how the various cases may someday be tried.  The Court has not made any determinations as to the scope or shape of a trial in the Barge cases, much less how such a trial would relate to any trial of the MRGO cases.  Moreover, the Court of course has not certified a class, and LNA strongly believes that the Court never will.  The Court, therefore, certainly should not make any decisions as to future scheduling or case management based on any assumption or speculation that a class will ever be certified.  In sum, to merge the tracks today

---

[3] Doc. 9325.

[4] Doc. 8700.

based on hypotheses as to how the cases might be tried at some point in the future would be precipitous and unwarranted.

     For all of these reasons, the Court should deny the Parfait plaintiffs' motion to sever, and it should not consider the suggestion that the tracks be merged.

                              Respectfully submitted,

                              Robert B. Fisher, Jr., T.A. (# 5587)
                              Derek A. Walker (#13175)
                              Ivan M. Rodriguez (#22574)
                              Parker Harrison (# 27538)
                              **CHAFFE McCALL, L.L.P.**
                              2300 Energy Centre
                              1100 Poydras Street
                              New Orleans, LA 70163-2300
                              Telephone: (504) 585-7000

                              Daniel A. Webb (#13294)
                              **SUTTERFIELD & WEBB, LLC**
                              650 Poydras Street, Suite 2715
                              New Orleans, LA 70130
                              Telephone: (504) 598-2715

                              /s/ John D. Aldock
                              John D. Aldock
                              Mark S. Raffman
                              **GOODWIN PROCTER LLP**
                              901 New York Avenue, NW
                              Washington, DC 20001
                              Telephone: (202) 346-4240

                              **ATTORNEYS FOR**
                              **LAFARGE NORTH AMERICA INC.**

December 11, 2007

- 4 -

## Certificate of Service

I hereby certify that I have on this 11th day of December, 2007 caused a copy of the foregoing pleading to be served on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock