UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES * | | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION * | | |
| * | | SECTION "K" |
| * | | |
| PERTAINS TO: * | | MAGISTRATE (2) |
| NO.   06-4389 * | | |
|         07-3500 * | | JUDGE DUVAL |
| * | | |
| * | | MAGISTRATE WILKINSON |
| * | | |
| * * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF THE MOTION FOR SANCTIONS[1]**

**MAY IT PLEASE THE COURT:**

"What's sauce for the goose is sauce for the gander".

Undersigned counsel for the plaintiffs, once again, is defending himself, personally, with respect to a Motion for Sanctions, this time filed against him by Washington Group International, Inc. ("WGI"), which apparently has never heard the saying, "Those who live in glass houses shouldn't throw stones". If WGI wants to talk about sanctionable conduct, then let's all start the talking with an analysis of the misrepresentations which were made in Open Court on June 13, 2007, at a hearing on

---

[1] This memorandum also serves, in part, as a memorandum in opposition to Record Document No. 9427 which is a Motion for Sanctions against undersigned counsel, filed on behalf of Washington Group International, Inc. The formal Memorandum in Opposition to that motion is not due for filing until January 2, 2008.

-1-

WGI's Motion to Dismiss, when Ms. McEvoy, counsel for WGI, said the following, on the record:

> ". . . and they were not asked to perform engineering services. The fact that they were not asked to perform engineering services makes these allegations about regulations and standards and procedures even more curious, because its not clear if Washington Group was not performing engineering services, what code of conduct would govern its performance of the contract. And we certainly had no clue based on this allegation." Record Document No. 6176, pp. 33-34.

It will be the function of the Court to determine whether the above and foregoing misrepresentations, which are directly contradicted by the clear and concise language of WGI's own documents, and more particularly WGI 000005 and 000006, copies attached,[2] were simply negligent, grossly negligent or intentional. The Court must also be the arbiter of whether Mr. Treeby's silence in the face of Ms. McEvoy's misrepresentations was itself simply negligent, grossly negligent, or intentional. The Court may be assisted in referring to Record Document Nos. 8954 and 9013, in which these issues already have been briefed.

Undersigned counsel for plaintiffs really doesn't know, but suggests that two highly-paid, professed "sharp" legal minds could not simultaneously negligent in concert, which strongly suggests intent on the part of either Ms. McEvoy, Mr. Treeby or both. Plaintiffs rest their case for sanctions on the clear comparison of Ms. McEvoy's erroneous statements and WGI's own documents, which plaintiffs respectfully submit

---

[2] These documents clearly state at paragraph 3 as follows:
    3. **Project Requirements**. The Contractor shall furnish all engineering services, materials, supplies, labor, as required, in connection with the technical review of site documents, attendance at site meetings and travel necessary for the period of approximately 21 June 99 through 30 Sep 99 associated with the demolition and remediation of the east bank of the Inner Harbor Navigation Canal (IHNC). In addition to reviewing the site documents the Contractor shall prepare a comprehensive report recommending the scope and duration of the remediation and demolition that will be required, including any data gaps that may need to filled by sampling or other investigations.

constitute "fraud upon the Court" and violation of Rule 3.3 of the Rules of Professional Conduct for lawyers practicing law in the State of Louisiana and which provides:

**Rule 3.3 CANDOR TOWARD THE TRIBUNAL**

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

To this day, neither Ms. McEvoy nor Mr. Treeby has even attempted to "explain" Ms. McEvoy's misrepresentations in Open Court on June 13, 2007. See E-mails to Mr. Treeby of November 14 and 16, 2007, attached.

Plaintiffs respectfully submit that if the Court determines sanctions are warranted in this case, then sanctions are warranted against counsel for Washington Group International, Inc. and their client.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

**By:    S/Ashton R. O'Dwyer, Jr.**
**Ashton R. O'Dwyer, Jr.
Bar No. 10166
821 Baronne Street
New Orleans, LA 70113
Tel. 504-679-6166
Fax. 504-581-4336**

-4-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 12th day of December 2007.

                                              S/Ashton R. O'Dwyer, Jr.