UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION: 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | SECTION: "K" – JUDGE DUVAL |
| VERSUS | * | |
| | * | |
| | * | |
| PERTAINS TO: ROAD HOME | * | DIVISION: 2 – JUDGE WILKINSON |
| *Louisiana State, C.A. No. 07-5528* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO MOTION FOR ENTRY AND PROTECTIVE ORDER GOVERNING ROAD HOME APPLICANT AND RECIPIENT INFORMATION

**MAY IT PLEASE IT PLEASE THE COURT:**

Fidelity and Deposit Company of Maryland, Empire Fire and Marine Insurance Company, Empire Indemnity Insurance Company, Centre Insurance Company, ZC Sterling Insurance Agency, Inc., and ZC Sterling Corporation respectfully submit this memorandum in opposition to the entry of any protective order governing any Road Home applicant and recipient information on the grounds that these defendants are not requesting disclosure of any personal data identifiers as defined under Uniform Local District Court Rule 5.7.12 or any other personal information regarding any and all Road Home applicant or recipient, but instead seek only to be provided with the names of any Road Home applicants and any property address for purposes of identifying any claims and being able to properly respond to the Complaint and Amended

1

Complaint as allowed for and set forth under the Federal Rules of Civil Procedure and the Uniform Local District Court Rules. Therefore, any such protective order is unwarranted at this juncture and defendants should not be compelled to execute any such protective order for purposes of obtaining the requisite basic data needed to respond to the State of Louisiana's allegations.[1]

## ARGUMENT

The instant matter arises out of a putative class action against 214 insurance companies filed by the State of Louisiana. By virtue of the Amended Petition, the State of Louisiana also seeks to represent a class of individuals insured by the defendants and who have allegedly assigned, or will in the future assign, their claims or portions of their claims to the State. For purposes of the Original and Amended Complaint, there was an Exhibit A that was attached to these complaints in the form a disc and served upon each defendant, which purportedly contained a list of personal information and data regarding any and all applications made by any and all citizens of the State, who also represent the putative class members, as well as the alleged claims at issue for purposes of any assignment to the State. While these defendants are not privy to exactly what information is contained on those discs, and based upon the fact that there has been negotiation as to reconfiguring and excluding certain information on these discs, namely personal data identifiers, it is uncertain which information will be provided on these discs that will hereafter be presented individually to each defendant.

Notwithstanding same, to provide adequate notice, the Complaint should state the facts that give rise to the claim. *Walker v. South Central Bell Tel. Co.*, 904 f. 2d 275, 277 (5th Cir.

---

[1] To the extent that any such protective order is granted, defendants join in any such objections or position filed on behalf of all of the defendant insurers. Any such objection and opposition to any such protective order is rather in regard to these defendants position that no such protective order in any regard should be granted as of this time and for purposes of simply obtaining the basic information and data needed to respond to the Complaint.

1810-63224-SPM/tbd

1990). Stated differently, the Complaint must at least outline a violation and alleged facts, in respect to each defendant. See *Brownlee v. Conine* 957 f. 2d 353, 354 (7th Cir. 1992). For purposes of the instant litigation, the State cannot argue that there has been fair notice of any claims pursuant to the pleadings made the basis of the instant litigation and filed thus far, since these defendant insurers are completely unable to identify what properties and claims are allegedly at issue in the case at bar.

These defendants are not requesting any information that would form the basis or be qualified as "personal data identifiers" as set forth under Uniform Local District Court Rule 5.7.12. Rather, these defendants are requesting only the requisite information -- specifically the name and property- to simply be able to identify what claims are at issue and in order to properly respond to the Complaint and to prepare the matter for trial. It would follow that all of that general, non personal information would be the exact type of information that is discoverable under the Federal Rules of Civil Procedure, as one of the main purposes of discovery is to provide all parties with full knowledge of the facts so that they can prepare matters for trial. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Finner and Smith, Inc.* 756 f. 2d 230, 236 (2d Cir. 1985).

Therefore, with the exclusion of any personal data identifiers, any protective order should be precluded in its entirety as of this time for purposes of obtaining the barebones information needed to respond to the Complaint and to identify what claims are allegedly at issue. To the extent that there are any issues regarding use of information for purposes of discovery or revealed during discovery, those issues should be addressed in the context of any such discovery, rather than compelling execution of a protective order simply in order for defendants to ascertain

3

1810-63224-SPM/tbd

the requisite basic information they are entitled to under the Federal Rules of Civil Procedure and necessary for responding to the complaint.

                              Respectfully Submitted,

                              **HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**

                              **BY:** _/s/:_ _Sean P. Mount_
                              **DOMINIC J. OVELLA, #15030 – T.A.**
                              **dovella@hmhlp.com**
                              **ANNE E. MEDO, #24556**
                              **amedo@hmhlp.com**
                              **SEAN P. MOUNT, #27584**
                              **smount@hmhlp.com**
                              **DANIEL M. REDMANN, #30685**
                              **dredmann@hmhlp.com**
                              **J. CHRISTOPHER DIPPEL, JR., #30480**
                              **cdippel@hmhlp.com**
                              One Galleria Boulevard, Suite 1400
                              Metairie, Louisiana  70001
                              Telephone: (504) 836-6500
                              Counsel for defendants, _Fidelity and Deposit Company of Maryland, Empire Fire and Marine Insurance Company, Empire Indemnity Insurance Company, Centre Insurance Company, ZC Sterling Insurance Agency, Inc., and ZC Sterling Corporation_

1810-63224-SPM/tbd

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 13 December 2007.

*s//: Sean P. Mount*