UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MR. AND MRS. FRANCIS J. THALLER | CIVIL ACTION |
| VERSUS | NO. |
| THE STANDARD FIRE INSURNCE COMPANY, ST. PAUL TRAVELERS GROUP, THE TRAVELERS INDEMNITY COMPANY AND AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, ONE OF THE TRAVELERS PROPERTY AND CASULTY [INSURANCE] COMPANIES | SECTION 07-3839<br>SECT K MAG 2 |

*************************************************************************

### FIRST SUPPLEMENTAL AND AMENDED COMPLAINT
### AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes complainants Mr. and Mrs. Francis J. Thaller who supplement and amend their original petition filed on August 25, 2006, in Civil District Court for the Parish of Orleans, State of Louisiana, which was subsequently removed by Defendant herein to the United States District Court for the Eastern District of Louisiana, as follows:

1.

Complainants adopt and incorporate by reference all of the allegations and prayers for relief set forth and contained in paragraphs I through XIX and the prayer for relief contained in their original state court petition as if copied herein verbatim and *in extenso*.

2.

Complainants add paragraph number XX to read as follows:

XX.

The damages suffered by Complainants to their residence located at 6918 Bellaire Dr., New Orleans, Louisiana, were caused by wind, wind driven rain and flooding entering the City of New Orleans and surrounding parishes on August 29, 2005.

3.

Complainants add paragraph number XXI to read as follows:

XXI.

The flooding entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees/canals and/or levee/canal walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees/canals and levee/canal walls.

4.

Complainants add paragraph number XXII to read as follows:

XXII.

The breaking or failure of the levee/canal systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Complainant herein, in contrast to other policies available in the market, and neither falls within the regular definition of "flood" nor within any of the said insurance policy's exclusions of "flood".

5.

Complainants add paragraph number XXIII to read as follows:

XXIII.

Defendant negligently, recklessly and/or intentionally ignored clear evidence that wind and wind-driven rain caused severe damage to Complainants' covered property prior to any flooding.

6.

Complainants add paragraph number XXIV to read as follows:

XXIV.

Complainants aver that they have suffered losses to their personal property/contents located at their residence at 6918 Bellaire Dr. in New Orleans, Louisiana, and that said damages

were caused by wind, wind driven rain, and flooding from the aforementioned sources, and that said damages have rendered complainant's personal property/contents a total loss.

7.

Complainants add paragraph number XXV to read as follows:

XXV.

The homeowner's policy of insurance issued by Defendant to Complainants herein included coverage for Complainants' personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Complainants' covered personal property/contents which was used for purposes of determining the premium charges to be made under said policy to Complainants.

8.

Complainants add paragraph number XXVI to read as follows:

XXVI.

Neither the homeowner's policy issued by Defendant herein to Complainants herein, nor any applications therefore, set forth in type of prominent size a different method to be used in the computation of Complainants' loss of personal property/contents, as set forth in La. R.S. 22:667. Accordingly, Complainants are entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Complainants for coverage of their personal property/contents pursuant to the provisions of La. R.S. 22:667.

9.

Complainants add paragraph number XXVII to read as follows:

XXVII.

Complainants further allege that the total loss of their dwelling, other structures and personal property/contents was caused by perils covered by the homeowner's policy of insurance issued by Defendant herein to Complainants herein.

3

10.

Complainants add paragraph number XXVIII to read as follows:

XXVIII.

Complainant requests trial by jury.

WHEREFORE, Complainants pray that Defendant be served with a copy of this First Supplemental and Amended Complaint and that after appropriate legal delays and due proceedings are had, there be judgment in favor of Complainants and against Defendant, for the full face value stated in the homeowner's policy issued by insurer to Complainants for coverage for dwelling and other structures, without deduction or offset pursuant to La. R.S. 22:695; that there be trial by jury; that there be judgment in favor of Complainants for the full face value stated in the homeowner's policy issued by Defendant to Complainants for personal property/contents without deduction or offset pursuant to La. R.S. 22:667; that there be judgment in favor of Complainants for the full face value stated in said policy for coverage of additional living expenses/loss of use; that, in the alternative, there be judgment in favor of Complainants and against Defendant herein for just and reasonable damages provided under the homeowners's policy issued by Defendant to Complainants herein, for all damages to Complainants' dwelling, other structures, personal property/contents, additional living expenses and/or all relief provided by said policy; that Complainants be granted all relief prayed for in their original petition, and all relief provided by the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658; that Complainants recover interest from date of judicial demand; that Complainants recover all costs of these proceedings; and for all general and equitable relief.

Respectfully submitted,

**LAW OFFICES OF ROY F. AMEDEE, JR.**

_____
**Roy F. Amedee, Jr. - 2449**
**Brent A. Klibert - 29296**
228 St. Charles Avenue, Suite 801
New Orleans, LA 70130
Telephone: 504-592-3222
Facsimile: 504-592-8783

**ALLAN BERGER & ASSOCIATES, APLC**
**Allan Berger - 2977**
4173 Canal Street
New Orleans, LA 70119
Telephone: 504-486-9481
Facsimile: 504-483-8130

**CONNICK AND CONNICK, LLC**
**William P. Connick - 14158**
2551 Metairie Road
Metairie, LA 70005
Telephone: 504-838-8777
Facsimile: 504-838-9903

**PATRICK G. KEHOE, JR., APLC**
**Patrick G. Kehoe, Jr. - 14419**
833 Baronne Street
New Orleans, LA 70113
Telephone: 504-588-1110
Facsimile: 504-588-1954

**LESTELLE & LESTELLE, APLC**
**Terrence J. Lestelle - 08540**
**Andrea S. Lestelle - 08539**
**Jeffery B. Struckhoff - 30173**
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone: 504-828-1224
Facsimile: 504-828-1229

5

ROBICHAUX LAW FIRM
**J. Van Robichaux, Jr. - 11338**
P.O. Box 792500
New Orleans, LA 70179
6305 Elysian Fields, Suite 304
New Orleans, LA 70122
Telephone: (504) 286-2022
Facsimile: (504) 282-6298