# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * CIVIL ACTION NO. 05-4182 |
| | * |
| | * SECTION "K" (2) |
| | * |
| | * JUDGE DUVAL |
| | * MAG. WILKINSON |

_____

PERTAINS TO:  BARGE
   *Boutte* (05-5531)
   *Mumford* (05-5724)
   *Lagarde* (06-5342)
   *Perry* (06-6299)
   *Benoit* (06-7516)
   *Parfait Family* (07-3500)

**MEMORANDUM OF LAW OF LAFARGE NORTH AMERICA INC.
IN OPPOSITION TO UNITED STATES' MOTION TO STRIKE
CROSS-CLAIM AND AMENDED THIRD-PARTY COMPLAINTS**

Lafarge North America Inc. ("LNA") submits this opposition to the United States'

motion [Doc. 9415] to strike LNA's cross-claim in *Parfait* (No. 07-3500) and amended third-

party claim in *Mumford* (05-5724).  The motion should be denied because the premise of the

government's motion – that CMO No. 5 somehow (1) barred LNA from including a cross-claim

in its required answer in *Parfait*, and (2) barred LNA from amending its third-party claims in its

response to the Mumford plaintiffs' amended complaints against LNA – is utterly meritless.

## PROCEDURAL HISTORY

Prior to CMO No. 5, LNA had already filed third-party claims against the United States in each of the five then-pending cases against LNA, including *Mumford* (05-5724).[1]

Shortly before CMO No. 5 was entered, the *Parfait* complaint in No. 07-3500 was filed against both LNA and the United States, among others.

CMO No. 5 required all parties to file answers to the *Parfait* complaint and otherwise prohibited any future pleadings without leave of court.  [Doc. 7724.]  On September 28, 2007, LNA filed its answer in *Parfait*, which included cross-claims against the United States and certain other defendants.  [Doc. 8060.]

On October 22, 2007, plaintiffs filed a motion for leave to file a sixth amended complaint in *Mumford*.  On October 31, 2007, Judge Wilkinson granted that motion [Doc. 8775], and the amended complaint was filed [Doc. 8779].  In response, on November 14, 2007, LNA filed its amended answer in *Mumford*, which also included an amended third-party claim against the United States.  [Doc. 9032.[2]]

The United States has failed to answer either LNA's cross-claim in *Parfait* or LNA's amended third-party claim in *Mumford*.[3]  Instead, the United States has now filed a belated motion to strike those claims.

---

[1]  The other cases are *Boutte* (05-5531), *Lagarde* (06-5342), *Perry* (06-6299), and *Benoit* (06-7516).

[2]  The text of the sixth amended complaint suggests that it applies only to the *Mumford* case, although the caption of the complaint lists all of the Barge docket case numbers.  Given this ambiguity, LNA's responsive pleading also contained the multiple docket numbers in its caption.

[3] The United States' answer in *Parfait* was due within 60 days (Fed. R. Civ. P. 12(a)(3)(A)), and the United States' answer in *Mumford* was due within 10 days (Fed. R. Civ. P. 15(a)).

## ARGUMENT

The government's motion to strike should be denied in its entirety, both as to the cross-claim in *Parfait* and the amended third-party claim in *Mumford*.

LNA's cross-claim in *Parfait*

As noted above, CMO No. 5 expressly required LNA (and all other defendants) to file their answers by September 28, 2007.  The government's argument that CMO No. 5 should be construed to have prohibited LNA from including a cross-claim in or with that answer is frivolous.  Federal Rule of Civil Procedure 13(g) expressly authorized LNA to include a cross-claim in its responsive pleading:  "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence …."  Thus, LNA's cross-claim was properly asserted as part of LNA's answer, the filing of which was expressly authorized – indeed, required – by CMO No. 5.  Moreover, the government's assertion that the Court was somehow intending in CMO No. 5 to prohibit the defendants in *Parfait* from asserting the same kind of claims that they had asserted in all of the other pending cases is nonsensical.  LNA had the right under the rules to assert that claim, and nothing in CMO No. 5 can plausibly be said to have tried to divest LNA or any other defendant of that right.

LNA's amended third-party in *Mumford*

As set forth above, and consistent with CMO No. 5, the plaintiffs in *Mumford* filed a motion for leave to file a sixth amended complaint against LNA and certain other defendants, and Judge Wilkinson granted that motion on October 31, 2007.

Pursuant to Federal Rule of Civil Procedure 15(a), LNA was required to file an amended pleading in response to the amended complaint.  See Fed. R. Civ. P. 15(a) ("A party shall plead in response to an amended pleading … within 10 days after service of the amended pleading.").

As such, LNA plainly did not need leave of Court to file its amended responsive pleading, which included amended defenses and amended third-party claims.  (As noted above, LNA's prior responsive pleading in *Mumford* had already included third-party claims against the United States, as well as defenses to plaintiffs' claims.)  CMO No. 5 cannot possibly be construed to have required LNA to seek leave of court before filing a responsive pleading that was required by the rules – namely, a response to plaintiffs' amended complaint.

Moreover, the government has not shown, and cannot show, any prejudice from LNA's assertion of these claims in its required pleadings.  As noted above, LNA had already asserted claims against the United States in each of the pending cases.  The new documents, moreover, assert the same causes of action as those prior documents.  Indeed, the third-party claim asserted in *Mumford* is essentially identical to the cross-claim asserted in *Parfait*.

For the foregoing reasons, the Court should deny the United States' motion to strike LNA's cross-claim and amended third party complaints.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (# 5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (# 27538)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

- 5 -

/s/ John D. Aldock
John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

**ATTORNEYS FOR
LAFARGE NORTH AMERICA INC.**

December 18, 2007

## Certificate of Service

I hereby certify that I have on this 18th day of December, 2007 caused a copy of the foregoing pleading to be served on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock