UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| *In Re: KATRINA CANAL BREACHES* | * | CIVIL ACTION NO.: 05-4182 |
| *CONSOLIDATED LITIGATION* | * | |
| | * | JUDGE: K |
| | * | |
| | * | MAG. 2 |
| | * | |

*************************************************

PERTAINS TO:                          *
                                      *
INSURANCE   (Newman v. Allstate 07-8772)   *
*************************************************

## ALLSTATE INSURANCE COMPANY'S ADDITIONAL DEFENSES AND ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Allstate Insurance Company, (hereinafter sometimes referred to as "Allstate" or "Insurer"), who for the purposes of responding to Plaintiffs' Petition for Damages, respectfully represents as follows:

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by their failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH DEFENSE

Plaintiffs' claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy. Any policy issued by Allstate is the best evidence of its terms and limitations and is pled as if copied herein *in extenso*.

## FIFTH DEFENSE

Plaintiffs are responsible for reading their policy, as well as any renewal notices, and they are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law.

## SIXTH DEFENSE

Plaintiffs' claims are subject to credit for any payments received from Allstate.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off. Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

2

## EIGHTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "(1) [f]lood, including, but not limited to, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind. (2) Water or any other substance that backs up through sewers or drains. (3) Water or any other substance that overflows from a sump pump, sump pump well or other system designed for removal of subsurface water which is drained from a foundation area of a structure. (4) Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises." This provision has been held by the Fifth Circuit Court of Appeals to clearly and unambiguously exclude loss caused by flooding or levee breach. *In re Katrina Canal Breaches Litig.*, No. 07-30119, 495 F. 3d 191 (5th Cir. 2007), *rehearing denied* (5th Cir. Aug. 27, 2007).

## NINTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[e]arth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water."

## TENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction,

3

maintenance, repair, placement or demolition of any building structure, other structure or land at the residence premises."

## ELEVENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[t]he failure by any insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

## TWELFTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[c]ollapse, except as specifically provided in Section I—Additional Protection under Item 11, 'Collapse.'"

## THIRTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "(a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b) mechanical breakdown; . . . (d) rust or other corrosion; (e) contamination, including, but not limited to the presence of toxic, noxious or hazardous gases, chemicals, liquids, solids or other substances at the residence premises or in the air, land, or water serving the residence premises; . . . (g) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

## FOURTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss to certain property caused by "Freezing, thawing pressure or weight of water or ice, whether driven by wind or not."

## FIFTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "Seepage,

4

meaning continuous or repeated seepage or leakage over a period of weeks, months, or years, of water . . . ; a) from a plumbing, heating, air conditioning, or automatic fire protection system or from within a domestic appliance; or b) from, within or around any plumbing fixtures, including, but not limited to shower stalls, shower baths, tub installations, sinks or other fixtures designed for the use of water or steam."

## SIXTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "faulty, inadequate or defective: (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials used in repair, construction, renovation or remodeling; or (d) maintenance of property whether on or off the residence premises by any person or organization."

## SEVENTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss when "there are two or more causes of loss to the covered property and the predominant cause(s) of the loss is (are) excluded. . . ."

## EIGHTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[t]heft from your residence premises while your dwelling is under construction, or of materials and supplies for use in construction, until your dwelling is completed and occupied" and by "[v]andalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . ."

5

## NINETEENTH DEFENSE

To the extent that Plaintiffs have previously agreed to fully compromise or resolve their claim, whether with Allstate or with a third party, Plaintiffs' action is barred by release and/or the doctrine of accord and satisfaction.

## TWENTIETH DEFENSE

With respect to coverage C, Personal Property Protection, Plaintiffs' policy does not cover "loss to covered property inside a building structure, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall."

## TWENTY-FIRST DEFENSE

Plaintiffs' policy provides limitations on certain personal property as set forth in Plaintiffs' policy, Coverage C, Personal Property Protection, Form AP3339, pages 9-10.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of her claims.

