UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| IN RE: KATRINA CANAL BREACHES | * CIVIL ACTION |
| CONSOLIDATED LITIGATION | * |
| | * NO. 05-4182 |
| | * |
| | * SECTION "K" (2) |
| | * |
| PERTAINS TO: | * JUDGE DUVAL |
| INSURANCE        (*Katz,* 06-4155) | |
| | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO RECONSIDER AND VACATE ORDER

Defendants State Farm Fire and Casualty Company ("State Farm") and Anthony J. Cemo

("Cemo") (collectively "Defendants") submit this Opposition to Plaintiff's Motion to Reconsider

and Vacate the Court's December 6, 2007 Order granting Defendants' Motion for Partial

Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations and Defendants' Motion to

Exclude the Testimony of Haig Neville.  (No. 05-4182, Doc. 9362.)  For the reasons set forth

below and in the Defendants' previously filed motions and supporting memoranda to dismiss

Plaintiff's excess flood allegations and exclude Haig Neville, Plaintiff's Motion to Reconsider

and Vacate Order should be denied.

904358v.1

# I. **RELEVANT PROCEDURAL HISTORY**

On June 22, 2007, Defendants filed the following motions:  (1) State Farm's Motion for Partial Summary Judgment to Dismiss Valued Policy Law Allegations; (2) Defendants' Motion For Partial Summary Judgment to Dismiss Excess Flood Allegations; and (3) Defendants' Motion to Exclude Testimony and Opinions of Haig Neville.  (No. 06-4155, Docs. 30, 31, and 29.)  Plaintiff filed Oppositions to Defendants' Motion to Exclude Testimony and Opinions of Haig Neville and Defendants' Motion for Partial Summary Judgment to Dismiss Valued Policy Law Allegations on July 3 and July 11, 2007, respectively.  (No. 06-4155, Docs. 37, 41.)  However, Plaintiff did not file an Opposition to Defendants' Motion For Partial Summary Judgment to Dismiss Excess Flood Allegations.  Instead, Plaintiff sought, and received, two separate continuances.

First, on June 29, 2007, Plaintiff filed a motion for a continuance until August 8, 2007, stating that Plaintiff could not prepare an Opposition without the deposition of Anthony Cemo, which was yet unscheduled.  (No. 06-4155, Doc. 35.)  The Court granted the continuance.  (No. 06-4155, Doc. 38.)  On July 13, 2007, Plaintiff filed a second motion for a continuance until September 5, 2007, arguing that Plaintiff could not prepare an Opposition until after the Cemo deposition on August 1, 2007.  (No. 06-4155, Doc. 43.)  After this case had been transferred to him on July 13, 2007, Judge Duval granted this motion on July 16, 2007.  (No. 06-4155, Doc. 43.)

On July 17, 2007, the case was consolidated with the *In Re Katrina Canal Breaches Litigation*, and the pending motions and briefs were transferred to Judge Duval's docket by the Clerk without alteration.  (No. 06-4155, Doc. 46; No. 05-4182, Docs. 6543, 6544, and 6542.)

904358v.1

Also on that day, the Defendants filed a Motion for Leave to File Reply in Support of Motion to Exclude Testimony and Opinions of Haig Neville and a Motion for Leave to File Reply in Support of Defendants' Motion for Partial Summary Judgment to Dismiss Valued Policy Law Allegations (No. 05-4182, Docs. 6547, 6548), both of which were granted on July 18, 2007. (No. 05-4182, Docs. 6573, 6575.)

On December 6, 2007, the Court granted Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations and Defendants' Motion to Exclude the Testimony of Haig Neville.  (No. 05-4182, Doc. 9362.)  On December 7, 2007, Plaintiff filed the instant Motion to Reconsider and Vacate the Court's December 6, 2007 Order.  (No. 05-4182, Doc. 9384.)

## II.  ARGUMENT AND AUTHORITIES

### A.    Standard on Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion to reconsider in *haec verba*.  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).  Instead, a motion to reconsider may be classified under either Rule 59 or Rule 60, depending upon the time of service.  *Id.*  If, as here, the motion is served within ten days of the court's ruling, it is treated as a Rule 59(e) motion "to alter or amend judgment."

District courts have considerable discretion to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Lavespere*, 910 F.2d at 174.  Nonetheless, as the Eastern District of Louisiana has recognized, "reconsideration is an extraordinary remedy which should be used sparingly and 'is not the proper vehicle for

3

904358v.1

rehashing evidence, legal theories or arguments . . . that could have been raised prior to the entry of judgment.'" *Baker v. Fedex Ground Package*, No. 04-3401, 2007 WL 3334387, *1 (E.D. La. Nov. 7, 2007) (quoting *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)).

