UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO:  Insurance | SECTION "K" (2) |
| *Acevedo v. AAA Insurance, et al*     C.A. No. 07-5199 | |

**MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (PRESCRIPTION)**

NOW INTO COURT, through undersigned counsel, comes defendant, Church Mutual Insurance Company (hereafter "CMIC"), who respectfully submits this memorandum in support of its Rule 12(b)(6) Motion to Dismiss the Complaint filed herein on the basis that plaintiff fails to state claims upon which relief can be granted inasmuch as any possible claims have been extinguished by prescription.

This case involves a Complaint filed on behalf of a number of different Louisiana plaintiffs against a number of diverse insurer defendants, alleging that amounts are due under various insurance policies as a result of the effects of Hurricane Katrina and the flooding that ensued thereafter, all on or about August 29, 2005.  Although the original complaint, alleging causes of action under Louisiana law, was filed on August 29, 2007, within the limiting period for such claims as established by the Louisiana Legislature by Act 739 of 2006, CMIC was not named

as a defendant therein.  However, on December 5, 2007, more than three months later, and long after CMIC had paid all legitimate claims presented by Union Baptist Theological Seminary, plaintiff, Union Baptist Theological Seminary, filed its First Amended Complaint for Damages to assert, for the first time, a claim against CMIC. Defendant CMIC moves to dismiss on the basis that the Complaint fails to state a claim upon which relief can be granted, as set forth hereafter, in this matter involving a claim under the law of Louisiana.

Prior to 2006, parties insured under a commercial property insurance policy had one year from the date of a covered event within which to bring suit against their insurer.  Following Hurricane Katrina, the Louisiana Legislature passed, and the governor signed into law, Act 729 of 2006, which enacted Louisiana Revised Statute 22:658.3, relative to insurance claims, as follows:

§658.3. Filing claims; extension for claims arising from hurricane activity

A. Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract.

No longer period was thereafter provided by law.  No greater time period to file such claim is otherwise provided by contract, to-wit, the insurance contract in existence at the time of Katrina, a certified copy of which is attached hereto as Exhibit "A."  Accordingly, any claim filed after September 1, 2007, as was the claim filed against CMIC in the First Amended Complaint for Damages, is not timely and must be dismissed.

Respectfully submitted,

Of Counsel:
SUTTERFIELD & WEBB, LLC

 s/ James R. Sutterfield
JAMES R. SUTTERFIELD, (12597)
650 Poydras Street
Suite 2715, Poydras Center
New Orleans, Louisiana 70130
Telephone:   (504) 598-2715
**COUNSEL FOR CHURCH MUTUAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 19th day of December, 2007, served a copy of the foregoing pleading through the Court's electronic filing system.

 s/ James R. Sutterfield
James R. Sutterfield