UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" (2) |
| | JUDGE DUVAL |
| PERTAINS TO:<br>Nos. 06-4389<br>07-3500 | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS

Ashton O'Dwyer's recent motion for sanctions against Defendant Washington Group International, Inc. ("WGII") and its counsel serves as yet another example of his egregious, unprofessional conduct throughout this litigation. *See* Plaintiffs' Memorandum in Support of Motion for Sanctions, at 1 (Doc. No. 9464) ("the Motion").[1] The Motion—filed for the sole purpose of harassing WGII and its counsel—is baseless, filled with false and inflammatory allegations, and was filed with the Court in violation of the Federal Rules of Civil Procedure. For this reason, and for the reasons outlined below, the Motion should be stricken from the record, and the Court should sanction Mr. O'Dwyer in an amount *at least* equal to the reasonable expenses and attorneys' fees WGII incurred in responding to this Motion.

---

[1] *See also O'Dwyer v. State of Louisiana*, No. 06-7280, 2007 WL 4163431, at *10 (E.D. La. Nov. 21, 2007) (Berrigan, J.) (ordering Mr. O'Dwyer to pay a fine of $1,000 for each unprofessional word he files into the record, and stating that Mr. O'Dwyer "has willfully crossed a line that should never have been approached by any member of the Bar of this Court. During its entire tenure on the bench, this Court has never witnessed an attorney's use of written unprofessional and derogatory language that rivals the plaintiff's in this matter").

Although unclear from the face of the Motion, Mr. O'Dwyer apparently seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure for alleged statements and/or omissions WGII's counsel made during a June 13, 2007 hearing on its motion to dismiss. *See* Motion at 2-3 (claiming counsel's conduct constituted "'fraud upon the Court'" and a violation of Rule 3.3 of Louisiana's Rules of Professional Conduct).[2] That motion should be denied and stricken from the record.

*First*, Mr. O'Dwyer failed to follow the mandatory provisions of Rule 11 before filing his motion with the Court. Federal Rule of Civil Procedure 11 explicitly provides that a motion for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (the "plain language of the rule indicates that this notice and opportunity prior to filing is mandatory"). Mr. O'Dwyer, however, ignored this express provision when he served his Motion for Sanctions on WGII for the first time on December 12, 2007—the very same day that he filed the Motion with the Court. For this reason alone, Mr. O'Dwyer's Motion should be denied as improper and should be stricken. *Id. See Bertaut v. Parish of Jefferson*, 2003 WL 21349664, at *2 (E.D. La. 2003); *Reuther v. Smith*, 2003 WL 1921997, at *1 n.2 (E.D.La. 2003); *Dalton v. Enchanted Isle, Inc.*, 2002 WL 662954, at *4-5 (E.D.La. 2002); *Dillon v. Diamond Offshore Mgmt. Co.*, 2002 WL 31415706, at *3 (E.D.La. 2002).

---

[2] Mr. O'Dwyer has not cited, and WGII is not aware of any other rules or applicable procedures that would allow plaintiffs' counsel to seek sanctions in federal court against WGII and its counsel under these circumstances.

904942v.1

*Second*, Rule 11 does not provide for sanctions based on "misrepresentations" that are "made in Open Court" during oral argument (Motion at 1-2), as Mr. O'Dwyer alleges here. *See* Fed. R. Civ. P. 11 advisory committee's notes (b) & (c) (Rule 11 is inapplicable to "matters arising for the first time during oral presentations to the court"); *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 813 (9th Cir. 1989) ("We are aware of no case which authorizes an application of Rule 11 to oral representations."). Accordingly, the Motion should be denied and stricken as improper.

*Third*, and most importantly, the Motion should be stricken from the record because it was filed solely for the purpose of harassing and retaliating against WGII's counsel. WGII already has responded at least two times, in exacting detail, to Mr. O'Dwyer meritless allegations that WGII's misrepresented the scope of its work with respect to the levees and floodwalls along the Industrial Canal during a June 13, 2007 hearing before the Court. *See* WGII's Opposition to Certain Plaintiffs' Motion to Leave to File Supplemental Opposition (Doc. No. 8975) ("WGII Opp."), at 3-4; WGII's Memorandum In Support of its Motion for Sanctions Against Mr. Ashton O'Dwyer (Doc. No. 9427) ("WGII Mot. for Sanctions"), at 4-5.[3]

In summary, WGII's counsel never represented to this Court that WGII did not perform engineering services of any kind on behalf of the U.S. Army Corps of Engineers ("USACE") in connection with its environmental remediation and demolition project in the East Bank Industrial Area. WGII Opp. at 3-4 (Doc. No. 8975); WGII Mot. for Sanctions at 4-5 (Doc. No. 9427). Rather, WGII's counsel simply pointed out during the June 13th hearing the

---

[3] In accordance with Rule 11, WGII served its motion for sanctions on Mr. O'Dwyer on November 16, 2007, more than twenty-one days before filing it with this Court. Fed. R. Civ. P. 11(c)(1)(A). During those twenty-one days, Mr. O'Dwyer opted not to withdraw, correct or explain his baseless, ad hominem attacks on WGII's counsel.

