UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: | * | SECTION "K"(2) |
| *Katz*, C.A. 06-4155 | * | |

*******************************************

### REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER AND VACATE ORDER

NOW INTO COURT, through undersigned counsel, comes plaintiff Marlene Katz, and submits this Reply to Defendants' Opposition to Plaintiff's Motion to Reconsider and Vacate the Court's December 6, 2007 Orders granting defendants State Farm Fire and Casualty Company's ("State Farm") and Anthony Cemo's Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, and defendants' Motion to Exclude Testimony and Opinions of Haig Neville.  Plaintiff files this reply in order to clarify several misstatements in defendants' opposition memorandum.

First, plaintiff requested two continuances of defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, because undersigned counsel had not been given the opportunity to depose defendant Anthony Cemo.  The deposition of Mr. Cemo was delayed because counsel for defendants twice requested, and received, extensions of time to

1

respond to plaintiff's discovery requests.[1]  Had defendants not delayed submitting their discovery responses and thus delayed Mr. Cemo's deposition, plaintiff could have filed her opposition memorandum (which had already been drafted) before this case was transferred from Section "R."

Furthermore, when counsel for defendants finally submitted their discovery responses (less than a week before defendant Cemo's deposition), defendant State Farm made the following objection, among others, to ten interrogatories and eight requests for production of documents:

> Defendant objects to this interrogatory [or request] as being improper.  All discovery is subject to Case Management Order Number 4 and the Joint Discovery Protocol entered by the Court in Civil Action No. 05-4182.  Plaintiff has not provided confirmation that these discovery requests have been verified and approved by the Plaintiffs' Master Discovery Coordinating Committee as set forth in Section I(C)(3)(f) of Case Management Order No. 4.

Defendant Cemo made identical objections in his discovery responses.  Thus, defendants insist that plaintiff's discovery requests – which were sent to defendants before this case was transferred from Section "R" – are subject to this Court's Case Management Orders pertaining to all cases consolidated under Civil Action Number 05-4182.

Notwithstanding defendants' position that plaintiff's discovery requests are subject to this Court's Case Management Orders, however, defendants also maintain that their motions are not subject to the Court's Case Management Orders, because their motions were filed before this case was transferred from Section "R."  (Defendants' Opposition to Plaintiff's Motion to Reconsider and Vacate, p.7).  Defendants should not get to have it both ways.  Either this case is governed by the Court's Case Management Orders once it is transferred and consolidated, or it is

---

[1] See Letters dated July 12, 2007 and July 19, 2007 (attached hereto as Exhibits 1 and 2, respectively) confirming that undersigned counsel granted defendants' request for extensions of time to answer discovery.

not. The fact that all hearing dates in this case were terminated once this case was consolidated strongly suggests that this case is in fact governed by the Court's Case Management Orders

Furthermore, defendants have misrepresented in their opposition memorandum that plaintiff "chose" not to file an opposition, or "failed" to file an opposition based on neglect of undersigned counsel's duties. That is incorrect. Undersigned counsel was prevented from filing an opposition, because the hearing dates for defendants' motions had been terminated, and thus the ECF/PACER system would not allow an opposition to be filed. Moreover, the hearing dates for defendants' motions were never reset – or if they were, they were reset in violation of this Court's Case Management And Scheduling Order No. 4, Section V(B) – and, thus, plaintiff never received notice that defendants' motions would be heard by this Court. Plaintiff is entitled to rely on the Court's Case Management Orders, once this case was consolidated.

Finally, undersigned counsel takes issue with defendants' argument that "Plaintiff has proffered no evidence to support" her assertion that the ECF/PACER system would not allow her to file an opposition once the hearing dates for defendants' motions were terminated. Undersigned counsel is an officer of this Court, and it is offensive that he should have to "proffer evidence" to support his representations made in signed pleadings.

For all of the foregoing reasons, and in the interests of avoiding a substantial injustice, plaintiff Marlene Katz urges this Honorable Court to reconsider and vacate the Orders entered on December 6, 2007, and to reset the hearing of defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Excess Flood Allegations, in order to allow plaintiff the opportunity to oppose this motion.

Respectfully submitted,

   /s/ Jeffery B. Struckhoff
**TERRENCE J. LESTELLE – 8540**
**ANDREA S. LESTELLE – 8539**
**JEFFERY B. STRUCKHOFF - 30173**
**LESTELLE & LESTELLE**
3421 N. Causeway Blvd, Ste. 602
Metairie, LA 70002
Telephone:  504-828-1224
Facsimile:  504-828-1229
**Attorneys for Plaintiff**
**Marlene Katz**

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this 21st day of December, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are not CM/ECF participants.

   /s/ Jeffery B. Struckhoff
**Jeffery B. Struckhoff**