UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: | * * | MAG. WILKINSON |
| LEVEE:   06-9151 (JONES) | * * | |

* * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

On September 20, 2006, plaintiffs filed suit in Civil District Court for the Parish of Orleans. The matter was subsequently removed to federal court. Plaintiffs, in their original complaint, made claims against both their insurance company and insurance broker alleging, *inter alia* that "State Farm further breached its contract with plaintiff and/or acted negligently,"[1] and that "[a]s a result of Mr. Nowlin's negligence and/or breach of fiduciary duty in failing to procure sufficient insurance for flood and/or wind perils, plaintiffs were uninsured/underinsured and have suffered significant

---

[1] See Plaintiffs' Petition for Damages, ¶ 26.

1

damages."[2] On August 21, 2007, plaintiffs filed their First Supplemental and Amended Complaint naming the Orleans Levee District (improperly referred to as "The Board of Commissioners for the Orleans Levee District for the Parish of Orleans"), among others, as an additional defendant. Plaintiffs' supplemental and amending complaint, which added the Orleans Levee District as a defendant, was filed almost two years after the damage occurred and more than 120 days after their original Complaint was filed. Therefore, it is evident upon the face of the complaint that plaintiffs have failed to file their supplemental and amending complaint within the period allowed by law.

## I.  LAW

Federal Rule of Civil Procedure 12(b)(6) provides as follows:

> **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted.

The filing of the instant motion is timely filed as per Rule 12(b)(6). The instant motion demonstrates that, with reference to plaintiffs' own pleadings and applicable law, plaintiffs' claims are time barred against the Orleans Levee District.[3]

La. C.C. Art. 3492 clearly states that all delictual actions are subject to a one year prescriptive period.[4] In the above captioned case, plaintiffs state that their property "was severely damaged/and

---

[2] See Plaintiffs' Petition for Damages, ¶ 49.

[3] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evidence *(sic)* from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Bartholomew v. Bail Bonds Unlimited,* Inc., 2006 WL 2524167, *2 (E.D. La. 9/30/2006), *citing, Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)

[4] "In diversity cases, state statutes of limitation, not the Federal Rules of Civil Procedure, govern the determination of whether actions are brought timely." *Anderson v. Papillion,* 445 F.2d

or destroyed" "as a result of the ... sudden and accidental event" and that the "magnitude of Katrina's violent winds was the efficient proximate cause of the damage to plaintiffs' building and ancillary structures and [their] total destruction."[5] Plaintiffs go on to allege that State Farm has breached its contract and acted in bad faith by failing to pay the amount owed under their policy[6] and that their insurance broker wrongly advised them that they had sufficient insurance to cover all damages, which was not true.[7] Later, in their First Supplemental and Amending Complaint, plaintiffs claim that the Orleans Levee District is liable to them for damages because it failed to "fulfill its obligations to inspect, maintain, monitor, protect and repair the levees and flood walls along the 17th Street Canal, Industrial Canal, and London Avenue Canal."[8] Hurricane Katrina struck New Orleans on August 29, 2005. Thus, any claim that plaintiffs would have had against the Orleans Levee District prescribed on August 29, 2006.[9]

Additionally, any claim by plaintiffs, asserting that their amended petition relates back to

---

841, 842 (5th Cir. 1971).

[5] See Plaintiffs' Original Complaint, ¶ 9 (internal quotations omitted).

[6] See Plaintiffs' Original Complaint, ¶24 and ¶28.

[7] See Plaintiffs' Original Complaint, ¶ 44-47.

[8] First Supplemental and Amending Complaint, ¶ 70.

[9] LA R.S. 22:658.3, which extended the period of time to file suit is solely applicable to insurance issues, "any person or entity having a claim for damages pursuant to a **homeowner's insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy**, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages." (emphasis added). Furthermore, if it is argued that the claim has not prescribed, then the amendment is untimely/premature, as the Court has yet to make a decision concerning *In re Katrina* Class Certification. See *In re Enron Corporations Securities*, 465 F. Supp.2d 687, 715-717 (S.D.Tex 2006).

3

their original complaint, is futile because their amended complaint, which asserts a claim against the Orleans Levee District, was not filed within 120 days of plaintiffs' filing of their original complaint. Additionally, it does it satisfy the four part test used by the court to decide whether an amended and supplemental complaint will relate back to the original filing.

