UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | SEC. "K" JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) WILKINSON |
| INSURANCE     Civil Action No.: 06-2617 | * | |
| (bifurcated)         (*Ronald A. Holbrook*) | * | |

**DEFENDANT AAA'S REPLY MEMORANDUM TO PLAINTIFFS'
JOINT OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

This Memorandum is filed on behalf of defendant herein, Club Insurance Agency, Inc. ("AAA"), in reply to Plaintiff's Joint Opposition to Motions for Summary Judgment.

Plaintiffs allege that AAA's motion for summary judgment should be dismissed because there are facts in dispute. Plaintiffs' allegations, however, are inconsistent with the evidence and the law. Even if there are certain "facts" in dispute, these facts are immaterial and insufficient to overcome AAA's motion.

1

## ARGUMENT

**Plaintiffs Attempt to Create Material Facts in Dispute Where There Are None.**

Plaintiffs suggest that the initial flood insurance quote provided by AAA may have been based upon no flood elevation certificate, as opposed to an incorrect flood elevation certificate. *See* Opposition Memorandum, pp. 4-5 and 9. Even if true, the result was still an incorrect premium quote. The error, however, was discovered and plaintiffs were notified no later than August 4, 2005. *Plaintiff suffered no harm.* Plaintiffs were allowed until August 20, 2005, pay the additional premium to secure full coverage. They did not.

Plaintiffs also allege that because Ms. Dufour (AAA agent) purportedly could not recreate the original, erroneous quote during the 8/4/05 meeting with Mr. Holbrook, this constitutes a material fact in dispute. *See* Plaintiffs' Opp. Memo, p. 5. Even if Ms. Dufour could not recreate the initial quote that does not change the fact that plaintiffs were advised that they were not fully insured as of August 4, 2005. Mr. Holbrook made clear in his deposition testimony that he understood that the insurance coverage was reduced. *See* AAA's original memo, TAB A, p. 116, ll. 11-16, wherein Mr. Holbrook confirmed that that he knew he did not have the coverage requested after receiving the 7/25/05 letter for Fidelity. Even according to plaintiffs' Opp. Memo, the discrepancy was simply was *how* the correct premium was determined, not if it was correct. *See* Pls' Opp Memo, pp. 5-6.

Plaintiffs' allegation that AAA did not notify them of the reduced insurance

2

coverage is disingenuous and inconsistent with the testimony.  *See* Plaintiffs' Opp. Memo, p. 10.  The primary purpose for Mr. Holbrook meeting with the AAA agents on August 4, 2005, was to discuss Fidelity's 7/25/05 letter.  *See* TAB A, R. Holbrook's dep., p. 81.  The letter stated that plaintiffs' insurance coverage had been lowered and that they needed to pay an additional premium.  *See* TAB A, Exh. P-9, Fidelity's 7/25/05 letter. Mr. Holbrook testified that he discussed specifically with Ms. Dufour the reduction in coverage.  *See* TAB A, p. 82, l. 21 – p. 83, l. 14.  Moreover, Mr. Holbrook repeatedly testified that he was advised by AAA representatives that the information contained in Fidelity's 7/25/05 letter was correct. *See* TAB A, p. 99, l. 17 – p. 100, l. 3; p. 106, l. 22 – p. 107, l. 4; p. 108, ll. 3-7; p. 201, ll. 13-17; p. 202, ll. 8-18.

Plaintiffs further claim that AAA representatives were to "contact Fidelity to investigate why the July 25, 2005 letter was sent and report their findings to the Holbrooks."  *See* Pls' Opp Memo, p. 12.  Plaintiffs cite no support for this allegation, because there is none.  On the contrary, when Ms Dufour was asked whether she contacted Fidelity after the 8/4/05 meeting, she testified:

> No; because we had figured what the situation was in the office. We knew at the time what happened.  It was an incorrect elevation.  Now we have a new elevation.  Here is the new figure and you do owe the $342.  I mean, we had already called Fidelity.
> L. Dufour's dep., Pls.' Exh. B, p. 85, ll. 6-11.

In fact, Mr. Holbrook stated: "I remember being told that the numbers that came across in that Fidelity document [Exh. P-9], they seemed to be saying, look, we think those are

the correct numbers based on your actual elevation certificate." TAB A, p. 201, ll. 13-17.

### Plaintiffs' Refusal to Accept AAA's Explanation as to Why Their Premium Had Increased Does Not Allow Plaintiffs to Shift the Blame to AAA.

Mr. Holbrook testified that, per Fidelity's 7/25/05 letter, he understood their flood insurance coverage had been reduced. *See* TAB A, p. 99, l. 17 – p. 100, l. 3; p. 106, l. 22 – p. 107, l. 4; p. 108, ll. 3-7; p. 201, ll. 13-17; p. 202, ll. 8-18. Plaintiffs just refused to accept AAA's explanation as to *why* the premium increased.

