UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES  * | | CIVIL ACTION NO. 2:05-cv-4182 |
| CONSOLIDATED LITIGATION  * | | |
| * | | SECTION "K" |
| * | | |
| PERTAINS TO:  * | | MAGISTRATE (2) |
| NO.   07-5023  * | | |
| 07-5040  * | | JUDGE STANWOOD R. DUVAL |
| * | | |
| * | | MAG. HON. JOS.WILKINSON |
| * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### INTERVENING PLAINTIFFS' OBJECTIONS TO AND MOTION(S)TO REVIEW MAGISTRATE'S ORDER ON MOTIONS  (RECORD DOCUMENT NO. 9459)

**COME NOW** intervening plaintiffs, including Ashton R. O'Dwyer, Jr., who appears *in propria persona* and as counsel for the other intervening plaintiffs herein, pursuant to the provisions of Rule 72(a), Federal Rules of Civil Procedure, pursuant to 28 U.S.C. Section 636(b)(1), and pursuant to Rule 74.1 of the Uniform Rules for United States District Courts in the State of Louisiana, and object to and move This Honorable Court to review each of the findings, orders and rulings contained in Record Document No. 9459, being Magistrate Wilkinson's "Order on Motions" of December 12, 2007. More particularly, intervening plaintiffs, including Ashton R. O'Dwyer, Jr., object to and move for review of the following rulings and conclusions upon the grounds that they are clearly erroneous or contrary to law, or clearly erroneous and contrary to law, and upon

further grounds that Magistrate Wilkinson abused the discretion vested in him in so ruling:

1) "For the following reasons, **IT IS ORDERED THAT THE MOTIONS TO INTEVERVENE ARE DENIED**." (Record Document No. 9459, p.2)

\* \* \*

2) "Regardless whether the proposed intervention is characterized as permissive or of right, however, the motions must be denied because the proposed intervention is prohibited by the Eleventh Amendment." (Record Document No. 9459, p.3).

\* \* \*

3) "The State of Louisiana has <u>not</u> expressly waived its immunity or consented to the exercise of federal judicial power in civil actions against it." (Record Document No. 9459, p. 4).

\* \* \*

4) "That kind of express or affirmative waiver has clearly <u>not</u> occurred in this instance." (Record Document No. 9459, p. 5).

\* \* \*

5) "Close analysis of these cases and others, however, establishes that this is not one of the rare circumstances in which constructive waiver of Eleventh Amendment immunity might be found." (Record Document No. 9459, p. 5).

\* \* \*

6) "In short, constructive waiver of Eleventh Amendment immunity is virtually nonexistent. If it ever will exist, it will be in situations where Congress indicates a clear intent to make states liable in federal court if they engage in a particular activity,

and then a state voluntarily chooses to engage in that conduct." (Record Document No. 9459, p. 5-6).

\* \* \*

7) "The two cases principally relied upon by movants do not support a finding of constructive waiver in these cases." (Record Document No. 9459, p. 6).

\* \* \*

8) "Waiver of the State's Eleventh Amendment immunity applied in *Clark* because the state was a defendant in the action.  In the instant cases, Louisiana has voluntarily submitted to the jurisdiction of the court as a plaintiff, not a defendant.  Movants seek to intervene as plaintiffs to recover damages against the State, which would cast the State in the role of a defendant.  In other words, the intervention is a "suit . . . against" Louisiana within the terms of the Eleventh Amendment, which does not permit such a suit without the state's consent." (Record Document No. 9459, p. 7).

\* \* \*

9) "Furthermore, *Lapides* and the cases cited therein do not support movants' argument because *Lapides* and its predecessors were removal cases."   (Record Document No. 9459, p. 7).

\* \* \*

10) "This case [*Lapides*] is inapplicable to the instant situation, in which Louisiana filed suits as a plaintiff in federal court and the movants propose to interevene in those suits as plaintiffs against the state as defendant." (Record Document No. 9459, p. 8).

\* \* \*

11) In addition to the absence of constructive waiver, the proposed intervention and the Eleventh Amendment raise the "question . . . whether [this] particular suit in fact is a suit against a State." (Record Document No. 9459, p. 8).

\* \* \*

12)	"A rule of federal law that finds waiver through a state attorney general's invocation of federal court jurisdiction avoids inconsistency and unfairness." *Ibid*.

