UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| PERTAINS TO LEVEE | NO. 05-4182 |
| NO. 05-4181 (O'DWYER) NO. 06-4389 (O'DWYER) NO. 06-5786 (O'DWYER) | SECTION "K"(2) |

ORDER AND OPINION

Before the Court in each of the captioned cases is a motion to dismiss filed on behalf of defendant CSX Corporation seeking to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(2) for lack of jurisdiction over the person. Due to the virtually identical nature of each of the motions to dismiss, the motions will be addressed jointly.[1] Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motions as moot.

In each of the captioned cases, plaintiffs filed a complaint naming CSX Corporation as a defendant and alleged that it was liable for the damages sustained by plaintiffs as a result of flooding which occurred in the aftermath of Hurricane Katrina. On March 15, 2007, pursuant to Case Management Order No. 4 (Doc. 3299), plaintiffs in these cases, among others, filed the

---

[1] The specific motions addressed in this Order and Opinion are the following:  1) "Motion for Dismissal Under 12(b)(5) (Insufficiency of Service of Process) and Fed.R.Civ.P. 12(b)(6) (Lack of Jurisdiction Over the Person)(Doc. 1046) filed in O'Dwyer, No. 05-4181; 2) "Motion to Dismiss Under Fed.R.Civ.P. 12(b)(2) and in the Alternative Under Fed.R.Civ.P. 12(b)(6)" (Doc. 1550) filed in O'Dwyer, No. 06-4389; and 3) "Motion for Dismissal Under Fed.R.Civ.P.12(b)(2) (Lack of Jurisdiction Over the Person) and Fed.R.Civ.P.12(b)(5) (Insufficiency of Service of Process)" (Doc. 3097) filed in O'Dwyer, No. 06-5786.

"Superseding Master Consolidated Class Action Complaint" (Doc. 3420). CSX Corporation is not named as a defendant in the Superseding Master Complaint.[2] The Superseding Master Complaint specifically states that it "is intended to supersede and replace all class action complaints arising from the catastrophe which previously have been filed in or transferred to this Section of Court, and placed within the 'Levee' category of cases." (Doc. 3420, ¶2).

The filing of the Superseding Master Complaint voided the claims alleged by plaintiffs in all of their prior complaints, including the claims against CSX Corporation. Therefore, at present there are no claims pending against CSX Corporation. Because there are no claims pending against it, CSX Corporation's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction is denied as moot. Additionally, all claims made against CSX Corporation in the captioned cases in any complaint filed prior to the filing of the Superseding Master Complaint are hereby dismissed.

New Orleans, Louisiana, this 27th day of December, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Among the defendants named in the Superseding Master Complaint are CSX Transportation, Inc. and CSX Transportation Corporation.