UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182 "K"(2)

CONSOLIDATED WITH

PERTAINS TO: INSURANCE, <u>Dehon</u>, 06-4873

<u>SUPPLEMENTAL AND AMENDING
ANSWER AND ADDITIONAL DEFENSES</u>

NOW INTO COURT, through undersigned counsel, come Encompass Insurance Company

who supplements its original Answer filed herein as follows:

1.

All allegations of the original Answer are re-alleged as though copied herein in extenso.

2.

Encompass asserts the following additional affirmative defenses:

## SECOND DEFENSE

Plaintiffs' claims are barred by their failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

## FOURTH DEFENSE

Plaintiffs' claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Encompass's homeowners policy as set forth in the policy, and any policy issued by Encompass is the best evidence of its terms and limitations and it pled herein as if copied *in extenso*.

## FIFTH DEFENSE

Plaintiffs are responsible for reading their policy, as well as any renewal notices, are presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail themselves of ignorance of the policy or law.

## SIXTH DEFENSE

Plaintiffs' claims are subject to credit for any payments received from Encompass.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off. Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

## EIGHTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "water damage, meaning: (1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) Water which backs up through sewers or drains; (3) Water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or (4) Water emanating from a sump pump, sump pump well or similar device designed to prevent overflow, seepage or leakage of subsurface water," and "[c]aused by freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, hot tub, foundation, retaining wall, bulkhead, pier, wharf, dock or piling." This provision has been held by the Fifth Circuit Court of Appeals to clearly and unambiguously exclude loss caused by flooding or levee breach. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) *rehearing denied* (5th Cir. Aug. 27, 2007).

## NINTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss "[c]aused by earth movement, meaning: earthquake, including land shock waves or tremors before, during or after a volcanic

eruption; landslide; mudflow; mine subsidence; earth subsidence; sinkhole; or earth sinking, rising or shifting."

### TENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "damages due to vandalism or malicious mischief if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant."

### ELEVENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "damage due to neglect, meaning neglect of a *covered person* to use all reasonable means to save and preserve property at and after the time of a loss."

### TWELFTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss "[i]nvolving collapse, other than as provided in Additional Property Coverages, 11. Collapse."

### THIRTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "(1) Wear and tear, aging, marring, scratching or deterioration; (2) Inherent vice, latent defect, electrical or mechanical breakdown or failure; (3) Rust or other corrosion, mold, fungi, wet or dry rot; (4) Smog, smoke from agricultural smudging or industrial operations; (5) Setting, shrinking, bulging, or expansion including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings; (6) Birds, vermin,

insects, rodents, or animals kept or owned by a covered person; (7) Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Tangible Personal Property – Covered Peril."

## FOURTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "Weather conditions. However, this exclusion applies only if weather conditions contribute in any way with a cause or event otherwise excluded to produce the loss."

## FIFTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage "regardless of any other cause or event contributing concurrently or in any sequence to the loss."

## SIXTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all *covered persons* and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure."

### SEVENTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body."

### EIGHTEENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "Faulty, inadequate or defective: (a) Planning, zoning, development, surveying, siting; (b) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) Materials used in repair, construction, renovation or remodeling; or (d) Maintenance of part or all of the property whether on or off your *residence premises*."

### NINETEENTH DEFENSE

To the extent that Plaintiffs have previously agreed to fully compromise or resolve their claim, whether with Encompass or with a third party, Plaintiffs' action is barred by release and/or the doctrine of accord and satisfaction.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of their claims.

### TWENTY-FIRST DEFENSE

Encompass denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiffs, including La. Rev. Stat §§ 22:658 and

22:1220.  Encompass further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

## TWENTY-SECOND DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

## TWENTY-THIRD DEFENSE

Encompass's policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiffs have suffered damage, it was caused by third parties and not by Encompass.  Encompass is not liable for such damage.

## TWENTY-FIFTH DEFENSE

To the extent that monies recoverable under the Plaintiffs' policy are payable to a mortgagee or other third party, Encompass is entitled to a set-off for any amounts paid to such mortgagee or third party and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee or any third party to the extent of the mortgagee's or third party's interest.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-SEVENTH DEFENSE

To the extent that Plaintiffs have made a claim on their flood policy that flood/storm surge destroyed their property and/or contents, Plaintiffs are judicially, legally, and/or equitably estopped from claiming that wind caused the same loss to their property and/or contents.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## TWENTY-NINTH DEFENSE

To the extent that Encompass's liability depends upon Congress's decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding Encompass liable would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## THIRTY-FIRST DEFENSE

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that Plaintiffs breached these provisions, any alleged coverage is precluded under the Encompass policy or policies, and the policy or policies are pleaded herein as if copied in full.

