## 24TH JUDICIAL DISTRICT COURT OF THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 625-145 C/W  
624-778, 624-459 & 626-415

DIVISION "I"

### LLOYD LOGA, ET ALS.

VS.

### JEFFERSON PARISH, AARON BROUSSARD INDIVIDUALLY AND AS PRESIDENT OF JEFFERSON PARISH, A CONSULTING COMPANY, B CONSULTING COMPANY, C ENGINEERING COMPANY AND D CONSTRUCTION COMPANY

FILED: September 29, 2006            _____  
                                      DEPUTY CLERK

### REASONS FOR JUDGMENT

On November 4, 2006, Lloyd Loga filed a petition for damages on behalf of himself and numerous other plaintiffs. His named defendants were Jefferson Parish, Aaron Broussard individually and as President of Jefferson Parish together with companies A, B, C and D listed in the heading above.

The plaintiffs complaints against Jefferson Parish and Aaron Broussard were stated in the following paragraphs:

"3.

On or about August 28 and 29, 2005 Jefferson Parish evacuated and abandoned all the Jefferson Parish pumps allowing the pumps to shut down. The abandoned pumps shut down and do to neglect in operations and design the pumps allowed flood waters to siphon from the lake through the Jefferson Parish pumping system and flooding Jefferson Parish neighborhoods and the homes of the plaintiffs.

4.

The Jefferson Parish and its president Aaron Broussard was negligent in the design and operation of drainage system which allowed flood waters to siphon from the lake into the Jefferson Parish neighborhoods, failing to be automated and failing to operate in the advent of the loss of public electric power.

5.

The Jefferson Parish and its president Aaron Broussard was negligent in designing and implementing an emergency plan that allowed the drainage pumps to be

IMAGED OCT 0 3 '06



EXHIBIT D

abandoned allowing the flood waters to siphon from the lake into Jefferson Parish neighborhoods."

In response to plaintiff's original petition the defendant parish and Aaron Broussard filed an Exception of No Cause of Action. Defendants argued that the parish and Broussard enjoy "absolute immunity from any fault that might otherwise flow" from disaster related decisions.

Defendants based their arguments on the Louisiana Homeland Security and Emergency Assistance and Disaster Act. La. R.S. 29:735, et seq.; R.S. 9:2792.4 and R.S. 9:2800.

The main case law relied on by defendants were:

a) *Castille v. Lafayette City-Parish Consolidated, Ltd.*, 896 So.2d 1261 (La. App. 3rd Cir. 2005);

b) *Hontex Enterprises, Inc. v. City of Westwego*, 833 So.2d 1234 (La. App. 5th Cir. 2002); and

c) *Board of Examiners v. Neyrey*, 542 So.2d 56 (La. App. 4th Cir. 1989).

In arguing the statutes defendants' counsel seemed to partially withdraw his "absolute" immunity assertion, at least as to defendant Aaron Broussard. He admitted that R.S. 29:735 contained an "except in case of willful misconduct" exception to any immunity provided agents, employees or representatives.

Likewise, R.S. 9:2792.4 seems to deny "absolute" immunity to board members in that it grants limitation of liability to a member "provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct."

As to public entities, defendants cited C.C. Arts. 2315, 2316 and 2317 as explained in R.S. 9:2800.

In conclusion, defendants claimed statutory immunity and argued that plaintiffs lacked sufficient allegations to state a cause of action.

Before filing their opposing memorandum, plaintiffs obtained an approving order and then filed their First Supplemental and Amending Petition. They joined Jefferson's Consolidated Drainage District No. 2 as a defendant. They charged that Broussard acted willfully, wantonly and with gross negligence. Also that he acted arbitrarily and without authority in ordering the pumpers to evacuate.

IMAGED OCT 0 3 '06                  2

Plaintiffs further alleged willful, wanton and gross negligence in an improper and unconstitutional taking of their property. Plaintiffs denied that defendants' acts and omissions were immune pursuant to R.S. 29:735 and 9:2792, et seq.

In their opposition memorandum, plaintiffs argued that defendants said plaintiffs alleged only ordinary negligence initially and defendants were immune. Plaintiffs then argue that any initial deficiencies were remedied by their Supplemental and Amending Petition.

Mention should be made of the case law cited in defendant's original memorandum. In the *Castille* case city employees, during and after a hurricane, piled debris near an intersection which obstructed view and resulted in an accident. The city, but no employees, were sued. The only statute involved was R.S. 29:735(A). The city was held immune, but the willful misconduct provision was not considered because no employees were sued.

The *Hontex* case was fact specific and was decided on a motion for summary judgment after many depositions were taken. The pump that was leaking water to cause the problem belonged to the seafood company and not the city.

