24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 624-894                                                                  DIVISION "I"

MAURICE DE LA HOUSSAYE, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED

VS.

THE PARISH OF JEFFERSON, AND ABC INSURANCE COMPANY

FILED APR 30 2007

C/W FOR DISCOVERY

NO. 635-594                                                                  DIVISION "I"

GAYE T. BENNETT, ET. ALS.

VS.

BOARD OF COMMISSIONERS
FOR THE EAST JEFFERSON LEVEE DISTRICT, ET. ALS.

FILED: _____          _____
                                                              DEPUTY CLERK

### REASONS FOR JUDGMENT

On October 27, 2005, the Maurice de law Houssaye, et al, plaintiffs filed a Petition for Damages against the Parish of Jefferson and ABC Insurance Company. The Court previously considered and ruled on an Exception of No Cause of Action in that case.

On August 28, 2006, Gaye T. Bennett, et als, filed a Class Action Petition for Damages against the Board of Commissioners of the Orleans Levee Board, the Sewerage and Water Board of New Orleans and other named defendants.

At a 06/30/2006 status conference de la Houssaye counsel and defense counsel agreed that the case differed from the other consolidated cases in that it involved the Gegenheimer Gate/ Hoey Basin issues as opposed to the cases involving release of the Jefferson Parish pump operators. It was agreed and the court signed an order deconsolidating the de la Houssaye case.

At a 12/22/2006 status conference a like agreement was reached as to the Bennett case. It was then consolidated with the de la Houssaye case.

Separate Exceptions of No Cause of Action were filed on behalf of the Board of Commissioners of the Orleans Levee Board and the Sewerage and Water Board of New Orleans. Both were argued and taken under advisement on April 13, 2007.

EXHIBIT E

In pre-trial memorandum the Orleans Levee Board addressed: 1) design and maintenance of the 17th Street Canal and 2) breach of acts of assurance to the U.S. Its main argument addresses immunity pursuant to La. R.S. 29:723 the Louisiana Homeland Security and Emergency Assistance and Disaster Act. It argued that R.S. 29:723 acts as an "absolute bar" to a suit for alleged negligence in preparing for any emergency or disaster.

Case law cited by Orleans Levee Board included *Hontex Enterprises, Inc. v. City of Westwego* (La. App. 5th Cir. 2006), 833 So.2d 1092 citing its previous decision in *Elmer v. West Jefferson Levee District* (La. App. 5th Cir. 2001), 803 So. 2d 735.

The levee board disagreed with Judge Stanwood Duval's interpretation of R.S. 29:723 in the Hurricane Katrina case of *Armstead v. Nagin*, 2006 WL 3861769 at pp 15-16 (E.D. La. 2006) stating:

> "the Court does not agree with any tangential inference that the acts or omissions of the levee board performed at times, remote from Hurricane Katrina came under the ambit of the immunity statute LA Rev. Stat. 29:755..."

The levee board preferred Magistrate Wilkenson's reasoning in *Armstead* to Judge Duval's rejection. It also took exception to this Court's ruling and reasons for judgment in previous Jefferson Parish Katrina cases. These included *Levy, et al v. Jefferson, et al.* No. 624-778 and *Loga, et. al. v. Jefferson, et. al.* No. 625-145. It took particular exception to the ruling in *Loga* that "the parish enjoys neither absolute immunity or immunity devoid of a temporal element."

On the subject of breach of assurance the levee board argued no privity of contract.

The Bennett plaintiffs interpreted La. R.S. 29:723 to have application to emergency preparedness acts immediately before, during and after a hurricane or a "force majeure." They argue however, that the statute's immunity is neither absolute or devoid of a temporal element.

Oral argument followed these same general themes. The defendant argued that it had a mandate and that all acts of design, construction and maintenance were acts of emergency preparedness. It argued that the Court's ruling in *Levy and* Loga applying a temporal element as per *Saden v. Kirby*, 660 So.2d 423 (La. 1995), *McCloud v. Parish of Jefferson*, 383 So.2d 447 (La. App. 4th Cir. 1980) and *Eschete v. City of New Orleans and Sewerage & Water Board*, 231 So. 2d 725 (La. 4th Cir. 1970) were either wrongly decided or not applicable.

2

As to breach of assurances to the U.S., defendant's counsel argued that *Cooper v. Louisiana Department of Public Works* (La. App. 3rd Cir. 2004) 870 So. 2d 315 stands alone and the weight of authority is contra.

Plaintiff's counsel for Bennett et. als. argued that Judge Duval's holding in *Armstead v. Nagin* and this Court's ruling in *Levy* and *Loga* were correct. He further argued that defendant's allegations were more appropriate to a motion for summary judgment rather than an exception of no cause of action.

