UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>* NO.: 05-4182 "K" (2)<br>*<br>* JUDGE DUVAL |
| PERTAINS TO: INSURANCE<br>Debra Cloud No. 06-6093 | * <br>* MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN OPPOSITION TO MOTION FOR NEW TRIAL**

MAY IT PLEASE THE COURT:

By order dated December 11, 2007, this case was dismissed. As grounds for the new trial, the plaintiff argues that he did not know the motion was pending. The Motion to Dismiss was properly filed and served through CM/ECF. E-filing is mandatory as of January 1, 2007. This case was consolidated with those in Master Case 05-4182. The Motion to Dismiss was properly filed in that case.

Moreover, the court is reminded of the matters set forth and supported in the motion to dismiss of the circumstances leading up to the filing of the motion to dismiss, none of which are addressed by plaintiff in the Motion for New Trial, specifically:

- The case was removed to this Court over one year ago, in September of 2006. The deadline for Rule 26 disclosure expired over a year ago.

- In March of 2007, defendant, Allstate Insurance Company ("Allstate"), propounded interrogatories and requests for production.

- On July 24, 2007, after exhausting all reasonable efforts to discuss the plaintiff's failure to make disclosure or respond to the discovery requested, the defendant was forced to file a motion to compel. (The Court is referred to the Motion to Compel, Supporting Memorandum, and Exhibits to same.[1])

- The plaintiff filed no opposition to the motion, nor did plaintiff's counsel contact counsel for the defendant about it.

- On August 8, 2007, the Court granted the motion, ordering the plaintiff to respond within ten days. Additionally, the Court ordered the plaintiff to pay defendant $450 in attorney's fees for complete failure to respond to the discovery. The Order was completely ignored by the plaintiff.

- Prior to filing the motion to dismiss, undersigned counsel attempted to reach plaintiff's counsel by telephone. As of the filing of this motion, the call had not been returned.

---

[1] In a letter dated May 31, 2007, defense counsel wrote:

> Over the last few months, I have left several messages for you regarding the *Cloud* matter, and spoken with Tiffany in your office as well. I have tried repeatedly to contact you to ask that you and your client make a settlement demand, and that you please contact me to discuss this issue. Also, I ask that you please provide me a copy of your disclosures pursuant to Judge Duval's CMO #4.

On July 6, 2007, prior to filing the motion to compel, defense counsel wrote as follows, again in an effort to elicit a response from plaintiff's counsel:

> We are at a loss as to why you have remained silent to our efforts to either discuss settlement or move the captioned matter forward. Unless we either hear from you or receive the plaintiff's Rule 26 disclosures on or before Friday, July 15, we will have to file a motion to compel the disclosures. Prior to our moving the defense of this matter forward, we invite you to tell us what is your clients' settlement demand.

Federal Rule of Civil Procedure 37 allows a district court to enter an order dismissing an action when a party has failed to comply with a discovery order from the court. Fed. R. Civ. P. 37(b)(2)(C). The Supreme Court has stated that while dismissal is the severest of the sanctions available under Rule 37, it "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metropolitan Hockey Club., Inc.*, 427 U.S. 639, 643 (U.S. 1976). In that case, the Court found that the district court's dismissal was warranted in light of the "callous disregard" for the responsibilities imposed by the Federal Rules of Civil Procedure. *Id, See also McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) ("Nevertheless, when a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of extreme sanction is not an abuse of discretion.").

In affirming the award of sanctions, the Fifth Circuit has stated,

> Regardless of [the party's] intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. **They increase the cost of litigation**, to the detriment of the parties enmeshed in it; **they are one factor causing disrespect for lawyers and the judicial process**; and they fuel the increasing resort to means of non-judicial dispute resolution. **Adherence to reasonable deadlines is critical to restoring integrity in court proceedings**. We will not lightly disturb a court's enforcement of those deadlines and find no reason for doing so here.

*Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (Emphasis added.) Counsel has a duty, as an officer, of the court, to cooperate in the discovery process and provide timely, good-faith responses to any requests. *McLeod*, 894 F.2d at 1486.

This Court has found that dismissal is an appropriate sanction when the plaintiff's actions demonstrate a pattern of non-compliance with discovery. *See Taylor v. Lavergne*, No. 97-3525, 1999 WL 179346 (E.D. La. Mar. 31, 1999) (granting dismissal where the plaintiff failed to

- 3 -

respond to discovery requests on three occasions, failed to respond to a motion to compel and failed to oppose the motion to dismiss).

The defendant incurred expenses in exhausting fruitless efforts to move this matter towards resolution. It was neither appropriate, nor obligatory, for the defense to make further efforts to prompt the plaintiff to engage in discovery, or alternatively, to make good faith efforts to settle the case. This is exactly the type of situation that Rule 37 of the Federal Rules of Civil Procedure was designed to address.

In conclusion, and for the foregoing reasons, defendant respectfully urges the court to deny the motion for new trial.

Respectfully submitted,

*s/ Jeanmarie LoCoco Nicholson*
Judy Y. Barrasso, 2814
Jeanmarie LoCoco Nicholson, 8655
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: 504/589-9700

Attorneys for Allstate Insurance
    Company

## CERTIFICATE

I hereby certify that on January 2, 2008, I electronically filed the foregoing Memorandum in Support of Motion to Compel by using the CM/ECF system which will send a notice of electronic filing to counsel of record, as well as by U.S. mail.

*s/ Jeanmarie LoCoco Nicholson*