UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO<br>LEVEE:  07-5184 (Rault Resources, Inc.)<br><br><br><br>* * * * * * * * * * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NUMBER 05-4182<br>& CONSOLIDATED CASES<br><br>SECTION "K"<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**<u>MEMORANDUM IN SUPPORT OF F.R.CIV.P. 12(B)(6) MOTION TO DISMISS</u>**

The Sewerage and Water Board of New Orleans has moved this Court to dismiss plaintiff's Complaint under F.R.Civ.P. 12(b)(6).  The Complaint, filed on August 29, 2007, alleging negligence and fault against the Sewerage and Water Board of New Orleans, as well as others, for flooding and the resulting damages following Hurricane Katrina, is prescribed as against the Sewerage and Water Board of New Orleans.  The Sewerage and Water Board of New Orleans is therefore entitled to an Order, dismissing plaintiff's complaint as against the Sewerage and Water Board of New Orleans with prejudice.

THE LAWSUIT

This lawsuit is one of many recently filed against the Sewerage and Water Board of New Orleans and others, including the United States of America and the United States Army Corps of Engineers.  Plaintiff asserts jurisdiction against the United States and the Army Corps of Engineers pursuant to various federal laws, including the Federal Water Pollution Control Act, 33 U.S.C. 1251, *et seq*., the Coastal Zone Management Act, 16 U.S.C. § 1451,

*et seq.*, the Rivers & Harbors Act, 33 U.S.C. § 403, *et seq.*, the Admiralty/Maritime Law of the United States, the Suits in Admiralty Act, 46 U.S.C. §§ 741 and 752, the Public Vessels Act, 46 U.S.C. §§ 781-790, and the Admiralty Extension Act, 46 U.S.C. § 740.

As to the Sewerage and Water Board of New Orleans and the other defendants, against which plaintiff asserts causes of action arising under Louisiana law, plaintiff invokes jurisdiction in this Court pursuant to 28 U.S.C. § 1367.

As shown in the following sections, plaintiff's claims against the Sewerage and Water Board of New Orleans are prescribed on their face and, therefore, plaintiff bears the burden of proving that prescription was interrupted, suspended, or renounced.

## PLAINTIFF'S ASSERTED CLAIMS AGAINST THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

After reciting a long and now-familiar list of supposed historical factors about the history and construction of the 17th Street Canal, the London Avenue Canal, the Inner Harbor Navigation Canal, the Gulf Intracoastal Waterway ("GIWW), the Mississippi River Gulf Outlet ("MRGO"), and the Lake Pontchartrain and Vicinity Hurricane Protection Project, and summarizing the events during and following Hurricane Katrina's landfall, plaintiff specifies its grievances against the Sewerage and Water Board of New Orleans, all of which are based upon state law causes of action.

The specific allegations against the Sewerage and Water Board of New Orleans are these:

143.

> The following defendants had the legal responsibility and duty to Plaintiff to cause, allow, and/or conduct the aforesaid dredging activity in a manner that would not compromise the safety of the canal's levee/flood wall system: the defendants Corps, OLD, EJLD, and SWB.

* * *

152.

The defendant SWB breached its legal responsibilities and duties to Plaintiff by seeking the dredging permit for the 17th Street Canal, and by failing to withdraw its application for the permit upon learning of the flood protection dangers which might result from the requested dredging activity.

153.

The defendant SWB was negligent in requesting and causing the 17th Street Canal to be dredged to a depth lower than the sheet piles, to be dredged only in the Orleans Parish side, to be dredged too close to the food wall on the Orleans Parish side, and to be dredged generally in a manner that would compromise the safety of the canals/levee flood walls.

154.

The defendant SWB was negligent in refusing to agree to the implementation of the Congressionally-authorized "Barrier Plan," which would have reduced the storm surge from Hurricane Katrina and prevented the adoption of a flawed, alternative plan with respect to the 17th Street Canal.

* * *

160.

The following defendants had the legal responsibility and duty to Plaintiff to design and construct the levees and flood walls of the 17th Street Canal in a manner that would not compromise the safety of the canal's levee/flood wall system: the defendants Corps, OLD, EJLD, and SWB.

* * *

166.

Defendants SWB, OLD and EJLD are negligent for failing to discover through their legal obligations to Plaintiff the risks and dangers associated with the design and construction of the l7th Street Canal levee/flood wall system. These defendants knew or should have known of such dangers, and should have taken all appropriate action to prevent the unsafe design and construction in question, or challenge same.

