UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 (2) |
| | * * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE Chehardy, Nos. 06-1672, 06-1673, 06-1674 | * * * | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ALLSTATE DEFENDANTS' MOTION TO EFFECTUATE THE MANDATE OF THE FIFTH CIRCUIT OR, ALTERNATIVELY, FOR LEAVE TO FILE PARTIAL SUMMARY JUDGMENT MOTION BASED ON ALLSTATE'S WATER DAMAGE EXCLUSION**

Defendants, Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate"), respectfully move for an order effectuating the mandate of the Fifth Circuit as to the claims asserted against Allstate in this matter, or, alternatively, for leave to file a partial summary judgment motion as to plaintiffs' claims for floodwater damage based on Allstate's water damage exclusion – which is separate from the flood exclusion – in Allstate's homeowners' insurance policies.  In further support of its motion, Allstate submits the accompanying Memorandum of Law, which is fully incorporated by reference herein, and states as follows:

1

101097

1.	As the Court is aware, the Fifth Circuit recently held Allstate's flood insurance exclusions unambiguously excluded coverage for flood losses sustained when the levees failed after Hurricane Katrina struck.  *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007) ("*Chehardy*").  Although the Fifth Circuit did not separately address Allstate's additional (and broader) water damage exclusion, the Fifth Circuit did not exempt the water damage exclusion from its reversal of this Court's judgment, and it issued a mandate directing dismissal of the flood claims against the various carriers, including Allstate.

2.	Subsequently, in *Sher v. Lafayette Insurance Company,* No. 07-0757, 2007 WL 4247708 (La. App. 4th Cir. Nov. 19, 2007), two of five justices of the Louisiana Fourth Circuit Court of Appeals opined that Lafayette's flood exclusion in that case was ambiguous, while two of the justices specifically stated their belief that Lafayette's flood exclusion was not ambiguous. *Sher* does not involve a water damage exclusion which, like Allstate's, excludes coverage for any damage resulting from "water or any other substance on or below the surface of the ground, regardless of its source."

3.	On November 26, 2007, this Court entered an order, based on *Sher,* staying all proceedings in the Insurance Umbrella concerning the flood exclusions.  (November 26, 2007 Order *In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182, Record Doc. 9227.)

4.	Although it is Allstate's position that, *Chehardy,* not *Sher,* controls here, and that plaintiffs' levee breach claims can and should be disposed of based solely on the flood exclusions, *Sher* -- which dealt solely with a flood exclusion -- *has no impact whatsoever on Allstate's water damage exclusion.*

5.	There is simply no reason the Court's stay order should apply to a motion based on Allstate's water damage exclusion, and no reason for the Court not to consider that motion.

The Fifth Circuit's mandate in *Chehardy* contemplated dismissal of the flood claims against Allstate, and regardless of whether *Sher* justifies a stay with respect to cases involving the flood exclusion, there is no justification for delaying a decision with respect to Allstate's water damage exclusion. Although the Fifth Circuit did not specifically address Allstate's water damage (as distinguished from flood) exclusion, this Court's ruling was reversed with respect to Allstate and the mandate contemplates dismissal of the claims. The Fifth Circuit's opinion did not carve out Allstate's water damage exclusion from the scope of its reversal. Allstate's water damage exclusion is in fact broader than the flood exclusion, and implicit in the Fifth Circuit's decision is that Allstate's water damage exclusion alone would be sufficient to defeat plaintiffs' claims here.

WHEREFORE defendants, Allstate Insurance Company and Allstate Indemnity Company, respectfully request the Court effectuate the mandate of the Fifth Circuit and dismiss all water damage claims against Allstate. Alternatively, Allstate prays for an order permitting it to file a Motion for Partial Summary Judgment Based on Allstate's Water Damage Exclusion and that the Court order briefing and hearing on the motion forthwith.

Respectfully submitted,

*Judy Y. Barrasso*
Judy Y. Barrasso, 12986
Edward R. Wicker, Jr., 27138
Susan M. Rogge, 28203
   Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
  and Allstate Indemnity Company

101097

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

               *Judy Y. Barrasso*