UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION NO.: 05-4182 (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: INSURANCE | * | MAGISTRATE WILKINSON |
| Chehardy, Nos. 06-1672, 06-1673, 06-1674 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ALLSTATE DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON WATER
DAMAGE EXCLUSION**[1]

Defendants, Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate"), respectfully move for partial summary judgment on plaintiffs' claims for floodwater damage.  As a matter of law, Allstate's water damage exclusion -- which is broader than the typical flood exclusion -- excludes from coverage any damage occurring as a result of "water or any other substance on or below the surface of the ground, *regardless of its source*."  Accordingly, under Rule 56(d)(1), Fed. R. Civ. P.,

---

[1] Allstate has filed, concurrently herewith, a Motion to Effectuate the Mandate of the Fifth Circuit, or, Alternatively, for Leave to File Partial Summary Judgment Motion Based on Allstate's Water Damage Exclusion.  Allstate submits the instant partial summary judgment motion in the event the Court denies Allstate's motion to effectuate the Fifth Circuit's mandate and instead grants Allstate leave to move for partial summary judgment based on its water damage exclusion.

1

Allstate is entitled to an order establishing that plaintiffs are not entitled to recover under their Allstate Homeowners policy as a result of Hurricane Katrina flood damage from the water that flowed on or below the surface of the ground, regardless of where such floodwaters may have come from.

As the Court is aware, the Fifth Circuit recently held Allstate's flood insurance exclusions unambiguously excluded coverage for flood losses sustained when the levees failed after Hurricane Katrina struck. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007) ("*Chehardy*"). Subsequently, in *Sher v. Lafayette Insurance Company,* No. 07-0757, 2007 WL 4247708 (La. App. 4th Cir. Nov. 19, 2007), two of five justices of the Louisiana Fourth Circuit Court of Appeals opined that Lafayette's flood exclusion in that case was ambiguous, while two of the justices specifically stated their belief that Lafayette's flood exclusion was not ambiguous. Based on *Sher,* this Court entered an order staying all proceedings in the Insurance Umbrella concerning the flood exclusions. (November 26, 2007 Order *In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182, Record Doc. 9227.)

Although it is Allstate's position that, *Chehardy,* not *Sher,* controls here, and that plaintiffs' levee breach claims can and should be disposed of based solely on the flood exclusions, *Sher* -- which dealt solely with a flood exclusion -- does not involve language akin to Allstate's water damage exclusion, and any ultimate ruling by the Louisiana Supreme Court in *Sher* will not be dispositive of the issues presented by this motion.[2] As

---

[2] Although the Fifth Circuit did not directly address Allstate's water damage exclusion in its opinion in *Chehardy* because its ruling on Allstate's and other carriers' flood exclusion was dispositive, Allstate's water damage exclusion was briefed and argued in the Fifth Circuit. There is no question that the Fifth Circuit would also have found Allstate's water damage exclusion to exclude the flood losses at issue here. Regardless

demonstrated below, the case law mandates application of the water damage exclusion here. All plaintiffs' claims seeking payment for water damages fail as a matter of law based on Allstate's water damage exclusion. Accordingly, Allstate respectfully submits partial summary judgment is warranted as to those claims.

## ARGUMENT

### I.      STANDARD FOR SUMMARY JUDGMENT MOTIONS.

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. . . . It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action." Fed. R. Civ. P. 56(d)(1).

Here, there is no disputed material issue of fact as to the application of Allstate's water damage exclusion, which shows Allstate is entitled to summary judgment as a matter of law as to plaintiffs' claims seeking payment for floodwater damage.

---

of whether there is any arguable ambiguity about the word "flood", the phrase "water or any other substance on or below the surface of the ground" is hardly ambiguous in the context of the flooding that occurred as a result of the levee and flood wall failures alleged here. "Water" is "water." And the phrase "regardless of its source" is likewise unambiguous. Even if the term "source" is narrowly construed to refer only to geographic origin, the exclusion on its face excludes damage from water on or below the surface of the ground, regardless of where it came from. There can be no doubt that the Fifth Circuit in its *Chehardy* mandate intended the flood damage claims against Allstate to be dismissed, and putting aside the question of whether *Sher* justifies a stay with respect to other flood exclusions, judgment should be rendered forthwith for Allstate on its water damage exclusion.

