UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>* | CIVIL ACTION NO.: 05-4182 (2)<br><br>JUDGE DUVAL |
| PERTAINS TO: INSURANCE<br>Chehardy, Nos. 06-1672, 06-1673, 06-1674 | *<br>*<br>* | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF UNDISPUTED MATERIAL FACTS
REGARDING ALLSTATE'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT BASED ON WATER DAMAGE EXCLUSION</u>**

The Amended and Restated Complaint ("Complaint") contains levee breach allegations substantively similar to the other levee breach cases against Allstate which are pending before this Court.  Specifically, plaintiffs allege that in August 2005, Hurricane Katrina made landfall in Louisiana, and that water inundated the Greater New Orleans area.  (*Id.,* ¶¶ 40-45.)  They contend their properties sustained water damage caused by the negligent design, construction, inspection and maintenance of the levees. (*Id.,* ¶¶ 49.)  Plaintiffs assert various counts, *e.g.,* a declaration that their alleged losses were covered under their respective homeowners' policies, breach of contract, claims for violation of the implied covenant of good

faith and fair dealing and Louisiana's bad faith statutes, and breach of fiduciary duty. (*Id., passim.*)

Allstate's homeowner policies contain a flood exclusion similar to those of the ISO carriers that were specifically addressed and upheld by the Fifth Circuit in *Chehardy*. However, Allstate's homeowners insurance policies contain an additional, broadly worded water damage exclusion, which provides:

> We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by:
>
> \*\*\*\*
>
> 4.   Water or any other substance on or below the surface of the ground, regardless of its source.  This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

*See* Exhibit A to Memorandum in Support of Motion to Effectuate the Mandate of the Fifth Circuit or, Alternatively, for Leave to File Partial Summary Judgment Motion, Allstate Insurance Company Deluxe Homeowners Policy (Form AP3339), ALST 230-31.  *See also* Exhibit B to Memorandum in Support of Motion to Effectuate the Mandate of the Fifth Circuit or, Alternatively, for Leave to File Partial Summary Judgment Motion, Allstate Indemnity Company Standard Homeowners Policy (Form AP3345), ALST 288 (same).  This broad exclusion excludes coverage for loss occasioned as a result of water on or below the surface of the ground, regardless of its source, and plainly excludes losses caused by the alleged inundation of the

Greater New Orleans area.  Accordingly, Allstate is entitled to judgment as a matter of law with respect to all such damage claims asserted in the Master Class Action Complaint.

Respectfully submitted,

   *Judy Y. Barrasso*
Judy Y. Barrasso, 12986
Edward R. Wicker, Jr., 27138
Susan M. Rogge, 28203
   Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Attorneys for Allstate Insurance Company
  and Allstate Indemnity Company

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2008, I electronically filed the foregoing Statement of Undisputed Material Facts with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

   *Judy Y. Barrasso*