UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br> <br> <br> <br> PERTAINS TO: INSURANCE <br> Master Class Action Consolidated Complaint <br> (Record Doc. No. 3413) | * <br> *   CIVIL ACTION NO.: 05-4182 "K" (2) <br> * <br> *   JUDGE DUVAL <br> * <br> *   MAGISTRATE WILKINSON <br> * <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### ALLSTATE DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE PARTIAL SUMMARY JUDGMENT MOTION BASED ON ALLSTATE'S WATER DAMAGE EXCLUSION

Defendants, Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate"), respectfully move for leave to file a partial summary judgment motion as to plaintiffs' claims for floodwater damage based on Allstate's water damage exclusion – which is separate from the flood exclusion – in Allstate's homeowners' insurance policies.

As the Court is aware, the Fifth Circuit recently held Allstate's flood insurance exclusions unambiguously excluded coverage for flood losses sustained when the levees failed after Hurricane Katrina struck. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007) ("*Chehardy*"). Although  the Fifth Circuit did not separately address Allstate's additional

(and broader) water damage exclusion, the Fifth Circuit did not exempt the water damage exclusion from its reversal of this Court's judgment, and it issued a mandate directing dismissal of the flood claims against the various carriers, including Allstate.

Subsequently, in *Sher v. Lafayette Insurance Company,* No. 07-0757, 2007 WL 4247708 (La. App. 4th Cir. Nov. 19, 2007), two of five justices of the Louisiana Fourth Circuit Court of Appeals opined that Lafayette's flood exclusion in that case was ambiguous, while two of the justices specifically stated their belief that Lafayette's flood exclusion was not ambiguous. *Sher* does not involve a water damage exclusion which, like Allstate's, excludes coverage for any damage resulting from "water or any other substance on or below the surface of the ground, regardless of its source."

On November 26, 2007, this Court entered an order, based on *Sher,* staying all proceedings in the Insurance Umbrella concerning the flood exclusions. (November 26, 2007 Order *In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182, Record Doc. 9227.)

Although it is Allstate's position that, *Chehardy,* not *Sher,* controls here, and that plaintiffs' levee breach claims can be disposed of based solely on the flood exclusions, *Sher* dealt solely with a flood exclusion and the ultimate decision in that case will have no impact whatsoever on Allstate's separate and more expansive water damage exclusion.

Accordingly, there is no reason the Court's stay order should delay either consideration or disposition of a motion based on Allstate's water damage exclusion. The Fifth Circuit's mandate in *Chehardy* contemplated dismissal of the flood claims against Allstate, and regardless of whether *Sher* justifies a stay with respect to cases involving the flood exclusion, there is no justification for delaying a decision with respect to Allstate's water damage exclusion.

Although the Fifth Circuit did not specifically address Allstate's water damage (as distinguished from flood) exclusion, this Court's ruling was reversed with respect to Allstate and the mandate contemplates dismissal of the claims. The Fifth Circuit's opinion did not carve out Allstate's water damage exclusion from the scope of its reversal. Allstate's water damage exclusion is in fact broader than the flood exclusion, and implicit in the Fifth Circuit's decision is that Allstate's water damage exclusion alone would be sufficient to defeat plaintiffs' claims here. Accordingly, Allstate respectfully requests that the Court grant Allstate's motion for leave to file the accompanying partial summary judgment motion based on Allstate's water damage exclusion.

## ARGUMENT

In addition to the flood exclusions specifically addressed and upheld by the Fifth Circuit in *Chehardy,* Allstate's homeowners insurance policies contain a ***separate***, broadly worded water damage exclusion, which provides:

> We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by:
> \*\*\*\*
> 4. Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

*See* Exhibit A, Allstate Insurance Company Deluxe Homeowners Policy (Form AP3339), attached to the authenticating Affidavit of Tamara Johnson, at ALST 23-24. *See also* Exhibit B, Allstate Indemnity Company Standard Homeowners Policy (Form AP3345), attached to authenticating Affidavit of Steve Henderson, at ALST 68-69 (same).

In *Sher, supra,* on which this Court based its November 26, 2007 stay order, the court did not address this type of water damages exclusion at all. Rather, the *Sher* court focused solely on

3

whether the term "flood" in Lafayette Insurance Company's flood exclusion was ambiguous. That exclusion precluded coverage for "Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not." *Sher*, 2007 WL 4247708, af *4. Although two of the justices opined that this flood exclusion was ambiguous, Justices Tobias and Cannizzaro found no ambiguity whatsoever with regard to the term "flood." *Id.* at *20, 23. (Tobias, J. concurring based on separate reasons; Cannizzaro, J., concurring in part and dissenting in part).

In other words, the *Sher* decision was limited solely to the flood exclusion at issue in that case. Here, Allstate's water damage exclusion does not refer to "flood" at all. Rather, it precludes coverage for damage from "[w]ater * * * on or below the surface of the ground, regardless of its source." Since Allstate's water damage exclusion does not even refer to the term "flood," the *Sher* decision, which focused solely on that term in a completely different flood exclusion, has no bearing here.

Since *Sher* is irrelevant, there is simply no reason this Court's stay order, premised on *Sher,* should apply to Allstate's partial summary judgment motion based on its separate water damage exclusion. Indeed, a definitive ruling on the application of Allstate's water damage exclusion will narrow the issues in these cases and may well facilitate settlement of all or some of the claims.

## CONCLUSION

For all the foregoing reasons, defendants, Allstate Insurance Company and Allstate Indemnity Company, respectfully request the Court grant their Motion for Leave to File Partial Summary Judgment Based on Allstate's Water Damage Exclusion.

                                                   Respectfully submitted,

                                                   *Judy Y. Barrasso*
                                                   Judy Y. Barrasso, 12986
                                                   Edward R. Wicker, Jr., 27138
                                                   Susan M. Rogge, 28203
                                                      Of
                                                   BARRASSO USDIN KUPPERMAN
                                                    FREEMAN & SARVER, L.L.C.
                                                   909 Poydras Street, Suite 1800
                                                   New Orleans, Louisiana 70112
                                                   Telephone:  (504) 589-9700

                                                 Attorneys for Allstate Insurance Company
                                                   and Allstate Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing Statement of Undisputed Material Facts with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                                 *Judy Y. Barrasso*

101119