UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: INSURANCE | * | MAGISTRATE WILKINSON |
| Master Class Action Consolidated Complaint | * | |
| (Record Doc. No. 3413) | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**ALLSTATE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
BASED ON WATER DAMAGE EXCLUSION**

Defendants, Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate"), respectfully move for partial summary judgment as to plaintiffs' claims for floodwater damage based on Allstate's water damage exclusion.  In further support of its motion, Allstate submits the accompanying Memorandum of Law, which is fully incorporated by reference herein, and states as follows:

1. Allstate's water damage exclusion is completely separate from the flood exclusion in Allstate's homeowners' insurance policies.

2. As the Court is aware, the Fifth Circuit recently held Allstate's flood insurance exclusions unambiguously excluded coverage for flood losses sustained when the levees failed

2

after Hurricane Katrina struck. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007) ("*Chehardy*").

3. Subsequently, in *Sher v. Lafayette Insurance Company.,* No. 07- 0757, 2007 WL 42447708 (La. App. 4th Cir. Nov. 19, 2007), two of five justices of the Louisiana Fourth Circuit Court of Appeals opined that Lafayette's flood exclusion in that case was ambiguous, while two of the justices specifically stated their belief that Lafayette's flood exclusion was not ambiguous. Based on *Sher,* this Court entered an order staying all proceedings in the Insurance Umbrella concerning the flood exclusions. (November 26, 2007 Order *In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182, Record Doc. 9227.)

4. Although it is Allstate's position that, *Chehardy,* not *Sher,* controls here, and that plaintiffs' levee breach claims can and should be disposed of based solely on the flood exclusions, *Sher* -- which dealt solely with a flood exclusion -- does not involve language akin to Allstate's water damage exclusion, and any ultimate ruling by the Louisiana Supreme Court in *Sher* will not be dispositive of the issues presented by this motion.

5. As demonstrated in the accompanying Memorandum of Law, the case law mandates application of the water damage exclusion here. All plaintiffs' claims seeking payment for water damages fail as a matter of law based on Allstate's water damage exclusion.

101121

WHEREFORE, defendants, Allstate Insurance Company and Allstate Indemnity Company, respectfully request the Court grant their Motion for Partial Summary Judgment.

Respectfully submitted,

*Judy Y. Barrasso*
Judy Y. Barrasso, 12986
Edward R. Wicker, Jr., 27138
Susan M. Rogge, 28203
   Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
 and Allstate Indemnity Company

### CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing Statement of Undisputed Material Facts with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*Judy Y. Barrasso*