UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * * * | CIVIL ACTION NO.: 05-4182 (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| PERTAINS TO: INSURANCE Chehardy, Nos. 06-1672, 06-1673, 06-1674 | | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ALLSTATE DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO EFFECTUATE THE MANDATE OF THE FIFTH CIRCUIT OR, ALTERNATIVELY, FOR LEAVE TO FILE PARTIAL SUMMARY JUDGMENT MOTION BASED ON ALLSTATE'S WATER DAMAGE EXCLUSION**

Defendants, Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate"), respectfully move for an order effectuating the mandate of the Fifth Circuit as to the claims asserted against Allstate in this matter, or, alternatively, for leave to file a partial summary judgment motion as to plaintiffs' claims for floodwater damage based on Allstate's water damage exclusion – which is separate from the flood exclusion – in Allstate's homeowners' insurance policies.

As the Court is aware, the Fifth Circuit recently held Allstate's flood insurance exclusions unambiguously excluded coverage for flood losses sustained when the levees failed after Hurricane Katrina struck. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir.

2007) ("*Chehardy*"). Although the Fifth Circuit did not separately address Allstate's additional (and broader) water damage exclusion, the Fifth Circuit did not exempt the water damage exclusion from its reversal of this Court's judgment, and it issued a mandate directing dismissal of the flood claims against the various carriers, including Allstate.

Subsequently, in *Sher v. Lafayette Insurance Company,* No. 07- 0757, 2007 WL 4247708 (La. App. 4th Cir. Nov. 19, 2007), two of five justices of the Louisiana Fourth Circuit Court of Appeals opined that Lafayette's flood exclusion in that case was ambiguous, while two of the justices specifically stated their belief that Lafayette's flood exclusion was not ambiguous. *Sher* does not involve a water damage exclusion which, like Allstate's, excludes coverage for any damage resulting from "water or any other substance on or below the surface of the ground, regardless of its source."

On November 26, 2007, this Court entered an order, based on *Sher,* staying all proceedings in the Insurance Umbrella concerning the flood exclusions. (November 26, 2007 Order *In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182, Record Doc. 9227.)

Although it is Allstate's position that, *Chehardy,* not *Sher,* controls here, and that plaintiffs' levee breach claims can and should be disposed of based solely on the flood exclusions, *Sher* dealt solely with a flood exclusion and the ultimate decision in that case will have no impact whatsoever on Allstate's separate and more expansive water damage exclusion.

Accordingly, there is no reason the Court's stay order should delay either consideration or disposition of a motion based on Allstate's water damage exclusion. The Fifth Circuit's mandate in *Chehardy* contemplated dismissal of the flood claims against Allstate, and regardless of whether *Sher* justifies a stay with respect to cases involving the flood exclusion, there is no justification for delaying a decision with respect to Allstate's water exclusion.

Although the Fifth Circuit did not specifically address Allstate's water damage (as distinguished from flood) exclusion, this Court's ruling was reversed with respect to Allstate and the mandate contemplates dismissal of the claims. The Fifth Circuit's opinion did not carve out Allstate's water damage exclusion from the scope of its reversal. Allstate's water damage exclusion is in fact broader than the flood exclusion, and implicit in the Fifth Circuit's decision is that Allstate's water damage exclusion alone would be sufficient to defeat plaintiffs' claims here. Accordingly, Allstate respectfully requests that the Court grant Allstate's motion to effectuate the mandate of the Fifth Circuit and dismiss all water damage claims against Allstate. Alternatively, Allstate prays for an order permitting it to file the accompanying partial summary judgment motion based on Allstate's water damage exclusion.

## ARGUMENT

In addition to the flood exclusions specifically addressed and upheld by the Fifth Circuit in *Chehardy,* Allstate's homeowners insurance policies contain a ***separate***, broadly worded water damage exclusion, which provides:

> We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by:
> \*\*\*\*
> 4.   Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

*See* Exhibit A, Allstate Insurance Company Deluxe Homeowners Policy (Form AP3339), ALST 230-21.  *See also* Exhibit B, Allstate Indemnity Company Standard Homeowners Policy (Form AP3346), at ALST 288 (same).

In *Sher, supra,* on which this Court based its November 26, 2007 stay order, the court did not address this type of water damages exclusion at all. Rather, the *Sher* court focused solely on

whether the term "flood" in Lafayette Insurance Company's flood exclusion was ambiguous. That exclusion precluded coverage for "Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not." *Sher*, 2007 WL 4247708, at *4. Although two of the justices opined that this flood exclusion was ambiguous, Justices Tobias and Cannizzaro found no ambiguity whatsoever with regard to the term "flood." *Id.* at *20, 23. (Tobias, J. concurring based on separate reasons; Cannizzaro, J., concurring in part and dissenting in part).

In other words, the *Sher* decision was limited solely to the flood exclusion at issue in that case. Here, Allstate's water damage exclusion does not refer to "flood" at all. Rather, it precludes coverage for damage from "[w]ater * * *  on or below the surface of the ground, regardless of its source." Since Allstate's water damage exclusion does not even refer to the term "flood," the *Sher* decision, which focused solely on that term in a completely different flood exclusion, has no bearing here.

Since *Sher* is irrelevant, there is simply no reason this Court's stay order, premised on *Sher,* should apply to enforcement of the Fifth Circuit's mandate with respect to Allstate. Alternatively, this Court should grant leave for Allstate to file a partial summary judgment motion based on its separate water damage exclusion. Indeed, a definitive ruling on the application of Allstate's water damage exclusion will narrow the issues in these cases and may well facilitate settlement of all or some of the claims.

## **CONCLUSION**

For all the foregoing reasons, defendants, Allstate Insurance Company and Allstate Indemnity Company, respectfully request the Court effectuate the mandate of the Fifth Circuit and dismiss all water damage claims against Allstate. Alternatively, Allstate prays for an order

permitting it to file a Motion for Partial Summary Judgment Based on Allstate's Water Damage Exclusion and that the Court order briefing and hearing on the motion forthwith.

                              Respectfully submitted,

                              *Judy Y. Barrasso*
Judy Y. Barrasso, 12986
Edward R. Wicker, Jr., 27138
Susan M. Rogge, 28203
  Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
  and Allstate Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                              *Judy Y. Barrasso*

101101