UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO: 05-4182 |
| PERTAINS TO:     INSURANCE | * * * | SECTION "K"(2) |
| CHUDD & ARVIS ABRAM, ET AL<br>    Plaintiffs | * * * | CIVIL ACTION |
| STATE FARM FIRE AND CASUALTY COMPANY<br>    Defendant | * * * | NO: 07-5205<br><br>SECTION "K"(2) |

*******************************************************************************

## ANSWER AND DEFENSES

NOW COMES Defendant, State Farm Fire and Casualty Company ("State Farm"), erroneously referred to in Plaintiffs' Petition as "State Farm Insurance Company," through undersigned counsel, and in answer to the Plaintiffs' Petition for Damages ("Petition"), and upon information and belief, respectfully represents as follows:

### FIRST DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

{N0032632}

**SECOND DEFENSE**

The Petition fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The claims stated in the Petition are based on a contract of insurance between the parties. State Farm avers that the respective policies issued to Plaintiffs, being written contracts, are the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

**FOURTH DEFENSE**

The damages sought by Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm insurance policies.

**FIFTH DEFENSE**

State Farm did not have any general or specific duties to Plaintiffs under the facts alleged in Plaintiffs' Petition. Further, assuming arguendo that State Farm had general and/or specific duties to the insureds under the facts alleged, no such duties were breached.

**SIXTH DEFENSE**

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the policies at issue, as is required by jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm insurance policies.

**SEVENTH DEFENSE**

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been

paid everything that they are owed under their insurance policies, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit or a setoff for all amounts previously paid.

## EIGHTH DEFENSE

To the extent that State Farm has made any payments to which Plaintiffs are not entitled, State Farm reserves and asserts its rights to recover those amounts by reconventional demand or counter-claim.

## NINTH DEFENSE

State Farm avers that any item of damage claimed by Plaintiffs against the insurance policies at issue which resulted from flood damage, regardless of whether such damage is allegedly related to storm surge or to any breach, break, or collapse of any levee, floodwall or flood protection structure, or allegedly related to the alleged negligence, gross negligence, or inaction of any government official or agency at any level, are barred by the water damage exclusion of the policies, which provide:

**Homeowners Policy – FP 7955 and Homeowners Policy Form 3 - FP 7923**

### SECTION I – LOSSES NOT INSURED

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

　　c.　**Water Damage**, meaning:

　　　　(1)　flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not; . . .

**Homeowners Form 5 - FP 7925**

## SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

   c.   **Water Damage**, meaning:

      (1)   flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not; . . .

**Manufactured Home Policy - FP 7933.1**

## SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

…

   c.   **Water Damage**, meaning:

      (1)   flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not…

**Rental Dwelling Policy – FP 8103.3:**

## SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

…

    c.    **Water Damage**, meaning:

        (1)    flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind….

**Renters Policy – FP 7954:**

1.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

…

    c.    **Water Damage**, meaning:

        (1)    flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not . . . .

**Apartment Policy – FP-6107**

1.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insured for such loss regardless of:  (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:

    d.    water, such as:

        (1)    flood, surface water, waves, tides, tidal waves, overflow of any body of water or their spray, all whether driven by wind or not…

### **TENTH DEFENSE**

    State Farm avers that the insurance policies at issue exclude the following losses:

**Homeowners Policy – FP 7955**

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately

above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

 a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

 b. defect, weakness, inadequacy, fault or unsoundness in:

  (1) planning, zoning, development, surveying, siting;

  (2) design, specifications, workmanship, construction, grading, compaction;

  (3) materials used in construction or repair; or

  (4) maintenance;

 of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

 c. weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

**Homeowners Policy Form 3 - FP 7923, Homeowners Form 5 - FP 7925, Manufactured Home Policy - FP 7933.1; Rental Dwelling Policy – FP 8103.3:**

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

 a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault; or

 b. defect, weakness, inadequacy, fault or unsoundness in:

  (1) planning, zoning, development, surveying, siting;

  (2) design, specifications, workmanship, construction, grading, compaction;

  (3) materials used in construction or repair; or

    (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**.

