UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
|         06-1885 | * | JUDGE DUVAL |
|         06-4024 | * | |
|         06-4389 | * | MAGISTRATE WILKINSON |
|         06-5771 | * | |
|         06-5786 | * | |
|         06-6099 | * | |
|         07-0206 | * | |
|         07-3500 | * | |
|         07-3612 | * | |

* * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM
IN SUPPORT OF MOTION TO
RESCIND ORDER ON MOTION, ETC.**

**MAY IT PLEASE THE COURT:**

Plaintiffs respond to each of the numbered paragraphs on pages 2 and 3 on the Court's Hearing on Motion of September 19, 2007 (Record Document No. 7762) as follows:

1. The appeals in District Court Civil Action Nos. 06-1885 and 06-4024 are very much "alive" in the Fifth Circuit.  See Fifth Circuit Case Nos. 07-30706 c/w 07-30771 c/w 07-31141.

-1-

2. Refer to the Affidavit of Ashton R. O'Dwyer, Jr., attached as Exhibit No. 1. Briefly, O'Dwyer owes his IT expert some $10,000 and will not be in a position to ask the expert to perform the work necessary to make the necessary corrections until he is in a position to make a payment on account, and he is not in that position at the moment. Plaintiffs respectfully request additional time in order to correct duplications to explain the other insufficiencies noted by the Court so as not to deprive plaintiffs of substantive rights.

3. The "good cause" is simply the fact that the proposed amendments are being sought in order to ensure that each of the O'Dwyer clients "has been specifically named as a party-plaintiff on the date of the two-year anniversary of Hurricane KATRINA" in order to ensure that their rights pursuant to the provisions of the Federal Tort Claims Act and/or the Suits in Admiralty Act and/or the Admiralty Jurisdiction Extension Act (see infra) were perfected within the two-year statute of limitations period contained in each statute,[1] and that plaintiffs may lose substantive legal rights unless the proposed amendments are allowed;

4. Undersigned counsel is currently awaiting decisions from the United States Court of appeals for the Fifth Circuit on the applicability of the Admiralty Jurisdiction Extension Act. See Fifth Circuit Case Nos. 06-30705, 07-30706 and 07-30771;

5. No party will be prejudiced by the proposed amendments, which may result in prejudice to and the loss of substantive rights to plaintiffs unless

---

[1] 28 U.S.C. §2401(b); 46 U.S.C. §745; 46 U.S.C. §740.

granted.² Plaintiffs further respectfully submit that they and their counsel should be granted additional time in order to comply with the Hearing Order on Motion of September 19, 2007 (Record Document No. 7762).

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**
        **Counsel for Plaintiffs**

        By: <u>  S/Ashton R. O'Dwyer, Jr.        </u>
        Ashton R. O'Dwyer, Jr.
        Bar No. 10166
        821 Baronne Street
        New Orleans, LA 70113
        Tel. 504-679-6166
        Fax. 504-581-4336

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 7th day of January 2008.



        S/Ashton R. O'Dwyer, Jr.

---

² A Complaint was recently filed in This Honorable Court, Civil Action No. 07-5023, to which an Exhibit containing some 350,000 names was purportedly attached. Plaintiffs in the civil action numbers referenced, <u>supra</u> are being held to a higher standard than counsel for the 350,000 names in Civil Action No. 07-5023 which plaintiffs herein aver can't possibly be "perfectly" listed.