## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERCOM COMMUNICATIONS CORP. | § | CIVIL ACTION |
| | § | NO.  07-5375 |
| v. | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| UNITED STATES OF AMERICA, | § | |
| WASHINGTON GROUP INTERNATIONAL, INC., | § | |
| BOARD OF COMMISSIONERS OF THE | § | |
| ORLEANS LEVEE DISTRICT, AND BOARD | § | |
| OF COMMISSIONERS OF THE LAKE BORGNE | § | |
| BASIN LEVEE DISTRICT, BOARD OF | § | |
| COMMISSIONERS OF THE EAST JEFFERSON | § | |
| LEVEE DISTRICT, SEWERAGE AND WATER | § | |
| BOARD OF NEW ORLEANS, ST. PAUL FIRE & | § | |
| MARINE INSURANCE COMPANY, NATIONAL | § | |
| UNION FIRE INSURANCE COMPANY OF | § | |
| PITTSBURGH, BOARD OF COMMISSIONERS | § | |
| FOR THE PORT OF NEW ORLEANS, CSX | § | |
| CORPORATION, CSX TRANSPORTATION, INC., | § | |
| & THE PUBLIC BELT RAILROAD COMMISSION | § | |
| FOR THE CITY OF NEW ORLEANS | § | |
| | § | |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
## TO PLAINTIFF'S COMPLAINT

Defendant Washington Group International, Inc. ("WGII") [1], by and through its undersigned attorneys, hereby responds to Plaintiff's Complaint (the "Complaint"), as follows:

---

[1] Subsequent to the activities alleged in Plaintiff's Complaint, WGII merged with URS Corporation, a Delaware Corporation.  WGII is now a subsidiary of Washington Holdings, Inc., a Delaware Corporation (also known as Washington Division, URS).  Washington Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation.  URS Holdings Inc. is a subsidiary of URS Corporation.

<u>**WGII'S AFFIRMATIVE DEFENSES**</u>

**A.      FAILURE TO STATE A CAUSE OF ACTION**

Plaintiff's claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGII, and further fail to state facts sufficient to entitle Plaintiff to the relief sought or any other relief whatsoever from WGII.

**B.      PRESCRIPTION**

Plaintiff's claims against WGII are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**C.      NO RIGHT OF ACTION**

Plaintiff's claims fail, in whole or in part, because Plaintiff lacks a right of action, standing or capacity, to bring some or all of the claims alleged in the Complaint, and thus Plaintiff has no right of action.

**D.      FAILURE TO JOIN INDISPENSABLE PARTIES**

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**E.      DUTY / RISK**

Plaintiff's claims are barred under Louisiana Civil Code Articles 667, 2315, 2316, 2317, and/or 2322, in whole or in part, because Plaintiff cannot establish:  (i) that WGII's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGII's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGII owed a duty to Plaintiff that encompassed the risk

2

that Plaintiff would suffer the alleged harm; or (iv) that, if WGII owed any such duty to Plaintiff, it breached that duty.

### F.      COMPARATIVE FAULT

WGII hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiff was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, including Plaintiff for whose conduct WGII is not responsible.

### G.      ACT-OF-GOD

Plaintiff's claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### H.      GOVERNMENT CONTRACTOR

Plaintiff's claims are barred by the government contractor defense.

### I.      LIMITATION OF LIABILITY

WGII qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### J.      DISCHARGE IN BANKRUPTCY

Plaintiff's claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiff's action is based was barred, discharged, and enjoined in bankruptcy.

### K.      ADOPTION OF AFFIRMATIVE AND CONSTITUTIONAL DEFENSES AVAILABLE UNDER FEDERAL LAW OR THE LAWS OF OTHER JURISDICTIONS

WGII hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

3

906377v.1

L.   **ADOPTION OF AFFIRMATIVE DEFENSES OF OTHER DEFENDANTS**

WGII adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGII, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGII hereby reserves its right to amend its answer to assert any such defense.

