UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES  CONSOLIDATED LITIGATION _____ | *  *  *  * | CIVIL ACTION  NUMBER:  05-4182 & CONSOLIDATED CASES |
| **THIS DOUMENT RELATES TO** **LEVEE:  07-5184 (Rault Resources, Inc.)** **            07-5187 (R. Scott McCay)** **  07-4775 (Murphy Building Corp.)** **  07-5186 (Bonnie Rault)** | *  *  *  *  *  * | SECTION "K"  JUDGE DUVAL  MAG. WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF F.R.CIV.P. 12(B)(6) MOTION TO DISMISS**

The Board of Commissioners of the East Jefferson Levee District ("EJLD") moves this Court to dismiss plaintiffs' Complaints against it under F.R.Civ.P. 12(b)(6). The Complaints, filed on August 28 and 29, 2007, alleging negligence and fault against the EJLD, as well as others, for flooding and the resulting damages following Hurricane Katrina, are prescribed as against the EJLD.  The EJLD is therefore entitled to an Order, dismissing plaintiffs' Complaints against it with prejudice.

**THE LAWSUIT**

The above lawsuits are similar to the many recently filed against the EJLD and others, including Orleans Levee District, The Sewerage and Water Board in New Orleans, the United States of America and the United States Army Corps of Engineers. Plaintiffs assert jurisdiction against the United States and the Army Corps of Engineers pursuant to various federal laws, including the Federal Water Pollution Control Act, 33

U.S.C. 1251, *et. seq.*, the Coastal Zone Management Act, 16 U.S.C. § 1451, *et seq.,* the Rivers & Harbors Act, 33 U.S.C. § 403, *et. seq.,* the Admiralty/Maritime Law of the United States, the Suits in Admiralty Act, 46 U.S.C. §§ 741 and 752, the Public Vessels Act, 46 U.S.C. §§ 781-790, and the Admiralty Extension Act, 46 U.S.C. § 740.  As to EJLD and other defendants, against which plaintiffs assert causes of action arising under Louisiana law, plaintiffs invoke jurisdiction in this Court pursuant to 28 U.S.C. § 1367.

As shown in the following sections, plaintiffs' claims against the EJLD are prescribed on their face and, therefore, plaintiffs bear the burden of proving that prescription was interrupted, suspended o renounced.

### PLAINTIFFS' ASSERTED CLAIMS AGAINST THE BOARD OF COMMISSIONERS OF THE EAST JEFFERSON LEVEE DISTRICT

After reciting a long and now-familiar list of supposed historical factors about the history and construction of the 17th Street Canal, the London Avenue Canal, the Inner Harbor Navigation Canal, the Gulf Intracoastal Waterway ("GIWW"), the Mississippi River Gulf Outlet ("MRGO"), and the Lake Pontchartrain and Vicinity Hurricane Protection Project, and summarizing the events during and following Hurricane Katrina's landfall, plaintiffs specify their grievances against the EJLD, all of which are based upon state law causes of action.

The specific allegations against the EJLD are these:

> 143.
>
> The following defendants had the legal responsibility and duty to Plaintiff to cause, allow, and/or conduct the aforesaid dredging activity in a manner that would not compromise the safety of the canal's levee/flood wall system:  the defendants Corps, OLD, EJLD, and SWB.

* * *

157.

The defendants OLD and EJLD both and each negligently failed to conduct appropriate oversight, maintenance and inspection of the 17th Street Canal levee/flood wall system, pursuant to which the safety flaws and discoverable dangers of the system would have been disclosed to the public and/or corrected.

158.

The defendants OLD and EJLD both and each violated legal responsibilities and duties to Plaintiff by negligently allowing, and/or negligently failing to challenge and prevent the aforesaid dredging in the 17th Street Canal.

* * *

160.

The following defendants had the legal responsibility and duty to Plaintiff to design and construct the levees and flood walls of the 17th Street Canal in a manner that would not compromise the safety of the canal's levee/flood wall system: the defendants Corps, OLD, EJLD, and SWB.

