UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   06-4389 | * | |
|         07-3500 | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * *

PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF
MOTION FOR SANCTIONS, AND MEMORANDUM
IN OPPOSITION TO MOTION FOR SANCTIONS
(RECORD DOCUMENT NOS. 9427, 9464, 9469 AND 9637

**MAY IT PLEASE THE COURT:**

In a prior Court filing (Record Document No. 9427) undersigned counsel for plaintiffs postulated that it would be the Court's task to determine whether the misrepresentations[1] by counsel for WGI in Open Court on June 13, 2007, that her client was "not asked to provide engineering services" was simply negligent, grossly negligent or intentional, also by arguing:

> "Undersigned counsel for plaintiffs really doesn't know, but suggests that two highly-paid, self-professed `sharp' legal minds could not simultaneously be negligent in concert, which strongly suggests intent on

---

[1] And her co-counsel's silence in the face of the misrepresentations. But see infra, which strongly suggests that affirmative misrepresentations by WGI's counsel go beyond statements made by Ms. McEvoy, and directly implicate Mr. Treeby as well.

-1-

the part of either Ms. McEvoy or Mr. Treeby, or both." (Record Document No. 9469).

The alleged misrepresentations by Ms. McEvoy, and Mr. Treeby's failure to correct her misrepresentations, were made on June 13, 2007 as follows:

<u>By Ms. McEvoy</u>:

". . . and they were not asked to perform engineering services. The fact that they were not asked to perform engineering services makes these allegations about regulations and standards and procedures even more curious, because it's not clear if Washington Group was not performing engineering services, what code of conduct would govern its performance of the contract. And we certainly have no clue based on this allegation. (Record Document No. 76176, pp. 33-34).

The "proof" put forth by plaintiffs that the above and foregoing statements about "engineering services" were false appear in black and white in the "Project Requirements" for the work to be performed by WGI's predecessor, Morrison Knudsen Corporation, in the East Bank Industrial Area for the U.S. Army Corps of Engineers, was as follows:

<u>Project Requirements</u>. The Contractor shall furnish all engineering services, materials, supplies, labor, as required, in connection with the technical review of site documents, attendance at site meetings and travel necessary for the period of approximately 21 June 99 through 30 Sep. 99 associated with the demolition and remediation of the east bank of the Inner Harbor Navigation Canal (IHNC). In addition to reviewing the site documents the Contractor shall prepare a comprehensive report recommending the scope and duration of the remediation and demolition that will be required, including any data gaps that may need to [be] filled by sampling or other investigations. insert [ ] added.

No counter-affidavit or "explanation" for the apparent discrepancies in what was said in Open Court and in what was written in the "Project Requirements" has been submitted to the Court by counsel for WGI.

In preparing this Memorandum for filing today, it came to the attention of undersigned counsel for plaintiffs that it was not only Ms. McEvoy who misrepresented

things to the Court on June 13, 2007, but also Mr. Treeby, who gave Ms. McEvoy her "lead-in" for addressing the Court, and who misrepresented to the Court as follows:

> "Washington Group, as will be addressed by Ms. McEvoy, had no duty based upon what it was contracted to do and what it did, to involve itself with floodwall design, floodwall construction, floodwall evaluation or maintenance." (Record Document No. 9469, p. 26).

As will be apparent from a review of the affidavit of David John Rosenberg, appended hereto as Exhibit No. 1, the demolition of the "old" Industrial Canal lock and site preparation for the "new" lock replacement project, in effect was contemplated to open up that portion of the Industrial Canal, including levees and floodwalls, between the Mississippi River and the Southernmost portion of the "new" replacement lock, to the Mississippi River. With the opening of this portion of the Industrial Canal to the Mississippi River, the "works" which confined these navigable waters[2] would have required the same "robustness" as the levees along the Mississippi River, rather than "simple" structures which would not be required to withstand sustained loading pressures, such as those experienced by structures confining the channels of rivers, like the Mississippi.

Accordingly, plaintiffs respectfully submit that the above-quoted representations were misrepresentations and disingenuous, at the very "best".

Even if one were to assume, for the sake of argument only, that the Corps of Engineers never asked WGI to perform engineering services related to the pre-existing levees and floodwalls, if WGI's contractual undertakings for the Corps of Engineers contemplated that the flood protection system in the EBIA would remain "as-is", then

---

[2] Consisting of levees and floodwalls.

WGI was under an obligation not to do anything that weakened the "as-is" system and to tell the Corps of Engineers if they did so.

The obligations of attorneys to the Court, as well as to third-parties, are set forth in the following axioms derived from the Rules of Professional Conduct in 21 Louisiana Civil Law Treatise §§9.1, 14.1 and 20.1, et seq. in a volume entitled: "Louisiana Lawyering", by Maraist, Smith, Daley and Galligan, as follows:

### THE ATTORNEY'S OBLIGATION TO THE COURT

- The Rules of Professional Conduct subordinate the interests of the client to the interests of the tribunal and to our system of justice.

- An attorney's representation of his or her client is subject to an obligation of "candor toward the tribunal".

- All attorneys have an obligation to be truthful and candid when acting in their professional capacity. Rule 3.3 of the Rules of Professional Conduct prohibits an attorney from making a false statement of fact or law to a judicial tribunal. This prohibition applies to both written pleadings in their oral argument. The prohibition against untruthfulness extends to "shading" statements so they appear to be true, but are in fact false.

- An affirmative duty is imposed on the attorney to correct a false statement previously made in error.

- An attorney may be disciplined for deceiving or misleading a Court.

### THE ATTORNEY'S DUTIES TO THIRD-PERSONS

- Rule 8.4 of the Rules of Professional Conduct, the basic "misconduct" rule, provides that it is "professional misconduct" for an attorney to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

- Taken together with Rule 3.3, Rule 8.4 provides "expansive coverage" of a lawyer's obligation to tell the truth and avoid falsehoods.

- In addition to Rules 3.3 and 8.4, Rule 4.1 of the Rules of Professional Conduct, which requires "truthfulness in statements to others", but is one of four rules in a section on "transactions with persons other than clients".

> Rule 4.1 protects third persons by limiting what lawyers can do in their representation of clients and protects them from "falsity" by lawyers.

Plaintiffs reiterate that the task facing the Court is not to determine whether misrepresentations were made by counsel for WGI, for that fact cannot be denied, but rather to determine whether the misrepresentations were made because counsel were simply negligent, grossly negligent or because counsel had the firm intent to misrepresent.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**
        **Counsel for Plaintiffs**

        **By:**   **S/Ashton R. O'Dwyer, Jr.**
              Ashton R. O'Dwyer, Jr.
              Bar No. 10166
              821 Baronne Street
              New Orleans, LA 70113
              Tel. 504-679-6166
              Fax. 504-581-4336

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 8th day of January 2008.

        S/Ashton R. O'Dwyer, Jr.