## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | : : | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO INSURANCE ERIN BURKS | : : | CIVIL ACTION NO. 2006-4173-SRD-JCW |
| PLAINTIFF | : : | THE HONORABLE: STANWOOD R. DUVAL SECTION "I" |
| VERSUS | : : | AND MAGISTRATE JUDGE WILKINSON |
| PRUDENTIAL FINANCIAL GROUP ET AL | : : | MAGISTRATE '4' |

### PLAINTIFF ERIN BURKS' MEMORANDUM IN OPPOSITION TO DEFENDANT CITIMORTGAGE'S MOTION FOR SUMMARY JUDGMENT

### MAY IT PLEASE THIS HONORABLE COURT:

The defendant CitiMortgage (CitiMortgage) has moved for Summary Judgment on the issue of CitiMortgage's and its predecessor Principal Residential Mortgage (Principal) failure to pay the premiums on a policy of flood insurance Plaintiff had required secured and maintained as a condition of her mortgage.

Plaintiff submits her affidavit in support of this opposition. Plaintiff's Exhibit A hereto. The Plaintiff shows the exhibits attached to that affidavit however are to be submitted to the court by separate motion under seal.

Plaintiff shows that she also sued the Defendants who move herein for summary judgment on the issues of failure to honor their forebearance agreement with Plaintiff to delay the three months payments following Hurricane Katrina until the end of the loan amortization agreement as three more monthly payments plus interest on those payments. Instead the defendant CitiMortgage required Plaintiff to make the repayment of the missed monthly payments under threat of foreclosure at once, even though the defendant had neglected to refund prior over payments that were being held in the escrow account that exceeded the three months of delayed payments. Plaintiff will address these issues at a later date.

In its motion for summary judgment the Defendant CitiMortgage, claims that it had no duty to pay for flood insurance out of the escrow account before she agreed to the mortgage. CitiMortgage goes further and claims that there were no funds that were retained to pay for such flood insurance.

Plaintiff shows that the Defendants arguments are at best misplaced. Plaintiff shows that contrary to the cases cited by the Defendant she did ensure a Flood Policy was secured for the maximum allowed for both Property and Contents and up until the execution of the documents at closing she was informed funds for such premiums were to be paid out of the Mortgage Escrow account. The Flood Policy was to be paid at the closing out of the escrow account as hazard insurance and at least forty dollars a month was to be secured in the escrow account for that very policy. The policy application was made part of the mortgage package and presented to the Plaintiff at the closing. The plaintiff was issued a good faith statement that shows Hazard Insurance with an indentation under that line as Flood Insurance on May 15, 2003, and nothing else until she showed up at the closing to execute what she thought were the documents based upon the May 15, application and good faith estimate.

The defendant does not suggest that insurance protecting against the losses due to flood is not insurance against a hazard, it seems to suggest in its argument that hazard insurance only covers the subset of homeowners insurance. Even if this were true *arguendo*, which Plaintiff specifically denies, additional funds were drained from the Plaintiff's escrow account in April 2005 for private mortgage insurance. The only insurance that was in effect at that time r that should have been in effect at that time was the policy of Flood Insurance that Plaintiff had required be instituted and maintained by the lender prior to executing the mortgage.

Those funds were never returned to her.

The policy listed the Defendant Principal as the primary insured. Principal was to receive the original of the policy and all invoices and notices as relates to the flood policy. Plaintiff shows that the Defendant Principal's successor in this mortgage CitiMortgage released as part of its initial disclosures all documents relating to the missing flood insurance policy. Those documents shows that Principal received only the application and binder for the policy and not the policy itself, nor did it receive any of the notices of premiums due or cancellation prior to filing of this suit in Civil District Court. (Plaintiff shows that she was an additional insured and she did not receive the copies of the originals that would have gone to Principal. The defendant CitiMortgage however in its effort to resist the Court's prior consideration of Remand, filed in support of its opposition to remand copies of documents it received from Defendant Trusheim implying they were received from their own files.)

Did the defendant have a duty to pay what it charged for the insurance to cover the flood hazard to the defendant Liberty Mutual and maintain the flood policy, clearly it did. There is nothing in the defendants argument that suggests if it obliges itself to make such payments so it can escape liability for failing to make them, it only hopes to expand the holding of cases that are

not even within the ambit of these facts. In the cases that the Defendant cites there were no facts that suggested the defendant lender agreed to undertake to secure and pay for the policy out of the escrow account.

Principal did make that obligation.

There is nothing in the Mortgage itself that allows the lender to abandon the policy as it apparently did in this case without notice to the Plaintiff which it admits it did.

RESPECTFULLY SUBMITTED:

JACK H. TOBIAS (17172)
336 Camp St.
Suite 340
New Orleans, Louisiana 70130
Telephone (504) 838-7100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all known counsel of record by placing a copy of same addressed to all known counsel of record for all through the ECF system of this Court this _5th_ day of _January_, 2008, including the following:

Gerald J. Nielsen, (La. 17078)
William R. DeJean (La. 22762)
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisisiana 70002
Telephone Facsimile No.: (504) 832-9165
Counsel for Prudential Financial Group and Liberty Mutual Insurance Company

Thomas P. Hubert (La. 19625)
Robert L. Walsh (La. 17850)
Jane H. Heidengsfelder (La. 28604)
Jones, Walker Waechter, Poitevant Carrere & Denegre, LLP
201 St. Charles Avenue, 50th Floor
New Orleans, La. 70170-5100
Telephone Facsimile Number (504) 582-8015
Counsel for Jay Trusheim

Ann Derbes Keller
Kent A. Lambert (La. 22558)
Tyler L. Weidich (La. 30790)
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, La. 70170
Telephone Facsimile (504) 636-3952

JACK H. TOBIAS