# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | : | CIVIL ACTION NO. 05-4182 "K"(2) |
| CONSOLIDATED LITIGATION | : | |
| | | |
| PERTAINS TO INSURANCE | : | |
| ERIN BURKS | : | CIVIL ACTION NO. 2006-4173-SRD-JCW |
| | : | THE HONORABLE: |
| PLAINTIFF | : | STANWOOD R. DUVAL |
| | : | SECTION "I" |
| VERSUS | : | AND |
| | : | MAGISTRATE JUDGE WILKINSON |
| PRUDENTIAL FINANCIAL | : | MAGISTRATE '4' |
| GROUP ET AL | : | |

## PLAINTIFF'S STATEMENT OF CONTESTED AND UNCONTESTED ISSUES OF FACT

Plaintiff herein submits the following as to the Defendants statement of Uncontested

Issues of fact:

1. ADMITTED.
2. ADMITTED. Defendant CitiMorgage also obliged itself to maintain the voluntary or optional insurance plaintiff maintained in that notice.
3. ADMITTED, however the Plaintiff also required that the Lender service the Insurance for the Flood Hazard secured for her as a condition of the mortgage.
4. ADMITTED partially as far as a Escrow Account was established, but, CONTESTED A-3 does not exclude other payments for insurance that Plaintiff required the lender maintain.
5. DENIED AND CONTESTED, Defendant CitiMortgage and its predecessor only identified the payments as hazard insurance, a term not exactly identified in the Mortgage and which would clearly include the hazard of flood, and did make other payments for private mortgage insurance from the escrow account that was never identified clearly and could only have been the flood policy, so there at least remains a question of fact as to whether flood was to be paid from escrow if not

an admission that Defendant tried to pay the flood insurance from escrow that it now denies was ever its obligation to pay.

6. Denied.

7. Denied, the defendant Principal had and presented to the Plaintiff the application and binder for flood insurance and in fact paid for the flood insurance out of the escrow funds.

8. Denied, it simply indicated an estimate of what was to be paid but did not exclude other amounts.

9. Denied, and in fact a payment was made in April, 2005 for what would be one half of the flood hazard insurance.

Plaintiff's additional Uncontested Issues of Fact:

1. Plaintiff required the Defendant Principal's agent, Alternative Lending Services, LLC to help her secure a flood policy as a condition of executing the mortgage with Principal.

2. Alternative assisted Plaintiff in securing such a mortgage through defendant Jay Trusheim.

3. Plaintiff expected the payments that she was making for hazard insurance into the escrow account to cover the premiums for homeowners all risk policy and flood insurance.

4. Defendant Principal and then CitiMortgage had approximately $2,800.00 in overpayments into the escrow account by the end of 2004 for which it has never completely accounted.

5. Defendant CitiMortgage made a payment of $169.81 for additional insurance in April of 2005, which was the month that the premium would have been due for the Flood hazard insurance.

6. Defendant CitiMortgage had no other insurance premiums due in April, 2005.

7. As of the date of this filing CitiMortgage has never identified the policy for which payment was made in April, 2005.

8. That the payment for additional insurance in April, 2005, would equal about half the annual premium for flood hazard insurance.

9. Defendant CitiMortgage never received the flood policy or any notices concerning the flood policy from Liberty Mutual prior to the commencement of this litigation other than the application and binder presented at closing on June 23, 2003.

RESPECTFULLY SUBMITTED:

JACK H. TOBIAS (17172)
336 Camp St.
Suite 340
New Orleans, Louisiana 70130
Telephone (504) 838-7100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all known counsel of record by placing a copy of same addressed to all known counsel of record for all through the ECF system of this Court this _8th_ day of _January_, 2008, including the following:

Gerald J. Nielsen, (La. 17078)
William R. DeJean (La. 22762)
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Telephone Facsimile No.: (504) 832-9165
Counsel for Prudential Financial Group and Liberty Mutual Insurance Company

Thomas P. Hubert (La. 19625)
Robert L. Walsh (La. 17850)
Jane H. Heidengsfelder (La. 28604)
Jones, Walker Waechter, Poitevant Carrere & Denegre, LLP
201 St. Charles Avenue, 50th Floor
New Orleans, La. 70170-5100
Telephone Facsimile Number (504) 582-8015
Counsel for Jay Trusheim

Ann Derbes Keller
Kent A. Lambert (La. 22558)
Tyler L. Weidich (La. 30790)
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, La. 70170
Telephone Facsimile (504) 636-3952

JACK H. TOBIAS