UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                      NO. 05-4182

                                      SECTION "K"(2)

PERTAINS TO:  *Robinson*  C.A. No. 06-2268

## ORDER

Before the Court are the United States' Motion for Expedited Hearing (Doc. 10094) and Defendant United States' Motion and Incorporated Memorandum to Enforce and Apply Local Rule 56.1.  In response to these motions, the Court received e-mail correspondence which is attached hereto as Appendix 1.

On December 4, 2007, a status conference was held in this matter discussing amending the previous scheduling order as plaintiffs intended to file a Cross-Motion for Summary Judgment on the § 702c immunity issue.  To that end, the Court ordered with the agreement of counsel to dispense with the normal procedures under LR 56.1 and require that counsel submit a single list of contested facts and uncontested facts on January 11, 2008.  In addition, it ordered that a joint set of exhibits were to be submitted at the same time.

The instant motions were filed on January 4, 2008, wherein the United States requested relief from the Court's order.  It contends that the Joint Stipulation of Undisputed Facts for Summary Judgment Motions on Section 702c Immunity which had been transmitted to the United States on January 2, 2008 consists of  188 pages which "is a needlessly prolix advocacy document."  As such, with the motions slated to be filed on January 11, 2008, the United States contends that it does not have sufficient time to respond and craft a joint stipulation.

Furthermore, as this proposed joint stipulation has been transmitted without the underlying motion on the part of the plaintiffs, it is impossible for the United States to determine whether the assertions therein are indeed material.

While the Court has reviewed plaintiffs' response, the realities of the briefing schedule–that is the fact that the motions are to be filed this Friday–make ordering the Government to comply with the Court's previous order to file a Joint Stipulation of Facts impossible. Indeed, the Court did not envision a 188 page Joint Stipulation. As such, the Court will grant the relief sought by the United States. As a practical matter, each mover must set forth the list of salient, uncontested issues of facts in support of each respective motion.

However, the Court will emphasize that it will not grant any extensions or continuances in this matter. The event that precipitated these proceedings occurred approximately two and one-half years ago. This trial is scheduled to commence on September 8, 2008. This motion was continued at counsel's request in spite of the Court's own reservations. The Court will not be receptive to any further delay. This case will be tried as scheduled and the parties would be well-advised to cooperate as much as possible. If not, it is at their respective peril. We are not constructing a rocket to place a human being on another planet.

In addition, the Court believes that in order to accomplish the goals of getting this consolidated Katrina litigation to trial and/or resolution, it is in the interest of justice to lift the stay of merit discovery as set forth and revised in Record Doc. Nos. 3408, 3603 and 8416. Accordingly,

**IT IS ORDERED** that the United States' Motion for Expedited Hearing (Doc. 10094) and Defendant United States' Motion and Incorporated Memorandum to Enforce and Apply

Local Rule 56.1 is **GRANTED** to the extent that the parties are relieved from filing a joint stipulation of facts.

**IT IS FURTHER ORDERED** that the parties shall file the appropriate separate, short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried pursuant LR56.1.

**IT IS FURTHER ORDERED** that the parties shall respond to such LR56.1 statement with a specific admission or specific denial and explanation as to each and every statement of fact as enumerated.  Only this type of response will be considered to be in compliance with LR 56.2.

**IT IS FURTHER ORDERED** that the stay of discovery on the merits as set forth in and revised in  Record Doc. Nos. 3408, 3603 and 8416 is **LIFTED** and notice of any discovery pursued in this matter shall be given to liaison counsel in the umbrella.

New Orleans, Louisiana, this  9th  day of January, 2008.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**

Appendix 1
Correspondence from Pierce O'Donnell
January 4, 2008
4:55 p.m.


   We just received the Governments' raft of ex parte motions complaining about the Proposed Fact Stipulations that we sent to them. We strongly oppose the motions and urge that they be denied and that the Government be required to comply with this Court's order to engage in a good faith fact and exhibit stipulation process.

