# EXHIBIT 7

1              UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF LOUISIANA

3

4

5

6   IN RE:  KATRINA CANAL BREACHES    *    Docket 05-CV-4182-K
    CONSOLIDATED LITIGATION           *
                                      *    New Orleans, Louisiana
7   PERTAINS TO:                      *
    ALL INSURANCE CASES               *    October 31, 2007, 2:00 p.m.
8   * * * * * * * * * * * * * * * * * *

9

10

11              TRANSCRIPT OF PROCEEDINGS BEFORE THE
                HONORABLE STANWOOD R. DUVAL JR.
12              UNITED STATES DISTRICT JUDGE

13

14  APPEARANCES:

15
    For the Plaintiffs:          The Law Offices of Joseph M. Bruno
16                               BY:   JOSEPH M. BRUNO, ESQ.
                                 855 Baronne Street
17                               New Orleans, Louisiana 70113

18
    For the Plaintiffs:          Fayard & Honeycutt
19                               BY:   CALVIN C. FAYARD JR., ESQ.
                                 519 Florida Avenue, S.W.
20                               Denham Springs, Louisiana 70726

21
    For the Plaintiffs:          Sher Garner Cahill Richter
22                               Klein & Hilbert
                                 BY:   JAMES M. GARNER, ESQ.
23                               909 Poydras Street, 28th Floor
                                 New Orleans, Louisiana 70112
24

25

1  | APPEARANCES (Continued):

2

3  | For the Plaintiffs:                    Dudenhefer Law Firm
   |                                        BY:  FRANK C. DUDENHEFER JR., ESQ.
4  |                                        601 Poydras Street, Suite 2655
   |                                        New Orleans, Louisiana 70130

5

6  | For All Insurance                      Lugenbuhl Wheaton Peck
   | Defendants and The Standard              Rankin & Hubbard
7  | Fire Insurance Company:                BY:  RALPH S. HUBBARD III, ESQ.
   |                                        601 Poydras Street, Suite 2775
8  |                                        New Orleans, Louisiana 70130

9  | For State Farm Fire and                Stone Pigman Walther Wittmann
   | Casualty Company:                      BY:  WAYNE J. LEE, ESQ.
10 |                                        546 Carondelet Street
   |                                        New Orleans, Louisiana 70130
11

12 | For Allstate Insurance                 Sonnenschein Nath & Rosenthal
   | Company:                               BY:  RICHARD L. FENTON, ESQ.
13 |                                        7800 Sears Tower
   |                                        233 South Wacker Drive
14 |                                        Chicago, Illinois 60606

15

16 | Official Court Reporter:               Toni Doyle Tusa, CCR, FCRR
   |                                        500 Poydras Street, B-406
17 |                                        New Orleans, Louisiana 70130
   |                                        (504) 589-7778

18

19

20 | Proceedings recorded by mechanical stenography, transcript
21 | produced by computer.

22

23

24

25

1                          **PROCEEDINGS**

2                        (October 31, 2007)

3          **THE DEPUTY CLERK:**  All rise.

4               Court is in session.  Please be seated.

5          **THE COURT:**  Good afternoon.

6          **THE DEPUTY CLERK:**  Civil Action 05-4182, In Re:

7    Katrina Canal Breach Consolidated Litigation.  This pertains to

8    all insurance cases and also the insurance case *Vanderbrook*,

9    05-6323, here on motions.

10         **THE COURT:**  Okay.  The first motion I think we have

11   is the insurance defendants' joint motion to modify the Court's

12   May 1, 2006 consolidation order and deconsolidate and/or sever

13   cases within the insurance umbrella.

14               Mr. Hubbard.

15         **MR. HUBBARD:**  May it please the Court.  Ralph

16   Hubbard, liaison counsel for defendants here and specifically

17   for the insurer defendants, who have jointly brought this

18   motion.

19               The relief sought is really threefold:  It's to

20   modify this Court's May 1, 2006 consolidation order to exclude

21   any homeowner insurance claims; to deconsolidate and transfer

22   the insurance claims back to the courts from whence they came;

23   and for those cases that were not sent by way of another court,

24   to reallot those cases originally assigned directly to

25   Section K as a result of the consolidation order.

 1  rendered that I take exception to that degree.  I just want

 2  them to know that, too.  Go ahead.

