# EXHIBIT 10

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.  06-9237                          SECTION " "                          DIVISION "E"

### RHONDA T. GILLARD, ET AL

### VERSUS

### AMERICAN SECURITY INSURANCE COMPANY, ET AL

*Pertaining to the Matter of Robin Washington v. Allstate Insurance Co.*

FILED: _____          _____

                                                            DEPUTY CLERK

                    _____

### HURRICANE LITIGATION

                    _____

### PETITION FOR CONCURSUS, OR IN THE
### ALTERNATIVE FOR DECLARATORY JUDGMENT

                    _____

The petition of **Robin Washington**, a  person of the full age of majority,

domiciled in the Parish of Orleans, State of Louisiana, and who was at all material

times hereto the owner of the premises located at 1435 Gallier Street, located in

New Orleans, Louisiana, and respectfully represents:

The following party is made defendant in this suit:

**Louisiana Road Home,** an organization doing business in the State of

Louisiana under the **Louisiana Division of Administration/DRU,** and being

domiciled in Louisiana, serving the citizens of Orleans, Jefferson, St. Bernard, and

other parishes throughout the state.

II.

**Allstate Insurance Company**, (hereafter referred to as "Allstate:), a foreign

insurer authorized to do and doing business in the Parish of Orleans, State of



Louisiana, being domiciled in Louisiana, which at all times material hereto was the homeowners insurance company for the plaintiff.

III.

**COUNT I - CONCURSUS**

Robin Washington retained the legal services of Gregory P. DiLeo, Esquire on June 6, 2006, for the purpose of pursuing his claim against his homeowners' insurance carrier, Allstate, for damages which his property sustained as a result of Hurricane Katrina.

IV.

As a result of Gregory P. DiLeo's representation, Allstate agreed to remit an additional payment on the homeowners' claim for structural damages, and such remittance shall issue by check payable to "Robin Washington, Louisiana Division of Administration/DRU, and Gregory P. DiLeo, Attorney at Law.

V.

Pursuant to La. C.C.P. art. 4651, *et seq*., the Plaintiff and Lousiana Division of Administration/DRU (hereafter "Road Home") are two conflicting interests which each have a claim to the payment made by Allstate.

VI.

The Road Home  approved and issued a grant for the plaintiff herein which was apportioned for payment in three (3) separate categories: 1) elevation allowance, 2) compensation grant, and  3) affordable compensation loan. *(Exhibit "A," Attachment 2 to Road Home Benefit Selection Form.)*

VII.

Allstate, under a mandate from Road Home, has paid the remittance of the Plaintiff's property damage settlement to the order of Road Home, and to the

2

Plaintiff, pursuant to an alleged subrogation agreement executed by the plaintiff in favor of Road Home.

## VII

The terms of the subrogation agreement are ambiguous, are in conflict with other provisions within the structure of the Road Home benefit documents, and constitute a contract of adhesion.

## VIII.

Several instances of ambiguity exist within the Road Home documents. In particular, the Road Home defines its subrogation rights to mean that "the homeowner agrees to repay to the State any portion of their grant that is later duplicated by additional insurance payout."

## IX.

There is no explanation as to what payments would be considered "duplicated," by an additional payout.

## X.

Because there is no explanation of the clause, "duplication of benefits," then it is unclear as to which portion of the additional insurance payments the Road Home is entitled.

## XI.

Specifically, despite the lack of explanation of "duplication of benefits," none of the additional payment made by Allstate was specified as defrayal for the cost of elevation of the home, and cannot be considered as a duplicate payment to which the Road Home is entitled to a credit.

## XII.

Also, early documentation issued on behalf of the Road Home distinguished

from awards paid as "Additional Compensation Grants" from those paid as "Affordable Compensation Loans." The Affordable Compensation Loan was disbursed, based upon financial need, to applicants whose household income was below a certain level, such as the Plaintiff's herein.

XIII.

Financial need was not a factor in Allstate's analysis of, and subsequent payment for, the Plaintiff's property damage pursuant to his homeowner's policy.

XIV.

Despite the lack of explanation of "duplication of benefits," since not any of the additional payment made by Allstate was based upon financial need, then such payment cannot be considered as a duplicate payment.

XV.

