UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | CIVIL ACTION |
| **CONSOLIDATED LITIGATION** | * | |
| _____ | * | NUMBER 05-4182 |
| | * | & CONSOLIDATED CASES |
| **THIS DOCUMENT RELATES TO** | * | |
| **LEVEE:   06-5116 (Sims)** | * | SECTION "K"(3) |
| **            06-5127 (DePass)** | * | |
| **            06-5131 (Bourgeois)** | * | JUDGE DUVAL |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 12(B)(6) AND/OR 12(C)**

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans replies to plaintiffs' opposition to its motions to dismiss these claims pursuant to F.R.Civ.P. 12(b)(6) and/or 12(c). As originally addressed in the motions to dismiss and again here, plaintiffs' complaints make almost identical allegations against the Sewerage and Water Board of New Orleans as those asserted against the Parish of Jefferson, the City of New Orleans and the Board of Commissioners of the Port of New Orleans. This Court – in considering nearly identical allegations – concluded that as a matter of governing law those allegations failed to state a claim against the Parish of Jefferson, the City of New Orleans and the Board of Commissioners of the Port of New Orleans and accordingly dismissed those claims. *See* doc. 8390; 1133; and 8383. This Court's legal analysis and rationale applies equally to the Sewerage and Water Board of New Orleans and, therefore, to maintain a consistent legal analysis, this Court should dismiss plaintiffs' claims against the Sewerage and Water Board of New Orleans too.

1

## UNDER PLAINTIFFS' SPECIFIC ALLEGATIONS, THE SEWERAGE AND WATER BOARD OF NEW ORLEANS ENJOYS IMMUNITY UNDER THE LOUISIANA HOMELAND SECURITY AND EMERGENCY ASSISTANCE AND DISASTER ACT

Rather than addressing their specific allegations against the Sewerage and Water Board of New Orleans as they pertain to the Louisiana Homeland Security and Emergency Assistance and Disaster Act, LSA—R.S. 29:721 *et al*, plaintiffs instead cite this Court's early orders [doc. 2423 and 2422] which dealt with other parties' different allegations against the Sewerage and Water Board of New Orleans. The rationale for this Court's earlier orders does not apply here, because, unlike the allegations before the Court when it entered those orders, here plaintiffs allegations are not "attenuated" from "those emergency actions contemplated" under LSA—R.S. 29:735. Plaintiffs' specific allegations to which the Sewerage and Water Board of New Orleans enjoys immunity are quoted below.

Plaintiffs' allege the following acts of negligence against the Sewerage and Water Board of New Orleans which are temporally related to Hurricane Katrina and thus qualify for immunity under LSA—R.S. 29:721, *et al*:

ORIGINAL COMPLAINT

\* \* \*

¶78. The Sewerage and Water Board was negligent in failing to close the Hoey canal to prevent the flow of water from the 17th Street Canal into Metairie, which flooded Plaintiffs properties;

¶79. The Sewerage and Water Board was negligent in failing to halt the pumping at feeder stations, Broad Street and Florida, given the closure of the 17th Street Canal, thus pumping flood and rain water into the 17th Street canal and into Hoey Canal, damaging plaintiffs property.

\* \* \*

2

FIRST AMENDED COMPLAINT

¶75.11 The Sewerage & Water Board is further at fault in failing to accommodate the closure of the 17th Street Canal by arresting the drainage of water, but exacerbating the problem by continuing to operate the pumps accelerating water volume in the 17th Street Canal beyond its capacity and flooding plaintiffs' property.

\* \* \*

THIRD AMENDED COMPLAINT

¶10m. The Sewerage & Water Board continued to pump rainwater into the Orleans Canal, but due to the absence of fronting protection the waters flooded into the northern basin of the New Orleans East Polder;

\* \* \*

Each of those allegations asserts facts and supposed negligent acts that occurred immediately before, during or after Hurricane Katrina struck the Gulf Coast. Those alleged acts are not remote in time from the hurricane, but instead allege conduct by the Sewerage and Water Board of New Orleans taken during the time the disaster engulfed the City. As such, the immunity afforded by the Louisiana Homeland Security and Emergency Assistance and Disaster Act, LSA—R.S. 29:721 *et al*, applies to the Sewerage and Water Board of New Orleans just like it applied to the Parish of Jefferson, as this Court has ruled.

