UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" |
| PERTAINS TO: NO.  07-5023         07-5040 | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

**************************************************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
OBJECTIONS TO AND MOTIONS TO REVIEW MAGISTRATE'S ORDER**

NOW INTO COURT, through undersigned counsel, comes the STATE OF LOUISIANA, individually and on behalf of STATE OF LOUISIANA, DIVISION OF ADMINISTRATION *ex rel* THE HONORABLE CHARLES C. FOTI, JR., THE ATTORNEY GENERAL FOR THE STATE OF LOUISIANA, (hereinafter referred to as "the State") who respectfully file this Memorandum in Opposition to the Objections to and Motion(s) to Review Magistrate's Order on Motions filed by Ashton R. O'Dwyer, Jr. et. al.

The State adopts all arguments made in its original Memorandum in Opposition to Plaintiff's Motion to Intervene, as well as all arguments made by Magistrate Wilkinson in the Order on that Motion.  Additionally, the State would like to address some points brought up by O'Dwyer in his recent memorandum objecting to the Magistrate's Order.

**Application of the State's 11th Amendment Immunity–Explicit Waiver**

In his Memorandum, O'Dwyer argues that the State has waived its sovereign immunity for cases sounding in tort by virtue of Article XII, Section 10(A) of the Louisiana Constitution of 1974.  The provision states that "Neither the state, a state

agency, nor a political subdivision shall be immune from suit and liability in contract, nor injury to person or property." Counsel is truly grasping at straws with this argument. As stated by the United States Supreme Court in *Atascadero State Hospital v. Scanlon*[1], "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court.*"[2] The Constitutional provision cited by O'Dwyer does not speak to jurisdiction in <u>any</u> manner, much less does it specify the State's intention to be sued in federal court.

O'Dwyer also argues that the State may have waived its sovereign immunity through its acceptance of federal funds following Hurricane Katrina. While O'Dwyer addresses this potential waiver as "constructive waiver" or "waiver effected by a state's litigating conduct,"[3] the fact is that such a type of waiver must be explicitly required by Congress or explicitly granted by the State. "Neither the state's participation in a federal program in itself nor a concomitant agreement to obey federal law constitutes a waiver of Eleventh Amendment immunity."[4] In his own memorandum, O'Dwyer acknowledges that such waiver requires the state's receipt of "**clear and unambiguous statutory notice** that [the gratuity] was conditioned on waiver of immunity."[5] Clearly, such waiver has not taken place in the instant case.

---

[1] 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171, superceded by statute on other grounds.
[2] 105 S.Ct. at 3146.
[3] See Rec. Doc. 9753-2, p. 5-6.
[4] Nowak and Rotunda, Treatise on Constitutional Law, Substance and Procedure, § 2.12
[5] See Rec. Doc. 9753-2, p. 6, citing *AT&T Communications v. Bell South Telecommunication Inc.,* 238 F.3d 636, 645 (5th Cir. 2001).

**Application of the State's 11th Amendment Immunity—Constructive Waiver**

In support of his contention that the State has waived its sovereign immunity by virtue of its litigation conduct, O'Dwyer repeatedly points to *Lapides v. Board of Regents of the University System of Georgia.*[6] As well-distinguished in Magistrate Wilkinson's Order, *Lapides* is inapplicable to the instant case. In *Lapides,* the State of Georgia voluntarily invoked federal jurisdiction, through removal, **as a defendant.** Because the 11th Amendment bars federal jurisdiction over suits **against** a state, the State of Georgia was determined to have waived its immunity when it voluntarily removed the suit **against** it to federal court. As well-explained in the Order, the State is not a defendant to these cases. There has been no suit instituted against a state, and as such, the holding of *Lapides* cannot apply.

The waiver of sovereign immunity that has been found in cases where a state is a **plaintiff** has been limited to the compulsory counter-claims of the defendant against the state.[7] Obviously, it would lead to unfair results if such compulsory counter-claims were not permitted, as they would otherwise be lost. This is not the case with O'Dwyer's proposed intervention. O'Dwyer is not a party to the original suit, and thus his claims are not counter-claims. Additionally, the adjudication of the State's case against the Army Corps of Engineers has no bearing upon O'Dwyer's ability to bring his claims within the proper jurisdiction. Courts have refused to allow even those counterclaims which they deem non-compulsory. As stated by the Court in *Pegasus,* an "action to avoid payment of corporate income taxes does not arise out of the same transaction or occurrence as state's proof of claim for sales and withholding taxes simply because both involve

---

[6] 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).
[7] *In re Pegasus Gold,* 394 F.3d 1189 C.A. 9 (Nev.) 2005; *Regents of the University of New Mexico v. Knight*, 321 F.3d 1111 C.A. Fed. (N.M.) 2003; *In re Creative Goldsmiths of Wash.,* 119 F.3d 1140 (4th Cir. 1997).

taxes."[8]  Likewise, O'Dwyer cannot piggybacked his claim against the State onto the its claim against the Army Corps of Engineers simply because both involve levees.

The immunity granted by the 11th Amendment cannot possibly have been waived with respect to O'Dwyer's claims in the instant cases because there has been no waiver whatsoever of that immunity, nor will the adjudication of the actions require any waiver on behalf of the State.  As previously explained, the 11th Amendment applies solely to suits **against** states.  Moreover, the only appropriate jurisdiction for suits instituted against the United States is federal court.  As such, the instant suits could only have been brought within the federal court system.  Because the State is acting as the Plaintiff, the **11th Amendment has no application** and waiver is not at issue.[9]  Additionally, the proper jurisdiction for suits by the United States against its states is also the federal court system.  Thus, for any counterclaims against the State in the instant case, federal court is the proper jurisdiction and the **11th Amendment, again, does not apply.**  How then, can one argue that the State has waived its sovereign immunity in any respect when the 11th Amendment is not even applicable to these two cases?

---

[8] *Pegasus* at 1196, describing *Creative Goldsmiths.*
[9] See *Regents of the University of California v. Eli Lilly,* 119 F.3d 1559 (1997).

**CONCLUSION**

O'Dwyer's intervention into this suit has no basis in law or fact. For the reasons expressed herein, along with those arguments made in Plaintiffs' opposition to the original Motion to Intervene and those made by Magistrate Wilkinson in his order, Plaintiffs assert that O'Dwyer's intervention into the instant litigation is not permissible and thus respectfully request that the Court affirm the denial of his Motion to Intervene.

Respectfully submitted:

**CHARLES C. FOTI, JR.
ATTORNEY GENERAL**

   s/ Stacie L. deBlieux
Stacie L. deBlieux (#29142)
Assistant Attorney Generals
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6400
Facsimile: (225) 326-6499

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on January 9, 2008 and served on all counsel of record by operation of the Court's CM/ECF system.

   s/ Stacie deBlieux
**STACIE L. DEBLIEUX**