UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: LEVEE (*La. Envtl. Action Network, 06-9147*) | | |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS LEAN's FIRST AMENDED COMPLAINT**

**INTRODUCTION**

In its First Amended Complaint ("Amended Complaint"), Plaintiff Louisiana Environmental Action Network ("LEAN") realleges the same claims that were dismissed by the Court in its November 2, 2007 order. As in its initial Complaint, LEAN brings "endangerment" claims under subsection (a)(1)(B) of the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B) ("Section 6972(a)(1)(B)"). As before, LEAN contends that the Corps is subject to Section 6972(a)(1)(B) under the waiver of sovereign immunity at 42 U.S.C. § 6961 ("Section 6961"). *See* Amended Complaint ¶ 26. The Court, however, has already ruled in its November 2, 2007 order that Flood Control Act immunity applies and that Section 6961's waiver cannot be imputed to claims under Section 6972(a)(1)(B). *See* November 2, 2007 Mem. & Order at 22.

To the extent that LEAN is now purporting to be bringing "endangerment" claims under Section 6961 itself as opposed to under Section 6972(a)(1)(B), LEAN has failed to state any viable claim. In the first place, the "endangerment" claims set forth in the Amended Complaint

are plainly Section 6972(a)(1)(B) claims, regardless of LEAN's attempt to recharacterize them. Moreover, Section 6961 does not, in any event, contain any cause of action, and therefore, no claims can be "brought" under authority of Section 6961.  Furthermore, LEAN has not identified any statutory "requirement" that federal defendants have violated.  Accordingly, even if there were a cause of action in Section 6961 – and there is not – Section 6961 does not apply to the claims asserted.

For these reasons, LEAN's Amended Complaint must be dismissed.

## BACKGROUND

An extended statutory and factual background discussion was set forth previously in the United States' Memorandum in Support of its Motion to Dismiss LEAN's initial Complaint.  *See* Memorandum (Docket No. 2951) at 2-10.  That discussion is hereby incorporated by reference. A brief discussion of the statutory provisions pertinent to consideration of LEAN's Amended Complaint is set forth below.

### I. STATUTORY BACKGROUND

#### A. The RCRA Citizen Suit Provision

RCRA is a federal statute that addresses the management and disposal of solid and hazardous waste.  RCRA section 7002, 42 U.S.C. § 6972(a)(1), creates two distinct causes of action that citizens may pursue in federal court.  RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), creates a cause of action against any person, including government agencies, for abatement of an imminent and substantial endangerment to health or the environment that may be presented by solid or hazardous waste.[1/]  RCRA section 7002(a)(1)(A), 42 U.S.C.

---

[1/] Specifically, under Section 6972(a)(1)(B), a person may bring suit against any person "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and

§ 6972(a)(1)A), creates a cause of action against any person, including government agencies, alleged to be in violation of any RCRA "permit, standard, regulation, condition, requirement, prohibition, or order."

### B.     RCRA Section 6961

RCRA section 6001, 42 U.S.C. § 6961, does not create or contain any causes of action, but does contain an additional waiver of sovereign immunity. Section 6961 provides generally that the Federal Government must comply with all federal, state, and local solid and hazardous waste "requirements," where the Federal Government either has "jurisdiction" over a "solid waste management facility or disposal site," or where it is "engaged" in activities resulting, or which may result, in the disposal of waste. Section 6961(a), provides, in relevant part:

> Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste or hazardous waste disposal and management in the same manner, and to the same extent, as any person is subject to such requirements, including the payment of reasonable service charges. The Federal, State, interstate, and local substantive and procedural requirements referred to in this subsection include, but are not limited to, all administrative orders and all civil and administrative penalties and fines, regardless of whether such penalties or fines are punitive or coercive in nature or are imposed for isolated, intermittent, or continuing violations. The United States hereby expressly waives any immunity otherwise applicable to the United States with respect to such substantive or procedural requirement (including, but not limited to, any injunctive relief, administrative order or civil or

---

substantial endangerment to health or the environment."

3

        administrative penalty or fine referred to in the preceding sentence,
        or reasonable service charge).

