# EXHIBIT 72

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| **PERTAINS TO:** *Robinson v. United States* C.A. No. 06-2268 | **SECTION "K"(2)** |

## ORDER AND REASONS

Before the Court is Defendant United States' Motion to Certify Order and Reasons (R.D. 2994) For Interlocutory Appeal (Doc. 3842). Approximately two months after the entry of the Court's Order and Reasons denying its Motion to Dismiss the Robinson plaintiffs' suit, the United States seeks certification of whether the Flood Control Act of 1928 ("FCA"), 33 U.S.C. § 702c, compels dismissal of the complaint on the present record. Having reviewed the motion, memoranda and the relevant law, the Court finds the motion without merit for the reasons that follow.

**Background**

The United States sought the dismissal of the *Robinson* complaint which seeks compensation for damages allegedly caused by the Mississippi River Gulf Outlet ("MRGO"). The motion was brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 822). In Order and Reasons entered on February 2, 2007, the Court denied the Motion to Dismiss finding that it was legally insufficient in part because there were certain salient facts in dispute.

In its original Motion for Certification (Doc. No. 3842), the United States argued that under the law, the United States is immune for any damages caused by flood waters irrespective

contain flood waters and therefore § 702c immunity applies regardless of its argument as to the broad scope of *Central Green*.

**Standard**

As stated by Judge Rosenthal in *Halliburton Energy Serv., Inc. v. NL Industries*, 2007 WL 268492 (S.D. Tex. Jan. 26, 2007):

> "Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs. v. Basic Constr. Co.,* 702 F .2d 67, 69 (5th Cir.1983). "[F]act-review questions" are "inappropriate for § 1292(b) review." *Id.* "Finally, there must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)." *Ryan v. Flowserve Corp.,* 44 F.Supp.2d 718, 723 (N.D.Tex.2006). "But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* (citing 4 Am.Jur.2d *Appellate Review* § 128 (2005)). A "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.' " *Id.* (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.,* 219 F.3d 674, 676 (7th Cir.2000)).

*Id.* at *11.

**Analysis**

So where do these meandering legal peregrinations take the Court? First, the Court holds that the issue of whether the United States is immune from any damage it allegedly caused by flood waters whether related to a flood control project or not is not a controlling issue of law where there is substantial ground for difference of opinion. In overruling the circuit court's decision, the Supreme Court narrowed the immunity granted by § 702c. The holding in *Central Green* is: In order for the United States to be immune from damages caused by water under its control or supervision (1) the water must have a nexus to a flood control project and (2) the

4