UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES         CIVIL ACTION
CONSOLIDATED LITIGATION
                                      NO. 05-4182

PERTAINS TO:
                                      SECTION "K"(2)

*Boutte v. Lafarge*          C.A. No. 05-5531
*Mumford v. Ingram*          C.A. No. 5724
*Lagarde v. Lafarge*         C.A. No. 06-5342
*Perry v. Ingram Barge*      C.A. No. 06-6299
*Benoit v. Lafarge*          C.A. No. 06-7516
*Parfait Family v. USA*      C.A. No. 07-3500
*Lafarge v. USA*             C.A. No. 07-5178

## ORDER

Before the Court is an *Ex Parte* Motion for Modification of Order (Doc. 9294) filed by the Plaintiff Subgroup Litigation Committee who seek to modify the November 9, 2007 minute entry (Rec. Doc. 9100) denying leave to file the Barge Plaintiffs' proposed Rule 56 Motion and/or Motion to Stay and/or Transfer.  Plaintiffs contend that the Court's decision to refuse to hear a Motion for Summary Judgment concerning coverage presents "issues involving a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of the litigation" as provided by 28 U.S.C. § 1292.

As the Court previously noted, that the issue movers seek to have the Court determine is duplicative of a case that Judge Haight of the Southern District of New York has determined would not be transferred to this district and which he will not stay.  *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. La Farge North America, Inc.*, 272 F. Supp. 2d 474 (S.D.N.Y. 2007).  The salient issue therein is insurance coverage for the Ingram

barge involved in the Industrial Canal breach during Hurricane Katrina.  Thus, the central issue sought to be determined is a factual one–coverage.  Plaintiffs seek to use the Louisiana Direct Action Statute to sue for damages directly against the insurer; however, given the posture of the case in New York, this Court cannot enjoin it from the determination, nor will it waste its precious judicial resources when it is evident that that court is competent to do so.  Certainly, plaintiffs could intervene in the matter if they believe that the insured is not properly pursuing coverage–which would appear to this Court highly unlikely.

Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  The movant bears the burden of showing that all of the criteria have been satisfied for certification to be appropriate.  *Caruso v. Allstate Ins. co.*, 2007 WL 1466824 (E.D. La. May 18, 2007) citing *Complaint of L.L.P & D. Marine, Inc.*, 1998 WL 66100, at *1 (E.D. La. Feb 13, 1998).  Furthermore, an interlocutory is exceptional and does not lie simply to determine the crrectness of a judgment.  *Id. citing Clark-Dietz & Assocs. Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68- 69 (5th Cir. 1983).

Pretermitting the first two criteria, it is beyond cavil that an immediate appeal from this order would not materially advance the ultimate termination of the litigation.  This case is wrapped firmly in the third-party demand of Lafarge against the United States for the breach of the Industrial Canal.  This Court is proceeding with all due pace to resolve all of the issues of fault with respect to the floodwall/levee breach that is at issue in this case.  The litigation of insurance

coverage will not move that inquiry along at any greater speed.  Furthermore, the reality of the New York court's decision to not apply the First to File Rule means that this Court would be duplicating effort and arriving at either the exact same result or a conflicting one–which would not aid judicial economy.  There is simply no mechanism for this Court to enjoin a court of equal standing in the federal system from pursuing a course of conduct.  Insurance coverage issues are not a controlling question of law and no appeal can stop the New York court from its proceedings.  Accordingly,

**IT IS ORDERED** that *Ex Parte* Motion for Modification of Order (Doc. No. 9294) is **DENIED**.

New Orleans, Louisiana, this 14th day of January, 2008.

STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**