UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
|  | * | |
|  | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*           05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*              06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*           06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *Lafarge v. USA*               07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

**MEMORANDUM IN SUPPORT OF UNOPPOSED, *EX PARTE* MOTION
FOR LEAVE TO PROPOUND ADDITIONAL WRITTEN DISCOVERY
TO LAFARGE NORTH AMERICA**

MAY IT PLEASE THE COURT:

Case Management Order No. 5, Section V (A) governs written discovery, and in the aggregate, states that each party category shall serve merits discovery, consisting of a maximum of 50 Requests for Production, Requests for Admissions and Interrogatories to any other single party category, by October 12, 2007, unless good cause is shown for exceeding the deadline, and presumably, other limitations.

The Barge plaintiffs timely served written discovery to Lafarge North America, but did not meet the numerical limit respecting Interrogatories.  Since serving this discovery, both plaintiffs and Lafarge have continued to investigate the facts relevant to the breakaway and transit of ING 4727

from one side of the Eastern IHNC Floodwall to the other. Plaintiffs have learned of a number of putative class members, and possibly named plaintiffs, that Lafarge, acting through counsel and private investigators, have contacted and/or interviewed concerning the passage of the barge through the wall. Lafarge has identified a number of these persons by reference in their first periodic witness list (as per CMO No. 5) to "[w]itnesses to events in the Lower Ninth Ward on August 29, 2005 (to be identified through deposition discovery." Lafarge subsequently provided email containing a list of persons with whom Lafarge communicated directly or indirectly, intended to depose, and in fact, began to depose, but discontinued the depositions after only a few witnesses. The list Lafarge provided contains no addresses or contact information, and the undersigned deem this disclosure to be insufficient under FRCP 26 and 34, and under CMO No. 5. Additionally, plaintiffs' earlier discovery seeks disclosure of the identities of plaintiffs and putative class members from whom Lafarge obtained statements. Lafarge's response does not contain this information, and is considered by movers to be evasive and nonresponsive. It is to be addressed through Local Rule 37.1 conference and, failing that, a motion to compel. However, further disclosure is still required by law. FRCP 26. The Barge Plaintiffs wish to propound the following Interrogatories to Lafarge:

> Please state the full names and addresses of any and all persons who were in or near the proposed class geography on August 28 - 31, 2005 with whom you and/or your attorneys and/or investigators have spoken concerning facts alleged as the bases for any and all claims and/or defenses in the present suit.

> Please state the full names and addresses of any and all persons who claim to have knowledge and/or who you believe to have knowledge, direct and/or circumstantial, of facts pertinent to the breakaway of ING 4727 and/or its transit from the IHNC to the Lower Ninth Ward and/or the sources and extent of flooding within the proposed class geography.

> Movers posit that good cause exists for granting this request as the identities and locations

of such persons are needed in order to assure compliance with the Federal Rules of Civil Procedure,

with this Court's Case Management Order, and in light of jurisprudence governing contact with putative class members.[1] Additionally, granting this request will promote discovery and trial preparation. Further, the deadline for completing merits discovery is subject of a pending joint/unopposed motion that seeks to greatly extend the time permitted for all discovery.

Plaintiffs also wish to address potential legal issues by propounding the following:

Please identify and describe the role and activities of Lafarge and/or any or all of its insurers in any settlement negotiations or settlements involving defendants in other (non-Barge) litigation tracks consolidated hereunder, and/or involving any other persons or entities not parties to this consolidated action, of any claims by or on behalf of persons who are putative class members in the Barge category of cases.

and...

Please produce any and all documents and things reflecting, describing or demonstrating the role and activities of Lafarge and/or any or all of its insurers in any settlement negotiations or settlements involving defendants in other (non-Barge) litigation tracks consolidated hereunder, and/or involving any other persons or entities not parties to this consolidated action, of any claims by or on behalf of persons who are putative class members in the Barge category of cases.

Again, movers posit that good cause exists for granting this request as refinement of facts bearing on potential legal issues is needed in order to assure compliance with the Federal Rules of Civil Procedure, especially FRCP 23, to assure compliance with fair settlement procedures, and will also serve to frame legal issues anticipated to arise before or at trial. The above discovery is not duplicative of any other Interrogatories propounded to Lafarge.

For the foregoing reasons, movers pray for leave to propound the discovery requests proposed herein.

Respectfully Submitted,

---

[1] For example, *Turner v. Murphy Oil*, USDC EDLA C.A. No. 05-4206 "L"(2), in which the Court held that limitations might appropriately govern defendant's contact with putative class members and named plaintiffs.

WIEDEMANN & WIEDEMANN


\s\Lawrence D. Wiedemann_____
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs


LAW OFFICE OF BRIAN A. GILBERT


\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs
Barge Plaintiffs' Liaison


\s\Patrick J. Sanders
PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 14 day of January, 2008.

                                         \s\Brian A. Gilbert  
                                         BRIAN A. GILBERT