UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAR MOTHER'S TASTE OF NEW ORLEANS, LLC, HASAN AL-GHANI AND KHADIJA AL-GHANI** | **CIVIL ACTION NO. 06-5890** |
| | **SECTION F** |
| **VERSUS** | |
| **M.A. HAYES COMPANY, TRAVELERS INDEMNITY COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | **JUDGE FELDMAN** |
| | **MAGISTRATE JUDGE SHUSHAN** |

**MEMORANDUM IN OPPOSITION TO M. A. HAYES MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW INTO COURT, through undersigned counsel, comes Dear Mother's Taste of New Orleans, LLC, Hasan Al-Ghani and Khadija Al-Ghani (hereinafter "Plaintiffs"), and file their memorandum in opposition to the motion to dismiss for lack of personal jurisdiction filed by M. A. Hayes Company.

**I.  FACTUAL BACKGROUND**

Mr. And Mrs. Al-Ghani retired and moved to the New Orleans area in February of 2005. Since they had previously run a New Orleans-theme food company while in California, Mr. and Mrs. Al-Ghani decided to start a similar business in New Orleans.

1

When they were prepared to open their new business at 500 North Hagan Avenue, New Orleans, Louisiana, Mr. Al-Ghani contacted his insurance broker, M.A. Hayes Company, in Richmond, California, in order to procure the necessary insurance on the new business, Dear Mother's. Mr. Al-Ghani requested that Hayes procure a commercial policy of insurance sufficient to cover Dear Mother's, including, but not limited to, coverage for flood and business interruption. Hayes failed to procure an insurance policy that met these requirements. As such, there was an undertaking and/or agreement by Hayes to procure sufficient and proper insurance– to the limits permitted by law– for the plaintiffs' business and business property located at 500 North Hagan Avenue, New Orleans, Louisiana 70119.

Subsequently, on or about August 29, 2005, Hurricane Katrina, as predicted by weather forecasters, passed through New Orleans, and thereafter caused massive damage, including storm water, flood and wind damage to plaintiffs' business and business property located at 500 North Hagan Avenue, New Orleans, Louisiana 70119. After beginning the claims process with St. Paul Travelers, plaintiffs realized that Hayes had failed to procure proper and sufficient coverage for plaintiffs' business and business property located at 500 North Hagan Avenue, New Orleans, Louisiana 70119.

## II.  LAW AND ARGUMENT

To defeat a motion to dismiss for lack of personal jurisdiction without a full evidentiary hearing, the non-moving party need only establish a prima facie case that jurisdiction attaches.[1] Any

---

[1] Stripling v. Jordan Production Co., 234 F.3d 863, 869 (5th Cir. 2000).

factual disputes or conflicts are to be resolved in the non-movant's favor.[2] A federal court may exercise personal jurisdiction over a foreign defendant when: (1) the defendant is amenable to service of process under the applicable state long-arm statute; and (2) the exercise of personal jurisdiction comports with due process.[3] Louisiana's long-arm statute, La. R.S. 13:3201, allows service of process to the full extent permissible under the constitution. Accordingly, the sole inquiry here is whether the exercise of jurisdiction over M. A. Hayes satisfies due process.[4] The due process analysis is two-fold. The Court must first examine whether the foreign defendant has established "minimum contacts" with the forum by availing himself of the benefits of the forum state's laws such that the defendant could have anticipated being haled into court there.[5] The Court then determines whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice."[6]

The "minimum contacts" analysis can itself be divided into either specific jurisdiction or general jurisdiction. Specific jurisdiction exists where the cause of action itself arises out of or is related to the defendant's contacts within the state.[7] General jurisdiction exists where the defendant has engaged in "continuous and systematic" activities within the state such that the defendant is

---

[2] Ruston Gas Turbines, Inc. v. Donaldson, 9 F.3d 415, 418 (5th Cir. 1993).

[3] See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 289 (1980).

[4] A & L Energy, Inc. v. Pegasus Group, 791 So. 2d 1266, 1270 (La. 2001).

[5] World-Wide Volkswagen, 444 U.S. at 297.

[6] International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

[7] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

amenable to suit even if the underlying claim is unrelated to his in-state activities.[8]  When a foreign defendant's activities in the forum satisfy the minimum contacts standard, the Court must also assess whether the exercise of personal jurisdiction is fundamentally fair.  Once the plaintiff makes a prima facie showing of minimum contacts, a defendant seeking to avoid jurisdiction "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[9]

### A. *Specific Jurisdiction*.

A court may exercise specific jurisdiction where the underlying suit itself arises out of the defendant's activities within the forum.  Any actions (or even a single act), by which the foreign defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," will support the exercise of specific jurisdiction.[10]  Physical presence in the forum is not a prerequisite.[11]  Rather, the key inquiry is whether the defendant could have reasonably anticipated being sued in the forum state as a result of his activities there.

