UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 SECTION K – JUDGE DUVAL |
| PERTAINS TO: | * * | MAG. (2) – MAG. WILKINSON |
| INSURANCE: JUPITER, 07-1689 | * * | |

**************************************

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

**MAY IT PLEASE THE COURT:**

This case arises out of Hurricane Katrina. This memorandum is submitted on behalf of Defendant, Auto Club Family Insurance Company ("ACFIC"), in support of its Motion to Compel the Plaintiff, Lorraine Jupiter ("Jupiter"), to properly respond to the Interrogatories and Request for Production of Documents propounded upon her by ACFIC and to provide available dates to schedule her deposition.

## FACTS

On June 7, 2007, ACFIC propounded Interrogatories and Request for Production of

Documents to Jupiter, through her attorney of record, Brent A. Klibert.[1] On August 27, a second copy of the Interrogatories and Requests for Production of Documents was forwarded to Jupiter, through her attorney of record, Brent A. Klibert.[2] Jupiter has failed to respond to ACFIC's discovery. Counsel for ACFIC has conferred with counsel for Jupiter to seek an amicable resolution and comply with Rule 37.1(E), but to date has been unsuccessful.

On October 3, 2007, counsel for ACFIC conducted a Rule 37.1(E) conference with counsel for Jupiter to discuss Jupiter's failure to respond to ACFIC's discovery requests.[3] Pursuant to the teleconference, a five day extension of time was granted to Jupiter to respond to the Interrogatories and Requests for Production of Documents originally propounded on June 7, thereby making Jupiter's responses due by the close of business on October 8.[4] Not until October 16 did ACFIC's undersigned counsel receive via facsimile Jupiter's belated Answers to Interrogatories only.

Upon review, it was evident Jupiter's Answers to Interrogatories were deficient. Consequently, on October 23, 2007, undersigned counsel conducted a second Rule 37.1(E) conference with counsel for Jupiter to discuss Jupiter's failure to completely and sufficiently respond to ACFIC's Interrogatories, as well as Jupiter's refusal to respond to ACFIC's Request for Production.[5] Pursuant to the teleconference, a seven day extension of time was granted to Jupiter to provide supplemental answers to ACFIC's Interrogatories in the form of a pleading, and respond to ACFIC's Request for Production of Documents.[6] To the contrary, however, Jupiter failed to respond to ACFIC's Request for Production within the time delay agreed upon.

---

[1] See Interrogatories and Requests for Production of Documents, attached hereto as Exhibit 1.
[2] See correspondence to counsel for Plaintiff, dated August 27, 2007, attached hereto as Exhibit 2.
[3] See correspondence to counsel for Plaintiff, dated October 3, 2007, attached hereto as Exhibit 3.
[4] See Exhibit 3.
[5] See correspondence to counsel for Plaintiff, dated October 23, 2007 in which counsel for ACFIC addresses each deficient Answer to its Interrogatories, attached hereto as Exhibit 4.
[6] See Exhibit 4.

Moreover, rather than providing ACFIC with supplemental answers to Interrogatories in the proper format within the time specified, on November 17, 2007, counsel for Jupiter faxed an informal correspondence letter providing ACFIC with supplemental Answers to its Interrogatories.[7] Furthermore, the November 17 correspondence letter from counsel for Jupiter did not address Jupiter's continued refusal to respond to ACFIC's Request for Production of Documents.[8] Upon review of Jupiter's November 17 informal supplemental Answers; it again became quickly apparent Jupiter's supplemental Answers to ACFIC's Interrogatories remained deficient.

Most recently, on January 4, 2008, counsel for Jupiter conducted separate Rule 37.1(E) conferences with both the counsel of record, Brent Klibert, and Bruce Feingerts for the purpose of addressing multiple discovery issues, one being Jupiter's ongoing deficient Answers to ACFICs Interrogatories and her continued refusal to respond to ACFIC's Request for Production of Documents. Another discovery issue addressed during the Rule 37.1(E) conferences on January 4 was availability for the scheduling of Jupiter's deposition. The counsel of record, Brent Klibert, informed ACFIC counsel he was no longer involved in the case and referred ACFIC counsel to Bruce Feingerts. Feingerts was unwilling to commit to a date deadline for responding to ACFIC's Request for Production of Documents and for submitting in proper form and completeness Jupiter's supplemental Answers to ACFIC's Interrogatories. Preferring instead, to address orally each deficient Interrogatory and Request for Production of Documents. Furthermore, Feingerts refused to provide counsel for ACFIC with available dates to depose Jupiter.

