UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>* | CIVIL ACTION NO.:  05-4182 |
| PERTAINS TO: INSURANCE | *<br>* | JUDGE:  DUVAL "K" |
| McNabb, C.A. No. 07-7855 | *<br>* | MAGISTRATE:  WILKINSON (2) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION
AND FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

Defendant, Liberty Mutual Fire Insurance Company, improperly named as Liberty Mutual Insurance Company ("Liberty Mutual"), responds to and answers Plaintiffs' Original State-Court Petition ("Original Petition") and First Supplemental and Amended Complaint as follows:

**A.**

**AFFIRMATIVE DEFENSES**

I.

Plaintiffs have been fully compensated for all covered losses under their homeowner's policy.

1

99207

II.

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate.

III.

Plaintiffs' claims are barred, in whole or in part, because their policy specifically excludes coverage for loss, *inter alia*, caused by water damage, meaning, "flood, surface water, waves, tidal water, overflow of body of water, or spray from any of these, whether or not driven by wind."

IV.

Plaintiffs' claims are barred, in whole or in part, because their policy specifically excludes coverage for loss, *inter alia*, caused by weather conditions [that] "contribute in any way with a cause or event excluded" to produce a loss.

V.

Plaintiffs' claims are barred, in whole or in part, because their policy specifically excludes coverage for loss caused, *inter alia*, by faulty, inadequate, or defective planning, construction or maintenance of property "whether on or off the residence premises."

VI.

If Plaintiffs suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, for which Liberty Mutual is not liable.

VII.

Plaintiffs' claims, or some of them, are preempted or barred, in whole or in part, by the National Flood Insurance Program (42 U.S.C. § 4001).

99207

VIII.

Plaintiffs' claims are barred, in whole or in part, by other provisions, terms, conditions and/or exclusions contained in their Liberty Mutual policy.

IX.

Liberty Mutual adopts all terms, conditions, exclusions, and endorsements of its homeowner's policy issued to the Plaintiffs as a defense to the Plaintiffs' claims.

X.

Plaintiffs' claims may be barred under the doctrine of estoppel and/or waiver.

XI.

Plaintiffs' Original Petition and First Supplemental and Amended Complaint fail to set forth any claim upon which relief may be granted by this Honorable Court.

XII.

Plaintiffs' claim for additional living expenses and/or loss of use damages are limited to actual increased expenses incurred as a result of a covered peril under their policy.

XIII.

Plaintiffs' claim for personal property or contents damage is limited to personal property damage as a result of actual damage resulting from a specifically listed peril in the policy.

XIV.

Plaintiffs' recovery, if any, is limited to an actual value basis unless and until the damaged property is repaired and/or replaced.

99207

XV.

Plaintiffs have not and cannot state a cause of action under Louisiana Revised Statutes §§ 22:695 *et seq.* or 22:667.

XVI.

Liberty Mutual states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to Plaintiffs' Original Petition and First Supplemental and Amended Complaint.

B.

ANSWER

**AND NOW**, responding to the specific allegations of Plaintiffs' Original Petition, Liberty Mutual further states the following:

Liberty Mutual denies the allegations of the Introductory Paragraph of Plaintiffs' Original Petition for lack of information sufficient to justify a belief therein.

I.

Liberty Mutual admits the allegations of Paragraph I of Plaintiffs' Original Petition.

II.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph II of Plaintiffs' Original Petition. Liberty Mutual admits that it issued a homeowner insurance policy to the Plaintiffs on the address at issue and states that the policy is the best evidence of its own terms.

99207

III.

Liberty Mutual denies the allegations of Paragraph III of Plaintiffs' Original Petition for lack of information sufficient to justify a belief therein.

IV.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph IV of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms. Liberty Mutual admits that Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

V.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph V of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms. Liberty Mutual admits that Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

VI.

Liberty Mutual denies the allegations of Paragraph VI of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms. Liberty Mutual admits that Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

99207

VII.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph VII of Plaintiffs' Original Petition for lack of information sufficient to justify a belief therein. Liberty Mutual admits that on August 29, 2005, Hurricane Katrina affected Southeast Louisiana.

VIII.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph VIII of Plaintiffs' Original Petition. Liberty Mutual admits that Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

IX.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph IX of Plaintiffs' Original Petition. Liberty Mutual admits that Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

X.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph X of Plaintiffs' Original Petition. Liberty Mutual admits that as a result of Hurricane Katrina, Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

99207

XI.

Liberty Mutual denies the allegations of Paragraph XI of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

XII.

Liberty Mutual denies the allegations of Paragraph XII of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

XIII.

Liberty Mutual denies the allegations of Paragraph XIII of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

XIV.

Liberty Mutual denies the allegations of Paragraph XIV of Plaintiffs' Original Petition.

XV.

Liberty Mutual denies the allegations of Paragraph XV of Plaintiffs' Original Petition.

