UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NUMBER 05-4182 & CONSOLIDATED CASES |
| THIS DOCUMENT RELATES TO LEVEE: 07-5186 (Bonnie M. Rault and Joseph M. Rault, Jr.) | * * * * * | SECTION "K" JUDGE DUVAL MAGISTRATE WILKINSON |

**OPPOSITION TO SEWERAGE AND WATER BOARD OF NEW ORLEANS' MOTION PURSUANT TO F.R.CIV.P. 12(B)(6) TO DISMISS**

This memorandum is submitted on behalf of Plaintiffs, Bonnie M. Rault and Joseph M. Rault, Jr. (collectively referred to as "Rault"), in opposition to Defendant Sewerage & Water Board of New Orleans' (hereinafter "S&WB") Motion Pursuant to F.R.Civ.P. 12(B)(6) to Dismiss. As more fully set forth below, Rault's claims are not prescribed and S&WB's motion should be denied.

**I.   Background**

As this Court is well aware, this case arises out of the catastrophic failure of, and the deficiencies in, the hurricane protection system surrounding Orleans Parish, which occurred on and after August 29, 2005. Those failures and deficiencies caused the flooding of approximately 80% of the City of New Orleans, including Rault's building located at 611 Northline, Metairie.

Beginning in September of 2005, the first of many levee breach, flood-related class action lawsuits was filed with this Court. It is uncontested that within a year of Hurricane Katrina (August 29, 2005), numerous class actions were filed against numerous defendants, including

S&WB, seeking to represent a putative class of plaintiffs that as defined includes Rault.  On March 15, 2007, pursuant to Case Management Order No. 4 issued by Your Honor, all of the levee breach related class actions were consolidated under the Superseding Master Consolidated Class Action Complaint.  Rault is a putative class member in the pending consolidated action,[1] and S&WB is a named defendant.[2]

On August 29, 2007, in an effort to protect and reserve its rights in the face of an extremely complex consolidated class action, Rault filed the cautionary instant action.

## II.    Law and Analysis

In its Memorandum in Support, S&WB claims that Rault's claims against it are prescribed.[3]  S&WB contends that Rault's alleged damages occurred on August 29, 2005, and pursuant to La.C.C. art. 3492, Rault had until August 29, 2006 to file suit.  S&WB reasons that regardless of Louisiana's long-standing rule that a pending class action interrupts or tolls prescription for putative class members' claims, because Rault individually filed suit while the issue of class certification is pending, it can no longer rely on the tolling afforded by the pending class action.  S&WB's contention simply does not reflect the law as it exists in Louisiana and the Eastern District of Louisiana.  As a result, S&WB's claims are without merit, and its Motion should be denied.

It is well settled in the Eastern District of Louisiana that "a class action interrupts

---

[1]   In the Superseding Master Consolidated Class Action Complaint, the putative class is defined in ¶151 as: "All individuals and entities, both private and public and both natural and juridical, in the geographic area bounded to the north by Lake Pontchartrain, to the south by the Mississippi River, to the east by the IHNC, and to the west by the 17th Street Canal running from Lake Pontchartrain south to Metairie road and then west on Metairie Road to Causeway Boulevard, and then south on Causeway boulevard to the Mississippi River, who/which sustained damages as a result of the inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and who/which, as to the defendant Corps only, have—or, by a date to be determined by the Court, will have—fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter."
[2]   Superseding Master Consolidated Class Action Complaint, ¶4(c).
[3]   S&WB's Memorandum in Support, p.2.

prescription as to all claims of all class members."[4]  The "statute of limitations remains tolled for all members of the putative class until denial of the class certification."[5]

Under the *Erie* doctrine, state law on prescription controls when federal jurisdiction is premised on 28 U.S.C. § 1332 such as the case here.[6]  Louisiana prescription law is clear on the issue that prescription has not run against Rault.  Louisiana Code of Civil Procedure article 596 provides:

> Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein.  Prescription which has been provided herein, begins to run again:
>
> (1)   As to any electing to be excluded from the class, from the submission of that person's election form;
>
> (2)   As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
>
> (3)   As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

Thus, once a class action has been filed, prescription does not begin to run until 1) the putative class member opts out of the class; 2) the class is defined to exclude the putative class member; or 3) the class action has been dismissed.

