UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES      CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

THIS DOCUMENT RELATES TO     SECTION "K" MAG "2"

**LEVEE:**
07-4551, 07-4552, 07-4553, 07-4554, 07-4556, 07-4557, 07-4558, 07-4559, 07-4560, 07-4561,07-4563, 07-4948, 07-4949, 07-4950, 07-4951, 07-4952, 07-4953, 07-4954, 07-4955, 07-4956,07-4957, 07-4958, 07-4959, 07-4960, 07-4961, 07-4962, 07-4963, 07-4964, 07-4966, 07-4967,07-4968, 07-4970, 07-4971, 07-4972, 07-4973, 07-4974, 07-4975, 07-4976, 07-4977, 07-4978, 07-4979, 07-4980, 07-4981, 07-4982, 07-4983, 07-4984, 07-4985, 07-4986, 07-4987, 07-4988,07-4989, 07-4990, 07-4991, 07-4992, 07-4993, 07-4994, 07-4995, 07-4996, 07-4997, 07-4998,07-4999, 07-5000, 07-5001, 07-5002, 07-5003, 07-5004, 07-5005, 07-5006, 07-5008, 07-5009,07-5010, 07-5012, 07-5014, 07-5015, 07-5016, 07-5017, 07-5018, 07-5019, 07-5148, 07-5150, 07-5155, 07-5193, 07-5254, 07-5286, 07-5314, 07-5315, 07-5316, 07-5317, 07-5318, 07-5319,07-5320, 07-5321, 07-5322, 07-5323, 07-5324, 07-5325, 07-5326, 07-5328, 07-5329, 07-5330,07-5331, 07-5332, 07-5333, 07-5334, 07-5335, 07-5336, 07-5337, 07-5338, 07-5339, 07-5340,07-5341, 07-5342, 07-5345, 07-5346, 07-5347, 07-5348, 07-5349, 07-5350, 07-5351, 07-5352, 07-5353, 07-5354, 07-5355, 07-5356, 07-5357, 07-5358, 07-5359, 07-5360, 07-5361, 07-5362,07-5363, 07-5364, 07-5365, 07-5367, 07-5368, 07-5369, 07-5370, 07-5371, 07-5372, 07-5373,07-5374, 07-5375, 07-5376, 07-5377, 07-5378, 07-5494, 07-5495, 07-5496

## OPPOSITION TO SEWERAGE AND WATER BOARD OF NEW ORLEANS' 12(B)(6) MOTION TO DISMISS

**May It Please the Court:**

Plaintiffs in the above-captioned cases submit the following Opposition to the 12(B)(6) Motion to Dismiss filed by the Sewerage and Water Board of New Orleans (the "SWB").

In *American Pipe & Construction Co. v. Utah*[1] and *Crown, Cork & Seal Co., Inc. v. Parker*,[2] the United States Supreme Court held that a class action tolls prescription for the potential members of the class:

> [the] commencement of a class action <u>suspends the applicable statute of limitations as to **all asserted members**</u> of the class who would have been parties had the suit been permitted to continue . . . Once the statute of limitations has been tolled, it remains tolled for **all members** of the putative class until class certification is denied.[3]

The question presented by the SWB's motion is whether there is a "temporal gap in the *American Pipe* tolling doctrine."[4] That is, the SWB argues that the tolling that starts upon the commencement of a class action and ends upon the denial of certification does not apply if a plaintiff files his, her, or its own lawsuit before the proposed class is either certified or denied. "[G]iven the current law," however, there is "<u>no logical or jurisprudential basis</u>" for the SWB's argument.[5]

The SWB, and the courts whose decisions are cited by the SWB in support of its motion, have "blurred the distinction between legal tolling under the class action tolling doctrine and

---

[1] 414 U.S. 538, 554, 94 S. Ct. 756, 766 (1974)

[2] 462 U.S. 345, 353, 103 S. Ct. 2392, 2397 (1983).

[3] *Id.* (emphasis added).

[4] *Lehman v. United Parcel Service, Inc.*, 443 F. Supp. 2d 1146, 1150 (W.D. Mo. 2006)

[5] *Id.* (emphasis added).

