UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |

* * * * * * * * * * * * * * * * * *

AFFIDAVIT OF PERSONAL BIAS AND PREJUDICE
OF A JUDGE IN MATTERS INVOLVING
ASHTON R. O'DWYER, JR.
FILED PURSUANT TO 28 U.S.C. §144 AND/OR
28 U.S.C. §455 AND INCORPORATED
<u>CERTIFICATE OF GOOD FAITH</u>

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BEFORE ME,** the undersigned authority, personally came and appeared:

**ASHTON R. O'DWYER, JR.**

who, after being duly sworn, did depose and say, of his own personal knowledge, as follows:

-1-

1. That he is a person of the full age of majority, and an attorney practicing law within the territorial limits of the State of Louisiana and of the Eastern District of Louisiana, and that he is a Member of the Bar of this State, Bar No. 10166, and in good standing to the best of his knowledge at the present time.

2. That he is counsel of record for plaintiffs and/or for intervening plaintiffs in the above-identified Civil Actions.

3. That he also is an intervening plaintiff in Civil Action Nos. 07-5023 and 07-5040, appearing *in propria persona*.

4. That he makes this affidavit in good faith, and certifies his good faith pursuant to 28 U.S.C. §144, also averring that this affidavit is made in order to preserve the integrity of the above-identified litigations, and not for any illicit purpose, such as to make a frivolous attack on the dignity of the Court, to cause undue delay of the proceedings, to unnecessarily disrupt the functioning of the judicial system, or to otherwise unjustifiably cause disruption of or embarrassment to the orderly administration of justice.

5. That O'Dwyer further avers that if he failed to make this affidavit under the circumstances described *infra*, then public confidence in the judiciary would be undermined.

6. O'Dwyer avers that he and his clients are absolutely legally entitled to the cold neutrality of an impartial Judge because the law intends that no judge

shall preside in a case in which he is not wholly free, disinterested, impartial and independent.

7. That he charges the Judge presiding over this litigation, The Honorable Stanwood R. Duval, of personal bias and prejudice towards him and his clients, as well as of personal bias and prejudice in favor of certain adverse parties, namely the State of Louisiana, its agencies, department heads, etc., including former Governor Kathleen Blanco, all stemming from an extra-judicial relationship identified *infra*, and that he, therefore, reasonably questions the ability of Judge Duval to be a fair and impartial arbiter of the facts in connection with the following subjects:

   1) Whether plaintiffs herein, including O'Dwyer, have legally stated proper and sustainable causes of action against the State of Louisiana, its agencies, department heads, etc.;

   2) Whether the State of Louisiana has waived any immunity it might otherwise enjoy from being required to litigate claims brought against the State in Federal Court;

   3) Whether O'Dwyer personally is liable for sanctions and, if so, what sanction(s) is/are appropriate.

8) That he, therefore, avers that Judge Duval should recuse himself from presiding over or deciding any of those or related issues in this case.

## EXTRA-JUDICIAL SOURCE OF
## BIAS AND PREJUDICE

9) At a Status Conference in this litigation on March 24, 2006, after Judge Porteous had recused himself, Judge Duval made the following disclosures on the record:

> BY JUDGE DUVAL:
>
> I might point out one other thing. I have a brilliant young law clerk, who is not in this Courtroom, named Caroline Fayard. She happens to be related to one of the lawyers who just spoke, Mr. Calvin Fayard, who is also a good friend of mine. I want to point out that Ms. Fayard is not my Law Clerk because of her father, she is a graduate of Dartmouth Michigan Law School with honors and is magnificent.
>
> I am friendly with Mr. Fayard, however, I can tell you that will have nothing to do with my – I am friendly with a lot of you actually, but Mr. Fayard I have known for a long time. Let me put it that way. So I will let you know that it won't have any bearing on what I do, but if it makes you uncomfortable let me know.
>
> We haven't decided, I might point out, where Mr. Fayard's cases fit under this umbrella or if they do. We will talk about that later. That's about as much disclosure, I think that's about it. Now. Go ahead.
> Transcript of March 24, 2006, lines 10-25.
> (Record Document No. 2774, p. 25).

