**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
ONE CANAL PLACE
365 CANAL STREET
SUITE 2670
NEW ORLEANS, LA 70130
TELEPHONE: (504) 561-6561
FACSIMILE: (504) 561-6560**

September 15, 2006

**VIA FACSIMILE
225-293-3300
and
FEDERAL EXPRESS**

Mr. Charles B. Plattsmier
Chief Disciplinary Counsel
4000 South Sherwood Forest Blvd.
Suite 607
Baton Rouge, LA 70816

        Re:    Respondent:  Ashton R. O'Dwyer, Jr.
                Complainant: ODC
                File No.:      0021534

Dear Mr. Plattsmier:

      The following is in response to your correspondence to me of August 17, 2006, with attachments. Preliminarily, let me state "for the record" that I have made some very powerful enemies since Hurricane KATRINA, including the United States of America (through the Department of Defense, the U.S. Army Corps of Engineers and FEMA), the State of Louisiana, the Governor, the City, the Mayor, the Superintendent of Police, and other elected and appointed officials, and the heads of State and local agencies. I was kidnapped, falsely imprisoned and physically tortured for 16½ hours on September 20, 2005, within 12 hours of my filing the first "Victims of KATRINA" lawsuit in the United States District Court for the Eastern District of Louisiana. The Motion to Impose Sanctions, etc., which accompanied your letter is just "more of the same" to which I have been subjected since instituting my litigation. My enemies, who my clients and I have targeted, will not rest until I am dead or no longer able to practice law.

      The factual and legal issues in the attachments to the Motion to Impose Sanctions, etc. filed against me by Boh Bros. Construction, L.L.C., and its attorney, remain very "live" in Hurricane KATRINA litigation in which I represent a large number of plaintiffs. I have perfected a cause of action for spoliation of evidence dealing with the 17th Street Canal breach site, and other breach sites in the Greater New Orleans Metropolitan Area,

September 15, 2006
Page 2

against the United States of America. It is my intention to perfect a cause of action against Boh Bros. and its underwriters for spoliation of evidence at the 17th Street Canal site, however, my forensic experts and I are still in the process of completing our due diligence, and marshaling our evidence, so that when we fire our shot, it will be a lethal one. The attachments to the Motion to Impose Sanctions, etc. were "cherry-picked" by counsel for Boh Bros. and tell only part of a larger story. I would urge you to contact me in order to schedule a face-to-face meeting during which I will open my entire file to you.

In direct response to your letter of August 17, 2006, I respond as follows:

1. Neither your letter nor the attachments contain any "allegation of misconduct", and you have not accused me of violating any specific Rule of Professional Conduct. Precisely what am I being asked to respond to?

2. At the hearing on the Motion to Impose Sanctions, etc., which was heard on Wednesday, September 6, 2006, Judge Duval granted in part and denied in part the Motion. However, I was not sanctioned. Instead, Judge Duval ordered that I was precluded from communicating by E-mail with counsel for Boh Bros. and visa-versa. You will find attached the Minute Entries issued by Judge Duval following the hearing, both dated September 6, 2006. See Exhibit Nos. 1 and 2.

3. I have ordered the transcript of the hearing and will furnish the transcript to you upon receipt. The main points which I made during my presentation to Judge Duval were as follows:

    a. No specific Rule of Professional Conduct had ever been cited by counsel for Boh Bros. as having been violated by any particular conduct. In rebuttal argument, counsel for Boh Bros. "finally" alleged that I had violated Rule 4.4 (which is inapplicable since Boh Bros. is not a "third-person", but a party defendant, because of work they performed at the 17th Street Canal prior to KATRINA), and Rule 8.4, which was referred to only in general terms, and without any specific allegation that any specific subsection of the Rule had been violated, or by what particular conduct.[1]

    b. I objected to the lack of due process at the hearing and to Judge Duval's inability to be a fair and impartial arbiter of the facts in a Motion to Impose Sanctions, etc. against me, since Judge Duval

---

[1] I have made my own allegations of misconduct against counsel for Boh Bros. in a Motion for Sanctions. See Exhibit No. 3. However, the transcripts of the proceedings in which I maintain that counsel for Boh Bros. committed fraud upon the Court and violated specific Rules of Professional Conduct are still being prepared. Judge Duval denied my Motion to Continue the Hearing on that Motion for Sanctions to permit me time to marshal the requisite evidence. See Exhibit No. 4.

September 15, 2006
Page 3

          has demonstrated his animosity towards and dislike for me in a number of ways throughout the course of the litigation. My objection was overruled/denied by Judge Duval.

c.    I attach my Memorandum in Opposition to the Motion to Impose Sanctions, etc. which addresses arguably egregious conduct by other lawyers in the case for which no sanctions have been imposed. See Exhibit No. 5. I also attach my self-explanatory facsimile to Judge Duval of March 20, 2006. See Exhibit No. 6. The lawyer for the State was never sanctioned following Judge Duval's receipt of that facsimile, nor has he denied that he threatened me.

d.    During oral argument, in response to a direct question from Judge Duval, "Was your August 1, 2006 E-mail unprofessional?", I responded in the affirmative, but explained the circumstances surrounding my transmitting that E-mail to counsel for Boh Bros., on which no one else was copied. In short, no one fires a shot across my bow without getting a broadside back. Additionally, I respectfully submit that one private E-mail to the lawyer for a party opponent, which is assumed to have been "unprofessional" for argumentative purposes only, is not the equivalent of violating any Rule of Professional Conduct, or of misconduct, which I deny.

      I have the utmost respect for your office, and know that you have a reputation for being a zealous protector of the standards of our profession, for which I thank you. However, I ask that you be mindful of the fact that I didn't pick this fight. Boh Bros. and their lawyer did. I didn't involve your office in what I consider to be a civil matter for which the law provides a remedy for my clients, namely a cause of action for spoliation of evidence. I intend to continue marshalling the evidence necessary to prove that counsel for Boh Bros. has committed fraud upon the Court and violated the Rules of Professional Conduct which deal with candor towards the tribunal, fairness to opposing parties and counsel, and misconduct, because that is directly relevant and material to my clients' spoliation of evidence claim. I vehemently deny that I have violated any Rule of Professional Conduct or that I am guilty of misconduct.

                            Yours very truly,


                            Ashton R. O'Dwyer, Jr.

AROD/vtb
Enclosures