UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES             CIVIL ACTION
           CONSOLIDATED LITIGATION

NO. 05-4182

SECTION "K" (2)

PERTAINS TO: MRGO

_____

MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF
MOTION TO QUASH

    **NOW INTO COURT**, through undersigned counsel, come Jeanine Broggi Armstrong,

wife of and Kenneth P. Armstrong and Ethel Mae Coats, who move to quash the subpoena duces

tecum issued by Washington Group International, Inc. ("WGII"), and to contemporaneously stay

records production pending a ruling on the Motion to Quash, for the following reasons:

**I.**

**FACTS**

    On November 28, 2007, Washington Group International, Inc. ("WGII") served a Notice

of Subpoena Requiring the Production of Documents.  (See Exhibit 1).  This subpoena was

directed to the Louisiana Office of Community Development, seeking information submitted by

every applicant for "Road Home grants" from the Lower Ninth Ward and St. Bernard Parish.

This would require the production fo tens of thousands of files.

Subsequent communications between Plaintiffs' Liaison Counsel and counsel for WGII William Treeby on January 15, 2008 resulted in an agreement that the production of documents would not be pressed until a ruling by the Court on the propriety of the subpoena was entered.

The subpoena saddles the Road Home program with an unreasonably burdensome task to produce the information subject of the subpoena, and this burden outweighs its likely benefit given the given the minimal importance of information sought.  In addition, the information sought is irrelevant to the subject matter involved in the litigation.

But more importantly, WGII seeks confidential information of certain individuals that WGII is otherwise not entitled to discover.  For these reasons, the Court should quash the subpoena duces tecum at issue.

## II.

## ARGUMENT

Federal Rules of Civil Procedure, Rule 45 (c)(3)(B) holds in pertinent part:

**(3) Quashing or Modifying a Subpoena.**

**(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:

**(I)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

> **(I)** disclosing a trade secret or other confidential research, development, or commercial information;
>
> **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
> **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

A motion to quash or modify a subpoena duces tecum may be made by a party when the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena. Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588 (D.Kan.,2003).; Norris Manufacturing Co. v. R. E. Darling Co., 29 F.R.D. 1 (D.Md.1961); Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F.Supp. 668 (D.C.Del., 1981).  In the present case, each of the applicants for the Road Home grant provided information and executed documents subject to a Privacy Policy. (See attached Exhibit 2, obtained from the Road Home website, www.road2la.org/homeowner/resources.htm#closing). Through that document, the Road Home administrators recognized and enunciated that applicants would be providing personal and/or financial information in the form of:

1. **applications, forms and in other communications to the Road Home program;**

2. **Information about transactions with the Road Home, affiliated companies, or others;**

3. **Information received from a credit reporting agency.**

It is this very information that the claimants assert a privacy interest, and there has been no showing that the information sought has any relevance to the present litigation.

As the Court is aware, the extent of discovery and use of protective orders by judge is within discretion of judge. Chemical & Indus. Corp. v. Druffel, 301 F.2d 126 (C.A.6 (Ohio) 1962). The discretion of the trial court and may be reversed only on clear showing of abuse of discretion. Galella v. Onassis, 487 F.2d 986 (C.A.2 (N.Y.) 1973); General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204 (C.A.Mo.1973), certiorari denied, 94 S.Ct. 926, 414 U.S. 1162, 39 L.Ed.2d 116.

Where relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request. Steil v. Humana Kansas City, Inc., 197 F.R.D. 442 (D.Kan.,2000), citing Employers Commercial Union Ins. Co. of America v. Browning-Ferris Industries of Kansas City, Inc., 1993 WL 210012 (D.Kan. Apr.5, 1993). WGII's blanket request for all of the information utilized to administer the Road Home program in favor of the citizens of two (2) devastated communities can have to rational relation to the subject litigation.

Fed.R.Civ.P. 45 does not include relevance as an enumerated reason for quashing a subpoena. However, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. Thus, this court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. Digital Equipment Corp. v. Micro Technology, Inc., 142 F.R.D. 488, D.Colo.,1992

A review of the "specifications of documents to be produced" in response to WGII's subpoena reveals that WGII has given little consideration tot he relevance of its requests and simply demands that the entire universe of documents generated by the Road Home program be

produced.  Clearly, WGII has given no consideration to the privacy concerns of the citizens of the Lower Ninth Ward and St. Bernard Parish; and shows equal disregard for onerous burden it has cast via its subpoena.

While not conceding that WGII is entitled to any such information sought, the information specified in requests numbers 5, 6, 7, 8 and 9 clearly seek information specifically contemplated by the Road Home's Privacy Policy.  The citizens whose privacy interests are substantially impacted are entitled to careful consideration of their interests before any such information is disclosed.  The Plaintiffs are confident that once the Court sees that WGII can enunciate no legitimate, relevant reason for the productions of the documents requested, the Court will grant the Motion to Quash.

### III.

### CONCLUSION

As indicated above,  Jeanine Broggi Armstrong, wife of and Kenneth P. Armstrong and Ethel Mae Coats have standing to move to quash the subpoena issued by WGII to the Road Home program.  The information sought by WGII is confidential, and irrelevant to the litigation at hand.  As there is no legitimate purpose for the production of the information subject of the subpoena, this Court must grant the Motion to Quash.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
LA Bar Roll Number: 3604
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE


s/ James Parkerson Roy
JAMES PARKERSON ROY

MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles,
CA)
James Parkerson Roy (Domengeaux, Wright, et al.,
Lafayette, LA)


**CERTIFICATE OF SERVICE**


I hereby certify that I have served a copy of the above referenced pleading upon all known

counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail,

properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic

transmission this 15th day of January, 2008.

    /s/ Joseph M. Bruno

Joseph M. Bruno