UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: 07-4558, 07-4948, 07-4968, 07-4979, 07-4982, 07-4995, 07-4997, 07-5016, 07-5018, 07-5254, 07-5286, 07-5317, 07-5323, 07-5350, 07-5351, 07-5355, 07-5356, 07-5359, 07-5367 | * * * * * * | |

**OPPOSITION TO NATIONAL UNION'S MOTION TO DISMISS**[1]

This Court should deny National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") motion to dismiss because National Union does not satisfy the high standard necessary to grant its motion to dismiss. In particular, National Union merely identified one insurance policy – without proving that said policy is the only policy that it may have issued to its insured, the East Jefferson Levee District ("EJLD"). Moreover, it misidentified the policy number of the applicable Policy in its brief, thereby creating a substantial issue as to whether there exist any other policies that it issued to EJLD. Liaison Counsel has served discovery upon National Union that is targeted to this precise issue: whether there exist any additional policies that National Union issued that may provide coverage. As National Union has not yet responded

---

[1] Plaintiffs in the above-referenced cases also adopt by reference the arguments set forth in the classwide opposition brief filed on January 16, 2008, to the extent that such arguments are not set forth below.

to these discovery requests, it would be premature to grant National Union's motion to dismiss at this time. Finally, Plaintiffs in the above-referenced cases (collectively, "Plaintiffs") note that certain types of expenses or losses that they claim are not expressly covered by the exclusion cited by National Union.[2] As such, these claims should not be dismissed, and thus, this Court should deny National Union's motion.

## I. LAW AND ARGUMENT

### A. Motions to dismiss are strongly disfavored at law.

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are disfavored.[3] Parties seeking to defeat a claim by filing a motion pursuant to Rule 12(b)(6) must establish "**beyond doubt**" that the claimant "can prove **no set of facts** in support of his claim which would entitle him to relief".[4] Even if it appears virtually certain that the facts alleged cannot be proven to support the claim, the complaint still cannot be dismissed as long as the complaint states a claim.[5]

---

[2] These Plaintiffs include Imperial Trading Co., Inc.; Xavier University, White III, L.L.C. f/k/a JLH, L.L.C.; Universal Health Services, Inc.; CII Carbon, L.L.C.; Dillard University; and Savoy Place Associates, LP.

[3] *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000).

[4] *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (emphasis added).

[5] *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986).

**B. The Policy cited in National Union's brief does not correspond to the Policy that was in effect at the time that Hurricane Katrina was in effect, leaving this Court to guess as to the terms of the Policy that was in effect at the time that the wrongful acts occurred.**

In its brief, National Union places great weight upon the terms of a liability insurance policy that was in effect from January 1, 2006 through January 1, 2007; it does not, however, properly identify the Policy in question. As such, this Court cannot determine whether there are any additional policies that were in effect.

The policy exclusions upon which National Union relies are contained within National Union Policy No. 625-49-23, which was attached as an exhibit to National Union's motion.[6] National Union's brief, however, refers only to Policy No. 884-78-97. This is not the number of the Policy that was provided in support of National Union's motion. Notably, this is also not the number of the Policy that was replaced by the Policy provided by National Union in support of that motion; the "replacement policy" number was 978-27-27.[7] Plaintiffs cannot state with any degree of certainty whether the Policy bearing the number cited in their brief contains similar policy language, or indeed, has any bearing at all upon this case. As a result, National Union provides no support to suggest that anything contained within Policy No. 884-78-97 justifies the dismissal of any of Plaintiffs' claims.

Significantly, the Consolidated Master Complaint does not identify the Policy in question

---

[6] In the event that National Union issued additional insurance policies to EJLD or any other entity named as a defendant in this case, Plaintiffs do not concede that their claims for bodily injury, property damage, or any other type of loss are excluded under such additional policies.

[7] *See*, Exhibit, at p. 003.

by number; rather, it merely asserts that National Union issued a liability policy to EJLD.[8] Similarly, none of the individual Plaintiffs, who filed their own separate complaints, identified the Policy by a particular number. It is entirely within the realm of possibility that National Union may have issued a separate liability policy that covered certain types of liability that may have been excluded from Policy No. 625-49-53. Nowhere does National Union definitively indicate that no other liability policies were issued that cover the actions of its insured. In the absence of such proof, National Union fails to cover its heavy burden at this preliminary stage, and thus, its motion should be dismissed.

### C. **Discovery is currently pending with respect to the existence and substance of additional policies issued by National Union to EJLD.**

As a result of such ambiguities, Liaison Counsel served written discovery requests upon National Union's counsel on January 3, 2007.[9] Pursuant to the Federal Rules of Civil Procedure, no response is due for thirty days, or until February 4, 2008. Liaison Counsel also noticed the corporate deposition of National Union; this deposition is scheduled for February 8, 2008.[10]

---

[8] *See, e.g.*, Complaint, at ¶16(j) (asserting that National Union "had in full force and effect **a policy or policies** of liability insurance, under the terms, provisions, and conditions of which it assumed liability for the acts and/or negligence of its insured, EJLD" (emphasis added).

