UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES<br>    CONSOLIDATED LITIGATION | § § § | CIVIL ACTION: 05-4182 |
| _____ | § § | JUDGE DUVAL |
| THIS DOCUMENT PERTAINTS TO:<br>LEVEE, MRGO<br>(07-4944)<br>_____ | § § § § § § | MAG. WILKINSON |

**PLAINTIFFS OPPOSITION TO THE SEWERAGE AND WATER BOARD'S MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 12(B)(6)**

Plaintiffs submit this opposition to the Motion to Dismiss recently filed by the Sewerage and Water Board of New Orleans (hereinafter "SWB"). For the reasons set forth herein, plaintiffs aver that SWB has misstated the applicable law pertaining the prescription of plaintiffs' claims and that the Motion to Dismiss should therefore be denied.

**Factual and Legal Background**

Plaintiffs are among numerous other citizens of the Greater New Orleans Area who, on the second anniversary of Hurricane Katrina, sought to *protect* their rights against all potentially responsible parties including SWB. Plaintiffs have generally alleged that SWB failed to properly design and oversee construction of the 17th Street Canal and that this entity is therefore liable for the failures of this canal during Hurricane Katrina. Understanding the complexity of this mass tort action, the advanced progression of numerous putative class actions, the pre-existing case

management and briefing schedules in place in this consolidated litigation, plaintiffs have not sought to advance this case, but instead have held this matter in abeyance while the class action certification issues progress through the Court.

Plaintiffs are members of a putative class action lawsuits filed as early as September 2005 and consolidated into the above captioned litigation, and defendant SWB is named as a defendant in those actions as well.[1] Now, several months after the filing of this case, SWB has filed the instant Motion to Dismiss alleging that the plaintiffs cause of action has prescribed.

## Law and Analysis

A. **Plaintiffs' Claims Against SWB Were Interrupted Upon the Timely Filing of Numerous Class Actions Against SWB and in which Plaintiffs, Orleans Parish Residents, Are Putative Class Members.**

Defendant SWB argues that plaintiffs' claims prescribed on August 29, 2006, one year after Katrina and one year before the filing of the instant lawsuit. The SWB's Motion to Dismiss ignores the applicable law of Louisiana regarding the interruption of prescriptive periods. Under the *Erie* doctrine, state law regarding prescription is controlling.[2] Louisiana law clearly states that plaintiffs' claims against SWB are not prescribed. Louisiana Code of Civil Procedure article 596 provides:

> Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been provided herein, begins to run again:
>
> (1) As to any electing to be excluded from the class, from the submission of that person's election form;
>
> (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has

---

[1] See the Superceding Master Consolidated Class Action Complaint for synopsis of similar allegations against SWB
[2] *Vincent v. A.C.& S., Inc.* 833 F.2d 553 (5th Cir. 1987).

>>been restricted or otherwise redefined so as to exclude him; or
>
>(3)   As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

Since plaintiffs are putative members of class action lawsuits filed prior to the one year anniversary of Hurricane Katrina, prescription cannot begin to run on their claims against SWB until 1) they opt-out of the class, 2) they are "excluded from the class" or 3) the class action has been dismissed.

As noted above, SWB concedes that plaintiffs are members of a putative class action timely filed. Further they cannot establish that any of the above scenarios listed explicitly in La. C.C.P art. 596 have occurred. Therefore the prescriptive period applicable to plaintiffs' claims against SWB was interrupted upon the filing of the first class action which includes the plaintiffs are putative class members, i.e. *Berthelot* 05-4182.

In addition to arguing that the plaintiffs' lawsuit is prescribed, SWB argues that the plaintiffs, by filing suit prior to the class certification proceedings, are not entitled to the tolling doctrine established under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). ***Thus, SWB simultaneously asserts the contradictory legal positions that the plaintiffs' lawsuit is both too late and too early***. In making this argument, SWB fails to identify any reason *American Pipe* is applicable to plaintiffs' state law claims. However, assuming that plaintiffs must rely on this doctrine, SWB misstates and misconstrues the applicable legal standards and the prior holdings of the United States Supreme Court, ultimately reaching a flawed conclusion.

