UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' RENEWED MOTION AND INCORPORATED
MEMORANDUM TO ENFORCE AND APPLY LOCAL RULE 56.1**

On Wednesday, January 9, 2008, the Court "**ORDERED** that the parties shall file the appropriate separate, short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried pursuant LR 56.1."[1]  R.D. No. 10289 (emphasis in original).  Two days later, Plaintiffs violated that order by filing "Plaintiffs' Undisputed Facts for Summary Adjudication on Section 702c Immunity."  R.D. No. 10337-8.  This 123-page document contains 345 "factual" paragraphs.  These enumerated paragraphs consist of  2,632

---

[1] This ruling was prompted by United States' first Motion to Enforce and Apply Local Rule 56.1 (R.D. 10093) and necessitated by Plaintiffs' creation of a proposed joint statement that was 189 pages and 496 paragraphs long.  The Court found that it would be impossible for the United States to respond timely to Plaintiffs' prolix proposal and advised that "a 188 page Joint Stipulation" was not what the Court had envisioned  R.D. 10289.

1

sentences and 30,831 words.[2]  Needless to say, Plaintiffs' submission is neither "short" nor "concise."

Plaintiffs' filing also fails to identify the "material facts as to which [they contend] there is no genuine issue."  R.D. No. 10289; *accord* L.R. 56.1.  Instead of submitting a plain list of the *material* facts, they submitted a prolix historical retrospective that is full of irrelevancies and argumentation.  The format—lengthy paragraphs, rather than "short and concise" sentences—frustrates the purpose of the Local Rule (and Fed. R. Civ. P. 56), which is to aid the Court in identifying the specific facts that are *material to the legal issues,* so that the Court can decide whether any of them are genuinely in dispute.  *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (discussing similar local rule of U.S. District Court for District of Columbia).

The problematic paragraphs in Plaintiffs' submission are too numerous to allow all of them to be identified and discussed.  Review of the entire document would be needlessly time consuming when a sampling of the first dozen paragraphs suffices to demonstrate Plaintiffs' noncompliance with the Court's order.  Of the first dozen paragraphs, all but three or four are overlong or filled with irrelevant information (or both).  For example, paragraph three (3) consists of five sentences and numerous facts—all or nearly all of which are of no consequence whatsoever to the § 702c immunity issue:

> The MR-GO is a 76-mile long navigation, deep water channel connecting the Gulf of Mexico to the Port of New Orleans Inner Harbor Navigation Canal ("IHNC") via the Gulf Intracoastal Waterway ("GIWW").  It was authorized to be 38 feet deep with a 500 foot bottom width and 650 top width.  The channel

---

[2]The word and sentence count were obtained by converting the document to WordPerfect and using the software to analyze the enumerated "factual" paragraphs (including the citation sentences).

> includes a "landcut" of 46 miles and bisects the marshes of lower St. Bernard Parish and the shallow waters of Breton/Chandeleur Sound. The outlet enables ships from ports east of the Mississippi River to head north for New Orleans at Breton Sound, many miles east of the river mouth, at a saving of sixty miles. Its construction by the U.S. Army Corps of Engineers ("ACE") was started in 1958 and completed in 1968. Continuing operation and maintenance (including dredging) was the responsibility of the ACE.

Plt. Undisputed Facts ¶3, at 3-4. The very next paragraph, though "short and concise," sets forth facts that are wholly irrelevant: "Nearly 300 million cubic yards of earth was [sic] moved to construct the MRGO between 1958 and 1968—60 million more cubic yards than for the Panama canal." *Id.* ¶ 4, at 4. Paragraph 12 is neither "short and concise" nor "material":

> The new channel failed to attract the vessel traffic predicted by boosters, averaging less than 5 inbound and outbound passages per day in a typical year (1998), and carrying only about 3 percent of the New Orleans port freight tonnage (Caffey and Leblanc 1999). On the other hand, it has cost the nation between $10 and $30 million annually for dredging to maintain the authorized channel section, at an estimated price of about $13,000 per ship passage. Most of this dredging has been required for the 40 mile open-water reach between the marsh edge jetties into Breton Sound and the 38 foot contour on the continental shelf that IPET (2006b) has designated Reach 3. The ACE has now recommended to Congress the de-authorization (closure) of the MR-GO on economic, environmental and safety grounds.

*Id.* ¶ 12, at 7.

The larding of each paragraph with multiple, often unrelated facts prevents any ready identification of the facts that are material and needlessly complicates the job of differentiating between those that are contested and those that are not. The preceding examples illustrate this well. Paragraph 3 includes the uncontested material fact that the MRGO is a channel that connects the IHNC to the Gulf of Mexico. But whether it was 76 miles long or 75 miles long (or much shorter or longer) is wholly irrelevant, as are its authorized dimensions and the distance "saved" by ships plying it instead of the Mississippi River. The fact that the MRGO

required the removal of more dirt than did construction of the Panama Canal is irrelevant; the dates of construction of the MRGO may have some relevance. That dredging was required to keep the waterway open is relevant, but the remaining details that compose paragraph 12 (*e.g.,* number of inbound and outbound trips in 1998, percentage of Port of New Orleans tonnage, recommended closure) are not.

Plaintiffs' failure to enumerate each discrete fact will needlessly frustrate the United States in complying with the Court's order. The Court ordered "that the parties shall respond to such LR56.1 statement with a specific admission or specific denial and explanation as to each and every statement of fact as enumerated." R.D. 10289. Responding to "each and every statement of fact *as enumerated*" will require lengthy explanations and result in an unnecessarily long and complicated response. Just untangling the numerous facts contained within each of Plaintiffs' enumerated paragraphs will be extremely time consuming, as the Court's prior Order recognizes. *See id.* at 2 (citing briefing schedule as reason why responding to Plaintiffs' prolix proposed joint statement was "impossible"). As the Court indicated, there are "practical" considerations that militate against submission of a statement of facts that consists of hundreds of paragraphs in which thousands of factual assertions are made.[3]  *See id.*

To facilitate the Court's identification of genuine issues of material fact, Plaintiffs should be ordered yet again to comply with Local Rule 56.1 by submitting "a separate, *short and*

---

[3]In stark contrast to Plaintiffs' prolix statement of facts, Plaintiffs' brief in support of their motion identifies only three facts that they consider material: (1) Plaintiffs' claims are not related to a flood control project; (2) the Army Corps of Engineers failed to build a hurricane protection system that conformed to "the Congressional mandate"; and (3) the Corps failed to complete the project before Katrina struck. *See* Plt. Mem. at 1-2, 5. Whether these three facts are material and, if so, beyond dispute, is what will determine whether Plaintiffs' motion should be granted. Virtually all of the "facts" set forth in Plaintiffs' statement have no bearing on the legal issue raised by Plaintiffs' motion.

*concise* statement of the *material* facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1 (emphasis added).

## CONCLUSION

For these reasons, the United States' renewed motion to enforce Local Rule 56.1 should be granted.

Respectfully submitted,

 JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch
Civil Division

s/ Robin D. Smith
ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov
Attorneys for Defendant United States

## **CERTIFICATE OF SERVICE**

I certify that on January 15, 2008, I served a true copy of the foregoing motion upon all counsel of record by ECF.

s/ Robin D. Smith
Robin D. Smith
