UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
| | JUDGE: DUVAL |
| PERTAINS TO: LEVEE | MAGISTRATE: (2) WILKINSON |

CA NO. 07-4837
GAIL ALBANO, *et al.*
v.
THE BOARD OF COMMISSIONERS
FOR THE ORLEANS PARISH LEVEE
DISTRICT, *et al.*

*************************************************************************

## OPPOSITION TO RULE 12(b)(6) MOTION TO DISMISS FILED ON BEHALF OF JAMES CONSTRUCTION GROUP, INC.

**NOW INTO COURT**, come Plaintiffs, Gail Albano, et al, who provide the following in response to the Motion to Dismiss filed on behalf of Defendant, James Construction Group, Inc., for the following reasons:

Defendant, James Construction Group, Inc., has filed a Rule 12(b)(6) Motion to Dismiss based upon prescription, alleging that Plaintiffs' suit should be dismissed for lapse of the applicable prescriptive period under Louisiana law. In particular, Defendant relies on article 3542 of the Louisiana Civil Code, and alleges that this suit was filed more than one year after the date of the breach of the levee system in New Orleans associated with Hurricane Katrina.

Plaintiffs do not dispute that this suit was in fact filed more than one year after the levee breach associated with Hurricane Katrina. This suit was filed on August 28, 2007, which is clearly more than one year after August 29, 2005.

However, Plaintiffs submit that this Motion should be denied because prescription on any such delictual claims alleged in the present suit were interrupted by the filing of the matter entitled *Colleen Berthelot, et al. v. Boh Bros. Construction Co., LLC,* Civil Action No. 05-4182. *See* Rec. Docs.1 and 7. In the suit that is the subject of this Motion, Plaintiffs specifically intended to file this suit in order to preclude these particular plaintiffs from being precluded from pursuing these claims under either the Admiralty Extension Act or the Federal Tort Claims Act, specifically pertaining to the claims against the United States Army Corps of Engineers. This suit was intended as a precautionary measure to avoid the prescription or statute of limitations on any such claims against the Army Corps of Engineers or any other party whom may be able to invoke protection under the Admiralty Extension Act or the Federal Tort Claims Act, which allegedly require an individual plaintiff to file such a suit by August 29, 2007. In the event that any such claims were deemed to fall outside the protection of the class action mechanism due to the Admiralty Extension Act or the Federal Tort Claims Act provisions, this suit was filed. Plaintiffs specifically stated in Paragraph 47 of the Complaint:

> "Plaintiffs aver that they desire to remain part of the class action lawsuit pending in the United States District Court, Eastern District of Louisiana concerning the levee breach litigation, entitled *Colleen Berthelot, et al. v. Boh Bros. Construction Co., LLC*, *et al.* Civil Action No. 05-4182 and that this lawsuit in no way should be considered opting out of said class action."
> *See* attached Exhibit A at p. 18, paragraph 47.

Plaintiffs further requested in their ultimate prayer for relief "that the Plaintiffs remain as part of that class of action which is believed to have been certified that is pending in the United

States District Court, Eastern District of Louisiana, in the matter of *Colleen Berthelot, et al. v. Boh Bros. Construction Co., LLC, et al.* Civil Action No. 05-4182." *See* attached Exhibit A at pp. 18-19.  Accordingly, Plaintiffs specifically stated that they wished to remain members of the class action suits that have been filed in this litigation, and their intention was simply to file this individual suit for those claims that require such individual claims to be made pursuant to either the Admiralty Extension Act or the Federal Tort Claims Act.

According to Article 596 of the Louisiana Code of Civil Procedure, "liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." La. Code Civ. Proc. art. 596.  Article 596 goes on to state that prescription will not begin to run again until: the individual opts out of the class by an election form; the individual is excluded from a class certification order and thirty days has expired after publication of notice to that person; or if class certification is denied in its entirety, after thirty days has passed from the mailing or publication of notice to the purported class as a whole.  *Id.*  To the knowledge of Plaintiffs in the present suit, none of those three instances has occurred.  Therefore, the claims of these Plaintiffs should be timely under the class action petitions that have been filed on their behalf.

Plaintiffs recognize that the Louisiana Fourth Circuit has indicated that the filing of an individual lawsuit is presumptive proof that an individual has opted out of a class action lawsuit. *Katz v. Allstate Ins. Co.,* 2004-1133 (La. App. 4th Cir. 2/2/05), 917 So.2d 443.  However, Plaintiffs submit that the specific language used by the Court in the *Katz* decision shows that this merely creates the presumption that the individuals intended to sue with their own suit rather

than as members of the class.  In a case such as the present one, where a separate lawsuit has been filed for precautionary reasons and those plaintiffs have specifically and explicitly expressed that they wish to remain a part of any class action suits that specifically refer to these claims, such a presumption fails.  In the present case, where the plaintiffs specifically stated that they intend to remain a part of the *Berthelot* class, plaintiffs request that this Court deem that such claims have been presented timely, and accordingly, are not prescribed.[1]

For these reasons, Plaintiffs specifically request that this Court deny the Motion to Dismiss filed on behalf of the Defendant, James Construction Group, LLC, based on expiration of the prescriptive period.

Respectfully Submitted,

/s/   Lloyd N. Frischhertz
**Lloyd Frischhertz (# 5749)**
Dominick F. Impastato, III (#29056)
Marc L. Frischhertz (#29194)
FRISCHHERTZ & ASSOCIATES
1130 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 523-1500
Facsimile:  (504) 581-1670

---

[1] Plaintiffs also intend to file a motion to stay these proceedings pending the resolution of the *Berthelot v. Boh Bros. Construction Co.* matter, Civil Action No. 05-4182, in an effort to allow all parties involved to conserve time, resources, and to reduce the burden on this Court.  Again, considering the intent of plaintiffs in this suit simply to preserve any rights to which they may be entitled, Plaintiffs are willing to allow the resolution of the *Berthelot* matter to be dispositive of the resolution in the present matter.

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail and/or facsimile to all counsel record.

      /s/   Lloyd N. Frischhertz
      Lloyd N. Frischhertz