RECEIVED

AUG 28 2007

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL ALBANO, JOHN F. ALBANO, APRIL C. ANTOINE, JOYCE M. ANTOINE, MURPHY ANTOINE, TERRANCE T. ANTOINE, PATRICIA F. ARNOLD, SANDRA BASS, ALBERT BELLIZAN, SHEILA BELLIZAN, DONALD BOIHEM, DONALD BOIHEM, JR., KATHLEEN BOIHEM, COLEEN BORDELON, KENNETH AND VELMA CAMPO, RUDY AND MARIE CERONE, TIMOTHY CLARK, AMPARO F. CRUZ, DONALD R. DUPLANTIER, ELLEN BRIDGET DUXWORTH, FAKJA, DARLENE FAIRLEY, KATHLEEN FRANKLIN, ADAM FRISCHHERTZ, AMANDA FRISCHHERTZ, ANDREA FRISCHHERTZ, BRAD N. FRISCHHERTZ, EMILY FRISCHHERTZ, ISABEL S. FRISCHHERTZ, KRISTIN R. FRISCHHERTZ, LAWRENCE A. FRISCHHERTZ, LLOYD N. FRISCHHERTZ, MARCELLE FRISCHHERTZ, MARC L. FRISCHHERTZ, MARGARET FRISCHHERTZ, ROY E. FRISCHHERTZ, III, ROY E. FRISCHHERTZ, JR., WILLIE J. GALMAN, PAT GILLIAN, JANIS GROETSCH, MELISSA GROETSCH, JASON GROETSCH, ROBERT GROS, FRANCESCO J. GUASTELLA, ROSARIA A. GRASTELLA, ROSARIO | CIVIL ACTION NO.: 07-4837<br><br>SECTION " "<br><br>MAGISTRATE: |

Plaintiffs' Exhibit

A

GUASTELLA, PAUL GUMPERT, SUSAN GUMPERT, KATHLEEN HAYWARD, ALAN HELD, MARIA HELD, ERIC HENDERSON, JOELLE HENDERSON, ANGELA HOANG, KHANH HOANG, LYNDA F. KELLER, JEFFREY KENNEY, LOIS LANDRUM, RONALD U. LANDRY, SHELLEY S. LANDRY, EDWARD M. LANG, ANGELA C. LANG, JUDITH LATAPIE, BLAINE LECESNE, KIM K. LEDDY, RICHARD LIND, LOIS LIVAUDAIS, BERTILE MACK, LOUIS MAHONEY, FREDA MATTOX, FRANCISCO MAYORQUIN, MARINA MAYORQUIN, EDWARD MCGRATH, JOSEPH MCGRATH, ROSE MCGRATH, TIM MCGRATH, SHAWN MCGRATH, MICHAEL B. MCGUIRE, ESTATE OF LUCILLE MELERINE, ROSE MENNESSES, ELIZABETH MYERS, NICHOLAS MEYERS, TERRY MEYERS, ALBERT MONTALBANO, JOE MONTALBANO, LINDA MONTALBANO, LISA W. MORRISON, GWENDOLYN MUNSCH, LAURIN MUNSCH, ALINE MURPHEY, JAN NIXON, VIRGIL NIXON, JOHN NOLL, NOLMAR CORPORATION, BESSIE PAPAZIS, EFFIE PAPAZIS, IRENE PAPAZIS, CHAD PHILLIPS, MELVIN PHILLIPS, TERRY PHILLIPS, ROY FRISCHHERTZ CONSTRUCTION, BOB SANDERSON, DALE SANDERSON, SCRAMOZZA, JOSEPH, ALPHONSE J. SHEA, JANET R. SHEA, GARY TREDWAY, LAURA TREADWAY, SHERLYN N. TURNER, DAN WAGNER, MARY A. WAGNER, RICHARD WARD, RECONDAL WESCO, STANLEY WESCOTT, DORIS C. WOLFE, VICTORIA A. WOLFE, WILLIAM B. WOLFE, AND NANCY F. ZUCCONI

