UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHON B. ANDRY and** | * | CIVIL ACTION |
| **CAROLYN J. ANDRY** | | |
| | * | |
| **Plaintiffs,** | | |
| | * | NUMBER: 07-4533 |
| v. | | |
| | * | |
| **FEDERAL EMERGENCY** | | |
| **MANAGEMENT AGENCY and** | * | SECTION: "K"(2) |
| **PRECISE ADJUSTMENTS, INC.** | | |
| | * | |
| **Defendants.** | | |
| * * * | | |

## FEMA'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes defendant, the Federal Emergency Management Agency ("FEMA"), and respectfully submits its answer and affirmative defenses to plaintiffs', Jonathon B. Andry and Carolyn J. Andry, complaint for damages. Rec. Doc. 1.

## ANSWER

1.

The allegations contained in paragraph I of Plaintiffs' complaint are admitted.

1

2.

The allegations contained in paragraph II of Plaintiffs' complaint contain conclusions of law to which no answer is required.  In an abundance of caution, the allegations contained in paragraph II of Plaintiffs' complaint are denied.

3.

The allegations contained in paragraph III of Plaintiffs' complaint contain conclusions of law to which no answer is required.  In an abundance of caution, the allegations contained in paragraph 1 of Plaintiffs' complaint are denied.

4.

The allegations contained in paragraph IV of Plaintiffs' complaint are denied.

5.

The allegations contained in paragraph V of Plaintiffs' complaint are denied, except to admit that Hurricane Katrina did pass through New Orleans, Louisiana, on or about August 29, 2005.

6.

The allegations contained in paragraph VI of Plaintiffs' complaint are denied for lack of knowledge sufficient to justify a belief therein.

7.

The allegations contained in paragraph VII of Plaintiffs' complaint are denied for lack of knowledge sufficient to justify a belief therein.

8.

The allegations contained in paragraph VIII of Plaintiffs' complaint are denied.

9.

The allegations contained in paragraph IX of Plaintiffs' complaint are denied, except to admit that Plaintiff's contents claim has been resolved.

10.

The allegations contained in paragraph X of Plaintiffs' complaint are denied, except to admit that FEMA has tendered payment of $17,921.50 for claim.

11.

The allegations contained in paragraph XI of Plaintiffs' complaint are denied, except to admit that FEMA tendered an additional amount of $40,513.30 for claim.

12.

The allegations contained in paragraph XII of Plaintiffs' complaint are denied.

13.

The allegations contained in paragraph XII of Plaintiffs' complaint are denied.

14.

The allegations contained in paragraph XIV of Plaintiffs' complaint are denied.

15.

The allegations contained in paragraph XV of Plaintiffs' complaint are denied.

16.

The allegations contained in paragraph XVI of Plaintiffs' complaint are denied.

17.

The allegations contained in paragraph XVII of Plaintiffs' complaint are denied.

18.

The allegations contained in paragraph XVIII of Plaintiffs' complaint are denied.

The allegations contained in Plaintiffs' prayer for relief are denied.

The allegations in Plaintiffs' jury demand are denied, as there is no right to a jury trial on claims arising out of a SFIP issued under the National Flood Insurance Act.

## AFFIRMATIVE DEFENSES

1.

This Court lacks subject-matter jurisdiction over Plaintiffs' claims.

2.

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

3.

Plaintiff did not comply with the terms and conditions of his Standard Flood Insurance Policy ("SFIP"), found at 44 C.F.R. Part 61, Appx. A(1), a precondition to filing a lawsuit.

4.

Plaintiff failed to comply with the limited waiver of sovereign immunity provided by the National Flood Insurance Act. 42 U.S.C. § 4001 *et seq.*; 44 C.F.R. Part 61, Appx. A(1).

5.

Plaintiff failed to provide FEMA with a timely proof of loss for his claims under the terms of his SFIP, as modified by David Maurstad, the Federal Insurance Administrator. 44 C.F.R. Part 61, Appx. A(1).

6.

This Court lacks subject-matter jurisdiction over Plaintiffs' claims because the Director of FEMA did not issue a notice of disallowance of Plaintiffs' claim under 42 U.S.C. § 4072.

7.

Some or all of Plaintiffs' claimed damages are not direct physical loss by or from flood waters and are, therefore, barred. 44 C.F.R. Part 61, Appx. A(1).

8.

Costs, interest, penalties, and attorney's fees are not recoverable under the National Flood Insurance Act.

9.

There is no right to a jury trial on claims arising out of a SFIP issued under the National Flood Insurance Act.

10.

Some or all of Plaintiffs' claims are barred by one or more of the SFIP exclusions set forth in 44 C.F.R. Part 61, Appx. A(1).

11.

Plaintiff failed to mitigate his damages.

12.

If Plaintiffs' SFIP claims dispute reaches a point where it is established that there is: (1) full and complete compliance with all conditions precedent to the making of a claim; and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then FEMA asserts in that instance the appraisal clause of the SFIP.  44 C.F.R. Part. 61, Appx. A(1), Art. VII(P).

13.

NFIP asserts the right to a credit for any claims payments that have already been made and which may be paid during the pendency of this action, but prior to final judgment.

**WHEREFORE,** Federal Emergency Management Agency prays that its answer and affirmative defenses be deemed good and sufficient, and that after due proceedings are had, that there be judgment in its favor and against plaintiff, dismissing this action in its entirety at plaintiff's cost and prejudice, and for any other relief the Court deems proper.

    Respectfully submitted,

    JIM LETTEN
    UNITED STATES ATTORNEY

    *s/Brock D. Dupre*
    BROCK D. DUPRE (#28563)
    Assistant United States Attorney
    Hale Boggs Federal Building
    500 Poydras St., Room 210B
    New Orleans, LA 70130
    Phone: (504) 680-3005
    Fax: (504) 680-3186

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, facsimile, or mailing the same by first class United States mail, postage prepaid on this 16th day of January, 2008.

    *s/Brock D. Dupre*