UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** <br> **CONSOLIDATED LITIGATION** | **CIVIL ACTION** <br><br> **NO. 05-4182** |
| **PERTAINS TO:** <br> **C.A. Nos. 05-4181,06-1885, 06-4024, 06-4389** <br> **06-5771, 06-5786, 06-6099, 07-0206, 07-3500,** <br> **07-3612,07-3612, 07-5023, 07, 5040** | **SECTION "K"(2)** |

## ORDER AND REASONS

Before the Court is an Affidavit of Personal Bias and Prejudice of Judge in Matters Involving Ashton R. O'Dwyer, Jr. Filed Pursuant to 28 U.S.C. § 144 and/or 28 U.S.C. § 455 and Incorporated Certificate of Good Faith (Doc. 10431). This affidavit was filed at 4:55 p.m. on January 15, 2008 without any notification other than electronic filing to inform the Court of its existence where a hearing was scheduled to commence on January 16, 2008, on three separate motions, Motion for Sanctions filed by Washington Group International, Inc. ("WGII") (Doc. 9427), a Motion for Sanctions filed by Mr. O'Dwyer (Doc. 9464), and Motion to Strike Motion for Sanctions (Doc. 9637) filed by WGII. Counsel for WGII had no prior notification other than electronic filing even though Mr. O'Dwyer was aware of these hearings and the effect the filing of such a motion may have thereon. As a result, one of the attorneys who had been the target of Mr. O'Dwyer's allegations had flown in from Washington, D.C. for the hearing scheduled to commence yesterday at 9:30 a.m. At the opening of Court, yesterday morning, Mr. O'Dwyer brought the existence of this affidavit to the Court's attention. As a result thereof, the Court determined after hearing argument on the affidavit, that it would suspend the hearing on the sanction motions pending a determination of the action it would take with respect to the

affidavit.  Having reviewed in detail the affidavit and having reviewed the relevant statutes and cases, the Court rules as follows.

>Section 144 provides:
>
>Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
>The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

>Section 455 in relevant part provides:
>
>(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>(b) He shall also disqualify himself in the following circumstances:
>
>>(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a) and (b)(1).

>Section 3551 of *Federal Practice and Procedure* states:
>
>As was seen earlier, there are two statutory provisions intended to ensure litigants a trial before an unbiased judge.  Section 455(b)(1) of the Judicial Code directs a judge to disqualify himself if he has a personal bias or prejudice concerning a party. That statute is directed at all justices, judges, and magistrates of the United States.  It is a direction to the judge, who is required to disqualify himself on his own motion if he has such a personal bias or prejudice.

> The other statute, § 144, applies only to district judges. It provides a means by which a litigant can file an affidavit of prejudice and requires disqualification of a judge if the affidavit is sufficient. . . .
>
> On its face the statute might seem to contemplate automatic disqualification. It has not been read this way. It is settled that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does disqualification become mandatory.
>
> It has been the common understanding that it is for the judge who is the object of the affidavit to pass on its sufficiency.

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3551. From the above, it is clear that it is this Court's duty to determine the timeliness and sufficiency of the affidavit.

The Court finds that clearly that the affidavit is not timely with respect to any matters involving Mr. O'Dwyer including the above-mentioned sanction motions set for hearing yesterday, the Intervening Plaintiffs' Objections to and Motions(s) to Review Magistrate's order on Motions (Doc. 9753) and Motion for Disqualification and Other Relief (Doc. 10331). The two essential complaints lodged in the affidavit relates (1) to the Court's friendship with one of the members of the Plaintiffs' Liaison Committee in the *In re Katrina Canal Breaches Litigation*, C.A. No. 05-4182, Mr. Calvin Fayard and (2) to various alleged acts of personal animosity and bias committed by the Court as to Mr. O'Dwyer.

The Court disclosed the friendship with Mr. Fayard at the outset of the *Katrina* umbrella on March 24, 2006, in open court when Mr. O'Dwyer was present . Mr. O'Dwyer stated in open court on Janaruy16, 2008, that he did not have any problem with that relationship until August 29, 2007, when Mr. Fayard appeared as one of the attorneys representing the State of Louisiana

in the "Road Home" litigation filed on that date. A tremendous amount of time, expense and judicial resources have been expended by this Court since August 29, 2007. Therefore, the motion is substantially untimely. Additionally, at the very start of this litigation, a full-blown recusal motion was brought by other litigants seeking the Court's recusal based essentially on personal bias having been a citizen of New Orleans under § 455 which motion this Court denied, which ruling was affirmed by the United States Court of Appeals for the Fifth Cirucit, and which writs were refused by the United States Supreme Court.

As to the alleged personal bias, the allegations contained in the affidavit do not specify any action by the Court in the recent past that would evidence bias or prejudice except for rulings by the Court to which Mr. O'Dwyer takes exception. It should be noted that he has appealed several of these rulings. Therefore, the allegations are untimely.

The Court additionally finds that the affidavit is not sufficient to call into question the Court's personal bias or prejudice either against Mr. O'Dwyer or in favor of any adverse party. In general, the allegations contain hearsay, complaints about adverse rulings, and objections to the Court's body language. Mr. O'Dwyer seems to take exception to the fact that the Court has dismissed the State of Louisiana on the basis of the 11th Amendment all of which occurred prior to Mr. Fayard's appearance on behalf of the State of Louisiana. In essence, the affidavit at best could be characterized as brought by a party who is dissatisfied with the Court's decisions.

This Court early on articulated its duty to adjudicate this vast and complex litigation. The protestations of one lawyer of the hundreds that are involved in this litigation will not cause this Court to abandon that duty–to render even-handed justice to all of the litigants in as timely a fashion as is reasonably possible to achieve.

New Orleans, Louisiana, this 17th day of January, 2008.

                                    **STANWOOD R. DUVAL, JR.**
                           **UNITED STATES DISTRICT COURT JUDGE**