UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES                    CIVIL ACTION
       CONSOLIDATED LITIGATION
                                                  NO. 05-4182

                                                  SECTION "K"

THIS DOCUMENT RELATES TO:                         MAG "2"
ALL LEVEE
07-4551, 07-4552, 07-4553, 07-4554, 07-4556, 07-4557, 07-4558, 07-4559,
07-4560, 07-4561, 07-4563, 07-4948, 07-4949, 07-4950, 07-4951, 07-4952,
07-4953, 07-4954, 07-4955, 07-4956, 07-4957, 07-4958, 07-4959, 07-4960,
07-4961, 07-4962, 07-4963, 07-4964, 07-4966, 07-4967, 07-4968, 07-4970,
07-4971, 07-4972, 07-4973, 07-4974, 07-4975, 07-4976, 07-4977, 07-4978,
07-4979, 07-4980, 07-4981, 07-4982, 07-4983, 07-4984, 07-4985, 07-4986,
07-4987, 07-4988, 07-4989, 07-4990, 07-4991, 07-4992, 07-4993, 07-4994,
07-4995, 07-4996, 07-4997, 07-4998, 07-4999, 07-5000, 07-5001, 07-5002,
07-5003, 07-5004, 07-5005, 07-5006, 07-5008, 07-5009, 07-5010, 07-5012,
07-5014, 07-5015, 07-5016, 07-5017, 07-5018, 07-5019, 07-5148, 07-5150,
07-5155, 07-5193, 07-5254, 07-5286, 07-5314, 07-5315, 07-5316, 07-5317,
07-5318, 07-5319, 07-5320, 07-5321, 07-5322, 07-5323, 07-5324, 07-5325,
07-5326, 07-5328, 07-5329, 07-5330, 07-5331, 07-5332, 07-5333, 07-5334,
07-5335, 07-5336, 07-5337, 07-5338, 07-5339, 07-5340, 07-5341, 07-5342,
07-5345, 07-5346, 07-5347, 07-5348, 07-5349, 07-5350, 07-5351, 07-5352,
07-5353, 07-5354, 07-5355, 07-5356, 07-5357, 07-5358, 07-5359, 07-5360,
07-5361, 07-5362, 07-5363, 07-5364, 07-5365, 07-5367, 07-5368, 07-5369,
07-5370, 07-5371, 07-5372, 07-5373, 07-5374, 07-5375, 07-5376, 07-5377,
07-5378, 07-5494, 07-5495, 07-5496

**OMEGA HOSPITAL, L.L.C.'s OPPOSITION TO SEWERAGE AND
WATER BOARD OF NEW ORLEANS' 12(b)(6) MOTION TO DISMISS**

**May It Please The Court:**

Plaintiff, Omega Hospital, L.L.C. (hereinafter "Omega" or "Plaintiff"), Docket Nos. 07-4971 and 07-5315 in the above-captioned case, through undersigned counsel, submits the following Opposition to the Rule 12(b)(6) Motion to Dismiss filed by the Sewerage and Water Board of New Orleans (the "SWB").

**I.      Summary of Argument**

Omega contends that the cases filed on its behalf on August 29, 2007 and September 4, 2007 were timely, as the prescriptive period on all claims had been tolled by the filing of the class action on June 13, 2006.  The controlling United States Supreme Court decisions of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983) dictate that the statute of limitations, once tolled, is tolled for all members of the putative class.  While there is no U.S. Fifth Circuit decision to give this Court guidance, the case law supports tolling of the statute of limitations for members of the putative class who file individual petitions prior to class certification being determined.  Finally, and importantly, filing of Omega's individual claims is warranted by this Court's urging following its decision in the August 24, 2007 Order and Reasons on the Motion for Appointment of Special Master and Motion to Appoint Curator.  For the above reasons, and as will be discussed below, Omega's suit was timely filed and SWB's Rule 12(b)(6) Motion to Dismiss must fail.

