UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State* C.A. No. 07-5528 | * | |
| | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL SETTLEMENT INFORMATION PROVIDED TO THE STATE IN CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH ROAD HOME GRANT RECIPIENTS**

Insurer Defendants, through its Liaison Counsel, Ralph S. Hubbard III request an order applying the Amended Master Protective Order (Doc. No. 7634) to submissions made to the State (or its attorneys) in connection with the Road Home Program's review of settlements entered into between Road Home grant recipients and the named Insurance Company Defendants in the Road Home Action and placing certain additional restrictions on the disclosure, access, and use of such confidential settlement information. The entry of the proposed Protective Order Governing Confidential Settlement Information Provided to the State in Connection with Its Review of Insurance Settlements with Road Home Grant Recipients ("proposed Protective Order") is reasonable, necessary, and supported by good cause in order to respect each of the named Insurance

1

Company Defendants' interests in their own respective confidential, proprietary, and/or competitively sensitive commercial information, in order to protect insureds' privacy rights, and in order to ensure the confidentiality of settlement agreements and prevent the improper use of confidential information for purposes other than the State's settlement review process.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes the court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Such protective orders may, *inter alia*, forbid a disclosure of information entirely, specify the terms for the disclosure, limit the scope of disclosure, or require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."  Fed. R. Civ. P. 26(c)(1)(A), (B), (D), & (G).  This Court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").  The party seeking a protective order bears the burden of showing the necessity of its issuance by a "particular and specific demonstration of fact."  *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Further, Rule 16(c) authorizes the Court to "consider and take appropriate action" on a variety of matters, including "settling the case and using special procedures to assist in resolving the dispute" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action."  Fed. R. Civ. P. 16(c)(2)(I) & (P).  In addition, in proposed

class action cases such as this one, the Court has broad power to make such orders as necessary to manage the case. *See* Fed. R. Civ. P. 23(d); *Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 681 (E.D. La. 2006).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In *In Re: Katrina Canal Breaches Consolidated Litigation*, the Court entered a Master Protective Order on May 29, 2007 (Doc. No. 5393), which was later superseded by an Amended Master Protective Order entered on September 14, 2007 (Doc. No. 7634). The Amended Master Protective Order permits the designation of materials as either CONFIDENTIAL INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION. The latter designation was specifically provided to restrict access to and use of competitively sensitive information that might be produced by competing insurers named as defendants in "Insurance" umbrella cases.

On August 23, 2007, the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development ("the State"), through the Honorable Charles C. Foti, Jr., the Attorney General for the State of Louisiana, instituted in state court *The State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development ex rel The Honorable Charles C. Foti, Jr. The Attorney General for the State of Louisiana v. AAA Insurance, et al.*, ("Road Home Action") as a putative class action against the named Insurance Company Defendants for the recovery of funds paid as part of the State's The Road Home Program and for declaratory and injunctive relief, individually and on behalf of all past and present recipients of funds through The Road Home Program and all eligible and/or future recipients of funds through The Road Home

Program (hereinafter referred to collectively as "Grant Recipients"). On September 11, 2007, the Road Home Action was removed to federal court and then transferred to this Section and incorporated into the *In Re: Katrina Canal Breaches Consolidated Litigation*.

The State asserts an interest in the "claims and future rights to reimbursement and all payments hereafter received or to be received" by Grant Recipients under their property and flood insurance policies based on "*The Road Home* / <u>Limited</u> Subrogation / Assignment Agreement" (emphasis in original) ("Subrogation / Assignment Agreement") signed as a condition to the receipt of a grant under The Road Home Program. As the Court is aware, the State has taken the position that the Subrogation / Assignment Agreement grants the State the right to review and approve or disapprove settlements between Grant Recipients and their insurers. In connection with this review process, the State has requested certain information regarding such settlements be provided to it by Grant Recipients and insurers. While a uniform protocol for such submissions and the State's review of such settlements has not yet been established, insureds and insurers have indicated their amenability to some sort of review process and the Court has on several occasions provided oversight and assistance in hopes of establishing a uniform and efficient protocol for the State's review of insurance settlements.

Many Grant Recipients and various of the named Insurance Company Defendants have entered or wish to enter into settlement agreements resolving insurance claims and accordingly have submitted or will in the future submit information regarding those settlement agreements to the State for review. Specific information is requested in a seven-page "Request for Consent Form" to be completed by insureds and a one-page

4

form to be completed by insurers in connection with each settlement, current drafts of which are attached as Exhibits A and B.

As discussed below, the information requested by the State warrants protection because it implicates both competitive and privacy concerns. Moreover, it would be inappropriate and unfair to allow information provided for the sole purpose of Road Home settlement review and approval to be used for other purposes, such as assisting the State's private counsel in pursuing claims under other insurance policies in this or any other case. As detailed in the attached certification, defense counsel has conferred in good faith with counsel for the State regarding these matters and provided counsel for the State with a copy of the proposed protective order attached to this Motion. However, the parties have been unable to agree upon a resolution of this matter. Accordingly, protection in the form of the proposed Protective Order is warranted.

### III. ARGUMENT

#### A. A Protective Order Is Necessary to Protect Insurers' Confidential and Proprietary Information

Rule 26(c)(1)(G) explicitly contemplates the use of protective orders to protect "a trade secret or other confidential research, development, or commercial information." Each of the Named Insurance Company Defendants have developed their own customized procedures, techniques, processes, methods, systems, and policies for adjusting and handling insurance claims. Each company maintains the confidentiality of such materials, derives independent economic value therefrom, and would suffer significant competitive and financial harm if those materials were disclosed to competitors. *See Am. Family Mut. Ins. Co. v. Roth*, 485 F.3d 930, 933 (7th Cir. 2007) (holding customer information in insurer database was trade secret); *Republic Servs., Inc.*

5

*v. Liberty Mut. Ins. Cos.*, No. 03-494, 2006 WL 1635655, at *3-8 (E.D. Ky. June 9, 2006) (holding insurer's claims handling materials were trade secrets and should be subject of protective order); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-25 (S.D. Ind. 2001) (same).

