UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State* C.A. No. 07-5528 | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**[PROPOSED] PROTECTIVE ORDER
GOVERNING SETTLEMENT INFORMATION PROVIDED TO THE STATE IN
CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH ROAD
HOME PROGRAM RECIPIENTS**

In this litigation, Plaintiff the State of Louisiana ("the State") claims an interest in insurance payments received or to be received by Applicants and Recipients under their property and flood insurance policies by virtue of "*The Road Home* / Limited Subrogation / Assignment Agreement" (emphasis in original) ("Subrogation / Assignment Agreement") signed by those receiving funds from the State's Road Home Program (hereinafter "Grant Recipients"). The State has taken the position that the Subrogation / Assignment Agreement grants the State the right to review and approve or disapprove settlement agreements between Grant Recipients and their homeowners and flood insurers and has requested that certain information be provided to the State in connection with that review. Many Grant Recipients and various of the named Insurance Company Defendants have entered or wish to enter into settlement agreements resolving the claims of the Grant Recipients under insurance policies issued by the Insurance Company Defendants. The Court's assistance has been requested with respect to facilitating the Road Home Program settlement review process. In furtherance of its efforts to provide such

assistance, the Court finds that the information submitted by insurers and insureds to the State's Road Home Program in connection with the settlement review process should be subject to protection under the Amended Master Protective Order, as set forth below.

Accordingly, it is hereby ORDERED as follows:

1. As used herein, the term INSURANCE SETTLEMENT refers to any settlement agreement or proposed settlement agreement between a Grant Recipient and a property insurance carrier which is submitted to the State's Road Home Program for review and approval in light of the State's claimed interests under a Subrogation / Assignment Agreement.

2. Any party or non-party may designate information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT as PARTY SENSITIVE CONFIDENTIAL INFORMATION under the Amended Master Protective Order (Document No. 7634). Such information shall be subject to the following provisions, in addition to those set forth in the Amended Master Protective Order:

   a. Such information shall be marked by the Designating Party with the following legend:

   PARTY SENSITIVE CONFIDENTIAL INFORMATION
   PRODUCED FOR SETTLEMENT REVIEW PURSUANT TO PROTECTIVE ORDER
   IN RE: KATRINA CANAL BREACHES LITIGATION; ROAD HOME ACTION

   b. Such information may only be used to review the particular INSURANCE SETTLEMENT in connection with which the information is submitted. Such information may not be disclosed, accessed, or used by the State, the State's counsel, or any agent of either in any other manner, including in connection with any other case or settlement. However, nothing shall prevent the State, the State's counsel, or any agent of

either from discussing such information with counsel for the parties to the INSURANCE SETTLEMENT in question in connection with the State's review of that INSURANCE SETTLEMENT.

      c.      The portion of paragraph 5 of the Amended Master Protective Order requiring that the Designating Party provide notice to Liaison Counsel of the production of PARTY SENSITIVE CONFIDENTIAL INFORMATION shall not apply to information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT.

**SO ORDERED:**

New Orleans, this _____ day of January, 2008

_____
Stanwood R. Duval, Jr.
United States District Judge

_____
Joseph Wilkinson
United States Magistrate Judge