UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION NO.: 05-4182 |
| Pertains to: Insurance | * | SECTION: K (DUVAL)<br>MAG. 2 (WILKINSON |
| BRANDON VILLAVASO<br>VS.<br>STATE FARM FIRE AND CASUALTY COMPANY | * | CIVIL ACTION NO. 07-8945 |

## ANSWER

**COMES NOW,** by and through undersigned counsel, the defendant, State Farm Fire and Casualty Company, ("State Farm"), and files this Answer and Defenses and, in support of same, states as follows:

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims stated in the Petition are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiff, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

## THIRD DEFENSE

AND NOW, answering the severally numbered articles of the Petition for Damages, State Farm respectfully avers:

I.

The allegations of Paragraph I of the Petition are admitted as to the status of State Farm.

II.

The allegations of Paragraph II of the Petition are denied.

III.

The allegations of Paragraph III of the Petition are denied.

IV.

The allegations of Paragraph IV of the Petition are denied except to admit the date and general location of Hurricane Katrina.  It is specifically denied that Petitioner's home suffered heavy wind damage, other than the damage for which Plaintiff has already been compensated by State Farm under the Renter's policy.

V.

The allegations of Paragraph V of the Petition are denied for lack of sufficient information to justify a belief.

VI.

The allegations of Paragraph VI of the Petition are admitted.  The policy issued to Plaintiff, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

VII.

The allegations of Paragraph VII of the Petition are denied. State Farm admits that Plaintiff provided some documentation of his losses, but denies that Plaintiff provided it with satisfactory proof of loss covered by the policy at issue, as to the losses for which Plaintiff seeks to recover in this litigation.  It is specifically pled herein that State Farm has paid any losses attributable to wind and that any losses not paid by State Farm are attributable to water, more specifically flood, and are excluded under the policy.  Further, State Farm avers that LSA-R.S. 22:658, LSA-R.S. 22:1220, and LSA-R.S. 22:695 speak for themselves and Plaintiff's attempt to characterize or paraphrase the statutes, or to refer to portions of the statutes out of context, is denied.

VIII.

The allegations of Paragraph VIII of the Petition are denied.

IX.

The allegations of Paragraph IX of the Petition are admitted to the extent that Plaintiff did suffer some damage to his property due to Hurricane Katrina.  It is specifically denied that Petitioner's home suffered heavy wind damage, other than the damage for which Plaintiff has already been compensated by State Farm under the Renter's policy.  Further, it is specifically pled herein that State Farm has paid any losses attributable to wind and that any losses not paid by State Farm are attributable to water, more specifically flood, and are excluded under the policy.

X.

The allegations of Paragraph X of the Petition are denied.

XI.

The allegations of Paragraph XI of the Petition are denied.

XII.

Paragraph XII of the Petition reserves Plaintiff's right to amend his allegations, and therefore requires no answer.

FOURTH DEFENSE

The damages sought by Plaintiff were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm insurance policy.

FIFTH DEFENSE

State Farm had no general or specific duties to Plaintiff under the facts alleged in Plaintiff's petition.  Further, assuming arguendo that State Farm had general and/or specific duties to the insured under the facts alleged, no such duties were breached.

SIXTH DEFENSE

As to the losses for which Plaintiff seeks to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the policy at issue, as is required by jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm insurance policy.

SEVENTH DEFENSE

To the extent that Plaintiff has already received any payments from State Farm for her losses, State Farm avers that those payments were appropriate, that Plaintiff has already been paid everything that it is owed under the insurance policy, and in the event of a further judgment in favor of Plaintiff, State Farm claims a credit or a setoff for all amounts previously paid.

### EIGHTH DEFENSE

To the extent that State Farm has made any payments to which Plaintiff is not entitled, State Farm reserves and asserts its rights to recover those amounts by reconventional demand or counter-claim.

### NINTH DEFENSE

State Farm avers that any item of damage claimed by Plaintiff against the insurance policy at issue which resulted from flood damage, regardless of whether such damage is allegedly related to storm surge or to any breach, break, or collapse of any levee, floodwall or flood protection structure, or allegedly related to the alleged negligence, gross negligence, or inaction of any government official or agency at any level, are barred by the water damage exclusion of the policy, which provides:

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

c.  **Water Damage**, meaning:

(1)  flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not . . . .

### TENTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault; or

b. defect, weakness, inadequacy, fault or unsoundness in:

    (1) planning, zoning, development, surveying, siting;

    (2) design, specifications, workmanship, construction, grading, compaction;

    (3) materials used in construction or repair; or

    (4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c. weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## ELEVENTH DEFENSE

State Farm avers that that insurance policy at issue excludes the following losses:

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . . .

d. **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

## TWELFTH DEFENSE

State Farm avers that Plaintiff has not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiff suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for which State Farm is not responsible.

6

### THIRTEENTH DEFENSE

State Farm avers that if any of Plaintiff's damages are a result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

### FOURTEENTH DEFENSE

Plaintiff's recovery pursuant to the policy at issue, if any, is limited to any previously uncompensated losses covered by such policy. Plaintiff may not recover for losses previously compensated under any policy providing flood insurance and State Farm reserves its right to seek an offset for such payments.

### FIFTEENTH DEFENSE

To the extent that Plaintiff was insured under a flood insurance policy and received payment pursuant to such policy for Hurricane Katrina losses, Plaintiff is estopped from asserting or claiming that any losses previously compensated under their flood insurance policy were caused by wind.

### SIXTEENTH DEFENSE

State Farm adjusted Plaintiff's claim in good faith, in accordance with the terms and conditions of the applicable State Farm insurance policy, and in compliance with applicable statutory or jurisprudential law.

### SEVENTEENTH DEFENSE

Plaintiff has no statutory or jurisprudential right of action to recover attorneys' fees.

### EIGHTEENTH DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### NINETEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

### TWENTIETH DEFENSE

To the extent that Plaintiff alleges that State Farm or the insurance agent made misrepresentations that misled them about coverage for "hurricane" damage or the scope of their policies' conditions and exclusions, Plaintiff was in possession of clear policy language indicating such damage was excluded. An insured is responsible for reading his policy and presumed to know its terms, such that Plaintiff could not justifiably rely on any alleged misrepresentations of State Farm or the insurance agent about the type of coverage they had when they were in possession of the policy which made clear indications to the contrary.

### TWENTY-FIRST DEFENSE

Plaintiff is responsible for reading her policy, as well as any renewal notices, and she is presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail herself of ignorance of the policy or law.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off. Plaintiff's claims are also barred, in whole or in part, by her own judicial admissions.

### TWENTY-THIRD DEFENSE

Plaintiff's policy specifically excludes coverage for "mold, or wet or dry rot." This includes any loss which, in whole or in part, arises out of, or is aggravated by or results from mold, wet rot or dry rot. This exclusion applies regardless of whether the mold, wet rot, or dry

8

rot "occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these."

### TWENTY-FOURTH DEFENSE

Plaintiff's policy specifically excludes coverage for damages that occur as a result of "enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

### TWENTY-FIFTH DEFENSE

Plaintiff did not and cannot rely on any alleged misrepresentations of State Farm and/or its Agent and, as a matter of law, Plaintiff has no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiff is presumed to know the terms and conditions of her insurance policies, particularly the State Farm Renters policy.

### TWENTY-SIXTH DEFENSE

Although State Farm denies that State Farm in any manner breached its contractual or statutory duties to the plaintiff, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

### TWENTY-SEVENTH DEFENSE

Should it be shown that Plaintiff has made any material misrepresentations in connection with her claim for recovery of damages under her State Farm policy, State Farm pleads such representations are in violation of the terms and conditions of said policy thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said policy which are pled as if copied in their entirety.

### TWENTY-EIGHTH DEFENSE

To the extent that Plaintiff claims that she may be entitled to recovery under her insurance policy in accordance with LSA-R.S. 22:695, Louisiana's Valued Policy Law, State Farm denies that the Valued Policy Law applies to this claim. State Farm further avers that Plaintiff has not suffered a total loss, and that her loss was not caused by a covered peril, but was instead caused by an excluded peril.

### TWENTY-NINTH DEFENSE

To the extent that Plaintiff may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, and/or 22:1220, as amended in 2006, State Farm contends that these amendments do not have retroactive effect.

### THIRTIETH DEFENSE

To the extent that Plaintiff may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, and/or 22:1220, as amended in 2006, State Farm avers that to give retroactive effect to such amendments, or to apply them to alleged violations that occurred prior to the effective date of the amendments, would violate the due process provisions and prohibition against ex post facto laws found in the Constitutions of the United States and the State of Louisiana.

