UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 SECTION "K" (2) |
| PERTAINS TO: INSURANCE 07-4852 (Joseph Aguilar, III) | * * * | JUDGE DUVAL MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## AXIS SURPLUS INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

NOW INTO COURT, through undersigned counsel, come defendants, Axis Surplus Insurance Company and Axis Insurance Company (hereinafter collectively referred to as "Axis"), who submit the following Memorandum In Support of their *Motion for More Definite Statement*:

**I.   FACTS:**

Plaintiffs Complaint, as amended, contains approximately 700 plaintiffs suing approximately 90 insurance companies.[2] The only commonality among the plaintiffs is that they are "owners of immovable property within the State of Louisiana and the jurisdiction of this Honorable Court" which allegedly sustained damage as a result of Katrina.[3] The only commonality among the defendants is that they allegedly issues "policies of property, commercial, business, rental, and/or

---

[2] Plaintiffs claims are clearly misjoined under Rule 20(a), since the defendants could not be jointly or severally liable for their alleged injuries, and none of the plaintiffs' alleged injuries arise out of the same transaction or occurrence.

[3] Complaint, at ¶3.

flood insurance to plaintiffs."[4] Plaintiffs amended their Complaint to include new plaintiffs.[5]

The Complaint combines claims arising from "property, commercial, business, rental, and/or flood insurance to plaintiffs."[6] Without pointing to any specifics of any policy plaintiffs allege "[a]ll of said policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs."[7] Plaintiffs then contend that the defendants "failed to make adequate payments on plaintiffs' claims...."[8] Plaintiffs assert that defendants engaged in unfair business practices, failed to comply with valued policy law, and adjusted claims in bad faith.[9] Finally, plaintiffs list eight causes of action: (1) breach of insurance contract; (2) violation of La. R.S. 22:658; (3) violation of La. R.S. 22:658.2; (4) breach of duty to act reasonably and fairly under La. R.S. 22:1220; (5) breach of duty under La. R.S. 22:1220; (6) failure to tender fair and adequate payments for losses; (7) bad faith adjusting practices; and (8) other causes of action to be determined at trial. The Complaint fails to provide any facts supporting these alleged causes of action.

## II.   LAW & ARGUMENT:

When a Complaint does not contain sufficient information to permit a defendant to frame a

---

[4] Complaint, at ¶4.

[5] First Supplemental & Amending Complaint, at ¶1.

[6] Complaint, at ¶4.

[7] Complaint, at ¶11.

[8] Complaint, at ¶15.

[9] Complaint, at ¶¶21,22,24.

response, the proper remedy is a Rule 12(e) motion for more definite statement.[10] Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

In Canto v. Hibernia National Bank this Court found that a more definite statement is required where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why' defendant violated her rights under the relevant statute."[11]

Moreover, the Eleventh Circuit, in Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. College, has explained:

> Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.
> \*      \*      \*
> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.[12]

In Edwards v. Allstate this Court ruled upon a case that is squarely on point with this one.[13] The Edwards court was faced with a class action suit alleging that Allstate engaged in a corporate

---

[10] Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

[11] Canto v. Hibernia National Bank, 1999 WL 378256 (E.D. La. 1999)

[12] Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. College, 77 F.3d 364, 366-367 (11th Cir. 1996).

[13] Edwards v. Allstate, 2005 WL 221558 (E.D. La. 2005).

scheme to withhold payment of contractors' overhead and profit from homeowner dwelling claims.[14]
The plaintiffs alleged breach of contract, bad faith, and fraud claims against Allstate.[15] Allstate responded with a Motion to Dismiss and after reviewing the Complaint this Court concluded that plaintiff failed to alleged facts necessary to support her claim stating:

> In the petition, plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs on Mary Edwards' specific claim. The Court notes that absent from the petition is a single fact alleged that would give rise to any need for general contractors' overhead and profit. There are no allegations for the type of damage that was suffered or the nature or complexity of required repairs. The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to Mary Edwards' home are not adequately alleged.[16]

The Court, thus, granted the motion but permitted the plaintiff to amend the Complaint.[17]

In the present case, the plaintiffs similarly have failed to allege facts necessary to support their alleged causes of action. At a minimum, plaintiffs must plead the policy provision they claim that Axis breached and put Axis on notice of the facts that give rise to their alleged injury. As the United States Supreme Court recently recognized when it explained:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright &

---

[14]Edwards, 2005 WL 221558, at p.1.

[15]Edwards, 2005 WL 221558, at p.1.

[16]Edwards, 2005 WL 221558, at p.3.

[17]Edwards, 2005 WL 221558, at p.4.

4

Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").[18]

Plaintiffs' Complaint fails to even identify which plaintiffs are alleging claims against Axis nor does it identify what type of policy(ies) they are suing Axis on. The lack of any facts sufficient to support a cause of action is likely a by product of the massive misjoinder of parties and claims in this action. Therefore, this Court should find that plaintiffs' Complaint is impermissibly vague "[w]ithout some factual allegation in the complaint."[19] Thus, Axis prays that this Court grant its motion requiring each individual plaintiff to file an amended complaint setting forth which insurer(s) each plaintiff is suing and facts supporting each plaintiff's claims against each insurer they are alleging they have a claim against.

---

[18]Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n.3 (2007).

[19]Twombly, 127 S.Ct. at 1965 n.3.

5

### III. CONCLUSION:

WHEREFORE, Defendants, Axis Surplus Insurance Company and Axis Insurance Company, pray that this Court grant their Motion for More Definite Statement requiring plaintiffs to provide a more definite statement of the allegations in their Complaint.

Respectfully submitted:

/s/ Kyle P. Kirsch
MICHAEL R. SISTRUNK, T.A. (#12111)
KYLE P. KIRSCH (#26363)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

### CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

/s/Kyle P. Kirsch