UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CIVIL ACTION NO. 05-04182 |
| KATRINA CANAL | * | |
| BREACHES LITIGATION | * | SECTION "K" |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE DIV. 2 |
| | * | MAG. JUDGE WILKINSON |
| PERTAINS TO: LEVEE | * | |
| | * | |
| CA NO. 07-4391 | * | |
| DAWN P. ADAMS, *et al* | * | |
| v. | * | |
| THE UNITED STATES | * | |
| OF AMERICA, *et al* | * | |
| | * | |

## JAMES CONSTRUCTION GROUP, LLC'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES Defendant James Construction Group, LLC ("James Construction"), through undersigned counsel, and respectfully submits this Memorandum in Support of its Motion To Dismiss Plaintiffs' claims against it with prejudice. In support of its Motion to Dismiss, James Construction avers as follows:

### I.     INTRODUCTION

The Plaintiffs' claims against James Construction should be dismissed with prejudice pursuant to Rule 12(b)(6) because it is clear from the face of the Plaintiffs' Supplemental Complaint that the claims against James Construction have prescribed. La. Civ. Code art. 3492

places a one-year prescriptive period on delictual actions such as this one. As set forth more fully below, the Plaintiffs' claims are untimely.

In addition, Plaintiffs fail to state any claim against James Construction on which relief can be granted, accordingly, their claims against James Construction must be dismissed.

## II.   FACTUAL BACKGROUND

On August 27, 2007, Plaintiffs filed their Complaint ("Complaint"). In that Complaint, Plaintiffs named James Construction among myriad other defendants. (*See* Complaint at p. 85, ¶2(r)). The Plaintiffs' Complaint alleges that the Plaintiffs' damage was caused by the supposed negligence of the defendants, including James Construction. It is clear that the Complaint is facially prescribed, as it was filed August 27, 2007, and alleges damages for actions that took place more than one year prior to filing.1

Substantively, the Complaint meticulously sets forth the Plaintiffs case both generally and specifically as to each defendant. The Master Complaint contains at least 132 paragraphs worth of "Factual Allegations," which generally set forth the Plaintiffs' alleged timeline of events including the conception, design, and construction of the flood walls for each of the subject canals, and the timing of the storm and alleged breaches of the walls. *See* Complaint pp. 88-114.

Next, the Complaint sets forth the Plaintiffs' "Allegations of Fault." *See* Complaint pp. 114-129. The "Allegations of Fault" section of the Complaint is further sub-divided into eight "Counts," which allege injury on behalf of *specific* sub-classes of Plaintiffs, and fault for those injuries against *specific* defendants. James Construction appears nowhere among the "Allegations of Fault."

---

1 Even assuming, for the purposes of this motion, that the prescriptive period did not commence until August 29, 2005 (the date of Hurricane Katrina).

{N1701129.1}

Because it is prescribed, and because it fails to state a claim upon which relief may be had, James Construction submits this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.     RULE 12(B)(6) STANDARDS FOR GRANTING MOTION TO DISMISS.

For purposes of a motion brought under Rule 12(b)(6), the allegations made in the challenged pleadings are to be taken as true. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). However, in order to avoid dismissal, a plaintiff must "plausibly suggest" and not merely be consistent with entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-1965; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Systems Contractors Corp. v. Orleans Parish Sch. Bd.*, Nos. 94-2276, 95-3310, 1996 WL 547414, at *1 (E.D. La. Sept. 24, 1996) ("The court is not required to 'conjure up unpled allegations' to save a complaint.")  Further, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, the statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Sweirkiewicz v. Sorema*, 534 U.S. 506, 511 (2002). Because the Complaint fails to set forth any claim against James Construction, it must be dismissed.

Certain affirmative defenses that clearly appear on the face of the plaintiff's complaint-most commonly that the statute of limitations has run-may properly be asserted in a Rule 12(b)(6) motion. *See Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas,* 20

{N1701129.1}

F.3d 1362, 1366 (5th Cir. 1994); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283 (5th Cir. 1990); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 352 (1990).  While all factual allegations must be accepted as true for purposes of this motion, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Todd v. Brown & Williamson Tobacco Corp.*, 924 F.Supp. 59, 62 (W.D. La. 1996).  Rather, a plaintiff must plead specific facts, and not mere conclusory allegations, to avoid a motion to dismiss.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  See also *Halliburton Co. v. Norton Drilling Co.*, 302 F.2d 431, 435 (5th Cir. 1962) (a naked conclusion of law, unsupported by factual allegations need not be given any weight in determining the sufficiency of a complaint).  Because the Complaint is prescribed on its face, and contains no facts to suggest otherwise, these standards dictate that Plaintiffs' claims against James Construction be dismissed as prescribed.

