UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| | * | |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | |
| PERTAINS TO:  LEVEE | * | JUDGE DUVAL |
| | * | |
| FILED IN:  07-5358 | * | MAG. WILKINSON |
| *      *      *      *      *      *      * | | |

## ANSWER AND DEFENSES OF THE BOARD OF COMMISSIONERS OF THE EAST JEFFERSON LEVEE DISTRICT TO COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Commissioners of the East Jefferson Levee District ("EJLD"), who answers and sets forth its affirmative defenses to Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), the Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

The EJLD is a political subdivision of the State of Louisiana and is, under La. R.S. 9:2798.1, entitled to immunity for all actions and inactions as alleged in the Complaint.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, the EJLD is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

## FOURTH DEFENSE

Defendant avers that all the levees were constructed in accordance with federal guidelines.

## FIFTH DEFENSE

Defendant alleges that plaintiffs have failed to mitigate their damages, if any.

## SIXTH DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, La. R.S. 9:2800, La. R.S. 9:2800.17 and La. R.S. 13:5106.

## SEVENTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy any alleged defect, the existence of which is denied.

## EIGHTH DEFENSE

Defendant affirmatively alleges that it never had actual or constructive notice, prior to the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm, the existence of which is denied.

## NINTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is denied.

## TENTH DEFENSE

Defendant alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue. To the contrary, the exclusive right, jurisdiction, power and authority to design and construct the levees in question was conferred by law to persons or entities other than the EJLD.

## ELEVENTH DEFENSE

Defendant denies that it was negligent, but in the event it is deemed negligent, then the negligence or fault of the defendant should be compared to the negligence or fault of others, both parties and non-parties to the instant action, and any recovery against defendant should be reduced accordingly.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury and loss of property constituted known risks.

## FOURTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, then any injuries and/or damages resulted from an independent, intervening, and/or superseding cause for which defendant may not be held responsible.

## FIFTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs' injuries and damages, if any, resulted from circumstances and causes that could not have been prevented by the defendant.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct alleged in plaintiff's Complaint.

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant hereto, it acted as a Federal Officer and/or Federal Contractor under 28 U.S.C. § 1442(a)(1).

## NINETEENTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others.  To the extent that the same is applicable, defendant specifically herein pleads the Government Contractor Defense.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous.  As such, defendant reserves the right to seek more definite allegations from plaintiffs to amend its answer.

## TWENTY-FIRST DEFENSE

Defendant affirmatively pleads that plaintiffs are not entitled to attorney's fees, costs or judicial interest.

## TWENTY-SECOND DEFENSE

Defendant affirmatively pleads that plaintiffs' claims are barred, either in whole or in part, by the applicable period of limitations or prescriptive/preemptive period and/or latches.

## TWENTY-THIRD DEFENSE

Defendant affirmatively pleads the provisions of La R.S. 9:2772 (preemptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

## TWENTY-FOURTH DEFENSE

Defendant affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. § 701, *et. seq.*

## TWENTY-FIFTH DEFENSE

Defendant affirmatively avers that to the extent plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Torts Claims Act.

## TWENTY-EIGHTH DEFENSE

Plaintiffs have failed to join indispensable parties as required by Federal Rule of Civil Procedure Rule 19.

## TWENTY-NINTH DEFENSE

Defendant affirmatively pleads the doctrine of *Lis Pendens*.

## THIRTIETH DEFENSE

Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

1. Additional defenses become applicable under state or federal law.
2. Additional defenses are established as discovery proceeds.
3. Additional defenses are available under subsequently asserted theories of recovery.

## THIRTY-FIRST DEFENSE

Defendant affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against the EJLD are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law.

## THIRTY-THIRD DEFENSE

If any of the plaintiffs have received compensation or reimbursement, or should receive compensation or reimbursement, for any of their respective alleged damages, the EJLD is entitled to credit or setoff.

## THIRTY-FOURTH DEFENSE

Defendant affirmatively pleads the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (La. R.S. 29:721, *et seq.*).

## THIRTY-FIFTH DEFENSE

Plaintiffs' right to trial by jury against the EJLD is limited by the provisions of La. R.S. 13:5105.

## THIRTY-SIXTH DEFENSE

Defendant specifically objects to a trial by jury.

