## Exhibit B

### CSX-related allegations in the Master Complaint:

"The following defendants had the legal responsibility and duty to these plaintiffs to protect against the harm and damages alleged herein resulting from the failure of the IHNC: the defendants Corps, OLD, St. Paul, CSX, PBR, and PNO." (¶ 254)

"Upon information and belief, defendant CSX designed and constructed a railroad crossing at or near the IHNC's flood protection structures. In so doing, CSX utilized highly erodible, lightweight, and/or porous materials including, but not limited to, 'shell sand' and gravel, which caused CSX's structures to be significantly weaker than its surrounding flood protection structures." (¶ 258)

"Upon information and belief, CSX also failed to install a 'sheet pile cutoff' or similar device to prevent or limit erosion of its structure." (¶ 259)

"Upon information and belief, CSX could have prevented the failure of its structure at minimal additional cost by installing concrete 'splash pads' or other erosion protection devices at the base of the 'I-walls.'" (¶ 260)

"CSX failed to exercise due care in buildings [sic] its structure, and its failures directly and/or proximately caused an/or contributed to the breaches of the IHNC on the west side." (¶ 261)

### CSX-related allegations in the *Cina* complaint:

"Upon information and belief, CSX designed and built a railroad crossing in close proximity to flood protection structures using substandard, unstable, and porous materials, causing these flood structure to be much weaker than surrounding flood protection structures." (¶ 111).

"Upon information and belief, CSX did not install appropriate and proper erosion prevention measures such as a 'sheet pile cutoff.'" (¶ 112)

"Upon information and belief, CSX failed to install concrete 'splash pads' and other erosion prevision measures at the bottom of the 'I-walls,' the inclusion and installation of which could have prevented the failure of its structures." (¶ 113)

"CSX did not exercise due care in constructing its structures and its acts of fault and/or negligence proximately caused and/or contributed to breaches of certain levees or floodwalls." (¶ 114)

EXHIBIT B

## CSX-related Allegations in the *Morial* Complaint:[1]

"[U]pon information and belief, CSX Corp. and/or CSX Inc. (collectively "CSX") designed and constructed a railroad crossing at or near the Industrial Canal's flood protection structures. In doing so, CSX utilized highly erodible, lightweight, and/or porous materials, including, but not limited to, 'shell sand' and gravel, which caused CSX's structures to be significantly weaker than the surrounding flood protection structures. Upon information and belief, CSX also failed to install a 'sheet pile cutoff' or similar device to prevent or limit erosion of its structure. Indeed, CSX could have prevented the failure of its structure at minimal cost by installing concrete 'sheet pads' or other erosion protection devices at the base of the I-walls of the Industrial Canal." (¶ 100)

"The Corps, PNO, CSX, and PBR had a legal responsibility and duty to Plaintiffs to cause, allow, and/or construct the design and construction of the levees and flood walls of the Industrial Canal in a manner that would not compromise the safety of the canal's levee/flood wall system. As discussed supra, the Corps, PNO, CSX, and PBR knew or should have known of the deficiencies in the design, construction, and maintenance of the Industrial Canal." (¶ 142)

"As a result of the negligence of the Corps, PNO, CSX, and PBR in the design, construction, and maintenance of the Industrial Canal, the Industrial Canal breached on the west side, causing damage to Plaintiff's property." (¶ 143)

"As a direct and proximate result of the negligence of the Corps, PNO, CSX, and PBR in the design, construction, and maintenance of the Industrial Canal, Plaintiff suffered extensive damage, including, but not limited to, loss of property (both immovable and movable), diminution of property value, evacuation expenses, additional living expenses, mental anguish, emotional distress, attorneys' fees, and other special damages to be proven at trial." (¶ 144).

---

[1] With the exception of the *Cina* complaint, the other 116 complaints which are the subject of this motion were filed by James M. Garner of the law firm Sher Garner. While the paragraph numbering may differ slightly, the allegations as to CSXT in each of these Sher Garner complaints are identical. For the convenience of the parties and the Court, CSXT herein provides the allegations keyed to paragraph numbers in the Complaint styled *Morial v. United States, et al.*, No. 07-4551 and represents that identical allegations may be found in the 115 other Sher Garner complaints.