UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COOPER,

    Plaintiff,

CASE NO. 05-CV-73392

-vs-

CSX TRANSPORTATION, INC.,

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant CSX Transportation, Inc.'s ("Defendant") April 16, 2007 Motion for Summary Judgment. (Doc. No. 25). On May 16, 2007, Plaintiff Donald C. Cooper ("Plaintiff") filed his Response. The Court held a motion hearing on October 18, 2007. For the following reasons, the Court GRANTS the Motion.

**I.    BACKGROUND**

This case arises out of Plaintiff's claim Defendant failed to provide a safe work-place and adequate warnings pursuant to the Federal Employee Liability Act ("FELA"). Plaintiff Donald Cooper ("Plaintiff") began working for Defendant in 1967 when he graduated from high school. (Plf's Br. Ex. A, Cooper Dep. 6). Plaintiff then spent two years in the Navy but returned to work for Defendant in 1970. (*Id.* at 7). Plaintiff continued to work for Defendant as a clerk or operator until February 3, 2003. (*Id.* at 8-16, 19-22, 25). During Plaintiff's long career as a railway worker, Plaintiff held a variety of jobs, which included walking over ballast though the railyards. (*Id.*)

Ballast, which consists of crushed rock and other materials, is used to support the track



structure and allow drainage. Mainline ballast is composed of larger materials, generally 3/4 of an inch to 2 inches in diameter. (Plf's Br. Ex. J, Dunn Dep. at 33-34). Yard ballast is smaller than mainline ballast and is 3/8 of an inch to 1 inch in diameter. (*Id.* at 33). The American Railway Engineering and Maintenance of Way Association recommended practices, and Defendant's own maintenance of way instructions, call for the use of yard ballast in areas of frequent foot traffic. (*Id.* at 25, 31-34). Plaintiff and two of his co-workers agree that walking on mainline ballast is strenuous and provides uneven footing. (Cooper Dep. at 32; Plf's Br. Ex. E, Wellhausen Dep. at 17; Plf's Br. Ex. F. Ringler Dep. at 17-19).

In 2000, Plaintiff started to experience pain in his right leg. (*Id.* at 27). Plaintiff went to his family physician, Dr. David Rosenberg, to receive treatment. (*Id.*). Dr. Rosenberg did not diagnose Plaintiff but referred him to other specialists between 2000 and 2002. (*Id.* at 30). In September 2002, Plaintiff was referred to a specialist named Dr. Peter Bono, who performed an x-ray on Plaintiff's pelvis on October 15, 2002. This x-ray revealed that Plaintiff was likely suffering from avascular necrosis in the right hip. (Plf's Br. Ex. C, X-ray Report).

On April 10, 2003, Plaintiff's orthopaedic surgeon suggested that Plaintiff's condition was related to his repeated exposure to walking on ballast over his career. (Cooper Dep. at 32; Plf's Br. Ex. D, Habusta Dep. at 18). Avascular necrosis of the hip is a condition in which "the hip actually will lose its blood supply, and the bone in the hip will die and become deformed and collapsed and painful." (Habusta Dep. at 11:25-12:2). Avasular necrosis is often related to alcohol use, steroid use, diabetes or trauma of the hip. (*Id.* at 41-45; Def's Br. Ex. B Nieman Aff. ¶ 6). This condition can also present as "idiopathic," or having no known cause. (Nieman Aff. ¶ 10).

Plaintiff filed the instant suit on September 1, 2005, alleging Defendant was negligent in

2

maintaining a safe work environment. Plaintiff contends his condition is at least partially attributed to Defendant's decision to use mainline ballast in areas of the railway yard which had frequent foot traffic.

Defendant filed a Motion for Summary Judgment alleging that Plaintiff's claim is (1) barred by the statute of limitations; (2) fails to set forth any evidence that Defendant was negligent or caused Plaintiff's injury; and (3) Plaintiff's claim is precluded by the Federal Railroad Administration's ("FRA") Track Safety Standards as set forth in 49 C.F.R. § 213.103.

## II. ANALYSIS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action

3

or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

**B.    Preclusion under Federal Railway Safety Act**

Defendant argues that Plaintiff's claims under FELA is precluded by federal law which covers the subject matter of Plaintiff's claim. Specifically, Defendant contends the Federal Railway Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq.*, implemented in 49 C.F.R. § 213.103, and enforced through the FRA, precludes Plaintiff's claim.

