UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182  "K" (2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| | * | |
| LEVEE:       06-9151 (JONES) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, come plaintiffs Kenneth and Lori James-Jones, and file their memorandum in opposition to the motion to dismiss of the New Orleans Levee District.

**I.  FACTS**

On or about August 29, 2005, Hurricane Katrina, as predicted by weather forecasters, passed through the Parish of Orleans, and thereafter caused massive damage, including storm water, flood and wind damage to component parts and contents of plaintiffs' residence located at 4715 Werner Drive, New Orleans, Louisiana 70126, including but not limited to ancillary structures insured by the insuring agreement between plaintiffs and State Farm.  The building, ancillary building and

-1-

contents were a total loss.

After the Hurricane passed through the New Orleans area, levees and levee and flood waters protecting the City failed. Upon information and belief, although the flood waters did not exceed the height of the flood waters at the 17th Street Canal, Industrial Canal and London Avenue Canal, the levees failed to hold back the water, and flood waters poured into the City, resulting in substantial property damage, including to that of plaintiffs', Kenneth Jones and Lori James-Jones.

The levees at the 17th Street Canal, Industrial Canal and London Avenue Canal were constructed pursuant to the design specifications of the United States of America, Department of the Army, Corps of Engineers, as earthen levees and flood walls, built with steel sheet pilings driven into the ground. The steel sheet pilings were topped with a concrete cap.

Upon information and belief, before the levees and flood walls were constructed, soil borings were taken to assess the strength of the soil and its ability to withstand the force of flood waters pushing against it and still remain in place.

Upon information and belief, before construction of the levees, studied were conducted to ensure that the levees would provide protection sufficient to withstand the effects of a category 3 hurricane.

Upon information and belief, a soil stud was performed in 1981 by Defendant, Eustis Engineering, which took soil borings along the location of the 17th Street Canal Levee.

The soil borings revealed alternating layers of soft clay and soft, black humus or peat, a soft, spongy soil compromised of decaying trees and other organic material, from fifteen to twenty-one feet below sea level.

The layer of humus or peat substantially reduced the strength of the soil, particularity its strength in resisting lateral pressure and its ability to support the 17th Street Canal Levee when it was under pressure from flood water.

Despite the presence of a later of soft, spongy material at a depth of fifteen (15) to twenty-one (21) feet below sea level, the flood walls of the 17th Street Canal Levee were constructed with steel sheet piling driven to a depth that was seventeen (17) feet below sea level. At such depths, the protective sheet pilings ended above or right in the middle of layers of weak soil.

Additionally, the soil adjacent to the 17th Street Canal Levee subsided significantly after construction of the levee and flood wall, thereby significantly reducing the amount of support that the land behind the levee provided against the pressure of flood waters.

Upon information and belief, the soil studies performed in connection with construction of the 17th Street Canal Levee were not conducted with a reasonable degree of care and diligence and failed to account for the possible weakening of the soil in connection with the effect of subsidence of land on the protected side of the levee, soft soils at the base of the levee, and the soil that was weakened as flood waters pushed through subterranean levels under the levee and flood wall. Alternatively, the soil studies failed to warn against the dangers that should, in the exercise of reasonable care, have been anticipated in connection when the pressure of flood water was applied to soil beneath the 17th Street Canal Levee.

The New Orleans Levee District's actions and/or failures to act caused and/or contributed to the failures in the levees resulting in the damage to plaintiffs' property.

## II. LAW AND ARGUMENT

A.     LEGAL STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS

Motions to Dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Southern Christian Leadership Conference v. Supreme Court, 252 F. 3d 781, 786 (5th Cir. 2001). In considering a Rule 12(b)(6) motion to dismiss, this Court must take the well-pleaded factual allegations of the complaint as true. Jaufre v. Taylor, No. Civ. A. 03-0028, 04 WL 1444945, at *1 (E. D. La. 6/25/04)(citing Baker v. Putnal, 75 F. 3d 190, 196 (5th Cir. 1996); American Waste and Pollution Control Co. v. Browning-Ferris, Inc., 949 F. 2d 1384, 1386 (5th Cir. 1991). In determining whether to grant a motion to dismiss, therefore, the Court "must not go outside the pleadings." Scanlan v. Texas A&M University, 343 F. 3d 533, 536 (5th Cir. 2003).

