UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>PERTAINS TO: Levee, Insurance | CIVIL ACTION NO. 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | |
| PERTAINS TO CONSOLIDATED CASE | |
| CHARLES C. HARDING AND<br>LOUELLAGIVENS HARDING | CIVIL ACTION NO 07-8938 |
| VERSUS | SECTION K (Duval) |
| AMERICAN NATIONAL P&C COMPANY | MAGISTRATE 2 (Wilkinson) |

**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, American National Property And Casualty Company ("AMERICAN NATIONAL"), who herein submits the following Affirmative Defenses and Answer to Plaintiffs' Petition for Damages ("Petition").

**FIRST DEFENSE**

To the extent that plaintiffs have received payment and assigned their rights to the present lawsuit to any third-parties, including but not limited to the Small Business Administrations, (SBA), Louisiana Recovery Authority (LRA), Office of Community Development (OCD), or under any other private, governmental or quasi-governmental entity, or to the extent that a third

party has otherwise been legally or conventionally subrogated to plaintiffs' claims made in this petition, including any rights to alleged payments due under the policy issued to Charles Harding and Louella Givens Harding, plaintiffs have no right of action to bring a claim against American National.

**SECOND DEFENSE**

To the extent that plaintiffs have received payment and assigned their rights to the present lawsuit to any third-parties, including but not limited to the Small Business Administrations, (SBA), Louisiana Recovery Authority (LRA), Office of Community Development (OCD), or under any other private, governmental or quasi-governmental entity, or to the extent that a third party has otherwise been legally or conventionally subrogated to plaintiffs' claims made in this petition, including any rights to alleged payments due under the policy issued to Charles Harding and Louella Givens Harding, plaintiffs lacks the procedural capacity to bring this action against American National.

**THIRD DEFENSE**

To the extent that plaintiffs have received payment and assigned their rights to the present lawsuit to any third-parties, including but not limited to the Small Business Administrations, (SBA), Louisiana Recovery Authority (LRA), Office of Community Development (OCD), or under any other private, governmental or quasi-governmental entity, or to the extent that a third party has otherwise been legally or conventionally subrogated to plaintiffs' claims made in this petition, including any rights to alleged payments due under the policy issued to Charles Harding

and Louella Givens Harding, said third-party is an indispensable party to these proceeding that plaintiffs have failed to name as a party in this suit.

## FOURTH DEFENSE

The Petition fails to state a claim or cause of action against Defendant upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims are preempted under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*

## SIXTH DEFENSE

The petition is impermissibly vague.

## SEVENTH DEFENSE

Defendant is entitled to a credit and/or set off for any sums paid to or on behalf of petitioners, by American National, plaintiff's flood insurer, by any other insurer or by any other person or entity, and especially plead extinguishment of some or all of any obligation which may be found due to the Petitioners to the full extent of any such payments and is entitled to a credit for the full extent of any and all primary or other insurance policies.

## EIGHTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## NINTH DEFENSE

To the extent that Plaintifs have failed to fulfill their obligations under the terms and conditions of the policy, coverage is not owed.

**TENTH DEFENSE**

Defendant at all times timely adjusted any claims made under the Policy and complied with the time restrictions set forth in La.R.S. § 22: 658 and § 22:1220.  Defendant further affirmatively states that it acted in good faith pursuant to the terms of the Policy and otherwise under Louisiana law.

**ELEVENTH DEFENSE**

American National did not issue a policy of homeowners insurance to petitioners covering the property located at 5752 Bancroft Drive in New Orleans, La.

**ANSWER**

1.

The allegations contained in Paragraphs I and II of the Petition are admitted.

2.

American National denies the allegations contained in Paragraphs III, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, and XXVII.

3.

American National denies the allegations contained in Paragraph IV of the Petition for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph XXVIII do not call for a response from American National.

**WHEREFORE**, defendant, American National Property & Casualty Company, prays that its answer to the Petition for Damages be deemed good and sufficient; and that after due proceedings are had that there be judgment rendered herein in favor of Defendant dismissing the claims of plaintiffs, with prejudice, and at plaintiffs' cost, and for all other general and equitable relief appropriate under the premises.

Respectfully submitted,

_____
PEIRCE A. HAMMOND II – 18076
ATTORNEY AT LAW
650 POYDRAS ST., SUITE 1400
NEW ORLEANS, LA 700130
TELEPHONE 504-299-3458
FACSIMILE   504-299-3491
PEIRCEHAMMOND@COX.NET

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, on January 24, 2008, at their last known address of record.

_____

CP:/38881/ANSWER.Doc#9