# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** _____ **THIS DOCUMENT RELATES TO LEVEE:** 07-4551, 07-4552, 07-4553, 07-4554, 07-4556, 07-4557, 07-4558, 07-4559, 07-4560, 07-4561, 07-4563, 07-4775, 07-4944, 07-4948, 07-4949, 07-4950, 07-4951, 07-4952, 07-4953, 07-4954, 07-4955, 07-4956, 07-4957, 07-4958, 07-4959, 07-4960, 07-4961, 07-4962, 07-4963, 07-4964, 07-4966, 07-4967, 07-4968, 07-4970, 07-4971, 07-4972, 07-4973, 07-4974, 07-4975, 07-4976, 07-4977, 07-4978, 07-4979, 07-4980, 07-4981, 07-4982, 07-4983, 07-4984, 07-4985, 07-4986, 07-4987, 07-4988, 07-4989, 07-4990, 07-4991, 07-4992, 07-4993, 07-4994, 07-4995, 07-4996, 07-4997, 07-4998, 07-4999, 07-5000, 07-5001, 07-5002, 07-5003, 07-5004, 07-5005, 07-5006, 07-5008, 07-5009, 07-5010, 07-5012, 07-5014, 07-5015, 07-5016, 07-5017, 07-5018, 07-5019, 07-5148, 07-5150, 07-5155, 07-5184, 07-5186, 07-5187, 07-5193, 07-5254, 07-5286, 07-5314, 07-5315, 07-5316, 07-5317, 07-5318, 07-5319, 07-5320, 07-5321, 07-5322, 07-5323, 07-5324, 07-5325, 07-5326, 07-5328, 07-5329, 07-5330, 07-5331, 07-5332, 07-5333, 07-5334, 07-5335, 07-5336, 07-5337, 07-5338, 07-5339, 07-5340, 07-5341, 07-5342, 07-5345, 07-5346, 07-5347, 07-5348, 07-5349, 07-5350, 07-5351, 07-5352, 07-5353, 07-5354, 07-5355, 07-5356, 07-5357, 07-5358, 07-5359, 07-5360, 07-5361, 07-5362, 07-5363, 07-5364, 07-5365, 07-5367, 07-5368, 07-5369, 07-5370, 07-5371, 07-5372, 07-5373, 07-5374, 07-5375, 07-5376, 07-5377, 07-5378, 07-5494, 07-5495, 07-5496 \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* **CIVIL ACTION** **NUMBER 05-4182** **& CONSOLIDATED CASES** **SECTION "K"** **JUDGE DUVAL** **MAGISTRATE WILKINSON** |

1

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 12(B)(6)

MAY IT PLEASE THE COURT:

Now into Court, through undersigned counsel, comes defendant the Sewerage and Water Board of New Orleans to file this global reply to the five separate opposition memorandums that plaintiffs filed in response to the Sewerage and Water Board of New Orleans' motions to dismiss these separately-filed, late complaints pursuant to F.R.Civ.P. 12(b)(6). Specifically, the Sewerage and Water Board of New Orleans will address the opposition arguments made separately by Plaintiffs [10426], R. Scott McCay [doc. 10423], Rault Resources, Inc. [doc. 10421], Omega Hospital, L.L.C. [doc. 10618], Bonnie M. Rault and Joseph M. Rault, Jr. [doc. 10422], CINA [doc. 10435], and Murphy Building Corp., OIL Insurance Limited and Murphy Exploration & Production Co., USA [doc. 10415]. Not every opposition memorandum advanced the same or identical arguments, but there was much duplication and overlay and, therefore, this reply will address all of the arguments posed in opposition here.[1]

---

[1] In support of its F.R.Civ.P. 12(b)(6) motion to dismiss, the Sewerage and Water Board of New Orleans raised three points in support. First, because plaintiffs' respective complaints are prescribed on their face, plaintiffs bear the burden to prove prescription was interrupted, suspended or renounced. Second, the Sewerage and Water Board of New Orleans pointed out the case law establishing that plaintiffs' arguably timely lawsuit against the United States of America did not resurrect their otherwise prescribed claim against the Sewerage and Water Board of New Orleans. Third, anticipating plaintiffs' argument, the Sewerage and Water Board of New Orleans briefed the majority view that a plaintiff who files his own lawsuit before a decision is made whether to certify a pending class cannot avail himself of the tolling relief the class action lawsuit may have otherwise provided. Plaintiffs do not address the first or second points the Sewerage and Water Board of New

