## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | NO.:  05-4182 |
| | * | |
| LEVEE/MRGO CASES | * | SECTION:  "K" |
| PERTAINS TO:      07-4944 | * | |
| (Frank Cina, et al.) | * | MAGISTRATE: (2) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
### ANSWER TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), which, for its Answer to the Complaint (the "Complaint") filed by Frank Cina, et al., (collectively, the "Plaintiffs"), respectfully responds to the particular paragraphs of the Complaint as follows:

1.

The allegations in Paragraph 1 simply list the named plaintiffs and do not require a response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

2.

The allegations in Paragraph 2 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

3.

The allegations in Paragraph 3 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under diversity jurisdiction, federal question jurisdiction and/or the Class Action Fairness Act.  St. Paul denies the remainder of the allegations in Paragraph 3.

4.

The allegations in Paragraph 4 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under diversity jurisdiction, federal question jurisdiction and/or the Class Action Fairness Act.  St. Paul denies the remainder of the allegations in Paragraph 4.

5.

The allegations in Paragraph 5 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under diversity jurisdiction and/or federal question jurisdiction.   St. Paul denies the remainder of the allegations in Paragraph 5.

6.

The allegations in Paragraph 6 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under diversity jurisdiction and/or federal question jurisdiction.   St. Paul denies the remainder of the allegations in Paragraph 6.

7.

The allegations in Paragraph 7 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, the allegations of Paragraph 12 of the Complaint regarding venue are admitted, the remainder of the allegations are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the Complaint do not appear to be directed at St. Paul and therefore require no response.  To the extent a response is deemed necessary, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations in Paragraph 9 simply list the named plaintiffs and do not require a response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

10.

The allegations of Paragraph 10 of the Complaint regarding the identity and status of named defendants are denied for lack of sufficient information to justify a belief as to the truth therein except St. Paul admits that it has been named as a defendant herein, that it is a foreign insurer authorized to do and doing business in the State of Louisiana, and that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Orleans Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein and that it issued to the "Levee District Board of Commissioners of the East" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy") which policy is subject to the terms, conditions, exclusions and limitations contained therein.

11.

The allegations in Paragraph 11 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

12.

The allegations in Paragraph 12 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

The allegations in Paragraph 13 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

14.

The allegations in Paragraph 14 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15.

The allegations in Paragraph 15 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

16.

The allegations in Paragraph 16 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

The allegations in Paragraph 17 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

18.

The allegations in Paragraph 18 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

The allegations in Paragraph 19 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

20.

The allegations in Paragraph 20 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

21.

The allegations in Paragraph 21 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

22.

The allegations in Paragraph 22 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

23.

The allegations in Paragraph 23 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

24.

The allegations in Paragraph 24 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required.

To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

25.

The allegations in Paragraph 25 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

26.

The allegations in Paragraph 26 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

27.

The allegations in Paragraph 27 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

28.

The allegations in Paragraph 28 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

29.

The allegations in Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

30.

The allegations in Paragraph 30 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

31.

The allegations in Paragraph 31 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

32.

The allegations in Paragraph 32 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

33.

The allegations in Paragraph 33 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

34.

The allegations in Paragraph 34 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

35.

The allegations in Paragraph 35 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

36.

St. Paul re-avers and re-alleges its Answer to paragraphs 1 through 35 of the Complaint.  In further response, Paragraph 36 of the Complaint contains conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

37.

The allegations in Paragraph 37 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

38.

The allegations in Paragraph 38, subsections (a) through (f) of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

39.

The allegations in Paragraph 39, subsections (a) through (c) of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.

11

Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

40.

The allegations in Paragraph 40, subsections (a) through (c) of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

41.

The allegations in Paragraph 41 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

42.

