UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |
| * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFFS' MOTION FOR DISQUALIFICATION
OR RECUSAL OF JUDGE DUVAL FROM
VICTIMS OF KATRINA LITIGATION
FOR PERSONAL BIAS, PREJUDICE
AND PARTIALITY**

**COME NOW** plaintiffs and/or intervening plaintiffs, appearing through undersigned counsel and, in the case of Ashton R. O'Dwyer, Jr., *in propria persona*, and moves This Honorable Court to disqualify or recuse the Honorable Stanwood R. Duval, Jr. from presiding over any matters in Victims of KATRINA litigation pursuant to the provisions of 28 U.S.C. § 144 and/or 28 U.S.C. § 455(a) for personal bias, prejudice

-1-

and/or partiality as those terms are used in the referenced statutes and the jurisprudence emanating therefrom.  This motion is filed upon the grounds that Judge Duval has demonstrated personal bias and/or prejudice, as well as partiality, against movers herein and their counsel, and in favor of an adverse party, namely the State of Louisiana, its branches of government, agencies, department heads, etc., all stemming from an extra-judicial relationship of long-standing between Judge Duval and Calvin Clifford Fayard, Jr.[1]  Movers aver that Judge Duval is guilty of actual bias, prejudice and/or partiality as a result of that relationship, the ramifications of which were not known until August 29, 2007 (and all of the ramifications of which still are not known), when Mr. Fayard and lawyers with whom he has associated himself appeared as counsel of record for the State of Louisiana in a number of Civil Actions filed in this Court, all arising out of the events which occurred on or about August 29, 2005, and thereafter, involving the same transactions or occurrences as in Victims of KATRINA litigation filed in this Court on behalf of persons, firms, and corporations who suffered damages similar to, if not identical to, the damage being claimed by the State of Louisiana, through its attorney, Mr. Fayard, and others, against the United States of America in the amount of $200 billion.  Movers also aver that, even if it were to be determined that Judge Duval is not guilty of actual bias, prejudice and/or partiality, he should still recuse himself, or be recused, by virtue of the fact that Judge Duval's relationship with Mr. Fayard under the extent facts and circumstances, most of which have not been disclosed either by Mr. Fayard or by

---

[1] An unusual "twist" to the allegations of bias, prejudice and/or partiality in this case is the fact that one of Judge Duval's Law Clerks is also his spouse.  Movers aver, upon information and belief, that the bias, prejudice and/or partiality alleged against Judge Duval may be equally applicable to his Law Clerk and spouse, who also has a relationship, through her spouse, with Mr. Fayard and with Members of the Fayard family, including particularly Caroline Fayard, which movers aver may have caused Judge Duval's Law Clerk and spouse not only to have personal bias, prejudice and/or partiality against movers and their counsel, but also in favor of Mr. Fayard and his client, the State of Louisiana.

Judge Duval, would cause a reasonable man to question whether Judge Duval can be a fair and impartial arbiter of the factual and legal issues in this case, thus warranting recusal pursuant to the provisions of 28 U.S.C. § 455(a) and/or (b)(1).  Additional grounds for the filing of this motion appear in the memorandum filed simultaneously herewith, in the affidavit of Ashton R. O'Dwyer, Jr. filed in these proceedings on January 15, 2008 (Record Document No. 10431), and, should it become necessary, in affidavits to be filed in these proceedings on behalf of Mr. O'Dwyer's clients, who are numerous, and who, upon information and belief, want Judge Duval to recuse himself from these proceedings, or  to be recused, as a result of personal bias, prejudice and/or partiality.

      Alternatively, movers seek an evidentiary hearing at which the issues of personal bias, prejudice and/or partiality can be fully discovered.

                                    Respectfully submitted,

                                    **LAW OFFICES OF**
                                    **ASHTON R. O'DWYER, JR.**
                                    **Counsel for Plaintiffs**

                                    **By:**   **S/Ashton R. O'Dwyer, Jr.**
                                              **Ashton R. O'Dwyer, Jr.**
                                            **Bar No. 10166**
                                            **821 Baronne Street**
                                            **New Orleans, LA 70113**
                                            **Tel. 504-679-6166**
                                            **Fax. 504-581-4336**

### CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 28th day of January 2008.

                                            S/Ashton R. O'Dwyer, Jr.