UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |
| PERTAINS TO: MRGO | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA ISSUED BY WASHINGTON GROUP
INTERNATIONAL, INC. OR, IN THE ALTERNATIVE,
MOTION FOR PROTECTIVE ORDER**

**NOW INTO COURT**, comes the MRGO PSLC, on behalf of the putative class, who moves to quash the subpoena duces tecum issued by Washington Group International, Inc., (hereinafter, "WGII"), and to contemporaneously stay records production pending a ruling on the instant Motion to Quash, for the following reasons:

### 1.  FACTS

On November 28, 2007, WGII served a Subpoena to Produce Documents in the Middle District of Louisiana directed to the Louisiana Office of Community Development (please see Exhibit 1 attached hereto).  In essence, the subpoena seeks to capture any and all documents to or from any resident of the Lower Ninth Ward or St. Bernard Parish relative to any communication with the Office of Community Development from

-1-

August 29, 2005 through the present ("The Relevant Time Period"). This request encompasses in excess of One Hundred Thousand (100,000) residents of this State. WGII's subpoena should be quashed for the following reasons: (1) The subpoena seeks confidential information; (2) The subpoena seeks information that is irrelevant to the captioned litigation; (3) The subpoena is overly broad because the captioned litigation has not yet been determined to be a class; and (4) The subpoena is an "end-run" around a Protective Order set in place by this Honorable Court in litigation that already involves specific claimants. Should this Honorable Court find that the putative class members do not have standing to bring the instant Motion to Quash, in the alternative, the putative class members request a Protective Order.

## 2. LAW

Federal Rule of Civil Procedure Rule 45 (c)(3) provides as follows:

>(3) Quashing or Modifying a Subpoena
>
>> (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
>>
>>> (i) fails to allow a reasonable time to comply;
>>>
>>> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that - , subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>>>
>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>>
>>> (iv) subjects a person to undue burden.
>>
>> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party; or
>
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Generally, a nonparty does not have standing to assert any right to quash or modify a subpoena. "If, however, a party claims a personal right or privilege as to production or testimony sought by subpoena to a nonparty, the party has standing to move to quash or modify the subpoena." See *Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407, 411 (S.D.N.Y. 2004) (defendant had standing to raise privilege objections to subpoena of documents sought from third party because generation of documents sought by subpoena resulted from third party's obligations under its contract with defendant). A motion to quash or modify a subpoena duces tecum may be made by a party when the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena. *Transcor v. Furney Charters, Inc.,* 212 F.R.D. 588 (D. Kan. 2003); *Norris Manufacturing Co. v. R.E. Darling Co.,* 29 F.R.D. 1 (D. Md. 1961); *Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F.Supp. 668 (D.C. Del 1981).

-4-

### 3.  ARGUMENT

**A.    The subpoena seeks confidential information and should be quashed.**

Federal Rule of Civil Procedure 45(c)(3)(B) states in pertinent part that the issuing court must quash or modify a subpoena if it requires the disclosure of privileged or other protected matter.  WGII's subpoena seeks such privileged and protected matter.  The information presented by Road Home Applicants was submitted pursuant to a Privacy Policy indicating that personal and nonpublic information would not be disclosed.  First American's Privacy Policy states as follows:

> We understand that you may be concerned about what we will do with such information - particularly any personal or financial information.  **We agree that you have a right to know how we will utilize the personal information you provide to us.**  Therefore, together with our parent company, the First American Corporation, we have adopted this Privacy Policy to govern the use and handling of your personal information.
>
> \*\*\*
>
> Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:
>
> *    Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;
>
> *    Information about your transactions with us, our affiliated companies, or others; and
>
> *    Information we receive from a consumer reporting agency.
>
> \*\*\*
>
> We request information from you for our own legitimate business purposes **and not for the benefit of any nonaffiliated party**.
>
> \*\*\*
>
> We will do our best to ensure that no unauthorized parties have access to any of your information.

