≠ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Middle      DISTRICT OF      Louisiana

| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | |
|---|---|
| V. | **SUBPOENA IN A CIVIL CASE** |
| Pertains to: MRGO | Case Number:[1]  05-4182 "K" (2) |

TO:  Lousiana Office of Community Development
1201 N. Third Street, Suite 7-270
Baton Rouge, Louisiana  70802

(pending in the United States
District Court for the Eastern
District of Louisiana before
Hon. Stanwood R. Duval, Jr.)

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE  Stone Pigman Walther Wittmann L.L.C. 546 Carondelet Street, New Orleans, Louisiana 70130 | DATE AND TIME 12/28/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *William D. Treeby, Counsel for WGII* | DATE 11/27/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William D. Treeby, Esq. (12901) Stone Pigman Walther Wittmann L.L.C. 546 Carondelet Street, New Orleans, Louisiana 70130 (504) 581-3200  Counsel for Washington Group International, Inc.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88  (Rev.  12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>SCHEDULE A</u>

This subpoena is to be answered in accordance with the provisions of Federal Rule of Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

A.    **Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.    "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses; appointment books; articles from publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts; electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes; vouchers; and sheets or things similar to any of the foregoing however denominated.

1

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any document now or at any time in the possession, custody or control of the entity to whom these Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2.     "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

3.     "OCD" means the Louisiana Office of Community Development, including the Disaster Recovery Unit, a section within the Office of Community Development created by the Commissioner of Administration to administer the Community Development Block Grant Program Disaster Recovery funds, amounting to $10.4 billion, allocated to Louisiana after Hurricanes Katrina and Rita, including, but not limited to the Road Home Program.

4.     "LRA" means the Louisiana Recovery Authority (and any subsidiary or predecessor thereof whether or not in existence on the date of these Requests); any of LRA's directors, officers, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of the Louisiana Recovery Authority in any capacity.

5.     "You," or "Your" means OCD, its predecessors, parents, subsidiaries, affiliates, and any of its present or former directors, officers, agents, employees, designees, assignees, representatives or other persons acting on its behalf.

6.     "Person" or "individual" means any natural person or any business, legal, or government entity or association.

2

7.      "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

8.      "Including" means including without limitation.

9.      "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

10.     Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

11.     "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

12.     "WGII" means Washington Group International, Inc.

13.     "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.     "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

15.     "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

16.     "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

3

17.    "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

18.    "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

19.    "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.    Instructions**

1.    The documents sought in these Requests include all documents in your possession, custody or control.  Unless otherwise indicates, these Requests seek all documents generated or received by you during the Relevant Period.

2.    You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests.  A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.    Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other.  The nature of each claim of privilege shall be set forth in

4

sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4.      Documents attached to each other should not be separated.

5.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6.      If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8.      If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9.      Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.     "All" and "each" shall be construed as "all and each."

5

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12.    The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13.    The documents shall be produced in full, without abbreviation or expurgation.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1)    documents sent by the Louisiana Office of Community Development, including the Disaster Recovery Unit, or any other entity within the OCD, to residents of the Lower Ninth Ward and St. Bernard Parish

2)    documents reflecting the application process for payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, or any other entity within the OCD

3)    documents reflecting process by which the Louisiana Office of Community Development, including the Disaster Recovery Unit, reviews and decides applications for payments, grants, or other restitution

4)    documents reflecting applications by homeowners in the Lower Ninth Ward and St. Bernard Parish for payments, grants, or other restitution provided by the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program, or any other OCD or LRA program

5)    documents reflecting any payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, to homeowners in the Lower Ninth Ward

6)    documents reflecting any payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, to homeowners in St. Bernard Parish

7)    documents reflecting your denial or similar treatment of any application for payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, by homeowners in the Lower Ninth Ward and/or St. Bernard Parish

6

901715v.1

8)  documents, including letters or other correspondence, you have received from any resident of the Lower Ninth Ward and St. Bernard Parish since Hurricane Katrina, other than applications

9)  documents reflecting any statements taken by you, at your direction, or on your behalf of any resident of the Lower Ninth Ward or St. Bernard Parish concerning Hurricane Katrina

7

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the Production of Documents and Schedule A has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 28th day of November, 2007.

                          */s/William D. Treeby*
                          William D. Treeby

901715v.1

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO: MRGO

CIVIL ACTION

NO.    05-4182    "K"    (2)

JUDGE DUVAL

MAG. WILKINSON

### NOTICE OF SUBPOENA REQUIRING
### THE PRODUCTION OF DOCUMENTS

Pursuant to the Court's Case Management and Scheduling Order No. 4, entered March 1, 2007 (Docket No. 3299), and as subsequently amended ("CMO No. 4"), PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Washington Group International, Inc. ("WGII") has caused a subpoena *duces tecum* ("subpoena") to be issued by the United States District Court for the Middle District of Louisiana upon the Louisiana Office of Community Development ("OCD"), as administrator of the Louisiana Recovery Authority's Road Home Program.  The subpoena has been directed to the Louisiana Office of Community Development, 1201 N. Third Street, Suite 7-270, Baton Rouge, Louisiana 70802.

