AO 88 (Rev. 1/94) Subpoena in a Civil Case          RETURN

## Issued by the
### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES CONSOLIDATED
LITIGATION

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-4182"K"(2) and consolidated cases

TO: Team Louisiana and Louisiana State University
Center for the Study of Public Impacts of Hurricanes
Suite 3221, CEBA Building
Baton Rouge, LA 70803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Schedule "A"**

| PLACE | DATE AND TIME |
| --- | --- |
| Chaffe McCall, LLP, 2300 Energy Centre, 1100 Poydras St. New Orleans, LA 70163-2300 | 02/28/2008 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premise at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30 (b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]          Defendant | 01/28/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Parker Harrison   Chaffe McCall, LLP
2300 Energy Centre, 1100 Poydras St., New Orleans, LA 70163   (504) 585-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Cheryl Guillory 1/28/08 | Dom. |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Lesley Tedder | | Secretary |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/28/08
                   DATE

*Lesley Tedder*
SIGNATURE OF SERVER

ADDRESS OF SERVER    Chaffe McCall, LLP
8550 United Plaza Blvd.
Suite 202
Baton Rouge, LA 70809

---

### Rule 45, Federal Rules of Civil Procedure, Parts C and D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party, or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

This subpoena is to be answered in accordance with the provisions of Federal Rule of Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

*PLEASE REFER TO THE DEFINITIONS AND INSTRUCTIONS FOLLOWING THE SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED.*

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1) Documents, including statements of eyewitnesses or other interviews done by or provided to Team Louisiana regarding flooding at Pumping Station Number 5 in the Lower Ninth Ward.

2) Documents reflecting reports of underseepage and/or ponding of water along the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans.

3) Documents, including statements or other interviews provided to Team Louisiana, reflecting complaints or other expressions of concern by residents of the Lower Ninth Ward and St. Bernard Parish concerning underseepage and/or ponding of water along the Industrial Canal, including who made those complaints, when those complaints were made, and to whom those complaints were made.

4) Documents supporting or relating to the statement regarding the Lower Ninth Ward levee failures at in Chapter 3, Page 67 of your December 18, 2006 report, which stated "Team Louisiana believe under-seepage could also have been a factor. It would appear the main cause of failure at the northern breach into the Lower Ninth is both underseepage, and the loss of levee stability or overtopping and removal of soil support. No doubt both failure mechanisms were at play and led to the failure."

5) All documents supporting or relating to the statement, also at page 67 of Chapter 3, that "some of the engineers who have examined the south breach into the Lower Ninth Ward believe that it was caused by overtopping induced levee erosion, while others believe that piping and lateral movement may have been a contributing factor."

6) All documents, data, other evidence supporting your conclusion that the barge did not cause the breach, but rather that "the barge had clipped the end of the already formed breach as it was sucked through."

7) All documents supporting or relating to the statement at Page 219 of Chapter 6 of your report, which states, most investigators believe that the south breach formed mostly as a

result of backside levee removal through caused by plunging flow over the top of the I-wall. However, seepage beneath the sheet pile was also very important."

8) Documents reflecting that anyone was made aware or warned of underseepage of water along the Industrial Canal prior to Katrina.

9) Documents (including interview notes or memoranda) relating to "boom" or similar sounds heard by persons in the vicinity of the 17th Street Canal or London Avenue Canal breaches.

10) Documents relating to the conclusion that the Barge ING 4727 did not cause any of the breaches in the Inner Harbor Navigation Canal.

11) Documents relating to the conclusion that factors other than the Barge ING 4727 caused the breaches in the Inner Harbor Navigation Canal.

12) Documents relating to any individuals who were present in the Lower Ninth Ward during hurricane Katrina.

13) Any notes or recordings of interviews of any eyewitnesses to the levee overtopping and failure on the east side of the Industrial Canal.

14) Any physical evidence (such as stopped clocks, soil samples, or other physical evidence) collected by Team Louisiana during its investigation or the preparation of its report.

15) Documents (including photographs) relating to barge impacts with floodwalls or levee structures during Hurricane Katrina (including but not limited to impacts at or near Bayou Bienvenue).

## DEFINITIONS

1. "Document(s)", "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses, appointment books;' articles from publications' work papers of any kind; books; calendars; charts; checks (canceled or

1013313-1                                    2

uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; desk pads; diaries; diskettes; drafts; electronic mail; estimates; evaluations facsimiles files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages ; transcripts; understandings; videotapes; vouchers; and sheets or things similar to nay of the foregoing however denominated.

"Document(s)," "data,", "report(s)," "information," and "material(s)" further means any document now or at any time in the possession, custody or control of the entity to whom these Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2. "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidence, or constituting.

3. "Team Louisiana" refers to those individual scientists identified in the report entitled "State Project No. 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, 20 and dated December 18, 2006 and in the letter from Louisiana State University Center for the Study of Public Health Impacts of Hurricanes to the Honorable Johnny Bradberry dated February 12, 2007.

4. "Person" or "individual" means any natural person or any business, legal, or government entity or association.

5. "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

6. "Including" means including without limitation.

7. "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

8. Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is January 1, 1965 through and including the date of your document production.

9. "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

10. "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

11. "MRGO" means the Mississippi river Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

12. "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

13.     "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

14.     "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or floodwall resulting in the release of floodwater.

15.     "Adjacent to" means next to, along, near or on/or near the boundary of property or a specific area.

16.     "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

## INSTRUCTIONS

1.      The documents sought in these Requests include all documents in your possession, custody or control. Unless otherwise indicated, these Requests seek all documents generated or received by you during the Relevant Period.

2.      You shall produce all documents in the manner in which they are maintained in the usual course of your business s and/or you shall organize and label the documents to correspond with the categories in these Requests. A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.      Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the

document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other. The nature of each claim of privilege shall be set forth in sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4. documents attached to each other should not be separated.

5. Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6. If any document within the scope of these Requests has been destroyed, that document shall be identified, including without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8. If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9. Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10. "All" and "each" shall be construed as "all and each."

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13. The documents shall be produced in full, without abbreviation or expurgation.