UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES  * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION  * | | |
| * | | No. 05-4182 |
| PERTAINS TO:  * | | & Consolidated Cases |
| LEVEE (Ferdinand., No. 06-5132)  * | | |
| (Bourgeois, No. 06-5131  * | | |
| * | | SECTION K |
| * | | JUDGE DUVAL |
| * | | MAGISTRATE WILKINSON |
| ****************************************** | | |

SUPPLEMENTAL OPPOSITION TO THE MOTION
FOR SUMMARY JUDGMENT (Doc. 1698 and Doc. 10424) AND IN SUPPORT
OF PLAINTIFFS' ALTERNATIVE MOTION FOR FRCP 56(f) RELIEF

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Keith C. Ferdinand, M. D., APMC, et al, for itself and for specific residents or business owners named Plaintiffs, (No. 06-5132), and Linda C. Bourgeois and Arnold F. Bourgeois, et al, for themselves and specific residents and business owners, (No. 06-5131), to file this Supplemental Opposition to the Motion to Dismiss or Alternatively Motion for Summary Judgment filed by CSXT, Inc. (CSXT) and in Support of Alternative Motion for FRCP 56(f) Relief filed by Plaintiffs.

**Introduction**

Plaintiffs represent that the source of allegation that CSX was operating the train at the time of the derailment which damaged Gate W-30 was the Petition filed by the Orleans Levee District in Civil District Court, Proceeding No. 2004-17143, a copy of which is attached as Exhibit A. In that petition the Orleans Levee District ("OLD") alleged the following:

> 'Sometime before midnight on Friday, September 10, 2004, or in the wee hours of Saturday, September 11, 2004, a train locomotive owned Burlington and **operated by employees of CSX** picked up several railroad cars in the Almonaster/France Road Industrial area of the City of New Orleans, and began proceeding on railroad tracks owned by NOPBRR. Almost immediately thereafter, several cars of the 102-car train derailed at the location of Flood Gate W-30. The derailment began on the tracks owned by NOPBRR and extended to tracks owned by CSX. At least one of the derailed cars crashed into the flood wall and flood gate support system causing extensive damage to the structure, and creating a 32.5' wide gap in the flood protection system." (Emphasis Added)

## Discussion

The train derailment was also the subject of a Police Report which reflected that on September 11, 2004, at or about 1:00 a.m., Orleans Levee District Police Lieutenant Julia Wells responded to the call. (Exhibit B). The report recites that the derailment had occurred an hour and twenty minutes earlier, that "Wells met with John Mayeaux, a Trainmaster for CSX. . . and learned there were two people on the train, and engineer and a conductor". When asked to speak with the train engineer, Mayeaux "advised that the engineer would be brought to the location". Wells spoke to the engineer, Rickey T. Sharper, and the conductor, Rodney White, the other person on the train. The police report also indicated that the OLD engineering department had been notified that "Mr. Dennis Trocchiano arrived at 2:10 a.m. and inspected the area and took pictures of the damage. Trocchiano departed at about 3:00 a.m.," it says.

Before Plaintiffs consent to a judgment of dismissal or withdraw their opposition to the motion to dismiss, it seems appropriate to require a sufficient showing of facts negating the allegation in the petition. Plaintiffs suggest that they be provided with:

1. The Trocchiano (OLD) investigation report;

2. The statements of Sharper and White, if any;

3. Payroll stub for Mayeaux which identifies his employer;

2

    4.       Payroll stub for Sharper reflecting the identity of his employer;

    5.       Payroll stub for White, reflecting the identity of his employer;

    6.       Something from Gerald G. Metzger and Gwendolyn M. Hanhart, in light of and source of allegation, and CCP Article 863B[1].

    7.       Any cost sharing agreement, indemnity agreement or agreement to hold harmless in favor of Public Belt to which CSX is bound;

    8.       The report of any adjuster who adjusted the claim or recommended its payment to any insurer respecting claim, if any;

    9.       The identity of the insurer, if any, to whom CSX reported the loss and correspondence including adjuster's report.

    10.      Copy of any check funding the payment by Public Belt and any deposits to the account from which the funds were drawn or made by or from funds at CSX's direction or instances.

Accordingly, Plaintiffs ask the Court to order the defendants to produce the items requested, or explain why not available, or grant Plaintiffs the 56(f) motion to permit Plaintiffs to conduct the necessary due diligence.

                                          Respectfully submitted,

                                          /S/ William C. Gambel
                                          William C. Gambel (T.A.)(LA Bar No. 5900)
                                          MILLING BENSON WOODWARD, L.L.P
                                          909 Poydras Street, Suite 2300
                                          New Orleans, LA 70112-1010
                                          Telephone: (504) 569-7000
                                          Telecopy: (504) 569-7001
                                          wgambel@millinglaw.com

W369295

---

[1] Art. 863 B. Signing of pleadings, effect, ". . . the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact. . ."

3

CERTIFICATE OF SERVICE

      I certify that on this 29th day of January, 2008, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, e-mail, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

                                                   /s/ William C. Gambel

W369295