UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
|          06-1885 | * | JUDGE DUVAL |
|          06-4024 | * | |
|          06-4389 | * | MAGISTRATE WILKINSON |
|          06-5771 | * | |
|          06-5786 | * | |
|          06-6099 | * | |
|          07-0206 | * | |
|          07-3500 | * | |
|          07-3612 | * | |
|          07-5023 | * | |
|          07-5040 | * | |
| * * * * * * * * * * * * * * * * * * | | |

ASHTON R. O'DWYER, JR.'S
*NUNC PRO TUNC*
SUPPLEMENT TO AFFIDAVIT OF
PERSONAL BIAS AND PREJUDICE
<u>OF A FEDERAL JUDGE[1]</u>

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

   **COMES NOW** Ashton R. O'Dwyer, Jr. and supplements his Affidavit of

Personal Bias and Prejudice of a Federal Judge (Record Document No. 10431), *nunc pro*

*tunc*, with the following additional paragraphs:

---

[1] This supplement to O'Dwyer's Affidavit of Personal Bias also is material and relevant to the Motion for Disqualification and Other Relief (Record Document No. 10331), filed on January 11, 2008.

-1-

29.     O'Dwyer takes this opportunity to relate something odd and peculiar which he believes speaks "volumes" about the inextricably intertwined interrelationship between the Court's extra-judicial bias, prejudice and partiality, and the Court's judicial bias, prejudice and partiality.  As O'Dwyer recalls, this event took place on July 20, 2006, around noon,[2] the day after Judge Duval had issued his Order and Reasons (Record Document No. 788) dismissing all of O'Dwyer's clients' claims in this litigation, without oral argument, in a very "ugly" way, using extremely strident language which does not ordinarily appear in written judicial opinions.  O'Dwyer was at his desk in his office, then in Canal Place, when the telephone rang.  He picked up the phone, said "Hello", and was greeted with:  "This is Calvin Fayard.  There are certain things you don't do to the Fayard Family, and one of them is to interfere with our ability to make money",[3] or words to that effect.  Mr. Fayard then said he had read Judge Duval's Order and Reasons, dismissing all of O'Dwyer's clients' claims, offering that he was in a position to "intercede with the Judge" and to provide "assistance with a motion for reconsideration", comments which put O'Dwyer on his "guard".  O'Dwyer immediately responded by telling Mr. Fayard that, if he understood what Mr. Fayard was proposing correctly, then "That would be unethical",[4] adding that a Notice of Appeal had already been filed, and that "reconsideration of the Court's erroneous decision will be by the United States Court of Appeals for the Fifth Circuit".  Mr. Fayard then said, "Well the Fifth Circuit is the

---

[2] Upon information and belief, O'Dwyer avers that the telephone records for his former office, and/or Mr. Fayard's telephone records, can verify the date and precise time of the call.

[3] At the time, O'Dwyer believed this was a simply a "play on words" by Mr. Fayard, because O'Dwyer had said something similar on the record in Open Court on July 14, 2006.  (See Transcript of Status Conference on that date, pp. 18-19).  However, after thinking long and hard about the telephone conversation with Mr. Fayard following the "revelations" of August 29, 2007, O'Dwyer has now concluded that Mr. Fayard was quite serious, and that he was not "joking".

[4] Ex parte communications with a Judge seeking to influence the Judge in connection with the deliberative process are "verboten" in the legal profession.  Rule 3.5 of the Louisiana Rules of Professional Conduct.

strongest power of persuasion to get a Judge to "reconsider" a decision, or words to that effect. O'Dwyer then thanked Mr. Fayard for calling, and the conversation ended. O'Dwyer has not spoken to Mr. Fayard since July 20, 2006; Mr. Fayard has not spoken to O'Dwyer since then, either.

30. O'Dwyer asks rhetorically: "What influence, or power, did Mr. Fayard believe he wielded over Judge Duval that he had the temerity to suggest to O'Dwyer that his intercession with Judge Duval would cause the Judge to alter or modify an Order and Reasons already reduced to writing?"

31. O'Dwyer also asks rhetorically, "Suppose O'Dwyer had not filed a Notice of Appeal (Record Document No. 791) within a few minutes of his having received notice, electronically, of Judge Duval's Order and Reasons of July 19, 2006; and suppose he had said `Yes' to Mr. Fayard's suggestion?"

32. O'Dwyer also takes this opportunity to make an additional point in support of his assertion that his Affidavit of Personal Bias (Record Document No. 10431) was timely under the extant facts and circumstances:

> If Messrs. Becnel and Fayard, and other Committee Members in this litigation, had not remained silent about, and concealed, their representation of the State of Louisiana until August 29, 2007, when they filed pleadings on behalf of the State over their signatures, and had they disclosed that representation to the Court and to other counsel sooner than August 29, 2007, then O'Dwyer's Affidavit of Personal Bias might have been filed sooner than January 15, 2008. Additionally, had disclosure of the legal representation of the State of Louisiana by Messrs. Becnel and Fayard, and other Committee Members, been made sooner than

August 29, 2007, then other parties may also have decided to file affidavits, or to seek recusal of Judge Duval prior to January 15, 2008.

33. Lastly, O'Dwyer makes part hereof and incorporates herein by reference thereto Record Document No. 9000, being the transcript of proceedings held in Open Court on October 31, 2007, during which O'Dwyer first brought to the attention of the Court the conflict of interests between O'Dwyer's clients and the interests of certain lawyers appointed by the Court to represent O'Dwyer's clients, among others, and the clients of those lawyers, including particularly the State of Louisiana, following which the Court did absolutely nothing.

                                              S/ Ashton R. O'Dwyer, Jr  
                                              ASHTON R. O'DWYER, JR.

**SWORN TO AND SUBSCRIBED BEFORE ME,**

**THIS 30TH DAY OF JANUARY 2008.**

    **S/R. STEVEN LEMOINE**  
    R. STEVEN LEMOINE  
**NO. 8310**  
My commission expires at death.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 30th day of January 2008.

                                                S/Ashton R. O'Dwyer, Jr.