UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182 "K" (2)

PERTAINS TO: BARGE

JUDGE DUVAL
MAG. WILKINSON

## NOTICE OF SUBPOENA REQUIRING THE PRODUCTION OF DOCUMENTS

Pursuant to the Court's Case Management and Scheduling Order No. 5, entered September 18, 2007 (Docket No. 8974), and as subsequently amended ("CMO No. 5"), PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Washington Group International, Inc. ("WGII") has caused a subpoena *duces tecum* ("subpoena") to be issued by the United States District Court for the Middle District of Louisiana upon Ingram Barge Company ("Ingram Barge"). A review of publicly-available records indicates that Ingram Barge maintains a Sales Office located at Foot of E. 21st Street, Reserve, Louisiana 70084. The subpoena has been directed to the registered agent for Ingram Barge, CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809. A courtesy copy of the subpoena has also been provided to counsel for Ingram Barge, S. Gene Fendler, T.A., Liskow & Lewis, 822 Harding Street, P.O. Box 52008, Lafayette, Louisiana 70505-2008.

The subpoena requires the production of documents as described and designated in the attached Schedule A, at 10:00 a.m., February 29, 2008, at the offices of Stone Pigman Walther Wittmann L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130.

The notice, service, and enforcement of this subpoena is without prejudice to the pending

909364v.1

motion of WGII to dismiss, or any other similar motion to be filed by WGII, and shall not be deemed a waiver by WGII of any right.

Dated: January 30, 2008

Respectfully submitted,

*/s/ Heather Lonian*

William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
    Of
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Washington Group
International, Inc.

Of counsel
Adrian Wager-Zito
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3891
Facsimile: (202) 626-1700

909364v.1

## SCHEDULE A

This subpoena is to be answered in accordance with the provisions of Federal Rule of Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

### A.     Definitions

The terms set forth below are defined as follows unless otherwise stated:

1.     "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses; appointment books; articles from publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts; electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes; vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any document now or at any time in the possession, custody or control of the entity to whom these

Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2. "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

3. "Ingram Barge" means Ingram Barge Company (and any subsidiary or predecessor thereof whether or not in existence on the date of these Requests); any of Ingram Barge Company's directors, officers, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of Ingram Barge Company in any capacity.

4. "You," or "Your" means Ingram Barge Company, its predecessors, parents, subsidiaries, affiliates, and any of its present or former directors, officers, agents, employees, designees, assignees, representatives or other persons acting on its behalf.

5. "Person" or "individual" means any natural person or any business, legal, or government entity or association.

6. "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

7. "Including" means including without limitation.

8.      "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

9.      Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is January 1, 1999 through and including the date of your document production.

10.     "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

11.     "WGII" means Washington Group International, Inc., a division of URS Corporation.

12.     "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

13.     "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.     "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

15.     "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

16.     "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

17. "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

18. "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.    Instructions**

1. The documents sought in these Requests include all documents in your possession, custody or control. Unless otherwise indicated, these Requests seek all documents generated or received by you during the Relevant Period.

2. You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests. A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3. Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other. The nature of each claim of privilege shall be set forth in sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4. Documents attached to each other should not be separated.

5.  Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6.  If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7.  In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8.  If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9.  Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.  "All" and "each" shall be construed as "all and each."

11.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

909364v.1

12.	The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13.	The documents shall be produced in full, without abbreviation or expurgation.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1) documents reflecting any theories believed by you to explain how and/or why the Industrial Canal levees and flood walls were breached and/or failed during and/or after Hurricane Katrina, particularly between Florida and Claiborne Avenues along the east side of the Industrial Canal

2) documents reflecting any theories believed by you to explain how and/or why flooding occurred in the Lower Ninth Ward and/or St. Bernard Parish during and/or after Hurricane Katrina

3) documents reflecting any theories believed by you to explain how Barge ING4727 owned by you and moored at a terminal or wharf owned and/or operated by Lafarge North America Inc. along the west side of the Industrial Canal across from the East Bank Industrial Area before Hurricane Katrina came to rest in a neighborhood in the Lower Ninth Ward of Orleans Parish after Hurricane Katrina

4) documents reflecting the identities of any person or entity who has made or threatened to make a claim against you for any damage alleged to have been caused during Hurricane Katrina

5) documents reflecting the identities of any residents of the Lower Ninth Ward and/or St. Bernard Parish with whom you, or anyone acting on your behalf, have settled or otherwise resolved litigation or anticipated litigation against you in connection with Hurricane Katrina, as well as the amounts of any such settlement or resolution

6) documents produced by you or to you in connection with the *In the Matter of the Complaint of Ingram Barge Co.*, C.A. No. 05-4419 or any other limitation action or proceeding to which you are a party or otherwise involved arising out of or related to Hurricane Katrina

909364v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the Production of Documents and Schedule A has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 30th day of January, 2008.

_____
Heather S. Lonian

909364v.1