<u>SCHEDULE A</u>

This subpoena is to be answered in accordance with the provisions of Federal Rule of

Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

**A.      Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.      "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used

in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any

writing of any kind, including, without limitation, any written, printed, taped, electronically or

digitally encoded, graphic or other information, including, without limitation, originals, identical

copies, translations and drafts thereof and all copies bearing notations and marks not found on

the original.  "Document(s)," "data," "report(s)," "information," and "material(s)" includes,

without limitation, affidavits; agreements; analyses; appointment books; articles from

publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled);

check stubs; communications; computer disks, print outs, tapes; confirmations; contracts;

correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts;

electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals;

ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders;

pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences,

conversations, or meetings; reports; statements; statistical records; studies; summaries;

tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes;

vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any

document now or at any time in the possession, custody or control of the entity to whom these

Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys).  Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2.      "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

3.      "ILIT" means the Independent Levee Investigation Team, led by the University of California at Berkeley and funded in part by the University of California at Berkeley's Center for Technology Research in the Interest of Society ("CITRIS"); any of ILIT's members, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of the ILIT in any capacity.

4.      "You," or "Your" means Robert G. Bea, a professor in the UC Berkeley Department of Civil and Environmental Engineering and the co-author of the Report published by the Independent Levee Investigation Team ("ILIT"), led by the University of California at Berkeley and funded in part by the University of California at Berkeley Center for Technology Research in the Interest of Society ("CITRIS"), and any agents, designees, representatives or other persons acting on your behalf or at your request.  The subpoena is directed to Prof. Bea as a member of ILIT and the co-author of the ILIT Report and seeks only those documents from him in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents from him, as an expert retained by counsel as of March, 2007 in connection with the *In re Katrina Canal Breaches Consol. Litig.*

5.      "Person" or "individual" means any natural person or any business, legal, or government entity or association.

6.      "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

7.      "Including" means including without limitation.

8.      "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

9.      Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

10.     "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

11.     "WGII" means Washington Group International, Inc., a division of URS Corporation.

12.     "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

13.     "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.     "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

15.    "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

16.    "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

17.    "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

18.    "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.    Instructions**

1.    The documents sought in these Requests include all documents in your possession, custody or control.  Unless otherwise indicated, these Requests seek all documents generated or received by you during the Relevant Period.

2.    You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests.  A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.    Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the

document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other.  The nature of each claim of privilege shall be set forth in sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4.      Documents attached to each other should not be separated.

5.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6.      If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter.  The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8.      If you object to any part of any request, you shall state fully the nature of the objection.  Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9.      Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.     "All" and "each" shall be construed as "all and each."

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12.     The use of the singular form of any word includes the plural and vice versa.  The past tense shall include the present tense and vice versa.

13.     The documents shall be produced in full, without abbreviation or expurgation.

<u>**SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED**</u>

As indicated above, the Specifications of Documents to be Produced are directed to Prof. Bea as a member of ILIT and the co-author of the ILIT Report and seeks only those documents from him in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents from him, as an expert retained by counsel as of March, 2007 in connection with the *In re Katrina Canal Breaches Consol. Litig.*:

1) documents, including statements of eyewitnesses or other interviews provided to you or any other member of ILIT, reflecting instances in which residents of the Lower Ninth Ward in New Orleans, Louisiana or others encountered difficulty dewatering excavations in or adjacent to the EBIA

2) documents provided to you or any other member of ILIT reflecting reports of underseepage and/or ponding of water along or adjacent to the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

3) documents, including statements or other interviews provided to you or any other member of ILIT, reflecting complaints or other expressions of concern by residents of the Lower Ninth Ward and St. Bernard Parish concerning underseepage and/or ponding of water along or adjacent to the Industrial Canal, including who made those complaints, when those complaints were made, and to whom those complaints were made

4) documents supporting the conclusion ILIT made in Chapter 11, page 11-5 of the ILIT July 31, 2006 Final Report that the "main breaches that were the principal source of flooding for both the St. Bernard/Lower Ninth Ward protected area and the New Orleans East protected area were the levee frontages facing 'Lake' Borgne (which is actually a bay, as it is connected directly to the Gulf of Mexico)"

5) documents provided to you or any other member of ILIT reflecting that WGII was made aware or warned of underseepage of water along or adjacent to the Industrial Canal, particularly in the EBIA

6) documents provided to you or any other member of ILIT reflecting that any other person (including, but not limited to any natural person or any business, legal, or government entity or association) was made aware or warned of underseepage of water along or adjacent to the Industrial Canal, particularly in the EBIA

7) documents requests or other requests for information from you or any other member of ILIT to McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of the ILIT July 31, 2006 Final Report, or any interim drafts thereof

8) documents provided to you or any other member of ILIT by McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of the ILIT July 31, 2006 Final Report, or any interim drafts thereof

9) communications between you or any other member of ILIT with McElwee Brothers, Inc., Melvin M.L. McElwee, Sr., Sylvia Hurst, and/or any person acting on behalf of McElwee Brothers, Inc.

10) documents reflecting instances of disagreement among any members of the ILIT regarding conclusions in the ILIT July 31, 2006 Final Report, or any interim drafts thereof

11) documents reflecting theories examined or investigated by you or any other member of ILIT surrounding the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

12) documents reflecting theories examined or investigated by you or any other member of ILIT that a runaway barge, i.e. a barge that had broken free of its moorings, caused the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

13) documents supporting the conclusion ILIT made in Chapter 6, page 6-7 of the ILIT July 31, 2006 Final Report that "the barge [ING4727] slipped its moorings and was eventually drawn in through a breach that was already well developed"

7

14)  documents provided to you or any other member of ILIT reflecting or evidencing the theory that barge ING4727, or any other barge, caused or contributed to the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

15)  documents reflecting the number of visits you made to New Orleans in connection with the ILIT Hurricane Katrina investigation, including, but not limited to, time sheets or similar documents you used to document the time you spent in New Orleans in connection with the ILIT Hurricane Katrina investigation

16)  documents reflecting what portions of the ILIT Hurricane Katrina investigation were funded by CITRIS

17)  photographs taken by you or any other member of ILIT in connection with ILIT's investigation of Hurricane Katrina, particularly in the Industrial Canal and the EBIA

18)  documents describing, reflecting, and/or defining the legal status, organization, and funding sources of ILIT

19)  copies of videos, webcasts, podcasts or other public interviews you have given concerning the ILIT Hurricane Katrina investigation

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the

Production of Documents and Schedule A has been served upon all counsel of record through the

Court's CM/ECF electronic filing system or by placing same in the United States mail, postage

prepaid and properly addressed, this 30th day of January, 2008.

         */s/ Heather S. Lonian*
         Heather S. Lonian