## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION**

**CIVIL ACTION**

**NO. 05-4182**

**SECTION "K" MAG "2"**

**PERTAINS TO: ROAD HOME**
*State of Louisiana, C.A. No. 07-5528*

**JUDGE DUVAL**
**MAGISTRATE JUDGE WILKINSON**

**************************************************************************

### OPPOSITION TO
### MOTION OF DEFENDANTS FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL SETTLEMENT INFORMATION PROVIDED TO THE STATE IN CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH ROAD HOME GRANT RECIPIENTS

**May It Please the Court:**

The State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, Office of Community Development (the "State"), through the Honorable Buddy Caldwell, the Attorney General for the State of Louisiana, and through the undersigned private counsel duly authorized to act for and on behalf of the State, respectfully submits its Opposition in response to the Motion of Defendants for Protective Order Governing Confidential Settlement Information Provided to the State in Connection with its Review of Insurance Settlements with Road Home Grant Recipients (the "Motion").

-1-

## I.    **Background**

In this suit, the State alleges that the Insurer Defendants breached the contractual obligations owed to Road Home grant recipients (the "Grant Recipients"). Specifically, the State has asserted claims on behalf of "itself and all affected citizens of the State . . . . for the recovery of funds paid as part of the State's Road Home Program and for declaratory and injunctive relief, individually and on behalf of all" recipients.[1] The State further contends that, due to the Insurer Defendants' breaches of well-established principles of Louisiana insurance law, the Grant Recipients "were deprived of the benefit of insurance coverage . . . and, accordingly, the State has suffered substantial damages because the Road Home Program has approved the expenditure of great sums of money . . . . which should have been properly paid for, at least in part, by the Insurance Company Defendants."[2]

In their Motion, the Insurer Defendants seek an order from this Court applying the Amended Master Protective Order "to submissions made to the State (or its attorneys) in connection with the Road Home Program's review of settlements entered into between Road Home grant recipients and the named Insurance Company Defendants in the Road Home Action and placing certain additional restrictions on the disclosure, access, and use of such confidential settlement information."[3]   The State submits that, for procedural and substantive reasons, the Insurer Defendants are not entitled to their requested relief.

## II.    **Law and Argument**

---

[1]*See* The State of Louisiana's First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief.

[2]*See id.*, ¶ 84.

[3] *See* Memorandum at 1, Rec. Doc. No. 10633-2.

**A.**    **The Appeal and Stay Preclude This Court from Hearing the Motion.**

The State's pending appeal in this matter is an obstacle to this Court's consideration of the Insurer Defendants' Motion.  After the State filed suit in state court, the Insurer Defendants subsequently removed the action pursuant to the Class Action Fairness Act ("CAFA").  The State filed a Motion to Remand and argued that CAFA was inapplicable and that, even if CAFA were applicable, sovereign immunity prevented the Insurer Defendants' removal.  This Court denied the State's Motion to Remand and, on November 26, 2007, the State filed a Petition for Permission to Appeal to the United States Fifth Circuit Court of Appeals.

The Fifth Circuit has not yet ruled on the State's Petition, but as discussed at a recent status conference, a decision may be imminent.  Courts in this jurisdiction have recognized that the "filing of a notice of appeal is an event of jurisdiction[al] significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[4]  Here, if the Fifth Circuit grants the State's Petition, which could happen any day now, this Court will lose its authority to decide the issues presented in the Insurer Defendants' motion.  As a matter of judicial economy, then, the State requests that this Court decline from ruling on the Motion until jurisdiction has been fully established.

Furthermore, in a November 26, 2007 Minute Entry, this Court stayed all proceedings in the "Insurance Umbrella" pending the Louisiana Supreme Court's decision in *Sher v. Lafayette Insurance Co.*[5]  This Court found that, because of *Sher*'s impact on key issues in the Katrina

---

[4] *Adams v. Unione Meditteranea Di Sicurta*, No. 94-1954, 1998 WL 668060 (E. D. La. September 23, 1998) (Mitchell, J.) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

[5] *See* Doc. No. 9227.

-3-

insurance litigation, a stay of these proceeding would be judicially efficient. The State's suit against the Insurer Defendant is premised on the same issues to be resolved in the "Insurance Umbrella." The district court's stay order should, therefore, apply equally to the Insurer Defendants' attempt to bring motions before this Court.

