**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: ROAD HOME *Louisiana State* C.A. No. 07-5528 | * | |

*****************************************************************

**PLAINTIFF, THE STATE OF LOUISIANA, ETC.**
**[PROPOSED] PROTECTIVE ORDER**
**GOVERNING SETTLEMENT INFORMATION PROVIDED TO THE STATE IN CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH ROAD HOME PROGRAM RECIPIENTS**

In this litigation, Plaintiff the State of Louisiana, Division of Administration, Office of Community Development ("the State") claims an interest in insurance payments received or to be received by Applicants and Recipients under their policy of casualty or property damage insurance by virtue of "*The Road Home* / Limited Subrogation / Assignment Agreement" (emphasis in original) ("Subrogation / Assignment Agreement") signed by those receiving funds from the State's Road Home Program (hereinafter "Grant Recipients"). The State has taken the position that the Subrogation / Assignment Agreement grants the State the right to review and approve or disapprove settlement agreements between Grant Recipients and their casualty or property damage insurers and has requested that certain information be provided to the State in connection with that review. Many Grant Recipients and various named Insurance Company Defendants have entered or wish to enter into settlement agreements





resolving the claims of the Grant Recipients under insurance policies issued by the Insurance Company Defendants. The Court's assistance has been requested with respect to facilitating the Road Home Program settlement review process. In furtherance of its efforts to provide such assistance, the Court finds that the disclosure by the insurers or insureds of coverage limits, prior payments, and payments to be made in connection with the proposed settlement to the State's Road Home Program in connection with the settlement review process should be subject to protection under the Amended Master Protective Order, as set forth below. The Court further finds that the State of Louisiana has been and may be requested in the future to approve a partial settlement.

Accordingly, it is hereby ORDERED as follows:

1. As used herein, the term INSURANCE SETTLEMENT refers to any settlement agreement or proposed settlement agreement between a Grant Recipient and a property insurance carrier which is submitted to the State's Road Home Program for review and approval in light of the State's claimed interests under a Subrogation / Assignment Agreement.

2. The settling insurer or insured may designate coverage limits, prior payments, and payments to be made in consideration of settlement submitted to the State's Road Home Program in connection with its review of an INSURANCE SETTLEMENT as PARTY SENSITIVE CONFIDENTIAL INFORMATION under the Amended Master Protective Order (Document No. 7634). Such information shall be subject to the following provisions, in addition to those set forth in the Amended Master Protective Order:

a. Such information shall be marked by the Designating Party with the following legend:

PARTY SENSITIVE CONFIDENTIAL INFORMATION
PRODUCED FOR SETTLEMENT REVIEW
PURSUANT TO PROTECTIVE ORDER
IN RE: KATRINA CANAL BREACHES LITIGATION;
ROAD HOME ACTION

b. Such information may only be used to review the particular INSURANCE SETTLEMENT and to administer the Road Home Grant in connection with which the information is submitted. Such information may not be disclosed, or used by the State, the State's counsel, or any agent or contractor of either in any other manner, including in connection with any other case or settlement.

c. However, nothing provided for herein shall prevent the State, the State's counsel, or any agent or contractor of either from disclosing or discussing such information with the settling insurer's counsel or its designated employees or agents, the Grant Recipient(s) and counsel, duly authorized representatives of the United States of America and of the State of Louisiana having a legal right to review, analyze, and review same in the discharge of their lawfully imposed duties, including but not limited to the Small Business Association, the Department of Housing and Urban Affairs, law enforcement agencies, Inspector Generals, auditors, and representatives of mortgage lenders holding a security interest in the property subject to the INSURANCE SETTLEMENT in question.

d. Further, nothing herein shall prevent the State or any other agency or office of the State of Louisiana or any other their agents or contractors from

compiling and utilizing data in an aggregated forms, including but not limited to the planning and implementation of its disaster recovery programs or future programs, so long as the form in which that data is used does not reveal information identifying the particular insurer, homeowner or damaged property.

e. In the event that a Freedom of Information Act or Public Records Act request is directed to the State seeking he information covered by this Order, notice of such request will be given the settling insurer who will then either agree to the release of the requested information or take such action as is necessary to challenge such request.

f. In the event there is any conflict between the Amended Master Protective Order and this Order, the terms of this Order shall control.

g. The portion of paragraph 5 of the Amended Master Protective Order requiring that the Designating Party provide notice to Liaison Counsel of the production of PARTY SENSITIVE CONFIDENTIAL INFORMATION shall not apply to information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT.

3. Notwithstanding anything herein to the contrary, any information and/or documents provided to the State of Louisiana in the Road Home application and closing and monitoring processes and the sum of the proceeds payable to the State of Louisiana in the INSURANCE SETTLEMENT shall not be considered confidential information for purposes of this Order and may be disclosed and/or used by the State of Louisiana as it deems necessary.

4. Notwithstanding anything herein to the contrary, in event the State of Louisiana has any remaining rights or claims under its Subrogation/Assignment Agreement, any documents and/or information disclosed in the settlement review process may be disclosed and/or used by the State of Louisiana in furtherance of the State of Louisiana's rights and claims under the Subrogation/Assignment Agreement.

**SO ORDERED:**

New Orleans, this ____ day of February, 2008.

______________________________
Stanwood R. Duval, Jr.
United States District Judge

______________________________
Joseph C. Wilkinson, Jr.
United States Magistrate Judge