**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| _____ | * | SECTION "K"(2) |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State*, C.A. No. 07-5528 | * | MAG. WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL SETTLEMENT INFORMATION PROVIDED TO THE STATE IN CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH ROAD HOME GRANT RECIPIENTS

Defendants respectfully submit this reply brief in further support of their motion for protective order (Doc. No. 10633) and in response to the State's brief in opposition thereto (Doc. No. 11006). *As detailed below, the protective order submitted by the State in connection with its opposition is vastly different and significantly longer than the only version previously provided by the State on January 17.* This reply brief is necessary to address the issues that manifested in connection with the State's belated shift in position on their protective order. In an effort to accomodate the Court, the Insurers have vetted the State's belated proposed protective order within 24 hours of receiving it and provide as Exhibit "A" the Insurer's Revised Protective Order. Several requests of

1

the State have been accepted, several have been modified, and several have been rejected for reasons more fully discussed below.

Attached as Exhibit "B" is a comparison of the Insurer's Revised Protective Order (attached as Exhibit A) to the State's proposed protective order submitted with its opposition.

In its opposition, the State contends the Court lacks jurisdiction over this matter, argues no protective order is needed in any event, and proposes for the first time its own alternative language on numerous issues. As detailed herein and in Defendants' opening brief, Defendants' motion should be granted.

## I. INTRODUCTION

The Court and the parties have been discussing a pilot protocol program relating to the State's review of settlements of insurance claims entered into by insurers with insureds who are Road Home grant recipients and have signed a Subrogation / Assignment Agreement with the State. This protocol calls for the settling insured and insurer to provide the State with certain information. However, because the information contained within the contemplated submissions implicates confidentiality concerns, Defendants reasonably sought agreement on the terms of a protective order prior to the first round of submissions, which was originally scheduled (at a January 11, 2008 conference) to be made on January 18, 2008. (Doc. No. 10383.)

Defendants sought to negotiate language with the State as much as possible given the time constraints presented by the contemplated commencement of the pilot protocol, but the parties were unable to reach agreement. The State's only counter-proposal was provided to Defendants on the afternoon of January 17 and suggested an overly

2

restrictive limitation of the order to "claimant-specific information" (which might permit disclosure of other competitively sensitive insurer information) and the addition of language specifically permitting discussion of the information with the parties to the settlement being reviewed.  (*See* Exhibit C hereto.)  Defendants did not agree to the "claimant-specific" language as it was overly restrictive, but did offer slightly modified language adopting in principle the State's latter suggestion.  (*See* Exhibit D hereto.)  The State declined to agree to the revised order and did not propose any other specific language.

In its opposition, the State makes reference to its claimed willingness to "move this case forward" and an anticipated "Privacy Protocol" that it asserts would address these issues, but no such proposed protocol has been provided, and the State maintains no protection is necessary or warranted.  As the Court is aware, confidentiality assurances are needed if the agreed upon settlement review protocol is to move forward and permit the finalization of insurance settlements.

**II.     ARGUMENT**

       **A.     The Court Has Jurisdiction to Enter the Requested Protective Order**

The State argues that its petition to appeal the Court's denial of its motion to remand and the Court's stay of the separate Insurance Umbrella cases in this Consolidated Litigation somehow preclude the Court from hearing Defendants' motion.  The State is incorrect on both counts.

The State's petition to the Fifth Circuit was filed under 28 U.S.C. § 1453(c), a provision of the Class Action Fairness Act ("CAFA") which provides a right to pursue a discretionary interlocutory appeal from a district court order granting or denying a motion

3

to remand where the case was removed under CAFA.  However, the filing of such a petition does not divest the district court of jurisdiction.  *See Robinson v. Cheetah Transp.*, No. 06-0005, 2007 WL 677245, at *1-2 (W.D. La. Feb. 28, 2007) (rejecting argument that pending appeal pursuant to 28 U.S.C. § 1453(c) precluded district court's consideration of defendants' motion to dismiss); *see also Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2963669, at *1-2 (E.D. La. Oct. 9, 2007) (Feldman, J.) (holding notice of appeal seeking discretionary appellate review of district court order granting or denying class certification under Fed. R. Civ. P. 23(f) did not divest district court of jurisdiction).

