UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182<br>and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*   05-5531<br>*Mumford v. Ingram*   05-5724<br>*Lagarde v. Lafarge*   06-5342<br>*Perry v. Ingram*   06-6299<br>*Benoit v. Lafarge*   06-7516<br>*Parfait Family v. USA*   07-3500 | * * * * * * * * | JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE<br>JOSEPH C. WILKINSON, JR. |

**LAFARGE NORTH AMERICA INC.'S
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES**

Defendant Lafarge North America Inc. ("LNA"), hereby responds to the Interrogatories served by Plaintiffs in the above-captioned actions as follows:

**GENERAL OBJECTIONS**

1. LNA objects to each Interrogatory to the extent it purports to require any act not mandated by the Federal Rules of Civil Procedure. LNA will respond to the Interrogatories in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2. LNA objects to each Interrogatory to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production. In that connection, LNA expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation. That investigation continues to this day. In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the

purpose of preparing for trial of claims such as those asserted in these cases, and such materials are protected from disclosure under Fed. R. 26(b)(3). Inadvertent disclosure of privileged or protected information is not intended to be, and may not be construed as, a waiver of any applicable privilege. LNA will supply a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5) and accompanying comments.

      3.      LNA objects to each Interrogatory to the extent that it contravenes Case Management Order #5 and/or seeks to preempt the timelines established by the Court.

      4.      LNA objects to each and every Interrogatory to the extent that it calls for the production of documents or information that already have been produced in this litigation or calls for the production of publicly available documents or information that are equally available to the plaintiffs as to LNA.

      5.      LNA states that it has attempted to retrieve and preserve records from its New Orleans terminal, but can neither guarantee nor represent that none were lost or destroyed because of Hurricane Katrina, which seriously flooded and damaged the plant. To the extent that an objection may be necessary, LNA objects to producing documents or information which may have been lost as a result of this hurricane.

      6.      Each of LNA's answers to these Interrogatories is made to the best of LNA's knowledge at the present time, based upon its investigation to date. LNA states that its investigation is ongoing and LNA specifically reserves the right to supplement and amend these responses when and if it becomes necessary.

      7.      LNA objects to each and all "definitions" to the extent they vary the content of the Interrogatories in a way that renders them cumbersome and unduly burdensome. LNA will answer the Interrogatories in accordance with the Federal Rules of Civil Procedure, common English usage, and the terms of the Interrogatories themselves.

**SPECIFIC RESPONSES**

**INTERROGATORY NO. 5**

Please identify, describe and state the contents of any and all fact statements you have obtained from any and all plaintiffs and/or persons potentially belonging to the putative class herein concerning allegations subject of suit, stating the dates upon which all such statements were obtained, identifying by full name and address persons giving such statement, obtaining such statement, and having custody of such statement.

**Answer to Interrogatory No. 5:**

LNA objects to this request to the extent that it pertains to "fact statements" obtained from persons who are not parties to this case, including persons "potentially belonging to the putative class herein" on the grounds that (1) the request seeks the production of documents created in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3); and (2) the group of persons to which the request pertains is ill-defined, overly broad, and not capable of ascertainment. Notwithstanding the foregoing objections, LNA will provide a chart showing the identities and contact information for putative class area persons interviewed by LNA's investigators in the course of their investigation, all of which interviews were carried out in anticipation of litigation or for trial on behalf of LNA. This chart will be provided no later than February 15, 2008, the date on which plaintiffs have represented they will supplement their document production.

LIBW/1667917.2

**INTERROGATORY NO. 18:**

Please identify any and all persons and/or entities, if any, that you contend to be at fault for the breakaway of ING 4727, stating and describing as to each any and all facts, beliefs and/or opinions upon which you base your contention.

<u>Answer to Interrogatory No. 18:</u>

To date, LNA has not claimed against any other party specifically for the breakaway of ING 4727. Rather, the breakaway of ING 4727 was an Act of God that occurred despite all due care exercised by LNA. It is possible, however, that the United States and other governmental entities made parties to this suit may bear fault to the extent that the acts complained of in LNA's third-party complaint may have contributed to the barge breaking away from its moorings after the breach had occurred.

