# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*        05-5531 | * | |
| *Mumford v. Ingram*        05-5724 | * | |
| *Lagarde v. Lafarge*       06-5342 | * | JUDGE |
| *Perry v. Ingram*          06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * | MAG. |
| *Lafarge v. USA*           07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## RESPONSES TO REQUESTS FOR PRODUCTION PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs respond to Defendants, LNA and Zito entities', discovery as follows:

## GENERAL OBJECTIONS

A.    Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure. Plaintiffs will answer specific Interrogatories in a manner sufficient to comply with their obligations as stated therein.

B.    Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure. Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

C.    Plaintiffs object to each of the requests to the extent that they seek information regarding

1

"each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D.   Plaintiffs object to the Requests for Production to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.   Plaintiffs object to the Requests for Production to the extent they are overly broad and unduly burdensome.

F.   Plaintiffs object to the Requests for Production to the extent that they exceed the scope of admissible discovery.

G.   Plaintiffs object to the Requests for Production to the extent that they are vague and ambiguous.

H.   Plaintiffs object to the Requests for Production as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I.   Plaintiffs object to the Requests for Production that seek information readily available to Defendant in the public domain.

J.   These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Requests for Production that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following

2

named plaintiffs:

> Ethel Mae Coleman Mumford
> Josephine Long Richardson
> Jimmie Donnell Harris
> Kismit Bourgere
> Michael Joseph Riche
> Jacob Robert "Bob" Glaser
> Dianne Glaser
> Herman Koch
> Aida Koch
> Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

> Marie Short Benoit
> Henry Adams
> Gwendolyn Adams
> John Alford
> Jerry Alford
> Michael Watts
> Robert Green, Sr.
> Jonathon Green
> David Green, individually and as the representative of the Estate of Joyce
>      H. Green
> Everage Green, individually and as representative of the Estate of Shanai
>      Green, as as the natural tutor of Shaniya Green and Shamiya Green
> Hyman Sheppard
> Earl Matthew Daniels, Sr.
> Joyce B. Matthews
> Mildred Delores Dean
> Ethel Leon
> Karen Leon
> Joyce Daniels
> Myrna Daniels, in her individual capacity and as natural tutrix of Keina
>      Daniels
> Tom Browder
> Albertine Browder
> Gaynell Browder
> Blair Boutte
> Doris Shanks
> Herbert Warren, Jr.

> Marenthia Lagarde
> Michael Lagarde
> Donald Pritchett
> Jocelyn Moses
> Anthony Dunn
> Jocelyn Carter
> One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

## GENERAL RESPONSE

All discoverable documents and things currently in the BARGE plaintiffs' possession pertaining to negligence, unseaworthiness and breakaway causation are already in BARGE defendants' physical possession, or are available from WEBPACER, with the exception of several pieces of evidence discovered during Phase II of 05-4419, which are enclosed herewith. Additional expert materials will be provided in accord with Court Order. All other discoverable materials currently in BARGE plaintiffs' are enclosed. Respondents anticipate that additional materials will become available as they are gathered by BARGE plaintiffs and/or located among BARGE plaintiffs' flood damaged possessions. Same will be provided by way of ongoing supplementation. Additionally, supplementation will be provided in accord with ongoing discovery and expert investigation, and court order.

**REQUEST FOR PRODUCTION NO. 1:**

Any writings and things of whatever kind and nature (including photos, videos, and DVDs) which contain information and/or opinions relative to the breakaway and/or movements of ING 4727 during the effects of Katrina, and/or which contain information and/or opinions relative to the causes and/or occurrence of the eastern Industrial Canal floodwall breach(es) between North Claiborne and Florida Avenues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this request as overbroad, vague, compound, and premature.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

**REQUEST FOR PRODUCTION NO. 2:**

Any simulations, replicas, models, model basin tests, videos, photos, or DVDs, mockups, and other study, investigation, or representation, forensic or otherwise, of any and all things, events and/or locations you contend are pertinent to this litigation and which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any

such witness will rely in furtherance of trial testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

      Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

      Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

      Plaintiffs also object to this request as overbroad, vague, compound, and premature.

      Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

**REQUEST FOR PRODUCTION NO. 3:**

      Any documents evidencing any bankruptcy filing, criminal conviction, or adjudication of breach of fiduciary duty involving any proposed class representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

      Plaintiffs object to this request as overbroad, unduly burdensome, harassing, embarrassing, annoying, and not likely to lead to the discovery of admissible evidence.  Plaintiffs also object to this Interrogatory as it seeks information readily available to Defendants in the public domain.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

      To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**Ethel Mae Mumford:**

Plaintiff, Ethel Mae Mumford, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Josephine Richardson:**

Plaintiff, Josephine Richardson, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Jimmie Harris:**

Plaintiff, Jimmie Harris, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Harris Irvin:**

Harris Irvin declines to continue service as a class representative, in light of demands on his time relative to ongoing repairs of his property.

**Kismit Bourgere:**

Plaintiff, Kismit Bourgere, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Michael Riche:**

Plaintiff, Michael Riche, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents

that are the subject of this request.

**Jacob Glaser:**

Plaintiff, Jacob Glaser, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Dianne Glaser:**

Plaintiff, Dianne Glaser, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Herman Koch:**

Plaintiff, Herman Koch, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Aida Koch:**

Plaintiff, Aida Koch, has not been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.

**Rico Sutton:**

Plaintiff, Rico Sutton, has not been convicted of a felony within ten years, has not filed for bankruptcy, or been adjudicated to have breached a fiduciary duty.  Rico Sutton possesses no documents that are the subject of this request.

**REQUEST FOR PRODUCTION NO. 4:**

8

Any documents or data or information considered, consulted, or relied upon by any expert retained or specially employed to provide expert testimony for the plaintiffs in this proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of any exhibits to be used as a summary of or support for the opinions of any expert retained or specially employed to provide expert testimony for the plaintiffs in this proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

**REQUEST FOR PRODUCTION NO. 6:**

Any appurtenance, or fragment of an appurtenance, taken from the barge on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

None.

**REQUEST FOR PRODUCTION NO. 7:**

Any rope or other item or thing taken from the LNA dock on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

_____None.

**REQUEST FOR PRODUCTION NO. 8:**

Any documents that support or relate to your claim that the Barge ING 4727 caused the collapse of the IHNC retaining wall, including all documents that support your allegation that (a) the barge "crashed through the East side flood wall taking out a large section of the flood wall" (Mumford Paragraph VII); (b) the barge "raced diagonally across the Industrial Canal, and struck the east wall of the Industrial Canal, causing it to fail" (Boutte Paragraph 8); and (c) that the barge "was the sole cause of the eastern Industrial Canal breaches in the Lower Ninth Ward" (www.bargecase.com).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O.

#5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

_____Subject to said objections and without waiving same, Plaintiffs respond as follows:

Please see depositions of Terry Adams and Wilson Simmons.  Plaintiffs anticipate additional depositions that will yield documents responsive to this request.  Please also see all documents tendered and filed in Civil Action 05-4419.

Plaintiffs reserve all theories as to the direction and speed of the barge within the IHNC.

**REQUEST FOR PRODUCTION NO. 9:**

Any documents that evidence any statement or communication that each or any individual plaintiff made to any other person (other than the plaintiff's lawyer or his representatives) regarding the events of August 29, 2005, the causes of the IHNC retaining wall failure(s), or the subject matter of this suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to the request as overly burdensome and subject to the attorney work product doctrine.  Subject to and without waiver of any objections, any such evidence known to plaintiffs consist of statements made to and published online, by media, and publically available online to requestors.  Plaintiffs do not warrant or represent that they have discovered, located or possess all such statements.  Those in plaintiffs' counsel's possession are enclosed.  Plaintiffs'

11

counsel additionally possess an audio tape of a 911 emergency call made by Adams and Weaver. Copies are available upon request.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents that evidence the whereabouts of each individual plaintiff during and immediately after Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Named Plaintiff Class Representatives are not currently in possession of any documents that evidence their whereabouts during and immediately after Hurricane Katrina.  Respondents will continue to investigate.

