UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*    05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*    06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*    06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

## DECLARATION OF WAYNE R. CENTANNI PURSUANT TO FED. R. CIV. P. 26(b)(5)

I, Wayne R. Centanni, depose and say:

1. I am the president of Centanni Investigative Agency in New Orleans, LA, a Louisiana licensed investigative agency. My investigative firm was retained by Lafarge North America Inc. ("LNA") to assist in the investigation and defense of claims against the company relating to the Barge ING 4727. I make this affidavit for the purpose of providing evidentiary support for the claims of work-product protection that have been asserted by LNA in response to discovery requests by the other parties. This affidavit is based on personal knowledge and on records created during the course of the Centanni Investigative Agency's work on this matter.

2. I have reviewed the subpoena and accompanying Notice of Rule 30(b)(6) Deposition with Records Production served on Centanni Investigative Agency.

### Retention and Investigative Work on Behalf of LNA

3. In October 2005, LNA, acting through legal counsel at Chaffe McCall and Sutterfield & Webb in Louisiana, retained my investigation firm (Centanni Investigative Agency) to assist in the investigation and defense of claims against the company relating to the Barge ING 4727. By that time, litigation had actually been filed relating to the barge.

4. The only purpose of all activities conducted by the Centanni Investigative Agency pursuant to this engagement has been to assist LNA through its lawyers at Chaffe McCall, Goodwin Procter, and Sutterfield & Webb in anticipation of litigation or for trial.

5. Among other tasks, we interviewed possible witnesses to events occurring in the Lower Ninth Ward from August 28-31, 2005, to assist LNA counsel in the preparation of their defense in the litigation.

6. Further, we selected, gathered, compiled, analyzed, and evaluated materials obtained from publicly available sources (such as media accounts) and on-line databases regarding possible witnesses. The activities and the materials selected to be included in our files reflect our investigators' professional judgment and discretion.

7. Centanni Investigative Agency's licensed investigators exercised their discretion, judgment, and professional experience in deciding what leads should be pursued, what questions should be asked (including what follow-up), and what information should be gathered.

8. We performed these investigative tasks at the direction of counsel. We met with counsel for LNA periodically during the course of our investigation, provided investigative results to counsel, and were given additional instructions on further investigation to be conducted.

9. We had no other clients for which we investigated these Katrina-related matters.

10. The investigative files that Centanni Investigative Agency created were created for and are within the control of LNA and its counsel.

### Identification of materials withheld as protected

11. I have reviewed the Notice of Rule 30(b)(6) Deposition with Records Production, and state that the following categories of information or documents which are responsive to this subpoena have been gathered by Centanni Investigative Agency. All of these categories were gathered to assist in the investigation and defense of claims against the company relating to the Barge ING 4727 in anticipation of litigation or for trial. These categories are the exclusive list of Centanni Investigative Agency's materials responsive to this subpoena.

    a. Memorializations and other reports listing the identities and contact information of witnesses. (I have been advised by counsel for LNA that counsel has now agreed to provide, or has provided to plaintiffs' counsel, the names and contact information of the witnesses called for in the subpoena).

    b. Present mental recollections, written or recorded memorializations, and reports of interviews of witnesses by Centanni Investigative Agency's investigators.

    c. Files containing compilations of materials regarding possible witnesses obtained from publicly available sources, such as media accounts, and on-line databases, which were evaluated, selected, and compiled by Centanni Investigative Agency's investigators.

12. All of the above categories were gathered through witnesses interviews, public records, and/or on-line databases by Centanni Investigative Agency in the scope of its investigative work for LNA. Centanni Investigative Agency's files do not contain LNA company documents.

3

13. The volume of the materials falling within each of the above categories is quite large. For instance, Centanni Investigative Agency has assembled files containing publicly available and online database information for each of the over 2,700 persons who have filed claims in the barge and limitation of liability actions, and cataloging the documents in each of these files would be extraordinarily burdensome. To provide an item-by-item listing of every document created or assembled by Centanni Investigative Agency in preparing for litigation would be very burdensome and would require the disclosure of protected information by providing an itemized roadmap of the strategies and activities engaged in by defense counsel and their representatives in preparing the defense of this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*
Wayne R. Centanni

Dated: January 31, 2008