UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K"(2) |
| PERTAINS TO: | JUDGE: DUVAL |
| INSURANCE: *Team Care Medical*<br>07-7691 | MAGISTRATE: WILKINSON |

### MEMORANDUM IN SUPPORT OF BANKERS INSURANCE COMPANY'S MOTION TO SEVER AND TRANSFER

**MAY IT PLEASE THE COURT:**

Defendant, Bankers Insurance Company ("Bankers"), submits this Memorandum In Support of its Motion to Sever and Transfer and respectfully requests this Court to sever this civil action from the *In Re: Katrina Canal Breaches Consolidated Litigation* (No. 05-4182)(the "Consolidated Litigation") and transfer it back to Civil Action No. 07-7691 (where it was originally allotted). As is more fully set forth below, the claims asserted by plaintiff against Bankers do not satisfy the prerequisites for consolidation set by this Court and do not involve common issues of law and fact as those claims asserted in the Consolidated Litigation. Thus, a severance and transfer is proper.

I.  **Overview**

On August 28, 2007, plaintiff, Team Care Medical Centers, Inc. ("Team Care"), filed a Petition for Damages against Bankers in the Civil District Court for the Parish of Orleans, Louisiana. Bankers timely removed the action to this Court based on diversity of citizenship. The action was originally assigned to Judge Duval (Section "K-2") under civil action number 07-7691 and later consolidated by the Court (on its own initiative) on November 7, 2007 with the *In*

BR.533298.1

*Re: Katrina Canal Breaches Consolidated Litigation* (No. 05-4182).

Team Care seeks recovery from Bankers for alleged Hurricane Katrina related damages to its business and property located at 240 South Jefferson Davis, New Orleans, LA, 8700 Lake Forest Boulevard, New Orleans, LA and 1001 East Judge Perez Drive, Chalmette, LA. Team Care asserts claims against Bankers for additional payments under the Bankers' policy and for penalties and attorney's fees under La. R.S. 22:658 and La. R.S. 22:1220. A copy of the Bankers' insurance policy, bearing Policy No. 170004908688103 (the "Bankers Policy") is attached as Exhibit "A" and shows that the Policy is a Named Peril policy—not an All-Risk policy. As set forth below, because the Bankers Policy is a Named Peril policy that bars coverage for flood (whether man-made or not), consolidation of Team Care's action with the Consolidated Litigation is improper.

**II.     Law & Argument**

    **A.  This Action Was Improperly Consolidated As It Does Not Involve All-Risk Coverage.**

The pre-requisites for transfer and consolidation of Katrina related insurance litigation into the *In Re: Katrina Canal Breaches Consolidated Litigation* (No. 05-4182) were provided by this Court in a Minute Entry dated November 29, 2006 as follows:

> **Notice to All Litigants Involved In Any Katrina-Related Insurance Litigation**
>
> It is the intention of the Eastern District of Louisiana for any case concerning the effectiveness of a Water Damage Exclusion in an *All-Risk Policy* as it pertains to damage allegedly caused by a breach in a canal to be transferred to Section "K" for consolidation with the In Re: Katrina Canal Breaches Consolidated Litigation . . .
>
> If you are invoking coverage *under an All-Risk policy* for flooding caused by a breach of a canal or are relying on a water damage exclusion as a defense to a claim for flooding caused by a breach of a canal *under an All-Risk policy*, you must move to transfer that

BR.533298.1

case for consolidation to In Re: Katrina Canal Breaches Consolidated Litigation, C.A. No. 05-4182 "K"(2) . . .(Emphasis added)(Minute Entry dated November 29, 2006, Rec. Doc. 2034, pp. 7-8).

The above criteria set forth by this Court mandates that only those cases which involve flood coverage under an All-Risk policy caused by a breach of a canal should be transferred and consolidated with the *In Re: Katrina Canal Breaches Litigation*. The suit filed by Team Care against Bankers does not satisfy the criteria for consolidation as it does not involve coverage under an "All-Risk policy". To the contrary, the Bankers Policy made the basis of Team Care's suit is a Named Peril policy which covers only specific causes of loss explicitly identified in the policy. Further, there is no flood coverage under the Bankers Policy (whether man-made or not).[1] Thus, Team Care's claims made under the Bankers Policy involve different legal and factual issues than the claims made under the All-Risk policies in issue in the

---

[1] The Bankers Policy provides, in relevant part:

A.   Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting form any Covered Cause of Loss.

3.   Covered Causes of Loss

    d. Windstorm or Hail . . .

B.   Exclusions

1.   We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence of the loss.

    g.   Water

    (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

    (2) Mudslide or mudflow;

    (3) Water under the ground surface pressing on, or flowing or seeping through:

        (a) Foundations, walls, floors or paved surfaces;

        (b) Basements, whether paved or not; or

        (c) Doors, windows or other openings. (Exhibit A, Bankers Policy, pp. 1-6).

3

Consolidated Litigation. Thus, the consolidation of Team Care's suit is in contravention of this Court's Minute Entry (cited above).

### B. Team Care's Allegations Do Not Satisfy the Federal Rules Governing Consolidation.

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of actions and provides, in relevant part:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any and all the matters in issue in the actions; it may order all of the actions consolidated; and it may make much such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

Consolidation under Rule 42(a) is only appropriate for those actions involving a "common question of law or fact." The record shows that Team Care's action and the claims in the Consolidated Litigation are not actions involving common factual or legal issues. As stated, the Bankers Policy shows that its coverage provisions are Named Peril and are significantly more limited in scope than the provisions of the All-Risk policies involved in the Consolidated Litigation. Moreover, the Bankers Policy does not cover flood damage caused by canal breach or otherwise. (See Exhibit A).[2] Thus, the consolidation of Team Care's claims against Bankers with the Consolidated Litigation will not facilitate the administration of justice but rather will impose substantial and unnecessary costs and expenses upon the parties, thereby resulting in unfair prejudice.

### III. Conclusion

The Bankers Policy is a Named Peril policy which excludes coverage for water damage, whether man-made or not. The issues presented by the Bankers Policy are far different than those

---

[2] The undersigned has conferred with opposing counsel who has no evidentiary objection to the attached Bankers' Policy.

4

BR.533298.1

presented by the All-Risk policies in issue in the Consolidated Litigation. Thus, Team Care's suit against Bankers does not involve common issues of law and fact with the claims in the Consolidated Litigation and should be severed.

                      Respectfully submitted,

                      **PHELPS DUNBAR LLP**

                      BY:   /s/ Holly G. Hansen
                              Marshall M. Redmon, Bar Roll No. 18398
                              Virginia Y. Trainor, Bar Roll No. 25275
                              Holly G. Hansen, Bar Roll No. 26902
                              Suite 701 • City Plaza
                              445 North Boulevard
                              Baton Rouge, Louisiana 70802
                              Telephone: (225) 346-0285
                              Telecopier: (225) 381-9197

                      ATTORNEYS FOR DEFENDANT BANKERS
                      INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2008, a copy of the foregoing *Motion to Sever and Transfer* was filed with the Clerk of the Court by using the CM/ECF system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Michael O. Carey
108 New Rhone Village
Crowley, LA 70526

Vera Schmit
P.O. Box 791120
New Orleans, LA 70179

B. Gerald Weeks
810 Union St. - 2nd Floor
New Orleans, LA  70112

/s/ Holly G. Hansen
_____
Holly G. Hansen, Bar Roll No. 26902
Phelps Dunbar LLP
*Counsel for Bankers Insurance Company*