UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| ALL LEVEE | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF NATIONAL UNION'S MOTIONS FOR PROTECTIVE ORDER, TO QUASH, AND TO STAY DISCOVERY**

National Union Fire Insurance Company of Pittsburgh, Pa., defendant, through undersigned counsel, in support of its motion to quash the requests for production to, and notice of deposition of, National Union and to stay discovery against it until the motion to dismiss is decided, states the following:

**Relevant Background**

On August 10, 2007, the plaintiffs filed the First Supplemental and Amending Levee Master Consolidated Class Action Complaint ("Master Complaint"), in which the plaintiffs added as a defendant, *inter alia*, National Union as the insurer of the Board of Commissioners of

1

East Jefferson Levee District ("EJLD").  The plaintiffs alleged that National Union "had in full force and effect a policy or policies of liability insurance, under the terms, provisions, and conditions of which it assumed the liability for the acts and/or negligence of its insured, EJLD, and against whom the Class Representatives assert their claim under the Louisiana Direct Action Statute, La.R.S. 22:655." (Master Complaint, Document No. 6194, ¶16(j)).  The plaintiffs also allege that EJLD had the legal responsibility and duty to conduct the dredging activity of the 17th Street Canal "in a manner that would not compromise the safety of the canal's levee/flood wall system." (Id., ¶85).  They further allege that "National Union is directly liable to these Plaintiffs as the liability insurer of Defendant EJLD." (Id.).

On November 20, 2007, National Union filed a motion to dismiss the claims of the plaintiffs in all Levee matters, because the claims-made-and-reported policy National Union issued to EJLD unambiguously excludes coverage of the plaintiffs' claims and actions. (See Document No. 9171).  The motion was originally set for hearing on January 9, 2008 and continued by joint motion with the plaintiffs' liaison counsel to January 23, 2008, because of the inability of the plaintiffs to prepare a response during the holiday season.  Plaintiffs' liaison counsel never mentioned a need or desire to conduct any discovery, which would necessitate a continuance.  On January 21, 2008, EJLD filed a motion for leave of court to file an opposition out of time or alternatively to continue the hearing. (Document 10653).  On January 22, 2008, undersigned counsel was notified by defense liaison counsel that the Court had continued the hearing from January 23, 2008 to February 20, 2008.

In the meantime, on January 3, 2008, the plaintiffs' liaison counsel and the levee plaintiffs' sub-group litigation committee propounded requests for production on National Union and *unilaterally* set the corporate deposition of National Union for February 8, 2008 at the

2

offices of plaintiffs' liaison counsel. (Exhibit 1 and 2 attached hereto).  Undersigned counsel for National Union has had several discussions with plaintiffs' liaison counsel and attorneys at Sher Garner advising that the discovery is inappropriate at this time, because of the pending motion to dismiss by National Union.  Specifically, the motion to dismiss is to be decided solely on the pleadings and thus, in circumstances such as these, discovery is irrelevant and inappropriate. Accordingly, National Union now files these motions for protective order, to quash and to stay discovery.

## NO DISCOVERY SHOULD BE ALLOWED UNTIL THE MOTION TO DISMISS IS DECIDED

Rule 26(c) allows a party to file a motion for protective order from discovery for good cause shown in order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense.  In this case, a motion to dismiss pursuant to Rule 12(b)(6) is pending before the Court.  It is well-settled that such motion is to be decided on the complaint and documents that are referred to in the plaintiffs' complaint and that are central to the plaintiffs' claim. Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003)(citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Ultimately, the 12(b)(6) motion to dismiss is a question of law: whether the plaintiff has plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2. 929 (2007).

Quite simply, because the motion to dismiss is decided without reference to the evidence, the plaintiffs are not entitled to garner any evidence through discovery.  In Senegal v. Jefferson County, 1 F.3d 1238 (5th Cir. 1993), the United States Court of Appeals for the Fifth Circuit reviewed the dismissal of the defendant pursuant to a Rule 12(b)(6).  In support of its position, the plaintiff argued that it should have been allowed to conduct discovery before the motion to

dismiss was decided in order to "flush out any recognizable property interest which could trigger protectible due process rights." The Fifth Circuit stated, "This is simply wrong. A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings; thus, the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion." Id.; see also Tschirn v. Kurzweg, 2003 WL 21087741 (E.D.La. May 9, 2003)(denying motion to compel and granting motion to quash and stay discovery pending ruling on motion to dismiss)(relying on Montgomery v. U.S., 933 F.2d 348 (5th Cir. 1991)).  Although this Court has discretion in this regard, it makes little sense to allow the plaintiffs to take discovery that can only serve to cause expense to National Union, since it cannot be used to defend the motion to dismiss.[1]  Significantly, discovery may become unnecessary if the motion to dismiss is granted. Tschirn, 2003 WL 21087741, *2. Accordingly, the motion for a protective order and to quash should thus be GRANTED, National Union should be protected from the pending discovery, the discovery propounded and the deposition set are quashed, and all further discovery stayed pending resolution of the motion to dismiss.

## CONCLUSION

National Union filed a motion to dismiss pursuant to Rule 12(b)(6).  After obtaining a continuance of the hearing, the plaintiffs propounded requests for production of documents and unilaterally set the deposition of National Union.  Since a motion to dismiss is decided with reference to the complaint and documents referred to in the complaint and central to the

---

[1] In fact, the plaintiffs' discovery is not limited in time, suggesting that plaintiffs contend that National Union should research its files for many decades into the past.  However, the plaintiffs have failed to establish any basis to require National Union to incur such expenses.  Likewise, the discovery seeks policies that pertain to the actions of EJLD regarding the Orleans Canal and the London Avenue Canal.  On what basis do plaintiffs contend that a levee district for *Jefferson* Parish has any involvement or duty regarding canals solely within *Orleans* Parish?  Indeed, the discovery and deposition are just costly and time-consuming fishing expeditions that delay resolution of this matter and incur undue expense.

plaintiffs' claims, the discovery plaintiffs seek is inappropriate and premature. As such, the motions for a protective order, to quash discovery and to stay discovery, should be GRANTED.

**WHEREFORE** Defendant National Union Fire Insurance Company of Pittsburgh, Pa. respectfully prays that its motions for protective order from and to quash notice of deposition and requests for production of documents and motion to stay discovery from it be GRANTED, the requests for production and notice of deposition propounded to it be quashed, National Union be exempt from answering or responding to said discovery and deposition notice, further discovery from it be stayed until National Union's motion to dismiss is decided, and for all other relief deemed just and proper.

Respectfully submitted,

/s/ Karen M. Dicke
**KAREN M. DICKE (#24781)**
**GEORGE D. FAGAN, T.A. (#14260)**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
Email: *kdicke@leakeandersson.com*
*gfagan@leakeandersson.com*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on February 5, 2008, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

/s/ Karen M. Dicke

F:\38803\2-Pleadings\National Union\word versions\motion quash - memo.doc