UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATE LITIGATION | CIVIL ACTION NO: 05-4182 "K"(2) <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |
| PERTAINS TO: <br><br> LAWRENCE AND ENOLA ANDERSON, et al <br><br> VERSUS <br><br> STATE FARM FIRE AND CASUALTY COMPANY <br><br> CASE NO. 07-6737 | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT

I.

PROCEDURAL BACKGROUND

In their original complaint Plaintiffs filed their claim for insurance policy benefits arising out of Hurricane Katrina.  It was always Plaintiffs intention to include, among their claims, a claim for supplemental insurance benefits arising out of wind damage.  Defendant filed its motion to dismiss on the basis that Plaintiffs alleged that their wind benefits had been paid in full.  This court granted Defendant's motion and gave Plaintiffs until January 31, 2008 to file their motion.

1

II.

NECESSITY FOR AMENDMENT

In paragraph IV of their original complaint Plaintiffs listed the causes of their damage and the duty of Defendant to make payment. Thereafter, the complaint states: Defendant made only partial payment based upon wind and wind driven rain alone." By this language it was Plaintiffs' intent to indicate that the payment based on wind and wind driven rain was partial only, not complete. However, Defendant interpreted this as an allegation that Plaintiffs received complete payment for wind and wind driven rain. Therefore, it is necessary to clear up any ambiguity and make it explicit that Plaintiffs have not received complete payment for their damage caused by wind and wind driven rain i.e. they have a supplemental claim to be made through their lawyers in this lawsuit.

III.

THE LAW

F.R.C.P. 15(a) explicitly states that leave to amend a pleading "shall be freely given when justice so requires." In the instant case there is no surprise, or prejudice, to Defendant. Defendant made payment based on wind and wind driven rain only. Plaintiffs did not retain an attorney and there was no settlement agreement. Under these circumstances it would be presumptuous for Defendant to assume that Plaintiffs had specifically alleged that they had been paid in full for damage caused by wind and wind driven rain. This is especially so since it is common knowledge that the insurance industry lowballed payments made to insureds

after Katrina. Thus, there is also no true detriment to Defendant to have to pay what it owes.

IV.

CONCLUSION

For the reasons stated it is requested that Plaintiffs be permitted to file the First Amended Complaint that is attached as Exhibit "1" to this motion.

Dated: February 5, 2008                             Respectfully submitted,

*S/Stuart Barasch*
STUART BARASCH
Attorney for Plaintiffs
HURRICANE LEGAL CENTER
910 Julia Street
New Orleans, LA 70113
Tel. (504) 525-1944
Fax (504) 525-1279

## CERTIFICATE OF SERVICE

  I hereby certify that, on the 5th day of February, 2008, the foregoing document, was file electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                *S/Stuart Barasch*
                STUART T. BARASCH