UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATE LITIGATION | CIVIL ACTION NO: 05-4182 "K"(2) <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |
| PERTAINS TO: <br><br> LAWRENCE AND ENOLA ANDERSON, et al <br><br> VERSUS <br><br> STATE FARM FIRE AND CASUALTY COMPANY <br><br> CASE NO. 07-6737 | |

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

I**.**

Plaintiff is a resident of the Parish of Jefferson, State of Louisiana.

II.

Defendant herein is STATE FARM INSURANCE COMPANY, a foreign insurance corporation authorized and presently doing business in the Parish of Jefferson, State of Louisiana.

III.

As further alleged below, joinder of all Plaintiffs is in conformity with Louisiana Code

1

of Civil Procedure, Article 463 in that (1) there is a community of interest between each Plaintiff; (2) each Plaintiff's claim is in the identical venue; (3) each Plaintiff's claim employs the same form of procedure.

IV.

On August 29, 2005, at the time of Hurricane Katrina, Plaintiff had in effect an identical policy of property insurance issued by Defendant.

V.

On August 29, 2005 Hurricane Katrina caused substantial damage to Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents.  This damage rendered the real property uninhabitable for an extended period of time.  This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below.  However, wind was the efficient proximate cause of all this damage.

VI.

Flood waters from nearby levee breaches damaged Plaintiff's real property.  These levee breaches were man-made flooding and not natural flooding.  Defendant's policy of insurance provided coverage for non-natural flooding from a man-made levee breach.

VII.

Although Plaintiff's property was damaged as described above, the direct wind damage, by itself, caused a total loss of the property.

VIII.

As a result of the aforesaid events Defendant was required to pay Plaintiff her policy limit for damage to structure, other structures, contents, debris removal and loss of use /ALE(additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. Instead, Defendant made only partial payment based on wind and wind driven rain alone. This partial payment did not constitute full payment of all the damage caused by wind and Defendant still owes Plaintiff additional policy benefits for all the damage caused by wind.

IX.

Based upon the aforesaid conduct of Defendant, Plaintiff has the following causes of action against Defendant:

    (a)    failure to tender timely and sufficient payment under LSA R.S. 22:658 and LSA R.S. 22:1220;

    (b)    breach of duty under LSA R.S. 22:658 and LSA R.S. 22:1220;

    (c)    breach of insurance contract;

    (d)    other causes of action that will be determined at trial.

X.

The aforesaid actions of Defendant were "arbitrary and capricious".

XI.

Plaintiff requests trial by jury.

## XII.

Plaintiff is entitled to the following elements of damages:

    (1)    Payment of policy limits for structure;

    (2)    Payment of policy limits for other structure;

    (3)    Payment of policy limits for contents;

    (4)    Payment of policy limits for debris removal;

    (5)    Payment of policy limits for additional living expenses/loss of use;

    (6)    Double damages pursuant to LSA R.S. 22:1220;

    (7)    Penalties pursuant to LSA R.S. 22:658;

    (8)    Attorney fees;

    (9)    Court costs; and

    (10)    Any relief which this Court deems fair and equitable.

**WHEREFORE**, Plaintiff prays for trial by jury, that Defendant be duly cited to appear and answer this First Amended Complaint for Damages, and, after legal delays and due proceedings had, there be judgment herein in favor of Plaintiff and against Defendant in a reasonable amount to be determined by this Honorable Court for the damages sustained by Plaintiff, together with special damages, penalties, court costs, attorney fees, together with legal interest from date of judicial demand and for all general and equitable relief.

Dated: February 5, 2008                            Respectfully submitted,

*S/Stuart Barasch*
STUART BARASCH
Attorney for Plaintiffs
HURRICANE LEGAL CENTER
910 Julia Street
New Orleans, LA 70113
Tel. (504) 525-1944
Fax (504) 525-1279

## CERTIFICATE OF SERVICE

      I hereby certify that, on the 5th day of February, 2008, the foregoing document, was file electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                *S/Stuart Barasch*
                                                STUART T. BARASCH