UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br>C.A. Nos. 05-4181, 06-1885, 06-4024, 06-4389<br>06-5771, 06-5786, 06-6099, 07-0206, 07-3500,<br>07-3612, 07-3612, 07-5023, 07- 5040 | CIVIL ACTION NO.05-4182<br><br>SECTION: K<br><br><br><br>MAGISTRATE: 2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION FOR DISQUALIFICATION
FILED ON BEHALF OF CALVIN FAYARD, JR. Esq.
AND D. BLAYNE HONEYCUTT, Esq.**

NOW COME Calvin Fayard Jr., Esq. and D. Blayne Honeycutt, Esq., through undersigned counsel, who oppose the Motions for Disqualification, Etc. (Docs #10331, 10646, 10730, 10969), filed by Ashton R. O'Dwyer, Jr.("Mover"), to wit:

Mover does not submit any credible evidence nor does Mover cite any law that would lead this Court to disqualify either Mr. Fayard or Mr. Honeycutt.

**I.    Louisiana Code of Professional Responsibility Rule 1.7**

Mover argues that, pursuant to the Louisiana Code of Professional Responsibility Rule 1.7,

1

Mssrs. Fayard and Honeycutt must be disqualified. Mover argues that Fayard and Honeycutt represent the State of Louisiana in another litigation, and because the State of Louisiana is a defendant in the instant action, Fayard and Honeycutt have a direct conflict of interest.

Mover's Rule 1.7 argument fails because **the State of Louisiana is not a defendant nor is the State of Louisiana a party in the instant litigation**. Although the Mover attempted to add the State of Louisiana to this litigation through his previous filings, the State of Louisiana has been dismissed from Mover's complaints by prior judgments of this Court. (Docs# 788, 789, 1231) Hence, the State of Louisiana is not a party to this litigation.

This Court has ruled over the objections of Mover that the State of Louisiana is not a proper party to this lawsuit. As the State of Louisiana is not a party to the lawsuit, Mssrs. Fayard and Honeycutt do not have a conflict of interest in this case under the Louisiana Code of Professional Responsibility Rule 1.7 regardless of any relationship between Mssrs. Fayard and Honeycutt and the State of Louisiana in other pending litigation.

## II.   Louisiana Code of Professional Responsibility Rules 3.3, 3.5, 4.1, and 8.4.

In support of the Motion for Disqualification, Etc., Mover argues that Mssrs. Fayard and Honeycutt may have violated the Louisiana Code of Professional Responsibility Rules 3.3, 3.5, 4.1, and 8.4. Putting aside for the moment the libelous nature of the allegations, Mover does not and cannot cite to facts that support disqualification under Louisiana Code of Professional Responsibility Rules 3.3, 3.5, 4.1, and 8.4. Mover does not carry his burden of alleging facts sufficient to warrant disqualification by submitting vague allegations of violations of the Louisiana Rules of Professional Responsibility.

Unfounded allegations do not warrant disqualification. See U.S. v. Mouton, 657 F.2d 736,

(5th Cir. 1981), Vinson v. Heckmann, 940 F.2d 114, (5th Cir. 1991), Edwards v. Nestle Beverage Co., 1994 WL 10166, (E.D.La.,1994). As Mover has not put forth any factual support for his allegations, the allegations are unfounded and the Motion to Disqualify, Etc. should be dismissed.

### III.  Objection to Mover's Supplement to Affidavit of Personal Bias and Prejudice.

Mr. Fayard specifically denies the false allegations contained in the Supplement to Affidavit of Personal Bias and Prejudice. Mr. Fayard objects to Mover's submission of the libelous statements contained in the Affidavit. Regardless, the unfounded allegations contained in the Supplement to Affidavit of Personal Bias and Prejudice are not sufficient to warrant disqualification, and the unsupported allegations are specifically denied by Mr. Fayard.

### III.  Conclusion

Mover has not put forth any evidence or credible allegations that would lead this Court to believe that Mssrs. Fayard and Honeycutt should be disqualified from representing litigants in the instant litigation. The State of Louisiana is not a party to this lawsuit. Mover's vague, unsupported factual allegations do not warrant disqualification. Mr. Fayard specifically denies the allegations contained in the Supplement to Affidavit of Personal Bias and Prejudice.

Respectfully submitted,

**MARTZELL & BICKFORD**

_/s/ Lawrence J. Centola, III_
**SCOTT R. BICKFORD T.A., (#1165)**

**LAWRENCE J. CENTOLA, III (#27402)**
338 Lafayette Street
New Orleans, LA 70130
504/581-9065 (Telephone)
504/581-7635 (FAX)
usdcedla@mbfirm.com

**Attorneys for Calvin Fayard Jr., Esq. and D. Blayne Honeycutt, Esq.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the captioned matter.

　　　　　　　　　/s/　Lawrence J. Centola, III
　　　　　　　　　　Lawrence J. Centola, III