UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION  *This relates to:* NOS.  05-4181          06-1885          06-4024          06-4389          06-5771          06-5786          07-0206          07-3500          07-3612          07-5023          07-5040 | * * * * * * * * * * * * * * * * | CIVIL ACTION NO. 05-4182  SECTION K  MAGISTRATE 2  JUDGE STANWOOD DUVAL  MAGISTRATE JUDGE WILKINSON |

**RESPONDANT DANIEL E. BECNEL, JR.'S MEMORANDUM IN OPPOSITION TO MOTION FOR DISQUALIFICATION AND OTHER RELIEF**

**NOW INTO COURT,** through undersigned counsel, comes Respondent, Daniel E. Becnel, Jr., who respectfully submits the instant Memorandum in Opposition to Motion for Disqualification and Other Relief filed by Ashton O'Dwyer.  For the reasons set forth herein, Mr. O'Dwyer's motion should be denied.

**FACTS**

Inasmuch as this Honorable Court is intimately familiar with the facts of this case by virtue of these consolidated cases consuming a significant portion of this Court's and its' staffs' time and resources, Respondent will not recite all of the facts of this case.  For the sake of brevity, only those facts relevant to Mr. O'Dwyer's motion will be recited.

On February 28, 2007, this Honorable Court held a hearing on a Motion to Dismiss filed by the State of Louisiana, Governor Kathleen Blanco, State of Louisiana

through the Department of Transportation and Development, State of Louisiana through the Military Department, Office of Homeland Security and Emergency Preparedness, Col. Jeff Smith, State of Louisiana through the Department of Social Services, Sec. Ann S. Williams, State of Louisiana through Department of Public Safety and Corrections and Sec. Richard S. Stalder.  After hearing arguments on this motion as well as several others the Court granted same dismissing the State of Louisiana and its various agencies from this litigation.  Despite this clear ruling, Mr. O'Dwyer continued to file a series of lawsuits and attempted to amend several others to include the State.  Eventually, Mr. O'Dwyer's actions resulted in a Rule 11 Motion being filed by the State of Louisiana, which was subsequently granted by this Court and sanctions were assessed against Mr. O'Dwyer.

Obviously still refusing to accept this Court's repeated decisions, Mr. O'Dwyer yet again is contesting this Court's decisions, except his strategy has changed from collateral attacks of the judgments to wild, undocumented allegations of "evil" and "wicked" motives and actions.  Moreover, Mr. O'Dwyer has accused Daniel E. Becnel, Jr., Calvin Fayard, Blaine Honeycutt, this Honorable Court, the Court's staff (including even their spouses and families) and others of various ethical breaches in addition to numerous violations of the Louisiana Rules of Professional Conduct.  As a consequence of these unproven and defamatory remarks, Mr. O'Dwyer is urging that Mr. Becnel and others are disqualified from serving on the PSC in these consolidated matters.

Mr. Becnel submits that in light of Mr. O'Dwyer's complete lack of factual support, or even specific allegations on many points, that this Court summarily rejects Mr. O'Dwyers' contentions as he has wholly failed to meet his burden of proof.

## LAW AND ARGUMENTS

Mover relies on several Rules of Professional Conduct in support of his contention that Daniel E. Becnel, Jr., Calvin Fayard and D. Blayne Honeycutt should be disqualified from the Plaintiffs' Steering Committee in the Levee Breach Consolidated Litigation. Specifically, Mr. O'Dwyer claims that Respondent violated Rules 1.7, 3.3., 4.1 and 8.4 by asserting claims on behalf of the State of Louisiana --- a party which had been dismissed on numerous occasions evidenced by this Court's judgment casting Mr. O'Dwyer in judgment for sanctions. Notably, Mr. O'Dwyer's Motion is completely devoid of any references to either substantive law, or jurisprudence in support of his allegations. In fact, he does not even allege by what conduct each of the above-referenced rules were violated, or what specific provisions of the rules were violated. Thus, in addition to failing to cite any relevant law, Mr. O'Dwyer additionally fails to apply any of the facts to the controlling law and instead jumps to the conclusion that these rules were violated.

