UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATE LITIGATION | CIVIL ACTION NO: 05-4182 "K"(2) |
| | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |
| PERTAINS TO: | |
| LAWRENCE AND ENOLA ANDERSON, et al | |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | |
| CASE NO. 07-6737 | |

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

MAY IT PLEASE THE COURT, in opposition to defendant State Farm's Motion to

Dismiss, Plaintiffs Lawrence and Enola Anderson, et al, respond as follows:

Defendant's Memorandum in Support of its Motion page 2, paragraph B asserts that

Plaintiff's petition paragraphs V-VII, only plead a water damage claim against State Farm,

as a result of flooding.

The defendant chooses to interpret plaintiff's acknowledgment of State Farms partial

payment based on wind and wind driven rain, as support for it's assertion that all that is pled,

is a flood claim.

1

The defendant further asserts that absent an allegation for unpaid wind damage, or an allegation that wind or wind driven rain was the sole or primary cause of property damage, a claim for relief has not been stated.  Defendant's Memorandum page 2-3.

Plaintiff's petition paragraphs V-VII, does not apportion either the dollar damage or the percent of damage amongst wind, wind driven rain, storm surge, and canal breach causing flooding.  Plaintiff's paragraphs V-VII contends that all named natural and man-made events contributed to plaintiff's property damage.  Whether 100% of plaintiff's damage was caused by wind or wind driven, before the other contributing factors damaged the property, i.e., flooding, is a fact determination that cannot be made at the pleading stage, only after discovery.

Defendant's Memorandum page 3, would have liked plaintiff to have alleged total, i.e., 100% of loss due to wind or wind driven rain.  When and if such a factual determination is made, plaintiff will request leave of Court to amend it's pleading to conform to the evidence.

Common knowledge and experience inform that on August 29, 2005, hurricane force winds struck the New Orleans region.  Hurricane force winds that struck the region produced widespread structural damage to the region's residences.

Defendant's Memorandum invites the court to speculate, that plaintiff's structural damage could not have been caused by wind and wind driven rain, alone.  Defendant's interpretation that plaintiff's acknowledgment of partial payment for wind damage in

2

paragraph VII of the petition, fuels that invitation to so speculate.

Defendant's Memorandum page 4 summarizes the case law that all well pleaded facts should be accepted as true and viewed in the light most favorable to plaintiff.

Plaintiff contends that it's petition sufficiently states a claim that plaintiff's structural damage was due entirely to one of the listed causes standing alone, i.e., wind or wind driven rain.

Alternatively and acting out of an abundance of caution, plaintiff will notice a Motion for Leave to file an Amended Complaint with the filing of this Memorandum in Opposition.

Dated: February 5, 2008                      Respectfully submitted,

*S/Stuart Barasch*

STUART BARASCH
Attorney for Plaintiffs
HURRICANE LEGAL CENTER
910 Julia Street
New Orleans, LA 70113
Tel. (504) 525-1944
Fax (504) 525-1279

3

## CERTIFICATE OF SERVICE

I hereby certify that, on the 5th day of February, 2008, the foregoing document, was file electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*S/Stuart Barasch*
STUART T. BARASCH