UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>* | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: ALL LEVEE, INCLUDING<br>07-4558, 07-4948, 07-4968, 07-4979, 07-4982, 07-4995,<br>07-4997, 07-5016, 07-5018, 07-5254, 07-5286, 07-5317,<br>07-5323, 07-5350, 07-5351, 07-5355, 07-5356, 07-5359,<br>07-5367 | *<br>*<br>*<br>*<br>* | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND CORPORATE DEPOSITION

Plaintiffs have requested limited discovery from defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). In their complaint, Plaintiffs have alleged that National Union issued a "policy or policies" to its insured, the Board of Commissioners of the East Jefferson Levee District ("EJLD").[1] Plaintiffs did not identify a particular policy by number or attach a copy of a policy to their Complaint. In its motion, National Union attached a policy as an exhibit, referred to it by an entirely different policy number in its brief, and asserted– without providing any proof– that it was the only such policy that it issued to the EJLD. In order to fairly and fully respond to the motion, Plaintiffs must determine whether National Union issued any additional policies to EJLD that arguably provide coverage. To that end, liaison counsel propounded limited written discovery to National Union on January 3, 2008, and it also noticed the corporate deposition of

---

[1] *See*, Exhibit to National Union's Motion to Dismiss, at 043, ¶16(j).

National Union at that time for February 8, 2008.[2]  The written discovery requests, as well as the areas of inquiry for the corporate deposition, were limited to the existence of other policies issued by National Union that may arguably provide coverage for Plaintiffs' losses. National Union, however, has indicated that it has no intention of responding to these requests or providing a corporate representative to testify until <u>after</u> its motion is heard on February 20, 2007.

Such a position is fundamentally unfair and unduly prejudicial to Plaintiffs. Plaintiffs do not seek at this time to engage in broad-ranging discovery pertaining to National Union's conduct or that of its insured. Rather, the discovery is targeted only to the narrow issues that will allow it to fairly respond to National Union's motion to dismiss– whether there exist any additional policies that National Union may have issued to EJLD, either on a claims-made or occurrence basis.  This discovery is particularly pertinent in light of the patent ambiguity in National Union's motion to dismiss– whereas its brief refers to Policy No. 884-78-97, the policy that was attached as an exhibit is No. 625-49-23.  This is hardly a slipped digit; rather, it is an entirely different policy altogether.

Accordingly, Plaintiffs respectfully request that this Court compel National Union to respond to the written discovery requests propounded by Plaintiffs in a timely fashion.  Moreover, Plaintiffs also ask that this Court compel National Union to produce a corporate representative to address the topics listed in the corporate deposition notice. If this representative is unable to appear on the listed date of February 8, Plaintiffs are amenable to selecting an alternative date prior to the February 20 hearing date.

---

[2] Copies of the requests for the production of documents and corporate deposition notice are attached as Exhibits A and B, respectively.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, #19589
PETER L. HILBERT, JR. #6875
JEFFREY D. KESSLER #30156
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
philbert@shergarner.com
jkessler@shergarner.com
**ATTORNEYS FOR PLAINTIFFS IMPERIAL TRADING CO., INC.; XAVIER UNIVERSITY; WHITE III, L.L.C. F/K/A JLH, L.L.C.; UNIVERSAL HEALTH SERVICES, INC.; CII CARBON, L.L.C.; DILLARD UNIVERSITY; AND SAVOY PLACE ASSOCIATES, LP.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/JAMES M. GARNER