UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: ALL LEVEE, INCLUDING 07-4558, 07-4948, 07-4968, 07-4979, 07-4982, 07-4995, 07-4997, 07-5016, 07-5018, 07-5254, 07-5286, 07-5317, 07-5323, 07-5350, 07-5351, 07-5355, 07-5356, 07-5359, 07-5367 | SECTION K; MAG. 2 |
| | JUDGE DUVAL |
| | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * *  * * * * * * * * * * * * * * * * * *

**NOTICE OF VIDEOTAPED DEPOSITION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(B)(5) & 30(B)(6)**

TO:  National Union Fire Insurance Company of Pittsburgh, Pa.
     Through its counsel of record:
     Karen M. Dicke
     George D. Fagan
     Leake & Andersson, LLP
     1100 Poydras Street, Suite 1700
     New Orleans, Louisiana 70163

PLEASE TAKE NOTICE that Plaintiffs, through undersigned counsel, will take the deposition of **National Union Fire Insurance Company of Pittsburgh, Pa.** ("National Union"), pursuant to Rules 30(b)(5) and 30(b)(6) of the Federal Rules of Civil Procedure, through its representative, duly designated officer, director, agent, employee, or other personnel qualified to give answers under oath on behalf of National Union particularly on the issues and subject matter

hereafter set forth.  This deposition is scheduled for Friday, February 8, 2008 at 9:00 a.m. at the Law Offices of Joseph M. Bruno, 855 Baronne Street, New Orleans, LA 70113 and will be continued day to day until completed. The deposition will be for all purposes, including use at trial, pursuant to the Federal Rules of Civil Procedure, before a court reporter or other official duly authorized to administer oaths and record oral testimony, and will be videotaped.  You are invited to attend and participate as you deem appropriate.

Pursuant to Federal Rule of Civil Procedure 30(b)(5) and 30(b)(6), National Union shall produce documentation set forth in Exhibit A and should designate a witness or witnesses competent to testify regarding the subject matter set forth in Exhibit B.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

_____/s/ Joseph M. Bruno_____
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

2

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

      s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 3rd day of January, 2008.

              /s/ Joseph M.Bruno

              Joseph M. Bruno

## **DEFINITIONS**

When used herein, the following words have the following meanings, unless otherwise indicated:

1) "PERSON" means person, party, corporation, partnership or concern, singular or plural.

2) "NAME" means full proper names, as well as all other names by which the person has been known.

3) "EJLD" means the Board of Commissioners of the East Jefferson Levee District, its officers, directors, employees, agents, representatives, and attorneys.

4) "DESCRIBE" means list and describe separately sufficient for the purposes of a motion for production thereof.

5) "DOCUMENTS" means all writings or computer data of any nature, including but not limited to:

    (a) Formal or informal;

    (b) Penned, penciled, drawn, crayoned, printed electronically stored or mechanically reproduced;

    (c) Front and back; and

    (d) Rough or smooth of:

        (i) Correspondence, whether an original or a file copy thereof, whether directly sent or received, and whether copies of correspondence between other parties, including any type of letters or forms substituting therefor;

        (ii) Intercompany communications;

        (iii) Intracompany communications;

(iv)  Telephone memoranda;

(v)  Notes;

(vi)  Endorsements, whether by pencil, pen, or interlineation on any copies of the foregoing, whether on all copies or not;

(vii)  Working notes of the same nature as "(vi)";

(viii)  Logs;

(ix)  Reports;

(x)  Detailed lists of work or service to be done under an agreement, oral or written, tacit, or expressed;

(xi)  Business and investigation records made in the normal course;

(xii)  Committee records, notes and minutes, whether secret, private or public;

(xiii)  Director's subcommittee and Board resolutions, whether a standing board or ad hoc;

(xiv)  Commissions of endeavor and letters of credence;

(xv)  Credential and recall of credentials;

(xvi)  Specifications and bill of material, in the original and in the copy of, whether final, tentative or working, including all working notes thereon, whether voided or not, modified or not, complete or not or approved or not;

(xvii)  Layout, structural and material specification changes, including all free hand or informal scaled design drawings;

(xviii)  Statistical forms;

(xix)  Personnel rosters;

(xx)  Job classifications and duty assignments;

(xxi)  Pictures and photographs, whether positive or negative;

   (xxii) Contracts, modifications and rescission thereof, including working proposals and endorsements thereon;

   (xxiii) Consultation reports;

   (xxiv) Written requests and commentaries concerning consultative reports;

   (xxv) Private diaries coming under the control or possession of responding party;

   (xxvi) Progress and performance reports, letters and communications;

   (xxvii) Written complaints, demands, assertions and breach of contracts;

   (xxviii) Facsimiles, telexes, telegrams, mailgrams and wireless reports;

   (xxix) E-mail, data files, programs, floppy discs, or other data maintained or generated on or by computer;

   (xxx) Insurance inspection reports pertaining to casualty risk of property as distinguished from third-party claims;

   (xxxi) Surveyor's reports, letters or written commentaries, and

   (xxxii) Work and job orders.

