UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br>07-4558, 07-4948, 07-4968, 07-4979, 07-4982, 07-4995,<br>07-4997, 07-5016, 07-5018, 07-5254, 07-5286, 07-5317,<br>07-5323, 07-5350, 07-5351, 07-5355, 07-5356, 07-5359,<br>07-5367 | * * * * * | |

## PLAINTIFFS' *EX PARTE* MOTION AND INCORPORATED MEMORANDUM FOR EXPEDITED HEARING ON MOTION TO COMPEL

Plaintiffs request that this Court grant expedited consideration with respect to their motion to compel Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") to respond to its requests for the production of documents and to produce a representative for a corporate deposition. National Union has filed a motion to dismiss Plaintiffs' claims against it. As noted in Plaintiffs' opposition brief, as well as the motion to compel, it is unclear whether there may exist any other policies issued by National Union that would not exclude Plaintiffs claims.[1] Plaintiffs have alleged general terms that National Union issued "a policy or policies" that would cover their claims against its insured; they did not specifically allege that the policy produced by National Union as an exhibit to its motion is the only one in dispute. As such, Plaintiffs seek to conduct limited

---

[1] Plaintiffs do not contend that the Policy cited by National Union in its motion excludes their claims.

discovery that is narrowly targeted to the existence of other insurance policies. National Union cannot be allowed to stonewall until after the February 20, 2008 hearing date – by then, it may be too late for Plaintiffs to have the opportunity to respond in full.

Plaintiffs request that their motion to compel be heard on an expedited basis so as to allow them to determine prior to the February 20, 2008 hearing date whether any additional policies exist. By stonewalling Plaintiffs' limited discovery requests, National Union forces Plaintiffs to take a wait-and-see approach: Plaintiffs must wait until after the hearing for National Union to respond to the discovery requests, yet by that point, the claims against it may be dismissed, and thus National Union would have no obligation to respond to the discovery requests. Plaintiffs seek the opportunity to fully and fairly contest National Union's motion, and the requested discovery is necessary to allow them to do so. As such, expedited consideration is warranted.

Respectfully submitted,

s/ James M. Garner
JAMES M. GARNER, #19589
PETER L. HILBERT, JR. #6875
JEFFREY D. KESSLER #30156
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
philbert@shergarner.com
jkessler@shergarner.com
**ATTORNEYS FOR PLAINTIFFS IMPERIAL TRADING CO., INC.; XAVIER UNIVERSITY; WHITE III, L.L.C. F/K/A JLH, L.L.C.; UNIVERSAL HEALTH SERVICES, INC.; CII CARBON, L.L.C.; DILLARD UNIVERSITY; AND SAVOY PLACE ASSOCIATES, LP.**

## CERTIFICATE OF SERVICE

I hereby certify that o February 7, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/JAMES M. GARNER