UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MERVIN JEFFERSON AND MERLIN MCGHEE | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4182    SECT. K , MAG. 2 |
| | * | JUDGE DUVAL |
| LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION, AUDUBON INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY AND SCOTTSDALE INSURANCE COMPANY | * | MAGISTRATE WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# ANSWER OF SCOTTSDALE INSURANCE COMPANY TO PETITION FOR DAMAGES OF MERVIN JEFFERSON AND MERLIN MCGHEE

Defendant, SCOTTSDALE INSURANCE COMPANY (hereinafter "Scottsdale") answers the Petition of Mervin Jefferson and Merlin McGehee, as follows:

### FIRST DEFENSE

The *Petition* (Complaint) fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiffs have joined in one suit numerous claims, each for different properties, owned by different plaintiffs at different locations and insured under separate policies; the claims are not related in any fashion, have been improperly cumulated, and should be dismissed, or alternatively, severed and tried separately.

## THIRD DEFENSE

Now answering the specific allegations of the *Petition*, Scottsdale responds as follows:

**1.**

The allegations of paragraph 1 are admitted.

**2.**

The allegations of paragraph 2 are denied as written; **SCOTTSDALE INSURANCE COMPANY** avers that it is a foreign insurer, organized and domiciled in states other than the State of Louisiana, to-wit: Arizona and Ohio; further, on information and belief, Audubon Insurance Company is an insurer organized under the laws of the State of Louisiana, with its principal place of business in Louisiana, Allstate is an insurer organized in and with its principal place of business in a state other than Louisiana, and Louisiana Citizens Property Insurance Corporation is a non-profit corporation created by the Louisiana Legislature to operate residual market insurance programs for the State of Louisiana.

**3.**

The allegations of paragraph 3 are admitted.

**4.**

The allegations of paragraph 3 are denied as written; Scottsdale avers that it issued the following policies, to the following individuals affording property insurance protection for the following properties:

(1) Merlin McGehee/Mervin Jefferson
    4801 Nighthart Street
    New Orleans, Louisiana
    Policy Number DFS 0536891

(2) Mervin Jefferson
    1522 N. Robertson Street
    New Orleans, Louisiana
    Policy Number DFS 0583386

(3) Mervin Jefferson
    13950-52 Linder Street
    New Orleans, Louisiana
    Policy Number DFS 0537086

(4) Mervin Jefferson
    11711 West Barrington
    New Orleans, Louisiana
    Policy Number DFS 0583386

Scottsdale avers that each policy is a written contract, subject to all of the terms, provisions, conditions, limitations and exclusions contained therein, all of which are pled herein as if copies *in extenso*.

**5.**

The allegations of paragraph 5 are denied.

**6.**

The allegations of paragraph 6 are denied as written; Scottsdale avers that flooding associated with Hurricane Katrina did substantial damae to the properties insured by Scottsdale, and that damage caused by flood is excluded from coverage of the Scottsdale policy.

**7.**

The allegations of paragraph 7 are denied.

**8.**

The allegations of paragraph 8 are denied.

**9.**

The allegations of paragraph 9 are denied.

**10.**

The allegations of paragraph 10 require no answer, but out of an abundance of caution, are denied.

**11.**

The allegations of paragraph 11 are denied.

## FOURTH DEFENSE

Scottsdale Insurance Company avers that if flood waters associated with Hurricane Katrina or waters related to improper or deteriorated plumbing caused damage to the property in question, such loss and damage is excluded from the coverage of the policy by the following exclusionary language:

"**B.   Exclusions**

    **1.**    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

*   *   *

    **g.**    **Water**

        **(1)**    Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

        **(2)**    Mudslide or mudflow;

        **(3)**    Water that backs up or overflows from a sewer, drain or sump; or

        **(4)**    Water under the ground surface pressing on, or flowing or seeping through:

            **(a)**    Foundations, walls, floors or paved surfaces;

            **(b)**    Basements, whether paved or not; or

            ©    Doors, windows or other openings.

But if Water, as described in **g.(1)** through **g.(4)** above, results in fire, explosion or sprinkler leakage, we will pay for this loss or damage caused by that fire, explosion or sprinkler leakage."

