UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES        CIVIL ACTION
CONSOLIDATED LITIGATION              NO. 05-4182 "K" (2)
                                     JUDGE DUVAL
                                     MAG. WILKINSON

PERTAINS TO: INSURANCE (08-0071)

**THE PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO STAY AND MOTION TO REMAND**

MAY IT PLEASE THE COURT:

The Plaintiffs Eugene L. Dudenhefer, Eugene A. Dudenhefer, Sr., Warren J. Dudenhefer, Diane D. Volpe, and Roy E. Dudenhefer, through the undersigned counsel of record, submit this memorandum in support of their motion to stay this action, in light of the January 11, 2008 ruling from the Louisiana Supreme Court granting writs from the Fourth Circuit, Court of Appeal, in the *Sher v. Lafayette Insurance Company* case[1] and/or a ruling by the Court on the Insurance Company Defendants' Joint Motion to Modify the Court's May 1, 2006 Consolidated Order and Deconsolidate and/or Sever Cases within the Insurance Umbrella. Further, the Plaintiffs submit this

---

[1] *Sher v. Lafayette Insurance Company*, No. 2007-CA-0757 (La. App. 4th Cir), on appeal from the Civil District Court for the Parish of Orleans, No. 2006-9276, Division "G", Section "11", Giarrusso, J.

1

memorandum in support of their motion to remand this action back to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana, if appropriate, following the rulings in the *Sher* case and on the Insurance Company Defendants' Joint Motion for Deconsolidation by this Court.  For the reasons set forth in this memorandum, the Plaintiffs respectfully request that this Honorable Court enter an order staying this action and defer a ruling on the Plaintiffs' motion to remand as plead herein.

In *Chehardy* and *Xavier*, this Court found "water damage" exclusions identical or nearly identical to the exclusion contained in the Plaintiffs' "All Risk" policy to be ambiguous.  Following this Court's ruling, appeals to the United States Fifth Circuit, Court of Appeals were taken.  On August 27, 2007, the Fifth Circuit denied the *Chehardy* and *Xavier* policyholders' request for rehearing following the Fifth Circuit's decision reversing this Court's November 27, 2006, Order.[2] Writ applications to the United States Supreme Court were filed in November 2007, following the Louisiana Fourth Circuit's decision in *Sher*.  The *Chehardy* and *Xavier* policyholders' have requested the United States Supreme Court direct the United States Fifth Circuit to certify questions presented in the *Chehardy* and *Xavier* cases to the Louisiana Supreme Court.

While the United States Fifth Circuit made an *Erie* guess in the *Chehardy* and *Xavier* actions, the Louisiana Fourth Circuit in *Sher* and other state district courts have ruled consistently with this Court's November 27, 2006, Order.  Writs are being sought in the Louisiana Supreme Court in *Sher*.

The Plaintiffs' action is based solely upon state law.  The Plaintiffs suggest that the Louisiana Fourth Circuit's ruling in Sher supports a finding of diversity jurisdiction in this Court.  A

---

[2] *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 "K" (2), Order, dated November 27, 2006, Document No. 1803.

finding consistent with this Court's prior ruling in *Chehardy* and *Xavier* and the *Sher* decisions would support a summary finding in favor of the Plaintiffs that they are entitled to proceeds under their policy, plus interest, penalties, fees and costs, in excess of $75,000.00. On the other hand, if the Louisiana Supreme Court reverses *Sher* and rules consistent with the recent decisions of the United States Fifth Circuit in the *Chehardy* and *Xavier* actions, then the Plaintiffs may be unable to recover proceeds under their policy, including their claims for interest, penalties, fees and costs, in excess of $75,000.00. In fact, the Plaintiffs may stipulate that their combined claims in this action are less than $75,000.00. Accordingly, remand to state court would be appropriate at that time, based upon the pleadings and the applicable law to this case.

Moreover, on September 19, 2007, the Insurance Company Defendants filed a Joint Motion with this Court seeking to Deconsolidate and Sever cases contained in the Insurance Umbrella.[3] An opposition to the motion was filed by the Plaintiffs' Steering Committee. This Court has not ruled on that motion yet. The Plaintiffs understand that this Court has indicated that if the Louisiana Fourth Circuit affirmed the Civil District Court in the *Sher* case -- which it did -- that he may not deconsolidate the Insurance Umbrella. The Plaintiffs are unaware of any decision from the Court on this motion.

Accordingly, the Plaintiffs suggest that staying this action pending a decision in the *Sher* case by the Louisiana Supreme Court is appropriate. Oral argument has been set in the *Sher* case for February 26, 2008. The Plaintiffs further recognize that their motion to remand may be premature at this time; however, because of the strict time limits provided by 28 U.S.C. § 1447(c), the Plaintiffs

---

[3] *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 "K" (2), Document No. 7759.

believe it is necessary to file a motion to remand to preserve their right to challenge federal jurisdiction in the event the Louisiana Supreme Court in the *Sher* case finds consistent with the United States Fifth Circuit's decision in *Chehardy* and *Xavier*, and their potential total recovery is less than $75,000.00, based on the allegations contained in their complaint.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this action be stayed and a decision on their motion to remand be deferred until the Louisiana Supreme Court rules in the *Sher* case and/or this Court rules on the Insurance Company Defendants' Joint Motion to Deconsolidate the Insurance Umbrella.

> Respectfully submitted,
>
> RANIER, GAYLE & ELLIOT, L.L.C.
>
> /s/ LARRY D. DYESS
> Drew Ranier, La. Bar No. 8320
> dranier@rgelaw.com
> N. Frank Elliot III, La. Bar No. 23054 (T.A.)
> felliot@rgelaw.com
> Larry D. Dyess, La. Bar No.19555
> ldyess@rgelaw.com
> 1419 Ryan Street
> Lake Charles, LA 70601
> Ph: (337) 494-7171
> Fax: (337) 494-7218
>
> *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2008, a true copy of the foregoing was filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM / ECF system.

                                      /s/ LARRY D. DYESS