UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 "K" (2) CONS. KATRINA CANAL |
| PERTAINS TO INSURANCE: | * | |
| | | JUDGE STANWOOD R. DUVAL, JR. |
| *Mervin Jefferson and Merlin Mcghee v. Louisiana Citizens Property Insurance Corporation, Audubon Insurance Company, Allstate Insurance Company and Scottsdale Insurance Company* 07-8947 | * | MAGISTRATE JUDGE JOSEPH WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

# ANSWER OF LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION TO PETITION FOR DAMAGES OF MERVIN JEFFERSON

Louisiana Citizens Property Insurance Corporation, a non-profit corporation created by the Louisiana Legislature to operate residual market insurance programs for the State of Louisiana, for response to the Petition of Mervin Jefferson, says that:

-1-

## FIRST DEFENSE

The Complaint (Petition for Damages) fails to state a claim for which relief can be granted.

## SECOND DEFENSE

There is an improper joinder or cumulation of actions, in that the claims of two individuals seeking damage for different properties insured by different insurers, are joined in one lawsuit; they are separate and distinct and unrelated claims should be dismissed, severed or tried separately.

## THIRD DEFENSE

Answering the individual allegations of plaintiffs' Petition, defendant says that:

1.

The allegations of paragraph 1 are admitted.

2.

The allegations of paragraph 2 are denied, except that Allstate Insurance Company and Scottsdale Insurance Company are foreign insurers and citizens of a state other than Louisiana; Audubon Insurance Company is an insurer organized under the laws of the State of Louisiana, and Louisiana Citizens Property Insurance Corporation is a non-profit corporation, created by the Louisiana Legislature to operate residual market insurance programs for the State of Louisiana.

3.

The allegations of paragraph 3 are denied.

4.

The allegations of paragraph 4 are denied; Louisiana Citizens Property Insurance Corporation avers that it issued the following policies for the addresses shown to Mervin Jefferson:

| | | | |
|---|---|---|---|
| (A) | FZD 0296467 | | 4224 North Claiborne Avenue<br>New Orleans, Louisiana |
| (B) | FZD 0251114 | | 4226 North Claiborne Avenue<br>New Orleans, Louisiana |
| (C) | FZD 0296467 | | 4200 North Claiborne Avenue<br>New Orleans, Louisiana |

Each of the policies is a written document subject to all of the terms, provisions, conditions, limitations, and exclusions contained therein, all of which are pled as if copied *in extenso*.

5.

The allegations of paragraph 5 are denied.

6.

The allegations of paragraph 6 are denied as written; defendant does aver that each of the properties it insured sustained significant damage from flood waters associated with Hurricane Katrina, and such damges are excluded from coverage by the policy of insurance

7.

The allegations of paragraph 7 are denied; the property in question was not a total loss and if it was, which is denied, it was rendered a total loss by causes not covered by the policy of insurance.

8.

The allegations of paragraph 8 are denied.

9.

The allegations of paragraph 9 are denied.

10.

The allegations of paragraph 10 require no response, but out of an abundance of caution, are denied.

11.

The allegations of paragraph 11 are denied.

**FOURTH DEFENSE**

LCPIC is a non-profit corporation created by the Legislature (*LRS 22:1430, et seq.*) to operate residual market insurance programs for the State of Louisiana. It administers insurance programs but is not a "Louisiana insurance company" or "insurer" to which the penalties and provisions of *LRS 22:658* and *22:1220* apply.

**FIFTH DEFENSE**

LCPIC is a non-profit corporation created by the Legislature (*LRS 22:1430, et seq.*) to operate residual market insurance programs for the State of Louisiana.  It has been legislatively provided with immunity from claims for statutory penalties under LRS 22:658 and 22:1220, and through application of LRS 22:1430.5.

