UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182 "K" (2)<br>* |
| PERTAINS TO LEVEE: | * JUDGE DUVAL<br>* |
| BOURGEOIS, NO. 06-5131<br>FERDINAND, NO. 06-5132 | * MAG. WILKINSON<br>*<br>* |

**CSX TRANSPORTATION, INC.'S REPLY TO PLAINTIFFS'
SUPPLEMENTAL OPPOSITION TO CSX TRANSPORTATION, INC.'S MOTION
FOR DISMISSAL UNDER RULE 12(b)(6) OR, IN THE ALTERNATIVE,
<u>MOTION FOR SUMMARY JUDGMENT UNDER RULE 56</u>**

Plaintiffs' sole allegation against CSX Transportation, Inc. ("CSXT") is that CSXT was *operating* the train that derailed on September 11, 2004 and damaged Flood Gate W-30 along the Industrial Canal. CSXT has refuted plaintiffs' allegation by filing two affidavits, which state that the train was operated by the New Orleans Public Belt Railroad Commission ("NOPB") and that the train was not operated by CSXT. Plaintiffs have not disputed the veracity of these affidavits or offered any evidence that supports their allegation that CSXT was operating the train.

In the Court's Minute Entry of January 15, 2008, the Court informed the parties that it intends to treat CSXT's motion in this case as a summary judgment motion. Minute Entry (Jan.

1070171-1

1

15, 2008) (Dkt. No. 10424). The Order gave plaintiffs two weeks to "supplement their opposition to the motion for summary judgment." (*Id.* at 2.) In response, plaintiffs submitted a short statement simply describing the so-called "evidence" – already refuted by CSXT, as recognized by the Court at the status conference of January 14, 2008 – that plaintiffs believe supports their allegations. Plaintiffs then provided a list of information plaintiffs want in order to verify CSXT's ***undisputed*** evidence that it was not operating the relevant train. The supplemental opposition provides no challenge to CSXT's evidence, legal arguments, or any indication that the plaintiffs have any basis for continuing to assert their claim since CSXT filed its Reply. Accordingly, CSXT respectfully requests that the Court reject plaintiffs' attempt to obtain more information – which will not change the facts in this case – and grant CSXT's motion to dismiss or for summary judgment.[1]

## I. Plaintiffs Have Not Supplemented Their Opposition.

Plaintiffs' "supplemental opposition" does not *supplement* plaintiffs' prior submissions and it certainly does not provide any additional information that would support plaintiffs' allegation that CSXT was operating the train that derailed in September 2004. Plaintiffs rely – again – on a Petition filed by the Orleans Levee District ("OLD") in 2004 wherein OLD erroneously named CSXT as the operator of the derailed train. But, CSXT has already addressed this allegation in the affidavits it attached to its prior submissions. CSXT submitted the

---

[1] This Supplemental Reply responds to the allegations made by plaintiffs in both *Bourgeois* (No. 06-5131) and *Ferdinand* (No. 06-5132). CSXT filed Motions for Dismissal under 12(b)(6), or in the Alternative, Motion for Summary Judgment under Rule 56 ("Motion to Dismiss") (Nov. 20, 2006) in both *Bourgeois* (No. 06-5131, Dkt. No. 1697) and *Ferdinand* (No. 06-5132, Dkt. No. 1698). Plaintiffs filed a Memorandum in Opposition and in Support of Alternative Motion for FRCP 56(f) Relief (Mar. 12, 2007) (Dkt. No. 3383) (together "Opposition"). CSXT filed a Reply in Support of its Motion for Dismissal Under Rule 12(b)(6) or, in the Alternative, Motion for Summary Judgment Under Rule 56 (Mar. 19, 2007) (Dkt. No. 3454) ("Reply").

affidavits of Jim Bridger, NOPB's General Manager, and Tom May, the Terminal Manager – New Orleans for CSXT, in its Motion to Dismiss.[2] As established by these affidavits, NOPB, by its own admission, was operating the train that derailed on September 11, 2004. (Bridger Aff. ¶ 3.) NOPB remitted to the Levee Board $427,387.96, which was the full and exact amount estimated by the Levee Board to reconstruct Flood Gate W-30 and the floodgate support system. (Bridger Aff. ¶¶ 8-9.) Neither the operation of the train nor the payment to OLD involved CSXT.

Plaintiffs also rely on a police report in support of their allegation that CSXT was operating the train. Nowhere, however, does the police report state that CSXT was operating the train. Rather, it shows only that the police spoke with a CSXT trainmaster following the derailment because, as the police report states, the "derailment . . . extended to tracks owned by CSX Transportation." This document simply does not support plaintiffs' argument.

Plaintiffs' supplemental opposition does not provide the Court with any additional information not previously provided and rebutted by CSXT and NOPB.[3] Thus, plaintiffs have no evidence that they have a basis for pursuing CSXT as a defendant in this litigation. CSXT's motion to dismiss or for summary judgment should be granted.

---

[2] For the Court's convenience, CSXT has attached Jim Bridger's affidavit and corresponding exhibits (attached together as Exhibit 1) and Tom May's affidavit (Exhibit 2) to this Supplemental Reply.

[3] The plaintiffs have not submitted any admissible evidence in support of either their Opposition or supplemental opposition and, therefore, CSXT objects to plaintiffs' reliance on or the Court's consideration of the same. Fed. R. Civ. P. 56(e); see also Fed. R. Evid. 901(a). Nonetheless, none of the documents plaintiffs have submitted to the Court supports plaintiffs' allegation that CSXT was operating the train that derailed.

**II.    The Court Has Sufficient Evidence To Grant CSXT's Motion.**

The Court has sufficient evidence to render a decision in CSXT's favor. In a sworn affidavit, NOPB admitted it was operating the train that derailed on September 11, 2004 and that is the subject of plaintiffs' allegations against CSXT in this lawsuit. NOPB also admitted that it paid the full and exact estimate for damages sustained by the Levee Board.

CSXT also submitted an affidavit verifying that CSXT was not operating the relevant train. Indeed, plaintiffs apparently have in their possession, but did not cite to this Court, additional evidence that shows CSXT was not operating the train. As explained in CSXT's Reply, plaintiffs apparently have in their possession two letters from OLD dated September 30, 2004 and October 12, 2004. These letters were obtained by plaintiffs from the Army Corps of Engineers in response to plaintiffs' FOIA request. In the September 30, 2004 letter (attached hereto as Exhibit 3), OLD reported to the Army Corps of Engineers that "the referenced floodgate was *heavily damaged by the New Orleans Public Belt* (NOPB) on September 11, 2004." (Emphasis added.) The letter also stated that OLD was "scheduling a meeting with the NOPB to discuss all costs involved with the repairs." This letter supports the affidavits submitted by CSXT and not rebutted by plaintiffs.

CSXT has rebutted the sole allegation made against it in plaintiffs' complaint. The proof CSXT has offered is more than sufficient to resolve this matter and plaintiffs' attempt to further delay these proceedings to needlessly supplement CSXT's undisputed evidence should be rejected.

## Conclusion

Plaintiffs' supplemental opposition fails to provide this Court with any evidence in support of plaintiffs' baseless allegation that CSXT was operating the train that derailed September 11, 2004. The Court should grant summary judgment in CSXT's favor.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
  -of-
RODNEY & ETTER, L.L.C.
620 North Carrolton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 483-3224
Facsimile: (504) 483-2259

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2008, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall

1070171-1

5