CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2004-17143        DIVISION "F"        SECTION 10

BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT

VERSUS

CITY OF NEW ORLEANS, BY AND THROUGH THE NEW ORLEANS
PUBLIC BELT RAILROAD COMMISSION, CSX TRANSPORTATION, INC.,
AND THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

FILED:_____       _____
                                     DEPUTY CLERK

## AFFIDAVIT OF JIM BRIDGER

STATE OF LOUISIANA

PARISH OF ORLEANS

       BEFORE ME, the undersigned authority, personally came and appeared:

### JIM BRIDGER

who, being first duly sworn, did depose and say that:

       1.       Affiant is the General Manager (Chief Executive Officer) of the Public Belt Railroad Commission for the City of New Orleans (the "Public Belt"). Affiant has been employed in his current position since 11-19-01 (J.B)

       2.       The Public Belt is a publicly owned and operated terminal switching railroad, and a political subdivision of the State of Louisiana. It provides services in the Parishes of Jefferson and Orleans in the State of Louisiana. The Public Belt is a defendant in the above-captioned litigation.

       3.       On September 11, 2004, some of the rail cars in a train operated by Public Belt employees derailed near the Industrial Canal in New Orleans, Louisiana.

       4.       At least one of the derailed cars struck and damaged Floodgate W-30 and the support system of that floodgate, causing damage to the structure.

       5.       Attachment "A" hereto is a copy of the front and back sides of Public Belt check no. 50322, dated December 10, 2004 and payable to the "Orleans Levee Board," in the amount of $427,387.96. The back of the check indicates the check was endorsed by the Levee Board and deposited in its account at the Whitney National Bank.



EXHIBIT

_____

6.  Attachment "B" hereto is a copy of my letter of December 14, 2004 to Max Hearn, the Executive Director of the Orleans Levee Board. Attachment "A", the check payable to the Levee Board, was enclosed with my letter of December 14, 2004, and both were hand delivered on that date to Mr. Hearn at the Levee Board office.

7.  On December 10, 2004, the Levee Board faxed a document captioned "Estimated Costs to Reconstruct Floodgate W-30" to the Public Belt office. That estimate is Attachment "C" hereto. That Levee Board estimate stated that the estimated cost to reconstruct Floodgate W-30 was $427,387.96.

8.  That same date, December 10, 2004, the claims manager of the Public Belt, John Morrow, wrote an interoffice memorandum to the Public Belt Accounting Department, requesting the issuance of a check in the amount of $427,387.96, payable to the Orleans Levee Board, "to reimburse the Board for damage to the Floodgate W-30 by the NOPB derailment on September 11, 2004." That December 10, 2004 memorandum is Attachment "D" hereto.

9.  My December 14, 2004 letter to Mr. Hearn (Attachment "B" hereto) transmitting the $427,387.96 check stated, in part: "Realizing that this is indeed an 'estimate', the New Orleans Public Belt Railroad will process an additional check, if need be, for the difference if the repairs to the floodgate exceed this amount. Likewise, the Public Belt Railroad would appreciate a refund should any monies remain after the repairs are made."

10.  In a telephone conversation prior to my December 14, 2004, letter, Mr. Hearn and I agreed that, in full satisfaction of the Levee Board's claim for damage to Floodgate W-30, the floodwall and the floodgate support system, the Public Belt would pay the $427,387.96 estimated by the Levee Board as the cost to reconstruct the floodwall, Floodgate W-30 and the floodgate support system. We further agreed that if the actual costs were greater than that, the Public Belt would pay the difference between the actual amount and the estimated costs; and on the other hand, if the actual costs were less than the estimated costs, the Levee Board would refund the amount of the difference to the Public Belt. The Public Belt did not, and does not, acknowledge liability or fault for the damage to Floodgate W-30, the floodwall, or the floodgate support system.

11.  Attachment "E" hereto is a December 15, 2004, letter which I received from Gerard A. Metzger, Counsel for the Levee Board in the captioned litigation.

12.  The documents attached hereto as Attachments "A" through "E" are business records from the files of the Public Belt. As the General Manager of the Public Belt, I have custody and control of such business records, including Attachments "A" through "E".

13.  The repairs to the floodwall, to Floodgate W-30, and to the floodgate support structure have been completed. The Levee Board has made no request to the Public Belt for payment of the cost of such repairs, in addition to the $427,387.96 already

paid by the Public Belt to the Levee Board for that purpose.

_____
JIM BRIDGER

SWORN TO AND SUBSCRIBED

BEFORE ME, THIS _6th_ DAY

OF _September_____, 2006.

_Susan D. Gainey_
NOTARY PUBLIC

SUSAN D. GAINEY
NOTARY PUBLIC No. 67841
ST. BERNARD PARISH, LOUISIANA
My Commission is for Life.

