UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES * | | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION * | | |
| * | | |
| * | | SECTION "K" (2) |
| PERTAINS TO: * | | |
| No.    05-4181 * | | |
| 06-1885 * | | |
| 06-4024 * | | |
| 06-4389 * | | |
| 06-5771 * | | |
| 06-5786 * | | |
| 06-6099 * | | |
| 07-0206 * | | |
| 07-3500 * | | |
| 07-3612 * | | |
| 07-5023 * | | |
| 07-5040 * | | |
| * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH
THE MOTION FOR DISQUALIFOCATION OR RECUSAL OF JUDGE DUVAL FROM
VICTIMS OF HURRICANE KATRINA LITIGATION FOR PERSONAL BIAS,
PREJUDICE AND PARTIALITY**

**NOW INTO COURT**, comes Joseph M. Bruno, as Plaintiffs' Liaison Counsel in the above referenced actions, who moves to quash the Motion for Disqualification or Recusal of Judge Duval From Victims of Katrina Litigation for Personal Bias, Prejudice and Partiality, (Document No. 10910), for the following reasons:

# I.

## FACTS

On January 28, 2008, Ashton R. O'Dwyer, Esq. filed the above referenced motion on behalf of himself and on behalf of the plaintiffs and/or intervening plaintiffs in the above cited cases. Unfortunately, this is not the first attempt by Mr. O'Dwyer to raise the specter of disqualification. In his original pleading, case No. 05-4181, Mr. O'Dwyer was ordered at a Status Conference that his motion to recuse must be filed by April 4, 2006, and to be noticed for hearing on April 19, 2006. (Document No. 176). This Motion to Disqualify was denied as procedurally improper. (Document 174). Mr. O'Dwyer appealed this decision. (Document No. 191). This Court's ruling was affirmed by the United States Court of Appeals for the Fifth Circuit, and writs were refused by the United States Supreme Court.

Now by the Motion at issue, Mr. O'Dwyer brings a duplicative allegation, transparently veiled as timely, but which has already been addressed by this Court just one month ago. In the body of his motion, Mr. O'Dwyer asserted that "[t]his motion is filed upon the grounds that Judge Duvall has demonstrated personal bias and/or prejudice, as well as partiality, against movers herein and their counsel, and in favor of an adverse party, namely the State of Louisiana, its branches of government, agencies, department heads, etc. all stemming from an extra-judicial relationship of long standing between Judge Duvall and Calvin Clifford Fayard, Jr." (Document No 10910, p. 2). Mr. O'Dwyer seeks to avoid the appearance of filing this motion for an improper purpose by declaring the transparent auspices of a new discovered "bias, prejudice and/or partiality," not know of until August 29, 2007, "when Mr. Fayard and lawyers with whom he has associated himself appeared as counsel of record for the State of Louisiana in a number of Civil Actions filed in this Court, all arising out of events which occurred on or about August 29,

2005."

However, for reasons specified below, Mr. O'Dwyer's Motion should be quashed.

**II.**

**PLAINTIFFS' LIAISON COUNSEL HAS STANDING TO BRING THIS MOTION**

On March 1, 2007, the Court instituted Case Management and Scheduling Order No. 4 (CMO No. 4) for case management purposes of the cases consolidated in the Katrina umbrella that appeared to include common issues of law and fact involving the cause and effect of the innundation by water of the Greater New Orleans area during Hurricane Katrina.

CMO No. 4 (I)(C) set forth that "each individual attorney...shall be responsible for conferring with Liaison Counsel...with the goal of accomplishing...(e) coordination of the briefing and arguing of common issues present in multiple cases." In addition, CMO No. 4 (V)(A) specifies that "NO MOTION SHALL BE FILED IN ANY OF THE CONSOLIDATED CASES WITHOUT SUCH MOTION HAVING BEEN REVIEWED BY LIAISON COUNSEL."

As expressed to the court on January 16, 2008, Mr. Bruno accepted the responsibility to act as liaison counsel, with one of the primary functions is to make certain that positions are advanced on behalf of the class and on behalf of the individual plaintiffs that are not inconsistent with positions advanced by other plaintiffs' counsel. (Record Document No. 10759, p. 20, l. 13-18.) The allegations raised by Mr. O'Dwyer are adverse to every other attorney within the Katrina umbrella, and contrary to the best interests of the class.

