UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO.: 05-4182 SECTION: K MAGISTRATE: 2 |
| PERTAINS TO: INSURANCE (#06-9246) | * * * | |
| FLOWERS BY MY SISTER & ME, LLC | * * | |
| VERSUS | * * | |
| ZURICH AMERICAN INSURANCE COMPANY AND/OR MARYLAND CASUALTY COMPANY | * * * * | |
| *      *      *      *      *      *      *      * | | |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, comes defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to at times as "MCC" or "Maryland Casualty Company"), who desires to amend its Answer to Plaintiff's Complaint for Damages as follows:

**EIGHTH AFFIRMATIVE DEFENSE**

This action and/or any relief sought by Flowers against MCC is or may be barred, in whole or in part, to the extent Flowers, or any party seeking coverage from MCC, failed to comply with the provisions set forth in the MCC insurance contract upon which claim is made in the instant case, including, but not limited to, provision 3. of Section IV – Commercial General Liability Conditions, which, in pertinent part, states as follows:

      3. Legal Action Against Us

1

>       No person or organization has a right under this
>       Coverage Part:
>
>       a.      To join us as a party or otherwise bring us
>               into a "suit" asking for damages from an
>               insured; or
>       b.      To sue us on this Coverage Part unless all of
>               its terms have been fully complied with.
>
>       A person or organization may sue us to recover on
>       an agreed settlement or on a final judgment against
>       an insured obtained after an actual trial; but we will
>       not be liable for damages that are not payable under
>       the terms of this Coverage Part or that are in excess
>       of the applicable limit of insurance. An agreed
>       settlement means a settlement and release of
>       liability signed by us, the insured and the claimant
>       or the claimant's legal representative.

## **NINTH AFFIRMATIVE DEFENSE**

All or some of Flowers' claims may be barred by the following exclusionary language set forth in the MCC insurance contract upon which that instant claims have been made:

>   A. **EXCLUSIONS**
>
>   1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>   …
>       g. **Water**
>
>           (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
>
>           (2) Mudslide or mudflow;
>
>           (3) Water under the ground surface pressing on, or flowing or seeping through:
>                   (a) Foundations, walls, floors or paved surfaces;
>
>                   (b) Basements, whether paved or not; or

>>> (c) Doors, windows or other openings; or

>> (4) Water that backs up or overflows from a sewer, drain or sump but only if Back—Up of Sewers and Drains is shown as "Excluded" in the Declarations.

> But if water, as described in A.1.g(1) through (4) results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

All or some of Flowers' claims may be barred by the following language set forth in the MCC insurance contract upon which that instant claims have been made:

**III.    ADDITIONAL COVERAGES**

> The following Additional Coverages apply only if they are indicated in the Declarations:
>
> **A. Business Income and Extra Expense**
>
> We will pay for the actual loss of "business income" you sustain due to the necessary suspension of "operations" during the "period of restoration," but not to exceed 12 consecutive months. The suspension must be caused by direct physical loss of or damage to property at the "described premises," including personal property in the open, or in a vehicle, within 1000 feet, caused by or resulting from a Covered Cause of Loss.
>
> We will also pay necessary "extra expense" you incur during the period of restoration" that you would not have incurred if there had been no direct physical loss of or damage to such property caused by or resulting from a Covered Cause of Loss.
>
> This Additional Coverage is not subject to the Limits of Insurance, except for the Newly Acquired Properties Extension.
>
> Extensions:
>
> . . .
>
> 3. **Extended Period of Indemnity** – We will pay for the actual loss of 'business income" you sustain due to the impairment of "operations" during the period that:

3

    a. Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced and "operations" are resumed; and

    b. Ends on the earlier of:

        (1) The date you could restore "operations" with reasonable speed to the condition that would have existed if no direct physical loss or damage occurred; or

        (2) 30 consecutive days after the date determined in a. above.

This period is in addition to, and not a part of, the 12-month limitation applicable to this Additional Coverage.

The loss of "business income" must be caused by direct physical loss or damage at the "described premises" caused by or resulting from a Covered Cause of Loss.

