# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | **NO. 05-4182 "K"(2)** |
| | * | **JUDGE DUVAL** |
| | * | **MAG. WILKINSON** |
| | * | |

| | |
|---|---|
| **PERTAINS TO:** | * |
| **07-4558, 07-4948, 07-4968, 07-4979, 07-4982, 07-4995,** | * |
| **07-4997, 07-5016, 07-5018, 07-5254, 07-5286, 07-5317,** | * |
| **07-5323, 07-5350, 07-5351, 07-5355, 07-5356, 07-5359,** | * |
| **07-5367** | * |
| | * |

## PLAINTIFFS' OPPOSITION TO NATIONAL UNION'S MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH DEPOSITION, AND MOTION TO STAY DISCOVERY

**MAY IT PLEASE THE COURT:**

This Court should deny the motion filed by Defendant National Union Fire Insurance

Company of Pittsburgh, Pa. ("National Union"). Plaintiffs do not seek to conduct wide-sweeping

factual discovery at this time; rather, their requests are specifically limited and targeted to address

certain ambiguities present in National Union's motion to dismiss. Courts from across the

country, including Louisiana federal district courts, have recognized and allowed limited

discovery under such circumstances.

Plaintiffs alleged in their Complaint that National Union issued "a policy **or policies**" to

the Board of Commissioners for the East Jefferson Levee District ("EJLD"), and they have

further alleged that the EJLD's negligence contributed to the breach of the levees, thereby

causing harm to Plaintiffs.[1]  National Union has gone outside the pleadings to produce and attach one such policy; however, it is unclear as to whether it is the only such policy issued by National Union that may apply to this case.  The discovery propounded by Plaintiffs is limited to this very issue:  whether National Union issued any other policies to EJLD that may apply to Plaintiffs' claims.  In effect, National Union has provided some, but not necessarily all, of the policies referenced in the Complaint, and it refuses to indicate whether any other policies exist.  Plaintiffs should not be forced to wait until after the Motion to Dismiss is decided before National Union responds, for if that motion is granted, Plaintiffs' claims would be foreclosed.

This limited discovery is essential because there are two types of ambiguities present.  First, Plaintiffs have alleged that National Union issued "a policy or policies"; they have not referenced the policy in question by number.  National Union has identified one policy, but it did not address whether it issued other relevant policies.  Secondly, the pending Motion to Dismiss filed by National Union contains a patent ambiguity: National Union's brief refers to Policy No. 884-78-97, but the policy that it attached as an exhibit to its motion to dismiss is No. 625-49-23.  Plaintiffs posit that this cannot be easily explained as a misplaced or transposed digit, but rather, it refers to an entirely different policy altogether.

Plaintiffs recognize the general principle that a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) does not, under normal circumstances, require the parties to engage in discovery.  Nonetheless, courts from across the country, including Louisiana federal district courts, have allowed written discovery to proceed prior to ruling upon a Rule 12(b)(6) motion, particularly when it is necessary to clarify certain issues raised by the pending motion.

---

[1]  *See*, Master Complaint, Doc. No. 6194, ¶ 16(j)

2

For example, in *Lafarge Corp. v. M/V Macedonia Hellas*, Judge Duval ruled that ambiguous information concerning the ownership of a vessel necessitated discovery.[2]  In particular, Judge Duval denied the Rule 12(b)(6) motion without prejudice, allowing it to be re-urged after "additional discovery sheds some light upon the relationship between [defendants]".  Similarly, in *Fussell v. Stalder*, the Court of Appeals for the Fifth Circuit noted that the Middle Circuit of Louisiana ordered "unlimited discovery" prior to ruling on a Rule 12(b)(6) motion.[3]  Similarly, other federal courts have required the parties to engage in limited discovery prior to ruling on a Rule 12(b)(6) motion to dismiss.[4]  As such, these cases support Plaintiff's position– National Union should not be allowed to disregard the limited discovery propounded by Plaintiffs with regard to the existence of other insurance policies.[5]

Plaintiffs do not seek to take wide-sweeping discovery at this time.  Rather, the discovery requests that they issued to National Union pertain solely to resolving the ambiguities that exist with respect to the pending Motion to Dismiss.  Similarly, Plaintiffs seek to depose a corporate

---

[2] No. 99-2648, 2000 WL 687708 (E.D. La. May 24, 2000), at *10.

[3]  61 Fed. Appx. 119 (5th Cir. 2003).  The Fifth Circuit denied the appeal of this discovery order as moot.

[4]  *See, e.g., Williams v. Barrett*, 220 Fed Appx. 930 (11th Cir. 2007) (holding that district court abused its discretion by not permitting any discovery before granting Rule 12(b)(6) motion); *Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005) (holding that Plaintiff "should at least be given the opportunity through discovery to determine the extent of each defendant's duties of employment" prior to ruling on Rule 12(b)(6) motion); *Cantanella v. Van de Kamp*, 486 F.3d 1128, 1131-32 (9th Cir. 2007) (noting that district court allowed limited discovery pertaining to whether claims were time-barred prior to granting motion to dismiss).

[5]  Plaintiffs note and incorporate by reference the Motion to Compel Discovery filed on February 7, 2007, Doc. No. 11106.

representative of National Union with respect to this limited inquiry.[6]   National Union places an inordinate amount of emphasis upon the unilateral nature of the deposition notice. Plaintiffs propounded the deposition notice on January 3, 2007, and allowed National Union more than one month to identify an appropriate representative and locate any responsive documents.  Plaintiffs are amenable to moving the deposition to another date and time, so long as it occurs prior to any ruling on the pending Motion to Dismiss.[7]

If this Court were to grant National Union's Motion for Protective Order, and subsequently granted its Motion to Dismiss, Plaintiffs would be irreparably harmed, insofar as National Union would be dismissed from this case, and thus would have no reason to respond to the discovery requests. This Court should not allow National Union to play a wait-and-see game by seeking to stay discovery until after a ruling is issued.  Rather, it should deny National Union's Motion for Protective Order, Motion to Quash Deposition, and Motion to Stay Discovery, and instead, compel National Union to respond to the written discovery propounded by Plaintiffs and produce a corporate representative for a Rule 30(b)(6) deposition in order to resolve the ambiguities inherent to National Union's Motion to Dismiss prior to a ruling by this Court.

---

[6]  *See*, Exhibits 1 and 2 to National Union's Motion for Protective Order.

[7]  Indeed, the corporation deposition must be moved to a new date and time, insofar as National Union refused to provide a representative to testify on February 8.  *See*, Transcript of Proces Verbal, dated February 8, 2008, attached as Exhibit A hereto.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, #19589
PETER L. HILBERT, JR. #6875
JEFFREY D. KESSLER #30156
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300
jgarner@shergarner.com
philbert@shergarner.com
jkessler@shergarner.com
**ATTORNEYS FOR PLAINTIFFS IMPERIAL
TRADING CO., INC.; XAVIER UNIVERSITY;
WHITE III, L.L.C. F/K/A JLH, L.L.C.;
UNIVERSAL HEALTH SERVICES, INC.; CII
CARBON, L.L.C.; DILLARD UNIVERSITY;
AND SAVOY PLACE ASSOCIATES, LP.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ James M. Garner

5