UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | \* | **CIVIL ACTION** |
| | \* | **NO. 05-4182 "K"(2)** |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |
| **PERTAINS TO: INSURANCE** | \* | **JUDGE DUVAL** |
| | \* | **MAGISTRATE WILKINSON** |
| **LAWRENCE AND ENOLA ANDERSON, ET AL, Plaintiffs** | \* | |
| **VERSUS** | \* | |
| **STATE FARM FIRE AND CASUALTY COMPANY, Defendants** | \* | |
| | \* | |
| **CASE NO. 07-6737** | | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**MAY IT PLEASE THE COURT**, in reply to Plaintiffs' Motion for Leave to File First Amended Complaint, State Farm Fire & Casualty Company ("State Farm") respectfully avers as follows:

### I.    BACKGROUND

Plaintiffs' suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment under multiple, separate State Farm homeowners' insurance policies. Plaintiffs' claims arise out of property damage allegedly sustained as a result of levee breaches and overtopping related to Hurricane Katrina. They seek to recover the full policy

limits under each of their respective policies based on Louisiana's Valued Policy Law ("VPL") and further seek damages and penalties under Louisiana's bad faith statutes, La. R.S. 22:658 and 22:1220.

Plaintiff's Petition ("Original Petition") was filed in State Court on August 28, 2007. State Farm removed this matter to Federal Court on October 11, 2007.  State Farm filed a Motion to Dismiss plaintiffs' claims asserted in their Original Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 10, 2007 (Rec. Doc. 4).  The Motion was noticed for hearing before Judge Carl Barbier on February 6, 2008.  State Farm also requested oral argument (Rec. Doc. 5).  However, on December 12, 2007, the case was reassigned to *In Re Katrina Canal Breaches Consolidated Litigation* (Insurance Umbrella) pending before Judge Stanwood Duval and Magistrate Judge Joseph Wilkinson.  (Rec. Doc. 6)

State Farm filed its Answer and Defenses to plaintiffs' Original Petition on January 3, 2008. (Rec. Doc. 10065).  State Farm's Motion to Dismiss was rescheduled for hearing before Judge Duval on February 6, 2008.  Pursuant to local court rules, Plaintiffs' initial Memorandum in Opposition to State Farm's Motion to Dismiss was due on January 30, 2008.

Plaintiffs never filed an initial Memorandum in Opposition to State Farm's Motion to Dismiss.  Instead, on February 5, 2008 (after the deadline for Plaintiffs to file a Memorandum in Opposition), Plaintiffs filed multiple pleadings including (1) a "Supplemental" Memorandum in Opposition to State Farm's Motion to Dismiss and related Motion for Leave to File (Rec. Doc. 11050 and 11050-2) and (2) a First Amended Complaint, Motion for Leave to File First Amended Complaint, and Memorandum in Support of its Motion for Leave (Rec. Doc. 11051, 11051-2 and 11051-3).  The hearing on Plaintiff's Motion for Leave to file First Amended

Complaint was noticed for February 20, 2008 before Magistrate Judge Wilkinson.  (Rec. Doc. 11051-4).

On February 6, 2008, before Defendant had an opportunity to file a reply, the Court granted Plaintiffs' Motion for Leave to file its Supplemental Memorandum in Opposition to State Farm's Motion to Dismiss (See Rec. Doc. 11090, granting leave of court, and Plaintiffs' Supplemental Memorandum in Opposition (Rec. Doc. 11091)). However, at the time of this present filing the Court has not granted Plaintiffs leave of court to file its First Amended Complaint.  Thus, the official record of this matter does not contain an Amended Complaint at this time.

Defense counsel appeared before Judge Duval on February 6, 2008 and was advised that the hearing on State Farm's Motion to Dismiss was not on the docket.  On February 12, 2008, Judge Duval's office advised the parties that State Farm's Motion to Dismiss (Rec. Doc. 4) was now under advisement, without oral argument, and would be adjudicated shortly.

State Farm now respectfully replies to Plaintiffs' "Supplemental" Memorandum in Opposition to State Farm's Motion to Dismiss (hereinafter "Memorandum in Opposition" or "Opposition") and to Plaintiffs' First Amended Complaint and Plaintiffs' Motion for Leave to File their First Amended Complaint.

