UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re

KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION NO. 05-4182

SECTION "K" (2)

JUDGE DUVAL

MAGISTRATE JUDGE WILKINSON

_____

**PERTAINS TO:**

**LEVEE and MRGO:**

NO. 07-4551 (Morial)
NO. 07-4553 (White)
NO. 07-4557 (Metrolab, Inc.)
NO. 07-4558 (Savoy Place)
NO. 07-4559 (Mintz)
NO. 07-4560 (Hurwitz Mintz)
NO. 07-4561 (Doley)
NO. 07-4563 (Morial)
NO. 07-4948 (Dillard)
NO. 07-4949 (St. Augustine)
NO. 07-4952 (Harrison)
NO. 07-4953 (Liberty Bank)
NO. 07-4957 (Gerdes)
NO. 07-4959 (Union Ltd.)
NO. 07-4960 (Hertz 909)
NO. 07-4963 (Prytania)
NO. 07-4964 (Prat)
NO. 07-4966 (Berenson)

**NO. 07-4967 (Adler)**
**NO. 07-4968 (Abundance)**
**NO. 07-4970 (Redemptorist)**
**NO. 07-4972 (Doley)**
**NO. 07-4973 (Wells)**
**NO. 07-4974 (Robert)**
**NO. 07-4975 (Miller)**
**NO. 07-4976 (Entercom)**
**NO. 07-4977 (Adler)**
**NO. 07-4978 (Smyth)**
**NO. 07-4979 (White III LLC)**
**NO. 07-4980 (Haydel)**
**NO. 07-4981 (Patterson)**
**NO. 07-4982 (Treasure Vil.)**
**NO. 07-4984 (Dominion N.O.)**
**NO. 07-4985 (Bagneris)**
**NO. 07-4988 (Morial)**
**NO. 07-4989 (La. Independent)**
**NO. 07-4990 (Tanner)**
**NO. 07-4991 (Adler)**
**NO. 07-4992 (Southpoint)**
**NO. 07-4993 (Adler's Special)**
**NO. 07-4994 (Berenson)**
**NO. 07-4995 (CII Carbon LLC)**
**NO. 07-4996 (Touro Infirm.)**
**NO. 07-4997 (Imperial Trad.)**
**NO. 07-4998 (Physician Mgmt)**
**NO. 07-5000 (Doley)**
**NO. 07-5001 (Robert)**
**NO. 07-5002 (Shops & Garage)**
**NO. 07-5003 (Greystar)**
**NO. 07-5004 (Cambridge)**
**NO. 07-5005 (Majestic Life)**
**NO. 07-5006 (White)**
**NO. 07-5008 (United Rest.)**
**NO. 07-5009 (Davis)**
**NO. 07-5012 (Wetco Rest.)**
**NO. 07-5014 (Doley)**
**NO. 07-5015 (Majestic Mort.)**
**NO. 07-5016 (Universal Heal.)**
**NO. 07-5017 (Reid)**
**NO. 07-5018 (Xavier)**
**NO. 07-5019 (Embry)**
**NO. 07-5155 (Green-Johnson)**
**NO. 07-5193 (Curtis)**

**NO. 07-5254 (Universal Heal.)**
**NO. 07-5286 (Universal Heal.)**
**NO. 07-5314 (Davis)**
**NO. 07-5316 (Gerdes)**
**NO. 07-5317 (Abundance)**
**NO. 07-5318 (Union Ltd.)**
**NO. 07-5319 (Doley)**
**NO. 07-5321 (Shops & Garage)**
**NO. 07-5322 (Wells)**
**NO. 07-5323 (Imperial Trad.)**
**NO. 07-5324 (Physician Mgmt)**
**NO. 07-5325 (Berenson)**
**NO. 07-5326 (St. Augustine)**
**NO. 07-5329 (Adler)**
**NO. 07-5334 (Prytania)**
**NO. 07-5338 (La. Independent)**
**NO. 07-5339 (Wetco Rest.)**
**NO. 07-5340 (Cambridge)**
**NO. 07-5342 (Robert)**
**NO. 07-5345 (Adler's Sp. Acct)**
**NO. 07-5346 (Miller)**
**NO. 07-5347 (Liberty Bank)**
**NO. 07-5348 (Doley)**
**NO. 07-5349 (Greystar)**
**NO. 07-5350 (Universal Heal.)**
**NO. 07-5351 (Treasure Vill.)**
**NO. 07-5352 (Touro Infirm.)**
**NO. 07-5353 (Embry)**
**NO. 07-5354 (Redemptorist)**
**NO. 07-5355 (CII Carbon LLC)**
**NO. 07-5356 (White)**
**NO. 07-5359 (Dillard)**
**NO. 07-5360 (White)**
**NO. 07-5361 (Hertz 909)**
**NO. 07-5362 (Morial)**
**NO. 07-5363 (Prat)**
**NO. 07-5364 (Dominion)**
**NO. 07-5365 (Berenson)**
**NO. 07-5367 (Xavier)**
**NO. 07-5368 (Doley)**
**NO. 07-5369 (Adler)**
**NO. 07-5371 (Southpoint)**
**NO. 07-5373 (Green-Johnson)**
**NO. 07-5374 (Haydel)**
**NO. 07-5375 (Entercom)**

