UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | CIVIL ACTION NO. 05-4182 |
| KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | SECTION "K" (2) |
| | JUDGE DUVAL |
| | MAGISTRATE JUDGE WILKINSON |

**PERTAINS TO:**

**LEVEE and MRGO:**

NO. 07-4551 (Morial)
NO. 07-4553 (White)
NO. 07-4557 (Metrolab, Inc.)
NO. 07-4558 (Savoy Place)
NO. 07-4559 (Mintz)
NO. 07-4560 (Hurwitz Mintz)
NO. 07-4561 (Doley)
NO. 07-4563 (Morial)
NO. 07-4948 (Dillard)
NO. 07-4949 (St. Augustine)
NO. 07-4952 (Harrison)
NO. 07-4953 (Liberty Bank)
NO. 07-4957 (Gerdes)
NO. 07-4959 (Union Ltd.)
NO. 07-4960 (Hertz 909)
NO. 07-4963 (Prytania)
NO. 07-4964 (Prat)
NO. 07-4966 (Berenson)
NO. 07-4967 (Adler)
NO. 07-4968 (Abundance)
NO. 07-4970 (Redemptorist)

**NO. 07-4972 (Doley)**
**NO. 07-4973 (Wells)**
**NO. 07-4974 (Robert)**
**NO. 07-4975 (Miller)**
**NO. 07-4976 (Entercom)**
**NO. 07-4977 (Adler)**
**NO. 07-4978 (Smyth)**
**NO. 07-4979 (White III LLC)**
**NO. 07-4980 (Haydel)**
**NO. 07-4981 (Patterson)**
**NO. 07-4982 (Treasure Vil.)**
**NO. 07-4984 (Dominion N.O.)**
**NO. 07-4985 (Bagneris)**
**NO. 07-4988 (Morial)**
**NO. 07-4989 (La. Independent)**
**NO. 07-4990 (Tanner)**
**NO. 07-4991 (Adler)**
**NO. 07-4992 (Southpoint)**
**NO. 07-4993 (Adler's Special)**
**NO. 07-4994 (Berenson)**
**NO. 07-4995 (CII Carbon LLC)**
**NO. 07-4996 (Touro Infirm.)**
**NO. 07-4997 (Imperial Trad.)**
**NO. 07-4998 (Physician Mgmt)**
**NO. 07-5000 (Doley)**
**NO. 07-5001 (Robert)**
**NO. 07-5002 (Shops & Garage)**
**NO. 07-5003 (Greystar)**
**NO. 07-5004 (Cambridge)**
**NO. 07-5005 (Majestic Life)**
**NO. 07-5006 (White)**
**NO. 07-5008 (United Rest.)**
**NO. 07-5009 (Davis)**
**NO. 07-5012 (Wetco Rest.)**
**NO. 07-5014 (Doley)**
**NO. 07-5015 (Majestic Mort.)**
**NO. 07-5016 (Universal Heal.)**
**NO. 07-5017 (Reid)**
**NO. 07-5018 (Xavier)**
**NO. 07-5019 (Embry)**
**NO. 07-5155 (Green-Johnson)**
**NO. 07-5193 (Curtis)**
**NO. 07-5254 (Universal Heal.)**

