UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*     05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*     06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*     06-7516 | * | |
| *Parfait Family v. USA*     07-3500 | * | MAG. |
| *Lafarge v. USA*     07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**PLAINTIFFS' THIRD SUPPLEMENTAL AND AMENDED RESPONSES TO REQUESTS FOR PRODUCTION PROPOUNDED BY THE BARGE ENTITIES**

Plaintiffs supplement and amend their responses to Defendants, LNA and Zito entities' Requests for Production as follows:

\*     \*     \*

**REQUEST FOR PRODUCTION NO. 9:**

Any documents that evidence any statement or communication that each or any individual plaintiff made to any other person (other than the plaintiff's lawyer or his representatives) regarding the events of August 29, 2005, the causes of the IHNC retaining wall failure(s), or the subject matter of this suit.

**SUPPLEMENTAL AND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

1

Plaintiffs object to the request as overly burdensome and subject to the attorney-client and joint prosecution doctrines.  Plaintiffs withdraw the claim of work-product privilege.  No documents were previously withheld because of work-product privilege.

Subject to and without waiver of any objections, any such evidence known to plaintiffs consist of statements made or published online, by media, and publically available online to requestors.  Plaintiffs' counsel have requested all such written statements or communications from the named plaintiffs, and know of no such statements or communications at this time.  Plaintiffs, subject to withdrawal of work product privilege objection, and subject to assertion of attorney-client privilege and joint prosecution doctrine, reiterate their prior response, to the extent consistent herewith,  and will supplement this response if any additional responsive documents are obtained.

                *                *                *

**REQUEST FOR PRODUCTION NO. 14:**

Any documents that evidence communications between any person and any local, state or federal agency regarding the Barge ING 4727, including but not limited to any incident report made or obtained by you or your representatives.

**SUPPLEMENTAL AND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See the Response to Request for Production No. 9.  Plaintiffs do not construe this request as applicable to counsel's contacts with governmental agencies.  To the extent that defendants intended this request to apply to such contacts, plaintiffs object on the ground of the work-product privilege.  Otherwise, please see Barge Plaintiffs' recent FRCP 45 nonparty document

requests and subpoenas filed herein.

                      \*                      \*                      \*

**REQUEST FOR PRODUCTION NO. 18:**

Any documents evidencing or containing narrative or eye witness accounts of events that took place in the Lower Ninth Ward or St. Bernard Parish on August 28 and August 29, 2005, including but not limited to any written statement, tape recording, or transcription or account that discusses or describes the barge and/or the flooding that took place.

**SUPPLEMENTAL AND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to the request as overly burdensome and subject to the attorney-client and joint prosecution doctrines. Plaintiffs withdraw the claim of work-product privilege. No documents were previously withheld because of work-product privilege. Subject to said objections and without waiving same, Plaintiffs respond that they have previously provided all responsive, nonprivileged documents, and will supplement this request if they obtain additional responsive, nonprivileged documents. Additionally, Christopher Weaver's 911 call audio is available should Lafarge desire a copy.

                      \*                      \*                      \*

## GENERAL STATEMENT

Plaintiffs are re-evaluating their claims of work-product privilege as to all other responses to discovery and will shortly further Supplement and Amend their responses.

                                                          Respectfully submitted,

LAW OFFICE OF BRIAN A. GILBERT

*[signature]*

BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs
Barge Plaintiffs' Liaison

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 12 day of February, 2008.

\s\Brian A. Gilbert

4