UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION

CIVIL ACTION

NO.: 05-4182

SECTION "K"(2)

FILED IN: 05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152, 06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066, 06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159, 06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206, 07-0621, 07-1073, 07-1271, 07-1285

PERTAINS TO: MR-GO

---

**PLAINTIFFS' RESPONSE TO LEVEE DEFENDANTS' FIRST SET OF JOINT INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO PLAINTIFFS REGARDING COMMON LIABILITY ISSUES**

Pursuant to Federal Rules of Civil Procedure 33, 34 and 36, and Case Management Order ("CMO") No. 4, Section IV(B)(1)(d), as amended by Order issued March 29, 2007, Plaintiffs submit these Responses to Defendants' First Set of Joint Interrogatories, Requests for Production of Documents and Requests for Admissions to Plaintiffs Regarding Common Liability Issues.

**GENERAL OBJECTIONS**

Plaintiffs' General Objections, as set forth below, apply to each of Defendants' discovery request as if each such objection was set forth in the response. In providing the following responses, Plaintiffs do not in any manner waive or intend to waive any objections or defenses and are preserving:

. All objections as to the competency, relevancy, materiality and admissibility of any document or information provided; and



**RESPONSE TO INTERROGATORY NO. 8:**

See Plaintiffs' List of Exhibits filed on or about March 30, 2007 as required by the Court in CMO # 4, as amended. Plaintiffs will also submit supplemental and final exhibit lists as required by CMO # 4, as amended, and which are prospectively incorporated herein.

**INTERROGATORY NO. 9:**

Specify in detailed narrative form the factual basis for allegations made by you in the Complaint against the Lake Borgne Levee District ("LBLD"), relating specifically to the LBLD's alleged responsibilities for the authorization, design, construction, operation or maintenance of any part of the Hurricane Protection System you contend to have caused damage to plaintiffs, and identify any and all documents, evidence, or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs object to the extent this Interrogatory seeks to have Plaintiffs' counsel disclose mental impressions and work product, all of which is privileged and protected from disclosure. Plaintiffs further object on the grounds that this request seeks the disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by the CMO # 4, as amended.

Plaintiffs further object as this request is overly broad, unduly burdensome and/or oppressive and requests information that is irrelevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs have not completed their investigation of the facts relating to this action, have not interviewed all potential witnesses, have not completed discovery and have not completed their preparation for the trial or any evidentiary hearing in this matter. Accordingly, the response provided is given without prejudice to Plaintiffs' rights to produce, at any time, subsequently

discovered evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts.

Subject to these objections, Plaintiffs respond as follows: Plaintiffs refer Defendants to the factual allegations of the Levee Superceding Master Consolidated Class Action Complaint, the IPET Report, Team Louisiana Report, the Independent Levee Investigation Team report, and all discovery provided by any party to this Litigation, all of which is publicly available and incorporated herein by reference. See also those documents listed on Exhibit "A" annexed hereto and incorporated herein by reference.

Discovery is ongoing and Plaintiffs will supplement their response as required.

**INTERROGATORY NO. 10:**

Specify in detailed narrative form the factual basis for allegations made by you against each and every MRGO Defendant, individually, that its actions or inactions played any part or role in causing any failure, breach or overtopping of any portion of the Hurricane Protection System you contend caused damage to plaintiffs, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 10:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 11:**

Identify any and all state, federal or local statutes or regulations you contend may apply to any MRGO Defendant, individually, with respect to the authorization, design, construction, operation, maintenance, inspection and/or oversight of any levees, floodwalls, spoil banks or other portion of the Hurricane Protection System you contend caused damage to plaintiffs.

**RESPONSE TO INTERROGATORY NO.11:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 12:**

Identify any and all state, federal or local statutes or regulations you contend may apply to any MRGO Defendant, individually, with respect to construction, demolition, remediation, and/or any other work performed in the area surrounding any levees, floodwalls, spoil banks or other portion of the Hurricane Protection System, which you contend caused damage to plaintiffs.

**RESPONSE TO INTERROGATORY NO. 12:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 13:**

Identify any state, federal or local statutes or regulations you contend any MRGO Defendant, individually, may have "violated," as that term is used by you in the Complaint, with respect to allegations made by you against it in the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 14:**

Specify in detailed narrative form the factual basis for allegations made by you against any MRGO Defendant, individually, for "violations" of any statutes or regulations as referenced in the Complaint, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 14:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 15:**

Identify any architectural, engineering, construction or other type of protocol, guideline, practice, convention or other applicable code or provision included in the standard of care you contend any MRGO Defendant, individually, may have "violated" with respect to any portion of the Hurricane Protection System.

