UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br><br>MRGO & BARGE | § CIVIL ACTION<br>§ NO. 05-4182 "K"(2)<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§<br>§<br>§<br>§<br>§<br>§ |

## WASHINGTON GROUP INTERNATIONAL, INC.'S EX PARTE[1] MOTION FOR SCHEDULING CONFERENCE AND/OR TO AMEND CASE MANAGEMENT ORDERS

Pursuant to Federal Rule of Civil Procedure 16(b) and for the reasons set forth below, Defendant Washington Group International, Inc. ("WGII") respectfully requests a status conference with the Court for the purpose of amending the current Case Management Orders in MRGO and BARGE so that schedules in the two case categories—both of which may be dispositive of the cause of the levee/floodwall breaches on the eastside of the Industrial Canal—are aligned going forward.[2] First, WGII proposes that the Court amend Case Management Order No. 4 (governing the MRGO case category) to coincide with the recently-amended deadlines in Case Management Order No. 5 (governing the BARGE case category). *See infra* Part I. Second,

---

[1] Liaison Counsel for both the Plaintiffs and Defendants in this consolidated litigation, Messrs. Joseph Bruno and Ralph Hubbard, were consulted prior to filing this motion, and neither had any objection. At Defendants' Liaison Counsel's request, on February 12, 2008, Counsel for the United States, Orleans Levee District and LaFarge North America Inc. also were consulted prior to filing this Motion. None of these parties had any objection.

[2] WGII understands that this Court has appointed Mr. Ralph Hubbard as Liaison Counsel for all of the Defendants in the *In re: Katrina Canal Breaches Consolidated Litigation*. However, as Mr. Hubbard's insurance clients are not actively involved in either MRGO or BARGE, WGII does not believe its interests are being adequately represented before this Court through Mr. Hubbard, through no fault of Mr. Hubbard. Accordingly, WGII respectfully requests that its counsel, Mr. William D. Treeby, be permitted to attend any status conference with the Court regarding MRGO or BARGE going forward.

WGII proposes that class-certification proceedings in BARGE be stayed (as they have been stayed in MRGO) until the Court resolves the pending and/or forthcoming threshold, dispositive motions of the United States and WGII.  *See* Order and Reasons at 3, Nov. 7. 2007 (Doc. No. 8928); *infra*, Part II.

### I. The Common-Liability Schedule Case Management Order No. 4 Should Be Amended To Mirror The Merits Schedule In Case Management Order No. 5.

As the Court is well aware, for some of the defendants, the outcome of a liability trial in either MRGO or BARGE will be determinative of the cause of the alleged levee and/or floodwall breaches along the eastside of the Industrial Canal.  Because WGII currently is a defendant in both case categories, and the allegations against it with respect to the Industrial Canal breaches in both case categories are virtually identical, WGII (as well as certain other defendants) necessarily will be relying on the same exhibits, fact witnesses and experts in both MRGO and BARGE to defend themselves.  Yet, the current MRGO schedule, which, for example, requires the parties to complete fact discovery by May 16, 2008 and expert discovery by September 19, 2008,[3] is completely at odds with the BARGE schedule, which requires all parties to complete fact and expert discovery by March 1, 2009.  *See* Order amending CMO No. 5 (Doc. No. 10881). *See also* Exhibit 1 (chart comparing the deadlines in CMO No. 4 with the amended deadlines in CMO No. 5).  If this problem is not fixed now, all of WGII's witnesses (both expert and fact) will be subject to two separate rounds of depositions, by two different sets of plaintiffs' lawyers who both purport to represent virtually the same putative class members.  Such a result is unduly prejudicial to WGII and, as previously argued in WGII's pending Motion to Dismiss or to Stay *Parfait Family v. United States* (Doc. No. 8224), a clear violation of the "first-to-file" rule.

---

[3] CMO No. 4, §§ IV(D)(7) & (E)(6) (Doc. No. 3299).

Moreover, even if the Court grants WGII's pending Motion to Dismiss or to Stay *Parfait Family*, the schedule in MRGO still should be aligned with the current liability schedule in BARGE. Fact discovery in MRGO relating to the east bank of the Industrial Canal currently is set to close more than nine months *before* the close of discovery in BARGE. *See* Ex. 1. And, expert discovery in MRGO is set to close more than five months *before* the close of expert discovery in BARGE. *Id.* Thus, WGII and the other parties in MRGO will be unable to take advantage of any new findings made by the BARGE litigants relative to the levee/floodwall breaches on the eastside of Industrial Canal before their Court-ordered deadline for fact and expert discovery expires. As a result, the MRGO parties ultimately may need to seek leave from the Court to amend their expert reports, re-depose their witnesses and revise their theories of liability in light of any new evidence discovered in BARGE. Such a result is a waste of time and resources for both the Court and the parties in the MRGO litigation.

