IN THE MATTER OF INGRAM
BARGE

CASE NO.:  05-4182

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE

May it please the Court:

This memorandum is submitted on behalf of the Secretary, Department of Revenue, State

of Louisiana, in support of her motion to quash the subpoena[1] issued at the request of Karen

Wiedemann, plaintiff's attorney.

**FACTS:**

The Records Custodian of the Louisiana Department of Revenue has been served with a

subpoena seeking the Records Custodian to appear and be deposed and produce the items listed

on the Notice of FRCP 45 Production Request that was attached to the subpoena, at 2:30 o'clock

P.M., at Wiedemann & Wiedemann, 821 Baronne Street, New Orleans, LA 70113 on February

29, 2008.

**LAW:**

Under La. R.S. 47:1508, the Department's employees are not allowed to divulge or

disclose any information obtained from such records and files. In fact, if any officer, employee or

agent of the Department complies with the subpoena, he would subject himself to criminal

penalties as provided in the above statute and in La. R.S. 47:1508.1. This statute expressly

---

[1] A copy of the subpoena at issue is attached to the motion as Exhibit "A".

prohibits the disclosure of "any information" obtained from the records and files maintained on any taxpayer, except under very limited circumstances, none of which exist here.

La. R.S. 47:1508 A provides, in pertinent part:

> (1)     Except as otherwise provided by law, the records and files of the Secretary of the Department of Revenue or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property tax assessments rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. ...

> \* \* \*

> (3)     Neither the Secretary nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.

Since the subpoena is not issued in connection with a proceeding in the administration or enforcement of the tax laws, or for any other of the specific reasons listed in La. R.S. 47:1508, it must be quashed.

Sub-section C of the statute provides penalty provisions:

> Whoever violates any provisions of this Section by divulging information unlawfully shall be punished by imprisonment for not more than two years or fined not more than ten thousand dollars, or both.

Additionally, La. R.S. 47:1508.1 provides for penalties.

**CONCLUSION:**

Accordingly, the Secretary of the Department of Revenue for the State of Louisiana prays that this subpoena seeking confidential information from the records of the Department be quashed.

Respectfully submitted,

_Antonio Ferachi_

Antonio Ferachi (30498)
Frederick Mulhearn (19075)
Donald Bowman (29774)
Louisiana Department of Revenue
Legal Division
617 North Third Street (70802)
Post Office Box 4064
Baton Rouge, Louisiana   70821-4064
Phone (225) 219-2080, Fax (225) 219-0861
**Attorneys for Cynthia Bridges, Secretary,**
**Louisiana Department of Revenue**

## CERTIFICATE

I, hereby certify that the above and foregoing motion has been mailed, postage prepaid and properly addressed, to Karen Wiedemann, 821 Baronne Street, New Orleans Louisiana 70113, this _30th_ day of _January_, 2008.

_Antonio Ferachi_

ANTONIO FERACHI

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ LOUISIANA

IN THE MATTER OF INGRAM BARGE

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-4182

TO:  LOUISIANA DEPARTMENT OF REVENUE, THROUGH ITS
SECRETARY, CYNTHIA BRIDGES
617 NORTH THIRD STREET
BATON ROUGE, LA 70802

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION  WIEDEMANN & WIEDEMANN, 821 BARONNE STREET, NEW ORLEANS, LA 70113 | DATE AND TIME  2/29/2008 2:30 pm |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See attahced Notice of FRCP 45 Production Request

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   plaintiffs | DATE  1-28-08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
KAREN WIEDEMANN, (LSBA #21151)
821 Baronne Street, New Orleans, LA 70113, (504) 581-6180

(See Rule 45, Federal Rules of Civil Procedure, (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

A

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

|  |
|---|
| DATE |

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Received by: David
Hansen
1/30/08 11:00 a.m.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * * | and consolidated cases |
| | * * | SECTION "K"  (2) |

| | | * | |
|---|---|---|---|
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAG. |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | | * | |

## NOTICE OF FRCP 45 PRODUCTION REQUEST

TO:    All Counsel

**YOU ARE HEREBY NOTIFIED** of the FRCP 45 Production Request of the following named organization, to produce under oath, before a court reporter or other person authorized to administer oaths, at the place, date and time stated below, to continue from day to day until concluded, the documents and things specified below.

