UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
|---|---|---|
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| INSURANCE 07-6247 | § | |
| | § | |

## ANSWER AND DEFENSES WITH JURY DEMAND

COMES NOW, by and through undersigned counsel, the Defendant, State Farm Fire and Casualty Company ("State Farm"), and files this Answer and Defenses and, in support of same, states as follows:

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims stated in the Petition are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

### THIRD DEFENSE

AND NOW, answering the severally numbered articles of the Petition for Damages, State Farm respectfully avers:

1

1.

The allegations in paragraph 1 of the Petition for Damages are admitted upon information and belief.

2.

The allegations in paragraph 2 of the Petition for Damages are admitted.

3.

State Farm admits that Plaintiffs' loss occurred in Orleans Parish and that the policy covering the property at issue was entered into in Orleans Parish but denies that venue and jurisdiction are proper in the Civil District for the Parish of Orleans for the reasons stated in State Farm's notice of removal. State Farm admits that venue and jurisdiction are proper in this federal court.

4.

The allegations in paragraph 4 of the Petition for Damages are denied.

5.

The allegations in paragraph 5 of the Petition for Damages denied for lack of sufficient information to justify a belief therein.

6.

State Farm admits that the policy number 18-EV-1050-2 was in effect on August 29, 2005, and otherwise denies the allegations of paragraph 6 of the Petition as written. The policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

7.

The allegations in paragraph 7 of the Petition for Damages are admitted.

8.

The allegations contained in paragraph 8 of the Plaintiffs' Petition are denied for lack of sufficient information and/or knowledge to justify a belief therein.

9.

The allegations of paragraph 9 of the Petition are denied except to admit the date and general location of Hurricane Katrina.  It is specifically denied that Petitioner's apartment suffered heavy wind damage, other than the damage for which Plaintiff has already been compensated by State Farm under her renters policy.

10.

The allegations of paragraph 10 of the Petition are denied. It is specifically denied that Petitioner's property suffered substantial wind and rain damage, other than the damage for which Plaintiff has already been compensated by State Farm under her renters policy.

11.

The allegations in paragraph 11 of the Petition for Damages are denied.

12.

The allegations contained in paragraph 12 of the Plaintiffs' Petition are denied for lack of sufficient information and/or knowledge to justify a belief therein.

13.

The allegations contained in paragraph 13 of the Plaintiffs' Petition are denied for lack of sufficient information and/or knowledge to justify a belief therein.

14.

The allegations in paragraph 14 of the Petition for Damages are denied.

15.

The allegations in paragraph 15 of the Petition for Damages are denied.

16.

State Farm admits that Plaintiffs provided some documentation of their losses, but denies that Plaintiffs provided it with satisfactory proof of loss covered by the policy at issue, as to the losses for which Plaintiffs seek to recover in this litigation. It is specifically pled herein that State Farm has paid any losses attributable to wind and that any losses not paid by State Farm are attributable to water, more specifically flood, and are excluded under the policy. Except as admitted, the allegations of paragraph 16 of the Petition are denied as written.

17.

The allegations in paragraph 17 of the Petition for Damages are denied as written. The policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

18.

The allegations in paragraph 18 of the Petition for Damages are denied as written. The policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

19.

The allegations in paragraph 18 of the Petition for Damages are denied as written. The policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

20.

The allegations in paragraph 20 of the Petition for Damages are denied.

21.

The allegations contained in paragraph 21 of the Plaintiffs' Petition are denied as written as they contain, or call for, legal conclusions on substantive issues of law and/or fact.

22.

The allegations in paragraph 22 of the Petition for Damages are denied. State Farm avers that at all times pertinent, it acted in good faith and in compliance with all applicable statutory laws.

23.

The allegations in paragraph 23 of the Petition for Damages are denied. State Farm avers that at all times pertinent, it acted in good faith and in compliance with all applicable statutory laws.

24.

