UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO MRGO | § | |
| | § | |
| *Robinson*, No. 06-2268 | § | |
| _____ | § | |

### DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF ALFRED C. NAOMI AND GERARD A. COLLETTI

Plaintiffs have objected to the Declaration of Alfred C. Naomi, on the ground that it is not based on personal knowledge as required by Fed. R. Civ. P. 56(e). Plaintiffs argue that the declaration, which was filed with the United States' Motion to Dismiss, or in the Alternative, for Summary Judgment, should be stricken because Mr. Naomi did not actually state that he has personal knowledge of the facts contained therein. Plaintiffs' objection should be overruled because the declaration reflects that it is based on personal knowledge. There is no requirement that a declaration must include an express statement that it is based on personal knowledge.

In support of their objection, Plaintiffs cite *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003). The affidavit at issue in *Bolen* explicitly stated that the information contained therein was based on "information and belief." The court struck the affidavit because it was "expressly based

merely on information and belief" and therefore not based on personal knowledge. *Bolen*, 340 F.3d at 313. Mr. Naomi does not state in his declaration that his statements are based on information and belief; hence *Bolen* is inapposite.

There is no requirement that a declaration or affidavit state that it is based on personal knowledge. Personal knowledge can be inferred from the affiant's position. In *DIRECTV, INC. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005), the Fifth Circuit stated that "while an affidavit certainly *can* explicitly state that it is based on 'personal knowledge,' there is no requirement for a set of magic words." (emphasis in original). The *Budden* Court found that given the affiant's position, or "'sphere of responsibility,'" he was deemed to have personal knowledge of the subject matter at issue in the absence of an express statement of knowledge.

In the present case, Mr. Naomi explicitly stated in the declaration his sphere of responsibility at the United States Army Corps of Engineers and the subject matters with which he was familiar. From 1998-2005, Mr. Naomi was a project manager in the Planning, Programs and Project Management Division, a position that included management of the Lake Pontchartrain and Vicinity Hurricane Protection Project (LPV). Declaration of Alfred C. Naomi, Exh. 79 ¶¶ 2, 3. As a project manager of the LPV, Mr. Naomi was familiar with authorization, appropriation, design, construction and maintenance of the LPV levees, including those along the MRGO. Exh. 79 ¶ 4. Moreover, on November 15, 2007, Plaintiffs deposed Mr. Naomi as the Corps' 30(b)(6) witness regarding the design and construction of the LPV levees. Plaintiffs are well aware that Mr. Naomi is the person at the Corps with the most knowledge on the matters covered in his declaration as they spent hours exploring his vast knowledge at the deposition.

In the declaration, Mr. Naomi provided statements of fact directly related to his responsibilities as a project manager of the LPV and he relies on documents that he used during

the course of his management responsibilities.  With regard to the documents specifically cited, Mr. Naomi obviously had personal knowledge of these documents as he discussed them in detail in the declaration.  Plaintiffs motion to strike Mr. Naomi's declaration should be denied because he clearly had personal knowledge of the information in his declaration given the scope of his management position at the Corps.

To the extent that Plaintiffs seek to strike or discredit the declaration of Gerard A. Colletti on the ground that he lacks personal knowledge, this allegation should fail as well.  In his declaration, Mr. Colletti, currently Assistant Chief of Operations Division of the Corps' New Orleans District, enumerated pertinent details of his thirty year career with the Corps.  For the past twenty-five years, he has participated in periodic inspections of hurricane protection levees, including an inspection of the LPV levees in St. Bernard Parish prior to Hurricane Katrina in 2005.  Declaration of Gerard A. Colletti, Exh. 78 ¶¶ 2, 3.  Mr. Colletti personally inspected these LPV levees, driving on top of and next to the levees that spanned St. Bernard Parish.  Mr. Colletti's declaration provided details of this inspection.  It is indisputable that Mr. Colletti has personal knowledge of inspections that he conducted in St. Bernard Parish and his statements speak for themselves.

Plaintiffs also make a number of objections to specific statements contained in the declarations of Messrs Naomi and Colletti on the following grounds:  vague and ambiguous, assumes facts not in evidence, speculation, and lack of foundation.  Plaintiffs' "discussions" for these objections are merely allegations that the declarants' statements are false or inaccurate.  Federal Rule of Civil Procedure 56(e) prohibits an adverse party from resting upon mere allegations or denials.  Rather, the adverse party's response must set forth specific facts showing a disputed factual issue through affidavits or as otherwise permitted by Rule 56.  Fed. R. Civ. P.

56(e). Plaintiffs' objections are inappropriate as they are nothing more than baseless allegations that the declarants' statements are false or incorrect.

## CONCLUSION

For these reasons, Plaintiffs' objections should be overruled.

                                Respectfully submitted,

                                JEFFREY S. BUCHOLTZ
                                Acting Assistant Attorney General

                                PHYLLIS J. PYLES
                                Director, Torts Branch

                                JAMES G. TOUHEY, JR.
                                Assistant Director, Torts Branch

                                s/ Robin D. Smith
                                ROBIN D. SMITH
                                Senior Trial Counsel, Torts Branch
                                MICHELE S. GREIF
                                Trial Attorney, Torts Branch
                                U.S. Department of Justice
                                Benjamin Franklin Station, P.O. Box 888
                                Washington, D.C.  20044
                                (202) 616-4400 / (202) 616-5200 (Fax)
                                Attorneys for the United States

**CERTIFICATE OF SERVICE**

      I certify that on February 15, 2008, I served a true copy of the foregoing motion upon all counsel of record by ECF.

                                            s/ Robin D. Smith
                                            Robin D. Smith