UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES * | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | NO. 05-4182 "K" (2) |
| * | JUDGE DUVAL |
| * | MAGISTRATE WILKINSON |
| FILED IN:   07-5356, 07-5347, 07-5350, 07-5254, * | |
| 07-5286, 07-5375, 07-5366, 07-5355, * | |
| 07-5339, 07-5344, 07-5343, 07-5327, * | |
| * | |
| PERTAINS TO MARRERO LAND, WETCO * | |
| ENTERCOMM COMMUNICATIONS, CII * | |
| CARBON, INC., UNIVERSAL HEALTH * | |
| SERVICES, KAREN BELL, WHITE, III, * | |
| DR. FREDERICK KEPPEL, LIBERTY BANK * | |
| AND TRUST COMPANY, HAROLD SLOAN * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO ADOPT DEFENDANT SEWAGE AND WATER BOARD'S
12(b)(6) MOTION TO DISMISS OR IN THE ALTERNATIVE
<u>DISMISS DUPLICATIVE MOTIONS BASED UPON LIS PENDENS</u>**

Defendant Lake Borgne Basin Levee District, ("LBBLD"), submits the following Memorandum in support of its Motion to adopt defendant Sewage and Water Board's 12(b)(6) Motion to Dismiss based upon prescription. In the event this Honorable Court denies defendant Sewerage & Water Board's 12(b)(6) Motion, which LBBLD has requested to adopt, defendant submits a memorandum in support of its Motion to Dismiss plaintiffs duplicative lawsuits based upon the doctrine of lis pendens.

## I. BACKGROUND

Plaintiffs filed the above numbered lawsuits in connection with damages sustained to their property as a result of the levee breaches which occurred during and shortly after Hurricane Katrina. Plaintiffs' complaints assert a number of claims against LBBLD, all arising out of state law. Shortly after filing their initial lawsuits, plaintiffs filed identical lawsuits naming the same defendants, also in the United States District Courthouse for the Eastern District of Louisiana. In the event this Honorable Court deems plaintiffs' claims have prescribed, as set forth in defendant SWB's Motion to Dismiss, such a finding should also apply to defendant LBBLD as plaintiffs' claims against it arise out of state law. In the alternative, defendant submits that the duplicative lawsuits should be dismissed based upon the doctrine of lis pendens.

## II. LAW AND ARGUMENT

The purpose of a Motion to Dismiss pursuant to Federal Rules of Procedure, Rule 12(B)(6), is to test the sufficiency of the complaint and not to judge the merits of the case. *First National Bank of Louisville v. Lusting,* 809 F.Supp. 444 (E.D. La. 1992). The complaint must be liberally construed in favor of the plaintiff, and all the facts pleaded in the complaint must be taken as true to determine whether the plaintiff has any valid claim for relief. *U.S. Ex Rel. Thompson v. Columbia HCA/Healthcare Corp.,* 125 F. 3d 899.901 (5th Cir. 1997).

Louisiana Code of Civil Procedure article 531 governs duplicative proceedings filed in Louisiana courts, stating in part that, "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as

provided in Article 925." La.C.C.P. 531. In contrast, article 532 of the Louisiana Code of Civil Procedure applies "[w]hen a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered." The Louisiana Supreme Court has observed that principal purpose of the above articles "is to prevent a series of vexatious suits by the same plaintiff against the same defendant in the same transaction or occurrence." *Southwestern Electric Power Co. v. Amax, Inc.*, 93-1613 (La. 7/7/93) 621 So.2d 615.

The comments to article 532 indicates that the strict rules of lis pendens will not be applied unless both suits are pending in Louisiana courts. La.C.C.P. article 532 comment (a). In other words, the second filed action will not be dismissed unless both suits were filed in Louisiana state courts. In contrast, when a state court lawsuit is filed subsequently to a lawsuit pending in a United States District Courthouse, a trial judge has the discretion to stay, rather than dismiss, the proceedings. *Id.; Goldblum v. Boyd*, 267 So.2d 610, 613 (La.App. 2 Cir. 1972).

In *Amoco Production Co. v. Texas Gas Transmission Corp.*, the Louisiana Fourth Circuit Court of Appeal observed that the legislature specifically limited the authority of a trial court to determine the disposition of identical proceedings arising under an article 532 fact pattern. *Amoco Production Co. v. Texas Gas Transmission Corp.*, 487 So.2d 575 (La.App. 4 Cir. 1986). This less stringent version of lis pendens found under article 532 has been

3

recognized to be a function "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Goldblum v. Boyd*, 267 So.2d 610, 613 (La.App. 2 Cir. 1972) *citing Landis v. North American Co*. 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed 153 (1936).  Thus, a trial judge has the power to dismiss matters falling under article 531 as there is no conflict between courts of differing jurisdictions.

In the instant matter, plaintiff has filed two identical suits arising out of state law in the United States District Court for the Eastern District of Louisiana.  Defendant submits that although neither article 531 or 532 are directly applicable, the principles set forth in article 531 should control.  As both identical suits were filed in the same court, no conflict between courts of different jurisdictions exists as it does under matters falling under article 532.  Thus, the justifications for a discretionary stay, rather than a mandatory dismissal, are not present as the matter at hand.  Accordingly, defendant submits that plaintiff's second filed lawsuit should be examined under the principles set forth in article 531, in order to avoid this "series of vexatious suits by the same plaintiff against the same defendant in the same transaction or occurrence." *Southwestern Electric, supra*.

In order to prevail on an exception of lis pendens under article 531, a defendant must demonstrate that there are two or more suits pending, that both proceedings involve the same transaction or occurrence and that both cases are between the same parties in the same capacities. *Glass v. Alton Ochsner Medical Foundation,* 2002-0412 (La.App. 4 Cir. 11/6/02) 832 So.2d 403.  Additionally, an inquiry must be made into whether a final judgment in the first suit would be res

4

judicata on the subsequently filed suit.  *Glass v. Alton Ochsner Medical Foundation,* 2002-0412 (La.App. 4 Cir. 11/6/02) 832 So.2d 403.  Louisiana courts have often noted that the exception of lis pendens is governed by the same requirements as the exception of res judicata. Specifically, both exceptions are properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities.  *Id*. at 406.

As noted above, plaintiffs have filed duplicative lawsuits naming the same parties in the United States District Court for the Eastern District of Louisiana.  There is no question that a final judgment in the first suit would be res judicata as to the subsequently filed suit, as both suits involve the same allegations against the same parties.   As such, defendant respectfully submits that plaintiffs' second filed lawsuits should be dismissed pursuant to the doctrine of lis pendens set forth in Louisiana Code of Civil Procedure article 531.

### III.  CONCLUSION

For the reasons set forth above, defendant LBBLD's should be allowed to adopt SWB's Motion to Dismiss based on prescription.  In the event SWB's Motion is denied, LBBLD's Motion to Dismiss plaintiffs' second flied lawsuit should be granted.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON,
 PFISTER & WEINSTOCK**

*S/Jennifer M. Morris*
_____
**ANDREW D. WEINSTOCK (#18495)
JENNIFER M. MORRIS (#29936)**
3838 N. Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
**ATTORNEY FOR BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT**

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2008, a copy of the foregoing Board of Commissioners for the Lake Borgne Basin Levee District was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

*S/Jennifer M. Morris*
_____
JENNIFER M. MORRIS (#29936)

6