UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 "K" (2) <br> * |
| PERTAINS TO LEVEE: <br> MORIAL, No. 07-4551, WHITE, No. 07-4553, <br> METROLAB, No. 07-4557, SAVOY, No. 07-4558, MINTZ, No. 07-4559, HURWITZ, No. 04-4560, DOLEY, No. 07-4561, MORIAL, No. 07-4563, DILLARD, No. 07-4948, ST. AUGUSTINE, No. 07-4949, HARRISON, No. 07-4952, LIBERTY, No. 07-4953, GERDES, No. 07-4957, UNION, No. 07-4959, HERTZ, No. 07-4960, PRYTANIA, No. 07-4963, PRAT, No. 07-4964, BERENSON, No. 07-4966, ADLER, No. 07-4967, ABUNDANCE, No. 07-4968, REDEMPTORIST, No. 07-4970, OMEGA, No. 07-4971, DOLEY, No. 07-4972, WELLS, No. 07-4973, ROBERT, No. 07-4974, MILLER, No. 07-4975, ENTERCOM, No. 07-4976, ADLER, No. 07-4977, SMYTH, No. 07-4978, WHITE, No. 07-4979, HAYDEL, No. 07-4980, PATTERSON, No. 07-4981, TREASURE, No. 07-4982, DOMINION, No. 07-4984, BAGNERIS, No. 07-4985, MORIAL, No. 07-4988, LOUISIANA, No. 07-4989, TANNER, No. 07-4990, ADLER, No. 07-4991, SOUTHPOINT, No. 07-4992, ADLER'S, No. 07-4993, BERENSON, No. 07-4994, CII, No. 07-4995, TOURO, No. 07-4996, IMPERIAL, No. 07-4997, PHYSICIAN, No. 07-4998, DOLEY, No. 07-5000, ROBERT, No. 07-5001, | * JUDGE DUVAL <br> * <br> * MAG. WILKINSON <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

1072294-1

| | |
|---|---|
| SHOPS, No. 07-5002, GREYSTAR, No. 07-5003, CAMBRIDGE, No. 07-5004, MAJESTIC, No. 07-5005, WHITE, No. 07-5006, UNITED, No. 07-5008, DAVIS, No. 07-5009, WETCO, No. 07-5012, DOLEY, No. 07-5014, MAJESTIC, No. 07-5015, UNIVERSAL, No. 07-5016, REID, No. 07-5017, XAVIER, No. 07-5018, EMBRY, No. 07-5019, GREEN-JOHNSON, No. 07-5155, CURTIS, No. 07-5193, UNIVERSAL, No. 07-5254, UNIVERSAL, No. 07-5286, DAVIS, No. 07-5314, OMEGA, No. 07-5315, GERDES, No. 07-5316, ABUNDANCE, No. 07-5317, UNION, No. 04-5318, DOLEY, No. 07-5319, SHOPS, No. 07-5321, WELLS, No. 07-5322, IMPERIAL, No. 07-5323, PHYSICIAN, No. 07-5324, BERENSON, No. 07-5325, ST. AUGUSTINE, No. 07-5326, ADLER, No. 07-5329, PRYTANIA, No. 07-5334, LOUISIANA, No. 07-5338, WETCO, No. 07-5339, CAMBRIDGE, No. 07-5340, ROBERT, No. 07-5341, UNITED, No. 07-5342, ADLER'S, No. 07-5345, MILLER, No. 07-5346, LIBERTY, No. 07-5347, DOLEY, No. 07-5348, GREYSTAR, No. 07-5349, UNIVERSAL, No. 07-5350, TREASURE, No. 07-5351, TOURO, No. 07-5352, EMBRY, No. 07-5353, REDEMPTORIST, No. 07-5354, CII, No. 07-5355, WHITE, No. 07-5356, DILLARD, No. 07-5359, WHITE, No. 07-5360, HERTZ, No. 07-5361, MORIAL, No. 07-5362, PRAT, No. 07-5363, DOMINION, No. 07-5364, BERENSON, No. 07-5365, XAVIER, No. 07-5367, DOLEY, No. 07-5368, ADLER, No. 07-5369, SOUTHPOINT, No. 07-5371, GREEN-JOHNSON, No. 07-5373, HAYDEL, No. 07-5374, ENTERCOM., No. 07-5375, ADLER, No. 07-5376, BAGNERIS, No. 07-5378, HARRISON, No. 07-5494, REID, No. 07-5495, SMYTHE, No. 07-5496, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * |

