UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| ALL LEVEE | * | |
| | * | |

## OPPOSITION TO MOTION TO COMPEL AND REPLY IN SUPPORT OF NATIONAL UNION'S MOTIONS FOR PROTECTIVE ORDER, TO QUASH, AND TO STAY DISCOVERY

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), defendant, through undersigned counsel, in opposition to the motion to compel and in support of its motion to quash the requests for production to, and notice of deposition of, National Union and to stay discovery against it until the motion to dismiss is decided, submits the following reply:

In their opposition to the motion for protective order, the plaintiffs contend that discovery should be allowed because there may be other policies National Union issued. Significantly, the

1

Plaintiffs raised no such argument in opposition to the motion to dismiss.[1]  Although recognizing that the courts do not allow the parties to engage in discovery before deciding a Rule 12(b)6) motion to dismiss, the plaintiffs contend several cases support that limited discovery is allowed "to clarify certain issues raised by the pending motions." (Document no. 11192, Opp., p.2). Those cases, however, do not apply to cases of a true 12(b)(6) motion to dismiss all claims as has been filed here.  Rather, those cases appear to involve motions to dismiss that were converted to motions for summary judgment.  For example, in Lafarge Corp. v. M/V Macedonia Hellas, 2000 WL 687708 (E.D.La. 2000), this Court denied a Rule 12(b)(6) motion without prejudice to allow discovery, because there was conflicting information about the ownership of the vessel involved. Id. at *10.  Most notably, the moving party submitted the *deposition* of the captain of the vessel. Id. at *9.  Clearly, attaching such evidence would convert the Rule 12(b)(6) motion to a Rule 56 motion, because the Court cannot consider matters outside the pleadings in a Rule 12(b)(6) motion.

Fussell v. Stalder, 2003 WL 342260 (5th Cir. 2003) does not help the Plaintiffs, because the Fifth Circuit did not review the district court's decision to allow discovery since it was moot. In any case, however, a review of the district court record reveals that discovery was allowed because the defendant did not move to dismiss the allegations of excessive force or the

---

[1]  In fact, the Plaintiffs state in their motion that discovery should be allowed related to the underwriting history - a matter that can have no effect on the outcome, since the court must look only to the policy. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So.2d 759, 763 (La. 1994).  They also claim that they should be allowed discovery related to whether the policy was approved by the Commissioner of Insurance.  The failure to comply with La.R.S. 22:620 does not necessarily invalidate the policy. Carrier v. Allstate Ins. Co., 702 So.2d 367,370-371 (La.App. 1 Cir. 1997)(citing Bennett v. Bruce, 575 So.2d 511 (La.App. 5 Cir. 1991); Guidroz v. Lewis, 626 So.2d 736 (La.App. 5 Cir. 1993); Elston v. Shell Oil Co., 376 F.Supp. 968 (E.D.La. 1974)).  Instead, it will be "construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider or endorsement been in full compliance with this Code." La.R.S. 22:658.

2

interrelated state law claims. (See Exhibit 1, magistrate ruling).[2] That is simply not the case here. Instead, National Union's motion to dismiss is a true 12(b)(6) motion to dismiss **all** claims; it is limited to the Complaint and the one document identified in the complaint that is integral to the claims against National Union. See Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003). In this circumstance, the Fifth Circuit has made it clear that no discovery is appropriate. Senegal v. Jefferson County, 1 F.3d 1238 (5th Cir. 1993).

Furthermore, as written, the discovery goes far beyond permissible discovery. The demand is for National Union to conduct a search for policies for an indefinite time period – an expensive, burdensome and unjustified task. The Plaintiffs have provided no reason to support such an open-ended discovery request for all policies National Union ever issued at any point in time in the past 100 years relative to the East Jefferson Levee District (EJLD).[3] No question has been raised that when a claim is first made determines which claims-made policy is applicable. Since the Plaintiffs have not raised any doubt that their claim against EJLD was first made at some time other than 2006, the appropriate claims-made Policy was the one attached to the motion to dismiss.[4] As such, plaintiffs suffer no prejudice with regards to the motion to dismiss.

