# EXHIBIT 1

```
                                    , FILED
                               U.S. DIST. COURT
                              MIDDLE D'ST. OF LA.

                              02 JUN 25 PM 2: 25
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SIGN_____
by DEPUTY CLERK

JEFFERY J. FUSSELL                    CIVIL ACTION

VERSUS                                NUMBER: 02-0220-D-M3

RICHARD STALDER, ET AL.

## ORDER

The scheduling conference presently set for **June 27, 2002**, is **CANCELLED**.

**The deadlines established below are based on the parties' submissions and are final deadlines.** No extensions will be granted except under extreme circumstances. In accordance with Federal Rule of Civil Procedure 16(b), the following deadlines are established:

1.  The deadline for amending the complaint or adding new parties, claims, counterclaims, or cross-claims is **August 27, 2002**.

2.  Discovery must be completed as follows:[1]

    a.  Exchanging initial disclosures required by F.R.C.P. 26(a)(1):

        **July 11, 2002**

---

1.  Upon a finding that the plaintiff's Complaint includes both federal claims and supplemental state law claims, the Court concludes that a stay of discovery is not appropriate at this time. Although the defendants have filed a motion to dismiss which raises the defense of qualified immunity, this motion only impacts upon discovery as it relates to the federal claims and does not, in the Court's view, have any impact upon discovery relative to the state law claims or even upon discovery relative to the issue of qualified immunity in connection with the federal claims. Further, it is the Court's conclusion that, due to the inextricable interconnection between the state and federal claims, it is neither practical nor appropriate to separate allowable discovery from that which may otherwise be deferred. Accordingly, the parties are authorized to conduct full discovery in accordance with the schedule set forth herein.

DKT. & ENTERED

DATE 6/25/02   DLD
NOTICE MAILED TO:   JS
DATE_____ BY nt  Cobb
                  Leake

| INITIALS | DOCKET# |
|---|---|
| nt | 7 |

    b.    **Filing** all discovery motions and **completing** all discovery except experts:

**October 27, 2002**

**NOTE:** Any motions filed regarding written discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

    c.    Disclosure of identities and resumés of experts:

**Plaintiff(s):**    **November 27, 2002**

**Defendant(s):**    **November 27, 2002**

    d.    Expert reports must be submitted to opposing parties as follows:

**Plaintiff(s):**    **December 20, 2002**

**Defendant(s):**    **January 20, 2003**

    e.    Discovery from experts must be completed by

**February 20, 2003**

3.    All dispositive motions must be filed on or before

**March 23, 2003**

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause.

In the event the parties have not previously notified the court that the matter is ready to be set for a pretrial conference, or the district judge has not already set a pretrial conference, this matter will be reviewed within 15 days of the expiration of the deadline to

file dispositive motions, March 23, 2003, and assigned for a pre-trial/status conference if necessary.

The parties may contact the court at (225) 389-3602 after discovery has been completed should they wish to schedule a settlement conference or mediation under the court's ADR plan.

Signed in chambers in Baton Rouge, Louisiana, this 25th day of June, 2002.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

# EXHIBIT 2



# NATIONAL UNION
# FIRE INSURANCE COMPANY
# OF PITTSBURGH, PA.®

A CAPITAL STOCK COMPANY, HEREIN CALLED THE "COMPANY"

ADMINISTRATIVE OFFICES
175 WATER STREET, NEW YORK, NY 10038

**THIS IS A CLAIMS-MADE POLICY - PLEASE READ CAREFULLY**

NOTICE: THE POLICY PROVIDES THAT THE LIMITS OF LIABILITY AVAILABLE TO PAY JUDGMENTS OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS INCURRED FOR LEGAL DEFENSE. FURTHER NOTE THAT THE DEDUCTIBLE ALSO APPLIES TO AMOUNTS INCURRED FOR LEGAL DEFENSE.

## PUBLIC OFFICIALS AND EMPLOYEES
## LIABILITY INSURANCE POLICY

REPLACEMENT OF POLICY NUMBER: *549-71-64*     POLICY NUMBER: *884-78-97*

### DECLARATIONS

Item 1. Insured: *JEFFERSON PARISH*

Address: *1221 ELMWOOD PARK BLVD.,
SUITE 315
HARAHAN, LA 70123*

Item 2. Policy Period:
From: *November 24, 2004*      To: *November 24, 2005*
At 12:01 AM Standard Time at the Address of the Insured stated above.

Item 3. Limits of Liability (including Defense Costs, Charges and Expenses)

*$1,000,000*   Each Wrongful Act or series of continuous, repeated or interrelated Wrongful Acts.
*$1,000,000*   Aggregate.

Item 4. Deductible:   *$250,000*   Each Wrongful Act or series of continuous, repeated or interrelated Wrongful Acts.

Item 5. Premium:   *$206,406*

*Premium for Certified Acts of Terrorism Coverage under Terrorism Risk Insurance Act 2002: Not applicable, coverage rejected by insured. Any coverage provided for losses caused by an act of terrorism as defined by TRIA (TRIA Losses) may be partially reimbursed by the United States under a formula established by TRIA as follows: 90% of TRIA Losses in excess of the insurer deductible mandated by TRIA, the deductible to be based on a percentage of the insurer's direct earned premiums for the year preceding the act of terrorism.
A copy of the TRIA disclosure sent with the original quote is attached hereto.*

*161387*

43247 (11/85)  COPY

0001

1

Producer: BLAIS EXCESS & SURPLUS AGENCY OF TEXAS INC.
Address: 820 GESSNER ROAD, SUITE 1750
HOUSTON, TX 77024

By acceptance of this policy the Insured agrees that the statements in the Declarations and the Application and any attachments hereto are the Insured's agreements and representations and that this policy embodies all agreements existing between the Insured and the Company or any of its representatives relating to this insurance.

> **CERTIFIED COPY**
> THIS WILL CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL POLICY, AND THAT IT CONTAINS ALL FORMS, ENDORSEMENTS AND RIDERS ATTACHED THERETO.
> 10/4/07
> Date      Authorized Signature   for MG

_____
Dec 22, 2004
AUTHORIZED COMPANY REPRESENTATIVE

161387

43247 (11/85)  COPY                2                                          0002