## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:  KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | **NO. 05-4182** |
| | **SECTION: "K" (2)** |
| **FILED IN:**        **O7-7448** | |
| **PERTAINS TO:**   **LEVEE** | |

### ANSWER TO PETITION FOR DAMAGES
### AND REQUEST FOR TRIAL BY JURY

**NOW COMES,** defendant, Fireman's Fund Insurance Company (Fireman's Fund), through undersigned counsel, and for answer to the Petition for Damages, states as follows:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted and thus Fireman's Fund is entitled to a dismissal.

### SECOND DEFENSE

Any recoveries allegedly due plaintiffs herein under the policy allegedly issued by Fireman's Fund are subject to the express terms, conditions, limitations and exclusions of the policies allegedly at issue.  Fireman's Fund avers that the burden of proving the existence of those policies and the scope of such coverage is on plaintiffs, and Fireman's Fund is not liable to the plaintiffs to the extent that any alleged policy was not in fact issued by defendant and/or to the extent plaintiffs are unable to prove the existence, delivery, and contents of any alleged policy by clear and convincing evidence.  To the extent that coverage under the policy is established, the terms and conditions of such policy are asserted herein, as if copied *in extenso*.

## THIRD DEFENSE

Fireman's Fund acted reasonably in the handling of Plaintiffs' claims based on the information submitted and policy provisions and carefully evaluated the loss submitted by Kay and Alan Kronenberg and did not at any time act arbitrarily or capriciously in reaching its conclusions regarding coverage.

## FOURTH DEFENSE

Plaintiffs' Petition is not pled with sufficient detail to anticipate all defenses that might be applicable under the policy and Fireman's Fund reserves the right to supplement these defenses.

**AND NOW**, answering the particular allegations of the Petition, defendant avers as follows:

### I.

The allegations of Paragraph I of Plaintiffs' Petition for Damages are denied as written. Defendant, Fireman's Fund Insurance Company admits that it is a foreign insurance company authorized to do and doing business in the State of Louisiana.  In addition, Defendant, Fireman's Fund, admits that at certain pertinent times herein, there was a policy of insurance issued, the policy of insurance being the best evidence of the terms, conditions and limitations therein. Fireman's Fund Insurance Company specifically pleads the terms, conditions and limitations of its policy of insurance as if copied herein *in extenso*.  The remaining allegations are denied.

### II.

The allegations contained in Paragraph II of Plaintiffs' Petition for Damages are denied.

### III.

The allegations contained in Paragraph III of Plaintiffs' Petition for Damages are denied.

IV.

The allegations contained in Paragraph III of Plaintiffs' Petition for Damages are denied.

V.

The allegations contained in Paragraph V of Plaintiffs' Petition for Damages are denied.

VI.

The allegations contained in Paragraph 6 of Plaintiffs' Petition for Damages are denied.

**AND NOW FURTHER ANSWERING**, Defendant, Fireman's Fund Insurance Company admits that at certain pertinent times herein, it had a policy of insurance providing certain coverages to the plaintiffs herein. The policy itself is the best evidence of the terms, conditions and limitations contained therein.

**AND NOW FURTHER ANSWERING**, Defendant, Fireman's Fund avers that it has continued to obtain additional information from the insured and has continued to adjust the loss. As such, the specific issues and the specific applicable policy provision change over time. Defendant, Fireman's Fund reserves the right to supplement this Answer to specifically plead the applicable policy provisions, as they become known to the defendant.

**AND NOW FURTHER ANSWERING**, Defendant, Fireman's Fund affirmatively avers that the policy of insurance issued by Fireman's Fund Insurance Company contains the following exclusion:

**"C.     Dwelling, Other Structures, Personal Property, and Loss of Use of the Residence Premises**
       1.     We do not pay for loss caused directly or indirectly by any of the following. Such loss or damage is not covered regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
                 . . . . . . .

       b.     Water Damage, Meaning

(1) Flood, surface water, waves tidal water, or the overflow of a body of water, or spray from any of these, whether or not driven by wind.

(2) Water which backs up through sewers or drains or which over flows from a sump; or

(3) Water or water-borne material below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

(4) Continuous or repeated seepage or leakage of water or steam from any source over a period of weeks, months or years unless such loss is sudden and accidental.  Sudden and accidental shall include a physical loss that is hidden or concealed for a period of time.  A hidden or concealed loss must be reported to us no later than 30 days after the date appreciable loss or damage occurs and is detected or should have been detected.

We do cover:

(i)  Direct loss by fire, explosion, or theft that results from water damage;"

**AND NOW FURTHER ANSWERING**, defendant Fireman's Fund affirmatively pleads that it has during the adjustment of this claim made payments to the plaintiffs herein.  Fireman's Fund affirmatively pleads that it is entitled to a credit for any and all amounts previously paid under the policy in the event it is determined that any additional payments are due pursuant to the terms, conditions and limitations of the policy.

## JURY TRIAL REQUESTED

Defendant requests a trial by jury.

**WHEREFORE**, Defendant, Fireman's Fund Insurance Company, prays that its Answer be deemed good and sufficient and that, after due proceedings had, that there be judgment in its

favor and against plaintiffs, dismissing Plaintiffs' Petition for Damages, with prejudice, and at Plaintiffs' cost. Defendant also prays for all additional relief as law, equity and the nature of the cause may require and prays for a trial by jury.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

*s/ C. MICHAEL PFISTER*
_____

**C. MICHAEL PFISTER (#14317)(TA)**
**JAIME M. CAMBRE (#29116)**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Tel.:    (504) 832-3700
Fax:    (504) 837-3119

*ATTORNEYS FOR DEFENDANT*,
*FIREMAN'S FUND INSURANCE COMPANY*


## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2008 a copy of the foregoing Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of this Court's electronic filing system.

*s/ C. MICHAEL PFISTER*
_____
**C. MICHAEL PFISTER**