UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES  * | | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION  * | | |
| * | | SECTION "K" |
| * | | |
| PERTAINS TO: * | | MAGISTRATE (2) |
| NO.   05-4181 * | | |
|          06-1885 * | | JUDGE DUVAL |
|          06-4024 * | | |
|          06-4389 * | | MAGISTRATE WILKINSON |
|          06-5771 * | | |
|          06-5786 * | | |
|          06-6099 * | | |
|          07-0206 * | | |
|          07-3500 * | | |
|          07-3612 * | | |
|          07-5023 * | | |
|          07-5040 * | | |
| * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO MOTION TO QUASH
RECORD DOCUMENT NO. 10910**

**MAY IT PLEASE THE COURT:**

This Court granted a motion by the Plaintiffs' Liaison Committee to expedite the hearing on their Motion to Quash Record Document No. 10910, and ordered that the Motion to Quash (Record Document No. 11159) would be "submitted on the papers" and that any memorandum in opposition should be filed no later than 5:00 p.m. on February 20, 2008. Plaintiffs respectfully submit that their Motion for Disqualification or Recusal

-1-

(Record Document No. 10910)[1] should be granted, and that the Motion to Quash (Record Document No. 11159), should be denied for the following reasons, in addition to those already briefed. See Record Document Nos. 10331, 10431, 10646, 10910, 10969, 11096 and 11253.

1. Undersigned counsel for plaintiffs is not exaggerating when he says that "The world is watching the United States District Court for the Eastern District of Louisiana". Plaintiffs herein respectfully submit that they are entitled to confidence in the integrity of the "Victims of KATRINA" litigation and in the impartiality of the Judge presiding, but that they do not have any such confidence at the present time.

2. Your Honor must be aware that the Motion for Disqualification or Recusal must be considered in the context of the Motion for Disqualification and Other Relief (Record Document No. 10331), which addresses a conflict of interests by Mr. Fayard and others, and violation of the Rules of Professional conduct by Mr. Fayard and others. In other words, disqualification of counsel is inextricably intertwined with disqualification or recusal of Your Honor for extra-judicial and judicial bias and prejudice.

---

[1] Contrary to the assertion by the Plaintiff's Liaison Committee, Ashton O'Dwyer and his clients never before filed any Motion to Recuse, or appealed from the denial of any Motion to Recuse. Although O'Dwyer was aware of the Motion(s) to Recuse filed by Messrs. Anzelmo and Treeby, he did not join in those motions. Also, Record Document No. 191 in Civil Action No. 05-4181 refers to Record Document No. 551 in Civil Action No. 05-4182, which addressed leave to amend to invoke admiralty and maritime jurisdiction.

3. The Motion to Quash Record Document No. 10910 by the Plaintiffs' Liaison Committee fails to address the clear conflict of interests known to have tainted some of the Committee's own members, and members of Subcommittees, by virtue of their having responsibilities to claimants, plaintiffs and potential class members as a result of serving on Committees and/or Sub-committees, while simultaneously representing the interests of an adverse party, the State of Louisiana. More particularly, the Plaintiffs' Liaison Committee fails to address focal issue which plaintiffs respectfully submit warrants recusal of Your Honor in this particular instance, namely:

> "The integrity of this litigation which has been called into question by virtue of an extra-judicial source of bias and prejudice, arising out of the Court's long-time friendship with Mr. Fayard, whose professional ethics and professional integrity have been placed at issue in this litigation as a result of his Membership on Committees while simultaneously representing the interests of the State of Louisiana, and failing to disclose his relationship with the State to the Court or other counsel prior to August 29, 2007.

4. During the hearings on various motions heard by Your Honor on January 16, 2008, while Your Honor paid "lip service" to counsel's having raised as an issue "the integrity of the litigation", in less than 24-hours Your Honor not only did not do the right thing, he did the absolutely wrong thing by ruling that undersigned counsel's Affidavit of Personal Bias and Prejudice (Record Document No. 10431) was both untimely and insufficient, without ever addressing the focal issue warranting Your Honor's recusal, namely:

> "The integrity of this litigation which has been called into question by virtue of an extra-judicial source of bias and prejudice, arising out of the Court's long-time friendship with Mr. Fayard, whose professional ethics and professional integrity have been placed at issue in this litigation as a result of his Membership on Committees while simultaneously representing the interests of the State of Louisiana, and failing to disclose his relationship with the State to the Court or other counsel prior to August 29, 2007.

Additionally, during the hearings on motions on January 15, 2008, after the Affidavit of Personal Bias and Prejudice had been brought to Your Honor's attention, Your Honor made certain statements on the record which could be interpreted as indicating that Your Honor may have prejudged the issue of disqualification or recusal.

