UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| PERTAINS TO: | SECTION "K" (2) |
| C.A. Nos. 05-4181, 06-1885, 06-4024, 06-4389, 06-5771, 06-5786, 06-6099, 07-0206, 07-3500, 07-3612, 07-5023, 07-5040 | |

## ORDER

Plaintiffs' Liaison Counsel has filed a "Motion for Permission to File Under Seal Memorandum in Support of Motion for Protective Order Re: Notice of Depositions (Document No. 11253)." The motion complies with the "Procedures for Filing Documents Under Seal in Civil Cases" set forth in this court's general order of July 26, 2006, which may be viewed at www.laed.uscourts.gov. For the following reasons, the motion for permission to file under seal is DENIED.

The court is a public forum. Its record is presumptively a public record, open to view by all, and requests to seal the court's record are not lightly granted or considered.

> To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute. Public access serves to enhance the transparency and trustworthiness of the

> judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. It follows then that the district court's discretion to seal the record of judicial proceedings is to be exercised charily. Although countervailing interests can outweigh the right of public access, <u>the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption</u>. The decision as to access is left to the discretion of the trial court, but any doubt must be construed in favor of disclosure.

<u>Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.</u>, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (Vance, J.) (quotations omitted) (emphasis added) (citing <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 599 (1978); <u>Grove Fresh Distribs., Inc. v. Everfresh Juice Co.</u>, 24 F.3d 893, 897 (7th Cir. 1994); <u>Leucadia, Inc. v. Applied Extrusion Techs., Inc.</u>, 998 F.2d 157, 165 (3d Cir. 1993); <u>Securities & Exchg. Comm'n v. Van Waeyenberghe</u>, 990 F.2d 845, 848-49 (5th Cir. 1993); <u>Bahwell v. Stanley-Bostitch, Inc.</u>, No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002); <u>Marcus v. St. Tammany Parish Sch. Bd.</u>, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).

> The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question. <u>This presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest</u>."

<u>Grove Fresh Distribs.</u>, 24 F.3d at 897 (quoting <u>Press-Enter. Co. v. Superior Ct.</u>, 464 U.S. 501, 510 (1984)) (additional quotation omitted) (emphasis added).

2

The instant motion for permission to file under seal relies essentially on two grounds for sealing the items.  The first ground is that they are materials "potentially containing information regarding attorney-client privilege or the attorney's work product." Memorandum in Support of Motion for Permission to File Under Seal, at ¶ 4.  I have reviewed the materials in camera and find that they contain nothing constituting either privileged communications or attorney work product.  For the most part, they are a collection of allegations that already appear in the court's record elsewhere, including the motions to recuse the court and to disqualify counsel.

The second ground is that the materials "would only reflect poorly on the standards of the [legal] profession and cause unnecessary distraction to the pertinent matters at hand."  Id.  As the Fifth Circuit recently stated in another context, "[t]his is a weak and unconvincing reason for dispensing with the public nature of our judicial proceedings."  In re: High Sulfur Content Gasoline Prods. Liab. Litig., No. 07-30384, 2008 WL 287347, at *6 (5th Cir. Feb. 4, 2008).  In this instance particularly, where the underlying dispute is principally an internecine conflict among attorneys, all of whom have taken on the role of representing thousands of persons in putative class actions or in individual suits, "[s]ealing the record protects no legitimate privacy interest that would overcome the public's right to be informed."  Id.

3

Under these circumstances, the motion to seal is DENIED. As provided in the court's general order of July 26, 2006, "[i]f the motion to file the pleading under seal is denied, the movant may file another motion to remove the document(s) from the record within seven (7) days. If no such motion is timely filed, the document(s) will be filed as a public record."

New Orleans, Louisiana, this  21st  day of February, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**