# Exhibit "A"

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLOWERS BY MY SISTER & ME, LLC** * | **CIVIL ACTION NO.: 06-9246** |
| * | |
| **VERSUS** * | **SECTION: J** |
| * | |
| **ZURICH AMERICAN INSURANCE** * | **MAGISTRATE: 4** |
| **COMPANY AND/OR MARYLAND** * | |
| **CASUALTY COMPANY** * | |
| * | |
| *   *   *   *   *   *   * | |

## <u>INTERROGATORIES</u>

**TO:   FLOWERS BY MY SISTER & ME, LLC**
through its attorney of record,
**JIM S. HALL, ESQ.**
800 N. Causeway Blvd., Suite 100
Metairie, Louisiana  70001


Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to as "MCC"), hereby requests that plaintiff, Flowers By My Sister & Me, LLC (hereinafter referred to as "Plaintiff"), answer fully, in writing and under oath, each of the following Interrogatories in accordance with the Federal Rules of Civil Procedure.  These Interrogatories are continuing in character and require you to file supplemental answers if you obtain further or different

information after your initial answers and before trial. Include in your supplemental answers the date and manner such further information came to your attention.

The following definitions apply and should be considered when responding to these Interrogatories:

## I. DEFINITIONS

1.  **"Relating"** shall mean in whole or in part and directly or indirectly referring to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

2.  **"You or your"** shall mean Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents, and affiliates.

3.  **"Repairs"** shall mean any and all repairs and/or renovations, and the reasons for said repairs and/or renovations, performed on the property forming the basis of the instant litigation from August 29, 2005, through present.

4.  **"Documents"** means and includes each and every medium upon which information is printed or can be printed, recorded or reproduced by mechanical means, by hand or by any other method, whether by you or by someone else, that is or has been in your possession, custody, or control or of which you have knowledge including, without limitation, invoices, financial statements, contracts, drawings, engineering studies, surveys, test results, test data, recommendations, opinions analyses, notes, records of contract, diaries, logs, plans, telephone records, cost estimates, correspondence, memoranda, stenographic or handwritten notes, minutes of meetings, reports, plans, studies, evaluations, projections, publications, books, pamphlets, pictures, photographs, films, E-mail, voice recordings, stenographic or tape or wire recordings, maps, surveys, charts, statistical data, work papers, data processing cards, computer records or printouts, agreements, telegraphs, summaries of telephone conversations, summaries or reports of investigations or negotiations, negatives, magnetic tapes, newspaper stories or clippings, drafts or any of the foregoing. Where copies of any documents are not identical to the original, each and every non-identical copy and the original are included within the meaning of documents. In addition, **documents** includes every original or copy which is in your possession, care, custody or control and every original or copy to which you have access or the right to possession.

6.  **"And"** as well as **"or"** should be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

7.    If any document identified has been destroyed, you are requested to describe in detail the circumstances of and reasons for such destruction and to produce all documents which relate to the circumstances and/or the reasons for such destruction.

8.    **"Problems"** shall mean difficulties during repair, including but not limited to field conditions which were not in conformity with the contract documents, labor problems, communication issues, weather events, and/or any other circumstances which may have affected repairs or caused additional damage.

9.    **"Remediation"** shall mean the process by which the presence of any and all moisture and any alleged resulting fungal development was addressed by Flowers By My Sister & Me, LLC, at the property forming the basis of the instant litigation, including but not limited to, any and all work performed by consultants, contractors, and/or subcontractors.

10.   **"Business Interruption"** shall mean temporary lost profits, which shall mean revenues a plaintiff would have received but for a defendant's wrongful acts, less any costs that would have been incurred in obtaining those revenues.

11.   **"Building"** shall mean the building that forms the basis of the instant litigation, namely: 1002 West Judge Perez Drive, Chalmette, Louisiana.

12.   **"Plaintiff"** refers to Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents and affiliates.

13.   **"MCC"** refers to Maryland Casualty Company, its subsidiaries, entities under its control, its agents, and affiliates.

**INTERROGATORY NO. 1:**

Please state the name and address of the person or persons responding to these Interrogatories.

**INTERROGATORY NO. 2:**

Please identify all persons and documents known to Plaintiffs who may have knowledge concerning the allegations of this lawsuit, listing their names, home and business addresses, telephone numbers and the facts known by each person.

