UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO.: 05-4182 SECTION:  K MAGISTRATE: 2 |
| PERTAINS TO: INSURANCE (#06-9246) | * * * | |
| FLOWERS BY MY SISTER & ME, LLC | * * | |
| VERSUS | * * | |
| ZURICH AMERICAN INSURANCE COMPANY AND/OR MARYLAND CASUALTY COMPANY | * * * * | |

*   *   *   *   *   *   *   *

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S WITNESSES AND EXHIBITS

**MAY IT PLEASE THE COURT:**

Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to at times as "Maryland Casualty Company" or "MCC"), submits this memorandum in support of its Motion in Limine to Exclude Plaintiff's Witnesses and Exhibits.

### I.   FACTUAL BACKGROUND

Plaintiff filed the instant lawsuit on August 25, 2006, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  Subsequently, defendant filed a Notice of Removal on October 31, 2006, based on diversity jurisdiction.  Plaintiff's primary claims against defendant concerns whether the damage sustained at 1002 West Judge Perez Drive, Chalmette,

1

Louisiana ("the Property") was caused by rising flood water/tidal surge occurring on or about August 29, 2005, and accordingly, whether said damage is excluded under the policy issued by defendant. Plaintiff alleges that its property suffered substantial damage caused by wind and water inundation due to the levee breeches, which is specifically excluded in Precision Portfolio Policy No. PAS 00094807, effective November 1, 2004, until cancelled/non-renewed (the "Policy"), issued by Maryland Casualty Company.

According to this Court's Scheduling Order, dated October 17, 2007, plaintiff's witness and exhibit lists were to be filed into the record and served on defendant **no later than February 1, 2008**. To date, however, plaintiff has not filed either a witness or exhibit list into the record, much less serve defendant with a copy of the same. Accordingly, MCC moves to exclude any witnesses or exhibits plaintiff would attempt to introduce at the trial of this matter.

## II.    LAW AND ARGUMENT

Maryland Casualty Company moves pursuant to Fed. Rules of Evidence Rules 401-403 and the terms of this Court's Scheduling Order for an Order by this Honorable Court prohibiting from introduction into evidence at the trial of this matter any and all of plaintiff's witnesses or exhibits. The pertinent evidentiary rules are as follows:

> **Fed. Rule Evidence Rule 401**
> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence.
>
> **Fed. Rule Evidence Rule 402**
> All relevant evidence is admissible, except as otherwise provided by … these rules…Evidence which is not relevant is not admissible.

> **Fed. Rule Evidence Rule 403**
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This Court's Scheduling Order mandated that the plaintiff *shall* file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial no later than February 1, 2008. (See Exhibit A). The Order further provides that the Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with the Scheduling Order as it pertains to the witness and/or exhibits.

Inasmuch as plaintiff failed to file in the record or serve upon MCC a list of witnesses or exhibits that may or will be called or used at trial, MCC avers that it will suffer unfair prejudice within the meaning of Rule of Evidence 403 if plaintiff is permitted to introduce such evidence at the trial of this matter. Plaintiff allowed the deadline to file witness and exhibit lists to pass without filing or providing the undersigned with any such lists. Thus, MCC will suffer unfair prejudice if plaintiff is permitted to introduce such evidence for the first time at this point in the litigation. MCC will be unable to complete adequate discovery regarding these witnesses and exhibits or to prepare a complete defense to plaintiff's unsupported claims asserted against MCC.

Such tactics instituted by plaintiff are clearly in violation of MCC's fundamental right of due process. For these reasons, MCC strongly contends that this Court should enter an order prohibiting plaintiff from entering into evidence any and all witnesses or exhibits at trial of this matter.

### III. CONCLUSION

For the reasons set forth above, MCC prays for an order by this Honorable Court granting MCC's Motion in Limine to Exclude Witnesses and Exhibits. Plaintiff has blatantly failed to timely submit its witness and exhibit lists, despite a clear obligation to do so under the Court's Scheduling Order.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
     **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of February, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**