UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES             CIVIL ACTION
CONSOLIDATED LITIGATION

                                                                       NO. 05-4182

PERTAINS TO:                                          SECTION "K"(2)
    05-4181
    06-1885
    06-4024
    06-4389
    06-5771
    06-5786
    06-6099
    07-0206
    07-3500
    07-3612
    07-5023
    07-5040

*PUBLISH TO WEB*

## ORDER AND REASONS

       Before the Court are Plaintiffs' Motion for Disqualification or Recusal of Judge Duval From Victims of Katrina Litigation for Personal Bias, Prejudice and Partiality (Doc. 10910), a Motion to Quash The Motion for Disqualification (Doc. 11159) and Ashton R. O'Dwyer, Jr.'s *Nunc Pro Tunc* Supplement to Affidavit of Personal Bias and Prejudice of a Federal Judge (Doc. 10969). Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court is prepared to rule.

       As stated in previous rulings, at the outset of this massive litigation, on March 24, 2006, the Court made a disclosure of any fact that could possibly be the subject of a motion for recusal

based on personal bias or prejudice. (Doc. 57)[1]. All of the parties to the litigation, including Mr. Ashton O'Dwyer, were given notice that any motion for recusal must be filed on or before April 4, 2006 for hearing on April 19, 2006. There are literally hundreds of defendants and thousands of plaintiffs and only two defendants filed a motion for recusal based upon the fact that the undersigned was a resident of New Orleans, had to evacuate, suffered inconvenience and as a result, could not fairly and impartially preside over these proceedings.

After due consideration, the Court rendered a lengthy opinion denying the Motion to Disqualify Judge on May 4, 2006. (Doc. 285). The United States Court for the Fifth Circuit subsequently denied mandamus (Doc. 479), and the United States Supreme Court refused to grant *certiorari*. Since that time, the Court, the attorneys, and the litigants have moved forward and have spent substantial time and judicial resources in resolving the myriad issues presented in the *In re Katrina Canal Breaches Consolidated Litigation* umbrella..

In the Court's original disclosure, the relationship of the undersigned with Calvin Fayard, one of the plaintiff's attorneys, was described in detail in open court. The undersigned was convinced at that time, and still is, that the Court could be fair and impartial notwithstanding that relationship. No party filed a motion to recuse on the basis of that personal relationship within the time set forth in the Court's original order.

On January 15, 2008, Ashton O'Dwyer, Jr. filed an Affidavit of Personal Bias and Prejudice of Judge in Matters Involving Ashton R. O'Dwyer, Jr. Filed Pursuant to 28 U.S.C. § 144 and/or 28 U.S.C. § 455 and Incorporated Certificate of Good Faith (Doc. 10431). On

---

[1]These proceedings were held in open court and were transcribed by a Court Reporter. (Doc. 2774).

January 17, 2008 the Court entered its Order and Reasons finding the affidavit neither timely or sufficient under either statute.(Doc. 10615).

On January 28, 2008, Mr. O'Dwyer filed the instant Motion for Disqualification (Doc. 10910).  On January 30, 2008, Mr. O'Dwyer filed "Ashton R. O'Dwyer, Jr.'s *Nunc Pro Tunc* Supplement to Affidavit of Personal Bias and Prejudice of a Federal Judge (Doc. 10969).   With respect to this *"nunc pro tunc"* affidavit (Doc. 10969), the Court will strike it as the plain language of 28 U.S.C. § 144 allows only one affidavit to be filed.  Otherwise a disgruntled litigant or his counsel could completely disrupt ongoing litigation by incessant filings of affidavits.  The duplicative nature of this filing is keeping with the countless, redundant filings Mr. O'Dwyer has made in these proceedings.  He has been warned countless times about his conduct with regard to such filings, but the warnings have gone unheeded and have been interpreted by him as the Court's demonstration of  "personal bias" against Mr. O'Dwyer  when in truth and fact the Court has allowed Mr. O'Dwyer arguably excessive leeway.  It has repeatedly attempted to maintain order in these proceedings and, as a corollary, attempted to give Mr. O'Dwyer due warning before he would be sanctioned yet again or he subjects himself to even more severe discipline.

In addition, the Court denies Plaintiffs' Motion for Recusal for the reasons stated in the Court's two previous rulings described above.  Mr. O'Dwyer seems to be under the misapprehension that the Court has favored the State of Louisiana in this litigation because it has dismissed the State based on the 11th Amendment in the numerous suits brought by Mr. O'Dwyer.

3

Mr. O'Dwyer has appealed these rulings, and in fact, the state is not presently a defendant in the *Katrina* umbrella. [2]

Although rife with non-sequiturs and gratuitous unprofessional vitriol, it appears that the nub of Mr. O'Dwyer's motion to disqualify the undersigned is that Mr. Fayard and others represent the State of Louisiana in the so-called "Road Home" litigation and that the Court will favor the State in this litigation because of its prior rulings and its relationship with Mr. Fayard.[3] It should be noted that there is pending a Motion to Disqualify Mr. Fayard and other counsel based upon an alleged conflict of interest. (Doc. 10927). Mr. O'Dwyer has also filed a separate Motion to Disqualify (Doc. 10331) which has been taken on the papers and will be considered in conjunction with the Motion to Disqualify filed by the insurers; however, Mr. O'Dwyer is the only attorney seeking to disqualify the Court from making this decision by the instant motion. This ruling has no bearing on the substantive issue of disqualification of the Road Home attorneys.

