UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                          CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                                    NO. 05-4182

PERTAINS TO:                                                                SECTION "K"(2)
   *O'Dwyer* C.A. No. 06-4024

## ORDER

Before the Court is Plaintiff's Motion to Rescind Order of September 11, 2007 (Record Document No. 7358). Having reviewed the pleadings, memoranda and the relevant law, the Court is prepared to rule.

On September 11, 2007, this Court indeed granted a Motion to Dismiss filed by the United States which complaint was styled a "Verified, Protective, Re-Filed Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorney's Fees and Taxable Costs in a Class Action Lawsuit." (Doc. 7358). The Court noted at that time that (1) Maureen O'Dwyer at that time had numerous other suits filed and pending, (2) that counsel had failed to file an opposition to the motion and (3) that the lawsuit that was subject to the motion had been filed in direct contravention of this Court's order instructing Mr. O'Dwyer that the use of the same wholesale approach to jurisdiction that had been used in C.A. No. 05-4181 would be subject to Rule 11 sanctions. It was for these reasons that the motion was granted.

This instant suit (C.A. No. 06-4024) named only one plaintiff who was a resident of Lakeview and thus whose damages arose out of the breach of the outfall canals. Nonetheless, she was alleged to represent the claims of all persons in Orleans Parish and allegations of harm caused by MRGO were the gravamen of the complaint. Since the entry of this order, the Court has found that the United States is immune for all flooding caused by the Outfall Canals

rendering her viability as a class representative in a suit against the United States suspect. In addition, all of the claims alleged in this complaint against the United States as they concern the breaches of the Outfall Canals and MRGO are included in the Master Levee and MRGO complaints. In addition, Mr. O'Dwyer has pending yet another lawsuit, that being *Parfait Family*, 07-3500 where it appears all of these same allegations are made although it is the subject of another Motion to Dismiss. Thus, the Court sees no undue prejudice caused by its order.

As such, the Court finds no merit in this motion. However, it will clarify its previous ruling that the Motion to Dismiss was granted without prejudice and was not meant to adjudicate the issues of liability with respect to MRGO. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Rescind Order of September 11, 2007 (Record Document No. 7358) is **DENIED**; however, the September 11, 2007 Order is hereby clarified that the Motion to Dismiss is granted without prejudice and is not an adjudication of the merits.

New Orleans, Louisiana, this   22nd   day of February, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

2