1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES  *   Civil Action No. 05-4182
                                *   Consolidated Litigation
                                *
                                *   Section "K"
PERTAINS TO:                    *
RECORD DOCUMENT # 4140          *   New Orleans, Louisiana
                                *   June 13, 2007
* * * * * * * * * * * * * * * *

MOTION TO DISMISS HEARING
BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Consol Plaintiffs:          Bruno & Bruno
                                By: JOSEPH M. BRUNO, ESQ.
                                By: L. SCOTT JOANEN, ESQ.
                                855 Baronne Street
                                New Orleans, Louisiana 70113

For Defendant Washington        Stone Pigman Walther Wittmann
Group International, Inc.:      By: WILLIAM D. TREEBY, ESQ.
                                By: HEATHER S. LONIAN, ESQ.
                                546 Carondelet Street
                                New Orleans, Louisiana 70130-3588

                                Jones Day (Washington)
                                By: JULIA E. McEVOY, ESQ.
                                51 Louisiana Avenue, NW
                                Washington, DC 20001

```
                                                                    33
 1            MS. McEVOY:  -- tasks that you have already read for
 2   the court to this.
 3            THE COURT:  Yes, I have already read it, for the most
 4   part.
 5            MS. McEVOY:  Yes.  But I want to point out that
 6   again, all of these tasks were within the scope of work and
 7   resulted in a situation in which Washington Group left the site
 8   in May of 2005, having filled in all of the things that it
 9   removed from the site.
10            THE COURT:  When did you say the Washington Group
11   left?  I'm sorry.
12            MS. McEVOY:  May of 2005, sir.
13            THE COURT:  May, that's what I thought, in May.
14            MS. McEVOY:  Let me get to the big finale, as
15   Plaintiffs have described it.  They poo-pooed a little bit our
16   arguments about Paragraphs 43 and 44 and say:  But if you
17   really want specifics, Judge, look at Paragraph 45.  And
18   Paragraph 45 is really important to everything that we have
19   been discussing.  Mr. Treeby touched on some of the
20   shortcomings of Paragraph 45 and I want to highlight a few of
21   them for purposes of the McLachlan case.
22            Number one, Washington Group knew or should have
23   known that its work was causing damage.  I note again that
24   Washington Group was not asked to work on the levees.
25   Plaintiffs have not alleged that it did, and they were not
```

1  asked to perform engineering services.  The fact that they were
2  not asked to perform engineering services makes these
3  allegations about regulations and standards and procedures even
4  more curious, because it's not clear if Washington Group was
5  not performing engineering services, what code of conduct would
6  govern its performance of the contract.  And we certainly have
7  no clue based on this allegation.

8        THE COURT:  Unless they did something that was -- I'm
9  not saying it's alleged, but if you did not perform your work
10 in a workman like way where you did something untoward to
11 accomplish your object that was negligent.  But I'm not saying
12 that you did that, but that's what the Court assumes that they
13 mean.  I'm not saying it has been alleged, at least certainly
14 for the purposes of this motion, sufficiently.

15       MS. McEVOY:  And of course, that is the problem, that
16 we're all making some assumptions here, and struggling to make
17 assumptions and stretching to make assumptions, because there
18 are no facts alleged in the complaint.

19       And finally, I just wanted to point out again in the
20 McLachlan rubric, that this notion that the Washington Group
21 had a duty to inform the appropriate authorities is certainly
22 beyond the scope of what it was asked to do.

23       THE COURT:  Let me ask you this.  There are some of
24 these Government contractor cases where if you know of a danger
25 and the Government doesn't, then the shroud of immunity becomes