**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |
| * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF
MOTION FOR DISQUALIFICATION AND
<u>OTHER RELIEF</u>**

**MAY IT PLEASE THE COURT:**

Precisely how nefarious and unethical the conduct of attorneys Becnel and Fayard has been in this litigation to date did not strike "home" until undersigned counsel for plaintiffs was himself the target of a veritable "feeding frenzy" in Your Honor's Courtroom on Wednesday, January 16, 2008, following disclosure of an Affidavit made pursuant to 28 U.S.C. §144 and 28 U.S.C. §455. Now that the evil scheme in which

-1-

Messrs. Becnel and Fayard participated is "on the record", threatening the integrity of this entire litigation, the undersigned takes this opportunity to charge Messrs. Becnel and Fayard, and any others who may be similarly situated,[1] not only of a conflict of interests in with violation of Rule 1.7 of the Rules of Professional Conduct, but also with violation of the following additional Rules:

> Rule 3.3, which requires candor towards the Tribunal;
>
> Rule 4.1, which requires truthfulness in statements to others; and
>
> Rule 8.4, which prohibits misconduct, including deceit and dishonesty, and to engage in conduct prejudicial to the orderly administration of justice.

The undersigned also avers, upon information and belief, that Messrs. Becnel and Fayard may have willfully violated certain provisions of Rule 3.5, as well.

It still is not known precisely when Messrs. Becnel and Fayard (and others) first entered into negotiations for their representation of the State of Louisiana, although that information is being sought, since it is material and relevant to their unethical conduct. However, the undersigned avers, upon information and belief, that the negotiations with the State began very early in this litigation. Accordingly, violation of the above and foregoing Rules of Professional Conduct by Messrs. Becnel and Fayard not only stem from their clear conflict of interests, prohibited by Rule 1.7, but also from their willful failure to disclose, both to the Court and to other counsel, their duel and "double-dealing" legal representation, i.e., allowing themselves to be appointed to Committees by Your Honor, and thereafter purporting to be meeting and discharging their obligations to "the

---

[1] See attached E-mail by the undersigned to Members of "The Levee Litigation Group" of November 5, 2007 @ 2:44 p.m. addressing the conflict of interests which is a subject of this memorandum, and the fact that the patently obvious ethical dilemma was "spreading like a contagious disease".

Class", but all the while concealing until August 29, 2007 their representation of the State of Louisiana, which should be sued and relentlessly pursued by the Class. Their violation of the above-cited Rules of Professional Conduct by Messrs. Becnel and Fayard also involves their remaining silent when the undersigned was sanctioned by Your Honor to the tune of nearly $8,000 on August 6, 2007, when they knew full well that on August 29, 2007, they would be filing pleadings on behalf of the State of Louisiana and asserting an affirmative claim on behalf of the State against the United States to the tune of a cool $200 billion dollars. See Record Document No. 7501 for the entire relevant "timeline" during which Messrs. Becnel and Fayard willfully remained silent.

In order that This Honorable Court and the rest of the "world" may know some of the details of the nefarious scheme in which Messrs. Becnel and Fayard (and others) participated, and which the undersigned, admittedly, still has not completely "figured out", appended to this memorandum is the unsworn Declaration of Ashton R. O'Dwyer, Jr. made under penalty of perjury pursuant to 28 U.S.C. §1746, with the attached Exhibit No. 1, which attempts to explain part of the scheme.

    Respectfully submitted,

    **LAW OFFICES OF**
    **ASHTON R. O'DWYER, JR.**
    **Counsel for Plaintiffs**

    **By:    S/Ashton R. O'Dwyer, Jr.**
          Ashton R. O'Dwyer, Jr.
          Bar No. 10166
          821 Baronne Street
          New Orleans, LA 70113
          Tel. 504-679-6166
          Fax. 504-581-4336

-4-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 21st day of January 2008.

                                         S/Ashton R. O'Dwyer, Jr.