UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | NUMBER:  05-4182 |
| | * | & CONSOLIDATED CASES |
| THIS DOUMENT RELATES TO | * | |
| LEVEE:  06-5127 (Depass) | * | SECTION "K" |
| 06-5116 (Sims) | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted in support of the The Board of Commissioners, East Jefferson Levee District's ("EJLD") Motion to Dismiss for failure to state claims upon which relief can be granted.[1]

Plaintiffs in the above captioned matters allege membership in various classes of persons who claim damages as a result of Hurricane Katrina.  Rather than joining the master class actions already pending in *In Re:  Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182, these plaintiffs specifically seek declaratory judgment and damages against the EJLD,

---

[1] The EJLD has answered Plaintiffs' Original and First Amended Complaints, but has not responded to Plaintiffs' later filed Amendments.  The EJLD brings this Motion under F.R. Civ. P. 12(b)(6,) or alternatively F.R. Civ. P. 12(c).

2

and other defendants, relying upon alleged "Acts of Assurance" between the EJLD and the United States Government. *(See, Depass Complaint for Declaratory Judgment, ¶¶55-56; See also, Simms Complaint for Declaratory Judgment, ¶¶55-56.)* Based solely upon provisions wherein the EJLD allegedly agreed to "hold and save the government free from all damages due to construction works," plaintiffs claim they have the right to recover damages from the EJLD allegedly caused by the United States' operation and maintenance of the 17th Street Canal. *(See, Depass Complaint for Declaratory Judgment, ¶¶56,73-75; See also, Sims Complaint for Declaratory Judgment, ¶¶56,73-75.)* Plaintiffs also seek damages against the EJLD based upon allegations of garde over the 17th Street Canal and/or the Hoey Canal/Gate. (*See, Depass Complaint for Declaratory Judgment, ¶¶23, 25-27*; *See also, Sims Complaint for Declaratory Judgment, ¶¶24-27)*.

For reasons set forth below, the EJLD avers that these Acts of Assurance (even if enforceable between the EJLD and the United States, which is denied), do not provide plaintiffs with a cause of action against the EJLD. At best, they are nothing more than agreements by the EJLD to indemnify the United States for certain actions related to "construction works". They do not, as this Court has already correctly noted, provide plaintiffs or third parties with a right or cause of action against the indemnifying state or local agency. *(See, Order and Reasons of November 7, 2007,pp. 4-7, Record Doc. no. 8913.)* This Court has also already addressed the garde issues raised by plaintiffs, and found that public bodies such as the EJLD are immune from suits like plaintiffs. (*See, Order and Reasons of October 12, 2007, p.p. 9-11, Record Doc. no. 8390).* As such, plaintiffs have no right or cause of action against the EJLD for allegations of garde over the 17th Street Canal and/or the Hoey Canal/Gate.

## LAW AND ARGUMENT

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that in response to "a claim for relief in any pleading, whether a claim, counter-claim, cross-claim or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed. R. CIV. P. (12)(b)(6). In considering such a motion, the court shall accept "all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Construction Co. vs. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) (quoting *Jones vs. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). In order to survive a Rule (12)(b)(6) motion, "the plaintiff must plead enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. vs. Twombly*, 127 S. Ct. 1955, 1974 (2007) [2]

Similarly, a motion brought under Rule (12)(c) may dispose of a case when judgment can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co. vs. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 313 (5th Cir. 2000); *Southern Service Corp. vs. Tidy Building Services, Inc.*, 2004 WL 2784909 (E.D. La. 12/1/04). To determine whether to grant a Rule 12(c) motion, a court must look to the pleadings and accept all allegations in them as true. *St. Paul Fire and Marine Ins. Co. vs. Convalescent Services, Inc.*, 193 F. 3d 340, 342 (5th Cir. 1999). The central issue is "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan Comm. Int'l Corp. vs. Southwestern Bell Telephone Co.*, 313 F. 3d 899, 904 (5th Cir. 2002). In effect, the Court

