UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>     C.A. No. 07-5023<br>     C.A. No. 07-5040 | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is Intervening Plaintiffs' Objections to and Motions(s) to Review Magistrate's Order on Motions (Record Document No. 9459) (Doc. 9753). Having reviewed the pleadings, memoranda and the relevant law, the Court finds the subject motion without merit.

As this Court previously stated in *Corcova v. Crowley Marine Services, Inc.,* 2003 WL 21804986 (E.D.La. Aug.4, 2004):

> The Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates. Fed. R. Civ.P. 72(a); see also Eastern District of Louisiana Local Rule 72.1E(A)[hereinafter Local Rules]; 28 U.S.C. § 636(b)(1)(A). A magistrate's ruling on such a nondispositive matter is appealable to the district court. *Id.* "The district judge to whom the case is assigned ... shall modify or set aside any portion of the magistrate's order [only if] found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a)(emphasis added); see also Local Rule 74.1M(A); 28 U.S.C. § 636(b)(1)(A). Indeed, the "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *See also* Fed.R.Civ.P. 72(a). The district court may not undertake a de novo review of the magistrate's disposition. *See e.g., Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. Unit A 1981). Under the clearly erroneous standard of review, the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact. *Blair v. Sealift,* 848 F.Supp. 670 (E.D.La.1994) ( *citing Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992).

*Id.* at 1.  As the question presented is a question of law, the Court has reviewed the Magistrate Judge's Order using a *de novo* standard.

In the case at bar, counsel argues that the State of Louisiana has waived its Eleventh Amendment immunity from suit by its filing of two suits against the United States of America, C.A. No. 07-5023 and C.A. No. 07-5040, and thus plaintiffs are entitled to assert their claims against the State of Louisiana in two suits about which there is no adjudication of the States' fault in this matter to be adjudicated.  The Court finds that the reasoned and detailed analysis of the Magistrate Judge is without error and hereby affirms its Order.  Accordingly,

**IT IS ORDERED** that Intervening Plaintiffs' Objections to and Motions(s) to Review Magistrate's Order on Motions (Record Document No. 9459) (Doc. 9753) is **DENIED.**

New Orleans, Louisiana, this   25th   day of February, 2008.

                                        **STANWOOD R. DUVAL, JR.**
                        **UNITED STATES DISTRICT COURT JUDGE**