UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION: 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | JUDGE STANWOOD DUVAL |
| PERTAINS TO:    INSURANCE | * | |
| | * | SECTION "K" |
| *Joseph Aguda, et al.*, 07-4457 | * | |
| | * | MAGISTRATE 2 |

**DEFENDANT'S REPLY TO OPPOSITION TO RULE 12(b)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

**I.    BACKGROUND**

On January 22, 2008, while this case was pending before Judge Thomas Porteous, Jr., State Farm filed a Motion to Dismiss plaintiffs' Hurricane Katrina-related Complaint and claims pursuant to Rule 12(b)(6). (Rec. Doc. 5). State Farm filed its Answer and Defenses that same date (Rec. Doc. 7). State Farm Noticed its Motion for hearing on February 13, 2008. Plaintiffs' initial Memorandum in Opposition was due on February 5, 2008.

Plaintiffs first replied on February 6, 2008 (after the deadline), filing (1) a "Supplemental" Memorandum in Opposition to State Farm's Motion to Dismiss and related Motion for Leave to File (Rec. Doc.8) and (2) a First Amended Complaint, Motion for Leave to File First Amended Complaint, and Memorandum in Support of their Motion for Leave (Rec. Doc. 9).

{N0060101}

On February 8, 2008, Judge Porteous granted Plaintiffs' Motion for Leave to file its Supplemental Memorandum in Opposition (Rec. Doc. 14). Judge Porteous transferred this matter to Your Honor's *In re Katrina* insurance umbrella on February 13, 2008, without adjudicating the subject motion. (Rec. Doc. 25, entered February 19, 2008).  On February 19, 2008, Magistrate Judge Chasez scheduled Plaintiffs' Motion for Leave to File Amended Complaint for oral argument on March 5, 2008 (Doc. 26). [1]  State Farm now replies to Plaintiffs' latest filings.

## II.  LAW AND ARGUMENT

### A.  DISMISSAL OF SIMILAR ACTIONS IN CASES WHERE STATE FARM HAS FILED IDENTICAL RULE 12 (b) (6) MOTIONS TO DISMISS

The plaintiffs in this matter are represented by attorney Stuart Barasch, who has filed multiple Hurricane Katrina-related lawsuits under a law firm name entitled the Hurricane Legal Center. State Farm filed Rule 12 (b) (6) Motions to Dismiss in many of those cases. Those motions are identical to State Farm's present motion in this matter. The original complaints (or petitions) in those other matters are identical to the original Complaint filed by plaintiffs herein. Five courts, including Your Honor, have granted State Farm's Rule 12 (b) (6) Motion. [2]  Indeed, in the *Acevedo* and *Abrams* cases, Your Honor specifically noted that State Farm's Rule 12 (b) (6) Motions to Dismiss "have merit."  Accordingly, there is multiple, binding authority to support a dismissal of all claims against State Farm in this case.

### B.  PLAINTIFFS HAVE NOT COMPLIED WITH LOCAL CIVIL RULES

---

[1] Considering the transfer order it would appear that Magistrate Judge Chasez no longer has jurisdiction in this matter. Also, Plaintiffs' Amended Complaint has not been officially allowed into the record of this matter.

[2] *See Exhibit A*, January 22 and 24, 2008 Amended Judgment and Order, with Reasons, *Justin Benit, et al v. State Farm Fire and Casualty Company*, Case No. 07-6738 (Judge Thomas Porteous, Jr.); also, see *Exhibit B*, January 22, 2008 Final Judgment and Order, with reasons, *Lawrence Harrington, et al v. State Farm Fire and Casualty Company*, Case No. 07-7600 (J. Thomas Porteous, Jr.).  Also, *See Exhibit C*, January 22, 2008 Order and Reasons dismissing *Andria and Keith Areceneaux, et al v. State Farm Fire and Casualty Co.*, Case No. 07-7701 (J. Martin Feldman); and *Exhibit D*, January 23, 2008 Order dismissing all claims against State Farm in both *Rafael Acevedo, et al v. AAA Ins. Co., et al,* Case No. 07-5199 and *Chudd and Arvis Abram, et al v. AAA Ins. Co., et al*, Case No. 07-5205 (J. Stanwood Duval).

Any party opposing a motion shall file its memorandum in opposition no later than eight calendar days prior to the noticed hearing date. (See LR 7.5E, Uniform District Court Rules). Thus, Plaintiffs' initial Memorandum opposing State Farm's Motion to Dismiss had to be filed no later than February 5, 2008. Nevertheless, Plaintiffs' initial Opposition (incorrectly titled as a "Supplemental Memorandum in Opposition") was filed February 6, 2008. Although Local Rule 7.5E does not have a "good cause" exception, Plaintiffs have not shown good cause, or any reason for that matter, for their failure to comply with local court rules. Therefore, the Court should not consider Plaintiffs' Memorandum in Opposition.

