UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN AND AUDREY BENIT | CIVIL ACTION |
| VERSUS | NO. 07-6738 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "T"(1) |

### AMENDED JUDGMENT

It has come to the attention of the Court that by error, the January 22, 2008 Final Judgment rendered by this Court stated that the "claims of the plaintiffs, Justin and Audrey Benit, against defendant, State Farm Fire and Casualty Company" were dismissed. An amended order is being issued to reflect that the claims of <u>all</u> plaintiffs in the above-captioned matter are dismissed.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the claims of the plaintiffs, Justin and Audrey Benit, et al, against defendant, State Farm Fire and Casualty Company, be and the same are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 24th day of January, 2008.

G. THOMAS PORTEOUS, JR.
**UNITED STATES DISTRICT JUDGE**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN AND AUDREY BENIT

VERSUS

STATE FARM FIRE AND
CASUALTY COMPANY

CIVIL ACTION

NO. 07-6738

SECTION "T"(1)

## ORDER

Pending before this Court is a Motion to Dismiss, filed on behalf of the defendant, State Farm Fire and Casualty Company (Rec. Doc. 5). The Court, after hearing oral argument on the defendant's motion on January 16, 2008, dismissed all plaintiffs' claims under Louisiana's Valued Policy Law. The remaining claims were taken under advisement, so as to give the plaintiffs time to file an Amended Complaint.

On January 8, 2008, plaintiffs filed First Amended Complaint (Rec. Doc. 12), which was designated deficient, due to the fact that leave of court was required to file this document. Plaintiff was given five (5) days to correct the deficiency or the document would be stricken by the Court. To date, plaintiffs have failed to correct the deficiency and, as such, the First Amended Complaint is stricken from the Court's record.

The plaintiffs' Complaint seeks coverage for property damage caused by flood, an excluded peril. As the court found in *In re Katrina Canal Breaches Litigation*, this Court finds that regardless of whether the levees were breached because they were negligently designed,

constructed, or maintained, the resulting event, whether natural or unnatural, fit squarely within the generally prevailing meaning of the term "flood" and any damage caused by the flooding, therefore, was excluded from coverage under the State Farm policies." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 191, 214-218 (C.A. 5 (La.) 2007). Therefore, plaintiffs have failed to state a claim for breach of contract, as they exclusively seek coverage for their property damage resulting from flooding, a non-covered peril, and their claims are dismissed.

New Orleans, Louisiana, this 22nd day of January, 2008.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE