UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GINA M. BARARD                           CIVIL ACTION

VERSUS                                   NO: 06-7939

LEXINGTON INSURANCE                      SECTION: "J" (3)
COMPANY, ET AL.

### ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand. (Doc. 7.) The motion is opposed. For the following reasons, the Court finds that the motion should be denied.

### BACKGROUND

Plaintiff's house was damaged by Hurricane Katrina. Plaintiff sued her insurer and the agent from whom she purchased her flood policy. The insurer is a foreign corporation, whereas the agent is a Louisiana corporation. Her insurer removed the case to federal court based on diversity jurisdiction claiming that the agent was improperly joined.

Plaintiff alleges that her insurance agent procured $10,000 worth of contents coverage under her flood policy when it knew that she was insured for $80,000 in contents coverage under her

1

homeowners policy. (Petition ¶ V.) Plaintiff alleges that the failure "to offer and/or secure contents coverage for her flood policy" or to inform her of the gap between the contents coverage in the two policies creates a cause of action against the agent for breach of its duty to use reasonable diligence in securing the proper coverage. (Petition ¶¶ V, VIII.)

## APPLICABLE LAW

To state a cause of action for breach of a procuring insurance agent's fiduciary duty, a plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)). However, an insurance agent is not required "to spontaneously identify a client's needs and advise [her] as to whether [she] is under insured or carries the right type of coverage." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *10 (E.D. La. July 21, 2006). And an insured is generally responsible for reading her policy and knowing its terms. *Id.* at *11.

**ANALYSIS**

Although the Court also finds it, to borrow plaintiff's characterization, "curious" that the coverage amounts in the flood policy and the homeowners policy are different, there is no indication in the petition that plaintiff requested anything other than the coverage the agent provided. Neither are there allegations that the agent made any representations that would justify a belief that plaintiff was covered for some amount greater than $10,000. Plaintiff alleges that the agent "indicated that the insurance coverage provided full coverage for flood contents within the residence" (Petition ¶ VII). However, plaintiff is charged with the knowledge that the coverage was for $10,000.

On its face, the petition does not allege sufficient facts to state a cause of action against the agent. Following removal, plaintiff has failed to supplement the petition with an affidavit indicating that the agent made some further representation or undertaking that could warrant a belief that plaintiff was insured for $80,000 despite the $10,000 flood policy she purchased. This Court takes the allegations of the petition as true, but it should not assume scenarios that plaintiff has not alleged. *See McCormack v. National Collegiate Athletic Ass'n*, 845 F.2d 1338, 1343 (5th Cir. 1988).

## CONCLUSION

Based on the allegations in her petition, plaintiff has failed to state a cause of action against the insurance agent from whom she purchased her flood policy, and there is no possibility that she can recover from it in state court. Therefore, it was improperly joined and cannot defeat diversity jurisdiction or removal. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Doc. 7) is **DENIED.**

New Orleans, Louisiana this the 18th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE