UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE HARRINGTON, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-7600 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "T"(1) |

### FINAL JUDGMENT

The Court having ruled upon the Motion to Dismiss filed on behalf of the defendant, State Farm Fire and Casualty Company;

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the claims of the plaintiffs, Lawrence Harrington, et al, against defendant, State Farm Fire and Casualty Company, be and the same are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 22nd day of January, 2008.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE


EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE HARRINGTON, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-7600 |
| STATE FARM FIRE AND CASUALTY COMPANY BACKGROUND | SECTION "T"(1) |

## ORDER

Pending before this Court is a Motion to Dismiss, filed on behalf of the defendant, State Farm Fire and Casualty Company (Rec. Doc. 4). The Court, after hearing oral argument on the defendant's motion on January 16, 2008, dismissed all plaintiffs' claims under Louisiana's Valued Policy Law. The remaining claims were taken under advisement, so as to give the plaintiff time to file an Amended Complaint.

On January 8, 2008, plaintiffs filed First Amended Complaint (Rec. Doc. 10), which was designated deficient, due to the fact that leave of court was required to file this document. Plaintiffs were given five (5) days to correct the deficiency or the document would be stricken by the Court. To date, plaintiffs have failed to correct the deficiency and, as such, the First Amended Complaint is stricken from the Court's record.

The plaintiffs' Complaint seeks coverage for property damage caused by flood, an excluded peril. As the court found in *In re Katrina Canal Breaches Litigation*, this Court finds that regardless of whether the levees were breached because they were negligently designed,

constructed, or maintained, the resulting event, whether natural or unnatural, fit squarely within the generally prevailing meaning of the term "flood" and any damage caused by the flooding, therefore, was excluded from coverage under the State Farm policies." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 191, 214-218 (C.A. 5 (La.) 2007). Therefore, plaintiffs have failed to state a claim for breach of contract, as they exclusively seek coverage for their property damage resulting from flooding, a non-covered peril, and their claims are dismissed.

Accordingly,

**IT IS ORDERED** that defendant's Motion to Dismiss (Rec. Doc. 4) is GRANTED.

New Orleans, Louisiana, this 22nd day of January, 2008.

G. THOMAS PORTEOUS, JR.
**UNITED STATES DISTRICT JUDGE**