UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCENEAUX ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 07-7701 |
| STATE FARM FIRE AND CASUALTY CO. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is State Farm's Rule 12(b)(6) motion to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted. The defendant's motion is GRANTED.

Background

The six plaintiffs in this lawsuit owned or rented homes that were allegedly damaged as a result of Hurricane Katrina. They joined their claims under the Louisiana Code of Civil Procedure, Article 463, and sued State Farm in state court on August 27, 2007, seeking damages and penalties for its alleged failure to provide payment under their insurance policies.

In their petition, the plaintiffs state that their properties were damaged by "wind, wind driven rain, storm surge, overflowing

1



of canals and breaches of levees," and that "[f]lood waters from nearby levee breaches" damaged the properties. The plaintiffs allege that wind, rain, and flooding are all covered perils under the State Farm policies, and that these forces combined to cause "total destruction" of the plaintiffs' properties. According to the plaintiffs, the policies are therefore subject to Louisiana's Valued Policy Statute (VPS), La. Rev. Stat. § 22:695, which entitles them to recover the full policy value (rather than the "partial payment" that State Farm paid on the losses from "wind and wind-driven rain alone").

State Farm removed the case to this Court on October 31, 2007. The motion to dismiss alleges that the plaintiffs failed to state a claim for relief under La. Rev. Stat. § 22:695, penalties under La. Rev. Stat. §§ 22:658 and 22:1220, and breach of contract.

I.

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988). The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965 (internal citations omitted).

A.

State Farm asserts that the plaintiffs' claims under La. Rev. Stat. § 22:695 are precluded by Chauvin v. State Farm Fire and Cas. Co., 450 F. Supp. 2d. 660 (E.D. La. 2006), aff'd, 495 F.3d 232 (5th Cir. 2007) and Richards' Reality Company, L.L.C. et al. v. Paramount Disaster Recovery, Inc. et al., Case No. 06-2396 (E.D. La. Nov. 13, 2007) (Vance, J.), because to recover under the VPS, an insured must alleged a "total loss" caused by a "covered peril." State Farm's argument is unquestionably correct. The plaintiffs specifically allege that flooding was a concurrent cause of substantial damage to their properties. Flooding from levee breaches is, however, excluded under the plaintiffs' State Farm policies. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Therefore the plaintiffs have not alleged that their total loss was caused by a covered peril. See Chauvin, 450 F. Supp. 2d. 660. The claims under La. Rev. Stat. § 22:695 must be dismissed.

B.

The complaint contains no claims for recovery of insurance proceeds for unpaid wind damaged. The plaintiffs have therefore not stated a claim for breach of contract, and, accordingly, the

3

ancillary claims for penalties under La. Rev. Stat. §§ 22:658 and 22:1220 must be dismissed.

## II.

In response to State Farm's Rule 12(b)(6) motion (and perhaps in recognition that the motion had merit), the plaintiffs admitted that they were "not filing any opposition on the merits, because Plaintiffs have filed a First Amended Complaint for Damages" under Federal Rule 15(a). Plaintiffs did not seek leave of the Court, or consent from State Farm, to amend their pleading, as it appears they were under the mistaken belief that they were permitted to amend the complaint as a matter of right. Rule 15(a) provides that:

> (a) Amendments Before Trial.
>   (1) Amending as a Matter of Course.
>       A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>   (2) Other Amendments.
>       In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Because the plaintiffs' "First Amended Complaint" was filed twelve days after the defendant filed its responsive pleading, the amendment was not permitted under Rule 15(a)(1). Under Rule 15(a)(2), the plaintiffs were required to receive State Farm's

4

consent or obtain leave of the Court to amend their pleadings. But the plaintiffs did neither. As a consequence, the attempted amendment was marked as "deficient" by the clerk of the court and was not entered into the record. State Farm's reply memorandum discussed Rule 15(a) and pointed out that the plaintiffs had not amended their complaint. Still the plaintiffs failed to amend the complaint under Rule 15(a)(2), and they did not address this failure in their sur-reply brief.

The plaintiffs' complaint does not state a claim for relief, and they have not amended it under Rule 15(a). Accordingly, the defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, January 23, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE