**Seth A. Schmeeckle**
Tel.: (504) 568-1990
Fax: (504) 310-9195

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 FEB 26 PM 12: 53

LORETTA G. WHYTE
CLERK

sschmeeckle@lawla.com

February 25, 2008

*Via Hand Delivery*
Honorable Joseph C. Wilkinson
United States Magistrate Judge, E.D. La.
United States Courthouse, Room B409
500 Poydras Street
New Orleans, LA 70130

    RE:    In re: The State of Louisiana, et al.. v. AAA Ins., et al.
            EDLA, No. 07-5528 c/w 05-4182 (Road Home)
            Our File No.: 10293-07361

Dear Judge Wilkinson:

    Pursuant to your Minute Entry of February 15, 2008 [Rec. Doc. 11279], please be advised that the parties have not been able to agree to a protective order. In compliance with said minute entry, we have enclosed a single document that designates the areas of disagreement. It should be further noted that, in addition to the specific areas of disagreement identified in the document, the State of Louisiana objects conceptually to a protective order, instead preferring a voluntary privacy protocol. The parties will address their positions further in the submissions due on March 3 and March 10.

    With best regards, I am

                            Sincerely,

                            Seth A. Schmeeckle

SAS/msb
Enclosure
cc:    Calvin Fayard (via e-mail)
       Frank Dudenhefer (via e-mail)
       Joe Bruno (via e-mail)
       All known Defense Counsel (via e-mail)



RECEIVED
FEB 2 5 2008
CHAMBERS OF
U.S. MAGISTRATE JUDGE
JOSEPH C. WILKINSON, JR.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

**2/22/08 DRAFT Reflecting Areas of Dispute**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: ROAD HOME *Louisiana State* C.A. No. 07-5528 | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### [PROPOSED] PROTECTIVE ORDER GOVERNING SETTLEMENT INFORMATION PROVIDED TO THE STATE IN CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH ROAD HOME PROGRAM RECIPIENTS

In this litigation, Plaintiff the State of Louisiana, Division of Administration, Office of Community Development ("the State") claims an interest in insurance payments received or to be received by Applicants and Recipients under their policies of casualty or property damage insurance by virtue of "The Road Home / Limited Subrogation / Assignment Agreement" (emphasis in original) ("Subrogation / Assignment Agreement") signed by those receiving funds from the State's Road Home Program (hereinafter "Grant Recipients"). The State has taken the position that the Subrogation / Assignment Agreement grants the State the right to review and approve or disapprove settlement agreements between Grant Recipients and their casualty or property damage insurers and has requested that certain information be provided to the State in connection with that review. Many Grant Recipients and various named Insurance Company Defendants have entered or wish to enter into settlement agreements resolving the claims of the Grant Recipients under insurance policies issued by the

2/22/08 DRAFT Reflecting Areas of Dispute

Insurance Company Defendants. The Court's assistance has been requested with respect to facilitating the Road Home Program settlement review process. In furtherance of its efforts to provide such assistance, the Court finds that certain confidential information submitted by insurers and insureds to the State's Road Home Program in connection with the settlement review process should be subject to protection under the Amended Master Protective Order, as set forth below.

Accordingly, it is hereby ORDERED as follows:

1. As used herein, the term INSURANCE SETTLEMENT refers to any settlement agreement or proposed settlement agreement between a Grant Recipient and a property insurance carrier which is submitted to the State's Road Home Program for review and approval in light of the State's claimed interests under a Subrogation / Assignment Agreement.

2. {*Area of Dispute – The State proposes the following for ¶ 2:*}

[The settling insurer or insured may designate coverage limits, prior payments, and payments to be made in consideration of information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT as PARTY SENSITIVE CONFIDENTIAL INFORMATION under the Amended Master Protective Order (Document No. 7634). Such information shall be subject to the following provisions, in addition to those set forth in the Amended Master Protective Order:]

{*The Insurers object and propose the following for ¶ 2:*}

[The settling insurer or insured may designate as PARTY SENSITIVE CONFIDENTIAL INFORMATION under the Amended Master Protective Order

