UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                              CIVIL ACTION
CONSOLIDATED LITIGATION
                                                          NO. 05-4182

PERTAINS TO:
*Parfait* C.A. No. 07-3500                                SECTION "K"(2)
MRGO AND BARGE

*Publish to Web*


## ORDER AND REASONS

Before the Court are the following motions:

(1)   Washington Group International, Inc.'s Motion to Dismiss or Alternatively to Stay *Partfait Family v. United States*, No. 07-3500 (Doc. 8224);

(2)   Orleans Levee District's Motion to Adopt Washington Group Inc.'s Motion to Dismiss or Alternatively Stay Parfait Family (Doc. 8428);

(3)   Motion for Leave to Sever and Reconsolidate, and To Amend Class Action Complaints Accordingly (Doc. 8698); and

(4)   Washington Group International, Inc.'s Ex Parte Motion for Scheduling Conference and/or to Amend Case Management Orders (Doc. 11238).

Having reviewed these motions, memoranda and the relevant law, the Court is prepared to rule.

On June 26, 2007, *Parfait Family, et al., v. United States, et al.*, C.A. No. 07-3500, was filed in this Court. Plaintiffs in that case filed suit against the United States of America, Board of Commissioners for the Orleans Levee District, Board of Commissioners for the Port of New Orleans, Lafarge North America, Inc., Zito Fleeting, L.L.C. , Zito Fleeting, Inc., and Washington Group International, Inc. ("WGII"). In doing so, the complaint joined claims alleging (1) negligence and other fault concerning the mooring, movement and care of a barge which

allegedly caused a breach of a floodwall on the Industrial Canal, which claims were then pending in this court's Section "C"before Judge Berrigan  and (2) faulty design, construction and maintenance of the Industrial Canal floodwall or related projects, which claims were pending in this court's Section "K".  The Court ordered the claims to be severed pursuant to Fed. R. Civ. P. 42(b) on July 11, 2007.  (Doc. 6684).  The reason for the severance was that at that time the claims surrounding the liability of the Ingram barge for the breach of the Industrial Canal was the subject of a limitation that was pending in Section "C" which had consolidated with it seven other related cases concerning liability arising out of the barge.

On July 25, 2007, counsel for the *Parfait* plaintiffs filed a Certificate of Impossibility of Compliance.  In that pleading, Mr. O'Dwyer averred that it would be:

> . . . simply impossible to discreetly separate "the claims involving the barge" from "all other claims asserted in the captioned complaint", since there were two separate breaches in the retaining walls on the East side of the Industrial Canal, between the Florida Avenue and Claiborne Avenue bridges, with the southernmost breach allegedly being caused by, or contributed to, by the Ingram Barge ING-4727, but with the northernmost breach having occurred without any "help" form a barge or watercraft.

(Doc. 6684 at 2.)   The undersigned conferred with Judge Berrigan and Magistrate Judge Wilkinson about the proper course of action considering the comparative fault issues which were becoming more evident–that is, *inter alia,* between the United States and WGII (as to the construction and integrity of the Industrial Canal  floodwall) and those involved with the Ingram barge.  As a result, the seven cases were de-consolidated from *In the Matter of the Complaint of Ingram Barge Co.*, C.A. No. 05-4419"C" and  were transferred to this section for consolidation, and another category was created in the subject umbrella–that being BARGE.  (Doc. 7723).

On October 5, 2007, the WGII filed its Motion to Dismiss or Alternatively to Stay *Parfait* (Doc. 8224) and Orleans Levee District moved to Adopt WGII's Motion (Doc. 8428). In response, *Parfait*'s counsel sought leave to do what he had heretofore considered impossible–sever and reconsolidate filing the instant "Motion for Leave to Sever and Reconsolidate, and To Amend Class Action Complaints Accordingly." (Doc. 8698). This motion was opposed.

