MINUTE ENTRY
WILKINSON, M.J.
FEBRUARY 27, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO:  MRGO | JUDGE DUVAL<br>MAG. WILKINSON |

Oral argument was conducted today concerning two motions:  (1) a Motion to Quash filed by plaintiffs Jeanine Broggi Armstrong, Kenneth P. Armstrong and Ethel Mae Coats (the "Armstrong plaintiffs"), Record Doc. No. 10623; and (2) a Motion to Quash Subpoena Issued by Washington Group International, Inc. ("WGI") or, in the Alternative, Motion for Protective Order, filed by the MRGO Plaintiffs Sub-Group Litigation Committee (the "PSLC").  Record Doc. No. 10927.  WGI filed a memorandum in opposition to both motions.  Record Doc. No. 11284.  Both subject subpoenas seek the production of vast amounts of materials from the Road Home Program of the State of Louisiana Office of Community Development ("OCD").  Participating in the oral

MJSTAR:  0 : 30

argument were Joseph Bruno and Scott Joanen, representing the Armstrong plaintiffs and the PSLC; and William Treeby and Shannon Kasley, representing WGI; and Pauline Hardin, representing ICF Emergency Management Services, the contractor for the Louisiana OCD, which administers the Road Home grant program for persons who incurred losses in Hurricane Katrina.

Counsel for WGI waived its objections to having this court handle the dispute concerning the subpoena duces tecum issued to the OCD from the United States District Court for the Middle District of Louisiana. Counsel for WGI also stipulated to restrict the scope of the subpoena duces tecum for present purposes to only two Road Home files, those of proposed MRGO putative class representatives, Jeanine Armstrong and Ethel Mae Coats.

**IT IS ORDERED** that the motions are taken under advisement pending the following. No later than **March 3, 2008**, counsel for ICF, as the contractor for the OCD, will produce the Road Home files of Jeanine Armstrong and Ethel Mae Coats to me for in camera review, so that I may review them concerning their relevancy and whether they contain confidential or otherwise private information. By the same date, counsel for plaintiffs, WGI and ICF must confer and advise me by joint letter whether the Master Protective Order currently in the record of these cases is sufficient for materials

responsive to the subpoena or, if not, will submit to me a proposed additional protective order applicable to those materials.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE