## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| | * | |
| LEVEE:      07-4555 (RADIO PARTS, INC.) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

### ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, The Orleans Parish Levee District, and for answer to plaintiff's Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

1

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiff's harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively alleges that to the extent that any claims asserted in this lawsuit do not "concern the same evidence, memories, and witnesses as the subject matter of the original suit" they are barred by the applicable prescriptive period. See *Crown, Cork, & Seal Co., Inc. v. Parker,*

462 U.S. 345, 355 (1983); *American Pipe & Constr. Co. v. Utah*, 454 U.S. 538, 562 (1974).

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiff was negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiff failed to mitigate its damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor.  *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiff's claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by

the United States Army Corps of Engineers, through the authority delegated by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiff has failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant hereby incorporates by reference each and every exception, denial, defense and response contained in any pleading previously filed on its behalf in Civil Action No. 05-4182 (Levee and MRGO) on the docket of this Court, as if set forth and copied herein in extenso.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiff's injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiff has or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and

offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiff's Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiff's allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiff and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant adopts by this reference any and all other defenses pled either now or later by any other named defendant to this action, if not otherwise set forth herein.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiff is not entitled to attorney's fees.

### TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiff's claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### THIRTIETH DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

### THIRTY-FIRST DEFENSE

Defendant affirmatively alleges that this action has prescribed and/or is untimely, as the Court has yet to make a decision concerning *In re Katrina* Class Certification. See *In re Enron Corporations Securities*, 465 F. Supp.2d 687,715-717 (S.D.Tex 2006).

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Orleans Levee District, admits, denies and avers as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

Except to admit that it appears plaintiff submitted Form 95s to the Corps, the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 require no answer from this defendant.

4.

The allegations of Paragraph 4 require no answer from this defendant.

5.

The allegations of Paragraph 5 are  are denied.  Further answering, the former Board of Commissioners operated pursuant to Constitutional and Statutory Authority from the State of Louisiana.

6.

The allegations of Paragraph 6 require no answer from this defendant.

7.

The allegations of Paragraph 7 require no answer from this defendant.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 contain legal conclusions which require no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 contain legal conclusions which require no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 contain legal conclusions which require no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations of Paragraph 12 are denied insofar as they concern this defendant.

13.

The allegations of Paragraph 13 contain legal conclusions which require no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 require no answer from this defendant.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are admitted.

20.

The allegations of the Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 require no answer from this defendant.  However, to the extent an answer is deemed necessary, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are admitted.

27.

The allegations of Paragraph 27 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 28 are denied insofar as the stated document is the best evidence of its content.

29.

The allegations of Paragraph 29 require no answer from this defendant. However, to the extent an answer is deemed necessary, the allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

Except to admit that a "Barrier Plan" was authorized by Congress, the allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 40 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 42 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 require no answer from this defendant. To the extent an

answer is deemed necessary, the allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph 46 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph 47 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 50 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 51 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein. .

52.

The allegations of Paragraph 52 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 53 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54 are denied.  Further answering, the former Board of

14

Commissioners operated pursuant to Constitutional and Statutory Authority from the State of Louisiana.

55.

Except to admit that the Orleans Levee District operated pursuant to Constitutional and Statutory Authority from the State of Louisiana, the allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein. Further answering, in response to the allegations set forth in Paragraph 55, the Orleans Levee District reasserts and reavear all responses and defenses previously set forth.

56.

The allegations of Paragraph 56 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

In response to the allegations of Paragraph 58, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

59.

The allegations of Paragraph 59 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 59 are denied for lack of sufficient

information to justify a belief therein.

60.

The allegations of Paragraph 60 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations of Paragraph 61 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations of Paragraph 62 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

In response to the allegations of Paragraph 63, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

64.

The allegations of Paragraph 64 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 65 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations of Paragraph 66 are denied.

67.

Except to admit that the Orleans Levee District operates pursuant to Constitutional authority from the State of Louisiana, The allegations of Paragraph 67 are denied.

68.

The allegations of Paragraph 68 are denied insofar as this defendant is concerned.

69.

The allegations of Paragraph 69 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.

The allegations of Paragraph 70 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations of Paragraph 71 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 71 are denied for lack of sufficient

information to justify a belief therein.

72.

The allegations of Paragraph 72 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of Paragraph 73 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

74.

In response to the allegations of Paragraph 74, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

75.

The allegations of Paragraph 75 require no answer from this defendant.   To the extent an answer is deemed necessary, the allegations of Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

76.

The allegations of Paragraph 76 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 76 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

77.

The allegations of Paragraph 77 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations of Paragraph 78 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

In response to the allegations of Paragraph 79, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

80.

The allegations of Paragraph 80 are denied insofar as this defendant is concerned.

81.

The allegations of Paragraph 81 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations of Paragraph 82 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph 83 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph 84 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations of Paragraph 85 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations of Paragraph 86 are denied.

87.

The allegations of Paragraph 87 are denied.

88.

The allegations of Paragraph 88 are denied to the extent as they state or imply any fault, negligence, or liability on the part of this defendant.

89.

The allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 89 are denied to the extent they state or

imply any fault, negligence, or liability on the part of this defendant.

90.

The allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 90 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

91.

The allegations of Paragraph 91 are denied.

92.

In response to the allegations of Paragraph 92, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

93.

The allegations of Paragraph 93 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

94.

The allegations of Paragraph 94 are denied.

95.

In response to the allegations of Paragraph 95, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

21

96.

The allegations of Paragraph 96 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

97.

The allegations of Paragraph 97 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

98.

The allegations of Paragraph 98 are denied.

99.

The allegations of Paragraph 99 are denied.

100.

The allegations of Plaintiffs' Prayer for Relief are denied insofar as this defendant is concerned.

**WHEREFORE,** defendant, The Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiff, dismissing plaintiff's claims, with prejudice, and at plaintiff's cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on February 28th, 2008, a copy of the above and foregoing documents was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants

**THOMAS P. ANZELMO (#2533)**
tanzelmo@mcsalaw.com

24