## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY AND OSCAR WILLIAMS** | * | **CIVIL ACTION NO. 2007-3702** |
| | * | |
| **VERSUS** | * | **SECTION "L", MAG. 5** |
| | * | |
| **SECURITY PLAN FIRE** | * | **JUDGE: ELDON E. FALLON** |
| **INSURANCE COMPANY** | * | |
| | * | **JURY DEMAND** |

### SECURITY PLAN FIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Security Plan Fire Insurance Company ("Security Plan"), submits the following memorandum in support of its Motion for Partial Summary Judgment.

### I.     INTRODUCTION

On August 24, 2006, Mary and Oscar Williams and Elvira Gray filed suit in Civil District Court for the Parish of Orleans naming Security Plan as a defendant.  See *Petition for Damages*, attached herein as Exhibit "A."  The case was removed to this Court, and the Court ordered that the claims be severed into individual suits, each addressing distinct properties.  On July 12, 2007, Mary and Oscar Williams, plaintiffs ("plaintiffs"), filed their First Supplemental and Amending Complaint to recover for the damage to their property located at 3717 Baudin Street, New Orleans, Louisiana.   See *First Supplemental and Amending Complaint*, attached herein as Exhibit "B".

At the time of plaintiffs' alleged loss, they had Contents Insurance with Extended Coverage issued by Security Plan, policy number 005862162 with a policy limit of $20,000.00 for their property located at 3717 Baudin Street, New Orleans, Louisiana. See Security Plan Insurance Policy, attached herein as Exhibit "C;" See also Affidavit of Jamie Louque, attached herein as Exhibit "D." On November 4, 2005, Ron Ruiz, an adjuster for Security Plan, examined plaintiffs' property located at 3717 Baudin Street, New Orleans, Louisiana and determined that the damage to plaintiffs' property was caused by rising water and/or flood. See Exhibit "D." On December 6, 2005, Security Plan sent a letter to plaintiffs declining coverage, because the loss was not due to a peril covered by their policy. Id.

Plaintiffs allege that their personal property located at 3717 Baudin Street, New Orleans, Louisiana was damaged as a result of Hurricane Katrina, and that the damages were caused by wind, wind driven rain, and/or flooding. See Exhibits "A" and "B." The policy issued to plaitniffs by Security Plan is a "named peril" policy. Under Louisiana law, "named peril" policies insure only against specifically enumerated perils unlike "all risk policies" which insure against all fortuitous losses not specifically excluded. See Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau, 771 F.2d 910, 912 n.2 (5th Cir. 1985) (explaining "all risk" coverage). The policy issued to plaintiffs provides coverage for eight enumerated perils, and it specifically excludes coverage for loss caused by "tidal wave, high water, high water or overflow, whether driven by wind or not." See Exhibit "C." Any damage to plaintiffs' property that was caused by flooding is not covered by plaintiffs' Security policy, because flooding is not an enumerated peril. Thus, Security properly declined plaintiffs' claim for coverage for damage caused by flooding under the policy at issue.

Plaintiffs also claim that they are entitled to reimbursement for the full value of their property under Louisiana's Valued Policy Law, LSA-R.S. 22:695, 697.  See Exhibits "A" and "B."  Louisiana's Valued Policy Law does not apply for several reasons.  See LSA-R.S. 22:667 and 22:695.  First, Security Plan does not place a valuation upon the covered property for purposes of determining the premium charge to be made under the policy.  Second, LSA-R.S. 22:667 does not apply to insurance on a group of items insured as contents insurance on household items.  Finally, the valued policy statutes do not apply when the loss of the property was caused by a non-covered peril.  See Chauvin v. State Farm Fire and Cas. Co., 495 F.3d 232 (5th Cir. 2007).

Plaintiffs claim that they are entitled to recovery pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220 for Security Plan's failure to cover the loss to their personal property.  Because Security Plan properly denied coverage to plaintiffs for damages caused by flooding, plaintiffs are not entitled to penalties pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220.  For these reasons and for the reasons more fully set forth below, summary judgment should be granted dismissing plaintiffs' claims for damage caused by flooding or rising water as a matter of law.

