RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2007 JUL 12 PM 12: 43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY AND OSCAR WILLIAMS | * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE  07-3702 |
| SECURITY PLAN FIRE INSURANCE COMPANY | * * * * | SECTION<br>MAGISTRATE  SECT. L MAG. 5 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, come complainants, Mary and Oscar Williams, who supplement and amend their original petition filed in Civil District Court for the Parish of Orleans, State of Louisiana, Case #06-8328 which was subsequently removed by Defendant herein to United States District Court for the Eastern District of Louisiana as follows:

1.

Complainants adopt and incorporate by reference all of the allegations and prayers for relief set forth and contained in paragraphs I through XVIII and the prayer for relief contained in their original state court petition as if copied herein verbatim and *in extenso*.

2.

Plaintiffs amend their original petition in accordance with the Order of the Court determining that the plaintiffs' claims be severed into individual suits, each addressing one distinct property.


EXHIBIT B

3.

Complainants add paragraph number XIX to read as follows:

XIX.

The damages suffered by Complainants to their residence located at 3717 Baudin Street, New Orleans, Louisiana 70119, were caused by wind, wind driven rain, flooding and waters entering the City of New Orleans and surrounding parishes on August 29, 2005.

4.

Complainants add paragraph number XX to read as follows:

XX.

The flooding and water entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees and/or levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees and levee walls.

5.

Complainants add paragraph number XXI to read as follows:

XXI.

The breaking or failure of the levee systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Complainants herein in contrast to other policies available in the market, and neither falls within the regular definition of "flood" nor within any of

the said insurance policy's exclusion of "flood".

6.

Complainants add paragraph number XXII to read as follows:

XXII.

Defendant, Allstate Insurance Company, negligently, recklessly and/or fraudulently ignored clear evidence that wind and wind-driven rain cause severe damage to Complaints' covered property prior to any flooding.

7.

Complainants add paragraph XXIII to read as follows:

XXIII.

Complainants aver that they have suffered losses to his personal property/contents that was located at their residence at 3717 Baudin Street, New Orleans Louisiana 70119 and that said damages were caused by wind, wind driven rain, and/or flooding from the aforementioned sources, and that said damages have rendered complainants' personal property/contents a total loss.

8.

Complainants add paragraph XXIV to read as follows:

XXIV.

The homeowner's policy of insurance issued by Defendant to Complainants herein included coverage for Complainants' personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Complainants' covered

personal property/ contents which was used for purposes of determining the premium charges to be made under said policy to Complainants.

9.

Complainants add paragraph XXV to read as follows:

XXV.

Neither the homeowner's policy issued by Defendant herein to Complainants herein nor any applications therefor, set forth in type of prominent size a different method to be used in the computation of Complainants' loss of personal property/contents, as set for th in La. R.S. 22:667. Accordingly, Complainants are entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Complainants for coverage of their personal property/contents pursuant to the provisions of La. R.S. 22:667.

10.

Complainants add paragraph XXVI to read as follows:

XXVI.

Complainants further allege that the total loss of their dwelling, other structures and personal property/contents was caused by perils covered by the homeowner's policy of insurance issued by Defendant herein to Complainants herein.

WHEREFORE, Complainants pray:

That after appropriate legal delays, there be judgement in favor of Complainants and against Defendant, Allstate Insurance Company, for the full face value stated in the homeowner's policy issued by them to Complainants for coverage for dwelling and other structures, without

deduction or offset pursuant to La. R.S. 22:695; that there be trial by jury; that there be judgement in favor of Complainants for the full face value stated in the homeowner's policy issued by Defendant to Complainants for personal property/contents without deduction or offset pursuant to La. R.S. 22:667: that there be judgement in favor of Complainants for the full face value stated in said policy for coverage of additional living expenses/loss of use: that in the alternative there be judgement in favor of Complainants and against Defendant herein for just and reasonable damages provided under the homeowners's policy issued by Defendant to Complainants herein, for all damages to Complainants' dwelling, other structures, personal property/contents, additional living expenses and/or all relief provided by said policy: that Complainants be granted all relief prayed for in their original petition, and all relief provided by the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658; that Complainants recover interest from date of judicial demand; that Complainants recover all cost of these proceedings, and for all general and equitable relief.

Respectfully submitted,
PATRICK G. KEHOE, JR., APLC

Patrick G. Kehoe, Jr. - 14419
833 Baronne Street
New Orleans, LA 70113
Telephone: 504-588-1110
Facsimile: 504-588-1954

CONNICK AND CONNICK, LLC
William P. Connick - 14158
2551 Metairie Road
Metairie, LA 70005

Telephone: 504-838-8777
Facsimile: 504-838-9903

**LAW OFFICES OF ROY F. AMEDEE, JR.**
**Roy F. Amedee, Jr. - 2449**
**Brent A. Klibert - 29296**
228 St. Charles Avenue, Suite 801
New Orleans, LA 70130
Telephone: 504-592-3222
Facsimile: 504-592-8783

