UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO<br>LEVEE:  08-719 (Willis)<br><br>* * * * * * * * * * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NUMBER 05-4182<br>& CONSOLIDATED CASES<br><br>SECTION "K"<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**MEMORANDUM IN SUPPORT OF F.R.CIV.P. 12(B)(6)
AND/OR 12(C) MOTION TO DISMISS**

The Sewerage and Water Board of New Orleans ("SWB") has moved this Court to dismiss plaintiffs' Complaint for Damages under F.R.Civ.P. 12(b)(6) and/or 12(c).  The Complaint for Damages was filed on January 23, 2008, alleging liability on the part of the SWB, as well as others, for damages suffered in connection with Hurricane Katrina.  The Complaint for Damages fails to state a claim upon which relief can be granted against the Sewerage and Water Board of New Orleans.  Accordingly, the SWB is entitled to an Order, dismissing plaintiffs' claims against the SWB, with prejudice.

**PLAINTIFFS' ASSERTED CLAIMS AGAINST THE
SEWERAGE AND WATER BOARD OF NEW ORLEANS**

Plaintiffs' Complaint for Damages covers wide terrain.  It makes claims against the United States of America, Department of the Army, the Board of Commissioners of the Orleans Parish Levee District and the SWB relating to "Projects" on the 17th Street Canal, the

London Avenue Canal, the Industrial or Inner Harbor Navigation Canal ("IHNC"), the Gulf Intracoastal Waterway ("GIWW"), the Mississippi River Gulf Outlet ("MRGO"), and the Lake Pontchartrain and Vicinity Hurricane Protection Project ("LPVHPP"). Without specific factual allegations against the SWB, plaintiffs lump the SWB in with the "defendants" and allege liability on its part for "negligence, fault, actions or inactions" on "each levee and/or floodwall breach, levee and/or floodwall topping, and/or any other failure of the Projects implementations . . . ." *See* ¶28 of the Complaint for Damages.

Plaintiffs allege "Defendants at all times shared responsibility for the care, custody, control, repair, maintenance and inspection of each implementation of the Project, as set forth herein." *See* ¶29 of the Complaint for Damages. Plaintiffs fail, however, to allege any factual foundation for the SWB's alleged legal duty related to each "Project." The allegations contained in the complaint relating to each specific Project show plaintiffs have failed to state a claim against the SWB upon which relief can be granted.

Plaintiffs set forth allegations of fault relating to each Project in Section VI of the Complaint for Damages. Therein, they allege with respect to each project:

*MRGO*

With regard the MRGO, plaintiffs' allegations of fault are: (1) the MRGO served as a conduit for tremendous storm surge; (2) the levees and floodwalls were not sufficiently strengthened; and (3) as a result of faulty construction, design, maintenance and inspection of the MRGO and its levees and floodwalls, the MRGO experienced failures flooding New Orleans East. *See* ¶44 of the Complaint for Damages. These allegations do not implicate the

2

SWB. There is no basis alleged for a duty on the part of the SWB regarding the construction of the MRGO or any related floodwalls and levees.

### GIWW

As to the GIWW, plaintiffs allege defendants knew or should have known the GIWW was both a conduit for dangerous storm surge and was not adequately strengthened by levees. *See* ¶43 of the Complaint for Damages. Plaintiffs' complaint states no claim establishing a legal duty on the part of the SWB toward the GIWW and its levees.

### IHNC

Plaintiffs allegations about the IHNC are these: (1) a steel storm gate was damaged before the hurricane and ineffectively repaired; (2) a road over the levee was made of sand insufficient to prevent erosion and failure of the levee; (3) overtopping of the levee caused erosion and failure of the floodwall/levees; (4) the embankments upon which the I-walls rested were made of unsuitable sand; and (5) the sheet pilings were driven to insufficient depth. *See* ¶¶41 and 42 of the Complaint for Damages. Plaintiffs have failed to state factual allegations suggesting any duty on the part of the SWB regarding the steel storm gate, the road over the levee, the height of the levee, the composition of the embankments, and the depth to which the sheet piles on the IHNC were driven. Plaintiffs have failed to state a claim against the SWB over the IHNC.

### London Avenue Canal

Plaintiffs allege the I-walls were built along the London Avenue Canal atop permeable and unstable foundations which defendants knew or should have known were not

likely to withstand substantial water pressure. *See* ¶40 of the Complaint for Damages. Again, plaintiffs do not and can not allege facts to show a duty on the SWB's part to design the I-walls and foundations of the levees and floodwalls along the London Avenue Canal.

*17th Street Canal*

Plaintiffs allegations about the 17th Street Canal are these: (1) sheet piles were as much as seven feet too shallow; (2) residents had experienced seepage problems before Hurricane Katrina; and (3) the SWB was granted a permit to dredge the canal. *See* ¶39 of the Complaint for Damages. Plaintiffs allege no facts establishing a duty on the part of the SWB to determine the depth of sheet piles. Further, there is no allegation the SWB did anything wrong in connection with seepage certain residents allegedly experienced or that the SWB had any duty to rectify any alleged seepage. And stating the SWB was granted a permit to dredge the canal raises no actionable claim against it.

### THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

The SWB is a limited purpose political subdivision of the State of Louisiana. It was created by the Louisiana Legislature to discharge limited delegated duties:

§4071. Creation and organization of sewerage and water board

> A.(1) The public water system, the public sewerage system, and the public drainage system of the city of New Orleans shall be constructed, controlled, maintained, and operated by a sewerage and water board . . . .

LSA—R.S. 33:4071A.

