## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| _____ | * * | JUDGE DUVAL |
| PERTAINS TO: | * * | MAG. WILKINSON |
| LEVEE: 07-5019; 07-5353 (EMBRY) | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFFS' COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Orleans Parish Levee District, and for answer to plaintiffs' Complaint respectfully represents:

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

1

### THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

### FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' harm. *See* La. R.S. 9:2800.

### FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

### SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

### SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively alleges that to the extent that any claims asserted in this lawsuit do not "concern the same evidence, memories, and witnesses as the subject matter of the original suit" they are barred by the applicable prescriptive period. See *Crown, Cork, & Seal Co., Inc. v. Parker*,

462 U.S. 345, 355 (1983); *American Pipe & Constr. Co. v. Utah*, 454 U.S. 538, 562 (1974).

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs failed to mitigate their damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by

the United States Army Corps of Engineers, through the authority delegated by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant hereby incorporates by reference each and every exception, denial, defense and response contained in any pleading previously filed on its behalf in Civil Action No. 05-4182 (Levee and MRGO) on the docket of this Court, as if set forth and copied herein in extenso.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and

offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant adopts by this reference any and all other defenses pled either now or later by any other named defendant to this action, if not otherwise set forth herein.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiffs are not entitled to attorney's fees.

## TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs' claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## THIRTIETH DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

## THIRTY-FIRST DEFENSE

Defendant affirmatively alleges that this action has prescribed and/or is untimely, as the Court has yet to make a decision concerning *In re Katrina* Class Certification. See *In re Enron Corporations Securities*, 465 F. Supp.2d 687,715-717 (S.D.Tex 2006).

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Orleans Levee District, admits, denies and avers as follows:

1.

Except to admit that portions of the hurricane protection system breached, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 1 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief

6

therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 4 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

5.

Except to admit that it appears plaintiff filed Form 95s, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

Except to admit that it appears plaintiff filed Form 95s, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 require no answer from this defendant.

8.

The allegations of Paragraph 8 are denied.   Further answering, the former Board of Commissioners operated pursuant to Constitutional and Statutory Authority from the State of Louisiana.

9.

The allegations of Paragraph 9 require no answer from this defendant.

10.

The allegations of Paragraph 10 require no answer from this defendant.

7

11.

The allegations of Paragraph 11 require no answer from this defendant.

12.

The allegations of Paragraph 12 require no answer from this defendant.

13.

The allegations of Paragraph 13 require no answer from this defendant.

14.

The allegations of Paragraph 14 require no answer from this defendant.

15.

The allegations of Paragraph 15 require no answer from this defendant.

16.

The allegations of Paragraph 16 require no answer from this defendant.

17.

The allegations of Paragraph 17 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 contain legal conclusions which require no answer from this

8

defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 20 are denied insofar as this defendant is concerned.

21.

The allegations of Paragraph 21 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 21 are denied..

22.

The allegations of Paragraph 22 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 are admitted.

25.

The allegations of Paragraph 25 are admitted.

9

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

Except to admit that Modjeski and Masters performed work related to the 17th Street Canal, the allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 36 are denied insofar as the stated document is the best evidence of its content.

37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 37 are denied insofar as the stated document is the best evidence of its content.

38.

The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief

therein. Further answering, the allegations of Paragraph 39 are denied insofar as the stated document is the best evidence of its content.

40.

The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 40 are denied insofar as the stated document is the best evidence of its content.

41.

The allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 41 are denied insofar as the stated document is the best evidence of its content.

42.

The allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 43 are denied insofar as the stated document is the best evidence of its content.

44.

The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 44 are denied insofar as the stated document is the best evidence of its content.

45.

The allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 45 are denied insofar as the stated document is the best evidence of its content.

46.

The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 46 are denied insofar as the stated document is the best evidence of its content.

47.

The allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief

therein.

52.

Except to admit Congress authorized a "Barrier Plan," the allegations of Paragraph 52 are denied as written.

53.

The allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.  Further answering, the allegations of Paragraph 53 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

54.

The allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 54 are denied insofar as the stated document is the best evidence of its content.

55.

Except to admit Eustis performed a soil analysis in 1981, the conclusions of this paragraph are denied as written.  Further answering, the analysis performed is the best evidence of its findings and conclusions.

56.

The allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

14

58.

The allegations of Paragraph 58 are denied insofar as this defendant is concerned. Further answering, the allegations of Paragraph 58 are denied for lack of sufficient informaiton to justify a belief therein.

59.

Defendant admits the existence of the London Avenue Canal. The remaining allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of Paragraph 60 are denied.

61.

