UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| * * * * * * | * | |
| PERTAINS TO:    INSURANCE | * | SECTION "K-2" |
| | * | |
| R.C. TIPPEN and CARRIE TIPPEN | * | JUDGE DUVAL |
| C.A. NOS. 06-7701 c/w 06-8440 | * | |
| | * | MAG. JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

### FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. RULE 56

NOW INTO COURT, through undersigned counsel, comes Defendant, Fidelity National Property and Casualty Insurance Company ("FNPAC"), a Write-Your-Own ("WYO") Program Carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended,[1] ("NFIA"), appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] which hereby files this Rule 56 Motion for Summary Judgment. Defendant respectfully submits that Plaintiffs are not entitled to

---

[1] 42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)

-1-

recover additional U.S. Treasury benefits pursuant to its Standard Flood Insurance Policy ("SFIP") because Plaintiffs failed to comply with the conditions precedent to the filing of this lawsuit, primarily the Plaintiffs' failure to submit a timely, sworn Proof of Loss in support of their claim, in light of three (3) binding and controlling U.S. Fifth Circuit precedents, as well as a prior decision of Your Honor, which are on point.

**1.      Basis for Motion for Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, demonstrate that there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).  When reviewing a motion for summary judgment, the Court must draw all inferences from the underlying facts in the light most favorable to the opposing party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

To meet its burden of proof for summary judgment purposes, if the movant does not have the burden of proof at trial, as here, the movant is expressly not required "to negate all the essential elements of the adverse party's claim, action, or defense," but only "to point out to the court that there is an absence of factual support for one or more elements" of the non-moving party's case. *Celotex,* 106 S.Ct. at 2554.  In the matter at bar, the Plaintiffs have not submitted a signed and sworn Proof of Loss, as is required by the SFIP, which must be "strictly construed and enforced." *Gowland*, 143 F.3d at 954.

In turn, if the nonmoving party bears the burden of proof at trial, as here, there is no genuine

issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. *Celotex*, 106 S.Ct. at 2553*; Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505 (1986).

As such, summary judgment shall be granted where the evidence is such that it would require a directed verdict of the moving party. *Anderson*, 106 S.Ct. 2511-12.  The mere existence of a scintilla of evidence on the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for that party. *Id*. at 2512.  To this end, a party cannot rest on mere conclusory allegations to defeat summary judgment. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *Medina-Munoz v. R..J. Reynolds Tobacco Co.*, 896 F.2d 5 (1st Cir. 1990); *Conaway v. Smith*, 853 F.2d 789 (10th Cir.1988); *Metge v. Baehler*, 762 F.2d 621 (8th Cir. 1985).  Evidence which is merely colorable or not significantly probative will not be sufficient. *Bragdon v. Abbott*, 118 S.Ct. 2196, 2212 (1998).  Simply put, more is required.  In this vein, the Court in *Matsushita Elec. Ind. Co*. further explained that:

> When the moving party has carried it burden . . ., its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not a "genuine issue for trial."  106 S.Ct. at 1356.

In sum, the purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. *See, Matsushita Elec. Ind. Co.*, 106 S.Ct. at 1356. Accordingly, in such a situation as described above by the *Celotex* Court or where all issues can only be resolved in favor of the moving party, the moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential

element of its case with respect to which it has the burden of proof. *Celotex*, 106 S.Ct. at 2552; *Anderson*, 106 S.Ct. at 2511.

In the case at bar, an examination of the pleadings and evidence presented demonstrate that there are no genuine issues as to any material fact. FNPAC is entitled to judgment as a matter of law, as the Plaintiffs have not submitted a sworn Proof of Loss, as required by law. See, *Godfrey v. Chertoff*, 2007 WL 2903228 at * 2-3 (E.D.La. Oct. 2, 2007), C.A. # 06-4739 (J. Duval).

WHEREFORE, the Defendant, FNPAC, for the reasons assigned in greater detail in the attached Memorandum in Support of the instant motion, prays that this Honorable Court will issue an Order dismissing this lawsuit in its entirety, with prejudice, and at the Plaintiffs' cost.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.

*/s/ William R. DeJean*
WILLIAM R. DeJEAN, La. S.B. 22762
GERALD J. NIELSEN, La. S.B. 17078
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile:  (504) 832-9165
wdejean@nielsenlawfirm.com
Counsel for Defendant: Fidelity National Property and Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel.

*/s/ William R. DeJean*
William R. DeJean