IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-30271

LAMAR M RICHARDSON, JR

    Plaintiff - Appellant

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-1745

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Attorney Lamar Richardson purchased a flood insurance policy through American Bankers Insurance Company of Florida. After Hurricane Katrina damaged Richardson's property, he filed a claim under his flood insurance policy and an adjuster determined that he was owed $16,125.50. Richardson believed he was owed more and told American, but he never submitted a formal Proof of Loss (POL). After he was denied additional payments, Richardson, proceeding pro se, sued American and David Paulison, acting director of the Federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-30271

Emergency Management Agency (FEMA).[1]  Richardson and American cross-motioned for summary judgment. The district court granted summary judgment to American, holding that because Richardson did not submit a sworn POL within one year of the date of his loss, the suit was precluded as a matter of law. Richardson appeals. We affirm.

1. Richardson owns property in Mandeville, LA, which has been insured at all relevant times by American through a Standard Flood Insurance Policy. In August 2005, Katrina flooded his property and covered the ground with debris. Richardson subsequently filed a claim under his policy. American's adjuster determined that he was owed $16,125.50 and American paid that sum to Richardson in December 2005.

   Richardson disagreed with American's interpretation of the policy and sought additional benefits. He obtained invoices and estimates, which he provided to defendant's adjuster and requested in writing that he be paid an additional $12,900.00. But he never submitted a sworn POL for the additional sums. American denied any additional payment on February 28, 2006.

   On April 3, 2006, Richardson filed the instant suit, seeking the additional $12,900. The following month, Richardson and American's attorney had a phone conversation in which Richardson claims he was told that "proof of loss was not and would not be an issue in this lawsuit." American's counsel denies that he made this statement. On July 10, 2006 American's attorney wrote Richardson to discuss voluntary dismissal of state claims against American and

---

[1] By consent of the parties, and on motion of the plaintiff, the district court dismissed defendant David Paulison because FEMA was not a proper party defendant pursuant to 44 C.F.R. § 62.23.

No. 07-30271

said that American "has no problem with you seeking additional [policy] benefits and exercising your right to bring a lawsuit seeking such benefits." Richardson interprets this letter as confirming the earlier conversation by implying that POL would not be an issue. Richardson could read this statement as affirming prior conversations where he and defense counsel talked about the merits of his claim, but it provides no independent support for his argument that defense counsel said POL would not be raised as a defense. The phrase "proof of loss" or "POL" does not appear once in the letter. And the subject matter of the letter is Richardson's voluntary dismissal of extra-contractual claims, which is distinct from a discussion about his claims under the policy.

On January 12, 2007, more than one year after Richardson's house was flooded, American moved for summary judgment based solely on the grounds that Richardson did not support his current claim for additional benefits with a sworn POL. The district court granted American's motion for summary judgment.

2. We review the district court's grant of summary judgment de novo. Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007). Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

3. Richardson's claim involves the National Flood Insurance Program (NFIP), which Congress created to provide insurance coverage at or below actuarial rates. Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program, and it is supported by the federal treasury. Id. Flood insurance policies can be issued directly

3

No. 07-30271

by FEMA or through private insurers known as "Write Your Own" (WYO) companies. Id. American issued the policy to Richardson as a WYO company. By statute, WYO companies are fiscal agents of the United States. 42 U.S.C. § 4071(a)(1).

FEMA fixes the terms and conditions of all federal flood insurance policies, including the policy issued to Richardson. Policies must be issued in the form of a Standard Flood Insurance Policy (SFIP) and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61, app. A(2), art. VII.D. A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements. 44 C.F.R. § 61, app. (A)(1), art. VII.R. The particular condition precedent American asserts Richardson did not satisfy is the requirement to submit a sworn proof of loss. See 44 C.F.R. § 61, app. A(2), art. VII.J.

After Hurricane Katrina struck the Gulf Coast, the Acting Federal Insurance Administrator issued a waiver to create a system for expedited payment of claims and, for contested claims, waived the 60-day deadline for a proof of loss and instead imposed a one-year deadline.

