UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| R.C. TIPPEN and | * | CIVIL ACTION NO. 06-7701 |
| CARRIE TIPPEN | * | C/W 06-8440 |
| | * | |
| VERSUS | * | SECTION "K-2" |
| | * | |
| | * | JUDGE DUVAL |
| REPUBLIC FIRE AND CASUALTY | * | |
| INSURANCE COMPANY, ET AL. | * | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

Before me, Notary Public in and for the State of Nebraska, County of Douglas, came and appeared the undersigned:

**DEBORAH PRICE**

personally known to me or having presented proper identification who, after being placed under oath, did depose and swear to the following statement:

1.   My name is Deborah Price. I am the Vice-President of Claims for Fidelity National Property and Casualty Insurance Company (hereinafter "FNPAC"). I am the duly designated representative of FNPAC, and I am the custodian of record for the Plaintiff insureds' (Mr. and Mrs. R.C. Tippen) claim file for the claim at issue in the instant lawsuit entitled *"R.C. Tippen and Carrie Tippen v. Republic Fire and Casualty Insurance Company, et al."*, Case No. 06-7701 c/w 06-8440 in the United States District Court for the Eastern District of Louisiana. I am over the age of eighteen and

have personal knowledge of all matters attested to in this affidavit. If I were to testify at trial my testimony would be the same as in this affidavit.

2. Plaintiffs are the holders of a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") bearing policy number 17 7700173894 02 issued by Defendant FNPAC in its capacity as a Write Your Own ("WYO") Carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), that was in full force and effect at the time of Hurricane Katrina on or about August 29, 2005. The policy had building limits of $75,000.00, with a $500 deductible, and $18,000.00 contents coverage, with a $500 deductible for the policy period July 30, 2005 to July 30, 2006. The address of the covered property was 10118 Springwood Street, New Orleans, Louisiana 70127-3639. The full text of the Plaintiff's SFIP, Dwelling Form, is as found at 44 C.F.R. Pt. 61, App. A(1). A true and correct copy of the declarations page showing the policy number, property address for the insured building, coverage limits and policy period is attached hereto as **Exhibit A**.

3. FNPAC is a WYO Program Carrier participating in the U.S. Government's NFIP pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*) (the "NFIA"). FNPAC is a signatory to the "Arrangement" promulgated by the Federal Emergency Management Agency ("FEMA") in its capacity as the agency charged by Congress with running the NFIP. The "Arrangement" is codified and found at 44 C.F.R. Part 62, Appendix A (2004 edition). All policies of flood insurance issued by FNPAC are Standard Flood Insurance Policies issued pursuant to the NFIA. All claims payments made under a SFIP by FNPAC are paid for directly with U.S. Treasury funds, not the funds of FNPAC.

4. There is no other policy of insurance put at issue by the Plaintiffs as to this Defendant, nor did FNPAC issue any other policy of insurance to the Plaintiffs for the dwelling at issue other than the SFIP referenced above in paragraph .

5. During Katrina, Plaintiffs' insured property did suffer damage due to flood. Thereafter, Plaintiffs instituted a claim for benefits under their SFIP with FNPAC.

6. FNPAC assigned an independent adjuster to the Plaintiffs' claim as per the terms of the Plaintiffs' SFIP, specifically Article VII(J)(5), (7) and (8) of the SFIP, to assist Plaintiffs with their loss. However, the burden to present the claim lies with the insured, and the independent adjuster is not required to provide a Proof of Loss form or help the insured complete it as per the aforementioned terms of the SFIP, with which I am personally familiar.

7. Pursuant to Article VII(J)(4) of the SFIP, the insured must submit a sworn Proof of Loss meeting the requirements and providing the information listed and required in Article VII(J)(4) of the SFIP within 60 days of the date of the loss. The date of loss at issue in this lawsuit is August 29, 2005.

8. In regards to the August 29, 2005 flood loss claim, a Proof of Loss would have been due on October 30, 2005. However, an extension was granted by FEMA's Federal Insurance Administrator in accordance with 44 C.F.R. 61.13(d) and Article VII(D) of the SFIP itself, giving SFIP insureds one year from the date of the storm to provide a Proof of Loss, that being August 28, 2006. It is my understanding that a true and correct copy of the extension from the Federal Insurance Administrator is attached to the motion for summary judgment for which this Affidavit is being provided.

9. No part, provision or requirement of the SFIP may be waived, altered or amended by

FNPAC. Only the Federal Insurance Administrator may issue such a waiver and it must be in writing. See Article VII(D) of the SFIP itself. If an insured has failed to comply with all of the requirements of the Standard Flood Insurance Policy, the insured may seek a waiver of such requirements from the Federal Insurance Administrator, pursuant to Article VII(D) of the Standard Flood Insurance Policy. In this lawsuit, FNPAC has no knowledge of, and has not been presented any waiver of any of the requirements of the Standard Flood Insurance Policy being granted by the Federal Insurance Administrator, other than the one mentioned in paragraph 8, above.

10. During the adjustment process, Defendant determined that the proper payment amount of the Plaintiffs' claims under the SFIP at issue was $35,448.38 for the flood related loss to the Plaintiffs' dwelling and $18,000.00 contents limits for the flood related loss to the Plaintiffs' contents in said dwelling associated with Hurricane Katrina. These amounts are shown having been paid to the Plaintiffs by FNPAC.

11. Plaintiffs did not submit a sworn Proof of Loss in support of the monies now being sought in his lawsuit at any time. Plaintiffs never did submit a sworn Proof of Loss at any time within the ten month extension granted by the Federal Insurance Administrator to submit a Proof of Loss. A sworn Proof of Loss is a requirement of Article VII(J)(4) of the SFIP.

12. Insufficient and untimely documentation has been submitted by Plaintiffs to FNPAC which would demonstrate that any additional amounts over and above the $35,448.38 paid to Plaintiffs under the SFIP for his dwelling may be payable under the SFIP for the loss at issue in this lawsuit.

13. The documents attached to this affidavit are true and correct copies of business records of FNPAC generated and maintained in its normal course and scope of business (with the exception

of the extension granted by the Federal Insurance Administrator which was a document generated by FEMA and sent to FNPAC but which was maintained in FNPAC's records as part of its normal business practices), maintained by FNPAC in its normal course and scope of business and its business practices.

Further, affiant sayeth not.

_____
DEBORAH PRICE
Sworn to and subscribed before me on this ___7th___ of February, 2008.

_____
NOTARY PUBLIC
My commission expires: _11-3-2009_
NOTARIAL SEAL

> GENERAL NOTARY - State of Nebraska
> TRACY A. HULL
> My Comm. Exp. Nov. 3, 2009