# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |

PERTAINS TO: ROAD HOME
*Louisiana State* C.A. No. 07-5528

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF NEAL SCHARMER

State of Iowa          )
                       )
County of Linn         )

Before me, the undersigned notary, personally came and appeared:

### NEAL SCHARMER

who, after being duly sworn, did state as follows:

1.  I am over the age of 18 years and suffer from no legal or mental impairments.

2.  The facts contained herein are based on my own personal knowledge.

3.  I am the general counsel for United Fire and Casualty Company (United) and have been for the past seven years. United Fire and Indemnity Company and Lafayette Insurance Company Lafayette are subsidiaries of United Fire and Casualty Company.

4.  Lafayette Insurance Company believes that a protective order should be entered in this case to protect:
    (a) Lafayette's own confidential business information,
    (b) the terms and details of confidential settlement agreements between Lafayette and its insureds, and
    (c) the personal and financial information of Lafayette's insureds for the reasons set forth in detail in the attached memorandum in support of a protective order. The entry of a protective order will allow the Road Home to obtain information which may be relevant to settlement while, at the same time, providing insurers with the assurance that the information identified in this paragraph and provided to the Road Home will be protected.

5.    The information sought by the Road Home contains Lafayette's proprietary information including but not limited to the insured's name, address, contact information, flood insurance status, policy numbers, agents, mortgage holders, policy periods, premiums charged, claim history and expert reports. The information sought may also include policies and procedures for underwriting decisions and premiums, information from a qualitative inspection of the property and negotiated terms and prices from our service vendors. The policy information, in the aggregate, could be subjected to analysis in an attempt to "reverse engineer" our marketing and pricing strategy. This information is used by Lafayette to make competitive market decisions and should be protected under a protective order.

6.    The information sought also contains confidential settlement agreements. Confidentiality is an important part of entering into a settlement agreement. Disclosure of settlements would result in a potential competitive disadvantage by giving other insurers insight into the litigation and negotiation procedures utilized in each case. Disclosure of confidential settlements would violate a mutual covenant.

7.    Lafayette also believes that dissemination of the information sought is contrary to Lafayette's own privacy policy and may violate state and federal privacy laws. For instance, the policy declarations include irrelevant information such as liability insurance limits and whether the insured has purchased additional coverage for valuable such as artwork or jewelry. Producing this information under a protective order will insure the privacy of the information and protect Lafayette from any claim by its own insured that Lafayette violated any state or federal privacy law.

_____
Neal Scharmer

Sworn to me, the undersigned Notary on the 29th day of February, 2008.

_____
Notary Public

NANCY L. DESCOMBES
COMMISSION NUMBER 193143
MY COMMISSION EXPIRES