UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * NO.: 05-4182 "K" (2) <br> * <br> * JUDGE DUVAL |
| PERTAINS TO: ROAD HOME <br> *Louisiana State* C.A. No. 07-5528 | * <br> * MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

STATE OF _Minnesota_

COUNTY OF _Ramsey_

**BEFORE ME**, a Notary Public duly qualified and commissioned in and for the State and County aforesaid, personally came and appeared:

_Mike Neubauer_

who, after being duly sworn, stated the following:

1. I am over eighteen years of age and am competent to testify.

2. I am employed by Metropolitan Property and Casualty Insurance Company as a _Assistant Vice President_ I have held that position since _2006_.

104613.doc

3. I have knowledge of the matters addressed herein, both personally and through a review of Metropolitan's business records, made and kept in the regular course of Metropolitan's business by those whose regular job function it is to make and keep such records, and could testify competently thereto if called upon to do so.

4. I understand that the State of Louisiana ("Road Home") seeks certain information for use in the reviews it proposes to conduct of settlements with recipients of Road Home funds, including Road Home grant recipients who carry homeowners insurance with Metropolitan.

5. As set forth below, Metropolitan considers much of the information Road Home seeks to be confidential and proprietary.

<b><u>Confidential Settlement Information</u></b>

6. A major confidentiality concern raised by Road Home's proposed settlement submission sis the fact that in numerous negotiated litigation settlements, Metropolitan and the claimant agree to a confidentiality provision.

7. Road Home's proposed Insurer Form calls for the provision not only of assorted customer and property information, such as insureds' names, the addresses of the insureds' property, flood insurance status, policy numbers, policy limit amounts, existence and identity of any mortgagors or other loss payees and partial claim history, but also for information about the payments made in the final settlement for different coverages (*e.g.*, Dwelling, Other Structures, Personal Property, ALE).

8. Confidentiality is a vital component of settlements. A settlement is a compromise by both parties, not an admission of liability or an agreement as to the amount allegedly owed. Accordingly, the ability to enter such agreements knowing the terms of the settlement will remain confidential is important for both parties.

9. If confidentiality is not enforced, that consideration could alter Metropolitan's determinations of whether and for how much to settle a particular claim. Indeed, disclosure of the type of settlement information Road Home seeks could well impede future settlement of unrelated claims. Even though the settlement of one particular claim is not an admission of liability, information regarding that settlement might bet used improperly against an insurer in connection with another wholly unrelated claim.

10. While maintaining the confidentiality of any single settlement is important, Road Home's proposals create the risk of disclosing such confidential information on a much larger scale.

11. The Metropolitan entities have approximately 216 customers who have applied for and received road Home grants. Accordingly, the confidential customer information at risk of being exposed by Road Home's proposed submissions is substantial and the impact on Metropolitan's competitive advantage severe.

12. Disclosure of the terms of a collection of an insurer's confidential settlements could result in competitive injury by giving competitors and adversaries insight into the litigation and negotiation approach taken by the insurer. For instance, the information Road Home seeks to collect could be used by the press, other lawyers or other insurers to compile

104613

insurer-specific statistics regarding what the insurer has paid to date and amounts offered in settlement.

13. For example, if the collected information showed that one insurer settles at an average of 30% of policy limits, while another settles at an average of 15% policy limits, the latter insurer could well become a target, or its settlements subject to challenge, in wholly unrelated contexts. If the former insurer attempted to settle an unrelated claim for an amount less than 30%, that insurer could be subject to challenge, however inappropriately, based on confidential settlement information compiled from Road Home submissions. Or, the former insurer could become a target based on a perceived lax attitude toward settlement. Comparisons of data between insurers could be harmful in the marketplace to companies that are perceived as paying less on average than others, even though there may be perfectly valid reasons why they are doing so given the different risk pool that each company insures.

14. In shore, the disclosure of the confidential settlement information called for by Road Home's proposed submissions will not only impede settlement of wholly unrelated claims, it will also put insurers such as Metropolitan at a significant competitive disadvantage, both with other carriers and in their dealings with their own customers. That kind of concern could in turn cause Metropolitan and other insurers to be more reluctant to enter into settlements if there is no protection of confidentiality as to settlement terms.

