UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>     CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION<br>NO. 05-4182 "K" (2) |
| ——————————————————————— | * <br> * | JUDGE DUVALL |
| PERTAINS TO: | * <br> * | MAG. WILKINSON |
| LEVEE/MRGO:<br>          07-5355<br>          (CII CARBON, L.L.C.) | * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Orleans Parish Levee District, and for answer to plaintiff's Complaint respectfully represents:

<u>FIRST DEFENSE</u>

The Complaint fails to state a claim against this defendant for which relief can be granted.

<u>SECOND DEFENSE</u>

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

1

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiff's harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied.  *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively alleges that to the extent that any claims asserted in this lawsuit do not "concern the same evidence, memories, and witnesses as the subject matter of the original suit" they are barred by the applicable prescriptive period.  See *Crown, Cork, & Seal Co., Inc. v. Parker*,

2

462 U.S. 345, 355 (1983); *American Pipe & Constr. Co. v. Utah*, 454 U.S. 538, 562 (1974).

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiff was negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiff failed to mitigate its damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiff's claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by

the United States Army Corps of Engineers, through the authority delegated by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiff has failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant hereby incorporates by reference each and every exception, denial, defense and response contained in any pleading previously filed on its behalf in Civil Action No. 05-4182 (Levee and MRGO) on the docket of this Court, as if set forth and copied herein in extenso.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiff's injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiff has or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and

4

offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiff's Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiff's allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiff and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant adopts by this reference any and all other defenses pled either now or later by any other named defendant to this action, if not otherwise set forth herein.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue.

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiff is not entitled to attorney's fees.

## TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiff's claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## THIRTIETH DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

## THIRTY-FIRST DEFENSE

Defendant affirmatively alleges that this action has prescribed and/or is untimely, as the Court has yet to make a decision concerning *In re Katrina* Class Certification. See *In re Enron Corporations Securities*, 465 F. Supp.2d 687,715-717 (S.D.Tex 2006).

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Orleans Levee District, admit, deny and aver as follows:

1.

Except to admit that it appears Plaintiff filed Form 95s, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 require no answer from this defendant.

3.

The allegations of Paragraph 3 require no answer from this defendant.

4.

The allegations of Paragraph 4 are denied. Further answering, the former Board of Commissioners operated pursuant to constitutional and statutory authority from the State of

Louisiana.

5.

The allegations of Paragraph 5 require no answer from this defendant.

6.

The allegations of Paragraph 6 require no answer from this defendant.

7.

The allegations of Paragraph 7 require no answer from this defendant.

8.

The allegations of Paragraph 8 require no answer from this defendant.

9.

The allegations of Paragraph 9 require no answer from this defendant.

10.

The allegations of  Paragraph 10 require no answer from this defendant.

11.

The allegations of Paragraph 11 require no answer from this defendant.

12.

The allegations of Paragraph 12 require no answer from this defendant.

13.

The allegations of Paragraph 13 require no answer from this defendant.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 require no answer from this defendant. To the answer an answer is deemed necessary, the allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 17 are denied insofar as they concern this defendant. Further answering, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 18 are denied insofar as this defendant is concerned.

19.

The allegations of Paragraph 19 contain legal conclusions which require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 require no answer from this defendant. To the extent an

answer is deemed necessary, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 require no answer from this defendant.  To the answer an answer is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are admitted.

23.

The allegations of Paragraph 23 are admitted.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

Except to admit that Modjeski and Masters performed work related to the 17th Street Canal, the allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 34 are denied insofar as the stated document is the best evidence of its content.

10

35.

The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 35 are denied insofar as the stated document is the best evidence of its content.

36.

The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 37 are denied insofar as the stated document is the best evidence of its content.

38.

The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 38 are denied insofar as the stated document is the best evidence of its content.

39.

The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 39 are denied insofar as the stated document is the best evidence of its content.

40.

The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.   Further answering, the allegations of Paragraph 41 are denied insofar as the stated document is the best evidence of its content.

42.

The allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.   Further answering, the allegations of Paragraph 42 are denied insofar as the stated document is the best evidence of its content.

43.

The allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.   Further answering, the allegations of Paragraph 43 are denied insofar as the stated document is the best evidence of its content.

44.

The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.   Further answering, the allegations of Paragraph 44 are denied insofar as the stated document is the best evidence of its content.

45.

The allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

Except to admit that Congress authorized the "Barrier Plan," the allegations of Paragraph 50 are denied as written.

51.

The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.  Further answering, the allegations of Paragraph 51 are denied to the extent they state or imply any fault, negligence, or liability.

52.

The allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.  Further answering, the allegations of Paragraph 52 are denied insofar as the stated document is the best evidence of its content.

53.

Except to admit Eustis performed soil analysis in 1981, the conclusions of this plaintiff are

13

denied as written.  Further answering, the allegations of Paragraph 53 are denied insofar as the analysis performed is the best evidence of its findings and conclusions.

54.

The allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56.

The allegations of Paragraph 56 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

Defendant admits the existence of the London Avenue Canal.  The remaining allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations of Paragraph 58 are denied.

59.

The allegations of Paragraph 59 are denied as written.

60.

Except to admit the existence of parallel protection at the London Avenue Canal, the remaining allegations of Paragraph 60 are denied as written.

14

61.

The allegations of Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.  Further answering, the allegations of Paragraph 65 are denied insofar as the stated document is the best evidence of its content.

66.

The allegations of Paragraph 66 are denied insofar as this defendant is concerned.

67.

The allegations of Paragraph 67 are admitted.

68.

The  allegations of Paragraph 68 are denied.

69.

Except to admit that Hurricane Katrina made landfall on August 29, 2005, the allegations of Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.

In response to Paragraph 70, defendant admits to a breach in the 17th Street Canal, on the Orleans Parish side of said canal.

71.

The allegations of Paragraph 71 are denied.

72.

In response to Paragraph 72, defendant admits to a breach of a portion of the London Avenue Canal, north of the Mirabeau Avenue Bridge.

73.

The allegations of Paragraph 73 are denied.

74.

In response to Paragraph 74, defendant admits to a breach of a portion of the London Avenue Canal, south of the Robert E. Lee Bridge.

75.

The allegations of Paragraph 75 are denied.

76.

Except to admit that the Orleans Avenue Canal was overtopped, the allegations of Paragraph 76 are denied as written.

77.

The allegations of Paragraph 77 are denied insofar as this defendant is concerned.

78.

The allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations of Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations of Paragraph 82 are admitted.

83.

The allegations of Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph 84 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 84 are denied for lack of sufficient

information to justify a belief therein.

85.

Defendant herein admits the occurrence of an accident involving a New Orleans Public Belt Railroad derailment on September 11, 2004 as alleged in Paragraph 85.

86.

Defendant herein admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96. The remaining allegations of Paragraph 86 are denied for lack of sufficient information to justify a belief of truth therein.

87.

The allegations of Paragraph 87 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations of Paragraph 88 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

89.

The allegations of Paragraph 89 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

90.

Except to admit that the Corp undertook an investigation following Hurricane Katrina, the

18

allegations of Paragraph 90 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations of Paragraph 91 are admitted.

92.

The allegations of Paragraph 92 are denied for lack of sufficient information. Further answering, the allegations of Paragraph 92 are denied insofar as the stated document is the best evidence of its content.

93.

The allegations of Paragraph 93 are denied for lack of sufficient information to justify a belief therein. Further answering, the allegations of Paragraph 93 are denied insofar as the stated document is the best evidence of its content.

94.

The allegations of Paragraph 94 are admitted.

95.

The allegations of Paragraph 95 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations of Paragraph 96 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 96 are denied for lack of sufficient

information to justify a belief therein.

97.

The allegations of Paragraph 97 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

98.

The allegations of Paragraph 98 are denied for lack of sufficient information to justify a belief therein.

99.