## TWENTY-THIRD DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiffs, including La. Rev. Stat. §§ 22:658 and 22:1220.   Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## TWENTY-FOURTH DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected

6

on the declarations page of that policy.

## TWENTY-FIFTH DEFENSE

Allstate's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

## TWENTY-SIXTH DEFENSE

To the extent that Plaintiffs have suffered damage, it was caused by third parties and not by Allstate. Allstate is not liable for such damage.

## TWENTY-SEVENTH DEFENSE

To the extent that monies recoverable under Plaintiffs' policy are payable to a mortgagee or other third party, Allstate is entitled to a set-off for any amounts paid to the mortgagee or third party, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee or third party, to the extent of the mortgagee's or third party's interest.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-NINTH DEFENSE

To the extent that Plaintiffs have made a claim on any flood policy that flood/storm surge destroyed their property and/or contents, Plaintiffs are judicially, legally, and/or equitably estopped from claiming that wind caused the same loss to their property and/or contents.

7

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## THIRTY-FIRST DEFENSE

To the extent that Allstate's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Allstate liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-SECOND DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## THIRTY-THIRD DEFENSE

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that Plaintiffs breached these provisions, any alleged coverage is precluded under the Allstate policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-FOURTH DEFENSE

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the Hurricane applies to Plaintiffs' claims.

8

## THIRTY-FIFTH DEFENSE

Allstate is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## THIRTY-SIXTH DEFENSE

Allstate avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

## THIRTY-SEVENTH DEFENSE

Allstate has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

## THIRTY-EIGHTH DEFENSE

Any potential damages awarded for physical damage to Plaintiffs' structure, personal property, and contents are limited to the difference between the pre-loss value of Plaintiffs' structure, personal property, and contents, and the post-loss value of Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to Plaintiffs' structure, personal property, and contents.

## THIRTY-NINTH DEFENSE

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or

9

the mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

## FORTIETH DEFENSE

Allstate contends that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Allstate, which is specifically denied, then Allstate avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with the other party or non-party, apply here.

## FORTY-FIRST DEFENSE

Allstate specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

## FORTY-SECOND DEFENSE

Allstate denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FORTY-THIRD DEFENSE

Allstate asserts that Plaintiffs are not entitled to additional living expenses under their policy, as the damage to the property was caused by an excluded peril.

10

## FORTY-FOURTH DEFENSE

Allstate owes no damages to the Plaintiffs to the extent that Plaintiffs have violated and consequently voided coverages that might have been afforded by virtue of the following:

   a.   Refusing or failing to provide satisfactory proof of loss;

   b.   Refusing to provide information that has been specifically requested;

   c.   Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

   d.   Any other circumstances discovered between now and the trial of this matter.

## FORTY-FIFTH DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Allstate to "pay the proportionate amount that this insurance bears to the total amount of all applicable insurance.  However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft."

## FORTY-SIXTH DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, Allstate is entitled to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

11

## FORTY-SEVENTH DEFENSE

Allstate owed no fiduciary duty to Plaintiffs.

## FORTY-EIGHTH DEFENSE

Plaintiffs failed to state facts sufficient to give rise to a claim against Allstate for punitive damages.

## FORTY-NINTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FIFTIETH DEFENSE

To the extent that Plaintiffs' policy contained a Hurricane Deductible, Plaintiffs' claims are subject to the application of the Hurricane Deductible as set forth in the policy.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and Plaintiffs have failed to exhaust their administrative remedies.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate, or anyone acting on Allstate's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

## FIFTY-THIRD DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

## FIFTY-FOURTH DEFENSE

Allstate gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## ANSWER

**AND NOW,** responding to the specific allegations of the Plaintiffs' Petition, Allstate further avers as follows:

Allstate denies the allegations in Plaintiffs' introductory paragraph for lack of information sufficient to justify a belief therein.

I.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph I. Allstate admits that Allstate Insurance Company is a foreign insurer, authorized to do and doing business in the State of Louisiana.

II.