To succeed on a Rule 59(e) motion, the moving party must establish at least one of the following criteria:  "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Gregg v. Weeks Marine, Inc.*, No. 99-1586, 2000 WL 802865, *2 (E.D. La. May 26, 2000) (citations omitted).  In this case, Plaintiff bases her motion for reconsideration on the third factor, arguing that the Court should reconsider its rulings to "avoid[] a substantial injustice."  Pl. Mot. Rec. at 2.  However, as demonstrated below, no substantial injustice would be caused by the Court refusing to reconsider its Orders.

**B.**     **The Court Should Refuse To Reconsider Its Order Dismissing Plaintiff's Excess Flood Allegations.**

**1.**     **Plaintiff's Failure to File an Opposition to Defendants' Motion for Partial Summary Judgment Does Not Justify Reconsideration.**

Plaintiff asks this Court to reconsider and vacate, *inter alia*, its Order dismissing Plaintiff's excess flood allegations with the benefit of Plaintiff's newly submitted Opposition, which is attached to Plaintiff's Motion to Reconsider and Vacate as Exhibit 1 (No. 05-4182, Doc. 9384-5.).  However, because Plaintiff had ample time and opportunity to file her Opposition, but chose not to do so, no injustice will be caused by the Court's denial of Plaintiff's Motion.

As the Eastern District of Louisiana has recently explained, "'a party has a duty of diligence to inquire about the status of a case'" and a motion for reconsideration will be granted

only in "'unique circumstances.'"  *Associated Marine Equipment, LLC v. Jones*, No. 05-2837,

2007 WL 2402540, *2 (E.D. La. Aug. 16, 2007) (quoting *Wilson v. Atwood Group*, 725 F.2d

255, 257-58 (5th Cir. 1984)).  As in the instant case, the plaintiff in *Associated Marine* argued

that the court should reconsider an order because the plaintiff failed to file an opposition to the

defendant's motion.  *Id.* at *1-3.  However, because it found that the plaintiff was not completely

without fault in failing to oppose the motion, the *Associated Marine* court held that the

extraordinary circumstances warranting reconsideration were not present.  *Id.* at *1-3.  The Court

explained:

> [I]t is significant that not once during the thirteen month period that elapsed from
> the time this action was filed until the time judgment was rendered did Mr. Jones
> advise the Court of his inability to get in touch with his attorney, nor did he call
> the Court or the Clerk's office to inquire about the status of the case.  It was not
> until nearly nineteen months after the case was filed, and nearly a year and a half
> after Hurricane Katrina struck New Orleans, that Mr. Jones finally called the
> Clerk's office to make an inquiry about the case.

*Id.* at *2.

Like the plaintiff in *Associated Marine*, Plaintiff's alleged attempt to file an Opposition,

followed by several months of silence does not warrant reconsideration of the Court's decision.

*See also Kelley v. Price-Macemon, Inc.*, No. 88-2862, 1992 WL 124408, *2-3 and n.3 (E.D. La.

May 26, 1992) (holding that plaintiff did not meet the Rule 60(b) or 59(e) standards for

reconsideration where plaintiff's counsel "meant no disrespect to the court and simply failed to

file a timely response because of other matters taking place in his law practice and life").

Plaintiff claims that she was unable to file her Opposition on August 28, 2007, because

the ECF/PACER system did not recognize such a filing in light of the consolidation of the case

with the *In re Katrina Canal Breaches Consolidated Litigation*.  Specifically, Plaintiff states that

904358v.1

the ECF/PACER system would not allow her to file her Opposition because the hearing dates for the case were terminated after consolidation.  (05-4182, Doc. 9384 at 1, Doc. 9384-2 at 1-2.)  As an initial matter, Plaintiff has proffered no evidence to support this assertion.  Additionally, even if such a technical error had occurred, it was Plaintiff's burden to call the Clerk's office to remedy the problem or notify Judge Duval's chambers.  Astonishingly, Plaintiff never notified the Court of this problem or attempted to file her Opposition, in spite of having ample time and numerous opportunities to do so.

In addition to calling the Clerk's office or Judge Duval's chambers about the filing problem, Plaintiff could have filed a motion for leave to file the Opposition at any time between August 28, 2007 and December 6, 2007 without encountering problems due to the alleged lack of a hearing date in the ECF/PACER system.  Moreover, on October 15, 2007, the Court held a scheduling conference to determine "dates and deadlines" for the pendency of the litigation.  *See* October 15, 2007 Minute Entry with Scheduling Order attached (05-4182, Doc. 8408).  Although the parties discussed a variety of procedural and substantive issues during this conference, Plaintiff did not raise any problems with filing or request leave to file an Opposition.  As a result, it appears that Plaintiff had no intention of filing an Opposition until the Court ruled against her.