3

incontrovertible fact that the MRGO plaintiffs had not alleged (and WGII did not in fact provide) any engineering services to the USACE in connection with the flood control structures along the Industrial Canal. *See id.* (noting that Mr. O'Dwyer selectively quoted WGII's counsel's statements and WGII's documents out of context). Mr. O'Dwyer's relentless, harassing and baseless accusations to the contrary are patently false. *See* Motion at 3; Certain Pls.' Supplemental Mem. In Opp to Motion(s) to Dismiss, Nov. 8, 2007 (Doc. No. 8954); Certain Pls.' Second Supplemental Mem. In Opp. to Motion(s) to Dismiss, Nov. 13, 2007 (Doc. No. 9013) ("Second Supp. Mem.").

Although a district court generally should not "read an ulterior motive" into a document submitted to the court, "it may do so in exceptional cases, such as this, where the improper purpose is objectively ascertainable." *See Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 805 (5th Cir. 2003) (citing *Sheets v. Yamaha Motor Corp.*, 891 F.2d 533, 537-38 (5th Cir. 1988)). Here, Mr. O'Dwyer's ulterior motives to retaliate against WGII's counsel are obvious. Indeed, last month, Mr. O'Dwyer told WGII's counsel:

> I agree that the argument(s) I have made about certain representations made in Open Court on 6/13/07 are of a type that invite 'retribution.' Well, here I am! If you and Ms. McElvoy [sic] care to attempt to explain what I view as a crystal clear discrepancy, I will place myself at your disposal. . . . <u>I have sued Charles Plattsmier and Justice Kitty Kimball in my personal litigation (Civil Action No. 06-7280), and believe Judge Duval cannot be "fair and impartial" when it comes to me, so who are you going to report me to?</u>

Email from A. O'Dwyer to W. Treeby, Nov. 14, 2007, Ex. 1 (emphasis added). Two days later, Mr. O'Dwyer threatened again: "I'll give you until the close of business on Monday, the 19th, to apologize to Judge Duval, to the other litigants and their lawyers, and to

4

me. . . . If I don't get what I'm asking for, then there will be pleadings from seeking sanctions from you and your co-counsel." Email from A. O'Dwyer to W. Treeby, Nov. 16, 2007, Ex. 2. Finally, nearly a month later, but only one day after WGII properly filed its own Rule 11 Motion against Mr. O'Dwyer with the Court, WGII received this Motion for Sanctions, which contained the message: "Those who live in glass houses shouldn't throw stones." *See* Motion at 1 & n.1.

Mr. O'Dwyer's flagrant abuse of this Court's rules should not be tolerated. A Rule 11 motion may "not be made or threatened . . . to intimidate an adversary into withdrawing contentions that are fairly debatable." Fed. R. Civ. P. 11 advisory committee's notes (b) and (c). Mr. O'Dwyer's motion was filed precisely for that purpose, and therefore, it must be credited only so far as to support WGII's motion for sanctions against him. *See Whitehead*, 332 F.3d at 805 (stating that a "district court may sanction an attorney for presenting a paper to the court for '*any* improper purpose'" including harassment) (citing Fed. R. Civ. P. 11(b)(1)) (emphasis in original); *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 538 (5th Cir. 1990) (stating that the filing of excessive motions constitutes sanctionable conduct pursuant to Rule 11).

For the foregoing reasons as well as those previously set forth in WGII's Motion for Sanctions Against Mr. O'Dwyer (Doc. No. 9427), this Motion should be stricken from the record. WGII's counsel also urges the Court to sanction Mr. O'Dwyer for bringing this frivolous Motion and needlessly wasting the Court's time and increasing the costs of this litigation. At the very least, WGII requests an award of reasonable expenses and attorneys' fees incurred in opposing this motion. *See* Fed. R. Civ. Pro. 11(c)(1)(A); *Williams v. General Motors Corp.*, 158 F.R.D. 510 (M.D. Georgia 1993) (holding that attorneys fees were warranted for a prevailing party for the time spent responding to a unfounded motion for sanctions under Rule 11).

Dated: December 21, 2007

Respectfully submitted,

By: /s/*William D. Treeby*
    William D. Treeby, 12901
    Carmelite M. Bertaut, 3054
    Heather S. Lonian, 29956
        Of
    Stone Pigman Walther Wittmann L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Telephone: (504) 581-3200
    Facsimile: (504) 581-3361

    Attorneys for Washington Group
    International, Inc.

Of counsel

Adrian Wager-Zito
Julia E. McEvoy
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-4645
Facsimile: (202) 626-1700

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Memorandum in Support of Motion to Strike Plaintiff's Motion for Sanctions has been served upon all counsel of record through the Court's CM/ECF system or by placing same in the United States mail, postage prepaid and properly addressed, this 21st day of December, 2007.

                                  /s/*William D. Treeby*

904942v.1

904942v.1