Fed.R.Civ.Pro 15(c) allows for an amended complaint to relate back only under certain circumstances:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original petition, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the U.S. Supreme Court case of *Schiavone v. Fortune*, the Court established a four part test that must be satisfied in order to add a new defendant:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleadings; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have know that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period."[10]

Every element must be satisfied in order for an amendment to relate back, and because plaintiffs

---

[10] 477 U.S. 21, 29, 106 S.Ct. 2379, 2384 (1986); *see also Lamb v. US Postal Serv.*, 852 F.2d 845, 847 (5th Cir. 1988).

4

have failed to satisfy all four elements, their supplemental and amending complaint does not relate back, and the Orleans Levee District must be dismissed.

### A.  The claims asserted in the Amending Petition do not arise out of the same conduct set forth in the original pleading

The Orleans Levee District asserts that the underlying conduct set forth in the amended petition is not the same as that set forth in the original petition against plaintiffs' Insurance Company and Insurance Broker. In their original petition, plaintiffs allege that "State Farm breached its contract of insurance with plaintiff by ... [f]ailing to timely provide sufficient funds for the repair and replacement of the subject property" and "[f]ailing to provide sufficient funds for the repair or replacement of the contents contained in the subject property;"[11] that because of "Mr. Nowlin's negligence and/or breach of contract and/or breach of fiduciary duty in failing to procure sufficient insurance..., plaintiffs were uninsured/underinsured and have significant damages;"[12] and that "by classifying Hurricane Katrina and/or subsequent storms or weather and the damage to plaintiffs' residence and property as flood, State Farm has wrongfully realized insurance premiums and withheld proceeds for which plaintiffs are entitled."[13] However, in plaintiffs' amended complaint they complain, for the first time, that they are entitled to "[d]amages and penalties against defendants, Levee Board ... for water damage to plaintiffs' home resulting from levee breaches".[14]

Because the conduct complained of in the original complaint, i.e. breach of contract,

---

[11] See Plaintiffs' Original Petition, ¶ 24.

[12] See Plaintiffs' Original Petition, ¶ 49.

[13] See Plaintiffs' Original Petition, ¶ 40 (internal quotations omitted).

[14] See Plaintiffs' First Supplemental and Amending Complaint, ¶ Prayer for Relief.

negligence misrepresentation, bad faith, unjust enrichment, and failure to procure insurance by plaintiffs' insurance agent and insurer, is not the same as the conduct complained of in plaintiffs' first supplemental and amending complaint, i.e. alleged negligence by unrelated third parties, plaintiffs fail to satisfy the first element required for an amended petition to relate back. Thus, the Orleans Levee District must be dismissed.

**B.     The Orleans Levee District received no notice of this case and thus is prejudiced.**

The Orleans Levee District is clearly prejudiced as the first notice it had of the above captioned case was when it received plaintiffs' First Supplemental and Amending Complaint in August/September of 2007, a year <u>after</u> the statute of limitations had expired, and almost 2 years after the original suit was filed.[15]

The Court can choose to "infer notice if plaintiff could show an 'identity of interest' between the two parties, such that the institution of an action against" one party would "serve to provide notice of the litigation" to the newly added party.[16] The court has stated that "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."[17]

The court has inferred notice to a newly added party when that party shares an attorney with

---

[15] Additionally, numerous status conferences have taken place in this case, parties have been dismissed, and a trial date of July 28, 2008 has been set. All factors which support the Orleans Levee District's argument that it is prejudiced.

[16] *Goubert v. Terrebonne Parish Consolidated Government*, 2006 WL 2425345, *3 (E.D. La. 8/21/06).

[17] *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998), *quoting, Kirk v. Cronvich*, 629 F.2d 404, 408 n.4 (5th Cir. 1980).

6

the original named party.[18]  However, the court has refused to find that the notice requirement was satisfied in a situation where plaintiff originally filed suit against her parish government and later amended her lawsuit to add the State of Louisiana, through its Department of Health and Hospitals.[19] The court stated that just because both agencies were involved in the health care unit, "that does not mean these agencies were so intertwined that suit against one equals suit on the other."[20]

There is no arguable identity of interest between plaintiffs' insurance company or broker and the Orleans Levee District that could ever satisfy the notice requirement.  Therefore, since the Orleans Levee District did not receive notice of the suit until a year after the statute of limitations expired, the amended complaint cannot relate back to the date of the original filing.