Per plaintiffs' opposition memorandum, Mr. Holbrook again acknowledged that during the 8/4/05 meeting, Dufour and Daleo attempted to explain why Fidelity had sent the July 25, 2005 letter indicating a reduction in coverage, why the Holbrooks' premium would be higher than what AAA initially quoted, and that the difference in premium was due to an incorrect flood elevation certificate being used during the application process. *See* Pls' Opp. Memo, p. 11 and p. 4. Mr. Holbrook, however, refused to pay the correct premium because AAA did not "offer any evidence." *Id.* at p. 11.

Regardless that plaintiffs' thought they were the object of a "bait and switch" scheme, were dissatisfied with AAA's "evidence," or simply thought they could avoid paying the necessary premium, they decided not to pay the premium that AAA advised them they had to pay to be fully covered. Plaintiffs knowingly assumed the risk of being underinsured.

### All Statements Contained in Defendant AAA's Statement of Uncontested Material Facts Must Be Deemed Admitted by Plaintiffs.

4

Plaintiff submitted no controverting statements of fact or evidence to AAA's Statement of Uncontested Material Facts and deposition citations referenced therein. Pursuant to Local Rule 56.2 of the Uniform District Court Rules, all of AAA's material facts in its statement of uncontested facts are deemed admitted.

**Plaintiffs' Unsupported, Self-Serving Statements Are Insufficient to Defeat AAA's Motion for Summary Judgment.**

Mr. Holbrook testified that Fidelity and AAA had explained to him that the originally quoted premium had increased, that there was an error in the flood elevation determination, and that he needed to pay an additional premium. In an effort to save his case, however, Mr. Holbrook now argues claims that he did not know he was supposed to pay the additional premium. Instead, Mr. Holbrook claims that, as a result of the August 4, 2005 meeting, AAA was supposed contact Fidelity and report their findings to him. See Pls.'Opp. Memo, p. 12. As discussed previously, AAA already determined what had occurred and discussed it with Mr. Holbrook. Plaintiff's statements are illogical, inconsistent with the evidence and should be ignored.

The United States Fifth Circuit Court of Appeal has stated, time and time again, that if a moving party has submitted competent evidence to support its motion, ". . . self-serving allegations are not the type of 'significant probative evidence' required to defeat summary judgment." *Magnon v. Forest Oil Corp., et al.*, 2007 WL 2736612, p. 3 (W.D. La. 9/18/07) citing *U.S. v. Lawrence,* 276 F.3d 193, 197 (5th Cir.2001); *See also DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 (5th Cir.2005) (holding that a party's ". . .

5

attempt to create a fact issue as to his knowledge by relying on a conclusory and self-serving affidavit is on unsteady ground.") and *BMG Music v. Martinez,* 74 F.3d 87, 91 (5th Cir.1996) (holding that defendant's reliance on his "conclusory, self-serving" affidavit was not sufficient to defeat summary judgment in favor of the plaintiff).

Here, Mr. Holbrook's self-serving allegations do not overcome the clear evidence that plaintiffs knew they would not be fully insured unless they paid an additional premium.

Plaintiffs admit that they were aware of the error and that the premium had increased.  Even if plaintiffs were unclear as to how the quotes were calculated and were suspicious of or unwilling to accept AAA's explanations, such alleged facts are immaterial to defeat AAA's summary judgment motion.

## **CONCLUSION**

The Court should grant Defendant AAA's Motion for Summary Judgment and dismiss AAA with prejudice.  There are no material facts in dispute.  As a matter of law, AAA satisfied its obligation to plaintiffs to procure flood coverage and advise them that they were not fully insured.

| | |
|---|---|
| CERTIFICATE OF SERVICE | Respectfully submitted, |
| I hereby certify that on December 24, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following: Randal J. Robert (randy@kswb.com), Connell Lee Archey (connell@kswb.com), Travis Brendon Wilkinson (travis@kswb.com), William T. Treas (wtreas@nielsenlawfirm.com), and Gerald J. Nielsen (gjnielsen@aol.com). I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following: Becky R. Cieutat, Esq. | /S/ KEVIN G. BARRECA David Israel (# 7174)(T.A.) disrael@sessions-law.biz Kevin G. Barreca (# 24015) kbarreca@sessions-law.biz Allison L. Cannizaro (#29951) acannizaro@sessions-law.biz SESSIONS, FISHMAN & NATHAN, L.L.P. 3850 N. Causeway Blvd., Suite 1240 Metairie, LA 70002 Telephone: (504) 828-3700 Facsimile:  (504) 828-3737 |
| /S/ KEVIN G. BARRECA KEVIN G. BARRECA | Attorneys for Defendant, Club Insurance Agency, Inc. |

H:\DI\A A A\Holbrook, Ronald and Leigh (5786-20346)\pleadings\Reply Mem to Op to AAA SJ Mot.doc