\* \* \*

13) "Thus the State of Louisiana's invocation of federal jurisdiction in these actions is limited to its claims against the United States and the United States' responsive defenses and compulsory counterclaims (citations omitted), which arise out of the same transaction or occurrence that is the subject matter of Louisiana's claims. (citations omitted). (Record Document No. 9459, p. 10).

\* \* \*

14)	The following decisions illustrate that, by voluntarily appearing in a federal action, a state consents only to adjudication of the limited subject matter of that action, and that movants' proposed intervention is outside those limits. *Ibid*.

\* \* \*

15)	Movants are trying to do the same thing in this case that the Fourth Circuit prohibited in *Creative Goldsmiths*: to begin an adversary proceeding against the state of Louisiana based on its waiver of immunity as to one type of claim against the United States, when movants assert entirely different claims against the state, for which the State has not waived immunity." (Record Document No. 9459, pp. 11-12).

\* \* \*

16)	The Supreme Court's reasoning in *Missouri v. Fiske*, 290 U.S. 18 (1935) demonstrates why the movants may not intervene in the instant actions to assert their claims for damages against Louisiana."  (Record Document No. 9459, p. 12).

* * *

17)	"In allowing Watson's suit based on the State's waiver of immunity in the underlying litigation and settlement agreement, the Fifth Circuit distinguished a situation like the proposed intervention herein."  (Record Document No. 9459, p. 14).

* * *

18) "The reasoning and holdings quoted above apply to the proposed intervention, which is a suit 'commenced or prosecuted against one of the United States' without the State's consent.  The proposed intervention is barred by the Eleventh Amendment."  (Record Document No. 9459, p. 15).

* * *

19) "Louisiana's claims against the United States do not waive its immunity from suit in federal court so as to allow any claimant with a grievance against the State to intervene and bring a claim against it in these actions.  Louisiana sued the United States to recover for a wide range of damages caused to the State during and after Hurricane Katrina by the alleged negligence and other fault of the United States Army Corps of Engineers.  Movants also seek damages for injuries suffered during the hurricane and its aftermath, but that fact produces only a remote, tangential relationship between their claims against Louisiana and Louisiana's claims against the United States."  *Ibid*.

* * *

"Movants allege that the fault <u>of</u> <u>Louisiana</u> caused their damages. However, the State's alleged fault in causing movant's damages is <u>not</u> placed at issue in any way by the State's claims against the United States. There is no indication, express or implied, that Louisiana intended to waive its immunity from being sued in federal court based on its own fault. The existing lawsuits concern duties allegedly owed to the State by the United States, while movants are alleging breaches of duties owed to them *by* the State."

For all of the foregoing reasons, the motions to intervene are denied because they seek to assert claims that are barred by the Eleventh Amendment. These claims against the State of Louisiana must proceed in state court." (Signed by Hon. Magistrate Joseph C. Wilkinson, Jr. on December 12, 2007). (Record Document No. 9459, pp. 15-16).

Intervening plaintiffs aver and reiterate, and incorporate herein by reference thereto, the factual averments of and legal arguments made in Record Document Nos. 8735, 8789, 9239, 9241, 9242, and 9243, none of which are waived.

Intervening plaintiffs also object to and move for review of Magistrate Wilkinson's Order on Motions (Record Document No. 9459) upon the grounds that, in the said Order on Motions, Magistrate Wilkinson exceeded the power of Magistrate Judges to be designated by Judges to hear and determine pre-trial matters, since the Order on Motions constituted the functional equivalent(s) of a "judgment on the pleadings", or the granting of a "motion for summary judgment", or a "motion to dismiss or to permit maintenance of a class action", and/or a "motion to dismiss for failure to state a claim

-6-

upon which relief can be granted, and to involuntarily dismiss an action", all proscribed by the clear provisions of 28 U.S.C. Section 636(b)(1)(A).

Additional grounds for these objections to and Motion to Review Magistrate's Order on Motions appear in the Memorandum filed simultaneously herewith.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**

        **By:**    **S/Ashton R. O'Dwyer, Jr.**
            Ashton R. O'Dwyer, Jr.
            La. State Bar Roll No. 10166
            821 Baronne Street
            New Orleans, LA 70113
            Tel. (504)-679-6166
            Fax. (504)-581-4336

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record, via Electronic filing, this 26th day of December, 2007, and also upon the Honorable Magistrate Judge and the Honorable U.S. District Judge presiding in this case by U.S. mail, if Electronic filing is not CM-ECF-accepted for both Judges, with respect.

        S/Ashton R. O'Dwyer, Jr.