## THIRTY-SECOND DEFENSE

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs, and in any event La. Rev. Stat. §22:658 is not retroactive and therefore the version of the statute in force at the time of the Hurricane applies to Plaintiffs' claims.

## THIRTY-THIRD DEFENSE

Encompass is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## THIRTY-FOURTH DEFENSE

Plaintiffs have not stated and cannot state claims under La. Rev. Stat § 22:695.  *See, e.g., Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232 (5th Cir. 2007).

### THIRTY-FIFTH DEFENSE

Encompass avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

### THIRTY-SIXTH DEFENSE

Encompass has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

### THIRTY-SEVENTH DEFENSE

Any potential damages awarded for physical damage to Plaintiffs' structure, personal property, and contents are limited to the difference between the pre-loss value of Plaintiffs' structure, personal property, and contents, and the post-loss value of Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to Plaintiffs' structure, personal property, and contents.

### THIRTY-EIGHTH DEFENSE

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or the Mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

### THIRTY-NINTH DEFENSE

Encompass contends that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Encompass, which is specifically denied, then Encompass avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

### FORTIETH DEFENSE

Encompass specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

### FORTY-FIRST DEFENSE

Encompass denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

### FORTY-SECOND DEFENSE

Encompass asserts that Plaintiffs are  not entitled to additional living expenses under their policy, as the damage to the property was caused by an excluded peril.

### FORTY-THIRD DEFENSE

Encompass owes no damages to Plaintiffs to the extent that Plaintiffs have violated and consequently voided coverages that might have been afforded by virtue of the following:

- 11 -

a.     Refusing or failing to provide satisfactory proof of loss;

b.     Refusing to provide information that has been specifically requested;

c.     Failing to cooperate with the adjuster and claims representative in the

investigation of the claims; and

d.     Any other circumstances discovered between now and the trial of this matter.

## FORTY-FOURTH DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a

covered peril, and any other insurance provides coverage for that covered peril, then the policy states

that Encompass will provide coverage as follows: "(a) in the first year of this policy, prior to the

exposure's effective date shown in the Coverage Summary for what will be a covered Segment, we

will pay all covered claims up to the limits you have purchased in excess of the total limits of all other

policies. (b) During the first and subsequent years of this policy for those exposures shown effective

in the Coverage Summary, we will pay only our share of the loss.  Our share is the proportion that our

total limit of liability bears to the total of all applicable limits.  (c)  No one will be entitled to any

payment that duplicates a payment under any other Segment of the policy or from any other source of

recovery for the same element of loss."

## FORTY-FIFTH DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a

covered peril, and any other insurance provides coverage for that covered peril, Encompass is entitled

to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

### FORTY-SIXTH DEFENSE

Encompass owed no fiduciary duty to Plaintiffs.

### FORTY-SEVENTH DEFENSE

Plaintiffs have failed to state facts sufficient to give rise to a claim against Encompass for punitive damages.

### FORTY-EIGHTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FORTY-NINTH DEFENSE

To the extent that Plaintiffs' policy contained a Hurricane Deductible, Plaintiffs' claims are subject to the application of the Hurricane Deductible as set forth in the policy.

### FIFTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and Plaintiffs have failed to exhaust their administrative remedies.

### FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Encompass, or anyone acting on Encompass's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

### FIFTY-SECOND DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

### FIFTY-THIRD DEFENSE

Encompass gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

WHEREFORE, Encompass Insurance Company prays that this Answer be deemed good and sufficient and that after all due proceedings be had herein, there be judgment in its favor, against Plaintiffs, rejecting Plaintiffs' demands and dismissing this suit at Plaintiffs' costs.

Respectfully submitted,

LOZES & PONDER

STEVEN M. LOZES (#8922)
1010 Common Street, Suite 1700
New Orleans, Louisiana 70112
Telephone: (504) 581-4455
Fax: (504) 587-9408
Attorney for Encompass Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on December _____20_____, 2007, I electronically filed the foregoing with the Clerk of Court, by using the CM/ECF system, which will send a notice of electronic filing to the following:   A. Patrick Dehon, Jr., Esq.   I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

S/Steven M. Lozes
Steven M. Lozes

- 15 -