At page 6 of their original memorandum defendants argues that *Board of Examiners v. Neyrey* (above) protected Broussard from personal liability because "(individual members of a public body or agency who are public officials or officers are not personally liable for official actions of the body so long as they act in good faith and without malice);"

The *Neyrey* case itself had much to say about how to decide whether a defendant acted in good faith. At page 64 the Court found:

"…a decision as to whether the Board and its members were in good faith requires a consideration of evidence and, for the reasons set forth below, this is not an issue properly raised or decided on an exception of no cause of action. Although the Board and its members may very well be able to prove the affirmative defense of good faith at the trial on the merits of this case, we cannot make a ruling on an exception of no cause of action as to whether such a defense has been proved. …

In the present case, the Board and its members seek to assert an affirmative defense of good faith. However, determination of the presence or absence of good faith requires consideration of evidence. LSA-C.C.P. Art. 931 precludes consideration of evidence on an exception of no cause of action. *Goldstein v. Serio*, 496 So.2d 412 (La. App. 4th Cir.1986), writ denied 501 So.2d 208 (La.1987). It appears that the trial court

IMAGED OCT 0 3 '06

3

based its decision as to the presence of good faith on factors outside the pleadings and therefore the court's ruling that the Board and its members were in good faith and therefore immune from liability was not proper and must be reversed. ..."

In their opposition memorandum, plaintiffs took issue with defendant's C.C. Art. 2315 – 2317 argument alleging that plaintiff "claims unspecified defects in the flood control system." In reply plaintiffs point to pleadings in their original petition:

Because of "neglect in operations and design the pumps allowed flood waters to siphon from the lake through the Jefferson Parish pumping system and flooding Jefferson Parish"...

Defendants filed a Supplemental Memorandum in Support of their Exception of No Cause of Action. It was largely concerned with plaintiffs' allegations of inverse condemnation under Article I Section 4 of the Louisiana Constitution. They argued no deliberate taking and no public works project.

Defendants argued that Hurricane Katrina was an isolated event. They pointed out that inverse condemnation under federal law required "inevitable recurring floods."

In taking issue with plaintiff's pleaded facts, defendants referenced *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and *Kyle v. Civil Service Commission*, 588 So.2d 1154 (La. App. 1st Cir. 1991). The *Harlow* case will be discussed below. *Kyle* was a case of a 42 U.S.C.A. 1983 suit wherein an employee claimed he was wrongfully demoted. The *Kyle* Court noted that *Harlow v. Fitzgerald* did away with the "good faith" inquiry in favor of a "statutory or constitutional right inquiry."

Defendant's final argument is that the parishes' perceived "absolute immunity" is analogous to federal judicial immunity.

The very recent case of *Mitter v. St. John the Baptist Parish, et. als.*, 920 So.2d 263 (La. App. 5th Cir. 2005) demonstrated that R.S. 9:2798.1 did not provide either the parish or its president governmental immunity in an inverse condemnation proceeding in a suit pursuant to a C.C. Art. 667, general tort, constitutional claim. Speaking for the five (5) judge panel, Judge James C. Gulotta, Judge Pro Tempore, quotes from the trial judge's reasons for judgment and the case of *McCloud v. Parish of Jefferson*, 383 So.2d 477 (La. App. 4th Cir. 1980) which will be discussed later.

The *Mitter* case and others demonstrated that Louisiana appellate court decisions do not always seek out federal law for precedents. Years ago the Louisiana Supreme Court decided in

IMAGED OCT 0 3 '06

4

*Board of Commissioners v. Splendor Shipping & Enterprises Company, Inc.*, 273 So.2d 19 (La. 1973) that sovereign immunity had become "an unfair doctrine that did not function for the public good." This idea was incorporated in Article 12 of the Louisiana Constitution of 1974:

"Sect. 10. Suits Against the State. (A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property. ..."

Paragraph (C) of that same article provided an opening for legislative acts granting statutory immunity:

"(C) Limitations; Procedure; Judgments. Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages..."

Paragraph (C) led to the passage of some legislative acts that are now being argued by the parties. *Stewart v. Schmieder*, 386 So.2d 1351 (La. 1980) and *Gregor v. Argenot Great Cent. Ins. Co.*, 851 So.2d 959 (La. 2003) are two more examples of the Louisiana Supreme Court differing with federal jurisprudence on immunity issues.

### ORAL ARGUMENTS AND QUESTIONS OF FACT

In the course of oral arguments on August 28, 2006, the following issues surfaced:

a) Whether plaintiff's alleged facts (specifically in reference to abandonment, design and operation and negligence in designing and implementing an emergency plan) were sufficient to state a cause of action against Aaron Broussard.

b) Whether a trier of the fact could find that Aaron Broussard's action constituted willful, wanton, recklessness or gross negligence or that he acted without authority in ordering the pumpers to evacuate.

c) Whether R.S. 29:735, 9:2792, R.S. 9:2800, C.C. Arts. 2315 – 2317 or any of them afforded the Parish of Jefferson absolute immunity on this case.

d) Whether R.S. 29:735, 9:2792, R.S. 9:2800, C.C. Arts. 2315 – 2317 were all devoid of temporal elements so that all statutory immunity would apply.