*************************************************************************

### EXCEPTION OF NO CAUSE OF ACTION FILED BY THE SEWERAGE & WATER BOARD OF NEW ORLEANS

The Sewerage & Water Board's exception is based on 1) lack of levee responsibility, 2) responsibility for only a water system and drainage, and 3) R.S. 29:721 statutory immunity. It argues that it has no responsibility for the items listed in paragraphs A through J of the plaintiff's petition, particularly paragraphs A., C., E., G., H., and I.

The plaintiffs content that the segment of the 17th Street Canal south of Pumping Station 6, located in Jefferson Parish is owned y the Sewerage & Water Board of New Orleans. They point to Judge Duvall's Order & Reasons of September 13, 2006, denying the Sewerage & Water Board's two Motions to Dismiss on grounds of R.S. 29:735 based on immunity and lack of garde.

The plaintiffs also reply on this court's rulings in *Levy* and *Loga* above, *Eschete v. City of New Orleans Sewerage & Water Board*, 231 So.2d 725 (La. App. 4th Cir. 1970) and *Kelly v. Boh Bros. Co. Inc.*, 694 So.2d 463 (La. App. 5th Cir. 1997). They contend that *Safford v. Bayou Lafourche Fresh Water District* 872 So. 2d 1127 (La. App. 1st Cir. 2004) and *Yates* 06 – 267 So. 2d (La. App. 5th Cir. 2006) do not support defendant's contentions.

In summary plaintiffs argue that for the purpose of the exception the allegations of the petition are to be accepted as true. Included they argue are the allegations that the Sewerage & Water Board have "immediate responsibility for control and operating the drainage system... and to have owned the bottom of the 17th Street Canal" and therefore had garde. They further argued that La. R.S. 29:2800 liability was sufficiently pled.

As to R.S. 29:721-26 immunity plaintiffs cited *Levy* and *Loga* above, *Clement v. Reeves*, 935 So.2d 279 (La. App. 3rd Cir. 2006) and *Saden v. Kirby*, 660 So.2d 423 (La. 1995). They also cited Judge Duval in In Re Katrina Canal Breaches Consolidated Litigation.

3

Oral argument followed the same general arguments listed above.

Defendants Sewerage & Water Board denied petition paragraphs A., C., E., H., and I. responsibility. Special mention was made as to the Sewerage & Water Board alleged negligence:

"I. Dredging the 17th Street Canal below the sheet pile;

H. Breaching several acts of assurances given to the United States of America through the Army Corps of Engineers enacted for the benefit of the plaintiffs."

Defendant's counsel argued that the Sewerage & Water Board did not itself dredge, but hired contractors to dredge the 17th Street Canal. He argues, however, that it was not liable or responsible due to immunity.

As to *Cooper* above defendant argued that it stood alone and cited cases that held otherwise.

Plaintiffs argued that Judge Duval previously held that the City of New Orleans has garde over the 17th Street Canal and that the Sewerage & Water Board owns the Metairie Relief Canal.

The question of the 17th Street Canal dredging became the subject of a Supplemental Memorandum filed by the Sewerage & Water Board on April 20, 2007 and a Reply Memorandum by the plaintiffs faxed to the court on April 24, 2007.

In the Supplemental Memorandum counsel for the Sewerage & Water Board maintained that he was mistaken when he represented in open court that it hired the contractor that dredged the 17th Street Canal. Counsel then referred to a contract between the Orleans Levee District and Boh Brothers.

In reply Memorandum counsel for the Bennett, et al plaintiffs disagreed. He cited *Kelly v. Boh Bros.* 694 So.2d 463 (La. App. 5th Cir. 1996). He contended that in those cases the Sewerage & Water Board and the Orleans Levee Board were held to be joint venturers and were ultimately held jointly and solidarily liable.

This latest issue will be covered in reasons for judgment.

### CONCLUSIONS OF LAW AS TO THE EXCEPTION FILED BY THE BOARD OF COMISSIONERS OF THE ORLEANS LEVEE BOARD

1. The legal requirements of an exception of no cause of action are set forth in *Kuebler v. Martin*, 578 So.2d 113 (La. 1991) and *Board of Examiners v. Neyrey*, 542 So.2d 56 (La. App. 4th Cir. 1989).

2. The well pleaded allegations of the petition are taken as true.

4

3. Some points raised in support of the Orleans Levee Board's exception are better addressed after discovery and testimony.

4. Sovereign immunity is not the law of Louisiana. See *Board of Commisioners of the Port of New Orleans v. Spendour Shipping & Enterpises Co.*, 273 So.2d 19 (La. 1973).

5. Neither La. R.S. 29:721-26 nor other applicable statutes contain the phrases "absolute immunity" or "without temporal element."

6. The *Hontex* case cited by the defendants involved malfunctioning pumps owned by a private industry and not the governmental entity.