167.

> The defendants SWB, OLD and EJLD are negligent for objecting to the implementation of the "Barrier Plan," which would have reduced the storm surge associated with Katrina and avoided the alternative, flawed plan implemented for the 17th Street Canal.

* * *

169.

> On information and belief, the defendant SWB also failed to properly respond to actual reports of canal water in the yards of homes adjacent to the 17th Street Canal — an indicator of under-seepage due to the flawed design and construction of flood walls — which were made to the defendant SWB prior to the catastrophe giving rise to this litigation.

*See* Complaint. All of these causes of action arise under and are founded upon Louisiana law.

### THE ONE-YEAR PRESCRIPTION STATUTE APPLIES TO PLAINTIFF'S CLAIMS AGAINST THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

The one-year prescription period set forth in Article 3492 of the Louisiana Civil Code governs plaintiff's tort-based claims against the Sewerage and Water Board of New Orleans. Article 3492 reads, in pertinent part:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

Plaintiff alleges damages caused when New Orleans flooded on August 29, 2005. Therefore, plaintiff had until August 29, 2006, by which to file suit against the Sewerage and Water Board of New Orleans.[1] They failed to do so, and their claims against the Sewerage and Water Board of New Orleans are time barred.

---

[1] The one-year extension to file lawsuits as a result of Hurricanes Katrina and Rita the Legislature passed, LSA—R.S. 22:629(B) does not apply to plaintiff's claims against the Sewerage and Water Board of New Orleans. That statute extends the period of time to file suit by a person having a claim for damages pursuant to a homeowners or other insurance policy.

4

## THE BURDEN OF PROOF SHIFTS

A defendant asserting prescription usually bears the burden of proving that prescription has run except where an action has prescribed on its face.  In such cases – as presented here – plaintiff bears the burden of proving that prescription was interrupted, suspended or renounced as the case law makes clear.

In *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902 (5th Cir. 1985), the Court, applying and citing Louisiana law, stated:  "When an action appears to have prescribed on the face of the petition, the plaintiff bears the burden of establishing facts which would interrupt or suspend prescription." *Id.*, 908-09.  *Also see Terrebonne Parish School Bd. V. Columbia Gulf Transmission Co.*, 290 F.3d 303 (5th Cir. 2002); *Eldredge v.Martin Marietta Corp.*, 207 F.3d 737 (5th Cir. 2000); *Gary v. Camden Fire Insurance Co.*, 96-0055 (La. 7/2/96); 676 So.2d 553, 555 (La. 1996); *Wimberly v. Gatch*, 93-2361 (La. 4/11/94); 635 So.2d 206, 211; *Bouterie v. Crane*, 616 So.2d 657 (La. 1993); *Lima v. Schmidt*, 595 So.2d 624 (La. 1992); *Anderson v. Beauregard Memorial Hospital*, 1997-1222 (La.App. 3 Cir. 3/6/98); 709 So.2d 283, 285; *Spott v. Otis Elevator Co.*, 296 So.2d 865 (La. 1992); *White v. Willis-Knighton Medical Center*, 632 So.2d 1198, 1199 (La.App. 2 Cir. 1994), *writ denied*, 638 So.2d 1098 (La. 1994); *Yarbrough v. Louisiana Cement Company*, 370 So.2d 602, 607 (La.App. 4th Cir. 1979), *writ denied*, 373 So.2d 531 (La.1979); *Marcel v. Hospital Corp. of the Sisters of Saint Joseph*, 322 So.2d 302, 304 (La.App. 1st Cir. 1975).

Because plaintiff's claims against the Sewerage and Water Board of New Orleans are prescribed on their face, plaintiff bears the burden to prove prescription was interrupted, suspended, or renounced.  They will be unable to do so.

## TIMELY SUIT AGAINST THE UNITED STATES DOES NOT REVIVE OR SALVAGE PLAINTIFF'S PRESCRIBED CLAIMS AGAINST THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

The Sewerage and Water Board of New Orleans anticipates plaintiff will contend its arguably timely suit against the United States and the Army Corps of Engineers suspended the running of prescription or somehow resurrects their prescribed claims against the Sewerage and Water Board of New Orleans. The law is to the contrary.