## II. PLAINTIFFS' CLAIMS SEEKING COVERAGE FOR FLOOD DAMAGE FAIL AS A MATTER OF LAW BASED ON ALLSTATE'S WATER DAMAGE EXCLUSION.

Under settled Louisiana law, the plain terms of an insurance policy must be enforced as written. *See, e.g., Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Moreover, where the policy does not define a particular term, that does not make the term ambiguous; rather the term must be given its plain, ordinary, and generally prevailing meaning. *See, e.g.,* La. Civ. Code art. 2047; *Cadwallader,* 848 So. 2d at 580.

Applying this standard here, Allstate's broad water damage exclusion clearly applies to preclude plaintiffs' water damage claim. Specifically, these claims unquestionably resulted from "water" which exerted "pressure on or flowed, seeped or leaked through the residence premises," and so plaintiffs' claims fall within the plain language of the exclusion.

As the Fifth Circuit's decision in *Chehardy* made clear in addressing the flood damage exclusions, which, if anything, were *narrower* than Allstate's broadly worded water damage exclusion, the levees and the bodies of water they bounded were plainly the source of the floodwaters that damaged plaintiffs' homes:

> [T]he flood exclusions in the plaintiffs' policies are unambiguous in the context of the facts of this case. *In the midst of a hurricane, three canals running through the City of New Orleans overflowed their normal boundaries. The flood-control measures, i.e., levees, that man had put in place to prevent the canals' floodwaters from reaching the city failed. The result was an enormous and devastating inundation of water into the city, damaging the plaintiffs' property.* This event was a "flood" within that term's generally prevailing meaning as used in common parlance, and our interpretation of the exclusions ends there. The flood is unambiguously excluded from coverage under the plaintiffs' all-risk policies, and the district court's conclusion to the contrary was erroneous.

495 F.3d at 221 (emphasis added). So, although the Fifth Circuit in *Chehardy* had no reason to address Allstate's water damage exclusion, since it decided the case based solely on the flood exclusions, *Chehardy* leaves no doubt that the more broadly worded water damage exclusion – *i.e.,* referring to damage caused by water on the ground *regardless of its source* – would preclude coverage for these claims.

The *Sher* decision does not change this result. As noted, the *Sher* court did not address Allstate's more broadly worded water damages exclusion, but instead focused solely on whether the term "flood" in Lafayette Insurance Company's flood exclusion was ambiguous. That exclusion precluded coverage for "Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not." *Sher*, 2007 WL 4247708, at *4. Two of the justices found this flood exclusion ambiguous, because it was "unclear what types of flood are excluded." *Id.* at *5. Justices Tobias and Cannizzaro, however, found no ambiguity whatsoever with regard to the term "flood." *Id.* at *20, 23. (Tobias, J. concurring based on separate reasons; Cannizzaro, J., concurring in part and dissenting in part).

Here, of course, Allstate's water damage exclusion does not refer to "flood" at all. Rather, it precludes coverage for damage due to "Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises." Since Allstate's water damage exclusion does not even refer to the term "flood," the *Sher* decision, which focused solely on that term, simply has no bearing here.

Significantly, courts interpreting identical or substantively similar water damage exclusions have held they unambiguously preclude coverage for water damage – regardless whether the source is natural or "man-made."  For example, in *Carver v. Allstate Ins. Co.*, 76 S.W.3d 901 (Ark. Ct. App. 2002), the court held an identical water damage exclusion precluded coverage for damage caused by a broken water main which flooded the insured's house.  The court stated, in language equally applicable here:  "We find nothing in the exclusion to support the conclusion that it is limited only to naturally occurring water or ground water.  The exclusion clearly and unambiguously indicates that damage from any water on or below the surface which flows into the premises is not covered by the policy, regardless of whether the source is natural or artificial."  *Id.* at 905.

Similarly, in *Buttelworth v. Westfield Insurance Company*, 535 N.E.2d 320 (Ohio Ct. App.  1987), the court held that "[w]hen a homeowner's policy specifically excludes damage from 'water below the surface of the ground including water which * * * seeps or leaks through a * * * foundation,' regardless of its source, a homeowner cannot hold his insurer liable for foundation damage caused by a rupture in his neighbor's plumbing system."  *Id.* at 320.  In so ruling, the court further stated the "exclusion clearly and unambiguously indicates that damage from any water below the surface which seeps through a foundation is not covered by the policy, regardless of whether the source is natural or artificial."  *Id* at 321.