However, we do insure for any resulting loss from items a. and b. unless the resulting loss is itself a Loss Not Insured by this Section.

**Renters Policy – FP 7954:**

2. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

  a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

  b. defect, weakness, inadequacy, fault or unsoundness in:

    (1) planning, zoning, development, surveying, siting;

    (2) design, specifications, workmanship, construction, grading, compaction;

    (3) materials used in construction or repair; or

    (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

  c. weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

**Apartment Policy – FP-6107:**

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

{N0032632}    7

      a.    conduct, acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

      b.    faulty, inadequate, unsound or defective;

          (1)    planning, zoning, development, surveying, siting;

          (2)    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

          (3)    materials used in repair, construction, renovation or remodeling; or

          (4)    maintenance;

          of part or all of any property (including land, structures or improvements of any kind) on or off the described premises.

      But if accidental direct physical loss results from items 3.a. and 3.b., we will pay for that resulting loss unless the resulting loss is itself on of the losses not insured in this section.

### ELEVENTH DEFENSE

State Farm avers that the insurance policies at issue exclude the following losses:

**Homeowners Policy – FP 7955, Homeowners Policy Form 3 - FP 7923 and Homeowners Form 5 - FP 7925; Manufactured Home Policy - FP 7933.1**

2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

          …

      d.    **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

**Rental Dwelling Policy – FP 8103.3:**

2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure

{N0032632}    8

      for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

…

    d.    **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered by a Loss Insured.

**<u>Renters Policy – FP 7954:</u>**

1.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

…

    d.    **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

## TWELFTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for which State Farm is not responsible.

## THIRTEENTH DEFENSE

State Farm avers that if any of Plaintiffs' damages are a result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

## FOURTEENTH DEFENSE

Plaintiffs' recovery pursuant to the policies at issue, if any, is limited to any previously uncompensated losses covered by such policy. Plaintiffs may not recover for losses previously

compensated under any policy providing flood insurance and State Farm reserves its right to seek an offset for such payments.

**FIFTEENTH DEFENSE**

To the extent that Plaintiffs were insured under a flood insurance policy and received payment pursuant to such policy for Hurricane Katrina losses, Plaintiffs are estopped from asserting or claiming that any losses previously compensated under their flood insurance policy were caused by wind.

**SIXTEENTH DEFENSE**

State Farm adjusted Plaintiffs' claim in good faith, in accordance with the terms and conditions of the applicable State Farm insurance policies, and in compliance with applicable statutory or jurisprudential law.

**SEVENTEENTH DEFENSE**

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

**EIGHTEENTH DEFENSE**

To the extent that Plaintiffs allege that State Farm or the insurance agent made misrepresentations that misled them about coverage for "hurricane" damage or the scope of their policies' conditions and exclusions, Plaintiffs were in possession of clear policy language indicating such damage was excluded. An insured is responsible for reading his policy and presumed to know its terms, such that Plaintiffs could not justifiably rely on any alleged misrepresentations of State Farm or the insurance agent about the type of coverage they had when they were in possession of the policy which made clear indications to the contrary.

**NINETEENTH DEFENSE**

To the extent that Plaintiffs allege that State Farm or the insurance agent made misrepresentations, Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and/or its Agent and, as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of their insurance policies, particularly their respective State Farm homeowners and rental dwelling policies, and if applicable, the Standard Flood Insurance Policy.

**TWENTIETH DEFENSE**

Although State Farm denies that State Farm in any manner breached its contractual or statutory duties to the Plaintiffs, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

**TWENTY-FIRST DEFENSE**

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claims for recovery of damages under their State Farm policies, State Farm pleads such representations are in violation of the terms and conditions of said policies thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said policies which are pled as if copied in their entirety.