M.   **SET-OFF**

WGII affirmatively alleges that to the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiff receive any funds from federal or state agencies or programs, WGII is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

N.   **LACK OF SUBJECT MATTER JURISDICTION**

This Court lacks subject matter jurisdiction over the Plaintiff's claims against WGII because there is no case or controversy within the meaning of Article III of the Constitution of the United States.  This Court lacks subject matter jurisdiction over Plaintiff's claims against WGII brought under the Admiralty Extension Act, 46 U.S.C. § 740; the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 741-52; and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 781-90.

O.   **IMPROPER VENUE**

Plaintiff has brought its Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested judge and/or jury.

4

**P.      POLITICAL QUESTION DOCTRINE**

Plaintiff's claims are barred because this Court lacks subject matter jurisdiction under the political question doctrine.

**Q.      RES JUDICATA AND PRECLUSION**

WGII pleads the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion, to the extent that the claims of Plaintiff are or will be barred in whole or in part due to the participation of Plaintiff and/or those in privity with Plaintiff in other cases before this Court, or in other courts.

**R.      ACCORD AND SATISFACTION**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has or will have released, settled, entered into an accord and satisfaction or otherwise compromised them.

**S.      LACHES, WAIVER, UNCLEAN HANDS, RATIFICATION OR ESTOPPEL**

Plaintiff's claims are barred, in whole or in part, by laches, waiver, unclean hands, ratification or estoppel.

**T.      INTERVENING OR SUPERSEDING CAUSE**

Plaintiff's claims are barred, in whole or in part, because the injuries and damages alleged resulted from an intervening or superseding cause.

**U.      ADEQUATE REMEDY AT LAW**

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

**V.      IMPROPER JOINDER**

Plaintiff's Complaint improperly joins claims in violation of Federal Rule of Civil Procedure 18.

906377v.1

## WGII'S ANSWER

Except as otherwise expressly stated below, WGII responds only to those allegations of the Complaint that are directed to WGII.  WGII is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGII denies each and every allegation of the Complaint not specifically admitted below.

WGII responds to Plaintiff's allegations in like-numbered paragraphs as follows:

1.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 1 of the Complaint and therefore DENIES each and every allegation contained therein. WGII  admits, however, that the company named in Paragraph 1 of the Complaint purports to be the Plaintiff in this action.

2.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein. WGII  admits, however, that that Plaintiff purports to have filed administrative claims for damages against the United States Army Corps of Engineers ("the Corps").

3.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 3 of the Complaint and therefore DENIES each and every allegation contained therein.

4.  WGII admits that at the time of the activities alleged in the Complaint, it was a non-Louisiana corporation authorized to do and doing business in the State of Louisiana and in the Parish of Orleans, with its domicile in the State of Ohio, with its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana. Subsequent to the activities alleged in Plaintiff's Complaint, WGII merged with URS Corporation, a Delaware Corporation.  WGII is now a subsidiary of Washington Holdings, Inc., a Delaware Corporation (also known as Washington Division, URS).  Washington Holdings, Inc.

6

is a subsidiary of URS Holdings Inc., a Delaware Corporation.   URS Holdings Inc. is a subsidiary of URS Corporation.

5.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 5 of the Complaint and therefore DENIES each and every allegation contained therein.

6.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 6 of the Complaint and therefore DENIES each and every allegation contained therein.

7.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 7 of the Complaint and therefore DENIES each and every allegation contained therein.

8.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 8 of the Complaint and therefore DENIES each and every allegation contained therein.

9.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein.

10.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein.

11.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein.

12.  WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 12 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

13.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein.

14.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein.

15.   Paragraph 15 of the Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 15 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII admits, however, that Plaintiff purports to plead that this matter is timely.

16.   WGII DENIES each and every allegation in Paragraph 16 of the Complaint.

17.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 17 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII admits, however, that Plaintiff purports to have exhausted its administrative remedies in regard to its claims against the Corps.

18.   WGII admits that federal question jurisdiction exists because WGII was a contractor of the Federal Government when it performed the work to which this Complaint pertains.   WGII further admits that supplemental jurisdiction exists over all state law claims asserted in the Complaint.   WGII DENIES each and every remaining allegation in Paragraph 18 of the Complaint.