* * *

166.

Defendants, SWB, OLD and EJLD are negligent for failing to discover through their legal obligations to Plaintiff the risks and dangers associated with the design and construction of the 17th Street Canal levee/flood wall system. These defendants knew or should have known of such dangers, and should have taken all appropriate action to prevent the unsafe design and construction in question, or challenge same.

167.

The defendants SWB, OLD and EJLD are negligent for objecting to the implementation of the "Barrier Plan," which would have reduced the storm surge associated with Katrina and avoided the alternative, flawed plan implemented for the 17th Street Canal.

168.

In addition to their liability cased upon negligent acts of omission and commission, defendants OLD and EJLD had care, custody and control of the 17th Street Canal levee and flood wall system at all times pertinent herein, and accordingly are answerable under

> Articles 2317 & 2317.1 of the Louisiana Civil Code for the vices and/or defects in the levee and flood wall system which caused the damages of which Plaintiffs complain.

*See,* Complaints.[1]  All of these causes of action arise under and are founded upon Louisiana law.

### THE ONE-YEAR PRESCRIPTION STATUTE APPLIES TO PLAINTIFFS' CLAIMS AGAINST THE BOARD OF COMMISSIONERS OF THE EAST JEFFERSON LEVEE DISTRICT

The one-year prescription period set forth in Article 3492 of the Louisiana Civil Code governs plaintiffs' tort-based claims against EJLD.  Article 3492 reads, in pertinent part:

> Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.

Plaintiffs allege damages caused when New Orleans flooded on August 28 and 29, 2005.  Therefore, plaintiff had until August 28 and 29, 2006, respectively, by which to file suit against the EJLD.[2]  They failed to do so, and their claims against the EJLD are time barred.  So as to not burden the Court with additional and repetitive arguments, the EJLD hereby adopts and reasserts all other arguments contained in the Memorandum in Support of F.R.CIV.P. 12(B)(6) Motion to Dismiss previously filed into the record of this proceeding on January 2, 2003 (USDC Document 100037-2) by defendant, The Sewerage and Water Board, as if copied herein in extenso.

---

[1] These paragraphs correlate to Case Nos. 07-5184 and 07-5186.  Case Nos. 07-5187 and 07-4775 contain identical allegations but the paragraph numbers differ from those included in this Memorandum.

[2] The one year extension to file lawsuits as a result of Hurricanes Katrina and Rita the Legislature passed, LSA-R.S. 22:629(B) does not apply to plaintiffs' claims against The Board of Commissioners of the East Jefferson Levee District.  The statute extends the period of time to file suit by a person having a claim for damages pursuant to a homeowners or other insurance policy.

## **CONCLUSION**

Plaintiffs' claims against The Board of Commissioners of the East Jefferson Levee District, based upon Louisiana state law, were filed more than one year after they sustained their damages and are therefore prescribed on the face of the Complaints. Therefore, plaintiffs bear the burden of proving that prescription was interrupted, suspended or renounced.

**WHEREFORE**, for all of the reasons set forth herein, defendant The Board of Commissioners of the East Jefferson Levee District prays that after due proceedings are held, this Court grant its F.R.Civ.P. 12(b)(6) motion and dismiss plaintiffs' claims against it with prejudice, at plaintiffs' cost.

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

Respectfully Submitted,

*/S/ JOSEPH E. BEARDEN, III*
LAWRENCE J. DUPLASS (#5199)
GARY M. ZWAIN (#13809)
JOSEPH E. BEARDEN, III (#26188)
NICOLE M. BOYER (#29775)
RYAN M. MALONE (#30607)
3838 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE: (504) 832-3700
FACSIMILE: (504) 837-3119
**ATTORNEYS FOR DEFENDANT,
BOARD OF COMMISSIONERS FOR THE
EAST JEFFERSON LEVEE DISTRICT**

## **CERTIFICATE**

I do hereby certify that on the 7th day of January 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

*/S/ JOSEPH E. BEARDEN, III*
JOSEPH E. BEARDEN, III (#26188)