    For several weeks, we have asked the Government to comply with the Court's order and send to us a list of exhibits for the Joint Exhibit List and their Proposed Fact Stipulations. Our first email was sent to Robin Smith on December 20, 2007 in which we attached our proposed Joint Exhibit List and asked for a date on which to exchange proposed factual stipulations.  To date, we have received nothing, despite several requests. Therefore, we sent our Proposed Fact Stipulations to the Government on January 2nd, asking that the DOJ tell us to which facts it will stipulate and reiterating our request for the Government's list of exhibits and proposed Proposed Fact Stipulations. Again, I received no response.

   Robin Smith did not call me to meet and confer before filing his ex parte motions.  This is a violation of the protocols that we have followed in this case.

   On the merits, the asssetion in the moving papers that the Plaintiffs proposed facts are prolix and argumentative is not a sufficient reason to abandon the salutary procedure of *attempting* to agree on facts.  Indeed, this claim is not true.  This document is Plaintiff's view of the relevant historical facts for a time period dating back to the 1950s. We have exhaustively researched that history (including reviewing 1,400 boxes of Army Corps documents) and taken depositions of four designated Army Corps employees and one of its experts.  We have engaged renowned experts to assist us in developing and analyzing the evidence. And after all this work, we believe that we have found the reasons why Greater New Orleans was catastrophically flooded and why Section 702c immunity should not apply on this record as expressed in our Proposed Fact Stipulations.

   The procedure ordered by the Court is neither onerous nor unorthodox.   All the Government had to do is call or write me and tell me to which facts they will agree. For example, Plaintiffs' Fact Stipulation No. 1 deals with the authorization of the MR-GO. Agree or disagree?  Fact No. 51 states: "In 1969, the ACE was aware of the "funnel" effect at the convergence of Reach 1 and Reach 2 of the MR-GO and was told that "[t]his will cause water to funnel up Intracoastal Canal into the Industrial Canal from the Gulf of Mexico.'"  The Evidentiary Support is Deposition Exhibit 33 of the Deposition of Army Corps employee Al Naomi. Either the document says what was quoted or not. Agree or Disagree?  If the Government thinks that a fact is not true or too argumentative, it can refuse to stipulate. And it always had the right to stipulate but object on relevancy grounds.
   But the Government should not be allowed to boycott completely the Court-ordered process. The Government is obligated to respond fact-by-fact. In the amount of time that the Government took to draft these moving papers, it could have told Plaintiffs to which

4

facts it was stipulating or those facts that it would have to investigate further or those unsupported by the evidentiary cite or whatever. If the DOJ had been diligent in the 20 months since the Complaint was filed, none of these proposed facts should come as a surprise. Given the large number of lawyers at DOJ and the Army Corps defending this case, the Government has the resources to review the Plaintiffs' Proposed Factual Stipulations.

But utter failure to cooperate in good faith and to respond at all is outrageous and should not be countenanced.

What is really going on here is that the Government does not like many of the facts because they are unfavorable to its position on Section 702c immunity.  Yet the majority of the proposed facts are extracted from the Government's own documents and Rule 30 (b)(6) witnesses--Varuso, Naomi, Powell, O'Cain, Baumy, and Dalrymple--and from Government-commissioned investigative reports on the causes of the flooding such as the Interagency Performance Evaluation Task Force (IPET). These are admissions of a party opponent.

Plaintiffs will file a formal opposition if this email is insufficient, but we would prefer to spend the precious time remaining necessary to complete our summary judgment motion by January 11th.  We urge the Court to deny the motions and to require the Government by noon on Tuesday, January 8, 2008 (1) to respond fact-by-fact to our Proposed Stipulations of Fact, (2) to transmit to Plaintiffs' counsel the Government's proposed facts  (to which we will reply by noon on Wednesday, January 9, 2008), and (3) the Government's proposed exhibits for the Joint Exhibit List.

Thank you for the opporunity to submit our views.

Sincerely,

Pierce O'Donnell