 3          **MR. HUBBARD:**  You know they are listening.

 4          **THE COURT:**  Exactly.

 5          **MR. LEE:**  Thank you, Your Honor.  Wayne Lee again

 6  here for State Farm.

 7              We are in the same situation.  We have a

 8  judgment that was rendered by this Court in the *Vanderbrook*

 9  case.  Your Honor ruled in our favor.

10          **THE COURT:**  I must say it looks to me like I have to

11  sign these things because the judgment is, for all intents and

12  purposes, final and adjudicated if that's the only issue.  If

13  there was something left like wind damage, well, no, there

14  wouldn't be a final judgment if that was it.  They went to the

15  Fifth Circuit.  They lost.  The mandate is issued.  I can't

16  issue a stay.  I think I'm obligated to sign the judgment

17  unless a stay comes from somewhere other than here.  That's

18  what it seems like to me.

19          **MR. HUBBARD:**  We think it's fairly ministerial,

20  Judge.

21          **THE COURT:**  Yes.  That's what it looks like to me,

22  but if somebody has an epiphany -- Mr. Dudenhefer, I really put

23  you in a box here with that one.  Maybe you can tell me why I

24  shouldn't, but it seems to me I should.

25          **MR. DUDENHEFER:**  Your Honor, Frank Dudenhefer.  I

1  don't know about an epiphany, but I do kind of have an
2  understanding of what might be fair and unfair.

3          I think Your Honor has the discretion under
4  Rule 54 not to enter a final judgment at this point because
5  there will be certainly an anomaly created if, in fact, 12
6  claimants are dismissed because of the Fifth Circuit opinion
7  and then ultimately a state court, Supreme Court or *Sher*, says
8  that the ruling of the Fifth Circuit was wrong.  You will then
9  have 12 individuals who find themselves in a situation, because
10  of procedural rules, to have found their case to be barred.  I
11  think Your Honor has the discretion under the law of the case
12  doctrine to consider holding this matter in abeyance pending
13  direction from the Supreme Court or *Sher*.

14          I think this is an overarching issue today,
15  Your Honor, when I was listening to it, and it all kind of
16  blends into one area.  This Court sits as a mini MDL.  It is
17  trying to get cases discovered and ready for trial.  Now, you
18  can't try a thousand cases, but what you can do with all the
19  cases consolidated here:  You can see that they are prepared
20  for trial; that the lawyers file proofs of claim; that the
21  lawyers do the work necessary to have these cases done; and you
22  can do that whether it's going to be the 1,000 cases that
23  remain under Section K, or 1,500 cases, 2,000 cases, whatever
24  it is.  It's just a multiple.

25          If you need one special master or one discovery

1   coordinator for 1,000 cases, you may need two, but at the end
2   of the day, Judge, you have a mechanism under CMO-4 and some
3   proposals we have made that are kind of being held on the side,
4   again, waiting to see how *Sher* shapes the landscape.  You have
5   an opportunity to get many, many cases prepared and then send
6   them back to the respective sections.  That is an
7   administrative boom.  It makes sense administratively.

8                   I will simply come back to *Vanderbrook*.  I
9   believe that, under the law of the case doctrine, Your Honor
10  has the discretion whether to follow the law of the case or
11  not, and I think at the present time Your Honor has the
12  discretion not to enter a judgment and create the anomaly.

13              **THE COURT:**  Let me tell you a quick story.  There was
14  a case here, a *qui tam* action, where I held that the school
15  board was a person under the *qui tam* law.  The Fifth Circuit
16  said it wasn't.  Writs were taken.  Writs were refused.  Out of
17  the Seventh Circuit, the same issue.  Writs were taken about
18  two weeks later.  Writs were granted.  The Supreme Court agreed
19  with me nine-zip.  However, writs had been refused in the
20  other.  They filed a Rule 60 here.

21                  I -- perhaps boldly and recklessly -- granted
22  the Rule 60.  I was reversed on the basis of finality of
23  judgments.  It's just the way the switches work, and the
24  Fifth Circuit was most likely correct in reversing me on that.
25  Who knows?