The amount of the Road Home grant to which subrogation rights apply is not clearly defined in the agreement, as the agreement is ambiguous by its own terms: "applicants are only required to subrogate insurance payments up to the amount....as determined by the Road Home program." This agreement does not specify if the amount to which the Road Home is subrogated is the total award, or only a portion of the award, or an amount to be determined at a later date for purposes of subrogation. (*Exhibit "B" The Road Home Homeowner Policies Manual Aug. 13, 2007.*)

XVI.

Failure to specify the amount of additional insurance payments which the Plaintiff has subrogated makes the entire subrogation agreement ambiguous, subjective, and open-ended, and consequently, unenforceable.

XVII.

4

Such ambiguity must be construed against the drafter, the Road Home, and in favor of the Plaintiff, such that the subrogation agreement is unenforceable as written.

## XVIII.

The Road Home grant which was awarded to the Plaintiff was based upon subjective findings, rather than on an objective or systematic method for determining the cost of repair to the plaintiff's home.

## XIX.

Because of the subjectivity of the Road Home calculation, Plaintiff appealed the award granted to him, as evidenced by his correspondence dated March 29, 2007, and August 5, 2007. (*Exhibit "C," en globo*)  Such appeal was refused by Road Home.

## XX.

The appeal process of the Road Home grant allows an appeal only to the State Road Home Appeals Office, an entity controlled by Road Home.  Should appeals be heard by such Appeals Office, "any decision will be a final decision, not subject to review or change by any other office or any court." *(Exhibit "D")* Such a provision violates the plaintiff's constitutional right to ex post facto review by a court of law.

## XXI.

The Road Home contract of subrogation is a classic contract of adhesion, as evidenced by it having been prepared by a superior party, with superior bargaining power for adherence or rejection by the weaker party, the plaintiff herein, who was not represented by counsel at the time of signing.

## XXII.

The Plaintiff was offered no options regarding the signing of the subrogation contract, had no freedom to negotiate its terms, and was left with no access to the courts for review of its terms and the nature of the agreement.

XXIII.

Since the subrogation agreement was prepared by the Road Home, clearly a superior party, and the Plaintiff had no option but to agree to its terms, then it cannot be said that the Plaintiff truly consented to all of the printed terms therein.

XXIV.

When the terms of an agreement call into question the consent of the non-drafting party, (the Plaintiff), and it is demonstrated that the contract is unenforceable, then the contract is one of adhesion.

XXV.

As Plaintiff contends herein that the subrogation contract is a contract of adhesion, then any apparent consent given by the Plaintiff to the terms set forth therein is thus vitiated, nullifying the subrogation agreement in its entirety.

XXVI.

Due to the ambiguities in the contract of subrogation, and the fact that the contract is one of adhesion, this Court is called upon to determine the amount of insurance proceeds to which the Road Home is entitled, if any, under its contract of subrogation, and conversely, the amount of the proceeds remitted by Allstate to which the plaintiff is entitled.

**WHEREFORE, PLAINTIFF PRAYS THAT THE COURT ORDER:**

1. That the insurance settlement check be deposited into the registry of the Court; and

6

2.  That the plaintiff be relieved from payment of any costs of these proceedings as they accrue, and that the Clerk of Court be directed to deduct said costs from the money deposited into the registry of the Court; and

3.  That the defendant appear and show cause why the plaintiff, Robin Washington, should not be entitled to all of the funds paid by Allstate to the plaintiff, in consideration of his property damage claim, and why the Road Home should not be ordered to endorse any and all Allstate checks bearing its name along with plaintiff's to pay all costs of these proceedings; and

4.  For judgment relieving plaintiff from any and all liability to the Road Home for the money deposited into the registry of the Court; and

5.  For a judgment ordering that any and all entities having a claim to the money deposited herein with the Registry of Court assert their respective claims contradictorily against all other parties to the proceeding.

**PLAINTIFF FURTHER PRAYS** for judgment in his favor against defendant, for damages for mental anguish and for economic losses due to the delay in obtaining the funds necessary to make repairs to his property, as well as all other general and equitable relief.

**PLAINTIFF FURTHER PRAYS** for attorneys' fees and penalties as may be allowed under the law for having to bring this action in order to recover funds to which the plaintiff is rightfully entitled.

XXVII.