This Court's prior orders, upon which plaintiffs rely, simply dealt with allegations that were not close in time to Hurricane Katrina, a point this Court made clear in those orders. Observed this Court:

> Counsel for defendants refer the Court to Magistrate Judge's opinion in *Armstead v. Nagin*, C.A. 05-6438 where in a Report and Recommendation, Magistrate Judge Wilkinson applied La.Rev.Stat. 29:735 to the duties of the Orleans Levee District vis-à-vis the levees under its control. In adopting Judge Wilkinson's Report and

> Recommendation, this Court noted, 'The Court does not agree with any tangential inference that acts or omissions of the Levee Board performed at times remote from Hurricane Katrina come under the ambit of the immunity statute. La.Rev.Stat. 29:735.' This Court also observed that the actions of defendants immediately prior to and subsequent to Hurricane Katrina were the thrust of the complaint in *Armstead.* Thus, *Armstead* is factually distinguishable from the allegations of this case.

Doc. 2423.

Here, plaintiffs' above-quoted allegations – like those in *Armstead* – deal with the Sewerage and Water Board of New Orleans' actions "immediately prior to and subsequent to Hurricane Katrina" and thus the Sewerage and Water Board of New Orleans is entitled to the immunity the Louisiana Homeland Security and Emergency Assistance and Disaster Act, LSA—R.S. 29:721 *et al*, supplies, plaintiffs' unsupported arguments to the contrary.[1]

---

[1] Plaintiffs' argument that this Court's prior decisions in other cases "are the law of the case" is simply without any basis in law. Putting aside those opinions were rendered in other cases, because they are not final judgments of this Court they would be subject to revisiting and revising at any time. Nor is this Court bound by the state court judge's prior ruling on the Sewerage and Water Board of New Orleans' exceptions. First, the judge's order was not a final one and, like in this Court, would have been subject to revisiting and changing at any time before it became a final judgment. Second, with all due respect to the state district court, his ruling was incorrect or at least not consistent with this Court's analysis and ruling on the identical issue in favor of the Parish of Jefferson.

Plaintiffs make a curious argument on page 12 of their opposition memorandum, claiming that "response" as used in the Louisiana Homeland Security and Emergency Assistance and Disaster Act means a "reaction to the disaster, more than a passive failure to act or decision not to act . . ." Having advanced this argument, plaintiffs fail to cite to the Court any authority in support of it. Nor do they mention or ascribe any meaning to the other nouns used in the statute: "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." Apart from plaintiffs' *ipse dixit*, there is nothing to support their contention and it should be summarily rejected.

## THE SEWERAGE AND WATER BOARD OF NEW ORLEANS IS NOT RESPONSIBLE FOR THE LEVEES OR OTHER FLOOD PROTECTION FOR NEW ORLEANS

Rather than addressing the applicable law within the context of the factual allegations they make, plaintiffs assert the Sewerage and Water Board of New Orleans can be liable to them because it had ownership or custody over the levees; a defect created an unreasonable risk of harm; the Sewerage and Water Board of New Orleans had notice of the defect and failed to take corrective action; and causation. But those arguments ignore the law as it applies to the respective duties imposed by statute upon the Sewerage and Water Board of New Orleans and the Board of Commissioners of the Orleans Levee District. While the Sewerage and Water Board of New Orleans is charged with constructing, controlling, maintaining and operating the City's public drainage system, that mandate is not the same as vesting upon the Sewerage and Water Board of New Orleans the responsibility for constructing, maintaining and operating the City's levees and hurricane protection system. Those obligations rest by statute upon the Board of Commissioners of the Orleans Levee District pursuant to LSA—R.S. 38:307. This Court has granted relief to other defendants, situated similarly to the Sewerage and Water Board of New Orleans, against whom plaintiffs asserted the same responsibility for the levees and flood protection. Indeed, as the Sewerage and Water Board of New Orleans previously noted, this Court has expressly held, in dismissing allegations against the Dock Board regarding the levees:

> . . . the maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board . . . . Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection.