## II.    LEAN'S INITIAL COMPLAINT AND THIS COURT'S ORDER DISMISSING THAT COMPLAINT

LEAN's lawsuit generally relates to the Corps' flood control activities undertaken at the London Avenue Canal, the breach of London Avenue Canal levees during Hurricane Katrina, and flooding in the Vista Park neighborhood of New Orleans. LEAN filed its initial Complaint on October 27, 2006. In its initial Complaint, LEAN brought two claims for relief under Section 6972(a)(1)(B). First, LEAN alleged that "[t]he Corps' conduct in designing, handling, and maintaining inadequate levees for the London Avenue Canal contributed to the handling and disposal of solid and hazardous waste that may present an imminent and substantial endangerment to health and the environment." Complaint ¶ 46. Second, LEAN alleged that the Corps' conduct in "failing to adequately test sediments in the Vista Park neighborhood" following Hurricane Katrina, and "in failing to take such abatement actions as may be necessary to protect the public from risks posed by the sediments in the Vista Park neighborhood" following Katrina, contributed to the handling of solid and hazardous waste in a manner that may present an imminent and substantial endangerment to health and the environment. Complaint ¶¶ 50-51.

The United States moved to dismiss the initial Complaint based on the affirmative grant of immunity for federal flood control activities in the Flood Control Act and the lack of any applicable waiver of sovereign immunity in RCRA. Specifically, the United States contended in support of its motion to dismiss that the waiver of sovereign immunity within Section 6972(a)(1)(B) itself did not apply because it did not expressly override Congress' affirmation of

immunity for flood control activities.[2]  *See* United States Mem. in Support of Mot. to Dismiss Initial Compl. at 14-17.  The United States further contended that the additional waiver of sovereign immunity at 42 U.S.C. § 6961 did not apply to RCRA citizen suit claims brought under Section 6972(a)(1)(B), because claims brought under Section 6972(a)(1)(B) do not allege the violation of any statutory "requirement."  *See Id.* at 17-21.

By order dated November 2, 2007, this Court granted the Corps' motion to dismiss.  The Court ruled that Flood Control Act immunity applied to claims brought under the RCRA citizen suit provision, 42 U.S.C. § 6972.  The Court held that the waiver of sovereign immunity in section 6972 itself was not broad enough to override Flood Control Act immunity.  *See* November 2, 2007, Mem. and Order at 10-21.  The Court additionally held that the waiver of immunity in Section 6961 could not be transferred to a claim brought under section 6972.  *Id.* at 21-24.  The Court did not reach the issue of whether LEAN could have pled any claim under authority of Section 6961, and granted LEAN leave to file an amended complaint pleading a claim under section 6961, but "*only if*, however, LEAN can assert a bonafide claim under § 6961."  *Id.* at 25 (emphasis added).

### III.  LEAN'S AMENDED COMPLAINT

LEAN filed its Amended Complaint on November 19, 2007.  The claims for relief set forth in LEAN's Amended Complaint are substantively identical to the claims for relief contained in its initial Complaint.  As in the initial Complaint, LEAN's first claim is premised on the allegation that "[t]he Corps' conduct in designing, building, and maintaining inadequate levees for the London Avenue Canal contributed to the handling and disposal of solid and

---

[2] The Flood Control Act's immunity provision, 33 U.S.C. § 702c, broadly provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place."

hazardous waste that may present an imminent and substantial endangerment to health and the environment." *Compare* Complaint ¶ 46 with Amended Complaint ¶ 67.  As in the initial Complaint, LEAN's second claim is premised on the allegation that "[t]he Corps' conduct in failing to take such abatement actions as may be necessary to protect the public from risks posed by sediments in the Vista Park neighborhood contributes to the handling and disposal of solid and hazardous waste that may present an imminent and substantial endangerment to health and the environment."   *Compare* Complaint ¶ 51 with Amended Complaint ¶ 72.

## ARGUMENT

**I.      LEAN'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT SIMPLY REALLEGES THE SAME SECTION 6972(a)(1)(B) CLAIMS WHICH HAVE ALREADY BEEN DISMISSED**

The Amended Complaint must be dismissed because LEAN is simply realleging the same Section 6972(a)(1)(B) "endangerment" claims it brought in its initial Complaint.  Section 6972(a)(1)(B) provides a cause of action against "any person. . . . who has contributed or who is contributing to the past or present handling . . . or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."  Tracking word-for-word the language of 6972(a)(1)(B), LEAN alleges in its Amended Complaint, just as it did in its initial Complaint, that the Corps has contributed to the "handling and disposal of solid and hazardous waste that may present an imminent and substantial endangerment to health and the environment."  *See* Amended Complaint ¶¶ 67, 71-72.