### B. *General Jurisdiction.*

McKeithen v. M/T Frosta[12] provides the benchmark for general jurisdiction in this case.

---

[8] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

[9] Burger King, 471 U.S. at 477.

[10] Ruston Gas Turbines, Inc. v. Donaldson, 9 F.3d 415, 419 (1993).

[11] Burger King, 471 U.S. at 476.  *See also* Gulf Consol. Services, Inc. v. Corinth Pipeworks, S.A., 898 F.2d 1071, 1073-75 (5th Cir. 1990).

[12] 435 F. Supp. 572 (E.D. La. 1977).

4

McKeithen upheld jurisdiction over Skuld, the P & I insurer of a Norwegian tanker that collided with a ferryboat on the Mississippi River just above New Orleans. Skuld did not solicit business, deliver policies, or maintain an office in Louisiana, and it did not insure Louisiana residents. Skuld covered ships worldwide and did not "invite their entry expressly or specifically for Louisiana."[13] Nevertheless, Judge Rubin found that Skuld "more than satisf[ied]"the requirements of International Shoe by "regularly and repeatedly maintaining insurance on a host of vessels navigating Louisiana territorial waters."[14]

### C.   *Fair Play and Substantial Justice.*

Once minimum contacts are established, exercising jurisdiction over a foreign defendant becomes presumptively reasonable.[15] In assessing the reasonableness of asserting jurisdiction, a court may consider: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interests in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies; and (5) the States' shared interest in furthering fundamental social policies.[16] Notably, the strength of these reasonableness factors may overcome a somewhat marginal proof of minimum contacts. "These considerations sometimes may serve to establish the reasonableness of

---

[13] Id. at 575.

[14] Id. at 578, 580. McKeithen also addressed the workings of La. R.S. 22:1253, :1252, and :1249. Resort to these insurance statutes is now unnecessary because Louisiana's general long-arm statute, La. R.S. 22:3201, as amended in 1987, provides for service of process, including service on foreign insurers, in any manner consistent with Due Process. First Guaranty Bank v. Attorneys Liability Assurance Soc., 515 So. 2d 1080, 1083 (La. 1987). An insurer need not "transact business" in Louisiana to satisfy minimum contacts. Id.

[15] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

[16] Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1988).

jurisdiction upon a lesser showing of minimum contacts than would otherwise be required."[17]

Taking the facts as stated by plaintiffs, M. A. Hayes has sufficient minimum contacts with the State of Louisiana to justify this Court's exercise of personal jurisdiction over it. Plaintiffs contend that they requested M. A. Hayes place insurance to cover their business in New Orleans. M. A. Hayes does not deny that they, in fact, placed insurance with Travelers. However, plaintiffs contend that M. A. Hayes did not place the correct insurance as requested, thereby subjecting Hayes to agent liability. By implicitly agreeing to provide insurance agency services to plaintiffs, M. A. Hayes sufficiently availed itself of the protections of the laws of the State of Louisiana to subject itself to the jurisdiction of Louisiana's courts.

In addition, there is nothing about this Court's exercise of jurisdiction over M. A. Hayes that would offend traditional notions of fair play and substantial justice. M. A. Hayes profited by selling insurance in the State of Louisiana to plaintiffs. This suit arises directly out of that transaction.[18] There would be nothing unfair or unjust about this Court's exercise of personal jurisdiction under these circumstances.

**WHEREFORE,** plaintiffs Dear Mother's Taste of New Orleans, LLC, Hasan Al-Ghani and Khadija Al-Ghani respectfully pray that defendant M. A. Hayes Company's motion to dismiss for lack of personal jurisdiction be denied and for any other relief this Court deems appropriate under the circumstances.

---

[17] Burger King, 471 U.S. at 477.

[18] Thereby implicating the specific personal jurisdiction of this Court.

Respectfully submitted,

/s/David A. Binegar
Paul C. Miniclier, Esq. (Bar #17062)
David A. Binegar, Esq. (Bar #26603)
LAW OFFICE OF PAUL C. MINICLIER
1305 Dublin Street
New Orleans, Louisiana 70018
Telephone: (504) 864-1276
Attorneys for plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage pre-paid, this 30th day of October, 2007.

/s/David A. Binegar