---

[7] See correspondence from counsel for Plaintiff, dated November 17, 2007, attached hereto as Exhibit 5.
[8] See Exhibit 5.

3

## LAW AND ARGUMENT

To date, Jupiter has failed to respond to ACFIC's Request for Production of Documents propounded on June 7, 2007, and again on August 27, 2007. Pursuant to Fed. R. 37(a)(1), if a party fails to make a disclosure, a party may move to compel disclosure and for appropriate sanctions.

Likewise, pursuant to Fed. R. 37(a)(4) "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Jupiter's initial Answers and supplemental Answers to ACFIC's Interrogatories remain incomplete, and therefore, insufficient in the following respects:

1. Responses to Interrogatory No. 4 fail to provide an itemization of the damages Jupiter contends entitlement to recover from ACFIC. At a minimum, the requested itemization should have included a description of the type or category of damages claimed, and the amount of damages for each category or type of damages. Jupiter's responses directing ACFIC see an expert report or to "see attached" is insufficient.

2. Responses to Interrogatory No. 5 fail to provide the requested full description of all information and/or documentation comprising the "satisfactory proof of loss" submitted to ACFIC, and the dates Jupiter contends she provided ACFIC with each item of information and/or documentation that comprises her "satisfactory proof of loss." Jupiter's responses directing ACFIC to first "see attached", and then to see the expert report of Jim Cotter is not acceptable.

3. Responses to Interrogatory No. 8 fail to provide a "yes" or "no" response as to whether Jupiter contends entitlement to recover from ACFIC additional living expenses

sustained as a result of Hurricane Katrina. In the event Jupiter's response is "yes", ACFIC requested Jupiter provide sufficient responses to subsections (a), (b), (c) and (d).

Consequently, pursuant to Federal Rule 37(a)(4) Jupiter's incomplete Answers to ACFIC's Interrogatories must be treated as a failure to answer or respond. As such, ACFIC is entitled to an order compelling Jupiter to provide sufficient supplemental Answers in the form of a pleading. An informal correspondence letter from Jupiter's attorney will not suffice. In *Waite v. Noble Drilling Corp*, 1996 WL 14029 (E.D. La.), this Court acknowledged that although the information provided by Defendant was sufficiently responsive to Plaintiff's Interrogatories, the form in which Defendant provided the information was improper. Accordingly, this Court ordered the Defendant to provide Plaintiff with supplemental answers in the form required by Fed. R. Civ. P. 26(e) and 33(b), including the answering party's verification under oath.

Moreover, Federal Rule 30 authorizes ACFIC to take Jupiter's deposition upon oral examination. Despite multiple requests, counsel for Jupiter has failed to provide counsel for ACFIC with available dates to depose Jupiter. Consequently, ACFIC is entitled to an order compelling Jupiter to provide available dates to schedule her deposition, within thirty days of the signing of an Order granting this Motion to Compel.

Finally, Federal Rule 37 contains the mechanism for enforcing the provisions of the discovery rules by imposing sanctions on parties who violate the Federal Rules. Specifically, Federal Rule 37(d)(1)(A)(ii) allows this Court to impose sanctions when a party, after being properly served with Interrogatories under Federal Rule 33 or Request for Production of Documents under Federal Rule 34, fails to serve its answers, objections, or written response. Consequently, this Court must impose sanctions, including reasonable expenses and attorney's

fees, against Jupiter and/or her counsel, or both, for refusing to respond to ACFIC's written discovery requests.

## CONCLUSION

The time to answer ACFIC's discovery has long since lapsed and despite numerous requests, Jupiter has failed to adequately respond to ACFIC's Interrogatories and Request for Production of Documents, and to provide available dates for the scheduling of her deposition. Counsel for ACFIC has received inconsistent answers as to which attorney is handling this case. At one point, counsel for ACFIC was instructed Brent Kliebert was handling the case. Although currently the attorney of record, Mr. Kliebert now claims he no longer has anything to do with the case. Accordingly, for the reasons set forth herein, ACFIC respectfully requests that the Court grant its Motion to Compel in all respects and impose sanctions as requested.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.**

By _____
**THOMAS M. RICHARD (#2069)**
**AMY V. CHRISTINA (#27995)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Fax: (504) 836-9540
*Attorneys for Defendant, Auto Club Family Insurance Company*