XVI.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph XVI of Plaintiffs' Original Petition.  Liberty Mutual admits that as a result of Hurricane Katrina, Plaintiffs' personal property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue.

XVII.

Liberty Mutual denies the allegations of Paragraph XVII of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

99207

XVIII.

Liberty Mutual denies the allegations of Paragraph XVIII of Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

XIX.

Liberty Mutual denies the allegations of Paragraph XIX of Plaintiffs' Original Petition.

XX.

Liberty Mutual denies the allegations of Paragraph XX of Plaintiffs' Original Petition.

XXI.

Liberty Mutual denies the allegations of Paragraph XXI of Plaintiffs' Original Petition.

XXII.

Liberty Mutual denies the allegations of Paragraph XXII of Plaintiffs' Original Petition.

XXIII.

Liberty Mutual denies the allegations of Paragraph XXIII of Plaintiffs' Original Petition.

XXIV.

Liberty Mutual denies the allegations of Paragraph XXIV of Plaintiffs' Original Petition.

99207

AND NOW, further responding to the specific allegations of Plaintiffs' First Supplemental and Amended Complaint, Liberty Mutual further states the following:

1.

Liberty Mutual repeats and reavers all of its foregoing responses and affirmative defenses to the allegations of Paragraphs I-XXIV and the prayer for relief contained in Plaintiffs' Original Petition.

XXV.

Except as expressly admitted herein, Liberty Mutual denies the allegations of Paragraph 2 of Plaintiffs' First Supplemental and Amended Complaint, which adds Paragraph XXV to Plaintiffs' Original Petition. Liberty Mutual admits that Plaintiffs' property was allegedly damaged, for which damage Liberty Mutual has paid to the extent covered by the policy at issue. Liberty Mutual further admits that Plaintiffs' property was damaged by flood waters, an excluded peril under Plaintiffs' homeowner's policy.

XXVII.

**[Plaintiffs' First Supplemental and Amended Complaint is not consecutively numbered and omits Paragraph XXVI.]**

Liberty Mutual denies the allegations of Paragraph 3 of Plaintiffs' First Supplemental and Amended Complaint, which adds Paragraph XXVII to Plaintiffs' Petition for lack of information sufficient to justify a belief therein.

XXVIII.

Liberty Mutual denies the allegations of Paragraph 4 of Plaintiffs' First Supplemental and Amended Complaint, which adds XXVIII to Plaintiffs' Petition, except to state that the policy is the best evidence of its own terms.

99207

XXIX.

Liberty Mutual denies the allegations of Paragraph 5 of Plaintiffs' First Supplemental and Amended Complaint, which adds XXIX to Plaintiffs' Petition.

XXX.

Liberty Mutual denies the allegations of Paragraph 6 of Plaintiffs' First Supplemental and Amended Complaint, which adds XXX to Plaintiffs' Original Petition, except to state that Plaintiffs have been compensated fully for all covered losses under their homeowner policy.

XXXI.

Liberty Mutual denies the allegations of Paragraph 7 of Plaintiffs' First Supplemental and Amended Complaint, which adds XXXI to Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

XXXII.

Liberty Mutual denies the allegations of Paragraph 8 of Plaintiffs' First Supplemental and Amended Complaint, which adds XXXII to Plaintiffs' Original Petition, except to state that the policy is the best evidence of its own terms.

XXXIII.

Liberty Mutual denies the allegations of Paragraph 9 of Plaintiffs' First Supplemental and Amended Complaint, which adds Paragraph XXXIII to Plaintiffs' Original Petition. Further, Liberty Mutual states that Plaintiffs have been fully compensated for all covered losses under their homeowner's policy.

XXXIV.

The allegations of Paragraph 10 of Plaintiffs' First Supplemental and Amended Complaint, which adds Paragraph XXXIV to Plaintiffs' Original Petition, requests a trial by jury and does not require a response. Otherwise, Liberty Mutual denies the allegations of this Paragraph.

Liberty Mutual further denies the allegations in the Paragraph entitled "WHEREFORE"; Plaintiffs are not entitled to the relief sought.

**WHEREFORE**, Defendant, Liberty Mutual Fire Insurance Company, prays that its Answer and Affirmative Defenses to Plaintiffs' Original Petition and First Supplemental and Amended Complaint be deemed good and sufficient, and that after due proceedings, this Court render judgment in its favor, with all costs and fees assessed against the Plaintiffs.

Respectfully submitted:

/s/ Bonita Hawkins

H. Minor Pipes, III, 24603
Bonita Y. Hawkins, 26943
    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
LL&E Tower, Suite 2400
909 Poydras Street
New Orleans, Louisiana 70112
Telephone (504) 589-9700
Facsimile (504) 589-9701
mpipes@barrassousdin.com
bhawkins@barrassousdin.com
*Attorneys for Liberty Mutual Fire Insurance Company*

99207

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2008, I electronically filed the foregoing Answer with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all listed counsel of record.

_____
BONITA Y. HAWKINS