Here, it is uncontested that a class action setting forth claims identical to those set forth by Rault in the instant action was filed against S&WB within one year of August 29, 2005.  It is

---

[4]  *Patrick Joseph Turner v. Murphy Oil USA, Inc.*, Rec. Doc. No. 2126, *5 (E.D. La. November 21, 2007) (citing *Broussard v. Foti*, 2001 WL 322066, *2 (E.D. La. April 2, 2007)).  *See also Factor VIII or IX Concentrate Blood Prods. Litigation v. Alpha Therapeutic Corp.*, 2000 WL 282787, *4 (E.D. La. March 14, 2000.
[5]  *Broussard v. Foti*, 2001 WL 322066, *2.
[6]  *Harvey v. Joyce*, 2006 WL 2803038, *5 (E.D. LA. 2006) (citing *Vincent v. A.c. & S, Inc.*, 833 F.2d 553, 555 (5th Cir. 1987)).

also uncontested that Rault was a member of that putative class. As set forth above, upon filing of that class action, prescription was tolled with respect to Rault's claims against S&WB. That initial class action was consolidated in the Superseding Master Consolidated Class Action Complaint, and at this time, Rault has not opted out of the class, the class has not been defined to exclude Rault, and class certification is still pending. As a result, pursuant to Louisiana law, the statute of limitations remains tolled, and Rault's individual action against S&WB is timely.

Furthermore, S&WB fails to cite any Louisiana federal or state court opinion that even remotely stands for the proposition that the filing of an individual suit pending the outcome of class certification somehow abrogates the tolling of prescription. In fact, due to a recent decision by the Second Circuit, the non-binding, advisory holdings that S&WB relies on are tenuous at best.

S&WB relies heavily on *Wyser-Pratte Mgmt. Co., Inc. v. Telxon*, 413 F.3d 553 (6th Cir. 2005) and *In re Hanford Nuclear Reservation Litigation*, 497 F.3d 1005 (9th Cir. 2007), specifically citing passages in those cases which cite *In re Worldcom Inc. Sec. Litig.*, 294 F.Supp.2d 431 (S.D. N.Y. 2003) for the proposition that applying the aforementioned tolling doctrine to individual actions filed "prior to class certification would create the very inefficiency that [*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)] sought to prevent."[7]

Yet, in *In re Worldcom Securities Litigation*, 496 F.3d 245 (2nd Cir. 2007), the Second Circuit flatly rejected the Southern District of New York's holding. *In re Woldcom* arose out of the media giant's suspect accounting practices and subsequent financial demise.[8] In April of 2002, the first investor class action lawsuit was filed against Worldcom.[9] After Worldcom admitted many of its improprieties and declared bankruptcy, numerous class action suits were filed across the country.[10] After the filing of the class actions, but while class certification was

---

[7] S&WB's Memorandum in Support, p. 10.
[8] *In re Worldcom*, 496 F.3d at 247.
[9] *Id.* at 247.
[10] *Id.* at 248.

still pending, numerous putative class plaintiffs filed individual actions.[11]

The Second Circuit, in specifically addressing the issue of whether the filing of a class action tolls prescription for putative class members who file individual suits before class certification is resolved, held:

> Because members of the asserted class are treated for limitations purposes as having instituted their own actions, at least so long as they continue to be members of the class, the limitations period does not run against them during that time. Once they cease to be members of the class-for instance, when they opt out or when the certification decision excludes them-the limitation period begins to run again on their claims.
>
> Nothing in the Supreme Court decisions described above suggests that the rule should be otherwise for a plaintiff who files an individual action before certification is resolved. To the contrary, the Supreme Court has repeatedly stated that "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who have been parties had the suit been permitted to continue as a class action.'" *Crown,* 462 U.S. at 353-54, 103 S.Ct. 2392 (quoting *American Pipe*, 414 U.S. at 554, 94 S. Cit. 756).[12]

As a result, while Louisiana law is clear in providing that the filing of a class action tolls prescription for putative class members until the class member opts out, the class is defined to exclude them, or the class has been dismissed, the basis for S&WB's contention that Rault's cautionary individual lawsuit somehow defeats the tolling of prescription has been vacated.

In Louisiana, as in the Second Circuit, the filing of an individual lawsuit in an extremely complex consolidated class action does nothing more than what Rault intended for it to do – protect its rights. Until Rault opts out of the class action, the class is defined to exclude Rault, or the court denies certification, prescription is tolled and Rault's suit against S&WB is timely. For that reason, and the reasons more fully set forth above, S&WB's motion should be denied.

---

[11] *Id.* 248-250.
[12] *Id.* at 255.

Respectfully submitted,

**FRILOT L.L.C.**


/s/ Kyle A. Spaulding
**MILES P. CLEMENTS (#4184)**
**KYLE A. SPAULDING (#29000)**
1100 Poydras Street Suite 3600
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile:   (504) 599-8100

**Attorneys for Plaintiffs,**
**Bonnie M. Rault and Joseph M. Rault, Jr.**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 15th day of January 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel or record.


/s/ Kyle A. Spaulding


110895