2

equitable tolling."[6] *American Pipe*, which established the "legal tolling" of prescription, applies as "a matter of law," regardless of the actions taken by Plaintiffs to file suit before a decision on certification is made.[7]

Thus, as "a matter of law," the class action filed against the SWB on June 13, 2006 tolled the applicable prescription period for all asserted members of the class, which includes Plaintiffs herein. This tolling is unaffected by the date on which Plaintiffs filed suit against the SWB. In other words, there is no "temporal gap" in the *American Pipe* tolling doctrine. Accordingly, Plaintiffs request that this Court deny the SWB's Motion to Dismiss Plaintiffs' claims.[8]

## BACKGROUND

Hurricane Katrina made landfall in south Louisiana on August 29, 2005. On June 13, 2006, certain claimants filed a class action against, *inter alia*, the SWB for damages arising out of the construction and maintenance of the 17th Street, London Avenue, and Orleans Avenue Canals.[9] The proposed class included all persons who sustained damages as a result of the "failure of the hurricane protection levees and floodwalls in New Orleans, Louisiana."[10] This suit tolled the running of

---

[6] *Newby v. Enron Corp.*, No. 01-3624 (S.D. Tex. June 5, 2006), 2006 WL 4381143, * 44.

[7] *Schimmer v. State Farm Mut. Auto Ins. Co.*, No. 05-2513 (D. Col. Aug. 15, 2006), 2006 WL 2361810.

[8] If this Court grants the SWB's motion, Plaintiffs request that this Court dismiss Plaintiffs' claims without prejudice. Under SWB's argument, Plaintiffs filed suit too early, as the suit would be timely if Plaintiffs waited until a decision on class certification was made. Plaintiffs submit that it would be patently unfair to dismiss their claims with prejudice for acting out of an abundance of caution in filing suit too early instead of too late.

[9] *See* Second Amended Class Action Complaint in *Berthelot, et al. v. Boh Brothers Construction Co., L.L.C., et al.*, Document No. 556.

[10] *See id*, ¶ 30.

prescription for claims against the SWB. Then, in August and September 2007, Plaintiffs filed individual suits against several defendants, including the SWB, for the damages related to, *inter alia*, the construction and maintenance of the 17th Street, London Avenue, and Orleans Avenue Canals.[11]

Plaintiffs filed their individual suits in order to protect themselves in the event a class is not certified. It had been disclosed that the United States Government intends to take the position that no class action is available when a claims is being made under the Federal Tort Claims Act. Therefore, this Court urged that it is in the interest of everyone who filed a Form 95 to seek counsel and to file individual claims if they wish to pursue them.[12] Plaintiffs heeded this Court's advice and filed their individual suits. And it was fortunate they did so because the United States Fifth Circuit Court of Appeals reversed this Court's attempt to appoint a special master to protect all represented parties.

Plaintiffs' claims against the SWB are based on Louisiana tort law, and delictual actions are subject to a one-year prescriptive period. In its motion, the SWB anticipated Plaintiffs' argument that the pending class actions against the SWB, which on the terms of the proposed class definition would include them, "suffice to interrupt or toll prescription" such that their "separately-filed claims against" the SWB are not prescribed.[13]

While the SWB's diagnosis of the central issue is correct, its analysis is not. A careful review of the nature of the tolling doctrine announced by the United States Supreme Court in

---

[11] As acknowledged by the SWB, Plaintiffs filed suit on August 28, 2007, August 29, 2007, August 30, 2007, August 31, 2007, September 4, 2007, and September 10, 2007.

[12] *See* Order and Reasons granting Motion for Appointment of Special Master and Motion to Appoint Curator Pursuant to Federal Rule of Civil Procedure 53 (Aug. 24, 2007) at 5, 7, Document No. 7293.

[13] *See* Document No. 10115-2, p. 6.
4

*American Pipe*, and clarified by the Supreme Court *Crown,* establishes that the prescriptive period remains tolled for all purported class members that file individual suits before the ruling on certification.

## ARGUMENT

I. ***American Pipe* and *Crown* Established the Tolling Doctrine in Class Action Cases**

In *American Pipe*, the State of Utah filed a putative class action antitrust action eleven days before the expiration of the statute of limitations.[14] Several months later, after the court denied certification, numerous claimants intervened in the suit as individual plaintiffs. Although the statute of limitations had passed, the Supreme Court nevertheless allowed the individual plaintiffs to proceed with their intervention. The Supreme Court found that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."[15]

The Supreme Court reasoned that, until a decision had been made regarding the certification of the class, a potential class member had no obligation to decide whether to file an individual suit:

> Not until the existence and limits of the class have been established and notice of membership has been set does a class member have any duty to take note of the suit or to exercise responsibility with respect to it in order to profit from the eventual outcome of the case.[16]

Notably, the Supreme Court wrote that its new tolling rule was "in no way inconsistent with the functional operation of a statute of limitations." More specifically, the court found that its

---

[14]*American Pipe*, 414 U.S. at 541, 94 S. Ct. 756, 760.