10) In the Minute Entry for the proceedings held on March 24, 2006, Judge Duval wrote as follows:

> "The Court further disclosed that one of the attorneys involved in this matter, Calvin Fayard, is the father of one of the undersigned's law clerks and is an old personal friend of the undersigned. However, that law clerk has no dealings with any of these cases, and the Court believes that its relationship with Mr. Fayard would not influence the Court in any manner".
> (Record Document No. 57, p. 3).

11) At the times the above and foregoing disclosures were made, Judge Duval's assertions that:

> I am friendly with Mr. Fayard, however, I can tell you that will have nothing to do with my – I am friendly with a lot of you actually, but Mr. Fayard I have known for a long time. Let me put it that way. So I will let you know that it won't have any bearing on what I do, but if it makes you uncomfortable let me know.

were accepted by O'Dwyer at face value. More to the point, none of the disclosures by Judge Duval were believed, at that time, to have any bearing on Judge Duval's ability to be fair and impartial.

12) O'Dwyer avers that all of the above changed on August 29, 2007.

13) On August 29, 2007, a number of civil actions were instituted on behalf of the State of Louisiana against the United States of America in the United States District Court for the Eastern District of Louisiana. Among the Civil Actions filed on behalf of the State against the United States was Civil Action No. 07-5040. Upon information and belief, that civil action claims $200 billion dollars in property damages allegedly sustained directly by the State as a result of fault and neglect by the United States, through its agency and instrumentality the U.S. Army Corps of Engineers, before both and after Hurricane KATRINA. Among the large number of private attorneys and private law firms who appeared as counsel of record for the State of Louisiana, along with former Attorney General Charles C. Foti and the Louisiana Department of Justice, in Civil Action No. 07-5040,

was Judge Duval's "old personal friend", Calvin Fayard, and his law firm, Fayard & Honeycutt.

14) After learning of the representation of the State of Louisiana by Mr. Fayard and his law firm, O'Dwyer demanded resignations from members of certain Committees in this litigation, including particularly Mr. Fayard, all more particularly described in Record Document No. 10331 filed on January 11, 2008.

15) O'Dwyer also sought to intervene in Civil Action No. 07-5040, among others. See Record Document Nos. 8735 and 8789 filed on October 29, 2007 and November 1, 2007, respectively.

16) Thereafter, in early November 2007, after plaintiffs' Liaison Counsel, Joseph M. Bruno, Esq., addressed Judge Duval's Law Clerk's (and spouse's) "interest" in learning the Record Document Numbers of O'Dwyer's Motion(s) for Leave to Intervene, O'Dwyer addressed the following "Personal and Confidential" letter to Mr. Bruno in his capacity as Plaintiffs' Liaison Counsel, in which he inquired as follows:

> Dear Joe:
>
> Your recent E-mail which addressed Janet Daly's interest in knowing the Record Document Nos. of my Motion(s) for Leave to Intervene in Civil Action No. 07-5023 and 07-5040 (Record Document Nos. 8735 and 8789), raised the spectre of something I am loathe to address. Because of the sensitive nature of the subject, I am writing only to you in your position as Plaintiffs' Liaison Counsel, for possible guidance.
>
> Although my Motion(s) for Leave to Intervene will be heard by Magistrate Wilkinson, I cannot predict how the Magistrate will rule. In the unlikely event I find myself in the position of having to object to, and move for review of, the

> Magistrate's Order, I do not believe Judge Duval can be fair and impartial, either in reviewing a Magistrate's Order or in deciding issues involving my clients' claims against the State of Louisiana, such as waiver of 11th Amendment immunity and related issues.
>
> My belief in this regard is of an extrajudicial nature, but related to the conflict of interests which Messrs. Becnel and Fayard have by virtue of being Members of the Plaintiffs' Liaison Committee on the one hand, but having appeared as counsel of record for the State of Louisiana in the above-referenced civil actions on the other hand.
>
> If you have any ideas about how this delicate subject might be discretely addressed, please contact me or, if you prefer not to discuss this subject over the telephone, tell me when I can walk down the street to your offices to discuss the subject.