[9] A copy of these discovery requests is attached as Exhibit A. Plaintiffs recognize that a motion pursuant to Rule 12(b)(6) normally does not give rise to discovery. Here, however, Plaintiffs' complaint alleges in general terms that National Union issued an insurance policy or policies to EJLD, without specifically identifying the policies in question. National Union attached one policy as an exhibit in support of its motion, and provided no conclusive proof that such policy is the only one issued by National Union to EJLD. As such, Liaison Counsel served written discovery upon National Union and noticed its corporate deposition.

[10] A copy of the deposition notice is attached as Exhibit B.

National Union will not have to respond to these discovery requests or provide its corporate deposition until after the January 23, 2008 hearing date. As such, Plaintiffs posit that it would be fundamentally unfair to allow for their claims against National Union to be dismissed without knowing whether there may exist additional policies which would provide coverage. Consequently, in light of the pending discovery, this Court should deny National Union's motion.

**D. <u>Certain claims asserted by Plaintiffs are not excluded by the Policy issued by National Union.</u>**

A canon of insurance law is that insurance policies are to be narrowly interpreted, and they are construed against the insurer.[11] As such, for a claim to be precluded by a policy exclusion, it must be clearly and unequivocally excluded.[12] This principle is particularly potent in the context of a motion to dismiss, where, as previously emphasized, the insurer bears a heavy burden to prove a lack of coverage. Plaintiffs contend that certain claims that they have asserted are not covered by the Policy's exclusion with respect to property damage and bodily injury.

National Union oversimplifies its position in asserting that all of Plaintiffs' claims arise out of bodily injuries and property damage, and are therefore excluded. In fact, certain aspects of Plaintiffs claims arise from other causes, or arose independently of whether that particular Plaintiff incurred bodily injury or property damage. For example, Plaintiffs claimed each of the following types of losses as a result of the negligent conduct of EJLD, National Union's insured:

---

[11] *See Met. Life Ins. Co. v. Bell Roofing Co., Inc.*, 254 F.3d 70 (5th Cir. 2001); *Peterson v. Schimek*, 1998-1712 (La. 3/2/99), 729 So.2d 1024, 1028-29; *Snell v. Stein*, 259 So.2d 876, 879 (La. 1972).

[12] *Duncan v. U.S.A.A. Ins. Co.*, 2006-363 (La. 11/29/06), 950 So.2d 544, 547 ("Any exclusion from coverage in an insurance policy must be clear and unmistakeable.")

- Loss of property;
- Loss of income;
- Loss of business opportunities;
- Diminution of property value;
- Evacuation expenses;
- Attorneys' fees;
- Other special damages.

Certain of these losses can occur independently of property damage, and thus they cannot be deemed to "arise out" of such damage. For example, Plaintiffs may have suffered an ongoing loss in business income and business opportunity due to the evacuation and displacement of their customer base, and due to the depressed economic activity in the metropolitan New Orleans area following Hurricane Katrina and the breaches of the levees. Such losses would have accrued even after Plaintiffs' property damage was repaired, or in the absence of any property damage.[13] Similarly, Plaintiffs' property may have been reduced in value due to economic considerations, as opposed to physical damage. Indeed, Plaintiffs assert that even after all physical damage has been repaired and restored, their property is nonetheless worth less than it was prior to the breach.[14] As such, these losses cannot be deemed to "arise out of . . . damage to or destruction of

---

[13] Plaintiffs do not suggest that they did not, in fact, incur any property damage as a result of Defendants' negligent actions; rather, they merely submit that certain of their losses did not "arise out" of such damage.

[14] Plaintiffs also note that in the consolidated class action master complaint, it was alleged that Plaintiffs incurred other types of losses, such as relocation expenses and the costs of raising one's home. *See*, First Supplemental and Amending Levee Master Consolidated Class Action Complaint, at ¶ 191. Such costs also can accrue independently of whether one actually incurred property damage.

property."

Plaintiffs posit that the exclusion should not and cannot be defined so broadly so as to exclude anything tangentially related to the broader economic conditions of the New Orleans metropolitan area. Such an all-encompassing interpretation would be so broad so as to be effectively meaningless. Rather, this Court should narrowly construe the explicit language of the policy exclusion, and to the extent that it does not apply, or potentially may not apply, to certain types of damages claimed by Plaintiffs, this Court should deny National Union's motion.

## II. CONCLUSION

For the foregoing reasons, National Union fails to satisfy its heavy burden to prove that Plaintiffs cannot prove any set of facts in support of their claims. As such, and because discovery is still pending with respect to the existence of other insurance policies, National Union's motion should be denied.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, #19589
PETER L. HILBERT, JR. #6875
JEFFREY D. KESSLER #30156
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
philbert@shergarner.com
jkessler@shergarner.com
**ATTORNEYS FOR PLAINTIFFS IMPERIAL TRADING CO., INC.; XAVIER UNIVERSITY; WHITE III, L.L.C. F/K/A JLH, L.L.C.; UNIVERSAL HEALTH SERVICES, INC.; CII CARBON, L.L.C.; DILLARD UNIVERSITY; AND SAVOY PLACE ASSOCIATES, LP.**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ James M. Garner
JAMES M. GARNER