In *American Pipe*, the Supreme Court directly held that "the commencement of a class action suspends the applicable statue of limitations as to all asserted members of the class . . ."[3] Later in *Crown, Cork & Seal Co. Inc. v. Parker*, the Supreme Court reaffirmed and expanded this holding, declaring: "Once the statute of limitations has been tolled it remains tolled for all members of the putative class until class certification is denied."[4] Nothing in these two cases suggests that the tolling which is instituted upon the filing of a class action should be denied to any particular subset of that putative class. Indeed, any holding to the contrary would be in direct conflict with *Crown*'s holding that the action "remains tolled for *all members of the putative class*."[5]

The SWB urges the Court to ignore this holding of Supreme Court and deny tolling to plaintiffs who have filed a separate lawsuit prior to the determination of class certification. Defendants also erroneously claim that courts have not determined the issue of whether "plaintiffs who file their own, otherwise prescribed lawsuit, can rely on a pending class action to interrupt or toll prescription of their claims." Yet, this is the precise holding of *Crown*. The Supreme Court rejected the notion that *American Pipe* tolling does not apply to "those, who like respondent, file individual actions."[6] Instead, the issue is not whether the tolling doctrine applies to individual actions, but instead whether it applies to individual actions filed prior to a determination of class certification. ***In other words, SWB argues that the plaintiffs have filed suit prematurely***.

SWB cites several cases which purport to hold that *American Pipe* tolling does not apply to plaintiffs such as these who file a separate action. Although this question has not been

---

[3] 414 U.S. 538, 554 (1974).
[4] 462 U.S. 345, 354 (1983).
[5] *Id.* (emphasis added).
[6] *Id.* at 349.

addressed by the Fifth Circuit, this matter was addressed recently by the Second Circuit which explicitly rejected the approach urged by SWB. In *In re Worldcom Securities Litigation*, 496 F.3d 245 (2nd Cir. 2007), the Second Circuit held:

> Because members of the asserted class are treated for limitations purposes as having instituted their own actions, at least so long as they continue to be members of the class, the limitations period does not run against them during that time. Once they cease to be members of the class-for instance, when they opt out or when the certification decision excludes them-the limitation period begins to run again on their claims.
>
> Nothing in the Supreme Court decisions described above suggests that the rule should be otherwise for a plaintiff who files an individual action before certification is resolved. To the contrary, the Supreme Court has repeatedly stated that "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who have been parties had the suit been permitted to continue as a class action.'" *Crown,* 462 U.S. at 353-54, 103 S.Ct. 2392 (quoting *American Pipe*, 414 U.S. at 554, 94 S. Cit. 756).[7]

Other Federal Courts have reached the same conclusions. In *Lehman v. United Parcel Service, Inc.*, the District Court of Western District of Missouri phrased the question as follows:

> After a thorough review of the authority cited by UPS, the Court is not persuaded that Lehman cannot take advantage of American Pipe tolling simply because he filed his own lawsuit before class certification was decided in the Hohider case. It is clear that if Lehman had filed his charge of discrimination within 300 days, his case could proceed, even though a class action had been previously filed. It is also clear that if class certification is denied in Hohider, Lehman could file suit and proceed under American Pipe. It is even clear that if class certification is granted in Hohider, Lehman could "opt out" under Rule 23(c)(2)(B) and file his own separate case. Therefore, the only issue is whether American Pipe contemplates some period of months or years, between the running of the statute of limitations for individual claims and the certification ruling in Hohider, during which Lehman should be barred from suing UPS. **Put more simply, is there a temporal gap in the American Pipe tolling doctrine? The Court can see no logical or jurisprudential basis for reaching such a conclusion, given the current law.**[8]

---

[7] *Id.* at 255.
[8] *Lehman v. United Parcel Service, Inc.*, 443 F.Supp.2d 1146, 1150 (W.D. Missouri 2006) (emphasis added).