VERSUS

THE BOARD OF COMMISSIONERS FOR THE ORLEANS PARISH LEVEE DISTRICT; THE UNITED STATES OF AMERICA; GULF GROUP INC. OF FLORIDA; PITTMAN CONSTRUCTION CO. OF LOUISIANA, PITTMAN CONSTRUCTION COMPANY, INC., BURK-KLEINPETER, INC., BURK-KLEINPETER, L.L.C., B&K CONSTRUCTION COMPANY, INC., MILLER EXCAVATING SERVICES, INC., JAMES CONSTRUCTION GROUP, INC., EUSTIS ENGINEERING CO., INC., MODJESKI AND MASTERS, INC., WASHINGTON GROUP INTERNATIONAL, INC., VIRGINIA WRECKING COMPANY, INC., BOH BROS. CONSTRUCTION CO., LLC, AND THE STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, come the following Plaintiffs, all of the age of majority and residents of either Jefferson, Orleans, or St. Bernard Parish, who file this Complaint and urge a cause of action against the following named Defendants.

## JURISDICTION

1.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act), 46 U.S.C. App. § 740 (Admiralty Extension Act),

and 28 U.S.C. § 1983, *et seq.* (Federal Civil Rights Act).

2.

The defendants each named herein do substantial business and engage in commerce both in this Federal Judicial District and in the State of Louisiana.

3.

Plaintiffs aver that they have suffered damages in excess of $75,000.

4.

This is a cause of action pursuant to a federal question jurisdiction. One defendant is an agency of the United States Government, another defendant is an agency of the State of Louisiana, and the other defendants were contractors of the federal government.

## VENUE

5.

The wrongful acts, fault, and negligence of the defendants occurred in the Eastern District of Louisiana.

## PLAINTIFFS

7.

The following Plaintiffs are:

- A. Gail Albano;
- B. John F. Albano;
- C. April C. Antoine;
- D. Joyce M. Antoine;
- E. Murphy Antoine;
- F. Terrance T. Antoine;
- G. Patricia F. Arnold;
- H. Sandra Bass;
- I. Albert Bellizan;
- J. Sheila Bellizan;

K.  Donald Boihem;
L.  Donald Boihem, Jr;
M.  Kathleen Boihem;
N.  Colleen Borderlon;
O.  Kenneth Campo;
P.  Velma Camp;
Q.  Timothy Clark;
R.  Marie Cerone;
S.  Rudy Cerone;
T.  Amparo F. Cruz;
U.  Donald R. Duplantier;
V.  Bridget Duxworth;
W.  Ellen Fakja;
X.  Darlene Fairley;
Y.  Kathleen Franklin;
Z.  Adam A. Frischhertz;
AA.  Amanda Frischhertz;
BB.  Andrea Frischhertz;
CC.  Brad N. Frischhertz;
DD.  Emily B. Frischhertz;
EE.  Isabel S. Frischhertz;
FF.  Kristen R. Frischhertz;
GG.  Lawrence Frischhertz;
HH.  Margaret Frischhertz;
II.  Lloyd N. Frischhertz, Jr.;
JJ.  Marc L. Frischhertz;
KK.  Marcelle Frischhertz;
LL.  Roy E. Frischhertz, Jr.;
MM.  Roy E Frischhertz, III;
NN.  Willie J. Galman;
OO.  Pat Gillian;
PP.  Janis Groetsch;
QQ.  Jason Groetsch;
RR.  Melissa Groetsch;
SS.  Robert Gross
TT.  Francesco J. Guastella;
UU.  Rosaria A. Guastella;
VV.  Rosario Guastella;
WW.  Paul Gumpert;
XX.  Susan Gumpert;
YY.  Kathleen Hayward;
ZZ.  Alan Held;
AAA.  Maria Held;
BBB.  Eric Henderson;