**II.     Procedural History**

Hurricane Katrina hit southern Louisiana on August 29, 2005.  On June 13, 2006, a class action was filed naming the SWB, amongst others, as defendants in a suit for damages stemming

from the construction, maintenance and failure of the Orleans Avenue, 17th Street and London Avenue Canals.  *See,* Second Amended Class Action Complaint in *Berthelot, et al. v. Boh Brothers Construction Co., L.L.C., et al.*, Document No. 556.  The plaintiffs contemplated in the proposed class included all persons who sustained damages as a result of the failure of the levees and flood walls in New Orleans, Louisiana.  As of this filing, the prescriptive period to file against the SWB was tolled for all putative members of the class.  On August 24, 2007, this Court issued its Order and Reasons on the Motion to Appoint a Special Master and Motion to Appoint Curator.  In the order this Court stated:

> By this order, all claimants who have not filed suit are put on notice that the validity of this order may well be challenged, and it is in their best interest to immediately seek counsel and file their respective claims if they wish to pursue them.

As a result of this Court's urging, Omega filed its individual suits on August 29, 2007 and September 4, 2007 at Civil Action No. 07-4971 and 07-5315, respectively.

In its Rule 12(b)(6) Motion to Dismiss, the SWB claims that the tort based claims against it are prescribed under the one year prescriptive period for delictual actions in Louisiana.  However, the initial class action filed on June 13, 2007 tolled the statutes of limitation and prescriptive periods for all purported class members, even those who file individual suits before the ruling on certification.  *See, American Pipe* and *Crown,* supra.

**III.**   ***American Pipe* and *Crown* are the Controlling Law in Questions of Tolling**

The Supreme Court cases of *American Pipe* and *Crown* are the controlling law on the issue of whether the a class action filing tolls the statute of limitations for all purported members of that class.  While the SWB attempts to argue several more recent district court and circuit court rulings discussing the concept of "equitable tolling", *American Pipe* and *Crown* remain the controlling

jurisprudence. Further, *American Pipe* and *Crown*, as in the case before this Court, deal with the notion of "legal tolling" which operates as a matter of law.

In *American Pipe*, the Supreme Court held:

> [T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue.

414 U.S. at 554.

The Supreme Court in *American Pipe* also ruled that an individual plaintiff had no duty or obligation to decide whether to file an individual suit until the existence and limits of the class had been established. *Id.* at 554. Importantly, the *American Pipe* Court found that the tolling of the statute of limitations was in no way inconsistent with the operation of a statute of limitations. The Supreme Court held that the true purpose of a statute of limitations was to protect a defendant against those who had "slept on their rights"as well as put them on notice of potential claims. *Id.* However, the Supreme Court found that this was different when class actions were filed and held:

> [W]hen...a named plaintiff who is found to be representative of a class commences suit and thereby notifies the defendants not only of the substantive claims brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.

*Id.* at 554-5.

The *American Pipe* ruling was discussed and expanded by the Supreme Court in *Crown* to cover all putative class members filing individual suits. The *Crown* Court examined the issue of a putative class member filing an individual suit. It held:

> While *American Pipe* [citations omitted] concerned only intervenors in a class action, the holding of that case - that the filing of a class action tolls the running of the applicable statutes of limitations for all asserted members of the class - is to be read as not being limited to intervenors but as extending to class members filing separate actions.

462 U.S. at 345.

The *Crown* Court found that the filing of a class action "tolls the statute of limitations as to all asserted members of the class...not just as to intervenors." *Id.* at 350.  Finally, there is no distinction made between filing of individual suits before or after the decision on class certification.

Pursuant to the United States Supreme Court decisions in *American Pipe* and *Crown*, the prescriptive period was tolled as to all putative members of the class action and SWB was put on notice of the numerosity of potential plaintiffs and their claims when the action was filed on June 13, 2006.  As such there can be no argument that Omega, despite its filing of individual suits on August 29, 2007 and September 4, 2007, was not protected by the tolling of the prescriptive period in its claims against the SWB.

**IV.     The Persuasive Law Supports the *American Pipe* and *Crown* Decisions**

The SWB cites to a number of district court cases, as well as several circuit court decisions to support its argument that equitable tolling and a temporal gap prevent Omega from receiving tolling protection because it filed individual suits prior to the class certification decision.  However, SWB's arguments are inaccurate on both accounts.  The U.S. Tenth Circuit Court of Appeals, in *Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000), addressed the issue of a proposed class member filing a separate individual suit prior to class certification.  The *Joseph* court upheld and relied upon the Supreme Court decisions in *American Pipe* and *Crown*, and held:

> Tolling the limitations period while class certification is pending does not compromise the purpose of statutes of limitations and repose.  Statutes of limitation are intended to protect defendants from being unfairly surprised by the appearance of stale claims, and to prevent plaintiffs from sleeping on their rights...These ends are met when a class action is commenced.