Included in the information sought by and/or provided to the State are the amounts of flood and homeowners insurance settlements, the allocation of such amounts among various coverage types, the assessments and analyses of adjusters and other investigators, and the reports of those adjusters. This information reflects trade secret or other confidential research, development, claims or commercial information of the named Insurance Company Defendants and, therefore, should be subject to a protective order limiting the disclosure and use of such information beyond that necessary for purposes of the State's review of a given settlement. Moreover, even information respecting settlement amounts is competitively sensitive.

These competitive interests were recognized in the provisions of the Amended Master Protective Order relating to PARTY SENSITIVE CONFIDENTIAL INFORMATION. (*See* Doc. No. 7634 ¶ 5.) Because this same type of information is included in the information submitted to the State for its review of insurance settlements with Grant Recipients, it is reasonable and appropriate that the Court enter an Order applying the Master Protective Order's protections for PARTY SENSITIVE CONFIDENTIAL INFORMATION to information provided in connection with the State's review process for insurance settlements with Grant Recipients.

### B. A Protective Order Is Warranted In Order to Protect Insureds' Private Personal and Financial Information

A protective order is additionally warranted by the fact that the submissions to the State include non-public personal and financial information of insureds. There is no reason for any of this personal and financial information to be made available to any of the Named Insurance Company Defendants other than the insured's own insurer, or to any other party to this or any of the other actions in the Consolidated Litigation.

### C. Restrictions Are Warranted on the Use of Any Confidential Settlement Information Obtained by the State

The confidential nature of the insurance settlement agreements which the State has asserted the right to review further necessitates the imposition of specific limitations on the use and disclosure of any information submitted in connection with that review. Many of the settlement agreements between insurers and Grant Recipients contain provisions by which the parties agree to keep the settlement and its terms and conditions strictly confidential. Indeed, the confidential nature of the agreement is an important component of the motivation for entering into such settlements.

"It is nearly axiomatic that settlement agreements are a favored means of resolving disputes." *Kelly v. Bayou Fleet, Inc.*, No. 05-6871, 2007 WL 2903229, at *3 (E.D. La. Oct. 2, 2007) (citing *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910)). Because the law favors the resolution of disputes by settlement, "courts have granted protective orders to protect confidential settlement agreements." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *see also Daniels v. Bursey*, No. 03C1550, 2006 WL 468015, at *4 (N.D. Ill. Feb. 23, 2006) (court issued protective order restricting use of confidential settlement agreement in light of "strong

public policy favoring the settlement of claims"); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) (upholding protective order preventing disclosure of substantive terms of settlement agreement). Enforcing the parties' expectation that the terms of their settlement agreement will remain confidential promotes the use of settlements to resolve litigation; "many litigants would be much less inclined to enter into settlement agreements if they were subject to being made public." *Daniels*, 2006 WL 468015, at *4; *see also Kalinauskas*, 151 F.R.D. at 365 ("Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties.").

Because of the unique nature of the subrogation interest claimed by the State in the Road Home Action, the State and its attorneys will gain access to information about confidential settlements of numerous cases. However, the use of information relating to any given settlement should be expressly restricted to the limited purpose for which it is provided, *i.e.*, the Road Home Program's review and approval or disapproval of that particular settlement. Neither the State nor its attorneys should be permitted to use this information for any other purpose. In particular, private counsel for the State should not be permitted to use this information in prosecuting claims of other insureds. Allowing the State or its attorneys to use this information beyond the purposes for which it is made available to them would defeat the expectation of confidentiality underlying the settlements and would provide a back-door through which such counsel could circumvent the burden to demonstrate the discoverability of evidence relating to an insurer's (or other insurers') adjustment of claims other than that of a given party-plaintiff. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (affirming protective order

prohibiting intervenor's use of confidential information obtained in one case to prosecute a separate action).  Allowing such use would only serve to discourage settlements. *Kalinauskas*, 151 F.R.D. at 365 ("To allow full discovery into all aspects of Ms. Thomas's case could discourage similar settlements.").

For these reasons, good cause supports the entry of a protective order prohibiting the use of any confidential settlement information in any manner other than for purposes of determining whether to approve or disapprove that particular settlement in light of the State's claimed subrogation interest therein.

## IV.     CONCLUSION

For the reasons set forth above, good cause exists for the entry of a protective order in the Road Home Action (1) permitting any party or non-party to designate information provided to the State in connection with its review of insurance settlements with Grant Recipients as PARTY SENSITIVE CONFIDENTIAL INFORMATION in accordance with the terms of the Amended Master Protective Order, and (2) prohibiting the State and its attorneys from disclosing, accessing, or using confidential settlement information in any manner beyond that which is necessary to effect the State's review of the particular insurance settlement in connection with which the information is submitted.

Respectfully submitted:

*/s/ Ralph S. Hubbard, III*  
Ralph S. Hubbard III, T.A., La. Bar No. 7040  
Seth A. Schmeeckle, La. Bar No. 27076  
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD  
601 Poydras Street, Suite 2775  
New Orleans, Louisiana 70130  
Telephone:  (504) 568-1990

        Facsimile: (504)310-9195
        E-Mail:    rhubbard@lawla.com
                  sschmeeckle@lawla.com
        **Insurer Defendants Liaison Counsel**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants.

        /s/ Ralph S. Hubbard III_____
        Ralph S. Hubbard III