### THIRTY-FIRST DEFENSE

Should it be found that the damages sought by Plaintiff were caused in part by a covered peril and that any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

THIRTY-SECOND DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks a retroactive rate revision of the applicable State Farm insurance policy or to impose on State Farm a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission ("LIRC") in accordance with LSA-R.S. 22:1401, *et seq.*, in violation of the filed rate doctrine and Louisiana law.

THIRTY-THIRD DEFENSE

Some or all of Plaintiff's claims constitute an improper attempt to achieve de novo judicial review or otherwise to collaterally attack the prior decisions of the Louisiana Department of Insurance ("LDI") and LIRC contrary to procedures established by settled Louisiana law. Therefore, Plaintiff's claims are barred by separation of powers.

THIRTY-FOURTH DEFENSE

Some or all of Plaintiff's claims interfere with the exclusive or primary jurisdiction of the LDI and LIRC, including their jurisdiction over forms, rates, and penalties.

THIRTY-FIFTH DEFENSE

State Farm has detrimentally relied upon prior approval of its rates and policy forms by the LDI and LIRC and upon acceptance by its policyholders of policies offered in accordance with the approved rates and forms.

THIRTY-SIXTH DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by

arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to impair the obligations of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### THIRTY-SEVENTH DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### THIRTY-EIGHTH DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

### THIRTY-NINTH DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to effect a deprivation of liberty and

property in contravention of State Farm's due process rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### FORTIETH DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to deprive State Farm of equal protection in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### FORTY-FIRST DEFENSE

To the extent applicable, some or all of Plaintiff's claims are preempted by the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq., and the Supremacy Clause of the Constitution of the United States.

### FORTY-SECOND DEFENSE

Plaintiff's claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Louisiana. Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc.*

*v. Gore*, 517 U.S. 599 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### FORTY-THIRD DEFENSE

Plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy.

### FORTY-FOURTH DEFENSE

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiff breached these provisions, any alleged coverage is precluded under the State Farm policy or policies, and the policy or policies are pleaded herein as if copied in full.

### FORTY-FIFTH DEFENSE

State Farm is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiff. Including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, and other governmental agencies, any insurance companies, and/or any charitable organizations.

### FORTY-SIXTH DEFENSE

Plaintiff has not stated and cannot state claims under LSA-R.S. 22:695, *see, e.g. Chauvin v. State Farm Fire & Casualty Co.,* 2007 U.S. App. LEXIS 18618 (5th Cir. Aug. 6, 2007).

### FORTY-SEVENTH DEFENSE

State Farm avers all applicable federal and state prescriptive and/or preemptive statutory time limitations as a bar to any recovery of Plaintiff herein.

FORTY-EIGHTH DEFENSE

The comparative fault and/or negligence of Plaintiff, including the failure to review the terms of the coverage, the failure to properly communicate with the insurance agent and/or the mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiff's recovery herein.

FORTY-NINTH DEFENSE

State Farm asserts that Plaintiff is not entitled to additional living expenses under the policy, as the damage to the property was caused by an excluded peril.

FIFTIETH DEFENSE

State Farm owes no damages to the Plaintiff to the extent that the Plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the following:

a. Refusing or failing to provide satisfactory proof of loss;

b. Refusing to provide information that has been specifically requested;

c. Failing to cooperate with the adjuster and claims representative in the investigation of claims; and

d. Any other circumstances discovered between now and the trial of this matter.

FIFTY-SECOND DEFENSE

State Farm gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

JURY TRIAL REQUEST

State Farm, pursuant to Fed. R. Civ. Proc. 38, requests a trial by jury as to all parties and issues herein that are triable to a jury.

RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiff, dismissing Plaintiff's claims with prejudice and at their costs, and for all general and equitable relief.

Respectfully submitted,

/s/ Adrianne L. Baumgartner
**ADRIANNE L. BAUMGARTNER (#2861)**
PORTEOUS, HAINKEL & JOHNSON
408 N. Columbia Street
Covington, LA  70434-2086
Telephone:  (985) 893-4790

CERTIFICATE OF SERVICE

I do hereby certify that on this 18th day of January, 2008 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  The documents are available for viewing and downloading from the ECF system.

/s/ Adrianne L. Baumgartner