## IV.  PLAINTIFFS' CLAIMS AGAINST JAMES CONSTRUCTION ARE PRESCRIBED

### A.  Plaintiffs' Claims are Facially Prescribed.

The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. *Kendall Co. v. Southern Medical Supplies, Inc.*, 913 F. Supp. 483 (E.D. La. 1996).  In the instant case, Plaintiffs' Complaint unequivocally pleads only a negligence cause of action against James Construction. (Complaint at ¶ 29).  The issue of prescription should be decided on the facts alleged in the Complaint.  *Waguespack v. Judge,* 04-137 (La. App. 5 Cir. 6/29/00), 87 So. 2d 1090, 1092.

{N1701129.1}

Under the Louisiana Civil Code, delictual actions such as this one are subject to a one year prescriptive period. La. Civ. Code art. 3492. A party generally must assert a delictual claim within one year from the date the injury or damage is sustained." *Hoerner v. Wesley-Jensen*, No. 95-0553 (La. App. 4 Cir. 11/20/96); 684 So.2d 508, 510. As a general rule, prescription begins to run "when plaintiff has actual or constructive notice of the alleged tortious act." *Mistich v. Cordis Manufacturing Co.*, 607 So.2d 955, 956 (La. App. 4th Cir. 1992). Here, it is clear on the face of the Plaintiffs' Complaint that the alleged injury occurred on or about August 29, 2005. It is equally clear from the court record that Plaintiffs' Complaint was filed more than a year after the injury-causing event. Accordingly, Plaintiffs' claims against James Construction are time-barred and subject to dismissal, with prejudice, under FRCP 12(b)(6).

### B. Plaintiffs Cannot Prove That the Complaint Was Filed Timely.

Once a moving party meets its initial burden of showing that a tort claim has prescribed, "then the burden shifts to the plaintiff to prove an exception to prescription." *Terrebonne Parish School Board v. Columbia Gulf Transmission Company,* 290 F.3d 303, 320 (5th Cir. 2002). Because the Complaint is prescribed on its face, the burden shifts to the Plaintiff to prove that it is timely. *Id.*

#### i. Plaintiffs' do not allege that they failed to discover their claims prior to August 28, 2006.

Plaintiffs may attempt to meet their burden by arguing the "discovery rule." The one-year prescriptive period begins to run when the plaintiff "discovers or should have discovered" the facts underlying his cause of action. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). The period thus begins to run when there is either actual or constructive knowledge. Constructive knowledge sufficient to trigger prescription is more than mere apprehension that something might be wrong, but less than actual knowledge that something is wrong. *Griffin v.*

{N1701129.1}

*Kinberger*, 507 So. 2d 821, 823 (La. 1987). Prescription thus begins to run when it can be objectively determined that the exercise of reasonable diligence would have alerted a reasonably minded plaintiff of the reasonable possibility that it was the victim of tortious conduct. *Griffin*, 507 So. 2d at 823. Stated differently, constructive notice exists when a plaintiff "has sufficient information to excite attention sufficient to prompt further inquiry and includes knowledge and notice of everything to which the inquiry might lead." *Adams v. FNBC*, 644 So.2d 219 (La. App. 4th Cir. 1994).

In this case, the Complaint does not allege any facts, which accepted as true, would establish that Plaintiffs, in the exercise of reasonable diligence, could not have discovered that they were the possible victims of tortious conduct prior to August 28, 2006. Indeed, the instant litigation stands as testament to the fact that such an argument would be wholly meritless. Allegations of negligence in the design and construction of the New Orleans area levees and knowledge concerning the participants in that design and construction were well-known within three months of the August 29, 2005 storm. For example, on November 3, 2005, the Berthelot Plaintiffs filed in Civil Action No. 05-4182 a Motion To File Supplemental And Amending Complaint, seeking leave "to amend their complaint to add additional information and to add additional parties in light of information that they have obtained." Rec. Doc. No. 5 at 1. The proposed amended complaint, which was filed in the record on November 25, 2005, alleged that "the breaches and failure of the hurricane protection levees and flood walls were caused by the negligence and fault of the defendants," including "JAMES CONSTRUCTION GROUP LLC." See Rec. Doc. No. 7, ¶ 35. As the Court is aware, multiple lawsuits followed in 2005 and 2006,

each setting forth similar allegations.[2] Under the circumstances, Plaintiffs cannot seriously suggest that they were unable to have discovered and filed their claims before August 28, 2006, making their August 27, 2007 suit untimely.

### ii.     The Court's "period of suspension" does not cure Plaintiffs' delay.

The Plaintiffs may also argue that this Court's suspension of the prescriptive periods in the wake of Hurricane Katrina somehow excuses their out-of-time filing. However, the Court's period of suspension was lifted on November 25, 2005. Even if it is assumed that prescription did not begin to run on Plaintiffs' claims against James Construction until November 25, 2005, the last date to bring suit was November 25, 2006. *See e.g. Antoine v. Riley*, 2007 WL 1537622 (E.D. La. 2007), *2. Plaintiffs' August 27, 2007 Complaint is simply too late.