## THIRTY-SEVENTH DEFENSE

Defendant avers that the plaintiffs' claims are barred under the provisions of La. C.C. art 2315, in whole or in part, because plaintiffs cannot establish: (a) the EJLD's alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the EJLD's alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the EJLD owed any duty to the plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the EJLD breached such duty.

## THIRTY-EIGHTH DEFENSE

Defendant avers the Independent Contractor Defense to the extent plaintiffs seek to hold the EJLD responsible for the acts and/or omissions and/or fault of any third party entities, including but not limited to contractors and/or subcontractors.

## THIRTY-NINTH DEFENSE

The EJLD owed no duty to the plaintiffs and, therefore, did not breach any duty.

## FORTIETH DEFENSE

The EJLD is not liable to plaintiffs under any alleged "Act of Assurance".

## FORTY-FIRST DEFENSE

Defendant affirmatively pleads the doctrine of *Res Judicata.*

## FORTY-SECOND DEFENSE

The EJLD hereby incorporates by reference each and every exception, denial, defense and response contained in any pleading previously filed on its behalf in Civil Action No. 05-4182 (Levee and MRGO) on the docket of this Court, as if set forth and copied herein in extenso.

## FORTY-THIRD DEFENSE

The EJLD adopts by this reference any and all other defenses pled either now or later by any other named defendant to this action, if not otherwise set forth herein.

**AND NOW**, answering separately the allegations to the Complaint, EJLD responds as follows:

1.

The allegations contained in paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph 3 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is

required, the allegations contained in paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of the Complaint are admitted to the extent that the EJLD is a political subdivision of the State of Louisiana.  Except as specifically admitted, all remaining allegations are denied.

8.

The allegations contained in paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

It is admitted that National Union issued a policy of insurance to the EJLD, and that policy is the best evidence of its own terms and conditions and is plead as though copied herein *in extenso*.  Except as specifically admitted, the remainder of the allegations contained in paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in paragraph 10 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph 12 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph 13 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in paragraph 14 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is

required, the allegations contained in paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in paragraph 15 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in paragraph 16 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in paragraph 17 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations contained in paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations contained in paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in paragraph 42 of the Complaint are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in paragraph 44 of the Complaint are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in paragraph 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief therein.

50.

The allegations contained in paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in paragraph 51 of the Complaint are denied for lack of sufficient information to justify a belief therein.

52.

The allegations contained in paragraph 52 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 52 of the Complaint are denied.

53.

The allegations contained in paragraph 53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief therein.

55.

The allegations contained in paragraph 55 of the Complaint are denied for lack of sufficient information to justify a belief therein.

56.

The allegations contained in paragraph 56 of the Complaint are denied for lack of sufficient information to justify a belief therein.

57.

The allegations contained in paragraph 57 of the Complaint are denied for lack of sufficient information to justify a belief therein.

58.

The allegations contained in paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief therein.

59.

The allegations contained in paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief therein.

60.

The allegations contained in paragraph 60 of the Complaint are denied for lack of sufficient information to justify a belief therein.

61.

The allegations contained in paragraph 61 of the Complaint are denied for lack of sufficient information to justify a belief therein.

62.

The allegations contained in paragraph 62 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 62 of the Complaint are denied.

63.

The allegations contained in paragraph 63 of the Complaint are denied for lack of sufficient information to justify a belief therein.

64.

The allegations contained in paragraph 64 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 64 of the Complaint are denied.

65.

The allegations contained in paragraph 65 of the Complaint are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in paragraph 67 of the Complaint are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in paragraph 68 of the Complaint are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in paragraph 69 of the Complaint are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in paragraph 70 of the Complaint are denied for lack of sufficient information to justify a belief therein.

71.

The allegations contained in paragraph 71 of the Complaint are denied for lack of sufficient information to justify a belief therein.

72.

The allegations contained in paragraph 72 of the Complaint are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in paragraph 73 of the Complaint are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in paragraph 74 of the Complaint are denied for lack of sufficient information to justify a belief therein.

75.

The allegations contained in paragraph 75 of the Complaint are denied for lack of sufficient information to justify a belief therein.

76.