4

The Supreme Court has held that the FRSA preempts state court claim in two situations. In *CSX Transp. Inc. v. Easterwood,* 507 U.S. 658 (1993), the Court found the FRSA preempted a state law claim where the plaintiff alleged the train was traveling at an excessive rate of speed. *Id.* at 664. In *Norfolk Southern Ry. Co. v. Shanklin,* 529 U.S. 334 (2000), the Court held that the FRSA preempted a state law claim based on the allegation that the railroad did not maintain adequate warning devices. 529 U.S. at 358-59. In both of these cases, the Court relied upon the FRSA's preemption provision which states that to preempt a state law claim the "federal regulation must cover the same subject matter, and not merely relate to that subject matter." *Id.* at 352 (internal citation omitted). The Court reasoned that regulations adopted by the FRA pursuant to FRSA preempted state law claims where the promulgated federal regulations "not only establish[] a ceiling, but also preclud[e] additional state regulations of the sort that [plaintiff] seeks to impose on [defendant]." *Easterwood,* 501 U.S. at 674.

Defendant argues that just as the Supreme Court has found that state law claims are preempted where a federal regulation "covers" the same subject matter, here the FRSA's regulation regarding ballast precludes Plaintiff's FELA claim.[1] Defendant contends that allowing Plaintiff's

---

[1]Section 213.103, "Ballast; general" states:

Unless it is otherwise structurally supported, all track shall be supported by material which will–

(a)   Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

(b)   Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;

(c)   Provide adequate drainage for the track; and

claim to go forward would undermine the FRA's goal of national uniformity and also impose greater requirements on railroads than those set by the FRA.

Defendant relies on three pertinent cases for its argument. In *Waymire v. Norfolk & Western Ry. Co.*, 218 F.3d 773 (7th Cir. 2000), the Seventh Circuit Court of Appeals relied upon the Supreme Court's holding in *Easterwood* in a factually similar action which involved an employee's claim pursuant to FELA. In *Waymire*, the court held,

> [t]o treat cases brought under federal law differently from cases brought under state law would defeat FRSA's goal of uniformity. It would deny recovery to the motorist struck by the train, but not to the engineer operating the train. We do not believe this is the result envisioned by the statute or by the Supreme Court decisions. To the extent that FELA, then, is inconsistent with FRSA on the issues of train speed and warning devices at grade crossings, we hold that FRSA supersedes FELA.

218 F.3d at 777. In *Lane v. R.A. Simms, Jr. Inc.*, 241 F.3d 439 (5th Cir. 2001), the Fifth Circuit Court of Appeals similarly relied upon *Easterwood*, and held that an employee's claim under FELA was precluded by the FRA safety regulations regarding train speed regulations. *Id.* at 443-44. In *Norris v. Central of Georgia R.R. Co.*, 635 S.E.2d 179 (Ga. Ct. App. 2006), the court held that where an employee had claimed a railroad was negligent for using mainline ballast instead of yard ballast pursuant to FELA, his claim was precluded by the Track Safety Standards regarding ballast as set forth in § 213.103.

The Court recognizes that Eastern District of Michigan Judges Marianne Battani and Robert Cleland have recently issued opinions on this exact issue, holding that a plaintiff's FELA claim was precluded under the FRSA. *See Ferra v. Canadian Nat'l/Illinois Central R.R.*, No. 40 (E.D. Mich., May 4, 2007); *Nickels v. Grand Trunk Western R.R.*, No.34 (E.D. Mich., May 30, 2007). These

---

(d)   Maintain proper track crosslevel, surface, and alignment.

49 C.F.R. § 213.103.

decisions rely upon *Waymire, Lane, and Norris*. *Ferra*, No. 40, slip op. at 10; *Nickels*, No. 34 at 6 (relying upon the analysis in *Ferra*).

In *Ferra*, the court noted that there was no risk that juries would reach different results in employee and non-employee cases because the injury involved a cumulative injury. *Ferra*, No. 40, slip op. at 9. However, the court found that there was the goal of uniformity would be undermined if juries reached different results in similar employee cases. *Id.* at 10. The court further held the § 213.103 "covered" the same subject matter and therefore preclusion was appropriate. *Id.*

This Court agrees with the analysis set forth *Ferra* and applied in *Nickels*. Allowing Plaintiff's claim to proceed would undermine the goal of national uniformity by resulting in piecemeal litigation across the nation. Further, "[i]n the same way that federal speed regulations set uniform national ceilings that a FELA claim of negligence cannot alter, the ballast regulations set a base level that a FELA claim may not augment." *Nickels*, No. 34, slip op. at 5 (internal and external citations omitted). Therefore, the Court holds summary judgment is appropriate.

C.   **Statute of Limitations**

Assuming *arguendo*, Plaintiff's claim was not precluded under FRSA, Plaintiff's claim is still barred by the statute of limitations. "To prevail on a FELA claim, a plaintiff must prove the traditional common law elements of negligence: duty, foreseeablility, and causation." *Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (internal citation omitted). Further, an employee must file his claim within "three years from the day the cause of action accrued." 45 U.S.C. § 56.