In addition, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F. 3d 352, 357 (5th Cir. 2002). The issue is not whether plaintiffs will ultimately prevail, but whether the plaintiffs are entitled to offer evidence to support their claim. Scheuer v. Rhodes, 416 U.S. 232 (1974). Accordingly, the Court may dismiss a complaint "only if it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." Jaufre at *1.

The United States Fifth Circuit Court of Appeals has recognized one limited exception to the rule that matters beyond the pleadings may not be considered in deciding Rule 12(b) motions. *See* Collins v. Morgan Stanley Dean Witter, 224 F. 3d 496 (5th Cir. 2000).

**B.     PLAINTIFFS PROTECTED BY THEIR INCLUSION IN LEVEE CLASS PLAINTIFFS**

Plaintiffs are protected by the filing of the class action regarding the Orleans Levee District ("OLD") such that their inclusion in that class protects their causes of action against OLD. Plaintiffs have never opted out of that class; as such, their inclusion therein protects them from dismissal based upon assertions of the untimeliness of their amended complaint.

**C.     PLAINTIFFS MEET SCHIAVONE FACTORS**

In <u>Schiavone v. Fortune</u>, 477 U.S. 21, 29 (1986), the U.S. Supreme Court established a four part test that must be satisfied in order to add a new defendant: 1) the basic claim must arise out of the conduct set forth in the original pleadings; 2) the party brought in must have received such notice that it will not be prejudiced in maintaining its defense; 3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and 4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*1.    Plaintiffs' basic claim arises out of the conduct set forth in the original pleadings.*

Plaintiffs' claim against the OLD arises out of the same conduct and factual circumstances as described in their original complaint. Plaintiffs make reference to the destruction of their property by a combination of wind and flood damage. Plaintiffs' amended complaint makes reference to the fact that the flooding, referred to factually in their original complaint, resulted from the negligence of the OLD and others.

*2.    The Orleans Levee District received ample notice of this case.*

The OLD has been sued by numerous plaintiffs over the past two years for the exact same actions and/or failure to act as plaintiffs allege herein. There is nothing unique or special about the

claims of plaintiffs that would set them apart such that OLD would need specific notice about this particular claim. The circumstances in general, along with the massive litigation instituted and consolidated before this section, provided OLD with all the notice necessary to meet this prong of the <u>Schiavone</u> test. This matter was transferred into this section and consolidated with the existing litigation here specifically because of its allegations against the same and/or similar defendants, including OLD, as numerous existing cases. Any status conferences and the pre-transfer trial date were determined prior to the amendment that resulted in the transfer of this case to this section. None of these facts cited by defendants change the fact that OLD has long since been on notice of the allegations of plaintiffs in thee consolidated actions.

*3.      The Orleans Levee District was on notice that suit would be brought against it.*

Again, numerous suits were brought by plaintiffs similarly situated to plaintiffs that OLD was on notice of the possibility that others would follow suit. OLD mentions the class actions and other suits filed as demonstrative evidence that plaintiffs could have done so, as well, within the time frame allegedly prescribed. However, these facts can just as easily be used to demonstrate a complete lack of prejudice to defendants resulting in any delay they delineate. The purpose of the Schiavone test is to prevent surprise and prejudice to defendant. In this case, given the existence of numerous other cases exactly the same as plaintiffs alleging the exact same elements of negligence and fault, defendants cannot reasonably claim any prejudice as a result in the timing of plaintiffs' amendment.

WHEREFORE, after due proceedings are had, plaintiffs Kenneth Jones and Lori James-Jones respectfully pray that the Orleans Levee District's Motion to Dismiss be denied and for any

other relief the Court deems appropriate under the circumstances.

Respectfully submitted this 22nd day of January, 2008.

BY: _____
Paul C. Miniclier, Esq. (Bar #17062)
David A. Binegar, Esq. (Bar #26603)
LAW OFFICE OF PAUL C. MINICLIER
1305 Dublin Street
New Orleans, Louisiana 70018
Telephone: (504) 864-1276
Facsimile: (504) 864-1278
Attorneys for plaintiffs, Kenneth Jones
and Lorie James-Jones

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the electronic filing system, this 22nd day of January, 2008.

/s/ David A. Binegar