## INTRODUCTION

The Sewerage and Water Board of New Orleans has briefed the legal issues for this Court in its memoranda in support of the motions to dismiss these individually-filed complaints. At the outset here, however, it is important to recognize that these plaintiffs have decided they want no part of the *Katrina* class action suit already pending before this Court. Instead, these plaintiffs want to pursue individual suits on their own behalf and have filed well over one hundred lawsuits pursuing these individual claims. By opting out of the class action litigation, and burdening this already-taxed Court with more lawsuits on the exact same issues presented by the class action litigation, plaintiffs should not be given the benefit of the very class action suit they have rejected. Plaintiffs who pursue individual suits should not reap the prescription tolling benefits *American Pipe* provides.

## PLAINTIFFS' DISCUSSION OF *ERIE* IS WHOLLY IRRELEVANT

Murphy, Rault Resources, Inc., Bonnie M. Rault and Joseph Rault, Jr., and R. Scott McCay claim in their respective oppositions [docs. 10415, 10421, 10422, and 10423] that jurisdiction in this case is based upon the diversity provision of 28 U.S.C. § 1332. Based upon that assertion, Murphy, Rault Resources, Inc., Bonnie M. Rault and Joseph Rault, Jr., and McCay discuss briefly the *Erie* doctrine and then attempt to bootstrap Louisiana's class action procedural article, LSA—C.C.P. art. 596 and the state law interpreting it to this action. But jurisdiction in this case is not based upon diversity of citizenship.

---

Orleans raised and, therefore, plaintiffs apparently concede the correctness of the Sewerage and Water Board of New Orleans' position in those two arguments.

In counts 4 through 8 of its complaint, for example, Rault Resources, Inc., sets forth the jurisdictional bases for this civil action. The cited statutes are: 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 1331, federal question jurisdiction arising under the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq.*, the Coastal Zone Management Act, 16 U.S.C. § 1451, *et seq.*, and the River & Harbors Act, 33 U.S.C. § 403, *et seq*; the Admiralty and Maritime Law of the United States, 28 U.S.C. § 1333(a); 46 U.S.C. §§ 741 and 752; 46 U.S.C. §§ 781-790; 46 U.S.C. § 740; and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims.) Diversity jurisdiction under 28 U.S.C. § 1332 is not alleged by any of these plaintiffs. Rault Resources, Inc., while incorporated in New Mexico, contends that its principal place of business is in Jefferson Parish, Louisiana. *See* Complaint, ¶ 2. It is hornbook law that a corporation is deemed to be a citizen of both the state of its incorporation and in the state where its principal place of business is located. *See, e.g., Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2nd 1992). Because a number of the defendants, including the Sewerage and Water Board of New Orleans are also domiciled in Louisiana, there is no diversity of citizenship jurisdiction over these cases. Therefore, Murphy, Rault Resources, Inc.'s, Bonnie M. Rault's and Joseph Rault, Jr.'s and McCay's recitation of *Erie* is wholly irrelevant.

Besides, this Court applies the Rules of Federal Civil Procedure to this case, not the Louisiana Code of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136 (1965); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747-49, 100 S.Ct. 1978, 1984 (1980); *Exxon Corporation v. Burglin*, 42 F.3d 948 (1995); Rules Enabling Act, 28 U.S.C. § 2072. As one treatise has remarked, "[i]f the [federal] Rule speaks to the point in a dispute and is valid, it is

controlling, and no regard need be paid to contrary state provisions." 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4508 (1982). Thus, plaintiffs' discussion of Louisiana Code of Civil Procedure article 596 is beside the point.

## THE MAJORITY RULE FAVORS THE SEWERAGE AND WATER BOARD OF NEW ORLEANS' TOLLING ARGUMENT

In all of their oppositions, the various plaintiffs make a similar argument, namely that they should be entitled to take advantage of the prescription tolling benefit that accrues to those putative class members who have not affirmatively rejected the class action by filing their own individual lawsuits – as plaintiffs here have done. But the majority of courts that have decided the issue, and the better view, is to the contrary.

The majority of the federal courts – appellate and district – that have considered the question have held that where a plaintiff who otherwise would be included in a pending class action definition opts to file his own individual action before class certification is decided, that plaintiff forfeits the tolling benefit the pending class action provides to those who await the court's determination. Plaintiffs' contention that "there is 'no logical or jurisprudential basis'" for the Sewerage and Water Board of New Orleans' legal position is simply untrue.