The allegations of Paragraph 42 of the Complaint regarding are denied for lack of sufficient information to justify a belief as to the truth therein except St. Paul admits that it has been named as a defendant herein, that it is a foreign insurer authorized to do and doing business in the State of Louisiana, and that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Orleans Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein and that it issued to the "Levee District Board of Commissioners of the East" a policy of insurance bearing

the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy") which policy is subject to the terms, conditions, exclusions and limitations contained therein.

43.

The allegations in Paragraph 43 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

44.

The allegations in Paragraph 44 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

45.

The allegations in Paragraph 45 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

46.

The allegations in Paragraph 46 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

47.

The allegations in Paragraph 47 of the Complaint contain no factual allegations directed at St. Paul. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

48.

St. Paul re-avers and re-alleges its Answer to paragraphs 1 through 48 of the Complaint. In further response, Paragraph 48 of the Complaint contains no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

49.

The allegations in Paragraph 49 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

50.

The allegations in Paragraph 50 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

51.

The allegations in Paragraph 51 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

52.

The allegations in Paragraph 52 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein

53.

The allegations in Paragraph 53 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St.

Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein

54.

The allegations in Paragraph 54 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

55.

The allegations in Paragraph 55 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein .

56.

The allegations in Paragraph 56 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein

57.

The allegations in Paragraph 57 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

58.

The allegations in Paragraph 58 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

59.

The allegations in Paragraph 59 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

60.

The allegations in Paragraph 60 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

61.

St. Paul re-avers and re-alleges its Answer to paragraphs 1 through 60 of the Complaint.  To the extent a further response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

62.

The allegations in Paragraph 62 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

63.

The allegations in Paragraph 63 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

64.

The allegations in Paragraph 64 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

65.

The allegations in Paragraph 59 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  .

66.

The allegations in Paragraph 66 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

67.

The allegations in Paragraph 67 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response is deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

68.

The allegations in Paragraph 68 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

69.

The allegations in Paragraph 69 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

70.

The allegations in Paragraph 70 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

71.

The allegations in Paragraph 71 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

72.

The allegations in Paragraph 72 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

73.

The allegations in Paragraph 73 of the Complaint contain no factual allegations directed at St. Paul and contains conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

74.

The allegations in Paragraph 74 of the Complaint contain no factual allegations directed at St. Paul. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

75.

The allegations in Paragraph 75 of the Complaint contain no factual allegations directed at St. Paul. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

76.

The allegations in Paragraph 76 of the Complaint contain no factual allegations directed at St. Paul. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

77.

The allegations in Paragraph 77 of the Complaint contain no factual allegations directed at St. Paul. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

78.

The allegations in Paragraph 78 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

79.

The allegations in Paragraph 79 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

80.

The allegations in Paragraph 80 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

81.

The allegations in Paragraph 81 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

82

The allegations in Paragraph 82 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St.

Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

83.

The allegations in Paragraph 83 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

84.

The allegations in Paragraph 84 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

85.

The allegations in Paragraph 85 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

86.

The allegations in Paragraph 86 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required.

To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

87.

The allegations of Paragraph 87 of the Complaint regarding are denied for lack of sufficient information to justify a belief as to the truth therein except St. Paul admits that it has been named as a defendant herein, that it is a foreign insurer authorized to do and doing business in the State of Louisiana, and that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Orleans Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein.

88.

The allegations in Paragraph 88 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

89.

The allegations in Paragraph 89 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

24

90.

The allegations in Paragraph 90 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

91.

The allegations in Paragraph 91 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

92.

The allegations in Paragraph 92 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

93.

The allegations in Paragraph 93 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

94.

The allegations in Paragraph 94 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

95.

The allegations in Paragraph 95 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

96.

The allegations in Paragraph 96 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

97.

The allegations in Paragraph 97 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

98.

The allegations in Paragraph 98 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

99.

The allegations in Paragraph 99 of the Complaint contain no factual allegations directed at St. Paul. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

100.

The allegations in Paragraph 100 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

101.

The allegations in Paragraph 101 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the

allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

102.

The allegations in Paragraph 102 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

103.

The allegations in Paragraph 103 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

104.