-5-

Any reasonable Road Home Applicant reading this language has the right to assume that his/her personal, nonpublic information will not be disclosed any third party, WGII, for instance.  The subpoena submitted by WGII to the Louisiana Office of Community Development is so broad as to encompass all Road Home Applicants in the Lower Ninth Ward and St. Bernard Parishes.  These putative class members have an expectation of privacy with regard to their personal and nonpublic information provided to the Road Home Program through First American.  The putative class members' right to privacy should not be invaded by an overly broad and irrelevant subpoena.  WGII's subpoena should be quashed because it seeks protected matter.

**B.     The subpoena seeks information that is irrelevant to the captioned litigation.**

Federal Rule of Civil Procedure 45 does not include relevance as an enumerated reason for quashing a subpoena.  However, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.  Thus, this Honorable Court must examine whether a request contained in a subpoena duces tecum seeks irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 Requests for Production.  *Digital Equipment Corp. v. Micro Technology, Inc.*, 142 F.R.D. 488 (D.Colo. 1992).

Federal Rule of Civil Procedure 26(b)(1) states in pertinent part:

> **(b) Discovery Scope and Limits.**
>
>> **(1) Scope in General.**  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

First, as discussed in Section A above, the discovery sought by WGII is privileged matter and, thus, the discovery should not be allowed.  Second, the scope of all discovery is governed by the standard of relevancy.  It is not apparent and has not been elucidated by WGII as to why the privileged, nonpublic and personal information on the Road Home applications submitted by the citizens of the Lower Ninth Ward and St. Bernard Parish is relevant to WGII's claims or defenses in this matter.  "There are limitations, however, and the parties may not seek to discover information that has no possible bearing on the case and is unlikely to lead to discoverable evidence."  *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 350-354, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (names and addresses of members of putative class not discoverable when needed for notice purposes alone; information, to be discoverable, must have relevance to issues in case); *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 623-624 (9th Cir. 1999) (order compelling discovery of sales figures reversed when evidence had relevance as to only one potential remedy and plaintiff could not claim that remedy); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402-403 (6th Cir. 1998) (when contract's only possible relevance was to issues not in pleadings or as to claims barred by limitations, district court properly denied motion to compel production); *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007 (D.C. Cir. 1997) (district court erred in ordering third party to produce documents that were wholly irrelevant to action).  WGII's subpoena should be quashed because the information sought in the subpoena is not relevant to the above captioned matter.  The personal information of Louisiana citizens of the Lower Ninth Ward and St. Bernard Parish has

nothing to do with the remediation work performed by WGII in connection with the East Bank Industrial Area and the failure of the floodwall associated therewith.

**C.     The subpoena is overly broad because the captioned litigation has not yet been determined to be a class action**.

At this stage of the proceedings, the subpoena issued by WGII is simply too broad.  The above captioned litigation has not been certified as a class action and intrusive discovery into the privileged, nonpublic and personal information of putative class members is inappropriate at this time.  In light of the fact that each Road Home Applicant has been assured privacy with regard to their personal information, as well as the fact that every Road Home Applicant in the Lower Ninth Ward and St. Bernard Parish may not even be a participant in the captioned litigation, this Honorable Court should quash WGII's subpoena and protect Louisiana's citizenry from this abusive litigation tactic.  The purpose of Named Plaintiffs is to represent the class.  If WGII can show that its discovery is relevant, then, and only then, should this Honorable Court allow limited discovery regarding the Named Plaintiffs subject to a Protective Order as discussed hereinbelow.  Barring that showing, WGII has no right to invade the privacy interests of the citizens of this State utilizing an irrelevant blanket subpoena that will affect a substantial number of persons, some of whom may make no claim against WGII.  Again, it is not facially apparent and WGII has made no showing as to why or how Road Home application information from tens of thousands of Louisiana citizens is relevant to its claims or defenses.  For these reasons, WGII's subpoena should be quashed.