The subpoena requires the production of documents as described and designated in the attached Schedule A, at 10:00 a.m., December 28, 2007, at the offices of Stone Pigman Walther Wittmann L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130.

901715v.1

The notice, service, and enforcement of this subpoena is without prejudice to the pending motion of WGII to dismiss, or any other similar motion to be filed by WGII, and shall not be deemed a waiver by WGII of any right.

Dated:  November 28, 2007                         Respectfully submitted,


                                                  /s/William D. Treeby
                                                  William D. Treeby, 12901
                                                  Carmelite M. Bertaut, 3054
                                                  Heather S. Lonian, 29956
                                                        Of
                                                  Stone Pigman Walther Wittmann L.L.C.
                                                  546 Carondelet Street
                                                  New Orleans, Louisiana  70130
                                                  Telephone:  (504) 581-3200
                                                  Facsimile:  (504) 581-3361

                                                  Attorneys for Washington Group
                                                  International, Inc.

                                                  Of counsel
                                                  Adrian Wager-Zito
                                                  Jones Day
                                                  51 Louisiana Avenue, N.W.
                                                  Washington, D.C. 20001-2113
                                                  Telephone:  (202) 879-4645
                                                  Facsimile:  (202) 626-1700

## SCHEDULE A

This subpoena is to be answered in accordance with the provisions of Federal Rule of Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

**A.   Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.    "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original.   "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses; appointment books; articles from publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts; electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes; vouchers; and sheets or things similar to any of the foregoing however denominated.

1

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any document now or at any time in the possession, custody or control of the entity to whom these Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2.    "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

3.    "OCD" means the Louisiana Office of Community Development, including the Disaster Recovery Unit, a section within the Office of Community Development created by the Commissioner of Administration to administer the Community Development Block Grant Program Disaster Recovery funds, amounting to $10.4 billion, allocated to Louisiana after Hurricanes Katrina and Rita, including, but not limited to the Road Home Program.

4.    "LRA" means the Louisiana Recovery Authority (and any subsidiary or predecessor thereof whether or not in existence on the date of these Requests); any of LRA's directors, officers, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of the Louisiana Recovery Authority in any capacity.

5.    "You," or "Your" means OCD, its predecessors, parents, subsidiaries, affiliates, and any of its present or former directors, officers, agents, employees, designees, assignees, representatives or other persons acting on its behalf.

6.    "Person" or "individual" means any natural person or any business, legal, or government entity or association.

2

7.    "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

8.    "Including" means including without limitation.

9.    "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

10.   Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

11.   "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

12.   "WGII" means Washington Group International, Inc.

13.   "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.   "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

15.   "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

16.   "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

3

901715v.1

17.     "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

18.     "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

19.     "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.     Instructions**

1.     The documents sought in these Requests include all documents in your possession, custody or control.  Unless otherwise indicates, these Requests seek all documents generated or received by you during the Relevant Period.

2.     You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests.  A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.     Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other.  The nature of each claim of privilege shall be set forth in

4

sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4.     Documents attached to each other should not be separated.

5.     Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6.     If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7.     In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8.     If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9.     Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.    "All" and "each" shall be construed as "all and each."

5

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12.    The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13.    The documents shall be produced in full, without abbreviation or expurgation.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1)  documents sent by the Louisiana Office of Community Development, including the Disaster Recovery Unit, or any other entity within the OCD, to residents of the Lower Ninth Ward and St. Bernard Parish

2)  documents reflecting the application process for payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, or any other entity within the OCD

3)   documents reflecting process by which the Louisiana Office of Community Development, including the Disaster Recovery Unit, reviews and decides applications for payments, grants, or other restitution

4)  documents reflecting applications by homeowners in the Lower Ninth Ward and St. Bernard Parish for payments, grants, or other restitution provided by the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program, or any other OCD or LRA program

5)  documents reflecting any payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, to homeowners in the Lower Ninth Ward

6)  documents reflecting any payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, to homeowners in St. Bernard Parish

7)  documents reflecting your denial or similar treatment of any application for payments, grants, or other restitution from the Louisiana Office of Community Development, including the Disaster Recovery Unit, under the "Road Home" program or any other OCD or LRA program, by homeowners in the Lower Ninth Ward and/or St. Bernard Parish

6

901715v.1

8)  documents, including letters or other correspondence, you have received from any resident of the Lower Ninth Ward and St. Bernard Parish since Hurricane Katrina, other than applications

9)  documents reflecting any statements taken by you, at your direction, or on your behalf of any resident of the Lower Ninth Ward or St. Bernard Parish concerning Hurricane Katrina

7

901715v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the Production of Documents and Schedule A has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 28th day of November, 2007.

*/s/William D. Treeby*
William D. Treeby

901715v.1