**C.**     **Issues Regarding the Mechanics of Settlement Between Insurers and Insureds Are Not Before this Court.**

The Insurer Defendants ask this Court to issue a Protective Order to govern the process by which individual insureds and insurers exchange information as part of a settlement. Any problems with this process are **entirely separate and independent** from the gravamen of the State's Petition, *i.e.,* that the Insurer Defendants breached the contractual obligations owed to the Grant Recipients.[6] The Insurer Defendants are, therefore, requesting that this Court render a Judgment on issues over which it has no authority.

Courts have defined jurisdiction as the "authority of a court to adjudicate the **legal matter before it.**"[7] Here, the central legal matter "before" this Court is whether the Insurer Defendants breached their obligations to insureds who have received or will received grants from the Road Home Program. It has nothing whatsoever to do with the State's review of settlements between Grant Recipients and their insurers. Indeed, it is highly doubtful that a separate lawsuit by the Insurer Defendants to impose certain protocols on the State as part of the Road Home settlement process could be maintained in this court.

**D.**     **This Court's Intervention in the Subject of the Motion is Unnecessary Because the State Intends to Cooperate and Move this Case Forward.**

---

[6] *See* The State of Louisiana's First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief, ¶ 1.

[7] *In re: Bruno's, Inc.,* 227 B.R. 311, 320 (N.D. Ala. 1998) (emphasis added).

Despite the fact that the issues in the Insurer Defendants' Motion are not the subject of the petition, and thus this Court lacks subject matter jurisdiction the State has and will cooperate and move this case forward. The State was prepared to publish a Privacy Protocol along the lines set forth in Exhibit A that more favorably balances the needs of the parties. The Insurers were asked to withdraw the present motion in favor of such a self-imposed protocol but refused. The State has been and will continue to work with the Insurer Defendants to resolve any concerns over the State's role in the settlement process. But to the extent that this lawsuit is being used as a vehicle for the Insurer Defendants to seek relief on Road Home issues that are outside the Petition as amended are not before this Court, the State submits that jurisdictional defects prevent this Court from granting such relief.

The concerns offered by the Insurers are two-fold:  one, to shield information from competitors, and two, to similarly shield information from other plaintiffs' counsel. As the Court is aware there are procedures in place within Road Home which prevent the sharing of information across insurance lines which have been memorialized in the Protective Order governing Road Home Applicant and Recipient Information. (Doc. 9597). Under its privacy guidelines, no information concerning a specific applicant will be released without written permission from the applicant or in accordance with this protective order. The Insurers' concerns are adequately addressed by this protective order. No further protection is necessary.

Courts have routinely found that where the subject of the protective order involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality. See, e.g., Pansy, 23

F.3d at 788. Here, the State is involved and its review of settlement terms and conditions is a matter of public interest. Are the funds to be recovered upon approval reasonable and fair to the State?

As discussed below, state and federal agencies have statutory and regulatory authority to review, analyze, and manage settlement data. But that leaves open the question of public record issues.

The public's right to public records is fundamental and guaranteed by La. Const. art. 12, § 3 which provides that "(n)o person shall be denied the right to ... examine public documents, except in cases established by law." Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La.1984). La. R.S. 44:32(A) requires the custodian to "present any public record to any person of the age of majority who so requests" and demonstrates the legislature's intent to provide access in as unrestricted a manner as possible. Id. at 937. See Treadway v. Jones, 583 So.2d 119, 121 (La.App. 4th Cir.1991).    In New Orleans Building Corp. et al. v. Christian Plastics, Inc. et al., 2002 WL 31833260 (E.D.La.), this Court found that under the Louisiana Public Records Statute, La.Rev.Stat. ss 44:31 et seq., the State is not a private entity and must conduct its commercial activity within the strictures of the public records laws that apply to them. That said, the State Public Records Law cannot be trumped by a protective order.

Lastly, under Louisiana R.S. 22:1471.1, an insurer is required to provide its insured with full disclosure as to what has and is to be paid as a condition of settlement. In other words, the homeowner has an absolute right to know this information, otherwise the settlement is not binding. Thus, the insured, as part of the settlement process, can demand from the carrier the very same information from the carrier and in turn, furnish it to the Program free of any use

limitations beyond those self-imposed by the Road Home Program. Thus, the information which the Insurers seek to protect is neither secret nor confidential and cannot be impressed with a protective order.

G.     **The Protective Order Proposed by the Insurers Is Unreasonably Restrictive**

Without waiving these objections and in response to the request of the Court, the State annexes hereto a form of Protective Order which is intended to balance the interest of the parties and provide for the freedom of the Road Home Grant Program to disclose information to lawfully empowered agencies, both federal and state which the Insurers' proposal prohibits. Attached as Exhibit A is the State's proposal which incorporates the suggested modifications.