Moreover, even if the Fifth Circuit were to decide to accept the State's petition and review the district court's order denying remand, that action would still not divest the Court of jurisdiction.  Even where taken as of right, "[a] notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal."  *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (holding individual defendant's filing of notice of appeal from district court's denial of qualified immunity in § 1983 case did not divest district court of jurisdiction to proceed with discovery in case).

Neither does the Court's stay of proceedings in the separate Insurance Umbrella have any impact on the separate Road Home category.  By its terms, such stay is limited to the Insurance Umbrella.  (*See* Doc. Nos. 9227, 10110.)  Though the State suggests its suit is "premised on the same issues to be resolved in the 'Insurance Umbrella'" and should therefore be stayed pending the outcome of *Sher v. Lafayette* (Doc. No. 11006, p.

4

4), the Road Home action is a separate and independent part of the Consolidated Proceedings in which the State is pursuing subrogation and assignment claims that are not at issue in *Sher v. Lafayette*.  Moreover, even in the Insurance Umbrella the stay was not intended to preclude or stand as an obstacle to settlements.  *See* Doc. No. 9227, p. 2 (stay "shall not impact that provision of CMO No. 4, VII concerning bifurcation and the pursuit of settlement as parties see fit").  By contrast, delaying the entry of a protective order governing the confidentiality of settlement submissions to the Road Home program, as the State urges, stands as a clear obstacle to effectuating settlements, as most or all insurers have been unwilling to participate in the Court's pilot program for settlement approvals absent adequate assurances of confidentiality.

> **B.     The State's Class Action Petition Places the State's Interests Under Its Subrogation / Assignment Agreements Before the Court**

The State argues that "the process by which individual insureds and insurers exchange information as part of a settlement" is not before the Court, but such exchanges are not the basis for the protective order sought by Defendants.  Instead, Defendants seek protections for information that is submitted *to the State*, whether by insureds or insurers, during the Road Home settlement review process.  In this litigation, the State has asserted rights based upon the terms of the Subrogation / Assignment Agreement between it and Road Home grant recipients.  As such, the State has placed the operation of that agreement and any resolution of disputes relating to the State's rights thereunder squarely before the Court.  The settlement and release of the very rights asserted by the State in this case is clearly a matter within the scope of this litigation and properly addressed by the Court.

### C. A Protective Order Is Needed

The State argues that any confidentiality concerns "are adequately addressed" by the Protective Order Governing Road Home Applicant and Recipient Information entered by the Court on December 19, 2007 (Doc. No. 9587), but that Order applies by its own terms only to information provided *by the State* to insurers through insurer-specific versions of Exhibit A to the State's petition and updates thereto.  By virtue of the instant motion, Defendants seek protection of information provided by insureds and insurers *to the State*.

The State also appears to have an unduly narrow appreciation of the confidentiality concerns, suggesting that they are limited to the need to "shield information from competitors" and "other plaintiffs' counsel."  However, two critical considerations not acknowledged by the State are the privacy rights of insureds and the need to place restrictions on the use and dissemination of information by the State and its counsel.

The State further suggests that its review of the terms and conditions of otherwise confidential settlement agreements in vindication of a limited claimed subrogation/assignment interest is a matter of public concern to which the general public is constitutionally entitled to have access, claiming that "the State Public Records Law cannot be trumped by a protective order."  (Doc. No. 11006, p. 6.)  Quite to the contrary, the Louisiana Public Records Act specifically provides an exception for information that is the subject of a judicially entered protective order.[1]  *See* LSA-R.S. 44:4.1(B)(34);

---

[1] Incidentally, the Public Records Act also provides an explicit exception for "proprietary or trade secret information."  LSA-R.S. 44:3.2.