**INTERROGATORY NO. 19:**

Please identify and fully describe any and all simulations, replicas, reconstructions, models, mockups, and other study, investigation or representation, forensic or otherwise, of any and all things, events and/or locations you contend are pertinent to this litigation and which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any such witness will rely in furtherance of trial testimony. For the purpose of this discovery request, the word "forensic" shall be defined as "relating to the use of science or technology in the investigation and establishment of facts or evidence in a court of law."

<u>Answer to Interrogatory No. 19:</u>

LNA objects to this request as vague and overbroad to the extent it seeks to require LNA to identify any "event" or "location" … "of which any witness you call at trial will be informed" to the extent it applies to fact witnesses, whose knowledge of the relevant events comes from sources other than LNA. With regard to expert witnesses, LNA objects to this request as exceeding the scope of discovery as to testimonial experts provided in Rule 26(a)(2)(B) and contravening the schedule and scope for expert discovery set forth in the Court's Case Management Order #5. LNA will provide expert discovery as

4

required by Rule 26 and in accordance with the timelines established by the Court. Subject to and without waiving any objections, LNA refers the plaintiffs to the reports of the IPET, ILIT, Team Louisiana, and American Society of Civil Engineers External Review Panel, all of which provide comprehensive scientific investigation of the facts and circumstances relevant to this litigation. The reports and underlying materials are available to the plaintiffs through the following web addresses:

   a) IPET:  : https://ipet.wes.army.mil.

   b) ILIT:   http://www.ce.berkeley.edu/~new_orleans

   c) Team Louisiana:  ftp://hef-hurricane.hurricane.lsu.edu/Team_Louisiana.

   d) External Review Panel:  http://www.asce.org/static/hurricane/whitehouse.cfm

See also overtopping animation produced by the History Channel ("Modern Marvels," 5/1/06; "Katrina: American Catastrophe," 5/4/06.

**INTERROGATORY NO. 22:**

Please identify and describe any and all complaints and/or communications about a barge or other object knocking, scraping or engaged in other contact against the Industrial Canal floodwall or levee, and/or a barge breakaway, including the identities of all complainants, the recipients and persons with knowledge of all such complaints and/or communications, the dates and times of such complaints and/or communications, and the full substance of any and all such complaints and/or communications, during the period August 28-29, 2005.

**Answer to Interrogatory No. 22:**

Carolyn Berryhill and Wesley Wilson (identified in Berryhill deposition) heard a noise which they described as scraping but did not associate the noise with an object or a barge. In fact, Ms. Berryhill testified she did not see the barge until many hours later.

**INTERROGATORY NO. 25:**

Please provide your complete, detailed, exhaustive account of any and all locations, things, persons, events, circumstances and factors constituting the causes and occurrence of the breakaway of ING 4727.

5

**Answer to Interrogatory No. 25:**

LNA's account of the causes and occurrence of the breakaway of ING 4727 will be the subject of expert testimony. LNA's employees were not present to witness the breakaway, and, therefore, LNA does not have a first-hand account of the causes and occurrence of the breakaway. LNA's investigation of this topic is ongoing, and LNA will provide its expert reports in accordance with Case Management Order #5 and the timelines established by the Court.

Subject to and without waiving any objections, LNA further responds that the breakaway of the ING 4727 was the result of an Act of God, caused by the effects of hurricane generated wind and water, that could not have been prevented despite all due care, as evidenced by the fact that many other barges broke away from many other facilities during the storm and regardless of how they were moored. LNA reserves the right to amend this response based on yet-to-be-adduced expert evidence.

.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

   Mark S. Raffman
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**

6

                                    Poydras Center
                                    650 Poydras Street, Suite 2715
                                    New Orleans, LA 70130
                                    Telephone:  (504) 598-2715

                                    ***Attorneys for Lafarge North America Inc.***

February 1, 2008

## Certificate of Service

I do hereby certify that I have on this 1st day of February, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding by e-mail.

                                    /s/ Mark S. Raffman