**REQUEST FOR PRODUCTION NO. 11:**

Any documents that evidence any telephone calls made or received on August 29, 2005 to or from any location in the Lower Ninth Ward or St. Bernard Parish, including telephone bills covering the period including August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs object to this request as overbroad, vague, compound, and not likely to lead to the discovery of admissible evidence.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Named Plaintiff Class Representatives are not currently in possession of any documents that evidence any telephone calls made or received on August 29, 2005 to or from any location in the Lower Ninth Ward or St. Bernard Parish, including telephone bills covering the period including

12

August 29, 2005.

Additionally, see above regarding 911 call made by Adams and Weaver.

**REQUEST FOR PRODUCTION NO. 12:**

Any clock or other timepiece that was in the Lower Ninth Ward on August 29, 2005 and that stopped during the flood.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection: calls for speculation as to when said timepiece, if any exists, stopped.  Subject to and without waiver of any objections, the requested things are not in respondents' possession.

**REQUEST FOR PRODUCTION NO. 13:**

Any fragment of the retaining wall, including cement or "rebar" or sheet piling, collected on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

＿＿＿＿＿None.

**REQUEST FOR PRODUCTION NO. 14:**

Any documents that evidence communications between any person and any local, state or federal agency regarding the Barge ING 4727, including but not limited to any incident report made or obtained by you or your representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objections: attorney work product, public domain.  See above regarding Adams & Weaver 911 call.  Any other discoverable, responsive documents in respondents' possession are enclosed.

**REQUEST FOR PRODUCTION NO. 15:**

Any documents referencing or evidencing communications made on August 28, 29, or 30 between persons in the Lower Ninth Ward of New Orleans or St. Bernard Parish and any local, state or federal emergency response agency, including all records of 911 calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See above, which is the only item subject of the request in respondents' possession.

**REQUEST FOR PRODUCTION NO. 16:**

Any photographs, digital video discs, video tapes, aerial photography or recordings, or other visual or recorded evidence of the ING 4727, the floodwall breach, the LNA terminal, or damage to plaintiffs' home or property taken on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to the request as overly burdensome and constituting attorney work product, and being available to requestors within the public domain.  Subject to and without waiver of any objections, items subject of this request are already in the requestors' possession, or are enclosed, or will be provided by way of supplementation.

**REQUEST FOR PRODUCTION NO. 17:**

Any photos and other proof of damages and expenditures caused by flooding for which

compensation is claimed in this case and provided by any person to proposed class counsel (see www.bargecase.com).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

_____Subject to said objections and without waiving same, Plaintiffs respond as follows:

_____Plaintiffs claim damages to real property evaluated by expert analysis on a classwide approach, possibly performed by John Kilpatrick, unless a class is not certified, in which event plaintiffs reserve all of their claims for property damage.  Plaintiffs will submit their expert reports and/or witness lists and/or exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

**REQUEST FOR PRODUCTION NO. 18:**

Any documents evidencing or containing narrative or eye witness accounts of events that took place in the Lower Ninth Ward or St. Bernard Parish on August 28 and August 29, 2005, including but not limited to any written statement, tape recording, or transcription or account that

discusses or describes the barge and/or the flooding that took place.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to this request on the grounds of attorney work product.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

All responsive, discoverable documents in plaintiffs' possession, not yet provided to requestors, if any, are enclosed, or will be provided by way of supplementation.