In order to present the Court with a more "traditional" approach to pleadings, undersigned counsel will provide the Court with the applicable law and then apply same to the facts of this case.

**A. Inasmuch as the State of Louisiana is not a Defendant in this litigation, there is no conflict of interest under Rule 1.7 of the Louisiana Rules of Professional Conduct.**

Rule 1.7 provides that:

(a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
   (1)  the representation of one client will be directly adverse to another client; or

      (2)      there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interest of the lawyer.

(b)      Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
- (1)      the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
- (2)      the representation is not prohibited by law;
- (3)      the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
- (4)      each affected client gives an informed consent, confirmed in writing.

The docket report in this consolidated litigation confirms that the State of Louisiana is not a defendant in this matter despite Mr. O'Dwyer's lone repeated efforts to the contrary, thus it is impossible to conceive how Mr. O'Dwyer asserts that this Rule has been violated. In light of this fact, it is submitted that there is no basis for application of the enumerated factors in Rule 1.7 to support Mr. O'Dwyer's assertion that Respondent violated this section.

**B. Insofar as Mr. O'Dwyer has not pointed to a single alleged act of misrepresentation, or failure to disclose on the part of Mr. Becnel, Mr. O'Dwyer's motion is without merit and should thus be denied.**

Next, Mr. O'Dwyer claims that Respondent violated Rule 3.3, Candor Towards the Tribunal, which provides that:

(a)      A lawyer shall not knowingly:
- (1)      make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to a tribunal by the lawyer;
- (2)      fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel ; or
- (3)      offer evidence that the lawyer knows to be false. If the lawyer, the lawyers' client, or witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take

> reasonable remedial measures including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

Again, it is submitted that Mr. O'Dwyer has offered this Court nothing more than a general allegation that Respondent violated this rule without any particularity, making responding to his Motion much more difficult. More absurd is the fact that Mr. O'Dwyer alleges that Respondent violated this Rule but fails to specifically identify any false statements even allegedly made by Mr. Becnel. In any event, it is submitted that none of the above provisions of Rule 3.3 have been violated.

Next, Mr. O'Dwyer avers that Respondent violated Rule 4.1, Truthfulness in Statements to Others which states that:

> In the course of representing a client a lawyer shall not knowingly:
> (a)   make a false statement of material fact to a third person; or
> (b)   fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

Again, Mr. O'Dwyer can not meet his burden of proof because he does specifically identify any false statements made by Mr. Becnel.

Finally, the Mr. O'Dwyer claims that Respondent violated Rule 8.4, Misconduct, which essentially is a catch-all, making a violation of the Rules misconduct, and generally prohibiting those acts which are prejudicial to the administration of justice, fraud or deceit and misrepresentation. Again, without any specific allegations Mr. O'Dwyer can not meet his burden of proving the Mr. Becnel should be disqualified from serving on the PSC in this matter.

## CONCLUSION

As demonstrated herein, none of the above-referenced rules have been violated by Respondent as recklessly claimed by Mr. O'Dwyer.  Moreover, Mr. O'Dwyer has submitted no admissible evidence supporting his claim that Respondent has otherwise engaged in any conduct supporting his disqualification from the PSC in this consolidated levee breach litigation.  For these reasons, Respondent prays that the Motion to Disqualify and Other Relief filed by Mr. O'Dwyer be denied.

**RESPECTFULLY SUBMITTED,**

  **/S/ KEVIN P. KLIBERT**
**BECNEL LAW FIRM, L.L.C.**
**Daniel E. Becnel, Jr. (La. 2926)**
**Kevin P. Klibert (La. 26954)**
**106 W. 7th Street, PO Drawer H**
**Reserve, LA  70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**
**kklibert@becnellaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Opposition to Motion to Disqualify and Other Relief has been served upon all parties via CM/ECF on this 6th day of February, 2008.

  /s/ Kevin P. Klibert
Kevin P. Klibert