6) "IDENTIFY," "IDENTITY," AND "IDENTIFICATION" when used to refer to a natural person, means to state the following:

  (a) The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

  (b) The person's present title and employer or other business affiliation;

  (c) The person's home address, home telephone number, business address and business telephone number at the time of the actions at

      which each Interrogatory is directed; and

    (d) The person's employer and title at the time of the actions at which each Interrogatory is directed.

7)  "IDENTIFY," "IDENTITY," and "IDENTIFICATION," when used to refer to a document, means to state the following:

    (a) The subject of the document;

    (b) The title of the document;

    (c) The type of document (e.g., letter, memorandum, telegram, facsimile, email, chart);

    (d) The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

    (e) The identity of the person or persons who wrote, contributed to, prepared, or originated such document; and

    (f) The present or last known location and custodian of the document.

All responses directing the undersigned to the attention of an exhibit list will be deemed insufficient, incomplete and evasive. You must specify which particular document(s) on the exhibit list fulfills the information requested in the discovery request.

8)  "YOU" or "YOUR" means National Union Fire Insurance Company of Pittsburgh, Pa., its adjusters, investigators, attorneys, representatives, agents, underwriters, employees, executives, directors, officers, independent contractors, ANY wholly-owned or affiliated companies, or anyone else answering on its behalf.

9) "17th STREET CANAL" means the canal that flows into Lake Pontchartrain that forms a portion of the western boundary of Orleans Parish and a portion of the eastern boundary of Jefferson Parish, and that is identified as such in Plaintiffs' Complaint.

10) "LONDON AVENUE CANAL" means the canal that flows into Lake Pontchartrain through the Gentilly neighborhood of New Orleans, and that is identified as such in Plaintiffs' Complaint.

All terms not specifically defined, shall be given their usual and customary meaning.

11) "ORLEANS AVENUE CANAL" means the canal that flows into Lake Pontchartrain through the Lakeview/ Lakeshore area of New Orleans, and that is identified as such in Plaintiffs' Complaint.

All terms defined herein, and those not specifically defined, shall be given their usual and customary meaning.

**EXHIBIT A**

**REQUEST NO. 1.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued to EJLD that were in effect on August 29, 2005, or any date thereafter.

**REQUEST NO. 2.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued to EJLD that pertained to actions undertaken by EJLD with respect to the design and construction of the 17th Street Canal.

**REQUEST NO. 3.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued the EJLD that pertained to actions undertaken by EJLD with respect to the maintenance of the 17th Street Canal.

**REQUEST NO. 4.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued the EJLD that pertained to actions undertaken by EJLD with respect to the dredging of the 17th Street Canal.

**REQUEST NO. 5.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued the EJLD that pertained to actions undertaken by EJLD with respect to the design and construction of the London Avenue Canal.

**REQUEST NO. 6.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued the EJLD that pertained to actions undertaken by EJLD with respect to the maintenance of the London Avenue Canal.

**REQUEST NO. 7.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued the EJLD that pertained to actions undertaken by EJLD with respect to the design and construction of the Orleans Avenue Canal.

**REQUEST NO. 8.**

Please produce all **DOCUMENTS** constituting any policies of insurance, of any kind whatsoever, that YOU issued the EJLD that pertained to actions undertaken by EJLD with respect to the maintenance of the Orleans Avenue Canal.

**EXHIBIT B**

**AREA OF INQUIRY NO. 1.**

ANY insurance policy that YOU issued to EJLD that was in effect on August 29, 2005, or at any time thereafter when a claim may have been made.

**AREA OF INQUIRY NO. 2.**

ANY insurance policy that YOU issued to EJLD that was in effect at the time that EJLD engaged in any activities relating to construction, design, maintenance, or dredging of the 17th Street Canal.

**AREA OF INQUIRY 3.**

ANY insurance policy that YOU issued to EJLD that was in effect at the time that EJLD engaged in any activities relating to construction, design, or maintenance of the London Avenue Canal.

**AREA OF INQUIRY 4.**

ANY insurance policy that YOU issued to EJLD that was in effect at the time that EJLD engaged in any activities relating to construction, design, or maintenance of the Orleans Avenue Canal.

**AREA OF INQUIRY NO. 5.**

ALL DOCUMENTS produced in response to Exhibit "A."