**FIFTH DEFENSE**

Scottsdale Insurance Company avers that, to the extent there has been any payment under a policy affording flood insurance protection to Petitioners, or to the extent Petitioners have

been compensated in whole or in part for damage by any other insurer, including any flood insurer or any governmental agency, or to the extent petitioner had other policies of insurance applicable to any part of the loss claimed, petitioner has no right or cause of action to the extent of such payment, and Scottsdale is entitled to setoff or a credit, reducing or limiting any liability on the part of Scottsdale such that plaintiffs do not have double recovery of its damages.

## SIXTH DEFENSE

The amount of any recoveries by Petitioners herein are limited to the extent that there have been payments made in accordance with the terms, limitations, conditions and exclusions of the policy, and such payments are pled herein as a setoff.

## SEVENTH DEFENSE

Petitioners have failed to submit adequate proofs of loss for claims asserted and failed to comply with respect to the insured's duties following the loss, in accordance with the terms, conditions and limitations of the policy, which is incorporated herein as if copied.

## EIGHTH DEFENSE

Scottsdale timely and properly investigated these matters and made payments in accordance with the terms, limits and conditions of the policy issued to Petitioner. These adjustments were reasonable, and neither arbitrary, capricious, nor without probable cause under the circumstances.

### NINTH DEFENSE

The policy upon which Petitioner makes claim is a written instrument and is the best evidence of its terms, conditions, limitations and exclusions, which are pled herein as though copied in its entirety. Scottsdale demands strict proof of the policy and specifically denies any allegations which contradict, contravene, or seek to enlarge or alter the terms, conditions, limitations and exclusions of the policy.

### TENTH DEFENSE

Petitioners have no right of action, or in the alternative no cause of action, to the extent of the interests of any policy interest holder, and the mortgagee holding the mortgage on the property; alternatively, any mortgagee must be included if further payment is required.

### ELEVENTH DEFENSE

For claims of statutory penalties, Scottsdale pleads in abeyance, mitigation or denial the unprecedented scope of damage wrought by Hurricanes Katrina and Rita; the unprecedented numbers of claims; the loss of communications and government control following Hurricanes Katrina and Rita; the physical and legal restrictions on access to the property; and the displacement of insureds from the area.

### TWELFTH DEFENSE

Scottsdale avers that *LRS 22:695*, is inapplicable because none of the Petitioners' properties were rendered a total loss by a peril covered by the policy at issue. In the further alternative, and to the same extent, interpretation of the law as plaintiff contend with regard to

*LRS 22:695* would lead to absurd consequences, contravening fundamental principles of statutory construction.

### THIRTEENTH DEFENSE

The Petition improperly seeks to deprive Scottsdale of liberty and property and seeks to effect a taking without just compensation in contravention of rights guaranteed by the Constitutions of the United States and the State of Louisiana, and interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States and the State of Louisiana.

### FOURTEENTH DEFENSE

Granting the relief sought in the Petition would result in unjust enrichment, and further the Petition improperly seeks to deprive Scottsdale of equal protection of law and to impair the obligations of contracts in contravention of the Constitutions of the United States and the State of Louisiana.

### FIFTEENTH DEFENSE

Petitioner seeks to impose on Scottsdale a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission in accordance with *LRS 22:1401, et seq.*, and therefore violates Louisiana law, and is barred in whole or in part by the Filed Rate Doctrine.

### SIXTEENTH DEFENSE

Defendant reserves the right to supplement and amend this answer.

WHEREFORE, defendant, SCOTTSDALE INSURANCE COMPANY, prays that its answer be deemed good and sufficient, and that plaintiff's suit be dismissed with prejudice at plaintiff's cost.

Respectfully submitted,

BIENVENU, FOSTER, RYAN & O'BANNON, LLC

BY: _____
DAVID E. WALLE (#13199)
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Telephone: (504) 310-1500
Facsimile: (504) 310-1501
Email: Dwalle@bfrob.com

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile transmission, hand delivery, electronic mail and/or depositing same in the United States Mail, postage pre-paid on February 8, 2008.

_____