**SIXTH DEFENSE**

Petitioner's lawsuit is subject to an exception of *lis pendens* under LA C.C.P. Art 531 and LA C.C.P. Art 532, because there are already previously filed class actions, seeking class action status on behalf of resident property owners damaged by Hurricane Katrina in the following identified parishes: St. Bernard, Jefferson, Orleans, Plaquemines, and "other adjacent parishes" that seek recovery of property damage and penalties and attorney's fees of LCPIC.  See, for example, "*Toni Swain Orrill, individually and on behalf of the Class v. AIG, Inc., AIG Consultants, Inc., et al*", CDC No. 2005-11720, Division "L", Section 6; and "*Geraldine Oubre and Linda Gentry, on their behalf, as well as others similarly situated v. Louisiana Citizens Fair Plan*," 24th JDC No. 625-567, Division "M".

**SEVENTH DEFENSE**

The amount of any recoveries by Petitioner herein is limited to the extent that there have been payments made in accordance with the terms, limitations, conditions and exclusions of the policy, and such payments are pled herein as a setoff; further, defendant avers that the insured has been paid the amounts listed below, which fairly compensates it for this loss.

| | | |
|---|---|---|
| (1) | 4200 N. Claiborne Avenue<br>New Orleans, Louisiana | $5,572.28 |
| (2) | 4226 N. Claiborne Avenue<br>New Orleans, Louisiana | $1,621.58 |
| (3) | 4224 N. Claiborne Avenue<br>New Orleans, Louisiana | $4,452.33 |

**EIGHTH DEFENSE**

Petitioner failed to submit adequate proofs of loss for claims asserted and failed to comply with respect to the insured's duties following the loss, in accordance with the terms, conditions and limitations of the policy, which are pleaded herein, as written in the policy, and which are the same or substantially similar to the following:

"**2.** **Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

    **a.** Give prompt notice to us or our agent;

    **b.** Notify the police in case of loss by theft;

    **c.** Notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;

    **d.** Protect the property from further damage. If repairs to the property are required, you must:

        **(1)** Make reasonable and necessary repairs to protect the property; and

        **(2)** Keep an accurate record of repair expenses;

    **e.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

  **f.**  As often as we reasonably require:

    **(1)**  Show the damaged property;

    **(2)**  Provide us with records and documents we request and permit us to make copies; and

    **(3)**  Submit to examination under oath, while not in the presence of any other 'insured,' and sign the same;

  **g.**  Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

    **(1)**  The time and cause of loss;

    **(2)**  The interest of the 'insured' and all others in the property involved and all liens on the property;

    **(3)**  Other insurance which may cover the loss;

    **(4)**  Changes in title or occupancy of the property during the term of the policy;

    **(5)**  Specifications of damaged buildings and detailed repair estimates;

    **(6)**  The inventory of damaged personal property described in **2.e.** above;

    **(7)**  Receipts for additional living expenses incurred and records that support the fair rental value loss; and

    **(8)**  Evidence or affidavit that supports a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss."

### NINTH DEFENSE

To the extent petitioner may seek recovery for flood, the policy contains an exclusion for flood and surface waters, which are pleaded herein, as written in the policy, and which are the same

or substantially similar to the following, which is incorporated herein as if copied and which bars or in the alternative reduces Petitioner's claims:

"SECTION I – EXCLUSIONS

We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\* \* \*

    c.    Water Damage, meaning:

    (1)    Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

    (2)    Water which backs up through sewers or drains or which overflows from a sump; or

    (3)    Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

Direct loss by fire, explosion or theft resulting from water damage is covered."

## TENTH DEFENSE

LCPIC, through its service provider, timely and properly investigated this matter and made payment in accordance with the terms, limits and conditions of the policy issued to Petitioner. That adjustment was reasonable, and neither arbitrary, capricious, nor without probable cause under the circumstances.

## ELEVENTH DEFENSE

The policy upon which Petitioner makes claim is a written instrument and is the best evidence of its terms, conditions, limitations and exclusions, which are pled herein as though copied in its entirety. LCPIC demands strict proof of the policy and specifically denies any allegations which contradict, contravene, or seek to enlarge or alter the terms, conditions, limitations and exclusions of the policy.