FILED

'06 SEP -7 A 11: 06

CIVIL
DISTRICT COURT

**PUBLIC BELT RAILROAD COMMISSION**
**CITY OF NEW ORLEANS**
P.O. BOX 51658
NEW ORLEANS, LA 70151-1658

DATE
12/10/04

CHECK NO.
050322

84-13/654    50322

AMOUNT PAID
$****427,387.96

PAY EXACTLY

*****************************************************$****427,387.96 DOLLARS

BANK ONE
NEW ORLEANS, LA 70170

PAY TO THE
ORDER OF
ORLEANS LEVEE BOARD
6001 STARS AND STRIPES BLV
SUITE 202 ADMIN. BLDG.
NEW ORLEANS LA  70126

GENERAL MANAGER / MANAGER ADMINISTRATIVE SERVICES

CHAIRMAN FINANCE COMMITTEE

⑈050322⑈ ⑆065400137⑆070 0300 84 3⑈       ⑈0042738796⑈



EXHIBIT
A

# NEW ORLEANS PUBLIC BELT RAILROAD

**Jim Bridger**
General Manager
896-7410

**J. A. Morrow, Jr.**
Manager, Administration
and Claims
896-7430



**T. F. Lobello, Jr.**
General Superintendent
896-7410

**A. C. Marinello, Jr.**
Manager, Engineering
and Maintenance
896-7420

December 14, 2004

Mr. Max Hearn
Executive Director Orleans Levee District
Suite 202 – Administration Building
6001 Stars & Stripes Blvd.
New Orleans, LA 70126-8006

RE:  **Floodgate W-30 Damage Incurred by New Orleans Public Belt Railroad**

Dear Mr. Hearn:

This is in reference to our previous conversations regarding the reimbursement to the New Orleans Levee District by the New Orleans Public Belt Railroad for damages to the above referenced floodgate.

First of all I would like to thank you for your open and honest dialogue with me in resolving this issue.

Following is my proposed approach, if you are agreeable, toward resolving this matter.

Today, December 14, 2004, I would like to hand deliver to you a check in the amount of four-hundred twenty-seven thousand three-hundred eighty-seven dollars and ninety-six cents ($427,387.96).  This amount was taken from the attached 'Estimated Cost to Reconstruct Floodgate W-30' which was received on October 7, 2004.

Realizing that this is indeed an "estimate" the New Orleans Public Belt Railroad will process an additional check, if need be, for the difference if the repairs to the floodgate should exceed this amount. Likewise, the Public Belt Railroad would appreciate a refund should any monies remain after the repairs are made.

Hopefully by taking these actions you and your board will see that the New Orleans Public Belt Railroad is sincere in wanting to resolve this matter.

Thank you again for your cooperation.

Respectfully,

Jim Bridger
General Manager

4822 Tchoupitoulas Street
(504) 896-7410

(800) 524-3421

New Orleans, Louisiana 70115-1645
Fax (504) 896-7419

EXHIBIT
tabbies' B

Summary of Cost
For
Repairs to Floodgate W30
CSX Railroad at the Industrial Canal
DEI Project No. Floddgate,Contract

Estimated Cost to Reconstruct Floodgate W-30
October 7, 2004


Estimated Construction Cost:        $255,000.00

Design:                             $53,845.70

Other Direct Cost                   $9,731.40

Bidding/negotiation:                $12,406.96

Construction Phase:                 $49,699.66

Resident Inspection:                $46,704.24
                                    _____
                                    $427,387.96


EXHIBIT
C
tabbies

# Memorandum

**To:** Accounting Department

**CC:** Jim Bridger

**From:** John Morrow

**Date:** 12/10/2004

**Re:** Floodgate W-30 Property Damage Settlement

Please issue a check in the amount of $427,387.96, made payable to the Orleans Levee Board, Suite 202 Administration Bldg., 6001 Stars and Stripes Blvd., New Orleans, La 70126, This check is to reimburse the Board for damage to Floodgate W-30 by the NOPB derailment on September 11, 20004.

Approved:

J. E. Bridger
General Manager

A.C. Marniello
Manager, Engineering

J.A. Morrow
Manager, Claims

CONFIDENTIAL

1



EXHIBIT
D
tabbies

# GERARD G. METZGER

*A Professional Law Corporation*
*829 Baronne Street*
*New Orleans, Louisiana 70113*
*Telephone: (504) 581-9322*
*Facsimile: (504) 581-2773*
*E-Mail: gerry@metzgerlawfirm.com*

*Gerard G. Metzger*
*Attorney at Law*
———
*Catherine M. Lalla*
*Marcy H. Monrose*

*Of Counsel:*
*Philip A. Costa*
*Philip Montelepre*

December 15, 2004

Mr. Jim Bridger
General Manager
New Orleans Public Belt Railroad
4822 Tchoupitoulas Street
New Orleans, Louisiana  70115-1645

Re:  Board of Commissioners of the Orleans Levee District v.
City of New Orleans, by and through the New Orleans Public
Belt Railroad, CSX Transporation, Inc. and The Burlington
Northern and Santa Fe Railway Company
C.D.C. No. 2004-17143

Dear Mr. Bridger:

We have the pleasure of representing the Board of Commissioners of the Orleans Levee District in connection with the referenced litigation. Max Hearn, Executive Director of the Levee Board, forwarded your letter of December 14, 2004, to us and relayed the conversation you had with him concerning the future course of the litigation. After discussion with Mr. Hearn on possible approaches to satisfy your concerns, and considering the Public Belt Railroad's acceptance of liability and agreement to pay any additional repair expenses, the Levee District is amenable to maintaining the referenced litigation in suspense pending final completion of the repairs to the flood wall and flood gate structure.