As set forth in the Manual for Complex Litigation, 4th, § 10.221, the Liaison Counsel is "charged with essential administrative matters, such as communications between the court and

other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group)...and otherwise assisting in the coordination of activities and positions." That section further specifies that one of the most important assignments is "achieving efficiency and economy without jeopardizing fairness to the parties."

The matters brought before the Court by Mr. O'Dwyer's present motion have already been addressed by the Court and cannot be brought for a proper purpose. Clearly then, by virtue of CMO No. 4 and the Manual for Complex Litigation, 4th, Plaintiffs' Liaison Counsel has standing to bring this Motion to Quash.

### III.

### THE COURT IS ENTITLED TO QUASH THE MOTION AT ISSUE

Federal Rules of Civil Procedure Rule 83 (b) allows that a "judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district." In addition, Federal Rule of Civil Procedure 16(c)(12) authorizes the court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." This authority is recognized by the Manual for Complex Litigation, 4th, § 10.1, which sets forth that the "court's express and inherent powers enable the judge to exercise extensive supervision and control of the litigation."

As this court has already addressed the matters brought before the Court by Mr. O'Dwyer's present motion, it has the authority to grant the Motion to Quash.

## IV.

## <u>THE O'DWYER MOTION SHOULD BE QUASHED BECAUSE THE REPETITIVE FILINGS DETRIMENTALLY AFFECT MANAGEMENT OF THE LITIGATION</u>

The issue of the duty of a judge to recuse itself has been squarely addressed previously. A judge shall disqualify himself under § 455(a) "in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself under certain circumstances enumerated under § 455(b), including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

In <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), the Supreme Court stated:

> "[t]he goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.... Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge."

<u>Id.</u>, at 2202 (quoting <u>Health Serv. Acquisition Corp. v. Liljeberg</u>, 796 F.2d 796, 802 (5th Cir.1986)).

However, it is also well settled, if affidavit of bias of judge is legally insufficient to compel his disqualification, the judge has duty to preside. <u>U.S. v. Dansker</u>, 537 F.2d 40(C.A.3 (N.J.) 1976), <u>certiorari denied</u>,  97 S.Ct. 732, 429 U.S. 1038, 50 L.Ed.2d 748; <u>Antonello v. Wunsch</u>, 500 F.2d 1260 (C.A.10 (Kan.) 1974); <u>U. S. v. Anderson</u>, 433 F.2d 856. (C.A.8 (Minn.) 1970); <u>U. S. v. Buckelew</u>, 454 F.Supp. 969 (W.D.La.1977).

This court has already ruled that an affidavit filed by Mr. O'Dwyer asserting the same allegations as the present Motion were untimely. (See Document No. 10615). In particular, the court noted that it has expended a tremendous amount of time, expense and judicial resources since August 29, 2007. Additionally, the allegations were insufficient to call into question the Court's personal bias or prejudice against either Mr. O'Dwyer of in favor of any adverse party. Mr. O'Dwyer's Motion for Disqualification or Recusal of Judge Duval From Victims of Katrina Litigation for Personal Bias, Prejudice and Partiality, based upon the same allegations, is likewise insufficient to invoke 28 U.S.C. § 455. Through a thorough examination of the cases filed by Mr. O'Dwyer, it is clear that no aspects of his allegations of prejudice have changed.

In 05-4181, (Doc. No. 1-2), Louisiana Governor Kathleen Blanco, as well as the State of Louisiana, were named as defendants by Mr. O'Dwyer. Both defendants filed Motion to Dismiss on February 13, 2006 (Doc. Nos. 88 & 89). The State defendants were dismissed on July 19, 2006. (Document No. 789).

In that case, Mr. O'Dwyer also moved to disqualify the Court. On March 24, 2006, a Status Conference was held in which it was ordered that any motions to recuse must be filed by April 4, 2006, and to be noticed for hearing on April 19, 2006. (Document No. 176). This Motion to Disqualify was denied as procedurally improper. (Document 174). Mr. O'Dwyer appealed this decision (Document No. 191), and it has become a final judgment.

In Case No. 06-1885, only the United States of America was named as a defendant. This case has been dismissed. (Document Nos. 8 & 11).