4. **Civil Authority** – We will pay for the actual loss of "business income" you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the "described premises," due to direct physical loss of or damage to property, other than at the "described premises" caused by or resulting from and Covered Cause of Loss.

This coverage will begin after the action by civil authority for a period of up to three consecutive weeks after coverage begins.

## ELEVENTH AFFIRMATIVE DEFENSE

All or some of Flowers' claims may be barred by the following language set forth in the MCC insurance contract upon which that instant claims have been made:

**III.     ADDITIONAL COVERAGES**

The following Additional Coverages apply only if they are indicated in the Declarations:

**C. Off-Premises Power or Water Failure**

1. We will pay for:

c. Direct physical loss or damage to Covered Property caused by an interruption of electrical power or water supply services to the "described premises". The interruption must result from direct physical loss or damage by a Covered Cause of Loss to the following property not on the "described premises":

    (1) Water mains, pipes, aqueducts and other similar means of transporting water or stream;

    (2) Generating plants;

    (3) Switching stations, substations or pumping stations;

    (4) Transformers; and

    (5) Transmission lines, except for overhead transmission lines.

   d. The actual loss of "business income" and necessary "extra expense" you sustain as a result of a power or water services failure described in paragraph a above. But this paragraph b does not apply unless Business Income and Extra Expense is covered in this Coverage Part.

## TWELFTH AFFIRMATIVE DEFENSE

All or some of Flowers' claims may be barred by the following language set forth in the MCC insurance contract upon which that instant claims have been made:

 **B.** **LIMITATIONS**

   1. We will not pay for loss of or damage to:

    c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

     (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

     (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or some of Flowers' claims may be barred by the following language set forth in the MCC insurance contract upon which that instant claims have been made:

5

  **III.**  **ADDITIONAL COVERAGES**

   K.  Debris Removal – We will pay your expense to remove debris of Covered Property caused by or resulting from a Covered Cause of Loss that occurs during the policy period.  The expenses will be paid only if they are reported to us in writing within 180 days  of the date of physical loss or damage.

   1.  The most we will pay under this Additional Coverage is 25% of:

     a.  The amount we pay for the direct physical loss or damage to Covered Property; plus

     b.  The deductible in this policy applicable to that loss or damage.

   2.  But if:

     a.  The sum of direct physical loss or damage and debris removal expense exceeds the Limit of Insurance for the Covered Property; or

     b.  The debris removal expense exceeds the amount payable under the 25% limitation

    we will pay up to the additional amount shown in the Declarations for Debris Removal for each location in any one occurrence.

   3.  This coverage does not apply to costs to:

     a.  Extract "pollutants" from land or water; or
     b.  Remove, restore or replace polluted land or water.

### FOURTEENTH AFFIRMATIVE DEFENSE

All or some of Flowers' claims may be barred by the following language set forth in the MCC insurance contract upon which that instant claims have been made:

**IV.**  **LOSS CONDITIONS**

   C.  Duties In The Event of Loss or Damage –
    1.  In the event of loss or damage to Covered Property, you must:
     a.  Notify the police if a law may have been broken.
     b.  Give us prompt notice of the loss or damage, including a description of the property involved.
     c.  As soon as possible, give us a description of how, when and where the loss or damage occurred.

      d.      Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. Also, if feasible, set the damaged property aside and in the best possible order for examination.

      e.      At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's petition fails to state a claim or cause of action against MCC pursuant to any substantive legislative or judicial act or law established after the date of the transaction or occurrence that is the subject of the instant lawsuit.

Defendant, Maryland Casualty Company, re-avers and re-alleges any and all other answers, defenses, affirmative defenses, and other responses of its original Answer to plaintiff's Complaint for Damages as if copied herein *in extenso*.

**WHEREFORE**, having fully answered, defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company), prays that its Amended Answer be deemed good and sufficient and demands judgment in its favor dismissing the claims of plaintiff with prejudice, at plaintiff's sole cost and for all other general and equitable relief, including, but not limited to, all reasonable attorney's fees.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
       **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of February, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**

8