## II.  LAW AND ARGUMENT

### A.  DISMISSAL OF SIMILAR ACTIONS IN CASES WHERE STATE FARM HAS FILED IDENTICAL RULE 12 (b) (6) MOTIONS TO DISMISS

The plaintiffs in this matter are represented by attorney Stuart Barasch, who has filed multiple Hurricane Katrina-related lawsuits under a law firm name entitled the Hurricane Legal Center.  In response, State Farm filed Rule 12 (b) (6) Motions to Dismiss in many of those cases. Those motions are identical to State Farm's pending Rule 12(b)(6) Motion to Dismiss in this

matter. The original complaints (or petitions) in those other matters are identical to the original Petition filed by plaintiffs herein. Judge Thomas Porteous recently granted State Farm's Motion to Dismiss in two of those cases. [1]

Subsequent to the *Benit* and *Harrington* rulings, Judges Feldman and Duval granted State Farm's Rule 12 (b) (6) Motions to Dismiss in three other Katrina-related cases involving plaintiffs represented by the Hurricane Legal Center. Plaintiffs therein had filed complaints (or petitions) which are identical to the Petition and Amended Complaint filed herein. Those three cases were also dismissed, with prejudice, relative to State Farm. [2] Indeed, in the *Acevedo* and *Abrams* cases, Judge Duval specifically noted that State Farm's Rule 12 (b) (6) Motions to Dismiss "have merit." (*See Exhibit D, Acevedo* and *Abrams* judgments).

Five courts within the U.S. Eastern District of Louisiana have now dismissed all Hurricane Katrina-related claims against State Farm on Rule 12 (b) (6) Motions to Dismiss which are identical to the pending Motion in this matter. Accordingly, there is multiple, binding authority to support a dismissal of all claims against State Farm in this case.

### B. PLAINTIFFS HAVE NOT COMPLIED WITH THE TIMELINES MANDATED BY LOCAL CIVIL RULES

Uniform Local Rule 7.5E requires any party opposing a motion to file its memorandum in opposition no later than eight calendar days prior to the noticed hearing date. (See LR 7.5E, Uniform District Court Rules). Thus, Plaintiffs' initial Memorandum opposing State Farm's Motion to Dismiss had to be filed no later than January 30, 2008, eight days before the February

---

[1] *See Exhibit A*, January 22 and 24, 2008 Amended Judgment and Order, with Reasons, *Justin Benit, et al v. State Farm Fire and Casualty Company*, Case No. 07-6738 (Judge Thomas Porteous, Jr.); also, see *Exhibit B*, January 22, 2008 Final Judgment and Order, with reasons, *Lawrence Harrington, et al v. State Farm Fire and Casualty Company*, Case No. 07-7600 (J. Thomas Porteous, Jr.).

[2] *See Exhibit C*, January 22, 2008 Order and Reasons dismissing *Andria and Keith Areceneaux, et al v. State Farm Fire and Casualty Co.*, Case No. 07-7701 (J. Martin Feldman); also, see *Exhibit D*, January 23, 2008 Order dismissing all claims against State Farm in both *Rafael Acevedo, et al v. AAA Ins. Co., et al,* Case No. 07-5199 and *Chudd and Arvis Abram, et al v. AAA Ins. Co., et al*, Case No. 07-5205 (J. Stanwood Duval).

6, 2008 hearing date.  Nevertheless, Plaintiffs' initial Memorandum in Opposition (incorrectly titled as a "Supplemental Memorandum in Opposition") was filed February 5, 2008.  Although Local Rule 7.5E does not have a "good cause" exception, Plaintiffs have not shown good cause, or any reason for that matter, for their failure to comply with local court rules.  Therefore, the Court should not consider Plaintiffs' Memorandum in Opposition.

    **C.**     **PLAINTIFFS' ATTEMPTED FIRST AMENDED COMPLAINT IS NOT BEFORE THE COURT; DEFENDANT HAS NOT CONSENTED TO ITS FILING AND THE COURT HAS NOT GRANTED PLAINTIFFS LEAVE OF COURT**

Rule 15 of the Federal Rules of Civil Procedure states in pertinent part:

    **(a) Amendments Before Trial.**

        **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:

            **(A)** before being served with a responsive pleading; or

            **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

        **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

State Farm filed an Answer and Defenses to plaintiffs' original Petition on January 3, 2008.  *See* Rec. Doc. 10065.  Plaintiffs did not attempt to file an Amended Complaint until February 5, 2008.  *See* Rec. Doc. 11051.  Because State Farm filed a "responsive pleading" within the meaning of Rule 15 of the Federal Rules of Civil Procedure, the plaintiffs' absolute right to amend the Petition was terminated on January 3, 2008 and the plaintiffs must obtain either the written consent of State Farm or this Court's permission before filing an amended complaint. *See* FRCP 15(a); *Barksdale v. King*, 699 F.2d 744, 747 (C.A.La.,1983); *Washington v. New York*