NO. 07-3576 (Adler)
NO. 07-5378 (Bagneris)
NO. 07-5494 (Harrison)
NO. 07-5495 (Reid)
NO. 07-5496 (Smythe)

_____

### OPPOSITION TO CSX TRANSPORTATION, INC.'S MOTION TO DISMISS

**May It Please the Court:**

Plaintiffs in the above-captioned suits submit the following Opposition to CSX Transportation, Inc.'s ("CSXT") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its motion, CSXT relies on this Court's earlier ruling dated December 27, 2007 in *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (hereinafter "Master Litigation"). There, this Court dismissed the plaintiffs' claims against CSXT on the grounds that CSXT owed no duty to protect the plaintiffs from flooding and that plaintiffs' claims were preempted by federal law. Plaintiffs acknowledge the Court's earlier ruling in favor of CSXT, but assert that this Court erred by dismissing CSXT in the Master Litigation. Particularly, this Court erred by ruling that CSXT did not owe a legal duty to Plaintiffs and that Plaintiffs' claims were preempted by federal law. Accordingly, Plaintiffs ask this Court to deny CSXT's motion.

**I.      Introduction**

CSXT is a transportation company providing rail, intermodal, and rail-to-truck transportation services for a variety of industries, including coal, chemicals, automotive, agricultural products, food and consumer goods.[1] The company operates almost exclusively on its privately owned and operated

---

[1] *See* CSX Corporation website at http://www.csx.com/?fuseaction=general.csxo_qfacts.

4

railway infrastructure that runs across approximately twenty-three states, including Louisiana.[2]

Following Hurricane Katrina, a report published by the Independent Levee Investigation Team ("ILIT"), which was funded, in part, by the National Science Foundation, showed that several actions and omissions of CSXT contributed to the flooding of New Orleans. The relevant chapter of the ILIT report that discusses CSXT is attached as Exhibit A. Less than one year before Hurricane Katrina, on September 11, 2004, a locomotive driven by a CSXT employee destroyed floodgate I-W30, a steel floodgate located along the West Bank of the Inner Harbor Navigational Canal. Gate I-W30 was removed for repairs at the time of Hurricane Katrina.[3] In lieu of the damaged gate, a temporary sandbag "levee" was erected.[4] The report published by the ILIT showed that at some point during the storm "this sandbag 'levee' section either was pushed over by the rising storm surge or was overtopped and simply washed away."[5] CSXT was named as a defendant in *Keith C. Ferdinand, et al. v. The Port of New Orleans, et al.*, Civil Action No. 06-5132. There, plaintiffs alleged claims against CSXT for its negligent operation of a locomotive that severely damaged Gate I-W30, which proximately caused damages to the plaintiffs' properties following Hurricane Katrina.

Further, the ILIT report showed that erosion due to faulty construction of the railway and adjacent areas caused the railway to "penetrate" the flood-walls, which contributed to the flooding of the City of New Orleans. The report concluded:

> The failure at this site is an excellent example of a failure produced by multiple adjoining jurisdictions, and a lack of overall coordination of the various

---

[2] *See id.*

[3] *See* Exhibit A, ILIT Report at 8-4.