NO. 07-5286 (Universal Heal.)
NO. 07-5314 (Davis)
NO. 07-5316 (Gerdes)
NO. 07-5317 (Abundance)
NO. 07-5318 (Union Ltd.)
NO. 07-5319 (Doley)
NO. 07-5321 (Shops & Garage)
NO. 07-5322 (Wells)
NO. 07-5323 (Imperial Trad.)
NO. 07-5324 (Physician Mgmt)
NO. 07-5325 (Berenson)
NO. 07-5326 (St. Augustine)
NO. 07-5329 (Adler)
NO. 07-5334 (Prytania)
NO. 07-5338 (La. Independent)
NO. 07-5339 (Wetco Rest.)
NO. 07-5340 (Cambridge)
NO. 07-5342 (Robert)
NO. 07-5345 (Adler's Sp. Acct)
NO. 07-5346 (Miller)
NO. 07-5347 (Liberty Bank)
NO. 07-5348 (Doley)
NO. 07-5349 (Greystar)
NO. 07-5350 (Universal Heal.)
NO. 07-5351 (Treasure Vill.)
NO. 07-5352 (Touro Infirm.)
NO. 07-5353 (Embry)
NO. 07-5354 (Redemptorist)
NO. 07-5355 (CII Carbon LLC)
NO. 07-5356 (White)
NO. 07-5359 (Dillard)
NO. 07-5360 (White)
NO. 07-5361 (Hertz 909)
NO. 07-5362 (Morial)
NO. 07-5363 (Prat)
NO. 07-5364 (Dominion)
NO. 07-5365 (Berenson)
NO. 07-5367 (Xavier)
NO. 07-5368 (Doley)
NO. 07-5369 (Adler)
NO. 07-5371 (Southpoint)
NO. 07-5373 (Green-Johnson)
NO. 07-5374 (Haydel)

**NO. 07-5375 (Entercom)**
**NO. 07-3576 (Adler)**
**NO. 07-5378 (Bagneris)**
**NO. 07-5494 (Harrison)**
**NO. 07-5495 (Reid)**
**NO. 07-5496 (Smythe)**

## **OPPOSITION TO CSX CORPORATION'S MOTION TO DISMISS**

**May It Please the Court:**

Plaintiffs in the above-captioned suits submit the following Opposition to CSX Corporation's ("CSXC") Motion to Dismiss (hereinafter "Motion"). In its Memorandum in Support of its Motion to Dismiss, CSXC claims that it should be dismissed from these suits for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). For the following reasons set forth below, this Court should deny CSXC's Motion because service upon CSXC was properly executed under both the federal and Louisiana procedural rules, and because this Court does in fact have personal jurisdiction over CSXC.

**I.      Introduction**

Hurricane Katrina made landfall in south Louisiana on August 29, 2005. Plaintiffs filed their individual suits in order to protect themselves in the event that a class action is not certified. It had been disclosed that the United States Government intends to take the position that no class action is available when a claim is being made under the Federal Tort Claims Act.

CSXC, one of the defendants in these suits, now moves this Court for an order dismissing it on the bases of lack of personal jurisdiction and improper service of process. For the reasons set forth below, CSXC's motion should be denied.

## II.  Law and Argument

### A.  This Court has personal jurisdiction over CSXC.

It is well-settled in federal jurisprudence that in determining whether a prima facie case for personal jurisdiction has been established, the allegations of the plaintiff's complaint must be taken as true and "all conflicts in the facts must be resolved in favor of the plaintiff."[1]

Federal district courts may exercise personal jurisdiction over nonresident defendants if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution."[2] Because the Louisiana Long Arm Statute and federal due process extend personal jurisdiction over non-residents to the same limits, this two-pronged analysis narrows to the single issue of whether the exercise of jurisdiction comports with due process.

Pursuant to the Fourteenth Amendment to the United States Constitution, due process requires (1) that the nonresident has "minimum contacts" with the forum state resulting from an affirmative act on his part, whereby the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) that it must be fair and reasonable to require the nonresident to defend the suit in the forum state.[3] In determining whether jurisdiction is appropriate, the Supreme Court has increasingly focused on whether a defendant's contacts with the forum state make it

---

[1] *Thompson v. Chrysler Motor Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d at 1270-71); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990).

[2] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Asarco*, 912 F.2d at 786.