**RESPONSE TO INTERROGATORY NO. 15:**

See Plaintiffs' response to Interrogatory No. 9 *supra.*

**INTERROGATORY NO. 16:**

Specify in detailed narrative form the factual basis for allegations made by you against each and every MRGO Defendant, individually, for alleged "violations" of any protocols, guidelines, practices, conventions, or other applicable code or provision as referenced in Interrogatory No. 15, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 16:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 17:**

Specify in detailed narrative form the factual basis for allegations made by you against each and every MRGO Defendant, individually, that it may have "caused and/or contributed to the inadequacy or breaching of the Flood Protection System that protects the Greater New Orleans area" as referenced specifically in Paragraph 15(b) of the Complaint, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 17:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 18:**

Define "dredging activities," as that term is specifically used by you in Paragraph 15(e) of the Complaint, and identify any and all documents, evidence, or other similar materials in your possession or under your control relating to any MRGO Defendants' involvement, if any, in these activities.

**RESPONSE TO INTERROGATORY NO. 18:**

Dredging is intended to encompass the customary meaning of the term as used in common parlance and as defined in any authoritatively recognized dictionary. The term is also intended to have such meaning as is defined in state or federal (including maritime) law, statutes, regulation or the like.

**INTERROGATORY NO. 19:**

Specify in detailed narrative form the factual basis for your allegations of "nuisance" against any MRGO Defendant, individually, as alleged in the Complaint, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 19:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 20:**

Specify in detailed narrative form the factual basis for allegations made by you that any MRGO Defendant, as set forth in Paragraphs 39 through 50 of the Complaint, undermined, damaged,

caused, contributed to, or otherwise played a part in the failure, overtopping breaching of the IHNC levee and/or floodwalls, spoil banks, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 20:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 21:**

Define "underseepage-induced erosion," as that term is specifically used by you in Paragraph 44 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 21:**

"Underseepage-induced erosion" is intended to encompass the customary meaning of the words as used in common parlance and as defined in any authoritatively recognized dictionary.

**INTERROGATORY NO. 22:**

Specify in detailed narrative form the factual basis for your allegation in Paragraph 43 of the Complaint that Washington Group International, Inc.'s ("WGII") work along the eastern shoreline of the IHNC/Industrial Canal, undermined the integrity of the levee and/or floodwall abutting the Lower Ninth Ward, and identify any and all documents, evidence or other similar materials in your possession or under your control to support any such factual basis.

**RESPONSE TO INTERROGATORY NO. 22:**

See Plaintiffs' response to Interrogatory No. 9, supra.

Plaintiffs' further object to the request to produce a narrative as FRCP, Rule 33 (d) sets forth that a party has no right to require his opponent to make compilations of information in response to interrogatories when documents containing material necessary for the compilations are available to the first party.

**INTERROGATORY NO. 23:**

Specify in detailed narrative form the factual basis for your allegation in Paragraph 44 of the Complaint that WGII's work along the eastern shoreline of the IHNC/Industrial Canal, resulted in "underseepage-induced erosion and other damage" to the levee and/or floodwall abutting the Lower Ninth Ward, and identify any and all documents, evidence or other similar materials in your possession or under your control to support any such factual basis.

**RESPONSE TO INTERROGATORY NO. 23:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

Plaintiffs' further object to the request to produce a narrative as FRCP, Rule 33 (d) sets forth that a party has no right to require his opponent to make compilations of information in response to interrogatories when documents containing material necessary for the compilations are available to the first party.

**INTERROGATORY NO. 24:**

What do you contend to be the "jurisdiction" of the LBLD, as that term is specifically used by you in Paragraph 51 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 24:**

See Plaintiffs' response to Interrogatory No. 9, *supra.* See also the Constitution of the State of Louisiana and enabling laws pertaining to the LBLD.