Finally, the current schedule in MRGO has become increasingly unworkable in light of the extraordinary amount of documents that recently have been produced (and will continue to be produced through February 29, 2008) in this litigation. In the last several weeks alone, WGII has received more than 300 CDs or DVDs and at least 14 hard drives of electronic media from the USACE. In addition to the USACE productions, WGII still is reviewing rolling productions received (and expected) from the Orleans Levee District, Sewerage &Water Board and numerous third parties. These materials—estimated to contain many millions of pages combined—need to be reviewed by the lawyers (and in some cases the experts) prior to beginning most fact and expert depositions in MRGO. Accordingly, it is simply unrealistic to expect WGII to submit its *final* exhibit and fact-witness lists by March 20, 2008, and to complete all its fact depositions by May 16, 2008. *See* Ex. 1.

911654v.1

## II. Like in MRGO, Further Class-Certification Proceedings In BARGE Should Be Stayed Until Threshold, Dispositive Motions Are Resolved.

In its November 7, 2007 Order, the Court continued class-certification proceedings in MRGO until *after* it renders decisions on: (1) the 702c immunity of the Army Corps of Engineers in LEVEE and MRGO; (2) the Rule 12 and Rule 56 motions by WGII; (3) and any motion to strike class-action allegations by the United States. *See* Order and Reasons (Doc. No. 8928), at 2-3 ("The Court has determined that the best use of its resources is to address and decide these dispositive motions which could have a significant affect on class certification *prior* to taking up the issue of certification."). Since that time, the Court has made significant progress on resolving these pending and/or proposed dispositive motions. Indeed, the consolidated complaint against the United States in LEVEE was dismissed on immunity grounds on January 30, 2008, and a hearing is scheduled regarding similar assertions of immunity in *Robinson* and BARGE next month, on March 11, 2008. Moreover, after receiving the Order denying its motion to dismiss on November 28, 2007, WGII is preparing to file its summary judgment motion on the government contractor defense after it receives and reviews the remaining relevant USACE documents and the parties have had an opportunity to take limited depositions that may be required by the motion.

Accordingly, because the stay of class-certification in MRGO and LEVEE has enabled the Court to determine which defendants will remain standing for purposes of class certification, there is no reason that the same stay should not be entered in BARGE. This is particularly true where some of the same defendants in BARGE (including WGII, the United States and the Orleans Levee District) already expended millions of dollars to oppose class certification in the now-stayed LEVEE and/or MRGO case categories, which included propounding and answering extensive class-certification written discovery, exchanging volumes of documents, participating

911654v.1

in more than 30 fact depositions, inspecting more than 40 properties, exchanging 14 expert reports, taking 12 expert depositions, filing and opposing *Daubert* motions and preparing lengthy opposition briefs. Before the parties embark on this very time-consuming and expensive class-certification discovery process again, threshold dispositive motions should be resolved. *See, e.g., Chevron USA, Inc., v. Vermilion Parish School Board*, 215 F.R.D. 511, 515 (W.D. La. 2003) (motions presenting dispositive issues, which do not require the Court to resolve the underlying merits of the complaint, should be disposed of prior to ruling on a class-certification motion); *Ladd v. Equicredit Corp. of Am.*, No. 00-2688, 2001 WL 175236, at *1 (E.D. La. Feb. 21, 2001) (holding that "in the interests of justice and judicial economy" it was appropriate "to stay all class certification issues until it is determined whether [plaintiff] has any valid claims against the [defendant]"); Manual for Complex Litigation, § 21.133 (4th ed. 2007) ("Courts should rule early on motions to dismiss, challenging whether plaintiffs have stated a cause of action. Early resolution of those questions may avoid the expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits.").

Finally, WGII respectfully requests that the parties have an opportunity to address the issues set forth in the chart attached hereto as Exhibit 1, which attempts to identify apparent scheduling problems and/or inconsistencies between the BARGE and MRGO case categories so that an efficient, workable resolution can be reached shortly.

## **CONCLUSION**

For the foregoing reasons, and good cause shown, WGII respectfully requests that its Motion For A Scheduling Conference And/Or To Amend Case Management Orders be granted.

911654v.1

- 6 -

Dated:  February 13, 2008                    Respectfully submitted,

>  /s/Heather S. Lonian
> William D. Treeby, 12901
> Carmelite M. Bertaut, 3054
> Heather S. Lonian, 29956
>         Of
> Stone Pigman Walther Wittmann L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Telephone:  (504) 581-3200
> Facsimile:   (504) 581-3361
>
> Attorneys for Washington Group
> International, Inc.
>
> Of counsel
> Adrian Wager-Zito
> Debra S. Clayman
> Jones Day
> 51 Louisiana Avenue, N.W.
> Washington, D.C. 20001-2113
> Telephone:  (202) 879-4645
> Facsimile:  (202) 626-1700

911654v.1

- 7 -

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 13th day of February, 2008 a copy of the above and foregoing Motion for Scheduling Conference and/or to Amend Case Management Orders was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States Mail, properly addressed and postage prepaid.

                            */s/Heather S. Lonian*

911654v.1