You are invited to attend and participate as is appropriate according to law.

**RESPONDENT:**                      **Louisiana Department of Revenue**
Records Custodian
617 North Third Street
Baton Rouge, LA 70802

**LOCATION:**                          **Law Office of Brian A. Gilbert**
**821 Baronne Street**
**New Orleans, Louisiana   70113**

**DATE/TIME:**                    **February 29, 2008 2:30 p.m.**

Please appear and produce at the Law Office of Brian A. Gilbert, 821 Baronne Street, at 2:30

p.m. on February 29, 2008, any and all of the following:

(1)     Any and all documents and things reflecting annual and monthly business sales tax receipts,
         business income taxes, business employment taxes  for each individual business
         geographically located, headquartered, operated and/or doing business in or from the New
         Orleans and St. Bernard Parish geographic area bounded on the west by the Industrial Canal,
         on the south by the Mississippi River, on the north by Florida Avenue and railroad tracks in
         Orleans and by the 40 Arpent Canal in St. Bernard, and on the east by Paris Road, as follows:

         A       the three years or thirty-six months prior to August 29, 2005;

         B.      the years and months thereafter;

(2)     Aggregate annual and monthly sales and all other business tax receipts for any part of the
         above geographic area;

         A.      the three years or thirty-six months prior to August 29, 2005;

         B.      the years and months thereafter; and

(3)     Documents discussing changes in assessed valuations of businesses, lands and/or of
         structures pre-Katrina and post-Katrina, whether or not the document explicitly refers to
         Katrina or the date of Katrina, relative to businesses within the said geographic area;

(4)     Any and all documents and things reflecting annual and monthly individual and personal
         taxes for persons and individuals and their property geographically located, headquartered,
         operated and/or residing and/or situated  in or from the New Orleans and St. Bernard Parish
         geographic area bounded on the west by the Industrial Canal, on the south by the Mississippi
         River, on the north by Florida Avenue and railroad tracks in Orleans and by the 40 Arpent
         Canal in St. Bernard, and on the east by Paris Road, as follows:

         A       the three years or thirty-six months prior to August 29, 2005;

         B.      the years and months thereafter;

(5)     Aggregate annual and monthly personal and individual and all other tax receipts for any part
         of the above geographic area;

         A.      the three years or thirty-six months prior to August 29, 2005;

B.      the years and months thereafter; and

(6)     Documents discussing changes in assessed valuations of businesses, lands and/or of structures pre-Katrina and post-Katrina, whether or not the document explicitly refers to Katrina or the date of Katrina, relative to businesses within the said geographic area.

(7)     Documents reflecting the identities of all persons who prepared or compiled the data and documents and things described above.

(8)     Affidavit of authenticity of all of the foregoing.

Respectfully submitted
By BARGE P.S.L.C.

\S\ Brian A. Gilbert
**BRIAN A. GILBERT (#21297)**
821 Baronne Street
New Orleans, Louisiana  70113
Phone: 504/885-7700
Phone: 504/581-6180
Fax: 504/581-4336
Attorney for Plaintiffs

\S\ Lawrence D. Wiedemann
**LAWRENCE D. WIEDEMANN (#13457)**
**KARL WIEDEMANN (#188502)**
**KAREN WIDEMANN (21151)**
821 Baronne Street
New Orleans, Louisiana  70113
Phone: 504/581-6180
Fax: 504/581-4336
Attorneys for Plaintiff

\S\ Patrick J. Sanders
**PATRICK J. SANDERS (#18741)**
3123 Ridgelake Drive, Ste. B
Metairie, Louisiana  70002
Phone: 504/834-0646
Fax: 504/835-2401
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 28th day of January, 2008.

\s\Brian A. Gilbert