State Farm admits that Plaintiffs provided some documentation of their losses, but denies that Plaintiffs provided it with satisfactory proof of loss covered by the policy at issue, as to the losses for which Plaintiffs seek to recover in this litigation. It is specifically pled herein that State Farm has paid any losses attributable to wind and that any losses not paid by State Farm are

attributable to water, more specifically flood, and are excluded under the policy. Except as admitted, the allegations of paragraph 24 of the Petition are denied as written.

25.

The allegations in paragraph 25 of the Petition for Damages are denied. State Farm avers that at all times pertinent, it acted in good faith and in compliance with all applicable statutory laws.

26.

The allegations in paragraph 26 of the Petition for Damages are denied.

27.

The allegations in paragraph 27 of the Petition for Damages are denied.

28.

The allegations in paragraph 28 of the Petition for Damages are denied.

29.

The allegations in paragraph 29 of the Petition for Damages are denied.

30.

The allegations in paragraph 30 of the Petition for Damages do not require a response from State Farm.

31.

The plaintiff is not entitled to the relief sought in paragraph 31 of the Petition for Damages.

## FOURTH DEFENSE

The damages sought by Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm insurance policy.

FIFTH DEFENSE

Neither Paul Robicheaux nor State Farm had any general or specific duties to Plaintiffs under the facts alleged in Plaintiffs' petition. Further, assuming arguendo that either and/or both Paul Robicheaux and State Farm had general and/or specific duties to the insured under the facts alleged, no such duties were breached.

SIXTH DEFENSE

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the policy at issue, as is required by jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm insurance policy.

SEVENTH DEFENSE

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under their insurance policy, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit or a setoff for all amounts previously paid.

EIGHTH DEFENSE

To the extent that State Farm has made any payments to which Plaintiffs are not entitled, State Farm reserves and asserts its rights to recover those amounts by reconventional demand or counter-claim.

NINTH DEFENSE

State Farm avers that any item of damage claimed by Plaintiffs against the insurance policy at issue which resulted from flood damage, regardless of whether such damage is

7

allegedly related to storm surge or to any breach, break, or collapse of any levee, floodwall or flood protection structure, or allegedly related to the alleged negligence, gross negligence, or inaction of any government official or agency at any level, are barred by the water damage exclusion of the policy, which provides:

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . . .

    c. **Water Damage**, meaning:

        (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not . . . .

## TENTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

2. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault or unsoundness in:

    (1) planning, zoning, development, surveying, siting;

    (2) design, specifications, workmanship, construction, grading, compaction;

    (3) materials used in construction or repair; or

    (4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c.       weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## ELEVENTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

1.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

**g.    Fungus**. We do no cover:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair or replacement, by fungus;

(2) any remediation of **fungus**, including the cost to:

(a) remove the **fungus** from covered property or to repair, restore, or replace that property; or

(b) tear out and replace any part of the building or other property as needed to gain access to the **fungus**; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

## TWELFTH DEFENSE

State Farm avers that that insurance policy at issue excludes the following losses:

1.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to

produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

d.   **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

### THIRTEENTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives.  If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for which State Farm is not responsible.

### FOURTEENTH DEFENSE

State Farm avers that if any of Plaintiffs' damages are a result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### FIFTEENTH DEFENSE

Plaintiffs' recovery pursuant to the policy at issue, if any, is limited to any previously uncompensated losses covered by such policy.  Plaintiffs may not recover for losses previously compensated under any policy providing flood insurance and State Farm reserves its right to seek an offset for such payments.

### SIXTEENTH DEFENSE

To the extent that Plaintiffs were insured under a flood insurance policy and received payment pursuant to such policy for Hurricane Katrina losses, Plaintiffs are estopped from asserting or claiming that any losses previously compensated under their flood insurance policy were caused by wind.

### SEVENTEENTH DEFENSE

State Farm adjusted Plaintiffs' claim in good faith, in accordance with the terms and conditions of the applicable State Farm insurance policy, and in compliance with applicable statutory or jurisprudential law.