## REPLY IN FURTHER SUPPORT OF CSX CORPORATION'S MOTION TO DISMISS

Plaintiffs' Opposition to CSX Corporation's Motion to Dismiss ("Pl. Opp.") is both factually erroneous and legally misleading. Plaintiffs incorrectly assert that, despite conducting no business or other activity in Louisiana, CSX Corporation has sufficient contacts with this jurisdiction through a company website. But as shown below, the website permits customer contacts with CSX Corporation's subsidiary, CSX Transportation, not CSX Corporation. Moreover, plaintiffs have misinterpreted applicable case law pertaining to jurisdiction based on website activity and have misapplied Louisiana statutes to claim that service on CSX Corporation was proper.

CSX Corporation's affidavit in support of its motion to dismiss for lack of personal jurisdiction and improper service has not been refuted, and additional discovery is not warranted nor will it change the outcome here. CSX Corporation's motion to dismiss should be granted.[1]

### I.   The Court lacks personal jurisdiction over CSX Corporation.

Without rebutting *any* of the affirmative evidence put forth by CSX Corporation – evidence which establishes that CSX Corporation does not operate as a railroad; has never constructed, maintained or operated any railroad equipment, track, or roadbed; is not currently and has never been authorized to conduct business in the state of Louisiana; and does not conduct business in the state of Louisiana – plaintiffs instead rely on the existence of a website to

---

[1] In the alternative, should this Court determine that CSX Corporation is subject to personal jurisdiction in this forum, the claims against CSX Corporation should be dismissed for the reasons stated in CSX Transportation, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 10690) and this Court's Order and Reasons dismissing the claims against CSX Transportation, Inc. in the Superseding Master Consolidated Class Action Complaint (Dkt. No. 10984).

argue that this Court has general jurisdiction over CSX Corporation.[2] *Even if* the CSX Website[3] were sufficiently interactive to create general jurisdiction over anyone, plaintiffs' argument fails for the simple reason that the interactive components of the CSX Website are not related to *CSX Corporation* in any way. The "Corporate Structure" page of the CSX Website, which is accessible by link from every page of the site, plainly states: "As used in this Internet site, 'CSX,' 'CSXT,' or 'CSX Transportation' refers to CSX Transportation Inc., and 'CSX Corp.' or 'CSX Corporation' refers to CSX Corporation. CSX Corporation authorizes use of the CSX service mark to CSX Transportation, Inc., and other CSX Corporation subsidiaries."[4]

All of the references to "CSX" on the CSX Website, including the interactive features cited by plaintiffs, relate solely to CSX Transportation, Inc. ("CSXT"), a subsidiary of CSX Corporation. The CSX Website permits users to conduct certain remote business transactions with CSXT only – not CSX Corporation. Nowhere on the CSX Website may a user interact directly or indirectly with CSXT's parent company, CSX Corporation.

At best, plaintiffs could show that the CSX Website subjects CSXT to the jurisdiction of this Court. But jurisdiction over CSXT is not jurisdiction over CSX Corporation. It is firmly established that a corporation may not be subjected to personal jurisdiction in a forum with which it lacks minimum contacts "merely because its subsidiary is present and doing business there." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983); *see also Fruedensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("As a general

---

[2] Plaintiffs' reliance solely on a theory of general jurisdiction belies their claim that service was proper under La. Rev. Stat. § 13:3204. As discussed in Section III below, that statute only permits courier service where specific personal jurisdiction exists over an out-of-state defendant.

[3] As used herein, "CSX Website" refers to the collective web pages which may be accessed through the internet location http://www.csx.com.

[4] http://www.csx.com/?fuseaction=home.structure (**Exhibit 1**).

rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant is affiliated.").