---

[2] Similarly, in Canatella v. Van de Kamp, 486 F.3d 1128 (9th Cir. 2007), the motion, which was related to the statute of limitations, was converted to a Rule 56 motion because the matters outside the pleadings were presented to the district court. Id. at 32. In Brown v. Budz, 398 F.3d 904 (7th Cir. 2005), the defendant attempted to "introduce facts outside the complaint", so the court decided to allow discovery on that issue. Id. at 917. In Williams v. Barrett, 220 Fed.Appx. 930 (11th Cir. 2007), an unpublished, *per curiam* opinion, the court reversed the district court and allowed discovery, but it does not state why. A review of the plaintiff's opposition to the motion to stay discovery in the district court docket reveals there were 6 John/Jane Doe defendants and their identities were sought. The plaintiff also argued there was no immunity for the defendants in their individual capacity under certain circumstances, which justified discovery related to those individuals. (*See* Document No. 6 in Docket No. 05-2569 of the Northern District of Georgia.) None of these circumstances exists in this case, so these cases are inapplicable.

[3] If the Plaintiffs truly believed that they needed to explore the existence of other EJLD policies, they had ample time and opportunity since August 2006 to obtain such discovery from any number of sources through other less expensive and more efficient means. Serving such discovery demands on National Union is inappropriate, because it imposes an expensive, onerous and unjustified burden on National Union and should not be allowed.

[4] Notably, the plaintiffs are seeking coverage under the EJLD's general liability policy issued by Travelers in effect on August 29, 2005.

The plaintiffs' only argument in support of their motion to compel is that the policy number identified in the motion to dismiss brief did not match the policy attached to the motion. It is obvious from the quotations and citations in the brief that the policy attached to the motion is the policy discussed. The error was only in reciting the policy number. The number identified in the brief, however, is an inadvertent reference to a policy issued to Jefferson Parish. A copy of the declarations page of that policy No. 884-78-97 is attached as Exhibit 2 for the Court's inspection to confirm that it is not a policy issued to EJLD and therefore creates no question that needs to be explored.

## **CONCLUSION**

The Plaintiffs contend that they need discovery to determine what other policies issued by National Union to the East Jefferson Levee District exist. Yet they give no basis why any policy other than the one attached to the motion to dismiss would respond. They do not even contest that the claim against EJLD was first made in 2006 or that this is the date used to determine the correct claims-made policy that responds. Since a true Rule 12(b)(6) motion to dismiss like National Union's is decided without reference to evidence, no discovery is appropriate or allowed under Fifth Circuit case law. The motion to compel should be DENIED and the motions for a protective order, to quash discovery and to stay discovery, should be GRANTED.

**WHEREFORE** Defendant National Union Fire Insurance Company of Pittsburgh, Pa. respectfully prays that the plaintiffs' motion to compel be DENIED., National Union's motions for protective order from and to quash notice of deposition and requests for production of documents and motion to stay discovery from it be GRANTED, the requests for production and notice of deposition propounded to it be quashed, National Union be exempt from answering or

4

responding to said discovery and deposition notice, further discovery from it be stayed until National Union's motion to dismiss is decided, and for all other relief deemed just and proper.

                                           Respectfully submitted,

                                            /s/  Karen M. Dicke
                                           **KAREN M. DICKE (#24781)**
                                           **GEORGE D. FAGAN, T.A. (#14260)**
                                           Leake & Andersson, LLP
                                           1100 Poydras Street, Suite 1700
                                           New Orleans, Louisiana 70163-1701
                                           Telephone:  (504) 585-7500
                                           Facsimile:  (504) 585-7775
                                           Email:       *kdicke@leakeandersson.com*
                                                                      *gfagan@leakeandersson.com*

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing pleading has been delivered to all counsel of record on February 19, 2008, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

                                           /s/ Karen M. Dicke

F:\38803\2-Pleadings\National Union\word versions\motion to quash - reply - final