5. Plaintiffs re-aver that Your Honor is incapable of being a fair and impartial arbiter of the facts and the law when it comes to determining whether Mr. Fayard, and those with whom Mr. Fayard has associated himself, has a conflict of interests, warranting disqualification pursuant to Rule 1.7 of the Rules of Professional Conduct, and when it comes to deciding whether Mr. Fayard, and those with whom he has associated himself, may have violated other Rules of Professional Conduct, which require candor towards the tribunal, truthfulness in statements to others, and prohibit misconduct, including deceit and dishonesty, and to engage in conduct prejudicial to the orderly administration of justice.  See Rules 3.4, 4.1 and 8.4, in addition to Rule 3.5, of the Rules of Professional Conduct.

6. In addition to the legal authorities cited in prior pleadings, which address "conflicts of interests", Your Honor also is referred to Dane S. Ciolino, <u>Louisiana Professional Responsibility Law and Practice</u>:

> "Paragraph (b)(3) [of Rule 1.7] prohibits representation of opposing parties in the same litigation, regardless of the client's consent." Paragraph 23, page 81.
>
> \* \* \*
>
> "In considering whether to represent multiple clients in the same matter, a lawyer should be mindful that if the common representation fails because the potentially adverse interests cannot be reconciled, the result can be additional cost embarrassment and recrimination. Ordinarily, the lawyer would be forced to withdraw from representing all of the clients if the common representation fails. In some situations, the risk of failure is so great that multiple representation is plainly impossible. For example, a lawyer cannot undertake common representation of clients where contentious litigation or negotiations between them are imminent or contemplated." Paragraph 29, page 83.
>
> \* \* \*
>
> "A conflict is consentable only if a reasonable, disinterested lawyer believed that the representation will not be adversely affected by potentially conflicting interests. If no reasonable lawyer would have such a belief, the conflict is considered to be `non-consentable'." Page 88.

7. In the case at bar, the representation of claimants, plaintiffs and potential class members by virtue of membership on Committees and/or Sub-committees appointed by the Court, and the simultaneous representation of the State of Louisiana, presented the involved lawyers, including Mr. Fayard, with the representation of directly adverse interests. In addition, Your Honor's recent decision on the immunity of the Federal Government with respect to the Outfall Canals (Record Document 10984) now

"compounds" that conflict of interests (if that is possible),[2] since Your Honor's decision, unless overturned, raises the issue of whether all plaintiffs can be fully compensated for their damages by other potentially liable defendants, because the State has asserted its own claim for $200 billion, and may now be required to seek recovery of that $200 billion from many of those same defendants, rather than from the Federal Government.  The distinct possibility exists that claimants, plaintiffs and potential class members, and the State of Louisiana, will be required to fight over the same "inadequate" funds.

8. Even if Your Honor has some "grand plan" to attempt to "cure" the perfectly obvious conflict of interests between claimants, plaintiffs and potential class members on the one hand, and the State of Louisiana on the other hand, regardless of the decision in Record Document No 10984, any "cure-all" decision in the Robinson case involving the Mississippi River Gulf Outlet would still leave a large group of claimants, plaintiffs and potential class members in Orleans and Jefferson Parish arguably without a remedy, and unable to recover 100% of their damages, because the so-called "independent" expert studies of "what went wrong" to date have concluded that only 20% (or less) by volume of water flooded the East Bank of Orleans and Jefferson Parish as a result of the breaches on the West side of the Industrial Canal.  Who will the people flooded by the

---

[2] The "direct" conflict, which would preclude Mr. Fayard and his clients from suing his other client, the State is "compounded".

      remaining 80% of the water that flooded the East bank of Orleans and Jefferson Parish recover from?

9.    Lastly, plaintiffs have noticed depositions of various attorneys (Record Document No. 11253) in order to identify who, other than Messrs. Becnel, Fayard and Honeycutt, may have conflicts of interests, and who may have violated other Rules of Professional Conduct, warranting disqualification, and to discover more about the relationships between and among Your Honor and his family and Mr. Fayard and his family.

Plaintiffs respectfully submit that their Motion for Disqualification or Recusal of Judge Duval (Record Document No. 10910) should be granted, and that the Motion to Quash (Record Document No. 11277) should be denied.

      Respectfully submitted,

      **LAW OFFICES OF**
      **ASHTON R. O'DWYER, JR.**
      **Counsel for Plaintiffs**

      **By:   S/Ashton R. O'Dwyer, Jr.**
           **Ashton R. O'Dwyer, Jr.**
           **Bar No. 10166**
           **821 Baronne Street**
           **New Orleans, LA 70113**
           **Tel. 504-679-6166**
           **Fax. 504-581-4336**

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 20th day of January 2008.

             S/Ashton R. O'Dwyer, Jr.