3

**INTERROGATORY NO. 3:**

  As to each expert you have retained in this matter, please list the following:

  a.  Name, home and business address, and telephone number;

  b.  The expert's alleged area of expertise;

  c.  State the subject matter on which each expert is expected to testify;

  d.  State the substance of the facts to which the expert is expected to testify;

  e.  State the substance of the opinions to which the expert is expected to testify; and

  f.  List all documents, evidence, books, and treaties reviewed and/or relied on by the expert in formulating his/her opinion.

**INTERROGATORY NO. 4:**

  Please give a detailed list and identify any and all exhibits, documentation, or illustrations that will be used by you at any hearing and/or trial of this matter.

**INTERROGATORY NO. 5:**

  State all facts and reasoning and identify all witnesses and documents which support your allegation that MCC is liable under Louisiana Revised Statute 22:658 and/or 22:1220.

**INTERROGATORY NO. 6:**

  Please identify all witnesses that will be called by you at any hearing and/or at the trial on the merits of this matter, including such witnesses' names, home and business addresses, telephone numbers, and the expected facts to be testified by each witness.

**INTERROGATORY NO. 7:**

  Please describe the date, time, and manner of Plaintiff's demands for payment to MCC for the alleged damages that form the basis of the instant suit.

4

**INTERROGATORY NO. 8:**

State whether or not Plaintiff was/is involved in any other litigation, either prior to and/or subsequent to the instant lawsuit. If so, please state the court in which each suit was filed, names of the parties involved in each lawsuit, docket numbers, and the disposition of each such lawsuit.

**INTERROGATORY NO. 9:**

Please provide a complete explanation and description of any sub-contracting agreements between Plaintiff and any contractors, sub-contractors, architects, engineers, and/or design professionals, including, but not limited to, architects and/or engineers, in relation to any Repairs made to the Building.

**INTERROGATORY NO. 10:**

Please provide a complete explanation of any and all work performed by Architects and/or Engineers after Hurricanes Katrina and/or Rita to the Building, including, but not limited to:

a.      The name, address, telephone number, and qualification of the persons who completed the Repairs; and

b.      The nature and details of the work.

**INTERROGATORY NO. 11:**

Please provide a complete explanation of the manner in which Repairs were made to the Building, including:

a.      The name, address, telephone number, and qualification of the person who completed the Repairs;

b.      The nature and details of the Repairs; and

    c.    All factors relating to problems noted with respect to whether the Repairs were reasonable or not and the manner in which the need for those Repairs came to the attention of Plaintiff.

**INTERROGATORY NO. 12:**

Please provide a complete explanation of the individuals employed by Plaintiff or who were involved in any Repairs to the Building in question, including:

    a.    The name, address, telephone number, and qualification of the persons who performed the Repairs; and

    b.    Their job title and responsibilities.

**INTERROGATORY NO. 13:**

Please provide a complete listing (including title, court docket, number of parties and attorneys) of all lawsuits, mediations, arbitrations, and/or insurance claims in which a claim has been submitted by or against Plaintiff, or its owners or managers, for any damages as a result of damages resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 14:**

Please provide a complete description of the damages allegedly sustained by Plaintiff as a result of business interruption, loss of contents, and/or loss of income and profits resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 15:**

Please describe in detail all calculations of the value of business interruption, loss of contents, and/or loss of income and profits allegedly sustained by Plaintiff resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 16:**

Please provide a complete description of the property damages, including repair and remediation expenses, allegedly sustained by Plaintiff resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 17:**

Please describe in detail all calculations of the value of property damages, including repair and remediation expenses, allegedly sustained by Plaintiff resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 18:**

Please provide a complete description of the damages allegedly sustained by Plaintiff as a result of emotional distress resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 19:**

Please provide a complete explanation of any and all managerial or financial reports for Plaintiff.

**INTERROGATORY NO. 20:**

Please provide a complete explanation of any amount, basis, and support for claims, including, but not limited to, flood claims, made in the petition filed in this litigation matter.

**INTERROGATORY NO. 21:**

Please provide a complete description of the efforts by Plaintiff to properly supervise the work of its employees, consultants, contractors, or subcontractors.

**INTERROGATORY NO. 22:**

Please provide a complete explanation of the basis of any allegation that any alleged damages were **not** due to flood, but rather were the result of wind and/or any covered cause of loss

under the policy related to Hurricanes Katrina and/or Rita, including, but not limited to, the cause

of damage for each item of damage listed.