---

[2] See Order and Reasons dismissing C.A. Nos. 06-4389, 06-6099, 06-5786. (Doc. 3666). The Court first dismissed Mr. O'Dwyer's claims against the State of Louisiana found in C.A. No. 05-4181 on July 19, 2006 relying on Eleventh Amendment immunity. In spite of this fact, and circumventing the Court's denial of Mr. O'Dwyer's 12th Motion to Amend his initial suit, he filed C.A. No. 06-4389. On August 26, 2006, Mr. O'Dwyer filed a proper case against the State in state court; however, that case was removed on September 8, 2006, and Mr. O'Dwyer failed to serve the State within ninety days as required under La. Rev. Stat. 13:5107(D)(1). Pursuant to La. Rev. Stat. 13:5107(D)(2) this Court had to dismiss that suit as well. Thus, Mr. O'Dwyer apparently has no viable lawsuit against the State as a result of his own failure to serve one properly. Nonetheless, there are pending other class action suits against the state filed in state court so that any potential putative class member has not been harmed. All of these rulings were all made long before the "Road Home" suit was filed.

[3] It should also be noted that Mr. O'Dwyer and Mr. Fayard are generally aligned in this litigation as they both represent clients who are suing many of the same defendants.

4

Mr. O'Dwyer's repeated efforts to have the undersigned recused are stale and vituperative. Moreover, throughout these proceedings, Mr. O'Dwyer has filed duplicative, vexatious and vitriolic pleadings aimed at a myriad of persons and institutions. He has been warned by the Court, based on the Canons of Professionalism and 28 U.S.C. §1927, to cease and desist these practices. As stated above, he has flagrantly refused to heed these warnings.

The Court should not be inhibited to perform its judicial duties because of a reluctance to discipline an attorney who has filed pleadings which attack the Court. As the Court should not bully, it should not let itself be bullied.

Mr. O'Dwyer was first warned of the unacceptability of his vitriolic pleadings in the Court's ruling on the Motions to Dismiss his first suit, C.A. No. 05-4181. (Doc. 788, n.2, 7, 20 and the text at 12 wherein Mr. O'Dwyer was warned that he would be subject to Rule 11 sanctions for the invocation of a litany of jurisdictional statutes without any supporting factual allegations). Mr. O'Dwyer has been the subject of a number of sanction hearings prompted by his conduct with other attorneys–those representing Boh Brothers (Doc. 1079)[4], the State of Louisiana (Doc. 3666)[5] and Washington Group International, Inc. and (Doc. 9427)[6]– and this

---

[4]At this hearing, Mr. O'Dwyer was put on notice that any more unprofessional conduct might result in sanctions of a properly filed motion supported by evidence after a full evidentiary hearing. The Court did not assess a sanction.

[5]The sanction was imposed based on his filing three duplicative suits against the State of Louisiana and were for the attorneys' fees and costs to the State of Louisiana.

[6]The hearing on this motion was postponed as a result of the § 144 affidavit being filed on the eve of the hearing, even though the actions complained of had occurred long before, which disrupted the Court's schedule and caused considerable expense to the mover as one of the attorney's had traveled from Washington, D.C. for that hearing. This motion will be re-noticed for hearing in the near future.

Court. (Doc. 4154)[7]. All of these rulings were all made long before the "Road Home" suit was filed, and all of these issues have taken substantial time and resources of the Court which course of conduct will no longer be accepted by this Court.

Indeed, this Court has not been the sole beneficiary of Mr. O'Dwyer's machinations. Chief Judge Berrigan of this Court has ordered Mr. O'Dwyer to pay a fine of $1000 for each unprofessional word he files into the record and stated that Mr. O'Dwyer "has willfully crossed a line that should never have been approached by any member of the Bar of this Court. During its entire tenure on the bench, this Court has never witnessed an attorney's use of written unprofessional and derogatory language that rivals the plaintiff's in this matter." *O'Dwyer v. State of Louisiana*, C.A. No. 06-7280, Doc. 317 at 24-25).

Accordingly, in the event the Court receives any further duplicative, vexatious, frivolous or unprofessional pleadings, the Court will exercise its inherent power and the power granted to it pursuant to 28 U.S.C. § 1927, to order any appropriate sanction including requiring plaintiff to seek permission of the Court before filing any pleadings in this proceeding. Mr. O'Dwyer's continued unprofessional, legally irresponsible, and contumacious conduct will not be further countenanced by this Court. Accordingly,

**IT IS ORDERED** that Ashton R. O'Dwyer, Jr.'s *Nunc Pro Tunc* Supplement to Affidavit of Personal Bias and Prejudice of a Federal Judge (Doc. 10969) is **STRICKEN** from the record.

---

[7]Mr. O'Dwyer in this instance was ruled into Court to show cause why he should not be sanctioned for having filed into the record a disparaging e-mail concerning the undersigned and his law clerk. (Doc. 3599)  The Court did not sanction Mr. O'Dwyer. (Doc. 4579).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Disqualification or Recusal of Judge Duval From Victims of Katrina Litigation for Personal Bias, Prejudice and Partiality (Doc. 10910) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Quash The Motion for Disqualification (Doc. 11159) is **MOOT.**

**IT IS FURTHER ORDERED** that Mr. O'Dwyer shall provide a copy of this ruling to each of his named clients, and that on or before March 14, 2008, he shall file into the record a sworn affidavit certifying that he has complied with this order.

New Orleans, Louisiana, this 22nd day of February, 2008.

                                           **STANWOOD R. DUVAL, JR.**
                                           **UNITED STATES DISTRICT COURT JUDGE**