---

[2] The Supreme Court recently abrogated the "no sets of facts" language in *Connelly vs. Gibson*, 355 U.S. 41,45-46 (1957), commenting that the case had been frequently mischaracterized as setting forth a minimum pleading standard when it was simply "describing the breath of opportunity to prove what an adequate complaint claims." *Bell Atlantic Corp. vs. Twombly*, 127 S. Ct. at 1968. It appears the *Twombly* court reads *Connelly* standing for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the Complaint." *Id.* Thus, the *Twombly* court employs a plausibility standard for scrutinizing the sufficiency of pleadings in the context of a Rule (12)(B)(6) motion.

should apply substantially the same standard for a Rule 12(c) motion as Rule 12(b)(6) motion. *See, Jones vs. M. L. Greninger,* 188 F. 3d at 324.

Under the standards governing either of these other two Rules, the EJLD is entitled to judgment in its favor.

### B.   No Claim Exists With Respect To Any "Act Of Assurance"

Plaintiffs assert a cause of action against the EJLD allegedly arising out of an "Act of Assurance" the EJLD entered into with the United States.  As this Court is well aware, these allegations are, however, insufficient to state a cause or right of action against the EJLD.

This Court already addressed the "Act of Assurance" issue when it dismissed similar claims against the Board of Commissioners for the Port of New Orleans. (*See, Order and Reasons of November 7, 2007, p.p. 4-9, Record Doc. no. 8913.*)  There, the Court found that 1) the Acts of Assurance did not create a *Stipulation Pour Autruri*; 2) the Acts of Assurance were not insurance policies and did not provide a basis for a direct action claim; and 3) plaintiffs failed to show that under federal common law they would have any right to sue as a third party beneficiary. *Id.*  The Sewerage and Water Board of New Orleans has moved this court seeking similar relief from plaintiffs' claims against it, and its motion is currently pending.  *(See, Sewerage & Water Board of New Orleans; Motion to Dismiss, Record Doc. no. 9009.)*  In keeping with this Court's prior legal analysis, the EJLD is entitled to a dismissal.

In granting the Board of Commissioners of the Port of New Orleans' Motion to Dismiss, the Court cited *Anderson vs. Red River Waterway Commission*, 231 F. 3d 211 (5th Cir. 2000) where the Court of Appeals held that such assurances were nothing more than indemnification agreements whereby the state or local agency agreed only to indemnify the United States for amounts it may be cast in judgment by third parties.  Specifically, the *Anderson* court found that

4

Acts of Assurance do not confer power or right upon third parties to file suit directly against the indemnifying state or local agency. *Id.* at 215.  Other courts, including Louisiana state courts, have addressed the issue and ruled in similar fashion.  The seminal suit in this regard is *Cooper vs. City of Bogalusa*, 198 So. 510 (La. 1940).  In it, the Louisiana Supreme Court held that a property owner who sued for damages alleging that her land became isolated as the result of dredging of a navigable river by the United States at the request of Bogalusa, had no direct right of action to recover damages directly against Bogalusa. *Id.*  Even though Bogalusa was the local indemnifying authority with respect to the dredging contract, the Court found that nothing in Bogalusa's resolution guaranteeing to hold and save harmless the United States for all claims for damages that may or might result from the construction of maintenance of the improvement granted plaintiff a direct right to recover damages.  *Id.* at 513; See also, *Vuljan vs. Board of Commissioners of the Port of New Orleans,* 170 So. 2d 910 (La. App. 4th Cir. 1965). (*oyster lessee* had no cause of action against the Port of New Orleans for damages caused by construction of the MRGO arising out of hold harmless provisions between it and the United States).  Here, the damages plaintiffs seek are also too "far removed from any responsibility the [EJLD] undertook and simply cannot be the basis for claims brought directly against the [EJLD]".  (*See, Order and Reasons of November 7, 2007, p. 7, Record Doc. no. 8913).*