**C.    PLAINTIFFS' ATTEMPTED FIRST AMENDED COMPLAINT IS NOT BEFORE THE COURT**

State Farm filed an Answer and Defenses to plaintiffs' original Petition on January 22, 2008. *See* Rec. Doc. 7. Plaintiffs did not attempt to file an Amended Complaint until February 6, 2008. *See* Rec. Doc. 9. Because State Farm filed a "responsive pleading" within the meaning of Rule 15 of the Federal Rules of Civil Procedure, the plaintiffs' absolute right to amend the Petition terminated on January 22, 2008 and the plaintiffs must obtain either the written consent of State Farm or this Court's permission before filing an amended complaint. *See* FRCP 15(a); *Barksdale v. King*, 699 F.2d 744, 747 (C.A.La.,1983); *Washington v. New York City Bd. of Estimate*, 709 F.2d 792 (C.A.2d, 1983), certiorari denied, 104 S.Ct. 537, 464 U.S. 1013, 78 L.Ed.2d 717; *see also* 6 Wright and Miller Federal Procedure and Practice § 1483 ("It is axiomatic that the complaint may be amended as of course at any time before the answer is served."). Since neither event has occurred, Plaintiffs' Amended Complaint is not before the Court. However, State Farm responds to the Amended Complaint as a matter of caution.

**D.    PLAINTIFFS' ATTEMPTED FIRST AMENDED COMPLAINT AND OPPOSITION MEMORANDUM DO NOT PRECLUDE DISMISSAL**

### 1. The Plaintiffs' Attempted First Amended Complaint

Plaintiffs attempt to amend their Complaint in a failed effort to cure their original deficient Complaint. The amended Complaint still fails to state a claim upon which relief can be granted.

The only substantive changes are the addition of three sentences to the Original Complaint. *See* Rec. Doc. 9. Now, the Complaint reads as follows and the added portions are in italics:

**(1)  Paragraph V (amending Paragraph 4 of original Complaint):**

> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. *However, wind was the efficient proximate cause of all this damage.* Rec. Doc. 9.

**(2)  Paragraph VII:**

> *Although Plaintiffs property was damaged as described above, the direct wind damage, by itself, caused a total loss of the property.* Rec. Doc. 9.

**(3)  Paragraph VIII (amending Paragraph 6 of original Complaint)**

> As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use / ALE (additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. Instead, Defendant made only partial payment based on wind and wind driven rain alone. *This partial payment did not constitute full payment of all the damages caused by wind and Defendant still owes Plaintiffs additional policy benefits for all the damage caused by wind.* Rec. Doc. 9.

Plaintiffs are still asserting a claim for flood damage caused by levee breaches and overtopping of canals – a loss not covered by the State Farm policies at issue. Further, the plaintiffs maintain the allegation that they may recover the full policy limits of their respective policies under the Louisiana Valued Policy Law (VPL) for damages caused by flood, a peril specifically excluded under said policies. As such, the plaintiffs' claims must be dismissed.

**2.    The Plaintiffs Still Seek Coverage Under Homeowner's Policies For Damages Caused By An Excluded Peril – Levee Breaches and Overtopping**

Paragraph V of plaintiffs' Amended Complaint provides:

> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. However, wind was the efficient proximate cause of all this damage. *See* Rec. Doc. 9.

The only difference in the allegations of the Original Complaint from those stated in the Amended Complaint is that plaintiffs added the last sentence regarding "efficient proximate cause." This last sentence makes it clear that plaintiffs are still attempting to recover for excluded flood damages under their homeowner's policies.

The "efficient proximate cause" argument is essentially that hurricane winds and/or human negligence caused or contributed to the levee breaches or overtopping and therefore resulting flood damage is covered under the policies, notwithstanding coverage exclusions for flood damage. That theory or allegation fails to state a claim under Fifth Circuit law.