2

**(Document No. 7634) any information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT if such information (a) identifies—by name, number, residence address, property address, or in any other manner—the insured or insurer who is party to the INSURANCE SETTLEMENT; (b) relates to coverage limits of, premiums paid for, prior payments on, payments to be made in connection with settlement of a claim under, or adjustment and/or settlement of a claim under a policy of insurance; or (c) constitutes personal or financial information of the insured including but not limited to insurance policy and/or claim numbers and mortgage or other loan information. Such information shall be subject to the following provisions, in addition to those set forth in the Amended Master Protective Order:]**

    a.    Such information shall be marked by the Designating Party with the following legend:

> PARTY SENSITIVE CONFIDENTIAL INFORMATION
> PRODUCED FOR SETTLEMENT REVIEW PURSUANT TO PROTECTIVE ORDER
> IN RE: KATRINA CANAL BREACHES LITIGATION; ROAD HOME ACTION

    b.    Such information may only be used to review the particular INSURANCE SETTLEMENT, and to administer the Road Home grant (and related disaster recovery or mitigation grants) in connection with which the information is submitted, except as provided herein. Such information may not be disclosed or used by the State, the State's counsel, or any agent or contractor of

3

either in any other manner, including in connection with any other case or settlement, except as otherwise provided herein.

    c.    *{Area of Dispute – The Insurers propose the inclusion of the language appearing in brackets below, to which the State objects.}*

Notwithstanding anything herein to the contrary, nothing herein shall prevent the State, the State's counsel, or any agent or contractor of either **[(excepting specifically private counsel retained to represent the State in this litigation)]**, or those agencies of the United States of America having administrative, planning, implementation, oversight or supervisory responsibilities over the Road Home Program, including grant recovery, from making internal use of such information disclosed in the settlement review process **[so long as such use is strictly for internal purposes and the information is not disclosed or disseminated to any other person or entity]**.

    d.    Nothing herein shall prevent the State, the State's counsel, or any agent or contractor of either from disclosing or discussing such information with counsel for the settling insurer or with consent of counsel, its designated employees or agents, or with the Grant Recipient(s) (with the consent of counsel, if represented) or such Grant Recipient(s)' counsel in connection with the State's review of the particular INSURANCE SETTLEMENT to which the settling insurer and Grant Recipient(s) are parties.

    e.    Nothing herein shall be deemed to restrict or impede any legal obligation of the State to provide access to and disclose such information to duly authorized representatives of agencies of the United States of America (including

**2/22/08 DRAFT Reflecting Areas of Dispute**

but not limited to HUD, FEMA, OIG, GAO, SBA and their agents, auditors and investigators) and of the State of Louisiana (including but not limited to the Division of Administration, GOHSEP, the Louisiana Legislative Auditor, and their agents, auditors and investigators) having administrative, planning, implementation, oversight, and supervisory responsibilities over the Road Home Program, including grant recovery, in the discharge of such lawfully imposed duties.

    f.    Nothing herein shall prevent the State or any other agency or office of the State of Louisiana or any of their agents or contractors from compiling, utilizing, and publishing such information in aggregated forms for governmental or public benefit purposes, including but not limited to the planning and implementation of the State's disaster recovery programs or future such programs, so long as the form in which such information is used does not reveal information identifying the particular insurer, homeowner, or damaged property.

    g.    Nothing herein shall prevent the State or any other agency or office of the State of Louisiana or any of their agents or contractors from disclosing or discussing such information relating to a particular INSURANCE SETTLEMENT with representatives of any party identified as a loss payee on a policy of insurance that is the subject of such INSURANCE SETTLEMENT.

    h.    In the event a person or entity submits a request for such information to which this Order applies under the Freedom of Information Act or the Louisiana Public Records Act, the State shall withhold such information as permitted by applicable statutes, regulations, and case law, including but not

limited to 5 U.S.C. § 552, 5 U.S.C. § 552a, La. Const. art. I, § 5, LSA-R.S. 44:3.2, LSA-R.S. 44:4, and LSA-R.S. 44:4.1(B)(34). If the requesting person or entity objects to the State's withholding of said information and seeks reconsideration or review of the State's decision or to force production of such information, the State shall provide prompt notice of such challenge to the settling insurer, through its last listed counsel of record in this proceeding. *{Area of Dispute -- The State proposes to add to the foregoing ¶ 2(h) the following additional language:}*

[Once notice has been given to the insurer, it shall be the burden of the insurer to take such action as is necessary to stay such production and to challenge such request within the time limits prescribed by statute. The State provides no guaranty that production under such request may not be required as a matter of law. In the event of a judicial determination that the information to which this Order applies is not protected from production under the Freedom of Information Act or the Louisiana Public Records Act, the State shall provide notice of such determination to the Court and liaison counsel, and this sub-paragraph shall thereafter be considered null and void.]