However, as this litigation has unfolded, it has become more evident to the Court that the issues that are captured in the MRGO Master Complaint and the Barge complaints are indeed inextricably intertwined and that trial of these claims should occur contemporaneously. (See Doc. 8667). If the Court were not to try the issues of the liability of the barge along with the claims that are lodged in the MRGO Master Complaint, there would be a substantial waste of both judicial resources and resources of both time and expense for all of the parties. Furthermore, in light of the issues in MRGO and BARGE, certain parties would have overlapping interests and the need to participate in both trials. The Court's opinion in this regard was first expressed at a status conference had on October 24, 2007, (Doc. 8667) wherein the Court asked for any opposition to such a plan. The Court has reviewed all of the materials filed in response to its order found therein.

On February 13, 2008, WGII filed an Ex Parte Motion for Scheduling Conference and/or To Amend Case Management Order. In this unopposed motion, WGII seeks to amend the current Case Management orders so that Case Management Order No. 4 governing MRGO be aligned with Case Management Order No. 5 governing Barge which was recently amended (Doc. 10881). The amended Case Management Order No. 5 has later cut-offs for discovery which cut-

offs WGII contends should be used in MRGO as well.  In addition, WGII seeks the stay of any further class-certification proceedings in BARGE as the Court has stayed such proceedings in MRGO in its order of November 7, 2007 (Doc. 8928).  These arguments are well-taken and in line with the Court's view of the most efficacious manner to proceed with these actions.  The Court has determined that MRGO and BARGE shall be subject to the same case management schedules and that they shall be tried contemporaneously.  Thus, the Court will grant Washington Group International, Inc.'s Ex Parte Motion for Scheduling Conference and/or to Amend Case Management Orders (Doc. 11238) in order to establish one scheduling order that shall apply to both categories of cases.

In addition, the Court notes that it has determined that the issue of class certification shall not be tried until such time as all Rule 12(b) and Rule 56 motions have been adjudicated.  Thus, while the expense in both time and money for all parties has already been expended in the MRGO matter, the same does not hold true in the BARGE matter.  Thus, the Court has determined that prior to the parties incurring those costs in BARGE, it will require all Rule 12(b) and Rule 56 motions to be filed first.  Thus, the Court will place merit discovery (with respect to causation) before discovery concerning the class certification and damages.

Furthermore, it is the intent of the Court to maintain the June 15, 2009 trial date for BARGE, and with this order, MRGO will be tried at the same time.  The Court recognizes the complexity of this matter and that there may be Seventh Amendment issues involved and intends to have a status conference to discuss a proper trial plan and the possibility of setting a bellwether case for BARGE.  In addition, the issue of an appeal of an determination on class certification and its effect on a trial date requires discussion.  Finally, it is the intention of the

Court for the present schedule in LEVEE to remain virtually unchanged except with respect to certain document production cut-offs which will be addressed in another order.

At the status conference, the Court expects all counsel to be prepared to engage in a creative give and take discussion so that a reasonable solution to the problems presented by this complex litigation can be resolved. For instance, the Court will discuss various scenarios that could effect any trial plan–for instance in the event certain motions such as the Government § 702c motion in *Robinson* or WGII's expected Motion for Summary Judgment are granted. Accordingly,

**IT IS ORDERED** that the Washington Group International, Inc.'s Ex Parte Motion for Scheduling Conference and/or to Amend Case Management Orders (Doc. 11238) is **GRANTED** insofar as the Court hereby proposes the following deadlines which will supersede those deadlines which have not expired in MRGO and BARGE as contained in Case Management Orders Nos. 4 and 5:

| | |
|---|---|
| March 23, 2008 | Preliminary Witness and Exhibit Lists shall be filed for all parties in MRGO and BARGE. |
| August 1, 2008 | Plaintiffs' Merit Expert Reports shall be due for all parties in MRGO and BARGE. |
| Sept. 15, 2008 | Defendants' Merit Expert Reports shall be due for all parties in MRGO and BARGE. |
| Oct. 15,2008 | Final Witness and Exhibit list shall be filed for all parties in MRGO and BARGE. |
| Oct. 31, 2008 | Merit Discovery Completed. |