## II.    LAW AND ARGUMENT

### A.    Summary Judgment Standard.

A party against whom a claim is asserted may, at any time, move with or without supporting affidavits for a partial summary judgment in the party's favor as to all or any part thereof.  Fed. R. Civ. P. 56 (b).  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Only factual disputes that might affect the action's outcome under governing law can properly preclude summary judgment. Disputes over facts which have no effect on the action's resolution are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Substantive law identifies the facts that are material. Zachary v. Dow Corning Corporation, 884 F. Supp. 1061, 1064 (M.D.La. 1995).

**B.     The Claim For Damage From Flooding Should Be Dismissed As Flooding Is Not A Listed Peril.**

The policy that plaintiffs purchased from Security Plan provides coverage on a "named peril" basis. Coverage provided on a named peril basis insures only against specifically enumerated perils, in contrast to coverage provided on an open peril (sometimes called "all risk") basis, which typically insures against all fortuitous losses not specifically excluded. See Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau, 771 F.2d 910, 912 n.2 (5th Cir. 1985) (explaining "all risk" coverage); Walker v. Travelers Indem. Co., 289 So. 2d 864, 868 (La. App. 4 Cir. 1974) (explaining "all risk" coverage); West Virginia Fire & Cas. Co. v. Mathews, 543 S.E.2d 664, 670 (W. Va. 2000) ("Unlike an 'all-risk' policy that includes all risks that are not specifically excluded in the terms of the contract, a 'named perils' policy excludes 'all risks not specifically included in the contract.'"); See also Judge Duval's Order and Reasons dated 9/30/07, In Re Katrina Canal Breaches Consolidated Litigation, C.A. No. 05-4182, pertains to: C.A. No. 06-11385.

It is well-established that, under a named peril policy, the insured bears the burden of alleging and proving that the damage for which the insured seeks to recover was caused by one or more of the covered perils. Opera Boats, Inc. v. La Reunion Francaise, 893 F.2d 103, 105

(5th Cir. 1990) ("When insurance is provided by a named-perils clause, the initial burden is on the insured to prove that loss occurred by the named peril."); Gulf Ventures III, Inc. v. Glacier General Assurance Co., 584 F. Supp. 882, 886 (E.D. La. 1984) (Beer, J.) ("Under a specific perils insurance policy the burden of proving a loss by a peril insured against is on the insured."); St. Amant v. American Home Assurance Co., 158 So. 2d 871, 875 (La. App. 1 Cir. 1963) (stating that, under named peril policy, burden was on insured to prove that loss was caused by an insured peril).

In Three Star Transp., Inc. v. Cont'l Ins. Co., 729 F. Supp. 501 (S.D. Miss. 1989), for example, a cargo insurance policy insured against loss caused by certain enumerated perils. The court held that the damage to the cargo was not caused by one of the listed perils and, accordingly, granted summary judgment in favor of the insurer. Id. at 502-03. The court explained that "[c]learly, the policy is not an 'all risk' policy designed to cover practically all losses but is instead a 'limited risk' policy insuring only against those specifically denominated perils." Id. at 502.

Judge Duval in the In Re Katrina Canal Breaches Consolidated Litigation, granted Standard Fire Insurance Company's Motion to Dismiss. See Judge Duval's Order and Reasons dated 9/30/07, C.A. No. 05-4182, pertains to: C.A. No. 06-11385. Standard Fire Insurance Company ("Standard Fire") filed a Motion to Dismiss the plaintiff's claims for flood damage, because the policy issued by Standard Fire to the plaintiff was a named peril policy and damage for flood or for third-party negligence that results in flood is not a named peril in the policy. Id. Judge Duval explained,

The insuring language states specifically

'[w]e insure for direct physical loss to the property described in Covered C caused by a peril listed below unless the loss is excluded in SECTION I-EXCLUSIONS.' Thus, only perils named are covered.  Plaintiff relies on the 'wind hail coverage' which unequivocally states:

2.     Windstorm or hail.
This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force or wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet sand or dust enters through the opening. . .