**LESTELLE & LESTELLE, APLC**
**Terrence J. Lestelle - 08540**
**Andrea S. Lestelle - 08539**
**Jeffery B. Struckhoff - 30173**
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone: 504-828-1224
Facsimile: 504-828-1229

**ROBICHAUX LAW FIRM**
**J. Van Robichaux, Jr. - 11338**
P. O. Box 792500
New Orleans, LA 70179
Telephone: 504-286-2022
Facsimile: 504-282-6298

**UNGAR & BYRNE, APLC**
**Randy J. Ungar – 12387**
365 Canal Street, Suite 2520
New Orleans, LA 70130
Telephone: 504-566-1616
Facsimile: 504-566-1652

**ALLAN BERGER & ASSOCIATES, APLC**
**Allan Berger - 2977**
4173 Canal Street
New Orleans, LA 70119
Telephone: 504-486-9481
Facsimile: 504-483-8130

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN 12 PM 3:54

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY AND OSCAR WILLIAMS AND ELVIRA GRAY | * * * | JUDGE:_____ |
| VERSUS | * * | CIVIL ACTION NO.:_____ MAGISTRATE: SECT. J  MAG. 5 |
| SECURITY PLAN FIRE INSURANCE COMPANY | * * | |

### NOTICE OF REMOVAL BY SECURITY PLAN FIRE INSURANCE COMPANY

**NOW INTO COURT**, through undersigned counsel, comes **SECURITY PLAN FIRE INSURANCE COMPANY** (hereinafter "Security Plan"), made a defendant in these proceedings, who hereby gives notice of the removal of this civil action from the Civil Judicial District Court, Parish of Orleans, State of Louisiana, on the following basis:

1.

Plaintiff filed this civil action on November 20, 2006 in the Civil District Court, Parish of Orleans, State of Louisiana, naming Security Plan as a defendant. That state court proceeding bears Docket No. 2006-8328, Division "H" in the Civil District Court for the Parish of Orleans, State of Louisiana.

2.

Security Plan is a Louisiana citizen and was served with a copy of the original petition in this civil action on December 15, 2006. Less then thirty days has elapsed from the service of process on the defendant, and as a result this *Notice of Removal* is timely filed.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

3.

Pursuant to 28 U.S.C. § 1441(e)(1) and 28 U.S.C. § 1446(a), a *List of All Documents in State Court Record* along with copies of those pleadings filed of record in the state court proceedings are attached as Exhibit "A," *in globo*, a *List of All Attorneys and Parties* is attached as Exhibit "B," and the *Notice to Adverse Parties* attached as Exhibit "C" was this day forwarded to all known counsel of record.

4.

The petition in this action alleges that Security Plan issued policies of insurance to Plaintiffs that were in effect at all times relevant to this litigation.

5.

The petition also alleges that plaintiffs suffered certain damage to their property due to Hurricane Katrina, including damages from wind, rain, wind-driven rain, and flooding and that the alleged damage was covered by the policy.

6.

The petition seeks payment for all losses and penalties and attorney's fees.

7.

This Court has supplemental jurisdiction under 28 U.S.C. § (e)(1)(B) over this action because Security Plan is a defendant in pending proceedings in this Court entitled *Abadie, et al. v. Aegis Security Insurance Co., et al.*, Civil Action No. 06-5164 (Judge Duval) and *Keifer, et al. v. Lexington Insurance Co., et al.*, Civil Action No. 06-5370 (Judge Duval). *Abadie* and *Keifer*

could have been brought under 29 U.S.C. § 1369 and arise from the same "accident" as that word is defined in 28 U.S.C. § 1369 as do the claims in the instant litigation.

8.

Under federal legislation passed in 2002, sometimes referred to as the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369, *Abadie* and *Keifer* "could have been brought" under the MMTJA, and this Court possesses jurisdiction over the *Abadie* and *Keifer* cases because "minimal diversity" exists in each. Additionally, the civil action stated by the plaintiffs in *Abadie* and *Keifer* arise from a single incident, "where at least 75 natural persons have died" at a "discrete location" in "a natural event culminating in an accident" as defined in that statute, i.e. Hurricane Katrina. Further, two or more defendants in *Abadie* and *Keifer* reside in different states as required by 28 U.S.C. § 1369.

9.

Because *Abadie* and *Keifer* could have been brought under 28 U.S.C. § 1369, the Court has supplemental subject matter jurisdiction over this case. Under the provisions of 28 U.S.C. § 1441(e)(1)(B), Security Plan is a party to another action "which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident in State court." The statute permits removal of this case to this Court, under 28 U.S.C. § 1441(e)(1)(B), "even if the action to be removed could not have been brought in a district court as an original matter."

10.

Security Plan has a right to remove this case to this Court under 28 U.S.C. § 1441(e)(1)(B) because it is a defendant in *Abadie* and *Keifer* over which the Eastern District has subject matter jurisdiction. Further, this action arises from the same "accident" as defined in that statute, i.e. Hurricane Katrina. The objective of the MMTJA is to consolidate claims arising out of disasters such as Hurricane Katrina in federal court. *See Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006).