The Legislature delegated no duties to the SWB to design, construct or operate the MRGO, GIWW, and IHNC. Further, the SWB had no delegated duties to design, construct

4

or maintain the levees and floodwalls along the various canals.  Instead, the Legislature delegated the full right, jurisdiction, power, and authority to construct, maintain and improve the levees surrounding New Orleans exclusively to the Board of Commissioners of the Orleans Levee District.[1]  This Court has already so ruled in favor of the Board of Commissioners for the Port of New Orleans when the Court dismissed allegations against the Dock Board in connection with maintaining the City's levees, holding:

> . . . the maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board . . . .   Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection.

*See* Doc. 8389, p. 2, *citing Board of Comm. Of Orleans Levee Dist. v. Dept. of Natural Resources of the State of Louisiana*, 493 So.2d 281, 288-89 (La. 1986).  *Also see DePass* Order [Doc. 8390], p. 10; and Order and Reasons [Doc. 1133](dismissing claims against the City of New Orleans.)

---

[1] Louisiana Revised Statute 38:307 provides that the Board of Commissioners of the Orleans Levee District has the full and exclusive right and jurisdiction over the levees:

§307.  Orleans Levee District; powers of board of commissioners
   A.(1)  The board of commissioners of the Orleans Levee District shall have and exercise all and singular the powers now conferred upon that board by law, as well as such powers as are herein granted.  The board shall have full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects . . .

But, assuming for argument's sake only that the SWB had *garde* over the things about which plaintiffs complain, the SWB is afforded immunity pursuant to LSA—R.S. 9:2800H. That provision provides:

> H.(1)  Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including after effects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.
>
> (2)  The provisions of this Subsection shall expire on August 30, 2008.
>
> (3)  The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
>
> (4)  The provisions of this Subsection shall be given retroactive application to August 26, 2005.

LSA—R.S. 9:2800.

As this Court already held in this case when it dismissed plaintiffs' similar claims against the Parish of Jefferson, "[b]y operation of this statute, then all claims for defalcation arising from the garde of any levee, drainage ditch or the like are barred if brought against a public body like [the SWB]." *See* Order, pp. 9-10 [Doc. 8390].

In keeping with this Court's prior legal analysis, the SWB is entitled to the same relief as this Court granted the Parish of Jefferson. Plaintiffs' allegations of liability arising out of the SWB's purported *garde* over the canals and levees fail to state a cause action. The SWB is entitled therefore to dismissal of plaintiffs' claims.

## RELEVANT STANDANDS

Under F.R.Civ.P. 12(b)(6) or 12(c), the SWB is entitled to an order, dismissing plaintiffs' claims.

*Rule 12(b)(6)*

When a defendant attacks plaintiffs' complaint, as amended, because it fails to state a legally-cognizable claim, to survive a Rule 12(b)(6) challenge, plaintiffs' complaint must state "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007)(emphasis added.) The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Id.*, ___U.S. at _____, 127 S.Ct. at 1965.[2]

*Rule 12(c)*

A motion brought pursuant to Rule 12(c) is designed to dispose of a case when a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially-noticed facts. *Great Plains Trust Co. v. Moran Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2000); *Southern Service Corporation v. Tidy Building Services, Inc.*, 2004 WL 2784909 (E.D.La. Dec. 1, 2004). To determine whether to grant a Rule 12(c) motion, a court "must look only to the pleadings and accept all allegations in them as true." *St. Paul Fire & Marine Ins. Co. v. Convalescent Serv., Inc.*, 193 F.3d 340, 342 (5th

---

[2] The Supreme Court in *Twombly* rejected the often-quoted "no set of facts" test the Court had previously articulated in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957). Courts are now to employ a plausibility standard for scrutinizing the sufficiency of pleadings in the context of F.R.Civ.P. 12(b)(6) motions to dismiss.

Cir.1999).  The central issue "is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Brittan Comm. Int'l Corp. v. Southwestern Bell Telephone Co.*, 313 F.3d 899, 904 (5th Cir. 2002).  Finally, when a party moves for judgment on the pleadings because the non-moving party has failed to state a claim, this Court applies substantially the same standard as that which governs a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  *See Jones v. M.L Greninger*, 188 F.3d 322, 324 (5th Cir.1999).[3]

Under the standards governing these two rules of civil procedure, the SWB is entitled to judgment in its favor, dismissing plaintiffs' complaint.

## CONCLUSION

Plaintiffs fail to state a claim against the SWB upon which relief can be granted. Accordingly, defendant Sewerage and Water Board of New Orleans prays that after due proceedings are held, that this Court grant its F.R.Civ.P. 12(b)(6) and/or 12(c) motion and dismiss plaintiffs' claims against the Sewerage and Water Board of New Orleans with prejudice and at plaintiffs' cost.

---

[3] *See* discussion *supra*, including footnote 2, regarding the "plausibility" standard *Twombly* announced.  The "plausibility" standard logically should also apply to motions to dismiss brought under F.R.Civ.P. 12(c).

Respectfully submitted,

s/Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR. #18299 T.A.**
**J. WARREN GARDNER – BAR #5928**
**KEVIN R. TULLY - BAR #1627**
**GREGORY S. LACOUR – BAR #23823**
**W. NICHOLAS DIETZEN–BAR#31135**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:    (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE AND WATER BOARD OF NEW ORLEANS

## C E R T I F I C A T E

I do hereby certify that on the 29th day of February 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

    s/Charles M. Lanier, Jr.
    CHARLES M. LANIER, JR.

CK_DOCS 394167v2