The allegations of Paragraph 61 are denied as written.

62.

Except to admit the existence of parallel protection at the London Avenue Canal, the allegations of Paragraph 62 are denied as written.

63.

The allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief

therein.

66.

The allegations of Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations of Paragraph 67 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 67 are denied insofar as the stated document is the best evidence of its content.

68.

The allegations of Paragraph 68 are denied insofar as this defendant is concerned. Further answering, the allegations of Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations of Paragraph 69 are admitted.

70.

The allegations of Paragraph 70 are denied.

71.

Except to admit that Hurricane Katrina made landfall on August 29, 2005, the allegations of Paragraph 71 are denied for lack of sufficient information to justify a belief therein.

72.

In response to Paragraph 72, defendant admits to a breach of the 17th Street Canal on the

Orleans Parish side of said canal.

73.

The allegations of Paragraph 73 denied.

74.

In response to Paragraph 74, defendant admits to a breach of a portion of the London Avenue Canal, north of the Mirabeau Avenue bridge.

75.

The allegations of Paragraph 75 are denied.

76.

In response to Paragraph 76, defendant admits to a breach of a portion of the London Avenue Canal, south of the Robert E. Lee bridge.

77.

The allegations of Paragraph 77 are denied.

78.

Except to admit that the Orleans Avenue Canal was overtopped, the allegations of Paragraph 78 are denied as written.

79.

The allegations of Paragraph 79 are denied insofar as this defendant is concerned. Further answering, the allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

Except to admit the Corps undertook an investigation following Hurricane Katrina, the

allegations of Paragraph 80 require no answer from this defendant.

81.

The allegations of Paragraph 81 are admitted.

82.

The allegations of Paragraph 82 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 82 are denied insofar as the stated document is the best evidence of its content.

83.

The allegations of Paragraph 83 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 83 are denied insofar as the stated document is the best evidence of its content.

84.

The allegations of Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations of Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations of Paragraph 86 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations of Paragraph 87 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations of Paragraph 88 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

89.

The allegations of Paragraph 89 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

90.

The allegations of Paragraph 90 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations of Paragraph 91 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.

The allegations of Paragraph 92 require no answer from this defendant. To the extent an

answer is deemed necessary, the allegations of Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

93.

The allegations of Paragraph 93 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

94.

The allegations of Paragraph 94 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 94 are denied for lack of sufficient information to justify a belief therein.

95.

The allegations of Paragraph 95 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations of Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

97.

The allegations of Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

98.

The allegations of Paragraph 98 are denied for lack of sufficient information to justify a belief

therein.

99.

The allegations of Paragraph 99 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

Defendant herein admits the occurrence of an accident involving a New Orleans Public Belt Railroad derailment on September 11, 2004 as alleged in Paragraph 100.

101.

Defendant herein admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96.  The remaining allegations of Paragraph 101 are denied for lack of sufficient information to justify a belief of truth therein.

102.

The allegations of Paragraph 102 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

103.

The allegations of Paragraph 103 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

104.

The allegations of Paragraph 104 require no answer from this defendant.  To the extent an

answer is deemed necessary, the allegations of Paragraph 104 are denied for lack of sufficient information to justify a belief therein.

105.

The allegations of Paragraph 105 are admitted.

106.

The allegations of Paragraph 106 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 106 are denied for lack of sufficient information to justify a belief therein.

107.

The allegations of Paragraph 107 are denied as written.

108.

The allegations of Paragraph 108 are denied as written.

109.

The allegations of Paragraph 109 denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 109 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

110.

The allegations of Paragraph 110 are denied insofar as they concern this defendant. Further answering, the allegations of Paragraph 110 are denied for lack of sufficient information to justify a belief therein.

111.

The allegations of Paragraph 111 are denied for lack of sufficient information to justify a

22

belief therein.

112.

In response to the allegations of Paragraph 112, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

113.

The allegations of Paragraph 113 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 113 are denied for lack of sufficient information to justify a belief therein.

114.

The allegations of Paragraph 114 are denied.

115.

The allegations of Paragraph 115 are denied.

116.

In response to the allegations of Paragraph 116, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

117.

The allegations of Paragraph 117 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 117 are denied for lack of sufficient information to justify a belief therein.

118.

The allegations of Paragraph 118 are denied insofar as they concern this defendant. Further answering, the allegations of Paragraph 118 are denied for lack of sufficient information to justify a belief therein.

119.

The allegations of Paragraph 119 are denied insofar as they concern this defendant. Further answering, the allegations of Paragraph 119 are denied for lack of sufficient information to justify a belief therein.

120.