4. Richardson argues that the district court erred in applying a strict proof of loss requirement in a case in which he submitted a claim for losses under his policy, the insurer paid the claim, and the only issue in dispute is the amount of payment. Essentially, Richardson believes that he could bring suit without ever submitting a sworn proof of loss for the additional sums he claims he is owed under the policy.

Richardson's position is contrary to federal statutory law, the Administrator's Waiver, and our precedent. Pursuant to the waiver, after Katrina, insureds with SFIP coverage could receive payment for losses based on an adjuster's report without submitting a sworn POL within the normal 60-day statutory period. But if the policyholder disagreed with the insurer's calculation of the amount owed, the policyholder had to submit to the insurer a sworn POL within one year of the date of loss.

This is a strict requirement. The regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with <u>all</u> of the policy's requirements, including the POL requirement. 44 C.F.R. § 61, app. (A)(1), arts. VII.J, VII.R. In Gowland, we explained that the POL requirement—contained in a provision of an insurance policy issued pursuant to a federal program—must be "strictly construed and enforced." 143 F.3d at 954. In a recent case, the Eleventh Circuit responded to a similar claim by an insured who failed to submit a POL within the one-year period mandated by a waiver (substantively identical to the one here) issued after Hurricane Ivan. Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337 (11th Cir. 2007). The Eleventh Circuit described the "rejection of a timely proof of loss [under the waiver as] a condition precedent for the filing of a lawsuit . . . ." Id. at 1342. Richardson was required to submit a sworn POL within one year of the date of his loss.

5. Richardson also says that we should deem his submissions to American to be legally sufficient substitutes for a sworn POL under theories of substantial compliance or repudiation. His theory of

5

No. 07-30271

substantial compliance is contrary to binding precedent in this circuit. In Gowland, we said that because "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, . . . an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." 143 F.3d at 954.

Richardson also claims that he should be excused from submitting a sworn POL because American repudiated the flood insurance policy when it denied him coverage for the amount he claimed for debris removal. He cites Studio Frames, Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 380–83 (4th Cir. 2004), where the WYO carrier repudiated the entire policy because the would-be insured did not own the building that it tried to insure and the insurer refunded the premiums paid. Studio Frames in inapposite. In our case, American merely denied coverage for Richardson's claim but did not repudiate the policy, and the Supreme Court long ago held that denial of a claim for benefits under an insurance policy does not constitute a repudiation. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S. Ct. 615 (1936).

6. Finally, Richardson contends that American waived or should be equitably estopped from raising POL as a defense because its attorney told Richardson that POL would not be raised as a defense in the lawsuit. Richardson says this is important because when the representation was made he still had time to file a sworn POL.

Even assuming that the representations were made, waiver would still be inappropriate. In Gowland, we held that a WYO company could not waive the POL requirement because "the federal

No. 07-30271

regulations provide that no provision of the policy may be altered, varied, or waived without the express written consent of the Federal Insurance Administrator." 143 F.3d at 954 (citing 44 C.F.R. § 61.13(d)). Here, there is no such waiver from the Administrator. In fact, the waiver provided after Katrina specifically reaffirms the POL requirement if an insured disagrees with the insurer's adjustment.

Richardson says that because of its attorney's promises, American should be equitably estopped from asserting the POL defense. The Supreme Court has not announced a per se rule that equitable estoppel is never available against the government, but it has held in denying an equitable estoppel claim that "this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds." Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 434, 110 S. Ct. 2465, 2476 (1990). And in Wright v. Allstate Ins. Co., we held that "as in Gowland, . . . the doctrine of equitable estoppel" is unavailable in a claim by an insured against a WYO carrier asserting a POL defense. 415 F.3d 384, 387 (5th Cir. 2005). Other courts have denied equitable estoppel claims against WYO carriers. See, e.g., Shuford, 508 F.3d at 1342–43. Equitable estoppel is not appropriate in this case. Assuming the attorney acted as Richardson claims, Richardson perhaps has a claim independent from this lawsuit, but there is no claim here.

AFFIRMED