### Confidential Information Related to Pre-Litigation Adjustment Practices

15. The Road Home's proposed submissions also present the problem of disclosing information regarding insurers' pre-litigation adjustment of claims.

16.    As noted, the Road Home's proposed Insurer Form requires information not only about settlements, but also about payments made for various coverages prior to settlement. The Insurer Form calls for detailed information regarding the policies, property, the amounts for which the property is insured, types of coverages provided (e.g., Dwelling, Personal Property, etc.), amounts paid on claims, and the apportionment of payments among various types of coverages. Wholly apart from payments made pursuant to any post-litigation settlements, this information is competitively sensitive. Other insurers could compare their average claims adjustments with those of Metropolitan, or vice versa, and it could become a competitive tool. Publication of such information in the media would also be harmful to carriers who are perceived as paying less on average than others, again even though the differing adjustment numbers may be perfectly justified by the nature of the claims made and the differing risk pools insured by different carriers.

### Confidential Customer Information

17.    Metropolitan maintains compilations of information pertaining to its customers, and Road Home seeks detailed information that would be included in these compilations.

18.    As noted, Road Home's proposed Insurer Form calls for the provision of assorted customer information, such as insureds' names, the addresses of the insureds' property, flood insurance status, policy numbers, policy limit amounts, existence and identity of any mortgagors or other loss payees, and partial claim history.

19.  Metropolitan considers these compilations of customer information as being highly confidential and treats them as such. For example, Metropolitan advises its employees that they must treat customer information as confidential.

20.  These compilations are considered competitively sensitive. In particular, if such information were made publicly available and accessible to Metropolitan's competitors, other insurers would gain a competitive advantage by being able to design and market their own insurance products so as to target Metropolitan's clients.

### Confidential Information Pertaining to Insured Property

21.  Metropolitan also maintains compilations of information pertaining to the properties it insurers.

22.  Road Home seeks detailed information that would be also included in these compilations.

23.  For example, Road Home's proposed Insurer Form also seeks assorted property information, including the location of properties, identity of owners, existence and identity of any mortgagors or other loss payees, the presence of other policies on the property, amounts for which the property is insured and types of coverages provided for the particular property.

24.  Metropolitan considers these compilations of insured property information as being highly confidential and treats them as such. For example, Metropolitan advises its employees that they must treat such information as confidential.

25. Information regarding the properties Metropolitan insurers and Metropolitan's underwriting policies, like Metropolitan's customer information, is considered competitively sensitive. Specifically, if such information were made publicly available and accessible to Metropolitan's competitors, other insurers would gain a competitive advantage by being able to modify their own underwriting policies to better compete with Metropolitan's and to better design and market their own products so as to target Metropolitan's customers.

### Insured Privacy

26. Metropolitan also has various policies and procedures in place designed to protect its customers' privacy rights and interests.

27. Metropolitan communicates these policies and procedures to its customers and represents to them that those policies/procedures will be followed and that their private information will not be disclosed to others.

28. In fact, the Road Home Grant Program Agreement, in which insurers agree to submit certain customer information to Road Home contractors, specifically states that Metropolitan considers the information "to be confidential to its customers and . . . a matter of strict confidentiality." The Agreement also contains various provisions designed to protect the confidentiality of that information, including restrictions on disclosure and the requirement of security measures, and was agreed to by the Road Hoe program's outside vendors with Road Home's knowledge and consent. A copy of that Agreement is attached hereto as Exhibit A.

29. Road Home's proposed submissions threaten just the sort of invasion of the insureds' privacy these confidentiality measures were designed to prevent.

FURTHER AFFIANT SAYETH NOT.

*[Signature]*

Sworn to and subscribed before me this
3rd day of March, 2008.

*[Signature]*
Notary Public
Print name: Bernadette K. Berg
Notary No.: _____
My commission expires: Jan. 31, 2010

**BERNADETTE K BERG**
**NOTARY PUBLIC**
**MINNESOTA**
My Commission Expires Jan. 31, 2010

- 8 -

104613