Except to admit that Congress authorized the "Barrier Plan," the allegations of Paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

Except to admit that Congress authorized the "Barrier Plan," the allegations of Paragraph 100 are denied for lack of sufficient information to justify a belief therein.

101.

The allegations of Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

102.

The allegations of Paragraph 102 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

103.

The allegations of Paragraph 103 require no answer from this defendant. To the extent an

answer is deemed necessary, the allegations of Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

104.

The allegations of Paragraph 104 are denied for lack of sufficient information to justify a belief therein.

105.

The allegations of Paragraph 105 are denied for lack of sufficient information to justify a belief therein.

106.

The allegations of Paragraph 106 are denied for lack of sufficient information to justify a belief therein.

107.

The allegations of Paragraph 107 are denied for lack of sufficient information to justify a belief therein.

108.

The allegations of Paragraph 108 are denied for lack of sufficient information to justify a belief therein.

109.

The allegations of Paragraph 109 are denied for lack of sufficient information to justify a belief therein.

110.

The allegations of Paragraph 110 are denied for lack of sufficient information to justify a

belief therein.

111.

The allegations of Paragraph 111 are denied for lack of sufficient information to justify a belief therein.

112.

The allegations of Paragraph 112 are denied for lack of sufficient information to justify a belief therein.

113.

The allegations of Paragraph 113 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 113 are denied for lack of sufficient information to justify a belief therein.

114.

The allegations of Paragraph 114 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 114 are denied for lack of sufficient information to justify a belief therein.

115.

The allegations of Paragraph 115 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 115 are denied for lack of sufficient information to justify a belief therein.

116.

The allegations of Paragraph 116 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 116 are denied for lack of sufficient

information to justify a belief therein.

117.

The allegations of Paragraph 117 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegation of Paragraph 117 are denied for lack of sufficient information to justify a belief therein.

118.

The allegations of Paragraph 118 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 118 are denied for lack of sufficient information to justify a belief therein.

119.

The allegations of Paragraph 119 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 119 are denied for lack of sufficient information to justify a belief therein.

120.

The allegations of Paragraph 120 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 120 are denied for lack of sufficient information to justify a belief therein.

121.

The allegations of Paragraph 121 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 121 are denied for lack of sufficient information to justify a belief therein.

122.

The allegations of Paragraph 122 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 122 are denied for lack of sufficient information to justify a belief therein.

123.

The allegations of Paragraph 123 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 123 are denied for lack of sufficient information to justify a belief therein.

124.

The allegations of Paragraph 124 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 124 are denied for lack of sufficient information to justify a belief therein.

125.

The allegations of Paragraph 125 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 125 are denied for lack of sufficient information to justify a belief therein.

126.

The allegations of Paragraph 126 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 126 are denied for lack of sufficient information to justify a belief therein.

127.

The allegations of Paragraph 127 are denied.  Further answering, the former Board of

Commissioners operated pursuant to Constitutional and Statutory Authority from the State of Louisiana.

128.

The allegations of Paragraph 128 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 128 are denied for lack of sufficient information to justify a belief therein.

129.

The allegations of Paragraph 129 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 129 are denied for lack of sufficient information to justify a belief therein.

130.

The allegations of Paragraph 130 are denied for lack of sufficient information to justify a belief therein.

131.

In response to the allegations of Paragraph 131, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

132.

The allegations of Paragraph 132 contain legal conclusions which require no answer from this defendant. Further answering, the allegations of Paragraph 132 are denied for lack of sufficient information to justify a belief therein.

25

133.

The allegations of Paragraph 133 are denied for lack of sufficient information to justify a belief therein.

134.

The allegations of Paragraph 134 are denied.

135.

In response to the allegations of Paragraph 135, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

136.

The allegations of Paragraph 136 contain legal conclusions which require no answer from this defendant.  Further answering, the allegations of Paragraph 136 are denied for lack of sufficient information to justify a belief therein.

137.

The allegations of Paragraph 137 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 137 are denied for lack of sufficient information to justify a belief therein.

138.

The allegations of Paragraph 138 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 138 are denied for lack of sufficient information to justify a belief therein.