Allstate denies the allegations of Paragraph II for lack of information sufficient to justify a belief therein.

III.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph

III. Allstate admits that it issued an insurance policy to Robert and Jane Newman providing certain coverage for property located at 317 Wallace Drive in New Orleans, Louisiana. The policy is the best evidence of its contents.

IV.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph 4. Allstate admits that Hurricane Katrina affected parts of Louisiana.

V.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph V. Allstate admits that certain of petitioners' property was damaged, namely that for which Allstate has already paid.

VI.

The allegations of Paragraph VI are denied.

VII.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph VII. Allstate admits that Plaintiffs submitted a claim to Allstate.

VIII.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph VIII. Allstate admits that it adjusted Plaintiffs' claim. Further answering, to the extent that the allegations of Paragraph VIII contain legal conclusions, no answer is required of Allstate.

IX.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph IX. Allstate admits that it adjusted Plaintiffs' claim.

14

X.

The allegations of Paragraph X are denied.

X(a).

The allegations of Paragraph X(a) do not require a response from Allstate. Out of abundance of caution, the allegations of Paragraph X(a) are denied.

XI.

Allstate repeats and adopts its answers to Paragraphs I through X(a).

XII.

To the extent the allegations of Paragraph XII contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XII.

XIII.

To the extent the allegations of Paragraph XIII contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XIII.

XIV.

To the extent the allegations of Paragraph XIV of Plaintiffs' Petition contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XIV.

XV.

Allstate repeats and adopts is answers to Paragraphs I through XIV.

XVI.

To the extent the allegations of Paragraph XVI contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XVI.

15

XVII.

To the extent the allegations of Paragraph XVII contain legal conclusions, no answer

is required of Allstate. Allstate denies the allegations of Paragraph XVII.

XVIII.

Allstate repeats and adopts is answers to Paragraphs I through XVII.

XIX.

To the extent the allegations of Paragraph XIX contain legal conclusions, no answer

is required of Allstate. Allstate denies the allegations of Paragraph XIX.

XX.

To the extent the allegations of Paragraph XX contain legal conclusions, no answer

is required of Allstate. Allstate denies the allegations of Paragraph XX.

XXI.

To the extent the allegations of Paragraph XXI contain legal conclusions, no answer

is required of Allstate. Allstate denies the allegations of Paragraph XXI.

XXII.

Allstate repeats and adopts its answers to Paragraphs I through XXI.

XXIII.

To the extent the allegations of Paragraph XXIII of Plaintiffs' Petition contain legal

conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph

XXIII.

16

XXIV.

To the extent the allegations of Paragraph XXIV of Plaintiffs' Petition contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XXIV.

XXV.

Allstate repeats and adopts its answers to Paragraphs I through XXIV.

XXVI.

To the extent the allegations of Paragraph XXVI of Plaintiffs' Petition contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XXVI.

XXVII.

To the extent the allegations of Paragraph XXVII of Plaintiffs' Petition contain legal conclusions, no answer is required of Allstate. Allstate denies the allegations of Paragraph XXVII.

XXVIII.

Allstate denies the allegations contained in Plaintiffs' prayer for relief.

**WHEREFORE, ALLSTATE PRAYS THAT ITS** Answer and Defenses to Plaintiffs' Petition for Damages be deemed good and sufficient, and that after due proceedings are had, this Court render judgment in its favor, with costs and fees assessed against the Plaintiff. Defendant further prays for equitable relief that this Honorable Court may deem just under the circumstances.

Respectfully submitted,

/s/ Lauren L. Hudson
Scott G. Jones (Bar No. 14408)
Lauren L. Hudson (Bar No. 28614)
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940
scott@inabnetjones.com
lauren@inabnetjones.com

## Certificate of Service

I hereby certify that on December 18, 2007, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing

to all counsel of record.

I further certify that there are no non-CM/ECF participants in this case.

/s/ Lauren L. Hudson
Lauren L. Hudson (Bar No. 28614)