In fact, according to Plaintiff's own explanation, her failure to file the Opposition was not an oversight – Plaintiff knew that the Opposition had not been filed, but chose to do nothing about it.  This is tantamount to an active choice not to file the Opposition and cannot provide sufficient justification for the Court to provide the extraordinary remedy of reconsideration.

904358v.1

Finally, there is no merit to Plaintiff's proposition that the Case Management and Scheduling Order No. 4, Section V(B) required Defendants to schedule a status conference with the Court prior to re-filing Defendant's Motion Partial Summary Judgment to Dismiss Excess Flood Allegations.   (05-4182, Doc. 9384-2 at 2.)   Although the Order does require status conferences before new motions are filed, Defendants did not file a new Motion for Partial Summary Judgment to Dismiss Excess Flood Allegations; instead, the Clerk merely transferred the previously filed Motion.   Indeed, the July 17, 2007 re-filing carries the original caption with the names of the prior case, judge, and case number.   Because this was not a new motion, but merely a transferred motion, no status conference was required.

> ### 2.   The Court's Ruling Was Not Based On Plaintiff's Failure To Oppose Defendants' Motion For Partial Summary Judgment, But Also Was Based On The Merits.

In addition to the fact that Plaintiff has offered no compelling reason for the Court to reconsider its Order dismissing Plaintiff's excess flood allegations, the Court should refuse to do so because its decision was based on a correct ruling on the merits.[1]   As the Court explained in its Order, it "has previously held that [neither] an insurance company nor its' agent have a standing duty to advise an insured about excess flood insurance."   (05-4182, Doc. 9362 at 3 (citing *Sullivan, et al v. State Farm Fire & Casualty Ins. Co.*, #06-0004 (E.D. La. 4/6/06), Docs. 42, 44)).   Moreover, the Court noted that a number of other decisions of the Eastern District of Louisiana have reached the same conclusion.   *Id.* (citing *Whitehead v. State Farm Ins. Co., et al.*,

---

[1]      The Defendants adopt and incorporate by reference the arguments and authorities presented in their previously filed Motion and Memorandum in Support of Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations as if copied in their entirety herein and respectfully refer the Court to Document No. 6544.

904358v.1

2006 WL 3747520 (E.D. La. 12/15/06) (Berrigan, J.); *Bilbe v. Belsome, et al*, 2006 WL 3388482

(E.D. La. 11/21/06) (Barbier, J.)).  As a result, it is clear that the Court did not grant Defendants'

Motion simply because Plaintiff failed to file an opposition, but instead did so because insurance

companies and agents do not have a standing duty to advise insureds about excess flood

insurance.

**3.     Even If The Court Were To Reconsider Its Order Dismissing Plaintiff's Excess Flood Allegations, There Are No Genuine Issues Of Material Fact In Dispute And Plaintiff Has Failed To State A Claim For Misrepresentation.**

Even if the Court were to reconsider its Order granting Defendants' Motion for Partial

Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, the Order should not be

vacated because Plaintiff's Opposition fails to raise any genuine issue of material fact that would

preclude entry of judgment in Defendants' favor.[2]  Although Plaintiff now attempts to state a

claim of misrepresentation against Cemo, Plaintiff has presented no facts that would enable her

to establish all of the elements of such a claim.

Louisiana law recognizes actions for negligent misrepresentation leading to pecuniary

loss only when (1) the defendant owed a duty to supply correct information, (2) the defendant

breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on

the misrepresentation.  *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993);

*Chiarella v. Sprint Spectrum, LP*, 921 So. 2d 106, 123 (La. App. 4 Cir. 2005); *see also Devore v.*

---

[2]     The Defendants adopt and incorporate by reference the arguments and authorities presented in their previously filed Motion and Memorandum in Support of Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations as if copied in their entirety herein and respectfully refer the Court to Document No. 6544.