C.     **There was no mistaken identity which prevented plaintiffs from filing suit against the Orleans Levee District before the statute of limitations expired.**

After portions of the 17th Street Canal and other levees failed following Hurricane Katrina, the Orleans Levee District and the Army Corp of Engineers were immediately discussed in relation to those failures by both the media and citizens of New Orleans.  It is reasonable to believe that every resident of New Orleans, along with people across the United States, knew about the existence of the Orleans Levee District and the Army Corp of Engineers, and their alleged role in the failure.

Plaintiffs had every opportunity to file suit against the Orleans Levee District before August 28, 2006, as numerous residents, who were flooded by the breaches in the 17th Street Canal, London

---

[18] *Jacobsen v. Osborn*, 133 F.3d 315 (5th Cir. 1998).

[19] *Goubert v. Terrebonne Parish Consolidated Government*, 2006 WL 2425345 (E.D.La. 8/21/06).

[20] *Goubert v. Terrebonne Parish Consolidated Government*, 2006 WL 2425345, *3 (E.D.La. 8/21/06).

Avenue Canal, and Industrial Canal, did so in numerous individual and class actions. To allow plaintiffs to amend their original suit against their insurer and insurance broker, to add the Orleans Levee District, a year after the statute of limitations expired and two years since suit was filed, would be directly adverse to the policy behind F.R.C.P. 15(c).

F.R.C.P. 15(c) serves as a means to allow a plaintiff to "correct honest mistakes as to the name or a party, and it does not apply when plaintiff simply lacks knowledge of the proper party."[21] When discussing F.R.C.P. Rule 15(c), the court has indicated "that the rule applies when plaintiff is simply mistaken as to the parties' names."[22] Here, there is no doubt that plaintiffs were aware of the Orleans Levee District, and the allegations against it, when they filed suit. Plaintiffs did not make a mistake about a party's name, as they only filed suit against their insurance company and broker. Thus, they knowingly and willfully did not include the Orleans Levee District as a defendant in their original suit.

Therefore, because plaintiffs intentionally did not name the Orleans Levee District in their original complaint, and it is impossible for them to argue that they were mistaken about the party they originally sued. Thus, plaintiffs' supplemental and amending complaint cannot relate back.

**D.     The amended suit was not filed within the 120 days allowed, so suit is barred.**

The rule of *Schiavone* has been slightly modified by Congress so that service no longer must occur during the statute of limitations period. Now, F.R.C.P. 4(m) allows 120 days for service

---

[21] *Goubert v. Terrebonne Parish Consolidated Government*, 2006 WL 2425345, *4 (E.D.La. 8/21/06).

[22] *Goubert*, 2006 WL 242545, *4.

8

of the summons and complaint after the filing of the original complaint.[23] Thus, plaintiffs were afforded 120 days after they filed their original suit in which to add a new defendant.

Plaintiffs' original complaint was filed on September 20, 2006. The plaintiffs then had until January 18, 2007 to timely file an amended complaint. Plaintiffs failed to do so and did not file their amending and supplemental complaint until August 21, 2007.

Thus, plaintiffs' supplemental and amending complaint was not filed within the 120 days allowed by Rule 4(m), and the plaintiffs' First Supplemental and Amended Complaint cannot relate back.

## II.  **CONCLUSION**

The subject incident occurred on or shortly after August 29, 2005. Plaintiffs filed their original lawsuit on September 20, 2006 and did not file their supplemental and amending complaint until August 21, 2007. As a matter of law, all of plaintiffs' claims against this defendant, whether arising under federal or state law, are untimely and cannot relate back under F.R.C.P. 15(c). Accordingly, defendant respectfully submits that plaintiffs' claims against it must be dismissed with prejudice.

---

[23] Skoczlyas v. Fed. Bureau of Prisons, 961 F.2d 543, 545 (5th Cir. 1992).

**WHEREFORE**, defendant, the Orleans Levee District, prays that, after due proceedings are had, plaintiffs' claims against it be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT
THE ORLEANS LEVEE DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants, this 21st day of December, 2007.

_____
THOMAS P. ANZELMO, T.A. (#2533)
tanzelmo@mcsalaw.com