7. *Elmer v. West Jefferson Levee District* was decided on prescription.

8. In *Yates v. Emler*, 948 So.2d 1092 (La. App. 5th Cir. 2006) the plaintiffs failed to prove causation. The court quoted *Hontex* in dicta but found it unnecessary to address negligence.

9. Based on *Eschete v. City of New Orleans, Saden v. Kirby*, the court's reasons in *Levy* and *Loga* and Judge Duvall's ruling in *Armstead v. Nagin* above, the court finds that the Orleans Levee Board enjoys neither "absolute immunity" nor" immunity devoid of temporal element."

10. This court's reasons in *Levy* and *Loga* and Judge Duvall's reasons in *Armstead v. Nagin* are made part hereof by reference.

For the reasons stated above the defendant Board of Commissioners of the Orleans Levee Board's Exception of No Cause of Action will be denied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CONCLUSIONS OF LAW AS TO THE EXCEPTION FILED BY THE SEWERAGE & WATER BOARD OF NEW ORLEANS

1-2. Paragraphs 1 & 2 of the Orleans Levee Board's Conclusion apply.

3. Whether the defendant Sewerage & Water Board had any responsibility for allegations in paragraphs A., C., E., G., H., and I. all require findings of fact and the taking of evidence which have no place in deciding the exception.

4. This is particularly true of the question argued in the supplemental memorandum.

5. Paragraphs 4 & 5 of the Orleans Levee Board conclusions apply.

6. Paragraphs 9 & 10 of the Orleans Levee Board's conclusions apply.

5

7. The following language from *Loga* and Judge Duval's ruling in *Armstead v. Nagin* seem to reach the same conclusion:

*Loga*:

> Specifically, the Court finds that neither R.S. 29:735 nor any of the other statutes provided the parish with immunity for acts and omissions that may have occurred days, months and years before Hurricane Katrina was "even a wave off the coats of Africa."

> The act appears more applicable to emergency preparedness activities performed shortly before, during and after a "force majeure," "act of God" or an actual hurricane.

Judge Duvall:

> The Court agrees that in the context of the Armstead plaintiffs' allegations there is immunity under state law as the thrust of the claims is acts or omissions that took place immediately prior and subsequent to Hurricane Katrina. The Court does not agree with any tangential inference that acts or omissions of the Levee Board performed at times remote from Hurricane Katrina come under the ambit of the immunity statute. La. Rev. Stat. 29:735.

Later in the course of his denial of the Board of Commissioners of the Orleans Levee District and the Sewerage & Water Board of New Orleans Motion to Amend/ alter Judgment and/ or to Certify the Judgment for Immediate appeal, the federal judge observed:

> Moreover, none of the cases cited by the defendants involved a factual situation that was attenuated from the immediate emergency at hand.

For reasons stated the defendant Sewerage & Water Board's Exception of No Cause of Action will be denied.

Signed at Gretna, Louisiana this 30th day of April, 2007.

HONORABLE JOHN L. PEYTAVIN
JUDGE AD HOC
P.O. Box 402
Lutcher, LA 70071
PH. (225) 869-5091
FAX (225) 869-4955

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

6

D-4
634

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 635-594                                                                                       DIV. I

### GAYE T. BENNETT, WILLIAM T. BENNETT, DONNA S. CUMMINGS, KENNETH GORDON AND DIANE GORDON

### VERSUS

### BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, DRAINAGE DEPARTMENT OF JEFFERSON PARISH PUBLIC WORKS DEPARTMENT, JEFFERSON PARISH, SEWERAGE AND WATER BOARD OF NEW ORLEANS, BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, CITY OF NEW ORLEANS, LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, AND THE BOARD OF COMMISSIONERS FOR THE PORT OF NEW ORLEANS

FILED: _____                          APR 30 2007
                                                                                   DEPUTY CLERK

### JUDGMENT

This matter came before the Court on April 13, 2007 on the Exception of No Cause of Action by Defendant Sewerage and Water Board of New Orleans.

Present:    Kevin Tully for the Sewerage and Water Board of New Orleans; and

Bill Gamble for the plaintiffs, Gaye T. Bennett, et als.

After considering the law, the arguments of Counsel, the memoranda submitted by counsel and the record on this matter, for written reasons this day assigned:

IT IS ORDERED, ADJUDGED AND DECREED that the Exception of No Cause of Action by the Defendant Sewerage and Water Board of New Orleans is hereby OVERRULED.

JUDGMENT RENDERED AND SIGNED at Gretna, Louisiana on this 30th day of April, 2007.

JOHN L. PEYTAVIN
JUDGE AD HOC
P.O. Box 402
Lutcher, LA 70071
PH. (225) 869-5091
FAX (225) 869-4955

PLEASE NOTIFY:

All Counsel of Record

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.