The Louisiana Supreme Court in *Rizer v. American Surety and Fidelity Insurance Co.*, 669 So.2d 387 (La. 1996), held that "once prescription extinguishes a cause of action, a subsequent timely suit against a solidary obligor cannot revive the already prescribed action." *Id.*, 391. Said the Court:

> Once prescription occurs, it cannot be interrupted. Timely suit against one solidary obligor does not interrupt prescription that has run against another solidary obligor.

*Id.*

Similarly, in *Noggarath v. Travelers Insurance Co.*, 557 So. 2d 1036 (La. App. 4 Cir., 1990), the Court held:

> Interruption of prescription against joint tortfeasor A occurs by a timely lawsuit against joint tortfeasor B only as to conduct for which tortfeasors A and B are responsible, and only if the cause of action against tortfeasor A was not prescribed when the suit against tortfeasor B was filed.

*Id.*, 1037. *Also see Woodfield v. Bowman*, 1998 WL 382139, 2 (E.D. La. 1998); *Miller v. K.E. Vogel*, 2003 WL 22966361, 2 (E.D. La. 2003).

In sum, assuming for argument's sake that plaintiff's suit against the United States and the Army Corps of Engineers is timely as to those defendants, plaintiff's prescribed claims against the Sewerage and Water Board of New Orleans are not revived and, as a

matter of law, are prescribed because plaintiff failed to sue the Sewerage and Water Board of New Orleans within one year of the injury and loss.  LSA—C.C. art. 3492.

### PLAINTIFF MAY NOT RELY ON THE PENDING CLASS ACTIONS, THAT MAY HAVE INCLUDED THEM BY DEFINITION, TO INTERRUPT PRESCRIPTION

Plaintiff may argue that pending class actions, which on the terms of the proposed class definition would include it, suffice to interrupt or toll prescription and that, therefore, its separately-filed claims against the Sewerage and Water Board of New Orleans are not prescribed.  The overwhelming weight of authority is to the contrary.

The Fifth Circuit has not yet decided the issue of whether a plaintiff which file its own, otherwise prescribed lawsuit, can rely on a pending class action to interrupt or toll prescription for their claims.  But, the four Circuit Courts of Appeals that have considered the issue – the District of Columbia Circuit, the First Circuit, the Sixth Circuit, and the Ninth Circuit – have said no.  And that position reflects the vast majority of the district courts that have considered this legal issue.

The underlying rationale for the decisions holding that a separately-filed, but otherwise prescribed lawsuit, cannot be salvaged by a pending class action lawsuit is that the Courts, both at the appellate and district court levels, are unwilling to allow plaintiffs who decide to proceed separately to benefit from class action tolling.  To hold otherwise, reasons these courts, would impede judicial economy and offend the policies the United States Supreme Court outlined in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974).

In *American Pipe*, 414 U.S. at 554, 94 S.Ct. 756, the Supreme Court held that the commencement of a class action suspends the applicable statute of limitations as to all

asserted members of the class who would have been parties had the suit been permitted to continue as a class action. *Id*. The tolling period ends, and the statute runs anew, once class certification is granted or denied. The Supreme Court further clarified that tolling not only applied to intervenors into a class action, but also to punitive class members who filed actions on their own once class certification was denied. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349, 103 S.Ct. 3392 (1983).

The factual context and holdings of *American Pipe* and *Crown, Cork & Seal*, contemplated tolling in cases where litigants intervened or filed individual suits after the class certification stage. Left unanswered, and for the lower courts to decide, was whether *American Pipe* and *Crown, Cork & Seal* also permit tolling for a plaintiff to file a separate individual action pending class certification. As noted above, the overwhelming weight of authority answers the question in the negative for the reasons the Sixth Circuit set forth in *Wyser-Pratte Mgmt. Co., Inc. v. Telxon*, 413 F.3d 553, 469 (6th Cir. 2005).

In *Wyser-Pratte* the Court of Appeals held squarely that a plaintiff who filed his own lawsuit could not rely in the tolling affording by a pending class action. Said the Court:

> . . . a number of district courts have held that a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine. The reasoning rests in part on the holding in *Crown* that '[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.' 462 U.S. at 354, 103 S.Ct. 2392. The purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided. One district court explained:
>
> 'Many good purposes are served by such forbearance, as *American Pipe* and *Crown, Cork* themselves spell out. The parties and courts will not be burdened by separate lawsuits which, in any event, may evaporate once a