Here, just as the water damage exclusions precluded coverage for damage from a burst water main in *Carver* and a neighbor's ruptured plumbing system in *Buttelworth,* that exclusion plainly precludes coverage for damage from the levee breaches.  To paraphrase *Carver,* the exclusion clearly and unambiguously indicates that damage from

any water on or below the surface which flows into the premises (which is precisely what occurred as a result of the levee breaches) is not covered by the policy, regardless of whether the source is natural or artificial.

### III. THIS COURT'S PRIOR DECISION IN *CHEHARDY* WAS ERRONEOUS AS A MATTER OF LAW IN HOLDING THAT ALLSTATE'S WATER DAMAGE EXCLUSION DID NOT APPLY HERE.

As noted, because the Fifth Circuit concluded in *Chehardy* that the plaintiffs' claims for flood damage were precluded based solely on the flood exclusion, it did not specifically address Allstate's water damage exclusion. Allstate respectfully submits this Court's prior ruling that Allstate's water damage exclusion did not exclude plaintiffs' flood losses was erroneous because it failed to apply the clear and unambiguous language of that exclusion. Indeed, a review of the authorities cited by this Court in support of its decision also shows that decision was erroneous.

In this Court's decision in *Chehardy,* the Court addressed Allstate's water damage exclusion, stating: "With respect to Section 4, from the case law examined concerning this particular exclusion, it does not appear that this exclusion is meant to address water damage caused by negligence of the kind alleged in *Chehardy*." *See In re Katrina Canal Breaches Consol. Litig.,* 466 F. Supp. 2d 729, 772 (E. D. La. 2006), *vacated in part, Chehardy, supra* (*citing West v. Umialik Ins. Co.,* 8 P.3d 1135 (Alaska 2000); *Hudson v. Allstate Ins. Co.*, 809 N.Y.S.2d 124 (N.Y. App. Div. 2006); and *Carver v. Allstate Ins. Co.*, 76 S.W.3d 901 (Ark. Ct. App. 2002)). This Court further stated "the term 'no matter the source' does not address causation, rather it addresses a location from where the water might emanate." 466 F. Supp. 2d at 772. While the term "source" is broader than

mere geographic origin, it makes no difference here.  Even accepting this Court's narrow definition of the term "source," the exclusion still excludes damage from water "on or below the surface of the ground" *regardless* of where it came from.  Accordingly, Allstate respectfully submits that this Court's prior reasoning with respect to Allstate's water damage exclusion was in error, and that with the Fifth Circuit's reversal of this Court's decision this Court is at a minimum required to reevaluate its prior ruling in light of the Fifth Circuit's mandate.

The cases on which this Court relied for its earlier ruling do not support the conclusion reached by this court.  *West* was a case decided under Alaska law involving a subsurface water main that ruptured as a result of settlement.  Indeed, the *West* Court indicated the exclusion in that case *would have applied* if, as here, the damage resulted from an external source.  *West,* 8 P.3d at 1141-42 ("The water damage exclusion describes water exerting pressure, seeping through, or leaking through the building, sidewalk, driveway, foundation, swimming pool, or other structure.  An individual could reasonably interpret this as water from a natural *or external source* seeping through the structure.  The language does not describe the damage incurred by the Wests") (emphasis added).

*Hudson* is likewise wide of the mark.  *Hudson* also involved a ruptured pipe.  The Court there found that Allstate's water damage exclusion did not apply because (1) the burst pipe actually ran above ground level, not "on or below the surface of the ground", and (2) the policy *expressly covered* "the accidental escape of water from a plumbing system." *Hudson*, 809 N.Y.S.2d at 126.  Here, there is no allegation that the source of the water damage was from a plumbing system or that the waters released by the failure of

8

the levees were not flowing "on or below the surface of the ground." So *Hudson* does not support this Court's prior ruling, either.

The final case cited by this Court, *Carver*, *directly supports* application of Allstate's water damage exclusion here. The *Carver* court enforced the *identical Allstate water damage exclusion* to preclude coverage for flooding due to a water main burst near the insured's property. If a water damage exclusion applies to a water main burst, it certainly must apply to flooding due to a levee breach.