**TWENTY-SECOND DEFENSE**

To the extent that Plaintiffs' claim they may be entitled to recovery under their insurance policies in accordance with LSA-R.S. 22:695, Louisiana's Valued Policy Law, State Farm denies that the Valued Policy Law applies to this claim. State Farm further avers that Plaintiffs have not

suffered a total loss, and that their loss was not caused by a covered peril, but was instead caused by an excluded peril.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm contends that these amendments do not have retroactive effect.

### TWENTY-FOURTH DEFENSE

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm avers that to give retroactive effect to such amendments, or to apply them to alleged violations that occurred prior to the effective date of the amendments, would violate the due process provisions and prohibition against ex post facto laws found in the Constitutions of the United States and the State of Louisiana.

### TWENTY-FIFTH DEFENSE

Should it be found that the damages sought by Plaintiffs were caused in part by a covered peril and that any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policies.

### TWENTY-SIXTH DEFENSE

To the extent Plaintiffs seeks to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek a retroactive rate revision of the applicable State Farm insurance policies or to impose on State Farm a rate structure that has not

been filed or approved by the Louisiana Insurance Rating Commission ("LIRC") in accordance with LSA-R.S. 22:1401, *et seq.*, in violation of the filed rate doctrine and Louisiana law.

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiffs' claims constitute an improper attempt to achieve de novo judicial review or otherwise to collaterally attack the prior decisions of the Louisiana Department of Insurance ("LDI") and LIRC contrary to procedures established by settled Louisiana law. Therefore, Plaintiffs' claims are barred by separation of powers.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiffs' claims interfere with the exclusive or primary jurisdiction of the LDI and LIRC, including their jurisdiction over forms, rates, and penalties.

## TWENTY-NINTH DEFENSE

State Farm has detrimentally relied upon prior approval of its rates and policy forms by the LDI and LIRC and upon acceptance by its policyholders of policies offered in accordance with the approved rates and forms.

## THIRTIETH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to impair the obligations of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

**THIRTY-FIRST DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

**THIRTY-SECOND DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

**THIRTY-THIRD DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a deprivation of liberty and property in contravention of State Farm's due process rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

**THIRTY-FOURTH DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by

arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to deprive State Farm of equal protection in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### THIRTY-FIFTH DEFENSE

Some or all of Plaintiffs' claims are preempted by the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq., and the Supremacy Clause of the Constitution of the United States.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Louisiana.  Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

**AND NOW**, in answer to the specific allegations of the Complaint, State Farm asserts and avers as follows:

**1.**

The allegations contained in paragraph I of the Petition are denied for lack of sufficient information to justify a belief as to the truth therein at this time.

**2.**

The allegations contained in paragraph II of the Petition are denied for lack of sufficient information to justify a belief as to the truth therein at this time.

**3.**

The allegations contained in paragraph III of the Petition are denied.

**4.**

The allegations contained in paragraph IV of the Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

**5.**

The allegations contained in paragraph V are denied.  The policies issued to Plaintiffs, being written contracts, are the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, but not limited to, the exclusion for water damage and the anti-concurrent cause clause.

**6.**

The allegations contained in paragraph VI are denied; however, to the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that Plaintiffs have already been paid everything that they are owed under their insurance policies.  The policies issued to Plaintiffs, being written contracts, are the best evidence of the

terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, but not limited to, the exclusion for water damage and the anti-concurrent cause clause.

### 7.

The allegations contained in paragraph VII are denied.

### 8.

The allegations contained in paragraph VIII are denied.

### 9.

The allegations contained in paragraph IX require no answer on the part of State Farm and it relies on Plaintiffs' request for a jury trial.

### 10.

The allegations contained in paragraph X are denied.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company prays that this Answer be deemed good and sufficient, and that after due proceedings are had, this matter be dismissed, with prejudice.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, LEBLANC AND BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
*Attorneys for State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2008 I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                **/s/ David A. Strauss**
                                                **DAVID A. STRAUSS**