19.   WGII DENIES each and every allegation of Paragraph 19 of the Complaint.   WGII admits, however, that Plaintiff purports to plead admiralty and maritime jurisdiction and causes

906377v.1

of action under the Admiralty Extension Act, the Suits in Admiralty Act, and the Public Vessels Act.

20.  WGII DENIES each and every allegation in Paragraph 20 of the Complaint.  Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested judge and/or jury.

21.  Paragraph 21 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint and therefore DENIES each and every allegation contained therein.

22.  Paragraph 22 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 21 of the Complaint.

23.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 23 of the Complaint and therefore DENIES each and every allegation contained therein.

24.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

25.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

26.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein.

27.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 27 of the Complaint and therefore DENIES each and every allegation contained therein.

28.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 28 of the Complaint and therefore DENIES each and every allegation contained therein.

29.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 29 of the Complaint and therefore DENIES each and every allegation contained therein, except WGII admits that the 17th Street Canal flows into Lake Pontchartrain.

30.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 30 of the Complaint and therefore DENIES each and every allegation contained therein.

31.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 31 of the Complaint and therefore DENIES each and every allegation contained therein.

32.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 32 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

33.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein.

34.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 34 of the Complaint and therefore DENIES each and every allegation contained therein.

35.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 35 of the Complaint and therefore DENIES each and every allegation contained therein.

36.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 36 of the Complaint and therefore DENIES each and every allegation contained therein.

37.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 37 of the Complaint and therefore DENIES each and every allegation contained therein.

38.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 38 of the Complaint and therefore DENIES each and every allegation contained therein.

39.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 39 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

40.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 40 of the Complaint and therefore DENIES each and every allegation contained therein.

41.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 41 of the Complaint and therefore DENIES each and every allegation contained therein.

42.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 42 of the Complaint and therefore DENIES each and every allegation contained therein.

43.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 43 of the Complaint and therefore DENIES each and every allegation contained therein.

44.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 44 of the Complaint and therefore DENIES each and every allegation contained therein.

45.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 45 of the Complaint and therefore DENIES each and every allegation contained therein.

46.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 46 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

47.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 47 of the Complaint and therefore DENIES each and every allegation contained therein.

48.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 48 of the Complaint and therefore DENIES each and every allegation contained therein.

49.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 49 of the Complaint and therefore DENIES each and every allegation contained therein.

50.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 50 of the Complaint and therefore DENIES each and every allegation contained therein.

51.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 51 of the Complaint and therefore DENIES each and every allegation contained therein.

52.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 52 of the Complaint and therefore DENIES each and every allegation contained therein.

53.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 53 of the Complaint and therefore DENIES each and every allegation contained therein, except WGII admits that Paragraph 8-13 of the U.S. Army Corps of Engineers Manual of Engineering, Design and Construction of Levees dated April 30, 2000 states that "[f]or stability reasons, I floodwalls rarely exceed 2.13 m (7 ft) above the ground surface" and "[t]he

inverted T floodwall is used to make floodwall levee enlargements when walls higher than 2.13 m (7 ft) are required."

54.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 54 of the Complaint and therefore DENIES each and every allegation contained therein.

55.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 55 of the Complaint and therefore DENIES each and every allegation contained therein.

56.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 56 of the Complaint and therefore DENIES each and every allegation contained therein.

57.     Paragraph 57 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 57 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

58.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 58 of the Complaint and therefore DENIES each and every allegation contained therein.

59.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 59 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

60.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 60 of the Complaint and therefore DENIES each and every allegation contained therein.

61.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 61 of the Complaint and therefore DENIES each and every allegation contained therein.

62.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 62 of the Complaint and therefore DENIES each and every allegation contained therein.

63.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 63 of the Complaint and therefore DENIES each and every allegation contained therein.

64.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 64 of the Complaint and therefore DENIES each and every allegation contained therein.