1           It seems to me your relief would be Rule 60 with
2   the Fifth Circuit if I sign these judgments, if that happens.
3   I think I'm bound as a district judge -- I am inclined to think
4   that I am supposed to sign these judgments because there is no
5   other issue adjudicated and there is no stay.  I'm not sure if
6   I have that discretion.  That's all I'm telling you.  I
7   understand the dilemma you are in.  It's, indeed, unfortunate.
8           **MR. DUDENHEFER:**  It is, Your Honor.  I would like the
9   opportunity -- I think I can find some "law of the case" cases.
10  I think there's one, *Romero*, that I remember that suggests to
11  the Court -- and I can get that to you by tomorrow -- that
12  suggests you have discretion.
13          **THE COURT:**  Would you get that to me tomorrow and get
14  to it Mr. Hubbard.
15          Mr. Hubbard, if you want to respond, do so in
16  several days.
17          **MR. HUBBARD:**  Thank you, Your Honor.
18          **MR. DUDENHEFER:**  There are just two other points that
19  I want to make, Your Honor.
20          **THE COURT:**  Yes.
21          **MR. DUDENHEFER:**  *Chehardy* is going to go up to the
22  Supreme Court on writs, *Xavier* will be going up to the
23  Supreme Court on writs, and we will be carrying *Vanderbrook* up
24  with that rule.  In connection with the writ application, it is
25  our intent to ask the Supreme Court for a stay.  I want to let

1  the Court be advised of that.

2          **THE COURT:**  That's a court that can actually do it.

3          **MR. DUDENHEFER:**  I understand that, Your Honor,

4  although I disagree.  I think there are multiple courts that

5  can do it, including yours.

6          **THE COURT:**  Give me the case and I will certainly

7  look at it.

8          **MR. DUDENHEFER:**  I understand.  The other thing that

9  I do want to confirm to the Court -- and I was asked to argue

10  this by Mr. Harvey, who was not able to be here today.  My

11  belief is that there is a question that the wind claim in

12  *Vanderbrook* is extant.  If that is true, then that solves the

13  entire issue as well.  I would ask the Court for leave to give

14  me the opportunity to verify that and report that fact to the

15  Court tomorrow.

16          **THE COURT:**  Well, yes.  Certainly, then, I can't

17  issue a final judgment if there is something extant, no

18  question.

19          **MR. DUDENHEFER:**  I can give you both of those by

20  3:00 tomorrow afternoon, Judge.

21          **THE COURT:**  All right.  Thank you.

22          **MR. DUDENHEFER:**  Thank you.

23          **MR. LEE:**  Your Honor, I just want to make again the

24  note Mr. Dudenhefer is saying that he thinks the basis for

25  holding off on entering the judgment is because of the pendency

1   of *Sher*.  *Sher* is not going to address the decisions in
2   State Farm.  The reason that we won was on this Court's
3   interpretation of the policy provision that is not present in
4   *Sher*.
5              **THE COURT:**  Thank you, sir.
6              Anything else?  It's always nice meeting with
7   you.  Today is October 31, as you know.  It is the occasion of
8   my appointment, at least that's when I was sworn in.  I am
9   going to advise all of you, if you are ever appointed to
10  anything or become a member of something, don't get sworn in on
11  Halloween.  It will haunt you forever.  Since it's my
12  anniversary and it's Halloween, it may have given me a little
13  more, shall we say, liberty to politely criticize my colleagues
14  on the Fifth Circuit only in *Henderson v. Stalder*, which I
15  again state.  All right.
16             **MR. DUDENHEFER:**  Your Honor, there's an anniversary
17  exception, I think, in the Fifth Circuit.
18             **THE COURT:**  I'm hoping.
19             **MR. BRUNO:**  I wish you hadn't exercised such
20  restraint this morning with my good colleague Ashton O'Dwyer.
21             (WHEREUPON the Court was in recess.)
22                           *  *  *
23
24
25

1                        **CERTIFICATE**

2              I, Toni Doyle Tusa, CCR, FCRR, Official Court

3    Reporter for the United States District Court, Eastern District

4    of Louisiana, do hereby certify that the foregoing is a true

5    and correct transcript, to the best of my ability and

6    understanding, from the record of the proceedings in the

7    above-entitled and numbered matter.