## COUNT TWO - DECLARATORY JUDGMENT

Plaintiff re-alleges and re-avers each and every allegation of the preceding paragraphs as if set forth herein in their entirety, and in addition to the above recited Count One-Concursus, or in the alternative thereto, comes plaintiff, by and through undersigned counsel, and for Count Two of his Petition, and respectfully states as follows:

XXVIII.

Robin Washington retained the legal services of Gregory P. DiLeo, Esquire, on June 6, 2006 for the purpose of pursuing his claim against his homeowners' insurance carrier, Allstate, for damages which his property sustained as a result of Hurricane Katrina.

XXIX.

As a result of Gregory P. DiLeo, Esquire's representation, Allstate has remitted a payment on the homeowners' claim, said check payable to "Robin Washington, Louisiana Division of Administration/DRU, and Gregory P. DiLeo Attorney at Law, in excess of what the insurer previously paid. The insurer issued a check in the amount of **$34,300.00**, pursuant to coverage for structural damages.

XXX.

The terms of the subrogation agreement which plaintiff executed in favor of Road Home are ambiguous, in conflict with other provisions within the structure of the Road Home benefit documents, and constitute a contract of adhesion, thereby vitiating all consent given by the plaintiff to the Road Home regarding its subrogation rights.

8

## XXXI.

**WHEREFORE,** plaintiff prays that the Court declare:

The rights of the parties to this concursus proceeding as to the funds remitted by Allstate on behalf of the property damage claims made by the plaintiff, Robin Washington.

## XXXII.

### COUNT THREE-ACTION DE IN REM VERSO

Plaintiff re-alleges and re-avers each and every allegation of the preceding paragraphs as if set forth herein in their entirety, and in addition to the above recited Count One-Concursus, and Count Two-Declaratory Judgment, or in the alternative thereto, comes plaintiff, by and through undersigned counsel, and for Count Three of his Petition, and respectfully states as follows:

## XXXIII.

Gregory P. DiLeo, Esquire's efforts have created a fund out of which the Road Home stands to benefit to the detriment of its client, the homeowner. As a result of the efforts of Gregory P. DiLeo, Esquire, the Road Home has been unjustly enriched inasmuch as it stands to receive a benefit in the form of reimbursement pursuant to an adhesion contract which is also unconstitutional and ambiguous.

**WHEREFORE**, plaintiff prays that the defendant be served with a copy of this Petition and cited to appear and answer same, and that after due proceedings had that there be a judgment entered in favor of plaintiff and against defendant for any and all damages allowed in the premises with interest thereon from the date of

9

judicial demand, and for all costs, attorney's fees and such other relief in equity or

in law as may be justified.

Respectfully submitted,

GREGORY P. DI LEO, LSBA #4943
JENNIFER B. EAGAN, LSBA #19847
Attorney for Plaintiff, Robin Washington
300 Lafayette Street, Suite 101
New Orleans, LA  70130
Telephone:  (504) 522-3456
Facsimile:   (504) 522-3888

## ORDER

Considering the foregoing;

**IT IS ORDERED, ADJUDGED AND DECREED** that the defendants,

**The Louisiana Division of Administration/DRU , and Allstate Insurance**

**Company,** show cause on the 30th day of November, 2007 at 9:00 a.m.

why the afore-mentioned relief should not be granted as prayed for.

NEW ORLEANS, LOUISIANA this 30th day of October , 2007.

(Sgd) Madeleine M. Landrieu
JUDGE MADELEINE LANDRIEU
DIVISION "E"
BY ORDER OF THE COURT

ENTERED ON MINUTES
OCT 3 1 2007

**PLEASE SERVE:**

**Susan Elkins, or Andy Kopplin, Directors, The Louisiana Division of
Administration/DRU
1 American Place
601 Main Street
Baton Rouge, Louisiana 70801**

Entered Rule Docket ✓
Service Copies to Sheriff ✓
Card with Rule Date Mailed
Copy of Document Mailed
11-30-0

**Allstate Insurance Company,**
*through its attorney of record,*
**Gregory J. Schwab
423 Goode Street
Houma, LA 70360**

pd-katrina\Washington\concursus

10

THIS COURT ENFORCES
DISTRICT COURT RULE 9.9

CLERK