5

*See* Doc. 8389, p. 2 (*citing Board of Comm. Of Orleans Levee Dist. v. Dept. of Natural Resources of the State of Louisiana*, 493 So.2d 281, 288-89 (La. 1986). *Also see DePass* Order [8390], p. 10; and Order and Reasons [Doc. 1133](dismissing claims against the City of New Orleans.)

Plaintiffs failed to address this Court's rulings, cited above, and offer no plausible distinction why this Court should not apply the same analysis and rationale to the Sewerage and Water Board of New Orleans. Simply put, the Sewerage and Water Board of New Orleans is not legally responsible for the levees and flood protection for the City and, therefore, plaintiffs allegations about any alleged failure to maintain, construct, operate and repair the levees and the other flood protection devices should be dismissed.

Additionally, plaintiffs ignore subsection H of LSA—R.S. 9:2800 relied upon in earlier decisions of this Court. Under subsection H – even assuming for argument's sake that the Sewerage and Water Board of New Orleans had some control over or *garde* over the levees, flood canals and hurricane protection devices – the Sewerage and Water Board of New Orleans enjoys immunity. Nowhere do plaintiffs allege "gross negligence or willful and wanton misconduct." In sum, there is no basis for treating the Sewerage and Water Board of New Orleans differently than this Court did when it dismissed plaintiffs' nearly-identical allegations against the Parish of Jefferson. *See* Order, pp. 9-10 [doc. 8390](. . . by operation of this statute, then all claims for defalcation arising from the garde of any levee, drainage ditch or the like are barred if brought against a public body . . . .")

The Sewerage and Water Board of New Orleans is entitled to the same relief as this Court granted the Parish of Jefferson when it dismissed similar claims arising from

the *garde* of the levees and drainage appurtenances, and plaintiffs offer no legal or factual reason for this Court to reach a contrary result.

## PLAINTIFFS DO NOT STATE A CAUSE OF ACTION UNDER THE SO-CALLED ACTS OF ASSURANCE

Plaintiffs concoct the argument that they have a direct cause of action against the Sewerage and Water Board of New Orleans under the Louisiana Direct Action Statute by mischaracterizing the Sewerage and Water Board of New Orleans as an *insurer* under the Act. In making this novel argument, plaintiffs ignore the fact that (1) the Sewerage and Water Board of New Orleans is not an insurer in law or in fact; (2) the Sewerage and Water Board of New Orleans did not issue any policy of insurance to any person or party in this State or elsewhere; and (3) the only law plaintiffs' cite in this portion of their Act of Assurance argument, *Cooper v. City of Bogalusa*, 198 So.2d 510 (La. 1940), expressly rejected the very argument. The Louisiana Supreme Court said:

> There is nothing in the resolutions of July 19, 1938, which would justify this court in holding that the City of Bogalusa had granted to the plaintiff as a landowner a direct right of action to recover damages said to have resulted from the 'isolation' of her property on account of the condemnation proceedings and the improvements undertaken by the United States government. It is our opinion that the exception of no right of action is well founded and that the plaintiff's suit was properly dismissed.

*Id.*, 513. *Cooper* is still good law and squarely rejects the argument plaintiffs try here.[2] And, more to the point, plaintiffs' contention that they have an action against the Sewerage and Water Board of New Orleans arising from the so-called Acts of Assurance founders upon Fifth Circuit binding precedent.

---

[2] This Court also, referring to *Cooper, et al v. Louisiana Development of Public Works*, 2003-1074 (La.App. 3 Cir. 2004); 870 So.2d 315, found that Acts of Assurance are *not* insurance policies. [Doc. 8913].