Section 6972(a)(1)(B) is the only provision in RCRA that authorizes a citizen to bring a cause of action based on the allegation that a person has contributed to handling and disposal of waste that may present an endangerment.  Thus, LEAN's "endangerment" claims are squarely premised on the cause of action created by Section 6972(a)(1)(B).  Indeed, LEAN itself cites

repeatedly to Section 6972 in its Amended Complaint, making clear that LEAN is, in fact, still relying upon the cause of action created by Section 6972(a)(1)(B). *See* Amended Complaint ¶¶ 2, 4, 26. LEAN, for example, alleges in its Amended Complaint that it provided pre-suit notice of this suit to the Corps Defendant pursuant to 42 U.S.C. § 6972(b). *See* Amended Complaint ¶ 4. Such a pre-suit notice requirement applies solely to claims being brought under 42 U.S.C. § 6972. LEAN additionally alleges that the Corps is "subject" to 42 U.S.C. § 6972(a)(1)(B). *Id*. ¶ 26. LEAN also cites to 42 U.S.C. § 6972 as a basis for jurisdiction. *Id.* ¶ 2.

      LEAN alleges in its Amended Complaint that the Corps is "subject to" Section 6972 as a result of Section 6961. *See* Amended Complaint ¶ 26 (alleging that Section 6961 "requires that federal agencies be subject to [Section 6972]"). The Court, however, already rejected in its November 2007 order LEAN's position that the waiver of immunity in Section 6961 can be applied to a cause of action under Section 6972(a)(1)(B). *See* November 2, 2007 Mem. & Order at 23-24 (rejecting LEAN's argument that Sections 6961 and 6972(a)(1)(B) should be "read together" and ruling that Section 6961 waiver of sovereign immunity cannot be imputed to claims under Section 6972(a)(1)(B)).[3]

---

[3] In its motion to dismiss LEAN's initial Complaint, the United States argued that the waiver in Section 6961 subjecting the United States to RCRA "requirements" did not apply to an endangerment claim brought under Section 6972(a)(1)(B), because subsection 6972(a)(1)(B) does not involve enforcement of any statutory "requirement." *See* United States Mem. in Supp. of Mot. to Dismiss Initial Compl. at 17-21. The United States contended that the Section 6961 waiver could potentially be applied to violation claims brought under Section 6972(a)(1)(A), but noted that LEAN had brought endangerment claims under Section 6972(a)(1)(B), not violation claims under 6972(a)(1)(A). *Id.* In its ruling, this Court held broadly that Section 6961 immunity cannot be transferred to claims under Section 6972, without distinguishing between claims under Section 6972(a)(1)(A) and Section 6972(a)(1)(B). *See* November 2, 2007 Mem. & Order at 21-24.

In short, because the Amended Complaint simply contains the same Section 6972(a)(1)(B) endangerment claims that were set forth in the initial complaint, the Amended Complaint must be dismissed. This Court has already ruled that Section 6961's waiver of sovereign of immunity cannot be imputed to endangerment claims under Section 6972(a)(1)(B).[4]

## II.    LEAN CANNOT BRING ANY CAUSE OF ACTION UNDER SECTION 6961

To the extent that LEAN is purporting to bring endangerment claims under Section 6961 itself (as opposed to under Section 6972(a)(1)(B)), it cannot do so. *See* Amended Complaint ¶¶ 1, 2, 4, 26, 54-72. First, for the reasons set forth above, regardless of how LEAN may characterize its endangerment claims, these endangerment claims are, by definition, Section 6972(a)(1)(B) claims. Second, as discussed in sections II.A and II.B. below, no claims can be "brought" under authority of Section 6961, in any event. Section 6961 just contains a waiver of sovereign immunity from certain regulatory requirements and certain causes of action created elsewhere in law. It does not either expressly or impliedly itself create any cause of action. Furthermore, as discussed in Section II.C. below, the waiver of sovereign immunity at 42 U.S.C. § 6961 does not even apply here because LEAN's Amended Complaint does not identify any statutory "requirement" that has been violated. Accordingly, even if, for the sake of argument, Section 6961 were deemed to itself create some implied cause of action, LEAN still has not stated any claim upon which relief could be granted.

---

[4]    Pursuant to the law of the case doctrine, the Court's ruling is final. This doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Op. Corp..*, 486 U.S. 800, 815-16 (1988) (citation and quotation marks omitted). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id*. (citation omitted).