[15]*Id.* at 554, 94 S. Ct. at 766.

[16]*Id.* at 552, 94 S. Ct. at 765.

5

decision complied with the purpose of a statute of limitations, *i.e.*, ensuring "essential fairness to defendants and of barring a plaintiff who has 'slept on his rights.'":

> a named plaintiff who is found to be representative of a class commences a suit . . . notifies the defendants not only of the substantive claim being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. <u>Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and the size of the prospective litigation.</u>[17]

The Supreme Court expanded upon the *American Pipe* rule in *Crown, Cork & Seal Co., Inc. v. Parker*.[18] Instead of intervening, as in *American Pipe*, the putative class members in *Crown* filed an individual lawsuit. The Supreme Court concluded that the filing of a class action "tolls the statute of limitations as to all asserted members of the class . . . not just the intervenors."[19] The court emphasized that "[o]nce the statute of limitations has been tolled, **it remains tolled for all members of the putative class until class certification is denied**."[20] In announcing this rule, the Supreme Court made no exceptions for plaintiffs who filed an individual suit before a denial of certification.

## II. Courts Have Found That Statutes of Limitations and Statues of Repose Are Still Tolled If Claimants File Individual Suits Before the Denial of Certification.

In its motion, the SWB cites circuit court decisions, which will be discussed below, on whether a statute of limitations is tolled when a plaintiff files suit before a decision is made on class certification. Curiously, the SWB ignored the circuit court case that explicitly refutes its position.

---

[17]*Id.* at 554-55, 94 S.Ct. at 767 (emphasis added).

[18]462 U.S. 345, 103 S.Ct. 2392 (1983).

[19]*Id.* at 350, 103 S.Ct. 2392, 2396.

[20]*Id.* at 354, 103 S.Ct. at 2398 (emphasis added).

In *Joseph v. Wiles*,[21] plaintiffs filed a class action lawsuit in federal court, in 1989, under the Securities Act in connection with a May 1987 public offering. One of the proposed class members filed a separate suit in state court in August 1990.[22] Three months later, the district court certified the federal court class action.

Under the Securities Act, claims must be filed within one year from the time violations are or should have been discovered, but in no event longer than three years.[23] The three year period is known as a statute of repose.[24] In *Joseph*, the district court found that the August 1990 state court action was untimely because plaintiffs filed suit more than three years after the initial public offering. Citing *American Pipe* and *Crown*, the United States Tenth Circuit Court of Appeals reversed.

Importantly, the Tenth Circuit rejected the argument that tolling was inapplicable to a suit filed by a putative class member before a decision is made on certification:

> <u>Tolling the limitation period while class certification is pending does not compromise the purposes of statutes of limitation and repose</u>. Statutes of limitation are intended to protect defendants from being unfairly surprised by the appearance of stale claims, and to prevent plaintiffs from sleeping on their rights . . . . **These ends are met when a class action is commenced.**[25]

The court in *Lehman v. United Parcel Service, Inc.*,[26] reached the same result based on the same reasoning set forth in *Joseph*. In *Lehman*, plaintiff argued that the statute of limitations on his

---

[21] 223 F. 3d 1155 (10th Cir. 2000).

[22] *Id.* at 1157.

[23] *Id.* at 1166.

[24] In Louisiana, "statute of repose" is used interchangeably with the term "peremption." *See Lipps v. Zor, Inc.*, 170 So. 2d 915, 917 (La. App. 4th Cir. 1965).

[25] *Id.* at 1167-68 (emphasis added).

[26] 443 F. Supp. 2d 1146 (W.D. Mo. 2006).

7

discrimination claim against UPS was tolled by the filing of a putative class action suit against UPS.[27] The defendant contended that the *American Pipe* tolling was inapplicable because plaintiff "did not wait until the . . . court ruled on class certification before filing his own case."[28]

The court framed the question as whether there is a "temporal gap in the *American Pipe* tolling doctrine."[29] Due to the absence of any "logical or jurisprudential basis for reaching such a conclusion," the court found no temporal gap. Echoing the reasoning in *Joseph*, the court in *Lehman*, after citing to *Crown*, wrote that the "crux of the [Supreme] Court's reasoning is that a statute of limitations' purpose is achieved when a class action is filed **irrespective of when an individual plaintiff later files her own suit**."[30]