17) Thereafter, on November 15, 2007, having heard nothing from Mr. Bruno, O'Dwyer transmitted another "Personal and Confidential" letter to Mr. Bruno, which was hand-delivered, and which requested as follows:

> Dear Joe:
>
> It has been a week since delivery of my missive to you of November 8th, copy attached, but I haven't heard even a "peep" from you in response.
>
> I need immediate guidance from you on how to proceed, or your immediate disclosure of my concerns to Judge Duval, so that His Honor can give guidance to both of us on how to proceed. This urgent matter simply cannot wait any longer. I do not want to be forced into filing an affidavit pursuant to 28 U.S.C. §144 and/or 28 U.S.C. §455, from which there will "no turning back".
>
> Please give this matter your immediate attention in your capacity as Plaintiffs' Liaison Counsel.

18) Thereafter, on December 13, 2007, having heard nothing from Mr. Bruno on the subject of the two prior letters, O'Dwyer addressed yet another

> "Personal and Confidential" letter to Mr. Bruno in his capacity as Plaintiffs' Liaison Counsel which stated as follows:
>
> > Dear Joe:
> >
> > You have, no doubt, become aware of the contents of Record Document Nos. 9427 and 9459 posted very recently. I reiterate my strong view that Judge Duval should recuse himself, or be recused, from deciding any sanctions motions directed at me, personally, because of bias and prejudice. Similarly, Judge Duval should recuse himself, or be recused, from deciding factual and legal issues involving the State of Louisiana, its branches of government, agencies, department heads, etc., by virtue of His Honor's disclosure of a close personal relationship with Calvin Fayard, which is of long standing, and Mr. Fayard's representation of the State, et al., in the "Victims of KATRINA" litigation, as well as representation of the State, et al. by other lawyers with whom Mr. Fayard is working closely in concert.
> >
> > I reiterate the needs which I expressed to you in my hand delivery of November 15, 2007, namely immediate guidance from you on how to proceed, or your immediate disclosure of my concerns to Judge Duval, so that His Honor can give guidance to both of us on how to proceed. If you choose the latter course, then of course disclosure must be made to all counsel as well.
> >
> > Please give this matter your immediate attention in your capacity as Plaintiffs' Liaison Counsel.

19) Nothing was ever heard from Mr. Bruno in response to any of the above-referenced letters.

20) For the reasons stated in this affidavit, O'Dwyer believes that Judge Duval cannot be a fair and impartial artibiter of facts when it comes to deciding issues involving his personal friend, Mr. Fayard, Mr. Fayard's client, the State of Louisiana, the representation of which O'Dwyer avers presents Mr. Fayard with a clear irreconcilable conflict of interest, or sanctions involving O'Dwyer personally. O'Dwyer therefore does by these presents

seek recusal of Judge Duval pursuant to 28 U.S.C. §144 and 28 U.S.C. §455 on the specifically enumerated issues.

## THE EVENTS PRECIPITATING THIS AFFIDAVIT

21) O'Dwyer avers that the events precipitating this affidavit stem from the fact that on Wednesday morning, January 16, 2007, Judge Duval has on his docket Record Document No. 9753, which O'Dwyer's clients' Objection(s) to and Motion to Review Magistrate's Order (Record Document No. 9459), as well as Motions for Sanctions involving misrepresentations made on the record by counsel for Washington Group International, Inc. on June 13, 2007. Although these pleadings were noticed for hearing before Judge Duval, O'Dwyer lodged objection to Judge Duval's deciding these matters. See *e.g.* footnote to Notice of Hearing forming part of Record Document No. 9753.