The Court in *Lehman* rejected the rationale of other courts which have addressed this issue holding that "there is nothing in [*Crown*] that suggests the statute of limitations is only tolled for those plaintiffs who wait to file suit until there is a ruling on class certification."[9]

The same result was also reached by the court in the District of Colorado in *Schimmer v. State Farm Mut. Auto. Ins. Co.* 2006 WL 2361810 (D. Colo. Aug 15, 2006). There the Court also rejected the notion that a plaintiff could file suit too early and thereby lose the protections afforded by *American Pipe.*

> To deny a putative class member the benefit of class action tolling because he elected to protect his rights in a separate action before a ruling was made on class certification is inconsistent with the premise for the tolling doctrine. If the putative class member knew about the class litigation but elected to proceed separately, then disallowing application of class action tolling penalizes him for his informed decision. On the other hand, if the putative class member did not know about the class litigation and simply commenced a separate action for purposes of protecting his rights, then disallowing application of class action tolling penalizes him for failing to be aware of the class litigation and awaiting a ruling on class certification. Either way, the putative class member is penalized based upon his awareness, or lack thereof, of the class litigation. As the Supreme Court stated in American Pipe, a putative class member's knowledge or reliance upon the class action's existence does not impact whether class action tolling applies. Thus, the doctrine applies as a matter of law, not based upon the actions of [the plaintiff].[10]

In sum, courts have considered and rejected the approach urged by SWB. Not only is it inconsistent with *American Pipe* and *Crown*, but it simply illogical to penalize a plaintiff for filing a lawsuit too soon. Here, plaintiffs are all members of a putative class in a plethora of class action lawsuits filed prior to the one-year anniversary of Hurricane Katrina. As such, if the Court determines that *American Pipe* is controlling, by the plain language of *American Pipe* and *Crown*, their cause of action against SWB was tolled the instant those actions were filed. For these reasons SWB's Motion to Dismiss should be denied.

---

[9] *Id* at 1151.
[10] *Id.* at *6.

B. <u>In the Interest of Judicial Economy, Plaintiffs Action Should be Stayed Pending the Resolution of the Class Action Certification Proceedings.</u>

Plaintiffs have filed the instant lawsuit, not to proceed independently against SWB and other parties, but for the sole purpose of protecting their rights. Indeed, plaintiffs may elect to participate in the class action in the event that a class is certified. However, there is much debate as to whether a class action is appropriate in this circumstance or even permitted under the Federal Tort Claims Act. Given this uncertainty and the novelty of the legal issues involved in this consolidated action, plaintiffs filed this lawsuit, *in an abundance of caution*, in order to protect their rights. It would be patently unjust for a plaintiff acting cautiously to preserve rights, would thereby lose them.

For this reason, plaintiffs aver that the preferred course of action would be to stay this litigation while the class certification process is resolved. Indeed, this is the precise course of action taken by the court in *Schimmer, supra*. There the Court stated:

> However, the interests of judicial economy and consistency of outcome dictate that Mr. Schimmer not proceed simultaneously as a plaintiff both in this action and in the class action. If a class is certified in *Clark v. State Farm,* Civil Action No. 00-cv-01841-LTB-PAC (D.Colo.) and Mr. Schimmer desires to participate in that action, it will foreclose his ability to proceed in this matter. Conversely, if he desires to proceed here, he cannot seek relief as part of the class action. Ultimately, he must elect whether he desires to proceed individually, here, or whether he desires to proceed as a member of the class action. Until that election is made, this case will be stayed for all purposes.[11]

Here, the plaintiffs have no intention of pressing forward with this individual action prior to the resolution of class certification issues. As such, the appropriate course of action is to stay the instant proceeding until such time as the Court reaches an ultimate conclusion on that issue. For this reason, SWB's Motion to Dismiss should be denied.

---

[11] *Schimmer*, 2006 WL 2361810 at *6.

7

Respectfully Submitted:

|  |  |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I do hereby certify that I have on this <u>15</u> day of January 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic mail.<br><br><u>/s/ Jonathan B. Womack</u><br>Jonathan B. Womack | <u>/s/ Jonathan B. Womack</u><br>DAVID V. BATT, #2849<br>JONATHAN B. WOMACK, #30801<br>LOBMAN, CARNAHAN, BATT,<br>  ANGELLE & NADER<br>400 POYDRAS STREET , SUITE 2300<br>NEW ORLEANS, LOUISIANA  70130<br>(504) 586-9292   FAX (504) 586-1290 |