| | |
|---|---|
| CCC. | Joelle Henderson; |
| DDD. | Angela Hoang; |
| EEE. | Khanh Hoang; |
| FFF. | Lynda F. Keller; |
| GGG. | Jeffrey Kenney; |
| HHH. | Lois Landrum; |
| III. | Ronald U. Landry; |
| JJJ. | Shelley S. Landry; |
| KKK. | Edward M. Lang, |
| LLL. | Angela C. Lang; |
| MMM. | Judith Latapie; |
| NNN. | Blaine LeCesne; |
| OOO. | Kim K. Leddy; |
| PPP. | Richard Lind; |
| QQQ. | Lois Livaudais; |
| RRR. | Bertile Mack; |
| SSS. | Louis Mahoney; |
| TTT. | Freda Mattox; |
| UUU. | Francisco Mayorquin; |
| VVV. | Marina Mayorquin; |
| WWW. | Edward McGrath; |
| XXX. | Joseph McGrath; |
| YYY. | Rose McGrath; |
| ZZZ. | Shawn McGrath; |
| AAAA. | Michael B. McGuire; |
| BBBB. | The Estate of Lucille Melerine; |
| CCCC. | Rose Mennesses; |
| DDDD. | Elizabeth Meyers; |
| EEEE. | Nicholas Meyers; |
| FFFF. | Terry Meyers; |
| GGGG. | Albert Montalbano; |
| HHHH. | Joe Montalbano; |
| IIII. | Linda Montalbano; |
| JJJJ. | Lisa W. Morrison; |
| KKKK. | Gwendolyn Munsch; |
| LLLL. | Laurin Munsch; |
| MMMM. | Aline Murphey; |
| NNNN. | Jan Nixon; |
| OOOO. | Virgil Nixon; |
| PPPP. | John Noll; |
| QQQQ. | Nolmar Corpration; |
| RRRR. | Bessie Papazis; |
| SSSS. | Effie Papazis; |
| TTTT. | Irene Papazis |

| | |
|---|---|
| UUUU. | Chad Phillips; |
| VVVV. | Melvin Phillips; |
| WWWW. | Terry Phillips; |
| XXXX. | Roy Frischhertz Construction; |
| YYYY. | Bob Sanderson; |
| ZZZZ. | Dale Sanderson; |
| AAAAA. | Joseph Scramozza; |
| BBBBB. | Alphonse J. Shea; |
| CCCCC. | Janet R. Shea; |
| DDDDD. | Linda Stonger; |
| EEEEE. | Gary Treadway; |
| FFFFF. | Laura Treadway; |
| GGGGG. | Sherlyn Turner; |
| HHHHH. | Dan Wagner; |
| IIIII. | Richard Ward; |
| JJJJJ. | Recondal Wesco |
| KKKKK. | Stanley Westcott; |
| LLLLL. | Doris C. Wolfe; |
| MMMMM. | Victoria A. Wolfe; |
| NNNNN. | William B. Wolfe; and |
| OOOOO. | Nancy F. Zucconi |

## DEFENDANTS

8.

Made defendants herein are the following:

A.  **The Board of Commissioners for the Orleans Parish Levee District**, (hereinafter referred to as the "LEVEE BOARD"), is a political subdivision of the State of Louisiana, domiciled in the Parish of Orleans, State of Louisiana;

B.  **The United States of America by and through the US Army Corps of Engineers.** (hereinafter referred to as the "CORPS OF ENGINEERS"). The United States of America is a sovereign government that may be sued for civil liability in accordance with the Federal Tort Claims Act, the Admiralty Extension Act and the Federal Civil Rights Act. The US Army Corps of Engineers is a division of the United States Government under the direct jurisdiction under the Department of the Army;

C.  **Pittman Construction Company of Louisiana, Inc.**, (hereinafter referred to as "PITTMAN"), is a Louisiana Corporation with its principal place of business in New Orleans, Louisiana;

D. **Pittman Construction Company, Inc.**, (hereinafter referred to as "PITTMAN, INC.") is a Louisiana Corporation with its principal place of business in New Orleans, Louisiana;

E. **EUSTIS Engineering Company, Inc.**, (hereinafter referred to as "EUSTIS"), is a Louisiana Corporation with its principal place of business in Metairie, Louisiana;