223 F.3d at 1167-68.

The *Joseph* court also discussed the issue of tolling and the filing of individual suits prior to a class certification decision. It held:

> We noted...**that the notice and opt-out provision of Rule 23(c)(2) would be irrelevant without tolling because the limitations period for absent class members would most likely expire, "making the right to pursue individual claims meaningless."** [citations omitted]...("The only logical rule under the present [version of Rule 23] is that the commencement of the class suit tolls the statute for all persons who might be bound in judgment." [citations omitted]...("If the [class certification] determination is delayed, members of a putative plaintiff class may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question - by which time it may be too late for filing independent actions." [citations omitted].

*Id.* at 1167. [emphasis added].

The *Joseph* court examined the issue of legal tolling and found that it occurred "any time an action is commenced and class certification is pending." *Id.* at 1167. Citing to both *American Pipe* and *Crown*, the *Joseph* court stated that legal tolling applies with the commencement of the original class suit and includes putative class members who later seek to file individual suits. *Id.*

Another case cited by SWB, *Lehman v. United Parcel Service, Inc.*, 443 F.Supp.2d. 1146 (W.D. Mo. 2006), echoing *Joseph*, cites to *Crown* and states:

> The crux of the Court's reasoning is that a statute of limitations' purpose is achieved when a class action is filed irrespective of when an individual plaintiff later files her own suit. The class action puts the defendant on notice that many plaintiffs may have claims against it and that it needs to preserve evidence to defend against those claims. There is "no potential for unfair surprise" when individual cases are later filed after certification is denied, or after it is granted and individual claimants opt out. Similarly, under this reasoning, there can be no surprise if an individual plaintiff files her own claim before certification is decided. The defendant would still be on notice and would still have had every incentive to preserve evidence. The defendant might now be required to defend itself in multiple cases in different fora but there is no guarantee against such contingencies even if the individual plaintiffs waited until after certification were decided.

\*\*\*\*

> There is nothing in that language that suggests the statute of limitations is only tolled for those plaintiffs who wait to file suit until there is a ruling on class certification.

443 F.Supp.2d 1151.

The *Lehman* court also examined *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005), which is heavily relied upon by SWB, and found its ruling that a plaintiff could not rely upon *American Pipe* when it files an individual action prior to a determination on class certification to be non-persuasive. Further, in examining the argument in *Wyser-Pratte*, addressing the issue of whether a temporal gap existed in the *American Pipe* doctrine, the *Lehman* court stated that: **"The Court can see no logical or jurisprudential basis for reaching such a conclusion, given the current law."** 443 F.Supp.2d at 1150. This distinction from *Wyser-Pratte* is further defined and addressed in *Schimmer v. State Farm Automobile Ins. Co.*, 2006 WL 2361810 (D.Colo 2006).

In *Schimmer*, the court examined further the issue of legal tolling and how the decision in *Wyser-Pratte* was inapplicable to class action tolling. Citing to *Joseph*, the court stated that class action tolling was a form of legal rather than equitable tolling. *Schimmer* at 4. In distinguishing *Wyser-Pratte*, the court held:

> The problem with *Wyser-Pratte*, however, is that it treats class action tolling as an equitable doctrine in which fairness considerations drive its application. The Tenth Circuit has stated that class action tolling is legal rather than equitable. *See Joseph, supra*. Indeed, the putative class member's subjective understanding of the litigation - or awareness of its existence - is completely irrelevant with regard to the application of class action tolling.
>
> To deny a putative class member the benefit of class action tolling because he elected to protect his rights in a separate action before a ruling was made on class certification is inconsistent with the premise of the tolling doctrine. If the putative class member knew about the class litigation but elected to proceed separately, then disallowing application of class action tolling penalizes him for his informed decision. On the other hand, if the putative class member did not know about the class litigation and simply commenced a separate action for purposes of protecting his rights, the disallowing application of class action tolling penalizes him for failing

> to be aware of the class litigation and awaiting a ruling on class certification. Either way, the putative class member is penalized based upon his awareness, or lack thereof, of the class litigation. As the Supreme Court stated in *American Pipe*, a putative class members' knowledge or reliance upon the class action's existence does not impact whether class action tolling applies. Thus, the doctrine applies as a matter of law, not based upon the actions of Mr. Schimmer.