### ii.     Plaintiffs may not avail themselves of La. R.S. 9:5824.

Finally, Plaintiffs may argue that they are entitled to a suspension and/or extension of the statute of limitations as a result of La. R.S. 9:5824, which provides that parties in storm-affected areas may seek a limited suspension and/or extension of the prescriptive deadlines. The statute further provides that any limited suspension shall terminate on June 1, 2006.[3] *Id.* "Accordingly, for a suspension or extension of prescription to apply, a party must have sought a

---

[2] James Construction has been named in at least 20 cases arising out of the failure of the London Avenue Canal levees, including 05-05237 (Vodanovich); 05-06073 (Kirsch); 05-06314 (Ezell); 05-06324 (Brown); 05-06327 (LeBlanc); 06-00020 (Tauzin); 06-00886 (Finney); 06-02278 (Christenberry); 06-02287 (Sanchez); 06-04065 (Adams); 06-04634 (Adams); 06-05032 (Joseph); 06-05260 (Leduff); 06-05308 (Gisevius); 06-05785 (Cochran); 06-05937 (Yacob); 06-06642 (Pontchartrain Baptist Church). Most, if not all, of these cases were filed before the one year anniversary of Katrina.

[3] The other potentially relevant statutes, La. R.S. 9:5822 and 9:5823 provide no relief to Plaintiffs in this case, as those statutes explicitly suspend prescription only for deadlines or prescriptive periods that would have occurred between August 26, 2005 and January 3, 2006. In this case, the prescriptive period (or statute of limitations) lapsed in August 2006. Moreover, that legislation only suspended deadlines through January 3, 2006, and because the Complaint was not filed until August 2007, La. R.S. 9:5822 and 9:5823 are inapplicable.

suspension or extension prior to June 1, 2006, in the appropriate jurisdiction." *Parker v. B&K Construction Co.*, 2006-1465 (La. App. 4 Cir. 6/27/07).  In this instance, there is no evidence that Plaintiffs sought such a suspension or extension.  Moreover, even assuming *arguendo* that they had applied for and received a suspension/extension, it would have expired on June 1, 2006. La. R.S. 9:5824(B)(1).  It is clear from the face of Plaintiffs' Complaint that it was not filed until August 27, 2007, more than one year from the last possible date of any suspension.  Accordingly, the Complaint is too late, and their claims prescribed.

## V. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST JAMES CONSTRUCTION

Plaintiffs have failed to state a claim against James Construction and, as a result, their claims should be dismissed.  The Complaint, in fact, contains only four references to James Construction, one of which is in the paragraph naming James Construction as a defendant. Among the general "Factual Allegations," are two paragraphs that mention James Construction. James Construction is not mentioned *anywhere* among the "Allegations of Fault."  Further, Plaintiffs' Complaint specifically indicates which defendants are allegedly liable, or, in the Plaintiffs' words, have "legal responsibility" for the alleged damages resulting from each canal. James Construction is nowhere mentioned among those lists of defendants, and is certainly not listed among the defendants allegedly "responsible" for the London Avenue Canal.[4]  Indeed, according to Plaintiffs, the only Defendants responsible for the breaches in the London Avenue Canal are the Corps of Engineers, the Orleans Levee District, Burk-Kleinpeter, Gotech, and B&K Construction.  (*See* Complaint at ¶ 184).  It is clear that Plaintiffs are not claiming that

---

[4] Plaintiffs do not allege that James Construction performed work on any canal other than the London Avenue Canal.

James Construction was at fault in the breaches of the London Avenue Canal. Accordingly, Plaintiffs do not state a claim under which relief can be had against James Construction.

## VI. CONCLUSION

It is clear from the face of Plaintiffs' Complaint, that their claims against James Construction are prescribed. On the face of the pleadings, and pursuant to the applicable law, he Plaintiffs cannot meet their burden to show some exception to the prescriptive period. Considering the foregoing, James Construction respectfully requests that this Court dismiss Plaintiffs' claims against James Construction Group, LLC, in their entirety, as prescribed.

Further, it is clear from the substance of the Complaint that Plaintiffs do not state a claim against James Construction. Accordingly, the Complaint should be dismissed insofar as it relates to James Construction.

Respectfully submitted,

\_\_/s/ Emily E. Eagan_____
RICHARD J. TYLER, T.A. (#1155)
EMILY E. EAGAN (#29166)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
(504) 582-8266
Attorneys for James Construction Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via ECF, or, if necessary, facsimile, or by placing in the United States Mail, postage prepaid, and properly addressed this 21st day of January, 2008.

\_\_/s/ Emily E. Eagan_____

{N1701129.1}

{N1701129.1}