The allegations contained in paragraph 76 of the Complaint are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in paragraph 77 of the Complaint are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in paragraph 78 of the Complaint are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 of the Complaint are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in paragraph 80 of the Complaint are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in paragraph 81 of the Complaint are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in paragraph 82 of the Complaint are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in paragraph 83 of the Complaint are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in paragraph 84 of the Complaint are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in paragraph 85 of the Complaint do not require a response from the EJLD.

86.

The allegations contained in paragraph 86 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 86 of the Complaint are denied.

87.

The allegations contained in paragraph 87 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 87 of the Complaint are denied.

88.

The allegations contained in paragraph 88 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 88 of the Complaint are denied.

89.

The allegations contained in paragraph 89 of the Complaint do not require a response from the EJLD.

90.

The allegations contained in paragraph 90 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 90 of the Complaint are denied.

91.

The allegations contained in paragraph 91 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 91 of the Complaint are denied.

92.

The allegations contained in paragraph 92 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 92 of the Complaint are denied.

93.

The allegations contained in paragraph 93 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 93 of the Complaint are denied.

94.

The allegations contained in paragraph 94 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 94 of the Complaint are denied.

95.

The allegations contained in paragraph 95 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 95 of the Complaint are denied.

96.

The allegations contained in paragraph 96 of the Complaint do not require a response from the EJLD.

97.

The allegations contained in paragraph 97 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 97 of the Complaint are denied.

98.

The allegations contained in paragraph 98 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 98 of the Complaint are denied.

99.

The allegations contained in paragraph 99 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 99 of the Complaint are denied.

100.

The allegations contained in paragraph 100 of the Complaint contain conclusions of law and therefore require no answer from the EJLD. Nevertheless, to the extent an answer is required, the allegations contained in paragraph 100 of the Complaint are denied.

101.

The allegations contained in paragraph 101 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 101 of the Complaint are denied.

102.

The allegations contained in paragraph 102 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 102 of the Complaint are denied.

103.

The allegations contained in paragraph 103 of the Complaint do not require a response from the EJLD.

104.

The allegations contained in paragraph 104 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 104 of the Complaint are denied.

105.

The allegations contained in paragraph 105 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 105 of the Complaint are denied.

106.

The allegations contained in paragraph 106 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 106 of the Complaint are denied.

107.

The allegations contained in paragraph 107 of the Complaint do not require a response from the EJLD.

108.

The allegations contained in paragraph 108 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 108 of the Complaint are denied.

109.

The allegations contained in paragraph 109 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 109 of the Complaint are denied.

110.

The allegations contained in paragraph 110 of the Complaint do not require a response from the EJLD.

111.

The allegations contained in paragraph 111 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 111 of the Complaint are denied.

112.

The allegations contained in paragraph 112 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 112 of the Complaint are denied.

113.

The allegations contained in paragraph 113 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 113 of the Complaint are denied.

114.

The allegations contained in paragraph 114 of the Complaint do not require a response from the EJLD.

115.

The allegations contained in paragraph 115 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 115 of the Complaint are denied.

116.

The allegations contained in paragraph 116 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 116 of the Complaint are denied.

117.

The allegations contained in paragraph 117 of the Complaint contain conclusions of law and therefore require no answer from the EJLD.  Nevertheless, to the extent an answer is required, the allegations contained in paragraph 117 of the Complaint are denied.

**WHEREFORE**, defendant, Board of Commissioners of the East Jefferson Levee District, prays that this answer be deemed good and sufficient, and after due proceedings are had, that there be judgment in favor of defendant, Board of Commissioners of the East Jefferson Levee

District, and against plaintiff, dismissing all claims against it, with prejudice, and at plaintiff's cost, and for all other equitable and just relief.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

*s/ Nicole M. Boyer*

_____

**LAWRENCE J. DUPLASS (#5199)
GARY M. ZWAIN (#13809)
JOSEPH E. BEARDEN (#26188)
NICOLE M. BOYER (#29775)**
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
Email:  nboyer@duplass.com
**ATTORNEYS FOR DEFENDANT,
BOARD OF COMMISSIONERS OF THE
EAST JEFFERSON LEVEE DISTRICT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 22nd day of January, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/ Nicole M. Boyer*

_____

**NICOLE M. BOYER**