The Supreme Court has recognized that "when the specific date of *injury* cannot be determined because an injury results from continual exposure to a harmful condition over a period of time a plaintiff's cause of action accrues when the injury manifests itself." *Urie v. Thompson*, 337 U.S. 163, 170 (1949). Subsequently, the Supreme Court further refined this rule, holding that

7

an action accrues once a plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122-23 (1979). In adopting this "discovery rule" approach, the Sixth Circuit has held that a "cause of action accrues for Federal Employers' Liability Act statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known both the injury and its governing cause." *Campbell v. Grand Truck R.R. Co.*, 238 F.3d 772, 777 (6th Cir. 2001) (quoting *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095-96 (7th Cir. 1990)).

The discovery rule requires an objective inquiry into when Plaintiff knew, or in the exercise of reasonable diligence should have known, the essential facts of his condition and the potential cause of the injury. A date certain as to the injury is not required, Plaintiff need only need know or have reason to know the likely cause of the injury. *Fries*, 909 F.2d at 1095. The due diligence requirement means that a plaintiff who has reason to suspect his condition or injury is work-related must take affirmative steps to determine the cause of the injury. *Id.*

Plaintiff filed this action on September 1, 2005. Therefore, if Plaintiff was aware of sufficient facts which put him on notice that he had an injury and that he should have investigated its cause or origin prior to September 1, 2002, his claim would be barred under the statute of limitations. Plaintiff testified that he began seeking medical advice for his leg pain in 2000. Plaintiff further testified that he was aware that the only activity which bothered his leg or gave him more pain was "walking on ballast." (Cooper Dep. at 27, 31-32). Plaintiff also testified that he was officially diagnosed with avascular necrosis of the hip when he received an x-ray on October 15, 2002. (*Id.* at 52; Plf's Br. Ex. C).

Defendant argues that because he began seeking treatment in 2000 and knew that walking

8

on ballast caused him to have pain in his leg whereas no other activities had this effect, his action accrued before September 1, 2002. Taking the record in a light most favorable to Plaintiff, there appears to be no genuine issue of material fact as to when a reasonable person should have known of the condition and its cause. Plaintiff was aware of his leg pain as early as 2000, and he was also aware that walking on ballast caused him leg pain. This Court finds it unpersuasive that Plaintiff was unaware of the exact medical diagnosis of his condition until October 15, 2002. *See Matson v. Burlington N. Santa Fe*, 240 F.3d 1233, 1236 (10th Cir. 2001) (holding "knowledge of the specific cause of a work-related injury is not required to trigger the statute of limitations in a FELA action."); *Fries*, 909 F.2d at 1095 ("the injured plaintiff need not be certain of the cause . . . ."). Plaintiff was aware prior to September 1, 2002, that he had persistent leg pain which was aggravated and instigated by walking on ballast, but no other surface or other activities. (Cooper Dep. at 31-32).

In *Campbell*, the Sixth Circuit affirmed a district court decision which held a plaintiff had failed to file his claim within the statutory period where the plaintiff testified he had experienced tingling and pain on a frequent basis and always experienced the tingling while working with power tools at his job. *Campbell*, 238 F.3d at 775. The district court deduced from this testimony that the plaintiff knew "(1) he was experiencing tingling and numbness on a daily basis, and (2) the tingling pain was caused by his working with power tools. [The court further concluded] that possessing these facts, reasonable diligence on plaintiff's part would have led plaintiff to conclude that he had been injured as a result of using Grand Trunk's power tools." *Id.* (internal quotations omitted). The Sixth Circuit affirmed this decision stating "[a]ccording to his own admissions, the plaintiff experienced the symptoms of his disorder on a daily basis for several years and reasonably must have recognized the connection with his operation of power tools and equipment furnished and used

9

on his job with Grand Trunk." *Id.* at 776.

The Court finds the present case similar to *Campbell*. Plaintiff has admitted that he suffered from pain as early as 2000. He further testified that the only activity which caused the pain and aggravated it was walking on ballast. Therefore, as in *Campbell*, Plaintiff was in possession of the facts which should have given him reason to know of the existence of an injury and its connection to his walking on ballast prior to September 1, 2002.

Therefore, the Court holds alternatively that Plaintiff's claim is barred by the statute of limitations.[2]

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's Motion for Summary Judgment.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 23, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 23, 2007.

---

[2] The Court declines to address Defendant's argument in regards to negligence and causation.

10

                                        s/Denise Goodine  
                                        Case Manager