The Sixth, Ninth, First and the District of Columbia Circuits have all addressed this issue and concluded that when "an individual . . . file[s] a separate suit pending a decision on class certification [he] loses the benefit of any statute of limitations tolling under *American Pipe*." *In re Hanford Nuclear Reservation Litigation*, 479 F.3d 1005, 1026-27 (9th Cir. 2007). *Accord Wyser-Pratte Mgmt. Co., Inc. v. Telxon*, 413 F.3d 553, 568-69 (6th Cir. 2005);

5

*Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir. 1983); *Wachovia Bank and Trust Co., N.A. v. National Student Marketing Corp.*, 650 F.2d 342, 346, fn 7 (D.C. Cir. 1981).

The majority of the district courts that have considered this issue have likewise concluded that tolling of a pending, but uncertified class action, does not apply to those plaintiffs who act on their own and file their own lawsuit. *See, e.g., In Re Enron Corp. Sec., Derivative & ERISA Litig.*, 465 F.Supp.2d 687, 730 (S.D.Tex. 2006); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F.Supp.2d 188, 221 (E.D.N.Y.2003); *In Re Heritage Bond Litigation*, 289 F.Supp.2d 1132, 1150 (C.D.Cal. 2003)) *Rahr v. Grant Thornton LLP*, 142 F.Supp.2d 793 (N.D.Tex.2000); *Stutz v. Minn. Mining & Mfg. Co.*, 947 F.Supp. 399, 404 (S.D.Ind.1996); *In Re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 474146, *8 (N.D.Ill. Aug. 6, 1998).

In rejecting a plaintiff's argument that a pending class certification tolled the limitations period for the claims he brought in his own, separate action, the district court in *Rahr* succinctly stated the rationale for the majority approach:

> The class action tolling doctrine, however, was never intended to apply to plaintiffs like Rahr who file separate suits *prior to* a decision being reached on the class certification issue. None of the judicial efficiency purposes of the doctrine is served by applying it to plaintiffs who voluntarily pursue their individual claims even before the court determines whether the class is viable.
>
> * * *
>
> These cases [*Wachovia*, *In re Brand Name Prescription Drugs Antitrust Litigation, Stutz*]make clear that the class action tolling doctrine is intended to avoid the injustice and judicial inefficiency of requiring putative class members to file

6

> individual suits or to lose their claims. It is not intended to be a tool to manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance on the proposed class action just long enough to validate their otherwise time barred claims [citation omitted.] Here, by filing an individual suit before class certification was determined, Rahr frustrated the purpose of the class action tolling doctrine and should not now be able to reap its benefits. Accordingly, the court finds that the class action in *Krogman v. Grant Thornton* did not toll the statute of limitations for Rahr's claims in this case.

*Rahr*, 142 F.Supp.2d at 799-800.

The public policy reason underlying the majority rule is simple and based upon the notions of judicial economy that in turn underlie one of the main purposes behind class action lawsuits and the tolling provided by *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S.345, 103 S.Ct. 3392 (1983). The parties and courts will not be burdened by separate lawsuits which, in any event, may evaporate once a class has been certified. To permit a plaintiff to file his own lawsuit before a decision on whether to certify a class is reached – which signals that the plaintiff is proceeding on his own, apart from the class – and then provide that plaintiff with class action benefits would do nothing but encourage separate lawsuits. *See Wyser-Pratt*, 413 F.2d at 569; *Hanford*, 497 F.3d at 1026-27. In contrast, when a court certifies a class, plaintiffs are at a better point to decide whether they want to file their own lawsuit or remain in the certified class action. Thus, the purposes of *American Pipe* tolling are not furthered

when plaintiffs file independent actions before decisions on the issue of class certification, but are when plaintiffs delay until the certification issue is decided.[2]

A minority view holds that a plaintiff who files his own lawsuit is afforded the tolling benefit of a pending class action in which he would have otherwise been a member.  *See, e.g., Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000); *In re WorldCom Securities Litigation*, 496 F.2d 245 (2nd Cir. 2007).  These cases justify their holdings by concluding that the defendants are not "unfairly surprised" by being presented with stale claims, having been "on notice of the substantive claim as well as the number and generic identities of potential plaintiffs."  *Joseph*, 223 F.3d at 1167-68.  *Also see In re WorldCom Securities Litigation*,