The allegations in Paragraph 104 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

105.

The allegations in Paragraph 105 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required.

To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

106.

The allegations in Paragraph 106 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

107.

In response to the allegations in Paragraph 107, St. Paul re-avers and re-alleges its Answer to paragraphs 1 through 107 of the Complaint.

108.

The allegations in Paragraph 108 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

109.

The allegations in Paragraph 109 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

110.

The allegations in Paragraph 110 of the Complaint contain no factual allegations directed at St. Paul.  Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

111.

The allegations in Paragraph 111 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

112.

The allegations in Paragraph 112 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

113.

The allegations in Paragraph 113 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

114.

The allegations in Paragraph 114 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

115.

The allegations in Paragraph 115 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

116.

In response to the allegations in Paragraph 116. Paul re-avers and re-alleges its Answer to paragraphs 1 through 116 of the Complaint. In further response, the allegations in Paragraph 116 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

117.

The allegations in Paragraph 117 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law. Therefore, no response is required.

To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

118.

The allegations in Paragraph 118 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

119.

The allegations in Paragraph 119 of the Complaint contain no factual allegations directed at St. Paul and contain conclusions of law.  Therefore, no response is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

120.

The allegations in Paragraph 120 of the Complaint contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

121.

The allegations in Paragraph 121 of the Complaint contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be

deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

122.

The allegations in Paragraph 122 of the Complaint contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

123.

The allegations in Paragraph 123 of the Complaint contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

124.

The allegations in Paragraph 124 of the Complaint contain conclusions of law. Therefore, no response is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

125.

Paragraph 125 contains no factual allegations against St. Paul but states only a prayer for trial by jury.  Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

126.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

**AND NOW,** in further answer to the Complaint, St. Paul asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

## SECOND DEFENSE

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

## THIRD DEFENSE

To the extent the Orleans Levee District has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

## FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Policy and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policy.

**FIFTH DEFENSE**

If the Policy provides any primary insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form.  None of the other portions of those coverage forms nor any portion of any other coverage form in the Policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

**SIXTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Policy.

**SEVENTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Policy.

**EIGHTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the Policy.

**NINTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person

under the Policy is legally obligated to pay as damages for covered property damage that happened while the Policy was in effect and that was caused by an event.

## TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policy.

## ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Impaired property" exclusion in the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution injury or damage" exclusion in the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution work loss, cost or expense" exclusion in the Policy.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Mold or other fungi" exclusion in the Policy.

### FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Damage to your products or completed work" exclusion in the Policy.

### SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

### SEVENTEENTH DEFENSE

Any liability by St. Paul under the Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

### EIGHTTEENTH DEFENSE

Any liability by St. Paul under the Policy is subject to any "Other Insurance" clauses in the Policy.

### NINETEENTH DEFENSE

St. Paul has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## TWENTITH DEFENSE

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by pre-existing conditions over which the insured under the Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Petition.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by Plaintiffs' own contributor and/or comparative fault or negligence.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for declaratory and/or injunctive relief.

**TWENTY-NINTH DEFENSE**

If and to the extent St. Paul has any liability under the Policy, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Petition.

**THIRTIETH DEFENSE**

If and to the extent St. Paul has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

**THIRTY-THIRD DEFENSE**

The Petition fails to state a cause of action against St. Paul for attorney's fees.

**THIRTY-FOURTH DEFENSE**

The Complaint is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policy, or the applicable law, St. Paul has in response to the Complaint.  St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs, dismissing all of the claims of the Plaintiffs against St. Paul, with prejudice, at Plaintiffs' cost.

Respectfully submitted,


/s/ Rachel A. Meese
RALPH S. HUBBARD III, T.A., Bar. #7040
JOSEPH P. GUICHET, Bar #24441
RACHEL A. MEESE, Bar #25457
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a true and correct copy of the foregoing pleading has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this 24th day of January, 2008.

/s/ Rachel A. Meese