**D.  The subpoena is an "end-run" around a Protective Order already set in place by this Honorable Court in litigation that already involves specific claimants**.

The issue of Road Home Applicant information has already been the topic of this Honorable Court's attention in connection with the *Road Home* litigation as part of the umbrella of the *In Re: Katrina Canal Breaches Consolidated Litigation*.  If WGII seeks Road Home applicant information, it should (1) be required to show its relevance to this litigation; (2) once relevance has been provided, narrow the scope of its request to only those applications that are absolutely necessary; and (3) be restricted to the same procedural safeguards that have been implemented in the *Road Home* litigation.  Any other procedure, i.e., the wholesale release of the protected information of tens of thousands of Louisiana citizens via subpoena by WGII to the Office of Community Development is simply an end-run around the safeguards already put in place by this Honorable Court. (Doc. 9587).

**E.  Protective Order**

Alternatively, Plaintiffs request that this Honorable Court enter a Protective Order preventing the production of the records sought until a procedure can be agreed to by the Parties for the orderly and secure dissemination of the information.  "A motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court, but to vindicate the rights of a party with respect to the discovery process."  *Arlott, et al v. Arledge, et al*, 2007 WL 708624, page 1 (S.D. Miss.).

Federal Rule of Civil Procedure 26(c) states in pertinent part:

> The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A) forbidding the disclosure or discovery;

    (B) specifying terms, including time and place, for the disclosure or discovery;

    (C) prescribing a discovery method other than the one selected by the party seeking discovery;

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E) designating the persons who may be present while the discovery is conducted;

    (F) requiring that a deposition be sealed and opened only on court order;

    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

    (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Plaintiffs respectfully request that this Honorable Court enter a Protective Order to avoid the potential annoyance, embarrassment, and oppression on the unassuming citizens of Louisiana who are attempting to rebuild their lives that will likely be caused by WGII by allowing the Office of Community Development to disclose Louisiana citizens' privileged, nonpublic and personal information for no valid reason.

    Counsel for Plaintiffs, the Office of Community Development, and counsel for WGII have conferred regarding this document production.  While counsel for WGII only seeks the information regarding the Class Representatives at this time, the danger of the disclosure of the personal information of tens of thousands of Louisiana citizens makes WGII's subpoena an immediate threat that must be addressed.

    For the foregoing reasons, the MRGO PSLC, on behalf of the putative class, respectfully requests that this Honorable Court quash the subpoena issued by WGII to

the Office of Community Development or, in the alternative, enter a Protective Order.

        Respectfully Submitted,

        PLAINTIFFS' LIAISON COUNSEL

        s/ Joseph M. Bruno_____
        JOSEPH M. BRUNO
        PLAINTIFFS LIAISON COUNSEL
        Law Offices of Joseph M. Bruno
        LA Bar Roll Number: 3604
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775


        MR-GO PLAINTIFFS SUB-GROUP
        LITIGATION COMMITTEE


        s/ James Parkerson Roy_____
        JAMES PARKERSON ROY
        MR-GO PSLC Liaison Counsel
        LA. Bar Roll Number: 11511
        Domengeaux Wright Roy & Edwards LLC
        P.O. Box 3668
        Lafayette, LA. 70502
        Telephone: (337) 593-4190 or (337) 233-3033
        Facsimile: (337) 233-2796

        For

        MR-GO PLAINTIFFS SUB GROUP LITIGATION
        COMMITTEE
        Jonathan Andry (Andry Law Firm, New Orleans, LA)
        Clay Mitchell (Levin, Papantonio et al., Pensacola,
                          FL)
        Pierce O'Donnell (O'Donnell & Associates, Los
        Angeles, CA)
        James Parkerson Roy (Domengeaux, Wright, et al.,
        Lafayette, LA)

-11-

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 29th day of January, 2008.

                                        /s/ Joseph M. Bruno

                                        Joseph M. Bruno