The Insurers' order proposes to treat each settlement file as a stand alone file. It seeks to limit disclosure of the entire file content to only those in the settlement review process and only for settlement review purposes and no further. However, some of the information contained in this file may come from public records or from sources other than as a result of the review process. Thus, there is a need to define just what specific information is to be protected should the Court decide to enter such an order. As this Court recently noted, "everything" is too broad. The court in Bayer AG and Miles, Inc. v. Barr Laboratories, 162 F.R.D. 456, 465 (S.D.N.Y.1995), explained: "Umbrella" protective orders are disfavored.

The State asks that the information to be subject to the protective order be limited to "coverage limits, prior payments, and payments to be made in connection with the proposed settlement".

The Insurers would prohibit sharing of information with state and federal agencies which have statutory and regulatory oversight over the program. Agencies such as HUD, the Louisiana Recovery Authority, other lawfully entitled state and federal agencies have planning, oversight, and supervisory responsibilities over the grant process which includes grant recovery. Analysis of data, monitoring, and planning functions are restricted. Paragraphs 2c and 2d of the State's proposed order address this need to share information with lawfully authorized public agencies.

Suggested paragraph 3 is necessary to insure that information received from other sources is not subject to any protective order which may issue herein. Paragraph 4 make it clear that while Road Home may consent to settlement and grant a full release to the insurer, as to the insured, the Road Home grants only a partial release, one limited to the assignment of insurance, and not a release of other obligations which the Grant Recipient may owe the State.

## III.    **Conclusion**

The Insurer Defendants' Motion for Protective Order is improper because it requests that this Court render a formal Judgment on issues not presented in the State's Petition. The Motion also wants this Court to ignore the State's pending efforts in the Fifth Circuit seeking remand to state court and its decision to stay motion practice until *Sher* is resolved. Accordingly, the State requests that this Court deny the Insurer Defendants' Motion.

Respectfully submitted,

THE STATE OF LOUISIANA
The Honorable Buddy Caldwell
ATTORNEY GENERAL,
STATE OF LOUISIANA
/s/ Isabel Wingerter
Isabel Wingerter (No. 20428)
Assistant Attorney General

-8-

Director of Public Protection
1885 North Third Street, 6th Floor
Baton Rouge, LA 70802
Ph.: 225-326-6040
Fax: 225-326-6097

AND

ROAD HOME LIAISON AND LEAD COUNSEL
/s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (No. 5486)
FAYARD & HONEYCUTT, A.P.C.
519 Florida Avenue, S.W.
Denham Springs, LA 70726
Ph.: 225-664-4193
Fax: 225-664-6925
Email: calvinfayard@fayardlaw.com

AND

ROAD HOME CO-LEAD COUNSEL
Paul G. Aucoin (No. 2604)
PAUL G. AUCOIN, ATTORNEY AT LAW
135 Goodwill Plantation
Vacherie, LA 70090-5240
Ph.: 225-265-7906
Fax: 225-265-7906
Email: aucoinp@bellsouth.net

Joseph J. McKernan (No. 10027)
McKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph.: 225-926-1234
Fax: 225-926-1202
Email: jemckernam@mckernanlawfirm.com

Drew A. Ranier (No. 8320)
RANIER, GAYLE & ELLIOTT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph.: 337-494-7171
Fax: 337-494-7219
Email: drainer@rgelaw.com

Frank C. Dudenhefer, Jr. (No. 5117)
THE DUDENHEFER LAW FIRM
A Limited Liability Company
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Ph.: 504-525-2553
Fax: 504-523-2508
Email: FCDLaw@aol.com

James P. Roy (No. 11511)
DOMENGEAUX WRIGHT
ROY & EDWARDS L.L.C.556 Jefferson Street,
Suite 500
P. O. Box 3668
Lafayette, LA 70502-3668
Ph.: 337-233-3033
Fax: 337-232-8213
Email: jimr@wrightroy.com

James R. Dugan, II (No. 24785)
MURRAY LAW FIRM
650 Poydras Street, Suite 1250
New Orleans, LA 70130
Ph.: 504-648-0180
Fax: 504-648-0181
Email: jdugan@dugan-lawfirm.com

John W. Houghtaling (No. 25099)
GAUTHIER, HOUGHTALING, & WILLIAMS, L.L.P.
3500 North Hullen Street
Metairie, LA 70002
Ph.: 504-456-8600
Fax: 504-456-8624
Email: john@ghwlaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2008, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Calvin C. Fayard, Jr.
CALVIN C. FAYARD, JR.