6

LSA-C.C.P. Art. 1426.  Moreover, the State's suggestion that neither it nor the Court has any power to restrict public access to this information conflicts with the State's own assurances to Road Home grant recipients on the grant application form.  *See* Exhibit E hereto, "Homeowner Application -- *The Road Home*," p. 2 ("The information collected below will be used to determine whether you qualify under *THE ROAD HOME* program.  It will not be disclosed other than to the State of Louisiana or its Agents without your consent except for verification of information or as required and permitted by law.").  Indeed, the State insisted on the December 19, 2007 Protective Order (Doc. No. 9587) prior to releasing even limited information about Applicants and Recipients.  The State's suggestion that the general public must have free access to settlement review submissions is contrary to law and the State's own commitments to Road Home grant applicants and only serves to emphasize the need for a protective order.  Further, the State's position would eviscerate the protections of any order entered by this Court, instead forcing insurers to engage in satellite litigation to prevent disclosure every time anyone submits to the State a records request for any of the settlement approval submissions.

      Beyond merely ignoring the confidentiality interests of both insurers and insureds, the State suggests an insured's purportedly "absolute right" to know settlement information pursuant to LSA-R.S. 22:1471.1 results in such information being "neither secret nor confidential and cannot be impressed with a protective order."  (Doc. No. 11006, pp. 6-7.)  Whatever LSA-R.S. 22:1471.1 may require, it clearly does not preclude an insured and an insurer from entering into a settlement agreement providing that the terms of that agreement shall be confidential *as among the parties to the settlement.*  This contractual right of privacy agreed upon by the parties to the settlement cannot be

7

disregarded based either on the non sequitur that the parties to the agreement have knowledge of the information or on the State's asserted subrogation and/or assignment rights in some of the proceeds of such a confidential settlement.

> **D. Defendants' Proposed Protective Order Is Not Unreasonably Restrictive and Certain of the State's Proposed Language Is Not Sufficiently Protective**

The State has proposed an alternative form for a protective order, the substance of which is addressed by subject matter below. While Defendants' do not object to certain language proposed by the State subject to modifications referenced below and detailed in the attached Revised Proposed Protective Order, the State's proposed order contains provisions that would inappropriately limit the confidentiality protections.

> **1. Limitation of Protected Information**

The State's proposed protective order limits the scope of protected information to three specific items: "coverage limits, prior payments, and payments to be made in connection with the proposed settlement." (*See* Doc. No. 11006, Exh. A, Prefatory Paragraph & ¶ 2.) Further, the State seeks affirmative recognition that it may freely disclose or use "the sum of the proceeds payable to the State of Louisiana in the INSURANCE SETTLEMENT …." (*Id.* ¶ 3.) In doing so, the State unreasonably limits the proprietary and confidentiality rights of insurers and completely ignores the privacy and confidentiality rights of insureds.

First, there is no basis for the carve-out for proceeds payable to the State provided for in paragraph 3 of the State's proposed order. Disclosure of the sum of the proceeds payable to the State in a given settlement inherently discloses proprietary and confidential

8

information regarding the terms of the settlement (most directly, that it was for at least the amount received by the State).

Further, the State's discrete list of three items of information is unnecessarily narrow and might be read to exclude from protection items such as the insured's personal information, policy numbers, information regarding other insurance policies, the identity of additional loss payees (*e.g.*, mortgage/lien holders), and the specific apportionment of any prior or future payments among coverages, all of which represent information that would be the subject of legitimate confidentiality interests on the part of insureds and insurers. The State justifies this attempted limitation by suggesting Defendants "seek[] to limit disclosure of the entire file content …." (Doc. No. 11006, p. 7.) However, this is not the case. Defendants' motion and proposed order only seek to protect information submitted by insureds or insurers for purposes of the settlement review process—not the State's "entire file."