**REQUEST FOR PRODUCTION NO. 19:**

Any documents evidencing any accounts or communications about a barge or other object knocking, scraping or engaged in other contact against the IHNC floodwall or levee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs object to this request on the grounds of attorney work product.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

All responsive, discoverable documents in plaintiffs' possession, not yet provided to requestors, are enclosed or will be provided by way of supplementation.

**REQUEST FOR PRODUCTION NO. 20:**

Any articles, notices, advertisements, statements, newspapers, periodicals, magazines and other publicly communicated accounts in your possession, custody, or control of the breakaway of the ING 4727 and/or the breach of the Industrial Canal floodwall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine. Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

16

Subject to and without waiver of any objections, please see www.bargecase.com,
complaints filed relative to ING 4727.  Additionally, all responsive, discoverable documents in
plaintiffs' possession, not yet provided to requestors, are enclosed.

**REQUEST FOR PRODUCTION NO. 21:**

Any documents evidencing or relating to damage to real property that you claim to have
suffered and for which you seek compensation in this litigation, including but not limited to
ownership records, records regarding reconstruction or reconditioning, and any sale or transfer
records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs claim damages to real property evaluated by expert analysis on a classwide
approach, possibly performed by John Kilpatrick, unless a class is not certified, in which event
plaintiffs reserve all of their claims for property damage.  Plaintiffs will submit their expert
reports and/or witness lists and/or exhibit lists and/or other evidence and/or information which
Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter
pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure
of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O.
#5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which
Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter
pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily

available to Defendants in the public domain.

However, attached hereto please find certain Plaintiffs' ownership records.

**REQUEST FOR PRODUCTION NO. 22:**

Any documents relating to emotional distress that you claim to have suffered and for which you seek compensation in this litigation, including medical records regarding the alleged condition(s) or injur(ies) and any records regarding the same or similar conditions that pre-existed August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiffs claim damages for emotional distress and are considering the best trial plan under which such claims could properly be resolved in a class action.

Plaintiffs will supplement their answer to this request for production.

**REQUEST FOR PRODUCTION NO. 23:**

Any documents relating to any personal injury other than emotional distress that you claim to have suffered and for which you seek compensation in this litigation, including medical records regarding the alleged condition(s) or injury(ies) and any records regarding the same or similar conditions that pre-existed August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

None of the named plaintiffs other than Josephine Richardson is asserting a claim for personal injury for anything other than emotional distress.

Plaintiff Josephine Richardson is asserting a wrongful death claim as a surviving spouse. Her claim is described in detail in the Sixth Amended Complaint in *Mumford*.

Plaintiffs will supplement their answer to this request for production.

18

**REQUEST FOR PRODUCTION NO. 24:**

Any documents evidencing or relating to damage to personal property that you claim to have suffered and for which you seek compensation in this litigation, including evidence of title and value.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs have not alleged a claim for personal property in the Sixth Amended Complaint and, therefore, possess no documents responsive to this Request in the instant suit.  However, if the class is not certified, Plaintiffs reserve the right to bring individual actions for all compensable damages.

**REQUEST FOR PRODUCTION NO. 25:**

Any documents relating to businesses for which lost income is sought, including financial statements and documents reflecting income and expenses, both pre- and post-Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs, Michael Riche, Rico Sutton, Jacob and Dianne Glaser, and Herman and Aida Koch, claim damages for lost income, to be evaluated by expert analysis on a classwide approach, possibly performed by Don Coker, unless a class is not certified, in which event plaintiffs reserve all of their claims for property damage.

Plaintiffs will submit their expert reports and/or witness lists and/or exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

However, attached hereto please find certain Plaintiffs' business records.  Plaintiffs

anticipate ongoing supplementation as they retrieve or salvage records from their damaged property.

**REQUEST FOR PRODUCTION NO. 26:**

Any documents evidencing or relating to any claim that a named plaintiff is asserting for lost wage income or lost rental income, including wage or income records pre- and post-Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Please see Response to Request for Production No. 25.