## TWELFTH DEFENSE

Petitioner, to the extent Petitioner has been compensated in whole or in part for damage by any other insurer, including any flood insurer or any governmental agency, or to the extent petitioner had other policies of insurance applicable to any part of the loss claimed, petitioner has no right or cause of action to the extent of such payment, and LCPIC is entitled to setoff or a credit, reducing or limiting any liability on the part of LCPIC. The provision for "Other Insurance," which is pleaded herein as written in the policy, and which is the same or substantially similar to the following, is incorporated herein as if copied and bars, or in the alternative reduces petitioner's claims:

> "**7.** **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss."

## THIRTEENTH DEFENSE

Petitioner has no right of action, or in the alternative no cause of action, to the extent of the interests of the mortgagee holding the mortgage on the property; alternatively, any mortgagee must be included if further payment is required.

## FOURTEENTH DEFENSE

For claims of statutory penalties, LCPIC pleads in abeyance, mitigation or denial the unprecedented scope of damage wrought by Hurricanes Katrina and Rita; the unprecedented numbers of claims; the loss of communications and government control following Hurricanes Katrina and Rita; the physical and legal restrictions on access to the property; and the displacement of insureds from the area.

## FIFTEENTH DEFENSE

To the extent that plaintiff makes or refers to any claims under the valued policy law, Louisiana's Valued Policy Law, *LRS 22:695*, is inapplicable because Petitioner's dwelling structure was not rendered a total loss by a peril covered by the policy at issue.

## SIXTEENTH DEFENSE

In the alternative, to the extent that plaintiff makes or refers to any claims under the valued policy law, Louisiana's Valued Policy Law, *LRS 22:695*, is inapplicable because Petitioner's application for coverage, and policy, provided in type of equal size, the actual method of loss computation used, in accordance with the exception to *LRS 22:695*.

## SEVENTEENTH DEFENSE

In further alternative, and to the same extent, interpretation of the valued policy law as plaintiff contends would lead to absurd consequences, contravening fundamental principles of statutory construction.

## EIGHTEENTH DEFENSE

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed by the Constitutions of the United States and the State of Louisiana.

## NINETEENTH DEFENSE

The Petition improperly seeks to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States and the State of Louisiana.

## TWENTIETH DEFENSE

The Petition improperly seeks to deprive LCPIC of liberty and property in contravention of rights guaranteed by the due process clauses of the Constitutions of the United States and the State of Louisiana.

## TWENTY-FIRST DEFENSE

The Petition improperly seeks to deprive LCPIC of equal protection of law in contravention of the Constitutions of the United States and the State of Louisiana.

## TWENTY-SECOND DEFENSE

The Petition improperly seeks to impair the obligations of contracts in contravention of rights guaranteed to LCPIC by the Constitutions of the United States and the State of Louisiana.

## TWENTY-THIRD DEFENSE

Granting the relief sought in the Petition would result in unjust enrichment.

### TWENTY-FOURTH DEFENSE

Petitioner seeks to impose on LCPIC a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission in accordance with *LRS 22:1401, et seq.*, and therefore violates Louisiana law, and is barred in whole or in part by the Filed Rate Doctrine.

WHEREFORE, defendant, **LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION**, prays its answer be deemed good and sufficient, and after due proceedings had, Petitioners' suit against **Louisiana Citizens Property Insurance Corporation** be dismissed with prejudice and at Petitioners' costs.

        Respectfully submitted,

        BIENVENU, FOSTER, RYAN & O'BANNON, LLC

        BY:    */s/ David E. Walle*
              DAVID E. WALLE (#13199)
              1010 Common Street, Suite 2200
              New Orleans, LA 70112-2401
              Telephone: (504) 310-1500
              Facsimile: (504) 310-1501
              Email: DWalle@bfrob.com

### **CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile transmission, hand delivery, electronic mail and/or depositing same in the United States Mail, postage pre-paid on February 8, 2008.

        */s/ David E. Walle*