Consequently, it will not be necessary at this time for the City of New Orleans, the Public Belt Railroad, CSX or Burlington to file any responsive pleadings or otherwise defend/protect their interests in the litigation. The Levee District will take no further action to pursue its claims in the lawsuit without first notifying you and the other parties concerned. Of course, the Levee District will provide you and each of the other defendants with sufficient time to retain counsel and file whatever pleadings may be necessary before taking any adverse action. Naturally, once the City of New Orleans, CSX and/or Burlington are served with the lawsuit, you may provide each of them with a copy of this letter as authority that none of them needs to take any action at the present time.

**EXHIBIT**

**E**

Mr. Jim Bridger
December 15, 2004
Page 2


     The Levee District appreciates your efforts to amicably resolve this matter and avoid any unnecessary litigation with its concomitant expense.

     If you have any questions, or wish to discuss this matter further, please do not hesitate to contact either me or my co-counsel, Gwendolyn Hanhart.

             Very truly yours,

             Gerard G. Metzger

cc:    Mr. Max Hearn, Executive Director
      Mr. Gary G. Benoit, Senior Legal Counsel

## <u>DECLARATION OF TOM MAY</u>

Declarant states as follows:

1.      My name is Tom May, and I am the Terminal Manager-New Orleans for CSX, Transportation, Inc. ("CSXT"), and I was the Terminal Manager on September 11, 2004.

2.      I investigated the derailment that it the subject of this Declaration, and I have personal knowledge of the facts set out herein.

3.      On September 11, 2004, railcars in a train operated by New Orleans Public Belt Railroad ("NOPB") employees derailed on NOPB tracks near the Industrial Canal in New Orleans, Louisiana.  Part of the derailed train was dragged onto the CSXT main line.

4.      A derailed car in the train operated by NOPB struck the floodwall and Floodgate W30 that traverses the CSXT main line on the west side of the Industrial Canal.  The NOPB derailment also caused damage to CSXT's track and equipment.

5.      CSXT employees were not operating the train that derailed and damaged Floodgate W30 on September 11, 2004, nor was the train in CSXT's custody.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2007 in New Orleans, Louisiana.

_____
Tom May

EXHIBIT 2



# The Board of Commissioners
### OF THE
## Orleans Levee District

SUITE 202 - ADMINISTRATION BUILDING
6001 STARS AND STRIPES BLVD.

## New Orleans, La.
70126-8006

TEL  504-243-4000

PROTECTING YOU
AND YOUR FAMILY

September 30, 2004

**Via Facsimile**

Mr. Al Naomi, Sr. Project Manager
U. S. Army Corps of Engineers
New Orleans District
Post Office Box 60267
New Orleans, Louisiana  70160-0267

RE:   Lake Pontchartrain & Vicinity Hurricane Protection Plan
      Floodgate W-30 Damage
      New Orleans Public Belt Railroad Crossing
      Almonaster Bridge West Side IHNC

Dear Mr. Naomi:

As you are aware, the referenced floodgate was heavily damaged by the New Orleans Public Belt (NOPB) railroad on September 11, 2004.   The Orleans Levee District (OLD) is moving forward to have Design Engineering, Inc. prepare a "Plans and Specifications" package for Public Bid.

In order for our design consultant to prepare a bid package, we need several clarifications and they are as follows:

1)   Can the OLD have the repairs "built" in accordance with the original USACE plans or has the USACE's design criteria changed such that a "re-design" is necessary?

2)   Can the OLD use the USACE's drawings in the bid package, and can we modify them for the repair work?



EXHIBIT
3

Mr. Alfred C. Naomi
September 30, 2004
- Page 2 -

We are scheduling a meeting with the NOPB to discuss all of the costs involved with the repairs, so we would appreciate a response on these matters from you as soon as possible.    A copy of the NOPB's letter of September 24, 2004 is attached for your information.

If you have any questions, please contact me at 243-4045.

Sincerely,

Stevan G. Spencer, P/E.
Chief Engineer

SGS:dba

Attachment

xc:    James P. Huey, President
       Max L. Hearn, Executive Director
       Gary G. Benoit, Esq., Senior Counsel
       Walter Baudier, Design Engineering, Inc.
       Darryl Bonura, USACE