In Case No. 06-4024, only the United States of America was named as a defendant. This case has been dismissed. (Document No. 7).

In Case No. 06-4389, the Department of Transportation and Development, State of

Louisiana was named as a defendant, as was its head, Johnny D. Bradberry. The claims against both defendants were dismissed on April 3, 2007. (Document No. 6 & 8).

In Case No. 06-5771, only the United States of America was named as a defendant. This case was consolidated with 05-4182 on November 2, 2006. (Document No. 6).

In Case No. 06-5786, a state court action naming the Department of Transportation and Development, State of Louisiana and Johnny D. Bradberry (with identical allegations as in Case No. 06-4389) was removed the Eastern District on September 8, 2006. The claims against both defendants were dismissed on April 3, 2007. (Document No. 5 & 7).

In Case No. 06-6099, Mr. O'Dwyer brought suit against Governor Kathleen Blanco, as well as the State of Louisiana;  the Department of Transportation and Development, State of Louisiana and Johnny D. Bradberry; the Governor's Office of Homeland Security and its head Col. Jeff Smith; the Louisiana Department of Social Services, and its head Ann S. Williams; the Louisiana Department of Public Safety and Corrections, and its head, Richard L. Stadler. This case was consolidated with 05-4182 on November 7, 2006. (Document No. 24). The claims against all of the State entity defendants were dismissed on April 3, 2007. (Document No. 25 & 27).

In Case No. 07-0206, only the United States of America was named as a defendant. This case was consolidated with 05-4182 on March 8, 2007. (Document No. 7).

In Case No. 07-3500, Mr. O'Dwyer did not name the State of Louisiana as a defendant.

In Case No. 07-3612, only the United States of America was named as a defendant. This case was transferred to Division K on December 5, 2007. (Document No. 8).

In Case No. 07-5023, only the United States of America was named as a defendant in a suit brought by the State of Louisiana and the Orleans Parish School Board. Mr. O'Dwyer did not file this Complaint.

In Case No. 07-5040, only the United States of America was named as a defendant in a suit brought by the State of Louisiana. Mr. O'Dwyer did not file this Complaint.

In none of the above named cases is the State of Louisiana a viable defendant. In those few cases in which the State of Louisiana was named, the State of Louisiana was dismissed well before Case No. 07-5023 and Case No. 07-5040 were filed. As such, no new facts can be presented in the above referenced cases that indicate that Mr. O'Dwyer's Motion for Disqualification or Recusal of Judge Duval From Victims of Katrina Litigation for Personal Bias, Prejudice and Partiality was filed for a proper purpose.

## V.

## **CONCLUSION**

CMO No. 4 (V)( C)(7) specifies that "[a]ny motions filed for hearing in violation of this order ...shall be deemed waived unless good cause is shown." As originally set forth, Mr. O'Dwyer did not comply with CMO No. 4 in filing his Motion for Disqualification. For this reason alone, Plaintiffs' Liaison Counsel's Motion to Quash should be granted.

However even if Mr. O'Dwyer had complied with CMO No. 4, there can be no proper purpose for the filing of the Motion for Disqualification as the issues of the court's personal bias or prejudice have been fully litigated to have *res judicata* effect. Mr. O'Dwyer's poorly veiled third attempt to raise the specter of personal bias likewise must fail as this Court has already addressed the substantive allegations brought in the Motion for Disqualification in its January 17, 2008 Order and Reasons.

For these reasons, the Court must grant Plaintiffs' Liaison Counsel's Motion to Quash the Motion for Disqualification or Recusal of Judge Duval From Victims of Katrina Litigation for Personal Bias, Prejudice and Partiality.

>Respectfully Submitted,
>
>PLAINTIFFS' LIAISON COUNSEL
>
>  /s/     Joseph M. Bruno
>JOSEPH M. BRUNO
>PLAINTIFFS LIAISON COUNSEL
>Law Offices of Joseph M. Bruno
>LA Bar Roll Number: 3604
>855 Baronne Street
>New Orleans, Louisiana 70113
>Telephone: (504) 525-1335
>Facsimile: (504) 561-6775

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 11th day of February, 2008.

>  /s/ Joseph M. Bruno
>Joseph M. Bruno

9