*City Bd. of Estimate*, 709 F.2d 792 (C.A.2d, 1983), certiorari denied, 104 S.Ct. 537, 464 U.S. 1013, 78 L.Ed.2d 717; *see also* 6 Wright and Miller Federal Procedure and Practice § 1483 ("It is axiomatic that the complaint may be amended as of course at any time before the answer is served.")  Since the plaintiffs have not obtained the Court's permission or the written consent of State Farm, the Amended Complaint is not properly on the docket and the Court should not consider its contents.

Based on the foregoing, the plaintiffs' First Amended Complaint should not be considered when ruling upon State Farm's Motion to Dismiss and State Farm's Motion to Dismiss should be granted

Alternatively, in the event the Court should consider plaintiffs' First Amended Complaint, out of an abundance of caution, State Farm responds to the substance of the plaintiffs' Amended Complaint.

    **D.**    **PLAINTIFFS' ATTEMPTED FIRST AMENDED COMPLAINT AND OPPOSITION MEMORANDUM DO NOT PRECLUDE A DISMISSAL UNDER RULE 12 (b) (6)**

        **1.**    **The Plaintiffs' Attempted First Amended Complaint**

Plaintiffs attempt to amend their Petition in a failed effort to cure their original deficient Petition.  As explained below and in State Farm's Motion to Dismiss (Rec. Doc. 4), their pleading still fails to state a claim upon which relief can be granted.

In their First Amended Complaint, the plaintiffs' only substantive changes are the addition of three sentences to the Original Petition.  *See* Rec. Doc. 11051-3.  Now, the Complaint reads as follows and the added portions are in italics:

    **(1)**    **Paragraph V (amending Paragraph V of original Petition):**

> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof

> damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. *However, wind was the efficient proximate cause of all this damage.* Rec. Doc. 11051-3.

**(2)     Paragraph VII:**

> *Although Plaintiffs property was damaged as described above, the direct wind damage, by itself, caused a total loss of the property.* Rec. Doc. 11051-3.

**(3)     Paragraph VIII (amending Paragraph VII of original Petition)**

> As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use / ALE (additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. Instead, Defendant made only partial payment based on wind and wind driven rain alone. *This partial payment did not constitute full payment of all the damages caused by wind and Defendant still owes Plaintiffs additional policy benefits for all the damage caused by wind.* Rec. Doc. 11051-3.

Plaintiffs argue that the above additional allegations, unlike the allegations in their Original Petition, state a claim against State Farm. This argument is without merit. Plaintiffs are still asserting a claim for flood damage caused by levee breaches and overtopping of canals – a loss not covered by the State Farm policies at issue. Further, the plaintiffs maintain the allegation that they may recover the full policy limits of their respective policies under the Louisiana Valued Policy Law (VPL) for damages caused by flood, a peril specifically excluded under said policies. As such, the plaintiffs' claims must be dismissed. In addition, as argued in State Farm's Motion to Dismiss (Rec. Doc. 4), because plaintiffs failed to state any substantive breach

of contract claims, their ancillary claims for penalties under La. R.S. §§ 22:658 and 22:1220 must also be dismissed.

> 2. **The Plaintiffs Still Seek Coverage Under Homeowner's Policies For Damages Caused By An Excluded Peril – Flooding From Levee Breaches and Overtopping**

Paragraph V of plaintiffs' Amended Complaint provides:

> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. However, wind was the efficient proximate cause of all this damage. *See* Rec. Doc. 11051-3.

The only difference in the allegations of the Original Petition from those stated in the Amended Complaint is that plaintiffs added the last sentence regarding "efficient proximate cause." The addition of this last sentence makes it clear that plaintiffs are still attempting to recover for excluded flood damages under their homeowner's policies.

The "efficient proximate cause" argument is essentially that hurricane winds and/or human negligence caused or contributed to the levee breaches or overtopping and therefore resulting flood damage is covered under the policies, notwithstanding coverage exclusions for flood damage. That theory or allegation fails to state a claim under Fifth Circuit law.