[4] *See id.*

[5] *Id.*

> system elements constructed and operated by each. The Federal levee system was "penetrated" here by both the railway and the Port roadway, and the interaction of the pervious railway ballast and the highly erodible roadway fill combined to fail the overall flood protection system at this location. **Lack of coordination, and lack of authoritative oversight of these disparate organizations and their disparate system components was a critical problem here.**[6]

This report showed that CSXT's negligent actions and omissions contributed to the flooding of the City of New Orleans and surrounding areas following Hurricane Katrina.

Based on the foregoing actions and omissions by CSXT, Plaintiffs filed suit against CSXT, its parent company, CSX Corporation ("CSXC"), the United States Army Corps of Engineers through the United States Government, and multiple other defendants that caused Plaintiffs' damages. Plaintiffs allege that damage to a floodgate caused by a train caused damage to Plaintiffs' property.[7] Plaintiffs also allege that the failure of CSXT's railway further caused damage to their property.[8] Plaintiffs filed their individual suits in order to protect themselves in the event that a class action was not certified.

II.     **Law and Argument**

   A.     **Legal standard for Motion to Dismiss under Rule 12(b)(6)**

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are viewed "with disfavor" and are "rarely granted."[9] The Court must interpret the complaint liberally

---

[6] *Id.* at 8-5 (emphasis added).

[7] *See*, *e.g.*, Plaintiffs' Complaint in *Adler v. United States*, No. 07-4967, at ¶¶ 92-100.

[8] *See id.*

[9] *See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

in the plaintiff's favor, taking all facts pleaded in the complaint as true.[10]  Dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[11]  The question is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[12]

    **B.**    **CSXT owes a legal duty to Plaintiffs.**

Louisiana uses the duty-risk analysis to resolve most negligence cases.[13]  To prevail in a negligence case, the plaintiff must show: (1) a duty of care owed by the defendant to the plaintiff; (2) breach of the duty; (3) cause-in-fact; (4) legal causation; and (5) damages.[14]  In determining whether a duty is owed by a defendant, the court must consider whether the plaintiff has any law (statutory, jurisprudential, or arising from the general principles of fault) to support that the defendant owed him a duty.  The proper inquiry into whether a duty is owed to a particular class of plaintiffs is how easily the risk of injury to the plaintiffs can be associated with the duty sought to be enforced.[15]  The scope of a duty inquiry is ultimately a question of policy whether the particular risk falls within the scope of the duty.  A risk is not excluded from the scope of duty simply because

---

[10] *See Lowrey v. Texas A&M Univ. Syst.,* 117 F. 3d 242, 247 (quoting *Campbell v. Wells Fargo Bank*, 781 F. 2d 440, 442 (5th Cir. 1986)).

[11] *Blackburn v. Marshall*, 42 F. 3d 925, 931 (5th Cir. 1995).

[12] *See Banks v. Toys R Us*, 2003 WL 21977174 (E.D. La.).

[13] *See Andry v. Murphy Oil, USA, Inc.*, 05-0126, -0133, p. 24 (La. App. 4 Cir. 6/14/2006), 935 So. 2d 239, 255.

[14] *See Boykin v. La. Transit Co.*, 96-1932, p. 8 (La. 3/4/1998), 707 So. 2d 1225, 1230.

[15] *See Goodrich v. Caterpillar, Inc.*, 30, 762 (La.App. 2 Cir. 8/19/1998), 717 So. 2d 1235.

it is individually unforeseeable.[16] Here, there are three independent bases to impose a legal duty on CSXT.

First, CSXT, as a common carrier of good and products, owed Plaintiffs a general duty of care to operate its railway cars in a safe manner. CSXT breached this duty when a locomotive operated by one of its employees crashed into a floodgate designed to protect the people and businesses in New Orleans from flood and rising water. The risk of injury to Plaintiffs' properties by flood and rising water is easily associated with the damages that CSXT caused to the floodgate, which was designed to prevent this kind of damage. Even though the extent of damage and destruction caused by Hurricane Katrina may not have been individually foreseeable, it is easily associated with CSXT's negligent actions in crashing into a floodgate designed to prevent the flow of water into New Orleans. Accordingly, CSXT owed a duty to Plaintiffs, and the risks associated with its negligent actions fall within the scope of its duty.[17]

Second, Louisiana law imposes a legal duty on CSXT for damages arising from its railway tracks. CSXT, as the owner of certain railway tracks that "penetrated" the floodgates, as shown in the ILIT report, owed a legal duty to Plaintiffs under Louisiana Civil Code article 2317.1. Louisiana Civil Code article 2317.1 imposes a legal duty on the owner or custodian of a thing for damages caused by its vice or defect.[18] Louisiana Civil Code article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable

---

[16] *See Carter v. City Parish Goverment of East Baton Rouge*, 423 So. 2d 1080, 1086 (La. 1982).