[3] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *C & H Transportation Co. v. Jensen & Reynolds Constr. Co.*, 719 F.2d 1267, 1269 (5th Cir. 1983).

reasonable to require he defend the particular suit in that forum, rather than an actual presence in the forum state.[4]

There exist two types of personal jurisdiction that may be exercised over a nonresident defendant. The first is specific jurisdiction, which is satisfied by a single act related to the act sued upon and by which the non-resident defendant "purposefully avails himself of the privilege of conducting activities with the forum state."[5] The second, general jurisdiction, may be established when the claim is unrelated to the nonresident's contacts with the forum where such contacts are "continuous and systematic."[6]

In its Memorandum in Support of its Motion, CSXC claims that it "has never owned, operated, or controlled the right of way, roadbed, or track, nor has it designed, built, maintained, or operated a crossing near the Industrial Canal or elsewhere in this jurisdiction," and it attaches a self-serving declaration of its Vice-President of Federal Regulation and General Counsel to that effect.[7] Based on the above statement and declaration, CSXC would have the Court believe that it has absolutely no contact with Louisiana. This issue, however, is not as clear cut as CSXC would have this Court believe. A review of CSXC's website shows that CSXC has in fact availed itself of being subject to the jurisdiction of this Court through its Internet presence.

In evaluating whether personal jurisdiction can be constitutionally exercised over a defendant that maintains and solicits business through the use of a website, the United States Fifth Circuit

---

[4] *See Shaffer v. Heitner*, 433 U.S., 186, 203, 97 S. Ct. 2569, 53 L. Ed. 683 (1977).

[5] *Ruston Gas Turbines*, 912 F.3d at 417, 419.

[6] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

[7] *See* CSXC Memorandum in Support at 6; *see also* Exhibit 2 of CSXC's Memorandum in Support.

Court of Appeals has adopted the approach first advocated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*[8] In *Mink v. AAAA Development, LLC*,[9] the Fifth Circuit noted that the *Zippo* court had categorized Internet use into a spectrum of three areas when determining whether a court can exercise personal jurisdiction:

> [S]ituations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet....'[10] In this situation, personal jurisdiction is proper.[11]
>
> [S]ituations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate.[12]
>
> In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, 'the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website.'[13]

Along those lines, the Ninth Circuit Court of Appeals in *Gator. com Corp. v. L.L. Bean, Inc*,[14] found that California had general jurisdiction over L.L. Bean based in part on its interactive web site, as L.L. Bean had "substantial mail-order and internet-based commerce in the state."[15] Further, the

---

[8] 952 F. Supp. 1119 (W.D. Pa. 1997).

[9] 190 F.3d 333 (5th Cir. 1999).

[10] *Id*. at 336. (citing *Zippo*, 952 F. Supp. at 1124).

[11] *Id*. (citing *Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)).

[12] *Id*. at 336-37 (citing *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997)).

[13] *Id*. at 336 (citing *Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328 (E.D. Mo. 1996)).

[14] 341 F. 3d 1072 (9th Cir. 2003).

[15] *Id*. at 1074.

Ninth Circuit, in reversing the district court ruling granting L.L. Bean's Motion to Dismiss, found that general jurisdiction existed despite the fact that L.L. Bean was not authorized to do business in California, had no agent for service of process in California, and had not paid taxes in California.[16] The *Gator. com* case illustrates that in this day and age of Internet-based commerce, that companies with no physical presence in a proposed forum state may nonetheless be subject to being haled into a forum state based on the interactivity of its website.

While not an Internet-based catalog company like L.L. Bean, a review of CSXC's website reveals that the level of interactivity it allows individuals from all over the globe to engage in is similar to the level exhibited with L.L.Bean's website. Much like L.L.Bean, CSXC's website allows individuals to engage in interstate commerce and exchange information with regard to proposed business activities with CSXC. For example, CSXC's website allows potential customers to initiate shipments utilizing CSXC's rail, intermodal, and rail-to-truck services, apply for a job, or even to become a supplier.[17] Moreover, another link on CSXC's website allows anyone with Internet access to purchase numerous goods from the "company store."[18] Further, the website actually states that it requires its customers to use electronic tools found on CSXC's website to conduct business transactions:

> CSX requires that you use electronic tools to conduct shipping transactions. Our electronic tools make it easy to manage your shipments quickly and efficiently, with secure data that is specific to you and your company.[19]

---

[16] *Id*. at 1074.

[17] *See* Exhibit "A," CSXC website printouts attached *in globo*.

[18] *Id*.

[19] *Id*.