**INTERROGATORY NO. 25:**

With respect to each and every MRGO Defendant, individually, define "responsibility for the care and inspection of the levees," as that term is specifically used by you in Paragraph 51 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 25:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 26:**

Identify all persons and/or entities who you contend had ownership, care, custody, control, and/or *garde* of MRGO, the GIWW, the East Bank Industrial Area, the 40 Arpent Canal and/or the Florida Walk Canal at any time prior to August 29, 2005, and specify the corresponding time period for each such person and/or entity identified.

**RESPONSE TO INTERROGATORY NO. 26:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 27:**

With respect to each MRGO Defendant, individually, identify the "statutorily mandated responsibilities" you contend apply, as that term is used in Paragraph 53 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 27:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 28:**

Identify the "proper procedures" and "appropriate regulations and standards" you contend apply to WGII's work at the IHNC/Industrial Canal and identify any and all documents, evidence or other similar materials in your possession or under your control relating to such procedures and standards.

**RESPONSE TO INTERROGATORY NO. 28:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 29:**

Specify in detailed narrative form the factual basis for each of the conclusions set forth in Paragraph 45 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 29:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 30:**

Define "Hurricane Alley" and "Hurricane Highway," as those terms are specifically used by you in Paragraphs 60 and 61of the Complaint.

**RESPONSE TO INTERROGATORY NO. 30:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 31:**

Identify and describe the boundaries of the levees and floodwalls as those terms are used in Paragraphs 41–45 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 31:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 32:**

Specify in detailed narrative form the factual basis for allegations made by you that any MRGO Defendant, individually, failed to ensure the use of proper materials in constructing the levees or any subsequent lift, and identify any and all documents, evidence or other similar materials in your possession or under your control to support any such factual basis.

**RESPONSE TO INTERROGATORY NO. 32:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 33:**

Specify in detailed narrative form the factual basis for allegations made by you that any MRGO Defendant, individually, failed to adequately evaluate the potential damage to the levee and/or floodwall structure by storm surges, and identify any and all documents, evidence or other similar materials in your possession or under your control to support any such factual basis.

**RESPONSE TO INTERROGATORY NO. 33:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 34:**

Specify in detailed narrative form the factual basis for allegations made by you that any MRGO Defendant, individually, failed to correct known or identifiable defects in the levee system, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 34:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 35:**

Specify in detailed narrative form the factual basis for allegations made by you that any MRGO Defendant, individually, failed to discharge its duty to maintain the integrity of the levee and/or the floodwall system and to comply with Congressional and other legal mandates, and identify any and all or under your control documents, evidence or other similar materials in your possession or under your control to support any such factual basis.

**RESPONSE TO INTERROGATORY NO. 35:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 36:**

Specify in detailed narrative form the factual basis for allegations made by you of "negligent acts and omissions" against each and every MRGO Defendant, individually, under each Louisiana Civil Code Article referenced by you in Paragraph 75 of the Complaint, and identify any and all documents, evidence or other similar materials in your possession or under your control to support any such factual basis.

**RESPONSE TO INTERROGATORY NO. 36:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 37:**

Specify in detailed narrative form the factual basis for allegations made by you of "strict liability" against each and every MRGO Defendant, individually, as alleged in Paragraph 77 of the Complaint, and identify any and all documents, evidence or similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 37:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 38:**

Specify in detailed narrative form the factual basis for allegations made by you of "Res Ipsa Loquitur" against each and every MRGO Defendant, individually, as alleged in Paragraph 79 of the Complaint, and identify any and all documents, evidence or similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 38:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 39:**

Specify in detailed narrative form the factual basis for allegations made by you that any portion of the Hurricane Protection System either was, was not and/or should have been "armored" as alleged in the Complaint, and identify any and all documents, evidence or similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 39:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 40:**

Specify in detailed narrative form the factual basis for any allegations made by you against the LBLD with respect to the authorization, design, construction, operation or maintenance, of any portion of the 40 Arpent Canal, the Florida Walk Canal and/or any levees, flood walls, spoil banks, etc. associated therewith as referenced in the Complaint, and identify any and all documents, evidence or other similar materials to support such factual basis

**RESPONSE TO INTERROGATORY NO. 40:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 41:**

Specify in detailed narrative form the factual basis for allegations made by you that any MRGO Defendant, individually, failed to preserve, maintain, rebuild, or otherwise exercise appropriate care for marshes and/or swamps to act as a buffer from storm surges as alleged in the Complaint, and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 41:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 42:**

Specify in detailed narrative form each source of waters or flooding you contend caused damage to plaintiffs, and with respect to each such source identify the affected geographical area within the New Orleans East Sub-Class and the affected geographical area within the Lower Ninth Ward and St. Bernard Sub-Class, as referenced by you in the Complaint.