### EIGHTEENTH DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

### NINETEENTH DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### TWENTIETH DEFENSE

To the extent that Plaintiffs allege that State Farm or the insurance agent made misrepresentations that misled them about coverage for "hurricane" damage or the scope of their policies' conditions and exclusions, Plaintiffs were in possession of clear policy language indicating such damage was excluded. An insured is responsible for reading his policy and presumed to know its terms, such that Plaintiffs could not justifiably rely on any alleged misrepresentations of State Farm or the insurance agent about the type of coverage they had when they were in possession of the policy which made clear indications to the contrary.

### TWENTY-FIRST DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and/or its Agent and, as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of their insurance policies, particularly the State Farm renters policy.

## TWENTY-SECOND DEFENSE

Although State Farm denies that State Farm in any manner breached its contractual or statutory duties to the plaintiffs, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## TWENTY-THIRD DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under their State Farm policy, State Farm pleads such representations are in violation of the terms and conditions of said policy thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said policy which are pled as if copied in their entirety.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiffs claim that they may be entitled to recovery under their insurance policy in accordance with LSA-R.S. 22:695, Louisiana's Valued Policy Law, State Farm denies that the Valued Policy Law applies to this claim. State Farm further avers that Plaintiff's have not suffered a total loss, and that their loss was not caused by a covered peril, but was instead caused by an excluded peril.

## TWENTY-FIFTH DEFENSE

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm contends that these amendments do not have retroactive effect.

TWENTY-SIXTH DEFENSE

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm avers that to give retroactive effect to such amendments, or to apply them to alleged violations that occurred prior to the effective date of the amendments, would violate the due process provisions and prohibition against ex post facto laws found in the Constitutions of the United States and the State of Louisiana.

TWENTY-SEVENTH DEFENSE

Should it be found that the damages sought by Plaintiffs were caused in part by a covered peril and that any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

TWENTY-EIGHTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek a retroactive rate revision of the applicable State Farm insurance policy or to impose on State Farm a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission ("LIRC") in accordance with LSA-R.S. 22:1401, *et seq.*, in violation of the filed rate doctrine and Louisiana law.

TWENTY-NINTH DEFENSE

Some or all of Plaintiffs' claims constitute an improper attempt to achieve de novo judicial review or otherwise to collaterally attack the prior decisions of the Louisiana Department of Insurance ("LDI") and LIRC contrary to procedures established by settled Louisiana law. Therefore, Plaintiffs' claims are barred by separation of powers.

13

### THIRTIETH DEFENSE

Some or all of Plaintiffs' claims interfere with the exclusive or primary jurisdiction of the LDI and LIRC, including their jurisdiction over forms, rates, and penalties.

### THIRTY-FIRST DEFENSE

State Farm has detrimentally relied upon prior approval of its rates and policy forms by the LDI and LIRC and upon acceptance by its policyholders of policies offered in accordance with the approved rates and forms.

### THIRTY-SECOND DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to impair the obligations of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### THIRTY-THIRD DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

THIRTY-FOURTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

THIRTY-FIFTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a deprivation of liberty and property in contravention of State Farm's due process rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

THIRTY-SIXTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to deprive State Farm of equal protection in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

THIRTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims are preempted by the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq., and the Supremacy Clause of the Constitution of the United States.

THIRTY-EIGHTH DEFENSE

Plaintiffs' claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Louisiana.  Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

JURY TRIAL REQUEST

State Farm, pursuant to Fed. R. Civ. Proc. 38, requests a trial by jury as to all parties and issues herein that are triable to a jury.

RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at their costs, and for all general and equitable relief.

Respectfully submitted,

**PORTEOUS, HAINKEL & JOHNSON**

   /s Chad J. Primeaux
PATRICK D. DeROUEN, ESQ. (#20535)
LAURIE L. DeARMOND, ESQ (#26622)
CHAD J. PRIMEAUX, ESQ. (#30024)
GUY H. BUMPAS, IV, ESQ. (#29546)
704 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3838
Fax: (504) 581-4069
Email: pderouen@phjlaw.com
       ldearmond@phjlaw.com
       cprimeaux@phjlaw.com
       gbumpas@phjlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

   /s Chad J. Primeaux
**CHAD J. PRIMEAUX**