Plaintiffs' representation that this website is interactive as to CSX Corporation is readily belied by a brief perusal of the site. CSX Corporation is referenced on the CSX Website only on pages addressing corporate governance and investor relations topics. These pages provide fixed information to website users, but do not permit users to interact with CSX Corporation in any manner. CSX Corporation is nothing more than a "passive" website user providing certain static information via the internet. This fact is insufficient to establish general personal jurisdiction over CSX Corporation. *See Mink v. AAA Development, Inc.*, 190 F.3d 333, 336 (5th Cir. 1999) ("With passive websites, personal jurisdiction is not appropriate."); *Southern Cooper, Inc. v. Specialloy, Inc.*, No. 00-50408, 2000 WL 1910176, at *3 (5th Cir. Dec. 22, 2000) (existence of a website does not create general jurisdiction where "[t]he website described the company and its products in general terms and was used merely for advertisement, providing details by which a reader could contact the company for more information."). The existence of the CSX Website, which allows CSXT's customers to interact with CSXT, does nothing to change the fact that CSX Corporation has not conducted any business in the State of Louisiana at any relevant time and is not subject to the jurisdiction of this Court.

## II.     Jurisdictional discovery is unnecessary in light of the unrebutted evidence that personal jurisdiction is lacking over CSX Corporation.

Plaintiffs rely on *Thompson v. Chrysler Motor Corp.* for the proposition that their allegations must be taken as true in considering whether they have made a *prima facie* showing of personal jurisdiction over CSX Corporation. Pl. Opp. at 5; *see* 755 F.2d 1162 (5th Cir. 1985). In doing so, plaintiffs mislead this Court by suggesting it should disregard the unrebutted

affidavit of Peter J. Shudtz, CSX Corporation's Vice President, which establishes that CSX Corporation lacks minimum contacts with the State of Louisiana. *See* Exhibit 2 to Mot. to Dismiss. In reality, *Thompson* instructs that "[t]he allegations of the complaint, ***except insofar as controverted by opposing affidavits***, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson*, 755 F.2d at 1165 (emphasis added). Plaintiffs' allegations that this Court has personal jurisdiction over CSX Corporation have been controverted by declaration,[5] and this Court need not accept those allegations in the absence of rebutting evidence from the plaintiffs. They have provided none.

Perhaps recognizing this, plaintiffs suggest that discovery is necessary "to shed light on [CSX Corporation]'s contacts with Louisiana" so that they may try to establish specific jurisdiction over CSX Corporation. Pl. Opp. at 9. But jurisdictional discovery is not a fishing expedition. Indeed, a plaintiff has no right to conduct jurisdictional discovery where the plaintiff fails to "describe the discovery they contend should have been allowed, what facts they hoped to obtain from such discovery, or how it would produce information that would support specific jurisdiction." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Nor is jurisdictional discovery warranted absent a preliminary showing of jurisdiction. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005), citing *Toys "R" Us, Inc. v. Two Step, S.A.*, 318 F.3d 446, 456 (3d Cir. 2006) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained."). Plaintiffs have made

---

[5] Pursuant to 28 U.S.C. § 1746, Mr. Shudtz's declaration, subscribed by him as true under penalty of perjury, has the same force and effect as a sworn affidavit.

1072294-1                                       6

neither a preliminary showing of jurisdiction nor have they sufficiently explained how discovery would permit them to do so.[6] Discovery is unwarranted given the unrebutted evidence in the record plainly establishing CSX Corporation's lack of contacts with this jurisdiction. *Kelly*, 213 F.3d at 855 ("'When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'"), quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

### III.   Without personal jurisdiction, courier service is improper.

Plaintiffs do not dispute that their attempted service of CSX Corporation through Corporation Service Company was improper. Instead they press that service on a CSX Corporation employee by Federal Express was proper under La. Rev. Stat. § 13:3204. This statute is inapplicable. Section 13:3204 expressly allows service by courier *only* for suits brought under La. Rev. Stat. § 13:3201. That section applies only in the limited circumstances where *specific* personal jurisdiction exists over an out-of-state defendant due to his actions or activities in the state of Louisiana. *See* La. Rev. Stat. § 13:3201. For the reasons stated in Section I as well as those stated in CSX Corporation's Motion to Dismiss and the unrebutted declaration of Peter J. Shudtz, plaintiffs cannot carry their burden of showing that CSX Corporation is subject to specific personal jurisdiction in the state of Louisiana. CSX Corporation has not conducted business in this state, it has not contracted to supply services or things in this state, nor has it otherwise acted in a manner which would permit a Louisiana court to exercise personal jurisdiction over it. Shudtz Dec. ¶¶ 5-8, Ex. 2 to Mot. to Dismiss.