**INTERROGATORY NO. 23:**

Please provide a complete explanation of any and all measures taken by Plaintiff to

mitigate its damages.

**INTERROGATORY NO. 24:**

Please provide a complete description of any amounts paid by any insurers to Plaintiff as a

result of any damages allegedly sustained as a result of Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 25:**

Please provide an explanation of the terms of any and all lease agreements relating to the

lease of the Building to Plaintiff, including, but not limited to, rental amount and duration of

lease.

Respectfully submitted,

RICHARD E. KING (#25128)
MATTHEW J. LINDSAY (#30599)
CHERRELL R. SIMMS (#28227)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel of record for plaintiffs, Jim S. Hall, 800 North Causeway Boulevard, Suite #100, Metairie, Louisiana 70001, in conformity with 28 U.S.C. § 1446(d), by depositing same in the United States Mail, properly addressed and postage prepaid, this 12th day of February, 2007.

_____
**MATTHEW J. LINDSAY**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLOWERS BY MY SISTER & ME, LLC** * | **CIVIL ACTION NO.: 06-9246** |
| * | |
| **VERSUS** * | **SECTION: J** |
| * | |
| **ZURICH AMERICAN INSURANCE** * | **MAGISTRATE: 4** |
| **COMPANY AND/OR MARYLAND** * | |
| **CASUALTY COMPANY** * | |
| * | |
| * * * * * * * | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO: **FLOWERS BY MY SISTER & ME, LLC**
    through its attorney of record,
    **JIM S. HALL, ESQ.**
    800 N. Causeway Blvd., Suite 100
    Metairie, LA 70001

Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to as "MCC"), hereby requests that plaintiff, Flowers By My Sister & Me, LLC (hereinafter referred to as "Plaintiff"), and/or its attorney of record, produce for inspection and/or copying the following writings, things, or documents within their possession, custody, or control, within the delays allowed by law in accordance with the Federal Rules of Civil Procedure. These requests are

continuing in character and require you to file supplemental answers if you obtain further or different documents or information at any time after your initial responses and before trial. Include in your supplemental responses the date and manner such additional writings, things, or documents came to your attention.

The following definitions apply and should be considered when responding to this Request for Production of Documents:

## I. DEFINITIONS

1.    **"Relating"** shall mean in whole or in part and directly or indirectly referring to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

2.    **"You or your"** shall mean Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents, and affiliates.

3.    **"Repairs"** shall mean any and all repairs and/or renovations, and the reasons for said repairs and/or renovations, performed on the property forming the basis of the instant litigation from August 29, 2005, through present.

4.    **"Documents"** means and includes each and every medium upon which information is printed or can be printed, recorded or reproduced by mechanical means, by hand or by any other method, whether by you or by someone else, that is or has been in your possession, custody, or control or of which you have knowledge including, without limitation, invoices, financial statements, contracts, drawings, engineering studies, surveys, test results, test data, recommendations, opinions analyses, notes, records of contract, diaries, logs, plans, telephone records, cost estimates, correspondence, memoranda, stenographic or handwritten notes, minutes of meetings, reports, plans, studies, evaluations, projections, publications, books, pamphlets, pictures, photographs, films, E-mail, voice recordings, stenographic or tape or wire recordings, maps, surveys, charts, statistical data, work papers, data processing cards, computer records or printouts, agreements, telegraphs, summaries of telephone conversations, summaries or reports of investigations or negotiations, negatives, magnetic tapes, newspaper stories or clippings, drafts or any of the foregoing.  Where copies of any documents are not identical to the original, each and every non-identical copy and the original are included within the meaning of documents.  In addition, **documents** includes every original or copy which is in your possession, care, custody or control and every original or copy to which you have access or the right to possession.

6.  **"And"** as well as **"or"** should be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

7.  If any document identified has been destroyed, you are requested to describe in detail the circumstances of and reasons for such destruction and to produce all documents which relate to the circumstances and/or the reasons for such destruction.

8.  **"Problems"** shall mean difficulties during repair, including but not limited to field conditions which were not in conformity with the contract documents, labor problems, communication issues, weather events, and/or any other circumstances which may have affected repairs or caused additional damage.

9.  **"Remediation"** shall mean the process by which the presence of any and all moisture and any alleged resulting fungal development was addressed by Flowers By My Sister & Me, LLC, at the property forming the basis of the instant litigation, including but not limited to, any and all work performed by consultants, contractors, and/or subcontractors.

10. **"Business Interruption"** shall mean temporary lost profits, which shall mean revenues a plaintiff would have received but for a defendant's wrongful acts, less any costs that would have been incurred in obtaining those revenues.

11. **"Building"** shall mean the building that forms the basis of the instant litigation, namely: 1002 West Judge Perez Drive, Chalmette, Louisiana.

12. **"Plaintiff"** refers to Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents and affiliates.

13. **"MCC"** refers to Maryland Casualty Company, its subsidiaries, entities under its control, its agents, and affiliates.

## REQUEST FOR PRODUCTION NO. 1:

Please produce all documents identified in response to the Interrogatories propounded by

MCC.

## REQUEST FOR PRODUCTION NO. 2:

Please produce all documents referred to by you in preparing your Answers to

Interrogatories propounded by MCC.

## REQUEST FOR PRODUCTION NO. 3:

Please produce every report prepared by each expert that you have retained in this matter.

3

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all item(s) that you intend to introduce as an exhibit(s) at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all statements given by any parties or witnesses in these proceedings.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide any and all Documents Relating to the corporate structure of Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide any and all Documents Relating to the departmental structure of Plaintiff.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide any and all Documents Relating to the job descriptions of all employees of Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**

Please provide any and all Documents Relating to the ownership of Plaintiff.

**REQUEST FOR PRODUCTION NO. 10:**

Please provide any and all Documents Relating to the individuals either employed by Plaintiff or who were involved in any Repairs to the Building in question, including:

a.   The name, address, telephone number, and qualification of the persons who performed the Repairs; and

b.   Their job title and responsibilities.

4

**REQUEST FOR PRODUCTION NO. 11:**

Please provide any and all Documents Relating to the basis of any allegations that MCC, or any employee or representative of MCC, acted in bad faith in paying the claims made by Plaintiff that form the basis of the instant litigation.

**REQUEST FOR PRODUCTION NO. 12:**

Please provide any and all Documents Relating to the basis of any allegations that MCC, or any employee or representative of MCC, acted in bad faith in the rendition of its professional services to Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:**

Please provide any and all Documents Relating to the basis of any allegations that MCC, or any employee or representative of MCC, acted in bad faith in any way pertaining to any services to Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide any and all Documents Relating to the basis of any allegation that any alleged damages were **not** due to flood, but rather were the result of wind and/or any covered cause of loss under the policy related to Hurricanes Katrina and/or Rita, including but not limited to the cause of damage for each item of damage listed.

**REQUEST FOR PRODUCTION NO. 15:**

Please provide any and all Documents Relating to each element of damages claimed by Plaintiff in this lawsuit, the total amount of each element of damages claimed, the amount of each element of damages Plaintiff asserts is caused by some action or inaction of MCC, the manner in which same have been computed, and the name, address, and qualifications of any person who has assisted in the computation of those damages.

5

**REQUEST FOR PRODUCTION NO. 16:**

Please provide any and all Documents Relating to the basis of all allegations in your Petition for Damages that MCC is liable to Plaintiff for the damages asserted together with penalties pursuant to La. R.S. 22:658 and 22:1220.

**REQUEST FOR PRODUCTION NO. 17:**

Please provide any and all Documents Relating to any and all lawsuits, mediations, arbitrations, and/or insurance claims, including but not limited to claims Relating to flood, in which a claim has been submitted by or against Plaintiff, or its owners or managers, for any damages as a result of Hurricanes Katrina and/or Rita.

**REQUEST FOR PRODUCTION NO. 18:**

Please provide any and all Documents Relating to the damages allegedly sustained by Plaintiff as a result of business interruption, loss of contents, and/or loss of income and profits.

**REQUEST FOR PRODUCTION NO. 19:**

Please provide any and all Documents Relating to the property damages, including repair and remediation expenses, allegedly sustained by Plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

Please provide any and all Documents Relating to the damages allegedly sustained by Plaintiff as a result of emotional distress.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide any and all Documents Relating to any and all managerial or financial reports for Plaintiff.

6

**REQUEST FOR PRODUCTION NO. 22:**

Please provide any and all Documents Relating to any and all Financial Statements for Plaintiff.

**REQUEST FOR PRODUCTION NO. 23:**

Please provide any and all Documents Relating to any and all general ledgers and trial balances for Plaintiff, including said ledgers and trial balances.

**REQUEST FOR PRODUCTION NO. 24:**

Please provide any and all Documents Relating to any and all detail of expenses including, but not limited to the following:

a.    Direct labor;

b.    Payroll related taxes and benefits costs;

c.    Utilities;

d.    Property taxes;

e.    Insurance costs; and

f.    Other expenses

**REQUEST FOR PRODUCTION NO. 25:**

Please provide any and all Documents Relating to any and all Louisiana State Income tax returns for 1997-2006.

**REQUEST FOR PRODUCTION NO. 26:**

Please provide any and all Documents Relating to any and all St. Bernard Parish sales tax returns for 1997-2006.

7

**REQUEST FOR PRODUCTION NO. 27:**

Please provide any and all Documents Relating to any amount, basis, and support for claim made in the petition filed in this litigation matter.

**REQUEST FOR PRODUCTION NO. 28:**

Please provide any and all Documents Relating to the adjustment and/or payment of any flood claims made by Plaintiff as a result of Hurricane Katrina and/or Rita.

Please provide any and all Documents Relating to any and all lease agreements relating to the lease of the Building to Plaintiff, including, but not limited to, said leases and the amount of rent paid and duration for said leases.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents which support any claims for damages Plaintiff may have and may assert in the future.

Respectfully submitted,

RICHARD E. KING (#25128)
MATTHEW J. LINDSAY (#30599)
CHERRELL R. SIMMS (#28227)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel of record for plaintiffs, Jim S. Hall, 800 North Causeway Boulevard, Suite #100, Metairie, Louisiana 70001, in conformity with 28 U.S.C. § 1446(d), by depositing same in the United States Mail, properly addressed and postage prepaid, this 12th day of February, 2007.

_____

MATTHEW J. LINDSAY

*Exhibit "B"*

MINUTE ENTRY
WILKINSON, M.J.
OCTOBER 17, 2007

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
        CONSOLIDATED LITIGATION
                                             NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, <u>Flowers</u>, 06-9246          JUDGE DUVAL
                                             MAG. WILKINSON

### <u>SCHEDULING ORDER</u>

A preliminary conference was conducted in the referenced case, <u>Flowers By My</u>

<u>Sister and Me, LLC v. Zurich American Insurance Company et al.</u>, C.A. No. 06-9246 c/w

05-4182, on October 17, 2007, before the undersigned magistrate judge.  Participating

were: Joseph Rausch, representing plaintiff; Matthew Lindsay, representing defendant.

The purpose of the conference was to craft a schedule concerning the individual

issues in the referenced <u>Flowers</u> case, which were bifurcated and referred to me by the

presiding district judge. Record Doc. No. 8055. The conference was conducted pursuant

to Paragraph VII of Case Management  Order No. 4 ("CMO No. 4") allowing non-class

action cases asserting claims involving individual adjusting and coverage issues,

---

**MJSTAR:   0:30**

including liability and damages but not including "common liability issues" as described in CMO No. 4, to proceed separately toward resolution.

Settlement possibilities were discussed. It appears that the case is not currently in a posture to settle. Accordingly, the schedule set out herein will be imposed pursuant to Fed. R. Civ. P. 16. The dates and deadlines established in this scheduling order apply only to the individual Flowers issues.

Pleadings have been completed. Jurisdiction and venue are established.

All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **March 19, 2008**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the court.

No further Rule 26(a)(1) disclosures will be required in this case.

Depositions for trial use shall be taken and all discovery shall be completed not later than **March 3, 2008**.

The previously fixed deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims has lapsed. No further amendments will be allowed, absent a showing of good cause.

- 2 -

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **January 4, 2008**.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **February 1, 2008**.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than **February 1, 2008**.

The court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A settlement conference is hereby scheduled before the Magistrate Judge **on March 11, 2008 at 3:00 p.m.** The individualized issues in the <u>Flowers</u> case do <u>not</u> involve extensive documentary evidence, depositions or other discovery.  No special

discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

**The Final Pretrial Conference will be held on March 26, 2008, at 2:30 p.m. before the Magistrate Judge**. Counsel will be prepared in accordance with the final Pretrial Notice attached. At this pretrial conference, a date for trial in **April 2008** may be assigned. Counsel are directed to reserve time on their calendars appropriately.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. Continuances will not normally be granted.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY**:
**HON. STANWOOD R. DUVAL, JR.**

- 4 -