Likewise, any argument with regard to application of the Louisiana Direct Action Statute, La. R.S. 22:655, is inapplicable.  The Direct Action Statute allows an injured party to sue the insurer of the person who allegedly caused the damage.  In *Cooper vs. Louisiana Department of Public Works*, 870 So. 2d 315 (La. App. 3rd Cir. 2004), the court specifically found that Acts of Assurance like these did not constitute insurance.  This very Court, too, has already found that the "Acts of Assurance" at issue are not insurance policies. (*See, Order and Reason of*

5

*November 7, 2007, p. 7, Record Doc. no. 8913)*. There is no difference here, and the Court has already noted that it "cannot find any reason to disagree with this finding." (*See, Order and Reasons of November 7, 2007, p. 7, Record Document no. 8913.)*[3]

In sum, the "Acts of Assurance" relied upon by plaintiffs are nothing more than indemnity agreements running between the EJLD and the United States. These agreements do not provide plaintiffs with a right or cause of action against the EJLD. Therefore, plaintiffs' claims regarding these "Acts of Assurance" fail and must be dismissed.

### C. No Claim Exists With Respect To Plaintiffs' Allegations Of Garde

The bulk of plaintiffs' remaining allegations contend that the EJLD was charged with the responsibility of maintaining and operating the 17th Street Canal and Hoey Canal/Gate, and that plaintiffs' damages "derive from the construction, operation and maintenance of the 17th Street Canal "and" failure to close the Hoey Canal." *(See, Sims Complaint for Declaratory Judgment, ¶¶24-27; See also, Depass Complaint for Declaratory Judgment, ¶¶23, 25-27).* These are, in effect, garde allegations against the EJLD relating to the 17th Street Canal, its accompanying levees, and the Hoey Canal/Gate.

While it is specifically worth pointing out that no levees failed on the EJLD side of the 17th Street Canal, even assuming for argument sake both that the EJLD had garde over the 17th Street Canal/Hoey Canal levees and gates at issue and that those levees/gates caused plaintiffs' damages, the EJLD is immune pursuant to Louisiana Revised Statute 9:2800(H). This Court has already dismissed plaintiffs' similar claims against Jefferson Parish, finding that all claims arising from garde of any levee, drainage ditch or the like are barred if brought against a

---

[3] Plaintiffs have even nonetheless failed to allege any facts that the EJLD breached any specific "assurance" contained in the Act of Assurance.

6

public body.  (*See, Order and Reasons of October 12, 2007, pp. 9-10, Record Doc. no. 8390.*)  In keeping with this, as it is indisputably public body, the EJLD is entitled to the same relief as the Court has already granted Jefferson Parish.  Thus, the EJLD is immune from such garde allegations.  Plaintiffs' allegations of fault arising out of the EJLD's alleged garde over any levees or drainage structures accordingly fail to state a right or cause of action and the EJLD is entitled to a dismissal.

## CONCLUSION

This Court has already ruled in favor of Jefferson Parish and the Board of Commissioners of the Port of New Orleans, dismissing virtually identical claims as those plaintiffs now assert against the EJLD.  The law and facts previously considered apply here, too.  The EJLD requests an Order dismissing plaintiffs' claims against it, with prejudice.

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

Respectfully Submitted,

*/S/ JOSEPH E. BEARDEN, III*
LAWRENCE J. DUPLASS (#5199)
GARY M. ZWAIN (#13809)
JOSEPH E. BEARDEN, III (#26188)
NICOLE M. BOYER (#29775)
RYAN M. MALONE (#30607)
3838 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA  70002
TELEPHONE: (504) 832-3700
FACSIMILE: (504) 837-3119
**ATTORNEYS FOR DEFENDANT,
THE BOARD OF COMMISSIONERS,
EAST JEFFERSON LEVEE DISTRICT**

8

**CERTIFICATE**

I do hereby certify that on the 22nd day of February 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

*/S/ JOSEPH E. BEARDEN, III*
JOSEPH E. BEARDEN, III (#26188)