State Farm's flood exclusion clearly and unambiguously excludes coverage for damage caused by flooding due to breached levees, levee overflow and/or storm surge regardless of the cause. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 214 (C.A.5 (La.), 2007); *Tuepker*

*v. State Farm Fire & Cas. Co*. 507 F.3d 346, 352-53 (C.A.5 (Miss.),2007); *Bilbe v. Belsom*, 2007 WL 2042437, at *4 (E.D.La. 2007) (Barbier); see also *Leonard v. Nationwide Mutual Ins. Co.,* 499 F.3d 419, 435-37 (5th Cir.2007) (holding that under a similar clause in Nationwide Mutual Insurance Company's policy, "storm surge" was unambiguously excluded water damage). Furthermore, the lead-in language to State Farm's flood exclusion (sometimes referred to as the "anti-concurrent-causation clause" or "ACC Clause") provides that damage concurrently caused by both excluded perils and covered perils is not covered under the policy.[3] *See Tuepker* at 507 F.3d at 356. The U.S. Fifth Circuit recently affirmed that State Farm's flood exclusion, and in particular, the lead-in language of the exclusion, is valid and enforceable. *Tuepker,* 507 F.3d at 356; *In re Katrina,* 495 F.3d at 221; see also *Leonard,* 499 F.3d at 436 (upholding similar provision in Nationwide's policy).

Moreover, the Fifth Circuit has concluded that the lead in language to State Farm's flood exclusion has the effect of overriding the efficient proximate cause doctrine under which the plaintiffs now attempt to state a cause of action. *Tuepker,* 507 F.3d at 356 ("Therefore, under *Leonard*, which binds us, and with which we in any event agree, the ACC Clause in State Farm's policy overrides the efficient proximate cause doctrine."); see also *Leonard*, 499 F.3d at 436 (same holding under similar provision in Nationwide's policy). Thus, here, as in *In re Katrina Canal Breaches Litigation, Tuepker* and *Leonard,* "an insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." *Leonard*, 499 F.3d at 438, citing *In re Katrina Canal Breaches Litigation,* 495

---

[3] The lead-in language to State Farm's flood exclusion is as follows: "2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these." *See Tuepker,* 507 F.3d at 351; *see also* footnote 2 and accompanying text to State Farm's Motion to Dismiss (Rec. Doc. 5-2).

F.3d at 223; see also *Tuepker,* 507 F.3d at 356.  Accordingly, the "efficient proximate cause" allegation in the Amended Complaint does not cure the plaintiffs' failure to state a claim.

> 3. **The Plaintiffs Cannot Assert Mutually Exclusive Factual Allegations In An Effort To State A Valid Claim Under the VPL**

As mentioned above, the plaintiffs added the following allegation as Paragraph VII in the First Amended Complaint:

> Although Plaintiffs property was damaged as described above, the direct wind damage, by itself, caused a total loss of the property. *See* Rec. Doc. 9.

This new allegation diametrically contradicts plaintiffs' allegations in the same complaint that "flood waters from nearby levee breaches" caused "substantial damage" to their properties. Plaintiffs obviously cannot say in one breath that flooding was the substantial cause of their loss and then say in the next that wind, "**by itself**, caused a **total loss** of the property" in order to create a cause of action where none exists.  Rec. Doc. 9 (emphasis added).  The contradiction just confirms that plaintiffs seek recovery for flood damages – excluded under each of the plaintiffs' policies and the VPL – and demonstrates that plaintiffs cannot state a claim under the VPL.

> 4. **Plaintiffs Seek Limits under the VPL for Non-Covered Flood Damage**

Paragraph VIII of the Plaintiffs' Amended Complaint provides:

> As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use / ALE (additional living expenses).  Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. ***Instead, Defendant made only partial payment based on wind and wind driven rain alone.***  This partial payment did not constitute full payment of all the damages caused by wind and Defendant still owes Plaintiffs additional policy benefits for all the damage caused by wind.  *See* Rec. Doc. 9 (emphasis added).

Again, the plaintiffs are still seeking the full limits under their respective policies for damages caused by flooding. The fact that plaintiffs unequivocally state that State Farm only made payments for losses caused by wind "*alone*" demonstrates the plaintiffs necessarily are seeking to recover for damages caused by something other than wind and wind driven rain. It is clear from these allegations that the plaintiffs acknowledge that State Farm made payments for covered losses caused by wind and wind driven rain, and now solely seek recovery of the full policy limits based on the allegation that State Farm was also obligated to pay for damage caused by "overflowing of canals and breach of levees."

The plaintiffs added the last sentence of paragraph VIII in an apparent attempt to save their claims, but this addition does not create a cause of action under the VPL. Instead, paragraph VIII of the Amended Complaint further exemplifies that the plaintiffs improperly seek to recover their full policy limits under their respective polices despite acknowledging their properties were "substantially damaged" by flooding. The VPL does not apply in these situations. *See Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232, (C.A.5 (La.),2007); *Richards' Realty Company, L.L.C., et al. v. Paramount Disaster Recovery, Inc. et al.*, Case No. 06-2396, 11/13/07 Order Granting Motion to Dismiss, (E.D. La. Nov. 13, 2007) (Vance, J.) (Rec. Doc. 5-6); *Richard v. State Farm*, 06-1134, 2006 WL 3499901, *4 (W.D.La. Dec. 4, 2006) (Melancon, J.); *Turk v. La. Citizens Prop. Ins. Corp.*, No. 06-0144, 2006 WL 1635677 (W.D.La. Jun. 7, 2006) (Haik, C.J.); *In re Cameron Parish Rita Litigation vs. State Farm*, 2007 WL 2066813, *6 (W.D.La.) ("The VPL will not be read so as to expand coverage to excluded perils for which the plaintiffs did not pay premiums. State Farm will be responsible only for the percentage of loss which is attributable to a covered peril.") As one court has held:

> In the event that the loss was caused in whole or in part by a non-covered peril, rather than in whole by a covered peril, the Court

> does not read the LVPL to require insurers to pay the full value of the policy limit. Rather, the Court agrees with the court in *Turk v. Louisiana Citizens Property Ins. Corp.*, ... that in such a case, the insurer would be responsible for paying only for the percentage of loss which is attributable to the covered peril. *Richard* 2006 WL 3499901 at *4. [4]

### 5. Plaintiffs' Motion for Leave Reinforces State Farm's Position

Paragraph I of Plaintiffs' First Amended Complaint inaccurately states that "[T]his court granted Defendant's motion (to dismiss) and gave Plaintiffs until January 31, 2008 to file their Motion." (Rec. Doc. 9-2). That is simply incorrect per a review of the Docket Report for this matter on the court's website.

Paragraph II of Plaintiffs' Motion references Plaintiffs' alleged "intent" when filing their original Complaint. Plaintiffs also reference State Farm's alleged "interpretation" of Plaintiffs' "intent" and suggest that an ambiguity exists within their original Complaint. Such issues are irrelevant to the Rule 12 (b) (6) Motion pending before this Court. [5] Tthe Court must assume "…that all allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205. Therefore, the Court should look at the facts and allegations, as pled in the complaint, and not focus on intent, interpretations and ambiguities.

Plaintiffs' latest arguments and pleadings only reinforce the fact that that they seek coverage under their homeowner's policies for flood damage caused by levee failures. Paragraph III of Plaintiffs' Memorandum in Support of their Motion for Leave to File First Amended

---

[4] As stated in State Farm's Motion to Dismiss (Rec. Doc. 5), despite the plaintiffs' claims under the VPL for the full policy limits for each of the individual coverages (structure, other structures, contents, debris removal and loss of use) under the respective policies, recovery under the VPL, if any, is limited to immovable property. Under no circumstances could plaintiffs recover policy limits for contents and loss of use pursuant to the VPL.

[5] Here, Plaintiffs reliance on "intent" and "ambiguities" are more germane to a Motion to Remand and whether Plaintiffs should be allowed to amend their pleadings to resolve any ambiguities therein. However, this Court is not adjudicating a Motion to Remand but, rather, a Rule 12 (b) (6) Motion to Dismiss for Plaintiffs' Failure to State Claims upon which Relief can be Granted.

Complaint states that "[D]efendant made *payment* based on *wind and wind driven rain **only**.*" (Rec.Doc. 15).

### 6. Plaintiffs' Memorandum in Opposition Contradicts Plaintiffs' Complaint

Plaintiffs' Memorandum in Opposition does not show how Plaintiffs have sufficiently stated a valid claim against State Farm. Plaintiffs speculate that at trial they will have sufficient evidence to prove their claims. Plaintiffs do not sufficiently state within their Complaint how they are legally entitled to those claims considering the recent Eastern District of Louisiana and U.S. Fifth Circuit appellate decisions suggesting otherwise. A Rule 12 (b) (6) Motion is based on a parties' Complaint, not possibilities at trial.

Plaintiffs' Memorandum shows that Plaintiffs continue to seek coverage for excluded flood damage. Plaintiffs re-urge Paragraphs V-VII of their Complaint but also state that their "…petition sufficiently states a claim that plaintiffs' structural damage was due *entirely* to one of the listed causes standing *alone*, i.e., wind or wind driven rain." (Rec. Doc. 15, p. 2-3). (Emphasis added). That is simply incorrect. As evident throughout Plaintiffs' Complaints and pleadings, plaintiffs still seek coverage for excluded flood damage. State Farm respectfully requests that this Court grant its Motion to Dismiss, with prejudice.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Tel.: (504) 582-3800; Facsimile: (504) 582-1233
dstrauss@kingkrebs.com;

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to: Stuart T. Barasch.

**/s/ David A. Strauss**