*{The Insurers object to the State's proposed language, but propose the following alternative language:}*

[If the requesting person or entity institutes proceedings challenging or seeking review of the withholding of information, it shall be the burden of the insurer to defend the State's denial of the request. The State provides no guaranty that a court of competent jurisdiction, following the resolution of

6

<u>all available appeals, will not order the production of any or all such information.]</u>

i. In the event there is any conflict between the Amended Master Protective Order and this Order, the terms of this Order shall control.

j. The portion of paragraph 5 of the Amended Master Protective Order requiring that the Designating Party provide notice to Liaison Counsel of the production of PARTY SENSITIVE CONFIDENTIAL INFORMATION shall not apply to such information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT.

k. *{Area of Dispute – The State proposes the following ¶ 2(k):}*

<u>[Nothing herein imposes restrictions on such information otherwise provided to the State of Louisiana in the course of the Road Home application, closing, and monitoring processes.]</u>

*{The Insurers object and propose the following alternative for ¶ 2(k):}*

<u>[This Order applies only to information submitted to the State's Road Home Program (including to counsel for the State) in connection with its review of an INSURANCE SETTLEMENT. Nothing herein imposes restrictions on information otherwise provided to the State of Louisiana in the course of the Road Home application, closing, and monitoring processes, nor does it alter any restrictions that may otherwise apply to the disclosure or use of that information.]</u>

l. *{Area of Dispute – The State has proposed the following ¶ 2(l):}*

7

2/22/08 DRAFT Reflecting Areas of Dispute

[In the event the State of Louisiana has any remaining rights or claims under its Subrogation / Assignment Agreement following its review of and action on a particular INSURANCE SETTLEMENT, such information may be disclosed and/or used by the State of Louisiana in furtherance of such remaining rights or claims.]

{The Insurers object propose the following alternative ¶ 2(l):}

[In the event the State of Louisiana has any remaining rights or claims under a Subrogation / Assignment Agreement following its review of and action on a particular INSURANCE SETTLEMENT, the information submitted in connection with the State's review of that INSURANCE SETTLEMENT may be disclosed and/or used by the State of Louisiana in furtherance of such remaining rights or claims, but only to the extent reasonably necessary.]

    m.    {Area of Dispute – The State has proposed the following ¶ 2(m):}

[Nothing herein shall prevent the State from disclosing and/or using such information disclosed in the settlement review process by a particular Insurer in furtherance of any of the State's rights or claims under its Subrogation/Assignment Agreements for use in the review of future INSURANCE SETTLEMENTS involving that same Insurer and discussions with that Insurer relating thereto.]

{The Insurers object and propose the following alternative for ¶ 2(m):}

8

2/22/08 DRAFT Reflecting Areas of Dispute

[Nothing herein shall prevent the State from using such information disclosed in the settlement review process by a particular Insurer in other discussions with that same Insurer in furtherance of any of the State's rights or claims under its Subrogation/Assignment Agreements in the review of future INSURANCE SETTLEMENTS, provided that the private counsel retained to represent the State in this litigation shall not have access to or use of such information and the information is not otherwise disclosed or disseminated to any other person or entity.]

3. The State's participation in discussions leading up to the entry of this Protective Order or the entry of this or any other Protective Order over the objection of the State shall not be deemed to be a waiver of its position that this Court lacks subject matter jurisdiction over this case. In addition, neither side is waiving any of its claims or defenses here.

4. {Area of Dispute – *The Insurers propose the following language, to which the State objects*}

[In the event this litigation is remanded to state court, the parties agree to promptly submit this Order together with relevant provisions of the Amended Master Protective Order for entry by the state court that will preside over this litigation.]

**SO ORDERED:**

**2/22/08 DRAFT Reflecting Areas of Dispute**

New Orleans, this ____ day of February, 2008.

_____
Stanwood R. Duval, Jr.
United States District Judge


_____
Joseph C. Wilkinson, Jr.
United States Magistrate Judge