| | |
|---|---|
| Nov. 14, 2008 | All substantive and *Daubert* motions shall be filed for all parties in MRGO and BARGE. |
| Dec 1, 2008 | All oppositions to substantive and *Daubert* motions shall be filed. |
| Dec. 8, 2008 | All reply briefs to substantive and *Daubert* motions shall be filed. |
| Dec. 17, 2008 | Hearing on All Substantive and Daubert Motions-at 10:00 a.m.; use this date for noticing such motions. |
| Dec. 19, 2008 | Joint Proposed Trial Plan for MRGO and BARGE to be filed |
| Jan. 2, 2009 | Plaintiffs' Class Certification Expert Reports Due |
| Feb. 17, 2009 | Defendants' Class Certification Expert Reports Due |
| March 2, 2009 | All class certification discovery, including expert and fact depositions |
| April 1, 2009 | Memoranda due by plaintiffs on class certification |
| April 15, 2009 | Defendants and 3rd party defendants opp to class certification |
| May 1, 2009 | Plaintiffs' Reply to Cert Opp |
| May 13, 2009 | Class Certification Hearing to commence at 10:00 a.m. |
| May 29, 2009 | Pre-Trial Order for Trial of MRGO and BARGE filed |
| June 4, 2009 | Pre-Trial Conference |
| June 15, 2009 | Trial to commence at 8:30 a.m. with counsel to arrive at Court for in Chambers conference at 8:00 a.m. |

**IT IS FURTHER ORDERED** that these deadlines will be the subject of a status conference which shall be held on **Friday, March 7, 2008 at 10:00 a.m. in Open Court with a Real Time Court Reporter.** In addition, the agenda at this meeting will include discussions concerning trial organization and the possibility of the parties agreeing to bifurcation of liability

from damages to facilitate a resolution of the issues at hand.  This conference will be open to all counsel of record; however, each party shall designate one spokesman who will speak for that party.  Specifically, the MRGO plaintiffs shall have one spokesman, the BARGE plaintiffs shall have one spokesman, and each defendant shall have its own spokesman.  A transcript of this conference shall be posted as soon as possible to the web.

**IT IS FURTHER ORDERED** that the Motion for Leave to Sever and Reconsolidate, and To Amend Class Action Complaints Accordingly (Doc. 8693) is **GRANTED** and that the causes of action asserted in *The Parfait Family v. United States, et al.*, C.A. No. 07-3500 be **SEVERED** and **RECONSOLIDATED** by virtue of the two amending complaints proposed by the Parfait Family, such that (1) class action claims therein alleging negligence and other fault concerning the mooring, movement and care of ING 4727 as the alleged cause of breaches of the eastern Industrial Canal floodwall shall remain pending under the BARGE group umbrella as Civil Action 07-3500, and be subject to CMO No.  5 and all other applicable orders, whicl (2) class action claims in 07-3500 alleging faulty design, construction and maintenance of the eastern Industrial Canal floodwall and related projects and alleging faulty design, construction and maintenance of the MRGO and related projects shall be severed and reconsolidated under the MRGO umbrella, without prejudice as to any remaining prescriptive , statute of limitations or laches periods as of the original date on which 07-3500 was filed, and shall be subject to CMO No. 4 and all other applicable orders and proceedings in the consolidated litigation.

**IT IS FURTHER ORDERED** that leave is hereby granted to file the amended complaints as found in Doc. 8698, and that the Clerk of Court shall assign a separate civil action

case number for all administrative, statistical and docketing purposes to the claims severed in the MRGO litigation group umbrella.

**IT IS FURTHER ORDERED** that this order shall have no bearing on the pending Motion to Dismiss filed by the United States (Doc. 8364).

**IT IS FURTHER ORDERED** that the Washington Group International, Inc.'s Motion to Dismiss or Alternatively to Stay *Partfait Family v. United States*, No. 07-3500 (Doc. 8224) and the Orleans Levee District's Motion to Adopt Washington Group Inc.'s Motion to Dismiss or Alternatively Stay Parfait Family (Doc. 8428) are **DENIED**.

New Orleans, Louisiana, this   27th   day of February, 2008.

                                **STANWOOD R. DUVAL, JR.**
                    **UNITED STATES DISTRICT COURT JUDGE**