Nothing in this language could possibly create coverage for water damage caused by a levee breach.  Even rain water damage is excluded unless the 'direct force of wind' causes damage to the insured building causing an opening in roof or wall. This description bears no resemblance to water damage caused by a levee breach inundating a home.

Id.

Similarly in this case, plaintiffs' policy clearly provides "named peril" coverage for personal property.  The policy provides coverage for direct loss by "FIRE, LIGHTNING . . . WINDSTORM, HAIL, EXPLOSION, RIOT, RIOT ATTENDING A STRIKE, CIVIL COMMOTION, AIRCRAFT, VEHICLES AND SMOKE."  The policy further provides that

[t]his Company shall not be liable for loss caused directly or indirectly by (a) frost or cold weather or (b) snow storm, tidal wave, high water or overflow, whether driven by wind or not.  This Company shall not be liable for loss to the interior of the building or the insured property therein caused, (a) by rain, snow, sand or dust, whether driven by wind or not, unless the building insured or containing the property insured shall first sustain an actual loss to roof or walls by the direct force of wind or hail and then shall be liable for loss to the interior of the building or the insured property therein as may be caused by rain, snow, sand or dust entering the building through openings in the roof or walls made by direct action of wind or hail.

See Exhibit "C."

Plaintiffs claim that the damage to their property was caused by wind and wind-driven rain.  See Exhibit "B" ¶¶3 and 6.  The adjuster who investigated plaintiffs' claim found that the

damage was exclusively caused by flood water and/or rising water.  See Affidavit of Jamie

Louque, attached herein as Exhibit "D."  There was a two foot water mark in the interior of the

home and a four foot water mark on the exterior of the home.  See Exhibit "D".  Plaintiffs' son

contacted Security Plan and indicated that there was eight feet of water in plaintiffs' home.  Id

Plaintiffs also allege that the damage to their property was caused by "flooding and water

entering the City of New Orleans and surrounding parishes resulted from breaches in and failure

of the levees and/or levee walls along the 17th Street Canal, London Avenue Canal, Industrial

Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence

in the design, construction and maintenance of said levees and levee walls."  See Exhibit "B", ¶4.

Plaintiffs further allege that the "breaking or failure of the levee systems in the City of New

Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically

excluded by the policy."  See Exhibit "B," ¶5.  As quoted above, the policy specifically excludes

coverage for flood and/or rising water.  See Exhibit "C."  The Complaint simply fails to allege

that the damage from flooding to plaintiffs' property was caused by any of the enumerated perils.

Accordingly, plaintiffs are not owed coverage under the policy at issue for damages for flooding,

and Security Plan's motion should be granted.

**C.    Louisiana's Valued Policy Law Do Not Apply To Plaintiffs' Claims.**

Plaintiffs claim that they are entitled to recover the full face value stated in their

homeowner's policy for dwelling and other structures without deduction or offset, pursuant to

LSA-R.S. 22:695 and 22:667.  See Exhibits "A" and "B."  The policy limit of plaintiffs' policy

was $20,000.00.  LSA-R.S. 22:695 states in pertinent part,

Under any fire insurance policy insuring inanimate, immovable property in this
state, if the insurer places a valuation upon the covered property and uses such

> valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset. . .

West 2008.   Security Plan, however, does not place a valuation on plaintiffs' contents to determine the premium charge to be made under the policy.  See Exhibit "D."  The policy limit on plaintiffs' insurance policy is $20,000.00 for contents.  See Exhibit "D."  The policy limits had nothing to do with the premium for the policy.  See Exhibit "D."  In addition, the quote for the premium for the policy had nothing to do with the value of plaintiffs' contents.  In fact, the policy limit of plaintiffs' policy was $20,000.00, which was not based on the actual value of plaintiffs' contents.  As a result, LSA-R.S. 22:695 is not applicable to plaintiffs' claims.

According to LSA-R.S. 22:667,

> In any case in which a policy includes coverage for loss of or damage to personal property of the insured, from whatever cause, if the insurer places a valuation upon the specific item of covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, the insurer shall compute any covered loss of or damage to such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of prominent size, the actual method of such loss computation by the insurer.

West 2008.  The statute, however, does not apply to "[i]nsurance on a group of items insured as contents insurance on household items."  West 2008.  Plaintiffs' Security Plan policy was a Contents Insurance with Extended Coverage policy, and they are seeking to recover for alleged damage to their household contents.  See Exhibit "D."  Clearly, LSA-R.S. 22:667 does not apply to plaintiffs' claim.

If this Court rejects the above arguments and finds that Louisiana's Valued Policy Law does apply, then the statutes have been found inapplicable if the property is rendered a loss from

8

a non-covered peril.  Chauvin v. State Farm Casualty Co., 495 F.3d 232, 239 (5th Cir. 2007).  In

Chauvin, the plaintiffs' homes were damaged from Hurricanes Katrina and Rita.  Id. at 235.  The

plaintiffs filed suit when their insurer refused to reimburse them for the full value of their homes

as stated in their policies.  Id.  The defendant insurer filed a Motion to Dismiss on the basis that

Louisiana's Valued Policy Law does not apply, because the loss did not result from a covered

peril.  Id.  The district court agreed with the insurer, and the plaintiffs appealed.  Id. at 237.  The

Fifth Circuit agreed with the district court and explained

> [i]f the VPL [valued policy law] has the meaning plaintiffs ascribe to it, an
> insured holding a valued homeowner's policy that covered wind damage but
> specifically excluded flood losses could recover the full value of his policy if he
> lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of
> water.  The insurer would thus have to compensate the covered loss of a few
> shingles at the value of the entire house.  In effect, the insurer would be required
> to pay for damage not covered by the policy and for which it did not charge a
> premium.  Such a result would be well outside the boundaries of any party's
> reasonable expectation of the operation of an insurance contract.

Id. at 240.

In fact, no Louisiana court has ever held the Valued Policy Law to apply to a situation

where a covered peril was not, at the very least, the proximate cause of the building becoming an

actual or constructive total loss.  In Hart v. North British & Mercantile Ins. Co., 182 La. 551 (La.

1935), the Louisiana Supreme Court held that an insurer had to pay the full amount of the policy

after the covered property had been condemned by the municipal authorities in the wake of the

devastating fire.  The Court held that the property had been rendered a "constructive total loss"

by the loss by the fire, and that the Valued Policy Law therefore applied.  See also Ochipiniti, et

al v. Boston Ins.. Co. , 72 So.2d 326 (La. Ct. App. Orleans 1954) (insurer liable for null amount

of the policy under Valued Policy Law when the property rendered a "construed total loss" by

fire).  In <u>Hart</u>, the covered peril, fire destroyed 75% of the property, rendering the remaining 25% "so damaged as to become useless."

In this case, plaintiffs claim that their property was damaged as a result of wind, wind driven rain, and/or flooding.  <u>See</u> Exhibits "A" and "B."  According to Security's adjuster, the damage was the result of flood and/or rising water.  <u>See</u> Exhibit "D."  As discussed in detail above, flood and/or rising water is not a covered peril under plaintiffs' insurance policy. Because the alleged loss of plaintiffs' property was caused by a non-covered peril, Louisiana's Valued Policy Law is not applicable to plaintiffs' claims, and plaintiffs are not entitled to recover the full value of their property.

**D.     Plaintiffs Are Not Entitled To Penalties Pursuant To LSA-R.S. 22:658 And/Or LSA-R.S. 22:1220.**

Plaintiffs also seek to recover penalties under LSA-R.S. 22:658 and 22:1220.  <u>See</u> Exhibits "A" and "B."  It is well-established, however, that without a valid underlying claim for breach of the insurance policy, there can be no recovery under Sections 22:658 and 22:1220. <u>Phillips v. Patterson Ins. Co.</u>, 813 So. 2d 1191, 1195 (La. App. 3 Cir. 2002) (affirming dismissal of claims under LSA-R.S. 22:658 and 22:1220 for failure to state a cause of action where plaintiff had "no viable underlying claim" for insurance coverage); <u>Clausen v. Fidelity & Deposit Co.</u>, 660 So. 2d 83, 85 (La. App. 1 Cir. 1995) (holding that, in order to bring a claim under LSA-R.S. 22:658 or 22:1220, the plaintiff "must first have a valid, underlying, substantive claim upon which insurance coverage is based"); <u>Hardy v. Hartford Ins. Co.</u>, 236 F.3d 287, 293 (5th Cir. 2001) (affirming dismissal of bad faith claims, holding that insurer could not be liable under LSA-R.S. 22:658 and 22:1220 where it had no duty to provide coverage); <u>Edwards v. Allstate Prop. & Cas. Co.</u>, 2005 WL 221558, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) (holding that

"because [the insured] has no underlying breach of contract on her insurance policy, she has no claim for penalties under LSA-R.S. 22:1220 and 22:658").

As discussed above, plaintiffs have no viable claim for insurance coverage for damage caused by flooding. The alleged damage to plaintiffs' property was the result of flood and/or rising water, which is not a covered peril under plaintiffs' policy. See Exhibits "C" and "D." Security Plan properly denied coverage to plaintiffs, and plaintiffs are not entitled to penalties under LSA-R.S. 22:658 and 22:1220.

## III.   CONCLUSION

Plaintiffs allege that they are entitled to reimbursement for damage to their household contents as a result of Hurricane Katrina. The damage to plaintiffs' property was a result of flood and/or rising water. Plaintiffs' Contents Insurance with Extended Coverage is a named peril policy, and flood and/or rising water is not a named peril. In fact, damage caused by flood and/or rising water is specifically excluded. Thus, plaintiffs are not owed coverage for damage caused by flooding under their Security Plan policy.

Plaintiffs seek the recovery of the full value of their contents pursuant to Louisiana's Value Policy Law. Louisiana's Value Policy Law is not applicable to plaintiffs' claims for the following reasons: (1) Security does not determine the amount of coverage based on the value of the property, and it does not place a valuation upon the covered property for purposes of determining the premium charge to be made under the policy; (2) LSA-R.S. 22:667 does not apply to insurance on a group of items insured as contents insurance on household items; and (3) the valued policy statutes do not apply when the total loss of the property was caused by a non-covered peril.

Plaintiffs have also made a claim for recovery under LSA-R.S. 22:658 and LSA-R.S. 22:1220. Plaintiffs were not entitled to reimbursement for their property damage under their Security Plan policy. Accordingly, plaintiffs have no claim for penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220.

For these reasons and for the reasons more fully set forth above, there is no genuine issue of material fact that the policy of insurance issued to Mary and Oscar Williams, does not cover the damages caused by flooding and/or rising water. As a result, Mary and Oscar Williams are not entitled to the recovery of damages for flooding and/or rising water in this suit as a matter of law. Therefore, partial summary judgment in favor of Security Plan should be granted.

Respectfully submitted,

HUVAL VEAZEY FELDER & AERTKER, L.L.C.

_____/s/ Thomas H. Huval_____

**THOMAS H. HUVAL** (#21725)
Stephen C. Aertker, Jr. (#24929)
Stefini W. Salles (#25857)
Christian A. Shofstahl (#27080)
532 East Boston Street
Covington, Louisiana 70433
Telephone:  (985) 809-3800
Facsimile:  (985) 809-3801
**Counsel for Defendant,**
**Security Plan Fire Insurance Company**

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record via the court's electronic service, via facsimile, and/or by depositing a copy of same in the U.S. Mail, properly addressed, with sufficient postage affixed thereto.

Covington, Louisiana this 31st day of January, 2008.


_____/s/ Thomas H. Huval_____
**THOMAS H. HUVAL**