11.

The fact that Security Plan is a Louisiana citizen and that this action was initiated in a Louisiana state court is not a bar to removal. The prohibition against removal of an action by a forum state defendant is contained in 28 U.S.C. § 1441(b), and 28 U.S.C. § 1441(e) specifically exempts such removals from that prohibition by stating, "[n]otwithstanding the provisions of subsection (b) of this section."

12.

The fact that the plaintiff in the instant action and Security Plan are both Louisiana citizens is also not a bar to removal. The Court's supplemental subject matter jurisdiction over this action is granted under 28 U.S.C. § 1441(e)(1)(B). Jurisdiction exists even though this action "could not have been brought in a district court as an original matter." *Wallace, supra*.

13.

Defendant notes that the decision by a division of this Court to remand the *Wallace* matter a second time has been appealed and is before the United States Fifth Circuit Court of Appeal at Docket No. 06-30637. While there may be procedural obstacles to review of that decision by the Fifth Circuit, Defendant respectfully suggests that the arguments by appellants in the *Wallace* matter are well founded.

14.

Promptly after the filing of this *Notice of Removal*, Security Plan will cause a true a correct copy of it to be filed with the Clerk or Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

15.

By the filing of this *Notice of Removal*, Security Plan does not waive any defenses available to it in this Court or in the state courts of Louisiana.

**WHEREFORE**, defendant, Security Plan Fire Insurance Company, herby removes this case to this Court and requests that this Court assume full jurisdiction over all of the claims made in this civil action.

Respectfully submitted,

HUVAL VEAZEY FELDER & AERTKER, LLC

By: _____
THOMAS H. HUVAL #21275 (T.A.)
STEPHEN C. AERTKER, JR. #24929
CHRISTIAN A. SHOFSTAHL #27080
532 E. Boston Street
Covington, LA 70433
Telephone: (985) 809-3800
Facsimile: (985) 809-3801

and

BRADFORD H. FELDER #25046
101 Feu Follet, Suite 101
Lafayette, LA 70508
Phone: (337) 234-5350
Fax: (337) 234-5310

ATTORNEYS FOR SECURITY PLAN FIRE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has this date been forwarded to all known counsel of record, listed below, by depositing same in the United States Mail, postage prepaid and properly addressed:

Patrick G. Kehoe, Jr., Esq.
833 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 588-1110

Allan Berger, Esq.
Allan Berger & Associates
4173 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 486-9481

William P. Connick, Esq.
Connick and Connick
2551 Metairie Road
Metairie, Louisiana 70005
Telephone: (504) 838-8777

J. Van Robichaux, Jr.
Robichaux Law Firm
71234 Hendry Avenue
Covington, Louisiana 70433
Telephone: (985) 809-0620

Randy J. Ungar, Esq.
Ungar & Byrne
365 Canal Street, Suite 2520
New Orleans, Louisiana 70130
Telephone: (504) 566-1616

Bruce L. Feingerts, Esq.
Feingerts & Kelly
365 Canal Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 568-1515

Michael Hingle, Esq.
Michael Hingle & Associates
Paul Hesse, Esq.
220 Gause Blvd.
Slidell, Louisiana 70458
Telephone: (985) 641-6800

Terrence J. Lestelle, Esq.
Andrea S. Lestelle, Esq.
Jeffery B. Struckhoff, Esq.
Lestelle & Lestelle
3421 N. Causeway Blvd., Suite 602
Metairie, Louisiana 70002
Telephone: (504) 828-1224

Roy F. Amedee, Jr.
228 St. Charles Avenue, Suite 801
New Orleans, Louisiana 70130
Telephone: (504) 592-3222

**COVINGTON, LOUISIANA**, this 8/11th day of January, 2007.

_____
THOMAS H. HUVAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY AND OSCAR WILLIAMS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-302 |
| SECURITY PLAN FIRE INSURANCE COMPANY | SECTION J(5) |

### ORDER

The court has determined that the claims of Mary Williams and Oscar Williams will be severed from the claims of Elvira Gary in the captioned case. These claims will be severed into two individual suits, each addressing distinct properties. Accordingly,

**IT IS ORDERED** that plaintiffs' counsel shall, within 30 days of this order, file an amended complaint for each case. This pleading shall be filed with the Clerk on paper, not electronically. The caption of the Amended Complaint shall contain only the individual plaintiff(s) and defendant(s) which are the subject of that specific claim. It shall also be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order. Upon filing, the clerk will assign a new docket number and will allot it at random among the judges of the court. All pleadings regarding that claim shall

thereafter bear the new title, docket number and section of the new case.

**IT IS FURTHER ORDERED** that plaintiffs shall serve each new amended complaint and summons with a copy of the original complaint or Notice of Removal and a copy of this order on opposing counsel and on each defendant not yet having appeared in the litigation.

Any substantive motions still pending in the original case must be refiled in any newly assigned cases to which they pertain.

Any claims not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice.

New Orleans, this 25th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE
CARL J. BARBIER