The allegations of Paragraph 120 are denied insofar as they concern this defendant, Further answering, the allegations of Paragraph 120 are denied for lack of sufficient information to justify a belief therein.

121.

The allegations of Paragraph 121 are denied insofar as they concern this defendant. Further answering, the allegations of Paragraph 121 are denied for lack of sufficient information to justify a belief therein.

122.

The allegations of Paragraph 122 are denied.

123.

In response to the allegations of Paragraph 123, the Orleans Levee District reallege and reaver its responses and defense to those allegations of fact and allegations of fault, as if incorporated herein.

124.

The allegations of Paragraph 124 contain legal conclusions which require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 122 are denied insofar as this defendant is concerned.

125.

The allegations of Paragraph 125 are denied insofar as they concern this defendant.  Further answering, the allegations of Paragraph 125 are denied for lack of sufficient information to justify a belief therein.

126.

The allegations of Paragraph 126 are denied insofar as they concern this defendant.  Further answering, the allegations of Paragraph 126 are denied for lack of sufficient information to justify a belief therein.

127.

The allegations of Paragraph 127 are denied insofar as they concern this defendant.  Further answering, the allegations of Paragraph 127 are denied for lack of sufficient information to justify a belief therein.

128.

The allegations of Paragraph 128 are denied insofar as they concern this defendant.  Further answering, the allegations of Paragraph 128 are denied for lack of sufficient information to justify a belief therein.

129.

The allegations of Paragraph 129 are denied.

130.

In response to the allegations of Paragraph 130, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

131.

The allegations of Paragraph 131 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 131 are denied for lack of sufficient information to justify a belief therein.

132.

The allegations of Paragraph 132 are denied insofar as they concern this defendant. Further answering, the allegations of Paragraph 132 are denied for lack of sufficient information to justify a belief therein.

133.

The allegations of Paragraph 133 are denied.

134.

In response to the allegations of Paragraph 134, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

135.

The allegations of Paragraph 135 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 135 are denied for lack of sufficient information to justify a belief therein.

26

136.

The allegations of Paragraph 136 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 136 are denied for lack of sufficient information to justify a belief therein.

137.

The allegations of Paragraph 137 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 137 are denied for lack of sufficient information to justify a belief therein.

138.

The allegations of Paragraph 138 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 138 are denied for lack of sufficient information to justify a belief therein.

139.

In response to the allegations of Paragraph 139, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

140.

The allegations of Paragraph 140 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 140 are denied for lack of sufficient information to justify a belief therein.

141.

The allegations of Paragraph 141 require no answer from this defendant.  To the extent an

answer is deemed necessary, the allegations of Paragraph 141 are denied for lack of sufficient information to justify a belief therein.

142.

The allegations of Paragraph 142 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 142 are denied for lack of sufficient information to justify a belief therein.

143.

In response to the allegations of Paragraph 143, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

144.

The allegations of Paragraph 144 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 144 are denied for lack of sufficient information to justify a belief therein.

145.

The allegations of Paragraph 145 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 145 are denied for lack of sufficient information to justify a belief therein.

146.

The allegations of Paragraph 146 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 146 are denied for lack of sufficient information to justify a belief therein.

147.

In response to the allegations of Paragraph 147, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

148.

The allegations of Paragraph 148 contain legal conclusions which require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 148 are denied for lack of sufficient information to justify a belief therein.

149.

The allegations of Paragraph 149 are denied.

150.

In response to the allegations of Paragraph 150, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

151.

The allegations of Paragraph 151 contain legal conclusions which require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 151 are denied for lack of sufficient information to justify a belief therein.

152.

The allegations of Paragraph 152 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 152 are denied for lack of sufficient information to justify a belief therein.

153.

The allegations of Paragraph 153 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 153 are denied for lack of sufficient information to justify a belief therein.

154.

The allegations of Paragraph 154 are denied.

155.

In response to the allegations of Paragraph 155, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

156.

The allegations of Paragraph 156 contain legal conclusions which require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 156 are denied for lack of sufficient information to justify a belief therein.

157.

The allegations of Paragraph 157 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 157 are denied for lack of sufficient information to justify a belief therein.

158.

The allegations contained in Plaintiffs' Prayer for Relief are denied insofar as they concern this defendant.

**WHEREFORE,** defendant, The Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs, dismissing plaintiffs' claims, with prejudice, and at plaintiffs' cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a on March *3rd*, 2008, a copy of the above and foregoing

documents was filed electronically with the Clerk of Court using the CM/ECF system which will

send a notice of electronic filing to all participating counsel of record.  I also certify that I have

mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants

**THOMAS P. ANZELMO (#2533)**
tanzelmo@mcsalaw.com

32