139.

The allegations of Paragraph 139 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 139 are denied for lack of sufficient information to justify a belief therein.

140.

The allegations of Paragraph 140 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 140 are denied for lack of sufficient information to justify a belief therein.

141.

The allegations of Paragraph 141 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 141 are denied for lack of sufficient information to justify a belief therein.

142.

The allegations of Paragraph 142 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 142 are denied for lack of sufficient information to justify a belief therein.

143.

The allegations of Paragraph 143 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 143 are denied for lack of sufficient information to justify a belief therein.

144.

In response to the allegations of Paragraph 144, the Orleans Levee District reallege and reaver

its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

145.

The allegations of Paragraph 145 contain legal conclusions which require no answer from this defendant.  Further answering, the allegations of Paragraph 145 are denied for lack of sufficient information to justify a belief therein.

146.

The allegations of Paragraph 146 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 146 are denied for lack of sufficient information to justify a belief therein.

147.

The allegations of Paragraph 147 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 147 are denied for lack of sufficient information to justify a belief therein.

148.

The allegations of Paragraph 148are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 148 are denied for lack of sufficient information to justify a belief therein.

149.

The allegations of Paragraph 149 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 149 are denied for lack of sufficient information to justify a belief therein.

28

150.

The allegations of Paragraph 150 are denied.

151.

In response to the allegations of Paragraph 151, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

152.

The allegations of Paragraph 152 contain legal conclusions which require no answer from this defendant. Further answering, the allegations of Paragraph 152 are denied for lack of sufficient information to justify a belief therein.

153.

The allegations of Paragraph 153 are denied insofar as this defendant is concerned. Further answering, the allegations of Paragraph 153 are denied for lack of sufficient information to justify a belief therein.

154.

The allegations of Paragraph 154 are denied.

155.

In response to the allegations of Paragraph 155, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

156.

The allegations of Paragraph 156 require no answer from this defendant. To the extent an

answer is deemed necessary, the allegations of Paragraph 156 are denied for lack of sufficient information to justify a belief therein.

157.

The allegations of Paragraph 157 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 157 are denied for lack of sufficient information to justify a belief therein.

158.

The allegations of Paragraph 158 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 158 are denied for lack of sufficient information to justify a belief therein.

159.

In response to the allegations of Paragraph 159, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

160.

The allegations of Paragraph 160 contain legal conclusions which require no answer from this defendant. Further answering, the allegations of Paragraph 160 are denied for lack of sufficient information to justify a belief therein.

161.

The allegations of Paragraph 161 are denied.

162.

In response to the allegations of Paragraph 162, the Orleans Levee District reallege and reaver

its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

163.

The allegations of Paragraph 163 contain legal conclusions which require no answer from this defendant. Further answering, the allegations of Paragraph 163 are denied for lack of sufficient information to justify a belief therein.

164.

The allegations of Paragraph 164 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 164 are denied for lack of sufficient information to justify a belief therein.

165.

The allegations of Paragraph 165 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 165 are denied for lack of sufficient information to justify a belief therein.

166.

The allegations of Paragraph 166 are denied.

167.

In response to the allegations of Paragraph 167, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

168.

The allegations of Paragraph 168 contain legal conclusions which require no answer from

31

this defendant.  Further answering, the allegations of Paragraph 168 are denied for lack of sufficient information to justify a belief therein.

169.

The allegations of Paragraph 169 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 169 are denied for lack of sufficient information to justify a belief therein.

170.

In response to the allegations of Paragraph 170, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

171.

The allegations of Paragraph 171 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 171 are denied for lack of sufficient information to justify a belief therein.

172.

The allegations of Paragraph 172 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 172 are denied for lack of sufficient information to justify a belief therein.

173.

The allegations of Paragraph 173 are denied.

174.

The allegations of Paragraph 174 are denied.  Further answering, the former Board of

Commissioners operated pursuant to Constitutional and Statutory Authority from the State of Louisiana.

175.

The allegations of Paragraph 175 are denied.

176.

The allegations of Paragraph 176 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 176 are denied for lack of sufficient information to justify a belief therein.

177.

The allegations of Paragraph 177 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 177 are denied for lack of sufficient information to justify a belief therein.

178.

The allegations of Paragraph 178 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 178 are denied for lack of sufficient information to justify a belief therein.

179.

The allegations of Paragraph 179 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 179 are denied for lack of sufficient information to justify a belief therein.

180.

The allegations of Paragraph 180 require no answer from this defendant.  To the extent an

33

answer is deemed necessary, the allegations of Paragraph 180 are denied for lack of sufficient information to justify a belief therein.

181.

In response to the allegations of Paragraph 181, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

182.

The allegations of Paragraph 182 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 182 are denied for lack of sufficient information to justify a belief therein.

183.

The allegations of Paragraph 183 are denied insofar as this defendant is concerned.  Further answering, the allegations of Paragraph 183 are denied for lack of sufficient information to justify a belief therein.

184.

The allegations of Paragraph 184 are denied.

185.

The allegations of Paragraph 185 are denied.

186.

In response to the allegations of Paragraph 186, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

187.

The allegations of Paragraph 187 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 187 are denied for lack of sufficient information to justify a belief therein.

188.

The allegations of Paragraph 188 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 188 are denied for lack of sufficient information to justify a belief therein.

189.

The allegations of Paragraph 189 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 189 are denied for lack of sufficient information to justify a belief therein.

190.

In response to the allegations of Paragraph 190, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

191.

The allegations of Paragraph 191 are denied.

192.

The allegations of Paragraph 192 require no answer from this defendant. To the extent an answer is deemed necessary, the allegations of Paragraph 192 are denied for lack of sufficient information to justify a belief therein.

35

193.

The allegations of Paragraph 193 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 193 are denied for lack of sufficient information to justify a belief therein.

194.

The allegations of Paragraph 194 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 194 are denied for lack of sufficient information to justify a belief therein.

195.

The allegations of Paragraph 195 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 195 are denied for lack of sufficient information to justify a belief therein.

196.

The allegations of Paragraph 196 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 196 are denied for lack of sufficient information to justify a belief therein.

197.

The allegations of Paragraph 197 are denied.

198.

The allegations of Paragraph 198 are denied.

199.

The allegations of Paragraph 199 are denied to the extent they state or imply any fault,

negligence, or liability on the part of this defendant.  Further answering, the allegations of Paragraph 199 are denied for lack of sufficient information to justify a belief therein.

200.

The allegations of Paragraph 200 are denied for lack of sufficient information to justify a belief therein.

201.

The allegations of Paragraph 201 are denied for lack of sufficient information to justify a belief therein.

202.

The allegations of Paragraph 202 are denied.

203.

In response to the allegations of Paragraph 203, the Orleans Levee District reallege and reaver its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

204.

The allegations of Paragraph 204 require no answer from this defendant.  To the extent an answer is deemed necessary, the allegations of Paragraph 204 are denied for lack of sufficient information to justify a belief therein.

205.

The allegations of Paragraph 205 are denied.

206.

In response to the allegations of Paragraph 206, the Orleans Levee District reallege and reaver

37

its responses and defenses to those allegations of fact and allegations of fault, as if incorporated herein.

207.

The allegations of Paragraph 207 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant. Further answering, the allegations of Paragraph 207 are denied for lack of sufficient information to justify a belief therein.

208.

The allegations of Paragraph 208 are denied.

209.

The allegations of Paragraph 209 are denied.

210.

The allegations of Paragraph 210 are denied.

211.

The allegations contained in Plaintiff's prayer for relief are denied.

**WHEREFORE,** defendant, The Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiff, dismissing all of the claims of the plaintiff against it, with prejudice, and at plaintiff's cost.

38

Respectfully submitted,

_____

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
GREGORY A. KOURY (#26364)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on March 4th, 2008, a copy of the above and foregoing documents was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

_____

**GREGORY A. KOURY (#26364)**
gregory@ln-law.com

39