904358v.1

*Hobart Mfg.*, Co., 367 So. 2d 836, 839 (La. 1979).  Thus, in order to recover for negligent misrepresentation, Plaintiff must not only identify the "misrepresentation," but also prove that she justifiably relied on the alleged misrepresentations, which resulted in damages.  *Dobson v. Allstate*, No. 06-252, 2006 WL 2078423, * 11 (E.D. La. July 21, 2006) (citing *Abbot v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1131 n.33 (5th Cir. 1988), *vacated on other grounds*, 492 U.S. 914 (1989)).  Although Plaintiff has alleged that Cemo told her that she could not purchase excess flood insurance, Plaintiff has not set forth any facts establishing that any such representation made by Cemo was false.  Other than stating that she heard that excess flood insurance was offered, Plaintiff has provided no evidence that such coverage was actually available to her.[3]  Specifically, Plaintiff has provided no evidence that there was an insurer prepared to write an excess flood insurance policy for her property prior to Hurricane Katrina.  Moreover, without evidence of the exact coverage Plaintiff could have purchased, Plaintiff cannot establish damages.  Thus, even taking the facts as alleged by Plaintiff, Plaintiff cannot state a claim for misrepresentation, and there are no genuine issues of fact that would preclude the entry of summary judgment in the Defendants' favor.

    **C.**    **The Court Should Refuse To Reconsider Its Order Excluding The Testimony And Opinions Of Haig Neville.**

       Plaintiff also argues that the Court should reconsider and vacate its Order granting Defendants' Motion to Exclude Testimony and Opinions of Haig Neville, "in light of the fact that plaintiff was prohibited from opposing defendants' Motion for Partial Summary Judgment to

---

[3]  In his report, Haig Neville also makes the conclusory allegation that "several insurance companies offered excess flood coverage," but he offers no evidence to support this conclusion.  Report at 1.  Moreover, Neville was proffered only as an expert on the insurer's duty of care.

Dismiss Plaintiff's Excess Flood Allegations."  (05-4182, Doc. 9384-2 at 3.)  The Court should refuse to reconsider this Order for several reasons.

First, as explained above, Plaintiff's justification for failing to file an Opposition to Defendants' Motion for Partial Summary Judgment is simply not sufficient to warrant the Court's reconsideration of any Order on these grounds.

Second, the Court based its Order excluding the testimony and report of Haig Neville on the merits, stating that Neville's opinion "usurps the purview of the Court as it is, in essence a legal opinion concerning the duty of an insurance agent and, therefore, would have been stricken on that basis."  (05-4182, Doc. 9362 at 3.)  Indeed, the Court made this ruling after considering Defendants' Motion to Exclude, Plaintiff's Opposition, and Defendants' Reply.[4]  Accordingly, Plaintiff made her arguments to the Court on this issue and will not be prejudiced in any way by the Court refusing to reconsider the exclusion of Mr. Neville's testimony and opinions.

Finally, if the Court refuses to reconsider it ruling dismissing Plaintiff's excess flood allegations, as it should, there would be no reason to admit the testimony and opinions of Mr. Neville, as they relate solely to that cause of action.

---

[4]     The Defendants adopt and incorporate by reference the arguments and authorities presented in their previously filed Motion and Memorandum in Support of Motion to Exclude Testimony and Opinions of Haig Neville (Doc. No. 6542), and their Reply Memorandum in Support of Motion to Exclude Testimony and Opinions of Haig Neville (Doc. No 6574 ) as if copied in their entirety herein.

904358v.1

### III.  <u>CONCLUSION</u>

For the reasons set forth above, the Court should refuse to reconsider its previous Orders granting Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations and Defendants' Motion to Exclude the Testimony of Haig Neville.

Respectfully submitted,

*/s/ Andrea L. Fannin*

| | |
|---|---|
| Douglas J. Cochran, 20751 | Wayne J. Lee, 7916 |
| dcochran@stonepigman.com | wlee@stonepigman.com |
| Of | Mary L. Dumestre, 18873 |
| STONE PIGMAN WALTHER WITTMANN L.L.C. | mdumestre@stonepigman.com |
| One American Place | Andrea L. Fannin, 26280 |
| 301 Main Street, Suite 1150 | afannin@stonepigman.com |
| Baton Rouge, LA  70825 | Of |
| Phone:  (225) 490-8913 | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| Fax:  (225) 490-8960 | 546 Carondelet Street |
| | New Orleans, LA  70130-3588 |
| | Phone:  (504) 581-3200 |
| | Fax:  (504) 581-3361 |

*Attorneys for State Farm Fire and Casualty Company and Anthony J. Cemo*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Opposition to Plaintiff's

Motion to Reconsider and Vacate has been served upon all counsel of record by the CM/ECF

electronic filing system, this 18th day of December, 2007.

> Terrence J. Lestelle
> Andrea S. Lestelle
> Jeffery B. Struckhoff
> Lestelle & Lestelle
> 3421 N. Causeway Blvd.
> Suite 602
> Metairie, Louisiana  70002

*/s/ Andrea L. Fannin*

904358v.1