8

> class has been certified. At the point in a litigation when a decision on class certification is made, investors usually are in a far better position to evaluate whether they wish to proceed with their own lawsuit, or to join a class, if one has been certified.' *In re WorldCom, Inc. Sec. Litig.*, 294 F.Supp.2d 431, 452 (S.D.N.Y.2003)(citing cases), *reconsid. denied*,308 F.Supp.2d 214, 230 (S.D.N.Y.2004).
>
> As is exemplified by *In re Worldcom*, this limitation on class action tolling has taken hold in a number of district courts, with no courts rejecting it, and is not a new proposition. *See, e.g., In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F.Supp.2d 188, 221 (E.D.N.Y.2003); *Rahr v. Grant Thornton LLP*, 142 F.Supp.2d 793, 800 (N.D.Tex.2000); *Stutz v. Minn. Mining & Mfg. Co.*, 947 F.Supp. 399, 404 (S.D.Ind.1996); *Wachovia Bank & Trust Co. v. Nat'l Student Mktg. Corp.*, 461 F.Supp. 999, 1012 (D.D.C.1978). **The reasoning supporting this approach is both sound and persuasive. Even if the limitations period did not commence until July or August 1999, we find in the alternative that WPMC may not rely on the PwC class action to suspend the limitations period on its fraud claims against PwC**.

*Wyser-Pratte*, 413 F.3d at 568-69 (emphasis added.)

In *In re Hanford Nuclear Reservation Litigation*, 497 F.3d 1005 (9th Cir. 2007), the Ninth Circuit followed the rationale of the Sixth Circuit. The Court, deciding that class action tolling did not apply to a separately-filed lawsuit, wrote:

> The Sixth Circuit, which is the only circuit to have addressed the issue directly, has also said no. It held that the purposes of class action tolling under *American Pipe* 'are not furthered when plaintiffs file independent actions before decision on the issue of class certification.' [Citation omitted] Such purposes are only furthered 'when plaintiffs delay until the certification issue has been decided.' [Citation omitted.] The Second Circuit tangentially reached a similar conclusion two decades earlier, when it stated that '[t]he policies behind Rule 23 and American Pipe would not be served, and in fact would be disserved, by guaranteeing a separate suit at the same time that a class action is ongoing.' *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir.1983). Countless federal district courts have come to the similar conclusion that '[a]pplying the tolling doctrine to separate actions filed prior to class certification would create the very inefficiency that American Pipe sought to prevent.' *In re WorldCom, Inc. Sec. Litig.*, 294 F.Supp.2d 431, 451 (S.D.N.Y.2003) (citing cases); *see also In re Heritage Bond Litig.*, 289 F.Supp.2d 1132, 1150 (C.D.Cal.2003).

> We share the prevailing view that precluding tolling in this situation satisfies the judicial economy concerns of *American Pipe* without jeopardizing protections that exist for plaintiffs who opt out of the class. We should not allow a plaintiff to file an individual suit, which is in essence a signal that the plaintiff is opting out of a class, and then simultaneously give the same plaintiff class action benefits. 'The parties and courts [should] not be burdened by separate lawsuits which . . . may evaporate once a class has been certified.' *Wyser-Pratte*, 413 F.3d at 569 (*quoting In re WorldCom*, 294 F.Supp.2d at 452). Courts have recognized that class action tolling is intended to avoid the injustice of requiring putative class members to file individual suits or to lose their claims, but the benefits should not be abused. Tolling is not 'intended to be a tool to manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance on the proposed class action just long enough to validate their otherwise time barred claims.' *Rahr v. Grant Thornton, LLP*, 142 F.Supp.2d 793, 800 (N.D.Tex.2000). **Accordingly, we hold that this individual who filed a separate suit pending a decision on class certification loses the benefit of any statute of limitations tolling under *American Pipe*.**

*Hanford*, 497 F.3d at 1026-27 (emphasis added.) *Also see Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir.1983); *Wachovia Bank and Trust Co., N.A. v. National Student Marketing Corp.*, 650 F.2d 342 (D.C.App. 1981), where the Court of Appeals for the District of Columbia Circuit observed in footnote 7:

> A third issue whether appellants may take advantage of class action tolling warrants only brief comment. *In American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court held that commencement of a class action tolls the running of the statute of limitations 'for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status.' *Id*. at 553, 94 S.Ct. at 766. Hence, a member of the purported class, after denial of certification, may intervene in an individual suit without penalty for the time period during which the class certification issue is pending.
>
> The district court correctly ruled that appellants fail to qualify for the *American Pipe* tolling rule. Here, certification of the class was granted, not denied. Moreover, no intervention was ever attempted; appellants filed their own action nine months before the district court granted certification, and preferred to pursue their own case rather than seek class relief.

*Wachovia*, 650 F.2d at 346, fn. 7.

The large majority of the district courts that have considered this issue have likewise held that a party who files his own individual lawsuit may not rely on the tolling provisions under *American Pipe*. *See, e.g., In Re Enron Corp. Sec., Derivative & ERISA Litig.*, 465 F.Supp.2d 687, 730 (S.D.Tex. 2006); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F.Supp.2d 188, 221 (E.D.N.Y.2003); *In Re Heritage Bond Litigation*, 289 F.Supp.2d 1132, 1150 (C.D.Cal. 2003)) *Rahr v. Grant Thornton LLP*, 142 F.Supp.2d 793 (N.D.Tex.2000); *Stutz v. Minn. Mining & Mfg. Co.*, 947 F.Supp. 399, 404 (S.D.Ind.1996); *In Re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 474146, * 8 (N.D.Ill. Aug. 6, 1998). *But see Lehman v. United Parcel Service, Inc.*, 443 F.Supp.2d 1146, 1151 (W.D.Mo. 2006); *Schimmer v. State Farm Mutual Automobile Ins. Co.*, 2006 WL 2361810 (D.Colo. Aug. 15, 2006);

In sum, the large majority of the courts, including all of the Courts of Appeals, that have considered this issue hold that plaintiffs who file their own, independent action, may not avail themselves of the tolling a pending class action provides to those who wait until after the class action motion is decided. For the reasons set forth in those decisions, including the principles underlying the *American Pipe* ruling, this Court should hold likewise. Therefore, plaintiff here cannot avoid prescription by referring to a pending class action which it has otherwise disavowed. *See In Re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 474146, * 8.

## CONCLUSION

Plaintiff's claims against the Sewerage and Water Board of New Orleans, based upon Louisiana state law, were filed more than one year after they sustained their damages and are

therefore prescribed on the face of the Complaint.  Therefore, plaintiff bears the burden of proving that prescription was interrupted, suspended or renounced.

As shown in the text above, plaintiff's arguably timely lawsuit against the United States of America and the United States Army Corps of Engineers cannot resurrect their otherwise prescribed claims against the Sewerage and Water Board of New Orleans.  Once prescription occurred on plaintiff's claims against the Sewerage and Water Board of New Orleans, their otherwise arguably timely suit under federal law against the United States cannot be used to interrupt or revive prescription that has already run as to the Sewerage and Water Board of New Orleans.  *Rizer v. American Surety and Fidelity Insurance Co.*, 669 So.2d 387 (La. 1996).

Nor may plaintiff rely on the pending class actions to avoid prescription.  Plaintiffs who decide to proceed on their own before this Court decides class certification in *In Re Katrina Canal Breaches Litigation* may not avail themselves of the *American Pipe* tolling rule.  As such, plaintiff cannot escape prescription by resort to the Katrina-related class actions pending in this Court to salvage their otherwise prescribed claims against the Sewerage and Water Board of New Orleans.

Wherefore, defendant Sewerage and Water Board of New Orleans prays that after due proceedings are held, that this Court grant its F.R.Civ.P. 12(b)(6) motion and dismiss plaintiff's claims against the Sewerage and Water Board of New Orleans with prejudice and at plaintiff's cost.

        Respectfully submitted,

        s/Charles M. Lanier, Jr.
        **CHARLES M. LANIER, JR. - #18299, T.A.**
        **KEVIN R. TULLY - #1627**
        **CHRISTOVICH & KEARNEY, LLP**
        601 Poydras Street, Suite 2300
        New Orleans, Louisiana 70130-6078
        Telephone: (504) 561-5700

        **GEORGE R. SIMNO III - #12271**
        **GERARD M. VICTOR - #9815**
        625 St. Joseph Street, Room 201
        New Orleans, Louisiana 70165
        Telephone: (504) 585-2242
        Facsimile:  (504) 585-2426

        ATTORNEYS FOR DEFENDANT SEWERAGE
        AND WATER BOARD OF NEW ORLEANS

<u>**C E R T I F I C A T E**</u>

  I do hereby certify that on the 2nd day of January 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

        s/Charles M. Lanier, Jr.
        CHARLES M. LANIER, JR.
        KEVIN R. TULLY

CK_DOCS 390559v1