Notably, the *Carver* court specifically distinguished another Arkansas case cited by this Court in its *Chehardy* decision – *Ebbing v. State Farm Fire & Cas. Co.*, 1 S.W.3d 459 (Ark. Ct. App. 1999), authored by the same judge that decided *Carver.* As the *Carver* court explained, in *Ebbing,* State Farm denied a claim for water damage as a result of a water main that burst and ran through the insured's home based on the following exclusion: "(C) Water damage, meaning: (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not." *Carver,* 76 S.W.3d at 904-05 (*citing Ebbing*). The *Ebbing* court held the terms "flood" and "surface water" in an exclusion "did not include water from a burst water main because those terms contemplated water from natural causes or sources." *Carver,* 76 S.W.3d at 905 (*citing Ebbing*).

The *Carver* court found *Ebbing* distinguishable, explaining, in language equally applicable here:

> We find *Ebbing* to be distinguishable. The exclusion in *Ebbing* is almost identical to exclusion 1 in the policy at issue in the present case. Appellee did not, however, deny coverage based upon exclusion 1. Rather, appellee denied coverage based on exclusion 4. That exclusion states "water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure

9

> on or flows, seeps or leaks through any part of the residence premises." When the exclusion is read as a part of the contract its plain meaning is to limit the coverage that might otherwise fall within the policy language.

*Carver,* 76 S.W.3d at 905. *Carver* held that exclusion 4 – the same water damage exclusion at issue here – unambiguously precluded coverage in the circumstances presented there, where the source of the water was in fact a man-made water main.

Moreover, on its face, the exclusion's broad reference to water "regardless of its source" does not simply refer to "the location from where the water might emanate." As discussed above, the Fifth Circuit's decision in *Chehardy* leaves no doubt the floodwaters that escaped when the levees breached *were* the "source" of plaintiffs' damages, which brings them squarely within Allstate's broad water damage exclusion.

Indeed, this Court's own ruling in *Chehardy* regarding State Farm's flood exclusion further supports application of the water damage exclusion here. The Court held State Farm's flood exclusion applied to man-made floods because it excluded water damage regardless of the "cause." 466 F. Supp. 2d at 763. Yet, Allstate's water damage exclusion, precluding coverage for damage from water on or below the surface of the ground "regardless of its source" is just as broad as State Farm's flood exclusion. There is simply no legally significant difference between the word "cause" as opposed to the word "source."

Finally, even if the term "source" was construed to mean a geographic location, Allstate's water damage exclusion would *still* apply. The exclusion encompasses damage from water on or below the surface of the ground *regardless where it came from*. Whether the water flowed from the canals or the Mississippi river, and whether it flowed over, under, around or through the levees, is irrelevant. The water that escaped when the

levees breached was unquestionably "water," it was unquestionably flowing "on or below the surface of the ground," and it is therefore excluded "regardless of its source." That clear and unambiguous language excluded plaintiffs' claimed losses here, just as it did in *Carver*. There is no other reasonable interpretation of the word "water," no other reasonable interpretation of the phrase "on or below the surface of the ground," and no other reasonable application of the word "source," whether source refers only to geographic location or to causal origin as well.[3] Accordingly, all plaintiffs' claims seeking payment for such water damages fail as a matter of law and Allstate is entitled to partial summary judgment as to those claims.

---

[3] Unlike the situation with respect to the flood exclusion, Allstate is aware of no case currently pending in the Louisiana appellate courts that addresses the meaning or scope of Allstate's water damage exclusion. In addition, because the language of Allstate's water damage exclusion is clear and unambiguous, any contrary interpretation by the Louisiana courts would constitute an unconstitutional impairment of Allstate's contract rights and would not bind this Court in any event. *See, e.g.,* La. Const. Art. I, § 23.

## CONCLUSION

For all the foregoing reasons, defendants, Allstate Insurance Company and Allstate Indemnity Company, respectfully request the Court grant their Motion for Partial Summary Judgment, to the extent set forth above.

Respectfully submitted,

*Judy Y. Barrasso*
Judy Y. Barrasso, 12986
Edward R. Wicker, Jr., 27138
Susan M. Rogge, 28203
   Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company and Allstate Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*Judy Y. Barrasso*

101104