65.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 65 of the Complaint and therefore DENIES each and every allegation contained therein.

66.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 66 of the Complaint and therefore DENIES each and every allegation contained therein.

67.     Paragraph 67 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or

knowledge as to the specific allegations of Paragraph 67 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

68.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 68 of the Complaint and therefore DENIES each and every allegation contained therein.

69.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 69 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

70.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 70 of the Complaint and therefore DENIES each and every allegation contained therein, except WGII admits that on or about August 29, 2005, Hurricane Katrina passed near the City of New Orleans, and that flooding occurred in and around New Orleans in the aftermath of Hurricane Katrina.

71.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 71 of the Complaint and therefore DENIES each and every allegation contained therein.

72.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 72 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

73.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 73 of the Complaint and therefore DENIES each and every allegation contained therein.

74.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 74 of the Complaint and therefore DENIES each and every allegation contained therein.

75.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 75 of the Complaint and therefore DENIES each and every allegation contained therein.

76.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 76 of the Complaint and therefore DENIES each and every allegation contained therein.

77.     Paragraph 77 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 77 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

78.     Paragraph 78 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 78 of the Complaint and therefore DENIES each and every allegation contained therein.

79.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 79 of the Complaint and therefore DENIES each and every allegation contained

17

therein, except WGII admits that the Inner Harbor Navigational Canal ("IHNC") is a man-made body of water that has one terminus, the Mississippi River and the other, Lake Pontchartrain.

80.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 80 of the Complaint and therefore DENIES each and every allegation contained therein.

81.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 81 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

82.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 82 of the Complaint and therefore DENIES each and every allegation contained therein.

83.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 83 of the Complaint and therefore DENIES each and every allegation contained therein.

84.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 84 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

85.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 85 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

86.     Paragraph 86 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 86 of the Complaint and therefore DENIES each and every allegation contained therein.

87.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 87 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

88.     The first sentence of Paragraph 88 contains a legal conclusion to which no response is required.  WGII admits that the Interagency Performance Evaluation Task Force ("IPET") was created by the Chief of Engineers, U.S. Army Corps of Engineers, to evaluate the New Orleans and Southeast Louisiana Hurricane Protection System during Hurricane Katrina.  However, WGII is without sufficient information or knowledge to admit or deny Plaintiff's characterization of the IPET Report or the dates on which different Volumes of the IPET Report were issued and therefore DENIES those specific allegations of Paragraph 88 of the Complaint.

89.     WGII admits that IPET was created by the Chief of Engineers, U.S. Army Corps of Engineers, to evaluate the New Orleans and Southeast Louisiana Hurricane Protection System during Hurricane Katrina.  WGII further admits that IPET consisted of government, academic, and private sector scientists and engineers with extensive experience in the field of civil engineering.  However, WGII is without sufficient information or knowledge as to the last sentence of Paragraph 89 of the Complaint and therefore DENIES that allegation.

90.     WGII admits that the IPET Report is the result of the performance evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System.  However, WGII is

19

without sufficient information or knowledge to admit or deny Plaintiff's characterization of the IPET report and therefore DENIES those specific allegations of Paragraph 90 of the Complaint.

91.     WGII admits that the IPET Report is the result of the performance evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System.   However, WGII is without sufficient information or knowledge to admit or deny Plaintiff's characterization of the IPET report and therefore DENIES those specific allegations of Paragraph 91 of the Complaint.

92.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 92 of the Complaint and therefore DENIES each and every allegation contained therein.

93.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 93 of the Complaint and therefore DENIES each and every allegation contained therein.

94.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 94 of the Complaint and therefore DENIES each and every allegation contained therein.

95.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 95 of the Complaint and therefore DENIES each and every allegation contained therein.

96.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 96 of the Complaint and therefore DENIES each and every allegation contained therein.

97.     Paragraph 97 of the Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, WGII is without sufficient information or

20

knowledge as to the specific allegations of Paragraph 97 of the Complaint and therefore DENIES each and every allegation contained therein.

98.    Paragraph 98 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 98 of the Complaint and therefore DENIES each and every allegation contained therein.

99.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 99 of the Complaint and therefore DENIES each and every allegation contained therein.

100.    Paragraph 100 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 100 of the Complaint and therefore DENIES each and every allegation contained therein.

101.    Paragraph 101 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 101 of the Complaint and therefore DENIES each and every allegation contained therein.

102.    Paragraph 102 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 102 of the Complaint and therefore DENIES each and every allegation contained therein.

103.    Paragraph 103 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or

906377v.1

knowledge as to the specific allegations of Paragraph 103 of the Complaint and therefore DENIES each and every allegation contained therein.

104.    Paragraph 104 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 104 of the Complaint and therefore DENIES each and every allegation contained therein.

105.    Paragraph 105 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 105 of the Complaint and therefore DENIES each and every allegation contained therein.

106.    Paragraph 106 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 106 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

107.    WGII DENIES each and every allegation contained in Paragraph 107 of the Complaint, except WGII admits that in 1999 WGII's predecessor, Morrison Knudsen Corporation, contracted with the Corps pursuant to the Inner Harbor Navigation Canal Lock Replacement Project, which was authorized and approved by the United States Congress. Specifically, WGII demolished property improvements and performed site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the north; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east.  WGII began working at the East Bank Industrial Area in January 2001, and completed its

22

work, removed its equipment, and demobilized from the East Bank Industrial Area in May 2005. At all times the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

108.    WGII DENIES each and every allegation contained in Paragraph 108 of the Complaint, except WGII admits that WGII demolished property improvements and performed site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the  north; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east.   WGII further admits that its work in the East Bank Industrial Area consisted of the following definable features of work:   site assessment and surveys; site investigation sampling and analysis; a geophysical survey of the site; grid trenching; above-ground structure demolition; surface cleanup, concrete foundation and onshore piling removal; barge removal and disposal; wharf and offshore piling removal and disposal; remediation of the site; canal bank and Surekote Road removal; miscellaneous abatement operations; and final site grading, restoration, and demobilization.   WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

109.    WGII DENIES each and every allegation contained in Paragraph 109 of the Complaint, except WGII admits that its work in the East Bank Industrial Area consisted of the following definable features of work:   site assessment and surveys; site investigation sampling and analysis; a geophysical survey of the site; grid trenching; above-ground structure demolition; surface cleanup, concrete foundation and onshore piling removal; barge removal and disposal; wharf and offshore piling removal and disposal; remediation of the site; canal bank and Surekote Road removal; miscellaneous abatement operations; and final site grading, restoration, and

906377v.1

demobilization.  WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

110.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 110 of the Complaint and therefore DENIES each and every allegation contained therein.

111.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 111 of the Complaint and therefore DENIES each and every allegation contained therein.

112.    Paragraph 112 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 112 of the Complaint and therefore DENIES each and every allegation contained therein.

113.    Paragraph 113 of the Complaint contains  multiple legal conclusions to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 113 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 113 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

114.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 114 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

906377v.1

115.     Paragraph 115 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 115 of the Complaint and therefore DENIES each and every allegation contained therein.

116.     Paragraph 116 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 116 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

117.     Paragraph 117 of the Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 117 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

118.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 118 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

119.     Paragraph 119 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 119 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

120.    Paragraph 120 of the Complaint contains multiple legal conclusions to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 120 of the Complaint and therefore DENIES each and every allegation contained therein.

121.    Paragraph 121 of the Complaint contains multiple legal conclusions to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 121 of the Complaint and therefore DENIES each and every allegation contained therein.

122.    Paragraph 122 of the Complaint contains a legal conclusion to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 122 of the Complaint and therefore DENIES each and every allegation contained therein.

123.    Paragraph 123 of the Complaint contains a legal conclusion to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 123 of the Complaint and therefore DENIES each and every allegation contained therein.    WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

124.    Paragraph 124 of the Complaint contains a legal conclusion to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 124 of the Complaint and therefore DENIES each and every allegation contained therein.    WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

906377v.1

125.    Paragraph 125 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 125 of the Complaint and therefore DENIES each and every allegation contained therein.

126.    Paragraph 126 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 126 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

127.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 127 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

128.    Paragraph 128 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 128 of the Complaint and therefore DENIES each and every allegation contained therein.

129.    Paragraph 129 of the Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 129 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

130.     Paragraph 130 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 130 of the Complaint and therefore DENIES each and every allegation contained therein.

131.     Paragraph 131 of the Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 131 of the Complaint and therefore DENIES each and every allegation contained therein.

132.     Paragraph 132 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 132 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

133.     Paragraph 133 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 133 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

134.     WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 134 of the Complaint and therefore DENIES each and every allegation contained

906377v.1

therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

135.    Paragraph 135 of the Complaint contains multiple legal conclusions to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 135 of the Complaint and therefore DENIES each and every allegation contained therein.

136.    Paragraph 136 of the Complaint contains a legal conclusion to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 136 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

137.    Paragraph 137 of the Complaint contains multiple legal conclusions to which no response is required.    To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 137 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

138.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 138 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

139.    Paragraph 139 of the Complaint contains multiple legal conclusions to which no response is required.    To the extent a response is required, WGII is without sufficient

906377v.1

information or knowledge as to the specific allegations of Paragraph 139 of the Complaint and therefore DENIES each and every allegation contained therein.

140.    Paragraph 140 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 140 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

141.    Paragraph 141 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 141 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

142.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 142 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

143.    Paragraph 143 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 143 of the Complaint and therefore DENIES each and every allegation contained therein.

144.    Paragraph 144 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient

906377v.1

information or knowledge as to the specific allegations of Paragraph 144 of the Complaint and therefore DENIES each and every allegation contained therein. WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

145.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 145 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

146.    Paragraph 146 of the Complaint contains multiple legal conclusions to which no response is required. To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 146 of the Complaint and therefore DENIES each and every allegation contained therein. WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

147.    Paragraph 147 of the Complaint contains multiple legal conclusions to which no response is required. To the extent a response is required, WGII DENIES each and every allegation of Paragraph 147 of the Complaint pertaining to WGII. WGII is without sufficient information or knowledge as to the remaining allegations of Paragraph 147 of the Complaint and therefore DENIES each and every allegation contained therein. WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

148.    Paragraph 148 of the Complaint contains multiple legal conclusions to which no response is required. To the extent a response is required, WGII is without sufficient

31

information or knowledge as to the specific allegations of Paragraph 148 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

149.    Paragraph 149 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 149 of the Complaint and therefore DENIES each and every allegation contained therein.

150.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 150 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

151.    Paragraph 151 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 151 of the Complaint and therefore DENIES each and every allegation contained therein.

152.    Paragraph 152 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 152 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

153.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 153 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

154.    Paragraph 154 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 154 of the Complaint and therefore DENIES each and every allegation contained therein.

155.    Paragraph 155 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 155 of the Complaint and therefore DENIES each and every allegation contained therein.

156.    Paragraph 166 of the Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 166 of the Complaint and therefore DENIES each and every allegation contained therein.

157.    Paragraph 157 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 157 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

906377v.1

158.     Paragraph 158 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 158 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

159.     Paragraph 159 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 159 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

160.     Paragraph 160 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 160 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

161.     Paragraph 161 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 161 of the Complaint and therefore DENIES each and every allegation contained therein.

906377v.1

162.    Paragraph 162 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 162 of the Complaint and therefore DENIES each and every allegation contained therein.

163.    Paragraph 163 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 163 of the Complaint and therefore DENIES each and every allegation contained therein.

164.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 164 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

165.    Paragraph 165 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 165 of the Complaint and therefore DENIES each and every allegation contained therein.

166.    Paragraph 166 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 166 of the Complaint and therefore DENIES each and every allegation contained therein.

167.    WGII DENIES each and every allegation of Paragraph 167 of the Complaint. WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or any other relief whatsoever from WGII.

906377v.1

168.    Paragraph 168 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 168 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or any other relief whatsoever from WGII.

169.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 169 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

170.    Paragraph 170 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII DENIES each and every allegation of Paragraph 170 of the Complaint pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 170 of the Complaint and therefore DENIES each and every allegation contained therein.

171.    WGII DENIES each and every allegation of Paragraph 171 of the Complaint.

172.    WGII DENIES each and every allegation of Paragraph 172 of the Complaint.

173.    Paragraph 173 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII DENIES each and every allegation of Paragraph 173 of the Complaint.

174.    Paragraph 174 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient

906377v.1

information or knowledge as to the specific allegations of Paragraph 174 of the Complaint and therefore DENIES each and every allegation contained therein.

175.    Paragraph 175 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 175 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 175 of the Complaint and therefore DENIES each and every allegation contained therein.

176.    Paragraph 176 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 176 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

177.    Paragraph 177 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 177 of the Complaint pertaining to WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 177 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

178.    WGII DENIES each and every allegation of Paragraph 178 of the Complaint pertaining to WGII.   WGII is without sufficient information or knowledge at this time

concerning the remaining allegations of Paragraph 178 of the Complaint and therefore DENIES each and every allegation contained therein.

179.    WGII DENIES each and every allegation of Paragraph 179 of the Complaint pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 179 of the Complaint and therefore DENIES each and every allegation contained therein.

180.    WGII DENIES each and every allegation of Paragraph 180 of the Complaint pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 180 of the Complaint and therefore DENIES each and every allegation contained therein.

181.    Paragraph 181 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII DENIES each and every allegation of Paragraph 181 of the Complaint pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 181 of the Complaint and therefore DENIES each and every allegation contained therein.   WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever from WGII.

182.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 182 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

183.    Paragraph 183 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient

906377v.1

information or knowledge as to the specific allegations of Paragraph 183 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

184.    Paragraph 184 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 184 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

185.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 185 of the Complaint and therefore DENIES each and every allegation contained therein, except insofar as such allegations may have been specifically admitted in response to previous allegations.

186.    Paragraph 186 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 186 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

187.    Paragraph 187 of the Complaint contains multiple legal conclusions to which no response is required.   To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 187 of the Complaint and

906377v.1

therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

188.     Paragraph 188 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 188 of the Complaint and therefore DENIES each and every allegation contained therein.

189.     Paragraph 189 of the Complaint contains multiple legal conclusions to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 189 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII further DENIES that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

*      *      *

To the extent that any response is required to the Prayer for Relief, WGII DENIES each and every allegation contained therein.

WGII is entitled to, and hereby demands, a trial by jury on all issues so triable.

906377v.1

Dated:        January 7, 2008                    Respectfully submitted,


                                                 */s/Heather S. Lonian*
                                                 William D. Treeby, Bar No. 12901
                                                 John M. Landis, Bar No. 7958
                                                 Heather S. Lonian, Bar No. 29956
                                                 Stone Pigman Walther Wittmann LLC
                                                 546 Carondelet Street
                                                 New Orleans, LA 70130
                                                 Phone:  504-581-3200
                                                 Fax:  504-581-3361

                                                 Of Counsel:

                                                 George T. Manning
                                                 JONES DAY
                                                 2727 North Harwood Street
                                                 Dallas, TX  75201-1515
                                                 Phone:  214-220-3939
                                                 Fax:  214-969-5100

                                                 Adrian Wager-Zito
                                                 JONES DAY
                                                 51 Louisiana Avenue, N.W.
                                                 Washington, D.C. 20001-2113
                                                 Phone:  1-202-879-3939
                                                 Fax: 1-202-626-1700

                                                 *Attorneys for Defendant*
                                                 *Washington Group International, Inc.*

## C E R T I F I C A T E

       I hereby certify that a copy of the above and foregoing Affirmative Defenses and

Answer has been served upon all counsel of record through the Court's CM/ECF system or by

placing same in the United States mail, postage prepaid and properly addressed, this 7th day of

January, 2008.


                                                 */s/Heather S. Lonian*

906377v.1