8

9

10                              *Toni Doyle Tusa*

11                              Toni Doyle Tusa, CCR, FCRR
                                Official Court Reporter

12

13

14

15

16

17

18   

19

20

21

22

23

24

25

# EXHIBIT 8

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | **CIVIL ACTION** |
| **PAMELA FLOTTE, et al** | * | |
| | * | **NO. 06-5011 c/w 06-7497** |
| **VERSUS** | * | |
| | * | **SECTION C (1)** |
| **STATE FARM FIRE &** | | |
| **CASUALTY COMPANY** | *     * | |

## MOTION FOR LEAVE TO FILE PETITION OF INTERVENTION

NOW INTO COURT, through undersigned counsel, comes intervenor, State of Louisiana, Division of Administration, Office of Community Development ("the State"), who seeks leave of Court to file the attached Petition of Intervention, in accordance with Federal Rule of Civil Procedure 24(c) and Local Rule 7.6 in order to protect subrogation interests of "the State" arising out of the hurricane damages and flood loss at issue in the pending litigation.  Intervenor asserts the filing of this Petition should not delay or retard this litigation.

Respectfully submitted,

**/s/ Randall C. Mulcahy**
LYON H. GARRISON, T.A., Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
THE PRESTON LAW FIRM, L.L.P.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorney for Intervenor, State of Louisiana
Email: rmulcahy@prestonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Carl J. Hebert
David M. Flotte
Preis & Roy
Pan American Life Center
601 Poydras Street, Ste1700
New Orleans, LA 70130
cjh@preisroy.com
dflotte@pkrlaw.com
**Attorneys for Plaintiffs**

David A. Strauss
Amanda L. Nesser
Bradley A. Stevens
King, LeBlanc & Bland, LLP
Place St. Charles
201 St. Charles Ave
45th Floor
New Orleans, LA 70170
dstrauss@klb-law.com
**Attorneys for State Farm Fire & Casualty Company**

LaDonna Grey Wilson
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Ste 2775
New Orleans, LA 70130
lwilson@lawla.com
**Attorney for Consolidated Plaintiff**

Kim Huong Ashley Tran
Gerald J. Nielsen
John Dennis Carter
Joseph James Aguda, Jr.
Nielsen Law Firm
3838 North Causeway Blvd, Ste 2850
Metairie, LA 70002
ktran@nielsenlawfirm.com
**Attorneys for State Farm Fire & Casualty Company and Marie Clesi Insurance Agency, Inc.**

2

| | |
|---|---|
| Charles L. Chassaignac, IV | Glenn Kenneth Schreiber |
| Bryan Joseph Haydel, Jr. | U.S. Attorney's Office |
| Eleanor Weeks Wall | 500 Poydras Street |
| James Eric Johnson | Room 210 |
| Porteous, Hainkel, Johnson, & Sarpy | New Orleans, LA 70130 |
| 343 Third Street, Ste 202 | 680-3093 |
| Baton Rouge, LA 70820 | 589-3602 (Fax) |
| cchassaignac@phjlaw.com | glenn.schreiber@usdoj.gov |
| **Attorneys for State Farm Fire & Casualty Company and Marie Clesi Insurance Agency, Inc.** | **Attorney for National Flood Insurance Program** |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |  |
|---|---|---|---|
| | * | **CIVIL ACTION** | |
| **PAMELA FLOTTE, et al** | * | | |
| | * | **NO. 06-5011 c/w 06-7497** | |
| **VERSUS** | * | | |
| | * | **SECTION C (1)** | |
| **STATE FARM FIRE &** | | | |
| **CASUALTY COMPANY** | * | * | |

**MEMO IN SUPPORT OF MOTION FOR LEAVE TO FILE PETITION OF
INTERVENTION**

MAY IT PLEASE THE COURT:

The plaintiffs, Pamela Flotte and David Flotte, filed the instant suit to recover damages they

sustained to their property as a result of Hurricane Katrina that impacted New Orleans on or about

August 29, 2005.  After the Hurricane, plaintiffs made claims under their homeowners and flood

insurance that was issued by State Farm Fire & Casualty Company.

Plaintiffs filed suit against State Farm, the National Flood Insurance Program, and their

insurance agent, Maire Clesi Insurance Agency, seeking to recover additional insurance funds and

damages related to Hurricane Katrina.  Due to a contract of subrogation entered into with the State

of Louisiana for Road Home funds granted to plaintiffs, the State of Louisiana has a subrogation

interest regarding any funds paid by defendants or recovered by plaintiffs from defendants for damage

to the physical property at issue.  Accordingly, the State of Louisiana, Division of Administration, Office of Community Development seeks to protect its subrogation interest in the litigation at issue for the reasons as alleged by plaintiffs, by way of judgment, settlement or any other Order of this Court.

Federal Rule of Civil Procedure 24 permits a party to intervene where the intervenor claims interest relating to the property or transaction which is the subject of the action and the intervenor is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest.  Intervenor seeks to recover the amounts it paid in Road Home funds to or on behalf of plaintiff to the extent that defendants are liable to plaintiff or intervenor in the main demand. An intervention is crucial to protect the State's right of recovery, prevents the filing of a separate and additional lawsuit, and is being filed now as the State only recently received the notice necessary to intervene and protect its rights.

WHEREFORE, Intervenors request this Court to grant its Motion for Leave so that it may recover funds it has paid as a result of the litigation at issue.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, T.A., Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
THE PRESTON LAW FIRM, L.L.P.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorney for Intervenor, State of Louisiana
Email: rmulcahy@prestonlawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Carl J. Hebert
David M. Flotte
Preis & Roy
Pan American Life Center
601 Poydras Street, Ste1700
New Orleans, LA 70130
cjh@preisroy.com
dflotte@pkrlaw.com
**Attorneys for Plaintiffs**

David A. Strauss
Amanda L. Nesser
Bradley A. Stevens
King, LeBlanc & Bland, LLP
Place St. Charles
201 St. Charles Ave
45th Floor
New Orleans, LA 70170
dstrauss@klb-law.com
**Attorneys for State Farm Fire & Casualty Company**

LaDonna Grey Wilson
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Ste 2775
New Orleans, LA 70130
lwilson@lawla.com
**Attorney for Consolidated Plaintiff**

Kim Huong Ashley Tran
Gerald J. Nielsen
John Dennis Carter
Joseph James Aguda, Jr.
Nielsen Law Firm
3838 North Causeway Blvd, Ste 2850
Metairie, LA 70002
ktran@nielsenlawfirm.com
**Attorneys for State Farm Fire & Casualty Company and Marie Clesi Insurance Agency, Inc.**

Charles L. Chassaignac, IV
Bryan Joseph Haydel, Jr.
Eleanor Weeks Wall
James Eric Johnson
Porteous, Hainkel, Johnson, & Sarpy
343 Third Street, Ste 202
Baton Rouge, LA 70820
cchassaignac@phjlaw.com
**Attorneys for State Farm Fire & Casualty Company and Marie Clesi Insurance Agency, Inc.**

Glenn Kenneth Schreiber
U.S. Attorney's Office
500 Poydras Street
Room 210
New Orleans, LA 70130
680-3093
589-3602 (Fax)
glenn.schreiber@usdoj.gov
**Attorney for National Flood Insurance Program**

3

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436

# EXHIBIT 9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| PAMELA FLOTTE, et al | * | * | CIVIL ACTION |
|  |  | * | NO. 06-5011 c/w 06-7497 |
| VERSUS |  | * |  |
|  |  | * | SECTION C (1) |
| STATE FARM FIRE & CASUALTY COMPANY | * | * |  |

## ORDER

Considering the foregoing Motion for Leave to File Intervention:

It is hereby ordered that the State of Louisiana, Division of Administration, Office of Community Development's Intervention shall be filed into the record.

New Orleans, Louisiana this ___15th___ day of ___August___, 2007.

_____
JUDGE BERRIGAN