Because plaintiffs cannot show the Fifth Circuit precedent, *Anderson v. Red River Waterway Commission*, 231 F.3d 211 (5th Cir. 2000), does not apply, plaintiffs simply ignore the case. But, as the Sewerage and Water Board of New Orleans briefed to the Court, the United States Fifth Circuit has squarely held (1) these so-called Acts of Assurance for federal construction projects are nothing more than an indemnification agreement whereby the state or local agency agreed only to indemnify the United States; and (2) these Acts *do not confer the power or right upon third parties, like plaintiffs here, to file suit against the local agencies as purported beneficiaries of these Acts of Assurance*. The Fifth Circuit's precedent is binding upon this Court and is, in addition, in accord with the majority of Louisiana state appellate courts that have addressed the issue. *See Cooper v. City of Bogalusa*, 198 So. 510; *Adam v. Great Lakes Dredge and Dock Co.*, 273 So.2d 60 (La.App. 4 Cir. 1973); *Vujnovich v. State of Louisiana*, 184 So.2d 618, 620-621 (La.App. 4 Cir. 1966); *Petrovich v. State of Louisiana*, 181 So.2d 811, 814 (La.App. 4 Cir. 1966); *Vuljan v. Board of Commissioners of Port of New Orleans*, 170 So.2d 910, 913 (La. App. 4 Cir. 1965); *Haeuser v. Board of Commissioners of Port of New Orleans*, 170 So.2d 728 (La.App. 4 Cir. 1965).

To circumvent controlling law, plaintiffs cite to and rely upon a Louisiana Court of Appeal case, *Cooper,* 870 So.2d at 315, to assert they are third party beneficiaries of the so-called Acts of Assurance. But this Court has already dealt with *Cooper* and plaintiffs' identical argument and rejected the case's application to the facts of this case. [Doc. 8913]. *Also see Barasich v. Columbia Gulf Transmission* Company, 467 F.Supp.2d 676, 693 (E.D.La. 2006). Plaintiffs offer no explanation why this Court should deviate from its prior ruling on point.

In sum, the overwhelming weight of authority establishes that these so-called acts of assurance are nothing more than indemnity agreements running between the state or local agency to the United States.  These agreements do not, as plaintiffs argue, make them third party beneficiaries with a right or cause of action against the indemnifying state or local agency.  A decision to the contrary would be an anomaly in contravention of the weight of jurisprudence, including decisions from the Louisiana Supreme Court, the Louisiana Courts of Appeal, and the United States Fifth Circuit.

Finally, even if plaintiffs could avail themselves of third party beneficiary status under the Acts of Assurance – which they cannot legally do – they fail to cite to the Court how the Sewerage and Water Board of New Orleans breached any of the so-called Acts of Assurance and how, if a breach is shown, plaintiffs were damaged thereby.

Simply put, plaintiffs are long on argument but short on law and facts.  They fail to state a legally cognizable claim against the Sewerage and Water Board of New Orleans based upon the so-called Acts of Assurance.  Therefore, plaintiffs allegations based upon those Acts of Assurance must be dismissed for failing to state a cause of action.

## PLAINTIFFS' INVITATION TO REINVENT THEIR ALLEGATIONS SHOULD BE REJECTED

Facing this Court's analogous rulings rejecting their legal theories and binding Fifth Circuit precedent, plaintiffs ask the Court to permit them to amend their pleadings, presumably to start over with entirely new allegations against the Sewerage and Water Board of New Orleans.  This Court should decline plaintiffs' invitation, extended without any suggestion of what would now be claimed in lieu of what already has been alleged.

Plaintiffs tell the Court that "a claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim

9

that would entitled the pleader to relief." [Doc. 10005, p. 16.] That standard is not the law, as the United States Supreme Court made clear in *Bell Atlantic Corporation v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007). In *Twombly*, the Supreme Court expressly overruled the often-cited statement of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957), that no complaint should be dismissed for failing properly to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts which could entitle him to relief." Rejecting the *Conley* phrase as "incomplete," the Supreme Court instead held that a plaintiff must show the allegations "possess enough heft" to establish an entitlement to relief to permit the costly process of litigation to continue. *Twombly*, 550 U.S. at ____, 127 S.Ct. at 1966. Here plaintiffs had to allege enough facts to raise their claims beyond the level of speculation, *id.*, 1965, and were required to "nudge[] their claims across the line from conceivable to plausible." *Id.*, 1974. Furthermore, plaintiffs had to allege sufficient facts to give rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" in support of their claims. *Id.*, 1967. Thus, because plaintiffs are unable to show – based upon the pleadings they crafted – the requisite entitlement to relief, plaintiffs properly face the Sewerage and Water Board of New Orleans' Rule 12(b)(6) motion to dismiss to minimize the loss of time and money to the litigants and the waste of resources of the Court. *Id.*, 1966. *See also Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609, *1 (S.D.Tex. July 2, 2007). *Also see Neitzke v. Williams*, 490 U.S. 319, 236-27, 109 S.Ct.1827, 1832 (1989)(the procedure of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding.")

      Without conceding their current complaints fail to state a cause of action, plaintiffs fall back to request leave to amend their complaint, but without specifying what

facts or legal theories they would allege to state a viable cause of action against the Sewerage and Water Board of New Orleans.

While generally courts allow plaintiffs to amend their pleadings when confronted with well-founded Rule 12(b)(6) motions, such relief is not automatically available and should be not available to plaintiffs under the circumstances here.

First, a motion to dismiss a complaint under Rule 12 is not a responsive pleading within the Rule permitting amendment as of right. *Swan v. Board of Higher Education of the City of New York*, 319 F.2d 56 (2d Cir. 1963); *Christophides v. Porco*, 289 F.Supp. 403, 408 (S.D.N.Y. 1968); 3 Moore's Federal Practice P15.07(2)(2d ed. 1968)

Second, plaintiffs fail to disclose what additional allegations they would make to state a legally-cognizable claim against the Sewerage and Water Board of New Orleans. Absent some indication as to what plaintiffs might add to their complaint to make it viable, this Court need not grant them leave to amend. *See National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO v. Carey*, 557 F.2d 278282 (2nd Cir. 1977); *Christophides v. Porco*, 289 F.Supp. 403, 408 (S.D.N.Y. 1968).

Third, the enormous litigation that followed Hurricane Katrina has contained countless legal theories and facts of which plaintiffs and their counsel were aware. They cannot contend otherwise and have already amended their complaints several times. Where plaintiffs had knowledge of the facts upon which their proposed (and unseen) amendment is based, but failed to include them in the original complaint, this Court may deny their belated leave to amend. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942 (1974); *Dow Corning*

11

*Corporation v. General Electric Company*, 461 F.Supp. 519 (N.D.N.Y. 1978); *Christophides v. Porco,* 289 F.Supp. at 408.

In sum, this Court should deny plaintiffs' undetailed request to amend their complaint.

## CONCLUSION

This Court has already rendered dispositive rulings in favor of other defendants that dispense with the same legal arguments and theories plaintiffs espouse against the Sewerage and Water Board of New Orleans. In their opposition to the Sewerage and Water Board of New Orleans' Rule 12 motion, plaintiffs fail to address, let alone distinguish, those rulings or advise the Court why it should rendered an inconsistent opinion in response to the Sewerage and Water Board of New Orleans' motion.

Because this Court has dealt with the legal theories plaintiffs advance here, rejecting those theories as unfounded as a matter of law, the Sewerage and Water Board of New Orleans is entitled to the same relief.

Wherefore, the Sewerage and Water Board of New Orleans asks this Court to grant its F.R.Civ.P. 12(b)(6) and/or 12(c) motions and dismiss plaintiffs' complaints against the Sewerage and Water Board of New Orleans with prejudice, at plaintiffs' cost.

            Respectfully submitted,

            s/Charles M. Lanier, Jr
            **CHARLES M. LANIER, JR.-#18299, T.A.**
            **KEVIN R. TULLY - #1627**
            **H. CARTER MARSHALL - 28136**
            **CHRISTOVICH & KEARNEY, LLP**
            601 Poydras Street, Suite 2300
            New Orleans, Louisiana 70130-6078
            Telephone: (504) 561-5700

        **GEORGE R. SIMNO III - #12271**
        **GERARD M. VICTOR - #9815**
        625 St. Joseph Street, Room 201
        New Orleans, Louisiana 70165
        Telephone:  (504) 585-2242
        Facsimile:    (504) 585-2426

        ATTORNEYS FOR DEFENDANT
        SEWERAGE AND WATER BOARD OF
        NEW ORLEANS

## **CERTIFICATE**

I do hereby certify that on the 9th day of January 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

        s/Charles M. Lanier, Jr.
        **CHARLES M. LANIER, JR.**
        **KEVIN R. TULLY**

CK_DOCS 391106v1