A.  **A Waiver of Sovereign Immunity and a Cause of Action are Analytically Distinct**

Neither the United States nor any agency thereof may be sued unless Congress has explicitly consented to suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990). It is not enough, however, for a plaintiff to merely identify a waiver of sovereign immunity in order to proceed with suit against the United States. In addition to identifying a waiver of the government's sovereign immunity, a plaintiff must also have a cause of action – a "source of substantive law . . . [that] provides an avenue for relief." *FDIC v. Meyer*, 510 U.S. 471, 484 (1994). *See generally* Kathryn E. Kovacs, *Revealing Redundancy: The Tension Between Federal Sovereign Immunity and Nonstatutory Review*, 54 Drake L. Rev. 78-83. A cause of action is "analytically distinct" from a waiver of sovereign immunity. *Federal Deposit Ins. v. Meyer*, 510 U.S. at 484. Thus, "it cannot be assumed that a claimant has a cause of action . . . against a government agency merely because there has been a waiver of sovereign immunity." *Supreme Beef Processors, Inc. v. Department of Agriculture*, 468 F.3d 248, 254 (5th Cir. 2006) (quoting *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1033 (D.C. Cir. 2004)).

B.  **RCRA Section 6961 Does not Create any Cause of Action**

Section 6961 does not create any cause of action, and therefore, persons cannot bring any claims, of any nature, under Section 6961. Section 6961 waives sovereign immunity with respect to "Federal, State, interstate, and local requirements, both substantive and procedural, . . . respecting control and abatement of solid waste or hazardous waste disposal or management." Thus, Section 6961 contains a waiver of sovereign immunity with respect to certain substantive and procedural requirements related to waste management that have independent existence outside of Section 6961. *See McClellan Ecological Seepage Situation v. Weinberger*, 707 F.

Supp. 1182, 1191, n.2 (E.D. Cal. 1988) (noting that "[S]ection [6961] is a waiver of sovereign immunity with respect to certain substantive and procedural requirements that have independent existence outside of [S]ection [6961]"), *vacated on other grounds*, 47 F.3d 325 (9th Cir. 1995).

While Section 6961 contains a waiver of sovereign immunity with respect to certain requirements that have independent existence outside of Section 6961, Section 6961 does not itself either expressly or impliedly create any cause of action. Section 6961 plainly lacks any express language allowing citizen suits to be brought against federal agencies.[5] Nor does the text of Section 6961 create any implied cause of action, as discussed below.

In determining whether an implied cause of action exists, a court "must first determine whether Congress *intended to create a federal right*." *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002) (emphasis in original). The "question [of] whether Congress . . . intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." *Id.* at 283-84 (citations and quotation marks omitted). "For a statute to create such private rights, its text must be phrased in terms of the persons benefited." *Id*. (citations and quotation marks omitted).

For example, the Supreme Court has held that Title VI of the Civil Rights Act of 1964 creates an implied cause of action where it provides that "*No person* in the United States *shall* . . . be subjected to discrimination under any program or activity receiving Federal assistance" on the basis of race, color, or national origin." *See Gonzaga Univ. v. Doe*, 536 U.S. at 284, n. 13 (emphasis in original). This language creates an individual right because it is phrased with

---

[5] Section 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A), provides an example of a provision that *does* expressly create a cause of action. Section 6972(a)(1)(A) provides that "any person may commence a civil action on his own behalf" against any person allegedly violating a RCRA requirement.

"*unmistakable focus* on the benefited class." *Id*. at 284 (emphasis in original).  In contrast, the text of Section 6961 is not "phrased in terms of the persons benefited" and "by its terms grants no private rights to any identifiable class." *Id.* at 283-84 (citations and quotations omitted). Accordingly, applying the test set forth in *Gonzaga University v. Doe*, Section 6961 does not itself create any implied cause of action.

Moreover, it is an elementary canon of statutory construction that where a statute provides an express remedy, courts must be especially reluctant to imply additional remedies. *Karahalios v. Naitonal Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 533 (1989).  Here, the citizen suit provision of RCRA, Section 6972(a)(1)(A), provides an express remedy for non-federal parties to enforce requirements of RCRA.  The Supreme Court has held that Congress' inclusion of a citizen suit provision like that in RCRA bars implication of other remedies.  *See Middlesex County Sewarage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 14-15 (1981). *Middlesex County* involved claims under the Federal Water Pollution Control Act and the Marine Protection, Research and Sanctuaries Act of 1972. The Supreme Court concluded that claims could not be implied outside of the citizen suit provisions in these statutes, explaining that:

> [i]n view of these elaborate enforcement provisions it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens suing under [these Acts]. . . . "[I]t is an elemental canon of statutory construction that where a statute provides a particular remedy or remedies, a court must be chary of reading others into it."  In the absence of a strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.

453 U.S. at 14-15 (citations omitted and quotation marks omitted).

Indeed, we are aware of no decision in which any federal court has ever recognized a cause of action under Section 6961.  Instead, courts have only found that the waiver of sovereign

immunity in Section 6961 may allow causes of action created *elsewhere* in law to be brought against the United States. LEAN, for example, in its Amended Complaint cites to two such cases: *Charter International Oil Co. v. United States*, 925 F. Supp. 104, 107 (D.R.I. 1996) and *Crowley Marine Services, Inc. v. Fednav Ltd*, 915 F. Supp. 218, 222 (E.D. Wash. 1995). *See* Amended Complaint ¶¶ 23, 24. In both of these cases, district courts held that the Section 6961 waiver applied or may apply to certain state law claims. These district courts did not suggest that plaintiffs could bring any claims under authority of Section 6961 itself.[6/]

In short, regardless of how LEAN now characterizes its endangerment claims, LEAN cannot bring these claims under Section 6961, because Section 6961 does not contain any cause of action.

## C. LEAN Has not Alleged Any Violation of A "Requirement"

Finally, even if Section 6961 were deemed to create some implied cause of action, LEAN still has not stated any claim for relief upon which relief could be granted under Section 6961. LEAN's Amended Complaint does not identify any statutory "requirement" that has been allegedly violated by the Corps, and therefore, Section 6961 does not apply to the claims asserted.

Section 6961 provides that federal agencies shall be subject to Federal, State, interstate and local "requirements" "respecting control and abatement of solid waste or hazardous waste disposal and management." The term "requirements" as used in RCRA has been interpreted to mean "objective and administratively preestablished standards" that are "subject to uniform application" along with "the procedural means by which those standards are implemented."

---

[6/] In *Charter International Oil Co.*, the district court certified to the Rhode Island Supreme Court the question of whether any cause of action existed under state law. 925 F. Supp. at 111-17.

*United States v. New Mexico*, 32 F.3d 494, 497 (10th Cir. 1994) (citations and quotation marks omitted).  For example, as explicitly stated in Section 6961, RCRA "requirements" include those objective standards involving "permits or reporting."  Other provisions of RCRA specify additional examples of statutory "requirements" respecting waste disposal and management.  For example, in RCRA section 3002(a), 42 U.S.C. § 6922(a), Congress required the EPA Administrator to establish objective "requirements" applicable to generators of hazardous waste including, among other things, recordkeeping, labeling, and reporting requirements.[7]

     Here, LEAN is not seeking to enforce any "requirements" respecting waste disposal and management.  LEAN alleges in its Amended Complaint that the Corps' has contributed to the handling of RCRA regulated solid or hazardous waste that creates an imminent and substantial endangerment.  Such endangerment allegations do not seek to enforce any statutory "requirement" because they do not identify any objective standard that the Corps has failed to comply with.  *Cf. Romero-Barcelo v. Brown*, 643 F.2d 835, 856 (1st Cir. 1981) (analyzing provision in Noise Control Act that is closely analogous to Section 6961 and finding that a nuisance action could not proceed under that provision because determining whether there is a nuisance does not allow court to evaluate a "specific, uniform standard" that is "characteristic of 'requirements.'").  As LEAN itself acknowledged in its initial complaint, endangerment claims like those asserted here build upon common law public nuisance remedies, and "the gravamen of such a suit is a potential endangerment to human health or environment *rather than a statutory violation*."  *See* Complaint ¶ 24 (emphasis added).

---

[7] Similarly, RCRA section 3003, 42 U.S.C. § 6923, requires the EPA Administrator to establish objective "requirements" applicable to transporters of hazardous waste.  Likewise, RCRA section 3004, 42 U.S.C. § 6924, requires the EPA administrator to establish objective "requirements" applicable to owners and operators of hazardous waste treatment, storage and disposal facilities.

In short, even if there were any implied cause of action under Section 6961 – and there is not – Section 6961 does not apply to the endangerment claims asserted.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the United States' Motion to Dismiss LEAN's First Amended Complaint should be granted.

    Respectfully submitted,

    RONALD J. TENPAS
    Assistant Attorney General


    s/ Eric G. Hostetler
    ERIC G. HOSTETLER
    Trial Attorney
    Environmental Defense Section
    Environment & Natural Resources
        Division
    U.S. Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    (202) 305-2326
    (202) 514-8865(Fax)

    Attorneys for the United States Army Corps
        of Engineers

Dated: January 11, 2008