As in *Joseph*, the court found that permitting an individual plaintiff to file suit before a decision on certification is entirely consistent with the purpose of a statute of limitations period:

> The class action puts the defendant on notice that many plaintiffs may have claims against it and that it needs to preserve evidence to defend against those claims . . . **there can be no [potential for unfair] surprise if an individual plaintiff files her own claim before certification is decided. The defendant would still be on notice and would still have had every incentive to preserve evidence.**[31]

Aside from focusing on the purpose of statutes of limitation, the *Lehman* court also emphasized that, under a plain reading of the decisions in *American Pipe* and *Crown*, which interpreted Federal Rule of Civil Procedure 23, a class action "suspends the applicable of statute of

---

[27]*Id.* at 1147-48.

[28]*Id* at 1149.

[29]*Id.* at 1150.

[30]*Id.* at 1151.

[31]*Id.* (emphasis added).

8

limitations as to **all** asserted members of the class."[32] The court found "nothing in that language that suggests the statute of limitations is only tolled for those plaintiffs who wait to file suit until there is a ruling on class certification."[33] The court observed that, while "**it may be a good idea to have a rule that prohibits individual cases until after class certification is resolved, no such rule exists today**."[34]

Plaintiffs submit that, with no guidance from the Fifth Circuit on this issue, the reasoning in *Joseph* and *Lehman* is persuasive. The clear rule from *American Pipe* and *Crown* — that prescription is tolled until certification issues are resolved — contains no exception for individual actions filed during the pendency of the certification process. The contrary cases cited by the SWB are fundamentally flawed.

### III. Cases Cited by the SWB Ignore Distinction Between Legal and Equitable Tolling.

The SWB has cited numerous cases to support its position that *American Pipe* tolling is inapplicable to an individual suit filed by a proposed class member before a decision on the certification issue.[35] The main circuit court decisions cited by the SWB, *Wyser-Pratte Management Co. v. Telxon*[36] and *In re Hanford Nuclear Reservation Litigation*,[37] are premised on the sense that it would be unfair for a purported class member to take advantage of class action tolling and, in

---

[32] *Id.* (emphasis added).

[33] *Id.*

[34] *Id.* (emphasis added).

[35] *See* Doc. No. 10115-2, pp. 8-10.

[36] 413 S.3d 553 (6th Cir. 2005).

[37] 497 F.3d 1005 (9th Cir. 2007).

9

effect, opt out of the class, before any decision on certification had been made. Indeed, in *Hanford*, the Ninth Circuit wrote that "[t]olling is not intended to be a tool to manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance on the proposed class action just long enough to validate their otherwise time barred claims."[38]

The central problem with these cases and, thus, the SWB's motion, is that they ignore or elide the distinction between legal and equitable tolling. As recognized in *Joseph*, "[e]quitable tolling is appropriate where, for example, the claimant has filed a defective pleading during the statutory period."[39] By contrast, the tolling established by *American Pipe* is the "legal tolling that occurs any time an action is commenced and class certification is pending."[40]

Because the tolling established by *American Pipe* is legal tolling, a "putative class member's knowledge or reliance upon the class actions's existence does not impact whether class action tolling applies . . . . **the doctrine applies as a matter of law, not based upon the actions**" of the putative class member.[41] The mistake made by *Wyser-Pratte*, and its progeny, is that it treats "class action tolling as an equitable doctrine in which fairness considerations drive its application."[42] Based on the plain language of *American Pipe* and *Crown*, the actions of the putative class member are

---

[38]*Id.* at 1027.

[39]*Joseph*, 223 F.3d at 1166.

[40]*Id.* at 166-67.

[41]*Schimmer v. State Farm Mut. Auto Ins. Co.*, No. 05-02513 (D. Colo. Aug. 15, 2006), 2006 WL 2361810m * 6.

[42]*Id.*

10

irrelevant. **As a matter of law**, then, the statute of limitations is tolled upon the commencement of a class action.[43]

## CONCLUSION

Statutes of limitation are "intended to protect defendants from being unfairly surprised by the appearance of stale claims, and to prevent plaintiffs from sleeping on their rights."[44] When plaintiffs in *Berthelot* filed a class action against the SWB on June 13, 2006, the SWB had the "essential information necessary to determine both the subject matter and size of the prospective litigation."[45] The SWB is not, therefore, prejudiced by the Complaints filed by Plaintiffs.

In *Crown*, the United States Supreme Court plainly stated that the commencement of a class action tolls the prescriptive period for all asserted class members and that this period "remains tolled for **all members** of the putative class until the class certification is denied."[46] There is nothing in this clear language, or in the language of the Federal Rules of Civil Procedure, to suggest that prescription is tolled only for those plaintiffs who wait until a decision on certification to file suit. Because *Berthelot* tolled the one-year prescriptive period, Plaintiffs' claims against the SWB are timely. Accordingly, Plaintiffs request that this Court deny the SWB's 12(B)(6) Motion to Dismiss.

---

[43]While Plaintiffs believe that "fairness factors" are irrelevant, Plaintiffs dispute any contention that a consideration of fairness factors favors the SWB. Plaintiffs could have relied on the class actions against the entities responsible for maintenance of the relevant levees and floodwalls, including, but not limited to, the United States Army Corps of Engineers ("Army Corps"), but the Army Corps' contention that it is not subject to class actions and the general uncertainty surrounding the outcome of the Katrina levee litigation compelled Plaintiffs to file suits against all the entities before the certification process was completed.

[44]*Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 277 B.R. 20, 32 (S.D.N.Y. 2002).

[45]*American Pipe*, 414 US. at 555, 94 S. Ct. at 767.

[46]*Crown*, 462 U.S. at 353-54, 103 S. Ct. at 2397-98 (emphasis added).

11

Alternatively, if this Court grants the SWB's Motion to Dismiss, Plaintiffs request that this Court dismiss Plaintiffs' claims without prejudice. Under the rationale of the SWB's motion, Plaintiffs' claims would not have prescribed if they would have waited until a decision on class certification. It would, therefore, be patently unfair to dismiss Plaintiffs' claims with prejudice merely because they prudently heeded this Court's warning to retain individual counsel and file suit.

**Respectfully Submitted,**

/s/ James M. Garner
JAMES M. GARNER, #19589
PETER L. HILBERT, JR. #6875
DARNELL BLUDWORTH, #18801
JOHN T. BALHOFF, II #24288
**SHER GARNER CAHILL RICHTER**
 **KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
ATTORNEYS FOR PLAINTIFFS IN THE FOLLOWING CASE NUMBERS:
07-4551, 07-4552, 07-4553, 07-4554, 07-4556, 07-4557, 07-4558,
07-4559, 07-4560, 07-4561, 07-4563, 07-4948, 07-4949, 07-4950,
07-4951, 07-4952, 07-4953, 07-4954, 07-4955, 07-4956, 07-4957,
07-4958, 07-4959, 07-4960, 07-4961, 07-4962, 07-4963, 07-4964,
07-4966, 07-4967, 07-4968, 07-4970, 07-4971, 07-4972, 07-4973,
07-4974, 07-4975, 07-4976, 07-4977, 07-4978, 07-4979, 07-4980,
07-4981, 07-4982, 07-4983, 07-4984, 07-4985, 07-4986, 07-4987,
07-4988, 07-4989, 07-4990, 07-4991, 07-4992, 07-4993, 07-4994,
07-4995, 07-4996, 07-4997, 07-4998, 07-4999, 07-5000, 07-5001,
07-5002, 07-5003, 07-5004, 07-5005, 07-5006, 07-5008,
07-5009, 07-5010, 07-5012, 07-5014, 07-5015, 07-5016, 07-5017,
07-5018, 07-5019, 07-5148, 07-5150, 07-5155, 07-5193, 07-5254,
07-5286, 07-5314, 07-5315, 07-5316, 07-5317, 07-5318,
07-5319, 07-5320, 07-5321, 07-5322, 07-5323, 07-5324, 07-5325,
07-5326, 07-5328, 07-5329, 07-5330, 07-5331, 07-5332, 07-5333,
07-5334, 07-5335, 07-5336, 07-5337, 07-5338, 07-5339,

> 07-5340, 07-5341, 07-5342, 07-5345, 07-5346, 07-5347, 07-5348,
> 07-5349, 07-5350, 07-5351, 07-5352, 07-5353, 07-5354, 07-5355,
> 07-5356, 07-5357, 07-5358, 07-5359, 07-5360, 07-5361,
> 07-5362, 07-5363, 07-5364, 07-5365, 07-5367, 07-5368, 07-5369,
> 07-5370, 07-5371, 07-5372, 07-5373, 07-5374, 07-5375, 07-5376,
> 07-5377, 07-5378, 07-5494, 07-5495, 07-5496

### **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2008, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ James M. Garner
JAMES M. GARNER