## JUDICIAL BIAS AND PREJUDICE

22) O'Dwyer avers that although the above-identified extra-judicial personal bias and prejudice are sufficient to warrant Judge Duval's recusing himself, or to be recused, there have been numerous instances of Judge Duval's exercising judicial bias and prejudice against O'Dwyer, his clients and the claims they are pursuing in this litigation, particularly against the State of Louisiana, its agencies, department heads, etc.

23) O'Dwyer avers that Judge Duval's personal animosity towards him, which he avers is evidence of Judge Duval's personal bias and prejudice towards him, is well-known to others in this case, with certain counsel for other

parties having stated to O'Dwyer that it is obvious that Judge Duval "recoils" when O'Dwyer is addressing the Court, and having stated that it is obvious that Judge Duval does not want O'Dwyer in his courtroom. More particularly, Lawyer "A" confirmed to O'Dwyer that he had personally observed the Judge "recoil" whenever O'Dwyer stood up to address the Court. Lawyer "B" told O'Dwyer, "It is obvious Judge Duval does not want you in his Courtroom.

24) O'Dwyer avers that Judge Duval's personal bias and prejudice towards him are evidenced in the following Record Documents, *inter alia*: 788, 1366, 3666, 7399, 7501 and those cited therein, and 9000.

25) O'Dwyer further avers that perhaps the best evidence of Judge Duval's personal bias and prejudice towards him is the fact that Judge Duval did nothing after O'Dwyer reported a threat made against him by Michael C. Keller, Esq. of the Louisiana Department of Justice on March 17, 2006, in a letter which O'Dwyer addressed to Judge Duval on March 20, 2006. In that letter O'Dwyer advised Judge Duval as follows:

> Lastly, I am informing the Court that on Friday, March 17, 2006, I received a telephone call from Michael C. Keller, Esq., counsel for the State of Louisiana and the Governor who, although he couched his conversation in terms of a "friendly telephone call", invoking only the provisions of Rule 11, clearly "threatened" me. I was the victim of a criminal physical attack within twelve (12) hours of my filing the above-styled and numbered cause; I know when I am being threatened. I was threatened by Mr. Keller. I am advising the Court of this matter, so that if any physical harm should befall me, because I am the victim of an unfortunate accident, or of an armed-robbery gone bad, or should I be struck by lightening, the Court can order investigation by the FBI and/or the Department of Justice.

26) O'Dwyer also disclosed his reasonable conclusions about Judge Duval's personal bias and prejudice towards him, when O'Dwyer was required, in September 2006, to respond to an alleged disciplinary complaint which had been lodged against him by persons unknown. See O'Dwyer's correspondence to the Chief Disciplinary Counsel[1] of September 15, 2006, appended hereto and marked for identification as Exhibit No. 1, in which O'Dwyer stated:

> "I objected to the lack of due process at the hearing and to Judge Duval's inability to be a fair and impartial arbiter of the facts in a Motion to Impose Sanctions, etc., against me, since Judge Duval has demonstrated his animosity and dislike for me in a number of ways throughout the course of the litigation. My objection was overruled/denied by Judge Duval.

27) O'Dwyer was exonerated of any wrongdoing in connection with the alleged disciplinary complaint being the subject of Exhibit No. 1.

## INCORPORATED CERTIFICATE OF GOOD FAITH

28) Ashton R. O'Dwyer, Jr. again certifies that he makes this Affidavit in good faith and not for any illicit purpose.

S/ Ashton R. O'Dwyer, Jr
ASHTON R. O'DWYER, JR.

**SWORN TO AND SUBSCRIBED BEFORE ME,**

**THIS 15TH DAY OF JANUARY 2008.**

    **S/R. STEVEN LEMOINE**
    **R. STEVEN LEMOINE**
**NO. 8310**

---

[1] Incidentally, when O'Dwyer wrote the Chief Disciplinary Counsel on September 15, 2006, he did not know that the Chief Disciplinary Counsel had actually been complicit in the perpetration of certain crimes which were committed against O'Dwyer on September 20, 2005, and described in his letter, Exhibit No. 1.

-11-

-12-

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 15th day of January 2008.

                                                S/Ashton R. O'Dwyer, Jr.