F. **Modjeski and Masters, Inc.**, (hereinafter referred to as "MODJESKI"), is a foreign corporation with its principal place of business in Mechanicsburg, Pennsylvania;

G. **Gulf Group, Inc. of Florida**, (hereinafter referred to as "GULF GROUP"), is a foreign corporation with its principal place of business in this State of Florida;

H. **Washington Group International, Inc.**, (hereinafter referred to as "WASHINGTON"), is a foreign corporation, a/k/a Morrison Knudsen Corporation, a/k/a MK-Ferguson Company, H.K. Ferguson Company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

I. **Virginia Wrecking Company, Inc.**,(hereinafter referred to as "VIRGINIA WRECKING"), is a foreign corporation, authorized to do and doing business in the State of Louisiana, Parish of Orleans, domiciled in the State of Alabama, but with Jefferson Parish, Louisiana as its principal place of business;

J. **Burk-Kleinpeter, Inc.**, (hereinafter referred to as "BURKE"), is a Louisiana corporation with its domicile in the Parish of Orleans, State of Louisiana;

K. **Burk-Kleinpeter, LLC**, (hereinafter referred to as "BURKE LLC") is a Louisiana Limited Liability Company domiciled in the Parish of Orleans, State of Louisiana;

L. **B&K Construction Co., Inc.**, (hereinafter referred to as "B&K"), is a Louisiana corporation, domiciled in the Parish of St. Tammany, but doing business in the Parish of Orleans, State of Louisiana;

M. **Miller Excavating Services, Inc.**, (hereinafter referred to as "MILLER"), is a Louisiana Corporation, domiciled in the Parish of St. Charles, but doing business within the Parish of Orleans, State of Louisiana;

N. **James Construction Group, LLC**, (hereinafter referred to as "JAMES"), is a foreign Limited Liability Company, domiciled in the State of Florida, but doing business in the Parish of Orleans, State of Louisiana;

O. **Boh Bros. Construction Company, LLC**, (hereinafter referred to as "BOH

BROS"), is a Louisiana Limited Liability Company with its principal place of business in New Orleans, Louisiana.

P. **State of Louisiana, Department of Transportation and Development,** (hereinafter referred to as "DOTD"), by and through the Louisiana Division of Administration, is a political subdivision of the State of Louisiana.

## FACTS

9.

On August 29, 2005, Hurricane Katrina made landfall in Southeastern Louisiana causing widespread destruction to the City of New Orleans and the surrounding parishes.

10.

Some time after the Hurricane passed through the New Orleans area, levees and flood walls protecting the City of New Orleans and surrounding parishes failed. Tidal surge and/or flood waters topped the levee and flood walls of the Seventeenth Street Canal, London Avenue Canal, and Industrial Canal because the levees failed due to the fault and negligence of the Defendants. Flood waters poured into the City of New Orleans and surrounding areas causing loss of life, personal injury, and substantial property damage.

11.

The levees of the Seventeenth Street Canal, London Avenue Canal, and Industrial Canal were built and constructed pursuant to the design specifications of the Corps of Engineers. The levees and flood walls were built both as earthen levees and some with steel sheet pilings driven into the ground with a concrete cap. Before the construction of the levees and flood walls, soil borings were or should have been taken to determine the integrity and strength of the soil and its ability to withstand the force of flood waters. Plaintiffs aver studies were conducted for the purposes of designing and constructing levees and flood walls which would provide sufficient protection from

the force of a Category 3 hurricane.

## SEVENTEENTH STREET CANAL

12.

Plaintiffs aver Defendant, Eustis, took soil borings along the Seventeenth Street Canal levee around 1981.

13.

Plaintiffs aver the soil borings revealed alternating layers of soft clay and soft, black humus or peat, a soft, spongy soil comprised of the cane trees and other organic material, from 15 to 20 feet below sea level. This substantially reduced the strength of the soil in resisting lateral pressure and its ability to support.

14.

Despite the layer of soft, spongy material, the Seventeenth Canal levee was constructed with steel sheet pilings driven only to the depth of 17 feet below sea level, right in the middle of the layers of weak, unstable soil.

15.

The soil adjacent to the Seventeenth Street Canal levee subsided significantly after the construction of the levee and flood wall, significantly reducing the support to the levee and flood wall.

16.

Plaintiffs aver the soil studies performed in connection with the construction of the Seventeenth Street Canal levee were not conducted with reasonable care and diligence and failed to account for weakening from land subsidence or for the soft soil at the base of the levee or for

flood waters pushing through subterranean levels under the levee and flood wall. Additionally, the soil studies failed to warn of the dangers in connection with pressure of flood waters applied to the soil beneath the Seventeenth Street Canal levee.

17.

Defendant, Modjeski, was hired to design the Seventeenth Street Canal levee.

18.

Plaintiffs aver Defendant, Modjeski, failed to exercise the appropriate degree of professional care and diligence that is reasonably expected of an engineering firm designing a levee for the protection of life and billions of dollars in property. The design work performed by Defendant Modjeski failed to account for the possible weakening of the soil in connection with the subsidence of land, the soft soils at the base of the levee, and the soil being weakened as the flood waters pushed through subterranean levels under the levee and flood walls.

19.

Plaintiffs aver that Defendant, Pittman, individually and through the Gulf Group, built, constructed, and performed extensive work on the Seventeenth Street Canal levee, including demolition, dredging, pile driving, and construction of the levee.

20.

Plaintiffs aver that Defendants, Pittman and Gulf Group, were negligent in constructing the Seventeenth Street Canal, in failing to exercise reasonable care in accounting for the dangers associated with soil conditions, and in failing to ensure that construction was adequate to withstand the lateral pressure applied by flood waters associated with storms and hurricanes. The contract between Defendant, Pittman and defendant, Corps of Engineers, advised bidders that physical data

was available, but Defendant, Pittman, never requested or considered the data in its construction approach. Pittman was negligent in proceeding with the construction project without considering such information.

21.

Plaintiffs aver that Defendant, Boh Brothers, installed sheet piling and later dredged the Seventeenth Street Canal. This exposed layers of unstable soil to increase pressures from flood waters. Defendant, Boh Brothers, was negligent in dredging without conducting adequate investigation into the consequences.

### LONDON AVENUE CANAL

22.

Plaintiffs aver that Defendant, Miller, constructed the Leon C. Simon Boulevard Bridge over the London Avenue Canal.

23.

Plaintiffs aver that Defendant, Miller, was negligent in the construction of the bridge and the use of heavy equipment which contributed to the breach of the levee and flood wall.

24.

Plaintiffs aver that Defendants, Burke and Burke, LLC, performed engineering work for the construction of the London Avenue Canal levee and flood wall.

25.

Plaintiffs aver that the levees and flood walls were negligently design and the defective design contributed to the failure of the levee and flood wall.

26.

Plaintiffs aver that Defendants, B&K, Burke, and Burke, LLC, were the contractors that constructed the London Avenue levee and flood wall. Plaintiffs further aver that said Defendants were negligent in the construction and placement of the sheet pilings and concrete top slab and that their negligence contributed to the failure to the levee and flood wall.

27.

Plaintiffs aver that Defendant, Pittman and/or Defendant, Pittman, Inc., constructed the Gentilly Boulevard Bridge over the London Avenue Canal. Plaintiffs further aver that said defendants were negligent in the construction of the bridge and the use of heavy equipment which contributed to the failure of the levee and flood wall.

28.

Plaintiffs aver that Defendant, Miller, contracted to construct the Leon C. Simon Boulevard Bridge over the London Avenue Canal. Plaintiffs further aver that said defendant's negligence in construction of the bridge and the use of heavy equipment contributed to the failure of the levee and flood wall.

29.

Plaintiff avers that Defendant, James, contracted to flood-proof the Filmore Avenue bridge and the Mirabeau bridge over the London Avenue Canal. Defendant, James, demolished and replaced the bridges which were included construction of some parts of the flood wall. Plaintiffs further aver that said defendant was negligent in the demolition and the construction of the bridge and in the use of heavy equipment. Plaintiffs further aver that this negligence contributed to the failure of the levee and flood wall.

## INDUSTRIAL CANAL CLAIMS

30.

On September 11, 2004, New Orleans Public Belt Railroad train derailment caused a large gap in flood gate W-30, which is part of the flood wall system of the Industrial Canal.

31.

Plaintiffs aver that the negligence of Defendant, Levee Board, in failing to maintain the above mentioned flood gate and in failing to maintain the levees and flood walls under their control was a direct, proximate, legal, and cause in fact of the loss of life, property, physical suffering, mental anguish, emotional distress, inconvenience, loss of income, loss of profit, loss of business, and loss of property value sustained by the Plaintiffs.

32.

Plaintiffs aver that Defendant, Washington, contracted to level and clear abandoned industrial sites along the Industrial Canal. Plaintiffs further aver that heavy equipment used by the Defendant, Washington, contributed to the failure of the levee and flood wall.

33.

Plaintiffs aver that Defendant, Virginia, contracted for the demolition, removal, and disposal of the Galvez Street Wharf and adjacent building and for the removal and debris and barges along the Industrial Canal. Plaintiffs further aver said Defendant's negligence in the use of heavy equipment contributed to the failure of the levee and flood wall.

34.

Plaintiffs aver that Defendant, Boh Brothers, contracted to install casings and piles along the Industrial Canal in 1999 and 2000. Plaintiffs further aver that said Defendant's negligence in the use of heavy equipment damaged the levees and flood walls and contributed to their failure.

## NEGLIGENCE OF THE ORLEANS LEVEE BOARD

35.

The negligence of the Levee Board contributed to the levee and flood wall failures. Defendant, Orleans, failed to perform their obligations to properly inspect, repair, and maintain levees and flood walls of the Seventeenth Street Canal, London Avenue Canal, and Industrial Canal.

36.

Plaintiffs aver that Defendant, Levee Board, failed to adequately inspect the levees and flood walls for:

a. Seepage and saturation;

b. Settlement, flood wall stability;

c. Tree roots and other underwater factors which may cause seepage;

d. Cracking and breaking of concrete flood walls;

e. Encroachments on the right-of-way;

f. Levee and bank dereliction on the water side;

g. Condition of TOE training systems and pressure relief wells from being clogged;

37.

Plaintiffs aver that Defendant, Levee Board, failed to make the necessary periodic inspections and inspections prior to flood and hurricane season or after high water periods.

38.

Plaintiffs aver that Defendant, Levee Board, failed to take measures to make necessary repairs or eliminate encroachment.

39.

Plaintiffs aver that Defendant, Levee Board, failed to maintain proper patrol and inspection which should have disclosed leakage or seepage under the levee and flood wall.

Defendant, Levee Board, failed to identify and remove prohibited boats moored against the levees and flood walls.

40.

Plaintiffs aver that Defendant, Levee Board, was obligated to but failed to properly maintain the levees and flood walls, failed to make necessary repairs, and failed to warn of the defective conditions of the levees and flood walls. Plaintiffs further aver that Defendant, Levee Board, failed to create the proper growth of sod on the levees, failed to exterminate burrowing animals, failed to remove drift deposits, and failed to repair areas damaged by erosion.

## OBLIGATIONS OF THE DOTD

41.

Plaintiffs aver that Defendant, DOTD, had the obligation of maintenance and surveillance of the levees. Plaintiffs maintain that the DOTD negligently and intentionally breached its obligation.

## CORPS OF ENGINEERS

42.

The Flood Control Act of 1965 passed by Congress mandated hurricane protection for the areas of Lake Pontchartrain including Orleans and Jefferson Parish. The Corps of Engineers was authorized and directed to design and construct hurricane protection sufficient to protect from a fast moving Category 3 hurricane. Plaintiffs aver that soil studies, reports from consultants and analysis by engineers employed by the Corps of Engineers showed sheet pile at least 30 feet deep was

necessary to support the flood walls to withstand pressure from hurricane flooding. Plaintiffs further aver that Defendant, Corps of Engineers, disregarded the studies and reports and approved and implemented designs for the flood walls with only a 17 depth. Plaintiffs further aver that Defendant, Corps of Engineers, was negligent and at fault in approving design and construction of the flood walls which were inadequate to protect from flooding associated with a fast moving Category 3 hurricane. With disregard for the safety of the residents of Orleans and Jefferson Parish and of their property, Defendant, Corps of Engineers, recklessly informed Plaintiffs that the levees and flood walls were sufficient, when in fact they knew or should have known of the inadequacies. Plaintiffs further aver that Defendant, Corps of Engineers', failure to warn Plaintiffs exposed them and their property to the dangers of flooding. Plaintiffs further aver that Defendant, Corps of Engineers', actions failed to alert them of the need for adequate insurance and adequate flood insurance.

43.

Plaintiffs aver that Defendant, Corps of Engineers, is liable for damages sustained by Plaintiffs.

## DAMAGES

44.

Plaintiffs aver that the negligence, fault, and deviation from the proper standard of care of the Defendants were the cause, proximate cause, legal cause, direct cause, and cause in fact of Plaintiffs' damages.

45.

Plaintiffs aver that they sustained physical pain and suffering, mental pain and anguish, emotional distress, inconvenience, loss of income, loss of profit, loss of life, and loss of property, loss of property not adequately covered by insurance.

46.

Plaintiffs are entitled to and pray for a trial by jury on all issues.

47.

Plaintiffs aver that they desire to remain part of the class action lawsuit pending in the United States District Court, Eastern District of Louisiana concerning the levee breach litigation, entitled *Colleen Berthelot, et al. v. Boh Brothers Construction Co., LLC, et al.*, Civil Action No. 05-4182 and that this lawsuit in no way should be considered opting out of said class action.

**WHEREFORE**, Plaintiffs, pray (1) that the Defendants be served with a copy of this Complaint to appear and answer same; (2) that there be a trial by jury on all issues; (3) that after due proceedings had, there be judgment rendered in favor of Plaintiffs and against Defendants, the Board of Commissioners for the Orleans Parish Levee District, the United States of America, US Army Corps of Engineers, Gulf Group, Inc. of Florida, Pittman Construction Company of Louisiana, Inc., Pittman Construction Company, Inc., Burk-Kleinpeter, Inc., Burk-Kleinpeter, LLC, B&K Construciton Company, Inc., Miller Excavating Services, Inc., James Construction Group, Inc., EUSTIS Engineering Company, Inc., Modjeski and Masters, Inc., Washington Group International, Inc., Virginia Wrecking Company, Inc., Boh Bros Construction Company, LLC, and the State of Louisiana, Department of Transportation and Development, by and through the Division of Administration in an amount adequate to compensate Plaintiffs for their damages; (4) that the Defendants are liable to Plaintiffs for their damages resulting from the failure and breaches of the levees and flood walls of the Seventeenth Street Canal, London Avenue Canal, and Industrial Canal following the landfall of Hurricane Katrina on August 29, 2005; (5) that judgment be rendered with legal interest on all damages from date of judicial demand until paid and for pre-judgment interest; (6) that the Defendants be cast for all costs of these proceedings; and (7) that the Plaintiffs remain

as part of that class of action which is believed to have been certified that is pending in the United States District Court, Eastern District of Louisiana in the matter of *Colleen Berthelot, et al. v. Boh Brothers Construction Co., LLC, et al.*, Civil Action No. 05-4182.

Respectfully Submitted,

_____
Lloyd Frischhertz (# 5749)
Dominick F. Impastato, III (#29056)
Marc L. Frischhertz (#29194)
FRISCHHERTZ & ASSOCIATES
1130 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 523-1500
Facsimile: (504) 581-1670