*Id.* at 6.

Thus, based upon *American Pipe* and *Crown*, and the supporting cases of *Joseph, Lehman* and *Schimmer*, the concept of class action tolling is legal tolling and operates as a matter of law. Further, as stated by the *Lehman* court, there is no logical or jurisprudential basis for reaching a conclusion that a temporal gap exists in the *American Pipe* doctrine. As such, the cases cited by the SWB, which rely heavily on the notion of equitable tolling and a temporal gap cannot govern and, further, contradict current law. The clear rule from *American Pipe* and *Crown* is that prescription tolls once a class action is filed and remains so until certification issues are resolved. There is no exception stated for cases filed by individuals during the certification process, and the persuasive authority cited by Omega reinforces this. The cases cited by SWB focusing on equitable tolling are flawed and do not counter *American Pipe* and its progeny. As such, the SWB Rule 12(b)(6) Motion should be dismissed.

**V.    The Individual Suits were Filed by Omega in Response to the Advice of This Court**

The individual suits filed by Omega are a direct result of the August 24, 2007 Order and Reasons issued by this Court wherein it was stated:

> By this order, all claimants who have not filed suit are put on notice that the validity of this order may well be challenged, and it is in their best interest to immediately seek counsel and file their respective claims if they wish to pursue them.

This statement put Omega on notice that there could be potential problems with class certification and, per this Court's instruction, filed individual suits to protect its interests and claims.

For SWB to argue that Omega was merely relying upon the class action to avoid prescription issues is meritless and ridiculous. Omega certainly agrees that tolling should not be a tool used to "manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance upon the proposed class action just long enough to validate their otherwise time barred claims." *See, Rahr v. Grant Thornton, L.L.P.*, 142 F.Supp.2d 793, 800 (N.D. Tex. 2000). However, that is simply not the case here. The individual filings took place well over a year after the class action was filed. Further, the direct linkage between this Court's own Order and Reasons and the decision for Omega to file its individual suits cannot be viewed to represent an intent to manipulate the system to validate time barred claims. Rather, the individual suits are simply a justified reaction to the words of warning issued from this Court.

**VI.   Conclusion**

When the class action was filed in on June 13, 2006, statutes of limitation and prescriptive periods tolled for all putative class members. This tolling included all claims which belonged to Omega, specifically the claim in tort against the SWB. Pursuant to the *American Pipe* doctrine, and its progeny, legal tolling commenced for all putative class members at the time the class action was filed and tolling would continue through a determination on the certification issue. This tolling is a matter of law and, as such, Omega's claims have remained tolled, despite its choosing to file individual claims. Contrary to the claim by SWB, there is no temporal gap which exists in *American Pipe*.

There is no Fifth Circuit decision on this matter to provide guidance, but the case law supports Omega's position, and the cases cited by SWB are flawed in their reliance on equitable tolling. Legal tolling does not consider the issue of fairness, rather it operates as a matter of law.

Further, there have been no cases, Supreme Court or otherwise, which overturn *American Pipe* or *Crown*. They are controlling law.

The decision to file individual suits by Omega was made after considering the advice and words of warning issued by this Court. It is difficult to imagine the Court dismissing claims filed in reliance of such words of warning. However, Omega prays that if this Court finds in favor of the SWB, that Omega's cases be dismissed without prejudice.

> Respectfully submitted,
>
> */s/ W. Christopher Beary*
> W. Christopher Beary, T.A. (Bar #22253)
> Gina P. Campo (Bar #22139)
> Aaron Z. Ahlquist (Bar #29063)
> **Orrill, Cordell & Beary, L.L.C.**
> 1010 Common Street, 31st Floor
> New Orleans, Louisiana 70112
> Telephone: (504) 299-8724
> Facsimile: (504) 299-8735
>
> **Attorneys for Omega Hospital, L.L.C.**
> **Case Nos. 07-4971 and 07-5315**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008 I filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will send electronic notification to all counsel of records in the foregoing case.

> */s/ W. Christopher Beary*
> W. Christopher Beary