---

[2] Although not directly deciding this legal issue, Judge Fallon in *In re Vioxx Products Liability Litigation*, 2007 WL 3332708, * 14, fn 11 (E.D.La. Nov. 8, 2007), recognized the underlying principal of judicial efficiency espoused by the majority view and underlying the rationale of *American Pipe*.  Wrote Judge Fallon:

> In this MDL, the Court has sought to achieve the efficiencies celebrated by *American Pipe* through the use of 'tolling agreements,' whereby individual plaintiffs who allege cardiovascular injuries have been allowed to preserve their rights without filing suit, provided that they execute tolling agreements with Merck and submit certain information about their injuries and use of Vioxx.  *See* Rec. Doc. 429.  This practice recognizes that *American Pipe*'s underlying concern for judicial economy is frustrated when individual plaintiffs file lawsuits despite the fact that they may be putative members of pending class actions.  Several courts have relied on this fact alone to find that plaintiffs who file individual suits forfeit any tolling benefits under *American Pipe. See In re Hanford Nuclear Reservation Litig.*, 497 F.3d 1005, 1025-27 (9th Cir.2007); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 566-69 (6th Cir.2005); *see also In re Enron Corp. Sec., Derivative, & "Erisa" Litig.*, 465 F.Supp.2d 687, 715-16 (S.D.Tex.2006).

496 F.3d at 255; *Lehman v. United Parcel Service, Inc.*, 443 F.Supp.2d 1146, 1151 (W.D.Mo. 2006).  These cases, however, overlook the judicial efficiency rationale and the original purpose of the tolling rule as the majority emphasizes in reaching the opposite conclusion.

The United States Fifth Circuit has not addressed this issue, but presumably may do so as a result of this litigation.  Because of the policy reasons articulated by the majority of the courts that have decided the issue, the Sewerage and Water Board of New Orleans asks this Court to adopt that position too, namely that plaintiffs – who voluntarily pursue their individual claims before this Court determines whether the class will be maintained – may not avail themselves of the tolling benefit the class action lawsuit provides to those who remain in it.

**THIS COURT IS NOT TO BLAME FOR THE PLAINTIFFS' PREDICAMENT**

Some of the plaintiffs suggest their reason for filing these individual suits is based upon this Court's suggestion that they seek counsel to determine if they should file their own suits against the United States Government which ostensibly might take the position that a class action is unavailable under the Federal Tort Claims Act.  *See, e.g.,* Plf. Mem., p. 4, doc. 10426; Omega Mem., pp. 8-9, doc. 10616.  But plaintiffs did not file their separate lawsuit against the United States Government, but instead filed an entirely new lawsuit only against more-or-less the same defendants as are present in the pending class actions and more or less copied the allegations made in the pending class actions.  Whatever plaintiffs' reasons for

filing their own lawsuits, those reasons should not have a bearing on this Court's analysis of the applicable tolling law.

## CONCLUSION

Each of the complaints individually filed long passed the one-year anniversary of Hurricane Katrina have prescribed against the Sewerage and Water Board of New Orleans on their face and, therefore, plaintiffs bear the burden to prove prescription has been suspended, interrupted or renounced. Plaintiffs' perhaps otherwise timely-asserted claim against the United States cannot resurrect their otherwise prescribed state law claims against the Sewerage and Water Board of New Orleans. Finally, the majority rule should prevail and plaintiffs should not be afforded the tolling benefit of the pending class action where they have voluntarily absented themselves from that case.

Wherefore, the Sewerage and Water Board of New Orleans prays that this Court grant its F.R.Civ.P. 12(b)(6) motion and dismiss plaintiffs' claims against the Sewerage and Water Board of New Orleans at their cost and prejudice.

Respectfully submitted,

s/Kevin R. Tully

**CHARLES M. LANIER, JR. - #18299, T.A.**
**KEVIN R. TULLY - #1627**
**W. NICHOLAS DIETZN, IV - 31135**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

        **GEORGE R. SIMNO III - #12271**
        **GERARD M. VICTOR - #9815**
        625 St. Joseph Street, Room 201
        New Orleans, Louisiana 70165
        Telephone:  (504) 585-2242
        Facsimile:   (504) 585-2426

        ATTORNEYS FOR DEFENDANT SEWERAGE
        AND WATER BOARD OF NEW ORLEANS

## C E R T I F I C A T E

    I do hereby certify that on the 22nd day of January 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

        s/Kevin R. Tully
        **CHARLES M. LANIER, JR.**
        **KEVIN R. TULLY**

CK_DOCS 392073v1