### 2. Discussion of Settlement Information With Parties

Paragraph 2(c) of the State's proposed protective order adds "designated employees or agents" of settling insurers and "Grant Recipient(s)" to the list of persons with whom the State may discuss protected information. Defendants have no objection to this language provided that language is added acknowledging the fact that both insurers and insureds will likely be represented parties. Absent an insurer's designation of an employee or agent, the State should communicate with counsel and, at least without prior consent, the State should not contact individual Grant Recipients who are represented by counsel. Defendants have proposed additional language to this effect.

### 3. Disclosure of Information to Governmental Bodies With Oversight Authority

The State claims Defendants' protective order would prohibit it from sharing information with state and federal agencies having "planning, oversight, and supervisory responsibilities over the grant process which includes grant recovery." (Doc. No. 11006, p. 8.) Defendants are agreeable to language permitting disclosure of information to such governmental agencies, but have proposed revisions to the State's proposed order that track more closely the State's stated justification for this exception.[2]

### 4. Use of Data in Aggregate Form

Defendants do not object to the concept underlying paragraph 2(d) of the State's proposed order permitting the State to compile and utilize data in aggregated forms, but have proposed language clarifying that such uses should be for a governmental purpose and not used for litigation purposes.

### 5. FOIA and Public Records Act Requests

The State's proposed paragraph 2(e) contemplates giving notice to the settling insurer in the event a request is made under either FOIA or the Louisiana Public Records Act with unspecified proceedings to follow. However, as detailed *supra* any proprietary or trade secret information or information otherwise subject to a court-entered protective order would be excepted from disclosure under the Public Records Act. Nonetheless, in light of the State's apparent position that such information may be subject to public disclosure, Defendants do not object to the State's proposal that the settling insurer receive notice where disclosure may be a possibility notwithstanding the protective order.

---

[2] The State also added language permitting disclosure to mortgage lenders, which Defendants have incorporated with modifications.

Defendants have proposed a revised version of the State's language (¶ 2(f) of the attached proposed order) which makes it clear that the State should refuse such requests but should provide notice if that refusal is challenged.

### 6. Information From Other Sources

Paragraph 3 of the State's proposed protective order excepts from the order's coverage any information "provided to the State of Louisiana in the Road Home application and closing and monitoring processes …." Defendants' motion and proposed protective order relate only to information submitted to the State for purposes of the settlement review process. Therefore, Defendants do not object to the inclusion of language permitting the State to use information derived from other sources so long as such language is clear that this is not intended to excuse the State from any legal or contractual confidentiality obligations it may otherwise have with respect to that information. Defendants have proposed a revised paragraph 3 incorporating such language.

### 7. Use of Information In Furtherance of Claims Under Subrogation / Assignment Agreement

Paragraph 4 of the State's proposed protective order permits use of information disclosed in the settlement review process "in furtherance of the State of Louisiana's rights and claims under the Subrogation/Assignment Agreement." Based on the State's representation that it has received and/or anticipates receiving requests for approval of partial settlements which would not completely and finally resolve all of the settling insured's claim against the settling insurer, Defendants do not object to language permitting the State to use information disclosed in the submissions made in connection with the review of the partial settlement in furtherance of whatever remaining interests

11

the State may have under the Subrogation / Assignment Agreement in the settling insured's remaining rights to recovery.

### III.  CONCLUSION

For the reasons stated herein and in Defendants' opening brief, the Court has jurisdiction to address these matters in order to allow the settlement of cases and a protective order is necessary and justified. Accordingly, Defendants request that the Court enter the revised proposed protective order submitted in connection with this reply brief which best accommodates the interests of insurers, insureds, and the State.

Respectfully submitted:

*/s/ Ralph S. Hubbard III* ___
Ralph S. Hubbard III, T.A., La. Bar No. 7040
Seth A. Schmeeckle, La. Bar No. 27076
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504)310-9195
E-Mail:     rhubbard@lawla.com
            sschmeeckle@lawla.com
**Insurer Defendants Liaison Counsel**

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants.

/s/ Ralph S. Hubbard III_____
Ralph S. Hubbard III