**REQUEST FOR PRODUCTION NO. 27:**

Any documents evidencing or relating to wrongful death claims that a named plaintiff is asserting, including evidence of the identity of the decedent and the date and circumstances of death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Please see Death Certificate of Joseph Richardson, Sr. attached hereto.

**REQUEST FOR PRODUCTION NO. 28:**

Any documents relating to tests of the property of any plaintiff or proposed class member concerning the presence of pollutants on that person's property, pre- or post-Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs object to the request as premature.  Plaintiffs will submit their expert reports and/or witness lists and/or exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

**REQUEST FOR PRODUCTION NO. 29:**

Any SF-95 forms submitted by named plaintiffs or any members of the proposed plaintiff class seeking recompense for flood-related damage from August 29, 2005 to the present, to the extent that they are in the possession, custody or control of the named plaintiffs or their attorneys or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection - not reasonably calculated to lead to discovery of admissible evidence, overly burdensome, overbroad.  Subject to and without waiver of any objections, all such claims and related materials were forwarded to other attorneys involved in such claims.  Those in plaintiffs' possession and provided to undersigned are enclosed.

**REQUEST FOR PRODUCTION NO. 30:**

Any administrative claims relating to Hurricane Katrina that the named plaintiffs or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority) that are in the possession, custody or control of the named plaintiffs or their attorneys or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

See above.

**REQUEST FOR PRODUCTION NO. 31:**

Any solicitations, advertisements, or public comments or communications made by Lawrence Wiedemann, Brian Gilbert, and/or Patrick Sanders regarding proposed legal representation of proposed class members, or the merits of the claims made in this case involving the ING 4727.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Undersigned counsel have solicited no one.  Please see www.bargecase.com,.

Requestors' attorneys may arrange to view a example of signs placed by undersigned by

contacting BARGE PSLC liaison counsel, Brian A. Gilbert.  Additionally, counsel made

statements to the Associated Press during Phase I trial of 05-4419, which are not in plaintiffs'

possession and are available in the public domain.

**REQUEST FOR PRODUCTION NO. 32:**

Any documents evidencing the terms of engagement between the proposed class

representatives and class members and Brian Gilbert, Lawrence Wiedemann, and/or Patrick

Sanders, including all documents evidencing retainer agreements in which any of these lawyers

was retained to represent a claimant in "all matters pertaining to claims or lawsuits I have or may

have against any...government entities" and all documents (if any) evidencing the client's consent

to the withdrawal of such lawyers from representation in matters pertaining actual or potential

claims against "government entities."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

There is no document reflecting the terms of engagement between proposed class

representatives and members of the putative class.

The retainer form governing the representation of the proposed class representatives and

others in this action has been revised, virtually all claimants have signed the revised form, and

the revised form is available on the web site, www.bargecase.com.  It does not refer to

government entities.

An earlier retainer form mentioning government entities was used before plaintiffs

22

determined not to make such claims, and all clients of Brian A. Gilbert, Patrick J. Sanders, and Lawrence D. Wiedemann have been advised of such determination.  The letter so stating is available on the web site.

**REQUEST FOR PRODUCTION NO. 33:**

Any mathematical or formulaic calculations or models that refer or relate to determining the cause(s) of injury to any named plaintiff, any proposed class member, or any group of proposed class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

_____Objection: calls for expert opinion.  Plaintiffs will submit expert materials subject to the Court's Case Management Order.

**REQUEST FOR PRODUCTION NO. 34:**

Any mathematical or formulaic calculations or models that refer or relate to the calculation of damages for any named plaintiff, any proposed class member, or any group of proposed class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily

available to Defendants in the public domain.

**REQUEST FOR PRODUCTION NO. 35:**

_____Any documents relating to real property for which damages are sought by the proposed representative plaintiffs, including but not limited to ownership records, documents evidencing liens, mortgages, or other similar interests in such property, and appraisals or evaluations of such property at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Please see Response to Request for Production No. 21.

**REQUEST FOR PRODUCTION NO. 36:**

Any documents evidencing or relating to insurance claims prepared or submitted by or on behalf of the named plaintiffs or members of the proposed class and seeking compensation for damages or injuries (personal or property) sustained between August 28, 2005 and September 25, 2005, that are in the possession, custody, or control of the named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

_____To the extent that certain Named Plaintiff Class Representatives submitted insurance claims and to the extent that the Named Plaintiff Class Representatives are in possession of such documentation, please see enclosed.

**REQUEST FOR PRODUCTION NO. 37:**

All demonstrative evidence or exhibits that you may refer to at the class certification hearing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure

24

of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

_____Plaintiffs also object to this request as overbroad, vague, premature, and compound. Subject to said objections and without waiving same, Plaintiffs respond as follows:

Please see submissions in 05-4419.  Other discoverable materials in plaintiffs' possession are enclosed.

## REQUEST FOR PRODUCTION NO. 38:

Any and all records and/or documents which you believe support or corroborate your contention that Zito had knowledge during the period August 27, 2005 through August 29, 2005 that Barge ING 4727 had been offloaded and/or was ready for pickup from LaFarge North America, Inc.'s facility.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Objections: calls for speculation, attorney work product and mental impressions.  Subject to and without waiver of any objections, please see Group A's Phase I Benchbook in 05-4419 and Boudreaux transcripts .

## REQUEST FOR PRODUCTION NO. 39:

Any and all documents and/or records which you believe support or corroborate your

allegations of fault, neglect, and/or liability on the part of Zito in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

_____Objections: calls for speculation, legal conclusions, attorney work product and mental impressions.  Subject to and without waiver of any objections, please see Group A's Phase I Benchbook and Boudreaux transcripts in 05-4419.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all documents and/or records, including but not limited to, telephone records, telephone logs, telephone billing records, or any other material that shows that a representative(s) of LaFarge North America, Inc., called Zito on the morning of August 27, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objections: calls for speculation, attorney work product and mental impressions. Subject to and without waiver of any objections, please see Group A's Phase I Benchbook in 05-4419 and Boudreaux transcripts .

**REQUEST FOR PRODUCTION NO. 41:**

If you contend that Zito violated or failed to comply with any Coast Guard, industry, or other applicable rules, regulations, standards or duties that caused or contributed to the breakaway of Barge ING 4727, produce any and all documents and/or records which you believe support or corroborate your contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

Subject to and without waiver of any objections, please see Group A's Phase I Benchbook in 05-4419 and Boudreaux transcripts .

**REQUEST FOR PRODUCTION NO. 42:**

If you disagree with Barry Boudreaux's testimony that had a telephone call been placed to Zito's 504-835-8531 phone number on August 27, 2005, the call would not go to an answering machine or a voice mail system, produce any and all documents and/or records which you believe support or corroborate your contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objections: calls for speculation as to the operation of Zito's telephone system and its

possible culpability or negligence for having such a telephone system, attorney work product and mental impressions.  Subject to and without waiver of any objections, please see Group A's Phase I Benchbook in 05-4419 and Boudreaux transcripts .

**REQUEST FOR PRODUCTION NO. 43:**

If you contend that Zito had the means to pickup Barge ING 4727 on August 27, 2005 after Edward Busch allegedly left a voice mail message with Zito that morning, produce any and all documents and/or records which you believe support or corroborate your contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

.Please see Group A's Phase I Benchbook and Boudreaux transcript in 05-4419.

Respectfully Submitted by
BARGE P.S.L.C.

**WIEDEMANN & WIEDEMANN**

\s\Lawrence D. Wiedemann_____
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street

28

New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

And

\s\Patrick J. Sanders_____
PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 28 day of December, 2007.

\s\Brian A. Gilbert