It is well-settled that State Farm's flood exclusion clearly and unambiguously excludes coverage for damage caused by flooding due to breached levees, levee overflow and/or storm surge regardless of the cause. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 214 (C.A.5 (La.), 2007); *Tuepker v. State Farm Fire & Cas. Co.* 507 F.3d 346, 352-53 (C.A.5 (Miss.),2007); *Bilbe v. Belsom*, 2007 WL 2042437, at *4 (E.D.La. 2007) (Barbier); see also *Leonard v. Nationwide Mutual Ins. Co.,* 499 F.3d 419, 435-37 (5th Cir.2007) (holding that under

a similar clause in Nationwide Mutual Insurance Company's policy, "storm surge" was unambiguously excluded water damage). Furthermore, the lead-in language to State Farm's flood exclusion (sometimes referred to as the "anti-concurrent-causation clause" or "ACC Clause") provides that damage concurrently caused by both excluded perils and covered perils is not covered under the policy.[3] *See Tuepker* at 507 F.3d at 356. The U.S. Fifth Circuit recently affirmed that State Farm's flood exclusion, and in particular, the lead-in language of the exclusion, is valid and enforceable. *Tuepker,* 507 F.3d at 356; *In re Katrina,* 495 F.3d at 221; see also *Leonard,* 499 F.3d at 436 (upholding similar provision in Nationwide's policy).

Moreover, the Fifth Circuit has concluded that the lead in language to State Farm's flood exclusion has the effect of overriding the efficient proximate cause doctrine under which the plaintiffs now attempt to state a cause of action. *Tuepker,* 507 F.3d at 356 ("Therefore, under *Leonard*, which binds us, and with which we in any event agree, the ACC Clause in State Farm's policy overrides the efficient proximate cause doctrine."); see also *Leonard*, 499 F.3d at 436 (same holding under similar provision in Nationwide's policy). Thus, here, as in *In re Katrina Canal Breaches Litigation, Tuepker* and *Leonard,* "an insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." *Leonard*, 499 F.3d at 438, citing *In re Katrina Canal Breaches Litigation,* 495 F.3d at 223; see also *Tuepker,* 507 F.3d at 356.

---

[3] The lead-in language to State Farm's flood exclusion is as follows: "2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these." *See Tuepker,* 507 F.3d at 351; *see also* footnote 2 and accompanying text to State Farm's Motion to Dismiss (Rec. Doc. 5-2).

Accordingly, the addition of the "efficient proximate cause" allegation in the Amended Complaint does not cure the plaintiffs' failure to state a claim in their Original Complaint and their claims should be dismissed.

### 3. The Plaintiffs Cannot Assert Mutually Exclusive Factual Allegations In An Effort To State A Valid Claim Under the VPL

As mentioned above, the plaintiffs added the following allegation as Paragraph VII in the First Amended Complaint:

> Although Plaintiffs property was damaged as described above, the direct wind damage, by itself, caused a total loss of the property. *See* Rec. Doc. 11051-3.

This new allegation diametrically contradicts plaintiffs' allegations in the same complaint that "flood waters from nearby levee breaches" caused "substantial damage" to their properties. Plaintiffs obviously cannot say in one breath that flooding was the substantial cause of their loss and then say in the next that wind, "**by itself**, caused a **total loss** of the property" in order to create a cause of action where none exists. Rec. Doc. 11051-3 (emphasis added). The contradiction just confirms that plaintiffs seek recovery for flood damages – excluded under each of the plaintiffs' policies and the VPL – and demonstrates that plaintiffs have not and cannot state a claim under the VPL. Their complaint should be dismissed under Rule 12(b)(6).

### 4. Plaintiffs Seek Policy Limits under the VPL Based on Non-Covered Flood Damage

Paragraph VIII of the Plaintiffs' Amended Complaint provides:

> As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use / ALE (additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. ***Instead, Defendant made only partial payment based on wind***

> *and wind driven rain <u>alone</u>.* This partial payment did not constitute full payment of all the damages caused by wind and Defendant still owes Plaintiffs additional policy benefits for all the damage caused by wind. *See* Rec. Doc. 11051-3 (emphasis added).

Again, as previously mentioned, the plaintiffs are still seeking the full limits under their respective policies for damages caused by flooding. The fact that plaintiffs unequivocally state that State Farm only made payments for losses caused by wind "*alone*" demonstrates the plaintiffs necessarily are seeking to recover for damages caused by something other than wind and wind driven rain. It is clear from these allegations that the plaintiffs acknowledge that State Farm made payments for covered losses caused by wind and wind driven rain, and now solely seek recovery of the full policy limits based on the allegation that State Farm was also obligated to pay for damage caused by "overflowing of canals and breach of levees."

The plaintiffs added the last sentence of paragraph VIII in an apparent attempt to save their claims, but this addition does not create a cause of action under the VPL. Instead, paragraph VIII of the Amended Complaint further exemplifies that the plaintiffs improperly seek to recover their full policy limits under their respective polices despite acknowledging their properties were "substantially damaged" by flooding. The VPL does not apply in these situations. *See Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232, (C.A.5 (La.),2007); *Richards' Realty Company, L.L.C., et al. v. Paramount Disaster Recovery, Inc. et al.*, Case No. 06-2396, 11/13/07 Order Granting Motion to Dismiss, (E.D. La. Nov. 13, 2007) (Vance, J.) (Rec. Doc. 5-6); *Richard v. State Farm*, 06-1134, 2006 WL 3499901, *4 (W.D.La. Dec. 4, 2006) (Melancon, J.); *Turk v. La. Citizens Prop. Ins. Corp.*, No. 06-0144, 2006 WL 1635677 (W.D.La. Jun. 7, 2006) (Haik, C.J.); *In re Cameron Parish Rita Litigation vs. State Farm*, 2007 WL 2066813, *6 (W.D.La.) ("The VPL will not be read so as to expand coverage to excluded perils

for which the plaintiffs did not pay premiums. State Farm will be responsible only for the percentage of loss which is attributable to a covered peril.")  As one court has held:

> In the event that the loss was caused in whole or in part by a non-covered peril, rather than in whole by a covered peril, the Court does not read the LVPL to require insurers to pay the full value of the policy limit. Rather, the Court agrees with the court in *Turk v. Louisiana Citizens Property Ins. Corp.*, ... that in such a case, the insurer would be responsible for paying only for the percentage of loss which is attributable to the covered peril.  *Richard* 2006 WL 3499901 at *4.

In the instant case, as Judge Vance reasoned in *Richards Realty* before dismissing those plaintiffs' VPL claims, the plaintiffs "…have already admitted that some of their loss was attributable to flood, a non-covered peril." *Richards' Realty* at p. 4 (Rec. Doc. 4-2, Exhibit 6). Accordingly, the plaintiffs have failed to state a claim under Louisiana's VPL and their claims should be dismissed.[4]

### 5. Plaintiffs' Memorandum in Support of Motion for Leave to File First Amended Complaint Contains Misrepresentations and Reinforces State Farm's Position that Plaintiffs Seek Excluded Coverage for Flood Damage

Plaintiffs' Memorandum in Support of their Motion for Leave to File First Amended Complaint (Rec. Doc. 11051-2) is inaccurate and misrepresents the facts.  First, paragraph I of Plaintiffs' Memorandum in Support inaccurately states that "[T]his court granted Defendant's motion (to dismiss) and gave Plaintiffs until January 31, 2008 to file their Motion." (Rec. Doc. 11051-2).  A review of the Docket Report for this matter on the court's website shows that the Court has not ruled on State Farm's Motion to Dismiss, has not granted Plaintiffs Leave to

---

[4] As stated in State Farm's Motion to Dismiss (Rec. Doc. 4; 4-2), despite the plaintiffs' claims under the VPL for the full policy limits for each of the individual coverages (structure, other structures, contents, debris removal and loss of use) under the respective policies, recovery under the VPL, if any, is limited to immovable property. Under no circumstances could plaintiffs recover policy limits for contents and loss of use pursuant to the VPL.

{N0060202}                                    12

amend their complaint and has not given plaintiffs any deadline (January 31, 2008 or otherwise) to file anything at all.

Second, paragraph II of Plaintiffs' Memorandum in Support references Plaintiffs' alleged "intent" when filing their original Complaint (or Petition). Plaintiffs also reference State Farm's alleged "interpretation" of Plaintiffs' "intent" and suggest that an ambiguity exists within their original Petition. Such issues are irrelevant and not germane to the Rule 12 (b) (6) Motion pending before this Court.[5] As noted in State Farm's original Motion to Dismiss and Supporting Memorandum (Rec. Docs. 4-1 and 4-2), the Court must assume "…that all allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205. Therefore, the Court should look at the facts and allegations, as pled in the complaint, and not focus on intent, interpretations and ambiguities.

Third, despite Plaintiffs efforts, their latest arguments and pleadings only reinforce the fact that that they seek coverage under their homeowner's policies for flood damage caused by levee failures. For example, paragraph III of Plaintiffs' Memorandum in Support of their Motion for Leave to File First Amended Complaint states that "[D]efendant made *payment* based on *wind and wind driven rain **only***." (Rec.Doc. 11051-2). Obviously, Plaintiffs now want State Farm to make payments under the homeowner's policies for *flood* damage, an excluded peril. As noted in State Farm's initial Memorandum in Support (Rec. Doc. 4-2), the Eastern District of Louisiana and the U.S. Fifth Circuit Court of Appeals have validated State Farm's water damage exclusion. This Court and the parties are bound by those rulings.

---

[5] Indeed, Plaintiffs reliance on "intent" and "ambiguities" are more germane to a Motion to Remand and whether Plaintiffs should be allowed to amend their pleadings to resolve any ambiguities therein. However, this Court is not adjudicating a Motion to Remand but, rather, a Rule 12 (b) (6) Motion to Dismiss for Plaintiffs' Failure to State Claims upon which Relief can be Granted.

### 6. Plaintiffs' Memorandum in Opposition to State Farm's Motion to Dismiss Contradicts Plaintiffs' Complaint and does not Support a Valid Claim for Relief against State Farm

Plaintiffs' Memorandum in Opposition to State Farm's Motion to Dismiss (Rec. Doc. 11091) does not show how Plaintiffs have sufficiently stated a claim against State Farm for which relief can be granted. Indeed, Plaintiffs' Memorandum in Opposition speculates that somehow at trial they will have sufficient evidence to prove their claims. Nevertheless, Plaintiffs do not sufficiently state within their Complaint how they are legally entitled to those claims considering the recent Eastern District of Louisiana and U.S. Fifth Circuit appellate decisions which suggest otherwise.[6] Considering that the pending issue is a Rule 12 (b) (6) Motion based on the allegations within Plaintiffs' Complaint, the focus should remain on the Complaint.

Indeed, Plaintiffs' Memorandum in Opposition to State Farm's Motion to Dismiss shows that Plaintiffs continue to seek coverage for excluded flood damage. Plaintiffs re-urge Paragraphs V-VII of their Complaint regarding natural and *man-made events* (i.e. levee breach flooding) contributing to plaintiffs' property damage. (Rec. Doc. 11091, p. 2, 2nd paragraph). (Emphasis added). However, Plaintiffs then state that their "…petition sufficiently states a claim that plaintiffs' structural damage was due *entirely* to one of the listed causes standing *alone*, i.e., wind or wind driven rain." (Rec. Doc. 11091, p. 3). (Emphasis added). That is simply incorrect. As noted in State Farm's initial Memorandum in Support, attached hereto by reference, (Rec. Doc. 4-2), and as clearly evident throughout Plaintiffs' Complaints and pleadings, plaintiffs still seek coverage for excluded flood damage within this lawsuit. Plaintiffs' Complaint still fails to state a claim for which relief can be granted.

---

[6] Please see Defendant's original Memorandum in Support of its Motion to Dismiss, attached hereto by reference, (Rec. Doc. 4-2) for a detailed discussion of these cases.

{N0060202}                           14

### 7. Plaintiffs' Claims For Statutory Penalties Must Be Dismissed

For the reasons stated in State Farm's Motion to Dismiss (Rec. Doc. 4-1 and 4-2), in light of the fact that the only basis for plaintiffs' claims for penalties under La. R.S. §§ 22:658 and 22:1220 is that State Farm breached its contract with the plaintiffs, their claims for penalties must also be dismissed. *Richards' Realty* at Page 6 (Rec. Doc. 4-2; Exhibit 6); *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So.2d 83, 85 (La. App. 1995); *Phillips v. Patterson Ins. Co.,* 813 So.2d 1191, 1195 (La. App. 2002).

## IV.   CONCLUSION

For the foregoing reasons, State Farm respectfully requests that the Court deny Plaintiffs' efforts to file their First Amended Complaint and grant State Farm's Motion to Dismiss, with prejudice, dismissing all of the plaintiffs' claims against State Farm pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, at cost of the plaintiffs.

Respectfully submitted:

**/s/David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR #30957
KING, KREBS, & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, LA  70170
Telephone: (504)582-3800
Facsimile: (504) 582-1233
***Attorneys for State Farm Fire and Casualty Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        **/s/ David A. Strauss**
        DAVID A. STRAUSS