[17] *See Carter*, 423 So. 2d at 1086 ("a risk is not excluded from the scope of duty simply because it is individually unforeseeable.").

[18] *See Warren v. Campagna*, 96-0834 (La. App. 4 Cir. 12/27/1996), 686 So. 2d 969, 978.

> cared, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

The question of whether a defect in the railway tracks presented an unreasonable risk of harm to Plaintiffs is a mixed question of fact and law that is peculiarly a question for the jury or trier of fact, and not suitable for a motion to dismiss.[19] CSXT does not dispute that it owns the railway tracks that "penetrated" the floodgates. Accordingly, CSXT owes a duty to Plaintiffs arising from Louisiana Civil Code article 2317.1.

Third, Louisiana Revised Statutes § 38:223 makes it unlawful for anyone to in any way obstruct, impede, or interfere with the safety of the levees:

> No person shall:
>
> Place or cause to be placed upon or within six feet of any part of the levees fronting any waterway subject to the control or surveillance of police juries, levee boards, municipal corporations, or other authorized boards or departments any object, material, or matter of any kind or character which obstructs or interferes with the safety of the levees or is an obstacle to the inspection, construction, maintenance, or repair of any levee; or place or cause to be placed any object, structure, material, or matter of any kind or character upon any part of any land which the state or any agency or subdivision thereof may own or acquire by deed, lease, servitude, charge, or otherwise, and through its authorized representative, may donate, grant, or otherwise convey to the United States rights-of-way, easements, or other servitudes for the construction, improvement, or maintenance of any flood-control structures or natural or other waterway, which may obstruct or interfere with the improvement or maintenance of such waterway or use of the land for flood-control purposes.

This statute creates a negative duty on a person or entity, like CSXT, to not obstruct, impede, or interfere with the safety of the levees and flood control system. The risk of property damage, like the damages suffered by Plaintiffs, is certainly within the scope of the duty created by Louisiana

---

[19] *See Waller v. Shelter Mut. Ins. Co*, 41,215 (La. App. 2 Cir. 6/28/2006), 935 So. 2d 288 ("it is not a simple rule of law that can be applied mechanically to the facts of any particular case.").

Revised Statutes § 38:223. Accordingly, CSXT owes a duty to Plaintiffs.

The imposition of a duty upon CSXT in this case is not outlandish. In fact, this Court has to look only as far as this country's most recent large-scale disaster before Hurricane Katrina, which occurred on September 11, 2001. In *In re September 11 Litigation*,[20] several plaintiffs tried suing the airlines, whose planes were hijacked by terrorists, on the basis that the airlines were negligent in screening its passengers. These plaintiffs were not passengers of the airlines, but rather were "ground" victims who suffered bodily injury or property damage arising from the terrorist attack.[21] The airline defendants moved to dismiss the plaintiffs' claims on the grounds that the airlines did not owe a duty to the general public that suffered bodily injury or property damage.[22] The United States District Court for the Southern District of New York defined duty broadly by holding that the airlines did owe a duty to those people on the ground that suffered bodily injury or property damage. Likewise, the Court here should hold that CSXT owes a duty to Plaintiffs for the damages it caused as a result of its negligent actions and omissions, even though Plaintiffs were not passengers on its railway lines.

### C. Plaintiffs' claims are not preempted by federal law.

To the extent Plaintiffs' damages were caused by CSXT's negligent operation of a locomotive, it has failed to sustain its burden of proof to show that Plaintiffs' claims are preempted by federal law.[23] CSXT does not cite any authority to show that Plaintiffs' claims arising from

---

[20] 280 F. Supp. 2d 279, 292 (S.D.N.Y. 2003).

[21] *See id.*

[22] *See id.*

[23] *See Fifth Third Bank ex rel. Trust Officer v. CSX Corp.* 415 F.3d 741, 745 (7th Cir. 2005) (preemption is an affirmative defense upon which the defendant bears the burden of proof.).

CSXT's negligent operation of a locomotive that damaged a floodgate are preempted by federal law.[24] Accordingly, Plaintiffs' claims arising from CSXT's negligent operation of a locomotive are not preempted by federal law.

Further, in support of its argument that Plaintiffs' claims are preempted by the Interstate Commerce Commission Termination Act ("ICCTA"),[25] CSXT misstates that Plaintiffs' claims arise from the negligent design and construction of railway tracks. CSXT asserts that Plaintiffs are asking this Court "to dictate how it designs and constructs railroad crossings."[26] CSXT further cites authority in support of preemption of claims involving the negligent design and construction of railway crossings, an area of law heavily consumed by federal regulation. To the contrary, Plaintiffs' claims do not arise from the negligent design and construction of railroad crossings, **which is the intersection of a railway line with a road, street, or bridge**. Rather, Plaintiffs' claims arise in part from the negligent design and construction of the roadbed and other areas of the track that caused flooding to their property. Two separate courts have held that claims against railway lines for property damage caused by flooding are not preempted by federal law.[27] Accordingly, Plaintiffs' claims are not preempted by the ICCTA.

---

[24] *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992) (preemption analysis "starts with the assumption that the historic police powers of the States are not superseded by . . . Federal Act unless that [is] the clear manifest purpose of Congress.").

[25] 49 U.S.C. § 10101, *et seq*.

[26] *See* CSXT's Memorandum in Support at 13.

[27] *See Rushing v. Kansas City So. Railway Co.*, 194 F. Supp. 2d 493, 501 (S.D. Miss. 2001); *Emerson v. Kansas City So. Railway Co.*, 503 F. 3d 1126, 1131 (10th Cir. 2007).

Likewise, Plaintiffs' claims are not preempted by the Federal Safety Railway Act.[28] Courts have consistently held that "FRSA preemption is even more disfavored than preemption generally."[29] It is well-established that there are areas with respect to railroad activity that are reasonably within the states' jurisdiction to control even through their court systems.[30] In fact, states and towns may exercise traditional police powers over the development of railroad property, at least to the extent that the regulations protect public health and safety, are settled and defined, and can be obeyed with reasonable certainty.[31] Here, the State of Louisiana clearly has a significant interest in protecting its people and businesses from floods and rising waters. The sanctity of this interest is shown, in part, by the many laws enacted to ensure proper drainage and levee protection.[32] Federal laws pertaining to the safety of railroads and state laws pertaining to the protection against floods and rising waters should be allowed to co-exist under the "local" safety or security hazard savings clause of the FRSA. Unlike attempts by states to regulate warning signals and other aspects of railways common to all areas where trains travel, the prevention of floods and rising waters is a truly local hazard in Louisiana and, therefore, Plaintiffs' claims are not preempted by the FRSA.

### III.   Conclusion

Based on the foregoing reasons, Plaintiffs ask this Court to deny CSXT's motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As

---

[28] 49 U.S.C. § 20101.

[29] *Hester v. CSX Transp., Inc.*, 61 F. 3d 382 (5th Cir. 1995).

[30] See *Ermerson*, 503 F. 3d at 1133.

[31] *See id.*

[32] *See* La. Rev. Stat. § 38:111, *et seq.*

shown above, CSXT owed a duty to Plaintiffs' that is not preempted by federal law.

        Respectfully submitted,

        /s/ James M. Garner
        _____
        JAMES M. GARNER #19589
        PETER L. HILBERT, JR. #6875
        DARNELL BLUDWORTH #18801
        JOHN T. BALHOFF, II #24288
        **SHER GARNER CAHILL RICHTER KLEIN &**
          **HILBERT, L.L.C.**
        909 Poydras Street, Twenty-eighth Floor
        New Orleans, Louisiana 70112
        Telephone: (504) 299-2100
        Facsimile: (504) 299-2300
        **ATTORNEYS FOR PLAINTIFFS**
        **in above-captioned matters**

## CERTIFICATE OF SERVICE

    I hereby certify that on February 12, 2008 a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        s/ James M. Garner
        _____
        JAMES M. GARNER