Offering such accessibility and ability to conduct these types of business activities from various locations – including from anywhere in Louisiana – provides CSXC with adequate "minimal contacts" for this Court to exercise "general jurisdiction" over it.  CSXC's Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

In the alternative, to the extent that this Court finds that Plaintiffs have not sufficiently demonstrated personal jurisdiction over CSXC, Plaintiffs request this Court to stay a decision on CSXC's Motion to Dismiss to allow Plaintiffs to conduct jurisdictional-based discovery directed to elicit information regarding what if any contacts CSXC has had with Louisiana residents through the use of its website.  Indeed, in *Zuffa, L.L.C. v. Showtime Networks, Inc.*,[20] the court permitted jurisdictional based discovery to occur prior to ruling on Showtime's Motion to Dismiss for lack of personal jurisdiction.  In making such a ruling the court in *Zuffa* stated:

> At this juncture, the Court finds that there are insufficient facts in the record to sustain a finding of general jurisdiction. Anticipating such a finding, Plaintiff's opposition to the instant Motion requests the Court to allow additional time to conduct jurisdictional discovery regarding the extent of Showtime's contacts in the forum, such as its advertising activities, the number of subscribers to its programming and products, the revenues generated, and number of residents who have made purchases through its website.[21]

Given the highly interactive nature of CSXC's website and the importance of the matter being litigated, it seems premature to allow a named defendant such as CSXC to be dismissed when simple discovery requests may shed light on its contacts with Louisiana.  Accordingly, Plaintiffs request that in the event this Court finds that Plaintiffs have not yet set forth sufficient facts that demonstrate that general jurisdiction exists in this case that CSXC's Motion to Dismiss be stayed

---

[20] 2007 WL 2406812 (D. Nev. 2007).

[21] *Id*. at *6.

pending jurisdictional-based discovery.

### B. Service of process was proper on CSXC.

There is no question that Plaintiffs' purported service of process on CSXC was proper. Contrary to CSXC's argument, service of Plaintiffs' suits by commercial courier – FedEx – to CSXC's corporate headquarters in Jacksonville, Florida was both appropriate and proper under both the Federal Rules of Civil Procedure and Louisiana law.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any juridical district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State;

Thus, pursuant to Rule 4(e)(1), Plaintiffs elected to serve CSXC via the method set forth in Louisiana Revised Statutes § 13:3204, which provides that service can be made by commercial courier sent to the defendant:

> A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition . . . **shall be sent** by counsel for the plaintiff, or by the plaintiff if not represented by counsel, **to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier**, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.[22]

On December 21, 2007 and December 26, 2007, undersigned counsel sent five packages containing Plaintiffs' summonses and complaints in the above-captioned suits via Federal Express

---

[22] *See* La. Rev. Stat. § 13:3204 (emphasis added).

to CSXC's corporate office in Jacksonville, Florida.[23] Each of these FedEx packages was addressed to CSXC's Chairman and Chief Executive Officer, Michael J. Ward.[24] The FedEx receipts indicate that the packages were signed for at CSXC's corporate address. Thus, service was made on CSXC at its corporate headquarters pursuant to Louisiana law, and thus in compliance with the Federal Rules of Civil Procedure. Therefore, this Court should deny CSXC's motion.

**III.    Conclusion**

CSXC has continuous and systematic contact with Louisiana through its website, which allows customers to enter into contracts to purchase items. Further, Plaintiffs' service on CSXC was properly perfected pursuant to federal and Louisiana law through a commercial courier. Therefore, this Court should deny CSXC's Motion to Dismiss.

Respectfully submitted,

s/James M. Garner

---

JAMES M. GARNER #19589
PETER L. HILBERT, JR. #6875
DARNELL BLUDWORTH #18801
JOHN T. BALHOFF, II #24288
**SHER GARNER CAHILL RICHTER KLEIN &
    HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS
in the above-captioned matters**

---

[23] *See* Exhibit "B," FedEx proof of delivery receipts.

[24] *Id*.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2008 a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ James M. Garner

_____

JAMES M. GARNER