**RESPONSE TO INTERROGATORY NO. 42:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY NO. 43:**

Identify any and all documents, evidence or other similar materials in your possession or under your control relating to any "independent studies" or other similar documents from any "independent engineers," as those terms are specifically used by you in Paragraph 52 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 43:**

See Plaintiffs' response to Interrogatory No. 9, *supra.*

**INTERROGATORY 44:**

Specify in detailed narrative form the factual basis for asserting in Paragraph 77 of the Complaint that any MRGO Defendant had "at all relevant times, the care, custody and control, and thus the *garde* of the IHNC/Industrial Canal . . . including such other levees/floodwalls and/or spoil banks in Orleans Parish (East of the IHNC/Industrial Canal)," and identify any and all documents, evidence or other similar materials in your possession or under your control to support such factual basis.

**RESPONSE TO INTERROGATORY NO. 44:**

See Plaintiffs' response to Interrogatory Nos.5 and 6, *supra.*

**INTERROGATORY 45:**

Identify any and all persons who you contend expressed complaints and/or concerns of any kind regarding demolition and/or remediation activities conducted by or on behalf of the United States Army Corps of Engineers in the East Bank Industrial Area.

**RESPONSE TO INTERROGATORY NO. 45:**

See Plaintiffs' response to Interrogatory Nos. 5 and 6, *supra.*

**INTERROGATORY NO. 46:**

Identify any and all persons who you contend have knowledge or other evidence of ponding and/or pooling of water, leaks, and/or sand boils on any residential and/or commercial property near

the levees and/or flood walls, etc. abutting IHNC/Industrial Canal, MRGO, the GIWW, the 40 Arpent Canal and/or the Florida Walk Canal prior to August 29, 2005.

**RESPONSE TO INTERROGATORY NO. 46**

See Plaintiffs' response to Interrogatory Nos. 5 and 6, *supra*

**INTERROGATORY NO. 47:**

Define "Standard Project Hurricane," as that term is used by you in the Complaint._

**RESPONSE TO INTERROGATORY NO. 47**

Objection, this term is a reference for hurricane protection planning and/or modeling utilized by the Corps of Engineers. Plaintiffs have no other definition but what the Corps of Engineers defines it to be.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all documents, materials or other information identified in your Answers to Defendants' Interrogatories or Responses to Defendants' Requests for Admissions, or used by you to answer Defendants' Interrogatories or respond to Levee Defendants' Requests for Admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections set forth above, Plaintiffs object as the definitions and instructions accompanying this request render it vague, ambiguous, incomprehensible, or otherwise objectionable. Plaintiffs further object as this request is overly broad, unduly burdensome and/or oppressive and requests information that is irrelevant to the subject matter of this action and/or is not reasonable calculated to lead to the discovery of admissible evidence.

Plaintiffs have not completed their investigation of the facts relating to this action, have not interviewed all potential witnesses, have not completed discovery and have not completed their preparation for the trial or any evidentiary hearing in this matter. Accordingly, the response provided is given without prejudice to Plaintiffs' rights to produce, at any time, subsequently discovered evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts. Plaintiffs further object as this request seeks the mental impressions and/or work product of Plaintiffs counsel, all of which is privileged and protected from disclosure. Plaintiffs further object on the grounds that this Request also requires disclosure of expert opinions and reliance materials, all of which is not yet due under the deadlines established by the CMO # 4, as amended.

Subject to these objections, Plaintiffs respond as follows: Plaintiffs refer Defendants to the IPET Report, Team Louisiana Report, and the Independent Levee Investigation Team report, any document identified in Plaintiffs' Superseding Master Consolidated Class Action Complaint filed in this action, and all discovery provided by any party to this Litigation, all of which is publicly available and incorporated herein by reference. See also those documents listed on Exhibit "A" annexed hereto and incorporated herein by reference.

Discovery is ongoing and Plaintiffs will supplement their response as required

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all documents, materials or other information identified in your Federal Rule of Civil Procedure 26(A)(1)(a) and (b) Initial Disclosures to MRGO Defendants, including the Declaration of Dr. Robert Glenn Bea, filed on April 16, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control considered, reviewed or relied upon by your expert, Dr. Robert Glen Bea, for his April 16, 2007 Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all witness statements, summaries, affidavits, deposition transcripts or other similar documents in your possession or under your control and in any way related to the facts and/or circumstances surrounding the above-referenced litigation and/or Hurricanes Katrina and Rita, including but not limited to any such materials from any other litigation or proceeding relating to or involving Hurricanes Katrina and/or Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all resumes, Curriculum Vitaes, case lists, fee schedules, retention agreements, and/or any other documents identifying or describing the qualifications or work of any expert you may or will call at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all documents or materials provided to, received from, considered by, or reviewed by any expert in connection with the above-captioned litigation who you may or will call at the trial of this matter, as well as any and all documents or materials reviewed or relied upon by any such expert in formulating his or her opinion in connection with this litigation._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all meteorological, hydrological, wind speed, weather modeling or monitoring or other similar data in your possession or under your control in any way related to the above-referenced litigation and/or Hurricanes Katrina and/or Rita, including but not limited to any such materials from any other litigation or proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all geological, topographical or other similar data, compilations of data, reports, or other similar information in your possession or under your control related to the above-referenced litigation and/or Hurricanes Katrina and/or Rita, including but not limited to any such materials from any other litigation or proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 9:**

Produce any and all "LIDAR" or other similar data in your possession or under your control in any way related to the above-referenced litigation and/or Hurricanes Katrina and/or Rita, including but not limited to any such materials from any other litigation or proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all photographs, videos, computer animations, aerial photographs, satellite photographs, maps or other images of any kind or type in your possession or under your control related to the above-referenced litigation and/or Hurricanes Katrina and/or Rita, including but not limited to any such materials from any other litigation or proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10 :**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all reports, affidavits, deposition transcripts or other similar documents (including drafts regardless of the form of the media) of any expert you have retained in connection

with the above-referenced litigation who you may or will call at the trial of this matter and which are related in any way to the issues underlying the above-referenced litigation, including but not limited to any such materials from any other litigation or proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 12:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to or evidencing the "tidal surge" and/or "storm surge" of Hurricanes Katrina and/or Rita, as those terms are used by you in the Complaint, and how such "tidal surge" or "storm surge" of Hurricanes Katrina and/or Rita may have, in any way, impacted the Hurricane Protection System and caused plaintiffs' damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 13:**

Produce any and all data, compilations of data, documents, blueprints, plans, schematics, design memoranda, as built drawings, reports or other information of any kind or type in your possession or under your control related to the design, construction, implementation, operation and/or maintenance of any portion of the drainage and/or sewerage systems you allege in any way caused plaintiffs' damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents that relate or refer to the boundaries of the levee and floodwall, as those terms are used in Paragraphs 41-45 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 15:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related specifically to allegations made by you in Paragraph 23 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 16:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related in any way to a possible combination, convergence or mixing of storm related surges, flooding and/or waters from the MRGO, Lake Borgne and/or the Industrial (IHNC) Canal within the interior boundaries of the Hurricane Protection System, including but not limited to any data, compilations of data or documents referencing the location of any failures or breaches of the Hurricane Protection System, the sources of any waters flowing through those failures or breaches, and hydrological or other data as to where those waters may have traveled within the interior boundaries of the Hurricane Protection System.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 17:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control in any way related to soil composition, soil analysis, soil testing, soil sampling, soil strength, pore pressure or other soil related measurements of the Hurricane Protection System.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 18:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control in any way related to soil composition, soil analysis, soil testing, soil sampling, soil strength, pore pressure or other soil related measurements of the Hurricane Protection System.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 19:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to overtopping, scouring, under seepage or any other alleged failure mechanism, as those terms are used by you in the Complaint, of any portion of the Hurricane Protection System.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 20:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to any contention or allegation that any

portion of the Hurricane Protection System either was, was not, or should have been, "armored," as alleged by you in the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 21:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to any allegation that any MRGO Defendant failed in any duty to ensure that any portion of the Hurricane Protection System either was, was not, or should have been, "armored," as alleged by you in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 22:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control relating in any way to the "Standard Project Hurricane" referenced by you in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 23:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you that the LBLD is "...responsible for the creation, maintenance and inspection of certain levees/floodwalls and/or spoil banks and water protection areas in St. Bernard Parish..."_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 24:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you that dredging at any time of any portion of the IHNC, the GIWW or the MRGO in any way caused or contributed to any of the damages referenced by you in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

See Plaintiffs' response to Request No.1, *supra*

**REQUEST FOR PRODUCTION NO. 25:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to the "MRGO Authorization Report," as referenced by you in the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 26:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related in any way to any and all "warnings of impending disaster" to any MRGO Defendant by any private person, government or other entity, as alleged by you in Paragraphs 32 through 35 of the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 27:**

Produce any and all data, compilations of data, documents or other information of any kind or type related to the "accelerated/enhanced hurricane surge" and/or other specific allegations made by you in Paragraph 34 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 28:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you in the Complaint against any MRGO Defendant, individually, for "nuisance."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 29:**

Produce any and all data, compilations of data, documents or other information of any kind or type related specifically to allegations made by you against all MRGO Defendants in Paragraphs 39 through 50 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 30:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you against the LBLD with respect to the authorization, design, construction, operation, maintenance, etc. of any portion or part of the 40 Arpent Canal, the Florida Walk Canal, the 40 Arpent Canal levees, the Florida Walk Canal Levees, or any other pertinent components of the Hurricane Protection System as referenced in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 31:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to any MRGO Defendant's "failure to ensure the use of proper materials" in constructing any levees, floodwalls, etc. as alleged by you in the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 32:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to any MRGO Defendant's failure to preserve, maintain, rebuild, or otherwise exercise appropriate care for marshes and swamps to act as a buffer from storm surges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 33:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you that any MRGO Defendant failed to "adequately evaluate the potential damage to the levee and/or floodwall structure by storm surges," as alleged in the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 34:**

Produce any and all data, compilations of data or other information of any kind or type in your possession or under your control related to allegations made by you that any MRGO Defendant failed to "correct known defects in the levee system," as alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 35:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you that any MRGO Defendant failed to discharge its duty to maintain the integrity of the levee and/or floodwall system and to comply with Congressional and/or other legal mandates, as alleged in the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 36:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to the "factual background of the navigation canals involved," as referenced specifically in Paragraphs 59, 60, 61 and 62 of the Complaint._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 37:**

Produce the 1965 United States Army Corps of Engineers "Report on Hurricane Betsy," as referenced specifically in Paragraph 61 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 38:**

Produce any and all data, compilations of data, documents or other information of any kind or type related to the "Standard Project Hurricane," as referenced specifically in Paragraphs 63 through 74 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 39:**

Produce any and all data, compilations of data, documents or other information of any kind or type relied upon by you for any allegations made against any MRGO Defendant specifically in Paragraphs 63 through 66 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 40:**

Produce Engineering Regulation ER1 110-2-1453, as referenced specifically in Paragraph 64 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 41:**

Produce Technical Report NWS 23, as referenced specifically in Paragraph 64 of the Complaint.

to the "High-Level Plan," as specifically referenced by you in Paragraphs 69 through 70 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 46:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to any alleged violations by the United States Army Corps of Engineers of its "...own design, engineering and construction criteria for levees, floodwalls and/or spoil banks..." as specifically referenced by you in Paragraph 74 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 47:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to allegations made by you of "negligence" against each and every MRGO Defendant, individually, as specifically referenced by you in Paragraph 75 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 48:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control related to any allegations made by you of "strict liability" against each and every MRGO Defendant, individually, as specifically referenced by you in Paragraphs 15(f) and 77 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 49:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control supporting your plea of "Res Ipsa Loquitur" against any MRGO Defendant, individually, as specifically referenced by you in Paragraph 79 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 50:**

Produce any and all "IPET" data, compilations of data, documents or other information of any kind or type in your possession or under your control related to the underlying litigation and/or Hurricanes Katrina and/or Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 51:**

Produce any and all "Independent Levee Investigation Team" data, compilations of data, documents or other information or any kind or type in your possession or under your control related to the underlying litigation and/or Hurricanes Katrina and/or Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 52:**

Produce any and all "Team Louisiana" data, compilations of data, documents or other information of any kind or type in your possession or under your control related to the underlying litigation and/or Hurricanes Katrina and/or Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiffs specifically object to any discovery of common liability issues relating to Hurricane Rita. Without waiving that objection, Plaintiffs respond: See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 53:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control, including but not limited to audio and visual media, relating to the condition of the levees and floodwalls along IHNC/Industrial Canal, MRGO, and/or GIWW prior to August 29, 2005

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 54:**

Produce any and all data, compilations of data, documents or other information, including but not limited to audio and visual media, of any kind or type in your possession or under your control relating to the condition of the levees and floodwalls along the IHNC/Industrial Canal, MRGO,

and/or GIWW on August 29, 2005 (including but not limited to any such materials depicting the actual overtopping, breach, and/or failure of the levees and/or floodwalls in those areas)._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 55:**

Produce any and all data, compilations of data, documents or other information, including but not limited to audio and visual media, of any kind or type in your possession or under your control relating to the condition of the levees and floodwalls along IHNC/Industrial Canal, MRGO, and/or GIWW after August 29, 2005, but prior to September 24, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 56:**

Produce any and all data, compilations of data, documents or other information, including but not limited to audio and visual media, of any kind or type in your possession or under your control related to the condition of the levees and floodwalls along the IHNC, MRGO and/or GIWW after September 24, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 57:**

Produce any and all data, compilations of data, documents or other information of any kind or type in your possession or under your control, including but not limited to audio and visual media, that discuss, analyze, depict, illustrate, simulate or otherwise reflect the depths of any flooding or waters, originating from any breach, overtopping or other failure of any portion of the Hurricane

Protection System, within the geographical areas encompassed by the New Orleans East Sub-Class and the Lower Ninth Ward and St. Bernard Sub-Class on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 58:**

Produce any and all data, compilations of data, documents or other information of any kind or type, including but not limited to audio and visual media, that discuss, analyze, depict, illustrate, simulate or otherwise reflect the duration of any flooding from waters, originating from any breach, overtopping or other failure of the Hurricane Protection System, within the geographical areas encompassed by the New Orleans East Sub-Class and the Lower Ninth Ward and St. Bernard Sub-Class on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 59:**

Produce any and all "independent studies," as referenced specifically by you in Paragraph 52 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 60:**

Produce all documents, exhibits or other materials regarding any reports, complaints, concerns, or evidence of any kind regarding ponding or pooling of water, leaks, and/or sand boils on any residential and/or commercial property located near the IHNC, GIWW and/or MRGO prior to August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 61:**

Produce all documents, exhibits or other materials regarding any assessments, complaints, problems, flaws and/or concerns of any kind expressed to any MRGO Defendant at any time by any person(s) or entities relating to the design, construction, maintenance, monitoring or inspection of the levees, floodwalls or other structures along the IHNC and/or the MRGO prior to August 29, 2005._

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

See Plaintiffs' response to Request No.1, *supra.*

**REQUEST FOR PRODUCTION NO. 62:**

Produce any and all documents relating to the depths of any flood water and/or the duration of any floods resulting from tropical storms, hurricanes and/or rain events within the geographical areas encompassed by the New Orleans East Sub-Class and the Lower Ninth Ward and St. Bernard Sub-Classes prior to August 29, 2005

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

See Plaintiffs' response to Request No.1, *supra.*

**RESPONSES TO REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that at no time relevant hereto did the LBLD have responsibility for, or control over, the authorization, specification, design or construction of any part or lift of the Hurricane Protection System alleged by you in the Complaint to have failed and/or caused damage.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the United States Army Corps of Engineers commissioned, authorized and approved each of the tasks identified in Paragraphs 41 and 42 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Discovery has not progressed to the stage where there is sufficient information available upon which to make a reasoned judgment as to the role of this Defendant in the subject matter of this Admission. Therefore, Plaintiffs can neither admit nor deny the Admission as written. Should the Court require a response, this Admission is denied.

Respectfully Submitted,
APPROVED PLAINTIFFS LIAISON COUNSEL

*s/ Joseph M. Bruno*

JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
Law Offices of Joseph M. Bruno.
855 Baronne Street
New Orleans, Louisiana 701 13
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP
LITIGATION COMMITTEE

/s/ Jonathan B. Andry

Jonathan B. Andry, Esq.
THE ANDRY LAW FIRM, LLC
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504)586-8933
Email: johnandry@yahoo.com

For
MR-GO PLAINTIFFS SUB GROUP
LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 14th day of June, 2007.

/s/ Joseph M.Bruno

Joseph M. Bruno