---

[6] Plaintiffs specify only that they seek discovery "regarding what if any contacts CSX Corporation has had with Louisiana residents through the use of its website." Pl. Opp. at 9. As is apparent from the CSX Website, CSX Corporation has *no* contacts with anyone, in Louisiana or elsewhere, through the CSX Website. The only contacts third parties have through the CSX Website are with CSXT.

Attempted service by courier under § 13:3204 was invalid, and the complaints should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

### IV. The claims against CSX Corporation are barred by the statute of limitations.

Even if plaintiffs were able to demonstrate that this Court has personal jurisdiction over CSX Corporation and that the complaints were properly served, which they cannot, their claims must be dismissed because they are untimely. Plaintiffs allege they are entitled to a tolling of the applicable one-year statute of limitations, pursuant to *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), because putative class actions are pending in which they would be class members. *See, e.g. Morial* Compl. ¶ 14 (No. 07-4551). Regardless of the merits of this position, it is unavailing with respect to plaintiffs' claims against CSX Corporation as there was no operative class action pending against CSX Corporation when these 116 complaints were filed. The Superseding Master Consolidated Class Action Complaint filed on March 15, 2007 does not name CSX Corporation as a defendant. This Court has previously held that "[t]he filing of the Superseding Master Complaint voided the claims alleged by plaintiffs in all of their prior complaints, ***including the claims against CSX Corporation***." Dec. 27, 2007 Order and Opinion at 2 (Dkt. No. 9853) (emphasis added). Under *American Pipe*, plaintiffs' claims are tolled, if at all, only to the extent they overlap with those pending in the putative class actions. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 393 (5th Cir. 2005) (*American Pipe* permits tolling of claims "within the scope of the putative class action... by a member of the putative class *against a defendant in the class action*." (emphasis added)). No class action claims were pending against CSX Corporation in August or September 2007 when these 116 complaints were filed.

Plaintiffs' belated attempt to now assert claims against CSX Corporation is barred by the statute of limitations.[7]

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in CSX Corporation's Motion to Dismiss, plaintiffs' claims against CSX Corporation should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(2) and 12(b)(5). In the alternative, plaintiffs' untimely claims should be dismissed because they are barred by the applicable one-year statute of limitations.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075

---

[7] The prescriptive period for plaintiffs' claims began to run on August 29, 2005, when Hurricane Katrina damaged the New Orleans' levee system. The first class action complaint to name CSX Corporation was filed on June 21, 2006, 295 days into the 365-day prescriptive period. *See O'Dwyer v. United States, et al.*, Twelfth Supplemental and Amending Complaint. (Dkt. No. 641). CSX Corporation was later named in two additional class actions – *O'Dwyer v. Dept. of Transp., et al.* (No. 06-4389) and *O'Dwyer v. Dept. of Transp., et al.* (No. 06-8322). The Master Complaint was filed on March 15, 2007 and, as this Court noted, superseded the three previously filed *O'Dwyer* class action complaints. Because the Master Complaint did not name CSX Corporation as a defendant, this Court ruled that it effectively had been dismissed from the superseded class actions. *See* Dec. 27, 2007 Order and Opinion (Dkt. No. 9853). Pursuant to *American Pipe*, plaintiffs had 70 days of the remaining prescription period to file a complaint against CSX Corporation. Plaintiffs' counsel, however, allowed 165 additional days to elapse prior to filing the first of these 116 complaints, *Morial v. United States, et al.* (No. 07-4551), on August 28, 2007.

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
RODNEY & ETTER, L.L.C.
620 North Carrolton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 483-3224
Facsimile: (504) 483-2259

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2008, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of the same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall